UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                            :
In re                                       :       Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :       08-13555 (JMP)
                                            :
                              Debtors.      :       (Jointly Administered)
                                            :
------------------------------------------------------------- x

## AFFIRMATION OF CLAIMANT PIERLUIGI VOLINI IN OPPOSITION TO DEBTORS' 313th OMNIBUS OBJECTION (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS) DATED JUNE 4, 2012

Pierluigi Volini affirms under penalties of perjury as follows:

1.      I submit this Affirmation in support of and to join in Opposition of Michael K. McCully and Michael J. Mullen and other Claimants in Opposition to Debtors' 313th Omnibus Objection (to Reclassify Proofs of Claim as Equity Interests).

2.      I was employed by Lehman Brothers from May 2004 through September 2008. Lehman Brothers terminated my employment on September 30, 2008, as a result of the administration proceedings of its Lehman Brothers Limited subsidiary, which employed me alongside the majority of Lehman Brothers' employees based in the United Kingdom.

3.      For each year between 2004 and 2008 Lehman Brothers issued to me a "CSA Agreement", which documented that a portion of my compensation was withheld for payment in the future. Pursuant to these Contingent Stock Award (CSA) Agreements, I recognized that I was contractually obligated to avoid engaging in any "Detrimental Activity" and that I had other ongoing contract obligations under these Agreements. *See, e.g.*, Debtors' Omnibus Reply to

Responses to Debtors' 118th, 130th, 131st, 133d, 134th, 135th, 176th & 207th Omnibus Objections,

Dec. 15, 2011, at pp. 65-68 (RSU Agreement for 2004).

     4.     After my entry into the CSA Agreements, including after the termination of my

employment, I continued to perform all of those contractual obligations.

     5.     Attached hereto as Exhibit 1 is the original Proof of Claim that I filed in

connection with my contract rights under the CSA Agreements. This initial Claim was assigned

Claim No. 25900. I was provided with this Proof of Claim form by Debtors.. I supplied my

name and address and added the attached Schedule A describing my claim for deferred

compensation under the CSA Agreements. Debtors acknowledged receipt of the proof of claim,

as shown in Exhibit 1.

     6.     The practice followed each year by Lehman Brothers was to provide a form

stating the bonus to which I was entitled for the year, and describing the portion of the bonus that

was to be reserved by Lehman Brothers pursuant to the CSA Agreement for that year.

     7.     As discussed in my Proof of Claim, the amount I claimed was the amount

withheld from my compensation and accrued for deferred compensation for the year 2004-2007.

I never paid tax on the portion of any bonus reserved under the RSU Agreements. For prior

years, not at issue here, after my interests vested and I was permitted to draw down on my RSU

account, Lehman Brothers would retain a portion in cash to pay the federal withholding tax, and

then would use the balance to provide me with Lehman Brothers shares. The entire amount of

the bonus was treated as ordinary income to me and was taxed at ordinary income rates. My

understanding is that Lehman Brothers was entitled to a business expense deduction for the

amount of this portion of the bonus, but only at the time that it was actually paid.

     8.     The economic substance of the CSA Agreements to me was that a portion of the

bonus that had been declared for me was held back, and would be paid to me only after passage

of five years, during which I was subject to ongoing contractual obligations. At no time did
Lehman suggest that I had ever failed to perform any of these contractual obligations, the breach
of which could result in rescission of my bonus. However, under the terms of the CSA
Agreements, Lehman Brothers was not required to pay me anything from this reserved bonus,
and in fact Lehman Brothers did not pay me anything, until five years after we entered into that
RSU Agreement.

9.   Even after vesting I was not permitted to draw down on the shares until five years
after the date of the CSA Agreement. During this entire time my right to draw down on the
shares was contingent on my continued performance of contract obligations.

10.   My address is the address shown on my Proof of Claim, which is also an address I
reported to Epiq Bankruptcy Solutions, Lehman Brothers' designated agent, in a letter included
as the third page of my Proof of Claim. My late filing should be permitted because, while I am
named in the Schedule to the 313th Omnibus Objection, the document was never served on me,
either at my physical or email address, both of which I provided with my Proof of Claim. I
learned of the Objection only through third parties.

