UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
: 
In re                                                        :    Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,                       :    08-13555 (JMP)
                                                             :
                                           Debtors.          :    (Jointly Administered)
                                                             :
------------------------------------------------------------ x

### AFFIRMATION OF CLAIMANT ROBERT A. SARGENT IN SUPPORT OF CLAIMANTS MICHAEL K. McCULLY AND MICHAEL J. MULLEN'S MOTION TO CERTIFY A CLASS OF RSU AND CSA CLAIMANTS NAMED IN 313th AND 319th OMNIBUS OBJECTIONS

Robert A. Sargent affirms under penalties of perjury as follows:

1.  I am a citizen of the United Kingdom and a resident in the City of London. I was employed by Lehman Brothers Limited, a UK subsidiary of Lehman Brothers Holdings Inc., and in that capacity I was compensated under a Contingent Stock Awards Plan. I submitted a Proof of Claim in this proceeding, in which I indicated that I had a claim for $3,534,917, for amounts withheld from my bonus compensation during the years 2004-07.

2.  In April 2011, I was served with "Debtors 118[th] Omnibus Objection to Claims (To Reclassify Proofs Of Claim As Equity Interests.)"

3.  In June, 2011 I received the Court's Order dated June 3, 2011, ECF Doc. 17349 (June 3, 2011) which I understood reclassified my claim as an equity interest.

4.  I recently was referred to attorney Richard Schager by a former colleague of mine who was served with a later Omnibus Objection, the 313th Omnibus Objection. I was shocked to learn that the effect of a simple "reclassification" of my claim to equity actually was the complete elimination of my claim for past compensation. At no point in the 118th Omnibus

Objection or in the Order granting the Objection, which I understand Debtors' Counsel submitted to the Court, is there any indication that the practical effect of a reclassification was expungement.

5. This type of disclosure may be found adequate under U.S. Bankruptcy Court practices, but I believe the Omnibus Objection and a Court's Order were completely inadequate in advising former employees that their claims for unpaid compensation were being eliminated. I worked at Lehman Brothers' UK subsidiary for four (4) years, and I should be able to expect complete and reliable disclosure in its communications to me.

6. I understand that the firm of Stamell & Schager is attempting to obtain certification of a class of persons named in later Omnibus Objections, the 313th and 319th. From my experience, as a former employee of LBHI and as someone unfamiliar with the American legal process, the shortcomings in that process can be addressed in a material way by certification of a class to be represented by legal counsel, so that class members can rely on class counsel for the disclosure regarding legal documents they can no longer expect from their former employer or Debtors' Counsel.

Affirms under penalties of perjury this /5th day of August, 2012.

_____
Robert A. Sargent