STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------- x
                                                               :
In re                                                          :   Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,                         :   08-13555 (JMP)
                                                               :
                                            Debtors.           :   (Jointly Administered)
                                                               :
-------------------------------------------------------------- x

### AFFIRMATION OF CLAIMANT MICHAEL K. MCCULLY IN SUPPORT OF MOTION TO CERTIFY A CLASS OF RSU AND CSA CLAIMANTS NAMED IN 313th AND 319th OMNIBUS OBJECTIONS

Michael K. McCully affirms under penalties of perjury as follows:

1. I submit this Affirmation in support of the pending Motion for Class Certification in the captioned litigation, to certify a class of Claimants named in Debtors' 313th and 319th Omnibus Objections, the Debtors' effort to reclassify claims for unpaid compensation as equity interests.

2. I was an employee of Lehman Brothers Holdings corporate group from 1988 to 2008. For each year between 2003 and 2008 Lehman Brothers issued to me an "RSU Agreement," which (together with ancillary documents) confirmed that a portion of my compensation had been withheld for payment in the future. During the years at issue, approximately $837,000 accrued to this account. An accounting is provided in my Proof of Claim, a copy of which is attached as Exhibit B to my July 4, 2010 Affirmation in Opposition to Debtors' 313th Omnibus Objection, ECF Doc. 29254-10 (July 6, 2010).

3. I know from public filings that there are claims similar to mine that are both much larger and much smaller. I provide this Affirmation to describe my own experience with the cost of maintaining a claim for this unpaid compensation, and particularly in response to a position by

Debtors that the "bankruptcy procedure itself provides ... the opportunity to pursue claims at minimal cost ...." LBHI's Objection to Motion to Certify a Class, ECF Doc. 29924, ¶ 1 (Aug. 9, 2012). From my own experience, that statement is demonstrably <u>untrue.</u>

4. As an employee of Lehman Brothers, I received every year a statement of the total amount of my bonus, and the portion of that bonus that was reserved under the RSU Agreement. McCully Aff., ECF Doc. 29254-10, at ¶¶ 2, 8-10 (July 4, 2012).

5. All of my colleagues had similar compensation arrangements. I know of no variance in the forms of RSU Agreements -- they were a standard form that was handed out to each participating employee. In most respects but the ultimate amount, the RSU compensation arrangements were all part of a standardized plan. Although the percentage of bonus withheld, the amount co-contributed by Lehman, and I believe the vesting varied by title, to my knowledge the legal terms were identical.

6. I submitted my own Proof of Claim on or about September 19, 2009. Initially, I did not think that retaining counsel was necessary when there was no dispute about the amount of my claim -- the LBHI records that I submitted with my claim were clear about the amount of compensation that had been withheld. I later amended the claim, however, and I decided to retain counsel to assist in that amendment, made on or about December 14, 2009.

7. The preparation of filing of an amended Proof of Claim was just the first step for which I required the assistance of counsel. In June 2011, I was served with the Debtors' 130th Omnibus Objection, seeking to reclassify my claim for unpaid compensation as an equity interest. Through counsel I filed and served an Opposition to that Omnibus Objection on or about May 17, 2011.

2

8.  When I received the 130th Omnibus Objection, I did not want to incur additional legal fees in preparing a response. My view at the time was that any ruling by the Court on the nature of RSU Agreements would apply to all Lehman employees who had been issued those agreements. As a former Lehman employee, it made no sense to me that the Court would reclassify my claim as equity, if at the same time it denied reclassification for other former employees similarly situated, who had larger claims that warranted incurring the legal expense and who had the means to pay that expense. On the advice of counsel, however, I incurred the expense of opposing the 130th Omnibus Objection, and thereafter, through what Debtors' counsel called inadvertence, I learned that what made no sense to me is exactly what happened.

9.  Several months after it was served, I learned that Debtors had misplaced my Opposition to the 130th Omnibus Objection, and that I had been included, "inadvertently," on the Court's Order reclassifying my claim as an equity interest, along with other claimants who had not responded to the Objection. ECF Doc. 17369 (June 3, 2011). It was necessary for me to request my counsel to negotiate with Debtors' counsel and the Court in order to get my claim reinstated. This reinstatement was ordered by the Court the following November. ECF Doc. 22347 (November 18, 2011).

10. Even then, after being told by Debtors' Counsel that my claim was restored on the Debtors' official claims register and was no longer subject to the 130th Omnibus Objection, Debtors' Counsel in fact continued to try to reclassify my claim as equity with others named in the 130th Omnibus Objection. Supplemental Annotated Omnibus Reply, ECF Doc. 24591, at p. 46 of 54 (January 24, 2012).

11. After I prepared an Opposition to the 130th Omnibus Objection, and after I incurred additional expense in getting my claim reinstated after Debtors erroneously reported to

the Court that I had not filed and served an Opposition, and after my counsel filed and served yet another Response in Opposition to Debtors' January 24, 2012 Omnibus Reply, I then was served with Debtors' 313th Omnibus Objection ECF Doc. 28433 (June 4, 2012). The 313th Omnibus Objection objected to the same claim number (#65949) that was addressed in the 130th Omnibus Objection.

12. In addition to the frustration of being asked to state my objection once again, I could see no reason why the Court should have to deal with 235 additional Oppositions to the Omnibus Objection. All of the Oppositions would duplicate work I had already retained counsel to do and then to re-do. In addition, the cost of filing and serving an Opposition to Debtors' reclassification-to-equity effort is substantial for a small to mid-size claim, particularly considering the uncertainty of any recovery, which optimistically would come only several years into the future. From personal experience I knew that not filing an Opposition would not be because the claim had no merit, but because of the cost.

13. On top of the straightforward cost, the bankruptcy process permits Debtors' to place additional hurdles and impose additional expenses on Claimants, through "inadvertence" or worse. In any event, just getting to the present point has involved much more than what Debtors' glibly call "the opportunity to pursue claims at minimal cost ...." Debtors' Opposition, ¶ 1.

14. Finally, it is my understanding that Debtors' now contemplate a year-long process for discovery. *See* Motion to Establish and Implement Discovery Procedures in Connection with Omnibus Objections to Neuberger Proofs of Claim as Equity Interests, ECF Doc. 29924 (August 9, 2012). I respectfully request the Court to consider the expense this process will impose on individual Claimants in weighing the merits of this Class Certification Motion.

15. For the reasons stated above, I fully support the efforts of my counsel to obtain certification of a class of other former employees of Lehman.

Affirmed under penalties of perjury this 16th day of August, 2012.

_____
Michael K. McCully

Sworn to before me this
16th day of August, 2012

_____
Notary Public

RICHARD J. SCHAGER, JR.
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SC4834248
Qualified in Kings County
My Commission Expires March 30, 20**15**

5