# EXHIBIT B – TRUST AGREEMENT



Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

# TRANSLATION FROM SPANISH

-------------------------------- VOLUME SEVENTY NINE ---------------------------------

----------------- DEED NUMBER ONE THOUSAND NINE HUNDRED AND SEVEN

--- In the city of Cabo San Lucas, Baja California Sur, Mexico, on July twenty first of the year two thousand and six, I, MARIA DEL PILAR GARCIA OROZCO, Notary Public number SEVENTEEN in and for this Federative Entity and for the Federal Real Estate Patrimony, in exercise in the Municipality of Los Cabos and residence in the city of CABO SAN LUCAS, acting as provided by article (29) twenty nine of the Notary Publics' Law, **hereby certify** through this instrument: --------------------------------------------------------

--- THE IRREVOCABLE GUARANTEE AND OWNERSHIP TRANSFER TRUST AGREEMENT IDENTIFIED BY NUMBER 229539 (TWO TWO NINE FIVE THREE NINE) (THE "**TRUST AGREEMENT**" or **THE "TRUST**") ENTERED BY AND BETWEEN LOGAN HOTELS AND RESORTS, MEXICO, SOCIEDAD ANONIMA DE CAPITAL VARIABLE ("**LOGAN MEXICO**"), REPRESENTED HEREIN BY PABLO MARCELO MORENO OLEAS, ACTING AS TRUSTOR AND SECOND TRUSTEE (THE "**TRUSTOR**" OR THE "**SECOND TRUSTEE**", AS THE CONTEXT MAY REQUIRE); LEHMAN BROTHERS HOLDINGS, INC., REPRESENTED HEREIN BY EDUARDO EUGENIO PIZARRO SUAREZ VILLALOBOS ACTING AS FIRST TRUSTEE (THE "**FIRST TRUSTEE**"); AND HSBC MEXICO, S.A., INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO HSBC, FIDUCIARY DEPARTMENT ACTING AS FIDUCIARY INSTITUTION, REPRESENTED HEREIN BY MS. **CLAUDIA GABRIELA SANCHEZ RODRIGUEZ** (THE "**FIDUCIARY INSTITUTION**"). ----------------------

----------------------------------------- RECITALS -----------------------------------------

--- I. "LOGAN MEXICO", represented herein by Mr. **PABLO MARCELO MORENO OLEAS**, as Sole Administrator and legal representatives states that: -----------------------------

--- a) By public deed number one thousand and five, volume seventy nine, dated July twenty first of the year two thousand six attested by the subscribing Notary Public number SEVENTEEN in and for this Federative Entity and for the Federal Real Estate Patrimony, in exercise in the Municipality of Los Cabos and residence in the city of CABO SAN LUCAS, acquired by Sale from **PLAYA GRANDE DE CABO SAN LUCAS, SOCIEDAD ANONIMA DE CAPITAL VARIABLE** the following land (herein after the "**Land**"): ----------------------------------------------------------------------------------------------

--- **Polygon "A"** of the **LA LAGUNA** real estate located in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, with real estate registry number **4-02-013-0006 (four dash cero two dash cero one three dash cero cero cero six)**, and a an Area of **340-03-76.054 hectares** (three hundred and forty hectares cero three ares seventy six point cero fifty four centiares) with the following metes and bounds: ------------------------------------

--- TO THE NORTH: 1,560.180 meters (one thousand five hundred and sixty point one hundred eighty meters), with the REAL ESTATE that is or was owned by Mr. Victor Hugo Cesena. ----------------------------------------------------------------------------------------------------

--- TO THE SOUTH: In two sections of 119.360 meters (one hundred and nineteen point three hundred and sixty meters) with Polygon "C", plus 1,661.188 meters (one thousand six hundred and sixty one point one hundred and eighty eight meters) with the Federal Maritime Terrestrial Zone of the Pacific Ocean. ------------------------------------------------------

--- TO THE EAST: In three sections of 1,993.450 meters (one thousand nine hundred and ninety three point four hundred and fifty meters) with Polygon "B", plus 100.00 meters (one hundred meters) with Polygon "C" and 343.24 meters (three hundred and forty three point twenty four meters) with the real estate that is or was owned by Mr. Atilio Colli Villarino. -------------------------------------------------------------------------------------------

--- TO THE WEST: 2,042.246 meters (two thousand and forty two point two hundred and forty six meters) with the real estate that is or was owned by Mr. Francisco Bulnes Malo. --

--- A duly compared copy of such instrument is enclosed to the protocol appendix under this deed number and marked with letter "A". -------------------------------------------------

--- b) By public deed number one thousand and five, volume seventy nine, dated July twenty first of the year two thousand six attested by the subscribing Notary Public number SEVENTEEN in and for this Federative Entity and for the Federal Real Estate Patrimony, in exercise in the Municipality of Los Cabos and residence in the city of CABO SAN LUCAS, acquired by the Assignment made by PLAYA GRANDE DE CABO SAN LUCAS, SOCIEDAD ANONIMA DE CAPITAL VARIABLE the following rights

(hereinafter, the "Rights"): ----------------------------------------------------------------------------
--- b). 1. The trustee rights and of any other nature that as Second Trustee "A" or by any other title has and that by fact and right might correspond in relation to the Irrevocable Guarantee and Ownership Transfer Trust Agreement with Reversion Clause; legalized by public deed (62,902) sixty two thousand nine hundred and two, volume (987) nine hundred and eighty seven, dated September first of the year two thousand and five, attested by the Notary Public appointed to the Notary Public's Office Number Seven in and for the State and for this Federative Entity and for the Federal Real Estate Patrimony, in exercise in the Municipalities of La Paz, Los Cabos and residence in the capital city of the State, Jose Alberto Castro Salazar, Esq., which first testimony was filed in the Public Registry of Property of the Municipality of Los Cabos, under number 97 ninety seven, volume CCXXXI, Section First; as well as under number 30 thirty, volume CCXXIII, Section First, by means of which **PLAZA GRANDE DE CABO SAN LUCAS, SOCIEDAD ANONIMA DE CAPITAL VARIABLE** encumbered under a trust with **SCOTIABANK INVERLAT, SOCIEDAD ANONIMA, INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT**, nominating ORGANISMO OPERADOR MUNICIPAL DEL SISTEMA DE AGUA POTABLE, ALCANTARILLADO Y SANEAMIENTO DE LOS CABOS, BAJA CALIFORNIA SUR, (MUNICIPAL OPERATING ORGANIZATION OF DRINKING WATER, SEWAGE AND DRAINING SYSTEM OF LOS CABOS, BAJA CALIFORNIA SUR) as first trustee, the property of the real estate referred to as **MEDANOS PARTIDOS FRACTION (POLYGON C)**, described in statement II.f) of such instrument, with the metes and bounds that shall be considered reproduced herein as if literally quoted. ----------
--- b).2. Rights that **PLAYA GRANDE DE CABO SAN LUCAS, SOCIEDAD ANONIMA DE CAPITAL VARIABLE** has in the **IRREVOCABLE GIFT CONTRACT OF THE FRACTION DEFINED AS MEDANOS PARTIDOS ROADWAY (POLYGON "B")**, which was legalized with the public deed mentioned in Recital I.b).1 herein, by means of which **PLAYA GRANDE DE CABO SAN LUCAS, SOCIEDAD ANONIMA DE CAPITAL VARIABLE** donated to the **HONORABLE NINTH CITY COUNCIL OF THE MUNICIPALITY OF LOS CABOS BAJA CALIFORNIA SUR**, the property of the real estate referred to in such deed as **MEDANOS PARTIDOS ROADWAY (POLYGON B)**, described in statement II.f) of such instrument, with the metes and bounds that shall be considered reproduced herein as if literally quoted. ----------------------------------------------------------------
b).3. Rights that **PLAYA GRANDE DE CABO SAN LUCAS, SOCIEDAD ANONIMA DE CAPITAL VARIABLE** has in the constitution of the **FOR LIFE, VOLUNTARY AND NON-EXCLUSIVE EASEMENT (the "Easement No. 1")**, which was legalized with the public deed mentioned In Recital I.b).1 herein, by means of which **PLAYA GRANDE DE CABO SAN LUCAS, SOCIEDAD ANONIMA DE CAPITAL VARIABLE** constituted the already mentioned Easement regarding an area of the piece of land referred to in such instrument, exclusively for identification purposes, as **MEDANOS PARTIDOS EASEMENT (POLYGON D)**, which remains as an integral part of POLYGON "A", mentioned in Recital I.a) herein, which is described in statement II.h) of such instrument, with an area, metes and bounds that shall be considered reproduced herein as if literally quoted. ----------------------------------------------------------------
--- c) That by deed one thousand nine hundred and five, volume seventy nine, dated July twenty first of the year two thousand and six, attested by the Subscribing Notary Public number SEVENTEEN in and for this Federative Entity and for the Federal Real Estate Patrimony, in exercise in the Municipality of Los Cabos and residence in the city of CABO SAN LUCAS, **constituted an Easement for life** in benefit of the dominant tenement property of Mr. **FRANCISCO RAMON BULNES MALO**, on an area located in Polygon "A", mentioned in Recital I.a) of this Instrument, denominated in such instrument merely for identification purposes as POLYGON "E" EASEMENT ("Easement No. 2"), which is described in statement I.8 of such instrument, which area, metes and bounds shall be considered reproduced herein as if literally quoted. Hereinafter, EASEMENT No. 1 and EASEMENT No. 2 shall be jointly identified as the "EASEMENTS" ------------------------
--- d) **FREE OF LIEN CERTIFICATE.-** The real estate subject matter of this transaction is free of any lien and ownership limitation, except for the EASEMENTS identified as MEDANOS PARTIDOS EASEMENT (POLYGON "D") and POLYGON "E" EASEMENT, which were constituted on part of POLYGON "A" and are referred to in Recitals I.b).3.and I.c) of this instrument, being credited with the certificate issued by the Public Registry of Property and Commerce Head Office of the 9th City Council of Los

Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

Cabos, Baja California Sur, that the subscribing Notary Public encloses to the Protocol appendix with the same number of this deed under letter "B". Moreover the Rights subject matter of this transaction are free of any lien and any ownership limitation. --------------------
--- e) **REAL ESTATE TAX.-** The real estate subject matter of this instrument is up to date in the payment of the real estate property taxes, being credited with the certificates issued by the tax collection office of the Municipality of Los Cabos, Baja California Sur, dated June 30, 2006, which the subscribing Notary Public encloses in a duly compared copy to the protocol appendix with the same number of this deed and under letter "C". --------------
--- f) **EXPERT'S APPRAISAL.-** The subscribing Notary Public encloses a compared copy to the protocol appendix with the same number of this deed and under letter "D", of the appraisal authorized by the Real Estate Property Register Head Office of the Municipality of Los Cabos, Baja California Sur which exhibits the appraisal of the Land subject matter of this deed. ----------------------------------------------------------------------------
II. The **FIDUCIARY INSTITUTION** states that: --------------------------------------------------
--- a) **LEGAL PROHIBITIONS.-** For all the purposes set in item 5.5 of the provisions in Trust matters issued by Banco de Mexico, through circular 1/2005, the **FIDUCIARY INSTITUTION** informs the parties about the text in the following articles that set the prohibitions for Fiduciary Institutions in the management and execution of the Trusts: -----
1.- Article 382 of the General Law of Credit Instruments and Transactions.- -----------------
"... A trust constituted in favor of the Fiduciary Institution shall be void, except as provided in the next paragraph, and in other applicable legal provisions. ----------------------
*The fiduciary institution might not be a trustee in the trusts with the purpose of serving as payment instruments of obligations in default, regarding credits granted by the own institution for the performance of business activities. Under this assumption, the parties shall agree the terms and conditions to resolve potential conflicts of interest.* ---------------
2.- Article 394 of the General Law of Credit Instruments and Transactions: ------------------
*"... shall be prohibited:* ---------------------------------------------------------------------------------
*i.- secret trusts;* -----------------------------------------------------------------------------------------
*ii.- those in which the benefit is granted to several persons successively that shall be substitute in case of death of the former, except in the case where the substitution takes place in favor of people who are still alive or already conceived, upon death of the trustor; and* ------------------------------------------------------------------------------------------------------
*iii.- those whose term is longer than fifty years, when the designated beneficiary is a corporation that is not of public law or a charity institution; however, they might be constituted with a term longer than fifty years when the trust purpose consist of the maintenance of scientific or art type museums not for profit.* ------------------------------------
3.- Article 106 of the Law of Credit Institutions.- ---------------------------------------------------
*"... The credit institutions shall be prohibited to:* -----------------------------------------------------
*... XIX. When conducting the transactions referred to in Item XI of article 46 of this Law: -
a) Carry out transactions with the own institution in the performance of the trusts, mandates or commissions. Banco de Mexico might authorize, through general provisions, to carry out specific transactions when they do not imply conflict of interests.* ----------------
*b) Answer to the trustors, mandates or principals, for the default of debtors, for the loans granted, or for the issuers, for the securities acquired, except when ordered by them, as provided in the final part of article 391 of the General Law of Credit Instruments and Transactions, or to secure the earnings of the returns from the funds which investment is entrusted to them.* ------------------------------------------------------------------------------------------
*If at the end of the trust, mandate or commission constituted for the granting of loans, they have not been paid by the debtors, the institution shall shift them to the trustor or trustee, as the case may be, or to the mandate or principal, not paying their amount.* -----------------
*In trust, mandate or commission agreements, everything provided by this item shall be visibly inserted as well as a statement from the fiduciary institution in the sense that it clearly informed about its content to the people from whom it received the properties or rights for their constitution into a trust.* ------------------------------------------------------------------
*c) To act as fiduciary institutions, agents or commission agents in trusts, mandates or commissions, respectively, through which public resources are received, either directly or indirectly, through any act that originates a direct or contingent liability, except regarding trusts constituted by the Federal Government through the Finance and Public Credit Secretariat, and of trust by means of which securities are issued that will be listed in the National Stock Registry, as provided by the Stock Market Law.* --------------------------------
*d) To perform the trusts, mandates or commissions referred to in the second paragraph of article 88 of the Law of Investment Companies;* -----------------------------------------------------



*e) To act in trusts, mandates or commissions through which the limitations or prohibitions set forth in the financial laws are evaded, ------------------------------------------------------*

*f) To use funds or securities from the trusts, mandates or commissions destined to the granting of loans, where the fiduciary institution has the faculty to act at its discretion, in the granting thereof to perform transactions by virtue of which its fiduciary delegates, the holders as well as the alternates members of the board of director or executive board, as the case may be, regardless if they are in office or not; the employees or officers of the institution; the holder or alternate supervisors, either in office or not; the external auditors of the institution; the members of the corresponding trust technical committee; the ancestors or successors in first degree or the spouse of the abovementioned individuals; the corporations in which those individuals or the same institutions have the majority in the meetings, result or might result in debtors, as well as those individuals that Banco de Mexico determines through general provisions, and ------------------------------------------------*

*g) To manage rustic real estates, unless they have received the management to distribute the net worth among the heirs, beneficiaries, associates or creditors, or to pay an obligation or to secure its performance with the value of the real estate or its products, and in these case the management shall not exceed a two year term, except in relation to production or guarantee trusts. -------------------------------------------------------------*

*Any agreement contrary to everything provided in the preceding items shall be void. -------*

**4.- Article 118 of the Law of Credit Institutions.**------------------------------------------------

*"... Except for all kind of information requested by the National Banking Commission; the violation of the transactions secret, referred to in Article 46, item XV of this Law, even regarding authorities or courts in trials or complaints that are not filed by the trustor or trustee, principal or mandate, against the institution or vice versa, shall constitute a civil liability for the damages caused, without any damage to the applicable criminal liabilities."* ---------------------------------------------------------------------------------------

**5.-** Articles of Banco de Mexico Circular 1/2005 setting a prohibition: -----------------------

*"6.1... In the execution of Trusts; the Fiduciary Institutions shall be prohibited to the following:* ---------------------------------------------------------------------------------------------

*--- a)... To charge prices to the net worth under trust other than those agreed when the related transaction was agreed;* ---------------------------------------------------------------------

*--- b)... To secure the earning of returns or prices from the funds whose investment is entrusted to them, and* -----------------------------------------------------------------------------

*--- c)... To carry out transactions under terms and conditions contrary to its bylaws and to fair financial practices.* --------------------------------------------------------------------------------

*--- 6.2... Fiduciary Institutions shall not carry out transactions with securities, credit instruments or any other financial instruments that do not meet the specifications agreed in the corresponding Trust Agreement.* -----------------------------------------------------------------

*--- 6.3... Fiduciary Institutions shall not execute types of Trust that are not authorized to execute pursuant to the laws and provisions that govern them.* --------------------------------

*--- 6.4 The Fiduciary Institutions, by no means, shall pay from the net worth under trust the payment of any penalty that is imposed to such Institutions by any authority.* -----------------

*--- 6.5 ... In guarantee Trusts, Bonding Institutions and Sofoles shall only receive properties or rights with the purpose of securing the related obligations.* ---------------------

*--- 6.6 ... Fiduciary Institutions shall always obey everything provided by articles 106 item XIX of the Credit Institutions Law, 103 item IX of the Stock Market Law, 62 item VI of the General Law of Mutual Insurance Institutions and Companies and 60 item VI Bis of the Federal Law of Bonding Institutions, as may correspond to each Institution."* ----------------

--- **III.** The parties declare, under oath to tell the truth, that they have the necessary faculties to grant this instrument and that their legal capacities have not been revoked or limited in any way.------------------------------------------------------------------------------------

--- Based on the foregoing, the parties grant the following: -------------------------------------

-------------------------------------------------

------------------------------------------ **STATEMENTS** -------------------------------------

--- **1.** The **FIRST TRUSTEE** has this day (the "**CLOSING DATE**") made a loan to **LOGAN MEXICO** in the principal amount of up to US$65,000,000.00 (sixty five million dollars legal tender of the United States of America), with interest thereon (the "**LOAN**").

--- **2.** The **LOAN** has the following documents: **(i)** the **Loan agreement** executed on the CLOSING DATE by and between **LOGAN MEXICO** and the FIRST TRUSTEE ("**LOAN CONTRACT**"); **(ii)** the **Promissory Note** subscribed on the CLOSING DATE by **LOGAN MEXICO** in favor of the FIRS TRUSTEE; **(iii)** the **Pledge Agreement Without Transfer of Possession** executed on the CLOSING DATE by and between

Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

LOGAN MEXICO and the FIRST TRUSTEE; (iv) the **Pledge and Security Agreement** executed on the CLOSING DATE by LOGAN MEXICO, Mrs. **Albert Arthur Edmond Maes** (the "**GUARANTOR**"), Logan International LLC ("**U.S. LLC**") and the FIRS TRUSTEE; (v) the **Pledge and Security Agreement** identified and defined as "**Pledge Agreement (Membership Interests in Borrower: US)**" in the LOAN AGREEMENT, executed on the CLOSING DATE by U.S. LLC, the GUARANTOR and the FIRST TRUSTEE; (vi) the **Pledge and Security Agreement** identified and defined as "**Pledge Agreement (Membership Interests in Logan Member)**" in the LOAN AGREEMENT, executed on the CLOSING DATE, by **Logan Hotels & Resorts Development Co Pte. Ltd.** (the "**U.S. LLC MEMBER**") and the FIRST TRUSTEE; (vii) the **Escrow Agreement**, GF#6010954 dated April 4, 2006, executed by Playa Grande de Cabo San Lucas, S. A. de C. V., the GUARANTOR and Stewart Information International Inc. (**Escrow Amendment**); (viii) the **Completion Guaranty** granted on the CLOSING DATE by the GUARANTOR in favor of the FIRST TRUSTEE; (ix) the **Recourse Guaranty** granted on the CLOSING DATE, by the GUARANTOR in favor of the FIRST TRUSTEE; (x) the **Repayment Guaranty** granted on the CLOSING DATE by the GUARANTOR in favor of the FIRST TRUSTEE; (xi) the **Repayment Guaranty** granted on the CLOSING DATE by U.S. LLC to the U.S. LLC MEMBER in favor of the FIRST TRUSTEE; (xii) the **Assignment of Lease and Rents** executed on the CLOSING DATE by LOGAN MEXICO in favor of the FIRST TRUSTEE; (xiii) the **Environmental Indemnity** executed on the CLOSING DATE by LOGAN MEXICO and the GUARANTOR in favor of the FIRST TRUSTEE; (xiv) the **Omnibus Assignment** executed on the CLOSING DATE by LOGAN MEXICO in favor of the FIRST TRUSTEE; and (xv) the **Post Closing Undertaking** executed by LOGAN MEXICO in favor of the FIRST TRUSTEE. The documents listed above are collectively referred to as the "**TRANSACTION DOCUMENTS**", and the TRANSACTION DOCUMENTS collectively with this TRUST AGREEMENT are referred to as the "**LOAN DOCUMENTS**". ---------------------------------------------

--- 3. LOGAN MEXICO pursuant to the TRANSACTION DOCUMENTS agreed to execute this **TRUST AGREEMENT** to guaranty its obligations as well as those on the account of the **U.S. LLC MEMBER, U.S. LLC,** and the **GUARANTOR** under the TRANSACTION DOCUMENTS. -----------------------------------------------------------

--- 4. LOGAN MEXICO hereby declares, represents and warrants that: ----------------------

--- a) It is an open ended stock company duly incorporated and existing under the laws of United Mexican States, with its principal place of business in Ejido Km. 4, Arenal Cabos, Código Postal 23410, Cabo San Lucas, Baja California Sur, Mexico. ---------------------------

--- b) It is the owner of the Land described in Recital I.a) and of the Rights described in Recital I.b) of this instrument (hereinafter the Land and the Rights shall collectively be denominated for the purposes of this TRUST AGREEMENT as the "**REAL ESTATE**"); which were obtained from legal sources and within the frame of the Law and there is not connection between the origin or destination of the properties under the TRUST or the products generated by them and the illegal activities or support to terrorist groups. ----------

--- c) It has the corporate and legal faculties to execute, deliver and perform its obligations hereunder, and to grant the necessary securities, to assign the ownership and encumber the REAL ESTATE pursuant to this TRUST AGREEMENT and has taken all necessary legal and corporate actions to authorize its execution, delivery and performance, and to encumber the REAL ESTATE, pursuant to this TRUST AGREEMENT; --------------------

--- d) This **TRUST AGREEMENT** constitutes a legal, valid and binding obligation of LOGAN MEXICO enforceable in accordance with applicable law and its terms; ------------

--- e) The execution, delivery and performance of this TRUST AGREEMENT will not violate in any material respect any provision or requirement of law, any provision of its corporate documents or any contractual obligation of LOGAN MEXICO and will not result in the creation or imposition of any lien on any of the assets or revenues of LOGAN MEXICO except as established hereby and expressly permitted by the TRANSACTION DOCUMENTS; -------------------------------------------------------------------

--- f) As of the date hereof, there is no pending or, to the best of its knowledge, after due inquiry, threatened action, claim, requirement or proceeding before any court, governmental agency or arbitrator that affects or could affect the legality, validity or enforceability of this TRUST AGREEMENT or its legal title to the REAL ESTATE; -----

--- g) No consent or authorization of, request, or whatever other act, by a governmental authority or any other person is required for the execution, modification, termination, assignment, delivery, completion, validity of this TRUST AGREEMENT or for the perfection and maintenance of the security created therein; ------------------------------------



--- **h) LOGAN MEXICO** is the legal owner of the REAL ESTATE, free of any and all liens (except for the **EASEMENTS**), burden, security interests, options or claims of any other person; 

--- **i)** The individual executing this **TRUST AGREEMENT** on behalf of LOGAN MEXICO has all the necessary faculties, authority and corporate authorization to do so, which have not been revoked or limited in any manner; ------------------------------------------

--- **j)** It is **LOGAN MEXICO**'s intention to encumber in trust the REAL ESTATE in accordance with the provisions of this Agreement. -------------------------------------------

--- **k)** The bylaws of **LOGAN MEXICO** include the statutory provisions set forth in section 27 item I of the United Mexican States Constitution. --------------------------------------

--- **l)** The REAL ESTATE will be destined, used and developed for non-residential purposes as long as it is part of **TRUST ESTATE** and, therefore, the execution of this **TRUST AGREEMENT** shall not require the authorization of the Mexican Secretary of Foreign Affairs ("**SRE**") pursuant to articles 11 and 12 of the Foreign Investment Law ("**FIL**"). --------------------------------------------------------------------------

--- **m)** The REAL ESTATE is up to date in the payment of any property taxes or other governmental fees that may be charged to the REAL ESTATE or is owners. ----------------

--- **n)** The REAL ESTATE is in compliance with all applicable environmental, health and safety laws and **LOGAN MEXICO** has no knowledge that **(i)** any event has occurred or any circumstance or condition exists that could be expected to constitute or result in a violation of any applicable environmental, health and safety Laws, and **(ii)** the REAL ESTATE is not subject to any existing or, to the best of **LOGAN MEXICO**'s knowledge, threatened action by or before any governmental authority under any applicable environmental, health and safety Law, and no basis exists for any such action. ---------------

--- **o)** As of the date hereof, **LOGAN MEXICO** does not have any employees, either unionized or non unionized or has executed management contracts with corporations that render services through the allocation of employees for the development of the corporation's activities therefore in the already mentioned corporation there is no contingency of labor or individual or collective-nature. ------------------------------------------

--- **p)** That LOGAN MEXICO does not have tax liabilities, such as State, Municipal and Federal taxes, therefore in the already mentioned corporation there is no contingency of fiscal nature. ------------------------------------------------------------------------------

--- **q)** That LOGAN MEXICO does not have any liabilities, including contingent, therefore the corporation and its assets are free of any lien, contingency and/or liability. ---

--- **r)** That LOGAN MEXICO does not have any court, out of court or administrative complaint, either in progress or not resolved. ----------------------------------------------

--- **5.** The **FIRST TRUSTEE** hereby declares, represents and warrants that: -----------------

--- **a)** It is a corporation duly incorporated and validly existing under the laws of the State of Delaware in the United States of America; -----------------------------------------------

--- **b)** Its representative has all necessary faculties and corporate authorization to execute and deliver this **TRUST AGREEMENT** on its behalf, which have not been revoked or limited in any way; ---------------------------------------------------------------------

--- **c)** The **FIRST TRUSTEE** shall not have a right to use and enjoy the REAL ESTATE unless the **TRUST** receives the **SRE PERMIT** as defined in Clause EIGHTEENTH below, provided however, that this limitation shall not preclude or diminish in any way the rights of the **FIRST TRUSTEE** under this **TRUST AGREEMENT** or the security granted herein. ---------------------------------------------------------------------------------

--- **6.** The **FIDUCIARY INSTITUTION** hereby declares, represents and warrants that: ---

--- **a)** It is a Mexican Financial Institution duly incorporated and validly existing under the laws of Mexico; --------------------------------------------------------------------

--- **b)** Its legal representative has all necessary faculties and corporate authorization to execute and deliver this **TRUST AGREEMENT** which have not been revoked or limited in any way. --------------------------------------------------------------------------------

-------------------------------------------------------------------------------------

-------------------------------- **DEFINED TERMS** ----------------------------------

--- Capitalized terms not otherwise defined in this TRUST AGREEMENT will have the meanings ascribed to them in the TRANSACTION DOCUMENTS. In addition, the next terms shall have the following meanings: ---------------------------------------------

--- "**SECURED OBLIGATIONS**": Any and all present or future obligations of **LOGAN MEXICO, U.S. LLC, U.S. LLC MEMBER** and **GUARANTOR** under the **TRANSACTION DOCUMENTS**, including but not limited to the timely payment when due of the principal and the interest, if any, as well as the "**ADDITIONAL FEE**", as

Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

defined in the **LOAN AGREEMENT**, and its amendments from time to time, as a result of reforms, novation, amendments, modifications or supplements; as well as each and all of the present or future obligations on the account of **LOGAN MEXICO** under this **TRUST AGREEMENT**, as amended, restated, modified or supplemented from time to time. -------

------------------------------------------------ **CLAUSES** ------------------------------------------------

--- **FIRST. - TRANSFER OF REAL ESTATE IN TRUST.** ------------------------------

---- The **TRUSTOR** hereby irrevocably transfers the title and encumbers under a transfer of ownership trust in favor of the **FIDUCIARY INSTITUTION**, the Land and Rights constituting the **REAL ESTATE** free from any lien (except for the **EASEMENTS**) and burdens, with the area and limits transcribed in Recital I.a), which are hereby reproduced as if they were entirely inserted herein. ----------------------------------------------

--- The **TRUSTOR** shall answer for the disencumbrance in case of eviction of the **REAL ESTATE**. --------------------------------------------------------------------------------

--- Except for the right of the **TRUSTOR** to **reacquire** the **REAL ESTATE** as provided in Clause **FOURTH** below, the **TRUSTOR** does not reserve any right under this **TRUST AGREEMENT** or regarding the **TRUST ESTATE** (as defined below). The foregoing is without prejudice to the rights of the **SECOND TRUSTEE** under this **TRUST AGREEMENT**.--------------------------------------------------------------------------

--- **SECOND. - PARTIES AND TRUST ESTATE.** ---------------------------------------

--- The parties to this **TRUST** are: ---------------------------------------------------

--- (a) **TRUSTOR**: Logan Hotels and Resorts, Mexico, S.A. de C.V, and/or its authorized successors and assignees hereinafter referred to as the "**TRUSTOR**"). -------------------------

--- (b) **FIRST TRUSTEE**: Lehman Brothers Holdings, Inc., and/or its authorized successors and assignees (hereinafter indistinctively referred to as the "**FIRST TRUSTEE**"). ------------------------------------------------------------------------------

--- (c) **SECOND TRUSTEE**: Logan Hotels and Resorts, Mexico, S.A. de C.V., and/or its authorized successors or assignees (hereinafter also referred to as "**SECOND TRUSTEE**"). -------------------------------------------------------------------------------

--- (d) **FIDUCIARY INSTITUTION**: HSBC MEXICO, S.A. INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO HSBC, FIDUCIARY DEPARTMENT (hereinafter the "**FIDUCIARY INSTITUTION**"). ------------------------------------------

-- The estate subject matter of this **TRUST** will be the **REAL ESTATE**, and all of its accessories, present and future, that by law or in fact are part of it, including without limitation any improvements, buildings, developments, fixtures, licenses, permits, rights and concessions, but excluding any part of the **REAL ESTATE** that is sold or transferred after the execution of this **TRUST AGREEMENT** in accordance with the terms herein established, but including any money or consideration that may be received by the **FIDUCIARY INSTITUTION**, if any, after such sales or transfers take place (hereinafter the "**TRUST ESTATE**"). ----------------------------------------------------------------------

--- **THIRD. - APPOINTMENT OF FIDUCIARY INSTITUTION.** ------------------------

--- The **FIDUCIARY INSTITUTION** hereby (i) accepts its appointment as **FIDUCIARY INSTITUTION** and agrees to loyally and faithfully comply with its duties as **FIDUCIARY INSTITUTION** hereunder and with the purposes of the **TRUST** and all obligations assumed by the **FIDUCIARY INSTITUTION** in accordance herewith and the applicable law; (ii) receives, subject to the terms of the **TRUST AGREEMENT**, the **TRUST ESTATE**; and (iii) acknowledges and accepts the title on the **TRUST ESTATE**, and agrees to hold such title solely for the purposes of this **TRUST**. Subject to the terms of the **TRUST AGREEMENT**, the **FIDUCIARY INSTITUTION** is hereby authorized to take any and all actions that may be necessary to comply with the purposes of the **TRUST**. Furthermore, the **FIDUCIARY INSTITUTION** shall promptly comply with any and all of the instructions given by the **FIRST TRUSTEE** without any further notice to or authorization from the **SECOND TRUSTEE** (except when the provisions hereof expressly require that notice be given to or authorization is obtained from the **SECOND TRUSTEE**) when such instructions are expressly permitted herein in accordance with the express provisions of this **TRUST AGREEMENT**, and agrees not to perform or fail to perform any action which may impede or otherwise obstruct the fulfillment of the purposes of the **TRUST**. -------------------------------------------------------------------------------------

--- **FOURTH. - PURPOSES OF THE TRUST.** -----------------------------------------

-- The purposes of the **TRUST** are as follows: --------------------------------------

-- (a) The **FIDUCIARY INSTITUTION** shall maintain the ownership and title of the **REAL ESTATE** and the **TRUST ESTATE** until the termination of the **TRUST**

AGREEMENT in accordance with its terms. ----------------------------------------------------

--- (b) As long as the **FIDUCIARY INSTITUTION** has not received a written notice from the **FIRST TRUSTEE** notifying the existence of an event of default under the **SECURED OBLIGATIONS** ("**NOTICE OF DEFAULT**"), the **FIDUCIARY INSTITUTION** shall appoint the **SECOND TRUSTEE** as depository of the REAL ESTATE for all the legal purposes that may be applicable and shall allow the **SECOND TRUSTEE** to use, enjoy and possess the **TRUST ESTATE** for non-residential purposes. The use, enjoyment and possession provided herein shall allow the **SECOND TRUSTEE** to develop the **REAL ESTATE** in accordance with the **LOAN DOCUMENTS** (the "**PROJECT**"). ---------------

--- (c) As long as the **FIDUCIARY INSTITUTION** has not received a **NOTICE OF DEFAULT**, the **FIDUCIARY INSTITUTION** shall transfer part of the **TRUST ESTATE** to the third-parties identified in the joint instructions by written notice from the **FIRST TRUSTEE** and the **SECOND TRUSTEE**. Any part of the **TRUST ESTATE** so transferred in terms of this paragraph shall no longer be considered part of the **TRUST ESTATE**. ----------------------------------------------------

--- (d) The **FIDUCIARY INSTITUTION** shall maintain the **TRUST ESTATE** encumbered by this **TRUST** for the benefit of the **FIRST TRUSTEE** in order to guarantee and secure the repayment and compliance, in time and form, of each and all of the **SECURED OBLIGATIONS** undertaken by the **SECOND TRUSTEE**, **THE GUARANTOR, U.S. LLC** and **U.S. LLC MEMBER** under the **LOAN DOCUMENTS**.

--- (e) After receiving a **NOTICE OF DEFAULT** from the **FIRST TRUSTEE**, the **FIDUCIARY INSTITUTION**, following the instructions of the **FIRST TRUSTEE** and without the need to obtain the consent or approval of the **SECOND TRUSTEE** ("**ORDER TO LIQUIDATE**"), shall undertake any or all of the following actions: **(i)** revoke the rights of the **SECOND TRUSTEE** to posses and use the **REAL ESTATE** and to develop the **PROJECT** in such **REAL ESTATE**, by delivering the **NOTICE OF DEFAULT** to the **SECOND TRUSTEE**; **(ii)** subject to the condition of obtaining the **SRE PERMIT** (as defined in Clause EIGHTEENTH) and that this **TRUST AGREEMENT** is amended as provided in such Clause, to allow the **FIRST TRUSTEE** to use and possess the **TRUST ESTATE** for non-residential purposes; and **(iii)** subject to the procedure set forth in Clause TWELFTH, to alienate all or part of the properties and rights constituting the **TRUST ESTATE** or amend the **TRUST AGREEMENT** as provided herein. Upon receipt of the **ORDER TO LIQUIDATE** from the **FIDUCIARY INSTITUTION**, the **SECOND TRUSTEE** shall deliver immediately the use and possession of the **TRUST ESTATE** back to the **FIDUCIARY INSTITUTION** or to such other person as instructed by the **FIRST TRUSTEE**; and ----------------------------------------------------

--- (f) After the **FIDUCIARY INSTITUTION** receives a written notice from the **FIRST TRUSTEE** notifying that the **SECOND TRUSTEE, THE GUARANTOR, U.S. LLC** and **U.S. LLC MEMBER** have complied with each and all of the **SECURED OBLIGATIONS** ("**NOTICE OF PAYMENT**"), the **FIDUCIARY INSTITUTION**, pursuant to the instructions given to it in writing by the **SECOND TRUSTEE**, shall proceed to **(i)** transfer back the property and title of the **TRUST ESTATE** to the **SECOND TRUSTEE** and terminate this **TRUST AGREEMENT** or **(ii)** at the request of the **SECOND TRUSTEE**, modify this **TRUST** as requested by the **SECOND TRUSTEE**, including without limitation, the removal of the **FIRST TRUSTEE** as a party to this **TRUST AGREEMENT**. ----------------------------------------------------

--- (g) That the **FIDUCIARY INSTITUTION**, per instructions of the **FIRST TRUSTEE**, without further consent from the **SECOND TRUSTEE**, grants in favor of the **FIRST TRUSTEE** a mortgage in favor of the **FIRST TRUSTEE** on the **REAL ESTATE** to secure the **SECURED OBLIGATIONS**. ----------------------------------------------------

--- **FIFTH. - COVENANTS.** ----------------------------------------------------

--- The parties to this **TRUST** agree as follows: ----------------------------------------------------

--- (a) The **FIDUCIARY INSTITUTION** grants to the **SECOND TRUSTEE** the administration of the **REAL ESTATE** and designates it as the depositor thereof, granting to it the possession of the **REAL ESTATE** in trust, and being empowered as administrator, by itself or through third parties, to use, benefit from the use and to carry out any modification, work, improvement, construction, development, lease, administration and management activity on such **REAL ESTATE**, and to constitute development, condominium or sub-condominium systems that it considers appropriate, as long as such activities comply with the abovementioned Clause Four item b. and with the **LOAN DOCUMENTS**. ----------------------------------------------------

--- (b) The **SECOND TRUSTEE** shall obtain all the necessary permits, licenses and

Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

concessions in order to carry out the acts referred to in paragraph (a) of this Clause, without the **FIRST TRUSTEE** or the **FIDUCIARY INSTITUTION** being responsible for the possible violations of such permits, licenses and concessions or any applicable laws caused by the **SECOND TRUSTEE's** use or possession of the **TRUST ESTATE** or related to the construction thereon, as well as for any other liability derived from the performance of the works, modifications, improvements or construction on the **PROJECT**, the **SECOND TRUSTEE** being the only party liable therefore. **The SECOND TRUSTEE**, shall assume on its account and at its expense, any of the fiscal, labor and payment obligations, in relation to and derived from the use and possession of the **TRUST ESTATE**, including without limitation, with respect to any construction, improvement and development on the **REAL ESTATE.** --------------------------------------------------------------------------------- .

