| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------x<br>In Re LEHMAN BROTHERS HOLDINGS<br>INC., *et al.*<br><br>　　　　　　Debtors.<br>----------------------------------------------------------------x | Return Date: August 23, 2012<br>Time: 10:00 A.M.<br><br>Case No. 08-13555<br>(jointly Administered) |

**OPPOSITION OF MOSHE AND HANNA SHRAM TO DEBTORS'**
**THREE HUNDRED THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS**
**(INVALID OR NO BLOCKING NUMBER CLAIMS)**

Moshe and Hanna Shram ("Shram"), through their counsel, Dan Shaked, Esq., a member of Shaked & Posner, submit this opposition to the Debtors' Three Hundred Thirty-Fifth Omnibus Objection to Claims (Invalid or No Blocking Number Claims), and state as follows:

1. Debtors moved for an order disallowing and expunging the proof of claim filed by Shram, Claim Number 64621 in the amount of $785,000 (the "Claim"), on the grounds that it was filed without any Blocking Number. Copy of Claim is annexed hereto as Exhibit A. Shram believes that he has a defense to this objection in that Israel Discount Bank of New York ("IDB") and its agent, the law firm of Duval & Stachenfeld LLP, intentionally conspired to withhold the Blocking Number from Shram in retribution for legal action against IDB. Shram believes that the Court, at the request of the Debtor or Plan Administration and/or Shram, can compel IDB and/or its agent(s) to provide the Blocking Number.

**BACKGROUND**

2. The background is summarized on the annexed Declaration of Jonathan Schwartz, Esq. ("Schwartz"), securities counsel to Shram (the "Schwartz Declaration"), a copy of which is

1

annexed hereto as Exhibit B.  Schwartz was retained by Shram to bring a claim against IDB seeking to rescind the sale of a Lehman Brothers note.

Thereafter, in October, 2009, Schwartz attempted to prepare the Proof of Claim on behalf of Shram.

3. Paragraph 3 of the Proof of Claim "required" the filer to "provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate for each Lehman Programs Security for which you are filing a claim . . ." and paragraph 4 of the Proof of Claim "required" the filer to "provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim . . ." (the "Proof of Claim Requirements").

4. Neither Schwartz nor Shram had access to this information.  The only party that did have access to this information was IDB.  IDB was represented by Allan N. Taffet ("Taffet") of the law firm of Duval & Stachenfeld, LLP.  Schwartz made numerous attempts to obtain the Proof of Claim Requirements from Taffet, but Taffet, in complete bad faith, refused to provide this required information.  As Schwartz was ethically forbidden from contacting IDB directly, he tried, without success, to use other means of obtaining this information.  His continued requests for this information from Taffet were denied. All these efforts caused unwarranted delay in the filing of the Proof of Claim.

5. As the bar date was approaching, Schwartz was compelled to use the language that Taffet suggested.  The Proof of Claim Requirements were responded with the following phrase: "**Contact Israel Discount Bank of New York, 511 Fifth Avenue, New York, NY 10017**."  As this language was provided by IDB's counsel, Shram was under the impression that it was

sufficient. In fact, for nearly three (3) years after the filing of the Claim, no one objected to that language. Now, three years later, the Debtor is placing a hurdle on Shram's ability to recover from his losses. It should be noted that Shram is not a financial institution, but merely an individual who placed his trust and faith in the Debtor when investing a significant portion of his life savings.

**ARGUMENT**

**I.    Proof of Claim Requires Various Identifying Information**

6. The Claim requires that the filer provide in paragraph 3 of the Claim "Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number" and in paragraph 4 of the Claim "Accountholders Eurclear Bank, Clearstream Bank or Other Depository Participant Account Number." It was Schwartz's belief that without this information, the Claim may be defective or rejected on its face. Schwartz made every possible effort to obtain this information but was thwarted by the bad faith of Taffet. Nevertheless, Schwartz was led to believe that by inserting the language recommended by Taffet, that would be sufficient.

