UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                         :
                                               :     Chapter 11
LEHMAN BROTHERS HOLDINGS INC., *et al.* :
                                               :     Case No. 08-13555 (JMP)
                                               :
                    Debtors.                   :     (Jointly Administered)
                                               :
------------------------------------------------------------x

**DECLARATION OF MELISSA ROSSITER IN SUPPORT OF
MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 9019 FOR AUTHORIZATION TO SETTLE CERTAIN
PREPETITION DERIVATIVES CONTRACTS WITH TRUSTS FOR WHICH
DEUTSCHE BANK NATIONAL TRUST COMPANY SERVES AS
<u>INDENTURE TRUSTEE AND RELATED RELIEF</u>**

Pursuant to 28 U.S.C. §1746, Melissa Rossiter, declares as follows:

1. I am employed by Deutsche Bank National Trust Company as a Vice President at 1761 East Saint Andrew Place, Santa Ana, CA 92705. Except as otherwise provided herein, the facts set forth in this Declaration are based on my personal knowledge. I am competent to testify to these facts.

2. I submit this declaration in support of the Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 for Authorization to Settle Certain Prepetition Derivatives Contracts with Trusts for which Deutsche Bank National Trust Company Serves as Indenture Trustee and Related Relief [Dkt. No. 29611] (the "<u>Motion</u>").[1]

3. Deutsche Bank National Trust Company, acts as indenture trustee or trustee (the "<u>Trustee</u>") for certain trusts, (the "<u>Trusts</u>") that are counter-parties to Lehman Brothers Special Financing Inc. ("<u>LBSF</u>") and Lehman Brothers Derivatives Products Inc. ("<u>LBDP</u>", and together

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

with LBSF, the "Lehman Counterparties") to certain swap agreements as identified in Exhibit B. to the Motion.

**The Dispute and Notice to Holders**

4.     Between October, 2008 and July, 2012, the Trustee sent notices, as described below, to the certificate or noteholders (the "Holders") of the Trusts containing information about substantive developments in the Debtors' bankruptcy cases, including the Motion and Settlement Agreement.

5.     The Trustee provided notice to the Holders through three mechanisms: (a) it transmitted each notice to the Depository Trust Company[2] with instructions to forward the notice on to its DTC Participants, (b) it mailed notice to the registered holders of physical certificates, and (c) it posted each notice on a website that the Trustee maintains to provide the Holders with reports and certain information with respect to the Trusts.

6.     The Trustee has sent notices to Holders informing them of the fact that the Debtors had commenced bankruptcy cases in the Bankruptcy Court for the Southern District of New York pursuant to chapter 11 of the United States Code (the "Bankruptcy Notices").

7.     On or around August 19, 2009, the Trustee sent notices to Holders informing them of the bar date established for the filing of proofs of claim (the "Bar Date Notices").

8.     On January 12, 2012, the Trustee sent notices to Holders informing them of (i) the adversary proceeding commenced against the applicable Trusts, and (ii) the Debtor's October 6, 2011 demand letter seeking the payment of the funds held by the Trustee (in its capacity as escrow agent) on account of the Trusts (the "Dispute Notices"). True and correct copies of the

---

[2]   The notes are generally held in "street name" meaning that the notes themselves are registered in the name of Cede & Company as the nominee for the Depository Trust Company.

Dispute Notices are attached hereto as Exhibits A-1 through A-8. The Dispute Notices provided, among other things, that:

> The Trustee asks that the Certificateholders contact the Trustee regarding the Debtor's Demand on or before February 10, 2012, and, if appropriate, requests direction (with the requisite indemnity) regarding any response the Certificateholders may formulate with the Trustee. In the absence of direction from the requisite Certificateholders, the Trustee, in consultation with counsel, may take action as it deems appropriate, including, without limitation, making payment to the Derivative Counterparty.

9. On July 24, 2012, the Trustee sent notices to Holders informing them of the Motion and Settlement Agreement resolving the disputes outlined in the Dispute Notice (the "Settlement Notices"). True and correct copies of the Settlement Notices are attached as Exhibits B-1 and B-2.

10. The Settlement Notices stated in underlined bold capital letters:

> . . . **THE PROPOSED ORDER APPROVING THE SETTLEMENT AGREEMENT WILL PROVIDE THAT THE CERTIFICATEHOLDERS WILL BE PERMANENTLY ENJOINED FROM ASSERTING CLAIMS ARISING OUT OF THE NEGOTIATION AND IMPLEMENTATION OF THE SETTLEMENT AGREEMENT AGAINST THE PLAN ADMINISTRATOR (AS DEFINED THEREIN), LBHI, THE DERIVATIVE COUNTERPARTY, THE TRUSTEE (IN SUCH CAPACITY OR IN ITS INDIVIDUAL CAPACITY) AND THEIR LEGAL COUNSEL AND/OR FINANCIAL ADVISORS.**

11. The Settlement Notices further provided that:

> **IF YOU WISH TO OBJECT TO THE MOTION, YOU MUST FILE AN OBJECTION BEFORE THE OBJECTION DEADLINE AND SERVE THE OBJECTION IN THE MANNER SET FORTH IN THE NOTICE OF THE MOTION. YOUR OBJECTION MUST BE FILED AND RECEIVED BY NO LATER THAN AUGUST 17, 2012 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "OBJECTION DEADLINE")**.

12. Moreover, the Settlement Notices provided that:

If you would like to discuss a direction and indemnity regarding the Trustee's exercise of its rights and remedies, or provide direction and indemnity to the Trustee to object to the Motion, please contact the Trustee at the contact information provided below by August 10, 2012 at 4:00p.m. (eastern prevailing time).

**Communications from Holders**

13. The Trustee has not received any responses or Holder inquiries regarding the Dispute Notice or the Settlement Notice.

14. The Trustee has not received any response from any Holder that purported to direct the Trustee to take or to refrain from taking any action in connection with Motion or Settlement Agreement.

15. The Trustee has not received any communication from any Holder questioning or objecting to the Motion or the Settlement Agreement.

16. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 22nd day of August, 2012.

/s/ Melissa Rossiter
Melissa Rossiter