# United States Bankruptcy Court
# Southern District of New York

In re: Lehman Brothers Holdings, Inc. et al.   Case No. 08-13555 (JMP) (Jointly Administered)

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P. of the transfers, other than for security, of the claims referenced in this evidence and notice.

| Värde Investment Partners, L.P. | Medical Liability Mutual Insurance Company |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Värde Investment Partners, L.P.
8500 Normandale Lake Boulevard
Suite 1570
Minneapolis, MN 55437
Attn: Edwina P.J. Steffer
E-mail: *esteffer@varde.com*

Court Claim No.: 27940

Amount of Claim Transferred: $8,476,706.77, plus all accrued interest, fees and other recoveries due thereon.

Date Claim Filed: September 22, 2009

Phone:
Last Four Digits of Acct. #: _____

Last Four Digits of Acct. #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Värde Investment Partners, L.P.
By: Värde Investment Partners G.P., LLC, Its General Partner
By: Värde Partners, L.P., Its Managing Member
By: Värde Partners, Inc., Its General Partner

By: /s/ Brad P. Bauer
    Brad P. Bauer
    Senior Managing Director    Date: August 22, 2012
Transferee/Transferee's Agent

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

119-1370/COURT/3532781.1

# United States Bankruptcy Court
# Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>　　　Case No. <u>08-13555 (JMP) (Jointly Administered)</u>

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIMS No. 27940 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the Clerk's office of this court on　　　.

| Medical Liability Mutual Insurance Company | Värde Investment Partners, L.P. |
|---|---|
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| c/o Invesco Institutional (N.A.), Inc.<br>Attn: Benjamin Gruder<br>1166 Avenue Of The Americas<br>New York, NY 10036 | Värde Investment Partners, L.P.<br>8500 Normandale Lake Boulevard<br>Suite 1570<br>Minneapolis, MN 55437<br>Attn: Edwina P.J. Steffer<br>E-mail: *esteffer@varde.com* |

**~DEADLINE TO OBJECT TO TRANSFER~**

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CLERK OF THE COURT

119-1370/COURT/3532781.1

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LBHI ISSUED BOND

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **MEDICAL LIABILITY MUTUAL INSURANCE COMPANY** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **VÄRDE INVESTMENT PARTNERS, L.P.** ("Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 27940 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, and (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, (c) the security or securities relating to the Purchased Claim and specified in Schedule 1 attached hereto, (d) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims").

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed in the Proceedings; (b) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (c) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (d) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (e) Seller has not knowingly and intentionally engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (f) no payment or other distribution has been received by or on behalf of the Seller, or, to Seller's knowledge, by any third party on behalf of the Seller, in full or partial satisfaction of, or in connection with, the Transferred Claims

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.   Purchaser represents, warrants and covenants that (a) this Agreement has been duly authorized, executed and delivered by Purchaser, (b) Purchaser has the requisite power and authority to execute, deliver and

119-1370/AGR/3524639.3

perform this Agreement, and (c) this Agreement constitutes the valid, legal and binding agreement of Purchaser, enforceable against Purchaser in accordance with its terms.

5.      All representations, warranties and covenants shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.

6.      Seller shall promptly (but in any event no later than three (3) business days following receipt) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser.

7.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

8.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

(signatures on following page)

119-1370/AGR/3524639.3

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21 day of August 2012.

**MEDICAL LIABILITY MUTUAL INSURANCE COMPANY**
By: Invesco Institutional (N.A.), Inc., as Investment Adviser

By: *[signature]*
Name: Rob Young
Title: Portfolio Manager

Address:
c/o Invesco Institutional (N.A.), Inc.
Attn: Benjamin Gruder
1166 Avenue Of The Americas
New York, NY 10036

**VÄRDE INVESTMENT PARTNERS, L.P.**
By: Värde Investment Partners G.P., LLC, Its General Partner
By: Värde Partners, L.P., Its Managing Member
By: Värde Partners, Inc., Its General Partner

By: *[signature]*
Name: **Brad P. Bauer**
Title: **Senior Managing Director**

Address:
8500 Normandale Lake Boulevard
Suite 1570
Minneapolis, MN 55437
Attn: Edwina P.J. Steffer
E-mail: *esteffer@varde.com*

119-1370/AGR/3524639.3

Schedule 1

## Transferred Claims

**Purchased Claim**

100% of ISIN/CUSIP 524908K58 under Claim 27940, which totals an allowed amount of $8,476,706.77, plus all accrued interest, fees and other recoveries due.

**Securities to which Transfer Relates**

| Description of Security | ISIN/CUSIP | Issuer | Principal/Notional Amount | Maturity | Proof of Claim Number | Allowed Amount of Claim Transferred to Purchaser |
|---|---|---|---|---|---|---|
| 0.25% Notes Due 16 August 2012 | 524908K58 | Lehman Brothers Holdings Inc. | $8,475,000.00 | 16 August 2012 | 27940 | $8,476,706.77 |

Schedule 1-1

119-1370/AGR/3524639.3