WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ralph I. Miller
Robert J. Lemons
David R. Singh

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                          :
In re                                     :      **Chapter 11 Case No.**
                                          :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :      **08-13555 (JMP)**
                                          :
                          Debtors.        :      **(Jointly Administered)**
                                          :
----------------------------------------------------------------x

## NOTICE OF FILING OF LEHMAN BROTHERS HOLDINGS INC.'S AMENDED OBJECTION TO MICHAEL K. MCCULLY'S AND MICHAEL J. MULLEN'S MOTION PURSUANT TO FED. R. BANKR. P. 7023 TO CERTIFY A CLASS OF RSU CLAIMANTS, APPOINT CLASS COUNSEL AND CLASS REPRESENTATIVES AND APPROVE THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS

In connection with the hearing to be held on August 23, 2012 at 10:00 a.m. with respect

to the Motion Pursuant to Fed. R. Bankr. P. 7023 to Certify a Class of RSU and CSA Claimants,

Appoint Class Counsel and Class Representatives, and Approve the Form and Manner of Notice

to Class Members [ECF No. 29256], Lehman Brothers Holdings Inc. ("LBHI" and the "Plan

Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11

Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, hereby files LBHI's Amended

Objection to Michael K. McCully's and Michael J. Mullen's Motion Pursuant to Fed. R. Bankr.

P. 7023 To Certify a Class of RSU Claimants, Appoint Class Counsel and Class Representatives, and Approve the Form and Manner of Notice to Class Members (the "Amended Objection").

Attached hereto as "Exhibit A" is a clean copy of the Amended Objection, and attached hereto as "Exhibit B" is a blacklined copy of the Amended Objection, which is marked against the version of the Objection previously filed [ECF No. 29924].

Dated:  August 22, 2012
New York, New York

/s/ Ralph I. Miller
Ralph I. Miller
Robert J. Lemons
David R. Singh

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

# EXHIBIT A

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ralph I. Miller
Robert J. Lemons
David R. Singh

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                                        :        Chapter 11 Case No.
                                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,     :        08-13555 (JMP)
                                                                             :
                                      Debtors.              :        (Jointly Administered)
---------------------------------------------------------------x

## LEHMAN BROTHERS HOLDINGS INC.'S AMENDED OBJECTION TO MICHAEL K. MCCULLY'S AND MICHAEL J. MULLEN'S MOTION PURSUANT TO FED. R. BANKR. P. 7023 TO CERTIFY A CLASS OF RSU CLAIMANTS, APPOINT CLASS COUNSEL AND CLASS REPRESENTATIVES, AND APPROVE THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced

chapter 11 cases (the "Chapter 11 Estates"), hereby files this amended objection to the Motion

Pursuant To Fed. R. Bankr. P. 7023 To Certify A Class of RSU Claimants, Appoint Class

Counsel and Class Representatives, and Approve the Form and Manner of Notice to Class

Members [ECF No. 29256] (the "Motion") filed on July 6, 2012 by putative class representatives

Michael K. McCully ("McCully") and Michael J. Mullen ("Mullen") (collectively, the

"Claimants") and respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      Claimants' Motion should be denied in its entirety.  Courts in this district have

repeatedly recognized that class actions should only sparingly be allowed in chapter 11 cases

because the bankruptcy procedure itself provides for notice to potential claimants, the

consolidation of claims, and the opportunity to pursue claims at minimal cost, without the added

complication and burden of a class action.  Claimants have failed to show that their Motion

presents the exception to this rule; it does not, and it also fails to meet the basic requirements of

the applicable federal rules for class certification.

2.      First, Rule 7023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), which incorporates Rule 23 of the Federal Rules of Civil Procedure (the "Civil Rules"),

does not automatically apply in contested matters.  Rather, the proponent of class certification

must move, pursuant to Bankruptcy Rule 9014, for an order applying Bankruptcy Rule 7023.

Claimants did not do so.  Moreover, this is not the rare case where the Court should exercise its

discretion to apply Bankruptcy Rule 7023 because, among other things, Claimants flouted the

Bankruptcy Rules, did not file a timely class certification motion, and the certification of the

proposed class would frustrate LBHI's liquidation, while offering virtually no benefit to the

putative class.

3.      Second, Claimants failed to satisfy their burden of proving that the requirements

of Civil Rule 23 have been met.  Claimants failed the numerosity requirement of Civil Rule

23(a)(1) because joinder is demonstrably not impractical given that each of the putative class

members have participated in these chapter 11 cases by filing proofs of claim, and because only

39 putative class members whose claims are subject to these omnibus objections have not

2

defaulted on them. Claimants failed the typicality and adequacy of representation requirements of Civil Rule 23(a)(3) and (a)(4) because, unlike approximately 85% of the putative class members whose claims are subject to LBHI's omnibus objections, Claimants responded to LBHI's objection to their claim, and Claimants could potentially recover more if the defaulting class members' claims are reclassified and expunged. Nor have Claimants satisfied any of the subsections under Civil Rule 23(b). Civil Rule 23(b)(1) does not apply to a class for money damages; Claimants do not seek certification under Civil Rule 23(b)(2); and Civil Rule 23(b)(3) requires that a class action be a superior method of adjudication than the bankruptcy process, which it is not.

4.    <u>Finally</u>, Claimants have failed to show that certification of the putative class would be consistent with the goals of bankruptcy. Far from it, certifying the proposed class would only further complicate and delay the adjudication of the contested claims at issue; impose needless cost and burden on LBHI; and force LBHI to continue to hold reserves on account of the approximate $100 million of claims. Moreover, this reserve would impact the size of any upcoming distribution by LBHI to its creditors.

## BACKGROUND

### Procedural History

5.    Commencing on September 15, 2008 and periodically thereafter, (as applicable, the "<u>Commencement Date</u>"), LBHI and its affiliated debtors (collectively, the "<u>Debtors</u>") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.

6.    On July 2, 2009, the Court entered an order establishing September 22, 2009, at 5:00 p.m. as the deadline (the "<u>Bar Date</u>") for each person or entity to file proofs of claim against the Debtors based on prepetition claims. *See* ECF No. 4271 (the "<u>Bar Date Order</u>"). The Bar Date Order directed the Debtors to mail proofs of claim forms to, among others: (i) all parties

3

known to the Debtors as having potential claims against the Debtors' estates; (ii) all current employees of the Debtors (iii) all former employees of the Debtors terminated after September 1, 2006 and (iv) all of the Debtors' retirees, and to publish notice in The New York Times, The Wall Street Journal, and The Financial Times. *Id.* at 10-11. Debtors provided notice as directed in the Court's Bar Date order. *See* Corrected Affidavit of Service of Herb Baer of Epiq Bankruptcy Solutions, LLC [ECF No. 9395].

7.      On the Bar Date, claimant and putative Salaried Employee Subclass Representative McCully filed a proof of claim against LBHI for "unpaid compensation" based on a Restricted Stock Unit Agreement (Proof of Claim No. 32794). On December 15, 2009, McCully filed an amended proof of claim against LBHI via counsel, Richard Schager, Jr., of Stamell & Schager LLP (Proof of Claim No. 65949). The amended proof of claim stated the amount of the claim, $837,036, which in the initial proof of claim was incorrectly listed in the notice of claim section on the proof of claim form, not in the amount of claim section. *Id.* Neither McCully's initial or amended proof of claim alleged a class claim; nor did McCully or his counsel submit a verified statement of multiple creditor representation pursuant to Bankruptcy Rule 2019. Fed. R. Bankr. P. 2019.

8.      On the Bar Date, claimant and putative Commissioned Sales Subclass Representative Mullen filed a proof of claim against LBHI in the amount of $354,417.72 for "compensation withheld" (Proof of Claim No. 27599). The proof of claim asserts that some of the claim relates to "Restricted Stock Units" and that some of it relates to compensation "withheld to be repaid at year end" and described as "Hybrid Commissions." *Id.* Mullen's proof of claim did not make any class allegations, and Mullen did not submit a verified statement of multiple creditor representation pursuant to Bankruptcy Rule 2019.

US_ACTIVE:\44060854\12\58399.0011

9.    On January 14, 2010, the Court entered an order authorizing the filing of omnibus objections to up to 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d).  *See* Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of Claim Objection Procedures, Jan. 14, 2010, ECF No. 6664 (the "Procedures Order").

10.    Pursuant to the Procedures Order and Bankruptcy Rule 3007(d), LBHI has filed twelve omnibus objections seeking to reclassify as equity interests approximately 3,653 claims based on restricted stock units and/or contingent stock awards issued between 2003 and 2008 (the "Omnibus Objections").  LBHI filed ten of those Omnibus Objections between December 7, 2010 and September 15, 2011.[1]  In a series of orders entered between January 20, 2011 and February 27, 2012, the Court granted the requested relief as to claimants that did not file responses to the Omnibus Objections, and reclassified as equity, approximately 3,182 claims.[2]

---

[1] Those objections are:  Debtors' Seventy-Third Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 13295]; Debtors' One Hundred Eighteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 15666]; Debtors' One Hundred Thirtieth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16115]; Debtors' One Hundred Thirty-First Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16116]; Debtors' One Hundred Thirty-Third Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16530]; Debtors' One Hundred Thirty-Fourth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16532]; Debtors' One Hundred Thirty-Fifth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16808]; Debtors' One Hundred Seventy-Sixth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 19392]; Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims) [ECF No. 19714]; Debtors' Two Hundred Seventh Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 20012].

[2] The Orders are the:  Order Granting Debtors Seventy-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 14025]; Supplemental Order Granting Debtors Seventy-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 14776]; Order Granting Debtors' One Hundred Eighteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 17349]; Supplemental Order Granting Debtors' One Hundred Eighteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 19527]; Second Supplemental Order Granting Debtors' One Hundred Eighteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 21346]; Order Granting Debtors' One Hundred Thirtieth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 17369]; Order Granting Debtors' One Hundred Thirty-First Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 17353]; Order Granting Debtors' One Hundred Thirty-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 18177]; Order Granting Debtors' One Hundred Thirty-Fourth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 18187]; Order Granting Debtors' One Hundred Thirty-Fifth Omnibus

5

11.     On June 4, 2012, LBHI, as Plan Administrator, filed its Three Hundred Thirteenth Omnibus Objections to Claims (To Reclassify Proofs of Claim as Equity Interests) (the "313th Omnibus Objection"), which objected to both McCully's and Mullen's proofs of claim.  The 313th Omnibus Objection seeks to reclassify as equity interests compensation-based claims filed by current and/or former employees of Debtors on the basis of either restricted stock units ("RSUs"), contingent stock awards ("CSAs"), stock option, or other equity-related compensation (together, the "Equity Awards").

12.     On June 15, 2012, LBHI, as Plan Administrator, filed its Three Hundred Nineteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) (the "319th Omnibus Objection"), to object to the additional equity-related compensation claims. The 319th Omnibus Objection, like the 313th Omnibus Objection, seeks to reclassify equity-related compensation claims as equity interests.

13.     The 313th Omnibus Objection relates to 235 proofs of claim.  The deadline for responding to the 313th Omnibus Objection was July 6, 2012, at 4:00 pm.  Only 26 of the 235 claimants, or approximately 11%, submitted timely responses to the 313th Omnibus Objection.[3]

14.     The 319th Omnibus Objection relates to 20 proofs of claim.  The deadline for responding to the 319th Omnibus Objection was July 16, 2012, at 4:00 pm.  Only 3 of the 20 claimants, or 15%, submitted timely responses to the 319th Omnibus Objections.

---

Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 18178]; and Order Granting Debtors' One Hundred Seventy-Sixth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 20610]; Order Granting Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims) [ECF No. 21382]; and First Supplemental Order Granting Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims) [ECF No. 25816].

[3] After the July 6 deadline lapsed, nine additional claimants requested that their untimely responses to the 313th and 319th Omnibus Objections be treated as timely filed.  LBHI consented to this request.

6

15.     It has been the Court's practice and procedure to date in this bankruptcy case to grant and approve the relief sought in omnibus objections when claimants fail to respond to the objection.  The Court has also denied the right of a claimant to later oppose an objection for which an order has already been entered where the claimant knowingly elected not to respond.  *See* Order Denying Motion of Jeremy R. Kramer for Reconsideration of the Reclassification of His Claim, ECF No. 25995.

The Proposed Class

16.     On July 6, 2012, the deadline for responding to the 313th Omnibus Objection, the putative class representatives, McCully and Mullen, moved by and through their counsel Stamell & Schager LLP, for certification of a class "consisting of all persons named by Debtors in the 313th and 319th Omnibus Objections; and all person who have filed Proofs of Claim for deferred compensation denominated as 'Restricted Stock Units' or 'Contingent Stock Awards' and who have not been named in Debtors' 73rd, 118th, 130th, 131st, 133rd, 134th, 135th, 176th, and 207th Omnibus Objections excluding all persons who opt out of the class after notice is duly given."[4]  *See* Motion at 2.

