Martin J. Bienenstock
Irena M. Goldstein
Jeffrey Chubak
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for Credit Protection Trusts 207 and 283*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------------ x | | |
| In re | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ------------------------------------------------------------------ x | | |
| CREDIT PROTECTION TRUST 207 AND | : | |
| CREDIT PROTECTION TRUST 283, | : | |
| | : | |
| Movants, | : | |
| | : | |
| v. | : | |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC. AND | : | |
| LEHMAN BROTHERS SPECIAL FINANCING INC., | : | |
| | : | |
| Respondents. | : | |
| ------------------------------------------------------------------ x | | |

*EX PARTE* MOTION OF CREDIT PROTECTION TRUSTS
207 AND 283 FOR ORDER PURSUANT TO SECTION 107(b) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 9018 AUTHORIZING
TRUSTS TO FILE REDACTED MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR ORDER GRANTING RELIEF FROM CONFIRMATION
<u>ORDER AND DECLARATION IN SUPPORT THEREOF</u>

3063053v1

Credit Protection Trusts 207 and 283 (the "Moving Trusts") respectfully submit this motion (the "Motion to Seal") for an order, substantially in the form attached hereto as Exhibit A, pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Moving Trusts to file redacted copies of their (i) memorandum of law (the "Memorandum") in support of their motion (the "Motion") for an order, pursuant to Rule 60(b)(1) and (4) of the Federal Rules of Civil Procedure, Bankruptcy Rule 9024, and section 105(a) of the Bankruptcy Code, granting relief from the order, entered December 6, 2011 [Docket No. 23023] confirming the modified third amended joint chapter 11 plan (the "Plan") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (together with LBHI, the "Debtors"), and (ii) declaration of Jonathan P. Meyers in support of the Motion (the "Meyers Declaration"). In support of this Motion to Seal, the Moving Trusts state:

## JURISDICTION

1. This Court has subject matter jurisdiction to consider and determine this Motion to Seal pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. Prior to the commencement of the Debtors' chapter 11 cases, the Moving Trusts and Credit Protection Trusts 48, 233, and 265 (the "Settling Trusts" and together with the Moving Trusts, the "Trusts") entered into ISDA Master Agreements (each, as amended and supplemented, a "Swap Agreement") with Lehman Brothers Special Financing Inc. ("LBSF"). LBHI guaranteed LBSF's payment obligations and Financial Security Assurance Inc. (n/k/a Assured Guaranty Municipal Corp.) ("Assured") issued financial guaranty insurance policies guaranteeing certain of the Trusts' obligations under each of the Swap Agreements.

1

3. Following the commencement of the Debtors' chapter 11 cases, the Trusts timely filed claims against LBSF and LBHI in accordance with the bar date order entered on July 2, 2009 [Docket No. 4271].

4. On December 15, 2011, following negotiations with the Debtors concerning certain Trusts' claims, the Settling Trusts and Assured entered into termination agreements with LBSF, among other things, resolving the Settling Trusts' claims (the "Termination Agreements"). The Termination Agreements were drafted by the Debtors and include a provision preventing the Settling Trusts from "disclosing" the Termination Agreements or their terms. *See* Section 10 of the Termination Agreements, an excerpt of which is attached hereto as Exhibit B. The Settling Trusts have no objection to making such disclosure but assume that the Debtors required this provision because the Termination Agreements include commercially sensitive information to the Debtors.

**RELIEF REQUESTED AND BASIS THEREFOR**

5. By this Motion to Seal, the Moving Trusts seek entry of an order, substantially in the form attached hereto as Exhibit A, authorizing them to file redacted copies of the Memorandum and Meyers Declaration to prevent public disclosure of the terms of the Termination Agreements.

6. Section 107(b) of the Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court shall … protect an entity with respect to a trade secret or confidential research, development, or commercial information."

7. Bankruptcy Rule 9018 sets forth the procedure by which a party may move for relief under section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part, "[o]n motion … with or without notice, the court may make any order which justice

2

requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."

8. If the information sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code or Bankruptcy Rule 9018, "the court is required to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). *See also In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – any order which justice requires. The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice").

9. The Moving Trusts' Memorandum and Meyers Declaration briefly discuss the termination of the Trusts' Swap Agreements, and accordingly describe the Settling Trusts' Termination Agreements and certain terms thereof, which terms, as noted above, constitute confidential and commercially sensitive information. Therefore, the Moving Trusts submit cause exists to grant them leave to file redacted copies of the Memorandum and Meyers Declaration pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

## NOTICE

10. Pursuant to Bankruptcy Rule 9006(c)(1), this Court may shorten time without notice. Accordingly, no notice of this Motion to Seal has been provided. No prior request for the relief sought herein has been made to this or any other court.

4

WHEREFORE the Moving Trusts respectfully request that the Court enter the proposed form of order attached hereto as Exhibit A and grant the Moving Trusts such other and further relief as justice may require.

