**THE THREE HUNDRED FORTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO RECLASSIFY AS EQUITY CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE THREE HUNDRED FORTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIKA DEL NIDO, AT (212)-310-8323.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

------------------------------------------------------------------x

**NOTICE OF HEARING ON**
**THREE HUNDRED FORTY-SEVENTH OMNIBUS OBJECTION TO**
**CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

**PLEASE TAKE NOTICE** that on August 24, 2012, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

certain entities in the above-referenced chapter 11 cases, filed its three hundred forty-seventh

omnibus objection to claims (the "<u>Three Hundred Forty-Seventh Omnibus Objection to</u>

<u>Claims</u>"), and that a hearing to consider the Three Hundred Forty-Seventh Omnibus Objection to

Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in

Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York 10004, on **September 27, 2012 at 10:00 a.m.**

**(Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

           **PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred

Forty-Seventh Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP,

767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq., and Mark

Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope-Davis, Esq., Elisabetta

Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than

**September 20, 2012 at 4:00 p.m. (Prevailing Eastern Time)** (the "<u>Response Deadline</u>").

US_ACTIVE:\44079388\4\58399.0008

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Three Hundred Forty-Seventh Omnibus Objection to Claims or any

claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Three Hundred Forty-Seventh Omnibus Objection to Claims, which order may be entered with

no further notice or opportunity to be heard offered to any party.

Dated: August 24, 2012
      New York, New York

                                  /s/ Robert J. Lemons             
                                  Robert J. Lemons

                                  WEIL, GOTSHAL & MANGES LLP
                                  767 Fifth Avenue
                                  New York, New York 10153
                                  Telephone: (212) 310-8000
                                  Facsimile: (212) 310-8007

                                  Attorneys for Lehman Brothers Holdings Inc.
                                  and Certain of Its Affiliates

