UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
                        Debtors.                   :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 AUTHORIZING THE SETTLEMENT OF CERTAIN PREPETITION DERIVATIVES CONTRACTS WITH TRUSTS FOR WHICH DEUTSCHE BANK NATIONAL TRUST COMPANY SERVES AS INDENTURE TRUSTEE AND RELATED RELIEF

Upon the motion dated July 24, 2012 (the "Motion")[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 105(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the settlement of certain prepetition derivatives contracts and related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635], and it appearing that no other or further notice need be provided; and a

---

[1] Capitalized Terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

hearing having been held to consider the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBSF and LBDP and their estates and creditors and all parties in interest; and upon the Court's consideration of the Motion and the record of the hearing to consider the relief requested in the Motion; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that, the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the settlement of the Swap Agreements as provided for in the Settlement Agreement is approved, and within three (3) business days of this order becoming a final order, each Trust shall pay its respective Settlement Amount to LBSF and LBDP, as applicable; and it is further

ORDERED that the Claims shall be disallowed and expunged from the claims-register and following the payment by the Trusts set forth in the Motion, none of LBDP, LBSF, LBHI or the Trusts shall have further obligations to one another or any party on account of the Swap Agreements; and it is further

ORDERED that upon the payment of the Settlement Amounts, the Swap Agreement Adversary Proceeding shall be dismissed, with prejudice, against the Swap Defendants solely to the extent that such Swap Agreement Adversary Proceeding relates to the Swap Agreements; and it is further

ORDERED that the holders of notes or certificates issued by the Trusts (collectively, the "Noteholders and Certificateholders"), are bound by, and are deemed to have consented to, the terms of this Order; the Court finds no bona fide basis for any claims or actions against the Plan Administrator, LBSF, LBDP, the Trustees (in such capacity or in their individual capacities) and their respective legal counsel and/or financial advisors, and the Plan

Administrator, LBSF, LBDP, the Trustees (in such capacity or in their individual capacities) and their respective legal counsel and/or financial advisors shall not have any liability for any claims, demands, suits, actions or causes of action arising out of the participation in the negotiation and implementation of this Order; and Noteholders and Certificateholders shall be forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing claims in any way related to the matters which are the subject of the Motion or this Order against the Plan Administrator, LBSF, LBDP, the Trustees in any capacity, or the Trusts; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that the Debtors are hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate this Order; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
August 24, 2012

       *s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE