**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

## SECOND SUPPLEMENTAL ORDER GRANTING
## DEBTORS' TWO HUNDRED THIRTEENTH OMNIBUS
## OBJECTION TO DISALLOW AND EXPUNGE CERTAIN CLAIMS

Upon the two hundred thirteenth omnibus objection to claims, dated September 16, 2011 (the "Two Hundred Thirteenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, in accordance with Rule 3007(d) of the Federal Rules of Bankruptcy Procedure and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664]; and certain responses to the Two Hundred Thirteenth Omnibus Objection to Claims having been filed by the parties identified on Exhibit A attached hereto (the "Respondents"); and due and proper notice having been provided to Respondents; and it appearing that no other or further notice need be provided; and the Respondents having consented to the relief granted herein; and the Court having found and determined that the relief granted herein is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Thirteenth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Thirteenth Omnibus Objection to Claims.

ORDERED that the relief requested in the Two Hundred Thirteenth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that the Subordinated Guarantee Claims listed on <u>Exhibit A</u> annexed

hereto (the "<u>Reclassified Claims</u>") shall not be classified under the Modified Third Amended

Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan")

in LBHI Class 1, LBHI Class 2, LBHI Class 3, LBHI Class 4A, LBHI Class 4B, LBHI Class 5,

LBHI Class 6A, LBHI Class 6B, LBHI Class 7, LBHI Class 8, LBHI Class 9A, LBHI Class 9B,

LBHI Class 10A, LBHI Class 10B, or LBHI Class 10C of the Plan (collectively, "<u>LBHI Classes</u>

<u>1-10C</u>"), or as an Administrative Expense Claim or Priority Tax Claim against LBHI, or as a

Claim against or Equity Interest in any Debtor other than LBHI; and it is further

ORDERED that no Distributions shall be made on account of the Reclassified

Claims unless and until all holders of Allowed Claims (as such term is defined in the Plan) in

LBHI Classes 1-10C are satisfied in full in accordance with the Plan; and it is further

ORDERED that the Reclassified Claims shall deemed to be classified in either

LBHI Class 11 or LBHI Class 12 and that in the event that all holders of Allowed Claims in

LBHI Classes 1-10C are satisfied in full in accordance with the Plan, absent agreement between

the Plan Administrator and a Respondent with regard to a Reclassified Claim, the Court shall

determine whether the Reclassified Claims shall be classified in LBHI Class 11 or LBHI Class

12; and it is further

ORDERED that the respective rights of all affected parties in interest, including

each of the Debtors, the Plan Administrator, and each Respondent, to argue or dispute the

amount of or the relative priority of the Reclassified Claims between and among the Claims in

LBHI Class 11 and the Equity Interests in LBHI Class 12 shall be fully preserved; and it is

further

ORDERED that the Debtors' Court-appointed claims agent is authorized to

modify the claims register to reflect this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated: New York, New York
      August 24, 2012

                                        *s/ James M. Peck*
                                 UNITED STATES BANKRUPTCY JUDGE