UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                                  :    Chapter 11 Case No.
                                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                       :
                            Debtors.                            :    (Jointly Administered)
------------------------------------------------------------------x

STIPULATION AND ORDER BETWEEN
LEHMAN BROTHERS HOLDINGS INC. AND BANQUE
CANTONALE DU VALAIS REGARDING CERTAIN CLAIMS

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the debtors in the above referenced chapter 11 cases (the "Debtors"), and Banque Cantonale du Valais ("Banque Cantonale," and together with the Plan Administrator, the "Parties"), hereby stipulate and agree as follows:

## RECITALS

A.      Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases (together, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

A.      By order, dated July 2, 2009 [ECF No. 4271] (the "Bar Date Order"), this Court established: (i) September 22, 2009 as the deadline to file proofs of claim (each a "Proof of Claim") against the Debtors (the "General Bar Date"); (ii) October 22, 2009 as the deadline for the filing of questionnaires with respect to any Derivative Contract and Guarantee (each as defined in the Bar Date Order) claims; and (iii) November 2, 2009 (the "Securities Programs Bar

Date") as the deadline to file Proofs of Claim with respect to any Lehman Programs Securities (as defined in the Bar Date Order). The Bar Date Order required holders of claims based on Lehman Programs Securities to include Blocking Numbers on their Proofs of Claim. The Blocking Number requirement of the Bar Date Order is critical to the verification of ownership and holdings of a particular security and a safeguard against duplicative or excess distributions on Lehman Programs Securities.

    B. On October 30, 2009, Banque Cantonale filed certain Proofs of Claim against LBHI, which were assigned claim numbers by the court-approved claims agent (the "Claims Agent"), asserting claims based on Lehman Programs Securities (such claims, the "Banque Cantonale Claims").[1]

    C. On March 14, 2011, the Debtors filed the One Hundred Twelfth Omnibus Objection to Claims (Invalid Blocking Number LPS Claims) [ECF No. 15014] (the "Objection"), seeking to disallow and expunge the Banque Cantonale Claims on the basis that such claims violate the Bar Date Order by not including valid Blocking Numbers (as defined in the Bar Date Order).

    D. On August 10, 2011, the Court entered the Order Approving Procedures for Determination of the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc. [ECF No. 19120] (the "Structured Securities Order"). The Structured Securities Order provides procedures for the determination of the allowed amounts of claims based on Lehman Programs Securities for purposes of voting and

---

[1] The Banque Cantonale Claims consist of the following claim numbers: 58494, 58495, 58496, 58497, 58498, 58499, 58500, 58501, 58502, 58504, 58505, 58506, 58507, 58508, 58509, 58510, 58511, 58512, 58513, 58514, 58515, 58516, 58517, 58518, 58519, 58520, 58521, 58522, 58523, 58524, 58525, 58526, 58527, 58528, 58529, 58530, 58531, 58536, 58537, 58538, 58539, 58540, 58541, 58542, 58543, 58544, 58545, 58546, 58547, 58548, 58549, 58550, 58551, 58552, 58553, 58554, 58555, 58556, 58557, 58603, 58604, and 58605.

2

distributions under the Plan.  As a result of Banque Cantonale's failure to include valid Blocking Numbers for the Banque Cantonale Claims, the Debtors calculated the "Proposed Allowed Claim Amount" for each Banque Cantonale Claim to be $0 and, on or about August 24, 2011, sent Banque Cantonale a Notice of Proposed Allowed Claim Amount (a "Notice") for each Banque Cantonale Claim indicating same.  Prior to the response deadline, Banque Cantonale responded to the Notices, disputing the $0 Proposed Allowed Claim Amounts of the Banque Cantonale Claims.

E. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023] (the "Confirmation Order").  The Plan became effective on March 6, 2012.  Pursuant to the Plan, the Plan Administrator is authorized to control and effectuate the claims reconciliation process with respect to claims filed against LBHI.

F. While each of the Banque Cantonale Claims included a number in the Securities Programs Proof of Claim Form box number 3, which was designated for Blocking Numbers, the Plan Administrator, despite its diligent efforts, has been unable to reconcile each number with any valid Blocking Number issued by a clearing agency.

G. The Parties have attempted to reconcile ownership of the Lehman Programs Securities that are the subject of the Banque Cantonale Claims (the "Claimed Securities") through other means and determine that no other party has filed a Proof of Claim against LBHI for any of the same securities.

H. In connection with reconciling ownership of the Claimed Securities, and in an effort to reduce any risk of the Plan Administrator making duplicative payments under the Plan on account of the Claimed Securities, Banque Cantonale has provided, or will provide, the

3

Plan Administrator with the following supporting documentation (the "Supporting Documentation"):[2]

- Joint Declaration of Nicolas Debons and Stephane Travelletti on behalf of Banque Cantonale (the "Banque Cantonale Declaration"), which declares, among other things, that (i) none of the names of Banque Cantonale's customers who hold the beneficial interests in the Claimed Securities (the "Customers") match any of the names of possible duplicative claimants compiled by the Plan Administrator, (ii) Banque Cantonale held each Claimed Security, and no Claimed Security was traded, between July 2, 2009 and April 23, 2012, and (iii) Banque Cantonale has not, and is not aware of any other party that has, filed any other Proof of Claim against, or received any payment from, LBHI on account of the Claimed Securities;

