UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                   :
                        Debtors.                              :    (Jointly Administered)
-------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (SEVERANCE AND OTHER EMPLOYEE CLAIMS)

Upon the three hundred twenty-sixth omnibus objection to claims, dated July 10, 2012 (the "Three Hundred Twenty-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to (i) reduce and allow the Claims on the basis that the amounts and/or priorities listed on the proofs of claim are greater than the fair, accurate, and reasonable values and/or priorities determined by the Plan Administrator after a review of the claimants' supporting documentation and the Chapter 11 Estates' books and records and/or (ii) to reclassify the Stock Claims as common equity interests, as more fully described in the Three Hundred Twenty-Sixth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Twenty-Sixth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Three Hundred Twenty-Sixth Omnibus Objection to

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Twenty-Sixth Omnibus Objection to Claims.

Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Three Hundred Twenty-Sixth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Twenty-Sixth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED (i) that each Claim listed on Exhibit 1 annexed hereto is reduced and allowed in the amount and priority set forth on Exhibit 1 in the row entitled "*Claim as Modified*" and in the columns entitled "*Administrative,*" "*Secured,*" "*Priority,*" and "*Unsecured*" and (ii) that any asserted amounts in excess of the reduced amount are disallowed; and it is further

ORDERED that the portions of the claims listed on Exhibit 1 in the row entitled "*Claim as Modified*" and in the column entitled "*Equity*" are reclassified as equity interests having the same priority as, and no greater priority than, common stock interests in LBHI; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim or portion of any claim listed on Exhibit A to the Three Hundred Twenty-Sixth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
August 24, 2012

                                              *s/ James M. Peck*
                                              UNITED STATES BANKRUPTCY JUDGE