IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Form 210A

United States Bankruptcy Court

SOUTHERN DISTRICT OF NEW YORK

In re LEHMAN BROTHERS HOLDINGS INC., et. al., DEBTORS        Case No. 08-13555 (JMP)
                                                             JOINTLY ADMINISTERED

TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 300 1(e)(2), Fed, R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Illiquidx LLP | Panagiotis Berlemis |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

**IlliquidX LLP**
80 Fleet Street
London EC4Y 1EL
UNITED KINGDOM
Attn.: Mr Celestino Amore
E.mail: amore@illiquidx.com
Phone: +44 207 832 0181
Last Four Digits of Acct #: N/A

Court Claim # (if known): 51636
Total Claim Amount: $3,000,000.00

Amount of Claim as Filed with respect to ISIN XS0287119480: $3,000,000.00

Allowed Amount of Claim with respect to ISIN XS0287119480: $3,000,000.00

Date Claim Filed: 10/28/2009

**Panagiotis Berlemis**
A.Lykourezos Law Offices
19, Dimokritou Street
Athens, 10673, Greece
Attn: Mr. Petros Machas

Name and Address where transferee payments should be sent (if different from above):

Bank : CITIBANK NA, NEW YORK
SWIFT: CITIUS33XXX
ABA Number : 021000089
A/C No. 36163143

**PLEASE SEE ATTACHED EXHIBITS**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief,

By: _____        Date: 28 Aug 2012
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment foe up to 5 years, or both 18 U.S C. §1152 & 3571.

1

Form 210B (12/09)

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**  Case No. 08-13555

## NOTICE OF TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No. 51636 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on August 27 2012.

**PANAGIOTIS BERLEMIS**  
Name of Alleged Transferor

**ILLIQUIDX LLP**  
Name of Transferee

Address of Alleged Transferor:

Address of Transferee:

**A.Lykourezos Law Offices**
**19, Dimokritou Street**
**Athens, 10673, Greece**
**Attn: Mr. Petros Machas**

**Illiquidx LLP**
**80 Fleet Street**
**London EC4Y 1EL**
**UK**

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                                                 _____
                                                               CLERK OF THE COURT

**EVIDENCE OF TRANSFER OF CLAIM**

**TRANSFER AGREEMENT**

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY</u>

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1.  For value received, the adequacy and sufficiency of which are hereby acknowledged, **Panagiotis Berlemis** ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to **Illiquidx LLP** (the "<u>Purchaser</u>"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in <u>Schedule 1</u> attached hereto (the "<u>Purchased Claim</u>"), in Seller's right, title and interest in and to the claim evidenced by the Proof of Claim Number **51636** filed by **Seller** (the "<u>Original Claimant</u>") (the "<u>Proof of Claim</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights, title and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim (including for clarity, all amounts distributed on or after August 9, 2012 (the "Trade Date") whether or not such date is before, on or after any record date with respect to an amount) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iia) except that Seller has filed civil claim no. 29376/2012 (the "<u>Excluded Claim</u>") against the National Bank of Greece before the Multi Member court of first Instance of Athens, in order to claim full damages for false representation of the bank during the sale of the Purchased Security (as defined below), Seller retains his right to the Excluded Claim and to all the damages that may be awarded pursuant to the Excluded Claim, and the Purchaser understands that it has no interest in the damages awarded from the outcome of the Excluded Claim and the sale of the Purchased Security gives Purchaser no right or entitlement to any of the damages awarded pursuant to the Excluded Claim, provided, that this exclusion relates solely to the Excluded Claim shall not in any way limit or affect Purchaser's rights in and to the Purchased Claim under the Proceedings and the Transferred Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claim and specified in Schedule 1 attached hereto, (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing, and (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "<u>Transferred Claims</u>"). For the avoidance of doubt, the Purchaser does not acquire any liabilities or obligations with respect to the Transferred Claims or the Seller or any prior seller.

