Patrick L. Hayden
Shawn R. Fox
McGuireWoods LLP
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105-0106
Telephone: (212) 548-2100
Facsimile: (212) 548-2150
phayden@mcguirewoods.com
sfox@mcguirewoods.com

Counsel for Commonwealth of Virginia
Tobacco Settlement Financing Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                        :    Chapter 11 Case No.
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*                  :    08-13555 (JMP)
                                                             :
                             Debtors.                        :    (Jointly Administered)
                                                             :
------------------------------------------------------------ x

**RESPONSE OF COMMONWEALTH OF VIRGINIA TOBACCO**
**SETTLEMENT FINANCING CORPORATION TO DEBTORS'**
**ONE HUNDRED NINETY-FIRST OMNIBUS OBJECTION TO CLAIMS**
**(VALUED DERIVATIVE CLAIMS (CLAIM NOS. 17406 AND 17418))**

The Commonwealth of Virginia Tobacco Settlement Financing Corporation ("Virginia Tobacco"), by and through its undersigned counsel, hereby submits its response (the "Response") to the Debtors' One Hundred Ninety-First Omnibus Objection to Claims (Valued Derivative Claims) [Docket No. 19888] (the "Objection"). In support of this Response, Virginia Tobacco respectfully states as follows:

**BACKGROUND**

1. On May 3, 2007, Virginia Tobacco entered into a certain Reserve Fund Agreement (the "Reserve Fund Agreement") by and among Virginia Tobacco, The Bank

of New York Trust Company, N.A., as trustee, and Lehman Brothers Special Financing Inc. ("LBSF").

2. As required by the Reserve Fund Agreement, Lehman Brothers Holdings Inc. ("LBHI") guaranteed LBSF's obligations to Virginia Tobacco under the Reserve Fund Agreement pursuant to that certain Guarantee of Lehman Brothers Holdings Inc. dated May 3, 2007.

3. On September 15, 2008, LBHI filed a voluntary petition under chapter 11 of the Bankruptcy Code. On October 3, 2008, LBSF filed a voluntary petition under chapter 11 of the Bankruptcy Code. LBHI and LBSF's bankruptcy filings were events of default under the Reserve Fund Agreement. Due to these defaults, Virginia Tobacco terminated the Reserve Fund Agreement.

4. The termination amount, calculated in accordance with the terms of the Reserve Fund Agreement, is the amount of $35,952,062.50 (the "Termination Amount") owing from LBSF (and from LBHI as guarantor of LBSF's obligations under the Reserve Fund Agreement) to Virginia Tobacco. Virginia Tobacco's independent financial advisor calculated the Termination Amount, which calculation is supported by a termination valuation report prepared by Virginia Tobacco's independent financial advisor. The termination valuation report was provided to LBSF and LBHI in the Questionnaires (defined below).

5. Virginia Tobacco's determination of the Termination Amount owed under the Reserve Fund Agreement is "conclusive and binding" absent "manifest error." Reserve Fund Agreement, p. 5 (definition of Termination Amount).

2

6. On July 2, 2009, the Bankruptcy Court entered the Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "Bar Date Order").

7. Pursuant to the Bar Date Order, Virginia Tobacco filed proof of claim number 17418 against LBSF (the "Primary Claim") on account of the Reserve Fund Agreement, including the Termination Amount and certain unliquidated costs incurred by Virginia Tobacco, including legal fees. Pursuant to the Bar Date Order, Virginia Tobacco also filed proof of claim number 17406 against LBHI (the "Guarantee Claim," and with the Primary Claim, the "Proofs of Claim") on account of LBHI's guarantee of LBSF's obligations under the Reserve Fund Agreement.

8. Virginia Tobacco also submitted a derivative questionnaire with respect to the Primary Claim (the "Primary Claim Questionnaire") and a guarantee and derivative questionnaire with respect to the Guarantee Claim (the "Guarantee Claim Questionnaire" and, together with the Primary Claim Questionnaire, the "Questionnaires") all in accordance with the Bar Date Order.

9. Each of the Proofs of Claim and the Questionnaires were filed in advance of the deadlines for filing such documents set by the Bar Date Order and provided all of the necessary information to establish the validity of the Proofs of Claim under the Bar Date Order, the Questionnaire framework, and Federal Rule of Bankruptcy Procedure 3001.

10. On September 12, 2011, the Debtors filed the Objection seeking to reduce the amounts due on account of the Proofs of Claim to $2,718,179.71. The Debtors did not allege in the Objection that Virginia Tobacco's determination of the Termination

3

Amount was manifest error. Instead, the Debtors merely state, without providing any evidence, that "the amounts listed on the [Proofs of Claim] are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records." Objection ¶¶ 2 and 11. No further explanation of the Debtors' asserted reduction of the amount of the Proofs of Claim is made in the Objection.

