B 210A (Form 210A) (12/09)

# United States Bankruptcy Court
# Southern District of New York

In re Lehman Brothers Holdings Inc., et al., Debtors.    Case No. 08-13555 (JMP)
(Jointly Administered)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| CITIGROUP FINANCIAL PRODUCTS INC. | SOLUS RECOVERY FUND OFFSHORE MASTER LP |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Court Claim # (if known): 28104
Amount of Claim Transferred: $14,788,920.00 (as allowed)
Date Claim Filed: 9/22/09
Debtor: Lehman Brothers Special Financing Inc.

Attn:

Citigroup Financial Markets Inc.
390 Greenwich Street, 4th Floor
New York, New York 10013
Attention: Brian Broyles

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

CITIGROUP FINANCIAL PRODUCTS INC.

By: _____  Scott R. Evan, Authorized Signatory        Date: August 28, 2012
Name of Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Acknowledged and Agreed:

By: _____        Date: _____
Name of Transferor/Transferor's Agent

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

CITIGROUP FINANCIAL PRODUCTS INC.

By: _____          Date: _____
    Name of Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Acknowledged and Agreed:

By: _____          Date: August 28, 2012
    Name of Transferor/Transferor's Agent

Christopher Bondy
Executive Vice President

22

EVIDENCE OF PARTIAL TRANSFER OF CLAIM

TO    United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")
Attn Clerk

AND TO    Lehman Brothers Special Financing Inc (the "Debtor")
Case No 08-13555 (JMP) (Jointly Administered) (the 'Case")

Proof of Claim Number 28104

**SOLUS RECOVERY FUND OFFSHORE MASTER LP** and its successors and assigns ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned unto

**CITIGROUP FINANCIAL PRODUCTS INC.**

and its successors and assigns ("Buyer"), all right, title and interest in and to Proof of Claim Number 28104, solely to the extent of $14,788,920 00 (the "Claim") against Debtor in the Case in the Bankruptcy Court, or any other court with jurisdiction over the bankruptcy proceedings of the Debtor

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law Seller acknowledges and understands, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Claim and recognizing the Buyer as the sole owner and holder of the Claim

You are hereby directed to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to Buyer

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Partial Transfer of Claim by its duly authorized representative dated _August 28_, 2012

| CITIGROUP FINANCIAL PRODUCTS INC. | SOLUS RECOVERY FUND OFFSHORE MASTER LP |
|---|---|
| | By  Solus Alternative Asset Management LP |
| | Its Investment Advisor |
| By _/s/ Scott R. Evan_ | By _____ |
| Name  **Scott R. Evan** | Name |
| Title  Authorized Signatory | Title |

23

| United States Bankruptcy Court/Southern District of New York | | PROOF OF CLAIM |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | |
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000028104 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Special Financing Inc. | Case No. of Debtor<br>08-13888 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Goldman Sachs International
Peterborough Court
133 Fleet Street
London EC4A 2BB

with a copy to:
Cleary Gottlieb Steen & Hamilton LLP
Attention: Seth Grosshandler, Esq.
One Liberty Plaza
New York, NY 10006

Telephone number: +44 20 7774 1000  Email Address: John.Tribolati@gs.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

**Name and address where payment should be sent (if different from above)**

Please see attached for account and wire details.

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:       Email Address:

NOTICE OF SCHEDULED CLAIM:
Your Claim is scheduled by the indicated Debtor as:

1. **Amount of Claim as of Date Case Filed:** $ Please see attached.
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Please see attached.
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 2171
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____  Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____  Basis for perfection: _____
Amount of Secured Claim: $_____  Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**
$_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

FOR COURT USE ONLY
**FILED / RECEIVED**

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 9-17-09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

John H. Tribolati, Managing Director

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| Case No. | Debtor | Case No. | Debtor |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
**Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

## ATTACHMENT TO PROOF OF CLAIM FORM
## OF GOLDMAN SACHS INTERNATIONAL

This proof of claim (the "Claim") is submitted by Goldman Sachs International, a company duly organized and existing under the laws of England and Wales ("GSI"), which maintains an office at Peterborough Court, 133 Fleet Street, London EC4A 2BB. This attachment is incorporated into the proof of claim form to which it is attached.

As more specifically described below, GSI hereby asserts a claim against Lehman Brothers Special Financing Inc. ("LBSF") in an amount not less than $999,304,164.16, arising pursuant to the terms and conditions of an ISDA Master Agreement between GSI and LBSF.

I.  Background

On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Thereafter, 18 additional affiliates of LBHI (collectively, the "Debtors") also filed petitions for relief under chapter 11 of the Bankruptcy Code, including LBSF, which filed its petition on October 3, 2008 (such date, the "Petition Date") [D.I. 1 in Case No. 08-13888 (JMP)]. LBSF's chapter 11 proceeding is being jointly administered together with the other Debtors under case number 08-13555 (JMP) [D.I. 28 in Case No. 08-13888 (JMP)].

