# United States Bankruptcy Court
## Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>   Case No. <u>08-13555 (JMP) (Jointly Administered)</u>

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CERTAIN CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P. of the transfers, other than for security, of the claims referenced in this evidence and notice.

<u>Chenavari Financial Advisors Ltd</u>
Name of Transferee

<u>Stichting The IAMEX Value Foundation</u>
Name of Transferor

Name and Address where notices to transferee should be sent:

**Guilhem Goyard**
**Managing Director**
**14 Grosvenor Crescent**
**London SW1X 7EE**
**UNITED KINGDOM**
Phone: +44-207-259-3611
Email: Guilhem.goyard@chenavari.com

Court Claim Nos. and Amount of Claims Transferred:

As more fully set forth on the attached Agreement and Evidence of Transfer of Claim – Lehman Program Security, 100% of the allowed Court Claim amounts, plus all accrued interest, fees and other recoveries due thereon.

Phone:
Last Four Digits of Acct. #: _____

Last Four Digits of Acct. #: _____

119-1390/COURT/3541830.1

# United States Bankruptcy Court
## Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>    Case No. <u>08-13555 (JMP) (Jointly Administered)</u>

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

The aforementioned Claims were filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the Clerk's office of this court on          .

| Stichting The IAMEX Value Foundation<br>Name of Alleged Transferor<br><br>Address of Alleged Transferor:<br><br>Keizersgracht 268<br>1016 EV<br>Amsterdam<br>The Netherlands | Chenavari Financial Advisors Ltd<br>Name of Transferee<br><br>Address of Transferee:<br><br>14 Grosvenor Crescent<br>London SW1X 7EE<br>UNITED KINGDOM<br>Phone: +44-207-259-3611<br>Email: Guilhem.goyard@chenavari.com |
|---|---|

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By___Gui Goyard___  *[signature]*    Date: August 28, 2012
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

_____
CLERK OF THE COURT

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Stichting The IAMEX Value Foundation** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Chenavari Financial Advisors Ltd** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **36995 / 52154 / 52641 / 53363 / 63068** filed by or on behalf of **Seller or Seller's predecessor in interest** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) for any Transferred Claims that have not received the initial Distribution (as defined in the Debtors' Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated December 5, 2011 (the "Plan")) made on or about April 17, 2012 (the "Initial Distribution"), distributions on the Transferred Claims will be made on the next scheduled distribution date under the Plan, in the same percent per dollar, in the aggregate as of such distribution date, as has been received by holders of Allowed LBHI Class 5 Claims (as such terms are defined in the Plan) generally.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller

transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. If Purchaser receives any payments or distributions from the Debtor which are designated as distributions in respect of the Initial Distribution in the Proceedings, Purchaser shall deliver such payments to Seller upon receipt; provided however, that Purchaser shall have no liability or obligation whatsoever in the event it does not receive all or any part of such distributions or payments.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of August 2012.

(SELLER)
Stichting The IAMEX Value Foundation

By: _____
Name: JUKKA HELANTO
Title: DIRECTOR

Keizersgracht 268
1016 EV AMSTERDAM
THE NETHERLANDS

(PURCHASER)
Chenavari Financial Advisors Ltd

By: _____
Name: GUILHEM GOYARD
Title: DIRECTOR

14 Grosvenor Crescent
London SW1X 7EE
UNITED KINGDOM

Schedule 1

Purchased Claim

Transferred Claims

To the extent of the ISIN/CUSIP's listed below, 100% of each claim under Proof of Claim numbers **36995 / 52154 / 52641 / 53363 / 63068** which amount totals an allowed amount of USD 486,223.45 plus all accrued interest, fees and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Claim Number | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | | Coupon | Maturity | Allowed Amount of Proof of Claim with respect to the ISIN/CUSIP | |
|---|---|---|---|---|---|---|---|---|---|
| 36995 | XS0218304458 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR | 100,000.00 | N/A | 17 May 2035 | USD | 145,141.33 |
| 52154 | XS0218304458 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR | 50,000.00 | N/A | 17 May 2035 | USD | 72,570.66 |
| 52641 | XS0218304458 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR | 60,000.00 | N/A | 17 May 2035 | USD | 87,084.80 |
| 53363 | XS0218304458 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR | 75,000.00 | N/A | 17 May 2035 | USD | 108,856.00 |
| 63068 | XS0218304458 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR | 50,000.00 | N/A | 17 May 2035 | USD | 72,570.66 |

Schedule 1-1