**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Lorraine S. McGowen, Esquire
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

ATTORNEYS FOR TRANSFEROR
CREDITO EMILIANO SPA, as Agent

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| LEHMAN BROTHERS HOLDINGS INC., et al., ) | Case No. 08-13555 (JMP) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR
SECURITY PURSUANT TO FED. R. BANKR. P. 3001(e)(2)

A CLAIM HAS BEEN FILED IN THIS CASE by Credito Emiliano SPA, as agent ("Credito Emiliano" or "Transferor") against Lehman Brothers Holdings Inc. (the "Debtor, which has been designated as claim no. 62892 (the "Claim"). Transferor hereby gives notice, pursuant to Fed. R. Bankr. P. 3001(E)(2), of the transfer, other than for security) an undivided interest in the amount of USD 48,113,04 indicated in Schedule 1 attached to the Evidence of Transfer (as defined below), in Seller's right, title and interest in and to the security identified by ISIN code XS0200284247 held by Transferor on behalf of one or more of its customers. A copy of the evidence of transfer of claim (the "Evidence of Transfer") is attached hereto as Exhibit "A" and is incorporated herein by this reference.

**Name of Assignee**: Credito Cooperativo Reggiano Soc. Coop., as Agent,

Name and Address Where
   Notices to Assignee Should be Sent:
   42030 S.Giovanni di Querciola Viano RE
   Italy
     Attn: Mazzi Giovanni

**Name of Transferor**: Credito Emiliano SPA, as agent

      The Transferor has waived its right, pursuant to Fed. R. Bankr. P. 3001(E)(2), to receive from the Clerk of the Court notice of the filing of the Evidence of Transfer and its right to object to such transfer within the twenty (20) day period. The Transferor has stipulated that: (i) an order may be entered recognizing the transfer of the transferred portion as an unconditional transfer; and (ii) the Assignee is the valid owner of the Transferred Portion.

Dated: New York, New York
       August 31, 2012

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: /s/ *Lorraine S. McGowen*
   Lorraine S. McGowen, Esquire
   51 West 52nd Street
   New York, NY 10019-6142
   Telephone: (212) 506-5000
   Facsimile: (212) 506-5151

ATTORNEYS FOR TRANSFEROR
CREDITO EMILIANO SPA, as Agent

AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **CREDITO EMILIANO SPA**, as agent ("**Seller**"), acting on behalf of one or more of its customers, hereby unconditionally and irrevocably sells, transfers and assigns to **Credito Cooperativo Reggiano Soc. Coop.** (the "**Purchaser**"), acting on behalf of one or more of its customers (together with its customers, the "**Purchaser**"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest to the extent of the nominal amount of USD 48,113,04 indicated in Schedule 1 attached hereto, in Seller's right, title and interest in and to the security identified by ISIN code XS0200284247 (the "**Purchased Claim**") in Seller's proof of claim filed on 11/02/2009, on behalf of Customer, among others, having Claim Number **62892** (the "**Proof of Claim**") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "**Proceedings**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), administered under Case No. 08-13555 (JMP) (the "**Debtor**"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "**Bankruptcy Code**")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "**Transferred Claims**"), and (d) the security or securities (any such security, a "**Purchased Security**") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller has delivered to Purchaser a true and correct copy of (i) the Notice of Proposed Allowed Claim Amount], dated 10/29/2009 (the "**First Notice**"), and (ii) the Revised Notice of Proposed Allowed Claim Amount dated 10/14/2011 (the "**Revised Notice**"), each of which relates to the Proof of Claim, and as of the date hereof, Seller has not received any additional revised Notice of Proposed Allowed Claim Amount; (h) there are no objections to the Transferred Claims; and (i) Seller, on behalf of itself and



OHSEUROPE:550952201.4

1

    on behalf of the Client, has duly and validly submitted to the Debtor's claims agent, Epiq Bankruptcy Solutions, LLC an accurate and appropriate Inland Revenue Service tax form and OFAC certification with respect to the Transferred Claims in accordance with the procedures set out at http://dm.epiq11.com/LBH/Project/default.aspx on 12/06/2011 (a screenshot of the web page is attached in Schedule hereto).

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Customer hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any prior seller to execute and deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this day of 29 August 2012.

CREDITO EMILIANO SPA
By: _____

Credito Cooperativo Reggiano Soc. Coop.
By: _____

2

OHSEUROPE:550952201.4

Name: Giorgio Ferrari
Title: Chairman of the board
Via Emilia San Pietro, n.4
42121 Reggio Emilia, Italy

Attn. Efisio Bertrand

Phone 0039 0522 582
Fax 0039 0522 583129
e-mail ebertrand@credem.it

Name: Emmore Canelli
Title: Chairman of the board
Via Prediera 2/A
42030 S.Giovanni di Querciola Viano RE
Italy
Attn. Mazzi Giovanni

Phone 0039 0522 764702
Fax 0039 0522 859371
e-mail servizioamministrativo@ccr.bcc.it



3

OHSEUROPE:550952201.4

Schedule 1

Transferred Claims

Purchased Claim

0,406358 % of XS0200284247 EUR = USD 49,552.81 of USD 12,194,364.40 (i.e. the outstanding amount of XS0200284247 as described in the Proof of Claim dated 29 October, 2009 and filed on 02 November, 2009),

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/ CUSIP | Issuer | Guarantor | Principal/ Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| LEHMAN BROTHERS TREAS.BV 7%/LINKED 22.09.2004/2014 EUR | XS0200284247 | LEHMAN BROTHERS TREASURY BV | Lehman Brothers Holdings Inc. | EUR 34,000.00 (equivalent to USD 48,113.40) | 09/22/2014 | EUR 35,017.18 (equivalent to USD 49,552.81) |

_____
CREDITO EMILIANO SPA

_____
CREDITO COOP. REGGIANO

4

OHSEUROPE:550952201.4