**WHITE AND WILLIAMS LLP**
Sedgwick M. Jeanite, Esquire
One Penn Plaza, Suite 4110
New York, N.Y. 10119
Telephone: (212) 631-4413
Facsimile: (212) 244-6200
Email: jeanites@whiteandwilliams.com

*Attorneys for Marsh USA Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **In re:** | **CHAPTER 11** |
| **LEHMAN BROTHERS HOLDINGS, INC.,** *et al.,* | **CASE NO. 08-13555** |
| **Debtors.** | **(Jointly Administered)** |

**RESPONSE OF MARSH USA INC. TO**
**THREE HUNDRED TWENTY-FOURTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

Marsh USA Inc. (**"Marsh"**), by its attorneys, responds to the Three Hundred Twenty-Fourth Omnibus Objection to Claims (No Liability Claims) (the **"Objection"**), as follows:

**Background**

1.    Commencing on September 15, 2008, Lehman Brothers Holdings Inc. (**"LBHI"**) and certain of its subsidiaries (collectively with LBHI, **"Debtors"**) filed voluntary cases for relief under Chapter 11 of the Bankruptcy Code.

2.    Both before and during Debtors' Chapter 11 cases, Marsh provided insurance placement services to LBHI and possibly other Debtors. Marsh and LBHI entered into certain Client Service Agreements pursuant to which LBHI engaged Marsh as its risk management

9837103v.4

advisor and consultant and insurance broker.

3.      On August 17, 2009, Marsh filed a proof of claim against Debtors, recorded as

Claim No. 8537, in the amount of $1,386,002.21 (the **"Marsh Claim"**).  A copy of the Marsh

Claim is attached as Exhibit "A" hereto.  As reflected in the Marsh Claim, the $1,386,002.21

total is comprised of $1,330,686.22 for insurance premiums (including without limitation certain

audit and additional premiums) and $55,315.99 for Marsh's commissions and fees.  The Marsh

Claim arises in connection with the following insurance policies for which Marsh acted as

broker: (a) American Home Assurance Co. Policy Nos. RMWC3322371, RMWC2981226,

6610484, and 5898565; (b) Lexington Insurance Co. Policy No. 7478061; (c) Liberty Insurance

Underwriter's Inc. Policy No. 4N459851001; (d) Arch Insurance Co. Policy No.

CAR001617300; (e) Lloyd's of London Policy No. JC726007; and (f) Great American Insurance

Co. Policy No. 5231293 (collectively, the **"Policies"**).  American Home Assurance Co.,

Lexington Insurance Co., Liberty Insurance Underwriter's Inc., Arch Insurance Co., Lloyd's of

London, and Great American Insurance Co. are collectively referred to as the **"Insurance

Companies"** hereinafter.

4.      On or about July 9, 2012, Debtors filed the Objection, alleging that (1) Marsh "is

not the proper party to collect amounts allegedly due under the relevant insurance contracts" and

(2) "the Insurance Companies have filed claims against LBHI asserting that they are owed more

than $1 million pursuant to the same contracts that are the subject of this claim."  *See* Objection

– Exhibit A at 15.

## Response to Objection

5.      A properly filed proof of claim constitutes *prima facie* evidence of the validity

and amount of the claim.  *See* Rule 3001(f) of the Federal Rules of Bankruptcy Procedure.

Accordingly, a party objecting to a claim must present *affirmative* evidence to overcome the

- 2 -

presumption of validity. *See In re Allegheny International, Inc.*, 954 F.2d 167, 176 (3d Cir. 1992) (holding that burden shifts to objector to produce sufficient evidence to negate the *prima facie* validity of the filed claim); *In re Sterling Packaging Corp.*, 265 B.R. 701 (Bankr. W.D. Pa. 2001); *In re Planet Hollywood Int'l*, 247 B.R. 391, 394 (D. Del. 2001). "[A] party objecting to a claim has the initial burden of presenting a substantial factual basis to overcome the *prima facie* validity of a proof of claim [and] [t]his evidence must be a probative force equal to that of the creditor's proof of claim." *In re Hinkley*, 58 B.R. 339, 348 (Bankr. S.D. Tex. 1986), *aff'd*, 89 B.R. 608, *aff'd*, 879 F.2d 859; *see also In re Lewis*, 80 B.R. 39, 40 (E.D. Pa. 1987) (*citing* 3 Collier of Bankruptcy, ¶ 502.02 (15th ed. 1987)). "[T]o overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000).

