| UNITED STATES BANKRUPTCY COURT ~~FILE COPY~~ Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Lehman Brothers Holdings, Inc. | Case Number:<br>08-13555 (JMP) |
|---|---|

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 USC. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>**CHARLES C. MOORE** | ☐  Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br><br>SCHEDULE #555052460<br>CHARLES C. MOORE<br>10 SUSSEX AVENUE<br>BRONXVILLE, NY 10708<br><br>Telephone number: | MICHAEL R. DAL LAGO, ESQ.<br>MORRISON COHEN LLP<br>909 THIRD AVENUE<br>NEW YORK NY 10022<br>(212) 735-8600 | **Court Claim Number:**_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number: | ☐  Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐  Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1.**  **Amount of Claim as of Date Case Filed:**  $10,780,803.79 (See Attached Rider)<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐  Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5.**  **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim. |
| **2.**  **Basis for Claim:**  See Attached Rider<br>(See instruction #2 on reverse side.) | ☐  Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3.**  **Last four digits of any number by which creditor identifies debtor:** _____<br><br>  **3a.**  **Debtor may have scheduled account as:** _____<br>  (See instruction #3a on reverse side.) | ☑  Wages, salaries, or commissions (up to $10,950) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507 (a)(4). |
| **4.**  **Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:**  ☐  Real Estate  ☐  Motor Vehicle  ☐  Other<br>**Describe:**<br><br>**Value of Property:**$_____  **Annual Interest Rate** ___%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____  **Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $_____  **Amount Unsecured:** $_____ | ☐  Contributions to an employee benefit plan—11 U.S.C. §507 (a)(5).<br><br>☐  Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. §507 (a)(7).<br><br>☐  Taxes or penalties owed to governmental units — 11 U.S.C. §507 (a)(8).<br><br>☐  Other— Specify applicable paragraph of paragraph of 11 U.S.C. §507 (a)(___) |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br>**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*<br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING<br><br>If the documents are not available, please explain: | **Amount entitled to priority:**<br>$10,950<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date:<br>9/18/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>CHARLES C. MOORE   *[signature]* | ~~FILED~~ FOR COURT USE ONLY<br>SEP 22 2009<br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

#1903610 v1 \099998 \0038

| United States Bankruptcy Court/Southern District of New York | | PROOF OF CLAIM |
| --- | --- | --- |
| Lehman Brothers Holdings Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5076 New York, NY 10150-5076 | | |

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | UNIQUE IDENTIFICATION NUMBER: 1000144143 |
| --- | --- | --- |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor | |

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

LBH (CREDITOR.DBF,CREDNUM)CREDNUM # 1000144143******
CHARLES C. MOORE
10 SUSSEX AVE
BRONXVILLE, NY 107084211

Telephone number: _____   Email Address: _____

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
   (If known)

Filed on: _____

**Name and address where payment should be sent (if different from above)**

Telephone number: _____   Email Address: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1.   Amount of Claim as of Date Case Filed: $** _____

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2.   Basis for Claim:** _____
   (See instruction #2 on reverse side.)

**3.   Last four digits of any number by which creditor identifies debtor:** _____
   **3a. Debtor may have scheduled account as:** _____
      (See instruction #3a on reverse side.)

**4.   Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other

Describe: _____

Value of Property: $ _____   Annual Interest Rate _____ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____   Basis for perfection: _____

Amount of Secured Claim: $ _____   Amount Unsecured: $ _____

**5.   Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$ _____

**6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $** _____
   (See instruction #6 on reverse side.)

**7.   Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**8.   Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.

**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain:

**FOR COURT USE ONLY**

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
| --- | --- |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**United States Bankruptcy Court/Southern District of New York**

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | |
|---|---|---|
| Name of Debtor Against Which Claim is Held<br>LEHMAN BROTHERS HOLDINGS, INC. | Case No. of Debtor<br>08-13555 (JMP) | **UNIQUE IDENTIFICATION NUMBER: 555052460** |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (see definition on reverse side).

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

LBH (MERGED.DBF,SCHED_NO) SCHEDULE #: 555052460*****
CHARLES C. MOORE
10 SUSSEX AVENUE
BRONXVILLE, NY 10708

Telephone number:                     Email Address:

Name and address where payment should be sent (if different from above)

Telephone number:                     Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

## THIS SPACE IS FOR COURT USE ONLY

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

SCHEDULE G - EXECUTORY CONTRACT OR UNEXPIRED LEASE

DESCRIPTION:
RESTRICTED STOCK UNIT AGREEMENT

---

1. **Amount of Claim as of Date Case Filed:** $ _____

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** _____
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. **Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $ _____ Annual Interest Rate _____ %
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____ Basis for perfection: _____
Amount of Secured Claim: $ _____ Amount Unsecured: $ _____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: _____

Date: _____

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$ _____

**FOR COURT USE ONLY**

---

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

### RIDER TO CHARLES C. MOORE'S PROOF OF CLAIM
### AGAINST LEHMAN BROTHERS HOLDINGS INC.

Charles C. Moore ("Moore") submits this rider in further support of his proof of claim against Lehman Brothers Holdings Inc. ("Debtor" or "LBHI").

