DRAFT: 9/14/12

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,                      :    08-13555 (JMP)
                                                            :
                                              Debtors.      :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

### AFFIRMATION OF NICHOLAS P. HOWARD IN OPPOSITION TO DEBTORS' 342nd OMNIBUS OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)

Nicholas P. Howard affirms under penalties of perjury as follows:

1. I submit this Affirmation in Opposition to the 342nd Omnibus Objection, in which Debtors seek to avoid their obligation to pay me a portion of commissions I earned that was withheld from me during the nine months prior to the Petition Date.

2. Debtors argue (with no supporting evidence) that the obligation to pay this withheld portion of my commissions is an employer obligation of a separate Lehman entity, equivalent to severance, wages or bonuses, and further claim that the obligation was not an obligation of Lehman Brothers Holdings Inc. ("LBHI"). In my case that other entity would be Lehman Brothers Inc. ("LBI"). *See* 342nd Omnibus Objection to Claims #16 (the "342nd Objection").

3. The available evidence indicates, however, that the obligation to pay this withheld portion was accrued, under agreements described below, as an obligation of LBHI, and the claim is properly made in this proceeding.

4.  I was employed by Lehman Brothers from January 1993 through September 2008, until the sale of Lehman Brothers' brokerage and investment banking operations to Barclays Capital in September 2008.

5.  During the years 2003 through 2008, I was employed by LBI as a commissioned sales person. As such, I was compensated by commissions determined by an agreed-upon percentage of the business I produced. A portion of these commissions was withheld from my monthly compensation payments, pursuant to agreements providing for the ongoing performance of contract obligations and the eventual issuance of stock by LBI's publicly-traded parent, LBHI. These agreements, referred to as Restricted Stock Unit Agreements or "RSU Agreements," were issued each year by LBHI. At some time in the future the withheld portion of my commissions was to be converted to common stock issued by LBHI, but there was no such conversion of the commissions at issue here, earned in the nine months before LBHI's Petition Date; the withheld amounts simply remained cash.

6.  Debtors' argument (342nd Objection at ¶¶ 16-18) that my claim for the withheld portion of my commissions is not properly presented in this proceeding is incorrect because the withholding of a portion of my commissions was pursuant to the RSU Agreements to which LBHI, and not LBI, was a party. For samples of the RSU Agreements provided to the Court by Debtors; see LBHI's Omnibus Reply to Responses to Debtors' [Eight] Omnibus Objections to Claims (to Reclassify Proofs of Claim as Equity Interests), Dec. 15, 2011, ECF Doc. 23470. LBHI is the contracting party in all of these Agreements.

7.  Between December 1, 2007 and August 31, 2008, the nine months before LBHI's and LBI's Petition Dates, a total of $362,226.03 was withheld from the commissions I earned during that period. This is the amount claimed in my Proof of Claim to which Debtors object in the 342nd Objection.

"Schedule G - Executory Contract or Unexpired Lease

11. Debtors also acknowledged that LBHI was the obligor under the RSU Agreements in Schedule G to its Petition. Copies of the relevant pages from Schedule G are attached as Exhibit 2.

12. In the 342nd Objection Debtors present no argument that the portion of my commissions withheld from my compensation during the period of December 2007 through August 2008 was withheld for any reason other than pursuant to LBHI's RSU Agreements. Accordingly, LBHI was correct in noting in the form of Proof of Claim it provided to me that my claim should be treated as an LBHI obligation and filed in this proceeding. The 342nd Objection provides no reason for a different approach now, nor any evidence that a different approach was ever warranted.

13. Finally, as a 15 year employee of Lehman Brothers, it was reasonable for me to rely on the instructions provided to me by LBHI in the forms of Proof of Claim it provided.

14. If this Court should decide that LBH should benefit from providing me with misleading instructions, then I respectfully request the Court to transfer my September 21, 2008 Proof of Claim to the LBI proceeding, effective as of the filing date of the Proof of Claim, September 21, 2009.

_____
Nicholas P. Howard

Dated: New York, New York
September 14, 2012

Sworn to before me this
14th day of September, 2012

_____
NOTARY PUBLIC

RICHARD J. SCHAGER, JR.
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SC4834248
Qualified in Kings County
My Commission Expires March 30, 2015

4