Presentment Date and Time:  September 24, 2012 at 10 a.m. (Prevailing Eastern Time)
Objection Deadline:  September 21, 2012 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed):  September 27, 2012 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                      :
In re                                    :         Chapter 11 Case No.
                                      :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :         08-13555 (JMP)
                                      :
                      Debtors.        :         (Jointly Administered)
                                      :
------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF SUPPLEMENTAL ORDER REINSTATING CLAIM**

        **PLEASE TAKE NOTICE** that the undersigned will present the annexed proposed order (the "Supplemental Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **September 24, 2012 at 10:00 a.m. (Prevailing Eastern Time)**.  The Supplemental Order supplements the Order Granting Debtors One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims), dated October 28, 2011, ECF No. 21382, and reinstates claim number 31657, which was previously disallowed and expunged, in part, and reclassified as an equity interest, in part.

        **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Supplemental Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **September 21, 2012 at 4:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the Supplemental Order may be signed.

        **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Supplemental Order on **September 27, 2012 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

        **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to

attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: September 14, 2012
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

2

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                          :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     :    **08-13555 (JMP)**
:
Debtors.                                              :    **(Jointly Administered)**
:
------------------------------------------------------------------x

## SUPPLEMENTAL ORDER REINSTATING CLAIM

WHEREAS Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the Debtors One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims), dated September 6, 2011, ECF No. 19714 (the "One Hundred Eighty-Fifth Omnibus Objection to Claims"), against claim number 31657 (the "Levine Claim"), which was filed by Richard S. Levine (the "Claimant");

WHEREAS the One Hundred Eighty-Fifth Omnibus Objection to Claims sought, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedures, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim, ECF No. 6664 (the "Procedures Order"), to disallow and expunge a portion of the Levine Claim on the grounds that LBHI has no liability for that portion of the Levine Claim and reclassify the remaining portion of

the Levine Claim as an equity interest on the grounds that ownership of the Equity Awards[1] constitutes an equity interest in LBHI, but does not constitute a claim against LBHI as such term is defined in section 101 of the Bankruptcy Code, all as more fully described in the One Hundred Eighty-Fifth Omnibus Objection to Claims;

WHEREAS the Court held a hearing on October 27, 2011 (the "Omnibus Hearing") to consider the relief requested in the One Hundred Eighty-Fifth Omnibus Objection to Claims;

WHEREAS the Court entered an order on October 28, 2011, ECF No. 21382, granting the relief requested in the One Hundred Eighty-Fifth Omnibus Objection to Claims (the "Order"), which, among other things, disallowed and expunged a portion of the Levine Claim and reclassified the remaining portion of the Levine Claim as an equity interest;

**IT IS HEREBY**:

ORDERED that the Levine Claim shall be restored to the official claims register and remain pending on the One Hundred Eighty-Fifth Omnibus Objection to Claims as if the order had not been entered with respect to the Levine Claim; and it is further

ORDERED that the Opposition to Debtors One Hundred Eighteenth Omnibus Objection to Claims, filed on August 17, 2011 [ECF No. 20996] and the Sur-Reply in Further Opposition to Debtors Seventy Third, One Hundred Eighteenth and Two Hundred Seventh Omnibus Objections to Claims, filed on February 14, 2012, [ECF No. 25715] shall be deemed a timely-filed response to the One Hundred Eighty-Fifth Omnibus Objection to Claims with respect to the Levine Claim; and it is further

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the One Hundred Eighty-Fifth Omnibus Objection to Claims.

2

ORDERED that the Omnibus Reply to Responses to Debtors Seventy-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 15406], the Omnibus Reply to Responses to Debtors One Hundred Eighteenth, One Hundred Thirtieth, One Hundred Thirty-First, One Hundred Thirty-Third, One Hundred Thirty-Fourth, One Hundred Thirty-Fifth, One Hundred Seventy-Sixth, and Two Hundred and Seventh Omnibus Objections to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 23470] and the Supplemental Annotated Omnibus Reply to Responses to Debtors Seventy-Third, One Hundred Eighteenth, One Hundred Thirtieth, One Hundred Thirty-First, One Hundred Thirty-Third, One Hundred Thirty-Fourth, One Hundred Thirty-Fifth, One Hundred Seventy-Sixth, and Two Hundred and Seventh Omnibus Objections to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 24951] shall be deemed timely-filed replies to the Levine Claim's responses to the One Hundred Eighty-Fifth Omnibus Objection to Claims; and it is further

ORDERED that the rights of LBHI and any other party in interest to object to the Levine Claim on any grounds are expressly preserved and unaffected by this Supplemental Order; and it is further

ORDERED that the Levine Claim shall be deemed to be included on Schedule 1 to the Order Establishing Discovery Procedures in Connection with Omnibus Objections to Reclassify Proofs of Claims as Equity Interests [ECF No. 30421], and the Claimant shall be subject to such order; and it is further

ORDERED that other than with respect to the Levine Claim, this Supplemental Order shall have no effect on the claims subject to the Order; and it is further

3

      ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to this Supplemental Order.

Dated: _____, 2012
       New York, New York

                                                                     UNITED STATES BANKRUPTCY JUDGE