**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------- X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | |
| | : | |
| Debtors. | : | |

------------------------------------------------------------------------- X

| | | |
|---|---|---|
| LEHMAN BROTHERS HOLDINGS INC., LEHMAN BROTHERS SPECIAL FINANCING INC., LEHMAN BROTHERS COMMODITY SERVICES INC., LEHMAN BROTHERS COMMERCIAL CORPORATION, and OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., | : : : : : : : : | |
| Plaintiffs and Proposed Plaintiff Intervenor, | : : : | |
| -against- | : : | Adversary Proceeding |
| | : | |
| JPMORGAN CHASE BANK, N.A., J.P. MORGAN MARKETS LIMITED (F/K/A BEAR STEARNS INTERNATIONAL LIMITED), J.P. MORGAN SECURITIES LTD., J. P. MORGAN VENTURES ENERGY CORPORATION, JP MORGAN CHASE AND CO., JPMORGAN BANK DUBLIN (F/K/A BEAR STEARNS BANK PLC), BEAR STEARNS CREDIT PRODUCTS INC. and BEAR STEARNS FOREX INC., | : : : : : : : : : : | No.  12-        (JMP) |
| Defendants. | : | |

------------------------------------------------------------------------- X

**COMPLAINT AND OBJECTION TO CLAIM NOS. 66451, 66453, 66454, 66455, 66462, 66470, 66472, 66473, 66474, AND 66476**

Plaintiffs Lehman Brothers Special Financing Inc. ("LBSF"), Lehman Brothers Commodity Services Inc. ("LBCS"), Lehman Brothers Commercial Corporation ("LBCC" and collectively with LBSF and LBCS, the "Lehman Subsidiaries"), and Lehman Brothers Holdings Inc. ("LBHI," and together with the Lehman Subsidiaries, the "Debtors") as debtors and debtors in possession, and the Official Committee of Unsecured Creditors (the "Committee"), by their undersigned attorneys, allege the following against defendants JPMorgan Chase Bank, N.A. ("JPMCB"), J.P. Morgan Markets Limited (f/k/a Bear Stearns International Limited) ("JPMM"), J.P. Morgan Securities Ltd. ("JPMSL"), J. P. Morgan Ventures Energy Corporation ("JPMVEC"), JPMorgan Chase & Co. ("JPMC & Co."), J.P. Morgan Bank Dublin (f/k/a Bear Stearns Bank Plc) ("JPMBD"), Bear Stearns Forex Inc. ("BSFX"), and Bear Stearns Credit Products Inc. ("BSCP" and collectively with JPMCB, JPMM, JPMSL, JPMVEC, JPMC & Co., JPMBD, and BSFX, the "JPMorgan Entities"):

### THE PARTIES

1.      LBHI is a Delaware corporation with its former principal business address at 745 Seventh Avenue, New York, New York 10019, and its current principal business address at 1271 Avenue of the Americas, New York, New York 10020.

2.      LBSF is a Delaware corporation with its former principal business address at 745 Seventh Avenue, New York, New York 10019, and its current principal business address at 1271 Avenue of the Americas, New York, New York 10020.

3.      LBCC is a Delaware corporation with its former principal business address at 745 Seventh Avenue, New York, New York 10019, and its current principal business address at 1271 Avenue of the Americas, New York, New York 10020.

4.      LBCS is a Delaware corporation with its former principal business address at 745 Seventh Avenue, New York, New York 10019, and its current principal business address at 1271 Avenue of the Americas, New York, New York 10020.

5.      The Committee is a statutory committee appointed by the Office of the United States Trustee under section 1102 of chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"), in the above-captioned chapter 11 cases on or about September 16, 2008.

6.      JPMCB is a national banking association chartered under the laws of the United States with its principal business address at 270 Park Avenue, New York, New York 10017.

7.      JPMM is organized under the laws of England with its principal business address at 125 London Wall, London, EC2Y 5AJ.

8.      JPMSL is organized under the laws of England with its principal business address at 125 London Wall, London, EC2Y 5AJ.

9.      JPMVEC is a Delaware corporation with its principal business address at 270 Park Avenue, New York, New York 10017.

