Arthur J. Kenney (Claim # 27321 filed Sept. 22, 2009)

200 East End Avenue, Apt. 5-DE

New York City, NY 10128

(646) 756-5393

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |

-----------------------------------------------------------x

RESPONSE TO THREE HUNDRED FORTY-FIRST OMNIBUS OBJECTION FILED Aug. 14, 2012

Creditor Name & Address:

KENNEY, ARTHUR J.                    Claim Number:   27321

200 EAST END AVE, APT 5-DE       Date Filed:       9/22/2009

NEW YORK, NY 10128                   Classification and Amount: $646,800.00 Unsecured

*Arthur J. Kenney*  09-07-2012



I am Arthur J. Kenney, and worked as a commission salesman at Lehman Brothers for just over 25 productive years. I am representing myself on a *proprio persona* ("pro se") basis. May I make the following comments and rebuttals to the **Omnibus Objection 341**:

1) **AT THE TIME OF BANKRUPTCY IN SEPTEMBER, 2008, I WAS ALREADY ELIGIBLE TO RECEIVE RETIREE MEDICAL COVERAGE FOR ME AND MY SPOUSE.**

I joined Lehman Brothers on August 29, 1983 at the age of 37. **I satisfied "The Rule of 75" (age PLUS years-of-service) in the year 2002 (with 56 years of age PLUS 19 years of service)**. I continued *working* at Lehman Brothers as a productive commission salesman increasing revenues to Lehman Brothers each year after that. At the time of bankruptcy, in September 2008, my "point total" was "87 ½ points" (with 65 ½ years of age PLUS 25 years of service).

2) In OMIBUS OBJECTION 341 filed on August 14, 2012 by the Attorneys for LBHI and Certain of its Affiliates, counsel states in point 9 on page 4:
" 9. Certain of the No Liability Claims assert that LBHI is liable for the loss of medical benefits coverage. The Chapter 11 Estates are not liable for loss of coverage. The Summary Plan Description for the Lehman Brothers Holdings Inc. Group Benefits Plan (the "<u>Benefits Plan</u>"), attached hereto as <u>Exhibit B</u>, provides that the Benefits Plan can be changed or discontinued at any time without prior notice: …"

<u>**REBUTTAL TO OMNIBUS OBJECTION 341:**</u>

In the "Oklahoma Bar Journal" of 2004 (link provided below) by Kenni B. Merritt, an attorney with Crowe & Dunlevy, references that:

" … 15 Some courts have held that, if the benefit plan, by its terms, allows the employer to modify or terminate the benefit plan, so that the employer could have modified or terminated the retiree benefits outside of bankruptcy, a Chapter 11 employer could modify or terminate the benefit plan without proceeding under Section 1114.16 **However, a recent case held that whatever rights the employer might have had under the terms of the benefit plan or under non-bankruptcy law to modify or terminate the benefit plan are extinguished when the employer files Chapter 11 and that the bankrupt employer must go through Section 1114's cumbersome process.17.** (emphasis added).

17. In re Farmland Industries, Inc., 294 B.R. 903 (Bankr. W. D. Mo. 2003).

LINK (to full article):

Employee Benefits in Bankruptcy: The Employer's Perspective and the Employee's Perspective, The Oklahoma Bar Association Journal, 2004

Retiree Welfare Benefits

I *respectfully* reserve the right to amend this Proof of Claim in any way, including by amendment to supplement, clarify, recalculate, explain or reduce the claim as described on page 1.

**SUMMARY:**

May I request that this claim # 27321 for healthcare coverage, which was earned as part of my compensation package through over 25 years of my hard and successful work, be allowed.