# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re:  Lehman Brothers Holdings, Inc., et al.,    Case No.  08-13555 (JMP) (Jointly Administered)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

|  |  |
|---|---|
| **BHCO Master Ltd.** | **Barclays Bank PLC** |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

      BHCO Master Ltd.
      Attn: William Brown
      545 Madison Avenue
      New York, NY 10022
      wbrown@bhrcap.com

Court Claim # (if known):  61058
Amount of Claim:  $2,978,800
Amount of Allowed Claim:  $2,838,211.54
Date Claim Filed:  11/02/2009

Phone:  212-378-0834
Last Four Digits of Acct. #:  NA

Phone:  212-412-7529
Last Four Digits of Acct. #:  NA

Name and Address where transferee payments should be sent (if different from above):

      SAME AS ABOVE

Phone:
Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**BHCO Master Ltd.**

By: BHR Capital LLC, its Investment Advisor

    By: _____    Date:  9/12/12
    Name:
    Its:    **William Brown**
          **President**

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 & 3571.

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:      THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Barclays Bank PLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **BHCO Master Ltd.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 61058 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.      Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claim, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) all amounts due and owing in respect of each Purchased Security have been declared due and payable in accordance with the terms of one or more agreements or instruments relating to any such Purchased Security; and (h) Seller, in accordance with the terms of the Effective Plan (as defined below), submitted all requisite forms to the Debtor (on or prior to the deadline of March 23, 2012), including without limitation any tax forms and OFAC certificates, in order to receive distributions relating to the Transferred Claims pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors ("the Effective Plan"), dated December 5, 2011.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of

Schedule 1

Transferred Claims

Purchased Claim

On the original Proof of Claim filed on November 2, 2009, the Security/ISIN below represented $2,978,800.00, which is 100% of the total Proof of Claim principal amount of $2,978,800.00.

Pursuant to the Notice of Proposed Allowed Claim Amount dated August 24, 2011, the Security/ISIN below represents $2,838,211.54, which is 100% of the total Notice of Proposed Allowed Claim Amount of $2,838,211.54.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Issue of EUR 4,000,000 Notes Linked to the Lehman Brothers AREVO Strategy, due July 2010 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$ 60,000,000,000 Euro Medium-Term Note Program | XS0313100678 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 2,000,000 of EUR 2,000,000 USD 2,978,800.00 of USD 2,978,800.00 | n/a | July 23, 2010 | N/A |

Schedule 1-1

Error! Unknown document property name.
17523066.2.BUSINESS

Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Following the date of this Agreement, Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser; provided, however, that Seller shall be entitled to retain any distributions it received, in respect of the Transferred Claims, in connection with the initial distribution made by Debtor pursuant to the Effective Plan (which distributions occurred on April 17, 2012). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this  12ᵗʰ  day of September 2012.

**Barclays Bank PLC**

By: _____
Name:        **Carol Lin**
Title:        **Managing Director**

745 Seventh Ave
New York, NY 10019

**BHCO Master Ltd.**

By: BHR Capital LLC, its Investment Advisor

By: _____
Name:
Title:        **William Brown**
             **President**

545 Madison Avenue
New York, NY 10022

## CERTIFICATION REGARDING STATUS

Creditor Name: _BHCO Master Ltd._

Claim Number(s): _61058_

I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor (the "Creditor"), and hereby certify that neither the Creditor nor, to the best of the Creditor's knowledge, any person or entity for whom the Creditor may be acting or who may be the beneficial owner of the applicable claim(s), security/(ies), or interest(s) is a person or entity with whom it is illegal for a U.S. person to transact under the OFAC sanctions regulations and the list of Specially Designated Nationals and Blocked Persons.

_BHR CAPITAL LLC, as its investment advisor_

Dated: _9/12/12_

_____
Signature

Print Name **William Brown**
**President**

_____
Title (if applicable)

Form **W-8IMY**

(Rev. February 2006)

Department of the Treasury
Internal Revenue Service

## Certificate of Foreign Intermediary, Foreign Flow-Through Entity, or Certain U.S. Branches for United States Tax Withholding

▶ Section references are to the Internal Revenue Code.    ▶ See separate instructions.
▶ Give this form to the withholding agent or payer. Do not send to the IRS.

OMB No. 1545-1621

**Do not use this form for:**                                                                 **Instead, use Form:**

- A beneficial owner solely claiming foreign status or treaty benefits . . . . . . . . . . . . . . . W-8BEN
- A hybrid entity claiming treaty benefits on its own behalf . . . . . . . . . . . . . . . . . W-8BEN
- A person claiming that income is effectively connected with the conduct of a trade or business in the United States . . . . . . W-8ECI
- A disregarded entity. Instead, the single foreign owner should use . . . . . . . . . . . . W-8BEN or W-8ECI
- A foreign government, international organization, foreign central bank of issue, foreign tax-exempt organization, foreign private foundation, or government of a U.S. possession claiming the applicability of section(s) 115(2), 501(c), 892, 895, or 1443(b). . . . . W-8EXP

### Part I    Identification of Entity

| 1  Name of individual or organization that is acting as intermediary | 2  Country of incorporation or organization |
|---|---|
| **BHCO Master Ltd.** | **Cayman Islands** |

3  Type of entity—check the appropriate box:

☐ Qualified intermediary. Complete Part II.
☐ Nonqualified intermediary. Complete Part III.
☐ U.S. branch. Complete Part IV.
☐ Withholding foreign partnership. Complete Part V.

