UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
In re                                                        :    Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,                       :    08-13555 (JMP)
                                                             :
                                     Debtors.                :    (Jointly Administered)
                                                             :
------------------------------------------------------------ x

## AFFIRMATION OF CLAIMANT YERUCHIM LEVILEV IN OPPOSITION TO DEBTORS' 347th OMNIBUS OBJECTION (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS) DATED AUGUST 24, 2012

Yeruchim Levilev affirms under penalties of perjury as follows:

1. I was employed by Lehman Brothers from 1999 through September 2008. Upon the sale of Lehman Brothers' brokerage unit to Barclays in September 2008, my employment by Lehman Brothers was terminated.

2. For each year between 2003 and 2008 Lehman Brothers issued to me an "RSU Agreement", which documented that a portion of my compensation was withheld for payment in the future. Pursuant to the RSU Agreements, I recognized that I was contractually obligated to avoid engaging in any "Detrimental Activity" and that I had other ongoing contract obligations under these Agreements. *See, e.g.*, Debtors' Omnibus Reply to Responses to Debtors' 118th, 130th, 131st, 133d, 134th, 135th, 176th & 207th Omnibus Objections, Dec. 15, 2011, at pp. 65-68 (RSU Agreement for 2004).

3. After my entry into the RSU Agreements, including after the termination of my employment, I continued to perform all of those contractual obligations.

4.  After the Petition Date, Lehman Brothers provided a form of Proof of Claim, which I completed and filed on September 22, 2009. The Claim is attached as Exhibit 1. The Court acknowledged filing of this Proof of Claim by a date-stamp on September 22, 2009.

5.  Until Lehman Brothers' sale of the brokerage unit after the Petition Date, I was a salaried employee of Lehman Brothers, and a portion of my annual bonus compensation for each year was withheld and placed in an RSU account.

6.  On the first page of the attached Exhibit 1, the typed information under "Notice of Scheduled Claim," including the reference to "Schedule G - Executory Contract," was contained in the form when Debtors provided it to me. I added my phone number, email address, the amount of the claim, $10,430.42 (based on the Summary I presented from a Lehman Brothers website, which I attached), and my signature and date.

7.  As show on the summary attached to Exhibit 1, between 2003 and 2008 a total of $10,106 was withheld from my bonuses and placed in this RSU account. The practice followed each year by Lehman Brothers was to provide a form stating the bonus to which I was entitled for the year, and describing the portion of the bonus that was to be reserved by Lehman Brothers pursuant to the RSU Agreement for that year. The withheld amounts are shown on the Summary.

8.  I never paid tax on the portion of any amount reserved under the RSU Agreements, either that portion withheld from my bonus or that portion withheld from my commissions. For prior years, not at issue here, after my interests vested and I was permitted to draw down on my RSU account, Lehman Brothers would retain a portion in cash to pay the federal withholding tax, and then would use the balance to provide me with Lehman Brothers shares. The entire amount of the bonus was treated as ordinary income to me and was taxed at ordinary income rates. My understanding is that Lehman Brothers was entitled to a business

2

expense deduction for the amount of this portion of the bonus, but only at the time that it was actually paid.

9.  The economic substance of the RSU Agreements to me was that a portion of the bonus that had been declared for me that was held back, or a portion of my commissions was withheld and would be paid to me only after passage of five years, during which I was subject to ongoing contractual obligations. At no time did Lehman suggest that I had ever failed to perform any of these contractual obligations, the breach of which could result in rescission of my bonus. However, under the terms of the RSU Agreements, Lehman Brothers was not required to pay me anything from these reserved amounts, and in fact Lehman Brothers did not pay me anything, until five years after we entered into that RSU Agreement.

10. Even after vesting I was not permitted to draw down on the shares until five years after the date of the RSU Agreement. During this entire time my right to draw down on the shares was contingent on my continued performance of contract obligations.

Affirmed under penalties of perjury this 20th day of September, 2012.

