HEARING DATE AND TIME: October 31, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: October 22, 2012 at 4:00 p.m. (Eastern Time)

---

**THE THREE HUNDRED FORTY-NINTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE THREE HUNDRED FORTY-NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                               :    Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :    08-13555 (JMP)
                                                    :
                        Debtors.                    :    (Jointly Administered)
-------------------------------------------------------------------x

**NOTICE OF HEARING ON
THREE HUNDRED FORTY-NINTH
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on September 21, 2012, Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors for certain entities in the above-referenced chapter 11 cases, filed its three hundred

US_ACTIVE:\44093086\4\58399.0008

forty-ninth omnibus objection to claims (the "Three Hundred Forty-Ninth Omnibus Objection to Claims"), and that a hearing to consider the Three Hundred Forty-Ninth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 31, 2012 at 10:00 a.m. (Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Forty-Ninth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **October 22, 2012 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Three Hundred Forty-Ninth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Forty-Ninth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: September 21, 2012
      New York, New York

           /s/ Robert J. Lemons
           Robert J. Lemons

           WEIL, GOTSHAL & MANGES LLP
           767 Fifth Avenue
           New York, New York 10153
           Telephone: (212) 310-8000
           Facsimile: (212) 310-8007

           Attorneys for Lehman Brothers Holdings Inc.
           and Certain of Its Affiliates

**HEARING DATE AND TIME: October 31, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: October 22, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                    :    Chapter 11 Case No.
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,             :    08-13555 (JMP)
                                                         :
                                Debtors.                 :    (Jointly Administered)
------------------------------------------------------------------x

**THREE HUNDRED FORTY-NINTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

---

**THIS THREE HUNDRED FORTY-NINTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED FORTY-NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

---

1

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

### Relief Requested

    1.  The Plan Administrator files this omnibus objection, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking to disallow and expunge certain claims for which the Chapter 11 Estates have no liability.

    2.  The Plan Administrator seeks to disallow and expunge the proofs of claim listed on Exhibit A annexed hereto (collectively, the "No Liability Claims") filed against the Chapter 11 Estates because the No Liability Claims assert claims for which the Chapter 11 Estates have no liability.

### Jurisdiction

    3.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

    4.  Commencing on September 15, 2008 (the "Commencement Date"), and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under title 11 of the Bankruptcy Code. These chapter 11 cases have been

2

consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.  On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order, including that "the Claims seek recovery of amounts for which the Debtors are not liable." *See* Procedures Order at 2.

6.  On December 6, 2011, the Court entered an order confirming the Plan. The Plan became effective on March 6, 2012 [ECF No. 23023]. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

## The No Liability Claims Should Be Disallowed and Expunged

7.  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

8.  The No Liability Claims assert claims for bonus payments or other compensation relating to the claimants' former employment with Eagle Energy Partners I, L.P. ("Eagle Energy"), a former subsidiary of Lehman Brothers Commodity Services ("LBCS"). Each of the claimants attached to their proofs of claim an agreement between such claimant and

3

Eagle Energy and certain Lehman entities (the "Original Agreement"). An order of the Court was entered on October 17, 2008 that authorized and approved the sale of Eagle Energy to EDF Trading ("EDF") [ECF No. 1126]

9.   LBHI reviewed the No Liability Claims and determined it needed further information to fully evaluate such claims. LBHI mailed letters to each claimant requesting such information. In response to the request, each of the claimants provided documentation to LBHI that indicates that the claimants remained employed by Eagle Energy following the sale of such entity to EDF, and that each of the claimants entered into a new employment agreement with Eagle Energy (the "Amended Agreements") following the acquisition by EDF. Each Amended Agreement expressly "amends and restates the terms and conditions of [each claimant's] employment and supersedes any prior letter or other agreements covering such matters." As such, the Original Agreements are no longer effective, and the Chapter 11 Estates are not liable for bonus payments or other compensation that was allegedly owed to the claimants.

10.  By entering into the Amended Agreements, the claimants agreed to forgo the right to receive amounts set forth in the Original Agreements and to instead receive the amounts set forth in the Amended Agreements from Eagle Energy. To the extent a claimant did receive amounts from Eagle Energy under the Amended Agreements, any recovery from LBHI or LBCS would be incremental to amounts received under the Amended Agreements, and would result in such claimant receiving more than such claimant was entitled to receive prior to the commencement of these cases.

11.  Due to the confidential nature of the Amended Agreements and certain of the claimants' requests that such documentation remain confidential, copies of the Amended Agreements are not attached hereto, but will be provided to the Court upon request.

4

12. LBHI respectfully requests that the Court enter an order disallowing and expunging the No Liability Claims.

## Reservation of Rights

13. LBHI reserves all rights to object on any other basis to any No Liability Claim as to which the relief requested herein is not granted.

## Notice

14. No trustee has been appointed in these chapter 11 cases. Notice of this Three Hundred Forty-Ninth Omnibus Objection to Claims has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on <u>Exhibit A</u>; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

15. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: September 21, 2012
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

6

**Exhibit A**

08-13555-mg    Doc 31039    Filed 09/21/12    Entered 09/21/12 17:04:39    Main Document
Pg 10 of 13

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**
**OMNIBUS OBJECTION 349: NO LIABILITY EMPLOYMENT RELATED**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 1 | BRELINSKY, MARYANN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 2/9/2009 | 2640 | $600,000.00 | $600,000.00 | None |
| 2 | BRELINSKY, MARYANN | 08-13885 (JMP) | Lehman Brothers Commodity Services Inc. | 2/9/2009 | 2641 | $600,000.00 | $600,000.00 | None |
| 3 | MOORE, ROBERT CODY | 08-13885 (JMP) | Lehman Brothers Commodity Services Inc. | 2/9/2009 | 2642 | $790,000.00 | $790,000.00 | None |
| 4 | MOORE, ROBERT CODY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 2/9/2009 | 2643 | $790,000.00 | $790,000.00 | None |
| 5 | SCHNEIDER, RUSSELL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/31/2009 | 9881 | $400,000.00 | $400,000.00 | None |
| | | | | TOTAL | | $3,180,000.00 | $3,180,000.00 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts                                                                                                                              Page 1 of 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :    08-13555 (JMP)
                                                               :
                        Debtors.                               :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED FORTY-NINTH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the three hundred forty-ninth omnibus objection to claims, dated September 21, 2012 (the "Three Hundred Forty-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking disallowance and expungement of the No Liability Claims on the basis that the Chapter 11 Estates have no liability for such claims, all as more fully described in the Three Hundred Forty-Ninth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Forty-Ninth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Three Hundred Forty-Ninth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Three Hundred Forty-Ninth Omnibus Objection to Claims establish just

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Forty-Ninth Omnibus Objection to Claims.

cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Forty-Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, claims listed on Exhibit 1 are disallowed and expunged with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Three Hundred Forty-Ninth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                                               UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44093086\4\58399.0008