**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THREE HUNDRED FIFTY-SECOND OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, JORDAN BRYK, AT 212-310-8034.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
**In re**                                  :    **Chapter 11 Case No.**
                                           :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, :    **08-13555 (JMP)**
                                           :
                        **Debtors.**       :    **(Jointly Administered)**
------------------------------------------------------------------x

**NOTICE OF HEARING ON THREE HUNDRED FIFTY-SECOND**
**OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)**

**PLEASE TAKE NOTICE** that on September 21, 2012, Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors for the entities in the above-referenced chapter 11 cases filed the three hundred fifty-

second omnibus objection to claims (the "Three Hundred Fifty-Second Omnibus Objection to

Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Fifty-Second

Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States

Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern

District of New York, One Bowling Green, New York, New York 10004, on **October 31, 2012**

**at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

                  **PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred

Fifty-Second Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-242, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP,

767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq., and Mark

Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta

Gasparini, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than

**October 22, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

US_ACTIVE:\44095034\3\58399.0011

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Three Hundred Fifty-Second Omnibus Objection to Claims or any

claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Three Hundred Fifty-Second Omnibus Objection to Claims, which order may be entered with no

further notice or opportunity to be heard offered to any party.

Dated: September 21, 2012
       New York, New York

                                        /s/ Robert J. Lemons
                                        Robert J. Lemons

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Lehman Brothers Holdings Inc.
                                        and Certain of Its Affiliates

US_ACTIVE:\44095034\3\58399.0011

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**THREE HUNDRED FIFTY-SECOND OMNIBUS**
**OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED FIFTY-SECOND OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, JORDAN BRYK, AT 212-310-8034.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced

chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents:

**Relief Requested**

1.      The Plan Administrator files this three hundred fifty-second omnibus

objection to claims (the "Three Hundred Fifty-Second Omnibus Objection to Claims"), pursuant

to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim filed in these

chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking disallowance and

expungement of the claims listed on Exhibit A annexed hereto.

2.      The Plan Administrator has examined the proofs of claim identified on

Exhibit A and has determined that the proofs of claim listed under the heading "*Claims to be*

*Disallowed and Expunged*" (collectively, the "Duplicative Claims") are duplicative, either

entirely or in substance, of the corresponding claims identified under the heading "*Surviving*

*Claims*" (collectively, the "Surviving Claims").  The Plan Administrator seeks the disallowance

and expungement from the Court's claims register of the Duplicative Claims and preservation of

the Plan Administrator's right to later object to any Surviving Claim on any basis.

3.      This Three Hundred Fifty-Second Omnibus Objection to Claims does not

affect any of the Surviving Claims and does not constitute any admission or finding with respect

2

US_ACTIVE:\44095034\3\58399.0011

to any of the Surviving Claims.  Further, the Plan Administrator reserves all its rights to object

on any basis to any Duplicative Claim as to which the Court does not grant the relief requested

herein.

### Jurisdiction

4.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

5.       Commencing on September 15, 2008, and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.       On January 14, 2010, the Court entered the Procedures Order, which

authorizes the filing of omnibus objections to no more than 500 claims at a time, on various

grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set

forth in the Procedures Order.

7.       On December 6, 2011, the Court approved and entered an order

confirming the Plan.  The Plan became effective on March 6, 2012.

8.       Pursuant to the Plan, the Plan Administrator is authorized to interpose and

prosecute objections to claims filed against the Chapter 11 Estates.

### The Duplicative Claims Should Be Disallowed and Expunged

9.       In reviewing the claims filed on the claims register in these cases and

maintained by the Court-appointed claims agent, the Plan Administrator has identified the claims

on Exhibit A as Duplicative Claims that are either exact duplicates or are in substance duplicates

3

of the corresponding Surviving Claims.  Specifically, the Duplicative Claims were filed by the

same claimants against the same Chapter 11 Estates, in most instances for the same dollar

amounts, and on account of the same obligations as the corresponding Surviving Claims.

