HEARING DATE AND TIME: October 31, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: October 22, 2012 at 4:00 p.m. (Eastern Time)

---

**THE THREE HUNDRED FIFTY-THIRD OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE THREE HUNDRED FIFTY-THIRD OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :    08-13555 (JMP)
                                               :
                Debtors.                       :    (Jointly Administered)
-------------------------------------------------------------------x
```

**NOTICE OF HEARING ON THREE HUNDRED FIFTY-
THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on September 21, 2012, Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

US_ACTIVE:\44095330\2\58399.0008

Debtors for certain entities in the in the above-referenced chapter 11 cases, filed the three hundred fifty-third omnibus objection to claims (the "<u>Three Hundred Fifty-Third Omnibus Objection to Claims</u>"), and that a hearing (the "<u>Hearing</u>") to consider the Three Hundred Fifty-Third Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 31, 2012 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Fifty-Third Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and received by no

2

later than **October 22, 2012 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Fifty-Third Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Fifty-Third Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: September 21, 2012
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

HEARING DATE AND TIME: October 31, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: October 22, 2012 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
|                                        |   |                          |
|----------------------------------------|---|--------------------------|
| In re                                  | : | Chapter 11 Case No.      |
|                                        | : |                          |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*,| : | 08-13555 (JMP)           |
|                                        | : |                          |
| Debtors.                               | : | (Jointly Administered)   |

-------------------------------------------------------------------x

**THREE HUNDRED FIFTY-THIRD OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

---

**THIS THREE HUNDRED FIFTY-THIRD OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED FIFTY-THIRD OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

---

US_ACTIVE:\44095330\2\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this three hundred fifty-third omnibus objection to claims (the "Three Hundred Fifty-Third Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement, in whole or in part, of the claims listed on Exhibit A annexed hereto.

2. The Plan Administrator has examined each proof of claim identified on Exhibit A (collectively, the "No Liability Claims") and has determined that, in each case as identified more specifically on Exhibit A, either (i) the applicable Chapter 11 Estate against which the claim is asserted has no liability for any part of the claim, or (ii) the applicable Chapter 11 Estate has no liability for a portion of the claim. The Plan Administrator, therefore, requests the No Liability Claims be disallowed and expunged to the extent set forth on Exhibit A.

3. The Plan Administrator reserves all rights to object on any other basis to any No Liability Claim as to which the Court does not grant the relief requested herein as well as to the portion of any No Liability Claim that is not the subject of this Objection.

2

**Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012 (the "Effective Date"). Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The No Liability Claims Should Be Disallowed and Expunged**

8. As a result of its review of the claims filed on the claims register in these chapter 11 cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the No Liability Claims as claims for which the Chapter 11 Estate against which the claim is filed does not have any liability, in whole or in part.

9. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See*

3

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

10. The Plan Administrator has evaluated the transactions underlying the No Liability Claims and the books and records of the Chapter 11 Estates. The No Liability Claims are asserted against Chapter 11 Estates that are not liable on any grounds for such claims to the extent set forth on Exhibit A. As described further on Exhibit A, the No Liability Claims do not set forth any legal justification for asserting a claim, in whole or in part, against the applicable Chapter 11 Estates.

11. The Effective Date has occurred and distributions began on April 17, 2012. If the No Liability Claims remain on the claims register in the filed amount, the potential exists for recoveries by parties who do not hold valid claims against the Chapter 11 Estates. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the No Liability Claims to the extent set forth on Exhibit A attached hereto.

## Notice

12. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Three Hundred Fifty-Third Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010

4

governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

13. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: September 21, 2012
   New York, New York

               /s/ Robert J. Lemons
               Robert J. Lemons

               WEIL, GOTSHAL & MANGES LLP
               767 Fifth Avenue
               New York, New York 10153
               Telephone: (212) 310-8000
               Facsimile: (212) 310-8007

               Attorneys for Lehman Brothers Holdings Inc.
