HEARING DATE AND TIME: October 31, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: October 22, 2012 at 4:00 p.m. (Eastern Time)

---

**THE THREE HUNDRED FIFTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO RECLASSIFY AS GENERAL UNSECURED CLAIMS CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE THREE HUNDRED FIFTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S
COUNSEL, KYLE J. ORTIZ, AT (212)-310-8392.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,       :    08-13555 (JMP)
                                                   :
                           Debtors.                :    (Jointly Administered)
---------------------------------------------------------------x

**NOTICE OF HEARING ON THREE HUNDRED FIFTY-SEVENTH OMNIBUS
OBJECTION TO CLAIMS (MISCLASSIFED CLAIMS)**

**PLEASE TAKE NOTICE** that on September 21, 2012, Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors for certain entities in the above-referenced chapter 11 cases, filed its three hundred fifty-

US_ACTIVE:\44097915\3\58399.0011

seventh omnibus objection to claims (the "<u>Three Hundred Fifty-Seventh Omnibus Objection to Claims</u>"), and that a hearing to consider the Three Hundred Fifty-Seventh Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 31, 2012 at 10:00 a.m. (Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Fifty-Seventh Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Maurice Horwitz, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **October 22, 2012 at 4:00 p.m. (Prevailing Eastern Time)** (the "<u>Response Deadline</u>").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Fifty-Seventh Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Fifty-Seventh Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  September 21, 2012
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME: October 31, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: October 22, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
|                                            |   |                          |
|--------------------------------------------|---|--------------------------|
| In re                                      | : | Chapter 11 Case No.      |
|                                            | : |                          |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (JMP)           |
|                                            | : |                          |
| Debtors.                                   | : | (Jointly Administered)   |

-------------------------------------------------------------x

**THREE HUNDRED FIFTY-SEVENTH OMNIBUS OBJECTION**
**TO CLAIMS (MISCLASSIFIED CLAIMS)**

---

**THIS THREE HUNDRED FIFTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO RECLASSIFY AS GENERAL UNSECURED CLAIMS CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED FIFTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KYLE J. ORTIZ, AT (212)-310-8392.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. LBHI files this three hundred fifty-seventh omnibus objection to claims (the "Three Hundred Fifty-Seventh Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking to reclassify as unsecured claims the claims listed on Exhibit A annexed hereto.

2. The Plan Administrator has examined the proofs of claim identified on Exhibit A (the "Claims") in which the claimants allege that their claims are entitled to secured or priority status.

3. But the Plan Administrator has determined that the Claims asserted as secured or priority claims should be reclassified as general unsecured claims because, for the reasons described below, the claims do not meet the criteria required for entitlement to secured or priority status. The Plan Administrator, therefore, requests that the Court reclassify as general unsecured claims each Claim listed on Exhibit A in the amounts and priorities set forth in the "*Modified*" column.

2

### Jurisdiction

4.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

5.    Commencing on September 15, 2008 (the "Commencement Date") and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.    On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7.    On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023].  The Plan became effective on March 6, 2012.

8.    Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

### The Claims

9.    The Claims listed on Exhibit A annexed hereto assert claims based on the following:

- A claim held by Princeton Young Achievers, Inc. (the "Princeton Claim"), in connection with an un-cashed check from Lehman Brothers, Inc. related to a matching charitable gift asserted with priority pursuant to section 507(a)(4) of the Bankruptcy Code;

3

- Two claims by the Archdiocesan Pension Plan (the "Archdiocesan Claims"), asserted with priority pursuant to section 507(a)(5) of the Bankruptcy Code; and

- A claim by Magnetar Structured Credit Fund, L.P. (the "Magnetar Claim"), asserted as a secured claim based on an alleged right of setoff.

**The Claims Should Be
Reclassified as General Unsecured Claims**

10. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection to a proof of claim is filed, the allowed amount of such claim must be determined "as of the date of the filing of the petition." 11 U.S.C. § 502(b). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

**I.    The Princeton Claim Is Not Entitled to Section 507(a)(4) Priority**

11. The Princeton Claim is asserted as a priority claim for commissions, fees, or wages pursuant to section 507(a)(4) of the Bankruptcy Code. The Princeton Claim is for an un-cashed check and is not for commissions, fees, or wages earned. Princeton Young Achievers, Inc. ("Princeton"), was not an employee or independent contractor of LBHI. Indeed, section 507(a)(4) claims are limited to claims based on earnings by an individual or by a corporation with only 1 employee. 11 U.S.C. § 507(a)(4). Princeton does not meet this criterion.

4

12. Accordingly, to preserve the Bankruptcy Code's intended order of priority and to prevent improper recovery, the Plan Administrator requests entry of the Proposed Order reclassifying the Princeton Claim in the amount and priority listed on Exhibit A in the "*Modified*" column.

## II. The Archdiocesan Claims Are Not Entitled to Section 507(a)(5) Priority

13. The Archdiocesan Claims are asserted as priority claims for contributions to an employee benefit plan pursuant to section 507(a)(5) of the Bankruptcy Code. The Archdiocesan Claims are claims arising from derivatives contracts and appear to have no relation to any employee benefit plan of LBHI. The fact that the Archdiocesan Pension Plan is itself an employee benefit plan has no bearing on section 507(a)(5) priority status. The Archdiocesan claims are not claims for "contributions to an employee benefit plan" and thus do not meet the criteria for section 507(a)(5) priority status and should be reclassified.

