STAMELL & SCHAGER, LLP
One Liberty Plaza, 35th Floor
New York, NY 10006-1404
Telephone:  (212) 566-4047
Facsimile:   (212) 566-4061
Email:  schager@ssnyc.com
Richard J. Schager, Jr.

*Counsel to Claimant Anshuman Goyal*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                                            :
                                                                                    :   Chapter 11 Case No. 08-13555 (JMP)
                                                                                    :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :   (Jointly Administered)
                                                                                    :
                                        Debtors.                     :
-----------------------------------------------------------------x

### RESPONSE OF CLAIMANT ANSHUMAN GOYAL IN OPPOSITION TO DETORS' 347th OMNIBUS OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

**This Statement of Opposition to the Debtors 347th Omnibus Objection** is submitted on behalf of Claimant Anshuman Goyal (the "Claimant").  Mr. Goyal's Claim No. 2292 claim seeks to enforce an obligation to pay $4,176,740.27 in unpaid compensation.  Debtors' Objection with respect to this claim should be denied because

- While Debtors' characterize Claim No. 2292 as an equity claim, the governing Employment Agreements only reserved for Debtors the *discretion* to issue a portion of the agreed-upon compensation in the form of an equity award.  Debtors never exercised that discretion and never issued an equity award, and the compensation obligation remained unchanged.

- Assuming the Employment Agreements made Claimant a party to Debtors' standard RSU Agreements (and Debtors submit no evidence of this), Debtors' Objection should be denied for the reasons stated in the Responses in Opposition to Debtors' 313th Omnibus Objection, Doc. 29254, filed and served by the

undersigned counsel on July 6, 2012, a copy of which is filed and served herewith.

This Opposition is filed and served two business days following the response deadline, pursuant to an adjournment granted by Debtors to Claimant's prior counsel, to permit the undersigned to appear for Claimant.

## FACTS

The facts relevant to Claim No. 2292 and this Opposition to the 347th Omnibus Objection are set forth in the Affirmation of Anshuman Goyal filed and served herewith.

The fundamental factual flaw in Debtors' Objection, as it applies to Claimant, is that his Claim No. 2292 is not a claim under the Restricted Stock Unit agreements that are at issue in the 12 prior "convert-to-equity" Omnibus Objections. Claimant has based his claim on two Employment Agreements, which were attached to his Proof of Claim for Claim No. 2292 and are filed herewith as Exhibit 3 and 4. In those agreements, Lehman Brothers reserved the right, "[a]t the Firm's discretion, [to pay] a portion of your total compensation in a form of conditional equity awards" Ex. 3 at p. 1 (2007 Employment Agreement); Ex. 4 at pp. 1-2 (2008 Employment Agreement). Debtors' never exercised this discretion, however, and the compensation obligations under the Employment Agreements remained simply cash obligations due to Claimant, and as to which to Claimant remains a general creditor.

## ARGUMENT

1. The Employment Agreements Created a Cash Compensation
   Obligation; Lehman Brothers Never Converted It to Equity

Section 502(a) of the Bankruptcy Code provides that a claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. §502(a). "A proof of claim executed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of

2

the claim." Fed. R. Bankr. P. 3001(f). "To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman v. Novak (In re Reilly),* 245 B.R. 768, 773 (2d Cir. B.A.P. 2000), citing *In re Allegheny Int'l, Inc.,* 954 F.2d 167 (3d Cir. 1992) and *In re Giordano,* 234 B.R. 645, 650 (Bankr. E.D. Pa. 1999). A bankruptcy claim "cannot be defeated by mere formal objection," which is all that Debtors have submitted here. *In re Sabre Shipping Corp.,* 299 F.Supp. 97, 99 (S.D.N.Y. 1969). If the objector does not "introduce[] evidence as to the invalidity of the claim or the excessiveness of its amount, the Claimant need offer no further proof of the merits of the validity and the amount of the claim." 4 L. King, et al., *Collier on Bankruptcy* ¶502.03[3][f] (rev. ed. 2007). The objector must produce "evidence equal in force to the *prima facie* case" in order to succeed in its objection. *In re Oneida Ltd.,* 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009).

Debtors have failed to satisfy their burden of presenting sufficient evidence to overcome the prima facie validity of Claimant's Proof of Claim. In paragraph 9 of the Objection, the only paragraph that applies to Claimant, Debtors provide a bewildering characterization of Claimant's claim, criticizing Claimant for failing to provide "any explanation of the type of Equity Awards that were allegedly granted" or any "documentation that evidences in interest in specific Equity Awards." 347th Omnibus Objection ¶ 9. Claimant's Claim No. 2292, however, does not claim an interest in an "Equity Award allegedly granted" -- Claimant simply claim cash compensation that was due to him.

As outlined in the attached affirmation of Anshuman Goyal, he entered into successive employment agreements that created an obligation for Lehman Brothers to compensate him for

3

the profits he created. Lehman Brothers had the discretion to pay a portion of this compensation in the form of an equity award, but (as their silence concedes) Debtors never did so.

It is not Claimant's obligation to document a claim he has not made. If Debtors want to recharacterize Claimant's claim as an equity interest, it is Debtors' burden to "come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman*, 245 B.R. at 773. To satisfy their burden of presenting evidence sufficient to overcome the prima facie validity of Claimant's Proof of Claim, Debtors' would have to come forward with some documentary or testimonial evidence supporting the claim that the obligation Claimant seeks to enforce was an obligation to compensate him with an Equity Award. Debtors' have failed to do so.

2. Debtors' Effort to Subordinate Compensation Claims to Equity Should be Denied

Debtors' 347th Omnibus Objection is the thirteenth in a series of Omnibus Objections attempting to reclassify as equity interests the claims of former employees for unpaid compensation. Debtors' Objection should be denied for the reasons stated in the Responses in Opposition to Debtors' 313th Omnibus Objection, Doc. 29254, filed and served by the undersigned counsel on July 6, 2012, a copy of which is filed and served herewith.

*    *    *    *    *

The Debtors' 347th Omnibus Objection, as to unpaid compensation to Claimant Anshuman Goyal of $4,176,740.27, should be denied.

Respectfully submitted,

By:      /s/
Richard J. Schager, Jr., Esq.
STAMELL & SCHAGER, LLP
One Liberty Plaza, 35th Floor
New York, New York  10006-1404
Telephone:     (212) 566-4047
Facsimile:      (212) 566-4061
schager@ssnyc.com

Dated:  New York, New York
       September 25, 2012