STAMELL & SCHAGER, LLP
One Liberty Plaza, 35th Floor
New York, NY 10006-1404
Telephone: (212) 566-4047
Facsimile: (212) 566-4061
Email: schager@ssnyc.com
Richard J. Schager, Jr.

*Counsel to Claimant Anshuman Goyal*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                    :
                                                         :    Chapter 11 Case No. 08-13555 (JMP)
                                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    (Jointly Administered)
                                                         :
                     Debtors.                            :
-----------------------------------------------------------x

## AFFIRMATION OF CLAIMANT ANSHUMAN GOYAL IN OPPOSITION TO DEBTORS' 347th OMNIBUS OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

Anshuman Goyal affirms under penalties of perjury.

1. I was employed by Lehman Brothers in 2007 as a portfolio manager for one or more of Lehman Brothers' "FX Group Proprietary Portfolios". I remained employed by Lehman Brothers until the sale of its trading and investment banking unit to Barclay Capital in September 2008. In this proceeding, I timely filed a Proof of Claim on January 30, 2009. A copy of this Proof of Claim is filed herewith as Exhibit 2, with its Exhibits filed herewith as Exhibit nos. 3-8 (the "Proof of Claim").

2. The terms of my employment were memorialized by agreements dated August 31, 2007 (the "2007 Employment Agreement") and July 8, 2008, as revised on September 11, 2008 (the "2008 Employment Agreement" and, collectively with the 2007 Employment Agreement,

the "Agreements"). Copies of these Agreements were annexed as Exhibit A to my Proof of Claim and are filed herewith as Exhibits 3 and 4.

3. My claim has two distinct parts, the first for compensation earned in 2007, and the second for compensation earned in 2008.

4. I have claimed $627,828 for the unpaid portion of my compensation for the year Dec. 1, 2006 to Nov. 30, 2007 (termed the "2007 Performance Year"). My total bonus compensation for the 2007 Performance Year was to be paid in two installments. The first installment is not at issue here. The second installment was accrued over the course of the 200<u>7</u> Performance Year. My 2007 Employment Agreement states that "[t]he Second Installment will be *entirely in cash*," and was to be paid at the end of the 200<u>8</u> Performance Year, one year after it was accrued. 2007 Employment Agreement (Ex. 3 hereto), at p. 2 (emphasis added).

5. On September 15, 2008, following Debtors' Petition Date, Eileen M. Sullivan, Senior Vice President of Lehman Brothers, confirmed for me that I was eligible to receive this Second Installment of my 2007 Performance Bonus, estimated at $627,828. A copy of Ms. Sullivan's letter was annexed as Exhibit B to my Proof of Claim and is filed herewith as Exhibit 5.

6. I also have claimed $3,548,912.27 for the unpaid portion of my compensation for 2008 Performance Year. My 2008 Employment Agreement states that, "*[a]t the Firm's discretion*, a portion of [my] total compensation for the 2008 Performance Year (including the full Performance Bonus) will be payable in conditional equity awards . . . ." 2008 Employment Agreement (Ex. 4 hereto), at pp. 1-2 (emphasis added). My Performance Bonus, however, was not discretionary -- it was defined by a calculation set forth in Exhibit A to my Employment

2

Agreement. *Id.* at p. 5. The reserved discretion applied only to the portion of the Performance Bonus that the Firm could pay by means of an Equity Award. *Id.* at p. 1-2.

7. At no time did the Firm exercise its discretion to pay "a portion of [my] total compensation for the Performance Year in conditional equity awards . . . ." *Id.* at 1-2. The passage quoted by Debtors of at 9 of the 347th Omnibus Objection omits the words "as set forth above" (without noting the elision), words that makes the passage contingent on the Firm's exercise of its discretion. Compare 2008 Employment Agreement at p. 2 with p. 7 (Ex. 4 hereto). The Firm may have had the discretion to designate a portion of my compensation as an equity award; however, as Debtors lack of evidence concedes, the Firm never did so, and the compensation obligation remained a cash obligation.

8. In an email dated September 16, 2008, my manager, Kaushik Amin, specified that my performance period for purposes of 2008 bonus calculations would be measured as of the prior Friday, September 12, 2008. A copy of Mr. Amin's email was annexed as Exhibit C to my Proof of Claim and is filed herewith as Exhibit 6.

9. A Lehman Brothers Foreign Exchange Options P&L Report marked "Trade Date 9/12/2008" showed a year to date P&L for the group or groups for which I was responsible. It was annexed as Exhibit D to my Proof of Claim and is filed herewith as Exhibit 7. A table showing the calculation of my 2008 performance bonus as $3,548,912.27 was annexed as Exhibit E to my Proof of Claim is filed herewith as Exhibit 8.

10. In objecting to my Claim No. 2292, Debtors only note that I attached my 2008 Employment Agreement, quote a passage from it out of context, and complain that I did not "provide[] any explanation of the type of Equity Awards that were allegedly granted, [or]

3

documentation that evidences an interest in specific Equity Awards." 347th Omnibus Objection ¶ 9, Doc. 30357.

11.  But my Claim No. 2292 was not a claim for an equity award, it was a claim to enforce Debtors' obligation to compensate me for the profits I produced. If the Firm exercised its discretion to convert my compensation to equity (which it did not), then it is Debtors' obligation to provide the documentation.

12.  If the Firm failed to exercise its discretion to pay a portion of my compensation by means of an equity award (as it did here), the contractual undertaking to compensate me remained.

Affirmed under penalties of perjury this 25th day of September, 2012.

_____
Anshuman Goyal