B 10 (Official Form 10) (12/07)

**ORIGINAL**

| UNITED STATES BANKRUPTCY COURT Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Lehman Brothers Holdings, Inc. | Case Number:<br>08- 13555 (JMP) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 USC. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
ANSHU GOYAL

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

1000129902 LBI 12/1/2008 *78000085087*
ANSHU GOYAL
5 E 22ND ST # 16 C
NEW YORK NY 10010-5325
Telephone number:

MICHAEL R. DAL LAGO, ESQ.
MORRISON COHEN LLP
909 THIRD AVENUE
NEW YORK NY 10022
(212) 735-8600

Court Claim Number:_____
*(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:**         $4,176,740.27 (See Attached Rider)

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** _____
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim (See instruction #4 on reverse side.)**
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe:

   Value of Property: $_____ Annual Interest Rate ___%

   Amount of arrearage and other charges as of time case filed included in secured claim,

   if any: $_____   Basis for perfection: _____

   Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

   Specify the priority of the claim.

   ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

   ■ Wages, salaries, or commissions (up to $10,950) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. §507 (a)(4).

   ☐ Contributions to an employee benefit plan—11 U.S.C. §507 (a)(5).

   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. §507 (a)(7).

   ☐ Taxes or penalties owed to governmental units — 11 U.S.C. §507 (a)(8).

   ☐ Other— Specify applicable paragraph of paragraph of 11 U.S.C. §507 (a)(___)

   **Amount entitled to priority:**
   **$10,950**

   *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits: The amount of all payments on this proof of claim.
7. Documents: Attach redacted copies of any notes, purchase orders, invoices, itemized statements of running agreements. You may also attach a summary. Attach redacted security interest.
You may also attach a summary. (See definition DO NOT SEND ORIGINAL DOCUMENTS SCANNING    ROYED AFTER

If the documents are not available, please explain:

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000002292

Date: 1/26/2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

ANSHU GOYAL    /s/ Anshu Goyal

FILED / RECEIVED
JAN 30 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§152 and 3571.

#1535094 v1 \020542 \0001

## RIDER TO ANSHUMAN GOYAL'S PROOF OF CLAIM
## AGAINST LEHMAN BROTHERS HOLDINGS INC.

Anshuman Goyal ("Goyal") submits this rider in further support of his proof of claim against Lehman Brothers Holdings, Inc. ("Debtor"). Concurrently with the filing of this proof of claim, Goyal will also be filing a proof of claim against Lehman Brothers Inc. ("LBI"), a party to the proceeding under the Securities Investor Protection Act of 1970, as amended ("SIPA Proceeding"), which is currently pending in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") bearing Case No. 08-01420 (JMP) SIPA. By doing so, Goyal does not seek duplicative recovery from the Debtor and LBI. Rather, Goyal is filing such claim in an abundance of caution in the event that he is entitled to a distribution in either (or both) the SIPA Proceeding and the Debtor's chapter 11 case.

On September 15, 2008, the Debtor filed a voluntary petition in the Bankruptcy Court seeking relief under chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"). Subsequently, 18 additional affiliates of the Debtor also filed voluntary petitions in the Bankruptcy Court seeking relief under chapter 11 of the United States Bankruptcy Code.

On September 19, 2008, the United States District Court for the Southern District of New York entered an Order granting the application of the Securities Investor Protection Corporation ("SIPC") for issuance of a Protective Decree adjudicating that the customers of LBI are in need of the protection afforded by the Securities Investor Protection Act of 1970. James W. Giddens was appointed trustee for the liquidation of the business of LBI. The liquidation has been referred to and is now being administered under the auspices of United States Bankruptcy Judge James M. Peck.

#1535374 v1 \099998 \0038

Prior to September 19, 2008, Goyal was an employee of LBI and served as a portfolio manager for one or more of the "FX Group Proprietary Portfolios." The terms of Goyal's employment with LBI were memorialized by letter agreement, dated August 31, 2007 ("2007 Employment Agreement") and by letter agreement, dated July, 2008, as revised on September 11, 2008 ("2008 Employment Agreement" and collectively with the 2007 Employment Agreement, the "Employment Agreements"). A copy of the Employment Agreements are annexed hereto as Exhibit A.

Goyal is owed a total of $4,176,740.27 for unpaid compensation that LBI promised to pay Goyal in exchange for his services as an employee of LBI. Specifically, Goyal is owed the following:

1. The sum of $627,828 for the unpaid portion of Goyal's compensation for financial year 2007. This amount was confirmed as being owed to Goyal by the LBI in a letter, dated September 15, 2008. A copy of this letter is annexed hereto as Exhibit B. Reference is also made to the 2007 Employment Agreement.

2. The sum of $3,548,912.27 for the unpaid portion of Goyal's compensation for financial year 2008. The following documents are hereby submitted as demonstrative proof of this amount being owed by LBI to Goyal:

    - The 2008 Employment Agreement.
    - A copy of LBI's email, dated September 16, 2008, from Goyal's manager, Kaushik Amin, specifying how the performance period for the year 2008 would be measured up to September 12, 2008 (Annexed hereto as Exhibit C).

