WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                                    :
**In re**                                                           :         **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                        :         **08-13555 (JMP)**
                                                                    :
                                        **Debtors.**                :         **(Jointly Administered)**
                                                                    :
-------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING OMNIBUS CLAIMS**
**OBJECTIONS SCHEDULED FOR HEARING ON SEPTEMBER 27, 2012**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

     Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Amended Order Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

     1.  Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), or LBHI as Plan Administrator under the Modified Third Amended Joint Chapter 11

Plan of LBHI and its Affiliated Debtors (the "Plan Administrator"), filed the following motions

and omnibus claims objections (collectively, the "Claims Objections") with the Court for hearing

on or before September 27, 2012:

(a) One Hundred Thirty-Second Omnibus Objection to Claims (Valued Derivative Claims) **[ECF No. 16117]**

(b) One Hundred Fortieth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims) **[ECF No. 16853]**

(c) One Hundred Forty-Third Omnibus Objection to Claims (Late-Filed Claims) **[ECF No. 16856]**

(d) Two Hundred Fifty-Ninth Omnibus Objection to Claims (Late-Filed Claims) **[ECF No. 24993]**

(e) Three Hundred Twenty-Fourth Omnibus Objection to Claims (No Liability Claims) **[ECF No. 29296]**

(f) Three Hundred Thirty-Third Omnibus Objection to Claims (No Guarantee Claims) **[ECF No. 29328]**

(g) Three Hundred Thirty-Seventh Omnibus Objection to Claims (No Liability Tax Claims) **[ECF No. 30025]**

(h) Three Hundred Thirty-Eighth Omnibus Objection to Claims (Late-Filed Claims) **[ECF No. 30035]**

(i) Three Hundred Thirty-Ninth Omnibus Objection to Claims (Reduce or Reclassify, and Allow) **[ECF No. 30028]**

(j) Three Hundred Fortieth Omnibus Objection to Claims (Settled Derivatives Claims) **[ECF No. 30029]**

(k) Three Hundred Forty-First Omnibus Objection to Claims (No Liability Claims) **[ECF No. 30030]**

(l) Three Hundred Forty-Second Omnibus Objection to Claims (Employment-Related Claims) **[ECF No. 30031]**

(m) Three Hundred Forty-Third Omnibus Objection to Claims (No Liability Claims) **[ECF No. 30032]**

(n) Three Hundred Forty-Fourth Omnibus Objection to Claims (Duplicative Claims) **[ECF No. 30033]**

US_ACTIVE:\44101686\1\58399.0011

(o)    Three Hundred Forty-Fifth Omnibus Objection to Claims (Valued Derivative Claims) **[ECF No. 30034]**

(p)    Three Hundred Forty-Sixth Omnibus Objection to Claims (Securities Claims) **[ECF No. 30062]**

(q)    Three Hundred Forty-Seventh Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) **[ECF No. 30357]**

(r)    Motion Seeking the Application of the Order Establishing Discovery Procedures in Connection with Omnibus Objections to Reclassify Proofs of Claims as Equity Interests to Holders of Claims Pending on the Three Hundred Forty Seventh Omnibus Objection to Claims **[ECF No. 30554]**

2.    In accordance with the Second Amended Case Management Order, the Debtors, or the Plan Administrator, as applicable, established deadlines (the "Response Deadline") for each Claim Objection for parties to object or file responses. The Response Deadlines have been extended for certain creditors from time to time. The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.    The Response Deadlines have now passed and, to the best of my knowledge, no responsive pleadings to the Claims Objections have been (a) filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on counsel to the Debtors or the Plan Administrator by any of the holders of the claims included on Exhibit 1 to any of the Orders attached hereto, which includes only the proofs of claim for which the Claims Objection will be granted. Responses to certain of the Claims Objections were filed on the docket, or served on the Debtors, by holders of certain proofs of claim included on the Claims Objections. The

3

hearing on the Claims Objections as to any proof of claim for which a response was either filed

on the docket or received by the Debtors, and which objection has not been resolved, has been

adjourned to a future date.

4.      Accordingly, the Debtors and the Plan Administrator respectfully request

that the proposed orders granting the Claims Objections annexed hereto as <u>Exhibits A</u> through <u>Q</u>,

which, except for the inclusion of additional language to indicate that such order is supplemental

to a previously entered order for a Claim Objection or to reference the inclusion of separate

exhibits attached to the proposed orders for proofs of claim for which the Claims Objection is

granted, adjourned or withdrawn, are unmodified since the filing of the Claims Objections, be

entered in accordance with the procedures described in the Second Amended Case Management

Order.

I declare that the foregoing is true and correct.

Dated:  September 26, 2012
        New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

US_ACTIVE:\44101686\1\58399.0011

**EXHIBIT A**
**(Proposed Order – ECF No. 16117)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

---------------------------------------------------------------------x

### THIRD SUPPLEMENTAL ORDER GRANTING DEBTORS' ONE HUNDRED THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS <br> (VALUED DERIVATIVE CLAIMS)

Upon the one hundred thirty-second omnibus objection to claims, dated April 18,

2011 (the "One Hundred Thirty-Second Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to reduce, reclassify (in

certain instances), and allow the Valued Derivative Claims on the basis that the amounts listed

on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the

Debtors after a review of the claimants' supporting documentation and the Debtors' books and

records, all as more fully described in the One Hundred Thirty-Second Omnibus Objection to

Claims; and due and proper notice of the One Hundred Thirty-Second Omnibus Objection to

Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors'

Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v)

the United States Attorney for the Southern District of New York; (vi) the claimants listed on

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Thirty-Second Omnibus Objection to Claims.

Exhibit A attached to the One Hundred Thirty-Second Omnibus Objection to Claims; and (vii)

all other parties entitled to notice in accordance with the procedures set forth in the second

amended order entered on June 17, 2010 governing case management and administrative

procedures for these cases [Docket No. 9653]; and it appearing that no other or further notice

need be provided; and upon the resolution of the Response filed by KSC Affordable Housing

Investment Fund LLC [Docket No. 16948]; and the Court having found and determined that the

relief sought in the One Hundred Thirty-Second Omnibus Objection to Claims is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

factual bases set forth in the One Hundred Thirty-Second Omnibus Objection to Claims establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefore, it is

ORDERED that the relief requested in the One Hundred Thirty-Second Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1 annexed hereto

is hereby modified and allowed in the amount set forth on Exhibit 1 under the column heading

"Modified Amount" and any asserted amount in excess of the modified amount is disallowed;

and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A to the One Hundred Thirty-

Second Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# **<u>Exhibit 1</u>**

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 132: EXHIBIT 1 – VALUED DERIVATIVES CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | KSC AFFORDABLE HOUSING INVESTMENT FUND LLC C/O BRET H. REED, JR, A LAW CORPORATION 621 ACACIA AVENUE CORONA DEL MAR, CA 92625 | 18705 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $52,250.00 | Lehman Brothers Special Financing Inc. | Unsecured | $40,000.00 |
| | | | | | TOTAL | $52,250.00 | | TOTAL | $40,000.00 |

**EXHIBIT B**
**(Proposed Order – ECF No. 16853)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
In re                                                    :        Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 :        08-13555 (JMP)
                                                         :
                               Debtors.                  :        (Jointly Administered)
-------------------------------------------------------------------x

### FIRST SUPPLEMENTAL ORDER GRANTING
### DEBTORS' ONE HUNDRED FORTIETH OMNIBUS
### OBJECTION TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)

Upon the one hundred fortieth omnibus objection to claims, dated May 16, 2011

(the "One Hundred Fortieth Omnibus Objection to Claims"),[2] of Lehman Brothers Holdings Inc.

and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United

States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Duplicative of

Indenture Trustee Claims on the grounds that such claims are substantively duplicative of the

corresponding Indenture Trustee Claims, all as more fully described in the One Hundred Fortieth

Omnibus Objection to Claims; and due and proper notice of the One Hundred Fortieth Omnibus

Objection to Claims having been provided, and it appearing that no other or further notice need

be provided; and the Court having found and determined that the relief sought in the One

Hundred Fortieth Omnibus Objection to Claims is in the best interests of the Debtors, their

estates, creditors, and all parties in interest and that the legal and factual bases set forth in the

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Debtors' One Hundred Fortieth Omnibus Objection to Claims.

One Hundred Fortieth Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the One Hundred Fortieth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "Duplicative of Indenture Trustee Claims") are disallowed and expunged in

their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading

"*Surviving Claims*" (collectively, the "Indenture Trustee Claims") will remain on the claims

register subject to the Debtors' rights to further object as set forth herein; and it is further

ORDERED that nothing in this Order or disallowance and expungement of the

Duplicative of Indenture Trustee Claims constitutes any admission or finding with respect to the

Indenture Trustee Claims, and the Debtors' rights to object to the Indenture Trustee Claims on

any basis is preserved; and it is further

ORDERED that this Order supersedes all previous orders regarding the

Duplicative of Indenture Trustee Claims; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the One Hundred

Fortieth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and*

*Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) the Indenture Trustee Claims;

and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
          New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

# **Exhibit 1**

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 140: EXHIBIT 1 – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS**

| | CLAIMS TO BE DISALLOWED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **REASON** |
| 1 | BANQUE SAFDIE SA 1, RUE DE LA TOUR-DE-L'ILE CASE POSTALE 5415 CH - 1211 GENEVE 11, SWITZERLAND | 09/22/2009 | 08-13555 (JMP) | 33557[1] | $3,131,753.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $48,883,940,671.38 | Duplicative of Indenture Trustee Claim |
| | | | | | | BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE FOR CUSIP 52520E200 THE BANK OF NEW YORK ATTN: JOHN GUILIANO 101 BARCLAY STREET 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 22123 | $416,013,746.69 | |
| | | | | | | U.S. BANK NATIONAL ASSOCIATION U.S. BANK OPERATIONS CENTER ATTN: TRUST FINANCE MANAGEMENT LOCKBOX SERVICES- CM9705 PO BOX 70870 ST. PAUL, MN 55170-9705 | 09/22/2009 | 08-13555 (JMP) | 30871 | Undetermined | |

---

[1] Claim 33557 is being expunged solely with respect to its asserted claim of $2,901,519 for the securities with CUSIP Nos. 52517PXW6, 5252M0CM7, 52517PUP4, 52517PE31, 52517P7H8, 5252M0CH8, 5252M0DG9, 5252M0EA1, 5252M0EU7, 52520E200, 524908XA3, and 5252M0BL0. The portion of Claim 33557 that is asserting a claim of $230,234 for the security with CUSIP No. US5249081002 is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to that portion of Claim 33557 in the future.

**\* - Indicates claim contains unliquidated and/or undetermined amounts**

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 140: EXHIBIT 1 – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| | | | TOTAL | $3,131,753.00 | | | | | | |

**EXHIBIT C**
**(Proposed Order – ECF No. 16856)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                           :        **Chapter 11 Case No.**
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :        **08-13555 (JMP)**
                                                                :
                                           **Debtors.**    :        **(Jointly Administered)**
-------------------------------------------------------------------x

**FIRST SUPPLEMENTAL ORDER GRANTING DEBTORS' ONE HUNDRED**
**FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)**

Upon the one hundred forty-third omnibus objection to claims, dated May 16,

2011 (the "One Hundred Forty-Third Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and

expungement of the Late-Filed Claims on the basis that they were filed after the Bar Date, all as

more fully described in the One Hundred Forty-Third Omnibus Objection to Claims; and due and

proper notice of the One Hundred Forty-Third Omnibus Objection to Claims having been

provided, and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the One Hundred Forty-Third Omnibus Objection

to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest

and that the legal and factual bases set forth in the One Hundred Forty-Third Omnibus Objection

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Debtors' One Hundred Forty-Third Omnibus Objection to Claims.

to Claims establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefore, it is

ORDERED that the relief requested in the One Hundred Forty-Third Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "Late-Filed Claims") are disallowed and

expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the Late-Filed

Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A annexed to the One Hundred

Forty-Third Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44101437\2\58399.0011

# **Exhibit 1**

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 143: EXHIBIT 1 – LATE-FILED CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | BANQUE PROFIL DE GESTION COURS DE PRIVE GENEVA, 1204 SWITZERLAND | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2010 | 67083 | $2,000,000.00 | Late-Filed Claim |
| | | | | | TOTAL | $2,000,000.00 | |

Page 1 of 1

**EXHIBIT D**
**(Proposed Order – ECF No. 24993)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
In re                                                    :    **Chapter 11 Case No.**
                                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :    **08-13555 (JMP)**
                                                          :
                          **Debtors.**                    :    **(Jointly Administered)**
----------------------------------------------------------------------x

### FIRST SUPPLEMENTAL ORDER GRANTING DEBTORS' TWO HUNDRED FIFTY-NINTH OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)

Upon the two hundred fifty-ninth omnibus objection to claims, dated February 6, 2012 (the "Two Hundred Fifty-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the Late-Filed Claims on the basis that they were filed after the General Bar Date or Securities Programs Bar Date, as applicable, all as more fully described in the Two Hundred Fifty-Ninth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Fifty-Ninth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Fifty-Ninth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Fifty-Ninth Omnibus Objection to Claims establish

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Fifty-Ninth Omnibus Objection to Claims.

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the relief requested in the Two Hundred Fifty-Ninth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on <u>Exhibit 1</u> annexed hereto (collectively, the "<u>Late-Filed Claims</u>") are disallowed and

expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Late-Filed Claims listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on <u>Exhibit A</u> annexed to the Two Hundred

Fifty-Ninth Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                              _____
                              UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44101397\1\58399.0011

# **Exhibit 1**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 259: EXHIBIT 1 - LATE-FILED CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | STEELE, ANNA M. (EDWARD JONES INVESTMENT) 794 CLIFF ST. LANDER, WY 82520 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/13/2011 | 67787 | $18,000.00 | Late-Filed Claim |
| | | | | | TOTAL | $18,000.00 | |

**EXHIBIT E**
**(Proposed Order – ECF No. 29296)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                              :      Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :      08-13555 (JMP)
                                                   :
                         Debtors.                  :      (Jointly Administered)
-------------------------------------------------------------------x

### SUPPLEMENTAL ORDER GRANTING THE THREE HUNDRED TWENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the three hundred twenty-fourth omnibus objection to claims, dated July 9, 2012 (the "Three Hundred Twenty-Fourth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims to the extent that they assert claims for which the applicable Chapter 11 Estates do not have any liability, all as more fully described in the Three Hundred Twenty-Fourth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Twenty-Fourth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Twenty-Fourth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Twenty-Fourth Omnibus Objection to Claims.

legal and factual bases set forth in the Three Hundred Twenty-Fourth Omnibus Objection to

Claims establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefore, it is

ORDERED that the relief requested in the Three Hundred Twenty-Fourth

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and

expunged, with prejudice, to the extent set forth therein; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three

Hundred Twenty-Fourth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed

hereto, (ii) any claim listed on Exhibit A annexed to the Three Hundred Twenty-Fourth Omnibus

Objection to Claims that is not listed on Exhibit 1 annexed to the *Order Granting the Three*

*Hundred Twenty-Fourth Omnibus Objection to Claims (No Liability Claims)* [ECF No. 30389],

and (iii) the portion of any No Liability Claim that is not the subject of the Three Hundred

Twenty-Fourth Omnibus Objection to Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# **Exhibit 1**

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 324: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 89 | STADT ESCHBORN RATHAUSPLATZ 36 ESCHBORN, 65760 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/24/2009 | 9278 | $1,485,990.00 | Claim 9278 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| | | | | | TOTAL | $1,485,990.00 | |

**EXHIBIT F**
**(Proposed Order – ECF No. 29328)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
In re                                                           :        Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :        08-13555 (JMP)
                                                                :
                              Debtors.                     :        (Jointly Administered)
----------------------------------------------------------------------x

## SUPPLEMENTAL ORDER GRANTING THREE HUNDRED THIRTY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO GUARANTEE CLAIMS)

Upon the three hundred thirty-third omnibus objection to claims, dated July 10,

2012 (the "Three Hundred Thirty-Third Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF

No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No

Guarantee Claims on the grounds that such claims are unenforceable against, and impose no

liability on, LBHI, all as more fully described in the Three Hundred Thirty-Third Omnibus

Objection to Claims; and due and proper notice of the Three Hundred Thirty-Third Omnibus

Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the

Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States

Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to

the Three Hundred Thirty-Third Omnibus Objection to Claims; and (vi) all other parties entitled

---

[1]  Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Thirty-Third Omnibus Objection to Claims.

to notice in accordance with the procedures set forth in the second amended order entered on

June 17, 2010 governing case management and administrative procedures for these cases [ECF

No. 9635]; and it appearing that no other or further notice need be provided; and the Court

having found and determined that the relief sought in the Three Hundred Thirty-Third Omnibus

Objection to Claims is in the best interests of LBHI, its estate, creditors, and all parties in interest

and that the legal and factual bases set forth in the Three Hundred Thirty-Third Omnibus

Objection to Claims establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Thirty-Third Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claim

listed on Exhibit 1 annexed hereto is disallowed and expunged in its entirety with prejudice; and

it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three

Hundred Thirty-Third Omnibus Objection to Claims that is not listed on Exhibit 1 annexed

hereto, and (ii) any claim listed on Exhibit A annexed to the Three Hundred Thirty-Third

Omnibus Objection to Claims that is not listed on Exhibit 1 annexed to the *Order Granting*

*Three Hundred Thirty-Third Omnibus Objection to Claims (No Guarantee Claims)* [ECF No.

