Hearing Date and Time: October 10, 2012 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: October 3, 2012 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF MOTION OF LEHMAN BROTHERS HOLDINGS INC.
PURSUANT TO FEDERAL RULE OF BANKRUPTCY
PROCEDURE 9019 FOR AUTHORIZATION AND APPROVAL
OF CERTAIN SETTLEMENTS WITH THE INTERNAL REVENUE SERVICE**

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman Brothers Holdings Inc. ("LBHI") as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors in the above-referenced chapter 11 cases, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order authorizing and approving of certain settlements with the Internal Revenue Service, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **October 10, 2012 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies

delivered directly to Chambers), and shall be served in accordance with General Order M-399 upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attn: Robert J. Lemons, Esq. and Maurice Horwitz, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **October 3, 2012 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: September 26, 2012
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

Hearing Date and Time: October 10, 2012 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: October 3, 2012 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re                                                   :          **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*  :          **08-13555 (JMP)**
                                                        :
Debtors.                                                :          **(Jointly Administered)**
                                                        :
                                                        :
------------------------------------------------------------------x

**MOTION OF LEHMAN BROTHERS HOLDINGS INC.
PURSUANT TO FEDERAL RULE OF BANKRUPTCY
PROCEDURE 9019 FOR AUTHORIZATION AND APPROVAL
OF CERTAIN SETTLEMENTS WITH THE INTERNAL REVENUE SERVICE**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator") as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates") and, collectively with its non-affiliates, "Lehman"), submits this motion (the "Motion") and respectfully represents:

**Preliminary Statement**

1.  LBHI, as parent of an affiliated group with which it filed consolidated federal income tax returns, has tax disputes with the Internal Revenue Service ("IRS") regarding

its 2001 through 2007 tax years. LBHI has authority to settle disputes with the IRS on its own behalf and on behalf of all members of the affiliated group with which it filed consolidated federal income tax returns. Treas. Reg. § 1.1502-77(a)(1), (2).

2. The IRS proposed thirty-six adjustments to income, tax credits, and penalties after auditing LBHI's 2001 through 2007 consolidated income tax returns and evaluating additional tax positions claimed by LBHI during the audit that were not included on LBHI's originally filed consolidated income tax returns, which LBHI disputed (the "2001-2007 Tax Disputes").[1] In addition, the IRS has another ongoing audit that involves a review of a non-income tax issue independent from the audit of LBHI's consolidated income tax returns (the "Non-Income Tax Audit"), which issue has not yet been resolved.

3. The IRS filed proofs of claim against certain Chapter 11 Estates including LBHI (each a "Claim," and collectively, the "Claims") that included approximately $1.8 billion of taxes and penalties relating to the 2001-2007 Tax Disputes.[2]

4. LBHI and the IRS have previously settled twenty-six of the thirty-six issues from the 2001-2007 Tax Disputes as discussed in LBHI's Motion for Authorization and Approval of Certain Settlements with the Internal Revenue Service dated March 1, 2012 [Docket No. 25949] (the "March 2012 Motion to Authorize"), and these settlements were approved by this Court. *See* Order (Mar. 22, 2012) [Docket No. 27084]. The twenty-six settled issues from the 2001-2007 Tax Disputes represent $1.0 billion of the $1.8 billion in taxes and penalties included in the IRS's Claims. Ten issues remained, representing $804 million in taxes and

---

[1] The 2001-2007 Tax Disputes do not include the seven disputed tax issues reported on LBHI's 1997 through 2000 consolidated income tax returns that were also disputed in certain tax years from 2001 through 2007, as six of these disputed issues were previously settled while the seventh has proceeded to litigation.

[2] The Claims also included various non-consolidated tax liabilities of approximately $100 million, and estimated interest of approximately $350 million.

2

penalties in the IRS's Claims. One of these issues (representing $230 million of the IRS's Claims) will be resolved by operation of law,[3] and therefore LBHI is only seeking authorization from this Court for the nine remaining issues (representing $574 million of the IRS's Claims).

5. LBHI and the IRS have engaged in a good faith effort to resolve as many of the remaining nine issues as possible without recourse to litigation. After nearly a year of engaging in an administrative process with the Appeals Division of the IRS ("IRS Appeals"), LBHI and the IRS have settled, subject to review by the U.S. Congress Joint Committee on Taxation (the "Joint Committee") and the approval of this Court, the nine remaining issues from the 2001-2007 Tax Disputes (the "Settlements"). Under the terms of each of the Settlements, the IRS has made concessions that reduce the amount of its proposed adjustments.

