WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*     :    08-13555 (JMP)
                                                :
                    Debtors.                    :    (Jointly Administered)
                                                :
                                                :
------------------------------------------------------------------x

**DECLARATION OF JEFFRY CIONGOLI**
**IN SUPPORT OF MOTION OF LEHMAN BROTHERS HOLDINGS INC.**
**PURSUANT TO FEDERAL RULE OF BANKRUPTCY**
**PROCEDURE 9019 FOR AUTHORIZATION AND APPROVAL**
**OF CERTAIN SETTLEMENTS WITH THE INTERNAL REVENUE SERVICE**

Pursuant to 28 U.S.C. § 1746, Jeffry Ciongoli declares and says:

1. I, Jeffry Ciongoli, as a Managing Director and the Director of Global Tax at Lehman Brothers Holdings Inc. ("LBHI"), am responsible for the tax function at LBHI, and, as such, I have personal knowledge of the matters set forth in this declaration.

2. I submit this declaration in support of the Motion of Lehman Brothers Holdings Inc. Pursuant to Federal Rule of Bankruptcy Procedure 9019 for Authorization and Approval of Certain Settlements with the Internal Revenue Service (the "Motion").

3. I began my career at Lehman's tax department twenty-nine years ago as a Tax Analyst. During my twenty-nine years at Lehman, I have been involved in many of the tax

department's functions, including preparation and review of federal and state tax returns, international tax compliance, tax planning, and Internal Revenue Service ("IRS") audit defense.

4. From 1994 through 2002, I was a First Vice President and was responsible for Lehman's consolidated federal income tax returns, state and local tax issues, international tax issues, and tax technology. In this capacity, I became familiar with the tax reporting positions on Lehman's consolidated federal income tax returns for the 1997 through 2002 tax years.

5. From 2003 through 2008, I was a Senior Vice President with continued responsibility for Lehman's consolidated federal income tax returns, state and local tax issues, and tax technology. In addition, in 2002, I became head of tax compliance, which included managing the IRS's audits of Lehman's tax returns and negotiating the resolution of contested issues with the IRS. In this capacity, I became familiar with the tax reporting positions on Lehman's consolidated federal income tax returns for the 2003 through 2008 tax years.

6. After LBHI and certain of its subsidiaries filed voluntary petitions under Chapter 11 of Title 11 of the United States Code on September 15, 2008 (the "Commencement Date"), I became Managing Director and Director of Global Tax, a position that I continue to hold. As Director of Global Tax, I am in charge of LBHI's tax function, which includes responsibility for all of LBHI's domestic and foreign tax reporting, tax planning, and tax disputes with the IRS.

7. The Motion relates to LBHI's settlement of nine tax disputes for the 2003 through 2007 tax years. I was responsible for the oversight of the IRS's audit of Lehman's consolidated federal income tax returns for the 2001 through 2007 tax years, which began prior to the Commencement Date.

8. In 2005, Lehman's tax department engaged McKee Nelson LLP, which has since merged with Bingham McCutchen LLP ("Bingham"), to assist in responding to the IRS's audits

2

of Lehman's tax returns, including the 2001-2007 Tax Disputes.[1]  McKee Nelson was engaged because of its attorneys' expertise in handling significant tax controversy matters for large institutions.

9.      Since the Commencement Date in September 2008, the IRS has proposed various adjustments to the 2001 through 2007 tax years that LBHI has disputed, resulting in the thirty-six issues that constitute the 2001-2007 Tax Disputes.

10.     From September 2008 to the present, I have worked closely with Bingham in all phases of the administrative process, and have been personally involved with both the development of a settlement process and the efforts to administratively resolve the disputes related to the 2001-2007 Tax Disputes.  I have directly participated in determining LBHI's settlement parameters (in consultation with LBHI's tax controversy advisors) for each of the Grouped Transactions and Other Issues and in all settlement negotiations.  In addition, other professionals in the LBHI tax department have analyzed these issues and assisted me in evaluating the Settlements.

11.     LBHI has continued to be advised and represented by lawyers formerly from McKee Nelson and currently at Bingham and they have assisted and advised LBHI in all phases of the administrative review process.

12.     LBHI has also engaged Sutherland Asbill & Brennan LLP ("<u>Sutherland</u>"), which also has significant experience with tax controversy matters, to provide an additional level of review and analysis.  Sutherland assisted LBHI in assessing the merits and potential hazards of litigation for each of the Grouped Transactions and has provided LBHI with its judgment regarding those issues.

---

[1] Unless otherwise indicated, all defined terms have the meanings provided in the Motion.

3

13. From September 2008 to June 2011, LBHI and the IRS engaged in the administrative processes we developed to attempt to resolve the 2001-2007 Tax Disputes as described in LBHI's March 2012 Motion to Authorize. As a result of these negotiations, LBHI and the IRS successfully settled twenty-six issues, and these settlements were approved by the Court. *See* Order (Mar. 22, 2012) [Docket No. 27084]. Of the ten issues that remained, one will be resolved by operation of law,[2] and therefore LBHI is only seeking authorization from this Court for the nine remaining issues.

14. From June 2011 to May 2012, LBHI and the IRS engaged in an administrative process with IRS Appeals on the nine remaining issues. As a result of this process, LBHI and the IRS have settled, subject to review by the U.S. Congress Joint Committee on Taxation and the approval of this Court, the one remaining Grouped Issue (the Borrowing Transactions, comprising seven issues) and the two remaining Other Issues.

15. Thus, LBHI and the IRS will have resolved all thirty-six issues that constitute the 2001-2007 Tax Disputes. As described in the motion, LBHI's ultimate tax liability for the 2001 though 2007 tax years will depend on the outcomes of the consolidated income tax audit of the 2008 through 2010 tax years, the Non-Income Tax Audit, and the ongoing litigation.

16. Based on an assessment of the merits and potential hazards of litigation, and consideration of all tax attributes, I have concluded in my capacity as Managing Director and Director of Global Tax for LBHI that the Settlements are fair, equitable, and in the best interests of LBHI, the Chapter 11 Estates, their creditors, and all parties in interest. I have reached this conclusion after conducting my own review of the issues with the assistance of tax professionals

---

[2] Pursuant to Internal Revenue Code section 905(c) and the Treasury Regulations thereunder, LBHI will be required to make a "foreign tax redetermination."

4

in the tax department and consultation with LBHI's primary tax controversy counsel (Bingham) and its advisory tax controversy counsel (Sutherland).

17. In concluding that the Settlements are fair, equitable, and in the best interests of LBHI, the Chapter 11 Estates, their creditors, and all parties in interest, I balanced a variety of factors, including applicable legal precedent, the favorable and unfavorable aspects of the factual record, the costs of litigation, the risk that LBHI would not prevail in litigation, and the net financial effect of the Settlements.

18. I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 26, 2012

/s/ JEFFRY CIONGOLI
JEFFRY CIONGOLI