**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                                         :        **Chapter 11 Case No.**
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**
                                                              :
                                Debtors.     :        **(Jointly Administered)**
--------------------------------------------------------------------x

**THIRD SUPPLEMENTAL ORDER GRANTING DEBTORS' ONE HUNDRED**
**THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS**
**(VALUED DERIVATIVE CLAIMS)**

Upon the one hundred thirty-second omnibus objection to claims, dated

April 18, 2011 (the "One Hundred Thirty-Second Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter

11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving

procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the

"Procedures Order"), seeking to reduce, reclassify (in certain instances), and allow the

Valued Derivative Claims on the basis that the amounts listed on the proofs of claim are

greater than the fair, accurate, and reasonable values determined by the Debtors after a

review of the claimants' supporting documentation and the Debtors' books and records,

all as more fully described in the One Hundred Thirty-Second Omnibus Objection to

Claims; and due and proper notice of the One Hundred Thirty-Second Omnibus

Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed
to such terms in the Debtors' One Hundred Thirty-Second Omnibus Objection to Claims.

Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal

Revenue Service; (v) the United States Attorney for the Southern District of New York;

(vi) the claimants listed on Exhibit A attached to the One Hundred Thirty-Second

Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance

with the procedures set forth in the second amended order entered on June 17, 2010

governing case management and administrative procedures for these cases [Docket No.

9635]; and it appearing that no other or further notice need be provided; and upon the

resolution of the Response filed by KSC Affordable Housing Investment Fund LLC

[Docket No. 16948]; and the Court having found and determined that the relief sought in

the One Hundred Thirty-Second Omnibus Objection to Claims is in the best interests of

the Debtors, their estates, creditors, and all parties in interest and that the legal and factual

bases set forth in the One Hundred Thirty-Second Omnibus Objection to Claims establish

just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

      ORDERED that the relief requested in the One Hundred Thirty-Second

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

      ORDERED that each Valued Derivative Claim listed on Exhibit 1

annexed hereto is hereby modified and allowed in the amount set forth on Exhibit 1 under

the column heading "Modified Amount" and any asserted amount in excess of the

modified amount is disallowed; and it is further

      ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to any claim listed on Exhibit A to the One

Hundred Thirty-Second Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u>

annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: New York, New York
      September 28, 2012

                                *s/ James M. Peck*
                                HONORABLE JAMES M. PECK
                                UNITED STATES BANKRUPTCY JUDGE