UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                                    :
In re                                                               :    Chapter 11 Case No.
                                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                    :
                        Debtors.                                    :    (Jointly Administered)
                                                                    :
-------------------------------------------------------------------x

## SUPPLEMENTAL ORDER REINSTATING CLAIM

WHEREAS Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the Debtors One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims), dated September 6, 2011, ECF No. 19714 (the "One Hundred Eighty-Fifth Omnibus Objection to Claims"), against claim number 31657 (the "Levine Claim"), which was filed by Richard S. Levine (the "Claimant");

WHEREAS the One Hundred Eighty-Fifth Omnibus Objection to Claims sought, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedures, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim, ECF No. 6664 (the "Procedures Order"), to disallow and expunge a portion of the Levine Claim on the grounds that LBHI has no liability for that portion of the Levine Claim and reclassify the remaining portion of the Levine Claim as an equity interest on the grounds that ownership of the Equity Awards[1] constitutes an equity interest in LBHI, but does not constitute a claim against LBHI as such term

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the One Hundred Eighty-Fifth Omnibus Objection to Claims.

is defined in section 101 of the Bankruptcy Code, all as more fully described in the One Hundred Eighty-Fifth Omnibus Objection to Claims;

WHEREAS the Court held a hearing on October 27, 2011 (the "Omnibus Hearing") to consider the relief requested in the One Hundred Eighty-Fifth Omnibus Objection to Claims;

WHEREAS the Court entered an order on October 28, 2011, ECF No. 21382, granting the relief requested in the One Hundred Eighty-Fifth Omnibus Objection to Claims (the "Order"), which, among other things, disallowed and expunged a portion of the Levine Claim and reclassified the remaining portion of the Levine Claim as an equity interest;

**IT IS HEREBY**:

ORDERED that the Levine Claim shall be restored to the official claims register and remain pending on the One Hundred Eighty-Fifth Omnibus Objection to Claims as if the order had not been entered with respect to the Levine Claim; and it is further

ORDERED that the Opposition to Debtors One Hundred Eighteenth Omnibus Objection to Claims, filed on August 17, 2011 [ECF No. 20996] and the Sur-Reply in Further Opposition to Debtors Seventy Third, One Hundred Eighteenth and Two Hundred Seventh Omnibus Objections to Claims, filed on February 14, 2012, [ECF No. 25715] shall be deemed a timely-filed response to the One Hundred Eighty-Fifth Omnibus Objection to Claims with respect to the Levine Claim; and it is further

ORDERED that the Omnibus Reply to Responses to Debtors Seventy-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 15406], the Omnibus Reply to Responses to Debtors One Hundred Eighteenth, One Hundred

Thirtieth, One Hundred Thirty-First, One Hundred Thirty-Third, One Hundred Thirty-Fourth, One Hundred Thirty-Fifth, One Hundred Seventy-Sixth, and Two Hundred and Seventh Omnibus Objections to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 23470] and the Supplemental Annotated Omnibus Reply to Responses to Debtors Seventy-Third, One Hundred Eighteenth, One Hundred Thirtieth, One Hundred Thirty-First, One Hundred Thirty-Third, One Hundred Thirty-Fourth, One Hundred Thirty-Fifth, One Hundred Seventy-Sixth, and Two Hundred and Seventh Omnibus Objections to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 24951] shall be deemed timely-filed replies to the Levine Claim's responses to the One Hundred Eighty-Fifth Omnibus Objection to Claims; and it is further

ORDERED that the rights of LBHI and any other party in interest to object to the Levine Claim on any grounds are expressly preserved and unaffected by this Supplemental Order; and it is further

ORDERED that the Levine Claim shall be deemed to be included on Schedule 1 to the Order Establishing Discovery Procedures in Connection with Omnibus Objections to Reclassify Proofs of Claims as Equity Interests [ECF No. 30421], and the Claimant shall be subject to such order; and it is further

ORDERED that other than with respect to the Levine Claim, this Supplemental Order shall have no effect on the claims subject to the Order; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Supplemental Order.

Dated: New York, New York
      September 28, 2012

                                        *s/ James M. Peck*
                                      HONORABLE JAMES M. PECK
                                      UNITED STATES BANKRUPTCY JUDGE