UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                    :    Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                         :
                    Debtors.                      :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED
### FORTY-SEVENTH OMNIBUS OBJECTION
### TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

Upon the three hundred forty-seventh objection to claims, dated August 24, 2012 (the "Three Hundred Forty-Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to reclassify Compensation Claims as equity interests, all as more fully described in the Three Hundred Forty-Seventh Omnibus Objection to Claims; and due and proper notice of the Three Hundred Forty-Seventh Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Three Hundred Forty-Seventh Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Three Hundred Forty-Seventh Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Forty-Seventh Omnibus Objection to Claims.

2

ORDERED that the relief requested in the Three Hundred Forty-Seventh Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that any portion of the claims listed on <u>Exhibit 1</u> annexed hereto that arises from or otherwise relates to Equity Awards, including without limitation any specific amounts indicated on <u>Exhibit 1</u>, shall have the same priority as, and no greater priority than, common stock interests in LBHI; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on <u>Exhibit A</u> annexed to the Three Hundred Forty-Seventh Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      September 28, 2012

                                            *s/ James M. Peck*
                                        HONORABLE JAMES M. PECK
                                        UNITED STATES BANKRUPTCY JUDGE