UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                         )
In re                                    )
                                         )  Chapter 11
LEHMAN BROTHERS HOLDINGS INC.,           )  Case No. 08-13555(JMP)
                                         )
            Debtor                       )
_____)
                                         )
In re                                    )
                                         )  Case No. 08-01420 (JMP)(SIPA)
LEHMAN BROTHERS, INC.,                   )
                                         )
            Debtor                       )
_____)
                                         )
WILLIAM H. WALTON, MARIE A. WALTON       )
and RODD C. WALTON, Joint Tenants With   )  ADVERSARY COMPLAINT
Rights of Survivorship, and PAMELA       )
LEONARD,                                 )  ADV. PRO. 12-_____(JMP)
                                         )
                 Plaintiffs,             )
                                         )
          -against -                     )
                                         )
LEHMAN BROTHERS, INC., BANK OF           )
AMERICA, NA., FEDERAL NATIONAL           )
MORTGAGE ASSOCIATION, and (1 – 5)        )
UNKNOWN OR UNNAMED DEFENDANTS            )
                                         )
                 Defendants.             )
(Co-debtors/Defendants in Interest)      )
                                         )
_____)

Plaintiffs, individually and on behalf of all other persons similarly situated, by their undersigned attorneys, for their complaint, allege upon personal knowledge as to themselves and their own acts and upon information and belief as to all other matters, based upon the investigation made by and through their attorneys, which investigation included a review of analyst reports produced by Certified Securitization auditors and analyst reports disseminated to the investing public by Defendant Lehman Brothers Inc. ("Lehman"), and recent public filings and related documents from the United States Securities and Exchange Commission ("SEC") and the States of New York and Georgia attacking the independence and accuracy of research reports issued by Defendant, as well

as additional publicly available information the raise material issues of facts as to the true holder in due course or "creditor" of certain mortgage instruments that are publicly traded on the New York Stock Exchange as mortgage-backed securities on the one hand, while at the same time being available for collection and foreclosure by servicer(s) on the other:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to §27 of the Exchange Act, 15 U.S.C. §78aa, and 28 U.S.C. §§ 157, 1331, 1334, and 1337.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

3. The claims asserted below arise under §§10(b) and 20(a) of the Exchange Act, 15U.S.C. §§78j(b), and Rule 10b-5 promulgated thereunder by the United States Securities and Exchange Commission ("SEC"), 17 C.F.R. §240.10b-5.

4. In connection with the acts, conduct and other wrongs alleged herein, Defendants, directly and indirectly, used the means and instrumentalities of interstate commerce, including the United States mails, interstate telephonic communications and the facilities of the national securities exchanges.

## NATURE OF ACTION

## COMPLAINT IN QUIA TIMET
## COMPLAINT TO REMOVE CLOUD FROM TITLE
## DECLARATORY JUDGMENT

COME NOW, WILLIAM H. WALTON, MARIE A. WALTON and RODD C. WALTON, Joint Tenants With Rights of Survivorship, and PAMELA LEONARD, on information and belief that she is similarly situated, Plaintiffs in the above-styled action, to file this Complaint and demand a trial by jury to the extent available and, in support of said pleading, shows this Court the following:

## JURISDICTION AND VENUE

**1.**

Plaintiffs, WILLIAM H. WALTON, MARIE A. WALTON and RODD C. WALTON, Joint Tenants with Rights of Survivorship, are individuals who own a property located at 258 Unity Drive, Marietta, Georgia 30064.

**2.**

Plaintiff, PAMELA LEONARD is an individual who owns a property located at 70 Brookline Parkway, Covington, Georgia 30014.

**3.**

Defendant LEHMAN was during the class period, a global investment bank serving institutional, corporate, government and individual clients. Lehman was also a broker- dealer registered with the SEC and was a member of all principal securities and commodities exchanges, including the NYSE and NASD. Lehman's businesses included securities underwriting, sales and trading, investment banking, private equity, financial advisory services, investment research, venture capital, correspondent brokerage services, and asset management. During the time relevant to this Complaint, Lehman maintained its corporate headquarters at 745 Seventh Avenue, New York, New York.  A whole remedy for the Plaintiffs cannot be achieved with potentially inconsistent or conflicting results without this Defendant, inasmuch as the Defendant has been found by audit to be in the chain of title to the transfer into the mortgage-backed security trust(s).

**4.**

Defendant, Bank of America is located at Bank of America Tower at One Bryant Park, Sixth Avenue, New York City, New York 10018.

**5.**

Defendant, FEDERAL NATIONAL MORTGAGE ASSOCIATION, is a government-sponsored enterprise that is located at is located at 3900 Wisconsin Avenue, NW in Washington, D.C.

**STATEMENT OF FACTS**

**6.**

The facts and statements made in the securitization audit, attached hereto and incorporated by reference herein, are tendered by the auditor and author of said auditor ascribed therein, as true, correct and complete in all material facts and are not misrepresented.  (See exhibit A-1 and A-2).

**COUNT ONE
QUIA TIMET
PURSUANT TO O.C.G.A. § 23-3-40**

The contents of the paragraphs set forth above are incorporated here as if fully set forth herein.  The terms of the instruments underlying this claim, namely the promissory notes and security deeds state the choice of law governing the agreements is Georgia, therefore this action is brought under Georgia law under information and belief that Georgia law applies to said instruments and they must be interpreted under such Georgia law.

