ALLEN & OVERY

ALLEN & OVERY Studio Legale Associato
Corso Vittorio Emanuele II, 284
00186 Rome (Italy)
Telephone: (+39) 06 684271
Facsimile: (+39) 06 68427333

AS ATTORNEYS FOR THE TRANSFEROR
CREDITO VALTELLINESE S.C.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | Case No.: 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

## AMENDED NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY, PURSUANT TO FED. R. BANKR. P. 3001(e)(2)

A CLAIM HAS BEEN. FILED IN THIS CASE, or has been deemed filed under 11 U.S.C. § 1111(a), by Credito Valtellinese S.C. (the "Transferor"), against Lehman Brothers Holdings Inc., in the amount of $ 12,877,209.68, which has been designated as Claim No. 56743 (the "Claim").

A first notice of transfer was filed in respect of a portion of the Claim on August 27, 2012 (the "First Notice") (which is attached hereto as Exhibit 1) in relation to the transfer of two notes issued by Lehman Brothers Treasury Co. B.V. and guaranteed by Lehman Brothers Holdings Inc. identified with ISIN codes XS0208459023 and XS0295438369 (the "LBT Notes").

Transferor hereby files this notice to amend the First Notice which contained a typographical error that misstated the amount to be transferred in favor of the Transferee (as defined below) that was attached to the First Notice with specific reference to the amount of the Claim relating to the transfer of the LBT Note identified with ISIN code XS0208459023 (the "Relevant LBT Note").

In particular, the First Notice misstated that the claimed amount to be transferred in relation to the Relevant LBT Note was USD 226,603.45.

The proper amount, as allowed by the Debtors, to be transferred to the Transferee in relation to the Relevant LBT Note is USD 167,578.19. Transferor hereby amends the First Notice to reflect the proper amount to be transferred in relation to the Relevant LBT Note. Transferor hereby incorporate the remainder of the First Notice by reference.

**Name of Transferee:**

Allianz Bank Financial Advisors S.p.A.

**Name of Transferor:**

Credito Valtellinese s.c.

| Names and Addresses where notices to Transferee should be sent: | Name and Address where notices to Transferor should be sent: |
|---|---|
| Allianz Bank Financial Advisors S.p.A.<br>Piazzale Lodi, 3<br>20135 Milan<br>Italy | Credito Valtellinese s.c.<br>Piazza Quadrivio, 8<br>23100 Sondrio<br>Italy<br><br>With a copy to<br><br>**Allen & Overy, Studio Legale Associato**<br>Corso Vittorio Emanuele II, 284<br>00186 Rome (Italy)<br>Telephone: (+39) 06 684271<br>Facsimile: (+39) 06 68427333 |

The Transferor has waived its right, pursuant to Fed. R. Bankr. P. 3001 (e)(2), to receive from the Clerk of the Court notice of filing of the Evidence of Transfer and its right to object to such transfer within the twenty (20) day period. The Transferor has stipulated that: (i) an order may be entered recognizing the transfer of the Claim as an unconditional transfer; and (ii) the Transferee is the valid owner of the Claim.

| Dated: Rome, Italy<br>October 10, 2012 | **ALLEN & OVERY Studio Legale Associato**<br>Attorney for Credito Valtellinese s.c.<br><br>By: _/s/ Gianpaolo Garofalo_<br>Avv. Gianpaolo Garofalo<br><br>Corso Vittorio Emanuele II, 284<br>00186 Rome (Italy)<br>Telephone: (+39) 06 684271<br>Facsimile: (+39) 06 68427333 |
|---|---|

# EXHIBIT 1

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

### LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Credito Valtellinese s.c.** ("Seller"), acting on behalf of one of its customers (the "Customer") hereby unconditionally and irrevocably sells, transfers and assigns to **Allianz Bank Financial Advisors Spa** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **nominal amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **56743** filed by **Seller** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of its Customer relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of its Customer's right, title and interest in, to and under the transfer agreements, if any, under which Customer or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) its Customer owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) neither Seller nor its Customer have engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.   All representations, warranties, covenants and indemnities shall survive the execution, delivery

and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 6 day of August 2012.

Credito Valtellinese s.c.

By: _____
Name: Giovanni De Censi
Title: Chairman

Credito Valtellinese s.c.
Piazza Quadrivio, 8
23100 Sondrio (Italy)

Allianz Bank Financial Advisors SpA

By: _____
Name: Bruno Casalini          GIANCARLO GANZARI
Title: Manager                 MANAGING OFFICER

Allianz Bank Financial Advisors SpA
Piazzale Lodi, 3
20135 Milano (Italy)

Schedule 1

Transferred Claims

Purchased Claim

USD 226,603.45 of USD 292,264.85 (the outstanding amount of XS0208459023 as described in the Proof of Claim as of October 29, 2009).

USD 202,359.30 of USD 208,019.70 (the outstanding amount of XS0295438369 as described in the Proof of Claim as of October 29, 2009).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| LEHMAN B.TS 04/16 TV FOI | XS0208459023 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 166,981.80 (equivalent to EUR 118.000,00) | USD 59,621.65 (equivalent to EUR 42.132,47) | December 30, 2016 | USD 226,603.45 (equivalent to EUR 160.132,47) |
| LEHMAN B.TS 07/08 TV | XS0295438369 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 202,359.30 (equivalent to EUR 143.000,00) | | October 14, 2008 | USD 202,359.30 (equivalent to EUR 143.000,00) |

CREDITO VALTELLINESE S.C.

CREDITO VALTELLINESE
IL PRESIDENTE
Giovanni De Censi

ALLIANZ BANK FINANCIAL ADVISORS SPA

BRUNO CASALINI
MANAGER

GIANCARLO GANZARI
MANAGING OFFICER