**HEARING DATE AND TIME: November 20, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: November 13, 2012 at 4:00 p.m. (Eastern Time)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THREE HUNDRED FIFTY NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, RYAN MARTIN, AT 212-310-8325.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |

**NOTICE OF HEARING ON THREE HUNDRED FIFTY NINTH**
**OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)**

**PLEASE TAKE NOTICE** that on October 11, 2012, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

US_ACTIVE:\44113314\3\58399.0011

the entities in the above-referenced chapter 11 cases, filed its three hundred fifty ninth omnibus objection to claims (the "Three Hundred Fifty Ninth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Fifty Ninth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **November 20, 2012 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Fifty Ninth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq., and Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **November 13, 2012 at 4:00 p.m.** (**Eastern Time**) (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Fifty Ninth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Fifty Ninth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: October 11, 2012
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME: November 20, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: November 13, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 Case No. |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
|  | : |  |
| Debtors. | : | **(Jointly Administered)** |

**THREE HUNDRED FIFTY NINTH OMNIBUS**
**OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED FIFTY NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, RYAN MARTIN, AT 212-310-8325.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents:

### Relief Requested

1. The Plan Administrator files this three hundred fifty ninth omnibus objection to claims (the "Three Hundred Fifty Ninth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking the disallowance and expungement of the claims listed on Exhibit A annexed hereto.

2. The Plan Administrator has examined the proofs of claim identified on Exhibit A and has determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Amended and Superseded Claims") have been amended and superseded by at least one subsequently filed, corresponding claim identified under the heading "*Surviving Claims*" (collectively, the "Surviving Claims"). The Plan Administrator seeks the disallowance and expungement from the Court's claims register of the Amended and Superseded Claims

2

and preservation of the Plan Administrator's right to later object to any Surviving Claim on any basis.

3. This Three Hundred Fifty Ninth Omnibus Objection to Claims does not affect any of the Surviving Claims and does not constitute any admission or finding with respect to any of the Surviving Claims. Further, the Plan Administrator reserves all its rights to object on any basis to any Amended and Superseded Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7. On December 6, 2011, the Court approved and entered an order confirming the Plan. The Plan became effective on March 6, 2012.

8. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The Amended and Superseded Claims Should Be Disallowed and Expunged**

9. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has determined that each Amended and Superseded Claim on Exhibit A has been amended and superseded by the corresponding Surviving Claim that was subsequently filed by or on behalf of the same creditor.

10. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Claims that are amended and superseded by subsequent claims filed by the same creditor are routinely disallowed and expunged. *See, e.g.*, *In re Enron Corp.*, Case No. 01 B 16034 (AJG), 2005 WL 3874285, at *1 n.1 (Bankr. S.D.N.Y. Oct. 5, 2005) (noting that "[i]nasmuch as the Initial Claim was amended and superceded by the Amended Claim, it was disallowed and expunged"); *In re Best Payphones, Inc.*, Case

4

No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging amended, duplicative claim).

12. A debtor cannot be required to pay on the same claim more than once. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Elimination of redundant claims will also enable the Plan Administrator to maintain a claims register that more accurately reflects the proper claims existing against the Chapter 11 Estates.

13. The effective date for the Plan has occurred and distributions commenced on April 17, 2012. It would be inequitable for holders of claims subject to this objection to receive distributions on account of claims that have been amended and superseded. Accordingly, to avoid the possibility of multiple recoveries by the same creditor, the Plan Administrator requests that the Court disallow and expunge in their entirety the Amended and Superseded Claims listed on Exhibit A.[1] The Surviving Claims will remain on the claims register, subject to the Plan Administrator's right to file further objections thereto on any basis.

## Notice

14. No trustee has been appointed in these chapter 11 cases. Notice of this Three Hundred Fifty Ninth Omnibus Objection to Claims has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of

---

[1] Where a creditor has filed different documentation in support of the Amended and Superseded Claim and the Surviving Claim, the Chapter 11 Estates will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

New York; (v) the claimants listed on Exhibit A annexed hereto; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

15.    No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: October 11, 2012
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

# EXHIBIT A

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 359: EXHIBIT A – AMENDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM |
| 1 | ING USA ANNUITY & LIFE INSURANCE COMPANY C/O ING INVESTMENT MANAGEMENT LLC ATTN: A. APONTE 230 PARK AVENUE NEW YORK, NY 10169 | 09/10/2009 | 08-13555 (JMP) | 11151 | $3,569,307.93 | ING USA ANNUITY AND LIFE INSURANCE COMPANY C/O ING INVESTMENT MANAGEMENT CO. ATTN: GERALD LINS, GEN. COUNS., ARMOND APONTE, VP AND COUNS. 230 PARK AVENUE NEW YORK, NY 10169 | 09/22/2009 | 08-13555 (JMP) | 27881 | $14,888,737.41* |
| 2 | STARK MASTER FUND LTD. ATTN: MARTHA TSUCHIHASHI C/O STARK OFFSHORE MANAGEMENT, LLC 2600 SOTH LAKE DRIVE ST. FRANCIS, WI 53235 | 09/18/2009 | 08-13555 (JMP) | 18184 | $13,948,950.00 | STARK MASTER FUND LTD. ATTN: MARTHA TSUCHIHASHI C/O STARK OFFSHORE MANAGEMENT, LLC 3600 SOUTH LAKE DRIVE ST. FRANCIS, WI 53235 | 09/19/2009 | 08-13555 (JMP) | 19542 | $13,948,950.00 |
| | | | | TOTAL | $17,518,257.93 | | | | | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                          :        Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :        08-13555 (JMP)
                                                               :
                     Debtors.                                  :        (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED FIFTY NINTH OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)

Upon the three hundred fifty ninth omnibus objection to claims, dated July 9, 2012 (the "Three Hundred Fifty Ninth Omnibus Objection to Claims"),[2] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Amended and Superseded Claims on the basis that such claims have been amended and superseded by the corresponding Surviving Claims, all as more fully described in the Three Hundred Fifty Ninth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Fifty Ninth Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Fifty Ninth Omnibus Objection to Claims.

for the Southern District of New York; (v) the claimants listed on <u>Exhibit A</u> attached to the Three Hundred Fifty Ninth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Fifty Ninth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Three Hundred Fifty Ninth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Fifty Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "<u>Amended and Superseded Claims</u>") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on <u>Exhibit 1</u> annexed hereto under the heading "*Surviving Claims*" (collectively, the "<u>Surviving Claims</u>") will remain on the claims register subject to the Plan Administrator's right to further object as set forth herein; and it is further

ORDERED that all information included on and all documentation filed in support of any Amended and Superseded Claim, including, but not limited to, derivative

2

and guarantee questionnaires and supporting documentation, shall be treated as having been filed in support of and included in the corresponding Surviving Claim; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the Amended and Superseded Claims constitutes any admission or finding with respect to any of the Surviving Claims, and the Plan Administrator's rights to object to the Surviving Claims on any basis are preserved; *provided, however,* that notwithstanding anything herein to the contrary, the Plan Administrator may not object to a Surviving Claim that is listed on Exhibit 1 annexed hereto to the extent that it has been allowed by order of the Court or allowed pursuant to a signed settlement or termination agreement authorized by the Court; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three Hundred Fifty Ninth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) any Surviving Claim; *provided, however*, that if the Court subsequently orders that a Surviving Claim did not appropriately amend and supersede the corresponding Amended and Superseded Claim, then the claims agent shall be authorized and directed to immediately reinstate such Amended and Superseded Claim (the "Reinstated Claim") and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

3

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                                          _____
                                                          UNITED STATES BANKRUPTCY JUDGE