**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THREE HUNDRED SIXTY-SECOND OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, JORDAN BRYK, AT 212-310-8034.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
| | |
|---|---|
| In re | : **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : **08-13555 (JMP)** |
| | : |
| **Debtors.** | : **(Jointly Administered)** |
-------------------------------------------------------------------x

**NOTICE OF HEARING ON THREE HUNDRED SIXTY-SECOND OMNIBUS**
**OBJECTION TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)**

　　　　　**PLEASE TAKE NOTICE** that on October 11, 2012, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

the entities in the above-referenced chapter 11 cases, filed its three hundred sixty-second

omnibus objection to claims (the "Three Hundred Sixty-Second Omnibus Objection to Claims"),

and that a hearing (the "Hearing") to consider the Three Hundred Sixty-Second Omnibus

Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy

Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New

York, One Bowling Green, New York, New York 10004, on **November 20, 2012 at 10:00 a.m.**

**(Eastern Time)**, or as soon thereafter as counsel may be heard.

    **PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred

Sixty-Second Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP,

767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark

Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta

Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than

**November 13, at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Three Hundred Sixty-Second Omnibus Objection to Claims or any

claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Three Hundred Sixty-Second Omnibus Objection to Claims, which order may be entered with no

further notice or opportunity to be heard offered to any party.

Dated: October 11, 2012
      New York, New York

                              /s/ Robert J. Lemons
                              Robert J. Lemons

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Lehman Brothers Holdings Inc.
                              and Certain of its Affiliates

US_ACTIVE:\44113492\3\58399.0011

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------------x

**THREE HUNDRED SIXTY-SECOND OMNIBUS OBJECTION**
**TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THREE HUNDRED SIXTY-SECOND OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, JORDAN BRYK, AT 212-310-8034.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced

chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents:

### Relief Requested

1.        The Plan Administrator files this three hundred sixty-second omnibus

objection to claims (the "Three Hundred Sixty-Second Omnibus Objection to Claims"), pursuant

to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim filed in these

chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking disallowance and

expungement of the claims listed on Exhibit A annexed hereto.

2.        The Plan Administrator has examined the proofs of claim identified on

Exhibit A and has determined that the proofs of claim listed under the heading "*Claims to be*

*Disallowed and Expunged*" (collectively, the "Duplicative of Indenture Trustee Claims") are

substantively duplicative, in whole or in part, of the corresponding global claims identified under

the heading "*Surviving Claims*" (the "Indenture Trustee Claims").  The Indenture Trustee Claims

are proofs of claim asserting general unsecured claims filed by (i) U.S. Bank National

Association ("U.S. Bank"), in its capacity as indenture trustee, on behalf of itself and the holders

of certain debentures (the "Debentures") issued pursuant to the U.S. Bank Indenture (as defined

below); (ii) the Bank of New York Mellon (the "Bank of New York"), in its capacity as

2

indenture trustee, on behalf of itself and the holders of certain notes (the "Notes") issued

pursuant to the Bank of New York Indenture I (as defined below); and (iii) the Bank of New

York, in its capacity as indenture trustee, on behalf of itself and the holders of certain senior

subordinated notes (the "Senior Subordinated Notes") issued pursuant to the Bank of New York

Indenture II (as defined below).  To the extent that the Duplicative of Indenture Trustee Claims

relate to the Debentures, the Notes, or the Senior Subordinated Notes, the Plan Administrator

seeks the disallowance and expungement from the Court's claims register of the Duplicative of

Indenture Trustee Claims and preservation of the Plan Administrator's right to later object to the

Indenture Trustee Claims on any basis.

3.    This Three Hundred Sixty-Second Omnibus Objection to Claims does not

affect the Indenture Trustee Claims and does not constitute any admission or finding with respect

to the Indenture Trustee Claims.  Further, the Plan Administrator reserves its right to object on

any basis to any Duplicative of Indenture Trustee Claims as to which the Court does not grant

the relief requested herein.

**Jurisdiction**

4.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.    Commencing on September 15, 2008, and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3

6.      On July 2, 2009, the Court entered its Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order") [Docket No. 4271].  The Bar Date Order specifically provides for the indenture trustees of certain securities, such as U.S. Bank to file a global proof of claim on behalf of the individual holders of those securities.  (*See* Bar Date Order at 3-4.)

7.      On January 14, 2010, the Court entered the Procedures Order, which authorizes the Chapter 11 Estates, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

8.      On December 6, 2011, the Court approved and entered an order confirming the Plan.  The Plan became effective on March 6, 2012.  Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

### The Indenture Trustee Claims

9.      LBHI and U.S. Bank entered into an indenture on February 1, 1996 (the "U.S. Bank Indenture").  Section 504 of the U.S. Bank Indenture authorizes the indenture trustee to file a proof of claim on behalf of all holders of securities issued under the U.S. Bank Indenture.

