HEARING DATE AND TIME: November 20, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: November 13, 2012 at 4:00 p.m. (Eastern Time)

> **THE THREE HUNDRED SIXTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE THREE HUNDRED SIXTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :    08-13555 (JMP)
                                                   :
                Debtors.                      :    (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON THREE HUNDRED SIXTY-**
**FOURTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

        **PLEASE TAKE NOTICE** that on October 11, 2012, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

US_ACTIVE:\44107868\2\58399.0008

certain entities in the in the above-referenced chapter 11 cases, filed the three hundred sixty-fourth omnibus objection to claims (the "Three Hundred Sixty-Fourth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Sixty-Fourth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **November 20, 2012 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Sixty-Fourth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and

2

received by no later than **November 13, 2012 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Sixty-Fourth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Sixty-Fourth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: October 11, 2012
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME: November 20, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: November 13, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                   :   Chapter 11 Case No.
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :   08-13555 (JMP)
                                                        :
                    Debtors.                            :   (Jointly Administered)
------------------------------------------------------------------x

**THREE HUNDRED SIXTY-FOURTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**THIS THREE HUNDRED SIXTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED SIXTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

US_ACTIVE:\44107868\2\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this three hundred sixty-fourth omnibus objection to claims (the "Three Hundred Sixty-Fourth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement, in whole or in part, of the claims listed on Exhibit A annexed hereto.

2. The Plan Administrator has examined each proof of claim identified on Exhibit A (collectively, the "No Liability Claims") and has determined that, in each case as identified more specifically on Exhibit A, either (i) the applicable Chapter 11 Estate against which the claim is asserted has no liability for any part of the claim, or (ii) the applicable Chapter 11 Estate has no liability for a portion of the claim. The Plan Administrator, therefore, requests the No Liability Claims be disallowed and expunged to the extent set forth on Exhibit A.

3. The Plan Administrator reserves all rights to object on any other basis to any No Liability Claim as to which the Court does not grant the relief requested herein as well as to the portion of any No Liability Claim that is not the subject of this Objection.

2

**Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012 (the "Effective Date"). Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The No Liability Claims Should Be Disallowed and Expunged**

8. As a result of its review of the claims filed on the claims register in these chapter 11 cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the No Liability Claims as claims for which the Chapter 11 Estate against which the claim is filed does not have any liability, in whole or in part.

9. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See*

3

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

10. The Plan Administrator has evaluated the transactions underlying the No Liability Claims and the books and records of the Chapter 11 Estates. The No Liability Claims are asserted against Chapter 11 Estates that are not liable on any grounds for such claims to the extent set forth on Exhibit A. As described further on Exhibit A, the No Liability Claims do not set forth any legal justification for asserting a claim, in whole or in part, against the applicable Chapter 11 Estates.

11. The Effective Date has occurred and distributions began on April 17, 2012. If the No Liability Claims remain on the claims register in the filed amount, the potential exists for recoveries by parties who do not hold valid claims against the Chapter 11 Estates. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the No Liability Claims to the extent set forth on Exhibit A attached hereto.

## Notice

12. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Three Hundred Sixty-Fourth Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June

4

17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

13. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: October 11, 2012
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

5

# EXHIBIT A

US_ACTIVE:\44107868\2\58399.0008

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 364: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ARK. PUBLIC EMPLOYEES RETIREMENT SYSTEM<br>124 W CAPITOL AVE., STE 400<br>LITTLE ROCK, AR 72201 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32388 | $541.24 | Claim 32388 reflects that the claim is based on a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant for such transaction or transactions. |
| 2 | CHILTON MUELLER, MARTHA<br>C/O SILVERMAN ACAMPORA LLC<br>ATTN: RONALD J. FRIEDMAN<br>100 JERICHO QUADRANGLE<br>SUITE 300<br>JERICHO, NY 11753 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21504 | $1,405,373.85* | Claim 21504 is based on amounts owed under securities issued by or investments in Lehman Brothers MLP Opportunity Delaware Fund L.P., a non-Debtor entity. LBHI has no liability for the securities issued by or investments in Lehman Brothers MLP Opportunity Delaware Fund L.P. |
| 3 | CURRENT COMMUNICATIONS &<br>2600 W. 23RD STREET<br>BROADVIEW, IL 60155 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/27/2009 | 6182 | $43,797.94 | The Debtors' records reflect that Claim 6182 is based on a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant for such transaction or transactions. |
| 4 | DEUTSCHE BANK AG<br>ATTN: CHIP GOODRICH, ESQ.<br>60 WALL STREET<br>NEW YORK, NY 10005-2858 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 26969 | $6,089.75* | The portion of Claim 26969 in the amount of $6,089.75 relates to a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant for such transaction or transactions. The remaining portion of Claim 26969 is not being expunged pursuant to this Objection and is not affected by this Objection. All rights with respect to the remaining portion of Claim 26969 are reserved. |

## IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 364: EXHIBIT A – NO LIABILITY CLAIMS

|   | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 5 | DIALOGIC COMMUNICATIONS CORPORATION<br>117 SEABOARD LN STE D100<br>FRANKLIN, TN 37067-2871 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/05/2008 | 1232 | $8,650.74 | The Debtors' records reflect that Claim 1232 is based on a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant for such transaction or transactions. |
| 6 | EMPIRE OFFICE INC.<br>105 MADISON AVE FL 15<br>NEW YORK, NY 10016-7418 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 05/14/2009 | 4340 | $54,825.44* | The Debtors' records reflect that Claim 4340 is based on a transaction or transactions between claimant, on the one hand, and Lehman Brothers Inc., a non-Debtor entity, and/or Neuberger Berman Group LLC, also a non-Debtor entity, on the other hand. The Debtors have no liability to claimant for such transaction or transactions. |
| 7 | FORBES CONSULTING GROUP, LLC<br>GARY E. BLUMENHAL, CPA<br>24 HARTWELL AVE, 3RD FLOOR<br>LEXINGTON, MA 02421 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/23/2008 | 14 | $8,000.00 | The Debtors' records reflect that Claim 14 is based on a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant for such transaction or transactions. |
| 8 | KONICA MINOLTA DANKA IMAGING COMPANY<br>FKA DANKA OFFICE IMAGING COMPANY<br>ATTN LEE ACEVEDO<br>11101 ROOSEVELT BLVD.<br>ST PETERSBURG, FL 33716 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/06/2008 | 140 | $7,147.69 | The Debtor's records reflect that claim 140 is based on a transaction or transactions between claimant, on the one hand, and Lehman Brothers Inc., a non-Debtor entity, and/or possibly other non-Debtor entities, on the other hand. The Debtors have no liability to claimant for such transaction or transactions. |
| 9 | LOWRY, R.K. JR<br>ATTN: DAVID R. DEARY<br>L-FALLING CREEK LLC<br>LMC RECOVERY FUND LLC<br>LOEWINSOHN FLEGLE DEARY<br>DALLAS, TX 75251 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/22/2009 | 32694 | $1,834,333.33 | Claimant does not assert any contractual or legal basis on which claimant is entitled to collect on the grounds asserted in the claim. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 364: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 10 | MBS ENERGY GROUP LLC<br>525 7TH AVE<br>SUITE 1713<br>NEW YORK, NY 10018 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/25/2008 | 25 | $28,227.50 | The obligations alleged in this claim have been satisfied by Barclays Capital Inc. through payments made to the claimant after September 15, 2008 (the "Commencement Date"). |
| 11 | MERRILL CORPORATION<br>ONE MERRILL CIRCLE<br>SAINT PAUL, MN 55108 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 04/20/2009 | 3850 | $25,525.00 | The Debtors' records reflect that Claim 3850 is based on a transaction or transactions between claimant and Lehman Brothers Inc.  LBHI has no liability to claimant for such transaction or transactions. |
| 12 | MOFFITT, JOHN P<br>ATTN: DAVID R. DEARY<br>J-JASON, LLC<br>LMC RECOVERY FUND<br>LOEWINSOHN FLEGLE DEARY<br>DALLAS, TX 75251 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/22/2009 | 32692 | $1,825,833.00 | Claimant does not assert any contractual or legal basis on which claimant is entitled to collect on the grounds asserted in the claim. |
| 13 | MUNI CENTER, LLC, THE<br>JULIA DEPTULA, DIR., CLIENT SVCS.<br>825 THIRD AVENUE, 14 FL<br>NEW YORK, NY 10022 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/02/2009 | 1562 | $5,905.47 | Claim 1562 reflects that the claim is based on a transaction or transactions between claimant and Lehman Brothers Inc.  LBHI has no liability to claimant for such transaction or transactions. |
| 14 | RIPLEY, ROBERT & FRANCES<br>ATTN: DAVID R. DEARY<br>CARY INVESTMENTS, LLC<br>C/O DAVID R. DEARY<br>LOEWINSOHN FLEGLE DEARY<br>DALLAS, TX 75251 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/22/2009 | 32693 | $2,872,115.00 | Claimant does not assert any contractual or legal basis on which claimant is entitled to collect on the grounds asserted in the claim. |
| 15 | RITZ CARLTON HOTEL COMPANY<br>THE RITZ-CARLTON BUCKHEAD<br>3434 PEACHTREE ROAD N.E.<br>ATLANTA, GA 30326 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/14/2009 | 5328 | $20,900.55 | The Debtors' records reflect that Claim 5328 is based on a transaction or transactions between claimant and Lehman Brothers Inc.  LBHI has no liability to claimant for such transaction or transactions. |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 364: EXHIBIT A – NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 16 | RUSSELL A. CHABAUD AND RELATED ENTITIES C/O DAVID R. DEARY LOEWINSOHN FLEGLE DEARY 12377 MERIT DRIVE, #900 DALLAS, TX 75251 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/22/2009 | 33666 | $1,815,933.33 | Claimant does not assert any contractual or legal basis on which claimant is entitled to collect on the grounds asserted in the claim. |
| 17 | SECURE FINANCIAL SERVICES C/O JAMES BUSHEY 97 BLAKELY ROAD, SUITE 107 COLCHESTER, VT 05446 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30548 | $10,267.50 | The Debtors' records reflect that Claim 30548 is based on a transaction or transactions between claimant and Lehman Brothers Inc.  LBHI has no liability to claimant for such transaction or transactions. |
| 18 | SENECA CENTER KEN BERRICK 2275 ARLINGTON DRIVE SAN LEANDRO, CA 94578 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 04/20/2009 | 3835 | $1,113,148.88 | This claim relates to an alleged obligation of SCC Acquisitions, Inc. ("SunCal") or an affiliate of SunCal, neither of which is a Debtor in these chapter 11 cases.  LBHI has no liability to claimant for such obligation. |
| 19 | TEVA PHARMACEUTICAL WORKS PRIVATE LIMITED COMPANY ATTN: LAURENCE SCHOEN, ESQ. C/O MINTZ LEVIN ONE FINANCIAL CENTER BOSTON, MA 02111 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28221 | $69,666.50* | Claim 28221 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 20 | WOODTRONICS 110 REYNOLDS STREET SOUTH WILLIAMSPORT, PA 17702 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/10/2009 | 7885 | $21,072.44 | The Debtors' records reflect that Claim 7885 is based on a transaction or transactions between claimant and Lehman Brothers Inc.  LBHI has no liability to claimant for such transaction or transactions. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 364: EXHIBIT A – NO LIABILITY CLAIMS

