**Hearing Date and Time: November 14, 2012, 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: October 24, 2012, 4:00 p.m. (Prevailing Eastern Time)**

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark
Matthew A. Schwartz

*Attorneys for Giants Stadium LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| Debtors. | : Jointly Administered |

**NOTICE OF MOTION OF GIANTS STADIUM LLC TO QUASH
DEBTORS' SUBPOENAS ISSUED UNDER
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

**PLEASE TAKE NOTICE** that, on November 14, 2012, at 10:00 a.m. (prevailing Eastern Time), or as soon thereafter as the matter may be heard, before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York, 10004, Giants Stadium LLC ("Giants Stadium") will move (the "Motion") to quash two subpoenas issued by Lehman Brothers Holdings, Inc. *et al.* (the "Debtors") under Rule 2004 of the Federal Rules of Bankruptcy Procedure: (i) Debtors' second subpoena for deposition testimony, served on Giants Stadium on July 27, 2011, and (ii) Debtors' second subpoena for the production of documents, served on Giants Stadium on April 9, 2012.

**PLEASE TAKE FURTHER NOTICE** that any objection or response to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York, and (i) shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format ("PDF"), WordPerfect, or any other Windows-based word processing format; and (ii) a hardcopy of such objection or response shall be served in accordance with General Order M-242, upon (A) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (B) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attn: Richard W. Slack, Esq., Michael J. Firestone, Esq., Richard P. Krasnow, Esq., Lori R. Fife, Esq., Jacqueline Marcus, Esq., and Robert Lemons, Esq.), attorneys for Debtors; (C) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.); (D) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Wilbur Foster, Jr., Esq., Dennis O'Donnell, Esq., and Evan R. Fleck, Esq.), attorneys for the official committee of unsecured creditors appointed in these cases; (E) the attorneys for any other official committee(s) appointed in these cases, and (F) Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004 (Attn: Bruce E. Clark, Esq. and Matthew A. Schwartz, Esq.), attorneys for Giants

Stadium, so as to be actually filed and received no later than October 24, 2012 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
       October 12, 2012

Respectfully submitted,

**SULLIVAN & CROMWELL LLP**

By:   /s/ Bruce E. Clark
       Bruce E. Clark
       Matthew A. Schwartz
       SULLIVAN & CROMWELL LLP
       125 Broad Street
       New York, New York 10004
       Telephone: (212) 558-4000
       Facsimile: (212) 558-3588

*Attorneys for Giants Stadium LLC*

**Hearing Date and Time: November 14, 2012, 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: October 24, 2012, 4:00 p.m. (Prevailing Eastern Time)**

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark
Matthew A. Schwartz

*Attorneys for Giants Stadium LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| Debtors. | : Jointly Administered |

**MOTION OF GIANTS STADIUM LLC TO QUASH**
**DEBTORS' SUBPOENAS ISSUED UNDER**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

Giants Stadium LLC ("Giants Stadium") hereby moves (the "Motion") to quash two subpoenas for Rule 2004 examination issued by Lehman Brothers Holdings, Inc. *et al.* (the "Debtors"): (i) Debtors' second subpoena for deposition testimony, served on Giants Stadium on July 27, 2011, and (ii) Debtors' second subpoena for the production of documents, served on Giants Stadium on April 9, 2012. These subpoenas represent an abuse of the examination powers granted to Debtors by this Court under Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"), both because they request burdensome and cumulative discovery and because Debtors

already have determined to object to Giants Stadium's claims. Debtors and Giants Stadium held a meet and confer on these issues on October 11, 2012, but were unable to resolve them.

INTRODUCTION

1. Giants Stadium has been pursuing its claims against Debtors (the "Claims") for nearly four years. In all this time, Debtors have never formally objected to the Claims, but have instead engaged in their own lengthy and burdensome Rule 2004 discovery process, initially serving a subpoena for documents, which resulted in a production by Giants Stadium of nearly 64,000 pages of documents, *see* Decl. of Matthew A. Schwartz in Supp. of the Mot. of Giants Stadium LLC to Quash Debtors' Subpoenas Issued Under Fed. R. Bankr. P. 2004 ("Schwartz Decl.") ¶ 2, and a subpoena for deposition testimony, which resulted in Giants Stadium's authorized representative, Christine Procops, sitting for over seven hours of deposition testimony. *See id.* at ¶ 8.

2. Despite receiving this voluminous discovery, Debtors proceeded to abuse the Rule 2004 process by issuing (i) another Rule 2004 subpoena for deposition testimony of an authorized representative of Giants Stadium, served on July 27, 2011 (the "Second Deposition Subpoena"), *id.* at ¶ 3, and (ii) another Rule 2004 subpoena for documents, served on April 9, 2012 (the "Second Document Subpoena" and together the "Second Subpoenas"), *id.* at ¶ 4.

