SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Matthew A. Schwartz

*Attorneys for Giants Stadium LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**DECLARATION OF MATTHEW A. SCHWARTZ
IN SUPPORT OF THE MOTION OF GIANTS STADIUM LLC
TO QUASH DEBTORS' SUBPOENAS ISSUED UNDER
<u>FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004</u>**

MATTHEW A. SCHWARTZ hereby declares:

1. I am a member of the Bar of this Court and a Partner at Sullivan & Cromwell LLP, attorneys for Giants Stadium LLC ("Giants Stadium"). I submit this declaration to provide the Court with materials, which are self-authenticating documents or are otherwise not in controversy, and which are cited in Giants Stadium's motion to quash, and to provide further background on the procedural history of that motion.

2. Attached hereto as Exhibit A is a true and correct copy of the subpoena served by Lehman Brothers Holdings, Inc. *et al.* (the "Debtors") on Giants Stadium on May 19, 2010, requesting the production of documents in response to which Giants Stadium ultimately produced nearly 64,000 pages of documents.

3. Attached hereto as Exhibit B is a true and correct copy of the subpoena served by Debtors on Giants Stadium on July 27, 2011 ("Second Deposition Subpoena").

4. Attached hereto as Exhibit C is a true and correct copy of the subpoena served by Debtors on Giants Stadium on April 9, 2012 ("Second Document Subpoena").

5. Attached hereto as Exhibit D is a true and correct copy of Giants Stadium's objections to the Second Deposition Subpoena, along with an accompanying letter from Bruce E. Clark, Esq., served August 5, 2011.

6. Attached hereto as Exhibit E is a true and correct copy of Giants Stadium's objections to the Second Document Subpoena, served September 19, 2012.

7. I set out briefly the background of pertinent discussions between Giants Stadium and Debtors relating to discovery disputes and attempts to resolve the Giants Stadium claims (the "Claims").

8. On March 10, 2011, Debtors served a subpoena on Christine Procops, Giants Stadium's authorized representative. Pursuant to this subpoena, on May 25, 2011, Debtors deposed Ms. Procops for more than seven hours, *inter alia*, on the termination of the interest-rate swap transactions (the "Transactions") that constitute the basis of the Claims and Giants Stadium's valuation of the Transactions, including: Giants Stadium's communications with the trustee Bank of New York ("BNY"), the National Football League ("NFL") and insurers of the auction-rate bonds underlying the Transactions; the several agreements relating to the Transactions, including the Indenture, the ISDA Master Agreement and Confirmations, and the Third Supplemental Indenture; and the role of Goldman Sachs in the termination of the Transactions. Without exception, Debtors have

examined Ms. Procops on each of the "matters for deposition testimony" listed on pages 4-6 of the Second Deposition Subpoena. *See* Ex. B 4-6.

9. On August 12, 2011, shortly after serving objections to the Second Deposition Subpoena, I spoke with counsel to Debtors and asked why Debtors wished to depose Ms. Procops again on these same topics. Counsel responded that Debtors wished to "bind" Ms. Procops to the answers she had given on May 25, 2011.

10. After the September 14, 2011 hearing on Debtors' motion to compel relating to privileged documents withheld from Giants Stadium's Rule 2004 productions, in which the Court urged the parties to seek to resolve their differences out of court, Giants Stadium and Debtors suspended discovery to engage in formal mediation in February 2012. That mediation was unsuccessful, and Debtors followed soon after with their Second Document Subpoena on April 9, 2012 as well as Rule 2004 subpoenas to various third parties such as the NFL.

11. Throughout the spring and summer of 2012, the parties engaged in further informal negotiations on a "business-to-business" basis, during which time the parties suspended discovery. That effort apparently ended on September 17, 2012, when Debtors unilaterally reactivated discovery by letter to Giants Stadium. (This correspondence is not attached, as it is designated as settlement correspondence under Federal Rule of Evidence 408.) On October 11, 2012, I met and conferred with counsel to Debtors regarding the Second Deposition Subpoena and Second Document Subpoena, but we were unable to resolve any of the substantive issues on which we disagreed. When I asked counsel to Debtors to explain the basis for their ongoing reliance on Rule 2004 even after they had determined to object to the Claims and whether there was a

foreseeable end to Debtors' "investigation," I was simply told that Debtors are entitled to continue their "investigation" in whatever manner and over whatever time period they deem fit.

12. Without disclosing the substance of negotiations with Debtors, it is clear that Debtors have determined to object to the Claims.

Executed on this  12th  day of October, 2012, in New York, New York.

I declare under penalty of perjury that the foregoing is true and correct.

                                         /s/ Matthew A. Schwartz
                                         Matthew A. Schwartz