**EXHIBIT A**

FORM 254-Subpoena in for Rule 2004 Examination (12/06)

# United States Bankruptcy Court

Southern _____ DISTRICT OF _____ New York

In re Lehman Brothers Holdings Inc., et al.,

**SUBPOENA FOR RULE 2004 EXAMINATION**

                                    Debtor

Case No. 08-13555(JMP) _____

To:
Giants Stadium LLC
Meadowlands Sports Complex
50 State Route 120
East Rutherford, New Jersey 07073

Chapter 11 _____

☐ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Fed. R. Bankr. P., at the place, date, and time specified below, by an individual or individual(s) with knowledge of the matters and documents set forth in Exhibit A To The Order Attached Hereto. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below.

## Documents Requested By Exhibit A Attached Hereto

| PLACE | DATE AND TIME |
|---|---|
| Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153 | June 25, 2010 at 10:00 A.M. (EST) |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
|  | 5/19/10 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Richard W. Slack; Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153; (212) 310-8000

FORM 254  Subpoena in for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

| | Date | Place |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:.

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or

tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause

(c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause.

considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return,

sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

### DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below.

1.     "Bonds" shall mean the $650,000,000 Project Revenue Bonds, Series 2007A (Auction Rate Securities), Subseries 2007A-1, 2007A-2, 2007A-3, 2007A-4, 2007A-5, 2007A-6, and 2007A-7, originally issued by Giants Stadium as of August 1, 2007.

2.     "Calculation Statements" shall mean the letters, and any attachments or schedules thereto, from Giants Stadium to LBSF, dated October 2, 2008.

3.     "Concerning" shall have the meaning set forth in Southern District of New York Local Civil Rule 26.3(c)(7).

4.     "Confirmations" shall mean the two amended and restated confirmations executed by Giants Stadium and LBSF, dated August 16, 2007.

5.     "Covered Indenture" shall have the meaning ascribed to it in Section 12 of the Master Agreement, as amended by Part 4(b) of the schedule to the Master Agreement.

6.     "Debtor" or "Debtors" shall mean LBHI and/or LBSF

7.     "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and includes, without limitation, reports, correspondence, minutes, emails, instant messages, spreadsheets, memoranda, notes and all other writings, Bloomberg screenshots, drawings, graphs, charts, photographs, sound recordings including, but not limited to, phone messages and taped phone calls, and electronic or computerized data compilations from which information can be obtained

and/or translated, if necessary, through electronic detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term. The word "including" means including, but not limited to.

8.    "Early Termination Date" shall have the meaning ascribed to it in Section 12 of the Master Agreement.

9.    "Financing Transaction" shall mean shall mean any transaction(s) entered into by Giants Stadium to replace, refinance, or restructure the Bonds, and/or finance or refinance an open-air NFL stadium, whether or not the terms of such transaction(s) are identical to the transaction(s) relating to the Bonds.

10.    "FGIC" shall mean Financial Guaranty Insurance Company and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

11.    "FSA" shall mean Financial Security Assurance, Inc. and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

12.    "Giants Stadium" "You," and "Your" shall mean Giants Stadium LLC and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents (such as Wilmington Trust), advisors (such as Goldman Sachs), subsidiaries, affiliates, predecessors, successors, or representatives.

13.    "Goldman Sachs" shall mean Goldman, Sachs & Co. and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

2

14.    "Insurance and Indemnity Agreement" shall have the meaning ascribed to it in Part 3(l) of the schedule to the Master Agreement.

15.    "LBHI" shall mean Lehman Brothers Holdings, Inc. and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

16.    "LBSF" shall mean Lehman Brothers Special Financing, Inc. and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

17.    "LBI" shall mean Lehman Brothers, Inc.

18.    "Lehman Bankruptcy" shall mean the voluntary cases commenced under chapter 11 of title 11 of the United State Code, which are being jointly administered and are currently pending before the United States Bankruptcy Court for the Southern District of New York., styled *In re Lehman Brothers Holdings Inc., et al.*, Chapter 11 Case No. 08-13555 (JMP).

19.    "Market Quotation" shall have the meaning ascribed to it in Section 12 of the Master Agreement, as amended in the relevant Confirmation.

20.    "Master Agreement" shall mean any of the following: (i) the standard form 1992 ISDA Master Agreement and the schedule thereto, entered into by Giants Stadium and LBSF as of July 27, 2007, and insured by FGIC; and/or (ii) the standard form 1992 ISDA Master Agreement and the schedule thereto, entered into by Giants Stadium and LBSF as of July 27, 2007, and insured by FSA.

21.    "NFL" shall mean the National Football League and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, predecessors, successors, or representatives.

22.     "Offering Circular" means the offering circular dated August 13, 2007 and issued in connection with the Bonds.

23.     "Proofs of Claim" means any proof of claim filed by Giants Stadium in the Lehman Bankruptcy.

24.     "Reference Market-makers" shall have the meaning ascribed to it in Section 12 of the Master Agreement.

25.     "Replacement Transaction" shall mean any transaction entered into by Giants Stadium to replace, or establish a hedge in lieu of, the Terminated Transactions, whether or not the terms of such Replacement Transaction are identical to the terms of the Terminated Transactions.

26.     "Terminated Transactions" shall mean any of the transactions, entered into pursuant to the Master Agreement, purportedly terminated by Giants Stadium in the Termination Letters.

27.     "Termination Letters" shall mean the letters from Giants Stadium to LBSF dated September 18, 2008.

28.     "Unpaid Amounts" shall have the meaning ascribed to it in Section 12 of the Master Agreement.

29.     "Wilmington Trust" shall mean Wilmington Trust Corporation and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

30.     The terms "and" and "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of this request all documents which might otherwise be considered to be outside of that scope.

31.     The word "each" shall mean both "each" and "every", and the word

"every" shall mean both "each" and "every," as appropriate in order to bring within the scope of

this Request documents which might otherwise be beyond its scope.

## GENERAL INSTRUCTIONS

The following general instructions apply to each request set forth herein.

32.     Each request seeks production of each Document, in its entirety, without

abbreviation or expurgation, and all drafts and non-identical copies of each Document.

33.     If any Document requested herein was formerly in your possession,

custody or control (or that of your representative) and has been lost or destroyed or otherwise

disposed of, You are requested to submit in lieu of any such Document a written statement (a)

describing in detail the nature of the Document and its contents, (b) identifying the person(s)

who prepared or authored the Document and, if applicable, the person(s) to whom the Document

was sent, (c) specifying the date on which the Document was prepared or transmitted and (d)

specifying the date on which the Document was lost or destroyed and, if destroyed, the

conditions of and reasons for such destruction and the person(s) requesting and performing the

destruction.

34.     If any Document requested herein is withheld on the basis of any claim of

privilege, you are requested to submit, in lieu of any such Document, a written statement (a)

identifying the person(s) who prepared or authored the Document, and, if applicable, the

person(s) to whom the Document was sent or shown, (b) specifying the date on which the

Document was prepared or transmitted, (c) describing the nature of the Document (e.g., letter,

telegram, etc.), (d) stating briefly why the Document is claimed to be privileged or to constitute

work product, and (e) identifying the paragraph of this request to which the Document relates.

35.    If a portion of an otherwise responsive Document contains information subject to a claim of privilege, those portions of the Document subject to the claim of privilege shall be deleted or redacted from the Document, the instructions in the preceding paragraph shall be applicable, and the rest of the Document shall be produced.

36.    All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in this request. The method for production of each category is to be identified at the time of production. Documents are to be produced in full and unexpurgated form.

37.    Each page of each document should be numbered consecutively. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

38.    Documents attached to each other (physically or via electronic mail) should not be separated.

39.    In producing the requested documents, even though the requests are directed to "you," furnish all documents which are available to you, including documents in the possession of any of your officers, directors, employees, agents, attorneys, advisors, investigators, accountants or consultants and not merely such documents in your possession.

40.    The requests which follow are to be regarded as continuing, and Giants Stadium is requested to provide by the way of supplementary compliance herewith, such additional documents as Giants Stadium may hereafter obtain, which will augment the documents now produced in response to the requests below. Such additional documents are to be produced at the offices of Weil, Gotshal & Manges LLP promptly after receipt thereof.

41.    At a future date, the Debtor may request the production of additional documents based on information revealed during this document request.

42.    At a future date, the Debtor may request to depose additional individuals based on information revealed during this document request.

## RELEVANT TIME PERIOD

Unless otherwise stated, the relevant time period for each of the following requests is from and including January 1, 2006 through the present, unless otherwise indicated within the requests below.

## REQUESTS FOR PRODUCTION

REQUEST NO. 1

All documents concerning any valuation of the Terminated Transactions, both prior to and following their purported termination on September 18, 2008, including, but not limited to, the valuation(s) contained in the Calculation Statements.

REQUEST NO. 2

All documents containing or reflecting a description, in whole or in part, of the methodology used by Giants Stadium to determine the value of the Terminated Transactions, including, but not limited to, the valuation(s) contained in the Calculation Statements.

REQUEST NO. 3

All documents reflecting or constituting communications by or on behalf of Giants Stadium with Reference Market-makers, or any other persons, with respect to the value of the Terminated Transactions, and all responses and other communications from Reference Market-makers and any other persons.

REQUEST NO. 4

All documents concerning any Unpaid Amounts due with respect to the
Terminated Transactions.

REQUEST NO. 5

All documents concerning any Replacement Transaction, including, but not
limited to, documents reflecting (i) any consideration paid or received in connection with a
Replacement Transaction, (ii) the names of any entity which effectuated a replacement, (iii)
when any such transaction was effected, and (iv) confirmations, master agreements, and all other
relevant documentation.

REQUEST NO. 6

All documents concerning any Financing Transaction, including, but not limited
to, documents reflecting (i) any consideration paid or received in connection with a Financing
Transaction, (ii) the names of any entity which arranged and/or underwrote a Financing
Transaction, (iii) when any such transaction was effected, and (iv) offering documents, closing
documents, indentures, and all other relevant documentation.

REQUEST NO. 7

All documents concerning any communications between and among, or on behalf
of, Giants Stadium and any third party, including but not limited to Goldman Sachs, Wilmington
Trust, and any of Giants Stadium's representatives, advisors, agents, accountants, and counsel
related to (i) any quotations from Reference Market-makers, including but not limited to the
Reference Market-makers identified in the Calculation Statements, or other persons; (ii) any
Replacement Transaction; (iii) any Financing Transaction (iv) the Terminated Transactions; (v)

the Calculation Statements; (vi) the terms of the Confirmations; and/or (vii) the Proofs of Claim and any sale, assignment, or participation thereof.

REQUEST NO. 8

Documents sufficient to identify all persons who were involved in the valuation of the Terminated Transactions or in the replacement of the Terminated Transactions, and descriptions of their roles in connection therewith.

REQUEST NO. 9

Any and all documents, including but not limited to delivery confirmations, demonstrating that the Terminated Transactions were effectively terminated under the terms of the Master Agreement.

REQUEST NO. 10

Documents sufficient to identify all master agreements, confirmations and other documents constituting the agreement between the parties in connection with the Terminated Transactions.

REQUEST NO. 11

All documents concerning the terms of the Confirmations, including the meaning and/or interpretation thereof.

REQUEST NO. 12

All documents concerning the negotiation, execution, and Giants Stadium's understanding of the Master Agreement and the Confirmations, including all drafts and term sheets.

REQUEST NO. 13

For the period from August 1, 2008 through the present, all documents concerning any communications between Giants Stadium and Debtors relating to (i) the Terminated Transactions, (ii) the Bonds, (iii) the Master Agreement, and/or (iv) the broker-dealer function in respect of the Bonds.

REQUEST NO. 14

For the period from August 1, 2008 through the present, all documents concerning any communications between Giants Stadium and LBI relating to (i) the Terminated Transactions, (ii) the Bonds, (iii) the Master Agreement, and/or (iv) the broker-dealer function in respect of the Bonds.

REQUEST NO. 15

All documents concerning any communications between and among, or on behalf of, Giants Stadium and any third party, including but not limited to Goldman Sachs, Wilmington Trust, FSA, FGIC, any rating agency, and any of Giants Stadium's representatives, advisors, agents, accountants, and counsel, related to related to the broker-dealer function performed by LBI in connection with the Bonds, including but not limited to any termination or replacement of LBI in its capacity as broker-dealer.

REQUEST NO. 16

All documents concerning any auctions held in connection with the Bonds, including but not limited to documents concerning successes and failures, auction rate settings, all-held rates, tender, interest rate conversion, redemption, the tax consequences of redemption, and/or alternative financing, if any.

REQUEST NO. 17

For the period from and including January 1, 2007 through the present, (i) all of Giants Stadium's financial statements, both audited and non-audited, (the "Financial Statements") (ii) any of Giants Stadium's financial disclosures provided to parties including but not limited to its current and prospective investors, Goldman Sachs, Wilmington Trust, FSA, FGIC, the NFL, and any rating agency, and (iii) documents including without limitation spreadsheets, emails, and Giants Stadium's books and records which relate to the valuation of the Terminated Transactions recorded in each Financial Statement whether such documents were prepared by Giants Stadium or a third party.

REQUEST NO. 18

All financial projections, prepared for internal or external use, for Giants Stadium concerning the period from January 1, 2007 through the present, or any portion thereof.

REQUEST NO. 19

Documents sufficient to identify the terms of any outstanding Giants Stadium financing arrangements which have been in effect at any time from January 1, 2006 through the present.

REQUEST NO. 20

Documents sufficient to identify the complete ownership history of the Bonds.

REQUEST NO. 21

All documents concerning the Offering Circular, including drafts and amendments related to subsequent auction dates, if any, with respect to the Bonds and all executed ancillary documents.

REQUEST NO. 22

Documents sufficient to show the status of the obligations with respect to FSA and FGIC in connection with the Bonds and/or the Terminated Transactions.

REQUEST NO. 23

All documents concerning the Proofs of Claim including (i) any back-up or other information underlying the claims, and (ii) any sale, transfer, or participation thereof.

REQUEST NO. 24

All documents concerning (i) any consent of, or ratification by, FGIC and/or FSA to the designation of an Early Termination Date, or (ii) the effect of the designation of an Early Termination Date on Giants Stadium's compliance with any Covered Indenture or Insurance and Indemnity Agreement.

REQUEST NO. 25

All documents concerning the Termination Letters and the Calculation Statements, including all drafts thereof, to the extent not requested above.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                     :
In re                                                :    **Chapter 11 Case No.**
                                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :    **08-13555 (JMP)**
                                                     :
                     **Debtors.**                    :    **(Jointly Administered)**
                                                     :
----------------------------------------------------------------x

### ORDER GRANTING THE DEBTORS AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATION OF PERSONS AND ENTITIES

Upon the motion, dated November 4, 2009 (the "Motion"), of Lehman

Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), pursuant

to Rule 2004 of the Federal Rules of Bankruptcy Procedure, for an order authorizing the

Debtors to issue subpoenas for the production of documents and the examination of

persons and entities that have information relevant to the administration of the Debtors'

estates, including without limitation, the Debtors' former employees, lenders, investors,

creditors and counterparties to transactions with Debtors, as more fully set forth in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of

Cases to Bankruptcy Court Judges of the District Court for the Southern District of New

York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due

and proper notice of the Motion having been provided, and it appearing that no other or

further notice need be provided; and the Court having reviewed the Motion; and approval

of the relief requested in the Motion being within the sound discretion of the Court; and

the Court having determined that the relief sought in the Motion is in the best interests of

the Debtors, their creditors and all parties in interest; and the Court having determined

that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and upon all of the proceedings had before the Court and after due

deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, pursuant to Bankruptcy Rule

2004, to issue such subpoenas as may be necessary to compel the production of

documents and the testimony of witnesses in connection with the administration of these

cases; and it is further

ORDERED that, unless otherwise agreed to by the applicable Debtor,

witnesses shall have thirty (30) days from the service of a subpoena to either (1) begin

production on a rolling basis, which production shall be completed prior to the later of

seventy-five (75) days from the service of a subpoena or such other date agreed to by the

Debtor and the witness, to the Debtor of responsive documents requested in the Debtor's

subpoena, other than those documents withheld under a claim of privilege or (2) serve on

the Debtor any objections to the subpoena; and it is further

ORDERED that, if the Debtor and an objecting witness cannot resolve the

objection within ten (10) days following the date such objection is served on the Debtor

(or such later date agreed to by the Debtor and the witness), the witness shall either (i)

2

produce responsive documents in accordance with this Order or (ii) file the objection

with the Court and promptly schedule a hearing; and it is further

ORDERED that, unless otherwise agreed to by the applicable Debtor, if a

witness withholds any documents from the production based upon a claim of privilege,

such witness is directed to provide counsel for the Debtor with a privilege log, containing

the information required under Bankruptcy Rule 7026, within ten (10) days following the

completion of the production of documents; and it is further

ORDERED that, the witness is directed to submit to oral examination

upon reasonable notice and, absent other agreement with the Debtor, within thirty (30)

days of the date of the service of a deposition subpoena upon such witness (unless such

subpoena is the subject of an objection); and it is further

ORDERED that, nothing herein shall limit the rights of any witness or any

other party under applicable law to object to or oppose any subpoena the Debtors may

serve upon such witness; and it is further

ORDERED that, in accordance with Bankruptcy Rules 2004 and 9016, the

Clerk of this Court shall issue subpoenas, signed, but otherwise in blank, as requested by

the Debtors; and it is further

ORDERED that the Debtors shall serve each subpoena and a copy of this

Order on the party subject to the subpoena, with a copy to (i) the Securities and Exchange

Commission; (ii) the Internal Revenue Service; (iii) the United States Attorney for the

Southern District of New York and (iv) counsel for the party subject to such subpoena

that has appeared in these cases; and it is further

3

ORDERED that within three (3) days following the service of a subpoena, the Debtors shall file with the Court notice of each subpoena, naming the witness and setting forth the date, time and place of any examination; and it is further

ORDERED that, notwithstanding the request for certain documents or information in a subpoena, witnesses shall not be required to produce to the Debtors any documents or information that have been previously provided to the Debtors by a witness either in connection with the claims filing process or otherwise; and it is further

ORDERED that, the Debtors shall not serve a subpoena pursuant this Order on any party for any documents or information or for an oral examination related to a derivative contract for which such party has received a Derivatives ADR Package pursuant to the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors under Derivatives Contracts* [Docket No. 5207] and such mediation has not yet been terminated by the mediator; and it is further

ORDERED that the Debtors shall file with the Court an affidavit or declaration of service for each subpoena it serves; and it is further

ORDERED that, this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order; and it is further

4

ORDERED that, this Order is without prejudice to the Debtors' right to

file further motions seeking additional documents and testimony pursuant to Bankruptcy

Rule 2004(a) or any other applicable law.


Dated: New York, New York
      November 23, 2009

                                 *s/ James M. Peck*
                                HONORABLE JAMES M. PECK
                                UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

FORM 254-Subpoena in for Rule 2004 Examination (12/06)

# United States Bankruptcy Court

Southern_____DISTRICT OF_____New York

In re Lehman Brothers Holdings Inc., et al.,          **SUBPOENA FOR RULE 2004 EXAMINATION**

                                  Debtor          Case No. 08-13555(JMP)_____

To:                                               Chapter 11_____
Giants Stadium LLC
Meadowlands Sports Complex
50 State Route 120
East Rutherford, NJ 07073

☒ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Fed. R. Bankr. P., at the place, date, and time specified below, by an individual or individual(s) with knowledge of the matters and documents set forth in Exhibit A Attached Hereto. A copy of the court order authorizing the examination is also attached.

| PLACE | DATE AND TIME |
|---|---|
| Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | September 13, 2011 |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below.

## Documents Requested By Exhibit A Attached Hereto

| PLACE | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| | July 27, 2011 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard W. Slack, 767 Fifth Avenue, New York, New York 10153; (212) 310-8000

FORM 254 Subpoena in for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

| | Date | Place |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
      DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:.

(c)     PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or

tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause

(c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause,

considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return,

sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below.

1.      "BNY" shall mean the Bank of New York Mellon Corporation.

2.      "Bonds" shall mean the $650,000,000 Project Revenue Bonds, Series 2007A (Auction Rate Securities), Subseries 2007A-1, 2007A-2, 2007A-3, 2007A-4, 2007A-5, 2007A-6, and 2007A-7, originally issued by Giants Stadium as of August 1, 2007.

3.      "Calculation Statements" shall mean the letters, and any attachments or schedules thereto, from Giants Stadium to LBSF, dated October 2, 2008.

4.      "Concerning" shall have the meaning set forth in Southern District of New York Local Civil Rule 26.3(c)(7).

5.      "Confirmations" shall mean the two amended and restated confirmations executed by Giants Stadium and LBSF, dated August 16, 2007.

6.      "Debtor" or "Debtors" shall mean LBHI and/or LBSF and/or any of their affiliates (including, but not limited to, pre-bankruptcy, LBI), and any person or entity acting on the Debtors' behalf or under their control.

7.      "FGIC" shall mean Financial Guaranty Insurance Company and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

8.      "FSA" shall mean Financial Security Assurance, Inc. and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

9.    "Goldman" shall mean Goldman, Sachs & Co.

10.    "Giants Stadium" shall mean Giants Stadium LLC and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, advisors (such as Goldman), counsel (such as S&C), subsidiaries, affiliates, predecessors, successors, or representatives.

11.    "Indenture Agreement" shall mean that certain Indenture of Trust, dated as of August 1, 2007, between Giants Stadium LLC, a New Jersey limited liability company, and The Bank of New York Mellon, a New York banking corporation, as trustee.

12.    "LBHI" shall mean Lehman Brothers Holdings Inc. and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

13.    "LBSF" shall mean Lehman Brothers Special Financing Inc. and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

14.    "LBI" shall mean Lehman Brothers Inc. and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

15.    "Master Agreement" shall mean any of the following: (i) the standard form 1992 ISDA Master Agreement and the schedule thereto, entered into by Giants Stadium and LBSF as of July 27, 2007, and insured by Financial Guaranty Insurance Company; and/or (ii) the standard form 1992 ISDA Master Agreement and the schedule thereto, entered into by Giants Stadium and LBSF as of July 27, 2007, and insured by Financial Security Assurance, Inc.

16.    "NFL" shall mean the National Football League.

17.     "S&C" shall mean Sullivan & Cromwell LLP.

18.     "Settlement Amounts" shall mean the amounts purportedly owed to Giants Stadium by the Debtors, as set forth in the Calculation Statements.

19.     "Transactions" shall mean any of the transactions, entered into pursuant to the Master Agreement, purportedly terminated by Giants Stadium in the Termination Letters.

20.     "Termination Letters" shall mean the letters from Giants Stadium to LBSF dated September 18, 2008 purporting to terminate the Transactions.

21.     "Third Supplemental Indenture" shall mean that certain Third Supplemental Indenture of Trust, dated as of September 18, 2008, between Giants Stadium LLC, a New Jersey limited liability company, and The Bank of New York Mellon, a New York banking corporation, as trustee under the Indenture Agreement, as supplemented by the First Supplemental Indenture of Trust, dated as of August 1, 2007 and by the Second Supplemental Indenture of Trust, dated as of May 15, 2008.

22.     The terms "and" and "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of this request all documents which might otherwise be considered to be outside of that scope.

23.     The word "each" shall mean both "each" and "every", and the word "every" shall mean both "each" and "every," as appropriate in order to bring within the scope of this Request documents which might otherwise be beyond its scope.

## RELEVANT TIME PERIOD

Unless otherwise stated, the relevant time period for each of the following topics is from and including January 1, 2007 through the present, unless otherwise indicated within the requests below.

## MATTERS FOR DEPOSITION TESTIMONY

1.      The NFL's rights and/or obligations with respect to Giants Stadium's decision to terminate the Transactions.

2.      Communications between Giants Stadium and the NFL in connection with the termination of the Transactions, including, but not limited to, communications reflected in documents bates labeled GStad_LB_0020630-1,  GStad_LB_0020367, GStad_LB_21059-60, and GStad_LB_20217.

3.      The terms and meaning of the Third Supplemental Indenture.

4.      The negotiations which led to, and the reasons for entering into, the Third Supplemental Indenture.

5.      The rights and/or obligations of FSA and FGIC with respect to Giants Stadium's decision to terminate the Transactions.

6.      Any rights of LBSF, LBHI and/or LBI under the Indenture, the Master Agreement and Confirmations, including any right of LBSF, LBHI and/or LBI to consent to the Third Supplemental Indenture.

7.      The identification of the person or persons who made the decision to attempt to terminate the Transactions.

8.      Any communications between Giants Stadium and any other party, including but not limited to, the Debtors, FSA, FGIC, and/or BNY, concerning the attempted termination of the Transactions, including any effect or impact on any party's rights and/or obligations under the Indenture resulting from or related to Giants Stadium's termination of the Transactions.

9.      Any communications between Giants Stadium and any other party, including but not limited to, the Debtors, FSA, FGIC, and/or BNY, related to the Third Supplemental Indenture.

10.      Giants Stadium's understanding of the reasons why, on September 17, 2008, it took the position that it "must terminate [the Transactions] tomorrow to preserve the value of Stadco's (significant) claims against the estate of the Lehman swap counterparty," as reflected in Christine Procops' email of September 17, 2008, bates labeled GStad_LB_0052953.

11.      All communications between or among Giants Stadium and any other party, including but not limited to, Debtors, S&C, Goldman, FSA FGIC, and/or BNY regarding Giants Stadium's position on September 17, 2008 it "must terminate [the Transactions] tomorrow to preserve the value of Stadco's (significant) claims against the estate of the Lehman swap counterparty"; such communications include, but are not limited to, communications reflected in documents bates labeled GStad_LB_0052953 and GStad_LB_0048701-2.

12.      The terms and meanings of the Master Agreement, the Confirmations, the Indenture, and the Third Supplemental Indenture.

13.      Giants Stadium's proof of claim, including the calculation of any alleged damage thereunder and all assumptions employed in such calculation.

14.      Communications by Giants Stadium or any of its advisors with LBSF and LBHI during the period September 10 through September 30.

15.      The resignation by LBI as the broker-dealer for the Bonds.

16.      The role of Goldman in connection with each document on the Giants Stadium Privilege log where Goldman was an author or recipient of the document.

17.      The terms of any retention of Goldman on behalf of Giants Stadium.

18.     The sale of Giants Stadium's claim in the Lehman bankruptcy to Bank of

America, N.A., and any subsequent transfer.

19.     Attempts by Giants Stadium to lower its funding costs in connection with

the Bonds, including, but not limited to, refinancing, at any time that the Bonds were

outstanding.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                                :
**In re**                                       :    **Chapter 11 Case No.**
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :    **08-13555 (JMP)**
                                                :
                               **Debtors.**     :    **(Jointly Administered)**
                                                :
-------------------------------------------------------------------x

## ORDER GRANTING THE DEBTORS AUTHORITY TO ISSUE
## SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND
## AUTHORIZING THE EXAMINATION OF PERSONS AND ENTITIES

Upon the motion, dated November 4, 2009 (the "Motion"), of Lehman

Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), pursuant

to Rule 2004 of the Federal Rules of Bankruptcy Procedure, for an order authorizing the

Debtors to issue subpoenas for the production of documents and the examination of

persons and entities that have information relevant to the administration of the Debtors'

estates, including without limitation, the Debtors' former employees, lenders, investors,

creditors and counterparties to transactions with Debtors, as more fully set forth in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of

Cases to Bankruptcy Court Judges of the District Court for the Southern District of New

York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due

and proper notice of the Motion having been provided, and it appearing that no other or

further notice need be provided; and the Court having reviewed the Motion; and approval

of the relief requested in the Motion being within the sound discretion of the Court; and

the Court having determined that the relief sought in the Motion is in the best interests of

the Debtors, their creditors and all parties in interest; and the Court having determined

that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and upon all of the proceedings had before the Court and after due

deliberation and sufficient cause appearing therefore, it is

        ORDERED that the Motion is granted; and it is further

        ORDERED that the Debtors are authorized, pursuant to Bankruptcy Rule

2004, to issue such subpoenas as may be necessary to compel the production of

documents and the testimony of witnesses in connection with the administration of these

cases; and it is further

        ORDERED that, unless otherwise agreed to by the applicable Debtor,

witnesses shall have thirty (30) days from the service of a subpoena to either (1) begin

production on a rolling basis, which production shall be completed prior to the later of

seventy-five (75) days from the service of a subpoena or such other date agreed to by the

Debtor and the witness, to the Debtor of responsive documents requested in the Debtor's

subpoena, other than those documents withheld under a claim of privilege or (2) serve on

the Debtor any objections to the subpoena; and it is further

        ORDERED that, if the Debtor and an objecting witness cannot resolve the

objection within ten (10) days following the date such objection is served on the Debtor

(or such later date agreed to by the Debtor and the witness), the witness shall either (i)

2

produce responsive documents in accordance with this Order or (ii) file the objection with the Court and promptly schedule a hearing; and it is further

ORDERED that, unless otherwise agreed to by the applicable Debtor, if a witness withholds any documents from the production based upon a claim of privilege, such witness is directed to provide counsel for the Debtor with a privilege log, containing the information required under Bankruptcy Rule 7026, within ten (10) days following the completion of the production of documents; and it is further

ORDERED that, the witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Debtor, within thirty (30) days of the date of the service of a deposition subpoena upon such witness (unless such subpoena is the subject of an objection); and it is further

ORDERED that, nothing herein shall limit the rights of any witness or any other party under applicable law to object to or oppose any subpoena the Debtors may serve upon such witness; and it is further

ORDERED that, in accordance with Bankruptcy Rules 2004 and 9016, the Clerk of this Court shall issue subpoenas, signed, but otherwise in blank, as requested by the Debtors; and it is further

ORDERED that the Debtors shall serve each subpoena and a copy of this Order on the party subject to the subpoena, with a copy to (i) the Securities and Exchange Commission; (ii) the Internal Revenue Service; (iii) the United States Attorney for the Southern District of New York and (iv) counsel for the party subject to such subpoena that has appeared in these cases; and it is further

ORDERED that within three (3) days following the service of a subpoena, the Debtors shall file with the Court notice of each subpoena, naming the witness and setting forth the date, time and place of any examination; and it is further

ORDERED that, notwithstanding the request for certain documents or information in a subpoena, witnesses shall not be required to produce to the Debtors any documents or information that have been previously provided to the Debtors by a witness either in connection with the claims filing process or otherwise; and it is further

ORDERED that, the Debtors shall not serve a subpoena pursuant this Order on any party for any documents or information or for an oral examination related to a derivative contract for which such party has received a Derivatives ADR Package pursuant to the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors under Derivatives Contracts* [Docket No. 5207] and such mediation has not yet been terminated by the mediator; and it is further

ORDERED that the Debtors shall file with the Court an affidavit or declaration of service for each subpoena it serves; and it is further

ORDERED that, this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order; and it is further

4

ORDERED that, this Order is without prejudice to the Debtors' right to

file further motions seeking additional documents and testimony pursuant to Bankruptcy

Rule 2004(a) or any other applicable law.

Dated: New York, New York
       November 23, 2009

                          ___s/ James M. Peck_____
                          HONORABLE JAMES M. PECK
                          UNITED STATES BANKRUPTCY JUDGE

5

**EXHIBIT C**

FORM 254-Subpoena in for Rule 2004 Examination (12/06)

# United States Bankruptcy Court

Southern_____DISTRICT OF_____New York

In re Lehman Brothers Holdings Inc., et al.,          **SUBPOENA FOR RULE 2004 EXAMINATION**

                        **Debtor**          Case No. 08-13555(JMP)_____

To:                                                        Chapter 11_____
Giants Stadium LLC
Meadowlands Sports Complex
50 State Route 120
East Rutherford, New Jersey 07073

☐ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Fed. R. Bankr. P., at the place, date, and time specified below, by an individual or individual(s) with knowledge of the matters and documents set forth in Exhibit A To The Order Attached Hereto.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below.

## Documents Requested By Exhibit A Attached Hereto

| PLACE | DATE AND TIME |
|---|---|
| Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153 | May 11, 2012 at 10:00 A.M. (EST) |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]* | 4/9/12 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Peter Gruenberger; Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153; (212) 310-8000

FORM 254 Subpoena in for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

| | Date | Place |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:.

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or

tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause

(c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause,

considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

## SCHEDULE OF DOCUMENTS TO BE PRODUCED
## BY GIANTS STADIUM

### DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below.

1.    "Bank of America" shall mean Bank of America, N.A. and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, advisors, subsidiaries, affiliates, predecessors, successors, or representatives.

2.    "Baupost" shall mean Baupost Group LLC and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, advisors, subsidiaries, affiliates, predecessors, successors, or representatives.

3.    "Bonds" shall mean the $650,000,000 Project Revenue Bonds, Series 2007A (Auction Rate Securities), Subseries 2007A-1, 2007A-2, 2007A-3, 2007A-4, 2007A-5, 2007A-6, and 2007A-7, originally issued by Giants Stadium as of August 1, 2007.

4.    "Concerning" shall have the meaning set forth in Southern District of New York Local Civil Rule 26.3(c)(7).

5.    "Confirmations" shall mean the two amended and restated confirmations executed by Giants Stadium and LBSF, dated August 16, 2007.

6.    "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and includes, without limitation, reports, correspondence, minutes, emails, instant messages, spreadsheets, memoranda, notes and all other writings, Bloomberg screenshots, drawings, graphs, charts,

photographs, sound recordings including, but not limited to, phone messages and taped phone calls, and electronic or computerized data compilations from which information can be obtained and/or translated, if necessary, through electronic detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term. The word "including" means including, but not limited to.

       7.     "FGIC" shall mean Financial Guaranty Insurance Company and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

       8.     "First Set of Document Requests" shall mean the document requests attached as Exhibit A to the subpoena served by LBHI on Giants Stadium on or about May 19, 2010.

       9.     "FSA" shall mean Financial Security Assurance, Inc. and its successor entity and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

      10.     "Giants Stadium," "You," and "Your" shall mean Giants Stadium LLC and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, advisors, subsidiaries, affiliates, predecessors, successors, or representatives.

      11.     "Goal Line" shall mean Goal Line Partners LLC and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, advisors, subsidiaries, affiliates, predecessors, successors, or representatives.

12.     "Goldman Sachs" shall mean Goldman, Sachs & Co. and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

13.     "Indenture" shall mean the Indenture of Trust dated as of August 1, 2007, entered into by Giants Stadium and The Bank of New York, as trustee.

14.     "Insurance and Indemnity Agreement" shall mean the Insurance and Indemnity Agreement dated as of August 16, 2007, entered into by Giants Stadium and FGIC.

15.     "LBHI" shall mean Lehman Brothers Holdings, Inc. and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

16.     "LBSF" shall mean Lehman Brothers Special Financing, Inc. and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

17.     "LBI" shall mean Lehman Brothers, Inc.

18.     "Lehman Bankruptcy" shall mean the voluntary cases commenced under chapter 11 of title 11 of the United State Code, which are being jointly administered and are currently pending before the United States Bankruptcy Court for the Southern District of New York., styled *In re Lehman Brothers Holdings Inc., et al.*, Chapter 11 Case No. 08-13555 (JMP).

19.     "Master Agreement" shall mean any of the following: (i) the standard form 1992 ISDA Master Agreement and the schedule thereto, entered into by Giants Stadium and LBSF as of July 27, 2007, and insured by FGIC; and/or (ii) the standard form 1992 ISDA Master Agreement and the schedule thereto, entered into by Giants Stadium and LBSF as of July 27, 2007, and insured by FSA.

20.     "NFL" shall mean the National Football League, Inc. and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, predecessors, successors, or representatives.

21.     "Supplemental Indenture" shall mean any supplement to the Indenture, including, but not limited to the Third Supplemental Indenture of Trust to the Indenture, dated and effective as of September 18, 2008, between Giants Stadium and The Bank of New York Mellon, as trustee.

22.     "Termination Letters" shall mean the letters from Giants Stadium to LBSF dated September 18, 2008.

23.     "Third Supplemental Indenture" shall mean the Third Supplemental Indenture of Trust to the Indenture dated and effective as of September 18, 2008, entered into by Giants Stadium and The Bank of New York Mellon, as trustee.

24.     "Transactions" shall mean any of the transactions, entered into pursuant to the Master Agreement, purportedly terminated by Giants Stadium in the Termination Letters.

25.     The terms "and" and "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of this request all documents which might otherwise be considered to be outside of that scope.

26.     The word "each" shall mean both "each" and "every", and the word "every" shall mean both "each" and "every," as appropriate in order to bring within the scope of this Request documents which might otherwise be beyond its scope.

## GENERAL INSTRUCTIONS

The following general instructions apply to each request set forth herein.

27.     Each request seeks production of each Document, in its entirety, without abbreviation or expurgation, and all drafts and non-identical copies of each Document.

28.     If any Document requested herein was formerly in Your possession, custody or control (or that of Your representative) and has been lost or destroyed or otherwise disposed of, You are requested to submit in lieu of any such Document a written statement (a) describing in detail the nature of the Document and its contents, (b) identifying the person(s) who prepared or authored the Document and, if applicable, the person(s) to whom the Document was sent, (c) specifying the date on which the Document was prepared or transmitted and (d) specifying the date on which the Document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

29.     If any Document requested herein is withheld on the basis of any claim of privilege, You are requested to submit, in lieu of any such Document, a written statement (a) identifying the person(s) who prepared or authored the Document, and, if applicable, the person(s) to whom the Document was sent or shown, (b) specifying the date on which the Document was prepared or transmitted, (c) describing the nature of the Document (e.g., letter, telegram, etc.), (d) stating briefly why the Document is claimed to be privileged or to constitute work product, and (e) identifying the paragraph of this request to which the Document relates.

30.     If a portion of an otherwise responsive Document contains information subject to a claim of privilege, those portions of the Document subject to the claim of privilege

shall be deleted or redacted from the Document, the instructions in the preceding paragraph shall be applicable, and the rest of the Document shall be produced.

31.    All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in this request. The method for production of each category is to be identified at the time of production. Documents are to be produced in full and unexpurgated form.

32.    Each page of each document should be numbered consecutively. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

33.    Documents attached to each other (physically or via electronic mail) should not be separated.

34.    In producing the requested documents, even though the requests are directed to "You," furnish all documents that are available to You, including documents in the possession of any of Your officers, directors, employees, agents, attorneys, advisors, investigators, accountants or consultants and not merely such documents in Your possession.

35.    The requests that follow are to be regarded as continuing, and You are requested to provide by the way of supplementary compliance herewith, such additional documents as You may hereafter obtain, which will augment the documents now produced in response to the requests below. Such additional documents are to be produced at the offices of Weil, Gotshal & Manges LLP promptly after Your receipt thereof.

36.    At a future date, LBHI may request the production of additional documents based on information revealed during this document request.

37.    At a future date, LBHI may request to depose additional individuals based
on information revealed during this document request.

## RELEVANT TIME PERIOD

Unless otherwise stated, the relevant time period for each of the following
requests is from and including January 1, 2007 through the present, unless otherwise indicated
within the requests below.

## REQUESTS FOR PRODUCTION

REQUEST NO. 1

All documents responsive to the First Set of Document Requests that were not yet
in existence at the time that Giants Stadium produced documents in response to the First Set of
Document Requests.

REQUEST NO. 2

All documents concerning Giants Stadium's proofs of claim filed in the Lehman
Bankruptcy on or about December 6, 2012, including, but not limited to, (i) documents
containing or reflecting a description of the methodology used by Giants Stadium to calculate the
amount claimed in the proofs of claim, (ii) documents including, but not limited to, spreadsheets,
emails and Giants Stadium's books and records that concern the amount claimed in the proofs of
claim, (iii) documents concerning the Supplemental Statement attached to the proofs of claim,
including all drafts thereof, (iv) all communications with Goldman Sachs, the NFL, Baupost,
Bank of America, or Goal Line concerning any proofs of claim filed in the Lehman Bankruptcy,
and (iv) all documents concerning Giants Stadium's decision to supplement or amend its proofs
of claim previously filed in the Lehman Bankruptcy on or about September 22, 2009.

REQUEST NO. 3

All documents concerning the sale of Giants Stadium's claims in the Lehman

Bankruptcy.

REQUEST NO. 4

All documents reflecting, discussing, or concerning communications between, or

on behalf of, Giants Stadium and Bank of America regarding the Lehman Bankruptcy, the Rule

2004 discovery undertaken by LBHI and LBSF in the Lehman Bankruptcy, the Indenture, any

Supplemental Indenture, the Master Agreements, the Confirmations, the Bonds, the Insurance

and Indemnity Agreement, the Transactions, or the proofs of claim filed in the Lehman

Bankruptcy by Giant Stadium.

REQUEST NO. 5

All documents reflecting, discussing, or concerning communications between, or

on behalf of, Giants Stadium and Bank of America regarding the value of the Transactions both

prior to, and after, their purported termination on or about September 18, 2008.

REQUEST NO. 6

All documents concerning the sale of Giants Stadium's claims in the Lehman

Bankruptcy to Goal Line.

REQUEST NO. 7

All documents reflecting, discussing, or concerning communications between, or

on behalf of, Giants Stadium and Goal Line or Baupost regarding the Lehman Bankruptcy, the

Rule 2004 discovery undertaken by LBHI and LBSF in the Lehman Bankruptcy, the Indenture,

any Supplemental Indenture, the Master Agreements, the Confirmations, the Bonds, the

Insurance and Indemnity Agreement, the Transactions, or the proofs of claim filed in the Lehman

Bankruptcy by Giant Stadium.

REQUEST NO. 8

All documents reflecting, discussing, or concerning communications between, or on behalf of, Giants Stadium and Goal Line or Baupost regarding the value of the Transactions both prior to, and after, their purported termination on or about September 18, 2008.

REQUEST NO. 9

All documents reflecting, discussing, or concerning communications between, or on behalf of, Giants Stadium and Robert Taylor concerning the Lehman Bankruptcy, the Rule 2004 discovery undertaken by LBHI and LBSF in the Lehman Bankruptcy, the Indenture, any Supplemental Indenture, the Master Agreements, the Confirmations, the Bonds, the Insurance and Indemnity Agreement, the Transactions, or the proofs of claim filed in the Lehman Bankruptcy by Giant Stadium.

REQUEST NO. 10

All documents reflecting, discussing, or concerning communications between, or on behalf of, Giants Stadium and any current or former employee, agent, advisor, representative, or counsel of LBHI, LBSF, LBI, or any related Lehman affiliate, concerning the Lehman Bankruptcy, the Rule 2004 discovery undertaken by LBHI and LBSF in the Lehman Bankruptcy, the Indenture, any Supplemental Indenture, the Master Agreements, the Confirmations, the Bonds, the Insurance and Indemnity Agreement, the Transactions, or the proofs of claim filed in the Lehman Bankruptcy by Giant Stadium.

REQUEST NO. 11

All of Giants Stadium's financial statements, both audited and non-audited, that relate to the valuation of the Transactions, and all documents which relate to, support, or are the

basis for such valuations, regardless of whether such documents were created by Giants Stadium

or a third party.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                        :
In re                                                   :        **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,            :        **08-13555 (JMP)**
                                                        :
                                    **Debtors.**        :        **(Jointly Administered)**
                                                        :
-------------------------------------------------------------------x

### ORDER GRANTING THE DEBTORS AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATION OF PERSONS AND ENTITIES

Upon the motion, dated November 4, 2009 (the "Motion"), of Lehman

Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), pursuant

to Rule 2004 of the Federal Rules of Bankruptcy Procedure, for an order authorizing the

Debtors to issue subpoenas for the production of documents and the examination of

persons and entities that have information relevant to the administration of the Debtors'

estates, including without limitation, the Debtors' former employees, lenders, investors,

creditors and counterparties to transactions with Debtors, as more fully set forth in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of

Cases to Bankruptcy Court Judges of the District Court for the Southern District of New

York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due

and proper notice of the Motion having been provided, and it appearing that no other or

further notice need be provided; and the Court having reviewed the Motion; and approval

of the relief requested in the Motion being within the sound discretion of the Court; and

the Court having determined that the relief sought in the Motion is in the best interests of

the Debtors, their creditors and all parties in interest; and the Court having determined

that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and upon all of the proceedings had before the Court and after due

deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, pursuant to Bankruptcy Rule

2004, to issue such subpoenas as may be necessary to compel the production of

documents and the testimony of witnesses in connection with the administration of these

cases; and it is further

ORDERED that, unless otherwise agreed to by the applicable Debtor,

witnesses shall have thirty (30) days from the service of a subpoena to either (1) begin

production on a rolling basis, which production shall be completed prior to the later of

seventy-five (75) days from the service of a subpoena or such other date agreed to by the

Debtor and the witness, to the Debtor of responsive documents requested in the Debtor's

subpoena, other than those documents withheld under a claim of privilege or (2) serve on

the Debtor any objections to the subpoena; and it is further

ORDERED that, if the Debtor and an objecting witness cannot resolve the

objection within ten (10) days following the date such objection is served on the Debtor

(or such later date agreed to by the Debtor and the witness), the witness shall either (i)

produce responsive documents in accordance with this Order or (ii) file the objection

with the Court and promptly schedule a hearing; and it is further

ORDERED that, unless otherwise agreed to by the applicable Debtor, if a

witness withholds any documents from the production based upon a claim of privilege,

such witness is directed to provide counsel for the Debtor with a privilege log, containing

the information required under Bankruptcy Rule 7026, within ten (10) days following the

completion of the production of documents; and it is further

ORDERED that, the witness is directed to submit to oral examination

upon reasonable notice and, absent other agreement with the Debtor, within thirty (30)

days of the date of the service of a deposition subpoena upon such witness (unless such

subpoena is the subject of an objection); and it is further

ORDERED that, nothing herein shall limit the rights of any witness or any

other party under applicable law to object to or oppose any subpoena the Debtors may

serve upon such witness; and it is further

ORDERED that, in accordance with Bankruptcy Rules 2004 and 9016, the

Clerk of this Court shall issue subpoenas, signed, but otherwise in blank, as requested by

the Debtors; and it is further

ORDERED that the Debtors shall serve each subpoena and a copy of this

Order on the party subject to the subpoena, with a copy to (i) the Securities and Exchange

Commission; (ii) the Internal Revenue Service; (iii) the United States Attorney for the

Southern District of New York and (iv) counsel for the party subject to such subpoena

that has appeared in these cases; and it is further

ORDERED that within three (3) days following the service of a subpoena, the Debtors shall file with the Court notice of each subpoena, naming the witness and setting forth the date, time and place of any examination; and it is further

ORDERED that, notwithstanding the request for certain documents or information in a subpoena, witnesses shall not be required to produce to the Debtors any documents or information that have been previously provided to the Debtors by a witness either in connection with the claims filing process or otherwise; and it is further

ORDERED that, the Debtors shall not serve a subpoena pursuant this Order on any party for any documents or information or for an oral examination related to a derivative contract for which such party has received a Derivatives ADR Package pursuant to the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors under Derivatives Contracts* [Docket No. 5207] and such mediation has not yet been terminated by the mediator; and it is further

ORDERED that the Debtors shall file with the Court an affidavit or declaration of service for each subpoena it serves; and it is further

ORDERED that, this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order; and it is further

ORDERED that, this Order is without prejudice to the Debtors' right to

file further motions seeking additional documents and testimony pursuant to Bankruptcy

Rule 2004(a) or any other applicable law.


Dated: New York, New York
         November 23, 2009

                    ___*s/ James M. Peck*_____
                    HONORABLE JAMES M. PECK
                    UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT D**

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

August 5, 2011

Via E-Mail and Hand Delivery

Richard W. Slack, Esq.
    Weil, Gotshal & Manges LLP,
        767 Fifth Avenue,
           New York, New York 10153.

        Re:    Objections of Giants Stadium LLC
                to Debtors' Subpoena for Rule 2004 Examination

Dear Richard:

        We received your July 27, 2001 Subpoena for Rule 2004 Examination to Giants Stadium LLC ("GSLLC"), commanding the appearance of "an individual or individual(s) with knowledge of the matters and documents set forth in Exhibit A Attached Hereto" for deposition testimony on September 13, 2011 (the "Subpoena"). We object to the Subpoena for the reasons stated in the attached Objections and the following reasons.

        *First*, as you know, pursuant to your prior subpoena for Rule 2004 Examination of March 10, 2011, you deposed Christine Procops, an authorized GSLLC representative, for more than seven hours on May 25, 2011. During the deposition, you specifically questioned Ms. Procops on each of the subjects set forth in Exhibit A of the Subpoena. As the authorized representative of GSLLC primarily responsible for the negotiation of the swaps ("Swaps") at issue in GSLLC's claims against the Estate ("Claims"), Ms. Procops is the GSLLC employee most knowledgeable about the Claims.[1] There is no point in either deposing Ms. Procops again or deposing one of the few other GSLLC employees, all of whom have less knowledge on the issues set forth in Exhibit A. Further deposition discovery on these points is unreasonably duplicative, unduly burdensome, and drives up the professional fees of our respective clients.

---

[1]    *E.g.*, Procops 5/25/11 Deposition Tr. 143:3-7.

Richard W. Slack, Esq.


        *Second*, based on your repeated Rule 2004 requests and the posture taken during your deposition of Ms. Procops, it is clear that Debtors have sufficient information to determine whether to object to GSLLC's Claims, or at least to begin mediation on the Claims. Accordingly, it is inappropriate for Debtors to continue to use the currently one-sided Rule 2004 process to continue discovery. At this point, GSLLC has a right to the protections of Rule 9014(c) and 9014(d) of the Federal Rules of Bankruptcy Procedure for contested matters—including mutual discovery and the application of Rules 7026 and 7030.

*     *     *

        As you are aware, GSLLC's own motion for a Rule 2004 Examination is still pending, and we hope to resolve the motion with you in good faith. We propose meeting and conferring on these objections and any other issues you wish to discuss at your earliest convenience. Please contact Matthew Schwartz at (212) 558-4197 with available times.

Sincerely,

*Bruce E. Clark, mas*

Bruce E. Clark

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark

*Attorney for Giants Stadium LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____

|  |  |
|---|---|
| In re | : Chapter 11 |
| | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| | : |
| Debtors. | : Jointly Administered |
| | : |

_____

**OBJECTIONS OF GIANTS STADIUM LLC TO DEBTORS'
SUBPOENA FOR ADDITIONAL RULE 2004 EXAMINATION**

Pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and

Rule 45 of the Federal Rules of Civil Procedure, Giants Stadium LLC ("GSLLC"), by its

undersigned counsel, hereby objects to the Debtors' Subpoena for Rule 2004 Examination dated

July 27, 2011 (the "Subpoena"), as follows:

**OBJECTIONS**

1.      GSLLC objects to the Subpoena insofar as it purports to impose burdens or

duties upon GSLLC that exceed the requirements or permissible scope of discovery under the

Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the

U.S. Bankruptcy Court for the Southern District of New York, or any other applicable laws, rules, or

judicial orders.

2.      GSLLC objects to the Subpoena insofar as it commands GSLLC to produce an employee again to appear and testify regarding information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection from disclosure.  Any disclosure of information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection is inadvertent and should not be construed to constitute a waiver.

3.      GSLLC objects to the Subpoena insofar as it commands GSLLC to produce an employee to appear and testify regarding issues other than the circumstances of the termination of the transactions entered into between GSLLC and Lehman Brothers Special Financing Inc. pursuant to the ISDA Master Agreement (FGIC-Insured) dated as of July 27, 2007, the ISDA Master Agreement (FSA-Insured) dated as of July 27, 2007, and related documents.

4.      GSLLC objects to the Subpoena on the grounds that it commands GSLLC to produce an employee to appear and testify regarding information that is unreasonably cumulative or duplicative of information already obtained in discovery and information that that is obtainable from another source that is more convenient, less burdensome, or less expensive.

5.      GSLLC objects to the Subpoena on the grounds that it seeks information that is not relevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.

6.      GSLLC objects to the Subpoena on the grounds that it commands GSLCC to produce an employee to appear and testify, in total, for more than one day of seven hours.  The Debtors already have deposed an Authorized Representative of GSLLC for more than seven hours.

-2-

7.      GSLLC objects to the Subpoena on the grounds that issues relating to GSLLC's request for Rule 2004 Examination directed to the Debtors and dated April 14, 2011 remain unresolved.

8.      GSLLC objects to the Subpoena on the grounds that GSLLC already has produced the employee most knowledgeable on all the matters for deposition testimony listed in the Subpoena, Ms. Christine Procops, who has already testified on these same matters for more than one day of seven hours.

9.      GSLLC objects to the Subpoena on the grounds that the Debtors already have enough information to determine whether to object to the GSLLC's claims and any further discovery by Debtors should be conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested matters.

*      *      *

GSLLC reserves all its rights with respect to the Subpoena, including the right to modify or supplement its objections thereto. GSLLC affirms that the Stipulation Governing the Production of Confidential Materials dated August 3, 2010 shall govern the designation and handling of examination testimony, if any. GSLLC is prepared to meet and confer regarding the resolution of these objections. GSLLC is also prepared to discuss an agreement with the Debtors to extend the period in which the Debtors and GSLLC may resolve these objections prior to GSLLC filing objections with the Court as specified in the Order Granting the Debtors Authority to Issue Subpoenas for the Production of Documents and Authorizing the Examination of Persons and Entities dated November 23, 2009.

Dated: New York, New York
      August 5, 2011

SULLIVAN & CROMWELL LLP

By:     _Bruce E. Clark, MAS_

         Bruce E. Clark
         SULLIVAN & CROMWELL LLP
         125 Broad Street
         New York, New York 10004
         Telephone: (212) 558-4000
         Facsimile: (212) 558-3588

         *Attorney for Giants Stadium LLC*

-4-

**EXHIBIT E**

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark
Matthew A. Schwartz

*Attorneys for Giants Stadium LLC*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| | : |
| In re | : Chapter 11 |
| | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| | : |
| Debtors. | : Jointly Administered |
| | : |

### OBJECTIONS OF GIANTS STADIUM LLC TO DEBTORS'
### SUBPOENA FOR ADDITIONAL RULE 2004 EXAMINATION

Pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and

Rule 45 of the Federal Rules of Civil Procedure, Giants Stadium LLC ("GSLLC"), by its

undersigned counsel, hereby objects to the Subpoena for Rule 2004 Examination dated and served on

April 9, 2012 ("Subpoena") propounded by Lehman Brothers Special Finance and Lehman Brothers

Holdings, Inc. (jointly, "Debtors"), as follows:

### GENERAL OBJECTIONS

1.      GSLLC objects to the Subpoena on the grounds that it is an abuse of the

Debtors' Rule 2004 subpoena powers, brought solely to annoy, harass, and oppress GSLLC. Not

only is the requested discovery unnecessary for the Debtors to decide whether to object to GSLLC's

Claims, it has become clear that Debtors have already decided (i) to object to the Claims, and

(ii) precisely the grounds on which they will base their objections. In negotiation and mediation, Debtors have outlined in no uncertain language their opposition to allowing the Claims at their submitted value and the battery of arguments underwriting this opposition. Thus, the Subpoena— which purportedly is a representation by Debtors that they require more information before deciding whether to object to the Claims—is litigation gamesmanship and nothing more. The continued resort to Rule 2004 discovery—this is the third subpoena issued against GSLLC, brought more than three years after GSLLC's Claims were filed—is only possible because Debtors have delayed filing their objection to the Claims. The resulting discovery imbalance, where GSLLC has produced almost 64,000 pages and Debtors have produced none, is the primary reason for such delay.

2.      GSLLC objects to the Subpoena insofar as it commands GSLLC to produce information that is irrelevant to any claim or defense of the parties and not reasonably calculated to lead to the discovery of admissible evidence. For example, communications taking place years after the swaps' termination and valuation is plainly irrelevant to the Claims. The command to produce patently irrelevant information is an abuse of Debtors' Rule 2004 authority, brought solely to annoy, harass, and oppress GSLLC.

3.      GSLLC objects to the Subpoena insofar as it commands GSLLC to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection from disclosure. Indeed, the Subpoena itself seems intentionally designed to invade improperly the privilege and work product protections over documents concerning Giants Stadium's litigation strategy. Any disclosure of information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege,

-2-

immunity, or protection is inadvertent and should not be construed to constitute a waiver. The command to produce categorically privileged information is an abuse of Debtors' Rule 2004 authority brought solely to annoy, harass, and oppress GSLLC.

4.    GSLLC objects to the Subpoena insofar as it purports to impose burdens or duties upon GSLLC that exceed the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, or any other applicable laws, rules, or judicial orders.

5.    GSLLC objects to the Subpoena insofar as it commands GSLLC to produce information regarding issues other than the transactions entered into between GSLLC and Lehman Brothers Special Financing Inc. pursuant to the ISDA Master Agreement (FGIC-Insured) dated as of July 27, 2007, the ISDA Master Agreement (FSA-Insured) dated as of July 27, 2007, and related documents.

6.    GSLLC objects to the Subpoena on the grounds that it commands GSLLC to produce information that is unreasonably cumulative or duplicative of information already obtained in discovery and information that is obtainable from another source that is more convenient, less burdensome, or less expensive. The Debtors already have obtained almost 64,000 pages from GSLLC and deposed an Authorized Representative of GSLLC for more than seven hours.

7.    GSLLC objects to Definition 1 ("Bank of America") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), and seek

-3-

information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

8.      GSLLC objects to Definition 2 ("Baupost") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), and seek information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

9.      GSLLC objects to Definition 6 ("Document") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous, and seek information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

10.     GSLLC objects to Definition 7 ("FGIC") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), and seek information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

11.     GSLLC objects to Definition 9 ("FSA") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any

-4-

person or entity acting on its behalf or under its control"), and seek information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

12. GSLLC objects to Definition 10 ("Giants Stadium") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), and seek information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

13. GSLLC objects to Definition 11 ("Goal Line") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), and seek information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

14. GSLLC objects to Definition 12 ("Goldman Sachs") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), and seek information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

-5-

15.    GSLLC objects to Definition 15 ("LBHI") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), and seek information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

16.    GSLLC objects to Definition 16 ("LBSF") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), and seek information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

17.    GSLLC objects to Definition 20 ("NFL") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), and seek information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

18.    GSLLC objects to the first Instruction (¶ 27) insofar as it commands GSLLC to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, and/or other applicable privilege, immunity, or protection from disclosure.  Any disclosure of information protected by the attorney-client

privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection is inadvertent and should not be construed to constitute a waiver.

19.    GSLLC objects to the second Instruction (¶ 28) insofar as it purports to impose burdens or duties upon GSLLC that exceed the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, or any other applicable laws, rules, or judicial orders. GSLLC further objects to the second Instruction insofar as it places an unreasonable burden on GSLLC and is brought solely to annoy, harass, and oppress GSLLC.

20.    GSLLC objects to the third Instruction (¶ 29) insofar as it purports to impose burdens or duties upon GSLLC that exceed the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, or any other applicable laws, rules, or judicial orders. GSLLC further objects to the third Instruction insofar as it places an unreasonable burden on GSLLC and is brought solely to annoy, harass, and oppress GSLLC.

21.    GSLLC objects to the fourth Instruction (¶ 30) insofar as it purports to impose burdens or duties upon GSLLC that exceed the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, or any other applicable laws, rules, or judicial orders. GSLLC further objects to the fourth Instruction insofar as it places an unreasonable burden on GSLLC and is brought solely to annoy, harass, and oppress GSLLC.

-7-

22.     GSLLC objects to the eighth Instruction (¶ 34) insofar as it purports to impose burdens or duties upon GSLLC that exceed the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, or any other applicable laws, rules, or judicial orders. GSLLC further objects to the eighth Instruction insofar as it places an unreasonable burden on GSLLC, is brought solely to annoy, harass, and oppress GSLLC, commands the production of information that is unreasonably cumulative or duplicative of information already obtained in discovery and/or information that is obtainable from another source that is more convenient, less burdensome, or less expensive.

23.     GSLLC objects to the ninth Instruction (¶ 35) insofar as it purports to impose burdens or duties upon GSLLC that exceed the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, or any other applicable laws, rules, or judicial orders. GSLLC further objects to the eighth Instruction insofar as it places an unreasonable burden on GSLLC, is brought solely to annoy, harass, and oppress GSLLC, and commands GSLLC to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, and/or other applicable privilege, immunity, or protection from disclosure.

24.     GSLLC objects to the tenth Instruction (¶ 36) insofar as it commands the production of information that is unreasonably cumulative or duplicative of information already obtained in discovery. GSLLC further objects to the tenth Instruction on the grounds that the Debtors already have enough information to determine whether to object to the GSLLC's claims and

-8-

any further discovery by Debtors should be conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested matters.

25.     GSLLC objects to the eleventh Instruction (¶ 37) insofar as it commands the production of information that is unreasonably cumulative or duplicative of information already obtained in discovery.  GSLLC further objects to the eleventh Instruction on the grounds that the Debtors already have enough information to determine whether to object to the GSLLC's claims and any further discovery by Debtors should be conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested matters.

26.     GSLLC objects to the "Relevant Time Period" insofar as it commands GSLLC to produce information that is patently irrelevant to any claim or defense of the parties and not reasonably calculated to lead to the discovery of admissible evidence, information that is unreasonably cumulative or duplicative of information already obtained in discovery, and information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, and/or other applicable privilege, immunity, or protection from disclosure.

## SPECIFIC OBJECTIONS

REQUEST NO. 1

All documents responsive to the First Set of Document Requests that were not yet in existence at the time that Giants Stadium produced documents in response to the First Set of Document Requests.

Response to Request No. 1

In addition to GSLLC's General Objections, GSLLC objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence, or whose relevance is outweighed by the burden GSLLC would bear in attempting to collect, review, and produce such material.  GSLLC further objects to this Request insofar as it commands GSLLC to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, and/or other applicable privilege, immunity, or protection from disclosure and is brought solely to annoy, harass, and oppress GSLLC. GSLLC's production in response to the First Set of Document Requests concluded twenty-two months and 17,000 docket filings ago; at this point, three years after the original Claims were filed, Debtors already have enough information to determine whether to object to the GSLLC's claims and any further discovery by Debtors should be conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested matters.

REQUEST NO. 2

All documents concerning Giants Stadium's proofs of claim filed in the Lehman Bankruptcy on or about December 6, 2011, including, but not limited to, (i) documents containing or reflecting a description of the methodology used by Giants Stadium to calculate the amount claimed in the proofs of claim, (ii) documents including, but not limited to, spreadsheets, emails and Giants Stadium's books and records that concern the amount claimed in the proofs of claim, (iii) documents concerning the Supplemental Statement attached to the proofs of claim, including all drafts thereof, (iv) all communications with Goldman Sachs, the NFL, Baupost, Bank of America, or Goal Line

concerning any proofs of claim filed in the Lehman Bankruptcy, and (iv) all documents concerning

Giants Stadium's decision to supplement or amend its proofs of claim previously filed in the Lehman

Bankruptcy on or about September 22, 2009.

Response to Request No. 2

      In addition to GSLLC's General Objections, GSLLC objects to this Request on the

grounds that it is overbroad and unduly burdensome and seeks information that is neither relevant to

any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible

evidence, or whose relevance is outweighed by the burden GSLLC would bear in attempting to

collect, review, and produce such material. GSLLC further objects to this Request insofar as it

commands GSLLC to produce information protected by the attorney-client privilege, the joint

defense or common interest privilege, the attorney work product protection, and/or other applicable

privilege, immunity, or protection from disclosure and is brought solely to annoy, harass, and oppress

GSLLC . Debtors already have enough information to determine whether to object to the GSLLC's

claims and any further discovery by Debtors should be conducted pursuant to Rule 9014 of the

Federal Rules of Bankruptcy Procedure for contested matters.

REQUEST NO. 3

      All documents concerning the sale of Giants Stadium's claims in the Lehman

Bankruptcy.

Response to Request No. 3

      In addition to GSLLC's General Objections, GSLLC objects to this Request on the

grounds that it is overbroad and unduly burdensome and seeks information that is plainly neither

relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of

-11-

admissible evidence, or whose relevance is outweighed by the burden GSLLC would bear in attempting to collect, review, and produce such material. GSLLC further objects to this Request insofar as it commands GSLLC to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection from disclosure and is brought solely to annoy, harass, and oppress GSLLC. Debtors already have enough information to determine whether to object to the GSLLC's claims and any further discovery by Debtors should be conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested matters.

REQUEST NO. 4

All documents reflecting, discussing, or concerning communications between, or on behalf of, Giants Stadium and Bank of America regarding the Lehman Bankruptcy, the Rule 2004 discovery undertaken by LBHI and LBSF in the Lehman Bankruptcy, the Indenture, any Supplemental Indenture, the Master Agreements, the Confirmations, the Bonds, the Insurance and Indemnity Agreement, the Transactions, or the proofs of claim filed in the Lehman Bankruptcy by Giant Stadium.

Response to Request No. 4

In addition to GSLLC's General Objections, GSLLC objects to this Request on the grounds that it is overbroad, unduly burdensome, and unreasonably cumulative and duplicative, and seeks information that is plainly neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence, or whose relevance is outweighed by the burden GSLLC would bear in attempting to collect, review, and produce such material. GSLLC further objects to this Request insofar as it commands GSLLC to produce information protected by

-12-

the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection from disclosure and is brought solely to annoy, harass and oppress GSLLC. Debtors already have enough information to determine whether to object to the GSLLC's claims and any further discovery by Debtors should be conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested matters.

REQUEST NO. 5

All documents reflecting, discussing, or concerning communications between, or on behalf of, Giants Stadium and Bank of America regarding the value of the Transactions both prior to, and after, their purported termination on or about September 18, 2008.

Response to Request No. 5

In addition to GSLLC's General Objections, GSLLC objects to this Request on the grounds that it is overbroad, unduly burdensome, and unreasonably cumulative and duplicative, and seeks information that is plainly neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence, or whose relevance is outweighed by the burden GSLLC would bear in attempting to collect, review, and produce such material. GSLLC further objects to this Request insofar as it commands GSLLC to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection from disclosure and is brought solely to annoy, harass, and oppress GSLLC. Debtors already have enough information to determine whether to object to the GSLLC's claims and any further discovery by Debtors should be

-13-

conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested matters.

## REQUEST NO. 6

All documents concerning the sale of Giants Stadium's claims in the Lehman Bankruptcy to Goal Line.

## Response to Request No. 6

In addition to GSLLC's General Objections, GSLLC objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is plainly neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence, or whose relevance is outweighed by the burden GSLLC would bear in attempting to collect, review, and produce such material. GSLLC further objects to this Request insofar as it commands GSLLC to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection from disclosure and is brought solely to annoy, harass, and oppress GSLLC. Debtors already have enough information to determine whether to object to the GSLLC's claims and any further discovery by Debtors should be conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested matters.

## REQUEST NO. 7

All documents reflecting, discussing, or concerning communications between, or on behalf of, Giants Stadium and Goal Line or Baupost regarding the Lehman Bankruptcy, the Rule 2004 discovery undertaken by LBHI and LBSF in the Lehman Bankruptcy, the Indenture, any Supplemental Indenture, the Master Agreements, the Confirmations, the Bonds, the Insurance and

-14-

Indemnity Agreement, the Transactions, or the proofs of claim filed in the Lehman Bankruptcy by
Giant Stadium.

### Response to Request No. 7

In addition to GSLLC's General Objections, GSLLC objects to this Request on the
grounds that it is overbroad, unduly burdensome, and unreasonably cumulative and duplicative, and
seeks information that is plainly neither relevant to any party's claim or defense, nor reasonably
calculated to lead to the discovery of admissible evidence, or whose relevance is outweighed by the
burden GSLLC would bear in attempting to collect, review, and produce such material.  GSLLC
further objects to this Request insofar as it commands GSLLC to produce information protected by
the attorney-client privilege, the joint defense or common interest privilege, the attorney work
product protection, or any other applicable privilege, immunity, or protection from disclosure and is
brought solely to annoy, harass, and oppress GSLLC.  Debtors already have enough information to
determine whether to object to the GSLLC's claims and any further discovery by Debtors should be
conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested
matters.

### REQUEST NO. 8

All documents reflecting, discussing, or concerning communications between, or on
behalf of, Giants Stadium and Goal Line or Baupost regarding the value of the Transactions both
prior to, and after, their purported termination on or about September 18, 2008.

### Response to Request No. 8

In addition to GSLLC's General Objections, GSLLC objects to this Request on the
grounds that it is overbroad, unduly burdensome, and unreasonably cumulative and duplicative, and

-15-

seeks information that is plainly neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence, or whose relevance is outweighed by the burden GSLLC would bear in attempting to collect, review, and produce such material. GSLLC further objects to this Request insofar as it commands GSLLC to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection from disclosure and is brought solely to annoy, harass, and oppress GSLLC. Debtors already have enough information to determine whether to object to the GSLLC's claims and any further discovery by Debtors should be conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested matters.

## REQUEST NO. 9

All documents reflecting, discussing, or concerning communications between, or on behalf of, Giants Stadium and Robert Taylor concerning the Lehman Bankruptcy, the Rule 2004 discovery undertaken by LBHI and LBSF in the Lehman Bankruptcy, the Indenture, any Supplemental Indenture, the Master Agreements, the Confirmations, the Bonds, the Insurance and Indemnity Agreement, the Transactions, or the proofs of claim filed in the Lehman Bankruptcy by Giant Stadium.

## Response to Request No. 9

In addition to GSLLC's General Objections, GSLLC objects to this Request on the grounds that it is overbroad, unduly burdensome, and unreasonably cumulative and duplicative, and seeks information that is plainly neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence, or whose relevance is outweighed by the

-16-

burden GSLLC would bear in attempting to collect, review, and produce such material.  GSLLC further objects to this Request insofar as it commands GSLLC to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection from disclosure and is brought solely to annoy, harass, and oppress GSLLC.  Debtors already have enough information to determine whether to object to the GSLLC's claims and any further discovery by Debtors should be conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested matters.

REQUEST NO. 10

All documents reflecting, discussing, or concerning communications between, or on behalf of, Giants Stadium and any current or former employee, agent, advisor, representative, or counsel of LBHI, LBSF, LBI, or any related Lehman affiliate, concerning the Lehman Bankruptcy, the Rule 2004 discovery undertaken by LBHI and LBSF in the Lehman Bankruptcy, the Indenture, any Supplemental Indenture, the Master Agreements, the Confirmations, the Bonds, the Insurance and Indemnity Agreement, the Transactions, or the proofs of claim filed in the Lehman Bankruptcy by Giant Stadium.

Response to Request No. 10

In addition to GSLLC's General Objections, GSLLC objects to this Request on the grounds that it is overbroad, unduly burdensome, and unreasonably cumulative and duplicative, and seeks information that is plainly neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence, or whose relevance is outweighed by the burden GSLLC would bear in attempting to collect, review, and produce such material.  GSLLC

-17-

further objects to this Request insofar as it commands GSLLC to produce information protected by

the attorney-client privilege, the joint defense or common interest privilege, the attorney work

product protection, or any other applicable privilege, immunity, or protection from disclosure and is

brought solely to annoy, harass, and oppress GSLLC. Debtors already have enough information to

determine whether to object to the GSLLC's claims and any further discovery by Debtors should be

conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested

matters.

REQUEST NO. 11

   All of Giants Stadium's financial statements, both audited and non-audited, that relate

to the valuation of the Transactions, and all documents which relate to, support, or are the basis for

such valuations, regardless of whether such documents were created by Giants Stadium or a third

party.

Response to Request No. 11

   In addition to GSLLC's General Objections, GSLLC objects to this Request on the

grounds that it is overbroad and unduly burdensome and/or seeks information that is neither relevant

to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible

evidence, or whose relevance is outweighed by the burden GSLLC would bear in attempting to

collect, review, and produce such material. GSLLC further objects to this Request insofar as it

commands GSLLC to produce information protected by the attorney-client privilege, the joint

defense or common interest privilege, the attorney work product protection, or any other applicable

privilege, immunity, or protection from disclosure and is brought solely to annoy, harass, and oppress

GSLLC. Debtors already have enough information to determine whether to object to the GSLLC's

-18-

claims and any further discovery by Debtors should be conducted pursuant to Rule 9014 of the

Federal Rules of Bankruptcy Procedure for contested matters.

*    *    *

GSLLC reserves all its rights with respect to the Subpoena, including the right to

modify or supplement its objections thereto.  GSLLC affirms that the Stipulation Governing the

Production of Confidential Materials dated August 3, 2010 shall govern the designation and handling

of documents, if any.  GSLLC is prepared to meet and confer regarding the resolution of these

objections.

Dated: New York, New York
      September 19, 2012

SULLIVAN & CROMWELL LLP

By: *Bruce E. Clark*

Bruce E. Clark
Matthew A. Schwartz
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Attorneys for Giants Stadium LLC*