# Exhibit 1

# LEHMAN BROTHERS HOLDINGS INC. PLAN TRUST

1271 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
646 285-9000

# 8-K

8-K
Filed on 04/16/2010 – Period: 04/15/2010
File Number 001-09466



LIVEDGAR® Information Provided by Thomson Reuters Accelus, ©2011. All Rights Reserved.
800.669.1154
www.gsionline.com

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

---

## FORM 8−K

### CURRENT REPORT
Pursuant to Section 13 or 15(d) of The Securities Exchange Act of 1934

Date of Report (Date of earliest event reported):
**April 15, 2010**

# LEHMAN BROTHERS HOLDINGS INC.
(Exact name of registrant as specified in its charter)

| Delaware | 1−9466 | 13−3216325 |
|---|---|---|
| (State or other jurisdiction Of incorporation) | (Commission File Number) | (IRS Employer Identification No.) |

1271 Avenue of the Americas
New York, New York
10020
(Address of Principal Executive Offices)
(Zip Code)

Registrant's telephone number, including area code:
**(646) 285−9000**

Check the appropriate box below if the Form 8−K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions (see General Instruction A.2. below):

☐   Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

☐   Soliciting material pursuant to Rule 14a−12 under the Exchange Act (17 CFR 240.14a−12)

☐   Pre−commencement communications pursuant to Rule 14d−2(b) under the Exchange Act (17 CFR 240.14d−2(b))

☐   Pre−commencement communications pursuant to Rule 13e−4(c) under the Exchange Act (17 CFR 240.13e−4(c))

Exhibit 99.1

THIS IS NOT A SOLICITATION OF ACCEPTANCE OR REJECTION OF THE PLAN.  ACCEPTANCES OR REJECTIONS MAY NOT BE SOLICITED UNTIL A DISCLOSURE STATEMENT HAS BEEN APPROVED BY THE BANKRUPTCY COURT. THIS DISCLOSURE STATEMENT IS BEING SUBMITTED FOR APPROVAL BUT HAS NOT BEEN APPROVED BY THE BANKRUPTCY COURT.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                                         :
In re:                                                   :  Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.                    :  08−13555 (JMP)
                                                         :
             Debtors.                                    :  (Jointly Administered)
                                                         :
---------------------------------------------------------x

**DEBTORS' DISCLOSURE STATEMENT FOR JOINT CHAPTER 11
PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED
DEBTORS PURSUANT TO SECTION 1125 OF THE BANKRUPTCY CODE**

WEIL, GOTSHAL & MANGES LLP
Attorneys for Debtors and
Debtors in Possession
767 Fifth Avenue
New York, New York 10153
(212) 310−8000

Dated: April 14, 2010
New York, New York

accompanying the Ballots in their entirety before voting on the Plan. These documents contain important information concerning the classification of Claims and Equity Interests for voting purposes and how the votes will be tabulated. No solicitation of votes to accept or reject the Plan may be made except pursuant to section 1125 of the Bankruptcy Code.

II. OVERVIEW OF THE PLAN

For a more detailed description of the Plan, refer to section X—"Summary of the Chapter 11 Plan." In addition, the Plan is attached hereto as Exhibit 1.

A. **Summary of the Plan**

Prior to the commencement of the Chapter 11 Case by LBHI on September 15, 2008, Lehman constituted the fourth largest investment banking firm in the United States, which operated as a single globally integrated economic unit with its center of main interest at its New York City headquarters. The Plan proposes an economic resolution of the Claims of creditors of all of the Debtors and incorporates resolutions of various inter-Debtor, Debtor-creditor and inter-creditor disputes designed to achieve a global and efficient resolution of the Claims and interests asserted in the Chapter 11 Cases. The proposed Plan will expedite the administration of the Debtors' Chapter 11 Cases, accelerate recoveries to creditors and avoid the potential enormous costs and extended time that would otherwise be incurred in connection with litigation of multifaceted and complex issues associated with these extraordinary cases.

The Plan separately applies to each of the Debtors and constitutes 23 distinct chapter 11 plans. The Plan recognizes the corporate integrity of each Debtor and, therefore, Allowed Claims against a particular Debtor will be satisfied from the assets of that Debtor.

In developing the Plan, the Debtors considered whether substantive consolidation was appropriate for the resolution of the Debtors' Chapter 11 Cases at this time. Substantive consolidation of debtors' estates is a judicially created equitable remedy pursuant to which the assets and liabilities of two or more entities are pooled, and the pooled assets are aggregated and used to satisfy the Claims of creditors of all the consolidated debtors as if only one debtor existed. Substantive consolidation eliminates intercompany Claims, guarantee Claims against any consolidated entity that guaranteed the obligations of another consolidated entity, and any issues concerning the ownership of assets among the consolidated entities. The Debtors' management considered the manner in which the Debtors operated and interacted with each other and their Affiliates prior to the Commencement Date, the financial book-keeping for each Debtor and creditor reliance on the credit of a particular Debtor as opposed to Lehman as a single entity, among other relevant factors. Substantive consolidation is dependent upon mixed questions of fact and law. There are facts relating to the manner in which the Debtors operated their businesses that strongly support a finding that certain of the Debtors are susceptible to being substantively consolidated. The Debtors' management is also cognizant that (i) certain significant Affiliates are currently in insolvency proceedings in foreign jurisdictions, (ii) other significant Affiliates are regulated entities, and (iii) there exist potential difficulties in implementing a plan that substantively consolidated the Debtors with all or some of their Affiliates. As a result, the

2

4. **Description of the Business of Each Debtor**

This section contains brief descriptions of the business of each Debtor. For further information about the assets and liabilities of each Debtor, refer to the balance sheets of each Debtor (i) as of September 14, 2008, (ii) the applicable Commencement Date for each Debtor and (iii) as of June 30, 2009, annexed hereto as Exhibits 2A, 2B and 2C, respectively.

a. **Lehman Brothers Holdings Inc**. LBHI was the ultimate parent and holding company for Lehman's businesses. LBHI directly or indirectly held the equity in each of the Debtors as well as all non-debtor Lehman entities.

b. **Lehman Commercial Paper Inc**. Lehman conducted a majority of its commercial loan and mortgage loan origination, lending, trading and servicing activities through LCPI.

c. **Lehman Brothers Commodity Services Inc**. Lehman entered into commodity and energy derivatives products through LBCS.

d. **Lehman Brothers Special Financing Inc., Lehman Brothers Derivative Products Inc. and Lehman Brothers Financial Products Inc**. Lehman's fixed income derivative products business was principally conducted through LBSF, and its separately capitalized "AAA" rated subsidiaries LBFP and LBDP.

e. **Lehman Brothers OTC Derivatives Inc**. Lehman entered into equity derivative products through LOTC.

f. **Lehman Brothers Commercial Corporation**. LBCC acted as Lehman's dealer in over-the-counter foreign currency forwards and options and exchange-traded futures and futures options.

g. **LB 745 LLC**. LB 745 was the owner of Lehman's corporate headquarters located at 745 Seventh Avenue in New York City.

h. **PAMI Statler Arms, LLC**. PAMI was formed to hold title to the Statler Arms Apartments, a 297-suite apartment complex in Cleveland, Ohio.

i. **CES Aviation LLC, CES Aviation V LLC and CES Aviation IX LLC**. CES, CES V, and CES IX acquired and operated aircraft for Lehman.

j. **East Dover Limited**. East Dover was established for the purpose of purchasing, leasing and selling aircraft and related equipment.