WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------------------x
                                                            :
**In re**                                                   :    **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                :    **08-13555 (JMP)**
                                                            :
                            **Debtors.**                    :    **(Jointly Administered)**
                                                            :
--------------------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING PLAN ADMINISTRATOR'S**
**OBJECTION TO CLAIM FILED BY HALE AVENUE BORROWER, LLC**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

      Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of

the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

      1.    Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as

Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors, filed the Plan Administrator's Objection to

Claim Filed by Hale Avenue Borrower, LLC  [ECF No. 30284] (the "Objection") with this Court

on August 22, 2012.  In accordance with the Second Amended Case Management Order and the

Order Modifying Certain Existing Claims Orders [ECF No. 29505], September 13, 2012 at 4:00

p.m. (Prevailing Eastern Time) was established as the deadline (the "Response Deadline") for

parties to object or file a response to the Objection.

2.    The Second Amended Case Management Order provides that pleadings

may be granted without a hearing, provided that, *inter alia*, no objections or responses have been

filed prior to the relevant Response Deadline and the attorney for the entity who filed the

pleading complies with the relevant procedural and notice requirements.  The Response Deadline

has now passed and, to the best of my knowledge, no objection or other responsive pleading to

the Objection has been filed on the docket of the above-referenced cases in accordance with the

procedures set forth in the Second Amended Case Management Order, nor has any objection or

other responsive pleading to the Objection been served on counsel for the Plan Administrator.

An Affidavit of Service with respect to the Objection was filed on August 24, 2012 [ECF. No.

30408].

3.    Accordingly, for the reasons set forth in the Motion, the Plan Administrator

respectfully requests that the Proposed Order annexed hereto as Exhibit A, which is unmodified

from the proposed order submitted with the Objection, be entered in accordance with the

procedures described in the Second Amended Case Management Order.

        I declare that the foregoing is true and correct.

Dated:  October 16, 2012
          New York, New York


                    /s/ Jacqueline Marcus
                    Jacqueline Marcus

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Lehman Brothers Holdings Inc.
                    and Certain of Its Affiliates

## EXHIBIT A

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
|  |  |
|---|---|
| In re | : Chapter 11 Case No. |
|  | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : 08-13555 (JMP) |
|  | : |
| **Debtors.** | : (Jointly Administered) |
-------------------------------------------------------------------x

## ORDER GRANTING PLAN ADMINISTRATOR'S
## OBJECTION TO CLAIM FILED BY HALE AVENUE BORROWER, LLC

Upon the objection, dated August 22, 2012 (the "Hale Ave. Objection"), of

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator")

pursuant to the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings*

*Inc. and Its Affiliated Debtors* for the entities in the above referenced chapter 11 cases, pursuant

to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of

the Federal Rules of Bankruptcy Procedure, seeking disallowance and expungement of the Hale

Ave. Claim,[1] all as described in the Hale Ave. Objection; and due and proper notice of the Hale

Ave. Objection having been provided, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Hale Ave.

Objection is in the best interests of the Chapter 11 Estates, their creditors and all parties in

interest in the above captioned chapter 11 cases and that the legal and factual bases set forth in

the Hale Ave. Objection establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Hale Ave. Objection is granted; and it

is further

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Hale Ave. Objection.

US_ACTIVE:\44117118\1\58399.0011

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the Hale

Ave. Claim, which has been assigned claim number 27222, is disallowed and expunged in its

entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated: _____, 2012
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44117118\1\58399.0011