**Presentment Date and Time: October 24, 2012 at 12:00 noon (Prevailing Eastern Time)**
**Objection Deadline:  October 23, 2012 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objection Filed):  October 31, 2012 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and certain of its affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                          :
In re                                                     :       Chapter 11 Case No.
                                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :       08-13555 (JMP)
                                                          :
                      Debtors.                            :       (Jointly Administered)
                                                          :
------------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF SUPPLEMENTAL ORDER REINSTATING CLAIM

**PLEASE TAKE NOTICE** that the undersigned will present the annexed proposed order (the "Supplemental Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **October 24, 2012 at 12:00 noon (Prevailing Eastern Time)**.  The Supplemental Order supplements the Order Granting the One Hundred Second Omnibus Objection to Claims (Foreign Currency Claims), dated May 5, 2011, [ECF No. 16602], and reinstates previously disallowed and expunged claim numbers 59055, 59056, and 59057.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Supplemental Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **October 23, 2012 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Supplemental Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Supplemental Order on **October 31, 2012 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: October 16, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and certain of its affiliates

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and certain of its affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                              :    Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
:
Debtors.                                       :    (Jointly Administered)
:
------------------------------------------------------------------x

## SUPPLEMENTAL ORDER REINSTATING CLAIM

WHEREAS Lehman Brothers Holdings Inc. ("LBHI"), and certain of its affiliated debtors in the above referenced chapter 11 cases (collectively, the "Debtors"), filed the *One Hundred Second Omnibus Objection to Claims (Foreign Currency Claims)*, dated March 11, 2011, [ECF No. 14950] (the "One Hundred Second Omnibus Objection to Claims"),[1] against claim numbers 59055, 59056, and 59057 (the "Claims"), which were filed by Luxicav Obbligazionario, Luxicav Plus Flex 35 and Luxicav Plus Flex 50 (collectively, "Luxicav");

WHEREAS the One Hundred Second Omnibus Objection to Claims sought, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedures, and this Court's order approving

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the One Hundred Second Omnibus Objection to Claims.

procedures for the filing of omnibus objections to proofs of claim, [ECF No. 6664] (the "Procedures Order"), to disallow and expunge certain claims on the grounds that such claims were not denominated in lawful currency of the United States, all as more fully described in the One Hundred Second Omnibus Objection to Claims;

WHEREAS the Court held a hearing on April 28, 2011 (the "Omnibus Hearing") to consider the relief requested in the One Hundred Second Omnibus Objection to Claims;

WHEREAS the Court entered an order on May 5, 2011, [ECF No. 16602], granting the relief requested in the One Hundred Second Omnibus Objection to Claims (the "Order"), which, among other things, disallowed and expunged the Claims;

WHEREAS LBHI has determined that the Claims should not have been disallowed and expunged, and therefore now seeks to reinstate the Claims;

**IT IS HEREBY**:

ORDERED that the Court-approved claims and noticing agent, Epiq Systems, shall be authorized and directed to immediately reinstate the Claims on the official claims register (the "Claims Register"); and it is further

ORDERED that the One Hundred Second Omnibus Objection to Claims is withdrawn as to the Claims; and it is further

ORDERED that, other than as expressly set forth herein, the rights of LBHI and any other party in interest with respect to the Claims are expressly preserved and unaffected by this Supplemental Order; and it is further

ORDERED that, other than with respect to the Claims, this Supplemental Order shall have no affect on the claims subject to the Order; and it is further

2

       ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to this Supplemental Order.

Dated: _____, 2012
       New York, New York

                                          _____
                                          UNITED STATES BANKRUPTCY JUDGE