Hearing Date & Time: October 31, 2012 at 10:00 a.m.

MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000
Andrew D. Gottfried
Patrick D. Fleming
Joshua R. Blackman

*Attorneys for the DWS Communications Fund*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC. *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**RESPONSE OF THE DWS COMMUNICATIONS FUND TO**
**THE PLAN ADMINISTRATOR'S THREE HUNDRED AND FIFTY**
**THIRD OMNIBUS OBJECTION TO CLAIMS**

The DWS Communications Fund (the "Fund"), by and through its undersigned counsel, respectfully submits this response to the *Three Hundred and Fifty Third Omnibus Objection to Claims (No Liability Claims)* (the "Claim Objection") filed by Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, and states as follows:

**PRELIMINARY STATEMENT**

1. Prior to the petition date in this case (the "Petition Date"), the Fund acquired warrants (the "Warrants") issued by Lehman Brothers (Luxembourg) Equity Finance S.A. ("Lehman Luxembourg"), an affiliate that is the subject of an insolvency proceeding in Luxembourg. LBHI guaranteed the Warrants. The Warrants were offered and sold to the Fund

by registered representatives of Lehman Brothers Inc. ("LBI"). On September 11, 2008, the Fund placed an order to liquidate the Warrants with a settlement date of September 16, 2008. Thereafter, a representative of LBHI confirmed to the Fund that the proceeds from the Warrants liquidation would be $12,747,152.26 (the "Warrants Proceeds"). The Adviser for the Fund, Deutsche Investment Management Americas Inc., asked for settlement instructions and instructed the Fund's custodian to deliver the Warrants. The Custodian for the Fund tried twice to tender the Warrants to LBI, but delivery was not accepted.

2. Although Lehman Luxembourg and LBHI were unquestionably required to pay the Warrants Proceeds to the Fund, the Fund has never received any of the Warrants Proceeds and the Fund's custodian was not allowed to tender the Warrants for payment. As a result, the Fund filed a proof of claim against LBHI and a customer claim against LBI.

3. In the Claim Objection, LBHI asserts: "This claim is based on LBHI's purported guarantee of certain obligations incurred by a non-Debtor affiliate of LBHI. The Debtors' records reflect that the non-Debtor affiliate fully performed its obligations, and, therefore, LBHI is not liable for this claim." Claim Objection, Ex. A, 1.

4. Notwithstanding "the Debtors' records," the Fund has never received any portion of the Warrants Proceeds despite the Fund's efforts to collect upon tender of the Warrants nor did the Fund receive any communication stating that the Fund had been paid the Warrants Proceeds. Thus, LBHI has not performed its obligations and remains indebted to the Fund in an amount not less than $12,747,152.26. Accordingly, the Fund respectfully submits that the Court should deny the Claim Objection.

**BACKGROUND**

5. As of the Petition Date, the Fund held the following warrants issued by Lehman Luxembourg—*i.e.* the Warrants:

(a) 369,500 Low Exercise Price Warrants with a maturity date of October 31, 2011 and linked to the performance of Bharti Airtel Ltd. common shares, ISIN # US52520L8651 ("Bharti Warrants"); and

(b) 767,900 Low Exercise Price Warrants with a maturity date of October 31, 2011 and linked to the performance of Reliance Communication Ltd. common shares, ISIN # US52520L8735 ("Reliance Warrants").

6. As provided in all of the documentation of the Warrants, LBHI, as guarantor, is liable for all of the obligations of Lehman Luxembourg under the Warrants, including payment of proceeds upon exercise. The guarantee is unqualified and does not require the Fund to first seek to collect from Lehman Luxembourg.

7. On September 11, 2008, the Fund placed an order to liquidate the Warrants with a settlement date of September 16, 2008. On September 12, 2008, the Fund received confirmation that the order to liquidate the Warrants had been completed, and a representative from LBHI confirmed that the proceeds from the Bharti Warrants liquidation would be $6,131,002.65 and the proceeds from the Reliance Warrants liquidation would be $6,616,149.61, for total proceeds of $12,747,152.26. On the settlement date, September 16, 2008, the Adviser instructed the custodian to deliver the Warrants in accordance with the settlement instructions from Lehman in exchange for the proceeds. However, the Fund never received a credit of $12,747,152.26 or any other amount on account of the Warrants and has no record of having an account at LBI or Barclays (whose names were both reflected on the statement sent to the Fund by LBHI).

8. On September 16, 2008, the settlement date, LBI froze its accounts and did not accept tender of the Warrants. On September 19, 2008, after failing to receive the Warrants Proceeds, the Fund sent a demand for payment to LBI, Lehman Luxembourg, and LBHI. To date, the Fund has not received the Warrants Proceeds.

9. On September 16, 2009, the Fund filed claim number 68105 against LBHI on account of the Warrants and, in particular, LBHI's failure to pay the Warrants Proceeds (as amended and supplemented, the "LBHI Claim"). On May 21, 2012, the Fund supplemented the LBHI Claim to provide additional supporting documentation.

10. In addition to the LBHI Claim, the Fund also filed a Securities Investor Protection Act of 1970 ("SIPA") customer claim against LBI (as amended, the "LBI Claim") in the amount of $12,747,152.26 on account of the Warrants. Thereafter, LBI sent a *Notice of Trustee's Determination of Claim* to the Fund dated November 5, 2009, which provides, in relevant part: "The Trustee has made the following determination regarding your Claim: Your claim for customer treatment of cash and/or securities under the SIPA is DENIED. The cash and/or securities that you claimed are not customer property pursuant to SIPA."

11. On September 13, 2012, approximately a week before LBHI filed the Claim Objection, representatives from LAMCO LLC ("LAMCO"), an affiliate of LBHI, forwarded what appears to be an internally generated account statement showing activity in the Fund's brokerage account at LBI from September 1, 2008 through September 30, 2008. This was the first time that the Fund was provided with any such documentation. LAMCO stated that this internally generated account statement proves that Lehman Luxembourg transferred the Warrants Proceeds to LBI to credit the LBI Account.

4

12. However, the Fund never received a credit of $12,747,152.26 or any other amount on account of the Warrants. Further, the Fund contacted both LBI and Barclays, the entity that purchased the securities accounts from LBI, and neither entity had any record of receiving the Warrants Proceeds or of having such an account in the name of the Fund.

**ARGUMENT**

13. Federal Rule of Bankruptcy Procedure 3001(f) provides: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

14. "Unless the trustee, as objector, introduces evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim." COLLIER ON BANKRUPTCY P 502.02[2][f] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (citing *Brown v. IRS (In re Brown)*, 82 F.3d 801 (8th Cir. 1996) (a claim's presumptive validity is not altered unless an objection is supported by substantial evidence); *In re Hemingway Transp.*, 993 F.2d 915 (1st Cir. 1993) (an objection to a claim does not deprive the claim of its presumptive validity unless the objection is supported by substantial evidence); *In re Fullmer*, 962 F.2d 1463 (10th Cir. 1992) (prepetition claims are presumed to be prima facie valid and the presumption may be overcome by the objecting party only if it offers evidence of equally probative value in rebuttal)).

15. LBHI has offered no evidence as to the invalidity of the LBHI Claim—because it cannot. In short, since the Fund has not yet received the Warrants Proceeds, LBHI has not satisfied its guaranty obligation and remains liable to the Fund in an amount not less than $12,747,152.26.

5

WHEREFORE the Fund respectfully requests that the Court deny the Claim Objection and grant such other and further relief as is just.

Dated: New York, New York
October 19, 2012

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Andrew D. Gottfried
Andrew D. Gottfried
Patrick D. Fleming
Joshua R. Blackman

101 Park Avenue
New York, New York 10178
Phone: (212) 309-6000

*Attorneys for the DWS Communications Fund*