ROPES & GRAY LLP
Keith H. Wofford (KW-2225)
Stephen Moeller-Sally (SM-5160)
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Attorneys for R3 Capital Partners Master L.P.*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | ) Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | ) 08-13555 (JMP) |
| Debtors. | ) (Jointly Administered) |

*EX PARTE* **MOTION OF R3 CAPITAL PARTNERS MASTER L.P. FOR AUTHORIZATION TO FILE UNDER SEAL THE DECLARATION OF C. MICHAEL WEAVER IN CONNECTION WITH OBJECTION TO RULE 2004 SUBPOENA**

R3 Capital Partners Master L.P. ("R3"), by and through its undersigned counsel, submits this *ex parte* motion (the "Motion") pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to file under seal the Declaration of C. Michael Weaver in Support of Objections of R3 Capital Partners Master L.P. to Subpoena for Rule 2004 Examination (the "Weaver Declaration"), including the exhibits thereto. In support of this Motion, R3 respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. R3 was spun-off from Lehman Brothers on May 28, 2008, with assets of approximately $4.8 billion. Lehman filed bankruptcy roughly three months later, in September, 2008. Upon the filing, R3 faced the specter of multi-billion dollar bankruptcy litigation against

the fund and the challenge of Lehman's inability or unwillingness to comply with its investment, counterparty, and financing commitments to the fund. These factors made it virtually impossible for R3 to operate and threatened the existence of R3 and the investments in the fund made by Lehman and R3's other investors. In order to prevent a meltdown of the fund and years of litigation, R3 and certain of its affiliates entered into a global settlement just over a month after the initial Lehman bankruptcy filing. That settlement (the "Global Settlement") was approved by the Bankruptcy Court on October 16, 2008 [Docket No. 1086].

2.     Now, nearly four years later, Lehman Brothers Holdings Inc. ("LBHI") is seeking to resolve affairs relating to R3 – not with R3 itself, but rather with Lehman Brothers International (Europe) ("LBIE") and Lehman Brothers Inc. ("LBI"), two of LBHI's own affiliates with whom R3 never settled. As part of the Global Settlement, R3 made an assignment to LBHI of certain claims against these two entities (the "Assigned Claims").

3.     Notwithstanding R3's prior provision to LBHI of numerous documents and information relating to the assigned claims, and contractually agreed limitations on R3's duties to provide such information, LBHI has served extraordinarily broad and burdensome requests for documents pursuant to a Rule 2004 subpoena (the "Subpoena"). R3 has objected to the Subpoena and will be filing the Weaver Declaration in support of its objections. The Weaver Declaration and the exhibits thereto, consisting of various contracts, communications, and other documents, all contain highly sensitive, proprietary, and confidential information. Accordingly, R3 requests authorization to file the Weaver Declaration under seal.

## BACKGROUND

4.     Following Lehman's bankruptcy, R3 and Lehman entered into the Global Settlement to protect the operations of R3 and the investments in the fund made by Lehman and R3's other investors. The Global Settlement was approved by the Bankruptcy Court on October

2

16, 2008, and was evidenced by, among other things, a Purchase Agreement and an Assignment of Claims.

5.   Pursuant to the Global Settlement and the related Purchase Agreement and Assignment of Claims, R3 and Lehman agreed to contractual information sharing procedures, all as set forth more fully in the Objections of R3 Capital Partners Master L.P. to Subpoena for Rule 2004 Examination (the "Objections")[1] filed concurrently with this Motion.  In summary, the applicable agreements limited R3's obligations to use "commercially reasonable efforts" to provide LBHI with "reasonable documentation supporting the Claims."  Accordingly, R3's obligations to provide information relating to the Assigned Claims are governed by these Court-approved post-petition agreements.

6.   Nearly four years after the Global Settlement, and in violation of the contractually agreed limitations and mechanisms for information relating to the Assigned Claims, LBHI served the Subpoena requesting information R3 has already provided to LBHI, as well as additional information that is irrelevant and unduly burdensome to obtain.  As required by this Court's Order Granting the Debtors Authority to Issue Subpoenas for the Production of Documents and Authorizing the Examination of Persons and Entities [Docket No. 5910], R3 has attempted to resolve the dispute with LBHI to no avail and, accordingly, must file the Objections with the Court.  In support of its objections, R3 will submit the Weaver Declaration and several exhibits thereto, all of which contain highly sensitive, proprietary, and confidential information.

**RELIEF REQUESTED**

7.   By this Motion, R3 requests entry of an order substantially in the form attached hereto as Exhibit A  pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to such terms in the Objections.

3

9018 authorizing R3 to file under seal the Weaver Declaration in support of its Objections to the Subpoena.

## JURISDICTION

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 134. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BASIS FOR RELIEF

9. Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize R3 to file the Confidential Exhibits under seal. Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . .

11 U.S.C. § 107(b).

10. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code. Specifically, Bankruptcy Rule 9018 provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . .

FED. R. BANKR. P. 9018.

11. Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). Once the Court determines that a party is seeking protection of information that falls within a category identified in section 107(b) of the Bankruptcy Code, "the court is required

4

to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994). These categories include "commercial information," which has been defined as "information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the [applicant]." *Id.* (noting that confidential information does not need to rise to the level of a trade secret to require protection).

12. R3 respectfully requests that the Court permit the Weaver Declaration to be filed under seal because of the harm that would likely ensue if the information is publicly disclosed. The Weaver Declaration contains sensitive commercial information about the operations of the fund and its investment positions. For example, the Weaver Declaration includes detailed information regarding the Global Settlement and various issues regarding the settlement that have not been conclusively resolved, including back and forth negotiations between the fund and Lehman. R3's outside investors, including Lehman, have the right to withdraw their investments from the fund based upon a highly negotiated set of disclosures, and these bargained-for disclosures do not include information of the type that is included in the Weaver Declaration and its exhibits. As the fund's investors are not privy to this information, the public disclosure of this information could imperil the fund's commercial interests.[2]

13. Additionally, the Weaver Declaration contains information that may be sensitive to both R3 and the Lehman estate, as it pertains to confidential matters related to the settlement

---

[2] The Debtors have sought and obtained relief to file various documents under seal in these cases based on similar concerns. *See, e.g.* Docket Nos. 6142 & 6155 (seeking and obtaining authorization to file settlement agreement and other settlement document s under seal that "include material and sensitive pricing information" and information "relating to certain funding obligations to be assumed by LCPI," the public disclosure of which would "expose LCPI to a substantial commercial and/or competitive disadvantage"); Docket Nos. 18808 & 18809 (seeking and obtaining authorization to file a schedule of the Debtors' loan portfolio under seal because public disclosure "would harm the commercial interests of the Debtors as all loan market participants would know how much of each loan position the Debtors own").

of claims between the U.S. Lehman bankruptcy estate and LBIE, as well as between LBIE and R3. Based on the confidential and commercial nature of the Weaver Declaration, R3 respectfully requests that the Court grant this Motion to permit its filing under seal.

## NOTICE

14. In accordance with Bankruptcy Rule 9018, this Motion does not require notice. FED. R. BANKR. P. 9018 (providing that a confidential commercial information may be protected "[o]n motion . . . with or without notice"). R3 has, however, advised LBHI of this Motion. R3 respectfully submits that no other or further notice is required.

## NO PRIOR REQUEST

15. No prior motion for the relief requested herein has been made to this Court or any other court.

WHEREFORE, R3 respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, authorizing R3 to file the Weaver Declaration under seal and granting such other and further relief as is just and proper.

ROPES & GRAY LLP

By:/s/ Keith H. Wofford

Dated: October 23, 2012

Keith H. Wofford (KW-2225)
Stephen Moeller-Sally (SM-5160)
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
FACSIMILE: (212) 596-9090

*Attorneys for R3 Capital Partners Master L.P.*

6

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

### ORDER AUTHORIZING R3 CAPITAL PARTNERS MASTER L.P. TO FILE UNDER SEAL THE DECLARATION OF C. MICHAEL WEAVER IN CONNECTION WITH OBJECTION TO RULE 2004 SUBPOENA

Upon consideration of the *ex parte* motion of R3 Capital Partners Master L.P. for Authorization to File Under Seal the Declaration of C. Michael Weaver in Connection with Objection to Rule 2004 Subpoena (the "Motion")[3]; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of this Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor; it is hereby:

1. ORDERED that the Motion is granted; and it is further

2. ORDERED that R3 is authorized to file the Weaver Declaration and all exhibits thereto under seal by delivering such documents to Chambers and to the Clerk of the Court's attention with a letter referencing this Order; and it is further

3. ORDERED that the documents and information subject to this Order shall remain under seal and confidential and shall not be made available to any party other than the Court and

---

[3] Capitalized terms used in this Order but not defined herein shall have the meaning ascribed to such terms in the Motion.

the Debtors except as R3 may otherwise agree or as otherwise ordered by this Court; and it is further

    4.    ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

    5.    ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2012
New York, New York

                                            _____
                                            The Honorable James M. Peck
                                            United States Bankruptcy Judge