# EXHIBIT E

## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

August 5, 2011

Via E-Mail and Hand Delivery

Richard W. Slack, Esq.
   Weil, Gotshal & Manges LLP,
      767 Fifth Avenue,
         New York, New York 10153.

          Re:    Objections of Giants Stadium LLC
                  to Debtors' Subpoena for Rule 2004 Examination

Dear Richard:

         We received your July 27, 2001 Subpoena for Rule 2004 Examination to Giants Stadium LLC ("GSLLC"), commanding the appearance of "an individual or individual(s) with knowledge of the matters and documents set forth in Exhibit A Attached Hereto" for deposition testimony on September 13, 2011 (the "Subpoena"). We object to the Subpoena for the reasons stated in the attached Objections and the following reasons.

         *First*, as you know, pursuant to your prior subpoena for Rule 2004 Examination of March 10, 2011, you deposed Christine Procops, an authorized GSLLC representative, for more than seven hours on May 25, 2011. During the deposition, you specifically questioned Ms. Procops on each of the subjects set forth in Exhibit A of the Subpoena. As the authorized representative of GSLLC primarily responsible for the negotiation of the swaps ("Swaps") at issue in GSLLC's claims against the Estate ("Claims"), Ms. Procops is the GSLLC employee most knowledgeable about the Claims.[1] There is no point in either deposing Ms. Procops again or deposing one of the few other GSLLC employees, all of whom have less knowledge on the issues set forth in Exhibit A. Further deposition discovery on these points is unreasonably duplicative, unduly burdensome, and drives up the professional fees of our respective clients.

---

[1]     *E.g.*, Procops 5/25/11 Deposition Tr. 143:3-7.

Richard W. Slack, Esq.

*Second*, based on your repeated Rule 2004 requests and the posture taken during your deposition of Ms. Procops, it is clear that Debtors have sufficient information to determine whether to object to GSLLC's Claims, or at least to begin mediation on the Claims. Accordingly, it is inappropriate for Debtors to continue to use the currently one-sided Rule 2004 process to continue discovery. At this point, GSLLC has a right to the protections of Rule 9014(c) and 9014(d) of the Federal Rules of Bankruptcy Procedure for contested matters—including mutual discovery and the application of Rules 7026 and 7030.

\*   \*   \*

As you are aware, GSLLC's own motion for a Rule 2004 Examination is still pending, and we hope to resolve the motion with you in good faith. We propose meeting and conferring on these objections and any other issues you wish to discuss at your earliest convenience. Please contact Matthew Schwartz at (212) 558-4197 with available times.

Sincerely,

*Bruce E. Clark, MMS*

Bruce E. Clark