# EXHIBIT F

Page 1

1  UNITED STATES BANKRUPTCY COURT
2  SOUTHERN DISTRICT OF NEW YORK
3  Lead Case No. 08-13555(JMP); 08-01420(JMP)(SIPA)
4  - - - - - - - - - - - - - - - - - - - - -x
5  In the Matters of:
6
7  LEHMAN BROTHERS HOLDINGS INC., et al.,
8          Debtors.
9  - - - - - - - - - - - - - - - - - - - - -x
10 In the Matters of:
11
12 LEHMAN BROTHERS INC.,
13          Debtor.
14 - - - - - - - - - - - - - - - - - - - - -x
15          U.S. Bankruptcy Court
16          One Bowling Green
17          New York, New York
18
19          September 14, 2011
20          10:02 AM
21
22 B E F O R E:
23 HON. JAMES M. PECK
24 U.S. BANKRUPTCY JUDGE
25

1

2    **HEARING re Debtors' Motion for Approval of a Modification to**

3    **the Debtors' Disclosure Statement [Docket No. 19813]**

4

5    **HEARING re Motion of the Official Committee of Unsecured**

6    **Creditors of Lehman Brothers Holdings Inc., et al., for Entry**

7    **of an Order Granting Leave, standing and Authority to Prosecute**

8    **and, if Appropriate, Settle Causes of Action on Behalf of**

9    **Lehman Commercial Paper Inc. [Docket No. 19622]**

10

11   **HEARING re Motion of Insured Persons for an Order Modifying the**

12   **Automatic Stay to Allow Settlement Payment Under Directors and**

13   **Officers Insurance Policy to Settle New Jersey Action [Docket**

14   **No. 19480]**

15

16   **HEARING re Debtors' Motion to Compel Production of Documents**

17   **Improperly Withheld as Privileged by Giants Stadium LLC [Docket**

18   **No. 19585]**

19

20

21

22

23

24

25

1              MR. SLACK:  I think that's a fair question, Your
2    Honor, with the following background, which is the debtor
3    really has bent over backwards not to have discovery disputes,
4    which is why this is so unique.  We've issued, and I've
5    personally been involved in issuing, you know, more than fifty
6    subpoenas to counter-parties.  We've worked diligently,
7    sometimes night and day to resolve disputes, and we've been
8    pretty successful doing it, and will continue to do it.
9              As I said here, and it's the reason I wanted to get
10   up, we offered to look at these documents for purposes of the
11   investigation on a non-waiver basis.  The information was more
12   important than -- you know, than some kind of legal ruling, so
13   we were willing to do that and that was denied.
14             This particular derivative matter, Your Honor, is a
15   300 million dollar claim against the estate.  So it's -- while
16   granted we have a very large estate here, 300 million is still
17   a very, very large claim within the estate.
18             There is a question, Your Honor, and it's one that
19   we're looking at as part of the investigation whether, in fact,
20   it's a claim at all, or whether it's a receivable.  And so that
21   is -- so the swing here is between not just the 300 million,
22   but also a potential receivable of some magnitude.  So it is a
23   significant matter to the estate.
24             I don't assume anything.  I don't know whether the
25   documents that are being withheld are going to have a smoking

Page 53

1  gun or not, I just don't know.  What I do know is I believe
2  we're entitled to them, and when we didn't have any alternative
3  other than being told we weren't going to see them, or come
4  into the court, it's the first time that I brought a motion to
5  compel in front of this Court on a 2004, again I've done a
6  number of them.  So we tried very hard to resolve this short of
7  coming to the Court and were unable to do it.
8             THE COURT:  Okay.
9             MR. CLARK:  We have been trying for over a year to
10 move beyond the debtor's hiding behind 2004 saying they get
11 everything and they give nothing, to a point where we can
12 discuss the merits of this.  Anything else I have to say would
13 just be argumentation between counsel and not help the Court,
14 but we have offered to move this along for well over a year.
15            THE COURT:  Okay.  I guess my suggestion to the
16 parties would be this, during the period of in-camera review,
17 however long that may be, it seems to me that it would be
18 desirable for the parties to spend a little bit of time
19 thinking about possible resolution of this on the merits.  It
20 seems to me to be an issue that is relatively narrow, although
21 one as to which there may be significant areas of disagreement
22 concerning the calculation of loss.
23            I don't pretend to understand all the issues at this
24 point, but I suspect the lawyers who have been speaking to me
25 today about the discovery dispute already have a deep

Page 54

1  understanding of the risks and rewards.  I heard the comment
2  about this may be a receivable, suggesting a doubling down on
3  the part of Lehman, and I accept the argument for what it is,
4  argument, but recognize that the substance of this is something
5  that you might be able to address profitably even while I'm
6  reviewing the documents.
7              MR. CLARK:  Thank you, Your Honor.
8              MR. SLACK:  Your Honor, I just want to say the
9  following, is that -- and make a representation that we are, in
10 fact, still involved and still engaged in trying to finish the
11 investigation.  And what I don't want to happen, Your Honor, is
12 to engage in some kind of preliminary discussions, and be
13 confronted by an argument by Giants Stadium that by discussing
14 the merits that we're now somehow not entitled to get and
15 finish our investigation.
16             So if we could get a -- essentially a commitment that
17 they're not going to try to gotcha us if we sit down and talk
18 to them preliminarily before our investigation is finished,
19 then I would certainly be willing to advise my client to sit
20 down with them.  But I don't want to be faced with a gotcha.
21             THE COURT:  Okay.  You don't even need that
22 commitment because I'm going to give you a gotcha from the
23 bench -- a no gotcha.  If you choose to have a conversation
24 that could lead to some kind of productive business-like
25 resolution of this, doing that will not constitute a waiver of

08-13555-mg   Doc 31653-6   Filed 10/24/12   Entered 10/24/12 20:54:09   Exhibit F
LEHMAN BROTHERS HOLDINGS INC., ET AL.
Pg 7 of 7

Page 55

1   any of your discovery rights or your rights to continue with
2   your investigation as you see fit.  And frankly, you could've
3   had such a conversation although it might not have been
4   productive a year ago.
5               This is to be carried until some further omnibus
6   hearing date after I've had a chance to review the documents,
7   and I'm going to suggest that counsel for Giants Stadium make
8   arrangements directly with my chambers for an appropriate time
9   to turn over the documents.  And we'll see where we go from
10  there.
11              MR. CLARK:  Thank you, Your Honor.
12              THE COURT:  Okay.
13              MR. CLARK:  May I be excused?
14              THE COURT:  Oh, yes, you may.  That's the end of the
15  contested LBHI docket and we're now into the LBI SIPA
16  proceeding.
17              MS. SCHWARTZ:  Your Honor, may I be excused?
18              THE COURT:  Yes.  Anybody who wishes to be excused,
19  may be excused.  Maybe we should just take a moment for
20  people's movements to settle down.
21       (Pause)
22              THE COURT:  Okay.  Let's proceed.
23              MR. MENAKER:  Good morning, Your Honor.  Richard
24  Menaker, special counsel to the SIPA trustee.  The next matter
25  on the agenda is the motion of RBS N.V. and I gather Mr.