# EXHIBIT I

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark
Matthew A. Schwartz

*Attorneys for Giants Stadium LLC*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | : Chapter 11 |
|  | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
|  | : |
| Debtors. | : Jointly Administered |
|  | : |

### OBJECTIONS OF GIANTS STADIUM LLC TO DEBTORS'
### SUBPOENA FOR ADDITIONAL RULE 2004 EXAMINATION

Pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and

Rule 45 of the Federal Rules of Civil Procedure, Giants Stadium LLC ("GSLLC"), by its

undersigned counsel, hereby objects to the Subpoena for Rule 2004 Examination dated and served on

April 9, 2012 ("Subpoena") propounded by Lehman Brothers Special Finance and Lehman Brothers

Holdings, Inc. (jointly, "Debtors"), as follows:

### GENERAL OBJECTIONS

1.     GSLLC objects to the Subpoena on the grounds that it is an abuse of the

Debtors' Rule 2004 subpoena powers, brought solely to annoy, harass, and oppress GSLLC.  Not

only is the requested discovery unnecessary for the Debtors to decide whether to object to GSLLC's

Claims, it has become clear that Debtors have already decided (i) to object to the Claims, and

(ii) precisely the grounds on which they will base their objections. In negotiation and mediation, Debtors have outlined in no uncertain language their opposition to allowing the Claims at their submitted value and the battery of arguments underwriting this opposition. Thus, the Subpoena—which purportedly is a representation by Debtors that they require more information before deciding whether to object to the Claims—is litigation gamesmanship and nothing more. The continued resort to Rule 2004 discovery—this is the third subpoena issued against GSLLC, brought more than three years after GSLLC's Claims were filed—is only possible because Debtors have delayed filing their objection to the Claims. The resulting discovery imbalance, where GSLLC has produced almost 64,000 pages and Debtors have produced none, is the primary reason for such delay.

2.    GSLLC objects to the Subpoena insofar as it commands GSLLC to produce information that is irrelevant to any claim or defense of the parties and not reasonably calculated to lead to the discovery of admissible evidence. For example, communications taking place years after the swaps' termination and valuation is plainly irrelevant to the Claims. The command to produce patently irrelevant information is an abuse of Debtors' Rule 2004 authority, brought solely to annoy, harass, and oppress GSLLC.

3.    GSLLC objects to the Subpoena insofar as it commands GSLLC to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection from disclosure. Indeed, the Subpoena itself seems intentionally designed to invade improperly the privilege and work product protections over documents concerning Giants Stadium's litigation strategy. Any disclosure of information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege,

immunity, or protection is inadvertent and should not be construed to constitute a waiver. The command to produce categorically privileged information is an abuse of Debtors' Rule 2004 authority brought solely to annoy, harass, and oppress GSLLC.

4.    GSLLC objects to the Subpoena insofar as it purports to impose burdens or duties upon GSLLC that exceed the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, or any other applicable laws, rules, or judicial orders.

5.    GSLLC objects to the Subpoena insofar as it commands GSLLC to produce information regarding issues other than the transactions entered into between GSLLC and Lehman Brothers Special Financing Inc. pursuant to the ISDA Master Agreement (FGIC-Insured) dated as of July 27, 2007, the ISDA Master Agreement (FSA-Insured) dated as of July 27, 2007, and related documents.

6.    GSLLC objects to the Subpoena on the grounds that it commands GSLLC to produce information that is unreasonably cumulative or duplicative of information already obtained in discovery and information that is obtainable from another source that is more convenient, less burdensome, or less expensive. The Debtors already have obtained almost 64,000 pages from GSLLC and deposed an Authorized Representative of GSLLC for more than seven hours.

7.    GSLLC objects to Definition 1 ("Bank of America") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), and seek

-3-

information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

8.    GSLLC objects to Definition 2 ("Baupost") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), and seek information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

9.    GSLLC objects to Definition 6 ("Document") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous, and seek information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

10.    GSLLC objects to Definition 7 ("FGIC") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), and seek information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

11.    GSLLC objects to Definition 9 ("FSA") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any

-4-

person or entity acting on its behalf or under its control"), and seek information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

12.    GSLLC objects to Definition 10 ("Giants Stadium") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), and seek information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

13.    GSLLC objects to Definition 11 ("Goal Line") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), and seek information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

14.    GSLLC objects to Definition 12 ("Goldman Sachs") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), and seek information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

-5-

15.    GSLLC objects to Definition 15 ("LBHI") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), and seek information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

16.    GSLLC objects to Definition 16 ("LBSF") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), and seek information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

17.    GSLLC objects to Definition 20 ("NFL") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), and seek information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

18.    GSLLC objects to the first Instruction (¶ 27) insofar as it commands GSLLC to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, and/or other applicable privilege, immunity, or protection from disclosure. Any disclosure of information protected by the attorney-client

-6-

privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection is inadvertent and should not be construed to constitute a waiver.

19.    GSLLC objects to the second Instruction (¶ 28) insofar as it purports to impose burdens or duties upon GSLLC that exceed the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, or any other applicable laws, rules, or judicial orders. GSLLC further objects to the second Instruction insofar as it places an unreasonable burden on GSLLC and is brought solely to annoy, harass, and oppress GSLLC.

20.    GSLLC objects to the third Instruction (¶ 29) insofar as it purports to impose burdens or duties upon GSLLC that exceed the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, or any other applicable laws, rules, or judicial orders. GSLLC further objects to the third Instruction insofar as it places an unreasonable burden on GSLLC and is brought solely to annoy, harass, and oppress GSLLC.

21.    GSLLC objects to the fourth Instruction (¶ 30) insofar as it purports to impose burdens or duties upon GSLLC that exceed the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, or any other applicable laws, rules, or judicial orders. GSLLC further objects to the fourth Instruction insofar as it places an unreasonable burden on GSLLC and is brought solely to annoy, harass, and oppress GSLLC.

22.    GSLLC objects to the eighth Instruction (¶ 34) insofar as it purports to impose burdens or duties upon GSLLC that exceed the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, or any other applicable laws, rules, or judicial orders. GSLLC further objects to the eighth Instruction insofar as it places an unreasonable burden on GSLLC, is brought solely to annoy, harass, and oppress GSLLC, commands the production of information that is unreasonably cumulative or duplicative of information already obtained in discovery and/or information that is obtainable from another source that is more convenient, less burdensome, or less expensive.

23.    GSLLC objects to the ninth Instruction (¶ 35) insofar as it purports to impose burdens or duties upon GSLLC that exceed the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, or any other applicable laws, rules, or judicial orders. GSLLC further objects to the eighth Instruction insofar as it places an unreasonable burden on GSLLC, is brought solely to annoy, harass, and oppress GSLLC, and commands GSLLC to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, and/or other applicable privilege, immunity, or protection from disclosure.

24.    GSLLC objects to the tenth Instruction (¶ 36) insofar as it commands the production of information that is unreasonably cumulative or duplicative of information already obtained in discovery. GSLLC further objects to the tenth Instruction on the grounds that the Debtors already have enough information to determine whether to object to the GSLLC's claims and

any further discovery by Debtors should be conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested matters.

       25.     GSLLC objects to the eleventh Instruction (¶ 37) insofar as it commands the production of information that is unreasonably cumulative or duplicative of information already obtained in discovery. GSLLC further objects to the eleventh Instruction on the grounds that the Debtors already have enough information to determine whether to object to the GSLLC's claims and any further discovery by Debtors should be conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested matters.

       26.     GSLLC objects to the "Relevant Time Period" insofar as it commands GSLLC to produce information that is patently irrelevant to any claim or defense of the parties and not reasonably calculated to lead to the discovery of admissible evidence, information that is unreasonably cumulative or duplicative of information already obtained in discovery, and information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, and/or other applicable privilege, immunity, or protection from disclosure.

## SPECIFIC OBJECTIONS

## REQUEST NO. 1

       All documents responsive to the First Set of Document Requests that were not yet in existence at the time that Giants Stadium produced documents in response to the First Set of Document Requests.

Response to Request No. 1

In addition to GSLLC's General Objections, GSLLC objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence, or whose relevance is outweighed by the burden GSLLC would bear in attempting to collect, review, and produce such material. GSLLC further objects to this Request insofar as it commands GSLLC to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, and/or other applicable privilege, immunity, or protection from disclosure and is brought solely to annoy, harass, and oppress GSLLC. GSLLC's production in response to the First Set of Document Requests concluded twenty-two months and 17,000 docket filings ago; at this point, three years after the original Claims were filed, Debtors already have enough information to determine whether to object to the GSLLC's claims and any further discovery by Debtors should be conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested matters.

REQUEST NO. 2

All documents concerning Giants Stadium's proofs of claim filed in the Lehman Bankruptcy on or about December 6, 2011, including, but not limited to, (i) documents containing or reflecting a description of the methodology used by Giants Stadium to calculate the amount claimed in the proofs of claim, (ii) documents including, but not limited to, spreadsheets, emails and Giants Stadium's books and records that concern the amount claimed in the proofs of claim, (iii) documents concerning the Supplemental Statement attached to the proofs of claim, including all drafts thereof, (iv) all communications with Goldman Sachs, the NFL, Baupost, Bank of America, or Goal Line

concerning any proofs of claim filed in the Lehman Bankruptcy, and (iv) all documents concerning

Giants Stadium's decision to supplement or amend its proofs of claim previously filed in the Lehman

Bankruptcy on or about September 22, 2009.

Response to Request No. 2

      In addition to GSLLC's General Objections, GSLLC objects to this Request on the

grounds that it is overbroad and unduly burdensome and seeks information that is neither relevant to

any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible

evidence, or whose relevance is outweighed by the burden GSLLC would bear in attempting to

collect, review, and produce such material.  GSLLC further objects to this Request insofar as it

commands GSLLC to produce information protected by the attorney-client privilege, the joint

defense or common interest privilege, the attorney work product protection, and/or other applicable

privilege, immunity, or protection from disclosure and is brought solely to annoy, harass, and oppress

GSLLC . Debtors already have enough information to determine whether to object to the GSLLC's

claims and any further discovery by Debtors should be conducted pursuant to Rule 9014 of the

Federal Rules of Bankruptcy Procedure for contested matters.

REQUEST NO. 3

      All documents concerning the sale of Giants Stadium's claims in the Lehman

Bankruptcy.

Response to Request No. 3

      In addition to GSLLC's General Objections, GSLLC objects to this Request on the

grounds that it is overbroad and unduly burdensome and seeks information that is plainly neither

relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of

-11-

admissible evidence, or whose relevance is outweighed by the burden GSLLC would bear in attempting to collect, review, and produce such material. GSLLC further objects to this Request insofar as it commands GSLLC to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection from disclosure and is brought solely to annoy, harass, and oppress GSLLC. Debtors already have enough information to determine whether to object to the GSLLC's claims and any further discovery by Debtors should be conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested matters.

REQUEST NO. 4

All documents reflecting, discussing, or concerning communications between, or on behalf of, Giants Stadium and Bank of America regarding the Lehman Bankruptcy, the Rule 2004 discovery undertaken by LBHI and LBSF in the Lehman Bankruptcy, the Indenture, any Supplemental Indenture, the Master Agreements, the Confirmations, the Bonds, the Insurance and Indemnity Agreement, the Transactions, or the proofs of claim filed in the Lehman Bankruptcy by Giant Stadium.

Response to Request No. 4

In addition to GSLLC's General Objections, GSLLC objects to this Request on the grounds that it is overbroad, unduly burdensome, and unreasonably cumulative and duplicative, and seeks information that is plainly neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence, or whose relevance is outweighed by the burden GSLLC would bear in attempting to collect, review, and produce such material. GSLLC further objects to this Request insofar as it commands GSLLC to produce information protected by

-12-

the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection from disclosure and is brought solely to annoy, harass and oppress GSLLC. Debtors already have enough information to determine whether to object to the GSLLC's claims and any further discovery by Debtors should be conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested matters.

<u>REQUEST NO. 5</u>

All documents reflecting, discussing, or concerning communications between, or on behalf of, Giants Stadium and Bank of America regarding the value of the Transactions both prior to, and after, their purported termination on or about September 18, 2008.

<u>Response to Request No. 5</u>

In addition to GSLLC's General Objections, GSLLC objects to this Request on the grounds that it is overbroad, unduly burdensome, and unreasonably cumulative and duplicative, and seeks information that is plainly neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence, or whose relevance is outweighed by the burden GSLLC would bear in attempting to collect, review, and produce such material. GSLLC further objects to this Request insofar as it commands GSLLC to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection from disclosure and is brought solely to annoy, harass, and oppress GSLLC. Debtors already have enough information to determine whether to object to the GSLLC's claims and any further discovery by Debtors should be

-13-

conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested matters.

## REQUEST NO. 6

All documents concerning the sale of Giants Stadium's claims in the Lehman Bankruptcy to Goal Line.

## Response to Request No. 6

In addition to GSLLC's General Objections, GSLLC objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks information that is plainly neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence, or whose relevance is outweighed by the burden GSLLC would bear in attempting to collect, review, and produce such material. GSLLC further objects to this Request insofar as it commands GSLLC to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection from disclosure and is brought solely to annoy, harass, and oppress GSLLC. Debtors already have enough information to determine whether to object to the GSLLC's claims and any further discovery by Debtors should be conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested matters.

## REQUEST NO. 7

All documents reflecting, discussing, or concerning communications between, or on behalf of, Giants Stadium and Goal Line or Baupost regarding the Lehman Bankruptcy, the Rule 2004 discovery undertaken by LBHI and LBSF in the Lehman Bankruptcy, the Indenture, any Supplemental Indenture, the Master Agreements, the Confirmations, the Bonds, the Insurance and

Indemnity Agreement, the Transactions, or the proofs of claim filed in the Lehman Bankruptcy by Giant Stadium.

Response to Request No. 7

In addition to GSLLC's General Objections, GSLLC objects to this Request on the grounds that it is overbroad, unduly burdensome, and unreasonably cumulative and duplicative, and seeks information that is plainly neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence, or whose relevance is outweighed by the burden GSLLC would bear in attempting to collect, review, and produce such material.  GSLLC further objects to this Request insofar as it commands GSLLC to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection from disclosure and is brought solely to annoy, harass, and oppress GSLLC.  Debtors already have enough information to determine whether to object to the GSLLC's claims and any further discovery by Debtors should be conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested matters.

REQUEST NO. 8

All documents reflecting, discussing, or concerning communications between, or on behalf of, Giants Stadium and Goal Line or Baupost regarding the value of the Transactions both prior to, and after, their purported termination on or about September 18, 2008.

Response to Request No. 8

In addition to GSLLC's General Objections, GSLLC objects to this Request on the grounds that it is overbroad, unduly burdensome, and unreasonably cumulative and duplicative, and

seeks information that is plainly neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence, or whose relevance is outweighed by the burden GSLLC would bear in attempting to collect, review, and produce such material. GSLLC further objects to this Request insofar as it commands GSLLC to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection from disclosure and is brought solely to annoy, harass, and oppress GSLLC. Debtors already have enough information to determine whether to object to the GSLLC's claims and any further discovery by Debtors should be conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested matters.

REQUEST NO. 9

All documents reflecting, discussing, or concerning communications between, or on behalf of, Giants Stadium and Robert Taylor concerning the Lehman Bankruptcy, the Rule 2004 discovery undertaken by LBHI and LBSF in the Lehman Bankruptcy, the Indenture, any Supplemental Indenture, the Master Agreements, the Confirmations, the Bonds, the Insurance and Indemnity Agreement, the Transactions, or the proofs of claim filed in the Lehman Bankruptcy by Giant Stadium.

Response to Request No. 9

In addition to GSLLC's General Objections, GSLLC objects to this Request on the grounds that it is overbroad, unduly burdensome, and unreasonably cumulative and duplicative, and seeks information that is plainly neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence, or whose relevance is outweighed by the

burden GSLLC would bear in attempting to collect, review, and produce such material. GSLLC further objects to this Request insofar as it commands GSLLC to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection from disclosure and is brought solely to annoy, harass, and oppress GSLLC. Debtors already have enough information to determine whether to object to the GSLLC's claims and any further discovery by Debtors should be conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested matters.

REQUEST NO. 10

All documents reflecting, discussing, or concerning communications between, or on behalf of, Giants Stadium and any current or former employee, agent, advisor, representative, or counsel of LBHI, LBSF, LBI, or any related Lehman affiliate, concerning the Lehman Bankruptcy, the Rule 2004 discovery undertaken by LBHI and LBSF in the Lehman Bankruptcy, the Indenture, any Supplemental Indenture, the Master Agreements, the Confirmations, the Bonds, the Insurance and Indemnity Agreement, the Transactions, or the proofs of claim filed in the Lehman Bankruptcy by Giant Stadium.

Response to Request No. 10

In addition to GSLLC's General Objections, GSLLC objects to this Request on the grounds that it is overbroad, unduly burdensome, and unreasonably cumulative and duplicative, and seeks information that is plainly neither relevant to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible evidence, or whose relevance is outweighed by the burden GSLLC would bear in attempting to collect, review, and produce such material. GSLLC

-17-

further objects to this Request insofar as it commands GSLLC to produce information protected by

the attorney-client privilege, the joint defense or common interest privilege, the attorney work

product protection, or any other applicable privilege, immunity, or protection from disclosure and is

brought solely to annoy, harass, and oppress GSLLC. Debtors already have enough information to

determine whether to object to the GSLLC's claims and any further discovery by Debtors should be

conducted pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure for contested

matters.

REQUEST NO. 11

All of Giants Stadium's financial statements, both audited and non-audited, that relate

to the valuation of the Transactions, and all documents which relate to, support, or are the basis for

such valuations, regardless of whether such documents were created by Giants Stadium or a third

party.

Response to Request No. 11

In addition to GSLLC's General Objections, GSLLC objects to this Request on the

grounds that it is overbroad and unduly burdensome and/or seeks information that is neither relevant

to any party's claim or defense, nor reasonably calculated to lead to the discovery of admissible

evidence, or whose relevance is outweighed by the burden GSLLC would bear in attempting to

collect, review, and produce such material. GSLLC further objects to this Request insofar as it

commands GSLLC to produce information protected by the attorney-client privilege, the joint

defense or common interest privilege, the attorney work product protection, or any other applicable

privilege, immunity, or protection from disclosure and is brought solely to annoy, harass, and oppress

GSLLC. Debtors already have enough information to determine whether to object to the GSLLC's

claims and any further discovery by Debtors should be conducted pursuant to Rule 9014 of the

Federal Rules of Bankruptcy Procedure for contested matters.

*        *        *

GSLLC reserves all its rights with respect to the Subpoena, including the right to

modify or supplement its objections thereto.  GSLLC affirms that the Stipulation Governing the

Production of Confidential Materials dated August 3, 2010 shall govern the designation and handling

of documents, if any.  GSLLC is prepared to meet and confer regarding the resolution of these

objections.

Dated: New York, New York    SULLIVAN & CROMWELL LLP
   September 19, 2012

By: _____
     Bruce E. Clark
     Matthew A. Schwartz
     SULLIVAN & CROMWELL LLP
     125 Broad Street
     New York, New York 10004
     Telephone: (212) 558-4000
     Facsimile: (212) 558-3588

     *Attorneys for Giants Stadium LLC*

-19-

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark
Matthew A. Schwartz

*Attorneys for Giants Stadium LLC*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

|                                          |   |                           |
|------------------------------------------|---|---------------------------|
| In re                                    | : | Chapter 11                |
|                                          | : |                           |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | Case No. 08-13555 (JMP)   |
|                                          | : |                           |
| Debtors.                                 | : | Jointly Administered      |
|                                          | : |                           |

### CERTIFICATE OF SERVICE

I, Matthew A. Schwartz, hereby certify that, on September 19, 2012, I caused to be served a

true and correct copy of **Objections of Giants Stadium LLC to Debtors' Subpoena For**

**Additional Rule 2004 Examination** via e-mail and hand delivery upon:

> Richard W. Slack
> Michael J. Firestone
> Weil Gotshal & Manges LLP
> 767 Fifth Avenue
> New York, New York 10153-0119
>
> *Attorneys for Debtors*

Dated: New York, New York
        September 19, 2012

By: _____
        Matthew A. Schwartz