# EXHIBIT J

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | : Chapter 11 |
|  | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
|  | : |
| Debtors. | : Jointly Administered |
|  | : |

## RESPONSES AND OBJECTIONS OF GIANTS STADIUM LLC TO DEBTORS' SUBPOENA FOR RULE 2004 EXAMINATION

Pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Rule 45 of the Federal Rules of Civil Procedure, Giants Stadium LLC ("Giants Stadium"), by its undersigned counsel, hereby responds and objects to the Debtors' Subpoena for Rule 2004 Examination, dated May 19, 2010, and Exhibit A thereto (together, the "Subpoena"), as follows:

## GENERAL OBJECTIONS

The following General Objections apply to each individually numbered document request and other paragraph set forth in the Subpoena and shall have the same force and effect as if set forth in full in response to each document request and paragraph.

1.      Giants Stadium objects to the Subpoena and to each Definition, Instruction and Request contained therein to the extent that they purport to impose burdens or duties upon Giants Stadium that exceed the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, in particular in the above-captioned action (the "Chapter 11 case"), or under the Federal Rules of Civil Procedure and any applicable local rules.

2.      Giants Stadium objects to the Subpoena and to each Definition, Instruction and Request contained therein to the extent that they seek information protected by the attorney-

client privilege, the work product doctrine, or any other applicable privilege or immunity from disclosure. Any disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege, protection, immunity, law or rule is inadvertent and should not be construed to constitute a waiver.

3.    Giants Stadium objects to the Subpoena and to each Definition, Instruction and Request contained therein to the extent that they are overly broad, unduly burdensome and/or seek information that is neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estates.

4.    Giants Stadium objects to the Subpoena and to each Definition, Instruction, and Request contained therein to the extent that they purport to impose burdens or duties, or seek information beyond the scope for which Rule 2004 is intended in these circumstances.

5.    Giants Stadium objects to the Subpoena and to each Definition, Instruction and Request contained therein to the extent that they seek confidential information of Giants Stadium or its customers or counterparties. Giants Stadium will produce such information after the entry of and subject to an appropriate confidentiality agreement, stipulation and/or order.

6.    Giants Stadium objects to the Subpoena and to each Definition, Instruction and Request contained therein to the extent that they purport to seek documents not in Giants Stadium's possession or custody.

7.      Giants Stadium objects to the Subpoena and to each Definition, Instruction and Request contained therein to the extent that they purport to seek documents that are publicly available or available to Debtors from a more convenient, less expensive or less burdensome source than from Giants Stadium.

8.      Giants Stadium objects to the Subpoena and to each Definition, Instruction and Request contained therein to the extent that they purport to impose a continuing duty to supplement.

9.      Giants Stadium objects to the Subpoena and to each Definition, Instruction and Request contained therein to the extent that they purport to require Giants Stadium to reach legal conclusions about any document, thing or event.

10.     Giants Stadium objects to the Subpoena and to each Definition, Instruction and Request contained therein to the extent that they purport to require any search for information beyond a reasonable search.  In responding to the Subpoena, Giants Stadium will conduct, if necessary, a reasonable search of those files in its possession or custody in the United States in which information responsive to the Subpoena (as limited by these objections) is reasonably likely to be located in the reasonably accessible electronic files and hard copy files maintained by Giants Stadium.

11.     Giants Stadium reserves all objections that may be available to it at any hearing or trial or on any motion to the use or admissibility of any material produced.  The production of any material does not constitute an admission by Giants Stadium that such material or the information contained therein is relevant to this action or admissible into evidence.

-3-

12.     Giants Stadium reserves the right to amend or supplement this response with additional objections and to produce additional documents that may become available or come to its attention in the future.  Giants Stadium may rely upon such information or documents in any hearing, trial or other proceeding in this litigation.

13.     The failure of Giants Stadium to make a specific objection to a particular individual request is not, and shall not be construed as, an admission that responsive information exists.  Likewise, any statement herein that Giants Stadium will produce documents in response to an individual request does not mean that Giants Stadium in fact has any such documents, or that any such document exists, or that Giants Stadium will search all files maintained by any person, but instead reflects Giants Stadium's intention, subject to its objections, to conduct a reasonable search for responsive documents if there are any such documents.

14.     Giants Stadium objects to Definition 6 ("Debtor" or "Debtors") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are vague and ambiguous (including but not limited to use by incorporation of the terms "and/or") because the definition does not identify the specific entity to which it is referring.

15.     Giants Stadium objects to Definition 7 ("Document" or "Documents") and to any specific document requests incorporating that definition to the extent that such definition and any such document requests purport to impose burdens or duties upon Giants Stadium that exceed the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure and any applicable local rules.

16.     Giants Stadium objects to Definition 9 ("Financing Transaction") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "replace, refinance, or restructure"), and seek information that is neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate.

17.     Giants Stadium objects to Definition 10 ("FGIC") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the terms "agents" and "representatives"), and seek information that is neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate.

18.     Giants Stadium objects to Definition 11 ("FSA") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the terms "agents" and "representatives"), and seek information that is neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate.

19.     Giants Stadium objects to Definition 12 ("Giants Stadium," "You" and "Your") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the terms "agents" and "representatives"), and seek

information that is neither relevant to the claims, rights or interests of Debtors in the Chapter 11

case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate.

Giants Stadium further objects to this definition to the extent that it seeks to characterize legal

relationships in a manner that may or may not be incorrect.  For purposes of this Subpoena,

Giants Stadium will construe the Subpoena as seeking documents from only Giants Stadium.

20.    Giants Stadium objects to Definition 13 ("Goldman Sachs") and to any

specific document requests incorporating that definition on the grounds that such definition and

any such document requests are overbroad, unduly burdensome, vague and ambiguous

(including but not limited to the terms "agents" and "representatives"), and seek information that

is neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor

reasonably calculated to assist in the administration of Debtors' bankruptcy estate.

21.    Giants Stadium objects to Definition 15 ("LBHI") and to any specific

document requests incorporating that definition on the grounds that such definition and any such

document requests are overbroad, unduly burdensome, vague and ambiguous (including but not

limited to the terms "agents" and "representatives"), and seek information that is neither relevant

to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to

assist in the administration of Debtors' bankruptcy estate.

22.    Giants Stadium objects to Definition 16 ("LBSF") and to any specific

document requests incorporating that definition on the grounds that such definition and any such

document requests are overbroad, unduly burdensome, vague and ambiguous (including but not

limited to the terms "agents" and "representatives"), and seek information that is neither relevant

to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate.

23.     Giants Stadium objects to Definition 21 ("NFL") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the terms "agents" and "representatives"), and seek information that is neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate.

24.     Giants Stadium objects to Definition 25 ("Replacement Transaction") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "replace, or establish a hedge in lieu of"), and seek information that is neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate.

25.     Giants Stadium objects to Definition 29 ("Wilmington Trust") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the terms "agents" and "representatives"), and seek information that is neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate.

26.     Giants Stadium objects to each of Instructions 30 through 42 to the extent that they purport to impose burdens or duties upon Giants Stadium that exceed the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure and any applicable local rules.  In addition, Giants Stadium objects to Instruction 40 and to any specific document requests incorporating that instruction on the grounds that such instruction and any such document requests are overbroad and unduly burdensome.

27.     Giants Stadium objects to Debtors' definition of the "relevant time period" ("January 1, 2006 through the present") and to any specific document requests incorporating that time period on the grounds that January 1, 2006 is too early and "the present" is later than any relevant time period, and so such document requests are overbroad, unduly burdensome and seek information that is neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate.

28.     Giants Stadium objects to the Subpoena to the extent that it seeks to impose an obligation on Giants Stadium to produce responsive documents by the time specified for responses and objections to the Subpoena (originally June 25, 2010, now extended by agreement of the parties to July 26, 2010).  Without waiving any objections, Giants Stadium will produce responsive documents on a rolling basis and intends to begin production on or before August 2, 2010.

## SPECIFIC OBJECTIONS

REQUEST NO. 1

All documents concerning any valuation of the Terminated Transactions, both prior to and following their purported termination on September 18, 2008, including, but not limited to, the valuation(s) contained in the Calculation Statements.

Response to Request No. 1

In addition to Giants Stadium's General Objections, Giants Stadium objects to this Request to the extent that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or whose relevance is outweighed by the burden Giants Stadium would bear in attempting to collect, review and produce such material. Subject to and without waiving its objections, Giants Stadium will produce such documents that it can locate with reasonable effort that are responsive to this Request.

REQUEST NO. 2

All documents containing or reflecting a description, in whole or in part, of the methodology used by Giants Stadium to determine the value of the Terminated Transactions, including, but not limited to, the valuation(s) contained in the Calculation Statements.

Response to Request No. 2

In addition to Giants Stadium's General Objections, Giants Stadium objects to this Request to the extent that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or whose relevance is outweighed by the burden Giants Stadium would bear in attempting to collect, review and produce such material. Subject to and without waiving its objections, Giants

Stadium will produce such documents that it can locate with reasonable effort that are responsive to this Request.

REQUEST NO. 3

All documents reflecting or constituting communications by or on behalf of Giants Stadium with Reference Market-makers, or any other persons, with respect to the value of the Terminated Transactions, and all responses and other communications from Reference Market-makers and any other persons.

Response to Request No. 3

In addition to Giants Stadium's General Objections, Giants Stadium objects to this Request to the extent that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or whose relevance is outweighed by the burden Giants Stadium would bear in attempting to collect, review and produce such material.  Subject to and without waiving its objections, Giants Stadium will produce such documents that it can locate with reasonable effort that are responsive to this Request.

REQUEST NO. 4

All documents concerning any Unpaid Amounts due with respect to the Terminated Transactions.

Response to Request No. 4

In addition to Giants Stadium's General Objections, Giants Stadium objects to this Request to the extent that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or whose relevance is outweighed by the burden Giants Stadium would bear in attempting to

-10-

collect, review and produce such material.  Subject to and without waiving its objections, Giants

Stadium will produce such documents that it can locate with reasonable effort that are responsive

to this Request.


REQUEST NO. 5

All documents concerning any Replacement Transaction, including, but not limited to,
documents reflecting (i) any consideration paid or received in connection with a Replacement
Transaction, (ii) the names of any entity which effectuated a replacement, (iii) when any such
transaction was effected, and (iv) confirmations, master agreements, and all other relevant
documentation.

Response to Request No. 5

In addition to Giants Stadium's General Objections, Giants Stadium objects to

this Request to the extent that it is overbroad and unduly burdensome and/or seeks information

or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter

11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or

whose relevance is outweighed by the burden Giants Stadium would bear in attempting to

collect, review and produce such material.  Giants Stadium further objects to this Request on the

ground that the phrase "all other relevant documentation" is vague and ambiguous.  Subject to

and without waiving its objections, Giants Stadium will produce such documents that it can

locate with reasonable effort that are responsive to this Request.


REQUEST NO. 6

All documents concerning any Financing Transaction, including, but not limited to,
documents reflecting (i) any consideration paid or received in connection with a Financing
Transaction, (ii) the names of any entity which arranged and/or underwrote a Financing
Transaction, (iii) when any such transaction was effected, and (iv) offering documents, closing
documents, indentures, and all other relevant documentation.

Response to Request No. 6

        In addition to Giants Stadium's General Objections, Giants Stadium objects to

this Request to the extent that it is overbroad and unduly burdensome and/or seeks information

or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter

11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or

whose relevance is outweighed by the burden Giants Stadium would bear in attempting to

collect, review and produce such material.  Giants Stadium further objects to this Request on the

ground that the phrase "all other relevant documentation" is vague and ambiguous.  Subject to

and without waiving its objections, Giants Stadium will produce such documents that it can

locate with reasonable effort that are responsive to this Request.


REQUEST NO. 7

        All documents concerning any communications between and among, or on behalf of,
Giants Stadium and any third party, including but not limited to Goldman Sachs, Wilmington
Trust, and any of Giants Stadium's representatives, advisors, agents, accountants, and counsel
related to (i) any quotations from Reference Market-makers, including but not limited to the
Reference Market-makers identified in the Calculation Statements, or other persons; (ii) any
Replacement Transaction; (iii) any Financing Transaction (iv) the Terminated Transactions;
(v) the Calculation Statements; (vi) the terms of the Confirmations; and/or (vii) the Proofs of
Claim and any sale, assignment, or participation thereof.

Response to Request No. 7

        In addition to Giants Stadium's General Objections, Giants Stadium objects to

this Request to the extent that it seeks privileged communications, or is overbroad and unduly

burdensome and/or seeks information or documents that are neither relevant to the claims, rights

or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the

administration of Debtors' bankruptcy estate or whose relevance is outweighed by the burden

Giants Stadium would bear in attempting to collect, review and produce such material.  Subject

to and without waiving its objections, Giants Stadium will produce such non-privileged

documents that it can locate with reasonable effort that are responsive to this Request.


REQUEST NO. 8

    Documents sufficient to identify all persons who were involved in the valuation of the
Terminated Transactions or in the replacement of the Terminated Transactions, and descriptions
of their roles in connection therewith.

Response to Request No. 8

    In addition to Giants Stadium's General Objections, Giants Stadium objects to

this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information

or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter

11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or

whose relevance is outweighed by the burden Giants Stadium would bear in attempting to

collect, review and produce such material.  Giants Stadium further objects to this Request on the

ground that the phrase "involved in the valuation of the Terminated Transactions or in the

replacement of the Terminated Transactions" is vague and ambiguous.  Moreover, this

information likely will be ascertainable from the documents that will be provided to Debtors

through Giants Stadium's production of documents that are responsive to the other requests.


REQUEST NO. 9

    Any and all documents, including but not limited to delivery confirmations,
demonstrating that the Terminated Transactions were effectively terminated under the terms of
the Master Agreement.

Response to Request No. 9

    In addition to Giants Stadium's General Objections, Giants Stadium objects to

this Request to the extent that it is overbroad and unduly burdensome and/or seeks information

or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter

-13-

11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or whose relevance is outweighed by the burden Giants Stadium would bear in attempting to collect, review and produce such material. Giants Stadium further objects to this Request to the extent that it requires analysis of a legal conclusion and on the ground that the phrase "demonstrating that the Terminated Transactions were effectively terminated" is vague and ambiguous. Subject to and without waiving its objections, Giants Stadium will produce such documents that it can locate with reasonable effort that are responsive to this Request.

REQUEST NO. 10

Documents sufficient to identify all master agreements, confirmations and other documents constituting the agreement between the parties in connection with the Terminated Transactions.

Response to Request No. 10

In addition to Giants Stadium's General Objections, Giants Stadium objects to this Request to the extent that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or whose relevance is outweighed by the burden Giants Stadium would bear in attempting to collect, review and produce such material. Giants Stadium further objects to this Request on the ground that it seeks documents that are in the possession of or otherwise available to Debtors. Subject to and without waiving its objections, Giants Stadium will produce such documents that it can locate with reasonable effort that are responsive to this Request.

REQUEST NO. 11

All documents concerning the terms of the Confirmations, including the meaning and/or interpretation thereof.

-14-

Response to Request No. 11

In addition to Giants Stadium's General Objections, Giants Stadium objects to this Request to the extent that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or whose relevance is outweighed by the burden Giants Stadium would bear in attempting to collect, review and produce such material. Subject to and without waiving its objections, Giants Stadium will produce such documents that it can locate with reasonable effort that are responsive to this Request.

REQUEST NO. 12

All documents concerning the negotiation, execution, and Giants Stadium's understanding of the Master Agreement and the Confirmations, including all drafts and term sheets.

Response to Request No. 12

In addition to Giants Stadium's General Objections, Giants Stadium objects to this Request to the extent that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or whose relevance is outweighed by the burden Giants Stadium would bear in attempting to collect, review and produce such material. Subject to and without waiving its objections, Giants Stadium will produce such documents that it can locate with reasonable effort that are responsive to this Request.

-15-

REQUEST NO. 13

For the period from August 1, 2008 through the present, all documents concerning any communications between Giants Stadium and Debtors relating to (i) the Terminated Transactions, (ii) the Bonds, (iii) the Master Agreement, and/or (iv) the broker-dealer function in respect of the Bonds.

Response to Request No. 13

In addition to Giants Stadium's General Objections, Giants Stadium objects to

this Request to the extent that it is overbroad and unduly burdensome and/or seeks information

or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter

11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or

whose relevance is outweighed by the burden Giants Stadium would bear in attempting to

collect, review and produce such material.  Giants Stadium further objects to this Request on the

ground that it seeks documents that are in the possession of or otherwise available to Debtors,

and on the ground that requiring a search through "the present" is overbroad and unduly

burdensome.  Giants Stadium further objects to this Request on the ground that the phrase "the

broker-dealer function in respect of the Bonds" is vague and ambiguous.  Subject to and without

waiving its objections, Giants Stadium will produce such documents that it can locate with

reasonable effort that are responsive to this Request.


REQUEST NO. 14

For the period from August 1, 2008 through the present, all documents concerning any communications between Giants Stadium and LBI relating to (i) the Terminated Transactions, (ii) the Bonds, (iii) the Master Agreement, and/or (iv) the broker-dealer function in respect of the Bonds.

Response to Request No. 14

In addition to Giants Stadium's General Objections, Giants Stadium objects to

this Request to the extent that it is overbroad and unduly burdensome and/or seeks information

or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter

11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or

whose relevance is outweighed by the burden Giants Stadium would bear in attempting to

collect, review and produce such material.  Giants Stadium further objects to this Request on the

ground that it seeks documents that are in the possession of or otherwise available to Debtors,

and on the ground that requiring a search through "the present" is overbroad and unduly

burdensome.  Giants Stadium further objects to this Request on the ground that the phrase "the

broker-dealer function in respect of the Bonds" is vague and ambiguous.  Subject to and without

waiving its objections, Giants Stadium will produce such documents that it can locate with

reasonable effort that are responsive to this Request.


REQUEST NO. 15

 All documents concerning any communications between and among, or on behalf of,
Giants Stadium and any third party, including but not limited to Goldman Sachs, Wilmington
Trust, FSA, FGIC, any rating agency, and any of Giants Stadium's representatives, advisors,
agents, accountants, and counsel, related to related to [sic] the broker-dealer function performed
by LBI in connection with the Bonds, including but not limited to any termination or
replacement of LBI in its capacity as broker-dealer.

Response to Request No. 15

 In addition to Giants Stadium's General Objections, Giants Stadium objects to

this Request to the extent that it is overbroad and unduly burdensome and/or seeks information

or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter

11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or

whose relevance is outweighed by the burden Giants Stadium would bear in attempting to

collect, review and produce such material.  Giants Stadium further objects to this Request on the

ground that the terms "representatives" and "agents" and the phrase "the broker-dealer function

performed by LBI in connection with the Bonds" are vague and ambiguous.  Subject to and

-17-

without waiving its objections, Giants Stadium will produce such documents that it can locate

with reasonable effort that are responsive to this Request.


REQUEST NO. 16

All documents concerning any auctions held in connection with the Bonds, including but
not limited to documents concerning successes and failures, auction rate settings, all-held rates,
tender, interest rate conversion, redemption, the tax consequences of redemption, and/or
alternative financing, if any.

Response to Request No. 16

In addition to Giants Stadium's General Objections, Giants Stadium objects to

this Request to the extent that it is overbroad and unduly burdensome and/or seeks information

or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter

11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or

whose relevance is outweighed by the burden Giants Stadium would bear in attempting to

collect, review and produce such material.  Subject to and without waiving its objections, Giants

Stadium will produce such documents that it can locate with reasonable effort that are responsive

to this Request.


REQUEST NO. 17

For the period from and including January 1, 2007 through the present, (i) all of Giants
Stadium's financial statements, both audited and non-audited, (the "Financial Statements") (ii)
any of Giants Stadium's financial disclosures provided to parties including but not limited to its
current and prospective investors, Goldman Sachs, Wilmington Trust, FSA, FGIC, the NFL, and
any rating agency, and (iii) documents including without limitation spreadsheets, emails, and
Giants Stadium's books and records which relate to the valuation of the Terminated Transactions
recorded in each Financial Statement whether such documents were prepared by Giants Stadium
or a third party.

Response to Request No. 17

In addition to Giants Stadium's General Objections, Giants Stadium objects to (i)

and (ii) of this Request on the grounds that they are overbroad and unduly burdensome and/or

-18-

seek information or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or whose relevance is outweighed by the burden Giants Stadium would bear in attempting to collect, review and produce such material. Giants Stadium objects to (iii) of this Request to the extent that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or whose relevance is outweighed by the burden Giants Stadium would bear in attempting to collect, review and produce such material. In addition, Giants Stadium objects to (i), (ii), and (iii) of the Request to the extent that they seek information or documents that do not directly relate to the valuation of the Terminated Transactions. Subject to and without waiving its objections, Giants Stadium will produce such documents that it can locate with reasonable effort that are responsive to subparagraph (iii) of this Request.

REQUEST NO. 18

All financial projections, prepared for internal or external use, for Giants Stadium concerning the period from January 1, 2007 through the present, or any portion thereof.

Response to Request No. 18

In addition to Giants Stadium's General Objections, Giants Stadium objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or whose relevance is outweighed by the burden Giants Stadium would bear in attempting to collect, review and produce such material. Giants Stadium further objects to this Request on the ground that the term "financial projections" is vague and ambiguous.

REQUEST NO. 19

Documents sufficient to identify the terms of any outstanding Giants Stadium financing arrangements which have been in effect at any time from January 1, 2006 through the present.

Response to Request No. 19

In addition to Giants Stadium's General Objections, Giants Stadium objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or whose relevance is outweighed by the burden Giants Stadium would bear in attempting to collect, review and produce such material. Giants Stadium further objects to this Request on the ground that the term "financing arrangements" is vague and ambiguous.

REQUEST NO. 20

Documents sufficient to identify the complete ownership history of the Bonds.

Response to Request No. 20

In addition to Giants Stadium's General Objections, Giants Stadium objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or whose relevance is outweighed by the burden Giants Stadium would bear in attempting to collect, review and produce such material. Giants Stadium further objects to this Request on the ground that it is vague and ambiguous and on the ground that, so far as Giants Stadium is aware, the documents responsive to this Request are not in Giants Stadium's possession.

<u>REQUEST NO. 21</u>

All documents concerning the Offering Circular, including drafts and amendments related to subsequent auction dates, if any, with respect to the Bonds and all executed ancillary documents.

<u>Response to Request No. 21</u>

In addition to Giants Stadium's General Objections, Giants Stadium objects to this Request to the extent that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or whose relevance is outweighed by the burden Giants Stadium would bear in attempting to collect, review and produce such material. Subject to and without waiving its objections, Giants Stadium will produce such documents that it can locate with reasonable effort that are responsive to this Request.

<u>REQUEST NO. 22</u>

Documents sufficient to show the status of the obligations with respect to FSA and FGIC in connection with the Bonds and/or the Terminated Transactions.

<u>Response to Request No. 22</u>

In addition to Giants Stadium's General Objections, Giants Stadium objects to this Request to the extent that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or whose relevance is outweighed by the burden Giants Stadium would bear in attempting to collect, review and produce such material. Giants Stadium further objects to this Request on the ground that the phrase "the status of the obligations with respect to FSA and FGIC in connection with the Bonds and/or the Terminated Transactions" is vague and ambiguous. Subject to and

-21-

without waiving its objections, Giants Stadium will produce such documents that it can locate

with reasonable effort that are responsive to this Request.

REQUEST NO. 23

All documents concerning the Proofs of Claim including (i) any back-up or other
information underlying the claims, and (ii) any sale, transfer, or participation thereof.

Response to Request No. 23

In addition to Giants Stadium's General Objections, Giants Stadium objects to

this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information

or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter

11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or

whose relevance is outweighed by the burden Giants Stadium would bear in attempting to

collect, review and produce such material. Giants Stadium further objects to this Request on the

ground that the phrase "back-up or other information underlying the claims" is vague and

ambiguous. Giants Stadium refers Debtors to the Proofs of Claim, which provide extensive

information. To the extent that more information becomes necessary, Giants Stadium will

supplement its production.

REQUEST NO. 24

All documents concerning (i) any consent of, or ratification by, FGIC and/or FSA to the
designation of an Early Termination Date, or (ii) the effect of the designation of an Early
Termination Date on Giants Stadium's compliance with any Covered Indenture or Insurance and
Indemnity Agreement.

Response to Request No. 24

In addition to Giants Stadium's General Objections, Giants Stadium objects to

this Request to the extent that it is overbroad and unduly burdensome and/or seeks information

or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter

11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or

whose relevance is outweighed by the burden Giants Stadium would bear in attempting to

collect, review and produce such material.  Giants Stadium further objects to this Request on the

ground that the phrase "the effect of the designation of an Early Termination Date on Giants

Stadium's compliance" is vague and ambiguous.  Subject to and without waiving its objections,

Giants Stadium will produce such documents that it can locate with reasonable effort that are

responsive to this Request.


REQUEST NO. 25

All documents concerning the Termination Letters and the Calculation Statements,
including all drafts thereof, to the extent not requested above.

Response to Request No. 25

In addition to Giants Stadium's General Objections, Giants Stadium objects to

this Request to the extent that it is overbroad and unduly burdensome and/or seeks information

or documents that are neither relevant to the claims, rights or interests of Debtors in the Chapter

11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estate or

whose relevance is outweighed by the burden Giants Stadium would bear in attempting to

collect, review and produce such material.  Subject to and without waiving its objections, Giants

Stadium will produce such documents that it can locate with reasonable effort that are responsive

to this Request.

\*      \*      \*

Subject to and without waiving the foregoing General and Specific Objections,

Giants Stadium  is prepared to meet and confer to discuss the production of certain categories of

non-privileged documents that are responsive to the Subpoena, that are relevant to the claims,

rights or interests of Debtors in the Chapter 11 case, that are not available from a more

convenient, less expensive or less burdensome source  (including but not limited to Debtors

themselves) and that are not unduly burdensome to collect, review and produce.

Dated: July 26, 2010

Bruce E. Clark
Edward M. Grauman
Sarah D. Carlson
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Attorneys for Giants Stadium LLC*