RECEIVED
OCT 1 7 2012
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

In Re: Lehman Brothers Holdings, et al    Case 08-13555 (JMP) JA

Debtor

## LIMITED OBJECTION OF WILLIAM KUNTZ, III TO FEE APPLICATION

## OF COUNSEL TO THE CREDITORS COMMITTEE

Now comes, William Kuntz III who appears here Pro Se and interposes

this Limited Objection to the Fee Application of **Milbank, Tweed, Hadley &**

**McCloy LLP.**

As this Court is well aware,  Objectant from time to time gave an active voice

to much of the manner and style of the Direction of this Case, included

but not limited to the absurd Flood Gates Argument, the Purchase of

Empty Buildings, worthless Junior Mortgage Positions and so forth

which Cumulated in a fairly specific set of Objections to his Claims.

That Matter is now on Appeal in District Court. Ex 1.

At the Commencement of this Case, Objectant filed a Motion to Lift

the Automatic Stay. (Docket 271)   As the Court may note, the bulk of the Motion

was handwritten on Amtrak, while en-route to New York City from Boston.

This was opposed by Weil, Gotshal. (Docket 830) Two days after the

Objection of Weil, Gottschalk, that Objection was joined by the Creditors

Committee represented by Milbank, Tweed. (Docket 851) Ex 2. The Court denied

the Motion. (Docket 1094)

Long after that Motion was denied, Objectant came into the knowledge that US Bank was a Member of the Creditors Committee.  Ex 2.  US Bank is the Successor Indenture Trustee of 2 of Objectants Grand Union Capital Corp 0% Notes.

As this Court is aware, US Bank has appeared in other matters before this Court.  Often this appearance has been by Attorney Craig Price of Chapman and Cutler. At no time, has US Bank appeared in this Case as the Successor Indenture Trustee of Grand Union on Objectant's behalf.  As Objectant has remarked often his involvement in Lehman has been occasioned by the decade long AWOL status of the respective Bank Trustee's.

During the Court of formulation of its Claims Objections to this Party, Weil, Gotshal deposited  a large number of  Documents from Grand Union's several Ch 11 Cases including, for whatever reason, what appears to be an entire copy of the Delaware Plan.  Sandwiched somewhere was the Order of Judge Winfield of Aug 20, 2012. Ex 3. That Order, included US Bank ordered that a certain $892,000 Note be replaced. It was subsequently discovered and disclosed in what can only be viewed as an egregious breach of its Fiduciary Duty that US Bank had shredded the Un-issued Notes in its sole custody and control in an blatant attempt to further what might be viewed as a scheme to defraud Objectant and further in total disregard of the Prior Order of Judge Winfield. Ex 4 and 5 are the subsequent Stipulation as to the missing Note.

Over the years and from time to time, Objectant wrote to both First Trust

then US Bank. Ex 6 and 7.

Objectant also wrote, with nothing done, the SEC. Ex 8 and 9. Objectant

is quite fortunate in that he had his other 2 Notes delivered in Certificate form.

Ex 10 being issued some 17 years ago.

## THE FEE APPLICATION

Modern Bankruptcy Practice has evolved quite a bit since interim awards of fees

were instituted. The amounts are clearly shocking to the Joe-Six Packs of the

World. The <u>Wall Street Journal</u> reported that Professional Fee's in this Case

Exceeded $1 Billion and that story was printed almost 2 years ago.

In any event, the Fee application process in this Case has been so shielded from

the Public View as to make the Operations of Area 51or Plant 42 in Nevada seem

like Front Page Stories in the New York Post.

In any event, Objectant is quite sure that Milbank Tweed billed for something.

In so far as the relationship between US Bank and this Objectant was not

disclosed in the Joining Objection or covered over with the typical verbal

Boilerplate, the result is the same. Counsel for the Creditors Committee must have

either been requested to join in the Objection or felt it necessary in a show of

solidarity with Weil, Gotshal. Again the result is the same, the Court was

not fully informed. Now it might be argued that Milbank Tweed itself was not

informed or was unaware of this problem. They could have withheld support.

They could have requested more time. So at best you have Negligence.

Accordingly, it is appropriate, just and proper that the fee award of

$144,430,022.50 be reduced by that amount reflected in its billings

with respect to this small episode.

## THE BANKRUPTCY COURT AS A COURT OF EQUITY

While it is often said that Bankruptcy Courts are Courts of Equity, I don't

recall ever seeing Equity done. Mostly, Modern Bankruptcy Practice is

a series of pitfalls for the naive, the ill-advised, the ill-informed, the unwary

and so forth.  Strict application of artificial time lines and overwhelming

presentation of thickly bound papers now delivered in electronic form are almost

as devastating as a Stuka Attack.

"History does not support the common characterization of the bankruptcy
court as a court of equity. American bankruptcy law and procedure did not
develop out of bankruptcy proceedings before English chancery courts..."

Copyright (c) 1999 University of South Carolina
South Carolina Law Review
*ARTICLE: "THE BANKRUPTCY COURT IS A COURT OF EQUITY": WHAT DOES
THAT MEAN?*

http://en.wikipedia.org/wiki/Equity_(law)

http://www.bankruptcylitigationblog.com/archives/us-supreme-court-cases-54-us-supreme-court-majority-extends-a-bankruptcy-courts-power-to-curtail-a-bad-faith-debtors-seemingly-absolute-rights-under-the-code.html

**Pepper v. Litton**. Supreme Court of the United States , 1939. 308 U.S. 295, 60 S.Ct. 238, 84
L.Ed. 281

Washington and Lee Law Review-Volume 56 | Issue 2 Article 8

## AWARD OF A SANCTION

Accordingly, it might be appropriate for the Court to consider a Sanction against Milbank. For example, the Court could Sanction the face value of Objectants Grand Union Capital Corp 0% Notes which would be $1,892,000.00.  While that might seem a hard reach this Court, it amounts to just less than 1% of the Professional Fee's desired in the Application.

The Creditor's Committee and Counsel are not supposed to act as covering Wingmen or Wingwomen as it will be for Debtor's Counsel. Independent Judgment is required and if problems develop, as here, they need to be disclosed. If for whatever reasons, US Bank elected to purge its Corp Trust Records of the Grand Union Capital Corp then the results must have consequences. Somewhere out there, aside from the Martin Act, there is a law commonly known as the Trust Indenture Act.

The act also requires that a trustee be appointed for all bond issues, so that the rights of bondholders are not compromised.

Read more: http://www.investopedia.com/terms/t/trustindentureactof1933.asp#ixzz29JQrXdHY

The act even has its own section of the American Bar Association.

http://meetings.abanet.org/webupload/commupload/CL700000/sitesofinterest_files/20060120000000.pdf

It boggles my mind to think that US Bank, who is the Sucessor Indenture

Trustee of the unpaid Grand Union Notes, should formulate a position by

the Creditors Committee to ensure that a Noteholder such as Objectant

should not be paid in the context of this Case. Perhaps, the Court

might wish to the consider the deeper implications. Perhaps the Court might wish

to impose an even greater Sanction which would include both unpaid principal

and unpaid interest as a warning to future Professionals that Professional

means Professional and not a member of the good old boys club.

Several not insignificant Law Firms have recently collapsed because

of the inability to earn fees.

<u>10 Huge **Law Firm Collapses** Of The Decade - Business Insider</u>
Biglaw is not recession-proof. ...
www.businessinsider.com/...law-firm-collapses-2009-12 –

and of course     <u>10 Law Firms That Are Loving The Financial Crisis</u>

Number 1 being Weil, Gotshal.

http://www.businessinsider.com/10-law-firms-that-are-loving-the-financial-crisis-2009-12?op=1#xzz29JV7DvyN

Respectfully,

William Kuntz, III
India St PO Box 1801
Nantucket Island, Ma 02554-1801
508-775-5225

Hyannis, Ma
Oct 14, 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In Re
Lehman Brothers Holdings Inc.
Debtor
Lehman Brothers Holdings Inc.
Appellant
William Kuntz, III

          -against-

<u>Appellee</u>
Lehman Brothers Holdings Inc.
-------------------------------------------------------X

<u>SCHEDULING ORDER</u>
12cv5621 (GBD)

GEORGE B. DANIELS, District Court Judge:

    An appeal of an Order of the Bankruptcy Court of the Southern District of New York having been filed and both appellant and appellee having submitted their designation of record on appeal, it is hereby,

    ORDERED, that appellant's memorandum of law in support of its appeal shall be submitted by **September 18, 2012**, appellees' opposition shall be submitted by **October 16, 2012**, and appellant's reply shall be submitted by **November 13, 2012.**

    IT IS FURTHER ORDERED that when filing any papers with the Court, the parties shall provide one courtesy copy to United States Courthouse, 500 Pearl Street, New York, New York 10007.

Dated: New York, New York
      August 17, 2012

                              SO ORDERED:

                              *George B Daniels*

                              George B. Daniels, USDJ

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:12-cv-05621-GBD

In Re: Lehman Brothers Holdings Inc.
Assigned to: Judge George B. Daniels
Case in other court: USBC-SDNY, 08-B-13555 (JMP)
Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BA

Date Filed: 07/23/2012
Jury Demand: None
Nature of Suit: 422 Bankruptcy Appeal (801)
Jurisdiction: Federal Question

**In Re**

**Lehman Brothers Holdings Inc.**

**Debtor**

**Lehman Brothers Holdings Inc.**

**Appellant**

**William Kuntz, III**                    represented by    **William Kuntz, III**
India St.
PO Box 1801
Nantucket, MA 02554-1801
PRO SE

V.

**Appellee**

**Lehman Brothers Holdings Inc.**                represented by    **Robert Justin Lemons**
Weil, Gotshal & Manges LLP (NYC)
767 Fifth Avenue, 25th Fl.
New York, NY 10153
212/ 310-8000
Fax: (212)-310-8007
Email: robert.lemons@weil.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/23/2012 | 1 | NOTICE OF APPEAL FROM THE BANKRUPTCY COURT TO THE S.D.N.Y. from the Order of Judge James M. Peck Bankruptcy Court Case Numbers: 08-B-13555 (JMP). Certified copies of file received. Document filed by William Kuntz, III. Appellant Brief due by 8/10/2012.(bkar) (Entered: 07/23/2012) |
| 07/23/2012 | 2 | DESIGNATION OF BANKRUPTCY RECORD ON APPEAL re: 1 Bankruptcy Appeal.. Document filed by Appellant William Kuntz, III. (bkar) (Entered: 07/23/2012) |

Dennis F. Dunne
Luc A. Despins
Wilbur F. Foster, Jr.
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

-and-

Paul Aronzon
Gregory A. Bray
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone: (213) 892-4000

Proposed Counsel for Official
Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x
                      :

In re:                     :        Chapter 11 Case No.
                      :

LEHMAN BROTHERS HOLDINGS INC., et al.,   :       08-13555 (JMP)
                      :

           Debtors.        :       (Jointly Administered)
                      :

------------------------------------------------------------------- x

**JOINDER OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN DEBTORS' OBJECTION TO THE MOTION OF
WILLIAM KUNTZ III FOR AN ORDER LIFTING OR MODIFYING
THE AUTOMATIC STAY IN THESE CHAPTER 11 CASES**

        The Official Committee of Unsecured Creditors (the "Committee") appointed in

the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Lehman Brothers Holdings

Inc. and its affiliated debtors (other than Lehman Brothers Inc.) (collectively, the "Debtors")

hereby joins (the "Joinder") in the Debtors' objection (the "Objection") to the motion of William

Kuntz, III ("Kuntz"), filed September 18, 2008 (the "Motion"), for an order lifting or modifying

the automatic stay in the Chapter 11 Cases, and respectfully states as follows:

## BACKGROUND

1.     On September 15, 2008 and periodically thereafter, the Debtors

commenced the Chapter 11 Cases. The Debtors have been authorized to operate their businesses

and manage their properties as debtors in possession pursuant to section 1107(a) and 1108 of the

Bankruptcy Code. On September 17, 2008, the United States Trustee for the Southern District of

New York (the "U.S. Trustee") appointed the Committee. No trustee or examiner been

appointed in the Chapter 11 Cases.

2.     On September 18, 2008, Kuntz filed the Motion, seeking a modification of

the automatic stay, apparently to pursue purported claims against Grand Union Capital – an

entity unrelated to the Debtors or the Chapter 11 Cases that reorganized under the supervision of

the United States Bankruptcy Court for the District of Delaware in 1995.

## JOINDER AND OBJECTION

3.     The Committee joins in the Debtors' opposition to the Motion for all the

reasons set forth in the Objection, including, without limitation, on the grounds that: (i) Kuntz

has failed to demonstrate that he has any interest in any property of the Debtors or the Chapter 11

Cases; (ii) Kuntz has failed to demonstrate any cause for lifting the automatic stay in respect to

the Motion; (iii) a balancing of the harms, including the impact on creditors of the estates,

weighs in favor of denial of the Motion; and (iv) the Court should give no weight to Kuntz's

status as a *pro se* litigant due to his decades as a "professional" litigant.

2

**WHEREFORE,** the Committee respectfully requests that the Court (i) deny the

Motion; and (ii) grant such other relief as is just.

Dated:    New York, New York
          October 13, 2008

                        **MILBANK, TWEED, HADLEY & McCLOY LLP**

                        By:  /s/ Dennis F. Dunne
                        Dennis F. Dunne
                        Luc A. Despins
                        Wilbur F. Foster, Jr.
                        1 Chase Manhattan Plaza
                        New York, NY 10005
                        Telephone:  (212) 530-5000

                        -and-

                        Paul Aronzon
                        Gregory A. Bray
                        601 South Figueroa Street, 30th Floor
                        Los Angeles, CA 90017
                        Telephone:  (213) 892-4000

                        Proposed Counsel for Official
                        Committee of Unsecured Creditors
                        of Lehman Brothers Holdings Inc., et al.

**U.S. Bank. N.A.**
Corporate Trust Services
One Federal Street, 3d Floor
Boston, MA 02110
Phone:(617) 603-6429
Fax:    (617) 603-6640
Attn:   Laura L. Moran, Vice President

Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
http://www.weil.com
Phone:    (212) 310-8000
Fax:      (212) 310-8007
Attn:     Harvey R. Miller, Esq.
          Richard P. Krasnow, Esq.
          Lori R. Fife, Esq.
          Jacqueline Marcus, Esq.
          Robert J. Lemons, Esq.
          Alfredo R. Perez, Esq.

To see a copy of the Order Authorizing the Employment and Retention of Weil, Gotshal & Manges LLP as Attorneys for the Debtors, please click here. [Docket #1660]

Lehman Legal Hotline:
Phone:    (212) 310-8040
Email:    LehmanTeam@Weil.Com

**Debtors' Chief Restructuring Officers**
Alvarez & Marsal North America, LLC
600 Lexington Avenue, 6th Floor
New York, NY 10022
http://www.alvarezandmarsal.com
Phone:    (212) 759-4433
Fax:      (212) 759-5532

To see a copy of the Order Authorizing the Debtors to Retain Alvarez & Marsal North America, LLC to Provide the Debtors a Chief Restructuring Officer and Additional Personnel, and to Appoint the Chief Restructuring Officer, please click here. [Docket #2278]

**Debtors' Investment Banker**
Lazard Freres & Co. LLC
30 Rockefeller Plaza
New York, NY 10020
http://www.lazard.com
Phone:    (212) 632-6896
Fax:      (212) 332-1757
Attn:     Barry W. Ridings

To see a copy of the Order Authorizing the Employment and Retention of Lazard Freres & Co. LLC as Investment Banker to the Debtors, please click here. [Docket #2275]

**Official Committee of Unsecured Creditors**

Pursuant to Docket #7034, the following creditors have been appointed to the Official Committee of Unsecured Creditors in these cases by the Office of the United States Trustee:

| | | |
|---|---|---|
| Wilmington Trust Company, as Indenture Trustee<br>520 Madison Avenue, 33rd Floor<br>New York, New York 10022<br>Phone:    (212) 415-0522<br>Fax:      (212) 415-0513<br>Attn:     James J. McGinley, Managing Debtor | The Bank of NY Mellon<br>101 Barclay - 8 W<br>New York, New York 10286<br>Phone:    (212) 815-5373<br>Attn:     Attn: Gerard Facendola, Vice President Corporate Trust | Mizuho Corporate Bank, Ltd. as Agent<br>1251 Avenue of the Americas<br>New York, New York 10020-1104<br>Phone:    (212) 282-3486<br>Fax:      (212) 282-4490<br>Attn:     Noel P. Purcell, Senior Vice President |
| Metlife<br>10 Park Avenue, P.O. Box 1902<br>Morristown, New Jersey 07962-1902<br>Phone:    (973) 355-4581<br>Fax:      (973) 355-4230<br>Attn:     David Yu, Director | The Vanguard Group Inc.<br>P.O. Box 2600, V31<br>Valley Forge, Pennsylvania 19482<br>Phone:    (800) 523-1036 x13346<br>Fax:      (610) 407-2875<br>Attn:     Stewart Hosansky, Principal/Senior Analyst | U.S. Bank. N.A.<br>Corporate Trust Services<br>One Federal Street, 3d Floor<br>Boston, MA 02110<br>Phone:    (617) 603-6429<br>Fax:      (617) 603-6640<br>Attn:     Laura L. Moran, Vice President |
| Elliott Management Corp.<br>712 Fifth Avenue<br>New York, NY 10019<br>Phone:    (212) 506-2999<br>Fax:      (212) 974-2092<br>Attn:     Ed Joel | | |

**Official Committee of Unsecured Creditors Key Professionals**

Counsel for Committee of Unsecured Creditors
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
http://www.milbank.com
Phone:    (212) 530-5000
Fax:      (212) 530-5219
Attn:     Dennis F. Dunne, Esq.
          Evan Fleck, Esq.
          Dennis O'Donnell, Esq.

Case 98-27912-NLW    Doc 277    Filed 08/20/99    Entered 08/25/99 10:58:00    Desc
Order Denying William Kuntz III's Reconsideration and Motion t    Page 1 of 3

SUCCESSFUL PARTY SERVE A FILED COPY OF THIS
ORDER UPON ALL PARTIES TO THIS ACTION.

FILED
JAMES J. WALDRON, CLI
AUG 20 1999
U.S. BANKRUPTCY COUR
NEWARK, N.J.
BY _____ DEPUT

RAVIN, GREENBERG & MARKS, P.A.
Co-Attorneys for The Grand Union Company
101 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 226-1500
Morris S. Bauer (MB 6677)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| THE GRAND UNION COMPANY, | : | Case No. 98-27912 (NLW) |
| Debtor. | : | Hearing Date: July 26, 1999 |
| | : | |

### ORDER DENYING WILLIAM KUNTZ, III'S MOTION FOR
### RECONSIDERATION AND MOTION TO VACATE THE
### JANUARY 19, 1999 CLAIM EXPUNGEMENT ORDER AND OTHER RELIEF

This matter having been opened to the Court by William Kuntz, III, *pro se*
on the application for the entry of an order vacating the January 19, 1999 claims
expungement order, which order *inter alia* expunged an $892,000 proof of claim filed by
William Kuntz, III in the above captioned matter; and the Court having read and
considered the pleadings heretofore filed; and the Court having further considered the
arguments of William Kuntz, III and Ravin, Greenberg & Marks, P.A., counsel to The
Grand Union Company ("Grand Union"); and for good cause shown;

IT IS on this 20ᵗʰ day of Aug. , 1999

ORDERED, that the motion for reconsideration and/or the vacating of the
January 19, 1999 claims expungement order as filed by William Kuntz, III be and hereby
is denied; and it is further

277

ORDERED, that for the reasons set forth on the record at the hearing conducted on July 26, 1999, Grand Union be and hereby is directed no later than thirty (30) days from the entry of the within Order to either cause to be re-issued to Mr. Kuntz a Grand Union Capital Corporation 15.00% Series A Senior Zero Coupon Notes due 2004 in the face of amount of $892,000 (the "New Note") or provide Mr. Kuntz such reasonable substitute note or the like that would place Mr. Kuntz in the same position had the subject note not been exchanged for warrants of Grand Union; and it is further

ORDERED, that, upon its issuance, the New Note shall replace that certain "Grand Union Capital Corporation 15.00% Series A Senior Zero Coupon Notes due 2004 in the face of amount of $892,000" certificate number R-000806 (the "Old Note"), which Old Note was exchanged for Grand Union warrants on or about September 17, 1997 and such Old Note shall be of no force or effect and may not for any reason be asserted and/or enforced against any party, including Grand Union, its agents (including IBJ Schroder Bank & Trust Company n/k/a IBJ Whitehall Bank & Trust Company, The Depository Trust Company, US Bancorp f/k/a First Trust National Association, and Bankers Trust Company) and assigns; and it is further

ORDERED, that neither Grand Union nor its agents (including IBJ Schroder Bank & Trust Company n/k/a IBJ Whitehall Bank & Trust Company, The Depository Trust Company, US Bancorp f/k/a First Trust National Association, and Bankers Trust Company) and assigns shall be liable to any person or party for any claims, actions,

suits, losses, damages, costs, charges, counsel fees, and other expenses by reason of the reissuance of the New Note; and it is further

ORDERED, that in the event Grand Union is unable to cause the reissuance of the New Note or a reasonable substitute within the time period prescribed herein, Grand Union may seek an extension of said time period by way of an oral application to the Court upon one (1) day telephonic or e-mail notice to William Kuntz III.

*Novalyn L. Winfield*

HONORABLE NOVALYN L. WINFIELD
UNITED STATES BANKRUPTCY JUDGE

\\Server\ny\Sbss\Sandra\GRAND\GRA126.ord.Kuntz
080399

-3-

08-13555-mg    Doc 31660    Filed 10/17/12    Entered 10/25/12 10:42:28    Main Document
Pg 17 of 29

Case 98-27912-NLW    Doc 299    Filed 02/23/00    Entered 02/25/00 14:35:00    Desc
Order Authorizing Grand Union to Issue a Stipulation as a Substitute Note to Ku    Page 1 of 7

PCL XL error

| | |
|---|---|
| Subsystem: | KERNEL |
| Error: | UnsupportedProtocol |
| Operator: | 0x0 |
| Position: | 0 |

FILED
JAMES J. WALDRON

FEB 23 2000

U.S. BANKRUPTCY COURT
NEWARK, NJ
BY _____. DEPUTY

RAVIN, GREENBERG & MARKS, P.A.
Co-Attorneys for The Grand Union Company
101 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 226-1500
Morris S. Bauer (MB 6677)

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| THE GRAND UNION COMPANY, | : | Case No. 98-27912 (NLW) |
| Debtor. | : | Hearing Date: February 7, 2000 |
| | : | |

## ORDER (A) AUTHORIZING GRAND UNION TO ISSUE A STIPULATION AS A SUBSTITUTE NOTE TO KUNTZ AND (B) DENYING KUNTZ CONTEMPT MOTION

This matter having been opened to the Court by William Kuntz, III, *pro se* on the application for the entry of an order vacating the January 19, 1999 claims expungement order, which order *inter alia* expunged an $892,000 proof of claim filed by William Kuntz, III in the above captioned matter; and the Court having entered an order on August 20, 1999 denying Kuntz's motion for reconsideration and motion to vacate the January 19, 1999 claim expungement order and other relief (the "August 20 Order"); and it appearing that pursuant to the August 20 Order that Grand Union was directed to issue to Mr. Kuntz a Grand Union Capital Corporation 15.00% Series A Senior Zero Coupon Notes due 2004 in the face amount of $892,000 (the "New Note") or provide Kuntz such reasonable substitute note or the like that would place Kuntz in the same position had

299

W

Congratul

If y

P

The

S


D

L


H

E

M

Ad

the subject note not been exchanged for warrants of Grand Union; and it appearing that

by letter dated January 5, 2000 on notice to Kuntz, that Grand Union requested a

conference call with the Court seeking the Court's determination that a certain stipulation

in the form annexed hereto as Exhibit "A" (the "Stipulation") represents a reasonable

substitute; and it further appearing that on or about January 12, 2000, Kuntz filed a

motion seeking to hold Grand Union in contempt for not having reissued the note (the

"Contempt Motion"); and it further appearing that the Court having conducted a

telephonic hearing on January 26, 2000 and an in-court hearing on February 7, 2000 on

adequate notice to all parties in interest; and the Court having read and considered the

pleadings heretofore filed; and the Court having further considered the arguments of Mr.

Kuntz and Ravin, Greenberg & Marks, P.A., counsel to Grand Union; and for good cause

shown

IT IS on this 23rd day of Feb. , 2000 (61.

ORDERED, that the Contempt Motion be and hereby is denied; and it is

further

ORDERED, that the Stipulation in the form annexed hereto as Exhibit "A"

be and hereby is deemed an adequate and appropriate reasonable substitute note for

purposes of satisfying Grand Union's obligation to provide Mr. Kuntz such reasonable

substitute note or the like that would place Mr. Kuntz in the same position had the note

identified as "Grand Union Capital Corporation 15.00% Series A Zero Coupon Notes due

-2-

PCL XL error

Subsystem:  KERNEL

Error:      UnsupportedProtocol

Operator:   0x0

Position:   0

2004 in the face amount of $892,000", Certificate No. R-000806 not been exchanged for

Warrants of Grand Union; and it is further

ORDERED, that Grand Union be and hereby is directed to execute the

Stipulation and forward an original to Mr. Kuntz within ten (10) days of the entry of this

Order.

_Novalyn L. Winfield_

HONORABLE NOVALYN L. WINFIELD
UNITED STATES BANKRUPTCY JUDGE

\\Server\myfiles\Sondra\GRAND\GRA130.ord.stipKuntz
020800

-3-

PCL XL error

Subsystem:    KERNEL

Error:    UnsupportedProtocol

Operator:    0x0

Position:    0

RAVIN, GREENBERG & MARKS, P.A.
Co-Attorneys for The Grand Union Company
101 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 226-1500
Morris S. Bauer (MB 6677)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re              :      Chapter 11

THE GRAND UNION COMPANY,  :      Case No. 98-27912 (NLW)

Debtor.         :

:

STIPULATION BY THE GRAND UNION COMPANY RE:
WILLIAM KUNTZ, III GRAND UNION CAPITAL
CORPORATION NOTE

WHEREAS, prior to September 17, 1997, William Kuntz, III held a certain

"Grand Union Capital Corporation 15.00% Series A Senior Zero Coupon Notes due 2004

in the face amount of $892,000", Certificate No. R-000806 (the "Old Note"); and

WHEREAS, the Old Note was exchanged for warrants ("Warrants") of The

Grand Union Company ("Grand Union") on or about September 17, 1997; and

WHEREAS, on August 20, 1999, the United States Bankruptcy Court for the

District of New Jersey in the chapter 11 proceeding of the Grand Union Company, Case

No. 98-27912 entered an Order denying William Kuntz, III's motion for reconsideration

and motion to vacate the January 19, 1999 claim Expungement Order and Other Relief,

which Order, *inter alia*, provided that Grand Union was directed to reissue to Mr. Kuntz

08-13555-mg    Doc 31660    Filed 10/17/12    Entered 10/25/12 10:42:28    Main Document
Pg 21 of 29

Case 08-27912-NLW    Doc 299    Filed 02/23/00    Entered 02/25/00 14:35:00    Desc
Order Authorizing Grand Union to Issue a Stipulation as a Substitute Note to Ku    Page 6 of 7

PCL XL error

Subsystem:    KERNEL

Error:    UnsupportedProtocol

Operator:    0x0

Position:    0

a Grand Union Capital Corporation 15.00% Series A Senior Zero Coupon Notes due 2004 in the face amount of $892,000 (the "New Note") or provide Mr. Kuntz such reasonable substitute note or the like that would place Mr. Kuntz in the same position had the subject note not been exchanged for warrants of Grand Union; and

WHEREAS, Grand Union has been informed by IBJ Schroder Bank & Trust Company n/k/a IBJ Whitehall Bank & Trust Company, the authenticating agent, and U.S. Bancorp f/k/a First Trust National Association that they no longer possess an inventory of note certificates; and

WHEREAS, as a result of the dissolution of Grand Union Capital Corporation ("GUCC"), GUCC is unable to issue a substitute note certificate.

NOW, THEREFORE, it is hereby stipulated as follows:

1.    Grand Union acknowledges that Mr. Kuntz held the Old Note immediately prior to September 17, 1998.

2.    Grand Union acknowledges that the Old Note was exchanged for Warrants to purchase common stock of The Grand Union Company on or after September 17, 1998.

3.    Grand Union acknowledges that pursuant to the Order dated August 20, 1999, that Mr. Kuntz be and hereby shall be again considered the holder of a Grand

-2-

```
PCL  L error

*Subsystem:  KERNEL

Error:       UnsupportedProtocol

Operator:    0x0

Position:    0
```

Union Capital Corporation 15.00% Series A Senior Zero Coupon Notes due 2004 in the

face amount of $892,000, Certificate No. R-000806.

THE GRAND UNION COMPANY

By:_____
  GLENN J. SMITH, ESQ.,
  Corporate Counsel

DATED:

\\Server\myfiles\Sondra\GRAND\GRA129.stipulation

March 5,1998

First Trust,NA
180 East 5th Street
Corporate Trust Administration
St Paul,Minn 55101

Re: Grand Union Capital Corporation ( a Delaware Corporation )
    15% Series A Senior Zero Coupon Notes due 2004 /CUSIP 386527 AC9
    16.5% Series A Senior Subordinated Zero Coupon Notes due 2007
    CUSIP 386527 AD7

Gentlemen:

    This will confirm my phone call of yesteday with regards to the above
captioned Securities.
    I am somewhat perplexed to say the least. I understood that you were
the Corporate Trustee of these Securities. I was told on the phone that you
in fact were no longer the Trustee and had resigned in favor of Marine Midland.

    I am having trouble getting a Certificate for some Notes in my brokerage
Account at Prudential. I delivered it into my account and it was flipped [ at least
on the Computer Screen/System] into the Grand Union Warrants even though I
rejected the Exchange Offer.

    Would you be so kind as to advise me of your understanding at this moment
in time of what is going on, if in fact you know.

                I thank you in advance

          William Kuntz
            PO Box 461,Lake Placid,New York 12946-0461
            518-962-4966

cc: Prudential Securities

June 8,2006

US Bank-Corp Trust-Sucessor Indenture Trustee
Grand Union Capital Corp 0% Notes
C/60 Livingston Ave,St Paul,Minn 55164-0111

Re: Weil,Gotshal & Manges

Sir/Madam:
    As your records should reflect, I obtained an Order
from the Bankruptcy Judge in kuntz-vs-industial bank
of japan <ibjschroders/whitehall> to recover a Note in
the Amount of $892,000. Despite the clear chance that I
would obtain this Order, you destroyed the unissued
Note Supply which you held. Notwithstanding your
misconduct, I was able to obtain a viable stipulation to
effect the recovery of this Security and reflect my
ownership of same.
    I recently learned that the W,G&M[1] firm  who I think
Represented the Debtor in New Jersey also represents
Lehman Brothers. Since Lehman has laid hands on the
Cash Escrow from the GU-1 Case in Delaware without
ever obtaining an Order from anybody, much less the
Appropriate Judge, which in my view would be Judge
Walsh.
    In any event, I should like to know the Bank's Present
Posture with regards to any intention to take a recovery
On these and the other Assets in Order to meet your
Obligations under the Indenture,etc. I understand that
the Officer who had dealt with this has left the Bank.
Thanx
William Kuntz,III
Kuntzwm1@yahoo.com
Copies as needed

---

[1] Please find enclosed email to Mr. Basta@WG&M



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

HO-938299

OFFICE OF
INVESTOR EDUCATION
AND ASSISTANCE

September 30, 2003

Mr. William Kuntz, III
P.O. Box 461
Lake Placid, NY  12946-0461

Dear Mr. Kuntz:

Thank you for your courtesy-copy August 7, 2003 letter (received August 27, 2003) regarding Lehman Brothers and the bankruptcy proceedings of Grand Union Company.

The SEC keeps a database of information about the complaints we receive.  This database allows us to track whether a troubling situation may be developing about a particular issue, company, broker, stock, or other securities product.  The information you have provided will be reflected in our database.

Beyond entering your information into our database, however, the SEC can do nothing further to assist you.  That is because the issue you've raised is not one that we deal with at the SEC.  The SEC administers and enforces the federal laws that govern the sale and trading of stocks, bonds, mutual funds, and other securities.  We have a Web site, www.sec.gov, which explains in detail what we do.

As you may know, the SEC has a limited role with regard to a public company filing for protection under the federal bankruptcy laws.  In general, we review the company's disclosure documents to determine whether it tells investors and creditors the important information they need to know.  We may also ensure that stockholders are represented by an official committee, if appropriate.

We will not do anything more with your letter unless you contact us again.  I hope you receive the answers you are seeking.

Once again, thank you for sending to us a copy of your letter.

Sincerely,

Jim Daly
U.S. Securities & Exchange Commission
Office of Investor Education and Assistance
450 5th Street, NW
Washington, DC 20549-0213
(202) 942-7173, (202) 942-9634 (fax)
oiea@sec.gov



**OFFICE OF
INVESTOR EDUCATION
AND ASSISTANCE**

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

HO-1099753

October 20, 2005

William Kuntz, III
% Ansell
25 Alprilla Farm Road
Hopkinton, Mass 01748

     Re:  Grand Union Capital Corp.

Dear Mr. Kuntz:

     This is in response to your September 8, 2005 letter concerning your dissatisfaction with the SEC in the handling of your on-going complaint relating to your Grand Union Capital Corp. 0% Notes.

     This office regrets that you dissatisfied that the SEC could not resolve your complaint.  As you know, the SEC is limited in its regulatory role regarding bankruptcy proceedings.  Once again, we thank you for writing to us.  If you have any questions, please contact me at 1-202-551-6323.

                  Sincerely,

                  S. Philip Neri
                  Investor Assistance Specialist

072-771214

72-771217

REGISTERED                                                                                    REGISTERED

This Security has original issue discount for Federal income tax purposes, determined pursuant to Sections 1272 through 1275 of the Internal Revenue Code of 1986, as amended, and the proposed Treasury Regulations promulgated thereunder, in the amount of $1,411.38 per $1,000 face amount of this Security. The Security was issued on July 22, 1992, and has a yield to maturity (inclusive of cash interest) of 15.74%, calculated using the approximate method. The amount of original issue discount allocable to the short initial accrual period is $25.61 per $1,000 face amount, determined on the basis of the approximate method.

No. R- 000804                                                                    $      **1000000**

                                                                            CUSIP 386527 AC9

# GRAND UNION CAPITAL CORPORATION

15.00% Series A Senior Zero Coupon Notes due 2004

GRAND UNION CAPITAL CORPORATION, a corporation organized and existing under the laws of the State of Delaware, promises to pay to

```
WILLIAM KUNTZ            **1000000********
DRAWER B                 ***1000000******
FEDERAL BLDG             ****1000000*****
DAYTON OH 45402-1430     *****1000000****
                         ******1000000***
```
                                                                                    Dollars

or registered assigns, the principal sum of

On July 15, 2004, as set forth herein.          **ONE MILLION**

Interest Payment Dates: January 15 and July 15
Record Dates: December 30 and June 30

IN WITNESS WHEREOF, GRAND UNION CAPITAL CORPORATION has caused this instrument to be executed in its corporate name by the manual or facsimile signature of its President or a Vice President and attested by its Secretary or an Assistant Secretary.

Dated:   05/30/95                                              GRAND UNION CAPITAL CORPORATION

CERTIFICATE OF AUTHENTICATION:
This is one of the 15.00% Series A Senior Zero Coupon Notes due 2004
issued under the within-mentioned Indenture.
FIRST TRUST NATIONAL ASSOCIATION, AS TRUSTEE

By:                                                            By: _____ President
        Authorized Signatory

FIRST TRUST NATIONAL ASSOCIATION, AS TRUSTEE
BANKERS TRUST COMPANY, AS AUTHENTICATING AGENT             Attest: _____ Secretary

By: _____
        Authorized Signatory

SEAL
CAPITAL CORPORATION
1992
DELAWARE

# THE WALL STREET JOURNAL.

# $1,000/Hour Bankruptcies: Attorneys Justify Their Fees

The Justice Department has grown increasingly restless with attorney fees—often exceeding $1,000 an hour—paid by companies going through a bankruptcy reorganization.

On Monday, the attorneys will get to press their own case for the fees when they convene in a public meeting in Washington. They will spar with the Justice Department's U.S. Trustee Program, which monitors bankruptcy proceedings and has been advocating an overhaul of how lawyers are paid in bankruptcy cases.

Companies under bankruptcy protection and certain creditor groups have always had to secure court permission to hire attorneys and other professionals, and they regularly submit the fees and expenses for a trustee's scrutiny and court approval.

**Billings in Recent Bankruptcy Cases**

What Some Top Lawyers Charged

**Harvey Miller**
Head of Weil, Gotshal Manges's restructuring
practice Billed $1,075 per hour in AMR Corp.'s
Chapter 11 case

**Corinne Ball**
Head of Jones Day's restructuring practice
Billed $975 per hour in Hostess Brands Inc.'s
Chapter 11

**Paul Basta**
Partner, Kirkland Ellis, restructuring practice
Billed $1,045 and $995 per hour in A&P's
Chapter 11 case

**Andrew G. Dietderich**
Head of Sullivan Cromwell's restructuring
practice Billed $1,150 and $990 per hour in
Eastman Kodak Co.'s case

*Source: Bankruptcy court filings*

But big legal bills often don't sit well with creditors or employees whose jobs may be at stake in the restructuring.

And now, the U.S. Trustee wants law firms to make additional disclosures, including submitting rate comparisons between what their firms charge in a specific bankruptcy case and what they charge in other matters, disclosing the highest, lowest and average hourly rates for each.

The watchdog would also like attorneys to draw up budget and staffing plans at the outset of a case, outlining the resources expected for everything from litigation to asset sales.

Under the proposed requirement, attorneys would have to explain "any substantial upward variation" between the budget and the ultimate fees charged.

Clifford J. White III, director of the U.S. Trustee Program, said in an emailed statement Friday that the proposed changes to the 16-year-old fee guidelines would help "add transparency to the bankruptcy system."

He also hopes the changes, which for now would apply only to attorneys' fees in Chapter 11 bankruptcies of companies with combined assets and liabilities of $50 million or more, would increase public confidence in a bankruptcy system that some charge has turned a company's distress into a billing bonanza.

Hundreds of law firms and attorneys, as well as professional groups and law professors, have weighed in to the debate recently, arguing that the proposed changes would actually increase the already-high price tag for

Attorneys Justify Chapter 11 Fees - WSJ.com

Chapter 11 cases and create unnecessary work for professionals at a time when their clients are in crisis.

More detailed rate disclosures would be especially tough for law firms, which are notoriously secretive about what they charge and earn.

"Disclosure of confidential rate information is unprecedented," wrote Marcia Goldstein, the head of Weil, Gotshal & Manges's restructuring practice in a letter ahead of Monday's meeting to discuss the proposed changes. "Competitors...may use the disclosed information to gain an unfair advantage."

Ms. Goldstein's firm received $389 million in fees and expenses in its 3½ years as lead counsel in the Lehman Brothers bankruptcy, just a piece of the more than $1.4 billion in total fees paid out to all of the professional firms on Lehman's tab. The team of Weil attorneys working on the case included more than 40 partners who charged $1,000 an hour.

Ms. Goldstein took umbrage at the proposed change's implication that clients aren't cost conscious. The idea that "distressed companies do not consider billing rates in selecting counsel is not supported by Weil's experience," she wrote.

Mr. White told restructuring professionals at a conference in Miami on May 22 that he's concerned that bankruptcy professionals are allowed to charge rates above what they could charge nonbankruptcy clients, He added that companies that aren't in bankruptcy proceedings have cracked down on their outside legal bills but said that is a "rare" occurrence in bankruptcy.

Attorneys are concerned that the proposed requirement for detailed budgets would, "by exposing [their] legal strategy prematurely," hurt their ability to effectively represent a client, wrote Damian Schaible of the New York City Bar Association.

"The very bankruptcy cases to which the proposed guidelines would apply are the very kinds that, by their nature, are likely to be highly unpredictable and ill-suited for forecasting," D.J. "Jan" Baker, the co-leader of Latham & Watkins's bankruptcy practice, wrote in a letter on behalf of more than 100 law firms.

More sympathetic to the changes are law professors, whose livelihoods don't depend on hourly billing rates. Stephen Lubben of Seton Hall University wrote that both courts and trustees "too often ... seem content" to accept "boilerplate" discussions of fee applications.

Nancy Rapoport, a law professor at the University of Nevada at Las Vegas, wrote that the proposal is a "marked improvement" over current fee rules but still lacks teeth. "Without some well-defined consequences, there's simply no incentive for professionals to take the time to comply," she said.

**Write to** Jacqueline Palank at

**SmartMoney Glossary:**

Copyright 2012 Dow Jones & Company, Inc. All Rights Reserved
This copy is for your personal, non-commercial use only. Distribution and use of this material are governed by our     and
by copyright law. For non-personal use or to order multiple copies, please contact Dow Jones Reprints at 1-800-843-0008 or visit