B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re Lehman Brothers Holdings Inc., et al._____,    Case No. 08-13555 (JMP)
                                                     Jointly Administered

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Tejas Securities Group, Inc.
Name of Transferee

The IBS Turnaround Fund (QP), (A Limited Partnership);
The IBS Turnaround Fund, L.P.; and
The IBS Opportunity Fund, Ltd.
Name of Transferor

Name and Address where notices to transferee should be sent:
Tejas Securities Group, Inc.
8226 Bee Caves Road
Austin, TX 78746

Court Claim # (if known): 45228, 45229 & 45236
Amount of Claim: $2,927,183.46*
Date Claim Filed: 10/23/2009

Phone: 512-306-8222
Last Four Digits of Acct #: _____

Phone: _____
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ _____    Date: 10-19-12
   Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

* Total amount transferred in this transaction.

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1.     For value received, the adequacy and sufficiency of which are hereby acknowledged, The IBS Turnaround Fund (QP) (A Limited Partnership), The IBS Turnaround Fund, L.P. and The IBS Opportunity Fund, Ltd. (collectively, the "Sellers") hereby unconditionally and irrevocably sell, transfer and assign to Tejas Securities Group Inc. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amounts specified in Schedule 1 attached hereto (the "Purchased Claims"), in Sellers' rights, titles and interests in and to Proofs of Claim Numbers 45229, 45228 and 45236 filed by or on behalf of the Sellers (the "Proofs of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Sellers relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of Sellers' rights, titles and interests in, to and under the transfer agreements, if any, under which Sellers or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claims, but only to the extent related to the Purchased Claims, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claims and specified in Schedule 1 attached hereto.

2.     Sellers hereby represent and warrant to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Sellers own and have good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Sellers or against Sellers; (d) Sellers are duly authorized and empowered to execute and perform their obligations under this Agreement and Evidence of Transfer; (e) the Proofs of Claim include the Purchased Claims specified in Schedule 1 attached hereto; (f) to the best of Sellers' knowledge, the Sellers have not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) the Notice of Proposed Allowed Claim Amount ("Notice") for the Proofs of Claim provided to Purchaser is true and correct and no action was undertaken by Sellers with respect to the Notice for the Proofs of Claim.

3.     Sellers hereby waive any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waive to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Sellers by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Sellers acknowledge and understand, and hereby stipulate, that an order of the Court may be entered without further notice to Sellers transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Sellers. Sellers hereby agree to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Sellers' breach of its representations and warranties made herein.

5.  Sellers shall promptly (but in any event no later than five (5) business days) remit any payments, distributions or proceeds received by Sellers after the date of this Agreement and Evidence of Transfer of Claim (other than the distributions set by Lehman Brothers Holdings Inc. in the Modified Amended Joint Chapter 11 Plan through the date of this Agreement which may not have been received by the Sellers as of the date of this Agreement and Evidence of Transfer of Claim) in respect of the Transferred Claims to Purchaser. Sellers have transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Sellers. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Sellers and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proofs of Claim.

7.  Sellers' and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Sellers and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 18th day of October 2012.

The IBS Turnaround Fund (QP) (A Limited) Partnership
The IBS Turnaround Fund, L.P.
By: IBS Capital LLC, General Partner
One International Place, 31st Floor
Boston, MA 02110

_____
David A. Taft
President, IBS Capital LLC

The IBS Opportunity Fund, Ltd.
By: IBS Capital LLC, Investment Manager

_____
David A. Taft
President, IBS Capital LLC
One International Place, 31st Floor
Boston, MA 02110

Tejas Securities Group, Inc.

_____
Name  Greg Woodby
Title  CEO

Schedule 1

## Transferred Claims

### Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal Amount | Coupon | Maturity | Allowed Claim Amount | Claim Number |
|---|---|---|---|---|---|---|---|---|
| 8% Due 03/2018 | XS0349506104 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | $786,700 | 8% | 3/21/18 | $767,605.08 | 45228 |
| 8% Due 03/2018 | XS0349506104 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | $456,500 | 8% | 3/21/18 | $445,419.75 | 45236 |
| 8% Due 03/2018 | XS0349506104 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | $1,756,800 | 8% | 3/21/18 | $1,714,158.63 | 45229 |