UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                    :
In re                                               :    Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :    08-13555 (JMP)
                                                    :
            Debtors.                                :    (Jointly Administered)
                                                    :
                                                    :
-------------------------------------------------------------------x

### DECLARATION OF HOLLY CLACK
### IN SUPPORT OF REPLY TO RESPONSES OF
### CERTAIN CLAIMANTS TO THE NINETY-SECOND OMNIBUS
### OBJECTION TO CLAIMS (NO BLOCKNIG NUMBER LPS CLAIMS) AND
### SUPPLEMENT TO THE NINETY-SECOND OMNIBUS OBJECTION TO CLAIMS

Pursuant to 28 U.S.C. § 1746, I, Holly A. Clack, declare:

1. I am over the age of 18 years and make these statements of my own personal knowledge. If called to testify, I could testify to the truth of the matters set forth herein.

2. I am a Senior Director with Alvarez & Marsal Global Forensic and Dispute Services, LLC ("A&M"). I typically assist clients and counsel involved in complex commercial disputes, and I investigate allegations of fraud, embezzlement, and financial reporting irregularities. I am an associate member of the American Bar Association and the Boston Bar Association. I have worked for A&M in connection with the above-referenced chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator") and certain of its affiliates (collectively, the "Chapter 11 Estates" or the "Debtors") for over three years. In my role as a Senior Director with A&M working on the Chapter 11 Estates, I have had extensive experience analyzing and reviewing claims based on Lehman Programs Securities and confirming that such claims comply with the Lehman Programs Securities Procedures set forth in the Bar Date Order, including the Blocking Number requirement. I have also been involved in

the claims reconciliation process in these cases more generally, particularly with respect to securities issued or guaranteed by LBHI.

3. I submit this declaration in support of the *Reply to Responses of Certain Claimants to the Ninety-Second Omnibus Objection to Claims (No Blocking Number LPS Claims) and Supplement to the Ninety-Second Omnibus Objection to Claims* (the "Reply"), filed contemporaneously herewith.[1] I am familiar with the Objections and the Responses. Prior to its filing, I reviewed and approved the Reply, and I adopt the representations contained in the Reply, as if set forth in full and at length in this declaration.

4. Through my experience reviewing, analyzing and working on claims based on Lehman Programs Securities and my communications with Euroclear, Clearstream and other parties involved in the Lehman Programs Securities Procedures, I have come to understand and acknowledge that the Blocking Number requirement was a critical component of the Lehman Programs Securities Procedures and was created in such a way that only one Blocking Number could be issued for any particular Lehman Programs Security for each clearing agency account holder. Each Blocking Number issued by the applicable clearing agency relates to a specific holder of a specific Lehman Programs Security in a specific amount, and the issuance of the Blocking Number prevented the holder of a Lehman Programs Security from trading that security through the Lehman Programs Securities Bar Date. Without the Blocking Number requirement, the Debtors faced the likelihood of making distributions on numerous duplicative claims.

5. The Blocking Number requirement has been critical to the Debtors' ability to reconcile more than 21,000 claims based on Lehman Programs Securities, and even with that

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Reply.

critical information, reconciliation of those claims has required considerable expenditure of resources by the Debtors.

    6.  On behalf of the Plan Administrator, I have examined the No Blocking Number LPS Claims and have determined that they do not include valid and unique Blocking Numbers. I have also examined other proofs of claim of claimants, some of whom are banks and/or brokers, based on securities with the same ISIN's. I have been unable to verify that the relevant securities have not been claimed by other parties, and, in fact, I conclude that there is a high risk of duplication of the relevant securities. If allowed, the No Blocking Number Claimants, assuming that they are the true beneficial holder of the relevant securities, will likely receive duplicative distributions for the same holdings.

    7.  Subsequent to filing their Securities Programs Proofs of Claim (without Blocking Numbers) and the filing of the Ninety-Second Omnibus Objection to Claims, the Duplicative LPS Claimants provided the Plan Administrator with the Duplicative Blocking Numbers. The strongest indicator of duplication of a claim is a duplicative Blocking Number. I have reviewed the Duplicative LPS Claims, along with the Duplicative Blocking Numbers, and the corresponding Surviving Claims. I have examined matching Blocking Numbers, ISIN's, notional amounts and all other relevant information provided on the claims. Based on this information, I conclude that the securities claimed in the Duplicative LPS Claims are included in the Surviving Claims. If allowed, the Duplicative LPS Claimants, assuming that they are the true

beneficial holders of the securities, will likely receive duplicative distributions for the same holdings.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 29th day of October 2012.

/s/ Holly A. Clack
Holly A. Clack

US_ACTIVE:\44125860\4\58399.0008