Form 210A (10/06)

# United States Bankruptcy Court

## Southern District Of New York

in re Lehman Brothers Holdings Inc., et al. Debtors,   Case No. 08-13555 (JMP)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111 (a). Transferee hereby gives evidence, attached hereto, and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P. of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Banca Esperia SpA | Banco Emiliano Romagnolo S.p.A. |
| Name of Transferee | Name of Transferor |

Name and address where notices
to transferee and payments should be sent
Via Filodrammatici 5 20121 Milan Italy
Ph 0039 02 88219 393

Court Claim #: 49719
Date Claim Filed: 27 October 2009
Amount of Claim: $9,742,790.59
Portion of Claim Transferred: see Schedule 1
Phone +39 051 4135586

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____   date: 29 August 2012
        Transferee

Penalty for making a false statement: fine up to $ 500,000 or imprisonment for up to 5 years or both 18 U.S.C. §§ 152 & 3571

SEP 25 2012

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                           )
In re:                                                     )   Chapter 11
                                                           )
LEHMAN BROTHERS HOLDINGS, INC.                             )   Case No. 08-13555 (JMP)
                                                           )
                                                           )
Debtor.                                                    )   (Jointly Administered)
---------------------------------------------------------- x

NOTICE OF TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1. TO:     BER Banca SpA in s.a.

           40124 Via Farini Italy 17

           Bologna, Italy
           ("Transferor")

2. Please take notice of the transfer of an undivided interest in the amount of USD 364,329.42 (EUR 257.458.43), of your claim against LEHMAN BROTHERS HOLDINGS INC. Case No. 08-13555 (JMP) in the above-referenced consolidated proceedings, arising from and relating to the guaranty of certain underlying securities described in Claim No. 49719 (attached as Exhibit A hereto), to:

    Banca Esperia S.p.A. Via Filodrammatici 5 – 20121 Milan – Italy ("Transferee")
    Attn: Luca Pellegrino, Legal Department,
    ph. 0039 (0)2 88219 393; fax 0039 (0)2 88219 314; (mobile) 0039 335 583 8643;
    e-mail: luca.pellegrino@gruppoesperia.com

    An evidence of transfer of claim (including details as to the underlying securities) is attached hereto as Exhibit B. All notices regarding the transferred portion of the claim should be sent to the Transferee at the address attached in Exhibit C.

3. No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 21 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

    **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

    United States Bankruptcy Court
    Southern District of New York
    Attn: Clerk of Court
    Alexander Hamilton Custom House
    One Bowling Green
    New York, NY 10004-1408

1

-- SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.

-- Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further correspondence related to this transfer.

4. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING WITH RESPECT TO THE TRANSFERRED PORTION.**

CLERK

---

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2010.

INTERNAL CONTROL NO. _____

Copy: (check) Claims Agent \_\_\_\_ Transferee \_\_\_\_ Debtor's Attorney \_\_\_\_

Deputy Clerk

---

2

# EXHIBIT B

# TRANSFER AGREEMENT

3

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, BER Banca ("Seller"), acting on behalf of one or more of its customers (the "Customers"), hereby unconditionally and irrevocably sells, transfers and assigns to Banca Esperia S.p.A. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 49719 filed by the Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of its Customers relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of its Customers right, title and interest in, to and under the transfer agreements, if any, under which Customer(s) or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) its Customer owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) neither Seller has nor its Customers have not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or

distributions or less favorable treatment than other unsecured creditors.

3.  Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ____ day of ____ 2010.

[BER BANCA SPA in a.s.]

By: _____

Name: Fernando De Flaviis
Title: Extraordinary Commissioner

By: _____

Name: Sandra Silvestri
Title: Resp. Back Office

40124-Via Farini, 17
Bologna, Italy

[BANCA ESPERIA SPA]

By: _____

Name: Claudio Grego
Title: Senior Partner

Name: Carla Giannone
Title: Resp. Funzione Legal e Societario

20121 - Via Filodrammatici, 5
Milano, Italy

Schedule 1

Transferred Claims

Purchased Claim

4.18761% of $ 9,742,790.59 (the outstanding amount of the Proof of Claim as of 09 July 2010) equivalent to U.S.: $ 407,990.03.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Issue of EUR 300,000,000 of Inflation Linked Multi-Tranche Notes under the U.S.:$ 18,000,000,000 Euro Medium-Term Note Program (MTN 1797) | XS0176153350 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | U.S.$42,453.00 (@ EUR/U.S.$1.4151 being EUR 30,000.00) | Inflation-linked | 10/10/2013 | U.S.$43,660.61 (@ EUR/U.S.$1.4151 being EUR 30,853.37) |
| Issue of EUR 125,000,000 European Inflation Linked Notes under the U.S.:$ 25,000,000,000 Euro Medium-Term Note Program (MTN 2298) | XS0200284247 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | U.S.$ 353,775.00 (@ EUR/U.S.$1.4151 being EUR 250,000.00) | Inflation-linked | 09/22/2014 | U.S.$364,329.42 (@ EUR/U.S.$1.4151 being EUR 257,458.43) |
| | | | | | | | Total Amount U.S.$407,990.03 |

Schedule 1-1

**EXHIBIT C**

<u>Address for Notices:</u>

    BER Banca SpA in s.a.

    40124 Via Farini Italy 17

    Bologna, Italy
    ("Transferor")