**Hearing Date and Time: November 14, 2012, 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: November 8, 2012, 4:00 p.m. (Prevailing Eastern Time)**

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark
Matthew A. Schwartz

*Attorneys for Giants Stadium LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| In re | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| Debtors. | : Jointly Administered |

_____

**REPLY OF GIANTS STADIUM LLC TO DEBTORS' OBJECTION TO
THE MOTION OF GIANTS STADIUM LLC TO QUASH DEBTORS'
SUBPOENAS ISSUED UNDER FEDERAL RULE OF BANKRUPTCY
PROCEDURE 2004 AND OBJECTION OF GIANTS STADIUM LLC TO
DEBTORS' CROSS-MOTION TO COMPEL COMPLIANCE WITH THE SAME**

Giants Stadium LLC ("Giants Stadium") hereby replies and objects to the objection and the cross-motion (the "Cross-Motion") of Lehman Brothers Holdings Inc. *et al.* (the "Debtors"), dated October 24, 2012 [Docket No. 31652], which (i) responds to the motion (the "Motion") of Giants Stadium, dated October 12, 2012 [Docket No. 31339], to quash two subpoenas that Debtors issued under Federal Rule of Bankruptcy Procedure 2004 and (ii) seeks in turn to compel compliance with those same subpoenas.

## INTRODUCTION

1. Debtors' Cross-Motion is premised on the unsustainable argument that Debtors have adopted only a "preliminary" position as to the merits of Giants Stadium's claims (the "Claims"). To the contrary, although Giants Stadium is constrained from disclosing the substance of settlement negotiations, it is clear that Debtors have determined to object to the Claims. Debtors' assertion that they have made no final determination means, at most, that they have not settled on a final litigation strategy, but clearly know that they will object to the Claims. Though confronted with this dispute between the parties, the Court need not decide what is Debtors' subjective intent toward the Claims. Instead, to resolve the Motion and the Cross-Motion, the Court must only consider whether from an objective perspective Debtors are now positioned to decide whether to contest the Claims. And it is clear that Debtors are now and have long been in such a position given that they initiated their "investigation" two-and-one-half years ago, received nearly 64,000 pages of documents, deposed the authorized representative of Giants Stadium for over seven hours, and spent over seven months in settlement discussions with Giants Stadium.

2. At the omnibus hearing on September 14, 2011 when this Court reassured Debtors that their willingness to engage in settlement negotiations with Giants Stadium would not constitute a waiver or otherwise prejudice any of their existing rights to later continue with their "investigation," the Court was proceeding based on Debtors' representations that their "investigation" was ongoing and on the assumption, which at that point was unchallenged, that Debtors were acting in *bona fide* reliance on Rule 2004 in that they were not yet in a position to decide whether to object to the Claims. It is now clear, however, that Debtors are in a position to object to the Claims (and, moreover, have

determined to object to them), and thus are not proceeding properly under Rule 2004. Accordingly, the Court should not feel constrained in any way by its earlier statement.

3.  At this point, Debtors' continued use of the Rule 2004 process constitutes an effort to force Giants Stadium (and the Estate) to spend unnecessary time and money in advance of the litigation against Giants Stadium that Debtors have already decided to pursue. It is to support this improper effort that Debtors issued (i) a second subpoena for deposition testimony, served on Giants Stadium on July 27, 2011 (the "Second Deposition Subpoena") and (ii) a second subpoena for documents, served on Giants Stadium on April 9, 2012 (the "Second Document Subpoena" and together the "Second Subpoenas").

4.  Furthermore, in addition to their general improper attempt to continue the Rule 2004 process, the Second Subpoenas are themselves, specifically, improper. Debtors now effectively concede in the Cross-Motion that the Second Subpoenas are largely duplicative of their first round of subpoenas, and thus *per se* abusive. *See, e.g.*, Cross-Mot. ¶ 43 n.3 ("[t]he materials sought by Document Request Nos. 4, 5, 9, and 10 of the [Second Document Subpoena] were not *specifically* requested by the [earlier s]ubpoena, although some of the more general document requests contained in the [earlier s]ubpoena may have subsumed such requests"). And, as stated in the Motion, those portions of the Second Document Subpoena that are not plainly duplicative seek information of such remote relevance to the determination of whether or not to contest the Claims, and are otherwise so clearly intended to invade privilege, that the necessary balancing exercise strongly weighs against permitting any further examination.

5.  Although Giants Stadium was and is glad to explore the possibility of a settlement, it is also prepared to move forward with the litigation for which Debtors are now

readying and which it hopes can promptly commence once the Court quashes the Second Subpoenas and puts an end to the charade of Debtors' perpetually ongoing "investigation."[1]

ARGUMENT

**I. FURTHER RULE 2004 DISCOVERY BY DEBTORS IS INAPPROPRIATE, AS DEBTORS ARE ALREADY IN A POSITION TO DETERMINE WHETHER OR NOT TO OBJECT TO THE CLAIMS (AND, MOREOVER, HAVE DETERMINED TO OBJECT TO THEM).**

6. There is no doubt that Debtors have decided to object to the Claims. It is simply not credible for Debtors to have received almost 64,000 pages of documents, taken over seven hours of deposition testimony, reviewed their own documents relating to the financing of the stadium and the transactions that underlie the Claims, spent significant amounts of time analyzing the Claims, and been involved in months of settlement negotiations that led nowhere without having formed an actual opinion and having determined to object to the Claims, *let alone* without having secured enough information to make that determination.[2]

---

[1] In the alternative, the Court could deny the Motion but grant the Amended Motion of Giants Stadium LLC for Leave to Conduct Discovery of Debtors Pursuant to Federal Rule of Bankruptcy Procedure 2004, dated September 26, 2012 [Docket No. 31105], thereby similarly permitting the parties to advance toward a resolution of the Claims.

[2] Giants Stadium also urges the Court to consider the circular reasoning embedded in Debtors' artful articulation of their position. The strongest declaration that Debtors can muster is that "Lehman has not completed its investigation . . . and any views Lehman has regarding the [t]ransactions [underlying the Claims] are necessarily preliminary given that the investigation is not completed." Decl. of Michael J. Firestone in Supp. of the Cross-Mot. ("Firestone Decl.") ¶ 23. *See also* Cross-Mot. ¶¶ 2 ("Lehman has not yet made any final determination concerning [the Claims]; indeed, its investigation of those claims is ongoing"), 40 ("Lehman has not made a final determination if and on what grounds it will object to the [Claims] because its investigation is not yet at an end"). According to Debtors, their position remains preliminary, because their investigation is not completed, and their investigation is not completed because their position remains preliminary.

-4-

7.      As stated in the Motion, "it is . . . long established that a debtor-in-possession may not utilize Rule 2004 to circumvent the restrictions on discovery applicable in a contested matter or adversary proceeding where the debtor is already positioned to decide whether to pursue such litigation." Mot. ¶ 19 (citing *In re GHR Energy Corp.*, 35 B.R. 534, 536, 538 (Bankr. D. Mass. 1983)).  Debtors do not contest this proposition but instead attempt to distinguish the facts here from those in *GHR*.  *See* Cross-Mot. ¶ 42.  Specifically, Debtors contend that Giants Stadium's emphasis on *GHR* is "misplaced" because "Giants Stadium has not provided the Court with any 'evidence' that Lehman has determined to object to [the Claims], relying instead on *ipse dixit* assertions in its moving papers that Lehman has done so." *Id.*  Debtors apparently misunderstand the objective inquiry that *GHR* sets out.  In that case, the bankruptcy court, based on "the evidence presented to [it]," found that contrary to the allegations of the debtors-in-possession, which asserted "that the information sought [pursuant to Rule 2004] is necessary in order that they may determine whether to bring a complaint against certain . . . individuals and entities," "it seems that the debtors are now in a position to file an action against certain of the individuals and entities if they so choose." 35 B.R. at 538.  Accordingly, their application was denied because "[i]t appear[ed] the debtors [we]re attempting to use Rule 2004 to circumvent the procedural safeguards provided a litigant by the Federal Rules of Civil Procedure." *Id.*  These motions present the same situation.  Here, Giants Stadium is not obliged to come forward with evidence as to whether Debtors have subjectively reached a conclusion on whether or not to allow the Claims, though it is clear that they have decided not to allow them.  Such a requirement might constitute an impossible standard for a creditor to meet as it would require evidence of a debtors' subjective intent (as reflected in the debtors' internal

communications to which creditors do not normally have access). Instead, the relevant issue is whether Giants Stadium has presented evidence to demonstrate that Debtors are, from an objective perspective, already positioned to decide whether to contest the Claims.

8.  The answer is clearly yes. As repeatedly emphasized in the Motion as well as other papers that Giants Stadium has previously filed with the Court, Debtors have demanded and received almost 64,000 pages of documents bearing on issues that Debtors deemed relevant to their evaluation of the Claims and have deposed the authorized representative of Giants Stadium for over seven hours. *See* Mot. ¶¶ 1, 20. Without waiving its valid assertion of privilege, Giants Stadium has even provided Debtors with the handful of documents whose production Debtors desperately sought to compel in the proceedings that culminated in the omnibus hearing on September 14, 2011. *See* Am. Mot. of Giants Stadium LLC for Leave to Conduct Disc. of Debtors Pursuant to Fed. R. Bank. P. 2004, dated Sept. 26, 2012 [Docket No. 31105] ¶ 11.

9.  Once Debtors have challenged the Claims and initiated either a contested matter or adversary proceeding, they will be entitled to take further discovery of Giants Stadium for the purpose of honing their arguments. However, such discovery will be appropriately subject to the procedural safeguards of the Federal Rules of Civil Procedure.

10. Finally, there is nothing to the "gotcha" argument behind which Debtors attempt to hide on the grounds that the Court stated at the omnibus hearing on September 14, 2011 that Debtors' willingness to engage in settlement negotiations with Giants Stadium would not constitute a waiver or otherwise prejudice any of their existing rights to later proceed with their "investigation." *See* Cross-Mot. ¶¶ 38-39. *See also* 09/14/2011 Omnibus Hr'g Tr. 54:8-55:4 [Docket No. 20661]. The Court's statement was clearly premised on

Debtors' representations that their "investigation" was ongoing and the then unchallenged assumption that Debtors were proceeding in bona fide reliance on Rule 2004 in that they were not yet in a position to determine whether or not to object to the Claims. The points made in the Motion make clear, however, that Debtors are in such a position and have in fact determined to object to the Claims, and thus are not proceeding properly under Rule 2004. Accordingly, the Court need not feel constrained in any way by its earlier statement.

## II.    DEBTORS CONCEDE THAT THE SECOND SUBPOENAS ARE LARGELY DUPLICATIVE AND SO *PER SE* ABUSIVE.

11.    Even if Debtors had issued the Second Subpoenas in furtherance of a legitimate investigation under Rule 2004, this Court should still quash the Second Subpoenas as abusive and improper. *See In re Almatis B.V.*, No. 10-12308 (MG), 2010 WL 4877868, at *4 (Bankr. S.D.N.Y. Nov. 24, 2010) (noting the legitimate purposes of Rule 2004 before continuing to state "[t]here are limits to the scope of Rule 2004 discovery" which "cannot be used for purposes of abuse or harassment") (internal quotation marks omitted)

12.    *First*, Debtors confirm that the Second Deposition Subpoena is *wholly* duplicative. As Debtors concede, they only "seek[ ] a witness to speak on those topics that Ms. Procops did not recall or claimed not to understand." Cross-Mot. ¶ 44. It is evident, as it was evident at the deposition itself, that Debtors are simply not satisfied with the answers that Christine Procops, the authorized representative of Giants Stadium, gave in response to questions from Debtors' counsel. *See* Cross-Mot. ¶¶ 4, 7, 21, 44-45. Debtors' dissatisfaction, however, does not give them license to seek duplicative discovery from Giants Stadium. On multiple occasions, Giants Stadium has advised Debtors that Ms. Procops would inevitably serve again as the authorized representative of Giants Stadium should a second deposition take place, thereby wasting the resources of both Debtors and

Giants Stadium and further delaying resolution of the Claims. *See* Firestone Decl. Ex. E 1; Mot. ¶ 8. Debtors stated in response to this information that their intent was to "bind" Giants Stadium to Ms. Procops's prior testimony, *see* Decl. of Matthew A. Schwartz in Supp. of the Mot., dated Oct. 12, 2012 [Docket No. 31340] ("Schwartz Decl.") ¶ 9, an aim that can only serve Debtors' interests in their contemplated litigation against the Claims. This falls far short of the good cause that is required to proceed under Rule 2004. *See* Mot. ¶ 16.

13.     *Second*, Debtors expressly concede that Document Request Nos. 4, 5, 9, and 10 of the Second Document Subpoena are duplicative. *See* Cross-Mot. ¶ 43 n.3 ("[t]he materials sought by Document Request Nos. 4, 5, 9, and 10 of the [Second Document Subpoena] were not *specifically* requested by the [earlier s]ubpoena, although some of the more general document requests contained in the [earlier s]ubpoena may have subsumed such requests"). To this tally, the Court can with little difficulty add Document Request No. 1, which Debtors in effect acknowledge is duplicative, *see id.* ("Document Request No. 1 of the [Second Document] Subpoena seeks all documents that were requested by the [earlier s]ubpoena, but which were not yet produced"), and Document Request Nos. 3 and 11, which Debtors apparently overlooked in their analysis of their repetitive subpoenas.

14.     According to Debtors, the allegedly non-duplicative "Document Request Nos. 2, 3, 6, 7, and 8 . . . seek documents related to the amended [p]roofs of [c]laim and to Giants Stadium's sale of [the Claims] to Goal Line [Partners LLC]" ("Goal Line"). Cross-Mot. ¶ 43. As an initial matter, insofar as these remaining document requests are intended to bear on Giants Stadium's sale of the Claims to Goal Line, Debtors might wish to consult Transfer of Claim Agreement, dated July 27, 2011 [Docket No. 18801] and Transfer of Claim Agreement, dated July 27, 2011 [Docket No. 18802], which document the sale of the Claims,

not from Giants Stadium but from *Bank of America, N.A.* to Goal Line. Further, the remote relevance that documents bearing on this sale between two third parties might have to whether or not the Claims should be allowed strains past its breaking point even the breadth of the so-called fishing expedition to which Debtors have previously insisted that they are entitled. *See* Decl. of Matthew A. Schwartz in Further Supp. of the Mot. Ex. A (correspondence dated November 11, 2010). When faced with an application under Rule 2004, the Court must "balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination. That documents meet the requirement of relevance does not alone demonstrate that there is good cause for requiring their production." *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991). Here, where Debtors are already in possession of a swath of information relating to the Claims but seek to further burden Giants Stadium in search of documents whose relevance is at best doubtful, this balancing exercise plainly weighs against permitting more examination.

15. Furthermore, in seeking documents related to this sale as well as other communications between Giants Stadium and Goal Line, Debtors are purposefully seeking documents that Debtors are perfectly aware are covered by a joint privilege. Debtors suggest that it is improper or at least premature for Giants Stadium to seek to quash the Second Document Subpoena on the basis of this joint privilege, naturally preferring to impose the burden on Giants Stadium of having to create an extensive privilege log at great expense and to no benefit to the resolution of the Claims. *See* Cross-Mot. ¶ 41 n.2 (suggesting that Giants Stadium seeks to place "the cart before the horse").

16. Finally, insofar as these remaining document requests bear on the amended proofs of claim, Debtors dramatically overstate the extent of the amendment at issue when they assert that these proofs of claim "include[ ] entirely new valuations." Cross-Mot. ¶ 26. As the supplemental statement of loss filed together with the proofs of claim explains in detail, the amount of loss now claimed reflects the prior valuations on which Debtors have already taken extensive discovery, increased by two adjustments that account for a credit charge and a capital charge that would have been required by a replacement swap counterparty. *See* Proof of Claim, dated Dec. 6, 2011 [Claim No. 67782]; Proof of Claim, dated May 14, 2012 [Claim No. 68103]. It is not credible that an examination regarding these two adjustments and the resulting *increase* to the Claims will lead Debtors to reconsider their determination to object to the Claims.

## CONCLUSION

17. For the reasons stated in the Motion as well as herein, Giants Stadium respectfully requests that the Court enter an Order, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Rule 45 of the Federal Rules of Civil Procedure, in the form attached to the Motion as Exhibit A: (i) quashing the July 27, 2011 and April 9, 2012 subpoenas; and (ii) granting such other and further relief as the Court deems just and proper. For the same reasons, Giants Stadium further respectfully requests that the Court deny the Cross-Motion in its entirety.

Dated: New York, New York  
November 8, 2012

Respectfully submitted,

**SULLIVAN & CROMWELL LLP**

By: /s/ Bruce E. Clark  
Bruce E. Clark  
Matthew A. Schwartz  
SULLIVAN & CROMWELL LLP  
125 Broad Street  
New York, New York 10004  
Telephone: (212) 558-4000  
Facsimile: (212) 558-3588

*Attorneys for Giants Stadium LLC*