SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Matthew A. Schwartz

*Attorneys for Giants Stadium LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| Debtors. | : Jointly Administered |

**DECLARATION OF MATTHEW A. SCHWARTZ IN FURTHER
SUPPORT OF THE MOTION OF GIANTS STADIUM LLC
TO QUASH DEBTORS' SUBPOENAS ISSUED UNDER
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

MATTHEW A. SCHWARTZ hereby declares:

1.   I am a member of the Bar of this Court and a Partner at Sullivan & Cromwell LLP, attorneys for Giants Stadium LLC ("Giants Stadium").  I submit this declaration to provide the Court with a document that is not in controversy and which is cited in Giants Stadium's reply in connection with its motion to quash.

2.   Attached hereto as Exhibit A is a true and correct copy of a letter sent from Michael J. Firestone to Bruce E. Clark, dated November 11, 2010.

Executed on this   8th   day of November, 2012, in New York, New York.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Matthew A. Schwartz
Matthew A. Schwartz

**EXHIBIT A**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Weil, Gotshal & Manges LLP**

+1 212 310 8636
michael.firestone@weil.com

November 11, 2010

BY FEDERAL EXPRESS AND E-MAIL

Bruce E. Clark, Esq.
Sullivan & Cromwell LLP
125 Broad Street
Denver, CO 80202

Re:   *In re Lehman Brothers Holdings Inc., et al.*, **Case No. 08-13555 (Bankr. S.D.N.Y.)**

Dear Mr. Clark:

As you know, we represent Lehman Brothers Special Financing, Inc. and its affiliated debtors ("Lehman") in connection with the Subpoena directed to Giants Stadium LLC ("Giants Stadium") and dated May 19, 2010 (the "Subpoena"), which was issued pursuant to Rule 2004 of Federal Rules of Bankruptcy Procedure.

In its Responses and Objections to the Subpoena, Giants Stadium objected to producing any documents in response to items (i) and (ii) of Request No. 17, and to Request Nos. 18 and 19 in their entirety. Giants Stadium has not provided any valid basis for withholding these documents from production. Indeed, these Requests are well within the permissible scope of Rule 2004, and Giants Stadium must produce responsive documents. Indeed, Bankruptcy Rule 2004 is "debtor-centric and *allows considerable leeway for all manner of so-called fishing expeditions* provided that there is a reasonable nexus to the debtor and the administration of the debtor's case". In re Hilsen, 2008 WL 2945996, at *1 (Bankr. S.D.N.Y., July 25, 2008) (Peck, J.). (emphasis added).

Request Nos. 17, 18, and 19 seek certain financial information from Giants Stadium. Specifically, items (i) and (ii) of Request No. 17 seek Giants Stadium's financial statements and its financial disclosures, respectively. Request No. 18 seeks any financial projections for Giants Stadium, and Request No. 19 seeks information regarding the terms of any outstanding Giants Stadium financing arrangements. These requests are designed to provide LBSF with information to allow LBSF to evaluate, among other things, whether Giants Stadium properly calculated a Settlement Amount (as that term is defined by the governing documents) in a commercially reasonable manner when it terminated all outstanding transactions under the two ISDA Master Agreements it had entered into with LBSF. For example, it appears to be implicit in Giants Stadium's valuation that the forward auction rate with respect to the related auction rate securities will remain constant for 38.5 years. The information requested is designed to provide LBSF with sufficient information to test this and other assumptions. Additionally, to the extent Giants Stadium marked the value of the terminated Transactions on its books and records, such information is also relevant. The above is not meant to be inclusive, but merely exemplary.

Bruce E. Clark, Esq.
November 11, 2010
Page 2

**Weil, Gotshal & Manges LLP**

These requests are well within the permissible scope of Rule 2004, particularly given the "considerable leeway" permitted thereunder. Please let us know if and when you will produce these documents. If you continue to refuse to produce them, please let us know so that we can take appropriate next steps to obtain them.

We have not addressed in this letter any deficiencies in your production under the categories you agreed to produce; we intend to review those issues after the completion of Giants Stadium's production, which we understand will take place at the end of this week.

Please feel free to contact me regarding the matters discussed above.

Sincerely,

Michael J. Firestone


cc:    Richard W. Slack