WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                              :
**In re**                                      :          **Chapter 11 Case No.**
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :          **08-13555 (JMP)**
                                              :
                              **Debtors.**     :          **(Jointly Administered)**
                                              :
------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING OMNIBUS CLAIMS**
**OBJECTIONS SCHEDULED FOR HEARING ON NOVEMBER 14, 2012**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

   Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Amended Order Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

   1. Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), or LBHI as Plan Administrator under the Modified Third Amended Joint Chapter 11

Plan of LBHI and its Affiliated Debtors (the "Plan Administrator"), filed the following motions

and omnibus claims objections (collectively, the "Claims Objections") with the Court for hearing

on or before November 14, 2012:

    (a)    Plan Administrators Objection to Claim Filed by 250 East Borrower, LLC **[ECF No. 29937]**

    (b)    Fortieth Omnibus Objection to Claims (Late-Filed Claims) **[ECF No. 11305]**

    (c)    Forty-Second Omnibus Objection to Claims (Late-Filed Lehman Programs Securities Claims) **[ECF No. 11307]**

    (d)    Forty-Third Omnibus Objection to Claims (Late-Filed Lehman Programs Securities Claims) **[ECF No. 11308]**

    (e)    One Hundred Forty-Third Omnibus Objection to Claims (Late-Filed Claims) **[ECF No. 16856]**

    (f)    Two Hundred Forty-Fourth Omnibus Objection to Claims (No Liability Derivatives Claims) **[ECF No. 23250]**

    (g)    Three Hundred Forty-Eighth Omnibus Objection to Claims (Valued Derivative Claims) **[ECF No. 30953]**

    (h)    Three Hundred Fiftieth Omnibus Objection to Claims (No Liability Derivatives Claims) **[ECF No. 31040]**

    (i)    Three Hundred Fifty-First Omnibus Objection to Claims (Settled Derivatives Claims) **[ECF No. 31041]**

    (j)    Three Hundred Fifty-Second Omnibus Objection to Claims (Duplicative Claims) **[ECF No. 31042]**

    (k)    Three Hundred Fifty-Third Omnibus Objection to Claims (No Liability Claims) **[ECF No. 31044]**

    (l)    Three Hundred Fifty-Fourth Omnibus Objection to Claims (Late-Filed Claims) **[ECF No. 31045]**

    (m)    Three Hundred Fifty-Fifth Omnibus Objection to Claims (No Guarantee Claims) **[ECF No. 31046]**

    (n)    Three Hundred Fifty-Sixth Omnibus Objection to Claims (Insufficient Documentation Claims) **[ECF No. 31047]**

US_ACTIVE:\44133606\1\58399.0011

2.      In accordance with the Second Amended Case Management Order, the Debtors, or the Plan Administrator, as applicable, established deadlines (the "Response Deadline") for each Claim Objection for parties to object or file responses.  The Response Deadlines have been extended for certain creditors from time to time.  The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.      The Response Deadlines have now passed and, to the best of my knowledge, no responsive pleadings to the Claims Objections have been (a) filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on counsel to the Debtors or the Plan Administrator by any of the holders of the claims included on Exhibit 1 to any of the Orders attached hereto, which include only the proofs of claim for which the Claims Objection will be granted.  Responses to certain of the Claims Objections were filed on the docket, or served on the Debtors, by holders of certain proofs of claim included on the Claims Objections.  The hearing on the Claims Objections as to any proof of claim for which a response was either filed on the docket or received by the Debtors, and which objection has not been resolved, has been adjourned to a future date.

4.      Accordingly, the Debtors and the Plan Administrator respectfully request that the proposed orders granting the Claims Objections annexed hereto as Exhibits A through N, which, except for the inclusion of additional language to indicate that such order is supplemental to a previously entered order for a Claim Objection or to reference the inclusion of separate

3

exhibits attached to the proposed orders for proofs of claim for which the Claims Objection is

granted, adjourned or withdrawn, are unmodified since the filing of the Claims Objections, be

entered in accordance with the procedures described in the Second Amended Case Management

Order.

        I declare that the foregoing is true and correct.

Dated: November 8, 2012
      New York, New York

                     /s/ Jacqueline Marcus
                     Jacqueline Marcus

                     WEIL, GOTSHAL & MANGES LLP
                     767 Fifth Avenue
                     New York, New York 10153
                     Telephone: (212) 310-8000
                     Facsimile: (212) 310-8007

                     Attorneys for Lehman Brothers Holdings Inc. and
                     Certain of Its Affiliates

US_ACTIVE:\44133606\1\58399.0011

**EXHIBIT A**
**(Proposed Order – ECF No. 29937)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :        **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :        **08-13555 (JMP)**
                                                         :
                      **Debtors.**                       :        **(Jointly Administered)**
-------------------------------------------------------------------x

**ORDER GRANTING PLAN ADMINISTRATOR'S**
**OBJECTION TO CLAIM FILED BY 250 EAST BORROWER, LLC**

Upon the objection, dated August 9, 2012 (the "250 East Objection"), of Lehman

Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") pursuant to

the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its*

*Affiliated Debtors* for the entities in the above referenced chapter 11 cases, pursuant to section

502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal

Rules of Bankruptcy Procedure, seeking disallowance and expungement of the 250 East Claim,[1]

all as described in the 250 East Objection; and due and proper notice of the 250 East Objection

having been provided, and it appearing that no other or further notice need be provided; and the

Court having found and determined that the relief sought in the 250 East Objection is in the best

interests of the Chapter 11 Estates, their creditors, and all parties in interest in the above

captioned chapter 11 cases and that the legal and factual bases set forth in the 250 East Objection

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the relief requested in the 250 East Objection is granted; and it is

further

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the 250 East Objection.

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the 250 East

Claim, which has been assigned claim number 27245, is disallowed and expunged in its entirety

with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44130962\1\58399.0011

**EXHIBIT B**
**(Proposed Order – ECF No. 11305)**

US_ACTIVE:\44133606\1\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                              :        **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*       :        **08-13555 (JMP)**
                                                   :
                              **Debtors.**         :        **(Jointly Administered)**
-------------------------------------------------------------------x

## THIRD SUPPLEMENTAL ORDER GRANTING DEBTORS'
## FORTIETH OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)

Upon the fortieth omnibus objection to claims, dated September 13, 2010 (the

"Fortieth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated

debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession

(collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF

No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the Late-Filed

Claims on the basis that they were filed after the Bar Date, all as more fully described in the

Fortieth Omnibus Objection to Claims; and due and proper notice of the Fortieth Omnibus

Objection to Claims having been provided, and it appearing that no other or further notice need

be provided; and the Court having found and determined that the relief sought in the Fortieth

Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and

all parties in interest and that the legal and factual bases set forth in the Fortieth Omnibus

Objection to Claims establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefore, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Fortieth Omnibus Objection to Claims.

ORDERED that the relief requested in the Fortieth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "Late-Filed Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the Late-Filed Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Fortieth Omnibus Objection to Claims that is not listed on (i) Exhibit 1 annexed hereto, (ii) Exhibit 1 annexed to the Amended Order Granting Debtors' Fortieth Omnibus Objection to Claims (Late-Filed Claims) [ECF No. 12675], (iii) Exhibit 1 to the Supplemental Order Granting Debtors' Fortieth Omnibus Objection to Claims (Late-Filed Claims) [Docket No. 18202]; or (iv) Exhibit 1 to the Second Supplemental Order Granting Debtors' Fortieth Omnibus Objection to Claims (Late-Filed Claims) [ECF No. 19517]; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                    _____
                    UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44101437\2\58399.0011

# EXHIBIT 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 40: EXHIBIT 1 – LATE-FILED CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | DE NICOLA, MICHELA B66 ALBION RIVERSIDE 8 HESTER ROAD LONDON, SW11 4AP UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/30/2009 | 65763 | $6,531.08 | Late-Filed Claim |
| 2 | LYNCH, BRENDAN E. 604 SCOTCH RD PENNINGTON, NJ 08534 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/25/2009 | 35000 | $31,845.66 | Late-Filed Claim |
| 3 | SCAVONE, JOSEPH 229 CENTRAL AVENUE DEER PARK, NY 11729 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/25/2009 | 34945 | $31,641.00 | Late-Filed Claim |
| 4 | SCAVONE, THERESA, FOR JOSEPH SCAVONE 229 CENTRAL AVENUE DEER PARK, NY 11729-5025 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/25/2009 | 34944 | $31,641.00 | Late-Filed Claim |
| 5 | VENTURA, GIORGIO VIA MELCHIORRE GIOIA 53 MILANO, 20124 ITALY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/30/2009 | 35587 | $558,124.00 | Late-Filed Claim |
| 6 | ZANCO, MARIO VIA CONCORDIA 10 CUSANO MILANINO, 20095 ITALY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/30/2009 | 35574 | $115,491.00 | Late-Filed Claim |
| | | | | | TOTAL | $775,273.74 | |

**EXHIBIT C**
**(Proposed Order – ECF No. 11307)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                             :       **Chapter 11 Case No.**
                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :      **08-13555 (JMP)**
                                   :
                 **Debtors.**     :       **(Jointly Administered)**
-------------------------------------------------------------------x

### THIRD SUPPLEMENTAL ORDER GRANTING DEBTORS' FORTY-SECOND OMNIBUS OBJECTION TO CLAIMS (LATE-FILED LEHMAN PROGRAMS SECURITIES CLAIMS)

Upon the forty-second omnibus objection to claims, dated September 13, 2010 (the "Forty-Second Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking the disallowance and expungement of the Late-Filed LPS Claims on the basis that they were filed after the Securities Programs Bar Date, all as more fully described in the Forty-Second Omnibus Objection to Claims; and due and proper notice of the Forty-Second Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Forty-Second Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Forty-Second Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Forty-Second Omnibus Objection to Claims.

ORDERED that the relief requested in the Forty-Second Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "Expunged LPS Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the disposition of the Expunged LPS Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Forty-Second Omnibus Objection to Claims that is not listed on (i) Exhibit 1 annexed hereto; (ii) Exhibit 1 annexed to the Order Granting Debtors' Forty-Second Omnibus Objection to Claims (Late-Filed Lehman Programs Securities Claims) [ECF No. 12407]; (iii) Exhibit 1 annexed to the Supplemental Order Granting Debtors' Forty-Second Omnibus Objection to Claims (Late-Filed Lehman Programs Securities Claims) [ECF No. 18203]; or (iv) Exhibit 1 annexed to the Second Supplemental Order Granting Debtors' Forty-Second Omnibus Objection to Claims (Late-Filed Lehman Program Securities Claims) [ECF No. 29606]; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
     New York, New York

                            _____
                            UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44056082\1\58399.0011

# EXHIBIT 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 42: EXHIBIT 1 – LATE-FILED LEHMAN PROGRAMS SECURITIES CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | F. CH. W. MEVISSEN B.V. T.A.V. DE HEER F.C.W. MEVISSEN P/A HOEVENSTRAAT 1A ST.HUIBRECHTS-LILLE, B-3910 BELGIUM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/09/2009 | 65160 | $42,453.00 | Late-Filed Lehman Programs Securities Claim |
| 2 | HO, CHU WAI YEE., DR 8/F HUMPHREY PLAZA, 4 HUMPHREYS AVE TSIM SHA  TSUI KOWLOON, HONG KONG | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/23/2009 | 65692 | $100,000.00 | Late-Filed Lehman Programs Securities Claim |
| 3 | MEVROUW E.C. ROOTVELD EN MEVROUW F.B.A.P. ROOTVELD GROENLOSEWEG 106 WINTERSWIJK, 7104 GA NETHERLANDS | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/09/2009 | 65164 | $35,377.50 | Late-Filed Lehman Programs Securities Claim |
| 4 | MEVROUW N.P.J. VAN LUIJK MOLENDIJK 20 ROCKANJE, 3235 XG NETHERLANDS | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/09/2009 | 65158 | $399,058.20 | Late-Filed Lehman Programs Securities Claim |
| 5 | POLITT, HANS-DIETRICH ZUR RAST 14 BADDECKENSTEDT, 38271 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/20/2009 | 65645 | $71,005.00 | Late-Filed Lehman Programs Securities Claim |
| 6 | R.F.P. ROBYN B.V. REF. J.J.C.M. WILLEMEN ROBYNDYK 179 ROOSENDAAL, 4706 MG NETHERLANDS | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/16/2009 | 65538 | $0.00 | Late-Filed Lehman Programs Securities Claim |
| 7 | ROOTVELD, H. GROENLOSEWEG 106 WINTERSWIJK, 7104 GA NETHERLANDS | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/09/2009 | 65163 | $14,151.00 | Late-Filed Lehman Programs Securities Claim |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 42: EXHIBIT 1 – LATE-FILED LEHMAN PROGRAMS SECURITIES CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 8 | STICHTING THE IAMEX VALUE FOUNDATION TRANSFEROR: STICHTING QUADRAAM KEIZERSGRACHT 268 AMSTERDAM, 1016 EV NETHERLANDS | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/09/2009 | 65159 | $353,775.00 | Late-Filed Lehman Programs Securities Claim |
| | | | | | TOTAL | $1,015,819.70 | |

**EXHIBIT D**
**(Proposed Order – ECF No. 11308)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

----------------------------------------------------------------------x

**SECOND SUPPLEMENTAL ORDER GRANTING DEBTORS'
FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS
(LATE-FILED LEHMAN PROGRAMS SECURITIES CLAIMS)**

Upon the forty-third omnibus objection to claims, dated September 13, 2010 (the

"Forty-Third Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its

affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession

(collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 6664] (the "Procedures Order"), seeking the disallowance and expungement of the

Late-Filed LPS Claims on the basis that they were filed after the Securities Programs Bar Date,

all as more fully described in the Forty-Third Omnibus Objection to Claims; and due and proper

notice of the Forty-Third Omnibus Objection to Claims having been provided, and it appearing

that no other or further notice need be provided; and the Court having found and determined that

the relief sought in the Forty-Third Omnibus Objection to Claims is in the best interests of the

Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set

forth in the Forty-Third Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefore, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Debtors' Forty-Third Omnibus Objection to Claims.

ORDERED that the relief requested in the Forty-Third Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "Expunged LPS Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the Expunged LPS Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Forty-Third Omnibus Objection to Claims that is not listed on (i) Exhibit 1 annexed hereto; (ii) Exhibit 1 annexed to the Order Granting Debtors' Forty-Third Omnibus Objection to Claims (Late-Filed Lehman Program Securities Claims) [ECF No. 12424]; (iii) Exhibit 1 annexed to the Supplemental Order Granting Debtors' Forty-Third Omnibus Objection to Claims (Late-Filed Lehman Programs Securities Claims) [ECF No. 18420]; or (iv) Exhibit 1 annexed to the Second Supplemental Order Granting Debtors' Forty-Third Omnibus Objection to Claims (Late-Filed Lehman Programs Securities Claims) [ECF No. 29607]; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44056126\1\58399.0011

# EXHIBIT 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 43: EXHIBIT 1 – LATE-FILED LEHMAN PROGRAMS SECURITIES CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | LIQUIDITY SOLUTIONS, INC. TRANSFEROR: CHU, TAI-FANG & SHU MEI LIN ONE UNIVERSITY PLAZA, SUITE 312 HACKENSACK, NJ 07601 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/16/2009 | 65550 | $130,000.00 | Late-Filed Lehman Programs Securities Claim |
| 2 | MOTLLO CARBO, ANTONIO C/ LOS PENASCALES 46, 6-A MADRID, 28028 SPAIN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/19/2009 | 65627 | $73,400.16 | Late-Filed Lehman Programs Securities Claim |
| 3 | MOTLLO MARTINEZ, ANTONIO C/ SANTA MARIA MAGDALENA 19 MADRID, 28016 SPAIN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/19/2009 | 65625 | $44,040.09 | Late-Filed Lehman Programs Securities Claim |
| 4 | MOTLLO MARTINEZ, ANTONIO C/ SANTA MARIA MAGDALENA 19 MADRID, 28016 SPAIN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/19/2009 | 65626 | $144,244.93 | Late-Filed Lehman Programs Securities Claim |
| | | | | | TOTAL | $391,685.18 | |

**EXHIBIT E**
**(Proposed Order – ECF No. 16856)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :    **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
                                                         :
                           **Debtors.**                  :    **(Jointly Administered)**
-------------------------------------------------------------------x

## SECOND SUPPLEMENTAL ORDER GRANTING DEBTORS' ONE HUNDRED FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)

Upon the one hundred forty-third omnibus objection to claims, dated May 16, 2011 (the "One Hundred Forty-Third Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the Late-Filed Claims on the basis that they were filed after the Bar Date, all as more fully described in the One Hundred Forty-Third Omnibus Objection to Claims; and due and proper notice of the One Hundred Forty-Third Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the One Hundred Forty-Third Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Forty-Third Omnibus Objection

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Forty-Third Omnibus Objection to Claims.

to Claims establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefore, it is

ORDERED that the relief requested in the One Hundred Forty-Third Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "Late-Filed Claims") are disallowed and

expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the Late-Filed

Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A annexed to the One Hundred

Forty-Third Omnibus Objection to Claims that is not listed (i) on Exhibit 1 annexed hereto, or

(ii) Exhibit 1 annexed to the First Supplemental Order Granting Debtors' One Hundred Forty-

Third Omnibus Objection to Claims (Late-Filed Claims) [ECF No. 31133]; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2

# EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 143: EXHIBIT 1 – LATE-FILED CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | CARTY, LEA 445 3RD ST., # 4R BROOKLYN, NY 11215 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/30/2009 | 35593 | $685,270.35 | Late-Filed Claim |
| | | | | | TOTAL | $685,270.35 | |

**EXHIBIT F**
**(Proposed Order – ECF No. 23250)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                   :        Chapter 11 Case No.
                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 :        08-13555 (JMP)
                                                        :
                            Debtors.                    :        (Jointly Administered)
-------------------------------------------------------------------x

THIRD SUPPLEMENTAL ORDER GRANTING
DEBTORS' TWO HUNDRED FORTY-FOURTH OMNIBUS
OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)

Upon the two hundred forty-fourth omnibus objection to claims, dated December

12, 2011 (the "Two Hundred Forty-Fourth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and

expungement of the No Liability Derivatives Claims on the grounds that they assert claims for

which the Debtors have no liability, all as more fully described in the Two Hundred Forty-Fourth

Omnibus Objection to Claims; and due and proper notice of the Two Hundred Forty-Fourth

Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for

the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal

Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the

claimants listed on Exhibit A attached to the Two Hundred Forty-Fourth Omnibus Objection to

Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Debtors' Two Hundred Forty-Fourth Omnibus Objection to Claims.

the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [ECF No. 9635]; and the Court having found and

determined that the relief sought in the Two Hundred Forty-Fourth Omnibus Objection to Claims

is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that

the legal and factual bases set forth in the Two Hundred Forty-Fourth Omnibus Objection to

Claims establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Forty-Fourth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

ORDERED that this Order supersedes all previous orders regarding the No

Liability Derivatives Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Two Hundred

Forty-Fourth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto, (ii) any

claim listed on Exhibit A annexed to the Two Hundred Forty-Fourth Omnibus Objection to

Claims that is not listed on Exhibit 1 annexed to the *Order Granting Debtors' Two Forty-Fourth*

*Omnibus Objection to Claims (No Liability Derivatives Claims)* [ECF No. 24676], (iii) any claim

listed on Exhibit A annexed to the Two Hundred Forty-Fourth Omnibus Objection to Claims that

is not listed on Exhibit 1 annexed to the *Supplemental Order Granting Debtors' Two Forty-*

*Fourth Omnibus Objection to Claims (No Liability Derivatives Claims)* [ECF No. 25645], and

(iv) any claim listed on Exhibit A annexed to the Two Hundred Forty-Fourth Omnibus Objection

to Claims that is not listed on Exhibit 1 annexed to the *Second Supplemental Order Granting*

*Debtors' Two Forty-Fourth Omnibus Objection to Claims (No Liability Derivatives Claims)*

[ECF No. 28397]; and it is further

      ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
     New York, New York

                          _____
                          UNITED STATES BANKRUPTCY JUDGE

EXHIBIT 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 244: EXHIBIT 1 – NO LIABILITY DERIVATIVES CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | DEUTSCHE BANK AG ATTN: IRA WURCEL, ESQ. 60 WALL STREET, 28TH FLOOR NEW YORK, NY 10005 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 27906 | Undetermined* | No Liability Claim - Derivative |
| 2 | DEUTSCHE BANK AG ATTN: IRA WURCEL, ESQ. 60 WALL STREET NEW YORK, NY 10005 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28465 | Undetermined* | No Liability Claim - Derivative |
| 3 | DEUTSCHE BANK AG ATTN: IRA WURCEL, ESQ. 60 WALL STREET NEW YORK, NY 10005 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 28466 | Undetermined* | No Liability Claim - Derivative |
| | | | | | TOTAL | $0.00 | |

**EXHIBIT G**
**(Proposed Order – ECF No. 30953)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                              :         **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :         **08-13555 (JMP)**
                                                   :
                        **Debtors.**               :         **(Jointly Administered)**
-------------------------------------------------------------------x

<u>**ORDER GRANTING THREE HUNDRED FORTY-EIGHTH**</u>
<u>**OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**</u>

        Upon the three hundred forty-eighth omnibus objection to claims, dated

September 17, 2012 (the "Three Hundred Forty-Eighth Omnibus Objection to Claims"),[1]

of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 502(b)

of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for

the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures

Order"), seeking to reduce and allow the Valued Derivative Claims, as more fully

described in the Three Hundred Forty-Eighth Omnibus Objection to Claims; and due and

proper notice of the Three Hundred Forty-Eighth Omnibus Objection to Claims having

been provided to (i) the United States Trustee for Region 2; (ii) the Securities and

Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney

for the Southern District of New York; (v) the claimants listed on <u>Exhibit A</u> attached to

the Three Hundred Forty-Eighth Omnibus Objection to Claims; and (vi) all other parties

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed
to such terms in the Three Hundred Forty-Eighth Omnibus Objection to Claims.

entitled to notice in accordance with the procedures set forth in the second amended order

entered on June 17, 2010 governing case management and administrative procedures for

these cases [Docket No. 9653]; and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Three

Hundred Forty-Eighth Omnibus Objection to Claims is in the best interests of the Chapter

11 Estates, their creditors, and all parties in interest and that the legal and factual bases

set forth in the Three Hundred Forty-Eighth Omnibus Objection to Claims establish just

cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefore, it is

ORDERED that the relief requested in the Three Hundred Forty- Eighth

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1

annexed hereto is hereby modified and allowed in the amount set forth on Exhibit 1 under

the column heading "Modified Amount" and any asserted amount in excess of the

modified amount is disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to any claim listed on Exhibit A to the Three

Hundred Forty- Eighth Omnibus Objection to Claims that does not appear on Exhibit 1

annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

2

Dated: _____, 2012
          New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44132682\1\58399.0011

# EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 348: EXHIBIT 1 – VALUED DERIVATIVES CLAIMS**

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|------|---------|------------|--------|-------|--------|--------|-------|--------|
| 1 | HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN MORTGAGE TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-7 SUPPLEMENTAL INTEREST TRUST CTLA - STRUCTURED FINANCE ATTN: FERNANDO ACEBEDO NEW YORK, NY 10016 | 28775 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $0.00 | Lehman Brothers Special Financing Inc. | Unsecured | $574.78 |
| 2 | THE BANK OF NEW YORK MELLON, AS TRUSTEE STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-6 ATTN: MARTIN FEIG, VICE PRESIDENT 101 BARCLAY STREET; 8 WEST NEW YORK, NY 10286 | 41768 | 10/19/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $0.00 | Lehman Brothers Special Financing Inc. | Unsecured | $123.42 |

## IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 348: EXHIBIT 1 – VALUED DERIVATIVES CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 3 | THE BANK OF NEW YORK MELLON, AS TRUSTEE STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-6 ATTN: MARTIN FEIG, VICE PRESIDENT 101 BARCLAY STREET; 8 WEST NEW YORK, NY 10286 | 41769 | 10/19/2009 | Lehman Brothers Holdings Inc. | Unsecured | $0.00 | Lehman Brothers Holdings Inc. | Unsecured | $123.42 |
| | | | | | TOTAL | $0.00 | | TOTAL | $821.62 |

# EXHIBIT 2

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 348: EXHIBIT 2 – VALUED DERIVATIVES CLAIMS – ADJOURNED OBJECTIONS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY ATTN: MAUREEN BABIS, EXECUTIVE DIRECTOR 110 WILLIAM STREET NEW YORK, NY 10038 | 67556 | 07/06/2011 | Lehman Brothers Special Financing Inc. | Unsecured | $36,256,673.74 | Lehman Brothers Special Financing Inc. | Unsecured | $7,717,443.00 |
| 2 | US BANK NATIONAL ASSOCIATION TRANSFEROR: BANK OF AMERICA, NA, AS TRUSTEE & DERIVATIVES AGENT ATTN: WAYNE MILLER CORPORATE TRUST SERVICES 540 WEST MADISON STREET, SUITE 1840 CHICAGO, IL 60661 | 21156 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $0.00 | Lehman Brothers Holdings Inc. | Unsecured | $496.54 |
| 3 | US BANK NATIONAL ASSOCIATION TRANSFEROR: BANK OF AMERICA, NA, AS TRUSTEE & DERIVATIVES AGENT ATTN: WAYNE MILLER CORPORATE TRUST SERVICES 540 WEST MADISON STREET, SUITE 1840 CHICAGO, IL 60661 | 21157 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | Undetermined | Lehman Brothers Holdings Inc. | Unsecured | $496.54 |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 348: EXHIBIT 2 – VALUED DERIVATIVES CLAIMS – ADJOURNED OBJECTIONS**

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 4 | US BANK NATIONAL ASSOCIATION U.S. BANK OPERATIONS CENTER ATTN: TRUST FINANCE MANAGEMENT LOCKBOX SERVICES-CM9705 PO BOX 70870 ST. PAUL, MN 55170-9705 | 30966 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $500,063,856.09* | Lehman Brothers Holdings Inc. | Unsecured | $14,408,944.22 |
| 5 | US BANK NATIONAL ASSOCIATION U.S. BANK OPERATIONS CENTER ATTN: TRUST FINANCE MANAGEMENT LOCKBOX SERVICES-CM9705 PO BOX 70870 ST. PAUL, MN 55170-9705 | 30967 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $500,063,856.09* | Lehman Brothers Special Financing Inc. | Unsecured | $14,408,944.22 |
| | | | | | TOTAL | $1,036,384,385.92 | | TOTAL | $36,536,324.52 |

**EXHIBIT H**
**(Proposed Order – ECF No. 31040)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                              :        **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :        **08-13555 (JMP)**
                                                   :
                               **Debtors.**        :        **(Jointly Administered)**
-------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)

Upon the three hundred fiftieth omnibus objection to claims, dated September 21,

2012 (the "Three Hundred Fiftieth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF

No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability

Derivatives Claims on the grounds that they assert claims for which LBHI, Lehman Brothers

Special Financing Inc., and Lehman Brothers Commercial Corporation (together, the "Chapter

11 Estates") have no liability, all as more fully described in the Three Hundred Fiftieth Omnibus

Objection to Claims; and due and proper notice of the Three Hundred Fiftieth Omnibus

Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the

Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States

Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to

the Three Hundred Fiftieth Omnibus Objection to Claims; and (vi) all other parties entitled to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Fiftieth Omnibus Objection to Claims.

notice in accordance with the procedures set forth in the second amended order entered on June

17, 2010 governing case management and administrative procedures for these cases [ECF No.

9635]; and the Court having found and determined that the relief sought in the Three Hundred

Fiftieth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their

creditors, and all parties in interest and that the legal and factual bases set forth in the Three

Hundred Fiftieth Omnibus Objection to Claims establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Fiftieth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Three Hundred

Fiftieth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 350: EXHIBIT 1 – NO LIABILITY DERIVATIVES CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|------|-------------|-------------|-----------|---------|---------------------|----------------------------------|
| 1 | CWHEQ REVOLVING HOME EQUITY LOAN TRUST SERIES 2006-I THE BANK OF NEW YORK MELLON, AS CAP CONTRACT ADMINISTRATOR FOR CREDITOR 101 BARCLAY STREET; 8 WEST ATTN: MARTIN FEIG - VICE PRESIDENT NEW YORK, NY 10286 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/17/2009 | 14465 | Undetermined* | No Liability Claim – Derivative |
| 2 | CWHEQ REVOLVING HOME EQUITY LOAN TRUST SERIES 2006-I THE BANK OF NEW YORK MELLON, AS CAP CONTRACT ADMINISTRATOR FOR CREDITOR 101 BARCLAY STREET; 8 WEST ATTN: MARTIN FEIG - VICE PRESIDENT NEW YORK, NY 10286 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 14466 | Undetermined* | No Liability Claim – Derivative |
| 3 | ROSE, WALTER E. C/O ARI H. JAFFE KOHRMAN JACKSON & KRANTZ, PLL ONE CLEVELAND CENTER, 20TH FLOOR 1375 E. 9TH STREET CLEVELAND, OH 44114 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/11/2009 | 8001 | $191,400.00 | No Liability Claim – Derivative |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 350: EXHIBIT 1 – NO LIABILITY DERIVATIVES CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 4 | ROSE, WALTER E. C/O ARI H. JAFFE KOHRMAN JACKSON & KRANTZ PLL ONE CLEVELAND CENTER, 20TH FLOOR 1375 E. 9TH STREET CLEVELAND, OH 44114-1793 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 08/18/2009 | 8628 | $191,400.00 | No Liability Claim – Derivative |
| | | | | | TOTAL | $382,800.00 | |

**EXHIBIT I**
**(Proposed Order – ECF No. 31041)**

US_ACTIVE:\44133606\1\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
In re                                                  :        Chapter 11 Case No.
                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :        08-13555 (JMP)
                                                       :
                              Debtors.                 :        (Jointly Administered)
---------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED FIFTY-FIRST
## OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

Upon the three hundred fifty-first omnibus objection to claims, dated September

21, 2012 (the "Three Hundred Fifty-First Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF

No. 6664], seeking disallowance and expungement of the Settled Derivatives Claims on the

grounds that the Settled Derivatives Claims are contrary to settlements that the parties have

entered into, all as more fully described in the Three Hundred Fifty-First Omnibus Objection to

Claims; and due and proper notice of the Three Hundred Fifty-First Omnibus Objection to

Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and

Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the

Southern District of New York; (v) each claimant listed on Exhibit A attached to the Three

Hundred Fifty-First Omnibus Objection to Claims; and (vi) all other parties entitled to notice in

accordance with the procedures set forth in the second amended order entered on June 17, 2010,

---
[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Fifty-First Omnibus Objection to Claims.

governing case management and administrative procedures for these cases [ECF No. 9635]; and

it appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Three Hundred Fifty-First Omnibus Objection to Claims

is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that

the legal and factual bases set forth in the Three Hundred Fifty-First Omnibus Objection to

Claims establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Fifty-First Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Settled

Derivatives Claims listed on Exhibit 1 annexed hereto are disallowed and expunged in their

entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Three Hundred

Fifty-First Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it

is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44126240\1\58399.0003

EXHIBIT 1

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 351: EXHIBIT 1 – SETTLED DERIVATIVES CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | SAPHIR FINANCE PLC- SERIES 2008-1 ATTN: SANAJAY JOBANPUTRA- VICE PRESIDENT, GLOBAL C/O THE BANK OF NEW YORK MELLON- LONDON BRANCH CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25947 | Undetermined* | No Liability Claim – Derivative Settled |
| 2 | SAPHIR FINANCE PLC- SERIES 2008-1 ATTN: SANAJAY JOBANPUTRA- VICE PRESIDENT, GLOBAL C/O THE BANK OF NEW YORK MELLON- LONDON BRANCH CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 25948 | Undetermined* | No Liability Claim – Derivative Settled |
| | | | | | TOTAL | $0.00 | |

**EXHIBIT J**
**(Proposed Order – ECF No. 31042)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
In re                                                  :    **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**   :    **08-13555 (JMP)**
                                                       :
                            **Debtors.**               :    **(Jointly Administered)**
----------------------------------------------------------------------x

**ORDER GRANTING THREE HUNDRED FIFTY-SECOND**
**OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)**

Upon the three hundred fifty-second omnibus objection to claims, dated

September 21, 2012 (the "Three Hundred Fifty-Second Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator

under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and

Its Affiliated Debtors, in accordance with section 502(b) of title 11 of the United States Code

(the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 6664], seeking disallowance and expungement of the duplicative claims on the

grounds that such claims are duplicative of the corresponding surviving claims, either exactly or

in substance, all as more fully described in the Three Hundred Fifty-Second Omnibus Objection

to Claims; and due and proper notice of the Three Hundred Fifty-Second Omnibus Objection to

Claims having been provided, and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Three Hundred Fifty-

Second Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Fifty-Second Omnibus Objection to Claims.

creditors, and all parties in interest and that the legal and factual bases set forth in the Three

Hundred Fifty-Second Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Fifty-Second Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "Duplicative Claims") are disallowed and expunged in their entirety with

prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading

"*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register

subject to the Plan Administrator's right to object as set forth herein; and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Duplicative Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that all information included on and all documentation filed in

support of any Duplicative Claims, including, but not limited to, derivative and guarantee

questionnaires and supporting documentation, shall be treated as having been filed in support of

the corresponding Surviving Claims; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the

Duplicative Claims constitutes any admission or finding with respect to any of the Surviving

Claims, and the Plan Administrator's rights to object to the Surviving Claims on any basis are

preserved; and it is further

2

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three Hundred Fifty-Second Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) any Surviving Claim; *provided, however*, that if the Court subsequently orders that a Surviving Claim is not appropriately duplicative of the corresponding Duplicative Claim, then the claims agent shall be authorized and directed to immediately reinstate such Duplicative Claim in these chapter 11 cases (the "Reinstated Claim"), and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 352: EXHIBIT A – DUPLICATIVE CLAIMS**

| | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED, THE ATTN: ERIC CHENG, SENIOR TRANSACTION MANAGER LEVEL 30, HSBC MAIN BUILDING, 1 QUEEN'S ROAD CENTRAL<br><br>HONG KONG | 09/21/2009 | 08-13555 (JMP) | 20735 | $11,655,000.00 | HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED, THE ATTN: ERIC CHENG, SENIOR TRANSACTION MANAGER LEVEL 30, HSBC MAIN BUILDING, 1 QUEEN'S ROAD CENTRAL<br><br>HONG KONG | 09/21/2009 | 08-13555 (JMP) | 20834 | $11,655,000.00* |
| 2 | HSBC TRUSTEE (C.I.) LIMITED ATTN: IAN GRAHAM, SENIOR MANAGER, CORPORATE SERVICES P.O. BOX 88 1 GRENVILLE STREET ST. HELIER, JERSEY, JE4 9PF UNITED KINGDOM | 09/21/2009 | 08-13888 (JMP) | 20782 | $2,750,672.00* | HSBC TRUSTEE (C.I.) LIMITED ATTN: IAN GRAHAM, SENIOR MANAGER, CORPORATE SERVICES P.O. BOX 88 1 GRENVILLE STREET ST. HELIER, JERSEY, JE4 9PF UNITED KINGDOM | 09/21/2009 | 08-13888 (JMP) | 20783 | $2,750,672.00* |
| 3 | HSBC TRUSTEE (C.I.) LIMITED ATTN: IAN GRAHAM, SENIOR MANAGER, CORPORATE SERVICES P. O. BOX 88 1 GRENVILLE STREET ST. HELIER, JE4 9PF UNITED KINGDOM | 09/21/2009 | 08-13555 (JMP) | 20824 | $12,806,289.00* | HSBC TRUSTEE (C.I.) LIMITED ATTN: IAN GRAHAM, SENIOR MANAGER, CORPORATE SERVICES P. O. BOX 88 1 GRENVILLE STREET ST. HELIER, JE4 9PF UNITED KINGDOM | 09/21/2009 | 08-13555 (JMP) | 20825 | $12,806,289.00* |

* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 352: EXHIBIT A – DUPLICATIVE CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 4 | KT CORPORATION 206 JEONGIA-DONG BUNDANG-GU SEONGNAM-SI GYEONGGI, KOREA, REPUBLIC OF | 11/02/2009 | 08-13555 (JMP) | 60902 | $14,851,674.00 | KT CORPORATION JEONGJA-DONG 206, BUNDANG-GU, SEONGNAM-SI, GYEONG-GI-DO SEOUL, KOREA, REPUBLIC OF | 01/28/2009 | 08-13555 (JMP) | 2122 | $14,851,674.00 |
| 5 | MERRILL LYNCH CREDIT PRODUCTS, LLC TRANSFEROR: UNITED OVERSEAS BANK LIMITED (UOB) ATTN: JEFFERY BENESH AND RON TOROK BANK OF AMERICAS-3RD FLOOR ONE BRYAN PARK NEW YORK, NY 10036 | 09/15/2009 | 08-13555 (JMP) | 12858 | $4,572,174.74 | MERRILL LYNCH CREDIT PRODUCTS, LLC TRANSFEROR: UNITED OVERSEAS BANK LIMITED ATTN: JEFFREY BENESH AND RON TOROK BANK OF AMERICA TOWER-3RD FLOOR ONE BRYANT PARK NEW YORK, NY 10036 | 01/05/2009 | 08-13555 (JMP) | 1569 | $4,572,174.74 |
| | | | | TOTAL | $46,635,809.74 | | | | | |

**EXHIBIT K**
**(Proposed Order – ECF No. 31044)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :        **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**
                                                         :
                        **Debtors.**                     :        **(Jointly Administered)**
-------------------------------------------------------------------x

## ORDER GRANTING THE THREE HUNDRED FIFTY-THIRD
## OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the three hundred fifty-third omnibus objection to claims, dated September

21, 2012 (the "Three Hundred Fifty-Third Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-

referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b)

of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules

of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance

and expungement of the No Liability Claims to the extent that they assert claims for which the

applicable Chapter 11 Estates do not have any liability, all as more fully described in the Three

Hundred Fifty-Third Omnibus Objection to Claims; and due and proper notice of the Three

Hundred Fifty-Third Omnibus Objection to Claims having been provided, and it appearing that

no other or further notice need be provided; and the Court having found and determined that the

relief sought in the Three Hundred Fifty-Third Omnibus Objection to Claims is in the best

interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Fifty-Third Omnibus Objection to Claims.

factual bases set forth in the Three Hundred Fifty-Third Omnibus Objection to Claims establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefore, it is

ORDERED that the relief requested in the Three Hundred Fifty-Third Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and

expunged, with prejudice, to the extent set forth therein; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three

Hundred Fifty-Third Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto

and (ii) the portion of any No Liability Claim that is not the subject of the Three Hundred Fifty-

Third Omnibus Objection to Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                               _____
                               UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 353: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ARGA LEBENSVERSICHERUNGS-AG ATTN: MR. GREGOR JOHN HOLLERITHSTRABE 11 MUNICH, D-81829 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15470 | $277,577.03* | Claim 15470 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 2 | BADEN-BADENER PENSIONSKASSE VVAG D-76522 BADED-BADEN, GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/13/2009 | 8152 | $375,106.00 | Claim 8152 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 3 | E.ON AG ATTN: DR. PATRICK WOLFF E.ON PLATZ 1 DUSSELDORF, 40479 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22102 | $1,216,750.00 | Claim 22102 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 4 | ENAM SECURITIES PVT LTD. 109/112 DALAMAL TOWER NARIMAN POINT MUMBAI, 400021 INDIA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25332 | $15,219.00 | Claim 25332 asserts a claim based on LBHI's purported guarantee of obligations related to trades allegedly executed on behalf of Lehman Brothers Asia Ltd. A/C LB India Holdings Cayman II Ltd.  Claimant does not provide any basis or support for the guarantee claim and LBHI does not have any liability for the underlying trades. |
| 5 | ETALK CORPORATION 2200 ROSS AVENUE, SUITE 3500 DALLAS, TX 75201 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/14/2009 | 8672 | $84,697.64 | The Debtors' records reflect that Claim 8672 is based on a transaction or transactions between claimant and Lehman Brothers Bank FSB (now known as Aurora Bank FSB), a non-Debtor entity.  LBHI has no liability to claimant for such transaction or transactions. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 353: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 6 | FRANKLIN AMERICAN MORTGAGE COMPANY C/O ROGER G. JONES BRADLEY ARANT BOULT CUMMINGS, LLP 1600 DIVISION STREET, SUITE 700 NASHVILLE, TN 37203 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/21/2009 | 1832 | $475,312.19 | Claim 1832 identifies Lehman Brothers Inc., a domestic affiliate of the Debtors that is not a Debtor in these jointly administered chapter 11 cases, as the entity liable under the claim. |
| 7 | KIRCHLICHE ZUSATZVERSORGUNGSKASSE DES VERBANDES DER DIOZESEN DEUTSCHLANDS AM ROMERTURM 8 COLOGNE, 50667 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22649 | $842,814.89 | Claim 22649 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 8 | KREIS EUSKIRCHEN ABT. 20 JULICHER RING 32 EUSKIRCHEN, 53879 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15250 | $683,496.92 | Claim 15250 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 9 | LUDWIGSFELDE, STADT RATHAUSSTRASSE 3 LUDWIGSFELDE, 14974 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32501 | $175,754.00 | Claim 32501 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 10 | NISCAYAH, INC. 2400 COMMERCE AVENUE, BLDG 1100, SUITE 500 DULUTH, GA 30096 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 05/05/2009 | 4219 | $63,988.42 | The Debtors' records reflect that Claim 4219 is based on a transaction or transactions between claimant and Lehman Brothers Inc.  LBHI has no liability to claimant for such transaction or transactions. |
| 11 | RHEINBAHN AG HANSAALLEE 1 40549 DUSSELDORF GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/16/2009 | 13453 | $1,459,523.20 | Claim 13453 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 353: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 12 | SHINKONG INSURANCE CO., LTD. 12F, NO. 15, CHIENKUO NORTH ROAD SEC 2 TAIPEI, TAIWAN | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 12/31/2008 | 1514 | $2,030,666.66 | This claim was filed by a holder of securities (the "Security Holder") that were issued by Crown City CDO 2005-1, an entity unaffiliated with the Debtors. The Debtors did not issue the securities to the Security Holder and are not liable for any payments to the holder of such securities. |
| 13 | STADT FREIBURG IM BREISGAU, STADTKAEMMEREI ATTN: MR. BERND NUSSBAUMER FAHNENBERGPLATZ 4 FREIBURG, DE-79098 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27013 | $1,181,411.49 | Claim 27013 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 14 | STADT TROISDORF-DER BURGERMEISTER KOLNER STR. 176 53840 TROISDORF, GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/14/2009 | 12084 | $333,876.95 | Claim 12084 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 15 | STADTVERWALTUNG PADERBORN AM ABDINGHOF 11 PADERBORN, 33098 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/14/2009 | 8352 | $27,960.00 | Claim 8352 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 16 | US BANK NATIONAL ASSOCIATION U.S. BANK OPERATIONS CENTER ATTN: TRUST FINANCE MANAGEMENT LOCKBOX SERVICES-CM9705 PO BOX 70870 ST. PAUL, MN 55170-9705 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31049 | Undetermined* | LBHI does not have any liability to this claimant for the bonds identified in the claim. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 353: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 17 | UNIMAC FINANCIAL 350 MICHELA PLACE CARLSTADT, NJ 07072 | 08-13555 (JMP) | **Lehman Brothers Holdings Inc.** | 08/13/2009 | 8151 | $105,767.68 | The Debtors' records reflect that Claim 8151 is based on a transaction or transactions between claimant, on the one hand, and Lehman Brothers Inc., a non-Debtor entity, and/or Lehman Brothers Limited, also a non-Debtor entity, on the other hand.  LBHI has no liability to claimant for such transaction or transactions. |
| 18 | LMA SPC FOR AND ON BEHALF OF MAP 42 SEGREGATED PORTFOLIO C/O LIGHTHOUSE INVESTMENT PARTNERS ATTN: DAVID POLLOK 3801 PGA BLVD, SUITE 500 PALM BEACH GARDENS, FL 33410 | 08-13555 (JMP) | **Lehman Brothers Holdings Inc.** | 09/22/2009 | 26902 | $131,695.00* | Claim 26903 (the "Direct Claim") and Claim 26902 (the "Guarantee Claim," and, together with the Direct Claim, the "Derivatives Claims") are filed by a party to an ISDA Master Agreement (the "ISDA") involving claimant and Lehman Brothers Special Financing Inc. ("LBSF"), |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 353: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 19 | LMA SPC FOR AND ON BEHALF OF MAP 42 SEGREGATED PORTFOLIO C/O LIGHTHOUSE INVESTMENT PARTNERS ATTN: DAVID POLLOK 3801 PGA BLVD, SUITE 500 PALM BEACH GARDENS, FL 33410 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 26903 | $131,695.00* | as counterparties, and Lehman Brothers Holdings Inc. ("LBHI," and, together with LBSF, the "Debtors"), as guarantor of LBSF's obligations under the ISDA. In the Direct Claim, claimant asserts that it is owed $101,695.00 for amounts that it deposited in an account at Lehman Brothers International (Europe) ("LBIE") — a foreign affiliate of the Debtors that is not a Debtor in these chapter 11 cases—on the basis that such amounts relate to the ISDA. Additionally, claimant asserts that it is owed not less than $30,000.00 for legal and related fees and expenses associated with claimant's enforcement and protection of rights under the ISDA. In the Guarantee Claim, claimant seeks to recover against LBHI as guarantor of such purported obligations. The Debtors have no liability to the claimant on the Derivatives Claims. First, the Debtors' records reflect that there were no executed trades related to the ISDA or other requirements that any of the parties provide payment or post collateral on account of the ISDA. Second, claimant is not entitled to legal fees and expenses, particularly because there are no trades or payment obligations under the ISDA. Third, the Debtors are not liable for transactions between claimant and LBIE, specifically for any payments or deposits made by claimant to LBIE that do not relate to the ISDA. |
| | | | | | TOTAL | $9,613,312.07 | |

**EXHIBIT L**
**(Proposed Order – ECF No. 31045)**

US_ACTIVE:\44133606\1\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
In re                                          :        **Chapter 11 Case No.**
                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**
                                               :
                        **Debtors.**            :        **(Jointly Administered)**
---------------------------------------------------------------------x

**ORDER GRANTING THREE HUNDRED FIFTY-FOURTH**
**OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)**

Upon the three hundred fifty-fourth omnibus objection to claims, dated September

21, 2012 (the "Three Hundred Fifty-Fourth Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States

Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and

this Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the

Late-Filed Claims on the basis that they were filed after the General Bar Date or Securities

Programs Bar Date, as applicable, all as more fully described in the Three Hundred Fifty-Fourth

Omnibus Objection to Claims; and due and proper notice of the Three Hundred Fifty-Fourth

Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region

2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the

United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit

A attached to the Three Hundred Fifty-Fourth Omnibus Objection to Claims; and (vi) all other

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Fifty-Fourth Omnibus Objection to Claims.

parties entitled to notice in accordance with the procedures set forth in the second amended order

entered on June 17, 2010, governing case management and administrative procedures for these

cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and

the Court having found and determined that the relief sought in the Three Hundred Fifty-Fourth

Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors,

and all parties in interest and that the legal and factual bases set forth in the Three Hundred Fifty-

Fourth Omnibus Objection to Claims establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Fifty-Fourth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "Late-Filed Claims") are disallowed and

expunged in their entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Three Hundred

Fifty-Fourth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2

# EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 354: EXHIBIT A – LATE-FILED CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ESTATE OF MARY A. SULLIVAN C/O MARIN COUNTY PUBLIC ADMINISTRATOR PO BOX 4220 SAN RAFAEL, CA 94913 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/31/2012 | 68122 | Undetermined* | Late-Filed Claim |
| 2 | GUBEREK, PAULINA & SARA CALLE 152 A # 13-12 APT 414 BOGOTA, COLOMBIA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 04/23/2012 | 68099 | $50,000.00 | Late-Filed Claim |
| 3 | PLYMOUTH PARK TAX SERVICES, LLC D/B/A XSPAND C/O LAW OFFICE OF JUDA J. EPSTEIN 3543 MAIN STREET, SECOND FLOOR BRIDGEPORT, CT 06606 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/14/2012 | 68123 | $77,346.60 | Late-Filed Claim |
| 4 | SUIJVER, J.A.W. 8 TONY OFFERMANSWEG KJ LAREN, 1251 NETHERLANDS | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/31/2012 | 68121 | $122,147.20 | Late-Filed Claim |
| | | | | | TOTAL | $249,493.80 | |

**EXHIBIT M**
**(Proposed Order – ECF No. 31046)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                              :          **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :          **08-13555 (JMP)**
                                                   :
                    **Debtors.**                   :          **(Jointly Administered)**
-------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED FIFTY-FIFTH
## OMNIBUS OBJECTION TO CLAIMS (NO GUARANTEE CLAIMS)

Upon the three hundred fifty-fifth omnibus objection to claims, dated September

21, 2012 (the "Three Hundred Fifty-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF

No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No

Guarantee Claims on the grounds that such claims are unenforceable against, and impose no

liability on, LBHI, all as more fully described in the Three Hundred Fifty-Fifth Omnibus

Objection to Claims; and due and proper notice of the Three Hundred Fifty-Fifth Omnibus

Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the

Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States

Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to

the Three Hundred Fifty-Fifth Omnibus Objection to Claims; and (vi) all other parties entitled to

---

[1]  Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Fifty-Fifth Omnibus Objection to Claims.

notice in accordance with the procedures set forth in the second amended order entered on June

17, 2010 governing case management and administrative procedures for these cases [ECF No.

9635]; and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the Three Hundred Fifty-Fifth Omnibus Objection

to Claims is in the best interests of LBHI, its estate, creditors, and all parties in interest and that

the legal and factual bases set forth in the Three Hundred Fifty-Fifth Omnibus Objection to

Claims establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Fifty-Fifth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Three Hundred

Fifty-Fifth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 355: EXHIBIT 1 – NO GUARANTEE CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | HJSI DEVONSHIRE, LLC C/O HJ SIMS INVESTMENTS, LLC 3530 POST ROAD, SUITE 301 SOUTHPORT, CT 06890 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28239 | Undetermined* | No Guarantee Claim |
| 2 | HSBC BANK USA, NA, AS TRUSTEE FOR LEHMAN MORTGAGE TRUST MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006-7 SUPPLEMENTAL INTEREST TRUST CTLA-STRUCTURED FINANCE ATTN: FERNANDO ACEBEDO 10 EAST 40TH STREET, 14TH FLOOR NEW YORK, NY 10016 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28532 | Undetermined* | No Guarantee Claim |
| | | | | | TOTAL | $0.00 | |

**EXHIBIT N**
**(Proposed Order – ECF No. 31047)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                   :        **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :        **08-13555 (JMP)**
                                                        :
                        **Debtors.**                    :        **(Jointly Administered)**
-------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED FIFTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)

Upon the three hundred fifty-sixth omnibus objection to claims, dated September 21, 2012 (the "Three Hundred Fifty-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to disallow and expunge the Insufficient Documentation Claims, all as more fully described in the Three Hundred Fifty-Sixth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Fifty-Sixth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Fifty-Sixth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Three Hundred Fifty-Sixth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Fifty-Sixth Omnibus Objection to Claims.

ORDERED that the relief requested in the Three Hundred Fifty-Sixth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on <u>Exhibit A</u> annexed to the Three Hundred

Fifty-Sixth Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

              _____
              UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 356: EXHIBIT 1 – INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | RUTTER, JAY P. 16 REDMOND DR. MADISON, NJ 07940 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 30400 | Undetermined* | Insufficient Documentation Claim |
| | | | | | TOTAL | $0.00 | |