**HEARING DATE AND TIME: December 19, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: December 10, 2012 at 4:00 p.m. (Eastern Time)**

---

**THIS OBJECTION SEEKS TO CLASSIFY AS SUBORDINATED CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE THREE HUNDRED SIXTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT COUNSEL FOR LEHMAN BROTHERS HOLDINGS INC., ADAM M. LAVINE, AT 212-310-8290.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                : Chapter 11 Case No.
                                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,         : 08-13555 (JMP)
                                                     :
                          Debtors.                   : (Jointly Administered)
---------------------------------------------------------------x

**NOTICE OF HEARING ON THE THREE HUNDRED
SIXTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (SECURITIES CLAIMS)**

**PLEASE TAKE NOTICE** that on November 9, 2012, Lehman Brothers

Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above

referenced chapter 11 cases, filed the three hundred sixty-fifth omnibus objection to claims (the "Three Hundred Sixty-Fifth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Sixty-Fifth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **December 19, 2012 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Sixty-Fifth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for Lehman Brothers Holdings Inc., Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Maurice Horwitz, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **December 10, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

2

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Sixty-Fifth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Sixty-Fifth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  November 9, 2012
        New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME: December 19, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: December 10, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x
In re                                             :    Chapter 11 Case No.
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :    08-13555 (JMP)
                                                  :
                    Debtors.                      :    (Jointly Administered)
--------------------------------------------------------------------x

**THREE HUNDRED SIXTY-FIFTH OMNIBUS**
**OBJECTION TO CLAIMS (SECURITIES CLAIMS)**

**THIS OBJECTION SEEKS TO CLASSIFY AS SUBORDINATED CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED SIXTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT COUNSEL FOR LEHMAN BROTHERS HOLDINGS INC., ADAM M. LAVINE, AT 212-310-8290.**

US_ACTIVE:\44131807\5\58399.0011

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases, respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this three hundred sixty-fifth omnibus objection to claims (the "Three Hundred Sixty-Fifth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3007(d) and 3013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664].

2. The proofs of claim listed on Exhibit A annexed hereto (collectively, the "Securities Claims") assert that LBHI is liable for damages arising from the purchase or sale of debt securities issued by LBHI or its affiliates. Certain holders of the Securities Claims seek monetary recovery based upon a drop in value of securities that they held and/or still hold. Other holders of the Securities Claims seek damages in liquidated, unliquidated, and/or contingent amounts and assert that such damages are the result of, among other things, LBHI's allegedly false and misleading statements or material omissions. The holders of the Securities Claims assert various legal theories in support of their alleged right to recovery, including, but not limited to, LBHI's alleged fraud.

3. Section 510(b) of the Bankruptcy Code requires mandatory subordination of claims arising from the purchase or sale of securities issued by a debtor or its affiliates. The

2

Plan creates LBHI Class 11 for claims subject to section 510(b) of the Bankruptcy Code that do not arise out of Equity Interests in LBHI. Regardless of the theory of recovery asserted by the holders of the Securities Claims, the Securities Claims are for "damages arising from the purchase or sale" of securities issued by LBHI or its affiliates as such terms are used in section 510(b) of the Bankruptcy Code. Further, the Securities Claims do not arise out of Equity Interests in LBHI. Accordingly, the Plan Administrator respectfully requests that the Court classify the Securities Claims in LBHI Class 11.

4. The Plan Administrator reserves its rights to object to any of the Securities Claims on any other basis as to which the Court does not grant the relief requested herein.

## Jurisdiction

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

6. Commencing on September 15, 2008 (the "Commencement Date") and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

3

8.  On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against LBHI.

9.  The Plan classifies claims against LBHI that are subject to section 510(b) of the Bankruptcy Code in LBHI Class 11, unless such claims arise out of Equity Interests[1] in LBHI. Plan at § 4.16. If a claim against LBHI is subject to section 510(b) of the Bankruptcy Code and arises out of an Equity Interest in LBHI, such claim is classified in LBHI Class 12. Plan at § 4.17.

### The Securities Claims Should Be Classified as Subordinated[2]

10. The Bankruptcy Code mandates that all claims arising from the purchase or sale of securities must be subordinated to the claims of other unsecured creditors. Specifically, section 510(b) of the Bankruptcy Code states:

> [A] claim … for damages arising from the purchase or sale of [a security of the debtor or an affiliate of the debtor] or for reimbursement or contribution allowed under section 502 on account of such a claim … shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

11 U.S.C. § 510(b). Section 101(49) of the Bankruptcy Code defines "security" broadly to include notes, stock, bonds, debentures and any other claim or interest commonly referred to as a security. 11 U.S.C. § 101(49). Likewise, "[c]ourts interpreting section 510(b) have read the

---

[1] The Plan defines Equity Interests to include "Allowed Claims against LBHI arising out of, relating to, or in connection with any [shares of common stock, preferred stock, other forms of ownership interest, or any other equity security] that are subject to section 510(b) of the Bankruptcy Code." Plan at § 1.51.

[2] The Plan Administrator need not commence an Adversary Proceeding because (i) such claims are not yet "allowed" and (ii) the Plan provides for subordination of claims subject to section 510(b) of the Bankruptcy Code. FED R. BANKR. P. 7001(8) ("The following are adversary proceedings… (8) a proceeding to subordinate any *allowed* claim or interest, *except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination*") (emphasis added).

4

term 'purchase' broadly and have included within its scope grants of stock and stock options as compensation." *In re Wireless Corporation, Inc.*, 384 B.R. 713, 718 (Bankr. D. Del. 2008).

11. Four of the holders of the Securities Claims allege that they were harmed as a result of LBHI's alleged fraud. Such holders further allege that LBHI's fraud induced them to purchase or retain debt securities issued by LBHI or its affiliates and that, as a result, such holders suffered a diminution in value of their securities and/or certain other damages. Whereas one such holder specifically alleges that LBHI violated the federal securities law, three such holders do not specify the particular statutory provision or common law rule that LBHI allegedly violated as a result of its alleged fraud.

12. Because the Securities Claims described in the foregoing paragraph 11 fall squarely within the scope of section 510(b) of the Bankruptcy Code, their subordination is mandatory. *See In re Granite Partners, L.P.*, 208 B.R. 332, 333 (Bankr. S.D.N.Y. 1997). Courts routinely subordinate claims pursuant to section 510(b) of the Bankruptcy Code where such claims allege that the debtor's fraud led claimants to purchase or retain securities to their detriment. *See, e.g.*, *Allen v. Geneva Steel Co.* (*In re Geneva Steel Co.*), 281 F.3d 1173 (10th Cir. 2002) (holding that post-investment fraud that causes an investor to hold rather than sell his securities is grounds for subordination); *In re WorldCom, Inc*, 329 B.R. 10, 15 (Bankr. S.D.N.Y 2005) ("The damage and harm sustained by [claimant], whether proximately caused by fraud in the inducement of its purchase, or the retention of its ownership… arises from and is based upon [claimant's] purchase and ownership of WorldCom stock and as such is squarely within the scope of Section 510(b).").

13. One holder of the Securities Claims seeks damages related to the holder's exposure to a money market fund that held certain debt securities issued by LBHI and/or its

5

affiliates. Although this holder does not allege that its damages flow directly from fraudulent securities transactions or arise contemporaneously with the purchase or sale of securities, such claim still "aris[es] from" the purchase or sale of securities as that term is used in section 510(b) of the Bankruptcy Code. Indeed, the term "arising from" has been granted an expansive reading by courts in this district. *See, e.g.*, *WorldCom,* 329 B.R. at 15 ("From the perspective of Section 510(b), it makes no difference whether the stockholder's loss in the value of his stock was caused by a pre-purchase fraud which induced his purchase, or a post-purchase fraud, embezzlement, looting, or other corporate misconduct which undermine the value of his stock."); *In re Jacom Computer Servs., Inc.*, 280 B.R. 570, 572 (Bankr. S.D.N.Y. 2002) (subordinating the indemnification claims of underwriters for costs incurred by the underwriters in connection with a class action lawsuit filed against the underwriters and the debtors).

14. Other courts agree with the courts in this district that section 510(b) should be read expansively to encompass many types of claims related to the purchase or sale of securities. *See, e.g.*, *In re Telegroup, Inc.*, 281 F.3d 133 (3d Cir. 2002) (subordinating claims arising from the debtor's alleged breach of its agreement to use its best efforts to ensure that certain stock was registered and freely tradeable); *In re Mid-American Waste Sys., Inc.* 228 B.R. 816, 825 n.5 (Bankr. D. Del 1999) ("Although the reported decisions and most literature on Section 510(b) speak in terms of securities law claims by purchasers and sellers, the claims contemplated by section 510(b) can also be based on other case law and statutory law dealing with fraudulent conduct generally, breach of fiduciary duty and similar types of misconduct"); *In re NAL Fin. Group, Inc.*, 237 B.R. 225, 232 (Bankr. S.D. Fla. 1999) ("[W]here there is fraud or illegality in the sale of securities, it is the purchaser of the securities that must bear that risk … [and] subordination of rescission or tort damage claims arising out of an illegal stock transaction

6

keeps the risk where it belongs….") (internal citations omitted); *In re Public Serv. Co. of N.H.*, 129 B.R. 3, 5 (Bankr. D.N.H. 1991) (stating that "[a]lthough the claim in this case is largely based on fraud, the language of 510(b) is broad enough to include breach of contract and related actions as well"); *see also* COLLIER ON BANKRUPTCY 510.04[3] (16th ed. 2009) (acknowledging that courts have adopted a broad reading of the term "arising from" and that "under this broad reading, the claim need not flow directly from the securities transaction or arise contemporaneously with the purchase or sale of the security… if the transaction is part of the causal link leading to the injury.").

15.     Based on the foregoing, it is clear that the Securities Claims are exactly the types of claims for which section 510(b) of the Bankruptcy Code mandates subordination. Further, after reviewing the Securities Claims, the Plan Administrator has determined that the Securities Claims do not arise out of Equity Interests in LBHI. Accordingly, the Plan Administrator respectfully requests that the Court classify each Securities Claim in LBHI Class 11.

## Notice

16.     No trustee has been appointed in these Chapter 11 Cases. The Plan Administrator has served notice of this Three Hundred Sixty-Fifth Omnibus Objection to Claims on: (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on <u>Exhibit A</u> attached to this Three Hundred Sixty-Fifth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case

7

management and administrative procedures for these cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

17. No previous request for the relief sought herein has been made by LBHI or the Plan Administrator to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: November 9, 2012
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

# **EXHIBIT A**

## IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 365: EXHIBIT A – SECTION 510(b) CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | CLASS | ASSERTED TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|---|
| 1 | COHEN, LAURIE S<br>1361 WRIGHT DRIVE<br>HUNTINGDON VALLEY, PA 19006 | | Lehman Brothers Holdings Inc. | 09/14/2009 | 12167[1] | LBHI Class 11 | $42,400.00 |
| 2 | HAACK, JOHN A<br>10500 VILLAGE LN<br>FORISTELL, MO 63348-2422 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25005 | LBHI Class 11 | $40,000.00 |
| 3 | PUERTO RICO GLOBAL INCOME TARGET MATURITY FUND, INC.<br>ATTN: JOSE SOSA LLORENS, ESQ.<br>FIDDLER GONZALEZ & RODRIGUEZ<br>PO BOX 363507<br>SAN JUAN, PR 00936-3507 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24629 | LBHI Class 11 | $5,950,000.00 |
| 4 | ROFOUGARAN, AHMADREZA (REZA)<br>33 VISTA LUCI<br>NEWPORT COAST, CA 92657 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25392[2] | LBHI Class 11 | $381,476.00 |
| 5 | SHAPIRO, MARK<br>59 UPLAND DRIVE<br>GREENWICH, CT 06831 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22199 | LBHI Class 11 | $50,000.00 |
| | | | | | | TOTAL | $6,563,876.00 |

---

[1] The Three Hundred Sixty-Fifth Omnibus Objection to Claims does not affect the previously expunged portion of claim number 12167 relating to the security identified by CUSIP 52520X208.

[2] The Three Hundred Sixty-Fifth Omnibus Objection to Claims does not affect the portion of claim number 25392 relating to the securities identified by CUSIPs 524935111 and 5250W143.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                             :     Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :     08-13555 (JMP)
                                                                  :
                    Debtors.                                :     (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING THE THREE HUNDRED SIXTY-FIFTH
OMNIBUS OBJECTION TO CLAIMS (SECURITIES CLAIMS)**

Upon the three hundred sixty-fifth omnibus objection to claims, dated November 9, 2012 (the "Three Hundred Sixty-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3007(d) and 3013 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking to subordinate the Securities Claims on the basis that such claims arise from the purchase or sale of securities issued by LBHI or its affiliates, all as more fully described in the Three Hundred Sixty-Fifth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Sixty-Fifth Omnibus Objection to Claims having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Sixty-Fifth Omnibus Objection to Claims is in the best interests of LBHI, its creditors, and all parties in interest, and that the legal and factual bases set forth in the Three Hundred Sixty-Fifth

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Sixty-Fifth Omnibus Objection to Claims.

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Sixty-Fifth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Securities Claim listed on Exhibit 1 annexed hereto is classified in LBHI Class 11; and it is further

ORDERED that this Order has no res judicata, estoppel, or other affect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A to the Three Hundred Sixty-Fifth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE