HEARING DATE AND TIME: December 19, 2012 at 10:00 a.m. (Prevailing Eastern Time)
RESPONSE DEADLINE: December 10, 2012 at 4:00 p.m. (Prevailing Eastern Time)

---

**THE THREE HUNDRED SIXTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, JORDAN BRYK, AT 212-310-8034.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

------------------------------------------------------------------x

**NOTICE OF HEARING ON**
**THREE HUNDRED SIXTY-SIXTH OMNIBUS**
**OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)**

        **PLEASE TAKE NOTICE** that on November 9, 2012, Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors for certain entities in the above-referenced chapter 11 cases, filed its three hundred

sixty-sixth omnibus objection to claims (the "Three Hundred Sixty-Sixth Omnibus Objection to

Claims"), and that a hearing to consider the Three Hundred Sixty-Sixth Omnibus Objection to

Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in

Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York 10004, on **December 19, 2012 at 10:00 a.m.**

**(Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

      **PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred

Sixty-Sixth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules

of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with

the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system,

and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard

copy delivered directly to Chambers), in accordance with General Order M-182 (which can be

found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on

(i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York

10004, Courtroom 601; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal &

Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and

Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33

Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.,

Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no

later than **December 10, 2012 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response

Deadline").

      **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Three Hundred Sixty-Sixth Omnibus Objection to Claims or any claim

set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three

Hundred Sixty-Sixth Omnibus Objection to Claims, which order may be entered with no further

notice or opportunity to be heard offered to any party.

Dated:  November 9, 2012
        New York, New York

                                            /s/ Robert J. Lemons
                                            Robert J. Lemons

                                            WEIL, GOTSHAL & MANGES LLP
                                            767 Fifth Avenue
                                            New York, New York 10153
                                            Telephone: (212) 310-8000
                                            Facsimile: (212) 310-8007

                                            Attorneys for Lehman Brothers Holdings Inc.
                                            and Certain of Its Affiliates

**HEARING DATE AND TIME: December 19, 2012 at 10:00 a.m. (Prevailing Eastern Time)**
**RESPONSE DEADLINE: December 10, 2012 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

---------------------------------------------------------------------x

**THREE HUNDRED SIXTY-SIXTH OMNIBUS**
**OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)**

> **THIS THREE HUNDRED SIXTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, JORDAN BRYK, AT 212-310-8034.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced

chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

### Jurisdiction

1.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

2.       Commencing on September 15, 2008 and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code (the "Chapter 11 Cases").  These Chapter 11 Cases have been consolidated for

procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule

1015(b).

3.       On January 14, 2010, the Court entered the order approving procedures for

the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"),

which authorizes the filing of omnibus objections to no more than 500 claims at a time, on

various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional

grounds set forth in the Procedures Order.

4.       On December 6, 2011, the Court entered an order confirming the Plan

[ECF No. 23023].  The Plan became effective on March 6, 2012.  Pursuant to the Plan, the Plan

Administrator is authorized to interpose and prosecute objections to claims filed against the

Chapter 11 Estates.

US_ACTIVE:\44132195\5\58399.0011

## The Employment-Related Claims

5.      The proofs of claim listed on Exhibit A annexed hereto (collectively, the

"Employment-Related Claims") assert claims for, among other things, one or more of the

following:

- Obligations asserted by a claimant on a separate proof of claim (the "Duplicative Claims");

- bonus compensation or payment for unused vacation days arising out of employment with an entity that is one of the Chapter 11 Estates (the "Bonus/Unused Vacation Claims");

- compensation arising out of employment with an entity that is not one of the Chapter 11 Estates (the "Non-Debtor Employee Claims"); and

- losses associated with the claimant's 401(k) savings plan (the "401(k) Claims").

## Relief Requested

6.      The Plan Administrator files this omnibus objection, pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and the Procedures Order, to disallow and expunge

certain claims for which the Chapter 11 Estates have no liability.  As set forth in greater detail

below, the Chapter 11 Estates have no liability for, and the Plan Administrator seeks to disallow

and expunge, those portions of the Employment-Related Claims that are Duplicative Claims,

Bonus/Unused Vacation Claims, Non-Debtor Employee Claims, and 401(k) Claims.  Exhibit B

annexed hereto specifies the category of the objections to each of the Employment-Related

Claims.[1]

---

[1] This objection is only seeking to disallow and expunge the portions of the Employment-Related Claims that relate to the Duplicative Claims, the Bonus/Unused Vacation Claims, the Non-Debtor Employee Claims, and the 401(k) Claims.  This objection does not have any effect on any other portions of the Employment Related Claims.  The Chapter 11 Estates reserve all rights to object to or seek to reclassify such other portions of the Employment Related Claims on any grounds.

3

**Argument**

7.        Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

8.        The Duplicative Claims, the Bonus/Unused Vacation Claims, the Non-Debtor Employee Claims, and the 401(k) Claims not valid claims against LBHI or any of the Chapter 11 Estates and should be expunged or reclassified as set forth below.  Unless those portions of the Employment-Related Claims are disallowed and expunged as set forth below, parties who do not hold valid claims against the Chapter 11 Estates may nonetheless recover from the Chapter 11 Estates.  The Court has previously granted similar relief with respect to other proofs of claim asserting similar grounds.  *See, e.g., Order Granting Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims)* [ECF No. 21382]; *Order Granting Debtors' Two Hundred Fifty-Fourth Omnibus Objection to Claims (Employment-Related Claims)* [ECF No. 27107]; *Order Granting Debtors' Three Hundred Forty-Second Omnibus Objection to Claims (Employment-Related Claims)* [ECF No. 31145]; *Order Granting Debtors' Three Hundred Forty-Fourth Omnibus Objection to Claims (Duplicative Claims)* [ECF No. 31147].

**I.  The Duplicative Claims Should Be Disallowed and Expunged.**

9.    In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has determined that the Duplicative Claims are either exact duplicates or are in substance duplicates of the corresponding Surviving Claims, as indicated on Exhibit B.  Specifically, the Duplicative Claims were filed by the same claimants against the same Chapter 11 Estates and on account of the same obligations as the corresponding Surviving Claims.

10.    Courts in the Southern District of New York routinely disallow and expunge duplicative claims filed by the same creditor against the same debtors.  *See, e.g.*, *In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).  As noted above, this Court has, on several occasions, expunged duplicative claims filed against the Chapter 11 Estates.

11.    The Chapter 11 Estates should not be required to pay on the same claim more than once.  *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").  Elimination of redundant claims will enable the Plan Administrator to maintain a claims register that more accurately reflects the proper claims existing against the Chapter 11 Estates and expedite distributions to creditors by reducing reserves maintained on account of disputed claims.

US_ACTIVE:\44132195\5\58399.0011

12.     Accordingly, the Plan Administrator requests that the Court disallow and expunge the portions of the Employment-Related Claims based on Duplicative Claims.[2]  The Surviving Claims will remain on the claims register subject to further objections on any basis.

**II.  The Bonus/Unused Vacation Claims Should Be Disallowed and Expunged.**

13.     The Bonus/Unused Vacation Claims were filed by current and former employees of the Chapter 11 Estates that assert claims for bonus compensation and/or payment for unused vacation days.

14.     LBHI is not liable for the asserted bonus compensation.  Granting bonus compensation was within the discretion of the Chapter 11 Estates, and the Chapter 11 Estates' books and records do not reflect that any of the claimants asserting Bonus/Unused Vacation Claims are entitled to a bonus.  The Bonus/Unused Vacation Claims do not set forth any legal argument or factual basis that entitles the claimants to bonus compensation.  The Bonus/Unused Vacation Claims do not assert a right to receive a bonus and do not present any evidence that a bonus was awarded or required.  Certain of the claimants base their claim for bonuses on the fact that they received bonuses in 2007, but receipt of a bonus in 2007 did not entitle claimants to a bonus in 2008.

15.     Similarly, LBHI is not liable for the asserted unused vacation.  As set forth in the "Guide to Working at Lehman Brothers," attached hereto as Exhibit C, "[employees] will not receive compensation in lieu of unused vacation time unless required by applicable law."  Applicable law does not require payment for unused vacation days and, therefore, LBHI is not liable for unpaid vacation.

---

[2] Where a creditor has filed different documentation in support of the Duplicative Claim and the Surviving Claim, the Chapter 11 Estates will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

US_ACTIVE:\44132195\5\58399.0011

16.     The Court has previously disallowed and expunged similar proofs of claim for bonus compensation and unused vacation.  *See, e.g., Order Granting Debtors' Two Hundred Eighty-Eighth Omnibus Objection to Claims (Employment-Related Claims)* [ECF No. 28389]; *Order Granting Debtors' Three Hundred Twenty Seventh Omnibus Objection to Claims (Partnership and Other Employee Claims)* [ECF No. 30340].

17.     The Plan Administrator requests that the Court enter an order disallowing and expunging the portions of the Employment-Related Claims that are based on Bonus/Unused Vacation Claims.

### III.  The Non-Debtor Employee Claims Should Be Disallowed and Expunged.

18.     Portions of the Employment-Related Claims include Non-Debtor Employee Claims that were filed by former employees of an affiliate of the Chapter 11 Estates. They assert direct or guarantee claims for employment-related compensation, including severance, commissions, fees, wages and bonuses.  The Chapter 11 Estates have reviewed their records and determined that the claimants were not employees of any of the Chapter 11 Estates at the time the Non-Debtor Employee Claims allegedly accrued, but were instead employees of other Lehman entities, including Lehman Brothers Inc. ("LBI").  A claim against an entity other than one of the Chapter 11 Estates does not result in a claim against, or a right to payment from, any of the Chapter 11 Estates.  As a result, while the applicable employers of the claimants may be liable for such compensation claims, the Employment Related Claims state no basis upon which the Chapter 11 Estates may be liable.

19.     The Court has previously disallowed and expunged similar proofs of claim filed by employees of entities that are not a part of these Chapter 11 Cases.  *See, e.g., Order Granting Debtors' One Hundred Seventeenth Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims)* [ECF No. 17366]; *Order Granting Debtors' One Hundred Seventy-*

7

*Seventh Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims)* [ECF No. 20627]; *Order Granting Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims)* [ECF No. 21382]; *Order Granting Debtors' Two Hundred Fifty-Fourth Omnibus Objection to Claims (Employment-Related Claims)* [ECF No. 27107]; *Order Granting Debtors' Two Hundred Eighty-Eighth Omnibus Objection to Claims (Employment-Related Claims)* [ECF No. 28389].

20.      The Plan Administrator requests that the Court enter an order disallowing and expunging the portions of the Employment-Related Claims based on Non-Debtor Employee Claims.

**IV.  The 401(k) Claims Should Be Disallowed and Expunged.**

21.      Portions of the Employment-Related Claims assert claims for losses associated with the claimants' 401(k) savings plans.  The claimants' 401(k) savings plans contain a variety of financial products, including stocks and bonds that were issued by companies unrelated to the Chapter 11 Estates and funds that are in no way connected to the Chapter 11 Estates.  The 401(k) savings plans may also contain common stock in LBHI.  The 401(k) Claims do not assert rights as owners of LBHI stock but merely assert claims for losses associated with the claimants' 401(k) accounts.  Losses of a claimant's savings do not give rise to a valid claim against the Chapter 11 Estates.  None of the 401(k) Claims offers any legal theory or basis for why any of the Chapter 11 Estates is liable for a decrease in value of a 401(k) savings plan.  The claimants have access to their 401(k) accounts, and such accounts are not property of the Chapter 11 Estates.  To the extent that claimants submitted claims for LBHI stock held in their 401(k) accounts, such claims should be subordinated pursuant to Bankruptcy Code section 510(b) and

8

reclassified as equity interests.[3]

22.     The Court has granted similar relief with respect to claims based on 401(k) plans.  *See, e.g., Order Granting Debtors' One Hundred Seventy-Eighth Omnibus Objection to Claims (No Liability 401(k) Claims)* [ECF No. 20631]; *Order Granting Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims)* [ECF No. 21382]; *Order Granting Debtors' Two Hundred Fifty-Fourth Omnibus Objection to Claims (Employment-Related Claims)* [ECF No. 27107]; *Order Granting Debtors' Two Hundred Eighty-Eighth Omnibus Objection to Claims (Employment-Related Claims)* [ECF No. 28389].

23.     The Plan Administrator respectfully requests that the Court enter an order disallowing and expunging the portions of the Employment-Related Claims based on 401(k) Claims.

## Reservation of Rights

24.     The Plan Administrator reserves all rights to object on any basis to any Employment-Related Claim or any portion of any Employment-Related Claim as to which the relief requested herein is not granted.

## Notice

25.     No trustee has been appointed in these Chapter 11 Cases.  Notice of this Three Hundred Sixty-Sixth Omnibus Objection to Claims has been provided to (i) the United States  Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the

---

[3] Section 510(b) of the Bankruptcy Code provides that, for purposes of distribution, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, or for damages arising from the purchase or sale of a security, shall be subordinated to all claims or interests that are senior to or equal to the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock. 11 U.S.C. § 510(b).

US_ACTIVE:\44132195\5\58399.0011

procedures set forth in the second amended order entered on June 17, 2010, governing case

management and administrative procedures for these cases [ECF No. 9635].  The Plan

Administrator submits that no other or further notice need be provided.

26.     No previous request for the relief sought herein has been made by the Plan

Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order

granting the relief requested herein and such other and further relief as is just.

Dated:  November 9, 2012
        New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

10

**EXHIBIT A**

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 366: EXHIBIT A - EMPLOYMENT-RELATED CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | AMOUNTS TO BE DISALLOWED |
|---|---|---|---|---|---|---|
| 1 | ADAIR, JOHN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23716 | $3,300,000.00 |
| 2 | BORGES, IDALIA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/10/2009 | 11265 | $86,805.82 |
| 3 | COLON LOPEZ, ELIZABETH | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/25/2009 | 34924 | $98,695.11 |
| 4 | GAMBARDELLA, LISA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27360 | $3,726.00 |

A portion of this claim has been reclassified as an equity interest and is unaffected by this objection.

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | AMOUNTS TO BE DISALLOWED |
|---|---|---|---|---|---|---|
| 5 | KENNEY, ARTHUR J. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 02/10/2012 | 67880 | $81,597.66 |
| 6 | KONHEIM, SETH | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 05/06/2011 | 67484 | $8,000.00 |
| 7 | LIU, AMY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27354 | $2,275.00 |

A portion of this claim has been reclassified as an equity interest and is unaffected by this objection.

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | AMOUNTS TO BE DISALLOWED |
|---|---|---|---|---|---|---|
| 8 | MARSAN, DEAN K. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/14/2009 | 12163 | Undetermined* |
| 9 | MONTELLA, MICHAEL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/29/2011 | 67751 | $40,769.21 |

A portion of this claim has been reclassified as an equity interest and is unaffected by this objection.

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | AMOUNTS TO BE DISALLOWED |
|---|---|---|---|---|---|---|
| 10 | PATEL, BHAVNA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/24/2009 | 9246 | $25,030.00 |

A portion of this claim has been reclassified as an equity interest and is unaffected by this objection.

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | AMOUNTS TO BE DISALLOWED |
|---|---|---|---|---|---|---|
| 11 | RODRIGUEZ, KLEBER | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18127 | $36,000.00 |
| 12 | SATRIALE, ANTHONY M. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17328 | $3,000.00 |
| 13 | SCELLATO, JAMES | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/19/2009 | 41376 | Undetermined* |

* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 366: EXHIBIT A - EMPLOYMENT-RELATED CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | AMOUNTS TO BE DISALLOWED |
|---|---|---|---|---|---|---|
| 14 | SCELLATO, JAMES | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/19/2009 | 41377 | Undetermined* |
| 15 | SCELLATO, JAMES | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/19/2009 | 41378 | $23,736.64 |
| 16 | SHANAHAN, JOHN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30682 | $37,317.00 |
| 17 | TERRANOVA, THOMAS | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 03/01/2012 | 67935 | $70,000.00 |
| 18 | ULYANENKO, ANDREY | -- -- | No Case Asserted | 09/21/2009 | 26198 | $14,450.00 |
| 19 | WITKIN, MICHAEL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/01/2009 | 10035 | $909.00* |
| | A portion of this claim has been reclassified as an equity interest and is unaffected by this objection. | | | | | |
| 20 | YEUNG, BRIAN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27233 | $6,230.77 |
| | A portion of this claim has been reclassified as an equity interest and is unaffected by this objection. | | | | | |
| | | | | | TOTAL | $3,838,542.21 |

**EXHIBIT B**

**EXHIBIT B TO OMNIBUS OBJECTION 366 (EMPLOYMENT-RELATED CLAIMS): BASIS FOR OBJECTIONS AS TO EACH CLAIM**

| Claimant Name | Claim # | Duplicative Claims | Bonus/Unused Vacation Claims | Non-Debtor Employee Claims | 401(k) Claims |
|---|---|---|---|---|---|
| ADAIR, JOHN | 23716 | | | X | |
| BORGES, IDALIA | 11265 | | | X | |
| COLON LOPEZ, ELIZABETH | 34924 | | | X | |
| GAMBARDELLA, LISA | 27360 | | X | | |
| KENNEY, ARTHUR J. | 67880 | X Surviving Claim: 14067 | | | |
| KONHEIM, SETH | 67484 | X Surviving Claim: 17412 | | X | |
| LIU, AMY | 27354 | | X | | |
| MARSAN, DEAN K. | 12163 | X Surviving Claim: 24463 | | | |
| MONTELLA, MICHAEL | 67751 | | X | | |
| PATEL, BHAVNA | 9246 | X Surviving Claim: 9244 | | | |
| RODRIGUEZ, KLEBER | 18127 | | | | X |
| SATRIALE, ANTHONY M. | 17328 | | | | X |
| SCELLATO, JAMES | 41376 | | | X | |
| SCELLATO, JAMES | 41377 | | | X | |
| SCELLATO, JAMES | 41378 | | | X | |
| SHANAHAN, JOHN | 30682 | X Surviving Claim: 26346 | | | |
| TERRANOVA, THOMAS | 67935 | X Surviving Claim: 67829 | | | |
| ULYANENKO, ANDREY | 26198 | | | | X |

## **EXHIBIT C**



# TIME OFF

## VACATION

Lehman Brothers offers a vacation policy that provides individuals with time away from work to relax and rejuvenate, as well as to meet personal life demands. We strongly encourage you to take all the vacation time to which you are entitled. The Firm's vacation policy can also be found on LehmanLive, keyword: **timeoff**.

### Vacation Eligibility

If you are an active full-time employee, you are eligible for paid vacation time, based on your length of employment and corporate title, according to the schedule below.

In addition to the schedule below, full-time employees who have completed one year of service will be eligible for one week of unpaid vacation time per vacation year. This week is available after all paid vacation time has been used and when additional vacation may be needed. Unpaid vacation time will be approved only for five consecutive days away from the office.

Employees who are regularly scheduled to work a minimum of 20 hours per week on an ongoing basis are eligible for one week of vacation per year after they have completed six months of continuous employment, and two weeks of vacation per year after five years of service. The vacation eligibility is determined by their regular or average work schedule.

Vacation time may be scheduled at any time that is mutually convenient for you and your department, and should be approved by your manager in advance. The Firm's vacation year begins January 1 and ends December 31. Vacation time may be taken in half-day or full-day increments. Vacation time that is not taken in the calendar year in which you are eligible for it may not be carried over into the subsequent calendar year unless it is approved in writing by your manager and your divisional Human Resources director. Please note that you will not receive compensation in lieu of unused vacation time unless required by applicable law.

| Title / Tenure | Time Off |
|---|---|
| **Up to Vice President Level** | |
| Through the 5th anniversary | 3 weeks* |
| On the 5th anniversary | 4 weeks |
| On the 10th anniversary | 4 weeks |
| On the 15th anniversary | 4 weeks |
| On the 20th anniversary | 5 weeks |
| On the 25th anniversary | 5 weeks |
| **Vice Presidents and Above** | |
| Through the 5th anniversary | 4 weeks* |
| On the 5th anniversary | 4 weeks |
| On the 15th anniversary | 5 weeks |
| On the 25th anniversary | 5 weeks |

*Please refer to the full policy on LehmanLive, keyword: **timeoff**, for new hire eligibility



### Vacation Eligibility for Commissioned Individuals

Investment Representatives and other individuals paid by draw and/or commissions are eligible for the same vacation schedule as other members of the Firm. If you are paid through commissions, you are eligible to receive any applicable draw and/or commissions generated in your absence as agreed upon by your manager and your divisional Human Resources director.

### Change of Status

If your status changes (e.g., part-time to full-time, promotion to Vice President), you are eligible for vacation time at the new level, effective immediately, according to your total length of service.

### Vacation Eligibility When You Separate

If you separate from the Firm, either voluntarily or involuntarily, you will not receive pay in lieu of unused vacation days, except as required by applicable law or pursuant to the Lehman Brothers Inc. Severance Plan.

## FIRM HOLIDAYS

Lehman Brothers' holiday schedule conforms to that of the New York Stock Exchange. The following holidays are generally observed:

- New Year's Day
- Martin Luther King, Jr. Day
- Presidents' Day
- Good Friday
- Memorial Day
- Independence Day
- Labor Day
- Thanksgiving Day
- Christmas Day

For information about your eligibility for holiday pay, refer to the Firm Holidays Policy in the Guide to Working at Lehman Brothers on LehmanLive, keyword: **timeoff**.



# TIME OFF

## PERSONAL DAYS

The Firm provides you with days off to attend to personal matters during the year. Similar to vacation time, personal days should be scheduled with your manager in advance when possible. The number of personal days to which you are entitled is based upon your employment status:

- If you are full-time, you are eligible for three personal days each calendar year after you have completed six months of continuous employment.

- If you are part-time salaried, you are eligible for one personal day each calendar year after you have completed six months of continuous employment. After your fifth anniversary, you are eligible for two personal days each calendar year.

- If you are temporary or part-time hourly, you are not eligible for personal days.

Unused personal days may not be carried over into the next calendar year. In addition, you will not receive pay in lieu of any unused personal days, unless otherwise required by applicable law.

## SICK DAYS

Lehman Brothers supports your need to take time off from work as medically necessary to recover from your own illness or to care for someone else during an illness for whom you are the primary caregiver, such as your child or your parent. Sick days are intended for single day or short-term absences, and should be used as appropriate; you do not accumulate sick days at Lehman Brothers. If you are away from work for more than three consecutive days, you should consult with your divisional Human Resources staff as you may be eligible for an Employee Medical Leave of Absence or a Family Medical Leave of Absence under the Firm's policies. For more information regarding medical leaves, please refer to LehmanLive, keyword: **leaves**.

You may be required to provide medical documentation substantiating your absences, e.g., when your absence is due to a communicable condition, you are sent home or to a medical professional due to the illness or your absences are excessive. Your manager and your divisional Human Resources staff can provide you with guidelines for "excessive" absenteeism. For more information, you can also refer to the Attendance and Punctuality Policy in the Guide to Working at Lehman Brothers on LehmanLive, keyword: **workpractices**.

## RELIGIOUS OBSERVANCE

Lehman Brothers makes reasonable efforts to accommodate its employees' religious beliefs. This includes providing sufficient time off for religious observance if the absence does not cause undue hardship for the business. At the beginning of each calendar year, you should schedule available paid time off (personal and vacation days) for all known religious observances. If you have used all available paid time off, please discuss appropriate arrangements with your manager.



## BEREAVEMENT LEAVE

The Firm provides time away from the office in the event you suffer the loss of a family member. If you are full-time or part-time salaried, you are provided up to five days of leave with pay in the event of a death in your immediate family. Your manager may approve a request for additional time away from the office if there are extenuating circumstances.

For purposes of the Firm's Bereavement Leave Policy, immediate family includes your spouse or domestic partner, child, parent, sibling, grandparent or grandchild, as well as your spouse or domestic partner's child, parent, sibling, grandparent or grandchild. A domestic partner is an individual who is not related to you, but who is living with you on a continuous basis and who has a close and committed personal relationship with you.

## JURY DUTY/SUBPOENA DUTY

Lehman Brothers supports your efforts to perform your civic duty by serving on a jury or testifying in a court of law. If you are either full-time or part-time salaried and you are summoned for jury or subpoena duty, you will receive your regular pay for the period of active jury/subpoena duty for up to 20 business days in any revolving 12 months. You are also permitted to retain any compensatory fees for performance of jury service (e.g., juror fees).

If called to serve, you should:

- Present your manager with a copy of your juror summons or subpoena as far in advance as possible prior to the date you will be required to be away from work;
- Call your manager daily to report your status;
- Return to work during any regular office hours when you are excused from duty; and
- Provide your manager with a notice of confirmation stating the duration of duty served.

If you are either part-time hourly or temporary, you are not eligible to receive your regular pay during jury or subpoena duty, unless otherwise required by applicable law.

## TIME OFF TO VOTE

The Firm supports your right to vote in national, state and local elections. Each Election Day, the Firm will provide you with information detailing the polling hours in your state. When possible, you should make arrangements to vote before or after regular work hours. If you are unable to vote during non-working time, you should request time away from the office from your manager.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
In re                                             :        Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :        08-13555 (JMP)
                                                  :
                              Debtors.            :        (Jointly Administered)
----------------------------------------------------------------------x

## ORDER GRANTING THE
## THREE HUNDRED SIXTY-SIXTH OMNIBUS
## OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)

Upon the three hundred sixty-sixth omnibus objection to claims, dated August 14,

2012 (the "Three Hundred Sixty-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 502(b) of title

11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664], seeking disallowance and expungement of the

Employment-Related Claims to the extent that they assert claims for which LBHI has no

liability, all as more fully described in the Three Hundred Sixty-Sixth Omnibus Objection to

Claims; and due and proper notice of the Three Hundred Sixty-Sixth Omnibus Objection to

Claims having been provided, and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief requested in the Three Hundred Sixty-

Sixth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their

creditors, and all parties in interest and that the legal and factual bases set forth in the Three

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Three Hundred Sixty-Sixth
Omnibus Objection to Claims.

Hundred Sixty-Sixth Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Sixty-Sixth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the portions

of the claims listed on Exhibit 1 annexed hereto under the heading "*Amount to be Disallowed*"

are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim or portion of any claim listed on Exhibit A annexed

to the Three Hundred Sixty-Sixth Omnibus Objection to Claims that does not appear on Exhibit

1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                  _____
                  UNITED STATES BANKRUPTCY JUDGE

2