HEARING DATE AND TIME: December 19, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: December 10, 2012 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE THREE HUNDRED SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, RYAN MARTIN, AT 212-310-8325.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| | |
|---|---|
| In re : | Chapter 11 Case No. |
| : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : | 08-13555 (JMP) |
| : | |
| Debtors. : | (Jointly Administered) |

------------------------------------------------------------x

**NOTICE OF HEARING ON THREE HUNDRED SIXTY-EIGHTH
OMNIBUS OBJECTION TO CLAIMS (IMPROPER AMENDMENTS)**

**PLEASE TAKE NOTICE** that on November 9, 2012, Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

1

US_ACTIVE:\44131760\3\58399.0011

Debtors for certain entities in the above-referenced chapter 11 cases, filed its three hundred sixty-eighth omnibus objection to claims (the "Three Hundred Sixty-Eighth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Sixty Eighth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **December 19, 2012 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Sixty-Eighth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Maurice Horwitz, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **December 10, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Sixty-Eighth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Sixty-Eighth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: November 9, 2012
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

HEARING DATE AND TIME: December 19, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: December 10, 2012 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------x

**THREE HUNDRED SIXTY-EIGHTH OMNIBUS**
**OBJECTION TO CLAIMS (IMPROPER AMENDMENTS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, RYAN MARTIN, AT 212-310-8325.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1.  The Plan Administrator files this three hundred sixty-eighth omnibus objection to claims (the "Three Hundred Sixty-Eighth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order"), ECF No. 6664, seeking to disallow and expunge the claims listed on Exhibit A annexed hereto (the "Improper Amendment Claims"), which are improper amendments of proofs of claim that have been previously filed (the "Prior Claims"), as indicated on Exhibit A.

2.  The Plan Administrator has examined the Improper Amendment Claims and determined that the Improper Amendment Claims improperly seek to reassert claims that have been previously disallowed and expunged by this Court, as described in Exhibit A.

3.  The Three Hundred Sixty-Eighth Omnibus Objection to Claims does not affect the Prior Claims and does not constitute any admission or finding with respect to the Prior Claims. Further, the Plan Administrator reserves all its rights to object on any other basis to any Improper Amendment Claim if the Court does not grant the relief requested herein.

**Jurisdiction**

4.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.  Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

2

Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On January 14, 2010, the Court entered the Procedures Order, which authorizes, among other things, the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7. On July 2, 2009, the Court entered its Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order"), ECF No. 4271.

8. On December 6, 2011, the Court approved and entered an order confirming the Plan, ECF No 23023. The Plan became effective on March 6, 2012 (the "Effective Date").

9. Pursuant to the Plan, the Plan Administrator is authorized to prosecute objections to claims filed against the Chapter 11 Estates.

## The Improper Amendment Claims Should Be Disallowed and Expunged

10. Courts in the Second Circuit generally allow amendments to proofs of claim "where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim." *See In re Enron Corp.*, 419 F.3d 115, 133 (2d Cir. 2005); see also *In re GL Miller & Co.*, 45 F.2d 115, 116 (2d Cir. 1930) (enumerating same three factors). However, courts "must subject post bar date amendments to careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment." *See In re Enron Corp.*, 419 F. 3d at

3

133. "Amendments are disallowed when their purpose is to create a new claim." *In re Andover Togs, Inc.,* 231 B.R. 521, 549 (Bankr.S.D.N.Y.1999).

11. The Plan Administrator has reviewed the Improper Amendment Claims listed on Exhibit A and determined that they are not permissible amendments of the Prior Claims. As indicated on Exhibit A, the Improper Amendment Claims seek to reassert and amend claims that have been previously disallowed and expunged by this Court. Based on the foregoing, the Improper Amendment Claims should be disallowed on the grounds that they assert entirely new claims after the applicable bar date.

### Notice

12. No trustee has been appointed in these chapter 11 cases. Notice of this Three Hundred Sixty-Eighth Omnibus Objection to Claims has been provided to (i) the Unites States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

13. No previous request for the relief sought herein has been made by the Plan Administrator or any Chapter 11 Estate to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: November 9, 2012
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

5

# EXHIBIT A

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**
**OMNIBUS OBJECTION 368: EXHIBIT A - IMPROPER AMENDMENT CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | FRANZ, ROBERT | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/24/2011 | 67641 | $8,354,024.08 | $8,354,024.08 | Purports to amend Claim No. 13065, which was expunged by Order dated March 31, 2011 [ECF No. 15491]. |
| 2 | KARP, MICHAEL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/11/2011 | 67680 | $41,250.00 | $41,250.00 | Purports to amend Claim No. 26318, which was expunged by Order dated June 3, 2011 [ECF No. 17366]. |
| | | | | | TOTAL | $8,395,274.08 | $8,395,274.08 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

Page 1 of 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                : Chapter 11 Case No.
                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,             : 08-13555 (JMP)
                                                     :
                    Debtors.                         : (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED SIXTY-EIGHTH
### OMNIBUS OBJECTION TO CLAIMS (IMPROPER AMENDMENTS)

Upon the three hundred sixty-eighth omnibus objection to claims, dated November 9, 2012 (the "Three Hundred Sixty-Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, seeking, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), to disallow and expunge the Improper Amendment Claims on the grounds that such claims are improper amendments of the corresponding Prior Claims, all as more fully described in the Three Hundred Sixty-Eighth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Sixty-Eighth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Sixty-Eighth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Sixty-Eighth Omnibus Objection to Claims.

US_ACTIVE:\44131760\3\58399.0011

and that the legal and factual bases set forth in the Three Hundred Sixty-Eighth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Three Hundred Sixty-Eighth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the Improper Amendment Claims constitutes any admission or finding with respect to any of the Prior Claims, and the Plan Administrator's rights to object to the Prior Claims on any basis are preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Three Hundred Sixty-Eighth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                                         _____
                                                         UNITED STATES BANKRUPTCY JUDGE