---

**THE THREE HUNDRED SEVENTIETH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE THREE HUNDRED SEVENTIETH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x
|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |

--------------------------------------------------------------------x

**NOTICE OF HEARING ON THREE HUNDRED SEVENTIETH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

        **PLEASE TAKE NOTICE** that on November 9, 2012, Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors for certain entities in the in the above-referenced chapter 11 cases, filed the three

hundred seventieth omnibus objection to claims (the "Three Hundred Seventieth Omnibus

Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred

Seventieth Omnibus Objection to Claims will be held before the Honorable James M. Peck,

United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for

the Southern District of New York, One Bowling Green, New York, New York 10004, on

**December 19, 2012 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel

may be heard.

          **PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred

Seventieth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules

of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with

the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system,

and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard

copy delivered directly to Chambers), in accordance with General Order M-182 (which can be

found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on

(i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York

10004, Courtroom 601; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal &

Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and

Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33

Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.,

Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and received by no

2

later than **December 10, 2012 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

PLEASE TAKE FURTHER NOTICE that if no responses are timely filed and served with respect to the Three Hundred Seventieth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Seventieth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  November 9, 2012
　　　　New York, New York

　　　　　　　　　　　　　　　/s/ Robert J. Lemons
　　　　　　　　　　　　　　　Robert J. Lemons

　　　　　　　　　　　　　　　WEIL, GOTSHAL & MANGES LLP
　　　　　　　　　　　　　　　767 Fifth Avenue
　　　　　　　　　　　　　　　New York, New York 10153
　　　　　　　　　　　　　　　Telephone: (212) 310-8000
　　　　　　　　　　　　　　　Facsimile: (212) 310-8007

　　　　　　　　　　　　　　　Attorneys for Lehman Brothers Holdings Inc.
　　　　　　　　　　　　　　　and Certain of Its Affiliates

US_ACTIVE:\44130272\3\58399.0008

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

------------------------------------------------------------------x

**THREE HUNDRED SEVENTIETH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**THIS THREE HUNDRED SEVENTIETH OMNIBUS OBJECTION TO
CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED
PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED
SEVENTIETH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW
THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR
CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR
THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER
THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL,
ERIC D. KASENETZ, AT 212-310-8737.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

### Relief Requested

1.     The Plan Administrator files this three hundred seventieth omnibus objection to claims (the "Three Hundred Seventieth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement, in whole or in part, of the claims listed on Exhibit A annexed hereto.

2.     The Plan Administrator has examined each proof of claim identified on Exhibit A (collectively, the "No Liability Claims") and has determined that, in each case as identified more specifically on Exhibit A, either (i) the applicable Chapter 11 Estate against which the claim is asserted has no liability for any part of the claim, or (ii) the applicable Chapter 11 Estate has no liability for a portion of the claim.  The Plan Administrator, therefore, requests the No Liability Claims be disallowed and expunged to the extent set forth on Exhibit A.

3.     The Plan Administrator reserves all rights to object on any other basis to any No Liability Claim as to which the Court does not grant the relief requested herein as well as to the portion of any No Liability Claim that is not the subject of this Objection.

2

## Jurisdiction

4.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.        Commencing on September 15, 2008, and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code.  The chapter 11 cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.        On January 14, 2010, the Court entered the Procedures Order, which

authorizes the filing of omnibus objections to no more than 500 claims at a time, on various

grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set

forth in the Procedures Order.

7.        On December 6, 2011, the Court entered an order confirming the Plan

[ECF No. 23023].  The Plan became effective on March 6, 2012 (the "Effective Date").

Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections

to claims filed against the Chapter 11 Estates.

## The No Liability Claims Should Be Disallowed and Expunged

8.        As a result of its review of the claims filed on the claims register in these

chapter 11 cases and maintained by the Court-appointed claims agent, the Plan Administrator has

identified the No Liability Claims as claims for which the Chapter 11 Estate against which the

claim is filed does not have any liability, in whole or in part.

9.        A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See*

3

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

10.     The Plan Administrator has evaluated the transactions underlying the No Liability Claims and the books and records of the Chapter 11 Estates.  The No Liability Claims are asserted against Chapter 11 Estates that are not liable on any grounds for such claims to the extent set forth on Exhibit A.  As described further on Exhibit A, the No Liability Claims do not set forth any legal justification for asserting a claim, in whole or in part, against the applicable Chapter 11 Estates.

11.     The Effective Date has occurred and distributions began on April 17, 2012.  If the No Liability Claims remain on the claims register in the filed amount, the potential exists for recoveries by parties who do not hold valid claims against the Chapter 11 Estates. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the No Liability Claims to the extent set forth on Exhibit A attached hereto.

## Notice

12.     No trustee has been appointed in these chapter 11 cases.  The Plan Administrator has served notice of this Three Hundred Seventieth Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010

4

governing case management and administrative procedures for these cases [ECF No. 9635].  The

Plan Administrator submits that no other or further notice need be provided.

13.     No previous request for the relief sought herein has been made by the Plan

Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant

the relief requested herein and such other and further relief as is just.

Dated: November 9, 2012
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

US_ACTIVE:\44130272\3\58399.0008

# EXHIBIT A

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO. 08-13555 (JMP)**

**OMNIBUS OBJECTION 370: EXHIBIT A - NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | ALACO LIMITED | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 7/16/2009 | 5438 | $31,255.00 | $31,255.00 | Claimant has not provided any evidence that any of the Debtors are the Lehman entities liable for claimant's services. |
| 2 | AON RISK SERVICES, INC OF MARYLAND | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30554 | $7,014.50 | $7,014.50 | Claimant has not provided any evidence that any of the Debtors are the Lehman entities liable for claimant's services. |
| 3 | DRRT FBO SWISS LIFE (LIECHTENSTEIN) AG | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 32636 | Undetermined | Undetermined | Claim 32636 was filed by a holder of securities that were issued by a non-Debtor entity.   LBHI did not issue the securities or guarantee the performance of such securities.  Therefore, LBHI is not liable on account of the securities. |
| 4 | ELLIOTT ASSOCIATES,L.P. | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 9/8/2009 | 10741 | $7,644,115.00 | $7,644,115.00 | This claimant has no contractual or trading relationship with Lehman Brothers Commercial Corporation ("LBCC").   Therefore, LBCC has no liability to claimant for the transaction or transactions referenced in the claim. |
| 5 | ELLIOTT ASSOCIATES,L.P. | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 9/8/2009 | 10742 | $6,731,028.00 | $6,731,028.00 | This claimant has no contractual or trading relationship with Lehman Brothers Commercial Corporation ("LBCC").   Therefore, LBCC has no liability to claimant for the transaction or transactions referenced in the claim. |
| 6 | IN RECORD TIME, INC. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/23/2008 | 1427 | $15,933.35 | $15,933.35 | The Debtors' records reflect that Claim 1427 is based on a transaction or transactions between claimant and other non-Debtor entities.   The Debtors have no liability to claimant for such transaction or transactions. |
| 7 | MANCINI DUFFY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 7/15/2009 | 5361 | $3,947.95 | $3,947.95 | The Debtors' records reflect that Claim 5361 is based on a transaction or transactions between claimant and other non-Debtor entities.   The Debtors have no liability to claimant for such transaction or transactions. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 370: EXHIBIT A - NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|------|-------------|-------------|------------|---------|------------------------------|--------------------------|----------------------------------|
| 8 | MARSH USA INC. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/17/2009 | 8538 | $10,500.00 | $10,500.00 | Claimant has not provided any evidence that any of the Debtors are the Lehman entities liable for claimant's services. |
| 9 | MCGRAW-HILL COMPANIES, THE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/12/2009 | 8085 | $6,665.80 | $6,665.80 | Claimant has not provided any evidence that any of the Debtors are the Lehman entities liable for claimant's services. |
| 10 | PUBLIC AFFAIRS SUPPORT SVCS INC | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 7/30/2009 | 6753 | $4,717.37 | $4,717.37 | The Debtors' records reflect that Claim 6753 is based on a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant for such transaction or transactions. |
| 11 | STOCK EXCHANGE OF HONG KONG LIMITED, THE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 31745 | $105,128.21 | $105,128.21 | This claim relates to listing fees for warrants that were scheduled to be listed on the Stock Exchange of Hong Kong Limited (the "Exchange") on September 22, 2008.   The warrants were never listed on the Exchange following the commencement of LBHI's chapter 11 case on Septemeber 15, 2008.   Therefore, LBHI has no liability for such fees. |
| 12 | SUN HUNG KAI INVESTMENT SERVICES LIMITED | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22780 | $100,000.00 * | $100,000.00 | Claimant is not the holder of, and therefore is not the real party in interest with standing to assert a claim based on, the notes described in the proof of claim. |
| 13 | SUN HUNG KAI INVESTMENT SERVICES LIMITED | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22781 | Undetermined | Undetermined | Claimant is not a party to the swap transaction referenced in the proof of claim.   Therefore, claimant is not the real party in interest with standing to assert a claim based on such transaction. |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO. 08-13555 (JMP)

**OMNIBUS OBJECTION 370: EXHIBIT A - NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 14 | WELLS FARGO BANK, NATIONAL ASSOCIATION, | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 9/22/2009 | 33089 | $57,054.05 | $57,054.05 | Claim 33089 identifies Lehman Brothers International (Europe), a foreign affiliate of the Debtors that is not a Debtor in these jointly administered chapter 11 cases, and Lehman Brothers Japan, also a foreign affiliate of the Debtors that is not a Debtor in these jointly administered chapter 11 cases, as the entities liable under the claim.   The Debtors' records do not reflect any transactions between claimant and LBSF on account of the alleged obligations set forth in the claim.   As such, the Debtors have no liability to claimant for the claim. |
| | | | TOTAL | | | $14,717,359.23 | $14,717,359.23 | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                                     :        **Chapter 11 Case No.**
                                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :        **08-13555 (JMP)**
                                                          :
                              **Debtors.**             :        **(Jointly Administered)**
--------------------------------------------------------------------x

### ORDER GRANTING THE THREE HUNDRED SEVENTIETH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the three hundred seventieth omnibus objection to claims, dated November

9, 2012 (the "Three Hundred Seventieth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-

referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b)

of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules

of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance

and expungement of the No Liability Claims to the extent that they assert claims for which the

applicable Chapter 11 Estates do not have any liability, all as more fully described in the Three

Hundred Seventieth Omnibus Objection to Claims; and due and proper notice of the Three

Hundred Seventieth Omnibus Objection to Claims having been provided, and it appearing that

no other or further notice need be provided; and the Court having found and determined that the

relief sought in the Three Hundred Seventieth Omnibus Objection to Claims is in the best

interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Seventieth Omnibus Objection to Claims.

factual bases set forth in the Three Hundred Seventieth Omnibus Objection to Claims establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefore, it is

ORDERED that the relief requested in the Three Hundred Seventieth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and

expunged, with prejudice, to the extent set forth therein; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three

Hundred Seventieth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto

and (ii) the portion of any No Liability Claim that is not the subject of the Three Hundred

Seventieth Omnibus Objection to Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44130272\3\58399.0008