HEARING DATE AND TIME: December 19, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: December 10, 2012 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO ASSIGN TO THE CORRECT DEBTOR CERTAIN PROOFS OF CLAIM THAT WERE FILED AGAINST THE WRONG DEBTOR. PARTIES RECEIVING THIS NOTICE OF THREE HUNDRED SEVENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, MAURICE HORWITZ, AT 212-310-8883.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------------x | | |
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ------------------------------------------------------------------x | | |

**NOTICE OF HEARING ON THREE HUNDRED SEVENTY-SIXTH
OMNIBUS OBJECTION TO CLAIMS (WRONG ENTITY CLAIMS)**

**PLEASE TAKE NOTICE** that on November 9, 2012, Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

US_ACTIVE:\44131350\1\58399.0011

Debtors for the entities in the above-referenced chapter 11 cases, filed its three hundred seventy-sixth omnibus objection to claims (the "Three Hundred Seventy-Sixth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Seventy-Sixth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **December 19, 2012, at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Seventy-Sixth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq., and Maurice Horwitz, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea Schwartz, Esq.); so as to be so filed and received by no later than **December 10, at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Seventy-Sixth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Seventy-Sixth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: November 9, 2012
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

3

**HEARING DATE AND TIME: December 19, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: December 10, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------x | | |
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ------------------------------------------------------------x | | |

**THREE HUNDRED SEVENTY-SIXTH OMNIBUS**
<u>**OBJECTION TO CLAIMS (WRONG ENTITY CLAIMS)**</u>

---

**THIS OBJECTION SEEKS TO ASSIGN TO THE CORRECT DEBTOR CERTAIN PROOFS OF CLAIM THAT WERE FILED AGAINST THE WRONG DEBTOR. PARTIES RECEIVING THIS THREE HUNDRED SEVENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, MAURICE HORWITZ, AT 212-310-8883.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents:

**Relief Requested**

1. The Plan Administrator files this three hundred seventy-sixth omnibus objection to claims (the "Three Hundred Seventy-Sixth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking the reassignment of the claims listed on Exhibit A annexed hereto such that the claims are asserted against a different Chapter 11 Estate.

2. The Plan Administrator has examined the proofs of claim identified on Exhibit A (collectively, the "Wrong-Debtor Claims") and has determined that, while the Chapter 11 Estate that each claim was filed against has no liability for the obligation asserted, there is a different Chapter 11 Estate that is or may be liable for such asserted obligation. The Plan Administrator therefore requests that the Court enter the proposed order substantially in the form attached hereto as Exhibit B, reassigning the Wrong Entity Claims as claims against different Debtors, as reflected on Exhibit A and as more fully explained below.

3. The Plan Administrator reserves its rights to object on any other basis to any of the Wrong Entity Claims as to which the Court does not grant the relief requested herein.

2

**Jurisdiction**

4.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.  Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.  On July 2, 2009, this Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271]. The Bar Date Order requires, among other things, that each proof of claim "state the name and case number of the specific [Chapter 11 Estate] against which it is filed . . . ." (Bar Date Order at 6.) A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

7.  Claimants received notice of the Bar Date Order by mail. (*See* Notice of Deadlines for Filing Proofs of Claim (the "Bar Date Notice").) The Bar Date Notice was also published in The New York Times (International Edition), The Wall Street Journal (International Edition), and The Financial Times. A list of the Chapter 11 Estates in these chapter 11 cases and their respective case numbers was included as part of the Bar Date Notice and the instructions to the Court-approved proof of claim form. (Bar Date Notice at Schedule A.)

8.  On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

3

9. On December 6, 2011, the Court approved and entered an order confirming the Plan. The Plan became effective on March 6, 2012.

10. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The Wrong Entity Claims Should Be Reassigned To The Correct Chapter 11 Estates**

11. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the claims on Exhibit A as claims that identify one Chapter 11 Estate as the obligor when such claims are properly asserted, if at all, against another Chapter 11 Estate.

12. In each instance involving the Wrong Entity Claims, the claimant has no valid legal justification for asserting a claim against the given Chapter 11 Estate. By this objection, the Plan Administrator seeks to reassign the Wrong Entity Claims as claims asserted against the correct Chapter 11 Estate (collectively, the "Reassigned Claims"). Once reassigned, the original Wrong Entity Claim should be disallowed and expunged. Each Reassigned Claim will supersede any claim scheduled by the correct Chapter 11 Estate with respect to the holder of the Reassigned Claim, and the Reassigned Claim will be subject to all rights, defenses, counterclaims, actions, and objections to which the Wrong Entity Claim would have been had it been asserted initially against the correct Chapter 11 Estate.

**Notice**

13. No trustee has been appointed in these chapter 11 cases. Notice of this Three Hundred Seventy-Sixth Omnibus Objection to Claims has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the

4

procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

14. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: November 9, 2012
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

5

# EXHIBIT A

US_ACTIVE:\44131350\1\58399.0011

## IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 376: EXHIBIT A – INCORRECT DEBTOR CLAIMS

| | CLAIM # | CLAIMANT | DATE FILED | CLAIM AMOUNT | ASSERTED CASE NUMBER | DEBTOR | NEW CASE NUMBER(S) | DEBTOR(S) | CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 31172 | FIORILLI, MATTHEW & JUDY<br>6 HEATH DRIVE<br>BRIDGEWATER, NJ 08807 | 09/22/2009 | $206,007.70 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | $269,786.22 |
| 2 | 66832 | RICHARDS, LAYTON & FINGER, P.A.<br>C/O LEE E. KAUFMAN<br>920 N. KING STREET<br>WILMINGTON, DE 19801 | 06/11/2010 | $63,691.09 | 09-17503 (JMP) | LB Somerset LLC | 09-17505 (JMP) | LB Preferred Somerset LLC | $63,691.09 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

2

**EXHIBIT B**

US_ACTIVE:\44131350\1\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
                Debtors.                           :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED SEVENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (WRONG ENTITY CLAIMS)

Upon the three hundred seventy-sixth omnibus objection to claims, dated November 9, 2012 (the "Three Hundred Seventy-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the Late-Filed Claims on the basis that they were filed after the General Bar Date or Securities Programs Bar Date, as applicable, all as more fully described in the Three Hundred Seventy-Sixth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Seventy-Sixth Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the Three Hundred Seventy-Sixth Omnibus Objection

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Seventy-Sixth Omnibus Objection to Claims.

to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Seventy-Sixth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Three Hundred Seventy-Sixth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Seventy-Sixth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, each Wrong Entity Claim listed in Exhibit 1 attached hereto is hereby reassigned as a claim asserted against the correct Chapter 11 Estate as noted in the column marked "New Case Number" in Exhibit 1 attached hereto; and it is further

ORDERED that, as to each Chapter 11 Estate noted in the column marked "Asserted Case Number" in Exhibit 1 attached hereto, each Wrong Entity Claim listed in Exhibit 1 attached hereto is hereby disallowed and expunged in its entirety, and it is further

ORDERED that, Epiq Bankruptcy Solutions, LLC ("Epiq"), the court-appointed claims and noticing agent in these cases, is authorized and directed to enter the Reassigned Claims into, and delete the Wrong Entity Claims from, the official claims registry; and it is further

ORDERED that, Epiq is authorized and directed to delete the claims disallowed and expunged pursuant to this Order from the official claims register in these chapter 11 cases; and it is further

ORDERED that, the Three Hundred Seventy-Sixth Omnibus Objection to Claims does not constitute an objection to any reassigned or surviving claims, and accordingly, the Three Hundred Seventy-Sixth Omnibus Objection to Claims does not prejudice the rights of the Plan Administrator, or any other party in interest, to object to any such claims on any other grounds whatsoever, and the Plan Administrator and other parties in interest retain all further substantive and/or procedural objections they may have with respect to any reassigned or surviving claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                              UNITED STATES BANKRUPTCY JUDGE

3

# EXHIBIT 1

4

US_ACTIVE:\44131350\1\58399.0011

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 376: EXHIBIT 1 – INCORRECT DEBTOR CLAIMS

| | CLAIM # | CLAIMANT | DATE FILED | CLAIM AMOUNT | ASSERTED CASE NUMBER | DEBTOR | NEW CASE NUMBER(S) | DEBTOR(S) | CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 31172 | FIORILLI, MATTHEW & JUDY<br>6 HEATH DRIVE<br>BRIDGEWATER, NJ 08807 | 09/22/2009 | $206,007.70 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | $269,786.22 |
| 2 | 66832 | RICHARDS, LAYTON & FINGER, P.A.<br>C/O LEE E. KAUFMAN<br>920 N. KING STREET<br>WILMINGTON, DE 19801 | 06/11/2010 | $63,691.09 | 09-17503 (JMP) | LB Somerset LLC | 09-17505 (JMP) | LB Preferred Somerset LLC | $63,691.09 |

\* - Indicates claim contains unliquidated and/or undetermined amounts