**Hearing Date and Time: November 14, 2012, 10:00 a.m. (Prevailing Eastern Time)**

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark
Matthew A. Schwartz

*Attorneys for Giants Stadium LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| Debtors. | : Jointly Administered |

**REPLY OF GIANTS STADIUM LLC TO DEBTORS' OBJECTION TO THE AMENDED MOTION OF GIANTS STADIUM LLC FOR LEAVE TO CONDUCT DISCOVERY OF DEBTORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

Giants Stadium LLC ("Giants Stadium") hereby replies to the objection ("Objection") of Lehman Brothers Holdings Inc. and Lehman Brothers Special Financing Inc. (together the "Debtors"), dated October 31, 2012 [Docket No. 31767], which responds to the amended motion (the "Amended Motion") of Giants Stadium, dated September 26, 2012 [Docket No. 31105], for leave to conduct discovery of Debtors and Lehman Brothers Inc. ("LBI") pursuant to Federal Rule of Bankruptcy Procedure 2004.

## INTRODUCTION

1. For over two-and-one-half years, Debtors have pursued against Giants Stadium aggressive and one-sided discovery under Rule 2004 concerning Giants Stadium's claims (the "Claims"). Despite their obvious determination to object to the Claims, *see generally* Reply of Giants Stadium LLC to Debtors' Objection to the Mot. of Giants Stadium LLC to Quash Debtors' Subpoenas Issued Under Fed. R. Bankr. P. 2004 and Objection of Giants Stadium LLC to Debtors' Cross-Mot. to Compel Compliance with the Same, dated Nov. 8, 2012 [Docket No. 31949], Debtors in the past sixteen months have served two additional subpoenas seeking even more Rule 2004 discovery, all under the pretense that Debtors are still conducting an investigation as to whether to object to the Claims. It is Debtors' position that they should be allowed to take this discovery until the undefined time of when they determine they want to end their investigation. *See id.* at ¶ 6 n.2.

2. In its motion to quash these two most recent subpoenas, Giants Stadium has explained to the Court that it is well past time to end this one-sided, never-ending process. Accordingly, Giants Stadium now asks this Court to either (i) grant its motion to quash the two outstanding subpoenas, which will effectively end the Rule 2004 discovery process against Giants Stadium and relegate discovery to a contested matter or adversary proceeding, where it belongs, or, in the alternative, (ii) grant Giants Stadium permission to serve Rule 2004 discovery on Debtors, thus bringing some balance to the discovery process.

3. Debtors have objected to either of these remedies. In their opposition to Giants Stadium being able to serve Rule 2004 discovery on Debtors and LBI, Debtors principally argue that "Giants Stadium's [a]ttempt [t]o [u]se Rule 2004 [a]fter [f]iling [a] [c]laim [i]s [i]nappropriate" because Rule 2004 is an investigative tool intended for their use

as debtors-in-possession and is not available to creditors after they have filed their claims. Objection 14. This argument is incorrect. Pursuant to Rule 2004, creditors are among the statutorily defined parties-in-interest that may seek permission to conduct an examination of any entity relating to any matter that may affect the administration of a debtor's estate. Under longstanding precedent from this court, creditors may pursue such discovery from a debtor-in-possession *after* having filed their claims against the bankrupt estate and for the purpose of further developing and buttressing those claims. Thus, far from an attempt to "bypass established discovery routes," *id.* at ¶ 39, the Amended Motion tracks a firmly established path that has been successfully followed by creditors with substantial claims in similarly massive bankruptcy proceedings.

4. The remaining arguments Debtors raise against the discovery sought by Giants Stadium are equally unpersuasive. As an initial matter, Debtors repeat their claim that because they have not yet determined whether or not to object to the Claims, it is premature for Giants Stadium to seek to take discovery. *See id.* at ¶ 4. But Giants Stadium is not obliged to wait for the discovery that it now seeks until Debtors finally signal an end to their investigation and initiate the inevitable contested matter or adversary proceeding. And the suggestion by Debtors that *Giants Stadium* seeks to circumvent the procedural safeguards that protect litigants in that later adversarial context is hard to credit, given Debtors own use of Rule 2004 to prepare for the litigation that they have already decided to pursue. *See id.* at ¶ 36.

5. Further, Debtors cannot reasonably contend that if they had to provide Rule 2004 discovery they would then face the undue burden of providing discovery to *all* derivatives counterparties. As an initial matter, Debtors nowhere address the burden, if any,

of responding to the actual Rule 2004 discovery sought by Giants Stadium. Moreover, there is no basis for Debtors' argument that granting Rule 2004 discovery to Giants Stadium will open Debtors to Rule 2004 from all derivatives claimants, as the size of Giants Stadium's claims provides a ready and principled basis for differentiating Giants Stadium from the mass of the remaining other creditors when it comes to Rule 2004.

ARGUMENT

I.  **CREDITORS WITH SUBSTANTIAL CLAIMS, SUCH AS GIANTS STADIUM, ARE ENTITLED TO DISCOVERY UNDER RULE 2004 *AFTER* THEY HAVE FILED THEIR CLAIMS AND FOR THE PURPOSE OF FURTHER DEVELOPING AND BUTTRESSING THOSE CLAIMS.**

6. In the Objection, Debtors contend that although they are entitled to the use of Rule 2004 "as an investigatory tool . . . that tool generally is not available to creditors." Objection ¶ 38. Debtors arrive at this proposition by selectively quoting from a case that bears no meaningful factual or postural similarities to these proceedings and in which the bankruptcy court (i) expressly distinguished the liquidations before it from cases, like this one, brought under chapter 11, finding that "decisions from chapter 11 cases authorizing the use of [Rule] 2004 by [creditors and other parties in interest] are of little use here," and (ii) observed that the motions brought by creditors for discovery from debtors were, unlike here, born from an improper "desire to identify third parties who may also be liable to [creditors]." *In re J & R Trucking, Inc.*, 431 B.R. 818, 821 n.2, 822 (Bankr. N.D. Ind. 2010).

7. Rather than the narrow exception that Debtors envision in their statement that Rule 2004 is *generally* not available to creditors as an investigatory tool, such use of the provision by creditors like Giants Stadium is instead the rule. As explained in straightforward terms in *In re Texaco, Inc.*, 79 B.R. 551, 552 (Bankr. S.D.N.Y. 1987), "[a]

-4-

creditor is clearly a party in interest, as expressed in 11 U.S.C. § 1109(b). Accordingly, as a party in interest, [the moving creditor] is entitled to seek a Rule 2004 examination of the [debtor-in-possession]."

8. Nor does it matter that Giants Stadium "*already* has filed claims against [the] [E]state." Objection ¶ 1 (emphasis added). *See also id.* at ¶ 37 (stating that "Giants Stadium already has determined that it has claims, and it has filed those claims against LBHI and LBSF" and that "[i]t is therefore inappropriate for Giants Stadium" to utilize Rule 2004 "because Giants Stadium does not need to conduct broad examinations to establish whether and to what extent it has a claim"). Well-established precedent squarely approves of a substantial creditor's use of Rule 2004 *after* filing its claims and for the purpose of developing and bolstering those claims. In *In re Drexel Burnham Lambert Group, Inc.* ("*DBL*"), 123 B.R. 702, 703-704, (Bankr. S.D.N.Y. 1991), the movant for discovery under Rule 2004 acted on behalf of creditors holding already filed claims against debtors-in-possession from whom discovery was in part sought. In finding that good cause existed to grant the motion, the bankruptcy court emphasized, "[t]here is no doubt [movant] needs a large amount of discovery to *buttress* its claims." *Id.* at 712 (emphasis added). Dismissing further arguments from the debtors-in-possession, the bankruptcy court continued:

> It somehow seems impractical and unfair to prevent the potentially largest claimant from an investigation of the parameters of its claims and possible defenses. It is also no defense that [movant] might use the 2004 examination to bolster its claims. [Movant]'s claims may well have an effect on the administration of the estate. It is not the debtors' . . . function to prevent discovery of a claim, but rather one of their functions as fiduciaries is to see that substantial justice is provided to all estate claimants.

*Id.* Giants Stadium holds claims that are substantial ($585,210,327.94) and, as in *DBL* and as explained in the Amended Motion, Giants Stadium requires discovery (i) to further

-5-

develop its Claims and (ii) to buttress its Claims as already filed. *See In re Texaco*, 79 B.R. at 553 (granting limited discovery pursuant to Rule 2004 to the largest unsecured creditor of a debtor-in-possession, which had already filed a claim against the debtor-in-possession, and noting with apparent approval that the creditor's "claim is heatedly disputed by [the debtor-in-possession]" and "[h]ence, [the creditor] reasons that it needs more information about [the debtor-in-possession's] finances than other [creditors] in order to protect its position").

## II. THE REMAINING ARGUMENTS THAT DEBTORS RAISE AGAINST THE AMENDED MOTION ARE WITHOUT ANY MERIT.

9. Debtors' host of other arguments are likewise without merit.

10. *First*, even if Debtors choose to persist with their "investigation," then the fact that their "investigation" remains ongoing should not impact Giants Stadium's entitlement to discovery under Rule 2004. *See* Objection ¶ 4 ("Lehman has not completed its investigation of Giants Stadium's claims and therefore any discovery by Giants Stadium may well be unnecessary"). There is simply no rule against a creditor and a debtor-in-possession simultaneously proceeding under Rule 2004. *See DBL*, 123 B.R. at 703-04 (describing the discovery granted to the movant proceeding on behalf of creditors and reflecting on the ongoing discovery being conducted by debtors-in-possession).

11. *Second*, in evaluating the Amended Motion, this Court should reject Debtors' complaint that "it would be burdensome, costly, and disruptive to Lehman to be subject to Rule 2004 *examinations* at this point in time." Objection ¶ 30 (emphasis added). Debtors never contend with any specificity that responding to the particular Rule 2004 discovery requests by Giants Stadium would be unduly burdensome; rather, Debtors' argument appears to be based entirely on the burden that would result from discovery by the "thousands of

Pg 7 of 9

derivatives counterparties with unresolved derivative contracts," of which "Giants Stadium is but one." *Id.* at ¶ 40. *See also id.* at ¶ 7 (same). To the extent that this Court is concerned that, by granting Giants Stadium some portion or the entirety of the discovery that it seeks, these bankruptcy proceedings will become swamped with the motions of other creditors seeking to similarly bolster their filed and as yet uncontested claims, the substantial size of the Giants Stadium Claims provides the Court with a ready and principled basis on which to avoid that problem. While Debtors attempt to cast Giants Stadium as just one among a mass of anonymous derivative counterparties who have filed proofs of claim, *see id.* at ¶¶ 7, 40, Debtors have themselves previously explained to this Court how the size of the Claims renders them of particular and special importance in these bankruptcy proceedings meriting, at least from the perspective of Debtors, heightened attention and consideration. *See* 09/14/2011 Omnibus Hr'g Tr. 52:14-53:7 [Docket No. 20661] (counsel to Debtors explaining that resolution of the Claims "is a significant matter to the [E]state").

12.     *Third* and finally, Debtors suggest that the willingness of Giants Stadium to adjourn its original motion for discovery under Rule 2004 for several months prior to the omnibus hearing on September 14, 2011 at which the parties last appeared before the Court "indicates that Giants Stadium has no pressing need for discovery here." Objection ¶ 39. *See also id.* at ¶ 20 (stating this same willingness to adjourn reflects a "tacit[ ] admi[ssion] that, in fact, Giants Stadium's professed need for discovery simply was manufactured"). But the fact that Giants Stadium decided not to press discovery while Debtors were conducting their initial (and what Giants Stadium thought would be only) Rule 2004 discovery, or while the

parties were engaging in settlement negotiations, does not mean there is no need for Rule 2004 discovery now while Debtors continue their discovery.[1]

## CONCLUSION

13. For the reasons stated in the Amended Motion as well as herein, Giants Stadium respectfully requests that the Court enter an Order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, in the form attached to the Motion as Exhibit A: (i) requiring the production of documents from LBHI, LBSF, and LBI that are responsive to the document requests; (ii) requiring Debtors to produce a representative for examination who is most knowledgeable about the subject matters set forth in the Amended Motion; (iii) authorizing the issuance of one or more subpoenas compelling such document production and appearance for examination; and (iv) granting such other and further relief as the Court deems just and proper.

---

[1] Giants Stadium notes that, on August 10, 2011, Debtors noticed a subpoena for the deposition of Robert Taylor, who was formerly employed by LBSF, was actively involved in the events underlying the Claims, and is now the specific subject of one of the document requests in Debtors' pending subpoena to Giants Stadium for the production of documents. *See* Notice of Subpoena, dated Aug. 10, 2011 [Docket No. 19132]; Decl. of Matthew A. Schwartz in Supp. of the Mot. of Giants Stadium LLC to Quash Debtors' Subpoenas Issued Under Fed. R. Bankr. P. 2004, dated Oct. 12, 2012 [Docket No. 31340] Ex. C 12 (Document Request No. 9). After Giants Stadium moved to participate in Mr. Taylor's deposition and Debtors sensed their monopoly on discovery was slipping, *see* Mot. of Giants Stadium LLC for Leave to Participate in Debtors' Dep. of Robert Taylor, dated Aug. 30, 2011 [Docket No. 19577], Debtors withdrew their subpoena on September 2, 2011, well prior to the omnibus hearing on September 14, 2011. *See* Notice of Withdrawal of Subpoena, dated Sept. 2, 2011 [Docket No. 19692]. Now Debtors again seek discovery regarding Robert Taylor. By the logic of Debtors' argument, having once withdrawn, not just adjourned, related discovery, there would be no need for such discovery.

|  |  |
|---|---|
| Dated: New York, New York<br>November 12, 2012 | Respectfully submitted,<br><br>**SULLIVAN & CROMWELL LLP**<br><br>By:  /s/ Bruce E. Clark<br>Bruce E. Clark<br>Matthew A. Schwartz<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, New York 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br><br>*Attorneys for Giants Stadium LLC* |