WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Robert J. Lemons
Michael J. Firestone

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (JMP) |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

------------------------------------------------------------------x

**REPLY MEMORANDUM IN SUPPORT OF**
**THE PLAN ADMINISTRATOR'S CROSS-MOTION TO COMPEL**
<u>**GIANTS STADIUM LLC TO COMPLY WITH RULE 2004 SUBPOENAS**</u>

1

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced Chapter 11 cases (the "Plan"), including Lehman Brothers Special Financing Inc. ("LBSF" and, together with LBHI, "Lehman"[1]), replies to the objection (the "Objection" or "Obj.") of Giants Stadium LLC ("Giants Stadium") to Lehman's Cross-Motion to Compel Giants Stadium to comply with Rule 2004 Subpoenas (the "Cross-Motion" or "Cross-Mot."):[2]

**PRELIMINARY STATEMENT**

1.  Giants Stadium's argument in opposition to Lehman's Cross-Motion to Compel is that: in settlement discussions in which this Court suggested the parties engage more than one year ago, Lehman took positions that Giants Stadium believes make it clear that Lehman will object to the claims it filed in the Lehman bankruptcy, and therefore Lehman should not be permitted to complete its investigation under Rule 2004 (that the parties agreed would be stayed pending those settlement discussions). Unfortunately, this is precisely the argument that Lehman feared Giants Stadium would make if Lehman engaged in settlement talks before it completed its investigation. Indeed, Giants Stadium admits that it is "constrained" to inform the Court how it knows that Lehman has determined to object to the claims, precisely because its information was

---

[1] Where applicable, references to "Lehman" shall include the "Plan Administrator."

[2] Unless otherwise defined, all capitalized terms shall have the same meaning as in the Cross-Motion.

obtained during confidential settlement discussions where Lehman necessarily had to take preliminary positions in order to negotiate. Obj. at ¶ 1.

2.  As discussed in the Cross-Motion, Lehman informed the Court that it was leery of entering into any negotiations with Giants Stadium, because if settlement discussions with Giants Stadium proved unsuccessful, Giants Stadium would argue that, based on preliminary positions taken during negotiations, Lehman had lost its right to finish its investigation under Rule 2004. See Cross-Mot. at ¶ 1. Directly addressing Lehman's concerns, the Court stated that if Lehman "choose[s] to have a conversation that could lead to some kind of productive business-like resolution of this, doing that will not constitute a waiver of any of your discovery rights to continue with your investigation as you see fit." Id. Giants Stadium now argues that the Court can ignore its prior statements because the Court did not have the benefit of the information that Giants Stadium learned during settlement negotiations. Specifically, when confronted with the Court's statement of September 14, 2011 in the Cross-Motion, Giants Stadium's only response is to claim that the Court apparently did not mean what it said on September 14, 2011, because the "Court was proceeding based on Debtors' representations that their 'investigation' was ongoing and on the assumption, which at that point was unchallenged, that Debtors were acting in *bona fide* reliance on Rule 2004 in that they were not yet in a position to decide whether to object to the Claims." Obj. at ¶ 2. In encouraging Lehman to enter into settlement discussion with Giants Stadium on September 14, 2011, the Court obviously knew that Lehman necessarily would have to form some preliminary views as to the merits of Giants Stadium's claims and share such views with Giants Stadium as part of any negotiation – otherwise, there would be no point in having any settlement discussions. The Court also knew on September 14, 2011 that Giants Stadium already had produced a significant number of documents to Lehman, and that Lehman already

3

had examined Giants Stadium's chief financial officer under oath. Notwithstanding any of that discovery, however, the Court still took the position that Lehman would be entitled to continue its investigation under Rule 2004 if settlement discussions were unproductive. Thus, for Giants Stadium to argue that the Court's statement on September 14, 2011 should be disregarded because the Court somehow was missing relevant information regarding Lehman's ability to take a position with respect to Giants Stadium's claims is not only without any factual basis, but is a concocted, after-the-fact argument that smacks of bad faith. This argument simply confirms Lehman's original fear. If Giants Stadium actually believed that Lehman already had a sufficient basis on which to object, then it had an obligation not to sit silent when the Court stated that it would allow Lehman to complete its investigation if settlement talks failed. Such silence on Giants Stadium's part now appears to have been nothing more than a ploy meant to entice Lehman into settlement discussions so that Giants Stadium could smoke out Lehman's preliminary positions and then argue that Lehman was not entitled to finish its investigation.

3.      As set forth below in greater detail, Giants Stadium's other arguments in opposition to the Cross-Motion are also without any merit. First, Giants Stadium argues that Lehman has no right to take discovery under Rule 2004 if the Court determines "from an objective perspective [that] Debtors are now positioned to decide whether to contest the Claims." Id. at ¶ 1. In support, Giants Stadium argues that, from an "objective" perspective, Lehman already has received sufficient information – in the form of Giants Stadium's document production and the testimony of Giants Stadium's chief financial officer, Christine Procops – from which to make a determination as to whether it will object to the Claims. Not only is this "objective inquiry" standard a pure invention of Giants Stadium, but, as discussed above, the Court already had determined on September 14, 2011 – *after* Giants Stadium had produced

4

documents and Ms. Procops had been examined – that Lehman was entitled to continue and complete its investigation; notably, no further discovery has been taken since.

4.  Second, Giants Stadium's argument that the Subpoenas are duplicative or abusive is without any merit. Indeed, Giants Stadium admits that the numerous document requests in the April 9, 2012 Subpoena, which focus on Giant Stadium's amendment of its claims and the sale of those claims to Goal Line, are not duplicative of prior requests, but rather are of "remote relevance to the determination of whether or not to contest the Claims." Id. at ¶ 4. Moreover, much of the remaining discovery that remains to be taken by Lehman as part of its investigation is of critical third parties who were intimately involved in the Transactions and have not yet even produced a single document. Those third parties include, among others, the National Football League (which Giants Stadium consulted on the critical timing of and reasons for the termination of the Transactions), Goldman Sachs (which performed various valuations of the Transactions), certain insurers (which insured the underlying notes that the Transactions were intended to hedge and which Giants Stadium also consulted as to the timing and reasons for the termination of the Transactions).

5.  In any event, documents sought from Giants Stadium itself that discuss the calculation of the claims at issue are hardly of "remote relevance," but even if they were, the standard for Rule 2004 discovery is much more expansive than Giants Stadium contends: Rule 2004 provides for "all manner of so-called fishing expeditions provided that there is a reasonable nexus to the debtor and the administration of the debtors' case." Cross-Mot. at ¶ 36. The Subpoenas have more than met that standard. Similarly, the July 27, 2011 Subpoena, which seeks testimony from a representative of Giants Stadium on matters that Ms. Procops claimed not to recall or understand, does not seek duplicative testimony from Ms. Procops. Lehman is

5

merely exercising its right to conduct its investigation of Giants Stadium's claims and the related derivative contracts by attempting to obtain answers under oath from a representative of Giants Stadium on those matters for which Ms. Procops apparently had no knowledge. Giants Stadium is under no obligation whatsoever to produce Ms. Procops as a witness a second time – and if Giants Stadium does so, then it will have an obligation to educate her on the issues about which she previously professed to have no personal knowledge.

## ARGUMENT

### I.  LEHMAN IS ENTITLED TO CONTINUE ITS INVESTIGATION UNDER RULE 2004

6.  Giants Stadium contends that Lehman's rights under Rule 2004 to investigate Giants Stadium's claims should be terminated because "from an objective perspective" Lehman is "already positioned to decide whether to contest the Claims." Obj. at ¶¶ 6-7. In support, Giants Stadium contends that the documents it produced and the one deposition of Ms. Procops (both of which occurred before the September 14, 2011 hearing) provide enough information for LBSF to determine whether it can object to the claims. In making this argument it relies on In re GHR Energy Corp., 35 B.R. 534 (Bankr. D. Mass. 1983), for the proposition that the Court should base a decision on a Rule 2004 motion upon an "objective inquiry" into whether the Debtor actually requires further investigation or is in a position, absent additional discovery, to file an adversary proceeding and/or contest a claim.

7.  First, Giants Stadium should not be permitted to dictate the scope of Lehman's investigation. Indeed, the Court expressly stated that Lehman would be entitled to conduct its investigation as it "see[s] fit." Cross-Mot. at ¶ 1.

8.  Second, the GHR decision is not relevant here because the Court already held on September 14, 2011 that Lehman would not waive any of its rights under Rule 2004 by entering

6

into settlement discussions with Lehman. Giants Stadium contends that the Court's statement is not meaningful because it was "premised on Debtors' representations that their 'investigation' was ongoing and the then-unchallenged assumption that Debtors were proceeding in bona fide reliance on Rule 2004 in that they were not yet in a position to determine whether or not to object to the Claims." Obj. at ¶ 10. As discussed above, however, Giants Stadium ignores the fact that when the Court made its statement, it knew that (i) Lehman necessarily would have to take preliminary views about Giants Stadium's claims, otherwise Lehman would not be able to engage in settlement discussions with Giants Stadium, (ii) Giants Stadium already had produced a significant number of documents to Lehman, and (iii) Lehman already had examined Ms. Procops under oath. Notwithstanding any of that, however, the Court still held that Lehman could continue its investigation – and Giants Stadium stayed silent. No discovery has been taken since the Court's ruling and Lehman is no further along in its investigation than it was on September 14, 2011. In short, the argument that the Court was operating under a false premise when it assured Lehman that it would not waive its rights under Rule 2004 is nothing more than a desperate attempt by Giant Stadium to re-write history and should be rejected as such.

9.     In any event, GHR is inapposite and has no application to the present facts. In GHR, the court found that "[f]rom the evidence presented to [the court], it seems that debtors are now in a position to file an action against certain of the individuals and entities . . ." See Cross-Mot. at ¶ 42 (citing GHR, 35 B.R. at 538) (emphasis supplied). Here, by contrast, no evidence has been presented to the Court of any kind (at best, such evidence would come from the failed settlement negotiations, which Giants Stadium admits it is constrained from disclosing); rather, Giants Stadium simply insists that "there is no doubt" that Lehman has determined to object to its claims, and proposes that the Court therefore terminate Lehman's investigation. Obj. at ¶ 6.

7

In its Objection, Giants Stadium claims that it is not "obliged to come forward with evidence," but argues instead that under <u>GHR</u>'s "objective inquiry" standard, Lehman requires no further Rule 2004 discovery because "Debtors have demanded and received almost 64,000 pages of documents . . . and have deposed the authorized representative of Giants Stadium." Id. at ¶ 8. Once again, Giants Stadium has misapplied and misinterpreted <u>GHR</u>. Nowhere in <u>GHR</u> does the Court ever identify or discuss an "objective inquiry" standard; indeed, the word "objective" does not even appear in the opinion. Giants Stadium simply has concocted this "objective inquiry" standard in an attempt to justify its continued refusal to comply with the Subpoenas. In addition, in <u>GHR</u>, unlike here, the debtors already had alleged in filings that the parties from whom discovery was sought had acted in breach of contract. By contrast, Lehman has made no such allegations.[3]

## II.    THE SUBPOENAS SEEK PROPER INFORMATION UNDER RULE 2004

10.    As discussed in the Cross-Motion, on December 6, 2012 – just as Lehman and Giants Stadium agreed to enter into mediation – Giants Stadium amended its claims from approximately $301 million to approximately $585 million. <u>See</u> Cross-Mot. at ¶ 26. Lehman has taken no discovery with respect to these amended claims, or with respect to the sale of Giants Stadium's claims to Goal Line in 2011. <u>See</u> <u>id.</u> Document Request Nos. 2, 3, 6, 7 and 8 of the April 19, 2012 Subpoena seek information related to the amended claims or the sale of the claims. <u>See</u> <u>id.</u> at ¶ 43. Giants Stadium concedes that these requests are not duplicative of prior

---

[3] In an amazing display of chutzpah, Giants Stadium has made a motion to take Rule 2004 discovery from Lehman notwithstanding that it already has filed (and amended) proofs of claim against Lehman and submitted responses to the derivative questionnaire. <u>See</u> Cross-Mot. at ¶ 17. Nowhere in its papers does Giants Stadium even attempt to square its arguments in opposition to Lehman's Cross-Motion with its own motion to take Rule 2004 discovery after already having filed claims. Indeed, Giants Stadium's discussion of <u>GHR</u> would appear to defeat its motion to take Rule 2004 discovery on its face.

requests, but argues instead that they are of "remote relevance" that "strains even the breadth of the so-called fishing expedition" permitted under Rule 2004. Obj. at ¶ 14. Allowing the debtor to investigate the processes by which a creditor calculated the dollar amount of its claim is a proper use of Rule 2004 discovery. See Cross-Mot. at ¶ 41, citing Matter of Sutera, 141 B.R. 539, 541 (Bankr. Conn. 1992) ("It is well settled that a Rule 2004 examination is a proper procedure to inquire into the basis for a filed proof of claim"). To argue, as Giants Stadium does, that information related to the amendment of Giants Stadium's claims by approximately $284 million is of "remote relevance" is either wholly disingenuous or betrays a misunderstanding of the purpose of Rule 2004 discovery. Similarly, non-privileged communications regarding the sale of Giants Stadium's claims are likely to contain highly relevant materials regarding the value of the Transactions and the governing contracts. Again, these requests fall well-within the expansive standard set forth by this Court in the Hilsen decision. See Cross-Mot. at ¶ 36, citing In re Hilsen, 2008 WL 2945996, at *1 (Bankr. S.D.N.Y. July 25, 2008) (Rule 2004 is "debtor-centric and allows considerable leeway for all manner of so-called fishing expeditions provided that there is a reasonable nexus to the debtor and the administration of the debtor's case").

11.    Giants Stadium also argues in its Objection that Lehman has conceded that certain of its requests in the April 9, 2012 Subpoena are duplicative. See Obj. at ¶ 13. This is not true or accurate. In its Cross-Motion, Lehman stated that Document Requests Nos. 4, 5, 9 and 10 were not "specifically requested by the May 19, 2010 Subpoena, although some of the more general requests contained in the May 19, 2010 Subpoena may have subsumed such requests." Cross-Mot. at n. 3. Giants Stadium cited this sentence in its Objection as "proof" of duplication (Obj. at ¶13), yet neglected to quote the sentence in the Cross-Motion that immediately followed:

9

"Giants Stadium, however, has not represented to Lehman or to the Court that it already has produced documents responsive to Document Request Nos. 4, 5, 9, and 10 of the April 19, 2012 Subpoena as part of its production in response to the May 19, 2010 Subpoena." Cross-Mot. at n. 3. Giants Stadium's continued failure to respond to this point is telling; if Giants Stadium already has produced all documents in response to these requests, then it can and should say so. Obviously, Lehman is not requesting or expecting Giants Stadium to re-produce any document it already has produced.

12. Lastly, Lehman has every right to examine under oath a representative of Giants Stadium who can provide answers to those questions about which Ms. Procops claimed lack of memory or comprehension. Thus, Giants Stadium hardly can argue that Lehman is seeking "duplicative discovery," as Ms. Procops never provided any testimony on certain topics in the first instance. Obj. at ¶ 12. Moreover, Giants Stadium's objection on the grounds that Ms. Procops would "inevitably serve again as the authorized representative of Giants Stadium" is improper. Id. Giants Stadium may provide whoever has knowledge of the issues and is authorized to speak on Giant Stadium's behalf; if it chooses to provide Ms. Procops again, it has an obligation to educate her regarding the topics about which she professed in her testimony not to have knowledge.

## CONCLUSION

WHEREFORE Lehman respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  November 12, 2012
       New York, New York

       By:  /s/ Richard W. Slack

       Richard W. Slack
       Robert J. Lemons
       Michael J. Firestone
       WEIL, GOTSHAL & MANGES LLP
       767 Fifth Avenue
       New York, New York 10153
       Telephone:  (212) 310-8000
       Facsimile:  (212) 310-8007

       Attorneys for Lehman Brothers Holdings Inc.
       and Certain of its Affiliates