JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Jayant W. Tambe
Aviva W. Sisitsky
Laura W. Sawyer
Benjamin Rosenblum

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                              :
In re:                                                        :         Chapter 11
                                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :         Case No. 08-13555 (JMP)
                                                              :
                                                              :         (Jointly Administered)
                                                              :
                                   Debtors.              :
                                                              :
----------------------------------------------------------- x

**NOTICE OF SUBPOENA ISSUED PURSUANT TO**
**ORDER GRANTING THE DEBTORS AUTHORITY TO ISSUE**
**SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND**
**AUTHORIZING THE EXAMINATION OF PERSONS AND ENTITIES**

Pursuant to the Order Granting the Debtors Authority to Issue Subpoenas for the

Production of Documents and Authorizing the Examination of Persons and Entities, entered on

November 23, 2009 (the "Order"),[1] the Court granted Lehman Brothers Holdings Inc. and its

affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors") authority to

issue subpoenas requiring persons or entities to produce documents to the Debtors and/or submit

to examinations by the Debtors.

---

[1]    All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Order.

NYI-4485323v1

As required by the Order, the Debtors hereby file: (i) notice of the subpoena, naming the

witness and setting forth the date, time and place of any examination (attached hereto as

Exhibit A); and (ii) a declaration of service (attached hereto as Exhibit B).


Dated: November 13, 2012                          JONES DAY
       New York, New York

                                       *s/* Benjamin Rosenblum
                                       Jayant W. Tambe
                                       Aviva W. Sisitsky
                                        Laura W. Sawyer
                                        Benjamin Rosenblum
                                        JONES DAY
                                        222 East 41st Street
                                        New York, New York  10017
                                        Telephone:  (212) 326-3939
                                        Facsimile:  (212) 755-7306

                                        *Attorneys for Debtors and Debtors in
Possession*

NYI-4485323v1

## EXHIBIT A

## NOTICE OF SUBPOENA

| | |
|---|---|
| Name of Witness: | James Vergara |
| Date of Service of Subpoena: | November 9, 2012 |
| Subject of Subpoena: | Testimony at an examination and production of documents pursuant to Fed. R. Bankr. P. 2004 |
| Date, Time and Place of any Examination | December 11, 2012 at 10:00 A.M. (ET) at: Moseley, Prichard, Parrish, Knight & Jones 501 West Bay Street Jacksonville, Florida 32202 |

NYI-4485323v1

# **EXHIBIT B**

# **DECLARATION OF SERVICE**

NYI-4485323v1

orm 254 – Subpoena for Rule 2004 Examination) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | *11-9-12* | *5022 Gate Parkway Jax FLA 32256* |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| *James Vergava* | *Personal* |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| *WALTER WRIGHT JR* | *Private Investigator* |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    *11-9-12*

DATE

SIGNATURE OF SERVER

*P.O. Box 2638*

ADDRESS OF SERVER

*Jacksonville FLA 32203*

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
 (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
 (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
 (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
 (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
 (i) fails to allow a reasonable time to comply;
 (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
 (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
 (iv) subjects a person to undue burden.
 (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
 (i) disclosing a trade secret or other confidential research, development, or commercial information;
 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
 (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
 (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
 (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
 (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
 (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
 (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
 (i) expressly make the claim; and
 (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).