Response Deadline: November 13, 2012 at 4:00 p.m.. (Eastern)
Hearing Date and Time: November 20, 2012 at 10:00 a.m. (Eastern)

CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375
Jennifer C. DeMarco
Sarah N. Campbell

*Counsel to ING AM Interfinance Services B.V.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :
                                                               :     Chapter 11
LEHMAN BROTHERS HOLDINGS, INC., *et al.*,   :
                                                               :     Case No. 08-13555 (JMP)
                            Debtors.                           :
                                                               :
                                                               :     (Jointly Administered)
---------------------------------------------------------------x

**RESPONSE OF ING AM INTERFINANCE SERVICES B.V. TO THE
PLAN ADMINISTRATOR'S THREE HUNDRED SIXTIETH
OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

ING AM Interfinance Services B.V. ("ING") by and through its undersigned counsel, respectfully submits this response (the "Response") to the Three Hundred Sixtieth Omnibus Objection to Claims (Valued Derivatives Claims) [Docket No. 31316], dated October 11, 2012 (the "Objection"), filed by Lehman Brothers Holdings Inc., as Plan Administrator (the "Plan Administrator"), and in support thereof respectfully states as follows:

**PRELIMINARY STATEMENT AND BACKGROUND**

1.  The Objection interposed by the Plan Administrator is insufficient to overcome the *prima facie* validity of ING's properly filed Claim (defined below). In order to properly shift

the burden back to ING, the Plan Administrator is required to adduce evidence of equal or greater probative force than that put forth by ING. The cursory allegation that ING's calculations are "greater than the fair, accurate, and reasonable value of the claim as determined by the Plan Administrator after a review of the claimant's supporting documentation and LBHI's and LBSF's books and records" is not sufficient. Objection at ¶ 12.

2.      On February 5, 2002, ING and Lehman Brothers Derivative Products Inc. ("LBDP", together with ING, the "Parties") entered into an ISDA Master Agreement that governed the terms of certain swap transactions entered into between the Parties (together with the appurtenant Schedule dated as of the same date, the Credit Support Annex and any confirmations setting forth terms and conditions for particular transactions thereunder and related agreements, the "Agreement").[1]

3.      On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the Southern District of New York. On October 3, 2008, Lehman Brothers Special Financing ("LBSF") commenced its voluntary chapter 11 case in this Court under the Bankruptcy Code. On October 5, 2008, Lehman Brothers Derivative Products Inc. ("LBDP") commenced its voluntary chapter 11 case in this Court under the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Agreement.

AMR-388038-v3                                      - 2 -

4.     Pursuant to the Bar Date Order,[2] on September 4, 2009, ING timely filed a proof of claim against LBDP (the "Claim") in the amount of $6,536,691.83 with respect to the Settlement Amount and certain other amounts as further described in the calculation statement and Claim. On October 21, 2009, ING submitted a derivative questionnaire and supporting documentation pursuant to the Bar Date Order (the "Questionnaire").[3]

5.     By its Objection, the Plan Administrator is seeking to reduce the amount of the Claim from $6,536,691.83 to $6,056,070.00.

6.     As noted above, this reduction is sought based upon no more than a generic statement that the Claim is "greater than the fair, accurate, and reasonable value of the claim as determined by the Plan Administrator after a review of the supporting documentation provided by the claimants and the LBHI and LBSF's books and records." Objection at ¶ 12. The Objection also sets forth a generic description of the "multi-step process" used by the Plan Administrator to review claims based on derivative contracts. Objection at ¶ 15. To the extent that the Objection rests upon the foregoing to shift the burden back to the claimant, it fails.

---

[2]   On July 2, 2009, the Bankruptcy Court entered the Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "Bar Date Order").

[3]   In accordance with the Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors, dated as of April 19, 2010, all of the information and documentation submitted by ING in connection with the Claim and Questionnaire are part of the record and incorporated herein. ING is not required to submit them in connection with this Response.

**Argument**

*Applicable Legal Standard*

7. A properly filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. §502(a). Section 502(b) of the Bankruptcy Code provides, in pertinent part, that if an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of the claim and shall allow the claim in such amount except to the extent that one of the exceptions enumerated in section 502(d) applies. U.S.C. §502(b); *In re Rockefeller Center Properties*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). A properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. Fed R. Bankr. P. 3001(f).

8. Following the establishment of a claim's *prima facie* validity, the burden shifts to the objector to show "sufficient evidence" to negate such *prima facie* validity. *In re Adelphia Comm's Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 *15 (Bankr. S.D.N.Y., Feb. 20, 2007); *J.P. Morgan Sec's., Inc. v. Spiegel Creditor Trust (In re Spiegel, Inc.)*, Case Nos. 03-11540 (BRL), 06-CV-13477 (CM), 2007 WL 2456626 at * 15 n.6 (S.D.N.Y. Aug. 22, 2007). Such "sufficient evidence" must be of equal or greater probative force to that of the proof of claim which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (*internal quotations omitted*) (quoting *In re Allegheny Intern., Inc.* 954 F.2d 167, 173-174 (3d Cir. 1992) quoting *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991)); *In re Spiegel, Inc.*, 2007 WL 2456626 at *15; *In re DJK Residential LLC*, 416 B.R. 100, 105 (Bankr. S.D.N.Y. 2009) (evidence must be of equal force). "Mere objections" do not constitute "sufficient evidence" and are insufficient to refute a claimant's *prima facie* evidence. *See*, *Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.)*, Case No. 98 Civ. 4990 (HB), 1999 WL 178788 at *3-4 (S.D.N.Y. Mar. 31, 1999)

("The case law is clear.  To prevail, the objector must affirmatively *produce* evidence to counter the creditor's claim."); *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000) (testimonial evidence was sufficient to shift the burden back to the claimant to prove the validity of its claim).

9.      Only when the objector meets its burden and puts forth such "sufficient evidence" does the burden shift back to the claimant and the claimant "is required to meet the usual burden of proof to establish the validity of the claim."  *In re Adelphia Comm's Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 *15-16; *In re Oneida Ltd.*, 400 B.R. at 389.

*The Plan Administrator Has Not Put Forth Evidence to Rebut the Claim*

10.     In order to satisfy its burden, the Plan Administrator must put forth sufficient evidence to demonstrate that the Claim should be reduced.  The Plan Administrator has not put forth any "evidence" to rebut the *prima facie* validity of the Claim.  Instead, the Objection summarily asserts that the Claim is "greater than the fair, accurate, and reasonable value of the claim as determined by the Plan Administrator."[4]  Objection at ¶ 12.

11.     The Plan Administrator's statements are conclusory and amount to, at best, mere assertions.  *See*, *Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.)*, Case No. 98 Civ. 4990 (HB), 1999 WL 178788 at *3-4 (S.D.N.Y. Mar. 31, 1999) ("mere objections" do not constitute "sufficient evidence" and are insufficient to refute a claimant's *prima facie* evidence).

---

[4]     The Objection also describes the Plan Administrator's purported "thorough, multi-step process to review claims," which in general terms is set forth as follows: "collect and review documents… reconcile posted collateral…review valuation methodology."  Objection at ¶ 15.

12.     The Plan Administrator has not met its initial burden of refuting the amount of the Claim and, accordingly, has not shifted the burden of proving the Claim to ING. It remains the Plan Administrator's burden to produce "sufficient evidence" that the Claim should be reduced.[5]

*Reservation of Rights*

13.     ING reserves the right to file a supplemental and/or amended response to the Objection, shall it deem it necessary to do so. To the extent that an evidentiary hearing is needed to adjudicate the merits of the Claim, ING reserves the right to request a full evidentiary hearing pursuant to Rule 9014(e) of the Bankruptcy Rules and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the basis for the calculation of and amount of the Claim.

[Remainder of Page Intentionally Left Blank]

---

[5] Additionally, on September 25, 2008 and prior to commencement of its chapter 11 cases, LBDP prepared and delivered a calculation statement. The valuation set forth by the Debtor in the Objection conflicts with the previously delivered calculation statement. ING reserves all rights with respect to the LBDP calculation statement, the amounts set forth therein and any other rights arising under or in connection with the Agreement including, but not limited to, any and all rights in relation to valuation and valuation methodology.

## **CONCLUSION**

WHEREFORE, for the reasons set forth above, ING respectfully requests that the Bankruptcy Court (i) overrule the Objection as it pertains to the Claim, and (ii) grant such further relief as the Bankruptcy Court deems just.

Dated:  New York, New York
November 13, 2012

Respectfully submitted,
CLIFFORD CHANCE US LLP

By: /s/ Jennifer C. DeMarco
Jennifer C. DeMarco
Sarah N. Campbell

31 West 52nd Street
New York, NY 10019
Tel:  (212) 878-8000
Fax:  (212) 878-8375

*Counsel to ING AM Interfinance Services B.V.*