**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
In re                                                                        :        **Chapter 11 Case No.**
                                                                             :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,        :        **08-13555 (JMP)**
                                                                             :
                                    **Debtors.**                  :        **(Jointly Administered)**
---------------------------------------------------------------------x

**ORDER GRANTING THREE**
**HUNDRED FIFTY-SEVENTH OMNIBUS OBJECTION**
**TO CLAIMS (REDUCE OR RECLASSIFY, AND ALLOW)**

Upon the three hundred fifty-seventh omnibus objection to claims, dated

September 21, 2012 (the "Three Hundred Fifty-Seventh Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors,

pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving

procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to

reclassify the Claims on the basis that the priorities are greater than the fair, accurate and

reasonable priorities determined by the Plan Administrator after a review of the claimants'

supporting documentation and the Chapter 11 Estates' books and records, as more fully

described in the Three Hundred Fifty-Seventh Omnibus Objection to Claims; and due and proper

notice of the Three Hundred Fifty-Seventh Omnibus Objection to Claims having been provided,

and it appearing that no other or further notice need be provided; and the Court having found and

determined that the relief requested in the Three Hundred Fifty-Seventh Omnibus Objection to

Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Three Hundred Fifty-Seventh Omnibus Objection to Claims.

and that the legal and factual bases set forth in the Three Hundred Fifty-Seventh Omnibus

Objection to Claims establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Fifty-Seventh Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that (i) each Claim listed on Exhibit 1 annexed hereto is reclassified

in the amount and priority set forth on Exhibit 1 in the "*Modified*" column; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on any

valid rights of setoff, netting and/or recoupment in connection with any claims listed on Exhibit

1 annexed hereto and that all such rights, if any, of setoff, netting and/or recoupment, and all

defenses thereto, are preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim or portion of any claim listed on Exhibit A to the

Three Hundred Fifty-Seventh Omnibus Objection to Claims that does not appear on Exhibit 1

annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated: New York, New York
       November 16, 2012


　　　　　　　　　　　　　　　　　　　_s/ James M. Peck_____
　　　　　　　　　　　　　　　　　　　Honorable James M. Peck
　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge



2