WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                          :
**In re**                                 :        **Chapter 11 Case No.**
                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :        **08-13555 (JMP)**
                                          :
                        **Debtors.**      :        **(Jointly Administered)**
                                          :
----------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING OMNIBUS CLAIMS**
**OBJECTIONS SCHEDULED FOR HEARING ON NOVEMBER 20, 2012**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Amended Order Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

1.      Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), or LBHI as Plan Administrator under the Modified Third Amended Joint Chapter 11

Plan of LBHI and its Affiliated Debtors (the "Plan Administrator"), filed the following motions

and omnibus claims objections (collectively, the "Claims Objections") with the Court for hearing

on or before November 20, 2012:

   (a)    Three Hundred Fifty-Ninth Omnibus Objection to Claims (Amended and Superseded Claims) **[ECF No. 31315]**

   (b)    Three Hundred Sixty-Third Omnibus Objection to Claims (Reduce and Allow Claims) **[ECF No. 31325]**

   (c)    Three Hundred Sixty Fourth Omnibus Objection to Claims (No Liability Claims) **[ECF No. 31326]**

   2.    In accordance with the Second Amended Case Management Order, the

Debtors, or the Plan Administrator, as applicable, established deadlines (the "Response

Deadline") for each Claim Objection for parties to object or file responses. The Response

Deadlines have been extended for certain creditors from time to time. The Second Amended

Case Management Order provides that pleadings may be granted without a hearing, provided that

no objections or other responsive pleadings have been filed on or prior to the relevant response

deadline and the attorney for the entity who filed the pleading complies with the relevant

procedural and notice requirements.

   3.    The Response Deadlines have now passed and, to the best of my

knowledge, no responsive pleadings to the Claims Objections have been (a) filed with the Court

on the docket of the above-referenced cases in accordance with the procedures set forth in the

Second Amended Case Management Order, or (b) served on counsel to the Debtors or the Plan

Administrator by any of the holders of the claims included on Exhibit 1 to any of the Orders

attached hereto, which include only the proofs of claim for which the Claims Objection will be

granted. Responses to certain of the Claims Objections were filed on the docket, or served on

the Debtors, by holders of certain proofs of claim included on the Claims Objections. The

hearing on the Claims Objections as to any proof of claim for which a response was either filed

on the docket or received by the Debtors, and which objection has not been resolved, has been

adjourned to a future date.

4.         Accordingly, the Debtors and the Plan Administrator respectfully request

that the proposed orders granting the Claims Objections annexed hereto as <u>Exhibits A</u> through <u>C</u>,

which, except for the inclusion of additional language to indicate that such order is supplemental

to a previously entered order for a Claim Objection or to reference the inclusion of separate

exhibits attached to the proposed orders for proofs of claim for which the Claims Objection is

granted, adjourned or withdrawn, are unmodified since the filing of the Claims Objections, be

entered in accordance with the procedures described in the Second Amended Case Management

Order.

I declare that the foregoing is true and correct.

Dated:  November 19, 2012
        New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

US_ACTIVE:\44141138\1\58399.0011

**EXHIBIT A**
**(Proposed Order – ECF No. 31315)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re                                                    :    **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :    **08-13555 (JMP)**
                                                         :
                              **Debtors.**               :    **(Jointly Administered)**
----------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED FIFTY NINTH OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)

Upon the three hundred fifty ninth omnibus objection to claims, dated July 9, 2012 (the "Three Hundred Fifty Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Amended and Superseded Claims on the basis that such claims have been amended and superseded by the corresponding Surviving Claims, all as more fully described in the Three Hundred Fifty Ninth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Fifty Ninth Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the Three Hundred Fifty Ninth Omnibus Objection to Claims; and (vi) all other parties entitled to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Fifty Ninth Omnibus Objection to Claims.

notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Fifty Ninth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Three Hundred Fifty Ninth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Fifty Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Amended and Superseded Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading "*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register subject to the Plan Administrator's right to further object as set forth herein; and it is further

ORDERED that all information included on and all documentation filed in support of any Amended and Superseded Claim, including, but not limited to, derivative and guarantee questionnaires and supporting documentation, shall be treated as having been filed in support of and included in the corresponding Surviving Claim; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the Amended and Superseded Claims constitutes any admission or finding with respect to any of the

Surviving Claims, and the Plan Administrator's rights to object to the Surviving Claims on any

basis are preserved; *provided, however,* that notwithstanding anything herein to the contrary, the

Plan Administrator may not object to a Surviving Claim that is listed on <u>Exhibit 1</u> annexed

hereto to the extent that it has been allowed by order of the Court or allowed pursuant to a signed

settlement or termination agreement authorized by the Court; and it is further

        ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to the Three

Hundred Fifty Ninth Omnibus Objection to Claims under the heading "*Claims to be Disallowed*

*and Expunged*" that is not listed on <u>Exhibit 1</u> annexed hereto and (ii) any Surviving Claim;

*provided, however*, that if the Court subsequently orders that a Surviving Claim did not

appropriately amend and supersede the corresponding Amended and Superseded Claim, then the

claims agent shall be authorized and directed to immediately reinstate such Amended and

Superseded Claim (the "<u>Reinstated Claim</u>") and the rights of all interested parties with respect to

the Reinstated Claim shall be expressly reserved; and it is further

        ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                      _____
                                      UNITED STATES BANKRUPTCY JUDGE

EXHIBIT 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 359: EXHIBIT 1 – AMENDED CLAIMS

| | **CLAIMS TO BE DISALLOWED** | | | | | **SURVIVING CLAIMS** | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 1 | ING USA ANNUITY & LIFE INSURANCE COMPANY C/O ING INVESTMENT MANAGEMENT LLC ATTN: A. APONTE 230 PARK AVENUE NEW YORK, NY 10169 | 09/10/2009 | 08-13555 (JMP) | 11151 | $3,569,307.93 | ING USA ANNUITY AND LIFE INSURANCE COMPANY C/O ING INVESTMENT MANAGEMENT CO. ATTN: GERALD LINS, GEN. COUNS., ARMOND APONTE, VP AND COUNS. 230 PARK AVENUE NEW YORK, NY 10169 | 09/22/2009 | 08-13555 (JMP) | 27881 | $14,888,737.41* |
| 2 | STARK MASTER FUND LTD. ATTN: MARTHA TSUCHIHASHI C/O STARK OFFSHORE MANAGEMENT, LLC 2600 SOTH LAKE DRIVE ST. FRANCIS, WI 53235 | 09/18/2009 | 08-13555 (JMP) | 18184 | $13,948,950.00 | STARK MASTER FUND LTD. ATTN: MARTHA TSUCHIHASHI C/O STARK OFFSHORE MANAGEMENT, LLC 3600 SOUTH LAKE DRIVE ST. FRANCIS, WI 53235 | 09/19/2009 | 08-13555 (JMP) | 19542 | $13,948,950.00 |
| | | | **TOTAL** | | $17,518,257.93 | | | | | |

**EXHIBIT B**
**(Proposed Order – ECF No. 31325)**

US_ACTIVE:\44141138\1\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                              :        Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :        08-13555 (JMP)
                                                                   :
                      Debtors.                     :        (Jointly Administered)
-------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED SIXTY-THIRD OMNIBUS OBJECTION TO CLAIMS (REDUCE AND ALLOW CLAIMS)

Upon the three hundred sixty third omnibus objection to claims, dated July 9,

2012 (the "Three Hundred Sixty Third Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter

11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 502(b)

of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules

of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664], seeking to reduce and allow the Reduce and

Allow Claims, as more fully described in the Three Hundred Sixty Third Omnibus Objection to

Claims; and due and proper notice of the Three Hundred Sixty Third Omnibus Objection to

Claims having been provided, and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief requested in the Three Hundred Sixty

Third Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their

creditors, and all parties in interest, and that the legal and factual bases set forth in the Three

Hundred Sixty Third Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Sixty Third Omnibus Objection to Claims.

ORDERED that the relief requested in the Three Hundred Sixty Third Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Reduce and Allow Claim listed on <u>Exhibit 1</u> annexed hereto is reduced and allowed in the amount and priority set forth on <u>Exhibit 1</u> under the column headings "*Modified Amount*" and "*Modified Class*," and any asserted amounts in excess of the reduced amount are disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on <u>Exhibit A</u> to the Three Hundred Sixty Third Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2

EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 363: EXHIBIT 1 – REDUCE AND ALLOW CLAIMS**

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | BROWN BROTHERS HARRIMAN & CO. F/B/O BROWN BROTHERS HARRIMAN TRUST CO. LTD AS TTEE OF THE GOLDMAN SACHS INVESTMENT TRUST UNIT GS YEN LIBOR PLUS FUND ATTN: OFFICE OF THE GENERAL COUNSEL 40 WATER STREET BOSTON, MA 02119 | 5806 | 07/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $95,649.52 | Lehman Brothers Holdings Inc. | Unsecured | $92,585.40 |
| 2 | CB RICHARD ELLIS 1003 BISHOP ST SUITE 1800 HONOLULU, HI 96813 | 27440 | 09/22/2009 | LB 2080 Kalakaua Owners LLC | Administrative Unsecured Subtotal | $40,357.33 $22,039.29 $62,396.62 | LB 2080 Kalakaua Owners LLC | Unsecured | $22,039.29 |
| | | | | | TOTAL | $158,046.14 | | TOTAL | $114,624.69 |

**EXHIBIT C**
**(Proposed Order – ECF No. 31326)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                                  :      **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,     :      **08-13555 (JMP)**
                                                       :
                    **Debtors.**                       :      **(Jointly Administered)**
--------------------------------------------------------------------x

## ORDER GRANTING THE THREE HUNDRED SIXTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the three hundred sixty-fourth omnibus objection to claims, dated October

11, 2012 (the "Three Hundred Sixty-Fourth Omnibus Objection to Claims"),[3] of Lehman

Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter

11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the

above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"),

seeking disallowance and expungement of the No Liability Claims to the extent that they assert

claims for which the applicable Chapter 11 Estates do not have any liability, all as more fully

described in the Three Hundred Sixty-Fourth Omnibus Objection to Claims; and due and proper

notice of the Three Hundred Sixty-Fourth Omnibus Objection to Claims having been provided,

and it appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Three Hundred Sixty-Fourth Omnibus Objection to

Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest

---

[3] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Sixty-Fourth Omnibus Objection to Claims.

and that the legal and factual bases set forth in the Three Hundred Sixty-Fourth Omnibus

Objection to Claims establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Three Hundred Sixty-Fourth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and

expunged, with prejudice, to the extent set forth therein; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three

Hundred Sixty-Fourth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed

hereto and (ii) the portion of any No Liability Claim that is not the subject of the Three Hundred

Sixty-Fourth Omnibus Objection to Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 364: EXHIBIT 1 – NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ARK. PUBLIC EMPLOYEES RETIREMENT SYSTEM 124 W CAPITOL AVE., STE 400 LITTLE ROCK, AR 72201 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32388 | $541.24 | Claim 32388 reflects that the claim is based on a transaction or transactions between claimant and Lehman Brothers Inc.  LBHI has no liability to claimant for such transaction or transactions. |
| 2 | CURRENT COMMUNICATIONS & 2600 W. 23RD STREET BROADVIEW, IL 60155 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/27/2009 | 6182 | $43,797.94 | The Debtors' records reflect that Claim 6182 is based on a transaction or transactions between claimant and Lehman Brothers Inc.  LBHI has no liability to claimant for such transaction or transactions. |
| 3 | DEUTSCHE BANK AG ATTN: CHIP GOODRICH, ESQ. 60 WALL STREET NEW YORK, NY 10005-2858 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 26969 | $6,089.75* | The portion of Claim 26969 in the amount of $6,089.75 relates to a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant for such transaction or transactions.  The remaining portion of Claim 26969 is not being expunged pursuant to this Objection and is not affected by this Objection.  All rights with respect to the remaining portion of Claim 26969 are reserved. |
| 4 | DIALOGIC COMMUNICATIONS CORPORATION 117 SEABOARD LN STE D100 FRANKLIN, TN 37067-2871 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/05/2008 | 1232 | $8,650.74 | The Debtors' records reflect that Claim 1232 is based on a transaction or transactions between claimant and Lehman Brothers Inc.  LBHI has no liability to claimant for such transaction or transactions. |
| 5 | FORBES CONSULTING GROUP, LLC GARY E. BLUMENHAL, CPA 24 HARTWELL AVE, 3RD FLOOR LEXINGTON, MA 02421 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/23/2008 | 14 | $8,000.00 | The Debtors' records reflect that Claim 14 is based on a transaction or transactions between claimant and Lehman Brothers Inc.  LBHI has no liability to claimant for such transaction or transactions. |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 364: EXHIBIT 1 – NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|------|-------------|-------------|------------|---------|---------------------|----------------------------------|
| 6 | KONICA MINOLTA DANKA IMAGING COMPANY FKA DANKA OFFICE IMAGING COMPANY ATTN LEE ACEVEDO 11101 ROOSEVELT BLVD. ST PETERSBURG, FL 33716 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/06/2008 | 140 | $7,147.69 | The Debtor's records reflect that claim 140 is based on a transaction or transactions between claimant, on the one hand, and Lehman Brothers Inc., a non-Debtor entity, and/or possibly other non-Debtor entities, on the other hand. The Debtors have no liability to claimant for such transaction or transactions. |
| 7 | LOWRY, R.K. JR ATTN: DAVID R. DEARY L-FALLING CREEK LLC LMC RECOVERY FUND LLC LOEWINSOHN FLEGLE DEARY DALLAS, TX 75251 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/22/2009 | 32694 | $1,834,333.33 | Claimant does not assert any contractual or legal basis on which claimant is entitled to collect on the grounds asserted in the claim. |
| 8 | MBS ENERGY GROUP LLC 525 7TH AVE SUITE 1713 NEW YORK, NY 10018 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/25/2008 | 25 | $28,227.50 | The obligations alleged in this claim have been satisfied by Barclays Capital Inc. through payments made to the claimant after September 15, 2008 (the "Commencement Date"). |
| 9 | MERRILL CORPORATION ONE MERRILL CIRCLE SAINT PAUL, MN 55108 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 04/20/2009 | 3850 | $25,525.00 | The Debtors' records reflect that Claim 3850 is based on a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant for such transaction or transactions. |
| 10 | MOFFITT, JOHN P ATTN: DAVID R. DEARY J-JASON, LLC LMC RECOVERY FUND LOEWINSOHN FLEGLE DEARY DALLAS, TX 75251 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/22/2009 | 32692 | $1,825,833.00 | Claimant does not assert any contractual or legal basis on which claimant is entitled to collect on the grounds asserted in the claim. |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 364: EXHIBIT 1 – NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 11 | MUNI CENTER, LLC, THE JULIA DEPTULA, DIR., CLIENT SVCS. 825 THIRD AVENUE, 14 FL NEW YORK, NY 10022 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/02/2009 | 1562 | $5,905.47 | Claim 1562 reflects that the claim is based on a transaction or transactions between claimant and Lehman Brothers Inc.  LBHI has no liability to claimant for such transaction or transactions. |
| 12 | RIPLEY, ROBERT & FRANCES ATTN: DAVID R. DEARY CARY INVESTMENTS, LLC C/O DAVID R. DEARY LOEWINSOHN FLEGLE DEARY DALLAS, TX 75251 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/22/2009 | 32693 | $2,872,115.00 | Claimant does not assert any contractual or legal basis on which claimant is entitled to collect on the grounds asserted in the claim. |
| 13 | RITZ CARLTON HOTEL COMPANY THE RITZ-CARLTON BUCKHEAD 3434 PEACHTREE ROAD N.E. ATLANTA, GA 30326 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/14/2009 | 5328 | $20,900.55 | The Debtors' records reflect that Claim 5328 is based on a transaction or transactions between claimant and Lehman Brothers Inc.  LBHI has no liability to claimant for such transaction or transactions. |
| 14 | RUSSELL A. CHABAUD AND RELATED ENTITIES C/O DAVID R. DEARY LOEWINSOHN FLEGLE DEARY 12377 MERIT DRIVE, #900 DALLAS, TX 75251 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/22/2009 | 33666 | $1,815,933.33 | Claimant does not assert any contractual or legal basis on which claimant is entitled to collect on the grounds asserted in the claim. |
| 15 | SECURE FINANCIAL SERVICES C/O JAMES BUSHEY 97 BLAKELY ROAD, SUITE 107 COLCHESTER, VT 05446 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30548 | $10,267.50 | The Debtors' records reflect that Claim 30548 is based on a transaction or transactions between claimant and Lehman Brothers Inc.  LBHI has no liability to claimant for such transaction or transactions. |
| 16 | SENECA CENTER KEN BERRICK 2275 ARLINGTON DRIVE SAN LEANDRO, CA 94578 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 04/20/2009 | 3835 | $1,113,148.88 | This claim relates to an alleged obligation of SCC Acquisitions, Inc. ("SunCal") or an affiliate of SunCal, neither of which is a Debtor in these chapter 11 cases.  LBHI has no liability to claimant for such obligation. |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 364: EXHIBIT 1 – NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 17 | TEVA PHARMACEUTICAL WORKS PRIVATE LIMITED COMPANY ATTN: LAURENCE SCHOEN, ESQ. C/O MINTZ LEVIN ONE FINANCIAL CENTER BOSTON, MA 02111 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28221 | $69,666.50* | Claim 28221 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 18 | WOODTRONICS 110 REYNOLDS STREET SOUTH WILLIAMSPORT, PA 17702 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/10/2009 | 7885 | $21,072.44 | The Debtors' records reflect that Claim 7885 is based on a transaction or transactions between claimant and Lehman Brothers Inc.  LBHI has no liability to claimant for such transaction or transactions. |
| 19 | LIM, GIOK KWEE 802 THOMSON ROAD #17-05 , 298187 SINGAPORE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18567 | $294,000.00 | Claims 18567, 18569, and 25587 were filed as guarantee claims against LBHI by holders (the "Noteholders") of structured notes (the "Notes") issued by Minibond Limited (the "Issuer") pursuant to a Secured Note Program registered by the Monetary Authority of Singapore on March 30, 2006 (the "Program"). However, the Noteholders have not provided any evidence with their proofs of claim to show that LBHI |
| 20 | LIM, GIOK KWEE 802 THOMSON ROAD #17-05 , 298187 SINGAPORE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18569 | $395,087.00 | |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 364: EXHIBIT 1 – NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 21 | MEE NG, JIM NO 2, #04-01, SIMEI RISE , 528800 SINGAPORE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25587 | $30,000.00 | issued a valid and enforceable guarantee of the Notes. The Noteholders neither submitted a Guarantee Questionnaire nor provided any evidence of a guarantee of the Notes by LBHI. Moreover, the Base Prospectus for the Program, dated March 30, 2006, explicitly states that "The Notes will solely be obligations of the Issuer and will not be guaranteed or insured by, or be the responsibility of, any other entity...The Notes will not be obligations of, and will not be guaranteed or insured by, any of the Transaction Participants (as defined herein), in particular [LBHI]." Accordingly, LBHI has no liability on account of the Notes. |
| | | | | | TOTAL | $10,436,242.86 | |