Hearing Date and Time: December 12, 2012 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: November 29, 2012 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter Gruenberger
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :  Chapter 11 Case No.
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                :  08-13555 (JMP)
                                                            :
        Debtors.                                            :  (Jointly Administered)
                                                            :
                                                            :
------------------------------------------------------------x

**NOTICE OF LEHMAN BROTHERS HOLDINGS INC.'S**
**MOTION FOR AN ORDER AMENDING THE ORDER PURSUANT TO**
**SECTION 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9014,**
**AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS**
**TO IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE**
**DISPUTE RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS**

PLEASE TAKE NOTICE that a hearing on the annexed motion of Lehman

Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan"), pursuant to section 105 of title 11 of the United States Code,

Rule 9014 of the Federal Rules of Bankruptcy Procedure, and General Order M-390 (which can

be found at www.nysb.uscourts.gov), for an order amending the *Order Pursuant to Section 105*

*of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the*

*Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution*

*Procedures for Claims Against Debtors* [ECF No. 8474] (the "Motion"), will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York, 10004 (the "Bankruptcy Court"), on **December 12, 2012 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Robert J. Lemons, Esq. and Lee Goldberg, Esq., attorneys for the LBHI and certain of its affiliates; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq. and Andrea B. Schwartz, Esq.; (iv) all parties who have requested notice in these chapter 11 cases; and (v) all parties with a particularized interest in the Motion, so as to be so filed and received by no later than **November 29, 2012 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: November 20, 2012
      New York, New York

/s/ Robert J. Lemons
Peter Gruenberger
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

Hearing Date and Time: December 12, 2012 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: November 29, 2012 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter Gruenberger
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
:
-------------------------------------------------------------x

**LEHMAN BROTHERS HOLDINGS INC.'S
MOTION FOR AN ORDER AMENDING THE ORDER PURSUANT TO
SECTION 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9014,
AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS
TO IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE
DISPUTE RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), files this Motion and respectfully represents:

**Background**

1. Commencing on September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain

US_ACTIVE:\44127389\9\58399.0003

of its subsidiaries commenced with this Court voluntary cases (together, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.     On December 6, 2011, the Court approved and entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator, among other things, is authorized to interpose and prosecute objections to claims filed against the chapter 11 estates of LBHI and its affiliates who commenced the Chapter 11 Cases (the "Chapter 11 Estates").

3.     On April 19, 2010, the Court entered the *Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors* [ECF No. 8474] (as amended and/or modified, the "Claims ADR Procedures Order") to facilitate the resolution of claims filed against the Chapter 11 Estates that, among other things, approved alternative dispute resolution ("ADR") procedures (as amended and/or modified, the "Claims ADR Procedures").[1]

4.     On September 17, 2009, the Court entered the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts* [ECF No. 5207] (as amended and/or modified, the "Tier 1 Derivatives ADR Procedures Order") that approved ADR procedures for the Chapter 11 Estates' derivatives contracts with recovery

---

[1] On July 18, 2012, the Court entered the *Order Modifying Certain Existing Claims Orders* [ECF No. 29505] (the "Modifying Order") that, among other things, modified certain requirements related to the Official Committee of Unsecured Creditors in the Claims ADR Procedures and each of the Affirmative ADR Procedures (as defined below) and modified the orders implementing such procedures.

potential for the Chapter 11 Estates (as amended and/or modified, the "Tier 1 Derivatives ADR Procedures").

5. On March 3, 2011, the Court entered the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties* [ECF No. 14789] that approved ADR procedures (as amended and/or modified, the "SPV Derivatives ADR Procedures") for the Chapter 11 Estates' derivatives contracts related to special purpose vehicles (each, an "SPV").

6. On May 2, 2012, the Court entered the *Order Amending the Tier 2 Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts* [ECF No. 27698] that approved ADR procedures for the Chapter 11 Estates' derivatives contracts with recovery potential for which a Chapter 11 Estate's claim is equal to or less than $5 million (as amended and/or modified, the "Tier 2 Derivatives ADR Procedures," and, together with the Tier 1 Derivatives ADR Procedures and the SPV Derivatives ADR Procedures, as each may have been amended and/or modified from time to time, the "Affirmative ADR Procedures").

7. As of November 12, 2012, the Chapter 11 Estates have commenced proceedings under the Affirmative ADR Procedures by serving 274 ADR notices and have successfully settled 232 ADR matters with 257 counterparties. Also, as of November 12, 2012, 93 tier 1 and SPV ADR matters have reached the mediation stage of their respective Affirmative ADR Procedures and been concluded; 88 of such mediations have resulted in settlement – a 95% success rate. As a result of these 232 settlements, the Chapter 11 Estates have received a total of over 1.334 billion new dollars, all without Court intervention.

3

**Jurisdiction**

8.  This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334 and section 14.1 of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Relief Requested**

9.  The Plan Administrator requests, pursuant to section 105(a) of the Bankruptcy Code, Rule 9014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and the Court's General Order M-390, an order, annexed hereto as Exhibit A, amending the Claims ADR Procedures Order in one respect only: to remove the 120-day cap (the "Mediation Cap") for the maximum duration of a mediation (the "Amended Claims ADR Procedures Order"). The Plan Administrator further requests that such relief apply to all unresolved claims, regardless of whether or not an objection to a claim has yet been filed.

**The Mediation Cap**

10. The Chapter 11 Cases are the largest and most complex ever filed, with over 68,500 claims filed against the Chapter 11 Estates. In order to facilitate the consensual resolution of claims and ease the burden on the Court, the Chapter 11 Estates sought to implement, among other things, the Claims ADR Procedures to expedite the process of reconciling of claims filed against them. The Court approved the Claims ADR Procedures.

11. Currently approximately 8,500 proofs of claim against the Chapter 11 Estates remain unresolved. The Plan Administrator is eager to commence ADRs as may be necessary to resolve such claims. To date, the Plan Administrator has commenced a handful of ADRs under the Claims ADR Procedures. The Plan Administrator, however, is reluctant to commence further ADRs as to those unresolved claims because of the chilling effect the Mediation Cap imposes.

4

12. Each of the Affirmative ADR Procedures provides as follows regarding the termination of mediation: "The mediation shall end upon request of a party and concurrence by the mediator." *See*, *e.g.*, *Tier 1 Derivatives ADR Procedures Order*, at ¶ 10(g). The Claims ADR Procedures Order, however, contains the Mediation Cap in the additional proviso: "The Mediation shall conclude upon request of either party and concurrence by the Mediator; provided, however, that unless otherwise agreed to by the parties and the Mediator, the Mediation shall last no longer than 120 calendar days." *See Claims ADR Procedures Order*, at ¶ 5(f), p. 8 of Claims ADR Procedures.

13. The Plan Administrator's ability to induce claimants to participate in good faith mediation is one of the most salutary features of the Claims ADR Procedures, a feature that the Mediation Cap threatens to undermine because claimants that are determined to litigate are incentivized to simply bide their time for 120 days rather than engage in meaningful settlement dialogue.

14. The Mediation Cap's artificial deadline encourages the very opposite result of ADR's primary goal – the avoidance of time-consuming, expensive litigation and intrusion on the Court's limited resources. Forcing the parties into litigation if they fail to reach a settlement within 120 days helps no one.

15. The Mediation Cap removes the mediator's flexibility to continue encouraging the parties to engage in settlement discussions after the conclusion of a mediation session or to compel their attendance at an additional mediation session. Thus, even if the claimant were not initially inclined to litigate, the Mediation Cap is ill-conducive to settlement of claims because if a settlement is not concluded within 120 days, the parties must proceed to

litigation.[2] For a variety of reasons, including the schedules of the mediator, the principals, and the attorneys, it may not be feasible for the parties to conclude a mediation within 120 days.

16. The Affirmative ADR Procedures lack the proviso containing the Mediation Cap. The lack of a fixed end point for mediations under the Affirmative ADR Procedures has enabled the parties to engage in meaningful and successful post-mediation settlement discussions in many cases beyond 120 days after commencement of the initial mediation session. The success in those ADRs demonstrates the importance of keeping the duration of mediations open ended. For example, of the 88 settled tier 1 and SPV ADRs that have reached the mediation stage of the Affirmative ADR Procedures, 30 mediations – more than one-third – lasted longer than 120 days, measured from the date of the first mediation session to the settlement date. Indeed, in a material number of such settlements, more than 120 days elapsed between the initial and successive mediation sessions, permitting ongoing negotiations. One such mediation illustrates the point perfectly. At the conclusion of the first mediation session, a Chapter 11 Estate's counterparty offered to settle for a payment of $1 million.[3] Sixteen months and two mediation sessions later, the parties settled for a $41 million payment to the Chapter 11 Estate. Other settlements took even longer following the conclusion of the first mediation session. Had a Mediation Cap been in place, those settlements likely would not have succeeded and litigation would have ensued. Had that occurred, the 95% success rate would have dramatically decreased to a success rate of 62%.

---

[2] Although the provision of the Claims ADR Procedures containing the Mediation Cap permits the parties to extend the mediation upon the agreement of all parties and the mediator, obtaining such unanimous agreement may not be realistic or practical.

[3] Due to confidentiality provisions in the Affirmative ADR Procedures, the Plan Administrator is not permitted to disclose the identity of the counterparty.

17. Should the Mediation Cap be removed, both parties will still retain their ability to request that the mediation be concluded; should the mediator concur, the mediation will end. Such a provision would be identical to the corresponding provision in the Affirmative ADR Procedures that has proven so successful in those affirmative ADR matters.

18. The Plan Administrator submits that removal of the Mediation Cap from the Claims ADR Procedures will maximize the efficacy of those procedures by providing the mediators with necessary flexibility to encourage settlement between the parties. The Affirmative ADR Procedures have been successful and a useful mechanism for the Chapter 11 Estates to resolve numerous disputes without the need for intervention by the Court. Removal of the Mediation Cap will provide the Claims ADR Procedures with a similar opportunity for success and promote judicial efficiency by consensually resolving claims instead of proceeding to litigation after 120 days in mediation. Based upon the foregoing, the Plan Administrator requests that the Court enter the Amended Claims ADR Procedures Order.

## Notice

19. No trustee has been appointed in the Chapter 11 Cases. The Plan Administrator, in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635], has served notice of this Motion on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) all claimants holding unresolved claims; and (vi) all parties who have requested notice in these chapter 11 cases. The Plan Administrator submits that no other or further notice need be provided.

20. Other than the original request for the establishment of the Claims ADR Procedures that was granted by the Court (as amended and/or modified by the Modifying Order), no previous request for the relief sought herein has been made by the Plan Administrator to this or any other court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: November 20, 2012
New York, New York

/s/ Robert J. Lemons
Peter Gruenberger
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

8

**<u>Exhibit A</u>**

**Proposed Order**

08-13555-mg    Doc 32212    Filed 11/20/12    Entered 11/20/12 11:04:22    Main Document
Pg 12 of 15

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
---------------------------------------------------------------x

# ORDER AMENDING THE ORDER PURSUANT TO
# SECTION 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9014,
# AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS
# TO IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE
# DISPUTE RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS

Upon the motion, dated November 20, 2012, of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), for an order amending the *Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors* (as amended and/or modified, the "Claims ADR Procedures Order") [ECF No. 8474] (the "Motion"),[1] all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635] to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) all claimants holding unresolved claims; and (vi) all parties who have requested notice in these chapter 11 cases; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the proviso containing the Mediation Cap is stricken from the Claims ADR Procedures Order such that paragraph 5(f) on page 8 of the Claims ADR Procedures shall read in its entirety as follows: "The Mediation shall conclude upon request of either party and concurrence by the Mediator."; and it is further

ORDERED that all terms of the Claims ADR Procedures Order shall otherwise continue to apply and remain in full force and effect without modification; and it is further

ORDERED that the relief granted herein shall apply to all unresolved claims,

2

regardless of whether or not an objection to a claim has yet been filed; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE