WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter Gruenberger
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                        :
**In re**                               :    **Chapter 11 Case No.**
                                        :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :    **08-13555 (JMP)**
                                        :
                            **Debtors.**  :    **(Jointly Administered)**
                                        :
------------------------------------------------------------------x

**DECLARATION OF LAWRENCE BRANDMAN IN SUPPORT**
**OF LEHMAN BROTHERS HOLDINGS INC.'S MOTION FOR AN**
**ORDER AMENDING THE ORDER PURSUANT TO SECTION 105**
**OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9014,**
**AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS**
**TO IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE**
<u>**DISPUTE RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS**</u>

Pursuant to 28 U.S.C. § 1746, I, Lawrence Brandman, declare:

1.      I am over the age of 18 years and make these statements of my own

personal knowledge, following my review of the business records of Lehman Brothers Holdings

Inc. ("<u>LBHI</u>" or the "<u>Plan Administrator</u>") and certain of its subsidiaries (together, the "<u>Chapter</u>

<u>11 Estates</u>") and/or my consultation with employees of the Chapter 11 Estates.  If called to

testify, I could testify to the truth of the matters set forth herein.

2.      I submit this Declaration in support of *Lehman Brothers Holdings Inc.'s*

*Motion for an Order Amending the Order Pursuant to Section 105 of the Bankruptcy Code,*

*Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims*

*Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors*,

dated contemporaneously herewith (the "<u>Motion</u>").[1]

3.    I am a Managing Director with LAMCO LLC.  One of my primary areas

of responsibility includes managing the Chapter 11 Estates' handling of derivatives claims by

and against the Chapter 11 Estates, including mediations relating to derivatives transactions.

4.    I make this Declaration to explain the need for removal of the proviso that

imposes a 120-day cap (the "<u>Mediation Cap</u>") to the maximum duration of a mediation under the

Claims ADR Procedures.

5.    Currently approximately 8,500 proofs of claim against the Chapter 11

Estates remain unresolved.  The Plan Administrator is eager to commence ADRs as may be

necessary to resolve such claims.  To date, the Plan Administrator has commenced a handful of

ADRs under the Claims ADR Procedures.  The Plan Administrator, however, is reluctant to

commence further ADRs as to those unresolved claims because of the chilling effect on

settlement prospects the Mediation Cap imposes.  As currently written and applied, upon

reaching the 120th day after commencement of the initial mediation session, the mediator must

terminate the mediation.[2]

6.    Unlike the Claims ADR Procedures, however, the Affirmative ADR

Procedures do not contain a Mediation Cap.  The Chapter 11 Estates' success at commencing

and consensually resolving affirmative ADRs through mediation and other pre-mediation

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[2] Although the provision of the Claims ADR Procedures containing the Mediation Cap permits the parties to extend the mediation upon the agreement of all parties and the mediator, obtaining such unanimous agreement may not be realistic or practical.

US_ACTIVE:\44132041\6\58399.0003

settlements has produced material recoveries for the Chapter 11 Estates, all without Court

intervention.  As of November 12, 2012, under the Affirmative ADR Procedures, the Chapter 11

Estates have recovered more than 1.334 billion new dollars as a result of 232 ADR settlements

with 257 counterparties, all without litigation.  Of the 93 tier 1 and SPV ADR matters that have

reached the mediation stage and been concluded, 88 have been settled in mediation – a 95%

success rate.

       7.     The lack of a fixed end point for mediations under the Affirmative ADR

Procedures has enabled the parties to engage in meaningful and successful post-mediation

settlement discussions.  Of the 88 settled tier 1 and SPV ADRs that have reached the mediation

stage of the Affirmative ADR Procedures, 30 mediations – more than one-third – lasted longer

than 120 days, measured from the date of the first mediation session to the settlement date.  In a

material number of such settlements, more than 120 days elapsed between the initial and

successive mediation sessions, permitting ongoing negotiations.  For example, in one mediation,

at the conclusion of the first mediation session, a Chapter 11 Estate's counterparty offered to

settle for a payment of $1 million.[3]  Sixteen months and two mediation sessions later, the parties

settled for a $41 million payment to the Chapter 11 Estate.  Other settlements took even longer

following the conclusion of the first mediation session.

       8.     Removal of the Mediation Cap from the Claims ADR Procedures will

maximize the efficacy of those procedures by providing the mediators with necessary flexibility

to encourage settlement between the parties.  The Affirmative ADR Procedures have been

successful and a useful mechanism for the Chapter 11 Estates to resolve numerous disputes

without the need for intervention by the Court.  Removal of the Mediation Cap will provide the

---

[3] Due to confidentiality provisions in the Affirmative ADR Procedures, the Plan Administrator is not permitted to disclose the identity of the counterparty.

US_ACTIVE:\44132041\6\58399.0003

Claims ADR Procedures with a similar opportunity for success and promote judicial efficiency

by consensually resolving claims instead of proceeding to litigation after 120 days in mediation.

For the foregoing reasons, the Plan Administrator determined that removal of the Mediation Cap

is in the best interests of the Chapter 11 Estates and their creditors.

9.      I declare under penalty of perjury under the laws of the United States that

the foregoing is true and correct to the best of my knowledge.

Executed on this 20th day of November 2012.

/s/ Lawrence Brandman
Lawrence Brandman

4