**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |

--------------------------------------------------------------------x

### ORDER GRANTING THE THREE HUNDRED SIXTY-SECOND OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)

Upon the three hundred sixty-second omnibus objection to claims, dated October 11, 2012 (the "Three Hundred Sixty-Second Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 3007(d) and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Duplicative of Indenture Trustee Claims on the grounds that such claims are substantively duplicative of the corresponding Indenture Trustee Claims, as more fully described in the Three Hundred Sixty-Second Omnibus Objection to Claims; and due and proper notice of the Three Hundred Sixty-Second Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the Three Hundred Sixty-Second Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Sixty-Second Omnibus Objection to Claims or the Plan, as defined below.

with the procedures set forth in the second amended order entered on June 17, 2010, governing

case management and administrative procedures for these cases [Docket No. 9635]; and it

appearing that no other or further notice need be provided; and the Court having found and

determined that the relief requested in the Three Hundred Sixty-Second Omnibus Objection to

Claims is in the best interests of LBHI, its estate, its creditors, and all parties in interest and that

the legal and factual bases set forth in the Three Hundred Sixty-Second Omnibus Objection to

Claims establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Sixty-Second Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "Duplicative of Indenture Trustee Claims") are disallowed and expunged in

their entirety with prejudice; and it is further

ORDERED that the claim listed on Exhibit 1 annexed hereto under the heading

"*Surviving Claim*" (the "Indenture Trustee Claims") will remain on the claims register subject to

the Plan Administrator's rights to further object as set forth herein; and it is further

ORDERED that all information included on and all documentation filed in

support of any Duplicative of Indenture Trustee Claims shall be treated as having been filed in

support of the corresponding Indenture Trustee Claims; and is further

ORDERED that nothing in this Order or disallowance and expungement of the

Duplicative of Indenture Trustee Claims constitutes any admission or finding with respect to the

Indenture Trustee Claims, and the Plan Administrator's rights to object to the Indenture Trustee

Claims on any basis is preserved; and it is further

ORDERED that if the Court subsequently orders that an Indenture Trustee Claim

is not appropriately duplicative of the corresponding Duplicative of Indenture Trustee Claim,

then the claims agent shall be authorized and directed to immediately reinstate such Duplicative

of Indenture Trustee Claim in these chapter 11 cases (the "Reinstated Claim"), and the rights of

all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is

further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three

Hundred Sixty-Second Omnibus Objection to Claims under the heading "*Claims to be*

*Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto, and (ii) the Indenture

Trustee Claims; and it is further

ORDERED that the claims listed on Exhibit 2 annexed hereto (the "Reclassified

Claims") shall not be classified under the Plan in LBHI Class 1, LBHI Class 2, LBHI Class 3,

LBHI Class 4A, LBHI Class 4B, LBHI Class 5, LBHI Class 6A, LBHI Class 6B, LBHI Class 7,

LBHI Class 8, LBHI Class 9A, LBHI Class 9B, LBHI Class 10A, LBHI Class 10B, or LBHI

Class 10C of the Plan (collectively, "LBHI Classes 1-10C"), or as an Administrative Expense

Claim or Priority Tax Claim against LBHI, or as a Claim against or Equity Interest in any Debtor

other than LBHI; and it is further

ORDERED that no Distributions shall be made on account of the Reclassified Claims unless and until all holders of Allowed Claims (as such term is defined in the Plan) in LBHI Classes 1-10C are satisfied in full in accordance with the Plan; and it is further

ORDERED that the Reclassified Claims shall deemed to be classified in either LBHI Class 11 or LBHI Class 12 and that in the event that all holders of Allowed Claims in LBHI Classes 1-10C are satisfied in full in accordance with the Plan, absent agreement between the Plan Administrator and a holder of a Reclassified Claim with regard to a Reclassified Claim, the Court shall determine whether the Reclassified Claims shall be classified in LBHI Class 11 or LBHI Class 12; and it is further

ORDERED that the respective rights of all affected parties in interest, including each of the Debtors, the Plan Administrator, and each holder of a Reclassified Claim, to argue or dispute the amount of or the relative priority of the Reclassified Claims between and among the Claims in LBHI Class 11 and the Equity Interests in LBHI Class 12 shall be fully preserved; and it is further

ORDERED that claim numbers 20201 and 16824, which were previously disallowed and expunged, are hereby reinstated and are included in the definition of Reclassified Claims for all purposes under this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      November 21, 2012

                 _s/ James M. Peck_
                 Honorable James M. Peck
                 United States Bankruptcy Judge