Hearing Date and Time:  November 29, 2012 at 10:00 a.m. (Prevailing Eastern Time)

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X
                                                                 :
In re:                                                           :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., et al.,                           :    08-13555 (JMP)
                                                                 :
                         Debtors.                                :    (Jointly Administered)
                                                                 :
---------------------------------------------------------------- X

**REPLY IN FURTHER SUPPORT OF FINAL FEE APPLICATION OF MILBANK,
TWEED, HADLEY & M$^c$CLOY LLP, COUNSEL TO OFFICIAL COMMITTEE
OF UNSECURED CREDITORS, SEEKING FINAL APPROVAL AND
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR
REIMBURSEMENT OF EXPENSES DURING PERIOD FROM
SEPTEMBER 17, 2008 THROUGH AND INCLUDING MARCH 6, 2012**

Milbank, Tweed, Hadley & M$^c$Cloy LLP ("Milbank"), counsel to the Official

Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. and its

affiliated debtors in possession (collectively, the "Debtors" and, together with their non-Debtor

affiliates, "Lehman") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby

submits this reply to the *Limited Objection of William Kuntz, III to Fee Application of Counsel to*

*the Creditors Committee* [ECF No. 31660] (the "Objection").  In response to the Objection and

in further support of the *Final Fee Application of Milbank, Tweed, Hadley & McCloy LLP,*

*Counsel to Official Committee of Unsecured Creditors, Seeking Final Approval and Allowance*

*of Compensation for Services Rendered and for Reimbursement of Expenses During Period from September 17, 2008 Through and Including March 6, 2012* [ECF No. 29238] (the "Application"),[1] Milbank respectfully states as follows:

## REPLY

1. The Objection should be overruled because Mr. Kuntz lacks both standing to lodge any objection to the Application and any basis for the relief he has requested in the Objection. Mr. Kuntz seeks a reduction in Milbank's fees due to a purported undisclosed "conflict" arising from the participation of U.S. Bank National Association ("US Bank") on the Committee and the Committee's joinder in the Debtors' objection to Mr. Kuntz's lift stay motion filed in September 2008 [ECF No. 271] (the "Lift Stay Motion"). Omitted from the Objection, however, is any mention of the fact that Mr. Kuntz's claims were expunged by this Court more than two years ago and that, consequently, Mr. Kuntz is no longer a creditor of the Debtors with standing to object to the Application. Even if this were not the case, the relief requested would not be warranted because US Bank was not a member of the Committee when the joinder was filed. Accordingly, there was no possibility of a conflict at that time, undisclosed or otherwise.

2. In the Lift Stay Motion, Mr. Kuntz sought modification of the automatic stay to pursue claims against Grand Union Capital Corporation and The Grand Union Company (collectively, "Grand Union") arising from his ownership of certain notes issued by Grand Union. According to Mr. Kuntz, US Bank acted as Indenture Trustee for the Grand Union notes. Mr. Kuntz asserted that he held a claim against a Lehman entity on account of a constructive trust arising from an extension of credit by such Lehman entity to reorganized Grand Union. Specifically, Mr. Kuntz alleged that the distributions that were to be paid to the holders of the Grand Union notes were instead paid to the Lehman entity in satisfaction of the purported loan.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

3

Accordingly, Mr. Kuntz claimed that he held a constructive trust over the funds paid to Lehman. By Order of this Court, dated October 16, 2008, the Lift Stay Motion was denied for failure to state cause for relief. (See ECF No. 1094.)

3. Mr. Kuntz subsequently filed eleven proofs of claim against the Debtors, six of which were expunged by Order of this Court as amended and superseded claims. (See ECF Nos. 7828, 9234, 9990.) After determining that Mr. Kuntz had no business or other relationship with any of the Debtors, the Debtors objected to Mr. Kuntz's remaining claims. (See ECF No. 11351.) In November 2010, this Court issued a Memorandum Decision disallowing Mr. Kuntz's remaining proofs of claim. (See ECF No. 12662.)

4. In the Objection, Mr. Kuntz asserts that it was improper for Milbank to prepare and file a joinder to the Debtors' objection to the Lift Stay Motion without disclosing US Bank's membership on the Committee because of US Bank's alleged role as Indenture Trustee for the Grand Union notes. (Objection at 2-3.) Accordingly, Mr. Kuntz requests that Milbank's fees be reduced by "the amount reflected in its billings with respect to this small episode" or, in the alternative, Mr. Kuntz asks the Court to consider imposing a $1.892 million sanction against Milbank, equivalent to the face value of his Grand Union notes. (Objection at 4, 5.)

5. US Bank, however, was not a member of the Committee at the time the Committee's joinder was filed in October 2008. In fact, US Bank did not join the Committee until February 2010, nearly a year and a half later. (See Third Amended Appointment of Committee of Unsecured Creditors, ECF No. 7034.) Accordingly, even assuming the remainder of Mr. Kuntz's allegations are true – which they are not – there was no basis for a conflict, and therefore no need for disclosure at the time the joinder was filed.

4

6. Moreover, as noted above, Mr. Kuntz's claims against the Debtors have all been disallowed and expunged. Mr. Kuntz, therefore, is not a creditor of the Debtors and thus has no standing to object to the Application.

## CONCLUSION

WHEREFORE, Milbank respectfully requests that the Court (i) overrule the Objection; (ii) grant Milbank final approval of all fees for professional services rendered during the Total Compensation Period in an amount to be reflected in a form of Order (the "Final Order") to be filed at the hearing on the Application; (iii) authorize and direct the Debtors to pay all amounts outstanding to Milbank and unpaid by the Debtors for services rendered and expenses incurred during the Total Compensation Period in an aggregate amount to be set forth in the Final Order; and (iv) grant such other and further relief as is just and proper.

Dated: New York, New York
       November 27, 2012

MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

Counsel for the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.

5