GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Katherine Stadler

*Attorneys for the Fee Committee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **LEHMAN BROTHERS HOLDINGS, INC.** *et al.*, | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**FEE COMMITTEE'S SUMMARY REPORT ON REMAINING UNCONTESTED
FINAL FEE APPLICATIONS—FOR HEARING ON NOVEMBER 29, 2012**

TO:   HON. JAMES M. PECK
       UNITED STATES BANKRUPTCY JUDGE

The Fee Committee appointed in the above-captioned Chapter 11 cases (the "**Fee Committee**")[1] submits this second summary report (the "**Second Report**"), recommending Court approval for $926,778,926.16 in fees and $30,178,542.39 in expenses, summarized on **Exhibit A**, as requested and adjusted by consent (the "**Uncontested Applicants**"). This Second Report addresses those uncontested final fee applications *not* heard on November 14, 2012—a hearing initially scheduled for October 30 and then twice postponed by Hurricane Sandy.

---

[1] John Suckow, assisted by Scott Anchin, represented the Debtors on the Fee Committee; Noel Purcell, Thomas Pasuit and Stuart Hosansky, the Creditors' Committee. Tracy Hope Davis and her counsel also served on the Fee Committee. Richard Gitlin has chaired the Committee since his appointment on January 24, 2011.

The Fee Committee recommends the approval of all of the remaining applications with the adjustments stated on **Exhibit A**. These uncontested applications are scheduled for hearing on Thursday, November 29, 2012, at 10:00 A.M.[2] This Report adopts, by reference, the *Fee Committee's Summary Report on Uncontested Final Fee Applications for Hearing on November 8, 2102* (the "**First Report**") [Docket No. 31851].

## PRELIMINARY STATEMENT

The Uncontested Applicants have reached agreements with the Fee Committee, subject to this Court's approval, to accept adjustments to their final fee applications. The Fee Committee believes that, with the adjustments noted, a final award of the fees and expenses presented in **Exhibit A** achieves the proper balance: ensuring accountability, transparency and compliance with the Bankruptcy Code provisions, guidelines, and rules governing fees while recognizing the extraordinary quantity and quality of work required to bring these cases to a consensual and timely conclusion. The Fee Committee recommends that the Court approve the final fee applications.

---

[2] At least one other matter involving professional compensation was initially scheduled for November 29, though now adjourned to December 19. *See Notice of Adjournment of Hearing on Omnibus Application of (I) Individual Members of Official Committee of Unsecured Creditors and (II) Indenture Trustees Pursuant to Section 1129(a)(4), or, Alternatively, Section 503(b)(3)(D) and 503(b)(4) of Bankruptcy Code for Payment of Fees and Reimbursement of Expenses* [Docket No. 32293]. The adjourned hearing will address the *Omnibus Objection of the United States Trustee to Creditors' Applications for Reimbursement of Professional Fees and Expenses* [Docket No. 25394] and the *Reply of (I) Individual Members of Official Committee of Unsecured Creditors and (II) Indenture Trustees in Further Support of Omnibus Application of (I) Individual Members of Official Committee of Unsecured Creditors and (II) Indenture Trustees Pursuant to Section 1129(a)(4), or, Alternatively, Section 503(b)(3)(D) and 503(b)(4) of Bankruptcy Code for Payment of Fees and Reimbursement of Expenses* [Docket No. 32129]. The underlying *Omnibus Application Pursuant to Section 1129(a)(4), or, Alternatively, Sections 503(b)(3)(D) and 503(b)(4) of Bankruptcy Code for Payment of Fees and Reimbursement of Expenses* [Docket No. 24762] and its amendment [Docket No. 24881] request a total of $26,291,116.21 in fees and expenses. The Fee Committee also filed an objection [Docket No. 25384], characterized by both the Fee Committee and the Official Committee of Unsecured Creditors ("**Creditors' Committee**") members as "limited," raising only the issue of the reasonableness—not the threshold propriety—of the amounts requested in the applications.

Pending the resolution of the legal questions presented by the Creditors' Committee members' applications and the objection, the Fee Committee has not yet analyzed the applications for reasonableness. It remains willing and able to do so, if the Court so requests, and the Fee Committee's chairman remains willing to assist in any other way in the resolution of the dispute.

2

## INTRODUCTION

This second group of final fee applications, though distinguishable from the first group not only in aggregate but individual amounts, presents issues similar to those addressed in the First Report and approved without objection on November 14. That these 21 final applications now, too, are presented uncontested is a testament to the manner in which the professionals requesting court-approved compensation under 11 U.S.C. § 330 generally have approached both the fee review process and the Fee Committee's role. The consensual resolution of a total of 46 final fee applications is also a testament to the diligence and commitment of the Fee Committee members who attended more than 30 meetings and reviewed thousands of pages of detailed materials and analysis.

The professionals' diligence in these cases has directly benefitted thousands of creditors, large and small, and undoubtedly saved a significant sum in administrative expenses. Their success demonstrates as well that Chapter 11 can provide a framework that—if only from a procedural standpoint—can ensure that no enterprise is so big that insolvency precludes a fair, timely and judicially-supervised resolution of its obligations. Though these proceedings have been unprecedented in scope, their administrative cost is still anticipated to be no more than three percent of the ultimate distributions to creditors.

In these cases, the requested compensation is proportionate to the Debtors' extraordinary size and complexity and to a process designed to increase value for creditors. Included in the compensation requests is the indeterminable cost of operating a very large company with more than $60 billion in assets, whether or not that company is in bankruptcy.

The proceedings' ultimate success is found in large part in the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the **"Plan"**), dated December 5, 2011 [Docket No. 22973], which the Court approved on December 6, 2011

3

[Docket No. 23023]. The Plan also reflects a complex and lengthy multi-party negotiation process that ended in consensus.

That has been true for the fee review process as well. While each Uncontested Applicant, the Fee Committee, and the U.S. Trustee had the absolute right to litigate their differences, they have elected not to do so. While each party had confidence in its legal positions, the success of the negotiation process reflects a willingness to find common ground to advance the goals articulated by this Court and the Congress in Chapter 11 itself.

## SUMMARY POINTS

1. At the November 14, 2012 final fee hearing, the Court expressed its satisfaction with the Fee Committee's process and the negotiated results reached with the 25 professionals whose fees it approved that day. *See* Transcript of November 14, 2012 proceedings, pp. 11-13.

2. Among the Uncontested Applicants are the principal law firm for the Debtors and the principal law firm for the Creditors' Committee.[3] Together, they account for $565 million of the total requested in the **Exhibit A** applications.

3. The Fee Committee met last on November 20 to discuss the possible resolution of some of the most significant (financially) remaining final fee applications. That meeting followed, within hours, individual meetings between the Fee Committee chair and principals of several firms—meetings that resulted in interim negotiated resolutions subject only to Fee Committee and Court approval.

4. The Fee Committee approved the resolutions, through its application of the Amended Fee Protocol.

---

[3] The Fee Committee does not comment on the limited objection of William Kuntz III to the application of the counsel for the Creditors' Committee [Docket No. 31660], except to note that the resolution of that application, presented in **Exhibit A**, addresses all of the Fee Committee's concerns.

4

5. As with the first group of uncontested final fee applications, the Fee Committee identified a number of issues in the retained professionals' billings, including: billing for billing, time increments, administrative tasks and expenses, vague task descriptions, block billing, expenses exceeding applicable case maximums, and hourly rate increases. *See* First Report at pp. 10-18.

6. The adjusted totals reflected on **Exhibit A** are the product of comprehensive settlements—unallocated to any single fee or expense issue. They cumulate the difference between the amount each professional originally sought in final compensation and the negotiated final fee award for which the Fee Committee now recommends approval. That difference, in turn, reflects the amounts compromised in all ten interim fee periods, between the petition date and the Effective Date, plus additional negotiated deductions or adjustments for issues left open during the interim periods but compromised as part of the final fee application process.[4]

7. **Exhibit A** represents a good faith settlement of all of the outstanding issues for a single, undifferentiated amount in the interest of consistency and uniformity. It also reflects the significant differences between and among professionals in their billing and discount practices, firm structures, and individual assignments in these proceedings.

8. Reaching a reasoned and reasonable compromise on all issues avoids the significant expenditure of estate and professional resources to pursue them adversarially. It serves the Debtors, their creditors, and the integrity of the fee review process.

---

[4] A few professionals in their final applications requested the aggregate of all of the amounts they originally sought in the interim fee periods, notwithstanding negotiated interim resolutions with the Fee Committee. The resolutions presented in this Report generally reinstate those negotiated deductions unless the professionals have presented a compelling justification for modifying them.

5

## CONCLUSION

Congress mandates transparency in the fee review process—requiring full disclosure of the basis for the expenses incurred and the fees charged, down to the tenth of an hour worked by every attorney and staff member.  Bankruptcy fees must be publicly reviewed and approved by a federal judge—a process that is rare in non-bankruptcy business affairs or litigation.[5]

Whether or not fee committees or fee examiners provide the "best" model for fee discipline and accountability, they undeniably assist the Court in meeting its statutory responsibilities.  With the cooperation of the retained professionals, moreover, they facilitate compliance with the requirements established by Congress in the public interest and in the interest of creditors through the Bankruptcy Code.

With the discipline imposed by the fee review process, the billing judgment of the retained professionals here meets all of the applicable standards.  The Fee Committee therefore recommends that the Court approve the Final Fee Applications as itemized and adjusted in **Exhibit A** for final award and payment.

---

[5] Only on occasion do fee disputes involving significant corporations and their law firms become public when the federal rules permit fee shifting.  *E.g.*, *Apple, Inc. v. Samsung Electronics Co.*, Case No. C 11-1846 LHK (PSG) (N.D. Cal. Nov. 7, 2012) (order re: attorney's fees in discovery) ("the court tends to find it unreasonable that a partner with almost 25 years of experience needed 50 hours to draft a fourteen-page motion and to review a fifteen-page reply, especially when five associates also billed 85.8 hours for the same motion.").

Dated: Madison, Wisconsin
November 28, 2012.

                              GODFREY & KAHN, S.C.

By: */s/ Katherine Stadler*
Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, Wisconsin 53703
phone: (608) 257-3911
fax: (608) 257-0609
E-mail: kstadler@gklaw.com

*Attorneys for the Fee Committee*

8747048_1

# EXHIBIT A

**Lehman Brothers Holdings, Inc., et al.**
**Case No. 08-13555 (JMP)**

# EXHIBIT A

| | Interim Fee Periods 6 - 10 | | Interim Fee Periods 1 - 5 | | TOTAL Amounts Requested as Interim Compensation | | TOTAL Amounts Awarded or Stipulated as Interim Compensation | | | Final Fee Application | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses | | Fees | Expenses |
| **Akerman Senterfitt** | | | | | | | | | | | |
| Amounts Requested | | | | | | | | | Amounts Requested | $750,503.31 | $43,918.16 |
| Recommended Reductions | | | | | | | | | Negotiated Adjustments | ($23,134.88) | ($6,457.18) |
| Net Award | | | | | | | | | | | |
| | | | | | | | | | Final Fee Award | $727,368.43 | $37,460.98 |
| **Bingham McCutchen LLP** | | | | | | | | | | | |
| Amounts Requested | $9,938,990.35 | $1,115,522.40 | $13,722,367.50 | $586,945.50 | $23,661,357.85 | $1,702,467.90 | $23,201,154.49 | $1,663,541.15 | Amounts Requested | $22,551,938.84 | $1,663,541.16 |
| Recommended Reductions | ($43,364.84) | ($27,366.80) | ($384,769.11) | ($43,629.35) | | | | | Negotiated Adjustments | $0.00 | $0.00 |
| Net Award | $9,895,625.51 | $1,088,155.60 | $13,337,598.39 | $543,316.15 | | | | | | | |
| | | | | | | | | | Final Fee Award | $22,551,938.84 | $1,663,541.16 |
| **Curtis, Mallet-Prevost, Colt & Mosle LLP** | | | | | | | | | | | |
| Amounts Requested | $32,067,952.60 | $1,310,380.00 | $20,449,086.50 | $726,841.37 | $52,517,039.10 | $2,037,221.37 | $42,558,376.21 | $1,321,502.85 | Amounts Requested | $51,930,556.07 | $1,967,246.91 |
| Recommended Reductions (fee periods 1-9 only) | ($1,690,027.03) | ($175,560.72) | ($398,766.36) | ($117,807.77) | | | | | Negotiated Adjustments | ($1,100,000.00) | $0.00 |
| Net Award (fee periods 1-9 only) | $22,508,056.07 | $712,469.43 | $20,050,320.14 | $609,033.60 | | | | | | | |
| | | | | | | | | | Final Fee Award | $50,830,556.07 | $1,967,246.91 |
| **Foster Graham Milstein & Calisher, LLP** | | | | | | | | | | | |
| Amounts Requested (fee periods 8-10 only) | $876,229.00 | $61,526.00 | | | $876,229.00 | $61,526.00 | $868,510.00 | $58,968.04 | Amounts Requested | $868,510.00 | $58,968.04 |
| Recommended Reductions | ($7,719.00) | ($2,557.96) | | | | | | | Negotiated Adjustments | $0.00 | $0.00 |
| Net Award | $868,510.00 | $58,968.04 | | | | | | | | | |
| | | | | | | | | | Final Fee Award | $868,510.00 | $58,968.04 |

Lehman Brothers Holdings, Inc., et al.
Case No. 08-13555 (JMP)

# EXHIBIT A

| | Interim Fee Periods 6 - 10 | | Interim Fee Periods 1 - 5 | | TOTAL Amounts Requested as Interim Compensation | | TOTAL Amounts Awarded or Stipulated as Interim Compensation | | | Final Fee Application | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses | | Fees | Expenses |
| **FTI Consulting, Inc.** | | | | | | | | | | | |
| Amounts Requested | $46,762,789.15 | $563,951.85 | $38,819,874.34 | $881,084.27 | $96,879,352.28 | $1,493,373.26 | $84,047,590.81 | $1,384,012.47 | Amounts Requested | $96,969,936.00 | $1,493,373.00 |
| Recommended Reductions (fee periods 1-9 only) | ($1,375,581.45) | ($1,398.03) | ($152,978.46) | ($59,439.09) | | | | | Negotiated Adjustments | ($2,496,984.07) | ($3,015.93) |
| Net Award (fee periods 1-9 only) | $45,387,207.70 | $562,553.82 | $38,666,895.88 | $821,645.18 | | | | | | | |
| | | | | | | | | | Final Fee Award | $94,472,951.93 | $1,490,357.07 |
| | | | | | | | | | | | |
| **Gibson Dunn & Crutcher LLP** | | | | | | | | | | | |
| Amounts Requested | $3,354,500.48 | $59,288.60 | $1,741,055.14 | $24,369.17 | $5,095,555.62 | $83,657.77 | $4,811,992.60 | $79,691.66 | Amounts Requested | $4,828,716.78 | $79,969.04 |
| Recommended Reductions | ($122,768.34) | ($1,553.48) | ($159,092.02) | ($2,412.63) | | | | | Negotiated Adjustments | ($32,584.54) | ($2,479.48) |
| Net Award | $3,231,732.14 | $57,735.12 | $1,581,963.12 | $21,956.54 | | | | | | | |
| | | | | | | | | | Final Fee Award | $4,796,132.24 | $77,489.56 |
| | | | | | | | | | | | |
| **Gleacher & Company Securities, Inc.** | | | | | | | | | | | |
| Amounts Requested | | | | | | | | | Amounts Requested | $7,500,000.00 | $554,678.75 |
| Recommended Reductions | | | | | | | | | Negotiated Adjustments | $0.00 | ($354,678.75) |
| Net Award | | | | | | | | | | | |
| | | | | | | | | | Final Fee Award | $7,500,000.00 | $200,000.00 |
| | | | | | | | | | | | |
| **Huron Consulting Group** | | | | | | | | | | | |
| Amounts Requested | | | $2,070,238.20 | $241,200.92 | $2,070,238.20 | $241,200.92 | $1,986,006.81 | $132,159.56 | Amounts Requested | $1,951,042.89 | $133,895.87 |
| Recommended Reductions | | | ($84,231.39) | ($110,274.20) | | | | | Negotiated Adjustments | $0.00 | $0.00 |
| Net Award | | | $1,986,006.81 | $130,926.72 | | | | | | | |
| | | | | | | | | | Final Fee Award | $1,951,042.89 | $133,895.87 |
| | | | | | | | | | | | |
| **Jones Day** | | | | | | | | | | | |
| Amounts Requested | $31,615,468.60 | $830,997.09 | $36,234,472.90 | $1,181,984.90 | $67,849,941.50 | $2,012,981.99 | $56,974,528.21 | $1,669,835.93 | Amounts Requested | $67,447,088.57 | $1,884,333.43 |
| Recommended Reductions | ($610,452.93) | ($1,839.33) | ($984,178.82) | ($190,303.35) | | | | | Negotiated Adjustments | ($1,875,000.00) | $0.00 |
| Net Award | $21,440,624.97 | $677,365.59 | $35,250,294.08 | $991,681.55 | | | | | | | |
| | | | | | | | | | Final Fee Award | $65,572,088.57 | $1,884,333.43 |

**Lehman Brothers Holdings, Inc., et al.**
**Case No. 08-13555 (JMP)**

# EXHIBIT A

| | Interim Fee Periods 6 - 10 | | Interim Fee Periods 1 - 5 | | TOTAL Amounts Requested as Interim Compensation | | TOTAL Amounts Awarded or Stipulated as Interim Compensation | | Final Fee Application | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses | | Fees | Expenses |
| **Lazard Freres & Co. LLC** | | | | | | | | | | | |
| Amounts Requested | $22,638,709.68 | $315,339.92 | $26,800,000.00 | $700,433.43 | $49,438,709.68 | $1,015,773.35 | $30,100,000.00 | $707,572.98 | Amounts Requested | $49,438,709.68 | $1,011,202.74 |
| Recommended Reductions (fee periods 6,7 & 9 only) | $0.00 | ($2,924.84) | $0.00 | ($1,716.09) | | | | | Negotiated Adjustments | ($5,000,000.00) | ($299,326.64) |
| Net Award (fee periods 6,7 & 9 only) | $3,300,000.00 | $8,855.64 | $26,800,000.00 | $698,717.34 | | | | | | | |
| | | | | | | | | | Final Fee Award | $44,438,709.68 | $711,876.10 |
| **McKenna Long & Aldridge LLP** | | | | | | | | | | | |
| Amounts Requested | $1,376,931.50 | $71,108.70 | $4,436,617.00 | $386,078.63 | $5,813,548.50 | $457,187.33 | $4,956,303.97 | $395,262.79 | Amounts Requested | $5,821,048.50 | $462,187.33 |
| Recommended Reductions | ($41,753.00) | ($786.33) | ($272,874.78) | ($36,974.84) | | | | | Negotiated Adjustments | ($195,101.94) | ($786.33) |
| Net Award | $1,335,178.50 | $70,322.37 | $4,163,742.22 | $349,103.79 | | | | | | | |
| | | | | | | | | | Final Fee Award | $5,625,946.56 | $461,401.00 |
| **Milbank, Tweed, Hadley & McCloy LLP** | | | | | | | | | | | |
| Amounts Requested | $59,552,464.00 | $2,714,499.28 | $72,889,558.25 | $3,575,161.24 | $144,430,022.50 | $6,707,064.31 | $126,613,581.35 | $6,117,790.43 | Amounts Requested | $144,430,022.50 | $6,707,064.31 |
| Recommended Reductions (fee periods 1-9 only) | ($4,171,671.48) | ($6,970.25) | ($1,656,769.42) | ($164,899.84) | | | | | Negotiated Adjustments | ($4,000,000.00) | $0.00 |
| Net Award (fee periods 1-9 only) | $55,380,792.52 | $2,707,529.03 | $71,232,788.83 | $3,410,261.40 | | | | | | | |
| | | | | | | | | | Final Fee Award | $140,430,022.50 | $6,707,064.31 |
| **Pachulski Stang Ziehl & Jones LLP** | | | | | | | | | | | |
| Amounts Requested | $3,404,669.22 | $274,463.05 | $1,546,622.05 | $30,736.45 | $4,951,291.27 | $305,199.50 | $3,780,552.87 | $184,410.89 | Amounts Requested | $4,951,291.27 | $305,199.52 |
| Recommended Reductions (fee periods 1-9 only) | ($146,405.56) | ($2,536.96) | ($245,669.05) | ($4,439.03) | | | | | Negotiated Adjustments | ($202,622.66) | ($5,594.28) |
| Net Award (fee periods 1-9 only) | $3,258,263.66 | $271,926.09 | $1,300,953.00 | $26,297.42 | | | | | | | |
| | | | | | | | | | Final Fee Award | $4,748,668.61 | $299,605.24 |

**Lehman Brothers Holdings, Inc., et al.**
**Case No. 08-13555 (JMP)**

# EXHIBIT A

| | Interim Fee Periods 6 - 10 | | Interim Fee Periods 1 - 5 | | TOTAL Amounts Requested as Interim Compensation | | TOTAL Amounts Awarded or Stipulated as Interim Compensation | | Final Fee Application | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | **Fees** | **Expenses** | **Fees** | **Expenses** | **Fees** | **Expenses** | **Fees** | **Expenses** | | **Fees** | **Expenses** |
| **Quinn, Emanuel, Urquhart & Sullivan LLP** | | | | | | | | | | | |
| Amounts Requested | $28,593,843.63 | $1,495,101.49 | $11,508,611.27 | $686,303.21 | $40,102,454.90 | $2,181,404.70 | $38,490,653.76 | $2,022,665.09 | Amounts Requested | $40,757,246.10 | $2,186,638.32 |
| Recommended Reductions | ($1,179,555.70) | ($48,712.09) | ($422,946.44) | ($110,027.51) | | | | | Negotiated Adjustments | ($1,510,052.38) | ($89,947.62) |
| Net Award | $27,414,287.93 | $1,446,389.40 | $11,085,664.83 | $576,275.70 | | | | | | | |
| | | | | | | | | | Final Fee Award | $39,247,193.72 | $2,096,690.70 |
| **Reilly Pozner LLP** | | | | | | | | | | | |
| Amounts Requested | $5,592,726.50 | $444,057.96 | $3,308,104.50 | $369,948.04 | $8,900,831.00 | $814,006.00 | $8,514,594.54 | $765,002.83 | Amounts Requested | $8,900,831.00 | $814,929.41 |
| Recommended Reductions | ($228,964.76) | ($2,448.20) | ($165,482.34) | ($69,198.18) | | | | | Negotiated Adjustments | ($555,861.53) | ($10,491.43) |
| Net Award | $5,363,761.74 | $441,609.76 | $3,142,622.16 | $300,749.86 | | | | | | | |
| | | | | | | | | | Final Fee Award | $8,344,969.47 | $804,437.98 |
| **SNR Denton US LLP f/k/a Sonnenschein Nath** | | | | | | | | | | | |
| Amounts Requested (fee periods 4-10) | $2,598,417.50 | $22,454.92 | | | $2,598,417.50 | $22,454.92 | $2,577,363.62 | $16,707.46 | Amounts Requested | $2,580,865.12 | $17,064.57 |
| Recommended Reductions | ($21,053.88) | ($5,747.46) | | | | | | | Negotiated Adjustments | ($8,243.50) | ($357.11) |
| Net Award | $2,577,363.62 | $16,707.46 | | | | | | | | | |
| | | | | | | | | | Final Fee Award | $2,572,621.62 | $16,707.46 |
| **Sutherland Asbill & Brennan LLP** | | | | | | | | | | | |
| Amounts Requested | $801,446.50 | $4,075.28 | $232,905.50 | $1,024.12 | $1,034,352.00 | $5,099.40 | $997,865.50 | $5,099.40 | Amounts Requested | $1,029,638.50 | $5,099.40 |
| Recommended Reductions | ($28,284.00) | $0.00 | ($8,202.50) | $0.00 | | | | | Negotiated Adjustments | ($31,773.00) | $0.00 |
| Net Award | $773,162.50 | $4,075.28 | $224,703.00 | $1,024.12 | | | | | | | |
| | | | | | | | | | Final Fee Award | $997,865.50 | $5,099.40 |
| **The O'Neil Group, LLC** | | | | | | | | | | | |
| Amounts Requested | $2,861,121.50 | $194,588.01 | $286,201.50 | $29,801.18 | $3,147,323.00 | $224,389.19 | $3,141,836.76 | $223,310.74 | Amounts Requested | $3,147,323.00 | $224,389.18 |
| Recommended Reductions | ($2,090.00) | ($563.73) | ($3,396.24) | ($514.72) | | | | | Negotiated Adjustments | ($2,090.00) | ($563.73) |
| Net Award | $2,859,031.50 | $194,024.28 | $282,805.26 | $29,286.46 | | | | | | | |
| | | | | | | | | | Final Fee Award | $3,145,233.00 | $223,825.45 |

**Lehman Brothers Holdings, Inc., et al.**
**Case No. 08-13555 (JMP)**

# EXHIBIT A

| | Interim Fee Periods 6 - 10 | | Interim Fee Periods 1 - 5 | | TOTAL Amounts Requested as Interim Compensation | | TOTAL Amounts Awarded or Stipulated as Interim Compensation | | | Final Fee Application | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses | | Fees | Expenses |
| **Weil Gotshal & Manges LLP** | | | | | | | | | | | |
| Amounts Requested | $157,818,572.50 | $4,038,392.73 | $232,775,158.14 | $5,985,914.05 | $431,578,556.89 | $11,153,196.11 | $379,131,458.00 | $9,885,652.13 | Amounts Requested | $431,578,556.89 | $11,153,196.11 |
| Net Award (fee periods 1-9 only) | $148,779,119.03 | $4,020,891.26 | $230,108,189.78 | $5,738,946.42 | | | | | | | |
| | | | | | | | | | Final Fee Award | $421,578,556.89 | $11,153,196.11 |
| **Windels Marx Lane & Mittendorf, LLP** | | | | | | | | | | | |
| Amounts Requested | $1,531,433.22 | $46,873.91 | $1,969,032.12 | $52,092.32 | $4,467,120.84 | $122,703.28 | $4,338,823.59 | $95,299.52 | Amounts Requested | $4,467,120.84 | $122,703.28 |
| Recommended Reductions | ($23,332.32) | ($3,688.87) | ($104,958.93) | ($32,158.89) | | | | | Negotiated Adjustments | ($149,523.25) | ($35,847.76) |
| Net Award | $1,508,100.90 | $43,185.04 | $1,864,073.19 | $19,933.43 | | | | | | | |
| | | | | | | | | | Final Fee Award | $4,317,597.59 | $86,855.52 |
| **Wollmuth Maher & Deutsch, LLP** | | | | | | | | | | | |
| Amounts Requested (fee periods 7-10) | $2,165,849.00 | $108,202.77 | | | $2,165,849.00 | $108,202.77 | $884,925.25 | $31,109.16 | Amounts Requested | $2,132,385.00 | $105,040.99 |
| Recommended Reductions (fee period 7 only) | ($33,464.00) | ($3,161.78) | | | | | | | Negotiated Adjustments | ($71,432.95) | ($6,550.89) |
| Net Award (fee period 7 only) | $884,925.25 | $31,109.16 | | | | | | | | | |
| | | | | | | | | | Final Fee Award | $2,060,952.05 | $98,490.10 |
| **TOTALS:** | | | | | $947,578,190.63 | $30,749,110.07 | $817,976,118.34 | $26,759,595.08 | **Total Final Fee Awards:** | $926,778,926.16 | $30,178,542.39 |