John Martinelli
30 Hillside ave, Cedar Grove, New Jersey 07009

Chambers of the Honorable James M. Peck
One Bowling Green
New York, New York 10004,
Courtroom 601

Attorney for LBHI
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.)

Office of the United States Trustee for Region 2
33 Whitehall Street 21st Floor
New York, New York 10004
(Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.)



July 27, 2012

Bankruptcy Court:  United States Bankruptcy Court Southern District of New York
Debtor: Lehman Brothers Holdings Inc., et al., Debtors
Case No.: Chapter 11 Case No 08-13555 (JMP) (Jointly Administered)
Claimant Name: **John Martinelli, 30 Hillside ave. Cedar Grove, New Jersey 07009**
Claim Number 17263 – Schedule 555185010, Filed 9/18/09.

Motion for Omnibus Objection to Claim(s): Three Hundred Fifty-Eighth Omnibus Objection to Claims (improper Amendments) filed by Robert J. Lemons on behalf of Lehman Brothers Holdings Inc..

Dear Sirs/Madams,

I DO oppose the disallowance of my Employment Related Claims as described in the Debtors Three Hundred-Fifty-Eighth Omnibus Objection to Claims (Partnership and Other Employee Claims), Claim Number 68116 and 68117 – Filed 7/27/2012 and 8/15/2012 respectively

My claim 68116 was an amendment to a <u>previously unopposed claim</u> related to employment compensation and benefits (67833). This claim provides additional clarity and detail to amounts I believe are due to me as they relate to my employment with the debtor. In providing this detail, amounts and detail were added but as this detail was all employment related this should not be

considered an additional claim and thus considered a late claim that can be expunged. Claim 68117 adds the debtor to claim 68116.

I look forward to a response from the Plan Administrator and the Court with respect to my objection.

Regards,

/s/ John Martinelli

**HEARING DATE AND TIME:** October 31, 2012 at 10:00 a.m. (Eastern Time)
**RESPONSE DEADLINE:** October 22, 2012 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE THREE HUNDRED FIFTY EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, RYAN MARTIN, AT 212-310-8325.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x
In re                                                  :    Chapter 11 Case No.
                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,               :    08-13555 (JMP)
                                                       :
                          Debtors.                     :    (Jointly Administered)
--------------------------------------------------------x

**NOTICE OF HEARING ON THREE HUNDRED FIFTY EIGHTH
OMNIBUS OBJECTION TO CLAIMS (IMPROPER AMENDMENTS)**

       **PLEASE TAKE NOTICE** that on September 21, 2012, Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

1

US_ACTIVE:\44098707\4\58399.0011

Debtors for certain entities in the above-referenced chapter 11 cases, filed its three hundred fifty eighth omnibus objection to claims (the "Three Hundred Fifty Eighth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Fifty Eighth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 31, 2012 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Fifty Eighth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert Lemons, Esq. and Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **October 22nd, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Fifty Eighth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Fifty Eighth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: September 21, 2012
New York, New York

/s/ Robert Lemons
Robert Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

HEARING DATE AND TIME: October 31, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: October 22, 2012 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                    :     Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 :     08-13555 (JMP)
                                                         :
                                       Debtors.          :     (Jointly Administered)
---------------------------------------------------------------x

**THREE HUNDRED FIFTY EIGHTH OMNIBUS**
**OBJECTION TO CLAIMS (IMPROPER AMENDMENTS)**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED FIFTY EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, RYAN MARTIN, AT 212-310-8325.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

US_ACTIVE:\44098707\4\58399.0011

## Background

5.     Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.     On January 14, 2010, the Court entered the Procedures Order, which authorizes, among other things, the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7.     On July 2, 2009, the Court entered its Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order"), ECF No. 4271.

8.     On December 6, 2011, the Court approved and entered an order confirming the Plan, ECF No 23023. The Plan became effective on March 6, 2012 (the "Effective Date").

9.     Pursuant to the Plan, the Plan Administrator is authorized to prosecute objections to claims filed against the Chapter 11 Estates.

## The Improper Amendment Claims Should Be Disallowed and Expunged

10.    Courts in the Second Circuit generally allow amendments to proofs of claim "where the purpose is to cure a defect in the claim as originally filed, to describe the [original] claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." *See In re Enron Corp.*, 298 B.R. 513, 520 (2003); *see also In re GL Miller & Co.*, 45 F.2d 115, 116 (2d Cir. 1930) (enumerating same three factors). However, "[a]n

3

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

### Relief Requested

1. The Plan Administrator files this three hundred fifty eighth omnibus objection to claims (the "Three Hundred Fifty Eighth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order"), ECF No. 6664, seeking to disallow and expunge the claims listed on Exhibit A annexed hereto (the "Improper Amendment Claims"), which are improper amendments of proofs of claim that have been previously filed and, in some cases, expunged (the "Prior Claims"), as indicated on Exhibit A.

2. The Plan Administrator has examined the Improper Amendment Claims and determined that rather than amend the Prior Claims, the Improper Amendment Claims improperly seek to assert entirely new claims or reassert previously expunged claims, as further described in Exhibit A.

3. The Three Hundred Fifty Eighth Omnibus Objection to Claims does not affect the Prior Claims and does not constitute any admission or finding with respect to the Prior Claims. Further, the Plan Administrator reserves all its rights to object on any other basis to any Improper Amendment Claim if the Court does not grant the relief requested herein.

### Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

amendment will not be permitted where its purpose is to create an entirely new claim." *See In re Enron Corp.*, 298 B.R. at 520. Thus, courts must "carefully scrutinize a post bar-date amendment to ensure that the amendment is truly amending a timely-filed [proof of] claim and not asserting an entirely new claim." *Id.* (internal citations omitted). Furthermore, "[w]hile courts allow post-bar date amendment to claim amounts, courts do not allow post-bar amendment [*sic*] to change status of the claim." *In re Orion Refining Corp.*, 317 B.R. 660 (Bankr. Del. 2004).

11. The Plan Administrator has reviewed the Improper Amendment Claims listed on <u>Exhibit A</u> and determined that they are not permissible amendments of the Prior Claims. As indicated on <u>Exhibit A</u>, many of the Improper Amendment Claims either assert new claims after the applicable bar date, or seek reclassify non-priority claims as priority claims. In addition, certain of the Improper Amendment Claims improperly reassert claims that have been previously disallowed by this Court. Based on the foregoing, the Improper Amendment Claims should be disallowed on the grounds that they assert entirely new claims after the applicable bar date.

### Notice

12. No trustee has been appointed in these chapter 11 cases. Notice of this Three Hundred Fifty Eighth Omnibus Objection to Claims has been provided to (i) the Unites States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on <u>Exhibit A</u> and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

4

13. No previous request for the relief sought herein has been made by the Plan Administrator or any Chapter 11 Estate to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: September 21, 2012
      New York, New York

                                 /s/ Robert Lemons
                                 Robert Lemons

                                 WEIL, GOTSHAL & MANGES LLP
                                 767 Fifth Avenue
                                 New York, New York 10153
                                 Telephone: (212) 310-8000
                                 Facsimile: (212) 310-8007

                                 Attorneys for Lehman Brothers Holdings Inc.
                                 and Certain of Its Affiliates