Matthew Lee
(formerly Senior Vice President Lehman Brothers Financial Control and Debtor in the
Lehman Brothers various bankruptcy proceedings)
October 13, 2012

Honorable Judge James M. Peck
Lynda Calderon
Stacy Lutkus
Mike Paek
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Harvey R. Miller
Lori R. Fife
Ralph I. Miller
Robert J. Lemons
David R. Singh
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New YORK, NY 10153

Ladies and Gentlemen

The purpose of this letter is to request that you make available to the Public, a **dollar quantified** explanation of the $576 billion("bn") dollar difference between Lehman Brothers Holdings Inc. consolidated assets of $639bn at May 31, 2008 and the approximate $63bn currently available to US creditors. These amounts are described in the Debtor's disclosure statement (see three pages attached) dated August 31, 2011. **Limited and very general explanations for this "significant difference" are provided on the third attached page, but no approximate dollar amounts are listed.** It is the approximate dollar amounts and more detailed description that I request; for example (to the nearest bn dollars), the value of "alternative valuation methodologies" and "market value changes".

I wrote a letter to four senior executives of Lehman Brothers dated May 16, 2008, a copy of which letter is to be found in the Report of Anton R. Valukas (Jenner and Block) http://jenner.com/lehman/VOLUME%203.pdf. Your response to my request (this October 13, 2012 letter) will be compared to certain issues in such May 16, 2008 letter and appropriate conclusions drawn.

Although not directly comparable to the Bernard L. Madoff loss estimates of between $18 and $65 bn, an explanation of this much larger Lehman Brothers $576 bn difference will help the Public understand certain specifics of Lehman Brothers losses. I would be pleased to answer any questions you may have. My confidential cell phone number is 917-647-1409. My mailing address, already known to the Bankruptcy Proceedings, is available on request by contacting me by cell phone.

Best regards
Very truly yours

*Matthew Lee*

Matthew Lee

RECEIVED OCT 24 2012 U.S. BANKRUPTCY COURT, SDNY

1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re:                                                        : Chapter 11 Case No.
                                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.                         : 08-13555 (JMP)
                                                              :
                                    Debtors.                  : (Jointly Administered)
                                                              :
---------------------------------------------------------------x

### DEBTORS' DISCLOSURE STATEMENT
### FOR THIRD AMENDED JOINT CHAPTER 11 PLAN
### OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED
### DEBTORS PURSUANT TO SECTION 1125 OF THE BANKRUPTCY CODE

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Tel: (212) 310-8000
Fax: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

Dated: August 31, 2011
New York, New York

# TABLE OF CONTENTS
(continued)

Page

|  |  |  |  |
|---|---|---|---|
|  |  | 10. Retention of Jurisdiction | 119 |
|  |  | 11. Plan Supplement | 121 |
|  |  | 12. Post-Effective Date Reporting | 121 |
|  |  | 13. Payment of Statutory Fees | 122 |
|  | K. | Summary of Recovery Analysis Under the Plan | 122 |
| XI. | CONFIRMATION AND CONSUMMATION OF THE PLAN | | 122 |
|  | A. | Solicitation of Votes | 122 |
|  | B. | The Confirmation Hearing | 123 |
|  | C. | Confirmation | 123 |
|  |  | 1. Acceptance | 124 |
|  |  | 2. Feasibility | 124 |
|  |  | 3. Best Interests Test | 125 |
|  |  | 4. Unfair Discrimination and Fair and Equitable Tests | 127 |
|  | D. | Consummation | 127 |
| XII. | CORPORATE GOVERNANCE AND MANAGEMENT OF THE DEBTORS ON THE EFFECTIVE DATE | | 128 |
|  | A. | Board of Directors and Management | 128 |
|  |  | 1. LBHI Board of Directors and Officers | 128 |
|  |  | 2. Subsidiary Debtor Post-Effective Date Management | 129 |
|  |  | 3. Plan Trust | 129 |
|  |  | 4. Plan Administrator | 130 |
|  |  | 5. Corporate Existence | 130 |
|  |  | 6. Certificates of Incorporation and By-laws | 130 |
|  |  | 7. Wind-Down | 130 |
| XIII. | SECURITIES LAWS MATTERS | | 131 |
| XIV. | CERTAIN RISK FACTORS TO BE CONSIDERED | | 131 |
|  | A. | Certain Bankruptcy Law Considerations | 132 |
|  | B. | Conditions Precedent to Consummation of the Plan | 132 |
|  | C. | Asset Sales | 132 |
|  | D. | Estimation of Allowed Claims | 133 |

### 13. Payment of Statutory Fees

On the Effective Date and thereafter, the Plan Administrator and any Liquidating Trustee thereafter appointed, will pay all fees incurred pursuant to Section 1930 of title 28, United States Code, together with interest, if any, pursuant to Section 3717 of title 31, United States Code for each Debtor's case, or until such time as a final decree is entered closing a particular Debtor's case, a Final Order converting such Debtor's case to a case under Chapter 7 of the Bankruptcy Code or a Final Order dismissing such Debtor's case is entered.

### K. Summary of Recovery Analysis Under the Plan

The Recovery Analysis setting forth the estimated Claim and estimated recoveries for each Class is annexed hereto as Exhibit 4.

The Debtors indicated on Exhibit "A" to LBHI's Voluntary Petition for chapter 11 that as of May 31, 2008, LBHI and its Affiliates had approximately $639 billion of assets and approximately $613 billion of liabilities. As indicated on the Exhibit 4 annexed hereto, the estimated aggregate gross recovery (before the payment of any Claims or expenses) following an orderly liquidation of the Debtors' assets is approximately $63 billion. The substantial decrease in the aggregate value of the assets is a result of (i) the exclusion of assets of the Non-Controlled Affiliates, (ii) the termination of secured financings, such as repurchase agreements, pursuant to which Lehman retained the subject securities on its balance sheet and also included the sale proceeds and the obligation to repurchase the securities, (iii) market value changes and (iv) alternate valuation methodologies.

The estimated recoveries included in the "Summary of Classification and Estimated Recovery of Claims and Equity Interests Under the Plan" included in section II.B hereof is based on recoveries to each Class of creditors for each Debtor on an undiscounted cash flow basis.

Exhibit 2C annexed hereto includes a table reconciling the information included in the Recovery Analysis with the information included in the Debtors' balance sheets, as of December 31, 2010. Exhibit 2C displays modifications to the information included in the Recovery Analysis, the effect of which results in the information displayed in the balance sheets included as Exhibit 2B.

## XI. CONFIRMATION AND CONSUMMATION OF THE PLAN

Under the Bankruptcy Code, the following steps must be taken to confirm the Plan:

### A. Solicitation of Votes

In accordance with sections 1126 and 1129 of the Bankruptcy Code, the Claims in all Classes of the Plan are impaired, and the holders of Allowed Claims in each of these Classes other than LBHI Classes 10A, 10B, 10C and 11 are entitled to vote to accept or reject the Plan. The holders of Claims in LBHI Classes 10A, 10B, 10C and 11 will not receive any distributions under the Plan and are conclusively presumed to have rejected the Plan. The holder of the