UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
                                            :
In re                                       :
LEHMAN BROTHERS HOLDING INC.                :    Chapter 11 Case No. 08-13555
                                            :    Jointly Administered
-----------------------------------------------------x

### CREDITORS' CONSOLIDATED SUPPLEMENTAL OPPOSITION TO DEBTORs' NINETY-SECOND SUPPLEMENTAL OMNIBUS OBJECTION AND MEMORANDUM IN SUPPORT

The Creditors whose claims are currently subject to the Debtors' Ninety-Second Omnibus Objection ("Affected Creditors" and "Affected Claims"), by and through counsel, hereby respectfully resist Debtors' Supplemental Omnibus Objection concerning allegedly duplicate claims submitted by various financial institutions ("Bank Claims" and "Banks") for the following reasons:

### FACTUAL BACKGROUND

**1.** To avoid redundance, the Affected Creditors refer to the factual information and allegations, as well as legal reasoning, contained in their previously submitted Consolidated Opposition to Debtors' Ninety-Second Supplemental Omnibus Objection dated April 3, 2012 and supplement and amend their opposition herewith.

**2.** Debtors submitted their Supplement to the Ninety-Second Omnibus Objection on September 21, 2012. [Docket No. 31050]. Debtors' counsel informally extended the response time to oppose said Supplement to October 25, 2012, 4:00 p.m. EST.

### ARGUMENT IN FURTHERANCE OF CONSOLIDATED SUPPLEMENTAL OPPOSITION

**I. Affected Creditors' Affected Claims Should Be Sustained and The Banks' "Competing" Claims be Expunged Fully or on a Pro-Rated Basis Because The Debtors Cannot Show Duplicity of The Affected Claims Objected To.**

**1.** The Final Bar Date Order provides that, in accordance with FRBP 3001(b), only creditors or their authorized representatives may submit proofs of claim. See Final Bar Date Order p. 11 [Docket No. 4271]. The Final Bar Date Order does not modify or

disregard this rule, but merely precludes the Debtor from disallowing a Guarantee Claim incompliant with this rule. See id. at p. 14. Hence, the Debtor has to, and agreed to, rely upon all claimants submitting Guarantee Claims to inherently comply with Fed. R. Bankr. Pro. 3001(b) when presenting their claims.

**2.** Fed. R. Bankr. Pro. 2019(b)(1) provides that

"[I]n a chapter 9 or 11 case, a verified statement setting forth the information specified in subdivision (c) of this rule shall be filed by every group or committee that consists of or represents, and every entity that represents, multiple creditors or equity security holders that are (A) acting in concert to advance their common interests, and (B) not composed entirely of affiliates or insiders of one another."

Fed. R. Bank. Pro. 2019(c) further specifies that

"The verified statement shall include:
(1) the pertinent facts and circumstances concerning:
    (A) with respect to a group or committee, other than a committee appointed under § 1102 or § 1114 of the Code, the formation of the group or committee, including the name of each entity at whose instance the group or committee was formed or for whom the group or committee has agreed to act; or
    (B) with respect to an entity, the employment of the entity, including the name of each creditor or equity security holder at whose instance the employment was arranged;
(2) if not disclosed under subdivision (c)(1), with respect to an entity, and with respect to each member of a group or committee:
    (A) name and address;
    (B) the nature and amount of each disclosable economic interest held in relation to the debtor as of the date the entity was employed or the group or committee was formed; and
    (C) with respect to each member of a group or committee that claims to represent any entity in addition to the members of the group or committee, other than a committee appointed under § 1102 or § 1114 of the Code, the date of acquisition by quarter and year of each disclosable economic interest, unless acquired more than one year before the petition was filed;
(3) if not disclosed under subdivision (c)(1) or (c)(2), with respect to each creditor or equity security holder represented by an entity, group, or committee, other than a committee appointed under § 1102 or § 1114 of the Code:
    (A) name and address; and
    (B) the nature and amount of each disclosable economic interest held in relation to the debtor as of the date of the statement; and
(4) a copy of the instrument, if any, authorizing the entity, group, or committee to act on behalf of creditors or equity security holders.

Finally, Fed. R. Bankr. Pro. 2019(e), permits that, either

(1) On motion of any party in interest, or on its own motion, the court may determine whether there has been a failure to comply with any provision of this rule.
(2) If the court finds such a failure to comply, it may:
    (A) refuse to permit the entity, group, or committee to be heard or to intervene in the case;
    (B) hold invalid any authority, acceptance, rejection, or objection given, procured, or received by the entity, group, or committee; or
    (C) grant other appropriate relief.

3. Neither of competing Claims Nos. 58566, 58568, 58569, and 55404 ("Bank Claims") include the verifications and data required by Fed. R. Bankr. Pro. 2019. See Proof of Claims Nos. 58566, 58568, 58569, and 55404. The Bar Date Order does not relieve the claiming Banks, which allegedly submitted claims on behalf of individual creditors and customers (the Affected Creditors) – be it as actual or putative agents – from the responsibilities imposed by Fed. R. Bankr. Pro. 2019, or modify a submitting third party's responsibilities thereunder. Because of such failure of the claimants asserting the claims on behalf of "one or more of claimants' customers", the Affected Creditors, the Debtors, and the Court found themselves in a position that neither can determine with any degree of certainty who the true owners of the Bank Claims are and how such composite claims are individually comprised.

This is the exact situation Fed. Bankr. R. Pro. 2019 is designed to prevent. As a consequence of the entity claimants' failure to comply with Fed. R. Bankr. R. 2019, the Debtors cannot show – nor can the Court or the Affected Creditors reconcile –that the individual claims submitted by the Affected Creditors and now subject to Debtors' Ninety-Second Omnibus Objection are or are not indeed identical and/or duplicative to the Bank Claims or parts thereof, respectively. Hence, the only parties benefiting from this situation are the parties who created it in the first place – the claimants of the Bank Claims.

4. Certainly, the Debtors should not be required to pay upon the same claim twice. However, the Debtors chose "generally" to seek "to expunge claims filed by the beneficial holders of Lehman Program Securities and deem the claims of the banks, brokers, custodians or other parties filed on behalf of the beneficial holders" surviving. See Supplement to Ninety-Second Omnibus Objection ¶22 [Docket No. 31050]. Hence, the Debtors, by their own admission, choose to ignore claims submitted by the true owners of the Affected Claims, and pay upon those claims the Debtors knew were submitted by entities which simply asserted them, in violation of the requirements of Fed. R. Bankr. Pro. 2019 and 3001(b). There is no rationale for the Debtors why they chose to service claims they know, by their own concession, are not owned by the party claiming them, other than allegedly administrative convenience, without requesting and

reviewing supporting documentation under Fed. R. Bankr. Pro. 2019(b) and 3001. To sustain such practice would, in essence, establish that true individual owners of securities-related claims should not even bother pursuing their own rights in a court of law.

**5.** The Debtors' cannot show duplicity of the Affected Claims with claim nos. 58566, 58568, 58569, and 55404. Consequently, their objection rests merely upon "the possibility of a creditor of a creditor receiving duplicative or multiple recoveries on its claim [...]". See id. at ¶23 [emphasis added]. Because the Debtors have not met their requisite burden of persuasion, Debtors' Ninety-Second Omnibus Objection with the respect to Affected Claims should be disregarded, the Affected Claims be sustained and the claimants of the Bank Claims be sanctioned by disallowing their respective claims altogether or to the extent of value equal to the accumulated value of the Affected Claims.

**II. Affected Creditors' Affected Claims Should Be Sustained and The Banks' "Competing" Claims be Disallowed in Full or Part Because Grave Inequity Would Result If Their Claims Would Be Expunged Though Debtors Knew or Could Have Known That the Banks' Claims Did Not Belong to Banks And That The Banks Had no Standing to Pursue Them.**

**1.** Bankruptcy courts are courts of equity, empowered to invoke, pursuant to 11 U.S.C. §105(a), equitable principles to achieve fairness and justice in the reorganization process; however, this equitable power is not unlimited, and, thus, Bankruptcy courts may not exercise this power in contravention of the provisions of the Bankruptcy Code. See Momentum Mfc. Corp. v. Employee Creditors Committee (In re Momentum Mfc. Corp.), 25 F.3d 1132, 1136 (2nd Cir. 1994). 11 U.S.C. §501(a) provides that a creditor or indenture trustee may assert a claim against a bankruptcy estate. Fed. R. Bankr. Pro. 2019 and 3001, *inter alia*, further clarify who can entertain a claim against a bankruptcy estate as an authorized representative or actual or *de facto* fiduciary, and also specifies the formal and substantive requirements for such a party to do so.

**2.** Here, as previously laid out in the Creditors' Consolidated Opposition to Debtors' Ninety-Second Omnibus Objection, the Banks have either hi-jacked the individual claims of the affected Creditors altogether as far as the Banks are pursuing

the Affected Claims in their own name and right, or entertain them without any proof of authority as far as the Banks claim to do so "for their customers". The Affected Creditors have timely submitted Proof of Claims, along with documentation evidencing their entitlement to those claims, a computation of the amount claimed in U.S. currency, and a summary of the factual and legal basis of their respective claims, as required by the Bar Date Order. They have then timely submitted further factual documentation and legal reasoning in support of their respective guarantee claims electronically to the designated website www.lehman-claims.com, as required by the Bar Date Order. Lastly, they have timely submitted Program Securities Proofs of Claims in support of their respective guaranty claims, as required by the Bar Date Order.

3. The Banks, on the other hand, have not complied with basic documentary requirements in support of ownership of or entitlement to pursue, as the case may be, claim nos. 58566, 58568, 58569, and 55404. Upon information and belief, the Debtors have not requested it, even though the Bar Date Order does not preclude the Debtors from requesting any additional documentation pertaining to any claim in any way at any time. It is therefore inequitable and beyond the scope of 11 U.S.C. §§105(a), 501(a) to sustain Debtors' Ninety-Second Omnibus Objection with respect to the Affected Claims because the Banks failed to establish that they own or are duly authorized to pursue claim nos. 58566, 58568, 58569, and 55404.

4. To allow the Bank claims, and to disallow the Affected Claims, despite unproven duplicity and unproven ownership of the Bank claims, contravenes the express language of and Congressional intent underlying 11 U.S.C. §501(a) – that only a creditor can submit proofs of claim against a bankrupt's assets. As such, to do so "for sake of administrative efficiency and in the interest of reducing expenses relating to the administration of these claims" (Supplement to Ninety-Second Omnibus Objection ¶22 [Docket No. 31050]) exceeds the Court's equitable powers granted under 11 U.S.C. §105(a). It deprives the true creditors – the rightful owners of the respective Affected Claims – of their statutory rights to recovery.

5. The Affected Claims seek recovery of $1,102,966.64, accumulatively. Citibank, the purported claimant of claim no. 55404, alone seeks recovery of $473,750,207.00, approximately 430 times the amount sought by affected Creditors. As the Debtors

concede, the Bank Claims are remaining unliquidated in part. See *Exhibit A* to Supplement to Ninety-Second Omnibus Objection [Docket No. 31050]. The Debtors could withhold, or continue to withhold, the amount equal to the Affected Claims' share of the estate from distributions under the pertinent Bank Claims, until either the affected Creditors or the Banks prove their respective entitlements to the satisfaction of the Court and consistent with 11 U.S.C. §501(a).

6. "COURT: Here we're talking about dead Lehman Brothers. This is your one-time shot to maximize your recovery." See Transcript of Hearing held on June 24, 2009 at p. 114 [Docket No. 4183].

WHEREFORE, Creditors respectfully move the Court to

a. reject Debtor's Ninety-Second Omnibus Objection;
b. allow the Affected Claims;
c. disallow the Banks' claims in their entity; or
d. disallow the Banks' claims to the extent of $1,102,966.64; and
e. grant any other relief the Court deems just.

RESPECTFULLY SUBMITTED this 24th day of October, 2012.

_____
Helge Naber
Montana Bar. Id. #7059
ATTORNEY FOR CREDITORs

| | |
|---|---|
| • Chambers of the Honorable James M Peck<br>U.S. Bankruptcy Judge<br>U.S. BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK<br>One Bowling Green<br>New York New York 10004<br><br>• Mark Epstein Esq.<br>Robert Lemon Esq.<br>WEIL GOTSCHAL & MANGES LLP<br>767 Fifth Avenue<br>New York New York 10153<br>*Attorney for Debtor*<br><br>• Tracy Davis Esq.<br>Elisabetta Gasparini Esq.<br>Andrea Schwartz Esq.<br>U.S. TRUSTEE's OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK<br>33 Whiteall Street 21st floor<br>New York New York 10004<br>*US Trustee* | **CERTIFICATE OF SERVICE**<br><br>This is to certify that the foregoing CREDITORS' CONSOLIDATED SUPPLEMENTAL OPPOSITION TO SUPPLEMENT TO DEBTOR'S 92ND OMNIBUS OBJECTION was duly served by USPS Express mail (Court) and USPS Priority mail, appropriate postage prepaid, upon other parties or their attorney of record at their address or addresses as shown herein on OCT 2 4 2012.<br><br>NABER PC<br><br>By _____<br>300 Central Avenue Ste. 320 • Great Falls, MT 59401 |