# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

## NOTICE OF TRANSFER OF CLAIM
### PURSUANT TO RULE 3001(e)(2)

A CLAIM HAS BEEN FILED IN THIS CASE (Lehman Brothers Holdings Inc., Debtor, Case No. 08-13555) or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Baupost Group Securities, L.L.C.          Chenavari Financial Advisors Ltd
_____           _____
Name of Transferee                        Name of Transferor


100% of Claim                             58235
_____           _____
Proof of Claim Amount                     Proof of Claim Number

You are hereby requested to make all future payments and distributions, and give all notices and other communications, in respect of the Claim to the Transferee at the address below.

TRANSFEREE:  Baupost Group Securities, L.L.C.
Address:     c/o Ropes & Gray LLP
             1211 Avenue of the Americas
             New York, NY 10036-8704
             Attn:  Philip Wells

I declare under penalty of perjury that the information provided in this evidence and notice is true and correct to the best of my knowledge and belief.

By:


By: _____     Date: 11/29/12
Name: Adam J. Dobson
Title: Counsel for Transferee

**ANNEXE**

*AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM*
*LEHMAN PROGRAM SECURITY*

*TO: THE DEBTOR AND THE BANKRUPTCY COURT*

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Chenavari Financial Advisors** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Baupost Group Securities, L.L.C.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **58235** filed by or on behalf of **HSBC Assurance Vie (France)** (the "Predecessor") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on October 30, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor that are not entitled to priority under the Bankruptcy Code and are not subordinated; (g) there have been no objections filed against Seller or Predecessor in respect of the Transferred Claims; and (h) neither the Transferred Claims nor any portion thereof is subject to any claim or right of setoff, or pending reduction, recoupment, impairment, avoidance, disallowance, or subordination, and neither Seller nor Predecessor has received any notice that the Transferred Claims are void or Avoidable or subject to any pending disallowance, reduction, impairment or objection of any kind.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by

Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser. Following the purchase of the Transferred Claims as provided in paragraph 1 hereof, Purchaser shall have no recourse against Seller except as expressly set forth herein.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein or (b) Seller or Predecessor seeking to implement the prior purchase as defined in paragraph 7 below between Predecessor and Seller.

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  In the event that the purchase of the Purchased Security taking place prior to the Transferred Claim is not successfully completed for any reason whatsoever, any purchase price paid by the Purchaser under this Agreement and Evidence of Transfer of Claim shall be returned to the Purchaser and the delivery obligations of the Seller under this Agreement shall be cancelled.

8.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this [\5] day November of 2012.

(SELLER)
**Chenavari Financial Advisors Ltd**

By: _____
Name: GUILHEM GOYAU
Title: nD

14 Grosvenor Crescent
London SW1X 7EE
UNITED KINGDOM

(PURCHASER)
**Baupost Group Securities, L.L.C.**

By: _____
Name: James F. Mooney III
Title: Partner

Baupost Group Securities, L.L.C.
c/o Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
UNITED STATES

3

**Schedule 1**

Transferred Claims

Purchased Claim

100% of Proof of Claim 58235 which is the equivalent of US$85,206,000.00 (the full outstanding amount of ISIN/CUSIPs XS0205443764, XS0226456258, XS0234443488 and XS0245314579 as described in the Proof of Claim as of the [\15] day of November 2012).

Pursuant to the Notice of Proposed Allowed Claim Amount dated September 13, 2011,
- the proposed allowed amount for ISIN XS0205443764 equals US$20,892,287.78
- the proposed allowed amount for ISIN XS0226456258 equals US$23,817,998.00
- the proposed allowed amount for ISIN XS0234443488 equals US$21,286,586.57
- the proposed allowed amount for ISIN XS0245314579 equals US$21,286,586.57

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| Issue of EUR15,000,000 of GEFIVOL CMS-Linked Notes due November 2014 under the US$25,000,000,000 Euro Medium-Term Note Program | XS0205443764 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 15,000,000<br>Exchange Rate: 1.4201<br>US$ 21,301,500.00 | November 25, 2014 | Not applicable |
| Issue of EUR15,000,000 of GEFIVOL CMS-Linked Notes due August 2015 under the US$25,000,000,000 Euro Medium-Term Note Program | XS0226456258 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 15,000,000<br>Exchange Rate: 1.4201<br>US$ 21,301,500.00 | August 23, 2015 | Not applicable |
| Issue of EUR15,000,000 of GEFIVOL CMS-Linked Notes due November 2013 under the US$45,000,000,000 Euro Medium-Term Note Program | XS0234443488 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 15,000,000<br>Exchange Rate: 1.4201<br>US$ 21,301,500.00 | November 18, 2013 | Not applicable |

| Issue of EUR15,000,000 of GEFIVOL CMS-Linked Notes due March 2012 under the US$45,000,000,000 Euro Medium-Term Note Program | XS0245314579 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 15,000,000 Exchange Rate: 1.4201 US$ 21,301,500.00 | March 8, 2012 | Not applicable |
|---|---|---|---|---|---|---|