NOV 2 7 2012

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **BANCA SELLA HOLDING S.P.A.** ("Seller"), acting on behalf of one customer (the "Customer") hereby unconditionally and irrevocably sells, transfers and assigns to **CREDITO EMILIANO SPA** (the "Purchaser"), acting on behalf of one or more of its customers (together with its customers, the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to **Proof of Claim Number 59230** filed by or on behalf of Seller] (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller and its Customer relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's and its Customer' s right, title and interest in, to and under the transfer agreements, if any, under which Seller and its Customer or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller and its Customer owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) neither Seller nor its Customer has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.



4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 5 th day of november 2012.

BANCA SELLA HOLDING S.P.A.
By: _____
Name: Bruno Torchio
Title: Manager
Piazza G.Sella 1
13900 Biella, Italy

Attn. Carlo Negro
Phone 0039 015 3501362
Fax 0039 0152433963
e-mail carlo.negro@sella.it

CREDITO EMILIANO S.P.A.
By: _____
Name: Giorgio Ferrari
Title: Chairman of the board
Via Emilia San Pietro, n.4
42121 Reggio Emilia, Italy

Attn. Efisio Bertrand
Phone 0039 0522 582601
Fax 0039 0522 583129
e-mail ebertrand@credem.it



Schedule 1

Transferred Claims

Purchased Claim

USD 14,393.81 of USD 832,610.33 (i.e. the outstanding amount of XS0189294225 as described in the Proof of Claim dated 27 October, 2009 and filed on 30 October, 2009),

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| LEHMAN BROTHERS TREASURY BV 7%LINKED 23.04.2004/2014 EUR | XS0189294225 | LEHMAN BROTHERS TREASURY BV | Lehman Brothers Holdings Inc. | EUR 10,000.00 (equivalent to USD 14,151.00) | 04/23/2014 | EUR 10,171.58 (equivalent to USD 14,393.81) |

BANCA SELLA HOLDING S.P.A.

CREDITO EMILIANO S.P.A.



# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

**Form 210A**

### United States Bankruptcy Court

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re LEHMAN BROTHERS HOLDINGS INC., et. al., DEBTORS | Case No. 08-13555 (JMP)<br>JOINTLY ADMINISTERED |

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 300 1(e)(2), Fed, R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| **Credito Emiliano S.p.A.** | **Banca Sella Holding S.p.A.** |
| Name of Transferee | Name of Transferor |
| | |
| Name and Address where notices to transferee should be sent: | Court Claim #: 59230<br>Total Amount of Claim: $ 35,313,122.55<br>Date Claim Filed: October, 30 2009 |
| | |
| Credito Emiliano S.p.A.<br>Via Gandhi 2/C<br>42123 Reggio Emilia<br>Italy<br>Attn: Stefania Catellani<br>E-mail: scatellani@credem.it | Partial claim transferred: $ 14,393.81 |
| | |
| Phone: 0039 0522 582464<br>Last Four Digits of Acct #: N/A | Phone: 0039 015 3501362<br>Last Four Digits of Acct. #: N/A |

Name and Address where transferee payments
should be sent (if different from above):

Phone: [*inserire contatto telefonico del ricevente il pagamento per conto del cessionario*]
Last Four Digits of Acct #: N/A

[*Inserire riferimenti bancari del cessionario*]

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: [November, 5 2012]
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment foe up to 5 years, or both 18 U.S C. §1152 & 3571.

**EVIDENCE OF TRANSFER OF CLAIM**

**TRANSFER AGREEMENT**

| United States Bankruptcy Court/Southern District of New York | **LEHMAN SECURITIES PROGRAMS** |
|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000059230 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

BANCA SELLA HOLDING S.p.A.
Via Italia, 2
BIELLA  ITALY  13900

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

**Telephone number:** 0039 015 35011  **Email Address:** carlo.negro@sella.it    davide.cozzi@sella.it

**Filed on:** _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:    Email Address:

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** $ ___See the attachment___ **(Required)**

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** See the attachment    **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**
See the attachment    **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
014699 Clearstream Bank
**(Required)**

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

**FOR COURT USE ONLY**

FILED / RECEIVED
OCT 3 0 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date. | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| Oct 27 2009 | Banca Sella Holding SpA   Pietro Sella   CEO |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

## ATTACHMENT TO PROOF OF CLAIM FORM

Debtor and Case Number:     Lehman Brothers Holdings Inc., 08-13555

Creditor:                   Banca Sella Holding S.p.A. (**BSH** or **Creditor**)

Claim Value as of 15-Sept-2008:   USD  35,313,122.55

---

This attachment is incorporated into the proof of claim form to which it is attached (the "Claim Form"). All capitalized terms used but not defined herein have the meanings given them at the top of this Attachment, in the Claim Form or in the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [in Case No. 08-13555 (JMP)] (the "Bar Date Order").

BSH is filing the Claim Form with respect to more than one Lehman Programs Security.

Herein there is a schedule on the Lehman Programs Securities to which the Claim Form relates:

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

| Isin Code | Nominal Usd Amount of Claim | Interest on bond due on Sep 15, 2008 | Total Usd Amount of Claim | Clearstream Blocking Number | Account |
|---|---|---|---|---|---|
| IT0006578600 | 789,625.80 | 15,485.34 | 805,111.14 | CA34063 | 014699 Clearstream Bank |
| XS0128857413 | 574,530.60 | 26,721.67 | 601,252.27 | CA34061 | 014699 Clearstream Bank |
| XS0163559841 | 564,624.90 | 10,895.13 | 575,520.20 | CA34057 | 014699 Clearstream Bank |
| XS0176153350 | 3,370,768.20 | 95,883.42 | 3,466,651.62 | CA34060 | 014699 Clearstream Bank |
| XS0178969209 | 373,586.40 | 10,286.88 | 383,873.28 | CA34059 | 014699 Clearstream Bank |
| XS0179304869 | 256,133.10 | 5,959.45 | 262,92.54 | CA34062 | 014699 Clearstream Bank |
| XS0181945972 | 1,794,346.80 | 42,924.01 | 1,837,270.80 | CA34056 | 014699 Clearstream Bank |
| XS0183944643 | 2,968,879.80 | 93,243.92 | 3,062,123.71 | CA34058 | 014699 Clearstream Bank |
| XS0185655445 | 161,321.40 | 4,021.50 | 165,342.90 | CA34054 | 014699 Clearstream Bank |
| XS0189294225 | 816,512.70 | 13,875.31 | 830,388.00 | CA34049 | 014699 Clearstream Bank |
| XS0189741001 | 7,726,446,00 | 78,724.76 | 7,805,170.75 | CA34050 | 014699 Clearstream Bank |
| XS0193035358 | 863,211.00 | 2,999.96 | 866,210.94 | CA34052 | 014699 Clearstream Bank |
| XS0195431613 | 120,283.50 | 1,013.30 | 121,296.79 | CA34055 | 014699 Clearstream Bank |
| XS0197173643 | 302,831.40 | 1,249.18 | 304,80.57 | CA34039 | 014699 Clearstream Bank |
| XS0200284247 | 991,985.10 | 29,617.26 | 1,021,602.35 | CA34053 | 014699 Clearstream Bank |
| XS0202417050 | 86,321.10 | 2,289.30 | 88,610.39 | CA34051 | 014699 Clearstream Bank |
| XS0205185456 | 76,415.40 | 376.58 | 76,791.98 | CA34042 | 014699 Clearstream Bank |
| XS0208459023 | 537,738.00 | 12,020.86 | 549,758.85 | CA34040 | 014699 Clearstream Bank |
| XS0210433206 | 72,170.10 | 2,508.21 | 74,678.30 | CA34041 | 014699 Clearstream Bank |
| XS0210782552 | 52,358.70 | 1,144.51 | 53,503.20 | CA34043 | 014699 Clearstream Bank |
| XS0211093041 | 326,888.10 | 3,769.04 | 330,657.13 | CA34034 | 014699 Clearstream Bank |
| XS0211814123 | 4,518,414.30 | 108,601.28 | 4627,15.57 | CA34038 | 014699 Clearstream Bank |
| XS0213899510 | 3,141,522.00 | 64,890.45 | 3,206,412.45 | CA34048 | 014699 Clearstream Bank |
| XS0213971210 | 227,831.10 | 2,240.96 | 230,72.60 | CA34044 | 014699 Clearstream Bank |
| XS0220152069 | 1,429,251,00 | 3,905.06 | 1433,156.50 | CA34033 | 014699 Clearstream Bank |
| XS0220704109 | 21,226.50 | 248.00 | 21,474.50 | CA34036 | 014699 Clearstream Bank |
| XS0229269856 | 14,151.00 | 398.84 | 14,549.83 | CA34047 | 014699 Clearstream Bank |
| XS0232364868 | 42,453.00 | 2,207.29 | 44,660.28 | CA34045 | 014699 Clearstream Bank |
| XS0252834576 | 778,305.00 | 11,313.07 | 789,618.6 | CA34037 | 014699 Clearstream Bank |
| XS0252835110 | 1,415,100.00 | 8,328.96 | 1,423,428.96 | CA34046 | 014699 Clearstream Bank |
| XS0268648952 | 70,755.00 | 3,081.87 | 73,836.87 | CA34031 | 014699 Clearstream Bank |
| XS0282978666 | 70,755.00 | 1,578.46 | 72,333.45 | CA34035 | 014699 Clearstream Bank |
| XS0283497005 | 19,811.40 | 548.04 | 20,359.43 | CA34030 | 014699 Clearstream Bank |
| XS0326006540 | 70,755.00 | 3,462.32 | 74,217.31 | CA34032 | 014699 Clearstream Bank |
|  | 34,647,308.40 | 665,814.15 | 35,313,122.55 |  |  |

Exchange Rate (Eur /Usd 1.4151 on Sep 15, 2008)

2