IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

**RECEIVED**
NOV 2 0 2012

Form 210A

United States Bankruptcy Court

### SOUTHERN DISTRICT OF NEW YORK

In re LEHMAN BROTHERS HOLDINGS INC., et. al., DEBTORS

Case No.  08-13555  (JMP)
JOINTLY ADMINISTERED

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 300 1(e)(2), Fed, R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Illiquidx LLP | Banca Monte dei Paschi di Siena S.p.a |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

**IlliquidX LLP**
80 Fleet Street
London EC4Y 1EL
UNITED KINGDOM
Attn.: Mr Celestino Amore
E.mail: amore@illiquidx.com
Phone: +44 207 832 0181
Last Four Digits of Acct #: N/A

Court Claim # (if known): 56130
Total Claim Amount: $163,061,881.24

Amount of Claim as Filed with respect to ISIN
XS0218304458: $72,383.33
Allowed Amount of Claim with respect to ISIN
XS0218304458: $72,570.67

Amount of Claim as Filed with respect to ISIN
XS0163559841: $25,964.66
Allowed Amount of Claim with respect to ISIN
XS0163559841: $26,030.10

Amount of Claim as Filed with respect to ISIN
XS0166188457 : $178,011.83
Allowed Amount of Claim with respect to ISIN
XS0166188457 : $177,388.22

Name and Address where transferee payments
should be sent (if different from above):

Bank : CITIBANK NA, NEW YORK
SWIFT: CITIUS33XXX
ABA Number : 021000089
A/C  No. 36163143

Amount of Claim as Filed with respect to ISIN
XS0162289663: $71,525.44
Allowed Amount of Claim with respect to ISIN
XS0162289663: $71,717.15

Amount of Claim as Filed with respect to ISIN
XS0178969209: $72,702.64
Allowed Amount of Claim with respect to ISIN
XS0178969209: $72,878.86

Amount of Claim as Filed with respect to ISIN
XS0210782552: $14,460.33
Allowed Amount of Claim with respect to ISIN
XS0210782552: $14,498.46

Date Claim Filed: 10/29/2009

**Banca Monte dei Paschi di Siena S.p.a**
Dott Alfredo Montalbano
Piazza Salimbeni, 3
Siena, 53100
ITALY

**\*\*PLEASE SEE ATTACHED EXHIBITS\*\***

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____          Date:
     Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment foe up to 5 years, or both 18 U.S C. §1152 & 3571.

Form 210B (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                    **Case No. 08-13555**

## NOTICE OF TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No.56130 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the
alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim
Other than for Security in the clerk's office of this court on _____ 2012.

**Banca Monte dei Paschi di Siena S.p.a**          **ILLIQUIDX LLP**
Name of Alleged Transferor                          Name of Transferee


Address of Alleged Transferor:                      Address of Transferee:

**Piazza Salimbeni, 3**                             **Illiquidx LLP**
**Siena, 53100**                                    **80 Fleet Street**
**ITALY**                                           **London EC4Y 1EL**
                                                    **UK**


~~DEADLINE TO OBJECT TO TRANSFER~~
The alleged transferor of the claim is hereby notified that objections must be filed with the court
within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the
court, the transferee will be substituted as the original claimant without further order of the court.


Date:_____                    _____
                                  CLERK OF THE COURT

**EVIDENCE OF TRANSFER OF CLAIM**

**TRANSFER AGREEMENT**

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, Banca Monte dei Paschi di Siena S.p.A. ("Seller") acting on behalf of one or more of its customers, unconditionally and irrevocably sells, transfers and assigns to Illiquidx LLP. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim number 56130 filed by Banca Monte dei Paschi di Siena S.p.A. (the "Original Claimant") acting on behalf of one or more of its customers, (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to or evidencing the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim, excluding the Prior Distributions (as defined below), or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 (as "Lehman Programs Securities to which Transfer Relates") attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor that are not subject to contractual or equitable subordination; (g) Seller has delivered to Purchaser a true and correct copy of the Revised Notice of Proposed Allowed Claim Amount dated October 14, 2011; (h) all documents provided to Purchaser by Seller are true, accurate and complete copies of such documents; (i) Seller does not have any claim, lien or encumbrance upon the Transferred Claims and represents and warrants that, upon consummation of the transactions contemplated in this Agreement and Evidence of Transfer of Claim, Purchaser will own and have good legal and beneficial title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller; and (j) other than with respect (i) (a) to the sum of $2,619.24 (the "ISIN XS0218304458 Initial Distribution") received by Seller on or about April 17, 2012 in connection with the initial Distribution (as defined in the Debtors' Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated December 5, 2011 (the "Plan")),and (b) to the sum of 1,767.52 (collectively, with the ISIN XS0218304458 Initial Distribution, the "ISIN XS0218304458 Prior Distributions") received by Seller on or about October 1, 2012 in connection with a subsequent Distribution under the Plan related to ISIN XS0218304458, (ii) (a) to the sum of $939.49 (the "ISIN XS0163559841 Initial Distribution") received by Seller on or about April 17, 2012 in connection with the initial Distribution (as defined in the Debtors' Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated

119-1000/AGR/3463225.2

Debtors, dated December 5, 2011 (the "Plan")),and (b) to the sum of 633.98 (collectively, with the ISIN XS0163559841 Initial Distribution, the "ISIN XS0163559841 Prior Distributions") received by Seller on or about October 1, 2012 in connection with a subsequent Distribution under the Plan related to ISIN XS0163559841, (iii) (a) to the sum of $6,402.35 (the "ISIN XS0166188457 Initial Distribution") received by Seller on or about April 17, 2012 in connection with the initial Distribution (as defined in the Debtors' Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated December 5, 2011 (the "Plan")),and (b) to the sum of 4,320.43 (collectively, with the ISIN XS0166188457 Initial Distribution, the "ISIN XS0166188457 Prior Distributions") received by Seller on or about October 1, 2012 in connection with a subsequent Distribution under the Plan related to ISIN XS0166188457, (iv) (a) to the sum of $2,588.44 (the "ISIN XS0162289663 Initial Distribution") received by Seller on or about April 17, 2012 in connection with the initial Distribution (as defined in the Debtors' Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated December 5, 2011 (the "Plan")),and (b) to the sum of 1,746.73 (collectively, with the ISIN XS0162289663 Initial Distribution, the "ISIN XS0162289663 Prior Distributions") received by Seller on or about October 1, 2012 in connection with a subsequent Distribution under the Plan related to ISIN XS0162289663, (v) (a) to the sum of $2,630.36 (the "ISIN XS0178969209 Initial Distribution") received by Seller on or about April 17, 2012 in connection with the initial Distribution (as defined in the Debtors' Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated December 5, 2011 (the "Plan")),and (b) to the sum of 1,775.02 (collectively, with the ISIN XS0178969209 Initial Distribution, the "ISIN XS0178969209 Prior Distributions") received by Seller on or about October 1, 2012 in connection with a subsequent Distribution under the Plan related to ISIN XS0178969209 and (vi) (a) to the sum of $523.28 (the "ISIN XS0210782552 Initial Distribution") received by Seller on or about April 17, 2012 in connection with the initial Distribution (as defined in the Debtors' Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated December 5, 2011 (the "Plan")),and (b) to the sum of 352.86 (collectively, with the ISIN XS0210782552 Initial Distribution, the "ISIN XS0210782552 Prior Distributions") received by Seller on or about October 1, 2012 in connection with a subsequent Distribution under the Plan related to ISIN XS0210782552, no payment or other distribution has been received by or on behalf of the Seller, or by any third party on behalf of the Seller, in full or partial satisfaction of, or in connection with, the Transferred Claims.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. For the avoidance of doubt, Seller and Purchaser agree that Seller shall be entitled to retain, and Purchaser shall have no right to, the ISIN XS0218304458 Prior Distributions, the ISIN XS0163559841 Prior Distributions, the ISIN XS0166188457, the ISIN XS0162289663, the ISIN XS0178969209 and the ISIN XS0210782552 (collectively, the "Prior Distributions"). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all

2

119-1000/AGR/3463225.2

such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      The parties acknowledge that settlement shall be made on execution of this Agreement and Evidence of Transfer of Claim and delivery of the Purchased Securities versus payment basis. For the avoidance of doubt, the parties acknowledge and agree that the transfer contemplated hereby shall not occur unless and until the Purchaser shall have paid the purchase price in full.

8.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 16 day of November, 2012.

PURCHASER
ILLIQUIDX LLP.

By:

Name: Celestino Amore
Title: Managing Partner

80 Fleet Street
London, EC4Y 1EL
UNITED KINGDOM

SELLER
BANCA MONTE DEI PASCHI DI SIENA
S.P.A.

By:

Name: Dott. Alfredo Montalbano
Title: Chief Operating Officer
Piazza Salimbeni, 3
Sienna, 53100
ITALY

Attn  Fragnelli Doriana
Via Rosellini 16 – 20124 Milano
Tel 0039 02 69705714
Email bof.amministrazioneestero@banca.mps.it

## SCHEDULE 1

### Purchased Claim

**ISIN XS0218304458**

0.0443901% of Proof of Claim 56130 = USD$72,383.33 of USD$163,061,881.24 (the outstanding amount of the Proof of Claim filed on October 29, 2009) with respect to XS0218304458), and 12.1359223% of ISIN XS0218304458

The Purchased Claim represents USD$72,570.67 which is 0.045909% of the Total Proposed Allowed Claim Amount of USD$158,075,099.49 with respect to XS0218304458 and 12.1359223% of ISIN XS0218304458

0.0443901%=USD$72,383.33 of USD$163,061,881.24 (the outstanding amount of the Proof of Claim 56130 filed on October 29, 2009

0.045909%=USD$72,570.67 of the Total Allowed Claim Amount of USD$158,075,099.49 and 12.1359223% of the Allowed Claim Amount of ISIN XS0218304458

**ISIN XS0163559841**

0.0159232% of Proof of Claim 56130 = USD$25,964.66 of USD$163,061,881.24 (the outstanding amount of the Proof of Claim filed on October 29, 2009) with respect to XS0163559841), and 2.6627219% of ISIN XS0163559841

The Purchased Claim represents USD$26,030.10 which is 0.0164669% of the Total Proposed Allowed Claim Amount of USD$158,075,099.49 with respect to XS0163559841 and 2.6627219% of ISIN XS0163559841

0.0159232%=USD$25,964.66 of USD$163,061,881.24 (the outstanding amount of the Proof of Claim 56130 filed on October 29, 2009)

0.0164669%=USD$26,030.1 of the Total Allowed Claim Amount of USD$158,075,099.49 and 2.6627219% of the Allowed Claim Amount of ISIN XS0163559841

**ISIN XS0166188457**

0.1091683% of Proof of Claim 56130 = USD$178,011.83 of USD$163,061,881.24 (the outstanding amount of the Proof of Claim filed on October 29, 2009) with respect to XS0166188457), and 0.7142857% of ISIN XS0166188457

The Purchased Claim represents USD$177,388.22 which is 0.1122177% of the Total Proposed Allowed Claim Amount of USD$158,075,099.49 with respect to XS0166188457 and 0.7142857% of ISIN XS0166188457

0.1091683%=USD$178,011.83 of USD$163,061,881.24 (the outstanding amount of the Proof of Claim 56130 filed on October 29, 2009)

0.1122177%=USD$177,388.22 of the Total Allowed Claim Amount of USD$158,075,099.49 and 0.7142857% of the Allowed Claim Amount of ISIN XS0166188457

119-1000/AGR/3463225.2

**ISIN XS0162289663**

0.043864040% of Proof of Claim 56130 = USD$71,525.44 of USD$163,061,881.24 (the outstanding amount of the Proof of Claim filed on October 29, 2009) with respect to XS0162289663), and 9.7465887% of ISIN XS0162289663

The Purchased Claim represents USD$71,717.15 which is 0.0453699% of the Total Proposed Allowed Claim Amount of USD$158,075,099.49 with respect to XS0162289663 and 9.7465887% of ISIN XS0162289663

0.0438640%=USD$71,525.44 of USD$163,061,881.24 (the outstanding amount of the Proof of Claim 56130 filed on October 29, 2009)

0.045369%=USD$71,717.15 of the Total Allowed Claim Amount of USD$158,075,099.49 and 9.7465887% of the Allowed Claim Amount of ISIN XS0162289663

**ISIN XS0178969209**

0.0445859% of Proof of Claim 56130 = USD$72,702.64 of USD$163,061,881.24 (the outstanding amount of the Proof of Claim filed on October 29, 2009) with respect to XS0178969209), and 2.1422451% of ISIN XS0178969209

The Purchased Claim represents USD$72,878.86 which is 0.0461039% of the Total Proposed Allowed Claim Amount of USD$158,075,099.49 with respect to XS0178969209 and 2.1422451% of ISIN XS0178969209

0.0445859%=USD$72,702.64 of USD$163,061,881.24 (the outstanding amount of the Proof of Claim 56130 filed on October 29, 2009)

0.0461039%=USD$72,878.86 of the Total Allowed Claim Amount of USD$158,075,099.49 and 2.1422451% of the Allowed Claim Amount of ISIN XS0178969209

**ISIN XS0210782552**

0.008868% of Proof of Claim 56130 = USD$14,460.33 of USD$163,061,881.24 (the outstanding amount of the Proof of Claim filed on October 29, 2009) with respect to XS0210782552), and 0.2615063% of ISIN XS0210782552

The Purchased Claim represents USD$14,498.46 which is 0.0091719% of the Total Proposed Allowed Claim Amount of USD$158,075,099.49 with respect to XS0210782552 and 0.2615063% of ISIN XS0210782552

0.008868%=USD$14,460.33 of USD$163,061,881.24 (the outstanding amount of the Proof of Claim 56130 filed on October 29, 2009)

0.0091719%=USD$14,498.46 of the Total Allowed Claim Amount of USD$158,075,099.49 and 0.2615063% of the Allowed Claim Amount of ISIN XS0210782552

5

119-1000/AGR/3463225.2

**Lehman Programs Securities to which Transfer Relates**

| Description of the Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal / Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) | Allowed Amount of Claim Transferred to Purchaser |
|---|---|---|---|---|---|---|---|---|---|
| Issue of EUR 125,000,000 Callable Fixed-Rate/CMS-Linked Notes 2005 due May 2035 Guaranteed by Lehman Brothers Holding Inc. under the US$25,000,000,000 EMTN Program | XS0218304458 | CA40517 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR50,000 which is the equivalent of USD$70,755.00 | Fixed Rate/Index Linked | 17/05/2035 | EUR1,150.68 which is the equivalent of USD$1,628.33 | USD$72,570.67 |
| Issue of EUR 15,000,000 euro inflation linked notes due march 2011 which will become fungible with the EUR 50,000,000 euro inflation linked notes due march 2011 issued on 14 march 2003 (the "existing notes") Guaranteed by Lehman Brothers Holdings Inc. Under the U.S.$ 15,000,000,000 EMTN Program | XS0163559841 | CA40535 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR18,000 which is the equivalent of USD$25,471.80 | Fixed Rate/Index Linked | 14/03/2011 | EUR348.28 which is the equivalent of USD$492.86 | USD$26,030.1 |
| Issue of EUR 25,000,000 euro inflation linked notes due april Guaranteed by Lehman Brothers Holdings Inc. Under the U.S.$ 15,000,000,000 EMTN Program | XS0166188457 | CA40532 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR125,000 which is the equivalent of USD$176,887.50 | Fixed Rate/Index Linked | 22/04/2011 | EUR794.53 which is the equivalent of USD$1,124.33 | USD$177,388.22 |
| Issue of EUR 80,000,000 Euro Inflation Linked Notes due February 2010 Under the U.S.$ 15,000,000,000 EMTN Program | XS0162289663 | CA40536 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR50,000 which is the equivalent of USD$70,755.00 | Fixed Rate/Index Linked | 28/02/2010 | EUR544.45 which is the equivalent of USD$770.44 | USD$71,717.15 |
| Issue of EUR 50,000,000 European Inflation Linked Notes under the U.S.$18,000,000,000 EMTN Program | XS0178969209 | CA40529 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR50,000 which is the equivalent of USD$70,755.00 | Fixed Rate/Index Linked | 26/11/2013 | EUR1,376.32 which is the equivalent of USD$1,947.64 | USD$72,878.86 |
| Issue of EUR 100,000,000 CMS-Linked Notes due February 2013 Guaranteed by Lehman Brothers Holdings Inc. under the U S $25,000,000,000 EMTN Program | XS0210782552 | CA40520 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR10,000 which is the equivalent of USD$14,151.00 | Index Linked | 01/02/2013 | EUR218.59 which is the equivalent of USD$309.33 | USD$14,498.46 |

119-1000/AGR/3463225.2

| *United States Bankruptcy Court/Southern District of New York* | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|

**United States Bankruptcy Court/Southern District of New York**

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000056130

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al., Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Banca Monte dei Paschi di Siena S.p.A.
Piazza Salimbeni, 3
53100 Siena
Italy
Attention: Mr. Gianluca Serra

Telephone number: +39 0577 293760          Email Address: gianluca.serra@mpscapitalservice.it

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

---

Name and address where payment should be sent (if different from above)

Telephone number:          Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

---

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: See attached _____ (Required)

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): See attached _____ (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

See attached _____ (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:

See attached _____ (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

**FOR COURT USE ONLY**
**FILED / RECEIVED**
OCT 2 9 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date. October 2?, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| | Name:  Antonio Vigni          Title: General Manager |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*