UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

In re:                                              )
                                                    ) Chapter 11
                                                    )
Lehman Brothers Holdings Inc., et al.               ) Case No. 08-13555 (JMP)
                                                    )
                        Debtors.                    ) Jointly Administered
                                                    )
_____                 ) Proof of Claim No.: **200136**
                                                      Total Amount to be Transferred: **$500,186.25**

NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY
PURSUANT TO FRBP RULE 3001(e)(2)

TO:   TRANSFEROR:   CHENAVARI FINANCIAL ADVISORS LTD.
                    14 Grosvenor Crescent
                    London SW1X 7EE
                    United Kingdom
                    Attention: Guilhem Goyard
                    Phone: +44 207 259 3611
                    Email: Guilhem.goyard@chenavari.com

PLEASE TAKE NOTICE of the transfer of all right, title and interest in Claim No. **200136** against Lehman Brothers Holdings Inc. in the amount of **$500,186.25 (see attached schedule for breakdown)** as evidenced by the attached Evidence of Transfer of Claim to:

      TRANSFEREE:   LIQUIDATION OPPORTUNITIES MASTER FUND, L.P.
                    c/o Alden Global Capital
                    885 Third Avenue, 34th Floor
                    New York, NY 10022
                    Attention:   Ithran Olivacce
                    Telephone:   212-888-7214
                    E-mail:      iolivacce@aldenglobal.com

No action is required if you do not object to the transfer of the claim as described above. **IF YOU OBJECT TO THE TRANSFER OF THE TRANSFERRED CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

- FILE A WRITTEN OBJECTION TO THE TRANSFER WITH THE COURT
- SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE
- IF YOU FILE AN OBJECTION, A HEARING WILL BE SCHEDULED
- IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING

_____
Clerk of the Court

**Schedule**

Allowed Amount of Claim with respect to ISIN DE000A0SG1J6: $426,149.81

Allowed Amount of Claim with respect to ISIN XS0334494290: $16,276.68

Allowed Amount of Claim with respect to ISIN XS0355509257: $57,759.76

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Chenavari Financial Advisors Ltd** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Liquidation Opportunities Master Fund, LP** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof (the "Effective Date"), (a) the specific portion identified in Schedules 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 200136 (original Proof of Claim Number 60631) filed by **White & Case LLP** (the "Predecessor")(the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights, title and benefits of Seller and any prior seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim (including for clarity, all amounts distributed on or after the trade date of October 28, 2012 (the "Trade Date") whether or not the Trade Date is before, on or after any record date with respect to any amount) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller (including Predecessor) (collectively, "Predecessors-in-Interest") acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedules 1 attached hereto, (d) any and all of Seller's right, title and interest in, to and under any right or remedy of Seller against Predecessors-in-Interest, and (e) any and all rights, remedies, claims and causes of actions regarding any of the foregoing; and (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) the Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured claims with the same ISINs as in Schedule 1 that are not entitled to priority under the Bankruptcy Code and are not subordinated; (g) the Allowed Amount of Claim Transferred to Purchaser, as referred to in Schedule 1, are those amounts set forth in Schedule 1, and (h) other than with respect (i) to the sum of $17,465.40 received by Predecessors-in-Interest, as a Class 5 Distribution (as defined in the Debtors' Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated December 5, 2011 (the "Plan")) under the Plan, on or about April 17, 2012 in connection with the initial Distribution (as defined in the Plan), and (ii) to the sum of $11,786.00 received by Predecessors-in-Interest, as a Class 5 Distribution under the Plan, on or about October 1, 2012 in connection with a subsequent Distribution under the Plan, no distributions payments or proceeds of any kind have been received by or on behalf of the Seller, Predecessors-in-Interest, or any third party on behalf of

the Seller, in full or partial satisfaction of, or in connection with, the Transferred Claims relating only to ISIN DE000A0SG1J6 and ISIN XS0355509257.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from Seller's breach of its representations, warranties, covenants and agreements made herein.

5. Seller shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any notices, correspondence, payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. Seller shall act or omit to act with respect to the Transferred Claims solely to the extent directed by Purchaser.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8. Seller agrees that all distributions, amounts, proceeds, assets, cash and other property received by Seller or any Predecessors-in-Interest on or after the Trade Date are for the account of Purchaser. Purchaser agrees that all distributions, amounts, proceeds, assets, cash and other property received by Seller or any Predecessors-in-Interest on or before the Trade Date are for the account of Seller. In the event that the purchase taking place prior to the Transferred Claim is not successfully completed for any reason whatsoever, at Purchaser's request, any purchase price paid by the Purchaser under this Agreement and Evidence of Transfer of Claim shall be returned to the Purchaser and the delivery obligations of the Seller under this Agreement shall be cancelled.

2

9. The parties acknowledge that settlement shall be made on delivery of the Transferred Claim and the Securities versus payment basis through Euroclear. For the avoidance of doubt, the parties acknowledge and agree that the transfer contemplated hereby shall not occur unless and until the Purchaser shall have paid the purchase price in full..

3

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of November 2012.

(SELLER)
Chenavari Financial Advisors Ltd

By: [signature]
Name: LOUKMFI GOYMAD
Title: K Director

14 Grosvenor Crescent
London SW1X 7EE
UNITED KINGDOM

(PURCHASER)
Liquidation Opportunities Master Fund, L.P.
By: Alden Global Capital, Its Service Provider

By: [signature]
Name:
Title:

Smith Management L.L.C.    Jason Pecora
Alden Global Capital    Managing Director - Operations
885 Third Ave. 34th Floor
New York, NY 10022    Alden Global Capital
UNITED STATES

4

## SCHEDULE 1

### Transferred Claims

#### Purchased Claim

The purchased claim relates to the three (3) different Lehman Program Securities listed below by ISIN (which are the Purchased Securities) and represents the full outstanding amount of all the claims against Debtor encompassed in the Proof of Claim. The amount of the Purchased Claim expressed in terms of the aggregate nominal of all the Purchased Securities to which the Purchased Claim relates is EUR370,000 or Allowed Amount (US$) of US$ 500,186.25.

#### Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Maturity | Notional Amount (EUR) | Allowed Amount of Claim Transferred to Purchaser (USD) |
|---|---|---|---|---|---|---|
| Issue of EUR26,000,000 of Autocallable Equity-Linked Notes due June 2013 | DE000A0SG1J6 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | June 25, 2013 | EUR 320,000 | US$ 426,149.81 |

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Maturity | Notional Amount (EUR) | Allowed Amount of Claim Transferred to Purchaser (USD) |
|---|---|---|---|---|---|---|
| Issue of EUR3,400,000 of Twin Win Notes on Brent Crude Oil due January 2011 | XS0334494290 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | January 24, 2011 | EUR 10,000 | US$ 16,276.68 |

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Maturity | Notional Amount (EUR) | Allowed Amount of Claim Transferred to Purchaser USD) |
|---|---|---|---|---|---|---|
| Issue of EUR1,764,000 of Callable Interest-Linked Notes due April 2014 | XS0355509257 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | April 23, 2014 | EUR 40,000 | US$ 57,759.76 |

5