Hearing Date:  December 12, 2012 at 10:00 a.m. (prevailing Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: : | |
| : | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., : | |
| *et al.*, : | Case No. 08-13555 (JMP) |
| : | |
| Debtors. : | (Jointly Administered) |
| : | |

**SUPPLEMENTAL DECLARATION OF JAMES P. WALLIN
IN SUPPORT OF RESPONSE OF ALLIANCEBERNSTEIN L.P. TO
(1) DEBTORS' ONE HUNDRED FORTY-THIRD OMNIBUS
OBJECTION TO CLAIMS (LATE-FILED CLAIMS) [Docket No. 16856], AND
(2) DEBTORS' ONE HUNDRED NINETY-EIGHTH OMNIBUS
<u>OBJECTION TO CLAIMS (LATE-FILED CLAIMS) [Docket No. 19902]</u>**

I, James P. Wallin, hereby declare under penalty of perjury:

1. I submit this declaration in support of: (a) the response, dated June 15, 2011 [Docket No. 17710] (the "<u>First Response</u>") of AllianceBernstein L.P. ("<u>AllianceBernstein</u>") to the Debtors' One Hundred Forty-Third Omnibus Objection to Claims (Late-Filed Claims) [Docket No. 16856] (the "<u>143rd Claim Objection</u>"); and (b) the response, dated October 13, 2011 [Docket No. 20799] (the "<u>Second Response</u>," and together with the First Response, the "<u>Responses</u>") of AllianceBernstein to the Debtors' One Hundred Ninety-Eighth Omnibus Objection to Claims (Late-Filed Claims) [Docket No. 19902]   (the "<u>198th Claim Objection</u>," and together with the 143rd Claim Objection, the "<u>Claim Objections</u>").

2. I previously filed my declarations in support of  the Responses as, respectively, Exhibit B to the First Response (the "<u>First Declaration</u>") and Exhibit B to the Second Response (the "<u>Second Declaration</u>," and together with the First Declaration, the "<u>Original Declarations</u>").

3. This declaration supplements my Original Declarations.[1] The basis of my statements set forth in this Supplemental Declaration is the same as set forth in Paragraphs 2 and 3 of each of the Original Declarations.

**Error Correction Policy Applicable to the Funds**

4. Paragraph 9 of my First Declaration and Paragraph 5 of my Second Declaration describe the Independent Funds and the Pension Fund as subject to AllianceBernstein's error correction policy, set forth in its Statement of Policy Concerning Error Resolution, Escalation and Reporting, dated January 2009 (the "AB Error Correction Policy").

5. Prior to the enactment of that policy, the Independent Funds and the Pension Fund were subject to the error correction policy of AllianceBernstein's predecessor, Alliance Capital Management L.P., set forth in its Statement of Policy Concerning Error Resolution, Escalation and Reporting, dated June 2004 (the "ACM Error Correction Policy"). The ACM Error Correction Policy stated, in part:

> I. **Purpose**
>
> Alliance Capital Management L.P. ("Alliance," "we" or "us") is a registered investment adviser and acts as investment manager or adviser to investment companies and other clients. In this capacity, we serve as a fiduciary and owe our clients various duties under applicable laws and regulations including exercising skill, care and prudence in performing the services we have undertaken to perform for such clients. In performing these services, it is inevitable that errors will occur from time to time. This policy describes the reporting, escalation and error resolution policies designed to ensure that we meet the obligations we have made to our clients. Failure to follow this policy or the principles noted below could lead to regulatory violations, unnecessary financial liabilities and importantly, the loss of our clients' trust and confidence.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in my Original Declarations.

II. **Policy Statement**

Alliance seeks to operate, manage and administer client accounts in a manner consistent with its fiduciary responsibilities to clients and applicable regulatory requirements. To that end, we endeavor to reasonably foresee and reduce the risk of both unintentional errors (i.e., mechanical or systems errors or errors made in good faith) and intentional or quasi-intentional errors (i.e., errors based on negligent, reckless, or intentional conduct). When we make a mistake in performing one of our responsibilities it is our policy to correct the error in a fair and timely manner and in such a way that the client will not suffer any loss, including any identifiable opportunity cost and any associated expenses such as commission or interest. In other words, we must act promptly to put the client in the position they would have been in had we not made the error.

6. The changes to the above text from the ACM Error Correction Policy, which were incorporated into the AB Error Correction Policy (in the text quoted in Paragraph 9 of my First Declaration and Paragraph 5 of my Second Declaration), are as follows:

I. **Purpose**

~~Alliance Capital Management~~AllianceBernstein L.P. ("~~Alliance~~AB," "we" or "us") is a registered investment adviser ~~and~~who acts as investment manager or adviser to investment companies and other clients. In this capacity, we serve as a fiduciary and owe our clients various duties under applicable laws and regulations including exercising skill, care and prudence in performing the services we have undertaken to perform for ~~such clients~~each client. In performing these services, ~~it is inevitable that~~ errors ~~will~~may occur ~~from time to time~~. This policy describes the reporting, escalation and error resolution policies designed to ensure that we meet the obligations we have ~~made~~ to our clients. Failure to follow this policy or the principles noted below could lead to regulatory violations, unnecessary financial liabilities and ~~importantly,~~ the loss of our clients' trust and confidence.

II. **Policy Statement**

~~Alliance~~AB seeks to operate, manage and administer client accounts in a manner consistent with its fiduciary responsibilities to clients and applicable regulatory requirements. To that end, we endeavor to reasonably foresee and reduce the risk of ~~both unintentional errors (i.e., mechanical or systems errors or errors made in good faith) and intentional or quasi-intentional errors (i.e., errors based on negligent, reckless, or intentional conduct)~~errors. When we ~~make~~discover we have made a mistake in performing ~~one~~any of our responsibilities~~,~~ it is our policy to correct the error in a fair and timely manner and in such a way that the client will not suffer any loss, including any identifiable opportunity cost and any associated expenses such as

3

commission or interest. In other words, we must act promptly to put the client in the position they would have been in had we not made the error.

**Compensation Payments to Funds Related to Rule 3005 Claims, Pursuant to Error Correction Policy**

7.      Paragraph 11 of my First Declaration and Paragraph 7 of my Second Declaration stated that AllianceBernstein's books and records reflected its potential liability to the Funds from the failure to timely file their claims against LBSF and LBHI by the general claims bar date in these cases of September 22, 2009, and that such potential liability was included in the SEC Reports filed by AllianceBernstein.

8.      Since the filing of the Original Declarations, AllianceBernstein has, pursuant to its Error Correction Policy, paid the Funds compensation with respect to such potential liability, in amounts based on the market value of similar claims against LBSF and LBHI. AllianceBernstein based such amounts on the trading prices, at the time of its payments to the Funds, for similar bankruptcy claims in these Chapter 11 cases against LBSF and LBHI.

9.      I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 7, 2012

           ALLIANCEBERNSTEIN L.P.

           By:   /s/ James P. Wallin
                 James P. Wallin
                 Senior Vice President