**ALLEN & OVERY LLP**

1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile:  (212) 610-6399
Daniel Guyder
Jonathan Cho

*Counsel to The Stock Exchange*
*of Hong Kong Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                                 :
In re:                                                           :     Chapter 11
                                                                 :
LEHMAN BROTHERS HOLDINGS INC. *et al.*                           :     Case No. 08-13555 (JMP)
                                                                 :
                                                                 :     (Jointly Administered)
                                           Debtors.              :
                                                                 :
-----------------------------------------------------------------x

### RESPONSE OF THE STOCK EXCHANGE OF HONG KONG LIMITED TO DEBTORS' THREE-HUNDRED SEVENTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS) [DOCKET ENTRY NO. 31993] WITH RESPECT TO PROOF OF CLAIM NUMBER 31745

The Stock Exchange of Hong Kong Limited ("**HKSE**"), by and through its undersigned counsel, hereby submits this response (this "**Response**") to the *Three-Hundred Seventieth Omnibus Objection to Claims (No Liability Claims)* dated November 9, 2012 (the "**Objection**") of Lehman Brothers Holdings Inc., as Plan Administrator ("**LBHI**"), which seeks to disallow proof of claim number 31745 as filed by HKSE on or about September 22, 2009 against LBHI (the "**Claim**").  In support of this Response, HKSE respectfully states as follows:

## INTRODUCTION

1.    As LBHI notes in the Objection, the Claim relates to unpaid fees incurred by LBHI on September 12, 2008 in connection with its application to list a number of warrants on HKSE.  Specifically, on September 12, 2008, LBHI applied to HKSE to list 20 derivative warrants (the "**Warrants**") having a launch date of September 12 and an expected listing date of September 22, 2008.  To that end, on September 12, 2008, LBHI, having obtained clearance from HKSE, published the launch announcements for such Warrants, a copy of which is attached hereto as **Exhibit A**, on HKSE's website at http://www.hkexnews.com.hk.  However, as a result of LBHI's subsequent filing of this bankruptcy case on September 15, 2008, the Warrants were never issued and the listing was never completed.  Nonetheless, as discussed below, LBHI's obligation to pay the associated fees to HKSE under HKSE's listing rules arose when LBHI made the application to HKSE, regardless of the fact that the requested listing was never completed.  Accordingly, the Objection should be overruled and the Claim allowed in the amounts asserted therein.

### Rules Governing the Listing of Securities on HKSE

2.    Under the "Rules Governing the Listing of Securities on The Stock Exchange of Hong Kong Limited" (the "**Listing Rules**"), relevant excerpts of which are attached hereto as **Exhibit B**, listing fees for debt securities and structured products are payable by an applicant upon the submission of its application and prior to the actual listing of its product.  Specifically, Rule 15A.64, Chapter 15A (Structured Products) of Volume 1 of the Listing Rules provides that, as soon as practicable after the launch of a structured product <u>but before the listing of such product on HKSE</u>, an applicant <u>must </u>remit a listing fee determined in accordance with Appendix 8. Clause 1A(4)(b) of Appendix 8 of Volume 2 of the Listing Rules in turn not only controls the quantum of the listing fee, but further clarifies that an applicant seeking to list an issue of

structured products on HKSE is required to pay the fee in a single lump sum <u>upon the application</u> <u>of the listing</u>.

### The Claim

3.      On July 2, 2009, this Court entered an *Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* (the "**Bar Date Order**").

4.      Pursuant to the Bar Date Order, HKSE timely filed the Claim on September 22, 2009, asserting a claim against LBHI in the amount of HKD820,000 for the listing fees for the Warrants.  The Claim was assigned proof of claim number 31745.  On May 18, 2010, LBHI filed the *Fifteenth Omnibus Objection to Claims (Foreign Currency Claims)* [Docket Entry No. 9099], in which it sought to disallow the Claim on the basis that the Claim was not filed in US Dollars. In subsequent correspondence, LBHI agreed that HKSE could restate the amount of the Claim in US Dollars in the amount of USD105,128.21, reserving all other rights.

### The Objection

5.      On November 9, 2012, LBHI filed the Objection.  In the Objection, LBHI asserts that it is "not liable on any grounds" for the Claim and that the Claim does "not set forth any legal justification for asserting a claim, in whole or in part, against [LBHI]."  Objection ¶10. Specifically, LBHI states that it has no liability for the listing fees because "the warrants were never listed on the [HKSE] following the commencement of LBHI's chapter 11 case on Septemeber [sic] 15, 2008."  Objection, Exhibit A, pg. 2.  On that basis, LBHI seeks to disallow and expunge the Claim.

## ARGUMENT

### LBHI Does Not Provide Evidence to Rebut the Claim

6.      LBHI has failed its burden of proof to rebut the validity of the Claim.  It is well settled that a properly filed proof of claim "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).  Further, "because a properly filed proof of claim is deemed allowed until objected to, 'such allowance compels the objecting party to go forward and produce sufficient evidence to rebut the claimant's prima facie case.'"  *See In re Adelphia Communs. Corp.*, 2007 Bankr. LEXIS 660 at *16 (Bankr. S.D.N.Y. Feb. 20, 2007) (quoting *In re Greene*, 71 B.R. 104, 106 (Bankr. S.D.N.Y. 1987)).  A claimant only bears the burden of establishing the validity of its claim "'once an objectant offers sufficient evidence to overcome the prima facie validity of the claim.'"  *Id.*  (quoting *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000)).  Such evidence must be "in equal force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."  *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009).

7.      The sole stated basis on which LBHI objects to the Claim is that the Warrants were never listed following the commencement of its bankruptcy proceeding on September 15, 2008.  LBHI's position, however, is not supported by the Listing Rules that govern the payment of fees in connection with listing applications made to HKSE.  Under the relevant Listing Rules, which are attached hereto as Exhibit B, an applicant's obligation to pay listing fees is not contingent on the listing of its product on HKSE.  Rather, as noted above, an applicant is explicitly required to remit its listing fees as soon as practicable after the launch of its product but before such product is actually listed.  Indeed, initial listing fees for warrants on HKSE are always settled before listing occurs.  Here, the Warrants were launched on September 12, 2008, prior to LBHI's bankruptcy filing, and the listing fees became payable at that time

notwithstanding the fact that the contemplated listing ultimately did not occur.  LBHI's position is therefore contradicted by the express terms of the Listing Rules, and LBHI has otherwise failed the evidentiary burden necessary to support an objection to the Claim.

8.        Accordingly, the Objection should be denied with respect to the Claim based on LBHI's failure to present any basis for the Objection sufficient to negate the *prima facie* validity of the Claim.  To the contrary, the applicable Listing Rules provide further proof of the validity of the Claim against LBHI.  To the extent that this Court does not overrule the Objection, HKSE reserves the right to (a) supplement or otherwise amend this Response to the Objection; and (b) request, if necessary, a full evidentiary hearing pursuant to Rule 9014(e) of the Bankruptcy Rules and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the scope of LBHI's obligation to pay the listing fees and to determine the proper amounts of the Claim.

## CONCLUSION

WHEREFORE, for the foregoing reasons, HKSE respectfully requests that this Court (i) deny LBHI's Objection to the Claim, (ii) allow the Claim in the amounts asserted therein in USD as noted in the Claim, and (iii) grant such further relief as this Court deems just and proper.

Dated:  December 10, 2012
New York, NY

ALLEN & OVERY LLP
By: /s/ Daniel Guyder
Daniel Guyder
Jonathan Cho
1221 Avenue of the Americas
New York, New York 10020
Telephone (212) 610-6300
Facsimile (212) 610-6399
daniel.guyder@allenovery.com
jonathan.cho@allenovery.com

*Counsel to The Stock Exchange*
*of Hong Kong Limited*