Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,

Case No. 08-13555 (JMP)
(**Jointly Administered**)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee

Name of Transferor

Deutsche Bank AG, London Branch

Heart of La Défense, SAS

Name and Address where notices to transferee should be sent:

Deutsche Bank AG, London Branch
Winchester House, 1 Great Winchester Street
London EC2N 2DB
Tel: +44 20 7547 2400
Fax: +44 113 336 2010
Attention: Michael Sutton
E-mail:  michael.sutton@db.com

Court Claim # (if known):  57740 (amending 30745)

Amount of Claim: USD 27,906,002.47
(FULL TRANSFER)

Date Claim Filed: 30 October  2009

Tel: N/A
Last Four Digits of Acct. #:  N/A

Last Four Digits of Acct. #:  N/A

Name and Address where transferee payments should be sent (if different from above):

Tel: +44 20 7547 2400
Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____
    Transferee

Date:  7  December  2012

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

*FULL Transfer of LBHI Claim # 57740 (amending 30745)*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Heart of La Défense, SAS** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Deutsche Bank AG, London Branch** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) all Seller's right, title and interest in and to Proof of Claim Number 57740 (amending 30745) filed, in the amount of **$ 27,906,002.47**, by or on behalf of Seller (a copy of which is attached at Schedule 1 hereto) (the "Proof of Claim") against **Lehman Brothers Holdings, Inc.**, the debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the claims referred to in the Proof of Claim (the "Claims"), including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Claims, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Claims, but only to the extent related to the Claims, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims").

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on September 22, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim against Debtor; (b) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (c) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; and (d) neither Seller nor any of its predecessors-in-title has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 5 day of ~~November~~ 2012.
                                                    December

HEART OF LA DEFENSE, SAS

By:
Name:
Title:

By:
Name:
Title:

DEUTSCHE BANK AG, LONDON BRANCH

By:
Name:    Michael Sutton
Title:    Managing Director

By:
Name:    Philipp Roever
Title:    Vice President

Winchester House
1. Great Winchester Street
London EC2N 2DB
ENGLAND
Attn: Michael Sutton

Schedule 1

Copy of Proof of Claim 57740 (amending 30745)

Schedule 1-1

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| | Chapter 11 |
|---|---|
| In Re: | Case No. 08-13555 (JMP) |
| Lehman Brothers Holdings Inc., et al | (Jointly Administered) |
| Debtors | |

Name of Debtor Against Which Claim is Held | Case No. of Debtor
Lehman Brothers Holdings Inc. | 08-13555 (JMP)

**PROOF OF CLAIM**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al
08-13555 (JMP)          0000057740

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
LBH (CREDITOR: DBF, CREDNUM) CREDNUM # 1000249834****

HEART OF LA DEFENSE SAS
CIO THEVENOT & PERDEREAU
131, BOULEVARD MALESHERBES
PARIS 75017
FRANCE

Telephone number:          Email Address:

Name and address where payment should be sent (if different from above)

Telephone number:          Email Address:

☑ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** 30745
(If known)

Filed on: 9/22/2009

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

1. Amount of Claim as of Date Case Filed: $ 27,906,002.47

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: See Attached
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☑ Other

Describe: See Attached
Value of Property: $_____  Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____  Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| 22.10.09 | G. / de BOISGROLLIER  President |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$_____

FOR COURT USE ONLY

**FILED / RECEIVED**

OCT 3 0 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | |
|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a):**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined as section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.)

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

### *In re Lehman Brothers Holdings Inc.*

#### Amended Proof of Claim of Heart of La Defense SAS

Heart of La Defense SAS (the "**Company**") is a French *société par actions simplifiée*, and an indirect subsidiary of Lehman Brothers Holdings Inc. ("**LBHI**"). The Company and its direct parent, Dame Luxembourg, a Luxembourg *société à responsabilité limitée*, are both the subject of French insolvency proceedings (*procédure de sauvegarde*), currently pending in the Commercial Court of Paris.

The Company, hereby files this amended proof of claim (the "**Proof of Claim**") for amounts due to the Company's estate from LBHI, pursuant to its guarantee of obligations under transactions between the Company and Lehman Brothers International (Europe) ("**LBIE**"), a subsidiary of LBHI which is currently the subject of an administration under UK law (the "**UK Administration**").[1] This Proof of Claim amends Claim No.: 30745 which was filed on 9/22/09.

The Company entered into that certain 1992 ISDA Master Agreement (Multicurrency-Cross Border) dated as of August 10, 2007 with LBIE (the "**Company Agreement**"). LBHI, the parent of LBIE, issued a guarantee of LBIE's obligations under the Company Agreement, dated August 10, 2007 (the "**Company Guarantee**"). The Company Agreement and the Company Guarantee are hereafter referred to as the "**Transaction Documents**").The Agreement designates the Debtor as the Credit Support Provider with respect to LBIE.[2]

On September 15, 2008, the UK Administration with respect to LBIE was commenced and LBHI filed for bankruptcy protection under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). Both these events gave rise to Events of Default under Section 5(a)(vii) of the Agreement.[3] Based upon such Events of Default, pursuant to Section 6(a) of the Agreement, the Company provided LBIE with a Notice of Early Termination Date under ISDA

---

[1] The documents supporting this claim are being filed on that dedicated website created for an online questionnaire relating to derivative contract claims (www.lehman-claims.com), as set out in further detail in the Bar Date Order entered in this case on July 2, 2009. Claimants reserve the right to supplement this Proof of Claim with relevant documents, to the extent necessary.

[2] In addition, certain transactions entered into between LBIE and SCI Karanis, a French *société civile immobilière*, pursuant to that certain 1992 ISDA Master Agreement (Multicurrency-Cross Border) dated as of August 10, 2007 were transferred to the Company Agreement after September 5, 2007, when SCI Karanis was wound up and all its assets and liabilities were transferred to the Company. The transaction identification number for this transaction is 3217674 (previously 3022183).

[3] All capitalized terms not defined herein shall have the meaning set forth in the Agreement.

Master Agreement on September 18, 2009 and designated September 18, 2009, as an Early Termination Date in respect of each of the transactions under the Agreement.

Pursuant to Section 6(d)(i) of the Agreement, the Company notified LBIE that the amount owing under Section 6(e) in respect of the Transactions was US $22,586,936.06 in aggregate and that the amount owing under Section 11 in respect of the transactions under the Agreement was US $5,319,066.41 (together, the total termination amount, US $27,906,002.47, the "**Claim Amount**"). The Company has not received payment of such Claim Amount, and as such is submitting this Proof of Claim pursuant to the Guarantee. The Company plans to submit a claim in the UK Administration of LBIE for the same amounts.

The Claimant further reserves its right to amend or supplement this Proof of Claim or to file additional proofs of claim for any and all damages and expenses, including but not limited to legal fees, with respect to the Transaction Documents, pursuant to Section 11 of the Agreement.

The claims set forth herein may be secured by a right of set-off against certain amounts owing by the Company and/or its affiliates to LBHI, LBIE or any other Lehman Brothers affiliate ("**Lehman Brothers**"). To the extent that Lehman Brothers asserts claims against the Company of any kind, the Company reserves the right to assert that such claims by Lehman Brothers are subject to rights of set-off and/or recoupment, which rights are treated as secured claims under the Bankruptcy Code. To the extent that Lehman Brothers or any other party takes any action that would give rise to a right of counterclaim or other rights or claims any Claimant may have against Lehman Brothers, the Company reserves all of its rights.

To the extent that the Company has rights to set-off or recoup the amount of their claims under 11 U.S.C. § 553 against any claims, defenses, or set-offs Lehman Brothers or its estate may have or might assert against the Company, the Company asserts a secured claim. In addition, the filing of this Proof of Claim does not waive any right to any security held by or on behalf of the Company or its rights to claim specific assets or any other rights or rights of action that it has or may have against Lehman Brothers, and the Company expressly reserves such rights.

The Company further reserves the right to (i) amend, clarify, modify, update or supplement this Proof of Claim at any time and in any respect, including without limitation to assert additional claims or additional grounds for its claims, and/or to specify the amount of the Company's contingent, unmatured and/or unliquidated claims as they become non-contingent, matured and/or liquidated; (ii) file additional proofs of claim at any time and in any respect; and (iii) file a request for payment of administrative or priority expenses in accordance with 11 U.S.C. §§ 503(b) and 507(a).

By filing this Proof of Claim, the Company does not waive, and specifically preserves, any procedural and substantive defenses to any claim that may be asserted against it by LBHI, Lehman Brothers or any other party.

The Company reserves all rights accruing to it against LBHI and its affiliates (and their respective estates), and the filing of this Proof of Claim is not intended to be and shall not be construed as (a) an election of remedy or (b) a waiver or limitation of any of the Company's

2

rights. In addition, the Company reserves the right to withdraw this Proof of Claim with respect to their claims for any reason whatsoever.

This Proof of Claim shall not be deemed to be a waiver of the Company's right (i) to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases; (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal; or (iv) to any other rights, claims, actions, set-offs, or recoupments to which the Company is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses, set-offs, and recoupments the Company expressly reserves.

The Company, by the filing of this Proof of Claim, does not submit to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this Proof of Claim.

This Proof of Claim is in addition to, and does not supersede, any other proofs of claim filed by the Company against LBHI or its affiliates. Additionally, this Proof of Claim shall not prejudice the rights of the Company to file any other requests for payment or proofs of claim against LBHI or its affiliates, including claims for the same or additional amounts as claimed herein.

3

# GIBSON, DUNN & CRUTCHER LLP

10/29/2009

## M E M O R A N D U M

### VIA OVERNIGHT DELIVERY

TO:     Epiq Bankruptcy Solutions, LLC
        Attn: Lehman Brothers Holdings Claims Processing
        757 Third Avenue, 3rd Floor
        New York, NY 10017

FROM:   Rachel Castelino

RE:     Amended Heart of La Defense - Claims against LBHI

---

Attached for filing please find an original, signed amended proof of claim to be filed by Heart of La Defense SAS in the Lehman Brothers Holdings Inc. *et al* chapter 11 bankruptcy cases, jointly administered in the United States Bankruptcy Court for the Southern District of New York under Case No. 08-13555 (JMP).

The amended claim of Heart of La Defense SAS is against LBHI under a parent guarantee of obligations under an ISDA with Lehman Brothers International (Europe), aggregating to USD $27,906,002.47. This claim amends Claim No.: 30745 which was filed on September 22, 2009.

Enclosed please also find a copy of the proof of claim. Please return the file-stamped copies with the assigned claim numbers to me for my records. Also enclosed is a self-addressed stamped envelope for return of the file-stamped copy.

Should you have questions, please feel free to contact me at (212) 351-2403. You can also reach me at rcastelino@gibsondunn.com.

Very best regards,

Rachel Castelino

RC/rc

