WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter Gruenberger
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                         :
In re                                    :    Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :    08-13555 (JMP)
                                         :
              Debtors.                   :    (Jointly Administered)
                                         :
                                         :
------------------------------------------------------------x
```

**CERTIFICATE OF NO OBJECTION
REGARDING LEHMAN BROTHERS HOLDINGS INC.'S
MOTION FOR AN ORDER AMENDING THE ORDER PURSUANT
TO SECTION 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9014,
AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS
TO IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE
DISPUTE RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

The undersigned hereby certifies as follows:

On November 20, 2012, Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, filed the *Motion for an Order Amending the Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-*

*390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors* [ECF No. 32212] (the "Motion").

In accordance with the *Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures*, dated June 17, 2010 [ECF No. 9635] (the "Second Amended Case Management Order"), LBHI established November 29, 2012 at 4:00 p.m. (Prevailing Eastern Time) as the deadline for parties to object or file responses to the Motion (the "Objection Deadline").

The Objection Deadline has now passed and, to the best of my knowledge, except as set forth herein, no objection or other responsive pleading to the Motion has been filed with the Court on the docket of the above-referenced chapter 11 cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motion been served on LBHI's attorneys.

On November 29, 2012, Giants Stadium LLC ("GSLLC") filed the *Objection of Giants Stadium LLC to Debtors' Motion to Amend Alternative Dispute Resolution Procedures for Claims Against Debtors* [ECF No. 32430] (the "GSLLC Objection"). Also on November 29, 2012, FYI Ltd., FFI Fund Ltd. and Olifant Fund, Ltd. (collectively, the "Funds") filed *FYI Ltd., FFI Fund Ltd. and Olifant Fund, Ltd.'s Objection to Lehman Brothers Holdings Inc.'s Motion for an Order Amending the Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors* [ECF No. 32449] (the "Funds Objection," and, together with the GSLLC Objection, the "Objections").

LBHI fully resolved the Objections by agreeing to add the following bolded language in the last decretal paragraph of page 2 of the proposed Order: "ORDERED that the

2

relief granted herein shall apply to all unresolved claims, **except, by way of settlement of their objections to the relief sought herein, to the claims (or any future amended claims) of Giants Stadium LLC, FYI Ltd., FFI Fund Ltd. and Olifant Fund, Ltd., and each of their current and future successors and assigns,** regardless of whether or not an objection to a claim has yet been filed." GSLLC and the Funds do not object to the entry of the proposed Order approving the Motion upon a certificate of no objection.

Accordingly, for the reasons set forth in the Motion, LBHI respectfully requests that the Court enter the proposed Order, which is annexed hereto as <u>Exhibit A</u> and, except as set forth herein, unmodified since the filing of the Motion.

I declare that the foregoing is true and correct.

Dated: December 10, 2012
      New York, New York

/s/ Robert J. Lemons
Peter Gruenberger
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

## Exhibit A

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
In re                                                            :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                                 :
            Debtors.                                        :    (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x

### ORDER AMENDING THE ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9014, AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS TO IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS

Upon the motion, dated November 20, 2012, of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), for an order amending the *Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors* (as amended and/or modified, the "Claims ADR Procedures Order") [ECF No. 8474] (the "Motion"),[1] all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635] to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) all claimants holding unresolved claims; and (vi) all parties who have requested notice in these chapter 11 cases; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the proviso containing the Mediation Cap is stricken from the Claims ADR Procedures Order such that paragraph 5(f) on page 8 of the Claims ADR Procedures shall read in its entirety as follows: "The Mediation shall conclude upon request of either party and concurrence by the Mediator."; and it is further

ORDERED that all terms of the Claims ADR Procedures Order shall otherwise continue to apply and remain in full force and effect without modification; and it is further

ORDERED that the relief granted herein shall apply to all unresolved claims, except, by way of settlement of their objections to the relief sought herein, to the claims (or any future amended claims) of Giants Stadium LLC, FYI Ltd., FFI Fund Ltd. and Olifant Fund, Ltd., and each of their current and future successors and assigns, regardless of whether or not an

2

objection to a claim has yet been filed; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE

3