| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | | Hearing Date: December 19, 2012<br>Hearing Time: 10:00 a.m. |
| ------------------------------------------------------X | : | |
| In re | : | |
| | : | Case No. 08-13555 (JMP) |
| LEHMAN BROTHERS<br>HOLDINGS INC., et al., | :<br>: | Chapter 11 |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| ------------------------------------------------------X | | |

**SUPPLEMENT TO OMNIBUS OBJECTION OF THE UNITED STATES TRUSTEE
TO CREDITORS' APPLICATIONS FOR REIMBURSEMENT OF
PROFESSIONAL FEES AND EXPENSES**

**TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE**:

The United States Trustee for Region 2 (the "United States Trustee") respectfully submits this Supplement to her Omnibus Objection (the "Objection") of the United States Trustee to Creditors' Applications for Reimbursement of Professional Fees and Expenses. ECF Doc. No. 25384. In support of her Objection, the United States Trustee represents and alleges as follows:

**INTRODUCTION**

Milbank Tweed Hadley & McCloy ("Milbank") should not be permitted to represent the individual committee members in this matter. Pursuant to the confirmed plan of reorganization in these cases, the official committee continues to exist to, among other things, perform all functions related to the review of pre-effective date fees. Committee counsel's retention also continues in order for counsel to assist the Committee in such matters. As the Court is aware, individual committee members seek the reimbursement of their professional fees incurred prior to the effective date.

1

Because the Committee and its counsel has a duty to all unsecured creditors and must review those fees, it is a blatant conflict of interest for Milbank to both review the fees on behalf of the Committee and simultaneously seek payment of those fees on behalf of the individual committee members. Indeed, the original application for the individual committee members' fees was signed by counsel to each individual applicant. The reply to the United States Trustee's Objection, however, was signed by Milbank. Accordingly, the United States Trustee objects to Milbank's representation of the individual committee members seeking the reimbursement of their professionals' fees. The United States Trustee also objects to the payment by the Debtors' post-confirmation estates of any fees associated with Milbank's representation of the individual Committee members.

## FACTS

1. On September 15, 2008 (the "Petition Date"), and periodically thereafter, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee"). ECF Doc. No. 62. The constitution of the Committee has been amended subsequently from time to time. See ECF Doc. Nos. 592, 6217, 7034.

3. During the course of these cases, the Committee retained Milbank as counsel. ECF Doc. Nos. 1404 and 1654.

4. On December 6, 2011, the Court entered an order confirming the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"). ECF Doc. No. 23023.

5.     Pursuant to Section 15.1 of the Plan, after the Effective Date of the Plan, the Committee will continue for the purpose of, among other things, "all matters related to professional fees." Plan at Section 15.1 (a). Furthermore, the Plan also provides that Committee counsel's retention is not terminated with respect to such matters. Id. Specifically, Section 15.1(a) provides as follows:

> On the Effective Date, the Creditors' Committee shall be dissolved for all purposes **other than** implementation of the Plan through the date of the initial Distribution in accordance with Section 8.3 of the Plan, (ii) defending any appeals from the Confirmation Order to final disposition of such appeals, and (iii) **all matters relating to professional fees** and the fee committee appointed in the Chapter 11 Cases for the period prior to the Effective Date. Following the Effective Date, the litigation and derivatives subcommittees of the Creditors' Committee may continue functioning for the limited purposes of (i) resolving pending litigation and (ii) subject to approval of the post-Effective Date board of directors of LBHI, other litigation and derivatives matters as to which, currently, the subcommittees are involved, and shall be recommended by the applicable subcommittee and the Plan Administrator. **Other than with respect to the foregoing**, the members of the Creditors' Committee shall be released and discharged of and from all further authority, duties, responsibilities, and obligations related to and arising from and in connection with the Chapter 11 Cases, and **the retention or employment of the Creditors' Committee's attorneys, accountants, and other agents shall terminate.** The Debtors shall pay the reasonable fees and expenses of the professionals retained by and shall reimburse the members of the remaining subcommittees for reasonable disbursements incurred, including the reasonable fees of counsel, in connection with the foregoing from and after the Effective Date. If a member of a subcommittee becomes unable to serve on a subcommittee or resigns after the Effective Date, the remaining members may replace such member, continue to discharge the subcommittee's roles, or dissolve by a majority vote of the remaining members. Each of the subcommittees shall be deemed dissolved upon the earliest to occur of (i) voluntary agreement of the members of the subcommittee, (ii) the completion of the subcommittee's responsibilities, and (iv) the Closing Date.

Id. (emphasis added).

6.     On January 15, 2012, the individual members of the Committee, and the indenture trustees, filed an Omnibus Application Pursuant to Bankruptcy Code section 1129(a)(4), or, alternatively, sections 503(b)(3)(D) and 503(b)(4) for the Payment of Fees and Reimbursement of

3

Expenses (the "Omnibus Application"). ECF Doc. No. 24762. The Omnibus Application was signed by the attorneys for each individual applicant. Id.

7. On November 15, 2012, Milbank filed a reply (the "Reply") to the United States Trustee's Objection. ECF Doc. 32129. The attorneys for the individual Applicants did not sign this pleading.

**OBJECTION**

8. Pursuant to Bankruptcy Code § 1103, a professional "retained to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case." 11 U.S.C. § 1103(b).

9. The term "adverse interest" is not defined in the Bankruptcy Code. In re Caldor, Inc.-N.Y., 193 B.R. 165, 171 (Bankr. S.D.N.Y. 1996). However, a court will determine whether a committee's professional has an adverse interest by examining if the professional's representation of another interest creates a meaningful incentive to act contrary to the best interest of the committee. Id. Stated differently, an adverse interest exists if a professional's representation of another interest would cause the professional to act any differently than the professional would without that representation. In re Leslie Fay Cos., 175 B.R. 525, 533 (Bankr. S.D.N.Y. 1994).

10. While representing the Committee, Milbank has a fiduciary duty to all unsecured creditors, not any individual creditor. Matter of Levy, 54 B.R 805, 807 (Bankr. S.D.N.Y.1985)(counsel to creditors committee does not represent any individual creditor, but rather the entire unsecured class). Milbank also has a duty to seek the greatest return for all unsecured creditors. See In re Drexel Burnham Lambert Group, Inc., 138 B.R. 717 (Bankr.S.D.N.Y.1992)

(counsel for unsecured committee owes fiduciary duty to all unsecured claimants). In order to do so, the Committee, and its professionals, must review all fee requests. This review will necessarily include an analysis of the applications of the individual members of the Committee.

11. While seeking to review fee applications, including those sought by the individual Committee members, on one side of the table, Milbank will also be representing the individual committee members seeking those fees on the other side of the table. This is clearly the representation of two adverse interests by Milbank. Accordingly, Milbank should be barred from acting as counsel to the individual committee members. See In the Matter of Trust America Service Corporation, 175 B.R. 413 (Bankr. M.D. Fla. 1994)(actual conflict of interest exists where accounting firm simultaneously represented creditors committee and performed services for large unsecured creditor of the debtors that were adverse to the interest of the debtors); In re CVC, Inc., 120 B.R. 874, 877 (Bankr. N.D. Ohio 1990)(actual conflict of interest exists where debtor's accountant was also employed by third party interested in purchasing debtor's assets); In the Matter of Oliver's Stores, Inc., 79 B.R. 588 (Bankr. D. N.J. 1987)(attorney and accounting firm representing committee could not represent individual creditors where committee and individual creditors may compete to recover the same pool of damages).

12. There are many law firms that the individual Committee members could retain, none of which has a duty of loyalty to the Committee. Surely the Committee members can find a firm other than Milbank, the firm charged with advising the Committee on professional fees. At the very least, Milbank's representation of the individual Committee members gives an

appearance of impropriety which should be avoided at all costs. Cf. In re Glenn Elec. Sales Corp., 99 B.R. 596, 601 (D.N.J. 1988)("the bankruptcy rules incorporate considerations which are the equivalent of Canon 9's "appearance of impropriety" standard"); In re Granite Partners, L.P., 219 B.R. 22, 35 (Bankr. S.D.N.Y. 1998)("Section 327(a) nevertheless retains the "appearance of impropriety" standard.").

13. Finally, the United States Trustee objects to the payment by the Debtors' post-confirmation estates of any fees associated with Milbank's representation of the individual Committee members. Such fees should only be paid by the parties that benefitted from such services, the individual committee members themselves.

## CONCLUSION

Based on the foregoing, the United States Trustee requests that the Court deny Milbank's standing to represent the individual Committee members and grant other relief as is just.

Dated: New York, NY
December 12, 2012

        Respectfully submitted,

        TRACY HOPE DAVIS
        UNITED STATES TRUSTEE

By:    */s/Susan D. Golden*
        Susan D. Golden
        Paul K. Schwartzberg
        Trial Attorneys
        33 Whitehall Street, 21st Floor
        New York, New York 10022
        (212) 510-0500