B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc., et al., Debtors.

Case No. 08-13555 (JMP)
(Jointly Administered)

# PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Jade Tree I, L.L.C.** | **JPMorgan Chase Bank, N.A.** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

P.O. Box 6463
New York, New York 10150
E-mail: loans@jadetree.net
Phone: N/A
Last Four Digits of Acct #: N/A

With a copy to:
Esbin & Alter, LLP
497 South Main Street
New City, New York 10956
Attention: Scott L. Esbin
Phone: 845-634-7909
Facsimile: 845-634-4160
E-Mail: sesbin@esbinalter.com

Name and Address where transferee payments should be sent (if different from above): N/A

Court Claim # (if known): 28105
Total Amount of Claim as Filed: $999,304,164.16
Total Allowed Amount of Claim: $826,484,029.00
Allowed Amount of Claim to be Transferred: $50,000,000.00

Date Claim Filed: 09/22/2009
Debtor: Lehman Brothers Holdings Inc.

Name and Address of Transferor:

JPMorgan Chase Bank, N.A.
c/o J.P. Morgan Securities LLC
Mail Code: NY1-M138
383 Madison Avenue - Floor 37
New York, New York 10179
ATTN: Jeffrey L. Panzo
Telephone: (212) 834-5857
Facsimile: (212) 270-4074
Email: Jeffrey.L.Panzo@jpmorgan.com

**\*\*PLEASE SEE ATTACHED DOCUMENTS\*\***

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**JADE TREE I, L.L.C.**

By: _____          Date: December 11, 2012
Name of Transferee/Transferee's Agent
Scott L. Esbin/Authorized Signatory
*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

<u>Exhibit A</u>

Evidence of Transfer from Transferor to Transferee

## EVIDENCE OF PARTIAL TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, **JPMorgan Chase Bank, N.A.**, with offices at c/o J.P. Morgan Securities LLC, Mail Code: NY1-M138, 383 Madison Avenue, Floor 37, New York, New York 10179, ATTN: Jeffrey L. Panzo ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Jade Tree I, L.L.C.** ("Purchaser") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) against Lehman Brothers Holdings Inc. (the "Debtor"), the debtor in Case No. 08-13555 pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), to the extent of $50,000,000.00, and the relevant portion of Proof of Claim No. 28105.

Seller hereby waives any objection to the transfer of the claim to Purchaser on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Purchaser the foregoing claim, recognizing Purchaser as the sole owner and holder of the claim, and directing that all payments or distributions of money or property in respect of the claim be delivered or made to Purchaser.

IN WITNESS WHEREOF, this EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this _11_ day of December, 2012.

JPMORGAN CHASE BANK, N.A.

By: _____
Name: _____ Alexander Wilk
Title: _____ Authorized Signatory

JADE TREE I, L.L.C.

By: _____
Name: Scott Esbin
Title: Authorized Signatory

15

<u>Exhibit B</u>

Proof of Claim

| United States Bankruptcy Court/Southern District of New York | | PROOF OF CLAIM |
|---|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| Lehman Brothers Holdings Inc. | 08-13555 |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000028105

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) | with a copy to: |
|---|---|
| Goldman Sachs International<br>Peterborough Court<br>133 Fleet Street<br>London EC4A 2BB | Cleary Gottlieb Steen & Hamilton LLP<br>Attention: Seth Grosshandler, Esq.<br>One Liberty Plaza<br>New York, NY 10006 |

Telephone number: 44 20 7774 1400   Email Address: John.Tribolati@gs.com

Name and address where payment should be sent (if different from above)

Please see attached for account
and wire details.

Telephone number:               Email Address:

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim
Number:_____
(If known)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ Please see attached.
If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2. Basis for Claim: Please see attached.
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other

Describe:

Value of Property: $_____   Annual Interest Rate _____ %
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection:

Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:
$_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain.

**FOR COURT USE ONLY**

**FILED / RECEIVED**

**SEP 22 2009**

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date:<br>9.17.09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>John H. Tribolati, Managing Director |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

### Name of Debtor, and Case Number:
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13903 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

### Creditor's Name and Address:
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

### 1. Amount of Claim as of Date Case Filed:
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

### 2. Basis for Claim:
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

### 3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

### 3a. Debtor May Have Scheduled Account As:
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

### 4. Secured Claim:
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due as of the date of the bankruptcy filing.

### 5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

### 6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

### 7. Credits:
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

### 8. Documents:
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

### Date and Signature:
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150-5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.)

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009

---

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

## ATTACHMENT TO PROOF OF CLAIM FORM
## OF GOLDMAN SACHS INTERNATIONAL

This proof of claim (the "Claim") is submitted by Goldman Sachs International, a company duly organized and existing under the laws of England and Wales ("GSI"), which maintains an office at Peterborough Court, 133 Fleet Street, London EC4A 2BB. This attachment is incorporated into the proof of claim form to which it is attached.

As more specifically described below, GSI hereby asserts a claim against Lehman Brothers Holdings Inc. ("LBHI") in an amount not less than $999,304,164.16, arising pursuant to the terms and conditions of a certain Guarantee (as defined below) by LBHI of transactions entered into pursuant to an ISDA Master Agreement between GSI and Lehman Brothers Special Financing Inc. ("LBSF").

I.    Background

On September 15, 2008, LBHI filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

On July 2, 2009, the Bankruptcy Court entered an Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order") [D.I. 4271 in Case No. 08-13555 (JMP)]. Pursuant to the Bar Date Order, the Bankruptcy Court set September 22, 2009 at 5:00 p.m. as the bar date (the "Bar Date") for each person or entity to file proofs of claim based on pre-petition claims against LBHI, with certain specific exceptions as provided for in the Bar Date Order. In addition, the Bar Date Order provides that on or before October 22, 2009 at 5:00 pm (the "Questionnaire Deadline") holders of claims based on amounts owed pursuant to Derivative

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

Contracts or Guarantees (each as defined in the Bar Date Order) must complete the electronic

Derivative Questionnaire or Guarantee Questionnaire, as applicable, and electronically upload

supporting documentation to a website maintained by Epiq Bankruptcy Solutions, LLC (the

"Website") rather than attach such documents to the proof of claim.

Through this Claim, GSI asserts claims for amounts owed by LBHI to GSI

pursuant to a Guarantee (as defined below) of Derivative Contracts.  In accordance with the Bar

Date Order, GSI will complete the Guarantee Questionnaire as well as electronically upload

supporting documentation to the Website by the Questionnaire Deadline.  GSI will also complete

the Derivative Questionnaire in the LBSF chapter 11 proceeding in connection with the filing of

its proof of claim against LBSF.

II.    The Claim

GSI hereby asserts a claim against LBHI arising pursuant to the terms and

conditions of a Guarantee Agreement issued by LBHI to GSI dated as of February 4, 2003 (the

"Guarantee"), which is related to the 1992 ISDA Master Agreement (Multicurrency – Cross

Border) between GSI and LBSF dated as of February 4, 2003, along with a related Credit

Support Annex to the ISDA Master Agreement dated as of the same date and a related Close Out

Amount Multilateral Agreement dated August 29, 2008 among GSI, LBSF and other parties

(collectively, and together with the Guarantee, and together with all schedules and confirmations

thereto, and as the same have been amended, supplemented and otherwise modified, the "ISDA

Master").  Pursuant to the Guarantee, LBHI unconditionally guaranteed the due and punctual

payment of all amounts payable by LBSF under each Transaction when due in accordance with

the terms of the ISDA Master.  The ISDA Master, including the Guarantee, is subject to one or

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

more of the "safe harbor" provisions of the Bankruptcy Code. See, e.g., 11 U.S.C. §§ 362(b), 546, 553, 555, 556, 559, 560, 561 and 562.

As set forth in the Notice of Event of Default under ISDA Master Agreement dated September 15, 2008, as a result of the commencement of the LBHI bankruptcy proceeding, an Event of Default occurred with respect to LBSF's Credit Support Provider (as defined in the ISDA Master) under Section 5(a)(vii) of the ISDA Master, and GSI designated September 15, 2008 as the Early Termination Date (as defined in the ISDA Master) in respect of all outstanding Transactions.

As detailed in the statement under Section 6(d) of the ISDA Master to be dated September 22, 2009 and to be delivered on such date (including the exhibits attached thereto, the "Calculation Statement"), GSI determined that pursuant to the provisions of the ISDA Master, at least $999,304,164.16 is due and payable to GSI under that agreement (the "Termination Amount"). GSI hereby asserts an unsecured claim against LBHI for the Termination Amount under the Guarantee (subject to any right to set-off that might arise from claims that LBHI may assert or has asserted against GSI or otherwise).

As described in the Calculation Statement, GSI and LBSF were parties to over 20,000 Transactions under the ISDA Master with an aggregate notional amount of approximately $265 billion as of the Early Termination Date, covering a variety of transaction types. Beginning on the Early Termination Date, GSI followed a number of procedures to determine the replacement cost associated with the termination of the Terminated Transactions (as defined in the ISDA Master) and determine Close-out Amounts (as defined in the ISDA Master) in accordance with the provisions of the ISDA Master. GSI's efforts in this regard utilized information from a number of sources, including without limitation (i) prices at which

3

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

transactions were executed that exactly replaced Terminated Transactions (though instances of

exact replacement trades were few), (ii) firm quotations and/or indicative quotations from dealers

for transactions that would replace all or a portion of Terminated Transactions, or that would

replace the material economic substance of all or a portion of Terminated Transactions, (iii)

market prices as reflected in "screen shots" for commonly executed trades and indices, or as

reported by leading third-party market sources, pricing services, broker surveys and other similar

sources, and (iv) GSI proprietary models used in the normal course of its business trading in the

relevant markets. The market data yielded by the sources described above were utilized to

determine, as of the Early Termination Date (or, in certain cases where a variety of factors made

determinations on the Early Termination Date unreasonable or impracticable, in almost every

case within two business days after the Early Termination Date) the cost of replacing the

material economic terms of such Transactions, as further described below.

　　　　The definition of Close-out Amount in the ISDA Master permits GSI, as

Determining Party (as defined in the ISDA Master), to determine the Close-out Amount based on

the cost it would incur by replacing each Terminated Transaction. The replacement cost to GSI

necessarily includes the difference between the mid-market value of the transaction and either

the bid price or the offer price, depending on GSI's side of the market. Applying a bid or offer

spread to the mid-market value of each Terminated Transaction on a trade-by-trade basis is a

measurement of replacement cost that is permitted by the ISDA Master.

　　　　In some cases, however, rather than applying a bid or offer spread to each

individual Transaction, GSI determined that replacement cost should be based on the netted bid

offer amounts in order to produce a commercially reasonable result. That is, GSI netted out or

eliminated bid offer spreads on pairs or groups of Terminated Transactions where the underlying

4

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

risks offset each other, in whole or in part. Thus, it has not included the full replacement cost for

each such Transaction; rather, GSI first determined the net risk remaining after such offset based

on the mid-market values of the netted transactions, and then calculated the cost of replacing that

net risk from its side of the market. For Terminated Transactions that were not offset by others,

full replacement cost has been included in the calculation.

The effect of this netting was to significantly reduce the amount of bid-offer

spread included in the aggregate cost of replacing the Terminated Transactions, which in turn

reduced the amount payable by LBSF to GSI (exclusive of interest and expenses) from the

approximate $1.5 billion that would have been payable by LBSF if calculated on a Transaction

by Transaction basis, to $997,165,410.27.

Both the application of the contractual netting provisions described above and the

exercise of contractual rights under a security agreement or arrangement or other credit

enhancement forming a part of or related to the ISDA Master are consistent with and protected

by applicable law, including the Bankruptcy Code;[1] nevertheless, should it be determined that

such netting or exercise of contractual rights was not effective for any reason, as a precaution

GSI hereby asserts, in the alternative, a contingent unsecured guarantee claim under the

Guarantee for any gross amounts owed by LBSF pursuant to the terms and conditions of the

ISDA Master.

Under Section 6(d)(ii) of the ISDA Master, GSI is entitled to interest on the

Termination Amount (exclusive of expenses) commencing on September 15, 2008 through the

---

[1] As noted in the Calculation Statement, the amount of posted collateral might not include accrued interest for a
short period prior to the Early Termination Date; in such event, the amount of posted collateral (and the Termination
Amount) will be updated in the Derivative Questionnaire.

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

date of payment of the Termination Amount.[2] Furthermore, under Section 11 of the ISDA

Master, GSI is entitled to indemnification of its reasonable out-of-pocket expenses, including,

without limitation, legal fees and expenses and other costs of collection, by reason of the

enforcement or protection of its rights under the ISDA Master.[3] GSI makes a claim under the

Guarantee for all such amounts. Because such amounts continue to accrue, the precise amount

of interest, costs and expenses cannot be calculated at this time. GSI reserves the right to

supplement this Claim with respect to such amounts.

GSI also asserts that any amounts owed by LBSF under the ISDA Master are also

guaranteed by LBHI pursuant to a Unanimous Written Consent of the Executive Committee of

the Board of Directors of Lehman Brothers Holdings Inc., dated June 9, 2005 (the "Unanimous

Written Consent"), under which LBHI fully guaranteed payment by certain of its affiliates,

including LBSF, of all their liabilities, obligations and commitments. GSI hereby asserts all

claims set forth above under the Guarantee as claims against LBHI pursuant to the Unanimous

Written Consent.

III.    Miscellaneous

GSI reserves the right to withdraw, amend, clarify, modify or supplement this

Claim to assert additional claims (including, without limitation, additional administrative

expense claims (including, without limitation, misdirected wires and claims arising from

postpetition contracts, activity, torts, etc. of LBHI), claims for which a bar date has not yet been

set, secured claims and/or general unsecured claims) and/or to assert additional grounds for its

claims against LBHI. GSI also reserves all rights accruing to it or its affiliates against LBHI or

---

[2] As detailed in the Calculation Statement, interest in the amount of $1,859,167.00 had accrued as of the date of
LBSF's bankruptcy petition filing. Interest has continued to accrue through the date hereof and will continue to
accrue through the date of payment of the Termination Amount.
[3] As detailed in the Calculation Statement, GSI has incurred at least $279,586.89 of such out-of-pocket expenses.

6

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

its estate, and the submission of this Claim is not intended to be and shall not be construed as (a) an election of remedy or (b) a waiver or limitation of any rights of GSI or its affiliates. In addition, GSI reserves the right to supplement this Claim with relevant documents to the extent necessary. Furthermore, GSI reserves the right to withdraw this Claim for any reason whatsoever. GSI reserves all rights and remedies against affiliates of LBHI or any other third parties.

This Claim shall not be deemed to be a waiver of GSI's right (i) to have final orders in noncore matters entered only after *de novo* review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases (to the extent such right has not otherwise been waived), (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, defenses, setoffs or recoupments to which GSI is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses, setoffs and recoupments GSI expressly reserves. To the extent that LBHI has made or makes any claims against GSI, GSI reserves its set-off rights, such that all or part of the Claim may be secured to the extent of such set-off rights.

Any notices sent in connection with the Claim should be addressed to GSI at the address below:

> Goldman Sachs International
> Peterborough Court
> 133 Fleet Street
> London EC4A 2BB
> Attn: John Tribolati
> Attn: Caroline Carr
>
> and

7

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Attn:   Seth Grosshandler, Esq.

The information with respect to the account where any payment to GSI in respect

of this Claim should be made is as follows:

ABA No:       021000089

Bank Name:   Citibank

City:         New York

A/C #:        40616408

Entity Name:  Goldman Sachs International

8



**H
A
N
D

D
E
L
I
V
E
R
Y**

FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

NK
RECEIVED BY:          DATE          3:40
                                    TIME