UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                  :

In re                                            :        Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :        08-13555 (JMP)
                                                 :
              Debtors.                  :        (Jointly Administered)
                                                 :
------------------------------------------------------------------x

**ORDER AMENDING THE ORDER PURSUANT TO
SECTION 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9014,
AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS
TO IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE
DISPUTE RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS**

Upon the motion, dated November 20, 2012, of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), for an order amending the *Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors* (as amended and/or modified, the "Claims ADR Procedures Order") [ECF No. 8474] (the "Motion"),[1] all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635] to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) all claimants holding unresolved claims; and (vi) all parties who have requested notice in these chapter 11 cases; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the proviso containing the Mediation Cap is stricken from the Claims ADR Procedures Order such that paragraph 5(f) on page 8 of the Claims ADR Procedures shall read in its entirety as follows: "The Mediation shall conclude upon request of either party and concurrence by the Mediator."; and it is further

ORDERED that all terms of the Claims ADR Procedures Order shall otherwise continue to apply and remain in full force and effect without modification; and it is further

ORDERED that the relief granted herein shall apply to all unresolved claims, except, by way of settlement of their objections to the relief sought herein, to the claims (or any future amended claims) of Giants Stadium LLC, FYI Ltd., FFI Fund Ltd. and Olifant Fund, Ltd., and each of their current and future successors and assigns, regardless of whether or not an

2

objection to a claim has yet been filed; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
December 13, 2012

                                               *s/ James M. Peck*
                                       UNITED STATES BANKRUPTCY JUDGE