UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Lehman Brothers Holdings Inc., et al. | ) Case No. 08-13555 (JMP) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | Proof of Claim No.: **45221** |
| | Amount of Claim Transferred: **$238,543.20** |

NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY
PURSUANT TO FRBP RULE 3001(e)(2)

TO:   TRANSFEROR:    J.P. MORGAN SECURITIES PLC
Mail Code: NY1-M138
383 Madison Ave. – Floor 37
New York, NY 10179
Attention:   Jeffrey L. Panzo


PLEASE TAKE NOTICE of the transfer of all right, title and interest in Claim No. **45221** against Lehman Brothers Holdings Inc. in the amount of **$238,543.20** as evidenced by the attached Evidence of Transfer of Claim to:

**TRANSFEREE:**    **TURNPIKE LIMITED**
c/o Alden Global Capital
889 Third Ave., 34th Floor
New York, NY 10022
Attention:   Ithran Olivacce
Telephone: 212-888-7214
E-mail:    iolivacce@aldenglobal.com

No action is required if you do not object to the transfer of the claim as described above. **IF YOU OBJECT TO THE TRANSFER OF THE TRANSFERRED CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

- FILE A WRITTEN OBJECTION TO THE TRANSFER WITH THE COURT
- SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE
- IF YOU FILE AN OBJECTION, A HEARING WILL BE SCHEDULED
- IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING

_____
Clerk of the Court

60938344 v1-WorkSiteUS-029550/0004

8233875

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **J.P. MORGAN SECURITIES PLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **TURNPIKE LIMITED** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) the securities identified by ISIN code listed in Schedule 1 (the "Securities", and any such security, a "Purchased Security"), (b) to the extent related to the Securities and to the extent of the applicable principal amount specified in Schedule 1 attached hereto, in an undivided interest in the Seller's right, title and interest in and to Proof of Claim Number **45221** filed by or on behalf of **RBS COUTTS BANK AG** ("Predecessor") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (the "Purchased Claim"), (c) all rights, title and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim (including for clarity, all amounts distributed on or after the trade date of October 25, 2012 (the "Trade Date") whether or not the Trade Date is before, on or after any record date with respect to an amount) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Securities and/or the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Securities and/or the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller (including Predecessor) acquired the rights and obligations underlying or constituting a part of the Securities and/or Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller against Predecessor, (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing; and (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims").

Predecessor transferred the Transferred Claims to Seller as evidenced at docket No. 32410 in the Proceedings.

2.   Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal, beneficial, and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and the related evidence of transfer of claim (the "Evidence of Transfer of Claim"); (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors. of the Debtor, (g) there have been no objections filed against Seller in respect of the Transferred Claims; (h) Seller has not received any notice that the Transferred Claims are void or voidable or subject to any pending disallowance, reduction, impairment or objection of any kind; (i) all documents provided to Purchaser by Seller relating to the Transferred Claims, are true, accurate and complete copies of such documents; (j) the Seller has the full power and authority to execute and perform its obligations under this Agreement and the Evidence of Transfer of Claim; and (k) no payment or other distribution has been received by or on behalf of the Seller or any third party on behalf of the Seller, in full or partial satisfaction of, or in connection with, the Transferred Claims after the Trade Date.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties, covenants and agreements, made herein. Seller hereby agrees that the Purchaser will benefit (if the Purchaser so requires) from any rights which the Seller may have against the Predecessor which the Seller has based on the Predecessor representations and warranties set out in the predecessor agreements, and the Purchaser can exercise such rights in any way it wishes.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. Seller shall act or omit to act with respect to the Transferred Claims solely to the extent directed by Purchaser.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim. In the event that the sale and purchase of the Transferred Claims are not successfully completed for any reason whatsoever within a commercially reasonable time, the Purchaser may require (at Purchaser's option only) that any purchase price paid by the Purchaser under this Agreement and Evidence of Transfer of Claim shall be returned to the Purchaser and the delivery obligations of the Seller under this Agreement may be cancelled.

7. Seller agrees that all distributions, amounts, proceeds, assets, cash and other property received by Seller or Predecessor on or after the Trade Date (whether or not such Trade Date is before, on or after any record date for such amounts) are for the account of Purchaser, and at the election of the Purchaser, (i) the Purchaser may net, setoff and reduce the purchase price payable by it and any other amounts owed by it in respect of the Transferred Claims against the distributions, assets, cash, property and amounts payable by Seller to it in respect of distributions, assets, cash, property and amounts received by Seller or Predecessor on and after the Trade Date, or (ii) the Seller shall pay such amounts received by it in relation to the Transferred Claims, on or after the Trade Date in respect of the Transferred Claims to the account information provided to it by Purchaser on the date of this Agreement and Evidence of Transfer of Claim.

8. The parties acknowledge that settlement shall be made on delivery of the Transferred Claim and the Securities versus payment basis through Euroclear. For the avoidance of doubt, the parties acknowledge and agree that the transfer contemplated hereby shall not occur unless and until the Purchaser shall have paid the

2

purchase price in f[...]

9. S[el]ler's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in acco[r]dance with the laws of the State of New York (without regard to any conflicts of law provision that would require [t]he application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the [co]urts located in the County of New York in the State of New York. Each party hereto consents to service of proce[ss] by certified mail at its address listed on the signature page below.

IN WITN[E]SS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 11 d[a]y of December, 2012.

J.P. MORGA[N] SECURITIES PLC

By: _____
Name: Alexander Wilk
Title: Authorized Signatory

Address:
J.P. Morgan Se[cu]rities LLC
Mail Code: NY[-]M138
383 Madison A[ve]nue -- Floor 37
New York, Nev[ ]York 10179
ATTN: Jeffrey [L]. Panzo

TURNPIKE LIMITED

By: _____
Name: Jason Pecora
Title: Managing Director - Operations
Address: Alden Global Capital
c/o Alden Global Capital
889 Third Ave., 34th Floor
New York, NY 10022

3

## SCHEDULE 1

### Transferred Claims

Purchased Claim

$238,543.20 (168,000.00 EUR) as listed below, together with interest, fees, expenses and other recoveries due. Pursuant to the Notice of Proposed Allowed Claim Amount dated August 10, 2011, the proposed allowed amount relating to the amount transferred herein for ISIN XS0257807288 equals $238,409.77 with regard to blocking number 6051224.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount |
|---|---|---|---|---|
| Issue of EUR 6,000,000 Index-Linked Notes due June 2009 relating to the S&P Pan Asia 50 High Dividend Index unconditionally and irrevocably guaranteed by Lehman Brothers Holdings Inc. | XS0257807288 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $238,543.20 USD 168,000.00 EUR |