Hearing Date and Time: January 16, 2013 at 10:00 a.m. (Prevailing Eastern Time)

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000

Counsel for Official Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
:
In re:                                                             :    Chapter 11 Case No.
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC., et al.,**                         :    08-13555 (JMP)
                                                                   :
                      Debtors.       :    (Jointly Administered)
                                                                   :
------------------------------------------------------------------ x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN SUPPORT OF MOTION OF TRAXIS FUND LP AND TRAXIS EMERGING
MARKET OPPORTUNITIES FUND LP TO COMPEL DEBTORS
TO REISSUE DISTRIBUTION CHECKS FOR ALLOWED CLAIMS**

        The Official Committee of Unsecured Creditors (the "Committee")[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in possession (collectively, the "Debtors") hereby files this statement in support of the Motion of Traxis Fund LP and Traxis Emerging Market Opportunities Fund LP (together, "Traxis") to Compel Debtors to Reissue Distribution Checks for Allowed Claims [ECF No. 32163] (the "Motion").[2]  In support of the Motion, the Committee respectfully states as follows:

---

[1]    Pursuant to Section 15.1 of the Debtors' confirmed chapter 11 plan (the "Plan"), the Committee continues to exist after the Effective Date for certain limited purposes, including the implementation of the Plan.

[2]    Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

**STATEMENT**

1. The Committee supports the relief requested in the Motion. The Committee agrees with Traxis' assertion that the Debtors' refusal to honor its timely-filed and admittedly allowed claims based on the 180-day deadline imposed by section 8.9 of the Plan (the "8.9 Deadline") for reissuing checks runs counter to the clear intent of the Bankruptcy Code. Furthermore, equity demands that Traxis receive the full plan distribution to which it is entitled on account of its allowed claims.

2. Similar to the 8.9 Deadline, sections 1143 and 347(b) of the Bankruptcy Code provide that "unclaimed" funds may escheat to the estate. Unlike the 8.9 Deadline, however, sections 1143 and 347(b) evidence a clear preference for allowing claimants as much time as possible to act to recover payments on account of their allowed claims. See, e.g., In re IBIS Corp., 272 BR 883, 890 (Bankr. E.D. Va. 2001) ("checks issued earlier than five years after confirmation and neither cashed nor returned would not revert to the debtor until the expiration of the five year deadline"). Sections 1143 and 347(b) of the Bankruptcy Code provide that a creditor holding an allowed claim has up to *five years* after the confirmation of the debtor's plan of reorganization to take action with respect to the distribution of the debtor's estate before the creditor's entitlement is deemed "unclaimed" and becomes property of the estate.

3. The Committee does not take the position that a chapter 11 plan cannot establish a deadline for creditor action that is shorter than the statutory five years. The 8.9 Deadline, however, was intended to prevent claimants from "sitting on their rights" and failing to timely claim their distributions, thus complicating the administration of Plan distributions, which does not appear to be what happened here. Traxis requested that the Debtors reissue the Initial Distribution Checks it never received a mere ten days after the 8.9 Deadline, *i.e.*, as soon as it

2

became aware that a distribution had taken place. Denying Traxis its rightful entitlement to a full distribution on its allowed claims would be contrary to the Bankruptcy Code's goal of equal treatment of similarly situated legitimate creditors.

4. The Committee also agrees with Traxis that the circumstances that have led to its missing the 8.9 Deadline qualify as "excusable neglect" under the standard of <u>Pioneer Inv. Serv. Co. v. Brunswick Assoc. L.P.</u>, 507 U.S. 380 (1993), and Rule 9006(b)(2) of the Federal Rules of Bankruptcy Procedure. <u>First</u>, there should be little to no effect on the judicial administration of the Debtors' estates because distributions under the Plan are still ongoing. <u>Second</u>, the reasons for the delay were beyond Traxis' control: Traxis took all reasonable steps to ensure that its mail would be forwarded by the United States Postal Service, and was unaware of the fact that the Debtors had attempted delivery of the Initial Distribution Checks, having learned about it only after the 8.9 Deadline had already expired (and immediately taking appropriate action). <u>Third</u>, by reissuing the Initial Distribution Checks, the Debtors do not face the danger of the proverbial floodgates: Traxis' circumstances are so unique that granting the Motion would not create precedent for those creditors that have sat on their rights. <u>Fourth</u>, Traxis has clearly always acted in good faith.

3

## **CONCLUSION**

For all the reasons set forth herein and in the Motion, the Committee respectfully requests that the Court (i) grant the relief requested in the Motion, and (ii) grant the Committee such other relief as is just.

Dated:   New York, New York
         December 17, 2012

**MILBANK, TWEED, HADLEY & McCLOY LLP**

By: /s/  Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000

Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.