> **THE THREE HUNDRED EIGHTY-THIRD OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE THREE HUNDRED EIGHTY-THIRD OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
In re                                       :    Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :    08-13555 (JMP)
                                            :
                    Debtors.                :    (Jointly Administered)
-----------------------------------------------------------------x
```

### NOTICE OF HEARING ON THREE HUNDRED EIGHTY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

**PLEASE TAKE NOTICE** that on December 17, 2012, Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors for certain entities in the in the above-referenced chapter 11 cases, filed the three hundred eighty-third omnibus objection to claims (the "Three Hundred Eighty-Third Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Eighty-Third Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **January 30, 2013 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Eighty-Third Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and

US_ACTIVE:\44159390\1\58399.0008

received by no later than **January 16, 2016 at 4:00 p.m. (prevailing Eastern Time)** (the

"<u>Response Deadline</u>").

   **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Three Hundred Eighty-Third Omnibus Objection to Claims or any

claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Three Hundred Eighty-Third Omnibus Objection to Claims, which order may be entered with no

further notice or opportunity to be heard offered to any party.

Dated:  December 17, 2012
   New York, New York

<div style="margin-left:40%">

/s/ Robert J. Lemons   
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

</div>

US_ACTIVE:\44159390\1\58399.0008

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
In re                                    :    Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :    08-13555 (JMP)
                                         :
                 Debtors.                :    (Jointly Administered)
------------------------------------------------------------------x
```

**THREE HUNDRED EIGHTY-THIRD OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

---

**THIS THREE HUNDRED EIGHTY-THIRD OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS THREE HUNDRED EIGHTY-THIRD OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT**
**LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL,**
**ERIC D. KASENETZ, AT 212-310-8737.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

### Relief Requested

1.    The Plan Administrator files this three hundred eighty-third omnibus objection to claims (the "Three Hundred Eighty-Third Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement, in whole or in part, of the claims listed on Exhibit A annexed hereto.

2.    The Plan Administrator has examined each proof of claim identified on Exhibit A (collectively, the "No Liability Claims") and has determined that, in each case as identified more specifically on Exhibit A, either (i) the applicable Chapter 11 Estate against which the claim is asserted has no liability for any part of the claim, or (ii) the applicable Chapter 11 Estate has no liability for a portion of the claim.  The Plan Administrator, therefore, requests the No Liability Claims be disallowed and expunged to the extent set forth on Exhibit A.

3.    The Plan Administrator reserves all rights to object on any other basis to any No Liability Claim as to which the Court does not grant the relief requested herein as well as to the portion of any No Liability Claim that is not the subject of this Objection.

2

## Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.      Commencing on September 15, 2008, and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code.  The chapter 11 cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.      On January 14, 2010, the Court entered the Procedures Order, which

authorizes the filing of omnibus objections to no more than 500 claims at a time, on various

grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set

forth in the Procedures Order.

7.      On December 6, 2011, the Court entered an order confirming the Plan

[ECF No. 23023].  The Plan became effective on March 6, 2012 (the "Effective Date").

Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections

to claims filed against the Chapter 11 Estates.

## The No Liability Claims Should Be Disallowed and Expunged

8.      As a result of its review of the claims filed on the claims register in these

chapter 11 cases and maintained by the Court-appointed claims agent, the Plan Administrator has

identified the No Liability Claims as claims for which the Chapter 11 Estate against which the

claim is filed does not have any liability, in whole or in part.

9.      A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See*

3

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

10.    The Plan Administrator has evaluated the transactions underlying the No Liability Claims and the books and records of the Chapter 11 Estates.  The No Liability Claims are asserted against Chapter 11 Estates that are not liable on any grounds for such claims to the extent set forth on Exhibit A.  As described further on Exhibit A, the No Liability Claims do not set forth any legal justification for asserting a claim, in whole or in part, against the applicable Chapter 11 Estates.

11.    The Effective Date has occurred and distributions began on April 17, 2012.  If the No Liability Claims remain on the claims register in the filed amount, the potential exists for recoveries by parties who do not hold valid claims against the Chapter 11 Estates.  Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the No Liability Claims to the extent set forth on Exhibit A attached hereto.

### Notice

12.    No trustee has been appointed in these chapter 11 cases.  The Plan Administrator has served notice of this Three Hundred Eighty-Third Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June

4

17, 2010 governing case management and administrative procedures for these cases [ECF No.

9635]. The Plan Administrator submits that no other or further notice need be provided.

13. No previous request for the relief sought herein has been made by the Plan

Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant

the relief requested herein and such other and further relief as is just.

Dated: December 17, 2012
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

US_ACTIVE:\44159390\1\58399.0008

# EXHIBIT A

US_ACTIVE:\44159390\1\58399.0008

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 383: EXHIBIT A - NO LIABILITY CLAIMS**

| | NAME | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | 1199 SEIU GREATER NEW YORK BENEFIT FUND | Lehman Brothers Holdings Inc. | 30600 | $116,916.70  * | $116,916.70 * | None | Claim 30600 relates to an alleged LBHI ownership interest in the Plaza Regency at the Windrows, a nursing home in New Jersey.  The Debtors' records reflect that neither LBHI nor any of the Debtors have or had any ownership in the Plaza Regency at the Windrows.  As such, the Debtors have no liability to claimant for the claim. |
| 2 | DRRT FBO SWISS LIFE (LIECHTENSTEIN)  AG | Lehman Brothers Holdings Inc. | 32592 | $147,430.78 | $147,430.78 | None | Claim 32592 is based on amounts owed under investments in iShares Lehman TIPS, a non-Debtor investment vehicle. LBHI has no liability for the investments in iShares Lehman TIPS, which continues to trade as iShares Barclays TIPS Bond Fund on the open stock exchange, and did not guarantee the performance of such investments. Therefore, LBHI is not liable on account of the claim. |
| 3 | DRRT FBO SWISS LIFE (LIECHTENSTEIN)  AG | Lehman Brothers Holdings Inc. | 32633 | $147,430.78 | $147,430.78 | None | Claim 32633 is based on amounts owed under investments in iShares Lehman TIPS, a non-Debtor investment vehicle. LBHI has no liability for the investments in iShares Lehman TIPS, which continues to trade as iShares Barclays TIPS Bond Fund on the open stock exchange, and did not guarantee the performance of such investments. Therefore, LBHI is not liable on account of the claim. |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 383: EXHIBIT A - NO LIABILITY CLAIMS**

| | NAME | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 4 | KING, TONY | Lehman Brothers Holdings Inc. | 9597 | Undetermined | Undetermined | Undetermined | A portion of Claim 9597 is based on amounts owed under securities issued by Lehman Brothers Bank FSB (now known as Aurora Bank FSB), a non-Debtor entity. LBHI has no liability for the securities issued by Lehman Brothers Bank FSB. Claim 9597 is being expunged solely with respect to its asserted claim in undetermined amount for the securities issued by Lehman Brothers Bank FSB. The remaining portion of Claim 9596 is not being expunged pursuant to this Objection and is not affected by this Objection.  All rights with respect to the remaining portion of Claim 9597 are reserved. |
| 5 | MARANTZ, ALAN J. | Lehman Brothers Holdings Inc. | 25062 | $1,057,828.60 | $1,057,828.60 | None | Claim 25062 is based on amounts owed under securities issued by or investments in Lehman Brothers MLP Opportunity Capital Partners L.P., a non-Debtor entity. LBHI has no liability for the securities issued by or investments in Lehman Brothers MLP Opportunity Capital Partners L.P. |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 383: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 6 | ROTHSCHILD BANK AG (AS NOMINEE) | Lehman Brothers Holdings Inc. | 56031 | $9,540,115.76 | $500,000.00 | $9,040,115.76 | The securities that are the subject of Claim 56031 in the claimed amount of $500,000.00 with ISIN XS0292212270 (the "Anthracite Securities") were issued by Anthracite Rtd. Inv. Ltd., an entity entirely unaffiliated with the Debtors, and were erroneously included on the Debtor's list of Lehman Programs Securities. The Anthracite Securities were neither issued nor guaranteed by the Debtors. Additional information regarding a similar objection can be found in the Debtors' One Hundred Fourteenth Omnibus Objection to Claims (No Liability Claims) [ECF No. 15017]. Claim 56031 is being expunged solely with respect to its asserted claim in the amount of $500,000.00 for the Anthracite Securities. The remaining portion of Claim 56031 is not being expunged pursuant to this Objection and is not affected by this Objection. All rights with respect to the remaining portion of Claim 56031 are reserved. |
| 7 | VAROLII CORPORATION | Lehman Brothers Holdings Inc. | 598 | $78,750.00 | $78,750.00 | None | Pursuant to Section 2.2 of the Master Agreement between claimant and LBHI, the "Customer entity" that executes a Transaction Schedule (as defined in the Master Agreement) is liable for the Transactions (as defined in the Master Agreement) under such Transaction Schedule. The Transaction Schedule attached to Claim 598 identifies Lehman Brothers Inc., a domestic affiliate fo the Debtors that is not a Debtor in these jointly administered chapter 11 cases, as the entity liable under that Transaction Schedule. LBHI has no liability to claimant for the Transactions under that Transaction Schedule or for the Master Agreement as it relates to such Transactions and Transaction Schedule. |

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 383: EXHIBIT A - NO LIABILITY CLAIMS**

| NAME | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION | REASON FOR PROPOSED DISALLOWANCE |
|------|-------------|---------|------------------------------|--------------------------|---------------------------------------|----------------------------------|
| | TOTAL | | $11,088,472.62 | $2,048,356.86 | $9,040,115.76 | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
-------------------------------------------------------------------x

### ORDER GRANTING THE THREE HUNDRED EIGHTY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the three hundred eighty-third omnibus objection to claims, dated

December 17, 2012 (the "Three Hundred Eighty-Third Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint

Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities

in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of

the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"),

seeking disallowance and expungement of the No Liability Claims to the extent that they assert

claims for which the applicable Chapter 11 Estates do not have any liability, all as more fully

described in the Three Hundred Eighty-Third Omnibus Objection to Claims; and due and proper

notice of the Three Hundred Eighty-Third Omnibus Objection to Claims having been provided,

and it appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Three Hundred Eighty-Third Omnibus Objection to

Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Seventieth Omnibus Objection to Claims.

and that the legal and factual bases set forth in the Three Hundred Eighty-Third Omnibus

Objection to Claims establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefore, it is

      ORDERED that the relief requested in the Three Hundred Eighty-Third Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

      ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on <u>Exhibit 1</u> annexed hereto (collectively, the "<u>No Liability Claims</u>") are disallowed and

expunged, with prejudice, to the extent set forth therein; and it is further

      ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to the Three

Hundred Eighty-Third Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed

hereto and (ii) the portion of any No Liability Claim that is not the subject of the Three Hundred

Eighty-Third Omnibus Objection to Claims; and it is further

      ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York

                        _____
                        UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44159390\1\58399.0008