HEARING DATE AND TIME: January 30, 2013 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: January 16, 2013 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE THREE HUNDRED EIGHTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CINDI GIGLIO, AT 212-696-6936.**

---

**CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Counsel for Lehman Brothers Holdings Inc.
 and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :    08-13555 (JMP)
                                                   :
          Debtors.                                 :    (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON THREE HUNDRED EIGHTY-SIXTH
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on December 17, 2012, Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors for the entities in the above-referenced chapter 11 cases, filed its three hundred eighty-

sixth omnibus objection to claims (the "Three Hundred Eighty-Sixth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Eighty-Sixth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **January 30, 2013 at 10:00 a.m.** (**Eastern Time**), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Eighty-Sixth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and served upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) counsel for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Maurice Horwitz, Esq.); (iii) conflicts counsel for LBHI, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178 (Attn: L. P. Harrison 3rd, Esq. and Cindi Giglio, Esq.) and (iv) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **January 16, 2013 at 4:00 p.m.** (**Eastern Time**) (the "Response

2

13717066

08-13555-mg    Doc 32893    Filed 12/17/12    Entered 12/17/12 17:20:35    Main Document
Pg 3 of 12

Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Eighty-Sixth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Eighty-Sixth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: December 17, 2012
      New York, New York

                           **CURTIS, MALLET-PREVOST,**
                            **COLT & MOSLE LLP**

                          By: ___/s/ L. P. Harrison 3rd____
                                L. P. Harrison 3rd
                                Cindi Eilbott Giglio
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559

*Counsel for Lehman Brothers Holdings Inc.*
 *and Certain of Its Affiliates*

3
13717066

HEARING DATE AND TIME: January 30, 2013 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: January 16, 2013 at 4:00 p.m. (Eastern Time)

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Counsel for Lehman Brothers Holdings Inc.*
 *and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------------x | | |
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ------------------------------------------------------------------x | | |

**THREE HUNDRED EIGHTY-SIXTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS THREE HUNDRED EIGHTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT**
**LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL,**
**CINDI GIGLIO, AT 212-696-6936.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. The proofs of claim listed on Exhibit A annexed hereto relate in whole or in part to securities identified by ISIN XS0215349357, ISIN XS0229269856, or ISIN XS0243852562 (the "Preferred Securities"). The Preferred Securities were neither issued nor guaranteed by an entity that is a debtor in these chapter 11 cases. The Chapter 11 Estates have no liability for the portions of the claims related to the Preferred Securities, whether liquidated, unliquidated or undetermined (such portions, the "No Liability Claims").

2. Accordingly, the Plan Administrator files this three hundred eighty-sixth omnibus objection (the "Three Hundred Eighty-Sixth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], to disallow and expunge the No Liability Claims.

**Jurisdiction**

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2

13717066

**Background**

4. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases were consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On July 2, 2009, this Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases [Docket No. 4271].

6. On January 14, 2010, this Court entered the Procedures Order, which authorizes the Chapter 11 Estates, among other things, to file omnibus objections on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7. On December 6, 2011, this Court entered an order confirming the Plan [Docket No. 23023]. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The No Liability Claims Should Be Disallowed and Expunged**

8. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be

allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

9. In its review of the claims filed on the claims register in these chapter 11 cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the No Liability Claims as claims for which the Chapter 11 Estates have no liability because the Preferred Securities were neither issued nor guaranteed by the Chapter 11 Estates.

10. The Preferred Securities were issued by Lehman Brothers UK Capital Funding L.P., Lehman Brothers UK Capital Funding II L.P., and Lehman Brothers UK Capital Funding III L.P. (together, the "Trusts"). The Preferred Securities were guaranteed by Lehman Brothers Holdings plc ("LBH plc"). Neither the Trusts nor LBH plc was a debtor in these cases. The No Liability Claims fail to articulate any legal or factual basis for a claim against a Chapter 11 Estate.

11. If the No Liability Claims remain on the claims register, the potential exists for recoveries by parties who do not hold valid claims against the Chapter 11 Estates. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge in their entirety the No Liability Claims.

### Reservation of Rights

12. The Plan Administrator reserves all rights to object on any basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

### Notice

13. No trustee has been appointed in these chapter 11 cases. Notice of this Three Hundred Eighty-Sixth Omnibus Objection to Claims has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the

4

13717066

holder of each claim listed on <u>Exhibit A</u>; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

14.    No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: December 17, 2012
New York, New York

**CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP**

By: _/s/ L. P. Harrison 3rd_
   L. P. Harrison 3rd
   Cindi Eilbott Giglio
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559

*Lehman Brothers Holdings Inc.
 and Certain of Its Affiliates*

5

13717066

# **EXHIBIT A**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)
OMNIBUS OBJECTION 386: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ISIN** | AMOUNTS TO BE DISALLOWED |
|---|---|---|---|---|---|---|---|
| 1 | CREDIT SUISSE (MONACO) SAM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/29/09 | 55817 | XS0229269856 | Undetermined * |
| 2 | CREDIT SUISSE (UK) LIMITED | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/29/09 | 55816 | XS0229269856 | Undetermined * |
| 3 | CREDIT SUISSE AG | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/29/09 | 55813 | XS0215349357 | Undetermined * |
| | | | | | | XS0229269856 | Undetermined * |
| | | | | | | | Undetermined |
| 4 | CREDIT SUISSE AG, SINGAPORE BRANCH | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/29/09 | 55829 | XS0215349357 | Undetermined * |
| | | | | | | XS0229269856 | Undetermined * |
| | | | | | | | Undetermined |
| 5 | CREDIT SUISSE SECURITIESEUROPE, LIMITED | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/29/09 | 55810 | XS0243852562 | $8,585,758.71 |
| 6 | CREDIT SUISSE SINGAPORE BRANCH | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/29/09 | 55825 | XS0229269856 | Undetermined * |
| 7 | DEUTSCHE BANK AG BRUSSELS BRANCH | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/28/09 | 50475 | XS0215349357 | $62,431.60 * |
| | | | | | | XS0229269856 | $3,792,719.70 * |
| | | | | | | | $3,855,151.30 |
| 8 | DEUTSCHE BANK AG, LONDON BRANCH | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/30/09 | 59718 | XS0229269856 | Undetermined * |
| 9 | DEUTSCHE BANK LUXEMBOURG S.A. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/26/09 | 46939 | XS0215349357 | Undetermined * |
| | | | | | | TOTAL | $ 12,440,910.01 |

\* Plus unliquidated and/or undetermined amounts
\*\* Only those portions of the claim related to the ISINs listed are subject to the Debtors' 387 Omnibus Objection.

Page 1 of 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                              :     Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :     08-13555 (JMP)
                                                                   :
                        Debtors.                           :     (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED EIGHTY-SIXTH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the three hundred eighty-sixth omnibus objection to claims, dated December 17, 2012 (the "Three Hundred Eighty-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking to disallow and expunge the No Liability Claims, all as more fully described in the Three Hundred Eighty-Sixth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Eighty-Sixth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Eighty-Sixth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Three Hundred Eighty-Sixth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Eighty-Sixth Omnibus Objection to Claims.

ORDERED that the relief requested in the Three Hundred Eighty-Sixth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, all portions of the claims listed on <u>Exhibit 1</u> annexed hereto that relate to the securities identified by ISIN XS0215349357, ISIN XS0229269856 or ISIN XS0243852562 whether liquidated, unliquidated or undetermined, are disallowed and expunged with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
       New York, New York

                                                             _____
                                                             UNITED STATES BANKRUPTCY JUDGE