Hearing Date and Time:  December 19, 2012 at 2:00 p.m. (Prevailing Eastern Time)

Dennis F. Dunne
Evan R. Fleck
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

and

David S. Cohen
MILBANK, TWEED, HADLEY & McCLOY LLP
1850 K Street N.W., Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile: (202) 835-7586

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                             :
In re:                                                       :          Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,                       :          08-13555 (JMP)
                                                             :
                        Debtors.                             :          (Jointly Administered)
                                                             :
------------------------------------------------------------ x

**RESPONSE OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN
FURTHER SUPPORT OF OMNIBUS APPLICATION OF (I) INDIVIDUAL MEMBERS
OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND
(II) INDENTURE TRUSTEES PURSUANT TO SECTION 1129(a)(4), OR,
ALTERNATIVELY, SECTIONS 503(b)(3)(D) AND 503(b)(4) OF BANKRUPTCY
CODE FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES**

The Official Committee of Unsecured Creditors (the "Committee") of Lehman

Brothers Holdings Inc. and its affiliated debtors in possession (collectively, the "Debtors")[1]

---

[1]    Pursuant to Section 15.1 of the Debtors' confirmed chapter 11 plan (the "Plan"), the Committee continues
       to exist after the effective date of the Plan (the "Effective Date") for certain limited purposes, including
       matters related to the implementation of Plan.

responds to the Supplement to Omnibus Objection of the United States Trustee to Creditors'

Applications for Reimbursement of Professional Fees and Expenses [ECF No. 32765] (the

"Supplemental Objection").[2]  In response to the Supplemental Objection and in further support

of the Omnibus Application of (I) Individual Members of Official Committee of Unsecured

Creditors and (II) Indenture Trustees Pursuant to Section 1129(a)(4), Or, Alternatively, Sections

503(b)(3)(D) and 503(b)(4) of Bankruptcy Code for Payment of Fees and Reimbursement of

Expenses [ECF Nos. 24762 and 24881] (the "Application"),[3] the Committee respectfully states

as follows:

## RESPONSE

1.    Throughout the Debtors' chapter 11 cases, the Committee has directed its

counsel, Milbank, Tweed, Hadley & McCloy LLP ("Milbank"), to act on its behalf in the myriad

matters within its mandate.  Among such matters is the implementation of all of the provisions of

the Plan,[4] including Section 6.7 thereof, which provides for the payment of professional fees

incurred by Committee members in connection with their service on the Committee.  Contrary to

the U.S. Trustee's assertions, Milbank has not and does not represent any of the Committee

members in their individual capacities.  As with any other matter that falls within the scope of

the Committee's mandate, Milbank has and continues to represent the Committee in connection

with enforcing the Plan provision with respect to these payments.[5]

---

[2]    The Supplemental Objection supplements the Omnibus Objection of the United States Trustee to Creditors'
Applications for Reimbursement of Professional Fees and Expenses (the "Objection") filed on February 15,
2012 [ECF No. 25394] by the United States Trustee for Region 2 (the "U.S. Trustee").  On November 15,
2012, the Committee filed a reply [ECF No. 32129] (the "Reply") to the Objection.

[3]    Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Application or
the Reply, as applicable.

[4]    The Bankruptcy Code provides that, among other specified functions, the Committee may "perform such
other services as are in the interest of those represented."  11 U.S.C. § 1103(c)(5).

[5]    Milbank's retention application (the "Retention Application") provides that it will "perform such other
legal services as may be required and are deemed to be in the interests of the [Committee] in accordance

2.      Milbank's continued representation of the Committee in connection with the payment of the Committee members' professional fees is appropriate for a number of reasons.  Most importantly, as would have been the case with any Plan provision, it was entirely appropriate for the Committee to direct its counsel to work with the Debtors, the U.S. Trustee and other parties in interest to assure the implementation of Section 6.7 of the Plan.  In addition, it is clearly more efficient for Committee counsel – one firm – to ensure the implementation of the Plan than for eight separate law firms to prosecute applications for reimbursement of their professional fees.  Notably, the U.S. Trustee and other parties in interest have been aware of Milbank's involvement in this matter for over a year.  During that time, not a single party in interest opposed Milbank's representation of the Committee with respect to this issue.[6]

3.      Notwithstanding the repeated explanations that Milbank represents only the Committee with respect to the common issue of the propriety of the payment of the Committee members' professional fees pursuant to Section 6.7 of the Plan, the U.S. Trustee erroneously asserts that Milbank is representing the individual Committee members in this matter.  Moreover, the U.S. Trustee argues that Milbank somehow is conflicted with respect to this Plan implementation issue and should not be allowed to continue representing the Committee in that regard.[7]  The U.S. Trustee is wrong.

---

with the [Committee's] powers and duties as set forth in the Bankruptcy Code."  (Retention Application at ¶ 5(k).)

[6]      Not one creditor objected to Section 6.7 of the Plan.  Although the U.S. Trustee reserved its rights with respect to this provision, there is no evidence that such reservation caused the unsecured creditors to abstain from filing objections they would otherwise have interposed.

[7]      The U.S. Trustee also objects to the payment of any fees incurred by Milbank in connection with its alleged post-confirmation representation of individual Committee members.  (Supplemental Objection ¶ 13.)  As explained herein, because Milbank represents solely the Committee in connection with the Application, and not its individual members, this point is moot.  Even were that not the case, the U.S. Trustee's objection should nevertheless be overruled because the U.S. Trustee lacks standing to object to the payment of post-confirmation fees.  See 28 U.S.C. § 586(a)(3)(A)(i) (limiting U.S. trustee duties to "reviewing . . . applications filed for compensation and reimbursement under section 330 of title 11.").

### A. Milbank Represents the Committee With Respect to Plan Implementation

4.      The Committee has directed Milbank to represent it in connection with a narrow issue of law common to each Applicant's reimbursement request:  whether Section 6.7 of the Plan should be enforced as written and confirmed by this Court.  Specifically, the Committee directed Milbank to represent it with respect to the global resolution of the issue of whether it is appropriate for a confirmed plan of reorganization to authorize, under section 1129(a)(4) of the Bankruptcy Code, the payment of certain expenses.  The differing views on this legal issue form the basis of the Application and the Objection.[8]

5.      Milbank is representing the Committee (at its request) solely on this narrow legal issue, which is common to each of the Applications.  With respect to the individual requests for payment, each Committee member is represented by its own counsel, and it is those counsel that are advocating the individual Committee members' respective payment requests.  To the extent the U.S. Trustee or the Court has questions or concerns about individual Applications, it will be the relevant Committee member's counsel who will respond, not Milbank.  Milbank's involvement in this matter is limited to advocating, as a matter of law, the propriety of Section 6.7 of the Plan and any payments pursuant thereto.

6.      The U.S. Trustee's assertions to the contrary simply miss the point.  The U.S. Trustee's misapprehension with respect to Milbank's alleged representation of the individual Committee members appears to be based solely on the fact that Milbank signed the Reply.  (Supplemental Objection at 1-2.)  Based on that, the U.S. Trustee concludes, without any basis, that Milbank represents the Committee members with respect to their individual requests

---

[8]      In the Objection, the U.S. Trustee argued, among other things, that (i) the Applicants' fees and expenses are not reasonable under section 1129(a)(4) of the Bankruptcy Code, and (ii) the Applicants' reliance on In re Adelphia, 441 B.R. 6 (Bankr. S.D.N.Y. 2010), is misplaced.

for payment in conflict with its representation of the Committee.  (<u>Id.</u> at 2.)  This conclusion has

no basis.  The only reason that Milbank signed the Reply was due to the fact that the Reply sets

forth the legal reasoning for the application of section 1129(a)(4) of the Bankruptcy Code to the

Application.  Including Milbank's signature block on the Reply did not somehow transform

Milbank's representation of the Committee into a representation of individual Applicants in

connection with their payment requests.

       7.      Nevertheless, the U.S. Trustee insists that because Milbank signed the

Reply, it represents the individual Committee members, and such representation creates a

conflict of interest.  (<u>Id.</u> at 1-2.)  According to the U.S. Trustee, the Committee and its counsel

have a duty to review the fees requested in the Application.  (<u>Id.</u>)  Thus, the U.S. Trustee

concludes that for Milbank to both review the fees on behalf of the Committee and

simultaneously seek payment of those fees on behalf of the individual Committee members

creates an insurmountable conflict.  (<u>Id.</u>)

       8.      Even apart from the fact that Milbank does not represent the individual

Committee members with respect to the Application, the Committee also does not need to review

the fees sought in the Application.  As set forth in the Suckow Declaration annexed to the Reply,

at the February 2012 chambers conference, the Court requested that the Debtors assess the

reasonableness of the requested fees and expenses.  (Suckow Declaration ¶ 6.)  The Debtors

conducted this review and found that the "fees and expenses are reasonable in the circumstances

of these extraordinary cases."  (<u>Id.</u> at ¶ 8.)  Because the Debtors have already completed this

review, there is simply no reason for the Committee to duplicate these efforts.[9]  Thus, there is no

conflict.[10]

### B.  It is Appropriate for Milbank to Represent the Committee in this Matter

9.      Milbank's representation of the Committee in this matter is entirely

proper.  Payment of the Committee members' professional fees is expressly provided for in

Section 6.7 of the Plan.  The Debtors included this provision in the Plan in recognition of the

unparalleled effort of the Committee members throughout these cases and, particularly, in

developing, refining and securing creditor support for the Plan.  Moreover, the order confirming

the Plan (the "Confirmation Order") subjects the payment of the Applicants' fees and expenses

to the Court's approval upon reasonable notice and opportunity to object.[11]  (Confirmation Order

at ¶ 74.)

10.      Under the Plan, the Committee continues to function and retain

professionals after the Effective Date for certain limited purposes, including the implementation

of the Plan.  (See Plan at § 15.1.)  The Committee and Milbank have diligently undertaken their

plan implementation responsibilities.  This, at times, has involved taking action even when such

action did not benefit all of the unsecured creditors.  For example, in the months between

confirmation and the Effective Date, the Committee worked closely with the Debtors on disputed

claim reserve issues, including the Debtors' motions to estimate certain claims for reserve

---

[9]       Similarly, as this Court has already recognized, there is no need for the Fee Committee to review the fees and expenses requested in the Application, as it suggested in its limited objection to the Application.  Such review would have been entirely duplicative of the Debtors' review and is therefore unnecessary.

[10]      Accordingly, the cases cited by the U.S. Trustee in support of the proposition that committee counsel is not allowed to represent any other entity having an adverse interest in connection with the case, are inapposite and irrelevant because Milbank is representing the Committee, and only the Committee, in this matter.

[11]      This provision was included in the Confirmation Order as part of the agreement reached between Milbank, on the Committee's behalf, and the U.S. Trustee regarding the U.S. Trustee's objection to Section 6.7 of the Plan.

purposes pursuant to Section 8.4 of the Plan.[12]  In the weeks leading up to the initial distribution,

the focus then shifted to equally complex distribution mechanics issues, and specifically, the

Debtors' request to substitute non-cash assets in lieu of cash in their reserves.[13]  As recently as

this week, the Committee has again weighed in on plan implementation issues by filing a

statement in support of a motion filed by certain funds with respect to the proper operation of

Section 8.9 of the Plan.[14]  For all the same reasons, Milbank's involvement, on the Committee's

behalf, in furtherance of the implementation of the Plan is expressly provided for and authorized

in the Plan.  Thus, Milbank's representation of the Committee in connection with the issue of the

propriety of the payment of the Committee members' professional fees is clearly appropriate.

### B. Milbank's Representation of the Committee in Connection with a Common Legal Issue Maximizes Efficiency

11.    Given the common legal issue that each Applicant would otherwise need

to brief, negotiate, and argue, Milbank's representation of the Committee on this issue

maximizes efficiency and serves to conserve the estates' resources.  Thus, while the Committee

members' individual counsel have addressed the individual aspects of each Application with the

Debtors and the U.S. Trustee, Milbank has addressed the collective legal issue of the propriety of

---

[12]    See Statement of Official Committee of Unsecured Creditors in Support of Motion Pursuant to Section 8.4 of the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors and Sections 105(a), 502(c) and 1142(b) of the Bankruptcy Code to Estimate the Amounts of Claims filed by Indenture Trustees on Behalf of Issuers of Residential Mortgage-Backed Securities for Purposes of Establishing Reserves [ECF No. 24598]; Statement of Official Committee of Unsecured Creditors in Support of Motion Pursuant to Section 8.4 of the Modified Third Amended Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors to Estimate the Amount of Disputed Claims filed by Lehman Brothers Finance AG (In Liquidation) for Purposes of Establishing Reserves [ECF No. 24611].

[13]    See Statement of Official Committee of Unsecured Creditors in Support of Motion by Lehman Brothers Holdings Inc. for Authority to Use Non-Cash Assets In Lieu of Available Cash as Reserves for Disputed Claims Pursuant to Section 804 of The Debtors Confirmed Joint Chapter 11 Plan [ECF No. 25546].

[14]    See Statement of Official Committee of Unsecured Creditors in Support of Motion of Traxis Fund LP and Traxis Emerging Market Opportunities Fund LP to Compel Debtors to Reissue Distribution Checks for Allowed Claims [ECF No. 32863].

the Plan provision authorizing these payments.  This approach has avoided the incremental

expense that would be inherent in eight separate counsel pursuing the exact same arguments.  As

this Court has recognized, Milbank's involvement has streamlined the process, thereby avoiding

the needless expenditure of resources by the estates, the U.S. Trustee and the Court.

   12. The U.S. Trustee suggests that, to avoid the inefficiency discussed above,

the Committee members should retain another law firm to represent them collectively with

respect to their professional fees.  (Supplemental Objection ¶ 12.)  Not only is this suggestion

based on a faulty premise – that Milbank is representing the individual Committee members –

but it also hardly promotes efficiency.  To bring in another law firm at this late stage would add

unnecessary further cost and delays.

### C. The U.S. Trustee Has Been on Notice of Milbank's Involvement in this Matter for More than One Year

   13. The U.S. Trustee has been on notice of Milbank's representation of the

Committee with respect to the propriety of the payment of the Committee members' professional

fees since the issue first arose more than one year ago.  The U.S. Trustee first became aware of

Milbank's involvement in this matter in early November 2011, when the U.S. Trustee objected to

the inclusion of Section 6.7 in the Plan.  At the direction of the Committee, Milbank engaged in

discussions with the U.S. Trustee with respect to her concerns.  During these discussions, it was

unquestionably understood that Milbank was negotiating on behalf of the Committee.  In mid-

November, an agreement was reached between Milbank and the U.S. Trustee:  Milbank agreed

that the payment of the Committee members' professional fees would be subject to the fee

application process, and the U.S. Trustee agreed to defer her objection until after the

confirmation of the Plan.  It was in the course of these discussions that Milbank suggested that

the fee application process could be streamlined by the filing of a single omnibus application

(instead of eight separate applications by each Committee member), and the U.S. Trustee concurred that an omnibus application was the preferable approach.

14.    Following the filing of the Objection, Milbank appeared on the Committee's behalf at the February 22, 2012 chambers conference.[15]   No party objected to Milbank's representation of the Committee at that time.   Nor has any party in interest opposed Milbank's representation of the Committee in connection with this matter over the past thirteen months that Milbank has been engaged in a dialogue with the U.S. Trustee, the Debtors, and the Court.   Only now – a year after this process began – has the U.S. Trustee questioned the appropriateness of Milbank's involvement in this matter.   As set forth above, that position is wrong from both a Plan interpretation and process perspective.

---

[15]    The individual members' counsel were also present to address any matters regarding the individual submissions of the Committee members.

## <u>CONCLUSION</u>

WHEREFORE, the Committee respectfully requests that the Court (i) overrule

the Objection and the Supplemental Objection; (ii) permit Milbank to continue to represent the

Committee in this matter; and (iii) grant such other and further relief as is just.

Dated:  New York, New York
        December 17, 2012

               MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP

               By: <u>/s/ Dennis F. Dunne</u>
               Dennis F. Dunne
               Evan R. Fleck
               1 Chase Manhattan Plaza
               New York, NY  10005
               Telephone: (212) 530-5000
               Facsimile: (212) 530-5219

               David S. Cohen
               1850 K Street N.W., Suite 1100
               Washington, DC 20006
               Telephone: (202) 835-7500
               Facsimile: (202) 835-7586

               Counsel for the Official Committee of Unsecured
               Creditors of Lehman Brothers Holdings Inc., <u>et al.</u>