**WHITE AND WILLIAMS LLP**
Sedgwick M. Jeanite, Esquire
One Penn Plaza, Suite 4110
New York, N.Y. 10119
Telephone: (212) 631-4413
Facsimile: (212) 244-6200
Email: jeanites@whiteandwilliams.com

*Attorneys for Marsh USA Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **CHAPTER 11** |
| **LEHMAN BROTHERS HOLDINGS, INC., *et al.*,** | **CASE NO. 08-13555** |
| **Debtors.** | **(Jointly Administered)** |

**RESPONSE OF MARSH USA INC. TO THREE HUNDRED SEVENTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

Marsh USA Inc. (**"Marsh"**), by its attorneys, responds to the Three Hundred Seventieth Omnibus Objection to Claims (No Liability Claims) (the **"Objection"**), as follows:

1. Commencing on September 15, 2008, Lehman Brothers Holdings Inc. (**"LBHI"**) and certain of its subsidiaries[1] (collectively with LBHI, **"Debtors"**) filed voluntary cases for relief under Chapter 11 of the Bankruptcy Code.

[1] The Debtors are: Lehman Brothers Holdings Inc., LB 745 LLC, PAMI Statler Arms LLC, Lehman Brothers Commodity Services Inc., Lehman Brothers Special Financing Inc., Lehman Brothers OTC Derivatives Inc., Lehman Brothers Derivatives Products Inc., Lehman Commercial Paper Inc., Lehman Brothers Commercial Corporation, Lehman Brothers Financial Products, Inc., Lehman Scottish Finance L.P., CES Aviation LLC, CES Aviation V LLC, CES Aviation IX LLC, East Dover Limited, Luxembourg Residential Properties Loan Finance S.a.r.l., BNC Mortgage LLC, Structured Asset Securities Corporation, LB Rose Ranch LLC, LB 2080 Kalakaua Owners LLC, Merit LLC, LB Somerset LLC, and LB Preferred Somerset LLC.

2. Pre-Petition, Marsh's Private Equity and Mergers & Acquisitions Group ("**Marsh PEMA**") provided insurance due diligence services related to certain real estate acquisitions by LBHI's Global Real Estate Group ("**LBHI GREG**").

3. Attached hereto as Exhibit "A" is Marsh's timely filed Proof of Claim, designated by Debtors as Claim No. 8538, for a total amount of $10,500.00 relating to such insurance due diligence services (the "**Marsh Claim**"). The Marsh Claim relates to the following invoices:

| NAME/ADDRESS | INVOICE # | DATE | AMOUNT |
|---|---|---|---|
| Nakeyshia Kendall<br>Global Real Estate Group<br>Lehman Brothers<br>399 Park Avenue, 8th Floor<br>New York, NY 10022 | 109859 | 9/28/07 | $5,000.00 |
| Attn: Richard Siu<br>Kapalua Bay Project<br>c/o Lehman Brothera<br>399 Park Avenue<br>New York, NY 10022 | 092409 | 5/18/07 | $2,000.00 |
| Attn: Richard Siu<br>Kapalua Bay Project<br>c/o Lehman Brothers<br>399 Park Avenue<br>New York, NY 10022 | 078676 | 1/17/07 | $2,000.00 |
| Attn: Michael Mao<br>Lehman 7 Pack<br>399 Park Avenue<br>8th Floor<br>New York, NY 10022 | 890421 | 6/07/06 | $1,000.00 |
| SHEILA BJONSTAD<br>STORAGEMART<br>C/O LEHMAN BROTHERS<br>399 PARK AVENUE, 8TH FL<br>NEW YORK, NY 10022 | 890289 | 6/06/06 | $ 500.00 |
| **TOTAL** | | | **$10,500.00** |

4. More specifically, said insurance due diligence services included (without limitation) work by Marsh PEMA, with regard to the insurance needs of a potential real estate asset acquisition that LBHI was considering. LBHI GREG specifically requested that these services be performed and was aware of the associated fees that would be charged for those services.

5. Debtors objected to the Marsh Claim on the grounds that "Claimant has not provided any evidence that any of the Debtors are the Lehman entities liable for claimant's services."

6. However, LBHI GREG is part of debtor entity, LBHI, as evidenced by the documentation attached hereto as Exhibit "B".

7. Each of the invoices attached to Marsh's Proof of Claim, expressly refers to "Lehman Brothers" and the particular real estate project in question. Indeed Invoice #109859 expressly refers to "Global Real Estate Group – Lehman Brothers." Upon reasonable investigation Debtors ought to be able to confirm that said projects were undertaken by LBHI GREG.

8. All of the invoices were directed to specific individuals who held themselves out as duly authorized to act on behalf of LBHI GREG. Upon reasonable investigation Debtors ought to be able to confirm that said individuals were LBHI employees/agents.

9. In addition, all of the invoices were directed to LBHI's offices at 399 Park Avenue New York, N.Y.

10. Marsh has searched its billing system and could not find any evidence of LBHI's payment of said invoices. Nor could Marsh find any evidence that such insurance due diligence services were provided for any entity other than LBHI GREG.

11. Consequently, Debtors still owe Marsh the full amount that is shown in its original Proof of Claim: $10,500.00.

12. A properly filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim. *See* Rule 3001(f) of the Federal Rules of Bankruptcy Procedure. Accordingly, a party objecting to a claim must present *affirmative* evidence to overcome the presumption of validity. *See In re Allegheny International, Inc.*, 954 F.2d 167, 176 (3d Cir. 1992) (holding that burden shifts to objector to produce sufficient evidence to negate the *prima facie* validity of the filed claim); *In re Sterling Packaging Corp.*, 265 B.R. 701 (Bankr. W.D. Pa. 2001); *In re Planet Hollywood Int'l*, 247 B.R. 391, 394 (D. Del. 2001). "[A] party objecting to a claim has the initial burden of presenting a substantial factual basis to overcome the *prima facie* validity of a proof of claim [and] [t]his evidence must be a probative force equal to that of the creditor's proof of claim." *In re Hinkley*, 58 B.R. 339, 348 (Bankr. S.D. Tex. 1986), *aff'd*, 89 B.R. 608, *aff'd.*, 879 F.2d 859; *see also In re Lewis*, 80 B.R. 39, 40 (E.D. Pa. 1987) (*citing* 3 Collier of Bankruptcy, ¶ 502.02 (15th ed. 1987)). "[T]o overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000).

13. Attached hereto as Exhibit "C" is a Declaration of Joel Brandt, a Senior Vice President of Marsh, in support of Marsh's Response to the Three Hundred Seventieth Omnibus Objection to Claims.

14. Debtors have offered no factual basis to refute the *prima facie* validity of the Marsh Claim or to support the proposition that all charges set forth in the disputed invoices are the obligation a non-debtor entity.

WHEREFORE, Marsh respectfully requests that this Court (i) deny LBHI's objection to the Marsh Claim; (ii) allow the Marsh Claim in the amount of $10,500.00; and (iii) grant such other and further relief as is just and proper.

Dated: December 18, 2012
      New York, New York

**WHITE AND WILLIAMS LLP**

By:   /s/ Sedgwick M. Jeanite     
     Sedgwick M. Jeanite, Esq.
     One Penn Plaza, Suite 4110
     New York, N.Y. 10119
     Telephone: (212) 631-4413
     Facsimile: (212) 244-6200
     Email: jeanites@whiteandwilliams.com

     and

     James S. Yoder, Esq.
     824 N. Market Street, Suite 902
     P.O. Box 709
     Wilmington, DE 19899-0709
     Telephone: (302) 654-0424
     Facsimile: (302) 654-0245
     Email: yoderj@whiteandwilliams.com
     *(To be admitted pro hac vice)*

     *Attorneys for Marsh USA Inc.*

10281370v.2

# EXHIBIT A

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held: Lehman Brothers Holdings Inc. | Case No. of Debtor: 08-13555 |

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Marsh USA Inc.
Craig Padover, 11th Floor
121 River Street
Hoboken, NJ 07030

Telephone number: 201-284-6098 Email Address: craig.padover@marsh.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: ______ (*If known*)

Filed on: ______

Name and address where payment should be sent (if different from above)

(same as above)

Telephone number Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 10,500.00

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Services performed for insurance consulting
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 9574
3a. **Debtor may have scheduled account as:** ______
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe: ______
Value of Property: $______ Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$______ Basis for perfection: ______
**Amount of Secured Claim:** $______ **Amount Unsecured:** $______

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____)

**Amount entitled to priority:**

$______

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $______
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (*See definition of "redacted" on reverse side.*) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

FOR COURT USE ONLY

FILED / RECEIVED
AUG 17 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| 8/14/09 | Craig Padover - Craig Padover, Vice President |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# CERTIFICATE OF INCUMBENCY

I, Alexandra von Ferstel, Assistant Secretary of Marsh USA Inc., a Delaware corporation (the "Corporation"), hereby certify that Craig Padover is a duly elected Vice President of the Corporation and has authority to sign documents on behalf of the Corporation.

IN WITNESS WHEREOF, I have hereunto set my hand and the seal of the Corporation this 3rd day of February, 2009.

Name: Alexandra von Ferstel
Title: Assistant Secretary

(Corporate Seal)

State of New York )

County of New York )

On this 3rd day of February, 2009, before me personally came Alexandra von Ferstel, known to me to be the Assistant Secretary of the Corporation, who acknowledged to me that she executed the foregoing instrument.

Notary Public

SANDRA DAVENPORT
Notary Public, State of New York
No. [illegible]
Qualified in Queens County
Certified in New York County
Commission Expires January 17, 2010

**Lehman Brothers Holdings Inc.**
**Case No.: 08-13555**
**Proof of Claim dated 08/14/09**
**Marsh USA. Inc.**

**TO THE EXTENT THIS CLAIM INCLUDES INSURANCE PREMIUMS, CLAIMANT IS SUBMITTING THIS PROOF ON BEHALF OF THE**

| Invoice Number | Effective Date | Amount | Premium | Fee | Policy Number | Insurer |
|---|---|---|---|---|---|---|
| 109859 | 08/01/07 | $5,000.00 | $0.00 | $5,000.00 | Service Fee | Fee Billing |
| 092409 | 08/01/06 | $2,000.00 | $0.00 | $2,000.00 | Kapalau Bay Project | Fee Billing |
| 078676 | 08/01/06 | $2,000.00 | $0.00 | $2,000.00 | Kapalau Bay Project | Fee Billing |
| 890421 | 08/01/05 | $1,000.00 | $0.00 | $1,000.00 | Service Fee | Fee Billing |
| 890289 | 08/01/05 | $500.00 | $0.00 | $500.00 | Service Fee | Fee Billing |
| Total | | $10,500.00 | $0.00 | $10,500.00 | | |

# MARSH

Marsh USA Inc.
New York, NY - 299
(212) 345-6000

| Invoice No. |
|---|
| 109859 |

## ORIGINAL INVOICE

Date: 9/28/07

Nakeyshia Kendall
Global Real Estate Group
Lehman Brothers
399 Park Avenue, 8th Floor
New York, NY 10022

| Effective Date | Expiration Date | Client No. |
|---|---|---|
| 8/01/07 | 8/01/08 | 959574 |

** REPRINT **

Policyholder: Global RE Grp

ORIGINAL    Billing Effective Date: 8/01/07

| Insurer | Policy No. | Type of Coverage / Item | Amount |
|---|---|---|---|
| FEE BILLING | SERVICE FEE | PROP CONSULTG FEE | 5,000.00 |
| | | REMIT IN: UNITED STATES DOLLARS | |
| | Consulting Fees | - Archstone Smith Project.. | |
| | | TOTAL: | 5,000.00 |

Please indicate Invoice # 109859
on your remittance to:

Marsh USA Inc.
New York Office
P.O. Box 19601
Newark, NJ 07195-0601

**Invoice Is Payable In Full Upon Receipt**

Marsh earns and retains interest income on premium payments held by Marsh on behalf of insurers during the period between receipt of such payments from clients and the time such payments are remitted to the applicable insurer, where permitted by law.

# MARSH

Marsh USA Inc.
New York, NY - 299
(212) 345-6000

| Invoice No. |
| --- |
| 092409 |

## ORIGINAL INVOICE

Date: 5/18/07

Attn: Richard Siu
Kapalua Bay Project
c/o Lehman Brothers
399 Park Avenue
New York, NY 10022

| Effective Date | Expiration Date | Client No. |
| --- | --- | --- |
| 8/01/06 | 8/01/07 | 959574 |

** REPRINT **

Policyholder: Kapalua

ENDORSEMENT Billing Effective Date: 8/01/06

| Insurer | Policy No. | Type of Coverage / Item | Amount |
| --- | --- | --- | --- |
| FEE BILLING | KAPALAU BAY PROJEC | PROP CONSULTG FEE | 2,000.00 |
| | | REMIT IN: UNITED STATES DOLLARS | |
| | Consulting Fees. | | |
| | | TOTAL: | 2,000.00 |

Please indicate Invoice # 092409
on your remittance to:

Marsh USA Inc.
New York Office
P.O. Box 19601
Newark, NJ 07195-0601

Invoice Is Payable In Full Upon Receipt

Marsh earns and retains interest income on premium payments held by Marsh on behalf of insurers during the period between receipt of such payments from clients and the time such payments are remitted to the applicable insurer, where permitted by law.

# MARSH

Marsh USA Inc.
New York, NY - 299
(212) 345-6000

| Invoice No. |
| --- |
| 078676 |

## ORIGINAL INVOICE

Date: 1/17/07

Attn: Richard Siu
Kapalua Bay Project
c/o Lehman Brothers
399 Park Avenue
New York, NY 10022

| Effective Date | Expiration Date | Client No. |
| --- | --- | --- |
| 8/01/06 | 8/01/07 | 959574 |

** REPRINT **

Policyholder: LEHMAN BROS

ORIGINAL Billing Effective Date: 8/01/06

| Insurer | Policy No. | Type of Coverage / Item | Amount |
| --- | --- | --- | --- |
| FEE BILLING | KAPALAU BAY PROJEC | PROP CONSULTG FEE | 2,000.00 |
| | | REMIT IN: UNITED STATES DOLLARS | |
| | Consulting Fees: G.Vera/ec. | Kapalau Bay Project | |
| Please indicate Invoice # 078676 on your remittance to: Marsh USA Inc. New York Office P.O. Box 19601 Newark, NJ 07195-0601 | | TOTAL: | 2,000.00 |

Invoice Is Payable In Full Upon Receipt

Marsh earns and retains interest income on premium payments held by Marsh on behalf of insurers during the period between receipt of such payments from clients and the time such payments are remitted to the applicable insurer, where permitted by law.

# MARSH

Marsh USA Inc.
New York, NY - 299
(212) 345-6000

| Invoice No. |
|---|
| 890421 |

## ORIGINAL INVOICE

Date: 6/07/06

Attn: Michael Mao
Lehman 7 Pack
399 Park Avenue
8th Floor
New York, NY 10022

| Effective Date | Expiration Date | Client No. |
|---|---|---|
| 8/01/05 | 8/01/06 | 959574 |

** REPRINT **

Policyholder: LEHMAN BROS

ENDORSEMENT Billing Effective Date: 8/01/05

| Insurer | Policy No. | Type of Coverage / Item | Amount |
|---|---|---|---|
| FEE BILLING | SERVICE FEE | PROP CONSULTG FEE | 1,000.00 |
| | | REMIT IN: UNITED STATES DOLLARS | |
| | LEHMAN 7 PACK PROJECT<br>S.KARG/CHOSP. | | |
| | | TOTAL: | 1,000.00 |

Please indicate Invoice # 890421
on your remittance to:

Marsh USA Inc.
New York Office
P.O. Box 19601
Newark, NJ 07195-0601

**Invoice Is Payable In Full Upon Receipt**

Marsh earns and retains interest income on premium payments held by Marsh on behalf of insurers during the period between receipt of such payments from clients and the time such payments are remitted to the applicable insurer, where permitted by law.

# MARSH

Marsh USA Inc.
New York, NY - 299
(212) 345-6000

| Invoice No. |
|---|
| 890289 |

## ORIGINAL INVOICE

Date: 6/06/06

SHEILA BJONSTAD
STORAGEMART
C/O LEHMAN BROTHERS
399 PARK AVENUE, 8TH FL
NEW YORK, NY 10022

| Effective Date | Expiration Date | Client No. |
|---|---|---|
| 8/01/05 | 8/01/06 | 959574 |

** REPRINT **

Policyholder: LEHMAN BROS

ENDORSEMENT Billing Effective Date: 8/01/05

| Insurer | Policy No. | Type of Coverage / Item | Amount |
|---|---|---|---|
| FEE BILLING | SERVICE FEE | PROP CONSULTG FEE | 500.00 |
| | | REMIT IN: UNITED STATES DOLLARS | |
| | CONSULTING FEES: S.KARG/CHOSP. | STORAGEMARTCMBS REVIEW PROJECT | |
| Please indicate Invoice # 890289 on your remittance to: Marsh USA Inc. New York Office P.O. Box 19601 Newark, NJ 07195-0601 | | TOTAL: | 500.00 |

Invoice Is Payable In Full Upon Receipt

Marsh earns and retains interest income on premium payments held by Marsh on behalf of Insurers during the period between receipt of such payments from clients and the time such payments are remitted to the applicable insurer, where permitted by law.

# EXHIBIT B

# Global Real Estate Group

Introduction to Asset Management
September 11, 2007
Chatsworth Apartments
Carillon North Tower
Bachelor Gulch
Portland: Block 30, 34 & 38

**LEHMAN BROTHERS**

CONFIDENTIAL TREATMENT REQUERSTED BY
LEHMAN BROTHERS HOLDINGS INC.

LBEX-LL 2746736

# Table of Contents

**I. GREG Asset Management**

- Balance Sheet Turnover
- Core Functions
- Business Risks and Actions Steps

**II. Servicer Overview**

- Trimont Real Estate Advisors

**III. Deal Summaries**

- Stellar Apartment Portfolio
- Trump Hollywood
- Fontainebleau

CONFIDENTIAL TREATMENT REQUERSTED BY
LEHMAN BROTHERS HOLDINGS INC.

LBEX-LL 2746737

Pg 18 of 33

# GREG Asset Management

CONFIDENTIAL TREATMENT REQUERSTED BY
LEHMAN BROTHERS HOLDINGS INC.

LBEX-LL 2746738

# Balance Sheet Turnover




## Assets that remain on balance sheet will be actively asset managed through exit






CONFIDENTIAL TREATMENT REQUERSTED BY
LEHMAN BROTHERS HOLDINGS INC.

LBEX-LL 2746739

# Core Functions

**GREG Asset Management monitors long term real estate investments (debt & equity) and their related exposure in order to minimize risks and maximize returns for the firm**

- **Portfolio Management and Forecasting**
  - Monthly review of retained investments on GREG's balance sheet
    - Identify and monitor asset / portfolio level risks
    - Forecast P&L events (payoffs, syndications, marks, etc.)
  - Verify all SPE's / JV's are properly formed and maintained
  - Ensure appropriate insurance coverage is in place for real estate balance sheet assets
- **Cash Flow Reporting**
  - Monitor new originations, remittance activity and payoffs
  - Report P&L and balance sheet activity to Originators and GREG Management
- **Work Outs**
  - Work with originators and clients to resolve deal issues (cost overuns, construction delays, foreclosures, defaults, restuctures, etc.)
  - Facilitate and execute Lehman's exit strategy on poorly performing investments

CONFIDENTIAL TREATMENT REQUERSTED BY
LEHMAN BROTHERS HOLDINGS INC.

# Business Risks and Actions Steps

## GREG Asset Management continues to address the changing risk landscape in both the residential and commercial real estate markets

### Business Risks

- Fall out of sub-prime residential mortgage credit crunch
  - Slowing absorption rates
  - Downward pressure on prices significantly lowers demand for land from developers
    - **LB**: Monitor sales velocity of condo and land deals and determine optimal exit strategy
    - **LB**: Strict underwriting of new deals and experienced sponsor/borrower to minimize downside
- Decline in underwriting standards
  - More banks competing for similar business
  - Trending markets result in lowering of standards
    - **LB**: Maintain integrity and standards while attempting to maximize profitability
- High concentrations of risk in trending markets and property types (e.g. Condos, land development etc.)
    - **LB**: Monitor concentration risks of the portfolio
- Changes in accounting rules has created a need to syndicate equity to max LB ownership of 49%

### Actions Steps

- Active management of 3rd party (Trimont) asset manager performance and reporting requirements
  - Identify deals, property types, sponsors and/or markets to focus asset manager efforts (work-outs, monitoring, etc.)
  - Develop and deliver efficient reporting to LB at the deal and portfolio level (projected deal P&L, IRR returns, annual valuations, expected payoffs, etc.)
- Build out of internal GREG technology and infrastructure (Whole Loan Tracking / Core Pipeline) to strengthen risk reporting and deal management
  - Detailed tracking of deal performance metrics throughout life of position (track actual vs. underwriting)
  - Efficient portfolio level reporting
  - Direct data feeds of 3rd party servicer information
- Monthly Trimont Credit Committee, coupled with internal review of positions to ensure appropriate mark-to-market
- Review deal pipeline to ensure current underwriting guidelines (property types, markets, etc.) are the focus of deal managers

CONFIDENTIAL TREATMENT REQUERSTED BY
LEHMAN BROTHERS HOLDINGS INC.

Pg 22 of 33

# Servicer Overview

CONFIDENTIAL TREATMENT REQUERSTED BY
LEHMAN BROTHERS HOLDINGS INC.

LBEX-LL 2746742

# Servicer Overview: Trimont Real Estate Advisors

## Trimont currently services approximately 855 GREG debt and equity positions

- TriMont was originally founded in 1988 as Hatfield Philips, Inc. The name was changed in February 2003 to TriMont Real Estate Advisors, Inc.
- They currently employ over 270 employees in offices located in Atlanta, Irvine, London & New York
- Current portfolio statistics include:
  - Assets Under Management: $27+ Bn
  - Number of Assets Under Management: ~1,300
  - Value of Assets Under Management: $77+ Bn
- Cores Services: Primary Asset Management, Special Asset Management, Fund Asset Management, REO Asset Management, Underwriting and Due Diligence, Consulting and Market Research, Portfolio Risk Analysis, Reporting and Asset Management Database, Defeasance, Asset Servicing, Treasury Services
- Representative clients include AIG, Anglo Irish Bank, Bank of Scotland, Barclays Capital, Fannie Mae, H2 Capital, HSBC, Lehman Brothers, Merrill Lynch, Prudential, and Wachovia.
- Rated Primary and Special Servicer by:

| | Fitch | S&P |
|---|---|---|
| – Primary Servicer: | CPS2 | Above Average/Stable |
| – Special Servicer: | CSS2 | Above Average/Stable |
| – Construction Servicer: | N/A | Above Average/Stable |

CONFIDENTIAL TREATMENT REQUERSTED BY
LEHMAN BROTHERS HOLDINGS INC.

Pg 24 of 33

# Deal Summaries

CONFIDENTIAL TREATMENT REQUERSTED BY
LEHMAN BROTHERS HOLDINGS INC.

LBEX-LL 2746744

# PTG Deal Summary: Stellar Apartment Portfolio

## Recapitalization of an apartment portfolio in Virginia and Maryland

**Financial Summary**

| | |
|---|---|
| *Start Date:* | May-06 |
| *Property Type:* | Multi-family |
| *Location:* | VA / MD |
| *Sponsor:* | Stellar Adivsors |
| *Deal Type:* | Transitional |

| Capital Structure ($MM): | |
|---|---|
| LB Senior Loan | 190.0 |
| LBREM Senior Mezz | 19.6 |
| LB Junior Mezz 1 | 8.6 |
| LB Junior Mezz 2 | 7.8 |
| LB Equity | 3.2 |
| Stellar Equity | 5.9 |
| **Total Deal Commitments** | **235.0** |

**Deal Summary**

- ***Business Plan:*** Refinance of the Stellar Apartment Portfolio, a 1,430 unit four-asset portfolio of apartment units containing over 1.45MM SF. The proceeds from the refinance was used to pay off the existing senior and mezzanine loans, to pay closing costs, to reserve future working capital, and to pay down all preferred return and the majority of the equity balance on each asset. The assets that are included in the portfolio are Belmont, Chatsworth, Haverhill and Ashton Woods, with three of the four assets located in Northern Virginia and the fourth located in Maryland outside of Baltimore.
- ***LB Participation:*** LB provided the original senior loans, mezzanine loans (for all assets except Ashton Woods) and equity on the acquisition of all four properties with the Sponsor. Ashton Woods closed in February 2004, Chatsworth Park closed in July 2004, Belmont closed in August 2004, and Haverhill closed in December 2004. The May 2006 refinance involved various teams within GREG and consisted of the following: LB's Conduit Group provided a senior 1st mortgage loan of $190MM, LBREMP provided a senior mezzanine loan of $19MM (L+1000bps), LB provided two junior mezzanine loans (Junior 1 Mezzanine Loan of $8.6MM and Junior 2 Mezzanine Loan of $7.8MM at L+1200bps), and LB also reinvested a total of $3.2MM of equity in the deal for nearly a 50% stake in future equity returns of the portfolio.
- ***Sponsor:*** Stellar Advisors was formed in 1997 to serve as a real estate investment advisor specializing in the acquisition, repositioning, and asset management of multifamily housing. The Sponsor has been successful in purchasing properties at a value based on its current income stream, providing sufficient capital infusion to bring amenities up to market expectations, instituting a professional management team, and providing experienced asset management oversight.
- ***Current Status:*** Stellar has recently marketed the portfolio for sale and sold Belmont in June of 2007 for $50.5MM. Chatsworth is currently under contract for $129.5MM. The two remaining properties may also be sold in 2007 depending on market conditions.

CONFIDENTIAL TREATMENT REQUERSTED BY
LEHMAN BROTHERS HOLDINGS INC.

# CMBS Deal Summary: Trump Hollywood

## Debt financing of a ground up condominium project in Hollywood, FL

**Financial Summary**

| | |
|---|---|
| *Start Date:* | April-07 |
| *Property Type:* | Condo Ground Up |
| *Location:* | Hollywood, FL |
| *Sponsor:* | The Related Group |
| *Deal Type:* | Development |

| Capital Structure ($MM): | |
|---|---|
| LB A-Note (Syndicated) | 211.6 |
| LB B-Note | 15.0 |
| LBREM Mezz Loan | 23.0 |
| Buyer Deposits | 20.5 |
| Imputed Land Equity | 35.3 |
| Related Group Equity | 10.0 |
| **Total Deal Commitments** | **315.3** |

**Deal Summary**

- ***Business Plan:*** Construction of a 200 unit condominium tower totaling 622,544 SF located on an ocean front parcel in Hollywood, FL. Amenities will include an elevated pool, two spas, a reflecting pool overlooking the Atlantic Ocean, a 3,000 SF fitness center, club room, billiards and game room, air conditioned storage spaces and beachside cabanas.
- ***LB Participation:*** In April 2007, LB originated a $226.6MM floating rate First Mortgage Loan, and LBREMP originated a $23MM Mezzanine Loan to The Related Group of Florida. The First Mortgage Loan will be split into a $211.6MM A-Note and a $15.0MM B-Note. The First Mortgage Loan was syndicated to six banks with LB retaining the B-Note at a coupon of Libor plus 21.1%.
- ***Sponsor:*** The Related Group of Florida has built and managed more than 55,000 residential units throughout Florida. Related's current development portfolio includes projects valued in excess of $1.4 Bn with reported sales of more than $1.07 Bn for 2006 and over $2.5 Bn in the last four years. As of December 31, 2005 Related reported total assets of $4.3 Bn, with cash and marketable securities of $349.1MM, net worth of $456.5MM and net income of $202.7MM.
- ***Current Status:*** To date, 115 of the 200 condominium units (58%) are under contract for sale at an average price per square foot of $678. 10% of the initial deposits have been collected on these units and the aggregate contract price for these units is $222MM. Construction began in April 2007 and is expected to take approximately 2 years. Thus, the expected date of completion is May 2009.

CONFIDENTIAL TREATMENT REQUERSTED BY
LEHMAN BROTHERS HOLDINGS INC.

LBEX-LL 2746746

# CMBS Deal Summary: Fontainebleau

## Debt financing of retail development project in Las Vegas, Nevada

### Financial Summary

| | |
|---|---|
| *Start Date:* | June-07 |
| *Property Type:* | Retail |
| *Location:* | Las Vegas, NV |
| *Sponsor:* | Fontainebleau |
| *Deal Type:* | Development |

| Capital Structure ($MM): | |
|---|---|
| LB Senior Loan | 315.0 |
| LB Mezzanine Loan | 85.0 |
| Sponsor Imputed equity | 47.6 |
| **Total Deal Commitments** | **447.6** |

### Deal Summary

- ***Business Plan:*** Development of the high end retail component of the Fontainebleau Las Vegas, a to be constructed signature casino hotel resort containing 3,889 hotel rooms, 100M SF casino, 280M SF of convention space and a 56M SF spa. The retail component will contain approximately 162M SF of retail space and 125M SF of restaurants and nightclubs.
- ***LB Participation:*** LB originated a total of $400MM (L+428bps) in construction financing that was divided into a $315MM senior loan and an $85MM mezzanine loan to Fontainebleau. The initial funding of the senior loan was $125MM and the mezzanine loan was fully funded at closing. LB intends to syndicate the entire senior loan at a spread of L+200bps while retaining the mezzanine loan at a spread of L+1278bps, which would currently yield a coupon of 18.1%.
- ***Sponsor:*** Founded by Jeff Soffer and Glenn Schaeffer in 2005, Fontainebleau Resorts LLC benefits from an experienced management team with a proven track record. Soffer is a Principal of Turnberry Associates which has developed more than $7 Bn in commercial and residential property since 1967. Glenn Schaeffer, former President and CFO of the Mandalay Resort Group, and his management team, have developed several major casino properties including Mandalay Bay, The Hotel, Monte Carlo, Excalibur and Luxor.
- ***Current Status:*** Construction of the Fontainebleau Las Vegas has started and is expected to be completed in the 4th Quarter of 2009. The project's stabilized NOI (beginning October 2010) for the retail portion of the development is estimated at $30.1MM. LB is currently marketing the senior loan for syndication with an expected sale date in the 3Q07.

CONFIDENTIAL TREATMENT REQUERSTED BY
LEHMAN BROTHERS HOLDINGS INC.

LBEX-LL 2746747

# **EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **CHAPTER 11** |
| **LEHMAN BROTHERS HOLDINGS, INC.,** ***et al.*****,** | **CASE NO. 08-13555** |
| **Debtors.** | **(Jointly Administered)** |

**DECLARATION OF JOEL BRANDT IN SUPPORT OF THE RESPONSE OF MARSH USA INC. TO THREE HUNDRED SEVENTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

I, Joel Brandt, hereby declare under penalty of perjury as follows:

1. I, Joel Brandt, am a Senior Vice President of Marsh USA Inc. ("**Marsh**"), with personal knowledge concerning the facts alleged in the attached *Response Of Marsh USA Inc. To Three Hundred Seventieth Omnibus Objection To Claims (No Liability Claims)* (hereinafter "**the Response of Marsh**") and, as such, have been duly authorized to submit this Declaration on behalf of Marsh.

2. After a reasonable investigation, I have formed the belief that the facts set forth in the Response of Marsh are true and correct.

3. In 2006 and 2007 Marsh's Private Equity and Mergers & Acquisitions Group ("**Marsh PEMA**") provided insurance due diligence services related to certain real estate acquisitions by Lehman Brothers Holdings Inc.'s Global Real Estate Group ("**LBHI GREG**"). I personally worked on three of those matters and have knowledge of the fourth.

4. Attached to the Response of Marsh as Exhibit "A" is Marsh's timely filed Proof of Claim, designated by Debtors as Claim No. 8538, for a total amount of $10,500.00 relating to

such insurance due diligence services (the **"Marsh Claim"**). The Marsh Claim relates to the following invoices:

| NAME/ADDRESS | INVOICE # | DATE | AMOUNT |
|---|---|---|---|
| Nakeyshia Kendall<br>Global Real Estate Group<br>Lehman Brothers<br>399 Park Avenue, 8th Floor<br>New York, NY 10022 | 109859 | 9/28/07 | $5,000.00 |
| Attn: Richard Siu<br>Kapalua Bay Project<br>c/o Lehman Brothera<br>399 Park Avenue<br>New York, NY 10022 | 092409 | 5/18/07 | $2,000.00 |
| Attn: Richard Siu<br>Kapalua Bay Project<br>c/o Lehman Brothers<br>399 Park Avenue<br>New York, NY 10022 | 078676 | 1/17/07 | $2,000.00 |
| Attn: Michael Mao<br>Lehman 7 Pack<br>399 Park Avenue<br>8th Floor<br>New York, NY 10022 | 890421 | 6/07/06 | $1,000.00 |
| SHEILA BJONSTAD<br>STORAGEMART<br>C/O LEHMAN BROTHERS<br>399 PARK AVENUE, 8TH FL<br>NEW YORK, NY 10022 | 890289 | 6/06/06 | $ 500.00* |
| **TOTAL** | | | **$10,500.00** |

* **Based on my records and recollection, this $500 amount actually was and should have been $1,750, but I realize that Marsh's ability to claim this extra $1,250 amount now may be barred by the claims bar date.**

5. **More specifically, said insurance due diligence services included (without limitation) work by the Marsh PEMA, with regard to the insurance needs of a potential real estate asset acquisition that LBHI was considering. LBHI GREG specifically**

10314817v.2

**requested that these services be performed and was aware of the associated fees that would be charged for those services.**

6. At the time these invoices were issued it was Marsh's understanding and belief that LBHI GREG was part of Lehman Brothers Holding Inc.

7. Each of the invoices attached to Marsh's Proof of Claim, were intended for payment by or, on behalf of, LBHI GREG for services rendered to that entity.

8. All of the invoices were directed to specific individuals who held themselves out as duly authorized to act on behalf of LBHI GREG.

9. Marsh has searched its records and could not find any evidence that said insurance due diligence services were provided for any entity other than LBHI GREG.

10. Marsh has searched its billing system and could not find any evidence of LBHI's payment of said invoices.

11. I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 18, 2012.

MARSH USA INC.

By: ______________________
Joel Brandt
Senior Vice President

10314817v.2

**WHITE AND WILLIAMS LLP**
Sedgwick M. Jeanite, Esquire
One Penn Plaza, Suite 4110
New York, N.Y. 10119
Telephone: (212) 631-4413
Facsimile: (212) 244-6200
Email: jeanites@whiteandwilliams.com

*Attorneys for Marsh USA Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | ) | **CHAPTER 11** |
| **LEHMAN BROTHERS HOLDINGS, INC., *et al.*,** | ) | **CASE NO. 08-13555** |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |

**CERTIFICATE OF SERVICE**

I, Sedgwick M. Jeanite, hereby certify that a true and correct copy of the foregoing Response of Marsh USA Inc. to the Three Hundred Seventieth Omnibus Objection to Claims (No Liability Claims) and this Certificate of Service were filed electronically with the Court on this 18th day of December, 2012, and served via e-mail or first class mail, postage prepaid, upon the parties listed on the attached list.

Dated: December 18, 2012
New York, New York

WHITE AND WILLIAMS LLP

By: /s/ Sedgwick M. Jeanite
Sedgwick M. Jeanite, Esq.
One Penn Plaza, Suite 4110
New York, N.Y. 10119
Telephone: (212) 631-4413
Facsimile: (212) 244-6200
Email: jeanites@whiteandwilliams.com

*Attorneys for Marsh USA Inc.*

**Service List**

The Honorable James M. Peck
United States Bankruptcy Court
Courtroom 601
One Bowling Green
New York, NY 10004

Tracy Hope Davis, Esq.
Elisabetta Gasparini, Esq.
Andrew Schwartz, Esq.
Office of the U.S. Trustee for Region 2
33 Whitehall Street, 21st Floor
New York, NY 10004

Robert J. Lemons, Esq.
Mark Bernstein, Esq.
Weil, Gotshal & Manges LP
767 Fifth Avenue
New York, NY 10153