WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                        :
**In re**                                   :        **Chapter 11 Case No.**
                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :        **08-13555 (JMP)**
                                        :
                          **Debtors.**      :        **(Jointly Administered)**
                                        :
-----------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING OMNIBUS CLAIMS**
**OBJECTIONS SCHEDULED FOR HEARING ON DECEMBER 19, 2012**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Amended Order Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

1.      Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), or LBHI as Plan Administrator under the Modified Third Amended Joint Chapter 11

Plan of LBHI and its Affiliated Debtors (the "Plan Administrator"), filed the following motions

and omnibus claims objections (collectively, the "Claims Objections") with the Court for hearing

on or before December 19, 2012:

    (a)    Forty-Third Omnibus Objection to Claims (Late-Filed Lehman Program Securities Claims) [ECF No. 11308]

    (b)    One Hundred Third Omnibus Objection to Claims (Valued Derivative Claims) [ECF No. 15003]

    (c)    Three Hundred Thirty-Fifth Omnibus Objection to Claims (Invalid or No Blocking Number LPS Claims) [ECF No. 29330]

    (d)    Three Hundred Sixty-Fourth Omnibus Objection to Claims (No Liability Claims) [ECF No. 31326]

    (e)    Three Hundred Sixty-Fifth Omnibus Objection to Claims (Securities Claims) [ECF No. 31988]

    (f)    Three Hundred Sixty-Seventh Omnibus Objection to Claims (Settled Derivatives Claims) [ECF No. 31990]

    (g)    Three Hundred Sixty-Eighth Omnibus Objection to Claims (Invalid Amendments) [ECF No. 31991]

    (h)    Three Hundred Sixty-Ninth Omnibus Objection to Claims (Duplicative Claims) [ECF No. 31992]

    (i)    Three Hundred Seventieth Omnibus Objection to Claims (No Liability Claims) [ECF No. 31993]

    (j)    Three Hundred Seventy-First Omnibus Objection to Claims (Reduce and Allow Claims) [ECF No. 31994]

    (k)    Three Hundred Seventy-Third Omnibus Objection to Claims (Insufficient Documentation) [ECF No. 31996]

    (l)    Three Hundred Seventy-Fourth Omnibus Objection to Claims (Partnership Claims) [ECF No. 31997]

    (m)    Three Hundred Seventy-Fifth Omnibus Objection to Claims (No Guarantee Claims) [ECF No. 31998]

    (n)    Three Hundred Seventy-Sixth Omnibus Objection to Claims (Wong Entity Claims) [ECF No. 31999]

US_ACTIVE:\44162444\1\58399.0011

2.      In accordance with the Second Amended Case Management Order, the

Debtors, or the Plan Administrator, as applicable, established deadlines (the "Response

Deadline") for each Claim Objection for parties to object or file responses.  The Response

Deadlines have been extended for certain creditors from time to time.  The Second Amended

Case Management Order provides that pleadings may be granted without a hearing, provided that

no objections or other responsive pleadings have been filed on or prior to the relevant response

deadline and the attorney for the entity who filed the pleading complies with the relevant

procedural and notice requirements.

3.      The Response Deadlines have now passed and, to the best of my

knowledge, no responsive pleadings to the Claims Objections have been (a) filed with the Court

on the docket of the above-referenced cases in accordance with the procedures set forth in the

Second Amended Case Management Order, or (b) served on counsel to the Debtors or the Plan

Administrator by any of the holders of the claims included on Exhibit 1 to any of the Orders

attached hereto, which include only the proofs of claim for which the Claims Objection will be

granted.  Responses to certain of the Claims Objections were filed on the docket, or served on

the Debtors, by holders of certain proofs of claim included on the Claims Objections.  The

hearing on the Claims Objections as to any proof of claim for which a response was either filed

on the docket or received by the Debtors, and which objection has not been resolved, has been

adjourned to a future date.

4.      Accordingly, the Debtors and the Plan Administrator respectfully request

that the proposed orders granting the Claims Objections annexed hereto as Exhibits A through N,

which, except for the inclusion of additional language to indicate that such order is supplemental

to a previously entered order for a Claim Objection or to reference the inclusion of separate

exhibits attached to the proposed orders for proofs of claim for which the Claims Objection is

granted, adjourned or withdrawn, are unmodified since the filing of the Claims Objections, be

entered in accordance with the procedures described in the Second Amended Case Management

Order.

    I declare that the foregoing is true and correct.

Dated: December 18, 2012
       New York, New York


                              /s/ Robert J. Lemons
                              Robert J. Lemons

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Lehman Brothers Holdings Inc. and
                              Certain of Its Affiliates

US_ACTIVE:\44162444\1\58399.0011

**EXHIBIT A**
**(Proposed Order – ECF No. 11308)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                   :        **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :        **08-13555 (JMP)**
                                                        :
                      **Debtors.**                      :        **(Jointly Administered)**
------------------------------------------------------------------x

## FOURTH SUPPLEMENTAL ORDER GRANTING DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS (LATE-FILED LEHMAN PROGRAMS SECURITIES CLAIMS)

Upon the forty-third omnibus objection to claims, dated September 13, 2010 (the "Forty-Third Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking the disallowance and expungement of the Late-Filed LPS Claims on the basis that they were filed after the Securities Programs Bar Date, all as more fully described in the Forty-Third Omnibus Objection to Claims; and due and proper notice of the Forty-Third Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Forty-Third Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Forty-Third Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Forty-Third Omnibus Objection to Claims.

ORDERED that the relief requested in the Forty-Third Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "Expunged LPS Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the Expunged LPS Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Forty-Third Omnibus Objection to Claims that is not listed on (i) Exhibit 1 annexed hereto; (ii) Exhibit 1 annexed to the Order Granting Debtors' Forty-Third Omnibus Objection to Claims (Late-Filed Lehman Program Securities Claims) [ECF No. 12424]; (iii) Exhibit 1 annexed to the Supplemental Order Granting Debtors' Forty-Third Omnibus Objection to Claims (Late-Filed Lehman Programs Securities Claims) [ECF No. 18420]; (iv) Exhibit 1 annexed to the Second Supplemental Order Granting Debtors' Forty-Third Omnibus Objection to Claims (Late-Filed Lehman Programs Securities Claims) [ECF No. 29607]; or (v) Exhibit 1 annexed to the Third Supplemental Order Granting Debtors' Forty-Third Omnibus Objection to Claims (Late-Filed Lehman Programs Securities Claims) [ECF No. 32142]; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 43: EXHIBIT 1 - LATE FILED CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | EDIFICACIONES MARSOL, S.A. C/ JUAN DE URBIETA 16 MADRID, 28007 SPAIN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/19/2009 | 65623 | $99,418.68 | Late-Filed Claim |
| 2 | EDIFICACIONES MARSOL, S.A. C/ JUAN DE URBIETA 16 MADRID, 28007 SPAIN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/19/2009 | 65624 | $73,400.16 | Late-Filed Claim |
| 3 | MARTINEZ LOPEZ, ENCARNACION C/ JUAN DE URBIETA 16 MADRID, 28007 SPAIN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/19/2009 | 65628 | $13,557.09 | Late-Filed Claim |
| | | | | | TOTAL | $186,375.93 | |

**EXHIBIT B**
**(Proposed Order – ECF No. 15003)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
In re                                                  :        Chapter 11 Case No.
                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :        08-13555 (JMP)
                                                       :
                              Debtors.                 :        (Jointly Administered)
---------------------------------------------------------------------x

## FIFTH SUPPLEMENTAL ORDER GRANTING DEBTORS' ONE HUNDRED THIRD OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the One Hundred Third omnibus objection to claims, dated March 14, 2011

(the "One Hundred Third Omnibus Objection to Claims"),[2] of Lehman Brothers Holdings Inc.

and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United

States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to reduce, reclassify (in

certain instances), and allow the Valued Derivative Claims on the basis that the amounts listed

on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the

Debtors after a review of the claimants' supporting documentation and the Debtors' books and

records, all as more fully described in the One Hundred Third Omnibus Objection to Claims; and

due and proper notice of the One Hundred Third Omnibus Objection to Claims having been

provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the

Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States

Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached

---

[2]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Third Omnibus Objection to Claims.

to the One Hundred Third Omnibus Objection to Claims; and (vii) all other parties entitled to

notice in accordance with the procedures set forth in the second amended order entered on June

17, 2010 governing case management and administrative procedures for these cases [Docket No.

9653]; and it appearing that no other or further notice need be provided; and upon the resolution

of the Response of SPCP Group, LLC: Transferor: Central European Media Enterprises, Ltd. to

Debtors' One Hundred Third Omnibus Objection to Claims (Valued Derivative Claims) [Docket

No. 15921]; and the Court having found and determined that the relief sought in the One

Hundred Third Omnibus Objection to Claims is in the best interests of the Debtors, their estates,

creditors, and all parties in interest and that the legal and factual bases set forth in the One

Hundred Third Omnibus Objection to Claims establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the One Hundred Third Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1 annexed hereto

is hereby modified and allowed in the amount set forth on Exhibit 1 under the column heading

"Modified Amount" and any asserted amount in excess of the modified amount is disallowed;

and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A to the One Hundred Third

Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 103: EXHIBIT 1 – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | SPCP GROUP, LLC TRANSFEROR: CENTRAL EUROPEAN MEDIA ENTERPRISES LTD. AS AGENT FOR SILVER POINT CAPITAL FUND, LP AND SILVER POINT CAPITAL OFFSHORE FUND, LTD. C/O SILVER POINT CAPITAL, LP, ATTN: ADAM J. DEPANFILIS GREENWICH, CT 06830 | 117 | 10/13/2008 | Lehman Brothers OTC Derivatives Inc. | Unsecured | $19,900,000.00 | Lehman Brothers OTC Derivatives Inc. | Unsecured | $15,000,000.00 |
| 2 | SPCP GROUP, LLC TRANSFEROR: CENTRAL EUROPEAN MEDIA ENTERPRISES LTD. AS AGENT FOR SILVER POINT CAPITAL FUND, LP AND SILVER POINT CAPITAL OFFSHORE FUND, LTD. C/O SILVER POINT CAPITAL, LP, ATTN: ADAM J. DEPANFILIS GREENWICH, CT 06830 | 171 | 10/13/2008 | Lehman Brothers Holdings Inc. | Unsecured | $19,900,000.00 | Lehman Brothers Holdings Inc. | Unsecured | $15,000,000.00 |
| | | | | TOTAL | | $39,800,000.00 | | TOTAL | $30,000,000.00 |

**EXHIBIT C**
**(Proposed Order – ECF No. 29330)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :        **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :        **08-13555 (JMP)**
                                                         :
                              **Debtors.**               :        **(Jointly Administered)**
-------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (INVALID BLOCKING NUMBER LPS CLAIMS)

Upon the three hundred thirty-fifth omnibus objection to claims, dated July 10, 2012 (the "Three Hundred Thirty-Fifth Omnibus Objection to Claims"),[3] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), seeking, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), disallowance and expungement of the Invalid or No Blocking Number LPS Claims to the extent that such claims fail to include a valid electronic instruction reference number or a blocking reference number as required by the Bar Date Order, all as more fully described in the Three Hundred Thirty-Fifth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Thirty-Fifth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Thirty-Fifth Omnibus

---

[3] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Ninety-Seventh Omnibus Objection to Claims.

Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all

parties in interest and that the legal and factual bases set forth in the Three Hundred Thirty-Fifth

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Three Hundred Thirty-Fifth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "Invalid or No Blocking Number LPS

Claims") are disallowed and expunged to the extent set forth therein; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A annexed to the Three Hundred

Thirty-Fifth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 335: EXHIBIT 1 – INVALID OR NO BLOCKING NUMBER LPS CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | FINANCIAL SERVICES COMPENSATION SCHEME LIMITED, THE<br>FAO: JAMES DARBYSHIRE<br>7TH FLOOR, LLOYDS CHAMBERS<br>1 PORTSOKEN STREET<br>LONDON, E1 8BN<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/02/2009 | 63358[1] | Undetermined* | Invalid or No Blocking Number LPS Claim |
| | | | | | TOTAL | Undetermined | |

---

[1] Claim 63358 is being expunged solely with respect to its asserted claim, in an undetermined amount, for the security with ISIN ANN5214T7148.  The remaining portion of Claim 63358 is not being expunged pursuant to this Objection and is not affected by this Objection.  All rights with respect to the remaining portion of Claim 63358 are reserved.

**\* - Indicates claim contains unliquidated and/or undetermined amounts**                    Page 1 of 1

**EXHIBIT D**
**(Proposed Order – ECF No. 31326)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

------------------------------------------------------------------x

## SUPPLEMENTAL ORDER GRANTING THE THREE HUNDRED SIXTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the three hundred sixty-fourth omnibus objection to claims, dated October 11, 2012 (the "Three Hundred Sixty-Fourth Omnibus Objection to Claims"),[4] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims to the extent that they assert claims for which the applicable Chapter 11 Estates do not have any liability, all as more fully described in the Three Hundred Sixty-Fourth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Sixty-Fourth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Sixty-Fourth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest

---

[4] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Sixty-Fourth Omnibus Objection to Claims.

and that the legal and factual bases set forth in the Three Hundred Sixty-Fourth Omnibus

Objection to Claims establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefore, it is

      ORDERED that the relief requested in the Three Hundred Sixty-Fourth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

      ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on <u>Exhibit 1</u> annexed hereto (collectively, the "<u>No Liability Claims</u>") are disallowed and

expunged, with prejudice, to the extent set forth therein; and it is further

      ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to the Three

Hundred Sixty-Fourth Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed

hereto, (ii) any claim listed on <u>Exhibit A</u> annexed to the Three Hundred Sixty-Fourth Omnibus

Objection to Claims that is not listed on <u>Exhibit 1</u> annexed to the *Order Granting the Three*

*Hundred Sixty-Fourth Omnibus Objection to Claims (No Liability Claims)* [ECF No. 32264], and

(iii) the portion of any No Liability Claim that is not the subject of the Three Hundred Sixty-

Fourth Omnibus Objection to Claims; and it is further

      ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
    New York, New York

                   _____
                   UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 364: EXHIBIT 1 - NO LIABILITY CLAIMS**

| | NAME | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | CHILTON MUELLER, MARTHA | Lehman Brothers Holdings Inc. | 21504 | $1,405,373.85 * | $1,405,373.85 | None | Claim 21504 is based on amounts owed under securities issued by or investments in Lehman Brothers MLP Opportunity Delaware Fund L.P., a non-Debtor entity. LBHI has no liability for the securities issued by or investments in Lehman Brothers MLP Opportunity Delaware Fund L.P. |
| 2 | EMPIRE OFFICE INC. | Lehman Brothers Holdings Inc. | 4340 | $54,825.44 * | $54,825.44 | None | The Debtors' records reflect that Claim 4340 is based on a transaction or transactions between claimant, on the one hand, and Lehman Brothers Inc., a non-Debtor entity, and/or Neuberger Berman Group LLC, also a non-Debtor entity, on the other hand. The Debtors have no liability to claimant for such transaction or transactions. |
| | | TOTAL | | $1,460,199.29 | $1,460,199.29 | | |

* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT E**
**(Proposed Order – ECF No. 31988)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
In re                                              :          **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :          **08-13555 (JMP)**
                                                   :
                    **Debtors.**                   :          **(Jointly Administered)**
---------------------------------------------------------------------x

## ORDER GRANTING THE THREE HUNDRED SIXTY-FIFTH
## OMNIBUS OBJECTION TO CLAIMS (SECURITIES CLAIMS)

Upon the three hundred sixty-fifth omnibus objection to claims, dated November

9, 2012 (the "Three Hundred Sixty-Fifth Omnibus Objection to Claims"),[5] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rules 3007(d) and 3013 of the Federal Rules of Bankruptcy Procedure, and

this Court's order approving procedures for the filing of omnibus objections to proofs of claim

[ECF No. 6664] (the "Procedures Order"), seeking to subordinate the Securities Claims on the

basis that such claims arise from the purchase or sale of securities issued by LBHI or its

affiliates, all as more fully described in the Three Hundred Sixty-Fifth Omnibus Objection to

Claims; and due and proper notice of the Three Hundred Sixty-Fifth Omnibus Objection to

Claims having been provided; and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Three Hundred Sixty-

Fifth Omnibus Objection to Claims is in the best interests of LBHI, its creditors, and all parties

in interest, and that the legal and factual bases set forth in the Three Hundred Sixty-Fifth

---
[5] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Three Hundred Sixty-Fifth Omnibus Objection to Claims.

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Sixty-Fifth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Securities Claim listed on Exhibit 1 annexed hereto is

classified in LBHI Class 11; and it is further

ORDERED that this Order has no res judicata, estoppel, or other affect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A to the Three Hundred Sixty-

Fifth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 365: EXHIBIT 1 – SECTION 510(b) CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | CLASS |
|---|---|---|---|---|---|---|---|---|
| 1 | COHEN, LAURIE S<br>1361 WRIGHT DRIVE<br>HUNTINGDON VALLEY, PA 19006 | | Lehman Brothers Holdings Inc. | 09/14/2009 | 12167[1] | $42,400.00 | $42,400.00 | LBHI Class 11 |
| 2 | HAACK, JOHN A<br>10500 VILLAGE LN<br>FORISTELL, MO 63348-2422 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25005 | $40,000.00 | $40,000.00 | LBHI Class 11 |
| 3 | PUERTO RICO GLOBAL INCOME TARGET MATURITY FUND, INC.<br>ATTN: JOSE SOSA LLORENS, ESQ.<br>FIDDLER GONZALEZ & RODRIGUEZ<br>PO BOX 363507<br>SAN JUAN, PR 00936-3507 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24629 | $5,950,000.00 | $5,950,000.00 | LBHI Class 11 |
| 4 | ROFOUGARAN, AHMADREZA (REZA)<br>33 VISTA LUCI<br>NEWPORT COAST, CA 92657 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25392[2] | $381,476.00 | $381,476.00 | LBHI Class 11 |
| 5 | SHAPIRO, MARK<br>59 UPLAND DRIVE<br>GREENWICH, CT 06831 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22199 | $50,000.00 | $50,000.00 | LBHI Class 11 |
| | | | | TOTAL | | $6,463,876.00 | $6,463,876.00 | |

[1] The Three Hundred Sixty-Fifth Omnibus Objection to Claims does not affect the previously expunged portion of Claim 12167 relating to the security identified by CUSIP 52520X208.
[2] The Three Hundred Sixty-Fifth Omnibus Objection to Claims does not affect the portion of Claim 25392 relating to the securities identified by CUSIPs 524935111 and 5250W143.

**EXHIBIT F**
**(Proposed Order – ECF No. 31990)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                              :     **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :     **08-13555 (JMP)**
                                                   :
                        **Debtors.**               :     **(Jointly Administered)**
-------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED SIXTY-SEVENTH
## OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

Upon the three hundred sixty-seventh omnibus objection to claims, dated

November 9, 2012 (the "Three Hundred Sixty-Seventh Omnibus Objection to Claims"),[6] of

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator

under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and

Its Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United

States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim [ECF No. 6664], seeking disallowance and expungement of the Settled

Derivatives Claims on the grounds that the Settled Derivatives Claims are contrary to settlements

that the parties have entered into, all as more fully described in the Three Hundred Sixty-Seventh

Omnibus Objection to Claims; and due and proper notice of the Three Hundred Sixty-Seventh

Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region

2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the

United States Attorney for the Southern District of New York; (v) each claimant listed on

Exhibit A attached to the Three Hundred Sixty-Seventh Omnibus Objection to Claims; and (vi)

---

[6] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Sixty-Seventh Omnibus Objection to Claims.

all other parties entitled to notice in accordance with the procedures set forth in the second

amended order entered on June 17, 2010, governing case management and administrative

procedures for these cases [ECF No. 9635]; and it appearing that no other or further notice need

be provided; and the Court having found and determined that the relief sought in the Three

Hundred Sixty-Seventh Omnibus Objection to Claims is in the best interests of the Chapter 11

Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in

the Three Hundred Sixty-Seventh Omnibus Objection to Claims establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Sixty-Seventh

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Settled

Derivatives Claims listed on Exhibit 1 annexed hereto are disallowed and expunged in their

entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Three Hundred

Sixty-Seventh Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto;

and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York


                              _____
                              UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 367: EXHIBIT 1 - SETTLED DERIVATIVES CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | RUBY FINANCE PLC SERIES 2007-2 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 25977 | Undetermined | Undetermined | No Liability Claim - Derivative Settled |
| 2 | RUBY FINANCE PLC SERIES 2007-2 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 9/21/2009 | 25979 | Undetermined | Undetermined | No Liability Claim - Derivative Settled |
| | | | | TOTAL | | $0.00 | $0.00 | |

**EXHIBIT G**
**(Proposed Order – ECF No. 31991)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
In re                                                :        **Chapter 11 Case No.**
                                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**
                                                     :
                        **Debtors.**                 :        **(Jointly Administered)**
-----------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED SIXTY-EIGHTH
## OMNIBUS OBJECTION TO CLAIMS (IMPROPER AMENDMENTS)

Upon the three hundred sixty-eighth omnibus objection to claims, dated November 9, 2012 (the "Three Hundred Sixty-Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, seeking, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), to disallow and expunge the Improper Amendment Claims on the grounds that such claims are improper amendments of the corresponding Prior Claims, all as more fully described in the Three Hundred Sixty-Eighth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Sixty-Eighth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Sixty-Eighth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Sixty-Eighth Omnibus Objection to Claims.

and that the legal and factual bases set forth in the Three Hundred Sixty-Eighth Omnibus

Objection to Claims establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Three Hundred Sixty-Eighth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the

Improper Amendment Claims constitutes any admission or finding with respect to any of the

Prior Claims, and the Plan Administrator's rights to object to the Prior Claims on any basis are

preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Three Hundred

Sixty-Eighth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it

is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
    New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 368: EXHIBIT 1 - IMPROPER AMENDMENT CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | FRANZ, ROBERT | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/24/2011 | 67641 | $8,354,024.08 | $8,354,024.08 | Purports to amend Claim No. 13065, which was expunged by Order dated March 31, 2011 [ECF No. 15491]. |
| 2 | KARP, MICHAEL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/11/2011 | 67680 | $41,250.00 | $41,250.00 | Purports to amend Claim No. 26318, which was expunged by Order dated June 3, 2011 [ECF No. 17366]. |
| | | | TOTAL | | | $8,395,274.08 | $8,395,274.08 | |

**EXHIBIT H**
**(Proposed Order – ECF No. 31992)**

US_ACTIVE:\44162444\1\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                          :        **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**
                                                               :
                              **Debtors.**                     :        **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED SIXTY-NINTH
### OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)

Upon the three hundred sixty-ninth omnibus objection to claims, dated November

9, 2012 (the "Three Hundred Sixty-Ninth Omnibus Objection to Claims"),[8] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors, in accordance with section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 6664], seeking disallowance and expungement of the duplicative claims on the

grounds that such claims are duplicative of the corresponding surviving claims, either exactly or

in substance, all as more fully described in the Three Hundred Sixty-Ninth Omnibus Objection to

Claims; and due and proper notice of the Three Hundred Sixty-Ninth Omnibus Objection to

Claims having been provided, and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Three Hundred Sixty-

Ninth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their

creditors, and all parties in interest and that the legal and factual bases set forth in the Three

---

[8] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Three Hundred Sixty-Ninth Omnibus Objection to Claims.

Hundred Sixty-Ninth Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Sixty-Ninth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "Duplicative Claims") are disallowed and expunged in their entirety with

prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading

"*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register

subject to the Plan Administrator's right to object as set forth herein; and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Duplicative Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that all information included on and all documentation filed in

support of any Duplicative Claims, including, but not limited to, derivative and guarantee

questionnaires and supporting documentation, shall be treated as having been filed in support of

the corresponding Surviving Claims; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the

Duplicative Claims constitutes any admission or finding with respect to any of the Surviving

Claims, and the Plan Administrator's rights to object to the Surviving Claims on any basis are

preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to the Three

Hundred Sixty-Ninth Omnibus Objection to Claims under the heading "*Claims to be Disallowed*

*and Expunged*" that is not listed on <u>Exhibit 1</u> annexed hereto and (ii) any Surviving Claim;

*provided, however*, that if the Court subsequently orders that a Surviving Claim is not

appropriately duplicative of the corresponding Duplicative Claim, then the claims agent shall be

authorized and directed to immediately reinstate such Duplicative Claim in these chapter 11

cases (the "<u>Reinstated Claim</u>"), and the rights of all interested parties with respect to the

Reinstated Claim shall be expressly reserved; and it is further

        ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
     New York, New York


                     _____
                     UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 369: EXHIBIT 1 – DUPLICATIVE CLAIMS**

| | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | CHINA CITIC BANK CORPORATION LIMITED ATTN: ZHAO JINGLIANG BLOCK C, FUHUA MANSION CHAOYANGMENBEI DAJIE, DONGECHENG, BEIJIING, 100027 CHINA | 09/21/2009 | 08-13555 (JMP) | 24579 | $839,481.81* | CHINA CITIC BANK CORPORATION LIMITED ATTN: ZHAO JINGLIANG BLOCK C, FUHUA MANSION CHAOYANGMENBEI DAJIE, DONGECHENG, BEIJIING, 100027 CHINA | 09/21/2009 | 08-13555 (JMP) | 20831 | $839,481.81* |
| 2 | CIBA UK PENSION TRUST LTD CHARTER WAY MACCLESFIELD CHESHIRE, SK10 2NX UNITED KINGDOM | 09/22/2009 | 08-13555 (JMP) | 32599 | $54,989.67 | CIBA UK PENSION TRUST LTD CHARTER WAY MACCLESFIELD CHESHIRE, SK10 ZNX UNITED KINGDOM | 09/22/2009 | 08-13555 (JMP) | 26552 | $54,989.67 |
| 3 | DOWNTOWN REDEVELOPMENT AUTHORITY PO BOX 1995 VANCOUVER, WA 98668-1995 | 03/07/2012 | 08-13555 (JMP) | 68036 | $2,196,822.00 | DOWNTOWN REDEVELOPMENT AUTHORITY PO BOX 1995 VANCOUVER, WA 98668-1995 | 03/07/2012 | 08-13555 (JMP) | 68035 | $2,196,822.00 |

*\* - Indicates claim contains unliquidated and/or undetermined amounts*

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

### OMNIBUS OBJECTION 369: EXHIBIT 1 – DUPLICATIVE CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 4 | PILEKA INVESTMENTS LIMITED AKARA BUILDING 24 CASTRO STREET, WICKHAMS ROAD TOWN, CAY 1 TORTOLA, VIRGIN ISLANDS (BRITISH) | 09/22/2009 | 08-13555 (JMP) | 30081 | $250,684.00 | PILEKA INVESTMENTS LIMITED AKARA BUILDING 24 CASTRO STREET, ROAD TOWN WICKHAMS CAY 1 TORTOLA, VIRGIN ISLANDS (BRITISH) | 09/21/2009 | 08-13555 (JMP) | 25800 | $250,684.00 |
| 5 | R2 INVESTMENTS, LDC C/O AMALGAMATED GADGET, L.P. 301 COMMERCE STREET, SUITE 3200 FORT WORTH, TX 76102-4140 | 09/21/2009 | 08-13555 (JMP) | 25635[1] | $7,388,738.95* | R2 INVESTMENTS, LDC C/O AMALGAMATED GADGET, L.P. ATTN: NOEL NESSER, CHIEF FINANCIAL OFFICER - ATTN: BUSINESS AFFAIRS 301 COMMERCE STREET, SUITE 3200 FORT WORTH, TX 76102-4140 | 09/21/2009 | 08-13555 (JMP) | 24371[2] | $7,069,667.23 |
| 6 | REID, WAYNE D, II 433 LANGLEY OAKS DRIVE MARIETTA, GA 30067 | 12/18/2009 | 08-13555 (JMP) | 65976 | $433,751.50 | REID, WAYNE D, II 433 LANGLEY OAKS DRIVE MARIETTA, GA 30067 | 12/18/2009 | 08-13555 (JMP) | 65975 | $433,751.50 |

[1] Claim number 25635 was filed in the amount of $19,251,857.97.  Only portion of claim number 25635 relating to LBHI's alleged guarantee of Lehman Brothers Special Financing Inc.'s obligation under the Master Agreement (as such term is defined in proof of claim number 25635) is included in the Three Hundred Sixty-Ninth Omnibus Objection to Claims.

[2] Claim number 24371 was previously Allowed (as such term is defined in the Plan) in the amount of $7,069,667.23 pursuant to the Order Granting Debtors' Sixty-Seventh Omnibus Objection to Claims [ECF No. 13616].

* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 369: EXHIBIT 1 – DUPLICATIVE CLAIMS**

| | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 7 | TREILING, ERIC<br>745 SEVENTH AVENUE<br>THIRD FLOOR<br>NEW YORK, NY 10019 | 09/18/2009 | 08-13555 (JMP) | 19432 | Undetermined | TREILING, ERIC<br>745 SEVENTH AVENUE<br>THIRD FLOOR<br>NEW YORK, NY 10019 | 09/18/2009 | 08-13555 (JMP) | 18277 | Undetermined |
| | | | TOTAL | | $11,164,467.93 | | | | | |

**EXHIBIT I**
**(Proposed Order – ECF No. 31993)**

US_ACTIVE:\44162444\1\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                              :        **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :        **08-13555 (JMP)**
                                                   :
                        **Debtors.**               :        **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING THE THREE HUNDRED SEVENTIETH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the three hundred seventieth omnibus objection to claims, dated November

9, 2012 (the "Three Hundred Seventieth Omnibus Objection to Claims"),[9] of Lehman Brothers

Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-

referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b)

of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules

of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance

and expungement of the No Liability Claims to the extent that they assert claims for which the

applicable Chapter 11 Estates do not have any liability, all as more fully described in the Three

Hundred Seventieth Omnibus Objection to Claims; and due and proper notice of the Three

Hundred Seventieth Omnibus Objection to Claims having been provided, and it appearing that

no other or further notice need be provided; and the Court having found and determined that the

relief sought in the Three Hundred Seventieth Omnibus Objection to Claims is in the best

interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and

---

[9] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Seventieth Omnibus Objection to Claims.

factual bases set forth in the Three Hundred Seventieth Omnibus Objection to Claims establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefore, it is

   ORDERED that the relief requested in the Three Hundred Seventieth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

   ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and

expunged, with prejudice, to the extent set forth therein; and it is further

   ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three

Hundred Seventieth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto

and (ii) the portion of any No Liability Claim that is not the subject of the Three Hundred

Seventieth Omnibus Objection to Claims; and it is further

   ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
   New York, New York

       _____
       UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 370: EXHIBIT 1 - NO LIABILITY CLAIMS**

| | NAME | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ALACO LIMITED | Lehman Brothers Holdings Inc. | 5438 | $31,255.00 | $31,255.00 | None | Claimant has not provided any evidence that any of the Debtors are the Lehman entities liable for claimant's services. |
| 2 | AON RISK SERVICES, INC OF MARYLAND | Lehman Brothers Holdings Inc. | 30554 | $7,014.50 | $7,014.50 | None | Claimant has not provided any evidence that any of the Debtors are the Lehman entities liable for claimant's services. |
| 3 | DRRT FBO SWISS LIFE (LIECHTENSTEIN) AG | Lehman Brothers Holdings Inc. | 32636 | Undetermined | Undetermined | None | Claim 32636 was filed by a holder of securities that were issued by a non-Debtor entity.  LBHI did not issue the securities or guarantee the performance of such securities.  Therefore, LBHI is not liable on account of the securities. |
| 4 | ELLIOTT ASSOCIATES,L.P. | Lehman Brothers Commercial Corporation | 10741 | $7,644,115.00 | $7,644,115.00 | None | This claimant has no contractual or trading relationship with Lehman Brothers Commercial Corporation ("LBCC").  Therefore, LBCC has no liability to claimant for the transaction or transactions referenced in the claim. |
| 5 | ELLIOTT ASSOCIATES,L.P. | Lehman Brothers Commercial Corporation | 10742 | $6,731,028.00 | $6,731,028.00 | None | This claimant has no contractual or trading relationship with Lehman Brothers Commercial Corporation ("LBCC").  Therefore, LBCC has no liability to claimant for the transaction or transactions referenced in the claim. |
| 6 | IN RECORD TIME, INC. | Lehman Brothers Holdings Inc. | 1427 | $15,933.35 | $15,933.35 | None | The Debtors' records reflect that Claim 1427 is based on a transaction or transactions between claimant and other non-Debtor entities.  The Debtors have no liability to claimant for such transaction or transactions. |
| 7 | MANCINI DUFFY | Lehman Brothers Holdings Inc. | 5361 | $3,947.95 | $3,947.95 | None | The Debtors' records reflect that Claim 5361 is based on a transaction or transactions between claimant and other non-Debtor entities.  The Debtors have no liability to claimant for such transaction or transactions. |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 370: EXHIBIT 1 - NO LIABILITY CLAIMS**

| NAME | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 8  MCGRAW-HILL COMPANIES, THE | Lehman Brothers Holdings Inc. | 8085 | $6,665.80 | $6,665.80 | None | Claimant has not provided any evidence that any of the Debtors are the Lehman entities liable for claimant's services. |
| 9  PUBLIC AFFAIRS SUPPORT SVCS INC | Lehman Brothers Holdings Inc. | 6753 | $4,717.37 | $4,717.37 | None | The Debtors' records reflect that Claim 6753 is based on a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant for such transaction or transactions. |
| 10  SUN HUNG KAI INVESTMENT SERVICES LIMITED | Lehman Brothers Holdings Inc. | 22780 | $100,000.00  * | $100,000.00 | None | Claimant is not the holder of, and therefore is not the real party in interest with standing to assert a claim based on, the notes described in the proof of claim. |
| 11  SUN HUNG KAI INVESTMENT SERVICES LIMITED | Lehman Brothers Holdings Inc. | 22781 | Undetermined | Undetermined | None | Claimant is not a party to the swap transaction referenced in the proof of claim.  Therefore, claimant is not the real party in interest with standing to assert a claim based on such transaction. |
|  | TOTAL |  | $14,544,676.97 | $14,544,676.97 |  |  |

**EXHIBIT J**
**(Proposed Order – ECF No. 31994)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                            :        Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :        08-13555 (JMP)
                                                                 :
                                    Debtors.           :        (Jointly Administered)
-------------------------------------------------------------------x

<u>ORDER GRANTING THREE HUNDRED SEVENTY-FIRST
OMNIBUS OBJECTION TO CLAIMS (REDUCE AND ALLOW CLAIMS)</u>

Upon the three hundred seventy-first omnibus objection to claims, dated

November 9, 2012 (the "<u>Three Hundred Seventy-First Omnibus Objection to Claims</u>"),[10] of

Lehman Brothers Holdings Inc. ("<u>LBHI</u>"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors,

pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving

procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to

reduce and allow the Reduce and Allow Claims, as more fully described in the Three Hundred

Seventy-First Omnibus Objection to Claims; and due and proper notice of the Three Hundred

Seventy-First Omnibus Objection to Claims having been provided, and it appearing that no other

or further notice need be provided; and the Court having found and determined that the relief

requested in the Three Hundred Seventy-First Omnibus Objection to Claims is in the best

interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal

and factual bases set forth in the Three Hundred Seventy-First Omnibus Objection to Claims

---

[10] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Three Hundred Seventy-First Omnibus Objection to Claims.

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Seventy-First Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Reduce and Allow Claim listed on <u>Exhibit 1</u> annexed hereto

is reduced and allowed in the modified amount and priority set forth on <u>Exhibit 1</u>, and any

asserted amounts in excess of the modified amount are disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on <u>Exhibit A</u> to the Three Hundred Seventy-

First Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
          New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 371: EXHIBIT 1 - REDUCE AND ALLOW CLAIMS**

| | NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 1 | CHAMPION INTERNATIONAL MOVING LTD | 6636 | 7/29/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $8,223.27 | | $8,223.27 |
| | | | | **CLAIM AS MODIFIED** | | | | **$3,528.87** | | **$3,528.87** |
| 2 | CORPORATION SERVICE COMPANY | 3125 | 2/25/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $15,748.10 | | $15,748.10 |
| | | | | **CLAIM AS MODIFIED** | | | | **$1,408.10** | | **$1,408.10** |
| 3 | EXL SERVICE HOLDINGS, INC. | 19488 | 9/18/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | $73,850.15 | | | $124,070.73 | | $197,920.88 |
| | | | | **CLAIM AS MODIFIED** | **None** | | | **$124,070.73** | | **$124,070.73** |
| 4 | METRO OFFICE FURNITURE RENTAL INC | 1151 | 12/1/08 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $4,751.56 | | $4,751.56 |
| | | | | **CLAIM AS MODIFIED** | | | | **$4,584.74** | | **$4,584.74** |
| 5 | PIEDMONT PRODUCTIONS LLC | 66119 | 1/19/10 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $9,167.30 | | $9,167.30 |
| | | | | **CLAIM AS MODIFIED** | | | | **$3,837.50** | | **$3,837.50** |
| | | | | TOTAL ASSERTED | **$73,850.15** | **$0.00** | **$0.00** | **$161,960.96** | **$0.00** | **$235,811.11** |
| | | | | TOTAL NOT SUBJECT TO OBJECTION | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| | | | | TOTAL SUBJECT TO OBJECTION | **73,850.15** | **0.00** | **0.00** | **161,960.96** | **0.00** | **235,811.11** |
| | | | | **TOTAL CLAIM AS MODIFIED** | **$0.00** | **$0.00** | **$0.00** | **$137,429.94** | **$0.00** | **$137,429.94** |

* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT K**
**(Proposed Order – ECF No. 31996)**

US_ACTIVE:\44162444\1\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                                        :      **Chapter 11 Case No.**
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :      **08-13555 (JMP)**
                                                             :
                            **Debtors.**                     :      **(Jointly Administered)**
--------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED SEVENTY-THIRD OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)

Upon the three hundred seventy-third omnibus objection to claims, dated

November 9, 2012 (the "Three Hundred Seventy-Third Omnibus Objection to Claims"),[11] of

Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint

Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to disallow and expunge

the Insufficient Documentation Claims, all as more fully described in the Three Hundred

Seventy-Third Omnibus Objection to Claims; and due and proper notice of the Three Hundred

Seventy-Third Omnibus Objection to Claims having been provided, and it appearing that no

other or further notice need be provided; and the Court having found and determined that the

relief sought in the Three Hundred Seventy-Third Omnibus Objection to Claims is in the best

interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal

and factual bases set forth in the Three Hundred Seventy-Third Omnibus Objection to Claims

---

[11] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Seventy-Third Omnibus Objection to Claims.

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Seventy-Third Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

the claims listed on Exhibit 2 are adjourned *sine die* and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A annexed to the Three Hundred

Seventy-Third Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it

is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44162444\1\58399.0011

# EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 373: EXHIBIT 1 - INSUFFICIENT DOCUMENTATION CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | MARTIN, LUIS VICTOR | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 5/29/2009 | 4744 | $100,000.00 * | $100,000.00 | LBHI cannot determine the basis for the asserted liability from the information provided by the claimant. |
| 2 | SAMARI, OREN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 28652 | $12,223.00 | $12,223.00 | No supporting documentation provided. |
| 3 | SILVERS, STEVEN T. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 23875 | $20,000.00 | $20,000.00 | No supporting documentation provided. |
| 4 | WU, MICHAEL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/18/2009 | 18827 | $2,005.00 | $2,005.00 | No supporting documentation provided. |
| | | | | | TOTAL | $134,228.00 | $134,228.00 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

<u>EXHIBIT 2</u>

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 373: EXHIBIT 2 - INSUFFICIENT DOCUMENTATION CLAIMS - ADJOURNED**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | BANK OF NEW YORK MELLON, ETC. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 28486 | $234,000.00 | $234,000.00 | Claimant failed to provide supporting documentation upon LBHI's request. |
| 2 | THOMSON REUTERS CORPORATION FOR ITSELF AND CERTAIN OF ITS AFFILIATES | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 32003 | $2,176,158.96 | $2,176,158.96 | The claimant has failed to provided sufficient documentation to determine the basis of their claim upon LBHI's request. |
| | | | TOTAL | | | $2,410,158.96 | $2,410,158.96 | |

* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT L**
**(Proposed Order – ECF No. 31997)**

US_ACTIVE:\44162444\1\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                    :        **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,             :        **08-13555 (JMP)**
                                                         :
                                    **Debtors.**         :        **(Jointly Administered)**
------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED SEVENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (PARTNERSHIP CLAIMS)

Upon the three hundred seventy-fourth omnibus objection to claims, dated July

10, 2012 (the "Three Hundred Seventy-Fourth Omnibus Objection to Claims"),[12] of Lehman

Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended

Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of

the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to reduce and allow the

Partnership Claims on the basis that the amounts and/or priorities listed on the proofs of claim

are greater than the fair, accurate, and reasonable values and/or priorities determined by the Plan

Administrator after a review of the claimants' supporting documentation and the Chapter 11

Estates' books and records; and due and proper notice of the Three Hundred Seventy-Fourth

Omnibus Objection to Claims having been provided, and it appearing that no other or further

notice need be provided; and the Court having found and determined that the relief requested in

the Three Hundred Seventy-Fourth Omnibus Objection to Claims is in the best interests of the

Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases

---

[12] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Seventy-Fourth Omnibus Objection to Claims.

set forth in the Three Hundred Seventy-Fourth Omnibus Objection to Claims establish just cause

for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

is

ORDERED that the relief requested in the Three Hundred Seventy-Fourth

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Claim listed on Exhibit 1 annexed hereto is reduced and

allowed in the amount and priority set forth on Exhibit 1 in the row entitled "*Claim as Modified*"

and in the columns entitled "*Priority*" and "*Unsecured*" and (ii) that any asserted amounts in

excess of the reduced amount are disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim or portion of any claim listed on Exhibit A to the

Three Hundred Seventy-Fourth Omnibus Objection to Claims that does not appear on Exhibit 1

annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 374: EXHIBIT 1 - PARTNERSHIP CLAIMS**

| NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|------|---------|------------|-------------|---------------|---------|----------|-----------|--------|-------|
| | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 1  AXELROD, STUART | 11253 | 9/10/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $9,050.00 | | $20,000.00 |
| | | | **CLAIM AS MODIFIED** | | | **None** | **$16,437.60** | | **$16,437.60** |
| 2  BAQUERO,TARA E. | 8198 | 8/13/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $689,050.00 | | $700,000.00 |
| | | | **CLAIM AS MODIFIED** | | | **None** | **$2,348.23** | | **$2,348.23** |
| 3  BULLEN, JANE E. | 31666 | 9/22/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | Undetermined | | Undetermined* |
| | | | **CLAIM AS MODIFIED** | | | | **$2,348.23** | | **$2,348.23** |
| 4  BUTLER-MCLAUGHLIN, CECELIA E. | 21506 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $70,000.00 | | $70,000.00 |
| | | | **CLAIM AS MODIFIED** | | | | **$16,437.60** | | **$16,437.60** |
| 5  CORNELL, JENNIFER I | 24175 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $6,000.00 | | $6,000.00 |
| | | | **CLAIM AS MODIFIED** | | | | **$2,348.23** | | **$2,348.23** |
| 6  DELUCA, PHILIP F. | 15671 | 9/17/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $3,045.00 | | $3,045.00 |
| | | | **CLAIM AS MODIFIED** | | | | **$2,348.23** | | **$2,348.23** |
| 7  ETGES,JUERGEN | 26291 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | Undetermined | | Undetermined* |
| | | | **CLAIM AS MODIFIED** | | | | **$2,348.23** | | **$2,348.23** |
| 8  FREEMAN,ROGER A. | 23880 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $39,050.00 | | $50,000.00 |
| | | | **CLAIM AS MODIFIED** | | | **None** | **$16,437.60** | | **$16,437.60** |
| 9  GREVES, ANNE MARIE | 31667 | 9/22/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | Undetermined | | Undetermined* |
| | | | **CLAIM AS MODIFIED** | | | | **$2,348.23** | | **$2,348.23** |
| 10  HOM, MICHAEL C. | 12939 | 9/15/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $14,050.00 | | $25,000.00 |
| | | | **CLAIM AS MODIFIED** | | | **None** | **$16,437.60** | | **$16,437.60** |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 374: EXHIBIT A - PARTNERSHIP CLAIMS**

| NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
| | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| 11  LAWSON, IAN D | 24364 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $250,000.00 | | $250,000.00 |
| | | | **CLAIM AS MODIFIED** | | | | **$16,437.60** | | **$16,437.60** |
| 12  LEACH, EVERETT | 31672 | 9/22/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | Undetermined | | Undetermined* |
| | | | **CLAIM AS MODIFIED** | | | | **$2,348.23** | | **$2,348.23** |
| 13  LYONS, FREDERICK W. | 31164 | 9/22/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $70,000.00 | | $70,000.00 |
| | | | **CLAIM AS MODIFIED** | | | | **$16,437.60** | | **$16,437.60** |
| 14  MANNINO, JOSEPH | 13370 | 9/16/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $70,000.00 | | $70,000.00 |
| | | | **CLAIM AS MODIFIED** | | | | **$16,437.60** | | **$16,437.60** |
| 15  MEDERO, XAVIERA | 23796 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $70,000.00 | | $70,000.00 |
| | | | **CLAIM AS MODIFIED** | | | | **$2,348.23** | | **$2,348.23** |
| 16  MONTALVO, MIRIAM | 30679 | 9/22/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | Undetermined | | Undetermined* |
| | | | **CLAIM AS MODIFIED** | | | | **$2,348.23** | | **$2,348.23** |
| 17  NANCOZ, SALLY | 26301 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $20,000.00 | | $20,000.00 |
| | | | **CLAIM AS MODIFIED** | | | | **$2,348.23** | | **$2,348.23** |
| 18  OH, MIRIAM Y. | 15218 | 9/17/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | Undetermined | | Undetermined* |
| | | | **CLAIM AS MODIFIED** | | | | **$16,437.60** | | **$16,437.60** |
| 19  RADICK, JONATHAN | 11299 | 9/10/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | Undetermined | | Undetermined* |
| | | | **CLAIM AS MODIFIED** | | | | **$2,348.23** | | **$2,348.23** |
| 20  SETO,KAREN | 24168 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | Undetermined | | Undetermined* |
| | | | **CLAIM AS MODIFIED** | | | | **$16,437.60** | | **$16,437.60** |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 374: EXHIBIT 1 - PARTNERSHIP CLAIMS

| NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|------|---------|------------|-------------|---------|---|---|---|---|---|
| | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 21  SIBIRSKI, LINDA J. | 13457 | 9/16/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | Undetermined | | Undetermined* |
| | | | **CLAIM AS MODIFIED** | | | | **$2,348.23** | | **$2,348.23** |
| 22  SILVERS, STEVEN T. | 23876 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $10,000.00 | | $10,000.00 |
| | | | **CLAIM AS MODIFIED** | | | | **$2,348.23** | | **$2,348.23** |
| 23  SKINNER, MICHAEL L. | 8419 | 8/17/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $41,357.64 | | $52,307.64 |
| | | | **CLAIM AS MODIFIED** | | | **None** | **$16,437.60** | | **$16,437.60** |
| 24  TERRANOVA, THOMAS | 67829 | 12/30/11 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $70,000.00 | | $70,000.00 |
| | | | **CLAIM AS MODIFIED** | | | | **$16,437.60** | | **$16,437.60** |
| 25  WONG, NANCY C. | 31262 | 9/22/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | Undetermined | | Undetermined* |
| | | | **CLAIM AS MODIFIED** | | | | **$2,348.23** | | **$2,348.23** |
| | | | TOTAL ASSERTED | | | $54,750.00 | $1,431,602.64 | | $1,486,352.64 |
| | | | TOTAL NOT SUBJECT TO OBJECTION | | | 0.00 | 0.00 | | 0.00 |
| | | | TOTAL SUBJECT TO OBJECTION | | | 54,750.00 | 1,431,602.64 | | 1,486,352.64 |
| | | | **TOTAL CLAIM AS MODIFIED** | | | **$0.00** | **$213,688.82** | | **$213,688.82** |

* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT M**
**(Proposed Order – ECF No. 31998)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                  :        **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**
                                                       :
                           **Debtors.**                :        **(Jointly Administered)**
-------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED SEVENTY-FIFTH
## OMNIBUS OBJECTION TO CLAIMS (NO GUARANTEE CLAIMS)

Upon the three hundred seventy-fifth omnibus objection to claims, dated

November 9, 2012 (the "Three Hundred Seventy-Fifth Omnibus Objection to Claims"),[13] of

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator

under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and

Its Affiliated Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States

Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and

this Court's order approving procedures for the filing of omnibus objections to proofs of claim

[ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No

Guarantee Claims on the grounds that such claims are unenforceable against, and impose no

liability on, LBHI, all as more fully described in the Three Hundred Seventy-Fifth Omnibus

Objection to Claims; and due and proper notice of the Three Hundred Seventy-Fifth Omnibus

Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the

Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States

Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to

the Three Hundred Seventy-Fifth Omnibus Objection to Claims; and (vi) all other parties entitled

---

[13] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Seventy-Fifth Omnibus Objection to Claims.

to notice in accordance with the procedures set forth in the second amended order entered on

June 17, 2010 governing case management and administrative procedures for these cases [ECF

No. 9635]; and it appearing that no other or further notice need be provided; and the Court

having found and determined that the relief sought in the Three Hundred Seventy-Fifth Omnibus

Objection to Claims is in the best interests of LBHI, its estate, creditors, and all parties in interest

and that the legal and factual bases set forth in the Three Hundred Seventy-Fifth Omnibus

Objection to Claims establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Seventy-Fifth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Three Hundred

Seventy-Fifth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it

is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 375: EXHIBIT 1 - NO GUARANTEE CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | BANCO SANTANDER, SA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22223 | $227,844.66 * | $227,844.66 | No Guarantee Claim |
| 2 | BANCO SANTANDER, SA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22227 | $1,245,170.65 * | $1,245,170.65 | No Guarantee Claim |
| 3 | BANCO SANTANDER, SA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22228 | $604,273.66 * | $604,273.66 | No Guarantee Claim |
| 4 | BANCO SANTANDER, SA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22237 | $69,886.43 * | $69,886.43 | No Guarantee Claim |
| 5 | BANCO SANTANDER, SA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22240 | $2,299,211.11 * | $2,299,211.11 | No Guarantee Claim |
| 6 | BANCO SANTANDER, SA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22245 | $2,208,673.03 * | $2,208,673.03 | No Guarantee Claim |
| 7 | BANCO SANTANDER, SA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22246 | $1,184,669.61 * | $1,184,669.61 | No Guarantee Claim |
| 8 | BANCO SANTANDER, SA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22249 | $23,046,509.08 * | $23,046,509.08 | No Guarantee Claim |
| 9 | BANCO SANTANDER, SA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22256 | $475,591.63 * | $475,591.63 | No Guarantee Claim |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 375: EXHIBIT 1 - NO GUARANTEE CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 10 | BANCO SANTANDER, SA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22258 | $2,781,513.48 * | $2,781,513.48 | No Guarantee Claim |
| 11 | BANCO SANTANDER, SA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22260 | $150,145.70 * | $150,145.70 | No Guarantee Claim |
| 12 | SANTANDER ASSET MANAGEMENT, S.A. S.G.I.I.C. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22225 | $2,415,436.20 * | $2,415,436.20 | No Guarantee Claim |
| 13 | TSO, LLC | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22251 | $1,755,552.42 * | $1,755,552.42 | No Guarantee Claim |
| 14 | TSO, LLC | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22252 | $477,802.18 * | $477,802.18 | No Guarantee Claim |
| | | | | | TOTAL | $38,942,279.84 | $38,942,279.84 | |

* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT N**
**(Proposed Order – ECF No. 31999)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :    **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :    **08-13555 (JMP)**
                                                         :
                    **Debtors.**                         :    **(Jointly Administered)**
-------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED SEVENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (WRONG ENTITY CLAIMS)

Upon the three hundred seventy-sixth omnibus objection to claims, dated

November 9, 2012 (the "Three Hundred Seventy-Sixth Omnibus Objection to Claims"),[14] of

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator

under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and

Its Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United

States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and

expungement of the Late-Filed Claims on the basis that they were filed after the General Bar

Date or Securities Programs Bar Date, as applicable, all as more fully described in the Three

Hundred Seventy-Sixth Omnibus Objection to Claims; and due and proper notice of the Three

Hundred Seventy-Sixth Omnibus Objection to Claims having been provided to (i) the United

States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal

Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the

claimants listed on Exhibit A attached to the Three Hundred Seventy-Sixth Omnibus Objection

---

[14] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Seventy-Sixth Omnibus Objection to Claims.

to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth

in the second amended order entered on June 17, 2010, governing case management and

administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or

further notice need be provided; and the Court having found and determined that the relief

sought in the Three Hundred Seventy-Sixth Omnibus Objection to Claims is in the best interests

of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual

bases set forth in the Three Hundred Seventy-Sixth Omnibus Objection to Claims establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the relief requested in the Three Hundred Seventy-Sixth

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, each Wrong Entity Claim listed in Exhibit 1 attached hereto is

hereby reassigned as a claim asserted against the correct Chapter 11 Estate as noted in the

column marked "New Case Number" in Exhibit 1 attached hereto; and it is further

ORDERED that, as to each Chapter 11 Estate noted in the column marked

"Asserted Case Number" in Exhibit 1 attached hereto, each Wrong Entity Claim listed in Exhibit

1 attached hereto is hereby disallowed and expunged in its entirety, and it is further

ORDERED that, Epiq Bankruptcy Solutions, LLC ("Epiq"), the court-appointed

claims and noticing agent in these cases, is authorized and directed to enter the Reassigned

Claims into, and delete the Wrong Entity Claims from, the official claims registry; and it is

further

ORDERED that, Epiq is authorized and directed to delete the claims disallowed and expunged pursuant to this Order from the official claims register in these chapter 11 cases; and it is further

ORDERED that, the Three Hundred Seventy-Sixth Omnibus Objection to Claims does not constitute an objection to any reassigned or surviving claims, and accordingly, the Three Hundred Seventy-Sixth Omnibus Objection to Claims does not prejudice the rights of the Plan Administrator, or any other party in interest, to object to any such claims on any other grounds whatsoever, and the Plan Administrator and other parties in interest retain all further substantive and/or procedural objections they may have with respect to any reassigned or surviving claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 376: EXHIBIT 1 – INCORRECT DEBTOR CLAIMS**

| | CLAIM # | CLAIMANT | DATE FILED | CLAIM AMOUNT | ASSERTED CASE NUMBER | DEBTOR | NEW CASE NUMBER(S) | DEBTOR(S) | CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 31172 | FIORILLI, MATTHEW & JUDY 6 HEATH DRIVE BRIDGEWATER, NJ 08807 | 09/22/2009 | $206,007.70 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | $269,786.22 |
| 2 | 66832 | RICHARDS, LAYTON & FINGER, P.A. C/O LEE E. KAUFMAN 920 N. KING STREET WILMINGTON, DE 19801 | 06/11/2010 | $63,691.09 | 09-17503 (JMP) | LB Somerset LLC | 09-17505 (JMP) | LB Preferred Somerset LLC | $63,691.09 |