UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                    :      Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 :      08-13555 (JMP)
                                                         :
                      Debtors.                           :      (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING THREE HUNDRED SEVENTY-SIXTH
OMNIBUS OBJECTION TO CLAIMS (WRONG ENTITY CLAIMS)**

Upon the three hundred seventy-sixth omnibus objection to claims, dated November 9, 2012 (the "Three Hundred Seventy-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the Late-Filed Claims on the basis that they were filed after the General Bar Date or Securities Programs Bar Date, as applicable, all as more fully described in the Three Hundred Seventy-Sixth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Seventy-Sixth Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the Three Hundred Seventy-Sixth Omnibus Objection

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Seventy-Sixth Omnibus Objection to Claims.

to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Seventy-Sixth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Three Hundred Seventy-Sixth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

> ORDERED that the relief requested in the Three Hundred Seventy-Sixth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

> ORDERED that, each Wrong Entity Claim listed in Exhibit 1 attached hereto is hereby reassigned as a claim asserted against the correct Chapter 11 Estate as noted in the column marked "New Case Number" in Exhibit 1 attached hereto; and it is further

> ORDERED that, as to each Chapter 11 Estate noted in the column marked "Asserted Case Number" in Exhibit 1 attached hereto, each Wrong Entity Claim listed in Exhibit 1 attached hereto is hereby disallowed and expunged in its entirety, and it is further

> ORDERED that, Epiq Bankruptcy Solutions, LLC ("Epiq"), the court-appointed claims and noticing agent in these cases, is authorized and directed to enter the Reassigned Claims into, and delete the Wrong Entity Claims from, the official claims registry; and it is further

> ORDERED that, the Three Hundred Seventy-Sixth Omnibus Objection to Claims does not constitute an objection to any reassigned or surviving claims, and accordingly, the

Three Hundred Seventy-Sixth Omnibus Objection to Claims does not prejudice the rights of the Plan Administrator, or any other party in interest, to object to any such claims on any other grounds whatsoever, and the Plan Administrator and other parties in interest retain all further substantive and/or procedural objections they may have with respect to any reassigned or surviving claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
December 20, 2012

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge