UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                    :    Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                         :
                    Debtors.                    :    (Jointly Administered)
------------------------------------------------------------------x

### SUPPLEMENTAL ORDER GRANTING THREE HUNDRED THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (INVALID BLOCKING NUMBER LPS CLAIMS)

Upon the three hundred thirty-fifth omnibus objection to claims, dated July 10, 2012 (the "Three Hundred Thirty-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), seeking, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the Invalid or No Blocking Number LPS Claims to the extent that such claims fail to include a valid electronic instruction reference number or a blocking reference number as required by the Bar Date Order, all as more fully described in the Three Hundred Thirty-Fifth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Thirty-Fifth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Thirty-Fifth Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Thirty-Fifth Omnibus Objection to Claims.

Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Three Hundred Thirty-Fifth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

      ORDERED that the relief requested in the Three Hundred Thirty-Fifth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

      ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "Invalid or No Blocking Number LPS Claims") are disallowed and expunged to the extent set forth therein; and it is further

      ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three Hundred Thirty-Fifth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; (ii) any claim listed on Exhibit A annexed to the Three Hundred Thirty-Fifth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed to the *Order Granting the Three Hundred Thirty-Fifth Omnibus Objection to Claims (Invalid or No Blocking Number LPS Claims)* [ECF No. 30336], and (iii) the portion of any Invalid or No Blocking Number LPS Claims that is not the subject of the Three Hundred Thirty-Fifth Omnibus Objection to Claims; and it is further

      ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York  
      December 21, 2012                  *s/ James M. Peck*  
                                        HONORABLE JAMES M. PECK  
                                        UNITED STATES BANKRUPTCY JUDGE