B 210A (Form 210A) (12/09)

DEC 2 0 2012

# UNITED STATES BANKRUPTCY COURT
Southern District Of New York

In re <u>Lehman Brothers Holdings Inc., et al.</u>   Case No. <u>08-13555 (JMP)</u>

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**CHENAVARI FINANCIAL ADVISORS LTD**          **MELIORBANCA S.P.A.**
Name of Transferee                                           Name of Transferor

Name and Address where notices to transferee should be sent:

**Guilhem Goyard**
**Managing Director**
**14 Grosvenor Crescent**
**London SW1X 7EE**
**UNITED KINGDOM**
**Phone: +44-207-259-3611**
**Email: Guilhem.goyard@chenavari.com**

Court Claim # (if known): **46897**
Total Amount of Claim Filed: $2,123,388.71
Amount of Claim Transferred: **$556,001.98**
Date Claim Filed: October 26, 2009

Amount of Claim as Filed with respect to
  ISIN **XS0162289663**: $14,457.36
Amount of Claim as Filed with respect to
  ISIN **XS0178969209**: $57,952.49
Amount of Claim as Filed with respect to
  ISIN **XS0185655445**: $93,934.69
Amount of Claim as Filed with respect to
  ISIN **XS0189294225**: $120,452.69
Amount of Claim as Filed with respect to
  ISIN **XS0200284247**: $58,082.62
Amount of Claim as Filed with respect to
  ISIN **XS0211814123**: $14,438.89
Amount of Claim as Filed with respect to
  ISIN **XS0213971210**: $138,122.75
Amount of Claim as Filed with respect to
  ISIN **XS0220704109**: $49,926.58
Amount of Claim as Filed with respect to
  ISIN **XS0244093927**: $8,633.91

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:_____          Date: December 18, 2012
Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

# United States Bankruptcy Court

Southern District Of New York

In re <u>Lehman Brothers Holdings Inc., et al.</u>  Case No. <u>08-13555 (JMP)</u>

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. **46897** was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on December 18, 2012.

| | |
|---|---|
| **MELIORBANCA S.P.A.** | **CHENAVARI FINANCIAL ADVISORS LTD** |
| Name of Alleged Transferor | Name of Transferee |

Address of Alleged Transferor:

Address of Transferee:

**14 Grosvenor Crescent
London SW1X 7EE
UNITED KINGDOM**

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____      _____
                        **CLERK OF THE COURT**

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:  THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, Meliorbanca S.p.a. now merged in Banca popolare dell'Emilia Romagna Societa' Cooperativa and therefore called Banca popolare dell'Emilia Romagna Societa' Cooperativa ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Chenavari Financial Advisors Ltd (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof (the "Effective Date"), (a) the specific portion identified in Schedules 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 46897 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights, title and benefits of Seller and any prior seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim (including for clarity, all amounts distributed on or after the trade date of December 14, 2012 (the "Trade Date") whether or not the Trade Date is before, on or after any record date with respect to any amount) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller (including Predecessor) (collectively, "Predecessors-in-Interest") acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedules 1 attached hereto, (d) any and all of Seller's right, title and interest in, to and under any right or remedy of Seller against Predecessors-in-Interest, and (e) any and all rights, remedies, claims and causes of actions regarding any of the foregoing; and (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) the Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured claims with the same ISINs as in Schedule 1 that are not entitled to priority under the Bankruptcy Code and are not subordinated; (g) the Allowed Amount of Claim Transferred to Purchaser, as referred to in Schedule 1, are those amounts set forth in Schedule 1, and (h) other than with respect (i) to the sum of US$ 20,153.19 received by Predecessors-in-Interest, as a Class 5 Distribution (as defined in the Debtors' Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated December 5, 2011 (the "Plan")) under the Plan, on or about April 17, 2012 in connection with the initial Distribution (as defined in the Plan), and (ii) to the sum of US$ 13,593.24 received by Predecessors-in-Interest, as a Class 5 Distribution under the Plan, on or about October 1, 2012 in connection with a subsequent Distribution under the Plan, no distributions payments or

MM

proceeds of any kind have been received by or on behalf of the Seller, Predecessors-in-Interest, or any third party on behalf of the Seller, in full or partial satisfaction of, or in connection with the Transferred Claims.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from Seller's breach of its representations, warranties, covenants and agreements made herein.

5. Seller shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any notices, correspondence, payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. Seller shall act or omit to act with respect to the Transferred Claims solely to the extent directed by Purchaser.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8. Seller agrees that all distributions, amounts, proceeds, assets, cash and other property received by Seller or any Predecessors-in-Interest on or after the Trade Date are for the account of Purchaser. Purchaser agrees that all distributions, amounts, proceeds, assets, cash and other property received by Seller or any Predecessors-in-Interest on or before the Trade Date are for the account of Seller.

9. The parties acknowledge that settlement shall be made on delivery of the Transferred Claim and the Securities versus payment basis through Euroclear. For the avoidance of doubt, the parties acknowledge and

agree that the transfer contemplated hereby shall not occur unless and until the Purchaser shall have paid the purchase price in full..

*[ Remainder of this page intentionall left blank; signatures follow on next page ]*

3

MR

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 17 day of December 2012.

**(SELLER)**
Meliorbanca S.p.a. now merged in Banca popolare dell'Emilia Romagna Societa' Cooperativa and therefore called Banca popolare dell'Emilia Romagna Societa' Cooperativa

By: _____
Name: FERRARI ROBERTO
Title: HEAD of FINANCE DEPARTMENT

**(PURCHASER)**
Chenavari Financial Advisors Ltd

By: _CHENAVARI Financial Advisors Ltd_
Name: MALLION Michael
Title: Managing Director

14 Grosvenor Crescent
London SW1X 7EE
UNITED KINGDOM

4

## SCHEDULE 1

### Transferred Claims

**Purchased Claim**

26.1846537% of Proof of Claim 46897 which is the equivalent to US$ 556,001.98 of US$ 2,123,388.71 (the full outstanding amount of ISIN/CUSIP's XS0162289663, XS0178969209, XS0185655445, XS0189294225, XS0200284247, XS0211814123, XS0213971210, XS0220704109, XS0244093927 as described in the Proof of Claim as of [ 17 ] day of December 2012), together with interest, fees, expenses and other recoveries due.

Pursuant to the Notice of Proposed Allowed Claim Amount dated August 24, 2011:

- the proposed allowed amount for ISIN XS0162289663 equals US$ 14,343.43
- the proposed allowed amount for ISIN XS0178969209 equals US$ 58,303.09
- the proposed allowed amount for ISIN XS0185655445 equals US$ 94,508.12
- the proposed allowed amount for ISIN XS0189294225 equals US$ 121,211.90
- the proposed allowed amount for ISIN XS0200284247 equals US$ 58,429.75
- the proposed allowed amount for ISIN XS0211814123 equals US$ 14,527.34
- the proposed allowed amount for ISIN XS0213971210 equals US$ 138,992.63
- the proposed allowed amount for ISIN XS0220704109 equals US$ 49,888.31
- the proposed allowed amount for ISIN XS0244093927 equals US$ 8,729.88

**Lehman Programs Securities to which Transfer Relates**

| ISIN/CUSIP | Issuer | Guarantor | Blocking Number | Maturity | Notional Amount (EUR) | Allowed Amount of Claim Transferred to Purchaser (USD) |
|---|---|---|---|---|---|---|
| XS0162289663 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CA40344 | February 28, 2010 | EUR 10,000 | US$ 14,343.43 |
| XS0178969209 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CA40349 | November 26, 2013 | EUR 40,000 | US$ 58,303.09 |
| XS0185655445 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CA40343 | February 27, 2014 | EUR 65,000 | US$ 94,508.12 |

5

| XS0189294225 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CA40338 | April 23, 2014 | EUR 84,000 | US$ 121,211.90 |
|---|---|---|---|---|---|---|
| XS0200284247 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CA40342 | September 22, 2014 | EUR 40,000 | US$ 58,429.75 |
| XS0211814123 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CA40340 | February 16, 2017 | EUR 10,000 | US$ 14,527.34 |
| XS0213971210 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CA40337 | March 18, 2015 | EUR 97,000 | US$ 138,992.63 |
| XS0220704109 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CA40339 | June 13, 2017 | EUR 35,000 | US$ 49,888.31 |
| XS0244093927 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CA40336 | March 1, 2012 | EUR 6,000 | US$ 8,729.88 |

6