**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Lehman Brothers Holdings Inc.,<br><br>Debtor. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY**
**PURSUANT TO RULE 3001(e)(2)**

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice and attached evidence.

Name of Transferee: The Royal Bank of Scotland N.V.

Name and Address where notices to transferee should be sent: The Royal Bank of Scotland N.V. 38/F., Cheung Kong Center, 2 Queen's Road Central, HONG KONG

Name of Transferor: Ling Richard Ping Ngok

Claim No.: 45919

Amount of Claim: 30,056.83

Date Claim Filed: 26 October 2009

Telephone: (852) 2700-5573
Attention: Client Engagement Team

Evidence of Transfer of Claim is attached as Exhibit A.

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____                        Date: ____12 December 2012____
On behalf of The Royal Bank of Scotland N.V.

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 11 U.S.C. §§ 152 & 3571

**EVIDENCE OF TRANSFER OF CLAIM**

TO:    THE DEBTORS AND THE BANKRUPTCY COURT

Ling Richard Ping Ngok ("Transferor") has unconditionally and irrevocably transferred and assigned to THE ROYAL BANK OF SCOTLAND N.V. ("Transferee") 100% of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) against Lehman Brothers Holdings Inc. ("LBHI") and its affiliates (the "Debtors"), the debtor in Case No. 08-13555 (JMP) pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), as set forth in the proof of claim No. 45919 filed by Transferor with the Bankruptcy Court in respect of the foregoing claim.

Transferor hereby waives any objection to the transfer of the claim to Transferee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Transferor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Transferor transferring to Transferee the foregoing claim, recognizing Transferee as the sole owner and holder of the claim, and directing that all payments or distributions of money or property in respect of the claim be delivered or made to Transferee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM is executed this ~~30 day of November 2011.~~

12 day of December 2012

Ling Richard Ping Ngok

By: _Ling Ping Ngok_
Name:
Title:

THE ROYAL BANK OF SCOTLAND N.V.

By: _____
Name: David Campbell
Title:   Head of Tail Management, Asia
         Retail and Commercial Markets, Asia

## ACCEPTANCE

**To: The Royal Bank of Scotland N.V.**

I/We, the undersigned, refer to the Letter Agreement and hereby confirm that:-

(1) I/We acknowledge, understand and accept the terms of the Letter Agreement;

(2) I/We confirm my acceptance of the Offer on the terms of the Letter Agreement; and

(3) Without limitation of anything in the Letter Agreement, I/We acknowledge that my/our acceptance of the Letter Agreement shall constitute FULL AND FINAL SETTLEMENT AND SATISFACTION of (amongst other things) all and any Claims for losses, damages, misrepresentation, rescission, and costs (including legal costs) and expenses that I/we may have against you and/or any Related Persons, arising out of, connected to, or resulting from the Product/s and/or the subject matter of the Letter Agreement and I/we agree to waive all or any right of action or claims that I/we may have against you and/or any of the Related Persons in connection thereof.

(4) I/We agree not to institute or procure any such Claim. If I/we have instituted or procured such Claim, I/we hereby undertake to withdraw and wholly and permanently dismiss such Claim immediately following signing of this acceptance.

(5) I/we agree to withdraw any Complaints made by me/us and I/we undertake not to lodge or make any further Complaints and I/we hereby authorise you to disclose this acceptance and communicate my/our withdrawal on my/our behalf to the relevant third party and such withdrawal shall become effective upon receipt by the relevant third party.

(6) We will not participate in any protest or act against The Royal Bank of Scotland or any Related Person, or to encourage any other person to do so.

(7) I/We also acknowledge that your payment of the Settlement Sum to me/us will constitute a full and final discharge of all obligations of you to me/us in respect of the Offer and acceptance of the Offer.

(8) I/We agree to keep the Offer and the terms of the Offer strictly private and confidential.

(9) I/We understand that by signing this acceptance, the terms of this Letter Agreement shall be binding on all parties (including me/us).

**ACKNOWLEDGED AND ACCEPTED BY:**   **WITNESSED BY RBS STAFF**

Name: Ling Richard Ping Ngok
HKID No: E597801(0)
Date: 12 Dec 2012

Staff Name: Terence Chung
Date: 12 Dec 2012

**ACKNOWLEDGED AND ACCEPTED BY:**   **WITNESSED BY RBS STAFF**

Name:
HKID No:
Date:

Staff Name: Christopher Man
Date: 12 Dec 2012

08-13555-mg    Doc 33406    Filed 12/20/12    Entered 12/27/12 11:22:33    Main Document
Pg 4 of 4

