B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc., et al., Debtors.          Case No. 08-13555 (JMP)
                                                                (Jointly Administered)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Monarch Master Funding Ltd | Barclays Bank PLC |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Monarch Master Funding Ltd
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
Attn: Michael Gillin
Phone: (212) 554-1743
Fax: 1-(866)-741-3564
Email: michael.gillin@monarchlp.com;
fundops@monarchlp.com

Name and Address where transferee payments should be sent (if different from above): N/A

Court Claim # (if known): 15176
Total Amount of Claim as Filed: $7,672,380.24
Total Allowed Amount of Claim: $7,485,000.00
Allowed Amount of Claim to be Transferred:
$7,485,000.00

Date Claim Filed: 9/17/2009
Debtor: Lehman Brothers Special Financing Inc.

Name and Address of Transferor:

Barclays Bank PLC
c/o Barclays Capital
745 Seventh Avenue
New York, New York 10019
Attn: Timothy Bass, Dan Miranda and Paul Zedlovich

**PLEASE SEE ATTACHED DOCUMENTS**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**MONARCH MASTER FUNDING LTD**

By: Monarch Alternative Capital LP
Its: Advisor

By: _____    Date: December 28, 2012
Name of Transferee/Transferee's Agent
*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

Andrew J. Herenstein
Managing Principal

<u>Exhibit A</u>

Evidence of Transfer from Transferor to Transferee

Evidence of Transfer of LBSF Claim

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Special Financing Inc.,    Case No. 08-13888

**EVIDENCE OF TRANSFER OF CLAIM**

**Barclays Bank PLC** ("Seller") and **Monarch Master Funding Ltd** ("Buyer") hereby agree and acknowledge that Seller has unconditionally and irrevocably sold, transferred and assigned to Buyer an undivided interest (the "Monarch Interest") equal to $7,485,000.00 in allowed amount (the "Monarch Claim Amount") of all of Seller's rights, title and interest in and to Seller's claim (which was assigned proof of claim number 15176, on September 17, 2009) (the "Claim") against Lehman Brothers Special Financing Inc. (the "Debtor") whose Chapter 11 bankruptcy case is pending in the United States Bankruptcy Court for the Southern District of New York ( the "Bankruptcy Court") (or any other court with jurisdiction over the bankruptcy proceedings) as In re Lehman Brothers Special Financing Inc., Case No. 08-13888.

Seller hereby waives any objection to the transfer of the Monarch Interest (the "Transferred Claim") to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Transferred Claim and recognizing the Buyer as the sole owner and holder of the Transferred Claim. Seller further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Transferred Claim, and all payments or distributions of money or property in respect of the Transferred Claim, shall be delivered or made to the Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated the 28 day of December, 2012.

| SELLER: | BUYER: |
|---|---|
| BARCLAYS BANK PLC | MONARCH MASTER FUNDING LTD |
|  | By: Monarch Alternative Capital LP |
|  | Its: Advisor |
| By _____ | By _____ |
| Name: Authorized Signatory | Name: |
| Title: Tina Wong Vice President | Title: |

Evidence of Transfer of LBSF Claim

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Special Financing Inc.,    Case No. 08-13888

**EVIDENCE OF TRANSFER OF CLAIM**

**Barclays Bank PLC** ("Seller") and **Monarch Master Funding Ltd** ("Buyer") hereby agree and acknowledge that Seller has unconditionally and irrevocably sold, transferred and assigned to Buyer an undivided interest (the "Monarch Interest") equal to $7,485,000.00 in allowed amount (the "Monarch Claim Amount") of all of Seller's rights, title and interest in and to Seller's claim (which was assigned proof of claim number 15176, on September 17, 2009) (the "Claim") against Lehman Brothers Special Financing Inc. (the "Debtor") whose Chapter 11 bankruptcy case is pending in the United States Bankruptcy Court for the Southern District of New York ( the "Bankruptcy Court") (or any other court with jurisdiction over the bankruptcy proceedings) as In re Lehman Brothers Special Financing Inc., Case No. 08-13888.

Seller hereby waives any objection to the transfer of the Monarch Interest (the "Transferred Claim") to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Transferred Claim and recognizing the Buyer as the sole owner and holder of the Transferred Claim. Seller further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Transferred Claim, and all payments or distributions of money or property in respect of the Transferred Claim, shall be delivered or made to the Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated the 28 day of December, 2012.

| SELLER: | BUYER: |
|---|---|
| BARCLAYS BANK PLC | MONARCH MASTER FUNDING LTD |
| | By: Monarch Alternative Capital LP |
| | Its: Advisor |
| By_____ | By_____ |
| Name: | Name: Andrew J. Herenstein |
| Title: | Title: Managing Principal |

<u>Exhibit B</u>

Proof of Claim

ORIGINAL

| United States Bankruptcy Court/Southern District of New York  
Lehman Brothers Holdings Claims Processing Center  
c/o Epiq Bankruptcy Solutions, LLC  
FDR Station, P.O. Box 5076  
New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:  
Lehman Brothers Holdings Inc., et al.  
Debtors. | Chapter 11  
Case No. 08-13555 (JMP)  
(Jointly Administered) | Filed: USBC - Southern District of New York  
Lehman Brothers Holdings Inc., Et Al.  
08-13555 (JMP)    0000015176 |
| Name of Debtor Against Which Claim is Held  
Lehman Brothers Special Financing Inc. | Case No. of Debtor  
08-13888 (JMP) | |

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Nestle in the USA Pension Trust  
c/o Nestle Retirement Investments  
Attn: Karin Brodbeck  
777 W. Putnam Avenue  
Greenwich, CT 06830

Telephone number: 203-629-7701    Email Address: karin.brodbeck@us.nestle.com

Name and address where payment should be sent (if different from above)

Telephone number:    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____  
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 7,672,380.24
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

   ☒ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*

   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See attachment.
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Value of Property: $_____   Annual Interest Rate _____ %
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____   Basis for perfection: _____
   Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   Amount entitled to priority:
   $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
   DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
   If the documents are not available, please explain:

**FOR COURT USE ONLY**

FILED / RECEIVED  
SEP 17 2009  
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 9/16/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.   *Karin Brodbeck*

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

63624719

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| Lehman Brothers Special Financing Inc., | ) Case No. 08-13888 (JMP) |
| Debtor. | ) Jointly Administered |

### ATTACHMENT TO PROOF OF CLAIM OF NESTLÉ IN THE USA PENSION TRUST AGAINST LEHMAN BROTHERS SPECIAL FINANCING INC.

1. Karin Brodbeck, Director of Nestlé Retirement Investments, whose business and mailing address is 777 W. Putnam Avenue, Greenwich, CT 06830, is an authorized signatory of Nestlé in the USA Pension Trust ("Pension Trust").

2. On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. On October 3, 2008 (the "Petition Date"), Lehman Brothers Special Financing Inc. ("LBSF" or the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. The case is jointly administered under the LBHI Chapter 11 proceeding. As more fully described below, as of the Petition Date, LBSF was, and still is, indebted to Pension Trust in the aggregate amount of at least $7,672,380.24.

3. Pension Trust employs various investment advisors to manage its investment accounts, including Pacific Investment Management Company LLC ("PIMCO"), BlackRock Financial Management, Inc. ("Blackrock"), The Clifton Group ("Clifton"), and Western Asset Management Company ("Western"). None of these investment advisors are filing proofs of claim on behalf of Pension Trust.

DB1/63594813.2

### A. PIMCO Transactions

4. In connection with its management of Pension Trust accounts, PIMCO entered into certain swap transactions under that certain ISDA Master Agreement (including all exhibits, annexes, schedules relating thereto, and as amended from time to time, the "PIMCO ISDA Agreement"), dated as of April 16, 1999.

5. Pension Trust's claim in connection with its PIMCO-managed accounts is governed by that certain *Stipulation, Agreement and Order Exempting PIMCO from the Obligation to Comply with Certain Requirements of the Bar Date Motion Related to Derivative Contracts* so-ordered on July 2, 2009 [Docket No. 4274] (the "Stipulation and Order"). Pursuant to the Stipulation and Order, Pension Trust is not required to complete the Derivative Questionnaire or the Guarantee Questionnaire and is exempt from the requirement to provide information and documentation in accordance with such questionnaires.

6. The PIMCO ISDA Agreement that forms the basis of Pension Trust's claim in connection with its PIMCO-managed accounts is also the subject of a settlement agreement, dated July 24, 2009, among PIMCO, as investment advisor to each PIMCO Client, LBSF, LBHI, as credit support provider, and others.

7. For purposes of filing this proof of claim, PIMCO provided to Pension Trust a statement of all of the transactions with LBSF that PIMCO had executed on behalf of Pension Trust for account numbers 1894 and 2940 (the "Transaction Statement"). Pursuant to the Transaction Statement, LBSF owes Pension Trust an aggregate amount of $395,741.00, consisting of the excess collateral posted by Pension Trust in the amount of (i) $140,724.00 for account number 1894; and (ii) $255,017.00 for account number 2940. Attached hereto and incorporated herein by reference as Exhibit A is a copy of the Transaction Statement for Pension Trust accounts managed by PIMCO.

### B. BlackRock Transactions

8. In connection with its management of Pension Trust accounts, BlackRock, in its capacity as investment manager and agent for Pension Trust, and LBSF are parties to that certain ISDA Master Agreement (including all exhibits, annexes, schedules relating thereto, and as may be amended from time to time, the "BlackRock ISDA Agreement"), dated as of December 20, 2006. A copy of the BlackRock ISDA Agreement will be provided in connection with the online Derivative Questionnaire.

9. By a notice dated September 15, 2008 (the "Termination Notice"), BlackRock, acting for and on behalf of Pension Trust, designated September 15, 2008 as the Early Termination Date in respect of all outstanding transactions under the BlackRock ISDA Agreement. In connection therewith, BlackRock also delivered to LBSF the Payment Notice and Notice of Calculation of Early Termination Payment, setting forth the manner in which the amount due and owing following the termination of the transactions under the BlackRock ISDA Agreement was calculated. Copies of the Termination Notice, Payment Notice and Notice of Calculation of Early Termination Payment will be provided in connection with the online Derivative Questionnaire.

10. Accordingly, as of the date hereof, prepetition amounts outstanding and due to Pension Trust on account of the terminated transactions in its BlackRock-managed account total $229,313.00.

### C. Clifton Transactions

11. Clifton, in its capacity as investment manager and agent for Pension Trust, and LBSF are parties to that certain ISDA Master Agreement (including all exhibits, annexes, schedules relating thereto, and as may be amended from time to time, the "Clifton ISDA

Agreement"), dated as of April 25, 2007. A copy of the Clifton ISDA Agreement will be provided in connection with the online Derivative Questionnaire.

12. By a notice dated September 15, 2008 (the "Termination Notice"), Clifton, acting for and on behalf of Pension Trust, designated September 15, 2008 as the Early Termination Date in respect of all outstanding transactions under the Clifton ISDA Agreement. In connection therewith, Clifton also delivered to LBSF the Termination Amount Calculation Notice and Second Demand for Payment, which set forth the manner in which the amount due and owing following the termination of the transactions under the Clifton ISDA Agreement was calculated. Copies of the Termination Notice, Termination Amount Calculation Notice and Second Demand for Payment will be provided in connection with the online Derivative Questionnaire.

13. As of the date hereof, prepetition amounts outstanding and due to Pension Trust on account of the terminated transactions total $7,238,650.00, which amount is net of $2,975,156.00 of collateral posted by LBSF. Further, as set forth in Section 6(e) of the Clifton ISDA Agreement, LBSF is obligated to pay interest to Pension Trust on all past due amounts under the transactions. The amount of interest payment due and owing through October 3, 2008 is $9,683.71.

D.  **Western Transactions**

14. Western, in its capacity as investment manager and agent for Pension Trust, and LBSF are parties to that certain ISDA Master Agreement (including all exhibits, annexes, schedules relating thereto, and as may be amended from time to time, the "Western ISDA Agreement"), dated as of July 19, 2001. A copy of the Western ISDA Agreement will be provided in connection with the online Derivative questionnaire.

15. In connection with the termination of certain swap transactions executed by Western on behalf of Pension Trust, Pension Trust owes an amount of $206,919.81 to LBSF.

E. **Claim Amount**

16. Based on the foregoing, as of the Petition Date, LBSF was, and still is, indebted to Pension Trust in the aggregate amount of $7,873,387.71 consisting of: (i) $395,741.00 with respect to PIMCO-managed accounts; (ii) $229,313.00 with respect to BlackRock-managed accounts; and (iii) $7,248,333.71 with respect to Clifton-managed accounts. With respect to Pension Trust accounts managed by Western, Pension Trust owes LBSF $206,919.81.

17. Pension Trust is entitled to offset the amount of $206,919.81 that it owes to LBSF through its Western-managed account against the amount of $7,873,387.71 that LBSF owes to Pension Trust through the accounts managed by PIMCO, BlackRock and Clifton.

18. In addition, LBSF, as the defaulting party, became liable to Pension Trust for all reasonable out-of-pocket expenses, including legal fees, incurred by Pension Trust by reason of the enforcement and protection of its rights under the aforementioned ISDA agreements. As a result of the early termination of the transactions, Pension Trust has incurred approximately $5,912.34 in such fees and expenses, including legal fees.

19. Accordingly, the prepetition amount outstanding and due to Pension Trust on account of the termination of the transactions managed by its investment advisors total $7,672,380.24.

F. **Reservation of Rights**

20. In executing and filing this proof of claim, Pension Trust does not submit itself to the jurisdiction of this Court for any purpose other than with respect to this claim, and does not waive (i) any of its rights and remedies against any other person or entity who may be liable for all or part of the claim set forth herein, whether an affiliate, assignee, guarantor or otherwise, of the Debtor, (ii) any other obligation owed to Pension Trust, (iii) any past, present or future defaults (or events of default) by the Debtor, or (iv) any right to seek to withdraw the reference

with respect to the subject matter of this claim or any objection, counterclaim or other proceeding commenced with respect thereto. The filing of this proof of claim is not an election of remedies.

21.  Pension Trust expressly reserves the right to amend or supplement this proof of claim in any respect at any time, including, without limitation, in respect of additional amounts.

Dated: September 16, 2009

NESTLÉ IN THE USA PENSION TRUST

By: *Karin Brodbeck* (signature)
Karin Brodbeck
Director, Nestlé Retirement Investments

# Exhibit A

# Exposure Summary

**PIMCO Account Number(s):**

**Lehman Brothers Special Financing, Inc.**

**PIMCO Account Number:**

**Account Name:** Nestlé in the USA Pension Trust

**Account Base Currency:** USD

## Counterparty Exposure

### ISDA Transactions (agreement dated April 16, 1999)

| Type[1] | Transaction Description (Rec(Pay) Methodology)[2] | External Identifier[3] | Security Type[4] | Security Description | Trans Code[5] | Trade Date | Settle Date | Trans Curr | Maturity Date | Cpn | Quantity | Price | Proceeds In Trans Curr | Rec(Pay) In Trans Curr | Rec(Pay) In USD[6] | Rec(Pay) In Base Curr |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OP | Original Trade | 2892596 | CDSW | SARA LEE BP LSI | B | 2/21/2007 | 2/22/2007 | USD | 9/20/2011 | -0.35 | 900,000 | 0.76500 | 6,885 | 6,885 | 6,885 | |
| OP | Termination (Broker Quote) | 2892596 | CDSW | SARA LEE BP LSI | | | | USD | 9/20/2011 | -0.35 | 900,000 | | | | | |
| OP | Original Trade | 3528752 | CDSW | CDX IG9 10Y BP LSI | | 12/10/2007 | 12/13/2007 | USD | 12/20/2017 | -0.8 | 500,000 | | | | | |
| OP | Termination (Broker Quote) | 3528752 | CDSW | CDX IG9 10Y BP LSI | | | | USD | 12/20/2017 | -0.8 | 500,000 | 7.40370 | 37,019 | 37,019 | 37,019 | |
| OP | Original Trade | 2705738 | CDSW | MORGAN STANLEY BP LSI | B | 10/12/2006 | 10/13/2006 | USD | 12/20/2016 | -0.34 | 1,000,000 | | | | | |
| OP | Termination (Broker Quote) | 2705738 | CDSW | MORGAN STANLEY BP LSI | | | | USD | 12/20/2016 | -0.34 | 1,000,000 | 23.53004 | 235,300 | 235,300 | 235,300 | |
| OP | Original Trade | 08132008_62 | VARS | VARS CLV8.21390625 09/17/08 LSI | B | 8/13/2008 | 8/13/2008 | USD | 9/17/2008 | 0.4625 | 50,000 | | | | | |
| OP | Termination (Broker Quote) | 08132008_62 | VARS | VARS CLV8.21390625 09/17/08 LSI | | | | USD | 9/17/2008 | 0.4625 | 50,000 | 4.74094 | 2,370 | 2,370 | 2,370 | |
| OP | Original Trade | 3910746 | CDSW | COMM SWAP R TBL/DJAIGTR8 LSI | B | 8/27/2008 | 8/27/2008 | USD | 12/29/2008 | 93.608 | 1,390,000 | | | | | |
| OP | Termination (Broker Quote) | 3910746 | CDSW | COMM SWAP R TBL/DJAIGTR8 LSI | | | | USD | 12/29/2008 | 93.608 | 1,390,000 | 84.12260 | -140,850 | -140,850 | -140,850 | |

| | | | |
|---|---|---|---|
| | | Total Before Collateral Rec(Pay) | 140,724 |
| | | Total ISDA Rec(Pay) | 140,724 |

**Notes:**

1. FT - Failed trade scheduled to settle prior to bankruptcy but failed; OP - Open position at bankruptcy; CD - Collateral; UC - Unseized Collateral; SC - Seized Collateral; RC - Repo Collateral; RP - Open repurchase agreement; OD - Overdraft; AI - Accrued Interest.
2. Rec(Pay) methodology refers to one of the following methods used to calculate rec(pay): Broker Quote, Replacement Trade, and Payoff (characterized as a combination of related buy and sell transactions, unsettled as of the Lehman bankruptcy).
3. Source data obtained from paper confirms (Lehman Effort ID) and DTCC files (Contra Reference ID).
4. ABS - Asset Backed Security; BKL - Bank Loan; CAP - Interest Rate Cap; CDSW - Credit Default Swap; CORP - Corporate Bond; CDSW - Commodity Index Swap; CURR - Currency; IRSW - Interest Rate Swap; MPT - Mortgage Pass Through; OPTN - Option; REPO - Repurchase Agreement; RRP - Reverse Repurchase Agreement; SWOP - Swaption; SWTN - Total Return Swap; TSY - Sovereign Bond (Domestic or Foreign); VARS - Variance Swap.
5. B - Buy; S - Sell; BC - Buy currency; SC - Sell currency; B2O - Buy to open; S2O - Sell to open; B2C - Broker collateral in; CCO - Client collateral out; B2C - Buy to close; S2C - Sell to close; SF - Sell forward; IP - Interest payment; NIP - Negative interest payment.
6. A negative number represents an amount payable to LBSF, while a positive number represents an amount receivable from LBSF.
7. Pending liquidation of broker security collateral, if applicable.

Page 1 of 2

# Exposure Summary

PIMCO Account Number:  
Account Name: Nestle in the USA Pension Trust  
Account Base Currency: USD

## Counterparty Exposure

### ISDA Transactions (agreement dated April 16, 1999)

| Type[1] | Transaction Description (Rec(Pay) Methodology)[2] | External Identifier[3] | Security Identifier | Sec Type[4] | Security Description | Trans Code[5] | Trade Date | Settle Date | Trans Curr | Maturity Date | Cpn | Quantity | Price | Proceeds in Trans Curr | Rec(Pay) in Trans Curr | Rec(Pay) in USD[6] | Rec(Pay) in Base Curr |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OP | Original Trade | 3531006 | SWPC36043 | CDSW | D.R. HORTON BP LSI | B | 12/11/2007 | 12/12/2007 | USD | 6/20/2011 | -3.95 | 200,000 | 2.34240 | 4,685 | 4,685 | 4,685 | |
| OP | Termination (Broker Quote) | 3531006 | SWPC36043 | CDSW | D.R. HORTON BP LSI | | | | USD | 6/20/2011 | -3.95 | 200,000 | | | | | |
| OP | Original Trade | 2838442 | SWPC84266 | CDSW | CDX IG7 10Y BP LSI | | 1/18/2007 | 1/23/2007 | USD | 12/20/2016 | -0.65 | 1,500,000 | 8.96259 | 134,439 | 134,439 | 134,439 | |
| OP | Termination (Broker Quote) | 2838442 | SWPC84266 | CDSW | CDX IG7 10Y BP LSI | | | | USD | 12/20/2016 | -0.65 | 1,500,000 | | | | | |
| OP | Original Trade | 2731567 | SWPC86501 | CDSW | CVS CORPORATION NEGB SNR BP LSI | B | 10/30/2006 | 10/31/2006 | USD | 9/20/2011 | -0.21 | 200,000 | 0.76756 | 1,535 | 1,535 | 1,535 | |
| OP | Termination (Broker Quote) | 2731567 | SWPC86501 | CDSW | CVS CORPORATION NEGB SNR BP LSI | | | | USD | 9/20/2011 | -0.21 | 200,000 | | | | | |
| OP | Original Trade | 2805946 | SWPC98290 | CDSW | FORD MOTOR CRDT BP LSI | B | 12/21/2006 | 12/22/2006 | USD | 6/20/2010 | -2.31 | 200,000 | 16.23013 | 32,460 | 32,460 | 32,460 | |
| OP | Termination (Broker Quote) | 2805946 | SWPC98290 | CDSW | FORD MOTOR CRDT BP LSI | | | | USD | 6/20/2010 | -2.31 | 200,000 | | | | | |
| OP | Original Trade | 2857763 | SWPC99363 | CDSW | PROCTER & GAMBLE SP LSI | B | 1/11/2007 | 1/12/2007 | USD | 9/20/2008 | 0.07 | 1,100,000 | 0.01776 | 195 | 195 | 195 | |
| OP | Termination (Broker Quote) | 2857763 | SWPC99363 | CDSW | PROCTER & GAMBLE SP LSI | | | | USD | 9/20/2008 | 0.07 | 1,100,000 | | | | | |
| OP | Original Trade | 2838502 | SWPC99819 | CDSW | MEXICO SP 01/19/07 LSI | B | 1/18/2007 | 1/19/2007 | USD | 1/20/2017 | 0.67 | 300,000 | -8.06292 | -24,189 | -24,189 | -24,189 | |
| OP | Termination (Broker Quote) | 2838502 | SWPC99819 | CDSW | MEXICO SP 01/19/07 LSI | | | | USD | 1/20/2017 | 0.67 | 300,000 | | | | | |
| OP | Original Trade | 3296651 | SWU014084 | IRSW | IRS EUR R 6ME/4.0 09/19/07 LSI | B | 8/8/2007 | 8/15/2007 | EUR | 9/19/2012 | 4 | 9,700,000 | -2.85337 | -277,747 | -277,747 | -394,109 | |
| OP | Termination (Broker Quote) | 3296651 | SWU014084 | IRSW | IRS EUR R 6ME/4.0 09/19/07 LSI | | | | EUR | 9/19/2012 | 4 | 9,700,000 | | | | | |
| | | | | | | | | | | | | | **Total Before Collateral Rec(Pay)** | | | **-244,983** | |
| CO | CCO - Client Collateral Pledged | | CCLSIUS5 | | CASH COLLATERAL ISDA LSI USD | | | | USD | | | 500,000 | 100.00000 | 500,000 | 500,000 | 500,000 | |
| CO | Net | | | | | | | | USD | | | | | | | **500,000** | |
| | | | | | | | | | | | | | **Total Collateral Rec(Pay)[7]** | | | **500,000** | |
| | | | | | | | | | | | | | **Total ISDA Rec(Pay)** | | | **255,017** | 255,017 |

## Notes:

1  FT - Failed trade scheduled to settle prior to bankruptcy but failed; OP - Open position at bankruptcy; CO - Collateral; UC - Unsized Collateral; SC - Seized Collateral; RC - Repo Collateral; RP - Open repurchase agreement; OD - Overdraft; AI - Accrued interest.

2  Rec(Pay) methodology refers to one of the following methods used to calculate rec(pay): Broker Quote, Replacement Trade, and Payoff (characterized as a combination of related buy and sell transactions, unsettled as of the Lehman bankruptcy).

3  Source data obtained from paper confirms (Lehman Effort ID) and OTCC files (Contra Reference ID).

4  ABS - Asset Backed Security; BKL - Bank Loan; CAP - Interest Rate Cap; CDSW - Credit Default Swap; CORP - Corporate Bond; CDSW - Commodity Index Swap; CURR - Currency; IRSW - Interest Rate Swap; MPT - Mortgage Pass Through; OPTN - Option; REPO - Repurchase Agreement; RRP - Reverse Repurchase Agreement; SWOP - Swaption; SWTR - Total Return Swap; TSY - Sovereign Bond (Domestic or Foreign); VARS - Variance Swap.

5  B - Buy; S - Sell; BC - Buy currency; SC - Sell currency; BO - Buy to open; SO - Sell to open; BID - Broker collateral in; CCO - Client collateral out; B2C - Buy to close; S2C - Sell to close; SF - Sell forward; IP - Interest payment; NIP - Negative interest payment.

6  A negative number represents an amount payable to LBSF, while a positive number represents an amount receivable from LBSF.

7  Pending liquidation of broker security collateral, if applicable.

Page 2 of 2

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Oksana Lashko**
Associate
212.309.6129

September 17, 2009

VIA MESSENGER/RETURN RECEIPT

Epiq Bankruptcy Solutions, LLC Claims Agent
757 Third Avenue, 3rd Floor
New York, NY 10017
Attn: Lehman Brothers Claims Processing

    Re:    Lehman Brothers Holdings, Inc., et al., Debtors
             Chapter 11, Case No. 08-13555 (JMP)

             Lehman Brothers Special Financing, Inc.
             Chapter 11, Case No. 08-13888 (JMP)

Dear Sir/Madam:

    Enclosed please find an original and two copies of a Proof of Claim being filed on behalf of Nestle in the USA Pension Trust in the amount of $7,672,380.24 with respect to the above noted case.

    Please file stamp the copies and return same back to awaiting messenger for return. If you have any questions, please do not hesitate to contact me.

Sincerely,

Oksana Lashko

OL/le
Encs.

DB1/63660458.1

**HAND DELIVERY**

Richard Thomas
RECEIVED BY: _____  DATE: 9/17/09  TIME: 4:08 PM