HEARING DATE AND TIME: January 30, 2013 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: January 23, 2013 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS.
PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO
DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL,
ZAW WIN, AT 212-310-8634.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
| | |
|---|---|
| **In re** : | **Chapter 11 Case No.** |
| : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* : | **08-13555 (JMP)** |
| : | |
| **Debtors.** : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**NOTICE OF HEARING ON THREE HUNDRED EIGHTY-SEVENTH
OMNIBUS OBJECTION TO CLAIMS  (INVALID INTERCOMPANY CLAIMS)**

PLEASE TAKE NOTICE that on December 28, 2012, Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors for the entities in the above-referenced chapter 11 cases, filed its Three Hundred Eighty-

Seventh omnibus objection to claims (the "Three Hundred Eighty-Seventh Objection to

Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Eighty-Seventh

Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States

Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern

District of New York, One Bowling Green, New York, New York 10004, on **January 30, 2013**

**at 10:00 a.m.** (**Eastern Time**), or as soon thereafter as counsel may be heard.

                **PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred

Eighty-Seventh Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General

Order M-399 upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP,

767 Fifth Avenue, New York, New York 10153 (Attn: Lori R. Fife, Esq. and Garrett Fail, Esq.);

and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor,

New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and

Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **January 23, 2013**

**at 4:00 p.m.** (**Eastern Time**) (the "Response Deadline").

US_ACTIVE:\44159016\7\58399.0003

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Three Hundred Eighty-Seventh Omnibus Objection to Claims or any

claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Three Hundred Eighty-Seventh Omnibus Objection to Claims, which order may be entered with

no further notice or opportunity to be heard offered to any party.

Dated: December 28, 2012
New York, New York

/s/ Lori R. Fife
Lori R. Fife

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

3

US_ACTIVE:\44159016\7\58399.0003

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
| | |
|---|---|
| **In re** : | **Chapter 11 Case No.** |
| : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : | **08-13555 (JMP)** |
| : | |
| **Debtors.** : | **(Jointly Administered)** |
-------------------------------------------------------------------x

**THREE HUNDRED EIGHTY-SEVENTH**
**OMNIBUS OBJECTION TO CLAIMS (INVALID INTERCOMPANY CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS. PARTIES RECEIVING THIS THREE HUNDRED EIGHTY-SEVENTH OMNIBUS OBJECTION SHOULD REVIEW THE OBJECTION TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ZAW WIN, AT 212-310-8634.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

1

US_ACTIVE:\44159016\7\58399.0003

Holdings Inc. and Its Affiliated Debtors (the "Plan")[1] for the entities in the above-referenced

chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

### Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

2.      Commencing on September 15, 2008 and periodically thereafter, LBHI

and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary

cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  These

chapter 11 cases have been consolidated for procedural purposes only and are being jointly

administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

3.      LBHI and Lehman Commercial Paper Inc. ("LCPI")  filed their respective

schedules of assets and liabilities on June 15, 2009 [ECF Nos. 3918 and 3927].

4.      By order, dated July 2, 2009 [ECF No. No. 4271] (the "Bar Date Order"),

the Court established September 22, 2009 (the "Bar Date") as the deadline for parties to file

proofs of claim based on prepetition claims (as defined in section 101(5) of the Bankruptcy

Code) against the Debtors.

5.      On January 14, 2010, this Court entered an order (the "Objection

Procedures Order") authorizing the Debtors to file omnibus objections on various grounds,

including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in

the Objection Procedures Order [ECF No. 6664].

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms
in the Plan.

2

6.     On December 6, 2011 (the "Confirmation Date"), this Court entered an

order confirming the Plan [ECF No. 23023].  The Plan became effective on March 6, 2012.

7.     Pursuant to the Plan, the Plan Administrator is authorized on behalf of

each of the Debtors to interpose and prosecute objections to claims against the Chapter 11

Estates.

## Relief Requested

8.     The Plan Administrator files this omnibus objection to claims, pursuant to

section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007(d), Section 6.1 of the Plan, the

Bar Date Order and the Objection Procedures Order, seeking to disallow and expunge certain

claims which are either unenforceable against the Chapter 11 Estates or for which the Chapter 11

Estates have no liability (the "Disputed Claims").

## The Disputed Claims

9.     Pursuant to sections 6.5 and 15.5 of the Plan, each of the claims of a

Debtor-Controlled Entity on Exhibit 9 to the Plan Supplement [ECF No. 22742] (the "Debtor-

Controlled Entity Schedule") was deemed an Allowed Claim.

10.     Included among the claims on the Debtor-Controlled Entity Schedule were

the Disputed Claims of Aegis Finance LLC ("Aegis"), Blue Way Finance Corporation U.A.

("Blue Way"), FAMCO, LB Delta (Cayman) No. 2 Limited ("LB Delta"), LB Global Investment

Corporation Inc. ("LB Global"), LB GPS Lightfoot ("LB GPS"), Nale Trust ("Nale"), and

Redgrave Holdings Limited ("Redgrave").

## The Disputed Claims Should Be Disallowed and Expunged

11.     At the time the Debtor-Controlled Entity Schedule was prepared, the

Debtors believed that the Disputed Claims were properly included thereon and that they were

valid and enforceable obligations.  Following further review of the Chapter 11 Estates' books

3

and records, the Plan Administrator has determined that, for the reasons set forth in the chart

below, the inclusion of the Disputed Claims was in error.

| Claimant | Chapter 11 Estate | Disputed Claim Amount | Basis for Objection |
|---|---|---|---|
| Aegis | LCPI | $2,869,006.97 | Aegis should not have been listed on the Debtor-Controlled Entity Schedule because Aegis is not a Debtor-Controlled Entity. Aegis was not a Debtor-Controlled Entity as of the Bar Date and was not included on the list of Exempt Entities (either directly or as a direct subsidiary of an entity on the list of Exempt Entities). Pursuant to the Bar Date Order, Aegis was required and failed to file a proof of claim prior to the Bar Date. |
| Blue Way | LBHI | $17,288.73 | Blue Way was a Netherlands-registered entity that was dissolved pursuant to a foreign administration proceeding. The Plan Administrator has been informed that, pursuant to Dutch law, any receivables of Blue Way, including the claim against LBHI, were discharged upon Blue Way's dissolution. |
| FAMCO | LBHI | $298,469.79 | FAMCO should not have been listed on the Debtor-Controlled Entity Schedule because FAMCO is not a Debtor-Controlled Entity. FAMCO was not a Debtor-Controlled Entity as of the Bar Date and was not included on the list of Exempt Entities (either directly or as a direct subsidiary of an entity on the list of Exempt Entities). Pursuant to the Bar Date Order, FAMCO was required and failed to file a proof of claim prior to the Bar Date. |
| LB Delta | LBHI | $36.44 | LB Delta should not have been listed on the Debtor-Controlled Entity Schedule because LB Delta was not a Debtor-Controlled Entity as of the Confirmation Date. |
| LB Global | LCPI | $812,732.20 | LB Global should not have been listed on the Debtor-Controlled Entity Schedule because LB Global was not a Debtor-Controlled Entity as of the Confirmation Date. |
| LB GPS | LCPI | $13,399,999.95 | LB GPS should not have been listed on the Debtor-Controlled Entity Schedule because LB GPS is not a Debtor-Controlled Entity. LB GPS was sold to a third party prior to the Commencement Date. It was not a Debtor-Controlled Entity as of the Bar Date and was not included on the list of Exempt Entities (either directly or as a direct subsidiary of an entity on the list of Exempt Entities). Pursuant to the Bar Date Order, LB GPS was required and failed to file a proof of claim prior to the Bar Date. |
| Nale | LBHI | $40,474.44 | The Plan Administrator has been unable to verify that Nale is a Debtor-Controlled Entity. The Plan Administrator does not have Nales' constitutive documents and cannot identify Nales' position, if any, in the organizational chart as a subsidiary of one of the Chapter 11 Estates. Nale was not included on the list of Exempt Entities. Nale failed to file a proof of claim prior to the Bar Date. |

4

| Claimant | Chapter 11 Estate | Disputed Claim Amount | Basis for Objection |
|---|---|---|---|
| Redgrave | LBHI | $94.38 | Redgrave should not have been listed on the Debtor-Controlled Entity Schedule because Redgrave is not a Debtor-Controlled Entity. Redgrave was sold prior to the Commencement Date. It was not a Debtor-Controlled Entity as of the Bar Date and was not included on the list of Exempt Entities (either directly or as a direct subsidiary of an entity on the list of Exempt Entities). Pursuant to the Bar Date Order, Redgrave was required and failed to file a proof of claim prior to the Bar Date. |

12.     Section 502(j) of the Bankruptcy Code provides that "a claim that has been allowed … may be reconsidered for cause." 11 U.S.C. § 502(j). Based upon the facts set forth in the chart above, each of the Disputed Claims should be disallowed and expunged.

13.     The Blue Way Disputed Claim should be disallowed and expunged because applicable law provides that LBHI has no liability to Blue Way on account of the Blue Way Disputed Claim. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

14.     The Disputed Claims of Aegis, FAMCO, LB Delta, LB Global, Nale, LB GPS, and Redgrave were mistakenly included on the Debtor-Controlled Entity Schedule. The Bar Date Order provided that:

> any holder of a claim against the Debtors who is required, but fails to file a proof of such claim on or before the Bar Date . . . shall be forever barred, estopped and enjoined from asserting such claim against the Debtors . . . and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim.

Bar Date Order, pp 9-10. The Bar Date Order exempted certain classes of claimant from the Bar Date. These included (i) "any person or entity whose claim is listed on the Schedules and [] whose claim is **not** described as 'disputed,' 'contingent,' or 'unliquidated;'" and (ii) "any entity included on the Exempt Entities List [as such term is defined in the Bar Date Order] and any

5

US_ACTIVE:\44159016\7\58399.0003

subsidiary for which the entity on the Exempt Entities List owns at least a fifty percent equity

interest in such subsidiary, specifically excluding any subsidiary that is in a bankruptcy,

insolvency or similar proceeding in a foreign jurisdiction." *Id.* at 3-5.

15.    The Disputed Claims of Aegis, FAMCO, LB Delta, LB Global, Nale, LB

GPS, and Redgrave were listed as "unliquidated" on LBHI's or LCPI's respective schedules.

None of Aegis, FAMCO, LB Delta, LB Global, Nale, LB GPS, or Redgrave was included on the

Exempt Entities List. Accordingly, the only way that these entities could have been exempt from

the Bar Date would have been for them to be (i) a majority owned subsidiary of an entity

included on the Exempt Entity List, and (ii) not subject to a bankruptcy, insolvency or similar

proceeding in a foreign jurisdiction. The Plan Administrator has no evidence that these entities

pass this test.

16.    In the event that the relief requested herein is not granted, the Plan

Administrator reserves its right to object to the Disputed Claims for any reason not set forth

herein.

## Conclusion

17.    For the reasons set forth above, the Plan Administrator respectfully

requests that the Disputed Claims be disallowed and expunged in their entirety and such other

and further relief as the Court may deem just and appropriate.

## Notice

18.    No trustee has been appointed in these chapter 11 cases. Notice of this

Three Hundred Eighty-Seventh Omnibus Objection to Claims has been provided to (i) the United

States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal

Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the

holder of each Disputed Claim, to the extent an address is known; and (vi) all other parties

6

US_ACTIVE:\44159016\7\58399.0003

entitled to notice in accordance with the procedures set forth in the second amended order

entered on June 17, 2010, governing case management and administrative procedures for these

cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be

provided.

19.     No previous request for the relief sought herein has been made by the Plan

Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order

granting the relief requested herein and such other and further relief as is just.

Dated:  December 28, 2012
        New York, New York


                                    /s/ Lori R. Fife
                                    Lori R. Fife

                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Lehman Brothers Holdings Inc.
                                    and Certain of Its Affiliates

US_ACTIVE:\44159016\7\58399.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                  :      **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :      **08-13555 (JMP)**
                                                       :
                    **Debtors.**                       :      **(Jointly Administered)**
------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED EIGHTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (INVALID INTERCOMPANY CLAIMS)

Upon the three hundred eighty-seventh objection to claims, dated December 28, 2012 (the "Three Hundred Eighty-Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to disallow and expunge the Disputed Claims, all as more fully described in the Three Hundred Eighty-Seventh Omnibus Objection to Claims; and due and proper notice of the Three Hundred Eighty-Seventh Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Eighty-Seventh Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Three Hundred Eighty-Seventh Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Eighty-Seventh Omnibus Objection to Claims.

US_ACTIVE:\44159016\7\58399.0003

ORDERED that the relief requested in the Three Hundred Eighty-Seventh

Omnibus Objection to Claims is granted; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the following

claims are disallowed and expunged in their entirety with prejudice

| Claimant | Chapter 11 Estate | Disputed Claim Amount |
|---|---|---|
| Aegis | Lehman Commercial Paper Inc. | $2,869,006.97 |
| Blue Way | Lehman Brothers Holdings Inc. | $17,288.73 |
| FAMCO | Lehman Brothers Holdings Inc. | $298,469.79 |
| LB Delta | Lehman Brothers Holdings Inc. | $36.44 |
| LB Global | Lehman Commercial Paper Inc. | $812,732.20 |
| LB GPS | Lehman Commercial Paper Inc. | $13,399,999.95 |
| Nale | Lehman Brothers Holdings Inc. | $40,474.44 |
| Redgrave | Lehman Brothers Holdings Inc. | $94.38 |

; and it is further

ORDERED that the Court-appointed claims agent is authorized to modify the

claims register to reflect this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated: _____, 2013
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44159016\7\58399.0003