

UNITED STATES BANKRUPTCY COURT
Southern District of New York
One Bowling Green
New York, NY 10004 – 1408

Geneva, 20th of December 2012

**Ref. Transfer of claim Lehman Program Security – Claim number 64055**

Dear Sir / Madam,

Please find attached the *Agreement and Evidence of Transfer of Claim Lehman Program Security* on ISIN XS0213416141 between Piguet Galland & Cie SA and Valcourt SA.

If you need more information regarding this claim, please contact Mr Julien Meylan at jmeylan@valcourt.ch.

Thank you for your help.

Yours faithfully,

Guy Mathews
Compliance officer

Julien Meylan
CFO & Head of Compliance

RECEIVED DEC 28 2012

Valcourt S.A.   Rue de la Rôtisserie 2   Case postale 5620   CH-1211 Genève 11
Tél. + 41 22 592 53 00   Fax + 41 22 592 53 01   info@valcourt.ch   www.valcourt.ch

DEC 2 8 2012

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Piguet Galland & Cie S.A.** (Formerly **Banque Piguet et Cie S.A.**) ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Valcourt S.A.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 64055 filed by **Banque Piguet et Cie S.A.** (the "Original Claimant") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to or evidencing the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 (as "Lehman Programs Securities to which Transfer Relates") attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor that are not subject to contractual or equitable subordination.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

119-1319/AGR/3434042.2

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 4th day of December, 2012.

| BUYER | SELLER |
|---|---|
| VALCOURT S.A. | PIGUET GALLAND & CIE S.A. |
| By: Michael Conway   Julien Meylac | By: _____ |
| Name: _____ | Name: _____ |
| Title: Director   Director | Title: _____ |
| 2 Rue de la Rôtisserie | 14, Rue de la Plaine |
| Case postale 5620 | 1400 Yverdon-les-Bains |
| 1211 GENEVE 11 | Switzerland |
| Switzerland | |
| | Jean-Marc Blanchet   Muriel [illegible] |

2

119-1319/AGR/3434042.2

## SCHEDULE 1

### Transferred Claims

Purchased Claim

100% of EUR 30'000.00 (the full outstanding allowed amount of ISIN/CUSIP XS0213416141 as described in the Proof of Claim as of 4 December, 2012), plus all accrued interest, fees and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Blocking Number | Principal/Notional Amount of Security | Coupon | Maturity | Allowed Amount of Claim with respect to Lehman Programs Securities to which Transfer relates |
|---|---|---|---|---|---|---|---|---|
| Issue of EUR 100'000'000 Structured Note due March 2035 Guaranteed by Lehman Brothers Holdings | XS0213416141 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 6049538 | EUR 30'000.00 | 8.25% to 03/08; Then 4* (10yrs €CMS – 2yrs €CMS) Min cpn 2% Max cpn 12% | 3/16/2035 | EUR 30'000.00<br><br>USD 43'055.66 |
|  |  |  |  |  |  |  |  |  |

Schedule 1-1

119-1319/AGR/3434042.2



**VALCOURT**
Investment & Advisory Services

USMB SDNY

UNITED STATES BANKRUPTCY COURT
Southern District of New York
One Bowling Green
New-York, NY 10004-1408
USA

20.12.12
CH-1200
Geneve 11

002.60

LA POSTE

Case postale 5620
CH - 1211 Genève 11