**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (JMP) |
| | : | |
| **Debtors.** | : | (Jointly Administered) |

---------------------------------------------------------------x

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr.P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **LBVN Holdings, L.L.C.** | **Sea Port Group Securities, LLC** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

    P.O. Box 1641
    New York, New York 10150
    E-mail: lbvn@lbvn.myhostedsolution.net
    Phone: N/A
    Last Four Digits of Acct #: N/A

    With a copy to:
    Paul, Weiss, Rifkind, Wharton & Garrison LLP
    1285 Avenue of the Americas
    New York, New York  10019-6064
    Attention:  Andrew N. Rosenberg
    Phone: (212) 373-3158
    Facsimile: (212) 492-0158
    E-Mail:  arosenberg@paulweiss.com

Name and Address where transferee payments should be sent (if different from above):  N/A

Court Claim # (if known): 30467
Total Claim Amount:  $194,160,576.00

Amount of Claim as Filed with respect to ISIN XS0220691017:  $194,160,576.00
Amount of Claim as Filed with respect to ISIN XS0220691017 to be Transferred:  $35,607,500.00 (or 18.33920188% of the Amount of Claim as Filed)

Allowed Amount of Claim with respect to ISIN XS0220691017:  $163,036,491.67
Allowed Amount of Claim with respect to ISIN XS0220691017 to be Transferred:  $29,899,591.34 (or 18.33920188% of the Allowed Amount of Claim)

Date Claim Filed: September 22, 2009

Sea Port Group Securities, LLC
360 Madison Avenue, 22nd Floor
New York, NY 10017

**\*\*PLEASE SEE ATTACHED EXHIBITS\*\***

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**LBVN HOLDINGS, L.L.C.**

By: _____  Date: ~~December __, 2012~~ January 3, 2013
      Transferee/Transferee's Agent
      Andrew N. Rosenberg/Authorized Signatory

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

<u>Exhibit A</u>

Evidence of Transfer of Claim

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Sea Port Group Securities, LLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to LBVN **Holdings, L.L.C.**  (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **30467** filed by or on behalf of Zurich Life Insurance Italia S.p.A. (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, (d) any and all rights, remedies, claims and causes of action regarding any of the foregoing, and (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims").  Notwithstanding anything to the contrary set forth herein or otherwise, Seller hereby expressly reserves all rights to assert and to enforce against all prior sellers and any and all representations, warranties, covenants and agreements previously made to Seller or for Seller's benefit in connection with Seller's acquisition of the Transferred Claims in the event, and only to the extent, that Purchaser (and/or its successors and assigns) seeks to assert and/or to enforce against Seller any representation, warranty, covenant or agreement made by Seller in connection with Purchaser's acquisition of any of the Transferred Claims, it being understood and agreed that Seller may only assert said rights in response to, and only to the extent of, Purchaser's assertion of its rights against Seller.

2.    Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) no payment or other distribution has been received by or on behalf of Seller in full or partial satisfaction of the Transferred Claims.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect

to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim no later than the third business day after execution of this Agreement. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Following the date of this Agreement, Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 3 day of ~~December 2012.~~
January 2013.

**SEA PORT GROUP SECURITIES, LLC**
By: The Seaport Group LLC, its sole member

By:
Name:   Jonathan Silverman
Title:        General Counsel

360 Madison Avenue, 22nd Floor
New York, NY 10017

**LBVN HOLDINGS, L.L.C.**

By:
  Name: Andrew N. Rosenberg
  Title: Authorized Signatory

P.O. Box 1641
New York, New York 10022

Schedule 1

Transferred Claims

Purchased Claim

18.3392018896 of proof of claim 30467 which totals an allowed amount of USD $29,899,591.34, (and which totals $35,607,500.00 of proof of claim 30467 as filed), in each case plus all accrued interest, fees and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount in EUR | Coupon | Maturity | Allowed Amount of Proof of Claim |
|---|---|---|---|---|---|---|---|
| Issue of EUR 140,000,000 Zero Coupon Notes Due July 2013 Guaranteed by Lehman Brothers Holdings Inc. under the U.S. $25,000,000,00 0 Euro Medium-Term Note Program | XS0220691017 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR  €25,000,000.00 | Zero Coupon Note | 18 July 2013 | USD  $29,899,591.34 |

Schedule 1–1

<u>Exhibit B</u>

Proof of Claim

**United States Bankruptcy Court/Southern District of New York**

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc. et al., Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

## LEHMAN SECURITIES PROGRAMS
## PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)        0000030467



**THIS SPACE IS FOR COURT USE ONLY**

---

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Zurich Life Insurance Italia S.p.A.
c/o Francesco La Gioia
Zurich Italia
Via B. Crespi, 23
20159 Milano

With notice to:
Shelley C. Chapman, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10044

and

Mary Lyn DeNiro, Esq.
Zurich – NY Legal
105 East 17th St.
New York, NY 10003

and

Andy Smart,
Zurich Life Insurance Company
The Grange
Bishop's Cleeve
Cheltenham
Glos.
GL52 8XX

Telephone number:  +39 02 59662566   Email Address: francesco.la.gioia@it.zurich.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
    *(if known)*

Filed on:_____

FILED / RECEIVED
SEP 2 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

---

Name and address where payment should be sent (if different from above)




Telephone number:              Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

---

**1.** Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: Please see Attachment A**

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

**2.** Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

WFG #135

| International Securities Identification Number (ISIN): XS0220691017 | (Required) |
|---|---|

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number: CA42668**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number: 53907**

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.



FOR COURT USE ONLY

FILED / RECEIV

SEP 2 2 2009

BANKRUPTCY SOLUTIONS, LLC

WFG #135

### Exhibit A to Proof of Claim re: Lehman Brothers Holdings Inc. (Case No. 08-13555)

<u>Amount of Claim as of Date Case Filed</u>.

Zurich Life Insurance Italia S.p.A.and its successors and assigns (collectively, "<u>Claimant</u>") assert the following Claims (as defined herein) against Lehman Brothers Holdings Inc. (the "<u>Debtor</u>") in an amount that is as yet undetermined, but totals, as of commencement of these cases (the "<u>Petition Date</u>"), at least €136,320,000.00 Euros, or $194,160,576.00 USD, as calculated by the exchange rate of 1.42430 USD per Euro published by Bloomberg Finance L.P. as of September 15, 2008.

This is a protective proof of claim arising from the Lehman Brothers Holdings, Inc. ("<u>LBHI</u>" or the "<u>Debtor</u>") guarantee of those certain €136,320,000.00 Euros face amount senior unsecured notes due July 18, 2013 identified by the ISIN XS0220691017 (the "Notes") issued by Lehman Brothers Treasury Co. B.V. ("<u>Treasury Co.</u>"). The Notes were directly guaranteed by LBHI via guarantees including, but not limited to: (a) that certain Unanimous Written Consent of the Executive Committee of the Board of Directors (the "<u>Corporate Guarantee</u>"), dated June 9, 2005, of LBHI pursuant to which LBHI resolved to fully guarantee the payment of all liabilities, obligations and commitments of certain of its subsidiaries, including, without limitation, Treasury Co.; and (b) any guarantees provided by the indentures and any other documents underlying or related to the issue of the Notes and Claimant's purchase of the Notes (the "<u>Indenture Guarantee</u>" and, together with the Corporate Guarantee, the "<u>Guarantees</u>").

The Claims (as defined herein) include, but are not limited to, all amounts of principal and interest and other charges, fees or penalties due and unpaid under the Guarantees, the relevant indentures and other agreements relating to the issuance of the Notes, including amounts due in connection with an Event of Default as defined under those agreements. The Claims were incurred as of the date of Claimant's purchase of the Notes and thereafter.

<u>Basis for Claim</u>.

Claimant hereby asserts the following claims (collectively, the "<u>Claims</u>") against the Debtor:

A.    Any and all claims, rights and/or remedies Claimant may have against LBHI in connection with its status as the holder of the Notes or in connection with the Guarantees.

B.    Any rights, claims and/or remedies Claimant may have arising in law or equity, including but not limited to claims for breach of contract, specific performance, indemnification, contribution, rescission, fraud, fraudulent inducement, fraudulent conveyance, misrepresentation, reimbursement and/or subrogation related to, or arising from or on account of any and all past, present or future litigations, actions or transactions by or among or involving Claimant, the Debtor and/or any of their respective affiliates, predecessors, successors or assigns, arising as a matter of law or equity based upon or relating to, among other things, the Notes or the Guarantees.

C.    To the extent permitted under the Guarantees, the indenture and other agreements related to the issuance of the Notes, all legal fees and out-of-pocket expenses incurred by Claimant due to an Event of Default or the exercise of other remedies under the Guarantees, the indentures or other agreements related to the issuance of the Notes, involving Claimant and/or the Debtor and/or any of their respective affiliates, successors, predecessors or assigns.

<u>Secured Claim, Unsecured Priority Claim</u>.

WFG #135

The Claims are unsecured except to the extent provided otherwise in the Guarantees, the indentures and other agreements related to the issuance of the Notes, to the extent that such claims may be secured by operation of law or to the extent that they are otherwise entitled to treatment as administrative or priority claims and except to the extent that the claim is secured by any set-off, counterclaim or credit. Claimant reserves the right to file an administrative claim to the extent that the Claim, or a portion thereof, arises from or is related to any postpetition acts or omissions.

<u>Administrative Priority</u>.

To the extent that any portion of the Claims are entitled to administrative priority status under 11 U.S.C. § 507, Claimant claims such priority status in the maximum amount allowed by law. The filing of this proof of claim shall in no way be deemed a waiver of Claimant's right to assert that any or all of the amounts owed under the Notes are entitled to administrative priority status.

<u>Credits</u>.

The amount of any payments on this Claim that may be deducted are as yet undetermined.

<u>Supporting Documentation</u>.

The Guarantees, the indenture and other documents related to the issuance of the Notes will be made available upon request.

## **RESERVATION OF RIGHTS**

1.    Claimant reserves the right to: (a) amend, clarify, modify, update or supplement this proof of claim at any time and in any respect, including without limitation to assert additional claims or additional grounds for its claim and/or to specify the amount of any contingent, unmatured or unliquidated claim as they become non-contingent, matured and/or liquidated; (b) file additional proofs of claim at any time and in any respect; and (c) file a request for payment of administrative priority expenses in accordance with 11 U.S.C. §§ 503(b) and 507(a).

2.    Claimant reserves the right to attach or bring forth additional documents supporting its claims and additional documents that may become available after further investigation and discovery.

3.    To the extent that Claimant has or may have a right to subrogation under 11 U.S.C. § 509 or any other equitable claim under common law against the Debtor, Claimant expressly preserves such rights.

4.    By filing this proof of claim, Claimant does not waive, and specifically preserves, its respective procedural and substantive defenses to any claim that may be asserted against Claimant by the Debtor, by any trustee of the Debtor's estate, by any official committee appointed in these cases or by any other party or group.

5.    Claimant further reserves the right to file proofs of claim for administrative expenses, other claims entitled to priority, proofs of interest and proofs of claim against other parties, including but not limited to affiliated debtors.

6.    Claimant is continuing to investigate the elements of its Claim and this proof of claim is filed under the compulsion of the *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form*, dated July 2, 2009. Accordingly, this proof of claim is a protective proof of claim and is filed to protect Claimant from potential forfeiture of any and all rights against the Debtor. The filing of this proof of claim shall not constitute: (a) a waiver or release of the rights of

WFG #135

Claimant against any of the Debtors or any other person or property; (b) a waiver of the right of Claimant to contest the jurisdiction of the United States Bankruptcy Court for the Southern District of New York with respect to the subject matter of the Claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant; or (c) an election of remedies or choice of law.

7.    This proof of claim shall not be deemed to be a waiver of Claimant's rights to: (a) have final orders in noncore matters entered only after *de novo* review by a district court judge; (b) trial by a jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases; (c) have a District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal; (d) arbitrate existing or future claims or disputes; or (e) any other rights, claims, actions, defenses, set-offs or recoupments to which Claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses, set-offs and recoupments Claimant expressly reserves.

WFG #135

| Date. | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| | _____ |
| | Name: PAOLO PENCO ( ZURICH LIFE INSURANCE ITALIA S.P.A – |
| | Authorized Signatory     CHAIRMAN OF THE BOARD ) |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

**H
A
N
D**

**D
E
L
I
V
E
R
Y**

ADMIT ONE
STAPLES
7370

FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

RECEIVED BY: _____

DATE _____

TIME _____

4:08