**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

In re:                                                   ) Chapter 11
                                                         )
Lehman Brothers Holdings Inc., et al.                    ) Case No. 08-13555 (JMP)
                                                         )
                            Debtors.                     ) Jointly Administered
                                                         )
_____             ) Proof of Claim No.: **46897**
                                                           Total Amount to be Transferred: **$556,001.98**

NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY
PURSUANT TO FRBP RULE 3001(e)(2)


TO:    TRANSFEROR:    CHENAVARI FINANCIAL ADVISORS LTD.
                      14 Grosvenor Crescent
                      London SW1X 7EE
                      United Kingdom
                      Attention: Guilhem Goyard
                      Phone: +44 207 259 3611
                      Email: Guilhem.goyard@chenavari.com

PLEASE TAKE NOTICE of the transfer of all right, title and interest in Claim No. **46897** against Lehman Brothers Holdings Inc. in the amount of **$556,001.98 (see attached schedule for breakdown)** as evidenced by the attached Evidence of Transfer of Claim to:

       TRANSFEREE:    ALDEN GLOBAL VALUE RECOVERY MASTER FUND, L.P.
                      c/o Alden Global Capital
                      885 Third Avenue, 34th Floor
                      New York, NY 10022
                      Attention:   Ithran Olivacce
                      Telephone:   212-888-7214
                      E-mail:      iolivacce@aldenglobal.com

No action is required if you do not object to the transfer of the claim as described above. **IF YOU OBJECT TO THE TRANSFER OF THE TRANSFERRED CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

- FILE A WRITTEN OBJECTION TO THE TRANSFER WITH THE COURT
- SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE
- IF YOU FILE AN OBJECTION, A HEARING WILL BE SCHEDULED
- IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING

                                              _____
                                              Clerk of the Court

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Chenavari Financial Advisors Ltd** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Alden Global Value Recovery Master Fund, L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof (the "Effective Date"), (a) the specific portion identified in Schedules 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **46897** filed by or on behalf of **Meliorbanca S.p.A.** ("Predecessor") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights, title and benefits of Seller and any prior seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim (including for clarity, all amounts distributed on or after the trade date of December 14, 2012 (the "Trade Date") whether or not the Trade Date is before, on or after any record date with respect to any amount) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller (including Predecessor) (collectively, "Predecessors-in-Interest") acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedules 1 attached hereto, (d) any and all of Seller's right, title and interest in, to and under any right or remedy of Seller against Predecessors-in-Interest, and (e) any and all rights, remedies, claims and causes of actions regarding any of the foregoing; and (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) the Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured claims with the same ISINs as in Schedule 1 that are not entitled to priority under the Bankruptcy Code and are not subordinated; (g) the Allowed Amount of Claim Transferred to Purchaser, as referred to in Schedule 1, are those amounts set forth in Schedule 1, (h) other than with respect (i) to the sum of US$ **20,153.19** received by either Seller or Predecessors-in-Interest, as a Class 5 Distribution (as defined in the Debtors' Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated December 5, 2011 (the "Plan")) under the Plan, on or about April 17, 2012 in connection with the initial Distribution (as defined in the Plan), and (ii) to the sum of US$ **13,593.24** received by either Seller or Predecessors-in-Interest, as a Class 5 Distribution under the Plan, on or about October 1, 2012 in connection with a subsequent Distribution under the Plan, no distributions payments or proceeds of any kind have been received by or on behalf of the Seller, Predecessors-in-Interest, or any

third party on behalf of the Seller, in full or partial satisfaction of, or in connection with the Transferred Claims, and (g) no filing or voting instructions have been filed, submitted or otherwise to date, in relation to the Purchased Claim relating to the Consent and Solicitation Memorandum approved by the Supervisory Judge relating to the Composition Plan offered by LBT to its Ordinary Creditors pursuant to Title I, Chapter 6 DBA.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from Seller's breach of its representations, warranties, covenants and agreements made herein.

5. Seller shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any notices, correspondence, payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. Seller shall act or omit to act with respect to the Transferred Claims solely to the extent directed by Purchaser.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8. Seller agrees that all distributions, amounts, proceeds, assets, cash and other property received by Seller or any Predecessors-in-Interest on or after the Trade Date are for the account of Purchaser. Purchaser agrees that all distributions, amounts, proceeds, assets, cash and other property received by Seller or any Predecessors-in-Interest on or before the Trade Date are for the account of Seller. In the event that the purchase taking place prior to the Transferred Claim is not successfully completed for any reason whatsoever, at Purchaser's request, any purchase price paid by the Purchaser under this Agreement and Evidence of Transfer of Claim shall be returned to the Purchaser and the delivery obligations of the Seller under this Agreement shall be cancelled.

9. The parties acknowledge that settlement shall be made on delivery of the Transferred Claim and the Securities versus payment basis through Euroclear. For the avoidance of doubt, the parties acknowledge and

agree that the transfer contemplated hereby shall not occur unless and until the Purchaser shall have paid the purchase price in full..

*[ Remainder of this page intentionall left blank; signatures follow on next page ]*

3

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21st day of December 2012.

(SELLER)
Chenavari Financial Advisors Ltd

By: *[signature]*
Name: GUILLEN GOZARD
Title: MD

14 Grosvenor Crescent
London SW1X 7EE
UNITED KINGDOM

(PURCHASER)
Alden Global Value Recovery Master Fund, L.P.
By: Alden Global Capital, Its Service Provider

By: *[signature]*
Name:
Title:

Smith Management L.L.C.
Alden Global Capital
885 Third Ave. 34th Floor
New York, NY 10022
UNITED STATES

4

## SCHEDULE 1

### Transferred Claims

**Purchased Claim**

26.1846537% of Proof of Claim 46897 which is the equivalent to **US$ 556,001.98** of **US$ 2,123,388.71** (the full outstanding amount of ISIN/CUSIP's XS0162289663, XS0178969209, XS0185655445, XS0189294225, XS0200284247, XS0211814123, XS0213971210, XS0220704109, XS0244093927 as described in the Proof of Claim as of 21st day of December 2012), together with interest, fees, expenses and other recoveries due.

Pursuant to the Notice of Proposed Allowed Claim Amount dated August 24, 2011:

- the proposed allowed amount of claim to be transferred to Purchaser for ISIN XS0162289663 equals US$ 14,343.43
- the proposed allowed amount of claim to be transferred to Purchaser for ISIN XS0178969209 equals US$ 58,303.09
- the proposed allowed amount of claim to be transferred to Purchaser for ISIN XS0185655445 equals US$ 94,508.12
- the proposed allowed amount of claim to be transferred to Purchaser for ISIN XS0189294225 equals US$ 121,211.90
- the proposed allowed amount of claim to be transferred to Purchaser for ISIN XS0200284247 equals US$ 58,429.75
- the proposed allowed amount of claim to be transferred to Purchaser for ISIN XS0211814123 equals US$ 14,527.34
- the proposed allowed amount of claim to be transferred to Purchaser for ISIN XS0213971210 equals US$ 138,992.63
- the proposed allowed amount of claim to be transferred to Purchaser for ISIN XS0220704109 equals US$ 49,888.31
- the proposed allowed amount of claim to be transferred to Purchaser for ISIN XS0244093927 equals US$ 8,729.88

**Lehman Programs Securities to which Transfer Relates**

| ISIN/CUSIP | Issuer | Guarantor | Blocking Number | Maturity | Notional Amount (EUR) | Allowed Amount of Claim Transferred to Purchaser (USD) |
|---|---|---|---|---|---|---|
| XS0162289663 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CA40344 | February 28, 2010 | EUR 10,000 | US$ 14,343.43 |
| XS0178969209 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CA40349 | November 26, 2013 | EUR 40,000 | US$ 58,303.09 |
| XS0185655445 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CA40343 | February 27, 2014 | EUR 65,000 | US$ 94,508.12 |

5

| XS0189294225 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CA40338 | April 23, 2014 | EUR 84,000 | US$ 121,211.90 |
|---|---|---|---|---|---|---|
| XS0200284247 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CA40342 | September 22, 2014 | EUR 40,000 | US$ 58,429.75 |
| XS0211814123 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CA40340 | February 16, 2017 | EUR 10,000 | US$ 14,527.34 |
| XS0213971210 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CA40337 | March 18, 2015 | EUR 97,000 | US$ 138,992.63 |
| XS0220704109 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CA40339 | June 13, 2017 | EUR 35,000 | US$ 49,888.31 |
| XS0244093927 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CA40336 | March 1, 2012 | EUR 6,000 | US$ 8,729.88 |

**Schedule**

Allowed Amount of Claim with respect to ISIN XS0162289663: $14,343.43

Allowed Amount of Claim with respect to ISIN XS0178969209: $58,303.09

Allowed Amount of Claim with respect to ISIN XS0185655445: $94,508.12

Allowed Amount of Claim with respect to ISIN XS0189294225: $121,211.90

Allowed Amount of Claim with respect to ISIN XS0200284247: $58,429.75

Allowed Amount of Claim with respect to ISIN XS0211814123: $14,527.34

Allowed Amount of Claim with respect to ISIN XS0213971210: $138,992.63

Allowed Amount of Claim with respect to ISIN XS0220704109: $49,888.31

Allowed Amount of Claim with respect to ISIN XS0244093927: $8,729.88