FARRELL FRITZ, P.C.
1320 RXR Plaza
Uniondale, NY 11556-0120
(516) 227-0700
Patrick Collins

Hearing Date and Time:
January 30, 2013 at 10:00 a.m.

*Attorneys for John Adair*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
**Lehman Brothers Holdings, Inc.,** *et al.*,               :    Case No. 08-13555 (JMP)
                                                            :
                                                            :
           Debtors.                                         :    Jointly Administered
------------------------------------------------------------x

### RESPONSE OF JOHN ADAIR IN OPPOSITION TO DEBTORS' THREE HUNDRED SIXTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (EMPLOYMENT RELATED CLAIMS)

John Adair, by his attorneys, Farrell Fritz, P.C., hereby responds in opposition to the Debtors' Three Hundred Sixty-Sixth Omnibus Objection to Claims (Employment Related Claim), and represents as follows:

#### PRELIMINARY STATEMENT

1. John Adair ("Adair") filed a proof of claim against Lehman Brothers Holdings, Inc. ("LBHI") for an unpaid 2008 bonus. The Debtors object to Adair's claim because, in their view, Adair was not an employee of any of the Debtors. According to the Debtors, Adair was employed by Lehman Brothers, Inc. ("LBI") or other Lehman entities that are not Debtors in these cases. The Debtors' objection to Adair's claim should be denied because the employment-related documents Adair received from LBHI and its affiliates indicate that Adair was employed by several Lehman entities, including LBHI.

## BACKGROUND

2.     The following facts are set forth in the proof of claim filed by Adair against LBHI, Claim No. 23716, or in the documents included with the proof claim. A copy of the proof of claim is attached to this Response as Exhibit "A".

3.     Adair was employed by LBHI and certain of its subsidiaries beginning in 2007, holding the title of Head of Pan Asian Liquid Markets in the Equities Division of the companies.

4.     The initial document setting forth the terms and conditions of Adair's employment was a letter agreement between Adair and LBI, dated December 15, 2006 and revised as of February 14, 2007 (the "February 2007 Letter Agreement"). The February 2007 Letter Agreement states that Adair:

> will be hired by Lehman Brothers, Inc. in New York and seconded to Lehman Brothers Japan, in Tokyo. While on assignment in Tokyo, you will be employed by Lehman Brothers Global Services Ltd. and seconded via Lehman Brothers Pacific Services Company Ltd. to Lehman Brothers Japan, Inc. in Tokyo.

The February 2007 Letter Agreement provides that Adair would be paid a bonus for 2008 as follows:

> A minimum bonus in the amount of USD $3,300,000, less applicable deductions, payable at the time the Firm pays its annual bonus distribution (on or about January 31, 2009).

5.     The February 2007 Letter Agreement also provides that, subject to satisfaction of certain conditions, Adair would be awarded Restricted Stock Units of LBHI as part of his compensation.

6.     In anticipation of Adair's start date, he was assigned to Hong Kong instead of Tokyo. "Lehman Brothers" sent Adair a letter, dated March 27, 2007 (the "March 27, 2007 Letter"), regarding the assignment. Contrary to the February 2007 Letter Agreement, the March

2

27, 2007 Letter indicates that *LBHI* was Adair's US employer and Adair's assignment to Hong Kong "will not alter the existing terms and conditions of your employment with Lehman Brothers Holdings, Inc. . . . "

7.      Adair was subsequently reassigned to Tokyo. In connection with that assignment, he received a letter from "Lehman Brothers", dated October 17, 2007 (the "October 17, 2007 Letter"). Contrary to the March 27, 2007 Letter, the letter assigning Adair to Tokyo states that LBI was Adair's US employer. Specifically, the October 17, 2007 letter provides that

> Lehman Brothers, Inc., your US employer, is assigning you to Lehman Brothers Global Services Ltd. for international service. During this period, you will be employed by Lehman Brothers Global Services Ltd. (LBGSL) and seconded via BPSL to Lehman Brothers Securities Asia Limited, a kabushiki kaisha incorporated under the laws of Japan (the "Firm"). . . . This assignment will not alter the existing terms and conditions of your employment with Lehman Brothers, Inc., subject to the Lehman employment policies and procedures.

8.      Adair's employment with Lehman Brothers was terminated on September 30, 2008. Claimant had previously been informed by Lehman Brothers management that the division of the companies in which he worked would be sold. The purchaser of the division was Nomura Holdings Inc. At the request of the parties to the transaction and to enable Lehman Brothers' transaction with Nomura, Claimant signed a letter (the "Resignation Letter"), dated September 30, 2008, prepared by Lehman Brothers resigning from his position with Lehman Brothers. The Resignation Letter does not identify the Lehman Brothers entity that employed Adair. Rather, the Resignation Letter states that Adair is resigning from "my current Lehman Brothers employer ('Lehman Brothers'), which is an entity within the Lehman Brothers International Group . . . ." In the Resignation Letter, the term "Lehman Brothers International Group" was defined as "LBHI and its subsidiaries worldwide". Claimant accepted a position with Nomura Securities Co., Ltd., effective October 1, 2008.

3

9.  Lehman Brothers did not pay Adair's 2008 bonus.

## THE PROOF OF CLAIM

10.  In his proof of claim, Adair asserts an unsecured nonpriority claim of $3,300,000 against LBHI for the unpaid 2008 bonus.

## THE OBJECTION

11.  As the only basis for its objection to Adair's and others claims the Debtors assert that those claims should be disallowed because "the claimants were not employees of any of the Chapter 11 Estates at the time the Non-Debtor Employee Claims allegedly accrued, but instead were employees of other Lehman entities. . . ."

## ARGUMENT

12.  Rule 3001 of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim". Adair's proof of claim, consisting of a completed and executed Official Form 10, copies of the documents referenced in this Response and a rider explaining the basis for Adair's claim, was executed and filed in accordance with the Federal Rules of Bankruptcy Procedure. Consequently, Adair's proof of claim constitutes *prima facie* evidence of the validity of Adair's claim.

13.  To rebut the presumption of validity of Adair's claim, the Debtors are required to submit "evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000); *see also In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 U.S. Dist. LEXIS 6500 (the objector must produce "evidence equal in force to the prima facie case" to overcome a proof of claim). The Objection should be denied because the Debtors

4

have not submitted any evidence sufficient to overcome the *prima facie* validity of Adair's claim. The Debtors' unsworn statement that their records show Adair was not an employee of any of the Debtors at the time his claim arose does not amount to evidence refuting Adair's claim. Indeed, all the Debtors have accomplished by their objection is to indicate their disagreement with Adair's claim. The Debtors' mere disagreement with Adair's claim does not constitute evidence sufficient to rebut the *prima facie* validity of the claim. *See In re Minbatiwalla*, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010) (a proof of claim in a bankruptcy proceeding "cannot be defeated by mere formal objection"; rather, an objecting party must introduce evidence as to the invalidity of the claim or the excessiveness of the amount in order to overcome a proof of claim) (internal quotation marks omitted); *see also In re Enron Creditors' Recovery Corp.*, 2007 Bankr. LEXIS 2969 (Bankr. S.D.N.Y. Aug. 28, 2007) (stating that an objecting party must provide "substantial evidence" to rebut the prima facie presumption of validity of a proof of claim.)

14.    In their Objection, the Debtors make no attempt to square their conclusion that Adair was not employed by LBHI with the documents annexed to Adair's proof of claim. Those documents raise numerous questions regarding the identity of the party responsible for paying Adair's 2008 bonus, such as the following:

    a.  Was Adair hired by LBI, transferred to LBHI and then transferred back to LBI, as a literal reading of the February 2007 Letter Agreement, the March 27, 2007 Letter and the October 27, 2007 Letter might suggest?

    b.  Were the statements in the February 2007 Letter Agreement and the October 27, 2007 Letter that Adair's U.S. employer was LBI, as opposed to LBHI, mistaken?

5

    c. Alternatively, was the statement in the March 27, 2007 letter that Adair's U.S. employer was LBHI mistaken?

    d. Was Adair employed by LBI and LBHI simultaneously?

    e. If Adair was employed by LBI, why did he receive his pay with checks issued by Lehman Brothers Global Services, Ltd.?[1]

    f. If Adair was employed by LBI, why was he entitled to receive Restricted Stock Units of LBHI as part of his compensation from LBI?

15.    Adair is entitled to obtain discovery from the Debtors on these issues and to obtain the documents and other information upon which the Debtors base their conclusion that Adair was not an employee of LBHI at the time his claim arose. The Court should rule on the Debtors' Objection to Adair's proof of claim only after the Debtors and Adair have had an opportunity to conduct discovery on these issues.

**WHEREFORE,** Adair respectfully requests entry of an Order denying the Debtors' objection to Adair's proof of claim, allowing Adair's claim in the amount of $3,300,000 as a unsecured nonpriority claim against LBHI and granting Adair such other relief as the Court may deem just and proper.

Dated: Uniondale, New York
       January 9, 2012

                        **FARRELL FRITZ, P.C.**
                        *Attorneys for John Adair*

                        By:   /s/ Patrick Collins
                            Patrick Collins
                            1320 RXR Plaza
                            Uniondale, New York 11556-0120
                            (516) 227-0700

Interwoven\2780002.3

---

[1] Copies of paystubs received by Adair from Lehman Brothers were not attached to Adair's proof of claim, but are available upon request.