IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                           )
In re:                                                     )   Chapter 15
                                                           )
                                                           )
LEHMAN BROTHERS HOLDINGS, INC.                             )   Case No. 08-13555 (JMP)
                                                           )
                                                           )
Debtor.                                                    )   (Jointly Administered)
---------------------------------------------------------- x

RECEIVED JAN 10 2013 U.S. BANKRUPTCY COURT S0 DIST OF NEW YORK

NOTICE OF PARTIAL TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1.  TO:

    **CASSA LOMBARDA S.p.A.**
    ("Transferor")

    Attn:   **Stefano Rivolta**

2.  Please take notice of the transfer of an undivided interest in the amount of **USD 36,317.79 (EUR 25,664.46)**, of your claim against LEHMAN BROTHERS HOLDINGS INC. Case No. 08-13555 JMP) in the above-referenced consolidated proceedings, arising from and relating to the guaranty of certain underlying securities described in **Claim No. 66350** (attached as Exhibit A hereto), to:

    **BANCA FIDEURAM S.p.A**
    ("Transferee")

    Attn: Emanuele Castro
    Legal Department

    An evidence of transfer of claim (including details as to the underlying securities) is attached hereto as Exhibit B. All notices regarding the transferred portion of the claim should be sent to the Transferee at the address attached in Exhibit C.

3.  No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 21 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

    --  **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

        United States Bankruptcy Court
        Southern District of New York
        Attn: Clerk of Court
        Alexander Hamilton Custom House
        One Bowling Green
        New York, NY 10004-1408

    --  **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**



--       Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further correspondence related to this transfer.

4.   If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR ECORDS AS A CLAIMANT IN THIS PROCEEDING WITH RESPECT TO THE RANSFERRED PORTION.**

CLERK

---

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2010.
INTERNAL CONTROL NO. _____

Copy: (check) Claims Agent \_\_\_\_  Transferee \_\_\_\_  Debtor's Attorney \_\_\_\_

Deputy Clerk

---

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000066350 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009.

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

CASSA LOMBARDA SPA
VIA A. MANZONI 12/14
20121 MILANO (ITALY)

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Telephone number: 027795364   Email Address: SETTLEMENT@CASSALOMBARDA.IT

Name and address where payment should be sent (if different from above):

Telephone number: _____   Email Address: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ 5,450,290.43 (Required)

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): SEE ATTACHMENT (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

SEE ATTACHMENT (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:

CLEARSTREAM BANK 14320 (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY

FILED RECEIVED
OCT 2 3 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 22-OCT-09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

GIUSEPPE SPADAFORA (CEO)

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150-5076

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

### INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

| ISIN | BLOCKING REFERENCE NUMBER | Notes | NOMINAL QUANTITY (EUR) | NOMINAL QUANTITY (USD) | ACCRUED INTEREST (EUR) | ACCRUED INTEREST (USD) | EXCHANGE RATE (ECB FIXING) | Amount of claim (USD) |
|---|---|---|---|---|---|---|---|---|
| XS0128857413 | CA40592 | | 10,000.00 | 14,151.00 | 221.82 | 313.89 | 1.4151 | 14,464.89 |
| XS0162289663 | CA40593 | | 35,000.00 | 49,528.50 | 677.15 | 958.24 | 1.4151 | 50,486.74 |
| XS0176153350 | CA40598 | | 110,000.00 | 155,661.00 | 3,135.51 | 4,437.07 | 1.4151 | 160,098.07 |
| XS0181945972 | CA40600 | | 45,000.00 | 63,679.50 | 1,079.43 | 1,527.50 | 1.4151 | 65,207.00 |
| XS0183944643 | CA40597 | **CLAIM ALREADY FILED ON 05/28/2009 - CLAIM NUMBER 4761 | 23,000.00 | 32,547.30 | 724.34 | 1,025.02 | 1.4151 | 33,572.32 |
| XS0189741001 | CA40594 | | 459,000.00 | 649,530.90 | 4,676.75 | 6,618.07 | 1.4151 | 656,148.97 |
| XS0200284247 | CA40589 | | 2,686,000.00 | 3,800,958.60 | 80,352.93 | 113,707.43 | 1.4151 | 3,914,666.03 |
| XS0202417050 | CA40590 | | 215,000.00 | 304,246.50 | 5,714.43 | 8,086.49 | 1.4151 | 312,332.99 |
| XS0205185456 | CA40591 | | 250,000.00 | 353,775.00 | 1,232.03 | 1,743.44 | 1.4151 | 355,518.44 |
| XS0208459023 | CA40588 | | 375,000.00 | 530,662.50 | 8,405.81 | 11,895.06 | 1.4151 | 542,557.56 |
| XS0210782552 | CA40582 | | 1,050,000.00 | 1,485,855.00 | 23,014.85 | 32,568.31 | 1.4151 | 1,518,423.31 |
| XS0213899510 | CA40581 | **CLAIM ALREADY FILED for 57,000.00 ON 05/28/2009 CLAIM NUMBER 4760 | 262,000.00 | 370,756.20 | 5,426.63 | 7,679.22 | 1.4151 | 378,435.42 |
| XS0213971210 | CA40584 | | 30,000.00 | 42,453.00 | 295.89 | 418.71 | 1.4151 | 42,871.71 |
| XS0220704109 | CA40583 | | 436,000.00 | 616,983.60 | 5,107.97 | 7,228.29 | 1.4151 | 624,211.89 |
| XS0224346592 | CA40587 CA05000 | **CLAIM ALREADY FILED for 50,000.00 ON 05/27/2009 CLAIM NUMBER 4609 | 250,000.00 | 353,775.00 | 2,025.33 | 2,866.05 | 1.4151 | 356,641.05 |
| XS0257022714 | CA32531 | **CLAIM ALREADY FILED ON 06/02/2009 - CLAIM NUMBER 4731 | 300,000.00 | 424,530.00 | 87.65 | 124.03 | 1.4151 | 424,654.03 |
| | | | | | | | TOTAL AMOUNT | 9,450,290.43 |

CASSA LOMBARDA S.p.A.
L'Amministratore Delegato
e Direttore Generale

(Giuseppe Spadafora)

UPS: Tracking Information                                                                 Page 1 of 1

 **Proof of Delivery**

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

| | |
|---|---|
| Tracking Number: | H7620352433 |
| Reference Number(s): | 1, H7620352433 |
| Service: | EXPRESS |
| Weight: | .50 Kg |
| Shipped/Billed On: | 10/22/2009 |
| Delivered On: | 10/23/2009 10:11 A.M. |
| Delivered To: | NEW YORK, NY, US |
| Signed By: | RIOS |
| Location: | RECEPTION |

Thank you for giving us this opportunity to serve you.

Sincerely,

UPS

Tracking results provided by UPS:   03/01/2010 3:14 P.M.   ET

https://wwwapps.ups.com/WebTracking/processPOD?lineData=LONG+ISLAND+CITY%...   3/1/2010

# AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
# LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Cassa Lombarda S.p.A..** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **BANCA FIDEURAM S.p.A.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the claim evidenced by Proof of Claim Numbers **66350** as specified in Schedule 1 hereto filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights, title and benefits of Seller and any prior seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim (including for clarity, all amounts distributed on or after the trade date of July 4th, 2012 the "Trade Date") whether or not the Trade Date is before, on or after any record date with respect to an amount) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing; (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims").

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller and all filings required to evidence Seller's title to the Transferred Claim have been duly and timely filed with the Court; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) the Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates,

that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsubordinated unsecured claims.

3.  Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from Seller's breach of its representations, warranties, covenants and agreements made herein.

5.  Seller shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any notices, correspondence, payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any prior seller to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on Seller's part, causing any prior seller to deliver distributions and proceeds received by any prior seller and to act) and other actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim. Seller agrees that all distributions, amounts, proceeds, assets, cash and other property received by Seller or any prior seller on or after the Trade Date (whether or not such Trade Date is before, on or after any record date for such amounts) are for the account of Purchaser, and at the election of the Purchaser, (i) the

2



Purchaser may net, setoff and reduce the purchase price payable by it and any other amounts owed by it in respect of the Transferred Claims against the distributions, assets, cash, property and amounts payable by Seller to it in respect of distributions, assets, cash, property and amounts received by Seller or any prior seller on and after the Trade Date, or (ii) the Seller shall pay such amounts received by seller or any prior seller on or prior to the date of this Agreement and on and after the Trade Date in respect of the Transferred Claims to the account information provided to it by Purchaser on the date of this Agreement.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 12th day of December, 2012.

**BUYER**
BANCA FIDEURAM S.P.A.
By: *[signature]*
Name: Emanuele Castro
Title: Legal Department

Address:
Piazzale G. Douhet 31
00143 Roma
ITALY

Attn: Emanuele Castro
phone 00390659027565
fax 00390659027211
mail dir-legale@bancafideuram.it

**SELLER**
Cassa Lombarda S.p.A.
By: *[signature]*
Name: Stefano Barcella
Title: Head of operations area

Address:
Via A.Manzoni 12/14
20121 Milan
ITALY

Attn:___Stefano Rivolta_____
phone____0039027799364_____
fax _____0039027799256_____
mail _____corporate@cassalombarda.it_____

3

## Schedule 1

### Transferred Claims

Purchased Claims

**11.6279%** of Seller's interest in, to and in connection with those ISINs reference below relating to Proof of Claim **66350**, which is is equal to **$36,317.79** of **$312,332.99**, the original amount as listed in the Proof of Claim together with interest, fees, expenses and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/ Notional Amount in EUR (USD equivalent) | Coupon | Maturity | Proof of Claim Number | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|---|---|
| Lehman 10/14 hicp inflation linked note eur | XS0202417050 | CA40590 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 25,000.00 (USD 35,377.50) | HICP inflation linked note | 10/27/2014 | 66350 | EUR 664.46 (USD 940.29) |




4

# EXHIBIT C

Address for Notices:

    Banca Fideuram Spa (*Transferee*)
    Legal Department
    Roma 00143, P.le G. Douhet 31
    Italy

Attn:

    Emanuele Castro
    tel  0039 0659027565
    fax 0039 0659027211
    mail:  dir-legale@bancafideuram.it