# United States Bankruptcy Court
## Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>        Case No. <u>08-13555 (JMP) (Jointly Administered)</u>

## PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P.,of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Knighthead Master Fund, L.P. | Deutsche Bank AG, London Branch |
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent: | Court Claim # (if known): 56987 |
| Knighthead Capital Management<br>1140 Avenue of the Americas, 12th Floor<br>New York, NY 10036<br>Attn: Laura Torrado, Esq. | Amount of Claim Transferred: $2,728,967.82 WITH RESPECT TO ISIN/CUSIP XS0329219819 plus all accrued interest, fees and recoveries due thereon |
| | Date Claim Filed: October 30, 2009 |
| Last Four Digits of Acct. #: _____ | |
| | Phone:<br>Last Four Digits of Acct. #: _____ |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Knighthead Master Fund, L.P.
By: Knighthead Capital Management, LLC, *its*
Investment Manager

By: _____          Date: __1/11/2013__
    Transferee/Transferee's Agent

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# United States Bankruptcy Court
## Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>            Case No. <u>08-13555 (JMP) (Jointly Administered)</u>

### PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 56987 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the partial transfer of that claim, the transferee filed a Partial Transfer of Claim other than for Security in the Clerk's office of this court on       .

| | |
|---|---|
| Deutsche Bank AG, London Branch | Knighthead Master Fund, L.P. |
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| Winchester House<br>1, Great Winchester Street<br>London BC2N 2DB<br>Attn: Michael Sutton | Knighthead Master Fund, L.P.<br>c/o Knighthead Capital Management<br>1140 Avenue of the Americas, 12th Floor<br>New York, NY 10036<br>Attn: Laura Torrado, Esq. |

~DEADLINE TO OBJECT TO TRANSFER~

The alleged transferor of the claims is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                    _____
                                                CLERK OF THE COURT

463-1000/COURT/3665064.1

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Deutsche Bank AG, London Branch** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Knighthead Master Fund, L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the claim evidenced by Proof of Claim Number 56987 as specified in Schedule 1 hereto filed by or on behalf of any of Seller's predecessors-in-title (**"Predecessor"**) (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights, title and benefits of Seller and any prior seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim (including for clarity, all amounts distributed on or after the trade date of 10 May 2012 (the "Trade Date") whether or not the Trade Date is before, on or after any record date with respect to an amount) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing; (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims"). For the avoidance of doubt, the Purchaser does not acquire any liabilities or obligations with respect to the Transferred Claims or the Seller or the Prior Seller.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller and all filings required to evidence Seller's title to the Transferred Claim have been duly and timely filed with the Court; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) the Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise, in respect of the Transferred Claims, to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsubordinated unsecured claims; (g) Seller has delivered to Purchaser a true and correct copy of the Notice of Proposed Allowed Claim Amount, dated August 24, 2011, which relates to the Proof of Claim, and as of the date hereof, Seller has not received any revised Notice of Proposed Allowed Claim Amount; (h) there are no objections to the Transferred Claims and all documents provided to Purchaser by Seller are true, accurate and complete copies of such documents; (i) the agreement between Seller and its immediate predecessor-in-title is substantially similar (and similar in all material respects) to this Agreement, and such predecessor agreement contains representations, warranties, covenants, agreements and indemnities from the Seller to the purchaser that are no less favorable than those contained herein; and (j) Seller (or prior seller) has received 3.609229 % in respect of

10636(1)

the Transferred Claim due to a distribution on April 17, 2012.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from Seller's breach of its representations, warranties, covenants and agreements made herein.

5.      Seller shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any payments, distributions or proceeds received by Seller after the Trade Date in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any prior seller to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on Seller's part, causing any prior seller to deliver distributions and proceeds received by any prior seller and to act) and other actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim. Seller agrees that, only to the extent these relate to the Transferred Claims, all distributions, amounts, proceeds, assets, cash and other property received by Seller or any prior seller on or after the Trade Date (whether or not such Trade Date is before, on or after any record date for such amounts) are for the account of Purchaser, and at the election of the Purchaser, (i) the Purchaser may net, setoff and reduce the purchase price payable by it and any other amounts owed by it in respect of the Transferred Claims against the relevant distributions, assets, cash, property and amounts payable by Seller to it in respect of distributions, assets, cash, property and amounts received by Seller or any prior seller on and after the Trade Date (subject, where applicable, to Buyer and Seller reaching agreement on an appropriate FX rate), or (ii) the Seller shall pay such amounts received by Seller or any prior seller on and after the Trade Date in respect of the Transferred Claims to the account information provided to it by Purchaser on the date of this Agreement.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

2

**Error! Unknown document property name.**

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _____ day of _____, 2013.

**DEUTSCHE BANK AG, LONDON BRANCH**

By: _____

Name: _____

Title: _____

Address:

Jamie Foote
Vice President

Simon Glennie
Vice President

Winchester House
1, Great Winchester Street
London EC2N 2DB
Attn: Michael Sutton

**KNIGHTHEAD MASTER FUND, L.P.**
By: Knighthead Capital Management, LLC, its Investment Manager

By: _____

Name: Laura Torrado

Title: General Counsel

Address:

c/o Knighthead Capital Management, LLC
1140 Avenue of the Americas, 12th Floor
New York, NY 10036
Attention: Laura Torrado

3

Error! Unknown document property name.

### Schedule 1

#### Transferred Claims

Purchased Claims

92.6000% of Seller's interest in, to and in connection with ISIN XS0329219819, pursuant to Proof of Claim 56987 (for the avoidance of doubt, Seller holds 100% of the claim that is referenced in the Proof of Claim) together with interest, fees, expenses and other recoveries due. Pursuant to the Notice of Proposed Allowed Claim Amount dated 8/24/2011, the proposed allowed amount of such interest is 92.6000% of $2,947,049.48 = $2,728,967.82, the amount transferred herein.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/ Notional Amount in EUR (USD equivalent) | Coupon | Maturity | Proof of Claim Number | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Company B.V. Issue of EUR 2,000,000 Step-Up Callable Bonds | XS0329219819 | CA74315 | Lehman Brothers Treasury Company B.V. | Lehman Brothers Holding Inc. | EUR 1,852,000 (USD 2,625,210) FX Rate used in Proof of Claim: 1.4175 | | 9 November 2011 | 56987 | |

4

**Error! Unknown document property name.**

**Schedule**

Proof of Claim 56987

5

**Error! Unknown document property name.**