HEARING DATE TO BE DETERMINED

Solomon J. Noh
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (646) 848-5795

*Attorneys for The Tudor BVI Global Portfolio L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
: 
: 
**In re** :
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.* : Case No. 08 – 13555 (JMP)
: 
**Debtors.** :
: 
: 
----------------------------------------------------------------x

**RESPONSE OF THE TUDOR BVI GLOBAL PORTFOLIO L.P. TO
DEBTORS' THREE HUNDRED SIXTY-FIRST OMNIBUS OBJECTION
TO CLAIMS (NO GUARANTEE CLAIMS)**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

The Tudor BVI Global Portfolio L.P. ("BVI"), by and through its undersigned counsel, submits this response ("Response") to the Debtors' Three Hundred Sixty-first Omnibus Objection to Claims (No Guarantee Claims) [Docket No. 31317] (the "Objection"). In support of its Response, BVI respectfully states as follows:

**Background**

1. On May 13, 1998, BVI and Lehman Brothers Special Financing Inc. ("LBSF") entered into a 1992 ISDA Master Agreement (Multicurrency-Cross Border) (as amended, supplemented or otherwise modified from time to time, and including all schedules,

NYDOCS03/961198.3

annexes and exhibits thereto, and all confirmations exchanged pursuant to transactions entered into in connection therewith, the "Master Agreement").[1] Lehman Brothers Holdings Inc. ("LBHI") unconditionally guaranteed the obligations of LBSF under the Master Agreement pursuant to the Guarantee of Lehman Brothers Holdings Inc., dated as of May 13, 1998.

2.  Beginning on September 15, 2008 and periodically thereafter, LBHI and certain of its affiliates (collectively, the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

3.  Because LBHI served as the Credit Support Provider[2] under the Master Agreement, the LBHI chapter 11 filing constituted an Event of Default under Section 5(a)(vii) of the Master Agreement. In the exercise of its rights under section 560 of the Bankruptcy Code and Section 6(a) of the Master Agreement, on September 15, 2008, BVI sent LBSF a notice terminating the Master Agreement and designating September 15, 2008 as the Early Termination Date.

4.  On July 2, 2009, the Bankruptcy Court entered the Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "Bar Date Order").

5.  Pursuant to the Bar Date Order, on September 22, 2009, BVI filed a proof of claim (Proof of Claim Number 27668) against LBHI in the initial amount of $299,947.80 plus any additional amounts that may be incurred or accrued from August 31, 2008 through the date

---

[1]  Pursuant to the Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors [Docket No. 8474], dated as of April 19, 2010, all of the information BVI submitted in connection with the Proof of Claim and Questionnaire (each as defined herein) are part of the record and BVI need not resubmit them in connection with this Response.

[2]  Capitalized terms not defined herein shall have the meaning ascribed to them in the Master Agreement.

NYDOCS03/961198.3

on which the claim is paid in full (the "Proof of Claim").  On October 21, 2009, BVI submitted a guarantee questionnaire with respect to the Proof of Claim (the "Questionnaire").

6. On November 8, 2011, the Debtors filed the Debtors' Two Hundred Thirty-Third Omnibus Objection to Claims (No Liability Derivatives Claims) [Docket No. 21741] (the "No Liability Objection").

7. On January 11, 2012, BVI filed the Response of Tudor BVI Global Portfolio L.P. to Debtors' Two Hundred Thirty-Third Omnibus Objection to Claims (No Liability Derivatives Claims) [Docket No. 24194].

8. On October 1, 2012, the Debtors filed a Notice of Withdrawal of Two Hundred Thirty-Third Omnibus Objection to Claims (No Liability Derivatives Claims) Solely as to Certain Claim wherein the Debtors withdrew the No Liability Objection with respect to BVI's claim.

9. On October 11, 2012, the Debtors filed the Objection, again objecting to the Proof of Claim.

## Argument

10. BVI disputes the Debtors' allegations in the Objection and reasserts its claim in the amount asserted in the Proof of Claim.

11. The Debtors have not carried their burden of proof in objecting to BVI's claim.  "A proof of claim is prima facie evidence of the validity and amount of a claim." *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Comms. Corp.*, Ch. 11 Case No. 02- 41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007). The burden rests on the objector, the Debtors, to "bear[] the initial burden of persuasion" and to "offer[] sufficient evidence to overcome the prima facie validity of the claim." *Id.* "To

3

overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000).

12. The Debtors have not provided any evidence to overcome the prima facie validity of the Proof of Claim. Therefore, the Objection should be overruled.

13. To the extent the Bankruptcy Court does not overrule the Objection, BVI reserves the right to seek discovery and to request a full evidentiary hearing pursuant to Bankruptcy Rule 9014(e) and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the proper amount of BVI's claims.

WHEREFORE, BVI respectfully requests that the Bankruptcy Court (i) overrule the Objection as it pertains to BVI's Proof of Claim, and (ii) grant BVI such further relief as the Bankruptcy Court deems just.

Dated:  New York, New York
         January 14, 2013

                              SHEARMAN & STERLING LLP

                              By:  /s/ Solomon J. Noh
                                   Solomon J. Noh
                                   599 Lexington Avenue
                                   New York, New York 10022
                                   Telephone:  (212) 848-4000
                                   Facsimile:  (646) 848-5795

                                   *Attorneys for The Tudor BVI Global Portfolio L.P.*