UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*<br><br>　　　　　　　　　　　　　Debtors. | Chapter 11 Case No.<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**AFFIDAVIT OF CAROLYN FREDERICK IN SUPPORT
OF THE REPLY OF TRAXIS FUND LP AND TRAXIS EMERGING
MARKET OPPORTUNITIES FUND LP TO RESPONSE OF PLAN
ADMINISTRATOR TO MOTION OF TRAXIS FUND LP AND TRAXIS
EMERGING MARKET OPPORTUNITIES FUND LP TO COMPEL
DEBTORS TO REISSUE DISTRIBUTION CHECKS FOR ALLOWED CLAIMS**

STATE OF WASHINGTON )
　　　　　　　　　　　) SS.:
COUNTY OF KING　　　 )

　　　　CAROLYN FREDERICK, being duly sworn, deposes and says:

　　　　1.　　I am an attorney admitted to practice before this Court and was, from September 8, 2008 until August 3, 2012, employed by Seward & Kissel LLP, located at One Battery Park Plaza, New York, New York, 10004. From May of 2009 until August 3, 2012, I worked in Seward & Kissel's Bankruptcy and Reorganization practice group.

　　　　2.　　I am over the age of eighteen years and am not a party to the above-captioned proceedings. I have personal knowledge of the facts stated in this Affidavit and am competent to testify to them.

　　　　3.　　I make this declaration in support of the Reply of Traxis Fund LP and Traxis Emerging Market Opportunities Fund LP to Response of Plan Administrator to Motion of Traxis Fund LP and Traxis Emerging Market Opportunities Fund LP to Compel Debtors to Reissue Distribution Checks for Allowed Claims (the "Reply").

4. Under the direct supervision of Arlene Alves, I prepared and arranged the filing of various proofs of claim on behalf of Traxis Fund LP ("Traxis Fund") and Traxis Emerging Market Opportunities Fund LP ("TEMOF" and, together with Traxis Fund, "Traxis") against Lehman Brothers Special Financing Inc. ("LBSF") and Lehman Brothers Holdings Inc. ("LBHI" and, together with LBSF, the "Debtors"), including Claim Nos. 33284, 33285, 33286 and 33304. These claims were later amended and superseded by Claim Nos. 66512, 66509, 66510 and 66511 respectively (together, the "Claims"), which I also prepared and filed, under Arlene Alves' direct supervision, on behalf of Traxis. The Claims were allowed as general unsecured claims against each of the Debtors.

5. From August of 2009 until August 3, 2012, I was the primary attorney contact at Seward & Kissel LLP for all matters relating to the Claims. At that time, I was also the primary attorney contact for approximately 25 to 30 other clients with claims against the chapter 11 Lehman Brothers entities.

6. In preparing proofs of claim or similar filings, attorneys in Seward & Kissel's Bankruptcy and Reorganization group include the contact information for at least one specific attorney to whom notices regarding such claims may be sent. Typically, more senior Seward & Kissel attorneys, such as Arlene Alves or Laurie Binder, were listed on proofs of claim that I prepared and filed against the Debtors for the purposes of receiving notices related to such claims. Arlene Alves was listed on the Claims as the applicable Seward & Kissel attorney to whom notices regarding the Claims should be addressed.

2

7. Any correspondence received by another Seward & Kissel attorney relating to proofs of claim that I prepared and filed, including notices and other materials sent by the Debtors' claims agent, Epiq Systems ("Epiq"), were promptly directed to my attention by the recipient attorney. It was the practice of Seward & Kissel that any mail received in respect of the Claims, whether by Arlene Alves or any other attorney, was either sent to me via interoffice mail or personally hand-delivered to me by the relevant attorney or their secretary.

8. Upon receipt of such mail, including any mail relating to the Claims, I would promptly review the correspondence and any related documentation, note any relevant dates or required actions, respond to the sender if necessary, and communicate with the client and any other involved parties regarding any action that needed to be taken or any potential impact on the client's claims.

9. During the period of time in which I worked at Seward & Kissel, I reviewed every piece of mail delivered to me and discarded no mail delivered to me without having first reviewed it. Mail directed to my attention that was received by Seward & Kissel while I was out of the office was held in my inbox, and I promptly reviewed such mail upon my return.

10. I am not aware of any instance in which mail that was addressed to me or another attorney in the Bankruptcy and Reorganization group was not received, other than the Solicitations (as defined below) purportedly mailed by Epiq to Seward & Kissel in respect of the Claims, in connection with the above-captioned cases.

11. In February of 2012, Seward & Kissel received several letters from Epiq in respect of certain client claims against the Debtors entitled "Solicitation of Request for Wire Transfer" (each a "Solicitation" and together, the "Solicitations"), whereby the Debtors extended

3

an offer to certain clients with allowed claims to allow them to receive their distributions via wire transfer.

12.     In accordance with Paragraph 8 above, it was the policy of Seward & Kissel to direct each Solicitation that we received promptly to the relevant client via e-mail, along with an explanation of the Solicitation and an invitation to contact us if they had any questions. In every instance in which a Solicitation was received on behalf of a client for whom I had prepared and filed a proof of claim against the Debtors, I relayed the Solicitation to the client in accordance with this policy. A redacted representative example of one of those e-mails is attached hereto as Exhibit A.

13.     I did not receive the July 2, 2012 Solicitations referenced by the Debtors in Paragraph 11 of the Response of Plan Administrator to Motion of Traxis Fund LP and Traxis Emerging Market Opportunities Fund LP to Compel Debtors to Reissue Distribution Checks for Allowed Claims, filed on January 9, 2013 (the "Debtors' Response"). [Docket No. 33722].

14.     At no point did I receive any Solicitation in respect of the Claims, nor was I contacted directly by Epiq or the Debtors regarding any offer to allow Traxis to receive its distribution payments by wire transfer. Had I or any Seward & Kissel attorney received a Solicitation in respect of the Claims, I would have promptly notified Traxis, as per Paragraph 12 above.

15.     From August of 2009 until my departure from Seward & Kissel, I maintained complete files and electronic records of all proofs of claim, supporting documentation, agreements, correspondence, notices and other materials in any way relating to the claims of clients for whom I was the primary attorney contact, including all materials received in respect of the Claims. Immediately prior to my departure, all hard copies of my files

4

and records were properly logged with the Records department, and all electronic copies and e-mail correspondence were saved for future access and review by the Bankruptcy and Reorganization department of Seward & Kissel.

Sworn to before me this
11th day of January, 2013

_____
Notary Public

/s/ _____
CAROLYN FREDERICK

# EXHIBIT A

| | |
|---|---|
| **From:** | Frederick, Carolyn |
| **Sent:** | Friday, February 10, 2012 12:50 PM |
| **To:** | |
| **Cc:** | Binder, Laurie |
| **Subject:** | Lehman - Solicitation of Request for Wire Transfer |
| **Attachments:** | @ |

The Lehman Debtors have sent                                                                the attached "Solicitation of Request for Wire Transfer" and related form which indicates that      has the option to elect to have distributions sent via wire transfer (instead of by check) for a fee of $20 per transfer to a U.S. Bank account or $35 per transfer to a non-U.S. bank account ("Wire Transfer Fee"). The Wire Transfer Fee will be deducted from each payment and each Lehman Debtor is expected to make its own distributions. To the extent that      would like to have any distributions on its claims sent via wire transfer, it should complete the attached form and send it to the following address as soon as possible.

If by hand delivery or overnight mail:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Inc.
10300 SW Allen Blvd.
Beaverton, OR 97005

If by first-class mail:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
P.O. Box 6389
Portland, OR 97228-6389

In the event that      does not elect to have distributions sent via wire transfer, any distributions from the Lehman Debtors will be sent via check. If      chooses to have distributions sent via wire transfer,      will be responsible for keeping the Lehman Debtors informed of any bank and/or account information changes. Please note that the receipt or return of these materials does not mean that the      proofs of claim are allowed or that      will be entitled to distributions under the Lehman Debtors' plan.

Should you have any questions, please feel free to call or email us.

Best regards,

Carolyn <<      - Solicitation of Request for Wire Transfer.pdf>>

**Attachments:**

  · Solicitation of Request for Wire Transfer.pdf                                    (139 KB)

12/5/2012

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
P.O. Box 6389
Portland, OR 97228-6389

Toll-Free: In US 866.879.0688  Outside US: 603.597.7691
WWW.LEHMAN-DOCKET.COM

**epiq**
SYSTEMS

February 2, 2012

C/O SEWARD & KISSEL LP
ATTN: LAURIE R. BINDER ESQ
ONE BATTERY PARK PLAZA
NEW YORK NY 10004

Re:  **Solicitation of Request for Wire Transfer**

Lehman Brothers Holdings Inc. and its affiliated chapter 11 debtors (the "**Debtors**") anticipate that their recently confirmed chapter 11 plan (the "**Plan**") will become effective and the initial distributions will be made during 2012. Epiq Bankruptcy Solutions, LLC has been engaged by the Debtors as disbursement agent for distributions under the Plan.

The Debtors are providing creditors who are expected to receive distributions over a certain amount with the option to have payments sent via wire transfer, for a fee, rather than by check. The **per wire** fee will be $20 for a transfer to a U.S. bank account or $35 for a transfer to a non-U.S. bank account (the "**Wire Transfer Fee**"). The Wire Transfer Fee will be deducted from the amount of the distribution you would otherwise receive.

Please note that each Debtor will make its own distribution, and if a creditor is entitled to receive payments from more than one Debtor, a Wire Transfer Fee will be deducted **from each payment**. Each Debtor will, however, to the extent practicable, make aggregate distributions on account of all of the claims held by a particular creditor. All payments under the Plan will be made from bank accounts in the United States, denominated in U.S. Dollars.

**In order to receive distributions to which you may be entitled by wire, you must complete the attached form and return it so that it is received at the address below prior to the distribution record date for a given distribution:**

| If by first-class mail: | If by Hand Delivery or Overnight mail: |
|---|---|
| Lehman Brothers Holdings Claims Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>P.O. Box 6389<br>Portland, OR 97228-6389 | Epiq Bankruptcy Solutions, LLC<br>Attn: Lehman Brothers Holdings Inc.<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

If a complete form with valid information is not received by a record date for a particular distribution, payments for that distribution may be sent via check.



K1161 v.0.06 2.2.2012



Please note that we will treat this request for wire transfer as a standing request for any future distributions that you may be entitled to receive under the Plan and that it is your responsibility to provide updated instructions should the bank information change or become invalid.

Please be advised that your receipt of this letter or return of a completed form does not mean that any of your claim(s) will be allowed in full, in part, or at all. The Debtors continue to analyze proofs of claim filed against the Debtors and may in the future file objections with the Bankruptcy Court seeking to reduce or disallow and expunge certain claims. If an objection to a claim is filed, the record holder of the claim will receive notice thereof and will be provided an opportunity to respond to the objection.

If you have any questions you may contact us via email at lehmancallcenter@epiqsystems.com, or by phone toll-free from the U.S. at 1-866-879-0688, or at 1-503-597-7691.

Sincerely,
Epiq Bankruptcy Solutions, LLC

K1162 v.0.08 2.2.2012

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
P.O. Box 6389
Portland, OR 97228-6389

**Payment Aggregation Number:**

C/O SEWARD & KISSEL LP
ATTN: LAURIE R. BINDER ESQ
ONE BATTERY PARK PLAZA
NEW YORK NY 10004

February 2, 2012

Please Type or Print in the Boxes Below; Do NOT use Red Ink, Pencil, or Staples

**PART I: CONTACT INFORMATION**

Contact Last Name                    MI    Contact First Name

Telephone Number (Day)

Telephone Number (Evening) or (Cell)

Email Address
(Username)  @  (Domain name)

01-LEHB
K1171 v.0.09 02.02.12

**Creditor Name:**
**Payment Aggregation Number:**
**Claim Number(s):**

Account Holder Name (if different than Creditor Name above):

Bank Name:

Country of Bank Account:

IBAN or Account Number:

BIC-Bank Identification Code:          ABA Code:          Sort Code:

B2B Information:

OBI Information:

<u>If you need to use an intermediary bank to transfer money, please complete the below:</u>

Intermediary Bank Name:

Country of Intermediary Bank Account:

Intermediary IBAN or Account Number:

Intermediary BIC-Bank Identification Code:          Intermediary ABA Code:          Intermediary Sort Code:

I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor. (If the signatory is not the above-referenced creditor, please provide a copy of the power of attorney, or a letter on company letterhead granting the authority to make the representation on behalf of the creditor, and provide your title below.) I hereby (1) request that distributions made to the above-referenced creditor be made by wire transfer to the above-referenced bank account, (2) confirm that this account is authorized to receive payment for this claim, and (3) acknowledge that a fee of $20 for transfers to a U.S. bank account or $35 for transfers to a non-U.S. bank account will be deducted from each wire.

Signature of Claimant

Print Name of Claimant

Date: MM - DD - YY