UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*<br><br>Debtors. | Chapter 11 Case No.<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**AFFIDAVIT OF ARLENE ALVES IN SUPPORT OF
THE REPLY OF TRAXIS FUND LP AND TRAXIS EMERGING
MARKET OPPORTUNITIES FUND LP TO RESPONSE OF PLAN
ADMINISTRATOR TO MOTION OF TRAXIS FUND LP AND TRAXIS
EMERGING MARKET OPPORTUNITIES FUND LP TO COMPEL
DEBTORS TO REISSUE DISTRIBUTION CHECKS FOR ALLOWED CLAIMS**

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF NEW YORK  )

ARLENE ALVES, being duly sworn, deposes and says:

1. I am an attorney admitted to practice before this Court and have been employed as an attorney at Seward & Kissel LLP, located at One Battery Park Plaza, New York, New York, 10004, in its Bankruptcy and Reorganization group since 1997.

2. I am over the age of eighteen years and am not a party to the above-captioned proceedings. I have personal knowledge of the facts stated in this Affidavit and am competent to testify to them.

3. I make this declaration in support of the Reply of Traxis Fund LP and Traxis Emerging Market Opportunities Fund LP to Response of Plan Administrator to Motion of Traxis Fund LP and Traxis Emerging Market Opportunities Fund LP to Compel Debtors to Reissue Distribution Checks for Allowed Claims (the "Reply").

4. Carolyn Frederick, acting under my direct supervision, prepared and arranged the filing of certain proofs of claim on behalf of Traxis Fund LP ("Traxis Fund") and Traxis Emerging Market Opportunities Fund LP ("TEMOF" and, together with Traxis Fund, "Traxis") against Lehman Brothers Special Financing Inc. ("LBSF") and Lehman Brothers Holdings Inc. ("LBHI" and, together with LBSF, the "Debtors"), including Claim Nos. 33284, 33285, 33286 and 33304, which were filed on or around September 18, 2009. Those claims were amended and superseded on or around April 6, 2010 by Claim Nos. 33284, 33285, 33286 and 33304 respectively (collectively, the "Claims"), which were also prepared and filed by Carolyn Frederick under my direct supervision. Each of the Claims is an allowed, general unsecured claim against the Debtors.

5. It is the practice of Seward & Kissel's Bankruptcy and Reorganization group that specific attorneys are named on each proof of claim prepared and filed on behalf of clients for the purposes of receiving notices with respect to such claims. When junior associates prepare and file proofs of claim, it is the policy of the group that the name of a more senior attorney is included on the claim. My name is included as the relevant attorney to whom notices should be sent on many proofs of claim that were prepared and filed by Carolyn Frederick on behalf of clients against the Debtors. Carolyn Frederick acted as the primary Seward & Kissel attorney contact for clients with respect to those clients' Lehman-related claims, including, specifically, the Claims.

6. It was standard procedure that, when I received any notice, correspondence or filing in respect of a claim that Carolyn Frederick had prepared and filed, I would promptly relay such materials to Carolyn Frederick, either by hand-delivering such written communication to her directly or by immediately sending it to her via interoffice mail. I

2

would also electronically forward any e-mails or voicemail messages that I received in respect of any claim that Carolyn Frederick had previously filed.

7.   From August of 2009 until August 3, 2012, this procedure was adhered to at all times with respect to the Claims. I promptly directed all correspondence from the Debtors, Epiq or their agents that related to Traxis and/or the Claims to Carolyn Frederick's attention. I did not discard any mail received by Seward & Kissel in respect of the Claims.

8.   Upon receipt of such mail, including any mail relating to the Claims, it was standard procedure that Carolyn Frederick would promptly review the correspondence and any related documentation, note any relevant dates or required actions, respond to the sender if necessary, and communicate with the client and any other involved parties regarding any action that needed to be taken or any potential impact on the client's claims. I am unaware of any instance in which Carolyn Frederick did not adhere to this policy.

9.   I am not aware of any instance in which mail that was addressed to me or another attorney in the Bankruptcy and Reorganization group was not received, other than the Solicitations (as defined below) purportedly mailed by Epiq to Seward & Kissel in respect of the Claims, in connection with the above-captioned cases.

10.   In February of 2012, Seward & Kissel received several letters from Epiq in respect of certain client claims against the Debtors entitled "Solicitation of Request for Wire Transfer" (each a "Solicitation" and together, the "Solicitations"), whereby the Debtors extended an offer to certain clients with allowed claims to allow them to receive their distributions via wire transfer. I received a number of Solicitations with respect to claims on which my name was listed as a contact person for the purposes of delivering notices.

11. In accordance with the practice described in Paragraph 8 above, I delivered or arranged for the Solicitations to be delivered to Carolyn Frederick. She then directed each Solicitation that I received in respect of a client's claim against the Debtors promptly to the relevant client via e-mail, along with an explanation of the Solicitation and an invitation to contact us if they had any questions.

12. I did not receive the July 2, 2012 Solicitations referenced by the Debtors in Paragraph 11 of the Response of Plan Administrator to Motion of Traxis Fund LP and Traxis Emerging Market Opportunities Fund LP to Compel Debtors to Reissue Distribution Checks for Allowed Claims, filed on January 9, 2013 (the "Debtors' Response"). [Docket No. 33722].

13. At no point did I receive any Solicitation in respect of the Claims, nor was I contacted directly by Epiq or the Debtors regarding any offer to allow Traxis to receive its distribution payments by wire transfer. Had I or any Seward & Kissel attorney received a Solicitation in respect of the Claims, such Solicitation would have immediately been sent to Carolyn Frederick, who would have promptly notified Traxis, as described in Paragraph 11 above.

14. Following the filing of the Motion of Traxis Fund LP and Traxis Emerging Market Opportunities Fund LP to Compel Debtors to Reissue Distribution Checks for Allowed Claims (the "Motion") [Docket No. 32163], the Debtors contacted Seward & Kissel and asserted that Epiq had attempted to mail Solicitations in respect of the Claims to Seward & Kissel. The Seward & Kissel Bankruptcy and Reorganization group undertook a search of all physical and electronic files relating to the Debtors' chapter 11 bankruptcy cases, including those that Carolyn Frederick logged immediately prior to her departure. There is no indication that

4

Seward & Kissel, during July of 2012 or at any other time, received any Solicitations in respect of Traxis or the Claims.

Sworn to before me this
11th day of January, 2013

*Lindsay Jernigan*
Notary Public

LINDSAY MARIE JERNIGAN
Notary Public, State of New York
No. 02JE6251987
Qualified in New York County
Commission Expires November 28, 2015

/s/ _____
ARLENE ALVES