# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | ) Case No. 08-13555 (JMP) |
| Debtors. | ) (Jointly Administered) |

## NOTICE OF PARTIAL TRANSFER OF CLAIM
## PURSUANT TO RULE 3001(e)(2)

A CLAIM HAS BEEN FILED IN THIS CASE (Lehman Brothers Holdings Inc., Debtor, Case No. 08-13555) or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Baupost Group Securities, L.L.C. | J.P. Morgan Securities LLC |
| Name of Transferee | Name of Transferor |
| Please see schedule to the attached agreement | 50717 |
| Proof of Claim Amount | Proof of Claim Number |

You are hereby requested to make all future payments and distributions, and give all notices and other communications, in respect of the Claim to the Transferee at the address below.

TRANSFEREE: Baupost Group Securities, L.L.C.
Address: c/o Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Attn: Philip Wells

I declare under penalty of perjury that the information provided in this evidence and notice is true and correct to the best of my knowledge and belief.

By:

By: _____          Date: 1/14/13

Name: Adam J. Dobson
Title: Counsel for Transferee

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **J.P. MORGAN SECURITIES LLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **BAUPOST GROUP SECURITIES, L.L.C.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Numbers listed on Schedule 1 (each, a "Proof of Claim," and collectively, as the "Proof of Claim") filed by or on behalf of the Original Claimants, listed on Schedule 1 ("Original Claimants") in interest against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), and (d), the "Transferred Claims"). Notwithstanding anything to the contrary set forth herein and for the avoidance of doubt, and without prejudicing or limiting any right of Purchaser (or Purchaser's successors and assigns) to assert any cause of action, including without limitation any cause of action for breach of representation, against Seller or any third party (including any prior seller), all of which right shall remain retained by Purchaser or its successors and assigns, as applicable, Purchaser acknowledges and agrees that Seller's predecessor has expressly reserved all rights to assert and to enforce rights and remedies against all prior sellers arising under common law or based on any and all representations, warranties, covenants and agreements previously made to Seller's predecessor or for Seller's predecessor's benefit in connection with Seller's predecessor's acquisition of the Transferred Claims for any losses which may result from Seller (and/or its successors and assigns) seeking to assert and/or to enforce against Seller's predecessor any representation, warranty, covenant or agreement made by Seller's predecessor in connection with Seller's acquisition of any of the Transferred Claims, it being understood and agreed that Seller's predecessor may only assert said rights in response to, and only to the extent of, Seller's (and/or its successor's and assign's) assertion of their rights against Seller's predecessor, and may do so by impleading such third party (including any prior seller) in any action or proceeding brought against Seller's predecessor, or through a plenary action initiated by Seller's predecessor against said third party (including any prior seller).

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller and prior sellers have not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) On April 17, 2012 Seller's predecessor received the first distribution relating to the Transferred Claims totaling the amount of $1,054,843.36 (the "First Distribution," as calculated on Schedule 2), and on October 1, 2012 the second distribution relating to the Transferred Claims in the amount of $711,829.13 (the "Second Distribution," as calculated on Schedule 2) and that other than the First Distribution and Second Distribution, no prior seller has received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims; (h) Seller has not received any payments whether directly or indirectly in respect of the Transferred Claims; and (i) the Notices of Proposed Allowed Claim Amount for the Proof of Claim ("Notice") all dated August 24, 2011 (except for the Notice relating to Proof of Claim No. 59233 which was dated March 26, 2012) that were provided to Purchaser are true and correct, and the Seller and prior sellers did not file a written response to the Notices per the terms of the Notices.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim no later than the third business day after execution of this Agreement. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Following the date of this Agreement, Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this **4** day of **JANUARY 2013**

**J.P. MORGAN SECURITIES LLC**

By: _[signature]_
Name: Alexander Wilk
Title: Authorized Signatory

Address:
J.P. Morgan Securities LLC
Mail Code: NY1-M138
383 Madison Avenue, Floor 37
New York, New York 10179
ATTN: Jeffrey L. Panzo

**BAUPOST GROUP SECURITIES, L.L.C.**

By: _[signature]_
Name: **James F. Mooney III**
Title: **Partner**

Address:
Baupost Group Securities, L.L.C.
10 St. James Avenue, Suite 1700
Boston, MA 02116

With copy (which shall not constitute notice) to:

Ropes & Gray LLP
Attention: Philip A. Wells
1211 Avenue of the Americas
New York, NY 10036

3

Schedule 1

Transferred Claims

Purchased Claim

1. 100% of proof of claim 59233 with respect to ISIN XS0354064841 which totals an allowed amount of $9,611,520.37, plus all accrued interest, fees and other recoveries due.
2. 100% of proof of claim 50717 with respect to ISIN XS0225190775 which totals an allowed amount of $10,145,838.09, plus all accrued interest, fees and other recoveries due.
3. 100% of proof of claim 42943 with respect to ISIN XS0359722773 which totals an allowed amount of $9,468,922.00, plus all accrued interest, fees and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/ Notional Amount | Proof of Claim | Original Claimants | Maturity | Allowed Amount of Proof of Claim | Docket Numbers Evidencing Prior Transfers of Transfer of Claims |
|---|---|---|---|---|---|---|---|---|---|
| 2 Year US Basket (GE.N+JNJ.N+WFC.N) Daily Accrual Callable Equity Linked Note | XS0354064841 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $10,000,000 | 59233 | UBS AG | March 27, 2010 | $9,611,520.37 | 33587, 33588 |
| LEHMAN BROTHERS TREASURY CO. B.V. Issue of U.S.$10,000,000 Principal Protected Constant Maturity Credit Linked Coupon Notes due 20 September 2010 Guaranteed by Lehman Brothers Holdings Inc. under the U.S. $25,000,000,000 Euro Medium Term Note Program | XS0225190775 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $10,000,000 | 50717 | Banco De Oro Unibank, Inc. | September 20, 2010 | $10,145,838.09 | 33587, 33588 |
| LEHMAN BROTHERS TREASURY CO. B.V. (incorporated with limited liability in The Netherlands and having its statutory domicile in Amsterdam) Issue of USD 10,000,000 Equity Linked Notes due April 28, 2010 unconditionally and irrevocably guaranteed by LEHMAN BROTHERS HOLDINGS INC. under the U.S.$100,000,000,000 Euro Medium-Term Note Program | XS0359722773 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $10,000,000 | 42943 | Alpha-Omega Corporation | April 28, 2010 | $9,468,922.00 | 33587, 33588 |

Schedule 2

| Bond | Distribution Amount |
|---|---|
| XS0354064841 | $346,901.77 |
| XS0225190775 | $366,186.52 |
| XS0359722773 | $341,755.07 |
| **First Distribution** | **$1,054,843.36** |

| Bond | Distribution Amount |
|---|---|
| XS0354064841 | $234,096.17 |
| XS0225190775 | $247,109.90 |
| XS0359722773 | $230,623.06 |
| **Second Distribution** | **$711,829.13** |