WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                         :

In re                                     :          Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :          08-13555 (JMP)
                                         :
                       Debtors.       :          (Jointly Administered)
                                         :
                                         :
------------------------------------------------------------------x

**DECLARATION OF JACQUELINE MARCUS IN SUPPORT OF REQUEST
FOR BRIDGE ORDER EXTENDING STAY OF AVOIDANCE ACTIONS AND
GRANTING CERTAIN RELATED RELIEF PURSUANT TO SECTION 105(a)
<u>OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1)</u>**

        JACQUELINE MARCUS, being duly sworn, hereby declares pursuant to section 1746 of title 28 of the United States Code:

        1.     I am an attorney admitted to practice before this Court and a member of Weil, Gotshal & Manges LLP, attorneys for Lehman Brothers Holdings Inc. ("<u>LBHI</u>" and the "<u>Plan Administrator</u>"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases (the "<u>Chapter 11 Estates</u>").

2.     I am submitting this declaration in support of the Plan Administrator's request for entry of a bridge order, a copy of which is attached hereto as Exhibit A (the "Bridge Order"), extending the Stay and the Service Deadline until such time as the Court considers and enters an order deciding the *Joint Motion of Lehman Brothers Holdings Inc. and Litigation Subcommittee of Creditors' Committee, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), to Extend Stay of Avoidance Actions and Grant Certain Related Relief*, dated December 21, 2012 [ECF No. 33322] (the "Motion").[1]

3.     In accordance with the *Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures*, dated June 17, 2010 [ECF No. 9635] (the "Second Amended Case Management Order"), January 9, 2013 at 4:00 p.m. (Eastern Time) was established as the deadline for parties to object or file responses to the Motion (the "Objection Deadline").  The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motion has been filed with the Court on the docket of the above-referenced chapter 11 cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motion been served on the Plan Administrator's attorneys.

4.     On Friday, January 11, 2013, it was brought to my attention that certain defendants in the adversary proceeding captioned *Lehman Brothers Special Financing Inc. v. Bank of America National Association, et al.*, Adv. Proc. No. 10-03547

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

(JMP) ("Adversary Proceeding 3547") were not served with the Motion.  Immediately upon learning this information, one of my colleagues contacted the Plan Administrator's Court-ordered claims and noticing agent (the "Noticing Agent").  The Noticing Agent informed us that, due to an administrative error on its part, most of the defendants in Adversary Proceeding 3547 were not served with the Motion.[2]

5. On the same day, the Plan Administrator requested the Noticing Agent to effect overnight service of the Motion on all defendants in Adversary Proceeding 3547.  The Noticing Agent has informed the Plan Administrator that it has done so.

6. Nevertheless, in order to ensure that all parties in interest have ample notice of the Motion in a manner consistent with the Second Amended Case Management Order, which provides that the deadline to file objections or responses to pleadings shall be (i) 4:00 p.m. (Eastern Time) on the date that is seven (7) calendar days before the applicable hearing date or (ii) any date and time otherwise ordered by the Court, the Plan Administrator and the litigation subcommittee of the Official Committee of Unsecured Creditors appointed in these cases (the "Committee") believe that it would be appropriate to adjourn the hearing on the Motion.

7. The Plan Administrator and the Committee, therefore, intend to adjourn the hearing on the Motion that was scheduled for January 16, 2013 at 10:00 a.m. (Eastern Time) to **January 30, 2013 at 10:00 a.m. (Eastern Time)** (the "Adjourned Hearing Date").  The Plan Administrator and the Committee also intend to file a notice of

---

[2] Certain of the defendants in Adversary Proceeding 3547 were served with the Motion because they are also defendants in other Avoidance Actions.

adjournment indicating that, solely with respect to defendants to Adversary Proceeding 3547, objections and responses, if any, to the Motion must be filed and served so as to be received no later than **January 23, 2013 at 4:00 p.m. (Eastern Time)** (the "Adjourned Objection Deadline").

8. The Adjourned Hearing Date is after the dates that the Stay and the Service Deadline currently are scheduled to expire. Accordingly, the Plan Administrator and the Committee request that the Court extend the Stay and the Service Deadline until such time as the Court considers and enters an order deciding the Motion. As set forth in the Motion, the Chapter 11 Estates and the Committee will suffer significant harm if the Stay expires on January 20, 2013 and the Service Deadline expires on January 18, 2013 without an interim extension of each deadline. The Adjourned Hearing Date and the Adjourned Objection Deadline will result in no prejudice to the defendants to Adversary Proceeding 3547 or the defendants to any of the Avoidance Actions.

9. Because the Stay and the Service Deadline should not expire by default prior to the opportunity for a hearing on the Motion, the Plan Administrator and the Committee request that the Court extend the Stay and the Service Deadline until such time as the Court considers and enters an order deciding the Motion.

10. The Plan Administrator and the Committee, therefore, request that the Court enter the Bridge Order and extend the Stay and the Service Deadline until such time as the Court considers and enters an order deciding the Motion.

11. No previous application for similar relief has been made to this

Court, other than the relief sought in the Motion and the relief sought in the prior motions seeking entry of the Stay Orders.

Dated:   January 15, 2013
         New York, New York

                                                                /s/ Jacqueline Marcus
                                                                Jacqueline Marcus

## Exhibit A

**Proposed Bridge Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                                                      :         Chapter 11 Case No.
                                                                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,         :         08-13555 (JMP)
                                                                                              :
                                    Debtors.                                    :         (Jointly Administered)
                                                                                              :
------------------------------------------------------------------x

**BRIDGE ORDER EXTENDING STAY OF AVOIDANCE ACTIONS AND**
**GRANTING CERTAIN RELATED RELIEF PURSUANT TO SECTION 105(a)**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1)**

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), and the litigation subcommittee of the Official Committee of Unsecured Creditors appointed in these cases (the "Committee"), having made a motion, dated December 21, 2012 [ECF No. 33322] (the "Motion"),[1] pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4(m) of the Federal Rules of Civil Procedure, as incorporated and made applicable hereto by Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure, to extend the stay for each of the adversary proceedings identified on Exhibit A hereto and any other avoidance actions that may be commenced by the Plan Administrator or the Committee under sections 544, 545, 547, 548, 549, 550 and/or 553 of the Bankruptcy Code (collectively, the "Avoidance Actions") and to grant certain related relief, as more fully described in the Motion; and the hearing to consider the Motion that was scheduled for January 16, 2013 having been rescheduled to January 30,

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2013, which is after the dates that the Stay and the Service Deadline currently are scheduled to expire; and upon the declaration of Jacqueline Marcus, dated January 15, 2013; and the Court having determined that it is appropriate to extend the Stay and the Service Deadline until such time as the Court considers and enters an order deciding the Motion, it is hereby

ORDERED that the Stay imposed by the Stay Orders that was due to expire on January 20, 2013 is hereby extended until such time as the Court has entered an order determining the Motion; and it is further

ORDERED that the deadline to complete service of the Second Amended Complaint on each defendant in the Distributed Action is hereby extended until such time as the Court has entered an order determining the Motion; and it is further

ORDERED that the date "March 5, 2013" set forth in the *Order Extending Stay of Avoidance Actions Pursuant to Section 105(a) of the Bankruptcy Code*, dated July 18, 2012 [ECF No. 29506], shall be deemed to be the date that is 45 days after such time as the Court has entered an order determining the Motion; and it is further

ORDERED that, except as set forth herein, all other terms and provisions of the Stay Orders shall remain unaltered and in full force and effect until such time as the Court has entered an order determining the Motion.

Dated: January __, 2013
      New York, New York

                                                                 _____
                                                                 UNITED STATES BANKRUPTCY JUDGE