**Exhibit B**

HEARING DATE AND TIME: April 28, 2011 at 10:00 AM (Eastern Time)
RESPONSE DEADLINE: April 13, 2011 at 4:00 PM (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF DEBTORS' ONE HUNDRED ELEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :    08-13555 (JMP)
                                                   :
                    Debtors.                       :    (Jointly Administered)
------------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' ONE HUNDRED ELEVENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

**PLEASE TAKE NOTICE** that on March 14, 2011, Lehman Brothers Holdings

Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in

possession (collectively, the "Debtors"), filed their one hundred eleventh omnibus objection to

claims (the "Debtors' One Hundred Eleventh Omnibus Objection to Claims"), and that a hearing

(the "Hearing") to consider the Debtors' One Hundred Eleventh Omnibus Objection to Claims

will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **April 28, 2011 at 10:00 AM (prevailing Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One Hundred Eleventh Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Y. Waisman, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **April 13, 2011 at 4:00 PM (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' One Hundred Eleventh Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred Eleventh Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: March 14, 2011
       New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

HEARING DATE AND TIME: April 28, 2011 at 10:00 AM (Eastern Time)
RESPONSE DEADLINE: April 13, 2011 at 4:00 PM (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**DEBTORS' ONE HUNDRED ELEVENTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS ONE HUNDRED ELEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

---

1

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

### Relief Requested

1. The Debtors file this omnibus objection to claims (the "One Hundred Eleventh Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to disallow and expunge certain claims for which the Debtors have no liability.

2. The proofs of claim listed on Exhibit A annexed hereto (collectively, the "No Liability Claims") were filed against the Debtors based upon alleged wrongdoing by entities which are not Debtors in these chapter 11 cases and for which the Debtors are not liable. Many of the No Liability Claims are based on alleged liability of Lehman Brothers Inc. ("LBI"). LBI is an affiliate of the Debtors but is not a Debtor in these chapter 11 cases. The Debtors have no liability for the asserted obligations of LBI or any No Liability Claim.

### Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

4. Commencing on September 15, 2008 and periodically thereafter, (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

2

this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

6. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to LBI. A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

7. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner filed its report with the Court on March 11, 2010 pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to up to 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The No Liability Claims Should Be Disallowed and Expunged**

9. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). A proof

3

of claim is "deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

10. In their review of the claims filed on the claims register in these chapter 11 cases, the Debtors have identified the No Liability Claims as claims based upon the alleged wrongdoing of non-Debtor parties and for which the Debtors are not liable. Many of the No Liability Claims assert a claim against the Debtors related to pending litigations in which the Debtors are not defendants. As such, no liability of the Debtors could possibly arise from such proceedings. In particular, some of the No Liability Claims are based on pending litigation or other legal proceedings with LBI. LBI is a separate legal entity and not a Debtor in these chapter 11 cases. The Debtors are not liable for any potential liability LBI may have as a result of such legal proceedings. Pending litigation against LBI does not result in a claim against the Debtors. The other No Liability Claims are based on causes of action for which only non-Debtor entities are liable.

11. The liabilities asserted in the No Liability Claims are not claims against LBHI or any other Debtor in these chapter 11 cases. Unless the No Liability Claims are disallowed and expunged, parties who do not hold valid claims against the Debtors' estates may nonetheless recover from the Debtors. The Debtors respectfully request the Court enter an order disallowing and expunging the No Liability Claims in their entirety.

4

**Reservation of Rights**

12. The Debtors reserve all rights to object on any basis to any No Liability Claim as to which the relief requested herein is not granted.

**Notice**

13. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this objection, in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures [Docket No. 9635], on: (i) each claimant listed on Exhibit A; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

14. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: March 14, 2011
      New York, New York

      /s/ Shai Y. Waisman
      Shai Y. Waisman

      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      Attorneys for Debtors
      and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 111: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | 4KIDS ENTERTAINMENT, INC.<br>MICHAEL S. KIM<br>KOBRE & KIM LLP<br>800 THIRD AVENUE<br>NEW YORK, NY 10022 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30599 | $132,320,785.05* | No Liability |
| 2 | ATHEROS COMMUNICATIONS, INC.<br>C/O MICHAEL S. KIM<br>KOBRE & KIM LLP<br>800 THIRD AVENUE<br>NEW YORK, NY 10022 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30595 | $137,356,780.67* | No Liability |
| 3 | BANCO INTERIOR DE S.A., THROUGH ALCICDES ROBERTO DE OLIVEIRA CHAVES,<br>AS LIQUIDATOR OF BANCO INTERIOR DE SAO PAOLO, S.A<br>RUA MAJOR EMIDIO DE CASTRO STREET,<br>NUMBER 74<br>SAO JOSE DO RIO PRETO, SP 15014-420<br>BRAZIL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21949 | $14,000,000.00* | No Liability |
| 4 | BANK OF AMERICA SECURITIES LLC<br>C/O FREDRIC SOSNICK & NED S. SCHODEK<br>SHEARMAN & STERLING LLP<br>599 LEXINGTON AVENUE<br>NEW YORK, NY 10022 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 20126 | $1,100,000.00* | No Liability |
| 5 | CERADYNE, INC.<br>C/O SILVERMANACAMPORA LLP<br>100 JERICHO QUADRANGLE LLP<br>ATTN: JAY S. HELLMAN<br>JERICHO, NY 11753 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/15/2009 | 5358 | $100,000,000.00 | No Liability |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 111: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 6 | CLAIMANTS IN THE IN RE VIRGIN MOBILE USA IPO LITIG<br>C/O KAHN SWICK & FOTI LLC<br>12 EAST 41 ST 12TH FLOOR<br>NEW YORK, NY 10017 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/10/2009 | 11336 | Undetermined | No Liability |
| 7 | CORNELL COMPANIES INC.<br>THOMAS R. AJAMIE<br>AJAMIE LLP<br>711 LOUISIANA, SUITE 2150<br>HOUSTON, TX 77002 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 04/28/2009 | 3995 | $3,650,000.00* | No Liability |
| 8 | DEUTSCHE BANK SECURITIES, INC.<br>C/O DEUTSCHE BANK AG, NY BRANCH<br>ATTN: STEVEN M. HABER<br>60 WALL STREET, NYC60-3615<br>NEW YORK, NY 10005 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23528 | Undetermined | No Liability |
| 9 | ESSEX EQUITY HOLDINGS USA, LLC<br>ATTN: MICHAEL S. KIM<br>KOBRE & KIM LLP<br>800 THIRD AVENUE<br>NEW YORK, NY 10022 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30596 | $1,198,776,791.90* | No Liability |
| 10 | JAS HOLDING CORPORATION<br>275 MADISON AVE. 36TH FLOOR<br>NEW YORK, NY 10016 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27386 | $1,300,000.00* | No Liability |
| 11 | MOORE, CHARLES E.<br>SCOTT R. LOVERNICK, ESQ.<br>SCHWARTZ & CERA, LLP<br>44 MONTGOMERY STREET, SUITE 3850<br>SAN FRANCISCO, CA 94104 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 02/20/2009 | 3001 | $300,000.00 | No Liability |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 111: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 12 | NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, ET. AL. C/O MICHAEL S. ETKIN AND S. JASON TEELE LOWENSTEIN SANDLER PC 65 LIVIGSTON AVENUE ROSELAND, NJ 07068 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22020 | Undetermined | No Liability |
| 13 | RIVERSIDE HOLDINGS LLP 192 LEXINGTON AVENUE NEW YORK, NY 10016 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 27384 | $6,945,592.00* | No Liability |
| 14 | SARDIS, JEFFREY 130 SAGAMORE DRIVE PLAINVIEW, NY 11803 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 27409 | $1,200,000.00* | No Liability |
| 15 | SARDIS, JEFFREY & LAUREN SARDIS 130 SAGAMORE DRIVE PLAINVIEW, NY 11803 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 26347 | $1,200,000.00* | No Liability |
| 16 | SEALED AIR CORPORATION ATTN: IRA LAKRITZ, LAW DEPARTMENT 200 RIVERFRONT BLVD. ELMWOOD PARK, NJ 07407-1033 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 08/25/2009 | 9313 | $24,700,000.00 | No Liability |
| 17 | STATE OF NEW YORK, THE, THOMAS P. DINAPOLI, COMPTROLLER C/O MICHAEL S. ETKIN AND S. JASON TEELE LOWENSTEIN SANDLER PC 65 LIVIGSTON AVENUE ROSELAND, NJ 07068 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22019 | Undetermined | No Liability |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 111: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 18 | US AIRWAYS, INC.<br>C/O STEPTOE & JOHNSON LLP<br>ATTN: STEVEN DAVIDSON ESQ & EMILY NESTLER ESQ<br>1330 CONNECTICUT AVENUE, NW<br>WASHINGTON, DC 20036 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30598 | $564,661,009.45* | No Liability |
| 19 | WEISS, ROGER J AND SUZANNE, AS CO-EXECUTORS OF THE ESTATE OF STEPHEN H WEISS<br>ROGER J WEISS<br>181 HIGHLAND RD<br>RYE, NY 10580 | | Lehman No Case Asserted/All Cases Asserted | 10/01/2009 | 35916 | $400,000.00* | No Liability |
| 20 | WESTERN DIGITAL CORP.<br>C/O SILVERMANACAMPORA LLP<br>100 JERICHO QUADRANGLE, SUITE 300<br>ATTN: JAY S HELLMAN<br>JERICHO, NY 11753 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/15/2009 | 5357 | $91,000,000.00 | No Liability |
| | | | | | TOTAL | $2,278,910,959.07 | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                            :    **Chapter 11 Case No.**
                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     :    **08-13555 (JMP)**
                                                 :
                            Debtors.             :    **(Jointly Administered)**
---------------------------------------------------------------x

**ORDER GRANTING DEBTORS' ONE HUNDRED**
**ELEVENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

Upon the one hundred eleventh omnibus objection to claims, dated March 14, 2011 (the "Debtors' One Hundred Eleventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the No Liability Claims on the basis that the Debtors have no liability for such claims, all as more fully described in the Debtors' One Hundred Eleventh Omnibus Objection to Claims; and due and proper notice of the Debtors' One Hundred Eleventh Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Debtors' One Hundred Eleventh Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Debtors' One Hundred

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Debtors' One Hundred Eleventh Omnibus Objection to Claims.

Eleventh Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Debtors' One Hundred Eleventh Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized and directed to reflect the No Liability Claims as disallowed and expunged pursuant to this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
       New York, New York

2