**Exhibit D**

US_ACTIVE:\44169928\5\58399.0011



Financial Industry Regulatory Authority

**VIA FACSIMILE AND MAIL**

October 17, 2012

Theodore A. Krebsbach, Esq.
Murphy & McGonigle, PC
One Exchange Plaza
55 Broadway, Suite 1600
New York, NY 10006

Subject:   FINRA Dispute Resolution Arbitration Number 08-00156
Essex Equity Holdings USA, LLC (f/k/a Maher Terminals Holdings Cor.) et al. v. Lehman Brothers, Inc., et al.

Dear Mr. Krebsbach:

Enclosed please find the decision reached by the arbitrator(s) in the above-referenced matter.

### Responsibility to Pay Monetary Award

FINRA rules provide that all monetary awards shall be paid within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. An award shall bear interest from the date of the award:

- If not paid within 30 days of receipt;
- If the award is the subject of a motion to vacate which is denied; or
- As specified by the panel in the award.

Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s).

### Expedited Suspension Proceedings for Non-Payment of Awards

Article VI, Section 3 of the FINRA By-Laws and FINRA Rule 9554 permit FINRA to suspend or cancel the registration of any firm or associated person that fails to comply with a FINRA arbitration award.

Firms are required to notify FINRA in writing within 30 days of receipt of an award that they or their associated persons have paid or otherwise complied with the award, or to identify a valid basis for non-payment. We also request that prevailing claimants notify us in writing when their awards have not been paid within 30 days of receipt of the award.

Investor protection. Market integrity.   Dispute Resolution   One Liberty Plaza   t 212 858 4200
Northeast Regional Office   165 Broadway   f 301 527 4873
27th Floor   www.finra.org
New York, NY
10006-1404

Written notification concerning award compliance or lack thereof should be directed to:

David Carey
FINRA Dispute Resolution
One Liberty Plaza, 165 Broadway, 52nd Floor
New York, NY 10006
212-858-4333 (tel) | 301-527-4706 (fax) | david.carey@finra.org (email)

### Right to File Motion to Vacate Award

FINRA rules provide that, unless the applicable law directs otherwise, all awards rendered are final and are not subject to review or appeal. Accordingly, FINRA has no authority to vacate this award. Any party wishing to challenge the award must make a motion to vacate the award in a federal or state court of appropriate jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, or applicable state statute. There are limited grounds for vacating an arbitration award, and a party must bring a motion to vacate within the time period specified by the applicable statute. If you are not represented by counsel and wish to challenge the award, we urge you to seek legal advice regarding any rights or remedies available to you.

### Forum Fees

You will receive under separate cover an invoice that reflects the fees assessed and any outstanding balance or refund due. Fees are due and payable to FINRA Dispute Resolution upon receipt of the invoice and should be sent to the address specified on the invoice. Any applicable refunds will also be sent under separate cover approximately 45 days after the case closes. All questions regarding payment of fees and refunds should be directed to FINRA Finance at (240) 386-5910.

### Arbitrator Evaluation

FINRA encourages parties to complete Arbitrator Evaluation Forms at the conclusion of every case. We will utilize your comments in our ongoing efforts to evaluate and improve the services our forum provides. You can complete the Arbitrator Evaluation Form on our website at www.finra.org/arbevaluation.

### Party Submissions to Arbitrators After a Case Closes

FINRA rules provide that parties may not submit documents to arbitrators in cases that have been closed except under the following limited circumstances: 1) as ordered by a court; 2) at the request of any party within 10 days of service of an award, for typographical or computational errors, or mistakes in the description of any person or property referred to in the award; or 3) if all parties agree and submit documents within 10 days of service of an award. Any documents, if submitted, must be sent through FINRA.

Questions Concerning Award

Should you have any questions, please contact me at the phone number or email address provided below. Parties should not directly contact arbitrators under any circumstances.

Very truly yours,

Bola Aguda
Case Administrator
Phone:  212-858-4200
Fax:    301-527-4904
NEProcessingCenter@finra.org


BA:ds3:LC09A
idr: 08/29/2012


RECIPIENTS:
   S. Gale Dick, Esq., Basil Maher
   Cohen & Gresser LLP, 800 Third Avenue, New York, NY 10022

   S. Gale Dick, Esq., M. Brian Maher
   Cohen & Gresser LLP, 800 Third Avenue, New York, NY 10022

   S. Gale Dick, Esq., Essex Equity Holdings USA, LLC
   Cohen & Gresser LLP, 800 Third Avenue, New York, NY 10022

   Theodore A. Krebsbach, Esq., Sanford A. Haber
   Murphy & McGonigle, PC, One Exchange Plaza, 55 Broadway, Suite 1600, New York, NY 10006

   Theodore A. Krebsbach, Esq., William C. Gourd
   Murphy & McGonigle, PC, One Exchange Plaza, 55 Broadway, Suite 1600, New York, NY 10006

   Theodore A. Krebsbach, Esq., Jeffrey L. Chernick
   Murphy & McGonigle, PC, One Exchange Plaza, 55 Broadway, Suite 1600, New York, NY 10006

   Theodore A. Krebsbach, Esq., Mark J. Stevenson
   Murphy & McGonigle, PC, One Exchange Plaza, 55 Broadway, Suite 1600, New York, NY 10006

   Theodore A. Krebsbach, Esq., Neil Greenspan
   Murphy & McGonigle, PC, One Exchange Plaza, 55 Broadway, Suite 1600, New York, NY 10006

Theodore A. Krebsbach, Esq., Peter C. Gambee
Murphy & McGonigle, PC, One Exchange Plaza, 55 Broadway, Suite 1600, New York, NY 10006

Andrew J. Melnick, Esq., John D. Liu
Schindler Cohen & Hochman LLP, 100 Wall Street,, 15th Floor, New York, NY 10005

Emmet P. Ong, Esq., Greenhill & Co., LLC
Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017

# Award
## FINRA Dispute Resolution

In the Matter of the Arbitration Between:

Claimants
Essex Equity Holdings USA, LLC
M. Brian Maher
Basil Maher

Case Number: 08-00156

vs.

Respondents
Lehman Brothers Inc.
Jeffrey L. Chernick
Peter C. Gambee
William C. Gourd
Neil Greenspan
Sanford A. Haber
Mark J. Stevenson

Hearing Site: New York, New York

vs.

Third Party Respondents
Greenhill & Co., LLC
John D. Liu

---

Nature of the Dispute: Initial claim: Customers vs. Member and Associated Persons. Third Party claim: Associated Persons vs. Member and Associated Person.

## REPRESENTATION OF PARTIES

For Claimants Essex Equity Holdings USA, LLC ("Essex"), M. Brian Maher ("M. Maher"), and Basil Maher (B. Maher"): Mark S. Cohen, Esq., Cohen & Gresser LLP, New York, New York.

For Respondents Lehman Brothers Inc. ("Lehman"), Jeffrey L. Chernick ("Chernick"), Peter C. Gambee ("Gambee"), William C. Gourd ("Gourd"), Neil Greenspan ("Greenspan"), Sanford A. Haber ("Haber"), and Mark J. Stevenson ("Stevenson"): Theodore A. Krebsbach, Esq., Murphy & McGonigle, PC, New York, New York.

Chernick, Gambee, Gourd, Greenspan, Haber, and Stevenson are hereinafter collectively referred to as the "Individual Respondents".

For Third Party Respondent Greenhill & Co., LLC ("Greenhill"): Emmet P. Ong, Esq., Davis Polk & Wardwell LLP, New York, New York.

For Third Respondent John D. Liu ("Liu"): Andrew J. Melnick, Esq., Schindler Cohen & Hochman LLP, New York, New York.

## CASE INFORMATION

Statement of Claim filed on or about: January 18, 2008.
Amended Statement of Claim filed on or about: March 28, 2008.
Second Amended Statement of Claim filed on or about: May 2, 2008.
Essex signed the Uniform Submission Agreement: January 16, 2008.
M. Maher signed the Uniform Submission Agreement: January 8, 2008.
B. Maher signed the Uniform Submission Agreement: January 16, 2008.

Joint Statement of Answer filed by Respondents on or about: June 9, 2008.
Amended Statement of Answer filed by the Individual Respondents on or about: February 12, 2010.
Amended Statement of Answer and Third Party Claim filed by the Individual Respondents on or about: September 22, 2010.
Lehman signed the Submission Agreement: March 17, 2008.
Chernick signed the Submission Agreement: February 13, 2008.
Gambee signed the Submission Agreement: February 8, 2008.
Gourd signed the Submission Agreement: February 8, 2008..
Greenspan signed the Submission Agreement: February 13, 2008.
Haber signed the Submission Agreement: February 13, 2008.
Stevenson signed the Submission Agreement: February 14, 2008.

Statement of Answer to the Third Party Claim filed by Greenhill on or about: December 22, 2010.
Greenhill signed the Submission Agreement: December 20, 2010.

Statement of Answer to the Third Party Claim filed by Liu on or about: December 22, 2010.
Liu signed the Submission Agreement: December 21, 2010.

## CASE SUMMARY

Claimants asserted the following causes of action: breach of contract, breach of fiduciary duty, unsuitability, unauthorized purchases, negligent misrepresentation, violation of Section 10(b) and Rule 10b-5 of the Securities Exchange Act, conversion, negligence, gross negligence, failure to supervise, violation of Section 5 of the Securities Act of 1933, rescission, fraudulent inducement, and fraud. The causes of action relate to auction rate securities.

Unless specifically admitted in their Answer and Amended Answers, Respondents denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

In the Third Party Claim, the Individual Respondents asserted the following cause of action: indemnification and contribution.

Unless specifically admitted in its Answer to the Third party Claim, Greenhill denied the allegations made in the Third Party Claim and asserted various affirmative defenses.

Unless specifically admitted in his Answer to the Third Party Claim, Liu denied the allegations made in the Third Party Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim and Amended Statements of Claim, Claimants requested compensatory damages in an amount to be determined at arbitration, punitive damages of triple the compensatory damages, interest, attorneys' fees, costs, and such other relief as is just, fair, and equitable.

At the close of the hearing, Claimants requested compensatory damages in the amount of $209,463,178.00 or $204,609,923.00.

Respondents requested an award dismissing Claimants' claims in their entirety, expungement of this matter from the CRD records of the individual Respondents, or in the alternative, Third Party Respondents Greenhill and Liu indemnify or contribute for any liability that may be imposed, and for such other and further relief as the Panel may deem just and proper.

Greenhill requested an award dismissing the Third Party claim in its entirety, assessing all costs against the Individual Respondents, and for such other and further relief as the Panel deems just and proper.

Liu requested that the Third Party Claim be dismissed, costs, and for such other and further relief as is just.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On or about September 15, 2008, Respondent Lehman Brothers Inc. filed for bankruptcy under the United States Bankruptcy Code. In accordance with this filing, all claims against Respondent Lehman Brothers Inc. are indefinitely stayed. Therefore, the Panel made no determination with respect to the claims against Respondent Lehman Brothers Inc.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Claimants' claims are denied in their entirety.

2. The Individual Respondents' Third Party Claims are denied in their entirety.

3. The Panel recommends the expungement of all references to the above-captioned arbitration from Respondents Chernick, Gambee, Gourd, and Greenspan's registration records maintained by the Central Registration Depository ("CRD"), with the understanding that, pursuant to Notice to Members 04-16, Respondents Chernick, Gambee, Gourd, and Greenspan must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

   Unless specifically waived in writing by FINRA, parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents.

   Pursuant to Rule 12805 of the Code, the arbitration Panel has made the following Rule 2080 affirmative finding of fact:

   The claim, allegation, or information is factually impossible or clearly erroneous.

   The arbitration Panel has made the above Rule 2080 finding based on the following reasons:

   In granting expungement, the Panel considered Respondents' involvement in and responsibility for investments that resulted in Claimants' alleged losses, and the legal standards for assessing Respondents' liability for the losses. After reviewing the pleadings and evidence presented at the hearing, the Panel determined that Claimants failed to prove that Respondents Chernick, Gambee, Gourd, and Greenspan were responsible for the alleged misconduct which resulted in Claimants' losses.

4. The Panel recommends the expungement of all references to the above-captioned arbitration from Respondent Stevenson's registration records maintained by the Central Registration Depository ("CRD"), with the understanding that, pursuant to Notice to Members 04-16, Respondent Stevenson must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

   Unless specifically waived in writing by FINRA, parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents.

Pursuant to Rule 12805 of the Code, the arbitration Panel has made the following Rule 2080 affirmative finding of fact:

The registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds.

The arbitration Panel has made the above Rule 2080 finding based on the following reasons:

Respondent Stevenson was not involved in the alleged misconduct. The investment decisions at issue were made by the cash management group. Respondent Stevenson was not a member of the group and had no direct supervisory responsibility for the group's investment decisions.

5. Respondent Haber's request for expungement is denied.

6. Any and all relief not specifically addressed herein, including punitive damages, is denied.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
FINRA Dispute Resolution assessed a filing fee* for each claim:
| | |
|---|---|
| Initial Claim Filing fee | =$ 1,250.00 |
| Third Party Filing fee | =$ 1,250.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firms that employed the associated persons at the time of the events giving rise to the dispute. Accordingly, as a party, Greenhill & Co., LLC, is assessed the following:
| | |
|---|---|
| Member Surcharge | =$ 1,500.00 |
| Pre-Hearing Processing Fee | =$ 750.00 |
| Hearing Processing Fee | =$ 2,200.00 |

### Adjournment Fees
Adjournments granted during these proceedings for which fees were assessed:

February 22-24, March 1-3, 2011 adjournment by Individual Respondents = $1,000.00

1. The Panel has assessed $500.00 of the adjournment fees jointly and severally to Claimants.
2. The Panel has assessed $500.00 of the adjournment fees jointly and severally to the Individual Respondents

## Hearing Session Fees and Assessments

The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| Nine (9) Pre-hearing sessions with the Panel @ $1,000.00 | | | =$ 9,000.00 |
| Pre-hearing conferences: | March 22, 2010 | 1 session | |
| | March 23, 2010 | 1 session | |
| | September 2, 2010 | 1 session | |
| | November 2, 2010 | 1 session | |
| | January 31, 2011 | 1 session | |
| | February 15, 2011 | 1 session | |
| | April 7, 2011 | 1 session | |
| | March 19, 2012 | 1 session | |
| | May 21, 2012 | 1 session | |

| | | | |
|---|---|---|---|
| Seventy-nine (79) Hearing sessions @ $1,000.00 | | | =$79,000.00 |
| Hearing Dates: | March 8, 2011 | 2 sessions | |
| | March 9, 2011 | 2 sessions | |
| | March 10, 2011 | 2 sessions | |
| | June 6, 2011 | 2 sessions | |
| | June 7, 2011 | 2 sessions | |
| | June 10, 2011 | 2 sessions | |
| | July 6, 2011 | 2 sessions | |
| | July 7, 2011 | 2 sessions | |
| | July 8, 2011 | 2 sessions | |
| | September 13, 2011 | 2 sessions | |
| | September 14, 2011 | 2 sessions | |
| | October 10, 2011 | 2 sessions | |
| | October 11, 2011 | 2 sessions | |
| | October 20, 2011 | 1 session | |
| | November 15, 2011 | 2 sessions | |
| | November 16, 2011 | 2 sessions | |
| | November 30, 2011 | 2 sessions | |
| | December 1, 2011 | 2 sessions | |
| | December 2, 2011 | 2 sessions | |
| | December 14, 2011 | 2 sessions | |
| | December 15, 2011 | 2 sessions | |
| | January 11, 2012 | 2 sessions | |
| | January 12, 2012 | 2 sessions | |
| | January 20, 2012 | 2 sessions | |
| | January 23, 2012 | 2 sessions | |
| | February 7, 2012 | 1 session | |
| | February 8, 2012 | 2 sessions | |
| | February 9, 2012 | 2 sessions | |
| | March 8, 2012 | 2 sessions | |
| | March 9, 2012 | 2 sessions | |
| | May 1, 2012 | 2 sessions | |

|  |  |
|---|---|
| May 2, 2012 | 2 sessions |
| May 3, 2012 | 2 sessions |
| June 1, 2012 | 1 session |
| June 26, 2012 | 2 sessions |
| June 27, 2012 | 2 sessions |
| July 10, 2012 | 2 sessions |
| July 11, 2012 | 2 sessions |
| July 12, 2012 | 1 session |
| July 17, 2012 | 2 sessions |
| July 18, 2012 | 2 sessions |
| July 19, 2012 | 1 session |

Total Hearing Session Fees                                              =$88,000.00

1. The Panel has assessed $35,200.00 of the hearing session fees jointly and severally to Claimants.
2. The Panel has assessed $35,200.00 of the hearing session fees jointly and severally to the Individual Respondents.
3. The Panel has assessed $8,800.00 of the hearing session fees to Third Party Respondent Greenhill.
4. The Panel has assessed $8,800.00 of the hearing session fees to Third Party Respondent Liu.

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

FINRA Dispute Resolution
Arbitration No. 08-00156
Award Page 8 of 8

## ARBITRATION PANEL

| | | |
|---|---|---|
| Sam Antar | - | Public Arbitrator, Presiding Chairperson |
| Robert E. Anderson | - | Public Arbitrator |
| Judith P. Brooks | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

### Concurring Arbitrators' Signatures

_[signature]_                                              10/15/12
Sam Antar                                                   Signature Date
Public Arbitrator, Presiding Chairperson


_____              _____
Robert E. Anderson                                           Signature Date
Public Arbitrator


_____              _____
Judith P. Brooks                                             Signature Date
Non-Public Arbitrator


October 17, 2012
Date of Service (For FINRA Dispute Resolution office use only)

646 625 6111                                                                   04/15/38 pm    05-17    14/15

FINRA Dispute Resolution
Arbitration No. 08-00156
Award Page 8 of 8

## ARBITRATION PANEL

| | | |
|---|---|---|
| Sam Antar | - | Public Arbitrator, Presiding Chairperson |
| Robert E. Anderson | - | Public Arbitrator |
| Judith P. Brooks | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

### Concurring Arbitrators' Signatures

_____          _____
Sam Antar                                     Signature Date
Public Arbitrator, Presiding Chairperson

                                              10/24/12
_____          _____
Robert E. Anderson                            Signature Date
Public Arbitrator


_____          _____
Judith P. Brooks                              Signature Date
Non-Public Arbitrator


October 17, 2012
_____
Date of Service (For FINRA Dispute Resolution office use only)

FINRA Dispute Resolution
Arbitration No. 08-00156
Award Page 8 of 8

## ARBITRATION PANEL

| | | |
|---|---|---|
| Sam Antar | - | Public Arbitrator, Presiding Chairperson |
| Robert E. Anderson | - | Public Arbitrator |
| Judith P. Brooks | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

### Concurring Arbitrators' Signatures

_____                    _____
Sam Antar                                                                          Signature Date
Public Arbitrator, Presiding Chairperson


_____                    _____
Robert E. Anderson                                                         Signature Date
Public Arbitrator

*Judith P. Brooks* (signed)                                          10/12/2012
_____                    _____
Judith P. Brooks                                                              Signature Date
Non-Public Arbitrator


October 17, 2012
_____
Date of Service (For FINRA Dispute Resolution office use only)