UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
                    Debtors.                       :    (Jointly Administered)
------------------------------------------------------------------x

## STIPULATION AND ORDER AMENDING AND WITHDRAWING CLAIMS

Lehman Brothers Holding Inc. ("LBHI"), as Plan Administrator pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Plan Administrator"), and Olivant Investments Switzerland SA ("Claimant" and together with LBHI, the "Parties"), hereby stipulate and agree as follows:

## RECITALS

A.  On September 15, 2008, LBHI filed a voluntary case under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

B.  On September 1, 2010, Claimant filed proofs of claim number 67043 and 67044 against LBHI (each a "Claim" and together, the "Claims").

C.  Claim number 67043 asserts a claim for which Claimant alleges that LBHI is directly liable (the "Direct Claim").

D.  Claim number 67044 asserts a claim for which Claimant alleges that LBHI is liable based upon a guarantee for the amount of the Direct Claim (the "Guarantee Claim").

E.  Claimant acknowledges that it is not entitled to recover separately from LBHI on both the Direct Claim and the Guarantee Claim for the same underlying liability.

F.  On December 6, 2011, this Court entered an order confirming the Plan (the "Confirmation Order").  The Plan became effective on March 6, 2012.  Pursuant to paragraph 86 of the Confirmation Order, a proof of claim may not be amended without authority of the Court.

G.  The Parties enter into this Stipulation and Order to eliminate potential duplication among the Claims and for no other purpose with all other rights being reserved.

## AGREEMENT

1.  This Stipulation and Order shall become effective upon execution by all Parties and entry by the Court (the "Effective Date").

2.  Upon the Effective Date:

a.  the Direct Claim shall be deemed amended such that all bases for liability and all information included on and all documentation filed or provided in support of both the Direct Claim and the Guarantee Claim shall be treated as having been filed in connection with the Direct Claim.

b.  the Guarantee Claim shall be deemed withdrawn with prejudice subject to this Stipulation and Order; and

c.  the Court-appointed claims agent shall modify the claims register to reflect the terms of this Stipulation and Order.

3.  For the avoidance of doubt, the amount of the Direct Claim is not amended by this Stipulation and Order.  Claimant shall not be entitled to separate or incremental recoveries for a single liability on the basis of separate theories of liability (*e.g.*, direct and guarantee).

4.  Notwithstanding any other provision contained in this Stipulation and Order, unless otherwise agreed to by Claimant and LBHI or ordered by the Court (in each case in

accordance with section 8.4 of the Plan[1]), LBHI shall treat the Direct Claim as if it was asserted as a General Unsecured Claim (as such term is defined and used in the Plan) in the amount of $1,418,925,283.45 against LBHI for purposes of section 8.4 of the Plan.

5. Nothing herein shall be determinative of the classification under the Plan of the Direct Claim to the extent that such claim becomes Allowed (as such term is defined and used in the Plan).

6. Excluding paragraph 3 hereof, nothing herein shall constitute any admission or finding with respect to any Claim, and all Parties' rights to object to or to classify or to prosecute or defend the Direct Claim on any basis are preserved.

7. This Stipulation and Order shall not be deemed to be or used as an admission of, or evidence of, the validity or invalidity of any aspect of the Claims or right of any kind, or of any wrongdoing or liability of any of the Parties in these chapter 11 cases, or any other matter pending before the Court.

8. This Stipulation and Order contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings among the Parties relating thereto.

9. This Stipulation and Order may not be modified other than by signed writing executed by all Parties and delivered to each Party.

---

[1] References to section 8.4 of the Plan shall mean that section as the same has been or may be modified, amended or supplemented by a Court order, including pursuant to the Order Authorizing Use of Non-Cash Assets In Lieu of Available Cash as Reserves for Disputed Claims Pursuant to Section 8.4 of the Debtors' Confirmed Joint Chapter 11 Plan, dated February 22, 2012.

10. Each person who executes this Stipulation and Order represents that he or she is duly authorized to do so on behalf of the applicable Party and that each such Party has full knowledge of, and has consented to, this Stipulation and Order.

11. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Order to present any copy, copies, or facsimiles signed by the Parties.

12. This Stipulation and Order shall inure to the benefit of, and shall be binding upon, the Parties and their respective successors, assignees, heirs, executors and administrators.

13. This Stipulation and Order shall be exclusively governed by and construed and enforced in accordance with the laws of the State of New York, without regard to its conflicts of law principles.

14. The Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise directly relating to this Stipulation and Order. Should the Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter directly relating to this Stipulation and Order, such matter shall be adjudicated in either the United States District Court for the Southern District of New York or a court of competent jurisdiction in the State of New York.

Dated: January 8, 2013

| | |
|---|---|
| /s/ Garrett A. Fail | /s/ Daniel S. Shamah |
| Garrett A. Fail | Daniel S. Shamah |
| | |
| WEIL, GOTSHAL & MANGES LLP | O'MELVENY & MEYERS LLP |
| 767 Fifth Avenue | 7 Times Square |
| New York, New York 10153 | New York, New York 10036 |
| Telephone: (212) 310-8000 | Telephone (212) 326-2000 |
| Facsimile: (212) 310-8007 | Facsimile (212) 326-2061 |
| | |
| Attorneys for | Attorneys for |
| Lehman Brothers Holdings Inc. | Olivant Investments Switzerland SA |

**SO ORDERED:**

Dated: New York, New York
         January 17, 2013

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge