HEARING DATE AND TIME: February 28, 2013 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: February 19, 2013 at 4:00 p.m. (Eastern Time)

---

**THE THREE HUNDRED EIGHTY-NINTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO REDUCE AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE THREE HUNDRED EIGHTY-NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT (212)-310-8737.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF HEARING ON THREE HUNDRED EIGHTY-NINTH
OMNIBUS OBJECTION TO CLAIMS (REDUCE AND ALLOW CLAIMS)**

     **PLEASE TAKE NOTICE** that on January 18, 2013, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

US_ACTIVE:\44176187\2\58399.0008

certain entities in the above-referenced chapter 11 cases, filed its three hundred eighty-ninth omnibus objection to claims (the "Three Hundred Eighty-Ninth Omnibus Objection to Claims"), and that a hearing to consider the Three Hundred Eighty-Ninth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **February 28, 2013 at 10:00 a.m. (Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Eighty-Ninth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope-Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **February 19, 2013 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline").

2

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Eighty-Ninth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Eighty-Ninth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: January 18, 2013
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME:** February 28, 2013 at 10:00 a.m. (Eastern Time)
**RESPONSE DEADLINE:** February 19, 2013 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                        :    Chapter 11 Case No.
                                             :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, :    08-13555 (JMP)
                                             :
                   Debtors.                  :    (Jointly Administered)
------------------------------------------------------------------x

**THREE HUNDRED EIGHTY-NINTH OMNIBUS**
<u>**OBJECTION TO CLAIMS (REDUCE AND ALLOW CLAIMS)**</u>

**THIS THREE HUNDRED EIGHTY-NINTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO REDUCE AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED EIGHTY-NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT (212)-310-8737.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1.  The Plan Administrator files this three hundred eighty-ninth omnibus objection to claims (the "Three Hundred Eighty-Ninth Omnibus Objection to Claims") pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking to reduce and allow the claims listed on Exhibit A annexed hereto.

2.  The Plan Administrator has examined the proofs of claim identified on Exhibit A (the "Reduce and Allow Claims") and has determined that, in each case as identified more specifically on Exhibit A, the Reduce and Allow Claims should be reduced and allowed as general unsecured claims because the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values of the amounts for which the Chapter 11 Estates are liable. The Plan Administrator, therefore, requests that the Court reduce, as appropriate, each Reduce and Allow Claim to the modified amount listed on Exhibit A and allow each Reduce and Allow Claim only to the extent of such modified amount.

2

**Jurisdiction**

3.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

4.  Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.  On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

6.  On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The Reduce and Allow Claims Should be Reduced and Allowed**

7.  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection to a proof of claim is filed, the allowed amount of such claim must be determined "as of the date of the filing of the petition," 11 U.S.C. § 502(b), and in the case of a claim arising from the rejection of an exectuory contract under section 365 of the Bankruptcy Code, the allowed amount of such claim shall be "the same as if such claim had arisen before the date of the filing of the petition," 11 U.S.C. § 502(g)(1). If an objection

3

Pg 7 of 12

refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

8. After a review of the relevant documentation, the claimants' supporting documentation, and the Chapter 11 Estates' books and records, the Plan Administrator has determined that each Reduce and Allow Claim does not reflect the correct amount of the Reduce and Allow Claim because either the applicable Chapter 11 Estate has no liability for a portion of the claim or the claimant fails to value the Reduce and Allow Claim appropriately as of the Commencement Date, as described further on Exhibit A. *See* 11 U.S.C. §§ 502(b)&(g)(1).

9. The modified amounts listed on Exhibit A represent the fair, accurate, and reasonable value of the Reduce and Allow Claims as reflected in the Chapter 11 Estates' books and records. The holders of the Reduce and Allow Claims should not be allowed to recover more than the value of their claims. Accordingly, in order to properly reflect the fair, accurate, and reasonable value of these claims, the Plan Administrator requests that the Court reduce each Reduce and Allow Claim to the modified amount listed on Exhibit A and allow each such Reduce and Allow Claim only to the extent of such modified amount.

## Reservation of Rights

10. The Plan Administrator reserves all rights to object on any other basis to any Reduce and Allow Claim as to which the relief requested herein is not granted.

## Notice

11. No trustee has been appointed in the Chapter 11 Cases. Notice of this Three Hundred Eighty-Ninth Omnibus Objection to Claims has been provided to (i) the United

4

States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on <u>Exhibit A</u>; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

12. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: January 18, 2013
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

5

# EXHIBIT A

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 389: EXHIBIT A – REDUCE AND ALLOW CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | CLASS | ASSERTED AMOUNT | MODIFIED AMOUNT | REASON FOR PROPOSED REDUCTION AND ALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | DAV-EL RESERVATIONS SYSTEM, INC. 200 SECOND STREET CHELSEA, MA 02150-1802 | 24929 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $87,937.88 | $15,000.00 | The Debtors' records reflect that most of the transactions identified on Claim 24929 were between claimant and non-Debtor entities. The Debtors have no liability to claimant for such non-Debtor transactions. The Debtors estimate liability in the amount of no more than $15,000.00. As such, Claim 24929 should be reduced to, and allowed in the amount of, $15,000.00. |
| 2 | NICHOLAS EARTH PRINTING ATTN: GOOMATIE DEBA 7021 PORTWEST DRIVE, SUITE 100 HOUSTON, TX 77024-8015 | 586 | 11/10/2008 | Lehman Brothers Holdings Inc. | Unsecured | $118,399.99 | $34,849.99 | The Debtors' records reflect that the portion of Claim 586 in the amount of $83,550.00 relates to a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant for such transaction or transactions. |
| 3 | LONGHORN CREDIT FUNDING, LLC 300 CRESCENT CT STE 700 DALLAS, TX 75201-7849 | 4378 | 05/15/2009 | Lehman Commercial Paper Inc. | Unsecured | $2,985,000.00 | $926,250.00 | Claim 4378 is based on damages allegedly owed to Longhorn Credit Funding, LLC ("Longhorn") resulting from LCPI's rejection, pursuant to the *Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations* [ECF No. 2258], of certain debt trades (the "Confirmations"). Damages arising from the rejection of an executory contract "shall be determined . . . as if such claim had arisen before the date of the filing of the petition." 11 U.S.C. § 502(g)(1); *see also* 11 U.S.C. 365(g)(1). As such, Claim 4378 must be reduced to, and allowed in the amount of, $926,250.00, which represents the difference between the trade prices set forth in the Confirmations and the trade prices that Longhorn would have received upon selling the debt in the market immediately before the date of the filing of LCPI's chapter 11 case. |
| | | | | | TOTAL | $3,191,337.87 | $976,099.99 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts            Page 1 of 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                          :     Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :     08-13555 (JMP)
                                                               :
                    Debtors.                                :     (Jointly Administered)
---------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED EIGHTY-NINTH
### OMNIBUS OBJECTION TO CLAIMS (REDUCE AND ALLOW CLAIMS)

Upon the three hundred eighty-ninth omnibus objection to claims, dated January 18, 2013 (the "Three Hundred Eighty-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to reduce and allow the Reduce and Allow Claims, as more fully described in the Three Hundred Eighty-Ninth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Eighty-Ninth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Three Hundred Eighty-Ninth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Three Hundred Eighty-Ninth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Eighty-Ninth Omnibus Objection to Claims.

US_ACTIVE:\44176187\2\58399.0008

ORDERED that the relief requested in the Three Hundred Eighty-Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Reduce and Allow Claim listed on <u>Exhibit 1</u> annexed hereto is reduced and allowed in the modified amount and priority set forth on <u>Exhibit 1</u>, and any asserted amounts in excess of the modified amount are disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on <u>Exhibit A</u> to the Three Hundred Eighty-Ninth Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
       New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

2