HEARING DATE AND TIME: February 28, 2013 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: February 19, 2013 at 4:00 p.m. (Eastern Time)

> **THE THREE HUNDRED NINETY-SECOND OMNIBUS OBJECTION TO CLAIMS SEEKS TO RECLASSIFY AS EQUITY CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, MAURICE HORWITZ, AT 212-310-8883.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,             :    08-13555 (JMP)
                                                   :
                        Debtors.                   :    (Jointly Administered)
------------------------------------------------------------------x
```

### NOTICE OF HEARING
### ON THREE HUNDRED NINETY-SECOND OMNIBUS OBJECTION TO
### CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

**PLEASE TAKE NOTICE** that on January 18, 2013, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator, under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

US_ACTIVE:\43972135\01\58399.0011

(the "Plan"), filed its three hundred ninety-second omnibus objection to claims (the "Three Hundred Ninety-Second Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Ninety-Second Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **February 28, 2013 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Ninety-Second Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Maurice Horwitz, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **February 19, 2013 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Ninety-Second Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Ninety-Second Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: January 18, 2013
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME: February 28, 2013 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: February 19, 2013 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                                   :       Chapter 11 Case No.
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,            :       08-13555 (JMP)
                                                        :
                    Debtors.                            :       (Jointly Administered)
-------------------------------------------------------------------x

**THREE HUNDRED NINETY-SECOND OMNIBUS OBJECTION**
**TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

---

**THIS OBJECTION SEEKS TO RECLASSIFY AS EQUITY CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS TWO HUNDRED SEVENTY-SECOND OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, MAURICE HORWITZ, AT 212-310-8883.**

---

US_ACTIVE:\43972135\01\58399.0011

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. Each of the proofs of claim listed on Exhibit A annexed hereto (collectively, the "Stock Claims") was filed as a general unsecured claim based, in whole or in part, on the ownership of preferred stock, common stock, or other equity interests (collectively, "Stock") in LBHI and/or alleged losses related thereto on account dividends that were not paid. The Plan Administrator files this omnibus objection to reclassify the Stock Claims as equity interests because the ownership of the Stock and the unpaid dividends constitute equity interests, but do not constitute claims as such term is defined in section 101 of title 11 of the United States Code (the "Bankruptcy Code"). Accordingly, the Plan Administrator files this omnibus objection, in accordance with Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (the "Procedures Order") [Docket No. 6664], seeking to reclassify the Stock Claims as equity interests.

**Jurisdiction**

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

3. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

5. On December 6, 2011, the Court approved and entered an order confirming the Plan. The Plan became effective on March 6, 2012.

6. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The Stock Claims Should Be Reclassified as Interests**

7. Bankruptcy Rule 3007(d)(7) provides that a debtor may file an objection, and join one or more objections in an omnibus objection, if all of the claims "are based solely on the grounds that the claims should be disallowed, in whole or in part, because . . . they are interests, rather than claims." FED. R. BANKR. P. 3007(d). The Procedures Order additionally permits objection, on an omnibus basis, to claims that "were incorrectly classified." (Procedures Order at 2.)

8. Section 501(a) of the Bankruptcy Code provides that a creditor may file a proof of claim and that an equity security holder may file a proof of interest. 11 U.S.C. §501(a). The Bankruptcy Code defines a "claim" as a right to payment. *Id.* at §101(5). The Bankruptcy Code definition of an "equity security" includes a share in a corporation or similar "security,"

including "stock," "treasury stock," "other claim or interest commonly known as 'security',"  "certificate of interest or participation in," and "warrant or right to subscribe to or purchase or sell, a security." *Id.* §§ 101(16) and 101(49)(A).

9. As noted above, each of the Stock Claims is based, in whole or in part, on the ownership of preferred stock, common stock, or other equity interests in LBHI and/or alleged losses related thereto on account of unpaid dividends. The holders of the Stock Claims are equity security holders. *See* 11 U.S.C. §§ 101(16) and (17). Thus, they allegedly have "interests" in, but not "claims" against, LBHI and, accordingly, the Plan Administrator hereby objects to reclassify the Stock Claims as equity interests.

## Reservation of Rights

10. The Plan Administrator reserves all its rights to object on any other basis to any Stock Claim or any portion of any Stock Claim for which the Court does not grant the relief requested herein.

## Notice

11. No trustee has been appointed in these chapter 11 cases. Notice of this Two Hundred Seventy-Second Omnibus Objection to Claims has been provided to (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A annexed hereto; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

12.     No previous request for the relief sought herein has been made by the Plan Administrator or the Debtors to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  January 18, 2013
         New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**Exhibit A**

US_ACTIVE:\43972135\01\58399.0011

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 392: EXHIBIT A – PROOFS OF CLAIM TO BE RECLASSIFIED AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 1 | AWAKAWA,TAKASHI<br>6-9-19 BABA<br>TSURUMI-KU<br>YOKOHAMA CITY, 230-0076<br>JAPAN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/03/2009 | 10183 | $2,301.66 |
| 2 | KONTOMINAS,KONSTANTINOS<br>92 CENTURION BUILDING<br>CHELSEA BRIDGE WHARF<br>376 QUEENS ROAD<br>LONDON, SW8 4NZ<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31213 | $34.39 |
| 3 | OAKTREE CAPITAL MANAGEMENT, L.P.<br>ATTN: RICHARD TING<br>333 SOUTH GRAND AVENUE, 28TH FLOOR<br>LOS ANGELES, CA 90071 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18849 | $181,250.00 |
| 4 | WOODERSON PARTNERS, L.L.C.<br>TRANSFEROR: DIAMONDBACK MASTER FUND LTD<br>C/O ROPES & GRAY LLP<br>ATTN: JONATHAN REISMAN<br>PRUDENTIAL TOWER<br>BOSTON, MA 02199-3600 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26910 | $874,270.85* |
| | | | | | TOTAL | $1,057,856.90 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

Page 1 of 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
In re                                                                              :         **Chapter 11 Case No.**
                                                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,         :         **08-13555 (JMP)**
                                                                                        :
                                            Debtors.                         :         **(Jointly Administered)**
-----------------------------------------------------------------------x

**ORDER GRANTING THE**
**THREE HUNDRED NINETY-SECOND OMNIBUS OBJECTION TO**
**CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

Upon the three hundred ninety-second omnibus objection to claims, dated January 18, 2013 (the "Three Hundred Ninety-Second Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 3007(d) and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking to reclassify Stock Claims as equity interests, all as more fully described in the Three Hundred Ninety-Second Omnibus Objection to Claims; and due and proper notice of the Three Hundred Ninety-Second Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the Three Hundred Ninety-Second Omnibus Objection to Claims; and (vi)

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Ninety-Second Omnibus Objection to Claims.

all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Three Hundred Ninety-Second Omnibus Objection to Claims is in the best interests of LBHI, its estate, creditors, and all parties in interest and that the legal and factual bases set forth in the Three Hundred Ninety-Second Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Ninety-Second Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto are hereby reclassified as Equity Interests (as that term is defined in the Plan) in LBHI Class 12; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Three Hundred Ninety-Second Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE