Daniel F.X. Geoghan, Esq.                              **Hearing Date:  January 30, 2013**
Young Conaway Stargatt & Taylor, LLP
1270 Avenue of the Americas
Suite 2210
New York, New York 10020
Tel: (212) 332-8840
Fax: (212) 332-8855
DGeoghan@ycst.com

*Counsel for CF Midas Balanced Growth Fund*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
In re                                          :          Chapter 11
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al*        :          Case No. 08-13555 (JMP)
                                               :
                    Debtors.                   :          (Jointly Administered)
                                               :
                                               :
-----------------------------------------------------------x

**CF MIDAS BALANCED GROWTH FUND'S SECOND
SUPPLEMENTAL RESPONSE TO THE DEBTORS' ONE HUNDRED
FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

CF Midas Balanced Growth Fund (the "CF Fund"), by and through its

undersigned counsel, hereby submits this second supplemental response to the *Debtors' One*

*Hundred Forty-Third Omnibus Objection to Claims (Late-Filed Claims)* (the "Omnibus

Objection") to address the applicability of 11 U.S.C. § 502(j).  Capitalized terms not otherwise

defined herein have the meanings ascribed to them in CF Fund's initial response and first

supplemental response to the Omnibus Objection [Docket Nos. 18348 and 21186, respectively].

In support of this second supplemental response, CF Fund respectfully represents as follows:

## BACKGROUND

1.      As discussed previously, CF Fund is the holder of certain structured securities that were guaranteed by LBHI.  Owing to legitimate confusion on CF Fund's part regarding the necessity of filing a proof of claim in these proceedings, CF Fund did not file a proof of claim on account of the LBHI guaranty obligation until after the Bar Date.  On May 16, 2011, the Debtors filed the Omnibus Objection, seeking disallowance of CF Fund's guaranty claim as late-filed.  CF Fund responded on July 7, 2011, with a request for enlargement of the Bar Date pursuant to Bankruptcy Rule 9006(b)(1) on the grounds of "excusable neglect."  In response, LBHI adjourned the Omnibus Objection as to CF Fund's claim.

2.      On or about August 25, 2011, CF Fund received the Claim Notice from LBHI proposing to allow CF Fund's proof of claim in the amount of approximately $7.5 million. The Claim Notice expressly stated that if CF Fund did <u>not</u> dispute the proposed allowed amount of its claim, it did <u>not</u> need to file a written response to the Claim Notice, and the claim "will be allowed in such amount for purposes of voting and distributions under the Plan."  Nothing in the Claim Notice stated, or even suggested, that CF Fund's claim could be subject to objection or disallowance in the future.

3.      CF Fund did not dispute the allowed claim amount proposed by LBHI in the Claim Notice, and thus did not file a response.  On October 19, 2011, CF Fund filed its Supplemental Response to the Omnibus Objection, noting that it had been mooted because CF Fund's claim had been allowed by LBHI per the Claim Notice.  However, given that LBHI had refused to acknowledge CF Fund's allowed claim, CF Fund requested in its Supplemental Response that the Court calendar the Omnibus Objection for a hearing at its earliest convenience. Notwithstanding this request, the Omnibus Objection was unilaterally adjourned by LBHI for

*fourteen months*.  On December 17, 2012, LBHI finally filed a reply in support of the Omnibus Objection, attacking CF Fund's case for "excusable neglect" under Bankruptcy Rule 9006(c) but failing to address the mootness argument raised by CF Fund in its Supplemental Response.  At the December 19, 2012, hearing on the Omnibus Objection, counsel for CF Fund noted that, in light of the prior allowance of CF Fund's proof of claim, the burden was on LBHI to establish "cause" for reconsideration of such proof of claim pursuant to section 502(j) of the Bankruptcy Code, which LBHI had not done (or even attempted to do).  The Court requested additional briefing regarding the applicability of section 502(j) and related issues raised at the hearing.

## ARGUMENT

### A.    *Section 502(j) Applies to Claims, not Orders*

4.      Section 502(j) provides, in pertinent part, that "[a] claim that has been allowed or disallowed may be reconsidered for cause."  11 U.S.C. § 502(j).  Thus, by its express terms, section 502(j) applies to *claims* that have been allowed or disallowed, and not to *orders* allowing or disallowing claims.

5.      This makes sense, because claims may be allowed or disallowed by means other than an order of the Court.  For example, under section 502(a) of the Bankruptcy Code, a claim is deemed allowed in the absence of an objection.  11 U.S.C. § 502(a).  Thus, if a confirmed chapter 11 plan established a record date for distributions, and an objection to a claim had not been filed as of that record date (or, alternatively, if the claim had been scheduled as non-contingent, liquidated, and undisputed, see 11 U.S.C. § 1111(a)), the claim would be "allowed" for distribution purposes even though no order had been entered with respect to that claim.  In these circumstances, despite the passage of the record date, section 502(j) would permit reconsideration of the *claim* on request of a party in interest who establishes "cause" for reconsideration.  See 11 U.S.C. § 502(j).

3

6.      *Yancey v. Citifinancial (In re Yancey)*, 301 B.R. 861 (Bankr. W.D. Tenn. 2003) is instructive.  In *Yancey*, a secured creditor filed a proof of claim in a chapter 13 case that included an attorneys' fees component, which claim was deemed allowed in the absence of an objection.  Following this deemed allowance, the chapter 13 trustee and the debtor commenced a putative class-action lawsuit against the secured creditor, contending that it had improperly included attorneys' fees in its filed claim without complying with the procedures set forth in Bankruptcy Rule 2016 for parties seeking reimbursement of attorneys' fees from the estate.  The secured creditor moved to dismiss on the grounds that Bankruptcy Rule 2016, even in conjunction with section 105(a) of the Bankruptcy Code, could not be construed so as to confer a private right of action for its enforcement.  The court agreed, finding that reconsideration of the allowed claim under section 502(j) was available to the plaintiffs, and would provide them an adequate remedy, so it was not appropriate to imply a private right of action into Bankruptcy Rule 2016.  Accordingly, the court dismissed the adversary proceeding without prejudice to the plaintiffs' right to file a motion to reconsider under section 502(j).  *Yancey*, 301 B.R. at 871.  If section 502(j) applied only to "orders," then there would be no statutory basis for reconsideration of any claim that had been deemed allowed by operation of law, which would be contrary to the plain language of the statute and the reasoning in *Yancey*.

### B.      CF Fund's Claim Was Allowed on October 25, 2011

7.      In its *Motion Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for Approval of Procedures for Determining the Allowed Amount of Claims filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.* [Docket No. 16294] (the "Claim Procedures Motion"), LBHI sought authority under Bankruptcy Rule 9019(b) to "settle the Structured Securities Claims without further Court approval."  Claim Proc. Mot. ¶ 32; see Fed. R. Bankr. P. 9019(b) (permitting the

4

Court to "fix a class or classes of controversies" regarding which the debtor in possession may

enter into compromises or settlements "without further hearing or notice"). This Court's order

granting the Claims Procedures Motion [Docket No. 19120] (the "<u>Claim Procedures Order</u>")

provides, in pertinent part, as follows:

> <u>Claim Allowance</u>. To the extent that any Claimant does not timely deliver a Response as set forth above on or prior to the Response Deadline, (1) such Claimant will be deemed to have consented to the Proposed Allowed Claim Amount for the portion of the claim based on Structured Securities for purposes of voting and distributions under the Plan and (2) [the Claims Agent] shall be authorized to modify the Claims Register to reflect the Proposed Allowed Claim Amount and to reflect that for the portion of their claim based on Structured Securities such claim is deemed allowed in such amount for the purposes of voting and distributions under the Plan.

<u>Id.</u> at 3-4.

8.   CF Fund's claim is based entirely on Structured Securities within the

definition of the Claim Procedures Order. Thus, under the plain language of the Claim

Procedures Order, by virtue of CF Fund's non-opposition to the Claim Notice, CF Fund's claim

was fully resolved and allowed on October 25, 2011 (the deadline to respond to the Claim

Notice), for voting and distribution purposes under the Plan in the amount proposed by LBHI.[1]

Whether or not LBHI validly "reserved its rights" to object to CF Fund's claim (which as

discussed below, it did not), it is not reasonably disputable that on October 25, 2011, CF Fund's

claim was "allowed."

---

[1]  CF Fund notes that the Claim Procedures Order also contained a provision stating that "pursuant to Bankruptcy Rule 9019, the compromise of the amounts of the portion of the Structured Securities Claims based on Structured Securities at the Proposed Allowed Claim Amounts . . . are approved." Claim Proc. Ord. at 4. Thus, even if section 502(j) of the Bankruptcy Code depended for its applicability on an "order" allowing CF Fund's claim (which, as discussed above, it does not), the Claim Procedures Order, taken together with the Claim Notice, would constitute such an "order."

C.    *The Reservation of Rights in the Claim Procedures Order, Even if Effective, Could Not Have Relieved LBHI of the Obligation to Satisfy the Section 502(j) "Cause" Standard*

9.    In the Claim Procedures Motion, LBHI stated that, "[t]o date, the Debtors have not completed their review of all of the Structured Securities Claims" and thus "reserve the right to object to any of the Structured Securities Claims on any and all grounds." Id. at ¶ 26. A natural reading of this reservation was that, by filing the Claim Procedures Motion, the Debtors were not conceding the validity of any of the claims that were identified as being subject to the proposed procedures, and *reserved the right to object instead of proposing an allowed claim amount*. Nothing in the Claim Procedures Motion stated, or even fairly suggested, that a claim would remain subject to objection or disallowance *after being allowed in accordance with the procedures*.

10.    Contrary to the Claim Procedures Motion, the Claim Procedures Order *does* purport to "reserve" the Debtors' rights to object to claims after they have been allowed pursuant to the claim determination procedures, providing, in pertinent part, that, "[n]otwithstanding anything herein, the Debtors reserve the right to object to the Structured Securities Claims at any time, including, after such claims have been allowed for the purposes of voting and distributions under the Plan . . . ." Claim Proc. Ord. at 5. Of course, had CF Fund had notice of the Claim Procedures Motion, and certainly had it realized that LBHI would rely on this putative "reservation of rights" language to sidestep the protections of section 502(j) (discussed further below), CF Fund could have objected to this provision of the order. But CF Fund was served only with the Claim Notice, which stated very clearly that if CF Fund did not disagree with the proposed claim amount, its claim would be allowed for voting and distribution purposes under the Plan. Under these circumstances, CF Fund had no reason to locate the Claim

Procedures Order (which, like the Claim Procedures Motion, was not served on CF Fund) and review it for consistency with the Claim Notice.

11.    Given the lack of notice to CF Fund of the overbroad "reservation of rights" provision in the Claim Procedures Order, CF Fund respectfully submits that LBHI cannot rely on this provision of the order to dispose of CF Fund's mootness argument. *See, e.g., Adam Glass Serv. v. Federated Dep't Stores*, 173 B.R. 840, 842-43 (E.D.N.Y. 1994) (holding bar date order and procedures included therein unenforceable against party who had no notice of the order); *In re Parkwood Realty Corp.*, 157 B.R. 687, 691 (Bankr. W.D. Wash. 1993) (creditor who had no notice of chapter 11 plan or the debtor's intention to reject its executory contract through a boilerplate clause in the plan was not bound by the terms of the plan). *See also In re Coudert Bros. LLP*, Case No. 06-12226 (RDD), 2007 Bankr. LEXIS 4003, *6 n.3 (Bankr. S.D.N.Y. Nov. 21, 2007) ("Clearly, . . . a reservation of rights [by the debtor] cannot preclude [a non-debtor party] from contesting the reserved right.").

12.    But even if the "reservation of rights" provision is enforceable against CF Fund, it is not necessary (or appropriate) to read the provision to circumvent the requirements of section 502(j) with respect to previously allowed claims. *See MB Fin. Bank, N.A. v. Patel*, Case No. 10 C 6566, 2012 U.S. Dist. LEXIS 12118, *5 (N.D. Ill. Feb. 1, 2012) (holding defendant's reservation of rights, in his answer to the complaint, to assert additional affirmative defenses, "cannot be used to circumvent [Fed. R. Civ. P.] 8(c)" requirement that the answer raise all affirmative defenses, stating: "If at some point [defendant] had discovered new information that supported an affirmative defense, it was incumbent upon [him] to file a motion to amend his answer."); *In re McLean Indus.*, 121 B.R. 704, 707 (Bankr. S.D.N.Y. 1990) (creditor's

7

reservation of rights to amend its proof of claim "cannot sanction amendments absent

compliance with the [legal] test" governing amendments to proofs of claim).

13.     If the Claim Procedures Order had contained no reservation of rights

provision, LBHI would nonetheless have had the right to object to CF Fund's claim post-

allowance by means of a motion for reconsideration for "cause" under section 502(j) of the

Bankruptcy Code. *See Yancey*, 301 B.R. at 871.  And given that section 502(j) is the only

provision of the Bankruptcy Code that addresses disallowance of a previously allowed claim,

section 502(j) is the sole statutory basis upon which LBHI could have proceeded with such an

objection.  Against this backdrop, the "reservation of rights" language in the Claim Procedures

Order can only be read to preserve LBHI's right to object to CF Fund's claim by means of

reconsideration under section 502(j). *See Patel*, 2012 U.S. Dist. LEXIS 12118 at *5; *McLean*

*Indus.*, 121 B.R. at 707.

14.     Reading the language more broadly so as to grant LBHI a right to object

without satisfying the section 502(j) "cause" standard would transform the language from a

"reservation" of existing rights to an affirmative grant of new rights, which is particularly

inappropriate given (i) the lack of notice to CF Fund, as noted above, and (ii) that the Claim

Procedures Motion contained no request for such relief or explanation why LBHI was entitled to

it, *see* Fed. R. Bankr. P. 9013 (requiring motions to "state with particularity the grounds" for the

relief sought).

> ### D.     LBHI Cannot Meet the Standard for Reconsideration of CF Fund's Claim Under Section 502(j)

15.     The Bankruptcy Code is silent as to what constitutes "cause" for

reconsideration of a claim under section 502(j).  However, it is well settled that the general

standard for relief from a judgment or order under Bankruptcy Rule 9024 applies to

8

reconsideration requests under section 502(j).  *See In re Jwp Info. Servs., Inc.*, 231 B.R. 209, 211

n.5 (Bankr. S.D.N.Y. 1999).  Rule 9024, in turn, incorporates Federal Rule of Civil Procedure

60, pursuant to which the court may grant relief from a prior judgment, order, or proceeding

upon certain enumerated grounds, provided that the request for relief is made "within a

reasonable time—and [if based on mistake, inadvertence, surprise, or excusable neglect] no more

than a year after entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P.

60(b) & (c)(1); *see* Fed. R. Bankr. P. 9024.

16.    To date, LBHI has not articulated the grounds upon which it would rely to

obtain reconsideration of CF Fund's allowed claim, nor even acknowledged the applicability of

section 502(j).  However, to the extent LBHI's reconsideration request (if and when it is properly

made) would be based on mistake, inadvertence, surprise, or excusable neglect, it would be time-

barred under Rule 60(c) because more than a year has elapsed since CF Fund's claim was

allowed pursuant to the Claim Notice.  *See Pleasant v. TLC Liquidation Trust (In re Tender*

*Loving Care Health Servs.)*, 562 F.3d 158, 163 (2d Cir. 2009) (reversing lower courts' grant of

reconsideration of a claim where the motion for reconsideration was not filed within one year

after allowance of the claim).[2]

---

[2]  Bankruptcy Rule 9024 provides that "a motion . . . for the reconsideration of an order allowing or disallowing a claim against the estate entered without contest is not subject to the one year limitation prescribed in Rule 60(c)." Fed. R. Bankr. P. 9024.  As LBHI itself has acknowledged, there was no "order" allowing CF Fund's claim.  In addition, because the claim was allowed after LBHI had objected to it, the allowance of the claim was not "without contest" within the meaning of Rule 9024.  *See Ga. Dep't of Revenue v. Mouzon Enters. (In re Mouzon Enters.)*, 610 F.3d 1329, 1334 (11th Cir. 2010) ("[A]n order resolving an objected claim, regardless of whether it is entered following settlement or a merits determination by the bankruptcy court, cannot have been 'entered without a contest' because the underlying contest came into existence at the time the objection was filed."); *Tender Loving Care*, 562 F.3d at 163 n.6 (same, noting also: "[I]f we were to . . . hold that claims subject to filed objections and later settled by agreement without court intervention are 'entered without a contest,' we would create a significant disincentive to parties settling such disputes except through the use of court resources.  Among other impacts, creditors would have reduced incentives to reach agreements with debtors regarding disputed claims when such settlements could be challenged well beyond a year later.").  Thus, reconsideration of the allowance of CF Fund's claim by means of the Claim Notice is subject fully to the one-year limitation set forth in Rule 60(c).

17.     Even if the one-year limitation did not apply to LBHI's reconsideration request, the "reasonable time" limitation in Rule 60(c) still would, and it is simply not possible for LBHI to satisfy its burden on this point.  *See* Fed. R. Civ. P. 9024; Fed. R. Civ. P. 60(c); *In re Chaudhry*, Case No. 10-35755-BJH-13, 2012 Bankr. LEXIS 5720, *3-4 (Bankr. N.D. Tex. Dec. 12, 2012) (holding that Rule 9024's waiver of the one-year limitation does not affect the "reasonable time" limitation, and that movant failed to carry its burden of establishing reasonableness when it offered no evidence to explain the reason for its eleven-month delay); *accord Universal Serv. Admin. Co. v. PT-1 Commc'ns, Inc.*, 437 B.R. 766, 775 (Bankr. E.D.N.Y. 2010) (noting that even if the one-year time limit provided in Rule 60(c) is inapplicable, the "reasonable time" requirement still applies).

18.     CF Fund promptly raised the issue regarding allowance of its claim pursuant to the Claim Notice in its Supplemental Response in October 2011, and *to date*, LBHI has yet to move for reconsideration under 502(j) or, for that matter, even to acknowledge that section 502(j) applies.  Even if the Court were to consider the argument of LBHI's counsel at the December 19, 2012, hearing to be an informal request for reconsideration under section 502(j), LBHI's unexplained, fourteen-month delay in bringing this request is not reasonable for purposes of Rule 60(c).  *See, e.g., Stupakoff v. Otto (In re Spiegel, Inc.)*, 269 Fed. Appx. 56, 58 (2d Cir. 2008) (unpublished table decision) (seven-month delay held unreasonable); *In re Olick*, 311 Fed. Appx. 529, 532 (3d Cir. 2008) (unpublished table decision) (ten-month delay held unreasonable); *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 901 (6th Cir. 2006) (eleven-month delay held unreasonable); *Limon v. Double Eagle Marine, L.L.C.*, 771 F. Supp. 2d 672, 677 (S.D. Tex. 2011) (four-month delay held unreasonable); *Nat'l Capital Mgmt., LLC v. Herman*, Case No. 6:11-CV-9-ORL-28, 2011 U.S. Dist. LEXIS 111981, *11-12 (M.D. Fla. Sept.

29, 2011) (seven-month delay held unreasonable); *Reynolds v. Bank of Canton (In re Reynolds)*, 455 B.R. 312, 317 (D. Mass. 2011) (eleven-month delay held unreasonable); *Adeleke v. Gelman (In re Adeleke)*, Adv. No. 11-2761-BKC-AJC-A, 2012 Bankr. LEXIS 3302, *5-8 (Bankr. S.D. Fla. July 19, 2012) (four-month delay held unreasonable).

## **CONCLUSION**

19.    In sum, the allowance of CF Fund's claim pursuant to the Claim Notice necessarily implicates section 502(j) of the Bankruptcy Code, which requires (i) a threshold showing of "cause" before the claim may be reconsidered and (ii) that the request for reconsideration be brought within a "reasonable time" (in most circumstances, not to exceed one year).  LBHI has not even attempted to satisfy these requirements, and at any rate, it cannot satisfy the timing requirement due to its extreme delay after CF Fund's Supplemental Response, which clearly alerted LBHI to the issue regarding the allowance of CF Fund's claim.

20.    While the Court has expressed concerns that awarding CF Fund relief would amount to a procedural "gotcha," CF Fund submits that it would be no more a procedural "gotcha" than applying the Bar Date to extinguish an otherwise valid and undisputed guaranty obligation of LBHI.  And importantly, had LBHI brought this matter to a head earlier – *as CF Fund had requested* in its Supplemental Response – it would not now find itself running up against the time limitations applicable to section 502(j) reconsideration requests.  So the wound to LBHI was largely (if not entirely) self-inflicted, and the Court's ruling on this matter can be strictly confined to these precise circumstances – i.e., where the claimant has expressly raised the issue of the prior allowance of the claim and LBHI has nonetheless delayed its reconsideration request for an unreasonable time after the issue was raised – which should alleviate any concerns about opening a "flood gate" of similar arguments made by other claimants.

11

WHEREFORE, CF Fund respectfully requests that the Court enter an order

overruling the Omnibus Objection and granting such other and further relief as is just and proper.


Dated:  January 21, 2013


CF MIDAS BALANCED GROWTH FUND

By its Counsel

YOUNG CONAWAY STARGATT & TAYLOR, LLP

By:


*/s/ Daniel F.X. Geoghan*

Daniel F.X. Geoghan, Esq.
1270 Avenue of the Americas
Suite 2210
New York, New York 10020
T:  (212) 332-8840
F:  (212) 332-8855
dgeoghan@ycst.com