WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                          :
                 Debtors.                 :    (Jointly Administered)
                                          :
------------------------------------------------------------x
```

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746
REGARDING PLAN ADMINISTRATOR'S MOTION FOR ORDERS IN AID
OF EXECUTION OF THE MODIFIED THIRD AMENDED JOINT CHAPTER 11
PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures (ECF No. 9635) (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

1. On January 7, 2013, Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* (the "Plan"), filed with this

US_ACTIVE:\44182690\1\58399.0003

Court a motion , pursuant to section 105(a) of title 11 of the United States Code, for orders in aid of execution of the Plan (the "Motion") (ECF No. 33676).

2. In accordance with the Second Amended Case Management Order, January 23, 2013 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file responses to the Motion (the "Objection Deadline"). The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motion has been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motion been served on the Plan Administrator's counsel.

4. Accordingly, for the reasons set forth in the Motion, the Plan Administrator respectfully request that the proposed Orders annexed hereto as Exhibits A and B, and unmodified since the filing of the Motion, be entered in accordance with the procedures described in the Second Amended Case Management Order.

5. I declare that the foregoing is true and correct.

Dated: January 24, 2013
      New York, New York

                    /s/ Garrett A. Fail
                    Garrett A. Fail

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Lehman Brothers Holdings Inc. and
                    Certain of Its Affiliates

**EXHIBIT A**
**(Proposed Order – ECF No. 33676A)**

US_ACTIVE:\44182690\1\58399.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                                            :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                                 :
                           Debtors.                         :    (Jointly Administered)
                                                                 :
------------------------------------------------------------x

### ORDER IN AID OF EXECUTION OF
### THE MODIFIED THIRD AMENDED CHAPTER 11 PLAN OF
### LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS

WHEREAS by order, dated March 6, 2012 (ECF No. 23023) (the "Confirmation Order"), this Court approved and confirmed the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan")[1] for the entities in the above referenced chapter 11 cases (the "Debtors"); and

WHEREAS on March 6, 2012, the Debtors filed a notice of the occurrence of the Effective Date of the Plan (ECF No.26039) with the Court; and

WHEREAS section 6.1 of the Plan provides that Lehman Brothers Holdings Inc. shall serve as Plan Administrator for each of the Debtors; and

WHEREAS section 1.41 of the Plan provides that "Debtor-Controlled Entity means a non-Debtor Affiliate of the Debtors that is managed and controlled by a Debtor as of the Effective Date"; and

WHEREAS the Confirmation Order provides that any term used, but not defined, in the Plan or the Confirmation Order shall have the meaning ascribed to such term in the Bankruptcy Code, and section 101(16) of the Bankruptcy Code defines an equity security as a(n)

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

"(A) share in a corporation, whether or not transferable or denominated 'stock', or similar security; (B) interest of a limited partner in a limited partnership; or (C) warrant or right, other than a right to convert, to purchase, sell, or subscribe to a share, security, or interest of a kind specified in subparagraph (A) or (B) of this paragraph;" and

WHEREAS section 7.6 of the Plan provides that, "[a]fter the Effective Date, pursuant to the Plan, the Plan Administrator shall wind-down, sell and otherwise liquidate assets of the Debtors and/or Debtor-Controlled Entities in accordance with Section 6.1(b)(iii) of the Plan"; and

WHEREAS section 6.1(b)(iii) of the Plan, in turn, provides that the Plan Administrator "shall have the authority and right … to carry out and implement all provisions of the Plan, including without limitation to … exercise its reasonable business judgment to direct and control the wind down, liquidation, sale and/or abandonment of the assets of the Debtors and/or the Debtor-Controlled Entities under the Plan…."; and

WHEREAS, pursuant to the Confirmation Order, the Court retained exclusive jurisdiction over all matters arising under or related to the Chapter 11 Cases, including, without limitation, to "enter and implement other orders, and take such other actions as may be necessary or appropriate to enforce … the Plan, the Confirmation Order or any other order of the Bankruptcy Court"; and

WHEREAS, paragraph 68 of the Confirmation Order provides:

Exemption from Transfer Taxes. Pursuant to section 1146(a) of the Bankruptcy Code, (a) the issuance, transfer, or exchange of notes or equity securities, (b) the creation of any mortgage, deed of trust, lien, pledge, or other security interest, (c) the making or assignment of or surrender of any lease or sublease, or (d) the making of or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, and any merger agreements, agreements of restructuring, disposition or acquisition, liquidation or dissolution, any deeds, bills of sale, transfers of tangible property, or assignments executed in

connection with any disposition or acquisition of assets contemplated by the Plan (including by a Liquidating Trust) in each case whether as a result of sale, assignment, foreclosure or deed-in lieu of foreclosure, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax to which the exemption under section 1146 of the Bankruptcy Code applies.

WHEREAS, paragraphs 69 and 70 of the Confirmation Order provide:

<u>Governmental Approvals Not Required</u>.  Except as otherwise expressly provided in this Confirmation Order, this Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

Each federal, state, commonwealth, local, foreign, or other governmental agency is directed and authorized to accept the validity of (a) any and all documents, trust agreements, mortgages, and instruments and (b) all actions of the Plan Administrator and those acting on its behalf, that are necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan, this Confirmation Order, and the agreements created or contemplated by the Plan, without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by state or local law.

WHEREAS, on January 7, 2013, the Plan Administrator filed a motion for an order in aid of execution of the Plan (ECF No. 33676) (the "<u>Motion</u>"), and provided due and proper notice thereof; and

WHEREAS the Court has found and determined that the relief sought in the Motion is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING

THEREFOR, IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. (a) The issuance, transfer, or exchange of notes or equity securities, (b) the creation of any mortgage, deed of trust, lien, pledge, or other security interest, (c) the making or assignment of or surrender of any lease or sublease, or (d) the making of or delivery of any deed or other instrument of transfer of any asset of or by a Debtor or a Debtor-Controlled Entity and any merger agreements, agreements of restructuring, disposition or acquisition, liquidation or dissolution, any deeds, bills of sale, transfers of tangible property, or assignments executed in connection with any disposition or acquisition of assets of or by a Debtor or a Debtor-Controlled Entity (including by a Liquidating Trust) shall be deemed to be in furtherance of and in connection with the Plan and the Confirmation Order in each case whether as a result of sale, assignment, foreclosure or deed-in lieu of foreclosure.

3. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**
**(Proposed Order – ECF No. 33676B)**

US_ACTIVE:\44182690\1\58399.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
                          Debtors.                 :    (Jointly Administered)
                                                   :
------------------------------------------------------------x

**ORDER IN AID OF EXECUTION OF
THE MODIFIED THIRD AMENDED CHAPTER 11 PLAN OF
LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

WHEREAS by order, dated March 6, 2012 (ECF No. 23023) (the "Confirmation Order"), this Court approved and confirmed the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan")[2] for the entities in the above referenced chapter 11 cases (the "Debtors"); and

WHEREAS on March 6, 2012, the Debtors filed a notice of the occurrence of the Effective Date of the Plan (ECF No.26039) with the Court; and

WHEREAS, pursuant to the Confirmation Order, the Court retained exclusive jurisdiction over all matters arising under or related to the Chapter 11 Cases, including, without limitation, to "enter and implement other orders, and take such other actions as may be necessary or appropriate to enforce … the Plan, the Confirmation Order or any other order of the Bankruptcy Court"; and

WHEREAS, on January 7, 2013, the Plan Administrator filed a motion for an order in aid of execution of the Plan (ECF No. 33676) (the "Motion"), and provided due and proper notice thereof; and

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

US_ACTIVE:\44182690\1\58399.0003

WHEREAS the Court has found and determined that the relief sought in the Motion is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. Notwithstanding anything contained in Section 1.48 of the Plan, the Plan Administrator shall file on the docket of the Chapter 11 Cases a written notice of Distribution Date at least forty-seven (47) calendar days prior to such Distribution Date.

3. Notwithstanding anything contained in Section 8.3 of the Plan, (A) the Plan Administrator shall schedule the third Distribution Date on a Business Day that falls between March 25, 2013 and April 30, 2013 and provide holders of Allowed Claims with notice of same as provided for in paragraph 2 herein; *provided*, *however*, that the Plan Administrator may adjourn the third Distribution without changing the related Record Date by filing a notice on the docket of the Chapter 11 Cases so long as the adjourned date is on or before April 30, 2013; and (B) following the third Distribution, the Plan Administrator shall schedule Distribution Dates semi-annually within five (5) Business Days of March 30 and within five (5) Business Days of September 30 of each year and provide holders of Allowed Claims with notice of same as provided for in paragraph 2 herein.

4. Notwithstanding anything contained in Section 8.11 of the Plan, the Plan Administrator shall not be required to recognize any Claim transfer occurring during the period commencing forty (40) calendar days prior to a Distribution Date and any such Claim transfers shall, for Distribution purposes only, be deemed to have occurred immediately after such Distribution Date.

5. The Plan Administrator shall be authorized to make Distributions on account of Affiliate Claims in advance of a Distribution Date to facilitate Distributions in accordance with the Plan.

      6.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York

                                  _____
                                  UNITED STATES BANKRUPTCY JUDGE