WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:  (212) 530-5000
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell

-and-

MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1850 K Street, NW, Suite 1100
Washington, D.C. 20006
Telephone:  (202) 835-7500
David S. Cohen

Attorneys for Litigation Subcommittee of the
Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                              :
**In re**                                     :    **Chapter 11 Case No.**
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :    **08-13555 (JMP)**
                                              :
                    **Debtors.**              :    **(Jointly Administered)**
                                              :
-------------------------------------------------------------------x

**REPLY IN SUPPORT OF JOINT MOTION OF LEHMAN
BROTHERS HOLDINGS INC. AND LITIGATION SUBCOMMITTEE
OF CREDITORS' COMMITTEE, PURSUANT TO SECTION 105(a) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1), TO EXTEND
STAY OF AVOIDANCE ACTIONS AND GRANT CERTAIN RELATED RELIEF**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan"), and the litigation subcommittee of the

Official Committee of Unsecured Creditors appointed in these cases (the "Committee"), file this

reply to the objection interposed by Nationwide Life Insurance Company and Nationwide

Mutual Insurance Company (together, the "Nationwide Parties") to the joint motion of the Plan

Administrator and the Committee, dated December 21, 2012 [ECF No. 33322], to extend the stay

of avoidance actions and grant certain related relief (the "Motion")[1] and respectfully represent:

**Preliminary Statement**

1.      The extension of the Stay affects hundreds of parties who are named

defendants in various Avoidance Actions filed by the Chapter 11 Estates.  Out of all the

defendants to the Avoidance Actions, only the Nationwide Parties, two affiliated noteholder

defendants in the Distributed Action, filed an objection to the requested relief (the "Objection").

*See* ECF No. 34136.  Despite the purportedly "narrow" carve-out from the Stay sought by the

Nationwide Parties, the result of such carve-out would be anything but narrow.  The Nationwide

Parties purportedly seek the carve-out to (i) conduct narrow limited discovery of LBHI and

LBSF and (ii) file a limited motion to dismiss on a threshold legal issue.  In actuality, the

Nationwide Parties seek to litigate the Distributed Action on the merits, contravening the very

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

US_ACTIVE:\44183796\7\58399.0003

purpose of the Stay, which is to foster consensual resolutions of the Avoidance Actions without costly, burdensome litigation.  The arguments proffered by the Nationwide Parties, rather than supporting their proposed carve-out, actually demonstrate the continued need for the Stay.  The Objection should, therefore, be overruled.

**The Objection**

2.      The Nationwide Parties contend that there may be an issue as to whether the claims asserted against them in the Second Amended Complaint in the Distributed Action are barred by the applicable statute of limitations.  Thus, they contend, they should be permitted to conduct discovery on this issue and, if appropriate, to file a motion to dismiss the Second Amended Complaint.  *See* Objection, at 1-2.

3.      Substantially all of the Objection deals with the merits of the statute of limitations argument, *see* Objection at 6-13, rather than the issue that is before the Court, *i.e.*, the extension of the Stay of the Avoidance Actions.  Although the Nationwide Parties make a vague, amorphous allegation of prejudice, the Objection fails to demonstrate how the Nationwide Parties will be prejudiced by an extension of the Stay.  The reason for such a blatant omission is obvious – there is no prejudice.  Accordingly, and in light of the substantial benefits that have inured and will continue to inure to the Chapter 11 Estates, the Committee, the hundreds of other Avoidance Action Defendants, and the Court, the Stay should be extended.

**An Extension of the Stay Is in the Best Interests
of the Chapter 11 Estates and Should Be Approved**

4.      The Stay has enabled the Chapter 11 Estates and the Committee to preserve valuable causes of action and, at the same time, to attempt to resolve disputes consensually, with minimal time and money spent on costly discovery, motion practice, and trial.  Since the Motion was filed, LBSF's settlement with certain noteholders to the Belmont

3

Transactions has been approved by the requisite noteholders and is awaiting final signatures.

Notably, some of these noteholders had objected to previous extensions of the Stay.

5.      More exciting from the point of view of the Chapter 11 Estates, LBSF has

also reached a settlement with Canadian Imperial Bank of Commerce ("CIBC"), the senior

noteholder in one of the largest transactions that is the subject of the Distributed Action. The

settlement with CIBC generated a recovery of approximately $149.5 million for LBSF and

resulted in the dismissal of the Distributed Action as to CIBC. This positive outcome – achieved

without litigation – may not have been possible without the breathing room to negotiate provided

by the Stay.

6.      These successes, among many others, show that the Stay has had the

salutary effect for which it was intended. Given these successes and, as described in the Motion,

the progress being made in resolving all of the Avoidance Actions, including through the Court's

ADR procedures, the Chapter 11 Estates and the Committee should be granted the time and the

opportunity to achieve similar successes and make continued progress in resolving the

Avoidance Actions without Court intervention.

7.      The Nationwide Parties argue that they should be allowed to take

discovery because the Chapter 11 Estates were previously allowed to take discovery and that it

would be unfair and prejudicial for the Nationwide Parties to not be allowed to conduct

discovery on the same topic. *See* Objection, at 2-3, 13. This argument completely misses the

point and reflects a fundamental misunderstanding of the Avoidance Actions and the effect of the

Stay.

8.      First, LBSF conducted discovery, pursuant to an order of this Court, to

determine whether the Nationwide Parties, among others, had received potentially avoidable

4

distributions.  That discovery was conducted before the Nationwide Parties were even added as defendants to the Distributed Action.

9.    In addition, the Nationwide Parties have ignored or are unaware of the benefits that have resulted from the limited discovery conducted by LBSF.  In numerous instances, potential defendants have provided discovery that has demonstrated that they should not be named as defendants.  As a result of its Court-ordered discovery process, LBSF has been able to identify the correct defendants, dismiss incorrectly named noteholder defendants, and avoid suing incorrect parties.

10.    Now that the Nationwide Parties have confirmed that they received distributions and, therefore, been added as defendants to the Distributed Action, the Nationwide Parties will not be subject to any further discovery unless and until the Stay is lifted or expires and the parties proceed to litigation.  The discovery standstill effected by the Stay does not prejudice the Nationwide Parties; they will have the opportunity to conduct discovery when the Stay is lifted or expires if they do not settle before that time.

11.    Moreover, the Nationwide Parties, in arguing that the relief they seek is limited, fail to take into account that they are just two parties in one Avoidance Action.  The Distributed Action alone includes 263 additional defendants; there are a multitude of defendants in the other Avoidance Actions.  If all such parties were allowed to conduct discovery, the Chapter 11 Estates would be forced to divert critical resources from resolving the Avoidance Actions consensually to responding to an onslaught of discovery requests, which would undermine the purpose of the Stay.

12.    The Nationwide Parties also argue that after they conduct discovery they should be allowed to file dispositive motions on what they call a threshold legal issue.  *See* Objection, at 2-3, 13.  The statute of limitations issue is a substantive legal issue, the litigation of

5

which would be a major undertaking.  Moreover, other Avoidance Action Defendants may have

similar arguments and may, likewise, want to proceed to litigate the issue.  This is exactly the

type of litigation the Stay is designed to avoid.  When the Stay is lifted or expires, if the parties

do not settle before that time, the Nationwide Parties will have a full and fair opportunity to

litigate the statute of limitations issue.[2]

13.     If the relief sought by the Nationwide Parties were granted, extensive

litigation would ensue, subverting what even the Nationwide Parties cite as the "laudable goals"

of the Stay.  *See* Objection, at 3.  The Nationwide Parties argue that the relief they seek would

eliminate a waste of resources by the Chapter 11 Estates, *see* Objection, at 13, but the relief they

seek would actually cause a waste of resources by redirecting the Chapter 11 Estates' resources

away from their settlement efforts, including through the Court's ADR procedures, and to

litigation.

14.     Finally, the Nationwide Parties allege that a continuation of the Stay

would "begin to enter an area of an abuse of discretion" and "enters a realm of high prejudice."

*See* Objection, at 13-14.  The Nationwide Parties have not even attempted to explain what this

prejudice may be.  In fact, there is no prejudice.  While the Stay is in place, the Nationwide

Parties will not have to expend any resources responding to discovery requests or engaging in

motion practice.  Instead, if they wish to resolve the dispute quickly and efficiently, the

---

[2] The Nationwide Parties did have an opportunity to raise the statute of limitations issue when LBSF sought leave to amend the First Amended Complaint in the Distributed Action to add additional defendants, including the Nationwide Parties. *See Lehman Brothers Special Financing Inc.'s Motion for Leave to Amend Its First Amended Complaint and Extend Its Time for Service of Process Pursuant to Rule 7004 and 7015 of the Federal Rules of Bankruptcy Procedure*, dated June 29, 2012, Adv. Proc. No. 10-03547 [ECF Nos. 237, 238].  All the potential defendants, including the Nationwide Parties, were provided with notice of that motion.  While the Nationwide Parties reserved their rights, they did not raise any substantive legal arguments at that time. *See Amended Limited Objection and Reservation of Rights of Nationwide Life Insurance Company and Nationwide Mutual Insurance Co. (Improperly Pled as "Nationwide Mutual Life Insurance Co.") to Lehman Brothers Special Financing Inc.'s Motion for Leave to Amend Its First Amended Complaint and Extend Its Time for Service of Process Pursuant to Rules 7004 and 7015 of the Federal Rules of Bankruptcy Procedure*, dated July 11, 2012, Adv. Proc. No. 10-03547 [ECF No. 269].

US_ACTIVE:\44183796\7\58399.0003

Nationwide Parties may engage with LBSF in the same type of consensual resolution process that has proven successful for so many other parties to date.

### Conclusion

15.     The Stay has been enormously beneficial to the consensual resolution of numerous Avoidance Actions, and an extension of the Stay is also an integral part of the implementation of the Court's ADR procedures in these cases.  The Plan Administrator and the Committee have met their burden that the Stay and the Service Deadline should be extended.  The Court should not allow the parochial litigation strategy of the Nationwide Parties to derail a process that has been extremely successful and that has benefited hundreds of other parties.  The Plan Administrator and the Committee, therefore, respectfully request that the Court extend the Stay and the Service Deadline for an additional six (6) months, without prejudice to their ability to request further extensions.

WHEREFORE the Plan Administrator and the Committee respectfully request that

US_ACTIVE:\44183796\7\58399.0003

the Court overrule the Objection, enter the Order, and grant the Plan Administrator and the

Committee such other and further relief as is just.

Dated:  January 28, 2013
        New York, New York

                                      /s/ Jacqueline Marcus
                                      Richard W. Slack
                                      Jacqueline Marcus

                                      WEIL, GOTSHAL & MANGES LLP
                                      767 Fifth Avenue
                                      New York, New York 10153
                                      Telephone: (212) 310-8000
                                      Facsimile: (212) 310-8007

                                      Attorneys for Lehman Brothers Holdings Inc.
                                      and Certain of Its Affiliates


                                      /s/ David S. Cohen
                                      Dennis F. Dunne
                                      Evan R. Fleck
                                      Dennis C. O'Donnell
                                      MILBANK, TWEED, HADLEY & M$^{c}$CLOY LLP
                                      1 Chase Manhattan Plaza
                                      New York, New York 10005
                                      Telephone:  (212) 530-5000

                                      -and-

                                      David S. Cohen
                                      MILBANK, TWEED, HADLEY & M$^{c}$CLOY LLP
                                      1850 K Street, NW, Suite 1100
                                      Washington, D.C. 20006
                                      Telephone:  (202) 835-7500

                                      Attorneys for Litigation Subcommittee of the
                                      Official Committee of Unsecured Creditors

8