WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

### NOTICE OF HEARING ON PLAN ADMINISTRATOR'S
### OMNIBUS OBJECTION TO CLAIMS FILED BY DEBORAH E. FOCHT

**PLEASE TAKE NOTICE** that on January 28, 2013, Lehman Brothers Holdings

Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

the entities in the above referenced chapter 11 cases, filed its omnibus objection to the claims

filed by Deborah E. Focht (the "Focht Objection"), and that a hearing (the "Hearing") to consider

the Focht Objection will be held before the Honorable James M. Peck, United States Bankruptcy

Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New

York, One Bowling Green, New York, New York 10004, on **February 28, 2013 at 10:00 a.m.**

**(prevailing Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Focht

Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and

the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with a hard copy delivered

directly to Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399, upon (i)

the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York

10004, Courtroom 601; (ii) attorneys for the Plan Administrator, Weil, Gotshal & Manges LLP,

767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq.); and (iii) the

Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York,

New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B.

Schwartz, Esq.), so as to be so filed and received by no later than **February 21, 2013 at 4:00**

**p.m. (prevailing Eastern Time)** (the "Response Deadline").

2

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Focht Objection, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Focht Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: January 29, 2013
     New York, New York

          /s/ Jacqueline Marcus
          Jacqueline Marcus

          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile: (212) 310-8007

          Attorneys for Lehman Brothers Holdings Inc.
          and Certain of Its Affiliates

US_ACTIVE:\44150782\4\58399.0003

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                                             :     Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,     :     **08-13555 (JMP)**
                                                                  :
                                    **Debtors.**          :     **(Jointly Administered)**
-------------------------------------------------------------------x

**PLAN ADMINISTRATOR'S OMNIBUS**
**OBJECTION TO CLAIMS FILED BY DEBORAH E. FOCHT**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan

Administrator pursuant to the *Modified Third Amended Joint Chapter 11 Plan of Lehman*

*Brothers Holdings Inc. and its Affiliated Debtors* (the "Plan") for the entities in the above

referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), files this omnibus objection

to the proofs of claim (the "Focht Claims") filed by Deborah E. Focht ("Focht"), and respectfully

represents as follows:

**Jurisdiction**

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§157 and 1334 and section 14(c) of the Plan.  This is a core proceeding pursuant to 28 U.S.C.

§157(b).

1

## Background

2.      Commencing on September 15, 2008 and periodically thereafter, LBHI

and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary

cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").[1]

3.      By order, dated July 2, 2009 (ECF No. 4271) (the "Bar Date Order"), this

Court established September 22, 2009 (the "Bar Date") as the deadline for persons or entities to

file proofs of claim based on prepetition claims (as defined in section 101(5) of the Bankruptcy

Code) against the Debtors.

4.      On January 14, 2010, this Court entered an order (the "Objection

Procedures Order") authorizing the Debtors to file omnibus objections on various grounds,

including those set forth in Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and those additional grounds set forth in the Objection Procedures Order

(ECF No. 6664).

5.      On December 6, 2011, the Court entered an order confirming the Plan

(ECF No. 22737).  The Plan became effective on March 6, 2012.

6.      Pursuant to the Plan, the Plan Administrator is authorized to interpose and

prosecute objections to claims filed against the Chapter 11 Estates.

## The Focht Claims

7.      Following the Bar Date, on September 23 and October 21, 2009, Focht

filed five claims in the Chapter 11 Cases (the "Focht Claims"), which claims were assigned

---

[1] Relevant to this matter, the Chapter 11 Cases of Lehman Brothers OTC Derivatives Inc. ("LBOTC"),
Lehman Brothers Derivative Products Inc. ("LBDP") and BNC Mortgage LLC ("BNC") were filed on
October 3, 2008, October 5, 2008 and January 9, 2009, respectively.

2

claim numbers 34380, 34381, 42914, 42915, and 42916 by the Court-approved claims and

noticing agent.  Copies of the Focht Claims are attached hereto as <u>Exhibit 1</u>.

8.      On September 13, 2010 (ECF No. 11305) and July 11, 2011 (ECF No.

18399), respectively, the Debtors objected to the Focht Claims on their 40th and 158th omnibus

claims objections.  The basis for each of these objections was that the Focht Claims were filed

after the Bar Date.

9.      On May 31, 2012, the Plan Administrator withdrew without prejudice the

Debtors' 40th and 158th omnibus claims objections as they relate to Focht Claims 34380 and

34381 (ECF No. 28283), each of which was filed on September 23, 2009.

10.      In order to consolidate all of its defenses to the Focht Claims in a single

objection, the Plan Administrator withdrew without prejudice the Debtors' 40th and 158th

omnibus objections, as they relate to Focht Claims 42914, 42915 and 42916 on January 23, 2013

(ECF Nos. 34121 and 34122) and now interposes this omnibus objection in lieu thereof.

<u>**Relief Requested**</u>

11.      Pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule

3007(d), the Plan Administrator seeks to disallow and expunge the Focht Claims in their entirety

on the following grounds:

3

| Focht Claim | Grounds for Objection |
| --- | --- |
| 34380 (BNC) | 1. Focht Claim 34380 is not based on a valid right to payment or a legal obligation of BNC, and therefore, as a matter of law, Focht Claim 34380 should be disallowed and expunged in its entirety. |
| 34381 (LBHI) | 1. Focht Claims 34381 is not based on a valid right to payment or a legal obligation of LBHI, and therefore, as a matter of law, Focht Claim 34381 should be disallowed and expunged in its entirety. |
| 42914 (BNC) | 1. Focht Claim 42914 was filed nearly a month after the Bar Date. Pursuant to the Bar Date Order, parties such as Focht who failed to file proofs of claim on or before the Bar Date are barred, estopped and enjoined from asserting such claims against the Chapter 11 Estates.<br>2. Focht Claim 42914 is not based on a valid right to payment or a legal obligation of BNC and. therefore, as a matter of law, Focht Claim 42914 should be disallowed and expunged in its entirety. |
| 42915 (LBOTC) | 1. Focht Claim 42915 was filed nearly a month after the Bar Date. Pursuant to the Bar Date Order, parties such as Focht who failed to file proofs of claim on or before the Bar Date are barred, estopped and enjoined from asserting such claims against the Chapter 11 Estates.<br>2. Focht Claim 42915 is not based on a valid right to payment or a legal obligation of LBOTC and, therefore, as a matter of law, Focht Claim 42915 should be disallowed and expunged in its entirety. |
| 42916 (LBDP) | 1. Focht Claim 42916 was filed nearly a month after the Bar Date. Pursuant to the Bar Date Order, parties such as Focht who failed to file proofs of claim on or before the Bar Date are barred, estopped and enjoined from asserting such claims against the Chapter 11 Estates.<br>2. Focht Claim 42916 is not based on a valid right to payment or a legal obligation of LBDP and, therefore, as a matter of law, Focht Claim 42916 should be disallowed and expunged in its entirety. |

## Description of the Focht Claims

12.     Following a careful analysis of the Focht Claims, the records of the

relevant Chapter 11 Estates, and the docket of the Foreclosure Action (as defined below), the

Plan Administrator has determined that each of the Focht Claims is substantively and

procedurally deficient and should be disallowed and expunged. The following is a summary of

the Focht Claims including a discussion of (i) the supporting documentation submitted by Focht

4

for such claims; and (ii) additional background information that the Plan Administrator has been able to obtain from public records.

### A.  Focht Claim 34381

13.     Focht Claim 34381, which was filed on September 23, 2009, asserts a claim against "Lehman Brothers Holdings Inc., et al." in the amount of $1,104,000.00.  The basis for Focht Claim 34381 appears to be that LBHI "[m]ay be Actual Lender holding insurance or Derivative Agreements."  Focht submitted no additional explanation or documentation in support of Focht Claim 34381.

### B.  Focht Claims 34380 and 42914

14.     Focht Claims 34380, which was filed on September 23, 2009, and 42914, which was filed on October 21, 2009, are virtually identical.  Each asserts a claim against BNC in the amount of $160,537.26 arising out of what Focht terms a "wrongful foreclosure for paid fraudulent loan."

### C.  Focht Claims 42915 and 42916

15.     Focht Claims 42915 and 42916, which were filed against LBOTC and LBDP, respectively, each asserts a claim in the amount of $1,104,000.00.  As the basis for Focht Claims 42915 and 42916, Focht alleges that LBOTC and LBDP "[m]ay be actual Lender or Owner holding insurance or derivative agreement."

### D.  Statement in Support of Claims

16.     Attached to Focht Claims 34380, 42914, 42915 and 42916 is a document titled *Statement* [or Amended Statement] *in Support of Proof of Claim Objections and Motions to Lift Automatic Stay, Order Production of All Documents in Possession of BNC Mortgage Inc., Lehman Brothers Holdings Inc., Et Al., Order Blocking Transfer of Core Assets Under the Bankruptcy Abuse Prevention & Consumer Protection Act, 11 U.S.C. §363(o), Subject Sales or*

5

*Transfers by New Purchaser(s) Subject to Provisions of Consumer Claims and Defenses of Consumer Disclosure/Credit Transaction or Contract and Order Exceptions to Discharge Under 11 U.S.C. §523 Brought Against Debtors' BNC Mortgage LLC and/or Lehman Brothers Holdings Inc., Et al.*(the "Statement in Support of Claims").

17.     While the explanation for the Focht Claims contained in the Statement in Support of Claims is difficult to follow, the Plan Administrator believes that the dispute between Focht and the Chapter 11 Estates arises out of a mortgage loan (the "Loan") entered into by Focht and BNC Mortgage Inc.[2] in October of 2002, pursuant to which BNC loaned Focht $110,400.00.  The Loan was evidenced by a note (the "Note") and Focht's obligations thereunder were secured by a mortgage (the "Mortgage," together with the Note, the "Loan Documents").[3]  The Mortgage encumbered certain real property located at 530 Laurel Road, Nokomis, Florida (the "Property").  Mortgage Electronic Registrations Systems, Inc., as nominee for BNC, is listed as the mortgagee on the Mortgage.  *See* Statement in Support of Claims, ¶¶1-3, Loan Documents.

18.     The Plan Administrator has determined that, on or about December 30, 2002, BNC sold its interest in the Loan into a securitization trust called Structured Asset Securities Corporation – Amortizing Residential Collateral Trust Mortgage Pass Through Certificates, Series 2002-BC10.

---

[2] BNC Mortgage, Inc. and BNC Mortgage LLC are the same entity.  BNC was originally organized under the laws of Delaware as a corporation under the name "BNC Mortgage, Inc."  On or about January 13, 1998, BNC changed its corporate form from a corporation to a limited liability company under the name "BNC Mortgage LLC."  BNC is still referred to as "BNC Mortgage Inc." in those states in which it is registered to conduct business under its former name.

[3] The Loan Documents are attached as exhibits to certain of the Focht Claims.

6

19.     On or about January 16, 2008, Wells Fargo Bank, N.A., as trustee for the securitization trust ("Wells Fargo"), commenced an action in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida (the "Florida State Court") seeking to foreclose on the Property (the "Foreclosure Action").  *See* Statement in Support of Claims, ¶ 7.

20.     The Plan Administrator has determined that the Florida State Court entered a judgment of foreclosure in favor of Wells Fargo on or about August 15, 2011 (the "Foreclosure Judgment").  A copy of the Foreclosure Judgment is attached hereto as Exhibit 2. Focht has appealed or otherwise sought to attack the Foreclosure Judgment on several occasions, but has not been successful.  *See* Foreclosure Action docket, a copy of which is attached hereto as Exhibit 3.

21.     The Statement in Support of Claims contains many allegations of malfeasance, the majority of which relate to actions of third parties not before this Court.  Setting aside those matters that cannot plausibly be attributed to the Chapter 11 Estates, the Focht Claims appear to be based on BNC's allegedly wrongful conduct in connection with the origination of the Loan (*see* Statement in Support of Claim, ¶¶ 9-11), and the alleged receipt, by LBHI, LBDP and/or LBOTC, of certain amounts under an insurance policy or derivative contract that was designed to pay in the event of a default under the Loan (*see* Statement in Support of Claim, ¶ 19).  No explanation is given as to why Focht believes that LBHI, LBOTC, and/or LBDP held such an insurance policy or derivative contract or, assuming that they did, why Focht would be entitled to share in any proceeds thereof.  Instead, Focht merely asserts that such insurance policy or derivative contract "may calculate up to ten times the original loan amount of $110,400.00, totaling $3,312,000.00, in which [Focht] should be entitled to one-third

7

at approximately $1,104,000.00." *Id.* No support for this assertion is provided and Focht's calculations are not consistent with her methodology.

22.    Confusingly, Focht also purports to move for discovery and for a stay, presumably of the Foreclosure Action (*see* Statement in Support of Claim, ¶ 29). This relief is both moot and not properly sought in a proof of claim. Accordingly, these demands will not be addressed in this objection. The Plan Administrator reserves all of its rights in connection therewith.

### The Focht Claims Should Be Disallowed and Expunged in Their Entirety

23.    The Focht Claims are a mishmash of implausible legal theories and unsupported allegations involving every party (including many third parties) that ever had anything to do with the Loan and several parties with no discernible connection to Focht. As described below in greater detail, each of the Focht Claims is both substantively and procedurally deficient. Accordingly, the Plan Administrator respectfully requests that the Focht Claims be expunged in their entirety.

## I.    Focht Claims 42914, 42915 and 42916 Are Late Filed and Should Be Disallowed and Expunged

24.    The Bar Date Order established September 22, 2009 at 5:00 p.m. as the Bar Date and required that proofs of claim be actually received by Epiq Bankruptcy Solutions, LLC ("Epiq"), the Debtors' court-appointed claims and noticing agent, on or before the Bar Date. As evidenced by the time stamp affixed by Epiq to Focht Claims 42914, 42915 and 42916, these claims were received on October 21, 2009 – nearly a month after the Bar Date.[4]

---

[4] Focht Claims 34380 and 34381, received by Epiq on September 23, 2009, were also late filed. To the extent that the Court does not disallow and expunge Focht Claims 34380 and 34381 in connection with this objection, the Plan Administrator reserves its right to object to Focht Claims 34380 and 34381 on the basis that they were late filed.

25.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "proof of such claim is not timely filed." 11 U.S.C. § 502(b)(1). "Bar dates are 'critically important to the administration of a successful chapter 11 case.'" *In re Lehman Bros. Holdings, Inc.*, 433 B.R. 113, 119 (Bankr. S.D.N.Y. 2010) (quoting *In re Musicland Holding Corp.*, 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006)). A bar date is more than a "procedural gauntlet" and functions as "an integral part of the reorganization process." *In re Hooker Invs., Inc.*, 937 F.2d 833, 840 (2d Cir. 1991). A bar date enables debtors to determine with reasonable promptness, efficiency and finality what claims will be made against their estates – a determination without which they cannot effectively reorganize. *In re Keene Corp.*, 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995). Accordingly, bar dates are strictly enforced in the Second Circuit. *See id.*; *In re Lehman Bros. Holdings Inc.*, 433 B.R. at 119-20; *In re Musicland Holding Corp.*, 356 B.R. at 607 ("The bar date is akin to a statute of limitations, and must be strictly enforced.").

26.    Additionally, the Bar Date Order expressly provides

> that any holder of a claim against the Debtors who is required, but fails to file a proof of such claim on or before the Bar Date . . . shall be forever barred, estopped and enjoined from asserting such claim against the Debtors . . . and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim.

Bar Date Order, pp 9-10.

27.    Focht Claims 42914, 42915 and 42916 were filed nearly a month after the Bar Date and are barred by the Bar Date Order. The Plan Administrator requests that the Court disallow and expunge Focht Claims 42914, 42915 and 42916 in their entirety.

US_ACTIVE:\44150782\4\58399.0003

## II.  The Focht Claims Against LBHI, LBOTC and LBDP Should Be Disallowed and Expunged Because LBHI, LBOTC and LBDP Have No Liability to Focht

28.      Focht Claims 34381, 42915 and 42916, which are asserted against LBHI, LBOTC and LBDP, respectively, relate to insurance policies or derivative contracts allegedly held by these entities that, according to Focht, were designed to pay the holder more than $3 million upon the default of the Loan.  For a prepetition claim to be valid, the claimant must demonstrate it possesses a right to payment and that the right arose prior to the filing of the bankruptcy petition.  *See Manville Forest Products Corp. v. Riverwood Int'l Corp. (In re Manville Forest Prods. Corp.)*, 209 F.3d 125, 128 (2d Cir. 2000).  A right to payment is nothing more than an enforceable obligation.  *Pennsylvania Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 558 (1990).  The right to payment can constitute a prepetition claim if, before the filing of the bankruptcy petition, "the relationship between the debtor and the creditor contained all of the elements necessary to give right to a legal obligation—a 'right to payment'—under the relevant non-bankruptcy law."  *LTV Steel Co., Inc. v. Shalala (In re Chateaugay Corp.)*, 53 F.3d 478, 497 (2d Cir. 1995) (quoting *In re Nat'l Gypsum Co.*, 139 B.R. 397, 405 (N.D.Tex. 1992) (internal citations omitted)).

29.      Bankruptcy Rule 3001(f) further provides that a proof of claim is *prima facie* evidence of the validity and amount of such claim.  However, to be entitled to the weight afforded by Bankruptcy Rule 3001(f), the proof of claim must comply with the Bankruptcy Rules and set forth the facts necessary to support the claim.  *In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000); *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988); *In re FIRSTPLUS Fin., Inc.*, 248 B.R. 60 (Bankr. N.D. Tex. 2000); *In re North Bay Gen. Hosp., Inc.*, 404 B.R. 443 (Bankr. S.D. Tex. 2009).  If the claimant does not allege a sufficient legal basis for the claim, the claim is not considered *prima facie* valid, and the burden remains with the claimant to establish

10

the validity of the claim.  *Chain*, 255 B.R. at 281; *Marino*, 90 B.R. at 28.  *Best Payphones, Inc. v. Verizon N.Y., Inc. (In re Best Payphones, Inc.)*, 2006 U.S. Dist. LEXIS 10297 at *9 (S.D.N.Y. Mar. 14, 2006) ("it is clearly established law that the Rule 3001(f) presumption governs only the burden of production, and that the ultimate burden of proving the claim by a preponderance of the evidence remains with the claimant").

30.    The Focht Claims asserted against LBHI, LBOTC and LBDP are entirely based on Focht's unsupported assertion that one or more of these entities held insurance policies or derivative contracts that were related to the Loan.  This assertion is erroneous.  After reviewing the records of LBHI, LBOTC and LBDP, the Plan Administrator has been unable to locate any insurance policy or derivative contract that is directly related to the Loan.  More importantly, even if Focht could establish the existence of such an insurance policy or derivative contract, she has failed to explain why she would have any right to payment in connection therewith.  Accordingly, Focht has failed to allege a sufficient legal basis for the Focht Claims against LBHI, LBOTC and LBDP and these claims are not *prima facie* valid.

31.    Section 502(a) of the Bankruptcy Code provides that a filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524,539 (Bankr. S.D.N.Y. 2000).  Having offered no documents, facts, or legal theory that would give rise to liability on the part of LBHI, LBOTC or LBDP, Focht has failed to satisfy this criteria.  As a matter of law, therefore, Focht has not, and cannot, satisfy the burden of proving the validity of

11

the Focht Claims against LBHI, LBOTC or LBDP by a preponderance of the evidence.

Accordingly, the Plan Administrator requests that Focht Claims 34381, 42915 and 42916 be

disallowed and expunged in their entirety based on Focht's failure to demonstrate any

relationship, much less a right to payment, between herself and LBHI, LBOTC or LBDP.

### III.  The Focht Claims Against BNC Are Time Barred Under Florida Law and Have Already Been Considered and Rejected in the Foreclosure Action

32.    Focht Claims 34380 and 42914, which are asserted against BNC, appear

to relate to BNC's origination of the Loan.  More specifically, the asserted basis for each of these

claims is "wrongful foreclosure for paid fraudulent loan."  The Statement in Support of Claims

contains allegations that (i) Focht was under duress when she entered into the Loan (*see*

Statement in Support of Claim, ¶ 1); and (ii) that the date and/or signature on certain of the Loan

Documents were altered or forged (*see* Statement in Support of Claim, ¶¶ 8, 11).  Setting aside

all of the other extraneous allegations that do not involve BNC or are otherwise inapposite, Focht

appears to alleging that BNC's conduct in connection with the origination of the Loan was

fraudulent.

33.    Under Florida law, the statute of limitations for fraud claims is four years.

FLA. STAT. ANN. §95.11(3)(j).  The four years runs from the time that the "facts giving rise to the

cause of action were discovered or should have been discovered with the exercise of due

diligence."  FLA. STAT. ANN. §95.031(2)(a).  To the extent that BNC engaged in any fraudulent

conduct in connection with the origination of the Loan, and Focht has produced no evidence that

it did, such conduct would have been immediately apparent to Focht.  For example, if, as Focht

alleges, BNC exerted improper pressure on Focht during the closing, she would have had actual

knowledge of such conduct the moment it occurred.  Similarly, if BNC forged Focht's signature

or altered the date on the Loan Documents, Focht could have (and a prudent person would have)

12

discovered the alleged fraud following a cursory review of the Loan Documents immediately following the closing.  Accordingly, under Florida law, the statute of limitations for Focht's fraud claims stared running on or about October 18, 2002, the date on which the closing occurred, and expired, four years later, on or about October 18, 2006 – nearly two years before the commencement of these Chapter 11 Cases.  Focht is, therefore, precluded by Florida's statute of limitations from asserting claims arising out of BNC's allegedly fraudulent conduct.

34.    As described above in greater detail, in order for a claim to be allowed, the claimant must establish that it holds a valid and enforceable right to payment in connection therewith.  *See Manville Forest Products Corp.*, 209 F.3d at 128.  Even if Focht could establish that BNC engaged in fraudulent conduct in connection with the origination of the Loan, and the Plan Administrator does not believe that she could, Focht would still lack an enforceable right to payment because the statute of limitations on her fraud claims expired long before the commencement of the Chapter 11 Cases.  Focht Claims 34380 and 42914 should, therefore, be disallowed and expunged.

35.    While the application of Florida's statute of limitations, standing alone, is sufficient to mandate the disallowance of the Focht Claims against BNC, it should also be noted that Focht has already had an opportunity to litigate all of these issues in connection with the Foreclosure Action.  The Foreclosure Judgment does not contain a detailed discussion of the argument raised by the parties or the Florida State Court's conclusions in connection with same.  Under Florida law, however, in order to enter the Foreclosure Judgment, the Florida State Court must have found that Wells Fargo had standing to foreclose.  *See GMAC Mortgage, LLC v. Choengkroy*, 98 So. 3d 781, 781 (Fla Dist. Ct. App. 2012).  In order to have standing, Wells Fargo must have presented evidence that it was the owner or holder of the Note.  *Id*. at 782.

13

Accordingly, the validity of the Note itself and the transfer of the Note from BNC to the

securitization trust were squarely before the Florida State Court in the Foreclosure Action and

Focht offers no compelling reason why this Court should revisit issues already considered and

decided in the Foreclosure Action.

### Reservation of Rights

36.    To the extent that this Court does not grant the relief requested herein, the

Plan Administrator reserves its right to object to the Focht Claims for any other reasons.

### Notice

37.    No trustee has been appointed in these chapter 11 cases.  The Plan

Administrator has served notice of this objection, in accordance with the procedures set forth in

the second amended order entered on June 17, 2010 governing case management and

administrative procedures (ECF No. 9635), on: (i) Focht; (ii) the United States Trustee for

Region 2; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service;

(v) the United States Attorney for the Southern District of New York; and (vi) all parties who

have requested notice in these chapter 11 cases.  The Plan Administrator submits that no other or

further notice need be provided.

14

38.    Except as described above, no previous request for the relief sought

herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other

Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order

granting the relief requested herein and such other and further relief as is just.

Dated: January 29, 2013
       New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

15

# EXHIBIT A
## (Focht Claims)

US_ACTIVE:\44150782\4\58399.0003

| **United States Bankruptcy Court/Southern District of New York** | | **PROOF OF CLAIM** |
| Lehman Brothers Holdings Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5076 New York, NY 10150-5076 | | |

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | Filed: USBC - Southern District of New York Lehman Brothers Holdings Inc., Et Al. 08-13555 (JMP)    0000034380 |
| Name of Debtor Against Which Claim is Held Bnc Mortgage LLC | Case No. of Debtor 09 - 10137 (JMP) | |

THIS SPACE IS FOR COURT USE ONLY

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this Proof of Claim should not be used to make a claim for certain Securities. See definition of security.

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Deborah E. Focht
530 E. Laurel Road
Nokomis, FL 34275

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
*(If known)*

Filed on:_____

Telephone number: (941) 350-0561    Email Address: americanreply@gmail.co

**Name and address where payment should be sent** (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:_____    Email Address:_____

1. **Amount of Claim as of Date Case Filed:** $ 160,537.26+

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** wrongful foreclosure for paid fraudulent loan
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** FOCH
**3a. Debtor may have scheduled account as:** # 2002175528    ☐+
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:_____
Value of Property: $_____  Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____  Basis for perfection:_____
Amount of Secured Claim: $_____    Amount Unsecured: $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$_____

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.

**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain:

| | **FOR COURT USE ONLY** |
| **Date:** 9/21/09 | **FILED / RECEIVED** |
| **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | **SEP 23 2009** |
| *Deborah E. Focht* | **EPIQ BANKRUPTCY SOLUTIONS, LLC** |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:
IN RE:                                    :   Chapter 11
                                          :
BNC MORTGAGE LLC,                         :
      DEBTOR                              :   Under Case No.:  09 - 10137 (JMP)


IN RE:                                    :   Chapter 11
                                          :
LEHMAN BROTHERS HOLDINGS INC., ET AL.,    :
      DEBTOR                              :   Under Case No.: 08-13555 (JMP)
                                          :
-----------------------------------------------------------------x
                                          :
                                          :   AFFIDAVIT OF DEBORAH E. FOCHT,
                                          :   CREDITOR


## STATEMENT IN SUPPORT OF PROOF OF CLAIM

## OBJECTIONS AND MOTIONS TO LIFT AUTOMATIC STAY, ORDER PRODUCTION OF ALL DOCUMENTS IN POSSESSION OF BNC MORTGAGE INC., LEHMAN BROTHERS HOLDINGS INC., ETAL, ORDER BLOCKING TRANSFER OF CORE ASSETS UNDER THE BANKRUPTCY ABUSE PREVENTION & CONSUMER PROTECTION ACT, 11 U.S.C. §363(O), SUBJECT SALES OR TRANSFER BY NEW PURCHASER(S) SUBJECT TO PROVISIONS OF CONSUMER CLAIMS AND DEFENSES OF CONSUMER DISCLOSURE/CREDIT TRANSACTION OR CONTRACT AND ORDER EXCEPTIONS TO DISCHARGE UNDER 11 U.S.C. § 523 BROUGHT AGAINST DEBTORS' BNC MORTGAGE LLC AND/OR LEHMAN BROTHERS HOLDING INC., ETAL.

Creditor, Deborah E. Focht, (herein referred to as "Creditor") sets forth her pre-petition

statements (defined in section 101(5) of the Bankruptcy Code), as required in order to preserve

her claims against the Debtors, BNC Mortgage Inc., a.k.a. BNC Mortgage LLC, (herein referred

to as "BNC"), and/or Lehman Brother Holdings, Inc. et al, (herein referred to as "LBHI"), and in

support, states the following:

1

1. This claim arose prior to the Commencement Date of the Debtor's voluntary petition, due a mortgage loan that was closed on October 2, 4, 17 and/or 18, 2002, while the Creditor was under duress from car accident injuries and while under duress closing conditions, for a loan between the Creditor and BNC Mortgage, Inc, loan (#ANA7346FOCH), via BNC Representatives from Irvine, California, employing Professional Title Services of Sarasota.

2. The mortgage was recorded on October 23, 2002, under Official Instrument # 2002175528, of the property listed in the Public Records of Sarasota County, Florida, as Exhibit "A".

3. The Mortgage names Mortgage Electronics Registration Systems Inc., (herein referred to as "MERS"), as the nominee and mortgagee on the BNC mortgage, dated October 17, 2002, but was overwritten to October 18, 2002. (see Exhibit "MERS Mortgage")

4. The mortgage loan payments, was collected years later by loan service provider, Select Portfolio Servicing, Inc. (formerly known as Fairbanks Capital - herein referred to as "SPS").

5. The Creditor informed SPS that the financial information requested for loan payments in August 2007, was incorrect, and SPS eventually sent documents held in their possession that consisted of a different proper loan account.

6. SPS attempted to have the Creditor fill out Identity Theft paperwork regarding the BNC mortgage, while pretending an investigation, and without any mention of filing a foreclosure.

7. On January 16, 2008, unknown entity, WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION – AMORTIZING RESIDENTIAL COLLATERAL TRUST MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2002-BC10, (herein referred to as "WFBT"), filed a wrongful foreclosure action, in Sarasota County, under Case No: 2008 CA 000791

indicates contradictions, claiming BNC was the Lender and that the Borrower granted and

conveyed the mortgage to MERS (solely as nominee to Lender and Lender's successors and

assigns), including as Mortgagee.

17. MERS is not named on the BNC adjustable note and the BNC mortgage note is dated

October 17, 2002, while the mortgage is dated the 17th, but overwritten to be dated the

October 18th.

18. SPS has enforced its own insurance policy after having the Creditor's insurance policy

cancelled and BNC obtained a title insurance policy as the mortgage documents states the

following on Page 2: "(N) "Mortgage Insurance" means insurance protecting the Lender

against the nonpayment of, or default on, the Loan."

19. In the event that Lehman Brothers Holdings Inc., et al. may be the actual lender, the Creditor

should be returned all payments for the loan and/or via an insurance or a derivative

agreement that pays in the event of default or other reason, which may calculate up to ten

times the original loan amount of $110,400.00, totaling $3,312,000.00, in which the Creditor

should be entitled to one-third at approximately $1,104,000.00.

20. The Creditor does not have access to all the BNC mortgage documents, which is listed as a

subsidiary of Lehman Brothers, and BNC has not send the Creditor any of the documents.

21. WFBT has standard trust agreements describing that BNC loans were securitized in a pool

with other loans, which rendered the mortgages and notes no longer as Negotiable

Instruments and left as an unsecured debt obligations.

22. Intermediaries in this case, WFBT and SPS are still attempting to collect on the wrong loan

account even after being informed SPS was collecting on the wrong loan account and BNC,

MERS, SPS, WFBT, LEHMAN BROTHERS, AND/OR DOE, should execute in writing an

instrument acknowledging SATISFACTION of said mortgage, lien, agreement or any
judgment rendered.

23. On July 22, 2009 CNN reported a conference with President Obama stating: "… Wall Street
took extraordinary risks with other people's money. They were peddling loans that they knew
could never be paid back."

24. The Creditor has already paid BNC approximately $110,000 for two properties and paid SPS
$50,537.26, apparently for a fraudulent loan despite being the wrong loan account.

25. The Creditor's affirmative defenses, counterclaims, evidence and articles are too voluminous
to list and exhibit, however, the documents exhibited for this proof of claim, should be void,
as seen in *U.S. Bank National Association v. Ibanez*, No. 384283, 2009 WL 795201 (Mass.
Land Ct. March 26, 2009) Massachusetts Land Court Judge Keith C. Long invalidating
foreclosure sales because the lenders failed to show proof they held titles to the properties
through valid assignments and ruled that due to faulty paperwork, U.S. Bank and Wells
Fargo Bank don't really own the Greater Springfield homes that each foreclosed upon
separately in 2007.

26. The Creditor has responded to the Court that the loan default was manufactured, and in May
2009, this reason was explained by evidence that supports her position that SPS and WFBT
wanted to cause a default, but for an unexpected reason, which was heard on May 15, 2009,
on C-Span Washington Journal, reporting the Professor and Director of the Center
Department of Homeland Security and of the University of Maryland Law School, Michael
Greenberger regarding "derivatives" that the Administration believes the lack of oversight of
these markets led to the current day trouble in the financial markets.

27. This would be an agreement that the Creditor was not a party to, but was used for her signature, in order to collect on a bet that she would default on her loan, and collect what has been exposed to be up to 30 times the amount of the original loan amount.

28. Kansas Courts issued recent orders that MERS held no title, issued no credit and acted in no lending capacity...thus rendering all subsequent assignments (fraudulent they were) Void Ab Initio.

29. The Creditor motions for BNC and LBHI to produce all records in order to properly amend here proof of claim and requests an order from the Honorable Gregory Peck for stay under 11 U.S.C. 362, which triggers an injunction against the continuance of any action and that all actions in this case comes to a halt with no further state court jurisdiction in this case until U.S. Bankruptcy Honorable Gregory Peck declares as such.

CONCLUSION

30. For the reasons stated above, the Creditor Motions for all records be produced and for an Order to Stay all further court proceedings.


Respectfully Submitted by:

*Deborah E. Focht*

Deborah E. Focht
530 E. Laurel Road
Nokomis, FL 34275
(941) 350-0561


VIA OVERNIGHT MAIL

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

7

RECORDED IN OFFICIAL RECORDS
INSTRUMENT # 2002175528 21 PGS
2002 OCT 23 04:33 PM
KAREN E. RUSHING
CLERK OF CIRCUIT COURT
SARASOTA COUNTY,FLORIDA
FMILLER  Receipt#233293
Doc Stamp-Mort:    386.40
Intang. Tax:    220.80

②

Return To:

BNC MORTGAGE, INC.
P.O. BOX 19656
IRVINE, CA 92623-9656

This document was prepared by

RETURN TO: 214
PROFESSIONAL SERVICES OF SARASOTA
6378 N. LOCKWOOD RIDGE RD.
SARASOTA, FLORIDA 34243

—————————————————— [Space Above This Line For Recording Data]——    2002175528

# MORTGAGE

MIN 100122200000209152

Loan No.: ANA7346FOCH

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is dated October 17, 2002
together with all Riders to this document.

(B) "Borrower" is DEBORAH E. FOCHT, *a single woman*

Borrower is the mortgagor under this Security Instrument.

(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is
acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee
under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an
address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) "Lender" is BNC MORTGAGE, INC., A DELAWARE CORPORATION

FLORIDA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS    Form 3010  1/01

-6A(FL) (0005).01
Page 1 of 18

VMP MORTGAGE FORMS - (800)521-7291

*MERS MORTGAGE*

OFFICIAL RECORDS INSTRUMENT # 2002175528 21 pgs

STATE OF FLORIDA,                                    Sarasota      County ss:
    The foregoing instrument was acknowledged before me this  18th  of October  by
DEBORAH E. FOCHT                                                   2002

who is personally known to me or who has produced   FL. Dr. Lic.   as identification.

_____
Notary Public



-6A(FL) (0006).01              Page 16 of 16            Initials: ____       Form 3010   1/01

# TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

CREDITOR:
    BNC MORTGAGE, INC.
    P.O. BOX 19656
    IRVINE, CA 92623-9656
BORROWERS: DEBORAH E. FOCHT

_ Preliminary  X  Final
*DATE:* 10/17/2002
*LOAN NO.:* ANA7346FOCH
*Type of Loan:* 2 YEAR FIXED 1/7

ADDRESS: 2655 BAY STREET
CITY/STATE/ZIP: SARASOTA, FL 34237
PROPERTY: 530 LAUREL ROAD NOKOMIS FL 34275

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 8.409 % | $ 188,538.06 | $ 104,734.18 | $ 293,272.24 |

PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE monthly BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE monthly BEGINNING |
|---|---|---|---|---|---|
| 24 | $690.56 | 12/01/2002 | | | |
| 335 | $823.54 | 12/01/2004 | | | |
| 1 | $812.90 | 11/01/2032 | | | |

**DEMAND FEATURE:**  [X] This loan does not have a Demand Feature.   [ ] This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:**
[X] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

**SECURITY:**  You are giving a security interest in the property located at: 530 LAUREL ROAD NOKOMIS FL 34275

**ASSUMPTION:**  Someone buying this property  [X] cannot assume the remaining balance due under original mortgage terms
[ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:**  $ 70.00

**PROPERTY INSURANCE:**  [ ] Property hazard insurance in the amount of $ 0.00   with a mortgagee clause to the lender
is a required condition of this loan. Borrower may purchase this insurance from any insurance company acceptable to the lender.
Hazard insurance [ ] is  [X] is not available through the lender at an estimated cost of $ 0.00  for a   year term.

**LATE CHARGES:**  If your payment is more than 10   days late, you will be charged a late charge of 6.000  % of the
overdue payment.

**PREPAYMENT:**  If you pay off your loan early, you
[X] may  [ ] will not  have to pay a penalty.
[ ] may  [X] will not  be entitled to a refund of part of the finance charge.

See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.
e means estimate

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_____  10-18-05
DEBORAH E. FOCHT                 BORROWER/DATE                    BORROWER/DATE

_____
BORROWER/DATE                    BORROWER/DATE

VMP -788 (0004)    VMP MORTGAGE FORMS - (800)521-7291    Page 1 of 2    4/00
© 2000 CBF Systems, Inc. The contents of this form in whole or in part are protected under the copyright laws of the United States.

Exhibit "Truth Rate"

OFFICIAL RECORDS INSTRUMENT # 2002175528 21 pgs

Loan No.: ANA7346FOCH

**ADJUSTABLE RATE RIDER**
**(LIBOR 6-Month Index - Rate Caps)**

THIS ADJUSTABLE RATE RIDER is made this    17th day of October, 2002 ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to
secure Borrower's Adjustable Rate Note (the "Note") to    BNC MORTGAGE, INC., A DELAWARE
CORPORATION    (the "Lender") of the same date and covering the property described in the
Security Instrument and located at:

530 LAUREL ROAD, NOKOMIS, FL 34275
[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE
INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE
AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME
AND THE MAXIMUM RATE THE BORROWER MUST PAY.

ADDITIONAL COVENANTS.  In addition to the covenants and agreements made in the
Security Instrument, Borrower and Lender further covenant and agree as follows:

INTEREST RATE AND MONTHLY PAYMENT CHANGES
The Note provides for an initial interest rate of    6.400%.  The Note provides for changes in
the interest rate and the monthly payments, as follows:

"4. INTEREST RATE AND MONTHLY PAYMENT CHANGES
  (A) Change Dates
  The interest rate I will pay may change on the first day of    November, 2004 , and on that
day every    6th    month thereafter. Each date on which my interest rate could change is called a
"Change Date."
  (B) The Index
  Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is
the average of interbank offered rates for 6-month U.S. dollar-denominated deposits in the London market
based on quotations of major banks, as published in the "Money Rates" section of The Wall Street Journal.
The most recent Index figure available as of the date 45 days before each Change Date is called the
"Current Index."
  If the Index is no longer available, the Note Holder will choose a new index which is based upon
comparable information. The Note Holder will give me notice of this choice.

---

ADJUSTABLE RATE RIDER-LIBOR 6 MONTH INDEX-Single Family-                           Rev. 10/95
Page 1 of 2

Borrower Initials _____  ____  ____  ____  ____  ____

FLADJRJ

**PAYOFF REQUIREMENTS:**
It is a condition to the funding of this loan that the debts listed on the **CONDITIONAL LOAN APPROVAL** be paid.
Indicate payoffs on the HUD-1 Settlement Statement or provide other satisfactory evidence of payoff.

**DEBTS OR LIENS REQUIRED TO BE PAID THROUGH ESCROW**

*Estimated Payoff Amount:

TOTAL

$0.00

*All liens of record must be paid in accordance with mortgagee's Pay off Demand Statement.
If you have any questions regarding any of these instructions, please contact the Funding Department at (949) 260-6000.

**BORROWER ACKNOWLEDGMENT:** I/We have read and acknowledged receipt of these closing instructions.

Borrower   DEBORAH FOCHT                          Date                Borrower                                    Date

Borrower                                          Date                Borrower                                    Date

Borrower                                          Date                Borrower                                    Date

**ACKNOWLEDGED AND AGREED:**

Settlement Agent   CATHY                          Date                Title Officer                              Date

SPECIFIC CLOSING INSTRUCTIONS

Page 3 of 3

Exhibit "Forgery"



EXPRESS MAIL

UNITED STATES POSTAL SERVICE

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code: 34275

Day Accepted: 9-22-09

Time Accepted: 3:53 AM

Postage: $17.50

Total Postage & Fees: $17.50

FROM: (PLEASE PRINT)

DEBORAH FOCHT
530 E. LAUREL ROAD
NOKOMIS, FL 34275
(941) 350-0561

TO: (PLEASE PRINT)

EPIQ BANKRUPTCY SOLUTIONS
ATTN: LEHMAN BROTHERS LLC
HOLDINGS CLAIMS DEPT.
757 THIRD AVE. 3RD FL
NEW YORK, NY 10017

ZIP Code: 10017

Visit WWW.USPS.COM
Call 1-800-222-1811

EG 080802009 US

| | | PROOF OF CLAIM |
|---|---|---|

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Case No. 08-13555 (JMP)<br>(Jointly Administered) |
| **Name of Debtor Against Which Claim is Held** | **Case No. of Debtor** |
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for certain types of priority claims. See instruction definition on reverse side.

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000034381

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Deborah E. Focht
530 E. Laurel Road
Nokomis, FL 34275

Telephone number: (941) 350-0561   Email Address: americanreply@gmail.co

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
   (If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:   Email Address:

**1. Amount of Claim as of Date Case Filed:** $ $1,104,000.00+

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2. Basis for Claim:** May be Actual Lender holding Insurance or Derivative Agreements
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** FOCH
   **3a.** Debtor may have scheduled account as: # 2002175528
   (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:
Value of Property: $_____   Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection: _____
**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

**7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| 9/21/09 | ☑ Deborah E. Focht |

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

**FOR COURT USE ONLY**

**FILED / RECEIVED**

**SEP 23 2009**

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

Penalty for presenting fraudulent claim. Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



ORIGIN (POSTAL SERVICE USE ONLY)

PO ZIP Code: 34278

Day Accepted: 8/22/09

Time Accepted: 3:53 PM

Flat Rate □ or Weight: ___ lbs. ___ ozs.

Delivery Attempt: Mo. ___ Day ___ Time ___ AM PM

Postage: $

Return Receipt Fee: $

COD Fee: $

Insurance Fee: $

Total Postage & Fees: $ 17.50

**FROM:** (PLEASE PRINT)

DEBORAH FOCHT
530 E. LAUREL ROAD
NOKOMIS, FL 34275
(941) 350-0561

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call 1-800-222-1811

EG 088002009 US

EXPRESS MAIL

UNITED STATES POSTAL SERVICE

DELIVERY (POSTAL USE ONLY)

CUSTOMER USE ONLY

**TO:** (PLEASE PRINT)

EPIQ BANKRUPTCY SOLUTIONS
ATTN: LEHMANN BROTHERS
HOLDINGS CLAIMS DEPT LLC
757 THIRD AVE. 3RD FL
NEW YORK, NY 10017

ZIP + 4: 1 0 0 1 7 +

| **United States Bankruptcy Court/Southern District of New York** | | PROOF OF CLAIM |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5076 New York, NY 10150-5076 | | |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000042914

| In Re: Lehman Brothers Holdings Inc., et al. **Debtors.** | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held **Bnc Mortgage LLC** | Case No. of Debtor 09 - 10137 (JMP) |

**THIS SPACE IS FOR COURT USE ONLY**

---

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Deborah E. Focht
530 E. Laurel Road
Nokomis, FL 34275

Telephone number: (941) 350-0561   Email Address: americanreply@gmail.co

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
   (If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:          Email Address:

---

1. **Amount of Claim as of Date Case Filed:** $ 160,537.26+

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** wrongful foreclosure for paid fraudulent loan
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** FOCH
   3a. **Debtor may have scheduled account as:** # 2002175528
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Value of Property: $ _____   Annual Interest Rate _____ %
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $ _____   Basis for perfection: _____
   **Amount of Secured Claim:** $ _____   **Amount Unsecured:** $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$ _____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**FOR COURT USE ONLY**

**FILED / RECEIVED**

OCT 2 1 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: 9/21/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. _Deborah E. Focht_ |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## CLAIM FORM FILING CONFIRMATION

Your claim form was successfully filed on 10/19/2009 at 12:37 AM Central. Please print this page as proof of your filing.

| | |
|---|---|
| **Deborah E. Focht**<br>**530 E. Laurel Road**<br>**Nokomis, FL 34275 UNITED STATES** | |
| Name of Debtor | Lehman Brothers Holdings Inc. (08-13555) |
| Please identify the counterparties, guarantor and/or credit support provider to the derivative contract. | Bnc Mortgage Inc. and Wells Fargo Bank, N.A., Successor By Merger To Wells Fargo Bank Minnesota, National Association, As Trustee, In Trust For The Holders Of Structured Assets Securities Corporation – Amortizing Residential Collateral Trust Mortgage Pass Through Certificates, Series 2002-BC10 |
| Have you entered into a termination agreement with the Debtors establishing the agreed upon amounts due in respect of derivative contracts? | Selected: No |
| Have the derivative contracts matured or been terminated? | Selected: No |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

IN RE:                        : Chapter 11

BNC MORTGAGE LLC,
      DEBTOR,                  : Under Case No.: 09-10137 (JMP)


IN RE:                        : Chapter 11

LEHMAN BROTHERS HOLDINGS INC., ET AL.,
      DEBTOR,                  : Under Case No.: 08-13555 (JMP)

LEHMAN BROTHERS DERIVATIVE PRODUCTS INC.,
      DEBTOR,                  : Under Case No.: 08-13899 (JMP)

LEHMAN BROTHERS OTC DERIVATIVES INC.,
      DEBTOR,                  : Under Case No.: 08-13893 (JMP)


-----------------------------------------------------------------------x
                                : AFFIDAVIT OF DEBORAH E. FOCHT,
                                : CREDITOR

### AMENDED STATEMENT IN SUPPORT OF PROOF OF CLAIM

### OBJECTIONS AND MOTIONS TO LIFT AUTOMATIC STAY, ORDER PRODUCTION OF ALL DOCUMENTS IN POSSESSION OF BNC MORTGAGE INC., LEHMAN BROTHERS HOLDINGS INC., ETAL, ORDER BLOCKING TRANSFER OF CORE ASSETS UNDER THE BANKRUPTCY ABUSE PREVENTION & CONSUMER PROTECTION ACT, 11 U.S.C. §363(O), SUBJECT SALES OR TRANSFER BY NEW PURCHASER(S) SUBJECT TO PROVISIONS OF CONSUMER CLAIMS AND DEFENSES OF CONSUMER DISCLOSURE/CREDIT TRANSACTION OR CONTRACT AND ORDER EXCEPTIONS TO DISCHARGE UNDER 11 U.S.C. § 523 BROUGHT AGAINST DEBTORS' BNC MORTGAGE LLC AND/OR LEHMAN BROTHERS HOLDING INC., ETAL.

Creditor, Deborah E. Focht, (herein referred to as "Creditor") sets forth her pre-petition

statements (defined in section 101(5) of the Bankruptcy Code), as required in order to preserve

her claims against the Debtors, BNC Mortgage Inc., a.k.a. BNC Mortgage LLC, (herein referred

to as "BNC"), and/or Lehman Brother Holdings, Inc. et al, (herein referred to as "LBHI"), and in

support, states the following:

1. This claim arose prior to the Commencement Date of the Debtor's voluntary petition, due a mortgage loan that was closed on October 2, 4, 17 and/or 18, 2002, while the Creditor was under duress from car accident injuries and while under duress closing conditions, for a loan between the Creditor and BNC Mortgage, Inc, loan (#ANA7346FOCH), via BNC Representatives from Irvine, California, employing Professional Title Services of Sarasota.

2. The mortgage was recorded on October 23, 2002, under Official Instrument # 2002175528, of the property listed in the Public Records of Sarasota County, Florida, as Exhibit "A".

3. The Mortgage names Mortgage Electronics Registration Systems Inc., (herein referred to as "MERS"), as the nominee and mortgagee on the BNC mortgage, dated October 17, 2002, but was overwritten to October 18, 2002. (see Exhibit "MERS Mortgage")

4. The mortgage loan payments, was collected years later by loan service provider, Select Portfolio Servicing, Inc. (formerly known as Fairbanks Capital - herein referred to as "SPS").

5. The Creditor informed SPS that the financial information requested for loan payments in August 2007, was incorrect, and SPS eventually sent documents held in their possession that consisted of a different proper loan account.

6. SPS attempted to have the Creditor fill out Identity Theft paperwork regarding the BNC mortgage, while pretending an investigation, and without any mention of filing a foreclosure.

7. On January 16, 2008, unknown entity, WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION – AMORTIZING RESIDENTIAL COLLATERAL TRUST MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2002-BC10, (herein referred to as "WFBT"), filed a wrongful foreclosure action, in Sarasota County, under Case No: 2008 CA 000791

2

SC, served eviction notices without informing the Counter-Plaintiff, without mentioning involvements of SPS, submitted loan documents with an "Adjustable Rate Note" document by BNC, dated October 17, 2002, that are different than what the Creditor possesses and agreed to at her closing, and with financial information that still does not caculate to the amount of the adjustable rate note anyway. (see Exhibit "Adjustable Rate Note")

8.  The Creditor evidenced the Truth in Lending Disclosure Statement (TILDS) she possessed, marked as "Final", dated October 17th, 2002, also overwritten to be dated October 18th, and showing different rate terms and date than the Adjustable Rate Note. (see Exhibit "Truth Rate")

9.  According to the charges and documents, the mortgage transaction was deceptively obtained, executed, and renegotiated with other parties unknown to the Creditor, and the Creditor Responded to the Court that WFBT was attempting to enforce a lost or destroyed mortgage note, without providing any link to the Creditor, filed the foreclosure in collusion with SPS to create a default and filed defiance of federal and state court decision for Lenders to stop filing foreclosure without providing proof of ownership.

10. According to the evidence, BNC Mortgage Inc stood in as the lender to obtain the loan, then renegotiated and sold the loan to a loan trust pool of an affiliated company with an investment bank/lender and purchaser of loans, and even before loan was closed.

11. According to the evidence, BNC did not negotiate an acceptable loan with the Creditor, and the Creditor found documents that forging the dates and her signature. (see Exhibits "Truth Rate" - "Different Dates" - "Forgery")

12. As a result, on August 4, 2008, the Creditor sent BNC, MERS, WFBT and SPS a notice of Recission letter to cancel the mortgage and notice to quiet title and SPS and WFBT have not

ceased and desisted their activity and BNC did not respond and did not inform the Creditor of

its bankruptcy petition. (see Exhibit "Rescission Letter")

13. Wells Fargo was already paid funds for bad mortgage loans according to many reports and

articles and the evidence suggests that BNC was not the actual lender, and the presence of

use of proceeds, insurance, credit default swaps, bailouts from the U.S. Treasury and Federal

Reserve indicate that the only party who could possibly claim to be holder in due course has

been paid in part or in full, which may BNC or Lehman Brothers, et al, and that if the loan

was not sold and the lender received payment in full, neither the obligation nor the security

(mortgage) exists by operation of law.

14. WFBT lacked Standing to bring its foreclosure Complaint as an injured party and provided

no proper documentation in its Motion for Summary Judgment, however, BNC, WFBT, SPS,

MERS AND/OR DOE are in breach of the terms of the mortgage and note despite being

fraudulent, when it stated that payments would be applied to what the borrowers owes.

15. WFBT has not shown payment for the BNC mortgage and note, has not answered whether it

was already paid or receive funds for the bad loan, and has not shown indorsement signatures

of how it came into possession of the mortgage documents, and through discovery, on

December 3, 2008, the Creditor received a copy of a "Corporate Assignment of Mortgage"

recorded over eight months after WFBT filed it foreclosure claim, with SPS Representative

Bill Koch signing on behalf of MERS, on behalf of BNC, and over to WFBT, listing the

Assignor as Mortgage Electronics Registration Systems Inc., as Nominee for BNC Mortgage,

Inc., and WFBT as Assignee.

16. Even though the "Assignment" was notarized on September 26, 2008, and possibly

fabricated, it fails to follow the basic steps for conveyance to the trust, and the "Assignment"

4

indicates contradictions, claiming BNC was the Lender and that the Borrower granted and

conveyed the mortgage to MERS (solely as nominee to Lender and Lender's successors and

assigns), including as Mortgagee.

17. MERS is not named on the BNC adjustable note and the BNC mortgage note is dated

October 17, 2002, while the mortgage is dated the 17th, but overwritten to be dated the

October 18th.

18. SPS has enforced its own insurance policy after having the Creditor's insurance policy

cancelled and BNC obtained a title insurance policy as the mortgage documents states the

following on Page 2: "(N) "Mortgage Insurance" means insurance protecting the Lender

against the nonpayment of, or default on, the Loan."

19. In the event that Lehman Brothers Holdings Inc., et al. may be the actual lender, the Creditor

should be returned all payments for the loan and/or via an insurance or a derivative

agreement that pays in the event of default or other reason, which may calculate up to ten

times the original loan amount of $110,400.00, totaling $3,312,000.00, in which the Creditor

should be entitled to one-third at approximately $1,104,000.00.

20. The Creditor does not have access to all the BNC mortgage documents, which is listed as a

subsidiary of Lehman Brothers, and BNC has not send the Creditor any of the documents.

21. WFBT has standard trust agreements describing that BNC loans were securitized in a pool

with other loans, which rendered the mortgages and notes no longer as Negotiable

Instruments and left as an unsecured debt obligations.

22. Intermediaries in this case, WFBT and SPS are still attempting to collect on the wrong loan

account even after being informed SPS was collecting on the wrong loan account and BNC,

MERS, SPS, WFBT, LEHMAN BROTHERS, AND/OR DOE, should execute in writing an

5

instrument acknowledging SATISFACTION of said mortgage, lien, agreement or any
judgment rendered.

23. On July 22, 2009 CNN reported a conference with President Obama stating: "… Wall Street
took extraordinary risks with other people's money. They were peddling loans that they knew
could never be paid back."

24. The Creditor has already paid BNC approximately $110,000 for two properties and paid SPS
$50,537.26, apparently for a fraudulent loan despite being the wrong loan account.

25. The Creditor's affirmative defenses, counterclaims, evidence and articles are too voluminous
to list and exhibit, however, the documents exhibited for this proof of claim, should be void,
as seen in *U.S. Bank National Association v. Ibanez*, No. 384283, 2009 WL 795201 (Mass.
Land Ct. March 26, 2009) Massachusetts Land Court Judge Keith C. Long invalidating
foreclosure sales because the lenders failed to show proof they held titles to the properties
through valid assignments and ruled that due to faulty paperwork, U.S. Bank and Wells
Fargo Bank don't really own the Greater Springfield homes that each foreclosed upon
separately in 2007.

26. The Creditor has responded to the Court that the loan default was manufactured, and in May
2009, this reason was explained by evidence that supports her position that SPS and WFBT
wanted to cause a default, but for an unexpected reason, which was heard on May 15, 2009,
on C-Span Washington Journal, reporting the Professor and Director of the Center
Department of Homeland Security and of the University of Maryland Law School, Michael
Greenberger regarding "derivatives" that the Administration believes the lack of oversight of
these markets led to the current day trouble in the financial markets.

27. This would be an agreement that the Creditor was not a party to, but was used for her signature, in order to collect on a bet that she would default on her loan, and collect what has been exposed to be up to 30 times the amount of the original loan amount.

28. Kansas Courts issued recent orders that MERS held no title, issued no credit and acted in no lending capacity…thus rendering all subsequent assignments (fraudulent they were) Void Ab Initio.

29. The Creditor motions for BNC and LBHI to produce all records in order to properly amend here proof of claim and requests an order from the Honorable Gregory Peck for stay under 11 U.S.C. 362, which triggers an injunction against the continuance of any action and that all actions in this case comes to a halt with no further state court jurisdiction in this case until U.S. Bankruptcy Honorable Gregory Peck declares as such.

CONCLUSION

30. For the reasons stated above, the Creditor Motions for all records be produced and for an Order to Stay all further court proceedings.


Respectfully Submitted by:

Deborah E. Focht
530 E. Laurel Road
Nokomis, FL 34275
(941) 350-0561



VIA OVERNIGHT MAIL

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017


7

## Certificate of Service

Creditor, Deborah E. Focht, hereby, certifies that the Amended Proof of Claims Statement and Objections and Motions To Lift Automatic Stay, Order Production of All Documents In Possession of BNC Mortgage Inc., Lehman Brothers Holdings Inc., Etal, Order Blocking Transfer Of Core Assets Under The Bankruptcy Abuse Prevention & Consumer Protection Act, 11 U.S.C. §363(o), Subject Sales Or Transfer By New Purchaser(s) Subject To Provisions of Consumer Claims and Defenses of Consumer Disclosure/Credit Transaction or Contract And Order Exceptions to Discharge Under 11 U.S.C. § 523 Brought Against Debtors' BNC Mortgage LLC and/or c/o Lehman Brothers Holding Inc., Etal., have been mailed or emailed to the following law firms on this 20, day of October, 2009.

Deborah E. Focht
530 E. Laurel Road
Nokomis, Florida 34275
(941) 350-0561


cc :  Akerman Senterfitt
Leslie A. Utiger, Esq.
401 E, Jackson Street, Suite 1700
Tampa, Florida 33602
(attorney on behalf of BNC Mortgage, Inc.)

Weil, Gotshal & Manges LLP
Charles Herschel, Esq.
767 Fifth Avenue
New York, NY 10153
(attorney on behalf of Lehman Brothers, Inc.)

8

RECORDED IN OFFICIAL RECORDS
INSTRUMENT # 2002175528 21 PGS
2002 OCT 23 04:33 PM
KAREN E. RUSHING
CLERK OF CIRCUIT COURT
SARASOTA COUNTY, FLORIDA
FMILLER Receipt#233293
Doc Stamp-Mort:    386.40
Intang. Tax:    220.80

②

Return To:

BMC MORTGAGE, INC.
P.O. BOX 19656
IRVINE, CA 92623-9656

This document was prepared by

RETURN TO: 214 ✓
PROFESSIONAL SERVICES OF SARASOTA
6378 N. LOCKWOOD RIDGE RD.
SARASOTA, FLORIDA 34243

———————————————— [Space Above This Line For Recording Data] ————   2002175528

# MORTGAGE

MIN 100122200000209152

Loan No.: AMA7346FOCH

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated October 17, 2002 together with all Riders to this document.

(B) "Borrower" is DEBORAH E. FOCHT *, a single woman*

Borrower is the mortgagor under this Security Instrument.

(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) "Lender" is BMC MORTGAGE, INC., A DELAWARE CORPORATION

FLORIDA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS          Form 3010  1/01

-6A(FL) (0005).01
Page 1 of 18          Initials:
VMP MORTGAGE FORMS - (800)521-7291

*MERS MORTGAGE "*

OFFICIAL RECORDS INSTRUMENT # 2002175528 21 pgs

STATE OF FLORIDA,                    Sarasota    County ss:
   The foregoing instrument was acknowledged before me this    18th  of October    by
DEBORAH E. FOCHT                                        2002

who is personally known to me or who has produced    Fl. Dr. Lic    as identification.



Notary Public

-6A(FL) (0005).01                    Page 16 of 16            Initials: _____        Form 3010   1/01

**ADJUSTABLE RATE NOTE**
(LIBOR 6-Month Index-Rate Caps)

Loan No. AN43346FOCH

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY
MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY
ONE TIME AND THE MAXIMUM RATE I MUST PAY.

October 17, 2002          IRVINE                CALIFORNIA
    [Date]                [City]                  [State]

530 LAUREL ROAD, NOKOMIS, FL 34275
[Property Address]

**1. BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $ 139,400.00 (this amount is called "Principal"),
plus interest, to the order of the Lender. The Lender is BNC MORTGAGE, INC., A DELAWARE CORPORATION . I
will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is
entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a
yearly rate of 6.400 %. The interest rate I will pay will change in accordance with Section 4 of this Note.
The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any
default described in Section 7(B) of this Note.

**3. PAYMENTS**
(A) Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payments on the first day of each month beginning on      December 1, 2002 .
I will make these payments every month until I have paid all of the principal and interest and any other charges described
below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be
applied to interest before Principal. If, on      November 1, 2032 , I still owe amounts under this Note, I
will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at   OPTION ONE MORTGAGE CORPORATION, 3 ADA, IRVINE, CA
92618          or at a different place if required by the Note Holder.
(B) Amount of My Initial Monthly Payments
Each of my initial monthly payments will be in the amount of U.S. $   698.56 . This amount may change.
(C) Monthly Payment Changes
Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I
must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in
accordance with Section 4 of this Note.

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
(A) Change Dates
The interest rate I will pay may change on the first day of      November, 2004 , and on that day every      6th
month thereafter. Each date on which my interest rate could change is called a "Change Date."
(B) The Index
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of
interbank offered rates for 6-month U.S. dollar-denominated deposits in the London market based on quotations of major
banks, as published in the "Money Rates" section of The Wall Street Journal. The most recent Index figure available as of
the date 45 days before each Change Date is called the "Current Index."
If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable
information. The Note Holder will give me notice of this choice.
(C) Calculation of Changes
Before each Change Date, the Note Holder will calculate my new interest rate by adding Six And 350/1000
      percentage points (    6.350 %) to the Current Index. The Note Holder will then round the result of
this addition to the nearest one-eighth of one percentage point (0.125 %). Subject to the limits stated in Section 4(D) below,
this rounded amount will be my new interest rate until the next Change Date.
The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid
principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially
equal payments. The result of this calculation will be the new amount of my monthly payment.

FLORIDA ASM PROGRAM                              Rev. 11/93
              Page 1 of 3

                Borrower Initials 

                    Exhibit "Wells Fargo Note"

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11. SECURED NOTE**

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument.

**12. DOCUMENTARY TAX**

The state documentary tax due on this Note has been paid on the Mortgage securing this indebtedness.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)                    _____ (Seal)
DEBORAH E. FOCHT                        Borrower                                                                 Borrower

_____ (Seal)                    _____ (Seal)
                                        Borrower                                                                 Borrower

_____ (Seal)                    _____ (Seal)
                                        Borrower                                                                 Borrower

[SIGN ORIGINAL ONLY]

FLORIDA AMORTIZING FIXED                              Page 2 of 3                                    Rev. 11/95

Borrower Initials _____ _____ _____ _____

Exhibit "Wells Fargo Note"

(D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than    8.400    % or less than 6.400    %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point ( 1.0%) from the rate of interest I have been paying for the preceding  6  months. My interest rate will never be less than    6.400    % or greater than the lesser of (i)    13.400    % or (ii) the highest interest rate allowed by law.

(E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to these changes.

If within  twenty-four  ( 24 ) months after the date of execution of the Security Instrument (as defined below) I make a full Prepayment or partial Prepayment(s), I will at the same time pay to the Note Holder a Prepayment charge equal to six (6) months' advance interest on the amount of the Prepayment that, when added to all other amounts prepaid during the 12-month period immediately preceding the date of the Prepayment, exceeds twenty percent (20%) of the original Principal amount of this Note.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 10  calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be  4 %  of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

FLORIDA ARM PROGRAM                                    Page 2 of 3                                    Rev. 11/95

PLMARM

Borrower Initials _____

## Exhibit "Wells Fargo Note"

**PAYOFF REQUIREMENTS:**

It is a condition to the funding of this loan that the debts listed on the CONDITIONAL LOAN APPROVAL be paid.
Indicate payoffs on the HUD-1 Settlement Statement or provide other satisfactory evidence of payoff.

**DEBTS OR LIENS REQUIRED TO BE PAID THROUGH ESCROW**                    *Estimated Payoff Amount:

TOTAL                                                                                            $0.00

*All liens of record must be paid in accordance with mortgagee's Pay off Demand Statement.
If you have any questions regarding any of these instructions, please contact the Funding Department at (949) 260-6000.

**BORROWER ACKNOWLEDGMENT:** I/We have read and acknowledged receipt of these closing instructions.

| Borrower   DEBORAH FOCHT | Date | Borrower | Date |
|---|---|---|---|

| Borrower | Date | Borrower | Date |
|---|---|---|---|

| Borrower | Date | Borrower | Date |
|---|---|---|---|

**ACKNOWLEDGED AND AGREED:**

| Settlement Agent   CATHY | Date | Title Officer | Date |
|---|---|---|---|

SPECIFIC CLOSING INSTRUCTIONS

8ed17a

Exhibit "Forgery"

## TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

**CREDITOR:**

    BNC MORTGAGE, INC.
    P.O. BOX 19656
    IRVINE, CA 92623-9656

**BORROWERS:** DEBORAH E. FOCHT

[ ] Preliminary  [X] Final
*DATE:* 10/17/2002
*LOAN NO.:* ANA7346FOCH
*Type of Loan:* 2 YEAR FIXED 1/7

**ADDRESS:** 2655 BAY STREET
**CITY/STATE/ZIP:** SARASOTA, FL 34237
**PROPERTY:** 530 LAUREL ROAD NOKOMIS FL 34275

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 8.409 % | $ 188,538.06 | $ 104,734.18 | $ 293,272.24 |

**PAYMENT SCHEDULE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE monthly BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE monthly BEGINNING |
|---|---|---|---|---|---|
| 24 | $690.56 | 12/01/2002 | | | |
| 335 | $823.54 | 12/01/2004 | | | |
| 1 | $812.90 | 11/01/2032 | | | |

**DEMAND FEATURE:**  [X] This loan does not have a Demand Feature.  [ ] This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:**
[X] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

**SECURITY:**  You are giving a security interest in the property located at: 530 LAUREL ROAD NOKOMIS FL 34275

**ASSUMPTION:**  Someone buying this property  [X] cannot assume the remaining balance due under original mortgage terms.
[ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:**  $ 70.00

**PROPERTY INSURANCE:**  [ ] Property hazard insurance in the amount of $ 0.00  with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any insurance company acceptable to the lender.
Hazard insurance [ ] is  [X] is not available through the lender at an estimated cost of $0.00  for a  year term.

**LATE CHARGES:**  If your payment is more than 10  days late, you will be charged a late charge of 6.000  % of the overdue payment.

**PREPAYMENT:**  If you pay off your loan early, you
[X] may  [ ] will not  have to pay a penalty.
[ ] may  [X] will not  be entitled to a refund of part of the finance charge.

See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.
e means estimate

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_____  10-8-02
DEBORAH E. FOCHT                  BORROWER/DATE          BORROWER/DATE

_____                    _____
BORROWER/DATE                      BORROWER/DATE

Exhibit "Truth Rate"

August 4, 2008

BNC Mortgage, Inc.
P.O. Box 19656
Irvine, CA 92623-9656

BNC Mortgage, Inc.
1901 Main Street
Irvine, CA 92614

Mortgage Electronics Registration Systems Inc., (MERS)
P.O. Box 2026
Flint, MI 48501-2026

Select Portfolio Servicing, Inc.
P.O. Box 65250 / Mail code 1000
Salt Lake City, Utah 84165-0250

Re: BNC Mortgage, Inc., Original Loan # ANA7346FOCH
    Select Portfolio Servicing (a.k.a. Fairbanks Capital) Loan # 12720137

Dear Sir or Madam:

Please accept this letter of **NOTICES** and **DEMANDS**, on behalf of a mortgage loan contract (# ANA7346FOCH), dated October 4, 17 and/or 18, 2002, for the property recorded on October 23, 2002, under Official Instrument # 2002175528, OF THE PUBLIC RECORDS OF SARASOTA COUNTY, FLORIDA, listing "Exhibit "A"" (see attached Exhibit).

You are hereby notified of the following:

**I HEREWITH DEMAND CANCELLATION OF THIS INVALID MORTGAGE LOAN CONTRACT**, which was signed, under DURESS, with no MEETING OF THE MINDS or any CONSIDERATION realized, created by original maker, **BNC MORTGAGE, INC.**, but VOID due to unknown and deceptive DUPLICATE TERM RATES, and recording a materially defective mortgage, consisting of several dates and violations found under the Truth In Lending Act (TILA), Regulation Z, the Consumer Protection Act, the Homeowner's Equity Protection Act (HOEPA), the Florida Deceptive and Unfair Trade Practices Act (FUTPA), along with many other law violations.

A parallel case of a class action suit was explained and ruled by the U.S. District Court under Case No. 05C0454 in *Andrews v. Chevy Chase Bank, FSB*, citing the Truth in Lending Act ("TILA"), 15 U.S.C. 1601 et seq., and a number of respects, exhibiting conflicting Adjustable Rate Rider ("ARR") and a deficient Truth in Lending Disclosure Statement ("TILDS"), which determined a right of rescission relief of a TILA plaintiff and of attorneys' fees and costs under section 1635. 15 U.S.C. § 1640(3).

1

Exhibit "Rescission Letter"

Relief from contract law violations can be found under Florida Statute § 672.302(1), (2), and as seen in cases *Pendleton v. Witcoski*, 836 So. 2d 1025; (Florida 1st DCA 2002); *Leo v. MacLeod*, 752 So. 2d 627 (Florida 2nd DCA 1999); the Florida Supreme Court, in *David v. Richman*, 528 So.2d 25, 27, and under the Constitution of the State of Florida, Article I, Section 2.

**I HEREBY GIVE NOTICE OF A COUNTERCLAIM** against "**WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION – AMORTIZING RESIDENTIAL COLLATERAL TRUST MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2002-BC10"**, and **SELECT PORTFOLIO SERVICING, INC.** (a.k.a. FAIRBANKS CAPITAL) (under loan # 0003999042), and any **REPRESENTATIVES** involved, due to the foreclosure prosecution that was filed on January 15, 2008, under Case #: 2008 CA 000791 SC, in Sarasota South County, Civil Circuit Court # 11, R. L. Administration Center, 4100 S. Tamiami Trail, Venice, FL 34293.

**I HEREBY DEMAND A FULL SATISFACTION** of the MORTGAGE AND NOTE, **REIMBURSEMENT** OF ALL FUNDS I have paid on this loan, plus any other damages, and I give **NOTICE** to CEASE and DESIST all calls and claims to collect on this DISHONORED Note, and that any further attempts to enforce this UNCONSCIONABLE mortgage lien will constitute aiding and abetting, and in violation pursuant to Florida Statutes § 501.201, Florida's Organized Fraud § 817.034(f) and Florida Rico Act § 895.01-895.06.

Please also consider this as a **NOTICE** of filing A LIS PENDENS, with the intent to **QUIET TITLE**, pursuant to Florida Statutes 65.031 and § 65.061.

Please forward this notice to any affiliate that I am unaware of that has any interest in this case, as liability extends to an assignee, therefore, any claims should be filed against any new purchaser naming itself as owner of the promissory note sold by BNC MORTGAGE, INC, ET AL, which may have filed and recorded a petition within a United States Bankruptcy District Court.

Please send a certified response within 30 days as to what your intentions are regarding each of the notices and demands listed above, including any updated address and contact information needed, in order to prevent unnecessary costs.

Sincerely,

Deborah E. Focht
530 E. Laurel Avenue
Nokomis, Florida 34275
(941) 350- 0561

2

Exhibit "Rescission Letter"

cc:    Select Portfolio Servicing, LP
       Attn: Legal Dept
       P.O. Box 551170
       Jacksonville, FL 32255

       Albertelli Law
       Andrew L. Fivecoat, Esq.
       777 South Harbour Island Blvd.
       Suite 940
       Tampa, FL  33602

3

Exhibit "Rescission Letter"



**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No of Debtor |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)        0000042915

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Nor should this form be used to make a claim for certain postpetition Securities-based claims (see reverse side).

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Deborah E. Focht
530 E. Laurel Road
Nokomis, FL 34275
U.S.

Telephone number: 941-350-0561    Email Address: americanreply@gmx.co

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(if known)

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:        Email Address:

1. **Amount of Claim as of Date Case Filed:** $ 1,104,000.00+

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** May be actual Lender or Owner holding insurance or derivative agreement
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** FOCH
   3a. **Debtor may have scheduled account as:** 2002175528
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe:
   Value of Property: $_____ Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____ Basis for perfection: _____
   **Amount of Secured Claim:** $_____    **Amount Unsecured:** $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9) is:** $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.

**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain:

**FOR COURT USE ONLY**

**FILED / RECEIVED**

OCT 2 1 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: 10/18/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Deborah E. Focht*

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**CLAIM FORM FILING CONFIRMATION**

Your claim form was successfully filed on 10/18/2009 at 11:03 PM Central. Please print this page as proof of your filing.

| | |
|---|---|
| **Deborah E. Focht**<br>**530 E. Laurel Road**<br>**Nokomis, FL 34275 UNITED STATES** | |
| Name of Debtor | Lehman Brothers OTC Derivatives Inc. (08-13893) |
| Please identify the counterparties, guarantor and/or credit support provider to the derivative contract. | Bnc Mortgage Inc. and Wells Fargo Bank, N.A., Successor By Merger To Wells Fargo Bank Minnesota, National Association, As Trustee, In Trust For The Holders Of Structured Assets Securities Corporation – Amortizing Residential Collateral Trust Mortgage Pass Through Certificates, Series 2002-BC10 |
| Have you entered into a termination agreement with the Debtors establishing the agreed upon amounts due in respect of derivative contracts? | Selected: No |
| Have the derivative contracts matured or been terminated? | Selected: No |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

IN RE:                                    : Chapter 11

BNC MORTGAGE LLC,
    DEBTOR,                           : Under Case No.: 09-10137 (JMP)


IN RE:                                    : Chapter 11

LEHMAN BROTHERS HOLDINGS INC., ET AL.,
    DEBTOR,                           : Under Case No.: 08-13555 (JMP)

LEHMAN BROTHERS DERIVATIVE PRODUCTS INC.,
    DEBTOR,                           : Under Case No.: 08-13899 (JMP)

LEHMAN BROTHERS OTC DERIVATIVES INC.,
    DEBTOR,                           : Under Case No.: 08-13893 (JMP)

------------------------------------------------------------------x

                                     : AFFIDAVIT OF DEBORAH E. FOCHT,
                                     : CREDITOR

### AMENDED STATEMENT IN SUPPORT OF PROOF OF CLAIM

### OBJECTIONS AND MOTIONS TO LIFT AUTOMATIC STAY, ORDER PRODUCTION OF ALL DOCUMENTS IN POSSESSION OF BNC MORTGAGE INC., LEHMAN BROTHERS HOLDINGS INC., ETAL, ORDER BLOCKING TRANSFER OF CORE ASSETS UNDER THE BANKRUPTCY ABUSE PREVENTION & CONSUMER PROTECTION ACT, 11 U.S.C. §363(O), SUBJECT SALES OR TRANSFER BY NEW PURCHASER(S) SUBJECT TO PROVISIONS OF CONSUMER CLAIMS AND DEFENSES OF CONSUMER DISCLOSURE/CREDIT TRANSACTION OR CONTRACT AND ORDER EXCEPTIONS TO DISCHARGE UNDER 11 U.S.C. § 523 BROUGHT AGAINST DEBTORS' BNC MORTGAGE LLC AND/OR LEHMAN BROTHERS HOLDING INC., ETAL.

        Creditor, Deborah E. Focht, (herein referred to as "Creditor") sets forth her pre-petition

statements (defined in section 101(5) of the Bankruptcy Code), as required in order to preserve

her claims against the Debtors, BNC Mortgage Inc., a.k.a. BNC Mortgage LLC, (herein referred

to as "BNC"), and/or Lehman Brother Holdings, Inc. et al, (herein referred to as "LBHI"), and in

support, states the following:

1

1.  This claim arose prior to the Commencement Date of the Debtor's voluntary petition, due a
    mortgage loan that was closed on October 2, 4, 17 and/or 18, 2002, while the Creditor was
    under duress from car accident injuries and while under duress closing conditions, for a loan
    between the Creditor and BNC Mortgage, Inc, loan (#ANA7346FOCH), via BNC
    Representatives from Irvine, California, employing Professional Title Services of Sarasota.

2.  The mortgage was recorded on October 23, 2002, under Official Instrument # 2002175528,
    of the property listed in the Public Records of Sarasota County, Florida, as Exhibit "A".

3.  The Mortgage names Mortgage Electronics Registration Systems Inc., (herein referred to as
    "MERS"), as the nominee and mortgagee on the BNC mortgage, dated October 17, 2002, but
    was overwritten to October 18, 2002. (see Exhibit "MERS Mortgage")

4.  The mortgage loan payments, was collected years later by loan service provider, Select
    Portfolio Servicing, Inc. (formerly known as Fairbanks Capital - herein referred to as "SPS").

5.  The Creditor informed SPS that the financial information requested for loan payments in
    August 2007, was incorrect, and SPS eventually sent documents held in their possession that
    consisted of a different proper loan account.

6.  SPS attempted to have the Creditor fill out Identity Theft paperwork regarding the BNC
    mortgage, while pretending an investigation, and without any mention of filing a foreclosure.

7.  On January 16, 2008, unknown entity, WELLS FARGO BANK, N.A., SUCCESSOR BY
    MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS
    TRUSTEE, IN TRUST FOR THE HOLDERS OF STRUCTURED ASSET SECURITIES
    CORPORATION – AMORTIZING RESIDENTIAL COLLATERAL TRUST MORTGAGE
    PASS THROUGH CERTIFICATES, SERIES 2002-BC10, (herein referred to as "WFBT"),
    filed a wrongful foreclosure action, in Sarasota County, under Case No: 2008 CA 000791

2

SC, served eviction notices without informing the Counter-Plaintiff, without mentioning involvements of SPS, submitted loan documents with an "Adjustable Rate Note" document by BNC, dated October 17, 2002, that are different than what the Creditor possesses and agreed to at her closing, and with financial information that still does not caculate to the amount of the adjustable rate note anyway. (see Exhibit "Adjustable Rate Note")

8.  The Creditor evidenced the Truth in Lending Disclosure Statement (TILDS) she possessed, marked as "Final", dated October 17th, 2002, also overwritten to be dated October 18th, and showing different rate terms and date than the Adjustable Rate Note. (see Exhibit "Truth Rate")

9.  According to the charges and documents, the mortgage transaction was deceptively obtained, executed, and renegotiated with other parties unknown to the Creditor, and the Creditor Responded to the Court that WFBT was attempting to enforce a lost or destroyed mortgage note, without providing any link to the Creditor, filed the foreclosure in collusion with SPS to create a default and filed defiance of federal and state court decision for Lenders to stop filing foreclosure without providing proof of ownership.

10. According to the evidence, BNC Mortgage Inc stood in as the lender to obtain the loan, then renegotiated and sold the loan to a loan trust pool of an affiliated company with an investment bank/lender and purchaser of loans, and even before loan was closed.

11. According to the evidence, BNC did not negotiate an acceptable loan with the Creditor, and the Creditor found documents that forging the dates and her signature.  (see Exhibits "Truth Rate" - "Different Dates" - "Forgery")

12. As a result, on August 4, 2008, the Creditor sent BNC, MERS, WFBT and SPS a notice of Recission letter to cancel the mortgage and notice to quiet title and SPS and WFBT have not

3

ceased and desisted their activity and BNC did not respond and did not inform the Creditor of

its bankruptcy petition. (see Exhibit "Rescission Letter")

13. Wells Fargo was already paid funds for bad mortgage loans according to many reports and

articles and the evidence suggests that BNC was not the actual lender, and the presence of

use of proceeds, insurance, credit default swaps, bailouts from the U.S. Treasury and Federal

Reserve indicate that the only party who could possibly claim to be holder in due course has

been paid in part or in full, which may BNC or Lehman Brothers, et al, and that if the loan

was not sold and the lender received payment in full, neither the obligation nor the security

(mortgage) exists by operation of law.

14. WFBT lacked Standing to bring its foreclosure Complaint as an injured party and provided

no proper documentation in its Motion for Summary Judgment, however, BNC, WFBT, SPS,

MERS AND/OR DOE are in breach of the terms of the mortgage and note despite being

fraudulent, when it stated that payments would be applied to what the borrowers owes.

15. WFBT has not shown payment for the BNC mortgage and note, has not answered whether it

was already paid or receive funds for the bad loan, and has not shown indorsement signatures

of how it came into possession of the mortgage documents, and through discovery, on

December 3, 2008, the Creditor received a copy of a "Corporate Assignment of Mortgage"

recorded over eight months after WFBT filed it foreclosure claim, with SPS Representative

Bill Koch signing on behalf of MERS, on behalf of BNC, and over to WFBT, listing the

Assignor as Mortgage Electronics Registration Systems Inc., as Nominee for BNC Mortgage,

Inc., and WFBT as Assignee.

16. Even though the "Assignment" was notarized on September 26, 2008, and possibly

fabricated, it fails to follow the basic steps for conveyance to the trust, and the "Assignment"

indicates contradictions, claiming BNC was the Lender and that the Borrower granted and

conveyed the mortgage to MERS (solely as nominee to Lender and Lender's successors and

assigns), including as Mortgagee.

17. MERS is not named on the BNC adjustable note and the BNC mortgage note is dated

October 17, 2002, while the mortgage is dated the 17th, but overwritten to be dated the

October 18th.

18. SPS has enforced its own insurance policy after having the Creditor's insurance policy

cancelled and BNC obtained a title insurance policy as the mortgage documents states the

following on Page 2: "(N) "Mortgage Insurance" means insurance protecting the Lender

against the nonpayment of, or default on, the Loan."

19. In the event that Lehman Brothers Holdings Inc., et al. may be the actual lender, the Creditor

should be returned all payments for the loan and/or via an insurance or a derivative

agreement that pays in the event of default or other reason, which may calculate up to ten

times the original loan amount of $110,400.00, totaling $3,312,000.00, in which the Creditor

should be entitled to one-third at approximately $1,104,000.00.

20. The Creditor does not have access to all the BNC mortgage documents, which is listed as a

subsidiary of Lehman Brothers, and BNC has not send the Creditor any of the documents.

21. WFBT has standard trust agreements describing that BNC loans were securitized in a pool

with other loans, which rendered the mortgages and notes no longer as Negotiable

Instruments and left as an unsecured debt obligations.

22. Intermediaries in this case, WFBT and SPS are still attempting to collect on the wrong loan

account even after being informed SPS was collecting on the wrong loan account and BNC,

MERS, SPS, WFBT, LEHMAN BROTHERS, AND/OR DOE, should execute in writing an

instrument acknowledging SATISFACTION of said mortgage, lien, agreement or any

judgment rendered.

23. On July 22, 2009 CNN reported a conference with President Obama stating: "… Wall Street

took extraordinary risks with other people's money. They were peddling loans that they knew

could never be paid back."

24. The Creditor has already paid BNC approximately $110,000 for two properties and paid SPS

$50,537.26, apparently for a fraudulent loan despite being the wrong loan account.

25. The Creditor's affirmative defenses, counterclaims, evidence and articles are too voluminous

to list and exhibit, however, the documents exhibited for this proof of claim, should be void,

as seen in *U.S. Bank National Association v. Ibanez*, No. 384283, 2009 WL 795201 (Mass.

Land Ct. March 26, 2009) Massachusetts Land Court Judge Keith C. Long invalidating

foreclosure sales because the lenders failed to show proof they held titles to the properties

through valid assignments and ruled that due to faulty paperwork, U.S. Bank and Wells

Fargo Bank don't really own the Greater Springfield homes that each foreclosed upon

separately in 2007.

26. The Creditor has responded to the Court that the loan default was manufactured, and in May

2009, this reason was explained by evidence that supports her position that SPS and WFBT

wanted to cause a default, but for an unexpected reason, which was heard on May 15, 2009,

on C-Span Washington Journal, reporting the Professor and Director of the Center

Department of Homeland Security and of the University of Maryland Law School, Michael

Greenberger regarding "derivatives" that the Administration believes the lack of oversight of

these markets led to the current day trouble in the financial markets.

6

27.  This would be an agreement that the Creditor was not a party to, but was used for her
     signature, in order to collect on a bet that she would default on her loan, and collect what
     has been exposed to be up to 30 times the amount of the original loan amount.

28.  Kansas Courts issued recent orders that MERS held no title, issued no credit and acted in
     no lending capacity...thus rendering all subsequent assignments (fraudulent they were)
     Void Ab Initio.

29.  The Creditor motions for BNC and LBHI to produce all records in order to properly amend
     here proof of claim and requests an order from the Honorable Gregory Peck for stay under
     11 U.S.C. 362, which triggers an injunction against the continuance of any action and that
     all actions in this case comes to a halt with no further state court jurisdiction in this case
     until U.S. Bankruptcy Honorable Gregory Peck declares as such.

CONCLUSION

30.  For the reasons stated above, the Creditor Motions for all records be produced and for an
     Order to Stay all further court proceedings.


Respectfully Submitted by:

Deborah E. Focht
530 E. Laurel Road
Nokomis, FL 34275
(941) 350-0561



VIA OVERNIGHT MAIL

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017


7

<u>Certificate of Service</u>

Creditor, Deborah E. Focht, hereby, certifies that the Amended Proof of Claims
Statement and Objections and Motions To Lift Automatic Stay, Order Production of All
Documents In Possession of BNC Mortgage Inc., Lehman Brothers Holdings Inc., Etal, Order
Blocking Transfer Of Core Assets Under The Bankruptcy Abuse Prevention & Consumer
Protection Act, 11 U.S.C. §363(o), Subject Sales Or Transfer By New Purchaser(s) Subject To
Provisions of Consumer Claims and Defenses of Consumer Disclosure/Credit Transaction or
Contract And Order Exceptions to Discharge Under 11 U.S.C. § 523 Brought Against Debtors'
BNC Mortgage LLC and/or c/o Lehman Brothers Holding Inc., Etal., have been mailed or
emailed to the following law firms on this <u>20</u>, day of <u>October</u>, 2009.

*Deborah E. Focht*

Deborah E. Focht
530 E. Laurel Road
Nokomis, Florida 34275
(941) 350-0561


cc :  Akerman Senterfitt
      Leslie A. Utiger, Esq.
      401 E, Jackson Street, Suite 1700
      Tampa, Florida 33602
      (attorney on behalf of BNC Mortgage, Inc.)

      Weil, Gotshal & Manges LLP
      Charles Herschel, Esq.
      767 Fifth Avenue
      New York, NY 10153
      (attorney on behalf of Lehman Brothers, Inc.)

8

RECORDED IN OFFICIAL RECORDS
INSTRUMENT # 2002175528 21 PGS

2002 OCT 23 04:33 PM
KAREN E. RUSHING
CLERK OF CIRCUIT COURT
SARASOTA COUNTY, FLORIDA
FMILLER  Receipt#233293
Doc Stamp-Mort:    386.40
Intang. Tax:    220.80

②

Return To:

BNC MORTGAGE, INC.
P.O. BOX 19656
IRVINE, CA 92623-9656

This document was prepared by:

RETURN TO: 214
PROFESSIONAL SERVICES OF SARASOTA
6378 N. LOCKWOOD RIDGE RD.
SARASOTA, FLORIDA 34243

—[Space Above This Line For Recording Data]—    2002175528

# MORTGAGE

MIN 100122200000209152

Loan No.: ARA7346FOCH

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is dated October 17, 2002
together with all Riders to this document.
(B) "Borrower" is DEBORAH E. FOCHY, *a single woman*

Borrower is the mortgagor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is
acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee
under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an
address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(D) "Lender" is BNC MORTGAGE, INC., A DELAWARE CORPORATION

FLORIDA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS    Form 3010  1/01

-6A(FL) (0005).01
Page 1 of 16    Initials:
VMP MORTGAGE FORMS - (800)521-7291

"MERS MORTGAGE"

OFFICIAL RECORDS INSTRUMENT # 2002175528 21 PGS

STATE OF FLORIDA,                     Sarasota    County ss:

The foregoing instrument was acknowledged before me this *18th* of *October* by

DEBORAH E. FOCHT                                                    2002

who is personally known to me or who has produced  *Fl. Dr. Lic*  as identification.

_____
Notary Public



-6A(FL) (0005).01                     Page 16 of 16                     Form 3010  1/01

**ADJUSTABLE RATE NOTE**
(LIBOR 6-Month Index-Rate Caps)

Loan No. ANA7346FOCH

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

October 17, 2002
[Date]

IRVINE
[City]

CALIFORNIA
[State]

530 LAUREL ROAD, NOKOMIS, FL 34275
[Property Address]

**1.  BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $  119,400.00    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is  BNC MORTGAGE, INC., A DELAWARE CORPORATION . I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.  INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of  6.400 %. The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3.  PAYMENTS**

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the first day of each month beginning on    December 1, 2002   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on    November 1, 2032   , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at   OPTION ONE MORTGAGE CORPORATION, 3 ADA, IRVINE, CA 92618    or at a different place if required by the Note Holder.

(B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $  698.36   . This amount may change.

(C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**

(A) Change Dates

The interest rate I will pay may change on the first day of    November, 2004   , and on that day every    6th    month thereafter. Each date on which my interest rate could change is called a "Change Date."

(B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for 6-month U.S. dollar-denominated deposits in the London market based on quotations of major banks, as published in the "Money Rates" section of The Wall Street Journal. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding Six And 350/1000 percentage points ( 6.350 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125 %). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

FLORIDA ARM PROGRAM

Page 1 of 3

Rev. 11/93

Borrower Initials 

FLA0068

**Exhibit "Wells Fargo Note"**

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11. SECURED NOTE**

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of these conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument.

**12. DOCUMENTARY TAX**

The state documentary tax due on this Note has been paid on the Mortgage securing this Indebtedness.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
DEBORAH E. FOGHT                Borrower                                          Borrower

_____ (Seal)          _____ (Seal)
                                Borrower                                          Borrower

_____ (Seal)          _____ (Seal)
                                Borrower                                          Borrower

[SIGN ORIGINAL ONLY]

FLORIDA ARM PROGRAM (ARM)                    Page 3 of 3                    Rev. 11/95

FLA4RP0                                      Borrower Initials

Exhibit "Wells Fargo Note"

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than    8.400    % or less than    6.400    %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point ( 1.0%) from the rate of interest I have been paying for the preceding    6    months. My interest rate will never be less than    6.400    % or greater than the lesser of (1)    13.400    % or (ii) the highest interest rate allowed by law.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5.    BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

If within    twenty-four    (    24    ) months after the date of execution of the Security Instrument (as defined below) I make a full Prepayment or partial Prepayment(s), I will at the same time pay to the Note Holder a Prepayment charge equal to six (6) months' advance interest on the amount of the Prepayment that, when added to all other amounts prepaid during the 12-month period immediately preceding the date of the Prepayment, exceeds twenty percent (20%) of the original Principal amount of this Note.

**6.    LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**7.    BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of    10    calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    6 %    of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8.    GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9.    OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

Exhibit "Wells Fargo Note"

It is a condition to the funding of this loan that the debt itemized on the CONDITIONAL LOAN APPROVAL be paid. Indicate payoffs on the HUD-1 Settlement Statement or provide other satisfactory evidence of payoff.

**DEBTS OR LIENS REQUIRED TO BE PAID THROUGH ESCROW**

*Estimated Payoff Amount:

TOTAL

$0.00

*All liens of record must be paid in accordance with mortgagee's Pay off Demand Statement.
If you have any questions regarding any of these instructions, please contact the Funding Department at (949) 260-6000.

**BORROWER ACKNOWLEDGMENT:** I/We have read and acknowledged receipt of these closing instructions.

| Borrower   DEBORAH FOCHT | Date | Borrower | Date |
|---|---|---|---|

| Borrower | Date | Borrower | Date |
|---|---|---|---|

| Borrower | Date | Borrower | Date |
|---|---|---|---|

**ACKNOWLEDGED AND AGREED:**

| Settlement Agent   CATHY | Date | Title Officer | Date |
|---|---|---|---|

SPECIFIC CLOSING INSTRUCTIONS

Page 3 of 3

Exhibit "Forgery"

## TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

CREDITOR:

    BNC MORTGAGE, INC.
    P.O. BOX 19656
    IRVINE, CA 92623-9656

BORROWERS: DEBORAH E. FOCHT

[ ] Preliminary [X] Final

DATE: 10/17/2002
LOAN NO.: ANA7346FOCH
Type of Loan: 2 YEAR FIXED 1/7

ADDRESS: 2655 BAY STREET
CITY/STATE/ZIP: SARASOTA, FL 34237
PROPERTY: 530 LAUREL ROAD NOKOMIS FL 34275

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 8.409 % | $ 188,538.06 | $ 104,734.18 | $ 293,272.24 |

PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE monthly BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE monthly BEGINNING |
|---|---|---|---|---|---|
| 24 | $690.56 | 12/01/2002 | | | |
| 335 | $823.54 | 12/01/2004 | | | |
| 1 | $812.90 | 11/01/2032 | | | |

DEMAND FEATURE: [X] This loan does not have a Demand Feature.     [ ] This loan has a Demand Feature as follows:

VARIABLE RATE FEATURE:
[X] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

SECURITY: You are giving a security interest in the property located at: 530 LAUREL ROAD NOKOMIS FL 34275

ASSUMPTION: Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms.
[ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

FILING / RECORDING FEES: $ 70.00

PROPERTY INSURANCE: [ ] Property hazard insurance in the amount of $ 0.00 with a mortgagee clause to the lender
is a required condition of this loan. Borrower may purchase this insurance from any insurance company acceptable to the lender.
Hazard insurance [ ] is [X] is not available through the lender at an estimated cost of $ 0.00 for a year term.

LATE CHARGES: If your payment is more than 10 days late, you will be charged a late charge of 6.000 % of the overdue payment.

PREPAYMENT: If you pay off your loan early, you
[X] may [ ] will not have to pay a penalty.
[ ] may [X] will not be entitled to a refund of part of the finance charge.

See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.
e means estimate

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_____ 10-18-05
DEBORAH E. FOCHT        BORROWER/DATE        BORROWER/DATE

BORROWER/DATE        BORROWER/DATE

© 2000 CBF Systems, Inc. The contents of this form in whole or in part are protected under the copyright laws of the United States.

Exhibit "Truth Rate"

August 4, 2008

BNC Mortgage, Inc.
P.O. Box 19656
Irvine, CA 92623-9656

BNC Mortgage, Inc.
1901 Main Street
Irvine, CA 92614

Mortgage Electronics Registration Systems Inc., (MERS)
P.O. Box 2026
Flint, MI 48501-2026

Select Portfolio Servicing, Inc.
P.O. Box 65250 / Mail code 1000
Salt Lake City, Utah 84165-0250

Re:  BNC Mortgage, Inc., Original Loan # ANA7346FOCH
     Select Portfolio Servicing (a.k.a. Fairbanks Capital) Loan # 12720137

Dear Sir or Madam:

Please accept this letter of **NOTICES** and **DEMANDS**, on behalf of a mortgage loan contract (# ANA7346FOCH), dated October 4, 17 and/or 18, 2002, for the property recorded on October 23, 2002, under Official Instrument # 2002175528, OF THE PUBLIC RECORDS OF SARASOTA COUNTY, FLORIDA, listing "Exhibit "A"" (see attached Exhibit).

You are hereby notified of the following:

**I HEREWITH DEMAND CANCELLATION OF THIS INVALID MORTGAGE LOAN CONTRACT**, which was signed, under DURESS, with no MEETING OF THE MINDS or any CONSIDERATION realized, created by original maker, **BNC MORTGAGE, INC.**, but VOID due to unknown and deceptive DUPLICATE TERM RATES, and recording a materially defective mortgage, consisting of several dates and violations found under the Truth In Lending Act (TILA), Regulation Z, the Consumer Protection Act, the Homeowner's Equity Protection Act (HOEPA), the Florida Deceptive and Unfair Trade Practices Act (FUTPA), along with many other law violations.

A parallel case of a class action suit was explained and ruled by the U.S. District Court under Case No. 05C0454 in *Andrews v. Chevy Chase Bank, FSB*, citing the Truth in Lending Act ("TILA"), 15 U.S.C. 1601 et seq., and a number of respects, exhibiting conflicting Adjustable Rate Rider ("ARR") and a deficient Truth in Lending Disclosure Statement ("TILDS"), which determined a right of rescission relief of a TILA plaintiff and of attorneys' fees and costs under section 1635. 15 U.S.C. § 1640(3).

1

Exhibit "Rescission Letter"

Relief from contract law violations can be found under Florida Statute § 672.302(1), (2), and as seen in cases *Pendleton v. Witcoski*, 836 So. 2d 1025; (Florida 1st DCA 2002); *Leo v. MacLeod*, 752 So. 2d 627 (Florida 2nd DCA 1999); the Florida Supreme Court, in *David v. Richman*, 528 So.2d 25, 27, and under the Constitution of the State of Florida, Article I, Section 2.

**I HEREBY GIVE NOTICE OF A COUNTERCLAIM** against "**WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION – AMORTIZING RESIDENTIAL COLLATERAL TRUST MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2002-BC10"**, and **SELECT PORTFOLIO SERVICING, INC.** (a.ka. FAIRBANKS CAPITAL) (under loan # 0003999042), and any **REPRESENTATIVES** involved, due to the foreclosure prosecution that was filed on January 15, 2008, under Case #: 2008 CA 000791 SC, in Sarasota South County, Civil Circuit Court # 11, R. L. Administration Center, 4100 S. Tamiami Trail, Venice, FL 34293.

**I HEREBY DEMAND A FULL SATISFACTION** of the MORTGAGE AND NOTE, **REIMBURSEMENT** OF ALL FUNDS I have paid on this loan, plus any other damages, and I give **NOTICE** to CEASE and DESIST all calls and claims to collect on this DISHONORED Note, and that any further attempts to enforce this UNCONSCIONABLE mortgage lien will constitute aiding and abetting, and in violation pursuant to Florida Statutes § 501.201, Florida's Organized Fraud § 817.034(f) and Florida Rico Act § 895.01-895.06.

Please also consider this as a **NOTICE** of filing A LIS PENDENS, with the intent to **QUIET TITLE,** pursuant to Florida Statutes 65.031 and § 65.061.

Please forward this notice to any affiliate that I am unaware of that has any interest in this case, as liability extends to an assignee, therefore, any claims should be filed against any new purchaser naming itself as owner of the promissory note sold by BNC MORTGAGE, INC, ET AL, which may have filed and recorded a petition within a United States Bankruptcy District Court.

Please send a certified response within 30 days as to what your intentions are regarding each of the notices and demands listed above, including any updated address and contact information needed, in order to prevent unnecessary costs.

Sincerely,

Deborah E. Focht
530 E. Laurel Avenue
Nokomis, Florida 34275
(941) 350- 0561

2

Exhibit "Rescission Letter"

cc:   Select Portfolio Servicing, LP
      Attn: Legal Dept
      P.O. Box 551170
      Jacksonville, FL 32255

      Albertelli Law
      Andrew L. Fivecoat, Esq.
      777 South Harbour Island Blvd.
      Suite 940
      Tampa, FL 33602

3

Exhibit "Rescission Letter"



| United States Bankruptcy Court/Southern District of New York | **PROOF OF CLAIM** |
|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In re: | |
|---|---|
| Lehman Brothers Holdings Inc., et al., | Chapter 11 |
| Debtors. | Case No. 08-13555 (JMP) |
| | (Jointly Administered) |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)        0000042916

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| Lehman Brothers Derivative Products In | 08-13699 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for certain protections Securities Act. See Instructions on reverse side.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor):

Deborah E. Focht
530 E. Laurel Road
Nokomis, FL 34275
U.S.

Telephone number: 941-350-0561   Email Address: americanreply@gmx.co

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
   *(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:        Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 1,104,000.00+

If all or part of your claim is secured, complete Item 4 below; if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OR A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** May be actual Lender or Owner holding insurance or derivative agreement
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** FOCH
   3a. **Debtor may have scheduled account as:** 2002175528
      (See instruction #3a on reverse side.)

4. **Secured Claim (See instruction #4 on reverse side.)**
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe:
   Value of Property: $_____   Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____   Basis for perfection:
   **Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**FOR COURT USE ONLY**

**FILED / RECEIVED**

**OCT 2 1 2009**

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date: | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| 10/18/09 | *Deborah E. Focht* |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## CLAIM FORM FILING CONFIRMATION

Your claim form was successfully filed on 10/18/2009 at 10:57 PM Central. Please print this page as proof of your filing.

**Deborah E. Focht**
**530 E. Laurel Road**
**Nokomis, FL 34275 UNITED STATES**

| | |
|---|---|
| Name of Debtor | Lehman Brothers Derivative Products Inc. (08-13899) |
| Please identify the counterparties, guarantor and/or credit support provider to the derivative contract. | Bnc Mortgage Inc. and Wells Fargo Bank, N.A., Successor By Merger To Wells Fargo Bank Minnesota, National Association, As Trustee, In Trust For The Holders Of Structured Assets Securities Corporation – Amortizing Residential Collateral Trust Mortgage Pass Through Certificates, Series 2002-BC10 |
| Have you entered into a termination agreement with the Debtors establishing the agreed upon amounts due in respect of derivative contracts? | Selected: No |
| Have the derivative contracts matured or been terminated? | Selected: No |

https://www.lehman-claims.com/secure/confirmation.aspx                        10/18/2009

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

IN RE:                                    : Chapter 11

BNC MORTGAGE LLC,
    DEBTOR,                            : Under Case No.: 09-10137 (JMP)


IN RE:                                    : Chapter 11

LEHMAN BROTHERS HOLDINGS INC., ET AL.,
    DEBTOR,                            : Under Case No.: 08-13555 (JMP)

LEHMAN BROTHERS DERIVATIVE PRODUCTS INC.,
    DEBTOR,                            : Under Case No.: 08-13899 (JMP)

LEHMAN BROTHERS OTC DERIVATIVES INC.,
    DEBTOR,                            : Under Case No.: 08-13893 (JMP)


-----------------------------------------------------------------------x
                                         : AFFIDAVIT OF DEBORAH E. FOCHT,
                                         : CREDITOR

## <u>AMENDED STATEMENT IN SUPPORT OF PROOF OF CLAIM</u>

**<u>OBJECTIONS AND MOTIONS TO LIFT AUTOMATIC STAY, ORDER PRODUCTION OF ALL DOCUMENTS IN POSSESSION OF BNC MORTGAGE INC., LEHMAN BROTHERS HOLDINGS INC., ETAL, ORDER BLOCKING TRANSFER OF CORE ASSETS UNDER THE BANKRUPTCY ABUSE PREVENTION & CONSUMER PROTECTION ACT, 11 U.S.C. §363(O), SUBJECT SALES OR TRANSFER BY NEW PURCHASER(S) SUBJECT TO PROVISIONS OF CONSUMER CLAIMS AND DEFENSES OF CONSUMER DISCLOSURE/CREDIT TRANSACTION OR CONTRACT AND ORDER EXCEPTIONS TO DISCHARGE UNDER 11 U.S.C. § 523 BROUGHT AGAINST DEBTORS' BNC MORTGAGE LLC AND/OR LEHMAN BROTHERS HOLDING INC., ETAL.</u>**

      Creditor, Deborah E. Focht, (herein referred to as "Creditor") sets forth her pre-petition

statements (defined in section 101(5) of the Bankruptcy Code), as required in order to preserve

her claims against the Debtors, BNC Mortgage Inc., a.k.a. BNC Mortgage LLC, (herein referred

to as "BNC"), and/or Lehman Brother Holdings, Inc. et al, (herein referred to as "LBHI"), and in

support, states the following:

1. This claim arose prior to the Commencement Date of the Debtor's voluntary petition, due a mortgage loan that was closed on October 2, 4, 17 and/or 18, 2002, while the Creditor was under duress from car accident injuries and while under duress closing conditions, for a loan between the Creditor and BNC Mortgage, Inc, loan (#ANA7346FOCH), via BNC Representatives from Irvine, California, employing Professional Title Services of Sarasota.

2. The mortgage was recorded on October 23, 2002, under Official Instrument # 2002175528, of the property listed in the Public Records of Sarasota County, Florida, as Exhibit "A".

3. The Mortgage names Mortgage Electronics Registration Systems Inc., (herein referred to as "MERS"), as the nominee and mortgagee on the BNC mortgage, dated October 17, 2002, but was overwritten to October 18, 2002. (see Exhibit "MERS Mortgage")

4. The mortgage loan payments, was collected years later by loan service provider, Select Portfolio Servicing, Inc. (formerly known as Fairbanks Capital - herein referred to as "SPS").

5. The Creditor informed SPS that the financial information requested for loan payments in August 2007, was incorrect, and SPS eventually sent documents held in their possession that consisted of a different proper loan account.

6. SPS attempted to have the Creditor fill out Identity Theft paperwork regarding the BNC mortgage, while pretending an investigation, and without any mention of filing a foreclosure.

7. On January 16, 2008, unknown entity, WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION – AMORTIZING RESIDENTIAL COLLATERAL TRUST MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2002-BC10, (herein referred to as "WFBT"), filed a wrongful foreclosure action, in Sarasota County, under Case No: 2008 CA 000791

SC, served eviction notices without informing the Counter-Plaintiff, without mentioning involvements of SPS, submitted loan documents with an "Adjustable Rate Note" document by BNC, dated October 17, 2002, that are different than what the Creditor possesses and agreed to at her closing, and with financial information that still does not caculate to the amount of the adjustable rate note anyway. (see Exhibit "Adjustable Rate Note")

8. The Creditor evidenced the Truth in Lending Disclosure Statement (TILDS) she possessed, marked as "Final", dated October 17th, 2002, also overwritten to be dated October 18th, and showing different rate terms and date than the Adjustable Rate Note. (see Exhibit "Truth Rate")

9. According to the charges and documents, the mortgage transaction was deceptively obtained, executed, and renegotiated with other parties unknown to the Creditor, and the Creditor Responded to the Court that WFBT was attempting to enforce a lost or destroyed mortgage note, without providing any link to the Creditor, filed the foreclosure in collusion with SPS to create a default and filed defiance of federal and state court decision for Lenders to stop filing foreclosure without providing proof of ownership.

10. According to the evidence, BNC Mortgage Inc stood in as the lender to obtain the loan, then renegotiated and sold the loan to a loan trust pool of an affiliated company with an investment bank/lender and purchaser of loans, and even before loan was closed.

11. According to the evidence, BNC did not negotiate an acceptable loan with the Creditor, and the Creditor found documents that forging the dates and her signature. (see Exhibits "Truth Rate" - "Different Dates" - "Forgery")

12. As a result, on August 4, 2008, the Creditor sent BNC, MERS, WFBT and SPS a notice of Recission letter to cancel the mortgage and notice to quiet title and SPS and WFBT have not

3

ceased and desisted their activity and BNC did not respond and did not inform the Creditor of

its bankruptcy petition. (see Exhibit "Rescission Letter")

13. Wells Fargo was already paid funds for bad mortgage loans according to many reports and

articles and the evidence suggests that BNC was not the actual lender, and the presence of

use of proceeds, insurance, credit default swaps, bailouts from the U.S. Treasury and Federal

Reserve indicate that the only party who could possibly claim to be holder in due course has

been paid in part or in full, which may BNC or Lehman Brothers, et al, and that if the loan

was not sold and the lender received payment in full, neither the obligation nor the security

(mortgage) exists by operation of law.

14. WFBT lacked Standing to bring its foreclosure Complaint as an injured party and provided

no proper documentation in its Motion for Summary Judgment, however, BNC, WFBT, SPS,

MERS AND/OR DOE are in breach of the terms of the mortgage and note despite being

fraudulent, when it stated that payments would be applied to what the borrowers owes.

15. WFBT has not shown payment for the BNC mortgage and note, has not answered whether it

was already paid or receive funds for the bad loan, and has not shown indorsement signatures

of how it came into possession of the mortgage documents, and through discovery, on

December 3, 2008, the Creditor received a copy of a "Corporate Assignment of Mortgage"

recorded over eight months after WFBT filed it foreclosure claim, with SPS Representative

Bill Koch signing on behalf of MERS, on behalf of BNC, and over to WFBT, listing the

Assignor as Mortgage Electronics Registration Systems Inc., as Nominee for BNC Mortgage,

Inc., and WFBT as Assignee.

16. Even though the "Assignment" was notarized on September 26, 2008, and possibly

fabricated, it fails to follow the basic steps for conveyance to the trust, and the "Assignment"

indicates contradictions, claiming BNC was the Lender and that the Borrower granted and
conveyed the mortgage to MERS (solely as nominee to Lender and Lender's successors and
assigns), including as Mortgagee.

17. MERS is not named on the BNC adjustable note and the BNC mortgage note is dated
October 17, 2002, while the mortgage is dated the 17th, but overwritten to be dated the
October 18th.

18. SPS has enforced its own insurance policy after having the Creditor's insurance policy
cancelled and BNC obtained a title insurance policy as the mortgage documents states the
following on Page 2: "(N) "Mortgage Insurance" means insurance protecting the Lender
against the nonpayment of, or default on, the Loan."

19. In the event that Lehman Brothers Holdings Inc., et al. may be the actual lender, the Creditor
should be returned all payments for the loan and/or via an insurance or a derivative
agreement that pays in the event of default or other reason, which may calculate up to ten
times the original loan amount of $110,400.00, totaling $3,312,000.00, in which the Creditor
should be entitled to one-third at approximately $1,104,000.00.

20. The Creditor does not have access to all the BNC mortgage documents, which is listed as a
subsidiary of Lehman Brothers, and BNC has not send the Creditor any of the documents.

21. WFBT has standard trust agreements describing that BNC loans were securitized in a pool
with other loans, which rendered the mortgages and notes no longer as Negotiable
Instruments and left as an unsecured debt obligations.

22. Intermediaries in this case, WFBT and SPS are still attempting to collect on the wrong loan
account even after being informed SPS was collecting on the wrong loan account and BNC,
MERS, SPS, WFBT, LEHMAN BROTHERS, AND/OR DOE, should execute in writing an

instrument acknowledging SATISFACTION of said mortgage, lien, agreement or any judgment rendered.

23. On July 22, 2009 CNN reported a conference with President Obama stating: "… Wall Street took extraordinary risks with other people's money. They were peddling loans that they knew could never be paid back."

24. The Creditor has already paid BNC approximately $110,000 for two properties and paid SPS $50,537.26, apparently for a fraudulent loan despite being the wrong loan account.

25. The Creditor's affirmative defenses, counterclaims, evidence and articles are too voluminous to list and exhibit, however, the documents exhibited for this proof of claim, should be void, as seen in *U.S. Bank National Association v. Ibanez*, No. 384283, 2009 WL 795201 (Mass. Land Ct. March 26, 2009) Massachusetts Land Court Judge Keith C. Long invalidating foreclosure sales because the lenders failed to show proof they held titles to the properties through valid assignments and ruled that due to faulty paperwork, U.S. Bank and Wells Fargo Bank don't really own the Greater Springfield homes that each foreclosed upon separately in 2007.

26. The Creditor has responded to the Court that the loan default was manufactured, and in May 2009, this reason was explained by evidence that supports her position that SPS and WFBT wanted to cause a default, but for an unexpected reason, which was heard on May 15, 2009, on C-Span Washington Journal, reporting the Professor and Director of the Center Department of Homeland Security and of the University of Maryland Law School, Michael Greenberger regarding "derivatives" that the Administration believes the lack of oversight of these markets led to the current day trouble in the financial markets.

27. This would be an agreement that the Creditor was not a party to, but was used for her

    signature, in order to collect on a bet that she would default on her loan, and collect what

    has been exposed to be up to 30 times the amount of the original loan amount.

28. Kansas Courts issued recent orders that MERS held no title, issued no credit and acted in

    no lending capacity...thus rendering all subsequent assignments (fraudulent they were)

    Void Ab Initio.

29. The Creditor motions for BNC and LBHI to produce all records in order to properly amend

    here proof of claim and requests an order from the Honorable Gregory Peck for stay under

    11 U.S.C. 362, which triggers an injunction against the continuance of any action and that

    all actions in this case comes to a halt with no further state court jurisdiction in this case

    until U.S. Bankruptcy Honorable Gregory Peck declares as such.

CONCLUSION

30. For the reasons stated above, the Creditor Motions for all records be produced and for an

    Order to Stay all further court proceedings.


Respectfully Submitted by:

*Deborah E. Focht*

Deborah E. Focht
530 E. Laurel Road
Nokomis, FL 34275
(941) 350-0561



VIA OVERNIGHT MAIL

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

## Certificate of Service

Creditor, Deborah E. Focht, hereby, certifies that the Amended Proof of Claims Statement and Objections and Motions To Lift Automatic Stay, Order Production of All Documents In Possession of BNC Mortgage Inc., Lehman Brothers Holdings Inc., Etal, Order Blocking Transfer Of Core Assets Under The Bankruptcy Abuse Prevention & Consumer Protection Act, 11 U.S.C. §363(o), Subject Sales Or Transfer By New Purchaser(s) Subject To Provisions of Consumer Claims and Defenses of Consumer Disclosure/Credit Transaction or Contract And Order Exceptions to Discharge Under 11 U.S.C. § 523 Brought Against Debtors' BNC Mortgage LLC and/or c/o Lehman Brothers Holding Inc., Etal., have been mailed or emailed to the following law firms on this 20, day of October, 2009.

Deborah E. Focht
530 E. Laurel Road
Nokomis, Florida 34275
(941) 350-0561


cc : Akerman Senterfitt
Leslie A. Utiger, Esq.
401 E, Jackson Street, Suite 1700
Tampa, Florida 33602
(attorney on behalf of BNC Mortgage, Inc.)

Weil, Gotshal & Manges LLP
Charles Herschel, Esq.
767 Fifth Avenue
New York, NY 10153
(attorney on behalf of Lehman Brothers, Inc.)

RECORDED IN OFFICIAL RECORDS
INSTRUMENT # 2002175528 21 PGS

2002 OCT 23 04:33 PM
KAREN E. RUSHING
CLERK OF CIRCUIT COURT
SARASOTA COUNTY,FLORIDA
FMILLER  Receipt#233293
Doc Stamp-Mort:    386.40
Intang. Tax:    220.80

②

Return To:

ENC MORTGAGE, INC.
P.O. BOX 19656
IRVINE, CA 92623-9656

This document was prepared by:

RETURN TO: 214
PROFESSIONAL SERVICES OF SARASOTA
6578 N. LOCKWOOD RIDGE RD.
SARASOTA, FLORIDA 34243

2002175528

———————[Space Above This Line For Recording Data]———————

# MORTGAGE

MIN 100122200000209152

Loan No.: ANA7346FOCH

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is dated October 17, 2002
together with all Riders to this document.

(B) "Borrower" is DEBORAH K. FOCHT, *a single woman*

Borrower is the mortgagor under this Security Instrument.

(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is
acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee
under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an
address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) "Lender" is ENC MORTGAGE, INC., A DELAWARE CORPORATION

FLORIDA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS          Form 3010  1/01

-6A(FL) (0005).01
Page 1 of 18
VMP MORTGAGE FORMS - (800)521-7291

*"MERS MORTGAGE"*

OFFICIAL RECORDS INSTRUMENT # 2002175528 21 PGS

STATE OF FLORIDA,          Sarasota County ss:
    The foregoing instrument was acknowledged before me this 18th of October by
DEBORAH E. FOCHT            2002

who is personally known to me or who has produced FL. Dr. Lic. as identification.



Notary Public

.6A(FL) (0005).01          Page 15 of 16          Initials ___          Form 3010    1/01

**ADJUSTABLE RATE NOTE**
(LIBOR 6-Month Index-Rate Caps)

Loan No. ANA7346FOCH

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

October 17, 2002          IRVINE          CALIFORNIA
[Date]                    [City]          [State]

530 LAUREL ROAD, NOKOMIS, FL 34275
[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 118,400.00      (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is BNC MORTGAGE, INC., A DELAWARE CORPORATION   . I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   6.690   %. The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3. PAYMENTS**

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the first day of each month beginning on     December 1, 2002   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on     November 1, 2032   , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at     OPTION ONE MORTGAGE CORPORATION, 3 ADA, IRVINE, CA 92618     or at a different place if required by the Note Holder.

(B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $   698.56   . This amount may change.

(C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**

(A) Change Dates

The interest rate I will pay may change on the first day of     November, 2004   , and on that day every   6th   month thereafter. Each date on which my interest rate could change is called a "Change Date."

(B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for 6-month U.S. dollar-denominated deposits in the London market based on quotations of major banks, as published in the "Money Rates" section of The Wall Street Journal. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding Six And 350/1000   percentage points (   6.350   %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125 %). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.



FLORIDA ADJUSTABLE

Page 1 of 3                                    Rev. 11/93

FL#####

Borrower Initials    <u>    </u>

**Exhibit "Wells Fargo Note"**

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11. SECURED NOTE**

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument.

**12. DOCUMENTARY TAX**

The state documentary tax due on this Note has been paid on the Mortgage securing this indebtedness.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)        _____ (Seal)
DEBORAH E. FOCHT         Borrower                                Borrower

_____ (Seal)        _____ (Seal)
                        Borrower                                Borrower

_____ (Seal)        _____ (Seal)
                        Borrower                                Borrower

[SIGN ORIGINAL ONLY]

FLORIDA ARM PROGRAMS (AIS)                    Page 3 of 3                    Rev. 11/95

FLAIMG                                       Borrower Initials _____  ___ ___ ___ ___ ___

**Exhibit "Wells Fargo Note"**

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than    8.480    % or less than 6.480    % . Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point ( 1.0%) from the rate of interest I have been paying for the preceding    6    months. My interest rate will never be less than    6.480    % or greater than the lesser of (I)    13.480    % or (ii) the highest interest rate allowed by law.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I f I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

If within    twenty-four    (   24   ) months after the date of execution of the Security Instrument (as defined below) I make a full Prepayment or partial Prepayment(s), I will at the same time pay to the Note Holder a Prepayment charge equal to six (6) months' advance interest on the amount of the Prepayment that, when added to all other amounts prepaid during the 12-month period immediately preceding the date of the Prepayment, exceeds twenty percent (20%) of the original Principal amount of this Note.

**6. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 10    calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    6 %    of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

FLORIDA ARM PROGRAM

Page 2 of 3

Rev. 11/95

PLA0290

Borrower Initials    4

Exhibit "Wells Fargo Note"

**PAYOFF REQUIREMENTS:**

It is a condition to the funding of this loan that the debts listed on the **CONDITIONAL LOAN APPROVAL** be paid. Indicate payoffs on the HUD-1 Settlement Statement or provide other satisfactory evidence of payoff.

**DEBTS OR LIENS REQUIRED TO BE PAID THROUGH ESCROW**

*Estimated Payoff Amount:

TOTAL

$0.00

*All liens of record must be paid in accordance with mortgagee's Pay off Demand Statement.

If you have any questions regarding any of these instructions, please contact the Funding Department at (949) 260-6000.

**BORROWER ACKNOWLEDGMENT: I/We have read and acknowledged receipt of these closing instructions.**

| | | | |
|---|---|---|---|
| Borrower  DEBORAH FOCHT | Date | Borrower | Date |
| Borrower | Date | Borrower | Date |
| Borrower | Date | Borrower | Date |

**ACKNOWLEDGED AND AGREED:**

Settlement Agent  CATHY          Date          Title Officer          Date

SPECIFIC CLOSING INSTRUCTIONS

Page 3 of 3

Exhibit "Forgery"

## TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

CREDITOR:

    BNC MORTGAGE, INC.
    P.O. BOX 19656
    IRVINE, CA 92623-9656

BORROWERS: DEBORAH E. FOCHT

⬜ Preliminary    **X** Final

*DATE:* 10/17/2002
*LOAN NO.:* ANA7346FOCH
*Type of Loan:* 2 YEAR FIXED 1/7

ADDRESS: 2655 BAY STREET
CITY/STATE/ZIP: SARASOTA, FL 34237
PROPERTY: 530 LAUREL ROAD NOKOMIS FL 34275

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 8.409 % | $ 188,538.06 | $ 104,734.18 | $ 293,272.24 |

PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE<br>monthly<br>BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE<br>monthly<br>BEGINNING |
|---|---|---|---|---|---|
| 24 | $690.56 | 12/01/2002 | | | |
| 335 | $823.54 | 12/01/2004 | | | |
| 1 | $812.90 | 11/01/2032 | | | |

DEMAND FEATURE:   [X] This loan does not have a Demand Feature.    ⬜ This loan has a Demand Feature as follows:

VARIABLE RATE FEATURE:
[X] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

SECURITY: You are giving a security interest in the property located at: 530 LAUREL ROAD NOKOMIS FL 34275

ASSUMPTION: Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms.
⬜ may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

FILING / RECORDING FEES: $ 70.00

PROPERTY INSURANCE: ⬜ Property hazard insurance in the amount of $ 0.00        with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any insurance company acceptable to the lender.
Hazard insurance ⬜ is [X] is not available through the lender at an estimated cost of $0.00    for a      year term.

LATE CHARGES: If your payment is more than 10 days late, you will be charged a late charge of 6.000 % of the overdue payment.

PREPAYMENT: If you pay off your loan early, you
[X] may   ⬜ will not   have to pay a penalty.
⬜ may   [X] will not   be entitled to a refund of part of the finance charge.

See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.
e means estimate

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_Deborah E. Focht_      10-18-02

DEBORAH E. FOCHT        BORROWER/DATE           BORROWER/DATE

                   BORROWER/DATE           BORROWER/DATE

Exhibit "Truth Rate"

August 4, 2008


BNC Mortgage, Inc.
P.O. Box 19656
Irvine, CA 92623-9656

BNC Mortgage, Inc.
1901 Main Street
Irvine, CA 92614

Mortgage Electronics Registration Systems Inc., (MERS)
P.O. Box 2026
Flint, MI 48501-2026

Select Portfolio Servicing, Inc.
P.O. Box 65250 / Mail code 1000
Salt Lake City, Utah 84165-0250

Re:  BNC Mortgage, Inc., Original Loan # ANA7346FOCH
     Select Portfolio Servicing (a.k.a. Fairbanks Capital) Loan # 12720137

Dear Sir or Madam:

Please accept this letter of **NOTICES** and **DEMANDS**, on behalf of a mortgage loan contract (# ANA7346FOCH), dated October 4, 17 and/or 18, 2002, for the property recorded on October 23, 2002, under Official Instrument # 2002175528, OF THE PUBLIC RECORDS OF SARASOTA COUNTY, FLORIDA, listing "Exhibit "A"" (see attached Exhibit).

You are hereby notified of the following:

**I HEREWITH DEMAND CANCELLATION OF THIS INVALID MORTGAGE LOAN CONTRACT,** which was signed, under DURESS, with no MEETING OF THE MINDS or any CONSIDERATION realized, created by original maker, **BNC MORTGAGE, INC.**, but VOID due to unknown and deceptive DUPLICATE TERM RATES, and recording a materially defective mortgage, consisting of several dates and violations found under the Truth In Lending Act (TILA), Regulation Z, the Consumer Protection Act, the Homeowner's Equity Protection Act (HOEPA), the Florida Deceptive and Unfair Trade Practices Act (FUTPA), along with many other law violations.

A parallel case of a class action suit was explained and ruled by the U.S. District Court under Case No. 05C0454 in *Andrews v. Chevy Chase Bank, FSB*, citing the Truth in Lending Act ("TILA"), 15 U.S.C. 1601 et seq., and a number of respects, exhibiting conflicting Adjustable Rate Rider ("ARR") and a deficient Truth in Lending Disclosure Statement ("TILDS"), which determined a right of rescission relief of a TILA plaintiff and of attorneys' fees and costs under section 1635. 15 U.S.C. § 1640(3).

1

Exhibit "Rescission Letter"

Relief from contract law violations can be found under Florida Statute § 672.302(1), (2), and as seen in cases *Pendleton v. Witcoski*, 836 So. 2d 1025; (Florida 1st DCA 2002); *Leo v. MacLeod*, 752 So. 2d 627 (Florida 2nd DCA 1999); the Florida Supreme Court, in *David v. Richman*, 528 So.2d 25, 27, and under the Constitution of the State of Florida, Article 1, Section 2.

**I HEREBY GIVE NOTICE OF A COUNTERCLAIM** against "**WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION – AMORTIZING RESIDENTIAL COLLATERAL TRUST MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2002-BC10**", and **SELECT PORTFOLIO SERVICING, INC.** (a.k.a. FAIRBANKS CAPITAL) (under loan # 0003999042), and any **REPRESENTATIVES** involved, due to the foreclosure prosecution that was filed on January 15, 2008, under Case #: 2008 CA 000791 SC, in Sarasota South County, Civil Circuit Court # 11, R. L. Administration Center, 4100 S. Tamiami Trail, Venice, FL 34293.

**I HEREBY DEMAND A FULL SATISFACTION** of the MORTGAGE AND NOTE, **REIMBURSEMENT** OF ALL FUNDS I have paid on this loan, plus any other damages, and I give **NOTICE** to CEASE and DESIST all calls and claims to collect on this DISHONORED Note, and that any further attempts to enforce this UNCONSCIONABLE mortgage lien will constitute aiding and abetting, and in violation pursuant to Florida Statutes § 501.201, Florida's Organized Fraud § 817.034(f) and Florida Rico Act § 895.01-895.06.

Please also consider this as a **NOTICE** of filing A LIS PENDENS, with the intent to **QUIET TITLE**, pursuant to Florida Statutes 65.031 and § 65.061.

Please forward this notice to any affiliate that I am unaware of that has any interest in this case, as liability extends to an assignee, therefore, any claims should be filed against any new purchaser naming itself as owner of the promissory note sold by BNC MORTGAGE, INC, ET AL, which may have filed and recorded a petition within a United States Bankruptcy District Court.

Please send a certified response within 30 days as to what your intentions are regarding each of the notices and demands listed above, including any updated address and contact information needed, in order to prevent unnecessary costs.

Sincerely,

*Deborah E. Focht*

Deborah E. Focht
530 E. Laurel Avenue
Nokomis, Florida 34275
(941) 350- 0561

2

Exhibit "Rescission Letter"

cc:   Select Portfolio Servicing, LP
Attn: Legal Dept
P.O. Box 551170
Jacksonville, FL 32255

Albertelli Law
Andrew L. Fivecoat, Esq.
777 South Harbour Island Blvd.
Suite 940
Tampa, FL 33602

3



# EXHIBIT B
**(Foreclosure Judgment)**

IN THE CIRCUIT COURT OF THE
TWELFTH JUDICIAL CIRCUIT IN & FOR
SARASOTA COUNTY, FLORIDA

**FOR CLERK'S USE ONLY**

Clerk Case Number: 2008 CA 791 SC
Circuit Civil A - Sarasota County

WELLS FARGO BANK, N.A.,
   Plaintiff(s),

v.

DARLENE BALKE, DEBORAH E. FOCHT, ET AL.,
   Defendant(s).

FILED FOR RECORD
2011 AUG 15 PM 2:30
KAREN E. RUSHING
CLERK OF CIRCUIT COURT
SARASOTA COUNTY, FL

## UNIFORM FINAL JUDGMENT OF MORTGAGE FORECLOSURE

*This form substantially complies with Form 1.996, adopted by the Florida Supreme Court
February 11, 2010, SC09-1579; form published in 12th Circuit on 4-5-10.*

THIS action was tried before the Court.  On the evidence presented

IT IS ORDERED AND ADJUDGED that:

1.  Plaintiff, WELLS FARGO BANK, N. A., SUCCESSOR BY MERGER TO WELLS FARBO BANK MINESOTA, NATIONAL ASSOCIATION, AS TRUSTEE, IN TRSUT FOR THE HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION - AMORTIZING RESIDENTIAL COLLATERAL TRUST MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2002-BC10, is due.

| Description | Amount |
|---|---|
| Principal | $ 105695.77 |
| Interest from 08/01/07 to the 08/11/2011 date of judgment | $ 37402.57 |
| Title Search Expense | $ |
| Taxes | $ |
| Filing Fee | $ |
| Service of Process | $ |
| Attorneys' Fees | $ |
|    Finding as to reasonable number of hours | |
|    Finding as to reasonable hourly rate: | |
|      Attorneys' Fee Total | |
| Court costs, now taxed | $ |
| Other: *Escrow/Impound Advances* | $ 22213.35 |

Version: *April 1, 2010*        ***SPACE BELOW FOR CLERK'S USE ONLY***        Page 2 of 7



intersection with the Westerly right-of-way line of the Seaboard Coastline Railroad and the end of said right-of-way line.

3. If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale as set forth below to the highest bidder for cash, except as prescribed in paragraph 4, in accordance with section 45.031, Florida Statutes, using the following method:

| Sales Information | Date [Clerk Inserts] | Time | Location |
|---|---|---|---|
| Sarasota County | September 19, 2011 | 9:00 am or as soon as possible thereafter | Foreclosure sales conducted via Internet: www.sarasota.realforeclose.com |
| Manatee County | | 11:00 am or as soon as possible thereafter | Foreclosure sales conducted via Internet: www.manatee.realforeclose.com |
| DeSoto County | | 11:00 am or as soon as possible thereafter | Desoto County Courthouse 115 Oak Street, Arcadia, Florida 34266 www.desotoclerk.com |

4. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If plaintiff is the purchaser, the clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

5. On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this court.

6. On filing the certificate of sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property. If any defendant remains in possession of the property, the clerk shall without further order of the court issue forthwith a writ of possession upon request of the person named on the certificate of title.
**NOTICE: Issuance of a writ of possession does not exempt plaintiff from complying with federal law requiring notice to tenants residing on foreclosed property. To insure compliance with federal law, Plaintiff should consult with counsel before serving the writ of possession.**

Version: *April 1, 2010*          *SPACE BELOW FOR CLERK'S USE ONLY*          Page 4 of 7

7.   Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a deficiency judgment.

8.   **Additions. Modifications or Changes to Standard Form**
Any additions, modifications or changes to the provisions above may only be set forth in this paragraph.
a.   *The Court reserves jurisdiction to award reasonable attorney's fees and costs.*
b.
c.
d.
e.

**NOTICE PURSUANT TO § 45.031, FLORIDA STATUTES (2006).**
If this property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sale proceeds pursuant to this Final Judgment.

If you are a subordinate lienholder claiming a right to funds remaining after the sale, you must file a claim with the Clerk no later than sixty (60) days after the sale. If you fail to file a claim, you will not be entitled to any remaining funds.

*If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the following additional language applies:*

If you are the property owner, you may claim these funds yourself. You are not required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to claim any money to which you are entitled. Please check with the Clerk of Court for your county within ten (10) days after the sale to see if there is additional money from the foreclosure sale that the clerk has in the registry of the Court.

| Sarasota County Clerk of Court | Manatee County Clerk of Court | Desoto County Clerk of Court |
|---|---|---|
| 2000 Main Street Sarasota, Florida 34237 (941) 861-7400 www.sarasotaclerk.com | 1115 Manatee Ave W Bradenton, FL 34205 (941) 749-1800 www.manateeclerk.com | 115 East Oak Street Arcadia, FL 34266 (863) 993-4876 www.desotoclerk.com |

If you decide to sell your home or hire someone to help you claim the additional money, you should read very carefully all papers you are required to sign, ask someone else, preferably an attorney who is not related to the person offering help to you, to make sure that you understand what you are signing and that you are not transferring your property or the equity in your property without the proper information. If you cannot afford to pay an attorney, you may contact the local legal services listed below to see if you qualify financially for their services. If they cannot assist you, they may be able to refer you to a local bar referral agency or suggest other options. If you choose to contact one of the services listed below, you should do so as soon as possible after the receipt of this notice.

Version: *April 1, 2010*          *SPACE BELOW FOR CLERK'S USE ONLY*          Page 5 of 7

| Sarasota County | Manatee County | DeSoto County |
|---|---|---|
| Legal Aid of Manasota<br>Sarasota Office<br>1900 Main Street, Suite 302<br>Sarasota, Florida 34236<br>(941) 366-0038<br>**Venice Office**<br>7810 South Tamiami Trail<br>Suite A6<br>Venice, Florida 34293<br>(941) 492-4631<br>*Gulfcoast Legal Services*<br>1750 17th Street, Bldg. 1<br>Sarasota, Florida 34236<br>(941) 366-1746<br>www.gulfcoastlegal.org | Legal Aid of Manasota<br>1101 6th Avenue West<br>Bradenton, Florida 34205<br>(941) 747-1628<br>www.gulfcoastlegal.org<br>*Gulfcoast Legal Services*<br>430 12th Street West<br>Bradenton, Florida 34205<br>(941) 746-6151<br>www.gulfcoastlegal.org | Fla. Rural Legal Services<br>3210 Cleveland Avenue, Suite A<br>Ft. Myers, Florida 33901<br>(800) 476-8937<br>www.flrs.org |

**DONE AND ORDERED** in Chambers in SARASOTA County, Florida, this _12_ day of
_____, 20 _11_ .

JUDGE CHARLES WILLIAMS
Circuit Judge, Twelfth Judicial Circuit

*Copies furnished to all parties on attached Service List*

Version: *April 1, 2010*          *SPACE BELOW FOR CLERK'S USE ONLY*          Page 6 of 7

## SERVICE LIST

Clerk Case Number:   2008 CA 791 SC

Deborah E. Focht
530 E. Laurel Road
Nokomis, Florida 34275

Ronnie J. Bitman, Esquire
Powell & Pearson LLP
399 Carolina Avenue, Suite 100
Winter Park, Florida 32789

**EXHIBIT C**
**(Foreclosure Action Docket)**



# Karen E. Rushing
## SarasotaClerk.com



# *Civil Inquiry Detail*

**Case Number** 2008 CA 000791 SC
**Uniform Case Number** 582008CA0007910000SC
**Filing Type** Mortgage Foreclosure - Circuit (South County)
**Filing Date** 1/16/2008
**Judge** DIVISION A CIRCUIT

## Plaintiff Information

| Plaintiff Name | Attorney Name |
|---|---|
| WELLS FARGO BANK NA SUCCESSOR BY MERGER | |

## Defendant Information

| Defendant Name | Attorney Name |
|---|---|
| BALKE, DARLENE | |
| UNKNOWN SPOUSE OF DARLENE BALKE | |
| UNKNOWN SPOUSE OF DEBORAH E FOCHT | |
| UNKNOWN SPOUSE OF SHARON MARCOLINA | |
| FOCHT, DEBORAH E | |
| MARCOLINA, SHARON | |
| TENANT #1, | |
| SCHLATER, SUSAN | |
| TENANT #3, | |
| UNKNOWN SPOUSE OF SUSAN SCHLATER | |
| TENANT #4, | |
| ANY AND ALL UNKNOWN PARTIES CLAIMING BY THROUGH | |
| TENANT #2, | |

## Docket Information

| Date | Description | Pages | Image |
|---|---|---|---|
| 10/18/2012 | ORDER FROM DISTRICT COURT OF APPEALS | 1 | View |
| 10/5/2012 | APPELLANT'S APPENDIX TO MOTION FOR SANCTIONS | 51 | View |

| Date | Description | # | |
|------|-------------|---|---|
| 9/26/2012 | MOTION - APPEAL/APPELLANT'S MOTION FOR SANCTIONS | 35 | View |
| 9/21/2012 | ORDER EXTENSION OF TIME - APPEAL - DENIED /2D11-4511 | 1 | View |
| 9/21/2012 | ORDER EXTENSION OF TIME - APPEAL / DENIED 2D11-4511 | 1 | View |
| 9/4/2012 | DIRECTIONS TO CLERK - APPEAL - SUPPLEMENTAL | 2 | View |
| 9/4/2012 | MOTION - APPEAL/APPELLANT'S 5TH AMD MOT FOR EXT OF TIME TO SPLMT & CORRECT THE RECORD | 4 | View |
| 9/4/2012 | NOTICE OF FILING FOR APPEAL/EXHIBIT #1 | 4 | View |
| 9/4/2012 | NOTICE - APPELLANT'S NOTICE OF SERVING MIOTION UPON APPELLEE | 2 | View |
| 9/4/2012 | COPIES - CIRCUIT (SOUTH COUNTY) | 0 | None |
| 8/8/2012 | ORDER FROM DISTRICT COURT OF APPEALS / MOT SANCTIONS -DENIED / MOT TO SPLMT RCD & CORRECT RCD - DENIED/ MOT FOR EXT OF TIME FOR REPLY BRIEF - GRANTED FOR 30 DAYS 2D11-4511 & 2D11-4980 | 1 | View |
| 8/7/2012 | NOTICE OF FILING FOR APPEAL (EXHIBITS) (supplemental was denied by appellate court on 8/6/2012) | 6 | View |
| 8/7/2012 | MOTION - APPEAL/aa's REQUEST FOR JUDICIAL NOTICE OF NOTICE OF FILING EVIDENCE (denied by appellate court on 8/6/2012) | 3 | View |
| 8/7/2012 | DIRECTIONS TO CLERK - APPEAL (SUPPLEMENTAL) denied by appellate court on 8/6/2012 | 2 | View |
| 8/7/2012 | MOTION - APPEAL/aa'S 4TH AMENDED MOT FOR EXT OF TIME TO SUPPLEMENT AND CORRECT THE RECORD (denied by appellate court on 8/6/2012) | 3 | View |
| 8/7/2012 | MOTION - APPEAL/APPELLANT'S MOT TO STRIKE ANSWER BRIEF OF APPELLEE | 6 | View |
| 8/7/2012 | COPIES - CIRCUIT (SOUTH COUNTY) | 0 | None |
| 7/25/2012 | COPIES - CIRCUIT (SOUTH COUNTY) | 0 | None |
| 7/25/2012 | APPELLANT'S NOTICE OF NON-COMPLIANCE & MOT FOR SANCTIONS ( COPY ) ORIGINAL FORWARDED TO THE 2ND D.C.A. TODAY BY THE CLERK | 2 | View |
| 7/25/2012 | APPELLANT'S 3RD AMENDED MOT FOR EXTENSION OF TIME TO SUPPLEMENT & CORRECT THE RECORD BEFORE FILING APPELLANT'S REPLY BRIEF ( COPY ) ORIGINAL FORWARDED TO THE 2ND D.C.A. TODAY BY THE CLERK | 3 | View |
| 7/25/2012 | SUPPLEMENTAL DIRECTIONS TO CLERK - APPEAL | 2 | View |
| 7/25/2012 | NOTICE OF FILING FOR APPEAL ( WITH ATTACHMENTS ) | 44 | View |
| 7/24/2012 | RECEIPT | 1 | View |
| 7/18/2012 | RECORD FORWARDED TO APPELLATE COURT | 0 | None |
| 6/22/2012 | ORDER EXTENSION OF TIME - APPEAL ANSWER BRIEF (JUNE 29, 2012) 2D11-4511 & 2D11-4980 | 1 | View |
| 5/9/2012 | ORDER EXTENSION OF TIME - APPEAL FOR ANSWER BRIEF (6/15/12) 2D11-4511 & 2D11-4980 | 1 | View |
| 4/30/2012 | BRIEF - APPELLANT'S INITIAL BRIEF (filed for record only) | 51 | View |
| 4/30/2012 | PHONE CONVERSATION RECORD PHONE CONVERSATION RECORD -CIVIL Sent on: 04/30/2012 16:51:27 | 1 | View |
| 4/30/2012 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 741822 Date: 04/30/2012 | 0 | None |
| 4/30/2012 | COPIES - CIRCUIT (SOUTH COUNTY) | 0 | None |
| 4/16/2012 | APPEAL COVERSHEET & INDEX PREPARED AND FORWARDED TO APPELLATE PARTIES/ FIRST SUPPLEMENTAL- AMENDED (INDEX DOCUMENT | 3 | View |

| | TITLES) | | |
|---|---|---|---|
| 4/16/2012 | APPEAL COVERSHEET & INDEX PREPARED AND FORWARDED TO APPELLATE PARTIES - AMENDED (INDEX DOCUMENT TITLES) | 15 | View |
| 4/11/2012 | ORDER FROM DISTRICT COURT OF APPEALS - MOT TO CORRECT RECORD /DENIED 2D11-4511 & 2D11-4980 | 1 | View |
| 4/5/2012 | ACTION: CLERK'S RESPONSE TO SECOND AMENDED MOTION FOR EXTENSION OF TIME TO SUPPLEMENT AND CORRECT THE RECORD Attorney: PLANK, IRENE GLORIA (0814921) FORWARDED TO 2DCA /RE: MR. BIRKHOLD | 0 | None |
| 4/5/2012 | COURT APPEARANCE FORM - CIVIL / AMENDED NUN PRO TUNC/ COURT HEARING 8/11/11 COURT APPEARANCE FORM - CIVIL Sent on: 04/05/2012 15:57:29 | 1 | View |
| 4/5/2012 | RESPONSE - CLERK'S RESPONSE TO SECOND AMENDED MOTION FOR EXTENSION OF TIME TO SUPPLEMENT AND CORRECT THE RECORD Attorney: PLANK, IRENE GLORIA (0814921) | 2 | View |
| 4/2/2012 | WELLS FARGO BANK'S (Pltf) OBJECTION TO DEBORAH FOCHTS 2nd AMENDED MOTION FOR EXTENSION OF TIME TO SUPPLEMENT & CORRECT RECORD | 4 | View |
| 3/29/2012 | ORDER FROM DISTRICT COURT OF APPEALS -(12 DAYS TO RESPOND) 2D11-4511 AND 2D11-4980 | 1 | View |
| 3/23/2012 | MOTION - APPEAL/ aa's 2ND AMENDED MOTION FOR EXTENSION OF TIME TO SPLMT & CORRECT RECORD | 4 | View |
| 3/23/2012 | COPIES - CIRCUIT (SOUTH COUNTY) | 0 | None |
| 3/7/2012 | APPEAL RECORD PREPARED & STORED | 0 | None |
| 3/5/2012 | APPEAL COVERSHEET & INDEX PREPARED AND FORWARDED TO APPELLATE PARTIES /FIRST SUPPLEMENTAL 2D11-4511 | 3 | View |
| 2/9/2012 | ORDER SUPPLEMENTING APPEAL RECORD 2D11-4511 & 2D11-4980 | 1 | View |
| 2/2/2012 | MOTION SUPPLEMENTAL RECORD ON APPEAL (COURTESY COPY) | 4 | View |
| 2/2/2012 | DIRECTIONS TO CLERK - APPEAL (SUPPLEMENTAL aa) | 2 | View |
| 2/2/2012 | NOTICE OF FILING FOR APPEAL - MISC FILINGS | 12 | View |
| 2/2/2012 | NOTICE OF FILING - CHANGE OF ADDRESS - DEBORAH E FOCHT | 3 | View |
| 1/19/2012 | WRIT RETURNED-ALL PERSONS-POSTED | 4 | View |
| 1/13/2012 | TRANSCRIPT - APPEAL/CD OF MOT HRG 8/11/11 | 1 | View |
| 1/13/2012 | TRANSCRIPT - APPEAL/mot hrg 8/11/11 | 91 | View |
| 1/13/2012 | TRANSCRIPT - APPEAL/condensed copy of transcript | 21 | View |
| 1/13/2012 | NOTICE OF FILING FOR APPEAL-TRANSCRIPTS | 2 | View |
| 1/13/2012 | NOTICE OF FILING - COPIES OF APPEAL TRANSCRIPTS | 94 | View |
| 1/5/2012 | ORDER SUPPLEMENTING APPEAL RECORD /2D11-4511 AND 2D11-4980 AND ORDER CONSOLIDATING APPEAL CASES | 1 | View |
| 12/16/2011 | ORDER FROM DISTRICT COURT OF APPEALS | 1 | View |
| 12/15/2011 | DESIGNATIONS TO COURT REPORTER - APPEAL | 4 | View |
| 12/15/2011 | CORRESPONDENCE - JUDGE - PUBLIC - COPY OF EMERGENCY MOTION TO STAY EVICTION (RECEIVED FROM JUDGE'S OFFICE) | 8 | View |
| 12/14/2011 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 713999 Date: 12/14/2011 | 0 | None |
| 12/14/2011 | MOTION -EMERGENCY MOTION TO STAY EVICTION | 8 | View |
| 12/12/2011 | WRIT ISSUED-AMENDED-SENT WRIT WITH CHECK TO SHERIFF | 0 | None |

| Date | Description | Count | Link |
|---|---|---|---|
| 12/12/2011 | WRIT RETURNED-POSSESSION-SERVICE AFFIDAVIT NOT ATTACHED | 4 | View |
| 12/6/2011 | MOTION - APPEAL - APPELLANT'S EXPEDITED MOTION TO CONSOLIDATE APPEAL CASES FOR BRIEF ARGUMENT AND TO ENLARGE BRIEF SCHEDULE AND PAGE LIMIT | 3 | View |
| 12/6/2011 | MOTION - APPEAL - APPELLANT'S MOTION FOR EXTENSION OF TIME TO SUPPLEMENT RECORD | 3 | View |
| 12/6/2011 | DIRECTIONS TO CLERK - APPEAL | 2 | View |
| 12/5/2011 | RECEIPT - RONNIE J BITMAN, ESQ - OF APPELLATE RECORD INDEX ARTICLE # 7003 1680 0001 2699 9571 | 1 | View |
| 12/5/2011 | COPIES - CIRCUIT (SOUTH COUNTY) | 0 | None |
| 12/5/2011 | DESIGNATIONS TO COURT REPORTER - APPEAL - INCOMPLETE | 4 | View |
| 12/1/2011 | PROOF OF SERVICE - DEBORAH E FOCHT | 1 | View |
| 12/1/2011 | PROOF OF SERVICE - RONNIE J. BITMAN, ESQ | 1 | View |
| 12/1/2011 | PROOF OF SERVICE - DEBORAH E FOCHT | 1 | View |
| 11/28/2011 | APPEAL COVERSHEET & INDEX PREPARED AND FORWARDED TO APPELLATE PARTIES /11-4511 & 1-4980 | 15 | View |
| 11/15/2011 | WRIT ISSUED-SENT WRIT WITH CHECK TO SHERIFF | 0 | None |
| 11/14/2011 | MOTION - DEFENDANTS EMERGENCY MOTION TO CANCEL/AVOID CERTIFICATE OF TITLE | 8 | View |
| 11/14/2011 | COPIES - CIRCUIT (SOUTH COUNTY) | 0 | None |
| 11/14/2011 | MOTION - DEFENDANTS EMERGENCY MOTION FOR COURTS BASIS FOR RULING ORDERS OF FINAL JUDGMENT DENYING STAY PROCEEDINGS CROSS SUMMARY JUDGMENT AND FOR RECONSIDERATION/REHEARING | 12 | View |
| 11/3/2011 | ORDER EXTENSION OF TIME - APPEAL INITIAL BRIEF - GRANTED/ & MOTION TO SUPPLEMENT RECORD [with Statement of Evidence] - DENIED /2D11-4511 | 1 | View |
| 11/3/2011 | FORECLOSURE DOCUMENTARY STAMP TRANSFER TO RECORDING | 0 | None |
| 11/3/2011 | CERTIFICATE OF TITLE FILED AND RECORDED | 2 | View |
| 10/21/2011 | APPELLANT'S MOT FOR LEAVE OF CRT TO L.T. TO HEAR MOTS FOR STAY, HRG TIME, & OBJECT TO CERT OF SALE & TITLE PENDING APPL & TO SPLMT REC TO INCL STATEMENT OF PROCEEDING & EVIDENCE | 9 | View |
| 10/18/2011 | OBJECTION TO APPELLANT'S STATEMENT OF EVIDENCE ae | 3 | View |
| 10/18/2011 | ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR STAY HEARING TIME AND OBJECTION TO CERTIFICATE OF SALE AND TITLE PENDING APPEAL | 1 | View |
| 10/14/2011 | MOTION - APPEAL/FOR LEAVE OF CT TO INCLUDE DEF/aa'S NOT OF FILING STATEMENT OF PROCEEDINGS & EVIDENCE w/attached exhibits (In lieu of appellate t-scpt, if approved) | 340 | View |
| 10/14/2011 | MOTION - APPEAL/APPELLANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE BRIEF AND SUPPLEMENT RECORD TO INCLUDE DEFENDANT/APPELLANT'S NOTICE OF FILING STATEMENT OF PROCEEDING AND EVIDENCE | 2 | View |
| 10/14/2011 | NOTICE OF FILING FOR APPEAL /DEFENDANT'S STATEMENT OF EVIDENCE | 4 | View |
| 10/13/2011 | ORDER APPEAL FILED AND RECORDED 2D11-4511 & 2D11-4980 APPELLATE RECORDS SHALL TRAVEL TOGETHER | 1 | View |
| 10/13/2011 | ACKNOWLEDGEMENT BY APPELLATE COURT OF NEW APPEAL CASE/2D11-4980 | 1 | View |
| 10/13/2011 | ACTION: FORWARDED MOTION TO JUDGE | 0 | None |

| Date | Description | | |
|------|-------------|---|------|
| 10/6/2011 | DIRECTIONS TO CLERK - APPEAL | 7 | View |
| 10/5/2011 | ORDER FROM DISTRICT COURT OF APPEALS - 2D11-4511 (Motion to Stay - Dismissed) | 1 | View |
| 10/4/2011 | ORDER GRANTING MOTION TO DISQUALIFY CHARLES E WILLIAMS AS JUDGE | 1 | View |
| 9/30/2011 | MOTION - APPEAL/EMERGENCY MOTION FOR WRIT OF MANDAMUS TO STAY CERTIFICATE OF SALE, CERTIFICATE OF TITLE, OR IN THE ALTERNATIVE STAY WRIT OF POSSESSION PENDING APPEAL (COURESY COPY - ORIGINAL TO 2DCA) | 29 | View |
| 9/30/2011 | MOTION AND DEMAND FOR JURY TRIAL - EMERGENCY - FOR STAY, HEARING TIME, AND OBJECTIONS TO CERT OF SALE AND TITLE PENDING APPEAL - DEBORAH FOCHT | 17 | View |
| 9/30/2011 | COPIES - CIRCUIT (SOUTH COUNTY) | 0 | None |
| 9/28/2011 | ORDER STRIKING NOTICE OF LIS PENDENS - FILED AND RECORDED | 2 | View |
| 9/27/2011 | APPEAL CORRESPONDENCE/ACKNOWLEDGMENT RECEIPT OF NOTICE OF APPEAL (#2) | 1 | View |
| 9/27/2011 | APPEAL CORRESPONDENCE/ACKNOWLEDGMENT RECEIPT OF NOTICE OF APPEAL (#1) WITH PRO SE COURTESY PACKET - RULES | 1 | View |
| 9/27/2011 | FORWARD (second) NOTICE OF APPEAL TO APPELLATE COURT W/ COPIES OF INSOLVENCY PAPERWORK | 0 | None |
| 9/26/2011 | MOTION TO DISQUALIFY CHARLES E WILLIAMS AS JUDGE AND MOTION FOR ENLARGEMENT OF TIME TO AMEND - DEBORAH E FOCHT | 8 | View |
| 9/26/2011 | NOTICE OF APPEAL - FILED AND RECORDED (aa DECLARED INSOLVENT FOR APPEAL ON 9/12/2011) | 6 | View |
| 9/22/2011 | MOTION - STRIKE LIS PENDENS (DOWN FROM JUDGE) | 4 | View |
| 9/21/2011 | WELLS FARGOâ€™S EXPEDITED MOTION TO STRIKE DEFENDANT, DEBORAH FOCHTâ€™S NOTICE OF LIS PENDENS | 3 | View |
| 9/19/2011 | FORECLOSURE SALE DOC STAMPS Receipt: 696937 Date: 09/20/2011 | 0 | None |
| 9/19/2011 | JUDICIAL SALES - WINNING BIDDER SERVICE FEE Receipt: 696937 Date: 09/20/2011 | 0 | None |
| 9/19/2011 | BID SHEET | 1 | View |
| 9/19/2011 | CERTIFICATE OF SALE CERTIFICATE OF SALE Sent on: 09/19/2011 12:01:58 | 3 | View |
| 9/15/2011 | ACTION:- NOTICE OF SALE INCLUDED ON THE PROOF OF PUBLICATION SUBMITTED | 0 | None |
| 9/15/2011 | ACTION: FAXED NOTICE TO COURT TO JUDGE | 0 | None |
| 9/15/2011 | NOTICE TO THE COURT AND TO THE CLERK OF COURT FOR DISPOSITION OF FINAL JUDGMENT FROM OFFICIAL RECORDS AND/OR CANCEL PENDING SALE PENDING APPELLATE REVIEW | 7 | View |
| 9/15/2011 | LIS PENDENS FILED AND RECORDED | 3 | View |
| 9/15/2011 | ORDER ON DEFENDANT'S EMERGENCY MOTION FOR HEARING AND STAY/CANCEL FORECLOSURE SALE DATE PENDING APPEAL | 1 | View |
| 9/15/2011 | ORDER FROM DISTRICT COURT OF APPEALS ( RE: FEES NEEDED FOR APPEAL ) | 1 | View |
| 9/15/2011 | ACKNOWLEDGEMENT BY APPELLATE COURT OF NEW APPEAL CASE / 2D11-4511 / CIVIL - OTHER | 1 | View |
| 9/14/2011 | CERTIFICATE OF DISBURSEMENT - PROPOSED | 2 | View |
| 9/14/2011 | FORECLOSURE - CERTIFICATE TITLE PROPOSED | 3 | View |
| 9/14/2011 | FORECLOSURE - CERTIFICATE SALE PROPOSED | 2 | View |

| | | | |
|---|---|---|---|
| 9/14/2011 | JUDICIAL SALE FEE Receipt: 695715 Date: 14-sep-2011 | 0 | None |
| 9/13/2011 | NOTICE OF APPEARANCE - WELLS FARGO BANK, N.A. SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATIONâ€"AMORTIZING RESIDENTIAL COLLATERAL TRUST MORTGAGE PAS0001 | 3 | View |
| 9/13/2011 | FORWARD NOTICE OF APPEAL TO APPELLATE COURT W/AFF INSOLVENCY FOR APPEAL | 0 | None |
| 9/12/2011 | PROOF OF PUBLICATION OF SALE | 2 | View |
| 9/12/2011 | CERTIFICATE - INDIGENCY CIVIL - DEBORAH FOCHT CLERK'S CERTIFICATE (F.S. 57.081) Sent on: 09/12/2011 16:23:22 | 1 | View |
| 9/12/2011 | COPIES - CIRCUIT (SOUTH COUNTY) | 0 | None |
| 9/12/2011 | COST FOR PREPARATION OF APPEAL - CIRCUIT | 0 | None |
| 9/12/2011 | NOTICE OF APPEAL - FILED AND RECORDED | 12 | View |
| 9/12/2011 | AFFIDAVIT FOR INDIGENCY APPROVED - DEBORAH FOCHT | 2 | View |
| 9/12/2011 | ACTION: FAXED EMERGENCY MOTION FOR HEARING AND STAY TO JUDGE | 0 | None |
| 9/12/2011 | MOTION - DEFENDANTS EMERGENCY MOTION FOR HEARING AND STAY/CANCEL FORECLOSURE SALE DATE PENDING APPEAL - DEBORAH E FOCHT | 6 | View |
| 8/24/2011 | ORDER ON DEFENDANT'S EMERGENCY MOTION FOR RECONSIDERATION/REHEARING FOR AMENDMENT OF FINAL JUDGMENT ORDER VACATE PLAINTIFF'S UNIFORM FINAL JUDGMENT OF MORTGAGE FORECLOSURE CANCEL SALE SET ASIDE DEFAULT AND MOTION FOR ENLARGEMENT OF TIME TO FILE TRANSC0001 | 1 | View |
| 8/22/2011 | MOTION - DEFENDANT'S EMERGENCY MOTION FOR RECONSIDERATION/REHEARING FOR AMENDMENT OF FINAL JUDGMENT ORDER; VACATE PLAINTIFF'S UNIFORM FINAL JUDGMENT OF MORTGAGE FORECLOSURE; CANCEL SALE; SET ASIDE DEFAULT (FLA.R.C.P. 1.530 - FLA.R.C.P. 1.540) AND MOTI0001 | 29 | View |
| 8/22/2011 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 690978 Date: 08/22/2011 | 0 | None |
| 8/15/2011 | Court Event Set Event: Judicial Sales Date: 09/19/2011 Time: 9:00 am Judge: JUDICIAL SALES Location: Result: JUDICIAL SALE CONDUCTED | 0 | None |
| 8/15/2011 | UNIFORM FINAL JUDGMENT OF MORTGAGE FORECLOSURE - FILED AND RECORDED | 6 | View |
| 8/15/2011 | DISPOSED BY JUDGE Civil Count No. 2 SCHLATER, SUSAN | 0 | None |
| 8/15/2011 | DISPOSED BY JUDGE Civil Count No. 2 UNKNOWN SPOUSE OF DARLENE BALKE | 0 | None |
| 8/15/2011 | DISPOSED BY JUDGE Civil Count No. 2 UNKNOWN SPOUSE OF SHARON MARCOLINA | 0 | None |
| 8/15/2011 | DISPOSED BY JUDGE Civil Count No. 2 FOCHT, DEBORAH E | 0 | None |
| 8/15/2011 | DISPOSED BY JUDGE Civil Count No. 2 BALKE, DARLENE | 0 | None |
| 8/15/2011 | DISPOSED BY JUDGE Civil Count No. 1 TENANT #2 | 0 | None |
| 8/15/2011 | DISPOSED BY JUDGE Civil Count No. 1 TENANT #1 | 0 | None |
| 8/15/2011 | DISPOSED BY JUDGE Civil Count No. 1 MARCOLINA, SHARON | 0 | None |
| 8/15/2011 | DISPOSED BY JUDGE Civil Count No. 1 UNKNOWN SPOUSE OF SHARON MARCOLINA | 0 | None |
| 8/15/2011 | DISPOSED BY JUDGE Civil Count No. 1 FOCHT, DEBORAH E | 0 | None |

| | | | |
|---|---|---|---|
| 8/15/2011 | DISPOSED BY JUDGE Civil Count No. 1 SCHLATER, SUSAN | 0 | None |
| 8/15/2011 | DISPOSED BY JUDGE Civil Count No. 1 UNKNOWN SPOUSE OF DARLENE BALKE | 0 | None |
| 8/15/2011 | DISPOSED BY JUDGE Civil Count No. 1 BALKE, DARLENE | 0 | None |
| 8/11/2011 | COURT APPEARANCE FORM - CIVIL COURT APPEARANCE FORM - CIVIL Sent on: 08/11/2011 12:53:11 | 1 | View |
| 8/8/2011 | NOTICE OF FILING EVIDENCE WITH ATTACHMENTS | 191 | View |
| 8/8/2011 | NOTICE OF HEARING | 2 | View |
| 8/6/2011 | COURT EVENT SET Event: MOTIONS Date: 08/11/2011 Time: 1:00 pm Judge: WILLIAMS, CHARLES E Location: Courtroom 5-B | 0 | None |
| 8/2/2011 | NOTICE OF HEARING | 3 | View |
| 7/15/2011 | PLAINTIFF'S NOTICE OF WAIVING MEDIATION | 4 | View |
| 6/27/2011 | NOTICE - DEFENDANT'S NOTICE REQUESTING TIME FOR HEARING | 2 | View |
| 6/16/2011 | ORDER SETTING CASE FOR NON-JURY TRIAL & REFERRAL TO MEDIATION | 3 | View |
| 5/17/2011 | OBJECTION - to Focht's Request for Admissions to MERS | 3 | View |
| 5/2/2011 | MOTION - DEFENDANT'S LEGAL OPPOSITION TO WELLS FARGO'S EXPEDITED MOTION TO COLLECTION RENTS; AND NOTICE OF RECEIVING LATE NOTICE OF HEARING | 5 | View |
| 5/2/2011 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 668110 Date: 05/02/2011 | 0 | None |
| 5/2/2011 | ORDER CONTINUING TRIAL/HEARING | 1 | View |
| 5/2/2011 | COURT APPEARANCE FORM - CIVIL COURT APPEARANCE FORM - CIVIL Sent on: 05/02/2011 09:45:30 | 1 | View |
| 4/28/2011 | NOTICE OF HEARING | 3 | View |
| 4/21/2011 | MOTION -COLLECT RENTS | 29 | View |
| 4/18/2011 | COURT APPEARANCE FORM - CIVIL COURT APPEARANCE FORM - CIVIL Sent on: 04/18/2011 18:20:04 | 1 | View |
| 4/18/2011 | PLAINTIFF'S MOTION TO CONTINUE TRIAL | 3 | View |
| 4/18/2011 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 665478 Date: 04/18/2011 | 0 | None |
| 4/18/2011 | REQUEST- DEFENDANTS REQUEST FOR ADMISSIONS BY MORTGAGE ELECTRONICS REGISTRATION SYSTEMS INC AND MOTION TO EXTEND ADMISSIONS REQUESTED AND ANSWERED BY MORTGAGE ELCECTONICS REGISTRATION SYSTEMS INC WITHIN 15 DAYS AND OR FOR TRIAL CONTINUANCE | 11 | View |
| 4/15/2011 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 665225 Date: 04/15/2011 | 0 | None |
| 4/15/2011 | MOTION - DEFENDANT'S MOTION TO AMEND ORDERS DATED MARCH 31,2011 AND APRIL 7, 2011 AND MOTION TO LIMIT TIME - DEBORAH E FOCHT | 31 | View |
| 4/11/2011 | AMENDED ORDER SETTING FORECLOSURE CASE FOR TRIAL | 6 | View |
| 4/11/2011 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 664146 Date: 04/11/2011 | 0 | None |
| 4/11/2011 | LIST - TRIAL EXHIBIT LIST | 5 | View |
| 4/11/2011 | LIST - Amended Witness List | 4 | View |
| 4/8/2011 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 663681 Date: 04/08/2011 | 0 | None |
| 4/8/2011 | STATEMENT- DEFENDANTS STAEMENT AND MOTION FOR ENLARGEMENT OF TIME | 3 | View |
| 4/8/2011 | DISCLOSURE0 OF LAY AND EXPERT WITNESS LISET- DEBORAH E FOCHT | 2 | View |

| Date | Description | # | |
|------|-------------|---|---|
| 4/8/2011 | NOTICE OF FILING- EXIBITTS A B C D E DEBORAH E FOCHT | 204 | View |
| 4/7/2011 | ORDER ON PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF DEBORAH E FOCHT | 2 | View |
| 4/7/2011 | PLAINTIFF'S MOTION FOR TIME CERTAIN TRIAL | 3 | View |
| 4/5/2011 | NOTICE OF TAKING DEPOSITION -AMENDED | 2 | View |
| 4/4/2011 | LIST - SUPPLEMENTAL TRIAL EXHIBITS | 4 | View |
| 4/4/2011 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 662717 Date: 04/04/2011 | 0 | None |
| 4/4/2011 | MOTION - DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION TO COMPEL DEPOSITION AND FEES - MOTION TO PRODUCE PLAINTIFF OR SANCTIONS - EMERGENCY MOTION FOR PROTECTIVE ORDER ORDER CASE COMPLEX PRETRIAL CONFERENCE TRIAL CONTINUANCE AND MOTION FOR LEAVE TO AMEND0001 | 19 | View |
| 4/4/2011 | DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION TO COMPEL DEPOSITION AND FEE/ MOTION TO PRODUCE PLAINTIFF OR SANCTIONS/ EMERGENCY MOTION FOR PROTECTIVE ORDER; ORDER CASE COMPLEX; PRETRIAL CONFERENCE; TRIAL CONTINUANCE/ AND MOTION FOR LEAVE TO AMEND AND SU0001 | 13 | View |
| 4/4/2011 | COURT APPEARANCE FORM - CIVIL COURT APPEARANCE FORM - CIVIL Sent on: 04/04/2011 15:09:31 | 1 | View |
| 4/1/2011 | MOTION - Plaintiff's Motion to Compel Deposition of Deborah Focht | 11 | View |
| 4/1/2011 | NOTICE OF HEARING | 3 | View |
| 3/31/2011 | COURT EVENT SET Event: MOTIONS Date: 04/04/2011 Time: 3:00 pm Judge: DAKAN, STEPHEN L Location: Courtroom 8-B | 0 | None |
| 3/31/2011 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 661951 Date: 03/31/2011 | 0 | None |
| 3/31/2011 | MEMORANDUM - DEFENDANTS RENEWED CROSS SUMMARY JUDGMENT AND LEGAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS RENEWED MOTION FOR SUMMARY FINAL JUDGMENT OF FORECLOSURE AND FOR ATTORNEYS FEES AND COSTS AND SANCTIONS | 88 | View |
| 3/31/2011 | ORDER DENYING PLAINTIFFS MOTION FOR SUMMARY JUDGMENT | 1 | View |
| 3/31/2011 | Court Event Set Event: Trial Date: 04/19/2011 Time: 9:00 am Judge: DAKAN, STEPHEN L Location: Courtroom 8-B | 0 | None |
| 3/31/2011 | Court Event Set Event: Trial Date: 04/18/2011 Time: 9:00 am Judge: DAKAN, STEPHEN L Location: Courtroom 8-B | 0 | None |
| 3/31/2011 | COURT APPEARANCE FORM - CIVIL COURT APPEARANCE FORM - CIVIL Sent on: 03/31/2011 14:11:16 | 1 | View |
| 3/21/2011 | DISCLOSURE OF LAY AND EXPERT WITNESS LISTS | 4 | View |
| 3/21/2011 | LIST - Trial Exhibit Lists | 4 | View |
| 3/4/2011 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 656035 Date: 03/04/2011 | 0 | None |
| 3/4/2011 | NOTICE THAT DEFT HAS SERVED ON PLTF SIXTH FORMAL LETTER REMINDING PLTF TO PRODUCE DISCOVERY AND NOTICE OF FILING FRIVOLOUS PLEADINGS LETTER | 4 | View |
| 3/4/2011 | NOTICE OF CANCELLATION OF DEPOSITION | 1 | View |
| 3/2/2011 | NOTICE OF TAKING DEPOSITION OF DEBORAH E FOCHT | 3 | View |
| 2/15/2011 | NOTICE OF HEARING - AMENDED | 3 | View |
| 1/31/2011 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 649131 Date: 01/31/2011 | 0 | None |
| 1/31/2011 | NOTICE - DEFENDANTS AMENDED NOTICE OF DEPOSITION OF MINDY LEETHAM REPRESENTATIVE FOR PLAINTIFF WELLS FARGO N A | 3 | View |

| | | | |
|---|---|---|---|
| | SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA NATIONAL ASSOCIATION AS TRUSTEE IN TRUST FOR THE HOLDERS OF STRUCTURED ASSET SECURITIES CO0001 | | |
| 1/27/2011 | NOTICE OF HEARING | 3 | View |
| 1/18/2011 | NOTICE OF FILING- AMENDED AFFIDAVIT OF INDEBTEDNESS | 14 | View |
| 1/18/2011 | MOTION -SUMMARY JUDGMENT | 41 | View |
| 1/3/2011 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 643828 Date: 01/03/2011 | 0 | None |
| 1/3/2011 | NOTICE - DEFENDANTS NOTICE OF DEPOSITION OF MINDY LEETHAM REPRESENTATIVE FOR PLAINTIFF WELLS FARGO BANK N A SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA NATIONAL ASSOCIATION AS TRUSTEE IN TRUST FOR THE HOLDERS OF STRUCTURED ASSET SECURITIES CORPO0001 | 3 | View |
| 12/13/2010 | MAIL RETURNED - BNC MORTGAGE, INC | 7 | View |
| 11/30/2010 | ORDER SETTING TRIAL | 6 | View |
| 11/22/2010 | ORDER SETTING TRIAL | 7 | View |
| 11/19/2010 | COURT APPEARANCE FORM - CIVIL COURT APPEARANCE FORM - CIVIL Sent on: 11/19/2010 14:16:24 | 1 | View |
| 11/19/2010 | ORDER ADOPTING RECOMMENDED ORDER ON MOTION TO COMPEL | 5 | View |
| 11/3/2010 | ORDER - RECOMMENDATION OF MAGISTRATE | 3 | View |
| 10/28/2010 | ORDER OF REFERRAL TO MAGISTRATE | 3 | View |
| 10/20/2010 | NOTICE OF CANCELLATION OF DEPOSITION | 3 | View |
| 10/4/2010 | MAIL RETURNED - BNC MORTGAGE INC | 5 | View |
| 9/29/2010 | MAIL RETURNED - TENANT #1 NKA PAUL GIANNI | 5 | View |
| 9/24/2010 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 625419 Date: 09/24/2010 | 0 | None |
| 9/24/2010 | NOTICE OF HEARING | 2 | View |
| 9/24/2010 | NOTICE OF CANCELLATION OF DEPOSITION | 1 | View |
| 9/23/2010 | ORDER FOR CASE MANAGEMENT | 4 | View |
| 9/16/2010 | ORDER-ON MOTION FOR SUMMARY JUDGMENT | 1 | View |
| 9/16/2010 | COURT APPEARANCE FORM - CIVIL COURT APPEARANCE FORM - CIVIL Sent on: 09/16/2010 14:05:53 | 1 | View |
| 9/16/2010 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 623304 Date: 09/16/2010 | 0 | None |
| 9/16/2010 | NOTARY FEE Receipt: 623304 Date: 09/16/2010 | 0 | None |
| 9/16/2010 | MOTION- DEFENDANTS MOTION TO CANCEL PLAINTIFFS SUMMARY FINAL JUDGEMENT HEARING AND OR IN THE ALTERNATE STRIKE PLAINTIFFS MOTION FOR SUMMARY FINAL JUDGEMENT OF FORECLOSURE AFFIDAVIT FOR ATTORNEYS FEES AND COSTS AND AFFIDAVIT IF INBETTEDNESS | 4 | View |
| 9/15/2010 | FORECLOSURE - CERTIFICATE SALE PROPOSED | 2 | View |
| 9/15/2010 | FORECLOSURE - CERTIFICATE TITLE PROPOSED | 3 | View |
| 9/15/2010 | CERTIFICATE OF DISBURSEMENT - PROPOSED | 2 | View |
| 9/15/2010 | FORECLOSURE - FINAL JUDGMENT PROPOSED | 6 | View |
| 9/15/2010 | CERTIFICATE - COMPLIANCE WITH AO 2010-11.1 | 2 | View |
| 9/15/2010 | FORECLOSURE - CHECKLIST (JUDGMENT) | 1 | View |
| 8/24/2010 | PLTF MOTION TO COMPEL RESPONSES TO DISCOVERY | 24 | View |

| Date | Description | | |
|---|---|---|---|
| 8/18/2010 | NOTICE OF TAKING DEPOSITION OF DEBORAH E FOCHT | 3 | View |
| 8/3/2010 | REQUEST - TIME FOR HEARING | 2 | View |
| 8/3/2010 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 613586 Date: 08/03/2010 | 0 | None |
| 7/22/2010 | NOTICE OF HEARING | 3 | View |
| 7/2/2010 | MOTION - DEFENDANT'S MOTION TO COMPEL PRODUCTION OF RECORDS, INTERROGATORY ANSWERS AND DEPOSITION OF PLAINTIFF WELL FARGO BANK, NA, SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE HOLDERS OF STRUCT0001 | 34 | View |
| 7/2/2010 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 606926 Date: 07/02/2010 | 0 | None |
| 3/15/2010 | MOTION -JUDGMENT | 40 | View |
| 3/15/2010 | MOTION - SUMMARY JUDGMENT OF FORECLOSURE AND ATTY FEES AND COSTS | 4 | View |
| 2/17/2010 | NOTICE - INTERROGATORIES | 3 | View |
| 2/17/2010 | RESPONSE TO REQUEST | 5 | View |
| 2/11/2010 | NOTICE-LOG | 4 | View |
| 1/29/2010 | CORRESPONDENCE - RETURN DOCUMENT(S) | 1 | View |
| 1/14/2010 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 566844 Date: 01/14/2010 | 0 | None |
| 1/14/2010 | DEFENDANT'S NOTICE REQUESTING TIME FOR DEPOSITION OF PLAINTIFF WELLS FARGO BANK, N.A., AS SUCCESSOR BY MERGER TO WELLS FARGO BANK | 3 | View |
| 12/31/2009 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 563790 Date: 12/31/2009 | 0 | None |
| 12/31/2009 | OBJECTIONS TO PLTFS DISCOVERY REQUESTS | 3 | View |
| 12/31/2009 | MOTION FOR STAY OF PROCEEDINGS: DEFTS | 5 | View |
| 12/4/2009 | ORDER ADOPTING RECOMMENDED ORDER ON COUNTER-DEFENDANTS MOTION TO STRIKE NOTICE OF SUIT AND AMENDED COMPLAINT AND/OR FOR MORE DEFINITE STATEMENT | 15 | View |
| 10/23/2009 | COURT APPEARANCE FORM - CIVIL COURT APPEARANCE FORM - CIVIL Sent on: 10/23/2009 09:33:18 | 1 | View |
| 10/12/2009 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 545198 Date: 10/12/2009 | 0 | None |
| 10/12/2009 | TRANSCRIPT - DEBORAH E FOCHT | 15 | View |
| 10/2/2009 | REQUEST - PRODUCTION | 4 | View |
| 10/2/2009 | REQUEST - PRODUCTION | 4 | View |
| 9/29/2009 | NOTICE OF HEARING | 3 | View |
| 8/7/2009 | ACCEPTANCE OF SERVICE | 3 | View |
| 8/4/2009 | ORDER FOR TRANSCRIPT | 3 | View |
| 8/3/2009 | CORRESPONDENCE | 1 | View |
| 7/31/2009 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 528911 Date: 07/31/2009 | 0 | None |
| 7/31/2009 | RESPONSE - COUNTER PLAINTIFFS EXCEPTIONS TO RECOMMENDED ORDER - DEBORAH FOCHT | 5 | View |
| 7/22/2009 | RECOMMENDED ORDER OF MAGISTRATE ON COUNTER-DEFENDANTS MOTION TO STRIKE NOTICE OF SUIT AND AMENDED COMPLAINT AND/OR FOR MORE DEFINITE STATEMENT | 13 | View |
| 6/30/2009 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 521529 Date: 06/30/2009 | 0 | None |

| Date | Description | # | View |
|---|---|---|---|
| 6/30/2009 | NOTICE | 19 | View |
| 6/30/2009 | REQUEST - WAIVER OF SERVICE OF PROCESS | 4 | View |
| 6/24/2009 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 520214 Date: 06/24/2009 | 0 | None |
| 6/24/2009 | MEMORANDUM IN OPPOSITION AND MOTION FOR PLAINTIFF TO ANSWER | 5 | View |
| 6/18/2009 | NOTICE OF HEARING | 2 | View |
| 6/16/2009 | MOTION - TO STRIKE | 10 | View |
| 6/12/2009 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 517746 Date: 06/12/2009 | 0 | None |
| 6/12/2009 | NOTARY FEE Receipt: 517746 Date: 06/12/2009 | 0 | None |
| 6/12/2009 | COMPLAINT - AMENDED | 181 | View |
| 6/12/2009 | NOTICE OF SUIT | 9 | View |
| 6/5/2009 | ORDER ADOPTING RECOMMENDED ORDER | 5 | View |
| 5/18/2009 | ORDER - RECOMMENDATION OF MAGISTRATE | 3 | View |
| 5/16/2009 | COURT EVENT SET Event: MOTIONS Date: 05/15/2009 Time: 10:00 am Judge: BAILEY, DEBORAH Location: Historic Courtroom, Historic Courthouse | 0 | None |
| 4/22/2009 | SUGGESTION OF BANKRUPTCY | 14 | View |
| 3/25/2009 | NOTICE OF HEARING | 3 | View |
| 3/16/2009 | ALIAS SUMMONS ISSUED - CIRCUIT: BNC MORTGAGE INC -HANDED TO DEBORAH E FOCHT Receipt: 497718 Date: 03/16/2009 | 0 | None |
| 3/16/2009 | SUMMONS RETURNED: BNC MORTGAGE INC -NOT FOUND | 4 | View |
| 3/13/2009 | MOTION TO STRIKE AND OBJECTIONS TO THIRD PARTY DEFTS | 5 | View |
| 3/11/2009 | MOTION-DEFINITE STATEMENT | 4 | View |
| 3/11/2009 | STIPULATION FOR SUBSTITUTION OF COUNSEL | 1 | View |
| 3/4/2009 | CORRESPONDENCE - CLERK OF COURT | 1 | View |
| 2/17/2009 | PROOF OF SERVICE- MORTGAGE ELECTRONICS REGISTRATION SYSTEMS INC. | 4 | View |
| 2/13/2009 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 491007 Date: 02/13/2009 | 0 | None |
| 2/13/2009 | NOTARY FEE Receipt: 491007 Date: 02/13/2009 | 0 | None |
| 2/13/2009 | MOTION FOR CROSS SUMMARY JUDGMENT AND MEMORANDUM OF LAW | 21 | View |
| 2/10/2009 | MOTION FOR ENLARGEMENT OF TIME TO RESPOND | 2 | View |
| 2/2/2009 | DEFAULT - DARLENE BALKE - SHARON MARCOLINA - SUSAN SCHLATER - TENANT #1 - #2 - UNKN SPOUSE OF SHARON MARCOLINA - UNK SPOUSE OF DARLENE BALKE DEFAULT Sent on: 02/02/2009 13:17:10 | 1 | View |
| 1/30/2009 | AFFIDAVIT - NON-MILITARY SERVICE | 10 | View |
| 1/30/2009 | MOTION FOR DEFAULT - DARLENE BALKE - SHARON MARCOLINA - SUSAN SCHLATER - TENANT #1 - #2 - UNKN SPOUSE OF SHARON MARCOLINA - UNK SPOUSE OF DARLENE BALKE | 1 | View |
| 1/30/2009 | MOTION - SUMMARY JUDGMENT - WITH AFFIDAVITS | 12 | View |
| 1/30/2009 | DISMISSAL - FORECLOSURE FILED & RECORDED | 2 | View |
| 1/21/2009 | NOTICE OF FILING: DOCUMENTS & EXHIBITS-ATTACHED - DEBORAH E FOCHT | 68 | View |
| 1/21/2009 | MOTION TO RESUME HEARING: DEBORAH E FOCHT | 3 | View |
| 1/16/2009 | SUMMONS ISSUED - CIRCUIT COURT-SELECT PORTFOLIO SERVICING INC | 0 | None |

|  |  |  |  |
|---|---|---|---|
|  | HANDED TO PLAINTIFF Receipt: 484847 Date: 01/16/2009 |  |  |
| 1/16/2009 | SUMMONS ISSUED - CIRCUIT COURT- WELLS FARGO BANK NA SUCCESSOR BY MERGER TO WELLS FARGO BANK HANDED TO PLAINTIFF Receipt: 484847 Date: 01/16/2009 | 0 | None |
| 1/16/2009 | SUMMONS ISSUED - CIRCUIT COURT-MORTGAGE ELECTONRICS REGISTRATIONS SYSTEMS INC HANDED TO PLAINTIFF Receipt: 484847 Date: 01/16/2009 | 0 | None |
| 1/16/2009 | SUMMONS ISSUED - CIRCUIT COURT-BNC MORTGAGE INC HANDED TO PLAINTIFF Receipt: 484847 Date: 01/16/2009 | 0 | None |
| 1/16/2009 | NOTARY FEE Receipt: 484847 Date: 01/16/2009 | 0 | None |
| 1/16/2009 | FIRST AMENDED COUNTER CLAIM- COUNTER - CIRCUIT - THIRD PARTY DEBORAH E FOCHT Receipt: 484847 Date: 01/16/2009 | 110 | View |
| 1/16/2009 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 484847 Date: 01/16/2009 | 0 | None |
| 1/16/2009 | NOTARY FEE Receipt: 484847 Date: 01/16/2009 | 0 | None |
| 1/16/2009 | NOTICE OF THIRD PARTY COMPLAINT AND FIRST AMENDED COUNTERCLAIM - DEBORAH E FOCHT | 4 | View |
| 1/16/2009 | LIS PENDENS FILED & RECORDED | 3 | View |
| 12/3/2008 | NOTICE -TO DEFENDANT | 2 | View |
| 11/25/2008 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 474500 Date: 11/25/2008 | 0 | None |
| 11/25/2008 | DEFENDANTS REQUEST FOR PRODUCTION THIRD REQUEST- DEBORAH E FOCHT | 3 | View |
| 11/25/2008 | DEFENDANTS REQUEST FOR INTERROGATORIES - DEBORAH E FOCHT | 3 | View |
| 11/25/2008 | DEFENDANTS NOTICE OF DISCOVERY REQUESTS | 1 | View |
| 11/18/2008 | Case Reassigned Pursuant to Administrative Order 2008-13.2 | 0 | None |
| 11/10/2008 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 471188 Date: 11/10/2008 | 0 | None |
| 11/10/2008 | NOTICE REQUESTING TIME - DEBORAH E FOCHT | 33 | View |
| 10/7/2008 | COURT APPEARANCE FORM - CIVIL COURT APPEARANCE FORM - CIVIL Sent on: 10/07/2008 17:10:46 | 1 | View |
| 9/22/2008 | MEMORANDUM - OPPOSITION | 8 | View |
| 9/8/2008 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 457039 Date: 09/08/2008 | 0 | None |
| 9/8/2008 | NOTICE OF HEARING | 2 | View |
| 9/5/2008 | MOTION TO STRIKE - DEFENDANTS DEFENSES | 3 | View |
| 9/3/2008 | NOTICE REQUESTING TIME FOR HEARING | 3 | View |
| 8/5/2008 | MOTION - COMPEL REQUEST | 3 | View |
| 8/5/2008 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 450288 Date: 08/05/2008 | 0 | None |
| 7/28/2008 | MOTION - STRIKE AND DEEM DEFENSES ADMITTED | 4 | View |
| 7/28/2008 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 448536 Date: 07/28/2008 | 0 | None |
| 7/23/2008 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 484847 Date: 01/16/2009 | 0 | None |
| 7/10/2008 | NOTICE OF FILING - ORIGINAL MORTGAGE AND NOTE AND COPY OF DEMAND LETTER | 28 | View |
| 7/10/2008 | RESPONSE - OF PLAINTIFF | 3 | View |
| 7/3/2008 | NOTICE - SERVICE FOR PRODUCTION | 3 | View |
| 5/16/2008 | ORDER - MOTION TO STRIKE MOTION TO DISMISS GRANTED | 1 | View |

| Date | Description | | |
|---|---|---|---|
| 5/12/2008 | ANSWER - DEBORAH E FOCHT | 22 | View |
| 5/12/2008 | MOTION - EXTENSION OF TIME | 2 | View |
| 5/12/2008 | ACTION: MEMORANDUM AND ORDER FORWARDED TO JUDGE | 0 | None |
| 5/12/2008 | MEMORANDUM IN OPPOSITION TO PLAINTIFFS MOTION TO STRIKE DEFENDANTS MOTION TO DISMISS | 3 | View |
| 5/12/2008 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 432216 Date: 05/12/2008 | 0 | None |
| 4/30/2008 | ORDER OF DISMISSAL FILED & RECORDED AS TO COUNTERCLAIM ONLY | 3 | View |
| 4/22/2008 | COURT APPEARANCE FORM - CIVIL COURT APPEARANCE FORM - CIVIL Sent on: 04/22/2008 11:27:33 | 1 | View |
| 4/15/2008 | MEMORANDUM - IN OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM | 3 | View |
| 4/15/2008 | REQUEST - FOR PRODUCTION | 5 | View |
| 3/21/2008 | MOTION TO STRIKE DEFENDANTS MOTION TO DISMISS | 2 | View |
| 3/21/2008 | MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM | 2 | View |
| 3/20/2008 | ORDER SETTING COURT DATE | 2 | View |
| 2/27/2008 | AFFIDAVIT - OF LOST ORIGINAL FOR DARLENE BALKE | 2 | View |
| 2/27/2008 | AFFIDAVIT - OF LOST ORIGINAL FOR UNKNOWN SPOUSE OF DARLENE BALKE | 2 | View |
| 2/27/2008 | SUMMONS RETURNED - TENANT #2 | 3 | View |
| 2/27/2008 | SUMMONS RETURNED - TENANT #1 | 3 | View |
| 2/27/2008 | SUMMONS RETURNED - UNKNOWN SPOUSE OF SUSAN SCHLATER | 3 | View |
| 2/27/2008 | SUMMONS RETURNED - SUSAN SCHLATER | 4 | View |
| 2/27/2008 | SUMMONS RETURNED - UNKNOWN SPOUSE OF SHARON MARCOLINA | 3 | View |
| 2/27/2008 | SUMMONS RETURNED - SHARON MARCOLINA | 3 | View |
| 2/27/2008 | SUMMONS RETURNED - UNKNOWN SPOUSE OF DEBORAH E FOCHT | 3 | View |
| 2/27/2008 | SUMMONS RETURNED - DEBORAH E FOCHT | 3 | View |
| 2/13/2008 | COPIES - CIRCUIT (SOUTH COUNTY) Receipt: 413965 Date: 02/13/2008 | 0 | None |
| 2/13/2008 | NOTICE - COUNTERCLAIM - DEBORAH E FOCHT | 4 | View |
| 2/13/2008 | NOTICE - REQUESTING TIME FOR HEARING | 2 | View |
| 2/13/2008 | MOTION - DISMISS NOTICE AND RESPONSE - DEBORAH E FOCHT | 21 | View |
| 1/18/2008 | LIS PENDENS FILED & RECORDED | 2 | View |
| 1/17/2008 | SUMMONS ISSUED - UNKNOWN SPOUSE OF DEBORAH E FOCHT HANDED TO PROCESS SERVER | 0 | None |
| 1/17/2008 | SUMMONS ISSUED - DEBORAH E FOCHT HANDED TO PROCESS SERVER | 0 | None |
| 1/17/2008 | SUMMONS ISSUED - UNKNOWN SPOUSE OF SHARON MARCOLINA HANDED TO PROCESS SERVER | 0 | None |
| 1/17/2008 | SUMMONS ISSUED - SHARON MARCOLINA HANDED TO PROCESS SERVER | 0 | None |
| 1/17/2008 | SUMMONS ISSUED - UNKNOWN SPOUSE OF DARLENE BALKE HANDED TO PROCESS SERVER | 0 | None |
| 1/17/2008 | SUMMONS ISSUED - DARLENE BALKE HANDED TO PROCESS SERVER | 0 | None |
| 1/17/2008 | SUMMONS ISSUED - SUSAN SCHLATER HANDED TO PROCESS SERVER | 0 | None |
| 1/17/2008 | SUMMONS ISSUED - UNKNOWN SPOUSE OF SUSAN SCHLATER HANDED TO | 0 | None |

| | PROCESS SERVER | | |
|---|---|---|---|
| 1/17/2008 | SUMMONS ISSUED - TENANT #2 HANDED TO PROCESS SERVER | 0 | None |
| 1/17/2008 | SUMMONS ISSUED - TENANT #1 HANDED TO PROCESS SERVER | 0 | None |
| 1/16/2008 | ADDITIONAL DEFENDANTS IN EXCESS OF FIVE @ $2.00 PER DEFENDANT Receipt: 408336 Date: 01/16/2008 | 0 | None |
| 1/16/2008 | COMPLAINT Receipt: 408336 Date: 01/16/2008 Receipt 413961 reversed by 413964 on 02/13/2008. Receipt 432214 reversed by 432215 on 05/12/2008. Receipt: 447694 Date: 07/23/2008 Receipt: 484847 Date: 01/16/2009 | 30 | View |
| 1/16/2008 | CIVIL COVER SHEET | 1 | View |

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                              :        **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,       :        **08-13555 (JMP)**
                                                   :
                            **Debtors.**           :        **(Jointly Administered)**
-------------------------------------------------------------------x

**ORDER GRANTING PLAN ADMINISTRATOR'S**
**OMNIBUS OBJECTION TO CLAIMS FILED BY DEBORAH E. FOCHT**

Upon the omnibus objection, dated January 28, 2013 (the "Focht Objection"), of

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator")

pursuant to the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings*

*Inc. and Its Affiliated Debtors* for the entities in the above referenced chapter 11 cases, pursuant

to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of

the Federal Rules of Bankruptcy Procedure, seeking disallowance and expungement of the Focht

Claims,[1] all as described in the Focht Objection; and due and proper notice of the Focht

Objection having been provided; and the Court having jurisdiction to consider the Focht

Objection and the relief requested therein in accordance with 28 U.S.C. §§157 and 1334 and

Amended Standing Order M-431 Referring to Bankruptcy Judges for the Southern District of

New York Any and All Proceedings Under Title 11, dated January 31, 2012 (Preska, C.J.); and it

appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Focht Objection is in the best interests of the Chapter 11

Estates, their creditors, and all parties in interest in the above captioned chapter 11 cases, and

that the legal and factual bases set forth in the Focht Objection establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Focht Objection.

ORDERED that the relief requested in the Focht Objection is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, Focht Claims 34380, 34381, 42914, 42915 and 42916 are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the Debtors' court appointed claims and noticing agent is authorized and directed to delete the Focht Claims from the official claims registry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2013
     New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44150782\4\58399.0003