**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x
:
In re                                             :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,      :    **08-13555 (JMP)**
:
Debtors.                               :    **(Jointly Administered)**
:
--------------------------------------------------------------------x

**ORDER IN AID OF EXECUTION OF**
**THE MODIFIED THIRD AMENDED CHAPTER 11 PLAN OF**
**LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

WHEREAS by order, dated March 6, 2012 (ECF No. 23023) (the "Confirmation Order"), this Court approved and confirmed the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan")[1] for the entities in the above referenced chapter 11 cases (the "Debtors"); and

WHEREAS on March 6, 2012, the Debtors filed a notice of the occurrence of the Effective Date of the Plan (ECF No.26039) with the Court; and

WHEREAS section 6.1 of the Plan provides that Lehman Brothers Holdings Inc. shall serve as Plan Administrator for each of the Debtors; and

WHEREAS section 1.41 of the Plan provides that "Debtor-Controlled Entity means a non-Debtor Affiliate of the Debtors that is managed and controlled by a Debtor as of the Effective Date"; and

WHEREAS the Confirmation Order provides that any term used, but not defined, in the Plan or the Confirmation Order shall have the meaning ascribed to such term in the Bankruptcy Code, and section 101(16) of the Bankruptcy Code defines an equity security as a(n)

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

"(A) share in a corporation, whether or not transferable or denominated 'stock', or similar

security; (B) interest of a limited partner in a limited partnership; or (C) warrant or right, other

than a right to convert, to purchase, sell, or subscribe to a share, security, or interest of a kind

specified in subparagraph (A) or (B) of this paragraph;" and

WHEREAS section 7.6 of the Plan provides that, "[a]fter the Effective Date,

pursuant to the Plan, the Plan Administrator shall wind-down, sell and otherwise liquidate assets

of the Debtors and/or Debtor-Controlled Entities in accordance with Section 6.1(b)(iii) of the

Plan"; and

WHEREAS section 6.1(b)(iii) of the Plan, in turn, provides that the Plan

Administrator "shall have the authority and right … to carry out and implement all provisions of

the Plan, including without limitation to … exercise its reasonable business judgment to direct

and control the wind down, liquidation, sale and/or abandonment of the assets of the Debtors

and/or the Debtor-Controlled Entities under the Plan…."; and

WHEREAS, pursuant to the Confirmation Order, the Court retained exclusive

jurisdiction over all matters arising under or related to the Chapter 11 Cases, including, without

limitation, to "enter and implement other orders, and take such other actions as may be necessary

or appropriate to enforce … the Plan, the Confirmation Order or any other order of the

Bankruptcy Court"; and

WHEREAS, paragraph 68 of the Confirmation Order provides:

Exemption from Transfer Taxes.  Pursuant to section 1146(a) of the Bankruptcy
Code, (a) the issuance, transfer, or exchange of notes or equity securities, (b) the
creation of any mortgage, deed of trust, lien, pledge, or other security interest, (c)
the making or assignment of or surrender of any lease or sublease, or (d) the
making of or delivery of any deed or other instrument of transfer under, in
furtherance of, or in connection with the Plan, and any merger agreements,
agreements of restructuring, disposition or acquisition, liquidation or dissolution,
any deeds, bills of sale, transfers of tangible property, or assignments executed in

connection with any disposition or acquisition of assets contemplated by the Plan (including by a Liquidating Trust) in each case whether as a result of sale, assignment, foreclosure or deed-in lieu of foreclosure, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax to which the exemption under section 1146 of the Bankruptcy Code applies.

WHEREAS, paragraphs 69 and 70 of the Confirmation Order provide:

<u>Governmental Approvals Not Required</u>.  Except as otherwise expressly provided in this Confirmation Order, this Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

Each federal, state, commonwealth, local, foreign, or other governmental agency is directed and authorized to accept the validity of (a) any and all documents, trust agreements, mortgages, and instruments and (b) all actions of the Plan Administrator and those acting on its behalf, that are necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan, this Confirmation Order, and the agreements created or contemplated by the Plan, without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by state or local law.

WHEREAS, on January 7, 2013, the Plan Administrator filed a motion for an order in aid of execution of the Plan (ECF No. 33676) (the "<u>Motion</u>"), and provided due and proper notice thereof; and

WHEREAS the Court has found and determined that the relief sought in the Motion is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING

THEREFOR, IT IS HEREBY ORDERED THAT:

1.      The Motion is granted.

2.      (a) The issuance, transfer, or exchange of notes or equity securities, (b) the creation of any mortgage, deed of trust, lien, pledge, or other security interest, (c) the making or assignment of or surrender of any lease or sublease, or (d) the making of or delivery of any deed or other instrument of transfer of any asset of or by a Debtor or a Debtor-Controlled Entity and any merger agreements, agreements of restructuring, disposition or acquisition, liquidation or dissolution, any deeds, bills of sale, transfers of tangible property, or assignments executed in connection with any disposition or acquisition of assets of or by a Debtor or a Debtor-Controlled Entity (including by a Liquidating Trust) shall be deemed to be in furtherance of and in connection with the Plan and the Confirmation Order in each case whether as a result of sale, assignment, foreclosure or deed-in lieu of foreclosure.

3.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
        January 31, 2013

                        _____s/ James M. Peck_____
                        HONORABLE JAMES M. PECK
                        UNITED STATES BANKRUPTCY JUDGE