Hanan B. Kolko, Esq.  
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.  
1350 Broadway, Suite 501  
P.O. Box 822  
New York, New York 10018  
Telephone: 212-239-4999  
Facsimile: 212-239-1311  
E-mail: hkolko@msek.com  

Hearing Date and Time:  
February 28, 2013 at 10:00 a.m.  
Response Deadline:  
January 31, 2013 at 5:00 p.m.

*Attorneys for the 1199/SEIU Greater New York Benefit Fund*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------ X  
In re:                                         :    Chapter 11  
                                               :  
LEHMAN BROTHERS HOLDINGS INC., *et al,*        :    Case No. 08-13555 (JMP)  
                                               :  
                        Debtors.               :    (Jointly Administered)  
------------------------------------------------------------ X  

TO: THE HONORABLE JAMES M. PECK  
    UNITED STATES BANKRUPTCY JUDGE

### RESPONSE OF THE 1199/SEIU GREATER NEW YORK BENEFIT FUND TO DEBTORS' OBJECTION TO CLAIM NUMBER 30600

The 1199/SEIU Greater New York Benefit Fund (the "Fund") by and through counsel and in response to the "Three Hundred Eight-Third Omnibus Objection to Claims," (Docket No. 32890) and in particular to debtors' objection the Fund's claim, claim number 30600 (the "Claim") states:

1. The Fund, a jointly administered, multi-employer Taft-Hartley Benefit Fund, is an employee benefit plan within the meaning of Sections 1002(1),(2), and (3) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). It provides medical care to contributing employees and dependents of contributing employers' dependents.

2. 1199/SEIU United Healthcare Workers East ("1199") is a labor union. 1199 and Plaza Regency at the Windrows ("Plaza Regency"), a nursing home in New Jersey, were parties to a collective bargaining agreement (the "CBA"). The CBA was effective from December 5, 2001 to April 3, 2005. Article 22 of the CBA required Plaza Regency to "remit contributions of $260 per month to the [Fund] for all employees with six [months] of continuous employment working 30 or more hours per week." These contributions enabled the Plaza Regency employees to receive medical coverage.

3. As a result of the failure by Plaza Regency to make certain required Fund contributions, on or about November 5, 2004, the Funds and Plaza Regency entered into a payout agreement and confession of judgment (the "Payout Agreement"). Under the Payout Agreement Plaza Regency was required to pay the amount due under a schedule. In section one of the payout agreement, Plaza Regency agreed that it owed $214,397.40 to the Fund in principal and interest for unpaid, past due contributions for the period December 1, 2003 through October 31, 2004. In the payout agreement, Plaza Regency agreed to pay the total due – $219,757.34 – in six equal payments, the final payment being due on April 10, 2005. Paragraph nine of the payout agreement stated that the Fund had the right to audit Plaza Regency for any unaudited period, and, if the audit revealed any additional unpaid contributions, Plaza Regency would have an obligation to pay them.

4. Despite entering into the payout agreement, Plaza Regency failed to make the required payments. Thus, by letter dated March 30, 2005, the Fund's counsel notified John Pilek, Administrator of Plaza Regency, that it was in default under the agreement and that it had an obligation to cure that default within ten days. Plaza

Regency failed to cure the default and, by letter dated April 18, 2005, counsel for the Fund advised Mr. Pilek that the Fund would commence legal action to enforce the agreement.

5. As Plaza Regency failed to cure the default, in May, 2005, the Fund brought a collection action, entitled <u>Greater New York Nursing Home Division of 1199/SEIU Greater New York Benefit Fund v. Princeton Healthcare (SNF), LLC d/b/a Pavilion at Forrestal</u>, Civil Action No. 05-2664 (MLC). (the "Collection Litigation"). Princeton Healthcare (SNF) LLC owned Plaza Regency.

6. During the fall of 2005, Plaza Regency began to pay some of the obligations due the Fund. In September and November, 2005 Plaza Regency made two payments to the Fund totaling $305,360.

7. In the spring of 2006, the Fund conducted an audit of Plaza Regency covering the period June 1, 2005 through November 30, 2005. By letter dated April 18, 2006 the Fund notified Plaza Regency that, for the period June 1, 2005 through November 30, 2005, Plaza Regency owed the Fund $94,369.60, and attached a copy of that audit.

8. In a November 18, 2008 letter, counsel for Plaza Regency in the Collection Litigation advised the Court that the "[d]efendants recently filed for bankruptcy and this office is awaiting authorization from the Bankruptcy Court to continue to represent defendants as special counsel in this matter. In addition, plaintiff will need to file a Proof of Claim with the Bankruptcy Court as well."

9. By letter dated December 3, 2008, counsel for Plaza Regency in the Collection Litigation advised the Magistrate that the lawsuit was subject to the stay in the Lehman Brothers bankruptcy, that Plaza Regency is "under the Lehman Brothers Holdings, Inc. Bankruptcy," that they had no authorization to continue to work on the matter, and requested to withdraw as counsel in that matter.

10. As a result, the Fund filed the Claim. In the Claim, it seeks a principal amount of $94,369.60, representing contributions due for the period June 1, 2005 – November 30, 2005, plus with interest.

11. Because Plaza Regency counsel advised the Fund that the stay in this bankruptcy applied to the Collection Litigation, in late November and early December 2008, Fund counsel had e-mail correspondence with Jonathan Harris, who was then in-house counsel at Lehman Brothers.

12. In that exchange, Fund counsel asked Mr. Harris the following questions about the defendants in the collection litigation: "Do they still exist? If not, when were they dissolved? If they were dissolved, what happened to the assets? Are they in bankruptcy? If so, which bankruptcy? If they are not in bankruptcy and are not dissolved, are they owned in some way by Lehman? If so, please describe how they are owned by Lehman."

13. In a December 1, 2008 e-mail, Mr. Harris advised Fund counsel that "Princeton Healthcare (SNF) LLC as an entity has no assets, but nevertheless has not filed for bankruptcy protection and is still listed as a current LLC. The entity's ultimate parent is Lehman Brothers Holdings, Inc., which has filed for bankruptcy protection."

Despite subsequent inquiries, Mr. Harris refused to answer any other questions, and ultimately failed to respond to Fund counsel's final e-mail of December 2, 2008.

14. Despite the fact that in-house Lehman counsel stated that the "ultimate parent" of Princeton Healthcare (SNF) LLC, a defendant in the collection litigation, is Lehman Brothers Holdings Inc., in Exhibit A to their "Three Hundred Eighty-Third Omnibus Objection to Claims" debtors assert that their "records reflect that neither LBHI nor any of the debtors have or had any ownership in the Plaza Regency at the Windrows. As such the debtors have no liability to claimant for the claim."

15. By letter dated August 30, 2011, Steven R. Kotarba, Managing Director at Alvarez & Marsal wrote to Fund counsel in connection with the Claim, and asked for "additional support regarding the claim." A copy of Mr. Kotarba's letter is attached as Exhibit 1.

16. By letter dated October 14, 2011, Fund counsel provided Alvarez & Marsal with the requested documentation and additional information, including the e-mail chain involving Lehman in-house counsel Jonathan Harris. A copy of the October 14, 2011 letter is attached as Exhibit 2. The documents referenced in paragraphs 2 through 13 of this Response are attached as Exhibits A through I to the October 14, 2011 letter.

17. Thus, for more than a year, debtors' agent has been in actual possession of a document in which a Lehman in-house counsel acknowledges that debtor Lehman Brothers Holdings, Inc. is the "ultimate parent" of Princeton Healthcare (SNF), LLC, one of the defendants in the collection litigation. Notwithstanding this, and notwithstanding the correspondence attached hereto, in its objection to this claim, debtor makes the bald, unsupported assertion that its records "reflect that neither Lehman Brothers

5

Holdings Inc., nor any of the debtors have or had any ownership in the Plaza Regency at the Windrows."

18. Because in-house counsel Lehman acknowledged that Princeton Healthcare (SNF) LLC was owned by Lehman Brothers Holdings, Inc., and because counsel for the defendants in the Collection Litigation advised the court that that litigation was subject to the automatic stay in this bankruptcy, the Fund has a good faith basis for asserting that the defendants in the Collection Litigation are owned by debtors. Debtors offer no evidence to rebut this, and contest no other aspect of the Claim. For this reason, the Fund objects to the debtors motion to disallow and expunge claim number 30600.

19. To resolve this dispute, the Fund will shortly serve limited discovery on two Issues: (a) whether or not Debtors own or owned any of the defendants in the Collection Litigation, and (b), if Debtors owned any of these entities, the disposition of these entities' assets.

WHEREFORE, the Fund respectfully requests that the motion be denied in its entirety, and that the Fund be granted such other and further relief as this Court deems just and proper.

Dated: January 31, 2013
       New York, New York

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

By: /s/ Hanan B. Kolko
Hanan B. Kolko, Esq.
1350 Broadway, Suite 501
P.O. Box 822

6

New York, New York  10018-0026
Telephone:  212-239-4999
Facsimile:   212-239-1311
E-mail:  hkolko@msek.com

*Attorneys for the 1199/SEIU Greater New York Benefit Fund*