B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et. al.,      Case No. 08-13555(JMP)
                                                   (Jointly Administered)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee                                 Name of Transferor

Barclays Bank PLC                                  Elliott International, L.P.

Name and Address where notices to transferee       Court Claim # (if known): 67181
should be sent:                                    Amount of Claim as Filed: $7,188,378.04
Daniel Miranda                                     Amount of Claim Transferred: $5,018,361.10
Barclays Bank PLC                                  Date Claim Filed: 11/02/2009
745 Seventh Avenue, 2nd Floor                      Debtor: Lehman Brothers Holdings Inc.
New York, NY 10019
Email: daniel.miranda@barclayscapital.com

With a copy to:
Anthony Vitiello
Barclays Bank PLC
745 Seventh Avenue, 2nd Floor
New York, NY 10019
Email: anthony.vitiello@barclayscapital.com

Wire Instructions:
Barclays Bank
ABA #: 026 002 574
A/C SWAPS
A/C #: 050019228

Name and Address where transferee payments should be sent (if different from above): N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____  Date: 1/16/13
    Daniel Crowley Managing Director
Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

2654572v1

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Elliott International, L.P.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Barclays Bank PLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Numbers specified on Schedule 1 (each, a "Proof of Claim") filed by or on behalf of Seller's predecessor in interest against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor") to the extent received by Seller, (b) all rights and benefits of Seller to the extent received or held by Seller on account of the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed on account of the Purchased Claim or on account of any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code"), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), and (d), the "Transferred Claims"). Notwithstanding anything to the contrary set forth herein or otherwise, Seller hereby expressly reserves rights to assert and to enforce against all prior sellers any and all representations, warranties, covenants and agreements previously made to Seller or for Seller's benefit in connection with Seller's acquisition of the Transferred Claims in the event, and only to the extent, that Purchaser (and/or its successors and assigns) seeks to assert and/or to enforce against Seller any representation, warranty, covenant or agreement made by Seller in connection with Purchaser's acquisition of any of the Transferred Claims, it being understood and agreed that Seller may only assert said rights in response to, and only to the extent of, Purchaser's assertion of its rights against Seller, and may do so by impleading such third party (including any prior seller) in any action or proceeding brought against Seller, or through a plenary action initiated by Seller against said third party (including any prior seller).

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) other than the distributions made by the Debtor on April 17, 2012, and October 1, 2012, Seller has not received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims; and (h) the Notice of Proposed Allowed Claim Amount for the Proof of Claim ("Notice") dated August 24, 2011 that was provided to Purchaser is true and correct, and the Seller did not file a written response to the Notice per the terms of the Notice.

Error! No property name supplied.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim no later than the third business day after execution of this Agreement. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Following the date of this Agreement, Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

**Error! No property name supplied.**

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 14th day of January 2013.

| Barclays Bank PLC | ELLIOTT INTERNATIONAL, L.P. |
|---|---|
| By: _[signature]_ | By: Elliott International Capital Advisors Inc. as Attorney-in-Fact |
| Name: | |
| Title: DANIEL CROWLEY MANAGING DIRECTOR | By: _____ |
| 745 Seventh Avenue | Name: |
| New York, New York 10019 | Title: |
| | c/o Elliott Management Corporation |
| | 40 West 57th Street, 4th Floor, |
| | New York, NY 10019 |
| | United States |

Error! No property name supplied.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 14th day of January 2013.

**Barclays Bank PLC**

By:_____
Name:
Title:

745 Seventh Avenue
New York, New York 10019

**ELLIOTT INTERNATIONAL, L.P.**
By: Elliott International Capital Advisors Inc.
as Attorney-in-Fact

By:_____
Name: Elliot Greenberg
Title: Vice President

c/o Elliott Management Corporation
40 West 57th Street, 4th Floor,
New York, NY 10019
United States

**Error! No property name supplied.**

Schedule 1

Transferred Claims

Purchased Claim

70.0000% of the interest in the original amount listed in Proof of Claim 67181 with respect to ISIN XS0285045943.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Proof of Claim Number | Maturity | Allowed Amount of Proof of Claim |
|---|---|---|---|---|---|---|---|
| Lehman Bros. TSY 1.75% 02/07/10 | XS0285045943 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 3,500,000 | 67181 | 7-Feb-2010 | USD 5,018,361.10 |

Schedule 1-1

Error! No property name supplied.