# Exhibit C

## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 1, 2013

Via E-mail

Peter D. Isakoff, Esq.,
   Weil, Gotshal & Manges LLP,
      1300 Eye Street, NW, Suite 900,
         Washington, District of Columbia 20005.

         Re:   *In re Lehman Brothers Holdings Inc., et al.*, No. 08-13555 (JMP)
              (Proofs of Claim Nos. 14824 and 14826)

Dear Peter:

        I write on behalf of the Canary Wharf claimants ("Canary Wharf") in response to your January 29 letter.

        We do not believe that the open-ended and wide-ranging discovery proposed in your letter is necessary or appropriate for resolution of the issue of whether Lehman Brothers Holdings Inc. ("LBHI") is liable for Canary Wharf's claims, and set forth below a counter-proposal. Before addressing that subject, I describe in more detail Canary Wharf's proposal -- further to Judge Peck's suggestion at the January 16 conference (Tr. at 17) and my proposal during our January 23 meet-and-confer -- for arbitration of the English-law liability issues.

Arbitration

        Canary Wharf proposes that the parties agree to arbitration, which is sometimes referred to in England as "expert determination," in London, England. For this arbitration, the parties could agree in writing that an agreed-upon expert in English law (possibly a retired Justice of the English High Court, as Judge Peck suggested) would render a binding decision on the English-law liability issues. We propose that the discovery taken before the arbitration hearing would be the same as set forth below. We suggest that the discovery period be limited to 90 days and that, two weeks after the expiration of that period, the parties would make simultaneous pre-hearing submissions to the arbitrators -- which would supplement the papers filed in the Bankruptcy Court --

Peter D. Isakoff, Esq.                                                                                                        -2-

followed two weeks later by responsive submissions. The hearing, which could take place within 20 days after the responsive submissions, would consist solely of presentations by the parties' English barristers. We think this will take two days at most. The arbitrator then would have 30 days to issue a written, reasoned decision.

        We urge you to reconsider LBHI's rejection of arbitration. We are prepared to draft an agreement and a stipulation and proposed order for your review.

Discovery

        Your January 29 letter proposes an open-ended and wide-ranging discovery program that you state "would not be restricted in any way." Thus, you propose, just to start, unspecified document requests on 10 broad categories of documents, unlimited written discovery and depositions, and expert reports and depositions of the parties' English barristers. Even the discovery you specifically identify is unnecessary for determining LBHI's liability. For example, category 5 in your letter is a broad request for all documents related to the negotiation and execution of the LBL Forfeiture Agreement, even though you told Judge Peck at the January 16 conference that the consequences of that agreement could be decided as a matter of English law without any discovery (Tr. at 12).[1] Likewise, categories 1 and 2 seek all documents concerning the negotiations of the Lease and the Indemnity, even though the plain language of these documents is dispositive. Moreover, although you purport "to defer discovery as to the matters that relate exclusively to the quantification of damages," your proposed tenth category of documents relates only to Canary Wharf's damages from dilapidations.

        Resolution of the liability issues does not, in our view, require this open-ended and wide-ranging discovery. Rather, liability turns almost entirely on legal issues and a few undisputed factual matters that, as Judge Peck stated at the January 16 conference, are "susceptible to a stipulation of facts, rather than the burdens of depositions or formal discovery." (Tr. at 18.) Accordingly, we have prepared the enclosed draft stipulation of facts for LBHI's consideration, and set forth below the limited discovery we believe is appropriate prior to a hearing on liability.

        As the papers filed by the parties make clear, LBHI's liability on Canary Wharf's claims turns on (1) whether the December 3, 2010 LBL Forfeiture Agreement acted to discharge LBHI's obligations to pay Canary Wharf under the Lease, (2) whether LBHI is liable to Canary Wharf under Paragraph 1 of the Indemnity, and (3) whether LBHI is liable for an anticipatory breach of its obligations under Paragraph 7 of the Indemnity. Those issues, all of which are governed by English law, may be resolved with little or no discovery:

---

[1] Unless otherwise stated, abbreviations used herein are those defined in Canary Wharf's Response (ECF# 31341).

Peter D. Isakoff, Esq.                                                                                  -3-

      *1. The Releases in the LBL Forfeiture Agreement.* The issue of whether LBHI's obligations were discharged by the releases in the LBL Forfeiture Agreement involves determination of (i) whether Schedule 4 to the Lease is an indemnity or a guaranty, (ii) whether Paragraphs 6(d) and 6(g) of Schedule 4 preclude LBHI's argument that its obligations under Schedule 4 were discharged by a material variation of the Lease, and (iii) whether the releases in the LBL Forfeiture Agreement constitute a material variation of the Lease discharging LBHI's obligations under English law. All of these questions may be resolved as a matter of English law based on the language of the Indemnity and the LBL Forfeiture Agreement, and require no discovery. Indeed, you asked Judge Peck at the January 16 conference for an oral argument of these issues without any discovery. (Tr. at 12.)

      *2. LBHI's Obligations Under Paragraph 1 of the Indemnity.* The issue of whether LBHI is liable to Canary Wharf under Paragraph 1 of the Indemnity involves determination of (i) whether Paragraph 7 of the Indemnity is an exclusive remedy, (ii) whether Paragraph 1 contains a separate, independent indemnification obligation, and (iii) whether Canary Wharf has a claim against LBHI as a result of LBL's repudiatory breach of the Lease. Other than the fact that LBL's administrators repudiated the Lease by declining to pay rent after March 2010, all of these questions may be resolved as a matter of English law based on the language of the Indemnity. Canary Wharf is willing to produce communications with LBL's administrators demonstrating that they refused to pay rent after March 2010, which are the relevant documents from category 5 in your letter. We propose that, after you review the documents, the parties thereafter stipulate to this fact.

      *3. LBHI's Anticipatory Breach.* The issue of whether LBHI anticipatorily breached its obligations under Paragraph 7 of the Indemnity involves determination of (i) whether English law permits a claim for anticipatory breach of a conditional obligation, and (ii) whether a reasonable person would conclude that LBHI expressed an intent not to take a new lease if offered one by Canary Wharf. Again, in our view, the English-law question requires no discovery, and the communications at issue for the second question are the December 2010 e-mails between counsel for Canary Wharf (Andrew Dietderich) and counsel for LBHI (Richard Krasnow) that are attached to Mr. Millett's declaration (ECF# 33744, App. 3). We propose to identify and attach the relevant e-mails to the enclosed stipulation. Although we do not believe that any further discovery is required, Canary Wharf is willing to agree that the parties produce to each other all of the communications between their counsel after LBHI's bankruptcy, *i.e.*, the relevant documents from category 8 in your letter. Also, although we do not believe it necessary, Canary Wharf would be willing to agree to short depositions (two hours, say) of Messrs. Dietderich and Krasnow on these communications.

Peter D. Isakoff, Esq.                                                                                                                         -4-

*     *     *

    We hope to be able to reach an agreement with you concerning arbitration and discovery prior to the next status conference on February 13.

Sincerely,

David Tulchin

(Enclosure)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
In re                                                         :   Chapter 11
                                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                      :   Case No. 08-13555 (JMP)
                                                              :
                                    Debtors.                  :   Jointly Administered
                                                              :
------------------------------------------------------------- x

## STIPULATION OF UNDISPUTED FACTS FOR HEARING ON LIABILITY ISSUES (PROOFS OF CLAIM NUMBERS 14824 AND 14826)

Debtor Lehman Brothers Holdings Inc. ("LBHI") and Claimants Canary Wharf Management Ltd., Heron Quays (HQ2) T1 Limited, and Heron Quays (HQ2) T2 Limited (collectively, "Canary Wharf"), hereby stipulate and agree that the following facts are uncontested for purposes of Proofs of Claim Numbers 14824 and 14826 and LBHI's Objection thereto:

1. A lease for the property at 25 Bank Street in London, England, dated March 16, 2005 (the "Lease") was executed by LBHI, Lehman Brothers Limited ("LBL"), a subsidiary of LBHI, Canary Wharf, and Canary Wharf Holdings Limited. A copy of the Lease is attached hereto as Exhibit __, and as Exhibit 6 to the Declaration of Marc De Leeuw, executed on October 12, 2012 ("De Leeuw Declaration"), accompanying Canary Wharf's October 12, 2012 Response to LBHI's Objection to Proofs of Claim Numbers 14824 and 14826 (ECF# 31342-7).

2. The Lease states (§ 8.16) that it is governed by the laws of England.

3. The Lease is for a term of 30 years commencing July 3, 2003.

4. On September 15, 2008, LBHI filed for bankruptcy in the United States Bankruptcy Court for the Southern District of New York, and LBL was placed into administration in the United Kingdom.

5.  On September 17, 2009, Canary Wharf filed Proofs of Claim Numbers 14824 and 14826 against LBHI in this proceeding.

6.  In March 2010, LBL vacated the property at 25 Bank Street. Neither LBL nor its administrators paid rent or other amounts due under the Lease after March 31, 2010.

7.  LBL, its administrators, and Canary Wharf entered into an agreement, dated December 3, 2010, pursuant to which Canary Wharf would forfeit the Lease (the "LBL Forfeiture Agreement"). The LBL Forfeiture Agreement is attached hereto as Exhibit __, and as Exhibit B to LBHI's Objection to Proofs of Claim Number 14824 and 14826 in this action (ECF# 30055).

8.  From December 8 to December 10, 2010, counsel for Canary Wharf (Andrew Dietderich of the firm of Sullivan & Cromwell LLP) and counsel for LBHI (Richard Krasnow of the firm of Weil, Gotshal & Manges LLP) exchanged certain e-mails. A copy of those emails is attached hereto as Exhibit __, and as Appendix 3 to the "Declaration of Richard Millett Q.C. in Support of Rejection of Proofs of Claim of Canary Wharf Management Limited *et al.*" (ECF# 33744).

9.  By an agreement dated December 20, 2010, JPMorgan Chase Bank, N.A., Canary Wharf Management Company Limited, Canary Wharf Investments Limited, Canary Wharf Limited, Heron Quays Properties Limited, and HQCB Investments Limited entered into a 999-year lease for the 25 Bank Street property. A copy of excerpts of that agreement is attached hereto as Exhibit __, and as Exhibit 21 to the De Leeuw Declaration in this proceeding (ECF# 31342-22).

Dated:  February __, 2013
        New York, New York

By: _____
    Peter D. Isakoff
    Robert J. Lemons
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Tel: (212) 310-8000
    Fax: (212) 310-8007

    *Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates*

By: _____
    David B. Tulchin
    Marc De Leeuw
    John J. Jerome
    SULLIVAN & CROMWELL LLP
    125 Broad Street
    New York, New York 10004
    Tel: (212) 558-4000
    Fax: (212) 558-3588

    *Attorneys for Canary Wharf Management Ltd., Heron Quays (HQ2) T1 Limited and Heron Quays (HQ2) T2 Limited*