UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| **LEHMAN BROTHERS HOLDINGS INC., et al.** | : | **Case No. 08-13555 (JMP)** |
| Debtors. | : | **(Jointly Administered)** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### STIPULATION, AGREEMENT AND ORDER REGARDING CLAIM NUMBER 27974

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") pursuant to the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* (the "Plan"), and Drawbridge Global Macro Master Fund Ltd ("Drawbridge" and, together with the Plan Administrator, the "Parties"), hereby stipulate and agree as follows:

### RECITALS

A.    On September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Southern District of New York (the "Court"), which cases are being jointly administered under Case No. 08-13555 (JMP).

B.    On July 2, 2009, the Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases [Docket No. 4271] (the "Bar Date Order"). Pursuant to the Bar Date Order, the Court established September 22, 2009 as the deadline to file certain types of proofs of claim in these chapter 11 cases.

    C. Drawbridge timely filed a claim against LBHI, evidenced by proof of claim number 27974 (the "Drawbridge Claim").  In the Drawbridge Claim, Drawbridge asserts that LBHI is liable to Drawbridge in an amount no less than $120,365,128.00 pursuant to (i) that certain Unanimous Written Consent of the Executive Committee of the Board of Directors of LBHI dated as of June 9, 2005 and that certain document delivered to Standard & Poor's Rating Services dated as of January 4, 2008 (the "Guarantee Documents") and (ii) a guarantee dated as of November 27, 2002 (the "Transaction Guarantee").

    D. On December 6, 2011, the Court entered an order confirming the Plan [Docket No. 23023] (the "Confirmation Order").  The Effective Date (as defined in the Plan) occurred on March 6, 2012 [Docket No. 26039].

    E. Pursuant to section 6.1(b) of the Plan, the Plan Administrator is authorized to control and effectuate the claims reconciliation process with respect to claims filed against LBHI.

    F. Pursuant to paragraph 86 of the Confirmation Order, after the Effective Date, a proof of claim may not be filed or amended without authority of the Court.

    G. LBHI has issued a subpoena directed to Drawbridge, the issuance of which was noticed in a filing with the Court on July 26, 2012 [Docket No. 29672] (the "Subpoena").

    H. The Parties have agreed that (i) the Drawbridge Claim shall be amended to only assert claims with respect to the Transaction Guarantee in the amount of $25,623,204.00 and (ii) LBHI shall withdraw the Subpoena in its entirety.  To the extent the Subpoena concerns the Guaranty Documents, the withdrawal of the Subpoena shall be with prejudice.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation and Order shall become effective once it has been executed by the Parties and approved by the Court (the "<u>Stipulation Effective Date</u>").

2. As of the Stipulation Effective Date, the Drawbridge Claim is hereby deemed amended to only assert claims with respect to the Transaction Guarantee in the amount of $25,623,204.00.

3. As of the Stipulation Effective Date, the Subpoena is hereby deemed withdrawn in its entirety. To the extent the Subpoena concerns the Guaranty Documents, the withdrawal of the Subpoena is with prejudice.

4. Nothing in this Stipulation and Order shall affect (i) the Plan Administrator's right to object to the Drawbridge Claim on any ground other than the timing and method of filing, or (ii) Drawbridge's rights asserted in the Drawbridge Claim, other than rights with respect to the Guarantee Documents, including any liability of LBHI pursuant to the Transaction Guarantee and the right to oppose any objections thereto made by the Plan Administrator. For the avoidance of doubt, except as expressly set forth herein, this Stipulation and Order shall not alter, modify, amend or in any way affect the Drawbridge Claim.

5. Nothing herein shall constitute any admission or finding with respect to the Drawbridge Claim, and this Stipulation and Order shall not be deemed to be or used as an admission of or evidence of the validity or invalidity or any aspect of the Drawbridge Claim.

6. The Parties authorize LBHI's Court-approved claims agent, Epiq Bankruptcy Solutions, LLC, to modify the claims register to reflect the terms of this Stipulation and Order.

7. This Stipulation and Order contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

8. This Stipulation and Order shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and assigns. Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation and Order.

9. Each person who executes this Stipulation and Order represents that he or she is duly authorized to do so on behalf of the respective Party or Parties hereto and that each such party has full knowledge and has consented to this Stipulation and Order.

10. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties hereto to be charged.

11. This Stipulation and Order shall be governed by and in accordance with the laws of the state of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

*[Remainder of Page Left Intentionally Blank]*

Dated: New York, New York  
      January 22, 2013

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ George A. Zimmerman  
George A. Zimmerman  
Jeffrey Geier  
Max S. Polonsky  
Four Times Square  
New York, New York 10036-6522  
Telephone: (212) 735-3000  
Facsimile: (212) 735-2000

*Attorneys for Drawbridge Global Macro Master Fund Ltd*

Dated: New York, New York  
      January 22, 2013

WEIL, GOTSHAL & MANGES LLP

By: /s/ Robert J. Lemons  
Robert J. Lemons  
767 Fifth Avenue  
New York, New York 10153  
Telephone: (212) 310-8000  
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings, Inc. and Certain of its Affiliates*

**SO ORDERED:**

Dated: New York, New York  
      February 11, 2013

    *s/ James M. Peck*  
Honorable James M. Peck  
United States Bankruptcy Judge