

Segreteria Generale

Bologna, January 31, 2013

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
Attn.: CLERK OF COURT
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408
U.S.A.

**By Courier DHL**



RECEIVED
FEB - 4 2013
U.S. BANKRUPTCY COURT
SO. DIST. NEW YORK

**RE: Lehman Brothers Holdings Inc. – Claim no. 56130.**

Herewith enclosed we send:

**Agreement and evidence of transfer of Claim Lehman Program Security**

**Form 210A.**

Thank you for your cooperation.

Segreteria Generale

**Cassa di Risparmio in Bologna S.p.A.**  Sede Sociale: Via Farini, 22  40124 Bologna  Capitale Sociale Euro 696.692.000,00  Registro Imprese di Bologna, Codice Fiscale e Partita IVA 02089911206  N. Iscr. Albo Banche 5466  Cod. ABI 6385.9  Appartenente al gruppo bancario "Intesa Sanpaolo", iscritto all'Albo dei Gruppi Bancari  Socio Unico, Direzione e Coordinamento Intesa Sanpaolo S.p.A.

Banca del gruppo INTESA SANPAOLO

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:  THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, BANCA MONTE DEI PASCHI DI SIENA SPA ("Seller"), acting on behalf of one or more of its customers (the "Customers") hereby unconditionally and irrevocably sells, transfers and assigns to CASSA DI RISPARMIO IN BOLOGNA SPA. ("Purchaser"), acting on behalf of one or more of its customers, and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 56130 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of its Customers relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of its Customers' right, title and interest in, to and under the transfer agreements, if any, under which Customers or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller and its Customers own and have good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) neither Seller nor its Customers have engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation,

reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 11th day of January 2013.

BANCA MONTE DEI PASCHI DI SIENA SPA
By: _____
Name: Dott. Alfredo Montalbano
Title: Chief Operating Officer
Piazza Salimbeni, 3
53100  Siena (Italy)

Attn Doriana Fragnelli
Via Rosellini 16 – 20124 Milano (Italy)
Tel 0039 02 69705714
Email bof.amministrazioneestero@banca.mps.it

CASSA DI RISPARMIO IN BOLOGNA SPA
By: _____
Name: Filippo Sassoli Dé Bianchi
Title: Chairman
Via Farini 22
40124 Bologna (Italy)

Attn Alessandro Ferriani
Via Farini 22 – 40124 Bologna (Italy)
Tel 0039 051 6454308
Email segreteria.generale@carisbo.it
Alessandro.ferriani@carisbo.it

Schedule 1

Transferred Claims

Purchased Claim

0.8568980 % of XS0178969209 = USD 29,081.06 of USD 3,393,759.12 (i.e. the outstanding amount of XS0178969209 as described in the Proof of Claim dated 27 Oct 2009 and filed on 29 Oct 2009),
which equals 0.0178344 % of the Proof of Claim = USD 29,081.06 of USD 163,061,881.24 (the outstanding amount of the Proof of Claim dated 27 Oct 2009 and filed on 29 Oct 2009).

0.160123 % of XS0176153350 = USD 36,383.17 of USD 22,722,016.78 (i.e. the outstanding amount of XS0176153350 as described in the Proof of Claim dated 27 Oct 2009 and filed on 29 Oct 2009),
which equals 0.0223125 % of the Proof of Claim = USD 36,383.17 of USD 163,061,881.24 (the outstanding amount of the Proof of Claim dated 27 Oct 2009 and filed on 29 Oct 2009).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| Issue of EUR 50,000,000 European Inflation Linked Notes EUR 7 03-2013 under the U.S.$18,000,000,000 EMTN Program | XS0178969209 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 20,000.00 (equivalent to USD 28,302.00) | 11/26/2013 | EUR 20,550.53 (equivalent to USD 29,081.06) |
| Issue of EUR300,000,000 of Inflation Linked Multi-Tranche Notes under the U.S.$18,000,000,000 Euro Medium-Term Note Program | XS0176153350 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 25,000.00 (equivalent to USD 35,377.50) | 10/10/2013 | EUR 25,710.67 (equivalent to USD 36,383.17) |

BANCA MONTE DEI PASCHI DI SIENA SPA

CASSA DI RISPARMIO IN BOLOGNA SPA

IL PRESIDENTE

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

Form 210A

**United States Bankruptcy Court**

**SOUTHERN DISTRICT OF NEW YORK**

In re LEHMAN BROTHERS HOLDINGS INC., et. al., DEBTORS

Case No. 08-13555 (JMP)
JOINTLY ADMINISTERED

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 300 1(e)(2), Fed, R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**CASSA DI RISPARMIO IN BOLOGNA S.P.A.**
Name of Transferee

**Banca Monte dei Paschi di Siena S.p.A.**
Name of Transferor

Name and Address where notices to transferee should be sent:

Cassa di Risparmio in Bologna SpA
Via Farini 22
Bologna 40124, Italy
Attn: Alessandro Ferriani
E-mail: alessandro.ferriani@carisbo.it

Phone: 0039 051 6454308
Last Four Digits of Acct #: N/A

Court Claim #: 56130
Amount of Claim: $ 163,061,881.24
Portion of Claim Transferred (see Schedule I): $ 65,464.23
Date Claim Filed: 29/10/2009

Phone: 0039 02 69705714
Last Four Digits of Acct. #: N/A

Name and Address where transferee payments should be sent (if different from above):

Phone:
Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief,

CASSA DI RISPARMIO IN BOLOGNA SPA
IL PRESIDENTE

By: _____
Transferee/Transferee's Agent

Date: January, 31 2013

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment foe up to 5 years, or both 18 .S C. §1152 & 3571.

1