B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re    Lehman Brothers Holdings Inc, et al, Debtors    Case No. 08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

**MERRILL, LYNCH, PIERCE FENNER & SMITH INCORPORATED**

**PERMAL YORK, LTD**

Name of Transferee

Name of Transferor

Name and Address where notices to transferee
Should be sent

Merrill Lynch, Piece, Fenner & Smith
Incorporated
214 North Tryon Street,
15th Floor,
Charlotte, N.C. 28255,
USA
Attn: Gregory W Ponder

**Court Claim # (if known):** 59098-55

**The Purchased Claim represents US$23,136.90** which is 13.22314050% of the total Proposed Allowed Claim Amount with respect to XS0297097429 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 59098-55),

**Date Claim Filed:** October 30, 2009.

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

Name and Address where transferee payments
should be sent (if different from above):

Phone:
Last Four Digits of Acct. #:

Phone:
Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _(Seth Denson)_ _Director_

Date: 23rd January 2013

**MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED**
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

*Final Form 11/20/09*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

    1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Permal York Ltd** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Merrill Lynch, Pierce, Fenner & Smith Incorporated** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **allowed amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **59098-55** filed by or on behalf of **Seller's predecessor in interest** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

    2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Programs Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

    3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 23 day of January 2013.

Permal York Ltd

By: _____
Name: John J. Fosina
Title: Chief Financial Officer

Permal York Ltd
c/o York Capital Management
767 Fifth Avenue, 17th Floor,
New York, New York, 10153
Attn: Margaret D Mauro
Tel: 212 710 6567
Fax 646 514 9321

Merrill Lynch, Pierce, Fenner & Smith Incorporated

By: _____
Name: Beth Denson
Title: Director

Merrill Lynch, Pierce, Fenner & Smith Incorporated
214 North Tryon Street,
15th Floor,
Charlotte, N.C. 28255,
USA
Attn: Meredith R. Smith
Tel: 001 980 388 4526
Email: meredith.r.smith@baml.com

Schedule 1

Transferred Claims

Purchased Claim

The Purchased Claim represents US$23,136.90 which is 13.22314050% of the total Proposed Allowed Claim Amount with respect to XS0297097429 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 59098-55),

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Co. B.V. Issue of EUR 10,000,000 Single Callable Fixed Rate Notes due April 2027 guaranteed by Lehman Brothers Holdings Inc under the U.S$ 60,000,000,000 Euro Medium-Term Note Program | XS0297097429 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | EUR 16,000.00 (equivalent to US$22,641.60 @ 1.4151) | N/A | 30 April 2027 | EUR 0.00 |

Schedule 1-1