HEARING DATE AND TIME: March 28, 2013 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: March 18, 2013 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO ASSIGN TO THE CORRECT DEBTOR AND/OR REDUCE AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE THREE HUNDRED NINETY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT COUNSEL FOR LEHMAN BROTHERS HOLDINGS INC., ADAM M. LAVINE, AT 212-310-8290.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                : Chapter 11 Case No.
                                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,         : 08-13555 (JMP)
                                                     :
                    Debtors.                         : (Jointly Administered)
------------------------------------------------------------------x

### NOTICE OF HEARING ON THE THREE HUNDRED NINETY-SIXTH OMNIBUS OBJECTION TO CLAIMS (WARRANT CLAIMS)

**PLEASE TAKE NOTICE** that on February 15, 2013, Lehman Brothers

Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-

US_ACTIVE:\44193644\4\58399.0011

referenced chapter 11 cases, filed its three hundred ninety-sixth omnibus objection to claims (the "Three Hundred Ninety-Sixth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Ninety-Sixth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 28, 2013 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Ninety-Sixth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for Lehman Brothers Holdings Inc., Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Maurice Horwitz, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **March 18, 2013 at 4:00 p.m. (Eastern Time)** (the "Response

Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Ninety-Sixth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Ninety-Sixth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: February 15, 2012
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME: March 28, 2013 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: March 18, 2013 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
                          Debtors.                 :    (Jointly Administered)
------------------------------------------------------------------x

**THREE HUNDRED NINETY-SIXTH OMNIBUS**
**OBJECTION TO CLAIMS (WARRANT CLAIMS)**

---

**THIS OBJECTION SEEKS TO ASSIGN TO THE CORRECT DEBTOR AND/OR REDUCE AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED NINETY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT COUNSEL FOR LEHMAN BROTHERS HOLDINGS INC., ADAM M. LAVINE, AT 212-310-8290.**

---

US_ACTIVE:\44193644\4\58399.0011

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (each a "Chapter 11 Estate"), respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this three hundred ninety-sixth omnibus objection to claims (the "Three Hundred Ninety-Sixth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking to (i) reassign certain claims listed on Exhibit A annexed hereto such that the claims are asserted against LBHI, (ii) reduce and allow such claims against LBHI once they are reassigned, and (iii) reduce and allow certain other claims listed on Exhibit A against LBHI.

2. Prior to the Commencement Date (as defined below), LBHI issued various series of warrants (the "Warrants")[1] to investors. The Warrants' governing documents provide that the Warrants' return at maturity is derived from or linked to the performance of certain hedge funds. Each of the proofs of claim identified on Exhibit A (collectively, the "Warrant Claims") is based on Warrants. Although the Warrants were issued by LBHI, certain of the

---

[1] The Warrants include (i) the call warrants linked to Millennium USA LP and bearing CUSIP number 524935111, and (ii) the call warrants linked to DE Shaw Oculus Fund and bearing CUSIP number 52520W143.

2

Warrant Claims (the "LOTC Warrant Claims") were filed against Lehman Brothers OTC Derivatives Inc. ("LOTC").

3. The Plan Administrator has examined the Warrant Claims and has determined that, although LOTC has no liability for the obligations asserted in the LOTC Warrant Claims, LBHI is liable for certain portions of such obligations. The Plan Administrator therefore requests that the Court reassign the LOTC Warrant Claims to be claims against LBHI (the "Reassigned Warrant Claims"). The Plan Administrator is not seeking reassignment of the Warrant Claims filed against LBHI (the "LBHI Warrant Claims").

4. The Plan Administrator has further determined that the Reassigned Warrant Claims and the LBHI Warrant Claims should be reduced and allowed against LBHI because the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values of the applicable Warrants, as determined by the Plan Administrator after a review of the relevant Warrants, the claimants' supporting documentation, and LBHI's books and records. The Plan Administrator, therefore, requests that the Court reduce, as appropriate, each such claim to the amount listed on Exhibit A in the row labeled "*Claim as Modified*," and allow each such claim against LBHI only to the extent of such reduced amount.

5. The Plan Administrator reserves its rights to object on any other basis to any of the Warrant Claims as to which the Court does not grant the relief requested herein.

## Jurisdiction

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

7. Commencing on September 15, 2008 (the "Commencement Date") and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court

3

voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8. On July 2, 2009, this Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271]. The Bar Date Order requires, among other things, that each proof of claim "state the name and case number of the specific [Chapter 11 Estate] against which it is filed . . . ." (Bar Date Order at 6.) A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

9. Claimants received notice of the Bar Date Order by mail. (*See* Notice of Deadlines for Filing Proofs of Claim (the "Bar Date Notice").) The Bar Date Notice was also published in The New York Times (International Edition), The Wall Street Journal (International Edition), and The Financial Times. A list of the Chapter 11 Estates in these chapter 11 cases and their respective case numbers was included as part of the Bar Date Notice and the instructions to the Court-approved proof of claim form. (Bar Date Notice at Schedule A.)

10. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

11. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

4

**The Warrant Claims**
**Should be Reassigned, as Applicable, and Reduced and Allowed Against LBHI**

12. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection to a proof of claim is filed, the allowed amount of such claim must be determined "as of the date of the filing of the petition." 11 U.S.C. § 502(b). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

13. In reviewing the claims filed on the claims register in these Chapter 11 Cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the LOTC Warrant Claims as claims that identify LOTC as the obligor when such claims are properly asserted against LBHI. Indeed, in each instance involving the LOTC Warrant Claims, the claimant has no valid legal justification for asserting a claim against LOTC because LBHI – and not LOTC – issued the Warrants. By this objection, the Plan Administrator seeks to reassign the LOTC Warrant Claims to be claims asserted against LBHI. Once reassigned, the original LOTC Warrant Claims should be disallowed and expunged.

14. In their proofs of claim, many of the holders of the Warrant Claims asserted either liquidated or unliquidated claim amounts based on account statements and/or price statements provided to such holders by Lehman Brothers Inc. prior to the Commencement

5

Date. Such statements purport to reflect the fair market value of the Warrants as of various dates prior to the Commencement Date. The foregoing amounts are not the correct measure of the value of the Warrant Claims because they do not reflect the fair market value of the Warrants as of the Commencement Date. *See* 11 U.S.C. § 502(b).

15.     As noted above, the fair market value of each Warrant is tied to the performance of certain hedge funds (the "Underlyings"). Prior to the Commencement Date, LBHI regularly updated its books and records, based on all relevant information available to LBHI on such date concerning the value of the relevant Underlyings, to reflect the fair market value of the Warrants. Therefore, on the Commencement Date, LBHI's books and records reflected the fair market value of the Warrants as of such date.

16.     The amounts listed on Exhibit A in the rows labeled "*Claim as Modified*" represent the fair, accurate, and reasonable value of the Reassigned Warrant Claims and the LBHI Warrant Claims as reflected in LBHI's books and records on the Commencement Date. The holders of the Reassigned Warrant Claims and the LBHI Warrant Claims should not be allowed to recover more than the value of their claims. Accordingly, in order to properly reflect the fair, accurate, and reasonable value of these claims, and the proper Chapter 11 Estate against which such claims should be allowed, the Plan Administrator requests that the Court reduce the Reassigned Warrant Claims and the LBHI Warrant Claims to the amounts listed on Exhibit A in the rows labeled "*Claim as Modified*" and allow such claims against LBHI only to the extent of such modified amounts.

## Notice

17.     No trustee has been appointed in these Chapter 11 Cases. The Plan Administrator has served notice of this Three Hundred Ninety-Sixth Omnibus Objection to

6

Claims on: (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on <u>Exhibit A</u> attached to this Three Hundred Ninety-Sixth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

18.     No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: February 15, 2013
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

7

Exhibit A

# IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)
## OMNIBUS OBJECTION 396: EXHIBIT A - INCORRECT DEBTOR AND/OR REDUCE AND ALLOW CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | MODIFIED DEBTOR | AMOUNTS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | TOTAL |
| 1 | CARTER, B. GENE | 24901 | 9/21/09 | Lehman Brothers OTC Derivatives Inc. | Lehman Brothers Holdings Inc. | | | | | |
| | | | | AMOUNT SUBJECT TO OBJECTION | | | | | $229,349.90 | $229,349.90 |
| | | | | CLAIM AS MODIFIED | | | | | $186,704.57 | $186,704.57 |
| 2 | CARTER, B. GENE | 24902 | 9/21/09 | Lehman Brothers OTC Derivatives Inc. | Lehman Brothers Holdings Inc. | | | | | |
| | | | | AMOUNT SUBJECT TO OBJECTION | | | | | $166,855.00 | $166,855.00 |
| | | | | CLAIM AS MODIFIED | | | | | $126,555.00 | $126,555.00 |
| 3 | DAVID SCHWARTZ REVOCABLE TRUST | 24455 | 9/21/09 | Lehman Brothers OTC Derivatives Inc. | Lehman Brothers Holdings Inc. | | | | | |
| | | | | AMOUNT SUBJECT TO OBJECTION | | | | | $91,653.90 | $91,653.90 |
| | | | | CLAIM AS MODIFIED | | | | | $74,611.77 | $74,611.77 |
| 4 | MICIONI, PETER | 19429 | 9/18/09 | Lehman Brothers Holdings Inc. | Lehman Brothers Holdings Inc. | | | | | |
| | | | | AMOUNT SUBJECT TO OBJECTION | | | | | $183,307.80 | $183,307.80 |
| | | | | CLAIM AS MODIFIED | | | | | $149,223.54 | $149,223.54 |
| 5 | REID, WAYNE D, II | 65975 | 12/18/09 | Lehman Brothers Holdings Inc. | Lehman Brothers Holdings Inc. | | | | | |
| | | | | AMOUNT SUBJECT TO OBJECTION | | | | | $433,751.50 | $433,751.50 |
| | | | | CLAIM AS MODIFIED | | | | | $349,779.85 | $349,779.85 |
| 6 | SHEPPARD, ERIC | 19201 | 9/18/09 | Lehman Brothers OTC Derivatives Inc. | Lehman Brothers Holdings Inc. | | | | | |
| | | | | AMOUNT SUBJECT TO OBJECTION | | | | | $229,349.90 | $229,349.90 |
| | | | | CLAIM AS MODIFIED | | | | | $186,704.57 | $186,704.57 |
| 7 | SHEPPARD, ERIC | 19202 | 9/18/09 | Lehman Brothers OTC Derivatives Inc. | Lehman Brothers Holdings Inc. | | | | | |
| | | | | AMOUNT SUBJECT TO OBJECTION | | | | | $133,484.00 | $133,484.00 |
| | | | | CLAIM AS MODIFIED | | | | | $101,244.00 | $101,244.00 |
| 8 | SOBO, SCOTT AND HEIDI | 18147 | 9/18/09 | Lehman Brothers OTC Derivatives Inc. | Lehman Brothers Holdings Inc. | | | | | |
| | | | | AMOUNT SUBJECT TO OBJECTION | | | | | $133,484.00 | $133,484.00 |
| | | | | CLAIM AS MODIFIED | | | | | $101,244.00 | $101,244.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**
**OMNIBUS OBJECTION 396: EXHIBIT A - INCORRECT DEBTOR AND/OR REDUCE AND ALLOW CLAIMS**

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | MODIFIED DEBTOR | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| 9 | SURYAN FAMILY TRUST | 19329 | 9/18/09 | Lehman Brothers OTC Derivatives Inc. | Lehman Brothers Holdings Inc. | | | | | |
| | | | | AMOUNT SUBJECT TO OBJECTION | | | | | $200,226.00 | $200,226.00 |
| | | | | CLAIM AS MODIFIED | | | | | $151,866.00 | $151,866.00 |
| 10 | SURYAN FAMILY TRUST | 19441 | 9/18/09 | Lehman Brothers OTC Derivatives Inc. | Lehman Brothers Holdings Inc. | | | | | |
| | | | | AMOUNT SUBJECT TO OBJECTION | | | | | $176,917.80 | $176,917.80 |
| | | | | CLAIM AS MODIFIED | | | | | $149,223.54 | $149,223.54 |
| 11 | THABIT FAMILY TRUST | 24700 | 9/21/09 | Lehman Brothers OTC Derivatives Inc. | Lehman Brothers Holdings Inc. | | | | | |
| | | | | AMOUNT SUBJECT TO OBJECTION | | | | | $127,088.00 | $127,088.00 |
| | | | | CLAIM AS MODIFIED | | | | | $101,244.00 | $101,244.00 |
| 12 | THABIT FAMILY TRUST | 24701 | 9/21/09 | Lehman Brothers OTC Derivatives Inc. | Lehman Brothers Holdings Inc. | | | | | |
| | | | | AMOUNT SUBJECT TO OBJECTION | | | | | $91,653.90 | $91,653.90 |
| | | | | CLAIM AS MODIFIED | | | | | $74,611.77 | $74,611.77 |
| 13 | THOMAS, JAMES & ROSEMARY | 15182 | 9/17/09 | Lehman Brothers OTC Derivatives Inc. | Lehman Brothers Holdings Inc. | | | | | |
| | | | | AMOUNT SUBJECT TO OBJECTION | | | | | $166,855.00 | $166,855.00 |
| | | | | CLAIM AS MODIFIED | | | | | $126,555.00 | $126,555.00 |
| 14 | THOMAS, JAMES & ROSEMARY | 15206 | 9/17/09 | Lehman Brothers OTC Derivatives Inc. | Lehman Brothers Holdings Inc. | | | | | |
| | | | | AMOUNT SUBJECT TO OBJECTION | | | | | $91,653.90 | $91,653.90 |
| | | | | CLAIM AS MODIFIED | | | | | $74,611.77 | $74,611.77 |
| | | | | TOTAL AMOUNT SUBJECT TO OBJECTION | | | | | $2,455,630.60 | $2,455,630.60 |
| | | | | TOTAL CLAIMS AS MODIFIED | | | | | $1,954,179.38 | $1,954,179.38 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                             :   Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :   08-13555 (JMP)
                                                                  :
                              Debtors.                       :   (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING THE THREE HUNDRED
### NINETY-SIXTH OMNIBUS OBJECTION TO CLAIMS (WARRANT CLAIMS)

Upon the three hundred ninety-sixth omnibus objection to claims, dated February 15, 2013 (the "Three Hundred Ninety-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking to (i) reassign the LOTC Warrant Claims such that the claims are asserted against LBHI and (ii) reduce the Reassigned Warrant Claims and the LBHI Warrant Claims and allow such claims against LBHI on the basis that the amounts listed on the relevant proofs of claim are greater than the fair, accurate, and reasonable values determined by the Plan Administrator after a review of the claimants' supporting documentation and LBHI's books and records, all as more fully described in the Three Hundred Ninety-Sixth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Ninety-Sixth Omnibus Objection to Claims having been provided; and it appearing that no other or further

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Ninety-Sixth Omnibus Objection to Claims.

notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Ninety-Sixth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Three Hundred Ninety-Sixth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Ninety-Sixth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each of the LOTC Warrant Claims listed on <u>Exhibit 1</u> annexed hereto is hereby reassigned to be a claim asserted against LBHI; and it is further

ORDERED that, as to LOTC, each of the LOTC Warrant Claims listed on <u>Exhibit 1</u> annexed hereto is hereby disallowed and expunged in its entirety; and it is further

ORDERED that Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>"), the court-appointed claims and noticing agent in these cases, is authorized and directed to enter the Reassigned Warrant Claims into, and delete the LOTC Warrant Claims from, the official claims registry; and it is further

ORDERED that each of the Reassigned Warrant Claims and LBHI Warrant Claims listed on <u>Exhibit 1</u> annexed hereto is reduced and allowed in the amount set forth on <u>Exhibit 1</u> in the row labeled "*Claim as Modified*," and any asserted amount in excess of the reduced amount are disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other affect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on <u>Exhibit A</u> to the Three Hundred Ninety-

2

Sixth Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE