HEARING DATE AND TIME: March 28, 2013 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: March 18, 2013 at 4:00 p.m. (Eastern Time)

---

**THE THREE HUNDRED NINETY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE THREE HUNDRED NINETY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                   :   Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :   08-13555 (JMP)
                                        :
                    Debtors.            :   (Jointly Administered)
------------------------------------------------------------x
```

**NOTICE OF HEARING ON THREE HUNDRED NINETY-SEVENTH
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on February 15, 2013, Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

US_ACTIVE:\44196937\1\58399.0008

Debtors for certain entities in the in the above-referenced chapter 11 cases, filed the three hundred ninety-seventh omnibus objection to claims (the "Three Hundred Ninety-Seventh Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Ninety-Seventh Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 28, 2013 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

    **PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Ninety-Seventh Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Maurice Horwitz, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and

2

received by no later than **March 18, 2013 at 4:00 p.m. (prevailing Eastern Time)** (the

"Response Deadline").

                **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Three Hundred Ninety-Seventh Omnibus Objection to Claims or any

claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Three Hundred Ninety-Seventh Omnibus Objection to Claims, which order may be entered with

no further notice or opportunity to be heard offered to any party.

Dated: February 15, 2013
      New York, New York

                                      /s/ Robert J. Lemons
                                      Robert J. Lemons

                                      WEIL, GOTSHAL & MANGES LLP
                                      767 Fifth Avenue
                                      New York, New York 10153
                                      Telephone: (212) 310-8000
                                      Facsimile: (212) 310-8007

                                      Attorneys for Lehman Brothers Holdings Inc.
                                      and Certain of Its Affiliates

**HEARING DATE AND TIME: March 28, 2013 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: March 18, 2013 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re                                            :    Chapter 11 Case No.
                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,         :    08-13555 (JMP)
                                                 :
                    Debtors.                     :    (Jointly Administered)
-----------------------------------------------------------------x

**THREE HUNDRED NINETY-SEVENTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

---

**THIS THREE HUNDRED NINETY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED NINETY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

---

US_ACTIVE:\44196937\1\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this three hundred ninety-seventh omnibus objection to claims (the "Three Hundred Ninety-Seventh Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement, in whole or in part, of the claims listed on Exhibit A annexed hereto.

2. The Plan Administrator has examined each proof of claim identified on Exhibit A (collectively, the "No Liability Claims") and has determined that, in each case as identified more specifically on Exhibit A, either (i) the applicable Chapter 11 Estate against which the claim is asserted has no liability for any part of the claim, or (ii) the applicable Chapter 11 Estate has no liability for a portion of the claim. The Plan Administrator, therefore, requests the No Liability Claims be disallowed and expunged to the extent set forth on Exhibit A.

3. The Plan Administrator reserves all rights to object on any other basis to any No Liability Claim as to which the Court does not grant the relief requested herein as well as to the portion of any No Liability Claim that is not the subject of this Objection.

2

**Jurisdiction**

4.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.  Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.  On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7.  On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012 (the "Effective Date"). Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The No Liability Claims Should Be Disallowed and Expunged**

8.  As a result of its review of the claims filed on the claims register in these chapter 11 cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the No Liability Claims as claims for which the Chapter 11 Estate against which the claim is filed does not have any liability, in whole or in part.

9.  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See*

3

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

10. The Plan Administrator has evaluated the transactions underlying the No Liability Claims and the books and records of the Chapter 11 Estates. The No Liability Claims are asserted against Chapter 11 Estates that are not liable on any grounds for such claims to the extent set forth on Exhibit A. As described further on Exhibit A, the No Liability Claims do not set forth any legal justification for asserting a claim, in whole or in part, against the applicable Chapter 11 Estates.

11. The Effective Date has occurred and distributions began on April 17, 2012. If the No Liability Claims remain on the claims register in the filed amount, the potential exists for recoveries by parties who do not hold valid claims against the Chapter 11 Estates. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the No Liability Claims to the extent set forth on Exhibit A attached hereto.

## Notice

12. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Three Hundred Ninety-Seventh Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June

4

17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

13. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: February 15, 2013
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

5

# EXHIBIT A

US_ACTIVE:\44196937\1\58399.0008

## IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)
## OMNIBUS OBJECTION 397: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | CANPARTNERS INVESTMENTS IV, LLC | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22218 | $33,712,414.55 * | $33,712,414.55 | Claim 22218 asserts a claim based on LBHI's purported guarantee of the obligations of LCPI under a participation agreement. LBHI is not liable for this claim because (i) claimant has not provided any evidence of a relevant guarantee issued by LBHI, (ii) the Debtors' records do not reflect the existence of any such guarantee, and (iii) LBHI does not have any liability for the underlying participation agreement. |
| 2 | COMMERZBANK AG | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30102 | $1,320,321.48 * | $1,320,321.48 | Claim 30102 is based on LBHI's purported guarantee of obligations incurred by Lehman Brothers Commercial Bank (now known as Woodlands Bank) ("LBCB"), an affiliate of the Debtors that is not a Debtor in these jointly administered chapter 11 cases, under a participation agreement between LBCB and the claimant (the "Participation Agreement"). Pursuant to Schedule 2 of the Participation Agreement, LBCB had an obligation to pay the claimant an incremental amount "calculated on [claimant's] then existing commitment amount pursuant to the Participation Agreement." In September 2008, Claimant was elevated from being a participant in the underlying credit agreement, to being a lender of record. In connection with the elevation, LBCB assigned all of its rights and interests under the relevant credit agreement to the claimant. Once the claimant became the lender of record under the credit agreement, the claimant no longer had a commitment under the Participation Agreement and, therefore, LBCB's monetary obligations under the Participation Agreement, including those under Schedule 2, ceased. As such, LBHI is not liable to claimant for any purported guarantee of such extinguished obligations. In addition, LBHI reserves all of its rights regarding the validity of the purported guarantee. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)
OMNIBUS OBJECTION 397: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 3 | DRRT FBO NORDLB KAPITALANLAGEGESELLSCHAFT AG | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 31910 | $6,576,669.08 | $6,576,669.08 | Claim 31910 is filed by a holder of ISIN XS0275106630 (the "Note"), issued by Windermere IX CMBS (Multifamily) S.A. (the "Issuer").  The claimant asserts that "Lehman Brothers" acted as the "Sole Lead Manager and Sole Bookrunner" of the Note, Lehman Brothers Special Financing Inc. ("LBSF") acted as the provider of an interest rate swap (the "Swap"), additional "Lehman Brothers organizations were actively involved with the issuance" of the Note, and that LBHI guaranteed LBSF's obligations to the Issuer under the Swap (the "Guarantee"). The claimant does not actually identify any basis of liability as to the Chapter 11 Estates. Furthermore, the claimant does not attach any documentation related to the foregoing transactions to its guarantee questionnaire.  The claimant has no contractual relationship or privity with, and thus no enforceable right to payment against, the Chapter 11 Estates.  The claimant is not a party to any Swap or any Guarantee in connection with the Note.  Instead, to the extent the claimant has a contractual relationship or privity with, or an enforceable right to payment against, any party, that party is the Issuer and not any of the Chapter 11 Estates. Accordingly, the Chapter 11 Estates have no liability to the claimant. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)
OMNIBUS OBJECTION 397: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 4 | GASCO, CLARA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 32095 | $353,775.00 | $353,775.00 | Claim 32095 is filed by a holder of ISIN XS0149763616 (the "Racers Note"), issued by Racers Series 2002-20 (the "Issuer").  The Issuer purchased a security issued by Lehman Brothers Treasury Co. B.V. (the "LBT Note") to serve as collateral for the Racers Note.  LBHI guaranteed the performance of the LBT Note (the "Guarantee").  The claimant asserts that because the Issuer did not file a claim against LBHI for the Guarantee, the claimant may file a claim against LBHI for such guarantee.  However, the claimant has no contractual relationship or privity with, and thus no enforceable right to payment against, LBHI or any of the Chapter 11 Estates.  The claimant is not the holder or purchaser of the LBT Note.  Instead, to the extent the claimant has a contractual relationship or privity with, or an enforceable right to payment against, any party, that party is the Issuer or the trustee of the Issuer and not any of the Chapter 11 Estates.  Accordingly, the Chapter 11 Estates have no liability to the claimant. |
| 5 | LLOYDS TSB BANK PLC | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/11/2009 | 11401 | $25,050,861.11 * | $25,050,861.11 | Claim 11401 asserts a claim based on LBHI's purported guarantee of the obligations of Lehman Brothers Inc., a domestic affiliate of the Debtors that is not a Debtor in these jointly administered chapter 11 cases, under a letter of credit.  LBHI is not liable for this claim because (i) claimant has not provided any evidence of a relevant guarantee issued by LBHI, (ii) the Debtors' records do not reflect the existence of any such guarantee, and (iii) LBHI does not have any liability for the underlying letter of credit. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)
## OMNIBUS OBJECTION 397: EXHIBIT A - NO LIABILITY CLAIMS

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 6  MCCARTHY, BRIAN M. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/29/2009 | 35446 | $302,000.00 | $302,000.00 | Claim 35446 asserts interests in funds that are not Debtors in these Chapter 11 Cases. An interest in a non-Debtor partnership fund does not result in a claim against, nor a right to payment from, LBHI or any of the Chapter 11 Estates. As such, this claim does not indicate any ground for liability of LBHI or any of the Chapter 11 Estates. |
| | | | | TOTAL | $67,316,041.22 | $67,316,041.22 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :    08-13555 (JMP)
                                                                   :
                    Debtors.                                  :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING THE THREE HUNDRED NINETY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the three hundred ninety-seventh omnibus objection to claims, dated February 15, 2013 (the "Three Hundred Ninety-Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims to the extent that they assert claims for which the applicable Chapter 11 Estates do not have any liability, all as more fully described in the Three Hundred Ninety-Seventh Omnibus Objection to Claims; and due and proper notice of the Three Hundred Ninety-Seventh Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Ninety-Seventh Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Ninety-Seventh Omnibus Objection to Claims.

parties in interest and that the legal and factual bases set forth in the Three Hundred Ninety-Seventh Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Three Hundred Ninety-Seventh Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and expunged, with prejudice, to the extent set forth therein; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three Hundred Ninety-Seventh Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto and (ii) the portion of any No Liability Claim that is not the subject of the Three Hundred Ninety-Seventh Omnibus Objection to Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2