HEARING DATE AND TIME: March 28, 2013 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: March 18, 2013 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THREE HUNDRED NINETY-NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, JORDAN BRYK, AT 212-310-8034.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re                                                        :    Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                     :    08-13555 (JMP)
                                                             :
                             Debtors.                        :    (Jointly Administered)
-----------------------------------------------------------------x

**NOTICE OF HEARING ON THREE HUNDRED NINETY-NINTH**
**OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE LPS CLAIMS)**

    **PLEASE TAKE NOTICE** that on February 15, 2013, Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

1

Debtors for certain entities in the above-referenced chapter 11 cases, filed its three hundred ninety-ninth omnibus objection to claims (the "Three Hundred Ninety-Ninth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Ninety-Ninth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 28, 2013 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Ninety-Ninth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Maurice Horwitz, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **March 18, 2013 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Ninety-Ninth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Ninety-Ninth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: February 15, 2013
      New York, New York

                             /s/ Robert J. Lemons
                             Robert J. Lemons

                             WEIL, GOTSHAL & MANGES LLP
                             767 Fifth Avenue
                             New York, New York 10153
                             Telephone: (212) 310-8000
                             Facsimile: (212) 310-8007

                             Attorneys for Lehman Brothers Holdings Inc.
                             and Certain of Its Affiliates

HEARING DATE AND TIME: March 28, 2013 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: March 18, 2013 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :    08-13555 (JMP)
                                                   :
                        Debtors.                   :    (Jointly Administered)
------------------------------------------------------------------x

**THREE HUNDRED NINETY-NINTH OMNIBUS**
**OBJECTION TO CLAIMS (DUPLICATIVE LPS CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED NINETY-NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, JORDAN BRYK, AT 212-310-8034.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

US_ACTIVE:\44196372\2\58399.0011

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this three hundred ninety-ninth omnibus objection to claims (the "Three Hundred Ninety-Ninth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking to disallow and expunge the claims listed on Exhibit A annexed hereto which are duplicative of other filed claims based on Lehman Programs Securities.

2. The Plan Administrator has examined the proofs of claim identified on Exhibit A and has determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicative LPS Claims"), which generally were filed by the beneficial holders of Lehman Programs Securities, are substantively duplicative, in whole or in part, of the corresponding claims identified under the heading "*Surviving Claims*" (collectively, the "Surviving Claims"), which generally were filed by a bank, broker or other party on behalf of the beneficial holders of the same Lehman Programs Securities.

3. This Three Hundred Ninety-Ninth Omnibus Objection to Claims does not affect the Surviving Claims and does not constitute any admission or finding with respect to the Surviving Claims. Further, the Plan Administrator reserves all its rights to object on any other basis to any Duplicative LPS Claim as to which the Court does not grant the relief requested herein.

**Jurisdiction**

4.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.  Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.  On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.  On January 14, 2010, the Court entered the Procedures Order, which authorizes, among other things, the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

8.  On July 2, 2009, the Court entered its Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order"). The Bar Date Order set forth specific alternative claim filing procedures (the "Lehman Programs Securities Procedures") that apply to the "filing of any and all claims (including claims under a related Guarantee) against the Debtors arising from securities issued by the Debtors or any of the Debtors' affiliates located outside of the United States, solely to the extent identified on http://www.lehman-docket.com under the heading 'Lehman Programs Securities' (any such security, a 'Lehman Program Security') . . . ." (Bar

3

Date Order at 12). The Lehman Programs Securities Procedures resulted from extensive negotiations among the Chapter 11 Estates, the Creditors' Committee, the issuers of Lehman Programs Securities, Euroclear Bank ("Euroclear"), Clearstream Bank ("Clearstream"), and a large group of creditors.

9. The Bar Date Order set forth the Lehman Programs Securities Procedures that specifically required, among other things, that claims for Lehman Programs Securities "include either a Euroclear electronic instruction reference number or a Clearstream blocking reference number" (a "Blocking Number"). (*Id.* at 13.) Each Blocking Number issued by the applicable clearing agency relates to a specific holder of a specific Lehman Programs Security in a specific amount. The issuance of a Blocking Number prevented the holder of a Lehman Programs Security from trading that security through November 2, 2009 (the "Lehman Programs Securities Bar Date") and the Blocking Number is utilized by the Plan Administrator to reconcile such claims.

10. The Lehman Programs Securities did not have an indenture trustee that would file a global claim on behalf of all holders of a particular security; therefore, there was uncertainty among some security holders as to the appropriate and authorized party to file such claims. To address such uncertainty, the Lehman Programs Securities Procedures provided flexibility regarding the identity of the party authorized to file such claims ("claims based on any Lehman Programs Securities shall not be disallowed on the ground that such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b).") (Bar Date Order at 14.) Claims based on Lehman Programs Securities were filed by beneficial holders of such security and/or banks, brokers, custodians or other parties on behalf of the beneficial holders.

4

11. On December 6, 2011, the Court approved and entered an order confirming the Plan. The Plan became effective on March 6, 2012.

12. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

### The Duplicative LPS Claims Should Be Disallowed and Expunged

13. The Plan Administrator has reviewed claims based on Lehman Programs Securities. Using the Blocking Numbers, the International Security Identification Numbers ("ISIN"), notional amounts, and other information provided on the claims, the Plan Administrator has determined that in certain cases, duplicative claims were filed in respect of a particular security. In such cases, the beneficial holder of the security filed a claim based on its holdings, and another party (including, without limitation, a beneficial holder's bank, broker or other agent) also filed a claim on behalf of such holder based on the same security.

14. Each Duplicative LPS Claim seeks to recover, in whole or in part, for the same alleged obligation and on behalf of the same individual as the Surviving Claim. To avoid paying out distributions twice on the same obligation, this objection seeks to expunge the Duplicative LPS Claims.

15. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

16. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and

property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative claims filed against the same debtor. *See, e.g.*, *In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

17. Further, the Chapter 11 Estates cannot be required to pay on the same claim more than once. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Elimination of redundant claims will also enable the Plan Administrator to maintain a claims register that more accurately reflects the proper claims existing against each Chapter 11 Estate.

18. The Duplicative LPS Claims should be disallowed as substantively duplicative, in whole or in part, of the Surviving Claims. For the sake of administrative efficiency and in the interest of reducing expenses relating to the administration of these claims, the Plan Administrator is generally seeking to expunge claims filed by the beneficial holders of Lehman Programs Securities and deem the claims of the banks, brokers, custodians or other parties filed on behalf of the beneficial holders as the Surviving Claims. Any distribution that is made on the Surviving Claims will be made to the bank, broker, custodian or other party, and such party will then be responsible for remitting such distributions to the applicable beneficial holders of the Lehman Programs Securities. Such procedures will enable the Plan Administrator to communicate with fewer parties regarding a determination of the allowed amount of such

6

claims and to make distributions to fewer parties on account of such claims. Notwithstanding anything in this paragraph, if the claim filed by a beneficial holder includes a valid Blocking Number, but a claim filed by another party on account of the same security on behalf of such beneficial holder does not include a valid Blocking Number, the Plan Administrator is seeking to disallow and expunge the claim of such other party as duplicative and deem the claim of the beneficial holder as the Surviving Claim.

19.     The effective date for the Plan has occurred and the initial distributions commenced on April 17, 2012. It would be inequitable and inappropriate for the Plan Administrator to be required to make distributions on account of Duplicative LPS Claims. Accordingly, to avoid the possibility of a creditor receiving duplicative or multiple recoveries on its claim, the Plan Administrator requests that the Court disallow and expunge the Duplicative LPS Claims listed on Exhibit A to the extent set forth therein. The Surviving Claims will remain on the claims register subject to the Plan Administrator's right to file further objections on any basis, unless the applicable Surviving Claim has previously been allowed by order of this Court.

**Notice**

20.     No trustee has been appointed in these chapter 11 cases. Notice of this Three Hundred Ninety-Ninth Omnibus Objection to Claims has been provided to (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A under the heading "*Claims to be Disallowed and Expunged*;" and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

7

21. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: February 15, 2013
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

8

# EXHIBIT A

US_ACTIVE:\44196372\2\58399.0011

## IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 399: EXHIBIT A – DUPLICATIVE LPS CLAIMS

| | **CLAIMS TO BE DISALLOWED** | | | | | **SURVIVING CLAIMS** | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 1 | MARCHAND LOPEZ, HUMBERTO G. | 02/13/2009 | 08-13555 (JMP) | 2794 | $203,600.00 | EFG BANK AG BAHNHOFSTRASSE 16 | 10/29/2009 | 08-13555 (JMP) | 55837 | $51,714,491.14 |
| 2 | MARCHAND LOPEZ, HUMBERTO G. | 02/13/2009 | 08-13555 (JMP) | 2795 | $205,900.00 | EFG BANK AG BAHNHOFSTRASSE 16 | 10/29/2009 | 08-13555 (JMP) | 55837 | $51,714,491.14 |
| 3 | REASEGUROS CREDITO Y CAUCION, S.A.U. | 04/28/2009 | 08-13555 (JMP) | 4002[1] | Undetermined | UBS AG | 10/28/2009 | 08-13555 (JMP) | 50309 | $11,925,317.21* |
| | | | | **TOTAL** | **$409,500.00** | | | | | |

---

[1] Claim 4002 is being expunged with respect to its asserted claim, in an undetermined amount, for the securities with International Securities Identification Numbers XS0216921741, XS0218304458, XS0232364868 and XS0213416141. The remaining portion of Claim 4002 was previously expunged on the *Order Granting Debtors' One Hundred Sixty-Fourth Omnibus Objection to Claims (Duplicative Claims)* [ECF No. 19526].

**\* - Indicates claim contains unliquidated and/or undetermined amounts**

Page 1 of 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                                            :    Chapter 11 Case No.
                                                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                                     :
                             Debtors.                                   :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED NINETY-NINTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE LPS CLAIMS)

Upon the three hundred ninety-ninth omnibus objection to claims, dated February 15, 2013 (the "Three Hundred Ninety-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), seeking, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), to disallow and expunge the Duplicative LPS Claims on the grounds that such claims are duplicative of the corresponding Surviving Claims, either exactly or in substance, all as more fully described in the Three Hundred Ninety-Ninth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Ninety-Ninth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Ninety-Ninth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Ninety-Ninth Omnibus Objection to Claims.

creditors, and all parties in interest and that the legal and factual bases set forth in the Three Hundred Ninety-Ninth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Three Hundred Ninety-Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicative LPS Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading "*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register subject to the Plan Administrator's right to object as set forth herein; and it is further

ORDERED that all information included on and all documentation filed in support of any Duplicative LPS Claim shall be treated as having been filed in support of the corresponding Surviving Claim; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the Duplicative LPS Claims constitutes any admission or finding with respect to any of the Surviving Claims, and the Plan Administrator's rights to object to the Surviving Claims on any basis are preserved, unless the applicable Surviving Claim has previously been allowed by order of this Court; and it is further

ORDERED that if the Court subsequently orders that a Surviving Claim is not appropriately duplicative of the corresponding Duplicative LPS Claim, then the claims agent shall be authorized and directed to immediately reinstate such Duplicative LPS Claim in these

2

chapter 11 cases (the "Reinstated Claim"), and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three Hundred Ninety-Ninth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) the Surviving Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
       New York, New York

                                                                                                                      UNITED STATES BANKRUPTCY JUDGE

3