Michael D. Warner, Esq.
**COLE, SCHOTZ, MEISEL, FORMAN
& LEONARD, P.A.**
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Telephone: (817) 810-5250
Facsimile: (817) 810-5255

ATTORNEY FOR LONGHORN CREDIT FUNDING, LLC

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------X
In re                                                      :
                                                           :   Chapter 11
                                                           :
Lehman Brothers Holdings Inc., *et al.*,                   :   Case No. 08-13555 (JMP)
                                                           :
                                                           :   (Jointly Administered)
                                                Debtors.   :
------------------------------------------------------X

**RESPONSE OF LONGHORN CREDIT FUNDING, LLC TO THE THREE HUNDRED
EIGHTY-NINTH OMNIBUS OBJECTION TO CLAIMS**

Longhorn Credit Funding, LLC ("**Longhorn**") hereby files this Response to the Plan Administrator's Three Hundred Eighty-Ninth Omnibus Objection to Claims (the "**389th Objection**")[1] and would respectfully represent as follows.

**I.
BACKGROUND**

1. Prior to the Commencement Date, Longhorn and one of the Debtors, Lehman Commercial Paper Inc. ("**LCPI**") were parties, as both sellers and purchasers, to the trading of certain distressed securities. The trades were reflected in written trade confirmations (the "**LSTA Trade Confirmations**") each of which is subject to the standard terms and conditions ("**LSTA T&C**") published by the Loan Syndications and Trading Association, Inc. ("**LSTA**").

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning given to them in the Objection.

76332/0035-9265972v2

As of the Commencement Date, LCPI had entered into, but not yet consummated and settled, certain open LSTA Trade Confirmations with Longhorn.

2.  On November 14, 2008, the Debtors filed their *Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations* [docket no. 1541] (the "**Motion**") .

3.  The Motion sought, *inter alia*, to reject two open LSTA Trade Confirmations between LCPI, as the purchaser, and Longhorn, as the seller (collectively, the "**Longhorn Trades**").  In the form of Order submitted with the Motion (the "**Initial Proposed Order**") the Debtors asked this Court to approve the rejection of the Longhorn Trades nunc pro tunc to the date of the Motion (Nov. 14, 2008).  Initial Proposed Order, page. 3.

4.  Immediately following the filing of the Motion, numerous parties objected to the retroactive rejection stating that the effective date of the rejection is the date of the Bankruptcy Court's order approving rejection.  In response to the numerous objections to the effective date of the rejection, the Debtors filed a Omnibus Reply [docket no. 2208] in which the Debtors acquiesced on this point and submitted a revised proposed order changing the effective date of rejection to the date of the bankruptcy court's order (the "**Concession**").  Omnibus Reply, para. 31.  A copy of the Omnibus Reply is attached hereto as **Exhibit A**.

5.  On December 16, 2008, the Court entered an order granting the Motion (the "**Rejection Order**") [docket no. 2258] holding that the Longhorn Trades were rejected effective as of the date of the entry of the Rejection Order, to wit: December 16, 2008 (the "**Rejection Date**").  Rejection Order, page 3, and Exhibit B thereto, page 3.

6.  On May 15, 2009, Longhorn timely filed its proof of claim, which was assigned claim number 4378 ("**Claim 4378**"), asserting a general unsecured claim in the amount of

$2,985,000, representing the net amount, after mitigation, of the damages to Longhorn as a result of LCPI's rejection of the Longhorn Trades. A copy of Claim 4378 is attached hereto as **Exhibit B**.

## II.
## THE 389TH OBJECTION

7.  Notwithstanding the fact that they already acknowledged in the Concession that the effective date of rejection was December 16, 2008, on January 18, 2013, the Plan Administrator filed the 389th Objection seeking to reduce Claim 4378 from $2,985,000 to $926,250. Amazingly, the Plan Administrator contends that the amount of Longhorn's rejection damages claim should be "the difference between the trade prices set forth in the Confirmations and the trade prices that Longhorn would have received upon selling the debt in the market *immediately before the date of the filing of LCPI's chapter 11 case*." Motion, Exhibit A (emphasis added).

8.  As addressed above, and in more detail below, Longhorn's rejection damages claim asserted in Claim 4378 is correctly calculated because the Longhorn Trades fully comply with the Rejection Order, including having reduced the amount of gross damages after mitigation, as required by the common law of the state of New York.

## III.
## THE LONGHORN TRADES

9.  The Longhorn Trades rejected by the Debtors consisted of two separate LSTA Trade Confirmations as follows:

   (1) That certain LSTA Trade Confirmation with the Trade Date of August 27, 2008, whereby LCPI agreed to purchase from Longhorn a $2,000,000 interest in a certain term loan the borrower of which was Tropicana

Entertainment, LLC and certain of its affiliates and related entities (the "**Tropicana Term Loan**") at the purchase rate of 82.25%, or $1,645,000 (the "**Longhorn Trade 1**")[2]; and,

(2) That certain LSTA Trade Confirmation with the Trade Date of August 28, 2008, whereby LCPI agreed to purchase from Longhorn a $3,500,000 interest in the Tropicana Term Loan at the purchase rate of 82.00%, or $2,870,000 (the "**Longhorn Trade 2**")[3].

10. Had the Longhorn Trades been settled, Longhorn would have been entitled to an aggregate payment from LCPI of $4,515,000 ($1,645,000 + $2,870,000) (the "**Longhorn Gross Damages Claim**").

## IV.
## LONGHORN'S REJECTION DAMAGES

11. The Debtors' actions and the Rejection Order command that the earliest possible date to calculate damages is the Rejection Date (December 16, 2008). The Plan Administrator's position that the appropriate date is the day "immediately before the date of the filing of LCPI's chapter 11 case"[4] is in direct contravention of this Court's Rejection Order, and flies in the face of the Concession.

12. As a result, the first question becomes what was the value of the Longhorn Trades had they been liquidated on the Rejection Date. On December 16, 2008, the public market price for interests in the Tropicana Term Loan was $0.26625 as shown by the marks history from Wall

---

[2] A copy of the Longhorn Trade 1 is attached as Exhibit A to Claim 4378, which is attached hereto as Exhibit B.

[3] A copy of the Longhorn Trade 2 is attached as Exhibit A to Claim 4378, which is attached hereto as Exhibit B.

[4] See Motion, Exhibit A.

4

Street Office, attached hereto as **Exhibit C**. Thus, if Longhorn were deemed to have liquidated the Longhorn Trades on December 16, 2008, it would have realized proceeds of $1,464,375 calculated as follows:

| | |
|---|---|
| Longhorn Trade Confirmation 1: | $2,000,000 x 0.26625 |
| plus | |
| Longhorn Trade Confirmation 2: | $3,500,000 x 0.26625 |
| Proceeds that would have been realized had mitigation occurred on Rejection Date | $1,464,375 |

13.     Subtracting the $1,464,375 in proceeds that could have been realized on the Rejection Date from the Longhorn Gross Damages Claim of $4,515,000 results in a net rejection damages claim of $3,050,625 ($4,515,000 – $1,464,375).  However, due to their own diligence, Longhorn was able to mitigate its rejection damages by liquidating their interests by entering into other LSTA Trade Confirmations with third parties after the Rejection Date.

14.      First, Longhorn entered into a LSTA Trade Confirmation in February of 2009 to liquidate $4,000,000 of the Tropicana Term Loan at $0.285 for a total of $1,140,000 (the "**February Mitigation Trade Confirmation**").  Then in April, 2009, Longhorn liquidated the remaining $1,500,000 at $0.26 for a total of $390,000 (the "**April Mitigation Trade Confirmation**").  Longhorn's mitigation efforts resulted in an aggregate amount of $1,530,000 ($1,140,000 + $390,000) (the "**Mitigated Amount**").  A copy each of the February Mitigation Trade Confirmation and the April Mitigation Trade Confirmation is attached to Claim 4378 as Exhibit B.

15.     Longhorn's duty to mitigate arose only after the Longhorn Trades were rejected on the Rejection Date of December 16, 2008.  Longhorn fulfilled its duty to mitigate by entering into the February Mitigation Trade Confirmation and the April Mitigation Trade Confirmation.

76332/0035-9265972v2

16. As a result of Longhorn's mitigation efforts, Longhorn filed a rejection claim of $2,985,000 (Longhorn Gross Damages Claim of $4,515,000 – Mitigated Amount of $1,530,000), which is lower than the $3,050,625 Longhorn would have been entitled to had it liquidated the Longhorn Trades on the Rejection Date.

17. Based on the foregoing, Longhorn submits that the amount of $2,985,000 asserted in Claim 4378 is correctly and reasonably calculated and should be allowed in the full amount asserted.

18. Longhorn hereby expressly reserves all rights to amend, modify and/or supplement this Response in any respect and for any reason.

WHEREFORE, based on the foregoing, Longhorn's rejection damage claim asserted in Claim 4378 of $2,985,000 is calculated correctly and appropriately and reasonably reduced by mitigation. Accordingly, Longhorn requests that the Court deny the Plan Administrator's objection to Claim 4378 and enter an order allowing Claim 4378 in the full amount asserted.

Dated: February 19, 2013

**COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.**

*/s/ Michael D. Warner*
Michael D. Warner, Esq. (pro hac pending)
301 Commerce Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817.810.5265
Facsimile: 817.832.5566
Email: mwarner@coleschotz.com

COUNSEL FOR LONGHORN CREDIT FUNDING, LLC