Presentment Date and Time: March 5, 2013 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: March 4, 2013 at 12:00 noon. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): March 13, 2013 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

### NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND AOZORA BANK, LTD. REGARDING SETTLEMENT AND ALLOWANCE OF CLAIM

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement and Order between Lehman Brothers Holdings Inc., on behalf of itself and as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, and Aozora Bank, Ltd. regarding settlement and allowance of claim (the "Stipulation, Agreement and Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **March 5, 2013 at 12:00 noon (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Stipulation, Agreement and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **March 4, 2013 at 12:00 noon (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation, Agreement and Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation, Agreement and Order on **March 13, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the

Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: February 19, 2013
      New York, New York

    /s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**STIPULATION, AGREEMENT AND ORDER
BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND AOZORA
BANK, LTD. REGARDING SETTLEMENT AND ALLOWANCE OF CLAIM**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), on behalf of itself and as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), and Aozora Bank, Ltd. ("Aozora," and, together with LBHI, the "Parties"), by and through their respective attorneys, hereby stipulate and agree as follows:

**RECITALS:**

A.   Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case No. 08-13555 (JMP).

B.    On December 6, 2011, the Court approved and entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012.

C.    On February 26, 2008, Lehman Brothers Holdings Japan Inc. ("LBHJ"), a non-debtor affiliate of LBHI, and Aozora entered into a lending arrangement pursuant to a term loan agreement (as may have been amended, restated, or otherwise modified from time to time, the "Term Loan Agreement") pursuant to which Aozora provided LBHJ with certain term loans in the aggregate principal amount of ¥50 billion, or approximately $469.4 million.

D.    LBHI guaranteed LBHJ's obligations to Aozora under the Term Loan Agreement pursuant to a Guarantee of Lehman Brothers Holdings Inc., dated February 26, 2008 (the "Guarantee").

E.    On September 12, 2008, LBHI executed a pledge agreement (the "Pledge Agreement") in favor of Aozora, pursuant to which LBHI purported to grant Aozora a security interest in certain securities with an outstanding principal amount of $180.4 million, namely, certain mezzanine notes issued by Verano CCS, Ltd. and Verano CCS Corp. (the "Verano Notes"), and, *inter alia*, all proceeds of the Verano Notes (together with the Verano Notes, the "Collateral"). The Pledge Agreement purportedly secured LBHI's obligations under the Guarantee.

F.    On September 12, 2008, Aozora filed a Uniform Commercial Code financing statement with the Secretary of State of the State of Delaware under filing number 2008 3100631 (the "Financing Statement") allegedly perfecting Aozora's security interest in certain securities, including not only the Verano Notes, but also three "Civil Facility Revenue Bonds" of the "New York City Industrila Develpoment Agyncy" [sic] (collectively, the "NYC

2

Revenue Bonds"). The NYC Revenue Bonds are not mentioned in the Pledge Agreement or any amendment thereto.

G.  LBHI never transferred physical possession of the Collateral or the NYC Revenue Bonds to Aozora.

H.  On July 2, 2009, this Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [ECF No. 4271]. The Bar Date Order established (i) September 22, 2009 as the general deadline for filing proofs of claim and (ii) October 22, 2009 as the deadline for completing electronic questionnaires and uploading supporting documentation and evidence of underlying claim amounts in connection with claims filed against LBHI based on guarantees (each, a "Guarantee Questionnaire").

I.  Aozora timely filed a proof of claim (Claim No. 13903) (the "Proof of Claim") in the aggregate liquidated amount of $480,748,699.19 in respect of the net amount purportedly owing to Aozora under the Guarantee, plus fees, expenses, and interest. Aozora also timely completed a Guarantee Questionnaire. In the Proof of Claim, Aozora alleged a secured claim against LBHI to the extent of the value of certain collateral allegedly securing the claim and an unsecured claim to the extent of the remaining amount of the claim.

J.  Pursuant to the *Order Modifying Certain Existing Claims Orders*, dated July 18, 2012 [ECF No. 29505], LBHI, as Plan Administrator, is required to seek Court approval of, *inter alia*, a settlement allowing a claim where the allowed amount of such settled claim is greater than $200 million, which approval may be sought on 10 business days' notice.

K.  On September 15, 2010, LBHI and its affiliated debtors in these chapter 11 cases and Aozora entered into a Tolling and Forbearance Agreement (the "Tolling

3

Agreement") so that they could discuss and negotiate claims in connection with the Pledge Agreement.

L. After good-faith, arms'-length negotiations, the Parties, each having recognized the benefits of avoiding litigation with respect to the issues set forth herein, have agreed to resolve all of the disputes that are the subject of the Proof of Claim and the Tolling Agreement pursuant to the terms and conditions set forth in this stipulation, agreement and order (the "Stipulation, Agreement and Order").

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND AMONG THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date"). In the event that (i) this Stipulation, Agreement and Order is not approved by the Court or (ii) the Effective Date has not occurred on or before March 15, 2013, this Stipulation, Agreement and Order shall be null and void and have no force or effect, it shall not be admissible as evidence in any proceeding, and the Parties reserve all of their respective rights with respect to the Proof of Claim and the Tolling Agreement.

2. Upon the Effective Date, (i) Aozora will have an allowed non-priority, senior, non-subordinated general unsecured guarantee claim against LBHI in Class 5 under the Plan in the amount of $469,933,558 (the "Allowed Claim") in respect of the Proof of Claim, and (ii) Aozora authorizes LBHI to provide a copy of this Stipulation, Agreement and Order to Epiq Bankruptcy Solutions, LLC, the Court-appointed claims agent, with instructions to update the claims registry accordingly.

4

3. Provided that the Effective Date occurs on or before March 15, 2013, LBHI covenants and agrees that Aozora shall receive any and all distributions to which it may be entitled in respect of the Allowed Claim, which such distributions shall commence with the distributions scheduled to be made by LBHI on or around March 30, 2013.

4. Upon the Effective Date, Aozora shall release any and all security interests on the Collateral and waive any and all claims thereto.

5. Upon the Effective Date, Aozora shall release any and all security interests on the NYC Revenue Bonds and waive any and all claims thereto.

6. Within three (3) business days of the Effective Date, Aozora shall terminate the Financing Statement and contemporaneously provide notice to LBHI of such termination.

7. Upon the Effective Date, except as to (i) Aozora's right to receive distributions on account of the Allowed Claim and (ii) the obligations set forth herein, each Party on behalf of itself, its estate (where applicable), its successors and assigns, and any other party, person, or entity claiming under or through it, hereby generally releases, discharges, waives and acquits, unconditionally and irrevocably, each other Party and its respective current and former agents, servants, officers, directors, employees, divisions, branches, units, parents, attorneys, financial advisors, accountants, successors, predecessors, heirs, personal representatives, and assigns (each in their capacities as such) from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses, counterclaims, defenses, rights of setoff, deductions, liens, losses, and claims of every kind, nature, and character whatsoever, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulation, tort (excluding fraud, bad faith or willful misconduct) or

otherwise, accrued or unaccrued, known or unknown, matured or unmatured, liquidated or unliquidated, certain or contingent, that such Party ever had or claimed to have or now has or claims to have presently or at any future date, against each other Party arising under, related to, or in connection with (i) the claims asserted in the Proof of Claim and (ii) the obligations set forth in the Guarantee and/or the Pledge Agreement.

8. Upon the Effective Date, the Tolling Agreement shall be deemed terminated.

9. Upon the Effective Date, (i) LBHI shall be deemed to waive any claims against Aozora under section 502(d) of the Bankruptcy Code in respect of the Proof of Claim, and (ii) Aozora shall be deemed to waive any claims against LBHI under section 502(h) of the Bankruptcy Code.

10. No distribution made by LBHI in respect of the Allowed Claim shall be subject to any setoff, deduction, claim, counterclaim, or defense of any kind or nature.

11. This Stipulation, Agreement and Order contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

12. This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

13. This Stipulation, Agreement and Order shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and assigns. Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation, Agreement and Order.

6

14. Each person who executes this Stipulation, Agreement and Order represents that he or she is duly authorized to do so on behalf of the respective Party or Parties hereto and that each such party has full knowledge and has consented to this Stipulation, Agreement and Order.

15. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties hereto to be charged.

16. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in the releases in paragraph 7 hereof. Section 1542 of the California Civil Code reads as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

17. This Stipulation, Agreement and Order shall be governed by and interpreted in accordance with the laws of the state of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflict of laws that would require the application of laws of another jurisdiction.

18. This Court shall retain jurisdiction to resolve any disputes or controversies

arising from this Stipulation, Agreement and Order.

Dated: February 19, 2013
      Atlanta, Georgia

/s/ William Sugden
William Sugden
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4200
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

Attorneys for Aozora Bank, Ltd.

Dated: February 19, 2013
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

SO ORDERED, this
___ day of March, 2013 in New York

_____
United States Bankruptcy Judge