UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| Lehman Brothers Holdings Inc., et al. | ) Case No. 08-13555 (JMP) |
| Debtors. | ) Jointly Administered |
|  | ) Proof of Claim No.: **28105** |
|  | Amount of Claim Transferred: **$807,000.00** |

<u>NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY
PURSUANT TO FRBP RULE 3001(e)(2)</u>

TO:    TRANSFEROR:    PRIME CAPITAL MASTER SPC, GOT WAT MAC
SEGREGATED PORTFOLIO
c/o Waterstone Capital Management, LP
2 Carlson Parkway, Suite 260
Plymouth, MN 55447
Attention:  Vincent Conley
E-mail:    952-697-4127

PLEASE TAKE NOTICE of the transfer of all right, title and interest in Claim No. **28105** against Lehman Brothers Holdings Inc. in the amount of **$807,000.00** as evidenced by the attached Evidence of Transfer of Claim to:

TRANSFEREE:    **WATERSTONE OFFSHORE AD FUND, LTD.**
c/o Waterstone Capital Management, LP
2 Carlson Parkway, Suite 260
Plymouth, MN 55447
Attention:  Vincent Conley
E-mail:    952-697-4127

No action is required if you do not object to the transfer of the claim as described above. **IF YOU OBJECT TO THE TRANSFER OF THE TRANSFERRED CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

- FILE A WRITTEN OBJECTION TO THE TRANSFER WITH THE COURT
- SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE
- IF YOU FILE AN OBJECTION, A HEARING WILL BE SCHEDULED
- IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING

_____
Clerk of the Court

B 210A (Form 210A) (12/09)

# United States Bankruptcy Court
## Southern District of New York

In re Lehman Brothers Holdings Inc., et al., Debtors.   Case No. 08-13555 (JMP)
(Jointly Administered)

To the Debtors and the Bankruptcy Court:

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee and Transferor hereby give evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice. Transferor waives its right to raise any objection to the transfer of the claim to Transferee, and Transferor waives its right to receive notice pursuant to Rule 3001 (e), Fed. R. Bankr. P. of the transfer of the claim. Transferor consents to the substitution of Transferor by Transferee for all purposes in the above referenced bankruptcy cases with respect to the claim, including without limitation, for voting and distribution purposes. Transferor stipulates that an order of the Bankruptcy Court may be entered without further notice to Transferor transferring the claim to Transferee and recognizing Transferee as the sole owner and holder of the claim. Transferor hereby directs that all payments, distributions, notices and communications in respect of or with respect to the claim be made to Transferee.

| Waterstone Offshore AD Fund, Ltd. | Prime Capital Master SPC, GOT WAT MAC Segregated Portfolio |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Waterstone Capital Management, L.P.
2 Carlson Parkway, Suite 260
Plymouth, MN 55447
Attn: Vincent Conley

Court Claim # (if known): 28105
Amount of Claim as Allowed: $826,484,029.00
Amount of Claim Transferred: $807,000.00
Date Claim Filed: September 22, 2009
Debtor: Lehman Brothers Holdings, Inc.
Phone: _____
Last Four Digits of Acct. #: _____

Last Four Digits of Acct #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief. Waterstone Capital Management, L.P.

By: _____   Date: May 31, 2012
Jeffrey C. Erb
Transferee/Transferee's Agent
General Counsel

Waterstone Capital Management, L.P.

By: _____   Date: May 31, 2012
Transferor/Transferor's Agent
Jeffrey C. Erb
General Counsel

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

23