Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,

Case No. 08-13555 (JMP)
(**Jointly Administered**)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee

Deutsche Bank AG, London Branch

Name of Transferor

Deutsche Postbank AG

Name and Address where notices to transferee should be sent:

Deutsche Bank AG, London Branch
Winchester House, 1 Great Winchester Street
London EC2N 2DB
Tel: +44 20 7547 2400
Fax: +44 113 336 2010
Attention: Michael Sutton
E-mail: Michael.sutton@db.com

Court Claim # (if known): 49614

Amount of Claim (transferred): USD 22,000,000.00 of ISIN XS0327717939 (plus all interest, costs and fees relating to this claim)

Date Claim Filed: October 27 2009

Tel: N/A

Last Four Digits of Acct. #: N/A

Last Four Digits of Acct. #: N/A

Name and Address where transferee payments should be sent (if different from above):

Tel: +44 20 7547 2400
Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: Jamie Foote, Vice President    Simon Glennie, Vice President
Transferee/Transferee's Agent

Date: 20 FEBRUARY 2013

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

***FULL Transfer of LBHI Claim # 49614***
***PROGRAM SECURITY***

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Deutsche Postbank AG** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Deutsche Bank AG, London Branch** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 hereto, in Seller's right, title and interest in and to Proof of Claim Number 49614 filed by or on behalf of Seller (a copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; and (f) neither Seller nor any of its predecessors-in-title has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.

Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 20 day of FEBRUARY 2013.

**DEUTSCHE POSTBANK AG**

By: [signature]
Name:
Title:
**Meinert Rießen**

Kennedyallee 62-70
Bonn D-53175
Germany
Attn: Transaction Mgmt Capital Markets

i.V. [signature]
Hans-René Boden

**Postbank**
Zentrale
Friedrich-Ebert-Allee 114-126
53113 Bonn

**DEUTSCHE BANK AG, LONDON BRANCH**

By: [signature]
Name: Jamie Foote
Title: Vice President

[signature]
Simon Glennie
Vice President

Winchester House
1, Great Winchester Street
London EC2N 2DB
ENGLAND
Attn: Michael Sutton

Schedule 1

Transferred Claims

Purchased Portion

100% of the claim that is referenced in the Proof of Claim (attached at Schedule 2) and relating to the Purchased Security described below (plus all interest, costs and fees relating to this claim).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking No. | Issuer | Guarantor | Maturity | Principal/Notional Amount |
|---|---|---|---|---|---|---|
| MTN8691 | XS0327717939 | 9424657 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 6/18/2016 | USD 22,000,000.00 |

Pg 5 of 19

Schedule 2

<u>Copy of Proof of Claim 49614</u>

Schedule 1–1

DB Ref: 12044(4)

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

# LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP) 0000049614

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

DEUTSCHE POSTBANK AG
ATTN: TRANSACTION MGMT CAPITAL MARKETS
KENNEDYALLEE 62-70
BONN D – 53175
GERMANY

Telephone number: Attachment A Email Address: Attachment A

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**______
(*If known*)

Filed on: ______

Name and address where payment should be sent (if different from above)

Telephone number: Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $** 22,119,777.78 **(Required)**

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** XS0327717939 **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

Euroclear Bank Electronic Reference Number: 9424657 **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
Depository Participant Account Number: 27566 (Depository Euroclear via JP Morgan) **(Required)**

**5. Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY
FILED / RECEIVED
OCT 27 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| **Date.** | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| Oct. 15, 2009 | Peter Jansen Hans-René Boden |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

Postbank Zentrale Friedrich-Ebert-Allee 114-126

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

ATTACHMENT A TO PROOF OF CLAIM FORM
OF DEUTSCHE POSTBANK AG

This proof of claim is submitted by Deutsche Postbank AG ("Postbank"), a stock corporation incorporated under German law, which maintains offices at Kennedyallee 62-70, Bonn D-53175, Germany (the "Claim"). This attachment is incorporated into the proof of claim form to which it is attached.

As more specifically described below, Postbank hereby asserts a claim against Lehman Brothers Holdings Inc. ("LBHI") pursuant to the terms and conditions of certain guarantees of Lehman Program Securities, as that term is defined in the Bar Date Order discussed below.

I. Background

On September 15, 2008 (the "Petition Date"), LBHI filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). On July 2, 2009 the Bankruptcy Court entered an Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order") [D.I. 4271 in Case No. 08-13555 (JMP)].

Pursuant to the Bar Date Order, the Bankruptcy Court set September 22, 2009 at 5:00 p.m. as the bar date (the "Bar Date") for each person or entity to file proofs of claim based on pre-petition claims against LBHI, with certain specific exceptions as provided for in the Bar Date Order. One of those exceptions relates to certain specifically identified securities, referred to collectively as "Lehman Programs Securities," a list of which is available on http://www.lehman-docket.com. The Bar Date Order provides that on or before November 2,

2009 at 5:00 p.m. (the "Securities Programs Bar Date") holders of claims based on amounts owed pursuant to any Lehman Program Security (as defined in the Bar Date Order and including claims based on related guarantees) must complete the Securities Program Proof of Claim Form (as defined in the Bar Date Order). As explained in the Notice of Deadlines for Filing Proofs of Claim Based on Lehman Programs Securities, dated July 27, 2009, each Securities Program Proof of Claim must include either a Euroclear Electronic Instruction Reference Number, a Clearsteam Blocking Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") with respect to each Lehman Programs Securities for which such Securities Program Proof of Claim is filed. The Bar Date Order explicitly does not require entities that file Securities Program Proofs of Claim to submit any documentation supporting such claims, but the Debtors reserve the right to seek production of all documentation required by Bankruptcy Rule 3001(c) as part of the claims reconciliation process.[1]

II. The Claim

Postbank is the record holder and beneficial owner of Lehman Program Securities, which are issued by LBHI or issued by a Lehman affiliate and guaranteed by LBHI, as applicable.[2] As of the Petition Date and with respect to each Lehman Program Security identified in the proof of claim form to which this attachment is attached, LBHI was and still is indebted to Postbank for the payment of all principal, nominal, notional or other amounts (howsoever described in the documentation governing such Lehman Program Security), plus all other amounts relating to such Lehman Program Security that accrued as of or after the Petition

[1] Postbank is not submitting supporting documentation as it is voluminous and not required by the terms of the Bar Date Order but reserves the right to later do so.

[2] The guarantees are evidenced either pursuant to: (a) separate guarantees by LBHI of specific issuances set forth in the relevant offering documents for the particular issuance, (b) separate standalone guarantee agreements, or (c) global guarantees through which LBHI generally guaranteed the obligations of certain entities. Postbank will provide guarantee documentation specific to a particular claim upon request.

Date, including, without limitation, interest, premium, costs and any other amounts payable in respect of such Lehman Program Security (howsoever described in the documentation governing such Lehman Program Security) included on the proof of claim form to which this attachment is attached (all such amounts, in the aggregate, the "Indebtedness").

As a holder of the Lehman Program Securities, Postbank is owed all Indebtedness arising under such Lehman Program Securities and hereby asserts an unsecured claim against LBHI for all such Indebtedness (subject to any right of Postbank to set-off that might arise from claims that LBHI may assert or has asserted against Postbank or otherwise).

III. Miscellaneous

Postbank reserves the right to withdraw, amend, clarify, modify or supplement this Claim to assert additional claims (including, without limitation, additional administrative expense claims (including, without limitation, claims arising from misdirected wires to, or postpetition contracts, activity, torts, etc. of LBHI), for which a bar date has not yet been set, secured claims, and/or general unsecured claims) and/or additional grounds for its claims against LBHI. Postbank also reserves all rights accruing to it or its affiliates against LBHI or its estate, and the submission of this Claim is not intended to be and shall not be construed as (a) an election of remedy or (b) a waiver or limitation of any rights of Postbank or its affiliates. In addition, Postbank reserves the right to supplement this Claim with relevant documents to the extent necessary. Furthermore, Postbank reserves the right to withdraw this Claim for any reason whatsoever. In addition, Postbank reserves all rights and remedies against affiliates of LBHI or any other third parties.

This Claim shall not be deemed to be a waiver of Postbank's right (i) to have final orders in noncore matters entered only after *de novo* review by a District Court Judge, (ii) to trial

by jury in any proceeding so triable in these cases or any case, controversy, or proceeding related to these cases (to the extent such right has not otherwise been waived), (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, defenses, setoffs, or recoupments to which Postbank is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses, setoffs, and recoupments Postbank expressly reserves. To the extent that LBHI has made or makes any claims against Postbank, Postbank reserves its set-off rights, such that all or part of the Claim may be secured to the extent of such set-off rights. This claim solely relates to the Lehman Program Securities having the ISINs expressly listed on the proof of claim form to which this attachment is attached. This claim is in addition to and does not supersede the proofs of claim (and related Derivative Questionnaires and Guarantee Questionnaires) filed by Postbank, or any other claim that has been or may be filed by Postbank unless expressly stated otherwise.

Any notices sent in connection with the Claim should be addressed to Postbank at the address below:

Deutsche Postbank AG
Kennedyallee 62-70
53175 Bonn
Germany
Attn.: Hans-René Boden
Tel: +49 (228) 920-54208
E-mail: hans-rene.boden@postbank.de

and

Cleary Gottlieb Steen & Hamilton LLP
12, rue de Tilsitt
75008 Paris
France
Attn.: Andrew A. Bernstein, Esq.

and

Pg 11 of 19

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Attn.: Seth Grosshandler, Esq.

5

Attachment B

to the Proof of Claim of Deutsche Postbank AG filed with LBHI by November 02, 2009

**Obligor: Lehman Brothers Treasury B.V. (LBT B.V.)**

| ISIN | Issuer | Maturity Date | Currency | Nominal Value US$ | Interest % p.a. | Accrued Interest US$ 14.09.2008 (including) | Total Claim US$ (Nominal + Interest) | Euroclear Bank Electronic Reference Number | Depository Participant Account Number | Depository |
|---|---|---|---|---|---|---|---|---|---|---|
| XS0327717939 | Lehman Brothers Treasury B.V. | 20.12.2027 | US$ | 22.000.000,00 | 3,5 | 119.777,78 | 22.119.777,78 | 9424657 | 27566 | Euroclear (via JP Morgan) |

Deutsche Postbank AG reserves all rights and nothing herein shall be construed as an admission or waiver of any rights or claims that Deutsche Postbank AG may be entitled to assert, especially but not limited to claim default interest for the time period after September 15, 2008.



**List of Authorized Signatories / Holders of a General Power of Attorney (Prokuristen) and of a Commercial Power of Attorney (Handlungsbevollmächtigten)**

The attached list contains the specimen-signatures as well as the holders of general powers of attorney and holders of a commercial powers of attorney authorized to represent Deutsche Postbank AG.

In order to legally bind Deutsche Postbank AG two signatures of persons whose names are set out in this list are required, provided that a holder of a general power of attorney and a holder of a commercial power of attorney may only sign jointly with a member of the Board of Management, a holder of a general power of attorney or a holder of a commercial power of attorney. In accordance with this aforementioned provision powers of attorney may be granted to one or more persons acting severally or jointly as regards to certain subject matters in specific cases.

Any deviations from these provisions are only possible if a note to this effect is printed or displayed by EDP imprint on the respective Deutsche Postbank AG form.

This List of Authorized Signatories replaces any previously published lists of authorized signatories of Deutsche Postbank AG with effect for the future.

Bonn, as of August 2009

Stefan Jütte
Chairman of the board of Management

Ralf Stemmer
Member of the board of Management

# *Unterschriftenverzeichnis Vorstände*

Dr. Mario Daberkow

Vorstandsmitglied

Member of the board of Management

Postbank Zentrale

Marc Heß

Vorstandsmitglied

Member of the board of Management

Postbank Zentrale

Stefan Jütte

Vorstandsvorsitzender

Chairman of the board of Management

Postbank Zentrale

Horst Küpker

Vorstandsmitglied

Member of the board of Management

Postbank Zentrale

Dr. Michael Meyer

Vorstandsmitglied

Member of the board of Management

Postbank Zentrale

Hans-Peter Schmid

Vorstandsmitglied

Member of the board of Management

Postbank Zentrale

Ralf Stemmer

Vorstandsmitglied

Member of the board of Management

Postbank Zentrale

i.V. [signature]

Magdalena Blaschke

Handlungsvollmacht

i.V. [signature]

Herbert Blum

Handlungsvollmacht

i.V. [signature]

Hans-René Boden

Handlungsvollmacht

i.V. [signature]

Markus Bohn

Handlungsvollmacht

ppa. S. Bokel

Sandra Bokel

Geschäftsführerin

Prokura

i.V. Gérard

Hermann Gérard

Handlungsvollmacht

i.V.

Janna Gerdes

Handlungsvollmacht

i.V. M. Gierden-Emonds

Martina Gierden-Emonds

Handlungsvollmacht

i.V.

Jens Gierke

Handlungsvollmacht

ppa. Giese

Holger Giese

Direktor

Prokura

ppa. S. Jabs

Susanne Jabs

Geschäftsführerin

Prokura

i.V. Petra Jahn

Petra Jahn

Handlungsvollmacht

i.V. [illegible]

Willi Jakobs

Handlungsvollmacht

i.V. [illegible]

Ute Jannemann

Sachbearbeiterin

Handlungsvollmacht

ppa [illegible]

Peter Jansen

Abteilungsdirektor

Prokura

**H A N D D E L I V E R Y**

N Roman
RECEIVED BY:

10/27/09
DATE

3:40
TIME