B 210A (Form 210A) (12/09)

# United States Bankruptcy Court
# Southern District of New York

In re Lehman Brothers Holdings Inc., et al., Debtors.                    Case No. 08-013555 (JMP)
                                                                         (Jointly Administered)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Goldman, Sachs & Co. | Elliott Associates, L.P. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Contact: Michelle Latzoni
Email: gsd.link@gs.com

Court Claim # (if known): 67871
Amount of Claim Transferred: $61,122,700.00 in allowed amount (or 100% of the Proof of Claim)
Date Claim Filed: November 30, 2012
Debtor: Lehman Brothers Holdings Inc.

Phone: (212)934-3921
Last Four Digits of Acct #: _____

Phone: _____
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

769737v.1 153/05435                          1

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: 2/21/13
Name of Transferee/Transferee's Agent
Dennis Lafferty
Managing Director

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, Elliott Associates, L.P. ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Goldman, Sachs & Co. ("Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof,

(a) an undivided interest, to the extent relating to Seller's record and beneficial ownership interest in commercial paper issued by the Debtor (as defined below) as specified in Schedule 1 attached hereto, in Seller's right, title and interest in and to Proof of Claim Number 67871 (which partially amends Proof of Claim 29858) the "Proof of Claim") filed by or on behalf of Seller against Lehman Brothers Holdings, Inc. (the "Debtor") in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court") administered under Case No. 08-13555 (JMP) (the "Purchased Claim"),

(b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever that Seller may have, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, schedule, annex, attachment, document, agreement, supporting documentation and/or other material relating to the Purchased Claim and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim,

(c) any and all proceeds of any of the foregoing, excluding any principal, interest or other payments relating to the Purchased Security (as defined below) actually received by Seller prior to September 15, 2008 (collectively, as described in clauses (a), (b) and (c), the "Transferred Claims"), and

(d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.[1]

For the avoidance of doubt, the parties agree that (x) the Purchased Claim relates to the Purchased Security specified in Schedule 1 attached hereto, (y) this Agreement relates only to the Purchased Claim and the Purchased Security and not to any other proof of claim ("Other Claim") or other security ("Other Security") of the Seller or any other party, and (z) Seller does not waive, relinquish, assign or transfer to Purchaser any action, claim, right or lawsuit of any nature whatsoever in whole or in part arising out of or in connection with any Other Claim or Other Security.

2.   Seller hereby represents and warrants to Purchaser and to Purchaser's successors and assigns that: (a) the Proof of Claim was duly and timely filed in accordance with the Court's order setting the deadline for filing proofs of claim and the applicable procedures set forth in that certain Order pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (Dkt. No. 4271); (b) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (c) Seller is duly

---

[1] Seller and Purchaser hereby acknowledge that Seller has already delivered the Purchased Security to Purchaser prior to the date of this Agreement and Evidence of Transfer of Claim.

758847v.4 3091/00237

authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (d) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (e) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor; (f) no payment or other distribution has been received by or on behalf of Seller in full or partial satisfaction of the Transferred Claims except that Seller received an initial distribution in the amount of $3,681,922.64 on account of the Transferred Claims on or about April 17, 2012, and a second distribution in the amount of $2,331,581.62 on account of the Transferred Claims on or about October 1, 2012; (g) the distribution spreadsheet provided by Seller to Purchaser is a true and accurate presentation, in all material respects, of the distribution amounts that Seller received from the claims agent in respect of the Transferred Claims; and (h) the Purchased Claim is a general unsecured LBHI Class 3 Allowed Claim against the Debtor in an amount not less than $61,122,700, as such capitalized terms (not otherwise defined herein) are defined in the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc and its Affiliated Debtors, dated December 5, 2011.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the Proceedings, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.   All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses (collectively, "Losses"), which result from Seller's breach of its representations and warranties made herein. To the extent that Purchaser enforces any claim for indemnification or other right, claim or remedy against Seller under this Agreement and receives payment or another remedy from Seller in respect of such right, claim or remedy, Purchaser and Seller agree that, to the extent permitted by law, the Court, the Transferred Claim and any prior transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, without the need for further action on the part of either Purchaser or Seller, Seller shall be subrogated to all of the rights of Purchaser against any other entity, including any prior seller, with respect to such right, claim or remedy to the extent that Purchaser receives such payment or other remedy from Seller, provided, however, that Seller's subrogated rights shall be subject to Purchaser's right to receive recovery for the Losses.

5.   Seller shall promptly (but in any event no later than five (5) business days) remit any payments distributions or proceeds received by Seller after the date of this Agreement in respect of the Transferred Claims to Purchaser. Seller has transferred each Purchased Security to a DTC account designated in writing by Purchaser to Seller against payment by Purchaser of the Purchase Price. Seller agrees to forward to Purchaser, as soon as reasonably practicable, all notices (not otherwise publicly available in the Proceedings, delivered directly to Purchaser or otherwise) as received by Seller with respect to the Transferred Claims. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of the relevant clearing system with respect to the purchase and sale of each Purchased Security.

- 2 -

758847v.4 3091/00237

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21 day of February 2013.

| GOLDMAN, SACHS & CO. | ELLIOTT ASSOCIATES, L.P. |
|---|---|
| | By: Elliott Capital Advisors, L.P., General Partner |
| | By: Braxton Associates, Inc., General Partner |
| By: _[signature]_ | By: _____ |
| Name: Dennis Lafferty | Name: |
| Title: Managing Director | Title: |
| 30 Hudson Street, 5th Floor | c/o Elliott Management Corporation |
| Jersey City, NJ 07302 | 40 West 57th Street, 4th Floor |
| Attn: Michelle Latzoni | New York, New York 10019 |
| Email: gsd.link@gs.com | |
| Tel: (212)934-3921 | |

- 4 -

758847v.4 3091/00237

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21 day of February 2013.

**GOLDMAN, SACHS & CO.**

By: _____
Name:
Title:

30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attn: Michelle Latzoni
Email: gsd.link@gs.com
Tel: (212)934-3921

**ELLIOTT ASSOCIATES, L.P.**
By: Elliott Capital Advisors, L.P., General Partner
By: Braxton Associates, Inc., General Partner

By: _____
Name: Elliot Greenberg
Title: Vice President

c/o Elliott Management Corporation
40 West 57th Street, 4th Floor
New York, New York 10019

- 4 -

758847v.4 3091/00237

Schedule 1

Transferred Claims

Purchased Claim

100% of the Proof of Claim, or $61,122,700.00 (as allowed)

Description of the Purchased Security:

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Claimed/Allowed Amount |
|---|---|---|---|---|---|
| LEHMAN BROTHERS HOLDINGS INC. Issue of $150,000,000 Commercial Paper due March 2009 | 52525KAD4 | Lehman Brothers Holdings Inc. | None | $60,000,000.00 | $61,122,700.00 |

Schedule 1-1

758847v.4 3091/00237