HEARING DATE AND TIME: February 28, 2013 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: February 21, 2013 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

IN RE:                                          : Chapter 11

BNC MORTGAGE LLC,
          DEBTOR,                               : Under Case No.: 09-10137 (JMP)


IN RE:                                          : Chapter 11

LEHMAN BROTHERS HOLDINGS INC., ET AL.,
          DEBTOR,                               : Under Case No.: 08-13555 (JMP)

LEHMAN BROTHERS DERIVATIVE PRODUCTS INC.,
          DEBTOR,                               : Under Case No.: 08-13899 (JMP)

LEHMAN BROTHERS OTC DERIVATIVES INC.,
          DEBTOR,                               : Under Case No.: 08-13893 (JMP)

LEHMAN BROTHERS FINANCIAL PRODUCTS INC.,
          DEBTOR,                               : Under Case No.: 08-13902 (JMP)
------------------------------------------------------------------x

                                                : AFFIDAVIT OF DEBORAH E. FOCHT,
                                                : CREDITOR

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:


**CREDITOR'S RESPONSE TO PLAN ADMINISTRATOR'S OMNIBUS OBJECTION
TO CLAIMS FILED BY DEBORAH E. FOCHT;
CREDITOR'S MOTION FOR ORDER OF ALLOWANCE AND PAYMENT DEEMING
CLAIM NOS.: 34380, 34381, 42914, 42915, 42916, AS TIMELY FILED;
OR IN THE ALTERNATE MOTION FOR DISCOVERY AND EXTENSION OF TIME
TO FILE AMENDED CLAIMS AND RESPONSE**

The Creditor, Deborah E. Focht, (herein "Creditor") files her response and objections to

Lehman Brothers Holdings Inc. ("LBHI") or the Plan Administrator's ("Plan Administrator")

omnibus objections seeking to disallow and expunge the Creditor's Claims in their entirety.

The Creditor motions for Orders to deem all of the Claimant Creditor's claims as timely filed and/or extend the bar date deadline, and to order for allowance and payment of claims, Or in the alternate, motions for discovery and extension of time to file a amended claims and response, and in support, states the following:

1. The Creditor set forth her proof of claims and her pre-petition statements (defined in section 101(5) of the Bankruptcy Code), as required, in order to preserve her claims against the Debtors, BNC Mortgage Inc., a.k.a. BNC Mortgage LLC, (herein referred to as "BNC"), and Lehman Brother Holdings, Inc. (*"Statement In Support Of Proof of Claim; Objections And Motions To Lift Automatic Stay [*11 U.S.C. 362*], Order Production of All Documents In Possession of BNC Mortgage Inc., Lehman Brothers Holdings Inc., Etal, Order Blocking Transfer Of Core Assets Under The Bankruptcy Abuse Prevention & Consumer Protection Act, 11 U.S.C. §363(o), Subject Sales Or Transfer By New Purchaser(s) Subject To Provisions of Consumer Claims and Defenses of Consumer Disclosure/Credit Transaction or Contract And Order Exceptions to Discharge Under 11 U.S.C. § 523 Brought Against Debtors' BNC Mortgage LLC and/or Lehman Brothers Holding Inc., Etal.*"), dated September 22, 2009.  LBHI or the Plan Administrator objects to the claims because they were received one day later on September 23, 2009, by Epiq Bankruptcy Solutions, LLC And the Legal Team.

2. The Creditor filed her *"Amended Statement In Support Of Proof of Claim -Objections And Motions To Lift Automatic Stay, Order Production of All Documents In Possession of BNC Mortgage Inc., Lehman Brothers Holdings Inc., Etal, Order Blocking Transfer Of Core Assets Under The Bankruptcy Abuse Prevention & Consumer Protection Act, 11 U.S.C. §363(o), Subject Sales Or Transfer By New Purchaser(s) Subject To Provisions of Consumer*

*Claims and Defenses of Consumer Disclosure/Credit Transaction or Contract And Order Exceptions to Discharge Under 11 U.S.C. § 523 Brought Against Debtors' BNC Mortgage LLC and/or Lehman Brothers Holding Inc., Etal.,* dated October 20, 2009. The Plan Administrator objected to the claims because there were received almost a month, as shown as stamp received on October 21, 2009, by Epiq Bankruptcy Solutions, LLC.

3. The Creditor filed her Response to the "Debtor's Fortieth Omnibus Objection". (see Exhibit "A" - *"Creditor's Objection to Notice of Debtors' Fortieth Omnibus Objection Claims (Late-Filed Claims); And, Motion To Compel Production of All Documents and agreements In Possession of BNC Mortgage LLC, Lehman Brothers Holdings Inc., Etal, pursuant rule 2004 of the Federal Rules of Bankruptcy Procedure"*, dated November 4, 2010). The Creditor explained the claim delays and technicalities and motioned for discovery requested, regarding her claims and statements dated September and amended in October 2009. (Exhibits are attached to the Plan Administrator's omnibus objection).

4. The Debtors initially objected all the claims being late, however, the Creditor never received bar date notices and assumed she was on the list of schedules, and therefore, would receive all notices and orders. The creditor is not familiar with bankruptcy proceedings and was unaware of bar date filing, and mostly realizes what is expected from articles on the Internet and later learned from the DebtorMatrix docket.

5. The Creditor has been waiting for a hearing to obtain an order for requested discovery since the filing of her claims, as seen in her Statements and Response. The creditor has been told several times by Lehman law firm that discovery would be forthcoming, however, no discovery has been sent. The Creditor requires the remaining discovery in order to properly amend her claims and affirmatively defend omnibus objections. The Creditor asserts that

3

because of not receiving discovery, not receiving further mail objecting to her claims, not

being placed on the schedules and lists, because all scheduled hearings have been adjourned

by the Debtor, and because of many alternating debtor attorneys handling this case, that this

has caused massive confusion, which is not in the control of the Creditor.

**I - Plan Administrator or LBHI Withdrew All Its Late Claims Objections**

6. As of September and October, 2009, the only objections the Creditor received were

   "Notice(s) of Hearings" for late claims objections. However, the Creditor also received

   about eight "Notice(s) of Adjournment of Hearing / Notice of Adjournment of Debtors One

   Hundred Fifty-Eighth Omnibus Objection to Claims (Late-Filed Claims)". The last hearing

   cancelled by the Debtors was filed under *"Claims For Which Objection Is Withdrawn*

   *Without Prejudice",* dated 5/31/12. (see Claims objection withdrawn # 08-13555-jmp Doc

   28283 Filed 05/31/12 Entered 05/31/12 14:45:34 Main Document – Creditor listed on Pg 3 of

   7 and on Pg 7 of 7.)

7. confirming the Plan [ECF No. 23023], which became effective on March 6, 2012.

8. LHBI or the Plan Administrator, under the Modified Third Amended Joint Chapter 11 Plan

   of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-

   referenced chapter 11 cases, has withdrawn, without prejudice, all its late claim objection of

   the Creditor's claims regarding claims listed on its annexed Exhibit A, which is also verified

   in its omnibus objections, stating the following objection withdrawals of the Creditor's

   claims: The Plan Administrator's listed *"Focht Claim Grounds for Objection"* (page 9). The

   Plan Administrator's statement admits (under Para. 9 and 10.) that all of the Debtors' 40th

   and 158th omnibus claims objections were withdrawn without prejudice. First, on *"May 31,*

   *2012 … as they relate to Focht Claims 34380 and 34381 (ECF No. 28283), filed on*

4

*September 23, 2009*". And the remaining were withdrawn under "*Debtors' 40th and 158th omnibus objections, as they relate to Focht Claims 42914, 42915 and 42916 on January 23, 2013 (ECF Nos. 34121 and 34122)*".

Therefore, because all of these scheduled hearings were adjourned by the debtors, because all late claim objections were withdrawn, this court should order that all of the Creditor's claims are deemed timely filed.

## II   Motion For Order of Allowance and Payment And Deeming Claim Nos. 34380, 34381, 42914, 42915, 42916 by Deborah E. Focht as Timely Filed

9.  This Court is authorized to enlarge the time to file claims. The Federal Rules of Bankruptcy Procedures provides that the bankruptcy court "*for cause shown may extend the time within which proofs of claim or interest may be filed.*" Fed. R. Bankr. P. 3003(c)(3).

10. Fed. R. Bankr. P. 9006(b)(1) also provides that "*on motion made after the expiration of the specified period [the court may] permit the act to be done where the failure to act was the result of excusable neglect.*"

11. Under 11 USC § 501 (a) "*A creditor ... may file a proof of claim.*" (d) "*A claim of a kind specified in section 502 (e)(2), 502 (f), 502 (g), 502 (h) or 502 (i) of this title may be filed under subsection (a), (b), or (c) of this section the same as if such claim were a claim against the debtor and had arisen before the date of the filing of the petition.*"

12. Under 11 USC § 502(a) "*A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, ..., objects.*" See In re White, 168 B.R. 825, 828-29 (Bankr. D. Conn. 1994)(claim is deemed allowed absent objection).

13. This court has authority to enlarge the time for filing claims under Bankruptcy Code § 502 (9), which partially states: that "*proof of such claim is not timely filed, except to the extent*

*tardily filed as permitted under paragraph (1), (2), or (3) of section 726 (a) of this title or*

*under the Federal Rules of Bankruptcy Procedure," ... .*

14. The Creditor filed her claims as a result of the misconduct and material alterations and by

parties involved in forging documents and fraudulent conveyances, which shows prima facia

evidence, and, *inter alia*, of clouding title, unjust enrichment, illegal transfers of document,

and also demonstrates that the involved parties did not come to this court with clean hands,

etc.

15. The Plan Administrator is simply making assumptions in her omnibus objections and is filing

objections without acknowledging the Creditor's request for hearing and discovery.  The

Creditor displays *prima facia* evidence of the direct involvement of BNC and Leman

Brothers, and its affiliates, such as Aurora FSB, and other undisclosed parties and transfers.

(see attached Exibits "B" "Lehman Funds", C "Leh", D "MERS MIN" "E"  "Corporate

Assignment(s)"), which were partial discovery given to the Creditor by Well Fargo Trust or

Select Portfolio Servicing, Inc. law firms litigating in the state court case, which is under

appeal, and the exhibits are attached to this Response because they may have been received

after the bar date and filing of claims.

    Under the Bankruptcy Code 11 USC § 502 (c) "There shall be estimated for purpose of
allowance under this section—

        (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case
may be, would unduly delay the administration of the case; or

        (2) any right to payment arising from a right to an equitable remedy for breach of
performance.

    A "party in interest" may object under Bankruptcy Code § 502. This becomes a

"contested matter." *See* Fed. R. Bankr. P. 9014 which discusses how the court should handle

contested matters.  Once the objector produces some evidence, the mere filing of an objection is

6

insufficient to dispute the validity of a claim, and the burden shifts to the claimant. The claimant

bears the ultimate burden of establishing a valid claim by a preponderance of the evidence. See

*In re South Motor Co.*, 161 B.R. 532, 547 (Bankr. S.D. Fla. 1993). Therefore, the burden of

proof is on the debtors because although the Creditor submits supporting evidence to the court,

the debtor didn't submits supporting evidence, but merely made assumptions and statements in

its omnibus objections.

Also under the Bankruptcy Code 11 USC § 502(h) *"A claim arising from the recovery of*

*property under section 522, 550, or 553 of this title shall be determined, and shall be allowed*

*under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this*

*section, the same as if such claim had arisen before the date of the filing of the petition."*

The Creditor was lead to believe that all of the claims were being paid when notices and

forms were mailed and timely sent to Epiq Bankruptcy Solutions, LLC.

---

—— Original Message ——
**From: Garabato, Sidney**
**To: americanreply@gmx.com**
**Cc: Garabato, Sidney**
**Sent: Tuesday, August 28, 2012 1:40 PM**
**Subject: In re Lehman Brothers Holdings, Inc., et al. - Chapter 11 Inquiry**

Dear Debbie:

Epiq Bankruptcy Solutions, LLC ("Epiq") is the official Claims and Noticing agent for the above-referenced Debtors.

We are in receipt of your inquiry based on the following:

| Call Date | Name/Address | Account# | PhoneNumber | Email | Comments |
|-----------|--------------|----------|-------------|-------|----------|
| 08/21/12 | DEBBIE FOCHT 1613 INGRAM AVE SARASOTA FL 34232-3229 | | 941-350-0561 | americanreply@gmx.com | Ms. Focht has requested wire transfer form to be sent to her. Read FAQ 147. |

You Claim # is **34380, 34381, 42914, 42915, 42916** and to get a status of your claim(s), please click here:
http://dm.epiq11.com/LBH/Claim#CreditorName=focht,+d&CreditorNameOperator=true&ds=true&ex=false&maxPerPage=25&page=1.
Please see the below with respect to wire form requests:

And because the Creditor relied on the Debtor's counsel, saying that claims are paid if you receive these notices, and because these forms were sent to all holders of "allowed" claims, as seen on the docket, which partially stated:

> "Notice to Holders of **Allowed** Claims Regarding Plan Distributions
> The required forms were previously mailed to **all holders of allowed claims.** "

The Creditor responds to all notices the Debtors have sent. The creditor notes that Debtor provides too short of notice of hearing and response deadlines, such as February 21, 2013, and therefore, reserves her right to properly respond and amend her claims after all necessary information is sent to the Creditor. And the Creditor was never given required notices of a bar date deadline or notices to attend a creditors meeting in order to question the Debtors. As a result, the Creditor was prejudiced, and was diligent in filing and responding as soon as possible, and demonstrates excusable neglect. The Federal Rules of Bankruptcy Procedures F.R.B.P. Rule 9006(b)(1) allows the court to enlarge the time for filing a proof of claim, if the claimant establishes that the delay in filing is due to "excusable neglect." In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S. Ct. 1489, 1498 (1993), the United States Supreme Court provided a non-exclusive balancing test which examined the following factors to determine whether a claimant's neglect in filing a timely proof of claim was excusable: 1. The danger of prejudice to the debtor if the untimely filing is allowed; 2. The length of the delay and its potential impact on the judicial proceedings; 3. The reason for the delay, including whether the delay was beyond the reasonable control of the person whose duty it was to perform; and, 4. Whether the creditor acted in good faith.

This court had previously allowed creditors to file their claims late because they exhibited "*a reasonable amount of diligence*" to determine the effect of the claims bar date, but missed the deadline because of "justifiable confusion." That these creditors "conscientiously"

tried to comply with the deadline, … but were justifiably confused as to which of two claims bar

dates applied to their particular claims.

Therefore, this court should enter order for an enlargement of the time for filing claims

deem all of the Creditor's claims, as timely filed or enlargement of the time to respond to any of

the Debtors LBHI or the Plan Administrator's objections after discovery is complete.

CONCLUSION

WHEREFORE the Creditor respectfully requests entry of an order denying the Plan
Administrator's omnibus objections, seeking to disallow and expunge the Claims in their
entirety, grant the Creditor's the relief to enlarge the time for filing claims, deem all claims
requested herein, and grant such other further relief as the Court deems just and proper.

Respectfully Submitted by:

Deborah E. Focht
1613 Ingram Ave
Sarasota, FL 34232

Certificate of Service

Creditor, Deborah E. Focht, hereby, certifies that the, Creditor's Response To Plan
Administrator's omnibus objection to Claims Filed By Deborah E. Focht; Creditor's Motion For
Order of Allowance and Payment Deeming Claim Nos.: 34380, 34381, 42914, 42915, 42916, as
Timely Filed; Or In The Alternate Motion For Discovery And Extension Of Time To File
Amended Claims And Response, has been mailed, emailed or delivered by express mail, on this
20th day of February, 2013.

Deborah E. Focht
1613 Ingram Avenue
Sarasota, Florida 34232
americanreply@gmx.com
(941) 350-0561

VIA OVERNIGHT MAIL
New York, New York, 10004

The Chambers of The Honorable James M. Peck
One Bowling Green, Courtroom
New York, New York, 10004

cc : Attn: Jacqueline Marcus, Esq.
attorneys for the Plan Administrator)
Attn:  Shai Y. Waisman, Esq., attorneys for the Debtors
Robert J. Lemons, Esq. and Lee Goldberg, Esq.,
attorneys for the LBHI and certain of its affiliates;

Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq.,
and Evan Fleck, Esq., attorneys for the Official
Committee of Unsecured Creditors appointed
Attn: Tracy Hope Davis, Esq.,
Elisabetta G. Gasparini, Esq.
and Andrea B. Schwartz, Esq.;

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

# Exhibit "A"

EPIQ SYSTEMS
757 THIRD AVENUE
THIRD FLOOR
NEW YORK, NY 10017

P 646 282 2500   F 646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM




MAILID *** 0004892690 ***

**** LBH CLMLTR (MERGE2,TXNUM2) 4000081288 ****

FOCHT, DEBORAH E
530 E LAUREL ROAD
NOKOMIS, FL 34275

December 02, 2009

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the LEHMAN BROTHERS HOLDINGS INC. case. It is also publically available at the following website address: http://chapter11.epiqsystems.com/LBH. To ensure that your claim has been recorded correctly, please review the following information:

| | |
|---|---|
| Debtor: | LEHMAN BROTHERS HOLDINGS, INC. |
| Case Number: | 08-13555 |
| Creditor: | FOCHT, DEBORAH E |
| Date Received: | 09/23/2009 |
| Claim Number: | 34381 |

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim is being allowed. The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim on our website at the address listed above. To find your imaged claim, click on the "Filed Claims & Schedules" link at the top of the page, type in your claim number in the "Claim #" field, and click "Search."

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY IDENTIFIABLE INFORMATION ("PII") SUBMITTED BY YOU.** PII can include information used to distinguish or trace an individual's identity, such as their social security number, biometric records, drivers license number, account number, credit or debit card number (including any passwords, acces codes or PIN numbers), etc., alone, or when combined with other personal or identifying information which is linked or linkable to a specific individual, such as date and place of birth, mother's maiden name,etc.

The Proof of Claim Form allows for redacted documents. If you identify any PII in your filed claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at http://www.epiq11.com/contact.aspx so we may assist you in redacting this information. Please be sure to specify the client/debtor about which you are inquiring.

You may also contact by either of the methods listed above should you have any other questions.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

EPIQ SYSTEMS
757 THIRD AVENUE
THIRD FLOOR
NEW YORK, NY 10017

P 646 282 2500   F 646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM



 **MAILID *** 0004893515 *****

**** LBH CLMLTR (MERGE2,TXNUM2) 4000090018 ****

FOCHT, DEBORAH E.
530 E. LAUREL ROAD
NOKOMIS, FL 34275

December 02, 2009

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the LEHMAN BROTHERS HOLDINGS INC. case. It is also publically available at the following website address: http://chapter11.epiqsystems.com/LBH. To ensure that your claim has been recorded correctly, please review the following information:

| | |
|---|---|
| Debtor: | BNC MORTGAGE LLC |
| Case Number: | 09-10137 |
| Creditor: | FOCHT, DEBORAH E. |
| Date Received: | 10/21/2009 |
| Claim Number: | 42914 |

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim is being allowed. The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim on our website at the address listed above. To find your imaged claim, click on the "Filed Claims & Schedules" link at the top of the page, type in your claim number in the "Claim #" field, and click "Search."

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY IDENTIFIABLE INFORMATION ("PII") SUBMITTED BY YOU.** PII can include information used to distinguish or trace an individual's identity, such as their social security number, biometric records, drivers license number, account number, credit or debit card number (including any passwords, access codes or PIN numbers), etc., alone, or when combined with other personal or identifying information which is linked or linkable to a specific individual, such as date and place of birth, mother's maiden name, etc.

The Proof of Claim Form allows for redacted documents. If you identify any PII in your filed claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at http://www.epiq11.com/contact.aspx so we may assist you in redacting this information. Please be sure to specify the client/debtor about which you are inquiring.

You may also contact by either of the methods listed above should you have any other questions.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

EPIQ SYSTEMS
757 THIRD AVENUE
THIRD FLOOR
NEW YORK, NY 10017

P 646 282 2500  F 646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM

epiq
SYSTEMS



MAILID *** 0004893517 ***

**** LBH CLMLTR (MERGE2,TXNUM2) 4000090029 ****

FOCHT, DEBORAH E.
530 E. LAUREL ROAD
NOKOMIS, FL 34275

December 02, 2009

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq
Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the LEHMAN
BROTHERS HOLDINGS INC. case. It is also publically available at the following website address:
http://chapter11.epiqsystems.com/LBH. To ensure that your claim has been recorded correctly, please
review the following information:

Debtor:            LEHMAN BROTHERS DERIVATIVE PRODUCTS INC.
Case Number:       08-13899
Creditor:          FOCHT, DEBORAH E.
Date Received:     10/21/2009
Claim Number:      42916

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim
is being allowed. The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim on our website at the address listed
above. To find your imaged claim, click on the "Filed Claims & Schedules" link at the top of the page,
type in your claim number in the "Claim #" field, and click "Search."

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY
IDENTIFIABLE INFORMATION ("PII") SUBMITTED BY YOU.** PII can include information
used to distinguish or trace an individual's identity, such as their social security number, biometric
records, drivers license number, account number, credit or debit card number (including any
passwords, acces codes or PIN numbers), etc., alone, or when combined with other personal or
identifying information which is linked or linkable to a specific individual, such as date and place
of birth, mother's maiden name,etc.

The Proof of Claim Form allows for redacted documents. If you identify any PII in your filed
claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at
http://www.epiq11.com/contact.aspx so we may assist you in redacting this information. Please be
sure to specify the client/debtor about which you are inquiring.

You may also contact by either of the methods listed above should you have any other questions.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

EPIQ SYSTEMS
757 THIRD AVENUE
THIRD FLOOR
NEW YORK, NY 10017

P 646 282 2500   F 646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM

**epiq**
S Y S T E M S

  MAILID *** 0004893516 ***

**** LBH CLMLTR (MERGE2,TXNUM2) 4000090026 ****

FOCHT, DEBORAH E.
530 E. LAUREL ROAD
NOKOMIS, FL 34275

December 02, 2009

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the LEHMAN BROTHERS HOLDINGS INC. case. It is also publically available at the following website address: http://chapter11.epiqsystems.com/LBH. To ensure that your claim has been recorded correctly, please review the following information:

Debtor:              LEHMAN BROTHERS OTC DERIVATIVES INC.
Case Number:         08-13893
Creditor:            FOCHT, DEBORAH E.
Date Received:       10/21/2009
Claim Number:        42915

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim is being allowed. The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim on our website at the address listed above. To find your imaged claim, click on the "Filed Claims & Schedules" link at the top of the page, type in your claim number in the "Claim #" field, and click "Search."

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY IDENTIFIABLE INFORMATION ("PII") SUBMITTED BY YOU.** PII can include information used to distinguish or trace an individual's identity, such as their social security number, biometric records, drivers license number, account number, credit or debit card number (including any passwords, acces codes or PIN numbers), etc., alone, or when combined with other personal or identifying information which is linked or linkable to a specific individual, such as date and place of birth, mother's maiden name,etc.

The Proof of Claim Form allows for redacted documents. If you identify any PII in your filed claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at http://www.epiq11.com/contact.aspx so we may assist you in redacting this information. Please be sure to specify the client/debtor about which you are inquiring.

You may also contact by either of the methods listed above should you have any other questions.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

----- Original Message -----
From: AmericanReply@comcast.net
To: LehmanTeam@weil.com
Cc: Atty Diane Harvey
Sent: Tuesday, September 22, 2009 4:48 PM
Subject: To Epiq Bankruptcy Solutions, LLC + Lehman Lehman Team

To: Epiq Bankruptcy Solutions, LLC And the Legal Team
Re: Lehman Brothers Bankruptcy Proof Of Claims

I have attached my proof of claims for the Lehman Brothers bankruptcy
proceedings and regarding BNC Mortgage LLC.

I tried to contact Epiq Systems and the Lehman Law Firm
and was given many numbers, but none have provided an email or
have been able to help me submit my claims and the website for the
questionaire doesn't work either (see below).

As a result, I have sent the Claims out by Overnight Mail, and should
there be a problem accepting my proof of claims, please let me know
so I can write a letter to the Judge to explain what happened.

Thank You,
Deborah E. Focht
530 E. Laurel Road
Nokomis, FL 34275
(941) 350-0561

_____

contact
An unexpected error occurred. Sorry for the inconvenience, we'll have a look soon and try to prevent this from
happening again.
Back to Home

©Epiq Systems, Inc.


contact

For questions related to this web site, please call Epiq Bankruptcy Solutions, LLC ("Epiq") at:

U.S.: 1-866-879-0688
Non-U.S.: 1-503-597-7691

Please note that Epiq is not permitted to give legal advice. Please direct legal inquiries to the following:

Weil, Gotshal & Manges LLP
Lehman Legal Hotline:
Phone: 1-212-310-8040
Email: LehmanTeam@weil.com

©Epiq Systems, Inc.

**CLAIM FORM FILING CONFIRMATION**

Your claim form was successfully filed on 10/18/2009 at 10:57 PM Central. Please print this page as proof of your filing.

Deborah E. Focht
530 E. Laurel Road
Nokomis, FL 34275 UNITED STATES

| | |
|---|---|
| Name of Debtor | Lehman Brothers Derivative Products Inc. (08-13899) |
| Please identify the counterparties, guarantor and/or credit support provider to the derivative contract. | Bnc Mortgage Inc. and Wells Fargo Bank, N.A., Successor By Merger To Wells Fargo Bank Minnesota, National Association, As Trustee, In Trust For The Holders Of Structured Assets Securities Corporation -- Amortizing Residential Collateral Trust Mortgage Pass Through Certificates, Series 2002-BC10 |
| Have you entered into a termination agreement with the Debtors establishing the agreed upon amounts due in respect of derivative contracts? | Selected: No |
| Have the derivative contracts matured or been terminated? | Selected: No |

**CLAIM FORM FILING CONFIRMATION**

Your claim form was successfully filed on 10/18/2009 at 11:03 PM Central. Please print this page as proof of your filing.

Deborah E. Focht
530 E. Laurel Road
Nokomis, FL 34275 UNITED STATES

| | |
|---|---|
| Name of Debtor | Lehman Brothers OTC Derivatives Inc. (08-13893) |
| Please identify the counterparties, guarantor and/or credit support provider to the derivative contract. | Bnc Mortgage Inc. and Wells Fargo Bank, N.A., Successor By Merger To Wells Fargo Bank Minnesota, National Association, As Trustee, In Trust For The Holders Of Structured Assets Securities Corporation – Amortizing Residential Collateral Trust Mortgage Pass Through Certificates, Series 2002-BC10 |
| Have you entered into a termination agreement with the Debtors establishing the agreed upon amounts due in respect of derivative contracts? | Selected: No |
| Have the derivative contracts matured or been terminated? | Selected: No |

## CLAIM FORM FILING CONFIRMATION

Your claim form was successfully filed on 10/18/2009 at 12:37 AM Central. Please print this page as proof of your filing.

Deborah E. Focht
530 E. Laurel Road
Nokomis, FL 34275 UNITED STATES

| | |
|---|---|
| Name of Debtor | Lehman Brothers Holdings Inc. (08-13555) |
| Please identify the counterparties, guarantor and/or credit support provider to the derivative contract. | Bnc Mortgage Inc. and Wells Fargo Bank, N.A., Successor By Merger To Wells Fargo Bank Minnesota, National Association, As Trustee, In Trust For The Holders Of Structured Assets Securities Corporation – Amortizing Residential Collateral Trust Mortgage Pass Through Certificates, Series 2002-BC10 |
| Have you entered into a termination agreement with the Debtors establishing the agreed upon amounts due in respect of derivative contracts? | Selected: No |
| Have the derivative contracts matured or been terminated? | Selected: No |

contact

For questions related to this web site, please call Epiq Bankruptcy Solutions, LLC ("Epiq") at:

U.S.: 1-866-879-0688
Non-U.S.: 1-503-597-7691

Please note that Epiq is not permitted to give legal advice. Please direct legal inquiries to the following:

Weil, Gotshal & Manges LLP
Lehman Legal Hotline:
Phone: 1-212-310-8040
Email: LehmanTeam@weil.com

Please note that information stated on or uploaded on this website is being submitted as part of the Proof of Claim form. As such, *criminal penalties apply for making a false statement. The penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both*: 18 U.S.C. §§ 152 and 3571.


CONTACT

| You have successfully signed out of the application. | |
|---|---|

REGISTER



LOGIN



# DERIVATIVE CLAIM SUMMARY

| Name of Debtor | **Lehman Brothers Derivative Products Inc. (08-13899)** |
|---|---|
| Please identify the counterparties, guarantor and/or credit support provider to the derivative contract. | Bnc Mortgage Inc. and WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION – AMORTIZING RESIDENTIAL COLLATERAL TRUST MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2002-BC10 |
| Have you entered into a termination agreement with the Debtors establishing the agreed upon amounts due in respect of derivative contracts? | Selected: No |
| Have the derivative contracts matured or been terminated? | Selected: No |

☑ BY CHECKING THIS BOX, I AM ELECTRONICALLY SIGNING THIS DOCUMENT. I INTEND THIS ELECTRONIC SIGNATURE TO CARRY THE SAME FORCE AND EFFECT

## Certificate of Service

Creditor, Deborah E. Focht, hereby, certifies that the Creditor's Objection to Notice of Debtors' Fortieth Omnibus Objection Claims (Late-Filed Claims) and Motion to Compel Production of All Documents and Agreements In Possession of BNC Mortgage LLC, Lehman Brothers Holdings Inc., Etal, have been sent overnight or emailed to the following law firms listed, on this 4, day of November, 2010.

*Deborah E. Focht*

Deborah E. Focht
530 E. Laurel Road
Nokomis, Florida 34275
(941) 350-0561

VIA OVERNIGHT MAIL
United States Bankruptcy Court Southern District of New York
Attn: Chambers of the Honorable James M. Peck
One Bowling Green
New York, NY 10004-1408
Chambers: (212) 668-5632
Courtroom: 601

The Office of the United States Trustee
Attn: Andrew D. Velez-Rivera, Esq.,
Paul Schwartzberg, Esq., Brian Masumoto, Esq.,
Linda Riffkin, Esq., Tracy Hope Davis, Esq.
33 Whitehall Street
21st Floor
New York, NY 10004
Phone: (212) 510-0500
Fax: (212) 668-2255

Weil, Gotshal & Manges LLP,
Attn: Shai Y. Waisman Esq.,
John O'Connor Esq.
767 Fifth Avenue
New York, NY 10153
(Attorneys for Debtors)

Milbank, Tweed, Hadley & McCloy LLP
Attn: Dennis F. Dunne, Esq.,
Dennis O'Donnell, Esq.,
Evan Fleck, Esq.
1 Chase Manhatten Plaza
New York, New York 10005
(Attorneys for official committee of unsecured creditors)

5

17. The Creditor saw her claims against Debtors BNC Mortgage LLC and LHBI listed on the Epiq Systems, DebtorMatrix docket as of 11/23/2009, but because her claims were not seen under "Filed Claims and Schedules", she contacted the US Trustee and was told her claims were not on the Court Docket, therefore, with all the confusion, inexperience and the overwhelming complexity of the State and Debtors Bankruptcy cases, the Creditor requests this court to excuse any delay or mistake and order the Debtors to include her claims that were originally seen under the following docket numbers:  [Docket 11455] 34380 Debtor: BNC MORTGAGE LLC / 34381 Debtor: LEHMAN BROTHERS HOLDINGS, INC. / 42916 Debtor: LEHMAN BROTHERS DERIVATIVE PRODUCTS INC. / 42915 Debtor: LEHMAN BROTHERS OTC DERIVATIVES INC. / 42914 Debtor: BNC MORTGAGE LLC.

18. In light of all of what has and still is transpiring and all of the massive ongoing official investigations, this Court should overrule the Debtors Objection.  The Creditor also requests a telephonic hearing date should the Debtor still object to listing her claim on the Debtors Schedule as any denial on the Debtor(s) part would only be made in bad faith due to the wrongful foreclosure action, fraudulent and counterfeit photocopies of the documents, mixed property documents, selling the documents to multiple investors or thru a securitization note Pool and/or betting on a default, and for withholding the name of the Custodian and other documents requested in order to adequately trace the loan documents from the originator to other subsequent parties or transferees, etc. in order to properly amend the Creditors claims.

WHEREFORE, the Creditor prays this court will enter orders compelling the Debtors to produce all records, overrule the Debtors Objection; and grant such further relief the Court deems just and proper.

Respectfully Submitted by:

Deborah E. Focht
530 E. Laurel Road
Nokomis, FL 34275
(941) 350-0561

4

reason the Creditor must file her claims in this court after making all good faith attempts of settling the matter even though kept in the dark.

11. There was an apparent separation of the mortgage and the note in dispute with the mortgage naming Mortgage Electronic Registration System (MERS), as mortgagee solely as BNC's nominee and the note naming BNC as the lender, and thereafter of WFBT's submitting as the original document with "Leh" written on the mortgage, assumed to be Lehman Brothers, and later found this year on the MERS website showing Aurora Bank FSB as the investor of the mortgage. Title between the mortgage and note were bifurcated, thereby rendered the mortgage fatal flaw unenforceable. "The mortgage loan becomes ineffectual when the note holder did not also hold the deed of trust." See *Bellistri v. Ocwen Loan Servicing*, LLC, 284 S.W.3d 619, 623 (Mo. App. 2009). The U.S. Supreme Court ruled in *Carpenter v. Longan*, 16 Wall. 271, 83 U.S. 271, 274, 21 L.Ed. 313 (1872), "The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." See also Restatement (Third) of Property: Mortgages section § 5.4 cmt. e (1997). "Where the mortgagee has 'transferred' only the mortgage, the transaction is a nullity and his 'assignee,' having received no interest in the underlying debt or obligation, has a worthless piece of paper." 4 RICHARD R. POWELL, POWELL ON REAL PROPERTY, § 37.27[2] (2000).

12. All of these issues created a title cloud for the owners, the property and any party seeking to express or claim an interest and left no security instrument due to the separation at its inception and/or through the securitization process.

13. The Creditor contacted BNC about the invalid documents before it filed its petition in this court, and the Creditor is concerned after seeing Transfer Agreements were executed Between BNC Mortgage LLC and Wells Fargo Bank, N.A., as Trustee, etc., with regard to real property.

14. WFBT obtained several Corporate Assignment of Mortgage documents, which were created without authority, executed and filed after the foreclosure action was commenced in the state court. The Kansas Courts issued orders that MERS held no title, issued no credit and acted in no lending capacity…thus rendering all subsequent assignments Void *Ab Initio*.

15. BNC benefited by accepting the Creditors downpayment funds of approximately $110,000 for two properties loan amounts of $110,400.00, and the Creditor already paid over $100,000 toward these loans and the mortgage displays that BNC obtained an insurance Policy for BNC only, and left the Creditor with nonsensical and duplicate documents, while the Debtors and WFBT continue to shield discovery information. WFBT has not produced many requested documents and was seeking a protective order or the appointment of a special master to be present at its deposition. The loan documents shows prima facie conflicts, therefore, whether they were fabricated or obtained by fraud should not be an excuse to withhold discovery both in the state court case or the Debtors bankruptcy case.

16. Therefore, the Creditor requests this court to Order the Debtors to send the Creditor all information regarding the Creditor and properties in order to determine accounting and why there are duplicate closing rates, dates, assignments, notes and many other documents and why the discovery included other loan property information that was already satisfied and why many other entities continue to come out of nowhere.

3

# Exhibit "B"



# LOAN DISBURSEMENT INSTRUCTIONS

BNC Mortgage, Inc.

| | |
|---|---|
| To: LEHMAN BROTHERS | From: BNC MORTGAGE |
| 101 HUDSON ST | 1063 MCGAW AVE |
| JERSEY CITY, NJ 07302 | IRVINE, CA 92614 |
| App. No.: ANA7346FOCH | Loan No.: ANA7346FOCH |
| Borrower: DEBORAH E. FOCHT | Funding Date: October 18, 2002 |
| Borrower: | Loan Amount: 110,400.00 |
| Address: 530 LAUREL ROAD | City: NOKOMIS, FL 34275 |

### 1. Title Insurance Company          Wire Amount:          109,239.18

| | |
|---|---|
| Bank Name : AMERICAN BANK | ABA Routing No.: 063113727 |
| City / State : BRADENTON, FL | |
| Credit to Account Name : | ABA Routing No.: |
| | Credit to Account No.: |
| Futher Credit to : PROFESSIONAL TITLE SERV. | Futher Credit to Acct. No.: 1099638 |
| Phone Number : (941)338-6280 | Reference : 19057/FOCHT |
| Attn : MARY ANN FIGLOW | |

### 2. Loan Servicer          Wire Amount:          344.82

Option One Mortgage

Wire consists of the following:

| | | |
|---|---|---|
| | 274.82 | Prepaid Interest |
| | | Total Impounds |
| | 70.00 | Tax Service |
| | | MERS Registration |

### 3. BNC Origination Fees          Wire Amount:          816.00

Yield Spread Premium: 0.00

### 4. Loan Information

| | | | |
|---|---|---|---|
| Interest Rate: 6.400 | Margin: 6.35 | | |
| Credit Rating Risk: A+ SA | LTV: 79.42 | | |
| Property Value for LTV: 139,000.00 | Term: 360 | Maturity Date: 11/01/2032 | |
| Kind: 2 YEAR FIXED I/7 | Program: FULL DOC | | |
| TRW Fico: 647 | P&I: 690.56 | | |

### Approved for Disbursement

| | |
|---|---|
| BNC Funder: MIA COOKS | Date: 10/18/2002 |
| BNC Representative: | Date: 10/18/2002 |

Focht-000667

Exhibit "Lehman Funds"

# Exhibit "C"



Return To:

BNC MORTGAGE, INC.
P.O. BOX 19656
IRVINE, CA 92623-9656

This document was prepared by:

RETURN TO: 214
PROFESSIONAL SERVICES OF SARASOTA
6378 N. LOCKWOOD RIDGE RD.
SARASOTA, FLORIDA 34243



RECORDED IN OFFICIAL RECORDS
INSTRUMENT # 2002175528 21 PGS
2002 OCT 23 04:33 PM
KAREN E. RUSHING
CLERK OF CIRCUIT COURT
SARASOTA COUNTY,FLORIDA
FHILLER  Receipt#233293
Doc Stamp-Mort:    386.40
Intang. Tax:    220.80



LHO2OC

—[Space Above This Line For Recording Data]—    2002175528

## MORTGAGE

MIN 100122200000209152

Loan No.: ANA7346FOCH

Leh

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is dated October 17, 2002 ,
together with all Riders to this document.
(B) "Borrower" is DEBORAH E. FOCHT, a single woman

Borrower is the mortgagor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is
acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee
under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an
address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(D) "Lender" is BNC MORTGAGE, INC., A DELAWARE CORPORATION

FLORIDA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS    Form 3010  1/01

-6A(FL) (0005) 01
Page 1 of 16    Initials:
VMP MORTGAGE FORMS - (800)521-7291

Focht-000378

# Exhibit "D"



# 1 record matched your search:

Need help? 

| | | |
|---|---|---|
| MIN:1001222-0000020915-2 | Note Date:10/18/2002 | MIN Status:Active |
| Servicer: Select Portfolio Servicing Inc | | Phone:(801) 293-2583 |
| Salt Lake City, UT | | |
| Investor: Aurora Bank FSB | | Phone:(308) 220-2123 |
| Scottsbluff, NE | | |

Return to Search

For more information about MERS please go to www.mersinc.org

Copyright© 2006 by MERSCORP, Inc.

# Exhibit "E"

Recording Requested By:
SELECT PORTFOLIO SERVICING, INC.

When Recorded Return To:

BILL KOCH
SELECT PORTFOLIO SERVICING, INC.
3815 SW TEMPLE
SALT LAKE CITY, UT 84115

## CORPORATE ASSIGNMENT OF MORTGAGE

Sarasota, Florida    SELLER'S SERVICING #: 0003268642    "FOCHT"
INVESTOR #:
MERS #: 100122200003091452

Date of Assignment: September 22nd, 2008
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR BNC MORTGAGE, INC
at 3815 SW TEMPLE, SALT LAKE CITY, UT 84115
Assignee: WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA,
NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE HOLDERS OF STRUCTURED ASSET
SECURITIES CORPORATION - AMORTIZING RESIDENTIAL COLLATERAL TRUST MORTGAGE PASS
THROUGH CERTIFICATES, SERIES 2002-BC10 at 3815 SW TEMPLE, SALT LAKE CITY, UT 84115
Executed By: DEBORAH E. FOCHT To: MERS AS NOMINEE FOR BNC MORTGAGE, INC., A DELAWARE
CORPORATION
Date of Mortgage: 10/17/2002 Recorded: 10/23/2002 in Book/Reel/Liber: 2256 Page/Folio: 484 as Instrument No.:
2002175528 in Sarasota, Florida

Property Address: 630 LAUREL ROAD, NOKOMIS, FL 34275

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and
other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is
hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage
together with the Note or other evidence of indebtedness (the "Note"), said Note having an original principal sum of
$110,400.00 with interest, secured thereby, together with all moneys now owing or that may hereafter become due
or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein
contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial
interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage and Note, and also the said property unto the said Assignee forever,
subject to the terms contained in said Mortgage and Note.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR BNC MORTGAGE, INC
On _____ SEP 2 6 2008

By: _____
Bill Koch, Assistant Secretary

WITNESS _____            WITNESS _____

Ana Nikolakovic                                         Marco Villagran

STATE OF Utah
COUNTY OF Salt Lake

On SEP 2 6 2008, before me, KIMBERLY CLARK, a Notary Public in and for Salt Lake in the State of Utah,
personally appeared Bill Koch, Assistant Secretary , MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
AS NOMINEE FOR BNC MORTGAGE, INC personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
KIMBERLY CLARK
Notary Expires: 12/11/2011

NOTARY PUBLIC
KIMBERLY CLARK
3815 South 92 West
Salt Lake City, Utah 84115
My Commission Expires
December 11, 2011
STATE OF UTAH                    (This area for notarial seal)

Prepared By:    Jeff Prose, RICHMOND MONROE GROUP 15511 HIGHWAY 13, BRANSON WEST, MO 65737 417-739-8412

*DOCTRDCMRC*08232008111539.MF.AMRC/AMRC00000000000003244IF FILE:MVIF 0003268642 FLE:DAD_MORT_ASSIGN_ASSN *MCPACKAMRC*

Recording Requested By:
SELECT PORTFOLIO SERVICING, INC.

When Recorded Return To:

BILL KOCH
SELECT PORTFOLIO SERVICING, INC
3815 SW TEMPLE
SALT LAKE CITY, UT 84115

**CORPORATE ASSIGNMENT OF MORTGAGE**

Sarasota, Florida    SELLER'S SERVICING #: 0038560042    "FOCHT"
INVESTOR #:
MERS #: 100122200003229182

Date of Assignment: February 13th, 2009
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR BNC MORTGAGE, INC
at 3815 SW TEMPLE, SALT LAKE CITY, UT 84115
Assignee: WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA,
NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE HOLDERS OF STRUCTURED ASSET
SECURITIES CORPORATION - AMORTIZING RESIDENTIAL COLLATERAL TRUST MORTGAGE PASS
THROUGH CERTIFICATES, SERIES 2002-BC10 at 3815 SW TEMPLE, SALT LAKE CITY, UT 84115
Executed By: DEBORAH E. FOCHT  To: MERS AS NOMINEE FOR BNC MORTGAGE, INC., A DELAWARE
CORPORATION
Date of Mortgage: 10/17/2002 Recorded: 10/23/2002 in Book/Reel/Liber: 2258 Page/Folio: 484 as Instrument No.:
2002175525 in Sarasota, Florida

Property Address: 530 LAUREL ROAD, NOKOMIS, FL 34275

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and
other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is
hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage
together with the Note or other evidence of indebtedness (the "Note"), said Note having an original principal sum of
$116,400.00 with interest, secured thereby, together with all moneys now owing or that may hereafter become due
or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein
contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial
interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage and Note, and also the said property unto the said Assignee forever,
subject to the terms contained in said Mortgage and Note.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR BNC MORTGAGE, INC
On _____FEB 1 3 2009_____

By: _____
Bill Koch, Assistant Secretary

WITNESS _____          WITNESS _____
Ana Nikoloovich                                              Kimberly Clark

STATE OF Utah
COUNTY OF Salt Lake
On _____FEB 1 3 2009_____ before me, SHIRLEY TUITUPOU, a Notary Public in and for Salt Lake in the State of Utah,
personally appeared Bill Koch, Assistant Secretary, Select Portfolio Servicing, Inc., f/k/a Fairbanks Capital Corp.
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
SHIRLEY TUITUPOU
Notary Expires: 11/12/2012  #576792

                                            (This area for notarial seal)

Prepared By: Jeff Pross, RICHMOND MONROE GROUP 15211 HIGHWAY 13, BRANSON WEST, MO 65737 417-739-9412

Focht-000416

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

IN RE:                                          : Chapter 11

BNC MORTGAGE LLC,
        DEBTOR,                                 : Under Case No.:  09-10137 (JMP)


IN RE:                                          : Chapter 11

LEHMAN BROTHERS HOLDINGS INC., ET AL.,
        DEBTOR,                                 : Under Case No.:  08-13555 (JMP)

LEHMAN BROTHERS DERIVATIVE PRODUCTS INC.,
        DEBTOR,                                 : Under Case No.:  08-13899 (JMP)

LEHMAN BROTHERS OTC DERIVATIVES INC.,
        DEBTOR,                                 : Under Case No.:  08-13893 (JMP)

LEHMAN BROTHERS FINANCIAL PRODUCTS INC.,
        DEBTOR,                                 : Under Case No.:  08-13902 (JMP)
------------------------------------------------------------------------x

                                                : AFFIDAVIT OF DEBORAH E. FOCHT,
                                                : CREDITOR

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:



## ORDER DENYING LHBI OR PLAN ADMINISTRATOR'S OMNIBUS OBJECTION TO CLAIMS FILED BY DEBORAH E. FOCHT; ANDL

## GRANTING CREDITOR'S MOTION FOR ORDER OF ALLOWANCE AND PAYMENT DEEMING CLAIM NOS.: 34380, 34381, 42914, 42915, 42916, AS TIMELY FILED; OR IN THE ALTERNATE MOTION FOR DISCOVERY AND EXTENSION OF TIME TO FILE AMENDED CLAIMS AND RESPONSE

## ORDER

ORDERED that the relief requested in the LHBI or the Plan Administrator's Ominbus Objection, seeking to bar and expunge Creditor's claim, regardless of whether any claim is determined to be filed Late in its entirety is denied to the extent provided herein; and it is further

ORDERED that the relief requested in the Creditor's motion for Stay and for order Debtors to produce all discovery information, and/or, and it is further

ORDERED that the relief requested in the Creditor's Response, the requests to deem all claims as timely filed and allowed for payment is granted.

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated: _____, 2013

New York, New York

UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

IN RE:                                          : Chapter 11

BNC MORTGAGE LLC,
      DEBTOR,                             : Under Case No.: 09-10137 (JMP)


IN RE:                                          : Chapter 11

LEHMAN BROTHERS HOLDINGS INC., ET AL.,
      DEBTOR,                             : Under Case No.: 08-13555 (JMP)

LEHMAN BROTHERS DERIVATIVE PRODUCTS INC.,
      DEBTOR,                             : Under Case No.: 08-13899 (JMP)

LEHMAN BROTHERS OTC DERIVATIVES INC.,
      DEBTOR,                             : Under Case No.: 08-13893 (JMP)

LEHMAN BROTHERS FINANCIAL PRODUCTS INC.,
      DEBTOR,                             : Under Case No.: 08-13902 (JMP)
-------------------------------------------------------------------------x

                            : AFFIDAVIT OF DEBORAH E. FOCHT,
                            : CREDITOR

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:


**CREDITOR'S RESPONSE TO PLAN ADMINISTRATOR'S OMNIBUS OBJECTION
TO CLAIMS FILED BY DEBORAH E. FOCHT;
CREDITOR'S MOTION FOR ORDER OF ALLOWANCE AND PAYMENT DEEMING
CLAIM NOS.: 34380, 34381, 42914, 42915, 42916, AS TIMELY FILED;
OR IN THE ALTERNATE MOTION FOR DISCOVERY AND EXTENSION OF TIME
TO FILE AMENDED CLAIMS AND RESPONSE**

     The Creditor, Deborah E. Focht, (herein "Creditor") files her response and objections to

Lehman Brothers Holdings Inc. ("LBHI") or the Plan Administrator's ("Plan Administrator")

omnibus objections seeking to disallow and expunge the Creditor's Claims in their entirety.

1

The Creditor motions for Orders to deem all of the Claimant Creditor's claims as timely filed and/or extend the bar date deadline, and to order for allowance and payment of claims, Or in the alternate, motions for discovery and extension of time to file a amended claims and response, and in support, states the following:

1. The Creditor set forth her proof of claims and her pre-petition statements (defined in section 101(5) of the Bankruptcy Code), as required, in order to preserve her claims against the Debtors, BNC Mortgage Inc., a.k.a. BNC Mortgage LLC, (herein referred to as "BNC"), and Lehman Brother Holdings, Inc. ("*Statement In Support Of Proof of Claim; Objections And Motions To Lift Automatic Stay [11 U.S.C. 362], Order Production of All Documents In Possession of BNC Mortgage Inc., Lehman Brothers Holdings Inc., Etal, Order Blocking Transfer Of Core Assets Under The Bankruptcy Abuse Prevention & Consumer Protection Act, 11 U.S.C. §363(o), Subject Sales Or Transfer By New Purchaser(s) Subject To Provisions of Consumer Claims and Defenses of Consumer Disclosure/Credit Transaction or Contract And Order Exceptions to Discharge Under 11 U.S.C. § 523 Brought Against Debtors' BNC Mortgage LLC and/or Lehman Brothers Holding Inc., Etal.*"), dated September 22, 2009. LBHI or the Plan Administrator objects to the claims because they were received one day later on September 23, 2009, by Epiq Bankruptcy Solutions, LLC And the Legal Team.

2. The Creditor filed her "*Amended Statement In Support Of Proof of Claim -Objections And Motions To Lift Automatic Stay, Order Production of All Documents In Possession of BNC Mortgage Inc., Lehman Brothers Holdings Inc., Etal, Order Blocking Transfer Of Core Assets Under The Bankruptcy Abuse Prevention & Consumer Protection Act, 11 U.S.C. §363(o), Subject Sales Or Transfer By New Purchaser(s) Subject To Provisions of Consumer*

2

*Claims and Defenses of Consumer Disclosure/Credit Transaction or Contract And Order*

*Exceptions to Discharge Under 11 U.S.C. § 523 Brought Against Debtors' BNC Mortgage*

*LLC and/or Lehman Brothers Holding Inc., Etal.*, dated October 20, 2009. The Plan

Administrator objected to the claims because there were received almost a month, as shown

as stamp received on October 21, 2009, by Epiq Bankruptcy Solutions, LLC.

3.  The Creditor filed her Response to the "Debtor's Fortieth Omnibus Objection". (see Exhibit

    "A" - *"Creditor's Objection to Notice of Debtors' Fortieth Omnibus Objection Claims (Late-*

    *Filed Claims); And, Motion To Compel Production of All Documents and agreements In*

    *Possession of BNC Mortgage LLC, Lehman Brothers Holdings Inc., Etal, pursuant rule 2004*

    *of the Federal Rules of Bankruptcy Procedure"*, dated November 4, 2010). The Creditor

    explained the claim delays and technicalities and motioned for discovery requested,

    regarding her claims and statements dated September and amended in October 2009.

    (Exhibits are attached to the Plan Administrator's omnibus objection).

4.  The Debtors initially objected all the claims being late, however, the Creditor never received

    bar date notices and assumed she was on the list of schedules, and therefore, would receive

    all notices and orders. The creditor is not familiar with bankruptcy proceedings and was

    unaware of bar date filing, and mostly realizes what is expected from articles on the Internet

    and later learned from the DebtorMatrix docket.

5.  The Creditor has been waiting for a hearing to obtain an order for requested discovery since

    the filing of her claims, as seen in her Statements and Response. The creditor has been told

    several times by Lehman law firm that discovery would be forthcoming, however, no

    discovery has been sent. The Creditor requires the remaining discovery in order to properly

    amend her claims and affirmatively defend omnibus objections. The Creditor asserts that

3

because of not receiving discovery, not receiving further mail objecting to her claims, not

being placed on the schedules and lists, because all scheduled hearings have been adjourned

by the Debtor, and because of many alternating debtor attorneys handling this case, that this

has caused massive confusion, which is not in the control of the Creditor.

**I - Plan Administrator or LBHI Withdrew All Its Late Claims Objections**

6.  As of September and October, 2009, the only objections the Creditor received were

"Notice(s) of Hearings" for late claims objections.  However, the Creditor also received

about eight "Notice(s) of Adjournment of Hearing / Notice of Adjournment of Debtors One

Hundred Fifty-Eighth Omnibus Objection to Claims (Late-Filed Claims)".  The last hearing

cancelled by the Debtors was filed under *"Claims For Which Objection Is Withdrawn*

*Without Prejudice"*, dated 5/31/12. (see Claims objection withdrawn # 08-13555-jmp Doc

28283 Filed 05/31/12 Entered 05/31/12 14:45:34 Main Document – Creditor listed on Pg 3 of

7 and on Pg 7 of 7.)

7.  confirming the Plan [ECF No. 23023], which became effective on March 6, 2012.

8.  LHBI or the Plan Administrator, under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-

referenced chapter 11 cases, has withdrawn, without prejudice, all its late claim objection of

the Creditor's claims regarding claims listed on its annexed Exhibit A, which is also verified

in its omnibus objections, stating the following objection withdrawals of the Creditor's

claims:  The Plan Administrator's listed *"Focht Claim Grounds for Objection"* (page 9).  The

Plan Administrator's statement admits (under Para. 9 and 10.) that all of the Debtors' 40th

and 158th omnibus claims objections were withdrawn without prejudice.  First, on *"May 31,*

*2012 … as they relate to Focht Claims 34380 and 34381 (ECF No. 28283), filed on*

*September 23, 2009"*.  And the remaining were withdrawn under *"Debtors' 40th and 158th*

*omnibus objections, as they relate to Focht Claims 42914, 42915 and 42916 on January 23,*

*2013 (ECF Nos. 34121 and 34122)"*.

Therefore, because all of these scheduled hearings were adjourned by the debtors,

because all late claim objections were withdrawn, this court should order that all of the

Creditor's claims are deemed timely filed.

### II  Motion For Order of Allowance and Payment And Deeming Claim Nos. 34380, 34381, 42914, 42915, 42916 by Deborah E. Focht as Timely Filed

9.  This Court is authorized to enlarge the time to file claims.  The Federal Rules of Bankruptcy
Procedures provides that the bankruptcy court *"for cause shown may extend the time within
which proofs of claim or interest may be filed."* Fed. R. Bankr. P. 3003(c)(3).

10. Fed. R. Bankr. P. 9006(b)(1) also provides that *"on motion made after the expiration of the
specified period [the court may] permit the act to be done where the failure to act was the
result of excusable neglect."*

11. Under 11 USC § 501 (a) *"A creditor ... may file a proof of claim."*  (d) *"A claim of a kind
specified in section 502 (e)(2), 502 (f), 502 (g), 502 (h) or 502 (i) of this title may be filed
under subsection (a), (b), or (c) of this section the same as if such claim were a claim against
the debtor and had arisen before the date of the filing of the petition."*

12. Under 11 USC § 502(a) *"A claim or interest, proof of which is filed under section 501 of this
title, is deemed allowed, unless a party in interest, ..., objects."*  See In re White, 168 B.R.
825, 828-29 (Bankr. D. Conn. 1994)(claim is deemed allowed absent objection).

13. This court has authority to enlarge the time for filing claims under Bankruptcy Code § 502
(9), which partially states: that *"proof of such claim is not timely filed, except to the extent*

*tardily filed as permitted under paragraph (1), (2), or (3) of section 726 (a) of this title or*

*under the Federal Rules of Bankruptcy Procedure,"* ... .

14. The Creditor filed her claims as a result of the misconduct and material alterations and by

parties involved in forging documents and fraudulent conveyances, which shows prima facia

evidence, and, *inter alia*, of clouding title, unjust enrichment, illegal transfers of document,

and also demonstrates that the involved parties did not come to this court with clean hands,

etc.

15. The Plan Administrator is simply making assumptions in her omnibus objections and is filing

objections without acknowledging the Creditor's request for hearing and discovery.  The

Creditor displays *prima facia* evidence of the direct involvement of BNC and Leman

Brothers, and its affiliates, such as Aurora FSB, and other undisclosed parties and transfers.

(see attached Exibits "B" "Lehman Funds", C "Leh", D "MERS MIN" "E" "Corporate

Assignment(s)"), which were partial discovery given to the Creditor by Well Fargo Trust or

Select Portfolio Servicing, Inc. law firms litigating in the state court case, which is under

appeal, and the exhibits are attached to this Response because they may have been received

after the bar date and filing of claims.

Under the Bankruptcy Code 11 USC § 502 (c) "There shall be estimated for purpose of
allowance under this section—

(1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case
may be, would unduly delay the administration of the case; or

(2) any right to payment arising from a right to an equitable remedy for breach of
performance.

A "party in interest" may object under Bankruptcy Code § 502. This becomes a

"contested matter." *See* Fed. R. Bankr. P. 9014 which discusses how the court should handle

contested matters.  Once the objector produces some evidence, the mere filing of an objection is

6

insufficient to dispute the validity of a claim, and the burden shifts to the claimant. The claimant

bears the ultimate burden of establishing a valid claim by a preponderance of the evidence. See

*In re South Motor Co.*, 161 B.R. 532, 547 (Bankr. S.D. Fla. 1993). Therefore, the burden of

proof is on the debtors because although the Creditor submits supporting evidence to the court,

the debtor didn't submits supporting evidence, but merely made assumptions and statements in

its omnibus objections.

Also under the Bankruptcy Code 11 USC § 502(h) *"A claim arising from the recovery of*

*property under section 522, 550, or 553 of this title shall be determined, and shall be allowed*

*under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this*

*section, the same as if such claim had arisen before the date of the filing of the petition."*

The Creditor was lead to believe that all of the claims were being paid when notices and

forms were mailed and timely sent to Epiq Bankruptcy Solutions, LLC.

—— Original Message ——
From: Garabato, Sidney
To: americanreply@gmx.com
Cc: Garabato, Sidney
Sent: Tuesday, August 28, 2012 1:40 PM
Subject: In re Lehman Brothers Holdings, Inc., et al. - Chapter 11 Inquiry

Dear Debbie:

Epiq Bankruptcy Solutions, LLC ("Epiq") is the official Claims and Noticing agent for the above-referenced
Debtors.

We are in receipt of your inquiry based on the following:

| Call Date | Name/Address | Account# | PhoneNumber | Email | Comments |
|---|---|---|---|---|---|
| 08/21/12 | DEBBIE FOCHT 1613 INGRAM AVE SARASOTA FL 34232-3229 | | 941-350-0561 | americanreply@gmx.com | Ms. Focht has requested wire transfer form to be sent to her. Read FAQ 147. |

You Claim # is **34380, 34381, 42914, 42915, 42916** and to get a status of your claim(s), please
click here:
http://dm.epiq11.com/LBH/Claim#CreditorName=focht,+d&CreditorNameOperator=true&ds=true&ex=false&maxPerPage=25
&page=1.
Please see the below with respect to wire form requests:

And because the Creditor relied on the Debtor's counsel, saying that claims are paid if you receive these notices, and because these forms were sent to all holders of "allowed" claims, as seen on the docket, which partially stated:

> "Notice to Holders of **Allowed** Claims Regarding Plan Distributions
> The required forms were previously mailed to **all holders of allowed claims.** "

The Creditor responds to all notices the Debtors have sent. The creditor notes that Debtor provides too short of notice of hearing and response deadlines, such as February 21, 2013, and therefore, reserves her right to properly respond and amend her claims after all necessary information is sent to the Creditor. And the Creditor was never given required notices of a bar date deadline or notices to attend a creditors meeting in order to question the Debtors. As a result, the Creditor was prejudiced, and was diligent in filing and responding as soon as possible, and demonstrates excusable neglect. The Federal Rules of Bankruptcy Procedures F.R.B.P. Rule 9006(b)(1) allows the court to enlarge the time for filing a proof of claim, if the claimant establishes that the delay in filing is due to "excusable neglect." In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S. Ct. 1489, 1498 (1993), the United States Supreme Court provided a non-exclusive balancing test which examined the following factors to determine whether a claimant's neglect in filing a timely proof of claim was excusable: 1. The danger of prejudice to the debtor if the untimely filing is allowed; 2. The length of the delay and its potential impact on the judicial proceedings; 3. The reason for the delay, including whether the delay was beyond the reasonable control of the person whose duty it was to perform; and, 4. Whether the creditor acted in good faith.

This court had previously allowed creditors to file their claims late because they exhibited "*a reasonable amount of diligence*" to determine the effect of the claims bar date, but missed the deadline because of "justifiable confusion." That these creditors "conscientiously"

tried to comply with the deadline, ... but were justifiably confused as to which of two claims bar

dates applied to their particular claims.

Therefore, this court should enter order for an enlargement of the time for filing claims

deem all of the Creditor's claims, as timely filed or enlargement of the time to respond to any of

the Debtors LBHI or the Plan Administrator's objections after discovery is complete.

CONCLUSION

WHEREFORE the Creditor respectfully requests entry of an order denying the Plan
Administrator's omnibus objections, seeking to disallow and expunge the Claims in their
entirety, grant the Creditor's the relief to enlarge the time for filing claims, deem all claims
requested herein, and grant such other further relief as the Court deems just and proper.


Respectfully Submitted by:

Deborah E. Focht
1613 Ingram Ave
Sarasota, FL 34232


Certificate of Service

Creditor, Deborah E. Focht, hereby, certifies that the, Creditor's Response To Plan
Administrator's omnibus objection to Claims Filed By Deborah E. Focht; Creditor's Motion For
Order of Allowance and Payment Deeming Claim Nos.: 34380, 34381, 42914, 42915, 42916, as
Timely Filed; Or In The Alternate Motion For Discovery And Extension Of Time To File
Amended Claims And Response, has been mailed, emailed or delivered by express mail, on this
20th day of February, 2013.

Deborah E. Focht
1613 Ingram Avenue
Sarasota, Florida 34232
americanreply@gmx.com
(941) 350-0561

VIA OVERNIGHT MAIL
New York, New York, 10004

The Chambers of The Honorable James M. Peck
One Bowling Green, Courtroom
New York, New York, 10004

9

cc :  Attn: Jacqueline Marcus, Esq.
attorneys for the Plan Administrator)
Attn:  Shai Y. Waisman, Esq., attorneys for the Debtors
Robert J. Lemons, Esq. and Lee Goldberg, Esq.,
attorneys for the LBHI and certain of its affiliates;

Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq.,
and Evan Fleck, Esq., attorneys for the Official
Committee of Unsecured Creditors appointed
Attn: Tracy Hope Davis, Esq.,
Elisabetta G. Gasparini, Esq.
and Andrea B. Schwartz, Esq.;

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017