**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Lorraine S. McGowen, Esquire
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

ATTORNEYS FOR TRANSFEREE
BANCA DI CREDITO COOPERATIVO DI ROMA
 SOCIETA COOPERATIVA

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al., | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR
SECURITY PURSUANT TO FED. R. BANKR. P. 3001(e)(2)

A CLAIM HAS BEEN FILED IN THIS CASE by Banca Monte Dei Paschi Di Siena SPA, as agent acting on behalf of one or more of its customers ("Transferor") against Lehman Brothers Holdings Inc. (the "Debtor") in the amount of $152,505,272.33, which has been designated as claim no. 56130 (the "Claim"). Banca Di Credito Cooperativo Di Roma Societa Cooperativa, acting on behalf of one or more of its customers ("Transferee") hereby gives notice, pursuant to Fed. R. Bankr. P. 3001(E)(2), of the transfer by Transferor to Transferee, other than for security, an undivided interest, to the extent of the applicable percentage (together with the relevant allowed amount) specified in schedule 1 attached to the attached Agreement And Evidence Of Partial Transfer Of Claim (Lehman Program Security) in and to Transferor's right, title and interest in and to the security bearing ISIN code XS0305646696. A copy of the evidence of

transfer of claim (the "Evidence of Transfer") is attached hereto and is incorporated herein by this reference.

**Name of Assignee:** BANCA DI CREDITO COOPERATIVO DI ROMA
SOCIETA COOPERATIVA

Name and Address Where
 Notices to Assignee Should be Sent:
Direzione Legale e Contenzioso -
Via dell'Oceano Indiano 13 C
00144 Roma
Italy
Attn: Roberto Palombo
e-mail: r.palombo@roma.bcc.it; m.biondi@roma.bcc.it

**Name of Transferor:** Banca Monte Dei Paschi Di Siena SPA, as Agent

The Transferor has waived its right, pursuant to Fed. R. Bankr. P. 3001(E)(2), to receive from the Clerk of the Court notice of the filing of the Evidence of Transfer and its right to object to such transfer within the twenty (20) day period. The Transferor has stipulated that: (i) an order may be entered recognizing the transfer of the transferred portion as an unconditional transfer; and (ii) the Assignee is the valid owner of the Transferred Portion.

Dated: New York, New York
       February 22, 2013

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: /s/ Lorraine S. McGowen
    Lorraine S. McGowen, Esquire
    51 West 52nd Street
    New York, NY 10019-6142
    Telephone: (212) 506-5000
    Facsimile: (212) 506-5151

**ATTORNEYS FOR TRANSFEREE**
BANCA DI CREDITO COOPERATIVO DI
ROMA SOCIETA COOPERATIVA

## AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, BANCA MONTE DEI PASCHI DI SIENA SPA ("Seller"), [acting on behalf of one or more of its customers (the "Customers") hereby unconditionally and irrevocably sells, transfers and assigns to [BANCA DI CREDITO COOPERATIVO DI ROMA SOCIETA' COOPERATIVA] (the "Purchaser"), acting on behalf of one or more of its customers, and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage (together with the relevant allowed amount) specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the security identified by ISIN code XS0305646696 in the proof of claim having number 56130 filed on 29 Oct 2009 by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim, excluding the first distributions which in the aggregate were equal to USD 1075,59 received by Seller on or about April 17, 2012 and excluding the second distributions which in the aggregate were equal to USD 725,83 received by Seller on or about October 1, 2012 (the "Excluded Distributions"), or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Partial Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller has delivered to Purchaser a true and correct copy of (i) the Notice of Proposed Allowed Claim Amount, dated 24 Aug 2011 (the "First Notice"), (ii) the Revised Notice of Proposed Allowed Claim Amount dated 14 Oct 2011 (the "Revised Notice"), each of which relates to the Proof of Claim, and as of the date hereof, Seller has not received any additional revised Notice of Proposed Allowed Claim Amount; (h) there are no objections to the Transferred Claims; and (i) Seller, on behalf of itself and on behalf of the Customers, has duly and validly submitted to the Debtor's claims agent, Epiq Bankruptcy Solutions, LLC an accurate and appropriate Inland Revenue Service tax form and OFAC certification with respect to the Transferred Claims in accordance with the procedures set out at http://dm.epiq11.com/LBH/Project/default.aspx on 12/06/2011.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser, other than the Excluded Distributions. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method) as Purchaser may designate in writing to Seller. This Agreement and Evidence of Partial Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including on Seller's part, causing any prior seller to execute and deliver) all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed as of the 11th day of January 2013.

BANCA MONTE DEI PASCHI DI SIENA S.P.A.
By: _____
Name: Dott. Alfredo Montalbano
Title: Chief Operating Officer
Piazza Salimbeni, 3
53100 Siena (Italy)

Attn Doriana Fragnelli
Via Rosellini 16 – 20124 Milano
Tel 0039 02 69705714
Email bof.amministrazioneestero@banca.mps.it

BANCA DI CREDITO COOPERATIVO DI ROMA SOCIETA' COOPERATIVA
By: _____
Name: Dott. Daniele Caroni
Title: Direttore Finanza
Viale Oceano Indiano 13/c
00144 Roma

Dott. Rolando Rocchetti
Responsabile Servizio Amministrazione Finanza
Viale Oceano Indiano 13/c – 00144 Roma
Tel. 06 52862645
Email middleoffice@roma.bcc.it

Schedule 1

Transferred Claims

Purchased Claim

0.10917 % of isin XS0305646696 as described in the Proof of Claim, which relates to an allowed amount of USD 29,801.22 of isin XS0305646696;

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN Code | Issuer | Guarantor | Notional Amount (EUR) | Notional Amount (USD)* | Accrued Amount (EUR) | Accrued Amount (USD)* | Allowed Amount (USD) |
|---|---|---|---|---|---|---|---|---|
| LEHMAN BROTHERS TREASURY BV EUR 4.67-2019 | XS0305646696 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 21,000.00 | 29,717.1 | 21,000.00 | 29,717.1 | 29,801.22 |

* Amounts due in EUR have been converted into dollars using the exchange reference rate published by the European Central Bank-Bloomberg] for September 15, 2008.
1 EUR = 1.4151 USD

BANCA DI CREDITO COOPERATIVO DI ROMA
SOCIETA' COOPERATIVA
[signature]

BANCA DI CREDITO COOPERATIVO DI ROMA
SOCIETA' COOPERATIVA
[signature]