UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | : |  Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : |  08-13555 (JMP) |
| | : |
| Debtors. | : |  (Jointly Administered) |

-----------------------------------------------------------------x

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr.P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **LBVN Holdings, L.L.C.** | **Goldman Sachs & Co.** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

P.O. Box 1641
New York, New York 10150
E-mail: lbvn@lbvn.myhostedsolution.net
Phone: N/A
Last Four Digits of Acct #: N/A

With a copy to:
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York  10019-6064
Attention:  Andrew N. Rosenberg
Phone: (212) 373-3158
Facsimile: (212) 492-0158
E-Mail:  arosenberg@paulweiss.com

Name and Address where transferee payments should be sent (if different from above):  N/A

Court Claim # (if known): 67870 (amending 29858)
Amount of Claim as Filed: $91,684,050.00

Allowed Amount of Claim:  $91,684,050.00
Allowed Amount of Claim to be Transferred:
$76,403,375.00, or 83.333333333% of the Allowed Amount of Claim

Date Claim Filed: January 30, 2012 (originally September 22, 2009)

Name and Address of Transferor:

Goldman Sachs & Co.
30 Hudson Street, 36th Floor
Jersey City, NJ 07302
Fax: 212-428-1243
Contact: Andrew Caditz
Phone: 212-357-6240
Email: Andrew.Caditz@gs.com

**\*\*PLEASE SEE ATTACHED EXHIBITS\*\***

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____          Date: February 22 , 2013
Transferee/Transferee's Agent
Andrew N. Rosenberg/Authorized Signatory

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

<u>Exhibit A</u>

Evidence of Transfer of Claim

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

      1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Goldman, Sachs & Co.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **LBVN HOLDINGS, L.L.C.** ("Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof,

      (a) an undivided interest to the extent relating to Seller's record and beneficial ownership interest in commercial paper issued by the Debtor (as defined below) as specified in Schedule 1 attached hereto, in Seller's right, title and interest in and to Proof of Claim Number **67870** (which partially amends Proof of Claim 29858) the "Proof of Claim") filed by or on behalf of Seller's predecessor in interest against Lehman Brothers Holdings, Inc. (the "Debtor") in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court") administered under Case No. 08-13555 (JMP) (the "Purchased Claim"),

      (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever that Seller may have, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, schedule, annex, attachment, document, agreement, supporting documentation and/or other material relating to the Purchased Claim and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim,

      (c) any and all proceeds of any of the foregoing, excluding any principal, interest or other payments relating to the Purchased Security (as defined below) actually received by Seller prior to September 15, 2008 (collectively, as described in clauses (a), (b) and (c), the "Transferred Claims"), and

      (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

      For the avoidance of doubt, the parties agree that (x) the Purchased Claim relates to the Purchased Security specified in Schedule 1 attached hereto, (y) this Agreement relates only to the Purchased Claim and the Purchased Security and not to any other proof of claim ("Other Claim") or other security ("Other Security") of the Seller or any other party, and (z) Seller does not waive, relinquish, assign or transfer to Purchaser any action, claim, right or lawsuit of any nature whatsoever in whole or in part arising out of or in connection with any Other Claim or Other Security.

      2.    Seller hereby represents and warrants to Purchaser and to Purchaser's successors and assigns that: (a) the Proof of Claim was duly and timely filed in accordance with the Court's order setting the deadline for filing proofs of claim and the applicable procedures set forth in that certain Order pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (Dkt. No. 4271); (b) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (c) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (d) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (e) Seller has not

engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor; and (f) no payment or other distribution has been received by or on behalf of Seller in full or partial satisfaction of the Transferred Claims.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the Proceedings, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses (collectively, "Losses"), which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than five (5) business days) remit any payments distributions or proceeds received by Seller after the date of this Agreement in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, each Purchased Security to a DTC account designated in writing by Purchaser to Seller against payment by Purchaser of the Purchase Price. Seller agrees to forward to Purchaser, as soon as reasonably practicable, all notices (not otherwise publicly available in the Proceedings, delivered directly to Purchaser or otherwise) as received by Seller with respect to the Transferred Claims. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of the relevant clearing system with respect to the purchase and sale of each Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

- 2 -

767856v.2 153/05435

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 22 day of February 2013.

GOLDMAN, SACHS & CO.

By: _____
Name:  Dennis Lafferty
          Managing Director
Title:

30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attn:  Michelle Latzoni
Email: gsd.link@gs.com
Tel: (212)934-3921

LBVN HOLDINGS, L.L.C.

By: _____
       Name: Andrew N. Rosenberg
       Title: Authorized Signatory

- 3 -

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 22 day of February 2013.

**GOLDMAN, SACHS & CO.**                          **LBVN HOLDINGS, L.L.C.**


By:_____                By: _____
Name:                                              Name: Andrew N. Rosenberg
Title:                                             Title: Authorized Signatory


30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attn:  Michelle Latzoni
Email: gsd.link@gs.com
Tel: (212)934-3921

- 3 -

767856v.2 153/05435

Schedule 1

Transferred Claims

Purchased Claim

83.3333333% of the Proof of Claim, or $76,403,375.00 (as allowed)

Description of the Purchased Security:

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Claimed/Allowed Amount |
|---|---|---|---|---|---|
| LEHMAN BROTHERS HOLDINGS INC. Issue of $150,000,000 Commercial Paper due March 2009 | 52525KAD4 | Lehman Brothers Holdings Inc. | None | $75,000,000 | $76,403,375.00 |

Schedule 1–1

767856v.2 153/05435

Exhibit B

Proof of Claim

| United States Bankruptcy Court/Southern District of New York | | **PROOF OF CLAIM** |
|---|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 | |
|---|---|---|
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) | Filed: USBC - Southern District of New York |
| Debtors. | (Jointly Administered) | Lehman Brothers Holdings Inc., Et Al. |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor | 08-13555 (JMP)     0000067870 |
| Lehman Brothers Holdings Inc. | 08-13555 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Elliott International L.P.
c/o Elliott Management Corporation
40 West 57th St.
New York, NY 10019

Telephone number: 212-478-2310     Email Address:

Name and address where payment should be sent (if different from above)

Telephone number:     Email Address:

☑ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 29858
(If known)

Filed on: Sept. 22, 2009

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 91,664,050

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See Attachment
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $ _____  Annual Interest Rate _____ %
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____  Basis for perfection: _____
Amount of Secured Claim: $ _____  Amount Unsecured: $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$ _____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

ELLIOTT INTERNATIONAL, L.P.

By: Elliott International Capital Advisors Inc.
as attorney-in-fact

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| January 2, 2012 | |

**FILED / RECEIVED**
**JAN 30 2012**
**EPIQ BANKRUPTCY SOLUTIONS, LLC**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

By: _____
Elliot Greenberg, Vice-President

ATTACHMENT TO AMENDMENT TO PROOF OF CLAIM NUMBER 29858

     1.      This attachment (the "Attachment") is incorporated into and made a part of the proof of claim form to which it is attached (together, the "Proof of Claim Amendment"). This Proof of Claim Amendment amends proof of claim number 29858 (the "Original Claim") timely filed by Wells Fargo & Company (the "Wells Fargo") on September 22, 2009 against Lehman Brothers Holdings Inc. (the "Debtor"). Capitalized terms used herein that are not defined shall have the meanings set forth in the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [docket no. 4271; case no. 08-13555] (the "Bar Date Order").

     2.      Elliott Associates, L.P. ("Associates") is the ultimate assignee and owner of forty percent (40%) of the Original Claim, as reflected by the Notice pursuant to Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure of Partial Transfer of Claim Other Than for Security dated October 4, 2011 [docket no. 20594]. Elliott International, L.P. ("International," and together with Associates, the "Claimant") is the ultimate assignee and owner of sixty percent (60%) of the Original Claim, as reflected by the Notice pursuant to Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure of Partial Transfer of Claim Other Than for Security dated October 4, 2011 [docket no. 20595].

     3.      The Original Claim included a claim for prepetition interest in an unliquidated amount and reserved Claimant's right to amend, clarify, modify or supplement the Original Claim, including, without limitation, to specify additional liquidated amounts due in respect of interest.

     4.      As of the Petition Date, the aggregate amount of accrued and unpaid prepetition interest on the principal amount of the Original Claim was $2,806,750 ("Prepetition Interest Amount"). The Original Claim, which is hereby reasserted by this Proof of Claim Amendment and incorporated herein in full, is hereby amended to increase the aggregate amount of the claim by the Prepetition Interest Amount. Of the Prepetition Interest Amount, $1,122,700 inures to the benefit of the portion of the Original Claim owned by Associates and $1,684,050 inures to the benefit of the portion of the Original Claim owned by International.

     5.      This Attachment is being attached in identical form as part of a Proof of Claim Amendment filed by each of Associates and International. The Proof of Claim Amendments filed by Associates and International, taken together, are intended to amend the Original Claim by the Prepetition Interest Amount and are not intended to be duplicative.

     6.      Claimant reserves the right to withdraw, amend, clarify, modify or supplement this Proof of Claim Amendment, including to specify any further liquidated amounts due, to assert additional claims (including, without limitation, additional administrative expense claims), claims for which a bar date has not yet been set, secured claims, and/or general unsecured claims), and/or to assert additional grounds for its claims against the Debtor. Claimant also reserves all rights accruing to it or its affiliates against the Debtor or its estate, and the submission of this Claim is not intended to be and shall not be construed as (a) an election of remedy or (b) a waiver or limitation of any rights of Claimant or its affiliates. In addition,

Claimant reserves the right to supplement with Proof of Claim Amendment with relevant documents to the extent necessary.  Further, Claimant reserves all rights and remedies against affiliates of the Debtor or any other third party.

7.      This Proof of Claim Amendment shall not be deemed a waiver of Claimant's (i) right to have final orders in noncore matters entered only after *de novo* review by a District Court Judge; (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy, or proceeding related to these cases (to the extent such right has not otherwise been waived); (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal; or (iv) to any other rights, claims, actions, defenses, setoffs, or recoupments to which Claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses, setoffs, and recoupments Claimant expressly reserves.  To the extent that the Debtors has made or makes any claims against Claimant, Claimant reserves its set-off rights, such that all or part of the Proof of Claim Amendment may be secured to the extent of such set-off rights.

8.      This Proof of Claim Amendment amends the Original Claim only to the extent explicitly set forth herein and does not modify it to any other extent.  Claimant continues to assert all claims and rights set forth in the Original Claim and all reservations of rights asserted in the Original Claim are preserved and deemed reasserted herein.

# Kleinberg, Kaplan, Wolff & Cohen, P.C.

Attorneys at Law
551 Fifth Avenue
New York, New York 10176
212.986.6000
Fax: 212.986.8866
www.kkwc.com


January 27, 2012


**VIA FEDEX**

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

Re: <u>In re Lehman Brothers Holdings Inc., case no. 08-13555</u>

To Whom it May Concern:

Please find enclosed an original amendment to proof of claim number 29858 by Elliott Associates L.P. and an original amendment to proof of claim number 29858 by Elliott International L.P., for filing in the above referenced chapter 11 case, and one copy of each amendment. Also enclosed is a postage prepaid, self-addressed envelope. Please file-stamp and return the copies to me in the envelope provided.


Very Truly Yours,

Abbey Walsh

Enclosure



Page 1 of 1

FedEx Service:

is service area is provided for your internal use
. Service must be marked on airbill.

From: (212) 986-6000
Abby Walsh
Kleinberg Kaplan Wolff & Cohen
551 Fifth Avenue
18th Floor
New York, NY 10176

Origin ID: JHCA

FedEx Express

BILL SENDER
SHIP TO: (212) 986-6000
Lehman Brothers Holdings Claims Pro
Epiq Bankruptcy Solutions, LLC
757 3RD AVE FL 3
NEW YORK
NEW YORK, NY 10017

Ship Date: 27JAN12
ActWgt: 1.0 LB
CAD: 4799983/NET3250

Delivery Address Bar Code

Ref #    27789904
Invoice #
PO #
Dept #

SB OGSA

TRK# 7979 9544 5768
0281

MON - 30 JAN A1
PRIORITY OVERNIGHT

10017
NY-US
EWR