B 210A (Form 210A) (12/09)

# United States Bankruptcy Court
# Southern District of New York

In re Lehman Brothers Holdings Inc., et al., Debtors.    Case No. 08-013555 (JMP)
(Jointly Administered)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Goldman, Sachs & Co. | Elliott International, L.P. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Contact: Michelle Latzoni
Email: gsd.link@gs.com

Court Claim # (if known): 30467
Amount of Claim Transferred: $80,459,800.21 in allowed amount
Date Claim Filed: September 22, 2009
Debtor: Lehman Brothers Holdings Inc.

Phone: (212) 934-3921
Last Four Digits of Acct #: _____

Phone: _____
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

769284v.1 153/05435    1

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____  
Dennis Lafferty  
Managing Director  
Name of Transferee/Transferee's Agent

Date: 2/22/13

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

769284v.1 153/05435

2

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Elliott International, L.P.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Goldman Sachs & Co.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 30467 (the "Proof of Claim") filed by or on behalf of Seller against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto,[1] and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), and (d), the "Transferred Claims").

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors of the same class and type as the Purchased Claim; (g) on April 17, 2012 Seller or its predecessor received the first distribution relating to the Transferred Claims in the amount of $2,903,978.44 (the "First Distribution"), and on October 1, 2012 Seller or its predecessor received the second distribution relating to the Transferred Claims in the amount of $1,959,661.99 (the "Second Distribution"); (h) other than the First Distribution and Second Distribution, Seller has not received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims; and (i) the Notice of Proposed Allowed Claim Amount for the Proof of Claim ("Notice") dated August 24, 2011 that was provided to Purchaser is true and correct, and the Seller did not file a written response to the Notice per the terms of the Notice.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the

---

[1] Seller and Purchaser hereby acknowledge that Seller has already delivered the Purchased Security to Purchaser prior to the date of this Agreement and Evidence of Transfer of Claim.

762574v.2 153/05435

Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim no later than the fifth business day after execution of this Agreement. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property on account of the Transferred Claim be delivered or made to Purchaser.

4.     All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses (collectively, "Losses"), which result from Seller's breach of its representations and warranties made herein. To the extent that Purchaser enforces any claim for indemnification or other right, claim or remedy against Seller under this Agreement and receives payment or another remedy from Seller in respect of such right, claim or remedy, Purchaser and Seller agree that, to the extent permitted by law, the Court, the Transferred Claim and any the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, without the need for further action on the part of either Purchaser or Seller, Seller shall be subrogated to all of the rights of Purchaser against any other entity, including any prior seller, with respect to such right, claim or remedy to the extent that Purchaser receives such payment or other remedy from Seller, provided, however, that Seller's subrogated rights shall be subject to Purchaser's right to receive recovery for the Losses.

5.     Following the date of this Agreement, Seller shall promptly (but in any event no later than five (5) business days) remit any payments, distributions or proceeds received by Seller on account of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.     Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer.

7.     Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

[Remainder of page intentionally left blank]

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 22 day of February 2013.

GOLDMAN SACHS & CO.

By: _____
Name: Dennis Lafferty
Title: Managing Director

30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attn: Michelle Latzoni
Email: gsd.link@gs.com
Tel: (212)934-3921

ELLIOTT INTERNATIONAL, L.P.
By: Elliott International Capital Advisors Inc.
as Attorney-in-Fact

By: _____
Name:
Title:

c/o Elliott Management Corporation
40 West 57th Street, 4th Floor
New York, New York 10019

762574v.2 153/05435

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 22 day of February 2013.

**GOLDMAN SACHS & CO.**

By:_____
Name:
Title:

30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attn: Michelle Latzoni
Email: gsd.link@gs.com
Tel: (212)934-3921

**ELLIOTT INTERNATIONAL, L.P.**
By: Elliott International Capital Advisors Inc.
as Attorney-in-Fact

By:_____
Name: Elliot Greenberg
Title: Vice President

c/o Elliott Management Corporation
40 West 57th Street, 4th Floor
New York, New York 10019

762574v.2 153/05435

Schedule 1

Transferred Claims

Purchased Claim

48.92015707% of the Proof of Claim relating to ISIN XS0220691017 = $80,459,800.21 (in allowed amount)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Proof of Claim | Maturity | Allowed Amount |
|---|---|---|---|---|---|---|---|
| 8YR ZERO COUPON | XS0220691017 | LEHMAN BROTHERS TREASURY CO. BV | LEHMAN BROTHERS HOLDING, INC. | EUR 67,275,000.00 | 30467 | 7/18/2013 | USD 80,459,800.21 |

Schedule 1-1

762574v.2 153/05435