UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

In re                                                  : Chapter 11
                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al*.,    : Case No. 08-13555 (JMP)
                                                       :
   Debtors.                                            : (Jointly Administered)

---------------------------------------------------------------- x

## DECLARATION OF JONATHAN OTTING
## IN SUPPORT OF MOTION TO CONSOLIDATE CONTESTED
## MATTER WITH ADVERSARY PROCEEDING AND FOR RELATED RELIEF

I, Jonathan Otting, hereby declare as follows:

1. I am a Principal of Bracebridge Capital, LLC ("Bracebridge Capital"), which serves as the investment manager of FFI Fund Ltd., FYI Ltd. and Olifant Fund, Ltd. (collectively, the "Bracebridge-Managed Funds").

2. I submit this declaration (the "Declaration") in support of the Motion to Consolidate Contested Matter with Adversary Proceeding and for Related Relief, filed contemporaneously herewith (the "Motion") on behalf of the Bracebridge-Managed Funds.

3. Except as otherwise indicated, all statements set forth in this Declaration are based upon (i) my knowledge in my position at Bracebridge Capital, (ii) information supplied to me by other personnel of Bracebridge Capital, the Bracebridge-Managed Funds, or their professionals, (iii) my review of relevant documents, or (iv) my opinion based upon my experience and knowledge of the Bracebridge-Managed Funds. If called upon to testify, I could and would testify to the facts set forth in this Declaration. I am authorized to submit this Declaration.

4. By the Motion, the Bracebridge-Managed Funds seek permission to intervene in and consolidate a pending contested matter between the Lehman Estates and the

33474162_2

Bracebridge-Managed Funds regarding the Bracebridge-Managed Funds' derivative termination claims against LBSF and LBHI (the "Funds Claims Litigation") with an adversary proceeding related to these cases, Adversary Proceeding No. 12-01044 (the "Citi Adversary Proceeding"), that the above-captioned estates (the "Lehman Estates") initiated against Citibank, N.A. and certain of its affiliates (collectively, the "Citibank Defendants").

5. In September 2008, prior to Lehman Brothers Holdings Inc. ("LBHI") filing a petition in Chapter 11, certain of the Citibank Defendants, the Bracebridge-Managed Funds, and Lehman Brothers Special Financing Inc. ("LBSF") negotiated a series of proposed "step-out" transactions (the "Failed Step-Outs"). The Failed Step-Outs concerned (a) a set of swap agreements between the Bracebridge-Managed Funds and LBSF and (b) a corresponding set of swap agreements between LBSF and the Citibank Defendants. Certain of the swap agreements had essentially identical terms and reference securities, except that LBSF was on one side of the swap economically under the swap agreements with the Bracebridge-Managed Funds, and the other side under the swap agreements with the Citibank Defendants. The Failed Step-Outs were intended to allow LBSF to be removed, or "step out," from both sides for the applicable trades, such that the Bracebridge-Managed Funds and the Citibank Defendants would have obligations to each other directly under the revised (novated) trades, and LBSF would have no further obligations to either Bracebridge or the Citibank Defendants with respect to these particular swaps.

6. Before the Failed Step-Outs were consummated, LBHI commenced its Chapter 11 proceeding, following which LBSF informed the Bracebridge-Managed Funds that LBSF would not transfer the collateral posted by the Bracebridge-Managed Funds for the related derivative trades to the Citibank Defendants. Because LBHI is a credit support party, LBHI's

2

33474162_2

Chapter 11 filing constituted an event of default under the underlying two sets of swap agreements. The Bracebridge-Managed Funds terminated their swaps thereafter and the Failed Step-Outs were not consummated.

7.      The Bracebridge-Managed Funds have swap termination claims against LBSF arising from derivative transactions involving approximately 300 distinct trades, with guarantees from LBHI (the "Claims"). Each Bracebridge-Managed Fund has approximately 300 derivative transactions with LBSF, for a total of approximately 900 derivative transactions. The transactions are largely identical between the three Bracebridge-Managed Funds. The Bracebridge-Managed Funds timely filed proofs of claim in the amount of approximately $262 million against both LBSF and LBHI.

8.      The vast majority (approximately 74%) of the transactions that give rise to the swap termination claims are based on residential mortgage-backed securities related derivatives (the "RMBS Derivative Transactions"). The RMBS Derivative Transactions include all of the transactions related to the Failed Step-Outs. In addition, a few of the transactions involved in the Failed Step-Outs are essentially identical (i.e., same reference securities) to other RMBS Derivative Transactions not involved in the Failed Step-Outs.

9.      A specific team of personnel at Bracebridge Capital were involved with the valuation and calculation of the amounts due on each of the RMBS Derivative Transactions, and these same personnel, with others, were heavily involved with the Failed Step-Outs. On a net basis, the swap transactions comprising the Failed Step-Outs had moved in LBSF's favor as of the date of termination, in the amount of approximately $52 million, as asserted in the Bracebridge-Managed Funds' calculation statements and proofs of claim. The Bracebridge-

3

Managed Funds reflected this termination amount in favor of LBSF as a setoff against the Bracebridge-Managed Funds' other Claims.

10.     Prior to and after filing the claims objections that initiated the Funds Claims Litigation, the Lehman Estates requested extensive information from the Bracebridge-Managed Funds regarding the Claims. The Bracebridge-Managed Funds provided large amounts of data covering the underlying swap transactions and termination claim calculations in response. Despite repeated requests from the Bracebridge-Managed Funds, however, the Lehman Estates have yet to provide any detailed information to the Bracebridge-Managed Funds regarding the Claims and the Lehman Estates' proposed valuations of the terminated transactions.

11.     When the Lehman Estates filed the Objections and commenced the Funds Claims Litigation, the Lehman Estates informed the Bracebridge-Managed Funds that the Objections were a prelude, under the Claims Procedures Order, to the Lehman Estates promptly placing the Bracebridge-Managed Funds into the claims mediation program and conducting a mediation. In the 21 months since the Bracebridge-Managed Funds filed their response, the Bracebridge-Managed Funds have repeatedly requested that the Lehman Estates in fact commence the mediation process as promised and consistent with the ADR Procedures. The Lehman Estates have refused to do so.

33474162_2

## Declaration

Pursuant to section 1746 of title 28 of the United States Code, I declare under penalty of perjury that the foregoing is true and correct.

By: _____
Jonathan Otting
Principal, Bracebridge Capital, LLC

Executed on: February 26, 2013

33474162_2