WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                       :
In re                                  :    Chapter 11 Case No.
                                       :
LEHMAN BROTHERS HOLDINGS INC., et al., :    08-13555 (JMP)
                                       :
                      Debtors.         :    (Jointly Administered)
                                       :
-----------------------------------------------------------------x
```

**CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING OMNIBUS CLAIMS**
**OBJECTIONS SCHEDULED FOR HEARING ON FEBRUARY 28, 2013**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

   Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Amended Order Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

   1.  Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), or LBHI as Plan Administrator under the Modified Third Amended Joint Chapter 11

Plan of LBHI and its Affiliated Debtors (the "Plan Administrator"), filed the following motions

US_ACTIVE:\44206807\1\58399.0011

and omnibus claims objections (collectively, the "Claims Objections") with the Court for hearing

on or before February 28, 2013:

    (a)   Two Hundred Seventy-Fifth Omnibus Objection to Claims (Duplicative Claims) **[ECF No. 26239]**

    (b)   Three Hundred Eighty-Ninth Omnibus Objection to Claims (Reduce and Allow Claims) **[ECF No. 34043]**

    (c)   Three Hundred Ninety-First Omnibus Objection to Claims (Settled Derivatives Claims) **[ECF No. 34045]**

    (d)   Three Hundred Ninety-Second Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) **[ECF No. 34046]**

    (e)   Three Hundred Ninety-Third Omnibus Objection to Claims (Duplicative Claims) **[ECF No. 34047]**

        2.       In accordance with the Second Amended Case Management Order, the

Debtors, or the Plan Administrator, as applicable, established deadlines (the "Response

Deadline") for each Claim Objection for parties to object or file responses.  The Response

Deadlines have been extended for certain creditors from time to time.  The Second Amended

Case Management Order provides that pleadings may be granted without a hearing, provided that

no objections or other responsive pleadings have been filed on or prior to the relevant response

deadline and the attorney for the entity who filed the pleading complies with the relevant

procedural and notice requirements.

        3.       The Response Deadlines have now passed and, to the best of my

knowledge, no responsive pleadings to the Claims Objections have been (a) filed with the Court

on the docket of the above-referenced cases in accordance with the procedures set forth in the

Second Amended Case Management Order, or (b) served on counsel to the Debtors or the Plan

Administrator by any of the holders of the claims included on Exhibit 1 to any of the Orders

attached hereto, which include only the proofs of claim for which the Claims Objection will be

granted.  Responses to certain of the Claims Objections were filed on the docket, or served on

the Debtors or the Plan Administrator, by holders of certain proofs of claim included on the

Claims Objections.  The hearing on the Claims Objections as to any proof of claim for which a

response was either filed on the docket or received by the Debtors or the Plan Administrator, and

which response has not been resolved, has been adjourned to a future date.

4.    Accordingly, the Debtors and the Plan Administrator respectfully request

that the proposed orders granting the Claims Objections annexed hereto as Exhibits A through E,

which, except for the inclusion of additional language to indicate that such order is supplemental

to a previously entered order for a Claim Objection or to reference the inclusion of separate

exhibits attached to the proposed orders for proofs of claim for which the Claims Objection is

granted, adjourned or withdrawn, are unmodified since the filing of the Claims Objections, be

entered in accordance with the procedures described in the Second Amended Case Management

Order.

I declare that the foregoing is true and correct.

Dated: February 27, 2013
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

**EXHIBIT A**
**(Proposed Order – ECF No. 26239)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
In re                                                              :        **Chapter 11 Case No.**
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :        **08-13555 (JMP)**
                                                                   :
                                  **Debtors.**                     :        **(Jointly Administered)**
------------------------------------------------------------------------x

### SUPPLEMENTAL ORDER GRANTING TWO HUNDRED SEVENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)

Upon the two hundred seventy-fifth omnibus objection to claims, dated March 12, 2012 (the "Two Hundred Seventy-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Duplicative Claims on the grounds that such claims are duplicative of the corresponding Surviving Claims, either exactly or in substance, all as more fully described in the Two Hundred Seventy-Fifth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Seventy-Fifth Omnibus Objection to Claims having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Seventy-Fifth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates and their creditors and that the legal and factual bases set forth in the Two Hundred Seventy-Fifth

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Seventy-Fifth Omnibus Objection to Claims.

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Seventy-Fifth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "Duplicative Claims") are disallowed and expunged in their entirety with

prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading

"*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register

subject to the Plan Administrator's right to object as set forth herein; and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Duplicative Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that all information included on and all documentation filed in

support of any Duplicative Claims, including, but not limited to, derivative and guarantee

questionnaires and supporting documentation, shall be treated as having been filed in support of

the corresponding Surviving Claims; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the

Duplicative Claims constitutes any admission or finding with respect to any of the Surviving

Claims, and the Plan Administrator's rights to object to the Surviving Claims on any basis are

preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any Surviving Claim, and any claim listed on Exhibit A

annexed to the Two Hundred Seventy-Fifth Omnibus Objection to Claims under the heading

"*Claims to be Disallowed and Expunged*" that is not listed on (i) Exhibit 1 annexed hereto, or (ii)

Exhibit 1 annexed to the *Order Granting Two Hundred Seventy-Fifth Omnibus Objection to*

*Claims (Duplicative Claims)* [ECF No. 27636]; *provided, however*, that if the Court

subsequently orders that a Surviving Claim is not appropriately duplicative of the corresponding

Duplicative Claim, then the claims agent shall be authorized and directed to immediately

reinstate such Duplicative Claim in these chapter 11 cases (the "Reinstated Claim"), and the

rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved;

and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York


_____
    UNITED STATES BANKRUPTCY JUDGE

EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 275: EXHIBIT 1 – DUPLICATIVE CLAIMS**

| | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | LIQUIDATION OPPORTUNITIES MASTER FUND, LP TRANSFEROR: YORVIK PARTNERS LLP C/O ALDEN GLOBAL CAPITAL ATTN: CHRIS SCHOLFIELD 885 THIRD AVENUE NEW YORK, NY 10022 | 01/20/2012 | 08-13555 (JMP) | 67851 | $283,020.00 | LIQUIDATION OPPORTUNITIES MASTER FUND, LP TRANSFEROR: YORVIK PARTNERS LLP C/O ALDEN GLOBAL CAPITAL ATTN: CHRIS SCHOLFIELD 885 THIRD AVENUE NEW YORK, NY 10022 | 10/30/2009 | 08-13555 (JMP) | 60660 | $283,821.15 |
| | | | TOTAL | | $283,020.00 | | | | | |

**EXHIBIT B**
**(Proposed Order – ECF No. 34043)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :      Chapter 11 Case No.
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :      **08-13555 (JMP)**
                                                         :
                              **Debtors.**               :      **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED EIGHTY-NINTH
### OMNIBUS OBJECTION TO CLAIMS (REDUCE AND ALLOW CLAIMS)

Upon the three hundred eighty-ninth omnibus objection to claims, dated January

18, 2013 (the "Three Hundred Eighty-Ninth Omnibus Objection to Claims"),[2] of Lehman

Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended

Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to

section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to reduce and allow the

Reduce and Allow Claims, as more fully described in the Three Hundred Eighty-Ninth Omnibus

Objection to Claims; and due and proper notice of the Three Hundred Eighty-Ninth Omnibus

Objection to Claims having been provided, and it appearing that no other or further notice need

be provided; and the Court having found and determined that the relief requested in the Three

Hundred Eighty-Ninth Omnibus Objection to Claims is in the best interests of the Chapter 11

Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in

the Three Hundred Eighty-Ninth Omnibus Objection to Claims establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Three Hundred Eighty-Ninth Omnibus Objection to Claims.

ORDERED that the relief requested in the Three Hundred Eighty-Ninth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Reduce and Allow Claim listed on <u>Exhibit 1</u> annexed hereto

is reduced and allowed in the modified amount and priority set forth on <u>Exhibit 1</u>, and any

asserted amounts in excess of the modified amount are disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on <u>Exhibit A</u> to the Three Hundred Eighty-

Ninth Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2013
  New York, New York

       _____
       UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 389: EXHIBIT 1 – REDUCE AND ALLOW CLAIMS**

| | NAME | CLAIM # | FILED DATE | DEBTOR | CLASS | ASSERTED AMOUNT | MODIFIED AMOUNT | REASON FOR PROPOSED REDUCTION AND ALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | NICHOLAS EARTH PRINTING ATTN: GOOMATIE DEBA 7021 PORTWEST DRIVE, SUITE 100 HOUSTON, TX 77024-8015 | 586 | 11/10/2008 | Lehman Brothers Holdings Inc. | Unsecured | $118,399.99 | $34,849.99 | The Debtors' records reflect that the portion of Claim 586 in the amount of 83,550.00 relates to a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant for such transaction or transactions. |
| | | | | | TOTAL | $118,399.99 | $34,849.99 | |

**EXHIBIT C**
**(Proposed Order – ECF No. 34045)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                          :        **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :        **08-13555 (JMP)**
                                                               :
                        **Debtors.**                          :        **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED NINETY-FIRST
### OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

Upon the three hundred ninety-first omnibus objection to claims, dated January

18, 2013 (the "Three Hundred Ninety-First Omnibus Objection to Claims"),[3] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF

No. 6664], seeking disallowance and expungement of the Settled Derivatives Claims on the

grounds that the Settled Derivatives Claims are contrary to settlements that the parties have

entered into, all as more fully described in the Three Hundred Ninety-First Omnibus Objection to

Claims; and due and proper notice of the Three Hundred Ninety-First Omnibus Objection to

Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and

Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the

Southern District of New York; (v) each claimant listed on Exhibit A attached to the Three

Hundred Ninety-First Omnibus Objection to Claims; and (vi) all other parties entitled to notice in

---

[3] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Ninety-First Omnibus Objection to Claims.

accordance with the procedures set forth in the second amended order entered on June 17, 2010,

governing case management and administrative procedures for these cases [ECF No. 9635]; and

it appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Three Hundred Ninety-First Omnibus Objection to

Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest

and that the legal and factual bases set forth in the Three Hundred Ninety-First Omnibus

Objection to Claims establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is

      ORDERED that the relief requested in the Three Hundred Ninety-First Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

      ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Settled

Derivatives Claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their

entirety with prejudice; and it is further

      ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on <u>Exhibit A</u> annexed to the Three Hundred

Ninety-First Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and

it is further

      ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2013
     New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 391: EXHIBIT 1 - SETTLED DERIVATIVES CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|------|-------------|-------------|------------|---------|------------------------------|--------------------------|----------------------------------|
| 1 | DIAMOND FINANCE PUBLIC LIMITED COMPANY SERIES 2006-02 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 10/29/2009 | 55571 | Undetermined | Undetermined | No Liability Claim - Derivative Settled |
| 2 | DIAMOND FINANCE PUBLIC LIMITED COMPANY SERIES 2006-02 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/29/2009 | 55572 | Undetermined | Undetermined | No Liability Claim - Derivative Settled |
| | | | TOTAL | | | $0.00 | $0.00 | |

* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT D**
**(Proposed Order – ECF No. 34046)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------------x
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :    08-13555 (JMP)
                                              :
                 Debtors.                     :    (Jointly Administered)
---------------------------------------------------------------------x
```

**ORDER GRANTING THE**
**THREE HUNDRED NINETY-SECOND OMNIBUS OBJECTION TO**
**CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

Upon the three hundred ninety-second omnibus objection to claims, dated January

[ ], 2013 (the "Three Hundred Ninety-Second Omnibus Objection to Claims"),[4] of Lehman

Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States

Code (the "Bankruptcy Code"), Bankruptcy Rule 3007(d) and this Court's order approving

procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking to

reclassify Stock Claims as equity interests, all as more fully described in the Three Hundred

Ninety-Second Omnibus Objection to Claims; and due and proper notice of the Three Hundred

Ninety-Second Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii)

the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United

States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A

attached to the Three Hundred Ninety-Second Omnibus Objection to Claims; and (vi) all other

parties entitled to notice in accordance with the procedures set forth in the second amended order

entered on June 17, 2010, governing case management and administrative procedures for these

---

[4] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Ninety-Second Omnibus Objection to Claims.

cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Three Hundred Ninety-Second Omnibus Objection to Claims is in the best interests of LBHI, its estate, creditors, and all parties in interest and that the legal and factual bases set forth in the Three Hundred Ninety-Second Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Ninety-Second Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto are hereby reclassified as Equity Interests (as that term is defined in the Plan) in LBHI Class 12; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Three Hundred Ninety-Second Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

EXHIBIT 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 392: EXHIBIT 1 – PROOFS OF CLAIM TO BE RECLASSIFIED AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 1 | AWAKAWA,TAKASHI 6-9-19 BABA TSURUMI-KU YOKOHAMA CITY, 230-0076 JAPAN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/03/2009 | 10183 | $2,301.66 |
| 2 | KONTOMINAS,KONSTANTINOS 92 CENTURION BUILDING CHELSEA BRIDGE WHARF 376 QUEENS ROAD LONDON, SW8 4NZ UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31213 | $34.39 |
| 3 | OAKTREE CAPITAL MANAGEMENT, L.P. ATTN: RICHARD TING 333 SOUTH GRAND AVENUE, 28TH FLOOR LOS ANGELES, CA 90071 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18849 | $181,250.00 |
| 4 | WOODERSON PARTNERS, L.L.C. TRANSFEROR: DIAMONDBACK MASTER FUND LTD C/O ROPES & GRAY LLP ATTN: JONATHAN REISMAN PRUDENTIAL TOWER BOSTON, MA 02199-3600 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26910 | $874,270.85* |
| | | | | | TOTAL | $1,057,856.90 |

**EXHIBIT E**
**(Proposed Order – ECF No. 34047)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                :        **Chapter 11 Case No.**
                                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**
                                                     :
                               **Debtors.**          :        **(Jointly Administered)**
------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)

Upon the three hundred ninety-third omnibus objection to claims, dated January 18, 2013 (the "Three Hundred Ninety-Third Omnibus Objection to Claims"),[5] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the duplicative claims on the grounds that such claims are duplicative of the corresponding surviving claims, either exactly or in substance, all as more fully described in the Three Hundred Ninety-Third Omnibus Objection to Claims; and due and proper notice of the Three Hundred Ninety-Third Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Ninety-Third Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Three

---

[5] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Ninety-Third Omnibus Objection to Claims.

Hundred Ninety-Third Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Ninety-Third Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "Duplicative Claims") are disallowed and expunged in their entirety with

prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading

"*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register

subject to the Plan Administrator's right to object as set forth herein; and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Duplicative Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that all information included on and all documentation filed in

support of any Duplicative Claims, including, but not limited to, derivative and guarantee

questionnaires and supporting documentation, shall be treated as having been filed in support of

the corresponding Surviving Claims; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the

Duplicative Claims constitutes any admission or finding with respect to any of the Surviving

Claims, and the Plan Administrator's rights to object to the Surviving Claims on any basis are

preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three

Hundred Ninety-Third Omnibus Objection to Claims under the heading "*Claims to be*

*Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) any Surviving

Claim; *provided, however*, that if the Court subsequently orders that a Surviving Claim is not

appropriately duplicative of the corresponding Duplicative Claim, then the claims agent shall be

authorized and directed to immediately reinstate such Duplicative Claim in these chapter 11

cases (the "Reinstated Claim"), and the rights of all interested parties with respect to the

Reinstated Claim shall be expressly reserved; and it is further

       ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2013
     New York, New York


_____
   UNITED STATES BANKRUPTCY JUDGE

EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 393: EXHIBIT 1 – DUPLICATIVE CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | HSBC TRUSTEE (C.I.) LIMITED ST HELIER JERSEY, JE49PF UNITED KINGDOM | 09/18/2009 | 08-13555 (JMP) | 18874 | $60,003.81* | HSBC TRUSTEE (C.I.) PO BOX 88, 1 GRENVILLE ST ST. HELIER, JERSEY, JE4 9PF UNITED KINGDOM | 10/30/2009 | 08-13555 (JMP) | 58238 | $14,952,924.46* |
| 2 | LEVY, BRUCE 1017 LINDSAY LANE RYDAL, PA 19046 | 09/16/2009 | 08-13555 (JMP) | 14382 | $354,768.00 | LEVY, BRUCE 1017 LINDSAY LANE RYDAL, PA 19046 | 09/16/2009 | 08-13555 (JMP) | 14024 | $600,000.00 |
| 3 | VENETO BANCA HOLDING SCPA PIAZZA G.B. DALL'ARMI, N.1 MONTEBELLUNA (TV), 31044 ITALY | 10/28/2009 | 08-13555 (JMP) | 50666 | $11,320,800.00 | HSBC TRUSTEE (C.I.) PO BOX 88, 1 GRENVILLE ST ST. HELIER, JERSEY, JE4 9PF UNITED KINGDOM | 10/30/2009 | 08-13555 (JMP) | 58238 | $14,952,924.46* |
| | | | TOTAL | | $11,735,571.81 | | | | | |