KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur Steinberg
Scott Davidson

*Counsel for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                :
**In re**                                                       :    **Chapter 11 Case No.**
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**                :    **08-13555 (JMP)**
                                                                :
                                **Debtors.**                    :    **(Jointly Administered)**
                                                                :
-------------------------------------------------------------------x

### STIPULATION AND ORDER REDUCING RESERVE
### CONCERNING PROOFS OF CLAIM NUMBER 28845 AND 28846

WHEREAS, commencing on September 15, 2008 and periodically thereafter Lehman Brothers Holdings Inc. ("**LBHI**" or "**Plan Administrator**"), and certain of its subsidiaries (including Lehman Commercial Paper Inc. ("**LCPI,**" and with LBHI and its other debtor subsidiaries, the "**Debtors**"), filed with the United States Bankruptcy Court for the Southern District of New York ("**New York Bankruptcy Court**") voluntary petitions under Chapter 11 of the Bankruptcy Code.

WHEREAS, on September 22, 2009, LBREP Lakeside SC Master I, LLC ("**Claimant**") filed (i) proof of claim number 28845 (the "**LBHI Claim**") against LBHI in an unliquidated and contingent amount, and (ii) proof of claim number 28846 (the "**LCPI Claim**," and with the LBHI Claim, the "**Claims**") against LCPI in an unliquidated, contingent amount.

WHEREAS, the Claims each assert, among other claims, alleged negligence, equitable indemnification and contribution claims against LBHI and LCPI that may arise from any actions that may be commenced against Claimant based on the payment of a dividend by LBREP/L-SunCal Master I, LLC ("**SunCal Parent**") to its members, including Claimant, in 2006.

WHEREAS, LCPI (but not LBHI) was a lender to SunCal Parent and, in 2008, bankruptcy cases were commenced against SunCal Parent and certain of its subsidiaries (collectively, the "**SunCal Debtors**") in the Bankruptcy Court for the Central District of California ("**California Bankruptcy Court**").

WHEREAS Alfred H. Siegel ("**SunCal Trustee**") was appointed the chapter 11 trustee of the SunCal Debtors' estates.

WHEREAS, the SunCal Trustee commenced an adversary proceeding against Claimant (and other defendants), which was administered by the California Bankruptcy Court (the "**Dividend Action**"), seeking to recover the amount of the dividend paid to Claimant and other equity owners of SunCal Parent, plus pre-judgment interest, as well as incidental, consequential and punitive damages.

WHEREAS, on December 6, 2011, the New York Bankruptcy Court entered an Order confirming the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* ("**Lehman Plan**").

WHEREAS, pursuant to the Lehman Plan, LBHI has been appointed the Plan Administrator for the Debtors' Estates.

WHEREAS, the Dividend Action was pending when the Lehman Plan was confirmed.

WHEREAS, pursuant to the Lehman Plan, the Debtors were required to establish a reserve for the Claims, as they were unliquidated and contingent, and disputed by the Debtors.

WHEREAS, a reserve was established by the Debtors pursuant to the Lehman Plan regarding the Claims in the aggregate amount of $280 million for the Claims (the "**Reserve**").

WHEREAS, subsequent to confirmation of the Lehman Plan and the establishment of the Reserve, the Dividend Action was settled and that settlement ("**Dividend Action Settlement**") was approved by the California Bankruptcy Court, and has been consummated.

WHEREAS, the Claimant's payment obligation in the Dividend Action Settlement was approximately $14 million.

WHEREAS, after good-faith, arms' length negotiations, the Plan Administrator and the Claimant have reached an agreement to reduce the amount of the Reserve established for the Claims.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Plan Administrator and the Claimant (collectively, the "**Parties**"), which stipulation ("**Stipulation**" ), when so-ordered by the New York Bankruptcy Court, shall constitute both an agreement between the Parties and an order of the Bankruptcy Court, as follows:

1.      Each of the foregoing recitals is hereby acknowledged and affirmed as being accurate and complete and is hereby incorporated as part of this Stipulation. Capitalized terms defined in the "WHEREAS" section of this Stipulation are incorporated herein by this reference and are used herein as so defined.

2.      The Reserve previously established by the Debtors in regard to the Claims, in the aggregate amount of $280 million, shall be reduced to $20 million in the aggregate for the Claims (the "**Reduced Reserve**").

3.      The reduction of the Reserve as provided in this Stipulation shall not be deemed to determine or affect in any respect the allowed amount, validity or priority of the Claims for any purpose other than establishing the Reduced Reserve amount for the Claims under the Lehman Plan.

4.      The establishment of the Reduced Reserve, as set forth in this Stipulation, is without prejudice to the Plan Administrator's rights, defenses and objections to the merits, amount and priority of the Claims, and all rights of the Plan Administrator with respect to the Claims are fully preserved

5.      The balance of the Reserve (*i.e.*, $260 million) shall be released from any reserve established pursuant to the Lehman Plan, and considered "Available Cash," as that term is defined in the Lehman Plan.

6.      The individuals executing this Stipulation hereby represent and warrant that they are authorized to execute this Stipulation on behalf of the entities named in their corresponding signature block.

7.      Subject to Paragraph 10 hereof, the Parties represent and warrant to each other that they have obtained all required consents and approvals to enter into and execute this Stipulation.

8.      Upon this Stipulation being fully executed and approved by the New York Bankruptcy Court, the Parties hereto represent and warrant to each other that this Stipulation shall be valid, binding and enforceable by and against each of the Parties hereto, and their successors and assigns.

4

9.      The Parties acknowledge that they have read and fully understand the terms of this Stipulation and agree that they are entering into this Stipulation knowingly and voluntarily and agree to all of its provisions.

10.      This Stipulation is subject to the approval of the New York Bankruptcy Court and shall not take effect and shall not be binding on the Parties until this Stipulation has been approved by the New York Bankruptcy Court.  In the event that this Stipulation is not approved by the New York Bankruptcy Court, then the terms set forth herein shall be automatically null and void and of no force and effect.

11.      Upon this Stipulation being so-ordered by the New York Bankruptcy Court, the terms and provisions of this Stipulation shall be deemed to be an order of the New York Bankruptcy Court and binding on each of the Parties.

12.      The Parties each agree to execute all such further documents as shall be reasonably necessary, required or helpful to carry out the terms, provisions and conditions of this Stipulation.

13.      The Parties agree that the New York Bankruptcy Court shall retain exclusive jurisdiction with respect to all matters arising from or related to this Stipulation.

14.      The Parties each acknowledge that they have each been represented by counsel, have jointly negotiated and prepared this Stipulation and are fully satisfied with all of its terms.  In the event an ambiguity or question of intent or interpretation arises with respect to this Stipulation, this Stipulation shall be construed as if drafted by all Parties, and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any provision of this Stipulation.

15.     This Stipulation shall be governed by and construed in accordance with the substantive law of the State of New York, without regard to the conflict of laws principles thereof.

16.     This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or e-mail transmission, and each of which shall be deemed an original, with the same effect as if the signature thereto were on the same instrument, and such counterparts shall be construed together as one instrument.

17.     This Stipulation constitutes the entire agreement and understanding between the Parties and no Party has made any other promises to or agreements with any other Party other than those contained in this Stipulation. No waiver or modification of any term or condition contained herein shall be valid or binding unless in writing and executed by the Parties hereto.

Dated: New York, NY
        February 13, 2013

| KING & SPALDING LLP | KIRKLAND & ELLIS LLP |
|---|---|
| By:____/s/ Arthur Steinberg_____<br>    Arthur Steinberg<br>A Member of the Firm<br>1185 Avenue of the Americas<br>New York, New York 10036<br>212-556-2100 | By:___/s/ Mark E. McKane_____<br>    Mark E. McKane<br>A Partner of the Firm<br>555 California Street<br>San Francisco, California  94104<br>415-439-1400 |
| *Counsel for Lehman Brothers Holdings Inc., as Plan Administrator* | *Counsel for LBREP Lakeside SC Master I, LLC* |

**SO-ORDERED:**

Dated: New York, New York
        February 28, 2013

_____s/ James M. Peck_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE