UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                             :     Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :     08-13555 (JMP)
                                                                  :
                        Debtors.                          :     (Jointly Administered)
------------------------------------------------------------------x

## ORDER GRANTING THE THREE HUNDRED EIGHTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the three hundred eighty-eighth omnibus objection to claims, dated January 18, 2013 (the "Three Hundred Eighty-Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims to the extent that they assert claims for which the applicable Chapter 11 Estates do not have any liability, all as more fully described in the Three Hundred Eighty-Eighth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Eighty-Eighth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Eighty-Eighth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Eighty-Eighth Omnibus Objection to Claims.

parties in interest and that the legal and factual bases set forth in the Three Hundred Eighty-Eighth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Eighty-Eighth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and expunged, with prejudice, to the extent set forth therein; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three Hundred Eighty-Eighth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto and (ii) any portion of any No Liability Claim that is not the subject of the Three Hundred Eighty-Eighth Omnibus Objection to Claims, which, for the avoidance of doubt, includes those portions of Claim Number 33633 that, as of the date hereof, are reflected on the claims register as being owned by Calanthe Capital, L.L.C., Queensferry M LLC and Credit Suisse Loan Funding LLC in the amounts of $161,518,226.74, $161,518,226.74 and $100,000,000.00, respectively; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       March 1, 2013

                                                       *s/ James M. Peck*
                                          UNITED STATES BANKRUPTCY JUDGE