UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                          :
In re                                        :
                                          :      Case No. 08-13555 (JMP)
LEHMAN BROTHERS                :
HOLDINGS INC., et al.,              :      Chapter 11
                                          :
                Debtors.            :      (Jointly Administered)
                                          :
-------------------------------------------------------X

**NOTICE REGARDING FINAL RESOLUTION OF MATTERS RELATED TO UNITED STATES TRUSTEE'S OBJECTION TO FEES**

**TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE**:

        Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), respectfully submits this statement in response to the Court's directive in its order of February 15, 2013, regarding matters that might remain unresolved following the Memorandum Decision Granting Omnibus Application for Payment of Fees and Reimbursement of Expenses Claimed by Individual Members of the Official Committee of Unsecured Creditors, which the Court entered on February 15, 2013 (the "Fee Decision"). ECF Doc. 34720.

        1.     On February 15, 2012, the United States Trustee filed the Omnibus Objection of the United States Trustee to Creditors' Applications for Reimbursement of Professional Fees and Expenses (the "Objection"). ECF Doc. 25384. The Objection argued that, as a matter of law, the Bankruptcy Code prohibited the payment of certain fees to creditor professionals. In the alternative, the Objection argued that, to the extent the Court held that such fees were allowable under the standards set forth in 11 U.S.C. § 330, certain of such fees should be reduced or disallowed.

1

2. The Fee Decision overruled the legal objections of the United States Trustee but did not explicitly address the United States Trustee's objections regarding the reasonableness of particular fees. Instead, the Fee Decision provides that "The Applicants shall meet and confer with the UST in an effort to resolve any remaining questions as to reasonableness of the fees granted under Section 6.7 of the Plan. Unresolved questions shall be submitted to the Court for a determination of reasonableness in accordance with Section 1129(a)(4)." Fee Decision at 20.

3. The United States Trustee hereby withdraws any remaining objections because the government maintains that fees cannot be awarded on the basis specified in the Fee Decision. The United States Trustee does so without prejudice to her right to raise on appeal any of the issues relating to the Fee Decision.

4. The United States Trustee has advised each of the Applicants that there are no longer any issues on which to meet and confer pursuant to the final paragraph of the Fee Decision. In addition, the United States Trustee does not intend to submit any further questions to the Court for a determination of reasonableness under section 1129(a)(4).

Dated: New York, NY
March 1, 2013

            Respectfully submitted,

            TRACY HOPE DAVIS
            UNITED STATES TRUSTEE

            By: */s/ Susan D. Golden*
               Susan D. Golden
               Trial Attorney
               33 Whitehall Street, 21st Floor
               New York, New York 10022
               (212) 510-0500