**Presentment Date and Time: March 13, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: March 12, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (only if objections filed): March 13, 2013 at 10:00 a.m. (Prevailing Eastern Time)**

**CURTIS, MALLET-PREVOST,**
 **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Counsel for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------------x | | |
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ------------------------------------------------------------------x | | |

**NOTICE OF PRESENTMENT OF ORDER APPROVING**
**SETTLEMENT AGREEMENT RESOLVING CLAIM NUMBER 30077**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed *Order Approving Settlement Agreement Resolving Claim Number 30077* (the "Order") to The Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004, for signature on **March 13, 2013 at 10:00 a.m (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Order with proof of service is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **March 12, 2013 at 10:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Order on **March 13, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: March 6, 2013
      New York, New York

      **CURTIS, MALLET-PREVOST,
      COLT & MOSLE LLP**

By: */s/ L. P. Harrison 3rd*
    L. P. Harrison 3rd
    Cindi Eilbott Giglio
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559

*Counsel for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

-2-

14265827

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                              :     Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :     08-13555 (JMP)
                                                                   :
                    Debtors.                               :     (Jointly Administered)
------------------------------------------------------------x

ORDER APPROVING
SETTLEMENT AGREEMENT RESOLVING CLAIM NUMBER 30077

Upon the Notice of Presentment of Order Approving Settlement Agreement Resolving Claim Number 30077 (the "Notice of Presentment"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, seeking an Order approving the Settlement Agreement Resolving Claim Number 30077 attached hereto as **Exhibit A** (the "Settlement Agreement"); and due and proper notice of the Notice of Presentment having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Settlement Agreement is in the best interests of the entities in the above-referenced chapter 11 cases, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Settlement Agreement is approved; and it is further

[*Remainder of page intentionally left blank.*]

---

[1] Claim Number 30077 was the subject of the Two Hundred Eightieth Omnibus Objection to Claims (No Liability Claims) [Docket No. 27358].

-2-

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York

                                                         UNITED STATES BANKRUPTCY JUDGE

14265827

**<u>Exhibit A</u>**

## SETTLEMENT AGREEMENT RESOLVING CLAIM NUMBER 30077

This settlement agreement (the "Settlement Agreement") is entered into as of March 6, 2013 by and among Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), for itself and as Plan Administrator, under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Chapter 11 Plan")[1] and Brookfield Properties One WFC Co. LLC ("Brookfield") (collectively, the "Parties").

## RECITALS:

A. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries (together, the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code") before the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case No. 08-13555 (JMP). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

B. Pursuant to that certain *Order pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form*, dated July 2, 2009 [Docket No. 4271] (the "Bar Date Order"), the Court established September 22, 2009 as the deadline to file proofs of claim (each a "Proof of Claim") in the chapter 11 cases.

C. On December 6, 2011, the Court approved and entered an order confirming the Chapter 11 Plan [Docket No. 23023]. The effective date of the Chapter 11 Plan was March 6, 2012.

D. On March 10, 2004 Standard Chartered Bank ("SCB") issued an Irrevocable Letter of Credit (the "Letter of Credit") in favor of Brookfield for the account of LBHI.

E. On September 22, 2009, Brookfield filed a Proof of Claim, which was assigned claim number 30077 by the Debtors' court-approved claims and noticing agent (the "Claims Agent"), asserting an unsecured claim in the amount of $36,114,000 against LBHI (the "Brookfield Claim").

F. On September 22, 2009, SCB filed a Proof of Claim (the "SCB Claim"), which was assigned claim number 29759 by the Claims Agent, asserting a liquidated claim in the amount of $90,084.34 for outstanding fees related to the maintenance of the Letter of Credit and a contingent claim.

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed thereto in the Chapter 11 Plan.

Pg 7 of 8

G. The Debtors objected to the Brookfield Claim in the *Debtors' Two Hundred Eightieth Omnibus Objection to Claims (No Liability Claims)* [Docket No. 27358] filed on April 13, 2012 in these Chapter 11 Cases.

H. After good-faith, arms'-length negotiations, the Parties have agreed to resolve the Brookfield Claim pursuant to the terms and conditions set forth in this Settlement Agreement.

## AGREEMENT:

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. Recitals. The Recitals set forth above form an integral part of this Settlement Agreement and are incorporated fully herein.

2. Effective Date. This Settlement Agreement shall become effective once it has been executed by all Parties (the "Effective Date").

3. Brookfield Claim. Upon the Effective Date, the Brookfield Claim shall be disallowed and expunged. Brookfield authorizes the Debtors to provide a copy of this Settlement Agreement to the Claims Agent to update the claims registry for the Brookfield Claim accordingly.

4. The Letter of Credit. LBHI agrees that if it takes any action with respect to the SCB Claim (an "Action"), it shall provide prompt notice of such Action to Brookfield. To fulfill this obligation, the Debtors will provide a copy of this Settlement Agreement to the Claims Agent with the instruction to update the claims registry such that Brookfield shall be added as a compulsory noticing party for the SCB Claim. The address at which Brookfield should be noticed is: Brookfield Financial Properties, LP, 250 Vesey Street, 15th Floor, New York, NY 10281-1023, with a copy to Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104-0050 (Attn: Lorenzo Marinuzzi, Esq.).

5. Standing: The Debtors agree that Brookfield will be deemed a party in interest in any Action.

6. Entire Agreement. This Settlement Agreement contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

7. No Modification. This Settlement Agreement may not be modified other than by signed writing executed by the Parties hereto or by order of the Court.

8. Authority. Each person who executes this Settlement Agreement represents that he or she is duly authorized to do so on behalf of the respective Party hereto and that each such party has full knowledge and has consented to this Settlement Agreement.

9. Counterparts. This Settlement Agreement may be executed in

-2-

14327275

counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Settlement Agreement to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

10. <u>Binding</u>. This Settlement Agreement shall inure to the benefit of, and shall be binding upon, the Parties hereto and their respective successors and assigns.

11. <u>Choice of Law.</u> This Settlement Agreement shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof.

12. <u>Exclusive Jurisdiction</u>. The Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Settlement Agreement. Should the Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Settlement Agreement, such matter shall be adjudicated in either a federal district court in the State of New York or a state court in the State of New York.

**THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS SETTLEMENT AGREEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING AND EXECUTING THE SETTLEMENT AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS SETTLEMENT AGREEMENT.**

LEHMAN BROTHERS HOLDINGS INC.
By: _____
Print Name: Joseph J. Sciametta
Title: Co-Treasurer

Dated: Mar. 6, 2013
New York, New York

BROOKFIELD PROPERTIES ONE WFC CO. LLC
By: _____
Print Name: Lorenzo Marinuzzi, Morrison & Foerster
Title: as Counsel to Brookfield Properties One WFC Co. LLC

Dated: Mar. 6, 2013

-3-

14327275