# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

March 8, 2013

Via Hand Delivery

The Chambers of the Honorable James M. Peck
One Bowling Green
Courtroom 601
New York, New York 10004

> Re: *In re Lehman Brothers Holdings Inc., et al.* Case No. 08-13555 (JMP):
> Discovery Protocol in Giants Stadium LLC's Claim Against the Estate

Dear Judge Peck:

I write on behalf of Giants Stadium LLC ("Giants Stadium") concerning the Court's November 14, 2012 order ("Order") that Giants Stadium and Debtors Lehman Brothers Holdings, Inc. ("LBHI") and Lehman Brothers Special Financing, Inc. ("LBSF") agree upon a protocol for mutual discovery concerning claims 67782 and 68103 ("Claims"). Unfortunately, Giants Stadium is forced to seek the Court's intervention on this issue due to Debtors' continued refusal to agree upon a protocol, including its refusal since February 13, 2013 to even meet and confer on the issue, and its statement on February 28, 2013 that it would not now agree to any such protocol.

## I.    Background

Giants Stadium filed its initial claims on October 17, 2008. After Giants Stadium produced to Debtors nearly 64,000 pages of documents and had its authorized representative sit for a full day of deposition questioning, it became clear that Debtors intended to either object to the Claims or institute an adversary proceeding. Debtors, however, refused to end their Rule 2004 discovery of Giants Stadium and so, on April 14, 2011, Giants Stadium filed an initial motion with this Court to either end Debtors' Rule 2004 discovery or allow Giants Stadium to take reciprocal discovery. [Docket No. 16016.] Debtors vigorously opposed that motion, purportedly on the ground that Debtors were still investigating whether to accept or object to the Claims, and Giants Stadium continued that motion while the parties engaged in a nine-month long mediation. Given the failure of that mediation, Giants Stadium submitted a renewed motion on October 12, 2012. [Docket No. 31339.] At the November 14, 2012 omnibus hearing, the Court determined that "there is no foreseeable outcome here in which Lehman is not

The Chambers of the Honorable James M. Peck                                -2-

objecting [to the Claims], or bringing affirmative claims relief" (Exhibit ("Ex.") A (11/14/12 Hr'g Tr.) at 58:5-7), and ordered that "counsel meet and confer in an effort to develop what I'll call a reciprocal discovery protocol" (*id.* at 57:25-58:3).

Since then, Debtors—clearly unhappy with the Court's ruling—have thrown up numerous roadblocks to stall and undermine the reciprocal discovery protocol ordered by the Court. As reflected in the e-mail correspondence between the parties, after two months of negotiating a discovery protocol, on January 15, 2013, Debtors and Giants Stadium had reached agreement on numerous aspects of the protocol, including (i) the schedule for the mutual production of documents and the ability to make further requests for production (Paragraph 1); (ii) the provision for noticing party depositions (Paragraph 2); (iii) third-party subpoenas (Paragraph 3); and (iv) the terms of the confidentiality of the discovery (Paragraph 4). (Ex. B (1/15/13 e-mail from Michael Firestone, counsel for Debtors).)

**II.     The January 22, 2013 Telephonic Conference**

As of January 15, the only outstanding issue was Debtors' insistence that they had the unilateral right to terminate the mutual discovery at any point in time by filing an objection to the Claims or instituting an adversary proceeding, regardless of whether Giants Stadium had outstanding discovery requests that were as yet unfulfilled by Debtors (Paragraph 5). (*Id.*) The parties requested, and on January 22, 2013 the Court so held, a telephone conference during which the Court expressed that, if it were to rule on the issue at that time, it would rule that Giants Stadium could complete discovery that it had requested by the time Debtors filed their objection or instituted an adversary proceeding.

On January 29, 2013, Giants Stadium sent Debtors a revised discovery protocol reflecting the Court's comments on the January 22, 2013 call. (Ex. C (1/29/13 e-mail from Bruce Clark, counsel for Giants Stadium).) Proposed Paragraph 5 stated:

> Nothing in this agreement prevents Lehman, in its sole discretion, from concluding at any time its 2004 investigation and making a determination to pursue litigation or file an objection to the claims submitted by Giants Stadium. In that event, the 2004 process and this agreement will terminate, except for paragraph 4 [regarding the applicability of the confidentiality agreement] and except that discovery and/or depositions already requested, noticed or subpoenaed may be completed[,] and the parties will be entitled to whatever rights they have in any adversary proceeding or contested matter to conduct discovery.

On February 4, 2013, Debtors responded to Giants Stadium's proposal by suggesting changes not only to Paragraph 5 of the draft protocol, but also to Paragraph 3

The Chambers of the Honorable James M. Peck                                                      -3-

of the draft protocol concerning third-party discovery. (Ex. D (2/4/13 Firestone e-mail).) In other words, Debtors sought to renegotiate terms of the protocol to which they already had agreed. Debtors' proposed change to Paragraph 3 apparently would have stripped Giants Stadium of the ability to seek discovery from third parties from whom Debtors intended to serve discovery. Giants Stadium has attempted to have Debtors clarify the meaning of their proposed changes to Paragraph 3, but Debtors, as described below, have refused to meet and confer on the issue. As to Paragraph 5, Debtors and Giants Stadium sent each other counter-proposals. (Ex. E (2/4/13 Clark e-mail); Ex. F (2/11/13 Firestone e-mail).)

### III. Debtors Refuse to Meet and Confer and Renege on the Protocol

On February 13, Giants Stadium stated that Debtors' latest proposal on Paragraph 5 was unacceptable and asked Debtors to provide Giants Stadium with times during which Debtors could meet and confer on the issue. (Ex. G (2/13/13 e-mail of Matthew Schwartz, counsel for Giants Stadium).) On three separate occasions, Debtors' counsel stated that they would provide such times.

- On February 13, Debtors' counsel stated in an e-mail that it was "[h]appy to set up a time to talk," but provided no times for doing so. (Ex. H (2/13/13 e-mail of Richard Slack, counsel for Debtors).)

- After Giants Stadium again asked Debtors (by phone) for times to meet and confer, Debtors' counsel called Giants Stadium's counsel on February 14 and said that Debtors would propose times to meet and confer later on February 14 or on February 15. Once again, Debtors' counsel never did.

- On February 22, after further inquiries from Giants Stadium's counsel, Debtors' counsel called Giants Stadium's counsel and explained that the delay in proposing times for a meet and confer was that Debtors' general counsel had been on vacation. Debtors' counsel represented that Debtors would provide meet and confer times for early in the week of February 25. Once again, Debtors' counsel never did.

On February 28, 2013, Giants Stadium again requested that Debtors provide times for a meet and confer on the discovery protocol. (Ex. I (2/28/13 Schwartz e-mail).) Instead, later that day, Debtors' counsel sent an e-mail stating: "It appears that we are not going to reach agreement on a broader discovery protocol," and proposing to limit Giants Stadium's rights in the protocol to receiving documents from Debtors in response to Giants Stadium's initial requests. (Ex. J (2/28/13 Firestone e-mail).) In other words, after months of drawn-out negotiations that had culminated in almost full agreement on a protocol, and after repeatedly representing that they would meet and confer on the remaining issue, Debtors simply reneged on the protocol.

The Chambers of the Honorable James M. Peck-4-

## IV.Requested Relief

Debtors' pattern of behavior makes clear that they have no intent to abide voluntarily by the Court's November 14, 2012 Order and the Court's guidance during the January 22, 2013 conference. Indeed, Debtors refuse to meet and confer to even explain their most recent proposed changes to the draft discovery protocol. Accordingly, Giants Stadium asks the Court to enter the attached order setting forth a protocol for mutual discovery. This proposed order represents Giants Stadium's latest proposal on the discovery protocol, with newly proposed deadlines due to Debtors' delays.

Sincerely,

*Bruce E. Clark, mbs*

Bruce E. Clark
Attorney for Giants Stadium LLC

cc: (via e-mail):Richard Slack, Esq.
Michael Firestone, Esq.
(Weil, Gotshal & Manges LLP)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| Debtors. | : Jointly Administered |

**[PROPOSED] ORDER REGARDING DISCOVERY PROTOCOL BETWEEN GIANTS STADIUM LLC AND DEBTORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

It is hereby **ORDERED** that:

1. Responses and objections to document demands. Giants Stadium LLC ("Giants Stadium") and Lehman Brothers Holdings Inc. and Lehman Brothers Special Financing Inc. (jointly, "Lehman") each have document demands pending against the other. Each will serve responses and objections or amended responses and objections to those pending demands. Written responses to document requests should be served by March 15, 2013, with responsive documents produced by March 29, 2013. Lehman and Giants Stadium reserve all rights to serve additional document requests at any time, and to serve responses and objections to such requests. For purposes of Rule 2004 document demands only between Lehman and Giants Stadium, neither side will be required to prepare or serve a privilege log. Lehman and Giants Stadium do not waive their rights to obtain a privilege log from any third party which they subpoena under the Rule 2004 order. Each side reserves the right to require privilege logs in discovery in a contested matter or adversary proceeding, if necessary, and the parties reserve the right to object as necessary.

2. Party depositions. At this Rule 2004 stage, neither side will seek a Rule 30(b)(6) deposition of the other. Each side may seek to depose one or more specific individuals with personal knowledge (not more than two individuals in connection with the 2004 process) from either Giants Stadium or Lehman, and will provide notice to the other side of such depositions on or before March 29, 2013. At the time of the notice, the party seeking the deposition will make a proffer of the relevant personal knowledge they seek to elicit in the deposition. The parties agree to meet and confer, if necessary, concerning those depositions. Depositions will commence after April 8, 2013.

3. Third-party subpoenas. Each party will make a good faith attempt to identify by March 22, 2013 any third parties from whom they may seek documents or testimony in the 2004 process. This identification is not meant to limit the third-party discovery that may be sought in either the 2004 process or in a contested matter or adversary proceeding. Each party will serve notices and subpoenas on third parties on or before April 8, 2013. Each party will be allowed to participate in any such third-party deposition, and each party will send to the other party documents it receives in response to a third-party subpoena. Giants Stadium acknowledges that to the extent it wishes to serve discovery requests on any third party, it must seek permission from the Bankruptcy Court to do so under Rule 2004. Lehman reserves the right to object to any such motion on any and all grounds.

4. All discovery from the date of this agreement forward is to be governed by the existing confidentiality agreement and treated as useable in any eventual adversary

proceeding or contested matter, and not to be repeated in any such contest, absent a showing of good cause.

5. Nothing in this agreement prevents Lehman, in its sole discretion, from concluding at any time its 2004 investigation and making a determination to pursue litigation or file an objection to the claims submitted by Giants Stadium. In that event, the 2004 process and this agreement will terminate, except for paragraph 4 and except that discovery and/or depositions already properly noticed or subpoenaed (or referred to the Court for an issuance of a subpoena) may be completed subject to all objections (which are expressly preserved herein) other than the termination of Lehman's 2004 investigation, and the parties will be entitled to whatever rights they have in any adversary proceeding or contested matter to conduct or object to discovery.

Dated: _____, 2013
       New York, New York

                                          THE HONORABLE JAMES M. PECK
                                          UNITED STATES BANKRUPTCY JUDGE