# EXHIBIT B

**WorkcoorNY**

| | |
|---|---|
| **From:** | michael.firestone@weil.com |
| **Sent:** | Tuesday, January 15, 2013 10:54 AM |
| **To:** | Clark, Bruce E.; Schwartz, Matthew A. |
| **Cc:** | Slack, Richard; Hoelzer, Lauren |
| **Subject:** | FW: discovery protocol |

Bruce and Matt – following up on our call from yesterday, attached is our latest proposal for the discovery protocol.  Some of these changes have already been discussed and agreed to in our meet and confer, but please note the following additional changes:

1. In paragraph 1, we have changed the date for responses and objections from Jan. 15 (today) to Jan. 31.
2. In paragraph 2, we have moved the start date for depositions to Mar. 1, but have removed the end date for depositions.
3. In paragraph 5, we have added language to address the issues you raised during our calls of last week and yesterday.

Please let us know if these changes are acceptable.

Michael


1. Responses and objections to document demands.  Each of us has document demands pending.  Each of us will serve responses and objections or amended responses and objections to those pending demands. Written responses to document requests should be served by January ~~15~~, 31 2013, with responsive documents produced by March 15, 2013.  Lehman and Giants Stadium reserve all of their rights to serve additional document requests, and to object to any such requests.  For purposes of Rule 2004 document demands only between Lehman and Giants Stadium, neither side will be required to prepare or serve a privilege log.  Lehman and Giants Stadium do not waive their rights to obtain a privilege log from any third party which they subpoena under the Rule 2004 order.  Each side reserves the right to require privilege logs in discovery in a contested matter or adversary proceeding, if necessary, and the parties reserve the right to object as necessary.

2. Party depositions. At this Rule 2004 stage, neither side will seek a Rule 30 (b)(6) deposition of the other. Each side may seek to depose one or more specific individuals with personal knowledge (not more than 2 individuals in connection with the 2004 process) from either Giants Stadium or Lehman, and will provide notice to the other side of such depositions on or before March 1, 2013.  At the time of the notice, the party seeking the deposition will make a proffer of the relevant personal knowledge they seek to elicit in the deposition. The parties agree to meet and confer, if necessary, concerning those depositions. Depositions will ~~take place between February~~ April commence after March 1, 2013 ~~and April 30, May 31,~~ 2013, ~~unless otherwise agreed by the parties~~.

3. Third party subpoenas. Each party will make a good faith attempt to identify by February 1, 2013 any third parties from whom they may seek documents or testimony in the 2004 process. This identification is not meant to limit the third party discovery that may be sought in either the 2004 process or in a contested matter or adversary proceeding. Each party will serve notices and subpoenas on third parties on or before ~~March 15~~, April 1, 2013. Each party will be allowed to participate in any such third-party deposition, and each party will send to the other party documents it receives in response to a third-party subpoena.  Giants Stadium acknowledges that to the extent it wishes to serve discovery requests on any third party, it must seek permission from the Bankruptcy Court to do so under Rule 2004.  Lehman reserves the right to object to any such motion on any and all grounds.

4. All discovery from the date of this agreement forward is to be governed by the existing confidentiality agreement and treated as useable in any eventual adversary proceeding or contested matter, and not to be repeated in any such contest, absent a showing of good cause.

5. Nothing in this agreement prevents Lehman, in its sole discretion, from concluding at any time its 2004 investigation and making a determination to pursue litigation or file an objection to the claims submitted by Giants Stadium. In that event, the 2004 process and this agreement will terminate, ~~(except for paragraph 4~~ and except to the extent that such termination may not prejudice Giants Stadium (*e.g.*, Lehman cannot take its depositions and then terminate the process prior to allowing Giants Stadium to take its scheduled depositions)~~ and the parties will be entitled to whatever rights they have in contested matters to conduct discovery.  **Lehman agrees that it will not terminate its investigation before producing documents to Giants Stadium pursuant to paragraph 1 above, or within three business days of a deposition scheduled by Giants Stadium.**

---

**From:** Schwartz, Matthew A. [mailto:schwartzmatthew@sullcrom.com]
**Sent:** Friday, January 11, 2013 11:54 AM
**To:** Firestone, Michael; Clark, Bruce E.
**Cc:** Slack, Richard
**Subject:** RE: discovery protocol

Michael,

We could do 3:15 to 4:15 on Monday.

Regards,
Matt

Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Tel: +1 212 558 4197
Fax: +1 212 291 9481
schwartzmatthew@sullcrom.com

---

**From:** Firestone, Michael [mailto:Michael.Firestone@weil.com]
**Sent:** Friday, January 11, 2013 11:40 AM
**To:** Schwartz, Matthew A.; Clark, Bruce E.
**Cc:** Slack, Richard
**Subject:** RE: discovery protocol

Matt and Bruce: Are you free for a call this coming Monday afternoon (sometime between 3 and 5 PM) to discuss the status of the discovery protocol?

Michael

---

**From:** Schwartz, Matthew A. [mailto:schwartzmatthew@sullcrom.com]
**Sent:** Thursday, January 03, 2013 2:32 PM
**To:** Firestone, Michael; Clark, Bruce E.; Slack, Richard
**Subject:** RE: discovery protocol

Michael,

How about having a conference call at 4pm on Monday?

2

Matt

Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Tel: +1 212 558 4197
Fax: +1 212 291 9481
schwartzmatthew@sullcrom.com

---

**From:** Firestone, Michael [mailto:Michael.Firestone@weil.com]
**Sent:** Thursday, January 03, 2013 10:31 AM
**To:** Schwartz, Matthew A.; Clark, Bruce E.; Slack, Richard
**Subject:** RE: discovery protocol

Bruce and Matt,

Thank you for your proposal; while we've taken a number of your changes, there are some items to which we cannot agree. Our mark-up is below. It probably makes sense to go over any outstanding issues over the phone. With respect to the mediation, it is up to the mediator – not the parties – to determine whether the mediation is, in fact, formally over.

Regards,

Michael

1. <u>Responses and objections to document demands</u>. Each of us has document demands pending. Each of us will serve responses and objections or amended responses and objections to those pending demands. Written responses to document requests should be served by January 15, 2013, with responsive documents produced by March 15, 2013. ~~Any future document requests must be served by March 31, 2013, with responsive documents produced within 60 days.~~ For purposes of Rule 2004 document demands only between Lehman and Giants Stadium, neither side will be required to prepare or serve a privilege log. Lehman and Giants Stadium do not waive their rights to obtain a privilege log from any third party which they subpoena under the Rule 2004 order. Each side reserves the right to require privilege logs in discovery in a contested matter or adversary proceeding, if necessary, and the parties reserve the right to object as necessary.

2. <u>Party depositions</u>. At this Rule 2004 stage, neither side will seek a Rule 30 (b)(6) deposition of the other. Each side may seek to depose one or more specific individuals with personal knowledge (not more than 2 individuals in connection with the 2004 process) from either Giants Stadium or Lehman, and will provide notice to the other side of such depositions on or before March 1, 2013. At the time of the notice, the party seeking the deposition will make a proffer of the relevant personal knowledge they seek to elicit in the deposition. The parties agree to meet and confer, if necessary, concerning those depositions. Depositions will take place between <span style="color:red">February</span> ~~April~~ 1, 2013 and April 30, 2013, unless otherwise agreed by the parties.

3. <u>Third party subpoenas</u>. Each party will make a good faith attempt to identify by ~~March~~ <span style="color:red">February</span> 1, 2013 any third parties from whom they may seek documents or testimony in the 2004 process. This identification is not meant to limit the third party discovery that may be sought in either the 2004 process or in a contested matter or adversary proceeding. Each party will serve notices and subpoenas on third parties on or before March 15, 2013. Each party will be allowed to participate in any such third-party deposition, and each party will send to the other party documents it receives in response to a third-party subpoena. Giants Stadium acknowledges that to the extent it wishes to serve discovery requests on any third party, it must seek permission from the Bankruptcy Court to do so under Rule 2004. Lehman reserves the right to object to any such motion on any and all grounds.

3

4. All discovery from the date of this agreement forward is to be governed by the existing confidentiality agreement and treated as useable in any eventual adversary proceeding or contested matter, and not to be repeated in any such contest, absent a showing of good cause.

5. Nothing in this agreement prevents Lehman, in its sole discretion, from concluding at any time its 2004 investigation and making a determination to pursue litigation or file an objection to the claims submitted by Giants Stadium. In that event, the 2004 process and this agreement will terminate, (except for paragraph 4 ~~and except to the extent that such termination may not prejudice Giants Stadium (*e.g.*, Lehman cannot take its depositions and then terminate the process prior to allowing Giants Stadium to take its scheduled depositions)~~ and the parties will be entitled to whatever rights they have in contested matters to conduct discovery.

---

**From:** Schwartz, Matthew A. [mailto:schwartzmatthew@sullcrom.com]
**Sent:** Wednesday, January 02, 2013 3:38 PM
**To:** Firestone, Michael; Clark, Bruce E.; Slack, Richard
**Subject:** RE: discovery protocol

Michael,

Just checking in on this.

Matt

Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Tel: +1 212 558 4197
Fax: +1 212 291 9481
schwartzmatthew@sullcrom.com

---

**From:** Schwartz, Matthew A.
**Sent:** Wednesday, December 19, 2012 11:03 AM
**To:** Firestone, Michael; Clark, Bruce E.; Slack, Richard
**Subject:** RE: discovery protocol

Michael,

     Thanks. We have some modifications we'd like to make to your proposal. They are set forth below. If the proposed changes are okay with you, we can proceed. Also, we might as well formally agree that the mediation is over. Agreed?

Regards,
Matt

1. <u>Responses and objections to document demands</u>.  Each of us has document demands pending. Each of us will serve responses and objections or amended responses and objections to those pending demands. Written responses to document requests should be served by January 15, 2013, with responsive documents produced by March 15, 2013.  Any future document requests must be served by March 31, 2013, with responsive documents produced within 60 days.  For purposes of Rule 2004 document demands only between Lehman and Giants Stadium, neither side will be required to prepare or serve a privilege log.  Lehman and Giants Stadium do~~es~~ not waive ~~its~~ their right~~s~~ to obtain a privilege log from any third party which they ~~it~~ subpoena~~s~~ under the Rule 2004 order.  Each side reserves the right to

4

require privilege logs in discovery in a contested matter or adversary proceeding, if necessary, and the parties reserve the right to object as necessary.

2. <u>Party depositions</u>. At this Rule 2004 stage, neither side will seek a Rule 30 (b)(6) deposition of the other. Each side may seek to depose one or more specific individuals with personal knowledge (not more than 2 individuals in connection with the 2004 process) from either Giants Stadium or Lehman, and will provide notice to the other side of such depositions on or before March 1, 2013. At the time of the notice, the party seeking the deposition will make a proffer of the relevant personal knowledge they seek to elicit in the deposition. The parties agree to meet and confer, if necessary, concerning those depositions. Depositions will take place between ~~February~~ April 1, 2013 and April ~~1~~ 30, 2013, unless otherwise agreed by the parties.

3. <u>Third party subpoenas</u>. Each party will make a good faith attempt to identify by March 1 ~~January 15~~, 2013 any third parties from whom they may seek documents or testimony in the 2004 process. This identification is not meant to limit the third party discovery that may be sought in either the 2004 process or in a contested matter or adversary proceeding. Each party will serve notices and subpoenas on third parties on or before March 15, 2013. Each party will be allowed to participate in any such third-party deposition, and each party will send to the other party documents it receives in response to a third-party subpoena. Giants Stadium acknowledges that to the extent it wishes to serve discovery requests on any third party, it must seek permission from the Bankruptcy Court to do so under Rule 2004. Lehman reserves the right to object to any such motion on any and all grounds.

4. All discovery from the date of this agreement forward is to be governed by the existing confidentiality agreement and treated as useable in any eventual adversary proceeding or contested matter, and not to be repeated in any such contest, absent a showing of good cause.

5. Nothing in this agreement prevents Lehman, in its sole discretion, from concluding at any time its 2004 investigation and making a determination to pursue litigation or file an objection to the claims submitted by Giants Stadium. In that event, the 2004 process and this agreement will terminate, ~~(~~except for paragraph 4 and except to the extent that such termination may not prejudice Giants Stadium (*e.g.*, Lehman cannot take its depositions and then terminate the process prior to allowing Giants Stadium to take its scheduled depositions) and the parties will be entitled to whatever rights they have in contested matters to conduct discovery.


Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Tel:  +1 212 558 4197
Fax: +1 212 291 9481
schwartzmatthew@sullcrom.com

---

**From:** Firestone, Michael [mailto:Michael.Firestone@weil.com]
**Sent:** Wednesday, December 19, 2012 9:33 AM
**To:** Clark, Bruce E.; Slack, Richard
**Cc:** Schwartz, Matthew A.
**Subject:** RE: discovery protocol

Bruce – I'm following up on my email below. Could you please let us know your client's position on our proposal?

Regards,

Michael

---

**From:** Firestone, Michael
**Sent:** Tuesday, December 11, 2012 6:14 PM

**To:** 'Clark, Bruce E.'; Slack, Richard
**Cc:** Schwartz, Matthew A.
**Subject:** RE: discovery protocol

Bruce and Matt, our counterproposal to your suggested discovery protocol is below:

1. <u>Responses and objections to document demands</u>. Each of us has document demands pending. Each of us will serve responses and objections or amended responses and objections to those pending demands. Written responses to document requests should be served by January 15, 2013. For purposes of Rule 2004 document demands only between Lehman and Giants Stadium, neither side will be required to prepare or serve a privilege log. Lehman does not waive its right to obtain a privilege log from any third party which it subpoenas under the Rule 2004 order. Each side reserves the right to require privilege logs in discovery in a contested matter or adversary proceeding, if necessary, and the parties reserve the right to object as necessary.

2. <u>Party depositions</u>. At this Rule 2004 stage, neither side will seek a Rule 30 (b)(6) deposition of the other. Each side may seek to depose one or more specific individuals with personal knowledge (not more than 2 individuals in connection with the 2004 process) from either Giants Stadium or Lehman, and will provide notice to the other side of such depositions on or before March 1, 2013. At the time of the notice, the party seeking the deposition will make a proffer of the relevant personal knowledge they seek to elicit in the deposition. The parties agree to meet and confer, if necessary, concerning those depositions. Depositions will take place between February 1, 2013 and April 1, 2013, unless otherwise agreed by the parties.

3. <u>Third party subpoenas</u>. Each party will make a good faith attempt to identify by January 15, 2013 any third parties from whom they may seek documents or testimony in the 2004 process. This identification is not meant to limit the third party discovery that may be sought in either the 2004 process or in a contested matter or adversary proceeding. Each party will serve notices and subpoenas on third parties on or before March 1, 2013. Each party will be allowed to participate in any such third-party deposition, and each party will send to the other party documents it receives in response to a third-party subpoena. Giants Stadium acknowledges that to the extent it wishes to serve discovery requests on any third party, it must seek permission from the Bankruptcy Court to do so under Rule 2004. Lehman reserves the right to object to any such motion on any and all grounds.

4. All discovery from the date of this agreement forward is to be governed by the existing confidentiality agreement and treated as useable in any eventual adversary proceeding or contested matter, and not to be repeated in any such contest, absent a showing of good cause.

5. Nothing in this agreement prevents Lehman, in its sole discretion, from concluding at any time its 2004 investigation and making a determination to pursue litigation or file an objection to the claims submitted by Giants Stadium. In that event, the 2004 process and this agreement will terminate (except for paragraph 4) and the parties will be entitled to whatever rights they have in contested maters to conduct discovery.

---

**From:** Clark, Bruce E. [mailto:ClarkB@sullcrom.com]
**Sent:** Monday, December 10, 2012 3:07 PM
**To:** Slack, Richard; Firestone, Michael
**Cc:** Schwartz, Matthew A.
**Subject:** discovery protocol

Richard and Michael, following up on our meet and confer on Friday, here is a further suggestion:

1. Responses and objections to document demands. Each of us has document demands pending. As you suggested, each of us will serve responses and objections or amended responses and objections to those pending demands. We think we need a date by which that should happen, and suggest January 15, 2013. For purposes of Rule 2004 document demands only, neither side will be required to prepare or serve a privilege log. You have made it clear that each side should

reserve the right to require privilege logs in other discovery, and we reserve the right to try to change your minds or object as necessary.

2. Party depositions. At this Rule 2004 stage, neither side will seek a Rule 30 (b)(6) deposition of the other. Each side may seek to depose one or more specific individuals, and on or before March 1, 2013 will make a proffer as to what relevant knowledge they believe the deponent may have. Depositions will take place between March 1, 2013 and April 1, 2013, unless otherwise agreed by the parties.

3. Third party subpoenas. Each party may identify third parties whose depositions they will seek and serve notices and subpoenas accordingly on or before March 1, 2013. Each party will be allowed to participate in any such third-party deposition, and each party will send to the other party documents it receives in response to a third-party subpoena.

4. All discovery is to be governed by the existing confidentiality agreement and treated as useable in any eventual adversary proceeding or contested matter, and not to be repeated in any such contest.

We look forward to hearing from you. Thanks.

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.