# EXHIBIT C

**WorkcoorNY**

| | |
|---|---|
| **From:** | Clark, Bruce E. |
| **Sent:** | Tuesday, January 29, 2013 2:40 PM |
| **To:** | michael.firestone@weil.com |
| **Cc:** | Schwartz, Matthew A. |
| **Subject:** | Proposal |
| **Attachments:** | 01.29.2013.PDF |

Michael, as discussed, here is our proposed protocol which we believe reflects Judge Peck's comments on the telephone the other day. Please let us know if we can agree on this form of protocol. Thanks.

1. Responses and objections to document demands. Each of us has document demands pending. Each of us will serve responses and objections or amended responses and objections to those pending demands. Written responses to document requests should be served by January 31, 2013, with responsive documents produced by March 15, 2013. Lehman and Giants Stadium reserves all rights to serve additional document requests at any time, and to serve responses and objections to such requests. For purposes of Rule 2004 document demands only between Lehman and Giants Stadium, neither side will be required to prepare or serve a privilege log. Lehman and Giants Stadium do not waive their rights to obtain a privilege log from any third party which they subpoena under the Rule 2004 order. Each side reserves the right to require privilege logs in discovery in a contested matter or adversary proceeding, if necessary, and the parties reserve the right to object as necessary.

2. Party depositions. At this Rule 2004 stage, neither side will seek a Rule 30 (b)(6) deposition of the other. Each side may seek to depose one or more specific individuals with personal knowledge (not more than 2 individuals in connection with the 2004 process) from either Giants Stadium or Lehman, and will provide notice to the other side of such depositions on or before March 1, 2013. At the time of the notice, the party seeking the deposition will make a proffer of the relevant personal knowledge they seek to elicit in the deposition. The parties agree to meet and confer, if necessary, concerning those depositions. Depositions will commence after March 1, 2013.

3. Third party subpoenas. Each party will make a good faith attempt to identify by February 1, 2013 any third parties from whom they may seek documents or testimony in the 2004 process. This identification is not meant to limit the third party discovery that may be sought in either the 2004 process or in a contested matter or adversary proceeding. Each party will serve notices and subpoenas on third parties on or before April 1, 2013. Each party will be allowed to participate in any such third-party deposition, and each party will send to the other party documents it receives in response to a third-party subpoena. Giants Stadium acknowledges that to the extent it wishes to serve discovery requests on any third party, it must seek permission from the Bankruptcy Court to do so under Rule 2004. Lehman reserves the right to object to any such motion on any and all grounds.

4. All discovery from the date of this agreement forward is to be governed by the existing confidentiality agreement and treated as useable in any eventual adversary proceeding or contested matter, and not to be repeated in any such contest, absent a showing of good cause.

5. Nothing in this agreement prevents Lehman, in its sole discretion, from concluding at any time its 2004 investigation and making a determination to pursue litigation or file an objection to the claims submitted by Giants Stadium. In that event, the 2004 process and this agreement will terminate, except for paragraph 4 and except that discovery and/or depositions already requested, noticed or subpoenaed may be completed) and the parties will be entitled to whatever rights they have in any adversary proceeding or contested matter to conduct discovery.