# EXHIBIT F

**WorkcoorNY**

| | |
|---|---|
| **From:** | michael.firestone@weil.com |
| **Sent:** | Monday, February 11, 2013 10:23 AM |
| **To:** | Clark, Bruce E. |
| **Cc:** | Schwartz, Matthew A.; Slack, Richard |
| **Subject:** | RE: Proposal |

Bruce,

The language that we proposed inserting in paragraph 3 of the draft protocol merely reflects the agreement of the parties on this point and therefore should be unobjectionable. To the extent you believe that the statement creates ambiguities, we would be happy to consider alternative language that you propose.

With respect to paragraph 5, we cannot agree to refrain from terminating the Rule 2004 investigation if Giants Stadium has merely "requested" a deposition. The term "requested" is vague and might be interpreted as allowing Giants Stadium to simply send a letter stating it wants to take a number of depositions without properly noticing those depositions or obtaining Court approval. While we are willing to allow properly noticed and set depositions to go forward notwithstanding the termination of the Debtors' 2004 investigation, we are not willing to agree to vague language that speaks to merely requesting depositions. Again, if you have alternate language that you believe is more clear, we are happy to consider it.

Michael

---

**From:** Clark, Bruce E. [mailto:ClarkB@sullcrom.com]
**Sent:** Monday, February 04, 2013 12:18 PM
**To:** Firestone, Michael
**Cc:** Schwartz, Matthew A.; Slack, Richard
**Subject:** RE: Proposal

Michael, as to your proposal: the change to paragraph 1 is fine with us; the new language in paragraph 3 should be stricken. We had already agreed on this paragraph without this language, and you are introducing unnecessary ambiguities. For example, are you saying that we would be limited to whatever documents you subpoenaed or whatever topics you raise? Of course that's not acceptable. Presumably this would only apply during the 2004 process, but it doesn't say that either. We should go back to the language we already had agreed on; the language in paragraph 5 seems to restate what is said above, but we would not accept the striking of "requested" because if we have sought Rule 2004 discovery we would want the right to pursue it.

We should resolve this before the omnibus hearing on Wednesday. We had only one issue between us before we spoke to Judge Peck, and he was quite clear on his disposition toward resolution of that one issue.

---

**From:** Firestone, Michael [mailto:Michael.Firestone@weil.com]
**Sent:** Monday, February 04, 2013 11:24 AM
**To:** Clark, Bruce E.
**Cc:** Schwartz, Matthew A.; Slack, Richard
**Subject:** RE: Proposal

Bruce and Matt,

Our comments to your draft are attached.

1

Regards

Michael

---

**From:** Clark, Bruce E. [mailto:ClarkB@sullcrom.com]
**Sent:** Tuesday, January 29, 2013 2:40 PM
**To:** Firestone, Michael
**Cc:** Schwartz, Matthew A.
**Subject:** Proposal

Michael, as discussed, here is our proposed protocol which we believe reflects Judge Peck's comments on the telephone the other day. Please let us know if we can agree on this form of protocol. Thanks.

---

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.