# EXHIBIT H

**WorkcoorNY**

---

| | |
|---|---|
| **From:** | Schwartz, Matthew A. |
| **Sent:** | Wednesday, February 13, 2013 9:36 AM |
| **To:** | 'Slack, Richard' |
| **Cc:** | michael.firestone@weil.com; Clark, Bruce E. |
| **Subject:** | RE: Proposal |

Richard,

I am glad that you are "happy to set up a time to talk", but, unfortunately, you have not given me any times that you are available to do so.

As for who is holding up this process, you are the ones who are now trying to do things like renegotiate the language paragraph 3, to which the parties had agreed several weeks ago. You are also the ones who delayed this process by weeks by making us have that ridiculous conference call with the Court, through which the judge's time was wasted by forcing him to reaffirm the obvious point that you can't simply manipulate the mutual discovery process to advantage yourselves. And you are the ones who, for years now, have incredibly maintained that you are still "investigating" the claims. So please, just give me some times this week when you are free to meet and confer.

Matt

Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Tel: +1 212 558 4197
Fax: +1 212 291 9481
schwartzmatthew@sullcrom.com

---

**From:** Slack, Richard [mailto:richard.slack@weil.com]
**Sent:** Wednesday, February 13, 2013 9:26 AM
**To:** Schwartz, Matthew A.
**Cc:** michael.firestone@weil.com; Clark, Bruce E.
**Subject:** Re: Proposal

We are not going to agree that if we terminate the 2004s and you have simply asked the court for permission to take third party discovery that we cannot argue to the Court that the 2004 discovery should be denied any further discovery should be done under the federal rules.

We understand that you have felt emboldened to ask for more and more based on the Court's informal statements, but your attempt to seek much more than you originally asked for in the original protocol is now holding this up. You should go back and look at your original proposal on the protocol. It included none of what you are now demanding.

Happy to set up a time to talk though.

Sent from my iPad

On Feb 13, 2013, at 9:14 AM, "Schwartz, Matthew A." <schwartzmatthew@sullcrom.com> wrote:

> Michael,

1

This is obviously not acceptable to us. It also does not address paragraph 3. Please let us know some times this week when you are available for a meet and confer.

Regards,
Matt

Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Tel: +1 212 558 4197
Fax: +1 212 291 9481
schwartzmatthew@sullcrom.com

**From:** Firestone, Michael [mailto:Michael.Firestone@weil.com]
**Sent:** Tuesday, February 12, 2013 7:08 PM
**To:** Schwartz, Matthew A.; Clark, Bruce E.
**Cc:** Slack, Richard
**Subject:** RE: Proposal

Matt – here is our counterproposal on paragraph 5; I have highlighted the relevant text:

Nothing in this agreement prevents Lehman, in its sole discretion, from concluding at any time its 2004 investigation and making a determination to pursue litigation or file an objection to the claims submitted by Giants Stadium. In that event, the 2004 process and this agreement will terminate, except for paragraph 4 and except that (a) discovery and/or depositions already properly noticed or subpoenaed may be completed subject to all objections (which are expressly preserved herein) other than the termination of Lehman's 2004 investigation and **(b) discovery and/or depositions already referred to the Court for an issuance of a subpoena may be pursued subject to objections on all grounds including that Lehman has terminated its 2004 investigation and therefore the subpoenas should not issue**. Notwithstanding anything in this protocol except paragraph 4, the parties will be entitled to whatever rights they have in any adversary proceeding or contested matter to conduct or object to discovery.

Michael

**From:** Schwartz, Matthew A. [mailto:schwartzmatthew@sullcrom.com]
**Sent:** Monday, February 11, 2013 2:55 PM
**To:** Firestone, Michael; Clark, Bruce E.
**Cc:** Slack, Richard
**Subject:** RE: Proposal

Michael,

It was disappointing to read your e-mail below, which represents yet another unnecessary delay that your team has introduced into the already months-long delay in starting mutual discovery. Indeed, it took a full week for you to response to Bruce e-mail about your proposed changes to the discovery protocol, and as the only thing you have done is to try to throw the ball back in our court. Your e-mail seems designed to drag this process out further.

As to paragraph 3, we don't agree that the additional language you proposed on February 4 reflects the "agreement of the parties". In fact, the language we had prior to your proposed addition was the agreement of the parties, as that language was no longer being negotiated and the only thing left to do to the protocol was to finalize paragraph 5. Furthermore, your e-mail fails to address any of

2

Bruce's concerns, and the only thing you have done is asked us to propose language that we have said we do not want to include.  Please (i) drop your proposed additional language, (ii) directly address the substance of Bruce's concerns, or (iii) propose language addressing his concerns.

        As to paragraph 5, we propose the following language below

5. Nothing in this agreement prevents Lehman, in its sole discretion, from concluding at any time its 2004 investigation and making a determination to pursue litigation or file an objection to the claims submitted by Giants Stadium. In that event, the 2004 process and this agreement will terminate, except for paragraph 4 and except that discovery and/or depositions already properly noticed or subpoenaed (or referred to the Court for an issuance of a subpoena) may be completed subject to all objections  (which are expressly preserved herein) other than the termination of Lehman's 2004 investigation, and the parties will be entitled to whatever rights they have in any adversary proceeding or contested matter to conduct or object to discovery.

        Please give us your response by end of business today so we decide whether we need to prepare to appear before Judge Peck this week on this issue if needed.  We are also available for a meet and confer by phone.

Matt

Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Tel:  +1 212 558 4197
Fax: +1 212 291 9481
schwartzmatthew@sullcrom.com

---

**From:** Firestone, Michael [mailto:Michael.Firestone@weil.com]
**Sent:** Monday, February 11, 2013 10:23 AM
**To:** Clark, Bruce E.
**Cc:** Schwartz, Matthew A.; Slack, Richard
**Subject:** RE: Proposal

Bruce,

The language that we proposed inserting in paragraph 3 of the draft protocol merely reflects the agreement of the parties on this point and therefore should be unobjectionable.  To the extent you believe that the statement creates ambiguities, we would be happy to consider alternative language that you propose.

With respect to paragraph 5, we cannot agree to refrain from terminating the Rule 2004 investigation if Giants Stadium has merely "requested" a deposition.  The term "requested" is vague and might be interpreted as allowing Giants Stadium to simply send a letter stating it wants to take a number of depositions without properly noticing those depositions or obtaining Court approval.  While we are willing to allow properly noticed and set depositions to go forward notwithstanding the termination of the Debtors' 2004 investigation, we are not willing to agree to vague language that speaks to merely requesting depositions. Again, if you have alternate language that you believe is more clear, we are happy to consider it.

Michael

**From:** Clark, Bruce E. [mailto:ClarkB@sullcrom.com]
**Sent:** Monday, February 04, 2013 12:18 PM
**To:** Firestone, Michael
**Cc:** Schwartz, Matthew A.; Slack, Richard
**Subject:** RE: Proposal

Michael, as to your proposal: the change to paragraph 1 is fine with us; the new language in paragraph 3 should be stricken. We had already agreed on this paragraph without this language, and you are introducing unnecessary ambiguities. For example, are you saying that we would be limited to whatever documents you subpoenaed or whatever topics you raise? Of course that's not acceptable. Presumably this would only apply during the 2004 process, but it doesn't say that either. We should go back to the language we already had agreed on; the language in paragraph 5 seems to restate what is said above, but we would not accept the striking of "requested" because if we have sought Rule 2004 discovery we would want the right to pursue it.

We should resolve this before the omnibus hearing on Wednesday. We had only one issue between us before we spoke to Judge Peck, and he was quite clear on his disposition toward resolution of that one issue.

**From:** Firestone, Michael [mailto:Michael.Firestone@weil.com]
**Sent:** Monday, February 04, 2013 11:24 AM
**To:** Clark, Bruce E.
**Cc:** Schwartz, Matthew A.; Slack, Richard
**Subject:** RE: Proposal

Bruce and Matt,

Our comments to your draft are attached.

Regards

Michael

**From:** Clark, Bruce E. [mailto:ClarkB@sullcrom.com]
**Sent:** Tuesday, January 29, 2013 2:40 PM
**To:** Firestone, Michael
**Cc:** Schwartz, Matthew A.
**Subject:** Proposal

Michael, as discussed, here is our proposed protocol which we believe reflects Judge Peck's comments on the telephone the other day. Please let us know if we can agree on this form of protocol. Thanks.

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.