**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re                                          :    Chapter 11
                                               :    Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :
                                               :    Jointly Administered
                   Debtors.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION AND ORDER GOVERNING THE PRODUCTION AND USE OF DISCOVERY MATERIAL

This Stipulation and Order is entered into and submitted to the Court in

accordance with the agreement of counsel for Lehman Brothers Holdings, Inc. and Canary

Wharf Management Ltd., Heron Quays (HQ2) T1 Limited and Heron Quays (HQ2) T2 Limited

(each, a "Party" and collectively, the "Parties") that discovery requested and other information

provided in connection with this contested matter concerning proofs of claim numbers 14824 and

14826 (the "Contested Matter") may involve the production of information considered sensitive,

confidential, personal, proprietary, and/or protected by statutory or other legal privilege, and it

appearing to the Court that there is good and sufficient cause that the relief should be granted,

IT IS THEREFORE ORDERED:

1.      The terms of this Stipulation and Order shall take full force and effect

upon execution by the Parties and shall be binding on each of the Parties, their attorneys and

representatives in the above-captioned Chapter 11 case and any related alternative dispute

resolution ("ADR") proceeding.

2.      This Stipulation and Order shall govern all discovery relating to the

Contested Matter and any related ADR proceeding, including, but not limited to, documents,

deposition testimony, deposition exhibits, interrogatory responses, admissions, and any other

information produced, filed with or submitted to the Court and/or given or exchanged by and among the Parties and any non-parties who produce documents in this Contested Matter.  This information is hereinafter referred to as "Discovery Material."

3.       Any Party or non-party who produces Discovery Material (each, a "Producing Party" and, collectively, the "Producing Parties") may designate as "Confidential" any Discovery Material that it reasonably believes contains information that is (i) not generally available to the public, and (ii) sensitive commercial, financial or business information, sensitive personal information, trade secrets or other confidential research, development, or commercial information the public disclosure of which may adversely affect the Producing Party (or a third party that supplied the Discovery Material).  All information derived from Confidential Discovery Material, including but not limited to extracts, summaries, and descriptions of such material, shall be treated as Confidential in accordance with the provisions of this Stipulation and Order.

4.       Documents shall be designated as confidential:

(a) in the case of paper documents, by placing or affixing the word "Confidential" on each such document;

(b) in the case of electronically stored information produced in electronic form, by (i) affixing to the physical media on which any such information is produced the word "Confidential" or the words "Contains Confidential Information" and by indicating in writing what portions of the electronically stored information are Confidential, or (ii) affixing, by electronic means, to each document or other electronically stored information the word "Confidential";

(c) in the case of deposition testimony or deposition exhibits, by designating the testimony or exhibits as Confidential either on the record during the

- 2 -

deposition itself or by written notice (which may be by email) delivered within five (5)

business days following receipt of the final transcript by the Party who seeks to designate

such deposition testimony or exhibits as Confidential.  Even if no party has designated

deposition testimony as Confidential, the deposition testimony will be treated as

Confidential until the five (5) business day period following receipt of the final transcript

has expired.  Where deposition testimony or exhibits are designated as Confidential, the

deposition transcript or deposition exhibits shall be so marked as Confidential, as

appropriate.

5.    The inadvertent failure to designate Discovery Material as Confidential at

the time of production or within the time frame set forth in paragraph 4(c) above with respect to

deposition testimony or exhibits, may be remedied at any time thereafter by written notice.

Upon the service of such notice, the identified materials shall be fully subject to this Stipulation

and Order as if the materials had been initially designated as Confidential except for any such

materials already publicly disclosed prior to service of such notice.  In the event that the material

has been publicly disclosed prior to service of such notice, the Party that made the material

publicly available shall take reasonable steps to remove the document from the public domain or

otherwise have the document placed under seal.

6.    All Discovery Material, and any documents or information derived

therefrom, shall be used or disclosed by the receiving Party solely for purposes of the Contested

Matter, and any related ADR proceeding, and may not be used for any other purpose whatsoever,

including, but not limited to, any business or commercial purpose, for dissemination to the media

or the public, or in connection with any other judicial, administrative, or arbitral proceeding.

Any person receiving Discovery Material or any information derived therefrom under

Paragraphs 7 or 8 of this Stipulation and Order shall not reveal or discuss such information to or with any person who is not entitled to receive such information.

7.      Discovery Material designated by another Party as Confidential pursuant to this Stipulation and Order shall be inspected by and disseminated only to the following persons:

(a) the Parties to the Contested Matter, including the Parties' officers, directors, managers, and employees (including in-house counsel), who are assisting counsel for the Parties in the conduct of the Contested Matter for use in accordance with this Stipulation and Order;

(b) experts or consultants assisting outside counsel of record in the conduct of this Contested Matter, subject to Paragraph 8(a) of this Stipulation and Order;

(c) counsel for the Parties in the Contested Matter and regular and temporary employees of such counsel assisting in the conduct of the action for use in accordance with the terms of this Stipulation and Order, including without limitation third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with the action;

(d) trial or deposition witnesses (and their counsel), subject to Paragraph 8(b) of this Stipulation and Order;

(e) the Court and Court personnel, subject to Paragraph 10 of this Stipulation and Order;

(f) any third-party mediator, settlement judge, or arbitrator selected by the Parties or assigned by the Court;

(g) court reporters and videographers engaged for recording testimony in connection with this Contested Matter; and

(h) any other person the Producing Party agrees to in writing.

8.      Discovery Material designated by another Party or non-party as "Confidential" may be provided to persons:

(a) listed in Paragraph 7(b) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of the Contested Matter, provided that such expert or consultant is using said Confidential Discovery Material solely in connection with the Contested Matter or any related ADR proceeding; and further provided that such expert or consultant confirms their understanding and agreement to abide by the terms of this Stipulation and Order by signing a confidentiality statement in the form attached as Exhibit A hereto, which shall be maintained by counsel for the Party who received the Confidential Discovery Material and who seeks to disclose such Confidential Discovery Material.

(b) Before a Party or its counsel may show or disclose Discovery Material designated by another Party as "Confidential" to any person listed in Paragraph 7(d) (to the extent such person is not covered by Paragraphs 7(a), (b), (c), (e), (f), (g), or (h) above), that person shall be advised that the Confidential Discovery Material is disclosed subject to this Stipulation and Order and may not be disclosed other than pursuant to its terms.  All persons listed in Paragraph 7(d) (to the extent such persons are not covered by Paragraphs 7(a), (b), (c), (e), (f), (g), or (h) above), who are given access to Confidential Discovery Material, shall be either (i) required to confirm their understanding and agreement to abide by the terms of this Stipulation and Order by signing a confidentiality statement in the form attached as Exhibit B hereto, which shall be maintained by counsel

for the Party who received the Confidential Discovery Material who seeks to disclose

such Confidential Discovery Material, or (ii) ordered by a court with jurisdiction over the

witness to abide by the terms of this Stipulation and Order.

9.      The inadvertent production of any Discovery Material subject to a claim

of confidentiality, attorney-client privilege, attorney work product, or any other privilege or

discovery exemption shall not be deemed to be a waiver of any claim of privilege,

confidentiality, or other protection from discovery or otherwise with respect to that or any other

Discovery Material.  The circumstances or manner in which the inadvertent production occurred

shall similarly not evidence an intention to waive any claim of privilege, confidentiality or other

protection from discovery, nor shall a Party use the circumstances or manner in which an

inadvertent production occurred as a basis for challenging any claim of privilege, confidentiality

or other protection from discovery with respect to the inadvertently produced Discovery

Material.  In the event that any Discovery Material that is subject to a claim that it is confidential,

privileged, or protected from discovery on any other ground is inadvertently produced, within

three (3) business days after receipt of written notice (by letter or email) from the Producing

Party that the Discovery Material was inadvertently produced, the Party who received the

inadvertently produced Discovery Material shall return to the Producing Party the inadvertently

produced Discovery Material and all copies of it, or shall certify that all copies of such

Discovery Material have been deleted or destroyed.

10.      To the extent that any Confidential Discovery Material (or any pleading,

motion or memorandum referring to such Discovery Material) is proposed to be filed or is filed

with the Court, the filing party shall seek to file that Confidential Discovery Material, or any

portion of any pleading, motion or memorandum which discloses confidential information, under

seal.  Even if the filing Party believes that the materials are not properly classified as

Confidential Discovery Material, the filing Party shall file an Interim Sealing Motion; provided,

however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the

filing Party's rights under paragraph 11 of this Stipulation and Order.

11.    If at any time a Party objects to the designation of Discovery Material as

Confidential under this Stipulation and Order, including any Discovery Material filed under seal

in accordance with paragraph 10, or objects to the designation of a particular document as

subject to any privilege or immunity from disclosure, the objecting Party shall notify the

designating Party in writing (which may be by email).  The objecting Party shall identify the

Discovery Material in question and shall specify in reasonable detail the reasons for the

objection.  Within five (5) business days of the receipt of such notice, the disclosing and

objecting Parties shall meet and confer in an effort to resolve their differences.  If the Parties

cannot resolve their differences, the objecting Party may apply within five (5) business days

thereafter, or such longer time as the Parties may agree, for a ruling from the Court on the

propriety of the designation or claim of privilege or immunity from disclosure.  While any such

application is pending, purportedly Confidential Discovery Material that is subject to the

application shall remain Confidential until the Court rules.  Similarly, documents subject to a

claim of privilege or immunity from disclosure shall not be held or maintained by an objecting

Party while the Court addresses the issue but shall be returned or destroyed as set forth in

paragraph 9, provided that the objecting Party may keep a copy solely for the purpose of

challenging the claim.  The Producing Party shall have the burden of proving, to the Court's

satisfaction and by a preponderance of the evidence, that the Discovery Material qualifies as

confidential, privileged or otherwise immune from discovery under the applicable legal

standards.

12.     Nothing herein shall prevent any Party from seeking further, greater, or lesser protection with respect to the use of any Confidential Discovery Material in connection with any trial, hearing, or other proceeding in this case, or seeking to prevent Confidential Discovery Material from being provided to persons described in paragraph 7 of this Stipulation and Order.

13.     Nothing in this Stipulation and Order shall be construed as preventing any Party from objecting to the designation of any Discovery Material as confidential or preventing any Party from seeking further protection from the Court for any Discovery Material.

14.     Within forty-five (45) days after the final conclusion of this Contested Matter, including all appeals, all Discovery Material and all copies thereof, shall either be (a) returned to the Producing Party or (b) destroyed, provided that counsel for each Party may retain (i) one copy of any pleading or other paper filed with the Court in the action, and (ii) any attorney work product that refers to any Discovery Material, as to which the other terms of this Stipulation and Order shall remain in effect.  If the receiving Party chooses to destroy any such Discovery Material, then that Party shall certify the destruction to the Producing Party.

15.     This Stipulation and Order shall not be construed to affect in any way the admissibility of any Discovery Material or other documents or information.

16.     Nothing herein shall be construed to limit any Producing Party's use or disclosure of its own documents, materials, or information or information and documents that are already in that Party's possession or obtained from sources other than the adverse Party.  In addition, nothing herein shall prevent or in any way limit any Party's disclosure, use, or dissemination of any information or documents including any Discovery Material produced by another Party that is in or becomes part of the public domain.

17.     Any entity that is not a Party hereto that is producing Discovery Material

may be included in this Stipulation and Order by endorsing a copy of this Stipulation and Order

and delivering it to the requesting Party who, in turn, will serve it upon counsel for the other

Parties.  The Parties may designate Discovery Material produced by a non-party as

"Confidential" in accordance and consistent with the terms and provisions of this Stipulation and

Order.

18.     This Stipulation and Order shall not prevent any Party from applying to

the Court for further or additional protective orders, for the modification of this Stipulation and

Order, or from agreeing with other Parties to modify this Stipulation and Order, subject to the

approval of the Court.

19.     The Court retains exclusive jurisdiction to enforce, modify, or vacate all or

any portion of this Stipulation and Order upon appropriate motion by a part in interest.

20.      Nothing in this Stipulation and Order shall relieve a party of its

obligations under the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil

Procedure or under any future stipulations and orders.

21.     This Stipulation and Order may be signed by the Parties in counterparts.

Dated this 6th day of March, 2013.

WEIL, GOTSHAL & MANGES LLP              SULLIVAN & CROMWELL LLP


By:  /s/ Robert J. Lemons                    By:  /s/ David B. Tulchin

    Peter D. Isakoff                         David B. Tulchin
    Robert J. Lemons                         Marc De Leeuw
    767 Fifth Avenue                         John J. Jerome
    New York, NY 10153                       125 Broad Street
    Phone: (212) 310-8000                    New York, NY 10004
    Fax: (212) 310-8007                      Phone: (212) 558-4000
                                            Fax: (212) 558-3588


    *Counsel for Lehman Brothers Holdings, Inc.*     *Counsel for Canary Wharf*
                                                      *Management Ltd., Heron Quays*
                                                      *(HQ2) T1 Limited and Heron Quays*
                                                      *(HQ2) T2 Limited*


**SO ORDERED:**


Dated: New York, New York
      March 11, 2013

                                      *s/ James M. Peck*
                                      Honorable James M. Peck
                                      United States Bankruptcy Judge

**EXHIBIT A**

**<u>UNDERTAKING PURSUANT TO
THE STIPULATION AND ORDER GOVERNING THE PRODUCTION AND USE OF
DISCOVERY MATERIALS</u>**

I,_____, hereby certify (i) my understanding that Confidential Discovery

Material[1] is being provided to me pursuant to the terms and restrictions of the Stipulation in the

above-captioned case, and (ii) that I have read the Stipulation and Order.  I understand the terms

of the Stipulation and Order, I agree to comply with the Stipulation and Order in all respects, and

I hereby submit and waive any objection to the jurisdiction of the Court for the adjudication of

any dispute concerning or related to my compliance with the Stipulation and Order.  I understand

that any violation of the terms of this Stipulation and Order may be punishable by money

damages, interim or final injunctive or other equitable relief, sanctions, contempt of court

citation, or other or additional relief as deemed appropriate by the Court.  Upon the conclusion of

the Contested Matter or any related ADR proceeding and any appeals related thereto, or when I

no longer have any reason to possess the Confidential Discovery Material, whichever shall first

occur, I hereby agree to return all copies of information designated as "Confidential" to the party

who furnished the same to me or certify that the same has been destroyed.

Date:  _____

By:   _____

Please print or type the following:

Name:
Title and Affiliation:
Address:
Telephone:

---

[1] All capitalized terms shall have the meaning ascribed to them in the Stipulation and Order.

**EXHIBIT B**

**UNDERTAKING PURSUANT TO**
**THE STIPULATION AND ORDER GOVERNING THE PRODUCTION AND USE OF**
**DISCOVERY MATERIALS**

I,_____, have read the Stipulation and Order [1] in the above-captioned case.

I understand the terms of the Stipulation and Order, I agree to comply with the Stipulation and

Order in all respects, and I hereby submit and waive any objection to the jurisdiction of the Court

for the adjudication of any dispute concerning or related to my compliance with the Stipulation

and Order.  I understand that any violation of the terms of this Stipulation and Order may be

punishable by money damages, interim or final injunctive or other equitable relief, sanctions,

contempt of court citation, or other or additional relief as deemed appropriate by the Court.

Upon the conclusion of the Contested Matter or any related ADR proceeding and any appeals

related thereto, or when I no longer have any reason to possess the Confidential Discovery

Material, whichever shall first occur, I hereby agree to return all copies of information

designated as "Confidential" to the party who furnished the same to me or certify that the same

has been destroyed.

Date:  _____

By:     _____

Please print or type the following:

Name:
Title and Affiliation:
Address:
Telephone:

---

[1] All capitalized terms shall have the meaning ascribed to them in the Stipulation and Order.