**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
In re                                           :   Chapter 11
                                                :   Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :
                                                :   Jointly Administered
                       Debtors.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STIPULATION AND ORDER GOVERNING**
**THE SCOPE OF AND SCHEDULE FOR DISCOVERY**

This Stipulation and Order is entered into and submitted to the Court in accordance with the agreement of counsel for Lehman Brothers Holdings, Inc. ("LBHI") and Canary Wharf Management Ltd., Heron Quays (HQ2) T1 Limited and Heron Quays (HQ2) T2 Limited ("Claimants" and, with LBHI, the "Parties") in connection with this contested matter concerning proofs of claim numbers 14824 and 14826 (the "Contested Matter") that the Parties shall produce discovery and other information requested as described below and according to the schedule set forth herein, and it appearing to the Court that there is good and sufficient cause that the relief should be granted,

IT IS THEREFORE ORDERED:

1. The Stipulation and Order shall apply to discovery relating to issues of liability ("Liability Phase Discovery") only, and all discovery as to matters that relate exclusively to the quantification of damages will proceed after all liability issues have been resolved through a hearing before the Court, through alternative dispute resolution, or as otherwise agreed by the Parties or ordered by the Court. Nothing herein shall limit the rights of the Parties to take discovery on matters relating to the quantification of damages at a later stage of the proceedings.

2. Nothing herein shall limit the rights of the Parties to use all discovery devices to the extent permitted by the Federal Rules of Bankruptcy Procedure and local rules.

3. LBHI shall serve formal document requests on the Claimants and the Claimants shall produce all responsive non-privileged documents in their possession, custody, or control relating to the following discovery categories:

(a) All documents related to the lease agreement, dated March 16, 2005, (the "Lease") among the Parties and Lehman Brothers Limited ("LBL"), among others, of the commercial property at 25 Bank Street, Canary Wharf, London E14 5LE (Parcel HQ2) (the "Premises"), including drafts, notes, communications from the negotiations and the like, from January 1, 2001 through June 30, 2005, to the extent such documents pertain to LBHI or what became Schedule 4 of the Lease;

(b) All documents related to Schedule 4 to the Lease, including documents from the negotiations;

(c) All documents relating to issues of liability that Claimants contend support or that Claimants may use in support of the claims Claimants assert against LBHI;

(d) All documents related to the lease of the Premises to JPMorgan Chase Bank, National Association, ("JPMorgan") on or about December 20, 2010, (the "JPMorgan Transaction") including those relating to the negotiations, communications between the parties and details, timing and structure of the JPMorgan Transaction, from September 15, 2008 through December 20, 2010, except that such time restriction shall not apply to any communications between the Claimants and JPMorgan relating to LBHI, LBL or the Lease;

(e) All documents or information concerning or related to the letter agreement

2

among the Claimants and LBL, dated December 3, 2010 (the "Forfeiture Letter"), again including drafts, communications, notes and the like relating to any negotiations;

(f) All documents related to the actual, potential or anticipated effect of the JPMorgan Transaction or the Forfeiture Letter on any claims asserted by the Claimants against LBL;

(g) All documents related to the email exchange that took place between counsel for Claimants and counsel for LBHI in December 2010;

(h) All documents related to the change from the Canary Wharf entity that was the landlord under the Lease for LBL to the Canary Wharf entity that is the landlord to JPMorgan under the lease with JPMorgan for the Premises; and

(i) The documents referenced in paragraphs 29, 30, 40 and 41 of the Response of Canary Wharf to Objection to Proofs of Claim Numbers 14824 and 14826, filed on October 12, 2012, pertaining to dilapidations.

4. The Claimants shall serve formal document requests on LBHI and LBHI shall produce all responsive non-privileged documents in its possession, custody or control relating to the following discovery categories:

(a) All documents related to the Lease, including drafts, notes, communications from the negotiations and the like, from January 1, 2001 through June 30, 2005, to the extent such documents pertain to LBHI or what became Schedule 4 of the Lease;

(b) All documents related to Schedule 4 to the Lease, including documents from the negotiations and all communications;

3

(c) All documents relating to issues of liability that LBHI contends support or that LBHI may use in support of the Objection filed by LBHI on August 15, 2012, to the claims Claimants assert against LBHI;

(d) All documents related to the JPMorgan Transaction, including those relating to communications between the parties and the timing and structure of the JPMorgan Transaction, from September 15, 2008 through December 20, 2010 except that such time restriction shall not apply to any communications between the Claimants and LBHI relating to LBHI, LBL or the Lease;

(e) All documents related to the Forfeiture Letter, including all communications;

(f) All documents related to the actual, potential or anticipated effect of the JPMorgan Transaction or the Forfeiture Letter on any claims asserted by the Claimants against LBL;

(g) All documents related to the email exchange that took place between counsel for Claimants and counsel for LBHI in December 2010;

(h) All documents related to LBHI entering the Lease and agreeing to Schedule 4 of the Lease from January 1, 2001 through June 30, 2005;

(i) All documents related to LBL's or LBHI's actual, potential, or anticipated liability under the Lease or Schedule 4 of the Lease; and

(j) All documents related to LBHI potentially or actually being offered or taking a new lease, including all documents related to whether LBHI could, or would want to, take a new lease, and all documents related to the market for assigning the Lease or re-letting the Premises specified in the Lease.

4

5. Notwithstanding anything herein to the contrary, neither Party is under an obligation to retrieve documents from backup tapes absent an order from the Court.

6. The Parties shall limit the scope of discovery during the Liability Phase Discovery, including discovery through other available discovery devices, to the categories listed in Paragraphs 3 and 4 respectively, except that discovery with respect to Paragraph 3(i) shall be limited to production of the documents specified therein absent further agreement of the Parties or order of the Court.

7. The discovery schedule (the "Discovery Schedule") shall be as follows:

| March 15, 2013 | Claimants begin rolling production of responsive documents. |
| March 15, 2013 | LBHI begins rolling production of responsive documents. |
| June 28, 2013 | Completion of factual discovery. |
| July 17, 2013 | Service of supplemental QC reports and other expert reports. |
| September 13, 2013 | Completion of expert witness depositions. |

All deadlines in the Discovery Schedule may be extended by agreement of the Parties, as so ordered by the Court, or through application to the Court by any Party for good cause, including but not limited to any significant delay caused by discovery disputes.

8. After the completion of fact discovery, the parties will confer about post-discovery proceedings. If they cannot agree, either party may seek to schedule a conference with the Court to discuss those proceedings.

9. Nothing herein shall be construed as waiving any rights of the Parties under Bankruptcy Rule 9014, the Federal Rules of Bankruptcy Procedure or any other applicable rules.

IT IS HEREBY STIPULATED AND AGREED:

Dated this 6th day of March, 2013.

WEIL, GOTSHAL & MANGES LLP                SULLIVAN & CROMWELL LLP

By: /s/ Robert J. Lemons                  By: /s/ David B. Tulchin

    Peter D. Isakoff                           David B. Tulchin
    Robert J. Lemons                           Marc De Leeuw
    767 Fifth Avenue                           John J. Jerome
    New York, NY 10153                         125 Broad Street
    Phone: (212) 310-8000                      New York, NY 10004
    Fax: (212) 310-8007                        Phone: (212) 558-4000
                                               Fax: (212) 558-3588

*Counsel for Lehman Brothers Holdings, Inc.*      *Counsel for Canary Wharf Management Ltd., Heron Quays (HQ2) T1 Limited and Heron Quays (HQ2) T2 Limited*

**SO ORDERED:**

Dated: New York, New York
      March 11, 2013

          *s/ James M. Peck*
          Honorable James M. Peck
          United States Bankruptcy Judge