ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Peter L. Welsh
D. Ross Martin
James A. Wright III
peter.welsh@ropesgray.com
ross.martin@ropesgray.com
james.wright@ropesgray.com

and

1211 Avenue of the Americas
New York, New York
Lisa M. Coyle 10036-8704
lisa.coyle@ropesgray.com

*Attorneys for FYI Ltd.,
FFI Fund Ltd., and Olifant Fund, Ltd.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | |
|---|---|
| **In re** | : Chapter 11 |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : Case No. 08-13555 (JMP) |
| | : |
| Debtors. | : **(Jointly Administered)** |

------------------------------------------------------------------x

### REPLY IN SUPPORT OF MOTION TO CONSOLIDATE CONTESTED MATTER WITH ADVERSARY PROCEEDING AND FOR RELATED RELIEF

FYI Ltd., FFI Fund Ltd., and Olifant Fund, Ltd. (collectively, the "Bracebridge-Managed Funds"), hereby submit this reply (the "Reply") in support of the Bracebridge-Managed Funds' Motion to Consolidate Contested Matter with Adversary Proceeding and for Related Relief, filed February 26, 2013 (Dkt. No. 35519) (the "Motion") and in response to the Lehman Plaintiffs' and Committee's Response to the Motion to Consolidate Contested Matter with Adversary Proceeding, filed March 8, 2013 (Dkt. No. 35807).

33869112_3

**Reply**

1.      The Bracebridge-Managed Funds seek to consolidate the Funds Claims Litigation [1] with the Citi Adversary Proceeding to conserve judicial resources and avoid duplicative litigation and costs. In particular, the Bracebridge-Managed Funds seek to avoid exactly what the Lehman Estates propose in their Objection: two separate litigations regarding the derivative transactions underlying the Bracebridge-Managed Funds' claims. The Lehman Estates' proposal would force the Bracebridge-Managed Funds to incur the legal costs and administrative burdens of two separate document production processes, two sets of depositions, two expert witness discovery processes, and two trials, wasting significant time and resources of all parties involved. When disputes arise, that will also mean that this Court will have to address whether witnesses can be deposed twice, whether document requests in a second litigation are duplicative of the first and therefore burdensome, and a host of similar issues.

2.      The Lehman Estates concede (as they must) that the Bracebridge-Managed Funds must be permitted to intervene in the Citi Adversary Proceeding. However, rather than take the opportunity to conduct the Funds Claims Litigation in a cost-effective manner along with the Citi Adversary Proceeding, the Lehman Estates instead seek, at best, tactical advantage and to place burden on a significant creditor. This is made more jarring because the Citi Adversary Proceeding is a litigation started by the Lehman Estates in which they chose to make the Bracebridge-Managed Funds a centerpiece of their allegations, and the Lehman Estates have also already started their claims objection contested matter against the Bracebridge-Managed Funds and expended significant effort on the Bracebridge-Managed Funds' claims.

---

[1] Capitalized terms used but not defined herein have the meanings given in the Motion.

33869112_3

3. The Lehman Estates expend much of their time in the Objection restating their position on the Failed Step-Outs from the Amended Complaint, and even attached an exhibit listing the different valuations of the parties on a trade-by-trade basis. The issue at hand is not the underlying substance. Indeed, that the Lehman Estates believe trade-by-trade valuations will be relevant to the disputes only reinforces the point of the Bracebridge-Managed Funds: that these disputes all involve valuation, adding a relatively small number of trades to the Citi-Lehman process. The Bracebridge-Managed Funds' transactions will involve at most only a mere 1% increase in the total amount of work, and the amount is only that high if there is no overlap with the Citi-Lehman trades, which is extraordinarily unlikely.

4. The Lehman Estates' core argument as to the actual procedural issue that the Motion raises is only that the Bracebridge-Managed Funds would "jump ahead of other creditors" and seek an "early" resolution of the Bracebridge-Managed Funds' claims. Objection at 3. The Lehman Estates have a curious definition of "early." What the Bracebridge-Managed Funds have proposed is to join their dispute to the Citi-Lehman litigation, which the Lehman Estates have said will centrally involve the Bracebridge-Managed Funds and is currently scheduled to last until 2015.[2] That is hardly jumping to the head of the line.

5. The Lehman Estates also complain that consolidating the Funds Claims Litigation with the Citi Adversary Proceeding will raise new issues and make the Citi Adversary Proceeding more complex. The Lehman Estates make this complaint without any actual support, merely stating that it is so. To the contrary, however, and as set forth in the declaration that the

---

[2] The Lehman Estates and the Citi Defendants have agreed to a scheduling order for discovery and dispositive motions in the Citi Adversary Proceeding (the "Scheduling Order"), which the Bracebridge-Managed Funds indicate they will abide by in the Motion. The Scheduling Order provides for the final stage of discovery, regarding expert witnesses, to conclude by July 31, 2014. Briefing of dispositive motions is scheduled to be concluded by October 30, 2014, after which there will presumably be one or more hearings and then, if necessary, a trial. Assuming the parties do not amend the schedule (as has already occurred once) to push back the dates, the Citi Adversary Proceeding is likely to be proceeding to trial in late 2014 or early 2015.

33869112_3

Bracebridge-Managed Funds submitted, the Funds Claims Litigation and the issues raised therein are not new to the Lehman Estates; the Lehman Estates commenced the Funds Claims Litigation by filing a claims objection in April of 2011. And as noted in the Motion, it is likely many of the derivative transactions at issue with the Citibank Defendants are the same or substantially similar to transactions at issue with the Bracebridge-Managed Funds. In the "worst case," consolidating the Bracebridge-Managed Funds' other claims will result in a mere 1% increase in the trades in dispute in the existing litigation.

6. Finally, the Lehman Estates allege that they are "unable to proceed to mediation under the Claims Procedures Order" because "there is no agreement over which trades to mediate" and the Bracebridge-Managed Funds seek a global resolution of all issues, including the issues related to the Failed Step-Outs. Objection at 8. This is remarkable. The Bracebridge-Managed Funds have repeatedly requested mediation, which the Lehman Estates refuse to initiate under the Claims Procedures Order. There is nothing in the Claim Procedures Order or the mediation process that prevents a mediation from including the issues arising from the Failed Step-Outs. The mediators in these cases are sophisticated, skillful, and independent and have helped numerous creditors reach negotiated resolutions with the Lehman Estates. The Bracebridge-Managed Funds believe a mediator might well help the parties reach a consensual agreement, including on the merits of the issues relating to the Failed Step-Outs.

7. The ADR Procedures are not intended to provide a tool for the Lehman Estates to determine that they have raised some particular kind of issue that purportedly cannot be mediated and then hold a creditor's claims in an unending limbo even when the Lehman Estates have commenced claims litigation and raised the "special issue" in another litigation. Nor are the ADR Procedures intended to provide the Lehman Estates additional leverage over a

4

33869112_3

creditor by compelling it to endure the significant extra costs and expenses of two litigations regarding its transactions, not to mention the additional burden on the Court.

8. The Lehman Estates' final argument is a true red herring. The Lehman Estates complain that the Bracebridge-Managed Funds have not attached a pleading required under the intervention rules. Of course the Bracebridge-Managed Funds have not done so; the Claims Procedures Order prevents the Bracebridge-Managed Funds from filing a pleading in the Citi Adversary Proceeding until the funds seek relief from this Court. Accordingly, the Motion sought consolidation and permission of this Court to intervene. If the Motion is granted, the Bracebridge-Managed Funds can reasonably promptly file such a pleading in the Citi Adversary Proceeding, regarding all the Bracebridge-Lehman disputes.

WHEREFORE, the Bracebridge-Managed Funds respectfully request that the Court grant the Motion and such other and further relief as the Court deems appropriate.

Dated: March 11, 2013

Respectfully submitted,

ROPES & GRAY LLP

By /s/ D. Ross Martin
    D. Ross Martin

Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600

*Attorneys for FYI Ltd., FFI Fund Ltd., and Olifant Fund, Ltd.*