B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc., et al.		Case No. 08-13555 (JMP)
		(Jointly Administered)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **RBS SECURITIES INC.** | **THE ROYAL BANK OF SCOTLAND PLC** |
|---|---|
| *Name of Transferee* | *Name of Transferor* |

Name and Address where notices to transferee should be sent:

RBS Securities Inc.
600 Washington Boulevard
Stamford, CT 06901
Contact: Christopher J. Young
Phone: (203) 897-1287
Email: Christopher.Young@rbs.com

Name and Address where transferee payments should be sent (if different from above):

Court Claim # (if known): 44616

Amount of Claim Being Transferred:
$1,230,739.44

The portion of Claim # 44616 held by Transferor, in the total allowed aggregate amount of $1,230,739.44 (consisting of a claim amount on the docket of $432,996.23 (the "First Allowed Amount") and a separate claim amount on the docket of $797,743.21 (the 'Second Allowed Amount").

The First Allowed Amount was originally claimed by Mizuho Securities Co., Ltd. in a total amount of $473,917.49 and the Second Allowed Amount was originally claimed by Mizuho Securities Co., Ltd. in a total amount of $1,895,137.31.

Date Claim Filed: 10/23/2009

600 Washington Boulevard
Stamford, CT  06901
Contact:  Matthew Rosencrans
Phone:  203.897.2644
Email:  Matthew.Rosencrans@rbs.com

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: *Mason Chan* (signature)
**RBS SECURITIES INC.**

Date:   March 13, 2013

Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **The Royal Bank of Scotland plc** ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to **RBS Securities Inc.** ("<u>Purchaser</u>"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable amounts specified in <u>Schedule 1</u> attached hereto (the "<u>Purchased Claims</u>"), in Seller's right, title and interest in and to the proof of claim numbers provided in <u>Schedule 1</u> (the "<u>Proofs of Claim</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claims, but only to the extent related to the Purchased Claims, (c) any and all proceeds of any of the foregoing, and (d) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claims and specified in <u>Schedule 1</u> attached hereto (collectively, as described in clauses (a)-(d), the "<u>Transferred Claims</u>").

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proofs of Claim include the Purchased Claims specified in <u>Schedule 1</u> attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller has delivered to Purchaser true and correct copies of any Notices of Proposed Allowed Claim Amount (the "<u>Notices</u>") received by Seller; (h) Seller did not (and will not) deliver a Response (as defined in the Notices) with respect to the Transferred Claims; and (i) on April 17, 2012, Seller received a distribution on account of the Transferred Claims in an aggregate amount equal to $44,420.19 and on October 1, 2012, Seller received a distribution in an aggregate amount equal to $29,975.62 (collectively, the "<u>Retained Distributions</u>"), and other than the Retained Distributions, Seller has not received any other distributions on account of the Transferred Claims.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges

and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than five (5) business days) remit any payments, distributions, proceeds or notices received by Seller after the date hereof in respect of the Transferred Claims to Purchaser. If Seller fails to deliver such payments, distributions or proceeds within five (5) business days, then Seller shall also pay to Purchaser interest thereon at a rate per annum equal to the one-year LIBOR rate plus five percent (5.00%) from the date when due to (but excluding) the date when actually paid. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proofs of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 11th day of March 2013.

| The Royal Bank of Scotland plc | RBS Securities Inc. |
|---|---|
| By RBS Securities Inc., its agent | |
| By: [signature] | By: [signature] Mason Cavan |
| Name: | Name: |
| Title: | Title: |

600 Washington Boulevard
Stamford, Connecticut 06901

Schedule 1

Transferred Claims

Purchased Claim

100% of the following ISIN/CUSIPs in the Proofs of Claim listed below, in the denomination listed below.

Lehman Programs Securities to which Transfer Relates

| Proof of Claim Number | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Denomination and Principal/Notional Amount | Maturity |
|---|---|---|---|---|---|---|
| 44616 | ELN EXCHAGEABLE INTO RESONA HOLDINGS INC STOCK | XS0260996334 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | JPY 100,050,000.00 | 6/22/2011 |
| 44616 | ELN EXCHANGEABLE MIZUHO TRUST AND BANKING CO. | XS0261618606 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | JPY 100,163,000.00 | 6/22/2011 |
| 44616 | JPY/USD FX TARNS NOTE | XS0263507278 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | JPY 50,000,000.00 | 8/11/2036 |