**Presentment Date and Time: March 26, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: March 25, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objection Filed): March 28, 2013 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |

_____

**NOTICE OF PRESENTMENT OF STIPULATION**
**AND ORDER BETWEEN LEHMAN BROTHERS HOLDINGS INC.**
**AND SAFRA NATIONAL BANK OF NEW YORK REGARDING CERTAIN CLAIM**

    **PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation and Order Between Lehman Brothers Holdings Inc. and Safra National Bank of New York Regarding Certain Claim (the "Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **March 26, 2013 at 10:00 a.m. (Prevailing Eastern Time).**

    **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Order with proof of service is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **March 25, 2013 at 10:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Order may be signed.

    **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Order on **March 28, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

2

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: March 15, 2013
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re : | Chapter 11 Case No. |
| : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, : | 08-13555 (JMP) |
| : | |
| Debtors. : | (Jointly Administered) |

------------------------------------------------------------------x

### STIPULATION AND ORDER BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND SAFRA NATIONAL BANK OF NEW YORK REGARDING CERTAIN CLAIM

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the debtors in the above referenced chapter 11 cases (the "Chapter 11 Estates"), and Safra National Bank of New York ("SNBNY," and together with the Plan Administrator, the "Parties"), hereby stipulate and agree as follows:

### RECITALS

A. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases (together, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

B. By order, dated July 2, 2009 [ECF No. 4271] (the "Bar Date Order"), this Court established: (i) September 22, 2009 as the deadline to file proofs of claim (each a "Proof of Claim") against the Chapter 11 Estates (the "General Bar Date"); (ii) October 22, 2009 as the deadline for the filing of questionnaires with respect to any Derivative Contract and Guarantee (each as defined in the Bar Date Order) claims; and (iii) November 2, 2009 (the "Securities

Programs Bar Date") as the deadline to file Proofs of Claim with respect to any Lehman Programs Securities (as defined in the Bar Date Order). The Bar Date Order required holders of claims based on Lehman Programs Securities to include Blocking Numbers (as defined in the Bar Date Order) on their Proofs of Claim. The Blocking Number requirement of the Bar Date Order is critical to the verification of ownership and holdings of a particular security and a safeguard against duplicative or excess distributions on Lehman Programs Securities.

C. On June 1, 2009, SNBNY filed that certain Proof of Claim against LBHI, which was assigned claim number 4703 ("Claim 4703") by the court-approved claims agent (the "Claims Agent"). Claim 4703 asserts a claim based on, among other securities, Lehman Programs Securities, with such Lehman Programs Securities having the following International Securities Identification Numbers (each an "ISIN") and notional amounts: XS0344835078 for $1,700,000.00, XS0326476693 for $400,000.00, XS0299642628 for $1,400,000.00, XS0329670946 for $950,000.00, XS0314871293 for $500,000.00, XS0343832605 for $450,000.00, and XS0350109475 for $500,000.00 (such securities, the "Claimed Securities," and such portion of Claim 4703 relating to the Claimed Securities, the "SNBNY Claim"). Claim 4703 states that SNBNY has held the Claimed Securities for the benefit of certain SNBNY Customers (the "Customers").

D. Claim 4703 also asserts a claim based on Lehman Programs Securities with the following ISIN's and notional amounts: XS0277470943 for $50,000.00, XS0299103084 for $500,000.00, and XS0299642628 for $1,250,000 (such portion of Claim 4703 relating to such securities, the "SNBNY Expunged Claim"). SNBNY has agreed to no longer pursue distributions for the SNBNY Expunged Claim. All other portions of Claim 4703 (*i.e.* all portions of Claim 4703 other than the SNBNY Claim and the SNBNY Expunged Claim)

2

have previously been disallowed and expunged pursuant to orders of the Court [ECF Nos. 12676, 14794, 22938, 28330, and 29115].

E. On May 14, 2012, the Plan Administrator filed the Two Hundred Ninety-Seventh Omnibus Objection to Claims (Invalid Blocking Number LPS Claims) [ECF No. 27868] (the "Objection"), seeking to disallow and expunge the SNBNY Claim on the basis that such claim violates the Bar Date Order by not including valid Blocking Numbers.

F. On August 10, 2011, the Court entered the Order Approving Procedures for Determination of the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc. [ECF No. 19120] (the "Structured Securities Order"). The Structured Securities Order provides procedures for the determination of the allowed amounts of claims based on Lehman Programs Securities for purposes of voting and distributions under the Plan. As a result of SNBNY's failure to include valid Blocking Numbers on the SNBNY Claim, the Plan Administrator calculated the "Proposed Allowed Claim Amount" for the SNBNY Claim to be $0 and, on or about August 25, 2011, sent SNBNY a Notice of Proposed Allowed Claim Amount (the "Notice") for the SNBNY Claim indicating same. Prior to the response deadline, SNBNY responded to the Notice, disputing the $0 Proposed Allowed Claim Amount of the SNBNY Claim.

G. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023] (the "Confirmation Order"). The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to control and effectuate the claims reconciliation process with respect to claims filed against LBHI.

3

H.   The SNBNY Claim did not include any Blocking Numbers.  The Plan Administrator, despite its diligent efforts, has been unable to locate any valid Blocking Numbers issued by a clearing agency for the Claimed Securities.

I.   The Parties have attempted to reconcile ownership of the Claimed Securities through other means and determine that no other party has filed a Proof of Claim against LBHI for any of the same securities.

J.   In connection with reconciling ownership of the Claimed Securities, and in an effort to reduce any risk of the Plan Administrator making duplicative payments under the Plan on account of the Claimed Securities, SNBNY and the Customers have provided, or will provide, the Plan Administrator with the following supporting documentation (the "Supporting Documentation"):[1]

- Declarations of Frank J. Wanzor and Alicia A. Stacker on behalf of SNBNY (the "SNBNY Declarations"), which declare, among other things, that (i) none of the names of the Customers match any of the names of possible duplicative claimants compiled by the Plan Administrator, (ii) SNBNY held each Claimed Security, and no Claimed Security was traded, between June 1, 2009 and March 1, 2013, and (iii) SNBNY has not, and is not aware of any other party that has, filed any other Proof of Claim against, or received any payment from, LBHI on account of the Claimed Securities;

- Letter from Euroclear Bank ("Euroclear"), the applicable clearing agency for the Claimed Securities, which confirms, among other things, that (i) SNBNY held the Claimed Securities on both June 1, 2009 and March 1, 2013, and (ii) Euroclear did not receive any requests, between June 1, 2009 and March 1, 2013 (the "Applicable Period"), from SNBNY that Euroclear issue Blocking Numbers for the Claimed Securities;

- Certifications of the Customers (the "Customer Certifications"), which certify, among other things, that the relevant Customer (i) has not filed a Proof of Claim against LBHI on account of the security or securities claimed by SNBNY on such Customer's behalf, (ii) neither is aware of any party nor has

---

[1] The descriptions listed below are provided as summaries of the information contained in the Supporting Documentation.  In the case of an inconsistency between the descriptions set forth in the summaries and the information in the Supporting Documentation, the information in the Supporting Documentation shall control.

4

        authorized or directed any party, other than SNBNY, to file a Proof of Claim against LBHI on account of the security or securities claimed by SNBNY on such Customer's behalf, and (iii) has not received any distribution or payments from any party on account of the security or securities claimed by SNBNY on such Customer's behalf; and

- Indemnification Agreement by and among LBHI and SNBNY (the "Indemnification Agreement"), which provides, among other things, that SNBNY agrees to indemnify LBHI for any distributions or payments actually paid by LBHI to SNBNY, on account of the SNBNY Claim, that are duplicative of distributions or payments actually paid to any entity that LBHI has identified as a possible duplicative claimant.

       K.     Based on its review of the Supporting Documentation, the Plan Administrator has concluded that there is a low probability of other claimants asserting claims for the Claimed Securities (or portions thereof included in the SNBNY Claim), and that there is minimal risk of making duplicative distributions on account of the Claimed Securities. Furthermore, to the extent it becomes known that the Plan Administrator has made distributions to SNBNY, on account of or in connection with the SNBNY Claim, that are duplicative of distributions paid to other claimants, SNBNY has agreed to indemnify LBHI pursuant to the Indemnification Agreement.

       L.     But for SNBNY's failure to provide valid Blocking Numbers for the Claimed Securities, the Plan Administrator calculates the Allowed Claim Amount for the SNBNY Claim to consist of the amounts set forth on Exhibit A.

       M.    Upon receipt of all Supporting Documentation for any Claimed Security, or for any portion of any Claimed Security, included on the SNBNY Claim, the Plan Administrator agrees to withdraw the Objection, as it relates to the section of the SNBNY Claim representing such Claimed Security or portion of such Claimed Security, as a result of the information and covenants provided in the Supporting Documentation, and SNBNY agrees to the

5

Allowed Claim Amount, or proportional amount as appropriate, set forth on <u>Exhibit A</u> for such section of the SNBNY Claim.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. The Recitals set forth above form an integral part of this Stipulation and Order and are incorporated fully herein.

2. This Stipulation and Order shall become effective once it has been executed by the Parties and approved by the Bankruptcy Court (the "<u>Effective Date</u>").

3. Upon the Effective Date, the SNBNY Expunged Claim shall be disallowed and expunged, with prejudice.

4. Within ten (10) days (but no sooner than ten (10) days from the Effective Date) of the Plan Administrator's receipt of all Supporting Documentation for a Claimed Security, or for a portion of a Claimed Security, (i) the Plan Administrator shall withdraw the Objection to the section of the SNBNY Claim representing such Claimed Security or portion of such Claimed Security, and (ii) in accordance with the Structured Securities Order, such section of the SNBNY Claim shall be allowed in the Allowed Claim Amount, or proportional amount as appropriate, set forth on <u>Exhibit A</u>.

5. If the Plan Administrator does not receive all Supporting Documentation with respect to a portion of a Claimed Security within six (6) months of the Effective Date, then the section of the SNBNY Claim representing such portion shall be deemed disallowed without further order of the Court.

6. If it becomes known that the Plan Administrator has made a distribution to SNBNY, on account of or in connection with any portion of the SNBNY Claim, that is

duplicative of a distribution paid to another claimant, the Plan Administrator shall not make any further distributions to SNBNY on account of or in connection with any portion (duplicative or otherwise) of the SNBNY Claim unless and until the Parties hereto agree, or the Court orders, otherwise. Upon the Plan Administrator's determination that a duplicative payment has been made, the Plan Administrator will provide notice to SNBNY, and such notice will contain details concerning the duplicative payment, including the security or securities for which the duplicative payment has been made.

7. This Stipulation and Order shall be binding upon and inure solely to the benefit of the Parties hereto and the Customers, and their respective successors and assigns. Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation and Order.

8. Each person who executes this Stipulation and Order represents that he or she is duly authorized to do so on behalf of the respective Party or Parties hereto and that each such party has full knowledge and has consented to this Stipulation and Order.

9. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties hereto to be charged. Delivery of an executed counterpart of a signature page by facsimile or PDF transmission shall be as effective as delivery of a manually executed counterpart.

10. This Stipulation and Order shall be governed by and interpreted in accordance with the laws of the state of New York, except to the extent that the Bankruptcy

7

Code applies, without regard to principles of conflict of laws that would require the application of laws of another jurisdiction.

11. The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Order. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation and Order, such matter shall be adjudicated in either the United States District Court, for the Southern District of New York or a court of competent jurisdiction in the State of New York.

[*Signature Page to Follow*]

Dated: March 14, 2013
      New York, New York

/s/ Svetlana Eisenberg
Svetlana Eisenberg

DEBEVOISE & PLIMPTON LLP
919 3rd Avenue
New York, NY 10022
Telephone: (212) 909-6000
Facsimile: (212) 521-7927

Attorneys for Safra National Bank of New York

Dated: March 14, 2013
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

SO ORDERED, this
____ day of March, 2013 in New York

_____
United States Bankruptcy Judge

# Exhibit A

**(Allowed Claim Amounts)**

US_ACTIVE:\44193788\5\58399.0008

**Safra National Bank of New York Allowed Amounts by ISIN for Claim No. 4703**

| ISIN | Issuer | Claim Filed Amount | Notional (Original Currency) | Allowed Claim Amount |
|---|---|---|---|---|
| XS0299642628 | LBT | $1,400,000.00 | 1,400,000 | $1,400,000.00 |
| XS0314871293 | LBSN | $500,000.00 | 500,000 | $335,087.60 |
| XS0326476693 | LBT | $400,000.00 | 400,000 | $284,989.35 |
| XS0329670946 | LBT | $950,000.00 | 950,000 | $648,236.79 |
| XS0343832605 | LBT | $450,000.00 | 450,000 | $454,013.75 |
| XS0344835078 | LBT | $1,700,000.00 | 1,700,000 | $155,634.77 |
| XS0350109475 | LBT | $500,000.00 | 500,000 | $500,590.28 |