HEARING DATE AND TIME: April 25, 2013 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: April 15, 2013 at 4:00 p.m. (Eastern Time)

---

**THE FOUR HUNDRED FOURTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO REDUCE AND ALLOW OR DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE FOUR HUNDRED FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL,
ERIKA DEL NIDO, AT 212-310-8323.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

**NOTICE OF HEARING ON
FOUR HUNDRED FOURTH OMNIBUS
OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)**

**PLEASE TAKE NOTICE** that on March 15, 2013, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

certain entities in the above-referenced chapter 11 cases, filed its four hundred fourth omnibus

US_ACTIVE:\44206966\2\58399.0011

objection to claims (the "Four Hundred Fourth Omnibus Objection to Claims"), and that a hearing to consider the Four Hundred Fourth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **April 25, 2013 at 10:00 a.m. (Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Fourth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope-Davis, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **April 15, 2013 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Four Hundred Fourth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Fourth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: March 15, 2013
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

HEARING DATE AND TIME: April 25, 2013 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: April 15, 2013 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**FOUR HUNDRED FOURTH**
**OMNIBUS OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)**

> **THIS FOUR HUNDRED FOURTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO REDUCE AND ALLOW OR DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS FOUR HUNDRED FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

1

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

## Relief Requested

1. The Plan Administrator files this omnibus objection, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking to reduce and allow or disallow and expunge certain claims for which the Chapter 11 Estates have no liability.

2. The Plan Administrator seeks to reduce and allow each proof of claim as set forth on Exhibit A annexed hereto and disallow and expunge each proof of claim as set forth on Exhibit B annexed hereto (collectively, the "Employment-Related Claims") filed against the Chapter 11 Estates because the Employment-Related Claims assert claims for compensation for which the Chapter 11 Estates are not liable or for which the liability of the Chapter 11 Estates has been reduced.

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2

**Background**

4. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under title 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order, including that "the Claims seek recovery of amounts for which the Debtors are not liable." *See* Procedures Order at 2.

6. On December 6, 2011, the Court entered an order confirming the Plan. The Plan became effective on March 6, 2012 [ECF No. 23023]. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The Employment-Related Claims Should
Be Reduced and Allowed or Disallowed and Expunged**

7. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

3

8. The Employment-Related Claims assert claims for retention payments or other compensation relating to the claimants' former employment with Eagle Energy Partners I, L.P. ("Eagle Energy"), a former subsidiary of Lehman Brothers Commodity Services ("LBCS"). An order of the Court was entered on October 17, 2008 that authorized and approved the sale of Eagle Energy to EDF Trading ("EDF") [ECF No. 1126].

9. LBHI reviewed the Employment-Related Claims and determined it needed further information to fully evaluate such claims. LBHI mailed letters to the holders of the Employment-Related Claims requesting additional documentation and/or sent subpoenas to the claimants and to EDF. After reviewing the responses to the requests, LBHI determined that the holders of four of the Employment-Related Claims received compensation packages from EDF for amounts that were slightly less than the alleged damages asserted in the claimants' Employment-Related Claims. Holders of five of the Employment-Related Claims received compensation packages from EDF for amounts that were greater than or equal to the alleged damages asserted in the claimants' Employment-Related Claims.

10. Due to the confidential nature of the compensation that the claimants received from EDF and certain of the claimants' requests that such documentation remain confidential, copies of the documentation detailing the compensation packages from EDF are not attached hereto, but will be provided to the Court upon request.

11. "The plaintiff's measure of damages for the breach of an employment contract is the 'wage that would be payable during the remainder of the term reduced by the income which the discharged employee has earned, will earn, or could with reasonable diligence earn during the unexpired term.'" *Sudul v. Computer Outsourcing Servs., Inc.*, 917 F.Supp. 1033 (S.D.N.Y. 1996) (citations omitted); *see also Jones v. Dunkirk Radiator Corp.*, 21 F.3d 18, 22

4

(2d Cir. 1994); *Ohanian v. Avis Rent A Car System, Inc.*, 779 F.2d 101, 110 (2d Cir. 1985); *Cornell v. T.V. Development Corp.*, 17 N.Y.2d 69, 74 (1966).  The awards that the claimants received from EDF either partially or fully eliminated the claimants' damages.

12. Certain of the Employment-Related Claims assert claims for 2008 retention awards that were paid to the claimants prepetition.  The portions of the Employment-Related Claims for such amounts should be disallowed and expunged because the claimants' claims were satisfied in 2008.

13. Based upon the information received, the Employment-Related Claims set forth on Exhibit A were partially eliminated by the employment packages that the claimants received from EDF.  Under applicable law, these claims should be allowed in amount that is equal to the amount of compensation owing minus the amount of compensation offered by EDF.  LBHI respectfully requests that the Court enter an order reducing and allowing the Employment-Related Claims, as set forth on Exhibit A.

14. Based upon the information received, the Employment-Related Claims set forth on Exhibit B were fully eliminated by the employment packages that the claimants received from EDF.  For every claim on Exhibit B, the claimants were offered more compensation from EDF than they claim from the Chapter 11 Estates, and as a result, these claimants have been made more than whole.  LBHI respectfully requests that the Court enter an order disallowing and expunging the Employment-Related Claims, as set forth on Exhibit B.

5

**Reservation of Rights**

15. LBHI reserves all rights to object on any other basis to any No Liability Claim as to which the relief requested herein is not granted.

**Notice**

16. No trustee has been appointed in these chapter 11 cases. Notice of this Four Hundred Fourth Omnibus Objection to Claims has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A and Exhibit B; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

17. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: March 15, 2013
　　　　New York, New York

　　　　　　　　　　　　　　　　　　/s/ Robert J. Lemons
　　　　　　　　　　　　　　　　　　Robert J. Lemons

　　　　　　　　　　　　　　　　　　WEIL, GOTSHAL & MANGES LLP
　　　　　　　　　　　　　　　　　　767 Fifth Avenue
　　　　　　　　　　　　　　　　　　New York, New York 10153
　　　　　　　　　　　　　　　　　　Telephone: (212) 310-8000
　　　　　　　　　　　　　　　　　　Facsimile: (212) 310-8007

　　　　　　　　　　　　　　　　　　Attorneys for Lehman Brothers Holdings Inc.
　　　　　　　　　　　　　　　　　　and Certain of Its Affiliates

# **EXHIBIT A**

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**
**OMNIBUS OBJECTION 404: EXHIBIT A - EMPLOYMENT-RELATED CLAIMS**

| | NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 1 | BYASSEE, LEE | 4735 | 6/2/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $645,000.00 | | $645,000.00 |
| | | | | **CLAIM AS MODIFIED** | | | | **$67,000.00** | | **$67,000.00** |
| 2 | CALHOUN, JOHN W. III | 19255 | 9/18/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $200,000.00 | | $200,000.00 |
| | | | | **CLAIM AS MODIFIED** | | | | **$20,000.00** | | **$20,000.00** |
| 3 | DREXELIUS, PAUL | 2534 | 2/3/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $990,000.00 | | $990,000.00 |
| | | | | **CLAIM AS MODIFIED** | | | | **$104,000.00** | | **$104,000.00** |
| 4 | LIVINGSTON, DAVID | 8311 | 8/14/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $570,000.00 | | $570,000.00 |
| | | | | **CLAIM AS MODIFIED** | | | | **$100,000.00** | | **$100,000.00** |
| | | | | TOTAL ASSERTED | $0.00 | $0.00 | $0.00 | $2,405,000.00 | $0.00 | $2,405,000.00 |
| | | | | TOTAL NOT SUBJECT TO OBJECTION | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | TOTAL SUBJECT TO OBJECTION | 0.00 | 0.00 | 0.00 | 2,405,000.00 | 0.00 | 2,405,000.00 |
| | | | | **TOTAL CLAIM AS MODIFIED** | **$0.00** | **$0.00** | **$0.00** | **$291,000.00** | **$0.00** | **$291,000.00** |

\* - Indicates claim contains unliquidated and/or undetermined amounts

# **EXHIBIT B**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)
OMNIBUS OBJECTION 404: EXHIBIT B – EMPLOYMENT-RELATED CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 1 | ARMITAGE, CHRISTOPHER | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30673 | $560,000.00 | $560,000.00 | None |
| 2 | CATO, JOHN PHILIP | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 6/2/2009 | 4739 | $120,000.00 | $120,000.00 | None |
| 3 | GARCIA, MIGUEL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/4/2009 | 7332 | $120,000.00 | $120,000.00 | None |
| 4 | HOPKINS, JERRY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/8/2009 | 10674 | $350,000.00 | $350,000.00 | None |
| 5 | WOLF, TOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/8/2009 | 10718 | $810,000.00 | $810,000.00 | None |
| | | | | | TOTAL | $1,960,000.00 | $1,960,000.00 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                                             :    Chapter 11 Case No.
                                                                                      :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                                      :
                            Debtors.                                      :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING FOUR HUNDRED FOURTH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the four hundred fourth omnibus objection to claims, dated March 15, 2013 (the "Four Hundred Fourth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to reduce and allow the Employment-Related Claims set forth on Exhibit 1 hereto on the basis that such claims have been partially eliminated and to disallow and expunge the Employment-Related Claims set forth on Exhibit 2 hereto on the basis that the Chapter 11 Estates have no liability for such claims, all as more fully described in the Four Hundred Fourth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Fourth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Four Hundred Fourth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Fourth Omnibus Objection to Claims.

the legal and factual bases set forth in the Four Hundred Fourth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Fourth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, each Employment-Related Claim listed on Exhibit 1 annexed hereto is reduced and allowed in the amount and priority set forth on Exhibit 1 and that any asserted amounts in excess of the reduced amount are disallowed; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, each Employment-Related Claim listed on Exhibit 2 is disallowed and expunged with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A or Exhibit B annexed to the Four Hundred Fourth Omnibus Objection to Claims that is not listed on Exhibit 1 or Exhibit 2 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York

                                                 _____
                                                 UNITED STATES BANKRUPTCY JUDGE