HEARING DATE AND TIME: April 25, 2013 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: April 15, 2013 at 4:00 p.m. (Eastern Time)

---

**THE FOUR HUNDRED FIFTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE FOUR HUNDRED FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                         :       Chapter 11 Case No.
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                  :       08-13555 (JMP)
                                                              :
                         Debtors.                             :       (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON FOUR HUNDRED FIFTH
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on March 15, 2013, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

US_ACTIVE:\44216070\2\58399.0008

certain entities in the in the above-referenced chapter 11 cases, filed the four hundred fifth omnibus objection to claims (the "Four Hundred Fifth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Four Hundred Fifth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **April 25, 2013 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Fifth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Maurice Horwitz, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **April 15, 2013 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

2

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Fifth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Fifth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: March 15, 2013
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

3

**HEARING DATE AND TIME: April 25, 2013 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: April 15, 2013 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**   :    08-13555 (JMP)
                                                   :
                        Debtors.                   :    (Jointly Administered)
------------------------------------------------------------------x

**FOUR HUNDRED FIFTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

---

**THIS FOUR HUNDRED FIFTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS FOUR HUNDRED FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

---

US_ACTIVE:\44216070\2\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this four hundred fifth omnibus objection to claims (the "Four Hundred Fifth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement, in whole or in part, of the claims listed on Exhibit A annexed hereto.

2. The Plan Administrator has examined each proof of claim identified on Exhibit A (collectively, the "No Liability Claims") and has determined that, in each case as identified more specifically on Exhibit A, either (i) the applicable Chapter 11 Estate against which the claim is asserted has no liability for any part of the claim, or (ii) the applicable Chapter 11 Estate has no liability for a portion of the claim. The Plan Administrator, therefore, requests the No Liability Claims be disallowed and expunged to the extent set forth on Exhibit A.

3. The Plan Administrator reserves all rights to object on any other basis to any No Liability Claim as to which the Court does not grant the relief requested herein as well as to the portion of any No Liability Claim that is not the subject of this Objection.

2

**Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012 (the "Effective Date"). Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The No Liability Claims Should Be Disallowed and Expunged**

8. As a result of its review of the claims filed on the claims register in these chapter 11 cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the No Liability Claims as claims for which the Chapter 11 Estate against which the claim is filed does not have any liability, in whole or in part.

9. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See*

3

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

10. The Plan Administrator has evaluated the transactions underlying the No Liability Claims and the books and records of the Chapter 11 Estates. The No Liability Claims are asserted against Chapter 11 Estates that are not liable on any grounds for such claims to the extent set forth on Exhibit A. As described further on Exhibit A, the No Liability Claims do not set forth any legal justification for asserting a claim, in whole or in part, against the applicable Chapter 11 Estates.

11. The Effective Date has occurred and distributions began on April 17, 2012. If the No Liability Claims remain on the claims register in the filed amount, the potential exists for recoveries by parties who do not hold valid claims against the Chapter 11 Estates. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the No Liability Claims to the extent set forth on Exhibit A attached hereto.

**Notice**

12. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Four Hundred Fifth Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing

4

case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

13. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: March 15, 2013
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

5

# EXHIBIT A

US_ACTIVE:\44216070\2\58399.0008

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)
OMNIBUS OBJECTION 405: EXHIBIT A - NO LIABILITY CLAIMS

| NAME | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 1 BANK OF NEW YORK MELLON, ETC. | Lehman Brothers Holdings Inc. | 28486 | $234,000.00 | $234,000.00 | None | This claim, filed by The Bank of New York Mellon on behalf of itself and certain of its affiliates (collectively, the "BNYM Entities"), is based on LBHI's purported guarantee of certain obligations incurred by non-Debtor affiliates of LBHI, specifically, Lehman Brothers Securities N.V.., Lehman Brothers (Luxembourg) Equity Finance S.A. and Lehman Brothers Bankhaus AG (collectively, the "Non-Debtor Affiliates").   The BNYM Entities assert that they are owed compensation for services rendered as Securities Agents under the Amended and Restated Master Warrant and Certificate Agreement dated as of August 8, 2007 among, *inter alia*, the Non-Debtor Affiliates, the BNYM Entities and LBHI, as guarantor (the "Warrant and Certificate Agreement"). Pursuant to Section 5.3 of the Warrant and Certificate Agreement, the BNYM Entities were required to collect from the Non-Debtor Affiliates prior to collecting from LBHI. Upon information and belief, the BNYM Entities have not sought collection from the Non-Debtor Affiliates for the compensation that forms the basis of this claim.   Therefore, LBHI does not have any liability to the BNYM Entities for this claim. |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)
OMNIBUS OBJECTION 405: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 2 | BMO CAPITAL MARKETS FINANCING, INC. | Lehman Brothers Holdings Inc. | 24935 | $4,278.00 * | $4,278.00 * | None | Claimant filed Claim 24935 in it capacity as an individual lender under that certain Credit Agreement dated as of March 14, 2008 (the "Credit Agreement"), among, *inter alia*, LBHI, the various Lenders party thereto, and JPMorgan Chase Bank, N.A. ("JPMorgan"), as Administrative Agent.   JPMorgan, as Administrative Agent, filed Claim 22077 on behalf of all of the lenders under the Credit Agreement.   Therefore, the claimant was not the proper party to file this claim, and this claim is duplicative of Claim 22077 filed by JPMorgan. |
| 3 | COLEMAN, MICHAEL ALEXIS SR. | Lehman Brothers Holdings Inc. | 67363 | Undetermined | Undetermined | None | Claim 67363 is based on brokerage transactions between claimant and Lehman Brothers Inc.   LBHI has no liability to claimant for such transactions. |
| 4 | COMMUNITY TRUST BANCORP INC. | Lehman Brothers Holdings Inc. | 14805 | $5,000,000.00 | $5,000,000.00 | None | Claim 14805 reflects that the claim is based on a transaction or transactions between claimant and Lehman Brothers Inc.   LBHI has no liability to claimant for such transaction or transactions. |
| 5 | HARPEN IMMOBILIEN GMBH & CO. KG | Lehman Brothers Special Financing Inc. | 26702 | $4,459,933.00 * | $4,459,933.00 * | None | Claim 26702 is based on a purported derivatives transaction (the "Transaction") between claimant and Lehman Brothers International Europe ("LBIE").   Claimant alleges that LBIE assigned its position in the Transaction to LBSF.   However, the claimant has not provided, nor do the Debtors' records reflect any, evidence of such an assignment or any other contractual relationship between claimant and LBSF on account of the Transaction.   Therefore, LBSF has no liability to claimant for the claim. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

08-13555-mg    Doc 36009    Filed 03/15/13    Entered 03/15/13 16:45:31    Main Document
Pg 12 of 16

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)
OMNIBUS OBJECTION 405: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 6 | HENRY SCHEIN, INC. | Lehman Commercial Paper Inc. | 1936 | $10,000.00 | $10,000.00 | None | Claim 1936 is based on an upfront fee (the "Upfront Commitment Fee") allegedly paid by claimant-borrower in respect of LCPI's projected lending commitment under that certain Credit Agreement dated as of September 5, 2008 (the "Credit Agreement"). As per the terms of the Fee Letter dated July 30, 2008, which relates to the Credit Agreement and the Commitment Letter referenced in the Fee Letter, the Upfront Commitment Fee "shall not be refundable under any circumstances, regardless of whether the transactions or borrowings contemplated by the Commitment Letter are consummated." Because the Upfront Commitment Fee was non-refundable, LCPI is not liable to return any amount of such fee to claimant-borrower. |
| 7 | MALAYAN BANKING BERHAD | Lehman Brothers Special Financing Inc. | 18066 | $8,370,926.11 | $8,370,926.11 | None | Claim 18066 is based on a derivatives transaction between claimant and Lehman Brothers International Europe (the "LBIE Transaction"). The LBIE Transaction incorrectly references an ISDA Master Agreement between claimant and LBSF (the "LBSF ISDA"). The Debtors' records reflect that LBSF has no contractual relationship to the LBIE Transaction, and that, in any event, the LBSF ISDA was terminated in 2003. As such, LBSF is not liable on account of the claim. |
| 8 | PITNEY BOWES GLOBAL FINANCIAL SERVICES | Lehman Brothers Holdings Inc. | 11979 | $11,849.03 | $11,849.03 | None | The Debtors' records reflect that Claim 11979 is based on a transaction or transactions between claimant, on the one hand, and Lehman Brothers Inc., a non-Debtor entity, and/or Neuberger Berman Group LLC, also a non-Debtor entity, on the other hand. LBHI has no liability to claimant relative to such transaction or transactions. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)
OMNIBUS OBJECTION 405: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 9 | SBA SENIOR FINANCE, INC. | Lehman Commercial Paper Inc. | 22611 | $481,958.60 | $481,958.60 | None | Claim 22611 is based on fees allegedly paid by claimant-borrower related to that certain Credit Agreement dated as of January 18, 2008, among, *inter alia*, claimant, as borrower, and several lenders thereto, including LCPI (the "Credit Agreement"). The portion of Claim 22611 in the amount of $375,000.00 relates to an upfront fee (the "Upfront Commitment Fee") allegedly paid by claimant-borrower in respect of LCPI's projected lending commitment under the Credit Agreement. As per the terms of the Fee Letter dated January 18, 2008, which relates to the Credit Agreement, the Upfront Commitment Fee was not refundable "under any circumstances." The remaining portion of Claim 22611 in the amount of $106,958.60 relates to additional fees under the Credit Agreement (the "Additional Fees") that were purportedly paid by claimant-borrower subsequent to the filing of LCPI's chapter 11 case. However, claimant-borrower sent several notices to LCPI indicating that the Additional Fees would be held by the Administrative Agent until LCPI cured its alleged default under the Credit Agreement. The Additional Fees were never paid to LCPI and the Credit Agreement has since been terminated. Therefore, LCPI is not liable to claimant for any portion of this claim. |
| 10 | STP CO-OP TA L SOC LTD, THE | Lehman Brothers Holdings Inc. | 34788 | $1,224,461.00 | $1,224,461.00 | None | The securities underlying Claim 34788 were not issued by LBHI or any of its affiliates. LBHI does not owe any obligations in respect of such securities. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)
OMNIBUS OBJECTION 405: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 11 | VIRGINIA RETIREMENT SYSTEM | Lehman Commercial Paper Inc. | 31814 | $930.68 | $930.68 | None | Claim 31814 reflects that the claim is based on a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant for such transaction or transactions. |
| | | TOTAL | | $19,798,336.42 | $19,798,336.42 | | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                                  :    Chapter 11 Case No.
                                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                                       :
                              Debtors.                         :    (Jointly Administered)
-----------------------------------------------------------------x

## ORDER GRANTING THE FOUR HUNDRED FIFTH
## OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the four hundred fifth omnibus objection to claims, dated March 15, 2013 (the "Four Hundred Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims to the extent that they assert claims for which the applicable Chapter 11 Estates do not have any liability, all as more fully described in the Four Hundred Fifth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Fifth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Fifth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Fifth Omnibus Objection to Claims.

US_ACTIVE:\44216070\2\58399.0008

set forth in the Four Hundred Fifth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Four Hundred Fifth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> annexed hereto (collectively, the "<u>No Liability Claims</u>") are disallowed and expunged, with prejudice, to the extent set forth therein; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to the Four Hundred Fifth Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto and (ii) the portion of any No Liability Claim that is not the subject of the Four Hundred Fifth Omnibus Objection to Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York

                                                        _____
                                                        UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44216070\2\58399.0008