**HEARING DATE AND TIME: April 25, 2013 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: April 15, 2013 at 4:00 p.m. (Eastern Time)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF FOUR HUNDRED SEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ADAM M. LAVINE, AT 212-310-8290.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                             :   Chapter 11 Case No.
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :   08-13555 (JMP)
                                                  :
        Debtors.                                  :   (Jointly Administered)
------------------------------------------------------------------x

### NOTICE OF HEARING ON FOUR HUNDRED SEVENTH
### OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)

**PLEASE TAKE NOTICE** that on March 15, 2013, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

the entities in the above-referenced chapter 11 cases, filed its four hundred seventh omnibus

objection to claims (the "Four Hundred Seventh Omnibus Objection to Claims"), and that a

US_ACTIVE:\44214735\6\58399.0011

hearing (the "Hearing") to consider the Four Hundred Seventh Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **April 25, 2013 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Seventh Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Maurice Horwitz, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **April 15, 2013 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Seventh Omnibus Objection to Claims or any claim set

2

forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Seventh Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: March 15, 2013
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

US_ACTIVE:\44214735\6\58399.0011

**HEARING DATE AND TIME: April 25, 2013 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: April 15, 2013 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                    :    Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :    08-13555 (JMP)
                                         :
                  Debtors.               :    (Jointly Administered)
------------------------------------------------------------x
```

**FOUR HUNDRED SEVENTH OMNIBUS**
**OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS FOUR HUNDRED SEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ADAM M. LAVINE, AT 212-310-8290.**

---

1

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this omnibus objection, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto.

2. The proofs of claim identified on Exhibit A (collectively, the "Insufficient Documentation Claims") were submitted with insufficient information for the Chapter 11 Estates to determine the validity and amounts of the asserted claims. The Plan Administrator requested that the holders of such claims (each a "Claimant" and together, the "Claimants") provide necessary additional information and warned that a failure to provide additional information would likely result in an objection to the Insufficient Documentation Claims. However, Claimants failed to provide the Plan Administrator with any additional information. The Insufficient Documentation Claims do not constitute valid *prima facie* claims, and the Plan Administrator requests that they be disallowed and expunged in their entirety.

2

**Jurisdiction**

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

4. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Chapter 11 Estates, among other things, to file omnibus objections to up to 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

6. On August 10, 2011, the Court entered an order approving procedures for determining the allowed amount of claims filed against LBHI based on certain structured securities that were issued or guaranteed by LBHI (the "<u>Structured Securities Valuation Procedures Order</u>") [ECF No. 19120]. The Insufficient Documentation Claims are subject to the claim valuation procedures established in the Structured Securities Valuation Procedures Order.

7. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The Insufficient Documentation Claims Should Be Disallowed and Expunged**

8. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the

3

Insufficient Documentation Claims as claims that should be disallowed and expunged on the basis that they do not include sufficient information for LBHI to evaluate the merits and validity of such claims and Claimants did not produce sufficient information to support the claims upon request. The Insufficient Documentation Claims, therefore, do not constitute valid *prima facie* claims.

9. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

10. Bankruptcy Rule 3001(c) requires that proofs of claim filed against a debtor include supporting information to establish the *prima facie* validity of such claim. FED. R. BANKR. P. 3001(c). Further, this Court and others in the Second Circuit have held that "claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim." *In re Minbatiwalla*, 424 B.R. 104, 119 (Bankr. S.D.N.Y. 2010); *accord In re Porter*, 374 B.R. 471 (Bankr. D. Conn. 2007).

11. The Insufficient Documentation Claims are subject to the claim valuation procedures established in the Structured Securities Valuation Procedures Order. Accordingly, pursuant to the Structured Securities Valuation Procedures Order, LBHI provided a personalized notice to Claimants that listed the Proposed Allowed Claim Amount (as such term is defined in the Structured Securities Valuation Procedures Order) applicable to such claims. Each such

4

notice listed a Proposed Allowed Claim Amount of $0.00 for each of the Insufficient Documentation Claims because LBHI lacked sufficient information to value the claims in accordance with the Structured Securities Valuation Methodology (as such term is defined in the Structured Securities Valuation Procedures Order). Specifically, LBHI could not generate a Proposed Allowed Claim Amount other than $0.00 for each of the Insufficient Documentation Claims because the Plan Administrator was unable to determine the applicable notional amount in local currency held by each Claimant.

12. The personalized notices informed Claimants that if they provided the notional amount in local currency applicable to their claims, LBHI likely could provide a Proposed Allowed Claim Amount other than $0.00. The notices further informed Claimants that, pursuant to the Structured Securities Valuation Procedures Order, (i) each Claimant was permitted to submit a response (a "Response") to LBHI if the claimant disputed its Proposed Allowed Claim Amount, and (ii) if Claimants failed to deliver a Response by October 25, 2011 (the "Response Deadline"), Claimants would be deemed to have consented to the Proposed Allowed Claim Amount for purposes of voting and distributions under the Plan. No Claimant submitted a Response to LBHI.[1]

13. On multiple occasions since the Response Deadline, the Plan Administrator requested that Claimants provide the notional amounts applicable to their claims and warned Claimants that a failure to provide such information likely would result in an objection to their claims. The Plan Administrator made such requests via mail, email, and/or telephone, depending on the types of contact information that were provided in the relevant

---

[1] LBHI reserves its right to assert that, pursuant to the Structured Securities Valuation Procedures Order, each Structured Securities Claimant's failure to submit a Response results in each such claimant having an Allowed Claim (as such terms are defined in the Plan) in the amount of $0.00.

5

proofs of claim. Claimants have not responded to the Plan Administrator's requests for additional information.

14. Without additional information regarding the Insufficient Documentation Claims, the Plan Administrator is unable to evaluate the merits and validity of the Insufficient Documentation Claims. Nothing in the books and records of the Chapter 11 Estates provides any information to support the Insufficient Documentation Claims. Because the Insufficient Documentation Claims lack information necessary to determine the validity of the claims and Claimants did not produce sufficient information or documentation upon request, the Insufficient Documentation Claims do not constitute valid *prima facie* claims. Consequently, the Plan Administrator requests that the Court disallow and expunge in their entirety the Insufficient Documentation Claims listed on Exhibit A.

## Reservation of Rights

15. The Plan Administrator reserves all rights to object on any other basis to any Insufficient Documentation Claim as to which the relief requested herein is not granted.

## Notice

16. No trustee has been appointed in these chapter 11 cases. Notice of this Four Hundred Seventh Omnibus Objection to Claims has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

17. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: March 15, 2013
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

7

# **EXHIBIT A**

US_ACTIVE:\44214735\6\58399.0011

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)
OMNIBUS OBJECTION 407: EXHIBIT A - INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 1 | ARENDT, GISELA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/2/2009 | 61672 | $20,000.00 | $20,000.00 | None |
| 2 | DIDDENS, CHRISTA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/27/2009 | 48902 | $3,004.20 | $3,004.20 | None |
| 3 | ELBESHAUSEN, ENNO | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/30/2009 | 57557 | $52,857.00 | $52,857.00 | None |
| 4 | GOCKE, RUTH | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/27/2009 | 49536 | $7,459.07 | $7,459.07 | None |
| 5 | HOERNER, KARL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/19/2009 | 41475 | $21,014.00 | $21,014.00 | None |
| 6 | INACIO FERREIRA, JOSE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/29/2009 | 56567 | $79,387.11 | $79,387.11 | None |
| 7 | KABAN, HERBERT | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/29/2009 | 55129 | $17,350.20 | $17,350.20 | None |
| 8 | KUPPENS, PETIA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/29/2009 | 55128 | $7,229.25 | $7,229.25 | None |
| 9 | LENSING, ANNA MARGARETE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/2/2009 | 61553 | $32,660.00 | $32,660.00 | None |
| 10 | LENSING, ANNA MARGARETE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/2/2009 | 61554 | $35,500.00 | $35,500.00 | None |
| 11 | MALISCH-WARAKOMSKI, JAROSLAW | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/26/2009 | 46669 | $1,497.72 | $1,497.72 | None |

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**
**OMNIBUS OBJECTION 407: EXHIBIT A - INSUFFICIENT DOCUMENTATION CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 12 | MULLER-LANGENBECU, GARLEF | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/2/2009 | 61371 | $70,000.00 | $70,000.00 | None |
| 13 | ORTLOFF, ANITA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/30/2009 | 57084 | $12,455.05 | $12,455.05 | None |
| 14 | PROPERTY VALUE ESTATE FOUNDATION | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/26/2009 | 46530 | $40,334.00 | $40,334.00 | None |
| 15 | SCHRODER, MARGRET | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/27/2009 | 48683 | $19,525.80 | $19,525.80 | None |
| 16 | SIGLER, HELGA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/28/2009 | 50720 | $16,867.69 | $16,867.69 | None |
| 17 | STUEBER, AXEL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/16/2009 | 40877 | $7,102.00 | $7,102.00 | None |
| 18 | VON POSADOWSKY-WEHNER, DOROTHEE GRAETIN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/19/2009 | 41463 | $20,050.98 | $20,050.98 | None |
| | | | | | TOTAL | $464,294.07 | $464,294.07 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,             :    08-13555 (JMP)
                                                   :
                    Debtors.                       :    (Jointly Administered)
------------------------------------------------------------x
```

### ORDER GRANTING FOUR HUNDRED SEVENTH OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)

Upon the four hundred seventh omnibus objection to claims, dated March 15, 2013 (the "Four Hundred Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to disallow and expunge the Insufficient Documentation Claims, all as more fully described in the Four Hundred Seventh Omnibus Objection to Claims; and due and proper notice of the Four Hundred Seventh Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Seventh Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Four Hundred Seventh Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Seventh Omnibus Objection to Claims.

2

ORDERED that the relief requested in the Four Hundred Seventh Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Four Hundred Seventh Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                                                      _____
                                                                       UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44214735\6\58399.0011