Douglas R. Davis
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

Attorney for Bank Hapoalim B.M.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:

LEHMAN BROTHERS HOLDINGS INC., et al.,

Debtors.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Chapter 11

Case No. 08-13555 (JMP)

Jointly Administered

**OBJECTION OF BANK HAPOALIM B.M. TO THE CLAIM TRANSFER OF
IRA FBO MICHAEL ZLATIN, PERSHING LLC AS CUSTODIAN**

Bank Hapoalim B.M. ( "BH"), by and through its counsel, Paul, Weiss, Rifkind, Wharton & Garrison LLP, hereby objects to the Notice of Transfer of Claim Other Than for Security [Docket No. 35146] (the "Duplicate Claim Transfer") filed by IRA FBO Michael Zlatin, Pershing LLC as Custodian (the "Alleged Transferee") on February 20, 2013, entered February 22, 2013.

**RELEVANT BACKGROUND**

1. On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries (LBHI, together with such subsidiaries, the "Reorganized Debtors"), filed voluntary petitions under chapter 11 of the Bankruptcy Code.

2. On July 2, 2009, the Bankruptcy Court for the Southern District of New York (the "Court") entered that certain *Order Pursuant to Section 502(b)(9) of the*

*Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* [Docket No. 4271] (the "Bar Date Order"), establishing November 2, 2009 as the deadline (the "Bar Date") for each person or entity to file proofs of claim based on any Lehman Programs Security against the Debtors.

3.      In accordance with the Bar Date Order, on October 29, 2009, BH filed Proof of Claim Number 55854 (the "Claim") against LBHI for amounts owing to BH by LBHI in respect of Lehman Programs Securities held by BH as custodian for its customers.

4.      On March 6, 2012, the Reorganized Debtors declared the Effective Date for each debtor pursuant to the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, dated December 5, 2011 [Docket No. 22973] (the "Plan").  Pursuant to Section 8.11 of the Plan, the Reorganized Debtors are to continue to maintain the Claims Register after the Effective Date and recognize any valid transfer of claims thereafter.  The Claims Register is maintained by Epiq Bankruptcy Solutions, LLC ("Epiq").

5.      On February 20, 2013, the Alleged Transferee unilaterally, and without authorization from BH, filed the Duplicate Claim Transfer, alleging that BH had transferred a $100,000 portion of its Claim in respect of Lehman Programs Securities identified by ISIN XS0346466781.

6.      Pursuant to a notice, dated February 25, 2013, mailed to BH by the Clerk of the Court, BH was required to object to the Duplicate Claim Transfer within 21 days – by March 18, 2013 – or the Alleged Transferee would be automatically substituted for BH as the record claimant on the Claims Register.

2

## OBJECTION

1. BH disputes the validity of the Duplicate Claim Transfer and the Alleged Transferee's authority to transfer any portion of the Claim without BH's consent or authorization. BH has agreed to transfer a portion of its Claim to the Alleged Transferee, and such transfer was recorded by that certain Notice of Transfer of Claim Other Than for Security [Docket No. 34968] (the "<u>Original Claim Transfer</u>"), also filed by the Alleged Transferee on February 20, 2013, entered February 22, 2013. The Duplicate Claim Transfer is duplicative of the Original Claim Transfer. Accordingly, BH seeks to have the Duplicate Claim Transfer expunged.

2. BH has, on several occasions, contacted representatives of the Alleged Transferee and requested that they withdraw the Duplicate Claim Transfer. On March 1, 2013, a representative of the Alleged Transferee sent a notice of withdrawal to the Clerk of Court acknowledging that the Duplicate Claim Transfer had indeed been filed in error and should be withdrawn. However, to date, such notice of withdrawal with respect to the Duplicate Claim Transfer has not been filed on the docket.

[Remainder of page intentionally left blank]

**CONCLUSION**

WHEREFORE, BH requests that this Court reject the Duplicate Claim Transfer from BH to the Alleged Transferee and instruct the Reorganized Debtors to revise the Claims Register accordingly.

Dated: New York, New York  
March 15, 2013

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:   /s/ *Douglas R. Davis*  
     (A Member of the Firm)  
     1285 Avenue of the Americas  
     New York, New York 10019-6064  
     Telephone: (212) 373-3000  
     Facsimile: (212) 757-3990

Attorney for Bank Hapoalim B.M.