**HEARING DATE AND TIME: April 25, 2013 at 10:00 a.m. (Eastern Time)**
**OBJECTION DEADLINE: April 11, 2013 at 4:00 p.m. (Eastern Time)**

> **PARTIES RECEIVING NOTICE OF THIS MOTION SHOULD REVIEW THE MOTION TO SEE IF THEIR NAME(S) AND/OR SCHEDULED CLAIM(S) ARE LOCATED IN THE EXHIBIT ATTACHED THERETO. YOU ARE RECEIVING THIS NOTICE BECAUSE LEHMAN BROTHERS HOLDINGS INC. OR ITS AFFILIATE MAY BE SEEKING TO ELIMINATE YOUR SCHEDULED CLAIM(S). IF YOU DISAGREE WITH THE ELIMINATION OF YOUR SCHEDULED CLAIM(S), THEN YOU NEED TO TIMELY OBJECT TO THIS MOTION.**
>
> **IF YOU HAVE QUESTIONS ABOUT THIS MOTION PLEASE CALL ERIKA DEL NIDO, ESQ. AT (212) 310-8323.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                : Chapter 11 Case No.
                                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*          : 08-13555 (JMP)
                                                     :
                      Debtors.                       : (Jointly Administered)
---------------------------------------------------------------x

**NOTICE OF HEARING ON MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE TO DEEM THE SCHEDULES OF LIABILITIES AMENDED**

**PLEASE TAKE NOTICE** that on March 18, 2013, Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator") as Plan Administrator, under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") filed a motion (the "Motion") seeking to deem amended the schedules of liabilities filed by LBHI and certain of its affiliates in the above-referenced cases, and that a hearing (the "Hearing") to consider the Motion will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, New York, New York 10004, on **April 25, 2013, at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Erika del Nido, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Susan Golden, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **April 11, 2013 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline").

US_ACTIVE:\44217744\3\58399.0011

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Motion or any claim set forth thereon, the Plan Administrator may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  March 18, 2013
        New York, New York

        /s/ Robert J. Lemons
        Robert J. Lemons

        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York 10153
        Telephone: (212) 310-8000
        Facsimile: (212) 310-8007

        Attorneys for Lehman Brothers Holdings Inc.
        and Certain of its Affiliates

HEARING DATE AND TIME:  April 25, 2013 at 10:00 a.m. (Eastern Time)
OBJECTION DEADLINE:  April 11, 2013 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                : Chapter 11 Case No.
                                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*          : 08-13555 (JMP)
                                                     :
                    Debtors.                         : (Jointly Administered)
------------------------------------------------------------------x

**MOTION PURSUANT TO SECTION 105(a) OF THE
<u>BANKRUPTCY CODE TO DEEM THE SCHEDULES OF LIABILITIES AMENDED</u>**

**PARTIES RECEIVING THIS MOTION SHOULD REVIEW THE MOTION TO SEE IF THEIR NAME(S) AND/OR SCHEDULED CLAIM(S) ARE LOCATED IN THE EXHIBIT ATTACHED HERETO.  YOU ARE RECEIVING THIS NOTICE BECAUSE LEHMAN BROTHERS HOLDINGS INC. OR ITS AFFILIATE MAY BE SEEKING TO ELIMINATE YOUR SCHEDULED CLAIM(S).  IF YOU DISAGREE WITH THE ELIMINATION OF YOUR SCHEDULED CLAIM(S), THEN YOU NEED TO TIMELY OBJECT TO THIS MOTION.**

**IF YOU HAVE QUESTIONS ABOUT THIS MOTION PLEASE CALL
ERIKA DEL NIDO, ESQ. AT (212) 310-8323.**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), respectfully represents:

### Background

1. Commencing on September 15, 2008 (the "Commencement Date"), and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

2. On March 12, 2009, LBHI and its affiliates in the above referenced cases (the "Chapter 11 Estates") filed their Statements of Affairs and Schedules of Assets and Liabilities (as subsequently amended, collectively, the "Schedules") in accordance with section 521 of the Bankruptcy Code.

3. On December 6, 2011, the Court approved and entered an order confirming the Plan. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to reconcile all claims against the Chapter 11 Estates.

### Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2

**Relief Requested**

5.      The Plan Administrator requests the Court enter an order, substantially in the form attached hereto as **Exhibit B** (the "Proposed Order"), deeming the Schedules amended for the claims in the manner set forth on **Exhibit A** hereto (the "Scheduled Claims").

**The Scheduled Claims**

6.      The Chapter 11 Estates commenced distributions to holders of allowed claims under the Plan on April 17, 2012.  The Plan Administrator has been actively reviewing all filed claims and Schedules in an effort to reconcile claims and accelerate distributions to creditors.  As a result of the Plan Administrator's claims reconciliation efforts, the Plan Administrator has identified claim amounts originally included on the Schedules as claims for which the Chapter 11 Estates actually have no liability.  The Plan Administrator believes that the Chapter 11 Estates do not have any liability for the Scheduled Claims identified on **Exhibit A**.

7.      When the Chapter 11 Estates filed their Schedules, they were not able to reflect all claims appropriately, and accordingly, the Schedules do not accurately reflect certain prepetition claims.  As the Plan Administrator makes distributions to creditors under the Plan, it is necessary to ensure that the Schedules reflect only current outstanding liabilities in order to avoid a creditor inadvertently receiving a distribution from a Chapter 11 Estate to which a creditor is not entitled.  Because the creditors for the Scheduled Claims were not required to file proofs of claim in these chapter 11 cases, the Plan Administrator does not have the ability to address such discrepancies by objecting to an amount alleged in a proof of claim.  Further, because revising and filing amended schedules at this stage in the chapter 11 cases would be time-consuming and costly, the Plan Administrator seeks authority to deem the Schedules amended as set forth herein.

**Basis for Relief**

8. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. *See, e.g., Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.") (citations omitted*); Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

9. Granting the relief requested herein is an appropriate use of the Court's power under section 105(a) of the Bankruptcy Code. Section 521 of the Bankruptcy Code provides that a debtor must file a schedule of its assets and liabilities, which the Chapter 11 Estates have done. *See* 11 U.S.C. § 521. Here, however, the Plan Administrator believes it would not be cost-effective to file amended schedules for each Chapter 11 Estate to account for claims for which the Chapter 11 Estate does not have any liability. Filing amended schedules would require a 30 day period for creditors to file claims if they dispute removal of their claim amounts from the amended schedules. Then, the Plan Administrator would need to evaluate and potentially file and prosecute objections to the claims. In lieu of the cumbersome and costly process, the Plan Administrator seeks authority to deem the Schedules amended as set forth in **Exhibit A**.

4

10.     Proceeding by this Motion in no way prejudices the rights of any of the creditors whose Scheduled Claims will be eliminated. The creditors will each receive notice of and have an opportunity to object to the relief requested herein. The Plan Administrator will provide each creditor affected by this Motion adequate due process by serving upon each creditor a copy of this Motion. As a result, affected creditors will have ample opportunity to object to this Motion and dispute the elimination of their claim if they believe the elimination is incorrect.

11.     Moreover, the Plan Administrator's proposed method is a more efficient process than would otherwise be provided by amending the Schedules. If the Plan Administrator amended the Schedules, creditors would need to sift through multiple amended Schedules to determine if their claims have been affected. Instead, the list of Scheduled Claims explicitly sets forth which claims have been affected.

12.     This Court has previously granted similar relief [ECF No. 28399] and courts in other cases have granted similar relief pursuant to their powers under section 105(a) of the Bankruptcy Code. *See, e.g., U.S. Shipping Partners L.P.*, Ch. 11 Case No. 09-12711 (RDD) (Bankr. S.D.N.Y. Mar. 25, 2010) [Docket No. 563]; *In re BearingPoint, Inc.*, Ch. 11 Case No. 09-10691 (REG) (Bankr. S.D.N.Y. Nov. 20, 2009) [Docket No. 1445]; *Stone Barn Manhattan LLC (f/k/a Steve & Barry's Manhattan LLC)*, Ch. 11 Case No. 08-12579 (AJG) (Bankr. S.D.N.Y. May 21, 2010) [Docket No. 1992]. The Plan Administrator submits that granting similar relief here is in the best interests of the Chapter 11 Estates and their creditors

### Notice

13.     The Plan Administrator has served this Motion on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each creditor identified on **Exhibit A**; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the

5

second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

14. No previous request for the relief sought herein has been made by the Plan Administrator to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  March 18, 2013
        New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and Certain of its Affiliates

US_ACTIVE:\44217744\3\58399.0011

**Exhibit A**

US_ACTIVE:\44217744\3\58399.0011

**Exhibit A**

EXHIBIT A: SCHEDULED CLAIMS LEHMAN COMMERCIAL PAPER INC.

SCHEDULE F

CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR NAME | ADDRESS1 | ADDRESS2 | ADDRESS3 | CITY | STATE | ZIP | COUNTRY | DESCRIPTION | CONTINGENT | UNLIQUIDATED | DISPUTED | ORIGINAL SCHEDULE AMOUNT | MODIFIED SCHEDULED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CHESTNUT INVESTORS III | 153 E 53RD STREET | | | NEW YORK | NY | 10022 | UNITED STATES | ITS TRADE PAYABLE | | | | $52,094.47 | $0.00 |
| EVEREST CAPITAL FUND LP | EVEREST CAPITAL INC. | 2601 SOUTH BAYSHORE DRIVE | SUITE 1700 | MIAMI | FL | 33133 | UNITED STATES | ITS TRADE PAYABLE | | | | $496,288.10 | $0.00 |
| EVEREST CAPITAL INTERNATIONAL | EVEREST CAPITAL INC. | 2601 SOUTH BAYSHORE DRIVE | SUITE 1700 | MIAMI | FL | 33133 | UNITED STATES | ITS TRADE PAYABLE | | | | $74,061.26 | $0.00 |
| GOLDEN GATE CAPTIVE INSURANCE COMPANY | 151 MEETING STREET | SUITE 301 | | CHARLESTON | SC | 29401 | UNITED STATES | GENERAL TRADE PAYABLE | | | | $257,228.50 | $0.00 |
| RF ACCOUNT C/O BENNETT ASSOC | | | | | | | UNITED STATES | GENERAL TRADE PAYABLE | | | | $116,668.00 | $0.00 |

2

## Exhibit B

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                               :
              Debtors.                                     :    (Jointly Administered)
------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE DEEMING THE SCHEDULES OF LIABILITIES AMENDED

Upon the motion, dated March 18, 2013 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") to deem the Schedules amended, all as more fully set forth in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Schedules shall be deemed amended to modify the "Original Scheduled Amount" for each Scheduled Claim as set forth on **Exhibit 1** hereto; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that the claims and noticing agent, Epiq Bankruptcy Solutions LLC, is authorized and directed to modify the official claims register as necessary to implement the relief granted in this Order; and it is further

ORDERED that to the extent the relief requested in the Motion is not granted with respect to any Scheduled Claim, the Plan Administrator's rights and defenses with respect to any of the Scheduled Claims shall be preserved, including, but not limited to, the right to object to the Scheduled Claims on any basis; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated: _____, 2013
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2