Pg 1 of 15

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                                         :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :    08-13555 (JMP)
                                                               :
                                        Debtors.               :    (Jointly Administered)
---------------------------------------------------------------x

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr.P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| BALSA GROVE, L.L.C. | BANC OF AMERICA CREDIT PRODUCTS, INC. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

BALSA GROVE, L.L.C.
P.O. Box 6487
F.D. Roosevelt Station
New York, New York 10150
E-Mail: notices@balsagrove.net
Last Four Digits of Acct #: N/A

With a copy to:
Scott L. Esbin
Esbin & Alter, LLP
497 South Main Street
New City, New York 10956
Telephone: (845) 634-7909
Facsimile: (845) 634-4160
E-Mail: sesbin@esbinalter.com

Name and Address where transferee payments should be sent (if different from above): N/A

Court Claim # (if known): 29586
Total Claim Amount: $9,346,793.67
Amount of Claim to be Transferred: $4,673,396.84 (or 50% of the Total Claim Amount)

Date Claim Filed: September 22, 2009

BANC OF AMERICA CREDIT PRODUCTS, INC.
c/o Bank of America Merrill Lynch
Bank of America Tower – 3rd Floor
One Bryant Park
New York, New York 10036
Telephone: (646) 855-7450
Attention: Ante Jakic / Gary S. Cohen / Jeff Benesh
E-Mail: Ante.Jakic@baml.com
   g.cohen@baml.com
   jeffrey.benesh@baml.com

**PLEASE SEE ATTACHED EXHIBITS**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**BALSA GROVE, L.L.C.**

By: _____          Date: March 19, 2013
Transferee/Transferee's Agent
Scott L. Esbin/Authorized Signatory

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

## Exhibit A

Evidence of Transfer of Claim

08-13555-mg    Doc 36054    Filed 03/19/13    Entered 03/19/13 10:58:45    Main Document
Pg 3 of 15

## Exhibit A

### EVIDENCE OF PARTIAL TRANSFER OF CLAIM

TO:   Clerk, United States Bankruptcy Court, Southern District of New York

BANC OF AMERICA CREDIT PRODUCTS, INC., with offices at c/o Bank of America Merrill Lynch, Bank of America Tower – 3rd Floor, One Bryant Park, New York, New York 10036 ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and pursuant to the terms of an agreement between Seller and Buyer (defined below), does hereby certify that Seller has unconditionally and irrevocably sold, transferred and assigned to BALSA GROVE, L.L.C., its successors and assigns ("Buyer"), a 50% pro rata share (representing $4,673,396.84 (the "Transferred Claim Amount")) in and to all rights, title and interest in and to the claim of Seller against **Lehman Brothers Holdings Inc.** (Claim No.: **29586**) in the amount of $9,346,793.67 (the "Claim") in the United States Bankruptcy Court, Southern District of New York, Case No. 08-13555 (jointly administered) (JMP).

Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this Evidence of Transfer of Claim as an unconditional assignment and Buyer herein as the valid owner of the Claim in the Transferred Claim Amount. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect to the Transferred Claim Amount to Buyer.

IN WITNESS WHEREOF, the undersigned have duly executed this Evidence of Transfer of Claim by their duly authorized representatives as of the 19 day of [March], 2013.

BANC OF AMERICA CREDIT PRODUCTS, INC.

By: _____
Name: Ronald Torok
Title: Director

BALSA GROVE, L.L.C.

BY: _____
Name: Scott L. Esbin
Title: Authorized Signatory

- 15 -

760365v.5 9999/00999

Exhibit B

Proof of Claim

| United States Bankruptcy Court/Southern District of New York | | **PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | |
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000029586 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Ellington Emerging Markets Fund, Ltd.
c/o Ellington Management Group, LLC
53 Forest Avenue, Suite 301
Old Greenwich, CT 06870

Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Attn: Shawn Chen, Esq.

Telephone number: (203) 409-3503    Email Address: saltzman@ellington.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

Name and address where payment should be sent (if different from above)

*Please see attached for account and wire information.*

Telephone number:    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 9,346,793.67

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Please see attached.
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe: _____
Value of Property: $_____    Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____    Basis for perfection: _____
Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

Date: 9/21/09

Signature: [signed]
PAUL SALTZMAN
MANAGING DIRECTOR AND GENERAL COUNSEL
BY: ELLINGTON MANAGEMENT GROUP, LLC, AS AGENT AND INVESTMENT ADVISOR TO ELLINGTON EMERGING MARKETS FUND, LTD.

FOR COURT USE ONLY

**FILED / RECEIVED**

SEP 22 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

## ATTACHMENT TO PROOF OF CLAIM FORM OF ELLINGTON EMERGING MARKETS FUND, LTD.

This proof of claim (the "Claim") is submitted by Ellington Emerging Markets Fund, Ltd. ("EEM"), a Cayman Islands exempted company, which maintains an office at 53 Forest Avenue, Old Greenwich, CT 06870. This attachment is incorporated into the proof of claim form to which it is attached.

As more specifically described below, EEM hereby asserts a claim against Lehman Brothers Holdings Inc. ("LBHI") in an amount not less than $9,346,793.67, arising pursuant to the terms and conditions of certain Guarantees (as defined below).

I.   Background

On September 15, 2008, LBHI filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). On July 2, 2009 the Bankruptcy Court entered an Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order") [D.I. 4271 in Case No. 08-13555 (JMP)].

Pursuant to the Bar Date Order, the Bankruptcy Court set September 22, 2009 at 5:00 p.m. as the bar date (the "Bar Date") for each person or entity to file proofs of claim based on pre-petition claims against LBHI, with certain specific exceptions as provided for in the Bar Date Order. In addition, the Bar Date Order provides that on or before October 22, 2009 at 5:00 p.m. (the "Questionnaire Deadline") holders of claims based on amounts owed pursuant to Derivative Contracts or Guarantees (each as defined in the Bar Date Order) must complete the electronic Derivative Questionnaire and/or Guarantee Questionnaire, as applicable, and

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

electronically upload supporting documentation to a website maintained by Epiq Bankruptcy Solutions, LLC (the "Website") rather than attach such documents to the proof of claim.

Through this Claim, EEM asserts claims based on, inter alia, a Guarantee of Derivative Contracts and a Guarantee of other obligations of LBIE. In accordance with the Bar Date Order, EEM will complete the Derivative Questionnaire and Guarantee Questionnaire as well as electronically upload the supporting documentation to the Website by the Questionnaire Deadline.

II.   The Claim

   A.   ISDA Master Agreement

EEM hereby asserts a claim against LBHI arising pursuant to the terms and conditions of a guarantee dated as of November 28, 2001 and issued by LBHI, as Credit Support Provider under the LBIE ISDA Master (defined below) to EEM (the "LBIE ISDA Guarantee"), which is related to the ISDA Master Agreement between EEM and Lehman Brothers International (Europe) ("LBIE") dated as of November 28, 2001 (collectively, and together with the LBIE ISDA Guarantee, and together with all schedules, annexes and confirmations thereto, and as the same have been amended, supplemented and otherwise modified, the "LBIE ISDA Master"). Pursuant to the LBIE ISDA Master, EEM and LBIE entered into certain Transactions (as defined in the LBIE ISDA Master), including, without limitation, total return swaps. Pursuant to the LBIE ISDA Guarantee, LBHI unconditionally guaranteed the due and punctual payment of all amounts payable by LBIE under each Transaction when due in accordance with the terms of the LBIE ISDA Master. The LBIE ISDA Guarantee is subject to one or more of the "safe harbor" provisions of the Bankruptcy Code. See, e.g., 11 U.S.C. §§ 362(b), 546, 553, 555, 556, 559, 560, 561, and 562.

2

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

During the week of September 8, 2008, EEM and LBIE agreed to terminate and close-out the outstanding Transactions under the LBIE ISDA Master. The parties agreed that September 11, 2008 would be the termination date with respect to each such Transaction. As of September 11, 2008, the amount of collateral EEM had pledged and transferred to LBIE pursuant to the LBIE Master Agreement exceeded amounts owed to LBIE under that agreement (including any termination payments) by $20.7 million.

On September 11, 2008, the transactions under the LBIE ISDA Master were terminated by mutual agreement of the parties. Furthermore, on September 15, 2008, EEM provided written notice to LBIE of an Event of Default under Section 5(a)(vii) of the LBIE ISDA Master and declared September 15, 2008 as the Early Termination Date. Following the termination of the Transactions, pursuant to Sections 3(b) and 8(d) of the Credit Support Annex to the LBIE Master Agreement (the "LBIE ISDA CSA"), and following the Early Termination Date, pursuant to 8(b)(iii) of the LBIE ISDA CSA, LBIE was required to return all posted collateral to EEM. LBIE returned to EEM cash collateral totaling approximately $14 million, but failed to return the remaining $6,721,537 in cash collateral due to EEM.

Therefore, pursuant to the provisions of the LBIE ISDA Master, $6,721,537 is due and payable by LBIE to EEM under that agreement (the "LBIE ISDA Termination Amount"). EEM hereby asserts an unsecured claim against LBHI for the LBIE ISDA Termination Amount under the LBIE ISDA Guarantee (subject to any right to set off that might arise from claims that LBHI may assert or has asserted against EEM or otherwise).

In addition, under Section 11(a) of the Credit Support Annex to the LBIE ISDA Master, EEM is entitled to interest on the LBIE ISDA Termination Amount commencing on

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

September 11, 2008 through the date of payment of the LBIE ISDA Termination Amount.[1] Moreover, under Section 11 of the LBIE ISDA Master, EEM is entitled to indemnification of its costs and expenses, including, without limitation, legal fees and expenses and other costs of collection, by reason of the enforcement or protection of its rights under the LBIE ISDA Master.[2] Because such amounts continue to accrue, the precise amount of such interest and costs and expenses cannot be calculated at this time.

Further, EEM also asserts that any amounts owed by LBIE under the LBIE ISDA Master are also guaranteed by LBHI pursuant to (i) a Guarantee, dated as of January 4, 2008, under which LBHI absolutely and unconditionally guaranteed the payment of all liabilities, obligations and commitments of LBIE (the "Global LBIE Guarantee"), and (ii) a Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., dated as of June 9, 2005, under which LBHI fully guaranteed payment of all liabilities, obligations and payments of LBIE as well as certain other LBHI affiliates (the "Unanimous Written Consent"). EEM hereby asserts all claims set forth above under the LBIE ISDA Guarantee as claims against LBHI pursuant to the Global LBIE Guarantee and the Unanimous Written Consent.

B.    Global Master Repurchase Agreement

EEM hereby asserts a claim against LBHI pursuant to the terms and conditions of the Global LBIE Guarantee and the Unanimous Written Consent, in relation to the Global Master Repurchase Agreement between EEM and LBIE dated as of November 28, 2001 (the "LBIE GMRA"). Pursuant to the LBIE GMRA, EEM and LBIE entered into certain transactions, including, without limitation, repurchase and reverse repurchase transactions. Pursuant to the

---

[1] As of September 20, 2009, $384,291.76 in interest had accrued.
[2] As of August 31, 2009, $30,688.75 in such fees and expenses had accrued.

4

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

Global LBIE Guarantee and the Unanimous Written Consent, LBHI unconditionally guaranteed the due and punctual payment of all LBIE's liabilities, obligations and commitments, including LBIE's obligations under the LBIE GMRA. The LBIE GMRA is subject to one or more of the "safe harbor" provisions of the Bankruptcy Code. See, e.g., 11 U.S.C. §§ 362(b), 546, 553, 555, 556, 559, 560, 561, and 562.

On September 15, 2008, EEM provided written notice to LBIE that an "Act of Insolvency" had occurred with respect to LBIE under the LBIE GMRA, and pursuant to the terms of the LBIE GMRA, all transactions thereunder were immediately terminated. Following the termination of the LBIE GMRA, EEM exercised its rights under Paragraph 10(c) of the LBIE GMRA to determine the default values of the securities subject to the LBIE GMRA, the repurchase prices to be paid by each party with respect to those securities, the amount of cash margin posted by each party in respect of its obligations and other amounts due to EEM as a result of the termination of the EEM GMRA. In accordance therewith, EEM determined that $2,124,656 (the "LBIE GMRA Termination Amount") was due and payable by LBIE to EEM as of September 16, 2008.

EEM hereby asserts an unsecured claim against LBHI for the LBIE GMRA Termination Amount pursuant to the Global LBIE Guarantee and the Unanimous Written Consent (subject to any right to set off that might arise from claims that LBHI may assert or has asserted against EEM or otherwise).

The determination of the termination payment under the LBIE GMRA may have involved both netting of amounts due to and from LBIE pursuant to different transactions under the LBIE GMRA and/or the exercise of contractual rights under a security agreement or arrangement or other credit enhancement forming a part of or related to the LBIE GMRA. The

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

application of such contractual netting provisions is consistent with and protected by applicable law, including the Bankruptcy Code; nevertheless, should it be determined that such netting or exercise of contractual rights was not effective for any reason, as a precaution EEM hereby asserts, in the alternative, a contingent unsecured guarantee claim under the Global LBIE Guarantee and the Unanimous Written Consent for any gross amounts owed by LBIE under the LBIE ISDA Master.

In addition, under Paragraph 12 of the LBIE GMRA, EEM is entitled to interest on the LBIE GMRA Termination Amount accruing at the greater of the Pricing Rate for the Transaction to which such sum related and one-month LIBOR commencing on September 16, 2008 through the date of payment of the LBIE GMRA Termination Amount.[3] Moreover, under Paragraph 10(d) of the LBIE GMRA, EEM is entitled to indemnification of its costs and expenses, including, without limitation, legal fees and other professional expenses, incurred by EEM in connection with or as a consequence of LBIE's "Act of Insolvency" (or any other Event of Default) under the LBIE GMRA, and interest accruing thereon at the greater of the Pricing Rate for the Transaction to which such sum relates and one-month LIBOR.[4] Because such amounts continue to accrue, the total amount of such interest and costs and expenses cannot be calculated at this time.

III. Miscellaneous

EEM reserves the right to withdraw, amend, clarify, modify or supplement this Claim to assert additional claims (including, without limitation, additional administrative expense claims, secured claims, and or general unsecured claims) and/or additional grounds for its claims against LBHI. EEM also reserves all rights accruing to it or its affiliates against LBHI

---

[3] As of September 20, 2009, $54,931.41 in interest had accrued.
[4] As of August 31, 2009, $30,688.75 in such fees and expenses (including interest thereon) had accrued.

6

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

or its estate, and the submission of this Claim is not intended to be and shall not be construed as (a) an election of remedy or (b) a waiver or limitation of any rights of EEM or its affiliates. In addition, EEM reserves the right to supplement this Claim with relevant documents to the extent necessary. Furthermore, EEM reserves the right to withdraw this Claim for any reason whatsoever. EEM reserves all rights and remedies against affiliates of LBHI or any other third parties.

This Claim shall not be deemed to be a waiver of EEM's right (i) to have final orders in noncore matters entered only after *de novo* review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy, or proceeding related to these cases (to the extent such right has not otherwise been waived), (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, defenses, setoffs, or recoupments to which EEM is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses, setoffs, and recoupments EEM expressly reserves. To the extent that LBHI has made or makes any claims against EEM, EEM reserves its set-off rights, such that all or part of the Claim may be secured to the extent of such set-off rights.

Any notices sent in connection with the Claim should be addressed to EEM at the address below:

> Ellington Emerging Markets Fund, Ltd.
> c/o Ellington Management Group, LLC
> 53 Forest Avenue, Suite 301
> Old Greenwich, CT 06870
> Attn: Paul Saltzman, General Counsel

and

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

      Cleary Gottlieb Steen & Hamilton LLP
      2000 Pennsylvania Avenue, N.W.
      Washington, D.C. 20006
      Attn: Shawn Chen, Esq.

The information with respect to the account where any payment to EOP in respect of this Claim should be made is as follows:

| | |
|---|---|
| Bank: | Bank of New York |
| City, State: | New York, NY |
| ABA: | 021000018 |
| Beneficiary Name: | Ellington Emerging Markets, LTD |
| Beneficiary Account Number: | 8900486937 |



ADMIT ONE  370736

**HAND DELIVERY**

FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

RECEIVED BY: _____   DATE: _____   TIME: _____