**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
                        Debtors.                   :    (Jointly Administered)
---------------------------------------------------------------x

## STIPULATION AND ORDER AMENDING AND WITHDRAWING CLAIMS

Lehman Brothers Holding Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for LBHI, and the entities listed on Exhibit A annexed hereto under the column heading "*Claimant*" (collectively, the "Claimants" and together with LBHI, the "Parties"), hereby stipulate and agree as follows:

## RECITALS

A.    Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

B.    On or around September 22, 2009, certain of the Claimants filed the claims listed on Exhibit A under the column heading "*Original Claim*" against LBHI (each an "Original Claim").

C.    On December 6, 2011, this Court entered an order confirming the Plan [ECF No. 23023] (the "Confirmation Order"). Pursuant to paragraph 86 of the Confirmation Order, a proof of claim may not be amended without authority of the Court.

D. On or around January 19, 2012, the Claimants received the *Notice of Entry of Order Confirming Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Rejection Notice"), which, among other things, indicated that any counterparty to a prepetition executory contract or unexpired lease to which any Debtor was a party must file a proof of claim for any damages resulting from the rejection of such executory contract or unexpired lease under the Plan, within a certain period of time and to the extent such claim was not evidenced by a previously filed proof of claim, or else such claim would be barred and not enforceable against the Debtors.[1]

E. On or around March 5, 2012, certain of the Claimants filed the claims listed on Exhibit A under the column heading "*Supplemental Claim*" against LBHI (each a "Supplemental Claim"). As set forth in the Supplemental Claims, each Supplemental Claim asserts a claim for "all damages resulting from the rejection of the agreement, to the extent that such agreement is an executory contract with the Debtors, described in the [corresponding Original Claim]."

F. The Plan became effective on March 6, 2012.

G. On August 14, 2012, the Plan Administrator filed the Three Hundred Forty-Third Omnibus Objection to Claims (No Liability Claims) [ECF No. 30032] (the "Objection"), seeking to disallow and expunge certain of the Original Claims and certain of the Supplemental Claims on the basis that the applicable Chapter 11 Estate against which the claim is asserted has no liability for any part of such claim. The Plan Administrator has since adjourned the hearing on the Objection.

---

[1] The descriptions of documents set forth herein are being provided as summaries only. In the case of an inconsistency between the summary herein and the documents, the terms of the documents shall control.

H. The Claimants acknowledge that they are not entitled to recover separately from LBHI on both an Original Claim and a corresponding Supplemental Claim (together, the "Contested Claims") for the same liability.

I. The Parties enter into this Stipulation and Order (i) for the sake of administrative convenience, (ii) to eliminate potential duplication among the Original Claims and the Supplemental Claims, and (iii) for no other purpose with all other rights being reserved.

**AGREEMENT**

1. This Stipulation and Order shall become effective upon execution by all Parties and entry by the Court (the "Effective Date").

2. Upon the Effective Date:

a. each Supplemental Claim shall be deemed amended such that all bases for liability and all information included in and all documentation filed or provided in support of the corresponding Original Claim (all as identified on Exhibit A) shall be treated as having been filed in connection with such Supplemental Claim in support of both the Original Claim and the Supplemental Claim; *provided, however,* that such bases, information and documentation filed or provided in support of an Original Claim shall be deemed filed as of the date of filing of such Original Claim or otherwise deemed provided on the date they were provided and such bases, information and documentation filed or provided in support of a Supplemental Claim shall be deemed filed as of the date of filing of such Supplemental Claim or otherwise deemed provided on the date they were provided;

b. each Original Claim shall be deemed withdrawn with prejudice subject to this Stipulation and Order;

3

        c.      the Court-appointed claims agent shall modify the claims register to reflect the terms of this Stipulation and Order, including providing access on the claims register to both the Original Claim and Supplemental Claim.

        3.      For the avoidance of doubt, neither the amounts nor the statuses (*i.e.* contingent, unliquidated, and/or disputed, as applicable) of the Supplemental Claims, as amended by the Original Claims, are amended by this Stipulation and Order.

        4.      Nothing herein shall be determinative of the classification under the Plan of any Supplemental Claim, as amended, that may become Allowed (as such term is defined and used in the Plan).

        5.      Excluding paragraph 2, nothing herein shall constitute any admission or finding with respect to any Contested Claim, and all Parties' rights to, and to continue to, object, classify, prosecute or defend any Supplemental Claim, as amended, on any basis are preserved.

        6.      This Stipulation and Order shall not be deemed to be or used as an admission of, or evidence of, the nature, validity or invalidity of any aspect of the Contested Claims, or document, agreement or contract, or right of any kind, or of any wrongdoing or liability of any of the Parties in these chapter 11 cases, or any other matter pending before the Court.

        7.      This Stipulation and Order contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings among the Parties relating thereto.

        8.      This Stipulation and Order may not be modified other than by signed writing executed by LBHI and the affected claimant(s) and delivered to each Party.

9. Each person who executes this Stipulation and Order represents that he or she is duly authorized to do so on behalf of the applicable Party and that each such Party has full knowledge of, and has consented to, this Stipulation and Order.

10. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Order to present any copy, copies, or facsimiles signed by the Parties.

11. This Stipulation and Order shall inure to the benefit of, and shall be binding upon, the Parties and their respective successors, assignees, heirs, executors and administrators. This Stipulation and Order shall be exclusively governed by and construed and enforced in accordance with the laws of the State of New York, without regard to its conflicts of law principles. The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise directly relating to this Stipulation and Order. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter directly relating to this Stipulation and Order, such matter shall be adjudicated in either the United States District Court for the Southern District of New York or a court of competent jurisdiction in the State of New York.

Dated: March 7, 2013

| | |
|---|---|
| /s/ Garrett A. Fail | /s/ Ross M. Kwasteniet |
| Garrett A. Fail | Ross M. Kwasteniet |
| | |
| WEIL, GOTSHAL & MANGES LLP | KIRKLAND & ELLIS LLP |
| 767 Fifth Avenue | 300 North LaSalle |
| New York, New York 10153 | Chicago, Illinois 60654 |
| Telephone: (212) 310-8000 | Telephone: (312) 862-2000 |
| Facsimile: (212) 310-8007 | Facsimile: (312) 862-2200 |
| | |
| Attorneys for | Attorneys for the entities listed on Exhibit A |
| Lehman Brothers Holdings Inc. | annexed hereto under the column heading "*Claimant*" |

**SO ORDERED:**

Dated: New York, New York
       March 19, 2013

                                        *s/ James M. Peck*
                                      Honorable James M. Peck
                                      United States Bankruptcy Judge

# EXHIBIT A

## CONTESTED CLAIMS

| Claimant | Original Claim | Supplemental Claim |
|---|---|---|
| LEHMAN BROTHERS REAL ESTATE ASSOCIATES III | 27444 | 67964 |
| LEHMAN BROTHERS REAL ESTATE ASSOCIATES II, L.P. | 27445 | 67965 |
| LEHMAN BROTHERS OFFSHORE REAL ESTATE ASSOCIATES II, L.P. | 27447 | 67966 |
| LBREP III PP (CAN) GP LLC | 27449 | 67967 |
| LEHMAN BROTHERS OFFSHORE REAL ESTATE ASSOCIATES III, L.P. | 27459 | 67968 |
| REPE CANADA LP | 27460 | 67969 |
| LEHMAN BROTHERS OFFSHORE REAL ESTATE ASSOCIATES, L.P. | 27461 | 67970 |
| LEHMAN BROTHERS/PSERS REAL ESTATE LP | 27779 | 67971 |
| LEHMAN BROTHERS REAL ESTATE FUND LP | 27780 | 67972 |
| LEHMAN BROTHERS OFFSHORE REAL ESTATE PARTNERS III-B LP | 27781 | 67973 |
| LEHMAN BROTHERS OFFSHORE REAL ESTATE PARTNERS III-A LP | 27782 | 67974 |
| LEHMAN BROTHERS OFFSHORE REAL ESTATE PARTNERS III LP | 27783 | 67975 |
| LEHMAN BROTHERS OFFSHORE REAL ESTATE FUND III LP | 27784 | 67976 |
| LEHMAN BROTHERS REAL ESTATE PENSION PARTNERS III LP | 27785 | 67977 |
| LEHMAN BROTHERS REAL ESTATE PARTNERS III (NYC) LP | 27786 | 67978 |
| SILVERPEAK LEGACY PARTNERS III, L.P | 27787 | 67979 |
| LEHMAN BROTHERS OFFSHORE REAL ESTATE PARTNERS III-A LP | 27796 | 67980 |
| LEHMAN BROTHERS OFFSHORE REAL ESTATE PARTNERS III LP | 27797 | 67981 |
| LEHMAN BROTHERS OFFSHORE REAL ESTATE FUND III, L.P | 27798 | 67982 |
| LEHMAN BROTHERS REAL ESTATE PARTNERS (NYC) III LP | 27799 | 67983 |
| LEHMAN BROTHERS REAL ESTATE PARTNERS III (TRS) LP | 27800 | 67984 |
| LEHMAN BROTHERS REAL ESTATE PENSION PARTNERS III, L.P. | 27801 | 67985 |
| LEHMAN BROTHERS REAL ESTATE PARTNERS III LP | 27802 | 67986 |
| LEHMAN BROTHERS REAL ESTATE FUND III LP | 27803 | 67987 |
| LEHMAN BROTHERS OFFSHORE REAL ESTATE CAPITAL PARTNERS II LP | 27804 | 67988 |
| LEHMAN BROTHERS REAL ESTATE CAPITAL PARTNERS II LP | 27805 | 67989 |
| LEHMAN BROTHERS OFFSHORE REAL ESTATE PARTNERS (NORBAN) II LP | 27806 | 67990 |
| LEHMAN BROTHERS OFFSHORE REAL ESTATE PARTNERS II, LP | 27807 | 67991 |
| LEHMAN BROTHERS OFFSHORE REAL ESTATE FUND II LP | 27808 | 67992 |
| LEHMAN BROTHERS REAL ESTATE PENSION PARTNERS II LP | 27809 | 67993 |
| SILVERPEAK LEGACY PARTNERS II, LP | 27810 | 67994 |
| LEHMAN BROTHERS REAL ESTATE FUND II, L.P. | 28021 | 67995 |
| LEHMAN BROTHERS OFFSHORE REAL ESTATE CAPITAL PARTNERS I, L.P. | 28022 | 67996 |
| LEHMAN BROTHERS REAL ESTATE CAPITAL PARTNERS I, L.P. | 28023 | 67997 |
| LEHMAN BROTHERS OFFSHORE (EUROPE 4) REAL ESTATE PARTNERS, L.P. | 28024 | 67998 |
| LEHMAN BROTHERS OFFSHORE (EUROPE 3) REAL ESTATE PARTNERS,L.P. | 28025 | 67999 |
| LEHMAN BROTHERS OFFSHORE (EUROPE 1) REAL ESTATE PARTNERS, L.P. | 28026 | 68000 |
| LEHMAN BROTHERS OFFSHORE REAL ESTATE PARTNERS, L.P. | 28027 | 68001 |
| LEHMAN BROTHERS OFFSHORE REAL ESTATE FUND, L.P. | 28028 | 68002 |
| LEHMAN BROTHERS (EUROPE 2) REAL ESTATE PARTNERS, L.P. | 28029 | 68003 |
| LEHMAN BROTHERS REAL ESTATE PENSION PARTNERS, L.P. | 28030 | 68004 |
| LEHMAN BROTHERS REAL ESTATE PARTNERS, L.P. | 28031 | 68005 |
| LEHMAN BROTHERS REAL ESTATE FUND III, L.P. | 28032 | 68006 |
| LEHMAN BROTHERS (EUROPE 2) REAL ESTATE PARTNERS, L.P. | 28033 | 68007 |
| LEHMAN BROTHERS REAL ESTATE PARTNERS, L.P. | 28034 | 68008 |
| LEHMAN BROTHERS REAL ESTATE PENSION PARTNERS, L.P. | 28035 | 68009 |
| LEHMAN BROTHERS/PSERS REAL ESTATE, L.P. | 28036 | 68010 |
| LEHMAN BROTHERS REAL ESTATE FUND, L.P. | 28037 | 68011 |
| LEHMAN BROTHERS OFFSHORE REAL ESTATE ASSOCIATES III LLC | 28856 | 68013 |

| Claimant | Original Claim | Supplemental Claim |
|---|---|---|
| LEHMAN BROTHERS REAL ESTATE ASSOCIATES III, L.P. | 28857 | 68014 |
| LEHMAN BROTHERS REAL ESTATE ASSOCIATES, L.P. | 28858 | 68015 |
| LEHMAN BROTHERS OFFSHORE REAL ESTATE PARTNERS III-B LP | 28911 | 68016 |
| LEHMAN BROTHERS REAL ESTATE CAPITAL PARTNERS III L.P. | 28912 | 68017 |
| LEHMAN BROTHERS REAL ESTATE OFFSHORE CAPITAL PARTNERS III, L.P. | 28913 | 68018 |
| PP III US SPV, L.P. | 28914 | 68019 |
| PP III NON-US SPV, L.P. | 28915 | 68020 |
| LBREP III PP (CAN), L.P. | 28916 | 68021 |
| LBOREP III (CAN), L.P. | 28917 | 68022 |
| OFFSHORE FUNDS III NONUS SPV, L.P. | 28918 | 68023 |
| OFFSHORE FUNDS III US SPV, L.P. | 28919 | 68024 |
| LEHMAN BROTHERS REAL ESTATE PARTNERS III, L.P. | 28925 | 68025 |
| LEHMAN BROTHERS REAL ESTATE ASSOCITES , LP | 29219 | 68026 |
| LEHMAN BROTHERS OFFSHORE REAL ESTATE ASSOCIATES II, L.P. | 29222 | 68027 |
| PAMI REAL ESTATE FUND LLC | 29223 | 68028 |
| LEHMAN BROTHERS OFFSHORE REAL ESTATE ASSOCIATES, LTD. | 29224 | 68029 |
| LBOREP III PARTNERS | 29383 | 68030 |