**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

212-310-8017
richard.slack@weil.com

March 19, 2013

BY E-MAIL

Honorable James M. Peck
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, New York 10004

Re: <u>Lehman Brothers Holdings, Inc., et al, Case No. 08-13555 (JMP)</u>

Dear Judge Peck,

We represent Lehman Brothers Holdings Inc. and Lehman Brothers Special Financing Inc. (collectively, "<u>Lehman</u>") and write in response to the March 8, 2012 letter (the "<u>Letter</u>") to Your Honor from Bruce Clark on behalf of Giants Stadium LLC ("<u>Giants Stadium</u>"), requesting that the Court so-order a "discovery protocol" that goes beyond anything appropriate under the circumstances here or contemplated by the Bankruptcy Rules in the absence of an adversary proceeding.

Lehman has bent over backwards to avoid burdening the Court with discovery motion practice and has agreed to extensive compromises in connection with the discovery protocol. Nevertheless, Giants Stadium is insisting on the inclusion in the protocol of exceptionally broad language that would allow it to take Rule 2004 discovery after Lehman commences an adversary proceeding or files an objection to Giants Stadium's claim – a situation that is not permitted under Rule 2004 (and on which the Court has not yet issued a ruling). Notwithstanding the uniform authority preventing any discovery under Rule 2004 after an adversary proceeding has been filed, Lehman was willing to voluntarily agree as part of a discovery protocol that Giants Stadium could continue to finish any depositions under Rule 2004 that had been properly noticed or where a subpoena had issued – language that was initially proposed by Giants Stadium itself, but to which it now objects. In short, Giants Stadium has gone out of its way to manufacture a dispute that is neither actual nor ripe, and now seeks to involve the Court through a procedurally improper request for relief.

After Lehman objected to Giants Stadium's attempt to take discovery from it under Bankruptcy Rule 2004, and Giants Stadium moved to quash two subpoenas issued to it by Lehman under Rule 2004, the Court requested that the parties attempt to develop a discovery protocol. At the end of the day, for the reasons discussed below, the parties could not reach a final agreement on a broad discovery protocol.

Hon. James M. Peck
March 19, 2013
Page 2

**Weil, Gotshal & Manges LLP**

Nonetheless, on February 28, 2013 Lehman wrote to Giants Stadium and *unilaterally* agreed to produce documents to Giants Stadium relating to the transactions at issue. Such production by Lehman should end the current dispute as it resolves Giants Stadium's pending Rule 2004 motion. The email from Lehman stated that:

- Lehman will voluntarily produce documents to Giants Stadium in response to its document requests, subject to Lehman's responses and objections (Lehman in fact served such responses and objections on March 13, 2013 and is in the process of reviewing documents to produce to Giants Stadium);

- The parties had already agreed in the course of negotiating the discovery protocol that each would defer taking a 30(b)(6) deposition of the other party in Rule 2004 discovery, and Lehman agreed to abide by this agreement; and

- Lehman will provide Giants Stadium with copies of all documents it obtains from third parties, and will not object to Giants Stadium attending and participating in depositions of third parties.

See Ex. J to the Letter at p. 1. Lehman's willingness to produce documents is not conditioned on Giants Stadium agreeing to produce documents to Lehman (although Lehman reserves the right to press its pending motion to compel if necessary). See id. This latest proposal provides Giants Stadium with the discovery it claims to be seeking in its Rule 2004 motion. Nevertheless, Giants Stadium never even responded to Lehman's proposal, and instead filed the Letter. The relief sought in the Letter should be denied as both procedurally and substantively inappropriate.[1]

**The Relief Sought by Giants Stadium is Procedurally Improper**

No attempt is made in the Letter to establish any procedural basis for requesting that the Court impose the requested protocol upon the parties; there is no adversary proceeding currently filed that would permit such discovery. Indeed, the request is in conflict with the Court's own statements. Specifically, at the November 14, 2012 Omnibus hearing, the Court indicated that it would "like the parties to develop and [sic] agreed discovery protocol," and that after the parties "report the results of these efforts," the Court "will then be able to either rule or take this matter under advisement . . . ." Ex. A to the Letter, at 58:13-16; 59:9-14. Thus, to the extent the parties cannot come to an agreement, the Court anticipated that it would rule on the pending discovery motions or continue to take them under

---

[1] Giants Stadium filed the Letter with the Court by ECF at around 4 PM on Friday, March 8, 2013. Although the Letter represents that Lehman's counsel were sent copies of the Letter by e-mail, no such e-mail was sent; rather, a copy was sent by hand to Weil, and was received only by Weil's mailroom at approximately 8 PM on Friday evening.

US_ACTIVE:\44214736\9\58399.0011

Hon. James M. Peck
March 19, 2013
Page 3

**Weil, Gotshal & Manges LLP**

advisement;[2] at no time did the Court suggest that it would be proper for one party to seek the entry of a discovery protocol if an agreement could not be reached.

Moreover, Giants Stadium's letter purports to be a motion, but Giants Stadium did not comply with this Court's standing order in the Lehman proceeding requiring that all pleadings (including motions) include a "Notice of Hearing" that includes, among other things, the date of omnibus hearing at which the pleading will be considered by the court and the date and time of the objection deadline. See Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, [Docket No. 9635, at ¶ 39].

**The Relief Sought by Giants Stadium is Substantively Improper, Premature and is Based on an Inaccurate Recitation of the Facts**

The provision at issue in the discovery protocol focuses on the narrow issue of whether Giants Stadium can continue taking third-party discovery under Rule 2004 even after Lehman has concluded its investigation under Rule 2004. From the outset, Lehman has taken the position that any protocol should be consistent with longstanding Rule 2004 authority, which holds that once Lehman determined to end its investigation and file an adversary proceeding or object to Giants Stadium's claims, all discovery under Rule 2004 should end. See e.g., In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("Courts have imposed limits on the use of Rule 2004 examinations . . . under the well-recognized rule that once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004"); In re The Bennett Funding Group, Inc., et al., 203 B.R. 24, 28 (Bankr. N.D.N.Y., 1996) (Rule 2004 "is properly used as a pre-litigation device to determine whether there are grounds to bring an action . . ."). To the extent Giants Stadium requires discovery after the conclusion of Lehman's investigation, it is not prejudiced by the failure to complete Rule 2004 discovery because discovery can still take place in the context of an adversary or claims proceeding under the Federal Rules of Civil Procedure. Moreover, the precise issue raised by Giants Stadium in its Letter is totally hypothetical because it only arises in the very limited circumstance where Giants Stadium indicates some intention to take third party discovery, but has not obtained authority from the Court to do so at the time Lehman terminates its Rule 2004 investigation. Giants Stadium may ultimately take no third-party discovery (it has not identified in the Letter or in any communication with Lehman any third party discovery it intends to take), or if it does, it may complete such discovery before Lehman concludes its Rule 2004 investigation. The Court should not and need not enter an order to address this hypothetical situation; in the unlikely event the situation arises, the parties and the Court can address it then.

Giants Stadium's distortion of the "record" of the communications between the parties is evident both from the exhibits submitted with (and excluded from) the Letter. The e-mails between the parties reflect that Lehman made numerous offers of compromise language, which Giants Stadium repeatedly rejected.

---

[2] There is no reason for the Court to now rule on Giants Stadium's specific motion for 2004 discovery because that relief has been mooted by Lehman's agreement to provide documents and the parties' agreement to withdraw their respective 30(b)(6) deposition notices.

Hon. James M. Peck
March 19, 2013
Page 4

**Weil, Gotshal & Manges LLP**

See Ex. B to the Letter at p. 2; Ex. J to the Letter at pp. 2-3. More telling, however, is the email that Giants Stadium omitted from its submission. Specifically, on January 15, 2013, Matthew Schwartz, Giants Stadium's counsel, proposed to Lehman in an e-mail that if Lehman agrees "that it will not terminate its investigation . . . ***prior to the completion of depositions that have already been noticed or subpoenaed***," then "we're all set." (A copy of Mr. Schwartz's January 15, 2013 e-mail is attached hereto as Ex. 1) (emphasis supplied). While Lehman did not initially agree to that language, following the January 22, 2003 chambers conference – during which the Court indicated (without issuing any ruling), that Lehman's decision to terminate its investigation should not end discovery by Giants Stadium that is then "in process" – Lehman agreed to language almost identical to the proposal by Mr. Schwartz.

Thus, on February 4, 2013, Lehman agreed that if it "conclude[s] at any time its 2004 investigation and make[s] a determination to pursue litigation or file an objection to the claims submitted by Giants Stadium . . . the 2004 process and this agreement will terminate, except . . . that ***discovery and/or depositions already properly noticed or subpoenaed may be completed*** subject to all objections . . . other than the termination of Lehman's 2004 investigation . . ." Ex. D to the Letter (emphasis supplied). Yet on February 11, 2013, Giants Stadium rejected language it had proposed less than a month prior. See Ex. J to the Letter, at p. 3. Indeed, Giants Stadium has been unwilling to make any meaningful compromise as part of the negotiation process and has agreed to nothing that recognizes the Court's statement at the November 14, 2012 omnibus hearing that "the need for discovery is obviously greater for the debtor." Ex. A to the Letter, at 59:15-18 (" . . . what I consider to be an appropriate result is reasonable discovery going in both directions with the understanding that the need for that discovery is obviously greater for the debtor.").

In short, the accusations made by Giants Stadium in its letter are false. The record here demonstrates that:

- Lehman did not refuse to meet and confer: The parties have met and conferred on numerous occasions as well as exchanged dozens of e-mails, as reflected by the exhibits hereto and to the Letter. Indeed, it was Giants Stadium which failed to respond to Lehman's most recent proposal of February 28, 2013, opting instead to bring this motion without offering any compromise whatsoever.

- Lehman did not refuse to agree upon a discovery protocol: Lehman has made extensive compromises to facilitate a protocol, as set forth hereto. Only after it became apparent that Giants Stadium was more interested in creating a dispute that in genuinely attempting to reach agreement did Lehman abandon its effort at negotiating a broad discovery protocol and instead offered a unilateral production of documents that fully resolved Giants Stadium's pending motion for Rule 2004 discovery.

- Lehman is not attempting to "strip" Giants Stadium of the ability to take discovery from third parties from whom Debtors intend to serve discovery requests: The parties originally had agreed that third party discovery would be staged such that Lehman would take third party discovery first and share the results with Giants Stadium before Giants Stadium took or sought third party discovery. In that vein, on February 4, 2013, Lehman

Hon. James M. Peck
March 19, 2013
Page 5

**Weil, Gotshal & Manges LLP**

> inserted language in the draft protocol that required Giants Stadium to seek third party discovery only from those parties on whom Lehman does not intend to serve discovery requests. See Ex. D to the Letter. This makes perfect sense since it is unlikely that the Court would entertain duplicative subpoenas on the same parties from whom Lehman has already sought discovery (which will be shared with Giants Stadium, in any event). Giants Stadium again backtracked and refused to agree to the addition of this language, even though it makes total sense from an efficiency standpoint. Lehman's last e-mail of February 28, 2013, however, does not prevent Giants Stadium from seeking approval from the Court (subject to objections) for any discovery it wishes to take under Rule 2004 – including third parties who have already been subpoenaed by Lehman – thus making this issue moot.

For the substantive and procedural reasons set forth above, the relief sought in the Letter should be denied. Moreover, given Lehman's agreement to voluntarily respond to Giants Stadium's document requests (and the prior agreement of the parties to put off Rule 30(b)(6) depositions, which Lehman stands ready to honor), Giants Stadium's pending Rule 2004 motion is moot.

Respectfully submitted,

*/s/ Richard Slack*

Richard W. Slack

cc:  Bruce Clark, Esq.
     Matthew Schwartz, Esq.
     Sullivan & Cromwell LLP
     125 Broad Street
     New York, NY 10004

     *Counsel for Giants Stadium*

US_ACTIVE:\44214736\9\58399.0011

**EXHIBIT 1**

# Firestone, Michael

| | |
|---|---|
| **From:** | Schwartz, Matthew A. <schwartzmatthew@sullcrom.com> |
| **Sent:** | Tuesday, January 15, 2013 11:29 AM |
| **To:** | Firestone, Michael; Clark, Bruce E. |
| **Cc:** | Slack, Richard; Hoelzer, Lauren |
| **Subject:** | RE: discovery protocol |

Michael,

Thanks. We are fine with paragraphs 1-4. On paragraph 5, we'd propose a change to the below change. If you can agree to that change, I think we're all set.

Yours,
Matt

5. Nothing in this agreement prevents Lehman, in its sole discretion, from concluding at any time its 2004 investigation and making a determination to pursue litigation or file an objection to the claims submitted by Giants Stadium. In that event, the 2004 process and this agreement will terminate, (except for paragraph 4 ~~and except to the extent that such termination may not prejudice Giants Stadium (e.g., Lehman cannot take its depositions and then terminate the process prior to allowing Giants Stadium to take its scheduled depositions)~~ and the parties will be entitled to whatever rights they have in contested matters to conduct discovery. <u>Lehman agrees that it will not terminate its investigation before (i) producing documents to Giants Stadium pursuant to paragraph 1 above, or (ii) prior to the completion of depositions that already have been noticed or subpoenaed.</u>

Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Tel: +1 212 558 4197
Fax: +1 212 291 9481
schwartzmatthew@sullcrom.com

---

**From:** Firestone, Michael [mailto:Michael.Firestone@weil.com]
**Sent:** Tuesday, January 15, 2013 10:54 AM
**To:** Clark, Bruce E.; Schwartz, Matthew A.
**Cc:** Slack, Richard; Hoelzer, Lauren
**Subject:** FW: discovery protocol

Bruce and Matt – following up on our call from yesterday, attached is our latest proposal for the discovery protocol. Some of these changes have already been discussed and agreed to in our meet and confer, but please note the following additional changes:

1. In paragraph 1, we have changed the date for responses and objections from Jan. 15 (today) to Jan. 31.
2. In paragraph 2, we have moved the start date for depositions to Mar. 1, but have removed the end date for depositions.
3. In paragraph 5, we have added language to address the issues you raised during our calls of last week and yesterday.

Please let us know if these changes are acceptable.

Michael

1

1. <u>Responses and objections to document demands</u>. Each of us has document demands pending. Each of us will serve responses and objections or amended responses and objections to those pending demands. Written responses to document requests should be served by January ~~15~~, 31 2013, with responsive documents produced by March 15, 2013. <u>Lehman and Giants Stadium reserve all of their rights to serve additional document requests, and to object to any such requests.</u> For purposes of Rule 2004 document demands only between Lehman and Giants Stadium, neither side will be required to prepare or serve a privilege log. Lehman and Giants Stadium do not waive their rights to obtain a privilege log from any third party which they subpoena under the Rule 2004 order. Each side reserves the right to require privilege logs in discovery in a contested matter or adversary proceeding, if necessary, and the parties reserve the right to object as necessary.

2. <u>Party depositions</u>. At this Rule 2004 stage, neither side will seek a Rule 30 (b)(6) deposition of the other. Each side may seek to depose one or more specific individuals with personal knowledge (not more than 2 individuals in connection with the 2004 process) from either Giants Stadium or Lehman, and will provide notice to the other side of such depositions on or before March 1, 2013. At the time of the notice, the party seeking the deposition will make a proffer of the relevant personal knowledge they seek to elicit in the deposition. The parties agree to meet and confer, if necessary, concerning those depositions. Depositions will ~~take place between February April~~ commence after March 1, 2013 ~~and April 30, May 31, 2013, unless otherwise agreed by the parties~~.

3. <u>Third party subpoenas</u>. Each party will make a good faith attempt to identify by February 1, 2013 any third parties from whom they may seek documents or testimony in the 2004 process. This identification is not meant to limit the third party discovery that may be sought in either the 2004 process or in a contested matter or adversary proceeding. Each party will serve notices and subpoenas on third parties on or before ~~March 15~~, April 1, 2013. Each party will be allowed to participate in any such third-party deposition, and each party will send to the other party documents it receives in response to a third-party subpoena. Giants Stadium acknowledges that to the extent it wishes to serve discovery requests on any third party, it must seek permission from the Bankruptcy Court to do so under Rule 2004. Lehman reserves the right to object to any such motion on any and all grounds.

4. All discovery from the date of this agreement forward is to be governed by the existing confidentiality agreement and treated as useable in any eventual adversary proceeding or contested matter, and not to be repeated in any such contest, absent a showing of good cause.

5. Nothing in this agreement prevents Lehman, in its sole discretion, from concluding at any time its 2004 investigation and making a determination to pursue litigation or file an objection to the claims submitted by Giants Stadium. In that event, the 2004 process and this agreement will terminate, (except for paragraph 4 ~~and except to the extent that such termination may not prejudice Giants Stadium (e.g., Lehman cannot take its depositions and then terminate the process prior to allowing Giants Stadium to take its scheduled depositions)~~ and the parties will be entitled to whatever rights they have in contested matters to conduct discovery. <u>Lehman agrees that it will not terminate its investigation before producing documents to Giants Stadium pursuant to paragraph 1 above, or within three business days of a deposition scheduled by Giants Stadium.</u>

---

**From:** Schwartz, Matthew A. [mailto:schwartzmatthew@sullcrom.com]
**Sent:** Friday, January 11, 2013 11:54 AM
**To:** Firestone, Michael; Clark, Bruce E.
**Cc:** Slack, Richard
**Subject:** RE: discovery protocol

Michael,

We could do 3:15 to 4:15 on Monday.

Regards,
Matt

2

Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Tel: +1 212 558 4197
Fax: +1 212 291 9481
schwartzmatthew@sullcrom.com

---

**From:** Firestone, Michael [mailto:Michael.Firestone@weil.com]
**Sent:** Friday, January 11, 2013 11:40 AM
**To:** Schwartz, Matthew A.; Clark, Bruce E.
**Cc:** Slack, Richard
**Subject:** RE: discovery protocol

Matt and Bruce: Are you free for a call this coming Monday afternoon (sometime between 3 and 5 PM) to discuss the status of the discovery protocol?

Michael

---

**From:** Schwartz, Matthew A. [mailto:schwartzmatthew@sullcrom.com]
**Sent:** Thursday, January 03, 2013 2:32 PM
**To:** Firestone, Michael; Clark, Bruce E.; Slack, Richard
**Subject:** RE: discovery protocol

Michael,

How about having a conference call at 4pm on Monday?

Matt

Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Tel: +1 212 558 4197
Fax: +1 212 291 9481
schwartzmatthew@sullcrom.com

---

**From:** Firestone, Michael [mailto:Michael.Firestone@weil.com]
**Sent:** Thursday, January 03, 2013 10:31 AM
**To:** Schwartz, Matthew A.; Clark, Bruce E.; Slack, Richard
**Subject:** RE: discovery protocol

Bruce and Matt,

Thank you for your proposal; while we've taken a number of your changes, there are some items to which we cannot agree. Our mark-up is below. It probably makes sense to go over any outstanding issues over the phone. With respect to the mediation, it is up to the mediator – not the parties – to determine whether the mediation is, in fact, formally over.

Regards,

Michael

3

1. <u>Responses and objections to document demands</u>. Each of us has document demands pending. Each of us will serve responses and objections or amended responses and objections to those pending demands. Written responses to document requests should be served by January 15, 2013, with responsive documents produced by March 15, 2013. ~~Any future document requests must be served by March 31, 2013, with responsive documents produced within 60 days.~~ For purposes of Rule 2004 document demands only between Lehman and Giants Stadium, neither side will be required to prepare or serve a privilege log. Lehman and Giants Stadium do not waive their rights to obtain a privilege log from any third party which they subpoena under the Rule 2004 order. Each side reserves the right to require privilege logs in discovery in a contested matter or adversary proceeding, if necessary, and the parties reserve the right to object as necessary.

2. <u>Party depositions</u>. At this Rule 2004 stage, neither side will seek a Rule 30 (b)(6) deposition of the other. Each side may seek to depose one or more specific individuals with personal knowledge (not more than 2 individuals in connection with the 2004 process) from either Giants Stadium or Lehman, and will provide notice to the other side of such depositions on or before March 1, 2013. At the time of the notice, the party seeking the deposition will make a proffer of the relevant personal knowledge they seek to elicit in the deposition. The parties agree to meet and confer, if necessary, concerning those depositions. Depositions will take place between February ~~April~~ 1, 2013 and April 30, 2013, unless otherwise agreed by the parties.

3. <u>Third party subpoenas</u>. Each party will make a good faith attempt to identify by ~~March~~ February 1, 2013 any third parties from whom they may seek documents or testimony in the 2004 process. This identification is not meant to limit the third party discovery that may be sought in either the 2004 process or in a contested matter or adversary proceeding. Each party will serve notices and subpoenas on third parties on or before March 15, 2013. Each party will be allowed to participate in any such third-party deposition, and each party will send to the other party documents it receives in response to a third-party subpoena. Giants Stadium acknowledges that to the extent it wishes to serve discovery requests on any third party, it must seek permission from the Bankruptcy Court to do so under Rule 2004. Lehman reserves the right to object to any such motion on any and all grounds.

4. All discovery from the date of this agreement forward is to be governed by the existing confidentiality agreement and treated as useable in any eventual adversary proceeding or contested matter, and not to be repeated in any such contest, absent a showing of good cause.

5. Nothing in this agreement prevents Lehman, in its sole discretion, from concluding at any time its 2004 investigation and making a determination to pursue litigation or file an objection to the claims submitted by Giants Stadium. In that event, the 2004 process and this agreement will terminate, (except for paragraph 4 ~~and except to the extent that such termination may not prejudice Giants Stadium (e.g., Lehman cannot take its depositions and then terminate the process prior to allowing Giants Stadium to take its scheduled depositions)~~ and the parties will be entitled to whatever rights they have in contested matters to conduct discovery.

---

**From:** Schwartz, Matthew A. [mailto:schwartzmatthew@sullcrom.com]
**Sent:** Wednesday, January 02, 2013 3:38 PM
**To:** Firestone, Michael; Clark, Bruce E.; Slack, Richard
**Subject:** RE: discovery protocol

Michael,

Just checking in on this.

Matt

Sullivan & Cromwell LLP
125 Broad Street

4

New York, NY 10004
Tel: +1 212 558 4197
Fax: +1 212 291 9481
schwartzmatthew@sullcrom.com

**From:** Schwartz, Matthew A.
**Sent:** Wednesday, December 19, 2012 11:03 AM
**To:** Firestone, Michael; Clark, Bruce E.; Slack, Richard
**Subject:** RE: discovery protocol

Michael,

Thanks. We have some modifications we'd like to make to your proposal. They are set forth below. If the proposed changes are okay with you, we can proceed. Also, we might as well formally agree that the mediation is over. Agreed?

Regards,
Matt

1. <u>Responses and objections to document demands</u>. Each of us has document demands pending. Each of us will serve responses and objections or amended responses and objections to those pending demands. Written responses to document requests should be served by January 15, 2013, with responsive documents produced by March 15, 2013. Any future document requests must be served by March 31, 2013, with responsive documents produced within 60 days. For purposes of Rule 2004 document demands only between Lehman and Giants Stadium, neither side will be required to prepare or serve a privilege log. Lehman and Giants Stadium does not waive its their rights to obtain a privilege log from any third party which they it subpoenas under the Rule 2004 order. Each side reserves the right to require privilege logs in discovery in a contested matter or adversary proceeding, if necessary, and the parties reserve the right to object as necessary.

2. <u>Party depositions</u>. At this Rule 2004 stage, neither side will seek a Rule 30 (b)(6) deposition of the other. Each side may seek to depose one or more specific individuals with personal knowledge (not more than 2 individuals in connection with the 2004 process) from either Giants Stadium or Lehman, and will provide notice to the other side of such depositions on or before March 1, 2013. At the time of the notice, the party seeking the deposition will make a proffer of the relevant personal knowledge they seek to elicit in the deposition. The parties agree to meet and confer, if necessary, concerning those depositions. Depositions will take place between February April 1, 2013 and April 1 30, 2013, unless otherwise agreed by the parties.

3. <u>Third party subpoenas</u>. Each party will make a good faith attempt to identify by March 1 January 15, 2013 any third parties from whom they may seek documents or testimony in the 2004 process. This identification is not meant to limit the third party discovery that may be sought in either the 2004 process or in a contested matter or adversary proceeding. Each party will serve notices and subpoenas on third parties on or before March 15, 2013. Each party will be allowed to participate in any such third-party deposition, and each party will send to the other party documents it receives in response to a third-party subpoena. Giants Stadium acknowledges that to the extent it wishes to serve discovery requests on any third party, it must seek permission from the Bankruptcy Court to do so under Rule 2004. Lehman reserves the right to object to any such motion on any and all grounds.

4. All discovery from the date of this agreement forward is to be governed by the existing confidentiality agreement and treated as useable in any eventual adversary proceeding or contested matter, and not to be repeated in any such contest, absent a showing of good cause.

5. Nothing in this agreement prevents Lehman, in its sole discretion, from concluding at any time its 2004 investigation and making a determination to pursue litigation or file an objection to the claims submitted by Giants Stadium. In that event, the 2004 process and this agreement will terminate, (except for paragraph 4 and except to the extent that such

termination may not prejudice Giants Stadium (*e.g.*, Lehman cannot take its depositions and then terminate the process prior to allowing Giants Stadium to take its scheduled depositions) and the parties will be entitled to whatever rights they have in contested matters to conduct discovery.

Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Tel: +1 212 558 4197
Fax: +1 212 291 9481
schwartzmatthew@sullcrom.com

---

**From:** Firestone, Michael [mailto:Michael.Firestone@weil.com]
**Sent:** Wednesday, December 19, 2012 9:33 AM
**To:** Clark, Bruce E.; Slack, Richard
**Cc:** Schwartz, Matthew A.
**Subject:** RE: discovery protocol

Bruce – I'm following up on my email below. Could you please let us know your client's position on our proposal?

Regards,

Michael

---

**From:** Firestone, Michael
**Sent:** Tuesday, December 11, 2012 6:14 PM
**To:** 'Clark, Bruce E.'; Slack, Richard
**Cc:** Schwartz, Matthew A.
**Subject:** RE: discovery protocol

Bruce and Matt, our counterproposal to your suggested discovery protocol is below:

1. <u>Responses and objections to document demands</u>. Each of us has document demands pending. Each of us will serve responses and objections or amended responses and objections to those pending demands. Written responses to document requests should be served by January 15, 2013. For purposes of Rule 2004 document demands only between Lehman and Giants Stadium, neither side will be required to prepare or serve a privilege log. Lehman does not waive its right to obtain a privilege log from any third party which it subpoenas under the Rule 2004 order. Each side reserves the right to require privilege logs in discovery in a contested matter or adversary proceeding, if necessary, and the parties reserve the right to object as necessary.

2. <u>Party depositions</u>. At this Rule 2004 stage, neither side will seek a Rule 30 (b)(6) deposition of the other. Each side may seek to depose one or more specific individuals with personal knowledge (not more than 2 individuals in connection with the 2004 process) from either Giants Stadium or Lehman, and will provide notice to the other side of such depositions on or before March 1, 2013. At the time of the notice, the party seeking the deposition will make a proffer of the relevant personal knowledge they seek to elicit in the deposition. The parties agree to meet and confer, if necessary, concerning those depositions. Depositions will take place between February 1, 2013 and April 1, 2013, unless otherwise agreed by the parties.

3. <u>Third party subpoenas</u>. Each party will make a good faith attempt to identify by January 15, 2013 any third parties from whom they may seek documents or testimony in the 2004 process. This identification is not meant to limit the third party discovery that may be sought in either the 2004 process or in a contested matter or adversary proceeding. Each party will serve notices and subpoenas on third parties on or before March 1, 2013. Each party will be allowed to participate in any such third-party deposition, and each party will send to the other party documents it receives in response to a third-party subpoena. Giants Stadium acknowledges that to the extent it wishes to serve discovery

6

requests on any third party, it must seek permission from the Bankruptcy Court to do so under Rule 2004. Lehman reserves the right to object to any such motion on any and all grounds.

4. All discovery from the date of this agreement forward is to be governed by the existing confidentiality agreement and treated as useable in any eventual adversary proceeding or contested matter, and not to be repeated in any such contest, absent a showing of good cause.

5. Nothing in this agreement prevents Lehman, in its sole discretion, from concluding at any time its 2004 investigation and making a determination to pursue litigation or file an objection to the claims submitted by Giants Stadium. In that event, the 2004 process and this agreement will terminate (except for paragraph 4) and the parties will be entitled to whatever rights they have in contested maters to conduct discovery.

---

**From:** Clark, Bruce E. [mailto:ClarkB@sullcrom.com]
**Sent:** Monday, December 10, 2012 3:07 PM
**To:** Slack, Richard; Firestone, Michael
**Cc:** Schwartz, Matthew A.
**Subject:** discovery protocol

Richard and Michael, following up on our meet and confer on Friday, here is a further suggestion:

1. Responses and objections to document demands. Each of us has document demands pending. As you suggested, each of us will serve responses and objections or amended responses and objections to those pending demands. We think we need a date by which that should happen, and suggest January 15, 2013. For purposes of Rule 2004 document demands only, neither side will be required to prepare or serve a privilege log. You have made it clear that each side should reserve the right to require privilege logs in other discovery, and we reserve the right to try to change your minds or object as necessary.

2. Party depositions. At this Rule 2004 stage, neither side will seek a Rule 30 (b)(6) deposition of the other. Each side may seek to depose one or more specific individuals, and on or before March 1, 2013 will make a proffer as to what relevant knowledge they believe the deponent may have. Depositions will take place between March 1, 2013 and April 1, 2013, unless otherwise agreed by the parties.

3. Third party subpoenas. Each party may identify third parties whose depositions they will seek and serve notices and subpoenas accordingly on or before March 1, 2013. Each party will be allowed to participate in any such third-party deposition, and each party will send to the other party documents it receives in response to a third-party subpoena.

4. All discovery is to be governed by the existing confidentiality agreement and treated as useable in any eventual adversary proceeding or contested matter, and not to be repeated in any such contest.

We look forward to hearing from you. Thanks.

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.