**JAMES & ROSEMARY THOMAS**
106 Beverly Road
Rye, New York 10580



March 15, 2013

Hon. James M. Peck
United States Bankruptcy Court
One Bowling Green, Courtroom 601
New York, NY 10004

Robert J. Lemons, Esq.
Maurice Horwitz, Esq.
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Office of the United States Trustee
for Region 2
33 Whitehall Street, 21st Floor
New York, NY 10004
Attn:  Tracy Hope Davis, Esq.
       Elisabetta Gasparini, Esq.
       Andrea B. Schwartz, Esq.

Clerk, United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

Re:   Response to Debtors' Three Hundred Ninety-Sixth Omnibus
      Objection to Claims (Warrant Claims)
      Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered)
      <u>Claim Nos. 15182 and 15206 (Case Number 08-13893)</u>

Dear Sir or Madam:

I write in response to the Debtors' Three Hundred Ninety-Sixth Omnibus Objection to Claims (Warrant Claims) (the "Objection"). The Objection seeks to assign to the correct Debtor and/or reduce and allow certain filed proofs of claim.[1]

I agree with that portion of the Objection by Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator") to assign the Claims such that the Claims are asserted against LBHI. I object, however, to the request of the Plan Administrator to (i) reduce the amount of such Claims against LBHI once they are reassigned and (ii) the treatment of those Claims in the Plan. The Plan Administrator has determined that the Claims "should be reduced and allowed against LBHI because the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values of the applicable Warrants, as determined by the Plan Administrator after a review of the relevant Warrants, the Claimants' supporting documentation, and LBHI's books and records."[2]

---

[1] My Proofs of Claim bear claim numbers 15182 and 15206, both of case number 08-13893 (collectively, hereinafter, the "Claims" or "Proofs of Claim").
[2] See Objection ¶ 4

{10837502:1}

**JAMES & ROSEMARY THOMAS**
106 Beverly Road
Rye, New York 10580

March 15, 2013

Hon. James M. Peck
United States Bankruptcy Court
One Bowling Green, Courtroom 601
New York, NY 10004

Robert J. Lemons, Esq.
Maurice Horwitz, Esq.
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Office of the United States Trustee
for Region 2
33 Whitehall Street, 21st Floor
New York, NY 10004
Attn:   Tracy Hope Davis, Esq.
        Elisabetta Gasparini, Esq.
        Andrea B. Schwartz, Esq.



Re:   Response to Debtors' Three Hundred Ninety-Sixth Omnibus
      Objection to Claims (Warrant Claims)
      Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered)
      <u>Claim Nos. 15182 and 15206 (Case Number 08-13893)</u>

Dear Sir or Madam:

    I write in response to the Debtors' Three Hundred Ninety-Sixth Omnibus Objection to Claims (Warrant Claims) (the "Objection"). The Objection seeks to assign to the correct Debtor and/or reduce and allow certain filed proofs of claim.[1]

    I agree with that portion of the Objection by Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator") to assign the Claims such that the Claims are asserted against LBHI. I object, however, to the request of the Plan Administrator to (i) reduce the amount of such Claims against LBHI once they are reassigned and (ii) the treatment of those Claims in the Plan. The Plan Administrator has determined that the Claims "should be reduced and allowed against LBHI because the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values of the applicable Warrants, as determined by the Plan Administrator after a review of the relevant Warrants, the Claimants' supporting documentation, and LBHI's books and records."[2]

---

[1] My Proofs of Claim bear claim numbers 15182 and 15206, both of case number 08-13893 (collectively, hereinafter, the "Claims" or "Proofs of Claim").
[2] See Objection ¶ 4

{10837502:1}

March 15, 2013
Page 2

The Plan Administrator has further determined that "[i]n their proofs of claim, many of the holders of the Warrant Claims asserted either liquidated or unliquidated claim amounts based on account statements and/or price statements provided to such holders by Lehman Brothers Inc. prior to the Commencement Date. Such statements purport to reflect the fair market value of the Warrants as of various dates prior to the Commencement Date. The foregoing amounts are not the correct measure of the value of the Warrant Claims because they do not reflect the fair market value of the Warrants as of the Commencement Date."[3]

I acknowledge that when I filed my Claims I did assert the liquidated claim amounts based on the account statement provided to me by Lehman Brothers Inc., dated September 1, 2008; however, it should be noted that I am not an institutional investor. My Claims arose out of underlying investments in sophisticated derivative contracts that were acquired while I maintained a personal investment account at LBHI. Given the complex and sophisticated circumstances, my investment relationship manager, Robert Perlman, with whom I originated the subject investments at Lehman, offered to file the Proofs of Claim on my behalf. It was Mr. Perlman who advised that the Claims should list the liquidated amounts set forth on my statement. Given the circumstances, and the fact that I am a retail investor, I relied completely upon my relationship manager's expertise and advice as to the amounts to set forth on my Claims. Further analysis has revealed the true nature of the rights I possess.

The Plan Administrator's requested relief in the Objection to adjust the Claims amount to reflect the fair market value of the Warrants as of the Commencement Date is without merit and inherently wrong.

More specifically, the Plan Administrator's valuation of the Warrants as of September 15, 2008 not only unfairly disadvantages me, but is manifestly inequitable. The valuation will allow a windfall either to the Debtors' Estate or a party from whom the Debtors carelessly (and certainly in breach of an agreement never rejected by the Court) failed to properly apply certain payments received post-petition -- and will certainly, at minimum, pass along a gross inequity across the board, to many investors.

Each of the Warrants and the risk of the investment were dependent upon the hedge funds associated with such Warrants achieving certain threshold returns as of a date certain and were not dependent on a specific act or performance by LBHI. (See discussion *infra* regarding European-style cash-settled options.) In each case, that date was not September 15, 2008. Thus, while I necessarily assumed certain risks associated

---

[3] See Objection ¶ 14

{10837502:1}

March 15, 2013
Page 3

with the investment, namely, the performance of certain hedge funds through a date certain, I did not assume the risk of the valuation of the Warrants or the performance of such hedge funds as of a completely inapposite date, September 15, 2008. Quite simply, that date has no bearing on the outcome I bargained for when I made the investment; and the issue is not (as Debtors seek to frame it) 'reflexive' valuation as of the Commencement Date, but rather contractual performance thereafter on an agreement that remained in effect and should have resulted in the Warrants being cashed out on the appropriate date--which would have been no material burden to the Debtors, but (it increasingly appears) simply and inexplicably was not done.

In fact, the true dates for valuation of the Warrant Claims were June 30, 2012, for the Millennium USA LP warrants ("Millennium Warrants") and March 31, 2011, for the D.E. Shaw Oculus Fund ("DE Shaw Warrants" and collectively with the Millennium Warrants, the "Warrants"). Calculated as of the correct dates, each of the investments surpassed the investment risk hurdle and would have returned to me an amount equal to more than $375,000 (net of fees and expenses due LBHI pursuant to the Private Placement Memorandum).

The Warrants were styled as cash-settled options, which are options that deliver to the holder its profit in cash when exercised (whether voluntarily or automatically). In the instant case, the Warrants were structured as European-style warrants, which are automatically exercised upon expiration if the option is 'in the money' on the expiration or strike date (the "Settlement Date") and do not require a specific act on the part of the holder. Accordingly, an investor should have received cash upon the Settlement Date. As I previously indicated, the only condition was the performance of the hedge fund itself.

As an investor, I understood that under certain circumstances, the Warrants could have been terminated early. The Investor Private Placement Memorandum (the "Memorandum") for the Millennium Warrants described certain events expressly set forth more fully in the section entitled "Early Termination" starting on page 4 of the Memorandum. The bankruptcy of LBHI was not among the events described in the Early Termination section. Similarly, the Investor Private Placement Memorandum for the DE Shaw Warrants does not include the bankruptcy of LBHI as an early termination event. Accordingly, that is not a risk I believe I assumed when making the investment.

By way of background, my Claims expressly arose from my initial investment in the Warrants through my payment in cash tendered to LBHI. My investment and the acquisition of the Warrants were fully funded prior to September 15, 2008, and, therefore, were not unwound on such date. Moreover, those investments were clearly illiquid as of September 15, 2008, since they were dependent on the performance of the

{10837502:1}

March 15, 2013
Page 4

subject hedge funds through a date certain. Accordingly, the Plan Administrator's proposed valuation of the Warrants as of September 15, 2008, is not only erroneous but inequitable. Indeed, given that the calculation resulting from the contractually-correct dates would result in more than $375,000 returned to me on such dates (as conservatively calculated by the Derivatives Desk of Credit Suisse); and the fact that this was not unwound as of September 15, 2008, someone, somewhere has profited from my investment – just not me.

Perhaps more importantly, the failure to properly handle the Warrants (and take advantage of the proper Settlement Dates, for example) is a post-petition breach of contract (and breach of other post-petition undertakings) on an already-matured and never-rejected contract (certainly without proper notice to me as an investor). Thus, my fully-compensable loss is at least $375,000, payable in full (in real dollars).

Accordingly, given the extenuating circumstances, I respectfully request that the Court deny Debtors' motion to reduce my Claims, and, to the extent necessary, permit me to file amended Proofs of Claim in which the appropriate claim amounts totaling at least $375,000.00 in the aggregate can be proffered and, at a minimum, require the Debtor to establish the basis in law for its treatment of my Claims.

Alternatively, to the extent that the Court rejects my request, I would ask that I be granted an adjournment to conduct discovery about the action taken by, or failed to be taken by, the Plan Administrator in procuring cash upon the Settlement Date and whether, in fact, LBHI has any liability for the transactions described above. Debtors' Objection to the Claims does not afford me the ability to obtain the due process to which I am entitled. Accordingly, to the extent the Court denies the relief requested above, I respectfully request, in the alternative, an adjournment in order to conduct the necessary discovery. I believe the discovery will either reveal the matter to be even clearer in my favor, or at worst require a plenary hearing to determine the nature of the undertaking and the appropriate valuation consistent with the actual underlying facts.

Thank you for your courtesies.

Respectfully submitted,

James J. Thomas