HEARING DATE AND TIME: March 28, 2013 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: March 14, 2013 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

IN RE:                                    Chapter 11 (Jointly Administered)
LEHMAN BROTHERS HOLDINGS INC., ET AL.,    : Case No.:  08-13555 (JMP)
     DEBTOR,                             :

------------------------------------------------------------------------x

BNC MORTGAGE LLC,                         Chapter 11
     DEBTOR,                             : Case No.:  09-10137 (JMP)

LEHMAN BROTHERS HOLDINGS INC.
     DEBTOR,                             : Case No.:  08-13555 (JMP)

LEHMAN BROTHERS DERIVATIVE PRODUCTS INC.,
     DEBTOR,                             : Case No.:  08-13899 (JMP)

LEHMAN BROTHERS OTC DERIVATIVES INC.,
     DEBTOR,                             : Case No.:  08-13893 (JMP)

LEHMAN BROTHERS FINANCIAL PRODUCTS INC.,
     DEBTOR,                             : Case No.:  08-13902 (JMP)

------------------------------------------------------------------------x

                                  : DEBORAH E. FOCHT,
                                  : CREDITOR

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

### CREDITOR'S AMENDED RESPONSE TO PLAN ADMINISTRATOR'S OMNIBUS OBJECTION TO CLAIMS FILED BY DEBORAH E. FOCHT; CREDITOR'S MOTION FOR ORDER OF ALLOWANCE AND PAYMENT DEEMING CLAIM NOS.: 34380, 34381, 42914, 42915, 42916, AS TIMELY FILED; OR IN THE ALTERNATE MOTION FOR STAY, DISCOVERY REQUESTED; AND, EXTENSION OF TIME TO FILE AMENDED CLAIMS AND RESPONSE



RECEIVED
MAR 1 4 2013
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

The Creditor, Deborah E. Focht, (herein "Creditor") files her response and objections to Lehman Brothers Holdings Inc. ("LBHI") or the Plan Administrator's ("Plan Administrator") omnibus objections seeking to disallow and expunge the Creditor's Claims in their entirety.

The Creditor motions for Orders to deem all of the Claimant Creditor's claims as timely filed and/or extend the bar date deadline, and to order for allowance and payment of claims, Or in the alternate, motions for discovery and extension of time to file amended claims and response, and in support, states the following:

### I – Automatic Stay and Production of Discovery

1. The Creditor set forth her proof of claims and her pre-petition statements (defined in section 101(5) of the Bankruptcy Code), as required, in order to preserve her claims against the Debtors, BNC Mortgage Inc., a.k.a. BNC Mortgage LLC, (herein referred to as "BNC"), and Lehman Brother Holdings, Inc. ("*Statement In Support Of Proof of Claim; Objections And Motions To Lift Automatic Stay [*11 U.S.C. 362*], Order Production of All Documents In Possession of BNC Mortgage Inc., Lehman Brothers Holdings Inc., Etal, Order Blocking Transfer Of Core Assets Under The Bankruptcy Abuse Prevention & Consumer Protection Act, 11 U.S.C. §363(o), Subject Sales Or Transfer By New Purchaser(s) Subject To Provisions of Consumer Claims and Defenses of Consumer Disclosure/Credit Transaction or Contract And Order Exceptions to Discharge Under 11 U.S.C. § 523 Brought Against Debtors' BNC Mortgage LLC and/or Lehman Brothers Holding Inc., Etal.*"), dated September 22, 2009. LBHI or the Plan Administrator objects to the claims because they were received one day later on September 23, 2009, by Epiq Bankruptcy Solutions, LLC And the Legal Team. (see Creditor's Statement and Claims attached to the Plan Administrator's Omnibus Objection as Exhibit "A" "Page 19 – 33 of 120" - Docket # 34303 Filed 01/29/13).

2. The Creditor filed her *"Amended Statement In Support Of Proof of Claim -Objections And Motions To Lift Automatic Stay, Order Production of All Documents In Possession of BNC Mortgage Inc., Lehman Brothers Holdings Inc., Etal, Order Blocking Transfer Of Core Assets Under The Bankruptcy Abuse Prevention & Consumer Protection Act, 11 U.S.C. §363(o), Subject Sales Or Transfer By New Purchaser(s) Subject To Provisions of Consumer Claims and Defenses of Consumer Disclosure/Credit Transaction or Contract And Order Exceptions to Discharge Under 11 U.S.C. § 523 Brought Against Debtors' BNC Mortgage LLC and/or Lehman Brothers Holding Inc., Etal.,* dated October 20, 2009, and amended her proof of claims against Debtors Lehman Brothers Derivative Products Inc., Lehman Brothers OTC Derivatives Inc., Lehman Brothers Financial Products Inc., (collectively referred to as "Debtors"). (see Creditor's Amended Motions and Claims attached to the Plan Administrator's Omnibus Objection as Exhibit "A" ("Pages 34 – 56") or ("Pages 57 - 77") or (Pages "78-96") - Note: this Exhibit is erroneously scanned or attached three times with missing or different amount of pages under - Docket # 34303 Filed 01/29/13). The Plan Administrator's objections to these claims asserts that these were received almost a month late, as shown stamped received on October 21, 2009, by Epiq Bankruptcy Solutions, LLC.

3. The Creditor filed her Response to the *"Debtor's Fortieth Omnibus Objection"*, dated September 13, 2010, which also inadvertently responds to the *"Debtor's One Hundred–Fifty Eighth Omnibus Objection" in "Creditor's Objection to Notice of Debtors' Fortieth Omnibus Objection Claims (Late-Filed Claims); And, Motion To Compel Production of All Documents and agreements In Possession of BNC Mortgage LLC, Lehman Brothers Holdings Inc., Etal, Pursuant To Rule 2004 of the Federal Rules of Bankruptcy Procedure"*, dated November 4, 2010). The Creditor explained the claims delays and technicalities and

motioned for discovery requested under Rule 2004, regarding her claims and statements
dated September and amended in October 2009. (see attached Exhibit "A" Docket # 12656
Filed 11/5/2010).

4.  Thereafter, the Debtors eventually objected to all the claims being late, however, the Creditor
never received bar date notices and assumed she was on the list of schedules, and therefore,
would receive all notices and orders.  The creditor is not familiar with bankruptcy
proceedings and was unaware of bar date filing deadlines, and mostly realizes what is
expected from articles on the Internet and later learned from the Epiq DebtorMatrix Docket.

5.  The Debtor also claimed possible duplicate claims, however, there are no duplicate claims
filed other than what appears to be an extra copy accidentally scanned or attached to the
Creditor's November 14, 2010 filing.

6.  The Creditor has been waiting for a hearing to obtain an order for requested discovery since
the filing of her claims, as seen in her Statements and Responses.  The Creditor has been told
several times by the Lehman law firm that discovery would be forthcoming, however, no
discovery has been sent.  The Creditor requires the remaining discovery in order to properly
amend her claims and affirmatively defend omnibus objections.  The Creditor asserts that
because of not receiving discovery, not receiving further mail objecting to her claims, not
being placed on the schedules and lists, because all scheduled hearings have been adjourned
by the Debtor, and because of many alternating debtor attorneys handling this case, that this
has caused massive confusion, which is not in the control of the Creditor.

7.  Therefore, this court should grant the Creditors Motion For Relief From the Automatic Stay
Pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 362(d)

and grant the Creditor's motion for all discovery information be sent by the Debtors, pursuant to rule 2004 of the Federal Rules of Bankruptcy Procedure.

## II - Plan Administrator or LBHI Withdrew All Its Late Claims Objections

8. As of September and October 2009, the only objections the Creditor received were "Notice(s) of Hearings" for late claims objections. However, the Creditor also received about eight "Notice(s) of Adjournment of Hearing / Notice of Adjournment of Debtors One Hundred Fifty-Eighth Omnibus Objection to Claims (Late-Filed Claims)". The last hearing cancelled by the Debtors was filed under *"Claims For Which Objection Is Withdrawn Without Prejudice"*, dated 5/31/12. (see Debtors Claims objection withdrawn # 08-13555-jmp Doc 28283 Filed 05/31/12 – Creditor listed on "Pg 3 of 7" and on" Pg 7 of 7".)

9. confirming the Plan [ECF No. 23023], which became effective on March 6, 2012.

10. LHBI or the Plan Administrator Debtors, under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, has withdrawn, without prejudice, all of its late claim objections of the Creditor's claims regarding claims listed on its annexed "Exhibit A", which is also verified in its omnibus objections, stating the following objection withdrawals of the Creditor's claims:  The Plan Administrator listed *"Focht Claim Grounds for Objection"* (page 9). The Plan Administrator's statement admits (under Para. 9 and 10.) that all of the Debtors' 40th and 158th omnibus claims objections were withdrawn without prejudice. First, on *"May 31, 2012 … as they relate to Focht Claims 34380 and 34381 (ECF No. 28283), filed on September 23, 2009"*. And the remaining objections were withdrawn under *"Debtors' 40th and 158th omnibus objections, as they relate to Focht Claims 42914, 42915 and 42916 on January 23, 2013 (ECF Nos. 34121 and 34122)"*.

11. Therefore, because all of these scheduled hearings were adjourned by the Debtors, because all late claim objections were withdrawn, this court should order that all of the Creditor's claims are deemed timely filed.

### III  Motion For Order of Allowance and Payment And Deeming Claim Nos. 34380, 34381, 42914, 42915, 42916 by Deborah E. Focht as Timely Filed

12. This Court is also authorized to enlarge the time to file claims.  The Federal Rules of Bankruptcy Procedures provides that the bankruptcy court *"for cause shown may extend the time within which proofs of claim or interest may be filed."* Fed. R. Bankr. P. 3003(c)(3).

13. Fed. R. Bankr. P. 9006(b)(1) also provides that *"on motion made after the expiration of the specified period [the court may] permit the act to be done where the failure to act was the result of excusable neglect."*

14. Under 11 USC § 501 (a) *"A creditor ... may file a proof of claim."  (d) "A claim of a kind specified in section 502 (e)(2), 502 (f), 502 (g), 502 (h) or 502 (i) of this title may be filed under subsection (a), (b), or (c) of this section the same as if such claim were a claim against the debtor and had arisen before the date of the filing of the petition."*

15. This court has authority to enlarge the time for filing claims under Bankruptcy Code § 502(9), which partially states: that *"proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726 (a) of this title or under the Federal Rules of Bankruptcy Procedure,"* ... .

16. Under 11 USC § 502(a) *"A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, ..., objects."* See *In re White,* 168 B.R. 825, 828-29 (Bankr. D. Conn. 1994)(claim is deemed allowed absent objection). "If a proper objection is made, the objecting party has the burden of presenting evidence sufficient to

overcome the prima facie validity of the claim." Lawrence P. King, Collier on Bankruptcy, ¶

501.02[2][d] (15th ed. rev. 1986).

17. The Creditor argues that the Debtors have failed to rebut the validity of the Creditor's Claims.

And that the Debtors' Objection to the Creditor's Claims is baseless.  The Creditor provided

*prima facia* evidence of her claims and the Debtor or Plan Administrator's Omnibus

Objection relies on its evidence attached as "B" and "C".  However, these exhibits are

irrelevant because BNC and Lehman Brothers were not a part of the proceedings in the state

court after filing its bankruptcy petitions. (see Debtor's attached Exhibits: ("B" "Foreclosure

Judgment" "Pages 97-102 ") and ("C" Foreclosure Docket Action" "Pages 103-117") Docket

# 34303 Filed 01/29/2013).

18. In order to shift the burden of proof, the Debtors must first produce sufficient evidence to

overcome the "prima facie validity" of the Claims. See *In re Adelphia Commc'ns Corp.*,

2007 Bankr. LEXIS 660 at *15-16; *In re Rockefeller Ctr. Props.*, 272 B.R. at 539.  However,

the Debtors have not produced information or evidence sufficient to shift the burden of proof

to the Creditor.  The Debtor's objection merely states: *"18. The Plan Administrator has*

*determined that, on or about December 30, 2002, BNC sold its interest in the Loan into a*

*securitization trust called Structured Asset Securities Corporation – Amortizing Residential*

*Collateral Trust Mortgage Pass Through Certificates, Series 2002-BC10."*  However, there

was no exhibit nor discovery sent showing any such transfer.

19. The Creditor filed her claims as a result of misconduct and material alterations, and by

parties involved in forging documents and fraudulent conveyances, which shows prima facia

evidence, and, *inter alia*, of clouding property title, unjust enrichment, illegal transfers of

documents, and also demonstrates that the parties involved did not come to this court with clean hands, etc.

20. The Plan Administrator is simply making assumptions in its Omnibus Objections and is filing objections without acknowledging the Creditor's request for hearing and discovery. The Creditor displays *prima facia* evidence of the direct involvement of BNC and Leman Brothers, Mortgage Electronic Registration Systems, Inc., and its affiliates, such as Aurora Bank FSB, and other undisclosed parties and transfers, some of which were partial discovery given to the Creditor by a Well Fargo trust account name or Select Portfolio Servicing, Inc.'s law firms, litigating in the state court case, which is under appeal. (Exhibits attached to this Response include discovery received after the bar date and filing of claims. (see also Matrix Docket 34303 of Debtor's Objections and Exhibits attaching Creditor's Statement, Claims and Exhibits):

   a. Exhibit "B" ("Lehman Took Funds") document showing BNC and Lehman Brothers transferring $109,239.18 of the Creditors funds on October 18, 2002;

   b. Exhibit "C" ("Leh") document showing "Leh" handwritten on the mortgage page document, dated October 18, 2002, which was filed as original in state court, approximately six months after foreclosure suit was filed by *"Wells Fargo Bank, N.A., Successor By Merger To Wells Fargo Bank Minnesota, National Association, As Trustee, In Trust For The Holders Of Structured Asset Securities Corporation – Amortizing Residential Collateral Trust Mortgage Pass Through Certificates, Series 2002-BC10"*, in January 2008;

c. Exhibit "D" ("MERS MIN") information displayed on Mortgage Electronics Registration Systems, Inc.'s website displaying 'Aurora Bank FSB' named as Investor of 'Note', dated October 18, 2002;

d. Exhibit "E" (Two 'Corporate Mortgage Assignment(s)') executed on September 26, 2008 and again on February 13, 2009, both by SPS employee Bill Koch, also known as a 'Robosigner';

e. Exhibit "F" ("Wrong Property") in which BNC and/or Lehman Brother caused SPS (a.k.a. Fairbanks Capital) to collect on the wrong loan account, and thereafter, used an undisclosed and invalid Wells Fargo trust account name to foreclose on the Creditor and others;

f. Exhibit "G" ("Adjustable Rate Note" pgs 9 – 4) shows a BNC Adjustable Rate Note dated October 17, 2002, filed in state court by the Wells Fargo Trust's attorney, and claimed as original signed in blue ink even though all documents that the Creditor signed were in black ink, and even though there are no documents between the Creditor and this Wells Fargo Trust name and no documents were ever provided showing any valid transfer to the trust account name;

g. Exhibit "H" ("Truth Rate") dated October 18, 2002, show the direct conflict of the Note date and rate terms filed in the foreclosure action as seen in Exhibit "G" ("Adjustable Rate Note" pgs 9 – 4); BNC and Lehman Brother therefore caused forged or fraudulent documents;

h. Exhibit "I" ("Rescission Letter") was sent to BNC because of the fraudulent and forged documents found through discovery, dated October 4, 17, and/or 18, 2002 or any other date, regarding Loan ANA7346FOCH;

9

i. Lehman and BNC put a target on the Creditor's property causing SPS and Wells Fargo to manufacture a loan default due to collecting on the wrong loan account and due to obtaining funds through insurance and/or derivative or credit default swap agreements, which could calculate to well over three million dollars or more; "). The news also reports that the Lehman Debtors were party to more than 906,000 derivatives contracts. Derivative Contract Claims

j. BNC and Lehman Brother caused further confusion by withholding all documents showing any transfers and agreements between Wells Fargo and BNC and /or Lehman Brothers before and after filing its bankruptcy case;

k. The Creditor asserts that upon information and belief, BNC and Lehman Brother and other affiliates have documents pertaining to Stipulations, Agreements or sought for Orders entered into by and between BNC Mortgage LLC ("BNC") and its affiliated debtors, and Wells Fargo Bank, N.A. ("Wells Fargo") after filing its bankruptcy petition.

21. The Debtor asserts that under *"Florida law, the statute of limitations for fraud claims is four years. FLA. STAT. ANN. §95.11(3)(j). The four years runs from the time that the "facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence." FLA. STAT. ANN. §95.031(2)(a)."* However, the Debtor does not explain to this court that the Creditor was unaware of the fraudulent documents until after a foreclosure action was filed in January 2008, nor was aware of Lehman Brothers' involvements until long after the foreclosure action. And, *"As a general rule, a statute of limitations begins to run when there has been notice of an invasion of legal rights or a*

*person has been put on notice of his right to a cause of action." See* <u>*Kelley v. School Board of*</u>

<u>*Seminole County*</u>, 435 So.2d 804, 806 (Fla.1983).

22. Under the Bankruptcy Code 11 USC § 523 of the Bankruptcy Code contains a number of

exceptions from the discharge of an individual debtor including:

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the
extent obtained by —

(A) false pretenses, a false representation, or actual fraud, other than a statement
respecting the debtor's or an insider's financial condition;
(B) use of a statement in writing —

(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;
(iii) and which the creditor to whom the debtor is liable for such money, property,
services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive.

23. Under the Bankruptcy Code 11 USC § 502 (c) "There shall be estimated for purpose of

allowance under this section—

(1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case
may be, would unduly delay the administration of the case; or

(2) any right to payment arising from a right to an equitable remedy for breach of
performance.

A "party in interest" may object under Bankruptcy Code § 502. This becomes a

"contested matter." *See* Fed. R. Bankr. P. 9014, which discusses how the court should handle

contested matters. Once the objector produces some evidence, the mere filing of an objection is

insufficient to dispute the validity of a claim, and the burden shifts to the claimant. The claimant

bears the ultimate burden of establishing a valid claim by a preponderance of the evidence. See

<u>*In re South Motor Co.*</u>, 161 B.R. 532, 547 (Bankr. S.D. Fla. 1993). Therefore, the burden of

proof is on the debtors because although the Creditor submits supporting evidence to the court,

the debtor didn't submit supporting evidence, other than merely making assumptions and statements in its omnibus objections.

Also under the Bankruptcy Code 11 USC § 502(h) *"A claim arising from the recovery of property under section 522, 550, or 553 of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition."*

The Creditor was lead to believe that all of the claims were being paid when notices and forms were mailed and timely sent to Epiq Bankruptcy Solutions, LLC.

—— Original Message ——
From: Garabato, Sidney
To: americanreply@gmx.com
Cc: Garabato, Sidney
Sent: Tuesday, August 28, 2012 1:40 PM
Subject: In re Lehman Brothers Holdings, Inc., et al. - Chapter 11 Inquiry

Dear Debbie:

Epiq Bankruptcy Solutions, LLC ("Epiq") is the official Claims and Noticing agent for the above-referenced Debtors.

We are in receipt of your inquiry based on the following:

| Call Date | Name/Address | Account# | PhoneNumber | Email | Comments |
|---|---|---|---|---|---|
| 08/21/12 | DEBBIE FOCHT 1613 INGRAM AVE SARASOTA FL 34232-3229 | | 941-350-0561 | americanreply@gmx.com | Ms. Focht has requested wire transfer form to be sent to her. Read FAQ 147. |

You Claim # is **34380, 34381, 42914, 42915, 42916** and to get a status of your claim(s), please click here:
http://dm.epiq11.com/LBH/Claim#CreditorName=focht,+d&CreditorNameOperator=true&ds=true&ex=false&maxPerPage=25&page=1.
Please see the below with respect to wire form requests:

The Creditor also relied on the Debtor's law firm counsel, saying that claims are paid if you receive these notices. And because these forms were sent to all holders of "allowed" claims, as seen on the Epiq Bankruptcy Solutions, LLC ("Epiq") website docket, which partially stated:

"Notice to Holders of **Allowed** Claims Regarding Plan Distributions
The required forms were previously **mailed to all holders of allowed claims.**

The Creditor responded to all notices of objections that the Debtors have sent. The Creditor has not received discovery requested, and therefore, reserves her right to properly respond and amend her claims after all necessary information is sent to the Creditor. And the Creditor was never given required notices of a bar date deadline or notices to attend a creditors meeting in order to question the Debtors. As a result, the Creditor was prejudiced, and was diligent in filing and responding as soon as possible, demonstrating excusable neglect. The Federal Rules of Bankruptcy Procedures F.R.B.P. Rule 9006(b)(1) allows the court to enlarge the time for filing a proof of claim, if the claimant establishes that the delay in filing is due to "excusable neglect." In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S. Ct. 1489, 1498 (1993), the United States Supreme Court provided a non-exclusive balancing test which examined the following factors to determine whether a claimant's neglect in filing a timely proof of claim was excusable: 1. The danger of prejudice to the debtor if the untimely filing is allowed; 2. The length of the delay and its potential impact on the judicial proceedings; 3. The reason for the delay, including whether delay was beyond the reasonable control of the person whose duty it was to perform; and, 4. Whether the creditor acted in good faith.

This court had previously allowed creditors to file their claims late because they exhibited "*a reasonable amount of diligence*" to determine the effect of the claims bar date, but missed the deadline because of "justifiable confusion." That these creditors "conscientiously" tried to comply with the deadline, ... but were justifiably confused as to which of two claims bar dates applied to their particular claims.

Therefore, this court should enter order for an enlargement of time for filing claims, deem all of the Creditor's claims as timely filed, order payment of claims, and/or in the alternative,

enlargement of the time to respond to any of the Debtors, LBHI or the Plan Administrator's

objections after discovery is complete.

CONCLUSION

WHEREFORE, the Creditor respectfully requests entry of an order denying the Plan

Administrator's omnibus objections seeking to disallow and expunge the Claims in their entirety,

and grant the Creditor's motions, for relief from the Automatic Stay, order Debtors to send all

discovery requested; grant relief to enlarge the time for filing claims, deem all claims timely

filed; order all claim allowed for payment, as requested herein, and grant such other further relief

as the Court deems just and proper.

Respectfully Submitted by:

Deborah E. Focht
1613 Ingram Ave
Sarasota, FL 34232

Certificate of Service

Creditor, Deborah E. Focht, hereby, certifies that the, Creditor's Amended Response To
Plan Administrator's Omnibus Objection to Claims Filed By Deborah E. Focht; Creditor's
Motion For Order of Allowance and Payment Deeming Claim Nos.: 34380, 34381, 42914,
42915, 42916, as Timely Filed; Or In The Alternate Motion For Stay, Discovery Requested And
Extension Of Time To File Amended Claims And Response, has been mailed, emailed or
delivered by express mail, on this 13th day of March, 2013.

Deborah E. Focht
1613 Ingram Avenue
Sarasota, Florida 34232
americanreply@gmx.com
(941) 350-0561

14

VIA OVERNIGHT MAIL

United States Bankruptcy Court Southern District of New York
Alexander Hamilton Customs House
One Bowling Green
New York, NY 10004-1408
Chambers: (212) 668-5632

The Chambers of The Honorable James M. Peck
One Bowling Green, Courtroom
New York, New York, 10004-1408
cc:  Attn: Jacqueline Marcus, Esq.
attorneys for the Plan Administrator)
Attn:  Shai Y. Waisman, Esq., attorneys for the Debtors
Robert J. Lemons, Esq. and Lee Goldberg, Esq.,
attorneys for the LBHI and certain of its affiliates;

Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq.,
and Evan Fleck, Esq., attorneys for the Official
Committee of Unsecured Creditors appointed
Attn: Tracy Hope Davis, Esq.
Elisabetta G. Gasparini, Esq.
and Andrea B. Schwartz, Esq.

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

Exhibit "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

IN RE:                                          : Chapter 11

BNC MORTGAGE LLC,
        DEBTOR,                                 : Under Case No.: 09-10137 (JMP)


IN RE:                                          : Chapter 11

LEHMAN BROTHERS HOLDINGS INC., ET AL.,
        DEBTOR,                                 : Under Case No.: 08-13555 (JMP)

LEHMAN BROTHERS DERIVATIVE PRODUCTS INC.,
        DEBTOR,                                 : Under Case No.: 08-13899 (JMP)

LEHMAN BROTHERS OTC DERIVATIVES INC.,
        DEBTOR,                                 : Under Case No.: 08-13893 (JMP)


---------------------------------------------------------------x

                                                : AFFIDAVIT OF DEBORAH E. FOCHT,
                                                : CREDITOR

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

### CREDITOR'S OBJECTION TO NOTICE OF DEBTORS' FORTIETH OMNIBUS OBJECTION CLAIMS (LATE-FILED CLAIMS) AND MOTION TO COMPEL PRODUCTION OF ALL DOCUMENTS AND AGREEMENTS IN POSSESSION OF BNC MORTGAGE LLC, LEHMAN BROTHERS HOLDINGS INC., ETAL, PURSUANT RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

        The Creditor, Deborah E. Focht, hereby files her response and motion pursuant to rule 2004 of the United States Code (the "Bankruptcy Code"), of the Federal Rules of Bankruptcy Procedure regarding her claims and statements dated September 22, 2009 and amended October 21, 2009, and in support, states the following:

1. On October 27, 2010, 10 a.m., a hearing was heard for the "Notice of Debtors' Fortieth Omnibus Objection Claims (Late-Filed Claims)" against BNC Mortgage LLC (a.k.a. "BNC Mortgage, Inc"), as a subsidiary of Lehman Brothers Holdings Inc. (hereinafter "LBHI") or as ("Debtors").

1

2. The Creditor did not respond because the Debtors only sent objections to claim numbers 34380 and 42914 and did not object to her other claims filed, which lead the Creditor to believe these claims were accepted, however, after the Creditor contacted counsels for the Debtors and due to the confusion, the Creditor was provided this extension time to respond to the Debtors late filing claim objections.

3. The Creditor sent her Statement In Support Of Proof of Claim in this case on September 22, 2009 and her revised claims on October 21, 2009.

4. The Creditor does not have access to the PACER Service Center and the Creditor relied on, but was unable to upload her first claim and documents on the Epiq Systems, Inc. ("Epiq") designated access website, which stated: "Proofs of claim will be deemed timely filed only if actually received by Epiq Systems, Inc. or the Court on or before September 22, 2009 at 5:00 p.m. Eastern Time. Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission." However, the Creditor emailed Epiq of the problem and an Epiq Representative called the Creditor and said that if she sent the claim that Epiq would file it with the court so that there would not be any duplicates for the creditor to delete, in which the Creditor sent via overnight express mail.

5. The claim was also sent the attached email Epiq Bankruptcy Solutions, LLC and to the Debtor's Counsel To: LehmanTeam@weil.com Cc: Atty Diane Harvey Sent: Tuesday, September 22, 2009 4:48 PM, which was the due date.

6. The Creditor timely amended her Proof of Claim, Statements and Motions and uploaded the Questionaire on October 18, 2009 as requested, after this court ordered a rescheduled bar date deadline of October 21, 2009 regarding derivative securities. (see attached Debtors "Acknowledgement of Receipt of Proof of Claims")

7. The Creditor filed precautionary claims in advance because of a wrongful foreclosure action that was commenced on January 15, 2008, by Wells Fargo Bank Minnesota, National Association, As Trustee, In Trust For The Holders of Structured Asset Securities Corporation – Amortizing Residential Collateral Trust Mortgage Pass Through Certificates, Series 2002-BC10, ("WFBT") in the state court under Case No: 2008 CA 000791 SC.

8. WFBT filed its action after the loan servicing company, Select Portfolio Servicing, Inc. ("SPS") was known to be collecting on the wrong loan account, and the loan documents submitted to the court revealed an invalid mortgage was obtained by the originator, BNC Mortgage Inc., which consisted of fraudulent and forged documents and with many other duplicate loan rates terms and dated documents found.

9. After informing the state court that SPS and WFBT were colluding a loan default, the Creditor heard reports on May 15, 2009, of credit default swap contracts or other derivative agreement bets that were placed against borrowers in default, which supports her position of SPS and WFBT manufacturing the default. This would be an agreement that the Creditor was not a party to, but was used for her signature while under duress conditions in order to collect on a bet that she would default on her loan, and in order to collect what has been exposed to be up to 30 times or more of the amount of the original loan amount.

10. WFBT names a trust account which does not appear to be valid, and has used what is now called "Robosigner" Affidavits of employees that have no personal knowledge of what they are signing, for many false summary judgments motions as WFBT still proceeds with its case in state court anyway. If the WFBT trust account is valid, WFBT should have a repurchase or other insurance agreement or should have filed a proof of claim in this court or against whomever it dealt with instead of illegally pursuing the Creditor, which is the

2

reason the Creditor must file her claims in this court after making all good faith attempts of settling the matter even though kept in the dark.

11. There was an apparent separation of the mortgage and the note in dispute with the mortgage naming Mortgage Electronic Registration System (MERS), as mortgagee solely as BNC's nominee and the note naming BNC as the lender, and thereafter of WFBT's submitting as the original document with "Leh" written on the mortgage, assumed to be Lehman Brothers, and later found this year on the MERS website showing Aurora Bank FSB as the investor of the mortgage. Title between the mortgage and note were bifurcated, thereby rendered the mortgage fatal flaw unenforceable. "The mortgage loan becomes ineffectual when the note holder did not also hold the deed of trust." See *Bellistri v. Ocwen Loan Servicing*, LLC, 284 S.W.3d 619, 623 (Mo. App. 2009). The U.S. Supreme Court ruled in *Carpenter v. Longan*, 16 Wall. 271, 83 U.S. 271, 274, 21 L.Ed. 313 (1872), "The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." See also Restatement (Third) of Property: Mortgages section § 5.4 cmt. e (1997). "Where the mortgagee has 'transferred' only the mortgage, the transaction is a nullity and his 'assignee,' having received no interest in the underlying debt or obligation, has a worthless piece of paper." 4 RICHARD R. POWELL, POWELL ON REAL PROPERTY, § 37.27[2] (2000).

12. All of these issues created a title cloud for the owners, the property and any party seeking to express or claim an interest and left no security instrument due to the separation at its inception and/or through the securitization process.

13. The Creditor contacted BNC about the invalid documents before it filed its petition in this court, and the Creditor is concerned after seeing Transfer Agreements were executed Between BNC Mortgage LLC and Wells Fargo Bank, N.A., as Trustee, etc., with regard to real property.

14. WFBT obtained several Corporate Assignment of Mortgage documents, which were created without authority, executed and filed after the foreclosure action was commenced in the state court. The Kansas Courts issued orders that MERS held no title, issued no credit and acted in no lending capacity...thus rendering all subsequent assignments Void *Ab Initio*.

15. BNC benefited by accepting the Creditors downpayment funds of approximately $110,000 for two properties loan amounts of $110,400.00, and the Creditor already paid over $100,000 toward these loans and the mortgage displays that BNC obtained an insurance Policy for BNC only, and left the Creditor with nonsensical and duplicate documents, while the Debtors and WFBT continue to shield discovery information. WFBT has not produced many requested documents and was seeking a protective order or the appointment of a special master to be present at its deposition. The loan documents shows prima facie conflicts, therefore, whether they were fabricated or obtained by fraud should not be an excuse to withhold discovery both in the state court case or the Debtors bankruptcy case.

16. Therefore, the Creditor requests this court to Order the Debtors to send the Creditor all information regarding the Creditor and properties in order to determine accounting and why there are duplicate closing rates, dates, assignments, notes and many other documents and why the discovery included other loan property information that was already satisfied and why many other entities continue to come out of nowhere.

3

17. The Creditor saw her claims against Debtors BNC Mortgage LLC and LHBI listed on the Epiq Systems, DebtorMatrix docket as of 11/23/2009, but because her claims were not seen under "Filed Claims and Schedules", she contacted the US Trustee and was told her claims were not on the Court Docket, therefore, with all the confusion, inexperience and the overwhelming complexity of the State and Debtors Bankruptcy cases, the Creditor requests this court to excuse any delay or mistake and order the Debtors to include her claims that were originally seen under the following docket numbers: [Docket 11455] 34380 Debtor: BNC MORTGAGE LLC / 34381 Debtor: LEHMAN BROTHERS HOLDINGS, INC. / 42916 Debtor: LEHMAN BROTHERS DERIVATIVE PRODUCTS INC. / 42915 Debtor: LEHMAN BROTHERS OTC DERIVATIVES INC. / 42914 Debtor: BNC MORTGAGE LLC.

18. In light of all of what has and still is transpiring and all of the massive ongoing official investigations, this Court should overrule the Debtors Objection. The Creditor also requests a telephonic hearing date should the Debtor still object to listing her claim on the Debtors Schedule as any denial on the Debtor(s) part would only be made in bad faith due to the wrongful foreclosure action, fraudulent and counterfeit photocopies of the documents, mixed property documents, selling the documents to multiple investors or thru a securitization note Pool and/or betting on a default, and for withholding the name of the Custodian and other documents requested in order to adequately trace the loan documents from the originator to other subsequent parties or transferees, etc. in order to properly amend the Creditors claims.

WHEREFORE, the Creditor prays this court will enter orders compelling the Debtors to produce all records, overrule the Debtors Objection; and grant such further relief the Court deems just and proper.

Respectfully Submitted by:

*Deborah E. Focht*

Deborah E. Focht
530 E. Laurel Road
Nokomis, FL 34275
(941) 350-0561

4

## Certificate of Service

Creditor, Deborah E. Focht, hereby, certifies that the Creditor's Objection to Notice of
Debtors' Fortieth Omnibus Objection Claims (Late-Filed Claims) and Motion to Compel
Production of All Documents and Agreements In Possession of BNC Mortgage LLC, Lehman
Brothers Holdings Inc., Etal, have been sent overnight or emailed to the following law firms
listed, on this 4, day of November, 2010.

Deborah E. Focht
530 E. Laurel Road
Nokomis, Florida 34275
(941) 350-0561

VIA OVERNIGHT MAIL
United States Bankruptcy Court Southern District of New York
Attn: Chambers of the Honorable James M. Peck
One Bowling Green
New York, NY 10004-1408
Chambers: (212) 668-5632
Courtroom: 601

The Office of the United States Trustee
Attn: Andrew D. Velez-Rivera, Esq.,
Paul Schwartzberg, Esq., Brian Masumoto, Esq.,
Linda Riffkin, Esq., Tracy Hope Davis, Esq.
33 Whitehall Street
21st Floor
New York, NY 10004
Phone: (212) 510-0500
Fax: (212) 668-2255

Weil, Gotshal & Manges LLP,
Attn: Shai Y. Waisman Esq.,
John O'Connor Esq.
767 Fifth Avenue
New York, NY 10153
(Attorneys for Debtors)

Milbank, Tweed, Hadley & McCloy LLP
Attn: Dennis F. Dunne, Esq.,
Dennis O'Donnell, Esq.,
Evan Fleck, Esq.
1 Chase Manhatten Plaza
New York, New York 10005
(Attorneys for official committee of unsecured creditors)

5

Please note that information stated on or uploaded on this website is being submitted as part of the Proof of Claim form. As such, criminal penalties apply for making a false statement. The penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

CONTACT

You have successfully signed out of the application.

**REGISTER**



**LOGIN**

◄ BACK

# DERIVATIVE CLAIM SUMMARY

| | |
|---|---|
| Name of Debtor | **Lehman Brothers Derivative Products Inc. (08-13899)** |
| Please identify the counterparties, guarantor and/or credit support provider to the derivative contract. | Bnc Mortgage Inc. and WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION – AMORTIZING RESIDENTIAL COLLATERAL TRUST MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2002-BC10 |
| Have you entered into a termination agreement with the Debtors establishing the agreed upon amounts due in respect of derivative contracts? | Selected: No |
| Have the derivative contracts matured or been terminated? | Selected: No |

 BY CHECKING THIS BOX, I AM ELECTRONICALLY SIGNING THIS DOCUMENT. I INTEND THIS ELECTRONIC SIGNATURE TO CARRY THE SAME FORCE AND EFFECT

## CLAIM FORM FILING CONFIRMATION

Your claim form was successfully filed on 10/19/2009 at 12:37 AM Central. Please print this page as proof of your filing.

Deborah E. Focht
530 E. Laurel Road
Nokomis, FL 34275 UNITED STATES

| | |
|---|---|
| Name of Debtor | Lehman Brothers Holdings Inc. (08-13555) |
| Please identify the counterparties, guarantor and/or credit support provider to the derivative contract. | Bnc Mortgage Inc. and Wells Fargo Bank, N.A., Successor By Merger To Wells Fargo Bank Minnesota, National Association, As Trustee, In Trust For The Holders Of Structured Assets Securities Corporation – Amortizing Residential Collateral Trust Mortgage Pass Through Certificates, Series 2002-BC10 |
| Have you entered into a termination agreement with the Debtors establishing the agreed upon amounts due in respect of derivative contracts? | Selected: No |
| Have the derivative contracts matured or been terminated? | Selected: No |

contact

For questions related to this web site, please call Epiq Bankruptcy Solutions, LLC ("Epiq") at:

U.S.: 1-866-879-0688
Non-U.S.: 1-503-597-7691

Please note that Epiq is not permitted to give legal advice. Please direct legal inquiries to the following:

Weil, Gotshal & Manges LLP
Lehman Legal Hotline:
Phone: 1-212-310-8040
Email: LehmanTeam@weil.com

**CLAIM FORM FILING CONFIRMATION**

Your claim form was successfully filed on 10/18/2009 at 10:57 PM Central. Please print this page as proof of your filing.

Deborah E. Focht
530 E. Laurel Road
Nokomis, FL 34275 UNITED STATES

Name of Debtor                                    Lehman Brothers Derivative Products Inc. (08-13899)

Please identify the counterparties, guarantor     Bnc Mortgage Inc. and Wells Fargo Bank, N.A., Successor By Merger To Wells Fargo
and/or credit support provider to the derivative  Bank Minnesota, National Association, As Trustee, In Trust For The Holders Of
contract.                                         Structured Assets Securities Corporation -- Amortizing Residential Collateral Trust
                                                  Mortgage Pass Through Certificates, Series 2002-BC10

Have you entered into a termination
agreement with the Debtors establishing the       Selected: No
agreed upon amounts due in respect of
derivative contracts?

Have the derivative contracts matured or been     Selected: No
terminated?

**CLAIM FORM FILING CONFIRMATION**

Your claim form was successfully filed on 10/18/2009 at 11:03 PM Central. Please print this page as proof of your filing.

Deborah E. Focht
530 E. Laurel Road
Nokomis, FL 34275 UNITED STATES

Name of Debtor                                    Lehman Brothers OTC Derivatives Inc. (08-13893)

Please identify the counterparties, guarantor     Bnc Mortgage Inc. and Wells Fargo Bank, N.A., Successor By Merger To Wells Fargo
and/or credit support provider to the derivative  Bank Minnesota, National Association, As Trustee, In Trust For The Holders Of
contract.                                         Structured Assets Securities Corporation – Amortizing Residential Collateral Trust
                                                  Mortgage Pass Through Certificates, Series 2002-BC10

Have you entered into a termination
agreement with the Debtors establishing the       Selected: No
agreed upon amounts due in respect of
derivative contracts?

Have the derivative contracts matured or been     Selected: No
terminated?

----- Original Message -----
**From:** AmericanReply@comcast.net
**To:** LehmanTeam@weil.com
**Cc:** Atty Diane Harvey
**Sent:** Tuesday, September 22, 2009 4:48 PM
**Subject:** To Epiq Bankruptcy Solutions, LLC + Lehman Lehman Team

To:  Epiq Bankruptcy Solutions, LLC And the Legal Team
Re:  Lehman Brothers Bankruptcy Proof Of Claims

I have attached my proof of claims for the Lehman Brothers bankruptcy
proceedings and regarding BNC Mortgage LLC.

I tried to contact Epiq Systems and the Lehman Law Firm
and was given many numbers, but none have provided an email or
have been able to help me submit my claims and the website for the
questionaire doesn't work either (see below).

As a result, I have sent the Claims out by Overnight Mail, and should
there be a problem accepting my proof of claims, please let me know
so I can write a letter to the Judge to explain what happened.

Thank You,
Deborah E. Focht
530 E. Laurel Road
Nokomis, FL 34275
(941) 350-0561

contact
An unexpected error occurred. Sorry for the inconvenience, we'll have a look soon and try to prevent this from
happening again.
Back to Home

©Epiq Systems, Inc.


contact

For questions related to this web site, please call Epiq Bankruptcy Solutions, LLC ("Epiq") at:

U.S.: 1-866-879-0688
Non-U.S.: 1-503-597-7691

Please note that Epiq is not permitted to give legal advice. Please direct legal inquiries to the following:

Weil, Gotshal & Manges LLP
Lehman Legal Hotline:
Phone: 1-212-310-8040
Email: LehmanTeam@weil.com

©Epiq Systems, Inc.

EPIQ SYSTEMS
757 THIRD AVENUE
THIRD FLOOR
NEW YORK, NY 10017

P 646 282 2500   F 646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM

# epiq
SYSTEMS



MAILID *** 0004893516 ***

**** LBH CLMLTR (MERGE2,TXNUM2) 4000090026 ****

FOCHT, DEBORAH E.
530 E. LAUREL ROAD
NOKOMIS, FL 34275

December 02, 2009

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq
Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the LEHMAN
BROTHERS HOLDINGS INC. case.  It is also publically available at the following website address:
http://chapter11.epiqsystems.com/LBH.  To ensure that your claim has been recorded correctly, please
review the following information:

| | |
|---|---|
| Debtor: | LEHMAN BROTHERS OTC DERIVATIVES INC. |
| Case Number: | 08-13893 |
| Creditor: | FOCHT, DEBORAH E. |
| Date Received: | 10/21/2009 |
| Claim Number: | 42915 |

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim
is being allowed.  The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim on our website at the address listed
above. To find your imaged claim, click on the "Filed Claims & Schedules" link at the top of the page,
type in your claim number in the "Claim #" field, and click "Search."

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY
IDENTIFIABLE INFORMATION ("PII") SUBMITTED BY YOU.** PII can include information
used to distinguish or trace an individual's identity, such as their social security number, biometric
records, drivers license number, account number, credit or debit card number (including any
passwords, acces codes or PIN numbers), etc., alone, or when combined with other personal or
identifying information which is linked or linkable to a specific individual, such as date and place
of birth, mother's maiden name,etc.

The Proof of Claim Form allows for redacted documents.  If you identify any PII in your filed
claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at
http://www.epiq11.com/contact.aspx so we may assist you in redacting this information.  Please be
sure to specify the client/debtor about which you are inquiring.

You may also contact by either of the methods listed above should you have any other questions.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

EPIQ SYSTEMS
757 THIRD AVENUE
THIRD FLOOR
NEW YORK, NY 10017

P  646 282 2500   F  646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM

# epiq
### SYSTEMS



MAILID  ***  0004893517  ***

**** LBH CLMLTR (MERGE2.TXNUM2) 4000090029 ****

FOCHT, DEBORAH E.
530 E. LAUREL ROAD
NOKOMIS, FL 34275

December 02, 2009

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq
Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the LEHMAN
BROTHERS HOLDINGS INC. case. It is also publically available at the following website address:
http://chapter11.epiqsystems.com/LBH. To ensure that your claim has been recorded correctly, please
review the following information:

Debtor:              LEHMAN BROTHERS DERIVATIVE PRODUCTS INC.
Case Number:         08-13899
Creditor:            FOCHT, DEBORAH E.
Date Received:       10/21/2009
Claim Number:        42916

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim
is being allowed. The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim on our website at the address listed
above. To find your imaged claim, click on the "Filed Claims & Schedules" link at the top of the page,
type in your claim number in the "Claim #" field, and click "Search."

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY
IDENTIFIABLE INFORMATION ("PII") SUBMITTED BY YOU.** PII can include information
used to distinguish or trace an individual's identity, such as their social security number, biometric
records, drivers license number, account number, credit or debit card number (including any
passwords, acces codes or PIN numbers), etc., alone, or when combined with other personal or
identifying information which is linked or linkable to a specific individual, such as date and place
of birth, mother's maiden name,etc.

The Proof of Claim Form allows for redacted documents. If you identify any PII in your filed
claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at
http://www.epiq11.com/contact.aspx so we may assist you in redacting this information. Please be
sure to specify the client/debtor about which you are inquiring.

You may also contact by either of the methods listed above should you have any other questions.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

EPIQ SYSTEMS
757 THIRD AVENUE
THIRD FLOOR
NEW YORK, NY 10017

P 646 282 2500   F 646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM





MAILID *** 0004893515 ***

**** LBH CLMLTR (MERGE2,TXNUM2) 4000090018 ****

FOCHT, DEBORAH E.
530 E. LAUREL ROAD
NOKOMIS, FL 34275

December 02, 2009

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the LEHMAN BROTHERS HOLDINGS INC. case. It is also publicly available at the following website address: http://chapter11.epiqsystems.com/LBH. To ensure that your claim has been recorded correctly, please review the following information:

| | |
|---|---|
| Debtor: | BNC MORTGAGE LLC |
| Case Number: | 09-10137 |
| Creditor: | FOCHT, DEBORAH E. |
| Date Received: | 10/21/2009 |
| Claim Number: | 42914 |

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim is being allowed. The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim on our website at the address listed above. To find your imaged claim, click on the "Filed Claims & Schedules" link at the top of the page, type in your claim number in the "Claim #" field, and click "Search."

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY IDENTIFIABLE INFORMATION ("PII") SUBMITTED BY YOU.** PII can include information used to distinguish or trace an individual's identity, such as their social security number, biometric records, drivers license number, account number, credit or debit card number (including any passwords, acces codes or PIN numbers), etc., alone, or when combined with other personal or identifying information which is linked or linkable to a specific individual, such as date and place of birth, mother's maiden name,etc.

The Proof of Claim Form allows for redacted documents. If you identify any PII in your filed claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at http://www.epiq11.com/contact.aspx so we may assist you in redacting this information. Please be sure to specify the client/debtor about which you are inquiring.

You may also contact by either of the methods listed above should you have any other questions.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

EPIQ SYSTEMS
757 THIRD AVENUE
THIRD FLOOR
NEW YORK, NY 10017

P  646 282 2500   F  646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM

# epiq
## SYSTEMS



MAILID  ***  0004892690  ***

****  LBH CLMLTR (MERGE2,TXNUM2) 4000081288 ****

FOCHT, DEBORAH E
530 E LAUREL ROAD
NOKOMIS, FL 34275

December 02, 2009

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq
Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the LEHMAN
BROTHERS HOLDINGS INC. case. It is also publically available at the following website address:
http://chapter11.epiqsystems.com/LBH.  To ensure that your claim has been recorded correctly, please
review the following information:

Debtor:                LEHMAN BROTHERS HOLDINGS, INC.
Case Number:           08-13555
Creditor:              FOCHT, DEBORAH E
Date Received:         09/23/2009
Claim Number:          34381

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim
is being allowed.  The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim on our website at the address listed
above. To find your imaged claim, click on the "Filed Claims & Schedules" link at the top of the page,
type in your claim number in the "Claim #" field, and click "Search."

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY
IDENTIFIABLE INFORMATION ("PII") SUBMITTED BY YOU.  PII can include information
used to distinguish or trace an individual's identity, such as their social security number, biometric
records, drivers license number, account number, credit or debit card number (including any
passwords, acces codes or PIN numbers), etc., alone, or when combined with other personal or
identifying information which is linked or linkable to a specific individual, such as date and place
of birth, mother's maiden name,etc.**

The Proof of Claim Form allows for redacted documents.  If you identify any PII in your filed
claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at
http://www.epiq11.com/contact.aspx so we may assist you in redacting this information.  Please be
sure to specify the client/debtor about which you are inquiring.

You may also contact by either of the methods listed above should you have any other questions.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

EPIQ SYSTEMS
757 THIRD AVENUE
THIRD FLOOR
NEW YORK, NY 10017

P 646 282 2500   F 646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM



MAILID *** 0004892689 ***

**** LBH CLMLTR (MERGE2.TXNUM2) 4000081286 ****

FOCHT, DEBORAH E
530 E LAUREL ROAD
NOKOMIS, FL 34275

December 02, 2009

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the LEHMAN BROTHERS HOLDINGS INC. case. It is also publically available at the following website address: http://chapter11.epiqsystems.com/LBH. To ensure that your claim has been recorded correctly, please review the following information:

Debtor:                BNC MORTGAGE LLC
Case Number:           09-10137
Creditor:              FOCHT, DEBORAH E
Date Received:         09/23/2009
Claim Number:          34380

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim is being allowed. The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim on our website at the address listed above. To find your imaged claim, click on the "Filed Claims & Schedules" link at the top of the page, type in your claim number in the "Claim #" field, and click "Search."

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY IDENTIFIABLE INFORMATION ("PII") SUBMITTED BY YOU.** PII can include information used to distinguish or trace an individual's identity, such as their social security number, biometric records, drivers license number, account number, credit or debit card number (including any passwords, acces codes or PIN numbers), etc., alone, or when combined with other personal or identifying information which is linked or linkable to a specific individual, such as date and place of birth, mother's maiden name,etc.

The Proof of Claim Form allows for redacted documents. If you identify any PII in your filed claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at http://www.epiq11.com/contact.aspx so we may assist you in redacting this information. Please be sure to specify the client/debtor about which you are inquiring.

You may also contact by either of the methods listed above should you have any other questions.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

# Exhibit "B"



# LOAN DISBURSEMENT INSTRUCTIONS

BNC Mortgage, Inc.

| | |
|---|---|
| To: **LEHMAN BROTHERS** | From: **BNC MORTGAGE** |
| **101 HUDSON ST** | **1063 MCGAW AVE** |
| **JERSEY CITY, NJ 07302** | **IRVINE, CA 92614** |
| App. No.: **ANA7346FOCH** | Loan No.: **ANA7346FOCH** |
| Borrower: **DEBORAH E. FOCHT** | Funding Date: **October 18, 2002** |
| Borrower: | Loan Amount: **110,400.00** |
| Address: **530 LAUREL ROAD** | City: **NOKOMIS, FL 34275** |

| **1. Title Insurance Company** | Wire Amount: | 109,239.18 |
|---|---|---|

| | |
|---|---|
| Bank Name: **AMERICAN BANK** | ABA Routing No.: **063113727** |
| City / State: **BRADENTON, FL** | |

| | |
|---|---|
| Credit to Account Name: | ABA Routing No.: |
| | Credit to Account No.: |

| | |
|---|---|
| Futher Credit to: **PROFESSIONAL TITLE SERV.** | Futher Credit to Acct. No.: **1099638** |
| Phone Number: **(941)358-6280** | Reference: **19057/FOCHT** |
| Attn: **MARY ANN FIGLOW** | |

| **2. Loan Servicer** | Wire Amount: | 344.82 |
|---|---|---|

Option One Mortgage

| Wire consists of the following: | | |
|---|---|---|
| | 274.82 | Prepaid Interest |
| | | Total Impounds |
| | 70.00 | Tax Service |
| | | MERS Registration |

| **3. BNC Origination Fees** | Wire Amount: | 816.00 |
|---|---|---|

Yield Spread Premium: 0.00

**8.409**

| **4. Loan Information** | | |
|---|---|---|
| Interest Rate: **6.400** | Margin: **6.35** | |
| Credit Rating Risk: **A+ SA** | LTV: **79.42** | |
| Property Value for LTV: **139,000.00** | Term: **360** | Maturity Date: **11/01/2032** |
| Kind: **2 YEAR FIXED 1/7** | Program: **FULL-DOC** | |
| TRW Fico: **647** | P&I: **690.56** | |

**Approved for Disbursement**

**1910**

| | |
|---|---|
| BNC Funder: **MIA COOKS** | Date: **10/18/2002** |
| BNC Representative: | Date: **10/18/2002** |

Focht-000667

Exhibit "Lehman Took Funds"

# Exhibit "C"

RECORDED IN OFFICIAL RECORDS
INSTRUMENT # 2002175528 21 PGS
2002 OCT 23 04:33 PM
KAREN E. RUSHING
CLERK OF CIRCUIT COURT
SARASOTA COUNTY,FLORIDA
FMILLER Receipt#233293
Doc Stamp-Mort: 386.40
Intang. Tax: 220.80

Return To:

BNC MORTGAGE, INC.
P.O. BOX 19656
IRVINE, CA 92623-9656

This document was prepared by:

RETURN TO: 214
PROFESSIONAL SERVICES OF SARASOTA
6378 N. LOCKWOOD RIDGE RD.
SARASOTA, FLORIDA 34243

LH020C

[Space Above This Line For Recording Data]

2002175528

# MORTGAGE

MIN 10012220000209152

Loan No.: ANA7346FOCH

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is dated **October 17, 2002**
together with all Riders to this document.
(B) "Borrower" is DEBORAH E. FOCHT, a single woman

Borrower is the mortgagor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is
acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee
under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an
address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(D) "Lender" is BNC MORTGAGE, INC., A DELAWARE CORPORATION

FLORIDA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS    Form 3010 1/01

-6A(FL) (0005) 01
Page 1 of 16
VMP MORTGAGE FORMS - (800)521-7291

Focht-000378

Exhibit "Leh"

# Exhibit "D"



## 1 record matched your search:

Need help? 

| | | |
|---|---|---|
| MIN:1001222-0000020915-2 | Note Date:10/18/2002 | MIN Status:Active |
| Servicer: Select Portfolio Servicing Inc | | Phone:(801) 293-2583 |
| Salt Lake City, UT | | |
| Investor: Aurora Bank FSB | | Phone:(308) 220-2123 |
| Scottsbluff, NE | | |

Return to Search

For more information about MERS please go to www.mersinc.org
Copyright© 2006 by MERSCORP, Inc.

Exhibit "MER MIN"

# Exhibit "E"

Recording Requested By:
SELECT PORTFOLIO SERVICING, INC.

When Recorded Return To:

BILL KOCH
SELECT PORTFOLIO SERVICING, INC
3815 SW TEMPLE
SALT LAKE CITY, UT 84115

**CORPORATE ASSIGNMENT OF MORTGAGE**

Sarasota, Florida   SELLER'S SERVICING #: 0063096042   "FOCHT"
INVESTOR #:
MERS #: 1001222000029182

Date of Assignment: February 13th, 2009
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR BNC MORTGAGE, INC
at 3815 SW TEMPLE, SALT LAKE CITY, UT 84115
Assignee: WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA,
NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE HOLDERS OF STRUCTURED ASSET
SECURITIES CORPORATION - AMORTIZING RESIDENTIAL COLLATERAL TRUST MORTGAGE PASS
THROUGH CERTIFICATES, SERIES 2002-BC10 at 3815 SW TEMPLE, SALT LAKE CITY, UT 84115
Executed By: DEBORAH E. FOCHT  To: MERS AS NOMINEE FOR BNC MORTGAGE, INC, A DELAWARE
CORPORATION
Date of Mortgage: 10/17/2002 Recorded: 10/23/2002 In Book/Reel/Liber: 2256 Page/Folio: 484 as Instrument No.:
2002175526 In Sarasota, Florida

Property Address: 530 LAUREL ROAD, NOKOMIS, FL 34275

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and
other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is
hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage
together with the Note or other evidence of indebtedness (the "Note"), said Note having an original principal sum of
$110,400.00 with interest, secured thereby, together with all moneys now owing or that may hereafter become due
or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein
contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial
interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage and Note, and also the said property unto the said Assignee forever,
subject to the terms contained in said Mortgage and Note.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR BNC MORTGAGE, INC
On ____FEB 1 3 2009____
By:_____
Bill Koch, Assistant Secretary

WITNESS _____        WITNESS _____
Ana Novakovich                           Kimberly Clark

STATE OF Utah
COUNTY OF Salt Lake
On ____FEB 1 3 2009____ before me, SHIRLEY TUITUPOU, a Notary Public in and for Salt Lake in the State of Utah,
personally appeared Bill Koch, Assistant Secretary, Select Portfolio Servicing, Inc., f/k/a Fairbanks Capital Corp.
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____
SHIRLEY TUITUPOU
Notary Expires: 11/12/2012  #576792

SHIRLEY TUITUPOU
Notary Public State of Utah
My Commission Expires on:
November 12, 2012
Comm. Number: 576792

(This area for notarial seal)

Prepared By: Jeff Pross, RICHMOND MONROE GROUP 15821 HIGHWAY 13, BRANSON WEST, MO 65737 417-739-9412

Focht-000416

Recording Requested By:
SELECT PORTFOLIO SERVICING, INC.

When Recorded Return To:

BILL KOCH
SELECT PORTFOLIO SERVICING, INC.
3815 SW TEMPLE
SALT LAKE CITY, UT 84115

**CORPORATE ASSIGNMENT OF MORTGAGE**

Sarasota, Florida    SELLER'S SERVICING #: 0003259042    "FOCHT"
INVESTOR #:
MERS #: 100122200002209148

Date of Assignment: September 22nd, 2008
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR BNC MORTGAGE, INC
at 3815 SW TEMPLE, SALT LAKE CITY, UT 84115
Assignee: WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA,
NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE HOLDERS OF STRUCTURED ASSET
SECURITIES CORPORATION - AMORTIZING RESIDENTIAL COLLATERAL TRUST MORTGAGE PASS
THROUGH CERTIFICATES, SERIES 2002-BC10  at 3815 SW TEMPLE, SALT LAKE CITY, UT 84115
Executed By: DEBORAH E. FOCHT  To: MERS AS NOMINEE FOR BNC MORTGAGE, INC., A DELAWARE
CORPORATION
Date of Mortgage: 10/17/2002 Recorded: 10/23/2002  In Book/Reel/Liber: 2256 Page/Folio: 484 as Instrument No.:
2002175528  in Sarasota, Florida

Property Address: 530 LAUREL ROAD, NOKOMIS, FL 34275

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and
other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is
hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage
together with the Note or other evidence of indebtedness (the "Note"), said Note having an original principal sum of
$110,400.00 with interest, secured thereby, together with all moneys now owing or that may hereafter become due
or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein
contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial
interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage and Note, and also the said property unto the said Assignee forever,
subject to the terms contained in said Mortgage and Note.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR BNC MORTGAGE, INC
On  SEP 2 6 2008

By:_____
Bill Koch, Assistant Secretary

WITNESS                                      WITNESS
Ana Ninkovic                                 Marco Villagran

STATE OF Utah
COUNTY OF Salt Lake

On SEP 2 6 2008, before me, KIMBERLY CLARK, a Notary Public in and for Salt Lake in the State of Utah,
personally appeared Bill Koch, Assistant Secretary , MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
AS NOMINEE FOR BNC MORTGAGE, INC personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____
KIMBERLY CLARK
Notary Expires: 12/11/2011

NOTARY PUBLIC
KIMBERLY CLARK
3815 South 22 West
Salt Lake City, Utah 84115
My Commission Expires
December 11, 2011
STATE OF UTAH

(This area for notarial seal)

Prepared By:  Jeff Pross, RICHMOND MONROE GROUP 13911 HIGHWAY 13, BRANSON WEST, MO  65737 417-739-0412

Focht-000418

# Exhibit "F"



December 03, 2007

Deborah Focht
1613 Ingram Ave
Sarasota, FL 34232

RE: Loan Number 0003999042

Dear Deborah Focht :

Thank you for your recent request for copies of your mortgage loan
documents. In response to your request, we enclose the following:

              Note


Are you aware that Select Portfolio Servicing, Inc. (SPS) has updated our
website?  As an SPS customer, you may register at www.spservicing.com
where, based on the status of your mortgage loan, you will be able to
access your account information.  The account information that you may
access on our website includes:

    - Make your monthly mortgage payment online or sign up for automatic
      deduction/ACH.
    - Update your Contact Information.
    - Review/Request Payment Histories.
    - Submit Evidence of Insurance.
    - View your 1098 Year End Tax Information.
    - View your monthly mortgage statements.
    - Sign up for email reminders and notifications.
    - Request a Payoff Quote.
    - Submit a Financial Statement to be reviewed for a Repayment Plan.

If you have any questions regarding this correspondence and the enclosed
documents, or the servicing of your mortgage loan, please contact our
Customer Service Department at (800) 258-8602, Monday through Friday
between the hours of 7 am and 8 pm Eastern Time.

Sincerely,
Customer Service Department

Esta carta contiene información importante concerniente a sus derechos.
Por favor, hágala traducir. Nuestros representantes bilingues están a
su disposición para contestar cualquier pregunta llamando al teléfono
1-800-831-0118 y marque la opción 2.

        This communication is intended for informational purposes only
                    and is not an attempt to collect a debt.

CS006 026/001

Exhibit "Wrong Property" 1

 

## ADJUSTABLE RATE NOTE
### (LIBOR 6-Month Index-Rate Caps)

Loan No. ANA7345FOCH

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

October 17, 2002        IRVINE        CALIFORNIA
[Date]        [City]        [State]

**1021 SOUTH ALLENDALE AVENUE, SARASOTA, FL 34237**
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 71,200.00 ( his amount is called "Principal"), plus interest, to the order of the Lender. The Lender is BNC MORTGAGE, INC., A DELAWARE CORPORATION . I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 7.400 % . The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

### 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the first day of each month beginning on December 1, 2002 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on November 1, 2032 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at OPTION ONE MORTGAGE CORPORATION, 3 ADA, IRVINE, CA 92618 or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $ 492.98 . This amount may change.

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

### 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The interest rate I will pay may change on the first day of November, 2004 , and on that day every 6th month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for 6-month U.S. dollar-denominated deposits in the London market based on quotations of major banks, as published in the "Money Rates" section of The Wall Street Journal. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding Seven And 100/1000 percentage points ( 7.100 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125 %). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.



180210 0003999042 Note 3141T845

FL&MD1A ARM PROGRAMS

Page 1 of 3

Rev. 11/95

Borrower Initials _____ _____ _____ _____ _____

## Exhibit "Wrong Property" 2

Exhibit "G"

 

**ADJUSTABLE RATE NOTE**
(LIBOR 6-Month Index-Rate Caps)

Loan No. ANA7346FOCH

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

| October 17, 2002 | IRVINE | CALIFORNIA |
|---|---|---|
| [Date] | [City] | [State] |

530 LAUREL ROAD, NOKOMIS, FL 34275
[Property Address]

**1.  BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $  110,400.00      (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is  BNC MORTGAGE, INC., A DELAWARE CORPORATION  . I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.  INTEREST**
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of      6.400   % . The interest rate I will pay will change in accordance with Section 4 of this Note.
The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3.  PAYMENTS**
(A) Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payments on the first day of each month beginning on      December 1, 2002   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on      November 1, 2032      , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at   OPTION ONE MORTGAGE CORPORATION, 3 ADA, IRVINE, CA 92618      or at a different place if required by the Note Holder.
(B) Amount of My Initial Monthly Payments
Each of my initial monthly payments will be in the amount of U.S. $   690.56      . This amount may change.
(C) Monthly Payment Changes
Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
(A) Change Dates
The interest rate I will pay may change on the first day of      November, 2004      , and on that day every      6th month thereafter. Each date on which my interest rate could change is called a "Change Date."
(B) The Index
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for 6-month U.S. dollar-denominated deposits in the London market based on quotations of major banks, as published in the "Money Rates" section of The Wall Street Journal. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."
If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.
(C) Calculation of Changes
Before each Change Date, the Note Holder will calculate my new interest rate by adding Six And 350/1000      percentage points (     6.350   %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125 %). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date
The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

FLORIDA ARM PROGRAMS

Page 1 of 3                                Rev. 11/93

Borrower Initials

FLADINI

Exhibit "Adjustable Rate Note" 1 - 4

 

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than    8.400      % or less than 6.400      % . Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (  1.0%) from the rate of interest I have been paying for the preceding   6  months. My interest rate will never be less than    6.400      % or greater than the lesser of (i)    13.400      % or (ii) the highest interest rate allowed by law.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5.  BORROWER'S RIGHT TO PREPAY; PREPAYMENT CHARGE**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

If within  twenty-four             (  24       ) months after the date of execution of the Security Instrument (as defined below) I make a full Prepayment or partial Prepayment(s), I will at the same time pay to the Note Holder a Prepayment charge equal to six (6) months' advance interest on the amount of the Prepayment that, when added to all other amounts prepaid during the 12-month period immediately preceding the date of the Prepayment, exceeds twenty percent (20%) of the original Principal amount of this Note.

**6.  LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**7.  BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 10         calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be        6 %      of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

Exhibit "Adjustable Rate Note" 2 - 4

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11. SECURED NOTE**

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument.

**12. DOCUMENTARY TAX**

The state documentary tax due on this Note has been paid on the Mortgage securing this indebtedness.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Deborah E. Focht_ _____ (Seal)          _____ (Seal)
DEBORAH E. FOCHT                     Borrower                                      Borrower

_____ (Seal)          _____ (Seal)
                         Borrower                                      Borrower

_____ (Seal)          _____ (Seal)
                         Borrower                                      Borrower

[SIGN ORIGINAL ONLY]

Exhibit "Adjustable Rate Note" 3 - 4

.7

PAY TO THE ORDER OF

WITHOUT RECOURSE
BNC MORTGAGE INC

JAMIE LANGFORD
VICE PRESIDENT

Exhibit "Adjustable Rate Note" 4 - 4

# Exhibit "H"

Exhibit "Truth Rate"

**TRUTH-IN-LENDING DISCLOSURE STATEMENT**
**(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)**

CREDITOR:
BNC MORTGAGE, INC.                    Preliminary [ ]  Final [X]
P.O. BOX 19656                        DATE: 10/17/2002
IRVINE, CA 92623-9656                 LOAN NO.: ANA1346FOCH
                                      Type of Loan: 2 YEAR FIXED 1/7
BORROWERS:DEBORAH E. FOCHT

ADDRESS: 2655 BAY STREET
CITY/STATE/ZIP: SARASOTA, FL. 34237
PROPERTY: 530 LAUREL ROAD NOKOMIS FL. 34275

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 8.409 % | $ 188,538.06 | $ 104,734.18 | $ 293,272.24 |

**PAYMENT SCHEDULE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING monthly | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING monthly |
|---|---|---|---|---|---|
| 335 | $690.56 | 12/01/2004 | 1 | $812.90 | 11/01/2032 |
| 24 | $823.54 | 12/01/2004 | | | |

**DEMAND FEATURE:** [X] This loan does not have a Demand Feature. [ ] This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:**
[ ] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

**SECURITY:** You are giving a security interest in the property located at: 530 LAUREL ROAD NOKOMIS FL. 34275

**ASSUMPTION:** Someone buying this property [X] cannot assume the remaining balance due under original mortgage terms
may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $ 70.00

**PROPERTY INSURANCE:** Property hazard insurance in the amount of $ 0.00      with a mortgagee clause to the lender
is a required condition of this loan. Borrower may purchase this insurance from any insurance company acceptable to the lender.
Hazard insurance      is [X] is not available through the lender at an estimated cost of $0.00      for a            year term.

**LATE CHARGES:** If your payment is more than 10      days late, you will be charged a late charge of 6.000            % of the
overdue payment.

**PREPAYMENT:** If you pay off your loan early, you
may [X] will not      have to pay a penalty.
may [X] will not      be entitled to a refund of part of the finance charge.

See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date,
and prepayment refunds and penalties.
o means estimate

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_____  10-18-02          _____
DEBORAH E. FOCHT          DATE                BORROWER/DATE

_____  _____
BORROWER/DATE            BORROWER/DATE

_____  _____
BORROWER/DATE            BORROWER/DATE

Page 1 of 2                VMP MORTGAGE FORMS - (800)521-7291            4/00

VMP-788 (0004)

© 2000 CBF Systems, Inc. The contents of this form in whole or in part are protected under the copyright laws of the United States.

# Exhibit "I"

August 4, 2008


BNC Mortgage, Inc.
P.O. Box 19656
Irvine, CA 92623-9656

BNC Mortgage, Inc.
1901 Main Street
Irvine, CA 92614

Mortgage Electronics Registration Systems Inc., (MERS)
P.O. Box 2026
Flint, MI 48501-2026

Select Portfolio Servicing, Inc.
P.O. Box 65250 / Mail code 1000
Salt Lake City, Utah 84165-0250

Re: BNC Mortgage, Inc., Original Loan # ANA7346FOCH
     Select Portfolio Servicing (a.k.a. Fairbanks Capital) Loan # 12720137

Dear Sir or Madam:


Please accept this letter of **NOTICES** and **DEMANDS**, on behalf of a mortgage loan contract (#
ANA7346FOCH), dated October 4, 17 and/or 18, 2002, for the property recorded on October 23,
2002, under Official Instrument # 2002175528, OF THE PUBLIC RECORDS OF SARASOTA
COUNTY, FLORIDA, listing "Exhibit "A"" (see attached Exhibit).

You are hereby notified of the following:

**I HEREWITH DEMAND CANCELLATION OF THIS INVALID MORTGAGE LOAN
CONTRACT,** which was signed, under DURESS, with no MEETING OF THE MINDS or any
CONSIDERATION realized, created by original maker, **BNC MORTGAGE, INC.,** but VOID
due to unknown and deceptive DUPLICATE TERM RATES, and recording a materially
defective mortgage, consisting of several dates and violations found under the Truth In Lending
Act (TILA), Regulation Z, the Consumer Protection Act, the Homeowner's Equity Protection
Act (HOEPA), the Florida Deceptive and Unfair Trade Practices Act (FUTPA), along with many
other law violations.

A parallel case of a class action suit was explained and ruled by the U.S. District Court under
Case No. 05C0454 in *Andrews v. Chevy Chase Bank, FSB*, citing the Truth in Lending Act
("TILA"), 15 U.S.C. 1601 et seq., and a number of respects, exhibiting conflicting Adjustable
Rate Rider ("ARR") and a deficient Truth in Lending Disclosure Statement ("TILDS"), which
determined a right of rescission relief of a TILA plaintiff and of attorneys' fees and costs under
section 1635. 15 U.S.C. § 1640(3).


1


Exhibit "Rescission Letter" 1 - 3

Relief from contract law violations can be found under Florida Statute § 672.302(1), (2), and as seen in cases *Pendleton v. Witcoski*, 836 So. 2d 1025; (Florida 1st DCA 2002); *Leo v. MacLeod*, 752 So. 2d 627 (Florida 2nd DCA 1999); the Florida Supreme Court, in *David v. Richman*, 528 So.2d 25, 27, and under the Constitution of the State of Florida, Article I, Section 2.

**I HEREBY GIVE NOTICE OF A COUNTERCLAIM** against "WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE HOLDERS OF STRUCTURED ASSET SECURITIES CORPORATION – AMORTIZING RESIDENTIAL COLLATERAL TRUST MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2002-BC10", and SELECT PORTFOLIO SERVICING, INC.** (a.ka. FAIRBANKS CAPITAL) (under loan # 0003999042), and any **REPRESENTATIVES** involved, due to the foreclosure prosecution that was filed on January 15, 2008, under Case #: 2008 CA 000791 SC, in Sarasota South County, Civil Circuit Court # 11, R. L. Administration Center, 4100 S. Tamiami Trail, Venice, FL 34293.

**I HEREBY DEMAND A FULL SATISFACTION** of the MORTGAGE AND NOTE, **REIMBURSEMENT** OF ALL FUNDS I have paid on this loan, plus any other damages, and I give **NOTICE** to CEASE and DESIST all calls and claims to collect on this DISHONORED Note, and that any further attempts to enforce this UNCONSCIONABLE mortgage lien will constitute aiding and abetting, and in violation pursuant to Florida Statutes § 501.201, Florida's Organized Fraud § 817.034(f) and Florida Rico Act § 895.01-895.06.

Please also consider this as a **NOTICE** of filing A LIS PENDENS, with the intent to **QUIET TITLE**, pursuant to Florida Statutes 65.031 and § 65.061.

Please forward this notice to any affiliate that I am unaware of that has any interest in this case, as liability extends to an assignee, therefore, any claims should be filed against any new purchaser naming itself as owner of the promissory note sold by BNC MORTGAGE, INC, ET AL, which may have filed and recorded a petition within a United States Bankruptcy District Court.

Please send a certified response within 30 days as to what your intentions are regarding each of the notices and demands listed above, including any updated address and contact information needed, in order to prevent unnecessary costs.

Sincerely,

Deborah E. Focht
530 E. Laurel Avenue
Nokomis, Florida 34275
(941) 350- 0561

2

Exhibit "Rescission Letter" 2 - 3

cc:    Select Portfolio Servicing, LP
       Attn: Legal Dept
       P.O. Box 551170
       Jacksonville, FL 32255

       Albertelli Law
       Andrew L. Fivecoat, Esq.
       777 South Harbour Island Blvd.
       Suite 940
       Tampa, FL  33602

3

Exhibit "Rescission Letter" 3 - 3