WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard L. Levine
Jacqueline Marcus
Robert J. Lemons

*Attorneys for Lehman Brothers Holdings Inc.
and Lehman Brothers Financial Products Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP) |
| LEHMAN BROTHERS FINANCIAL PRODUCTS INC.,<br>Plaintiff,<br>-against-<br>THE BANK OF NEW YORK MELLON TRUST CO., NATIONAL ASSOCIATION, as Trustee, LIBERTY SQUARE CDO I, CORP., LIBERTY SQUARE CDO I, LTD., LIBERTY SQUARE CDO II, LTD., and LIBERTY SQUARE CDO II, CORP., as Issuers,<br>Defendants. | Adversary Proceeding<br>No. 10-03544 (JMP) |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION, as Indenture Trustee,<br>Counterclaimant,<br>- against -<br>LEHMAN BROTHERS FINANCIAL PRODUCTS INC., LIBERTY SQUARE CDO I, CORP., LIBERTY SQUARE CDO I, LIMITED, LIBERTY SQUARE CDO II, LIMITED, LIBERTY SQUARE CDO II, CORP.,<br>Counterclaim and Crossclaim Defendants, | |

- and-

CEDE & CO., as nominee of THE DEPOSITORY
TRUST COMPANY, as the holder of certain notes,

                Additional Crossclaim Defendants.

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746
REGARDING MOTION PURSUANT TO SECTION 105(a) OF THE
BANKRUPTCY CODE FOR APPROVAL OF THE TERMINATION
AGREEMENT BY AND AMONG LEHMAN BROTHERS HOLDINGS
INC., LEHMAN BROTHERS FINANCIAL PRODUCTS INC., LIBERTY
SQUARE CDO I, LIMITED, LIBERTY SQUARE CDO I, CORP.,
LIBERTY SQUARE CDO II, LIMITED, AND LIBERTY SQUARE CDO II, CORP.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

       Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures (ECF No. 9635) (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

       1.     On March 13, 2013, Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* (the "Plan"), filed with this Court a *Motion Pursuant to Section 105(a) of the Bankruptcy Code for Approval of the Termination Agreement by and Among Lehman Brothers Holdings Inc., Lehman Brothers Financial Products Inc., Liberty Square CDO I, Limited, Liberty Square CDO I, Corp., Liberty Square CDO II, Limited, and Liberty Square CDO II, Corp.* (the "Motion") (ECF No. 35908).

       2.     In accordance with the Second Amended Case Management Order, March 21, 2013 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to

2

object or file responses to the Motion (the "Objection Deadline"). The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motion has been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motion been served on the Plan Administrator's counsel.

4. Accordingly, for the reasons set forth in the Motion, the Plan Administrator respectfully request that the proposed Order annexed hereto as Exhibit A and unmodified since the filing of the Motion, be entered in accordance with the procedures described in the Second Amended Case Management Order.

5. I declare that the foregoing is true and correct.

Dated: March 26, 2013
New York, New York

/s/ Robert J. Lemons
Richard L. Levine
Jacqueline Marcus
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Lehman Brothers Financial Products Inc.*

3

**EXHIBIT A**
**(Proposed Order – ECF No. 35908)**

US_ACTIVE:\44196075\1\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*<br>　　　　　　　　　　　　　　　　Debtors. | Chapter 11<br>Case No. 08-13555 (JMP) |
| LEHMAN BROTHERS FINANCIAL PRODUCTS INC.,<br>　　　　　　　　　　　　　　　　Plaintiff,<br>-against-<br>THE BANK OF NEW YORK MELLON TRUST CO., NATIONAL ASSOCIATION, as Trustee, LIBERTY SQUARE CDO I, CORP., LIBERTY SQUARE CDO I, LTD., LIBERTY SQUARE CDO II, LTD., and LIBERTY SQUARE CDO II, CORP., as Issuers,<br>　　　　　　　　　　　　　　　　Defendants. | Adversary Proceeding<br>No. 10-03544 (JMP) |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION, as Indenture Trustee,<br>　　　　　　　　　　　　　　　Counterclaimant,<br>- against -<br>LEHMAN BROTHERS FINANCIAL PRODUCTS INC., LIBERTY SQUARE CDO I, CORP., LIBERTY SQUARE CDO I, LIMITED, LIBERTY SQUARE CDO II, LIMITED, LIBERTY SQUARE CDO II, CORP.,<br>　　　　Counterclaim and Crossclaim Defendants,<br>　　　　　　　　　　- and-<br>CEDE & CO., as nominee of THE DEPOSITORY TRUST COMPANY, as the holder of certain notes,<br>　　　　　　Additional Crossclaim Defendants. | |

**ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE APPROVING THE TERMINATION AGREEMENT BY AND AMONG LEHMAN BROTHERS HOLDINGS INC., LEHMAN BROTHERS FINANCIAL PRODUCTS INC., LIBERTY SQUARE CDO I, LIMITED, LIBERTY SQUARE CDO I, CORP., <u>LIBERTY SQUARE CDO II, LIMITED, AND LIBERTY SQUARE CDO II, CORP.</u>**

Upon the motion, dated March 13, 2013 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator") as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, on behalf of LBHI and Lehman Brothers Financial Products Inc. ("LBFP"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") for approval of the Termination Agreement by and among LBFP, LBHI, Liberty Square CDO I, Limited, Liberty Square CDO I, Corp., Liberty Square CDO II, Limited, and Liberty Square CDO II, Corp. (the Liberty Square entities, collectively, the "Issuers"), relating to certain derivatives transactions, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the U.S. Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the attorneys for the Issuers; (vi) the attorneys for the Trustee; (vii) the attorneys for the Creditors' Committee; (viii) the attorneys for Cede; and (ix) all parties who have requested notice in the Chapter 11 Cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the relief sought in the Motion is in the best interests of LBHI, LBFP, their respective estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code, the Termination Agreement is approved, provided that the Plan Administrator shall not be authorized to perform under the Termination Agreement unless it files a certification (the "Certification") on the docket in LBHI's Chapter 11 Case and the Adversary Proceeding upon the expiration of the Interpleader Deadline, declaring that no Contesting Party, other than a Party, has appeared and asserted a claim, before the expiration of the Interpleader Deadline, to the Disputed Funds, or a right to the Disputed Funds under the Issuer Transaction Documents for either of the Issuers, or stated any objection to the Termination Agreement; and it is further

ORDERED that, upon the Plan Administrator's filing of the Certification, the Trustee is authorized to and shall distribute the Disputed Funds in accordance with and pursuant to the terms set forth in the Termination Agreement; and it is further

ORDERED that, upon the Plan Administrator's filing of the Certification, the Interpleader Action shall be deemed resolved; and it is further

ORDERED that, in the event that the Plan Administrator fails to file the Certification upon the expiration of the Interpleader Deadline, this Court's approval of the Termination Agreement shall be deemed ineffective, and each of the Parties' respective rights, remedies and defenses with respect to the Termination Agreement and the ISDA Master

Agreements shall be restored without prejudice as if this Order had never been entered; and it is further

ORDERED that, subject to compliance with the terms of this Order, the Parties are authorized to complete and deliver all instruments and documents and take all other actions as may be necessary or appropriate to execute, implement, consummate and effectuate the Termination Agreement; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
        March __, 2013

_____
UNITED STATES BANKRUPTCY JUDGE