WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER**
**28 U.S.C. § 1746 REGARDING OMNIBUS CLAIMS**
<u>**OBJECTIONS SCHEDULED FOR HEARING ON MARCH 28, 2013**</u>

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

                Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Amended Order Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [ECF No. 9635] (the "<u>Second Amended Case Management</u>

<u>Order</u>"), the undersigned hereby certifies as follows:

                1.     Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"<u>Debtors</u>"), or LBHI as Plan Administrator under the Modified Third Amended Joint Chapter 11

Plan of LBHI and its Affiliated Debtors (the "<u>Plan Administrator</u>"), filed the following motions

and omnibus claims objections (collectively, the "Claims Objections") with the Court for hearing

on or before March 28, 2013:

    (a)   Debtors' One Hundred Eighty-Second Omnibus Objection to Claims (Valued Derivative Claims) **[ECF No. 19398]**

    (b)   Three Hundred Ninety-Fourth Omnibus Objection to Claims (Valued Derivative Claims) **[ECF No. 34728]**

    (c)   Three Hundred Ninety-Fifth Omnibus Objection to Claims (Duplicative Claims) **[ECF No. 34729]**

    (d)   Three Hundred Ninety-Sixth Omnibus Objection to Claims (Warrant Claims) **[ECF No. 34730]**

    (e)   Three Hundred Ninety-Seventh Omnibus Objection to Claims (No Liability Claims) **[ECF No. 34731]**

    (f)   Three Hundred Ninety-Ninth Omnibus Objection to Claims (Duplicative LPS Claims) **[ECF No. 34733]**

       2.      In accordance with the Second Amended Case Management Order, the

Debtors, or the Plan Administrator, as applicable, established deadlines (the "Response

Deadline") for each Claim Objection for parties to object or file responses.  The Response

Deadlines have been extended for certain creditors from time to time.  The Second Amended

Case Management Order provides that pleadings may be granted without a hearing, provided that

no objections or other responsive pleadings have been filed on or prior to the relevant response

deadline and the attorney for the entity who filed the pleading complies with the relevant

procedural and notice requirements.

       3.      The Response Deadlines have now passed and, to the best of my

knowledge, no responsive pleadings to the Claims Objections have been (a) filed with the Court

on the docket of the above-referenced cases in accordance with the procedures set forth in the

Second Amended Case Management Order, or (b) served on counsel to the Debtors or the Plan

Administrator by any of the holders of the claims included on Exhibit 1 to any of the Orders attached hereto, which include only the proofs of claim for which the Claims Objection will be granted.  Responses to certain of the Claims Objections were filed on the docket, or served on the Debtors or the Plan Administrator, by holders of certain proofs of claim included on the Claims Objections.  The hearing on the Claims Objections as to any proof of claim for which a response was either filed on the docket or received by the Debtors or the Plan Administrator, and which response has not been resolved, has been adjourned to a future date.

4.    Accordingly, the Debtors and the Plan Administrator respectfully request that the proposed orders granting the Claims Objections annexed hereto as Exhibits A through F, which, except for the inclusion of additional language to indicate that such order is supplemental to a previously entered order for a Claim Objection or to reference the inclusion of separate exhibits attached to the proposed orders for proofs of claim for which the Claims Objection is granted, adjourned or withdrawn, are unmodified since the filing of the Claims Objections, be entered in accordance with the procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: March 27, 2013
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

**EXHIBIT A**
**(Proposed Order – ECF No. 19398)**

US_ACTIVE:\44226729\1\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                       :        Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :        08-13555 (JMP)
                                                            :
                              Debtors.                :        (Jointly Administered)
------------------------------------------------------------------x

### THIRD SUPPLEMENTAL ORDER GRANTING
### DEBTORS' ONE HUNDRED EIGHTY-SECOND OMNIBUS
### OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the one hundred eighty-second omnibus objection to claims, dated August

19, 2011 (the "One Hundred Eighty-Second Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title

11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to reduce,

reclassify (in certain instances), and allow the Valued Derivative Claims on the basis that the

amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values

determined by the Debtors after a review of the claimants' supporting documentation and the

Debtors' books and records, and that the classifications (in certain instances) are improperly

identified as secured, administrative expenses or priority claims on claimants' proofs of claim,

all as more fully described in the One Hundred Eighty-Second Omnibus Objection to Claims;

and due and proper notice of the One Hundred Eighty-Second Omnibus Objection to Claims

---

[1]      Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Debtors' One Hundred Eighty-Second Omnibus Objection to Claims.

having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii)

the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

States Attorney for the Southern District of New York; (vi) the claimants listed on <u>Exhibit A</u>

attached to the One Hundred Eighty-Second Omnibus Objection to Claims; and (vii) all other

parties entitled to notice in accordance with the procedures set forth in the second amended order

entered on June 17, 2010 governing case management and administrative procedures for these

cases [Docket No. 9653]; and it appearing that no other or further notice need be provided; and

the Court having found and determined that the relief sought in the One Hundred Eighty-Second

Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and

all parties in interest and that the legal and factual bases set forth in the One Hundred Eighty-

Second Omnibus Objection to Claims establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the One Hundred Eighty-Second Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on <u>Exhibit 1</u> annexed hereto

is hereby modified and allowed in the amount set forth on <u>Exhibit 1</u> under the column heading

"Modified Amount" and any asserted amount in excess of the modified amount are disallowed;

and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on <u>Exhibit A</u> to the One Hundred Eighty-

Second Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2013
        New York, New York

_____

UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

US_ACTIVE:\44226729\1\58399.0011

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 182: EXHIBIT 1 – VALUED DERIVATIVES CLAIM**

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|------|---------|------------|--------|-------|--------|--------|-------|--------|
| 1 | STEVEN G. HOLDER LIVING TRUST C/O ROBERT D. ALBERGOTTI HAYNES & BOONE LLP 2323 VICTORY AVENUE, SUITE 700 DALLAS, TX 75219 | 16482 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $2,287,433.00* | Lehman Brothers Special Financing Inc. | Unsecured | $2,000,000.00 |
| | | | | | **TOTAL** | **$2,287,433.00** | | **TOTAL** | **$2,000,000.00** |

**EXHIBIT B**
**(Proposed Order – ECF No. 34728)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                    :    **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :    **08-13555 (JMP)**
                                                         :
                             **Debtors.**               :    **(Jointly Administered)**
------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED NINETY-FOURTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the Three Hundred Ninety-Fourth omnibus objection to claims, dated

February 15, 2013 (the "Three Hundred Ninety-Fourth Omnibus Objection to Claims"),[2] of

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"),

seeking to reduce, reclassify (in certain instances), and allow the Valued Derivative Claims on

the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and

reasonable values determined by the Debtors after a review of the claimants' supporting

documentation and the Debtors' books and records, and that the classifications (in certain

instances) are improperly identified as secured, administrative expenses or priority claims on

claimants' proofs of claim, all as more fully described in the Three Hundred Ninety-Fourth

Omnibus Objection to Claims; and due and proper notice of the Three Hundred Ninety-Fourth

Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for

---

[2]        Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Three Hundred Ninety-Fourth Omnibus Objection to Claims.

the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal

Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the

claimants listed on Exhibit A attached to the Three Hundred Ninety-Fourth Omnibus Objection

to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth

in the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [Docket No. 9653]; and it appearing that no other or

further notice need be provided; and the Court having found and determined that the relief

sought in the Three Hundred Ninety-Fourth Omnibus Objection to Claims is in the best interests

of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual

bases set forth in the Three Hundred Ninety-Fourth Omnibus Objection to Claims establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefore, it is

ORDERED that the relief requested in the Three Hundred Ninety-Fourth

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1 annexed hereto

is hereby modified and allowed in the amount set forth on Exhibit 1 under the column heading

"Modified Amount" and any asserted amount in excess of the modified amount are disallowed;

and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A to the Three Hundred Ninety-

Fourth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

US_ACTIVE:\44226729\1\58399.0011

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 394: EXHIBIT 1 - VALUED DERIVATIVE CLAIMS**

| | NAME | CLAIM # | FILED DATE | DEBTOR NAME | MODIFIED DEBTOR NAME | AMOUNTS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 1 | BANCA ALETTI & C. S.P.A. | 12489 | 9/14/09 | Lehman Brothers Holdings Inc. | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | | $5,864,354.45 | | $5,864,354.45 * |
| | | | | **CLAIM AS MODIFIED** | | | | | **$1,282,638.41** | | **$1,282,638.41** |
| 2 | BANCA ALETTI & C. S.P.A. | 12490 | 9/14/09 | Lehman Brothers Special Financing Inc. | Lehman Brothers Special Financing Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | | $5,864,354.45 | | $5,864,354.45 * |
| | | | | **CLAIM AS MODIFIED** | | | | | **$1,282,638.41** | | **$1,282,638.41** |
| | | | | TOTAL ASSERTED | | $0.00 | $0.00 | $0.00 | $11,728,708.90 | $0.00 | $11,728,708.90 |
| | | | | TOTAL NOT SUBJECT TO OBJECTION | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | TOTAL SUBJECT TO OBJECTION | | 0.00 | 0.00 | 0.00 | 11,728,708.90 | 0.00 | 11,728,708.90 |
| | | | | **TOTAL CLAIM AS MODIFIED** | | **$0.00** | **$0.00** | **$0.00** | **$2,565,276.82** | **$0.00** | **$2,565,276.82** |

**EXHIBIT C**
**(Proposed Order – ECF No. 34729)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
In re                                              :        Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :        08-13555 (JMP)
                                                   :
                          Debtors.                 :        (Jointly Administered)
-----------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED NINETY-FIFTH
## OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)

Upon the three hundred ninety-fifth omnibus objection to claims, dated February

15, 2013 (the "Three Hundred Ninety-Fifth Omnibus Objection to Claims"),[3] of Lehman

Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors, in accordance with section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 6664], seeking disallowance and expungement of the duplicative claims on the

grounds that such claims are duplicative of the corresponding surviving claims, either exactly or

in substance, all as more fully described in the Three Hundred Ninety-Fifth Omnibus Objection

to Claims; and due and proper notice of the Three Hundred Ninety-Fifth Omnibus Objection to

Claims having been provided, and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Three Hundred Ninety-

Fifth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their

creditors, and all parties in interest and that the legal and factual bases set forth in the Three

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Three Hundred Ninety-Fifth Omnibus Objection to Claims.

Hundred Ninety-Fifth Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Ninety-Fifth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "Duplicative Claims") are disallowed and expunged in their entirety with

prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading

"*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register

subject to the Plan Administrator's right to object as set forth herein; and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Duplicative Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that all information included on and all documentation filed in

support of any Duplicative Claims, including, but not limited to, derivative and guarantee

questionnaires and supporting documentation, shall be treated as having been filed in support of

the corresponding Surviving Claims; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the

Duplicative Claims constitutes any admission or finding with respect to any of the Surviving

Claims, and the Plan Administrator's rights to object to the Surviving Claims on any basis are

preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three

Hundred Ninety-Fifth Omnibus Objection to Claims under the heading "*Claims to be Disallowed

and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) any Surviving Claim;

*provided, however*, that if the Court subsequently orders that a Surviving Claim is not

appropriately duplicative of the corresponding Duplicative Claim, then the claims agent shall be

authorized and directed to immediately reinstate such Duplicative Claim in these chapter 11

cases (the "Reinstated Claim"), and the rights of all interested parties with respect to the

Reinstated Claim shall be expressly reserved; and it is further

       ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2013
     New York, New York

                               _____
                               UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

US_ACTIVE:\44226729\1\58399.0011

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 395: EXHIBIT 1 – DUPLICATIVE CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | BANK OF NEW YORK MELLON TRUST COMPANY, NA, THE | 10/14/2011 | 08-13555 (JMP) | 67691 | $139,349,138.58* | GOLDEN STATE TOBACCO SECURITIZATION CORPORATION | 10/12/2011 | 08-13555 (JMP) | 67686 | $139,349,138.58* |
| 2 | BANK OF NEW YORK MELLON TRUST COMPANY, NA, THE | 10/14/2011 | 08-13888 (JMP) | 67692 | $139,349,138.58* | GOLDEN STATE TOBACCO SECURITIZATION CORPORATION | 10/12/2011 | 08-13888 (JMP) | 67687 | $139,349,138.58* |
| 3 | BANK OF NEW YORK MELLON TRUST COMPANY, NA, THE | 10/14/2011 | 08-13555 (JMP) | 67693 | $49,272,660.68* | GOLDEN STATE TOBACCO SECURITIZATION CORPORATION | 10/12/2011 | 08-13555 (JMP) | 67685 | $49,272,660.68* |
| 4 | BANK OF NEW YORK MELLON TRUST COMPANY, NA, THE | 10/14/2011 | 08-13888 (JMP) | 67694 | $49,272,660.68* | GOLDEN STATE TOBACCO SECURITIZATION CORPORATION | 10/12/2011 | 08-13888 (JMP) | 67684 | $49,272,660.68* |
| | | | | TOTAL | $377,243,598.52 | | | | | |

**EXHIBIT D**
**(Proposed Order – ECF No. 34730)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :        **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**
                                                         :
                              **Debtors.**               :        **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING THE THREE HUNDRED NINETY-SIXTH OMNIBUS OBJECTION TO CLAIMS (WARRANT CLAIMS)

Upon the three hundred ninety-sixth omnibus objection to claims, dated February 15, 2013 (the "Three Hundred Ninety-Sixth Omnibus Objection to Claims"),[4] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking to (i) reassign the LOTC Warrant Claims such that the claims are asserted against LBHI and (ii) reduce the Reassigned Warrant Claims and the LBHI Warrant Claims and allow such claims against LBHI on the basis that the amounts listed on the relevant proofs of claim are greater than the fair, accurate, and reasonable values determined by the Plan Administrator after a review of the claimants' supporting documentation and LBHI's books and records, all as more fully described in the Three Hundred Ninety-Sixth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Ninety-Sixth Omnibus Objection to Claims having been provided; and it appearing that no other or further

---

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Ninety-Sixth Omnibus Objection to Claims.

notice need be provided; and the Court having found and determined that the relief sought in the

Three Hundred Ninety-Sixth Omnibus Objection to Claims is in the best interests of the Chapter

11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth

in the Three Hundred Ninety-Sixth Omnibus Objection to Claims establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Ninety-Sixth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each of the LOTC Warrant Claims listed on Exhibit 1 annexed

hereto is hereby reassigned to be a claim asserted against LBHI; and it is further

ORDERED that, as to LOTC, each of the LOTC Warrant Claims listed on

Exhibit 1 annexed hereto is hereby disallowed and expunged in its entirety; and it is further

ORDERED that Epiq Bankruptcy Solutions, LLC ("Epiq"), the court-appointed

claims and noticing agent in these cases, is authorized and directed to enter the Reassigned

Warrant Claims into, and delete the LOTC Warrant Claims from, the official claims registry; and

it is further

ORDERED that each of the Reassigned Warrant Claims and LBHI Warrant

Claims listed on Exhibit 1 annexed hereto is reduced and allowed in the amount set forth on

Exhibit 1 in the row labeled "*Claim as Modified*," and any asserted amount in excess of the

reduced amount are disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other affect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A to the Three Hundred Ninety-

Sixth Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and it is

further

       ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
     New York, New York

                          _____
                          UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

US_ACTIVE:\44226729\1\58399.0011

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 396: EXHIBIT 1 - INCORRECT DEBTOR AND/OR REDUCE AND ALLOW CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR NAME | MODIFIED DEBTOR NAME | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | CARTER, B. GENE | 24901 | 9/21/09 | Lehman Brothers OTC Derivatives Inc. | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | | $229,349.90 | | $229,349.90 |
| | | | | **CLAIM AS MODIFIED** | | | | | **$186,704.57** | | **$186,704.57** |
| 2 | CARTER, B. GENE | 24902 | 9/21/09 | Lehman Brothers OTC Derivatives Inc. | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | | $166,855.00 | | $166,855.00 |
| | | | | **CLAIM AS MODIFIED** | | | | | **$126,555.00** | | **$126,555.00** |
| 3 | MICIONI, PETER | 19429 | 9/18/09 | Lehman Brothers Holdings Inc. | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | | $183,307.80 | | $183,307.80 |
| | | | | **CLAIM AS MODIFIED** | | | | | **$149,223.54** | | **$149,223.54** |
| 4 | REID, WAYNE D, II | 65975 | 12/18/09 | Lehman Brothers Holdings Inc. | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | | $433,751.50 | | $433,751.50 |
| | | | | **CLAIM AS MODIFIED** | | | | | **$349,779.85** | | **$349,779.85** |
| 5 | SOBO, SCOTT AND HEIDI | 18147 | 9/18/09 | Lehman Brothers OTC Derivatives Inc. | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | | $133,484.00 | | $133,484.00 |
| | | | | **CLAIM AS MODIFIED** | | | | | **$101,244.00** | | **$101,244.00** |
| 6 | THABIT FAMILY TRUST | 24700 | 9/21/09 | Lehman Brothers OTC Derivatives Inc. | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | | $127,088.00 | | $127,088.00 |
| | | | | **CLAIM AS MODIFIED** | | | | | **$101,244.00** | | **$101,244.00** |
| 7 | THABIT FAMILY TRUST | 24701 | 9/21/09 | Lehman Brothers OTC Derivatives Inc. | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | | $91,653.90 | | $91,653.90 |
| | | | | **CLAIM AS MODIFIED** | | | | | **$74,611.77** | | **$74,611.77** |
| | | | | TOTAL ASSERTED | | $0.00 | $0.00 | $0.00 | $1,365,490.10 | $0.00 | $1,365,490.10 |
| | | | | TOTAL NOT SUBJECT TO OBJECTION | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | TOTAL SUBJECT TO OBJECTION | | 0.00 | 0.00 | 0.00 | 1,365,490.10 | 0.00 | 1,365,490.10 |
| | | | | **TOTAL CLAIM AS MODIFIED** | | **$0.00** | **$0.00** | **$0.00** | **$1,089,362.73** | **$0.00** | **$1,089,362.73** |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT E**
**(Proposed Order – ECF No. 34731)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

------------------------------------------------------------------x

### ORDER GRANTING THE THREE HUNDRED NINETY-SEVENTH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the three hundred ninety-seventh omnibus objection to claims, dated

February 15, 2013 (the "Three Hundred Ninety-Seventh Omnibus Objection to Claims"),[5] of

Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint

Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities

in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of

the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"),

seeking disallowance and expungement of the No Liability Claims to the extent that they assert

claims for which the applicable Chapter 11 Estates do not have any liability, all as more fully

described in the Three Hundred Ninety-Seventh Omnibus Objection to Claims; and due and

proper notice of the Three Hundred Ninety-Seventh Omnibus Objection to Claims having been

provided, and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the Three Hundred Ninety-Seventh Omnibus

Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all

---

[5] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Ninety-Seventh Omnibus Objection to Claims.

parties in interest and that the legal and factual bases set forth in the Three Hundred Ninety-

Seventh Omnibus Objection to Claims establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Three Hundred Ninety-Seventh

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and

expunged, with prejudice, to the extent set forth therein; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three

Hundred Ninety-Seventh Omnibus Objection to Claims that is not listed on Exhibit 1 annexed

hereto and (ii) the portion of any No Liability Claim that is not the subject of the Three Hundred

Ninety-Seventh Omnibus Objection to Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York

                          _____
                          UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 397: EXHIBIT 1 - NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | CANPARTNERS INVESTMENTS IV, LLC | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22218 | $33,712,414.55 * | $33,712,414.55 | Claim 22218 asserts a claim based on LBHI's purported guarantee of the obligations of LCPI under a participation agreement.  LBHI is not liable for this claim because (i) claimant has not provided any evidence of a relevant guarantee issued by LBHI, (ii) the Debtors' records do not reflect the existence of any such guarantee, and (iii) LBHI does not have any liability for the underlying participation agreement. |
| 2 | COMMERZBANK AG | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30102 | $1,320,321.48 * | $1,320,321.48 | Claim 30102 is based on LBHI's purported guarantee of obligations incurred by Lehman Brothers Commercial Bank (now known as Woodlands Bank) ("LBCB"), an affiliate of the Debtors that is not a Debtor in these jointly administered chapter 11 cases, under a participation agreement between LBCB and the claimant (the "Participation Agreement"). Pursuant to Schedule 2 of the Participation Agreement, LBCB had an obligation to pay the claimant an incremental amount "calculated on [claimant's] then existing commitment amount pursuant to the Participation Agreement."  In September 2008, Claimant was elevated from being a participant in the underlying credit agreement, to being a lender of record.  In connection with the elevation, LBCB assigned all of its rights and interests under the relevant credit agreement to the claimant.  Once the claimant became the lender of record under the credit agreement, the claimant no longer had a commitment under the Participation Agreement and, therefore, LBCB's monetary obligations under the Participation Agreement, including those under Schedule 2, ceased.  As such, LBHI is not liable to claimant for any purported guarantee of such extinguished obligations.  In addition, LBHI reserves all of its rights regarding the validity of the purported guarantee. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 397: EXHIBIT 1 - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 3 | DRRT FBO NORDLB KAPITALANLAGEGESELLSCHAFT AG | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 31910 | $6,576,669.08 | $6,576,669.08 | Claim 31910 is filed by a holder of ISIN XS0275106630 (the "Note"), issued by Windermere IX CMBS (Multifamily) S.A. (the "Issuer"). The claimant asserts that "Lehman Brothers" acted as the "Sole Lead Manager and Sole Bookrunner" of the Note, Lehman Brothers Special Financing Inc. ("LBSF") acted as the provider of an interest rate swap (the "Swap"), additional "Lehman Brothers organizations were actively involved with the issuance" of the Note, and that LBHI guaranteed LBSF's obligations to the Issuer under the Swap (the "Guarantee"). The claimant does not actually identify any basis of liability as to the Chapter 11 Estates. Furthermore, the claimant does not attach any documentation related to the foregoing transactions to its guarantee questionnaire. The claimant has no contractual relationship or privity with, and thus no enforceable right to payment against, the Chapter 11 Estates. The claimant is not a party to any Swap or any Guarantee in connection with the Note. Instead, to the extent the claimant has a contractual relationship or privity with, or an enforceable right to payment against, any party, that party is the Issuer and not any of the Chapter 11 Estates. Accordingly, the Chapter 11 Estates have no liability to the claimant. |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 397: EXHIBIT 1 - NO LIABILITY CLAIMS**

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 4  GASCO, CLARA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 32095 | $353,775.00 | $353,775.00 | Claim 32095 is filed by a holder of ISIN XS0149763616 (the "Racers Note"), issued by Racers Series 2002-20 (the "Issuer").  The Issuer purchased a security issued by Lehman Brothers Treasury Co. B.V. (the "LBT Note") to serve as collateral for the Racers Note.  LBHI guaranteed the performance of the LBT Note (the "Guarantee").  The claimant asserts that because the Issuer did not file a claim against LBHI for the Guarantee, the claimant may file a claim against LBHI for such guarantee.  However, the claimant has no contractual relationship or privity with, and thus no enforceable right to payment against, LBHI or any of the Chapter 11 Estates.  The claimant is not the holder or purchaser of the LBT Note.  Instead, to the extent the claimant has a contractual relationship or privity with, or an enforceable right to payment against, any party, that party is the Issuer or the trustee of the Issuer and not any of the Chapter 11 Estates.  Accordingly, the Chapter 11 Estates have no liability to the claimant. |
| 5  LLOYDS TSB BANK PLC | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/11/2009 | 11401 | $25,050,861.11 * | $25,050,861.11 | Claim 11401 asserts a claim based on LBHI's purported guarantee of the obligations of Lehman Brothers Inc., a domestic affiliate of the Debtors that is not a Debtor in these jointly administered chapter 11 cases, under a letter of credit.  LBHI is not liable for this claim because (i) claimant has not provided any evidence of a relevant guarantee issued by LBHI, (ii) the Debtors' records do not reflect the existence of any such guarantee, and (iii) LBHI does not have any liability for the underlying letter of credit. |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 397: EXHIBIT 1 - NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|------|-------------|-------------|------------|---------|------------------------------|--------------------------|----------------------------------|
| 6 | MCCARTHY, BRIAN M. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/29/2009 | 35446 | $302,000.00 | $302,000.00 | Claim 35446 asserts interests in funds that are not Debtors in these Chapter 11 Cases.  An interest in a non-Debtor partnership fund does not result in a claim against, nor a right to payment from, LBHI or any of the Chapter 11 Estates.  As such, this claim does not indicate any ground for liability of LBHI or any of the Chapter 11 Estates. |
| | | | TOTAL | | | $67,316,041.22 | $67,316,041.22 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT F**
**(Proposed Order – ECF No. 34733)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                                   :        **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**
                                                        :
                        **Debtors.**                    :        **(Jointly Administered)**
--------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED NINETY-NINTH
## OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE LPS CLAIMS)

Upon the three hundred ninety-ninth omnibus objection to claims, dated February

15, 2013 (the "Three Hundred Ninety-Ninth Omnibus Objection to Claims"),[6] of Lehman

Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors for the entities in the above-referenced chapter 11 cases (the "Chapter 11

Estates"), seeking, pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF

No. 6664] (the "Procedures Order"), to disallow and expunge the Duplicative LPS Claims on the

grounds that such claims are duplicative of the corresponding Surviving Claims, either exactly or

in substance, all as more fully described in the Three Hundred Ninety-Ninth Omnibus Objection

to Claims; and due and proper notice of the Three Hundred Ninety-Ninth Omnibus Objection to

Claims having been provided, and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Three Hundred Ninety-

Ninth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their

---

[6] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Ninety-Ninth Omnibus Objection to Claims.

creditors, and all parties in interest and that the legal and factual bases set forth in the Three

Hundred Ninety-Ninth Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Three Hundred Ninety-Ninth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on <u>Exhibit 1</u> annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "<u>Duplicative LPS Claims</u>") are disallowed and expunged in their entirety with

prejudice; and it is further

ORDERED that the claims listed on <u>Exhibit 1</u> annexed hereto under the heading

"*Surviving Claims*" (collectively, the "<u>Surviving Claims</u>") will remain on the claims register

subject to the Plan Administrator's right to object as set forth herein; and it is further

ORDERED that all information included on and all documentation filed in

support of any Duplicative LPS Claim shall be treated as having been filed in support of the

corresponding Surviving Claim; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the

Duplicative LPS Claims constitutes any admission or finding with respect to any of the

Surviving Claims, and the Plan Administrator's rights to object to the Surviving Claims on any

basis are preserved, unless the applicable Surviving Claim has previously been allowed by order

of this Court; and it is further

ORDERED that if the Court subsequently orders that a Surviving Claim is not

appropriately duplicative of the corresponding Duplicative LPS Claim, then the claims agent

shall be authorized and directed to immediately reinstate such Duplicative LPS Claim in these

chapter 11 cases (the "<u>Reinstated Claim</u>"), and the rights of all interested parties with respect to

the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to the Three

Hundred Ninety-Ninth Omnibus Objection to Claims under the heading "*Claims to be*

*Disallowed and Expunged*" that is not listed on <u>Exhibit 1</u> annexed hereto and (ii) the Surviving

Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York


                                       _____
                                       UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 399: EXHIBIT 1 – DUPLICATIVE LPS CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | MARCHAND LOPEZ, HUMBERTO G. | 02/13/2009 | 08-13555 (JMP) | 2794 | $203,600.00 | EFG BANK AG BAHNHOFSTRASSE 16 | 10/29/2009 | 08-13555 (JMP) | 55837 | $51,714,491.14 |
| 2 | MARCHAND LOPEZ, HUMBERTO G. | 02/13/2009 | 08-13555 (JMP) | 2795 | $205,900.00 | EFG BANK AG BAHNHOFSTRASSE 16 | 10/29/2009 | 08-13555 (JMP) | 55837 | $51,714,491.14 |
| 3 | REASEGUROS CREDITO Y CAUCION, S.A.U. | 04/28/2009 | 08-13555 (JMP) | 4002[1] | Undetermined | UBS AG | 10/28/2009 | 08-13555 (JMP) | 50309 | $11,925,317.21* |
| | | | | TOTAL | $409,500.00 | | | | | |

[1] Claim 4002 is being expunged with respect to its asserted claim, in an undetermined amount, for the securities with International Securities Identification Numbers XS0216921741, XS0218304458, XS0232364868 and XS0213416141.  The remaining portion of Claim 4002 was previously expunged on the *Order Granting Debtors' One Hundred Sixty-Fourth Omnibus Objection to Claims (Duplicative Claims)* [ECF No. 19526].