# United States Bankruptcy Court
## Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>    Case No. <u>08-13555 (JMP) (Jointly Administered)</u>

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P. of the transfers, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| <u>Värde Credit Partners Master, L.P.</u><br>Name of Transferee | <u>Chenavari Financial Advisors Ltd.</u><br>Name of Transferor |
| Name and Address where notices to transferee should be sent:<br><br>Värde Credit Partners Master, L.P.<br>8500 Normandale Lake Boulevard<br>Suite 1570<br>Minneapolis, MN 55437<br>Attn: Edwina P.J. Steffer<br>E-mail: <u>esteffer@varde.com</u> | Court Claim No. 55837<br><br>Amount of Claim Transferred: $78,191.33 (with respect to ISIN XS0338492571), plus all accrued interest, fees and other recoveries due thereon.<br><br>Date Claim Filed: October 29, 2009 |
| Last Four Digits of Acct. #: _____ | Phone:<br>Last Four Digits of Acct. #: _____ |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**VÄRDE CREDIT PARTNERS MASTER, L.P.**
By: Värde Credit Partners G.P., LLC, Its General Partner
By: Värde Partners, L.P., Its Managing Member
By: Värde Partners, Inc., Its General Partner

By: _/s/ Brad P. Bauer_    **Brad P. Bauer**    Date: _March 22, 2013_
Transferee/Transferee's Agent    **Principal**

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

119-1481/CERTS/3751597.1

# United States Bankruptcy Court
## Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>　　　Case No. <u>08-13555 (JMP) (Jointly Administered)</u>

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

Claim No. 55837 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the Clerk's office of this court on　　　.

| Chenavari Financial Advisors Ltd. | Värde Credit Partners Master, L.P. |
|---|---|
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| 14 Grosvenor Crescent<br>London SW1X 7EE<br>UNITED KINGDOM | Värde Credit Partners Master, L.P.<br>8500 Normandale Lake Boulevard<br>Suite 1570<br>Minneapolis, MN 55437<br>Attn: Edwina P.J. Steffer<br>E-mail: *esteffer@varde.com* |
|  |  |

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
|---|

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____            _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CLERK OF THE COURT

119-1481/CERTS/3751597.1

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Chenavari Financial Advisors Ltd** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Varde Credit Partners Master, L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **55837** filed by or on behalf of **EFG Bank AG** ("Prior Seller") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No, 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m, (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) the Prior Seller has represented and warranted to Seller that on or about April 17, 2012, the Prior Seller received the first distribution relating to the Transferred Claims totaling the amount of **$2,822.10** (the "First Distribution"), and on or about October 1, 2012, the Prior Seller received the second distribution relating to the Transferred Claims totaling the amount of **$1,904.41** (the "Second Distribution") and that other than the First Distribution and Second Distribution, neither the Prior Seller, nor any third party on its behalf, has received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims; (h) Neither the Seller, nor any third party on its behalf, has received any payments whether directly or indirectly in respect of the Transferred Claims; (i) assuming the truth and accuracy of the representations and warranties made by the prior seller, the Revised Notice of Proposed Allowed Claim Amount for the Proof of Claim ("Notice") dated December 22, 2011 (which Seller provided to Purchaser) is true and correct, and Seller did not file, and nor is aware that the Prior Seller filed, a written response to the Notice per the terms of the Notice.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer

pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

        4.        All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from Seller's breach of its representations, warranties, covenants and agreements made herein.

        5.        Seller shall promptly (but in any event on no later than the third (3rd) business day) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

        6.        Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any prior seller to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

        7.        Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

        8.        The parties acknowledge that settlement shall be made on delivery of the Transferred Claim and the Securities versus payment basis through Euroclear or Clearstream. For the avoidance of doubt, the parties acknowledge and agree that the transfer contemplated hereby shall not occur unless and until the Purchaser shall have paid the purchase price in full.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 22rd day of March, 2013.

(SELLER)
CHENAVARI FINANCIAL ADVISORS LTD

By: *[signature]*
Name: *[handwritten]*
Title: *[handwritten]*

14 Grosvenor Crescent
London SW1X 7EE
UNITED KINGDOM

(PURCHASER)
VARDE CREDIT PARTNERS MASTER, L.P.
By: Varde Credit Partners G.P., LLC, Its General Partner
By: Varde Partners, L.P., Its Managing Member
By: Varde Partners, Inc., Its General Partner

By:_____
Name:_____
Title:_____

3

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 22nd day of March, 2013.

**(SELLER)**
**CHENAVARI FINANCIAL ADVISORS LTD**

By:_____
Name:_____
Title:_____

14 Grosvenor Crescent
London SW1X 7EE
UNITED KINGDOM

**(PURCHASER)**
**VARDE CREDIT PARTNERS MASTER, L.P.**
By: Varde Credit Partners G.P., LLC, Its General Partner
By: Varde Partners, L.P., Its Managing Member
By: Varde Partners, Inc., Its General Partner

By:_____
Name: **Brad P. Bauer**
Title: **Principal**

3

# SCHEDULE 1

## Transferred Claims

Purchased Claim

**0.581316%** of Proof of Claim **55837** which is the equivalent to US$ **334,770.04** of US$ **57,588,321 (CHF300,000** being **14.33349%** of the outstanding amount of ISIN/CUSIP **XS0338492571** as described in the Proof of Claim as of 15th day of March 2013), together with interest, fees, expenses and other recoveries due.

Pursuant to the Notice of Proposed Allowed Claim Amount dated December 22, 2011, the proposed allowed amount for **CHF300,000** of ISIN **XS0338492571** equals US$ **US$78,191.33**.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Coupon | Maturity | Notional Amount (CHF / USD) | Allowed Amount of Claim Transferred Hereunder (USD) |
|---|---|---|---|---|---|---|---|
| Issue of CHF2,443,000 of Certificates on a Basket of Shares due January 2009 | XS0338492571 | Lehman Brothers Securities N.V. | Lehman Brothers Holdings Inc. | Fixed-Rate Coupon | January 5, 2009 | CHF300,000 / USD334,770.04 | USD 78,191.33 |

4