UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
:
:
:
IN RE LEHMAN BROTHERS HOLDINGS, INC., :          MEMORANDUM DECISION AND
et al.                                :                    ORDER
:
        Debtors.                      :          12 Civ. 5621 (GBD)
:
:
:
------------------------------------- X

GEORGE B. DANIELS, District Judge:

    Beginning in September of 2008, Lehman Brothers Holdings, Inc. and several of its affiliates (collectively, the "Debtors") commenced proceedings under United States Code Chapter 11, Title 11, in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"). Pro se appellant William Kuntz III filed five proofs of claim, alleging that funds in which he had an interest were diverted to a Lehman Brothers subsidiary in connection with a prior unrelated bankruptcy case. Debtors filed an objection seeking to expunge Kuntz's proofs of claim. Bankruptcy Court ECF No. 11351. Both Kuntz and the Debtors appeared and argued at a hearing held on this matter on October 27, 2010. On November 10, 2010, the Bankruptcy Court issued an order expunging Kuntz's claims ("Claims Order"). Bankruptcy Court ECF No. 12662. On November 16, 2010, Kuntz filed a notice of appeal of the Claims Order ("Claims Appeal") to the United States District Court for the Southern District of New York ("District Court"). Bankruptcy Court ECF No. 12876. The District Court entered an order on January 25, 2011, dismissing the Claims Appeal.

    On November 7, 2011, Kuntz filed a motion in the Bankruptcy Court seeking to vacate or modify the Bankruptcy Court's November 10, 2010 order ("Reconsideration Motion").

Bankruptcy Court ECF No. 11351. On May 29, 2012, the Bankruptcy Court issued a memorandum opinion and order denying Kuntz's Reconsideration Motion. Bankruptcy Court ECF No. 28116.

Kuntz now appeals the Bankruptcy Court's denial of his Reconsideration Motion. Specifically, he alleges that the Bankruptcy Court erred because it never reached the issue of whether a Lehman Brothers subsidiary acquired certain funds in prior bankruptcy cases unrelated to Debtors' Chapter 11 cases. He also contends for the first time in this appeal that he was not served with the Debtors' objection to the Reconsideration Motion, and therefore, that the Bankruptcy Court should have granted his Reconsideration Motion on an uncontested basis. Appellant's Mem. at 1. Kuntz requests that this Court remand the instant action and reinstate his expunged claims. Appellant's Mem. at 8-9.

Kuntz's appeal of the Bankruptcy Court's order denying his Reconsideration Motion is DENIED.

Bankruptcy Rule 9024 provides that reconsideration motions in the bankruptcy court are governed by Rule 60 of the Federal Rules of Civil Procedure. Fed. R. Bankr. P. 9024. Rule 60(b) allows a court to relieve a party from final judgment for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment…

Fed. R. Civ. P. 60(b).

A bankruptcy court's denial of a motion to reconsider a disallowed claim is a discretionary decision, reviewed under the deferential abuse of discretion standard. Statek Corporation v. Development Specialists, Inc., (In re Coudert Brothers), 673 F.3d 180, 186 (2d Cir. 2012). "A ruling is an abuse of discretion only if the bankruptcy court 'bases its ruling on a mistaken application of the law or a clearly erroneous finding of fact.'" Peskin v. Picard, 440 B.R. 579, 584 (S.D.N.Y. 2010) (quoting Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 411 F.3d 384, 388 (2d Cir. 2005)). However, "[w]here the moving party seeks solely to relitigate an issue already decided," reconsideration is inappropriate. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d. Cir. 1995).

The Bankruptcy Court did not abuse its discretion in determining that Kuntz failed to satisfy Rule 60(b) and therefore denying his Reconsideration Motion. In his appeal, Kuntz points to no "mistaken application of the law or clearly erroneous finding of fact" that renders the Bankruptcy Court's decision an abuse of discretion. The Bankruptcy Court properly concluded that Kuntz failed to raise any new evidence or arguments in his Reconsideration Motion. Instead, he relied solely on his previous unsubstantiated personal beliefs in asserting his rights to payment against a Lehman Brothers subsidiary. Furthermore, the Bankruptcy Court correctly determined that Kuntz failed to establish any of the "extraordinary circumstances" or "extreme undue hardship" required under Rule 60(b)(6) that might authorize reconsideration under the open-ended language that extends to "any other reason that justifies relief." The Bankruptcy Court thus acted within its discretion in issuing its order denying Kuntz's Reconsideration Motion.

Furthermore, Kuntz advances a new argument in his appeal, alleging that he was not properly served with the Debtors' objection to the Reconsideration Motion. See Appellant's Mot. 1. As this issue was never previously raised in the Bankruptcy Court, this claim is dismissed. See Androse Assocs. of Allaire, LLC v. The Great Atlantic & Pacific Tea Co., Inc., et al., 472 B.R. 666, 678-79 (S.D.N.Y. 2012).

## CONCLUSION

Kuntz's appeal of the Bankruptcy Court's order denying his Reconsideration Motion is DENIED. The Clerk of the Court is directed to close this Bankruptcy Appeal.

Dated: March 4, 2013
New York, New York

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge