B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc., et al.,　　　　　　Case No. 08-13555 (JMP)
　　　　　　　　　　　　　　　　　　　　　　　　　　(Jointly Administered)
　　　　　　　Debtors.

## MULTIPLE PARTIAL TRANSFERS OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Goldman Sachs & Co. | Elliott Associates, L.P. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attn: Michelle Latzoni
Email: gsd.link@gs.com

Court Claim # (if known): multiple—please see attached schedule

Amount of Claim Transferred: for each Claim #, please see attached schedule

Date Claim Filed: multiple

Debtor: Lehman Brothers Holdings, Inc.

Phone: (212)934-3921　　　　　　　　　　Phone: _____
Last Four Digits of Acct #: _____　　　Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

776644v.1 153/05435

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

GOLDMAN SACHS & CO.

By: _____  Dennis Lafferty
Transferee/Transferee's Agent  Managing Director

Date: 3/28/13

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

776644v.1 153/05435

**Schedule of Partial Claims Transferred**

|    | Court Claim # | ISIN | Allowed Amount of Claim Transferred |
|----|---------------|------|-------------------------------------|
| 1. | 44553 | XS0221834947 | USD 3,568,170.70 |
| 2. | 45722 | XS0288524795 | USD 997,699.51 |
| 3. | 45723 | XS0288524795 | USD 997,699.51 |
| 4. | 45725 | XS0288524795 | USD 142,528.50 |
| 5. | 62743 | XS0163559841 | USD 118,581.57 |
| 6. | 56041 | XS0163559841 | USD 253,070.42 |
| 7. | 62743 | CH0027120689 | USD 296,593.11 |
| 8. | 62743 | XS0317422771 | USD 283,821.15 |
| 9. | 62743 | XS0268043709 | USD 198,674.81 |

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Elliott Associates, L.P.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Goldman Sachs & Co.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the Proof of Claim Numbers specified in Schedule 1 attached hereto, each filed by or on behalf of Seller or Seller's predecessors in interest (each, a "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto,[1] and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), and (d), the "Transferred Claims"). Notwithstanding anything to the contrary set forth herein and for the avoidance of doubt, and without prejudicing or limiting any right of Purchaser (or Purchaser's successors and assigns) to assert any cause of action, including without limitation any cause of action for breach of representation, against Seller or any third party (including any prior seller), all of which right shall remain retained by Purchaser or its successors and assigns, as applicable, Purchaser acknowledges and agrees that Seller hereby expressly reserves and retains all rights of indemnification against all prior sellers arising under common law or based on any and all representations, warranties, covenants and agreements previously made to Seller or for Seller's benefit in connection with Seller's acquisition of the Transferred Claims for any losses which may result from Purchaser (and/or its successors and assigns) seeking to assert and/or to enforce against Seller any representation, warranty, covenant or agreement made by Seller in connection with Purchaser's acquisition of any of the Transferred Claims, it being understood and agreed that Seller may only assert said rights in response to, and only to the extent of, Purchaser's assertion of its rights against Seller, and may do so by impleading such third party (including any prior seller) in any action or proceeding brought against Seller, or through a plenary action initiated by Seller against said third party (including any prior seller).

2. Seller hereby represents and warrants to Purchaser that: (a) each Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) each Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proofs of Claim collectively include the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in

---

[1] Seller and Purchaser hereby acknowledge that Seller has already delivered the Purchased Security to Purchaser prior to the date of this Agreement and Evidence of Transfer of Claim.

774448v.1 153/05435

respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors of the same class and type as the Purchased Claim; (g) on April 17, 2012 Seller or its predecessor in interest received the first distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "First Distribution"), and on October 1, 2012 Seller or its predecessor in interest received the second distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Second Distribution"); (h) other than the First Distribution and Second Distribution, Seller has not received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims; and (i) the Notice of Proposed Allowed Claim Amount for each Proof of Claim ("Notice") that was provided to Purchaser is true and correct, and the Seller did not file a written response to any Notice per the terms of the relevant Notice.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim no later than the fifth business day after execution of this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property on account of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses which result from Seller's breach of its representations and warranties made herein.

5. Following the date of this Agreement and Evidence of Transfer of Claim, Seller shall promptly (but in any event no later than five (5) business days) remit to Purchaser any payments, distributions or proceeds received by Seller or a prior seller after the trade date on account of the Transferred Claims. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

[Remainder of page intentionally left blank]

2

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 28th day of March 2013.

| | |
|---|---|
| **GOLDMAN SACHS & CO.** | **ELLIOTT ASSOCIATES, L.P.**<br>By: Elliott Capital Advisors, L.P., General Partner<br>By: Braxton Associates, Inc., General Partner |
| By: _____<br>Name: **Dennis Lafferty**<br>Title: **Managing Director** | By: _____<br>Name:<br>Title: |
| 30 Hudson Street, 5th Floor<br>Jersey City, NJ 07302<br>Attn: Michelle Latzoni<br>Email: gsd.link@gs.com<br>Tel: (212)934-3921 | c/o Elliott Management Corporation<br>40 West 57th Street, 4th Floor<br>New York, New York 10019 |

3

774448v.1 153/05435

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this <u>28th</u> day of <u>March</u> 2013.

**GOLDMAN SACHS & CO.**

By:_____
Name:
Title:

30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attn: Michelle Latzoni
Email: gsd.link@gs.com
Tel: (212)934-3921

**ELLIOTT ASSOCIATES, L.P.**
By: Elliott Capital Advisors, L.P., General Partner
By: Braxton Associates, Inc., General Partner

By:_____
Name:    ELLIOT GREENBERG
Title:    VICE PRESIDENT

c/o Elliott Management Corporation
40 West 57th Street, 4th Floor
New York, New York 10019

Schedule 1

Transferred Claims

Purchased Claim

1. 40.000000% of Proof of Claim Number 44553 relating to ISIN XS0221834947 = USD 3,568,170.70 (in allowed amount);

2. 35.0000% of Proof of Claim Number 45722 relating to ISIN XS0288524795 = USD 997,699.51 (in allowed amount);

3. 35.0000% of Proof of Claim Number 45723 relating to ISIN XS0288524795 = USD 997,699.51 (in allowed amount);

4. 33.33333% of Proof of Claim 45725 relating to ISIN XS0288524795 = USD 142,528.50 (in allowed amount);

5. 100.00% of Proof of Claim Number 62743 relating to ISIN XS0163559841= USD 118,581.57 (in allowed amount);

6. 35.00% of Proof of Claim Number 56041 relating to ISIN XS0163559841= USD 253,070.42 (in allowed amount);

7. 100.000000% of Proof of Claim Number 62743 relating to ISIN CH0027120689 = USD 296,593.11 (in allowed amount);

8. 100.000000% of Proof of Claim Number 62743 relating to ISIN XS0317422771= USD 283,821.15 (in allowed amount); and

9. 100.000000% of Proof of Claim Number 62743 relating to ISIN XS0268043709 = USD 198,674.81 (in allowed amount).

Lehman Programs Securities to which Transfer Relates

| | Proof of Claim Number | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount | First Distribution | Second Distribution |
|---|---|---|---|---|---|---|---|---|
| 1. | 44553 | XS0221834947 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CHF 4,000,000.00 | USD 3,568,170.70 | USD 128,783.45 | USD 86,905.62 |
| 2. | 45722 | XS0288524795 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 700,000.00 | USD 997,699.51 | USD 36,009.26 | USD 24,299.76 |
| 3. | 45723 | XS0288524795 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 700,000.00 | USD 997,699.51 | USD 36,009.26 | USD 24,299.76 |
| 4. | 45725 | XS0288524795 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 100,000.00 | USD 142,528.50 | USD 5,144.18 | USD 3,471.39 |

Schedule 1–1

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 5. | 62743 | XS0163559841 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 82,000.00 | USD 118,581.57 | USD 4,279.88 | USD 2,888.15 |
| 6. | 56041 | XS0163559841 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 175,000.00 | USD 253,070.42 | USD 9,133.89 | USD 6,163.73 |
| 7. | 62743 | CH0027120689 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 209,000.00 | USD 296,593.11 | USD 10,704.72 | USD 7,223.75 |
| 8. | 62743 | XS0317422771 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 200,000.00 | USD 283,821.15 | USD 10,243.76 | USD 6,912.69 |
| 9. | 62743 | XS0268043709 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 140,000.00 | USD 198,674.81 | USD 7,170.63 | USD 4,838.88 |