UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

NOTICE OF PARTIAL TRANSFER OF CLAIM
PURSUANT TO RULE 3001(e)(2)

A CLAIM HAS BEEN FILED IN THIS CASE (Lehman Brothers Holdings Inc., Debtor, Case No. 08-13555) or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Maximilian Partners, L.L.C.              Barclays Bank PLC
-------------------------                ------------------
Name of Transferee                       Name of Transferor

$81,123.56                               21912
-------------------------                ------------------
Amount of Claim Transferred              Proof of Claim Number

$4,199,036.67
-------------------------
Proof of Claim Amount

You are hereby requested to make all future payments and distributions, and give all notices and other communications, in respect of the Claim to the Transferee at the address below.

TRANSFEREE:   Maximilian Partners, L.L.C.
Address:      c/o Ropes & Gray LLP
              1211 Avenue of the Americas
              New York, NY 10036-8704
              Attn: Philip Wells

I declare under penalty of perjury that the information provided in this evidence and notice is true and correct to the best of my knowledge and belief.

By:

By: _____   Date: 3/29/13

Name: Suneal Bedi
Title: Counsel for Transferee

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

WHEREAS, substantially contemporaneous herewith, **Barclays Bank PLC** ("Seller") is selling to **Maximilian Partners, L.L.C.** (the "Purchaser") the securities described on Schedule 1 attached hereto via Clearstream; and

WHEREAS, attendant to that sale, Seller also intends to transfer to Purchaser pursuant to this agreement certain guarantee claims against Lehman Brothers Holdings, Inc. that relate to the securities, all as more particularly set forth below.

WHEREAS, the purchase price paid by Purchaser to Seller for the transfer of the securities includes the consideration for the transfer of the guarantee claims against Lehman Brothers Holdings, Inc. that relate to the securities and, therefore, no separate purchase price for the guarantee claims is set forth below.

ACCORDINGLY,

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, Seller hereby unconditionally and irrevocably sells, transfers and assigns to **Purchaser**, and Purchaser hereby agrees to purchase, as of the date hereof, (a) the applicable percentage specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **21912** filed by or on behalf of **Seller** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), and (d) the "Transferred Claims").

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed in accordance with the Court's order setting the deadline for filing proofs of claim in respect of the Proceedings; (b) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (c) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (d) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (e) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claim, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; ( (f) Seller has delivered a true and correct copy of the Notice of Proposed Allowed Claim Amount (the "Notice"), dated October 6, 2011, received by Seller, and Seller has not received any other notices, documents, or information indicating that the Notice is incorrect; (g) Seller did not (and will not) deliver a Response (as defined in the Notice) to the Notice with respect to the Transferred Claims.; and (h) on April 17, 2012, Seller received a distribution on account of the Transferred Claims in an aggregate amount equal to $2,927.94 and on October 1, 2012, Seller received a distribution in an aggregate amount equal to $1,975.83 (collectively, the "Retained Distributions"), and other than the Retained Distributions, Seller has not received any other distributions on account of the Transferred Claims.

33979395_4

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds it receives on or after the date of this Agreement received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 27 day of March 2013.

**Barclays Bank PLC**

By: _____
Name: James Felty
Title: Managing Director

745 Seventh Ave
New York, NY 10019

Maximilian Partners, L.L.C.

By: _____
Name: Josh Greenhill
Title: Partner

33979395_4

Schedule 1

## Transferred Claims

Purchased Claim

Pursuant to the Notice of Proposed Allowed Claim Amount dated October 6, 2011, the Security/ISIN below represents $81,123.56, which is 1.93196% of the total Notice of Proposed Allowed Claim Amount of $4,199,036.67

Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Number of Asian Call Warrants | Maturity |
|---|---|---|---|---|---|
| Lehman Brothers Finance S.A. Warrant and Certificate Programme Guaranteed by Lehman Brothers Holdings Inc. Up to 5,000,000 Asian Call Warrants on the Dow Jones Global Titans 50 | CH0022923772 | Lehman Brothers Finance S.A. | Lehman Brothers Holdings Inc. | 5,000 | December 21, 2011 |

Schedule 1-1

33979395_4