**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                                              :         **Chapter 11 Case No.**
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :         **08-13555 (JMP)**
                                                                   :
                      **Debtors.**                            :         **(Jointly Administered)**
--------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED NINETY-NINTH
### OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE LPS CLAIMS)

Upon the three hundred ninety-ninth omnibus objection to claims, dated February

15, 2013 (the "Three Hundred Ninety-Ninth Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors for the entities in the above-referenced chapter 11 cases (the "Chapter 11

Estates"), seeking, pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF

No. 6664] (the "Procedures Order"), to disallow and expunge the Duplicative LPS Claims on the

grounds that such claims are duplicative of the corresponding Surviving Claims, either exactly or

in substance, all as more fully described in the Three Hundred Ninety-Ninth Omnibus Objection

to Claims; and due and proper notice of the Three Hundred Ninety-Ninth Omnibus Objection to

Claims having been provided, and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Three Hundred Ninety-

Ninth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Ninety-Ninth Omnibus Objection to Claims.

creditors, and all parties in interest and that the legal and factual bases set forth in the Three

Hundred Ninety-Ninth Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Ninety-Ninth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "Duplicative LPS Claims") are disallowed and expunged in their entirety with

prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading

"*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register

subject to the Plan Administrator's right to object as set forth herein; and it is further

ORDERED that all information included on and all documentation filed in

support of any Duplicative LPS Claim shall be treated as having been filed in support of the

corresponding Surviving Claim; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the

Duplicative LPS Claims constitutes any admission or finding with respect to any of the

Surviving Claims, and the Plan Administrator's rights to object to the Surviving Claims on any

basis are preserved, unless the applicable Surviving Claim has previously been allowed by order

of this Court; and it is further

ORDERED that if the Court subsequently orders that a Surviving Claim is not

appropriately duplicative of the corresponding Duplicative LPS Claim, then the claims agent

shall be authorized and directed to immediately reinstate such Duplicative LPS Claim in these

chapter 11 cases (the "Reinstated Claim"), and the rights of all interested parties with respect to

the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three

Hundred Ninety-Ninth Omnibus Objection to Claims under the heading "*Claims to be*

*Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) the Surviving

Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
     April 4, 2013

    *s/ James M. Peck*
    HONORABLE JAMES M. PECK
    UNITED STATES BANKRUPTCY JUDGE