B 210A (Form 210A) (12/09)

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc., et al.                    Case No. 08-13555 (JMP)

                                                              (Jointly Administered)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee
hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other
than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| **RBS SECURITIES INC.** | **ALANDSBANKEN ABP (FINLAND), SVENSK FILIAL** |
| *Name of Transferee* | *Name of Transferor* |
| | Court Claim # (if known): 56951 |

Name and Address where notices to transferee
should be sent:                                              Amount of Claim Bring Transferred:

RBS Securities Inc.                                          100% of Claim # 56951 .
600 Washington Boulevard                                                            to the total
Stamford, CT  06901                                          allowed aggregate amount of $1,483,703.06
Phone: 203.897.2644
Email: Matthew.Rosencrans@rbs.com                            Date Claim Filed:  10/29/2009

Name and Address where transferee payments          Alandsbanken Abp (Finland), svensk fililial
should be sent (if different from above): N/A       Stureplan 19
                                                    107 81 STOCKHOLM

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____          Date:          April 4, 2013

**RBS SECURITIES INC.**

Transferee/Transferee's Agent

**KAREN BREWER
DIRECTOR**

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **ALANDSBANKEN ABP (FINLAND), SVENSK FILIAL** ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to **RBS SECURITIES INC.** ("<u>Purchaser</u>"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable amounts specified in <u>Schedule 1</u> attached hereto (the "<u>Purchased Claims</u>"), in Seller's right, title and interest in and to the proof of claim numbers provided in <u>Schedule 1</u> (the "<u>Proofs of Claim</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether existing prior to the date hereof, now existing, or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claims, but only to the extent related to the Purchased Claims, (c) any and all proceeds of any of the foregoing, which, for the avoidance of doubt, include the Prior Distributions as defined herein, and (d) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claims and specified in <u>Schedule 1</u> attached hereto (collectively, as described in clauses (a), (b), (c), and (d), the "<u>Transferred Claims</u>").

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Purchased Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proofs of Claim include the Purchased Claims specified in <u>Schedule 1</u> attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller has delivered to Purchaser true and correct copies of any Notices of Proposed Allowed Claim Amount (the "<u>Notices</u>") received by Seller; (h) Seller did not (and will not) deliver a Response (as defined in the Notices) with respect to the Purchased Claims; and (i) prior to the date hereof, Seller received distributions on account of the Purchased Claims in an aggregate amount equal to $53,550.24 and $36,136.76, which represents the first and second distributions made by Debtor or Debtor's trustee on account of the Purchased Claims (collectively, the "<u>Prior Distributions</u>") and other than the Prior Distributions, Seller has not received any other distributions on account of the Transferred Claims. Seller acknowledges and agrees that (x) prior to the date hereof, it has transferred the Purchased Securities specified in <u>Schedule 1</u> to Purchaser and that Purchaser holds title to such Purchased Securities, (y) this Evidence of Transfer of Claim is intended to ensure that the Purchased Claims are transferred into Purchaser's name and thereby accompany the Purchased Securities, and (z) on the date hereof, Seller shall transfer to Purchaser the Prior Distributions into Purchaser's account, as provided on <u>Schedule 2</u> attached hereto.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions, proceeds or notices received by Seller after the date hereof in respect of the Transferred Claims to Purchaser. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proofs of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ⬛ day of ⬛⬛ 2013.
        4th      APRIL

ALANDSBANKEN ABP (FINLAND), SVENSK
FILIAL

By: _____

Name: MAGNUS HOLM

Title: _____


Gunnar Dahlfors
**Gunnar Dahlfors**
**Asset Management**
**Ålandsbanken**


RBS SECURITIES INC.

By: _____

Name: _____

Title:
        **KAREN BREWER**
        **DIRECTOR**

Schedule 1

34103098-v2-EOT (Lehman BV- Alandsbanken to RBSSI) and 34103098-v3-EOT (Lehman BV- Alandsbanken to RBSSI) 4/2/2013
2:22:00 PM

Purchased Claim

Transferred Claims

100% of the following ISIN/CUSIPs in the Proofs of Claim listed below, in the denomination listed below.

Lehman Programs Securities to which Transfer Relates

| Proof of Claim Number | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Denomination and Principal/Notional Amount | Maturity |
|---|---|---|---|---|---|---|
| 56951 | CAPITAL PROTECTED NOTE | XS0294123830 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | SEK 10,000,000.00 | 4/16/10 |

34103098_2

<u>Schedule 2</u>

<u>Purchaser's Wire Instructions</u>

J.P. Morgan Chase Bank, New York
ABA 021000021
Beneficiary: RBSGMP Bank Loans
A/C: 0667-08583
Ref: Lehman from Alandsbanken

**Error! Unknown document property name.**