Presentment Date and Time: April 16, 2013 at 12:00 p.m. noon (Prevailing Eastern Time)
Objection Deadline: April 15, 2013 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): April 24, 2013 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re**                                                : Chapter 11 Case No.
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**    : 08-13555 (JMP)
: 
Debtors.                                   : (Jointly Administered)
: 
------------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER AUTHORIZING STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A. TO DISTRIBUTE ESCROWED FUNDS

**PLEASE TAKE NOTICE** that the undersigned will present the annexed stipulation, agreement and order authorizing Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. to Distribute Escrowed Funds (the "Stipulation, Agreement and Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **April 16, 2013 at 12:00 noon (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation, Agreement and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **April 15, 2013 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation, Agreement and Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation, Agreement and Order on **April 24, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: April 5, 2013
      New York, New York

                                             /s/ Jacqueline Marcus
                                             Jacqueline Marcus
                                             WEIL, GOTSHAL & MANGES LLP
                                             767 Fifth Avenue
                                             New York, New York 10153
                                             Telephone: (212) 310-8000
                                             Facsimile: (212) 310-8007

                                             Attorneys for Lehman Brothers Holdings Inc. and
                                             Certain of its Affiliates

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : **08-13555 (JMP)**
: 
Debtors. : **(Jointly Administered)**
: 
------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER**
**AUTHORIZING STEARNS WEAVER MILLER WEISSLER**
**ALHADEFF & SITTERSON, P.A. TO DISTRIBUTE ESCROWED FUNDS**

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") pursuant to the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* (the "Plan"), and Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. ("Stearns Weaver" and, together with the Plan Administrator, the "Parties"), hereby stipulate and agree as follows:

**RECITALS**

A.    On September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Chapter 11 Cases are being jointly administered under Case No. 08-13555 (JMP).

US_ACTIVE:\44211363\2\58399.0003

B. On December 6, 2011, the Court entered an order confirming the Plan (ECF No. 23023). The Plan became effective on March 6, 2012.

C. Prior to the Commencement Date, LBHI was a co-proponent of an Amended Joint Plan of Reorganization (the "Texas Meadows Plan") in the chapter 11 case of Texas Meadows, Ltd. ("Texas Meadows") which was pending in the United States Bankruptcy Court for the Middle District of Florida (Orlando) [Case No. 01-08627] (the "Texas Meadows Bankruptcy Case"). The Texas Meadows Plan was confirmed on June 19, 2003, a final decree was entered on September 23, 2003 and the Texas Meadows Bankruptcy Case is now closed.

D. Stearns Weaver represented LBHI in the Texas Meadows Bankruptcy Case.

E. According to Stearns Weaver, section 5.05 of the Texas Meadows Plan provides that if Texas Meadows and Charles Palmer ("Palmer"), the guarantor/principal of Texas Meadows, comply with certain provisions contained in the Plan, such compliance will be "in full and complete satisfaction of all obligations set forth in Section 2.02 [of the Texas Meadows Plan]." These obligations included, among other things, Palmer's obligations related to a Guaranty of Payment and a Hazardous Material Guaranty and Indemnification Agreement, each dated as of September 3, 1998 (each as defined in the Texas Meadows Plan).

F. In connection with the Texas Meadows Plan and a letter dated September 17, 2003 from Texas Meadows' bankruptcy counsel, Texas Meadows delivered to Stearns Weaver a check in the amount of $132,416.53 (the "Escrowed Funds") with instructions to deposit and hold the Escrowed Funds in trust until such time as LBHI, upon Texas Meadows' compliance with the Plan, delivered a release in favor of Palmer. The Escrowed Funds represent amounts due to LBHI under the Texas Meadows Plan and nothing in the Plan or the related confirmation order requires LBHI to provide Palmer with a separate documented release.

G. Stearns Weaver and LBHI made numerous good-faith attempts to accommodate Palmer's extraordinary request, but ultimately were unable to do so. In fact, after the initial negotiations, Palmer stopped responding to Stearns Weaver's and LBHI's numerous telephone calls, correspondence, and emails regarding the requested release and the Escrowed Funds. Palmer's unresponsiveness prevented LBHI from collecting the Escrowed Funds prior to the Commencement Date.

H. According to Stearns Weaver, no other parties have asserted claims to the Escrowed Funds.

I. In order to resolve the issues related to the release of the Escrowed Funds, the Parties have agreed that it is in their best interests to enter into this Stipulation, Agreement and Order upon the terms and conditions herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. The Recitals set forth above form an integral part of this Stipulation, Agreement and Order and are incorporated fully herein.

3. Simultaneously with the filing of this Stipulation, LBHI shall provide a copy of this Stipulation, Agreement and Order by e-mail, to the extent available, and overnight delivery to parties set forth on Exhibit A hereto (the "Notice Parties"). Notice of this Stipulation, Agreement and Order, as described herein, shall be deemed to be sufficient pursuant to this Court's second amended order governing case management and administrative procedures, entered on June 17, 2010 (ECF No. 9635).

4. Within five (5) business days of the Effective Date, Stearns Weaver shall disburse the Escrowed Funds as follows: (i) $8,000 to Stearns Weaver for reasonable and necessary post-petition attorneys' fees and costs incurred to resolve the issues concerning the Escrowed Funds; and (ii) the balance of approximately $124,416.53 to LBHI. The payment to LBHI provided for in this paragraph shall be made by wire transfer pursuant to wiring instructions provided to Stearns Weaver by the Plan Administrator.

5. Upon the Effective Date, LBHI, Stearns Weaver, and their respective subsidiaries, affiliates, predecessors, successors in interest, all current, past and future officers, directors, partners, principals, agents, insurers, servants, employees, representatives, attorneys, and advisors, acting in their capacities as such (collectively, the "Released Parties"), shall release each other from any and all claims (including, without limitation, claims for contribution and indemnification), suits, damages, debts, liabilities, obligations, guarantees, covenants, contracts, agreements, promises, judgments, demands, actions or manner of actions, whether the same be known or unknown, suspected or unsuspected, material or immaterial, absolute or contingent, liquidated or unliquidated, direct or indirect or nominally or beneficially possessed or claimed, arising prior to the Effective Date solely as they relate to the Escrowed Funds or matters related thereto; provided, however, that nothing contained herein shall release the Released Parties from their respective obligations or waive the rights of the Released Parties set forth in this Stipulation, Agreement and Order.

6. Upon the Effective Date, the Notice Parties shall be deemed to have released the Released Parties from any and all claims (including, without limitation, claims for contribution and indemnification), suits, damages, debts, liabilities, obligations, guarantees, covenants, contracts, agreements, promises, judgments, demands, actions or manner of actions, whether the same be known or unknown, suspected or unsuspected, material or immaterial,

absolute or contingent, liquidated or unliquidated, direct or indirect or nominally or beneficially possessed or claimed, arising prior to the Effective Date solely as they relate to the Escrowed Funds or matters related thereto.

      7.    This Stipulation, Agreement and Order contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings among the Parties relating thereto.

      8.    This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

      9.    Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

      10.    This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

      11.    Each Party to this Stipulation, Agreement and Order represents that it fully understands the terms hereof.  This Stipulation, Agreement and Order shall not be strictly construed against either Party on the ground that the rules for the construction of contracts require the resolution of any ambiguity against the Party that drafted the document.

      12.    This Stipulation, Agreement and Order shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and assigns.  Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation, Agreement and Order.

13. This Stipulation, Agreement and Order shall be governed by and in accordance with the laws of the state of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order

Dated: April 4, 2013
      Miami, Florida

/s/ Jonathan C. Vair
Jonathan C. Vair

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

Dated: April 4, 2013
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and Certain of its Affiliates

SO ORDERED, this ___ day of April, 2013 in New York

_____
United States Bankruptcy Judge

US_ACTIVE:\44211363\2\58399.0003

**Exhibit 1**
**(Notice Parties)**

Charles Palmer
The Palmer Group
310 Waymont Court, Suite 104
Lake Mary, FL 32746
charlie@palmergroup.org

Robert Lee Smith, Esq.
Robert Lee Smith, P.C.
25211 Grogans Mill Road, Suite 450
The Woodlands, TX 77380
robert@rlsmithpc.com
cindy@rlsmithpc.com
*Counsel for Charles Palmer*

Kenneth D. (Chip) Herron, Jr.
Hill McFarlin & Herron, P.A.
1851 West Colonial Drive
Orlando, FL 32804
kherron@whmh.com
*Counsel for Texas Meadows*

Texas Meadows Ltd.
310 Waymont Court, Suite 104
Lake Mary, FL 32746

U.S. Trustee-ORL, 11
135 West Central Boulevard, Suite 620
Orlando, FL 32801