B 210A (Form 210A) (12/09)

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                Case No. **08-13555**

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **LIQUIDATION OPPORTUNITIES MASTER FUND, LP** | **Illiquidx LLP** |
|---|---|
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent:<br><br>**Chris Scholfield**<br>**c/o Alden Global Capital**<br><br>**885 Third Avenue**<br>**New York, New York 10022**<br>**Phone: 212-418-6862**<br>**Email: CScholfield@smithnyc.com**<br>Name and Address where transferee payments should be sent (if different from above): | Court Claim # (if known): 58221<br>Total Claim Amount:<br>$190,423,075.43<br>Total Amount of Claim Filed:<br>$2,419,288.09<br>Allowed Amount of Claim Transferred:<br>$2,424,999.96<br>ISIN/CUSIP: XS0208459023<br><br>Date Claim Filed: 10/30/2009<br><br>**Illiquidx LLP**<br>80 Fleet Street<br>London EC4Y 1EL<br>UNITED KINGDOM<br>Attn.: Mr Celestino Amore<br>Email: amore@illiquidx.com<br>Phone: +44 207 832 0181 |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: 4/9/2013
Transferee/Transferee's Agent
Jason Pecora
Managing Director - Operations
Alden Global Capital

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**Form 210B (12/09)**

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                                  Case No. 08-13555

NOTICE OF TRANSFER OF CLAIM
OTHER THAN FOR SECURITY

Claim No. 58221 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the clerk's office of this court on ………………

| | |
|---|---|
| **LIQUIDATION OPPORTUNITIES MASTER FUND, LP** | **Illiquidx LLP** |
| Name of Transferee | Name of Transferor |
| Address of Alleged Transferee: | Address of Alleged Transferor: |
| **Chris Scholfield**<br>**c/o Alden Global Capital**<br>**885 Third Avenue**<br>**New York, New York 10022** | **Mr Celestino Amore**<br>**80 Fleet Street**<br>**London EC4Y 1EL**<br>**UNITED KINGDOM** |
| **Phone: 212-418-6862**<br>**Email: CScholfield@smithnyc.com** | **Phone: +44 207 832 0181**<br>**Email: amore@illiquidx.com** |

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                              _____

                                            CLERK OF THE COURT

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, ILLIQUIDX LLP ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to LIQUIDATION OPPORTUNITIES MASTER FUND LP (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable claim amount specified in Schedule 1 attached hereto (the "Purchased Claim") in the Seller's right, title and interest in and to the security identified by ISIN code XS0208459023 under the Proof of Claim Number 58221 filed by ICCREA BANCA S.P.A., as agent (the "Predecessor") acting on behalf of EURO COMMERCIAL BANK S.P.A. (the "Beneficial Owner") (the "Proof of Claim"), against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights, title and benefits of Seller and any prior seller (which includes for the avoidance of doubt the Beneficial Owner and the Predecessor having acted as agent on behalf of the Beneficial Owner) relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim (including for clarity, all amounts distributed on or after the trade date of October 15, 2012 (the "Trade Date") whether or not the Trade Date is before, on or after any record date with respect to an amount) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller (which includes for the avoidance of doubt the Beneficial Owner and the Predecessor having acted as agent on behalf of the Beneficial Owner) acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller (which includes for the avoidance of doubt the Beneficial Owner and the Predecessor having acted as agent on behalf of the Beneficial Owner) against any prior seller (which includes for the avoidance of doubt the Beneficial Owner and the Predecessor having acted as agent on behalf of the Beneficial Owner) in respect of the Purchased Claim, (c) any and all rights, remedies, claims and causes of actions regarding any of the foregoing, (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c) and (d) the "Transferred Claims") and (e) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto. For the avoidance of doubt, the Purchaser does not acquire any liabilities or obligations with respect to the Transferred Claims or the Seller or any prior seller (which includes for the avoidance of doubt the Beneficial Owner and the Predecessor having acted as agent on behalf of the Beneficial Owner).

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller and all filings required to evidence Seller's title to the Transferred Claim have been duly and timely filed with the Court; (d) the Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) the Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor that are not entitled to priority under the Bankruptcy Code and are not subordinated; (g) there have been no objections filed against the Seller, Predecessor or Beneficial Owner in respect of the Transferred Claims; (h) neither the Transferred Claims nor any portion thereof is subject to any claim or right of setoff, or pending reduction, recoupment, impairment, avoidance, disallowance, or subordination, and neither the Seller,

1



Predecessor or Beneficial Owner have received any notice that the Transferred Claims are void or voidable or subject to any pending disallowance, reduction, impairment or objection of any kind; (i) Seller has delivered to Purchaser a true and correct copy of (i) the Revised Notice of Proposed Allowed Claim Amount dated October 14, 2011 (the "Revised Notice") and (ii) the Debtors' One Hundred Seventy-First Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated August 19, 2011 (the "Objection") (for the avoidance of doubt, whilst the Objection applies to the Proof of Claim Number 58221, it does not apply to the Transferred Claims) (the Objection, together with the Revised Notice, the "Objections"), each of which relates to the Proof of Claim, and as of the date hereof, neither the Seller nor any prior seller (which includes for the avoidance of doubt the Beneficial Owner and the Predecessor having acted as agent on behalf of the Beneficial Owner) has received any additional revised Notice of Proposed Allowed Claim Amount or any objection or order of the Court for expungement or disallowance in relation to the Transferred Claims; (j) other than the Objections, there have been and there are no objections to the Transferred Claims and all documents provided to Purchaser by Seller are true, accurate and complete copies of such documents; (k) all predecessor agreements are substantially similar (and similar in all material respects) to this Agreement, and all such predecessor agreements contain representations, warranties, covenants, agreements and indemnities from the predecessors to the previous sellers (including from the Predecessor to the Seller) that are no less favorable than those contained herein; (l) the Predecessor, acting on instructions from the Beneficial Owner (as evidenced by the Beneficial Owner's signature on the agreement and evidence of transfer of claim dated October 31, 2012 between the Seller and the Predecessor and also executed by the Beneficial Owner (the "ToC"), a copy of which is attached in Schedule 2 to this Agreement and Evidence of Transfer of Claim) (i) has full power and authority to execute and deliver the ToC, acting as agent on behalf of the Beneficial Owner and (ii) is duly and validly authorized to contractually bind the Beneficial Owner to the terms of the ToC; (m) the Seller does not have any claim, lien or encumbrance upon the Transferred Claims and following the fulfillment of the transactions contemplated in this Agreement and Evidence of Transfer of Claim, the Purchaser will own and have good legal and beneficial title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller; and (n) the Transferred Claims and Purchased Security are not subject to or bound by a Plan Support Agreement (as such term is defined in the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors dated as of June 30, 2011).

3.  Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from Seller's breach of its representations, warranties, covenants and agreements made herein. Seller hereby agrees that the Purchaser will benefit (if the Purchaser so requires) from any rights which the Seller may have against the Predecessor and/or the Beneficial Owner which are based on the Predecessor's and/or Beneficial Owner's representations and warranties made under the ToC, and the Purchaser can exercise such rights in any way it wishes.

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated

2



documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. Seller shall act or omit to act with respect to the Transferred Claims solely to the extent directed by Purchaser.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any prior seller (which includes for the avoidance of doubt the Beneficial Owner and the Predecessor having acted as agent on behalf of the Beneficial Owner) to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on Seller's part, causing any prior seller (which includes for the avoidance of doubt the Beneficial Owner and the Predecessor having acted as agent on behalf of the Beneficial Owner) to deliver distributions and proceeds received by any prior seller and to act) as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim. In the event that the purchase that is to take place prior to the Transferred Claim is not successfully completed for any reason whatsoever, any purchase price paid by the Purchaser under this Agreement and Evidence of Transfer of Claim shall be returned to the Purchaser and the delivery obligations of the Seller under this Agreement shall be cancelled.

7. Seller agrees that all distributions, amounts, proceeds, assets, cash and other property received by Seller or any prior seller (which includes for the avoidance of doubt the Beneficial Owner and the Predecessor having acted as agent on behalf of the Beneficial Owner) on or after the Trade Date (whether or not such Trade Date is before, on or after any record date for such amounts) are for the account of Purchaser, and at the election of the Purchaser, (i) the Purchaser may net, setoff and reduce the purchase price payable by it and any other amounts owed by it in respect of the Transferred Claims against the distributions, assets, cash, property and amounts payable by Seller to it in respect of distributions, assets, cash, property and amounts received by Seller or any prior seller (which includes for the avoidance of doubt the Beneficial Owner and the Predecessor having acted as agent on behalf of the Beneficial Owner) on and after the Trade Date, or (ii) the Seller shall pay such amounts received by the Seller or any prior seller (which includes for the avoidance of doubt the Beneficial Owner and the Predecessor having acted as agent on behalf of the Beneficial Owner) on or prior to the date of this Agreement and on and after the Trade Date in respect of the Transferred Claims to the account information provided to it by Purchaser on the date of this Agreement and Evidence of Transfer of Claim.

8. The parties acknowledge that settlement shall be made on delivery of the Transferred Claim and the Purchased Security versus payment basis. For the avoidance of doubt, the parties acknowledge and agree that the transfer contemplated hereby shall not occur unless and until the Purchaser shall have paid the purchase price in full.

9. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this __6__ day of November 2012.

SELLER

ILLIQUIDX LLP

By: _____
Name: Celestino AMORE
Title: Managing Partner

Address:
80 Fleet Street
London EC4Y 1EL
UK

BUYER

LIQUIDATION OPPORTUNITIES MASTER FUND LP

By: _____
Name:
Title:
Jason Pecora
Managing Director - Operations
Alden Global Capital
Address:

3

## Schedule 1

## Transferred Claims

### Purchased Claim

USD$2,424,999.96 of USD$5,625,941.90 (being the Seller's interest of the total recovery in connection with ISIN XS0208459023), corresponding equally to a percentage 43.1038928% of ISIN XS0208459023 in relation to the Transferred Claim and relating to Proof of Claim 58221 (together with commensurate interest, fees, expenses and other recoveries due).

The Purchased Claim represents 1.2704805% = USD$2,419,288.09 of USD$190,423,075.43 (the total principal outstanding amount of the Proof of Claim 58221 filed on October 30, 2009)

### Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/ Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Issue of EUR 125,000,000 European Inflation Linked Notes under the U.S.$25,000,000,000 Euro Medium-Term Note Program | XS0208459023 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 1,672,000.00 (equivalent to USD$ 2,366,047.20 @ 1.4151) as at September 15, 2008 | Fixed Rate/Index Linked | 30/12/2016 | EUR37,623.41( equivalent to USD$53,240.89 @ 1.4151) as at September 15, 2008 |



4