NIXON PEABODY LLP
Christopher M. Desiderio
437 Madison Avenue
New York, NY 10022
Telephone: (212) 940-3000
and
Amanda D. Darwin
Richard C. Pedone (admitted *pro hac vice*)
100 Summer Street
Boston, MA  02110
Telephone: (617) 345-1000

*Counsel to Deutsche Bank Trust Company Americas and*
*Deutsche Bank National Trust Company, as Trustee,*
*Grantor Trust Trustee, Corridor Trustee, and Swap Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., <u>et al.</u>, | ) | |
| | ) | Case No. 08-13555 (JMP) |
| Debtors. | ) | |
| | ) | Jointly Administered |

———————————————————————

**CONSOLIDATED REPLY TO (I) THREE HUNDRED NINETY-FOURTH
OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS);
(II) THREE HUNDRED NINETY-FIFTH OMNIBUS OBJECTION TO CLAIMS
(DUPLICATIVE CLAIMS); AND (III) THREE HUNDRED NINETY-EIGHTH
<u>OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)</u>**

Deutsche Bank Trust Company Americas and Deutsche Bank National Trust Company in

their capacities set forth in **<u>Exhibit A</u>** (the "<u>Trustees</u>"), by and through their counsel, Nixon

Peabody LLP, in support of their consolidated reply (the "<u>Reply</u>") to the Plan Administrators' (i)

Three Hundred Ninety-Fourth Omnibus Objection to Claims (Valued Derivatives Claims) (the

"<u>Valued Derivatives Claims Objection</u>"); (ii) Three Hundred Ninety-Fifth Omnibus Objection to

Claims (Duplicative Claims) (the "<u>Duplicative Claims Objection</u>"); and (iii) Three Hundred

Ninety Eighth Omnibus Objection to Claims (No Liability Derivatives Claims) (the "No Liability Claims Objection" and collectively, the "Omnibus Objections")[1] state as follows:

## I.    BACKGROUND

1.      The Trustees act as trustee in connection with the structured RMBS transactions identified on **Exhibit A** and in connection therewith are parties to the various swap and derivatives transactions identified on **Exhibit A**.  In each instance, the Trustees are appointed by virtue of certain agreements (the "Trust Documents") and act as counterparties to the swap or have been assigned the applicable counterparty's interest in the swap in each of the related transactions (the "Transactions").

2.      Pursuant to the Trust Documents, the Trustees were directed to enter into an ISDA Master Agreements or trade confirmations, incorporating the Master Agreement, (collectively, the "Swap Agreements") with the Debtor-counterparty identified on **Exhibit A**.  In each case, Lehman Brothers Holdings, Inc. ("LBHI") guaranteed all of the Debtor counterparties' obligations under the Swap Agreements (the "LBHI Guarantees").

3.      By the Omnibus Objections, the Plan Administrator seeks to either reduce the amount claimed by the Trustees or expunge certain claims filed by the Trustees in their entirety. For the reasons more fully set forth herein, and summarized on **Exhibit A**, such relief is not appropriate.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Omnibus Objections.

## II.    ARGUMENT

### A.    The Plan Administrator Has Failed to Establish a Basis to Support Its Calculation of Value

4.    In the Valued Derivatives Claims Objection, the Plan Administrator seeks to reduce certain of the Trustees' claims on the basis that they "are greater than the fair, accurate, and reasonable values determined by the Plan Administrator. . ."  However, the Plan Administrator fails to provide any basis for this summary conclusion.

5.    A filed proof of claim constitutes "prima facie evidence of the validity and amount of the claim."  Bankruptcy Rule 3001(f).   Accordingly, the Plan Administrator, has the initial burden of presenting sufficient probative evidence to overcome the prima facie effect of the proof of claim.  *See e.g.  In re Oneida, Ltd*., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd,* 2010 U.S. Dist. LEXIS 6500, 2010 WL 234827 (S.D.N.Y. Jan.22, 2010); *Matter of Townview Nursing Home*, 28 Bankr. 431, 443 (Bankr. S.D.N.Y. 1983).  Here, the Plan Administrator has offered nothing but summary conclusions in support of the Valued Derivatives Objection. The cursory summary objections by the Plan Administrator is especially deficient in a case such as this when the Debtors established extraordinarily cumbersome filing requirements whereby claimants were required to provide extremely detailed information and voluminous documentation to support their claims – all of which were complied with by the Trustees.

6.    It should be noted, that the claims subject to the Valued Derivatives Objection were filed as a result of the Debtors' rejection of such transactions pursuant to the Plan.  Upon rejection, the Trustees sought the advice of Cowen & Company to advise them as to the calculation of the applicable rejection damages for each transaction.  Each proof of claim objected to in the Valued Derivatives Objection, provides a summary of the methodology used in

order to calculate the applicable rejection damages for each transaction. The Debtor has not

provided a scintilla of evidence to rebut these calculations.

7.      As the Plan Administrator has failed to meet its burden to provide sufficient

probative evidence to overcome the prima facie effect of the proofs of claim, the Valued

Derivatives Claims Objection should be denied in its entirety.

**B.      The Trustees are Entitled to Allowed Claims for Their Fees and Expenses**

8.      Attorneys' fees incurred post-petition may be claimed by unsecured creditors

when they are based on a pre-petition contract with the debtor. *See Travelers Casualty & Surety*

*Co. of America v. Pacific Gas & Electric Co*., 549 U.S. 443 (2007); *Ogle v. Fidelity & Deposit*

*Company of Maryland*, 586 F.3d 143 (2d Cir. 2009); *SNTL Corporation, et al. v. Centre*

*Insurance Company*, 571 F.3d 826 (9th Cir. 2009); *In re S. Side House, LLC*, 451 B.R. 248, 274

(Bankr. E.D.N.Y. 2011).

9.      The applicable documents in each of the Transactions provide that the Trustees

are entitled to their reasonable fees and expenses incurred in connection with any claim or legal

action relating to the transaction or performance of the Trustees' duties thereunder. By way of

example, Section 11 of the 1992 ISDA Master Agreement provides that ". . . a Defaulting Party

will, on demand, indemnify and hold harmless the other party for and against all out-of-pocket

expenses, including legal fees . . . incurred by such other party by reason of the enforcement and

protection of its rights under this Agreement or any Credit Support Document to which the

Default Party is a party . . ."

10.     Accordingly, the Trustees are entitled to allowed claims for their post-petition

fees and expenses accrued in connection with this case.

11.     Accordingly, the Valued Derivatives Claims Objection and No Liability Claims Objection should be denied and the Trustees' claims for post-petition fees and expenses should be allowed in their entirety.

**C.     Duplicative Claims Objection**

12.     The Debtors have objected to Claim 68092 as being duplicative of Claim 18479. Claim 68092 was filed as a result of the rejection of a certain transaction under the Plan, as described above, which relates to the same transaction which provides the basis for Claim 18479. Accordingly, the Trustees consent to the disallowance of Claim 18479, provided, that any claims, rights, or obligations asserted in Claim 68092 shall be deemed to relate back to, and include, any claims, rights or obligations asserted in Claim 18479, including any and all supporting documentation provided therewith.

## III.     RESERVATION OF RIGHTS

13.     The Trustees reserve their right to file a supplemental and/or amended response to the Objections to the extend they deem necessary.  The Trustees further reserve their right to request a full evidentiary hearing pursuant to Bankruptcy Rule 9014(e) and Local Bankruptcy Rule 9014-2 to determine the basis for the calculation of and the amount of the Trustee Claims.

## IV.     CONCLUSION

WHEREFORE, the Trustees request that this Court (i) deny the Valued Derivatives Claims Objection and the No Liability Claims Objection with respect to the Trustee Claims; (ii) grant the Duplicative Claims Objection to the extent described herein; (iii) allow the Trustee Claims in their entirety, including the Trustees' claims for fees and expenses, which continue to accrue, and (iv) grant such other and further relief this Court deems necessary and appropriate.

Dated: New York, New York
        April 11, 2013

Respectfully Submitted,

By: */s/ Christopher M. Desiderio*　　　　　
Christopher M. Desiderio
NIXON PEABODY LLP
437 Madison Avenue
New York, NY 10022
Telephone: (212) 940-3000
Facsimile: (212) 940-3111
        and
Amanda D. Darwin
Richard C. Pedone (admitted *pro hac vice*)
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
Telephone: (617) 345-1000

*Counsel to Deutsche Bank Trust Company Americas and Deutsche Bank National Trust Company, as Trustee, Grantor Trust Trustee, Corridor Trustee, and Swap Trustee*

## Exhibit A – Summary of Claims Objections and Responses

| OBJECTION | CLAIM NO(S). | TRUSTEE | TRUST AND ROLE | DEBTOR | SUMMARY OF RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| 394th Omnibus Objection Valued Derivatives Claim | 68095 | Deutsche Bank National Trust Company as Trustee, Grantor Trustee, Corridor Trustee and Swap Trustee | IndyMac INDX Mortgage Loan Trust 2006-AR14 | LBSF | • No calculation methodology was provided by the Debtors and no deficiencies in the Trustee's calculation was described.<br>• Trustee is entitled to a claim for its fees and expenses. |
| 394th Omnibus Objection Valued Derivatives Claim | 68088 | Deutsche Bank National Trust Company as Trustee, Grantor Trustee, Corridor Trustee and Swap Trustee | IndyMac INDX Mortgage Loan Trust 2006-AR14 | LBHI | • No calculation methodology was provided by the Debtors and no deficiencies in the Trustee's calculation was described.<br>• Trustee is entitled to a claim for its fees and expenses. |
| 394th Omnibus Objection Valued Derivatives Claim | 18478 | Deutsche Bank Trust Company Americas as Trustee and Grantor Trust Trustee | Residential Accredit Loans, Inc. Series 2006-Q08 Mortgage Asset-Backed Pass Through Certificates | LBHI | • No calculation methodology was provided by the Debtors and no deficiencies in the Trustee's calculation was described.<br>• Trustee is entitled to a claim for its fees and expenses. |
| 394th Omnibus Objection Valued Derivatives Claim | 68089 | Deutsche Bank Trust Company Americas as Trustee and Grantor Trust Trustee | Residential Accredit Loans, Inc. Series 2006-Q08 Mortgage Asset-Backed Pass Through Certificates | LBHI | • No calculation methodology was provided by the Debtors and no deficiencies in the Trustee's calculation was described.<br>• Trustee is entitled to a claim for its fees and expenses. |

| OBJECTION | CLAIM NO(S). | TRUSTEE | TRUST AND ROLE | DEBTOR | SUMMARY OF RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| 394th Omnibus Objection Valued Derivatives Claim | 68090 | Deutsche Bank Trust Company Americas as Trustee and Grantor Trust Trustee | Residential Accredit Loans, Inc. Series 2006-Q08 Mortgage Asset-Backed Pass Through Certificates | LBSF | • No calculation methodology was provided by the Debtors and no deficiencies in the Trustee's calculation was described.<br>• Trustee is entitled to a claim for its fees and expenses. |
| 394th Omnibus Objection Valued Derivatives Claim | 68091 | Deutsche Bank Trust Company Americas as Trustee and Grantor Trust Trustee | Residential Accredit Loans, Inc. Series 2006-Q09 Mortgage Asset-Backed Pass Through Certificates | LBSF | • No calculation methodology was provided by the Debtors and no deficiencies in the Trustee's calculation was described.<br>• Trustee is entitled to a claim for its fees and expenses. |
| 394th Omnibus Objection Valued Derivatives Claim | 68092 | Deutsche Bank Trust Company Americas as Trustee and Grantor Trust Trustee | Residential Accredit Loans, Inc. Series 2006-Q08 Mortgage Asset-Backed Pass Through Certificates | LBSF | • No calculation methodology was provided by the Debtors and no deficiencies in the Trustee's calculation was described.<br>• Trustee is entitled to a claim for its fees and expenses. |
| 394th Omnibus Objection Valued Derivatives Claim | 68093 | Deutsche Bank Trust Company Americas as Trustee and Grantor Trust Trustee | Residential Accredit Loans, Inc. Series 2006-Q09 Mortgage Asset-Backed Pass Through Certificates | LBHI | • No calculation methodology was provided by the Debtors and no deficiencies in the Trustee's calculation was described.<br>• Trustee is entitled to a claim for its fees and expenses. |

| OBJECTION | CLAIM NO(S). | TRUSTEE | TRUST AND ROLE | DEBTOR | SUMMARY OF RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| 395th Omnibus Objection Duplicative Claim | Disallowed: 18479<br><br>Surviving: 68092 | Deutsche Bank Trust Company Americas as Trustee and Grantor Trust Trustee | Residential Accredit Loans, Inc. Series 2006-Q08 Mortgage Asset-Backed Pass Through Certificates | LBSF | • Trustee consents to the relief requested, provided, that any claims, rights, or obligations asserted in the Surviving Claim shall be deemed to relate back to, and include, any claims, rights or obligations asserted in the Disallowed Claim (including all documents provided in support thereof). |
| 398th Omnibus Objection No Liability Claim | 18483 | Deutsche Bank National Trust Company as Trustee, Grantor Trustee and Corridor Trustee | IndyMac INDX Mortgage Loan Trust 2006-AR8 | LBHI | • Trustee is entitled to a claim for its fees and expenses. |
| 398th Omnibus Objection No Liability Claim | 18484 | Deutsche Bank National Trust Company as Trustee, Grantor Trustee and Corridor Trustee | IndyMac INDX Mortgage Loan Trust 2006-AR8 | LBSF | • Trustee is entitled to a claim for its fees and expenses. |
| 398th Omnibus Objection No Liability Claim | 18477 | Deutsche Bank Trust Company Americas as Trustee and Grantor Trust Trustee | Residential Accredit Loans, Inc. Series 2006-Q08 Mortgage Asset-Backed Pass Through Certificates | LBHI | • Trustee is entitled to a claim for its fees and expenses. |
| 398th Omnibus Objection No Liability Claim | 18480 | Deutsche Bank Trust Company Americas as Trustee and Grantor Trust Trustee | Residential Accredit Loans, Inc. Series 2006-Q08 Mortgage Asset-Backed Pass Through Certificates | LBSF | • Trustee is entitled to a claim for its fees and expenses. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

In re:                                                    )
                                                          )        Chapter 11
LEHMAN BROTHERS HOLDINGS, INC., et al.,                   )
                                                          )        Case No. 08-13555 (JMP)
                    Debtors.                              )
                                                          )        Jointly Administered
_____)

## CERTIFICATE OF SERVICE

       I, Christopher M. Desiderio, hereby certify that on April 11, 2013, I caused true and correct copies of the foregoing *Consolidated Reply to (i) Three Hundred Ninety-Fourth Omnibus Objection to Claims (Valued Derivative Claims); (ii) Three Hundred Ninety-Fifth Omnibus Objection to Claims (Duplicative Claims); and (iii) Three Hundred Ninety-Eighth Omnibus Objection to Claims (No Liability Derivatives Claims)* to be served via overnight delivery on the following parties: (i) the chambers of the Honorable James M. Peck, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 (ii) Attorneys for LBHI, Attn: Robert J. Lemons, Esq. and Maurice Horwitz, Esq., Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (iii) Attorneys for LBHI, Attn: Robert J. Lemons, Esq. and Lee J. Goldberg, Esq., Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (iv) Attorneys for LBHI, Attn: Robert J. Lemons, Esq. and Ralph Miller, Esq., Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 and (v) The Office of the United States Trustee for Region 2, Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq., 33 Whitehall Street, 21st Floor, New York, New York 10004.

Dated:  April 11, 2013
       New York, New York

                             By: */s/ Christopher M. Desiderio*
                             Christopher M. Desiderio