Form 210A (10/06)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re  **Lehman Brothers Holdings Inc.**               Case No. **08-13555**

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Name of Transferee** | **Name of Transferor** |
|---|---|
| **VonWin Capital Management, LP** | **Larry International I Group LTD** |

**Name and Address where notices to Transferee should be sent:**
By: VonWin Capital, LLC its general Partner
261 Fifth Avenue, 22nd Floor
New York, NY 10016
Attn: Roger von Spiegel
Tel: 212-889-1601
Email: cw@vonwincapital.com

Court Claim# (if Known**): 40357**
Amount of Claim: **$1,305,700**
Date Claim Filed**: 10/21/2009**
Debtor: **Lehman Brothers Holdings Inc.**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: **/s/ Roger Von Spiegel**                    Date:   April 12, 2013
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:  THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, Seller, as defined below in the signature block, its successors and assigns ("Seller"), hereby unconditionally and irrevocably sells, transfers and assigns to VonWin Capital Management, L.P., its successors and assigns ("Buyer"), as of the date hereof: (a) the security or securities ("Purchased Security") as specified below and all rights related thereto, including but not limited to the right to file a claim and receive distributions from the bankruptcy proceedings of the issuer, Lehman Brothers Treasury Co. B.V. ("Issuer"); (b) 100% of the Seller's right, title and interest in Proof of Claim, as specified and defined below, filed by or on behalf of Seller against Lehman Brothers Holdings, Inc. ("Debtor"), debtor in bankruptcy proceedings ("Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (hereinafter referred to as the "Purchased Claim" and together with the Purchased Security, the "Claims"); (c) all rights and benefits of Seller relating to the Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Claims, (ii) any actions, claims rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Claims, and (iii) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Claims, (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims").

**Purchased Security:**

| ISIN Number | Description | Maturity | Original Face Amount | Blocking Number |
|---|---|---|---|---|
| XS0346438731 | 18Y NC3M CALLABLE LIBOR RANGE ACCRUAL NOTE | 27-Feb-2026 | USD 1,300,000 | |

**Purchased Claim:**
100% of Proof of Claim # 43057 in the allowed amount of USD 1,305,720.00 ("Proof of Claim").

2. Seller hereby represents and warrants to the Buyer that: (a) Seller is the beneficial owner of the Transferred Claims; (b) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances; (c) no payment or other distribution has been received by Seller, or by any third party on behalf of Seller, in full or partial satisfaction of the Claims, except for USD 78,928.27 of distributions paid by LBHI prior to March 11, 2013 ("Prior Distributions"); (d) in the event, Seller receives any payments other than the Prior Distributions, Seller shall remit such payments to the Buyer no later than three (3) business days after Seller's receipt (e) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor, Issuer or its affiliates, that will result in Buyer receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the same classification.

3. Seller and Buyer hereby agree that Seller will retain the Prior Distributions and that any and all additional distributions related to the Transferred Claims are for the benefit of the Buyer. Seller hereby consents to the substitution of Seller with the Buyer for all purposes, including voting and distribution purposes and waives any objection to the transfer of the Transferred Claims on the books and records of the Debtor, the Issuer or any registrar, agent or court. Seller hereby stipulates that the Buyer is the sole owner of the Transferred Claims and directs all distributions of money or property in respect of the Transferred Claims be made directly to the Buyer.

4. Seller agrees to transfer to Buyer, as soon as practicable after the date hereof, each Purchased Security to such account, via Euroclear or Clearstream, as Buyer may designate in writing to Seller. The Seller and Buyer each agree to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any proof of claim or amendment thereto.

5. Seller's and Buyer's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Buyer each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature blocks below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 5 day of April, 2013.

Seller: Larry International I Group Ltd.
Po Box 314
Dali Taichung County 41299
TAIWAN, PROVINCE OF CHINA

By: _Larry_ / Larry International Group Ltd.
Name: LAI YUNG CHING
Title: MR.

Buyer: VonWin Capital Management, L.P.
261 Fifth Avenue, 22nd Floor
New York, NY 10016

By: _[signature]_
Name: Roger Von Spiegel
Title: Managing D[irector]