Hearing Date: April 25, 2013 at 10:00 a.m.
Objection Deadline: April 15, 2013 at 4:00 p.m.

Aaron R. Cahn
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232

Attorneys for Julia Kaufman

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In Re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., et. al., | Case No. 08-13555 (JMP) (Jointly Administered) |
| Debtors. |  |

## RESPONSE TO CLAIM OBJECTION

JULIA KAUFMAN ("Ms. Kaufman"), by her undersigned counsel, responds to Debtors' 400th Omnibus Objection to Claims (No Liability Employee Claims) (Doc. No. 35787) (the "Objection") as follows:

### INTRODUCTION

1. The Objection challenges claim no. 510 in the amount of $500,000.00 filed by Ms. Kaufman on November 5, 2008. A copy of the proof of claim is annexed hereto as Exhibit A. The Debtors seek to disallow Ms. Kaufman's claim, alleging that a) Ms. Kaufman was not an employee of LBHI and b) even if she was an employee, Ms.

7187344.1

Kaufman, as a Transferred Employee under the Asset Purchase Agreement between the Debtors and Barclays plc, has no remaining claim against LBHI.

2. Ms. Kaufman's claim was timely filed and accordingly is *prima facie* evidence of the validity of her claim. 11 U.S.C. § 502(a); *Stancill v. Harford Sands, Inc. (In re Harford Sands, Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004); *In re 183 Lorraine St. Assoc.*, 198 B.R. 16, 26 (Bankr. E.D.N.Y. 1996); FED. R. BANKR. P. 3001(f).

3. Accordingly, the Debtors must carry the burden of demonstrating that her claim must be disallowed.

## ARGUMENT

4. As further set forth in the accompanying declaration of Ms. Kaufman (the "Kaufman Declaration"), she was uncertain as to which Lehman entity to file against because she had been treated as an employee of both LBHI and LBI. She worked for both entities and could easily be considered an employee of both entities. The *pro forma* objection that LBHI's records do not reveal her to be an employee of LBHI is insufficient to overcome the presumption of validity of the proof of claim.

5. With respect to the argument that Lehman retains no liability for salary or bonuses payable to transferred employees, the Kaufman Declaration demonstrates that, whatever may have been in the agreements that were approved by this Court in the early morning hours of Saturday, September 20, 2008, neither LBHI or any other party ever communicated to Kaufman that LBHI had purported to divest itself of its contractual liabilities to employees.

6. Drawing on the familiar principle that while a contracting party can transfer its rights to an assignee, it cannot divest itself of obligations under that contract

7187344.1

without obtaining the consent of the obligee, *see, e.g., In re Chemtura Corp.,* 448 B.R. 635, 653 (Bankr. S.D.N.Y. 2011), there is, at the very least, a significant question of fact and law as to whether or not the purported transfer of liabilities to Barclays was effective as to Ms. Kaufman, given that at no time was she ever given notice of, or the opportunity to consent to, such transfer. On the contrary, as set forth in her declaration, the only communication she received was a mass e-mail from Barclays that she was being given the opportunity to transfer to Barclays, which e-mail made no mention of the fate of her contractual obligations from Lehman.

WHEREFORE, Ms. Kaufman respectfully requests that the Debtor's objections to her claim be overruled, and that her claim be allowed in full.

Dated: New York, New York
April 15, 2013

CARTER LEDYARD & MILBURN LLP

By: ____/s/ Aaron R. Cahn____
Aaron R. Cahn
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232

To: Clerk, United States Bankruptcy Court
Alexander Hamilton Custom House
1 Bowling Green
New York, New York 10004

Office of the United States Trustee
Att: Tracy Hope Davis, Elisabetta Gasparini and Andrea B. Schwartz
33 Whitehall Street, 21st Floor

7187344.1

New York, New York 10004

Jones Day
Att: Robert W. Gaffey and Kelly A. Carrero
Attorneys for the Debtors and Debtors-in-Possession
222 East 41st Street
New York, New York 10017

7187344.1