UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

In re:                                          :       **Chapter 11 Case No.**
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :       08-13555 (JMP)
                                                :
                           **Debtors.**         :       (Jointly Administered)

------------------------------------------------x

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a). Transferee
hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr.P., of the transfer, other
than for security, of the claim referenced in this evidence and notice.

| **LBVN Holdings, L.L.C.** | **Goldman Sachs & Co.** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee
should be sent:

    P.O. Box 1641
    New York, New York 10150
    E-mail: lbvn@lbvn.myhostedsolution.net
    Phone: N/A
    Last Four Digits of Acct #: N/A

With a copy to:
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York  10019-6064
Attention:  Andrew N. Rosenberg
Phone: (212) 373-3158
Facsimile: (212) 492-0158
E-Mail:  arosenberg@paulweiss.com

Name and Address where transferee payments
should be sent (if different from above): N/A

Court Claim # (if known): 58894
Total Claim Amount: $16,011,856.50

Amount of Claim as Filed with respect to ISIN
XS0266833515:  $16,011,856.50
Amount of Claim as Filed with respect to ISIN
XS0266833515 to be Transferred:  $16,011,856.50
(or 100% of the Amount of Claim as Filed)

Allowed Amount of Claim with respect to ISIN
XS0266833515:  $14,194,490.63
Allowed Amount of Claim with respect to ISIN
XS0266833515 to be Transferred:  $14,194,490.63
(or 100% of the Allowed Amount of Claim)

Date Claim Filed: October 30, 2009

30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attention: Michelle Latzoni
Phone: (212) 934-3921
E-Mail: gsd.link@gs.com

**\*\*PLEASE SEE ATTACHED EXHIBITS\*\***

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**LBVN HOLDINGS, L.L.C.**

By: _____          Date:  April 16, 2013
      Transferee/Transferee's Agent
      Andrew N. Rosenberg/Authorized Signatory

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

<u>Exhibit A</u>

Evidence of Transfer of Claim

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Goldman Sachs & Co.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **LBVN HOLDINGS, L.L.C.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable amounts specified in Schedule 1 attached hereto (each a "Purchased Claim," and collectively, the "Purchased Claims"), in Seller's right, title and interest in and to the Proof of Claim Numbers specified in Schedule 1 attached hereto, each filed by or on behalf of Seller or Seller's predecessors in interest (each, a "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claims, but only to the extent of each Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claims and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), and (d), the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.    Seller hereby represents and warrants to Purchaser that: (a) each Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) each Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proofs of Claim collectively include all of the Purchased Claims specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors of the same class and type as the Purchased Claims; (g) Seller has provided a true and correct copy of the Notice of Proposed Allowed Claim Amount (each, a "Notice") for each Proof of Claim to the extent and in the form received from Seller's predecessor in interest, and no action was undertaken by Seller with respect to any Notice; and (h) on or around April 4, 2013, Seller received the third distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Third Distribution") and other than the Third Distribution, Seller has not received any payment or other distribution in full or partial satisfaction of the Transferred Claims.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect

772551v.4 153/05435

to the Transferred Claims.  Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property on account of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.  Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.  Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall (a) promptly (but in any event no later than three (3) business days after the date of this Agreement and Evidence of Transfer) remit the Third Distribution to Purchaser, and (b) promptly (but in any event no later than three (3) business days after receipt) remit to Purchaser any payments, distributions, proceeds or notices (other than notices publicly available or sent directly to Purchaser) received by Seller after the date of this Agreement and Evidence of Transfer of Claim on account of the Transferred Claims.  Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller.  This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.  Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

[Remainder of page intentionally left blank]

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 16th day of April 2013.

GOLDMAN SACHS & CO.

By: _____
Name:
Title:
      Jeremiah Keefe
      Managing Director

30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attn: Michelle Latzoni
Email: gsd.link@gs.com
Tel: (212)934-3921

LBVN HOLDINGS, L.L.C.

By: _____
Name: Andrew N. Rosenberg
Title: Authorized Signatory

P.O. Box 1641
New York, NY 10150
E-mail: lbvn@lbvn.myhostedsolution.net

With a copy to:
Andy Rosenberg
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: 212-373-3125
Fax: 212-492-0125

3

772551v.4 153/05435

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 11th day of April 2013.

**GOLDMAN SACHS & CO.**

By: _____
Name:
Title:

30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attn: Michelle Latzoni
Email: gsd.link@gs.com
Tel: (212)934-3921

**LBVN HOLDINGS, L.L.C.**

By: _____
Name: Andrew N. Rosenberg
Title: Authorized Signatory

P.O. Box 1641
New York, NY 10150
E-mail: lbvn@lbvn.myhostedsolution.net

With a copy to:
Andy Rosenberg
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: 212-373-3125
Fax: 212-492-0125

3

Schedule 1

Transferred Claims

Purchased Claims

1.  100% of Proof of Claim Number 58894 relating to ISIN XS0266835315 = USD 14,194,490.63 (in allowed amount);

2.  100% of Proof of Claim Number 63602 relating to ISIN XS0232364868 = USD 11,933,477.47 (in allowed amount);

3.  100% of Proof of Claim Number 62743 relating to ISIN XS0297183187 = USD 6,321,349.89 (in allowed amount);

4.  100% of Proof of Claim Number 62744 relating to ISIN XS0297183187 = USD 9,482,024.83 (in allowed amount);

5.  100% of Proof of Claim Number 46900 relating to ISIN XS0276438255 = USD 14,191,057.71 (in allowed amount);

6.  100% of Proof of Claim Number 62743 relating to ISIN XS0326264917 = USD 5,676,423.09 (in allowed amount);

7.  100% of Proof of Claim Number 62744 relating to ISIN XS0326264917 = USD 8,514,634.63 (in allowed amount);

8.  34.02424% of ISIN XS0342777371 = USD 4,074,095.71 (in allowed amount);

9.  50.218180% of ISIN XS0342777371 = USD 6,013,173.69 (in allowed amount);

10.  100% of Proof of Claim Number 58221 relating to ISIN XS0352310485 = USD 7,095,528.86 (in allowed amount);

11.  100% of Proof of Claim Number 63660 relating to ISIN XS0216921741 = USD 7,236,850.46 (in allowed amount);

12.  100% of Proof of Claim Number 62743 relating to ISIN XS0257988484 = USD 2,554,390.39 (in allowed amount);

13.  100% of Proof of Claim Number 62744 relating to ISIN XS0257988484 = USD 3,831,585.58 (in allowed amount);

14.  100% of Proof of Claim Number 46900 relating to ISIN XS0273044940 = USD 7,095,528.85 (in allowed amount);

15.  100% of Proof of Claim Number 50355 relating to ISIN XS0301316906 = USD 2,900,156.55 (in allowed amount);

16.  100% of Proof of Claim Number 50351 relating to ISIN XS0301316906 = USD 4,350,234.83 (in allowed amount);

Schedule 1–1

17.  100% of Proof of Claim Number 49737 relating to ISIN XS0272317131 = USD 7,095,529.00 (in allowed amount);

18.  100% of Proof of Claim Number 55829 relating to ISIN XS0334382065 = USD 5,179,736.07 (in allowed amount).

Lehman Programs Securities to which Transfer Relates

| | Proof of Claim Number | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount | Third Distribution Amount |
|---|---|---|---|---|---|---|---|
| 1. | 58894 | XS0266833515 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 10,000,000.00 | USD 14,194,490.63 | $436,667.23 |
| 2. | 63602 | XS0232364868 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 8,000,000.00 | USD 11,933,477.47 | $367,111.35 |
| 3. | 62743 | XS0297183187 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 4,000,000.00 | USD 6,321,349.89 | $194,464.62 |
| 4. | 62744 | XS0297183187 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 6,000,000.00 | USD 9,482,024.83 | $291,696.95 |
| 5. | 46900 | XS0276438255 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 10,000,000.00 | USD 14,191,057.71 | $436,561.63 |
| 6. | 62743 | XS0326264917 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 4,000,000.00 | USD 5,676,423.09 | $174,624.65 |
| 7. | 62744 | XS0326264917 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 6,000,000.00 | USD 8,514,634.63 | $261,936.98 |
| 8. | 58980 | XS0342777371 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 2,807,000.14 | USD 4,074,095.71 | $125,332.00 |
| 9. | 58982 | XS0342777371 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 4,142,999.86 | USD 6,013,173.69 | $184,984.15 |
| 10. | 58221 | XS0352310485 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 5,000,000.00 | USD 7,095,528.86 | $218,280.81 |
| 11. | 63660 | XS0216921741 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 5,000,000.00 | USD 7,236,850.46 | $222,628.30 |
| 12. | 62743 | XS0257988484 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 1,800,000.00 | USD 2,554,390.39 | $78,581.08 |

5

772551v.4 153\05435

| | | | | | |
|---|---|---|---|---|---|
| 13. | 62744 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 2,700,000.00 | USD 3,831,585.58 | $117,871.64 |
| 14. | 46900 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 5,000,000.00 | USD 7,095,528.85 | $218,280.80 |
| 15. | 50355 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 2,000,000.00 | USD 2,900,156.55 | $89,217.94 |
| 16. | 50351 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 3,000,000.00 | USD 4,350,234.83 | $133,826.92 |
| 17. | 49737 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 5,000,000.00 | USD 7,095,529.00 | $218,280.80 |
| 18. | 55829 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 3,650,000.00 | USD 5,179,736.07 | $159,344.98 |

6

Exhibit B

Proof of Claim

| United States Bankruptcy Court/Southern District of New York | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000058894

**Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009**

Name and address of Creditor:

Vienna Insurance Group Wiener Städtische Versicherung AG
Schottenring 30
A-1010 Vienna, Austria

Telephone number: +4350100-75441  Email Address: c.buchmayer@staedtische.co.at

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:          Email Address:

**1.** Provide the total amount of your claim based on Lehman Programs Securities...

Amount of Claim: $ See attached     (Required)

☑ Check this box if the amount of claim includes interest or other charges...

**2.** Provide the International Securities Identification Number (ISIN)...

International Securities Identification Number (ISIN): XS0266833515     (Required)

**3.** Provide the Clearstream Bank Blocking Number...

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

CA75827     (Required)

**4.** Provide the Clearstream Bank, Euroclear Bank or other depository participant account number...

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:

67004     (Required)

**5. Consent to Euroclear Bank, Clearstream Bank or Other Depository:** ...

FOR COURT USE ONLY
OCT 3 0 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date. | Signature: The person filing this claim must sign it... |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

## EXHIBIT A

### I.    Introduction

1.    On September 15, 2008,[1] Lehman Brothers Holdings Inc. (the "Debtor")

commenced a voluntary case under chapter 11 of title 11 of the United States Code in the United

States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2.    This proof of claim (this "Proof of Claim") is filed in the Debtor's

bankruptcy case by Vienna Insurance Group Wiener Städtische Versicherung AG ("VIG"). VIG

has a claim (the "Claim") against the Debtor on account of the Debtor's unconditional guarantee

of the due and punctual payment of all amounts payable by Lehman Brothers Treasury Co. B.V.

("LBT") in respect of €10,000,000.00 in principal amount of index linked notes (the "Notes")

due September 2021, issued by LBT under the U.S.$60,000,000,000 Euro Medium-Term Note

Program. The Notes, with the ISIN of XS0266833515, are identified on http://www.lehman-

docket.com as "Lehman Program Securities."

### II.    The Claim

3.    VIG hereby asserts the Claim in the initial amount of $16,011,856.50 (the

"Initial Claim Amount").[2] The Initial Claim Amount includes $445,756.50 in interest that has

accrued under the terms of the Notes through September 30, 2009. The amount of the Claim as

of September 15, 2008 was $15,569,637.75.

4.    The Claim also includes all additional interest that will accrue from

September 30, 2009 through the date on which the Claim is paid in full. Such additional interest

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings assigned to such terms in that certain Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form, dated as of July 2, 2009 (Docket No. 4271) (the "Bar Date Order").

[2]    The Initial Claim Amount was calculated using 110% of the Principal Amount of the Notes, in accordance with the terms of the Notes.

amounts cannot be estimated or calculated reasonably at this time. VIG does not waive its rights

to any of the additional interest by not stating a specific figure therefor at this time, and, further,

hereby reserves its right to amend and supplement this Proof of Claim to include any such

additional interest amounts.

       5.      In addition, the Claim includes all amounts owed to VIG in connection

with the index-link (the "Index-Link") in the Notes, the value of which was contemplated to be

calculated as of the maturity date of the Notes. The amounts due in respect of the Index-Link

cannot be estimated or calculated reasonably at this time. VIG does not waive its rights to any

such amounts by not stating a specific figure therefor at this time, and, further, hereby reserves

its right to amend and supplement this Proof of Claim to include any such additional amounts.

       6.      Under the terms of the Bar Date Order, VIG is not required to file any

documentation supporting this Proof of Claim.

## III.   <u>General</u>

       7.      VIG does not waive any right or rights of action that it has or may have

against the Debtor or any other person or persons. VIG reserves the right to amend or

supplement this Proof of Claim in any manner.

       8.      By filing this Proof of Claim, VIG does not submit itself to the jurisdiction

of the Bankruptcy Court for any purpose other than with respect to this Proof of Claim.

       9.      This Proof of Claim is not intended to be, and shall not be construed as:

(i) an election of remedies; (ii) a waiver of any defaults; (iii) a waiver or limitation of any of

VIG's rights, remedies, claims or interests under applicable law against the Debtor or any other

person or entity; (iv) a waiver of any setoff or recoupment rights under applicable law; (v) a

waiver of any netting rights under applicable law; (vi) a waiver of any rights to assert that all or

any portion of the amounts claimed for are being held by the Debtor, as bailee, or in constructive

trust; (vii) a waiver of VIG's property or ownership rights (legal or equitable); or (viii) a waiver

of VIG's legal, equitable or beneficial interests.

        10.    All notices and communications concerning this Proof of Claim should be

addressed as follows:

> Vienna Insurance Group Wiener Städtische Versicherung AG
> Schottenring 30
> A-1010 Vienna, Austria
> +43-50100-75441
> c.buchmayer@staedtische.co.at

> and to:

> Michael H. Torkin
> Solomon J. Noh
> Shearman & Sterling LLP
> 599 Lexington Avenue
> New York, New York 10022
> 212-848-4000
> mtorkin@shearman.com
> solomon.noh@shearman.com

Dated as of October 22, 2009

HAND DELIVERY

RECEIVED BY:                    DATE                    TIME