Anthony M. Rainone, Esq.
Eric Magnelli, Esq.
**BRACH EICHLER LLC**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
Telephone: (973) 228-5700
Facsimile: (973) 228-7852
*Attorneys for Claimant Thomas P. Blakeslee (Claim No. 66365)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**LEHMAN BROTHERS HOLDINGS INC.,** *et al*,<br><br>Debtors. | Chapter 11 Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**CLAIMANT THOMAS P. BLAKESLEE'S OPPOSITION TO
LEHMAN BROTHERS HOLDINGS INC.'S FOUR HUNDREDTH OMNIBUS
OBJECTION TO CLAIMS (NO LIABILITY EMPLOYEE CLAIMS) [DE 35787]**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

In response to Debtor Lehman Brothers Holdings, Inc.'s ("Debtor" or "LBHI") Four Hundredth Omnibus Objection to Claims (No Liability Employee Claims) (the "Objection") [DE 35787], Claimant Thomas P. Blakeslee (Claim No. 66365) ("Blakeslee"), through his attorneys, respectfully represents as follows:

**Brief Statement of Relevant Facts**

1.    On February 19, 2008, Blakeslee executed an employment agreement with Lehman Brothers (the "Employment Agreement") that contained, among other things, a guaranteed minimum bonus in the amount of $1,500,000 (for performance year ending

November 30, 2008), payable on January 31, 2009 (the "Bonus"). A true and accurate copy of the Employment Agreement is annexed hereto as Exhibit A.

2. In October 2008, after commencement of the Lehman Brothers entities bankruptcy proceedings, Blakeslee was offered a position with Barclays Capital Inc. and Barclays Bank PLC (collectively, "Barclays"). Blakeslee's compensation from Barclays was far less than what he would have received from Lehman Brothers. Blakeslee accepted the position with Barclays and commenced employment on or about October 31, 2008.

3. Contrary to the Employment Agreement, Blakeslee was never paid the Bonus from LBHI, Lehman Brothers, Inc ("LBI"), any other Lehman entity, or Barclays.

4. In January 2009, Blakeslee filed a Proof of Claim (Claim No. 1573) in the Bankruptcy matter *In re Lehman Brothers, Inc.*, Case No. 08-01420, for the earned but unpaid Bonus. On September 22, 2009, Blakeslee also filed a Proof of Claim (No. 27271) in this matter for his earned but unpaid Bonus.[1] A true and accurate copy of the Proof of Claim filed in this matter (with the Employment Agreement attached) is annexed hereto as Exhibit A. On March 8, 2013, Debtor filed its Four Hundredth Omnibus Objection to Claims (No Liability Employee Claims) (the "Objection"). (DE 35787).

## Argument

**I. Blakeslee is entitled to recover his earned but unpaid guaranteed Bonus**

5. In the first point of Debtor's Objection, Debtor argues that it is not required to pay Blakeslee his guaranteed earned Bonus because: (A) Blakeslee was an employee of "other

---

[1] Blakeslee filed an amended Proof of Claim (No. 66365) in this matter on March 5, 2010. Claim No. 66365 is the claim that Debtor attacks in its Objection. (*See* Debtor's Objection, Exhibit A at p.1 [DE 35787-1]). The amount contained in Claim No. 66365 is the same as Claim No. 27271 ($1.5 MM); however, the Employment Agreement was only attached to Claim No. 27271.

Lehman entities", not LBHI; (B) Blakeslee was considered a "Transferred Employee"; thus the Debtor's obligation to pay Blakeslee his earned guaranteed bonus was transferred to Barclays pursuant to an Asset Purchase Agreement ("APA"); and (C) Debtor has no liability for duplicative claims. All of Debtor's arguments fail for the following reasons, set forth below.

**A.     Blakeslee was an employee of "Lehman Brothers"**

6. Debtor argues that LBHI was not Blakeslee's employer; rather it was "other Lehman entities", such as LBI, that employed Blakeslee. Thus, these "other Lehman entities" are responsible for Blakeslee's unpaid Bonus, not Debtor. (*See* Debtor's Objection at pp. 5-6 [DE 35787 at 8-9 of 18]).

7. The Lehman Brothers entities have done nothing to inform Blakeslee (and probably other claimants as well) as to which Lehman entity considered him its employee and in which bankruptcy matter he should file a Proof of Claim. Blakeslee was clearly an employee of "Lehman Brothers" and he was clearly guaranteed to an earned Bonus.

8. Rather than assist its employees, LBHI, LBI and Barclays have weaved an intricate convoluted web, designed to baffle creditors and shirk responsibilities. The fact remains that Blakeslee is entitled to a guaranteed earned bonus of $1.5 million that no Lehman or Barclays entity has yet to pay.

9. Blakeslee acknowledges that he probably was employed with LBI. However, documentation relating to this Bankruptcy proceeding reveals that LBHI was in fact Blakeslee's employer. For example, by letter dated June 8, 2012, Debtor's counsel acknowledged Blakeslee's employment with LBHI, stating:

> The Chapter 11 Entities, with the assistance of their advisors, have reviewed the Claim and determined that it asserts a claim for a bonus payment relating to your former employment with LBHI.

3

A true and accurate copy of the June 8, 2012 letter is annexed hereto as Exhibit B.

10. Prior to writing the June 8 letter, Debtor's counsel had a copy of the Employment Agreement, which was attached to Blakeslee's Proof of Claim No. 27271. The body of the Employment Agreement simply refers to Blakeslee's employer as "the Firm", and is on company letterhead merely entitled "LEHMAN BROTHERS". *See* Exhibit A. Notwithstanding, after reviewing the Employment Agreement and Proof of Claim No. 27271, Debtor's counsel, with the assistance of advisors, recognized that Blakeslee was in fact an employee of LBHI.

11. While LBHI may argue that the Employment Agreement reflects LBI as Blakeslee's employer, Blakeslee's claim should not be expunged from this matter until such a time that it is determined by this Court as to whether LBI and/or LBHI is Blakeslee's employer.

12. In addition, Debtor argues in Point I.B of its Objection (and in earlier proceedings as well) that LBHI did in fact employ Transferred Employees entitled to an earned bonus from the Lehman entities – employees such as Blakeslee. (Debtor's Objection, Point I.B at pp. 6-7 [DE 35787 at 9-10 of 18]); *see also In re Lehman Bros. Holding Inc.*, 456 B.R. 213 (S.D.N.Y. 2011). Debtor then advances the position that the Bonus was transferred from Debtor to Barclays, yet in the same breath states that it never had any obligation to pay Blakeslee for the Bonus. (*Compare* Debtor's Objection, Point I.A *with* Point I.B); (s*ee also* Point I.B of Claimant's Opposition, below). On these contradictory arguments alone, Debtor's Objection should be rejected and Blakeslee's claim should continue in this matter until such a time that it is determined by this Court as to whether LBI and/or LBHI is Blakeslee's employer.

**II.    Blakeslee should be entitled to discovery to reveal that LBHI was a "Joint Employer"**

13. Under New York Labor Law, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any

4

occupation, industry, trade, business or service." NYLL § 190(3). Likewise, an employee is described as "any person employed for hire by an employer in any employment." NYLL § 190(2). Because the term "employer" is defined in such broad terms, the statute itself "offers little guidance on whether a given individual is or is not an employer." *Grenawalt v. AT&T Mobility, LLC*, --- F.Supp.2d ---, 2013 WL 131165, *8 (S.D.N.Y. April 2, 2013).[2] As a result, and in order to effectuate its remedial purposes, New York Labor Law "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles …." *See id.*

14. Whether or not an entity is considered a "joint employer" under New York Labor Law is a "fact intensive inquiry", requiring the application of a multi-part test and a case-by-case analysis. *Id.* at 9; *accord Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 76 & n.13 (2d Cir. 2003) *and Carter v. Dutchess Community College*, 735 F.2d 8, 12 & n.1 (2d Cir. 1984). Due to Debtor's counsel's representations that LBHI was Blakeslee's employer and the lack of clarity in the Employment Agreement as to which entity was employing Blakeslee, Blakeslee should be entitled to discovery in order to demonstrate that LBHI was a "joint employer" of Blakeslee.

### A. Blakeslee's Bonus was not transferred to Barclays

15. As mentioned above, Debtor claims that its obligation to pay Blakeslee's earned Bonus was transferred to Barclays pursuant to the APA.[3] Thus, according to Debtor, Barclays is responsible for Blakeslee's unpaid bonus. However, this Court has already ruled, and the U.S. District Court for the Southern District of New York and the U.S. Court of Appeals for the

---

[2] Because the Fair Labor Standards Act ("FLSA") and New York Labor Law define employment almost identically, courts hold that New York Labor Law embodies the same standards as the FLSA.

[3] Debtor failed to attach a copy of the APA to its Objection.

Second Circuit have affirmed, that under the APA: (i) the Transferred Employees do not have standing to sue Barclays because they were not third-party beneficiaries under the APA, and (ii) Barclays did not assume the obligation to pay the guaranteed bonuses owed to the Transferred Employees. *In re Lehman Bros. Holding Inc.*, 2011 WL 722601, *10 (Bkrtcy. S.D.N.Y. Feb. 22, 2011), *aff'd*, 479 B.R. 268, 270 (S.D.N.Y. 2012), *aff'd*, 2013 WL 811729 (2d Cir. Mar 6, 2013).

16. Accordingly, Debtor's objection is without merit and should be rejected.

**B. Blakeslee is not attempting to recover a windfall**

17. As stated above, Blakeslee filed a Proof of Claim (No. 1573) in the *In re: Lehman Brothers, Inc.* matter. Although Blakeslee may be entitled to recover from both LBI and LBHI on a joint employer theory, Blakeslee is not attempting to recover a windfall. However, Blakeslee is entitled to recover his earned and unpaid bonus from one of the Lehman entities. As a result, and in order to fully protect Blakeslee's interests, a Proof of Claim was filed in both *Lehman* Bankruptcy matters.

18. Accordingly, Blakeslee's claim should continue in this matter until such a time that it is determined by this Court as to whether LBI and/or LBHI is Blakeslee's employer.

**II. Blakeslee's earned guaranteed Bonus should not be reduced by any amounts that he was paid by Barclays**

19. Debtor argues that any bonuses the Court awards Blakeslee should be reduced by any amounts Blakeslee received from Barclays in connection with his employment with Barclays. As stated in Pont I.B above, this Court has already held that Barclays did not assume the obligation to pay the guaranteed bonuses owed to the Transferred Employees. Thus, it is nonsensical that any bonus paid by Barclays to Blakeslee would set-off the guaranteed Bonus already earned by Blakeslee from Lehman Brothers, for the simple fact that Barclays did not assume such obligation.

6

20. Accordingly, Debtor's objection is without merit and should be rejected.

**III.   Blakeslee's earned guaranteed Bonus should not be reclassified as equity**

21. Debtor argues that under the terms of certain employment contracts, certain holders of bonus claims were to be paid in part in conditional equity awards. Thus, such bonus claims should be reclassified as equity.

22. New York Labor Law defines wages as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis." NYLL § 190(1). The term "wages" includes a guaranteed bonus that is "earned". *See Bader v. Wells Fargo Home Mortgage Inc.*, 773 F.Supp.2d 397, 417 (S.D.N.Y. 2011) (applying New York law). Under New York Labor Law, employers are prohibited from making "any deduction from the wages of an employee'" except in accordance with state and federal law or if expressly authorized in writing by the employee. NYLL § 193. Thus, an employer's failure and refusal to pay its employee a guaranteed earned bonus is in direct violation of NYLL § 193.

23. Here, the Employment Agreement guaranteed Blakeslee "[a] minimum bonus in the amount of $1,500,000, less applicable deductions, payable on or about January 31, 2009." Thus, Blakeslee's earned guaranteed bonus is clearly not an equity interest.

24. Accordingly, Debtor's objection is without merit as to Blakeslee, and should be rejected.

## Conclusion

25.    For the reasons set forth above, Debtor's objection to Blakeslee's claim should be rejected and Blakeslee's claim should not be expunged from this matter until such a time that it is determined by this Court as to whether LBI or LBHI is Blakeslee's employer.

Dated: April 18, 2013                                        By:    *s/ Anthony M. Rainone*
                                                                                                  ANTHONY M. RAINONE
                                                                                                  ERIC MAGNELLI

                                                                          **BRACH EICHLER LLC**
                                                                          101 Eisenhower Parkway
                                                                          Roseland, New Jersey 07068-1067
                                                                          Telephone: (973) 228-5700
                                                                          Facsimile: (973) 228-7852
                                                                          *Attorneys for Claimant, Thomas P.*
                                                                          *Blakeslee (Claim No. 66365)*

## CERTIFICATION OF FILING AND SERVICE

I, Eric Magnell, Esq., of full age and upon his oath, certify as follows:

1. I am an attorney licensed to practice in the State of New York and an associate at the law firm Brach Eichler LLC, attorneys for Claimant Thomas P. Blakeslee in the above captioned action.

2. On April 18, 2013, Claimant Thomas P. Blakeslee's Opposition to Lehman Brothers Holdings, Inc's 400th Omnibus Objection to Claims (No Liability Employee Claims) (the "Opposition") was filed and served in accordance with General Order M-399.

3. I further certify that on April 18, 2013, a true and accurate copy of the Opposition was served on (i) the chambers of the Honorable James M. Peck, One Bowling Green, Courtroom 601, New York, New York 10004; (ii) attorneys for LBHI, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn: Robert W. Gaffey, Esq. and Kelly A. Carrero, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabeta Gasparini, Esq. and Andrea B. Shwartz, Esq.).

I certify under penalty of perjury that the foregoing statements are true and correct.
Executed on April 18, 2013

By: _____
ERIC MAGNELLI