# Exhibit A

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors.<br>Name of Debtor Against Which Claim is Held | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered)<br>Case No. of Debtor | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000027271 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

MR. THOMAS P. BLAKESLEE
3 THORNBROOK LANE
BEDFORD, NY 10506

Telephone number:                Email Address:

Name and address where payment should be sent (if different from above)

Telephone number:                Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ **1,500,000.00**

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☒ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: **SERVICES PERFORMED (GUARANTEE CONTRACT)**
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____  Annual Interest Rate ___%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____    Basis for perfection: _____
Amount of Secured Claim: $_____    Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $ —
(See instruction #6 on reverse side.)

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

Date: **9/22/09**

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. **/s/ T.P. Blakeslee  Thomas Blakeslee**

FOR COURT USE ONLY

**FILED / RECEIVED**
**SEP 22 2009**
**EPIQ BANKRUPTCY SOLUTIONS, LLC**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# LEHMAN BROTHERS

CHRISTINE THOMSON
VICE PRESIDENT

February 15, 2008
*Revised February* 19, *2008*

Thomas Blakeslee
3 Thombrook Lane
Bedford, NY 10506

Dear Thomas:

I am pleased to confirm the terms we have agreed to with respect to your continuing employment by the Firm.

For performance year 2008 (ending November 30, 2008), your compensation will be as follows, subject to the conditions set forth below:

- Effective as of February 14, 2008 your bi-weekly base salary will be $7,692.30, which is equivalent to $200,000 year.

- A minimum bonus in the amount of $1,500,000, less applicable deductions, payable on or about January 31, 2009.

- Your compensation with respect to all periods after performance year 2008 will be determined at the Firm's discretion.

The foregoing salary will be paid for all periods of your active employment with the Firm in performance year 2008. The bonus amount set forth above will be paid at the time and in the amount stated except that it will not be payable if you have failed to obtain and/or maintain in good standing all applicable licenses and registrations or if, before the date of scheduled payment, you have resigned or have been terminated from the Firm because of misconduct, breach of Firm policies or rules, dishonesty, vioJatio~ of laws or regulations, or grGSS negligence or repeated or persistent failure to follow the Firm's reasonable directives following 30 days' notice of such failure and your failure to cure within such 30 days. The bonus amount set forth above may be reduced in the event of an approved leave of absence during the applicable performance year.

At the Firm's discretion, a portion of your 2008 and future years' total compensation (combined base salary, bonus, and other compensation) will be payable in conditional equity awards (restricted stock units, options, and/or other equity-based awards) pursuant to the Fiml's Equity Award Program as then generally in effect for employees with your position and corporate title. The terms and conditions of the Equity Award Program,

Thomas Blakeslee
February 14, 2008
*Revised February 19, 2008*
Page 2

including terms and conditions relating to vesting, exercisability, and forfeiture, will be established by the Firm from time to time in its discretion.

All compensation payments described in this letter will be paid in accordance with our customary payroll practices, and will be subject to applicable payroll and income tax withholding and other applicable deductions. Your compensation for all periods after performance year 2008 will be determined at the Firm's discretion.

While the foregoing compensation commitments will be honored on the terms outlined above, this letter is not a contract of continuing employment. Your employment by the Firm is for no fixed term, and either you or the Firm may terminate the employment relationship at any time for any reason, subject to any applicable notice requirement. Currently, the Firm's notice policy requires officers of the Firm to provide 30 days' advance written notice of resignation, and provides for 30 days' advance notice by the Firm to its officers in the event of an involuntary termination under certain circumstances.

Thomas, if you agree with the terms outlined in this letter, please acknowledge same by signing a copy of this letter and returning it to me.

Sincerely,

*[signature: Christine Thomson]*

Christine Thomson
Vice President
Fixed Income Human Resources

Accepted by:

_*[signature: T Blakeslee]*_     _2/19/08_
Thomas Blakeslee                 Date

H A N D   D E L I V E R Y

_____  
RECEIVED BY:

**FILED / RECEIVED**
SEP 2 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC
_____
DATE

4:21
_____
TIME

# Exhibit B

10

BLAKESLEE, THOMAS P.
3 THORNBROOK LANE
BEDFORD, NY 10506

June 8, 2012

Re:   *In re Lehman Brothers Holdings Inc., et al.*, Case No. 08-13555 (JMP)

Dear Claimant/Claimant Authorized Representative:

We represent Lehman Brothers Holdings Inc. ("LBHI") and certain of its affiliates (collectively, the "Chapter 11 Entities") in the above-referenced chapter 11 cases. We write in regard to claim number 66365 that you have filed against LBHI in these cases (the "Claim").

The Chapter 11 Entities, with the assistance of their advisors, have reviewed the Claim and determined that it asserts a claim for a bonus payment relating to your former employment with LBHI. It is the understanding of the Chapter 11 Entities that you were transferred to Barclays Capital Inc. ("Barclays") following the commencement of the chapter 11 cases and that you were paid a bonus by Barclays for the year ended December 31, 2008. Accordingly, the Chapter 11 Entities hereby request that you provide LBHI with (i) the amount (and any supporting documentation of such amount) of any bonus payment you received from Barclays relating to your 2008 compensation and (ii) the commencement date and termination date (if applicable) of your employment with Barclays (the "Requested Information") to demonstrate that your Claim does not seek duplicative recoveries. The Requested Information should be sent to:

Erika del Nido
c/o Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

If we do not receive any additional Requested Information from you by June 22, 2012, then LBHI may object to your Claim on the basis that it asserts a claim for amounts that were paid to you by Barclays.

If you provide the Requested Information, then the Chapter 11 Entities will consider them in future review of the Claim. Notwithstanding this correspondence, LBHI reserves its rights to object to the Claim on any and all bases in the future.

If you have any questions regarding the foregoing, you may contact Erika del Nido of Weil, Gotshal & Manges LLP, counsel to LBHI, at 212-310-8323 or via email at erika.delnido@weil.com. If you choose to communicate via email, you must use the subject line of "Response to Requested Information Inquiry."

Sincerely,

Erika del Nido