# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc                    Case No.08-13555 (JMP)

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**Front Capital Ltd**                                   Hytönen, Juha

Name of Transferee                                      Name of Transferor

Name and Address where notices                          Court Claim # (if known): 63889
to transferee should be sent:
Aleksanterinkatu 48 A                                   Amount of Claim: 100% of ISIN
FI-00100 Helsinki                                       FI0003026351 (€100,000.00 of €
Finland                                                 100,000.00) of the total filed under Claim
                                                        number 63889

e-mail: hannu.kananen@front.fi                          Date Claim Filed: 2nd November 20009

Tel: +358 9 6829 8015

I declare under penalty of perjury that
the information provided in this notice
is true and correct to the best of my
knowledge and belief.

By: _____          8th April 2013
    Transferee
    Hannu Kananen
    Chairman of the Board Front Capital

RECEIVED APR 15 2013 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK



Helsinki, 8th April 2013

United States Bankruptcy Court
Southern District of New York
Lehman Brother Holding Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

Front Capital Ltd
Aleksanterinkatu 48 A, 6th floor
00100 Helsinki
Finland

### TRANSFER OF CLAIM

Please find enclosed transferring documents between Mr. Juha Hytönen and Front Capital Ltd for Court filing.

An account information for Front Capital Ltd (as a new creditor) is:

| | |
|---|---|
| Bank name: | Danske Bank Plc |
| Country of Bank Account: | Finland |
| IBAN or Account Number: | FI5180001771346625 |
| BIC-Bank Identification: | DABAFIHH |

Sincerely yours,

FRONT CAPITAL LTD

Front Group Ltd           2494212-3
Front Capital Ltd         2045856-1
Front Asset Management Ltd 2045142-3
Front Life Ltd            2327556-8

Aleksanterinkatu 48 A
00100 Helsinki
Finland
Domicile Helsinki

Tel    +358 9 6829 800
Fax    +358 9 6829 8010
E-mail info@front.fi
Web    www.front.fi

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000063889 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Juha Hytönen
c/o Pamela Smith Holleman, Esq.
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109

Telephone number: 617-338-2800    Email Address: pholleman@sandw.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on: _____

**Name and address where payment should be sent** (if different from above)

Same as above

Telephone number:    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ 141510 (at least) (See Attached Addendum) (Required)

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): FI0003026351    (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:
0209101225990003942
(Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:
Nordea Bank Finland Plc Business Identity Code 1680235-8 (See Attached Addendum)
(Required)

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY
FILED / RECEIVED
NOV 0 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date. | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| October 27, 2009 | Tommi Äijälä (CEO) Finlandia Group Plc Aleksanterinkatu 44, 00100 Helsinki Finland (duly authorized) |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

## ADDENDUM TO PROOF OF CLAIM

The above-named creditor ("**Claimant**") hereby submits this Lehman Securities Programs Proof of Claim (the "**Proof of Claim**") in the Chapter 11 case of Lehman Brothers Holdings, Inc. ("**LBHI**" or, together with its affiliated debtors and debtors in possession, the "**Debtors**"). In support hereof, Claimant states as follows:

### Statement of Claim

1. Claimant is the current holder of certain senior notes (the "**Finnish Notes**"), Series 8789 and/or 9751 (as stated on the signature page of this Proof of Claim), which were issued by Lehman Brothers Treasury Co. B.V. (the "**Issuer**") and backed by one or more senior guarantees issued by LBHI (collectively, "**Guarantees**"). The Finnish Notes were issued pursuant to that certain U.S. $100,000,000,000 Euro Medium Term-Note Program as described in that certain Base Prospectus dated 24 July 2007 (the "**Base Prospectus**") and Final Terms dated 18 December 2007 for the Issue of EUR 9,140,000 Index-Linked Redemption Notes due January 2013 relating to a Basket of Indices having ISIN Code FI0003026351 (as to Series 8789) and/or Final Terms dated 26 February 2008 for the Issue of EUR 6,597,000 Multi-Asset-Linked Redemption Notes due March 2013 relating to a Basket of Assets having ISIN Code FI0008902994 (as to Series 9751) (the "**Final Terms**").

2. The Finnish Notes are index-linked, non-interest bearing notes issued in uncertificated and dematerialized book entry form in Euroclear Finland Ltd operating as the Finnish Central Securities Depository (formerly known as the Finnish Central Securities Depository Ltd.) (APK) OM System maintained by Euroclear Finland Ltd Pursuant to the Final Terms, on the applicable maturity date each of the Finnish Notes is to be redeemed by the Issuer at a "Final Redemption Amount", payable in Euros, to be calculated in accordance with a formula equal to 100% of the specified denomination of the note plus an upward adjustment linked to the performance of a basket of securities indices (as to Series 8789) or assets (as to Series 9751). Therefore, Claimant has a right to payment in an amount equal to (at least) (i) the principal amount of the Finnish Notes plus (ii) a premium to be calculated on the basis of the performance of the relevant indices or assets for a period of time, measured as of the last relevant "Observation Date" occurring prior to the commencement of the LBHI's Chapter 11 case (as defined in the applicable Final Terms) or such other method as may be deemed just and proper by the United States Bankruptcy Court for the Southern District of New York or other court having jurisdiction over the Debtors' bankruptcy cases. The principal amount of this claim has been converted to U.S. Dollars at the EURO:USD exchange rate 1.4151 as published by European Central Bank applicable as of September 15, 2008.

3. With respect to numbered item 3 as set forth on the signature page of this Proof of Claim, Claimant has provided the appropriate depository blocking reference number utilized in Finland.

4. With respect to numbered item 4, Claimant states that, upon information and belief, pursuant to Finnish law Finnish citizens (including Claimant) are not permitted to hold Finnish securities in a nominee account and, accordingly, depository participant accounts are not permitted for such investors regarding such securities. Accordingly, in response to item 4,

Claimant has provided its custody accountholder's name and business identification code in lieu of a participant account number to identify the source of the Blocking Number.

### Reservation of Rights

5.      Claimant reserves the right to amend this Proof of Claim and/or otherwise to assert, in an appropriate forum, whatever claims it has or may have (if any) for loss or diminution in value of the Finnish Notes pursuant to applicable bankruptcy and nonbankruptcy law, insofar as such loss or diminution may be found to have been caused by any wrongful acts and omissions of the Issuer and/or the Guarantor, including without limitation securities fraud, common law fraud or misrepresentation, breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty and/or negligence; and further reserves all rights and remedies arising from or in connection with such claims, including without limitation attorneys' fees and costs of collection.

6.      Additionally, Claimant reserves all legal and equitable rights against the Debtors' bankruptcy estates, including but not limited to all rights arising under or in connection with the Finnish Notes and Guarantees; rights of rescission; rights of recoupment and/or set-off; the right to amend this Proof of Claim as necessary with the passage of time to reflect additional sums to be owed or any applicable credits; and the right to augment the assertion of claims set forth herein with the passage of time and appropriate fact discovery, including but not limited to administrative expense claims and other claims or rights; and all rights and remedies it had or may have against third parties, including without limitation the Issuer, concerning the transactions and occurrences which gave rise to the instant claim.

### Supporting Documentation

7.      Pursuant to that certain Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form entered by the United States Bankruptcy Court for the Southern District of New York on or about July 2, 2009, at 14, Claimant is not required to attach or submit documentation supporting its claim. Claimant will make such documentation available to the Debtors upon request, subject (if and as applicable) to an appropriate nondisclosure agreement; <u>provided that</u>, pursuant to the Final Terms and the Base Prospectus, the Finnish Notes were issued in registered, uncertificated and dematerialized book-entry form and therefore are not available in hard copy.

**HAND DELIVERY**

**FILED / RECEIVED**

NOV 0 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

**RECEIVED BY:**     **DATE**     **TIME**

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Juha Hytönen** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Front Capital Ltd** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **nominal amount € 100.000,00 (onehundredthousand)** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to **Proof of Claim Number 63889** filed by or on behalf of **Juha Hytönen** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) Seller has not delivered any acceleration notices with respect to the Purchased Security to Lehman Brothers Treasury Co. B.V. and/or Lehman Brothers Holdings, Inc.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller

hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 27th day of March 2013.

JUHA HYTÖNEN

By: _____
Name: Juha Hytönen
Title:

Pikkukuja 5
04620 Mäntsälä

FRONT CAPITAL LTD

By: _____
Name: Hannu Kananen
Title: Chairman of the Board

Aleksanterinkatu 48 A
00100 HELSINKI
FINLAND

Schedule 1

## LEHMAN PROGRAM SECURITY

Transferred Claims

Purchased Claim

€ 100.000,00 (the outstanding amount of the Proof of Claim as of 2nd November 2009).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Note | FI0003026351 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | € 100.000,00 | N/A | 03 Jan 2013 | 2nd November 2009 |