**Presentment Date and Time: May 1, 2013 at 12:00 p.m. noon (Prevailing Eastern Time)**
**Objection Deadline: April 30, 2013 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objection Filed): May 15, 2013 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                                 :   Chapter 11 Case No.
                                                      :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,              :   08-13555 (JMP)
                                                      :
                     Debtors.                         :   (Jointly Administered)
                                                      :
------------------------------------------------------------x

# NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER AMONG LEHMAN BROTHERS HOLDINGS INC., LEHMAN COMMERCIAL PAPER INC. AND PLYMOUTH PARK TAX SERVICES, LLC REGARDING REAL PROPERTY LOCATED IN BRIDGEPORT, CONNECTICUT

**PLEASE TAKE NOTICE** that the undersigned will present the annexed stipulation, agreement and order among Lehman Brothers Holdings Inc., Lehman Commercial Paper Inc. and Plymouth Park Tax Services, LLC, providing for relief from the automatic stay with regard to certain real property located at 53 Crescent Avenue, Bridgeport, Connecticut (the "Stipulation, Agreement and Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **May 1, 2013 at 12:00 noon (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation, Agreement and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **April 30, 2013 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation, Agreement and Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation, Agreement and Order on **May 15, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

US_ACTIVE:\44229060\2\58399.0003

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: April 22, 2013
      New York, New York

                                        /s/ Jacqueline Marcus
                                        Jacqueline Marcus
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Lehman Brothers Holdings Inc.
                                        and Certain of its Affiliates

Presentment Date and Time: May 3, 2013 at 12:00 p.m. noon (Prevailing Eastern Time)
Objection Deadline: April 30, 2013 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): May 15, 2013 at 10:00 a.m. (Prevailing Eastern Time)

WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers
Holdings Inc. and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re                                                           :        Chapter 11 Case No.
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        08-13555 (JMP)
                                                                :
                    Debtors.                              :        (Jointly Administered)
                                                                :
------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER**
**AMONG LEHMAN BROTHERS HOLDINGS INC., LEHMAN**
**COMMERCIAL PAPER INC. AND PLYMOUTH PARK TAX SERVICES,**
**LLC REGARDING REAL PROPERTY LOCATED IN BRIDGEPORT, CONNECTICUT**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order")

is entered into by Plymouth Park Tax Services, LLC d/b/a Xspand ("Plymouth Park") and

Lehman Brothers Holdings Inc., as Plan Administrator (the "Plan Administrator") under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan") on behalf of Lehman Brothers Holdings Inc. ("LBHI") and

Lehman Commercial Paper Inc. ("LCPI").

US_ACTIVE:\44229060\2\58399.0003

**RECITALS**

A. On September 15, 2008 and October 5, 2008 (as applicable, the "Commencement Date"), LBHI and LCPI, respectively, commenced with this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

B. On or about November 3, 2006, Greenpoint Mortgage Funding, Inc. ("Greenpoint") made a $337,500 commercial mortgage loan to 47-53 Crescent LLC (the "Borrower"). This loan is evidenced by a note, dated November 3, 2006 (the "Note") and an open-end mortgage deed and security agreement, dated November 3, 2006 (the "Mortgage," together with the Note, the "Loan"). The Mortgage encumbers certain real property located at 47 Crescent Avenue and 51-53 Crescent Avenue, each in Bridgeport, Connecticut (the "Property").

C. On or about June 18, 2008, Greenpoint assigned the Loan to LBHI.

D. On December 4, 1997, LBHI, LCPI and certain of their affiliates entered into a Master Repurchase Agreement (as amended, the "MRA"). Pursuant to the MRA, LBHI sold to LCPI certain commercial and residential mortgage and mezzanine loans with an obligation to repurchase such loans at a future date (the "MRA Loans"). The Loan was included among the MRA Loans and, therefore, was sold to LCPI under the MRA. Because LBHI retained an obligation to repurchase the Loan from LCPI, this transaction was not recorded in the local property records.

E. On December 6, 2011, the Court entered an order confirming the Plan (the "Confirmation Order") (ECF No. 23023). The Plan became effective on March 6, 2012.

F. On or about June 30, 2009, Plymouth Park acquired a statutory lien on a portion of the Property (the "Lien"). Plymouth Park asserts that the lien arises out of $32,571.54

2

in delinquent real estate taxes due and owing from the Borrower. Plymouth Park asserts further that the Lien has priority over the Mortgage by operation of law.

  G. On or about June 7, 2010, Plymouth Park commenced a foreclosure action against the Property in the 2nd Judicial District of Fairfield at Bridgeport (the "Foreclosure Action") [Docket No. CV-10-6010749-S]. The Foreclosure Action has been stayed by the automatic stay extant in the Chapter 11 Cases pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay").

  H. Pursuant to paragraph 54 of the Confirmation Order, the Automatic Stay remains in full force and effect.

  I. On August 14, 2012, Plymouth Park filed a motion (the "Motion") for relief from the Automatic Stay to permit Plymouth Park to exercise its rights with respect to the Property (ECF No. 30017).

  J. The Loan is currently in default and, notwithstanding LBHI's and LCPI's interest in the Loan, the Plan Administrator has determined that it is in the best interests of the Chapter 11 Estates to consent to limited relief from the Automatic Stay on the terms set forth below.

  K. In light of the foregoing, and to ensure that Plymouth Park is not prohibited from exercising its rights with respect to the Property, the Plan Administrator and Plymouth Park (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to the terms set forth below.

3

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. Upon the Effective Date, the Automatic Stay extant in the Chapter 11 Cases shall be modified with respect to Plymouth Park's interest in the Property and Plymouth Park shall be permitted to exercise its rights under applicable non-bankruptcy law against the Property.

3. Except as provided in paragraph 2, the provisions of section 362(a) of the Bankruptcy Code and paragraph 54 of the Confirmation Order, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim (as defined in section 541 of the Bankruptcy Code) that arose prior to the Commencement Date from the Chapter 11 Estates and/or assets or property of LBHI or LCPI shall remain in full force and effect.

4. Upon the Effective Date, Plymouth Park, on behalf of itself and any other party, person or entity claiming under or through it (each of the foregoing, a "Plymouth Park Releasors"), hereby generally releases, discharges, waives and acquits, unconditionally and irrevocably, the Plan Administrator, LBHI, LCPI and their respective current and former agents, servants, officers, directors, shareholders, employees, subsidiaries, divisions, branches, units, affiliates, parents, attorneys, successors, predecessors, heirs, personal representatives, and assigns (each of the foregoing, a "Released Lehman Party"), from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses and claims of every kind, nature, and character whatsoever, whether in law or in equity, whether based on

4

contract (including, without limitation, quasi-contract or estoppel), statute, regulation, tort (including, without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that such Plymouth Park Releasor ever had or claimed to have or now has or claims to have against any Released Lehman Party arising under or related to the Loan or the Property; *provided, however*, that the foregoing release shall not affect, impair or operate as a release of the rights and obligations of Plymouth Park set forth in this Stipulation, Agreement and Order

5. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in the release in paragraph 4. Section 1542 of the California Civil Code reads as follows:

> "**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**"

6. Upon the Effective Date, the Motion shall be deemed withdrawn with prejudice.

7. To the extent that the Foreclosure Action, or any sale conducted in connection therewith, results in excess proceeds after satisfaction of the Lien and any interest, late fees and reasonable attorneys' fees and costs incurred in connection therewith, to the extent that any of the foregoing are permitted by applicable law, Plymouth Park agrees to transfer such excess proceeds to LCPI in partial satisfaction of the Loan.

8. Nothing contained herein shall be deemed to waive any of LBHI's or LCPI's respective rights under the Mortgage or against the Borrower or any related parties in

5

connection with the Loan or any agreements related thereto, including, without limitation, any guarantees of Borrower's obligations under the Loan or otherwise.

9. This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

10. Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

11. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

12. Each Party to this Stipulation, Agreement and Order represents that it fully understands the terms hereof. This Agreement shall not be strictly construed against either Party on the ground that the rules for the construction of contracts require the resolution of any ambiguity against the Party that drafted the document.

13. This Stipulation, Agreement and Order shall be effective immediately upon its entry and shall not be stayed pursuant to Bankruptcy Rule 4001(a)(3).

14. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: April 22, 2013
      Bridgeport, Connecticut

/s/ Juda J. Epstein
Juda J. Epstein

3543 Main Street, 2nd Floor
Bridgeport, CT  06606
Telephone: (203) 371-7007
Facsimile: (203) 371-6001

Attorney for Plymouth Park Tax Services, LLC

Dated: April 22, 2013
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and Certain of its Affiliates

SO ORDERED, this ___ day of _____, 2013 in New York

_____
United States Bankruptcy Judge

7