CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
Telephone: (312) 845-3000
Facsimile: (312) 701-2361
James E. Spiotto (admitted *pro hac vice*)
Ann E. Acker (admitted *pro hac vice*)
Franklin H. Top III (admitted *pro hac vice*)
Scott Lewis

-and-

CHAPMAN AND CUTLER LLP
330 Madison Avenue, 34th Floor
New York, New York 10017-5010
Telephone: (212) 655-6000
Craig M. Price (CP 9039)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>LEHMAN BROTHERS HOLDINGS INC., *ET AL.*,<br><br>Debtors. | CHAPTER 11 CASE NO. 08-13555 (JMP)<br><br>(Jointly Administered) |

**AFFIDAVIT OF DONALD F. HIGGINS IN CONNECTION WITH THE MOTION OF
THE DEBTORS PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE AND SECTION 105(A) OF THE BANKRUPTCY CODE
FOR APPROVAL OF THE PARTIAL SETTLEMENT AGREEMENT RELATING TO
PEBBLE CREEK LCDO 2007-3, LTD. CREDIT DEFAULT SWAP AGREEMENT AND
INDENTURE**

3361248.01.11.doc

I, Donald F. Higgins, being first duly sworn on oath, and under penalties of perjury as provided for under the Federal Rules of Civil Procedure, depose and state as follows:

1. I am presently employed by U.S. Bank National Association as an Assistant Vice President in our Corporate Trust Services Group based in our Boston, Massachusetts, offices located at One Federal Street, Third Floor, Boston, Massachusetts 02110. U.S. Bank National Association serves as Indenture Trustee under the terms of that certain Indenture (the *"Indenture"*), dated as of July 19, 2007, by and between Pebble Creek LCDO 2007-3, Ltd., as Issuer (the *"Issuer"*), Pebble Creek LCDO 2007-3, LLC, as Co-Issuer, and U.S. Bank National Association, as Trustee (the *"Trustee"* or *"U.S. Bank"*). In my capacity at U.S. Bank, as Trustee, I have responsibility for administering the Indenture. Capitalized terms not defined herein shall have the meaning ascribed in the Motion of the Debtors Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105(a) of the Bankruptcy Code for Approval of the Partial Settlement Agreement Relating to Pebble Creek LCDO 2007-3, Ltd. Credit Default Swap Agreement and Indenture (the *"Settlement Motion"*) [ECF No. 35813].

2. Based on my own experiences and after review of the Trustee's business records, I have personal knowledge of the facts stated in this Affidavit and am competent to testify to these facts if called to do so.

3. After Lehman Brothers Holdings Inc. (*"LBHI"*) and Lehman Brothers Special Financing Inc. (*"LBSF"* and with LBHI, the *"Debtors"*) filed for bankruptcy on September 15, 2008, and October 3, 2008, respectively (the *"Bankruptcy Proceedings"*), the Trustee sent out numerous notices to holders of notes (*"Holders"*) issued by the Issuer under the Pebble Creek

LCDO 2007-3 transaction (the *"Transaction"*) and other parties, and had related conference calls and other communications with Holders, to inform them, and solicit their directions, in respect to certain developments, issues and other matters concerning the Transaction and Bankruptcy Proceedings.

4. The notes issued under the Indenture are generally held in "street name," meaning that the notes themselves are registered in the name of Cede & Company as the nominee for The Depository Trust Company (*"DTC"*) as the Holder, on behalf of the beneficial holders of such notes. Each of the Notices (as defined below) provided by the Trustee to Holders and other parties, including the Twenty-Sixth Notice (as also defined below), was transmitted to DTC with instructions to forward the notice on to beneficial holders. Upon information and belief, DTC posted the Notices on its electronic bulletin board for beneficial holders to view.

5. Each of the Notices were also timely sent by the Trustee to all Holders of notes in physical or certificated form listed on the Trustee's registered holders list for the Transaction as of the date of each Notice by U.S. mail, postage pre-paid, to the physical address listed therein.

6. In addition, with assistance of others in my office, the Notices, including the Twenty-Sixth Notice, were timely posted on the Trustee's investor reporting website (http://www.usbank.com/abs), which provides Holders with access to certain information relating to the Indenture and the trust established thereby.

7. In the period from approximately October 15, 2008, through and including February 1, 2010, the Trustee sent out thirteen (13) notices to Holders and other parties (among

other communications) (the *"First Thirteen Notices"*) in an attempt to inform Holders on a variety of issues relating to the Transaction, as follows:

(i) Informational Notice from the Trustee to the Holders in the Transactions (and certain other parties named therein) dated October 15, 2008;

(ii) Event of Default Notice from the Trustee to the Holders in the Transactions (and certain other parties named therein) dated October 21, 2008;

(iii) Informational Notice from the Trustee to the Holders in the Transactions (and certain other parties named therein) dated December 5, 2008;

(iv) Notice to Holders in the Transactions (and certain other parties named therein) dated February 23, 2009;

(v) Notice to Holders in the Transactions Regarding Receipt of Notice of Termination of Lehman Brothers ABS Enhanced LIBOR Fund dated March 11, 2009;

(vi) Request for Direction Regarding Proposal from Credit Swap Counterparty from the Trustee to the Holders in the Transactions (and certain other parties named therein) dated March 27, 2009, requesting direction regarding a proposal from the Credit Swap Counterparty;

(vii) Request for Direction Regarding Notice of Termination of Lehman Brothers ABS Enhanced LIBOR Fund from the Trustee to the Holders in the Transactions (and certain other parties named therein) dated March 27, 2009, requesting direction regarding a notice of termination of the Lehman Brothers ABS Enhanced LIBOR Fund, and the Supplement thereto dated May 8, 2009;

(viii) Notice to Holders in the Transactions (and certain other parties named therein) dated April 22, 2009;

(ix) Notice of Responses to Request for Direction Regarding Replacement of the Investment Manager of Lehman Brothers ABS Enhanced LIBOR Fund from the Trustee to

the Holders in the Transactions (and certain other parties named therein) dated June 4, 2009;

(x)   Notices entitled "Invitation to Holders to Participate in Conference Call" sent separately to Holders in each of the respective Transactions, dated May 11, 2009;

(xi)  Notice to Holders in the Subject Transaction (and certain other parties named therein) Regarding Notice of Certain Developments dated September 22, 2009;

(xii) Notice to Holders in the Transactions (and certain other parties named therein) Regarding Notice of Change in Management of TCW Asset Management Company and Update on the Replacement of Neuberger Berman Fixed Income LLC as the Manager of the Lehman Brothers ABS Enhanced LIBOR Fund (the 'LIBOR Fund') with TCW Asset Management Company dated December 29, 2009; and

(xiii) Notice to Holders in the Transactions (and certain other parties named therein) Regarding Notice of Motion to Replace Neuberger Berman Fixed Income LLC as the Manager of the Lehman Brothers ABS Enhanced LIBOR Fund (the 'LIBOR Fund') with TCW Asset Management Company dated February 1, 2010.

8.  Thereafter, the Trustee sent a subsequent notice to Holders and other parties on or about March 4, 2010, entitled *Notice of Certain Developments and Invitation to Holders to Participate in Conference Call*, to inform Holders of certain developments in the Bankruptcy Proceedings and invite them to participate in a conference call in regard thereto to provide them an opportunity to provide input on the course(s) of action they desired the Trustee to pursue in furtherance of resolution of the Transaction (the *"Fourteenth Notice"*).

9.  On or about April 20, 2010, the Trustee received Derivatives ADR Notice No. 157 with respect to the swap transaction between the Issuer and LBSF executed concurrently with the Indenture, under which a response and participation in subsequent mediation

proceedings was mandatory. As required by the ADR Procedures Order, the Trustee sent a notice to Holders and other parties on or about May 3, 2010, entitled *Notice to the Holders of Notes Issued by Pebble Creek LCDO 2007-3, Ltd.*, seeking direction and input from them with respect to the resolution of the swap transaction (the *"Fifteenth Notice"*). A true and correct copy of the Fifteenth Notice is attached hereto as *Exhibit A*.

10. The Trustee did not receive any comments from Holders in the Transaction, or if it did, such comments were not significant, in connection with the Fifteenth Notice that it had transmitted. Notice of the receipt of ADR Notice No. 157 was also published by the Trustee in the Wall Street Journal and Financial Times in May 2011 (the *"Published Notices"*). True and correct copies of the Published Notices published in the Financial Times are attached hereto as *Exhibit B*. Similar notices were published in the Wall Street Journal.

11. On or about June 28, 2010, the Trustee sent an additional notice to Holders, again seeking input with respect to the resolution of the relevant swap transaction (the *"Sixteenth Notice"*). That notice provided in pertinent part:

> Lehman Brothers Holdings Inc. (*"LBHI"*) filed a voluntary petition seeking relief under Chapter 11 of 11 U.S.C. § 101 *et seq.* (the *"Bankruptcy Code"*) on September 15, 2008. LBSF filed a voluntary petition under the Bankruptcy Code on October 3, 2008. Both of these proceedings are pending in the United States Bankruptcy Court for the Southern District of New York and are consolidated for administrative purposes under Case No. 08-13555. The Honorable James M. Peck presides over the proceedings. Information with respect to those proceedings may be found at http://www.Lehman-Docket.com.
>
> As reported in our Notice dated May 3, 2010, the Indenture Trustee received an ADR Notice dated April 19, 2010 demanding a payment by the Issuer to LBSF in the amount of **$REDACTED**, consisting of **$REDACTED** in a termination payment plus **$REDACTED** in interest thereon. A copy of the ADR Notice is attached as *Exhibit C*

to the May 3, 2010 Notice and has been posted on the Indenture Trustee's website at http://www.usbank.com/abs. The Indenture Trustee filed a response to the ADR Notice on June 4, 2010, a copy of which is attached hereto as *Exhibit B*. The Indenture Trustee received the Reply from LBSF on June 18, 2010 stating, *inter alia*, that the matter was appropriate for mediation. A copy of the Reply is attached hereto as *Exhibit C*. As of this date, mediation has not been scheduled.

Pursuant to Section 5(b) of the ADR Order, the Indenture Trustee is again (a) providing you notice that LBSF made a demand for a termination payment plus interest thereon, (b) seeking the identity of all [Holders] in order to facilitate participation of [Holders] in the Derivatives ADR Procedures (as defined in the ADR Order) and to facilitate direct communications with LBSF regarding these matters, and (c) seeking direction and instruction from the [Holders] with respect to participation by the Indenture Trustee in the Derivative ADR Procedures. Further, as required by the ADR Order, the Indenture Trustee (a) invites you to participate in the Derivatives ADR Procedures as an alternative to litigation, (b) encourages you to communicate directly with the Debtors, and (c) consistent with Indenture and applicable law, offers to take your direction with regard to the ADR Notice. Contacts for LBSF and its counsel may be found in the Reply.

**The Indenture Trustee needs your input and direction with respect to the mediation. In order to facilitate participation, communication, direction and instruction in connection with the ADR Procedures, please complete a Certificate of Beneficial Interest in the form attached hereto as *Exhibit A* and return it to the Indenture Trustee at your earliest possible convenience.**

(Emphasis in original). A true and correct copy of the Sixteenth Notice is attached hereto as *Exhibit C*.

12. Thereafter, the Trustee sent subsequent notices to Holders to schedule conference calls with them to discuss the mediation and the mediation process generally, among other issues, as follows:

    (i) Notice to Holders in Transactions (and certain other parties named therein) Regarding Invitation to a Conference Call on August 18, 2010 at 1:00 PM EDT, 10:00 PDT, between

        the Trustee and the Holders of Notes dated August 4, 2010 (the "*Seventeenth Notice*"); and

   (ii)    Notice to Holders in Transactions (and certain other parties named therein) Regarding Invitation to Conference Call on October 28, 2010, at 3:00 p.m. EDT, 12:00 noon PDT dated October 19, 2009 (the "*Eighteenth Notice*").

13.    On September 14, 2010, the Debtors initiated litigation with respect to the relevant swap transaction for the Transaction. The Trustee sent an additional notice to Holders and other parties on or about September 29, 2010, entitled *Notice of the Institution of Litigation by Lehman Brothers Special Financing Inc.*, in which the Trustee provided notice to Holders of the litigation (the "*Nineteenth Notice*").

14.    On November 24, 2010, the Debtors filed a motion seeking to alter certain procedures for settling claims involving special purpose vehicle counterparties (the "*SPV ADR Motion*"). Thereafter, the Trustee sent an additional notice to Holders and other parties on or about December 31, 2010, entitled *Notice to Holders and/or Certificateholders of the Transactions and Their Corresponding CUSIPs Listed on Exhibit A*, which informed Holders of the SPV ADR Motion and that the Trustee had filed an objection thereto (the "*Twentieth Notice*"). A true and correct copy of the Twentieth Notice is attached hereto as *Exhibit D*.

15.    The Trustee sent a subsequent notice to Holders and other parties on or about April 4, 2011, entitled *Notice to Holders and/or Certificateholders (the 'Securityholders') of the Transactions and Their Corresponding CUSIPs Listed on Exhibit A*, in which the Trustee indicated that it was essential that one or more Holders or holders of certificates issued by the Issuer be present to represent the Transaction in the mediation with LBSF (the "*Twenty-First Notice*"). A true and correct copy of the Twenty-First Notice is attached hereto as *Exhibit E*.

16. The Trustee did not receive any comments from Holders in the Transaction, or if it did, such comments were not significant, in connection with the Twenty-First Notice that it had transmitted. Thereafter, the Trustee sent additional notices to Holders and other parties regarding the scheduling of a hearing on the Debtors' disclosure statement (the *"Twenty-Second Notice"*) and with respect to the payment of unpaid fees and expenses of various service providers, including the Trustee and the government of the Cayman Islands (the *"Twenty-Third Notice"*).

17. The Trustee did not receive any comments from Holders in the Transaction, or if it did, such comments were not significant, in connection with the Twenty-Second or Twenty-Third Notices that it had transmitted. The Trustee sent a subsequent notice to Holders and other parties on or about August 8, 2012, entitled *Notice of Initiation of Mediation Proceedings*, informing them that the Debtors had initiated mediation proceedings with respect to the Transaction, and seeking input from Holders with respect to the Trustee's participation (the *"Twenty-Fourth Notice"*). A true and correct copy of the Twenty-Fourth Notice is attached hereto as *Exhibit F*.

18. The Trustee did not receive any comments from Holders in the Transaction, or if it did, such comments were not significant, in connection with the Twenty-Fourth Notice that it had transmitted. Thereafter, the Trustee sent an additional notice to Holders and other parties on or about October 29, 2012, informing them that the mediation schedule had been set for the Transaction and again seeking their input and participation during the mediation (the *"Twenty-Fifth Notice"*). A true and correct copy of the Twenty-Fifth Notice is attached hereto as *Exhibit G*.

19.  The Trustee did not receive any comments from Holders in the Transaction, or if it did, such comments were not significant, in connection with the Twenty-Fifth Notice that it had transmitted. On December 7, 2012, mediation was held with respect to claims under the relevant swap agreement and Indenture for the Transaction. The Debtors and the Trustee reached an agreement for partial resolution of claims, which is reflected in the Settlement Motion filed with this Court by LBSF on March 8, 2013.

20.  The Trustee provided an additional notice to Holders and other parties on or about March 20, 2013, entitled *Notice to Holders of Notes Issued by Pebble Creek LCDO 2007-3 Ltd.*, advising them of the Trustee's partial settlement of claims by and against LBSF for the Transaction, advising them of the Settlement Motion and providing them with information as to how to object in the event they disagreed with the settlement (the *"Twenty-Sixth Notice"* and collectively, with the First Thirteen Notices and the Fourteenth through Twenty-Fifth Notice, the *"Notices"*). A copy of the Twenty-Sixth Notice is attached hereto as *Exhibit H*.

21.  I am not aware of any formal or informal objection of a Holder in the Transaction to the Settlement Motion as of the date of this affidavit.

FURTHER AFFIANT SAYETH NOT.

_____
Donald F. Higgins

Subscribed and sworn to before me
this ___ day of _____ 2013.

By _____
Notary Public

Ralph J. Creasia, Jr.
Notary Public
Commonwealth of Massachusetts
My Commission Expires
December 27, 2013

10

My Commission Expires: _December 27, 2013_