STAMELL & SCHAGER, LLP
One Liberty Plaza, 35th Floor
New York, NY 10006-1404
Telephone: (212) 566-4047
Facsimile: (212) 566-4061
Email: schager@ssnyc.com
Richard J. Schager, Jr.

*Attorneys for Claimant Wendy M. Uvino*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re                                                        :    Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,                       :    08-13555 (JMP)
                                                             :
                                              Debtors.       :    (Jointly Administered)
                                                             :
------------------------------------------------------------ x

## CORRECTED FILING

### RESPONSE OF CLAIMANT WENDY M. UVINO IN OPPOSITION TO DEBTORS' 403rd OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

The attached Response of Claimant Wendy M. Uvino in Opposition to Debtors' 403rd Omnibus Objection was filed on April 22, 2013 pursuant to a Stipulation between Counsel for Debtors' and Claimant. Through clerical error the Response was filed in *In re Lehman Brothers Inc.*, No. 08-01420, rather than in *In re Lehman Brothers Holdings Inc.*, No. 08-13555. This filing corrects the error.

Respectfully submitted,

STAMELL & SCHAGER LLP
One Liberty Plaza, 35th Floor
New York, New York 10006-1404
Telephone: (212) 566-4047
Facsimile: (212) 566-4061

STAMELL & SCHAGER, LLP
One Liberty Plaza, 35th Floor
New York, NY 10006-1404
Telephone: (212) 566-4047
Facsimile: (212) 566-4061
Email: schager@ssnyc.com
Richard J. Schager, Jr.

*Attorneys for Claimant Wendy M. Uvino*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
                                                                 :
In re                                                            :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., et al.,                           :    08-13555 (JMP)
                                                                 :
                                      Debtors.                   :    (Jointly Administered)
                                                                 :
---------------------------------------------------------------- x

## RESPONSE OF CLAIMANT WENDY M. UVINO IN OPPOSITION TO DEBTORS' 403rd OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

**This Statement of Opposition to the Debtors' 403rd Omnibus Objection** is submitted on behalf of Claimant Wendy M. Uvino (Claim No. 4770) the "Claimant"). Claimant is submitting supporting affirmations from Claimant Uvino and from Karen Coviello, formerly a Employee Relations Specialist in the Human Resources Department of Lehman Brothers Holdings Inc. ("LBHI"). Pursuant to a Stipulation between counsel for Claimant and Debtors, this Opposition is being submitted on April 22, 2013 pursuant to a one-week extension from April 15, 2013.

## FACTS

Claimant Uvino submitted claims (i) for Severance Compensation ($161,538.46) under Debtors' Severance Plan, (ii) for Notice Pay ($30,769.23) under the federal Worker Adjustment & Retraining Notification Act, 29 U.S.C. § 2101 (the "WARN Act"), and (iii) for medical benefits under the federal COBRA law. In this Opposition Claimant does not oppose Debtors' Objection to her claim for COBRA benefits, but Claimant does oppose Debtors' objection to her claims for Severance Compensation and Notice Pay.

Claimant Uvino was given notice of the termination of her employment on September 9, 2008, pursuant to a Reduction in Force notice in which Lehman Brothers Inc. ("LBI"), the operating company subsidiary of LBHI, announced the redundancy and termination of a large number of employees in its administrative structure, including employees in human resources, finance, legal and other corporate groups (the "September 2008 RIF"). Affirmation of Wendy Uvino, April 22, 2013 at ¶ 2 ("Uvino Aff."). At the time of her termination, she was advised that her termination was pursuant to the LBI Severance Plan, which is the Plan for LBI and affiliated companies including LBHI, defined collectively as "the Firm." Severance Plan line 1, Uvino Aff. Exh. 1, at p. 1; Affirmation of Karen Coviello, April 22, 2013 at ¶ 3 ("Coviello Aff."). When she was asked to continued her employment with LBI on a temporary basis, she was assured that she remained qualified to receive Severance Pay and Notice Pay under the Severance Plan. After Claimant Uvino was terminated by LBI in October 2008, she continued employment on a temporary basis with LBHI, one of the affiliated companies defined with LBI as "the Firm" in the Severance Plan, and her rights under the Plan were not affected.

Claimant Uvino's original Proof of Claim also claimed $91,000 as the present value of the cost of her medical insurance as of the petition date. Claimant Uvino does not oppose dismissal of this claim.

## DISCUSSION

Section 502(a) of the Bankruptcy Code provides that a claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. §502(a). "A proof of claim executed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). "To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000), citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167 (3d Cir. 1992), and *In re Giordano*, 234 B.R. 645, 650 (Bankr. E.D. Pa. 1999). A bankruptcy claim "cannot be defeated by mere formal objection," which is all that Debtor has submitted here. *In re Sabre Shipping Corp.*, 299 F.Supp. 97, 99 (S.D.N.Y. 1969). If the objector does not "introduce[] evidence as to the invalidity of the claim or the excessiveness of its amount, the Claimant need offer no further proof of the merits of the validity and the amount of the claim." 4 L. King, et al., *Collier on Bankruptcy* ¶502.03[3][f] (rev. ed. 2007). The objector must produce "evidence equal in force to the *prima facie* case" in order to succeed in its objection. *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009).

While Debtors charge Claimant with "remain[ing] an employee of LBHI until June 2010," Debtors fail to note that Claimant had been terminated as employee of an affiliated company on September 9, 2008, that her rights to severance and notice compensation had been determined and that her temporary employment with Debtors after that date was not intended to

-3-

undo the severance compensation arrangements already made, Uvino Aff. ¶¶ 7-9; Coviello Aff. at ¶¶ 4-6. As Claimant Uvino notes, the suggestion that she would give up her severance benefits for temporary employment with a company in liquidation simply makes no sense, economic or otherwise, Uvino Aff. ¶ 9.

Under § 365(a) of the Bankruptcy Code, Debtors rejection of an Executory Contract is deemed a breach as of the Petition Date and gives rise to a claim for breach. The claim "is treated as a prepetition general unsecured claim under Section 502(a). *In re AppliedTheory Corp.*, 312 B.R. 225, 235 (S.D.N.Y. bankr. 2004); *see Dornier Aviation*, 2002 WL 31999222 at *2 (E.D.VA. bankr. 2002) (postpetition rejection "is treated as a prepetition breach . . . [and] any damages resulting from the breach is treated as a general unsecured claim).

Severance pay is within these general principles. The long standing view in this Circuit is that severance pay is "a form of compensation for the termination of the employment relationship, . . . primarily to alleviate the consequent need for economic readjustment, but also to recompense (the employee) for certain losses attributable to the dismissal" *Supplee v. Bethlehem Steel*, 2006 WL 510335 *2 (S.D.N.Y. 2006), citing *Straus-Duparquet v. Local Union No. 3, IBEW*, 386 F.2d 649, 651 (2d Cir. 1967). As in *Supplee*, a postpetition termination may give rise to severance pay as an administrative expense. This is a commonly-litigated issue, but not one asserted here. Rather, Debtors seek to dismiss a prepetition contract claim, arguing that Claimant's claim for severance compensation is not even entitled to general unsecured creditor status. The argument is inconsistent with authority in this Circuit.

> The promise to make post-termination payments, made pre-petition, was another form of pre-petition consideration provided to each Executive at the time he entered into the contract. The undertaking to pay "severance" . . . was a pre-petition promise that created a contingent liability in the part of the

-4-

> Debtors to make that payment if the condition was satisfied. Though contingent, it was a claim on the Filing Date. . . . [I]t is simply a pre-petition contingent claim.

*AppliedTheory Corp.*, 312 B.R. at 245. This conclusion would not be disputed even in those circuits that have not accepted the entirety of the *Straus-Deparquet* approach. For example, in rejecting "administrative expense" classification for a severance claim, the Eastern District of Virginia (Bankr.) held that the right to severance right to severance pay

> is solely a creature of a contract that was entered into prepetition . . . [and] any claims to severance pay was contingent on [the petition] date. . . . The claim on a creditor arising under a prepetition contract is simply a general unsecured claim in the bankruptcy case even if the times for performance -- and hence, the breach -- occurs post-petition.

*In re Dornier* Aviation, 2002 WL 31999222 at ¶ 6-7.

\*    \*    \*    \*    \*    \*

For the reasons stated above, Debtors 403rd Omnibus Objection should be denied as to the Severance Pay ($161,538,46) and Notice Pay ($30,769.23) claims of Claimant Wendy Uvino.

Dated:  New York, New York
        April 22, 2013

Respectfully submitted,

By:       /s/
Richard J. Schager, Jr.
STAMELL & SCHAGER LLP
One Liberty Plaza, 35th Floor
New York, New York 10006-1404
Telephone:  (212) 566-4057
Facsimile:  (212) 566-4061
schager@ssnyc.com

*Counsel for Wendy M. Uvino*

-5-