To:     Hon James M Peck

From:   Dmitry Metlitsky

       2469 65th street apt 6a, Brooklyn, NY 11204

       (917)520-2167

Ref:    Lehman Brothers Bk, claim 5258, docket 27634


Your Honor,

My claim has been adjourned as I have objected to the motion to dismiss and was ready to present my arguments – when LEH lawyers have moved to adjourn the hearing without setting the new date (that adjournment became effective 4/27/12).

It has been a year – and LEH lawyers are not willing to set the date of the hearing so I can argue to the validity of my claim.

Having said, I believe that I have a valid argument to present attesting to the validity of my claim and would like to have my arguments heard. I am also ready to settle without actual hearing – but cannot get anyone from the LEH estate to talk to (probably due to the fact that only two individuals from the docket have objected – so estate presumes that the case is closed).


Will you be so kind to either compel LEH to set the hearing date (as according to them this authority was granted to them early in the Bk proceedings ) – or ask them to appoint a contact person to negotiate the following steps.


Thanks,

Dmitry Metlitsky

 4/16/13



### IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 269: EXHIBIT 2 – NO LIABILITY 401(k) CLAIMS – ADJOURNED OBJECTIONS

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 1 | METLITSKY, DMITRY 2469 65TH STREET APT 6A BROOKLYN, NY 11204 | Lehman Brothers Holdings Inc. | 07/13/2009 | 5258 | $6,545.00 | No Liability |
| 2 | TSEKOV, GEORGI I. 213 S. SCOTCH PLAINS AVE WESTFIELD, NJ 07090 | Lehman Brothers Holdings Inc. | 12/31/2008 | 1525 | $2,268.51 | No Liability |
| | | | | TOTAL | $8,813.51 | |

Claim 5258,
Docket 27634

* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

--------------------------------------------------------------x

### ORDER GRANTING THE
### TWO HUNDRED SIXTY-NINTH OMNIBUS
### <u>OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)</u>

Upon the two hundred sixty-ninth omnibus objection to claims, dated March 12,

2012 (the "<u>Two Hundred Sixty-Ninth Omnibus Objection to Claims</u>"),[1] of Lehman Brothers

Holdings Inc. ("<u>LBHI</u>" and the "<u>Plan Administrator</u>"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "<u>Plan</u>"), pursuant to section 502 of title 11 of the United States Code (the

"<u>Bankruptcy Code</u>"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's

order approving procedures for the filing of omnibus objections to proofs of claim [Docket No.

6664], seeking disallowance and expungement of the No Liability Claims on the basis that LBHI

has no liability for such claims, all as more fully described in the Two Hundred Sixty-Ninth

Omnibus Objection to Claims; and due and proper notice of the Two Hundred Sixty-Ninth

Omnibus Objection to Claims having been provided, and it appearing that no other or further

notice need be provided; and the Court having found and determined that the relief requested in

the Two Hundred Sixty-Ninth Omnibus Objection to Claims is in the best interests of LBHI, its

estate, creditors, and all parties in interest and that the legal and factual bases set forth in the Two

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Two Hundred Sixty-Ninth Omnibus
Objection to Claims.

Hundred Sixty-Ninth Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Sixty-Ninth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the hearing on the Two Hundred Sixty-Ninth Omnibus Objection

to Claims is adjourned *sine die* with respect to the claims listed on Exhibit 2 annexed hereto; and

it is further

ORDERED that the Court-appointed claims agent is authorized to modify the

claims register to reflect this order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A annexed to the Two Hundred

Sixty-Ninth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
      April 27, 2012

                               *s/ James M. Peck*
                              HONORABLE JAMES M. PECK
                              UNITED STATES BANKRUPTCY JUDGE