# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:   Lehman Brothers Holdings Inc.

Case No. 08-13555 (JMP)

Court ID (Court Use Only) _____

## NOTICE OF PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY
## PURSUANT TO BANKRUPTCY RULE 3001(E)(2)

CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111(a).  Pursuant to Bankruptcy Rule 3001(e)(2), Transferee hereby gives notice of the transfer, other than for security, of the claims referenced herein.

| | |
|---|---|
| Name of Transferee:<br>Cyrus Select Opportunities Master Fund Ltd. | Name of Transferor:<br>Goldman Sachs & Co. |
| Notices to Transferee should be sent to:<br>Cyrus Select Opportunities Master Fund Ltd.<br>399 Park Avenue, 39th Floor<br>New York, New York  10022<br>212.380.5822<br>Attn:  Svet Nikov<br>Email:  snikov@cyruscapital.com | Court Record Address of the Transferor:<br>(Court use only) |
| Last Four Digits of Acct.#: | Last Four Digits of Acct.#: |
| Name and Address where transferee payments should be sent (if different from above): | Name and Current Address of Transferor:<br>Goldman Sachs & Co.<br>30 Hudson Street, 5th Floor<br>Jersey City, NJ  07302<br>212.934.3921<br>Attn:  Michelle Latzoni<br>Email:  gsd.link@gs.com |
| Claim Amount Transferred:<br>*Multiple Claim Amounts - See Schedule 1 to attached Evidence of Transfer* | *Note:  This is a partial transfer of multiple claims.* |
| Court Claim No.:<br>*Multiple Claims - See Schedule 1 to attached Evidence of Transfer* | |
| Date Claim Filed:<br>November 2, 2009 | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:  _____     Date:  4/24/13
David Milich
Authorized Signatory

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 &3571.*

As set forth in the attached Evidence of Transfer of Claim, Transferor has waived to the fullest extent permitted by law any notice or right to receive notice of a hearing under Bankruptcy Rule 3001(e).

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Goldman Sachs & Co.** ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to **Cyrus Select Opportunities Master Fund, Ltd** (the "<u>Purchaser</u>"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable amounts specified in <u>Schedule 1</u> attached hereto (the "<u>Purchased Claim</u>"), in Seller's right, title and interest in and to the Proof of Claim Numbers specified in <u>Schedule 1</u> attached hereto filed by or on behalf of Seller's predecessor in interest (each, a "<u>Proof of Claim</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed on account of the Purchased Claim or on account of any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent relating to the Purchased Claim, (c) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claim and specified in <u>Schedule 1</u> attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), and (d), the "<u>Transferred Claims</u>"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.      Seller hereby represents and warrants to Purchaser that: (a) each Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) each Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proofs of Claim together include the Purchased Claim specified in <u>Schedule 1</u> attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors of the same class and type as the Purchased Claim; and (g) Seller has provided a true and correct copy of the Notice of Proposed Allowed Claim Amount ("<u>Notice</u>") for each Proof of Claim to the extent and in the form received from Seller's predecessor in interest, and no action was undertaken by Seller with respect to the relevant Notice.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller

transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property on account of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than the later of (a) three (3) business days after receipt and (b) three (3) business days after the date of this Agreement and Evidence of Transfer of Claim) remit to Purchaser any payments, distributions or proceeds received by Seller after the trade date of March 13, 2013 on account of the Transferred Claims. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*[remainder of page intentionally left blank; signatures follow.]*

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of April 2013.

GOLDMAN SACHS & CO.

By: _____
Name:
Title: *Dennis Lafferty*
*Managing Director*

30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attn: Michelle Latzoni
Email: gsd.link@gs.com
Tel: (212) 934-3921


CYRUS SELECT OPPORTUNITIES MASTER FUND, LTD

By: _____
Name: David Milich
Title: Authorized Signatory

399 Park Avenue, 39th floor
New York, NY 10022
Attn: Svetoslav Nikov
Email:snikov@cyruscapital.com
Tel: (212) 380-5822

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of April 2013.

**GOLDMAN SACHS & CO.**

By:_____
Name:
Title:

30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attn: Michelle Latzoni
Email: gsd.link@gs.com
Tel: (212) 934-3921

**CYRUS SELECT OPPORTUNITIES MASTER FUND, LTD**

By:_____
Name: David Milich
Title: Authorized Signatory

399 Park Avenue, 39th floor
New York, NY 10022
Attn: Svetoslav Nikov
Email:snikov@cyruscapital.com
Tel: (212) 380-5822

Transferred Claims

Purchased Claim

1.  8.8% of Proof of Claim Number 63654 relating to ISIN XS0116900928 = USD 414,196.20 (in allowed amount);

2.  8.8% of Proof of Claim Number 63661 relating to ISIN XS0116900928 = USD 414,196.20 (in allowed amount);

3.  8.8% of Proof of Claim Number 62783 relating to ISIN XS0354608290 = USD 828,118.52 (in allowed amount);

4.  8.8% of Proof of Claim Number 36769 relating to ISIN XS0255434085 = USD 1,268,550.04 (in allowed amount); and

5.  8.8% of Proof of Claim Number 59098 relating to ISIN XS0316515229 = USD 433,982.63 (in allowed amount).

Lehman Programs Securities to which Transfer Relates

|     | Proof of Claim | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|-----|----------------|------------|--------|-----------|---------------------------|----------------|
| 1.  | 63654 | XS0116900928 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | JPY 44,000,000.00 | USD 414,196.20 |
| 2.  | 63661 | XS0116900928 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | JPY 44,000,000.00 | USD 414,196.20 |
| 3.  | 62783 | XS0354608290 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | JPY 88,000,000.00 | USD 828,118.52 |
| 4.  | 36769 | XS0255434085 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 880,000.00 | USD 1,268,550.04 |
| 5.  | 59098 | XS0316515229 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 440,000.00 | USD 433,982.63 |

Schedule 1-1