. Affirmed under penalties of perjury on this ⟨⟨ day of July, 2012

Pierluigi Volini

3

# EXHIBIT 1

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

# PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)        0000025900

**THIS SPACE IS FOR COURT USE ONLY**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor:)

CREDNUM 1000245170

PIERLUIGI VOLINI
LONG MEADOW
BICKLEY PARK ROAD
BROMLEY, KENT, BR1 2AS
UNITED KINGDOM
+44-777-6238413  PIERLUIGI.VOLINI @
Telephone number:          Email Address: BTINTERNET.COM

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:          Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ **SEE SCHEDULE A**

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** DEFERRED COMPENSATION - EMPLOYEE PRIORITY
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 3658
    3a. Debtor may have scheduled account as: _____
    (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $ _____   Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____   Basis for perfection: _____
Amount of Secured Claim: $ _____   Amount Unsecured: $ _____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
(See instruction #6 on reverse side.)

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$ _____

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

Date: 9/17/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

[signature] PIERLUIGI VOLINI

**FOR COURT USE ONLY**

FILED / RECEIVED
SEP 21 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

---

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 300 l(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

Epiq Bankruptcy Solutions LLC

Attn: Lehman Brothers Holdings Claims Processing

757 Third Avenue, 3rd Floor

New York, NY 10017

USA

16th September 2009

Dear Sirs,

Please find enclosed my new address:

Pierluigi Volini

Long Meadow

Bickley Park Road

Bromley, Kent BR1 2AS

United Kingdom

Please do not hesitate to contact me should you have any questions.

Regards,

Pierluigi Volini

Pierluigi.volini@btinternet.com

CL60 NUM 1000245170

+44 - 777 - 6238413

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE: | ) | Chapter 11 |
|  | ) |  |
| LEHMAN BROTHERS HOLDINGS INC. | ) | Case No. 08-13555 (JMP) |
|  | ) |  |
|  | ) |  |
| Debtor | ) |  |

## SCHEDULE A TO PROOF OF CLAIM OF
## PIERLUIGI VOLINI

1.     This Schedule to the proof of claim of PIERLUIGI VOLINI ("<u>Claimant</u>")
shall be deemed a part of, and incorporated by reference in, the attached proof of claim (together
with this Schedule, the "<u>Proof of Claim</u>") filed by Claimant. The Proof of Claim arises out of (a)
deferred compensation promised to Claimant for fiscal years 2005, 2006, and 2007 in connection
with the Lehman Brothers Holdings Inc. ("<u>LBHI</u>" or "Debtor") Stock Incentive Plan ("Plan")
and (b) indemnity obligations that may arise out of Claimant's performance of its duties for
LBHI and any of its subsidiaries.

## I.     DEFERRED COMPENSATION CLAIMS

2.     As part of his annual compensation for fiscal years 2005, 2006, and 2007,
Claimant was granted deferred compensation in the form of restricted stock units as part of the
Plan. The grant date value of the deferred compensation was established by LBHI and is
currently in its possession.

3.     Unlike fiscal years prior to 2005, the Plan for fiscal years 2005, 2006, and
2007 does not contain a provision treating LBHI's failure to honor its obligations under the Plan
as claims arising from the purchase or sale of common stock within the meaning of section 510
(b) of the Bankruptcy Code. Therefore, Claimant is entitled to a damage claim for LBHI's

breach of its obligations under the Plan in an amount equal to the grant date value of the deferred

compensation, which claim should be treated as an unsecured, non-subordinated claim against

LBHI.

## II.   INDEMNITY CLAIMS

4.   To the extent that (a) Claimant is treated as an officer or director of LBHI

or any of its subsidiaries and (b) claims are asserted against Claimant in connection with the

performance of Claimant's duties in such capacity, Claimant is entitled to indemnification by

LBHI and its subsidiaries.  To the extent that any such claims are arise post-petition, Claimant

asserts an administrative claim for such indemnification.

5.   No such claims have been asserted against Claimant as of the date hereof.

## III.   RESERVATION OF RIGHTS

6.   In filing this Proof of Claim, Claimant expressly reserves all of its rights

and causes of action, including, without limitation, contingent or unliquidated rights that it may

have against the Debtor.  The description of the claims and the classification thereof herein by

Claimant is not a concession or admission as to the correct characterization or treatment of any

such claims or a waiver of any rights of Claimant.  Furthermore, Claimant expressly reserves all

rights to amend, clarify, modify and/or supplement the Proof of Claim at any time and for any

reason, in any respect, including, without limitation to: (a) correct, increase or amend the

amounts referred to herein; (b) add or amend documents and other information, or to describe

further, the claims asserted herein; (c) file proofs of claim that may be duplicative in respect of

the relevant and applicable documents or any other indebtedness, obligations or liability of any

of the Debtors to Claimant; (d) add or include any other Debtor or any other entity, including but

not limited to any entity which may become a debtor or debtor in possession in the Debtor's

2

jointly administered chapter 11 case(s) and add or amend categories of payments or liabilities; (e) assert a further priority, security interest or similar right with respect to the claims asserted herein; (f) file an amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein; (g) file additional proofs of claim for additional claims, including, without limitation, claims for interest, fees and related expenses that are not ascertainable at this time, or to file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507, including, without limitation, for expenses included in this Proof of Claim; or (h) file additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligations whatsoever of the Debtor to Claimant.

7.     In executing and filing this Proof of Claim, Claimant does not submit itself to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this Proof of Claim against the Debtor and does not waive or release: (a) its rights, claims, defenses and remedies, whether under applicable law, the relevant and applicable documents, or otherwise, against the Debtor or any other person or entity that may be liable for all or part of the claims set forth herein, whether an affiliate or subsidiary of the Debtor, an assignee, guarantor, or otherwise, including any rights that Claimant may have with respect to any property held by any Debtor or other entity in an actual, constructive, or other trust or similar relationship for the benefit of Claimant; (b) any obligation owed to it, or any right to any security in connection with the claims; (c) any past, present or future defaults (or events of default) by the Debtor or others in connection with the relevant and applicable documents or otherwise; or (d) any right to the subordination, in favor of Claimant, of indebtedness or liens held by other creditors of the Debtor.

8.      Nothing contained in the Proof of Claim nor subsequent appearance,

pleading, claim or suit is intended to be: (a) a consent to a jury trial in the Bankruptcy Court or

any other court in any proceeding as to any and all matters so triable herein or in any case,

controversy or proceeding related hereto pursuant to 28 U.S.C. § 157(e) or otherwise; (b) an

election of remedies or limitation of rights or remedies; or (c) an admission that any property

received by Claimant under the relevant and applicable documents or held by the Debtor or other

entity constitutes property of any Debtor's estate.

9.      Nothing contained in the Proof of Claim nor subsequent appearance,

pleading, claim or suit is intended to be a waiver or release of: (a) the right of Claimant to have

final orders in non-core matters entered only after de novo review by a district court judge;

(b) the right of Claimant to a jury trial in any proceeding so triable herein or, in any case, any

controversy or proceeding related hereto, notwithstanding any designation of such matters as

"core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to

statute or the United States Constitution; (c) the right of Claimant to seek to have the reference

withdrawn in any matter subject to mandatory or discretionary withdrawal, or otherwise to

challenge the jurisdiction of the Bankruptcy Court, with respect to the subject matter of this

Proof of Claim, any objection hereto, or any other proceeding commenced in this case against or

otherwise involving Claimant, or to assert that the reference has already been withdrawn with

respect to the subject matter of this Proof of Claim, any objection hereto, or any other proceeding

commenced in this case against or otherwise involving Claimant; (d) the right of Claimant to

have any unliquidated portions of its Proof of Claim determined by applicable state courts; or

(e) any ownership, lien, or other property rights, any rights to setoff, recoupment, or

counterclaim, or any other right, rights of action, causes of action, claims, or defenses, whether

4

existing now or hereinafter arising to which Claimant is or may be entitled under agreements, documents, or instruments, in law or equity, against the Debtor or any other person or persons (including any affiliate of the Debtor).

10.     Nothing herein shall be deemed to waive, estop or derogate from any rights of Claimant, including, without limitation, Claimant's rights under the relevant and applicable documents, or otherwise.  The Proof of Claim also is without prejudice to any and all of Claimant's rights, claims and defenses in conjunction with the relevant and applicable documents, the Bankruptcy Code, and otherwise, including, but not limited to the right to vote on any plan(s) in the Debtor's chapter 11 case(s).

11.     Claimant expressly reserves all procedural and substantive rights, claims and defenses with respect to any claim that has been or may be asserted against Claimant by the Debtor, any trustee for its estate, any other party in interest in the chapter 11 case(s), or any other person or entity whatsoever.