--- (c) **The FIDUCIARY INSTITUTION**, from time to time, shall grant to the individuals identified by the **SECOND TRUSTEE**, as provided in this item (c) any and all necessary powers of attorney to perform the purpose of the **TRUST**. After a **NOTICE OF DEFAULT** is delivered, upon instructions of the **FIRST TRUSTEE**, the **FIDUCIARY INSTITUTION**, shall revoke all the powers of attorney identified by the **FIRST TRUSTEE** and granted under this **TRUST AGREEMENT** and grant to the individuals identified by the **FIRST TRUSTEE** any and all the necessary powers of attorney to perform the purpose of the **TRUST**. ----------------------------------------------------------------

--- (d) **The FIDUCIARY INSTITUTION** shall not amend this **TRUST** except as instructed by the **FIRST TRUSTEE** and the **SECOND TRUSTEE**, acting jointly. Upon receipt of a **NOTICE OF DEFAULT**, the consent or agreement of the **SECOND TRUSTEE** shall not be required to make the amendments set forth in Clause TWELFTH below. ---------------------------------------------------------------------------------

--- (e) Unless the purposes of this **TRUST** allow so, the **FIDUCIARY INSTITUTION** shall not (i) transfer the ownership or title or (ii) issue or grant any guaranty, mortgage, or pledge or (iii) create any other kind of real estate guarantee on any property in the **TRUST ESTATE**, or on its rights derived in its favor from this **TRUST**, unless it obtains the **FIRST TRUSTEE's** previous written consent (authorization may be granted or denied under the absolute discretion of the **FIRST TRUSTEE**). -------------------------------------------

--- (f) The **SECOND TRUSTEE** shall be solely responsible in maintaining the **TRUST ESTATE** and shall be solely responsible in performing, at its own expense, all the necessary repairs, paying any and all taxes, complying with and maintain all permits, licenses and concessions required and complying with all the applicable laws and regulations, in order to maintain all the property integrating the **TRUST ESTATE**, in good condition and undertaking all necessary acts for the construction and operation of a tourism development, according to the provisions set forth in the preceding Clause Fourth item (b), and the **LOAN DOCUMENTS**; provided; however that, the **REAL ESTATE** shall not be destined or used for residential purpose in accordance with the LIE, as long as it is part of the **TRUST ESTATE**. ------------------------------------------------------------

--- (g) The **FIDUCIARY INSTITUTION** shall have all rights and faculties to comply with the purposes of this **TRUST** in accordance with the terms hereof and with the applicable law, including the faculty to perform acts of ownership. -------------------------------------------

--- (h) The **FIDUCIARY INSTITUTION** shall protect all the property and rights included in the **TRUST ESTATE** through the agents mentioned in this Clause; provided; however, that in the event that an Emergency should occur which the **FIDUCIARY INSTITUTION** has knowledge of, the **FIDUCIARY INSTITUTION** shall immediately act and take all the necessary steps to protect the **TRUST ESTATE**, and is granted herein all the necessary faculties to appoint proxies, whose authorization shall be subject, time permitting, to the **FIRST TRUSTEE's** ratification. For the purposes of this Section the term "**Emergency**" means any event or situation that jeopardizes the health and safety of any person, visitor or employee present at the **TRUST ESTATE**, or which may impose on the **FIDUCIARY INSTITUTION** or the **FIRST TRUSTEE** and/or the **SECOND TRUSTEE**, a penalty or criminal sanction. ---------------------------------------------------------------------------------

--- (i) Until the **SECURED OBLIGATIONS** are paid in full, this is an irrevocable **TRUST** and shall be in full force and effect from the date of its execution until its termination as provided herein. The **TRUST** shall remain in full force and effect during the time needed to comply with its purposes, and may not be revoked by the **TRUSTOR**. The **TRUST AGREEMENT** shall terminate for the causes set forth in article three hundred and ninety-two of the General Law of Credit Instruments and Transactions, excluding the cause of termination set forth in section sixth of said Article, considering that the

TRUSTOR does not reserve for itself the right to revoke this **TRUST**. Upon termination of the **TRUST**, the **FIDUCIARY INSTITUTION** shall deliver and transfer the **TRUST ESTATE** as follows: (i) prior to the payment in full of the **SECURED OBLIGATIONS** as evidenced in a certificate delivered to the **FIDUCIARY INSTITUTION** by the **FIRST TRUSTEE**, to the **FIRST TRUSTEE** or its assignee as security for the repayment of the **SECURED OBLIGATIONS; (ii)** after the repayment in full of the **SECURED OBLIGATIONS** as evidenced by a **NOTICE OF PAYMENT**, to the **TRUSTOR** or it assignee, **(iii)** to the person designated in writing by both the **FIRST TRUSTEE** and the **SECOND TRUSTEE;** or **(iv)** as provided by Clause Twelfth below. ------------------------

--- (j) If the **FIDUCIARY INSTITUTION** receives any money during the term of the **TRUST** it shall promptly notify the **FIRST TRUSTEE** and shall act upon the instructions f the latter. ------------------------------------------------------------

--- **SIXTH. - LEGAL PROVISION.** ------------------------------------------------------

--- Pursuant to section XIX of Article 106 of the Credit Institutions Law, the **FIDUCIARY INSTITUTION** represents that, by this Clause it has provided a clear and unequivocal written explanation to the parties hereto, of the legal meaning and consequences of this Clause, which is hereby transcribed for all pertinent purposes: ----------------------------------

--- "...*ARTICLE 106. Credit institutions shall not:* ----------------------------------------

--- ... XIX. When performing the transactions referred to in Section XV of Article 46 of this Law: ------------------------------------------------------------------------

--- a) Carry out transactions with the own institution in the performance of the trusts, mandates or commissions. Banco de Mexico might authorize, through general provisions, to carry out specific transactions when they do not imply conflict of interests. ----------------

--- b) Answer to the trustors, mandates or principals, for the default of debtors, for the loans granted, or for the issuers, for the securities acquired, except when ordered by them, as provided in the final part of article 391 of the General Law of Credit Instruments and Transactions, or to secure the earnings of the returns from the funds which investment is entrusted to them.--------------------------------------------------------------------

--- If at the end of the trust, mandate or commission constituted for the granting of loans, they have not been paid by the debtors, the institution shall shift them to the trustor or trustee, as the case may be, or to the mandate or principal, not paying their amount. ---------

--- In trust, mandate or commission agreements, everything provided by this item shall be visibly inserted as well as a statement from the fiduciary institution in the sense that it clearly informed about its content to the people from whom it received the properties or rights for their constitution into a trust. ----------------------------------------------------

--- c) To act as fiduciary institutions, agents or commission agents in trusts, mandates or commissions, respectively, through which public resources are received, either directly or indirectly, through any act that originates a direct or contingent liability, except regarding trusts constituted by the Federal Government through the Finance and Public Credit Secretariat, and of trusts by means of which securities are issued that will be listed in the National Stock Registry, as provided by the Stock Market Law. --------------------------------

--- d) To perform the trusts, mandates or commissions referred to in the second paragraph of article 88 of the Law of Investment Companies; ----------------------------------------

--- e) To act in trusts, mandates or commissions through which the limitations or prohibitions set forth in the financial laws are evaded, ----------------------------------------

--- f) To use funds or securities from the trusts, mandates or commissions destined to the granting of loans, where the fiduciary institution has the faculty to act at its discretion, in the granting thereof to perform transactions by virtue of which its fiduciary delegates, the holders as well as the alternates members of the board of director or executive board, as the case may be, regardless if they are in office or not; the employees or officers of the institution; the holder or alternate supervisors, either in office or not; the external auditors of the institution; the members of the corresponding trust technical committee; the ancestors or successors in first degree or the spouse of the abovementioned individuals; the corporations in which those individuals or the same institutions have the majority in the meetings, result or might result in debtors, as well as those individuals that Banco de Mexico determines through general provisions, and ------------------------------------------

--- g) To manage rustic real estates, unless they have received the management to distribute the net worth among the heirs, beneficiaries, associates or creditors, or to pay an obligation or to secure its performance with the value of the real estate or its products, and in these case the management shall not exceed a two year term, except in relation to production or guarantee trusts. -----------------------------------------------------------------------

--- Any agreement contrary to everything provided in the preceding items shall be void. ---



Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

--- In addition; in compliance with everything provided by Circular 1/2005 Item 5.5 published by Banco de Mexico in the Federation Official Gazette, on June 23, 2005, the Fiduciary Institution hereby certifies that it explained in a clear way to the parties to the Trust, and particularly to the Trustor, the legal values and consequences of Circular 1/2005 Item 6 about the prohibitions to which the Fiduciary Institution is subject. For such purposes, Circular 1/2005 Item 6 of Banco de Mexico is transcribed next: --------------------

--- "6.1 In the execution of Trusts; the Fiduciary Institutions shall be prohibited to the following:

a) To charge prices to the net worth under trust other than those agreed when the related transaction was agreed; --------------------------------------------------------------------

b) To secure the earning of returns or prices from the funds whose investment is entrusted to them, and -----------------------------------------------------------------------

c) To carry out transactions under terms and conditions contrary to its bylaws and to fair financial practices. ---------------------------------------------------------------------------

--- 6.2 Fiduciary Institutions shall not carry out transactions with securities, credit instruments or any other financial instruments that do not meet the specifications agreed in the corresponding Trust Agreement. --------------------------------------------------------------

--- 6.3 Fiduciary Institutions shall not execute types of Trust that are not authorized to execute pursuant to the laws and provisions that govern them. ----------------------------------

--- 6.4 The Fiduciary Institutions, by no means, shall pay from the net worth under trust the payment of any penalty that is imposed to such Institutions by any authority. ----------------

--- 6.5 In guarantee Trusts, Bonding Institutions and Sofoles shall only receive properties or rights with the purpose of securing the related obligations. -------------------------------

--- 6.6 Fiduciary Institutions shall always obey everything provided by articles 106 item XIX of the Credit Institutions Law, 103 item IX of the Stock Market Law, 62 item VI of the General Law of Mutual Insurance Institutions and Companies and 60 item VI Bis of the Federal Law of Bonding Institutions, as may correspond to each Institution." ----------------

--- **SEVENTH. - TAXES, COSTS AND EXPENSES.** -----------------------------------------

--- (a) All taxes, costs, expenses, fees and commissions arising from the preparation, execution and registration of this **TRUST AGREEMENT** and in connection with any amendment thereof, as well as by any action, agreement, document, instrument or notice carried out, prepared, executed or notified pursuant to this **TRUST AGREEMENT**, including, without limitation, notary public and registration costs and fees, the fees and expenses of legal advisors of the **FIRST TRUSTEE** and the **FIDUCIARY INSTITUTION**, as well as any and all costs and expenses incurred by the **FIRST TRUSTEE** and the **FIDUCIARY INSTITUTION** in the performance of their corresponding obligations and in the exercise of their corresponding rights according to this **TRUST AGREEMENT** and in any foreclosure hereunder, shall be fully and exclusively paid by the **SECOND TRUSTEE.** --------------------------------------------------------------

--- (b) In the event that, for any reason, the **FIRST TRUSTEE** pays, on account of the **SECOND TRUSTEE**, any such costs or expenses, the **SECOND TRUSTEE** agrees to refund such costs and expenses to the **FIRST TRUSTEE**, upon the request from the latter.

--- (c) In the event any tax authority notifies or otherwise requests from the **FIDUCIARY INSTITUTION** any information and/or clarification in connection with the activities of the **TRUST** created pursuant to this **TRUST AGREEMENT** that may be considered subject to any tax required to be withheld and paid by the **FIDUCIARY INSTITUTION**, as set forth in the requirement made by the authority, by virtue of this **TRUST AGREEMENT**, the **SECOND TRUSTEE** shall, and hereby agrees and commits itself, to defend and hold the **FIDUCIARY INSTITUTION** harmless, as well as to provide the latter with the assistance and sufficient funds for the payment of any amounts related to such taxes which the **FIDUCIARY INSTITUTION** may be required to pay in accordance with the applicable law. The **FIDUCIARY INSTITUTION** shall not be liable for any action in connection with any such withholdings and payments and, to the extent that the **FIDUCIARY INSTITUTION** is subject to any fine or is otherwise penalized, the **SECOND TRUSTEE** hereby agrees and commits itself to reimburse immediately any expense or cost incurred by the **FIDUCIARY INSTITUTION** in connection therewith; provided, however, that the foregoing shall not apply to any such expense or cost incurred due to the negligence, willful misconduct or bad faith of the **FIDUCIARY INSTITUTION**. In connection with the foregoing, the **FIDUCIARY INSTITUTION** shall have the right to hire legal and tax advisors, as deemed advisable at its sole discretion and to charge the **SECOND TRUSTEE** with the related fees thereof. -------------------------

--- (d) The parties agree that the transfer of the **REAL ESTATE** to the Fiduciary Institution

pursuant to this agreement or any assignment agreement is not and should not be construed as an alienation in terms of article 14, section V, paragraph a) of the Federal Fiscal Code of Mexico, nor be additionally subject to the real estate acquisition tax due to the fact that the **TRUSTOR** as **SECOND TRUSTEE** has the right to receive back the **REAL ESTATE** after the termination of the **TRUST** provided that the **SECURED OBLIGATIONS** are paid in full as provided herein and in the **LOAN DOCUMENTS.** -----------------------------
--- **EIGHTH. - THE FIDUCIARY INSTITUTION'S FEES.** --------------------------------
--- As a consideration for its services hereunder, the **SECOND TRUSTEE** shall pay to the **FIDUCIARY INSTITUTION**, the fees set forth in the document attached hereto as **Exhibit "A"**, which is enclosed to my protocol appendix with the same number of this deed and under letter **"E"**. The **FIDUCIARY INSTITUTION** fees shall be paid in US Dollars or in Pesos, at the rate of exchange offered by the **FIDUCIARY INSTITUTION** to the public in general on the date when payment is made. --------------------------------------
--- **NINTH. - FIDUCIARY INSTITUTION LIMITED LIABILITY.** ----------------------
--- In order to induce the **FIDUCIARY INSTITUTION** to enter into this **TRUST**, the **TRUSTOR** and the **FIRST TRUSTEE** expressly agree with the **FIDUCIARY INSTITUTION** the following: -----------------------------------------------------------
(a) The **FIDUCIARY INSTITUTION** will only be obligated to act in good faith and in accordance with the express provisions set forth in this **TRUST AGREEMENT** and in accordance with the written instructions of the **FIRST TRUSTEE** or, to the extent expressly provided herein, of the **SECOND TRUSTEE**, as the case may be, and as long as it continues to act in good faith and in accordance with the express provisions set forth in this **TRUST AGREEMENT** particularly in accordance with everything provided by Clause Fifteenth thereof;
(b) The **FIDUCIARY INSTITUTION** will not be obligated to have a higher degree of care in the preservation of the **TRUST ESTATE** than the one it has with its own property;
(c) This **TRUST AGREEMENT** expressly provides all the obligations of the **FIDUCIARY INSTITUTION**. The **FIDUCIARY INSTITUTION** does not assume any implicit obligations hereunder or obligations derived directly or indirectly from any agreements of the **TRUSTOR**, the **SECOND TRUSTEE** or the **FIRST TRUSTEE** to which it is not a party, including but not limited to the **LOAN DOCUMENTS**; ------------
(d) The **FIDUCIARY INSTITUTION** shall be liable, solely and exclusively, for the loss and damage caused directly by its negligence, willful misconduct or bad faith, in everything related to the performance of its obligations under this **TRUST AGREEMENT** as long as such circumstance is definitely determined by a final resolution issued by a judge; ----------
(e) The **SECOND TRUSTEE** agrees without limitation to defend, indemnify, and hold harmless the **FIDUCIARY INSTITUTION**, its subsidiaries, affiliates and related companies, as well as its corresponding officers, directors, employees, agents and advisors, from any and all claims, demands, penalties, causes of action, fines, liabilities, settlements, damages, costs or expenses of whatever kind or nature, known or unknown, foreseen or unforeseen, contingent or otherwise (including, without limitation, reasonable attorneys' fees and expenses) as a result of or incurred in connection with this **TRUST AGREEMENT** except for any liability arising by the negligence, willful misconduct or bad faith of the **FIDUCIARY INSTITUTION**; --------------------------------------------------
(f) The **SECOND TRUSTEE** shall be liable for the payment of all taxes corresponding to the **TRUST ESTATE** and shall defend, indemnify, and hold the **FIDUCIARY INSTITUTION** harmless from the payment of any amounts to which the **FIDUCIARY INSTITUTION** may be bound by virtue of any such taxes of the **TRUST ESTATE**. The liabilities of the **SECOND TRUSTEE** set forth in the above paragraph (e) and in this paragraph (f) shall survive and remain in full force and effect even after the termination of this **TRUST AGREEMENT** or the resignation of the **FIDUCIARY INSTITUTION** as long as they may be demanded by any fiscal authority. --------------------------------------------
(g) The **FIDUCIARY INSTITUTION** will not be liable, either directly or indirectly, for the validity, value or enforceability of the **LOAN DOCUMENTS** or of any other agreements, documents, or instruments related thereto; ------------------------------------------
(h) The **TRUSTOR**, the **SECOND TRUSTEE** and the **FIRST TRUSTEE** agree and acknowledge that the **FIDUCIARY INSTITUTION** will have no liability (i) in the event the **TRUST ESTATE** or any portion thereof is expropriated, attached or confiscated; or (ii) for the default of its obligations hereunder due to causes or circumstance beyond its control;
------------------------------------------------------------------------------------------------
(i) The **FIDUCIARY INSTITUTION** will not be liable for acts or omissions of the **TRUSTOR**, the **SECOND TRUSTEE** or the **FIRST TRUSTEE** or any third party that

Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.



prevent or make it difficult to achieve the purposes of the TRUST; and ----------------------
(j) The TRUSTOR, the SECOND TRUSTEE and the FIRST TRUSTEE acknowledge that the FIDUCIARY INSTITUTION does not know or is required to know the content of the LOAN DOCUMENTS in order to perform its obligations pursuant to this TRUST AGREEMENT. ----------------------------------------------------------------------------

(k) No provision contained in this TRUST AGREEMENT shall relieve the FIDUCIARY INSTITUTION from the liability derived from its own negligence, its own negligent failure to act, or its own willful misconduct, as long as such circumstance is definitely determined by a final resolution issued by a judge; ------------------------------------------

(1) The FIDUCIARY INSTITUTION acknowledges that it shall not sell or transfer any or all of the TRUST ESTATE except as expressly provided in the TRUST AGREEMENT or expressly allowed by the FIRST TRUSTEE and the SECOND TRUSTEE acting jointly. The FIDUCIARY INSTITUTION shall not be allowed to sell any portion of the TRUST ESTATE to obtain money to pay its fees or amounts owed to it without the consent of the FIRST TRUSTEE and, prior to the FIDUCIARY INSTITUTION's receipt of a NOTICE OF DEFAULT, without the consent from the SECOND TRUSTEE, and any right of the FIDUCIARY INSTITUTION to receive money under this TRUST AGREEMENT shall be subordinated, except as provided in Clause Twelfth item 2.(b ), to the FIRST TRUSTEE's right to be paid in full any amount owed to it under the LOAN DOCUMENTS. ----------------------------------------------------------------------

--- The FIDUCIARY INSTITUTION shall act promptly upon the reception of instructions from the FIRST TRUSTEE as provided in this TRUST AGREEMENT, including without limitation, any instruction given by the FIRST TRUSTEE in accordance with the terms of the TRUST AGREEMENT, after the delivery of a NOTICE OF DEFAULT, without consulting or obtaining the consent of the SECOND TRUSTEE. The FIDUCIARY INSTITUTION shall be liable for any damage caused to the FIRST TRUSTEE for not complying properly with such instructions as provided in this TRUST AGREEMENT. --------------------------------------------------------------------------------

--- Prior written instructions from the FIRST TRUSTEE, as long as the SECURED OBLIGATIONS continue to be in effect, the FIDUCIARY INSTITUTION shall prepare and submit to the domicile appointed by the FIRST TRUSTEE, the statements of account setting forth the value of the TRUST ESTATE as well as any other movement carried out in relation to the TRUST AGREEMENT during such period. ----------------------------------

--- TENTH.- RESIGNATION AND SUBSTITUTION OF THE FIDUCIARY INSTITUTION. --------------------------------------------------------------------------------

(a) The FIDUCIARY INSTITUTION may be removed at any time by the FIRST TRUSTEE and SECOND TRUSTEE acting jointly, provided that the FIDUCIARY INSTITUTION is notified in writing of such removal with at least thirty (30) calendar days prior to the date on which its removal shall take effect, and provided also that within such thirty-calendar day term, a substitute FIDUCIARY INSTITUTION shall be appointed by the FIRST TRUSTEE and SECOND TRUSTEE and such substitute FIDUCIARY INSTITUTION shall accept its appointment to act as FIDUCIARY INSTITUTION hereunder; provided however that, after the delivery of a NOTICE OF DEFAULT, the consent of the SECOND TRUSTEE shall not be required to remove and appoint a substitute FIDUCIARY INSTITUTION. ----------------------------------------------

(b) The FIDUCIARY INSTITUTION may only resign to its appointment in the event referred to in Article 391 of the General Law of Credit Instruments and Transactions, provided that the latter sends a written notice to the FIRST TRUSTEE and the SECOND TRUSTEE regarding its intention to resign, with at least sixty (60) calendar days prior such resignation and provided further that the FIDUCIARY INSTITUTION shall not be released of its appointment hereunder until a substitute FIDUCIARY INSTITUTION is appointed as provided by the above item (a) and such substitute has accepted such appointment in writing. --------------------------------------------------------------------

(c) Any substitute FIDUCIARY INSTITUTION shall have the same rights and obligations as the FIDUCIARY INSTITUTION hereunder and shall be deemed as the "FIDUCIARY INSTITUTION" for all purposes of this TRUST AGREEMENT. ---------

(d) If the FIDUCIARY INSTITUTION shall cease to act as pursuant to this Clause TENTH, the FIDUCIARY INSTITUTION shall prepare account reports and all other information regarding the TRUST ESTATE and deliver it to the FIRST TRUSTEE and the SECOND TRUSTEE at least thirty (30) days prior to the date on which its removal or resignation shall take effect. ------------------------------------------------------------

(e) All costs and expenses relating to the removal and appointment of a substitute

**FIDUCIARY INSTITUTION** shall be payable by the **SECOND TRUSTEE.** --------------
--- **ELEVENTH. - ADDITIONAL GUARANTEES; IRREVOCABLE POWER OF
ATTORNEY IN FAVOR OF FIRST TRUSTEE.** -------------------------------------------
(a) The **SECOND TRUSTEE** shall, at any time and from time to time, at its sole cost and
expense, promptly execute and deliver all further instruments and documents, and take all
further action, that may be necessary or desirable, or that the **FIRST TRUSTEE** and/or the
**FIDUCIARY INSTITUTION** may request, in order to **(i)** perfect, protect and maintain
any transfer made or intended to be made and/or security interest granted or intended be
granted in accordance with this **TRUST AGREEMENT**; **(ii)** allow the **FIDUCIARY
INSTITUTION** to grant in favor of the **FIRST TRUSTEE** a mortgage in favor over the
**REAL ESTATE** as provided in the **LOAN DOCUMENTS** and **(iii)** enable the **FIRST
TRUSTEE** to exercise and enforce its rights and remedies hereunder with respect to the
**TRUST ESTATE** or any portion thereof, including to carry out or cause the taking of any
actions and/or initiate all and any proceedings that are necessary or convenient in order for
the **FIDUCIARY INSTITUTION** (pursuant to and in accordance with the written
instructions of the **FIRST TRUSTEE**) to carry out the executive and out of court sale of
the **TRUST ESTATE** (or any portion thereof) in accordance with the procedure set forth
herein. ----------------------------------------------------------------------------------------
As a means to comply with the obligations of the **SECOND TRUSTEE** referred to in
paragraph (a) of this Clause, the **SECOND TRUSTEE** hereby grants in favor of the
**FIRST TRUSTEE** (to be exercised directly by the **FIRST TRUSTEE** and/or by
delegation thereof to any of its legal representatives) a special irrevocable power of
attorney, as full as permitted by applicable law, so that the **FIRST TRUSTEE** may, in the
name and on behalf of the **SECOND TRUSTEE**, execute and deliver all further
instruments and documents, and take all further action, that may be necessary or desirable,
or that the **FIRST TRUSTEE** and/or the **FIDUCIARY INSTITUTION** may request, in
order to **(i)** perfect, protect and maintain any transfer made or intended to be made and/or
security interest granted or intended to be granted in accordance with this **TRUST
AGREEMENT**; and **(ii)** enable the **FIRST TRUSTEE** and the **FIDUCIARY
INSTITUTION** to exercise and enforce their rights and remedies pursuant to this **TRUST
AGREEMENT** and/or the applicable law with respect to the **TRUST ESTATE** or any
portion thereof, as well as to carry out or cause the taking of any actions and/or initiate all
and any proceedings, court or out of court, that are necessary or convenient so that the
**FIDUCIARY INSTITUTION** may carry out the executive and out of court sale of the
**TRUST ESTATE** (or any portion thereof) in accordance with the procedure set forth
herein. In addition, and with respect to the procedure for the out of court sale and
distribution of the **TRUST ESTATE** as set forth in Clause TWELFTH the **FIRST
TRUSTEE**, on behalf of the **TRUSTOR and SECOND TRUSTEE**, will empower the
**FIDUCIARY INSTITUTION** to make, on behalf of the **TRUSTOR** and the **SECOND
TRUSTEE**: (y) the same representations and warranties made by the **TRUSTOR** and the
**SECOND TRUSTEE** with respect to the property and/or title to the **TRUST ESTATE** (or
any portion thereof), as well as with respect to the liability of the corresponding
**TRUSTOR** or **SECOND TRUSTEE** relating to the disencumbrance in case of eviction in
accordance with Clause SEVENTEENTH; and (z) any other representations and warranties
(other than those described in sub-item (y) above) made by the **TRUSTOR** and **SECOND
TRUSTEE** with respect to the **TRUST ESTATE** (or any portion thereof) in accordance
with this **TRUST AGREEMENT**, and the **LOAN DOCUMENTS**. The **TRUSTOR** and
the **SECOND TRUSTEE** acknowledge and agree that the special irrevocable powers of
attorney granted in favor of the **FIRST TRUSTEE** pursuant to this Clause are granted as a
means to comply with the obligations specifically identified and assumed by the
**TRUSTOR** and the **SECOND TRUSTEE**, and are therefore irrevocable in terms of article
2596 of the Federal Civil Code, and the corresponding Civil Codes for the States of the
Mexican Republic and for the Federal District. ---------------------------------------------------
------------------------------------- **SPECIAL CLAUSE** -------------------------------------

----------------------- **OUT OF COURT SALE AND DISTRIBUTION** --------------------
---------------------------------------- **OF THE TRUST ESTATE** ---------------------------------
--- **TWELFTH. - OUT OF COURT SALE AND DISTRIBUTION OF THE TRUST
ESTATE.** ----------------------------------------------------------------------------------------------
--- Pursuant to article 83 of the Credit Institutions Law and article 403 of the General Law
of Credit Instruments and Transactions, the parties to this **TRUST** hereby expressly and
irrevocably agree the following process of enforcement of the guarantee upon the **TRUST**

Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

ESTATE created under this **TRUST AGREEMENT**: --------------------------------------------
(a) The **FIRST TRUSTEE** shall notify in writing to the **FIDUCIARY INSTITUTION** the **DEFAULT NOTICE** and the **LIQUIDATION NOTICE**. -------------------------------
(b) Upon receipt by the **FIDUCIARY INSTITUTION** of **NOTICE OF DEFAULT**, followed by an **ORDER TO LIQUIDATE**, the **FIDUCIARY INSTITUTION** shall proceed to the liquidation or out of court sale of all or part of the assets and/or rights which integrate the **TRUST ESTATE**, in accordance with the procedures of this Clause. ----------
(c) The **FIDUCIARY INSTITUTION** shall give notice to the **SECOND TRUSTEE** (with copy to the **FIRST TRUSTEE**) indicating that it has received from the **FIRST TRUSTEE** the **NOTICE OF DEFAULT** and the **ORDER TO LIQUIDATE**, enclosing a copy of the documents received, therefore the execution of the guarantee shall be enforced ("**SALE NOTICE**"). ----------------------------------------------------------------------------------
--- The **SALE NOTICE** shall be served to the **SECOND TRUSTEE** as soon as possible, but in any event no later than five business day immediately after the date on which the **FIDUCIARY INSTITUTION** receives the **NOTICE OF DEFAULT** and the **ORDER TO LIQUIDATE**. ----------------------------------------------------------------------------------
(d) The **SECOND TRUSTEE** shall have a period of 5 (five) business days (the "**CURE PERIOD**"), from the date the **SECOND TRUSTEE** is deemed to receive the **NOTICE OF SALE** as provided in the notice of the section below, to **(i)** remedy and/or deliver evidence of compliance of the **SECURED OBLIGATIONS** that caused the event of default described in the **NOTICE OF SALE** and **ORDER TO LIQUIDATE**, and to provide indisputable written evidence to the **FIRST TRUSTEE** (with a copy to the **FIDUCIARY INSTITUTION**) that the event of default has been remedied within the time period required to do so and/or the obligations that caused such event of default have been fulfilled within the time period required to do so; and/or **(ii)** provide indisputable written evidence to the **FIRST TRUSTEE** (with a copy to the **FIDUCIARY INSTITUTION**) of the term extension or novation of the **SECURED OBLIGATIONS** that were the subject matter of the event of default in question (such notice, a "**CURE NOTICE**"). ----------------
If the **FIRST TRUSTEE** disagrees with the indisputable written evidence, the **FIRST TRUSTEE** shall notify the **FIDUCIARY INSTITUTION** and the latter shall continue with the out of court sale as instructed by the **FIRST TRUSTEE**. ------------------------------
(e) Each **ORDER TO LIQUIDATE, NOTICE OF SALE, CURE NOTICE, SUSPENSION NOTICE** (as defined below) and **CONTINUATION NOTICE** (as defined below) shall be made in writing to the corresponding parties, either **(i)** if they are related to the parties with a Mexican domicile to the domicile set forth in Clause Fifteenth and in the presence of a Mexican notary public authorized in Mexico or **(ii)** if they are related to parties without a Mexican address as set forth in CLAUSE FIFTEENTH below.
(f) The **FIRST TRUSTEE** will be entitled, at any time and by written notice to the **FIDUCIARY INSTITUTION** (each such notice, a "**SUSPENSION NOTICE**"), to instruct the FIDUCIARY INSTITUTION to suspend, in whole or in part, on the date and time it receives such **SUSPENSION NOTICE**, the procedure for the out of court sale and distribution of all or part of the **TRUST ESTATE** initiated pursuant to the corresponding **ORDER OF LIQUIDATION**, provided, however, that such suspension shall cease to be effective, in whole or in part, from the date the **FIDUCIARY INSTITUTION** receives in writing from the **FIRST TRUSTEE** one or more instructions (each of such notice, a "**CONTINUATION NOTICE**") instructing the **FIDUCIARY INSTITUTION** to continue, in whole or in part, with the suspended procedure for the out of court sale and distribution of the **TRUST ESTATE** that had been suspended. --------------------------------
--- Once the **FIDUCIARY INSTITUTION** receives the corresponding **CONTINUATION NOTICE**, it shall immediately continue with the procedure for the out of court sale and distribution of all or part of the **TRUST ESTATE** in accordance with this Clause and the **CONTINUATION NOTICE**. --------------------------------------------------------
(g) In the event the **SECOND TRUSTEE** has not remedied the event of default described in the corresponding **NOTICE OF SALE**, within the **CURE PERIOD** and in the manner described in paragraph (d) above, then the **FIDUCIARY INSTITUTION** shall, as instructed by the **FIRST TRUSTEE**, proceed immediately with the out of court sale and/or distribution of all or any portion of the assets and/or rights that integrate the **TRUST ESTATE**, as specifically designated by the **FIRST TRUSTEE** in the **ORDER TO LIQUIDATE** (hereinafter, any assets and/or rights so designated, the "**DESIGNATED ASSETS**"); in accordance with the following: -------------------------------------------------
1. With respect to the **DESIGNATED ASSETS**, the **FIDUCIARY INSTITUTION** shall, if so instructed by the **FIRST TRUSTEE** in the corresponding **ORDER TO**

LIQUIDATE, and acting based on the advise of counselors designated by the **FIRST TRUSTEE**, and/or through the brokerage agency as instructed by the **FIRST TRUSTEE** shall carry out the following procedure: -----------------------------------------------------------------

(a) The **FIDUCIARY INSTITUTION** shall obtain from an authorized credit institution of recognized standing in Mexico (other than the **FIDUCIARY INSTITUTION** or any Affiliate thereof), or from an authorized public broker standing in Mexico, indicated in writing by the **FIRST TRUSTEE**, an appraisal of the **DESIGNATED ASSETS** which shall serve as the **BASE PRICE** in connection with the sale thereof (the "**BASE PRICE**").

(b) The **FIRST TRUSTEE** shall, in its sole and absolute discretion, deliver to the **FIDUCIARY INSTITUTION** a written notice (the "**NOTICE OF POTENTIAL BUYERS**") containing a list with the names, domiciles, telephone and fax numbers of the persons identified by the **FIRST TRUSTEE** as **POTENTIAL BUYERS** of the **DESIGNATED ASSETS**, which may include any affiliate of the **FIRST TRUSTEE** (collectively, the "**POTENTIAL BUYERS**"). Notwithstanding anything in this **TRUST AGREEMENT**, the **SECOND TRUSTEE** or any of its affiliates shall be permitted to act as **POTENTIAL BUYERS**. Within 5 (five) business days following receipt by the **FIDUCIARY INSTITUTION** of the **NOTICE OF POTENTIAL BUYERS**, but in any event within at least 15 (fifteen) business days before the scheduled date for the private auction, the **FIDUCIARY INSTITUTION** shall privately call (each, a "**CALL**") the **POTENTIAL BUYERS** for the sale in a private auction of the **DESIGNATED ASSETS**, using the form provided by the **FIRST TRUSTEE**. The **CALL** shall indicate the location and time at which the auction will take place, the **BASE PRICE**, and shall indicate that the auction is a result of the foreclosure procedure of the **TRUST ESTATE** under the terms of this **TRUST AGREEMENT**. -----------------------------------------------------------------

--- The parties hereby agree that the **FIRST TRUSTEE** (directly or through the person or persons designated by the latter) shall at all time have a preferential right to acquire the **DESIGNATED ASSETS** (or any part thereof). Each Call shall disclose the **FIRST TRUSTEE'S** preferential right in the terms set forth herein, unless the **FIRST TRUSTEE** expressly waives such right, through written notice to the **FIDUCIARY INSTITUTION**. For the purposes of this item 1 (B), the term "preferential right" means that at any time prior to or during the private auction, the **FIRST TRUSTEE** (directly or through the person or persons designated by the it) shall have the right to acquire from the **FIDUCIARY INSTITUTION** the DESIGNATED ASSETS (or any part thereof), at a price (the "**APPLICABLE PRICE**") which is **(i)** equivalent to the **BASE PRICE** (or, in case the **FIRST TRUSTEE** exercises its preferential right to acquire only part of the **DESIGNATED ASSETS**, a percentage of the **BASE PRICE** equal to the part of the **DESIGNATED ASSETS** to be acquired by the **FIRST TRUSTEE**), in case such right is exercised prior to the respective auction; or **(ii)** at least equal to the highest bid price offered, if any, by any participant in the auction, in case such right is exercised during the respective auction, in either case, minus (y) any principal amount, interest, commissions, considerations, income taxes, withholdings, Additional Fee, real estate acquisition taxes or any other taxes or amounts owed and unpaid to the **FIRST TRUSTEE** in connection with the **SECURED OBLIGATIONS** and the **LOAN DOCUMENTS**; and (z) all costs and expenses incurred by, and other amounts owed, to the **FIRST TRUSTEE** in connection herewith and with the sale and distribution of the **TRUST ESTATE** in both cases as certified by the **FIRST TRUSTEE** (such resulting amount, the "**OUTSTANDING AMOUNT**"). The preferential right conferred to the **FIRST TRUSTEE** hereunder may be exercised by the aforementioned (directly or through the person or persons designated by it) at any time prior to or during the corresponding private auction, by delivering a written notice (the "**EXERCISE NOTICE**") to the **FIDUCIARY INSTITUTION** (with a copy to the **SECOND TRUSTEE**). In case the **FIRST TRUSTEE** (directly or through the person or persons designated by it) exercises its preferential right by delivering the **EXERCISE NOTICE**, and **(i)** the **OUTSTANDING AMOUNT** exceeds the **APPLICABLE PRICE**, the corresponding **DESIGNATED ASSETS** shall be transferred to the **FIRST TRUSTEE** (or the person or persons designated by it), without any payment by the **FIRST TRUSTEE**; provided; however, that, if the **DESIGNATED ASSETS** identified in the **NOTICE OF SALE** include all of the **TRUST ESTATE** and the **OUTSTANDING AMOUNT** of all of the **TRUST ESTATE** exceeds the **APPLICABLE PRICE**, subject to the **FIDUCIARY INSTITUTION** receiving the **SRE PERMIT** as defined below, at the request of the **FIRST TRUSTEE**, the **FIDUCIARY INSTITUTION** shall amend the **TRUST AGREEMENT** to remove the **SECOND TRUSTEE** as a party to this **TRUST AGREEMENT** and to include the provisions set forth in Clause EIGHTEENTH, in which

Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

case the **FIRST TRUSTEE** shall remain the sole trustee under the **TRUST** and shall have the absolute right to instruct the **FIDUCIARY INSTITUTION** in accordance with applicable law and of the **SRE PERMIT** received, as the case may be. Notwithstanding the foregoing, any remaining **OUTSTANDING AMOUNT** shall continue to be due and payable in accordance with numeral 2 below and the **LOAN DOCUMENTS**; and **(ii)** if the **OUTSTANDING AMOUNT** does not exceed the **APPLICABLE PRICE**, the corresponding **DESIGNATED ASSETS** shall be transferred to the **FIRST TRUSTEE** (or the person or persons designated by it) and shall no longer form part of the **TRUST ESTATE**, and therefore part of this **TRUST**, provided that such **FIRST TRUSTEE** shall deliver to the **FIDUCIARY INSTITUTION** the difference between the **APPLICABLE PRICE** and the **OUTSTANDING AMOUNT**, to be applied in accordance with Clause TWELFTH (e) (2) below. -------------------------------------------------------------------

(c) In addition, the **CALL** shall provide that any interested **POTENTIAL BUYER** shall deposit with the **FIDUCIARY INSTITUTION** an amount at least equal to 10% (ten percent) of the **BASE PRICE**, in certificates of deposit issued by an authorized credit institution, at least 2 (two) business days prior to the date of the private auction (the "**DEPOSIT**"). No bid shall be admitted or considered valid unless the Deposit is made in the terms and within the period set forth above. The **FIDUCIARY INSTITUTION** shall close the sale, transferring the **DESIGNATED ASSETS** to the **POTENTIAL BUYER** (among the other **POTENTIAL BUYERS** who makes the highest bid, which shall in any case be equal to or greater than the **BASE PRICE** (the "**HIGHEST BIDDER**") as certified by the **FIRST TRUSTEE**, subject to the **FIRST TRUSTEE's** preferential right. ------------

(d) The **HIGHEST BIDDER** shall pay the bid price immediately by electronic transfer of funds credited immediately to the account indicated by the **FIRST TRUSTEE**, if the transfer of the **DESIGNATED ASSETS** is not consummated for causes attributable to the **HIGHEST BIDDER**, the **HIGHEST BIDDER** shall forfeit the **DEPOSIT** delivered to the **FIDUCIARY INSTITUTION** for the benefit of the **TRUST**. This paragraph (D) shall be transcribed in the **CALL**. ------------------------------------------------------------------

(e) In the event the **FIDUCIARY INSTITUTION** is unable to sell the **DESIGNATED ASSETS** in the first auction, it shall publish a second **CALL** in order to hold a second auction in which the minimum acceptable bid shall be the **BASE PRICE** reduced by 10% (ten percent). In the event the sale is not perfected by **FIDUCIARY INSTITUTION** in the second auction, the **BASE PRICE** shall be subsequently reduced in each subsequent auction by 10% (ten percent) of the next preceding **BASE PRICE** until the **DESIGNATED ASSETS** are sold; provided, however, that such sale price shall never be less than 50% (fifty percent) of the original **BASE PRICE**. The second or subsequent **CALLS** for the **DESIGNATED ASSETS** shall be subject to the provisions of paragraphs (B), (C), (D) and (E) of this item 1. -------------------------------------------------------------

2. In any event, the parties hereto expressly agree that the proceeds of the sale of the **DESIGNATED ASSETS** or any portion thereof, shall be applied in the following order, in accordance with the **FIRST TRUSTEE's** written instructions, without the need for any further requirement, court resolution or instruction of any kind: --------------------------------

(a) First, to the payment of any taxes, duties, levies, deductions or withholdings caused or levied in connection with this **TRUST AGREEMENT** or with the foreclosure procedure of the **TRUST ESTATE**, except for the real estate acquisition taxes, if any, payable under applicable law by any purchaser (other than the **FIRST TRUSTEE** or any Person designated by the **FIRST TRUSTEE** for such purpose) of the beneficiary rights or the **DESIGNATED ASSETS**, which shall be paid by such purchaser in accordance with applicable law; ------------------------------------------------------------------------

(b) Second, the balance, if any, shall be applied to the payment of all accrued but not paid costs and expenses incurred, and considerations, fees and expenses for services rendered, by the **FIDUCIARY INSTITUTION** and the amounts owed to it in connection with this **TRUST AGREEMENT**, or to those costs or expenses paid by the **FIDUCIARY INSTITUTION**; ------------------------------------------------------------------------

(c) Third, the balance, if any, shall be applied to the payment of costs and expenses (including, without limitation, fees and commissions, but without duplication of the costs and expenses described in item (ii) above) incurred in connection with the sale or other transfer of the **TRUST ESTATE**; -------------------------------------------------------------

(d) Fourth, the balance, if any, shall be delivered to the **FIRST TRUSTEE**, to the payment (in US Dollars) of costs and expenses (including, without limitation, fees, attorneys fees, investment bankers fees and commissions) incurred by **FIRST TRUSTEE**, and to the payment of interests on arrears, ordinary interests, principal, Additional Fee and any other

amounts (in that order) owed to **FIRST TRUSTEE** pursuant to the **SECURED OBLIGATIONS** or any other amounts due pursuant to the **LOAN DOCUMENTS** as certified by the **FIRST TRUSTEE**; and ------------------------------------------------------------
e) Lastly, the balance, if any, shall be delivered to the **SECOND TRUSTEE**. ---------------
3. The **SECOND TRUSTEE** hereby agrees to cooperate fully with the **FIDUCIARY INSTITUTION** and the **FIRST TRUSTEE** to carry out the foreclosure and out of court sale of the **TRUST ESTATE** (or any portion thereof) in accordance with the procedure set forth herein. The **SECOND TRUSTEE**, further agrees to do or cause to be done all such other acts as may be necessary or convenient to expedite such sale or sales of all or any portion of the **TRUST ESTATE** as contemplated herein, and to execute and deliver such documents and take such other action as the **FIDUCIARY INSTITUTION** (pursuant to the written instructions of the **FIRST TRUSTEE**) and/or the **FIRST TRUSTEE** deems necessary or advisable in order that any such sale is carried out in accordance with applicable law. ------------------------------------------------------------------------------------
4. Due to the fact that the **SECURED OBLIGATIONS** consist in part of monetary obligations denominated in US Dollars, in order to pay such **SECURED OBLIGATIONS**, (i) the proceeds of the out of court sale of the **TRUST ESTATE** or any portion thereof that are received in Pesos, and/or (ii) all amounts in Pesos deposited into the **TRUST**, will be (y) exchanged by **FIDUCIARY INSTITUTION** into US Dollars using the exchange rate offered by the **FIDUCIARY INSTITUTION** to the public, and the currency so exchanged shall be applied by the **FIDUCIARY INSTITUTION**, up to the resulting converted amount, to the payment of the **SECURED OBLIGATIONS** and other obligations denominated in US Dollars, if any, in the order set forth in item 2 above. ---------------------
5. Any and all costs and expenses (including, without limitation, fees and commissions) required to be incurred by the **FIDUCIARY INSTITUTION** in connection with the out of court sale and distribution of the **TRUST ESTATE** as set forth in this Clause TWELFTH shall be previously advanced by the **SECOND TRUSTEE** to the **FIDUCIARY INSTITUTION** or, to the extent the **SECOND TRUSTEE** fails to do so, may be advanced by the **FIRST TRUSTEE** or the latter may provide arrangements satisfactory to **FIDUCIARY INSTITUTION** for the payment of all such costs and expenses; provided, however, that any amounts so advanced by the **FIRST TRUSTEE** to the **FIDUCIARY INSTITUTION** in connection herewith shall also be secured by the **TRUST ESTATE** in accordance with this **AGREEMENT**, and therefore shall constitute, for all legal purposes, part of the **SECURED OBLIGATIONS**. ------------------------------------------------------------
--- In accordance with article 403 of the General Law of Credit Instruments and Transactions, the parties to the **TRUST**, including the **FIDUCIARY INSTITUTION**, **LOGAN MEXICO**, acting as the **TRUSTOR** and **SECOND TRUSTEE**, and the **FIRST TRUSTEE**, hereby acknowledge and sign the text contained in this Clause Twelfth (Special Clause) in addition to its execution signature at the end of this **TRUST AGREEMENT**, and hereby confirm its express consent and irrevocable instruction to the **FIDUCIARY INSTITUTION** to carry out the procedure for the out of court sale and distribution of the **TRUST ESTATE** as set forth in this Clause Twelfth. ----------------------
--- **LOGAN HOTELS AND RESORTS, MEXICO, S.A. de C.V., as TRUSTOR** --------
------------------------------------------------------------------------------------------------------
------------------------------------------------------------------------------------------------------
Signature: Illegible signature. ---------------------------------------------------------------------
By: Pablo Marcelo Moreno Oleas. -----------------------------------------------------------------
Title: Sole Administrator and Legal Representative -------------------------------------------
--- **LOGAN HOTELS AND RESORTS, MEXICO, S.A. de C.V., as SECOND TRUSTEE.** --------------------------------------------------------------------------------------
------------------------------------------------------------------------------------------------------
Signature: Illegible signature. ---------------------------------------------------------------------
By: Pablo Marcelo Moreno Oleas.-------------------------------------------------------------------
Title: Sole Administrator and Legal Representative -------------------------------------------

**LEHMAN BROTHERS HOLDINGS, INC., as FIRST TRUSTEE.** ------------------------
------------------------------------------------------------------------------------------------------
Signature: Illegible signature. ---------------------------------------------------------------------
By: Eduardo Eugenio Pizarro Suarez Villalobos. ------------------------------------------------
Title: Legal Representative ----------------------------------------------------------------------------
HSBC MEXICO, S. A., INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO HSBC, FIDUCIARY DEPARTMENT, ACTING AS FIDUCIARY

Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

INSTITUTION. --------------------------------------------------------------------------------
--------------------------------------------------------------------------------
Signature: Illegible signature. -----------------------------------------------------------
By: Claudia Gabriela Sanchez Rodriguez. ----------------------------------------------
Title: Fiduciary Institution Delegate --------------------------------------------------
--- THIRTEENTH. - ASSIGNMENTS. --------------------------------------------
(a) The **FIRST TRUSTEE** may assign or transfer, whole or part, of its rights hereunder to any third party, individual or entity, without requiring the prior consent of the **FIDUCIARY INSTITUTION** or **SECOND TRUSTEE** to perform such assignment or transfer. The **FIRST TRUSTEE** agrees to notify in writing any such assignment or transfer to the **FIDUCIARY INSTITUTION** and the **SECOND TRUSTEE** as soon as practicable, as well as to provide the complete name and contact information of such assignee or transferee. ----------------------------------------------------------------------
(b) The rights and obligations of the **SECOND TRUSTEE** (either as **TRUSTOR** or **SECOND TRUSTEE**) arising from this **AGREEMENT** may not be assigned or transferred by any of them without the prior written consent of the **FIRST TRUSTEE**. ----
--- FOURTEENTH. - AMENDMENTS. -----------------------------------------------
--- For everything set forth in the **TRUST**, this **AGREEMENT** may not be changed, amended or modified except in writing expressly stating such purpose and executed by the **SECOND TRUSTEE**, the **FIDUCIARY INSTITUTION**, and the **FIRST TRUSTEE**. --
--- FIFTEENTH. - NOTICES. ----------------------------------------------------------
Except for notices that require the formality to be delivered by Notary Public in Mexico in terms of clause TWELFTH, all other notices, demands and requests given or required to be given by, pursuant to, or relating to, this **TRUST AGREEMENT** shall be in writing. All notices shall be deemed to have been properly served if delivered: **(a)** personally, with acknowledgement of receipt; **(b)** by courier delivery, with acknowledgement of receipt; or **(c)** by facsimile followed by courier or personal delivery, with acknowledgement of receipt. All notices and instructions to **FIDUCIARY INSTITUTION** or among the parties shall be served at the following addresses and facsimile numbers, and shall be effective upon receipt or refusal to accept delivery as indicated in the with acknowledgement of receipt or in the receipt of such courier service, in the understanding that such communications remitted by facsimile the issuer party shall confirm the remittance and receipt of same by means of a telephone call to the individual and to the telephone number designated for such purpose ratifying the content of the instruction sent: ----------------------------------------------
--- To the **TRUSTOR** and **SECOND TRUSTEE**: -------------------------------------------
Logan Hotels and Resorts, Mexico, S. A. de C. V.
Ejido Km. 4, Arenal Cabos, Codigo Postal 23410, Cabo San Lucas, Los Cabos, Baja California Sur. -----------------------------------------------------------------------------
Telephone and facsimile: 52 (624) 1059242 ----------------------------------------------
Attention: Pablo Marcelo Moreno Oleas. ------------------------------------------------
--- To the **FIDUCIARY INSTITUTION**: ----------------------------------------------
Paseo de la Reforma No 156 piso 10, Col. Cuauhtemoc, C. P. 06500, Mexico, Distrito Federal. ---------------------------------------------------------------------------------
Telephone: 57216112 -----------------------------------------------------------------------
Facsimile: 57212943 ------------------------------------------------------------------------
Attention: Fiduciary Division ------------------------------------------------------------
To the **FIRST TRUSTEE**: ---------------------------------------------------------------:
--- **LEHMAN BROTHERS HOLDINGS INC.** ----------------------------------------
Address: 399 Park Avenue, New York, NY 10022, United States of America. ---------------
Attention: Massod Bhatti ------------------------------------------------------------------
Telephone: 212-526-6220 -----------------------------------------------------------------
Facsimile: 212-520-0130 -------------------------------------------------------------------
--- **HERRICK, FRINSTEIN LLP** ------------------------------------------------------
2 Park Avenue, New York, NY 10016, United States of America. ----------------------------
Attention: Paul Shapses, Esq. --------------------------------------------------------------
Facsimile.: 212-545-3443 -------------------------------------------------------------------
--- The **SECOND TRUSTEE** and the **FIRST TRUSTEE (i)** designate herein the individuals whose names and signatures appear in the document attached hereto as **Exhibit "B"** and **Exhibit "C"**, respectively, and are added to my protocol appendix with the same number as the deed and under the letters **"F"** and **"G"** as the persons authorized to provide instructions to the **FIDUCIARY INSTITUTION** for everything relating to, and in accordance with the terms set forth in this **AGREEMENT**, and the **FIDUCIARY**

**INSTITUTION** is hereby authorized to act in accordance with any instructions so provided by any such individuals in accordance with the terms expressly set forth in this **TRUST AGREEMENT**, and (ii) hereby release the **FIDUCIARY INSTITUTION** of any liability that may arise from the transmission of such instructions. The foregoing, in the understanding that the **FIDUCIARY INSTITUTION** shall not be bound to verify the authenticity of such instructions or communications or to verify the identity of the sender or the confirmer, therefore the parties hereby expressly accept to be bound by the terms of any such instruction or communication that may be sent on their behalf and accepted by the **FIDUCIARY INSTITUTION** as provided herein. ------------------------------------------------
--- Notwithstanding the foregoing, the **FIDUCIARY INSTITUTION** shall have the faculties, at its discretion, in case of reasonable suspicion or cause, to act or refrain from acting and/or to request confirmation of any instructions received by the parties hereto in accordance with this **AGREEMENT**, on the understanding that the **FIDUCIARY INSTITUTION** shall notify in writing such circumstance to the party sending such instruction and request a confirmation thereof. ---------------------------------------------------
--- In the event any instruction is not signed and / or may not be confirmed by the **FIDUCIARY INSTITUTION** as contemplated in this clause, the parties hereby expressly instruct the **FIDUCIARY INSTITUTION** not to act upon such instructions. ----------------
--- **SIXTEENTH. EXHIBITS AND HEADINGS.** All documents attached hereto or to which reference is made herein are hereby incorporated by reference into and shall be deemed part of this **TRUST AGREEMENT**. The headings contained in this **TRUST AGREEMENT** are for convenience only and shall in no way define, limit or describe the scope or intent (or otherwise affect the construction) of any provision in this **AGREEMENT**. ---------------------------------------------------------------------------
--- **SEVENTEENTH. - DISENCUMBRANCE IN CASE OF EVICTION** ----------------
(a) The **TRUSTOR** shall without limitation, be and remain solely liable and responsible before the **FIDUCIARY INSTITUTION**, the **FIRST TRUSTEE** and any third party that acquires an interest in the **TRUST ESTATE** (or any portion thereof) pursuant to the procedure for the out of court sale and distribution of the **TRUST ESTATE** set forth in Clause Twelfth, regarding the disencumbrance in case of eviction of the **TRUST ESTATE** or any portion thereof as provided for under the Mexican laws. --------------------------------
(b) The **TRUSTOR** shall be liable for the disencumbrance in case of eviction in accordance with the applicable law regarding the properties subject matter of this **TRUST** authorizing the **FIDUCIARY INSTITUTION** to bound it before the third parties that acquire the **TRUST ESTATE** or any portion thereof according to the out of court sale and distribution procedure of the **TRUST ESTATE** in accordance with Clause Twelfth or any other. In any case the **TRUSTOR** shall indemnify and hold the **FIDUCIARY INSTITUTION** harmless from any controversy, damage, prejudice or disbursement that might arise regarding the already mentioned under the terms of this contract; therefore the parties expressly release the **FIDUCIARY INSTITUTION** from such liability. --------------------------------------------
--- **EIGHTEENTH. - SRE PERMIT** ----------------------------------------------------
--- As instructed by the **FIRST TRUSTEE**, and without obtaining the consent of the **SECOND TRUSTEE**, and regardless of whether an event of default has occurred under the **LOAN DOCUMENTS**, the **FIDUCIARY INSTITUTION** shall file, through the agent appointed by the **FIRST TRUSTEE**, with the **SRE** on behalf of the **TRUST** a request for authorization pursuant to section 11 and 12 of the FIL to authorize the **FIRST TRUSTEE** to use and develop the **REAL ESTATE** (the "<u>**SRE PERMIT**</u>"). The **SECOND TRUSTEE** shall execute all the documents requested by the **FIDUCIARY INSTITUTION** for the **SRE PERMIT** and shall promptly provide all information needed by the **FIDUCIARY INSTITUTION** to make the required filing. The **SECOND TRUSTEE** shall pay for all costs associated with the **SRE PERMIT**, including reasonable attorneys cost of both the **FIDUCIARY INSTITUTION** and the **SECOND TRUSTEE**, and the agent's fees. Promptly after the **SRE PERMIT** is obtained by the **FIDUCIARY INSTITUTION**, the parties hereby agree to modify this **TRUST AGREEMENT** as follows: -------------------------------------------------------------------------------------------
(a) The purpose of the **TRUST** shall include the right of the **FIRST TRUSTEE** to use and develop the **REAL ESTATE** after a **NOTICE OF DEFAULT** is delivered as provided herein or to be the sole beneficiary of the **TRUST** as provided in Clause TWELFTH above.
(b) The amended **TRUST** shall include all statutory language in relation to the **SRE PERMIT**. ----------------------------------------------------------------------------------------
(c) All other provisions that the **FIRST TRUSTEE** may reasonably deem necessary to properly reflect its capacity to use and develop the **REAL ESTATE** after a **NOTICE OF**



Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

**DEFAULT** is delivered, as provided herein, or to be the sole beneficiary of the **TRUST** as provided in Clause TWELFTH above; and -----------------------------------------------------------
(d) Any of the conditions established by the **SRE**. -----------------------------------------------------
--- The following assumptions shall also be considered defaults of the **SECURED OBLIGATIONS** and the **LOAN DOCUMENTS**, unless they are expressly waived in writing as events of default by the **FIRST TRUSTEE** (the latter regarding the events of paragraphs (b) and/or (c) below): --------------------------------------------------------------
(a) The failure by the **SECOND TRUSTEE** to comply with its obligations under this Clause; --------------------------------------------------------------------------------------
(b) Denial of the **SRE PERMIT** in case it is required pursuant to FIL; and --------------------
(c) The failure to obtain the **SRE PERMIT** within 60 days after the **FIRST TRUSTEE** instructs the **FIDUCIARY INSTITUTION** to cause the **SRE PERMIT** filing to be made on behalf of the **TRUST**. ----------------------------------------------------------------------
If the **FIDUCIARY INSTITUTION** for any reason whatsoever does not obtain the **SRE PERMIT**, under the terms set in this Clause, it shall not be held liable in this respect. ------
--- **NINETEENTH. - REGISTRATION OF TRUST.** ----------------------------------------
The **SECOND TRUSTEE**, through the Notary Public or the Public Broker or through any person empowered for this purpose, shall be entrusted to file this **TRUST AGREEMENT** for its record with the Public Registry of Property and Commerce, corresponding to the Municipality of [San Jose del Cabo, Baja California Sur], within three (3) business days after the date of the execution thereof, previous payment of the corresponding fees. ---------
--- **TWENTIETH. - COUNTERPARTS.** -----------------------------------------------------
--- This **AGREEMENT** may be executed in several copies and shall be considered as an original, provided that all of them will constitute the same and only instrument. Should any provision in this **TRUST AGREEMENT** is considered illegal or partially unenforceable, in certain circumstances, said provision shall be modified only in the event that it may be necessary in order to become valid, or applicable in view of the circumstances, or shall be deleted from this **TRUST AGREEMENT**, as required by the circumstances, and this **TRUST AGREEMENT** shall be constructed and executed as if said provisions had been included in this instrument with such scope and modified application, or otherwise, as if it never had been included, as the case may be. -------------------------------------------------------
--- **TWENTY-FIRST. - SUPPLEMENTARY CONTRIBUTIONS.** ------------------------
Pursuant to the provisions of article 401 of the Law of Credit Instruments and Transactions, the value of the loss, damage or risks regarding the **TRUST ESTATE**, shall be at **SECOND TRUSTEE's** expense, and must allow the other parties to inspect them in order to verify its general state of preservation. --------------------------------------------------------
--- **TWENTY-SECOND. - GOVERNING LAW.** ---------------------------------------------
For everything related to the construction and performance of this **TRUST AGREEMENT**, the parties expressly submit themselves to the Laws and Courts of Mexico City, Federal District or of Baja California Sur at the election of the party filing the suit, and the parties hereby expressly waive any other jurisdiction which may correspond by reason of their present or any future domiciles, or by any other reason. ------------------------
--- **TWENTY-THIRD. -LABOR RELATIONS.** -----------------------------------------------
Neither the **FIRST TRUSTEE** nor the **FIDUCIARY INSTITUTION**, nor their representatives, fiduciary institution delegates, employees, proxies nor other employees shall have under any circumstance a labor relationship with the **SECOND TRUSTEE** or any person hired directly or indirectly by the **SECOND TRUSTEE**. The **SECOND TRUSTEE** agrees, without any limitation, to defend, indemnify, and hold the **FIDUCIARY INSTITUTION** harmless as well as the **FIRST TRUSTEE**, and their corresponding subsidiaries, affiliates and related parties, as well as their corresponding officers, directors, employees, agents and advisors, from any and all labor claims, demands, penalties, causes of action, fines, liabilities, settlements, damages, costs or expenses of whatever kind and any nature, known or unknown, foreseen or unforeseen, contingent or otherwise (including, without limitation, reasonable attorneys' fees and disbursements) arising out of or incurred in connection with this Clause. -------------------------------------------

-------------------------------------- **LEGAL CAPACITY** ---------------------------------------
--- **CLAUDIA GABRIELA SANCHEZ RODRIGUEZ**, Esq., credits her legal capacity as Fiduciary Institution Delegate of **HSBC MEXICO SOCIEDAD ANONIMA, INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO HSBC, FIDUCIARY DIVISION**, formerly **BANCO INTERNACIONAL, SOCIEDAD ANONIMA, INSTITUCION DE BANCA MULTIPLE, FIDUCIARY DIVISION**, with

the following instruments: ------------------------------------------------------------------------
--- a) FIDUCIARY INSTITUTION REPLACEMENT AGREEMENT executed by Banco de Altantico, Sociedad Anonima Institucion de Banca Multiple in liquidation, through its liquidator, the Institute Bank Saving Protection, represented herein by S. C., Sociedad Anonima de Capital Variable, as its attorney-in-fact, and HSBC Mexico, Sociedad Anonima, Institucion de Banca Multiple, dated June fourth of the year two thousand and four, evidencing that HSBC MEXICO SOCIEDAD ANONIMA, INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO HSBC, replaces BANCO INTERNACIONAL, SOCIEDAD ANONIMA, INSTITUCION DE BANCA MULTIPLE, in all of its fiduciary rights and obligations regarding the trusts enclosed to the agreement. -
--- From such agreement, a duly compared copy is enclosed to my appendix under the number five hundred and five and marked as letter "**H**". ----------------------------------------
--- **b)** Testimony of the public deed number two hundred and eighty nine thousand five hundred and thirty two, volume ten thousand six hundred and eighty six, dated July twenty ninth of the year two thousand and four, attested by TOMAS LOZANO MOLINA, Esquire, Notary Public number Ten in and for the Federal District, evidencing the nomination of the Fiduciary Institution Type "B" Delegate and the Powers of Attorney that "HSBC MEXICO SOCIEDAD ANONIMA, INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO HSBC" grants in favor of CLAUDIA GABRIELA SANCHEZ RODRIGUEZ, Esq., which I quote as applicable: *"... UNIQUE CLAUSE. "HSBC MEXICO" SOCIEDAD ANONIMA, INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO HSBC nominates the following, as FIDUCIARY INSTITUTION TYPE "B" DELEGATES:* ------------------------------------------------------------------------------
BRANCH.- DELEGATE.- SUPPORT DELEGATE.- PUEBLA.- MR. OCTAVIO GOMEZ MALDONADO.- MR. RAFAEL ANAYA HAMUE.- MS. FANNY BLEDL SAN ROMAN.- MERIDA.- MR. FRANCISCO JOSE VILLANUEVA.- MR. EDUARDO ERNESTO HUCHIM.- JORGE .- GAMBOA.- CANCUN.- MS. GLORIA INAIR LIZARRAGA.- MS. URANIA GUTIERREZ VAZQUEZ.- GARRIDO.- VERACRUZ.- MS. NORMA VERONICA OROZCO.- MR. ANGEL FRANCISCO VELASCO.- GONZALEZ.- GUEVARA.- VILLAHERMOSA / TUXTLA.- MS. PATRICIA ORDOÑEZ LEON.- MR. RICARDO ANIBAL MARTINEZ.- GONZALEZ.- MR. MANUEL CRUZ CORTES.- ACAPULCO.- MS. ROSALIA MATAMOROS LIMON.- METROPOLITAN.- MR. FEDERICO ZAMORA MEES.- MR. GUILLERMO GONZALEZ PEREZ.- MR. GERARDO FABIAN RUELAS.- MS. ALIL VANESA FLORES ESCALANTE.- MS. GABRIELA ORTEGA DE LASCURAIN.- MS. MARY CARMEN SANCHO RODRIGO.- MR. BENJAMIN GRANADOS SAINOZ.- GUADALAJARA.- MS. KARINA OLIMPIA GARIBAY.- MR. JAVIER BAÑUELOS ROSALES.- AYLON.- MS. MARIA FERNANDA NORIEGA.- MR. FERNANDO ENRIQUE VALDES.- CASTAÑEDA.- RODRIGUEZ.- QUERETARO / MORELIA.- MR. JOSE DIDIER JUAREZ MUÑOZ.- VALLARTA.- MR. ERNESTO FRAGOSO MONTAÑO.- MR. JUAN RAMIREZ PEÑA.- LEON.- MR. JOSE DE JESUS CAMARENA TAVERA.- MONTERREY.- MR. JORGE SADA DIAZ FLORES.- MS. MARIA DE LA LUZ LIMON ACOSTA.- SALTILLO.- MS. GABRIELA MARTINEZ GARZA.- TIJUANA.- MR. JOSE ANTONIO SOSA MAGOS.- CULIACAN.- MR. HECTOR MANUEL SOTELO.- MS. LORENA DEL REFUGIO.- INZUNZA.- MORALES MEDINA.- CIUDAD JUAREZ.- MR. JESUS ANTONIO AGUIRRE.- TAMAYO.- CHIHUAHUA.- MS. ABRIL ALICIA DOMINGUEZ.- MR. MANUEL ARMANDO MUÑOZ.- VALERA.- CALDERON.- HERMOSILLO.- MS. MARTHA SILVIA LUY SIERRA.- MR. LUIS RUBEN VALENZUELA MOLINA.- MEXICALI.- MR. JESUS LUCIO SOSA SOSA.- MR. CARLOS CAMOU IBARRA.- LA PAZ / LOS CABOS.- MR. MANUEL CRESPO ORTIZ.- MS. VANESA GARZA LOPEZ.- MS. CLAUDIA GABRIELA SANCHEZ.- RODRIGUEZ. --------------------------------------------
--- *Granting the faculties to such officers that are stated in article three hundred and ninety one of the General Law of Credit Instruments and Transactions as well as the necessary authority for the performance of execution of trusts, mandates and commissions that are described in article forty six of the Credit Institutions Law and for the execution and management of the analogue or related thereto, granting them the following faculties to be exercised individually:* ----------------------------------------------------------------------
--- *a) Trust constitution agreements.* --------------------------------------------------------------
--- *b) Partial or total extinguishment of trusts.* ----------------------------------------------------
--- *c) Conditioned deposits.* --------------------------------------------------------------------------
--- *d) Transactions of fiduciary institution replacement or amendments to the already*

Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

*mentioned agreements.* ------------------------------------------------------------------
*--- e) Assignment of rights and transfer of ownership transactions that need to be executed:* ------
*--- f) To appear at Notary Public acts where notices to debts are requested as a result of the execution of trusts.* ---------------------------------------------------------------
*--- g) To prepare letters to being the execution procedures of guarantee trusts.* --------------
*--- f) As well as any other act or procedure related to the fiduciary activity.* -----------------
*These faculties shall be as full as deemed necessary to carry out the transactions related to the management of trust agreements where the Institution acts as Fiduciary Institution, as well as in those mandates, mercantile commissions and deposits under management, custody or in guarantee of mercantile documents, on the account of third parties, and any other act, with the unique limitation that such faculties shall be exercised in relation to the acts and transactions mentioned in relation to the properties attached thereto.* --------------
*--- LIMITATIONS OF FIDUCIARY INSTITUTION TYPE "B" DELEGATES.* --------------
*--- Each transaction carried out by the already mentioned attorneys in fact shall be conditioned to the prior authorization in writing of an "A" FIDUCIARY INSTITUTION DELEGATE, which shall include, at least, the following information:* ------------------------
*--- a) Name of the parties granting the related legal act.* -------------------------------------
*--- b) Properties or rights subject matter of the transaction.* ---------------------------------
*--- c) Purposes or general characteristics of each agreements, and* ---------------------------
*--- d) Autograph signature of the Fiduciary Institution Delegate ...".* -------------------------
--- The legal existence of their represented is evidenced in the already mentioned instrument, as mentioned next: -------------------------------------------------------------
--- a) Public deed number two hundred and eighty seven thousand eighty hundred and eighty one, dated December sixteenth of the year two thousand and three, attested by TOMAS LOZANO MOLINA, Esq., Notary Public number ten in and for the Federal District, evidencing the legalization of the change of denomination of Banco Internacional Sociedad Anonima to HSBC Mexico Sociedad Anonima. -----------------------------------
--- A duly compared copy of such deed is enclosed to my appendix under number five hundred and five and marked with letter "I". ------------------------------------------------
--- c) With the written authorization from a Group "A" Delegate, to appear to the execution of this instrument; which I quote in full: "Mexico City, D. F., July 19, 2006.- Claudia Gabriela Sanchez, Esq.- PRESENT.- Ref.: Trust Number 229539.- In compliance with the power of attorney granted to your by public deed number 25,270, dated June 23, 2005, attested by Angel Gilberto Adame Lopez, Esq., Notary Public number 233 in and for the Federal District, you are authorized herein to appear to the execution of the legal acts described next, corresponding to the trust with the following characteristics: TYPE OF TRUST.- Transfer of Ownership and Irrevocable Guarantee.- PARTIES.- TRUSTOR AND SECOND TRUSTEE.- Logan Hotels and Resorts Mexico, S. A. de C. V.- FIRST TRUSTEE.- LEHMAN BROTHERS HOLDINGS INC.- FIDUCIARY INSTITUTION: HSBC Mexico, S. A., Institucion de Banca Multiple, Grupo Financiero HSBC, Fiduciary Division.- TRUST ESTATE: Real Estates.- SPECIFIC PURPOSE OF THE ACT TO BE PERFORMED: That the Fiduciary Institution receives the title of the real estate subject matter of the trust and to guarantee therewith a loan granted by the First Trustee to the Trustor, according to the characteristics and terms of such loan, such guarantee shall remain during the entire time that the trust is in full force and effect and if an event of default arises, to conduct the out of court execution procedure set forth in the agreement text. LEGAL ACTS TO BE PERFORMED: To execute the contract under public deed before the Notary Public number 17 in and for the city of Los Cabos, Baja California Sur.- This letter shall be in force for thirty business days, from the date of its issuance.- The authenticity and veracity of the information related to the legal acts to be conducted, evidenced in the application authorized herein, is the entire responsibility of the one who requested it and any amendment to the characteristics of the legal acts which performance is authorized herein, shall require a new letter supplementary to the power of attorney.- YOURS SINCERELY.- Illegible Signature.- ALMA YANET PEREGRINA MOTIEL.- FIDUCIARY INSTITUTION DELEGATE.- HSBC MEXICO, S. A. INSTITUCION DE BANCA MULTIPLE GRUPO FINANCIERO HSBC FIDUCIARY DIVISION." -----------
--- The original is enclosed in my appendix under the same number as this deed and under letter "H". ------------------------------------------------------------------------------
--- **CLAUDIA GABRIELA SANCHEZ RODRIGUEZ**, Esq., states under oath to tell the truth that her faculties have not been revoked or limited in any way, therefore she is vested with the legal capacity to appear to the execution of these acts. -----------------------------------

-------- Mister **PABLO MARCELO MORENO OLEAS** credits the legal existence of his represented and his legal capacity with the following documents: --------------------------------
-------- 1.- First testimony of the public deed number 1,422 (one thousand four hundred and twenty two), Volume 57 (fifty seven), dated March twenty third of the year two thousand and six, attested by the subscribing Notary Public, prior permit granted by the Foreign Affairs Secretariat Number 03000243, Docket number 200603000229, Folio 0K0H1PX2, dated February ninth of the year two thousand and six, and registered in the Public Registry of Property and Commerce of San Jose del Cabo, Baja California Sur, under the Electronic Mercantile Folio number 9112 (nine thousand one hundred and twelve), on April sixth of the year two thousand and six, which I quote next, as appropriate: "... CLAUSES... FIRST.- The appearing party, ALBERT ARTHUR EDMOND MAES, according to the permit granted by the Foreign Affairs Secretariat, which is inserted below, agrees to incorporate an open ended stock company, which shall be subject to the following:- BYLAWS.- CHAPTER FIRST.- DENOMINATION, CORPORATE OBJECT, DOMICILE AND TERM.- FIRST.- DENOMINATION.- The denomination of the corporation shall be "LOGAN HOTELS AND RESORTS, MEXICO", and shall always be followed by the words SOCIEDAD ANONIMA DE CAPITAL VARIABLE, or the initials S. A. DE C. V.- SECOND.- DOMICILE.- The corporation's domicile shall be in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, without any prejudice to the establishment of agencies or branches in any other place of the country or abroad and shall submit itself to the domiciles of choice in the contracts that it executes.- THIRD.- TERM.- The term of the corporation shall be for 99 (ninety nine) years.- FOURTH.- CORPORATE OBJECT.- The corporate object, enunciatively but not restrictively, shall be:- 1) To purchase, sell, lease, sublease, trade, manage, develop, construction and reconstruction of all kind of real estates, either inhabitancy; in condominium or single family houses, commercial or industrial; as well as all kind of public works; the urbanization, development and lot division of rustic or urban real estates; either of its property or of third parties, or under commission fee.- 2) To negotiate and be granted financing from credit institutions, for the urbanization, construction and promotion of all kind of real estates.- 3) The urbanization, lot division, constitution of condominium property systems, etc., of rustic or urban real estates.- 4) To perform, supervise or manage all kind of construction, buildings and all infrastructure works, as well as to develop, subdivide and provide all kind of services to the real estates, either on its own account or through third parties.- 5) To give advice, to conduct, on its own account or through third parties, the supervision, construction, repair, planning, manufacture, decoration and maintenance of all kind of buildings, houses and real estates in general; to be engaged in consulting activities for the construction industry on its own account or through third parties, in all its branches, as well as in the maintenance of all kind of real estates and gardens.- 6) The construction, design, commercialization, management, operation, development and establishment of all kind of real estates to be used as gardens, for cultivation, floriculture, planting, hotel industry, condominiums, golf courses, recreational and sports centers and, in general, the exploitation of all kind of real estates, either rustic or urban, on its own account or through third parties or by commission fee.- 7) The supervision and construction of dwelling places in complexes or private houses, of commercial and industrial buildings, warehouses, storehouses, urbanization of inhabitancy complexes or private houses, development of infrastructure, pavement, sidewalks, earthwork, trimmings, electrification, urban outfitting, machinery rental, heavy and light equipment, materials and raw materials sale for the construction industry, technical assistance for government, federal and municipal agencies, holdings and private individuals.- 8) To contract or subcontract preservation, construction and maintenance works in buildings.- 9) To lease heavy or light machinery needed to execute such works.- 10) To distribute or sell, on its own account or through third parties, heavy machinery, tools and materials for construction, services, advice, representation, management, consulting, commission fee and distribution thereof.... 11) To prepare and design all kind of projects and architectonic drawings related to construction.- 12) The purchase, sale, importing, exporting, leasing, subleasing, trading and commercialization of materials, products and items for construction and indoors & outdoors decoration - 13) The commercialization of all kind of business related to real estates, purchase, sale, leasing, commission agent and representative of companies established in Mexico or abroad, as well at national level.- 14) The research of prospects to invest and develop the real estate and tourism activity.- 15) Advice in the development of tourism and construction industries.- 16) To purchase, sell, lease, sublease, take under gratuitous loan, the production, in-bond manufacturing, commercialization, importing, exporting, transformation and assembly of

all kind of goods and products needed for the rendering of the services related to the Construction, Tourism or Real Estate Industry.- 17) Commission and sale of timesharing real estates.- 18) To acquire, alienate, manage, establish, install, transform, build, erect, use, dispose of, give or take under lease, trust or gratuitous loan, possess by any other legal instrument, all kind of real estates, real or personal rights, needed for its corporate object, inside and outside the Mexican Territory.- 19) Commission fee and brokerage of all kind of real estates... 20) To be part of other corporations with similar corporate objects, as well as to acquire stocks, shares, quotas, debentures of all kind of companies or corporations, to be part of them and to enter into a limited partnership.- 21) To issue, drawdown, endorse, accept, guarantee all kind of credit instruments.- 22) To encumber in any way allowed by the Law, to pledge or place a mortgage, on real or personal properties that are property of the corporation or that it possess by any legal instrument, for the transactions and activities that the Corporation performs and are comprised in its corporate object, being also able to act as pledge, mortgage or fiduciary broker of third parties, to establish jointly and severally debentures with them and to guarantee their acts and transactions.- 23) To request, acquire, alienate, encumber, use, exploit, register, give or take under lease, trust or gratuitous loan, and assign or dispose, through any legal instrument, of brands, trade names and communications, copyrights, patents, inventions, processes and all kind of licenses, permits, authorizations or franchises, either public or private, government or of private individuals, domestic or foreign; as well to execute all kind of contracts of technical assistance, technology transfer and use of trademarks and patents, in the Mexican Territory or abroad.- 24) To hire the necessary employees for the performance of the powers of attorney, commissions, services and all other activities corresponding to its corporate object.- 25) To establish branches, subsidiaries, agencies, warehouses, premises, storehouses, offices and representation agencies or correspondent offices of all kind in the Mexican Territory or abroad.- 26) To grant all kind of powers of attorney, to revoke and substitute them, either all or part thereof.- 27) In general, the negotiation and execution of any proceeding, contract or agreement of civil or mercantile nature that is useful, necessary or convenient for the faithful performance of its corporate object and purposes... The corporation shall not engage in activities that the Foreign Investment Law reserves for the State and for Mexican corporations with alien exclusion clause. It shall not engage in activities with specific regulation, without being granted the corresponding licenses and authorizations, as the case may be... CITIZENSHIP.- FIFTH.- CITIZENSHIP.- The citizenship of the corporation is MEXICAN, WITH ALIEN ADMISSION CLAUSE, therefore at this act the founding members agree with the United Mexican States government that: The current or future alien shareholders of the corporation shall be formally bound with the Foreign Affairs Secretariat to be considered as nationals in relation of the corporation's shares that they acquire or that they hold, as well as in relation to the properties, rights, concessions, shares or interests that the corporation might have, or the rights and obligations derived from the contracts where the own corporation is a party with the Mexican authorities, and shall not invoke the protection of their governments under the penalty of losing, for the benefit of the nation, the corporate shares that they had acquired... CHAPTER SECOND.- CAPITAL STOCK AND SHARES.- SIXTH. CAPITAL STOCK.- The capital stock is variable. The variable capital stock is unlimited. As provided by article 217 (two hundred and seventeen) of the Business Company Law, the Minimum Capital Stock of the Corporation shall be the amount of $50,000.00 MXP (FIFTY THOUSAND PESOS 00 / 100 MXP). The Minimum Capital Stock shall be susceptible of being increased or decreased by the favorable resolution of the Shareholders' Special Meeting, and all the minutes that evidence the corresponding resolution shall be legalized and registered in the Public Registry of Commerce. Regarding Minimum Capital Stock decrease, and once the contributions have been made after this act, it might be decreased without affecting the required limit provided by article 89 (eighty nine) of the Business Company Law and all the legal provisions related to this act shall be met. "The shareholders meeting might designate series of shares to represent the capital stock"... ... SEVENTH.- VARIABLE CAPITAL.- The Maximum Capital Stock authorized is unlimited. As provided by article 213 (two hundred and thirteen) of the Business Company Law, for Capital Stock increase and decrease in its variable part, no other formalities shall be required than those set forth in chapter eighth of the aforementioned law, therefore the capital stock increases and decreases in its variable part shall be made by the favorable resolution of the Shareholders' General Meeting, without the need to legalize the minutes where such resolution was recorded in order to take the corresponding legal effects, and such resolution shall be valid from the date when it was legally resolved... ... NINTH.-

SHARES PAR VALUE.- The Capital Stock shall be represented by registered shares with a par value of $500.00 (FIVE HUNDRED PESOS 00 / 100 MXP) each... Each share shall grant its holder the right to 1 (one) vote in the shareholders' meetings. The shares shall be undividable and shall be represented by temporary certificates or definite share certificates that shall cover one or more shares... The shares that represent the minimum fixed capital stock and the variable capital stock shall grant their holders equal rights and obligations... The temporary certificates of the definite share certificates shall be issued pursuant to the requirements set forth in articles 111 (one hundred and eleven), 125 (one hundred and twenty five), 126 (one hundred and twenty six) and others applicable of the Business Company Law. They shall bear the autograph signature of two members of the Board of Directors or of the Sole Administrator and the provision set in the following bylaws shall be printed or engraved... ... The Corporation shall keep a shares registration book as provided by article 128 (one hundred and twenty eight) of the Business Company Law. Such book shall comprise the names, citizenship and domicile of the shareholders as well as the number of shares that they own, stating the series number, class and other characteristics... CHAPTER FOURTH.- MANAGEMENT OF THE CORPORATION.- THIRTIETH.- MANAGEMENT OF THE CORPORATION.- The management of the Corporation shall be exercised by the Sole Administrator or by the Board of Directors integrated by the number of Directors determined by the Shareholders' Regular Meeting, which might or might not be shareholders of the Corporation and with the capacity of appointing Alternates... So that the Board of Directors might legally act, at least half of its members shall attend the meetings and their resolutions shall be valid when adopted by the majority of those being present. In case of even voting, when the board is integrated by more than two members, the chairman of the board shall have the decision with the casting vote. The Board of Directors shall meet at the corporate domicile or, as the case may be, in any other place specified in the call for the meeting within the Mexican Territory... If, as the case may be, the resolutions are unanimously adopted outside the board of directors' meeting by all of its members, for all the legal purposes they shall have the same validity as if adopted at the meeting, provided that they are confirmed in writing... The calls for board meetings might be made by any of the board of directors' members at least 5 (five) business days in advance to the date set to hold the corresponding meeting, as provided by clauses seventeenth and eighteenth of these Corporate Bylaws, in everything applicable... The minutes of the meetings of the Corporation's Board of Directors shall be prepared and transcribed to the corresponding minutes book of the Corporation and shall include the date, time and place of the corresponding meeting, the names of the holder or alternate directors being present; as well as the name of any other person that attended the meeting and the resolutions adopted, stating if such resolutions were adopted by unanimous vote or by the majority of votes of those being present. The minutes of the Board of Directors' meetings shall be subscribed by the persons who acted as chairman and secretary, respectively... THIRTY SECOND.- FACULTIES.- The Sole Administrator or the Board of Directors, as the case may be, shall have the legal representation of the company and shall perform all the acts needed for the compliance and development of the corporate object; with this purpose, the Sole Administrator or the Chairman of the Board of Directors, shall be vested, as provided by article 10 (ten) of the Business Company Law, as the case may be, with the fullest powers and faculties that are listed next:... 1.- To represent the Corporation with General Power of Attorney for Lawsuits and Collection, pursuant to the first paragraph of article 2554 (two thousand five hundred and fifty four) of the Federal Civil Code and its correlated in each and all the Civil Codes for the States of the United Mexican States, with all the general powers and even the special ones that require special clause as provided by article 2587 (two thousand five hundred and eighty seven) of the Federal Civil Code and its correlated in each and all the Civil Codes for the States of the United Mexican States... 2.- The proxy shall be vested with a full Power of Attorney for acts of administration as provided by the second paragraph of article 2554 (two thousand five hundred and fifty four) of the Federal Civil Code and its correlated in each and all the Civil Codes for the States of the United Mexican States, including enunciatively but not restrictively, the faculties to execute leases, gratuitous bailment, unsecured credit, works and service contracts as well as of any other kind... 3.- To represent the Corporation with full Power of Attorney to exercise Acts of Ownership as provided by the third paragraph of article 2554 (two thousand five hundred and fifty four) of the Federal Civil Code and its correlated in each and all the Civil Codes for the States of the United Mexican States, including enunciatively but not restrictively, faculties to execute all kind of contracts and acts, including those that might imply the disposition and encumbrance of real and personal

Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

properties of the corporation... 4.- Power of attorney to grant, subscribe, accept, underwrite, draw, guarantee, withdraw and endorse all kind of credit instruments, as provided by article Ninth and Tenth of the General Law of Credit Instruments and Transactions... 5.- The proxy might open, manage and cancel bank and securities accounts, make deposits and draw down from them and designate the people for the aforementioned purposes... 6.- Power of Attorney to grant general or special powers of attorney, within the scope of the powers and faculties that were granted by the Board of Directors of the Corporation; and power to revoke and grant them with or without substitution of faculties or with or without faculties to grant powers of attorney within the scope of the faculties granted by the proxies, being able to revoke any substitution of the powers granted... 7.- The proxy as legal representative shall have all the Management faculties in the labor area to attend representing the Corporation, as provided by articles 11 (eleven), 692 (six hundred and ninety two) items II and III (second and third), and 695 (six hundred and ninety five) of the Federal Labor Law, to execute all kind of conciliation agreements and to bind the company's compliance before Federal or Local Conciliation Boards inside or outside the State, as well as to attend Conciliation, Complaint and Defense, Proof Offering and Admission Hearings that might take place before Federal or Local Conciliation and Arbitration Boards, in the State of Baja California Sur or in any other Entity within the Mexican Territory, with faculties granted to conciliate, compromise and execute agreements with claimant workers, as well as to attempt all kind of labor type actions, to answer complaints, to file pleas, offer and adduce evidences, reply to interrogatories as legal representative, independently of being the Proxy of the Mandator, to plead, execute decisions, as well as to conduct the lawsuit in all its stages, without any restriction as provided by Articles 873 (eight hundred and seventy three) and 891 (eight hundred and ninety one) of the Federal Labor Law, and even to file an *Amparo* Trial, and in general, to represent the Corporation in all kind of labor type trials until their completion, as well as before any Labor Authority as provided by Article 523 (five hundred and twenty three) of the already mentioned Code of Laws, following all the legal and administrative procedures before all the official departments and agencies until their completion, as well as before the Trade Unions with which Collective Bargaining Agreements have been executed, and in all cases of conflict... 8.- To execute agreements with the Federal Government, as provided by items I (first) and IV (fourth) of the 27 (twenty seventh) Constitutional article... 9.- The proxy shall appoint and remove managers, assistant managers, agents and employees of the Corporation, determining their activities, work conditions and compensations... The activity of the sole administrator or holder and alternate directors of the board of directors is compatible with the activity of director or general manager or managers or assistant manager thereof... 10.- In addition, the proxy shall execute individual and collective bargaining agreements and shall participate in the preparation of Internal Work Regulations... 11.- To delegate on one or several alternate directors, or as the case may be, on a third party, the execution of one or several acts for concrete and specific cases stating their activities in order to exercise them according to the corresponding terms... 12.- To call for Shareholders' General Meetings, to execute their resolutions and, in general, to perform all the acts and transactions that might be needed or convenient for the purposes of the Corporation, with the exception of those expressly reserved under the law or by these Bylaws to the Meeting... THIRTY THIRD.- APPOINTMENT OF MANAGERS.- The Shareholders' General Meeting, the Sole Administrator or the Chairman of the Board of Directors shall appoint one or several directors, general or special managers, regardless if they are Shareholders of the Corporation or not, which might be revoked from their positions at any time by the meeting or by any of the aforementioned management entities, as the case may be. The directors and managers shall have the legal representation of the Corporation, according to the faculties that were specifically granted to them, understanding that in any case they shall only exercise their faculties and perform their activities as instructed by the Shareholders' General Meeting, the Sole Administrator or the Chairman of the Board of Directors... THIRTY FOURTH.- SUBSTITUTION OF THE MANAGEMENT ENTITY.- In absence of the Sole Administrator, or of one or more members of the Board of Directors, it (they) shall be substituted by the person(s) that the General Meeting elects, with the exception of the Chairman of the Board of Directors, which in case of being vacant, shall be substituted by its alternate, or as the case may be, by the person acting as Secretary of the Board at that time, who shall automatically be invested with the faculties granted to the Chairman under the terms described in the Thirty Second bylaw... ... TRANSITORY CLAUSES.- FIRST.- The shares that integrate the minimum capital stock have been completely subscribed and paid by the shareholders as follows: ...

SHAREHOLDERS:- SHARES.- VALUE.- LOGAN HOTELS AND RESORTS DEVELOPMENT COMPANY LIMITED.- 99 (NINETY NINE).- $49,500.00 MXP.- (NINETY NINE SHARES.- FORTY NINE THOUSAND FIVE HUNDRED PESOS 00/100 MXP).- ALBERT ARTHUR EDMOND MAES.- 01 (ZERO ONE).- $ 500.00 MXP (ONE SHARE.- FIVE HUNDRED PESOS 00/100 MXP).- TOTAL:- 100 (ONE HUNDRED).- $ 50,000.00 MXP (FIFTY THOUSAND PESOS 00/100 MXP), representing the Minimum Capital Stock.- Therefore, within the term set by the Law, ONE HUNDRED SHARES representing the minimum capital stock shall be issued, with a par value of $500.00 MXP (FIVE HUNDRED PESOS 00/100 MXP) each, i.e. the total amount of $50,000.00 MXP (FIFTY THOUSAND PESOS 00/100 MXP).- SECOND.- The shareholders; taking this attendance as the first Shareholder's Regular Meeting, adopted the following resolutions: I.- The corporation shall be managed by a SOLE ADMINISTRATOR, nominating PABLO MARCELO MORENO OLEAN as such, who individually or jointly with the Chief Executive Officer, shall have the legal representation of the corporation and shall represent the corporation in the execution of all the acts corresponding to the development and performance of its corporate objects, therefore he is invested with the fullest powers and faculties listed in the Thirty Second Bylaw, with the faculties limitations considered in items 2, 3, 4 and 5, which are detailed in the next paragraphs, and shall be considered as if literally quoted herein, the already mentioned for the legal purposes deemed convenient... Regarding the faculties of the full Power of Attorney for acts of administration and full Power of Attorney to exercise Acts of Ownership, set forth in items 2 and 3 of the Thirty Second bylaw, the Sole Administrator shall only make investments of any kind as well as the sale of real or personal properties of the company, with the express authorization in writing from LOGAN HOTELS & RESORTS DEVELOPMENT COMPANY LIMITED, through the person that legally represents it and / or Mister ALBERT ARTHUR EDMOND MAES, by written authorization, which in case of being granted abroad, shall bear the corresponding Apostille and the translation to Spanish language by an Expert Translator legally authorized by the competent authorities of the related place... The Sole Administrator shall have the Power of Attorney to grant, subscribe, accept, underwrite, draw, guarantee, withdraw and endorse all kind of credit instruments, as provided by article Ninth and Tenth of the General Law of Credit Instruments and Transactions, set forth in item 4 of the Thirty Second bylaw, provided that it does not exceed the amount of US$ 10,000.00 (TEN THOUSAND DOLLARS 00/100 LEGAL TENDER IN THE UNITED STATES OF AMERICA).- Regarding cash flow and bank accounts management, set forth in item 5 of the Thirty Second bylaw, the Sole Administrator might freely issue checks or dispose of any amount of money provided that it does not exceed the amount of US$ 10,000.00 (TEN THOUSAND DOLLARS 00/100 LEGAL TENDER IN THE UNITED STATES OF AMERICA) and, in the event of exceeding such amount, the check shall be jointly subscribed by the Sole Administrator and Mr. STEPHAN RATHIER... The exercise of the Sole Administrator nomination shall be subject to the condition that he is granted the corresponding migration permits from the State Secretariat, which shall be granted within a thirty day term.- III.- Mr. ALBERT ARTHUR EDMOND MAES is nominated CHIEF EXECUTIVE OFFICER, who jointly or separately with the Corporation's Sole Administrator, shall have the legal representation of the company, and shall have the social signature to execute the procedures related to the development and performance of the corporate objects, therefore he is invested with the fullest powers and faculties listed in the Thirty Second bylaw, which shall be considered completely reproduced herein as if literally quoted, for all the legal purposes deemed convenient.- The exercise of the Chief Executive Officer nomination shall be subject to the condition that he is granted the corresponding migration permits from the State Secretariat, which shall be granted within a thirty day term.- III.- Mister MACLOVIO COSTICH CORTEZ is nominated as Shareholders' Representative, who shall remain in office as long as he is not revoked, shall act as set forth in the corporate bylaws and shall have the faculties and obligations provided by articles 166 (one hundred and sixty six), 169 (one hundred and sixty nine) to 173 (one hundred and seventy three), 176 (one hundred and seventy six) and 177 (one hundred and seventy seven) of the Business Company Law.- THIRD.- It is certified herein that the Sole Administrator, the Chief Executive Officer and the Shareholders' Representative of this corporation accepted their positions and are exempted from securing their management as set forth in the Thirty Ninth bylaw, receiving a vote of confidence for the activities that they will perform. Nevertheless; such security might be set subsequently by the Shareholders' General Meeting...". --------------------------------------------------------------------------------

Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

-------- The original of such instrument is enclosed to my protocol under the number one thousand four hundred and twenty two. --------------------------------------------------------------
-------- 2.- First testimony of deed number one thousand eight hundred and ninety two, volume seventy eight, dated July eighteenth of the year two thousand and six, attested by the subscribing Notary Public, which comprises the legalization of the resolutions adopted outside the meeting by the unanimous approval of the shareholders, effective as of July fourteenth of the year two thousand and six, of the resolutions of the corporation "LOGAN HOTELS AND RESORTS, MEXICO", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, from which I quote the following, as appropriate: "... THIRD.- The appearing party, FERNANDO MANUEL GARCIA CAMPUZANO, as delegate of such resolutions, hereby certifies and sets forth in this instrument, the resolution adopted outside the meeting by the unanimous vote of the shareholders, where they approve the granting and effectively grant in favor of Mr. PABLO MARCELO MORENO OLEAS, the following Powers of Attorney:... ... B).- POWER OF ATTORNEY FOR ACTS OF ADMINISTRATION AND OWNERSHIP as provided by the second and third paragraphs of the already quoted article two thousand five hundred and fifty four (2554) of the Federal Civil Code and its correlated Articles of the Civil Codes in force for each of the States of the United Mexican States and the Federal District. This power of attorney shall be in force for 30 calendar days, which shall count from the legalization date thereof by a Notary Public...". ---------------------------
-------- The original of such deed is filed in my protocol under the number one thousand eight hundred and ninety two. -----------------------------------------------------------------------
-------- 3.- With the first testimony of deed number one thousand nine hundred and six, volume seventy nine; dated July twentieth of the year two thousand and six, attested by the subscribing Notary Public, which evidences the legalization of the Shareholders' Special Meeting, held on July twentieth of the year two thousand six, of the corporation "LOGAN HOTELS AND RESORTS, MEXICO", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, which I quote next, as applicable "... CLAUSES.- FIRST.- The SHAREHOLDERS' SPECIAL MEETING MINUTES of the corporation denominated "LOGAN HOTELS AND RESORTS, MEXICO", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, held on July twentieth of the year two thousand and six, is hereby LEGALIZED, in the form and terms that were transcribed.- SECOND.- The appearing party, FERNANDO MANUEL GARCIA CAMPUZANO, as delegate of such meeting, certifies and consigns in this instrument, the resolution unanimously adopted by the shareholders, unanimously approving to amend the corporate bylaws of the Corporation, under the terms of Exhibit "A" of this meeting, which has been inserted to the body of this deed and is reproduced in this clause, to remain, from this date onwards, as follows: EXHIBIT "A".- AMENDMENTS TO THE CORPORATION'S BYLAWS.- THE FOLLOWING CLAUSES OF THE CORPORATE BYLAWS ARE AMENDED AND ADDED, RESPECTIVELY, UNDERSTANDING THAT THE OTHER CLAUSES OF THE CORPORATE BYLAWS SHALL SURVIVE UNDER THEIR TERMS AND WITH FULL FORCE AND EFFECT.- FOURTH. The Corporation's object is: a) Subject to everything set in clause Fourth Bis, to perform all kind of activities related to financing, securing, purchase, possession, construction, sale, leasing, trading, operation, design, edification and commercialization of a tourism project in the real estate identified as Polygon "A" of the La Laguna Real Estate, located in the Cabo San Lucas District, Municipality of Los Cabos, Baja California Sur, Mexico, Real Estate registry number 402 – 013 – 0006, with an Area of 340 – 03 – 76.054 hectares (hereinafter referred to as the "Real Estate"), according to the Loan Agreement (as such term is defined below) to be executed between Lehman Brothers Holdings Inc. (hereinafter referred to as the "Lender") and the Corporation (hereinafter referred to as the "Project")- b). To executed with the Lender all kind of contracts and agreements related to the financing, loan collateral and third parties obligations, purchase, possession, construction, sale, leasing, trading, operation, design, edification and commercialization of the Project as set in the Loan Agreement (as such term is defined below) to be executed between the Corporation and the Lender on the Real Estate, including but not limited to the following contracts (hereinafter and as a whole identified as the "Loan Documents"). - 1. Loan Agreement to be executed between the Corporation and the Lender (the "Loan Agreement"). - 2. Promissory Note to be subscribed by the Corporation in favor of the Lender. - 3. Trust Agreement to be executed by the Corporation, the Lender and HSBC Mexico, S. A., Institucion de Banca Multiple, Grupo Financiero HSBC, Fiduciary Division. - 4. Pledge contract without transfer of possession to be executed between the Corporation and the Lender. - 5. Pledge contract of shares to be executed by the Corporation, Mr. Albert Arthur Edmond Maes, Logan International LLC

and the Lender. -6. Assignment of Lease and Rents to be executed by the Corporation in favor of the Lender. - 7. Environmental indemnity to be executed by the Corporation and Mr. Albert Arthur Edmond Maes in favor of the Lender. - 8. Omnibus Assignment to be executed by the Corporation in favor of the Lender. - 9. Post Closing Undertaking to be executed by the Corporation in favor of the Lender. - c). To obtain all kind of government permits and licenses to build, operate, commercialize, sell, lease, design, secure or possess the Project. - d). To sell, give or take under lease or sublease, dispose, commercialize or negotiate with all kind of real and personal properties developed in the Project. - e). To contract and subcontract, either directly or through third parties, all kind of services to design, build, urbanize, construct and commercialize the real or personal properties that might be developed, built, constructed and operated within the Project. - f). To contract and subcontract, either directly or through third parties, all kind of services for the proper operation of the real or personal properties that might be developed, built, constructed and operated within the Project. - g). To execute all kind of agreements, contracts and acts with any individual or corporation, either private or public, except Related Parties (as such term is defined in the Loan Agreement) with the corporation and under the guidelines of the Loan Agreement and Loan Documents. - h). To build and participate as trustor or trustee in the trust contract executed regarding the Real Estate, under the guidelines of the Loan Agreement and the Loan Documents. - i) To purchase building materials for the urbanization and construction of the real and personal properties that might be developed, built and constructed for the Project. - j). To issue debentures, underwrite and draw credit instruments, accept and endorse them in any way and, in general, to negotiate all kind of credit instruments provided that they are issued directly related to the corporate object of the Corporation. - k). To act as representative, commission agent or middleman of third parties, either individuals or corporations, domestic or foreign, exclusively for acts directly related to the Project. - l). To register, acquire, receive, possess and dispose, in any legal way, of licenses, concessions, trademarks, trade names, copyrights, inventions and patents and all kind of intellectual and industrial property, as well to execute technical assistance contracts. - m). To contract employees for the performance of its corporate object with outsourcing companies.---- **FOURTH BIS.-** Corporate object development and performance: The Corporation shall comply with the following provisions set forth in the Loan Agreement for the execution of any contract or agreement, understanding that any act performed that might infringe these provisions shall be considered beyond the Corporate object (*ultra vires)* and a breach of the Loan Documents. - (a). The Corporation shall not have any other assets or properties except for those allowed by the Loan Agreement and that are related to the Project, including the Real Estate and the rights and obligations derived from the Loan Documents. - (b). The Corporation shall no carry out any business other than the Project. - (c) The Corporation shall not perform any activity or execute any agreement with its Related Parties, as such term is defined in the Loan Agreement, except if such act is allowed and not prohibited by the Loan Agreement. - (d) The Corporation shall not secure its own obligations or incur in debts (either personal or unsecured, with or without collateral) other than the payments during its regular operation and derived from the design, construction, management and operation of the Project and that are considered in the Budget, as such term is defined in the Loan Agreement, and that do not exceed 60 (sixty) business days. - (e). The Corporation shall not make loans or payments in advance to any person; likewise, the Corporation shall not acquire debentures or shares from any Related Party, as such term is defined in the Loan Agreement. - (f). The Corporation at all times shall perform the necessary acts to comply with the corporate obligations and the obligations provided by the Mexican laws to preserve its existence. In addition, the Corporation shall not allow any of its Related Parties, as such term is defined in the Loan Agreement, to amend, modify or otherwise change the corporate contract, the corporate bylaws or any other incorporation instrument of the Corporation without the prior consent in writing from the Lender. - (g). Neither the Corporation's partners nor any Related Party, as such term is defined in the Loan Agreement, shall seek to wind up, liquidate, split or merge all or part of the Corporation without the prior consent in writing from the Lender. In addition, the Corporation shall not sell the materials or assets of the Corporation that are used for the Project development without the prior consent in writing from the Lender. - (h). The Corporation shall never combine its assets with those of third parties and shall always keep its assets in its own name. - (i). The Corporation shall not secure or be obligated by third parties debts, except for those debts derived from the Loan Agreement and the Loan Documents. - (j). The Corporation shall not pledge its assets for the benefit of any other Person, except as provided by the Loan Agreement and the Loan Documents. -

Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

(k). The Corporation shall not have employees or hire labor intermediaries. All its work force shall be subcontracted to outsourcing companies engaged in the rendering of employee services. - (l). The Corporation shall not have a share in the capital stock and shall not be a shareholder or partner of any other corporation. ---- **EIGHTH BIS.-** Notwithstanding everything provided in the preceding clauses, the Corporation shall not decrease or increase its capital stock without the prior consent in writing from the Lender. - ----- **ELEVENTH BIS.-** Notwithstanding everything provided in the preceding clause, the shareholders shall not alienate either all or part of their shares without the prior consent in writing from the Lender. ---- **TWELFTH BIS.-** Notwithstanding everything provided in the preceding clause, the shareholders shall not pledge, encumber, grant under trust or factoring, life rent, constitute in deposit or otherwise assign their corporate or proprietary rights on the shares they own without the prior consent in writing from the Lender and as provided by the Loan Documents. ---- **THIRTEENTH BIS.-** Notwithstanding everything provided in the preceding clause, the shareholders shall not exercise their withdrawal right without the prior consent in writing from the Lender.---- **SEVENTEENTH.-** The call for shareholders' meetings shall be published in any newspaper with wide distribution in the Corporation's domicile and a copy in writing shall be submitted to the Lender, or the shareholders shall be notified by telex, fax or letter with acknowledgement of receipt, at least 15 (fifteen) calendar days in advance to the date set to hold the meeting, and it shall include the day, time, meeting place and the list of matters to be discussed. When one hundred percent of the shareholders are present, the meeting shall be considered valid even without prior call for a meeting, provided that the Lender has been notified thereof with 20 (twenty) days in advance, except if the Lender grants a lower term in writing. - The shareholders acknowledge that the Lender shall have the faculty to call for shareholders' meetings. ---- **EIGHTEENTH.-** The Corporation's shareholders shall not adopt resolutions outside the meeting. ---- **TWENTY FIRST.-** The shareholders might be represented at the shareholders meetings by proxies, who might belong or not to the Corporation. The representation shall be granted in writing by means of a simple power of attorney. The shareholders shall not be represented by members of the Board of Directors, by the Sole Administrator or by the Shareholders' Representative. Notwithstanding the aforementioned, as provided by the Pledge Contract of Shares executed between the Lender, the Corporation and the Shareholders (the "Pledge Contract"), the Lender shall have the right to participate in the shareholders' meetings as a shareholder and shall vote in relation to the shares granted as pledge on behalf of the Shareholders. ---- **TWENTY FOURTH BIS.-** Notwithstanding everything provided in the preceding clause, in the cases set forth in the Pledge Contract, the resolutions of the shareholders' regular meetings shall need the approval in writing from the Lender. ---- **TWENTY FIFTH BIS.-** Notwithstanding everything provided in the preceding clause, in the cases set in the Pledge Contract, the resolutions of the shareholders special meetings shall require the approval in writing of the Lender. - **THIRTIETH BIS.-** The members of the Board of Directors or the Sole Administrator and the Chief Executive Officer shall be responsible, before the Lender, for any act performed by the Corporation under their supervision that might infringe the Loan Agreement and the Loan Documents and shall adopt the necessary actions to ensure that the Corporation shall comply with the obligations set therein. Notwithstanding the aforementioned, the members of the Board of Directors or the Sole Administrator and the Chief Executive Officer shall not be liable before the Lender for those acts where such officers acted in good faith or in case of Acts of God or force majeure. ---- **THIRTY FOURTH BIS.-** Notwithstanding everything provided in the preceding Clause, the members of the Board of Directors and, as the case may be, the Sole Administrator, shall not be substituted without the prior consent in writing from the Lender. ---- **THIRTY FIFTH BIS.-** Notwithstanding everything provided in the preceding Clause, the shareholders' representative or representatives of the Corporation shall not be substituted without the prior consent in writing from the Lender. ---- **FORTY SECOND BIS.-** Copy of the statements and of the financial information mentioned in the preceding clause shall also be submitted to the Lender. ---- **FORTY THIRD BIS.-** A copy of the Shareholders' representative report mentioned in the preceding clause shall also be submitted to the Lender. ---- **FORTY SEVENTH BIS.-** The shareholders shall not adopt resolutions in relation to any matter related to the winding up and liquidation of the Corporation without the prior consent in writing from the Lender. ---- **FIFTY FOURTH.- JURISDICTION.-** The Courts of the Corporation's domicile shall be the only competent to mediate and enforce these Corporate Bylaws. For this purpose, the Shareholders, the Sole Administrator or the Members of the Board of Directors, the Shareholders' Representatives and other

officers of the Corporation, expressly submit themselves to the jurisdiction of such courts to resolve any dispute that might arise between them and the Corporation, expressly waiving any other jurisdiction to which they might be entitled due to their present or future domiciles or for any other reason." - **THIRD.**- The appearing party **FERNANDO MANUEL GARCIA CAMPUZANO**, as delegate of such meeting, hereby certifies and states in this instrument, the agreement unanimously adopted by the shareholders, thereby authorizing Logan International LLC to grant as pledge the entire shares in favor of Lehman Brothers Holdings Inc., and for such purpose, it is hereby authorized according to the following resolutions: i) Authorize Logan International LLC to grant as pledge, in favor of Lehman Brothers Holdings Inc., pursuant to the Pledge Agreement that shall be submitted to the approval of the meeting in the fifth item of the agenda, its ninety nine (99) common shares with a par value of $ 500.00 MXP (Five hundred pesos 00/100 MXP) each, which represent 99% (ninety nine percent) of the Corporation's capital stock.- ii) Upon the execution of the corresponding Pledge Agreement, the Corporation shall grant to Lehman Brothers Holdings Inc. all the rights set in the already mentioned Pledge Agreement.- iii) Pursuant to the provision in the corresponding Pledge Agreement, Logan International LLC shall not assign, sell, pledge or dispose in any way of its shares without the prior authorization in writing from Lehman Brothers Holdings Inc.- iv) According to everything set in the Pledge Agreement, the Corporation shall not assign, sell, pledge or dispose in any way of the shares representing the capital stock thereof, without the prior authorization in writing from Lehman Brothers Holdings, Inc.- v) The Corporation shall not allow that, when exercising the vote corresponding to the shares, the provisions set in the corresponding Pledge Agreement might be infringed.- **FOURTH.**- The appearing party **FERNANDO MANUEL GARCIA CAMPUZANO**, as delegate of such meeting, hereby certifies and states in this instrument, the agreement unanimously adopted by the shareholders, authorizing Mr. Albert Arthur Edmond Maes to grant as pledge, the share of his property, in favor of Lehman Brothers Holdings Inc. and, for such purpose, it is hereby authorized according to the following resolutions: i) Authorize Mr. Albert Arthur Edmond Maes to grant as pledge, en favor of Lehman Brothers Inc., pursuant to the Pledge Agreement that shall be submitted to the approval of the meeting in the fifth item of the agenda, its only common share with a par value of $ 500.00 MXP (Five hundred pesos 00/100 MXP), which represents 1% (one percent) of the Corporation's capital stock.- ii) Upon the execution of the corresponding Pledge Agreement, the Corporation shall grant to Lehman Brothers Holdings Inc. all the rights set in the already mentioned Pledge Agreement.- iii) Pursuant to the provision in the corresponding Pledge Agreement, Mr. Albert Arthur Edmond Maes shall not assign, sell, pledge or dispose in any way of its share without the prior authorization in writing from Lehman Brothers Holdings Inc.- iv) According to everything set in the Pledge Agreement, the Corporation shall not assign, sell, pledge or dispose in any way of the shares representing the capital stock thereof, without the prior authorization in writing from Lehman Brothers Holdings, Inc.- v) The Corporation shall not allow that, when exercising the vote corresponding to the shares, the provisions set in the corresponding Pledge Agreement might be infringed.- **FIFTH.**- The appearing party **FERNANDO MANUEL GARCIA CAMPUZANO**, as delegate of such meeting, hereby certifies and states in this instrument, the agreement unanimously adopted by the shareholders, thereby authorizing the corresponding registration of the shares pledge in the shareholders registry book of the Corporation and, for such purpose, the Chairman of the Meeting instructed the Secretary thereof in order to take note of the pledges granted in favor of Lehman Brothers Holdings Inc. in the shareholders registry book of the Corporation, once the corresponding Pledge Agreement has been executed, moreover it is also authorized herein to provide to Lehman Brothers Holdings Inc. a copy of the abovementioned notes within the next two days after the execution of the corresponding Pledge Agreement.- **SIXTH.**- The appearing party **FERNANDO MANUEL GARCIA CAMPUZANO**, as delegate of such meeting, hereby certifies and states in this instrument, the agreement unanimously adopted by the shareholders, thereby authorizing the execution of the Pledge Agreement by means of which the pledges approved under clauses Third and Fourth of this instrument will be documented, as well as each and all the accessory documents of such Pledge Agreement, pursuant to the following resolutions: i) That they understand and accept the terms and conditions set in the Pledge Agreement and in its accessory documents presented by the Chairman.- ii) That they authorize the corporation to execute the Pledge Agreement, as well as any accessory document under terms substantially equal to those of the documents enclosed to this meeting as Exhibit "B".- iii) Mr. Pablo Marcelo Moreno Oleas, as Sole Administrator and legal representative of the

Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

Corporation is authorized to execute the Pledge Agreement as well as any document accessory thereto.- iv) It is accepted herein that the Corporation shall not conduct any act or activity that might violate or infringe the terms and conditions set in the Pledge Contract or in any other document accessory thereto. **SEVENTH.-** The appearing party **FERNANDO MANUEL GARCIA CAMPUZANO**, as delegate of such meeting, hereby certifies and states in this instrument, the agreement unanimously adopted by the shareholders, thereby authorizing the execution by the Corporation of several documents, contracts and agreements that shall be executed on July twentieth of the year two thousand and six, which are listed in the following order.- 1. Loan Agreement to be executed by the Corporation and Lehman Brothers Holdings Inc. (the "Loan Agreement").- 2. Promissory Note to be subscribed by the Corporation in favor of Lehman Brothers Holdings Inc.- 3. Trust Agreement to be executed by the Corporation, Lehman Brothers Holdings Inc. and HSBC Mexico, S. A., Institution de Banca Multiple, Grupo Financiero HSBC, Fiduciary Division.- 4. Pledge Agreement without transfer of ownership to be executed between the Corporation and Lehman Brothers Holdings Inc.- 5. Pledge Agreement on shares to be executed by the Corporation, Mr. Albert Arthur Edmond Maes, Logan International LLC and Lehman Brothers Holdings Inc.- 6. Assignment of Lease and Rents to be executed by the Corporation in favor of Lehman Brothers Holdings Inc.- 7. Environmental Indemnity to be executed by the Corporation and Mr. Albert Arthur Edmond Maes in favor of Lehman Brothers Holdings Inc.- 8. Omnibus Assignment to be executed by the Corporation in favor of Lehman Brothers Holdings Inc.- 9.- Post Closing Undertaking to be executed by the Corporation in favor of Lehman Brothers Holdings Inc.- Adopted in relation to documents, contracts and agreements, the following resolutions: i) That they understand and accept the terms and conditions set in the documents presented by the Chairman.- ii) That they authorize the corporation to execute the documents presented by the Chairman, as well as any document accessory thereto, and to be bound under the terms thereof.- iii) Mr. Pablo Marcelo Moreno Oleas, as Sole Administrator and legal representative of the Corporation is authorized to execute the documents presented by the Chairman as well as any document accessory thereto.- iv) It is accepted herein that the Corporation shall not conduct any act or activity that might violate or infringe the terms and conditions set in the documents presented by the Chairman or in any other document accessory thereto....". --------------------
-------- The original of such instrument is enclosed to my protocol under number one thousand nine hundred and six. ------------------------------------------------------------------
-------- Mr. **PABLO MARCELO MORENO OLEAS**, states under oath to tell the truth that his faculties have not been revoked or limited in any way. ----------------------------------
-------- Mr. **EDUARDO EUGENIO PIZARRO SUAREZ VILLALOBOS**, credits the legal existence of his represented and his legal capacity with the testimony of the public instrument number eighty seven thousand five hundred and five, book one thousand six hundred and fourteen, dated July eleventh of the year two thousand and six, attested by JOSE LUIS QUEVEDO SALCEDA, Esquire, Notary Public number ninety nine in and for the Federal District, that evidences the power of attorney granted abroad by LEHMAN BROTHERS HOLDINGS INC., from which I quote the following, as applicable: "... CLAUSES. / FIRST./ For all the purposes deemed convenient and upon the express request of Mr. EDUARDO EUGENIO PIZARRO SUAREZ VILLALOBOS, Esquire, the POWER OF ATTORNEY granted abroad by "LEHMAN BROTHERS HOLDINGS, INC." is hereby legalized, according to the document duly certified and with the corresponding Apostille, referred to in the recitals of this instrument, together with the translations to Spanish language referred to in the certification and Apostille, which originals have been enclosed to the protocol appendix and are considered reproduced herein as if literally inserted.- SECOND.- Under the terms of the documents referred to in this instrument recitals; which have been enclosed to the protocol appendix under the number corresponding to this deed, Messrs. ROBERTO ARENA REYES RETANA, ALEJANDRO ORTIZ PRIETO, EDUARDO EUGENIO PIZARRO SUAREZ VILLALOBOS and MARCO ANTONIO MARTINEZ, are PROXIES of "LEHMAN BROTHERS HOLDINGS INC.", under the POWER OF ATTORNEY described in the document referred to in the recitals, to be exercised, either jointly or separately, with all the FACULTIES stated therein, which are considered reproduced herein as if literally inserted... GENERAL POWER OF ATTORNEY FOR LAWSUITS AND COLLECTION, ACTS OF ADMINISTRATION AND ACTS OF OWNERSHIP, under the terms of the first three paragraphs of article two thousand five hundred and fifty four (2,554) of the Civil Code for the Federal District and its correlated for the different federative entities of the



United Mexican States, including all the general faculties and even the special ones that might be required under the law ..." ----------------------------------------------------------------------
-------- A compared copy of such instrument is enclosed to my appendix with the same number as this deed and under letter "I". ---------------------------------------------------
-------- Mr. **EDUARDO EUGENIO PIZARRO SUAREZ VILLALOBOS** states under oath to tell the truth that his faculties have not been revoked or limited in any way. ---------
------------------------------------------------------------------------------------------------------
--------------------------------------- GENERALS -----------------------------------------------
-------- The appearing parties stated under oath to tell the truth: ------------------------------
- ------- **CLAUDIA GABRIELA SANCHEZ RODRIGUEZ**, Esquire, Mexican, of legal age, single, fiduciary institution delegate, native from Mexico City, Federal District, where she was born on October twenty third of the year one thousand nine hundred and seventy one, address in Boulevard Marina sin numero, "Plaza Nautica", locales C-8 ("C" dash eight) and C-9 ("C" dash nine), Cabo San Lucas, Baja California Sur, who identified herself with the voting card with photograph, issued by the Federal Electoral Institute, a duly compared copy thereof is enclosed to my appendix under number seven hundred and forty seven and marked with letter "**M**". ---------------------------------------------------------
-------- Mr. **PABLO MARCELO MORENO OLEAS**, Ecuadorian, of legal age, divorced, sales promoter, native from Quito, Ecuador, where he was born on March twenty eighth of the year one thousand nine hundred and sixty one, address in the street of Paseo Cabo Mil sin numero, Lote tres, Manzana Once "A", Desarrollo Turistico Cabo Bello, located in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, who identified himself and proved his legal stay in the Country to the subscriber with the migration document FM2 ("F" "M" two) issued by the State Secretariat, a duly compared copy thereof is enclosed to my appendix with the same number of this deed and under letter "**J**".-----------
-------- Mr. **EDUARDO EUGENIO PIZARRO SUAREZ VILLALOBOS**, Mexican, native from Mexico City, Federal District, where he was born on December sixth of the year one thousand nine hundred and seventy three, married, Bachelor at Law, address in Boulevard Manuel Avila Camacho number thirty six, Suite one thousand eight hundred and two, Colonia Lomas de Chapultepec, Codigo Postal eleven thousand, Delegacion Miguel Hidalgo, in Mexico City, Federal District, and in transit in this city, who identified himself before the subscribing Notary Public with his Mexican passport number zero one three seven zero one zero zero one eight five, issued by the Foreign Affairs Secretariat, a duly compared copy thereof is enclosed to my appendix with the same number of this deed and under letter "**K**". ------------------------------------------------------------------------------
-------- ---------------------------------------------------------------------------------------------
-------- **I, THE NOTARY PUBLIC, HEREBY CERTIFY:** ------------------------------------
-------- A.- That everything listed and inserted in this deed perfectly matches with the documents that I had at sight and returned to the interested; -----------------------------------
-------- B.- That the appearing parties, in my opinion, have the civil capacity to contract and be bound; -------------------------------------------------------------------------------------------
-------- C.- They stated, regarding the payment of the income tax, after being warned of the penalties in which those who falsely state before a Notary Public incur, those who are bound to its payment, that they are up to date, however it was not proved. ---------------------
-------- D.- Being the appearing parties warned about their right to read or that I, the Notary Public, reads this instrument to them, they elected the former and then they stated their acceptance; therefore, after explaining to them its legal value and force, they ratified and subscribed it. ------------------------------------------------------------------------------------------
-------------------------------------- I HEREBY ATTEST ------------------------------------------
Signed.- **CLAUDIA GABRIELA SANCHEZ RODRIGUEZ**.- Signed.- **PABLO MARCELO MORENO OLEAS**.- Signed.- **EDUARDO EUGENIO PIZARRO SUAREZ VILLALOBOS.** ---------------------------------------------------------------------
-------- SUBSCRIBED IN MY PRESENCE ON JULY TWENTY FIRST OF THE YEAR TWO THOUSAND AND SIX AND IS DEFINITELY AUTHORIZED ON AUGUST TWENTY FOURTH OF THE YEAR TWO THOUSAND AND SIX. I HEREBY ATTEST. --------------------------------------------------------------------------------------------------
-------- **THIS IS THE FIRST ORIGINAL, SECOND IN ORDER, THAT I ISSUE FOR LOGAN HOTELS AND RESORTS, MEXICO, SOCIEDAD ANONIMA DE CAPITAL VARIABLE.- IT IS PREPARED IN PERMANENT INK, COMPARED AND SIGNED, AND CONSISTS OF THIRTY USEFUL PAGES PRINTED ON BOTH SIDES AND ONE USEFUL PAGE PRINTED ON ONE SIDE ONLY.- I HEREBY ATTEST.** -----------------------------------------------------------------------

Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

**CABO SAN LUCAS, BAJA CALIFORNIA SUR, AUGUST TWENTY FOURTH OF THE YEAR TWO THOUSAND AND SIX. ------------------------------------------------------**

ILLEGIBLE SIGNATURE

Cancelling the abovementioned illegible signature, a round seal is stamped, bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the right side of the abovementioned a hologram is affixed.

At the upper right margin of each uneven page and at the right margin of each even page a round seal is stamped, bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the right margin of each uneven page two seals are stamped and at the left margin of each even page one seal is stamped which are read as follows: COMPARED each one of them followed by an illegible signature.

At the upper right margin of each uneven page a hologram is affixed.

The following page is left blank intentionally bearing only a seal that is read as follows:
NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the left margin a seal is stamped which is read as follows: COMPARED followed by an illegible signature.



-------------------------------------- VOLUME SEVENTY NINE ------------------------------
----------------------- DEED ONE THOUSAND NINE HUNDRED AND FIVE -----------------
--------In the city of Cabo San Lucas, Baja California Sur, United Mexican States, on July twenty first of the year two thousand and six, I, MARIA DEL PILAR GARCIA OROZCO, Notary Public number SEVENTEEN in and for this Federative Entity and for the Federal Real Estate Patrimony, in exercise in the Municipality of Los Cabos and residence in the city of CABO SAN LUCAS, hereby certify through this instrument: ---------------------------
-------- I.- THE SALE CONTRACT entered into by and between: ---------------------------
-------- The Corporation denominated "PLAYA GRANDE DE CABO SAN LUCAS", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, through its Sole Administrator, Mr. FRANCISCO RAMON BULNES MALO, hereafter referred to as the "SELLER", on one hand, and ------------------------------------------------------------------------------------
-------- The Corporation denominated "LOGAN HOTELS AND RESORTS, MEXICO", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, represented herein by its Sole Administrator and Legal Representative, Mr. PABLO MARCELO MORENO OLEAS, hereinafter referred to as the "PURCHASER", on the other; and ------------------------------
-------- ----------------------------------------------------------------------------------------
-------- II.- FOR LIFE, FREE OF CHARGE AND VOLUNTARY RIGHT OF WAY CONSTITUTION CONTRACT, entered into by and between: ---------------------------------
-------- The Corporation denominated "LOGAN HOTELS AND RESORTS, MEXICO", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, represented herein by its Sole Administrator and Legal Representative, Mr. PABLO MARCELO MORENO OLEAS, as the owner of the servient tenement, which is described in this instrument; and ----------------
-------- Mr. FRANCISCO RAMON BULNES MALO, as owner of the dominant tenement (hereinafter referred to as "MISTER BULNES MALO"); ----------------------------------------
-------- III.- THE ASSIGNMENT OF: -------------------------------------------------------------
-------- (i) THE BENEFICIARY RIGHTS IN A TRANSFER OF OWNERSHIP TRUST WITH REVERSION CLAUSE; -------------------------------------------------------------------
-------- (ii) THE DONORS RIGHTS, AS A RESULT OF CERTAIN DONATION OF REAL ESTATES TO BE USED FOR ROADWAYS, entered into by and between; --------
-------- The Corporation denominated "PLAYA GRANDE DE CABO SAN LUCAS", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, through its Sole Administrator, Mr. FRANCISCO RAMON BULNES MALO, as the "ASSIGNOR", and ------------------------
-------- The Corporation denominated "LOGAN HOTELS AND RESORTS, MEXICO", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, represented herein by its Sole Administrator and Legal Representative, Mr. PABLO MARCELO MORENO OLEAS, as the "ASSIGNEE"; and -----------------------------------------------------------------------------
-------- (iii) THE RIGHTS AND OBLIGATIONS derived from the constitution of the FOR LIFE, VOLUNTARY AND NON-EXCLUSIVE RIGHT OF WAY, entered into by and between: ---------------------------------------------------------------------------------------------
-------- The Corporation denominated "PLAYA GRANDE DE CABO SAN LUCAS", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, through its Sole Administrator, Mr. FRANCISCO RAMON BULNES MALO, as the "ASSIGNOR", and ------------------------
-------- The Corporation denominated "LOGAN HOTELS AND RESORTS, MEXICO", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, represented herein by its Sole Administrator and Legal Representative, Mr. PABLO MARCELO MORENO OLEAS, as the "ASSIGNEE"; according to the following statements and clauses. -------------------------
-------- ----------------------------------------------------------------------------------------
-------------------------------------- S T A T E M E N T S --------------------------------------
-------- I.- The "Seller" states, through its legal representative, that: ------------------------------
-------- I.1 Deed number 228 (two hundred and twenty eight), volume 8 (eight), dated December fifteen of the year two thousand and four, attested by the Subscribing Notary Public, and registered in the Public Registry of Property and Commerce for San Jose del Cabo, Baja California Sur, under number 63 (sixty three), Page number 63 (sixty three), Volume CCI E. P. (two hundred and one of Public Deeds), Section First, on December twenty fourth of the year two thousand and four, evidences the sale contract executed by his represented, as Purchaser, and Mister RAMON LUIS BULNES MOLLEDA, as Seller, in relation to a piece of land of the Rustic Real Estate denominated "LA LAGUNA", located in the district of Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, with an area of 345-52-64.36 (three hundred and forty five hectares, fifty two ares and sixty four point thirty six centiares), with real estate registry number 4-02-013-0006 (four dash zero



Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

two dash zero thirteen dash zero zero zero six) and the metes and bounds described in such instrument. --------------------------------------------------------------------------------------

-------- The original of such deed is enclosed to my protocol under number 228 (two hundred and twenty eight). ------------------------------------------------------------------

-------- I.2 Public deed number 8,970 (eight thousand nine hundred and seventy), Volume 105 (one hundred and five), dated August eighth of the year two thousand and five, attested by JOSE RUBEN ARECHIGA DE LA PEÑA, Esquire, Notary Public Appointed to the Notary Public's Office number 10 (ten) in and for San Jose del Cabo, Baja California Sur, and registered in the Public Registry of Property and Commerce for San Jose del Cabo, Baja California Sur, under number 29 (twenty nine), Page number 29 (twenty nine), Volume CCXXIII E. P. (two hundred and twenty three of Public Deeds), on August sixteenth of the year two thousand and five, Section first, evidences the SUBDIVISION LEGALIZATION of the piece of land of the Rustic Real Estate denominated "LA LAGUNA", referred to in item first of these statements, granted by "PLAYA GRANDE DE CABO SAN LUCAS", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, which resulted in polygons "A", "B" and "C". --------------------------------------------------

-------- A compared copy of such instrument is enclosed to the appendix of my protocol with the same number of this deed and under letter "A". ---------------------------------------

-------- I.3.- REAL ESTATE SUBJECT MATTER OF THIS INSTRUMENT: The subject matter of this instrument is the following real estate: -----------------------------------------

-------- Polygon "A" of LA LAGUNA real estate, located in the District of Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, real estate registry number 4-02-013-0006 (four dash zero two dash zero one three dash zero zero zero six), with an area of 340-03-76.054 hectares (three hundred and forty hectares zero three ares and seventy six point zero fifty four centiares), with the following metes and bounds. --------------------------

-------- To the North: 1,560.180 meters (one thousand five hundred and sixty point one hundred and eighty square meters) with the real estate that is or was owned by Mister Victor Hugo Ceseña. ----------------------------------------------------------------------------

-------- To the South: in two sections of 119.360 meters (one hundred and nineteen point three hundred and sixty meters) with Polygon "C" plus 1,661.188 meters (one thousand six hundred and sixty one point one hundred and eighty eight meters) with the Pacific Ocean Federal Maritime Land Zone. ------------------------------------------------------------------

-------- To the East: in three sections of 1,993.450 meters (one thousand nine hundred and ninety three point four hundred and fifty meters) with Polygon "B", plus 100.00 meters (one hundred meters) with Polygon "C" and 343.24 meters (three hundred and forty three point twenty four meters) with the real estate that is or was owned by Mister Atilio Colli Villarino. ----------------------------------------------------------------------------------------

-------- To the West: 2,042.246 meters (two thousand and forty two point two hundred and forty six meters) with the real estate that is or was owned by Mister Francisco Ramon Bulnes Malo. ----------------------------------------------------------------------------------------

-------- Hereinafter referred to as the Real Estate in this instrument. ---------------------------

-------- I.4 "THE REAL ESTATE" limits on its west wide with the real estate described next, owned by "MISTER BULNES MALO": -------------------------------------------------

-------- I.5 The real estate subject matter of this transaction is free of any lien and ownership limitation, except for the right of way identified as MEDANOS PARTIDOS RIGHT OF WAY (POLYGON "D"), referred to in statement I.9.3 of this instrument, being credited with the certificate that the subscribing Notary Public encloses to the Protocol appendix with the same number of this deed under letter "B" and a compared copy thereof is enclosed to this deed testimony: --------------------------------------------------------------

-------- I.6 The real estate subject matter of this instrument is up to date in the payment of the real estate property taxes, being credited with the certificates issued by the tax collection office of the Municipality of Los Cabos, Baja California Sur. The subscribing Notary Public encloses the original to the protocol appendix with the same number of this deed and under letter "C" and a copy thereof is enclosed to the testimony of this deed. -----

-------- I.7 The corresponding real estate appraisal was requested and granted, duly authorized by the real estate registry head office of the Municipality of Los Cabos, Baja California Sur, regarding the Real Estate subject matter of this instrument. The original of such appraisal is enclosed to the protocol appendix with the same number of this deed and under letter "D" and a copy thereof is enclosed to the testimony of this deed. -----------------

-------- I.8 As provided by this instrument, a right of way (in addition to the right of way referred to in statement I.9.3 of this instrument) shall be constituted on an area located in Polygon "A" described in item I.3 (one point three) of this instrument statements,



hereinafter referred to as POLYGON "E" RIGHT OF WAY, which shall have an area of 46,801.56 M2 (forty six thousand eight hundred and one point fifty six square meters), with the following metes and bounds: -------------------------------------------------------------

-------- To the North: 1,560.18 meters (one thousand five hundred and sixty point eighteen square meters) with the real estate that is or was owned by Mister Victor Hugo Ceseña. ----

-------- To the South: 1,559.93 meters (one thousand five hundred and fifty nine point ninety three meters) with the same Polygon "A". -------------------------------------------

-------- To the East: 30.29 meters (thirty point twenty nine meters) with the real estate that is or was owned by Mister Atilio Colli Villarino. -----------------------------------------

-------- To the West: 30.32 meters (thirty point thirty two meters) with the real estate that is or was owned by Mister Francisco Ramon Bulnes Malo. -------------------------------

-------- This POLYGON "E" RIGHT OF WAY, for a better identification, is marked in the topographical map enclosed to this instrument, which original is enclosed to this protocol appendix with the same deed number and under letter "E", and a copy thereof is enclosed to the testimony of this deed. --------------------------------------------------------------------

-------- I.9 The following proceedings were legalized with public deed number (62,902) sixty two thousand nine hundred and two, volume (987) nine hundred and eighty seven, dated September first of the year two thousand and five, attested by the subscribing Notary Public, which first testimony was registered in the Registry of Property for the Municipality of Los Cabos, under number (97) ninety seven, volume CCXXXI, Section First, as well as under number 30 (thirty), volume CCXXIII, Section First: --------------------------------------

-------- **I.9.1 TRANSFER OF OWNERSHIP TRUST CONTRACT WITH REVERSION CLAUSE**, by means of which the corporation "PLAYA GRANDE DE CABO SAN LUCAS", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, through its Sole Administrator, Mister FRANCISCO RAMON BULNES MALO, constituted a trust with SCOTIABANK INVERLAT, SOCIEDAD ANONIMA, INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO SCOTIABANK INVERLAT, nominating ORGANISMO OPERADOR MUNICIPAL DEL SISTEMA DE AGUA POTABLE, ALCANTARILLADO Y SANEAMIENTO DE LOS CABOS, BAJA CALIFORNIA SUR, (MUNICIPAL OPERATING ORGANIZATION OF DRINKING WATER, SEWAGE AND DRAINING SYSTEM OF LOS CABOS, BAJA CALIFORNIA SUR) as first trustee, the property of the real estate referred to as MEDANOS PARTIDOS FRACTION (POLYGON C), described in statement II.f) of such instrument, with an area of 1-50-00.00 hectares (one hectare fifty ares and zero centiares) and the following metes and bounds: ---

-------- TO THE NORTH: IN TWO SECTIONS OF 119. 36 METERS (ONE HUNDRED AND NINETEEN METERS AND THIRTY SIX CENTIMETERS) with POLYGON "A" and 20.41 METERS (TWENTY METERS AND FORTY ONE CENTIMETERS) with POLYGON "B". ----------------------------------------------------------------------------

-------- TO THE SOUTH: 160.23 METERS (ONE HUNDRED AND SIXTY METERS AND TWENTY THREE CENTIMETERS), with POLYGON "A". ----------------------------

-------- TO THE EAST: 102.07 METERS (ONE HUNDRED AND TWO METERS AND SEVEN CENTIMETERS) with the real estate that is or was owned by Mister ATILIO COLLI VILLARINO. -------------------------------------------------------------------------

-------- TO THE WEST: 100.00 METERS (ONE HUNDRED METERS) with POLYGON "A". ------------------------------------------------------------------------------------------

-------- I.9.2 GIFT CONTRACT FOR ROADWAY by means of which the corporation "PLAYA GRANDE DE CABO SAN LUCAS", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, through its Sole Administrator, Mister FRANCISCO RAMON BULNES MALO, donated to the HONORABLE NINTH CITY COUNCIL OF THE MUNICIPALITY OF LOS CABOS BAJA CALIFORNIA SUR, the property of the real estate referred to in such deed as MEDANOS PARTIDOS ROADWAY (POLYGON B), described in statement II.f) of such instrument, with an area of 3-98-88.306 hectares (three hectares ninety eight ares and eighty eight point three hundred and six centiares), with the following metes and bounds: -----------------------------------------------------------------

-------- TO THE NORTH: 20.19 METERS (TWENTY METERS AND NINETEEN CENTIMETERS) with the real estate that is or was owned by Mister VICTOR HUGO CESEÑA. -------------------------------------------------------------------------------------

-------- TO THE SOUTH: 20.41 METERS (TWENTY METERS AND FORTY ONE CENTIMETERS) with POLYGON "C". --------------------------------------------------------

Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

-------- TO THE EAST: 1,995.03 METERS (ONE THOUSAND NINE HUNDRED AND NINETY FIVE METERS AND THREE CENTIMETERS) with the real estate that is or was owned by Mister ATILIO COLLI VILLARINO. ------------------------------------

-------- TO THE WEST: 1,993.45 METERS (ONE THOUSAND NINE HUNDRED AND NINETY THREE METERS AND FORTY FIVE CENTIMETERS) with POLYGON "A".

-------- I.9.3 RIGHT OF WAY CONSTITUTION CONTRACT, evidencing the constitution of the FOR LIFE, VOLUNTARY AND NON-EXCLUSIVE RIGHT OF WAY, regarding the piece of land referred to in such instrument, exclusively for identification purposes, as MEDANOS PARTIDOS RIGHT OF WAY (POLYGON D), (referred to in statement II.h) of such instrument, with an area of 14,494.2551 square meters (fourteen thousand four hundred and ninety four point two thousand five hundred and fifty one square meters), with the following metes and bounds: ------------------------------------

-------- TO THE NORTH: 547.770 METERS (FIVE HUNDRED AND FORTY SEVEN POINT SEVEN HUNDRED AND SEVENTY METERS) WITH POLYGON A, 10.208 METERS (TEN POINT TWO HUNDRED AND EIGHT METERS) WITH POLYGON C.

-------- TO THE WEST: 160.448 METERS (ONE HUNDRED AND SIXTY POINT FOUR HUNDRED AND FORTY EIGHT METERS) WITH POLYGON A, 110.00 METERS (ONE HUNDRED AND TEN METERS) WITH POLYGON A, 100.00 METERS (ONE HUNDRED METERS) WITH POLYGON A, 100.00 METERS (ONE HUNDRED METERS) WITH POLYGON A, 100.00 METERS (ONE HUNDRED METERS) WITH POLYGON A, 100.00 METERS (ONE HUNDRED METERS) WITH POLYGON A, 100.00 METERS (ONE HUNDRED METERS) WITH POLYGON A, 122.508 METERS (ONE HUNDRED AND TWENTY TWO POINT FIVE HUNDRED AND EIGHT METERS) WITH POLYGON A. ------------------------------------

-------- TO THE SOUTH: 10.757 METERS (TEN POINT SEVEN HUNDRED AND FIFTY SEVEN METERS) WITH POLYGON A, 41.740 METERS (FORTY ONE POINT SEVEN HUNDRED AND FORTY METERS) WITH POLYGON A, 10.00 METERS (TEN METERS) WITH POLYGON A, 90.00 METERS (NINETY METERS) WITH POLYGON A, 10.00 METERS (TEN METERS) WITH POLYGON A, 90.00 METERS (NINETY METERS) WITH POLYGON A, 10.00 METERS (TEN METERS) WITH POLYGON A, 90.00 METERS (NINETY METERS) WITH POLYGON A, 10.00 METERS (TEN METERS) WITH POLYGON A, 90.00 METERS (NINETY METERS) WITH POLYGON A, 10.00 METERS (TEN METERS) WITH POLYGON A, 90.00 METERS (NINETY METERS) WITH POLYGON A. ------------------------------------

-------- TO THE EAST: 300.628 METERS (THREE HUNDRED POINT SIX HUNDRED AND TWENTY EIGHT METERS) WITH THE REAL ESTATE OWNED BY ATILIO COLLI, 100.00 METERS (ONE HUNDRED METERS) WITH POLYGON A, 100.00 METERS (ONE HUNDRED METERS) WITH POLYGON A, 100.00 METERS (ONE HUNDRED METERS) WITH POLYGON A, 100.00 METERS (ONE HUNDRED METERS) WITH POLYGON A, 100.00 METERS (ONE HUNDRED METERS) WITH POLYGON A, 100.00 METERS (ONE HUNDRED METERS) WITH POLYGON A. -----

-------- A compared copy of such instrument is enclosed to this protocol appendix with the same deed number and under letter "F": ------------------------------------

-------- II.- "MISTER BULNES MALO" states that: ------------------------------------

--------II.1 He is the owner of a fraction of the rustic real estate denominated LA LAGUNA in the official topographical map of Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, known as MEDANOS PARTIDOS, real estate registry number 4 – 02 – 013 – 0005 (four dash zero dos dash zero one three dash zero zero zero five), with an area of 337 – 67 – 20.09 hectares (three hundred and thirty seven hectares, sixty seven ares and twenty point zero nine centiares), with the following metes and bounds: ----------------------

-------- To the Northwest: 1,125.963 meters (one thousand one hundred and twenty five meters, nine hundred and sixty three centimeters) with the real estate Demasias de San Cristobal, lot one of vertex two. ------------------------------------

-------- To the Northeast: 1,883.291 meters (one thousand eight hundred and eighty three meters, two hundred and ninety one centimeters) with the succession of Francisco Ceseña, from vertex two to vertex ten. ------------------------------------

-------- To the Southeast: 2,042.246 meters (two thousand and forty two meters, two hundred and forty six centimeters) with the real estate Playa Grande de Cabo San Lucas, S. A. de C. V. (formerly owned by Mister LUIS BULNES MOLLEDA), from vertex ten to sixteen; and ------------------------------------

-------- To the Southwest: 2,507.492 meters (two thousand five hundred and seven meters, four hundred and ninety two centimeters) with the federal maritime land zone in three



sections of 476.466 meters (four hundred and seventy six point four hundred and sixty six meters) from vertex sixteen to five, 1,141.239 meters (one thousand one hundred and forty one point two hundred and thirty nine meters) from vertex five to four and 889.787 meters (eight hundred and eighty nine point seven hundred and eighty seven meters) from vertex four to three. ------------------------------------------------------------------------------------------

-------- II.2 He acquired the previously described real estate with the public deed number one thousand four hundred and thirteen, volume forty eight, dated November thirtieth of the year one thousand nine hundred and ninety four, attested by Jorge Leoncio Alvarez Gamez, Esquire, Notary Public number eleven in and for Baja California Sur, and registered in the Public Registry of Property and Metes and Bounds Clarifying Record was legalized, with the record forty eight thousand nine hundred and three, volume seven hundred and seventy eight, attested by Jose Alberto Castro Salazar, Esquire, Notary Public appointed to the Notary Public's Office number Seven in and for the Municipalities of La Paz and Los Cabos, Comondu, Mulege and Loreto, with residence in the Capital City of the State, which holder is Hector Castro Castro, Esquire, and was registered in the Public Registry of property and Commerce for San Jose del Cabo, Baja California Sur under the marginal note number 135 (one hundred and thirty five) on page 439 (four hundred and thirty nine), volume CVI EP (one hundred and six), Section 1st (first), on December 13 (thirteenth), of the year 2001 (two thousand and one). ------------------------------------------------------------------

-------- Compared copies of such instruments are enclosed to this protocol appendix with the same number of this deed and under letters "G" and "H". ----------------------------------

-------- II.3 The real estate that he owns, described in item II.1 of the preceding statement is located adjoining "THE REAL ESTATE". ------------------------------------------------------------

-------- III. The "PURCHASER" and the "SELLER" jointly acknowledge the faithful performance of the Purchase Agreement executed by the parties on March 25 (twenty fifth) of the year 2006 (two thousand and six), and its amendments dated May 25 (twenty fifth) of the year 2006 (two thousand and six), in all its statements and clauses, being this instrument granted under its execution and performance; understanding that the obligations comprised in clause twentieth of such purchase agreement are still in full force and effect, and that its terms and conditions are binding. ----------------------------------------------------------------

-------- IV.- The "Purchaser" states; through its legal representative, that: ---------------------

--------IV.1 As provided by articles 29 (twenty nine), item II (second) and 225 (two hundred and twenty five), item V (fifth) of the Income Tax Law, in relation to article 27 (twenty seven), item V (fifth) of such Law Regulations, the original amount shall be deducted in the fiscal year of its acquisition and at the time of its alienation it shall be considered as an income accumulated to the alienation total value, instead of a profit as set forth in article 20 (twenty), item V (fifth) of the Income Tax Law. -------------------------------

-------- After stating the aforementioned, the appearing parties grant the following: ---------
---------------------------------------------------------------------------------------------------
---------------------------------------- CLAUSES ---------------------------------------------------
--------------------------------------- SALE AGREEMENT ---------------------------------------

-------- FIRST.- The Corporation denominated "PLAYA GRANDE DE CABO SAN LUCAS", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, through its Sole Administrator, Mister FRANCISCO RAMON BULNES MALO, by this instrument "SELLS" to the Corporation denominated "LOGAN HOTELS AND RESORTS, MEXICO", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, represented herein by its Sole Administrator and Legal Representative, Mister PABLO MARCELO MORENO OLEAS, who in turn "PURCHASES" and "ACQUIRES", with everything that by fact and by right might correspond, "THE REAL ESTATE" described in the statements title, item I.3 (one point three) of this deed, which characteristics, metes and bounds are considered reproduced herein as if literally quoted for all the legal purposes. --------------------------------

-------- SECOND.- The parties agree that this transfer of ownership is made *AD – CORPUS*; therefore, neither the "PURCHASER" nor the "SELLER" shall be liable if the real estate has an area or dimensions other than those stated in the statements title, item I.3 (one point three) of this instrument. As a result of the abovementioned, the "PURCHASER" accepts to acquire "THE REAL ESTATE" and acquires it, as it is, including the right of way referred to in statement I.5 and its correlated I.9.3 of this instrument, under its full responsibility. ------------------------------------------------------------

-------- THIRD.- At this proceeding, the ownership of "THE REAL ESTATE" subject matter of this instrument is transferred to the "PURCHASER", who at this proceeding receives the entire physical and legal possession thereof to its full satisfaction and up to

Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

date in the payment of the real estate property taxes, and free from any alien and from any ownership limitation. ------------------------------------------------------------------------------------

-------- FOURTH.- The price of the transaction is set by mutual agreement of the parties in the amount of US$ 50'765,640.00 (FIFTY MILLION SEVEN HUNDRED AND SIXTY FIVE THOUSAND SIX HUNDRED AND FORTY DOLLARS 00/100 LEGAL TENDER IN THE UNITED STATES OF AMERICA), equivalent to the amount of $ 553'573,921.38 MXP (FIVE HUNDRED AND FIFTY THREE MILLION FIVE HUNDRED AND SEVENTY THREE THOUSAND NINE HUNDRED AND TWENTY ONE PESOS 38/100 MXP), at the exchange rate in force on July twentieth of the year two thousand and six, which amount shall be paid by the "PURCHASER" to the "SELLER", as follows: -----

-------- a).- The amount of US$ 1'000,000.00 (ONE MILLION DOLLARS 00/100 LEGAL TENDER IN THE UNITED STATES OF AMERICA), was submitted prior to this contract execution by the "PURCHASER" to the "SELLER", receiving it to its full satisfaction. ----------------------------------------------------------------------------------------

-------- b) The amount of US$ 10'000,000.00 (TEN MILLION DOLLARS 00/100 LEGAL TENDER IN THE UNITED STATES OF AMERICA), was submitted prior to this contract execution by the "PURCHASER" to the "SELLER", receiving it to its full satisfaction. ----

-------- c) The amount of US$ 33'765,640.00 (THIRTY THREE MILLION SEVEN HUNDRED AND SIXTY FIVE THOUSAND SIX HUNDRED AND FORTY DOLLARS 00/100 LEGAL TENDER IN THE UNITED STATES OF AMERICA), that the "PURCHASER" pays to the "SELLER" at the execution of this instrument, by means of bank transfer, which shall serve as the fullest and most effective receipt under the law; and

-------- d) The amount of US$ 6'000,000.00 (SIX MILLION DOLLARS 00/100 LEGAL TENDER IN THE UNITED STATES OF AMERICA), that the "PURCHASER" pays to the "SELLER" at the execution of this instruments, by means of a deposit made to the account of the company Stewart Title Guaranty de Mexico, S. A. de C. V. or any of its affiliates in Mexico or in the United States of America (hereinafter the "DEPOSITARY"), such amount shall be kept as deposit by the "DEPOSITARY" to release and submit it to the "SELLER", together with the interests accrued, after the environmental impact authorization application is formally submitted, with acknowledgement of receipt, to the Environment and Natural Resources Secretariat, in relation to the "REAL ESTATE" referred to in the corresponding contract of deposit, which shall be submitted on January 21 (twenty first), 2007 (two thousand and seven), at the latest. Otherwise, it shall be subject to the provisions in the Contract of Deposit executed with the "DEPOSITARY". The "DEPOSITARY" shall release the funds of this last payment by means of two deposit slips, one corresponding to the capital and the other corresponding to the interests, the abovementioned in order to quantify the latter. -----------------------------------------------------

-------- The "SELLER" agrees to the transfer, by the "DEPOSITARY", of the amount referred to in item d) of this clause and of the interests accrued, to the following check account in US Dollars: Account number 688311117 (six eight eight three one one one eight three three one one seven), Wells Fargo Bank; Branch: Pacific Palisades, California, United States of America; ABA: 121000248 (one two one zero zero zero two four eight), which holder is "Playa Grande de Cabo San Lucas", Sociedad Anonima de Capital Variable. --------------------------

-------- FIFTH.- The "SELLER" is bound to the disencumbrance in case of eviction of the "REAL ESTATE" alienated, as provided by the civil code in force in the State. --------------

-------- SIXTH.- The expenses, taxes and fees that might originate for the granting of this deed shall be on the account of the "PURCHASER", except for the Income Tax that shall be on the account of the "SELLER", if applicable. ----------------------------------------------------

-------- SEVENTH.- As provided by the Urban Development Law in force in the State of Baja California Sur, the PURCHASER is bound to use the real estate acquired through this deed for the purposes set in the State or Municipal urban development plans or in the Statements about uses, provision or reserves approved by the competent authorities. -------- ---------------- --------------------------------------------------------------------------------------

-------- FOR LIFE, FREE OF CHARGE AND VOLUNTARY RIGHT OF WAY CONSTITUTION CONTRACT. ------------------------------------------------------------------------

--------FIRST.- "LOGAN HOTELS AND RESORTS, MEXICO", SOCIEDAD ANONIMA DE CAPITAL VARIABLE and Mister FRANCISCO RAMON BULNES MALO, through this contract grant, RIGHT OF WAY FOR LIFE (hereinafter the "RIGHT OF WAY"), therefore appropriating the real estate identified as POLYGON "E" RIGHT OF WAY, comprising the following essential characteristics as well as those referred to in the rest of this contract clauses. -----------------------------------------------------------------------

-------- *Owner of the servient tenement:* "LOGAN HOTELS AND RESORTS, MEXICO", SOCIEDAD ANONIMA DE CAPITAL VARIABLE. --------------------------------------

-------- *Owner of the dominant tenement:* Mister FRANCISCO RAMON BULNES MALO.

-------- *Right of Way Object:* The real estate identified as POLYGON "E" RIGHT OF WAY and referred to in statement I.8 (one point eight) of this instrument (which description shall be considered reproduced herein as if literally quoted), being understood and agreed that the appropriation thereof to this right of way contract is made being up to date in the payment of all the real estate property taxes and other taxes that might be demanded regarding thereof, and free from any lien, burden, lease, third parties rights, reserves, restrictions and liabilities, and in general, with everything that by fact and by right might correspond. ---------------------------------------------------------------------

-------- *Purposes:* -----------------------------------------------------------------------

-------- A) To be used, solely and exclusively, as voluntary right of way, for the benefit of the dominant tenement and its current and future owners. ------------------------------------

-------- B) The holder of the dominant tenement, as provided by articles 1119 (one thousand one hundred and nineteen) and 1120 (one thousand one hundred and twenty) of the Federal Civil Code, shall be accountable for all the costs of construction, repair and maintenance of the right of way area, for life, until the corresponding municipal authorities take over the Right of Way. -------------------------------------------------------------------

-------- SECOND.- ACCEPTANCE OF THE OBLIGATIONS BY THE PARTIES. --------

-------- At this act, the parties accept the constitution of the right of way subject matter of this instrument and are bound to make it survive for life, provided that the use anticipated is preserved and the object and purposes comprised in this instrument are strictly observed. --

-------- THIRD.- FREE OF CHARGE TRANSFER. ---------------------------------------

-------- The parties agree that the constitution of the right of way is voluntary and free of charge, without any consideration in favor of the corporation denominated "LOGAN HOTELS AND RESORTS, MEXICO", SOCIEDAD ANONIMA DE CAPITAL VARIABLE. ---------------------------------------------------------------------------------

-------- FOURTH.- TERM START-UP. ------------------------------------------------------

-------- The corporation denominated "LOGAN HOTELS AND RESORTS, MEXICO," SOCIEDAD ANONIMA DE CAPITAL VARIABLE, represented herein by its sole administrator, Mr. PABLO MARCELO MORENO OLEAS, accepts that the term start-up of the right of way POLYGON "E" RIGHT OF WAY is precisely on the date of this public deed. ----------------------------------------------------------------------------------------

-------- FIFTH.- *"AD CORPUS"* CONTRIBUTION. ------------------------------------

-------- POLYGON "E" RIGHT OF WAY appropriation is made *"AD CORPUS"*, therefore any difference that might result shall not originate any adjustment. ------------------

-------- SIXTH.- OBLIGATIONS RELATED TO THE RIGHT OF WAY LEGALIZATION. ------------------------------------------------------------------------------

-------- "MISTER BULNES MALO" is bound to pay all the taxes; including the Income Tax, which might originate in relation to the granting of the RIGHT OF WAY public deed.

-------- Likewise, "MISTER BULNES MALO" is bound to pay the proportional part, corresponding to POLYGON "E" RIGHT OF WAY, of the real estate property tax and maintenance expenses, except condominium maintenance fees, as the case may be. ---------

-------- SEVENTH.- MODIFICATION OF POLYGON "E" RIGHT OF WAY LOCATION. -------------------------------------------------------------------------------------

-------- The location of POLYGON "E" RIGHT OF WAY might be modified if "LOGAN HOTELS AND RESORTS, MEXICO, S. A. DE C. V.", or its successors or assignees of the rights consigned in this deed, acquire real estates adjoining the "REAL ESTATE", provided that the specifications and conditions comprised in this instrument are observed in the new location. In such case, once the right of way is relocated, the area of its prior location shall be understood as released from any burden. ----------------------------------------

-------- If the aforementioned right of way relocation takes place once the area of the initial location of POLYGON "E" RIGHT OF WAY is urbanized, "LOGAN HOTELS AND RESORTS, MEXICO, S. A. DE C. V.", or its successors or assignees, shall be bound to pay the urbanization total cost in the new location. Otherwise, if the area originally agreed for the right of way has not been urbanized by "MISTER BULNES MALO", he shall be bound to pay the urbanization total cost in the new location, except if as a result of the new location more square meters might be required or needed to be built, in which case, it is agreed herein that the cost of the first 46,801.56 square meters of urbanization shall be on the account of "MISTER BULNES MALO", or his successors or assignees, and all the



Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

surplus meters shall be on the account of "LOGAN HOTELS AND RESORTS, MEXICO, S. A. DE C. V.", or its successors or assignees. --------------------------------------------------
----------------------------- -----------------------------------------------------------------------
-------- ASSIGNMENT OF RIGHTS OF TRANSFER OF OWNERSHIP TRUST WITH REVERSION CLAUSE -------------------------------------------------------------------------

-------- FIRST.- The corporation denominated "PLAYA GRANDE DE CABO SAN LUCAS", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, through its Sole Administrator, Mr. FRANCISCO RAMON BULNES MALO, irrevocably "ASSIGNS", as the "ASSIGNOR", to the corporation denominated "LOGAN HOTELS AND RESORTS, MEXICO", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, represented herein by its Sole Administrator, Mr. PABLO MARCELO MORENO OLEAS, who "ACQUIRES", as the "ASSIGNEE", the contractual position as well as all the rights and obligations of any nature or that by any other title possesses, that by fact and by right might correspond to the corporation denominated "PLAYA GRANDE DE CABO SAN LUCAS", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, in relation to the Transfer of Ownership Trust with Reversion Clause referred to in statement I.9.1 (one point nine point one) of this instrument, with everything that by fact and by right might correspond. -----------------------
-------- SECOND.- The assignment takes place with the rights subject matter thereof, free from any lien and without any ownership restriction. ----------------------------------------------
-------- THIRD.- This assignment is made free from any charge. -------------------------------
-------- FOURTH.- The Assignee expressly accepts the assignment granted and subrogates itself to the contractual position that it assumes with all its rights and with all its inherent obligations, from this act onwards, without any damage to the notice to be served to the remaining parties as provided by the corresponding trust contract. -----------------------------
-------- FIFTH.- The grantors agree that: -----------------------------------------------------
-------- A).- The Assignee considers as received all the rights of "B" Second Trustee, derived from the aforementioned trust. ----------------------------------------------------------
-------- B).- At this act, the Assignor and the Assignee subscribe a written document, in the presence of the subscribing Notary Public that shall also serve as notice for the remaining parties to the trust contract referred to in this section in order to inform them about the assignment of the contractual position agreed herein and about the acceptance of the assignee; ordering the Notary Public to notify to the Fiduciary Institution and to the First Trustee, within the next five days after the execution of this deed, about the writ of reference, so that they are acquainted with this assignment, as provided by clause Twenty Fifth of the corresponding instrument. ---------------------------------------------------------
-------- C).- All the expenses; taxes and fees that might originate for the granting of this Assignment Contract, until its registration, to which the Assignee is bound, shall be on its exclusive account, including any contingent amount corresponding to the Income Tax. -----
----------------------------- -----------------------------------------------------------------------
-------- ASSIGNMENT OF DONORS RIGHTS AS A RESULT OF CERTAIN DONATION OF REAL ESTATES TO BE USED FOR ROADWAYS ------------------------
-------- FIRST.- The Corporation denominated "PLAYA GRANDE DE CABO SAN LUCAS", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, as absolute holder of the rights set forth in the IRREVOCABLE GIFT CONTRACT OF THE FRACTION DESCRIBED AS MEDANOS PARTIDOS ROADWAY (POLYGON B), referred to in statement I.9.2 (one point nine point two) of this instrument, "ASSIGNS" to the corporation denominated "LOGAN HOTELS AND RESORTS, MEXICO", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, represented herein by its Sole Administrator, Mr. PABLO MARCELO MORENO OLEAS, who "ACQUIRES", with everything that by fact and by right might correspond, the contractual position as well as all the rights and obligations of any nature that might correspond to the ASSIGNOR in the above mentioned IRREVOCABLE GIFT CONTRACT, including specifically but not restrictively, the rights set forth in clause EIGHTH of the aforementioned gift contract. --------------------------------
-------- SECOND.- The assignment takes place with the properties subject matter thereof, free from any lien and without any ownership restriction. ----------------------------------------
-------- THIRD.- This assignment is made free from any charge. -------------------------------
-------- FOURTH.- The Assignee expressly accepts the assignment granted and subrogates itself to the contractual position that it assumes with all its rights and with all its inherent obligations, from this act onwards, without any damage to the notice to be served to the remaining parties of the contract of origin. ------------------------------------------------------
-------- FIFTH.- The grantors agree that: -----------------------------------------------------



-------- A).- At this act, the Assignor and the Assignee subscribe a written document, in the presence of the subscribing Notary Public that shall also serve as notice for the remaining parties to the contract referred to in this section, to inform them about the assignment of the contractual position agreed herein and about the acceptance of the assignee; ordering the Notary Public to notify the Honorable Ninth City Council of los Cabos, Baja California Sur, within the next five days after the execution of this deed, in order to register this assignment of rights of the aforementioned IRREVOCABLE GIFT CONTRACT. ----------

-------- B).- All the expenses; taxes and fees that might originate for the granting of this Assignment Contract, until its registration, to which the Assignee is bound, shall be on its exclusive account, including any contingent amount corresponding to the Income Tax. -----

-------- ASSIGNMENT OF THE CONTRACTUAL POSITION AND THE ENTIRE OBLIGATION AND RIGHTS IN CERTAIN RIGHT OF WAY --------------------------------

-------- FIRST.- The Corporation denominated "PLAYA GRANDE DE CABO SAN LUCAS", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, through its Sole Administrator, Mr. FRANCISCO RAMON BULNES MALO, irrevocably "ASSIGNS" to the corporation denominated "LOGAN HOTELS AND RESORTS, MEXICO", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, represented herein by its Sole Administrator, Mr. PABLO MARCELO MORENO OLEAS, who "ACQUIRES" the contractual position as well as all the rights and obligations of any nature that might correspond to the assignor in relation to the FOR LIFE, FREE OF CHARGE AND VOLUNTARY RIGHT OF WAY CONSTITUTION CONTRACT referred to in statement I.9.3 (one point nine point three) of this instrument. ---------------------------------------

-------- SECOND.- This assignment is made free from any charge. ----------------------------

-------- THIRD.-. The Assignee expressly accepts the assignment granted and subrogates itself to the contractual position that it assumes with all its rights and with all its inherent obligations, from this act onwards, without any damage to the notice to be served to the remaining parties to the aforementioned right of way constitution contract. --------------------

-------- FOURTH.- The grantors agree that: -------------------------------------------------------

-------- A).- At this act, the Assignor and the Assignee subscribe a written document, in the presence of the subscribing Notary Public that shall serve as notice for the remaining parties to the contract referred to in this section, to inform them about the assignment of the contractual position agreed herein and about the acceptance of the assignee; ordering the Notary Public to submit the notice to the addresses within the next five days after the execution of this deed, in order to take legal affect and for the addresses to be informed about the assignment.. --------------------------------------------------------------------------------

-------- B).- All the expenses, taxes and fees that might originate for the granting of this Assignment Contract, until its registration, to which the Assignee is bound, shall be on its exclusive account, including any contingent amount corresponding to the Income Tax. -----

-------- COMMON CLAUSES TO THE THREE LEGAL PROCEEDINGS ------------------

-------- FIRST.- NOTICES AND COMMUNICATIONS. -------------------------------------

-------- The communications and notices that the parties shall serve each other in relation to this contract shall be made by certified mail with acknowledgement of receipt, or by any other means that credits the reception of such communication by the addressee, taking effect such communications or notices on the date when they are received. For such purpose, the parties state the following domiciles: ------------------------------------------------

-------- "LOGAN HOTELS AND RESORTS, MEXICO", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, located in Ejido Km. 4, Arenal Cabos, Codigo Postal 23410, Cabo San Lucas, Los Cabos, Baja California Sur. -------------------------------------------------------

-------- "PLAYA GRANDE DE CABO SAN LUCAS", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, located in Boulevard Marina sin numero, Zona Centro, Cabo San Lucas, Baja California Sur. --------------------------------------------------------------------

-------- SECOND.- ASSIGNMENT OF RIGHTS, the parties reserve their unlimited right to assign the contractual position acquired in this contract, either all or part thereof and at any time, without the need of prior authorization, and only by means of a notice with acknowledgement of receipt submitted to the other party, or to the beneficiary, as the case may be. ----------------------------------------------------------------------------------------------------

-------- THIRD.- APPLICABLE LAWS. ------------------------------------------------------------

-------- The parties agree that this contract shall be governed, for its construction and performance, by the laws of the United Mexican States. -----------------------------------------

-------- FOURTH.- JURISDICTION. ----------------------------------------------------------------



Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

-------- If any dispute arises between the parties which might not be solved satisfactorily by them, in everything related to this contract, and as the case may be, the parties agree to expressly and irrevocably submit themselves to the jurisdiction of the competent legal authorities for the Municipality of Los Cabos, in the State of Baja California Sur, waiving at this time any current or future jurisdiction to which they might be entitled due to a change of domicile or any other reason. -------------------------------------------------------------

--------------------- FISCAL SYSTEM OF THE SALE TRANSACTION ---------------------
-------- In compliance with the fiscal and administrative provisions applicable to the proceeding comprised in this instrument, I list the following data: ------------------------------
-------- a) VALUE ADDED TAX. -------------------------------------------------------------
-------- Taking into account that the real estate subject matter of this transaction is exclusively LAND, as provided by article 9th (ninth) of the Value Added Tax Law it is exempt from the aforementioned tax payment. ----------------------------------------------------
-------- b) INCOME TAX. -----------------------------------------------------------------------
-------- The parties are subject to the payment of taxes according to Title Second of the Income Tax Law, therefore the subscribing Notary Public is released from the obligation to calculate, withhold and pay the corresponding tax. -----------------------------------------------
-------- c) PATRIMONIAL TRANSFER TAX. -------------------------------------------------
-------- The purchaser is subject to the Real Estate Acquisition Tax; therefore the subscribing Notary Public will calculate, withhold and pay such tax to the corresponding authority. ---------------------------------------------------------------------------------------------------

---------------------------- LEGAL CAPACITY ----------------------------------------------
-------- Mr. FRANCISCO RAMON BULNES MALO, credits the existence of his represented, as well as his legal capacity to represent it, with the following documents: ----
-------- 1.- First testimony of the Record number 32,946 (thirty two thousand nine hundred and forty six), volume 536 (five hundred and thirty six), dated December 10 (tenth) of the year one thousand nine hundred and ninety six, of the protocol of HECTOR CASTRO CASTRO, Esquire, Notary Public number Seven in and for the State of Baja California Sur, evidencing the Incorporation of the corporation denominated "PLAYA GRANDE DE CABO SAN LUCAS", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, which is registered in the Public Registry of Property and Commerce for the Municipality of Los Cabos, under the record number fifty nine, volume XVII (seventeen Roman number), Section Fourth, on January thirteenth of the year one thousand nine hundred and ninety seven, from which I quote the following, as appropriate: ---------------------------------------------
"... CLAUSES.- DENOMINATION.- FIRST.- The denomination of the corporation shall be "PLAYA GRANDE DE CABO SAN LUCAS", and shall always be followed by the words SOCIEDAD ANONIMA DE CAPITAL VARIABLE, or the initials S. A. DE C. V.- SECOND.- The citizenship of the Corporation is Mexican with ALIEN EXCLUSION CLAUSE, therefore: "The Corporation shall not admit as partners or shareholders, either directly or indirectly, any foreign investors or corporations without alien exclusion clause and shall not acknowledge the partners or shareholders rights of the investors and corporation members".- DOMICILE.- THIRD.- The domicile of the Corporation shall be: CABO SAN LUCAS, BAJA CALIFORNIA SUR, without any prejudice to the establishment of agencies or branches in any other place of the Mexican Territory or abroad and shall reserve the right to state domiciles of choice for the performance of certain obligations.- TERM.- FOURTH.- The term of the corporation shall be for 99 (ninety nine) years from the execution date of this deed.- OBJECT.- FIFTH.- The corporate object shall be: 1.- Exploitation of real estate developments; 2.- Sale of real estates and buildings; 3.- Construction and sale of inhabitancy units; 4.- Leasing of inhabitancy units; 5.- Urbanization and sale of real estates and buildings; 6.- Importing and exporting goods and services... ... C A P I T A L.- SIXTH.- The Capital stock of the Corporation shall be of $50,000.00 MXP (FIFTY THOUSAND PESOS 00/100 MXP) represented by (100) registered shares with a par value of $ 500.00 MXP (FIVE HUNDRED PESOS 00/100 MXP) each... ... THIRTEENTH.- The management of the Corporation shall be entrusted to a Sole Administrator or to a Board of Directors, nominated by the Shareholders' General Meeting. If a Board of Directors is elected, the following rules shall be observed. ... a).- It shall be integrated at least by two members, one of them shall act as Chairman. The shareholders' minority integrated by twenty five percent of the capital stock might appoint a director... ... b).- The Board of Directors shall meet by means of a call, either written or oral, made by any of its members, whenever needed and for its decisions to be valid, the

*minimum attendance of the majority of its members shall be required and the decisions shall be adopted by the majority of votes of those being present. In case of even votes the Chairman of the Board of Directors shall have the decision with a casting vote.- c).- The Board of Directors shall have general and special faculties, even those that as provided by the law require a special clause, for lawsuits and collection, acts of management and ownership, as provided by article four hundred and sixty eight of the Civil Code in force and its correlated for the States of the Mexican Territory, therefore it might freely manage all the properties and business of the Corporation, therefore it shall have the faculties to: I.- File and desist from all kind of proceedings, remedies, lawsuits and procedures, even from the "Amparo"; II.- Compromise; III.- Formulate and reply to interrogatories; IV.- Submit to arbitration; V.- Challenge; VI.- Receive payments; VII.- File criminal claims and complaints and desist thereof, grant pardon, as the case may be, and cooperate with the District Attorney; VIII.- Appear in legal auctions and make bids; IX.- Grant General or Special Powers of Attorney as provided by the Law to the individual or individuals deemed convenient, with the power to revoke them, as the case may be; X.- The Board of Directors might exercise these faculties with individuals and corporations as well as with all kind of Administrative and Judicial Authorities, either Municipal, State, Federal or Local, with the Attorney General's Office for the Consumer Defense and with the Conciliation and Arbitration Boards, either Local or Federal, and with any other Labor Authority, having the faculty to attend as the Employer representative of the Corporation to the hearings of conciliation, demand and plea, offering, presenting and accepting proofs, including the one related to depositions, being able to rescind and terminate labor contracts, as well as to settle and execute agreements with plaintiff workers, as provided by Articles nine, eleven, forty six, forty seven, five hundred and twenty three, six hundred and ninety two, seven hundred and eighty six, seven hundred and eighty eight, eight hundred and seventy six, eight hundred and seventy eight, eight hundred and eighty, eight hundred and eighty three and eight hundred and eighty four of the Federal Labor Law in strict compliance with Article two thousand five hundred and fifty four of the Civil Code for Baja California Sur and its correlated for the States of the Mexican Territory.- d).- For the purposes of the preceding item; the Board of Directors has the express faculty to Defend and Manage the interests of the Corporation as well as to acquire, alienate and encumber all kind of properties, even real estates, having also the faculty to Subscribe and Endorse Credit instruments as provided by Article Ninth, Item First, of the General Law of Credit Instruments and Transactions.- e).- The Board of Directors shall be in charge of the execution and fulfillment of the Shareholders' General Meeting resolutions unless the later resolves otherwise in special cases.- f).- The position of Director of the Board shall not be delegated, but the Board of Directors might grant general and special powers of attorney as provided by the Law.- g).- The Board of Directors shall have the faculty to nominate one or more General or Special Managers and Assistant Managers, when deemed convenient, to determine, in each case, the extent of their faculties and their corresponding obligations.- h).- The Directors shall remain in office indefinitely without any damage to the faculty of the Shareholders' Meeting to limit the time of their management and without any cause.- i).- Whenever the Shareholders' General Meeting makes new appointments of Directors, the former Directors shall remain in office until those recently appointed take office.- j).- The granting of the security determined by the Shareholders' General Meeting or a deposit in cash of One hundred MXP, or its equivalent in shares deposited in the Corporation's safe is an unavoidable condition to hold the position of Director.- k).- The Board of Directors shall nominate a Secretary, which might be a member of the Board, who shall be in charge of organizing the meetings, preparing the material thereof, preparing the Meeting minutes and informing of its results to the corresponding entities and people.- The time in office and the compensation for the Secretary activities shall be determined by the Board of Directors.- When the Shareholders' General Meeting appoints a Sole Administrator, it shall have the faculties and obligations assigned to the Board of Directors... ... TRANSITORY CLAUSES.- FIRST.- The Capital Stock has been completely subscribed and paid in cash as follows: Mr. RAMON LUIS BULNES MOLLEDA, (25) twenty five shares, $ 12,500.00 MXP (TWELVE THOUSAND FIVE HUNDRED PESOS 00/100 MXP); Mrs. CONCEPCION MALO HERNANDEZ DE BULNES, , (25) twenty five shares, $ 12,500.00 MXP (TWELVE THOUSAND FIVE HUNDRED PESOS 00/100 MXP); Mr. FRANCISCO RAMON LUIS BULNES MALO, , (25) twenty five shares, $ 12,500.00 MXP (TWELVE THOUSAND FIVE HUNDRED PESOS 00/100 MXP); Mrs. MARIA ETELVINA DEL ROSARIO BULNES MALO, (25) twenty five shares, $ 12,500.00 MXP (TWELVE THOUSAND FIVE HUNDRED PESOS 00/100 MXP).- SECOND.- The*

Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

*appearing parties, taking this attendance as the first Shareholder's Regular Meeting, adopted the following resolutions: a).- The corporation shall be managed by a SOLE ADMINISTRATOR, nominating Mr. FRANCISCO RAMON BULNES MALO for such purpose, who shall have the faculties specified in Clause THIRTEENTH of this deed ...". --* -------- A compared copy of such testimony is enclosed to the appendix with the number one hundred and sixty and under letter "H". --------------------------------------------------
-------- 2.- First testimony of the public instrument number twelve thousand three hundred and three, volume two hundred and eighty three, dated May eleventh of the year two thousand, attested by Oscar Eleazar Amador Soto, Esquire, Notary Public number Nine in and for Baja California Sur, and registered in the Public Registry of Property and Commerce for San Jose del Cabo, Baja California Sur, under number one hundred and fifty two, volume XXIV (twenty four), Section IV (fourth), on May nineteenth of the year two thousand, which LEGALIZES THE MINUTES OF THE SHAREHOLDERS' SPECIAL MEETING of the Corporation denominated "PLAYA GRANDE DE CABO SAN LUCAS", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, exhibited by Mr. VICTOR MANUEL CHONG ALVAREZ, C. P. A., as Special Delegate, and registered in the Public Registry of Property and Commerce for San Jose del Cabo, Baja California Sur, under number 152 (one hundred and fifty two), volume XXIV, Section IV, on May nineteenth of the year two thousand, from which I quote the following; as appropriate: "... the LEGALIZATION OF THE SHAREHOLDERS' SPECIAL MEETING of the Corporation denominated "PLAYA GRANDE DE CABO SAN LUCAS", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, exhibited by Mr. VICTOR MANUEL CHONG ALVAREZ, C. P. A., as Special Delegate, who with the already mentioned legal capacity, requested to the subscribing Notary Public the legalization of the Shareholders' Special Meeting held on September seventeenth of the year one thousand nine hundred and ninety nine, exhibiting for such purpose the document referred to... RESOLUTION OF THE SECOND ITEM.- Next the analysis and discussion of the extended corporate object was carried out, and as a result thereof, the Meeting resolved by unanimous vote to approve the extension of the corporation object proposed by the Meeting chairman, which once approved is transcribed to clause fifth of the corporate bylaws, which is written as quoted next:... FIFTH.- THE CORPORATE OBJECT shall be: a) To render tourism services through the timesharing system; b).- To render hotel services; c).- To construct and exploit real estate developments; d).- To sell all kind of real estates; e).- To construct and sell inhabitancy units; f).- To lease inhabitancy units; g).- To urbanize and sell real estates; h).- To construct and sell buildings; i).- To import and export goods and services; j).- To carry out on its own account or through third parties the legal and mercantile acts or businesses that are needed or convenient for the performance of its corporate object, including to issue, draw, accept, endorse, underwrite and guarantee credit instruments, to grant and receive loans, as well as to issue debentures with or without specific security and to accept its own debentures or of third parties; k).- All the investment transactions related to the aforementioned objects; l).- To execute contracts with all kind of authorities and to be granted concessions; permits and licenses to perform any of the corporate objects listed in the preceding items and that are directly or indirectly related thereto; m).- To provide and receive technical, administrative, accounting, electronic data processing, marketing, legal and educational services, among others; n).- To execute all kind of contracts, acts, transactions and activities directly or indirectly related to the preceding items... ... CLAUSES.- FIRST.- Upon the request of Mr. VICTOR MANUEL CHONG ALVAREZ, C. P. A., as Special Delegate of the Corporation denominated "PLAYA GRANDE DE CABO SAN LUCAS", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, I, the Notary Public, legalize the minutes of the Shareholders' Special Meeting held on September seventeenth of the year one thousand nine hundred and ninety nine.- SECOND.- As a result of the above mentioned legalization, the amendment to clause FIFTH of the corporate bylaws related to the corporate object is legalized herein, as well as all other resolutions adopted, which shall take the corresponding legal effects...". ------------------------------------
-------- A compared copy of such instrument is enclosed to the protocol appendix with the same number of this deed and under letter "I". ----------------------------------------------------
-------- The appearing party, Mr. FRANCISCO RAMON BULNES MALO, stated under oath to tell the truth that the representation with which he appears has not been amended or revoked as of this date, therefore his faculties are legitimate. ------------------------------------
-------- Mister PABLO MARCELO MORENO OLEAS credits the legal existence of his represented and his legal capacity with the following documents: -------------------------------

-------- 1.- First testimony of the public deed number 1,422 (one thousand four hundred and twenty two), Volume 57 (fifty seven), dated March twenty third of the year two thousand and six, attested by the subscribing Notary Public, prior permit granted by the Foreign Affairs Secretariat Number 03000243, Docket number 200603000229, Folio 0K0H1PX2, dated February ninth of the year two thousand and six, and registered in the Public Registry of Property and Commerce of San Jose del Cabo, Baja California Sur, under the Electronic Mercantile Folio number 9112 (nine thousand one hundred and twelve), on April sixth of the year two thousand and six, which I quote next, as appropriate: "... CLAUSES... FIRST.- The appearing party, ALBERT ARTHUR EDMOND MAES, according to the permit granted by the Foreign Affairs Secretariat, which is inserted below, agrees to incorporate an open ended stock company, which shall be subject to the following:- BYLAWS.- CHAPTER FIRST.- DENOMINATION, CORPORATE OBJECT, DOMICILE AND TERM.- FIRST.- DENOMINATION.- The denomination of the corporation shall be "LOGAN HOTELS AND RESORTS, MEXICO", and shall always be followed by the words SOCIEDAD ANONIMA DE CAPITAL VARIABLE, or the initials S. A. DE C. V.- SECOND.- DOMICILE.- The corporation's domicile shall be in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, without any prejudice to the establishment of agencies or branches in any other place of the country or abroad and shall submit itself to the domiciles of choice in the contracts that it executes.- THIRD.- TERM.- The term of the corporation shall be for 99 (ninety nine) years.- FOURTH.- OBJECT.- The corporate object, enunciatively but not restrictively, shall be:- 1) To purchase, sell, lease, sublease, trade, manage, develop, construction and reconstruction of all kind of real estates, either inhabitancy; in condominium or single family houses, commercial or industrial; as well as all kind of public works; the urbanization, development and lot division of rustic or urban real estates; either of its property or of third parties, or under commission fee.- 2) To negotiate and be granted financing from credit institutions, for the urbanization, construction and promotion of all kind of real estates.- 3) The urbanization, lot division, constitution of condominium property systems, etc., of rustic or urban real estates.- 4) To perform, supervise or manage all kind of construction, buildings and all infrastructure works, as well as to develop, subdivide and provide all kind of services to the real estates, either on its own account or through third parties.- 5) To give advice, to conduct, on its own account or through third parties, the supervision, construction, repair, planning, manufacture, decoration and maintenance of all kind of buildings, houses and real estates in general; to be engaged in consulting activities for the construction industry on its own account or through third parties, in all its branches, as well as in the maintenance of all kind of real estates and gardens.- 6) The construction, design, commercialization, management, operation, development and establishment of all kind of real estates to be used as gardens, for cultivation, floriculture, planting, hotel industry, condominiums, golf courses, recreational and sports centers and, in general, the exploitation of all kind of real estates, either rustic or urban, on its own account or through third parties or by commission fee.- 7) The supervision and construction of dwelling places in complexes or private houses, of commercial and industrial buildings, warehouses, storehouses, urbanization of inhabitancy complexes or private houses, development of infrastructure, pavement, sidewalks, earthwork, trimmings, electrification, urban outfitting, machinery rental, heavy and light equipment, materials and raw materials sale for the construction industry, technical assistance for government, federal and municipal agencies, holdings and private individuals.- 8) To contract or subcontract preservation, construction and maintenance works in buildings.- 9) To lease heavy or light machinery needed to execute such works.- 10) To distribute or sell, on its own account or through third parties, heavy machinery, tools and materials for construction, services, advice, representation, management, consulting, commission fee and distribution thereof.... 11) To prepare and design all kind of projects and architectonic drawings related to construction.- 12) The purchase, sale, importing, exporting, leasing, subleasing, trading and commercialization of materials, products and items for construction and indoors & outdoors decoration.- 13) The commercialization of all kind of business related to real estates, purchase, sale, leasing, commission agent and representative of companies established in Mexico or abroad, as well at national level.- 14) The research of prospects to invest and develop the real estate and tourism activity.- 15) Advice in the development of tourism and construction industries.- 16) To purchase, sell, lease, sublease, take under gratuitous loan, the production, in-bond manufacturing, commercialization, importing, exporting, transformation and assembly of all kind of goods and products needed for the rendering of the services related to the Construction, Tourism or Real Estate Industry.- 17) Commission and sale of timesharing real estates.- 18) To

acquire, alienate, manage, establish, install, transform, build, erect, use, dispose of, give or take under lease, trust or gratuitous loan, possess by any other legal instrument, all kind of real estates, real or personal rights, needed for its corporate object, inside and outside the Mexican Territory.- 19) Commission fee and brokerage of all kind of real estates... 20) To be part of other corporations with similar corporate objects, as well as to acquire stocks, shares, quotas, debentures of all kind of companies or corporations, to be part of them and to enter into a limited partnership.- 21) To issue, drawdown, endorse, accept, guarantee all kind of credit instruments.- 22) To encumber in any way allowed by the Law, to pledge or place a mortgage, on real or personal properties that are property of the corporation or that it possess by any legal instrument, for the transactions and activities that the Corporation performs and are comprised in its corporate object, being also able to act as pledge, mortgage or fiduciary broker of third parties, to establish jointly and severally debentures with them and to guarantee their acts and transactions.- 23) To request, acquire, alienate, encumber, use, exploit, register, give or take under lease, trust or gratuitous loan, and assign or dispose, through any legal instrument, brands, trade names and communications, copyrights, patents, inventions, processes and all kind of licenses, permits, authorizations or franchises, either public or private, government or of private individuals, domestic or foreign; as well to execute all kind of contracts of technical assistance, technology transfer and use of trademarks and patents, in the Mexican Territory or abroad.- 24) To hire the necessary employees for the performance of the powers of attorney, commissions, services and all other activities corresponding to its corporate object.- 25) To establish branches, subsidiaries, agencies, warehouses, premises, storehouses, offices and representation agencies or correspondent offices of all kind in the Mexican Territory or abroad.- 26) To grant all kind of powers of attorney, to revoke and substitute them, either all or part thereof.- 27) In general, the negotiation and execution of any proceeding; contract or agreement of civil or mercantile nature that is useful, necessary or convenient for the faithful performance of its corporate object and purposes... The corporation shall not engage in activities that the Foreign Investment Law reserves for the State and for Mexican corporations with alien exclusion clause. It shall not engage in activities with specific regulation, without being granted the corresponding licenses and authorizations, as the case may be... CITIZENSHIP.- FIFTH.- CITIZENSHIP.- The citizenship of the corporation is MEXICAN, WITH ALIEN ADMISSION CLAUSE, therefore at this act the founding members agree with the United Mexican States government that: The current or future alien shareholders of the corporation shall be formally bound with the Foreign Affairs Secretariat to be considered as nationals in relation of the corporation's shares that they acquire or that they hold, as well as in relation to the properties, rights, concessions, shares or interests that the corporation might have, or the rights and obligations derived from the contracts where the own corporation is a party with the Mexican authorities, and shall not invoke the protection of their governments under the penalty of losing, for the benefit of the nation, the corporate shares that they had acquired... CHAPTER SECOND.- CAPITAL STOCK AND SHARES.- SIXTH. CAPITAL STOCK.- The capital stock is variable. The variable capital stock is unlimited. As provided by article 217 (two hundred and seventeen) of the Business Company Law, the Minimum Capital Stock of the Corporation shall be the amount of $50,000.00 MXP (FIFTY THOUSAND PESOS 00 / 100 MXP). The Minimum Capital Stock shall be susceptible of being increased or decreased by the favorable resolution of the Shareholders' Special Meeting, and all the minutes that evidence the corresponding resolution shall be legalized and registered in the Public Registry of Commerce. Regarding Minimum Capital Stock decrease, and once the contributions have been made after this act, it might be decreased without affecting the required limit provided by article 89 (eighty nine) of the Business Company Law and all the legal provisions related to this act shall be met. "The shareholders meeting might designate series of shares to represent the capital stock"... ... SEVENTH.- VARIABLE CAPITAL.- The Maximum Capital Stock authorized is unlimited. As provided by article 213 (two hundred and thirteen) of the Business Company Law, for Capital Stock increase and decrease in its variable part, no other formalities shall be required than those set forth in chapter eighth of the aforementioned law, therefore the capital stock increases and decreases in its variable part shall be made by the favorable resolution of the Shareholders' General Meeting, without the need to legalize the minutes where such resolution was recorded in order to take the corresponding legal effects, and such resolution shall be valid from the date when it was legally resolved... ... NINTH.- SHARES PAR VALUE.- The Capital Stock shall be represented by registered shares with a par value of $500.00 MXP (FIVE HUNDRED PESOS 00 / 100 MXP) each... Each share shall grant its holder the right to 1 (one) vote in the shareholders' meetings. The

shares shall be undividable and shall be represented by temporary certificates or definite share certificates that shall cover one or more shares... The shares that represent the minimum fixed capital stock and the variable capital stock shall grant their holders equal rights and obligations... The temporary certificates of the definite share certificates shall be issued pursuant to the requirements set forth in articles 111 (one hundred and eleven), 125 (one hundred and twenty five), 126 (one hundred and twenty six) and others applicable of the Business Company Law. They shall bear the autograph signature of two members of the Board of Directors or of the Sole Administrator and the provision set in the following bylaws shall be printed or engraved... ... The Corporation shall keep a shares registration book as provided by article 128 (one hundred and twenty eight) of the Business Company Law. Such book shall comprise the names, citizenship and domicile of the shareholders as well as the number of shares that they own, stating the series number, class and other characteristics... CHAPTER FOURTH.- MANAGEMENT OF THE CORPORATION.... THIRTIETH.- MANAGEMENT OF THE CORPORATION.- The management of the Corporation shall be exercised by the Sole Administrator or by the Board of Directors integrated by the number of Directors determined by the Shareholders' Regular Meeting, which might or might not be shareholders of the Corporation and with the capacity of appointing Alternates... So that the Board of Directors might legally act, at least half of its members shall attend the meetings and their resolutions shall be valid when adopted by the majority of those being present. In case of even voting, when the board is integrated by more than two members, the chairman of the board shall have the decision with the casting vote. The Board of Directors shall meet at the corporate domicile or, as the case may be, in any other place specified in the call for the meeting within the Mexican Territory... If, as the case may be, the resolutions are unanimously adopted outside the board of directors' meeting by all of its members, for all the legal purposes they shall have the same validity as if adopted at the meeting, provided that they are confirmed in writing... The calls for board meetings might be made by any of the board of directors' members at least 5 (five) business days in advance to the date set to hold the corresponding meeting, as provided by clauses seventeenth and eighteenth of these Corporate Bylaws, in everything applicable... The minutes of the meetings of the Corporation's Board of Directors shall be prepared and transcribed to the corresponding minutes book of the Corporation and shall include the date, time and place of the corresponding meeting, the names of the holder or alternate directors being present; as well as the name of any other person that attended the meeting and the resolutions adopted, stating if such resolutions were adopted by unanimous vote or by the majority of votes of those being present. The minutes of the Board of Directors' meetings shall be subscribed by the persons who acted as chairman and secretary, respectively... THIRTY SECOND.- FACULTIES.- The Sole Administrator or the Board of Directors, as the case may be, shall have the legal representation of the company and shall perform all the acts needed for the compliance and development of the corporate object; with this purpose, the Sole Administrator or the Chairman of the Board of Directors, shall be vested, as provided by article 10 (ten) of the Business Company Law, as the case may be, with the fullest powers and faculties that are listed next:... 1.- To represent the Corporation with General Power of Attorney for Lawsuits and Collection, pursuant to the first paragraph of article 2554 (two thousand five hundred and fifty four) of the Federal Civil Code and its correlated in each and all the Civil Codes for the States of the United Mexican States, with all the general powers and even the special ones that require special clause as provided by article 2587 (two thousand five hundred and eighty seven) of the Federal Civil Code and its correlated in each and all the Civil Codes for the States of the United Mexican States... 2.- The proxy shall be vested with a full Power of Attorney for acts of administration as provided by the second paragraph of article 2554 (two thousand five hundred and fifty four) of the Federal Civil Code and its correlated in each and all the Civil Codes for the States of the United Mexican States, including enunciatively but not restrictively, the faculties to execute leases, gratuitous bailment, unsecured credit, works and service contracts as well as of any other kind... 3.- To represent the Corporation with full Power of Attorney to exercise Acts of Ownership as provided by the third paragraph of article 2554 (two thousand five hundred and fifty four) of the Federal Civil Code and its correlated in each and all the Civil Codes for the States of the United Mexican States, including enunciatively but not restrictively, faculties to execute all kind of contracts and acts, including those that might imply the disposition and encumbrance of real and personal properties of the corporation... 4.- Power of attorney to grant, subscribe, accept, underwrite, draw, guarantee, withdraw and endorse all kind of credit instruments, as provided by article Ninth and Tenth of the General Law of Credit Instruments and Transactions... 5.- The

Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

proxy might open, manage and cancel bank and securities accounts, make deposits and draw down from them and designate the people for the aforementioned purposes... 6.- Power of Attorney to grant general or special powers of attorney, within the scope of the powers and faculties that were granted by the Board of Directors of the Corporation; and power to revoke and grant them with or without substitution of faculties or with or without faculties to grant powers of attorney within the scope of the faculties granted by the proxies, being able to revoke any substitution of the powers granted... 7.- The proxy as legal representative shall have all the Management faculties in the labor area to attend representing the Corporation, as provided by articles 11 (eleven), 692 (six hundred and ninety two) items II and III (second and third), and 695 (six hundred and ninety five) of the Federal Labor Law, to execute all kind of conciliation agreements and to bind the company's compliance before Federal or Local Conciliation Boards inside or outside the State, as well as to attend Conciliation, Complaint and Defense, Proof Offering and Admission Hearings that might take place before Federal or Local Conciliation and Arbitration Boards, in the State of Baja California Sur or in any other Entity within the Mexican Territory, with faculties granted to conciliate, compromise and execute agreements with claimant workers, as well as to attempt all kind of labor type actions, to answer complaints, to file pleas, offer and adduce evidences, reply to interrogatories as legal representative, independently of being the Proxy of the Mandator, to plead, execute decisions, as well as to conduct the lawsuit in all its stages, without any restriction as provided by Articles 873 (eight hundred and seventy three) and 891 (eight hundred and ninety one) of the Federal Labor Law, and even to file an *Amparo* Trial, and in general, to represent the Corporation in all kind of labor type trials until their completion, as well as before any Labor Authority as provided by Article 523 (five hundred and twenty three) of the already mentioned Code of Laws, following all the legal and administrative procedures before all the official departments and agencies until their completion, as well as before the Trade Unions with which Collective Bargaining Agreements have been executed, and in all cases of conflict... 8.- To execute agreements with the Federal Government, as provided by items I (first) and IV (fourth) of the 27 (twenty seventh) Constitutional article... 9.- The proxy shall appoint and remove managers, assistant managers, agents and employees of the Corporation, determining their activities, work conditions and compensations... The activity of the sole administrator or holder and alternate directors of the board of directors is compatible with the activity of director or general manager or managers or assistant managers thereof... 10.- In addition, the proxy shall execute individual and collective bargaining agreements and shall participate in the preparation of Internal Work Regulations... 11.- To delegate on one or several alternate directors, or as the case may be, on a third party, the execution of one or several acts for concrete and specific cases stating their activities in order to exercise them according to the corresponding terms... 12.- To call Shareholders' General Meetings, to execute their resolutions and, in general, to perform all the acts and transactions that might be needed or convenient for the purposes of the Corporation, with the exception of those expressly reserved under the law or by these Bylaws to the Meeting... THIRTY THIRD.- APPOINTMENT OF MANAGERS.- The Shareholders' General Meeting, the Sole Administrator or the Chairman of the Board of Directors shall appoint one or several directors, general or special managers, regardless if they are Shareholders of the Corporation or not, which might be revoked from their positions at any time by the meeting or by any of the aforementioned management entities, as the case may be. The directors and managers shall have the legal representation of the Corporation, according to the faculties that were specifically granted to them, understanding that in any case they shall only exercise their faculties and perform their activities as instructed by the Shareholders' General Meeting, the Sole Administrator or the Chairman of the Board of Directors... THIRTY FOURTH.- SUBSTITUTION OF THE MANAGEMENT ENTITY.- In absence of the Sole Administrator, or of one or more members of the Board of Directors, it (they) shall be substituted by the person(s) that the General Meeting elects, with the exception of the Chairman of the Board of Directors, which in case of being vacant, shall be substituted by its alternate, or as the case may be, by the person acting as Secretary of the Board at that time, who shall automatically be invested with the faculties granted to the Chairman under the terms described in the Thirty Second bylaw... ... TRANSITORY CLAUSES.- FIRST.- The shares that integrate the minimum capital stock have been completely subscribed and paid by the shareholders as follows: ... SHAREHOLDERS:.- SHARES.- VALUE.- LOGAN HOTELS AND RESORTS DEVELOPMENT COMPANY LIMITED.- 99 (NINETY NINE).- $49,500.00 MXP.- (NINETY NINE SHARES.- FORTY NINE THOUSAND FIVE HUNDRED PESOS

00/100 MXP).- ALBERT ARTHUR EDMOND MAES.- 01 (ZERO ONE).- $ 500.00 MXP (ONE SHARE.- FIVE HUNDRED PESOS 00/100 MXP).- TOTAL:.- 100 (ONE HUNDRED).- $ 50,000.00 MXP (FIFTY THOUSAND PESOS 00/100 MXP), representing the Minimum Capital Stock.- Therefore, within the term set by the Law, ONE HUNDRED SHARES Representing the minimum capital stock shall be issued, with a par value of $500.00 MXP (FIVE HUNDRED PESOS 00/100 MXP) each, i.e. the total amount of $50,000.00 MXP (FIFTY THOUSAND PESOS 00/100 MXP).- SECOND.- The shareholders; taking this attendance as the first Shareholder's Regular Meeting, adopted the following resolutions: I.- The corporation shall be managed by a SOLE ADMINISTRATOR, nominating PABLO MARCELO MORENO OLEAN as such, who individually or jointly with the Chief Executive Officer, shall have the legal representation of the corporation and shall represent the corporation in the execution of all the acts corresponding to the development and performance of its corporate objects, therefore he is invested with the fullest powers and faculties listed in the Thirty Second Bylaw, with the faculties limitations considered in items 2, 3, 4 and 5, which are detailed in the next paragraphs, and shall be considered as if literally quoted herein, the already mentioned for the legal purposes deemed convenient... Regarding the faculties of the full Power of Attorney for acts of administration and full Power of Attorney to exercise Acts of Ownership, set forth in items 2 and 3 of the Thirty Second bylaw, the Sole Administrator shall only make investments of any kind as well as the sale of real or personal properties of the company, with the express authorization in writing from LOGAN HOTELS & RESORTS DEVELOPMENT COMPANY LIMITED, through the person that legally represents it and / or Mister ALBERT ARTHUR EDMOND MAES, by written authorization, which in case of being granted abroad, shall bear the corresponding Apostille and the translation to Spanish language by an Expert Translator legally authorized by the competent authorities of the related place... The Sole Administrator shall have the Power of Attorney to grant, subscribe, accept, underwrite, draw, guarantee, withdraw and endorse all kind of credit instruments, as provided by article Ninth and Tenth of the General Law of Credit Instruments and Transactions, set forth in item 4 of the Thirty Second bylaw, provided that it does not exceed the amount of US$ 10,000.00 (TEN THOUSAND DOLLARS 00/100 LEGAL TENDER IN THE UNITED STATES OF AMERICA).- Regarding cash flow and bank accounts management, set forth in item 5 of the Thirty Second bylaw, the Sole Administrator might freely issue checks or dispose of any amount of money provided that it does not exceed the amount of US$ 10,000.00 (TEN THOUSAND DOLLARS 00/100 LEGAL TENDER IN THE UNITED STATES OF AMERICA) and, in the event of exceeding such amount, the check shall be jointly subscribed by the Sole Administrator and Mr. STEPHAN RATHIER... The exercise of the Sole Administrator nomination shall be subject to the condition that he is granted the corresponding migration permits from the State Secretariat, which shall be granted within a thirty day term.- III.- Mr. ALBERT ARTHUR EDMOND MAES is nominated CHIEF EXECUTIVE OFFICER, who jointly or separately with the Corporation's Sole Administrator, shall have the legal representation of the company, and shall have the social signature to execute the procedures related to the development and performance of the corporate objects, therefore he is invested with the fullest powers and faculties listed in the Thirty Second bylaw, which shall be considered completely reproduced herein as if literally quoted, for all the legal purposes deemed convenient.- The exercise of the Chief Executive Officer nomination shall be subject to the condition that he is granted the corresponding migration permits from the State Secretariat, which shall be granted within a thirty day term.- III.- Mister MACLOVIO COSTICH CORTEZ is nominated as Shareholders' Representative, who shall remain in office as long as he is not revoked, and shall act as set forth in the corporate bylaws and shall have the faculties and obligations provided by articles 166 (one hundred and sixty six), 169 (one hundred and sixty nine) to 173 (one hundred and seventy three), 176 (one hundred and seventy six) and 177 (one hundred and seventy seven) of the Business Company Law.- THIRD.- It is certified herein that the Sole Administrator, the Chief Executive Officer and the Shareholders' Representative of this corporation accepted their positions and are exempted from securing their management as set forth in the Thirty Ninth bylaw, receiving a vote of confidence for the activities that they will perform. Nevertheless; such security might be set subsequently by the Shareholders' General Meeting...". -------------------------------------------------------------
-------- The original of such instrument is enclosed to my protocol under the number one thousand four hundred and twenty two. ------------------------------------------------



Maria del Pilar Garcia Orozco
Notary Public No. 17
Cabo San Lucas, B. C. S.

-------- 2.- First testimony of deed number one thousand eight hundred and ninety two, volume seventy eight, dated July eighteenth of the year two thousand and six, attested by the subscribing Notary Public, which comprises the legalization of the resolutions adopted outside the meeting by the unanimous approval of the shareholders, effective as of July fourteenth of the year two thousand and six, of the resolutions of the corporation "LOGAN HOTELS AND RESORTS, MEXICO", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, from which I quote the following, as appropriate: "... THIRD.- The appearing party, FERNANDO MANUEL GARCIA CAMPUZANO, as delegate of such resolutions, hereby certifies and sets forth in this instrument, the resolution adopted outside the meeting by the unanimous vote of the shareholders, where they approve the granting and effectively grant in favor of Mr. PABLO MARCELO MORENO OLEAS, the following Powers of Attorney:... ... B).- POWER OF ATTORNEY FOR ACTS OF ADMINISTRATION AND OWNERSHIP as provided by the second and third paragraphs of the already quoted article two thousand five hundred and fifty four (2554) of the Federal Civil Code and its correlated Articles of the Civil Codes in force for each of the States of the United Mexican States and the Federal District. This power of attorney shall be in force for 30 calendar days, which shall count from the legalization date thereof by a Notary Public...". --------------------------
-------- The original of such deed is filed in my protocol under the number one thousand eight hundred and ninety two. ------------------------------------------------------------------
-------- Mr. PABLO MARCELO MORENO OLEAS, states under oath to tell the truth, that his faculties have not been revoked or limited in any way. --------------------------------

--------------------------------------- G E N E R A L S ---------------------------------------
-------- Mr. FRANCISCO RAMON BULNES MALO, states under oath to tell the truth, to be native from Mexico City, Federal District, where he was born on February twelfth of the year one thousand nine hundred and sixty, divorced, businessman, address in Boulevard Marina sin numero, Colonia Centro, Cabo San Lucas, Baja California Sur, who identified himself with the voting card with photograph issued by the Federal Electoral Institute, a duly compared copy of such document is enclosed to the protocol appendix with the same number of this deed and under letter "J". -----------------------------------------------------
-------- PABLO MARCELO MORENO OLEAS, Ecuadorian citizen, of legal age, divorced, sales promoter, native from Quito, Ecuador, where he was born on March twenty eighth of the year one thousand nine hundred and sixty one, address in the street Paseo Cabo Mil sin numero, Lote tres, Manzana Once "A", in the Desarrollo Turistico Cabo Bello, located in Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, who identified himself and evidenced his legal stay in the country with his non-immigrant FM2 ("F" "M" two) migration document, issued by the State Secretariat, enclosing a duly compared copy of such document to the appendix with the same number of this deed and under letter "K". ------------------------------------------------------------------------

-------- I, THE NOTARY PUBLIC, HEREBY ATTEST: ---------------------------------------

-------- I.- That everything listed and inserted in this deed faithfully matches with the documents, which I had at sight and returned to the interested. ---------------------------------
-------- II.- That I personally know the appearing parties and in my opinion they have the civil capacity to contract and to be bound. ------------------------------------------------------
-------- III.- That they stated in relation to the payment of the Income Tax, after being warned of the penalties in which those who falsely state incur, that those being bound to its payment are up to date although they did not evidence it. ---------------------------------------
-------- IV.- That I warned the appearing parties about their right to read or, that I, the Notary Public, read this instruments, they elected the former and subsequently stated their agreement; therefore after I explained to them the legal value and scope, they ratified and subscribed it as evidence. -------------------------------------------------------------------------
--------------------------------------- I HEREBY ATTEST ---------------------------------------
-------- Illegible Signature.- FRANCISCO RAMON BULNES MALO.- Illegible Signature.- PABLO MARCELO MORENO OLEAS. ----------------------------------------------
-------- SUBSCRIBED BEFORE ME ON JULY TWENTY FIRST OF THE YEAR TWO THOUSAND AND SIX. THIS INSTRUMENT WAS DEFINITELY AUTHORIZED ON AUGUST FOURTH OF THE YEAR TWO THOUSAND AND SIX.- I HEREBY ATTEST. -------------------------------------------------------------------------------------------------
-------- The subscribing Notary Public hereby certifies that enclosed to the protocol appendix, with the same number of this deed, is the following document: ---------------------

-------- A) Statement of the Transfer of Ownership Real Estate Acquisition Tax, submitted to the Municipal Tax Collection Office. ------------------------------------------------------
-------- A copy of such document is enclosed to the testimony of this deed. -------------------
-------- THIS IS THE FIRST ORIGINAL, FIRST IN ORDER, THAT I ISSUE FOR THE CORPORATION DENOMINATED "LOGAN HOTELS AND RESORTS, MEXICO", SOCIEDAD ANONIMA DE CAPITAL VARIABLE.- PREPARED IN PERMANENT INK, COMPARED AND SUBSCRIBED, CONSISTING OF FIFTEEN USEFUL PAGES PRINTED ON BOTH SIDES AND ONE USEFUL PAGE PRINTED ONLY ON ONE SIDE.- I HEREBY ATTEST. ------------------------------------------------------------------
CABO SAN LUCAS, BAJA CALIFORNIA SUR, AUGUST FOURTH OF THE YEAR TWO THOUSAND AND SIX.

Illegible Signature

At the right side of the aforementioned illegible signature and at the middle right margin of each even page of this document, the same round seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the upper left and right margin and at the middle left margin of each uneven page, the same round seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the right margin of this page and at the upper right margin of each uneven page of this document, a hologram is affixed.

At the right margin of each uneven page of this document, three equal seals are stamped which are read as follows: COMPARED followed by an illegible signature.

At the left margin of each even page of this document, two equal seals are stamped which are read as follow: COMPARED followed by two illegible signatures.

The following page is left blank intentionally bearing a seal that is read as follows:
NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the middle left margin a seal is stamped which is read as follows: COMPARED followed by an illegible signature.

(Coat of Arms)          "B"          9TH CITY COUNCIL OF LOS CABOS
9th City Council                          PUBLIC REGISTRY OF PROPERTY AND
of Los Cabos,                             COMMERCE HEAD OFFICE
B. C. S.

          MUNICIPAL GENERAL SECRETARIAT
          PUBLIC REGISTRY OF PROPERTY AND
          COMMERCE HEAD OFFICE

THE SUBSCRIBERS, GUILLERMO MARRON ROSAS, ESQUIRE, DIRECTOR OF THE PUBLIC
REGISTRY OF PROPERTY AND COMMERCE OF THIS 9TH CITY COUNCIL OF LOS CABOS, AND
DOLORES BURGOIN COTA, OFFICER IN CHARGE OF THIS AGENCY CERTIFICATIONS AND OF
THE ARCHIVE.

HEREBY CERTIFY: That a search was conducted, corresponding to a 1 year term prior to this date, and
during such term we found:

FREE OF LIEN

Polygon A of LA LAGUNA real estate, located in the District of Cabo San Lucas, Municipality of Los Cabos,
B. C. S., Real Estate Registry No. 4 - 02 – 013 – 0006 with an area of 340-03-76-054 Hectares.

And the following metes and bounds:

To the North: 1,560.180 meters  with the real estate that is or was owned by Mister Victor Hugo Ceseña.,

To the South: in two sections of 119.360 meters with Polygon "C" plus 1,661.188 meters with the Pacific
Ocean Federal Maritime Land Zone.

To the East: 1,993.450 meters with Polygon "B", plus 100.00 meters with Polygon "C" and 343.24 meters
with the real estate that is or was owned by Mister Atilio Colli Villarino.

To the West: 2,042.246 meters with the real estate that is or was owned by Mister Francisco Bulnes Malo.

REGISTERED UNDER NUMBER 29 PAGE 29 VOLUME CCXXIII E. P. SECTION 1ST, ON AUGUST 16,
2005, IN FAVOR OF PLAYA GRANDE DE CABO SAN LUCAS, S. A. DE C. V.

FOR EVIDENCE AND UPON THE REQUEST OF PLAYA GRANDE DE CABO SAN LUCAS, S. A. DE
C. V., WE ISSUE THIS CERTIFICATE IN SAN JOSE DEL CABO, BAJA CALIFORNIA SUR, UNITED
MEXICAN STATES, BEING THE 13:30 HOURS, ON JULY 6, 2006. HAVING PAID FOR ITS
ISSUANCE THE AMOUNT OF $ 316.36 MXP. ACCORDING TO THE OFFICIAL RECEIPT 304801,
WHICH WAS EXHIBITED.
          Illegible Signature
          GUILLERMO MARRON ROSAS, ESQ.

At the right side of the abovementioned illegible signature a seal is stamped bearing a coat of arms and the
following legend:
UNITED MEXICAN STATES
PUBLIC REGISTRY OF PROPERTY AND COMMERCE
ARCHIVE AND CERTIFICATIONS
LOS CABOS, B. C. S.

At the right margin a seal is stamped with the following legend: COMPARED followed by an illegible
signature.

At the middle left margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

The following page is left blank intentionally bearing only a seal that is read as follows:
NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

(Coat of Arms)                    8ᵗʰ CITY COUNCIL OF LOS CABOS, B. C. S.        "C"
                                 Municipal Offices
                                 CABO SAN LUCAS, BAJA CALIFORNIA SUR

                    THE TAX COLLECTION OFFICER
                    ERNESTO S. CORRALES FRIAS, ESQ.
                    LOS CABOS CITY COUNCIL
                    BAJA CALIFORNIA SUR, HEREBY

                    C E R T I F I E S

        THAT IN THE RUSTIC MATRIX A REAL ESTATE IS REGISTERED WITH THE
REAL ESTATE REGISTRY NO: 402-013-0006

WITH A CAPITAL OF $ 47,458.17 MXP                    PROPERTY OF

        BULNES MOLLEDA RAMON LUIS

UP TO DATE IN THE PAYMENT OF THE REAL ESTATE TAX UP TO THE 6ᵀᴴ TWO-
MONTH PERIOD OF THE YEAR 2004 ACCORDING TO THE OFFICIAL RECEIPT NUMBER
96159 DATED: JANUARY 21, 2004.

I ISSUE THIS CERTIFICATE UPON THE REQUEST OF THE INTERESTED AND FOR THE
LEGAL PURPOSES DEEMED CONVENIENT IN CABO SAN LUCAS, BAJA CALIFORNIA
SUR, ON DECEMBER NINTH OF THE YEAR TWO THOUSAND AND FOUR.

                    ILLEGIBLE SIGNATURE
                    ERNESTO S. CORRALES FRIAS, ESQ.
                    MUNICIPAL TAX COLLECTION OFFICER, C. S. L. DISTRICT

THIS DOCUMENT SHALL BE VOID IF IT SHOWS ERASURES OR CORRECTIONS.

At the left side of the above mentioned illegible signature a seal is stamped bearing a coat of arms
and the following legend:
UNITED MEXICAN STATES
8ᵀᴴ CITY COUNCIL OF LOS CABOS, BAJA CALIFORNIA SUR
TAX COLLECTION OFFICE
CABO SAN LUCAS DISTRICT
LOS CABOS, B. C. S.

At the upper right margin and lower left margin three equal round seals are stamped bearing a
coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the right margin three seals are stamped which are read as follows: COMPARED, followed by
three illegible signatures.

The following page is left blank intentionally bearing a seal that is read as follows: NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the middle left margin a seal is stamped which is read as follows: COMPARED followed by an
illegible signature.

(Coat of Arms)        9th CITY COUNCIL OF LOS CABOS, BAJA CALIFORNIA SUR    "D"
MUNICIPAL GENERAL TREASURY OFFICE
REAL ESTATE REGISTRY HEAD OFFICE
EXPERT APPRAISAL
Phone / Fax: (624) 143 29 99, 143 34 55 and 143 28 28
hruvalcaba@cabosur.net
Cabo San Lucas, B. C. S.

Cabo San Lucas, B. C. S., Friday, June 9, 2006              No. 2006 / 1299

As provided by Articles 35 to 42 and others applicable of the Finance Law for the Municipalities of the State of Baja California Sur, the Expert's Appraisal is conducted corresponding to the real estate located in: POLYGON A OF LA LAGUNA REAL ESTATE, CABO SAN LUCAS, LOS CABOS, B. C. S.

Real Estate Registry No. <u>4 – 02 – 013 – 0006</u>      Township: <u>CABO SAN LUCAS</u>

## I.- BACKGROUND

Applicant: <u>PLAYA GRANDE DE CABO SAN LUCAS, S. A. DE C. V.</u>
Expert Appraiser: <u>LUIS PEDRO CERVANTES SANTAMARIA</u>  Registry No. <u>03</u>
Real Estate owner: <u>PLAYA GRANDE DE CABO SAN LUCAS, S. A. DE C. V.</u>

### GENERAL DESCRIPTION OF THE REAL ESTATE

### II.- CHARACTERISTICS

Area classification: <u>RUSTIC</u>        Population density: ----------------------------------------
Buildings density: ----------------------------    Kind of predominant buildings in the street: ----------
Municipal public services:
Water: <u>No</u> Electric power: <u>No</u> Sewage System: <u>No</u> Pavement: <u>No</u> Sidewalks: <u>No</u> Lighting: <u>No</u> Telephone: <u>No</u>
Total area as per documents: <u>340 – 03 – 76.054 hectares</u>   Total measured area: ------------------------ Has.

Metes and bounds:
To the North: <u>1,560.180 meters  with the real estate that is or was owned by Mister Victor Hugo Ceseña.</u>

To the South: <u>in two sections of 119.360 meters  with Polygon "C" plus 1,661.188 meters with the Pacific Ocean Federal Maritime Land Zone.</u>

To the East: <u>in three sections of 1,993.450 meters with Polygon "B", plus 100.00 meters with Polygon "C" and 343.24 meters with the real estate that is or was owned by Mister Atilio Colli Villarino.</u>

To the West: <u>2,042.246 meters with the real estate that is or was owned by Mister Francisco Bulnes Malo.</u>

Real Estate Use:
Vacant real estate

At the right side of the above mentioned a round seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
9th CITY HALL OF LOS CABOS, BAJA CALIFORNIA SUR
REAL ESTATE REGISTRY HEAD OFFICE
LOS CABOS, B. C. S.

At the upper right margin and left margin the same round seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the right margin two seals are stamped which are read as follows: COMPARED, followed by an illegible signature.

At the bottom of this page three initials are subscribed.

The following page is left blank intentionally bearing a seal that is read as follows: NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the middle left margin a seal is stamped which is read as follows: COMPARED followed by an illegible signature.

Sketch    With the real estate that is or was owned by Mr.
          Victor Hugo Ceseña



1,560.180 Meters

2,042.246 meters with the real estate that is or was owned by Mister Francisco Buitres Malo.

1,993.450 meters with Polygon "B", plus 100.00 meters with Polygon "C" and 343.24 meters with the real estate that is or was owned by Mister Atilio Colli Villarino

119.360 meters with Polygon "C" plus 1,661.188 meters with the Pacific Ocean Federal Maritime Land Zone

## IV. PHYSICAL APPRAISAL

Remarks:

a)    Parts that integrate the lot

| | | | Unit Value MXP | | | Partial Value MXP |
|---|---|---|---|---|---|---|
| 16 – 61 – 18.80 | Has. | | $ 4,500,000.00 | Has. | | $ 74,753,460.00 |
| 35 – 61 – 09.60 | Has. | | $ 3,000,000.00 | Has. | | $ 106,832,880.00 |
| 287 – 81 – 47.654 | Has. | | $ 1,300,000.00 | Has. | | $ 374,159,195.02 |
| Corner location increase | | | | | | $ 0.00 |
| | | | PIECE OF LAND VALUE | | | $ 555,745,535.02 |

b)    Special facilities:

| | MXP | | MXP | |
|---|---|---|---|---|
| 0.00 | $ 0.00 | | | $ 0.00 |
| 0.00 | $ 0.00 | | | $ 0.00 |
| 0.00 | $ 0.00 | | | $ 0.00 |
| 0.00 | $ 0.00 | | | $ 0.00 |
| | SPECIAL FACILITIES VALUE | | | $ 0.00 |

## V. APPRAISAL SUMMARY

| | MXP |
|---|---|
| Real estate value | $ 555,745,535.02 |
| Special facilities value | $ 0.00 |
| Current Value: | $ 555,745,535.02 |

Five hundred and fifty five million seven hundred and forty five thousand five hundred and thirty five pesos 02 / 100 MXP

Value as of Friday, June 9, 2006
Name and Signature of the Expert Appraiser
Illegible Signature
Luis Pedro Cervantes Santamaria

REVIEW BY:                                    APPROVED BY:
Illegible Signature                          Illegible Signature

Note: The term of this appraisal document shall be 90 days from its issuance date.

Between the abovementioned illegible signatures, a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
9th CITY HALL OF LOS CABOS, BAJA CALIFORNIA SUR
REAL ESTATE REGISTRY HEAD OFFICE
LOS CABOS, B. C. S.

At the middle left margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the right margin two seals are stamped which are read as follows: COMPARED followed by an illegible signature.

The following page is left blank intentionally bearing a seal that is read as follows: NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the left margin a seal is stamped which is read as follows: COMPARED followed by an illegible signature.

"E"

**EXHIBIT "A"**

**(Fiduciary Institution Fees)**

At the middle left margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the right margin a seal is stamped which is read as follows: COMPARED followed by an illegible signature.

The following page is left blank intentionally bearing a seal that is read as follows: NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

# TRUST SERVICES

I.   **INITIAL FEE**                                                        **US$ 10,000.00**
This one-time fee includes (a) our review of the deal proposal, (b) acceptance of the fiduciary responsibility, (c) review of the related documentation, (d) the establishment of required accounting produces, (e) internal controls set up, (e) negotiation and execution of the governing documentation (under Mexican law), (f) Registry and ID of the Trust Estate, (g) creation, negotiation and execution of agreements. This fee shall be paid upon execution of the agreement.

II.  **ANNUAL FEE**                                                         **US$ 20,000.00**
This annual fee includes management and maintenance of the periodical activities of the Trust, relevant notices included within the Trust Agreement, issuance of Trust statements, and any other Trust related activities according to the Trust Agreement and/or related transaction documents.

Our understanding is that the following are the principal responsibilities of the Trustee:

> Reception of the Trust Estate;
> Transfer of the Trust Estate to the beneficiary or any approved third party;
> Return of Trust Estate to Settlors or remainder (in its case);
> Individual book entries for each transaction/movement;
> Account movements;
> Monthly accounting reports;
> Trust yearly financial statements;
> Regular reports with a summary of the underlying assets in the Trust.

III. **EXECUTION FEES**                                                     **US$ 30,000.00**
This fee includes the acceptance of the responsibility of execution and supervision of the third party agent hired to perform the execution and promotion of the Trust assets. The extrajudicial execution shall be done as provided in the terms of the Trust Agreement.

These fees do not include the fees and expenses charged by the third party agent hired for the promotion and execution of the Trust assets. Additional fees may include, but are not limited to appraisals, notary fees, notices not provided by the Trust Agreement, marketing, publishing, expenses, commissions consulting fees and attorney fees.

IV.  **POWERS OF ATTORNEY**                                                 **Waived**
This fee is waived; nevertheless the expenses related need to be paid in advance to the trustee.

V.   **MODIFICATIONS TO GOVERNING DOCUMENTS**           **To be priced separately**
Any modification to governing documentation that requires the review of the Trustee.

VI.  **ADDITIONAL SERVICES**                                   **To be priced separately**
Any additional services not included under governing documentation shall be priced separately.

VII. **ADDITIONAL EXPENSES RELATED TO THE TRANSACTION**
Includes reasonable, documented travel expenses related to transaction meetings, pre and post closing (as necessary) expenses relating to the Trust operation, as well as, but not limited to the fees of independent counsel/attorneys and/or public accounting firms; notaries, auditors, fiscal advisors, valuation agencies, publications and any other expense necessary to grant the described service.

*All the above mentioned fees will be subject to 15% VAT.*

Three initials are subscribed at the lower left margin and at the lower right margin.

At the middle left margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the middle right margin a seal is stamped which is read as follows: COMPARED followed by an illegible signature.

The following page is left blank intentionally bearing a seal that is read as follows: NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

**Schedule A**

**Corporations**

**Documentation Required for each of the Settlors/Beneficiaries:**

- ✓ Copy of the Certificate of Incorporation, duly recorded and including Charter and Bylaws of each of the parties in the Trust Agreement.
- ✓ Copy of the Power of Attorney of each of the legal representatives signing on behalf of each of the parties in the Trust Agreement.
- ✓ Copy of a current Official ID of the legal representatives signing on behalf of each of the parties in the Trust Agreement.
- ✓ Copy of a recent bill showing the address of each of the parties in the Trust Agreement.
- ✓ Copy of the Tax payer ID Card of each of the parties in the Trust Agreement.
- ✓ Copy of the audited financial statements for the past 3 years of each of the parties in the Trust Agreement.

**General Information Required for each of the Settlors / Beneficiaries:**

- ✓ Purpose and Main activities of the Corporation
- ✓ Shareholders
- ✓ Name of the Members of the Board
- ✓ Name of the legal representatives of the Corporation
- ✓ Phone number
- ✓ Fax number
- ✓ E-mail address of the contact person
- ✓ Scope of services of the Corporation
- ✓ Geographical coverage of the Corporation
- ✓ Number of employees
- ✓ Number of branches
- ✓ Annual sales
- ✓ Assets
- ✓ Liabilities
- ✓ Capital
- ✓ Main source of income
- ✓ Origin of income
- ✓ Two commercial references from customers
- ✓ Two commercial references from suppliers
- ✓ Two references from banks providing account number

At the lower and right margin three initials are subscribed.

At the middle left margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the middle right margin a seal is stamped which is read as follows: COMPARED followed by an illegible signature.

The following page is left blank intentionally bearing a seal that is read as follows: NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

"F"

**Schedule "B"**

July 20, 2006

HSBC Mexico, S. A.
Av. Paseo de la Reforma 156
Piso 10, Colonia Cuauhtemoc
C. P. 06500, Mexico, D. F.

Attention:    Ian Macalester
              Fiduciary Director

Ref.: Trust No. 229539 (TWO TWO NINE FIVE THREE NINE).

       The subscriber, [General Manager/Sole Administrator] of Logan Hotels and Resorts, Mexico, S. A. de C. V. (the "Second Trustee"), in relation to Trust No. 229539 (TWO TWO NINE FIVE THREE NINE) by means of which HSBC Mexico, S. A., Institucion de Banca Multiple, Grupo Financiero HSBC, Fiduciary Division acts as Fiduciary Institution (the "Fiduciary Institution"), hereby certifies that: (i) the people listed next (the "Authorized Persons") have the necessary faculties to indistinctly instruct, on behalf of the Second Trustee, according to the terms and conditions of the abovementioned Trust Agreement (i) via Telefax/Fax and /or (ii) by mail or courier services in original letter prepared in letterhead paper; (ii) the autograph signature exhibited in this certification next to the Authorized Persons, is the authentic signature; (iii) that the Authorized Persons are authorized to receive confirmation phone calls from the Fiduciary Institution to confirm

- 2 -

At the lower and right margin three initials are subscribed.

At the middle left margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the middle right margin a seal is stamped which is read as follows: COMPARED followed by an illegible signature.

The following page is left blank intentionally bearing a seal that is read as follows: NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

Instructions, (iv) that the Fiduciary Institution shall only acknowledge as valid, the instructions from the Authorized Persons and (v) that the Fiduciary Institution shall be held harmless from any liability provided that it follows any instruction from the Authorized Persons, in compliance to the Trust Agreement.

| Name | Signature | Phone number |
|------|-----------|--------------|
| Albert Arthur Edmond Maes | Illegible Signature | + 33. 614. 66. 50. 99 |

There being no further matter to discuss, I remain as always.


Yours sincerely,

Illegible Signature
By: Pablo Marcelo Moreno Oleas
Title: Sole Administrator and Legal Representative

- 3 -


At the lower right margin two initials are subscribed.

At the middle left margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the middle right margin a seal is stamped which is read as follows: COMPARED followed by an illegible signature.

The following page is left blank intentionally bearing a seal that is read as follows: NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

"G"

**Schedule "C"**

July 20, 2006

HSBC Mexico, S. A.
Av. Paseo de la Reforma 156
Piso 10, Colonia Cuauhtemoc
C. P. 06500, Mexico, D. F.

Attention:    Ian Macalester
              Fiduciary Director

Ref.: Trust No. 229539 (TWO TWO NINE FIVE THREE NINE).

      The subscriber, Eduardo Pizarro Suarez Villalobos, representative of Lehman Brothers Holdings Inc. (the "First Trustee"), in relation to Trust No. 229539 (TWO TWO NINE FIVE THREE NINE) by means of which HSBC Mexico, S. A., Institucion de Banca Multiple, Grupo Financiero HSBC, Fiduciary Division acts as Fiduciary Institution (the "Fiduciary Institution"), hereby certifies that: (i) the people listed next (the "Authorized Persons") have the necessary faculties to indistinctly instruct, on behalf of the First Trustee, according to the terms and conditions of the abovementioned Trust Agreement (i) via Telefax/Fax and /or (ii) by mail or courier services in original letter prepared in letterhead paper; (ii) the autograph signature exhibited in this certification next to the Authorized Persons, is the authentic signature; (iii) that the Authorized Persons are authorized to confirm Instructions, (iv) that the Fiduciary Institution shall only acknowledge as valid, the instructions from the Authorized Persons and (v) that the Fiduciary Institution shall be held

- 4 -

At the lower left and right margin three initials are subscribed.

At the middle left margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the middle right margin a seal is stamped which is read as follows: COMPARED followed by an illegible signature.

The following page is left blank intentionally bearing a seal that is read as follows: NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

harmless from any liability provided that it follows any instruction from the Authorized Persons, in compliance to the Trust Agreement.

| Name | Signature | Phone number |
|------|-----------|--------------|
| Masood Bhatti | _____ | 212 - 526 - 6220 |

There being no further matter to discuss, I remain as always.

Yours sincerely,

Illegible Signature
By: Eduardo Eugenio Pizarro Suarez Villalobos
Title: Legal Representative

- 5 -

At the lower right margin three initials are subscribed.

At the middle left margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the middle right margin a seal is stamped which is read as follows: COMPARED followed by an illegible signature.

The following page is left blank intentionally bearing a seal that is read as follows: NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

"H"

Mexico, D. F., July 19, 2006

Claudia Gabriela Sanches Rodriguez
P R E S E N T

Ref.: Trust Number 229539

In compliance with the power of attorney granted to you by public deed number 25,270, dated June 23, 2005, attested by Angel Gilberto Adame Lopez, Esquire, Notary Public number 233 in and for the Federal District, I authorize you herein to appear to the signature of the legal acts mentioned next, corresponding to the trust with the following characteristics:

TYPE OF TRUST:    Transfer of Ownership and Irrevocable Security.

PARTIES:

TRUSTOR AND SECOND TRUSTEE.- Logan Hotels and Resorts Mexico, S. A. de C. V.

FIRST TRUSTEE.- LEHMAN BROTHERS HOLDINGS INC.

FIDUCIARY INSTITUTION.- HSBC Mexico, S. A., Institucion de Banca Multiple, Grupo Financiero HSBC, Fiduciary Division

TRUST ESTATE:
Real Estates

SPECIFIC PURPOSE OF THE TRUST THAT COVERS THE ACT TO BE PERFORMED:

That the Fiduciary Institution receives the property of the real estate subject matter of the trust and to secure therewith a loan granted by the First Trustee to the Trustor, according to the characteristics and terms of such loan; such security shall remain during the entire time that the trust is in full force and effect and in the event of default, to conduct the out of court execution procedure set in the agreement text.

At the lower right margin an illegible signature is subscribed.

At the middle left margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the middle right margin a seal is stamped which is read as follows: COMPARED followed by an illegible signature.

The following page is left blank intentionally bearing a seal that is read as follows: NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

LEGAL ACTS TO BE CONDUCTED:

To execute the contract in public deed at the Notary Public Number 17 in and for the city of Los Cabos, Baja California Sur.

This letter shall be in force a thirty business day period from the date of its issuance.

The authenticity and veracity of the information related to the legal acts to be conducted set in the application authorized at this act, is the absolute responsibility of the one who requested it and any modification to the legal acts characteristics to be conducted, which are authorized herein, shall require a new supplementary letter to your power of attorney.

YOURS SINCERELY,

Illegible Signature
ALMA YANET PEREGRINA MONTIEL
FIDUCIARY DELEGATE
HSBC MEXICO, S. A.
INSTITUCION DE BANCA MULTIPLE
GRUPO FINANCIERO HSBC
FIDUCIARY DIVISION

At the middle left margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the middle right margin a seal is stamped which is read as follows: COMPARED followed by an illegible signature.

The following page is left blank intentionally bearing a seal that is read as follows: NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

"I"

JOSE LUIS QUEVEDO SALCEDA
Notary Public No. 99

<u>TESTIMONY</u> OF THE POWER OF ATTORNEY LEGALIZATION INSTRUMENT
GRANTED ABROAD BY "LEHMAN BROTHERS HOLDINGS, INC."

<u>Book 1,614    No. 87,205</u>                    <u>JULY 11, 2006</u>

Rio Marne 19-5o Piso Col. Cuauhtemoc, C. P. 06500, Deleg. Cuauhtemoc, Mexico, D. F.
(illegible)

At the middle left margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the middle right margin a seal is stamped which is read as follows: COMPARED followed by an illegible
signature.

The following page is left blank intentionally bearing a seal that is read as follows: NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the middle left margin a seal is stamped which is read as follows: COMPARED followed by an illegible
signature.



Jose Luis Quevedo Salceda
Notary Public No. 99
Mexico, D. F.

- INSTRUMENT EIGHTY SEVEN THOUSAND TWO HUNDRED AND FIVE -----------

----------- BOOK ONE THOUSAND SIX HUNDRED AND FOURTEEN --------------------

--- MEXICO CITY, FEDERAL DISTRICT, July eleventh of the year two thousand and six.

--- JOSE LUIS QUEVEDO SALCEDA, holder of the Notary Public's Office number ninety nine in and for the Federal District, hereby certifies: ----------------------------------------

--- The LEGALIZATION of the POWER OF ATTORNEY granted abroad by "LEHMAN BROTHERS HOLDINGS INC.", as provided by article one hundred and forty of Notary Publics' Law for the Federal District, upon the request of Mr. EDUARDO EUGENIO PIZARRO SUAREZ VILLALOBOS, Esquire, according to the following recitals and clauses: ----------------------------------------------------------------------------------------------

--------------------------------------------- RECITALS ------------------------------------------------

--- UNIQUE.- POWER OF ATTORNEY THAT IS LEGALIZED. The appearing party exhibits, for its legalization, as provided by article one hundred and forty of Notary Publics' Law for the Federal District, in four pages printed only at the front, a document prepared in two columns, one in Spanish language and the other he states that it is a translation to English language, of the POWER OF ATTORNEY granted in the City of New York, New York, United States of America, attested by Maribel Ruiz, Notary Public in and for the State of New York, United States of America, dated July sixth of the year two thousand and six, granted by "LEHMAN BROTHERS HOLDINGS, INC.", represented by Mr. Masood Bhatti, in favor of the appearing party and Messrs. ROBERTO ARENA REYES RETANA, ALEJANDRO ORTIZ PRIETO and/or MARCO ANTONIO MARTINEZ, with the faculties and term stated in such document. --------------------------------------------------------

--- The capacity of the Notary Public in and for the State of New York, as well as the authenticity of Maribel Ruiz signature, was certificated according to the document that is enclosed to the power of attorney that is legalized, issued by Norman Goodman, as County Clerk and Clerk of the Supreme Court of the State of New York, in and for the County of New York, a Court of Record, having by law a seal, with folio 507426 (five hundred and seven thousand four hundred and twenty six), dated July seventh of the year two thousand and six. ----------------------------------------------------------------------------------------

--- The already mentioned document has an Apostille attached, according to the Convention that deletes the legalization requirement in foreign public documents, through an Apostille enclosed thereto, in a page printed only by the front, issued by the Special Deputy of the State Secretary, State of New York, United States of America, on July seventh of the year two thousand six, with number NYC-10452691A (NYC dash ten million four hundred and fifty two thousand six hundred and ninety one A), certifying the authenticity of the signature and the capacity of the County Clerk for New York, State of New York, United States of America, Norman Goodman, as well as the identity of the seal of the New York County. ---------------------------------------------------------------------------------------------

Jose Luis Quevedo Salceda
Notary Public No. 99
Mexico, D. F.

2

--- The already mentioned documents are legalized and, for such purpose, enclosed to the protocol appendix; corresponding to this instrument, under letter "A". ------------------------

--- In addition, the appearing party exhibits the translations to Spanish language of the abovementioned Certification and Apostille, in two pages printed only at the front, each of them translated by Mercedes Pizarro Suarez, expert translator and interpreter duly appointed by the Superior Court of Justice for the Estado de Mexico, which I enclose to the protocol appendix; corresponding to this instrument, under letter "B". ------------------------

--- After stating the abovementioned, the following are granted: ---------------------------------

------------------------------------------ CLAUSES ------------------------------------------------

--- FIRST.- For all the purposes deemed convenient and upon the express request of Mr. EDUARDO EUGENIO PIZARRO SUAREZ VILLALOBOS, Esquire, the POWER OF ATTORNEY granted abroad by "LEHMAN BROTHERS HOLDINGS, INC." is hereby legalized, according to the document duly certified and with the corresponding Apostille, referred to in the recitals of this instrument, together with the translations to Spanish language referred to in the certification and Apostille, which originals have been enclosed to the protocol appendix and are considered reproduced herein as if literally inserted. --------

--- SECOND.- Under the terms of the documents referred to in this instrument recitals; which have been enclosed to the protocol appendix under the number corresponding to this deed, Messrs. ROBERTO ARENA REYES RETANA, ALEJANDRO ORTIZ PRIETO, EDUARDO EUGENIO PIZARRO SUAREZ VILLALOBOS and MARCO ANTONIO MARTINEZ, are PROXIES of "LEHMAN BROTHERS HOLDINGS INC.", under the POWER OF ATTORNEY described in the document referred to in the recitals, to be exercised, either jointly or separately, with all the FACULTIES stated therein, which are considered reproduced herein as if literally inserted. ---------------------------------------------

--- THIRD.- For everything related to the construction and performance of this instrument; the appearing party submits himself to the jurisdiction and venue of the competent courts in Mexico City, Federal District. --------------------------------------------------------------------

--- FOURTH.- The expenses and fees originated as a result of this instrument shall be on the account of the grantor. --------------------------------------------------------------------------

--- In compliance with everything provided by the last paragraph of article two thousand five hundred and fifty four of the Civil Code for the Federal District, I transcribe it as follows: -----------------------------------------------------------------------------------------

--- "ART. 2,554.- In all general powers of attorney for litigation and collections, it shall be sufficient to state that they are granted with all general and special powers which require a special clause according to the law, in order that they may be considered conferred without any limitation. ------------------------------------------------------------------------------------

--- In general powers of attorney to manage property, it shall be sufficient to state that they are so granted, in order that the attorney-in-fact may have all administrative authorities. ----

Jose Luis Quevedo Salceda
Notary Public No. 99
Mexico, D. F.

3 & 4

--- In general powers of attorney to exercise acts of ownership, it shall be sufficient that they be so granted in order that the attorney-in-fact be vested with the authority of an owner, both with respect to the properties and to take all steps to defend them.----------------

--- If in any of the three cases mentioned above, it is intended to limit the powers of the attorneys-in-fact, the limitations shall be specified or the powers of attorney shall be for specific matters and be considered as special powers. ---------------------------------------------

--- Notaries shall insert this article in the testimonies of the powers of attorney which they execute". -------------------------------------------------------------------------------------

--------------------------------- GENERALS ---------------------------------

--- In his generals, the appearing party stated to be Mexican, native from Mexico City, Federal District, where he was born on December sixth of the year one thousand nine hundred and seventy three, married, Bachelor at Law, address in Boulevard Manuel Avila Camacho number thirty six, Suite one thousand eighty hundred and two, Colonia Lomas de Chapultepec, Codigo Postal eleven thousand, Delegacion Miguel Hidalgo, in Mexico City, Federal District. ------------------------------------------------------------------------------

--- I, THE NOTARY PUBLIC, HEREBY CERTIFY AND ATTEST: ---------------------------

--- I.- That I fully identified myself to the appearing party as Notary Public. --------------------

--- II.- That I informed the appearing party about the penalties applicable to those who falsely state to a Notary Public: --------------------------------------------------------------------

--- III.- That I personally know the appearing party, who in my opinion has the legal capacity. ---------------------------------------------------------------------------------------------

--- IV.- That I do not have any evidence that the documents being legalized might be false. -

--- V.- That everything listed and inserted perfectly matches with the documents that I had at sight. ------------------------------------------------------------------------------------------

--- VI.- That I informed the appearing party about his right to personally read this instruments and to explain its content by me. ---------------------------------------------------

--- VII.- That I read this instrument to the appearing party, explained its legal value, consequences and scope of its content, stating his understanding about everything consigned herein, subscribing it on July eleventh of the year two thousand and six, act in which I Definitely Authorize it. I hereby attest. ----------------------------------------------------

--- PERSONAL SIGNATURE OF MISTER EDUARDO EUGENIO PIZARRO SUAREZ VILLALOBOS, ESQUIRE. -----------------------------------------------------------------------

--- JOSE LUIS QUEVEDO SALCEDA.- SIGNATURE.- ----------------------------------------

--- THE AUTHORIZING SEAL. -----------------------------------------------------------------

----------------------------- DOCUMENTS IN THE APPENDIX -----------------------------
At the upper left margin of each uneven page and at the upper right margin of each even page a round seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
JOSE LUIS QUEVEDO SALCEDA
NOTARY PUBLIC No. 99 IN AND FOR THE FEDERAL DISTRICT, MEXICO

At the upper right margin of each uneven page a hologram is affixed.

At the middle left margin and upper right margin of each uneven page and at middle right margin of each even page a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the right margin of each uneven page and at the left margin of each even page two equal seals are stamped which are read as follows: COMPARED each one of them followed by an illegible signature.

Jose Luis Quevedo Salceda
Notary Public No. 99
Mexico, D. F.

5                    A

## APOSTILLE
(Convention of La Hague du 5 October 1961)

1.   Country:      United States of America

This public document

2.   has been signed by Norman Goodman

3.   acting in the capacity of County Clerk

4.   bears the seal/stamp of the country of New York

## CERTIFIED

5.   At New York, New York          6.   the 07th day of July 2006

7.   by Special Deputy Secretary of State, State of New York

8.   No. NYC - 10452691A

9.   Seal/Stamp                    10.   Signature

Illegible Signature

James Bizzarri

Special Deputy Secretary of State

Jose Luis Quevedo Salceda
Notary Public No. 99
Mexico, D. F.

6 & 7

FOR USE IN MEXICO

POWER OF ATTORNEY

At the City of New York, New York, on July 6, 2006, before me, Maribel Ruiz, Notary Public of the State of New York came Mr. Masood Bhatti in its capacity as legal representative of LEHMAN BROTHERS HOLDINGS INC., who stated that his citizenship; age, marital status and occupation is as follows:

Mr. Masood Bhatti

(i)      Citizenship: United States of America

(ii)     Date of Birth: December 14, 1962

(iii)    Place of Birth: Karachi, Pakistan.

(iv)     Marital Status: Married

(v)      Occupation: Senior Vice President

And declared: that he comes at this time on behalf of LEHMAN BROTHERS HOLDINGS INC., to grant and confer in favor of Messrs. Roberto Arena Reyes Retana, Alejandro Ortiz Prieto, Eduardo Eugenio Pizarro Suarez Villalobos and/or Marco Antonio Najera Martinez, the following powers of attorney, to act jointly or severally, in the name and on behalf of LEHMAN BROTHERS HOLDINGS, INC.

GENERAL POWER OF ATTORNEY FOR LAWSUITS AND COLLECTIONS, ACTS OF ADMINISTRATION AND ACTS OF OWNERSHIP pursuant to the terms of the first three paragraph of Article Two Thousand Five Hundred and Fifty Four (2554) of the Civil Code for the Federal District and the corresponding articles of the Civil Codes for the individual States, including all the special and general authority that might be required according to the law.

THIS POWER OF ATTORNEY WILL BE IN FORCE UNTIL DECEMBER 31, 2006, DATE IN WHICH IT WILL AUTOMATICALLY EXPIRE.

This power of attorney is granted pursuant to the Protocol upon Uniformity of the Powers of Attorney Legal Regime approved in the XLVIII resolution of the Seventh International American Conference of the Pan American Union, open for execution in the location of the Organization of American States in Washington, D. C., United States of America, and approved by the Senate of the United Mexican States on December 22, 1951, pursuant to the Decree published in the Official Gazette of the Federation on February 2, 1952, ratified by the Federal Executive of the United Mexican States on June 12, 1953, having been deposited the ratification instrument before the General Secretary of the Organization of American States on June 24, 1953, promulgated by the President of the United Mexican States on October 19, 1953, and published in the Official Gazette of the Federation on December 3, 1953; and according to Article 2554 (two thousand five hundred and fifty four) of the Federal Civil Code of the United Mexican States and the corresponding articles of the civil codes of all the other states of the United Mexican States.

For purposes of paragraph fifth of Article 2554 of the Federal Civil Code, a transcription thereof follows:

"Article 2554.- In all general powers of attorney for lawsuits and collections it shall be sufficient to say that they are granted with all the general powers and with the special powers requiring special clause in accordance with the law, in order to that they may be considered as granted without any limitation.

In general powers of attorney for ownership acts and to administer property, it shall be sufficient to state that they are given with that character, in order that the attorneys-in-fact may have all kinds of administrative powers.

In general powers of attorney to exercise acts of ownership, it shall be sufficient that they be given with that character, in order that they attorneys-in-fact may have all the powers of an owner, both with respect to the property and to take all actions to defend it.

If in any of the aforesaid three cases it should be desired to limit the authority of the attorneys-in-fact, the limitation shall be set out, or the powers of attorneys-in-fact shall be special powers of attorney.

Notaries shall insert this Article in the instruments of powers of attorney which they execute."

LEHMAN BROTHERS HOLDINGS INC.
By: Illegible Signature
Name: Masood Bhatti
Its: Executive Vice President

Jose Luis Quevedo Salceda
Notary Public No. 99
Mexico, D. F.

8

### NOTARIAL CERTIFICATION

In order to comply with the requirements of the Protocol of Uniformity of the Legal Regime of the Powers of Attorney approved in the XLVIII resolution of the Seventh International American Conference of the Pan-American Union, I, the undersigned Notary Public, hereby attest:

1.-    That I had before me the following documentation that confirms that LEHMAN BROTHERS HOLDINGS INC., (the "Company") is a duly incorporated and existing company and that Mr. Masood Bhatti has the necessary legal authority to issue the present power of attorney on behalf of the Company:

i) Certificate of Incorporation the Company, certified by the Secretary of State of Delaware, evidencing the Company's incorporation;

ii) Bylaws of the Company, currently in full force and effect;

iii) That the Company has its corporate domicile in Delaware;

iv) That the granting of the powers of attorney is an activity included in the corporate purpose of the Company;

v) Resolution of the Company, by means of which Mr. Masood Bhatti was granted with sufficient authority to grant this power of attorney.

2.-    In view of the preceding, I, the authorized Notary Public, certify and attest that I personally know the person that has executed the preceding document, that his personal data as appears on the preceding instrument is correct, that he assures me that he has the necessary capacity, without any observation to the contrary by me, and that therefore it is my opinion that he has the necessary capacity and authority to carry out the preceding action.

3.-    I certify and attest that after having read the complete text of the present document to the individual that appeared before me, and having explained the significance and legal effect of the present document, the individual appearing before me, acting on his own behalf, approved the present document in its entirety, without modification, and executed the document in my presence.

(Translator's Note: The corresponding translation to Spanish language is also transcribed in the original document).

Jose Luis Quevedo Salceda
Notary Public No. 99
Mexico, D. F.

9

State of New York          )
County of New York        )    ss.:          507426          Form I

    I. NORMAN GOODMAN, County Clerk and Clerk of the Supreme Court of the State of New York, in and for the County of New York, a Court of Record, having by law a seal,

    DO HEREBY CERTIFY pursuant to the Execute Law of the State of New York, that
_____ MARIBEL RUIZ _____

whose name is subscribed to the annexed affidavit, deposition, certificate of acknowledgment or proof, was at the time of taking the same; a NOTARY PUBLIC in and for the State of New York duly commissioned, sworn and qualified to act as such, that pursuant to law, a commission or a certificate of his official character, with his autograph signature has been filed in my office; that at the time of taking such proof, acknowledgment or oath, he was duly authorized to take the same; that I am well acquainted with the handwriting of such NOTARY PUBLIC or have compared the signature on the annexed instrument with his autograph signature deposited in my office, and I believe that such signature is genuine.

    IN WITNESS THEREOF, I have hereunto set my hand, affixed my official seal this July 07, 2007
Fee Paid: $ 3.00

                              Illegible Signature
          *County Clerk and Clerk of the Supreme Court, New York County*

At the middle upper margin a round seal is stamped, which is read as follows:
CLERK
NEW YORK
COUNTY

10

Notary Public

MARIBEL RUIZ
Notary Public, State of New York
No. 01RU6081733
Qualified in County of New York
Commission Expires October 8, 2008  __Illegible Signature_____

(Seal)
Round seal with the legend: CLERK, NEW YORK COUNTY

Witness
Illegible Signature

Name: Donna Cooley


Witness:

Illegible Signature

Name: Angela Mangliano

Jose Luis Quevedo Salceda
Notary Public No. 99
Mexico, D. F.

11

Translation to Spanish language by the expert translator Mercedes Pizarro Suarez, of the Apostille in English language, enclosed to this instrument.

The seal of the expert translator is stamped at the lower left margin.

12

Certification of the Apostille Translation to Spanish language, which is read as follows:

I, THE SUBSCRIBER MERCEDES PIZARRO SUAREZ, EXPERT TRANSLATOR AND INTERPRETER, DULY APPOINTED BY THE SUPERIOR COURT OF JUSTICE FOR THE STATE OF MEXICO, HEREBY CERTIFY THAT THE PRECEDING TRANSLATION IS A TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, ACCORDING TO THE ENGLISH VERSION THAT I HAD AT SIGHT, IN MEXICO CITY, ON THE TENTH DAY OF THE MONTH OF JULY OF THE YEAR TWO THOUSAND AND SIX.

Illegible Signature
MERCEDES PIZARRO SUAREZ

HIDALGO · 43, SAN ANGEL, 01000 D. F.
PHONE: 5202 - 5592 FAX, MODEM AND ANSWERING MACHINE 5550 - 4569
E-MAIL: mercedes@traducciones.pizarro.com

The seal of the expert translator is stamped at the lower left margin.

Jose Luis Quevedo Salceda
Notary Public No. 99
Mexico, D. F.

13

Translation to Spanish language by the expert translator Mercedes Pizarro Suarez, of the CERTIFICATION BY NORMAN GOODMAN, County Clerk and Clerk of the Supreme Court of the State of New York, in and for the County of New York, in English language, enclosed to this instrument.

The seal of the expert translator is stamped at the lower left margin.

14

Translation Certification of the CERTIFICATION BY NORMAN GOODMAN, County Clerk and Clerk of the Supreme Court of the State of New York, in and for the County of New York to Spanish language, which is read as follows:

I, THE SUBSCRIBER MERCEDES PIZARRO SUAREZ, EXPERT TRANSLATOR AND INTERPRETER, DULY APPOINTED BY THE SUPERIOR COURT OF JUSTICE FOR THE STATE OF MEXICO, HEREBY CERTIFY THAT THE PRECEDING TRANSLATION IS A TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, ACCORDING TO THE ENGLISH VERSION THAT I HAD AT SIGHT, IN MEXICO CITY, ON THE TENTH DAY OF THE MONTH OF JULY OF THE YEAR TWO THOUSAND AND SIX.

MERCEDES PIZARRO SUAREZ
Illegible Signature

HIDALGO · 43, SAN ANGEL, 01000 D. F.
PHONE: 5202 - 5592 FAX, MODEM AND ANSWERING MACHINE 5550 - 4569
E-MAIL: mercedes@traducciones pizarro.com

The seal of the expert translator is stamped at the lower left margin.

Jose Luis Quevedo Salceda
Notary Public No. 99
Mexico, D. F.

15

THIS IS THE FIRST TESTIMONY THAT I ISSUE FOR MESSRS. ROBERTO ARENA
REYES RETANA, ALEJANDRO ORTIZ PRIETO, EDUARDO EUGENIO PIZARRO
SUAREZ VILLALOBOS AND MARCO ANTONIO MARTINEZ, AS ATTORNEYS-IN-
FACT; IT IS THE FIRST IN ITS ORDER OF ISSUANCE AND CONSISTS OF 15
PAGES DULY COMPARED AND PROTECTED BY HOLOGRAMS, WHICH MIGHT
NOT HAVE A CONSECUTIVE NUMBER.- I HEREBY ATTEST. -------------------------
--- MEXICO CITY, FEDERAL DISTRICT, JULY TWELFTH OF THE YEAR TWO
THOUSAND AND SIX. ---------------------------------------------------------------------------

COMPARED BY:

J.S.B. /

**GGM**

ILLEGIBLE SIGNATURE

At the right side of the abovementioned illegible signature a round seal is stamped bearing a coat of arms and
the following legend:
UNITED MEXICAN STATES
JOSE LUIS QUEVEDO SALCEDA
NOTARY PUBLIC No. 99 IN AND FOR THE FEDERAL DISTRICT, MEXICO


At the upper left margin of each uneven page and at the upper right margin of each even page a round seal is
stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
JOSE LUIS QUEVEDO SALCEDA
NOTARY PUBLIC No. 99 IN AND FOR THE FEDERAL DISTRICT, MEXICO

At the upper right margin of each uneven page a hologram is affixed.

At the middle left margin of each uneven page and at middle right margin of each even page a seal is stamped
bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the right margin of each uneven page and at the left margin of each even page two equal seals are stamped
which are read as follows: COMPARED each one of them followed by an illegible signature.

The following page is left blank intentionally bearing only a seal that is read as follows:
NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

| | |
|---|---|
| WARNINGS TO THE HOLDER OF THIS DOCUMENT | No. 314223 |
| 1.- You shall always carry this document. | F. M. 2 |
| 2.- You shall be registered in the National Registry of Foreigners in the State Secretariat within 30 days after your internment. | |
| 3.- You shall inform immediately about any change of address and marital status to the National Registry of Foreigners. | UNITED MEXICAN STATES STATE SECRETARIAT |
| 4.- You shall request the stamping of your migration documents 30 days before the expiration date, every year that you remain in the country. | (COAT OF ARMS) UNITED MEXICAN STATES |
| 5. To prevent losing your migration status, you shall not remain outside the country longer than the time authorized in article 46 of the General Population Law. | IMMIGRANT UNIQUE MIGRATION DOCUMENT |
| 6.- You shall not engage in any profitable or remunerated activity other than the one expressly authorized in this document. | |
| 7.- No authorities other than those expressly authorized by the Internal Affairs Secretariat shall make notes in this form. | NOTE.- This document consists of 28 pages numbered in consecutive order and each page shall also bear the number corresponding to the document. |
| 8.- Any infringement to the General Population Law, its Regulations and provisions of State Secretariat in migration matters shall be severely sanctioned by the own Law, and the infringer might be deported from the country. | Page 3 |

At the middle left margin and at upper right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the right margin two equal seals are stamped which are read as follows: COMPARED each one of them followed by an illegible signature.

The following page is left blank intentionally bearing only a seal that is read as follows:
NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the left margin a seal is stamped which is read as follows: COMPARED followed by an illegible signature.

| (Fingerprint) (Right thumb fingerprint) | (Photograph) | No. 314223 |
|---|---|---|

**SUPPLEMENTARY DATA**

AS PER OFFICIAL LETTER No. 9442/04, THE CHANGE OF HIS MIGRATION STATUS IS HEREBY AUTHORIZED ACCORDING TO ART. 48, ITEM IV (FOURTH) OF THE GENERAL POPULATION LAW IN FORCE, TO RENDER HIS SERVICES AS GENERAL MANAGER FOR THE COMPANY "AGENCIA ADMINISTRADORA DE SERVICIOS, S. A. DE C. V." LOCATED INSIDE THE HOTEL THE GRAN BAJA RESORT AND SPA, ADDRESS IN CABO SAN LUCAS, B. C. S. AND IS PROHIBITED TO EXERCISE ANY OTHER ACTIVITY AS PROVIDED BY ART. 39 OF THE GENERAL POPULATION LAW IN FORCE.

C. S. L.          OCTOBER 26, 2004
THE HEAD OF THE MIGRATION REG. DEPT.
ILLEGIBLE SIGNATURE
FRANCISCO A. GONZALEZ CAMPOS, ESQ.

The names, age and relationship of the minors below 15 years old that accompany the holder to Mexico, with the authorization from the Internal Affairs Secretariat, shall be written down.
(ILLEGIBLE) OCTOBER 2005
Page 7

A seal is stamped, cancelling the abovementioned signature, bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
STATE SECRETARIAT
LOCAL DISTRICT MIGRATION REGULATING HEAD OFFICE
CABO SAN LUCAS, B. C. S.

---

**TAXES**

Tax paid: $ 537.00 MXP + $ 2,246 = $ 2,786
As per official receipt number 2021540
Dated October 19, 2004
Issued by BANCA SERFIN, S. A.

Page 6

At the right side of the fingerprint a seal is stamped, bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
STATE SECRETARIAT
LOCAL DISTRICT MIGRATION REGULATING HEAD OFFICE
CABO SAN LUCAS, B. C. S

---

At the middle left margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the right margin two equal seals are stamped which are read as follows: COMPARED each one of them followed by an illegible signature.

The following page is left blank intentionally bearing only a seal that is read as follows:
NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the left margin a seal is stamped which is read as follows: COMPARED followed by an illegible signature.

| CERTIFICATE OF ADMISSION                               No. 314223 | NOTES FROM THE<br>NATIONAL REGISTRY OF FOREIGNERS |
|---|---|
| The Foreigner <u>MORENO OLEAS PABLO MARCELO</u><br>(full name)<br>is admitted in the country on this date, according to the<br>authorization issued for such purpose.<br><br><u>LOS CABOS INTL. AIRPORT NOV. 12, 1998</u><br>(Port of entry and date)<br>THE HEAD OF THE MIGRATION REGULATING<br>DEPARTMENT<br>(Signature of the Population Office Officer)<br><br><u>Illegible Signature</u><br>FRANCISCO A. GONZALEZ CAMPOS, ESQ.<br>(Officer Signature)<br>(Seal)<br>A seal is stamped, cancelling the abovementioned<br>signature, bearing a coat of arms and the following<br>legend:<br>UNITED MEXICAN STATES<br>STATE SECRETARIAT<br>LOCAL DISTRICT MIGRATION REGULATING<br>HEAD OFFICE<br>CABO SAN LUCAS, B. C. S.<br><br>Page 8 | (full name of the interested)<br><u>MORENO OLEAS PABLO MARCELO</u><br><br>was registered in the National Registry of<br>Foreigners under number 571324 on page 53 of<br>Book number 115.<br>CURRENT ADDRESS<br><br>MZA: 11 - A LTE 03 CABO BELLO<br>01 ACUEDUCTO<br>CABO SAN LUCAS, B. C. S.<br><br>XXXXXXX OCTOBER 26, 2004<br>THE HEAD OF THE MIGRATION REG. DEPT.<br>ILLEGIBLE SIGNATURE<br>FRANCISCO A. GONZALEZ CAMPOS, ESQ.<br>(Officer Signature)<br>(Seal)<br>A seal is stamped, cancelling the abovementioned<br>signature, bearing a coat of arms and the following<br>legend:<br>UNITED MEXICAN STATES<br>STATE SECRETARIAT<br>LOCAL            DISTRICT            MIGRATION<br>REGULATING HEAD OFFICE<br>CABO SAN LUCAS, B. C. S.<br><br>Page 9 |

At the middle left margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the right margin two equal seals are stamped which are read as follows: COMPARED each one of them followed by an illegible signature.

The following page is left blank intentionally bearing only a seal that is read as follows:
NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the left margin a seal is stamped which is read as follows: COMPARED followed by an illegible signature.

| CHANGES OF ADDRESS | FIRST STAMPING                          No. 314223 |
|---|---|
| ------- ----- ------------------------ | FIRST STAMPING |
| ------- ----- ------------------------ | |
| ------- ----- ------------------------ | The first stamping of the immigration documents is |
| ------- ----- ------------------------ | authorized to ------------------------------------------- |
| ------- ----- ------------------------ | (full name) |
| ------- ----- ------------------------ | MORENO OLEAS PABLO MARCELO |
| ------- ----- ------------------------ | for a one year term starting on the 27th day of the |
| ------- ----- ------------------------ | month of OCTOBER, 2005 and finishing on the 26th |
| ------- ----- ------------------------ | day of the month of OCTOBER, 2006. |
| ------- ----- ------------------------ | Tax paid $ 2, 247.00 |
| Page 10 | As per official receipt number 6812 Dated |
|  | NOVEMBER 22, 2005 ------------------------------------ |
|  | Issued by -------------------------------------------------- |
|  |  |
|  | Mexico City, D. F. NOVEMBER 18, 2005 |
|  |  |
|  | THE ASSISTANT MIGRATION REG. DIRECTOR |
|  | ILLEGIBLE SIGNATURE |
|  | MARTIN SEGOVIA IBARRA |
|  | (Officer Signature) |
|  |  |
|  | Page 11 |
|  | (Seal) |
|  | A seal is stamped, cancelling the abovementioned |
|  | signature, bearing a coat of arms and the following |
|  | legend: |
|  | UNITED MEXICAN STATES |
|  | STATE SECRETARIAT |
|  | LOCAL DISTRICT MIGRATION REGULATING |
|  | HEAD OFFICE |
|  | CABO SAN LUCAS, B. C. S. |

At the middle left margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the right margin two equal seals are stamped which are read as follows: COMPARED each one of them
followed by an illegible signature.

The following page is left blank intentionally bearing only a seal that is read as follows:
NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the left margin a seal is stamped which is read as follows: COMPARED followed by an illegible signature.

| FOURTH STAMPING | SUPPLEMENTARY NOTES | No. 314223 |
|---|---|---|
| The fourth stamping of the immigration documents is authorized to ------------------------------------------------------ ------------------------------------------------------------------ (full name) for a one year term starting on the _____ day of the month of _____, 19 _____ and finishing on the _____ day of the month of _____, 19 Tax paid $ ------------------------------------------------------- As per official receipt number _____ Dated -- --------------------------------------------------- Issued by ------------------------------------------------- Mexico City; D. F. _____, 19 ___ (SEAL) | AS PER OFFICIAL LETTER No. 10300 /05 HIS CHANGE OF ACTIVITY IS HEREBY AUTHORIZED TO RENDER HIS SERVICES AS OWNER OF THE WATCH AND JEWELRY SALE BUSINESS DENOMINATED "QUIERO" LOCATED INSIDE THE HOTEL VILLA DEL PALMAR, ADDRESS IN CABO SAN LUCAS, B. S. C., AND IS PROHIBITED TO EXERCISE ANY OTHER ACTIVITY, LEAVING WITHOUT EFFECT PAGE No. 07. C. S. L., B. C. S., NOVEMBER 21, 2005 THE ASSISTANT MIGRATION REG. DIRECTOR ILLEGIBLE SIGNATURE MARTIN SEGOVIA IBARRA (Officer Signature) | |
| _____ (Officer Signature) Page 14 | | Page 15 |

At the middle left margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the right margin two equal seals are stamped which are read as follows: COMPARED each one of them followed by an illegible signature.

The following page is left blank intentionally bearing only a seal that is read as follows:
NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the left margin a seal is stamped which is read as follows: COMPARED followed by an illegible signature.

| SUPPLEMENTARY NOTES | No. 314223 |
|---|---|
| AS PER OFFICIAL LETTER No. 7376 / 06, THE EXTENT OF HIS ACTION AND THE EXTENT OF EMPLOYERS IS HEREBY AUTHORIZED, TO RENDER HIS SERVICES AS ADMINISTRATIVE MANAGER OF THE CORPORATION "MORGAN'S DEVELOPMENT GROUP, S. DE R. L. DE C. V." AND AS SOLE ADMINISTRATOR FOR THE CORPORATIONS: "MORENO DEVELOPMENT GROUP, S. A. DE C. V.", LOGAN HOTELS AND RESORTS MEXICO, S. A. DE C. V., CABO SAN LUCAS CRISTOBAL GOLF RESORTS, S. A. DE C. V., CABO SAN CRISTOBAL VILLAGE, S. A. DE C. V., ALL OF THEM LOCATED IN CABO SAN LUCAS, B. C. S., WITH THE PROHIBITION TO EXERCISE OTHER ACTIVITY.<br><br>C. S. L., B. C. S., JULY 6, 2006<br>THE ASSISTANT MIGRATION REG. DIRECTOR<br>ILLEGIBLE SIGNATURE<br>MARTIN SEGOVIA IBARRA<br>(Officer Signature)<br><br>Page 16<br>(Seal)<br>A seal is stamped, cancelling the abovementioned signature, bearing a coat of arms and the following legend:<br>UNITED MEXICAN STATES<br>STATE SECRETARIAT<br>LOCAL DISTRICT MIGRATION REGULATING<br>HEAD OFFICE<br>CABO SAN LUCAS, B. C. S. | SUPPLEMENTARY NOTES<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Page 17 |

At the middle left margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the right margin two equal seals are stamped which are read as follows: COMPARED each one of them followed by an illegible signature.

The following page is left blank intentionally bearing only a seal that is read as follows:
NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the left margin a seal is stamped which is read as follows: COMPARED followed by an illegible signature.

PASSPORT           UNITED MEXICAN STATES

(Interested        Type    Code of Issuing State    Passport Num.
Photograph)        P              MEX               01370100185
                   Surname
                   PIZARRO SUAREZ
                   VILLALOBOS
                   Given names
                   EDUARDO EUGENIO
                   Nationality                      Personal No.
                   MEXICAN
                   Date of Birth
                   DEC. 06, 1973
                   Sex     Place of Birth
                   M       MEXICO CITY, D. F.
                   Date of Issue                    Expiration Date
                   AUG. 20, 2001                    AUG. 20, 2006
                   Authority
                   M. HIDALGO

P<MEXPIZARRO<SUAREZ<VILLALOBOS<<EDUARDO<EUGE
3701001855MEX7312069M0608200<<<<<<<<<<<<<<<<<<<<<<0

If the holder of this passport needs assistance or protection from the Mexican government, we recommend
that you go to the closest diplomatic o consular representation. For your protection, write down the name and
address of the person to contact in case of an emergency.

Name: Eduardo Pizarro Suarez
Address: Hidalgo 43 - A, San Angel
Federative Entity: Federal District
C. P. 01000   Phone: 55507305

HOLDER'S ADDRESS

Address: Hidalgo 43 - A, San Angel
Federative Entity: Federal District
C. P. 01000   Phone: 55507305

_____Illegible Signature_____
      Holder's Signature

THIS PASSPORT IS VALID FOR ALL COUNTRIES

At the middle left margin and at the upper right margin a seal is stamped bearing a coat of arms and the
following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the right margin two equal seals are stamped which are read as follows: COMPARED each one of them
followed by an illegible signature.

The following page is left blank intentionally bearing only a seal that is read as follows:
NO TEXT

At the middle right margin a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the left margin a seal is stamped which is read as follows: COMPARED followed by an illegible signature.

SUBJECT: SECOND PREVENTIVE NOTICE

DIRECTOR OF THE PUBLIC REGISTRY OF
PROPERTY AND COMMERCE FOR THE
MUNICIPALITY OF LOS CABOS, B. C. S.

We hereby inform you, grounded on Article 2926 of the Civil Code for the State, that in this Public Notary's Office, on July 21, 2006, the Public Deed number one thousand nine hundred and seven, volume seventy nine, was subscribed, which contains:

1.-   **THE IRREVOCABLE GUARANTEE AND OWNERSHIP TRANSFER TRUST AGREEMENT ENTERED INTO BY LOGAN HOTELS AND RESORTS, MEXICO, SOCIEDAD ANONIMA DE CAPITAL VARIABLE, REPRESENTED BY MISTER PABLO MARCELO MORENO OLEAS, AS TRUSTOR AND SECOND TRUSTEE; LEHMAN BROTHERS HOLDINGS INC., REPRESENTED BY MISTER EDUARDO EUGENIO PIZARRO SUAREZ VILLALOBOS, AS FIRST TRUSTEE; AND HSBC MEXICO, S. A., INSTITUCION DE BANCA MULTIPLE, GRUPO FINANCIERO HSBC, FIDUCIARY DIVISION, AS THE FIDUCIARY INSTITUTION, REPRESENTED BY MRS. CLAUDIA GABRIELA SANCHEZ RODRIGUEZ.**

The abovementioned transaction refers to the following real estate:

**Polygon "A" of LA LAGUNA** real estate, located in the District of Cabo San Lucas, Municipality of Los Cabos, Baja California Sur, Real Estate Registry No. **402 - 013 - 0006**, an Area of **340 - 03 - 76.054 Hectares** and the following metes and bounds:

**TO THE NORTH**: 1,560.180 meters with the real estate that is or was owned by Mr. Victor Hugo Cesena.
**TO THE SOUTH**: In two sections of 119.360 meters with Polygon "C", plus 1,661.188 meters with the Federal Maritime Terrestrial Zone of the Pacific Ocean.
**TO THE EAST**: In three sections of 1,993.450 meters with Polygon "B", plus 100.00 meters with Polygon "C" and 343.24 meters with the real estate that is or was owned by Mr. Atilio Colli Villarino.
**TO THE WEST**: 2,042.246 meters with the real estate that is or was owned by Mr. Francisco Bulnes Malo.

The abovementioned real estate has been registered in the Public Registry of Property and Commerce under your command. under number 29 (twenty nine), Page number 29, volume CCXXIII E. P., on August 16 of the year two thousand and five, Section First, still in the name of "PLAYA GRANDE DE CABO SAN LUCAS", S. A. DE C. V., in view of the fact that sale deed, where LOGAN HOTELS AND RESORTS, MEXICO, SOCIEDAD ANONIMA DE CAPITAL VARIABLE, considering the date, its Registration in the Public Registry of Property and Commerce is still in progress.

This notice shall take effect as SECOND PREVENTIVE NOTICE.

San Jose del Cabo, B. C. S., July 24, 2006.

Illegible Signature
MARIA DEL PILAR GARCIA OROZCO, ESQ.
NOTARY PUBLIC No. 17

At the right side of the abovementioned and at the middle right margin a round seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

At the upper right margin a dating seal is stamped which is read as follows:
PUBLIC REGISTRY OF PROPERTY
RECEIVED
08 - 01 - 06
LOS CABOS, B. C. S.

At the right margin a seal is stamped which is read as follows: COMPARED followed by an illegible signature.

IN CABO SAN LUCAS, BAJA CALIFORNIA SUR, MEXICO, ON JUNE TWENTY FOURTH OF THE YEAR TWO THOUSAND AND NINE, I, MARIA DEL PILAR GARCIA OROZCO, ESQ., NOTARY PUBLIC NUMBER SEVENTEEN IN AND FOR THE STATE OF BAJA CALIFORNIA SUR, IN EXERCISE IN THE MUNICIPALITY OF LOS CABOS AND RESIDENCE IN CABO SAN LUCAS, HEREBY CERTIFY: THAT THIS PHOTOCOPY, CONSISTING OF SIXTY FIVE USEFUL PAGES PRINTED ON BOTH SIDES AND TWELVE USEFUL PAGES PRINTED ON ONE SIDE, PERFECTLY MATCH WITH THE COMPARED COPY FILED IN THE APPENDIX OF MY PROTOCOL UNDER NUMBER ONE THOUSAND NINE HUNDRED AND SEVEN, ENCLOSING A DULY COMPARED COPY THEREOF TO MY FILE OF CERTIFIED COPIES, UNDER THE REGISTRY NUMBER SIX TWO HUNDRED AND FORTY NINE. ------------------------------------------------------------------
------------------------------------------------- **I HEREBY ATTEST** -----------------------------

ILLEGIBLE SIGNATURE
MARIA DEL PILAR GARCIA OROZCO, ESQ.
NOTARY PUBLIC No. 17

Cancelling the abovementioned signature, a seal is stamped bearing a coat of arms and the following legend:
UNITED MEXICAN STATES
MARIA DEL PILAR GARCIA OROZCO
NOTARY PUBLIC No. 17 IN AND FOR
CABO SAN LUCAS, B. C. S.

I, Michele Pagano, Expert Translator, duly qualified, and authorized by the Federal Judicature of Mexico, according to Official Communication No. DGAJ/2087/2002, under No. P.154-2002, do hereby certify that the foregoing is, to the best of my knowledge and belief, a true and correct translation of the attached document in Spanish.

Mexico, City, Federal District, July 6, 2009.

_____
Michele Pagano