7. Section 105(a) of the Bankruptcy Code grants bankruptcy courts the equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). In particular, bankruptcy courts, as courts of equity, have the power to "sift the circumstances surrounding any claim to see that injustice or unfairness is not done in administration of the bankrupt estate." NCNB Tex. Nat'l Bank v. Jones (In re Jones), 966 F.2d 169, 173 (5th Cir. 1992). "A bankruptcy court's powers under 11 U.S.C. §105 are broad." In re Alexander's Inc., No. 95 Civ. 904 (LMM), 1996 WL 284907, at *1 (S.D.N.Y. May

30, 1996) (citing In re Jones).  If the Claim is disallowed or expunged in this case, an inequitable and unfair result would occur, namely the permanent disallowance of Shram's valid claim.

8. But for IDB and its agent's bad faith withholding of vital information, there is no dispute that the Claim would have been filed with the Blocking Number.

II.     **Claim Should be Allowed Under the Excusable Neglect Standard**

9. In the case at hand, the filing of the claim with the substitute language for the Blocking Number was not due to a mistake by an attorney or an agent or a miscommunication by and between any parties or advisors.  On the contrary, it was due to an intentional withholding of information vital to the preparation of an adequate proof of claim by the person in possession of such information.  The substitute language in the Claim was not due to an oversight or inattention that was within the control of Shram or Schwartz.  On the contrary, Schwartz made diligent efforts to try and obtain the Proof of Claim Requirements and his inability to obtain it was clearly beyond his control.

10. Shram and Schwartz made a conscientious endeavor to comply with the Proof of Claim Requirements by conducting the maximum diligence afforded under the circumstances. Due to the acts of a third party, the Claim was filed with substituted language which IDB and Taffet led Shram and Schwartz to believe was sufficient language.

11. If the Debtor must have the Blocking Number in order to make a distribution under the Claim, then Shram should be given the opportunity to Subpoena the information from IDB or its agents.

III.    **Shram has Acted in Good Faith**

12. The circumstances of this filing demonstrate that Shram acted in good faith.  Shram and their counsel, Schwartz, intended and planned in utmost good faith to file their claim in a

4

timely fashion, as is evidenced by the Schwartz Declaration. Schwartz attempted to obtain the required information from Taffet long before the Bar Date and had no expectations that Taffet and IDB would attempt to intentionally hinder and delay the filing of the Claim. It was Schwartz's efforts and diligence that enabled the Claim to be filed at all.

**IV.     The Equities of the Case Favor the Allowance of the Claim**

13. The Supreme Court in Pioneer stated that the determination of excusable neglect is an equitable one. See Pioneer, 507 U.S. 395. Subsequent cases have made clear that the determination involves a balancing of several factors, no one of which is determinative. See Praedium II Broadstone, LLC v. Wall St. Strategies, Inc., 2004 U.S. Dist. LEXIS 23308 (S.D.N.Y. Nov. 18, 2004). Here, the balance of equitable factors weighs heavily in favor of Shram. Unlike many cases where a claim of "excusable neglect" has been rejected, there is no prejudice, there is no delay, and there can be no dispute as to the good faith of Shram. The only true question is how to compel IDB and/or its agents to provide the requisite Blocking Number. Based on prior decisions of this Court and taking into consideration the specific and unique facts and circumstances of this case, as set forth in the Schwartz Declaration, the equities weigh heavily in favor of allowing this claim and denying the Debtors' motion to disallow or expunge the Claim.

**MEMORANDUM OF LAW**

14. Because the legal points and authorities upon which this Motion relies are incorporated herein, Shram respectfully requests that the requirement of service and filing of a separate memorandum of law pursuant to Rule 9013-1(b) of Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, Shram respectfully requests that the Court deny the Debtors' Objection to the Claim of Shram, that Shram's Claim be deemed allowed and/or that IDB and/or its agents be compelled to provide the requisite Blocking Number, and for such other and further relief as to this Court seems just and proper.

Dated: New York, New York
       August 17, 2012

                              SHAKED & POSNER

                          By: /s/ Dan Shaked, Esq.
                            DAN SHAKED (DS-3331)
                            *Attorney for Moshe & Hanna Shram*
                            255 W. 36th St., 8th Floor
                            New York, NY 10018
                            (212) 494-0035