17.     Claimants propose dividing the putative class into the following two subclasses:

    (a)     All members of the putative class who were compensated by salary and who received RSUs or CSAs in lieu of cash as part of their annual bonuses (the "Salaried Employee Subclass" or "SE Subclass"), with Claimant McCully designated as the SE Subclass Representative; and

    (b)     All members of the putative class who were compensated by sales commissions and who received RSUs or CSAs in lieu of cash commissions (the "Commissioned Sales Subclass" or "CS Subclass"), with Claimant Mullen as the CS Subclass Representative.

---

[4] LBHI believes that it has objected to all but twenty-one of the RSU and CSA claims.  The class proponents have not identified any additional claims.  Accordingly, the proposed class may be limited to only those named in the 313th and 319th Omnibus Objections, and twenty-one additional claimants to whose claims LBHI intends to object in the near future.

7

*Id.*

18.      While the putative class includes claimants named in the 313th and 319th Omnibus Objections, it does not include RSU claimants[5] who filed responses and replies to LBHI's prior Omnibus Objections to reclassify as equity interests claims based on restricted stock units and/or contingent stock awards or other equity related compensation.  The putative class thus excludes numerous RSU claimants, including those with whom LBHI has been discussing discovery procedures and to whom LBHI made an initial production of documents. Counsel to the putative class has been involved in the negotiation of the discovery procedures.

<u>The Confirmation of the Plan and Liquidation of the Estate</u>

19.      On December 6, 2011 the Court entered an order confirming the Plan, ECF No. 23023.  The Plan became effective on March 6, 2012.  On April 17, 2012, LBHI and its Debtor Affiliates made an initial Plan distribution totaling approximately $22.5 billion, to holders of over 12,000 claims.  *See* Notice Regarding Initial Distributions Pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, April 11, 2012 [ECF No. 27312]; 2012+ Cash Flow Estimates (*available at* http://dm.epiq11.com/LBH/Document).

## I.      **LEGAL STANDARD**

20.      For a class claim to proceed in a bankruptcy case the following three requirements must be met:  (1) the bankruptcy court must direct Civil Rule 23 to apply, (2) the claim must satisfy the requirements of Civil Rule 23, and (3) the benefits from the use of a class claim device must be consistent with the goals of bankruptcy.  *In re Blockbuster, Inc.*, 441 B.R. 239,

---

[5] The terms "RSU claimants" and "RSU claims" are being used to cover those with claims related to RSUs, CSAs and other equity-related compensation that LBHI has objected to and sought to reclassify as equity interests.

241 (Bankr. S.D.N.Y. 2011); *In re WorldCom, Inc.*, No. 02-13533, 2005 WL 3832063, at *2

(Bankr. S.D.N.Y. May 11, 2005). None of these requirements has been met here.

## II.    THE COURT SHOULD NOT DIRECT CIVIL RULE 23 TO APPLY

21.    As explained above, Claimants seek, *inter alia*, a class certification order pursuant

to Civil Rule 23, which they assert is made applicable by Bankruptcy Rule 7023. Mot. at 1. Part

VII of the Bankruptcy Rules, however, which includes Bankruptcy Rule 7023, only applies to

adversary proceedings. *See* FED. R. BANKR. P. 7001.[6] Indeed, while Bankruptcy Rule 9014

specifies that certain of the rules in Part VII apply in contested matters, Bankruptcy Rule 7023 is

not among them. *See* FED. R. BANKR. P. 9014. Accordingly, for Bankruptcy Rule 7023 (and, by

implication, Civil Rule 23) to apply in a contested matter, a movant should move under

Bankruptcy Rule 9014 for an order directing Civil Rule 23 to apply. FED. R. BANKR. P. 9014; *In*

*re Ephedra Prods. Liab. Litig.*, 329 B.R. 1, 5 (Bankr. S.D.N.Y. 2005) ("[T]he bankruptcy court

first decides under Rule 9014 whether or not to apply Rule 23, Fed. R. Civ. P., to a 'contested

matter,' *i.e.*, the purported class claim; if and only if the court decides to apply Rule 23, does it

then determine whether the requirements of Rule 23 are satisfied.").

22.    The decision whether to apply Civil Rule 23 to a contested matter is committed to

the sound discretion of the Court. *In re Motors Liquidation Co.*, 447 B.R. 150, 157 (Bankr.

S.D.N.Y. 2011).

23.    As this Court has previously recognized, however, bankruptcy courts should only

sparingly exercise their discretion to apply Civil Rule 23 in the context of a chapter 11 case. *See*

Tr. at 77: 12-22, Adv. Pro. No. 09-01482 (Bankr. S.D.N.Y. Jan. 21, 2010), ECF No. 13

---

[6] Even Claimants' own cited authority recognizes that a bankruptcy court must direct Civil Rule 23 to apply in a
contested matter. *See, e.g., American Reserve Corp.*, 840 F.2d 487, 493-94 (7th Cir. 1988) (holding that a
bankruptcy court *may*, pursuant to Bankruptcy Rule 9014, apply Civil Rule 23 to a contested matter, but instructing
the bankruptcy court to consider whether it would be prudent to do so in like of the fact that class certification is
"less desirable in bankruptcy than in ordinary civil litigation.").

("Ordinarily, Rule 23 provisions are applied sparingly in Chapter 11 cases. The reason for that is

that the bankruptcy process itself allows for a multitude of claimants to have their claims heard

and determined by a single court . . . . Under these circumstances, without prejudice to the rights

of the plaintiffs, a class action is, in the Court's view, an entirely unnecessary and inappropriate

procedure."). Other courts in this district have reached the same conclusion. *In re Northwest*

*Airlines Corp.*, No. 05-17930 (ALG), 2007 WL 2815917, at *3 (Bankr. S.D.N.Y. Sept. 26, 2007)

("Class action status is sparingly used in a bankruptcy case."); *In re Ephedra Prods. Liab. Litig.*,

329 B.R. at 9 ("Since superiority of the class actions is lost in bankruptcy, only compelling

reasons for allowing a particular opt-out class can justify applying Rule 23"); *In re Thomson*

*McKinnon Sec., Inc.*, 133 B.R. 39, 40 (Bankr. S.D.N.Y. 1991) ("Manifestly, the bankruptcy

court's control of the debtor's affairs might make class certification unnecessary.").[7]

24.     In determining whether to exercise its discretion and apply Civil Rule 23 in a

bankruptcy proceeding, courts have considered a variety of factors, including, *inter alia*:

- ***whether claimants are in "compliance with the Bankruptcy procedures regulating the filing of class proofs of claim in a bankruptcy case,"*** *see, e.g.*, *Id.* at 41 (disallowing class proof of claim where the named plaintiff failed to file a Bankruptcy Rule 9014 motion requesting that Bankruptcy Rule 7023 apply);

- ***whether or not the movant sought class certification at the earliest practical time***, *see, e.g.*, *In re Thomson McKinnon Sec., Inc.*, 150 B.R. 98, 101 (Bankr. S.D.N.Y. 1992) (noting that bankruptcy courts should be circumspect in

---

[7] The Southern District of New York decisions that Claimants purport to rely on are not inconsistent with the well-established rule that bankruptcy courts should only sparingly exercise their discretion to apply Civil Rule 23 in Chapter 11 proceedings. In *In re BGI, Inc.*, 465 B.R. 365 (Bankr. S.D.N.Y. 2012), the court granted a joint motion for certification of a class for settlement purposes only in an adversary proceeding. The court noted that Civil Rule 23 applied because Bankruptcy Rule 7023 makes Civil Rule 23 applicable in adversary proceedings. *Id.* at 374. Here, LBHI opposes Claimants' motion for class certification, and Civil Rule 23 is not made applicable by Bankruptcy Rule 7023 because this is not an adversary proceeding. In *In re Chateaugay Corp.*, 104 B.R. 626 (S.D.N.Y. 1989), the district court reversed a bankruptcy court decision holding that the Bankruptcy Code bars the *filing* of a class proof of claim. *cf. In re BGI, Inc.* 465 B.R. at 373-75. The district court did not have before it a motion for class certification and did not address whether the bankruptcy court should direct Civil Rule 23 to apply.

applying Civil Rule 23, especially where plaintiff did not move for class certification "as soon as practicable" as required by Civil Rule 23(c)(1));

- **whether or not the purported class was certified prepetition**, *see, e.g.*, *In re Bally Total Fitness*, 402 B.R.616, 620 (Bankr. S.D.N.Y. 2009) (refusing to allow class proof of claim where class was not certified prepetition); *In re Jamesway Corp.*, No. 95 B 44821 (JLG), 1997 WL 327105, at *10 (Bankr. S.D.N.Y. June 12, 1997) (denying motion for class certification in an adversary proceeding in part because the class was not certified prepetition);

- **whether or not potential class members were given adequate notice of the bankruptcy and bar date**, *see id.* (refusing to certify class where adequate notice of bar date was afforded to potential class members, and thus to certify class would be "unwarranted, unfair, and possibly violate the due process rights of other creditors") (internal quotations omitted);

- **whether the class claim device will result in deterrence of future wrongdoing by the debtor,** *see In re Motors Liquidation Co.*, 447 B.R. at 163 (noting that Civil Rule 23 would be of little utility in a liquidation case and that any punishment for wrongdoing would be borne by innocent creditors);

- **whether a class action would frustrate the expeditious administration of assets**, *see In re Ephedra Prods. Liab. Litig.*, 329 B.R. at 5 ("[A] court sitting in bankruptcy may decline to apply Rule 23 if doing so would . . . 'gum up the works' of distributing the estate."); and

- **whether the total benefit to the class members (if any) would justify the cost of defending a class action**, *see, e.g.*, *Id.* at 10 (declining to apply Civil Rule 23 because "[t]he only real beneficiaries of applying [Civil] Rule 23 would be the lawyers representing the class" and noting that "[t]he Court has discretion under [Bankruptcy] Rule 9014 to find that the likely total benefit to class members would not justify the cost to the estate of defending a class action").

25.    "If application of Bankruptcy Rule 7023 is rejected by the bankruptcy court in an exercise of discretion . . . the result will be that class claims will be denied and expunged." *In re Thomson McKinnon Sec., Inc.*, 133 B.R. at 40-41.

26.    As detailed below, each of the discretionary factors weighs decidedly against applying Civil Rule 23 to the contested matters at issue here, and the Court should thus decline to apply Civil Rule 23.

11

### A.      Claimants Failed to Comply with Bankruptcy Rules 9014 and 2019

27.      A claimant who seeks to bring a class claim must comply with the applicable

procedural requirements.  *See, e.g.*, *In re Thomson McKinnon Sec., Inc.*, 133 B.R. at 41; *In re*

*Ephedra Prods. Liab. Litig.*, 329 B.R. at 6-7 (same).  These procedural requirements are not

complicated.  Because a claim "cannot be allowed as a class claim until the bankruptcy court

directs that Rule 23 apply," the putative class representative must file a motion under Bankruptcy

Rule 9014 requesting the application of Civil Rule 23.  *In re Ephedra Prods. Liab. Litig.*, 329

B.R. 1 at 5; *see also In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. 365, 369 (Bankr.

S.D.N.Y. 1997) ("For a Class Claim to proceed . . . the bankruptcy court must direct Rule 23 to

apply").

28.      In addition, a purported agent or class representative is required to file a verified

statement of multiple creditor representation pursuant to Bankruptcy Rule 2019, which requires

purported agents representing more than one creditor to file a verified statement setting forth the

basis of that representative's right to act for the represented creditors.  FED. R. BANKR. P. 2019.

Among other things, the required verified statement must list the name and address of the

creditors, the nature and amount of the creditors' claims, the agent's specific authority

empowering him to act on behalf of the creditors, and the relevant facts and circumstances

surrounding the employment of the agent.  *Id.*

29.      Here, Claimants failed to move under Bankruptcy Rule 9014 for an order

applying Civil Rule 23 to the contested matters encompassed by the putative class.  Moreover,

neither Claimants, nor their counsel, have filed a verified statement of multiple creditor

representation pursuant to Bankruptcy Rule 2019 indicating that the putative class members, all

who have filed their own proofs of claim, have empowered them to act on their behalf in a

representative capacity.  The Court should enforce these procedural requirements and decline to

US_ACTIVE:\44060854\12\58399.0011

apply Civil Rule 23 to these contested matters. *See, e.g.*, *In re Thomson*, 133 B.R. at 41

(disallowing class proof of claim where named plaintiff failed to file Bankruptcy Rule 9014

motion requesting application of Bankruptcy Rule 7023); *In re Baldwin-United Corp.*, 52 B.R.

146, 148 (Bankr. S.D. Ohio 1985) (ruling that claimants' failure to comply with Bankruptcy Rule

2019(a) barred their class proof of claim).

### B.    Claimants Failed to File a Timely Class Certification Motion

30.    Civil Rule 23(c)(1) requires that class certification be sought "[a]s soon as

practicable after the commencement of an action brought as a class action . . . ." Fed. R. Civ. P.

23(c)(1). Although "[a] delay does not automatically disqualify the class claim, it bears on the

exercise of the discretion whether to apply Rule 23." *In re Musicland Holding Corp.*, 362 B.R.

644 at 652 (Bankr. S.D.N.Y. 2007); *accord In re Thomson McKinnon Sec., Inc.*, 150 B.R. at 101.

In a bankruptcy case, a "delay may impact the entire case—not just the affected claim—and

provides grounds for a bankruptcy court to refuse to make Rule 23 applicable to the claims

process." *In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. at 370. "As the case moves

toward its conclusion, it is more likely that a delay in resolving the certification issue will

interfere with the administration of the estate." *Id.*

31.    Claimants did not provide notice of their purported class claim, or seek

certification of a class, in a timely fashion. Claimants failed to file a motion for class treatment

until around 45 months after the Commencement Date and 33 months after the Bar Date. In fact,

Claimants did not even provide notice of their purported class claim and seek class certification

until the very deadline for responding to a post-confirmation claims objection, in an unabashed

attempt to circumvent this Court's past practice of reclassifying the claims of individuals or

entities who fail to respond to an omnibus objection. Mot. at 3 (arguing against the forfeiture of

claims). Courts have consistently declined to apply Civil Rule 23 to contested matters at such a

13

late stage in bankruptcy proceedings. *See, e.g.*, *In re Motors Liquidation Co.*, 447 B.R. at 164 (noting that cases have uniformly held that a class certification motion must be filed promptly without waiting for an objection, and declining to apply Civil Rule 23 because the Claimants failed to file a motion for class treatment until twelve months after the commencement date and eight months after the bar date); *In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. at 370 ("If the claimant waits until a post confirmation claim objection to first bring the issue to a head, serious prejudice may result to the other creditors and the estate.").

    **C.**    **The Class Was Not Certified Prepetition by a Non-Bankruptcy Court, and the Putative Class Was Given Adequate Notice of the Bankruptcy Case and Bar Date**

32.    Courts in this district have emphasized that a class claim is most appropriate where (i) a class has been certified prepetition in a nonbankruptcy forum or (ii) the putative class members were not given adequate notice of the bankruptcy case and bar date. *See, e.g.*, *In re Blockbuster, Inc.*, 441 B.R. 239 at 242; *In re Bally Total Fitness of Greater New York, Inc.*, 402 B.R. 616, at 620 (Bankr. S.D.N.Y. 2009); *In re Jamesway Corp.,* 1997 WL 327105, at *5; *see also In re Sacred Heart Hosp. of Norristown*, 177 B.R. 16, 22 (Bankr. E.D. Pa. 1995) (noting that situations where a class has been certified pre-petition are the "best candidates for [class] treatment").

33.    The putative class here was not certified prepetition by a non-bankruptcy court.

34.    The putative class members were also given adequate notice of the bankruptcy case and Bar Date. Pursuant to the Bar Date Order, Debtors mailed proofs of claim forms to, among others: (i) all parties known to the Debtors as having potential claims against the Debtors' estates; (ii) all current employees of the Debtors (iii) all former employees of the Debtors terminated after September 1, 2006; and (iv) all of the Debtors' retirees. Debtors also

14

provided publication notice in the <u>The New York Times</u>, <u>The Wall Street Journal</u>, and <u>The Financial Times</u>. Bar Date Order at 10-11. The Bar Date Order specified that both the notice by individual mailing and publication notice were deemed good, adequate and sufficient. *See id.* Moreover, given that each of the putative class members actually filed claims, they clearly had adequate notice.

35.    Because the Debtors have provided adequate notice to the members of the putative class, it would be unfair, unnecessary, and a waste of time and resources to direct a second notice to the putative class members to provide an opportunity to opt-out. Furthermore, the members of the putative class who failed to respond LBHI's 313th or 319th Omnibus Objections in a timely fashion could not have relied on the filing of the class claims here because there was no certified class as of the deadlines for responding to LBHI's 313th and 319th Omnibus Objections. *Cf. In re Jamesway Corp.*, 1997 WL 327105, at *10 (denying motion to certify a class claim where "[n]o class was pre-certified such that purported class members who did not chose [*sic*] to file a proof of claim should or could have had any reasonable expectation that they need not comply with the Bar Date Order"). In addition, the Motion was filed on the objection deadline for the 313th Omnibus Objection. Holders of claims included on the 313th Omnibus Objection could not have relied on the Motion as a basis for not filing a response.

### D.    Application of Civil Rule 23 Will Not Deter Future Wrongdoing

36.    Where a debtor is liquidating, and its managers have moved on to other employment, a class action no longer serves one of its primary functions: deterrence. *See In re Musicland*, 362 B.R. at 650-651; *In re Motors Liquidation Co.*, 447 B.R. at 163 ("And the deterrence class actions often provide would be of little utility in a case like this one, where Old GM is liquidating, and any punishment for any wrongful Old GM conduct would be borne by Old GM's innocent creditors"); *In re Ephedra Prods. Liab. Litig.*, 329 B.R. at 9 ("Whatever

15

weight deterrence may have in a true reorganization, it has none in a liquidating plan like the one here.").

37.    As in *In re Motors Liquidation Co.* and *In re Ephedra Prods. Liab. Litig.*, a class action would not serve any deterrence function here.  As the Court is well aware, the vast majority of Debtors' managers and employees have moved on to other employment, and a new board of directors is guiding LBHI and certain of its affiliates through liquidation.

### E.    Application of Civil Rule 23 Would Frustrate the Expeditious Administration of Assets

38.    Civil Rule 23 should not be applied in a bankruptcy proceeding where it would frustrate the expeditious administration of assets.  *In re Ephedra Prods. Liab. Litig.*, 329 B.R. at 5 ("[A] court sitting in bankruptcy may decline to apply Rule 23 if doing so would . . . 'gum up the works' of distributing the estate.") (citation omitted).

39.    Allowing a class action here at this late stage—for the thinly-veiled and improper purpose of trying to stave off the reclassification of the claims of the vast majority of the putative class members who did not oppose LBHI's objection—would clearly "gum up the works" of the liquidation process by saddling LBHI with additional costs and forcing LBHI to continue to hold reserves on account of approximately $100 million of claims,[8] possibly until resolution of a Civil Rule 26(f) appeal.  Fᴇᴅ. R. Cɪᴠ. P. 23(f).  This significant reserve would impact the size of any upcoming distributions by LBHI to its creditors.  Given the potential impeding effect of a class action on the liquidation process in this bankruptcy case, the Court should exercise its discretion not to apply Civil Rule 23.  *See, e.g., In re Thomson McKinnon Sec., Inc.*, 133 B.R. at 41 ("[T]he

---

[8] The Court may take judicial notice of this calculation of the total claim amount, which is based on verifiable, publicly available information on the docket.  *See, e.g., In re General Vision Servs., Inc.,* Adv. No. 05-01604, 2005 WL 3754053, at *2 (Bankr. S.D.N.Y. Dec. 28, 2005) ("the filing and content of the claims and the objections are not in dispute, and are subject to judicial notice."); *In re RSL COM PRIMECALL, Inc.,* Adv. No. 03-2176(ALG), 2003 WL 22989669, at *10, n. 12 (Bankr. S.D.N.Y. Dec. 11, 2003) (taking judicial notice of the fact that claimant filed a proof of claim seeking $100 million).

16

costs and delay associated with class actions are not compatible with liquidation cases where the need for expeditious administration of assets is paramount so that all creditors, including those not within the class, may receive a distribution as soon as possible.").

### F.    Application of Rule 23 Would Not Result in Any Benefit to the Putative Class

40.    "The Court has discretion under [Bankruptcy] Rule 9014 to find that the likely total benefits to class members would not justify the cost to the estate of defending a class action." *In re Ephedra Prods. Liab. Litig.*, 329 B.R. at 10 (declining to apply Rule 23 because "[t]he only real beneficiaries of applying Rule 23 would be the lawyers representing the class"); *In re Woodward & Lothrop Holdings, Inc.,* 205 B.R. at 376 (noting that Bankruptcy Rule 9014 "give[s] the court considerable discretion to consider the benefits and costs of class litigation.").

41.    Two hundred and seventeen putative class members (or approximately 85% of the claims subject to LBHI's 313th and 319th Omnibus Objections) defaulted on LBHI's omnibus objections to their claim.  Despite wholly unsupported speculation in the Motion that some claimants *may* not have responded due to (i) change of address notices not processed by Debtors or their agents; and/or (ii) Debtor's failure to advise that that the word "reclassification" means that the claim will likely be expunged (Mot. at 3), none of the 217 defaulting putative class members has come forth with such an explanation, much less filed a motion for an extension to respond to the 313th or 319th Omnibus Objection under Bankruptcy Rule 9006(b) based on failure to respond as a result of excusable neglect.  Fed. R. Bankr. P. 9006(b).  Accordingly, the Court should not deviate from its practice and procedure in this bankruptcy case of granting unopposed objections and reclassifying defaulting claimants' claims as equity interests.

42.    As to the RSU claimants who filed timely responses to the 313th and 319th Omnibus Objections, the Plan Administrator has already proposed procedures to streamline the

17

litigation of such claims, along with other allegedly similarly situated parties.  As a result, RSU claimants would not obtain any marginal benefit from class certification.

43.     Accordingly, the putative class as a whole is unlikely to benefit significantly from application of Civil Rule 23 and the only realistic beneficiaries of applying Civil Rule 23 to the contested matters at issue here would be Claimants' attorneys, who are not creditors of the Debtors' estates in the traditional sense.  *See In re Ephedra Prods. Liab. Litig.*, 329 B.R. at 10 (declining to apply Civil Rule 23 because "[t]he only real beneficiaries of applying [Civil] Rule 23 would be the lawyers representing the class" and noting that "[t]he Court has discretion under [Bankruptcy] Rule 9014 to find that the likely total benefit to class members would not justify the cost to the estate of defending a class action").

44.     Because each of the discretionary factors weighs against applying Civil Rule 23 here, the Court can decline to apply Civil Rule 23 to the contested matters at issue and deny Claimants' Motion in its entirety without evaluating whether the requirements of Civil Rule 23 have been satisfied.

## III.    **CLASS CERTIFICATION SHOULD BE DENIED BECAUSE CLAIMANTS CANNOT SATISFY THE REQUIREMENTS OF CIVIL RULE 23**

45.     Even if the Court does apply Civil Rule 23, however, Claimants have failed to satisfy each of the requirements of that rule.  To proceed as a class claim, the Claimants must meet all four requirements of subsection (a) of Civil Rule 23.  *See Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2548 (2011); *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002).  Civil Rule 23(a) provides:

> (a)  Prerequisites [to Class Action].  One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> > (1) the class is so numerous that joinder of all members is impracticable;
> > (2) there are questions of law or fact common to the class;
> > (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

18

(4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

46.     In addition, the Claimants must also satisfy one of the three elements of

subsection (b) of Civil Rule 23. *Dukes*, 131 S.Ct. at 2548-49; *Amchem Prods., Inc. v. Windsor*,

521 U.S. 591, 614 (1997). Claimants are seeking class certification under Civil Rule 23(b)(1)

and (23)(b)(3). Mot. at 8-9.

47.     Civil Rule 23(b)(1) provides in relevant part:

(1) prosecuting separate actions by or against individual class members would
create a risk of:
     (A) inconsistent or varying adjudications with respect to individual class
     members that would establish incompatible standards of conduct for the
     party opposing the class; or
     (B) adjudications with respect to individual class members that, as a
     practical matter, would be dispositive of the interests of the other members
     not parties to the individual adjudications or would substantially impair or
     impede their ability to protect their interests;

FED. R. CIV. P. 23(b)(1).

48.     Rule 23(b)(3) provides in relevant part:

(3) the court finds that the questions of law or fact common to class members
predominate over any questions affecting only individual members, and that a
class action is superior to other available methods for fairly and efficiently
adjudicating the controversy.

FED. R. CIV. P. 23(b)(3).

49.     Claimants bear the burden of proving each of the requirements of Civil Rule 23

with supporting evidence, including affidavits, testimony, and documentary support. *In re Initial*

*Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d. Cir. 2006); *see also Dukes*, 131 S.Ct. at 2551

("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must

affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove

19

that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc.").  For

a class to be certified, the court must be satisfied after "rigorous analysis" that all the

requirements of Civil Rule 23 are met.  *See*, *e.g.*, *In re Initial Pub. Offerings Sec. Litig.,* 471 F.3d

at 33; *Ansari v. New York Univ.,* 179 F.R.D. 112, 114 (S.D.N.Y. 1998).

50.    Failure to satisfy any element of Civil Rule 23 necessitates denial of a class

certification motion.  *See Ansari,* 179 F.R.D. at 114 (citing *Amchem Prods., Inc.,* 521 U.S. 591).

51.    Claimants here failed to support their Motion with *any* evidence, affidavits,

documents or testimony, as the Second Circuit made clear is required.  *In re Initial Pub.*

*Offerings Sec. Litig.,* 471 F.3d at 41.  Moreover, Claimants have failed to satisfy several of the

requirements of Civil Rule 23.

**A.    The Requirements of Civil Rule 23(a) Have Not Been Satisfied**

1.    *Numerosity is Not Satisfied*

52.    Civil Rule 23(a)(1) requires that "the class is so numerous that joinder of all

members is impractical."  Joinder of the putative class members, however, is demonstrably not

impractical here because all of the putative class members *did* join this bankruptcy proceeding by

filings proofs of claim.  FED. R. CIV. P. 23(a)(1).

53.    Nevertheless, Claimants argue that, with over 250 putative class members, the

numerosity requirement is met because "courts presume that joinder is impractical when the

prospective class consists of forty or more members."  Mot at 5 (citing *In re BGI, Inc.*, 465 B.R.

at 374).  For purposes of the numerosity test, however, the relevant number is not the total

number of claimants with claims subject to the 313th and 319th Omnibus Objections, but only

the 39 members whose claims should not be reclassified for defaulting on LBHI's objections.

*See In re W.T. Grant Co.*, 24 B.R. 421, 424-25 (Bankr. S.D.N.Y. 1982) (rejecting the argument

that a putative class of 3,393 former employees of a bankrupt company satisfied the Civil Rule

20

23(a)(1) because 3,331 of these former employees settled or waived their claims and, of the remainder, only 33 of them responded to the trustee's objection).  As this Court has ordered with respect to other claims in this case, claims for which no response was filed to the Omnibus Objections should be reclassified.  Such claims are thus not similarly situated.

54.    A class with just 39 members does not satisfy Civil Rule 23(a)(1)'s numerosity requirement.  *See*, *e.g.*, *Dannenberg v. Dorison*, 603 F.Supp. 1238, 1243 (S.D.N.Y. 1985) (declining to certify class with a maximum size of 33); *In re W.T. Grant Co.*, 24 B.R. at 424-25 (same).

55.    Claimants further fail the numerosity requirement in Civil Rule 23(a)(1) because they propose dividing the class into two separate subclasses:  a "Salaried Employee Subclass" and a "Commissioned Sales Subclass."  Each of these subclasses must separately satisfy the numerosity requirement in Civil Rule 23(a)(1), which they clearly do not.  *Oakley v. Verizon Commc'ns, Inc.*, No. 09 Civ. 9175(CM), 2012 WL 335657, at *15 (S.D.N.Y. Feb. 1, 2012) (noting that, to satisfy the typicality requirement, the class would have to be divided into subclasses, but that each separate subclass would have to satisfy the numerosity requirement); *Guan Ming Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165, 178 (S.D.N.Y. 2011) (declining to certify a subclass that failed to satisfy Civil Rule 23(a)(1)).[9]

2.    *Commonality is Satisfied, but Does Not Require Class Certification*

56.    Civil Rule 23(a)(2) requires that "there are questions of law or fact common to the class."  FED. R. CIV. P. 23(a)(2).  LBHI does not contest that a common issue of law permeates

---

[9] Even if the twenty-one additional RSU claims that are not yet subject to an omnibus objection are considered by the Court in assessing numerosity, joinder of these additional claimants is not impractical because of the bankruptcy procedures already in place for dealing with such claims, as well as the proposed discovery procedures that will be in place for RSU claims.  These procedures will ensure that the RSU claims are resolved in an efficient and consistent manner.

US_ACTIVE:\44060854\12\58399.0011

all of the RSU and CSA claims:  whether Equity Awards should be reclassified as equity

interests.  The Court, however, has effectively addressed this common issue through effective

case management, including procedures allowing for omnibus objections and coordinated

discovery, without the systemic burden of a class action.  *See In re American Reserve Corp.*, 840

F.2d at 490 ("Class actions consume judicial time, putting off adjudication for to other deserving

litigants; they impose steep costs on defendants, even those in the right.  The systemic costs of

class litigation should not be borne lightly.").

3.    *Typicality is Not Satisfied*

57.    Civil Rule 23(a)(3) requires that "the claims or defenses of the representative

parties are typical of the claims or defenses of the class[.]"  FED. R. CIV. P. 23(a)(3).

58.    Where a class representative's claims are not subject to the same defenses as the

other putative class members, the class member's claims are not typical.  *See*, *e.g.*, *In re*

*WorldCom, Inc.*, 2005 WL 3832063 at *2 (class representative's claims were not typical where,

unlike many of the putative class members, his claims were not subject to a statute of limitations

defense).

59.    Applying this standard, McCully's and Mullen's claims are atypical.  Indeed,

unlike approximately 85% of the claimants whose claims are subject to the 313th and 319th

Omnibus Objections, McCully and Mullen have not defaulted on LBHI's objections.  As a result,

McCully and Mullen differ materially in their rights from the 85% of claims that are subject to

the 313th and 319th Omnibus Objections for which no response was filed.

60.    Furthermore, depending on whether claimants were commission-based or salary-

based employees, varying arguments have been asserted by claimants to distinguish themselves

from precedent in the Second Circuit.  The Plan Administrator does not believe any such

22

arguments have merit, however, such alleged distinctions defeat a showing of typicality under Civil Rule 23(a)(3).

### 4.    *Adequacy is Not Satisfied*

61.    Civil Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4).  As Claimants acknowledge, this rule requires that the class representatives not have any conflicts of interest with the other putative class members.  Mot. at 6; *see also In re Musicland Holding Corp.*, 362 B.R. at 653 ("[T]he proposed class representative must have an interest in vigorously pursuing the claims of the class, and must have no interests antagonistic to the interests of other class members.") (citation omitted).

62.    Here, the putative class representatives, McCully and Mullen, do have interests that are antagonistic to the interests of other class members.  Indeed, because the Chapter 11 Estates have insufficient resources to satisfy all of their creditors, McCully and Mullen would stand to benefit if the claims of other class members are reclassified based on defenses not applicable to McCully and Mullen, such as the failure to respond to the 313th or 319th Omnibus Objections.

### B.    The Requirements of Civil Rule 23(b) Have Not Been Satisfied

### 1.    *Rule 23(b)(1) Does Not Apply To Damages Classes*

63.    Claimants trumpet that Civil Rule 23(b)(1) is satisfied because there is a risk of inconsistent or varying adjudications if the class is not certified.  Mot. at 8.  Courts in this Circuit, however, have repeatedly recognized that certification under Civil Rule 23(b)(1)(A) is limited to claims for injunctive relief, and not claims for money damages.  *Oakley*, 2012 WL 335657, at *11; *Trautz v. Weisman*, 846 F.Supp. 1160, 1169 (S.D.N.Y. 1994) ("Class certification under 23(b)(1)(A) is only proper where a class representative 'seeks injunctive relief

23

to alter an ongoing course of conduct which is either legal or illegal as to all members of the

class.'" (citation omitted). "Were it otherwise, every class under Rule 23(b)(3) could also be

certified under (b)(1)(A), thereby rendering what was built into Rule 23(b)(3) to protect absent

class members—predominance, superiority, as well as opt-out rights—illusory." *Oakley*, 2012

WL 335657, at *11. Claimants are obviously seeking money damages, and not an injunction.

Accordingly, their attempt to seek certification of a class under Rule 23(b)(1)(A) is improper and

unavailing.

64.    Even assuming that Civil Rule 23(b)(1) allowed certification of a damages class,

which it does not, there is little risk of "inconsistent or varying adjudications with respect to

individual class members that would establish varying standards of conduct" because all of the

putative class members' claims have been consolidated in this proceeding before a single judge.

FED. R. CIV. P. 23(b)(1). Further, while some, but not all, of the putative class members' claims

may be reclassified due to their failure to respond to LBHI's objections, that would not be

because of varying standards of conduct, but rather, it would be a consistent application of a rule

that unopposed objections shall be granted. In other words, all putative class members have been

subject to the same set of rules in this case.

2.    *The Requirements of Civil Rule 23(b)(3) Have Not Been Satisfied*

65.    To establish that a class should be certified under Civil Rule 23(b)(3), Claimants

needed to establish, *inter alia*, that a class action is superior to other available methods for fairly

and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

66.    Courts in this district, however, have repeatedly held that class actions are

generally not a superior method for fairly and efficiently adjudicating contested claims against a

debtor. *See, e.g.*, *In re Bally Total Fitness of Greater New York, Inc.*, 402 B.R. at 622 ("In other

words, 'superiority' has no place in bankruptcy") (internal citation omitted); *In re Ephedra*

24

*Prods. Liab. Litig.*, 329 B.R. at 622 ("Superiority of the class action vanishes when the 'other available method' is bankruptcy . . . .").

67.    First, in general, the Bankruptcy Code and Bankruptcy Rules can provide the same benefits and serve the same purposes as class action procedures in normal civil litigation. *In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. at 376 ("a bankruptcy proceeding offers the same procedural advantages as the class action because it concentrates all the disputes in one forum"); *see also* 3 NEWBURG ON CLASS ACTIONS, Ch. 20 (Class Actions Under the Bankruptcy Laws) § 20.01 at 581 (5th ed. 2011) (commenting that "bankruptcy proceedings are already capable of handling group claims, which operate essentially as statutory class actions.").

68.    Second, the bankruptcy claims process is, in some respects, superior to class action procedures.  As the *In re Musicland Holding Corp.* Court explained:

> Bankruptcy provides the same procedural advantages as a class action.  In fact, it provides more advantages.  Creditors, even corporate creditors, don't have to hire a lawyer, and can participate in the distribution for the price of a stamp.  They need only fill out and return the proof of claim sent with the Bar Date Notice.

362 B.R. at 651 (internal citations omitted).  *See also In re Motors Liquidation Co.*, 447 B.R. at 163 ("Also, the inherent simplicity of the bankruptcy process tends to make class action treatment *not* superior, as a general matter and in this case, because an individual claimant would need only to fill out and return a proof of claim form.") (emphasis in original).

69.    Third, the Court need not certify a class in order to manage efficiently the RSU and CSA claims, but rather can continue to employ effective case management strategies, such as omnibus objections and coordinated discovery, to manage this case effectively without the added complication of a class proceeding, including notice to the putative class members and objection and opt-out procedures.

25

70.     Fourth, because the putative class does not include RSU claimants who filed responses and replies to Omnibus Objections prior to the 313th and 319th Omnibus Objections, a class action device would not result in any marginal efficiency as compared to the bankruptcy process.  Rather, certification of the putative class would interfere with the discovery and case management procedures the Plan Administrator is seeking to implement in order to treat all holders of similar RSU claims similarly.  The proposed class would create a subset of RSU claims that would not benefit the claimants, the Court or LBHI.

71.     Finally, the fact that the Chapter 11 Estates are liquidating lends further support to the superiority of the bankruptcy claims handling process as opposed to the class action device here.  "[T]he costs and delay associated with class actions are not compatible with liquidation cases where the need for expeditious administration of assets is paramount so that all creditors, including those not within the class, may receive a distribution as soon as possible."  *See In re Thomson McKinnon Sec., Inc.*, 133 B.R. at 41.

## IV.    CLASS CERTIFICATION HERE WOULD BE INCONSISTENT WITH THE GOALS OF BANKRUPTCY

72.     Even assuming that Claimants satisfied the requirements of Civil Rule 23, class certification should be denied because a class claim here is not consistent with the goals of bankruptcy.  *In re Motors Liquidation Co.*, 447 B.R. at 163-64 (noting that bankruptcy judges have "unquestioned discretion to determine whether class certification would inappropriately clash with bankruptcy needs and concerns"); *In re Northwest Airlines Corp.*, 2007 WL 2815917, at *3-*5 (bankruptcy considerations precluded class certification because, *inter alia*, the court had already confirmed a reorganization plan, the debtors had already made an initial distribution, and class status could force the debtors to reserve shares to satisfy a class claim, and potentially delay a second distribution).

26

73.     As detailed *supra* in Section II.E., certifying a class here would further complicate and delay the claims administration process in this case, further siphon funds from Debtors' limited estate, and force LBHI to continue to hold reserves on account of approximately $100 million of claims relating to the putative class claim.  This significant reserve would impact the size of any upcoming distributions by LBHI to its creditors.  Given these potential impeding effects of a class action, a class claim is not consistent with the bankruptcy concerns.

WHEREFORE LBHI respectfully requests that the Court deny Claimants' Motion in its entirety and grant LBHI such other and further relief as is just.

Dated: New York, New York
       August 22, 2012

                              /s/ Ralph I. Miller
                              Ralph I. Miller
                              Robert J. Lemons
                              David R. Singh
                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Lehman Brothers Holdings Inc. and
                              Certain of its Affiliates

27

**EXHIBIT B**

US_ACTIVE:\44079916\1\58399.0011

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ralph I. Miller
Robert J. Lemons
David R. Singh

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                               :        Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :        08-13555 (JMP)
                                                    :
                          Debtors.                  :        (Jointly Administered)
------------------------------------------------------------x

### LEHMAN BROTHERS HOLDINGS INC.'S AMENDED OBJECTION TO MICHAEL K. MCCULLY'S AND MICHAEL J. MULLEN'S MOTION PURSUANT TO FED. R. BANKR. P. 7023 TO CERTIFY A CLASS OF RSU CLAIMANTS, APPOINT CLASS COUNSEL AND CLASS REPRESENTATIVES, AND APPROVE THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced

chapter 11 cases (the "Chapter 11 Estates"), hereby files this amended objection to the Motion

Pursuant To Fed. R. Bankr. P. 7023 To Certify A Class of RSU Claimants, Appoint Class

Counsel and Class Representatives, and Approve the Form and Manner of Notice to Class

Members [ECF No. 29256] (the "Motion") filed on July 6, 2012 by putative class representatives

Michael K. McCully ("McCully") and Michael J. Mullen ("Mullen") (collectively, the "Claimants") and respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      Claimants' Motion should be denied in its entirety.  Courts in this district have repeatedly recognized that class actions should only sparingly be allowed in chapter 11 cases because the bankruptcy procedure itself provides for notice to potential claimants, the consolidation of claims, and the opportunity to pursue claims at minimal cost, without the added complication and burden of a class action.  Claimants have failed to show that their Motion presents the exception to this rule; it does not, and it also fails to meet the basic requirements of the applicable federal rules for class certification.

2.      First, Rule 7023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which incorporates Rule 23 of the Federal Rules of Civil Procedure (the "Civil Rules"), does not automatically apply in contested matters.  Rather, the proponent of class certification must move, pursuant to Bankruptcy Rule 9014, for an order applying Bankruptcy Rule 7023.  Claimants did not do so.  Moreover, this is not the rare case where the Court should exercise its discretion to apply Bankruptcy Rule 7023 because, among other things, Claimants flouted the Bankruptcy Rules, did not file a timely class certification motion, and the certification of the proposed class would frustrate LBHI's liquidation, while offering virtually no benefit to the putative class.

3.      Second, Claimants failed to satisfy their burden of proving that the requirements of Civil Rule 23 have been met.  Claimants failed the numerosity requirement of Civil Rule 23(a)(1) because joinder is demonstrably not impractical given that each of the putative class members have participated in these chapter 11 cases by filing proofs of claim, and because only 30/9 putative class members whose claims are subject to these omnibus objections have not

2

defaulted on ~~LBHI's omnibus objection to their claim~~them.  Claimants failed the typicality and adequacy of representation requirements of Civil Rule 23(a)(3) and (a)(4) because, unlike approximately 88~~5~~% of the putative class members whose claims are subject to LBHI's omnibus objections, Claimants responded to LBHI's objection to their claim, and Claimants could potentially recover more if the defaulting class members' claims are reclassified and expunged. Nor have Claimants satisfied any of the subsections under Civil Rule 23(b). Civil Rule 23(b)(1) does not apply to a class for money damages; Claimants do not seek certification under Civil Rule 23(b)(2); and Civil Rule 23(b)(3) requires that a class action be a superior method of adjudication than the bankruptcy process, which it is not.

4.      <u>Finally</u>, Claimants have failed to show that certification of the putative class would be consistent with the goals of bankruptcy.  Far from it, certifying the proposed class would only further complicate and delay the adjudication of the contested claims at issue; impose needless cost and burden on LBHI; and force LBHI to continue to hold reserves on account of the approximate $100 million of claims.  Moreover, this reserve would impact the size of any upcoming distribution by LBHI to its creditors.

## BACKGROUND

### Procedural History

5.      Commencing on September 15, 2008 and periodically thereafter, (as applicable, the "<u>Commencement Date</u>"), LBHI and its affiliated debtors (collectively, the "<u>Debtors</u>") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.

6.      On July 2, 2009, the Court entered an order establishing September 22, 2009, at 5:00 p.m. as the deadline (the "<u>Bar Date</u>") for each person or entity to file proofs of claim against the Debtors based on prepetition claims.  *See* ECF No. 4271 (the "<u>Bar Date Order</u>").  The Bar Date Order directed the Debtors to mail proofs of claim forms to, among others:  (i) all parties

3

known to the Debtors as having potential claims against the Debtors' estates; (ii) all current employees of the Debtors (iii) all former employees of the Debtors terminated after September 1, 2006 and (iv) all of the Debtors' retirees, and to publish notice in The New York Times, The Wall Street Journal, and The Financial Times. *Id.* at 10-11. Debtors provided notice as directed in the Court's Bar Date order. *See* Corrected Affidavit of Service of Herb Baer of Epiq Bankruptcy Solutions, LLC [ECF No. 9395].

7.      On the Bar Date, claimant and putative Salaried Employee Subclass Representative McCully filed a proof of claim against LBHI for "unpaid compensation" based on a Restricted Stock Unit Agreement (Proof of Claim No. 32794). On December 15, 2009, McCully filed an amended proof of claim against LBHI via counsel, Richard Schager, Jr., of Stamell & Schager LLP (Proof of Claim No. 65949). The amended proof of claim stated the amount of the claim, $837,036, which in the initial proof of claim was incorrectly listed in the notice of claim section on the proof of claim form, not in the amount of claim section. *Id.* Neither McCully's initial or amended proof of claim alleged a class claim; nor did McCully or his counsel submit a verified statement of multiple creditor representation pursuant to Bankruptcy Rule 2019. FED. R. BANKR. P. 2019.

8.      On the Bar Date, claimant and putative Commissioned Sales Subclass Representative Mullen filed a proof of claim against LBHI in the amount of $354,417.72 for "compensation withheld" (Proof of Claim No. 27599). The proof of claim asserts that some of the claim relates to "Restricted Stock Units" and that some of it relates to compensation "withheld to be repaid at year end" and described as "Hybrid Commissions." *Id.* Mullen's proof of claim did not make any class allegations, and Mullen did not submit a verified statement of multiple creditor representation pursuant to Bankruptcy Rule 2019.

4

9.      On January 14, 2010, the Court entered an order authorizing the filing of omnibus

objections to up to 500 claims at a time, on various grounds, including those set forth in

Bankruptcy Rule 3007(d).  *See* Order Pursuant to Section 105(a) of the Bankruptcy Code and

Bankruptcy Rules 3007 and 9019(b) for Approval of Claim Objection Procedures, Jan. 14, 2010,

ECF No. 6664 (the "Procedures Order").

10.      Pursuant to the Procedures Order and Bankruptcy Rule 3007(d), LBHI has filed

twelve omnibus objections seeking to reclassify as equity interests approximately 3,653 claims

based on restricted stock units and/or contingent stock awards issued between 2003 and 2008

(the "Omnibus Objections").  LBHI filed ten of those Omnibus Objections between December 7,

2010 and September 15, 2011.[1]  In a series of orders entered between January 20, 2011 and

February 27, 2012, the Court granted the requested relief as to claimants that did not file

responses to the Omnibus Objections, and reclassified as equity, approximately 3,182 claims.[2]

---

[1] Those objections are:  Debtors' Seventy-Third Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 13295]; Debtors' One Hundred Eighteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 15666]; Debtors' One Hundred Thirtieth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16115]; Debtors' One Hundred Thirty-First Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16116]; Debtors' One Hundred Thirty-Third Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16530]; Debtors' One Hundred Thirty-Fourth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16532]; Debtors' One Hundred Thirty-Fifth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16808]; Debtors' One Hundred Seventy-Sixth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 19392]; Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims) [ECF No. 19714]; Debtors' Two Hundred Seventh Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 20012].

[2] The Orders are the:  Order Granting Debtors Seventy-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 14025]; Supplemental Order Granting Debtors Seventy-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 14776]; Order Granting Debtors' One Hundred Eighteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 17349]; Supplemental Order Granting Debtors' One Hundred Eighteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 19527]; Second Supplemental Order Granting Debtors' One Hundred Eighteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 21346]; Order Granting Debtors' One Hundred Thirtieth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 17369]; Order Granting Debtors' One Hundred Thirty-First Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 17353]; Order Granting Debtors' One Hundred Thirty-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 18177]; Order Granting Debtors' One Hundred Thirty-Fourth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 18187]; Order Granting Debtors' One Hundred Thirty-Fifth Omnibus

5

11.     On June 4, 2012, LBHI, as Plan Administrator, filed its Three Hundred Thirteenth Omnibus Objections to Claims (To Reclassify Proofs of Claim as Equity Interests) (the "313th Omnibus Objection"), which objected to both McCully's and Mullen's proofs of claim.  The 313th Omnibus Objection seeks to reclassify as equity interests compensation-based claims filed by current and/or former employees of Debtors on the basis of either restricted stock units ("RSUs"), contingent stock awards ("CSAs"), stock option, or other equity-related compensation (together, the "Equity Awards").

12.     On June 15, 2012, LBHI, as Plan Administrator, filed its Three Hundred Nineteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) (the "319th Omnibus Objection"), to object to the ~~remaining~~additional equity-related compensation claims.  The 319th Omnibus Objection, like the 313th Omnibus Objection, seeks to reclassify equity-related compensation claims as equity interests.

13.     The 313th Omnibus Objection relates to 235 proofs of claim.  The deadline for responding to the 313th Omnibus Objection was July 6, 2012, at 4:00 pm.  Only 26 of the 235 claimants, or approximately 11%, submitted timely responses to the 313th Omnibus Objection.[3]

14.     The 319th Omnibus Objection relates to 20 proofs of claim.  The deadline for responding to the 319th Omnibus Objection was July 16, 2012, at 4:00 pm.  Only 3 of the 20 claimants, or 15%, submitted timely responses to the 319th Omnibus Objections.

---

Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 18178]; and Order Granting Debtors' One Hundred Seventy-Sixth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 20610]; Order Granting Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims) [ECF No. 21382]; and First Supplemental Order Granting Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims) [ECF No. 25816].

[3] After the July 6 deadline lapsed, ~~eight~~nine additional claimants ~~submitted late~~requested that their untimely responses to the 313th and 319th Omnibus Objections ~~, but none of these late respondents~~be treated as timely filed~~a motion pursuant to Bankruptcy Rule 9006(b) seeking permission to file late responses based on excusable neglect~~.  LBHI consented to this request.

6

15.     It has been the Court's practice and procedure to date in this bankruptcy case to grant and approve the relief sought in omnibus objections when claimants fail to respond to the objection.  The Court has also denied the right of a claimant to later oppose an objection for which an order has already been entered where the claimant knowingly elected not to respond. *See* Order Denying Motion of Jeremy R. Kramer for Reconsideration of the Reclassification of His Claim, ECF No. 25995.

<u>The Proposed Class</u>

16.     On July 6, 2012, the deadline for responding to the 313th Omnibus Objection, the putative class representatives, McCully and Mullen, moved by and through their counsel Stamell & Schager LLP, for certification of a class "consisting of all persons named by Debtors in the 313th and 319th Omnibus Objections; and all person who have filed Proofs of Claim for deferred compensation denominated as 'Restricted Stock Units' or 'Contingent Stock Awards' and who have not been named in Debtors' 73rd, 118th, 130th, 131st, 133rd, 134th, 135th, 176th, and 207th Omnibus Objections excluding all persons who opt out of the class after notice is duly given."[4] *See* Motion at 2.

17.     Claimants propose dividing the putative class into the following two subclasses:

   (a)     All members of the putative class who were compensated by salary and who received RSUs or CSAs in lieu of cash as part of their annual bonuses (the "Salaried Employee Subclass" or "SE Subclass"), with Claimant McCully designated as the SE Subclass Representative; and

   (b)     All members of the putative class who were compensated by sales commissions and who received RSUs or CSAs in lieu of cash commissions (the "Commissioned Sales Subclass" or "CS Subclass"), with Claimant Mullen as the CS Subclass Representative.

---

[4] LBHI believes that it has objected to all but ~~one~~twenty-one of the RSU and CSA claims.  The class proponents have not identified any additional claims.  Accordingly, the proposed class may be limited to only those named in the 313th and 319th Omnibus Objections, and ~~one~~twenty-one additional claimant~~s~~ to whose claim~~s~~ LBHI intends to ~~file an~~ object~~ion~~ in the near future.

7

*Id.*

18.    While the putative class includes claimants named in the 313th and 319th

Omnibus Objections, it does not include RSU claimants[5] who filed responses and replies to

LBHI's prior Omnibus Objections to reclassify as equity interests claims based on restricted

stock units and/or contingent stock awards or other equity related compensation.  The putative

class thus excludes numerous RSU claimants, including those with whom LBHI has been

discussing discovery procedures and to whom LBHI made an initial production of documents.

Counsel to the putative class has been involved in the negotiation of the discovery procedures.

<u>The Confirmation of the Plan and Liquidation of the Estate</u>

19.    On December 6, 2011 the Court entered an order confirming the Plan, ECF No.

23023.  The Plan became effective on March 6, 2012.  On April 17, 2012, LBHI and its Debtor

Affiliates made an initial Plan distribution totaling approximately $22.5 billion, to holders of

over 12,000 claims.  *See* Notice Regarding Initial Distributions Pursuant to the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors,

April 11, 2012 [ECF No. 27312]; 2012+ Cash Flow Estimates (*available at*

http://dm.epiq11.com/LBH/Document).

## I.    <u>LEGAL STANDARD</u>

20.    For a class claim to proceed in a bankruptcy case the following three requirements

must be met:  (1) the bankruptcy court must direct Civil Rule 23 to apply, (2) the claim must

satisfy the requirements of Civil Rule 23, and (3) the benefits from the use of a class claim

device must be consistent with the goals of bankruptcy.  *In re Blockbuster, Inc.*, 441 B.R. 239,

---

[5] The terms "RSU claimants" and "RSU claims" are being used to cover those with claims related to RSUs, CSAs and other equity-related compensation that LBHI has objected to and sought to reclassify as equity interests.

241 (Bankr. S.D.N.Y. 2011); *In re WorldCom, Inc.*, No. 02-13533, 2005 WL 3832063, at \*2

(Bankr. S.D.N.Y. May 11, 2005).  None of these requirements has been met here.

## II.    THE COURT SHOULD NOT DIRECT CIVIL RULE 23 TO APPLY

21.    As explained above, Claimants seek*, inter alia,* a class certification order pursuant

to Civil Rule 23, which they assert is made applicable by Bankruptcy Rule 7023.  Mot. at 1.  Part

VII of the Bankruptcy Rules, however, which includes Bankruptcy Rule 7023, only applies to

adversary proceedings.  *See* FED. R. BANKR. P. 7001.[6]  Indeed, while Bankruptcy Rule 9014

specifies that certain of the rules in Part VII apply in contested matters, Bankruptcy Rule 7023 is

not among them.  *See* FED. R. BANKR. P. 9014.  Accordingly, for Bankruptcy Rule 7023 (and, by

implication, Civil Rule 23) to apply in a contested matter, a movant should move under

Bankruptcy Rule 9014 for an order directing Civil Rule 23 to apply.  FED. R. BANKR. P. 9014; *In*

*re Ephedra Prods. Liab. Litig.*, 329 B.R. 1, 5 (Bankr. S.D.N.Y. 2005) ("[T]he bankruptcy court

first decides under Rule 9014 whether or not to apply Rule 23, Fed. R. Civ. P., to a 'contested

matter,' *i.e.*, the purported class claim; if and only if the court decides to apply Rule 23, does it

then determine whether the requirements of Rule 23 are satisfied.").

22.    The decision whether to apply Civil Rule 23 to a contested matter is committed to

the sound discretion of the Court.  *In re Motors Liquidation Co.*, 447 B.R. 150, 157 (Bankr.

S.D.N.Y. 2011).

23.    As this Court has previously recognized, however, bankruptcy courts should only

sparingly exercise their discretion to apply Civil Rule 23 in the context of a chapter 11 case.  *See*

Tr. at 77: 12-22, Adv. Pro. No. 09-01482 (Bankr. S.D.N.Y. Jan. 21, 2010), ECF No. 13

---

[6] Even Claimants' own cited authority recognizes that a bankruptcy court must direct Civil Rule 23 to apply in a
contested matter. *See, e.g., American Reserve Corp.*, 840 F.2d 487, 493-94 (7th Cir. 1988) (holding that a
bankruptcy court *may*, pursuant to Bankruptcy Rule 9014, apply Civil Rule 23 to a contested matter, but instructing
the bankruptcy court to consider whether it would be prudent to do so in like of the fact that class certification is
"less desirable in bankruptcy than in ordinary civil litigation.").

9

("Ordinarily, Rule 23 provisions are applied sparingly in Chapter 11 cases.  The reason for that is

that the bankruptcy process itself allows for a multitude of claimants to have their claims heard

and determined by a single court . . . .  Under these circumstances, without prejudice to the rights

of the plaintiffs, a class action is, in the Court's view, an entirely unnecessary and inappropriate

procedure.").  Other courts in this district have reached the same conclusion.  *In re Northwest*

*Airlines Corp.*, No. 05-17930 (ALG), 2007 WL 2815917, at *3 (Bankr. S.D.N.Y. Sept. 26, 2007)

("Class action status is sparingly used in a bankruptcy case."); *In re Ephedra Prods. Liab. Litig.*,

329 B.R. at 9 ("Since superiority of the class actions is lost in bankruptcy, only compelling

reasons for allowing a particular opt-out class can justify applying Rule 23"); *In re Thomson*

*McKinnon Sec., Inc.*, 133 B.R. 39, 40 (Bankr. S.D.N.Y. 1991) ("Manifestly, the bankruptcy

court's control of the debtor's affairs might make class certification unnecessary.").[7]

24.     In determining whether to exercise its discretion and apply Civil Rule 23 in a

bankruptcy proceeding, courts have considered a variety of factors, including, *inter alia*:

- ***whether claimants are in "compliance with the Bankruptcy procedures
  regulating the filing of class proofs of claim in a bankruptcy case,"*** *see, e.g.*,
  *Id.* at 41 (disallowing class proof of claim where the named plaintiff failed to
  file a Bankruptcy Rule 9014 motion requesting that Bankruptcy Rule 7023
  apply);

- ***whether or not the movant sought class certification at the earliest practical
  time***, *see, e.g.*, *In re Thomson McKinnon Sec., Inc.*, 150 B.R. 98, 101 (Bankr.
  S.D.N.Y. 1992) (noting that bankruptcy courts should be circumspect in

---

[7] The Southern District of New York decisions that Claimants purport to rely on are not inconsistent with the well-established rule that bankruptcy courts should only sparingly exercise their discretion to apply Civil Rule 23 in Chapter 11 proceedings.  In *In re BGI, Inc.*, 465 B.R. 365 (Bankr. S.D.N.Y. 2012), the court granted a joint motion for certification of a class for settlement purposes only in an adversary proceeding.  The court noted that Civil Rule 23 applied because Bankruptcy Rule 7023 makes Civil Rule 23 applicable in adversary proceedings.  *Id.* at 374.  Here, LBHI opposes Claimants' motion for class certification, and Civil Rule 23 is not made applicable by Bankruptcy Rule 7023 because this is not an adversary proceeding.  In *In re Chateaugay Corp.*, 104 B.R. 626 (S.D.N.Y. 1989), the district court reversed a bankruptcy court decision holding that the Bankruptcy Code bars the *filing* of a class proof of claim.  *cf. In re BGI, Inc.* 465 B.R. at 373-75.  The district court did not have before it a motion for class certification and did not address whether the bankruptcy court should direct Civil Rule 23 to apply.

10

applying Civil Rule 23, especially where plaintiff did not move for class certification "as soon as practicable" as required by Civil Rule 23(c)(1));

- ***whether or not the purported class was certified prepetition***, *see, e.g.*, *In re Bally Total Fitness*, 402 B.R.616, 620 (Bankr. S.D.N.Y. 2009) (refusing to allow class proof of claim where class was not certified prepetition); *In re Jameway Corp.*, No. 95 B 44821 (JLG), 1997 WL 327105, at *10 (Bankr. S.D.N.Y. June 12, 1997) (denying motion for class certification in an adversary proceeding in part because the class was not certified prepetition);

- ***whether or not potential class members were given adequate notice of the bankruptcy and bar date***, *see id.* (refusing to certify class where adequate notice of bar date was afforded to potential class members, and thus to certify class would be "unwarranted, unfair, and possibly violate the due process rights of other creditors") (internal quotations omitted);

- ***whether the class claim device will result in deterrence of future wrongdoing by the debtor***, *see In re Motors Liquidation Co.*, 447 B.R. at 163 (noting that Civil Rule 23 would be of little utility in a liquidation case and that any punishment for wrongdoing would be borne by innocent creditors);

- ***whether a class action would frustrate the expeditious administration of assets***, *see In re Ephedra Prods. Liab. Litig.*, 329 B.R. at 5 ("[A] court sitting in bankruptcy may decline to apply Rule 23 if doing so would . . . 'gum up the works' of distributing the estate."); and

- ***whether the total benefit to the class members (if any) would justify the cost of defending a class action***, *see, e.g.*, *Id.* at 10 (declining to apply Civil Rule 23 because "[t]he only real beneficiaries of applying [Civil] Rule 23 would be the lawyers representing the class" and noting that "[t]he Court has discretion under [Bankruptcy] Rule 9014 to find that the likely total benefit to class members would not justify the cost to the estate of defending a class action").

25.    "If application of Bankruptcy Rule 7023 is rejected by the bankruptcy court in an exercise of discretion . . . the result will be that class claims will be denied and expunged." *In re Thomson McKinnon Sec., Inc.*, 133 B.R. at 40-41.

26.    As detailed below, each of the discretionary factors weighs decidedly against applying Civil Rule 23 to the contested matters at issue here, and the Court should thus decline to apply Civil Rule 23.

11

A.    **Claimants Failed to Comply with Bankruptcy Rules 9014 and 2019**

27.    A claimant who seeks to bring a class claim must comply with the applicable

procedural requirements.  *See, e.g.*, *In re Thomson McKinnon Sec., Inc.*, 133 B.R. at 41; *In re*

*Ephedra Prods. Liab. Litig.*, 329 B.R. at 6-7 (same).  These procedural requirements are not

complicated.  Because a claim "cannot be allowed as a class claim until the bankruptcy court

directs that Rule 23 apply," the putative class representative must file a motion under Bankruptcy

Rule 9014 requesting the application of Civil Rule 23.  *In re Ephedra Prods. Liab. Litig.*, 329

B.R. 1 at 5; *see also In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. 365, 369 (Bankr.

S.D.N.Y. 1997) ("For a Class Claim to proceed . . . the bankruptcy court must direct Rule 23 to

apply").

28.    In addition, a purported agent or class representative is required to file a verified

statement of multiple creditor representation pursuant to Bankruptcy Rule 2019, which requires

purported agents representing more than one creditor to file a verified statement setting forth the

basis of that representative's right to act for the represented creditors.  FED. R. BANKR. P. 2019.

Among other things, the required verified statement must list the name and address of the

creditors, the nature and amount of the creditors' claims, the agent's specific authority

empowering him to act on behalf of the creditors, and the relevant facts and circumstances

surrounding the employment of the agent.  *Id.*

29.    Here, Claimants failed to move under Bankruptcy Rule 9014 for an order

applying Civil Rule 23 to the contested matters encompassed by the putative class.  Moreover,

neither Claimants, nor their counsel, have filed a verified statement of multiple creditor

representation pursuant to Bankruptcy Rule 2019 indicating that the putative class members, all

who have filed their own proofs of claim, have empowered them to act on their behalf in a

representative capacity.  The Court should enforce these procedural requirements and decline to

12

apply Civil Rule 23 to these contested matters. *See, e.g.*, *In re Thomson*, 133 B.R. at 41

(disallowing class proof of claim where named plaintiff failed to file Bankruptcy Rule 9014

motion requesting application of Bankruptcy Rule 7023); *In re Baldwin-United Corp.*, 52 B.R.

146, 148 (Bankr. S.D. Ohio 1985) (ruling that claimants' failure to comply with Bankruptcy Rule

2019(a) barred their class proof of claim).

### B.    Claimants Failed to File a Timely Class Certification Motion

30.    Civil Rule 23(c)(1) requires that class certification be sought "[a]s soon as

practicable after the commencement of an action brought as a class action . . . ." Fed. R. Civ. P.

23(c)(1). Although "[a] delay does not automatically disqualify the class claim, it bears on the

exercise of the discretion whether to apply Rule 23." *In re Musicland Holding Corp.*, 362 B.R.

644 at 652 (Bankr. S.D.N.Y. 2007); *accord In re Thomson McKinnon Sec., Inc.*, 150 B.R. at 101.

In a bankruptcy case, a "delay may impact the entire case—not just the affected claim—and

provides grounds for a bankruptcy court to refuse to make Rule 23 applicable to the claims

process." *In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. at 370. "As the case moves

toward its conclusion, it is more likely that a delay in resolving the certification issue will

interfere with the administration of the estate." *Id.*

31.    Claimants did not provide notice of their purported class claim, or seek

certification of a class, in a timely fashion. Claimants failed to file a motion for class treatment

until around 45 months after the Commencement Date and 33 months after the Bar Date. In fact,

Claimants did not even provide notice of their purported class claim and seek class certification

until the very deadline for responding to a post-confirmation claims objection, in an unabashed

attempt to circumvent this Court's past practice of reclassifying the claims of individuals or

entities who fail to respond to an omnibus objection. Mot. at 3 (arguing against the forfeiture of

claims). Courts have consistently declined to apply Civil Rule 23 to contested matters at such a

13

late stage in bankruptcy proceedings. *See*, *e.g.*, *In re Motors Liquidation Co.*, 447 B.R. at 164

(noting that cases have uniformly held that a class certification motion must be filed promptly

without waiting for an objection, and declining to apply Civil Rule 23 because the Claimants

failed to file a motion for class treatment until twelve months after the commencement date and

eight months after the bar date); *In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. at 370 ("If

the claimant waits until a post confirmation claim objection to first bring the issue to a head,

serious prejudice may result to the other creditors and the estate.").

### C.    The Class Was Not Certified Prepetition by a Non-Bankruptcy Court, and the Putative Class Was Given Adequate Notice of the Bankruptcy Case and Bar Date

32.    Courts in this district have emphasized that a class claim is most appropriate

where (i) a class has been certified prepetition in a nonbankruptcy forum or (ii) the putative class

members were not given adequate notice of the bankruptcy case and bar date. *See*, *e.g.*, *In re

Blockbuster, Inc.*, 441 B.R. 239 at 242; *In re Bally Total Fitness of Greater New York, Inc.*, 402

B.R. 616, at 620 (Bankr. S.D.N.Y. 2009); *In re Jamesway Corp.,* 1997 WL 327105, at *5; *see

also In re Sacred Heart Hosp. of Norristown*, 177 B.R. 16, 22 (Bankr. E.D. Pa. 1995) (noting

that situations where a class has been certified pre-petition are the "best candidates for [class]

treatment").

33.    The putative class here was not certified prepetition by a non-bankruptcy court.

34.    The putative class members were also given adequate notice of the bankruptcy

case and Bar Date.  Pursuant to the Bar Date Order, Debtors mailed proofs of claim forms to,

among others:  (i) all parties known to the Debtors as having potential claims against the

Debtors' estates; (ii) all current employees of the Debtors (iii) all former employees of the

Debtors terminated after September 1, 2006; and (iv) all of the Debtors' retirees.  Debtors also

14

provided publication notice in the <u>The New York Times</u>, <u>The Wall Street Journal</u>, and <u>The Financial Times</u>.  Bar Date Order at 10-11.  The Bar Date Order specified that both the notice by individual mailing and publication notice were deemed good, adequate and sufficient.  *See id.*  Moreover, given that each of the putative class members actually filed claims, they clearly had adequate notice.

35.    Because the Debtors have provided adequate notice to the members of the putative class, it would be unfair, unnecessary, and a waste of time and resources to direct a second notice to the putative class members to provide an opportunity to opt-out.  Furthermore, the members of the putative class who failed to respond LBHI's 313th or 319th Omnibus Objections in a timely fashion could not have relied on the filing of the class claims here because there was no certified class as of the deadlines for responding to LBHI's 313th and 319th Omnibus Objections.  *Cf. In re Jamesway Corp.*, 1997 WL 327105, at *10 (denying motion to certify a class claim where "[n]o class was pre-certified such that purported class members who did not chose [*sic*] to file a proof of claim should or could have had any reasonable expectation that they need not comply with the Bar Date Order").  In addition, the Motion was filed on the objection deadline for the 313th Omnibus Objection.  Holders of claims included on the 313th Omnibus Objection could not have relied on the Motion as a basis for not filing a response.

### D.    Application of Civil Rule 23 Will Not Deter Future Wrongdoing

36.    Where a debtor is liquidating, and its managers have moved on to other employment, a class action no longer serves one of its primary functions:  deterrence.  *See In re Musicland*, 362 B.R. at 650-651; *In re Motors Liquidation Co.*, 447 B.R. at 163 ("And the deterrence class actions often provide would be of little utility in a case like this one, where Old GM is liquidating, and any punishment for any wrongful Old GM conduct would be borne by Old GM's innocent creditors"); *In re Ephedra Prods. Liab. Litig.*, 329 B.R. at 9 ("Whatever

15

weight deterrence may have in a true reorganization, it has none in a liquidating plan like the one here.").

37.     As in *In re Motors Liquidation Co.* and *In re Ephedra Prods. Liab. Litig.*, a class action would not serve any deterrence function here.  As the Court is well aware, the vast majority of Debtors' managers and employees have moved on to other employment, and a new board of directors is guiding LBHI and certain of its affiliates through liquidation.

### E.     Application of Civil Rule 23 Would Frustrate the Expeditious Administration of Assets

38.     Civil Rule 23 should not be applied in a bankruptcy proceeding where it would frustrate the expeditious administration of assets.  *In re Ephedra Prods. Liab. Litig.*, 329 B.R. at 5 ("[A] court sitting in bankruptcy may decline to apply Rule 23 if doing so would . . . 'gum up the works' of distributing the estate.") (citation omitted).

39.     Allowing a class action here at this late stage—for the thinly-veiled and improper purpose of trying to stave off the reclassification of the claims of the vast majority of the putative class members who did not oppose LBHI's objection—would clearly "gum up the works" of the liquidation process by saddling LBHI with additional costs and forcing LBHI to continue to hold reserves on account of approximately $100 million of claims,[8] possibly until resolution of a Civil Rule 26(f) appeal.  FED. R. CIV. P. 23(f).  This significant reserve would impact the size of any upcoming distributions by LBHI to its creditors.  Given the potential impeding effect of a class action on the liquidation process in this bankruptcy case, the Court should exercise its discretion not to apply Civil Rule 23.  *See, e.g.*, *In re Thomson McKinnon Sec., Inc.*, 133 B.R. at 41 ("[T]he

---

[8] The Court may take judicial notice of this calculation of the total claim amount, which is based on verifiable, publicly available information on the docket.  *See, e.g.*, *In re General Vision Servs., Inc.*, Adv. No. 05-01604, 2005 WL 3754053, at *2 (Bankr. S.D.N.Y. Dec. 28, 2005) ("the filing and content of the claims and the objections are not in dispute, and are subject to judicial notice."); *In re RSL COM PRIMECALL, Inc.*, Adv. No. 03-2176(ALG), 2003 WL 22989669, at *10, n. 12 (Bankr. S.D.N.Y. Dec. 11, 2003) (taking judicial notice of the fact that claimant filed a proof of claim seeking $100 million).

16

costs and delay associated with class actions are not compatible with liquidation cases where the

need for expeditious administration of assets is paramount so that all creditors, including those

not within the class, may receive a distribution as soon as possible.").

**F.    Application of Rule 23 Would Not Result in Any Benefit to the Putative Class**

40.    "The Court has discretion under [Bankruptcy] Rule 9014 to find that the likely

total benefits to class members would not justify the cost to the estate of defending a class

action." *In re Ephedra Prods. Liab. Litig.*, 329 B.R. at 10 (declining to apply Rule 23 because

"[t]he only real beneficiaries of applying Rule 23 would be the lawyers representing the class");

*In re Woodward & Lothrop Holdings, Inc.,* 205 B.R. at 376 (noting that Bankruptcy Rule 9014

"give[s] the court considerable discretion to consider the benefits and costs of class litigation.").

41.    Two hundred and ~~twenty-six~~<u>seventeen</u> putative class members (or approximately

8~~8~~<u>5</u>% of the ~~total~~ claim~~s~~<u>s subject to LBHI's 313th and 319th Omnibus Objections</u>) ~~failed to

timely respond to~~<u>defaulted on</u> LBHI's omnibus objection~~s~~<u>s</u> to their claim.  Despite wholly

unsupported speculation in the Motion that some claimants *may* not have responded due to (i)

change of address notices not processed by Debtors or their agents; and/or (ii) Debtor's failure to

advise that that the word "reclassification" means that the claim will likely be expunged (Mot. at

3), none of the 2~~26~~<u>17</u> defaulting putative class members has come forth with such an

explanation, much less filed a motion for an extension to respond to the 313th or 319th Omnibus

Objection under Bankruptcy Rule 9006(b) based on failure to respond as a result of excusable

neglect.  FED. R. BANKR. P. 9006(b).  Accordingly, the Court should not deviate from its practice

and procedure in this bankruptcy case of granting unopposed objections and reclassifying

defaulting claimants' claims as equity interests.

42.    As to the RSU claimants who filed timely responses to the 313th and 319th

Omnibus Objections, the Plan Administrator has already proposed procedures to streamline the

17

litigation of such claims, along with other allegedly similarly situated parties.  As a result, RSU claimants would not obtain any marginal benefit from class certification.

43.    Accordingly, the putative class as a whole is unlikely to benefit significantly from application of Civil Rule 23 and the only realistic beneficiaries of applying Civil Rule 23 to the contested matters at issue here would be Claimants' attorneys, who are not creditors of the Debtors' estates in the traditional sense.  *See In re Ephedra Prods. Liab. Litig.*, 329 B.R. at 10 (declining to apply Civil Rule 23 because "[t]he only real beneficiaries of applying [Civil] Rule 23 would be the lawyers representing the class" and noting that "[t]he Court has discretion under [Bankruptcy] Rule 9014 to find that the likely total benefit to class members would not justify the cost to the estate of defending a class action").

44.    Because each of the discretionary factors weighs against applying Civil Rule 23 here, the Court can decline to apply Civil Rule 23 to the contested matters at issue and deny Claimants' Motion in its entirety without evaluating whether the requirements of Civil Rule 23 have been satisfied.

## III.    CLASS CERTIFICATION SHOULD BE DENIED BECAUSE CLAIMANTS CANNOT SATISFY THE REQUIREMENTS OF CIVIL RULE 23

45.    Even if the Court does apply Civil Rule 23, however, Claimants have failed to satisfy each of the requirements of that rule.  To proceed as a class claim, the Claimants must meet all four requirements of subsection (a) of Civil Rule 23.  *See Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2548 (2011); *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002).  Civil Rule 23(a) provides:

> (a)  Prerequisites [to Class Action].  One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>> (1) the class is so numerous that joinder of all members is impracticable;
>> (2) there are questions of law or fact common to the class;
>> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

18

> (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

46.     In addition, the Claimants must also satisfy one of the three elements of subsection (b) of Civil Rule 23.  *Dukes*, 131 S.Ct. at 2548-49; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997).  Claimants are seeking class certification under Civil Rule 23(b)(1) and (23)(b)(3).  Mot. at 8-9.

47.     Civil Rule 23(b)(1) provides in relevant part:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
> > (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> > (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

FED. R. CIV. P. 23(b)(1).

48.     Rule 23(b)(3) provides in relevant part:

> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

FED. R. CIV. P. 23(b)(3).

49.     Claimants bear the burden of proving each of the requirements of Civil Rule 23 with supporting evidence, including affidavits, testimony, and documentary support.  *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d. Cir. 2006); *see also Dukes*, 131 S.Ct. at 2551 ("Rule 23 does not set forth a mere pleading standard.  A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove

that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc.").  For

a class to be certified, the court must be satisfied after "rigorous analysis" that all the

requirements of Civil Rule 23 are met.  *See, e.g.*, *In re Initial Pub. Offerings Sec. Litig.,* 471 F.3d

at 33; *Ansari v. New York Univ.,* 179 F.R.D. 112, 114 (S.D.N.Y. 1998).

50.    Failure to satisfy any element of Civil Rule 23 necessitates denial of a class

certification motion.  *See Ansari,* 179 F.R.D. at 114 (citing *Amchem Prods., Inc.,* 521 U.S. 591).

51.    Claimants here failed to support their Motion with *any* evidence, affidavits,

documents or testimony, as the Second Circuit made clear is required.  *In re Initial Pub.*

*Offerings Sec. Litig.,* 471 F.3d at 41.  Moreover, Claimants have failed to satisfy several of the

requirements of Civil Rule 23.

**A.    The Requirements of Civil Rule 23(a) Have Not Been Satisfied**

1.    *Numerosity is Not Satisfied*

52.    Civil Rule 23(a)(1) requires that "the class is so numerous that joinder of all

members is impractical."  Joinder of the putative class members, however, is demonstrably not

impractical here because all of the putative class members *did* join this bankruptcy proceeding by

filings proofs of claim.  F\ED. R. C\IV. P. 23(a)(1).

53.    Nevertheless, Claimants argue that, with over 250 putative class members, the

numerosity requirement is met because "courts presume that joinder is impractical when the

prospective class consists of forty or more members."  Mot at 5 (citing *In re BGI*, *Inc.*, 465 B.R.

at 374).  For purposes of the numerosity test, however, the relevant number is not the ~~256~~

~~members of the putative~~total number of claimants with claim~~s~~s subject to the 313th and 319th

Omnibus Objections, but only the 3~~0~~9 members whose claims should not be reclassified for

defaulting on LBHI's objections.  *See In re W.T. Grant Co.*, 24 B.R. 421, 424-25 (Bankr.

S.D.N.Y. 1982) (rejecting the argument that a putative class of 3,393 former employees of a

20

bankrupt company satisfied the Civil Rule 23(a)(1) because 3,331 of these former employees settled or waived their claims and, of the remainder, only 33 of them responded to the trustee's objection). As this Court has ordered with respect to other claims in this case, claims for which no response was filed to the Omnibus Objections should be reclassified. Such claims are thus not similarly situated.

54.    A class with just 3~~09~~ members does not satisfy Civil Rule 23(a)(1)'s numerosity requirement. *See*, *e.g.*, *Dannenberg v. Dorison*, 603 F.Supp. 1238, 1243 (S.D.N.Y. 1985) (declining to certify class with a maximum size of 33); *In re W.T. Grant Co.*, 24 B.R. at 424-25 (same).

55.    Claimants further fail the numerosity requirement in Civil Rule 23(a)(1) because they propose dividing the class into two separate subclasses:  a "Salaried Employee Subclass" and a "Commissioned Sales Subclass."  Each of these subclasses must separately satisfy the numerosity requirement in Civil Rule 23(a)(1), which they clearly do not.  *Oakley v. Verizon Commc'ns, Inc.*, No. 09 Civ. 9175(CM), 2012 WL 335657, at *15 (S.D.N.Y. Feb. 1, 2012) (noting that, to satisfy the typicality requirement, the class would have to be divided into subclasses, but that each separate subclass would have to satisfy the numerosity requirement); *Guan Ming Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165, 178 (S.D.N.Y. 2011) (declining to certify a subclass that failed to satisfy Civil Rule 23(a)(1)).[9]

2.    *Commonality is Satisfied, but Does Not Require Class Certification*

---

[9] Even if the twenty-one additional RSU claims that are not yet subject to an omnibus objection are considered by the Court in assessing numerosity, joinder of these additional claimants is not impractical because of the bankruptcy procedures already in place for dealing with such claims, as well as the proposed discovery procedures that will be in place for RSU claims.  These procedures will ensure that the RSU claims are resolved in an efficient and consistent manner.

56.     Civil Rule 23(a)(2) requires that "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). LBHI does not contest that a common issue of law permeates all of the RSU and CSA claims: whether Equity Awards should be reclassified as equity interests. The Court, however, has effectively addressed this common issue through effective case management, including procedures allowing for omnibus objections and coordinated discovery, without the systemic burden of a class action. *See In re American Reserve Corp.*, 840 F.2d at 490 ("Class actions consume judicial time, putting off adjudication for to other deserving litigants; they impose steep costs on defendants, even those in the right. The systemic costs of class litigation should not be borne lightly.").

3.      *Typicality is Not Satisfied*

57.     Civil Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class[.]" FED. R. CIV. P. 23(a)(3).

58.     Where a class representative's claims are not subject to the same defenses as the other putative class members, the class member's claims are not typical. *See*, *e.g.*, *In re WorldCom, Inc.*, 2005 WL 3832063 at *2 (class representative's claims were not typical where, unlike many of the putative class members, his claims were not subject to a statute of limitations defense).

59.     Applying this standard, McCully's and Mullen's claims are atypical. Indeed, unlike approximately 8~~8~~5% of the ~~256 total putative~~claimants whose cla~~ims~~ ~~members~~are subject to the 313th and 319th Omnibus Objections, McCully and Mullen ~~filed timely responses to~~have not defaulted on LBHI's objections. As a result, ~~the 88% of claims for which no response was filed~~McCully and Mullen differ materially in their rights from the 85% of claims ~~that are~~ subject to the 313th and 319th Omnibus Objections for which no response~~s~~ ~~were~~was filed.

22

60.    Furthermore, depending on whether claimants were commission-based or salary-based employees, varying arguments have been asserted by claimants to distinguish themselves from precedent in the Second Circuit.  The Plan Administrator does not believe any such arguments have merit, however, such alleged distinctions defeat a showing of typicality under Civil Rule 23(a)(3).

4.    *Adequacy is Not Satisfied*

61.    Civil Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."  FED. R. CIV. P. 23(a)(4).  As Claimants acknowledge, this rule requires that the class representatives not have any conflicts of interest with the other putative class members.  Mot. at 6; *see also In re Musicland Holding Corp.*, 362 B.R. at 653 ("[T]he proposed class representative must have an interest in vigorously pursuing the claims of the class, and must have no interests antagonistic to the interests of other class members.") (citation omitted).

62.    Here, the putative class representatives, McCully and Mullen, do have interests that are antagonistic to the interests of other class members.  Indeed, because the Chapter 11 Estates have insufficient resources to satisfy all of their creditors, McCully and Mullen would stand to benefit if the claims of other class members are reclassified based on defenses not applicable to McCully and Mullen, such as the failure to respond to the 313th or 319th Omnibus Objections.

**B.    The Requirements of Civil Rule 23(b) Have Not Been Satisfied**

1.    *Rule 23(b)(1) Does Not Apply To Damages Classes*

63.    Claimants trumpet that Civil Rule 23(b)(1) is satisfied because there is a risk of inconsistent or varying adjudications if the class is not certified.  Mot. at 8.  Courts in this Circuit, however, have repeatedly recognized that certification under Civil Rule 23(b)(1)(A) is

23

limited to claims for injunctive relief, and not claims for money damages. *Oakley*, 2012 WL 335657, at *11; *Trautz v. Weisman*, 846 F.Supp. 1160, 1169 (S.D.N.Y. 1994) ("Class certification under 23(b)(1)(A) is only proper where a class representative 'seeks injunctive relief to alter an ongoing course of conduct which is either legal or illegal as to all members of the class.'" (citation omitted). "Were it otherwise, every class under Rule 23(b)(3) could also be certified under (b)(1)(A), thereby rendering what was built into Rule 23(b)(3) to protect absent class members—predominance, superiority, as well as opt-out rights—illusory." *Oakley*, 2012 WL 335657, at *11. Claimants are obviously seeking money damages, and not an injunction. Accordingly, their attempt to seek certification of a class under Rule 23(b)(1)(A) is improper and unavailing.

64.    Even assuming that Civil Rule 23(b)(1) allowed certification of a damages class, which it does not, there is little risk of "inconsistent or varying adjudications with respect to individual class members that would establish varying standards of conduct" because all of the putative class members' claims have been consolidated in this proceeding before a single judge. FED. R. CIV. P. 23(b)(1). Further, while some, but not all, of the putative class members' claims may be reclassified due to their failure to respond to LBHI's objections, that would not be because of varying standards of conduct, but rather, it would be a consistent application of a rule that unopposed objections shall be granted. In other words, all putative class members have been subject to the same set of rules in this case.

2.    *The Requirements of Civil Rule 23(b)(3) Have Not Been Satisfied*

65.    To establish that a class should be certified under Civil Rule 23(b)(3), Claimants needed to establish, *inter alia*, that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

24

66.     Courts in this district, however, have repeatedly held that class actions are generally not a superior method for fairly and efficiently adjudicating contested claims against a debtor.  *See*, *e.g.*, *In re Bally Total Fitness of Greater New York, Inc.*, 402 B.R. at 622 ("In other words, 'superiority' has no place in bankruptcy") (internal citation omitted); *In re Ephedra Prods. Liab. Litig.*, 329 B.R. at 622 ("Superiority of the class action vanishes when the 'other available method' is bankruptcy . . . .").

67.     First, in general, the Bankruptcy Code and Bankruptcy Rules can provide the same benefits and serve the same purposes as class action procedures in normal civil litigation. *In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. at 376 ("a bankruptcy proceeding offers the same procedural advantages as the class action because it concentrates all the disputes in one forum"); *see also* 3 NEWBURG ON CLASS ACTIONS, Ch. 20 (Class Actions Under the Bankruptcy Laws) § 20.01 at 581 (5th ed. 2011) (commenting that "bankruptcy proceedings are already capable of handling group claims, which operate essentially as statutory class actions.").

68.     Second, the bankruptcy claims process is, in some respects, superior to class action procedures.  As the *In re Musicland Holding Corp.* Court explained:

> Bankruptcy provides the same procedural advantages as a class action.  In fact, it provides more advantages.  Creditors, even corporate creditors, don't have to hire a lawyer, and can participate in the distribution for the price of a stamp.  They need only fill out and return the proof of claim sent with the Bar Date Notice.

362 B.R. at 651 (internal citations omitted).  *See also In re Motors Liquidation Co.*, 447 B.R. at 163 ("Also, the inherent simplicity of the bankruptcy process tends to make class action treatment *not* superior, as a general matter and in this case, because an individual claimant would need only to fill out and return a proof of claim form.") (emphasis in original).

25

69.     Third, the Court need not certify a class in order to manage efficiently the RSU and CSA claims, but rather can continue to employ effective case management strategies, such as omnibus objections and coordinated discovery, to manage this case effectively without the added complication of a class proceeding, including notice to the putative class members and objection and opt-out procedures.

70.     Fourth, because the putative class does not include RSU claimants who filed responses and replies to Omnibus Objections prior to the 313th and 319th Omnibus Objections, a class action device would not result in any marginal efficiency as compared to the bankruptcy process.  Rather, certification of the putative class would interfere with the discovery and case management procedures the Plan Administrator is seeking to implement in order to treat all holders of similar RSU claims similarly.  The proposed class would create a subset of RSU claims that would not benefit the claimants, the Court or LBHI.

71.     Finally, the fact that the Chapter 11 Estates are liquidating lends further support to the superiority of the bankruptcy claims handling process as opposed to the class action device here.  "[T]he costs and delay associated with class actions are not compatible with liquidation cases where the need for expeditious administration of assets is paramount so that all creditors, including those not within the class, may receive a distribution as soon as possible."  *See In re Thomson McKinnon Sec., Inc.*, 133 B.R. at 41.

## IV.     CLASS CERTIFICATION HERE WOULD BE INCONSISTENT WITH THE GOALS OF BANKRUPTCY

72.     Even assuming that Claimants satisfied the requirements of Civil Rule 23, class certification should be denied because a class claim here is not consistent with the goals of bankruptcy.  *In re Motors Liquidation Co.*, 447 B.R. at 163-64 (noting that bankruptcy judges have "unquestioned discretion to determine whether class certification would inappropriately

26

clash with bankruptcy needs and concerns"); *In re Northwest Airlines Corp.*, 2007 WL 2815917, at *3-*5 (bankruptcy considerations precluded class certification because, *inter alia*, the court had already confirmed a reorganization plan, the debtors had already made an initial distribution, and class status could force the debtors to reserve shares to satisfy a class claim, and potentially delay a second distribution).

73.    As detailed *supra* in Section II.E., certifying a class here would further complicate and delay the claims administration process in this case, further siphon funds from Debtors' limited estate, and force LBHI to continue to hold reserves on account of approximately $100 million of claims relating to the putative class claim. This significant reserve would impact the size of any upcoming distributions by LBHI to its creditors. Given these potential impeding effects of a class action, a class claim is not consistent with the bankruptcy concerns.

WHEREFORE LBHI respectfully requests that the Court deny Claimants' Motion in its entirety and grant LBHI such other and further relief as is just.

Dated:  New York, New York
        August ~~9~~22, 2012

                                          /s/ Ralph I. Miller
                                          Ralph I. Miller
                                          Robert J. Lemons
                                          David R. Singh
                                          WEIL, GOTSHAL & MANGES LLP
                                          767 Fifth Avenue
                                          New York, New York 10153
                                          Telephone: (212) 310-8000
                                          Facsimile: (212) 310-8007

                                          Attorneys for Lehman Brothers Holdings Inc. and
                                          Certain of its Affiliates

| Summary Report: Litéra® Change-Pro TDC 7.0.0.347 Document Comparison done on 8/22/2012 9:13:21 PM | |
|---|---|
| **Style Name:** Default Style | |
| **Original DMS:** iw://USDMS/US_ACTIVE/44060854/11 | |
| **Modified DMS:** iw://USDMS/US_ACTIVE/44060854/12 | |
| **Changes:** | |
| Add | 46 |
| Delete | 33 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format Changes | 0 |
| **Total Changes:** | 79 |