Dated: August 24, 2012
      New York, New York

Respectfully submitted,

/s/ Martin J. Bienenstock
Martin J. Bienenstock
Irena M. Goldstein
Jeffrey Chubak
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for Credit Protection Trusts 207 and 283*

# EXHIBIT A

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
In re                                                                  :    Chapter 11
                                                                       :
LEHMAN BROTHERS HOLDINGS INC., et al.,                                 :    Case No. 08-13555 (JMP)
                                                                       :
                                Debtors.                               :    (Jointly Administered)
---------------------------------------------------------------------- x
CREDIT PROTECTION TRUST 207 AND                                        :
CREDIT PROTECTION TRUST 283,                                           :
                                                                       :
                                Movants,                               :
                                                                       :
v.                                                                     :
                                                                       :
LEHMAN BROTHERS HOLDINGS INC. AND                                      :
LEHMAN BROTHERS SPECIAL FINANCING INC.,                                :
                                                                       :
                                Respondents.                           :
---------------------------------------------------------------------- x

### ORDER PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018 AUTHORIZING CREDIT PROTECTION TRUSTS 207 AND 283 TO FILE REDACTED MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER GRANTING RELIEF FROM CONFIRMATION ORDER AND DECLARATION IN SUPPORT THEREOF

Upon the motion (the "Motion to Seal")[1] of Credit Protection Trusts 207 and 283 (the "Moving Trusts") for an order pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 authorizing the Moving Trusts to file redacted copies of their Memorandum of Law and Meyers Declaration, all as more fully described in the Motion to Seal; and the Court having reviewed the Motion to Seal and the Moving Trusts' proposed redactions; and the Court having subject matter jurisdiction to consider and determine the Motion to Seal pursuant to 28 U.S.C. § 1334; and consideration of the Motion to Seal being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion to Seal.

29488515v1

U.S.C. §§ 1408 and 1409; and it appearing that an *ex parte* order is necessary to expedite consideration of the relief requested in the Motion to Seal; and after due deliberation and sufficient cause appearing therefor it is hereby:

ORDERED that the Motion to Seal is granted; and it is further

ORDERED that the Moving Trusts are authorized to file under seal (i) certain portions of the Memorandum and Meyers Declaration, and (ii) any confidential documents or information subsequently filed by the Moving Trusts relating to the Motion, Memorandum, or Meyers Declaration, without the need for further order of the Court (together, the "Sealed Documents"); and it is further

ORDERED that the Sealed Documents, once filed, shall remain under seal and confidential and unredacted copies of the same shall not be made available to anyone except for the Court, the Office of the United States Trustee, the Debtors, other interested parties as may be agreed to by the Debtors and the Moving Trusts, and any other parties upon further order of the Court; and it is further

ORDERED that the Moving Trusts shall serve a copy of this Order and redacted copies of the Memorandum and Meyers Declaration upon all parties entitled to receive notice of the Motion pursuant to the second amended order implementing certain notice and case management procedures, entered on June 17, 2010 [Docket No. 9635], and such notice shall be deemed good and sufficient notice of the relief sought by the Moving Trusts; and is further

ORDERED that the Court shall retain jurisdiction over all matters relating to the interpretation of this Order.

Dated: _____, 2012
       New York, New York

                                                  Honorable James M. Peck
                                                  United States Bankruptcy Judge

US1 314643201

3

# **EXHIBIT B**

**(Termination Agreement Confidentiality Provision)**

Section 10.   Confidentiality.   Except as contemplated herein, Counterparty shall not disclose this Termination Agreement, the Joint Instruction Letter or their terms, including the Allowed Claims ("Confidential Information"), to any person other than to its directors, officers, employees, counsel, reinsurers, regulators, rating agencies, other advisors and potential assignees (provided that, prior to any disclosure, such potential assignees have executed with Counterparty a confidentiality agreement the terms of which are no less restrictive than the terms of this Confidentiality provision) (hereinafter, collectively, the "Related Parties"), in each case who need to know such information solely for the purpose of effecting this Termination Agreement or, in the case of a potential assignee, solely for the purpose of effecting an assignment of the Allowed Claim (Counterparty shall ensure that such Related Parties will be informed in advance of the confidential nature of the Confidential Information and will be directed to maintain the confidentiality of such Confidential Information and Counterparty shall be responsible if any such Related Party fails to comply with such confidentiality obligations), except as may be required by law, including but not limited to as may be required by United States federal

securities and bankruptcy laws. Counterparty agrees that, when it enters into a confidentiality agreement with respect to Confidential Information, it shall promptly provide Lehman with a copy of said agreement.

If Counterparty or any Related Party becomes legally obligated (whether by court or regulatory order or otherwise), other than due to compliance with United States federal securities or bankruptcy laws, to disclose any of the Confidential Information, Counterparty or such Related Party, as the case may be, will promptly provide Lehman, if permitted by law, with notice of such proposed disclosure so that Lehman may seek a protective order or other appropriate remedy. If such a protective order or other protective remedy is not obtained, Counterparty or such Related Party, as the case may be, will disclose only that portion of the Confidential Information which is legally required, in the opinion of its own counsel, and Counterparty or such Related Party, as the case may be, will exercise its reasonable efforts to obtain reliable assurances that confidential treatment will be accorded the Confidential Information.