US_ACTIVE:\44079388\4\58399.0008

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------------x
In re                               :   Chapter 11 Case No.
                                    :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :   08-13555 (JMP)
                                    :
              Debtors.              :   (Jointly Administered)
-------------------------------------------------------------------x
```

## THREE HUNDRED FORTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

---

**THIS THREE HUNDRED FORTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO RECLASSIFY AS EQUITY CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED FORTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIKA DEL NIDO, AT (212)-310-8323.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

### Relief Requested

1.      The proofs of claim listed on Exhibit A annexed hereto (collectively, the "Compensation Claims") were filed by current and/or former employees of the Chapter 11 Estates and/or their affiliates and indicate that at least one of the bases for the proof of claim is an alleged interest in either restricted stock units, contingent stock awards, stock options, or other equity-related compensation (together, the "Equity Awards").  The Equity Awards were compensation awards which, among other things, provided the employee with the right to shares of LBHI common stock on a future date upon the satisfaction of certain conditions.

2.      The ownership of the Equity Awards constitutes an equity interest in LBHI, but does not constitute a claim against the Chapter 11 Estates as such term is defined in section 101 of title 11 of the United States Code (the "Bankruptcy Code").  Accordingly, LBHI files this omnibus objection, in accordance with Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (the "Procedures Order") [ECF No. 6664] to reclassify the Compensation Claims as equity interests.

3.      The Three Hundred Forty-Seventh Omnibus Objection to Claims is only seeking to reclassify as an equity interest the amount of the portion of the Compensation Claims that relate to Equity Awards.  The Three Hundred Forty-Seventh Omnibus Objection to Claims

2

does not have any effect on the portions of the Compensation Claims, if any, that are based on claims other than Equity Awards.

## Jurisdiction

4.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.       Commencing on September 15, 2008 and periodically thereafter, (as applicable, the "Commencement Date"), the Chapter 11 Estates commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.       On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to up to 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7.       On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023].  The Plan became effective on March 6, 2012.  Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

## The Compensation Claims

8.       The Plan Administrator continues its review of the claims filed on the claims register in these cases and has determined that the Compensation Claims listed on Exhibit A are likely asserting an interest in Equity Awards, in addition to asserting other claims against

3

LBHI.  Unfortunately, and as described below, nearly all of the Compensation Claims were filed

in a manner that does not indicate what amounts of their asserted claims are for Equity Awards.

Nevertheless, any portion of these claims that may be attributable to Equity Awards must be

reclassified as equity.  Below is a summary of each of the Compensation Claims subject to this

objection.

   9.  Claimants Shashank Agrawal (proof of claim 13002) and Anshuman

Goyal (proof of claim 2292) assert claims for compensation, including a claim for a "second

installment" of a performance bonus.  Agrawal attaches a 2007 Total Compensation Statement

that indicates that the claimant was previously granted Equity Awards.  Goyal attaches a

compensation agreement, dated July 8, 2008 and revised as of September 11, 2008, to his proof

of claim that provides:

> The Second Installment (if any) will be deemed part of your total
> compensation for the 2009 Performance Year and a portion of the
> Second Installment will be awarded to you in equity pursuant and
> subject to all the terms and conditions of the Equity Award
> Program.

Neither of the claimants provides any explanation of the type of Equity Awards that were

allegedly granted, the amounts allegedly granted, or an alleged value of such Equity Awards.

The claimants do not attach any documentation that evidences an interest in specific Equity

Awards.  As such, the Plan Administrator is unable to determine the specific portion of the

Compensation Claim that asserts an interest in Equity Awards.

   10.  The following claimants assert "interests in restricted stock units and stock

options" that they received as directors or former directors of LBHI:  Michael Ainslie (proof of

claim number 66193), John Akers (proof of claim 66192), Roger Berlind (proof of claim number

66186), Thomas Cruikshank (proof of claim number 66185), Marsha Johnson Evans (proof of

claim number 66189), Sir Christopher Gent (proof of claim number 66190), Roland Hernandez

(proof of claim number 66183), Henry Kaufman (proof of claim number 66188), and John

Macomber (proof of claim number 66184). These claimants do not provide any explanation of

the type of Equity Awards that were allegedly granted, the amounts allegedly granted, or an

alleged value of such Equity Awards. The claimants do not attach any documentation that

evidences an interest in specific Equity Awards. As such, the Plan Administrator is unable to

determine the specific portion of the Compensation Claim that asserts an interest in Equity

Awards.

11.     David Covey filed proof of claim number 19815 for "employee taxes

reimbursements and compensation owed but not yet paid." On one of the pages of supporting

documentation he included a handwritten note that states:

> P.S. I would also like to claim any benefits from my RSU
> holdings. I cannot access old account statements so [I] do not
> know the amounts. I expect nothing from these but thought it
> worthwhile to mention just in case.

Covey did not provide any explanation of the type of Equity Awards that were allegedly granted,

the amounts allegedly granted, or an alleged value of such Equity Awards. He did not attach any

documentation that evidences an interest in specific Equity Awards. As such, the Plan

Administrator is unable to determine the specific portion of the Compensation Claim that asserts

an interest in Equity Awards.

12.     Christopher Deegan filed proof of claim number 30076 asserting an

interest in "deferred comp" in the amount of $121,883.00. The claimant's claim for "deferred

comp" may be a claim for Equity Awards, despite the lack of any explanation of the type of

Equity Awards that were allegedly granted, the amounts allegedly granted, the alleged value of

such Equity Awards, or documentation evidencing any Equity Awards.

5

13.     Paul Hughson filed proof of claim number 29267, which asserts a contingent/unliquidated claim asserting, among other things, "deferred compensation in connection with the [LBHI] Stock Incentive Plan" that was earned between 2005 and 2007.  The claimant further states:

> Unlike fiscal years prior to 2005, the Plan for fiscal years 2005, 2006, and 2007 does not contain a provision treating LBHI's failure to honor its obligations under the Plan as claims arising from the purchase or sale of common stock within the meaning of section 510(b) of the Bankruptcy Code.  Therefore, Claimant is entitled to a damage claim for LBHI's breach of its obligations under the Plan in an amount equal to the grant date value of the deferred compensation, which claim should be treated as an unsecured, non-subordinated claim against LBHI.

Although the claimant asserts that "[t]he grant date value of the deferred compensation was established by LBHI and is currently in its possession," the claimant does not provide the amount or the value of the Equity Awards that were allegedly granted.  The claimant does not attach any documentation that evidences an interest in specific Equity Awards.  As such, the Plan Administrator is unable to determine the specific portion of the Compensation Claim that asserts an interest in Equity Awards.

14.     Stephen Lax filed proof of claim number 13727 for "accrued bonus (partial)."  The supporting documentation to his proof of claim includes a Lehman Brothers 2007 Total Compensation Statement that includes a line item for Equity Awards.  The claimant calculates and asserts a claim for an estimated bonus for 2008 based upon bonuses he received from 2005-2007 and based upon an estimated 20% growth rate for the Lehman enterprise.  The claimant does not specify which portion of the claim for bonus compensation is related to Equity Awards.

15.     Eitan Leger filed proof of claim number 21394, which asserts:

> As of the petition date, LBHI was, and still is, indebted and liable to me, in an aggregate amount of not less than $200,000, on account of unpaid deferred performance-based compensation in the form of Restricted Stock Unites (RSUs) pursuant to certain Restricted Stock Units Agreements . . ., which deferred compensation includes, without limitation, all dividend equivalents outstanding and any and all amounts relating thereto or arising therefrom.

The claimant attaches an Exhibit B to his proof of claim in which the claimant redacts the value of the Equity Awards on the grant date, the amount of Equity Awards that were granted, the grant value, and the dividend equivalents outstanding.

16.     Yeruchim Levilev filed proof of claim number 33565 in the amount of $10,430.42.  The asserted basis of the claim is "compensation."  The proof of claim was submitted on a prepopulated form that states "Schedule G – Executory contract or Unexpired Lease" and "Description: Restricted Stock Unit Agreement."  The claimant provides no supporting documentation or information with respect to how the claim was calculated.

17.     Saul Spital filed three proofs of claim subject to this objection (proofs of claim number 9607, 9609, and 9610), which assert "former employee-severance agreement" or "former employee-severance agreement-medical coverage retiree."  Although the claimant does not assert Equity Awards as the basis of the claim, the claimant attaches an Executive Compensation Summary to each of these proofs of claim, which sets forth details of Equity Awards that the claimant received.  As such, the Plan Administrator is unable to determine the specific portion of the Compensation Claim that asserts an interest in Equity Awards.

18.     Crisiana Vai filed proof of claim number 13763 in the amount of $292,431.33 based upon "severance indemnity."  Although the claimant does not assert Equity Awards as the basis of the claim, the claimant attaches compensation statements from 2005-2007, which set forth details of Equity Awards that the claimant received.

US_ACTIVE:\44079388\4\58399.0008

## The Equity Awards Are Not Claims

19.    Certain of the Compensation Claims were improperly filed as general unsecured claims and others were improperly filed as claims having priority pursuant to section 507(a) of the Bankruptcy Code.  Each of the Compensation Claims must be reclassified as an equity interest.

20.    Both the Bankruptcy Rules and the Procedures Order provide grounds to object to the Compensation Claims.  Bankruptcy Rule 3007(d)(7) provides that a debtor may file an objection, and join one or more objections in an omnibus objection, if all of the claims "are based solely on the grounds that the claims should be disallowed, in whole or in part, because . . . they are interests, rather than claims."  FED. R. BANKR. P. 3007(d).  The Procedures Order permits the filing of objections, on an omnibus basis, to claims that "were incorrectly classified." Procedures Order at 2.

21.    Once objected to, a filed proof of claim is no longer "deemed allowed." 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed . . . is deemed allowed, unless a party in interest . . . objects.").  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

## The Compensation Claims Should Be Reclassified as Interests

**A.    Compensation Claims Are for Equity Securities.**

22.    Section 501(a) of the Bankruptcy Code provides that a creditor may file a proof of claim and that an equity security holder may file a proof of interest.  11 U.S.C. §501(a).

US_ACTIVE:\44079388\4\58399.0008

The Bankruptcy Code defines a "claim" as a right to payment.  *Id.* at §101(5).  The Bankruptcy

Code definition of an "equity security," alternatively, includes a share in a corporation or similar

"security," including "stock," "treasury stock," "other claim or interest commonly known as

'security,'" "certificate of interest or participation in," and "warrant or right to subscribe to or

purchase or sell, a security."  *Id.* §101(16) and 101(49)(A).

    23. Courts have interpreted the definition of equity security to include a range

of stock-based transactions, including transactions based on a right to acquire stock, such as

stock options and stock assignments.  *E.g., In re Enron Corp.*, 341 B.R. 141, 162 (Bankr.

S.D.N.Y. 2006) (holding that a phantom stock purchase program where delivery of shares was

deferred for tax purposes qualified as a "security" under the Bankruptcy Code); *see also In re

Baldwin-United Corp.*, 52 B.R. 549, 552 (Bankr. S.D. Ohio 1985) (holding that claims to

exercise stock option portion of plan were equity security interest for purposes of determining

priority).

    24. The Equity Awards provided grantees with a right to acquire common

stock in LBHI upon satisfaction of certain conditions precedent, similar to stock options or the

right to exercise stock options.  As a result, the Equity Awards fall within the definition of

"equity securities" under the Bankruptcy Code.  Because each of the Compensation Claims is

based on the ownership of the Equity Awards, the Plan Administrator hereby seeks

reclassification of the Compensation Claims as equity interests.

### B. Subordination Provisions Present in Certain of the Agreements Are Enforceable Pursuant to Bankruptcy Code Section 510(a).

    25. The agreements governing certain of the Equity Awards (the

"Agreements") provided that, in the event of a bankruptcy of LBHI, all claims arising from, in

connection with, or in any way relating to, any failure of LBHI to deliver shares of common

stock shall have the same priority as, and no greater priority than, common stock interests in

LBHI. These Agreements advised grantees that:

> All of [their] claims arising from, in connection with, or in any
> way relating to, any failure of [LBHI] to deliver to [them], or to a
> subsidiary for delivery by such subsidiary to [them], shares of
> Common Stock on the date when such shares are due to be
> delivered under this Agreement in satisfaction of each Unit granted
> to you shall be deemed, in the event of a bankruptcy of [LBHI], to
> be claims for damages arising from the purchase or sale of
> Common Stock of [LBHI], within the meaning of section 510(b) of
> the Bankruptcy Code and shall have in such bankruptcy the same
> priority as, and no greater priority than, common stock interests in
> [LBHI].

See, *e.g.*, 2003 Equity Award Program Agreement, ¶ 10; 2004 Equity Award
Program Agreement, ¶ 10.

26.    Section 510(a) of the Bankruptcy Code provides that "[a] subordination

agreement is enforceable … to the same extent that such agreement is enforceable under

applicable nonbankruptcy law." 11 U.S.C. § 510(a). Courts have routinely held that the

"enforcement of lawful subordination agreements by Bankruptcy Courts does not offend the

policy of equal distribution of the bankrupt's estate." *In re Leasing Consultants, Inc.* 2 B.R. 165,

168 (Bankr. N.Y. 1980), *citing In re Credit Industrial Corp.*, 366 F.2d 402, 407 (2d Cir. 1966).

Under general contract law principles, when a subordination agreement is unambiguous, the

parties' rights are governed exclusively by that agreement. *In re Leasing Consultants, Inc.*,

2 B.R. at 169.

27.    Compensation Claims arising out of agreements with subordination

provisions similar to the one referred to above should have the same priority as common equity

US_ACTIVE:\44079388\4\58399.0008

interests in LBHI, and the Court should reclassify such claims as interests.[1]  Holders of such

Compensation Claims do not have claims against the Chapter 11 Estates.

### C.    Bankruptcy Code Section 510(b) Mandates that the Compensation Claims Have the Same Priority as Common Equity of LBHI.

28.    Another reason the Compensation Claims must be treated as equity is that

section 510(b) of the Bankruptcy Code provides that, for purposes of distribution, a claim for

damages arising from the purchase or sale of a security shall have the same priority as the

security.  11 U.S.C. § 510(b).

29.    As noted above, the Equity Awards fall within the Bankruptcy Code

definition of "security."  In addition, the grant of the Equity Awards constitutes a "purchase or

sale" of a security.  "Courts interpreting section 510(b) have read the term 'purchase' broadly

and have included within its scope grants of stock and stock options as compensation."  *In re

Wireless Corporation, Inc.* 384 B.R. 713, 718 (Bankr. D. Del. 2008).  In *Wireless Corporation*,

for example, the Delaware Bankruptcy Court held that the debtor's grant of an equity

compensation package, consisting of shares of stock and warrants, constituted a "purchase or

sale" of a security.  *See also In re Med Diversified Inc.*, 461 F.3d 251, 256 (2d Cir. 2006)

(holding that claim based on debtor's failure to issue its common stock to employee in exchange

for his stock in another company, allegedly in violation of the parties' termination agreement,

was a claim arising from the purchase or sale of the debtor's stock.); *In re Touch Am. Holding,

Inc.*, 381 B.R. 95, 104 (Bankr. D. Del. 2008) (holding that claims based on stock received as

---

[1] The Bankruptcy Code, the Bankruptcy Rules and case law make clear that the Chapter 11 Estates do not need to commence an adversary proceeding either to enforce a subordination agreement pursuant to Bankruptcy Code section 510(a) or to seek to subordinate a Compensation Claim pursuant to Bankruptcy Code section 510(b).  FED. R. BANKR. P 7001(8); *In re Lernout & Hauspie Speech Prods., N.V.*, 264 B.R. 336, 339 (Bankr. D. Del. 2001) ("Because Rule 7001(8) appears to limit subordination complaints to allowed claims, the appropriate procedural vehicle for resolution of the issue is a contested matter under Fed. R. Bankr. P. 9104.").

US_ACTIVE:\44079388\4\58399.0008

matching contribution under an ERISA plan likewise constituted a "purchase or sale" of securities).

30.    In *Enron*, employees filed claims asserting a right to payment for damages in connection with unexercised stock options they had received during the course of their employment.  The Court held that it was clear that a stock option was a "security" as that term is defined in section 510(b) of the Bankruptcy Code.  *Enron*, 341 B.R. at 150.  The Court further found that, "[w]hile it is true that the Claimants did not purchase the stock options on the open market, they nonetheless exchanged value for the options: here, their labor.  Such exchange falls under a broad reading of the term 'purchase.'"  *Id.* at 151 (citing *Frankum v. Int'l Wireless Communications Holdings, Inc.* (*In re Int'l Wireless Communications Holdings, Inc.*), 279 B.R. 463 (D. Del. 2002) ("That Appellants received the Debtors' stock as part of a compensation package does not preclude the transfer from being characterized as a purchase/sale of the Debtors' stock.")).  This was true even where the employees "never elected to receive stock options, but rather were required to take a minimum percentage of their annual bonus in stock option form."  *Id.*  The Court found flaws in the employees' argument that they did not "purchase" the stock options, because there was no voluntary exchange of goods, services or currency:

> Although implicit, there is nonetheless a bargain and exchange of value.  Here, the exchange is made not at the time of payment but prior to employment.  If these Claimants were required to receive a portion of their compensation as options, that was a condition of employment the Claimants willingly accepted in return for their labor.  These Claimants, thus, "purchased" the stock options with their labor.

*Id.*

12

31.    The Court in *Enron* further concluded that "claims alleging the fraudulently induced election of stock options as part of a compensation package are claims 'arising from' the purchase of a security and should thus be subordinated pursuant to section 510(b)." *Id.* "[P]hysical possession of the security is not required for a claim based upon that security to be subordinated." *Id.* at 163 (citing *American Broad. Sys. v. Nugent (In re Betacom of Phoenix, Inc.)*, 240 F.3d 823 at 829-30 (9th Cir. 2001) (finding that "[n]othing in § 510(b)'s text requires a subordinated claimant to be a shareholder.")).

32.    Like it did in *Enron*, the Court should find that the Equity Awards in this case are equity interests and the Compensation Claims arise from the purchase and sale of securities. As the Court found in *Enron*, neither the fact that Equity Awards were a form of compensation for services performed, nor the fact that claimants asserting Compensation Claims could not opt to receive compensation in cash in lieu of Equity Awards converts the Compensation Claims into debt claims. Any portion of a Compensation Claim alleging the claimant was induced to accept or retain its Equity Awards should similarly be subordinated pursuant to section 510(b) of the Bankruptcy Code.

## Reservation of Rights

33.    LBHI reserves all rights to object on any other basis to any Compensation Claim, or any portion thereof, as to which the relief requested herein is not granted.

## Notice

34.    No trustee has been appointed in these chapter 11 cases. Notice of this Three Hundred Forty-Seventh Omnibus Objection to Claims has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for Region 2; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth

13

in the second amended order entered on June 17, 2010, governing case management and

administrative procedures for these cases [ECF No. 9635].  The Plan Administrator submits that

no other or further notice need be provided.

35.    No previous request for the relief sought herein has been made by the Plan

Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order

granting the relief requested herein and such other and further relief as is just.

Dated:  August 24, 2012
        New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

14

**EXHIBIT A**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 347: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | TOTAL CLAIM DOLLARS SUBJECT TO OBJECTION | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 1 | AGRAWAL, SHASHANK | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/15/2009 | 13002 | $1,400,470.76 | Undetermined | $1,400,470.76 |
| 2 | AINSLIE, MICHAEL L. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/29/2010 | 66193 | Undetermined | Undetermined | Undetermined |
| 3 | AKERS, JOHN F. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/29/2010 | 66192 | Undetermined | Undetermined | Undetermined |
| 4 | BERLIND, ROGER S. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/29/2010 | 66186 | Undetermined | Undetermined | Undetermined |
| 5 | COVEY, DAVID J. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 19815 | $626,992.88 | Undetermined | $626,992.88 |
| 6 | CRUIKSHANK, THOMAS H. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/29/2010 | 66185 | Undetermined | Undetermined | Undetermined |
| 7 | DEEGAN, CHRISTOPHER J | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30076 | $143,198.00 | $121,883.00 | $21,315.00 |
| 8 | EVANS, MARSHA JOHNSON | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/29/2010 | 66189 | Undetermined | Undetermined | Undetermined |
| 9 | GENT, CHRISTOPHER, SIR | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/29/2010 | 66190 | Undetermined | Undetermined | Undetermined |
| 10 | GOYAL, ANSHU | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/30/2009 | 2292 | $4,176,740.27 | Undetermined | $4,176,740.27 |
| 11 | HERNANDEZ, ROLAND A. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/29/2010 | 66183 | Undetermined | Undetermined | Undetermined |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 347: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS**

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | TOTAL CLAIM DOLLARS SUBJECT TO OBJECTION | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|------|-------------|-------------|------------|---------|------------------------------|------------------------------------------|---------------------------------------|
| 12  HUGHSON, PAUL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 29627 | $10,950.00  * | Undetermined | $10,950.00 |
| 13  KAUFMAN, HENRY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/29/2010 | 66188 | Undetermined | Undetermined | Undetermined |
| 14  LAX, STEPHEN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/16/2009 | 13727 | $60,900.00 | Undetermined | $60,900.00 |
| 15  LEGER, EITAN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 21394 | $200,000.00 | Undetermined | $200,000.00 |
| 16  LEVILEV, YERUCHIM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 33565 | $10,430.42 | $10,430.42 | None |
| 17  MACOMBER, JOHN D. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/29/2010 | 66184 | Undetermined | Undetermined | Undetermined |
| 18  SPITAL, SAUL H. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/28/2009 | 9607 | $30,000.00 | Undetermined | $30,000.00 |
| 19  SPITAL, SAUL H. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/28/2009 | 9609 | $100,000.00 | Undetermined | $100,000.00 |
| 20  SPITAL, SAUL H. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/28/2009 | 9610 | $89,806.68 | Undetermined | $89,806.68 |
| 21  VAI, CRISTIANA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/16/2009 | 13763 | $292,431.33 | Undetermined | $292,431.33 |
| | | TOTAL | | | $7,141,920.34 | $132,313.42 | $7,009,606.92 |

* - Indicates claim contains unliquidated and/or undetermined amounts

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                      :       **Chapter 11 Case No.**
                                                           :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :       **08-13555 (JMP)**
                                                           :
                          **Debtors.**          :       **(Jointly Administered)**
------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED
## FORTY-SEVENTH OMNIBUS OBJECTION
## <u>TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)</u>

Upon the three hundred forty-seventh objection to claims, dated August 24, 2012

(the "<u>Three Hundred Forty-Seventh Omnibus Objection to Claims</u>"),[1] of Lehman Brothers

Holdings Inc. ("<u>LBHI</u>"), as Plan Administrator under the Modified Third Amended Joint Chapter

11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b)

of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules

of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664], seeking to reclassify Compensation Claims as

equity interests, all as more fully described in the Three Hundred Forty-Seventh Omnibus

Objection to Claims; and due and proper notice of the Three Hundred Forty-Seventh Omnibus

Objection to Claims having been provided, and it appearing that no other or further notice need

be provided; and the Court having found and determined that the relief requested in the Three

Hundred Forty-Seventh Omnibus Objection to Claims is in the best interests of the Chapter 11

Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in

the Three Hundred Forty-Seventh Omnibus Objection to Claims establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Forty-Seventh Omnibus Objection to Claims.

ORDERED that the relief requested in the Three Hundred Forty-Seventh Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that any portion of the claims listed on <u>Exhibit 1</u> annexed hereto that arises from or otherwise relates to Equity Awards, including without limitation any specific amounts indicated on <u>Exhibit 1</u>, shall have the same priority as, and no greater priority than, common stock interests in LBHI; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on <u>Exhibit A</u> annexed to the Three Hundred Forty-Seventh Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                   _____
                                   UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44079388\4\58399.0008