- Attestation of Holding (the "SIX Attestation") on behalf of SIX SIS Ltd ("SIX"), the applicable clearing agency for the Claimed Securities, which confirms, among other things, that (i) Banque Cantonale held each Claimed Security, and no Claimed Security was traded, between July 2, 2009 and April 23, 2012, and (ii) SIX did not issue or obtain Blocking Numbers for the Claimed Securities;

- Certifications of the Customers (the "Customer Certifications"), which certify, among other things, that the relevant Customer (i) has not filed a Proof of Claim against LBHI on account of the security or securities claimed by Banque Cantonale on such Customer's behalf, (ii) neither is aware of any party nor has authorized or directed any party, other than Banque Cantonale, to file a Proof of Claim against LBHI on account of the security or securities claimed by Banque Cantonale on such Customer's behalf, and (iii) has not received any distribution or payments from any party on account of the security or securities claimed by Banque Cantonale on such Customer's behalf; and

- Indemnification Agreement by and among LBHI and Banque Cantonale (the "Indemnification Agreement"), which provides, among other things, that Banque Cantonale agrees to indemnify LBHI for any distributions or payments actually paid by LBHI to Banque Cantonale, on account of the Banque Cantonale Claims, that are duplicative of distributions or payments actually paid to any entity that LBHI has identified as a possible duplicative claimant.

---

[2] The descriptions listed below are provided as summaries of the information contained in the Supporting Documentation. In the case of an inconsistency between the descriptions set forth in the summaries and the information in the Supporting Documentation, the information in the Supporting Documentation shall control.

4

      I.      Based on its review of the Supporting Documentation, the Plan Administrator has concluded that there is a low probability of other claimants asserting claims for the Claimed Securities (or portions thereof included on the Banque Cantonale Claims), and that there is minimal risk of making duplicative distributions on account of the Claimed Securities. Furthermore, to the extent it becomes known that the Plan Administrator has made distributions to Banque Cantonale, on account of or in connection with the Banque Cantonale Claims, that are duplicative of distributions paid to other claimants, Banque Cantonale has agreed to indemnify LBHI pursuant to the Indemnification Agreement.

      J.      But for Banque Cantonale's failure to provide valid Blocking Numbers for the Claimed Securities, the Plan Administrator calculates the Allowed Claim Amount for each Banque Cantonale Claim to be the amounts set forth on Exhibit A.

      K.      Upon receipt of all Supporting Documentation for any Banque Cantonale Claim, the Plan Administrator agrees to withdraw the Objection, as it relates to such Banque Cantonale Claim, as result of the information and covenants provided in the Supporting Documentation, and Banque Cantonale agrees to the Allowed Claim Amount set forth on Exhibit A for such Banque Cantonale Claim.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

      1.      The Recitals set forth above form an integral part of this Stipulation and Order and are incorporated fully herein.

      2.      This Stipulation and Order shall become effective once it has been executed by the Parties and approved by the Bankruptcy Court (the "Effective Date").

      3.      Within ten (10) days of the Plan Administrator's receipt of all Supporting Documentation for a Banque Cantonale Claim, (i) the Plan Administrator shall withdraw the

5

Objection as it relates to such Banque Cantonale Claim, and (ii) in accordance with the Structured Securities Order, such Banque Cantonale Claim shall be allowed in the Allowed Claim Amount set forth on Exhibit A.

4. If the Plan Administrator does not receive all Supporting Documentation with respect to a particular Banque Cantonale Claim within six (6) months, of the date that this Stipulation and Order is so-ordered by the Court, then such Banque Cantonale Claim for which all Supporting Documentation has not been received shall be deemed disallowed without further order of the Court.

5. If it becomes known that the Plan Administrator has made a distribution to Banque Cantonale, on account of or in connection with any Banque Cantonale Claim, that is duplicative of a distribution paid to another claimant, the Plan Administrator shall not make any further distributions to Banque Cantonale on account of or in connection with any Banque Cantonale Claims unless and until the Parties hereto agree, or the Court orders, otherwise. Upon the Plan Administrator's determination that a duplicative payment has been made, the Plan Administrator will provide notice to Banque Cantonale, and such notice will contain details concerning the duplicative payment, including the Proof of Claim number for which the duplicative payment has been made.

6. This Stipulation and Order shall be binding upon and inure solely to the benefit of the Parties hereto and the Customers, and their respective successors and assigns. Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation and Order.

7. Each person who executes this Stipulation and Order represents that he or she is duly authorized to do so on behalf of the respective Party or Parties hereto and that each such party has full knowledge and has consented to this Stipulation and Order.

8. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties hereto to be charged.

9. This Stipulation and Order shall be governed by and interpreted in accordance with the laws of the state of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflict of laws that would require the application of laws of another jurisdiction.

10. The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Order. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation and Order, such matter shall be adjudicated in either the United States District Court, for the Southern District of New York or a court of competent jurisdiction in the State of New York.

*[Signature Page to Follow]*

Dated: August 20, 2012
      New York, New York

/s/ Ira A. Reid
Ira A. Reid

BAKER & MCKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 646-4100
Facsimile: (212) 310-1600

Attorneys for Banque Cantonale du Valais

Dated: August 22, 2012
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**SO ORDERED:**

Dated: New York, New York
      August 24, 2012

*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE

8