2.  Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Programs Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, factoring agreements or encumbrances and all filings required to evidence Seller's title to the Transferred Claim have been duly and timely filed with the Court;  (d) Seller is duly authorized and empowered to execute and perform its

119-1000/AGR/3463225.2



obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) the Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsubordinated unsecured claims; (g) Seller has not received any Notice or Revised Notice of Proposed Allowed Claim Amount; (h) to the best of its knowledge, and based on the truth and accuracy of the representations and warranties given to Seller, there are no objections to the Transferred Claims and all documents provided to Purchaser by Seller are true, accurate and complete copies of such documents; (i) to the best of its knowledge, no distributions, proceeds, assets, cash or other amounts have been received by Seller or in respect of the Transferred Claims as of the date of this Agreement and Evidence of Transfer of Claim; and (j) the Purchased Claim is an allowed general unsecured claim against Debtor in an amount not less than $3,000,000.00.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the Proceedings, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e). Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from Seller's breach of Seller's representations, warranties covenants and agreements made herein.

5. Seller shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any notices, correspondence, payments, distributions or proceeds received by Seller in respect of the Transferred Claims after the date of this Agreement and Evidence of Transfer of Claim to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller (the date of such transfer, the "Settlement Date"). This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. From and after the Settlement Date, Seller shall act or omit to act with respect to the Transferred Claims solely to the extent reasonably directed by Purchaser.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any prior seller to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on Seller's part, causing any prior seller to deliver distributions and proceeds received by any prior seller and to act) and other actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim. Seller agrees that all distributions, amounts, proceeds, assets, cash and other property received by Seller or any prior seller on or after the Trade Date (whether or not such date is before, on or after any record date for such amounts) are for the account of Purchaser, and at the election of the Purchaser, (i) the Purchaser may net, set off and reduce the purchase price payable by it

2




and any other amounts owed by it in respect of the Transferred Claims against the distributions, assets, cash, property and amounts payable by Seller to it in respect of distributions, assets, cash, property and amounts received by Seller on and after the Trade Date, or (ii) the Seller shall pay such amounts received by Seller on or after the Trade Date in respect of the Transferred Claims to the account information provided to it by Purchaser on the date of this Agreement.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 28 day of August, 2012.

**PURCHASER**
**ILLIQUIDX LLP.**

By: _____
Name: Celestino Amore
Title: *Managing Partner*

80 Fleet Street
London EC4Y 1EL
UNITED KINGDOM

**SELLER**
**PANAGIOTIS BERLEMIS**

By: _____
Name:
Title:

A. Lykourezos Law Offices
19, Dimokritou Street
Athens 10673
GREECE

3

119-1000/AGR/3463225 2

## SCHEDULE 1

### Purchased Claim

100% being USD$3,000,000.00 of USD$3,000,000.00 (the allowed amount of the Proof of Claim as of August 28, 2012), plus all accrued interest fees and other recoveries due.

### Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/ Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) | Allowed Amount of Claim Transferred to Purchaser |
|---|---|---|---|---|---|---|---|---|---|
|  | XS0287119480 | CA04236 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | USD$3,000,000.00 |  |  | N/A | $3,000,000.00 |



Schedule 1-1

119-1000/AGR/3463225.2

| United States Bankruptcy Court/Southern District of New York  Lehman Brothers Holdings Claims Processing Center  c/o Epiq Bankruptcy Solutions, LLC  FDR Station, P.O. Box 5076  New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| In Re:  Lehman Brothers Holdings Inc., et al.,  Debtors. | Chapter 11  Case No. 08-13555 (JMP)  (Jointly Administered) | Filed: USBC - Southern District of New York  Lehman Brothers Holdings Inc., Et Al.  08-13555 (JMP)    0000051636 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

PANAGIOTIS BERLEMIS
A. LYKOUREZOS LAW OFFICES
19, DIMOKRITOU STR., ATHENS, 10673, GREECE
ATTN.: MR. PETROS MACHAS

Telephone number:   Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

**Name and address where payment should be sent (if different from above)**

AS ABOVE

Telephone number:   Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ 3,000,000.00   (Required)

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): XS0287119480   (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

CA 04236   (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number: 86136 NBG CLIENT
(Required)

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date:  OCT. 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  NATIONAL BANK OF GREECE  13, Amerikis str. 106 72 Athens - Greece | FOR COURT USE ONLY  **FILED / RECEIVED**  OCT 2 8 2009  EPIQ BANKRUPTCY SOLUTIONS, LLC |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571