11. Subsequent to the filing of the Objection, the Debtors and Virginia Tobacco had discussions regarding the Proofs of Claim. However, the Debtors and Virginia Tobacco have not resolved the Objection in regard to the Proofs of Claim.

12. By agreement, the Debtors extended Virginia Tobacco's time to respond to the Objection through August 31, 2012.

**RESPONSE**

13. A proof of claim filed in accordance with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") constitutes prima facie evidence of the validity of that proof of claim. Fed. R. Bankr. P. 3001(f); see In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009); In re Oneida, Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Alper Holdings USA, 2008 Bankr. LEXIS 86 at *9 (Bankr. S.D.N.Y. 2008); In re MarketXT Holdings Corp., 2007 Bankr. LEXIS 740 at *17 n.8 (Bankr. S.D.N.Y. 2007); In re Adelphia Communications Corp., 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

14. If a party in interest objects to a proof of claim, the burden is on that objector to produce sufficient evidence to overcome the prima facie validity of the filed

claim.  In re Alper Holdings USA, 2008 Bankr. LEXIS 86 at *9; In re Adelphia Communications Corp., 2007 Bankr. LEXIS 660 * 15.  The burden of proof regarding the validity and/or amount of a validly filed proof of claim only shifts to the claimant—in this case Virginia Tobacco—when the objector meets its burden of proof by providing sufficient evidence to overcome the prima facie validity of the proof of claim.  Id.  Thus, the burden rests on the objector to "bear[] the initial burden of persuasion" and to "offer[] sufficient evidence to overcome the prima facie validity of the claim."  Id.

15. The Debtors have not disputed that Virginia Tobacco filed the Proofs of Claim or the Questionnaires in accordance with Bar Date Order and the Bankruptcy Rules.  Virginia Tobacco provided extensive evidence in support of the validly filed Proofs of Claim in the exhibits thereto and in the Questionnaires.  Moreover, Virginia Tobacco determined the Termination Amount in accordance with the terms of the Reserve Fund Agreement and the Debtor has not asserted that there was manifest error in the determination of the Termination Amount.  Thus, the Proofs of Claim are prima facie valid and have been sufficiently asserted to support their allowance.

16. In direct contrast to the extensive evidence provided by Virginia Tobacco, the Debtors have failed to provide any evidence to support their Objection, establish manifest error in the calculation of the Termination Amount or to otherwise dispute the validity or amount of the Proofs of Claim.  Instead, the Debtors summarily state that the Proofs of Claim are asserted in an amount "greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records."  Objection ¶ 11.

17. An objector cannot meet its high burden of proof and persuasion to overcome the prima facie validity of a proof of claim by merely stating that the amount of the claim is improper. See In re Jensen, 2010 Bankr. LEXIS 229, *7-8 (Bankr. S.D.N.Y. 2010); see also DJK Residential, 416 B.R. at 104; Alper Holdings USA, 2008 Bankr. LEXIS 86 at *10. This is especially true in this case where the Bar Date Order and Questionnaire framework required extensive evidence far in excess of that generally required in a bankruptcy case to be submitted with the Proofs of Claim and Questionnaires. Moreover, the contract on which the Proofs of Claim are based requires a showing of manifest error in the determination of the Termination Amount for Virginia Tobacco's calculation of that amount to be altered.

18. The Debtors' unsubstantiated assertions and vague explanations of why the Proofs of Claim should be reduced are, therefore, wholly insufficient to overcome the Debtors' high burden of proof regarding the validity of the Proofs of Claim and nothing in the Objection provides a sufficient basis for the Court to reduce or disallow the Proofs of Claims or to shift the burden of proof regarding the Proofs of Claim to Virginia Tobacco. Accordingly, the Court should overrule the Objection.

19. Virginia Tobacco reserves all rights with respect to the Proofs of Claim under applicable law and procedural rules, including, without limitation, the right to amend or supplement this response, seek discovery and to request a full evidentiary hearing pursuant to Rule 9014(e) of the Federal Rules of Bankruptcy Procedure and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the proper amount of the Proofs of Claim.

## CONCLUSION

WHEREFORE, Virginia Tobacco respectfully requests that the Court (i) overrule the Objection as it pertains to the Proofs of Claim and allow the Proofs of Claim in full, and (ii) grant Virginia Tobacco such further relief as the Bankruptcy Court deems just and proper.

Dated:  August 30, 2012                McGUIREWOODS LLP

/s/Shawn R. Fox
Patrick L. Hayden
Shawn R. Fox
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105
Telephone:  (212) 548-2100
Facsimile:  (212) 548-2150

Attorneys for The Commonwealth of Virginia
Tobacco Settlement Financing Corporation

/33944648.3