On July 2, 2009, the Bankruptcy Court entered an Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order") [D.I. 4271 in Case No. 08-13555 (JMP)]. Pursuant to the Bar Date Order, the Bankruptcy Court set September 22, 2009 at 5:00 p.m. as the bar date (the "Bar Date") for each person or entity to file proofs of claim based on pre-petition claims

against LBSF, with certain specific exceptions as provided for in the Bar Date Order. In addition, the Bar Date Order provides that on or before October 22, 2009 at 5:00 pm (the "Questionnaire Deadline") holders of claims based on amounts owed pursuant to Derivative Contracts or Guarantees (each as defined in the Bar Date Order) must complete the electronic Derivative Questionnaire or Guarantee Questionnaire, as applicable, and electronically upload supporting documentation to a website maintained by Epiq Bankruptcy Solutions, LLC (the "Website") rather than attach such documents to the proof of claim.

Through this Claim, GSI asserts claims for amounts owed by LBSF to GSI pursuant to Derivative Contracts. In accordance with the Bar Date Order, GSI will complete the Derivative Questionnaire as well as electronically upload supporting documentation to the Website by the Questionnaire Deadline.

II.     The Claim

GSI hereby asserts a claim against LBSF arising pursuant to the terms and conditions of the 1992 ISDA Master Agreement (Multicurrency – Cross Border) between GSI and LBSF dated as of February 4, 2003, along with a related Credit Support Annex to the ISDA Master Agreement dated as of the same date and a related Close Out Amount Multilateral Agreement dated August 29, 2008 among GSI, LBSF and other parties (collectively, and together with all schedules and confirmations thereto, and as the same have been amended, supplemented and otherwise modified, the "ISDA Master"). The ISDA Master is subject to one or more of the "safe harbor" provisions of the Bankruptcy Code. See, e.g., 11 U.S.C. §§ 362(b), 546, 553, 555, 556, 559, 560, 561 and 562.

As set forth in the Notice of Event of Default under ISDA Master Agreement dated September 15, 2008, as a result of the commencement of the LBHI bankruptcy proceeding,

an Event of Default occurred with respect to LBSF's Credit Support Provider (as defined in the ISDA Master) under Section 5(a)(vii) of the ISDA Master, and GSI designated September 15, 2008 as the Early Termination Date (as defined in the ISDA Master) in respect of all outstanding Transactions.

As detailed in the statement under Section 6(d) of the ISDA Master to be dated September 22, 2009 and to be delivered on such date (including the exhibits attached thereto, the "Calculation Statement"), GSI determined that pursuant to the provisions of the ISDA Master, LBSF owes GSI at least $999,304,164.16 (the "Termination Amount"). GSI hereby asserts an unsecured claim against LBSF for the Termination Amount under the ISDA Master (subject to any right to set-off that might arise from claims that LBSF may assert or has asserted against GSI or otherwise).

As described in the Calculation Statement, GSI and LBSF were parties to over 20,000 Transactions under the ISDA Master with an aggregate notional amount of approximately $265 billion as of the Early Termination Date, covering a variety of transaction types. Beginning on the Early Termination Date, GSI followed a number of procedures to determine the replacement cost associated with the termination of the Terminated Transactions (as defined in the ISDA Master) and determine Close-out Amounts (as defined in the ISDA Master) in accordance with the provisions of the ISDA Master. GSI's efforts in this regard utilized information from a number of sources, including without limitation (i) prices at which transactions were executed that exactly replaced Terminated Transactions (though instances of exact replacement trades were few), (ii) firm quotations and/or indicative quotations from dealers for transactions that would replace all or a portion of Terminated Transactions, or that would replace the material economic substance of all or a portion of Terminated Transactions, (iii)

market prices as reflected in "screen shots" for commonly executed trades and indices, or as reported by leading third-party market sources, pricing services, broker surveys and other similar sources, and (iv) GSI proprietary models used in the normal course of its business trading in the relevant markets. The market data yielded by the sources described above were utilized to determine, as of the Early Termination Date (or, in certain cases where a variety of factors made determinations on the Early Termination Date unreasonable or impracticable, in almost every case within two business days after the Early Termination Date) the cost of replacing the material economic terms of such Transactions, as further described below.

The definition of Close-out Amount in the ISDA Master permits GSI, as Determining Party (as defined in the ISDA Master), to determine the Close-out Amount based on the cost it would incur by replacing each Terminated Transaction. The replacement cost to GSI necessarily includes the difference between the mid-market value of the transaction and either the bid price or the offer price, depending on GSI's side of the market. Applying a bid or offer spread to the mid-market value of each Terminated Transaction on a trade-by-trade basis is a measurement of replacement cost that is permitted by the ISDA Master.

In some cases, however, rather than applying a bid or offer spread to each individual Transaction, GSI determined that replacement cost should be based on the netted bid offer amounts in order to produce a commercially reasonable result. That is, GSI netted out or eliminated bid offer spreads on pairs or groups of Terminated Transactions where the underlying risks offset each other, in whole or in part. Thus it has not included the full replacement cost for each such Transaction; rather, GSI first determined the net risk remaining after such offset based on the mid-market values of the netted transactions, and then calculated the cost of replacing that

4

net risk from its side of the market. For Terminated Transactions that were not offset by others, full replacement cost has been included in the calculation.

The effect of this netting was to significantly reduce the amount of bid-offer spread included in the aggregate cost of replacing the Terminated Transactions, which in turn reduced the amount payable by LBSF to GSI (exclusive of interest and expenses) from the approximate $1.5 billion that would have been payable by LBSF if calculated on a Transaction by Transaction basis, to $997,165,410.27.

Both the application of the contractual netting provisions described above and the exercise of contractual rights under a security agreement or arrangement or other credit enhancement forming a part of or related to the ISDA Master are consistent with and protected by applicable law, including the Bankruptcy Code; nevertheless, should it be determined that such netting or exercise of contractual rights was not effective for any reason, as a precaution GSI hereby asserts, in the alternative, a contingent secured claim for any gross amounts owed by LBSF pursuant to the terms and conditions of the ISDA Master. This alternative contingent claim would be secured by GSI's right to net, recoup, offset and/or apply collateral or credit support as well as any other amounts owed to LBSF under the ISDA Master.[1]

Under Section 6(d)(ii) of the ISDA Master, GSI is entitled to interest on the Termination Amount (exclusive of expenses) commencing on September 15, 2008 through the date of payment of the Termination Amount.[2] Furthermore, under Section 11 of the ISDA Master, GSI is entitled to indemnification of its reasonable out-of-pocket expenses, including,

---

[1] As detailed in the Calculation Statement, the amount of posted collateral was $204,950,000.00. As noted in the Calculation Statement, this amount of posted collateral might not include accrued interest from a short period prior to the Early Termination Date; in such event, the amount of posted collateral (and the Termination Amount) will be updated in the Derivative Questionnaire.

[2] As detailed in the Calculation Statement, interest in the amount of $1,859,167.00 had accrued as of the Petition Date. Interest has continued to accrue through the date hereof and will continue to accrue through the date of payment of the Termination Amount.

without limitation, legal fees and expenses and other costs of collection, by reason of the enforcement or protection of its rights under the ISDA Master.[3] GSI makes a claim under the ISDA Master for all such amounts. Because such amounts continue to accrue, the precise amount of interest, costs and expenses cannot be calculated at this time. GSI reserves the right to supplement this Claim with respect to such amounts.

III. <u>Miscellaneous</u>

GSI reserves the right to withdraw, amend, clarify, modify or supplement this Claim, to assert additional claims (including, without limitation, additional administrative expense claims (including, without limitation, misdirected wires and claims arising from postpetition contracts, activity, torts, etc. of LBSF), claims for which a bar date has not yet been set, secured claims and/or general unsecured claims) and/or to assert additional grounds for its claims against LBSF. GSI also reserves all rights accruing to it or its affiliates against LBSF or its estate, and the submission of this Claim is not intended to be and shall not be construed as (a) an election of remedy or (b) a waiver or limitation of any rights of GSI or its affiliates. In addition, GSI reserves the right to supplement this Claim with relevant documents to the extent necessary. Furthermore, GSI reserves the right to withdraw this Claim for any reason whatsoever. GSI reserves all rights and remedies against affiliates of LBSF or any other third parties.

This Claim shall not be deemed to be a waiver of GSI's right (i) to have final orders in noncore matters entered only after *de novo* review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases (to the extent such right has not otherwise been waived), (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or

---

[3] As detailed in the Calculation Statement, GSI has incurred at least $279,586.89 of such out-of-pocket expenses.

In re Lehman Brothers Special Financing Inc., Case No. 08-13888 (JMP)

(iv) to any other rights, claims, actions, defenses, setoffs or recoupments to which GSI is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses, setoffs and recoupments GSI expressly reserves. To the extent that LBSF has made or makes any claims against GSI, GSI reserves its set-off rights, such that all or part of the Claim may be secured to the extent of such set-off rights.

Any notices sent in connection with the Claim should be addressed to GSI at the address below:

> Goldman Sachs International
> Peterborough Court
> 133 Fleet Street
> London EC4A 2BB
> Attn:   John Tribolati
> Attn:   Caroline Carr
>
> and
>
> Cleary Gottlieb Steen & Hamilton LLP
> One Liberty Plaza
> New York, NY 10006
> Attn:   Seth Grosshandler, Esq.

The information with respect to the account where any payment to GSI in respect of this Claim should be made is as follows:

> ABA No:        021000089
>
> Bank Name:     Citibank
>
> City:          New York
>
> A/C #:         40616408
>
> Entity Name:   Goldman Sachs International

HAND DELIVERY

RECEIVED BY: NK

DATE: FILED / RECEIVED SEP 2 2 2009 EPIQ BANKRUPTCY SOLUTIONS, LLC

TIME: 3:40