A.    **The Insurance Companies' Proofs of Claim**

6.    Although the Objection does not specify which Insurance Companies' proofs of claim Debtors allege duplicate the Marsh Claim, Debtors have subsequently directed Marsh to two (2) proofs of claim: (a) Chartis, Inc.'s proof of claim no. 31894 (the **"Chartis Claim"**) and (b) Arch Insurance Co.'s proof of claim no. 32280 (the **"Arch Claim"**). The Chartis Claim lists the four (4) American Home Assurance Co. Policies and the one (1) Lexington Insurance Co. Policy identified in the Marsh Claim. Based upon Debtors' representation that the premiums associated with the Policies issued by American Home Assurance Co., Lexington Insurance Co., and Arch Insurance Co. are already subsumed within the Chartis Claim and the Arch Claim respectively, and confirmation received from Chartis, Inc. to this effect, Marsh is willing to withdraw its request for allowance of such premiums.

- 3 -

**B.    Marsh's Standing to Collect the Non-Duplicate Premiums, Commissions and Fees**

7.    However, the Objection offers no basis whatsoever for the proposition that Marsh is not the proper party to collect the other $307,234.12 in premiums and $55,315.99 in commissions and fees that are requested in the Marsh Claim.  It is common in the insurance industry for insurance brokers to collect premiums from the insured, retain the commission payable to it, when applicable, and then remit the balance to the carrier.  Here, the Client Service Agreements entered into between Marsh and LBHI contemplated, among other things, that Marsh would "provide [LBHI] with detailed invoices, except in the case of direct billing by insurers" and "[r]emit premiums to insurers and taxes and fees to the relevant authorities on a timely basis, following receipt thereof from [LBHI]."  Likewise, Marsh's broker agreements with the Insurance Companies routinely delegated to Marsh the responsibility for collecting and remitting premiums.  Copies of the invoices prepared by Marsh and submitted to LBHI in accordance with these procedures are attached to the Marsh Claim.  As such, some of the Insurance Companies may have refrained from filing their own proofs of claim in reliance upon the Marsh Claim.

8.    At the inception of their bankruptcy cases, Debtors represented to the Court in Debtors' Motion Pursuant to Sections 105(a), 362(d), 363(b) and 503(b) of the Bankruptcy Code and Bankruptcy Rules 4001, 6003 and 6004 Seeking Authority to (A)(I) Continue the Debtor's Workers' Compensation Programs and Its Liability, Property, and Other Insurance Programs and (II) Pay All Prepetition Obligations in Respect Thereof, and (B) Schedule a Final Hearing [Docket No. 470] (the **"Insurance Motion"**) that Debtors pay premiums for Liability and Property Insurance Programs (as that term is defined in the Insurance Motion) "directly to the Insurance Carriers *or any applicable broker*" and that in connection with their General Liability

- 4 -

Policy (as that term is defined in the Insurance Motion), "Debtors paid an annual premium of

approximately $380,000 directly to AIG *via Marsh* ...." *See* Insurance Motion ¶¶ 24-25

(emphasis added). Debtors further represented with respect to insurance brokers:

> The Debtors employ various insurance brokers to assist them with the
> procurement and negotiations of their Insurance Programs and the processing of
> claims, *and, in certain circumstances, to remit payment to the Insurance Carriers
> on behalf of the Debtors*. The brokers are paid a fee by the Debtors or a
> commission by the Insurance Carriers or a combination of both.

Insurance Motion ¶ 32 (emphasis added). Accordingly, Debtors have previously acknowledged

that as a normal part of their insurance programs, premiums are remitted to brokers (specifically

including Marsh), who then distribute the premiums to the applicable insurance carriers.

Indeed, Debtors obtained Bankruptcy Court permission to continue this practice.

    9.    Debtors have offered no factual basis to refute the *prima facie* validity of the

Marsh Claim or to support the proposition that Marsh is not the proper party to collect the

premiums. To the extent that the Insurance Companies have not filed their own proofs of claim,

allowance of the Marsh Claim in the amount of $362,550.11 will ensure that the Insurance

Companies receive any payments to which they are entitled via Marsh and that Marsh receives the

commissions and other fees to which it is entitled in connection with the Policies.

    WHEREFORE, Marsh respectfully requests that this Court (i) allow the Marsh Claim in

the amount of $362,550.11; and (ii) grant such other and further relief as is just.

Dated: September 7, 2012         **WHITE AND WILLIAMS LLP**
      New York, New York

                By:   /s/ Sedgwick M. Jeanite
                    Sedgwick M. Jeanite, Esq.
                    One Penn Plaza, Suite 4110
                    New York, N.Y. 10119
                    Telephone: (212) 631-4413
                    Facsimile: (212) 244-6200
                    Email: jeanites@whiteandwilliams.com

and

James S. Yoder, Esq.
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Telephone: (302) 654-0424
Facsimile: (302) 654-0245
Email: yoderj@whiteandwilliams.com
(To be admitted pro hac vice)

and

Amy E. Vulpio, Esq.
1650 Market Street, 18th Floor
Philadelphia, PA  19103
Telephone: (215) 864-7000
Facsimile: (215) 864-7123
Email: vulpioa@whiteandwilliams.com
(To be admitted pro hac vice)

*Attorneys for Marsh USA Inc.*

9837103v.4

**EXHIBIT "A"**

| **United States Bankruptcy Court/Southern District of New York**<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>'FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |
|---|---|

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)       0000008537 |
|---|---|---|
| Name of Debtor Against Which Claim is Held<br>**Lehman Brothers Holdings Inc.** | Case No. of Debtor<br>08-13555 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor:<br><br>Marsh USA Inc.<br>Craig Padover, 11th Floor<br>121 River Street<br>Hoboken, NJ 07030<br><br>Telephone number: 201-284-6098   Email Address: *craig.padover@ marsh.com* | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:**<br>(If known)<br><br>Filed on: _____ | |
|---|---|---|
| Name and address where payment should be sent (if different from above)<br><br>(same as above)<br><br>Telephone number:   Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. | |

1. **Amount of Claim as of Date Case Filed:** $ 1,386,002.21

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C.§ 503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.*

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Services performed for insurance placement and insurance provided
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 3564
   **3a.** Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ 0
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**FOR COURT USE ONLY**

**FILED / RECEIVED**
AUG 17 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date:<br><br>8/14/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Craig Padover* – Craig Padover, Vice President | |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## CERTIFICATE OF INCUMBENCY

I, Alexandra von Ferstel, Assistant Secretary of Marsh USA Inc., a Delaware corporation (the "Corporation"), hereby certify that Craig Padover is a duly elected Vice President of the Corporation and has authority to sign documents on behalf of the Corporation.

IN WITNESS WHEREOF, I have hereunto set my hand and the seal of the Corporation this 3rd day of February, 2009.

Name: Alexandra von Ferstel
Title: Assistant Secretary

(Corporate Seal)

State of New York        )

County of New York      )

On this 3rd day of February, 2009, before me personally came Alexandra von Ferstel, known to me to be the Assistant Secretary of the Corporation, who acknowledged to me that she executed the foregoing instrument.

Notary Public

SANDRA DAVENPORT
Notary Public. State of New York
No. 01DA6139698
Qualified in Queens County
Certified in New York County
Commission Expires January 17, 20 10

**Lehman Brothers Holdings Inc.**
**Case No.: 08-13555**
**Proof of Claim dated 08/14/09**
**Marsh USA. Inc.**

TO THE EXTENT THIS CLAIM INCLUDES INSURANCE PREMIUMS, CLAIMANT IS SUBMITTING THIS PROOF ON BEHALF OF THE INSURERS

| Invoice Number | Effective Date | Amount | Premium | Commission/Fee | Policy Number | Insurer |
|---|---|---|---|---|---|---|
| 141200 | 09/30/02 | $281,081.00 | $281,081.00 | $0.00 | RMWC3322371 | AMERICAN HOME ASSURANCE CO |
| 141201 | 09/30/03 | $540,908.00 | $540,908.00 | $0.00 | RMWC 2981226 | AMERICAN HOME ASSURANCE CO |
| 141202 | 09/30/05 | $65,619.00 | $65,619.00 | $0.00 | 6610484 | AMERICAN HOME ASSURANCE CO |
| 141204 | 09/30/04 | $108,342.00 | $108,342.00 | $0.00 | 5898565 | AMERICAN HOME ASSURANCE CO |
| 142870 | 06/13/08 | $42,558.00 | $18,842.25 | $1,527.75 | 7478061 | LEXINGTON INSURANCE COMPANY |
|  |  |  | $11,864.05 | $961.95 | 4N459851001 | LIBERTY INSURANCE UNDR'S INC |
|  |  |  | $8,659.85 | $702.15 | CAR001617300 | ARCH INSURANCE COMPANY |
| 150505 | 01/19/07 | $314,323.65 | $259,297.85 | $45,758.45 | JC726007 | LLOYD'S OF LONDON |
| 154321 | 01/19/07 | $32,842.56  (1) | $35,793.42 | $6,316.49 | JC726007 | LLOYD'S OF LONDON |
| 855418 | 08/01/05 | $328.00 | $278.80 | $49.20 | 5231293 | GREAT AMERICAN ASSURANCE CO |
| TOTAL |  | $1,386,002.21 | $1,330,686.22 | $55,315.99 |  |  |

(1) amount represents the results after applying a credit

# MARSH

140

Marsh USA Inc.
New York, NY - 299
(212) 345-6000

| Invoice No. |
|---|
| 141200 |

Date:    8/12/08

Roberta Nebel
Insurance Risk Mgmt Dept
Lehman Brothers Holdings, Inc
1271 Avenue of The Americas
44th Foor
New York, NY 10020

| Effective Date | Expiration Date | Client No. |
|---|---|---|
| 9/30/02 | 9/30/03 | 103564 |

Policyholder: LEHMAN BROTHER

AUDIT          Billing Effective Date:    9/30/02

| Insurer | Policy No. | Type of Coverage / Item | Amount |
|---|---|---|---|
| AMERICAN HOME | RMWC3322371 | WORK COMP        PREMIUM | 281,081.00 |
| | | REMIT IN:   UNITED STATES DOLLARS | |
| | Audit Premium for 2002-2003 Policy Period for WC, GL and AL | | |

**Please indicate Invoice # 141200
on your remittance to:**

**Marsh USA Inc.
New York Office
P.O. Box 19601
Newark, NJ 07195-0601**

| | TOTAL: | 281,081.00 |
|---|---|---|

**Invoice Is Payable In Full Upon Receipt**

Marsh earns and retains interest income on premium payments held by Marsh on behalf of insurers during the period
between receipt of such payments from clients and the time such payments are remitted to the applicable insurer, where
permitted by law.

# MARSH

140

Marsh USA Inc.
New York, NY - 299
(212) 345-6000

| Invoice No. |
|---|
| 141201 |

Date:    8/12/08

Roberta Nebel
Insurance Risk Mgmt Dept
Lehman Brothers Holdings, Inc
1271 Avenue of The Americas
44th Foor
New York, NY 10020

| Effective Date | Expiration Date | Client No. |
|---|---|---|
| 9/30/03 | 9/30/04 | 103564 |

Policyholder: LEHMAN BROTHER

AUDIT            Billing Effective Date:    9/30/03

| Insurer | Policy No. | Type of Coverage / Item | Amount |
|---|---|---|---|
| AMERICAN HOME | RMWC 2981226 | WORK COMP        PREMIUM | 540,908.00 |
| | | REMIT IN:   UNITED STATES DOLLARS | |
| | | Audit Premium for 2003-2004 Policy Period for WC, GL and AL | |

Please indicate Invoice # 141201
on your remittance to:

Marsh USA Inc.
New York Office
P.O. Box 19601
Newark, NJ 07195-0601

|  | **TOTAL:** | **540,908.00** |
|---|---|---|

### Invoice Is Payable In Full Upon Receipt

Marsh earns and retains interest income on premium payments held by Marsh on behalf of insurers during the period between receipt of such payments from clients and the time such payments are remitted to the applicable insurer, where permitted by law.

# MARSH

140

Marsh USA Inc.
New York, NY - 299
(212) 345-6000

| Invoice No. |
|---|
| 141202 |

Date:    8/12/08

Roberta Nebel
Insurance Risk Mgmt Dept
Lehman Brothers Holdings, Inc
1271 Avenue of The Americas
44th Foor
New York, NY 10020

| Effective Date | Expiration Date | Client No. |
|---|---|---|
| 9/30/05 | 9/30/06 | 103564 |

Policyholder: LEHMAN BROTHER

AUDIT         Billing Effective Date:   9/30/05

| Insurer | Policy No. | Type of Coverage / Item | Amount |
|---|---|---|---|
| AMERICAN HOME | 6610484 | WORK COMP        PREMIUM | 65,619.00 |
| | | REMIT IN:   UNITED STATES DOLLARS | |
| | | Audit Premium for 2003-2004 Policy Period for WC, GL and AL | |

Please indicate Invoice # 141202
on your remittance to:

Marsh USA Inc.
New York Office
P.O. Box 19601
Newark, NJ 07195-0601

TOTAL:          65,619.00

**Invoice Is Payable In Full Upon Receipt**

Marsh earns and retains interest income on premium payments held by Marsh on behalf of insurers during the period between receipt of such payments from clients and the time such payments are remitted to the applicable insurer, where permitted by law.

# MARSH

140

Marsh USA Inc.
New York, NY - 299
(212) 345-6000

| Invoice No. |
| --- |
| 141204 |

Date:    8/12/08

Roberta Nebel
Insurance Risk Mgmt Dept
Lehman Brothers Holdings, Inc
1271 Avenue of The Americas
44th Foor
New York, NY 10020

| Effective Date | Expiration Date | Client No. |
| --- | --- | --- |
| 9/30/04 | 9/30/05 | 103564 |

Policyholder: LEHMAN BROTHER

AUDIT          Billing Effective Date:   9/30/04

| Insurer | Policy No. | Type of Coverage / Item | Amount |
| --- | --- | --- | --- |
| AMERICAN HOME | 5898565 | WORK COMP        PREMIUM | 108,342.00 |
| | | REMIT IN:   UNITED STATES DOLLARS | |
| | | Audit Premium for 2003-2004 Policy Period for WC, GL and AL | |

Please indicate Invoice # 141204
on your remittance to:

Marsh USA Inc.
New York Office
P.O. Box 19601
Newark, NJ 07195-0601

**TOTAL:**     108,342.00

Invoice Is Payable In Full Upon Receipt

Marsh earns and retains interest income on premium payments held by Marsh on behalf of insurers during the period between receipt of such payments from clients and the time such payments are remitted to the applicable insurer, where permitted by law.

# MARSH

171

Marsh USA Inc.
New York, NY - 299
(212) 345-6000

| Invoice No. |
| --- |
| 142870 |

Date:    8/29/08

Roberta Nebel
Insurance Risk Mgmt Dept
Lehman Brothers Holdings, Inc
1271 Avenue of The Americas
44th Foor
New York, NY 10020

| Effective Date | Expiration Date | Client No. |
| --- | --- | --- |
| 6/13/06 | 7/01/08 | 103564 |

Policyholder: LEHMAN BROTHER

ENDORSEMENT        Billing Effective Date:    6/13/08

| Insurer | Policy No. | Type of Coverage / Item | Amount |
| --- | --- | --- | --- |
| LEXINGTON INS | 7478061 | BUILDERS RISK   PREMIUM | 20,370.00 |
| ARCH INSURANCE | CAR001617300 | BUILDERS RISK   PREMIUM | 9,362.00 |
| LIBERTY I UNDR | 4N459851001 | BUILDERS RISK   PREMIUM | 12,826.00 |
| | | REMIT IN:   UNITED STATES DOLLARS | |
| | | THE POLICY IS EXTENDED TO EXPIRE JULY 1, 2008 piscataway data center | |

Please indicate Invoice # 142870
on your remittance to:

Marsh USA Inc.
New York Office
P.O. Box 19601
Newark, NJ 07195-0601

**TOTAL:**        42,558.00

Invoice Is Payable In Full Upon Receipt

Marsh earns and retains interest income on premium payments held by Marsh on behalf of insurers during the period
between receipt of such payments from clients and the time such payments are remitted to the applicable insurer, where
permitted by law.

# MARSH

120

Marsh USA Inc.
New York, NY - 299
(212) 345-6000

| Invoice No. |
|---|
| 150505 |

Date:    10/23/08

Accounting Dept.
Eagle Energy Partners
4700 West Sam Houston Parkway
Houston, TX 77064

| Effective Date | Expiration Date | Client No. |
|---|---|---|
| 1/19/07 | 10/01/08 | 103564 |

Policyholder: Eagle

ENDORSEMENT       Billing Effective Date:    1/19/07

| Insurer | Policy No. | Type of Coverage / Item | Amount |
|---|---|---|---|
| LLOYDS OF LON | JC726007 | M&E/CARGOSTKPT PREMIUM | 314,323.65 |
| | | REMIT IN:   UNITED STATES DOLLARS | |
| | | Cargo Policy<br>Monthly Cargo Reports for Eagle<br>Additional Premium Due | |

Please indicate Invoice # 150505
on your remittance to:

Marsh USA Inc.
New York Office
P.O. Box 19601
Newark, NJ 07195-0601

**TOTAL:**    314,323.65

## Invoice Is Payable In Full Upon Receipt

Marsh earns and retains interest income on premium payments held by Marsh on behalf of insurers during the period between receipt of such payments from clients and the time such payments are remitted to the applicable insurer, where permitted by law.

# MARSH

140

Marsh USA Inc.
New York, NY - 299
(212) 345-6000

| Invoice No. |
|---|
| 154321 |

Date:    11/13/08

Accounting Dept.
Eagle Energy Partners
4700 West Sam Houston Parkway
Houston, TX 77064

| Effective Date | Expiration Date | Client No. |
|---|---|---|
| 1/19/07 | 10/01/08 | 103564 |

Policyholder: Eagle

AUDIT         Billing Effective Date:    1/19/07

| Insurer | Policy No. | Type of Coverage / Item | Amount |
|---|---|---|---|
| LLOYDS OF LON | JC726007 | M&E/CARGOSTKPT PREMIUM | 42,109.91 |
| | | REMIT IN:   UNITED STATES DOLLARS | |
| | | Cargo Policy<br>August and September Monthly Cargo Reports for Eagle<br>Additional Premium due | |

**Please indicate Invoice # 154321
on your remittance to:**

**Marsh USA Inc.
New York Office
P.O. Box 19601
Newark, NJ 07195-0601**

|  |  | **TOTAL:** | **42,109.91** |
|---|---|---|---|

## Invoice Is Payable In Full Upon Receipt

Marsh earns and retains interest income on premium payments held by Marsh on behalf of insurers during the period between receipt of such payments from clients and the time such payments are remitted to the applicable insurer, where permitted by law.

# MARSH

Marsh USA Inc.
New York, NY - 299
(212) 345-6000

| Invoice No. |
| --- |
| 855418 |

## ORIGINAL INVOICE

Date:   9/08/05

Daniel R. Spragg
Managing Director
Lehman Brothers Holdings, Inc
1271 Avenue of The Americas
44th Foor
New York, NY 10020

| Effective Date | Expiration Date | Client No. |
| --- | --- | --- |
| 12/18/04 | 12/18/05 | 103564 |

** REPRINT **

Policyholder: LEHMAN BROTHER

ENDORSEMENT     Billing Effective Date:   8/01/05

| Insurer | Policy No. | Type of Coverage / Item | Amount |
| --- | --- | --- | --- |
| GREAT AM ASSUR | 5231293 | MORTGAGE IMPA   PREMIUM | 328.00 |
| | | REMIT IN:   UNITED STATES DOLLARS | |
| | | SUN TOOL/REO PROPERTY AUGUST 2005 S.KARG/CHOSP | |

Please indicate Invoice # 855418
on your remittance to:

Marsh USA Inc.
New York Office
P.O. Box 19601
Newark, NJ 07195-0601

TOTAL:     328.00

Invoice Is Payable In Full Upon Receipt

Marsh earns and retains interest income on premium payments held by Marsh on behalf of insurers during the period between receipt of such payments from clients and the time such payments are remitted to the applicable insurer, where permitted by law.

Page 1 o

From:   Origin ID: WBBA   (201) 284-6098
Craig Padover
NMC Distribution Services
121 River Street

Hoboken, NJ 07030

FedEx
Express

E

Ship Date: 14AUG09
ActWgt: 1.0 LB
CAD: 2642005/INET9050
Account#: S *********

Delivery Address Bar Code



SHIP TO:   (201) 284-6098        BILL SENDER
**Epiq Bankruptcy Solutions, LLC**
**Attn: Lehman Brothers Holdings, Claims** *Processing*
**757 3RD AVE FRNT 3**
**Third Floor**
**NEW YORK, NY 10017**

Ref #   1468
Invoice #
PO #
Dept #



TRK#
0201   7968 6149 5695

RECEIVED

MON   17AUG        A1
STANDARD OVERNIGHT

AUG 17 2009

**SB OGSA**

10017
NY-US
EWR

---

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional bills charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charg document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to th greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

https://www.fedex.com/shipping/html/en/PrintIFrame.html                                    8/14/20

**WHITE AND WILLIAMS LLP**
Sedgwick M. Jeanite, Esquire
One Penn Plaza, Suite 4110
New York, N.Y.  10119
Telephone:  (212) 631-4413
Facsimile: (212) 244-6200
Email: jeanites@whiteandwilliams.com

*Attorneys for Marsh USA Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **CHAPTER 11** |
| **LEHMAN BROTHERS HOLDINGS,** **INC.,** *et al.,* | **CASE NO. 08-13555** |
| Debtors. | **(Jointly Administered)** |

<u>**CERTIFICATE OF SERVICE**</u>

I, Sedgwick M. Jeanite, hereby certify that a true and correct copy of the foregoing

Response of Marsh USA Inc. to the Three Hundred Twenty-Fourth Omnibus Objection to

Claims (No Liability Claims) and this Certificate of Service were filed electronically with the

Court on this 7th day of September, 2012, and served via e-mail or first class mail, postage

prepaid, upon the parties listed on the attached list.

Dated: September 7, 2012          WHITE AND WILLIAMS LLP
New York, New York

By:   /s/ Sedgwick M. Jeanite
Sedgwick M. Jeanite, Esq.
One Penn Plaza, Suite 4110
New York, N.Y. 10119
Telephone:  (212) 631-4413
Facsimile: (212) 244-6200
Email: jeanites@whiteandwilliams.com

*Attorneys for Marsh USA Inc.*

9837103v.4

The Honorable James M. Peck
United States Bankruptcy Court
Courtroom 601
One Bowling Green
New York, NY 10004

Robert J. Lemons, Esq.
Mark Bernstein, Esq.
Weil, Gotshal & Manges LP
767 Fifth Avenue
New York, NY 10153

Tracy Hope Davis, Esq.
Elisabetta Gasparini, Esq.
Andrew Schwartz, Esq.
Office of the U.S. Trustee for Region 2
33 Whitehall Street, 21st Floor
New York, NY 10004

- 2 -

9837103v.4