On September 15, 2008 ("Petition Date"), the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") seeking relief under chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). Subsequently, 18 additional affiliates of the Debtor also filed voluntary petitions in the Bankruptcy Court seeking relief under chapter 11 of the Bankruptcy Code.

Prior to the Petition Date, on or about December 18, 2007, Moore and the Debtor entered into a Letter Agreement ("Employment Agreement"), as further revised on December 20, 2007 and January 2, 2008, pursuant to which Moore became an employee of the Debtor as a Managing Director in the Lehman Brothers Merchant Banking Group of Private Equity Investments ("LBMB"). A copy of the Employment Agreement is attached hereto as Exhibit A. As part of Moore's salary, Moore was guaranteed a compensation package of not less than $2,000,000, including base salary of $200,000, for each of the 2008 and 2009 performance years ("Guaranteed Compensation Package"). In addition, Moore participated in the Debtor's share of profits in LBMB ("Carried Units") in accordance with his terms of employment. On April 10, 2009, the Debtor sold LBMB and Moore's Employment Agreement was terminated.

Moore hereby submits this proof of claim against the Debtor for breach of the Employment Agreement.

The amount of Moore's claim is $10,780,803.79 and is comprised into the following two main compensation components in accordance with the Employment Agreement for the period of December 1, 2008 through November 30, 2009 ("2009 Performance Year"):

1. The unpaid portion of the minimum guaranteed total compensation for the 2009 Performance Year, amounting to $1,928,767.12; and,

2. $8,852,036.67 for the value of the Carried Interest.

Attached hereto as Exhibit B is a summary calculation of the amounts claimed herein.

In addition, because the amount claimed herein relates to unpaid wages or salary earned by Moore within the 180 day period prior to the Petition Date, Moore is entitled to, and hereby asserts, a priority claim for $10,950 in accordance with section 507(a)(4) of the Bankruptcy Code.

Therefore, in total, Moore asserts the following claims against the Debtor:

1. The sum of $10,950 as a unsecured priority claim under section 507(a)(4) of the Bankruptcy Code; and

2.  The sum of $10,769,853.79 as a general unsecured claim, plus any attorney fees, interest, or other costs and expenses as may be authorized or allowed under the relevant documentation ("Claim").

**NOTE**:  Moore reserves the right to amend and supplement this proof of claim and/or to file additional proofs of claim for any additional claims.  Moore reserves all rights he has or may have in the future against the Debtor.  The filing of this proof of claim is not intended to be, and shall not be construed as, (a) an election of remedy, (b) a waiver, release, or limitation of any rights of Moore against the Debtor or any of its affiliates not asserted in this proof of claim, (c) a consent to the determination of the Debtor's liability to Moore by any particular court, including, but not limited to, the Bankruptcy Court, or to this Court's hearing, determining, or entering orders or judgments in any proceedings in connection with this proof of claim, (d) a consent to the jurisdiction or venue of any particular court, including, but not limited to, the Bankruptcy Court, and (e) a waiver of the right to trial by jury in any proceedings so triable in this case or related cases, or any controversy or proceedings related to this case.  Moore reserves his setoff and recoupment rights to the extent permitted by applicable law.  No judgment has been rendered on the claims set forth in this proof of claim.  No payments on the claims set forth in this proof of claim have been made by the Debtor.

Moore also asserts the following additional claims, to the extent that such claims exist: (a) contingent claims, and (b) claims which may be presently in amounts not fully ascertainable, but to be later provided if such claims are estimated and/or liquidated.

To the extent that this proof of claim, which is being filed against Lehman Brothers Holdings Inc., is filed against the wrong debtor, Moore hereby asserts such claim against all subsidiaries and/or affiliates or parents of Lehman Brothers Holdings Inc. that have filed voluntary petitions for relief under the Bankruptcy Code.  By such assertion, Moore does not seek duplicate recoveries, but is merely reserving his rights to any distributions that he is entitled to.

**MOORE SPECIFICALLY REQUESTS THAT, IN ADDITION TO ANY METHOD OF SERVICE REQUIRED BY COURT ORDER IN THIS CASE, ALL DOCUMENTS RELATING TO THIS PROOF OF CLAIM BE SERVED UPON THE FOLLOWING PARTIES BY REGULAR MAIL OR OTHER HARD COPY DELIVERY, SUCH AS FEDERAL EXPRESS OR OTHER OVERNIGHT COURIER:**

**Charles Moore**
10 Sussex Avenue
Bronxville, NY 10708

**Morrison Cohen LLP**
909 Third Avenue
New York, NY 10022
Attn:  Michael R. Dal Lago, Esq.

**THE FILING OF THIS PROOF OF CLAIM SHALL NOT BE INTERPRETED AS, OR DEEMED TO BE, A CONSENT TO ELECTRONIC SERVICE OR NOTICE BY ELECTRONIC TRANSMISSION IN THIS CASE.**

# EXHIBIT A

# LEHMAN BROTHERS

RUTH F. HOROWITZ
MANAGING DIRECTOR

December 18, 2007
*Revised December 20, 2007*
*Revised January 2, 2008*

Charles C. Moore
3010 Cambridge Place, NW
Washington, DC 20007

Dear Charles,

We are delighted to confirm our offer of employment to join Lehman Brothers ("the Firm") in the Merchant Banking Group of the Private Equity Investments division. Your title of Managing Director will be submitted for official approval by the Executive Committee of our Board of Directors as part of the next quarterly approval process.

As discussed, we expect your employment to begin on or about February 28, 2008. Your compensation will be as follows:

Your bi-weekly base salary will be $200,000, payable in biweekly installments in accordance with our customary payroll practices. For the 2008 performance year (your start date through November 30, 2008), you will be paid total compensation (including base salary) in an amount not less than $2,000,000, of which the bonus component will be payable on or about January 31, 2009. For the 2009 performance year (December 1, 2008 through November 30, 2009), you will be paid total compensation (including salary) in an amount not less than $2,000,000, of which the bonus component will be payable on or about January 31, 2010.

The foregoing salary will be paid for all periods of your active employment with the Firm in performance years 2008 and 2009. Your total compensation for the 2008 and 2009 performance years will be paid to you, at times and in amounts stated except that they will not be payable if, before the applicable bonus payment dates, you have resigned or been terminated from the Firm for "Cause". For purposes of this offer letter, "Cause" means a termination of your employment by the Firm because of (i) misconduct material to your employment, (ii) material breach of Firm policies or rules, (iii) dishonesty related to your employment, (iv) violation of laws or regulations material to your employment, or (v) gross negligence or repeated or persistent failure to follow the Firm's reasonable directives following 30 days' notice of such failure and your failure to cure within such 30 days. Your total compensation set forth above may be reduced in the event of an approved leave of absence during the applicable performance year.

At the Firm's discretion, a portion of your total 2008, 2009 and future years' total compensation (combined base salary, bonus, and other compensation) will be payable in conditional equity awards (restricted stock units, options, and/or other equity-based awards) pursuant to the Firm's Equity Award

Page 2

Program as then generally in effect for employees at your level. The terms and conditions of the Equity Award Program, including terms and conditions relating to vesting, exercisability, and forfeiture, will be established by the Firm from time to time in its discretion. Based on information that you have provided, you are eligible for a service credit for purposes of "Full Career" treatment under the applicable terms of equity awards you may receive during your employment with the Firm, provided you remain employed with the Firm through the third anniversary of your start date.

All payments described in this letter will be subject to applicable payroll and income tax withholding and other applicable deductions. Your compensation for all periods after performance year 2009 will be determined at the Firm's discretion.

Provided that you have worked full time and have not resigned or been terminated from the Firm for Cause, you will be eligible to purchase a portion of the Firm's share of the profits (the "carried interest") in Lehman Brothers Merchant Banking Partners IV. This purchase will be subject to the terms of the Partnership Agreement for the carried interest vehicle. Your participation level in the carried interest for 2008 and 2009 will be no less than 1.0 point (no less than 5% of an assumed 20.0 point carry plan) on each year's investments in the Fund. Please note that your carried interest will be through a vehicle to be established by Lehman Brothers which will require you to make an after-tax investment to participate in the carried interest. Your investment in such vehicle will be subject to generally applicable restrictions on transfer, vesting requirements, and other terms to be established by the Firm for employees who participate in such carried interest.

If your employment is terminated by the Firm without Cause, the Firm's right to repurchase your capital contributions and your share of the associated carried interest in the Funds' investments will be terminated and you will be fully vested. Further, except as provided in the immediately prior paragraph, you will no longer be eligible to participate in new Fund investments after the last day of your employment, and you will not be entitled to make any future capital contributions to such funds.

You will be eligible for the standard relocation benefits in effect for employees are your level. Your relocation under the Firm's US relocation program will be explained to you and facilitated by Christine Yeung, who can be contacted at (212) 320-6688. This will be explained to you at a mutually convenient time.

You will also be eligible to participate in our employee benefits program, which will be discussed with you during your orientation session.

Please understand that the terms and conditions of your employment by our Firm are governed by standard Firm policies. Among other things, this means that this offer of employment is conditional upon the successful completion of a background investigation, including reference, credit, criminal and other checks, as well as on your satisfactorily meeting all pre-employment requirements, including, but not limited to, passing a pre-employment drug screen and producing documentation to verify your identity and eligibility to work in the United States. Please contact Gianna DiMaulo at (212) 526-7535 to schedule pre-employment processing.

This letter is not a contract of continuing employment. Your employment by the Firm is for no fixed term, and either you or the Firm may terminate the employment relationship at any time for any reason, subject to any applicable notice requirement. Currently, the Firm's notice policy requires officers of the Firm to provide 30 days' advance written notice of resignation, and provides for 30 days' advance notice by the Firm to its officers in the event of an involuntary termination under certain circumstances.

Page 3

Charles, we are enthusiastic and pleased that you are going to be a part of our organization. If you agree with the terms outlined in this letter, please acknowledge same by signing this letter and returning it to me. An additional copy of this letter is enclosed for your files. Please contact me at (212) 526-8872 with any additional questions or concerns.

Sincerely,

Ruth E. Horowitz

Accepted and agreed to this _28th_ day of January 2008

by: _____
Charles C. Moore

# EXHIBIT B

**EXHIBIT 2. AMOUNT OF CLAIM CALCULATION**

| | |
|---|---|
| Creditor: | Charles C. Moore ("Creditor") |
| Debtor: | Lehman Brothers Holdings, Inc. ("Debtor") |
| Case No. of Debtor: | 08-13555 |
| Amount of Claim | $ 10,780,803.79 |

**2009 Performance Year:**  December 1, 2008 - November 30, 2009

**1. Total Unpaid Compensation Calculation:**

| | |
|---|---|
| Start Date: | 12/1/2008 |
| Involuntary Termination Date: (Date LBMB Sold) | 4/10/2009 |
| 2009 Performance Year Days Employed by LBHI | 130 |
| % of 2009 Performance Year Employed by LBHI | 35.62% |

| | Amounts (USD) | Amount Paid by Debtor | Amount Unpaid by Debtor | |
|---|---|---|---|---|
| Annual Salary: | $    200,000.00 | $   71,232.88 | $    128,767.12 | |
| Minimum Guaranteed Bonus: | $  1,800,000.00 | | $  1,800,000.00 | |
| Minimum Total Guaranteed Compensation: | $  2,000,000.00 | | $  1,928,767.12 | A |

**2. Carried Interest ("CI") In Lehman Brothers Merchant Banking Partners IV Calculation:**

| | |
|---|---|
| Lehman Brothers Merchant Banking Partners IV ("Fund IV") | $ 2,450,000,000.00 |
| Carried Interest Percentage for Fund IV | 20.00% |
| Total Carried Interest Dollars for Fund IV | $    490,000,000.00 |

*Valuation Method I: Estim. Based on MINIMUM CI and Estim. Ann. Inv.*

| | |
|---|---|
| Estimated Annual Fund IV Carried Interest Dollars (1) | $    122,500,000.00 |
| Creditor's Minimum Guaranteed Carried Interest Percentage | 5.00% |
| Creditor's Estimated Annual Minimum Guaranteed Carried Interest | $      6,125,000.00 |

| | Value based on: | | | |
|---|---|---|---|---|
| | Dollars at Work | Hist. Ret. on Realized Inv. | Hist Ret. on Realized & Unrealized Inv. | |
| Estimated Value of Guaranteed Min. Carried Interest 'Unpaid' (2) | $      6,125,000.00 | $ 11,637,500.00 | $      7,350,000.00 | |
| Valuation Method I: Average: | $      8,370,833.33 | | | X |

*Valuation Method II: Estim. Based on ACTUAL 2008 CI and Inv. Commitments*

| | |
|---|---|
| 2008 Investment Commitments (Effectively for only 9 months of year) | $    569,100,000.00 |
| 2008 Carried Interest Dollars | $    113,820,000.00 |
| Creditor's Actual 2008 Carried Interest Percentage (3) | 6.00% |
| Carried Interest Dollars for 2008 (3) (proxy for 2009) | $      6,829,200.00 |

| | Value based on: | | | |
|---|---|---|---|---|
| | Dollars at Work | Hist. Ret. on Realized Inv. | Hist Ret. on Realized & Unrealized Inv. | |
| Estimated Value of Guaranteed Min. Carried Interest 'Unpaid' (2) | $      6,829,200.00 | $ 12,975,480.00 | $      8,195,040.00 | |
| Valuation Method II: Average: | $      9,333,240.00 | | | Y |

| | | |
|---|---|---|
| Value of 2009 Carried Interest Owed to Creditor (Avg of X & Y) | $      8,852,036.67 | B |

| | | |
|---|---|---|
| **TOTAL AMOUNT OF CLAIM (A + B)** | $    10,780,803.79 | |

Notes:  (1) Based on estim. remaining investment period of        4 years
  (2) Carried interest valued using three methodologies: industry convention of dollars at work,
        and based on historical returns since inception (see table below)

| Returns since inception 1989: | Multiple of Investment | Gross IRR |
|---|---|---|
| Historical realized returns on 30 of 51 investments | 2.9 x | 37.8% |
| Historical realized and unrealized returns | 2.2 x | 36.8% |

  (3) For deals since employment. Note actual carry for 2008 varies due to exclusion of one deal
        that was completed prior to Creditor's employment with Debtor.

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

FILE COPY

| Name of Debtor:<br>Lehman Brothers Holdings, Inc. | Case Number:<br>08-13555 (JMP) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 USC. § 503.*

**Name of Creditor (the person or other entity to whom the debtor owes money or property):**
**EDWARD PARK**

Name and address where notices should be sent:

SCHEDULE # 555097090•••••
SCHEDULE # 1000238922••••••
EDWARD PARK
130 WEST 30TH STREET
APARTMENT 15 A
NEW YORK, NY 10001
Telephone number:

MICHAEL R. DAL LAGO, ESQ.
MORRISON COHEN LLP
909 THIRD AVENUE
NEW YORK NY 10022
(212) 735-8600

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
*(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1.    Amount of Claim as of Date Case Filed:**    $10,780,803.79 (See Attached Rider)

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐    Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2.    Basis for Claim:    See Attached Rider**
(See instruction #2 on reverse side.)

**3.    Last four digits of any number by which creditor identifies debtor:** _____

    **3a.    Debtor may have scheduled account as:** _____
    (See instruction #3a on reverse side.)

**4.    Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:**    ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:

**Value of Property:$**_____    **Annual Interest Rate** ____%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

if any: $_____    Basis for perfection: _____

**Amount of Secured Claim: $**_____    **Amount Unsecured: $**_____

**5.    Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐    Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

■    Wages, salaries, or commissions (up to $10,950) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. §507 (a)(4).

☐    Contributions to an employee benefit plan—11 U.S.C. §507 (a)(5).

☐    Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. §507 (a)(7).

☐    Taxes or penalties owed to governmental units — 11 U.S.C. §507 (a)(8).

☐    Other— Specify applicable paragraph of paragraph of 11 U.S.C. §507 (a)(___)

**Amount entitled to priority:**
$10,950

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6.  Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**7.  Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date:<br>9/18/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>EDWARD PARK    *[signature]* | FOR COURT USE ONLY<br>FILED / RECEIVED<br><br>SEP 2 2 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 8 U.S.C. §§152 and 3571.

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

UNIQUE IDENTIFICATION NUMBER: 1000238922

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

## THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

LBH (CREDITOR.DBF,CREDNUM)CREDNUM # 1000238922******
PARK, EDWARD
130 WEST 30TH STREET
APARTMENT 15A
NEW YORK, NY 10001

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
*(if known)*

Filed on:_____

Telephone number:          Email Address:

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:          Email Address:

**1.   Amount of Claim as of Date Case Filed:** $_____
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐   Check this box if all or part of your claim is based on a Derivative Contract.*
☐   Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**
☐   Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2.   Basis for Claim:** _____
(See instruction #2 on reverse side.)

**3.   Last four digits of any number by which creditor identifies debtor:** _____
3a.   Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4.   Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____

Value of Property:  $_____   Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

**7.   Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8.   Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain: _____

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

**5.   Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:

$_____

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**PROOF OF CLAIM**

United States Bankruptcy Court/Southern District of New York  Pg 14 of

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al., Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |

| Name of Debtor Against Which Claim is Filed | Case No. of Debtor |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC. | 08-13555 (JMP) |

UNIQUE IDENTIFICATION NUMBER: 555097090

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (see definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

LBH (MERGE2.DBF,SCHED_NO) SCHEDULE #: 555097090*****
EDWARD, PARK
130 WEST 30TH STREET
APARTMENT 15A
NEW YORK, NY 10001

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

NOTICE OF SCHEDULED CLAIM:
Your Claim is scheduled by the indicated Debtor as:

SCHEDULE G - EXECUTORY CONTRACT OR UNEXPIRED LEASE

DESCRIPTION:
RESTRICTED STOCK UNIT AGREEMENT

Telephone number: _____   Email Address: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____   Email Address: _____

1. **Amount of Claim as of Date Case Filed:** $ _____
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** _____
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $ _____   Annual Interest Rate _____ %
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____   Basis for perfection: _____
Amount of Secured Claim: $ _____   Amount Unsecured: $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$ _____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

FOR COURT USE ONLY

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## RIDER TO EDWARD PARK'S PROOF OF CLAIM
## AGAINST LEHMAN BROTHERS HOLDINGS INC.

Edward Park ("Park") submits this rider in further support of his proof of claim against Lehman Brothers Holdings Inc. ("Debtor" or "LBHI").

On September 15, 2008 ("Petition Date"), the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") seeking relief under chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). Subsequently, 18 additional affiliates of the Debtor also filed voluntary petitions in the Bankruptcy Court seeking relief under chapter 11 of the Bankruptcy Code.

Prior to the Petition Date, on or about December 18, 2007, Park and the Debtor entered into a Letter Agreement ("Employment Agreement"), as further revised on December 20, 2007 and December 21, 2007, pursuant to which Park became an employee of the Debtor as a Managing Director in the Lehman Brothers Merchant Banking Group of Private Equity Investments ("LBMB"). A copy of the Employment Agreement is attached hereto as Exhibit A. As part of Park's salary, Park was guaranteed a compensation package of not less than $2,000,000, including base salary of $200,000, for each of the 2008 and 2009 performance years ("Guaranteed Compensation Package"). In addition, Park participated in the Debtor's share of profits in LBMB ("Carried Units") in accordance with his terms of employment. On April 10, 2009, the Debtor sold LBMB and Park's Employment Agreement was terminated.

Park hereby submits this proof of claim against the Debtor for breach of the Employment Agreement.

The amount of Park's claim is $10,780,803.79 and is comprised into the following two main compensation components in accordance with the Employment Agreement for the period of December 1, 2008 through November 30, 2009 ("2009 Performance Year"):

1.  The unpaid portion of the minimum guaranteed total compensation for the 2009 Performance Year, amounting to $1,928,767.12; and,

2.  $8,852,036.67 for the value of the Carried Interest.

Attached hereto as Exhibit B is a summary calculation of the amounts claimed herein.

In addition, because the amount claimed herein relates to unpaid wages or salary earned by Park within the 180 day period prior to the Petition Date, Park is entitled to, and hereby asserts, a priority claim for $10,950 in accordance with section 507(a)(4) of the Bankruptcy Code.

Therefore, in total, Park asserts the following claims against the Debtor:

1.      The sum of $10,950 as a unsecured priority claim under section 507(a)(4) of the Bankruptcy Code; and

2.    The sum of $10,769,853.79 as a general unsecured claim, plus any attorney fees, interest, or other costs and expenses as may be authorized or allowed under the relevant documentation ("Claim").

**NOTE**:  Park reserves the right to amend and supplement this proof of claim and/or to file additional proofs of claim for any additional claims.  Park reserves all rights he has or may have in the future against the Debtor.  The filing of this proof of claim is not intended to be, and shall not be construed as, (a) an election of remedy, (b) a waiver, release, or limitation of any rights of Park against the Debtor or any of its affiliates not asserted in this proof of claim, (c) a consent to the determination of the Debtor's liability to Park by any particular court, including, but not limited to, the Bankruptcy Court, or to this Court's hearing, determining, or entering orders or judgments in any proceedings in connection with this proof of claim, (d) a consent to the jurisdiction or venue of any particular court, including, but not limited to, the Bankruptcy Court, and (e) a waiver of the right to trial by jury in any proceedings so triable in this case or related cases, or any controversy or proceedings related to this case.  Park reserves his setoff and recoupment rights to the extent permitted by applicable law.  No judgment has been rendered on the claims set forth in this proof of claim.  No payments on the claims set forth in this proof of claim have been made by the Debtor.

Park also asserts the following additional claims, to the extent that such claims exist: (a) contingent claims, and (b) claims which may be presently in amounts not fully ascertainable, but to be later provided if such claims are estimated and/or liquidated.

To the extent that this proof of claim, which is being filed against Lehman Brothers Holdings Inc., is filed against the wrong debtor, Park hereby asserts such claim against all subsidiaries and/or affiliates or parents of Lehman Brothers Holdings Inc. that have filed voluntary petitions for relief under the Bankruptcy Code.   By such assertion, Park does not seek duplicate recoveries, but is merely reserving his rights to any distributions that he is entitled to.

**PARK SPECIFICALLY REQUESTS THAT, IN ADDITION TO ANY METHOD OF SERVICE REQUIRED BY COURT ORDER IN THIS CASE, ALL DOCUMENTS RELATING TO THIS PROOF OF CLAIM BE SERVED UPON THE FOLLOWING PARTIES BY REGULAR MAIL OR OTHER HARD COPY DELIVERY, SUCH AS FEDERAL EXPRESS OR OTHER OVERNIGHT COURIER:**

**Edward Park**
130 West 30th Street
Apartment 15A
New York, NY 10001

**Morrison Cohen LLP**
909 Third Avenue
New York, NY 10022
Attn: Michael R. Dal Lago, Esq.

**THE FILING OF THIS PROOF OF CLAIM SHALL NOT BE INTERPRETED AS, OR DEEMED TO BE, A CONSENT TO ELECTRONIC SERVICE OR NOTICE BY ELECTRONIC TRANSMISSION IN THIS CASE.**

# EXHIBIT A

# LEHMAN BROTHERS

RUTH E. HOROWITZ
MANAGING DIRECTOR

December 18, 2007
*Revised December 20, 2007*
*Revised December 21, 2007*

Edward Park
130 West 30th Street
Apt. 15A
New York, NY 10001

Dear Edward,

We are delighted to confirm our offer of employment to join Lehman Brothers ("the Firm") in the Merchant Banking Group of the Private Equity Investments division. Your title of Managing Director will be submitted for official approval by the Executive Committee of our Board of Directors as part of the next quarterly approval process.

As discussed, we expect your employment to begin on or about January 2, 2008. Your compensation will be as follows:

Your base salary will be $200,000, payable in biweekly installments in accordance with our customary payroll practices. For the 2008 performance year (your start date through November 30, 2008), you will be paid total compensation (including base salary) in an amount not less than $2,000,000, of which the bonus component will be payable on or about January 31, 2009. For the 2009 performance year (December 1, 2008 through November 30, 2009), you will be paid total compensation (including salary) in an amount not less than $2,000,000, of which the bonus component will be payable on or about January 31, 2010.

The foregoing salary will be paid for all periods of your active employment with the Firm in performance years 2008 and 2009. Your total compensation for the 2008 and 2009 performance years will be paid to you, at times and amounts stated except that they will not be payable if, before the applicable bonus payment dates, you have resigned or have been terminated from the Firm because of misconduct, breach of Firm policies or rules, dishonesty, violation of laws or regulations, or substantial and continuing failure to perform employment duties or obligations satisfactorily. Your total compensation set forth above may be reduced in the event of an approved leave of absence during the applicable performance year.

At the Firm's discretion, a portion of your total 2008, 2009 and future years' total compensation (combined base salary, bonus, and other compensation) will be payable in conditional equity awards (restricted stock units, options, and/or other equity-based awards) pursuant to the Firm's Equity Award Program as then generally in effect for employees at your level. The terms and conditions of the Equity Award Program, including terms and conditions relating to vesting, exercisability, and forfeiture, will be

Page 2

established by the Firm from time to time in its discretion. Based on information that you have provided, you are eligible for a service credit for purposes of "Full Career" treatment under the applicable terms of equity awards you may receive during your employment with the Firm, provided you remain employed with the Firm through the third anniversary of your start date.

All payments described in this letter will be subject to applicable payroll and income tax withholding and other applicable deductions. Your compensation for all periods after performance year 2009 will be determined at the Firm's discretion.

Provided that you have worked full time and have not resigned or been terminated from the Firm for Cause, you will be eligible to purchase a portion of the Firm's share of the profits (the "carried interest") in Lehman Brothers Merchant Banking Partners IV. This purchase will be subject to the terms of the Partnership Agreement for the carried interest vehicle. Your participation level in the carried interest for 2008 and 2009 will be no less than 1.0 point (no less than 5% of an assumed 20.0 point carry plan) on each year's investments in the Fund. Please note that your carried interest will be through a vehicle to be established by Lehman Brothers which will require you to make an after-tax investment to participate in the carried interest. Your investment in such vehicle will be subject to generally applicable restrictions on transfer, vesting requirements, and other terms to be established by the Firm for employees who participate in such carried interest.

If your employment is terminated by the Firm without Cause, the Firm's right to repurchase your capital contributions and your share of the associated carried interest in the Funds' investments will be terminated and you will be fully vested. Further, except as provided in the immediately prior paragraph, you will no longer be eligible to participate in new Fund investments after the last day of your employment, and you will not be entitled to make any future capital contributions to such funds.

You will also be eligible to participate in our employee benefits program, which will be discussed with you during your orientation session.

Please understand that the terms and conditions of your employment by our Firm are governed by standard Firm policies. Among other things, this means that this offer of employment is conditional upon the successful completion of a background investigation, including reference, credit, criminal and other checks, as well as on your satisfactorily meeting all pre-employment requirements, including, but not limited to, passing a pre-employment drug screen and producing documentation to verify your identity and eligibility to work in the United States. Please contact Gianna DiMaulo at (212) 526-7535 to schedule pre-employment processing.

This letter is not a contract of continuing employment. Your employment by the Firm is for no fixed term, and either you or the Firm may terminate the employment relationship at any time for any reason, subject to any applicable notice requirement. Currently, the Firm's notice policy requires officers of the Firm to provide 30 days' advance written notice of resignation, and provides for 30 days' advance notice by the Firm to its officers in the event of an involuntary termination under certain circumstances.

Page 3

Edward, we are enthusiastic and pleased that you are going to be a part of our organization. If you agree with the terms outlined in this letter, please acknowledge same by signing this letter and returning it to me. An additional copy of this letter is enclosed for your files. Please contact me at (212) 526-8872 with any additional questions or concerns.

Sincerely,

Ruth E. Horowitz

Accepted and agreed to this 27th day of December 2007

by: _____
Edward Park

# EXHIBIT B

**EXHIBIT 2. AMOUNT OF CLAIM CALCULATION**

| | |
|---|---|
| Creditor: | Edward Park ("Creditor") |
| Debtor: | Lehman Brothers Holdings, Inc. ("Debtor") |
| Case No. of Debtor: | 08-13555 |
| Amount of Claim | $ 10,780,803.79 |

**2009 Performance Year:**    December 1, 2008 - November 30, 2009

**1. Total Unpaid Compensation Calculation:**

| | |
|---|---|
| Start Date: | 12/1/2008 |
| Involuntary Termination Date: (Date LBMB Sold) | 4/10/2009 |
| 2009 Performance Year Days Employed by LBHI | 130 |
| % of 2009 Performance Year Employed by LBHI | 35.62% |

| | Amounts (USD) | Amount Paid by Debtor | Amount Unpaid by Debtor | |
|---|---|---|---|---|
| Annual Salary: | $ 200,000.00 | $ 71,232.88 | $ 128,767.12 | |
| Minimum Guaranteed Bonus: | $ 1,800,000.00 | | $ 1,800,000.00 | |
| Minimum Total Guaranteed Compensation: | $ 2,000,000.00 | | $ 1,928,767.12 | A |

**2. Carried Interest ("CI") in Lehman Brothers Merchant Banking Partners IV Calculation:**

| | |
|---|---|
| Lehman Brothers Merchant Banking Partners IV ("Fund IV") | $ 2,450,000,000.00 |
| Carried Interest Percentage for Fund IV | 20.00% |
| Total Carried Interest Dollars for Fund IV | $ 490,000,000.00 |

*Valuation Method I: Estim. Based on MINIMUM CI and Estim. Ann. Inv.*

| | |
|---|---|
| Estimated Annual Fund IV Carried Interest Dollars (1) | $ 122,500,000.00 |
| Creditor's Minimum Guaranteed Carried Interest Percentage | 5.00% |
| Creditor's Estimated Annual Minimum Guaranteed Carried Interest | $ 6,125,000.00 |

| | Value based on: | | | |
|---|---|---|---|---|
| | Dollars at Work | Hist. Ret. on Realized Inv. | Hist Ret. on Realized & Unrealized Inv. | |
| Estimated Value of Guaranteed Min. Carried Interest 'Unpaid' (2) | $ 6,125,000.00 | $ 11,637,500.00 | $ 7,350,000.00 | |
| Valuation Method I: Average: | $ 8,370,833.33 | X | | |

*Valuation Method II: Estim. Based on ACTUAL 2008 CI and Inv. Commtiments*

| | |
|---|---|
| 2008 Investment Commitments (Effectively for only 9 months of year) | $ 569,100,000.00 |
| 2008 Carried Interest Dollars | $ 113,820,000.00 |
| Creditor's Actual 2008 Carried Interest Percentage (3) | 6.00% |
| Carried Interest Dollars for 2008 (3) (proxy for 2009) | $ 6,829,200.00 |

| | Value based on: | | | |
|---|---|---|---|---|
| | Dollars at Work | Hist. Ret. on Realized Inv. | Hist Ret. on Realized & Unrealized Inv. | |
| Estimated Value of Guaranteed Min. Carried Interest 'Unpaid' (2) | $ 6,829,200.00 | $ 12,975,480.00 | $ 8,195,040.00 | |
| Valuation Method II: Average: | $ 9,333,240.00 | Y | | |

| | | |
|---|---|---|
| Value of 2009 Carried Interest Owed to Creditor (Avg of X & Y) | $ 8,852,036.67 | B |

| | | |
|---|---|---|
| **TOTAL AMOUNT OF CLAIM (A + B)** | $ 10,780,803.79 | |

Notes:    (1) Based on estim. remaining investment period of    4 years
(2) Carried interest valued using three methodologies: industry convention of dollars at work,
and based on historical returns since inception (see table below)

| Returns since inception 1989: | Multiple of Investment | Gross IRR |
|---|---|---|
| Historical realized returns on 30 of 51 Investments | 2.9 x | 37.8% |
| Historical realized and unrealized returns | 2.2 x | 36.8% |

(3) For deals since employment. Note actual carry for 2008 varies due to exclusion of one deal
that was completed prior to Creditor's employment with Debtor.