10.     JPMC & Co. is a Delaware corporation with its principal business address at 270 Park Avenue, New York, New York 10017.

11.     JPMBD is organized under the laws of Ireland with its principal business address at Block 8, Harcourt Center, Floor 3, Charlotte Way, 2, Ireland.

12.     BSFX is a Delaware corporation with its principal business address at 383 Madison Avenue, New York, New York 10179.

13.   BSCP is a Delaware corporation with its principal business address at 383 Madison Avenue, New York, New York 10179.

### JURISDICTION AND VENUE

14.   The statutory predicates for the relief requested herein are sections 105, 502, 542, and 553 of the Bankruptcy Code, rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure, and 28 U.S.C. §§ 2201 and 2202.

15.   This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

16.   This Court can enter a final order resolving all claims and objections asserted herein within the meaning of 28 U.S.C. § 157(b)(1), and appeals, if any, shall be made pursuant to 28 U.S.C. § 158(a)(1).

### FACTUAL ALLEGATIONS

17.   Prior to LBHI's bankruptcy, the JPMorgan Entities and Lehman Subsidiaries were parties to a number of derivatives transactions under the following 10 master agreements (with their related schedules, confirmations, and credit support annexes, the "Master Agreements"):

|    | Date | Lehman Subsidiary | JPMorgan Entity | Type | Agreement |
|----|------|-------------------|-----------------|------|-----------|
| 1. | December 20, 1995 | LBSF | Morgan Guaranty Trust Co. of NY/JPMCB | ISDA | "LBSF-JPMCB Agreement" |
| 2. | February 14, 2003 | LBSF | JPMC & Co. | ISDA | "LBSF-JPMC & Co. Agreement" |
| 3. | January 6, 1993 | LBSF | Bear Stearns Bank Dublin/JPMBD | ISDA | "LBSF-JPMBD Agreement" |
| 4. | July 1, 2003 | LBSF | BSCP | ISDA | "LBSF-BSCP Agreement" |
| 5. | July 11, 2001 | LBSF | Bear Stearns International Limited/JPMM | ISDA | "LBSF-JPMM Agreement" |
| 6. | February 2, 2006 | LBCS | JPMCB | ISDA | "LBCS-JPMCB Agreement" |

|  | Date | Lehman Subsidiary | JPMorgan Entity | Type | Agreement |
|---|---|---|---|---|---|
| 7. | October 1, 2007 | LBCS | JPMSL | ISDA | "LBCS-JPMSL Agreement" |
| 8. | August 8, 2006 | LBCS | JPMVEC | ISDA | "LBCS-JPMVEC Agreement" |
| 9. | November 15, 1993 | LBCC | Morgan Guaranty Trust Co. of NY/JPMCB | ISDA | "LBCC-JPMCB Agreement" |
| 10. | March 9, 1995 | LBCC | BSFX | FEOMA | "LBCC-BSFX Agreement" |

18.     LBHI is a guarantor of the Lehman Subsidiaries' obligations under the Master Agreements and, therefore, is a "Credit Support Provider" under the Master Agreements.

(a)     *The JPMorgan Entities' Claims*

19.     The JPMorgan Entities' derivatives claims were calculated in a manner that violated the requirements of the Master Agreements, as well as the Bankruptcy Code.  *See* 2002 ISDA Master Agreement § 14; 1992 ISDA Master Agreement §14; 1995 Foreign Exchange and Options Master Agreement § 8.1(I)(i); 11 U.S.C. § 562.  Specifically, these claims have been inflated as a result of the following procedures: the selection of valuation dates other than the designated Early Termination Date; the inclusion of add-on charges for losses the JPMorgan Entities did not suffer; the failure of the JPMorgan Entities to apply portfolio aggregation to net offsetting positions; and the inconsistent valuation of trades to the JPMorgan Entities' advantage.  In addition, in the instances when the JPMorgan Entities acknowledged a termination amount was payable to the Lehman Subsidiaries under certain Master Agreements, they applied those amounts to satisfy their claims under other Master Agreements.  These setoffs violated the Bankruptcy Code because they lacked the mutuality required by Section 553.  *See* 11 U.S.C. § 553.  As a result, the JPMorgan Entities' derivatives claims should be reduced or disallowed, proper termination amounts that are owed to the Lehman Subsidiaries under the Master

Agreements should be paid by the JPMorgan Entities, and the setoffs should be turned over to the Lehman Subsidiaries.

      (b)    *The Stipulation*

20.    On July 2, 2009, this Court entered the Stipulation, Agreement and Order Exempting JPMorgan From the Obligation to Comply with Certain Requirements of the Bar Date Order Related to Derivative Contracts [Docket No. 4272] (the "Stipulation"). Among other things, the Stipulation required the JPMorgan Entities to supply the Debtors with documentation that would substantiate and explain their claims asserted under the Master Agreements. *See* Stipulation at ¶ 2.

21.    Between May 2010 and November 2010 the Debtors made written requests to the JPMorgan Entities to provide specific information underlying their derivatives claims. The JPMorgan Entities never provided this information. The Bar Date has passed and well over 30 days have elapsed since the Debtors requested this information. Therefore, the JPMorgan Entities' claims should be disallowed pursuant to the Stipulation.

## CAUSES OF ACTION

## COUNT I

### (Objection to Claim Under LBSF-JPMCB Agreement)

22.    Plaintiffs hereby incorporate the foregoing paragraphs as if fully stated herein.

23.    Pursuant to section 502(a) of the Bankruptcy Code, a proof of claim will not be deemed "allowed" if a party in interest objects thereto.

24.    On September 22, 2009, JPMCB filed proof of claim number 27189 against LBSF (as amended, proof of claim number 66455) and proof of claim number 27198

against LBHI (as amended, proof of claim number 66462) for, among other things, amounts allegedly due to JPMCB under the LBSF-JPMCB Master Agreement (the "LBSF-JPMCB Claim"). According to JPMCB, the amount of the LBSF-JPMCB Claim was $2,197,547,158.

25.    JPMCB's calculation of that claim is based on improper methodologies contrary to the LBSF-JPMCB Agreement, standards of commercial reasonableness and JPMCB's duty of good faith. As a result, the LBSF-JPMCB Claim is overstated in an amount to be determined at trial.

26.    The LBSF-JPMCB Claim should be reduced. Plaintiffs hereby expressly reserve the right to further object to the LBSF-JPMCB Claim, or any other claims filed by JPMCB, on any other basis.

## COUNT II

### (Breach of LBSF-JPMBD Agreement)

27.    Plaintiffs hereby incorporate the foregoing paragraphs as if fully stated herein.

28.    JPMBD acknowledged that as a result of the termination of the LBSF-JPMBD Agreement, it owed LBSF $959,936,576 as a termination amount. JPMBD netted this amount against the collateral held by LBSF resulting in a net payable due to LBSF in the amount of $34,642,742. JPMBD understated the amount payable to LBSF under the LBSF-JPMBD Agreement in an amount to be determined at trial.

29.    Notwithstanding JPMBD's obligations under the LBSF-JPMBD Agreement, JPMBD has refused to pay the proper termination amount to the LBSF estate.

30.    As a direct and proximate result of JPMBD's breach of the LBSF-JPMBD Agreement, LBSF has suffered damages in an amount to be determined at trial.

## COUNT III

### (Objection to Claim Under LBSF-JPMM Agreement)

31.    Plaintiffs hereby incorporate the foregoing paragraphs as if fully stated herein.

32.    Pursuant to section 502(a) of the Bankruptcy Code, a proof of claim will not be deemed "allowed" if a party in interest objects thereto.

33.    On September 22, 2009, JPMM filed proof of claim number 27192 against LBSF (as amended, proof of claim number 66451) and proof of claim number 27204 against LBHI (as amended, proof of claim number 66474) for, among other things, amounts allegedly due to JPMM under the LBSF-JPMM Master Agreement (the "LBSF-JPMM Claim"). According to JPMM, the amount of the LBSF-JPMM Claim was $19,659,834.

34.    JPMM's calculation of that claim is based on improper methodologies contrary to the LBSF-JPMM Agreement, standards of commercial reasonableness and JPMM's duty of good faith.  In fact, it is JPMM that owes LBSF under the LBSF-JPMM Agreement in an amount to be determined at trial.

35.    The LBSF-JPMM Claim should therefore be disallowed and expunged. Plaintiffs hereby expressly reserve the right to further object to the LBSF-JPMM Claim, or any other claims filed by JPMM, on any other basis.

## COUNT IV

### (Breach of LBSF-JPMM Agreement)

36.    Plaintiffs hereby incorporate the foregoing paragraphs as if fully stated herein.

37.    As described above, as a result of the termination of the LBSF-JPMM Agreement, JPMM owes LBSF a termination amount under that agreement.  Notwithstanding

JPMM's obligations under the LBSF-JPMM Agreement, JPMM has refused to pay this amount to the LBSF estate.

38.     As a direct and proximate result of JPMM's breach of the LBSF-JPMM Agreement, LBSF has suffered damages in an amount to be determined at trial.

## COUNT V

### (Objection to Claim Under LBCS-JPMCB Agreement)

39.     Plaintiffs hereby incorporate the foregoing paragraphs as if fully stated herein.

40.     Pursuant to section 502(a) of the Bankruptcy Code, a proof of claim will not be deemed "allowed" if a party in interest objects thereto.

41.     On September 22, 2009, JPMCB filed proof of claim number 27184 against LBCS (as amended, proof of claim number 66473) and proof of claim number 27198 against LBHI (as amended, proof of claim number 66462) for, among other things, amounts allegedly due to JPMCB under the LBCS-JPMCB Master Agreement (the "LBCS-JPMCB Claim"). According to JPMCB, the amount of the original LBCS-JPMCB Claim was $74,972,443. On April 1, 2010, JPMCB revised the LBCS-JPMCB Claim to $75,703,989.

42.     JPMCB's calculation of that claim is based on improper methodologies contrary to the LBCS-JPMCB Agreement, standards of commercial reasonableness and JPMCB's duty of good faith. As a result, the LBCS-JPMCB Claim is overstated in an amount to be determined at trial.

43.     The LBCS-JPMCB Claim should be reduced. Plaintiffs hereby expressly reserve the right to further object to the LBCS-JPMCB Claim, or any other claims filed by JPMCB, on any other basis.

## COUNT VI

### (Objection to Claim Under LBCS-JPMSL Agreement)

44.     Plaintiffs hereby incorporate the foregoing paragraphs as if fully stated herein.

45.     Pursuant to section 502(a) of the Bankruptcy Code, a proof of claim will not be deemed "allowed" if a party in interest objects thereto.

46.     On September 22, 2009, JPMSL filed proof of claim number 27186 against LBCS (as amended, proof of claim number 66453) and proof of claim number 27183 against LBHI (as amended, proof of claim number 66470) for, among other things, amounts allegedly due to JPMSL under the LBCS-JPMSL Agreement (the "LBCS-JPMSL Claim"). According to JPMSL, the amount of the amended LBCS-JPMSL Claim was $28,878,014.

47.     JPMSL's calculation of that claim is based on improper methodologies contrary to the LBCS-JPMSL Agreement, standards of commercial reasonableness and JPMSL's duty of good faith.  As a result, the LBCS-JPMSL Claim is overstated in an amount to be determined at trial.

48.     The LBCS-JPMSL Claim should be reduced.  Plaintiffs hereby expressly reserve the right to further object to the LBCS-JPMSL Claim, or any other claims filed by JPMSL, on any other basis.

## COUNT VII

### (Objection to Claim Under LBCS-JPMVEC Agreement)

49.     Plaintiffs hereby incorporate the foregoing paragraphs as if fully stated herein.

50.    Pursuant to section 502(a) of the Bankruptcy Code, a proof of claim will not be deemed "allowed" if a party in interest objects thereto.

51.    On September 22, 2009, JPMVEC filed proof of claim number 27187 against LBCS (as amended, proof of claim number 66454) and proof of claim number 27201 against LBHI (as amended, proof of claim number 66472) for, among other things, amounts allegedly due to JPMVEC under the LBCS-JPMVEC Master Agreement (the "LBCS-JPMVEC Claim").  According to JPMVEC, the amount of the LBCS-JPMVEC Claim was $7,808,956.

52.    JPMVEC's calculation of that claim is based on improper methodologies contrary to the LBCS-JPMVEC Agreement, standards of commercial reasonableness and JPMVEC's duty of good faith.  As a result, the LBCS-JPMVEC Claim is overstated in an amount to be determined at trial.

53.    The LBCS-JPMVEC Claim should be reduced.  Plaintiffs hereby expressly reserve the right to further object to the LBCS-JPMVEC Claim, or any other claims filed by JPMVEC, on any other basis.

## COUNT VIII

### (Objection to Claim Under LBCC-JPMCB Agreement)

54.    Plaintiffs hereby incorporate the foregoing paragraphs as if fully stated herein.

55.    Pursuant to section 502(a) of the Bankruptcy Code, a proof of claim will not be deemed "allowed" if a party in interest objects thereto.

56.    On September 22, 2009, JPMCB filed proof of claim number 27193 against LBCC (as amended, proof of claim number 66476) and proof of claim number 27198 against LBHI (as amended, proof of claim number 66462) for, among other things, amounts

allegedly due to JPMCB under the LBCC-JPMCB Agreement (the "LBCC-JPMCB Claim").

According to JPMCB, the amount of the LBCC-JPMCB Claim was $215,294,932.

57.    JPMCB's calculation of that claim is based on improper methodologies

contrary to the LBCC-JPMCB Agreement, standards of commercial reasonableness and

JPMCB's duty of good faith.  As a result, the LBCC-JPMCB Claim is overstated in an amount to

be determined at trial.

58.    The LBCC-JPMCB Claim should be reduced.  Plaintiffs hereby expressly

reserve the right to further object to the LBCC-JPMCB Claim, or any other claims filed by

JPMCB, on any other basis.

## COUNT IX

### (Breach of LBCC-BSFX Agreement)

59.    Plaintiffs hereby incorporate the foregoing paragraphs as if fully stated

herein.

60.    BSFX acknowledged that as a result of the termination of the LBCC-

BSFX Agreement, it owed LBCC $48,943,494 as a termination amount.  BSFX understated the

amount due to LBCC under the LBCC-BSFX Agreement in an amount to be determined at trial.

61.    Notwithstanding BSFX's obligations under the LBCC-BSFX Agreement,

BSFX has refused to pay the proper termination amount to the LBCC estate.

62.    As a direct and proximate result of BSFX's breach of the LBCC-BSFX

Agreement, LBCC has suffered damages in an amount to be determined at trial.

## COUNT X

### (Declaratory Judgment that the BSCP Setoff Violated Section 553 of the Bankruptcy Code and Is Subject to Turnover Under Section 542 of the Bankruptcy Code)

-12-

63.    Plaintiffs hereby incorporate the foregoing paragraphs as if fully stated herein.

64.    Under section 553 of the Bankruptcy Code, a creditor is able to "offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case . . . against a claim of such creditor against the debtor that arose before the commencement of the case." 11 U.S.C. § 553(a).

65.    Prior to filing the LBSF-JPMCB Claim, JPMCB paid itself in respect of that claim in part by setting off $3,042,523 against amounts owed by BSCP to LBSF under the LBSF-BSCP Agreement (the "BSCP Setoff").

66.    By effectuating the BSCP Setoff, JPMCB paid itself on account of its alleged claim against LBSF by netting such claim against a payable owed by BSCP to LBSF. Thus, the BSCP Setoff lacked mutuality.

67.    The parties to this action are the parties who have, or who may claim to have, an interest that may be affected by the declaration requested.

68.    This action is within the jurisdiction of this Court and Plaintiffs are entitled to declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

69.    An actual controversy exists between Plaintiffs and BSCP which is justiciable in character, and speedy relief is necessary to preserve the parties' respective rights.

70.    Plaintiffs therefore request a judgment (a) declaring the BSCP Setoff is not permitted under the Bankruptcy Code and (b) requiring JPMCB and/or BSCP to turn over to LBSF the amount of the BSCP Setoff.

## COUNT XI

**(Declaratory Judgment that the JPMBD Setoff Violated Section 553 of the Bankruptcy Code and Is Subject to Turnover Under Section 542 of the Bankruptcy Code)**

71.     Plaintiffs hereby incorporate the foregoing paragraphs as if fully stated herein.

72.     Under section 553 of the Bankruptcy Code, a creditor is able to "offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case . . . against a claim of such creditor against the debtor that arose before the commencement of the case." 11 U.S.C. § 553(a).

73.     Prior to filing the LBSF-JPMCB Claim, JPMCB paid itself in respect of that claim in part by setting off $34,642,742 against amounts owed by JPMBD to LBSF under the LBSF-JPMBD Agreement (the "JPMBD Setoff").

74.     By effectuating the JPMBD Setoff, JPMCB paid itself on account of its alleged claim against LBSF by netting such claim against a payable owed by JPMBD to LBSF. Thus, the JPMBD Setoff lacked mutuality.

75.     The parties to this action are the parties who have, or who may claim to have, an interest that may be affected by the declaration requested.

76.     This action is within the jurisdiction of this Court and Plaintiffs are entitled to declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

77.     An actual controversy exists between Plaintiffs and JPMBD which is justiciable in character, and speedy relief is necessary to preserve the parties' respective rights.

78.     Plaintiffs therefore request a judgment (a) declaring the JPMBD Setoff is not permitted under the Bankruptcy Code and (b) requiring JPMCB and/or JPMBD to turn over to LBSF the amount of the JPMBD Setoff.

## COUNT XII

**(Declaratory Judgment that the BSFX Setoff Violated Section 553 of the Bankruptcy Code and Is Subject to Turnover Under Section 542 of the Bankruptcy Code)**

79.     Plaintiffs hereby incorporate the foregoing paragraphs as if fully stated herein.

80.     Under section 553 of the Bankruptcy Code, a creditor is able to "offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case . . . against a claim of such creditor against the debtor that arose before the commencement of the case." 11 U.S.C. § 553(a).

81.     Prior to filing the LBCC-JPMCB Claim, JPMCB paid itself in respect of that claim in part by setting off $48,943,494 against amounts owed by BSFX to LBCC under the LBCC-BSFX Agreement (the "BSFX Setoff").

82.     By effectuating the BSFX Setoff, JPMCB paid itself on account of its alleged claim against LBCC by netting such claim against a payable owed by BSFX to LBCC. Thus, the BSFX Setoff lacked mutuality.

83.     The parties to this action are the parties who have, or who may claim to have, an interest that may be affected by the declaration requested.

84.     This action is within the jurisdiction of this Court and Plaintiffs are entitled to declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

85.     An actual controversy exists between Plaintiffs and BSFX which is justiciable in character, and speedy relief is necessary to preserve the parties' respective rights.

86.     Plaintiffs therefore request a judgment (a) declaring the BSFX Setoff is not permitted under the Bankruptcy Code and (b) requiring JPMCB and/or BSFX to turn over to LBCC the amount of the BSFX Setoff.

## COUNT XIII

### (Declaratory Judgment that the LBCS-JPMCB Setoff Violated Section 553 of the Bankruptcy Code and Is Subject to Turnover Under Section 542 of the Bankruptcy Code)

87.    Plaintiffs hereby incorporate the foregoing paragraphs as if fully stated herein.

88.    Under section 553 of the Bankruptcy Code, a creditor is able to "offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case . . . against a claim of such creditor against the debtor that arose before the commencement of the case." 11 U.S.C. § 553(a).

89.    Prior to filing the LBSF-JPMCB Claim, JPMCB paid itself in respect of that claim in part by setting off $37,158,179 against collateral posted by LBCS under the LBCS-JPMCB Agreement (the "LBCS-JPMCB Setoff").

90.    By effectuating the LBCS-JPMCB Setoff, JPMCB paid itself on account of its alleged claim against LBSF by netting such claim against a payable owed by JPMCB to LBCS.  Thus, the LBCS-JPMCB Setoff lacked mutuality.

91.    The parties to this action are the parties who have, or who may claim to have, an interest that may be affected by the declaration requested.

92.    This action is within the jurisdiction of this Court and Plaintiffs are entitled to declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

93.    An actual controversy exists between Plaintiffs and JPMCB which is justiciable in character, and speedy relief is necessary to preserve the parties' respective rights.

94.    Plaintiffs therefore request a judgment (a) declaring the LBCS-JPMCB Setoff is unlawful and not permitted under the Bankruptcy Code and (b) requiring JPMCB to turn over to LBCS the amount of the LBCS-JPMCB Setoff.

## COUNT XIV

**(Declaratory Judgment that the JPMVEC Setoff Violated Section 553 of the Bankruptcy Code and Is Subject to Turnover Under Section 542 of the Bankruptcy Code)**

95.    Plaintiffs hereby incorporate the foregoing paragraphs as if fully stated herein.

96.    Under section 553 of the Bankruptcy Code, a creditor is able to "offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case . . . against a claim of such creditor against the debtor that arose before the commencement of the case." 11 U.S.C. § 553(a).

97.    Prior to the filing of the initial LBCS-JPMVEC Claim, JPMVEC paid itself in respect of that claim in full by setting off against $7,808,956 in collateral posted by LBCS under the LBCS-JPMCB Agreement (the "JPMVEC Setoff").

98.    By effectuating the JPMVEC Setoff, JPMVEC paid itself on account of its alleged claim against LBCS by netting such claim against collateral posted by LBCS under the LBCS-JPMCB Master Agreement.  Thus, the JPMVEC Setoff lacked mutuality.

99.    The parties to this action are the parties who have, or who may claim to have, an interest that may be affected by the declaration requested.

100.    This action is within the jurisdiction of this Court and Plaintiffs are entitled to declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

101.    An actual controversy exists between Plaintiffs and JPMVEC which is justiciable in character, and speedy relief is necessary to preserve the parties' respective rights.

102.    Plaintiffs therefore request a judgment (a) declaring the JPMVEC Setoff is not permitted under the Bankruptcy Code and (b) requiring JPMCB and/or JPMVEC to turn over to LBCS the amount of the JPMVEC Setoff.

## <u>COUNT XV</u>

**(Declaratory Judgment that the JPMC & Co. Setoff Violated Section 553 of the Bankruptcy Code and Is Subject to Turnover Under Section 542 of the Bankruptcy Code)**

103.    Plaintiffs hereby incorporate the foregoing paragraphs as if fully stated herein.

104.    Under section 553 of the Bankruptcy Code, a creditor is able to "offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case . . . against a claim of such creditor against the debtor that arose before the commencement of the case." 11 U.S.C. § 553(a).

105.    Prior to filing the LBSF-JPMCB Claim, JPMCB paid itself in respect of that claim in part by setting off $95,630,552 against amounts owed by JPMC & Co. to LBSF under the LBSF-JPMC & Co. Agreement (the "JPMC & Co. Setoff").

106.    By effectuating the JPMC & Co. Setoff, JPMCB paid itself on account of its alleged claim against LBSF by netting such claim against a payable owed by JPMC & Co. to LBSF.  Thus, the JPMC & Co. Setoff lacked mutuality.

107.    The parties to this action are the parties who have, or who may claim to have, an interest that may be affected by the declaration requested.

108.    This action is within the jurisdiction of this Court and Plaintiffs are entitled to declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

109.    An actual controversy exists between Plaintiffs and JPMC & Co. which is justiciable in character, and speedy relief is necessary to preserve the parties' respective rights.

110.    Plaintiffs therefore request a judgment (a) declaring the JPMC & Co. Setoff is unlawful and not permitted under the Bankruptcy Code and (b) requiring JPMCB and/or JPMC & Co. to turn over to LBSF the amount of the JPMC & Co. Setoff.

## COUNT XVI

**(Declaratory Judgment that the JPMCB Setoff Violated Section 553 of the Bankruptcy
Code and Is Subject to Turnover Under Section 542 of the Bankruptcy Code)**

111.    Plaintiffs hereby incorporate the foregoing paragraphs as if fully stated
herein.

112.    Under section 553 of the Bankruptcy Code, a creditor is able to "offset a
mutual debt owing by such creditor to the debtor that arose before the commencement of the case
. . . against a claim of such creditor against the debtor that arose before the commencement of the
case." 11 U.S.C. § 553(a).

113.    Prior to filing the LBCS-JPMSL Claim, JPMSL paid itself in respect of
that claim in part by setting off $10,838,137 against collateral posted by LBCS under the LBCS-
JPMCB Agreement (the "JPMCB Setoff").

114.    By effectuating the JPMCB Setoff, JPMSL paid itself on account of its
alleged claim against LBCS by netting such claim against a payable owed by JPMCB to LBCS.
Thus, the JPMCB Setoff lacked mutuality.

115.    The parties to this action are the parties who have, or who may claim to
have, an interest that may be affected by the declaration requested.

116.    This action is within the jurisdiction of this Court and Plaintiffs are
entitled to declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

117.    An actual controversy exists between Plaintiffs and JPMCB and/or
JPMSL which is justiciable in character, and speedy relief is necessary to preserve the parties'
respective rights.

118.    Plaintiffs therefore request a judgment (a) declaring the JPMCB Setoff is unlawful and not permitted under the Bankruptcy Code and (b) requiring JPMCB and/or JPMSL to turn over to LBSF the amount of the JPMCB Setoff.

## COUNT XVII

### (Objection to Claims Filed by JPMorgan Entities)

119.    Plaintiffs hereby incorporate the foregoing paragraphs as if fully stated herein.

120.    Plaintiffs hereby object to the following claims:

LBSF-JPMCB Claim;

LBSF-JPMM Claim;

LBCS-JPMCB Claim;

LBCS-JPMSL Claim;

LBCS-JPMVEC Claim; and

LBCC-JPMCB Claim (collectively, the "Swap Claims").

121.    Pursuant to the terms of the Stipulation, the Swap Claims should be disallowed in their entirety based upon the failure of the JPMorgan Entities to provide documentation to the Lehman Subsidiaries in support of such claims, and the Plaintiffs hereby expressly reserve the right to further object to the Swap Claims, or any other claims filed by the JPMorgan Entities, on any other basis.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment against the JPMorgan Entities as follows:

A.      Sustaining the Plaintiffs' objections to the Swap Claims pursuant to the Stipulation and disallowing such claims in their entirety;

B.      Sustaining the Plaintiffs' objections to the LBSF-JPMCB Claim, the LBSF-JPMM Claim, the LBCS-JPMCB Claim, the LBCS-JPMSL Claim, the LBCS-JPMVEC Claim, and the LBCC-JPMCB Claim and reducing or disallowing such claims as set forth herein;

C.      Determining that the JPMorgan Entities have breached the LBSF-JPMBD Agreement, the LBSF-JPMM Agreement, and the LBCC-BSFX Agreement and owe the Lehman Subsidiaries damages in amounts to be determined at trial;

D.      Awarding declaratory judgments in favor of the Lehman Subsidiaries as set forth herein, including declaration of the parties' rights and obligations under the Master Agreements; and

E.      Awarding such other relief as this Court deems just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: September 14, 2012
New York, New York

Respectfully submitted,

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**
By: _/s/ Joseph D. Pizzurro_
Joseph D. Pizzurro
L.P. Harrison 3rd
Michael J. Moscato
Nancy E. Delaney
Peter J. Behmke
Cindi Eilbott Giglio
101 Park Avenue
New York, New York 10178-0061
(212) 696-6000

_Counsel for the Debtors and Debtors in
Possession_

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
By: _/s/ James Tecce_
Daniel Cunningham
Andrew J. Rossman
James Tecce
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000

Benjamin Odell
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000

_Special Counsel for the Official Committee
of Unsecured Creditors of Lehman Brothers
Holdings Inc._