☐ Withholding foreign trust. Complete Part V.
☑ Nonwithholding foreign partnership. Complete Part VI.
☐ Nonwithholding foreign simple trust. Complete Part VI.
☐ Nonwithholding foreign grantor trust. Complete Part VI.

4  Permanent residence address (street, apt. or suite no., or rural route). **Do not use P.O. box.**

**89 Nexus Way**

| City or town, state or province. Include postal code where appropriate. | Country (do not abbreviate) |
|---|---|
| **Camana Bay, Grand Cayman KY1-9007** | **Cayman Islands** |

5  Mailing address (if different from above)

**10124 Foxhurst Court**

| City or town, state or province. Include postal code where appropriate. | Country (do not abbreviate) |
|---|---|
| **Orlando, FL 32836** | **United States** |

| 6  U.S. taxpayer identification number (if required, see instructions) ▶ 98-0435176 | 7  Foreign tax identifying number, if any (optional) |
|---|---|
| ☐ SSN or ITIN    ☑ EIN    ☐ QI-EIN | |

8  Reference number(s) (see instructions)

### Part II    Qualified Intermediary

9a  ☐ (All qualified intermediaries check here) I certify that the entity identified in Part I:

- Is a qualified intermediary and is not acting for its own account with respect to the account(s) identified on line 8 or in a withholding statement associated with this form **and**

- Has provided or will provide a withholding statement, as required.

b  ☐ (If applicable) I certify that the entity identified in Part I has assumed primary withholding responsibility under Chapter 3 of the Code with respect to the account(s) identified on this line 9b or in a withholding statement associated with this form ▶ ...................................................................

c  ☐ (If applicable) I certify that the entity identified in Part I has assumed primary Form 1099 reporting and backup withholding responsibility as authorized in its withholding agreement with the IRS with respect to the account(s) identified on this line 9c or in a withholding statement associated with this form ▶ ...............
...................................................................

### Part III    Nonqualified Intermediary

10a  ☐ (All nonqualified intermediaries check here) I certify that the entity identified in Part I is not a qualified intermediary and is not acting for its own account.

b  ☐ (If applicable) I certify that the entity identified in Part I is using this form to transmit withholding certificates and/or other documentary evidence and has provided or will provide a withholding statement, as required.

---

For Paperwork Reduction Act Notice, see separate instructions.          Cat. No. 25402Q          Form **W-8IMY** (Rev. 2-2006)

Form W-8IMY (Rev. 2-2006)                                                                                                      Page **2**

| Part IV | Certain United States Branches |

**Note:** *You may use this Part if the entity identified in Part I is a U.S. branch of a foreign bank or insurance company and is subject to certain regulatory requirements (see instructions).*

11 ☐ I certify that the entity identified in Part I is a U.S. branch and that the payments are not effectively connected with the conduct of a trade or business in the United States.

**Check box 12 or box 13, whichever applies:**

12 ☐ I certify that the entity identified in Part I is using this form as evidence of its agreement with the withholding agent to be treated as a U.S. person with respect to any payments associated with this certificate.

13 ☐ I certify that the entity identified in Part I:
   ● Is using this form to transmit withholding certificates or other documentary evidence for the persons for whom the branch receives a payment **and**
   ● Has provided or will provide a withholding statement, as required.

| Part V | Withholding Foreign Partnership or Withholding Foreign Trust |

14 ☐ I certify that the entity identified in Part I:
   ● Is a withholding foreign partnership or a withhholding foreign trust **and**
   ● Has provided or will provide a withholding statement, as required.

| Part VI | Nonwithholding Foreign Partnership, Simple Trust, or Grantor Trust |

15 ☑ I certify that the entity identified in Part I:
   ● Is a nonwithholding foreign partnership, a nonwithholding foreign simple trust, or a nonwithholding foreign grantor trust and that the payments to which this certificate relates are not effectively connected, or are not treated as effectively connected, with the conduct of a trade or business in the United States **and**
   ● Is using this form to transmit withholding certificates and/or other documentary evidence and has provided or will provide a withholding statement, as required.

| Part VII | Certification |

Under penalties of perjury, I declare that I have examined the information on this form and to the best of my knowledge and belief it is true, correct, and complete. Furthermore, I authorize this form to be provided to any withholding agent that has control, receipt, or custody of the income for which I am providing this form or any withholding agent that can disburse or make payments of the income for which I am providing this form.

**Sign Here** ▶ _____     _____
                          Signature of authorized official                              1/1/2012
                                                                          Date (MM-DD-YYYY)

Form **W-8IMY** (Rev. 2-2006)