_____
Yeruchim Levilev

# EXHIBIT 1

# PROOF OF CLAIM

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held: Lehman Brother holdings inc | Case No. of Debtor: 08-13555(JMP) |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000033565

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)
Yeruchim Levilev
786 Montgomery St.
Brooklyn, NY 11213

Telephone number: (718) 774-4487    Email Address: yclev@hotmail.com

Name and address where payment should be sent (if different from above)

Telephone number:    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**Notice Of Scheduled Claim:**
Your claim is scheduled by the indicator Debtor as:

**Scheduled G - Executory contract or Unexpired Lease**

**Description:**
Restricted Stock Unit Agreement

---

1. **Amount of Claim as of Date Case Filed:** $ 10,430.42
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Compensation
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
Amount of Secured Claim: $_____ Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☒ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$ 10,430.42

FOR COURT USE ONLY

FILED U.S. BANKRUPTCY COURT S.D.N.Y. 2009 SEP 22 P 4:04

---

Date: 9/22/09    Signature: [signed]
The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| Case No. | Debtor | Case No. | Debtor |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9).**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150-5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

### INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## LEHMAN BROTHERS (screenshot)

Address: http://my.lehman.com/LL/lehmanlive

LehmanLive 2.0 NEW  About This Content | Profile | Contact Us | Terms Of Use | Logon History | Log Off

Home  Fixed Income  Equities  Investment Banking  Investment Management  [illegible] Global Homepage  Admin

### Personal Award Summary

**LEHMAN BROTHERS - L*****an**

Data as of August 31, 2008

| Grant Date | Description | Grant Price | Grant Value* | Restriction Ends | Units Granted | Dividend Equivalents | Units Delivered | Units Vested* | Units Outstanding | Market Value at $0.29* |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/01/2008 | July 2008 RSU | $20.9500 | $460 | 11/30/2011 | 21.95 | 0.27 | 0.00 | 0.00 | 22.22 | $6 |
| 12/07/2007 | 2007 Firmwide Principal | $47.6000 | $1,725 | 11/30/2012 | 36.24 | 0.74 | 0.00 | 0.00 | 36.98 | $10 |
| 12/07/2007 | 2007 Firmwide Discount | $47.6000 | $575 | 11/30/2012 | 12.08 | 0.25 | 0.00 | 0.00 | 12.33 | $3 |
| 12/08/2006 | 2006 Firmwide Principal | $57.7700 | $1,643 | 11/30/2011 | 28.44 | 0.85 | 0.00 | 0.00 | 29.29 | $8 |
| 12/08/2006 | 2006 Firmwide Discount | $57.7700 | $548 | 11/30/2011 | 9.48 | 0.20 | 0.00 | 0.00 | 9.68 | $3 |
| 11/30/2005 | 2005 Firmwide Principal | $47.2500 | $1,339 | 11/30/2010 | 28.34 | 1.03 | 0.00 | 29.37 | 29.37 | $8 |
| 11/30/2005 | 2005 Firmwide Discount | $47.2500 | $446 | 11/30/2010 | 9.44 | 0.20 | 0.00 | 0.00 | 9.64 | $3 |
| 12/09/2004 | 2004 Firmwide Principal | $32.1750 | $1,264 | 11/30/2009 | 39.28 | 1.74 | 0.00 | 41.02 | 41.02 | $11 |
| 12/09/2004 | 2004 Firmwide Discount | $32.1750 | $421 | 11/30/2009 | 13.08 | 0.40 | 0.00 | 0.00 | 13.48 | $4 |
| 12/10/2003 | 2003 Firmwide Principal | $26.7700 | $1,264 | 11/30/2008 | 47.20 | 2.52 | 0.00 | 49.72 | 49.72 | $14 |
| 12/10/2003 | 2003 Firmwide Discount | $26.7700 | $421 | 11/30/2008 | 15.74 | 0.65 | 0.00 | 0.00 | 16.39 | $5 |
| **Total** | | | **$10,105** | | **261.27** | **8.85** | **0.00** | **120.11** | **270.12** | **$75** |
| **Total Equity** | | | | | | | | | | **$75** |

* Market value refers to the value of the underlying Lehman Brothers Holdings Inc. shares at the indicated stock price. The intrinsic value of stock options is calculated by multiplying the number of options outstanding by the difference between the indicated stock price and the option exercise price. Please note that the current market price is based on a delayed 20 minutes feed from Reuters. (11:12 AM EDT on September 22 2009)