10.    A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See*

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20,

2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a

claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and

property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

Accordingly, courts in the Southern District of New York routinely disallow and expunge

duplicative claims filed by the same creditor against the same debtors.  *See, e.g.*, *In re Worldcom,*

*Inc.*, Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005)

(expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL

31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel*

*Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate

claim).

12.    The Chapter 11 Estates cannot be required to pay on the same claim more

than once.  *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, &*

*Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an

identical injury are generally disallowed.").  Elimination of redundant claims will enable the Plan

4

Administrator to maintain a claims register that more accurately reflects the proper claims existing against the Chapter 11 Estates.

13.     The effective date for the Plan has occurred and the initial distributions commenced on April 17, 2012.  It would be inequitable and inappropriate for holders of claims subject to this objection to receive distributions on account of Duplicative Claims.  Accordingly, to avoid the possibility of a creditor receiving duplicative or multiple recoveries on its claim, the Plan Administrator requests that the Court disallow and expunge in their entirety the Duplicative Claims listed on Exhibit A.[1]  The Surviving Claims will remain on the claims register subject to further objections on any basis.

## Notice

14.     No trustee has been appointed in these chapter 11 cases.  Notice of this Three Hundred Fifty-Second Omnibus Objection to Claims has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

---

[1] Where a creditor has filed different documentation in support of the Duplicative Claim and the Surviving Claim, the Chapter 11 Estates will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

5

15.     No previous request for the relief sought herein has been made by the Plan

Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant

the relief requested herein and such other and further relief as is just.

Dated:  September 21, 2012
        New York, New York

                                        /s/ Robert J. Lemons
                                        Robert J. Lemons

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Lehman Brothers Holdings Inc.
                                        and Certain of Its Affiliates

US_ACTIVE:\44095034\3\58399.0011

**EXHIBIT A**

US_ACTIVE:\44095034\3\58399.0011

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 352: EXHIBIT A – DUPLICATIVE CLAIMS

| | CLAIMS TO BE DISALLOWED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED, THE ATTN: ERIC CHENG, SENIOR TRANSACTION MANAGER LEVEL 30, HSBC MAIN BUILDING, 1 QUEEN'S ROAD CENTRAL HONG KONG | 09/21/2009 | 08-13555 (JMP) | 20735 | $11,655,000.00 | HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED, THE ATTN: ERIC CHENG, SENIOR TRANSACTION MANAGER LEVEL 30, HSBC MAIN BUILDING, 1 QUEEN'S ROAD CENTRAL HONG KONG | 09/21/2009 | 08-13555 (JMP) | 20834 | $11,655,000.00* |
| 2 | HSBC TRUSTEE (C.I.) LIMITED ATTN: IAN GRAHAM, SENIOR MANAGER, CORPORATE SERVICES P.O. BOX 88 1 GRENVILLE STREET ST. HELIER, JERSEY, JE4 9PF UNITED KINGDOM | 09/21/2009 | 08-13888 (JMP) | 20782 | $2,750,672.00* | HSBC TRUSTEE (C.I.) LIMITED ATTN: IAN GRAHAM, SENIOR MANAGER, CORPORATE SERVICES P.O. BOX 88 1 GRENVILLE STREET ST. HELIER, JERSEY, JE4 9PF UNITED KINGDOM | 09/21/2009 | 08-13888 (JMP) | 20783 | $2,750,672.00* |
| 3 | HSBC TRUSTEE (C.I.) LIMITED ATTN: IAN GRAHAM, SENIOR MANAGER, CORPORATE SERVICES P. O. BOX 88 1 GRENVILLE STREET ST. HELIER, JE4 9PF UNITED KINGDOM | 09/21/2009 | 08-13555 (JMP) | 20824 | $12,806,289.00* | HSBC TRUSTEE (C.I.) LIMITED ATTN: IAN GRAHAM, SENIOR MANAGER, CORPORATE SERVICES P. O. BOX 88 1 GRENVILLE STREET ST. HELIER, JE4 9PF UNITED KINGDOM | 09/21/2009 | 08-13555 (JMP) | 20825 | $12,806,289.00* |

* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 352: EXHIBIT A – DUPLICATIVE CLAIMS**

| | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 4 KT CORPORATION 206 JEONGIA-DONG BUNDANG-GU SEONGNAM-SI GYEONGGI, KOREA, REPUBLIC OF | 11/02/2009 | 08-13555 (JMP) | 60902 | $14,851,674.00 | KT CORPORATION JEONGJA-DONG 206, BUNDANG-GU, SEONGNAM-SI, GYEONG-GI-DO SEOUL, KOREA, REPUBLIC OF | 01/28/2009 | 08-13555 (JMP) | 2122 | $14,851,674.00 |
| 5 MERRILL LYNCH CREDIT PRODUCTS, LLC TRANSFEROR: UNITED OVERSEAS BANK LIMITED (UOB) ATTN: JEFFERY BENESH AND RON TOROK BANK OF AMERICAS-3RD FLOOR ONE BRYAN PARK NEW YORK, NY 10036 | 09/15/2009 | 08-13555 (JMP) | 12858 | $4,572,174.74 | MERRILL LYNCH CREDIT PRODUCTS, LLC TRANSFEROR: UNITED OVERSEAS BANK LIMITED ATTN: JEFFREY BENESH AND RON TOROK BANK OF AMERICA TOWER-3RD FLOOR ONE BRYANT PARK NEW YORK, NY 10036 | 01/05/2009 | 08-13555 (JMP) | 1569 | $4,572,174.74 |

TOTAL    $46,635,809.74

* - Indicates claim contains unliquidated and/or undetermined amounts                    Page 2 of 2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :          **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :          **08-13555 (JMP)**
                                                         :
                              Debtors.                   :          **(Jointly Administered)**
-------------------------------------------------------------------x

**ORDER GRANTING THREE HUNDRED FIFTY-SECOND**
**OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)**

Upon the three hundred fifty-second omnibus objection to claims, dated

September 21, 2012 (the "Three Hundred Fifty-Second Omnibus Objection to Claims"),[2] of

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator

under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and

Its Affiliated Debtors, in accordance with section 502(b) of title 11 of the United States Code

(the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 6664], seeking disallowance and expungement of the duplicative claims on the

grounds that such claims are duplicative of the corresponding surviving claims, either exactly or

in substance, all as more fully described in the Three Hundred Fifty-Second Omnibus Objection

to Claims; and due and proper notice of the Three Hundred Fifty-Second Omnibus Objection to

Claims having been provided, and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Three Hundred Fifty-

Second Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Fifty-Second Omnibus Objection to Claims.

creditors, and all parties in interest and that the legal and factual bases set forth in the Three

Hundred Fifty-Second Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Fifty-Second Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "Duplicative Claims") are disallowed and expunged in their entirety with

prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading

"*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register

subject to the Plan Administrator's right to object as set forth herein; and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Duplicative Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that all information included on and all documentation filed in

support of any Duplicative Claims, including, but not limited to, derivative and guarantee

questionnaires and supporting documentation, shall be treated as having been filed in support of

the corresponding Surviving Claims; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the

Duplicative Claims constitutes any admission or finding with respect to any of the Surviving

Claims, and the Plan Administrator's rights to object to the Surviving Claims on any basis are

preserved; and it is further

2

US_ACTIVE:\44095034\3\58399.0011

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three

Hundred Fifty-Second Omnibus Objection to Claims under the heading "*Claims to be*

*Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) any Surviving

Claim; *provided, however*, that if the Court subsequently orders that a Surviving Claim is not

appropriately duplicative of the corresponding Duplicative Claim, then the claims agent shall be

authorized and directed to immediately reinstate such Duplicative Claim in these chapter 11

cases (the "Reinstated Claim"), and the rights of all interested parties with respect to the

Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

3