               and Certain of Its Affiliates

# EXHIBIT A

US_ACTIVE:\44095330\2\58399.0008

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 353: EXHIBIT A – NO LIABILITY CLAIMS

|   | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ARGA LEBENSVERSICHERUNGS-AG ATTN: MR. GREGOR JOHN HOLLERITHSTRABE 11 MUNICH, D-81829 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15470 | $277,577.03* | Claim 15470 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 2 | BADEN-BADENER PENSIONSKASSE VVAG D-76522 BADED-BADEN, GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/13/2009 | 8152 | $375,106.00 | Claim 8152 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 3 | DWS COMMUNICATIONS FUND, INC. C/O JOHN MILLETTE SECRETARY & VICE PRES. OF THE DWS SECURITIES TRUST ONE BEACON STREET BOSTON, MA 02108 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 05/21/2012 | 68105 | $12,747,152.26 | This claim is based on LBHI's purported guarantee of certain obligations incurred by a non-Debtor affiliate of LBHI.  The Debtors' records reflect that the non-Debtor affiliate fully performed its obligations, and, therefore, LBHI is not liable for this claim. |
| 4 | E.ON AG ATTN: DR. PATRICK WOLFF E.ON PLATZ 1 DUSSELDORF, 40479 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22102 | $1,216,750.00 | Claim 22102 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 5 | ENAM SECURITIES PVT LTD. 109/112 DALAMAL TOWER NARIMAN POINT MUMBAI, 400021 INDIA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25332 | $15,219.00 | Claim 25332 asserts a claim based on LBHI's purported guarantee of obligations related to trades allegedly executed on behalf of Lehman Brothers Asia Ltd. A/C LB India Holdings Cayman II Ltd.  Claimant does not provide any basis or support for the guarantee claim and LBHI does not have any liability for the underlying trades. |

## OMNIBUS OBJECTION 353: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 6 | ETALK CORPORATION<br>2200 ROSS AVENUE, SUITE 3500<br>DALLAS, TX 75201 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/14/2009 | 8672 | $84,697.64 | The Debtors' records reflect that Claim 8672 is based on a transaction or transactions between claimant and Lehman Brothers Bank FSB (now known as Aurora Bank FSB), a non-Debtor entity. LBHI has no liability to claimant for such transaction or transactions. |
| 7 | FRANKLIN AMERICAN MORTGAGE COMPANY<br>C/O ROGER G. JONES<br>BRADLEY ARANT BOULT CUMMINGS, LLP<br>1600 DIVISION STREET, SUITE 700<br>NASHVILLE, TN 37203 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/21/2009 | 1832 | $475,312.19 | Claim 1832 identifies Lehman Brothers Inc., a domestic affiliate of the Debtors that is not a Debtor in these jointly administered chapter 11 cases, as the entity liable under the claim. |
| 8 | KIRCHLICHE ZUSATZVERSORGUNGSKASSE DES VERBANDES<br>DER DIOZESEN DEUTSCHLANDS<br>AM ROMERTURM 8<br>COLOGNE, 50667<br>GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22649 | $842,814.89 | Claim 22649 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 9 | KREIS EUSKIRCHEN<br>ABT. 20<br>JULICHER RING 32<br>EUSKIRCHEN, 53879<br>GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15250 | $683,496.92 | Claim 15250 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 10 | LUDWIGSFELDE, STADT<br>RATHAUSSTRASSE 3<br>LUDWIGSFELDE, 14974<br>GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32501 | $175,754.00 | Claim 32501 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |

OMNIBUS OBJECTION 353: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 11 | NISCAYAH, INC.<br>2400 COMMERCE AVENUE, BLDG 1100, SUITE 500<br>DULUTH, GA 30096 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 05/05/2009 | 4219 | $63,988.42 | The Debtors' records reflect that Claim 4219 is based on a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant for such transaction or transactions. |
| 12 | RHEINBAHN AG<br>HANSAALLEE 1<br>40549 DUSSELDORF<br><br>GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/16/2009 | 13453 | $1,459,523.20 | Claim 13453 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 13 | SHINKONG INSURANCE CO., LTD.<br>12F, NO. 15, CHIENKUO NORTH ROAD SEC 2<br>TAIPEI,<br>TAIWAN, PROVINCE OF CHINA | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 12/31/2008 | 1514 | $2,030,666.66 | This claim was filed by a holder of securities (the "Security Holder") that were issued by Crown City CDO 2005-1, an entity unaffiliated with the Debtors. The Debtors did not issue the securities to the Security Holder and are not liable for any payments to the holder of such securities. |
| 14 | STADT FREIBURG IM BREISGAU, STADTKAEMMEREI<br>ATTN: MR. BERND NUSSBAUMER<br>FAHNENBERGPLATZ 4<br>FREIBURG, DE-79098<br>GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27013 | $1,181,411.49 | Claim 27013 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 15 | STADT TROISDORF-DER BURGERMEISTER<br>KOLNER STR. 176<br>53840 TROISDORF,<br>GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/14/2009 | 12084 | $333,876.95 | Claim 12084 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 16 | STADTVERWALTUNG PADERBORN<br>AM ABDINGHOF 11<br>PADERBORN, 33098<br>GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/14/2009 | 8352 | $27,960.00 | Claim 8352 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 353: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 17 | U.S. BANK NATIONAL ASSOCIATION U.S. BANK OPERATIONS CENTER ATTN: TRUST FINANCE MANAGEMENT LOCKBOX SERVICES-CM9705 PO BOX 70870 ST. PAUL, MN 55170-9705 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31049 | Undetermined* | LBHI does not have any liability to this claimant for the bonds identified in the claim. |
| 18 | UNIMAC FINANCIAL 350 MICHELA PLACE CARLSTADT, NJ 07072 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/13/2009 | 8151 | $105,767.68 | The Debtors' records reflect that Claim 8151 is based on a transaction or transactions between claimant, on the one hand, and Lehman Brothers Inc., a non-Debtor entity, and/or Lehman Brothers Limited, also a non-Debtor entity, on the other hand. LBHI has no liability to claimant for such transaction or transactions. |

OMNIBUS OBJECTION 353: EXHIBIT A – NO LIABILITY CLAIMS

| # | Claimant | Case No. | Debtor | Date Filed | Claim # | Amount | Reason |
|---|---|---|---|---|---|---|---|
| 19 | LMA SPC FOR AND ON BEHALF OF MAP 42 SEGREGATED PORTFOLIO C/O LIGHTHOUSE INVESTMENT PARTNERS ATTN: DAVID POLLOK 3801 PGA BLVD, SUITE 500 PALM BEACH GARDENS, FL 33410 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26902 | $131,695.00* | Claim 26903 (the "Direct Claim") and Claim 26902 (the "Guarantee Claim," and, together with the Direct Claim, the "Derivatives Claims") are filed by a party to an ISDA Master Agreement (the "ISDA") involving claimant and Lehman Brothers Special Financing Inc. ("LBSF"), as counterparties, and Lehman Brothers Holdings Inc. ("LBHI" and, together with LBSF, the "Debtors"), as guarantor of LBSF's obligations under the ISDA.  In the Direct Claim, claimant asserts that it is owed $101,695.00 for amounts that it deposited in an account at Lehman Brothers International (Europe) ("LBIE")—a foreign affiliate of the Debtors that is not a Debtor in these chapter 11 cases—on the basis that such amounts relate to the ISDA.  Additionally, claimant asserts that it is owed not less than $30,000.00 for legal and related fees and expenses associated with claimant's enforcement and protection of rights under the ISDA.  In the Guarantee Claim, claimant seeks to recover against LBHI as guarantor of such purported obligations.  The Debtors have no liability to the claimant on the Derivatives Claims.  First, the Debtors' records reflect that there were no executed trades related to the ISDA or other requirements that any of the parties provide payment or post collateral on account of the ISDA.  Second, claimant is not entitled to legal fees and expenses, particularly because there are no trades or payment obligations under the ISDA.  Third, the Debtors are not liable for transactions between claimant and LBIE, specifically for any payments or deposits made by claimant to LBIE that do not relate to the ISDA. |
| 20 | LMA SPC FOR AND ON BEHALF OF MAP 42 SEGREGATED PORTFOLIO C/O LIGHTHOUSE INVESTMENT PARTNERS ATTN: DAVID POLLOK 3801 PGA BLVD, SUITE 500 PALM BEACH GARDENS, FL 33410 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 26903 | $131,695.00* | |
| | | | | | TOTAL | $22,360,464.33 | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

---------------------------------------------------------------x

### ORDER GRANTING THE THREE HUNDRED FIFTY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the three hundred fifty-third omnibus objection to claims, dated September 21, 2012 (the "Three Hundred Fifty-Third Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims to the extent that they assert claims for which the applicable Chapter 11 Estates do not have any liability, all as more fully described in the Three Hundred Fifty-Third Omnibus Objection to Claims; and due and proper notice of the Three Hundred Fifty-Third Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Fifty-Third Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Fifty-Third Omnibus Objection to Claims.

factual bases set forth in the Three Hundred Fifty-Third Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Three Hundred Fifty-Third Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and expunged, with prejudice, to the extent set forth therein; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three Hundred Fifty-Third Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto and (ii) the portion of any No Liability Claim that is not the subject of the Three Hundred Fifty-Third Omnibus Objection to Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                                      UNITED STATES BANKRUPTCY JUDGE