14. Accordingly, to preserve the Bankruptcy Code's intended order of priority and to prevent improper recovery, the Plan Administrator requests entry of the Proposed Order reclassifying the Archdiocesan Claims in the amount and priority listed on Exhibit A in the "*Modified*" column.

## III. The Magnetar Claim Improperly Seeks Secured Status

15. The Magnetar Claim asserts that it is secured "to the extent [Magnetar] asserts a right of setoff." But, while section 506(a)(1) provides that a claim this is "subject to setoff under Section 553" is a secured claim, the claimant has not asserted any obligation that it is seeking to setoff against the Magnetar Claim. There is not a valid basis for a secured claim.[1] Indeed, the Supreme Court has held that conferring secured status "to a claimant not clearly

---

[1] This objection does not seek to modify or impact in any way any claimant's valid right of setoff that may be asserted in the future.

entitled thereto is not only inconsistent with the policy of equality of distribution; it dilutes the value of the priority for those creditors Congress intended to prefer." *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 667 (2006) (citations omitted); *see also In re WorldCom, Inc.*, 362 B.R. 96, 120 (Bankr. S.D.N.Y. 2007) (reclassifying a purportedly secured claim as unsecured because it was based on a lapsed lien); *Karakas v. Bank of New York (In re Karakas)*, case No. 06-32961, Chapter 13, Adv. Pro. No. 06-80245, 2007 Bankr. LEXIS 1578, at *22-23 (Bankr. N.D.N.Y. May 3, 2007) (reclassifying a purportedly secured claim as unsecured based on calculation of the value of underlying property).

16. Accordingly, to preserve the Bankruptcy Code's intended order of priority and to prevent improper recovery, the Plan Administrator requests entry of the Proposed Order reclassifying the Magnetar Claim in the amount and priority listed on Exhibit A in the "*Modified*" column.

## Reservation of Rights

17. The Plan Administrator reserves all rights to object on any basis to any Claim or any portion of any Claim as to which the relief requested herein is not granted, and to object to the allowance of any Claim once it has been reclassified.

## Notice

18. No trustee has been appointed in these Chapter 11 Cases. Notice of this objection has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these

6

cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

19.     No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: September 21, 2012
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

# EXHIBIT A

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 357: EXHIBIT A – PROOFS OF CLAIM TO BE RECLASSIFIED AS UNSECURED

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | ARCHDIOCESAN PENSION PLAN<br>C/O ART MONTEGARI, DIRECTOR<br>1011 FIRST AVENUE<br>NEW YORK, NY 10022 | 22685 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Priority | $29,794.87 | Unsecured | $29,794.87 |
| 2 | ARCHDIOCESAN PENSION PLAN<br>C/O ART MONTEGARI, DIRECTOR<br>1011 FIRST AVENUE<br>NEW YORK, NY 10022 | 22686 | 09/21/2009 | Lehman Brothers Holdings Inc. | Priority | $29,794.87 | Unsecured | $29,794.87 |
| 3 | MAGNETAR STRUCTURED CREDIT FUND LP<br>C/O MAGNETAR FINANCIAL LLC<br>ATTN: SUSAN FURMAN<br>1603 ORRINGTON AVENUE, 13TH FLOOR<br>EVANSTON, IL 60201 | 12713 | 09/15/2009 | Lehman Brothers Special Financing Inc. | Secured | $153,888.00 | Unsecured | $153,888.00 |
| 4 | PRINCETON YOUNG ACHIEVERS INC<br>25 VALLEY ROAD<br>PRINCETON, NJ 08540-0000 | 8789 | 08/20/2009 | Lehman Brothers Holdings Inc. | Priority | $1,000.00 | Unsecured | $1,000.00 |
| | | | | | TOTAL | $214,477.74 | TOTAL | $214,477.74 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

† - Indicates that the Debtor on the filed proof of claim has been previously ordered modified to the Debtor listed on this exhibit

Page 1 of 1

US_ACTIVE:\44100140\1\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                          :      Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :      08-13555 (JMP)
                                                               :
              Debtors.                                    :      (Jointly Administered)
------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED FIFTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (REDUCE OR RECLASSIFY, AND ALLOW)

Upon the three hundred fifty-seventh omnibus objection to claims, dated September 21, 2012 (the "Three Hundred Fifty-Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to reclassify the Claims on the basis that the priorities are greater than the fair, accurate and reasonable priorities determined by the Plan Administrator after a review of the claimants' supporting documentation and the Chapter 11 Estates' books and records, as more fully described in the Three Hundred Fifty-Seventh Omnibus Objection to Claims; and due and proper notice of the Three Hundred Fifty-Seventh Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Three Hundred Fifty-Seventh Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Fifty-Seventh Omnibus Objection to Claims.

US_ACTIVE:\44097915\3\58399.0011

and that the legal and factual bases set forth in the Three Hundred Fifty-Seventh Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Fifty-Seventh Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that (i) each Claim listed on Exhibit 1 annexed hereto is reclassified in the amount and priority set forth on Exhibit 1 in the "*Modified*" column; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim or portion of any claim listed on Exhibit A to the Three Hundred Fifty-Seventh Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2