#1535374 v1 \099998 \0038                                    2

- A copy of the total performance of the year 2008 for which Goyal was responsible, illustrating a total performance of $37,370,593.00 (Annexed hereto as Exhibit D).
- A table showing the calculation of this claim amount based on the total performance for which Goyal was responsible (Annexed hereto as Exhibit E)

Based on these documents, Goyal is owed a total of $4,176,740.27 for unpaid compensation. In addition, because the amount claimed herein relates to unpaid wages or salary earned by Goyal within 180 days before LBI's cessation of business, Goyal is entitled to a priority claim of $10,950, in accordance with section 507(a)(4) of the Bankruptcy Code.

As stated above, Goyal is filing this claim against the Debtor in an abundance of caution and only to the extent that the Debtor is liable for any portion of the amount that is owed by LBI. To the extent that the Debtor is not liable for any portion of Goyal's claim against LBI, Goyal will voluntarily withdraw this claim against the Debtor. In no way is Goyal seeking an inappropriate duplicative payment from the Debtor on the basis of Goyal's claim against LBI. Again, this claim is merely being filed to preserve Goyal's rights to a distribution from the Debtor, but only to the extent that such distribution is proper in this case.

Therefore, in total, Goyal asserts the following claims against the Debtor:

1. The sum of $10,950 as a unsecured priority claim under section 507(a)(4) of the Bankruptcy Code; and

2. The sum of $4,165,790.27 as a general unsecured claim.

#1535374 v1 \099998 \0038                                    3

**NOTE**: Goyal reserves the right to amend and supplement this proof of claim and/or to file additional proofs of claim for any additional claims. The filing of this proof of claim is not intended to be, and shall not be construed as, (a) an election of remedy, (b) a waiver or limitation of any rights of Goyal, (c) a consent to the determination of the Debtor's liability to Goyal by any particular court, including, but not limited to, the Bankruptcy Court, and (d) a consent to the jurisdiction or venue of any particular court, including, but not limited to, the Bankruptcy Court. Goyal reserves his setoff and recoupment rights to the extent permitted by applicable law.

Goyal also asserts the following additional claims, to the extent that such claims exist: (a) contingent claims, and (b) claims which may be presently in amounts not fully ascertainable, but to be later provided if such claims are estimated and/or liquidated.

To the extent that this proof of claim, which is being filed against Lehman Brothers Holdings, Inc., is filed against the wrong debtor, Goyal hereby asserts such claim against all subsidiaries and/or affiliates or parents of Lehman Brothers Holdings, Inc. that have filed voluntary petitions for relief under the Bankruptcy Code. By such assertion, Goyal does not seek duplicate recoveries, but is merely reserving his rights to any distributions that he is entitled to.

**GOYAL SPECIFICALLY REQUESTS THAT, IN ADDITION TO ANY METHOD OF SERVICE REQUIRED BY COURT ORDER IN THIS CASE, ALL DOCUMENTS RELATING TO THIS PROOF OF CLAIM BE SERVED UPON THE FOLLOWING**

#1535374 v1 \099998 \0038                                        4

PARTIES BY REGULAR MAIL OR OTHER HARD COPY DELIVERY, SUCH AS FEDERAL EXPRESS OR OTHER OVERNIGHT COURIER:

**Anshuman Goyal**
5 East 22nd Street, #16C
New York, NY 10010-5325

**Morrison Cohen, LLP**
909 Third Avenue
New York, NY 10022
Attn: Michael R. Dal Lago, Esq.

THE FILING OF THIS PROOF OF CLAIM SHALL NOT BE INTERPRETED AS, OR DEEMED TO BE, A CONSENT TO ELECTRONIC SERVICE OR NOTICE BY ELECTRONIC TRANSMISSION IN THIS CASE.

# MorrisonCohen LLP

Mariola Wiatrak
Bankruptcy Paralegal
(212) 735-8839
mwiatrak@morrisoncohen.com

January 29, 2009

**VIA FEDERAL EXPRESS**

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017

Re: *Lehman Brothers Holdings, Inc.*
*Case No. 08-13555 (JMP)*

Dear Sir or Madam:

Enclosed please find three (3) originals and three (3) file copies of the proofs of claim to be filed in the above-referenced bankruptcy claims. Please file the originals and return stamped copies in the enclosed self addressed postage paid envelope.

If you have any questions with respect to the foregoing, please call me at the number set forth above.

Very truly yours,

Mariola Wiatrak

Enclosures

#1540572 v1 \020542 \0001

From:   Origin ID: JRBA   (212) 735-8839
Mariola Wiatrak
MCSW750
909 Third Avenue
New York, NY 10022

Ship Date: 29JAN09
ActWgt: 1.0 LB
CAD: 1971514/INET9011
Account#: S *********



Delivery Address Bar Code

SHIP TO:   (646) 282-2500         BILL SENDER
Attn: Lehman Brothers Claims
Epiq Bankruptcy Solutions, LLC
757 3RD AVE

NEW YORK, NY 10017

Ref #    020542-0001
Invoice #
PO #
Dept #



TRK#  7962 9861 9623        FRI - 30JAN      A1
0201                         FIRST OVERNIGHT

E9 OGSA                      10017
                             NY-US
                             EWR



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

Global Home | FedEx Mobile | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Privacy Policy | Site Map |
This site is protected by copyright and trademark laws under US and International law. All rights reserved.© 1995-2009 FedEx