30337]; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# **Exhibit 1**

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 333: EXHIBIT 1 – NO GUARANTEE CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | DESOTO COUNTY PARTNERS LP<br>348 ENTERPRISE DR<br>VALDOSTA, GA 31601-5169 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22128 | $124,320.26 | No Guarantee Claim |
| 2 | SMURFIT KAPPA ACQUISITIONS<br>F/K/A JSG ACQUISTITIONS<br>F/K/A MDCP ACQUISITIONS I<br>ATTN: BRENDAN GLYNN<br>BEECH HILL<br>DUBLIN, 4<br>IRELAND | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15914 | $567,457.00 | No Guarantee Claim |
| | | | | | TOTAL | $691,777.26 | |

**EXHIBIT G**
**(Proposed Order – ECF No. 30025)**

US_ACTIVE:\44101686\1\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
In re                                                    :        **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**
                                                         :
                              **Debtors.**               :        **(Jointly Administered)**
-----------------------------------------------------------------------x

**ORDER GRANTING THREE HUNDRED THIRTY-SEVENTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY TAX CLAIMS)**

Upon the three hundred thirty-seventh omnibus objection to claims, dated August

14, 2012 (the "Three Hundred Thirty-Seventh Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter

11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 502 of

title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664], seeking the disallowance and expungement of the

No Liability Tax Claims, all as more fully described in the Three Hundred Thirty-Seventh

Omnibus Objection to Claims; and due and proper notice of the Three Hundred Thirty-Seventh

Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region

2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the

United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit

A attached to the Three Hundred Thirty-Seventh Omnibus Objection to Claims; and (vi) all other

parties entitled to notice in accordance with the procedures set forth in the second amended order

entered on June 17, 2010 governing case management and administrative procedures for these

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Three Hundred Thirty-Seventh
Omnibus Objection to Claims.

cases [ECF No. 9635]; and the Court having found and determined that the relief sought in the

Three Hundred Thirty-Seventh Omnibus Objection to Claims is in the best interests of the

Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases

set forth in the Three Hundred Thirty-Seventh Omnibus Objection to Claims establish just cause

for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

is

ORDERED that the relief requested in the Three Hundred Thirty-Seventh

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A annexed to the Three Hundred

Thirty-Seventh Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and

it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
　　　　New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# **<u>Exhibit 1</u>**

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 337: EXHIBIT 1 – NO LIABILITY TAX CLAIMS

| 1 | ARLINGTON INDEPENDENT SCHOOL DISTRICT<br>ELIZABETH BANDA<br>PERDUE BRANDON FIELDER COLLINS MOTT LLP<br>P.O. BOX 13430<br>ARLINGTON, TX 76094-0430 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/10/2008 | 147 | $2,060.91 |
| 2 | COUNTY OF SANTA CLARA<br>TAX COLLECTOR<br>COUNTY GOVERNMENT CENTER<br>6TH FLOOR, EAST WING<br>70 WEST HEDDING STREET<br>SAN JOSE, CA 95110 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 02/20/2009 | 4502 | $1,107,221.21 |
| 3 | FARMINGTON TAX COLLECTOR<br>1 MONTEITH DRIVE<br>FARMINGTON, CT 06032-1053 | 09-10137 (JMP) | BNC Mortgage LLC | 07/15/2009 | 5362 | $5,039.32 |
| 4 | KELLER INDEPENDENT SCHOOL DISTRICT<br>ELIZABETH BANDA<br>PERDUE BRANDON FIELDER COLLINS MOTT LLP<br>P.O. BOX 13430<br>ARLINGTON, TX 76094-0430 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/10/2008 | 144 | $4,264.41 |
| 5 | L.A. COUNTY TREASURER AND TAX COLLECTOR<br>PO BOX 54110<br>LOS ANGELES, CA 90051-0110 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/08/2009 | 10661 | $912,364.71 |
| 6 | MANSFIELD INDEPENDENT SCHOOL DISTRICT<br>ELIZABETH BANDA<br>PERDUE BRANDON FIELDER COLLINS MOTT LLP<br>P.O. BOX 13430<br>ARLINGTON, TX 76094-0430 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/10/2008 | 148 | $3,654.15 |
| 7 | PLACER COUNTY TAX COLLECTOR<br>PLACER COUNTY TAX COLLECTORS OFFFICE<br>2976 RICHARDSON RD<br>AUBURN, CA 95603 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/01/2009 | 10048 | $9,799.88* |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 337: EXHIBIT 1 – NO LIABILITY TAX CLAIMS

| | | | | | | |
|---|---|---|---|---|---|---|
| 8 | SAN DIEGO COUNTY TREASURER-TAX COLLECTOR<br>DAN MCALLISTER<br>1600 PACIFIC HIGHWAY, ROOM 162<br>SAN DIEGO, CA 92101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2008 | 2 | $157,892.10 |
| 9 | SAN DIEGO COUNTY TREASURER-TAX COLLECTOR<br>ATTN: DAN MCALLISTER, BANKRUPTCY DESK<br>1600 PACIFIC HIGHWAY, ROOM 162<br>SAN DIEGO, CA 92101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/01/2008 | 119 | $517,778.35 |
| 10 | TAX COLLECTOR<br>COUNTY OF SANTA CLARA<br>COUNTY GOVERNMENT CENTER<br>6TH FLOOR, EAST WING<br>70 WEST HEDDING STREET<br>SAN JOSE, CA 95110 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32251 | $639,227.06 |
| | | | | | TOTAL | $3,362,956.25 |

**EXHIBIT H**
**(Proposed Order – ECF No. 30035)**

US_ACTIVE:\44101686\1\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                          :        **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**
                                                               :
                                    **Debtors.**        :        **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED THIRTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)

Upon the three hundred thirty-eighth omnibus objection to claims, dated August 14, 2012 (the "Three Hundred Thirty-Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the Late-Filed Claims on the basis that they were filed after the General Bar Date, all as more fully described in the Three Hundred Thirty-Eighth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Thirty-Eighth Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the Three Hundred Thirty-Eighth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Thirty-Eighth Omnibus Objection to Claims.

procedures set forth in the second amended order entered on June 17, 2010, governing case

management and administrative procedures for these cases [Docket No. 9635]; and it appearing

that no other or further notice need be provided; and the Court having found and determined that

the relief sought in the Three Hundred Thirty-Eighth Omnibus Objection to Claims is in the best

interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and

factual bases set forth in the Three Hundred Thirty-Eighth Omnibus Objection to Claims

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Thirty-Eighth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "Late-Filed Claims") are disallowed and

expunged in their entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Three Hundred

Thirty-Eighth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it

is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2

# **Exhibit 1**

US_ACTIVE:\44101686\1\58399.0011

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 338:  EXHIBIT 1 – LATE-FILED CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | COSENZA, JO-ANNE 3133 B. MORLEY AVE STATEN ISLAND, NY 10306 | | Lehman No Case Asserted/All Cases Asserted | 07/03/2012 | 68114 | $10,000.00 | Late-Filed Claim |
| 2 | MINERO, ROBERT T. 8 SHEFFIELD ROAD SUMMIT, NJ 07901 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 06/04/2012 | 68109 | $21,315.00 | Late-Filed Claim |
| | | | | | TOTAL | $31,315.00 | |

**EXHIBIT I**
**(Proposed Order – ECF No. 30028)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**ORDER GRANTING THREE
HUNDRED THIRTY-NINTH OMNIBUS OBJECTION
<u>TO CLAIMS (REDUCE OR RECLASSIFY, AND ALLOW)</u>**

Upon the three hundred thirty-ninth omnibus objection to claims, dated August

14, 2012 (the "<u>Three Hundred Thirty-Ninth Omnibus Objection to Claims</u>"),[1] of Lehman

Brothers Holdings Inc. ("<u>LBHI</u>"), as Plan Administrator under the Modified Third Amended

Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to

section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of

the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to (i) reduce and allow

the Claims on the basis that the amounts and/or priorities listed on the proofs of claim are greater

than the fair, accurate, and reasonable values and/or priorities determined by the Plan

Administrator after a review of the claimants' supporting documentation and the Chapter 11

Estates' books and records, as more fully described in the Three Hundred Thirty-Ninth Omnibus

Objection to Claims; and due and proper notice of the Three Hundred Thirty-Ninth Omnibus

Objection to Claims having been provided, and it appearing that no other or further notice need

be provided; and the Court having found and determined that the relief requested in the Three

Hundred Thirty-Ninth Omnibus Objection to Claims is in the best interests of the Chapter 11

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Thirty-Ninth Omnibus Objection to Claims.

Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in

the Three Hundred Thirty-Ninth Omnibus Objection to Claims establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Thirty-Ninth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that (i) each Claim listed on Exhibit 1 annexed hereto is reduced and

allowed in the amount and priority set forth on Exhibit 1 in the row entitled "*Claim as Modified*"

and in the columns entitled "*Priority*," and "*Unsecured*" and (ii) any asserted amounts in excess

of the reduced amount are disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim or portion of any claim listed on Exhibit A to the

Three Hundred Thirty-Ninth Omnibus Objection to Claims that does not appear on Exhibit 1

annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
     New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44101361\1\58399.0011

# **<u>Exhibit 1</u>**

[IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 339: EXHIBIT 1 – PROOFS OF CLAIM TO BE REDUCED AND ALLOWED

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|------|---------|------------|--------|----------------|--------|--------|-------|--------|
| 1 | ANDERSON, ANDRE 95 KENWOOD ROAD GARDEN CITY, NY 11530 | 3520 | 03/26/2009 | Lehman Brothers Holdings Inc. | Priority | $2,850.00 | Lehman Brothers Holdings Inc. | Unsecured | $2,850.00 |
| 2 | BERLIN-HANNOVERSCHE HYPOTHEKENBANK AKTIENGESELLSCHAFT ATTN: RONALD NAHRMANN (RISIKOBETREUUNG IMMOBILIEN) BUDAPESTER STRASSE 1 BERLIN, 10787 GERMANY | 14868 | 09/17/2009 | Lehman Brothers Holdings Inc. | Unsecured | $2,989,268.39* | Lehman Brothers Holdings Inc. | Unsecured | $1,494,634.20 |
| 3 | MERRITT & HARRIS INC. 90 JOHN STREET NEW YORK, NY 10038 | 18223 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $35,876.66 | Lehman Brothers Holdings Inc. | Unsecured | $20,026.66 |
| 4 | WEINGARTEN WEATHER CONSULTING 502 L ESPRIT PKWY PENDLETON, KY 40055-7745 | 6433 | 07/27/2009 | Lehman Brothers Commodity Services Inc. | Priority | $1,200.00 | Lehman Brothers Commodity Services Inc. | Unsecured | $1,200.00 |
| 5 | ZIELINSKI, JIMMY 23 LINDEN AVENUE BELLEVILLE, NJ 07109 | 7442 | 08/05/2009 | Lehman Brothers Holdings Inc. | Priority | $3,000.00 | Lehman Brothers Holdings Inc. | Unsecured | $3,000.00 |
| | | | | | TOTAL | $3,032,195.05 | | TOTAL | $1,521,710.86 |

**EXHIBIT J**
**(Proposed Order – ECF No. 30029)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED FORTIETH
## OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

Upon the three hundred fortieth omnibus objection to claims, dated August 14,

2012 (the "Three Hundred Fortieth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF

No. 6664], seeking disallowance and expungement of the Settled Derivatives Claims on the

grounds that the Settled Derivatives Claims are contrary to settlements that the parties have

entered into, all as more fully described in the Three Hundred Fortieth Omnibus Objection to

Claims; and due and proper notice of the Three Hundred Fortieth Omnibus Objection to Claims

having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and

Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the

Southern District of New York; (v) each claimant listed on Exhibit A attached to the Three

Hundred Fortieth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in

accordance with the procedures set forth in the second amended order entered on June 17, 2010,

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Fortieth Omnibus Objection to Claims.

governing case management and administrative procedures for these cases [ECF No. 9635]; and

it appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Three Hundred Fortieth Omnibus Objection to Claims is

in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that

the legal and factual bases set forth in the Three Hundred Fortieth Omnibus Objection to Claims

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Fortieth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Settled

Derivatives Claims listed on Exhibit 1 annexed hereto are disallowed and expunged in their

entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Three Hundred

Fortieth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# **Exhibit 1**

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 340: EXHIBIT 1 – SETTLED DERIVATIVES CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ANTHRACITE INVESTMENTS (IRELAND) PLC - SERIES 8 ATTN: THE DIRECTORS AIB INTERNATIONAL CENTRE I.F.S.C. DUBLIN 1, IRELAND | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 20320 | Undetermined* | No Liability Claim – Derivative Settled |
| 2 | ANTHRACITE INVESTMENTS (IRELAND) PLC - SERIES 8 ATTN: THE DIRECTORS AIB INTERNATIONAL CENTRE I.F.S.C. DUBLIN 1, IRELAND | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 20321 | Undetermined* | No Liability Claim – Derivative Settled |
| 3 | CHATTANOOGA-HAMILTON COUNTY HOSPITAL AUTHORITY KING & SPALDING LLP ATTN: JOHN F ISBELL 1180 PEACHTREE STREET, N.E. ATLANTA, GA 30309 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 31100 | Undetermined* | No Liability Claim – Derivative Settled |
| 4 | CHATTANOOGA-HAMILTON COUNTY HOSPITAL AUTHORITY KING & SPALDING LLP ATTN: JOHN F ISBELL 1180 PEACHTREE STREET, N.E. ATLANTA, GA 30309 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31101 | Undetermined* | No Liability Claim – Derivative Settled |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 340: EXHIBIT 1 – SETTLED DERIVATIVES CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 5 | GUADELETE INVESTMENTS SARL ATTN: DANIEL JANE (ON BEHLAF OF ALCANJANE S.A.R.L.), PHILIPPE TOUSSAINT & ERIC MAGRINI AS DIRECTORS OF GUADELETE INVESTMENTS OF SARL 22, RUE JEAN-PIERRE BRASSEUR LUXEMBOURG | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 27209 | $151,297.00* | No Liability Claim – Derivative Settled |
| 6 | GUADELETE INVESTMENTS SARL ATTN: DANIEL JANE (ON BEHLAF OF ALCANJANE S.A.R.L.), PHILIPPE TOUSSAINT & ERIC MAGRINI AS DIRECTORS OF GUADELETE INVESTMENTS SARL 22, RUE JEAN-PIERRE BRASSEUR L-1258 LUXEMBOURG, G.D. LUXEMBOURG | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27210 | Undetermined* | No Liability Claim – Derivative Settled |
| 7 | PHOENIX 2002-1 LIMITED C/O THE BANK OF NEW YORK MELLON GLOBAL CORPORATE TRUST SERVICES - DEFAULT GROUP ATTN: SANJAY JOBANPUTRA ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 28481 | Undetermined* | No Liability Claim – Derivative Settled |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 340: EXHIBIT 1 – SETTLED DERIVATIVES CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 8 | PHOENIX 2002-1 LIMITED C/O THE BANK OF NEW YORK MELLON GLOBAL CORPORATE TRUST SERVICES - DEFAULT GROUP ATTN: SANJAY JOBANPUTRA ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28482 | Undetermined* | No Liability Claim – Derivative Settled |
| 9 | QUARTZ FINANCE PUBLIC LIMITED COMPANY SERIES 2003-1 ELDON STREET B ATTN: SANJAY JOBANPUTRA C/O BNY CORPORATE TRUST SERVICES LIMITED GLOBAL CORPORATE TRUST SERVICES-DEFUALT GROUP LONDON, E14 5AL UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 26055 | Undetermined* | No Liability Claim – Derivative Settled |
| 10 | QUARTZ FINANCE PUBLIC LIMITED COMPANY SERIES 2003-1 ELDON STREET B ATTN: SANJAY JOBANPUTRA C/O BNY CORPORATE TRUST SERVICES LIMITED GLOBAL CORPORATE TRUST SERVICES-DEFUALT GROUP LONDON, E14 5AL UNITED KINGDOM | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 26056 | Undetermined* | No Liability Claim – Derivative Settled |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 340: EXHIBIT 1 – SETTLED DERIVATIVES CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 11 | QUARTZ FINANCE PUBLIC LIMITED COMPANY SERIES 2003-1 ELDON STREET A ATTN: SANJAY JOBANPUTRA C/O BNY CORPORATE TRUST SERVICES LIMITED GLOBAL CORPORATE TRUST SERVICES-DEFUALT GROUP LONDON, E14 5AL UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 26057 | Undetermined* | No Liability Claim – Derivative Settled |
| 12 | QUARTZ FINANCE PUBLIC LIMITED COMPANY SERIES 2003-1 ELDON STREET A ATTN: SANJAY JOBANPUTRA C/O BNY CORPORATE TRUST SERVICES LIMITED GLOBAL CORPORATE TRUST SERVICES-DEFUALT GROUP LONDON, E14 5AL UNITED KINGDOM | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 26058 | Undetermined* | No Liability Claim – Derivative Settled |
| | | | | | TOTAL | $151,297.00 | |

**EXHIBIT K**
**(Proposed Order – ECF No. 30030)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

| | |
|---|---|
| In re | :      **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | :      **08-13555 (JMP)** |
| | : |
|          **Debtors.** | :      **(Jointly Administered)** |

----------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED FORTY-FIRST
## OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the three hundred forty-first omnibus objection to claims, dated August 14, 2012 (the "Three Hundred Forty-First Omnibus Objection to Claims"),[2] of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking disallowance and expungement of the No Liability Claims on the basis that LBHI has no liability for such claims, all as more fully described in the Three Hundred Forty-First Omnibus Objection to Claims; and due and proper notice of the Three Hundred Forty-First Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Three Hundred Forty-First Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Three Hundred Forty-First Omnibus

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Forty-First Omnibus Objection to Claims.

Objection to Claims establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Forty-First Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the portions

of the claims listed on Exhibit 1 that assert No Liability Claims are disallowed and expunged

with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A annexed to the Three Hundred

Forty-First Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
     New York, New York

                                    _____
                                      UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44012847\4\58399.0008

# **Exhibit 1**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 341: EXHIBIT 1 - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|---|
| 1 | ARMAN, ANNE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/18/2009 | 18130 | Undetermined | Undetermined | | None |
| 2 | BENSON, CRAIG O. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/29/2009 | 2136 | $312,864.31 | $2,625.64 | PRIORITY | $310,238.67 |
| 3 | CASTELLANOS, JOSE G | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30045 | $1,062.08 | $1,062.08 | | None |
| 4 | CHIN, NEVILLE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/10/2009 | 11322 | $1,319.16 | $1,319.16 | | None |
| 5 | GOLDSTEIN, JOSH | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 7/2/2009 | 5070 | $421.58 | $421.58 | | None |
| 6 | HAMILL,ROBERT B. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 7/15/2009 | 5345 | $1,386.00 | $1,386.00 | | None |
| 7 | JENDRUSIAK, KARINA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/11/2009 | 7998 | Undetermined | Undetermined | PRIORITY | Undetermined |
| 8 | MAHLER, JAY M. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 24031 | $166,121.59 | $4,417.49 | PRIORITY UNSECURED | $10,950.00 $150,754.10 $161,704.10 |
| 9 | MCCARTHY,ROBERT E. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/4/2009 | 10413 | $208,000.00 | $5,000.00 | UNSECURED | $203,000.00 |
| 10 | NASH, ANTHONY A. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 7/23/2009 | 5942 | $20,101.14 | $20,101.14 | | None |
| 11 | ORLOSKY, JASON | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 26150 | $925.60 | $925.60 | | None |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 341: EXHIBIT 1 - NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION | |
|---|---|---|---|---|---|---|---|---|---|
| 12 | PETRUCELLI, MICHAEL J. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 7/20/2009 | 5770 | $2,452,214.56 | $1,289.86 | PRIORITY UNSECURED | $10,950.00 $2,439,974.70 |
| | | | | | | | | | $2,450,924.70 |
| 13 | REGAN, DONALD HENRY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 31385 | $575,550.00 | $575,550.00 | | None |
| 14 | SINER, JASON | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/6/2008 | 534 | $111,547.00 | $7,831.09 | PRIORITY UNSECURED | $10,950.00 $92,765.91 |
| | | | | | | | | | $103,715.91 |
| 15 | TOY, JUDY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/13/2009 | 8187 | $668.76 | $668.76 | | None |
| 16 | WELCH, MICHAEL GODFREY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/29/2009 | 2127 | $115,437.66 | $4,729.58 | PRIORITY | $110,708.08 |
| | | | TOTAL | | | $3,967,619.44 | $627,327.98 | | $3,340,291.46 |

**EXHIBIT L**
**(Proposed Order – ECF No. 30031)**

US_ACTIVE:\44101686\1\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                            :        Chapter 11 Case No.
                                                 :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,     :        **08-13555 (JMP)**
                                                 :
                            Debtors.             :        **(Jointly Administered)**
-------------------------------------------------------------------x

**ORDER GRANTING THE**
**THREE HUNDRED FORTY-SECOND OMNIBUS**
**OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)**

Upon the three hundred forty-second omnibus objection to claims, dated August

14, 2012 (the "Three Hundred Forty-Second Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter

11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 502(b)

of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules

of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664], seeking disallowance and expungement of the

Employment-Related Claims to the extent that they assert claims for which LBHI has no liability

or seeking to reclassify certain of the Employment-Related Claims as common equity interests,

all as more fully described in the Three Hundred Forty-Second Omnibus Objection to Claims;

and due and proper notice of the Three Hundred Forty-Second Omnibus Objection to Claims

having been provided, and it appearing that no other or further notice need be provided; and the

Court having found and determined that the relief requested in the Three Hundred Forty-Second

Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors,

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Three Hundred Forty-Second
Omnibus Objection to Claims.

and all parties in interest and that the legal and factual bases set forth in the Three Hundred

Forty-Second Omnibus Objection to Claims establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Forty-Second Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the portions

of the claims listed on Exhibit 1 annexed hereto under the heading "*Amount to be Disallowed*"

are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the portions of the claims listed on Exhibit 1 annexed hereto

under the heading "*Amount to be Reclassified as Equity Interest*" have the same priority as, and

no greater priority than, common stock interests in LBHI; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim or portion of any claim listed on Exhibit A annexed

to the Three Hundred Forty-Second Omnibus Objection to Claims that does not appear on

Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# **Exhibit 1**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)
OMNIBUS OBJECTION 342: EXHIBIT 1 - EMPLOYMENT-RELATED CLAIMS

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNT TO BE DISALLOWED | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNT NOT SUBJECT TO THIS OBJECTION | |
|---|---|---|---|---|---|---|---|---|---|
| 1 BARICEVIC, JOANNA M. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/16/2009 | 13425 | Undetermined | Undetermined | Undetermined | Priority | Undetermined |
| 2 BARICEVIC, JOANNA M. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/16/2009 | 13426 | $56,000.00 * | $56,000.00 | | Priority | Undetermined |
| 3 BRIER, BRUCE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/23/2009 | 34372 | $489,000.00 | $366,000.00 | | Priority<br>Unsecured | $10,950.00<br><u>$112,050.00</u><br>$123,000.00 |
| 4 BROADBENT, WILLIAM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/9/2009 | 65126 | $1,870,078.90 | $44,217.84 | | Unsecured | $1,825,861.06 |
| 5 COVEY, DAVID J. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 19815 | $626,992.88 | $626,992.88 | | | None |
| 6 FILLER, RONALD H. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/18/2009 | 18688 | Undetermined | Undetermined | | Priority | Undetermined |
| 7 HEALY, MICHAEL C | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 31874 | $18,119.85 | $18,119.85 | | | None |
| 8 JENDRUSIAK, KARINA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/11/2009 | 7998 | Undetermined | Undetermined | | Priority | Undetermined |
| 9 KEY, TIMOTHY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/7/2009 | 1616 | $269,105.00 | $269,105.00 | | | None |
| 10 MCCARTHY,ROBERT E. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/4/2009 | 10413 | $208,000.00 | $203,000.00 | | Unsecured | $5,000.00 |
| 11 SALVATORE, JULIANNE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/8/2009 | 10633 | $776,889.00 | $112,959.00 | | Unsecured | $663,930.00 |
| 12 SINER, JASON | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/6/2008 | 534 | $111,546.99 | $96,712.44 | | Unsecured | $14,834.55 |
| 13 STATHATOS, ELEFTERIA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30358 | Undetermined | Undetermined | | | None |
| 14 STONE, DEBRA L. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 27931 | $16,334.00 | $16,334.00 | | | None |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**
**OMNIBUS OBJECTION 342: EXHIBIT 1 - EMPLOYMENT-RELATED CLAIMS**

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNT TO BE DISALLOWED | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNT NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 15 THAI,THANH H. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/18/2009 | 8619 | $547,903.86 | $547,903.86 | | None |
| | | | | **Total** | **$4,989,970.48** | **$2,357,344.87** | **$0.00** | **$2,632,625.61** |

* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT M**
**(Proposed Order – ECF No. 30032)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                     :        Chapter 11 Case No.
                                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :        08-13555 (JMP)
                                                          :
                                Debtors.     :        (Jointly Administered)
-------------------------------------------------------------------x

### ORDER GRANTING THE THREE HUNDRED FORTY-THIRD <u>OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)</u>

Upon the three hundred forty-third omnibus objection to claims, dated August 14,

2012 (the "<u>Three Hundred Forty-Third Omnibus Objection to Claims</u>"),[1] of Lehman Brothers

Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-

referenced chapter 11 cases (collectively, the "<u>Chapter 11 Estates</u>"), pursuant to section 502(b)

of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules

of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664] (the "<u>Procedures Order</u>"), seeking disallowance

and expungement of the No Liability Claims to the extent that they assert claims for which the

applicable Chapter 11 Estates do not have any liability, all as more fully described in the Three

Hundred Forty-Third Omnibus Objection to Claims; and due and proper notice of the Three

Hundred Forty-Third Omnibus Objection to Claims having been provided, and it appearing that

no other or further notice need be provided; and the Court having found and determined that the

relief sought in the Three Hundred Forty-Third Omnibus Objection to Claims is in the best

interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Forty-Third Omnibus Objection to Claims.

factual bases set forth in the Three Hundred Forty-Third Omnibus Objection to Claims establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefore, it is

ORDERED that the relief requested in the Three Hundred Forty-Third Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and

expunged, with prejudice, to the extent set forth therein; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three

Hundred Forty-Third Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto

and (ii) the portion of any No Liability Claim that is not the subject of the Three Hundred Forty-

Third Omnibus Objection to Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# **Exhibit 1**

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 343: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | FUKUOKA SECURITIES CO., LTD. F/K/A MAEDA SECURITIES CO LTD ATTN: YOSHIAKI TAKAKURA FUKUOKA-SHI CHUO-KU TENJIN 2-13-1 FUKUOKA BANK HEAD OFFICE BUILDING 9TH FL FUKUOKA, 810-0001 JAPAN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/15/2009 | 13081 | $19,674,829.90 | This claim is based on LBHI's purported guarantee of obligations incurred by Lehman Brothers Japan Inc. ("LBJ"), a foreign affiliate of the Debtors that is not a Debtor in these jointly administered chapter 11 cases. Claimant filed a claim against LBJ for the underlying obligation, but such claim is no longer a valid claim against LBJ and the underlying obligation no longer exists. LBHI is not liable to claimant for any purported guarantee of such extinguished obligation. |
| 2 | HARNEYS CORPORATE SERVICES LIMITED & HARNEY WESTWOOD & RIEGELS LLP CLAIRE L MARTIN CRAIGMUIR CHAMBERS P.O. BOX 71 ROAD TOWN, TORTOLA, VIRGIN ISLANDS (BRITISH) | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 03/31/2009 | 3583 | $10,226.03 | Claimant agrees with the Debtors that LBHI does not have any liability for the transaction or transactions that form the basis of this claim. |
| 3 | HAVENS PARTNERS, LP 600 LEXINGTON AVENUE NEW YORK, NY 10022 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 05/27/2010 | 66701 | $163,834.00 | The Debtors' records reflect that Claim 66701 is based on a transaction or transactions between claimant and Lehman Brothers International Europe. Lehman Brothers OTC Derivatives Inc. has no liability to claimant for such transaction or transactions. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 343: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|------|-------------|-------------|------------|---------|---------------------|----------------------------------|
| 4 | HUA NAN COMMERCIAL BANK, LTD. CHENG TUNG BR. ATTN: HENRY HSIEH NO. 146 SUNG CHIANG ROAD TAIPEI, TAIWAN, PROVINCE OF CHINA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/14/2009 | 12584 | $34,123,166.00 | This claim is based on LBHI's purported guarantees of certain obligations incurred by two non-Debtor subsidiaries of LBHI. Claimant settled the underlying obligations with the two non-Debtor subsidiaries and released LBHI of any liability on account of the purported guarantees. Claimant agrees that LBHI has no liability for this claim. |
| 5 | KIMURA SECURITIES CO. LTD ATTN: KAZUYUKI HORI NAGOYA-SHI NAKA-KU SAKAE 3-8-21 AICHI, 460-0008 JAPAN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/15/2009 | 13076 | $6,540,132.49 | This claim is based on LBHI's purported guarantee of obligations incurred by Lehman Brothers Japan Inc. ("LBJ"), a foreign affiliate of the Debtors that is not a Debtor in these jointly administered chapter 11 cases. Claimant filed a claim against LBJ for the underlying obligation, but such claim is no longer a valid claim against LBJ and the underlying obligation no longer exists. LBHI is not liable to claimant for any purported guarantee of such extinguished obligation. |
| 6 | KINKI OSAKA BANK, LIMITED, THE 4-27 SHIROMI 1-CHOME CHUO-KU OSAKA, 540-8560 JAPAN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25558 | $19,931,534.68 | This claim is based on LBHI's purported guarantee of obligations incurred by Lehman Brothers Japan Inc. ("LBJ"), a foreign affiliate of the Debtors that is not a Debtor in these jointly administered chapter 11 cases. Claimant filed a claim against LBJ for the underlying obligation, but such claim is no longer a valid claim against LBJ and the underlying obligation no longer exists. LBHI is not liable to claimant for any purported guarantee of such extinguished obligation. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 343: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 7 | NICE NETZWERKE UND INNOVATIVER COMPUTER-EINSATZ GMBH NICE GMBH 9 LIEBIGSTRASSE LEONBERG, 71229 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/02/2008 | 78 | $122,465.58 | The Debtors' records reflect that Claim 78 is based on a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant for such transaction or transactions. |
| 8 | SEIBEL, GEORG ON ACCOUNT WITH BNP PARIBAS ZUM KREUZWEG 1A OELDE, 59302 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/10/2009 | 5252 | $4,844.00 | Claim 5252 was filed by a holder of securities that were issued by a non-Debtor entity. LBHI did not issue the securities and is not liable on account of them. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 343: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 9 | SG HAMBROS BANK (CHANNEL ISLANDS) LIMITED ATT: RICHARD OLLIVER P.O. BOX 78 18 THE ESPLANADE ST HELIER JE4 8RT JERSEY, UNITED KINGDOM | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/18/2009 | 19120 | $1,753,100.00* | Claim 19120 is based on a certain foreign exchange spot transaction (the "FX Spot Transaction") between the claimant and Lehman Brothers International (Europe) ("LBIE"). The claimant asserts that it made payment to LBIE under the FX Spot Transaction and that LBIE was obligated to make its payment to the claimant under the FX Spot Transaction through LBIE's delivery agent, Lehman Brothers Commercial Corporation ("LBCC"). The claimant asserts that no payments have been made by LBIE or LBCC pursuant to the FX Spot Transaction. The claimant acknowledges, however, that it does not know whether the monies purportedly owed to it under the FX Spot Transaction are in LBIE's accounts or LBCC's. LBIE never delivered to LBCC any monies purportedly owed to the claimant under the FX Spot Transaction. Accordingly, LBCC has no liability to the claimant in respect of the FX Spot Transaction or claim 19120. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 343: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 10 | STAALBANKIERS N.V. LANGE HOUTSTRAAT 4-8 CW 'S-GRAVENHAGE, 2511 NETHERLANDS | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27412 | Undetermined* | Claim 27412 was filed by a former holder of securities issued by Lehman Brothers Treasury Co. B.V. and is based on losses allegedly incurred by the claimant when it sold the securities. LBHI has no liability for any trading losses suffered by the claimant. And, claimant has not offered any legal theory to support its assertion of liability. |
| 11 | SUN HUNG KAI INVESTMENT SERVICES LIMITED ATTN: MS. SYLVIA LAU 42/F THE LEE GARDENS 33 HYSAN AVE CAUSEWAY BAY HONG KONG, HONG KONG | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 25793 | Undetermined* | Claims 25793, 23944, and 23492 (the "Direct Claims"), and claims 25679, 23943, and 23941 (the "Guarantee Claims," and, together with the Direct Claims, the "Minibond Claims") are filed by a holder of Series 5, 6, and 7 notes (the "Minibonds") issued by Pacific International Finance Limited |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 343: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 12 | SUN HUNG KAI INVESTMENT SERVICES LIMITED ATTN: MS SYLVIA LAU 42/F THE LEE GARDENS 33 HYSAN AVE CAUSEWAY BAY HONG KONG, CHINA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25679 | Undetermined* | ("Pacific").  In the Direct Claims, the claimant seeks to recover against Lehman Brothers Special Financing Inc. ("LBSF") as alleged swap provider of certain purported derivatives obligations which are allegedly guaranteed by Lehman Brothers Holdings Inc. ("LBHI," and, together with LBSF, the "Chapter 11 Estates") in respect of certain notes issued by Lehman Brothers Treasury Co. B.V. ("LBT") and guaranteed by LBHI (the "LBT Notes"), which purportedly constitute collateral for the Minibonds. In the Guarantee Claims, the claimant seeks to recover against LBHI as guarantor of such purported derivatives obligations.  The Debtors have no liability to the claimant on the Minibond Claims.  First, the claimant lacks standing as a holder of the Minibonds to assert this claim against the Chapter 11 Estates. *See Wong v. HSBC USA, Inc., et al.*, Adv. Proc. No. 09-01120 (Bankr. S.D.N.Y.), Nov. 18, 2009 Hr'g Tr., at 25:4-6 (dismissing minibond holders' complaint and holding that minibond holders lack direct standing to assert claims against LBSF because, under governing English law, "it is the trustee and not a beneficiary of the trust that is the appropriate party to bring an action on behalf of trust beneficiaries"); *see also Wong v. HSBC USA, Inc., et al.*, 2010 WL 3154976, at *6 (S.D.N.Y. Aug. 9, |
| 13 | SUN HUNG KAI INVESTMENT SERVICES LIMITED ATTN: SYLVIA LAU 42/F THE LEE GARDENS 33 HYSAN AVE CAUSEWAY BAY HONG KONG, HONG KONG | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 23944 | Undetermined* | |
| 14 | SUN HUNG KAI INVESTMENT SERVICES LIMITED ATTN: SYLVIA LAU 42/F THE LEE GARDENS 33 HYSAN AVE CAUSEWAY BAY HONG KONG, HONG KONG | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23943 | Undetermined* | |
| 15 | SUN HUNG KAI INVESTMENT SERVICES LIMITED ATTN: SYLVIA LAU 42/F THE LEE GARDENS 33 HYSAN AVE CAUSEWAY BAY HONG KONG, HONG KONG | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 23942 | Undetermined* | |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 343: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 16 | SUN HUNG KAI INVESTMENT SERVICES LIMITED ATTN: SYLVIA LAU 42/F THE LEE GARDENS 33 HYSAN AVE CAUSEWAY BAY HONG KONG, HONG KONG | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23941 | Undetermined* | 2010) (affirming dismissal of complaint and holding that "the Bankruptcy Court properly held that Plaintiffs lack standing under English law to sue LBSF directly").  Second, the trustee – which is the appropriate party to assert a claim on behalf of the claimants – has asserted claims with respect to the Minibonds. Such claims have already been allowed or withdrawn, and the trustee either has or will distribute to the claimants any proceeds of the Minibonds' purported collateral, including the guarantee thereof, to which the claimants may be entitled. *See Order Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving Procedures for the Determination of the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.*, dated Aug. 10, 2011 [ECF No. 19120] (allowing claim 62721 (guarantee of LBT Notes)); claim 67584 at www.lehman-docket.com (indicating that claim is withdrawn). |

US_ACTIVE:\44072141\3\58399.0008

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 343: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 17 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32869 | Undetermined* | As per the *Order Granting Three Hundred Fourth Omnibus Objection to Claims (Duplicative Derivative Claims)* [ECF No. 29125], this claim has been disallowed and expunged with prejudice with respect to all portions of the claim unrelated to any fees and expenses due to the claimant. The underlying agreement that forms the basis of this claim does not provide for claimant's entitlement to fees and expenses. Therefore, no Debtor has any liability to claimant for the remaining portion of this claim. |
| 18 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 32860 | Undetermined* | As per the *Order Granting Three Hundred Fourth Omnibus Objection to Claims (Duplicative Derivative Claims)* [ECF No. 29125], this claim has been disallowed and expunged with prejudice with respect to all portions of the claim unrelated to any fees and expenses due to the claimant. The underlying agreement that forms the basis of this claim does not provide for claimant's entitlement to fees and expenses. Therefore, no Debtor has any liability to claimant for the remaining portion of this claim. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 343: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 19 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 31053 | Undetermined* | As per the *Order Granting Three Hundred Fourth Omnibus Objection to Claims (Duplicative Derivative Claims)* [ECF No. 29125], this claim has been disallowed and expunged with prejudice with respect to all portions of the claim unrelated to any fees and expenses due to the claimant. The underlying agreement that forms the basis of this claim does not provide for claimant's entitlement to fees and expenses. Therefore, no Debtor has any liability to claimant for the remaining portion of this claim. |
| 20 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 31043 | Undetermined* | As per the *Order Granting Three Hundred Fourth Omnibus Objection to Claims (Duplicative Derivative Claims)* [ECF No. 29125], this claim has been disallowed and expunged with prejudice with respect to all portions of the claim unrelated to any fees and expenses due to the claimant. The underlying agreement that forms the basis of this claim does not provide for claimant's entitlement to fees and expenses. Therefore, no Debtor has any liability to claimant for the remaining portion of this claim. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 343: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 21 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32872 | Undetermined* | As per the *Order Granting Three Hundred Fourth Omnibus Objection to Claims (Duplicative Derivative Claims)* [ECF No. 29125], this claim has been disallowed and expunged with prejudice with respect to all portions of the claim unrelated to any fees and expenses due to the claimant. The underlying agreement that forms the basis of this claim does not provide for claimant's entitlement to fees and expenses. Therefore, no Debtor has any liability to claimant for the remaining portion of this claim. |
| 22 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31027 | Undetermined* | As per the *Order Granting Three Hundred Fourth Omnibus Objection to Claims (Duplicative Derivative Claims)* [ECF No. 29125], this claim has been disallowed and expunged with prejudice with respect to all portions of the claim unrelated to any fees and expenses due to the claimant. The underlying agreement that forms the basis of this claim does not provide for claimant's entitlement to fees and expenses. Therefore, no Debtor has any liability to claimant for the remaining portion of this claim. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 343: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 23 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 31055 | Undetermined* | As per the *Order Granting Three Hundred Fourth Omnibus Objection to Claims (Duplicative Derivative Claims)* [ECF No. 29125], this claim has been disallowed and expunged with prejudice with respect to all portions of the claim unrelated to any fees and expenses due to the claimant.  The underlying agreement that forms the basis of this claim does not provide for claimant's entitlement to fees and expenses.  Therefore, no Debtor has any liability to claimant for the remaining portion of this claim. |
| 24 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31025 | Undetermined* | As per the *Order Granting Three Hundred Fourth Omnibus Objection to Claims (Duplicative Derivative Claims)* [ECF No. 29125], this claim has been disallowed and expunged with prejudice with respect to all portions of the claim unrelated to any fees and expenses due to the claimant.  The underlying agreement that forms the basis of this claim does not provide for claimant's entitlement to fees and expenses.  Therefore, no Debtor has any liability to claimant for the remaining portion of this claim. |

* - Indicates claim contains unliquidated and/or undetermined amounts

US_ACTIVE:\44072141\3\58399.0008

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 343: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 25 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 31057 | Undetermined* | As per the *Order Granting Three Hundred Fourth Omnibus Objection to Claims (Duplicative Derivative Claims)* [ECF No. 29125], this claim has been disallowed and expunged with prejudice with respect to all portions of the claim unrelated to any fees and expenses due to the claimant. The underlying agreement that forms the basis of this claim does not provide for claimant's entitlement to fees and expenses. Therefore, no Debtor has any liability to claimant for the remaining portion of this claim. |
| 26 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32871 | Undetermined* | As per the *Order Granting Three Hundred Fourth Omnibus Objection to Claims (Duplicative Derivative Claims)* [ECF No. 29125], this claim has been disallowed and expunged with prejudice with respect to all portions of the claim unrelated to any fees and expenses due to the claimant. The underlying agreement that forms the basis of this claim does not provide for claimant's entitlement to fees and expenses. Therefore, no Debtor has any liability to claimant for the remaining portion of this claim. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 343: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 27 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 31029 | Undetermined* | As per the *Order Granting Three Hundred Fourth Omnibus Objection to Claims (Duplicative Derivative Claims)* [ECF No. 29125], this claim has been disallowed and expunged with prejudice with respect to all portions of the claim unrelated to any fees and expenses due to the claimant.  The underlying agreement that forms the basis of this claim does not provide for claimant's entitlement to fees and expenses.  Therefore, no Debtor has any liability to claimant for the remaining portion of this claim. |
| 28 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 32873 | Undetermined* | As per the *Order Granting Three Hundred Fourth Omnibus Objection to Claims (Duplicative Derivative Claims)* [ECF No. 29125], this claim has been disallowed and expunged with prejudice with respect to all portions of the claim unrelated to any fees and expenses due to the claimant.  The underlying agreement that forms the basis of this claim does not provide for claimant's entitlement to fees and expenses.  Therefore, no Debtor has any liability to claimant for the remaining portion of this claim. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 343: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 29 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32870 | Undetermined* | As per the *Order Granting Three Hundred Fourth Omnibus Objection to Claims (Duplicative Derivative Claims)* [ECF No. 29125], this claim has been disallowed and expunged with prejudice with respect to all portions of the claim unrelated to any fees and expenses due to the claimant.  The underlying agreement that forms the basis of this claim does not provide for claimant's entitlement to fees and expenses.  Therefore, no Debtor has any liability to claimant for the remaining portion of this claim. |
| 30 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31054 | Undetermined* | As per the *Order Granting Three Hundred Fourth Omnibus Objection to Claims (Duplicative Derivative Claims)* [ECF No. 29125], this claim has been disallowed and expunged with prejudice with respect to all portions of the claim unrelated to any fees and expenses due to the claimant.  The underlying agreement that forms the basis of this claim does not provide for claimant's entitlement to fees and expenses.  Therefore, no Debtor has any liability to claimant for the remaining portion of this claim. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 343: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 31 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE ATTN: TIMOTHY PILLAR, VICE PRESIDENT US BANK CORPORATE TRUST SERVICES, ED-MN-WS1D 60 LIVINGSTON AVENUE ST PAUL, MN 55107 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/09/2009 | 10995 | Undetermined* | As per the *Order Granting Three Hundred Fourth Omnibus Objection to Claims (Duplicative Derivative Claims)* [ECF No. 29125], this claim has been disallowed and expunged with prejudice with respect to all portions of the claim unrelated to any fees and expenses due to the claimant. The underlying agreement that forms the basis of this claim does not provide for claimant's entitlement to fees and expenses. Therefore, no Debtor has any liability to claimant for the remaining portion of this claim. |
| 32 | WINNING MIND, LLC 1010 UNIVERSITY AVE., #265 SAN DIEGO, CA 92103 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/23/2008 | 1428 | $10,950.00 | As per the *Order Granting the Three Hundred Sixth Omnibus Objection to Claims (No Liability Claims)* [ECF No. 29553] (the "306th Omnibus Order"), this claim was disallowed and expunged, but the Debtors erroneously did not include a portion of the claim, in the amount of $10,950.00, on the exhibit to the 306th Omnibus Order. The Debtors' records reflect that such portion is based on the same transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant for such transaction or transactions. |
| | | | | | TOTAL | $82,335,082.68 | |

**EXHIBIT N**
**(Proposed Order – ECF No. 30033)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
|                                    |   |                           |
|------------------------------------|---|---------------------------|
| In re                              | : | **Chapter 11 Case No.**   |
|                                    | : |                           |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
|                                    | : |                           |
| **Debtors.**                       | : | **(Jointly Administered)** |
---------------------------------------------------------------------x

**ORDER GRANTING THREE HUNDRED FORTY-FOURTH**
**OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)**

Upon the three hundred forty-fourth omnibus objection to claims, dated

July 9, 2012 (the "Three Hundred Forty-Fourth Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors, in accordance with section 502(b) of

title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal

Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance

and expungement of the duplicative claims on the grounds that such claims are

duplicative of the corresponding surviving claims, either exactly or in substance, all as

more fully described in the Three Hundred Forty-Fourth Omnibus Objection to Claims;

and due and proper notice of the Three Hundred Forty-Fourth Omnibus Objection to

Claims having been provided, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Three

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Three Hundred Forty-Fourth Omnibus Objection to Claims.

Hundred Forty-Fourth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Three Hundred Forty-Fourth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Forty-Fourth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicative Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading "*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register subject to the Plan Administrator's right to object as set forth herein; and it is further

ORDERED that this Order supersedes all previous orders regarding the disposition of the Duplicative Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that all information included on and all documentation filed in support of any Duplicative Claims, including, but not limited to, derivative and guarantee questionnaires and supporting documentation, shall be treated as having been filed in support of the corresponding Surviving Claims; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the Duplicative Claims constitutes any admission or finding with respect

to any of the Surviving Claims, and the Plan Administrator's rights to object to the

Surviving Claims on any basis are preserved; and it is further

       ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to

the Three Hundred Forty-Fourth Omnibus Objection to Claims under the heading

"*Claims to be Disallowed and Expunged*" that is not listed on <u>Exhibit 1</u> annexed hereto

and (ii) any Surviving Claim; *provided, however*, that if the Court subsequently orders

that a Surviving Claim is not appropriately duplicative of the corresponding Duplicative

Claim, then the claims agent shall be authorized and directed to immediately reinstate

such Duplicative Claim in these chapter 11 cases (the "<u>Reinstated Claim</u>"), and the rights

of all interested parties with respect to the Reinstated Claim shall be expressly reserved;

and it is further

       ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                      _____
                                        UNITED STATES BANKRUPTCY JUDGE

# **Exhibit 1**

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 344: EXHIBIT 1 – DUPLICATIVE CLAIMS**

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 1 | BURGER, MARTIN S. 10 CITY PLACE, TRUMP TOWER, 29D WHITE PLAINS, NY 10601 | 09/30/2011 | 08-13893 (JMP) | 67672 | $183,307.80 | BURGER, MARTIN S. 10 CITY PLACE, TRUMP TOWER, 29D WHITE PLAINS, NY 10601 | 01/14/2009 | 08-13893 (JMP) | 1703 | $183,307.80 |
| 2 | BURGER, MARTIN S. 10 CITY PLACE, TRUMP TOWER, 29D WHITE PLAINS, NY 10601 | 09/30/2011 | 08-13893 (JMP) | 67673 | $50,000.00 | BURGER, MARTIN S. 10 CITY PLACE, TRUMP TOWER, 29D WHITE PLAINS, NY 10601 | 01/14/2009 | 08-13893 (JMP) | 1702 | $50,000.00 |
| 3 | HAMM, WILLIAM A. & RUTH 3619 THORNDIKE DR FAYETTEVILLE, NC 28311-0308 | 08/03/2009 | 08-13555 (JMP) | 7200 | $12,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $48,883,940,671.38 |
| 4 | MCCULLY, MICHAEL K. 340 EAST 23RD STREET APARTMENT 5M NEW YORK, NY 10010-4747 | 12/15/2009 | 08-13555 (JMP) | 65947 | $148,735.70 | MCCULLY, MICHAEL K. 340 EAST 23RD STREET APARTMENT 5M NEW YORK, NY 10010-4747 | 12/15/2009 | 08-13555 (JMP) | 65946 | $148,735.70 |
| 5 | RODGERS, CATHERINE M. 477 HARRISON STREET NUTLEY, NJ 07110 | 09/22/2009 | 08-13555 (JMP) | 32723 | Undetermined | RODGERS, CATHERINE M. 477 HARRISON STREET NUTLEY, NJ 07110 | 09/22/2009 | 08-13555 (JMP) | 32722 | $54,417.61 |
| | | | **TOTAL** | | $394,043.50 | | | | | |

**EXHIBIT O**
**(Proposed Order – ECF No. 30034)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
In re                                                    :        **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**
                                                         :
                           **Debtors.**                 :        **(Jointly Administered)**
----------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED FORTY-FIFTH
### OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the three hundred forty-fifth omnibus objection to claims, dated

August 14, 2012 (the "Three Hundred Forty-Fifth Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 502(b)

of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for

the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures

Order"), seeking to reduce and allow the Valued Derivative Claims, as more fully

described in the Three Hundred Forty-Fifth Omnibus Objection to Claims; and due and

proper notice of the Three Hundred Forty-Fifth Omnibus Objection to Claims having

been provided to (i) the United States Trustee for Region 2; (ii) the Securities and

Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney

for the Southern District of New York; (v) the claimants listed on Exhibit A attached to

the Three Hundred Forty-Fifth Omnibus Objection to Claims; and (vi) all other parties

---

[1]        Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed
to such terms in the Three Hundred Forty-Fifth Omnibus Objection to Claims.

entitled to notice in accordance with the procedures set forth in the second amended order

entered on June 17, 2010 governing case management and administrative procedures for

these cases [Docket No. 9653]; and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Three

Hundred Forty-Fifth Omnibus Objection to Claims is in the best interests of the Chapter

11 Estates, their creditors, and all parties in interest and that the legal and factual bases

set forth in the Three Hundred Forty-Fifth Omnibus Objection to Claims establish just

cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefore, it is

ORDERED that the relief requested in the Three Hundred Forty-Fifth

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1

annexed hereto is hereby modified and allowed in the amount set forth on Exhibit 1 under

the column heading "Modified Amount" and any asserted amount in excess of the

modified amount is disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to any claim listed on Exhibit A to the Three

Hundred Forty-Fifth Omnibus Objection to Claims that does not appear on Exhibit 1

annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

2

Dated: _____, 2012
         New York, New York

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44100385\1\58399.0011

# **Exhibit 1**

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 345: EXHIBIT 1 – VALUED DERIVATIVES CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | LANDESBANK BADEN-WURTTEMBERG FORMERLY LANDESBANK RHEINLAND-PFALZ GIROZ.) ATTN: LEGAL DEPARTMENT 1150/H AM HAUPTBAHNHOF 2 STUTTGART, 70173 GERMANY | 18886 | 09/18/2009 | Lehman Brothers Financial Products Inc. | Unsecured | $73,707.62* | Lehman Brothers Financial Products Inc. | Unsecured | $72,944.59 |
| 2 | TWO SIGMA HORIZON PORTFOLIO, LLC C/O TWO SIGMA INVESTMENTS, LLC ATTN: MICHAEL MARINIC 379 WEST BROADWAY, 5TH FLOOR NEW YORK, NY 10012 | 66403 | 03/18/2010 | Lehman Brothers Holdings Inc. | Unsecured | $415,385.00 | Lehman Brothers Holdings Inc. | Unsecured | $415,385.00 |
| 3 | TWO SIGMA HORIZON PORTFOLIO, LLC C/O TWO SIGMA INVESTMENTS, LLC ATTN: MICHAEL MARINIC 379 WEST BROADWAY, 5TH FLOOR NEW YORK, NY 10012 | 66404 | 03/18/2010 | Lehman Brothers OTC Derivatives Inc. | Unsecured | $415,385.00* | Lehman Brothers OTC Derivatives Inc. | Unsecured | $415,385.00 |
| | | | | | TOTAL | $904,477.62 | | TOTAL | $903,714.59 |

**EXHIBIT P**
**(Proposed Order – ECF No. 30062)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
In re                                                          :          **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     :          **08-13555 (JMP)**
                                                               :
                              **Debtors.**                     :          **(Jointly Administered)**
-----------------------------------------------------------------------x

## ORDER GRANTING THE THREE HUNDRED FORTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (SECURITIES CLAIMS)

          Upon the three hundred forty-sixth omnibus objection to claims, dated August 15,

2012 (the "Three Hundred Forty-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rules 3007(d) and 3013 of the Federal Rules of Bankruptcy Procedure, and

this Court's order approving procedures for the filing of omnibus objections to proofs of claim

[ECF No. 6664] (the "Procedures Order"), seeking to subordinate the Securities Claims on the

basis that such claims arise from the purchase or sale of securities issued by LBHI or its

affiliates, all as more fully described in the Three Hundred Forty-Sixth Omnibus Objection to

Claims; and due and proper notice of the Three Hundred Forty-Sixth Omnibus Objection to

Claims having been provided; and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Three Hundred Forty-

Sixth Omnibus Objection to Claims is in the best interests of LBHI, its creditors, and all parties

in interest, and that the legal and factual bases set forth in the Three Hundred Forty-Sixth

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Three Hundred Forty-Sixth Omnibus Objection to Claims.

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Forty-Sixth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Securities Claim listed on Exhibit 1 annexed hereto is

classified in the class set forth on Exhibit 1 under the column heading "*Class*"; and it is further

ORDERED that this Order has no res judicata, estoppel, or other affect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A to the Three Hundred Forty-

Sixth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
          New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# **<u>Exhibit 1</u>**

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 346: EXHIBIT 1 – SUBORDINATED CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | CLASS | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|---|
| 1 | BAGLEY, MILTON F. ROLLOVER IRA 19319 CHAPEL CREEK DRIVE BOCA RATON, FL 33434 | 08-13555 (JMP) | **Lehman Brothers Holdings Inc.** | 09/22/2009 | 32784 | LBHI Class 11 | $625,000.00* |
| 2 | BENT II, BRUCE R. C/O DUANE MORRIS LLP ATTN: JOHN DELLAPORTAS AND WILLIAM HEUER 1540 BROADWAY NEW YORK, NY 10036-4086 | 08-13555 (JMP) | **Lehman Brothers Holdings Inc.** | 09/18/2009 | 17314 | LBHI Class 11 | Undetermined* |
| 3 | BENT, ARTHUR T. C/O DUANE MORRIS LLP ATTN: JOHN DELLAPORTAS AND WILLIAM HEUER 1540 BROADWAY NEW YORK, NY 10036-4086 | 08-13555 (JMP) | **Lehman Brothers Holdings Inc.** | 09/18/2009 | 17312 | LBHI Class 11 | Undetermined* |
| 4 | BENT, BRUCE R. C/O DUANE MORRIS LLP ATTN: JOHN DELLAPORTAS AND WILLIAM HEUER 1540 BROADWAY NEW YORK, NY 10036-4086 | 08-13555 (JMP) | **Lehman Brothers Holdings Inc.** | 09/18/2009 | 17313 | LBHI Class 11 | Undetermined* |
| 5 | CONTRA COSTA WATER DISTRICT ATTN: BRICE BLEDSOE 1331 CONCORD AVENUE P.O. BOX H20 CONCORD, CA 94524 | 08-13555 (JMP) | **Lehman Brothers Holdings Inc.** | 09/21/2009 | 23490 | LBHI Class 11 | Undetermined* |
| 6 | LIGHTEN, WILLIAM E. 48 WELLINGTON AVE. NEW ROCHELLE, NY 10804 | 08-13555 (JMP) | **Lehman Brothers Holdings Inc.** | 09/22/2009 | 28232 | LBHI Class 12 | $4,570,182.71* |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 346: EXHIBIT 1 – SUBORDINATED CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | CLASS | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|---|
| 7 | NOAH BANK F/K/A ROYAL ASIAN BANK ATTN: JAMES MCSWIGGAN 7301 OLD YORK ROAD ELKINS PARK, PA 19027 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21868 | LBHI Class 11 | Undetermined* |
| 8 | PRIMARY FUND OF THE RESERVE FUND, THE C/O DUANE MORRIS LLP ATTN: JOHN DELLAPORTAS AND WILLIAM HEUER 1540 BROADWAY NEW YORK, NY 10036-4086 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17321 | LBHI Class 11 | Undetermined* |
| 9 | RESERVE INTERNATIONAL LIQUIDITY FUND LTD., THE C/O DUANE MORRIS LLP ATTN: JOHN DELLAPORTAS AND WILLIAM HEUER 1540 BROADWAY NEW YORK, NY 10036-4086 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17318 | LBHI Class 11 | Undetermined* |
| 10 | RESERVE MANAGEMENT COMPANY, INC. C/O DUANE MORRIS LLP ATTN: JOHN DELLAPORTAS AND WILLIAM HEUER 1540 BROADWAY NEW YORK, NY 10036-4086 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17316 | LBHI Class 11 | Undetermined* |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 346: EXHIBIT 1 – SUBORDINATED CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | CLASS | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|---|
| 11 | RESERVE YIELD PLUS FUND OF THE RESERVE SHORT-TERM INVESTMENT TRUST, THE C/O DUANE MORRIS LLP ATTN: JOHN DELLAPORTAS AND WILLIAM HEUER 1540 BROADWAY NEW YORK, NY 10036-4086 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17317 | LBHI Class 11 | Undetermined* |
| 12 | RESRV PARTNERS, INC. C/O DUANE MORRIS LLP ATTN: JOHN DELLAPORTAS AND WILLIAM HEUER 1540 BROADWAY NEW YORK, NY 10036-4086 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17315 | LBHI Class 11 | Undetermined* |
| | | | | | TOTAL | | $5,195,182.71 |

**EXHIBIT Q**
**(Proposed Order – ECF No. 30357)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                   :    **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :    **08-13555 (JMP)**
                                                        :
                        **Debtors.**            :    **(Jointly Administered)**
-------------------------------------------------------------------x

**ORDER GRANTING THREE HUNDRED**
**FORTY-SEVENTH OMNIBUS OBJECTION**
**TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

Upon the three hundred forty-seventh objection to claims, dated August 24, 2012

(the "<u>Three Hundred Forty-Seventh Omnibus Objection to Claims</u>"),[1] of Lehman Brothers

Holdings Inc. ("<u>LBHI</u>"), as Plan Administrator under the Modified Third Amended Joint Chapter

11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b)

of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules

of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664], seeking to reclassify Compensation Claims as

equity interests, all as more fully described in the Three Hundred Forty-Seventh Omnibus

Objection to Claims; and due and proper notice of the Three Hundred Forty-Seventh Omnibus

Objection to Claims having been provided, and it appearing that no other or further notice need

be provided; and the Court having found and determined that the relief requested in the Three

Hundred Forty-Seventh Omnibus Objection to Claims is in the best interests of the Chapter 11

Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in

the Three Hundred Forty-Seventh Omnibus Objection to Claims establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Forty-Seventh Omnibus Objection to Claims.

ORDERED that the relief requested in the Three Hundred Forty-Seventh Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that any portion of the claims listed on Exhibit 1 annexed hereto that arises from or otherwise relates to Equity Awards, including without limitation any specific amounts indicated on Exhibit 1, shall have the same priority as, and no greater priority than, common stock interests in LBHI; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Three Hundred Forty-Seventh Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
     New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44079388\4\58399.0008

# **Exhibit 1**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 347: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | TOTAL CLAIM DOLLARS SUBJECT TO OBJECTION | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 1 | AGRAWAL, SHASHANK | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/15/2009 | 13002 | $1,400,470.76 | Undetermined | $1,400,470.76 |
| 2 | AINSLIE, MICHAEL L. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/29/2010 | 66193 | Undetermined | Undetermined | Undetermined |
| 3 | AKERS, JOHN F. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/29/2010 | 66192 | Undetermined | Undetermined | Undetermined |
| 4 | BERLIND, ROGER S. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/29/2010 | 66186 | Undetermined | Undetermined | Undetermined |
| 5 | COVEY, DAVID J. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 19815 | $626,992.88 | Undetermined | $626,992.88 |
| 6 | CRUIKSHANK, THOMAS H. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/29/2010 | 66185 | Undetermined | Undetermined | Undetermined |
| 7 | DEEGAN, CHRISTOPHER J | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30076 | $143,198.00 | $121,883.00 | $21,315.00 |
| 8 | EVANS, MARSHA JOHNSON | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/29/2010 | 66189 | Undetermined | Undetermined | Undetermined |
| 9 | GENT, CHRISTOPHER, SIR | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/29/2010 | 66190 | Undetermined | Undetermined | Undetermined |
| 10 | HERNANDEZ, ROLAND A. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/29/2010 | 66183 | Undetermined | Undetermined | Undetermined |
| 11 | HUGHSON, PAUL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 29627 | $10,950.00 * | Undetermined | $10,950.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 347: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS**

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | TOTAL CLAIM DOLLARS SUBJECT TO OBJECTION | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|------|-------------|-------------|-----------|---------|------------------------------|------------------------------------------|---------------------------------------|
| 12  KAUFMAN, HENRY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/29/2010 | 66188 | Undetermined | Undetermined | Undetermined |
| 13  LAX, STEPHEN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/16/2009 | 13727 | $60,900.00 | $5,657.00 | $55,243.00 |
| 14  LEGER, EITAN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 21394 | $200,000.00 | Undetermined | $200,000.00 |
| 15  MACOMBER, JOHN D. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/29/2010 | 66184 | Undetermined | Undetermined | Undetermined |
| 16  SPITAL, SAUL H. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/28/2009 | 9607 | $30,000.00 | Undetermined | $30,000.00 |
| 17  SPITAL, SAUL H. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/28/2009 | 9609 | $100,000.00 | Undetermined | $100,000.00 |
| 18  SPITAL, SAUL H. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/28/2009 | 9610 | $89,806.68 | Undetermined | $89,806.68 |
| 19  VAI, CRISTIANA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/16/2009 | 13763 | $292,431.33 | Undetermined | $292,431.33 |
| | | TOTAL | | | $2,954,749.65 | $127,540.00 | $2,827,209.65 |

**EXHIBIT R**
**(Proposed Order – ECF No. 30554)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
                                                    :
In re                                               :    Chapter 11 Case No.
LEHMAN BROTHERS HOLDINGS INC., *et al.*,             :    08-13555 (JMP)
                                                    :
                    Debtors.                        :    (Jointly Administered)
                                                    :
---------------------------------------------------------------------x

ORDER APPLYING THE ORDER ESTABLISHING DISCOVERY PROCEDURES
IN CONNECTION WITH OMNIBUS OBJECTIONS TO RECLASSIFY PROOFS
OF CLAIMS AS EQUITY INTERESTS TO HOLDERS OF CLAIMS PENDING
ON THE THREE HUNDRED FORTY SEVENTH OMNIBUS OBJECTION TO CLAIMS

Upon the motion dated August 30, 2012 (the "Motion")[2] of Lehman Brothers

Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 105(a) of

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), seeking to apply the

Order Establishing Discovery Procedures in Connection with Omnibus Objections to Reclassify

Proofs of Claim as Equity Interests [ECF No., 30421] to holders of claims that timely responded

to and remain pending on the Three Hundred Forty-Seventh Omnibus Objection following the

hearing on September 27, 2012, all as more fully described in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and the Amended Standing Order M-431 Referring to Bankruptcy Judges for

the Southern District of New York Any and All Proceedings Under Title 11, dated January 31,

2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in
the Motion.

2

provided in accordance with the procedures set forth in the second amended order entered

June 17, 2010 governing case management and administrative procedures [ECF No. 9635], and it

appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Motion is in the best interests of LBHI and its estate and

creditors and all parties in interest; and upon the Court's consideration of the Motion; and after

due deliberation and sufficient cause appearing therefor, it is

        ORDERED that, the Motion is granted; and it is further

        ORDERED that, the Order Establishing Discovery Procedures in Connection with

Omnibus Objections to Reclassify Proofs of Claim as Equity Interests, previously entered by the

Court on August 27, 2012 [ECF No. 30421], which is attached hereto as Exhibit 1, is applicable

to and enforceable by and against those claimants subject to the Three Hundred Forty-Seventh

Omnibus Objection listed on Schedule 1 attached hereto.[3]


Dated:     September ___, 2012
           New York, New York




                                  _____
                                  Honorable James M. Peck
                                  United States Bankruptcy Judge

---

[3] Those claims are identified in Schedule 1 [which will be attached once the Court has ruled on the 347th Omnibus Objection.]

US_ACTIVE:\44084376\2\58399.0011

**Exhibit 1**

**RSU Claims Discovery Order**

US_ACTIVE:\44084376\2\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                       :

In re                             :     Chapter 11 Case No.
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :     08-13555 (JMP)
                                         :

                  Debtors.        :     (Jointly Administered)
                                       :

------------------------------------------------------------------x

## ORDER ESTABLISHING DISCOVERY PROCEDURES
## IN CONNECTION WITH OMNIBUS OBJECTIONS TO
## RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11

cases filed, in total, fourteen Omnibus Objections seeking to reclassify as equity interests

approximately 3,682 claims based on restricted stock units ("RSUs") and/or contingent stock

awards ("CSAs") issued between 2003 and 2008 (the "Omnibus Objections").[1]  Thirteen of the

Omnibus Objections were filed between December 7, 2010 and June 15, 2012, and the last

---

[1] Those objections are:  Debtors' Seventy-Third Omnibus Objection to Claims (to Reclassify Proofs of
Claim as Equity Interests) [ECF No. 13295]; Debtors' One Hundred Eighteenth Omnibus Objection to
Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 15666]; Debtors' One Hundred
Thirtieth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No.
16115]; Debtors' One Hundred Thirty-First Omnibus Objection to Claims (to Reclassify Proofs of Claim
as Equity Interests) [ECF No. 16116]; Debtors' One Hundred Thirty-Third Omnibus Objection to Claims
(to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16530]; Debtors' One Hundred Thirty-
Fourth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No.
16532]; Debtors' One Hundred Thirty-Fifth Omnibus Objection to Claims (to Reclassify Proofs of Claim
as Equity Interests) [ECF No. 16808]; Debtors' One Hundred Seventy-Sixth Omnibus Objection to
Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 19392]; Debtors' One Hundred
Eighty-Fifth Omnibus Objection to Claims (Compound Claims) [ECF No. 19714]; Debtors' Two
Hundred Seventh Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF
No. 20012]; Three Hundred Thirteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as
Equity Interests) [ECF No. 28433]; Three Hundred Fourteenth Omnibus Objection to Claims (Late-Filed
Claims) [ECF No. 28435]; Three Hundred Nineteenth Omnibus Objection to Claims (to Reclassify Proofs
of Claim as Equity Interests) [ECF No. 28777]; and the Three Hundred Forty Seventh Omnibus Objection
to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 30357].

Omnibus Objection was filed on August 24, 2012 (the "August 2012 Omnibus Objection").  In a

series of orders entered between January 20, 2011 and August 24, 2012, the Court granted the

requested relief as against claimants who did not oppose the first thirteen Omnibus Objections,

and reclassified as equity approximately 3,409 claims, leaving 273 claims pending on Omnibus

Objections (the outstanding RSU and CSA claims are referred to collectively as the "RSU

Claims"[2], and the claimants asserting the RSU Claims are referred to as the "RSU Claimants").

The August 2012 Omnibus Objection is scheduled to be heard by the Court on September 27,

2012 and involves twenty-one additional claims (claimants who file responses to the August

2012 Omnibus Objection are referred to as the "August 2012 RSU Claimants."  The August

2012 RSU Claimants shall be included in the definition of "RSU Claimants" and their claims

shall be included in the definition of "RSU Claims").  Numerous RSU Claimants have sought

discovery in connection with the RSU Claims.

> The Court has previously indicated that "reliable and authentic evidence" to

develop the factual record would be helpful in resolving LBHI's objections to the RSU Claims.

Hrg. Tr., Dec. 21, 2011, at 103-04, 106, 128 [ECF No. 23741].  Thus, the Court hereby finds that

it would be in the best interests of LBHI and the RSU Claimants that discovery in connection

with RSU Claims, and LBHI's objections thereto, be conducted in an efficient, expeditious and

orderly manner.  LBHI has shared these discovery procedures with counsel for several of the

RSU Claimants seeking discovery.  This Order addresses the comments and concerns discussed

during those meetings while maintaining an orderly and efficient discovery process.  Counsel for

the RSU Claimants with which LBHI has conferred generally agree that the procedures outlined

in this Order are appropriate to develop the evidentiary record.  Accordingly, it is hereby

---

[2] These RSU Claims are identified in Schedule 1, attached hereto.

ORDERED:

1.    **Scope of Order**.  Except as otherwise ordered by the Court, this Order shall control any

and all discovery by LBHI and the RSU Claimants in connection with the RSU Claims ("RSU

Claims Discovery"), but shall not affect the rights of LBHI or the RSU Claimants to seek

discovery in connection with any other contested matters or adversary proceedings.

2.    **No Admissions**.  No statements made in this Order shall be construed as a finding of fact

by the Court nor as an admission of any claim or allegation by any of the parties.

3.    **Participation in RSU Claims Discovery.**

(a)    Only LBHI and the RSU Claimants shall participate in RSU Claims Discovery.

LBHI shall give each RSU Claimant prompt and adequate notice of this Order at the last known

mailing address and address for electronic mail of such claimant.

(b)    Any RSU Claimant who intends to participate in RSU Claims Discovery

("Proposed Participant"), or any attorney acting on behalf of such Proposed Participant, shall

serve on LBHI's attorneys a completed "Notice of Intent," the form of which is attached hereto

as Exhibit A.  Each Notice of Intent must contain: (i) the name, address, telephone number, and

email address of the Proposed Participant and the name of the law firm(s) and individual

attorney(s) representing the Proposed Participant along with the attorney's office address,

telephone number, and email address; (ii) a list of the proof(s) of claim by claim number, filed by

the Proposed Participant; and  (iii) the employee number by which LBHI identified the Proposed

Participant (if it can be located by the Proposed Participant after a reasonable search), as shown

on Exhibit A.  The Notice of Intent must be served on LBHI's attorneys no later than 14 days

3

after entry of this Order (the "Notice of Intent Deadline"), except that in the case of the August

2012 RSU Claimants, the deadline for serving the Notice of Intent shall be October 4, 2012 (the

"August 2012 RSU Claimants' Notice of Intent Deadline").  In the absence of an Order of the

Court sustaining an objection to a Notice of Intent (as described in Paragraph 3(d) of this Order),

a Proposed Participant timely serving a Notice of Intent shall be deemed a "Participant."  For

purposes of participation in RSU Claims Discovery, "Participant" shall include the attorneys and

advisors for any Participant identified on the Notice of Intent served by the Participant, and

"LBHI" shall include the attorneys and any advisors and any other professionals for LBHI and

its affiliates.  RSU Claimants who do not serve a Notice of Intent by the Notice of Intent

Deadline, except by agreement of the parties or Order of the Court, will not be permitted to

participate in RSU Claims Discovery or take any discovery from LBHI in connection with the

RSU Claims.

(c)    All RSU Claimants shall be entitled to serve a Notice of Intent on or prior to the

Notice of Intent Deadline and shall be permitted to participate in RSU Claims Discovery as of

the date of serving such Notice of Intent.

(d)    LBHI shall have the right to object to Notices of Intent on any and all appropriate

grounds, including, but not limited to those that are, *inter alia,* harassing, or served by persons

that are not RSU Claimants.  Any RSU Claimant or other party who serves a Notice of Intent to

which LBHI successfully objects pursuant to an Order of the Court shall not be permitted to

participate in RSU Claims Discovery or take any discovery from LBHI in connection with the

RSU Claims.

4

(e)        Within seven (7) days of the Notice of Intent Deadline, LBHI shall serve on all

Participants a list of such RSU Claimants and their attorneys, which will be the official service

list for RSU Claims Discovery (the "Original Official Service List").  Within five (5) days of the

August 2012 RSU Claimants' Notice of Intent Deadline, LBHI shall serve an amended official

service list on all Participants.  LBHI shall amend the Official Service List, as necessary, from

time to time, and shall serve the amended service lists on every party on the Official Service List.

Service in connection with RSU Claims Discovery shall be by electronic mail.

(f)        All RSU Claims Discovery shall be subject to and conducted in accordance with

the terms of the Protective Order, attached hereto as Exhibit B and approved by the Court in its

entirety.  In order to participate in RSU Claims Discovery, each Participant and a representative

of each Participant's attorneys and advisors must read and sign the Agreement to abide by the

Protective Order, attached hereto as Exhibit C, and serve a copy upon LBHI's attorneys.  Such

representative must provide the Protective Order to any person that it employs or engages who is

given access to RSU Claims Discovery.  Any Participant (or the attorneys and advisors for any

RSU Claimant who are involved in these Chapter 11 cases) who does not sign the Agreement to

Abide by the Protective Order shall not be permitted to participate in RSU Claims Discovery.

4.        **LBHI's Initial Disclosures.**  No later than 45 days after the Notice of Intent Deadline

(unless an extension is reached by agreement of the parties or ordered by the Court), LBHI shall

make the initial disclosures set forth below to each Participant, except in the case of the August

2012 RSU Claimants, LBHI shall make the initial disclosures set forth below no later than 21

days after the August 2012 RSU Claimants' Notice of Intent Deadline.  With regard to the

Participants who serve a Notice of Intent before the Notice of Intent Deadline, LBHI shall

endeavor to produce the below documents and information prior to the above deadline.

5

(a)      Documents in LBHI's possession, custody or control setting forth the terms and
conditions applicable to restricted stock units and/or contingent stock awards issued between
2003 and 2008 that can be located after a reasonable search, including, but not limited to, all
operative agreements, amendments, program documents, and policies;

(b)      A confidential report to each individual Participant identifying the plan(s) and/or
programs(s) in which LBHI's business records reflect that he/she had an unvested or unexercised
restricted stock unit or contingent stock award that were issued between 2003 through 2008,
together with information as reflected in statements made available to each Participant during the
years 2003 – 2008, as well as values attributable to his/her restricted stock units and/or
contingent stock awards during that period.

(c)      With respect to Participants who were commissioned sales persons, a confidential
report showing the amounts of commissions during the fiscal year 2008 to be allocated to RSUs
that LBHI anticipated would be awarded in 2008;

(d)      To each Participant who was a former principal of Neuberger Berman Inc.
("Neuberger Berman") and who became a Lehman employee as a result of the merger between
LBHI and Neuberger Berman, (i) any non-solicitation or non-compete agreements signed by the
Participant that can be located after a reasonable search; and (ii) any agreement concerning the
retention bonuses paid to the Participant that can be located after a reasonable search;

(e)      All minutes of Compensation Committee meetings for the years 2003 through
2008 related to the RSU Claims that can be located after a reasonable search;

6

(f)     All employee handbooks from 2003-2008 that can be located after a reasonable

search; and

(g)     LBHI's audited annual and quarterly financial statements for the years 2003

through 2008.

5.     **Requested Document Discovery from LBHI.**

(a)     No later than 45 days from LBHI's service of the Original Official Service List,

the Participants shall serve consolidated Document Requests relating to the RSU Claims

pursuant to Rule 34 of the Federal Rules of Civil Procedures (the "Federal Civil Rules"), as

incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), as part of one of the following groups (each of the foregoing enumerated

groups, a "Group" and together, the "Groups"):  (i) Participants who were salaried employees of

Lehman and did not become Lehman employees as a result of the merger of LBHI and

Neuberger Berman and whose claims are not based on contingent stock awards;  (ii) Participants

who were salaried employees of Lehman and did not become Lehman employees as a result of

the merger of LBHI and Neuberger Berman and whose claims are based on contingent stock

awards; (iii) Participants who were commissioned employees of Lehman (including Participants

who have claims relating to commissions earned in fiscal year 2008) and did not become

Lehman employees as a result of the merger of LBHI and Neuberger Berman and whose claim is

not based on contingent stock awards; (iv) Participants who were commissioned employees of

Lehman (including Participants who have claims relating to commissions earned in fiscal year

2008) and did not become Lehman employees as a result of the merger of LBHI and Neuberger

Berman and whose claim is based on contingent stock awards; and (v) Participants who became

7

Lehman employees as a result of the merger of LBHI and Neuberger Berman.[3]  Each of the

foregoing groups may serve one consolidated Document Request (each, the "Consolidated

Request" or collectively, the "Consolidated Requests").  The Participants in each of the

foregoing groups shall confer with the members of their respective groups and develop their

Group's Consolidated Requests in order to avoid the service of multiple, duplicative document

requests and the attendant costs and other burdens imposed on LBHI to respond to such requests.

If the Participants determine that it will be more efficient to serve one set of consolidated

Document Requests for all of the Groups or combine the requests of two or more Groups, they

may do so, but they must indicate in the Consolidated Requests which requests are made by all

of the Participants and which requests are made only by any of the foregoing groups.  No

Participant shall waive, or be deemed to have been prejudiced in any way, with respect to, any of

his/her rights and legal positions by joining the Consolidated Requests or the designation of the

Groups as prescribed in this paragraph.

       (b)      No later than 21 days after receiving the Consolidated Requests, LBHI's attorneys

shall, if LBHI deems necessary, confer with the Participants and/or Groups concerning the

Document Requests.

       (c)      Other than in response to reasonably limited, targeted search requests agreed to by

LBHI or ordered by this Court, LBHI shall not be required to search for, produce, or identify on

any log, documents from the following categories of privileged documents:

           (i)      Hard copy and electronic files of in-house counsel and outside counsel;

---

[3] No provision herein shall be construed to preclude any Participant from joining or forming other groups
under Bankruptcy Rule 2019 or for any other purpose outside the scope of this Order.   The cooperation
of Participants in the manner contemplated by this Order shall not be deemed to constitute the formation
or participation in a group within the scope and requirements of Bankruptcy Rule 2019.

   (ii)  Documents and communications solely between in-house counsel and

       outside counsel;

   (iii)  Internal documents and communications solely within an outside counsel

       law firm;

   (iv)  Documents and communications solely between or among outside counsel

       law firms for  a single client;

   (v)  Documents and communications solely between or among client and

       inside or outside counsel; and

   (vi)  To the extent a request seeks documents prepared or dated after September

       15, 2008, internal documents and communications solely with an advisor,

       except in the case of an advisor designated as a testifying expert.

Nothing in this Paragraph shall modify or expand a Participant's rights or obligations under Rule

26(b)(4)(B) of the Federal Civil Rules.

   (d)  Unless the time is extended by agreement or order of this Court, LBHI shall serve

written objections and responses to the Consolidated Requests on the Participants no later than

30 days after receiving the Consolidated Requests.  Thereafter, LBHI shall begin a rolling

production of any non-privileged documents that are not subject to an objection made by LBHI

and that are responsive to the Consolidated Requests that can be located after a reasonable

search.  To the extent that any of the requested documents contains confidential or personal

information concerning a particular Participant, LBHI shall produce such documents to the

Participant and/or his attorneys only.  LBHI shall begin searching for and producing documents

as expeditiously as is reasonably practical.  LBHI shall produce bate-stamped and/or otherwise

uniquely identified documents on a rolling basis and inform Participants from time to time

regarding the production and availability of documents.  LBHI shall complete its production of
documents no later than 80 days after receiving the Consolidated Requests.

6.      **Data Repository.**

(a)      LBHI shall, to the extent reasonably practical, upload non-privileged responsive
documents to one or more online data repositories (collectively, the "Data Repository") on a
rolling basis.  The Data Repository review tool shall provide basic functions and features such as
searching, printing, and downloading.  All documents responsive to any of the Consolidated
Requests will be accessible by all Participants, except for those documents containing
confidential or personal information about a Participant.  Documents containing confidential or
personal information about a Participant will be produced only to that Participant (whether
electronically or otherwise).

(b)      After signing and providing to LBHI's attorneys, the Agreement to Abide by the
Protective Order, the Participants will be granted access to the Data Repository.  Each Participant
shall, upon request, be given up to three (3) separate login credentials for the Data Repository for
the Participant and the attorneys and/or advisors identified in the Notice of Intent served by each
Participant.

(c)      LBHI shall have the right to produce documents by other means, including but not
limited to, hard copy documents or supervised review of hard copy documents.  LBHI will notify
the Participants if any documents will be made available by such other means, and will provide
reasonable advance notice of the terms and conditions under which such documents will be made
available.  Any Participant may request that any documents or data, including, but not limited to,
Microsoft Excel files, that are otherwise responsive to discovery requests be produced in another

10

format.  Any dispute concerning the production of such documents that is not resolved by a meet

and confer process may be brought to the Court's attention in accordance with this Order.

7.    **Requested Document Discovery from the RSU Claimants.**

(a)    No later than 55 days from LBHI's service of the Original Official Service List,

LBHI may serve Document Requests relating to the RSU Claims pursuant to Rule 34 of the

Federal Civil Rules, as incorporated by Rules 7034 and 9014 of the Bankruptcy Rules, on the

Participants.

(b)    No later than 21 days after receiving LBHI's Document Requests, the Participants

or any of the Groups shall, if they deem necessary, confer with LBHI concerning the Document

Requests.

(c)    The Participants shall not be required to search for, produce, or identify on any

log, documents from the following categories of privileged documents:

(i)    Hard copy and electronic files of the Participants' attorneys;

(ii)    Internal documents and communications solely within the law firm(s)

representing the Participants;

(iii)    Documents and communications solely between or among law firms

representing the Participants and Participants appearing *pro se;* and

(iv)    Documents and communications solely between or among the Participants

and their counsel.

Nothing in this Paragraph shall modify or expand a LBHI's rights or obligations under Rule

26(b)(4)(B) of the Federal Civil Rules.

11

(d)     Unless the time is extended by agreement or order of this Court, the Participants

shall serve written objections and responses to LBHI's Document Requests no later than 30 days

after receiving LBHI's Document Requests.  The Groups shall confer to develop consolidated

responses to LBHI's Document Requests (the "Consolidated Responses").  The Consolidated

Responses must specify any objections or responses made by less than all of the Participants, and

the Participants making those objections or responses.  Thereafter, the Participants shall begin a

rolling production of any non-privileged documents that are not subject to an objection made by

the Participants and that are responsive to the LBHI's Document Requests that can be located

after a reasonable search.  The documents may be produced in electronic form in accordance

with the specifications set forth in Exhibit D, or in hard copy.  If reasonably practical, LBHI may

upload the documents produced by Participants to the Data Repository.  The Participants shall

begin searching for and producing documents as expeditiously as is reasonably practical.  The

Participants shall produce bate-stamped and/or otherwise uniquely identified documents on a

rolling basis and inform LBHI from time to time regarding the production and availability of

documents.  The Participants shall complete their production of documents no later than 80 days

after receiving LBHI's Document Requests.

8.     **Privilege Log.**

(a)     Except for the categories of documents identified in Section 4(g) above, if LBHI

withholds any documents on the grounds of privilege, work product, or any other type of

protection or immunity from disclosure, LBHI shall provide the Participants with a privilege log

consistent with Rule 26(b)(5) of the Federal Civil Rules, as incorporated by Bankruptcy Rules

7026 and 9014.

(b)    Except for the categories of documents identified in Section 6(c) above, if a

Participant withholds any documents on the grounds of privilege, work product, or any other

type of protection or immunity from disclosure, he/she shall provide LBHI with a privilege log

consistent with Rule 26(b)(5) of the Federal Civil Rules, as incorporated by Bankruptcy Rules

7026 and 9014.

9.    **Interrogatories and/or Request for Admissions Served on LBHI.**

(a)    No later than 55 days from LBHI's service of the Original Official Service List,

the Participants may collectively serve upon LBHI's attorneys no more than 60 (except by the

parties' agreement or order of the Court) written Interrogatories (including all subparts) and such

Requests for Admission as may be reasonably necessary to establish document admissibility,

relating to the RSU Claims, pursuant to Rules 33(a)(1) and Rule 36 of the Federal Civil Rules, as

incorporated by Bankruptcy Rules 7033, 7036, and 9014.  The Interrogatories shall be limited to

identification and authentication and shall not include contention interrogatories.  The

Participants shall confer among themselves to determine the content and scope of the

Interrogatories and/or Request for Admissions.

(b)    Unless the time is extended by agreement or order of this Court, LBHI shall serve

written objections and responses to the above Interrogatories and/or Request for Admissions on

the Participants no later than 30 days after they have been served on LBHI's attorneys.

10.    **Interrogatories and/or Request for Admissions Served on the RSU Claimants.**

(a)    No later than 55 days from LBHI's service of the Original Official Service List,

LBHI shall serve on the Participants no more than 60 (except by the parties' agreement or order

13

of the Court) written Interrogatories (including all subparts) and such Requests for Admission as

may be reasonably necessary to establish document admissibility, relating to the RSU Claims,

pursuant to Rules 33(a)(1) and Rule 36 of the Federal Civil Rules, as incorporated by Bankruptcy

Rules 7033, 7036, and 9014.  The Interrogatories shall be limited to identification and

authentication and shall not include contention interrogatories.

(b)      Unless the time is extended by agreement or order of this Court, the Participants

shall serve written objections and responses to the above Interrogatories and/or Request for

Admissions on LBHI 30 days after they have been served on the Participants.  The Participants

shall confer to develop their group's consolidated responses to LBHI's Interrogatories and/or

Request for Admissions.

11.    **Rule 30(b)(6) Deposition of LBHI**.

(a)      No later than 14 days after document production is complete, the Participants may

collectively serve one (1) Notice for Deposition upon the Debtors pursuant to Rule 30(b)(6) of

the Federal Civil Rules, as incorporated by Bankruptcy Rules 7030 and 9014, seeking deposition

testimony regarding the RSU Claims (the "Joint Notice").  The Participants shall confer

regarding topics for the Rule 30(b)(6) deposition prior to serving the Joint Notice.

(b)      Within 30 days of receiving the Joint Notice (unless extended by agreement of the

parties or further order of the Court), LBHI shall serve any responses and objections to the Joint

Notice, together with a list of designated witnesses for each of the noticed Rule 30(b)(6) topics to

which LBHI does not object, and the dates and locations when such witnesses will be made

available to be deposed.  Participants and LBHI will confer to resolve any disputes regarding

14

topics in the Joint Notice.  The deposition of LBHI must be completed no later than 30 days after

LBHI serves the list of designated witnesses.

12.      **Depositions of the RSU Claimants.**  No later than 14 days after receipt of the Joint

Notice, LBHI may serve deposition notices on any of the Participants, seeking deposition

testimony regarding the RSU Claims, to be scheduled no later than 45 days after LBHI serves the

deposition notices.  Considering the international nature of LBHI's business and the small size of

many of the RSU Claims, the Court anticipates that many Participants who are not residents of or

employed in the City of New York may request that the deposition take place by telephone or

other remote means. See Fed.R.Civ.P. 30(b)(4) & 31.  The Court also anticipates that the parties

will stipulate to mutually agreeable arrangements pursuant to Fed.R.Civ.P. 29.  This Order

creates no presumption either against such stipulations or in favor of depositions taking place in

New York.

13.      **Discovery Disputes.**  Any dispute with regard to RSU Claims Discovery that cannot be

resolved in good faith consultation with LBHI may be presented to the Court by a letter from the

party seeking relief, and all participating parties copied.  If any Participant has a dispute or

objection regarding these discovery procedures that does not concern any other Participant that

cannot be resolved in good faith consultation with LBHI, that Participant may present the issue

to the Court by letter and copy LBHI only and not copy any other of the Participants.   Any

response to the above letters shall be made by letter to the Court delivered within five (5)

business days after service of the initial letter submission on the applicable parties.  Except with

prior leave of Court, no letter shall exceed three (3) pages in length, and no additional

submissions will be permitted.  LBHI will communicate with the Court about scheduling status

conferences/hearings during which discovery disputes will be heard.

15

14.    **Status Updates and Completion of Discovery.**  LBHI shall communicate with the Court

periodically to provide it with updates on the status of discovery.  Within 10 days after the

completion of discovery, the parties shall attempt to jointly recommend to the Court proposed

procedures for the evidentiary hearing(s) on the RSU Claims, including Stipulations of Fact and

procedures for the exchange of Declarations of LBHI or any RSU Claimant.  To the extent that

agreement cannot be reached, any party can submit its own proposed procedures.

15.    **Non-Waiver of Privilege.**  The inadvertent production by LBHI or any Participant of any

privileged document or information or any other document or information otherwise precluded

or protected from disclosure, in response to any discovery requests shall not be deemed a waiver

of any applicable privilege or immunity with respect to such document or information (or the

contents or subject matter thereof) or with respect to any other document or discovery.  Any such

produced privileged or protected document must immediately be destroyed or returned (whether

or not the receiving party disputes the claim or privilege) to the producing party on request or

upon discovery of such inadvertent production by the receiving party, and the receiving party

shall certify that all copies of such produced privileged or protected document has been

destroyed or returned.

16.    **Use of Materials Produced.**  LBHI and Participants shall have the right to object to any

request for documents on the grounds that such request appears to be calculated for use in

proceedings other than those related to the RSU Claims.  In addition, absent further Order of the

Court, no discovery or information obtained pursuant to this Order may be introduced in

evidence or otherwise disclosed in any other matter or proceeding, other than other contested

matters or adversary proceedings between LBHI and an RSU claimant arising out of these

16

Chapter 11 cases, unless properly obtained through discovery or otherwise in such matter or other proceeding.

17.    **No Legal Representation Implied by Participation**.  For the avoidance of doubt, neither any provision of this Order nor the participation or activity by any attorney in any aspect of RSU Claims Discovery (including, without limitation, the activity of an attorney for a Participant in connection with the service of consolidated Document Requests as contemplated by section 4 hereof) shall be deemed or construed to create an attorney-client relationship between any attorney and any Participant, and no attorney participating in RSU Claims Discovery shall have any duty or obligation to any Participant other than the represented Participant indicated on the Notice of Intent served by such attorney.

18.    **Jurisdiction.**  The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: New York, New York
       August 27, 2012

                                    _____*s/ James M. Peck*_____
                                    Honorable James M. Peck
                                    United States Bankruptcy Judge

17

# SCHEDULE 1

# SCHEDULE 1

| Claim # | Creditor Name |
|---|---|
| 16132 | ABRAMS, STANLEY |
| 30611 | ADLER, JENNIFER S. |
| 27619 | ALI, ASGAR |
| 11044 | ALLARD, ANDREW |
| 12809 | ANDERSON, IAN W. |
| 10544 | ANDRIOLA, ROCCO F. |
| 16516 | ANTONCIC, MADELYN |
| 20313 | BANCHETTI, RICCARDO |
| 68071 | BANCHETTI, RICCARDO |
| 14851 | BARDEHLE, CHRISTIAN |
| 32511 | BAREGGI, MICHELE |
| 65217 | BASS, BRADLEY |
| 66323 | BAZYLEVSKY, BO |
| 13360 | BECKER, JENNIFER |
| 2136 | BENSON, CRAIG O. |
| 34980 | BIRASCHI,PAOLA |
| 19506 | BIRD, RICHARD |
| 33233 | BOGERT, LISA R |
| 4625 | BOUGHRUM, DONALD J. |
| 15087 | BOWYER, MICHAEL L. |
| 30417 | BRANCATO, JENNIFER |
| 11297 | BREWER, KAREN H |
| 65126 | BROADBENT, WILLIAM |
| 9971 | BROADBENT, WILLIAM S. |
| 34559 | BROOKS, DAVID J |
| 27925 | BURKE, TIMOTHY A. |
| 68086 | BURKE, TIMOTHY A. |
| 21510 | BUTLER-MCLAUGHLIN, CECELIA |
| 5733 | CALLIES, GUILLEMETTE |
| 25198 | CARANGO, ANTHONY T. |
| 25137 | CASSANOVA, CATRINA |
| 34326 | CASUPLE, VIRGILIO |
| 17760 | CATALAO MAIA, ALEXANDRE |
| 32595 | CHAN, SHIRLEY |
| 25226 | CINTRON, JACQUELINE |
| 25443 | COHEN GUSTAVO SEBASTIAN |
| 16153 | COHEN, DARIAN J. |
| 11588 | COLLIER, MICHAEL |
| 25073 | COLTON, DAVID |
| 17879 | CRASTON, EDMUND ANTHONY |
| 10101 | CREMIN, PATRICK G. |
| 19076 | D'AMADEO, JOSEPH G |
| 27231 | DAS, NACHIKETA |

| Claim # | Creditor Name |
|---|---|
| 5952 | DAY, GEMMA |
| 34492 | DE JESUS, NESTOR E |
| 4319 | DELLARUSSO, RICHARD J. |
| 14260 | DESFORGES, MATHIEU |
| 12314 | DICCIANNI, CHARLES |
| 29210 | DICENSO, JOSEPH |
| 34401 | DMUCHOWSKI, JOHN J |
| 21911 | DUFFY, KATHLEEN C |
| 15528 | DUFOURNIER, PHILIPPE |
| 68073 | DUFOURNIER, PHILIPPE |
| 5729 | DUNKIN, ROBEN L |
| 28012 | DYER, ROBERT C. |
| 15255 | ENGEL, STEVEN |
| 19193 | ERTMANN, JAMES |
| 24678 | ESCOBAR, CALIXTO M. JR. |
| 12733 | FALLTRICK, BARRY J |
| 25339 | FELDERHOF, STEPHEN |
| 18067 | FINKEL, SETH J. |
| 4709 | FLACKMAN, CYNTHIA |
| 8530 | FLEISCHMAN RICHMAN, SANDY |
| 24407 | FLYNN, PATRICK |
| 25772 | FRASER-JENKINS,INIGO L |
| 23028 | FRYER, DANIEL J. |
| 27735 | GATTUSO, MARGARET E. |
| 9682 | GLASEBROOK, RICHARD J., II |
| 23894 | GOLDBERG, JASON |
| 19518 | GOLDBERG, LOUISE |
| 10029 | GOLDMAN, SHERYL |
| 23900 | GRAN, MICHAEL |
| 24498 | GRAVES, ADRIAN T |
| 7797 | GREGG, HAWES |
| 34727 | HAHN-COLBERT, SANDRA M |
| 34728 | HAHN-COLBERT, SANDRA M |
| 30355 | HALL, ROOPALI A. |
| 33155 | HARGRAVE, BRIAN |
| 5421 | HASHIDA, AKIKO |
| 30475 | HOAR, NICK JOHN |
| 12940 | HOM, MICHAEL C. |
| 28365 | HOOPER, HELEN |
| 66971 | HORNICK, PETER |
| 28279 | HOWARD, NICHOLAS P. |
| 14023 | HUTTON, RANDALL J. |
| 64991 | IRAGORRI, JULIAN |
| 23575 | IYER, SUBRAMANIUM |
| 24335 | JACOBSON, LARS P. |

| Claim # | Creditor Name |
|--------:|---------------|
| 5340 | JAO, ANDREA T. |
| 20300 | JENCKES, GEORGE A., IV |
| 15102 | JOHNSON, BRIAN A. |
| 6286 | JUDD, IAN |
| 12821 | KELLARD, CRAIG J |
| 9025 | KENG-CHONG, CHEN |
| 14067 | KENNEY, ARTHUR J. |
| 67880 | KENNEY, ARTHUR J. |
| 13929 | KENNEY, JUDITH ANN |
| 13888 | KETTLER, R. KYLE |
| 25172 | KILGALLON,JOHNINE |
| 34546 | KING, HARRIET CHAN |
| 23582 | KOTIAN, SURAJ |
| 18087 | KRIEGER, KAREN M. SIMON |
| 24675 | LANGEVIN, MARY |
| 32239 | LANKEN, JONATHAN P |
| 25874 | LATIFA, DEBBARH |
| 3374 | LAWRENCE, HENRY MORGAN III |
| 3373 | LAWRENCE, NICOLE S. |
| 24670 | LAWSKY, MICHAEL |
| 5262 | LEE, MAN YANG |
| 31267 | LEGOTTE, LEONARD J. |
| 27230 | LENG, MANHUA |
| 6741 | LEUNG, PAMELA |
| 65858 | LEV ARI, TAL |
| 14342 | LEVY, STEWART F. |
| 8812 | LEWIS, SARAH J |
| 25895 | LIOTTI, FABIO |
| 15120 | LIOTTI, FABIO |
| 17624 | LISTER, JAMES G. |
| 28287 | LOWE, TIA GELAINE |
| 25110 | LUDWIG, LINDA |
| 22763 | LUKEN, PATRICIA M. |
| 24409 | LYNCH, MARY A. |
| 30704 | MALCOLM, ANDREW |
| 9428 | MALTHOUSE, SAMANTHA |
| 24889 | MARCUS, LISA |
| 16329 | MARCUS, LISA |
| 11107 | MARNEY, LESLEY N |
| 23723 | MARSHALL, NIKKI A. |
| 66392 | MCCARTHY, LAWRENCE E |
| 10370 | MCCOOEY, KEVIN C. |
| 65949 | MCCULLY, MICHAEL K. |
| 31081 | MCGEE, HUGH |
| 11434 | MCLAUGHLIN, MARY DEIRDRE |

| Claim # | Creditor Name |
|---|---|
| 11108 | MEARS, RUSSELL |
| 8707 | MENZIES, FIONA M. |
| 32398 | MEYER, JAMES P. |
| 32557 | MISCHLER, VINCENT |
| 24585 | MODASIA, DIPAK |
| 20775 | MONAHAN, BRIAN W. |
| 30680 | MONTALVO, MIRIAM |
| 11043 | MUINOS, BARBARA |
| 27599 | MULLEN, MICHAEL J. |
| 17261 | MURPHY, PATRICIA |
| 13968 | NACKENSON, RICHARD |
| 22803 | NEDEV, BORIS |
| 12806 | NETZEL, GAVIN R |
| 31678 | NEVILLE, IAN A |
| 14197 | NOBLE, RICHARD GRANT |
| 20305 | NORTH-CLAUSS, BRYAN |
| 14855 | OLIVIER, HELMUT |
| 17872 | O'MARA, MICHAEL J. |
| 27300 | O'SULLIVAN, THOMAS J. |
| 16039 | PARR, ANKE |
| 68074 | PARR, ANKE |
| 23578 | PATANKAR, SAMEER |
| 16289 | PATTERSON, MARTIN |
| 12044 | PENTON, ANDREA M |
| 5770 | PETRUCELLI, MICHAEL J. |
| 5063 | PLASKETT, RODNEY A. |
| 31219 | POCHINAPEDDI, VENKATA |
| 12975 | PORTER, BARRY |
| 68079 | PRIMIANO, VINCENT |
| 31795 | PRIMIANO, VINCENT A. |
| 31796 | PRIMIANO, VINCENT A. |
| 31794 | PRIMIANO, VINCENT A. |
| 31797 | PRIMIANO, VINCENT A. |
| 31798 | PRIMIANO, VINCENT A. |
| 31799 | PRIMIANO, VINCENT A. |
| 31800 | PRIMIANO, VINCENT A. |
| 31801 | PRIMIANO, VINCENT A. |
| 31802 | PRIMIANO, VINCENT A. |
| 31803 | PRIMIANO, VINCENT A. |
| 31804 | PRIMIANO, VINCENT A. |
| 31805 | PRIMIANO, VINCENT A. |
| 31806 | PRIMIANO, VINCENT A. |
| 31807 | PRIMIANO, VINCENT A. |
| 31808 | PRIMIANO, VINCENT A. |
| 31809 | PRIMIANO, VINCENT A. |

| Claim # | Creditor Name |
|---|---|
| 31810 | PRIMIANO, VINCENT A. |
| 31811 | PRIMIANO, VINCENT A. |
| 31812 | PRIMIANO, VINCENT A. |
| 31813 | PRIMIANO, VINCENT A. |
| 28316 | PULJIC, GORAN |
| 11300 | RADICK, JONATHAN |
| 17607 | RAMALLO, HENRY |
| 19584 | REINER, BRETT S. |
| 10489 | REYCROFT, EMILY M. |
| 28442 | REYNOLDS, CHRISTIAN F. |
| 66375 | RIVKIN, JACK L. |
| 5326 | RONCAGLIOLO, JACQUELINE S |
| 19077 | SAKS, ROGER |
| 19947 | SANTODOMINGO MARTELL, ALVARO |
| 34872 | SARKAR, AMIT K |
| 23577 | SARODE, SUNIL |
| 15754 | SARONNE, GIANCARLO |
| 68080 | SARONNE, GIANCARLO |
| 8951 | SAVILLO, JOSEPHINE M. |
| 11369 | SCHUSTER, CHRISTIANE |
| 11540 | SCHWAB, STEVEN B |
| 20244 | SCHWARTZ, MARVIN C |
| 68077 | SEBIRI, JONATHAN |
| 2927 | SERAYDAR, ROSE MRS |
| 11590 | SEWARD, BRIAN |
| 14285 | SHAH, HARSH |
| 68072 | SHAH, HARSH |
| 31374 | SHAPIRO, ROSS B. |
| 1681 | SHEFFER, SCOTT T. |
| 23580 | SHINDE, SUDARSHAN SUBHASH |
| 21362 | SHOTTON, PAUL NIGEL |
| 14958 | SHUM, DANIEL T. |
| 13458 | SIBIRSKI, LINDA J. |
| 65222 | SIEGEL, NORMAN |
| 32064 | SINGH, ANIL KUMAR |
| 11054 | SMITH, MARGARET E |
| 8813 | SNELLING, STEPHEN J |
| 24373 | SOMMA, GREGG |
| 23799 | SPERO, CHARLES |
| 68075 | SPERO, CHARLES |
| 15690 | STATHAM, CHRISTOPHER A. |
| 31665 | STEFFENS, EDWARD M. |
| 25431 | STEVENS, CHRISTIAN E. |
| 21711 | STIEFEL, STEPHANIE J |
| 13087 | SULLIVAN, ANDREA |

| Claim # | Creditor Name |
|---|---|
| 23576 | SURI, TARVINDER SINGH |
| 33156 | SWEELY, GORDON |
| 68078 | SWEELY, GORDON G. |
| 14852 | TESCHNER, STEFAN |
| 12811 | TOAL, IAN G |
| 9879 | TRAVERSA, ROBERT |
| 32257 | TUIL, LAURENT |
| 26063 | TURNBULL, NIGINA |
| 31902 | VALECCE, JOHN |
| 8447 | VELEBA, MILAN |
| 25900 | VOLINI, PIERLUIGI |
| 23579 | WAIRKAR, DINESH VISHWANATH |
| 12296 | WALKER, MATTHEW |
| 1707 | WALSH, W. PHILLIP |
| 25072 | WANG,YULAN |
| 9915 | WARD, PETER |
| 24545 | WARDELL, JEFFERY K. |
| 28313 | WATTEVILLE, JEAN DE |
| 29718 | WECKER, JEFFREY |
| 18314 | WEINER, DAVID I. |
| 13327 | WEINREICH, RUTH |
| 13290 | WELCH, COLIN S. A. |
| 66053 | WHAMOND, CHRISTIAN |
| 22286 | WIDEMAN, ANDREW |
| 34829 | WILKINSON, TIMOTHY B |
| 25129 | WILSON, KELLY WEINBERGER |
| 9968 | WILSON, ROBERT W. |
| 19298 | WINCHESTER, JUDITH A. |
| 6130 | WREN, ALEX H |

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re                                                    :    Chapter 11 Case No.
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :    08-13555 (JMP)
                                                         :
                        Debtors.                         :    (Jointly Administered)
----------------------------------------------------------------x


### NOTICE OF INTENT TO PARTICIPATE IN DISCOVERY
### IN CONNECTION WITH OMNIBUS OBJECTIONS TO
### RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS


NOTICE IS HEREBY GIVEN that _____, represented by
_____, has filed Claim(s) Number(s) _____
against _____ in the amount of _____ in the above-captioned chapter
11 cases (the "Chapter 11 Cases") and intends to participate in discovery in connection with the
Debtors' and LBHI's Omnibus Objection(s) to such claim(s).  The employee identification
number for the above-named party while employed by LBHI and/or its affiliates was
_____ .


ACCORDINGLY, PLEASE TAKE FURTHER NOTICE that, subject to any objections by
LBHI and/or any limitations imposed by the Court, the above-named party and his/her counsel
intends to participate in RSU Claims Discovery, as defined in the Order Establishing Discovery
Procedures in Connection with Omnibus Objections to Reclassify Proofs of Claim as Equity
Interests, entered by the Court on _____ [ECF No. ___].


Dated:  _____            _____


**Contact Information for RSU Claimant (address, phone and email):**
_____
_____
_____
_____


**Contact Information for Attorneys for RSU Claimant (address, phone and email):**
_____
_____
_____
_____


1

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                              :        Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :        08-13555 (JMP)
                                                   :
                        Debtors.                   :        (Jointly Administered)
------------------------------------------------------------------x

## PROTECTIVE ORDER

In conjunction with the Order,[4] it is ORDERED by the Court that RSU Claims

Discovery conducted in accordance with the Order shall be conducted subject to the following

terms and provisions set forth in this Protective Order; that all documents, deposition testimony,

interrogatory answers, and other information produced, given, provided or exchanged in

connection with RSU Claims Discovery (the "Discovery Materials") and/or the Participants

(collectively, "Producing Parties") shall be and are subject to this Protective Order in accordance

with the following procedures, pursuant to sections 105(a) and 107(b) of title 11 of the United

States Code (the "Bankruptcy Code") and Bankruptcy Rule 9018, to protect the confidentiality of

sensitive information; and that, by signing the Agreement to Abide by the Protective Order,

signatories (each a "Signatory") have consented to this Protective Order and agree to be bound

by its terms:

      1.      Any Producing Party or Receiving Party (defined in paragraphs 10-12

below) may, as reasonably appropriate, designate any Discovery Material as "Confidential" in

accordance with the terms below.  A party who designates Discovery Material as "Confidential"

is a "Designating Party."  Where the Receiving Party is also the Designating Party, the

---

[4] All capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the
order entered by the Court (the "Order") to which this Protective Order (the "Protective Order") is
annexed.

1

confidentiality obligations of the Receiving Party set forth in this Protective Order shall be the

obligations of the Producing Party.

2.      All documents produced that are not designated "Confidential" at the time

of production shall be treated as Confidential under this Protective Order for 14 days following

the production of such documents, after which only the documents designated "Confidential"

shall be treated as such.

## Confidential Information

3.      As used in this Protective Order, "Confidential Information" refers to all

Discovery Material revealed or produced by a Producing Party (whether in response to a

Document Request, Interrogatory, Request for Admissions, Deposition, other discovery device

or otherwise) that is designated as "Confidential."  This designation will, without more, subject

the designated material or information to the provisions of this Protective Order; and such

Confidential Information will be protected by, and may be used and disposed of only in

accordance with, the provisions of this Protective Order.

4.      Any Producing Party may designate any Discovery Material as

"Confidential" under the terms of this Protective Order if the Producing Party in good faith

reasonably believes that the Discovery Material contains confidential, proprietary or

commercially sensitive non-public information that requires the protections provided in this

Protective Order.  For purposes of this Protective Order, Confidential Information includes, but

is not limited to all non-public materials containing information related, but not limited, to:  (i)

financial or business plans, projections or valuations; (ii) proposed strategic transactions and

other business combinations, negotiations, inquiries or agreements, including, but not limited to,

joint ventures, mergers, material asset sales, purchases, buy-outs, consolidations, transfers of

2

interests and partnerships; (iii) studies or analyses by internal or outside experts or consultants; (iv) financial or accounting results or data; (v) business, management and marketing plans and strategies; (vi) acquisition offers and expressions of interest; (vii) contracts or agreements with or among affiliates, partners or Producing Parties; and (viii) personal information that may cause an individual, whether affiliated with a Producing Party or a Receiving Party, to be exposed to an unreasonable risk of identity theft, such as social security numbers, bank account numbers, dates of birth, drivers' license numbers, or passport numbers.

**Designation of Deposition and Hearing Testimony**

5.      Any Producing Party may designate a document as "Confidential" by affixing the legend "Confidential" to each page requiring the protections provided in this Protective Order in addition to an appropriate bates-stamp designation indicating the Producing Party.

6.      For transcripts of depositions or other testimony given in pretrial proceedings, any Producing Party may designate the specific testimony as "Confidential" either on the record at the deposition or other proceeding, or in writing served on all parties no later than seven (7) days following the date on which attorneys for the Producing Parties have received the final version of the transcript of the deposition or other proceeding.  If information designated as Confidential will be disclosed or discussed at a deposition, the Designating Party shall have the right to exclude any person not entitled to have access to such information, other than the deponent or witness, the attorney(s) of record (including their staff and associates), official court reporter, and stenographer and/or videographer.

7.      All documents, including pleadings, motions and other papers, containing, identifying, or referencing Confidential Information filed with the Court shall be filed under seal,

simultaneously with a redacted public copy of such pleadings, motions, and/or other papers,

redacting only the information that is designated "Confidential."  Any Receiving Party intending

to use Confidential Information at any hearing in connection with the RSU Claims agrees to

meet and confer in good faith with the Designating Party about the appropriate steps that may be

taken to protect the confidentiality of such material, including, but not limited to, agreeing to

redact such Confidential Information.  Such meeting shall take place as soon as reasonably

practicable, but no later than the date of the hearing at which the document will be used.

        8.      All transcripts not previously designated as "Confidential" shall be treated

as "Confidential" under this Protective Order for the seven (7)-day period following receipt of

the final version of the transcript and exhibits by attorneys for the Producing Parties, after which

time only the portions specifically designated as "Confidential" pursuant to Paragraph 4 of this

Protective Order shall be so treated.

        9.      The court reporter shall bind transcript pages containing Confidential

Information separately and shall prominently affix the legend "Confidential" to each appropriate

page, as instructed by the Designating Party.

**<u>Access to Confidential Information</u>**

        10.      Receiving Parties shall permit access to Confidential Information only to

persons specified in this Protective Order.  For purposes of this Protective Order, the term

"Receiving Party" shall be a party to whom Discovery Materials are produced, and may be either

an RSU Claimant, LBHI, an affiliate of LBHI, or any person identified below in Paragraphs 11

and 12 of this Protective Order who receives Confidential Information from a Receiving Party as

permitted by this Protective Order.

4

11.    Confidential Information may be disclosed, summarized, described,
characterized or otherwise communicated or made available in whole or in part by a Receiving
Party only to the following persons:

a.    Outside attorneys of record, attorneys  or accountants serving as a trustee,
curator or other fiduciary of an affiliate of LBHI, attorneys working with
LBHI and its affiliates in connection with the RSU Claims, and those in-
house attorneys who represent the Receiving Party in matters related to the
RSU Claims, as well as attorneys, clerical, paralegal, other staff and
agents of those employed by or working with such attorneys or
accountants whose functions require access to Confidential Information;

b.    Any person indicated on the face of a document to be the author,
addressee, or an actual or intended recipient of the document;

c.    Outside experts, consultants, and/or financial advisors for the Receiving
Party whose advice and consultation are being or will be used by the
Receiving Party in connection with the RSU Claims, as well as
stenographic and clerical employees and agents of those experts or
consultants whose functions require access to Confidential Information;
provided that counsel desiring to disclose Confidential Information to such
experts or consultants and their employees or agents shall first obtain a
signed Agreement to Abide by the Protective Order from each such expert
or consultant and each of his/her personnel who would require access to
Confidential Information, and counsel shall retain in his/her file an

5

original or copy of each such signed Agreement to Abide by the Protective

Order;

d.    The Court and its authorized staff, including official and freelance court

reporters and videotape operators hired by the Receiving Party;

e.    Officers, directors or employees of the Receiving Party and its affiliates

who are assisting the Receiving Party's attorneys with matters related to

the RSU Claims;

f.    To the extent not otherwise covered by this Section, any potential witness

or deponent and counsel for such witness or deponent, during the course

of any testimony, including at any deposition, hearing or trial, and to the

extent necessary, during any preparation for such testimony relating to the

RSU Claims.  Except when the Confidential Information is first exhibited

at a deposition, hearing or trial to such person(s), counsel desiring to

disclose Confidential Information to such persons shall (i) first obtain a

signed Agreement to Abide by the Protective Order, and such counsel

shall retain a copy of each executed Agreement to Abide by the Protective

Order;  or (ii) represent on the record at the deposition, hearing, or trial

that such person(s) have read and agreed to the Agreement to Abide by the

Protective Order;

g.    Professional vendors to whom disclosure is reasonably necessary for RSU

Claims Discovery, provided they are informed that the material is

Confidential Information;

6

h.     Any other person upon agreement among LBHI, the Participants, the

Designating Party, and/or the Receiving Party, provided that such person

shall first execute the Agreement to Abide by the Protective Order, a copy

of which shall be retained by counsel for both Parties; and

i.     Any other person, only upon order of the Court.

12.     <u>Access to Protected Material</u>:  Only persons authorized to receive

Confidential Information under this Protective Order shall have access to such material.

Receiving Parties shall not provide access to or disclose Confidential Information to any person

not authorized to access such material under this Protective Order.  Receiving Parties shall store

all Confidential Information that they receive in a secure manner.  Receiving Parties are barred

from using Confidential Information except in connection with the RSU Claims and only for the

purposes permitted by the Protective Order and the Order.   If Confidential Information is

disclosed to any person other than in a manner authorized by this Protective Order, the disclosing

party shall, immediately upon learning of such disclosure, inform the Designating Party of all

pertinent facts relating to such disclosure and shall make reasonable efforts to retrieve the

Confidential Information and to prevent disclosure by each unauthorized person who received

such information.

13.     <u>No Restrictions on Use of Public or Own Information</u>:  Notwithstanding

any other provision of this Protective Order, this Protective Order does not restrict in any way a

Participant's or non-Participant's use of:

a.     Its own information or its right to provide such information to any other

person, even if others have designated similar or identical information as

Confidential Information.  A person's use or disclosure of its own

7

information shall not waive the protections of this Protective Order, and

shall not entitle any Participant or non-Participant to use or disclose such

Discovery Materials, or the contents thereof, in violation of this Protective

Order, unless such disclosure of a person's own information causes the

Confidential Information to become available to the public;

b.    Information that is in the public domain or becomes public without

violation of this Protective Order; and

c.    Information that a Participant or non-Participant develops or obtains

through proper means without violation of this Protective Order.

**Use of Discovery Materials**

14.    Receiving Parties shall use Confidential Information produced during

RSU Claims Discovery only for matters related to the RSU Claims or in other contested matters

or adversary proceedings between LBHI and an RSU Claimant arising out of these Chapter 11

cases.  Confidential Information shall not be made public by any Receiving Party, shall be used

only by persons permitted access to it as provided for in this Protective Order, and shall be

disclosed only to persons specified herein.

15.    Nothing herein shall prevent disclosure beyond the terms of this Protective

Order if the Designating Party specifically consents in advance in writing to such disclosure, or if

the Court, after notice to all parties, orders such disclosure.

**Inadvertent Failure to Designate**

16.    An inadvertent failure to designate qualified information disclosed or

otherwise produced or generated by a Producing Party as "Confidential" does not waive the

Producing Party's right thereafter to designate Discovery Material as "Confidential" under this

Protective Order unless such information has become available to the public.  Upon receipt of

8

such designation, each Receiving Party must make reasonable efforts to ensure that the material

is treated in accordance with the provisions of this Protective Order.  The Designating Party shall

promptly produce new copies of the material at issue, with the proper designation, after which

Receiving Parties shall promptly destroy the copies with the improper designation and shall

request that all persons to whom the Receiving Party has provided copies do likewise.  The

Receiving Party shall inform the Designating Party when destruction of such copies has been

completed.

**Non-Waiver of Privilege**

17.     Nothing in this Protective Order shall preclude any objection to the

disclosure of information by a Producing Party on the ground that such information is protected

or prohibited from disclosure by the attorney-client privilege, the joint client privilege, the

community of interest privilege, the work-product immunity, or any other legally cognizable

privilege, immunity or protecting including without limitation any applicable U.S. or foreign

data privacy laws.  If information protected or prohibited from disclosure is inadvertently or

mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver

of, or estoppel as to, any claim of privilege or work-product immunity for such information or

any other information that may be protected from disclosure by the attorney-client privilege, the

work-product immunity, or any other legally cognizable privilege or protection.  If a Producing

Party has inadvertently or mistakenly produced Discovery Material that contains information

protected or prohibited from disclosure, then upon request by the Producing Party after the

discovery of such inadvertent or mistaken production, the Receiving Party shall use all

commercially reasonable efforts to return or destroy the Discovery Material for which a claim of

inadvertent production is made and all copies of it, including any work product containing,

9

identifying, or referencing such Discovery Material, within seven (7) days of such request, and

the Receiving Party shall not use such Discovery Material for any purpose other than in

connection with a motion to compel production of the Discovery Material.  The Receiving Party

returning such Discovery Material may then move the Court for an order compelling production

of the Discovery Material, but that motion shall not assert as a ground for entering such an order

the fact or circumstance of the inadvertent production of the Discovery Material.

**Relief**

18.     This Protective Order shall not prevent any party from applying to the

Court for relief therefrom, or from applying to the Court for further or additional protective

orders.

19.     Nothing in this Protective Order shall prevent any Signatory from

producing documents received subject to this Protective Order and that are in his, her or its

possession, to another person in response to a subpoena or other compulsory process.  Unless

prohibited from doing so by applicable law, prompt written notice as soon as practicable under

the circumstances shall be given to the Designating Party before production or other disclosure is

to be made.  The party producing the documents subject to this Protective Order shall reasonably

cooperate with the Designating Party to obtain an appropriate protective order or other reliable

assurance that confidential treatment will be accorded to the Confidential Information being

produced.

**Objections to Designations**

20.     If any Receiving Party objects to the designation of any Discovery

Material as "Confidential," the Receiving Party shall first identify the specific material as to

which it objects as well as the basis for the objection in writing to the Designating Party.  Such

10

parties shall confer in good faith to attempt to resolve any dispute regarding any such

designation.  If such parties are unable to resolve such dispute, the objecting party may seek

appropriate relief from the Court, in accordance with Paragraph 18 of this Protective Order;

provided, however, that all Discovery Material to which the objection applies shall continue to

be treated by Receiving Parties as Confidential Information, as designated by the Designating

Party, in accordance with this Protective Order, until such objection is resolved.  No Signatory

shall contest an objecting party's request for reasonably expedited consideration for such relief.

**Appeal**

21.    In the event that any Signatory appeals from any decision of the Court

relating to RSU Claims Discovery, such Signatory shall file an application to the appropriate

appellate court, within seven (7) days of the filing of the notice of appeal, to maintain under seal

any Discovery Material filed with the appellate court that contains or discloses Confidential

Information.  The provisions of this paragraph may be waived only with the written consent of

the Designating Party.

**Scope of Protective Order**

22.    In the event that any Confidential Information is used in any court

proceeding relating to the RSU Claims, that material shall not lose its status as Confidential

Information through such use and such use shall remain subject to the terms of this Protective

Order.

23.    Nothing in his Protective Order shall require any Producing Party to

respond to discovery in any manner, including by producing documents, that would cause such

Producing Party to violate any statute, regulation, or rule, including, without limitation, any

international or foreign privacy laws, to which such Producing Party is subject.

11

24.     This Protective Order does not alter, modify, or expand any obligation or duty of any party to produce any Confidential Information.

25.     Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at the trial of any action relating to the RSU Claims.

## Modification

26.     No modification of this Protective Order shall be binding or enforceable unless in writing and signed by LBHI and the Participants, or by further order of the Court.

## Choice of Law

27.     This Protective Order shall be governed and construed in accordance with the laws of the State of New York.

## Jurisdiction

28.     The Court shall retain jurisdiction over any matters related to or arising from the implementation of the Protective Order.

12

08-13555-jmp    Doc 30421    Filed 09/27/12    Entered 09/27/12 14:34:08    Main Document
Pg 40 of 46

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
In re                                      :          **Chapter 11 Case No.**
                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :          **08-13555 (JMP)**
                                             :
                      **Debtors.**          :          **(Jointly Administered)**
----------------------------------------------------------------------x

## <u>AGREEMENT TO ABIDE BY THE PROTECTIVE ORDER</u>

      I hereby certify that I have read the Protective Order[5] SO ORDERED by the

Court in the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>") on August __, 2012

[ECF No. ___].  I further certify that I understand the terms and provisions of the Protective

Order and agree to be fully bound by them, and hereby submit to the jurisdiction of the United

States Bankruptcy Court for the Southern District of New York for purposes of the Protective

Order's enforcement.  I understand and agree, in particular, that I may not use any Confidential

Information, or any copies, excerpts or summaries thereof, or materials containing Confidential

Information derived therefrom, as well as any knowledge or information derived from any of

these items, for any purpose other than matters related to the RSU Claims or other contested

matters or adversary proceedings between LBHI and an RSU Claimant arising out of these

Chapter 11 Cases, in accordance with the provisions of the Protective Order, including, without

limitation, any business or commercial purpose.

      I further understand that failure to abide fully by the terms of the Protective Order

---

[5] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Protective Order.

1

08-13555-jmp    Doc 30423    Filed 09/26/12    Entered 09/27/12 11:34:03    Main Document
Pg 42 of 46

may result in legal action against me, such as for contempt of court and liability for monetary

damages.


Dated: _____          Agreed: _____

                                         [PARTICIPANT'S NAME & ADDRESS
                                         AND, IF REPRESENTED BY COUNSEL,
                                         ATTORNEY'S NAME AND ADDRESS]

2

08-13555-jmp    Doc 30423    Filed 08/27/12    Entered 08/27/12 14:34:08    Main Document
Pg 49 of 46

# EXHIBIT D

## Technical Specifications for Documents to be Produced to LBHI

Participants producing documents to LBHI must produce documents in the following electronic formats:

1. _Emails_.  E-mails shall be produced as single-page TIFF images with accompanying full text and load file (DAT).  Meta data fields included with the load file should be provided in accordance with *Appendix 1*.  E-mail attachments shall be handled according to the provisions below applicable to loose electronic documents and shall not be separated from the emails to which they are attached.  Native files for e-mails shall be maintained, and such files shall be produced if the receiving party can demonstrate a need for such native files.

2. _Electronic Documents_.  Word and other electronic documents shall be produced as single-page TIFF images with accompanying full text and load file (DAT).  Meta data fields included with the load file should be provided in accordance with *Appendix 1*.  For Excel or other spreadsheet files, the native file or a pdf version of the file shall be produced.  Native files for all other electronic documents shall be maintained, and such files shall be produced, with appropriate redactions, if the receiving party can demonstrate a need for such native files.

3. _Hard copy documents_.  If reasonably practicable, hard copy documents shall be produced as single-page TIFF images with accompanying full OCR text and load file (DAT).

4. _TIFF Images Generally_.  Any TIFF images produced by Participants or non-Participants shall consist of (a) single-page, black and white, 300dpi group IV TIFF images with extension ".tif"" and (b) text files, named after the bates

1

number of the document, with extension ".txt". TIFF images may not be
compressed using JPEG compression. For instances in which the original file is
in color and the color is necessary for interpretation of the document (charts,
pictures, etc.), produce medium quality JPEG in place of single page tiff file.
Metadata shall be provided in a delimited file with a ".dat" file extension and
ASCII 020 and 254 delimiters for column break and text qualifier. The first line
shall be the header with field names, and each subsequent line shall contain the
fielded data for each document.

5.    *Shipment of electronic data*. Electronic data productions may be transmitted
electronically via Secure File Transfer Protocol (SFTP), FTP over SSH or
physically transported using electronic storage media such as, CDs, DVDs or hard
drives. The physical media label should contain the case name and number,
production date, and bates range being produced. Each transmission of data
should include a collection "manifest" report which provides a list of files
collected, their location, and their MD5 hash values.

**Appendix 1**

| Field | Description |
|---|---|
| BegBates | Page ID of first page in a document. |
| EndBates | Page ID of last page in a document. |
| BegAttach | BegBates of parent record. |
| EndAttach | BegBates of last attached document in family. |
| From | Author of the e-mail message. |
| To | Main recipient(s) of the e-mail message. |
| CC | Recipient(s) of "Carbon Copies" of the e-mail message. |
| BCC | Recipient(s) of "Blind Carbon Copies" of the e-mail message. |
| DateSent | Sent date of an e-mail message. |
| TimeSent | Time the e-mail message was sent. |
| EMail_Subject | Subject of the e-mail message. |
| Author | Author field value pulled from metadata of the native file. |
| Title | Title field value extracted from the metadata of the native file. |
| Custodian | Textual value of custodian. |
| DateCreated | Creation date of the native file. |
| TimeCreated | Creation time of the native file. |
| EntryID | Unique identifier of e-mails in mail stores. |
| FileDescription | File extension or other description of native file type. |
| Filename | Original filename of native file. Contains subject of e-mail message for e-mail records. |
| Filesize | Size of native file, in bytes. |
| MD5Hash | MD5 hash-128-bit output. |
| Attach | Semi-colon delimited string of first level attachments in the e-mail. |
| DateLastMod | Date the native file was last modified. |
| TimeLastMod | Time native file was last modified. |
| PgCount | Number of pages in a document. |
| NativeFile | Logical file path to the native file. |
| OCRPath | Logical file path to the OCR text. |