6. As a result of the Settlements, the IRS will concede $238 million of the $574 million in taxes and penalties it sought to impose on the nine issues, and LBHI will agree to $336 million of adjustments to tax.

7. LBHI's ultimate tax liability for the 2001 through 2007 tax years cannot be calculated with precision at this time as: i) such liability will be reduced by other tax attributes, including LBHI's election to carry back its 2008 net operating loss five years;[4] ii) one unresolved issue is currently in litigation;[5] and, iii) the ongoing Non-Income Tax Audit has not yet been resolved.[6]

---

[3] Pursuant to Internal Revenue Code section 905(c) and the Treasury Regulations thereunder, LBHI will be required to make a "foreign tax redetermination."

[4] The IRS is currently auditing LBHI's 2008 through 2010 consolidated income tax returns, which include the 2008 net operating loss that LBHI has elected to carry back five years.

[5] *Lehman Brothers Holdings Inc. v. United States*, No. 1:10-cv-6200 (S.D.N.Y. Aug. 18, 2010).

[6] In addition, because the deficiency interest on any increased tax liability cannot be calculated definitively until such increased tax liability or penalties are assessed, deficiency interest is not included in the figures used in this

3

8.     Given the uncertain legal questions and the factual complexity surrounding many of the settled issues, the risks and expense attendant to litigating each of these settled issues, and the net financial effects of the Settlements, LBHI believes that the Settlements are fair and reasonable, and in the best interests of LBHI, the Chapter 11 Estates, their creditors, and all parties in interest.  Accordingly, LBHI requests authorization pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to enter into the Settlements for the nine issues.

## Background

9.     Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Chapter 11 Cases").  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

10.     On December 22, 2010, the IRS filed its Claims relating to the 2001-2007 Tax Disputes for unpaid tax, interest, and penalties against certain Chapter 11 Estates including LBHI.[7]

11.     On December 6, 2011, the Court entered an order confirming the Plan. The Plan became effective on March 6, 2012 [Docket No. 23023].

12.     On March 6, 2012, the Debtor Allocation Agreement, which was approved as part of the Plan and provides for the manner in which tax liabilities, refunds or readjustments will be allocated among the Chapter 11 Estates, became effective.

---

motion. Therefore, this Motion will discuss the settlements in the context of the IRS's proposed adjustments of taxes and penalties (excluding interest).

[7] Claim numbers 67274, 67275, and 67288 – 67293.  Claim number 67290 against Lehman Brothers Commodity Services Inc. was amended by claim number 67634 on August 15, 2011.

4

13.     On March 22, 2012, the Court approved LBHI's March 2012 Motion to Authorize (March 1, 2012) [Docket No. 25949].  *See* Order (Mar. 22, 2012) [Docket No. 27084].

## Jurisdiction

14.     This Court has subject matter jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## LBHI's Disputes with the Internal Revenue Service

15.     By way of background, after auditing LBHI's 2001 through 2007 consolidated income tax returns, the IRS proposed various adjustments that LBHI disputed.  During the audit, LBHI also identified and claimed additional tax positions that were not included on its originally filed returns for 2001 through 2007, and the IRS disputed LBHI's entitlement to certain of those positions.  The thirty-six issues that constitute the 2001-2007 Tax Disputes resulted from the disputes that arose during this audit cycle.

16.     In order to facilitate the administrative settlement of the thirty-six issues that constitute the 2001-2007 Tax Disputes, LBHI and the IRS agreed to group together certain particularly complex transactions with similar tax characteristics and attempt to reach a single resolution for each category of transactions.  Specifically, seventeen transactions that the IRS has characterized as "foreign tax credit generators" were grouped into three categories (the "Grouped Transactions").[8]  The remaining nineteen disputed issues in the 2001-2007 Tax Disputes were less complex and did not share similar factual or legal characteristics, and thus each was negotiated for settlement purposes on an individual basis (the "Other Issues").

---

[8] Pursuant to the agreement between LBHI and the IRS, these groupings would apply only for administrative settlement purposes and not in any potential litigation related to the issues.

5

17. As discussed in the March 2012 Motion to Authorize, LBHI and the IRS previously settled two of the Grouped Transactions and sixteen of the Other Issues, and these settlements were approved by the Court. *See* Order (Mar. 22, 2012) [Docket No. 27084]. The remaining Grouped Transaction (the "Borrowing Transactions," comprising seven issues) and the two remaining Other Issues have now been resolved.[9]

I. **Overview of Settlements with the Internal Revenue Service**

18. From June 2011 through May 2012, LBHI and the IRS engaged in an administrative process with IRS Appeals on the nine remaining issues. As a result of this process, LBHI and the IRS have settled, subject to the review of this Court and the Joint Committee, the one remaining Grouped Transaction (the Borrowing Transactions), which is described below at paragraphs 26 through 30, and the two remaining Other Issues, which are described below at paragraphs 31 through 40.

19. Thus, LBHI and the IRS will have resolved all thirty-six of the issues that constitute the 2001-2007 Tax Disputes. LBHI's ultimate tax liability for the 2001 though 2007 tax years will depend on the outcomes of the consolidated income tax audit of the 2008 through 2010 tax years, the Non-Income Tax Audit, and the ongoing litigation.

20. LBHI's management and its in-house tax department have assessed the Settlements and have concluded that the Settlements are fair, equitable, and in the best interests of LBHI, the Chapter 11 Estates, their creditors, and all parties in interest. *See* Decl. of Jeffry Ciongoli in Supp. of Mot. of Lehman Brothers Holdings Inc. Pursuant to Fed. R. Bankr. P. 9019

---

[9] As previously discussed, one Other Issue was resolved by operation of law, as pursuant to Internal Revenue Code section 905(c) and the Treasury Regulations thereunder LBHI will be required to make a "foreign tax redetermination."

6

for Authorization & Approval of Certain Settlements with the Internal Revenue Service ("Ciongoli Declaration") ¶¶ 16-17, September 26, 2012 (Ex. A).

21. Throughout this process, LBHI has been advised and represented by lawyers from Bingham McCutchen LLP ("Bingham") who have expertise in handling significant tax controversy matters for large institutions. Lawyers from Bingham have served as LBHI's primary tax controversy counsel since 2005.[10] Since the Commencement Date, lawyers from Bingham have assisted and advised LBHI in all phases of the administrative review process.

22. Sutherland Asbill & Brennan LLP ("Sutherland"), which also has significant experience with tax controversy matters, has served as LBHI's advisory tax controversy counsel. Sutherland assisted LBHI in assessing the hazards of litigation for each of the Grouped Transactions and has provided LBHI with its own judgment regarding appropriate settlement levels for those issues.

23. Although LBHI and the IRS have agreed to terms for the Settlements, the Settlements will not take effect until this Court approves the settlement terms and the Joint Committee has completed its review.

24. The Settlements will be administered within Lehman in accordance with the Debtor Allocation Agreement.

## II. Description of Settlement Terms

25. As a result of the administrative process with IRS Appeals, LBHI, acting on behalf of all members of the affiliated group with which it filed consolidated federal income tax returns, and the IRS agreed to the following Settlements.

---

[10] From March 2005 through August 1, 2009, McKee Nelson LLP advised and represented Lehman as its primary tax controversy counsel. McKee Nelson combined with Bingham effective August 1, 2009, and Lehman has continued to be advised and represented by lawyers formerly from McKee Nelson and currently at Bingham in all phases of the administrative review process.

7

**A.    The Borrowing Transactions (A Grouped Transaction)**

26.    During the 2003 through 2007 tax years, various subsidiaries of LBHI entered into seven borrowing transactions for which LBHI claimed foreign tax credits pursuant to 26 U.S.C. §§ 901 *et seq.*, as well as deductions for other expenses on its consolidated income tax returns for the years at issue.

27.    The IRS challenged LBHI's entitlement to the foreign tax credits and deductions based on LBHI's alleged failure to comply with applicable statutes and common law doctrine.

28.    In dispute are $371,928,451 in foreign tax credits and $5,561,079 in deductions claimed in connection with the Borrowing Transactions on LBHI's 2003 through 2007 consolidated income tax returns. In addition, penalties pursuant to 26 U.S.C. § 6662 in the amount of $74,774,966 are in dispute for the 2003 through 2007 tax years.

29.    To resolve the Borrowing Transactions, LBHI and the IRS have agreed to the following settlement terms:

  a.    LBHI shall be allowed 40 percent of the claimed foreign tax credits in the 2003 and 2004 tax years, and 30 percent of the claimed foreign tax credits in the 2005 through 2007 tax years. Specifically, LBHI shall be allowed $20,968,958 of the $52,422,395, in foreign tax credits claimed in the 2003 and 2004 tax years, and $95,851,817 of the $319,506,056 in foreign tax credits claimed in the 2005 through 2007 tax years.

  b.    LBHI shall be entitled to claim deductions for all $5,561,079 of expenses at issue.

  c.    LBHI will not be entitled to any taxable income reduction in the amount of the disallowed foreign tax credits.

  d.    No penalties shall be imposed against LBHI with respect to the Borrowing Transactions.

30.    The settlement of the Borrowing Transactions reflects LBHI's assessment of the hazards and costs of litigation, consideration of all tax attributes, and the net financial

8

effect of the settlement. The existence of both adverse and supportive legal precedent, in conjunction with highly complex facts, creates significant uncertainty in the outcome of any litigation. Given the risks associated with the potential application of adverse legal precedent to LBHI's case and the costs associated with the factual development, analysis, and litigation of seven complex issues with similar yet distinct facts, the settlement of the Borrowing Transactions is in the best interest of LBHI.

### B. The LB Luxembourg Issue (An Other Issue)

31. In 2006, LBHI claimed deemed paid foreign tax credits pursuant to 26 U.S.C. §§ 901 *et seq.* for foreign taxes incurred by LBHI's lower tier Luxembourg subsidiary Lehman Brothers (Luxembourg) S.A. in connection with its activities as a securities dealer (the "LB Luxembourg Issue").

32. The IRS challenged LBHI's entitlement to the credits based on LBHI's alleged failure to substantiate the credits and to comply with applicable statutes and common law doctrine.

33. In dispute is $64,974,063 in foreign tax credits claimed in connection with the LB Luxembourg Issue on LBHI's 2006 consolidated income tax return. In addition, penalties pursuant to 26 U.S.C. § 6662 in the amount of $8,446,628 are in dispute for the 2006 tax year.

34. To resolve the LB Luxembourg Issue, LBHI and the IRS have agreed to the following settlement terms:

    a. LBHI shall be allowed 20 percent of the claimed foreign tax credits in the 2006 tax year. Specifically, LBHI shall be allowed $12,994,813 of the $64,974,063 in foreign tax credits claimed in the 2006 tax year.

    b. LBHI shall reduce taxable income for the 2006 tax year in the amount of the disallowed foreign tax credits. Specifically, LBHI shall reduce taxable income by a total of $51,979,250.

9

   c. No penalties shall be imposed against LBHI with respect to the LB Luxembourg Issue.

  35. This settlement reflects LBHI's assessment of the hazards and costs of litigation, and the net financial effect of the settlement, including the fact that the 2008 net operating loss carryback is expected to eliminate substantially all of LBHI's 2006 taxable income. Thus, conceding the agreed upon portion of the LB Luxembourg Issue is expected to have no effect on LBHI's tax liability in that year.

  **C.** **The LBIE Non-Branch OTA Issue (An Other Issue)**

  36. In 2007, LBHI claimed deemed paid foreign tax credits pursuant to 26 U.S.C. §§ 901 *et seq.* for certain income taxes incurred by LBHI's lower tier U.K. subsidiary Lehman Brothers International (Europe) and detailed on the Double Tax Relief - Non Branch Schedules to LBIE's U.K. Tax Returns as "Debit balance on Overseas Tax Account (OTA)" (the "<u>LBIE Non-Branch OTA Issue</u>").

  37. The IRS challenged LBHI's entitlement to the credits based on LBHI's alleged failure to substantiate the foreign income taxes incurred.

  38. In dispute is $115,224,148 in foreign tax credits claimed in connection with the LBIE Non-Branch OTA Issue on LBHI's 2007 consolidated income tax return.

  39. To resolve the LBIE Non-Branch OTA Issue, LBHI and the IRS have agreed to the following settlement terms:

   a. LBHI shall be allowed $42,780,868 of the $115,224,148 in foreign tax credits claimed in the 2007 tax year.

   b. LBHI shall reduce taxable income for the 2007 tax year in the amount of the disallowed foreign tax credits. Specifically, LBHI shall reduce taxable income by a total of $72,443,280.

10

40. This settlement reflects LBHI's assessment of the hazards and costs of litigation, and the net financial effect of the settlement, including the fact that the 2008 net operating loss carryback is expected to eliminate substantially all of LBHI's 2007 taxable income. Thus, conceding the agreed upon portion of the LBIE Non-Branch OTA Issue is expected to have no effect on LBHI's tax liability in that year.

### Relief Requested

41. By this Motion, LBHI as Plan Administrator seeks authorization pursuant to Bankruptcy Rule 9019 to enter into and consummate the Settlements on behalf of the Chapter 11 Estates and as common parent of the federal consolidated tax group.

### Argument

42. The Settlements are in the best interests of LBHI and the Chapter 11 Estates and should be approved under Bankruptcy Rule 9019. Bankruptcy Rule 9019(a) provides that, "[o]n motion by the [Plan Administrator] and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). In granting a motion pursuant to Rule 9019(a), a court must find that the proposed settlement is fair and equitable and is in the best interest of the estate. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Fisher v. Pereira* (*In re 47-49 Charles St., Inc.*), 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17F.3d 600 (2d Cir. 1994).

43. The decision to approve a particular settlement lies within the sound discretion of the bankruptcy court. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994). It is the responsibility of a court to examine a settlement and determine whether it "falls below the lowest point in the range of reasonableness." *Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d

599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997).

Additionally, a court may exercise its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

44.     While a court must evaluate "all . . . factors relevant to a fair and full assessment of the wisdom of the proposed compromise," *Anderson*, 390 U.S. at 424-25, a court need not conduct a mini-trial of the merits of the claims being settled, *W.T. Grant Co.*, 699 F.2d at 608, or conduct a full independent investigation. *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991). "[T]he bankruptcy judge does not have to decide the numerous questions of law and fact . . . . The court need only canvass the settlement to determine whether it is within the accepted range of reasonableness." *Nellis*, 165 B.R. at 123 (internal citations omitted).

45.     The court may give weight to the informed judgment of the debtor that a compromise is fair and equitable. *In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other.").

46.     LBHI and the IRS have spent the past year engaging in an administrative process with IRS Appeals to facilitate settlement of the 2001-2007 Tax Disputes. By exchanging extensive written submissions setting forth their respective factual and legal positions and participating in a multi-day Appeals Conference, both LBHI and the IRS have subjected their positions to rigorous examination and review. The Settlements, therefore, were achieved after

12

each party's thorough review and analysis of their substantive positions and exposure to the hazards of litigation.

47. Based on an assessment of the hazards of litigation and consideration of all tax attributes, LBHI's management and its tax department have concluded that the Settlements are fair, equitable, and in the best interests of LBHI, the Chapter 11 Estates, their creditors, and all parties in interest. *See* Ciongoli Declaration ¶¶ 16-17. In particular, with respect to the Borrowing Transactions, LBHI took into account the risk that unfavorable legal precedent could potentially apply to Lehman's facts. Litigation of this Grouped Transaction would also require development of a complex evidentiary record comprising seven distinct transactions, requiring the estate to incur significant costs. For each of the Settlements, LBHI considered all the relevant factors, including applicable legal precedent, the favorable and unfavorable aspects of the factual record, the net financial effect of the settlement, and the costs of litigation. The risks and costs associated with potentially litigating the Settlements, therefore, do not outweigh the benefits gained by resolving these issues with finality through the Settlements.

48. In analyzing the risks of potential litigation and the benefits of the Settlements, LBHI has consulted with its primary tax controversy counsel (Bingham) and, for the Grouped Transactions, its advisory tax controversy counsel (Sutherland). After review with such counsel, and after tax professionals in the LBHI tax department have performed their own analyses, LBHI has concluded that the Settlements are fair, equitable, and in the best interests of LBHI, the Chapter 11 Estates, their creditors, and all parties in interest.

13

**Notice**

49. No trustee has been appointed in these chapter 11 cases. Notice of this Motion has been served in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635] on (i) the U.S. Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; and (v) all parties who have requested notice in these chapter 11 cases. LBHI submits that no other or further notice need be provided.

50. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other court.

WHEREFORE, LBHI respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: September 26, 2012
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**Hearing Date and Time: October 10, 2012 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: October 3, 2012 at 4:00 p.m. (Prevailing Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                                        :       Chapter 11 Case No.
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :       08-13555 (JMP)
                                                             :
                        Debtors.                             :       (Jointly Administered)
                                                             :
                                                             :
---------------------------------------------------------------x

### ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AUTHORIZING AND APPROVING OF CERTAIN SETTLEMENTS WITH THE INTERNAL REVENUE SERVICE

Upon the motion, dated September 26, 2012 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization and approval of certain settlements with the Internal Revenue Service, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange

Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; and (v) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to Bankruptcy Rule 9019, the compromises and settlements described in the Motion are approved; and it is further

ORDERED that pursuant to Bankruptcy Rule 9019, the Settlements[11] are approved and LBHI is duly authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlements and perform any and all obligations contemplated therein; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(h) are waived and the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

---

[11]    Capitalized terms not otherwise defined herein should have the meaning ascribed to them in the Motion.

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2012
      New York, New York

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

3