**7.**

Plaintiffs are entitled to equitable relief by a judicial decree and order declaring Plaintiffs to be the title owner of record of the Property as to the effective date of said cancellation, quieting Plaintiffs' title therein and thereto subject only to such legitimate liens and encumbrances as the Court may deem void, avoiding any liens or encumbrances upon the Property created by the Defendants or by their putative predecessors, or by any of them.

**8.**

Plaintiffs desire and are entitled to a judicial declaration pursuant to O.C.G.A. § 44-2-82 quieting title in the Plaintiffs as of the date on which the loan transaction was consummated.  Title shall be titled ant vested in the Plaintiffs for violations of the law of Georgia.

### COUNT TWO
### QUIA TIMET
### PURSUANT TO O.C.G.A. § 23-3-60 and O.C.G.A. § 23-3-62

9.

The land to which Plaintiffs seek to establish their title is all that tract or parcel of land lying in Cobb County, and Newton County Georgia, respectively and will be more particularly described in subsequent pleadings.

10.

The interest of Plaintiffs in said land is Fee Simple.

11.

Said interest of Plaintiff is based upon a Warranty Deeds more particularly described in subsequent pleadings.

12.

The known Defendants listed above comprise all of the known adverse claims or possible adverse claims of which plaintiff has actual or constructive notice.

13.

The proceeding is brought to remove a particular cloud or clouds, include a statement as to the grounds wrongful encumbrances and wrongful foreclosure perpetuated by parties with no standing and without an interest in the property.

14.

A plat of survey of the land which is the subject of this proceeding will be more particularly described in subsequent pleadings.

15.

Copies of immediate instrument(s) of record or otherwise known to Plaintiffs, if any, upon which any entity might base an interest or claim in said land adverse to Plaintiffs more particularly described in subsequent pleadings.  - Security Deed and Assignments.

16.

As required by O.C.G.A. § 23–3–62, a notice of lis pendens will be filed contemporaneously with this Complaint or as soon as practicable.

17.

Plaintiffs cannot immediately or effectually maintain or protect his rights by any other course other than the filing of this Complaint and is without an adequate remedy at law, and unless a Court of Equity intervenes, Plaintiffs will suffer irreparable damage.

## COUNT THREE
## QUIET TITLE
## PURSUANT TO O.C.G.A. § 44-2-21,
## O.C.G.A. § 44-2-23, and
## O.C.G.A. § 44-2-82

18.

The contents of the paragraphs set forth above are incorporated here as if fully set forth herein.

19.

Plaintiffs are entitled to equitable relief by a judicial decree and order declaring Plaintiffs to be the title owners of record of the Property as to the effective date of said cancellation, quieting Plaintiff's title therein and thereto subject only to such legitimate liens and encumbrances as the Court may deem void, avoiding any liens or encumbrances upon the Property created by the Defendants or by their putative predecessors, or by any of them.

20.

Plaintiffs desire and are entitled to a judicial declaration pursuant to O.C.G.A. § 44-2-82 quieting title in the Plaintiffs as of the date on which the loan transaction was consummated.  Title shall be titled ant vested in the Plaintiffs for violations of the law of the state of Georgia.

## COUNT FOUR
## DECLARATORY JUDGMENT

21.

Plaintiffs re-allege and incorporate by reference all prior paragraphs as though they were set forth herein.

22.

Plaintiffs seek Declaratory Judgment from this honorable Court on the issues of ownership and proper title. The subject property should be is vested in the Plaintiffs free and clear inasmuch as the Defendants cannot show valid ownership interest in a Security Deed or Note or proper transfers, assignments or allonge(s) and do not possess the actual instruments.

**23.**

There is an actual and justiciable controversy presented by the facts stated herein, which creates uncertainty and insecurity on the part of Plaintiffs with respect to his/her rights, status, duties, obligations, and legal relations toward Defendants and others. The facts stated herein set forth an immediacy of choice imposed upon Plaintiffs so as to justify and require an adjudication of this controversy for the guidance and protection of Plaintiffs. Plaintiffs have no adequate remedy at law or otherwise except by this Complaint of declaratory judgment. Plaintiffs are uncertain of his/her rights, obligations, and duties in regard to Defendants. Without a declaration of the party's rights, duties, and obligations, Defendants' actions will result in irreparable harm to the pursuit and success of Plaintiffs' ability to provide a home for themselves and their families.

**24.**

Plaintiffs are entitled to Declaratory Judgment vesting clear title in the Plaintiffs.

**WHEREFORE**, Plaintiffs pray for relief and judgment as follows:

(a) That summons and process issue as provided by law and equity;
(b) That Plaintiffs be granted a trial by judge and or jury with respect to all counts, with the specific exception of Count One;
(c) That said Security deed, assignments and foreclosure deed be delivered up by the Defendants and canceled as a cloud upon Plaintiffs title;
(d) That the Security Deed and any recorded and unrecorded be declared void and a nullity vesting free and clear title in the Plaintiffs;
(e) Said purported transactions are of record in deed record books and pages County Superior Court, conveying the property herein described; to enter a cancellation on the face of the record of said Security Deed;
(f) That Defendants be jointly and severally liable for all allegations in this Complaint;
(g) That Plaintffs have such other and further relief as this Court deems just and proper.

This the  1st  day of October, 2012.

                                  Respectfully submitted

                                  **LEGACY LAW GROUP**

                                  ____/s/  Rodd C. Walton_____
                                  Rodd C. Walton
                                  State Bar No. 736490
                                  Attorney for Plaintiff

**Post Office Box 7367**
**Atlanta, Georgia 30357**
**(770) 425-5927**