10.     On December 29, 2011, U.S. Bank filed a proof of claim (Claim No. 67831) on behalf of itself and the holders of the Debentures issued under the U.S. Bank Indenture.

4

11.     LBHI and Bank of New York, as successor trustee to Chemical Bank, entered into an indenture on February 1, 1996 (the "Bank of New York Indenture I").  The terms of the Bank of New York Indenture I authorize the indenture trustee to file a proof of claim on behalf of all holders of securities issued under the Bank of New York Indenture.  (*See* Bank of New York Indenture attached to Claim No. 67752 as Ex. A.)

12.     On November 30, 2011, the Bank of New York filed a proof of claim (Claim No. 67752) on behalf of itself and the holders of the Notes issued under the Bank of New York Indenture I.

13.     Lehman Brothers Inc. and Bank of New York, as successor trustee to The First National Bank of Chicago, entered into an indenture on March 1, 1996 (the "Bank of New York Indenture II").  The terms of the Bank of New York Indenture II authorize the indenture trustee to file a proof of claim on behalf of all holders of securities issued under the Bank of New York Indenture II.

14.     On September 21, 2009 the Bank of New York filed a proof of claim (Claim No. 21807) on behalf of itself and the holders of the Senior Subordinated Notes issued under the Bank of New York Indenture II.

**The Duplicative of Indenture Trustee Claims Should Be Disallowed and Expunged**

15.     In its review of the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the Duplicative of Indenture Trustee Claims on Exhibit A as substantively duplicative of the Indenture Trustee Claims.  Each Duplicative of Indenture Trustee Claim was filed by an individual claimant/noteholder and asserts a general unsecured, secured, administrative expense, and/or priority claim relating, in whole or in part, to the Debentures, the Notes, or the Senior

5

Subordinated Notes.  The Indenture Trustee Claims are general unsecured claims filed by U.S. Bank and the Bank of New York as indenture trustees, on behalf of the individual claimants/noteholders on account of the securities issued under the U.S. Bank Indenture, the Bank of New York Indenture I, or the Bank of New York Indenture II.  Thus, each Duplicative of Indenture Trustee Claim seeks to recover, in whole or in part, for the same alleged obligation and on behalf of the same individuals as the Indenture Trustee Claims.

16.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

17.     Courts in the Southern District of New York routinely disallow and expunge duplicative claims filed against the same debtor.  *See, e.g.*, *In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

18.     The Chapter 11 Estates cannot be required to pay on the same claim more than once.  *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").  Elimination of redundant claims will also enable the

US_ACTIVE:\44113492\3\58399.0011

Plan Administrator to maintain a claims register that more accurately reflects the proper claims existing against LBHI.

19.     The Duplicative of Indenture Trustee Claims should be disallowed as substantively duplicative, in whole or in part, of the Indenture Trustee Claims.  U.S. Bank and/or the Bank of New York were the proper parties to file claims on behalf of the individual claimants/noteholders.  The terms of the U.S. Bank Indenture, the Bank of New York Indenture I, and the Bank of New York Indenture II provide for the respective trustee filing a proof of claim on behalf of all holders of the securities issued under the U.S. Bank Indenture, the Bank of New York Indenture I, and the Bank of New York Indenture II.  Moreover, the Bar Date Order specifically states that any holder of a security listed on the Master List of Securities, need not file a proof of claim "due to the fact that the indenture trustee for such securities will file a global proof of claim on behalf of all holders of securities issued thereunder; (US Bank National Association… and the indenture trustee for each of the other securities included on the Master List of Securities, each will file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities). . . ."  (*See* Bar Date Order at 3-4.)  Finally, the Bankruptcy Rules provide that "[a]n indenture trustee may file a claim on behalf of all known or unknown holders of securities issued pursuant to the trust instrument under which it is the trustee."  *See* Fed. R. Bank. P. 3003(c)(5).

20.     Accordingly, to avoid the possibility of a creditor receiving duplicative or multiple recoveries on its claim, the Plan Administrator requests that the Court disallow and expunge the Duplicative of Indenture Trustee Claims listed on <u>Exhibit A</u> to the extent set forth therein.  The Indenture Trustee Claims will remain on the claims register subject to the Plan Administrator's right to file further objections thereto on any basis.

US_ACTIVE:\44113492\3\58399.0011

## Notice

21.     No trustee has been appointed in these chapter 11 cases.  Notice of the

Objection has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and

Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the

Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties

entitled to notice in accordance with the procedures set forth in the second amended order

entered on June 17, 2010, governing case management and administrative procedures for these

cases, ECF No. 9635.  The Plan Administrator submits that no other or further notice need be

provided.

22.     No previous request for the relief sought herein has been made by the Plan

Administrator or LBHI to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant

the relief requested herein and such other and further relief as is just.

Dated:  October 11, 2012
      New York, New York

                         /s/ Robert J. Lemons
                         Robert J. Lemons

                         WEIL, GOTSHAL & MANGES LLP
                         767 Fifth Avenue
                         New York, New York 10153
                         Telephone: (212) 310-8000
                         Facsimile: (212) 310-8007

                         Attorneys for Lehman Brothers Holdings Inc.
                         and Certain of its Affiliates

US_ACTIVE:\44113492\3\58399.0011

**Exhibit A**

US_ACTIVE:\44113492\3\58399.0011

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 362: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | **CLAIMS TO BE DISALLOWED** | | | | | **SURVIVING CLAIMS** | | | | | |
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **REASON** |
| 1 | KING STREET CAPITAL MASTER FUND, LTD C/O KING STREET CAPITAL MANAGEMENT, L.P. ATTN: GENERAL COUNSEL 65 EAST 55TH STREET, 30TH FLOOR NEW YORK, NY 10022 | 09/21/2009 | 08-13555 (JMP) | 19741 | $31,795,000.00* | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 524909AW8 ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21807 | $201,949,500.00 | Duplicate of Trustee Claim 21807 |
| 2 | KING STREET CAPITAL, L.P. C/O KING STREET CAPITAL MANAGEMENT, L.P. ATTN: GENERAL COUNSEL 65 EAST 55TH STREET, 30TH FLOOR NEW YORK, NY 10022 | 09/21/2009 | 08-13555 (JMP) | 19748 | $11,445,000.00* | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 524909AW8 ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21807 | $201,949,500.00 | Duplicate of Trustee Claim 21807 |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 362: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | CLAIMS TO BE DISALLOWED | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **REASON** |
| 3 VANGUARD BALANCED INDEX FUND, A SERIES OF VANGUARD VALLEY FORGE FUNDS ATTN: MICHAEL DRAYO PO BOX 2600 VALLEY FORGE, PA 19482 | 09/18/2009 | 08-13555 (JMP) | 16818 | $381,467.10 | U.S. BANK NATIONAL ASSOCIATION TIMOTHY PILLAR, VP CORPORATE TRUST SERVICES EP-MN-WS1D 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 12/29/2011 | 08-13555 (JMP) | 67831 | $1,017,083,916.67 | Duplicate of Trustee Claim 67831 |
| 4 VANGUARD SHORT-TERM BOND INDEX FUND A SERIES OF VANGUARD BOND INDEX FUNDS ATTN: MICHAEL DRAYO P.O. BOX 2600 MAIL STOP V26 VALLEY FORGE, PA 19482 | 09/18/2009 | 08-13555 (JMP) | 16825 | $5,086,228.03 | U.S. BANK NATIONAL ASSOCIATION TIMOTHY PILLAR, VP CORPORATE TRUST SERVICES EP-MN-WS1D 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 12/29/2011 | 08-13555 (JMP) | 67831 | $1,017,083,916.67 | Duplicate of Trustee Claim 67831 |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 362: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 5 | VANGUARD SHORT-TERM INVESTMENT-GRADE FUND (FKA VANGUARD SHORT-TERM CORPORATE FUND), A SERIES OF VANGUARD FIXED INCOME SECURITIES FUNDS ATTN: MICHAEL DRAYO PO BOX 2600 MAIL STOP V26 VALLEY FORGE, PA 19482 | 09/18/2009 | 08-13555 (JMP) | 16705 | $9,436,265.66 | BANK OF NEW YORK MELLON, THE ATTN: JOHN GIULIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 11/30/2011 | 08-13555 (JMP) | 67752 | $255,558,003.92 | Duplicate of Trustee Claim 67752 |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 362: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | CLAIMS TO BE DISALLOWED | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 6  VANGUARD TOTAL BOND MARKET INDEX FUND TRANSFEROR: VANGUARD INSTITUTIONAL TOTAL BOND MARKET INDEX FUND ATTN: MICHAEL DRAYO P.O. BOX 2600 VALLEY FORGE, PA 19482 | 09/18/2009 | 08-13555 (JMP) | 16820 | $762,934.20 | U.S. BANK NATIONAL ASSOCIATION TIMOTHY PILLAR, VP CORPORATE TRUST SERVICES EP-MN-WS1D 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 12/29/2011 | 08-13555 (JMP) | 67831 | $1,017,083,916.67 | Duplicate of Trustee Claim 67831 |
| 7  VANGUARD TOTAL BOND MARKET INDEX FUND A SERIES OF VANGUARD BOND INDEX FUNDS ATTN: MICHAEL DRAYO P.O. BOX 2600 MAIL STOP V26 VALLEY FORGE, PA 19482 | 09/18/2009 | 08-13555 (JMP) | 16826 | $6,688,389.86 | U.S. BANK NATIONAL ASSOCIATION TIMOTHY PILLAR, VP CORPORATE TRUST SERVICES EP-MN-WS1D 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 12/29/2011 | 08-13555 (JMP) | 67831 | $1,017,083,916.67 | Duplicate of Trustee Claim 67831 |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 362: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 8 | VANGUARD VARIABLE INSURANCE FUND-SHORT-TERM INVESTMENT-GRADE PORTFOLIO A SERIES OF VANGUARD VARIABLE INSURANCE FUNDS ATTN: MICHAEL DRAYO P.O. BOX 2600 MAIL STOP V26 VALLEY FORGE, PA 19482 | 09/18/2009 | 08-13555 (JMP) | 16822 | $210,586.16 | BANK OF NEW YORK MELLON, THE ATTN: JOHN GIULIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 11/30/2011 | 08-13555 (JMP) | 67752 | $255,558,003.92 | Duplicate of Trustee Claim 67752 |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 362: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **REASON** |
| 9 | VANGUARD VARIABLE INSURANCE FUND-TOTAL BOND MARKET INDEX PORTFOLIO A SERIES OF VANGUARD VARIABLE INSURANCE FUNDS ATTN: MICHAEL DRAYO P.O. BOX 2600 MAIL STOP V26 VALLEY FORGE, PA 19482 | 09/18/2009 | 08-13555 (JMP) | 16828 | $152,586.84 | U.S. BANK NATIONAL ASSOCIATION TIMOTHY PILLAR, VP CORPORATE TRUST SERVICES EP-MN-WS1D 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 12/29/2011 | 08-13555 (JMP) | 67831 | $1,017,083,916.67 | Duplicate of Trustee Claim 67831 |

| | TOTAL | $65,958,457.85 |
|---|---|---|

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                   :        **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :        **08-13555 (JMP)**
                                                        :
                                Debtors.                :        **(Jointly Administered)**
------------------------------------------------------------------x

## ORDER GRANTING THE THREE HUNDRED SIXTY-SECOND OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)

Upon the three hundred sixty-second omnibus objection to claims, dated October

11, 2012 (the "Three Hundred Sixty-Second Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States

Code (the "Bankruptcy Code"), Bankruptcy Rule 3007(d) and this Court's order approving

procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking

disallowance and expungement of the Duplicative of Indenture Trustee Claims on the grounds

that such claims are substantively duplicative of the corresponding Indenture Trustee Claims, as

more fully described in the Three Hundred Sixty-Second Omnibus Objection to Claims; and due

and proper notice of the Three Hundred Sixty-Second Omnibus Objection to Claims having been

provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange

Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern

District of New York; (v) the claimants listed on Exhibit A attached to the Three Hundred Sixty-

Second Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Sixty-Second Omnibus Objection to Claims.

with the procedures set forth in the second amended order entered on June 17, 2010, governing

case management and administrative procedures for these cases [Docket No. 9635]; and it

appearing that no other or further notice need be provided; and the Court having found and

determined that the relief requested in the Three Hundred Sixty-Second Omnibus Objection to

Claims is in the best interests of LBHI, its estate, its creditors, and all parties in interest and that

the legal and factual bases set forth in the Three Hundred Sixty-Second Omnibus Objection to

Claims establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Sixty-Second Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "Duplicative of Indenture Trustee Claims") are disallowed and expunged in

their entirety with prejudice; and it is further

ORDERED that the claim listed on Exhibit 1 annexed hereto under the heading

"*Surviving Claim*" (the "Indenture Trustee Claims") will remain on the claims register subject to

the Plan Administrator's rights to further object as set forth herein; and it is further

ORDERED that nothing in this Order or disallowance and expungement of the

Duplicative of Indenture Trustee Claim constitutes any admission or finding with respect to the

Indenture Trustee Claims, and the Plan Administrator's rights to object to the Indenture Trustee

Claims on any basis is preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

2

expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to the Three

Hundred Sixty-Second Omnibus Objection to Claims under the heading "*Claims to be*

*Disallowed and Expunged*" that is not listed on <u>Exhibit 1</u> annexed hereto, and (ii) the Indenture

Trustee Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York


                              _____
                              UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44113492\3\58399.0011