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 21 | LIM, GIOK KWEE<br>802 THOMSON ROAD #17-05<br>, 298187<br>SINGAPORE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18567 | $294,000.00 | Claims 18567, 18569, and 25587 were filed as guarantee claims against LBHI by holders (the "Noteholders") of structured notes (the "Notes") issued by Minibond Limited (the "Issuer") pursuant to a Secured Note Program registered by the Monetary Authority of Singapore on March 30, 2006 (the "Program"). However, the Noteholders have not provided any evidence with their proofs of claim to show that LBHI issued a valid and enforceable guarantee of the Notes. The Noteholders neither submitted a Guarantee Questionnaire nor provided any evidence of a guarantee of the Notes by LBHI. Moreover, the Base Prospectus for the Program, dated March 30, 2006, explicitly states that "The Notes will solely be obligations of the Issuer and will not be guaranteed or insured by, or be the responsibility of, any other entity...The Notes will not be obligations of, and will not be guaranteed or insured by, any of the Transaction Participants (as defined herein), in particular [LBHI]." Accordingly, LBHI has no liability on account of the Notes. |
| 22 | LIM, GIOK KWEE<br>802 THOMSON ROAD #17-05<br>, 298187<br>SINGAPORE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18569 | $395,087.00 | |
| 23 | MEE NG, JIM<br>NO 2, #04-01, SIMEI RISE<br>, 528800<br>SINGAPORE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25587 | $30,000.00 | |
| | | | | | TOTAL | $11,896,442.15 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                                    :    Chapter 11 Case No.
                                                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                              :
                                       Debtors.                  :    (Jointly Administered)
------------------------------------------------------------------x

## ORDER GRANTING THE THREE HUNDRED SIXTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the three hundred sixty-fourth omnibus objection to claims, dated October 11, 2012 (the "Three Hundred Sixty-Fourth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims to the extent that they assert claims for which the applicable Chapter 11 Estates do not have any liability, all as more fully described in the Three Hundred Sixty-Fourth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Sixty-Fourth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Sixty-Fourth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Sixty-Fourth Omnibus Objection to Claims.

and that the legal and factual bases set forth in the Three Hundred Sixty-Fourth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Three Hundred Sixty-Fourth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and expunged, with prejudice, to the extent set forth therein; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three Hundred Sixty-Fourth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto and (ii) the portion of any No Liability Claim that is not the subject of the Three Hundred Sixty-Fourth Omnibus Objection to Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                                                  UNITED STATES BANKRUPTCY JUDGE