3. The Court should quash the Second Subpoenas for two basic reasons.

4. *First*, Debtors are not using the Rule 2004 process for its stated purpose of allowing them to decide whether to object to the Claims; rather, Debtors have made clear that they already intend to object to the Claims. In September 2011, at this Court's urging, *see* 09/14/2011 Omnibus Hr'g Tr. 50-55 [Docket No. 20661], Debtors agreed to suspend discovery pending a formal mediation with Giants Stadium, which occurred in February 2012. Schwartz Decl. ¶ 10. The formal

-2-

mediation session concluded without resolution of the Claims, but the parties continued informal discussions afterwards. *See id.* at ¶¶ 10-11. Now, after a total of nine months of settlement discussions, the parties have been unable to resolve the Claims, and it is clear Debtors have the full intention of objecting to the Claims. *See id.* at ¶¶ 10-12. Indeed, it is because Debtors have unilaterally decided to end negotiations and resume their Rule 2004 discovery of the Claims, including by re-activating the Second Subpoenas, that Giants Stadium, after having unsuccessfully met and conferred with Debtors, is forced to move to quash the Second Subpoenas. *See id.* at ¶ 11. In the course of this unsuccessful meet and confer, which occurred on October 11, 2012, counsel to Debtors refused to explain either Debtors' ongoing reliance on Rule 2004 even after they have determined to object to the Claims or whether there was a foreseeable end to Debtors' "investigation," simply responding that Debtors are entitled to continue their "investigation" under Rule 2004 in whatever manner and over whatever time period they deem fit. *See id.*

5. As Debtors have made clear their intention to object to the Claims, Debtors can only be using the Second Subpoenas to harass Giants Stadium and maintain the discovery imbalance currently imposed by Rule 2004. Already positioned to decide whether to litigate the Claims and indeed having already chosen to pursue such litigation, Debtors now make further resort to Rule 2004 only to circumvent the procedural safeguards of the Federal Rules of Civil Procedure.

6. This abuse of the Rule 2004 process serves only to hamstring Giants Stadium's ability to pursue its Claims, resulting in undue delay and inequity. Giants Stadium's own motion to conduct Rule 2004 discovery of Debtors was filed on April 14, 2011, stayed during settlement negotiations, and amended on September 26, 2012 [Docket No. 31105] (the "Amended Rule 2004 Motion"). Without reciprocal discovery—whether in the Rule 2004 process (if the Court grants

Giants Stadium's motion to allow it to take Rule 2004 discovery) or in an adversarial proceeding—it is unlikely that any progress can be made toward resolution of the Claims, whether during settlement discussions or in litigation.

7. *Second*, the Second Subpoenas are abusive and harassing in scope and subject matter.

8. The Second Deposition Subpoena, which seeks the deposition testimony of a representative of Giants Stadium, is completely duplicative of the first deposition subpoena. Indeed, it was issued on July 27, 2011 a mere two months after Ms. Procops sat for her May 25, 2011 deposition by Debtors and seeks testimony relating to the *very same topics* on which Debtors had just deposed Ms. Procops, including: (i) Giants Stadium's communications with the trustee Bank of New York ("BNY"), the National Football League ("NFL"), and the insurers of the auction-rate bonds to which the interest-rate swap transactions (the "Transactions") underlying the Claims relate; (ii) the several agreements governing the Transactions, including the Indenture, the ISDA Master Agreements and Confirmations, and the Third Supplemental Indenture; and (iii) the role of Goldman Sachs in the termination of the Transactions. Schwartz Decl. ¶¶ 3, 8. Moreover, Debtors are well aware that Ms. Procops was the Giants Stadium representative who worked primarily on the Transactions, and so she would be (again) the deponent responding to the Second Deposition Subpoena.

9. The Second Document Subpoena likewise is inappropriate. Among other things, it contains many requests clearly designed to invade the attorney-client privilege and work product protection, including requests for communications between Giants Stadium and Goal Line Partners LLC—parties to a joint defense agreement—concerning Debtors' Rule 2004 discovery and requests for documents memorializing discussions with fact witnesses. Schwartz Decl. Ex. C 7-9. Prior to

Giants Stadium's deadline for objecting to the Second Deposition Subpoena, the Second Subpoenas were stayed by agreement of the parties while the parties attempted to resolve this matter out of court, including by participating in further informal negotiations. Schwartz Decl. ¶ 11; *see supra* at ¶ 4.

10. Giants Stadium timely objected to the Second Subpoenas and now moves to quash these burdensome and inappropriate requests. The breadth, burden, and irrelevance of the Second Subpoenas make clear that Debtors are using Rule 2004 solely as a litigation and harassment tool. The Second Subpoenas serve to oppress, harass, and burden Giants Stadium, and do nothing to further efficient resolution of the Claims.

## BACKGROUND

11. In the interests of economy, Giants Stadium respectfully refers the Court to Giants Stadium's Amended Rule 2004 Motion [Docket No. 31105] for further background on the Claims, the Second Subpoenas, and this Motion.

## JURISDICTION AND VENUE

12. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in this Motion is Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Rule 45 of the Federal Rules of Civil Procedure. *In re Parikh*, 397 B.R. 518, 526 (Bankr. E.D.N.Y. 2008) ("Rule 45 allows the recipient [of a Rule 2004 subpoena] . . . to move to have the subpoena quashed if it . . . requires the disclosure of privileged material, or subjects someone to undue burden.").

## RELIEF REQUESTED

13. Giants Stadium requests the entry of an order to quash the Second Subpoenas. Giants Stadium also requests the Court to order Debtors to cease their Rule 2004 discovery attempts against Giants Stadium and third-parties and simply state their objections to the Claims. That way, reciprocal discovery can proceed. In the alternative, if the Court allows Debtors to proceed with their Rule 2004 discovery, the Court should allow Giants Stadium reciprocal discovery by granting Giants Stadium's pending Amended Rule 2004 Motion.

## ARGUMENT

14. "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions[,] and assessing whether wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004). Because of this broad purpose, at least at the outset bankruptcy courts sometimes allow far-reaching discovery under Rule 2004 "in the nature of fishing expeditions." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002). Indeed, in prior correspondence with Giants Stadium, Debtors have proclaimed their entitlement to undertake such a "fishing expedition" as justification for the broad and redundant discovery sought here. But after four years, Debtors have done their fishing. Now it is time to cut bait.

15. It is well established that bankruptcy "courts may limit, condition[,] or forbid Rule 2004 discovery when it is designed to abuse or harass." *In re Recoton*, 307 B.R. at 755. *See also In re Almatis B.V.*, No. 10-12308 (MG), 2010 WL 4877868, at *4 (Bankr. S.D.N.Y. Nov. 24, 2010) (stating "[t]here are limits to the scope of Rule 2004 discovery" which

"cannot be used for purposes of abuse or harassment") (internal quotation marks omitted). In this case, the Court should impose such a limit and quash the Second Subpoenas.

16. A recipient of a Rule 2004 subpoena may move to quash a subpoena as abusive, unduly burdensome, or beyond the scope of Rule 2004. *See* FED. R. CIV. P. 45(c)(3); 9 COLLIER ON BANKRUPTCY ¶ 2004.02[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Once the recipient moves to quash, "the examiner bears the burden of proving that good cause exists for taking the requested discovery." *In re Metiom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y. 2004) (internal quotation marks omitted). "This is so even though the ultimate burden of persuasion on a motion to quash a subpoena . . . as oppressive rests on the movant." *Matter of Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985). An examiner may meet its initial burden of establishing such "good cause" where for instance "denial of [its] request would cause [it] undue hardship or injustice." *In re Metiom*, 318 B.R. at 268.

17. Giants Stadium's motion to quash the Second Subpoenas should be granted. The Second Subpoenas are manifest abuses of Rule 2004 discovery, brought not to gain information on potential assets of the estate, but rather to leverage Debtors' procedural advantage through indefinite, one-sided discovery. Further, the Second Subpoenas are abusive because they request improper discovery that unduly burdens Giants Stadium and seeks to invade Giants Stadium's privilege.

**I. Debtors Continue To Abuse Rule 2004 Discovery as Part of Their Litigation Strategy.**

18. Thus far, Debtors are the only ones who have had any access to discovery. Debtors have abused this advantage, using Rule 2004 discovery to develop and hone their arguments rather than to investigate any genuine question about a potential asset of the estate or what position they

will take on a claim. Debtors are clearly opposed to allowing the Claims at their submitted value and are using Rule 2004 to delay and oppress while they marshal a battery of meritless arguments against the Claims. Thus, the Second Subpoenas are litigation gamesmanship and nothing more.

19.     While "[i]t is well settled that a Rule 2004 examination is a proper procedure to inquire into the basis for a filed proof of claim," *Matter of Sutera*, 141 B.R. 539, 541 (Bankr. D. Conn. 1992) (citing *In re Arkin-Medo, Inc.*, 44 B.R. 138, 140 (Bankr. S.D.N.Y. 1984)), it is also long established that a debtor-in-possession may not utilize Rule 2004 to circumvent the restrictions on discovery applicable in a contested matter or adversary proceeding where the debtor is already positioned to decide whether to pursue such litigation. *See In re GHR Energy Corp.*, 35 B.R. 534, 536, 538 (Bankr. D. Mass. 1983) (forbidding debtors-in-possession from utilizing Rule 2004 where "debtors claim[ed] that they need[ed] information from [certain] individuals and entities to determine if an adversary proceeding should be brought," and where the bankruptcy court found "it seems that the debtors are now in a position to file an action . . . if they so choose" and "[i]t appears . . . are attempting to use Rule 2004 to circumvent the procedural safeguards provided a litigant by the Federal Rules of Civil Procedure").[1]

**II. The Second Subpoenas Are Unduly Burdensome and Attempt To Invade Privilege.**

20.     Even if Debtors are allowed to proceed with still more Rule 2004 discovery, the Second Subpoenas should be quashed as improper on their merits. The Second Deposition

---

[1]     Giants Stadium has filed with the Court a motion to allow Giants Stadium to take Rule 2004 discovery of Debtors [Docket No. 31105], thus helping to move the Claims into the adversarial process, where, given Debtors' determination to object to the Claims, they belong. Giants Stadium respectfully requests that the Court either (i) deny Debtors the ability to take any Rule 2004 discovery on the Claims, or (ii) grant Giants Stadium's Amended Rule 2004 Motion. As explained further herein, the two Second Subpoenas should be quashed in any event as abusive.

Subpoena is cumulative and unduly burdensome, as it demands the re-deposition of a Giants Stadium representative who has already testified on the same topics for over seven hours. *See* Order Granting Debtors Authority to Issue Subpoenas for the Production of Documents and Authorizing the Examination of Persons and Entities, dated November 23, 2009 [Docket No. 5910] 4 ("notwithstanding the request for certain documents or information in a subpoena, witnesses shall not be required to produce to the Debtors any documents or information that have been previously provided to the Debtors by a witness either in connection with the claims filing process or otherwise"); *In re Texaco Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987) (emphasizing the scope of discovery under Rule 2004 is "not limitless" and finding requests for document production and oral examination pursuant to Rule 2004 "should not encompass matters that will be unduly burdensome . . . and duplicative of previously furnished information"). The Second Document Subpoena similarly duplicates an earlier subpoena in response to which Giants Stadium produced nearly 64,000 documents and also improperly requests documents that did not even exist before the relevant events, as well as documents protected under a joint privilege between Giants Stadium and Goal Line Partners LLC, the purchaser of the Claims. *See* COLLIER ON BANKRUPTCY ¶ 2004.02[4] ("[a] Rule 2004 examination is subject to the doctrine of privileged communications"). Giants Stadium respectfully refers the Court to its objections to the Second Subpoenas, attached as Exhibits D and E to the Declaration of Matthew A. Schwartz in Support of the Motion.

<u>NO PRIOR REQUEST</u>

21.     No prior motion for the relief requested herein has been made to this or any other court.

## WAIVER OF MEMORANDUM OF LAW

22. As there are no novel issues of law relating to the Motion, Giants Stadium requests that the Court waive the requirement that Giants Stadium file a separate memorandum of law in support of the Motion.

## CONCLUSION

23. For the reasons stated herein, Giants Stadium respectfully requests that the Court enter an Order, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Rule 45 of the Federal Rules of Civil Procedure, in the form attached hereto as Exhibit A: (i) quashing the July 27, 2011 and April 9, 2012 subpoenas; and (ii) granting such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        October 12, 2012

Respectfully submitted,

**SULLIVAN & CROMWELL LLP**

By:   /s/ Bruce E. Clark
      Bruce E. Clark
      Matthew A. Schwartz
      SULLIVAN & CROMWELL LLP
      125 Broad Street
      New York, New York 10004
      Telephone: (212) 558-4000
      Facsimile: (212) 558-3588

*Attorneys for Giants Stadium LLC*

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| Debtors. | : Jointly Administered |

## ORDER ON MOTION OF GIANTS STADIUM LLC TO QUASH DEBTORS' SUBPOENAS ISSUED UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

Upon the Motion (the "Motion") of Giants Stadium LLC ("Giants Stadium") for the entry of an order pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Rule 45 of the Federal Rules of Civil Procedure quashing two subpoenas issued by Lehman Brothers Holdings, Inc. *et al.* (the "Debtors") under Rule 2004 of the Federal Rules of Bankruptcy Procedure: (i) Debtors' subpoena for deposition testimony, served on Giants Stadium on July 27, 2011, and (ii) Debtors' subpoena for the production of documents, served on Giants Stadium on April 9, 2012 (together the "Two Subpoenas"); and upon consideration of the Motion and related papers; and due and appropriate notice of the Motion having been given, it is hereby **ORDERED** that:

1. The Motion is GRANTED.

2. The Two Subpoenas are quashed.

Dated: _____, 2012
  New York, New York

_____
THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE