WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                            :

**In re**                                        :         **Chapter 11 Case No.**
                                              :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*     :         **08-13555 (JMP)**
                                              :

                           **Debtors.**         :         **(Jointly Administered)**
                                              :

-------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER**
**28 U.S.C. § 1746 REGARDING OMNIBUS CLAIMS**
**OBJECTIONS SCHEDULED FOR HEARING ON APRIL 25, 2013**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

                Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Amended Order Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

                1.       Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), or LBHI as Plan Administrator under the Modified Third Amended Joint Chapter 11

Plan of LBHI and its Affiliated Debtors (the "Plan Administrator"), filed the following motions

and omnibus claims objections (collectively, the "Claims Objections") with the Court for hearing

on or before April 25, 2013:

(a)    Three Hundred Ninety-Fifth Omnibus Objection to Claims (Duplicative Claims) **[ECF No. 34729]**

(b)    Four Hundred First Omnibus Objection to Claims (Valued Derivative Claims) **[ECF No. 36005]**

(c)    Four Hundred Fourth Omnibus Objection to Claims (Employment-Related Claims) **[ECF No. 36008]**

(d)    Four Hundred Fifth Omnibus Objection to Claims (No Liability Claims) **[ECF No. 36009]**

(e)    Four Hundred Sixth Omnibus Objection to Claims (Insufficient Documentation Claims) **[ECF No. 36010]**

(f)    Four Hundred Seventh Omnibus Objection to Claims (Insufficient Documentation Claims) **[ECF No. 36011]**

(g)    Motion Pursuant to Section 105(a) of the Bankruptcy Code to Deem the Schedules of Liabilities Amended **[ECF No. 36026]**

2.    In accordance with the Second Amended Case Management Order, the

Debtors, or the Plan Administrator, as applicable, established deadlines (the "Response

Deadline") for each Claim Objection for parties to object or file responses.  The Response

Deadlines have been extended for certain creditors from time to time.  The Second Amended

Case Management Order provides that pleadings may be granted without a hearing, provided that

no objections or other responsive pleadings have been filed on or prior to the relevant response

deadline and the attorney for the entity who filed the pleading complies with the relevant

procedural and notice requirements.

2

3.       The Response Deadlines have now passed and, to the best of my knowledge, no responsive pleadings to the Claims Objections have been (a) filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on counsel to the Debtors or the Plan Administrator (or such responsive pleadings may have been withdrawn) by any of the holders of the claims included on Exhibit 1 to any of the Orders attached hereto, which include only the proofs of claim for which the Claims Objection will be granted.  Responses to certain of the Claims Objections were filed on the docket, or served on the Debtors or the Plan Administrator, by holders of certain proofs of claim included on the Claims Objections.  The hearing on the Claims Objections as to any proof of claim for which a response was either filed on the docket or received by the Debtors or the Plan Administrator, and which response has not been resolved, has been adjourned to a future date.

4.       Accordingly, the Debtors and the Plan Administrator respectfully request that the proposed orders granting the Claims Objections annexed hereto as <u>Exhibits A</u> through <u>G</u>, which, except for the inclusion of additional language to indicate that such order is supplemental to a previously entered order for a Claim Objection or to reference the inclusion of separate exhibits attached to the proposed orders for proofs of claim for which the Claims Objection is granted, adjourned or withdrawn, are unmodified since the filing of the Claims Objections, be

3

entered in accordance with the procedures described in the Second Amended Case Management

Order.

       I declare that the foregoing is true and correct.

Dated:  April 24, 2013
       New York, New York

                /s/ Robert J. Lemons
                Robert J. Lemons

                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                Attorneys for Lehman Brothers Holdings Inc. and
                Certain of Its Affiliates

US_ACTIVE:\44244652\2\58399.0011

**EXHIBIT A**
**(Proposed Order – ECF No. 34729)**

US_ACTIVE:\44244652\1\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

-------------------------------------------------------------------x

## SUPPLEMENTAL ORDER GRANTING THREE HUNDRED
## NINETY-FIFTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)

Upon the three hundred ninety-fifth omnibus objection to claims, dated February 15, 2013 (the "Three Hundred Ninety-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the duplicative claims on the grounds that such claims are duplicative of the corresponding surviving claims, either exactly or in substance, all as more fully described in the Three Hundred Ninety-Fifth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Ninety-Fifth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Ninety-Fifth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Ninety-Fifth Omnibus Objection to Claims.

6

creditors, and all parties in interest and that the legal and factual bases set forth in the Three

Hundred Ninety-Fifth Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Ninety-Fifth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claim

listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "Duplicative Claims") is disallowed and expunged in its entirety with

prejudice; and it is further

ORDERED that the claim listed on Exhibit 1 annexed hereto under the heading

"*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register

subject to the Plan Administrator's right to object as set forth herein; and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Duplicative Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that all information included on and all documentation filed in

support of any Duplicative Claims, including, but not limited to, derivative and guarantee

questionnaires and supporting documentation, shall be treated as having been filed in support of

the corresponding Surviving Claims; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the

Duplicative Claims constitutes any admission or finding with respect to any of the Surviving

Claims, and the Plan Administrator's rights to object to the Surviving Claims on any basis are

preserved; and it is further

US_ACTIVE:\44244652\1\58399.0011

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three Hundred Ninety-Fifth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto; (ii) any claim listed on Exhibit A annexed to the Three Hundred Ninety-Fifth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 to the *Order Granting Three Hundred Ninety-Fifth Omnibus Objection to Claims (Duplicative Claims)* [ECF No. 36322]; and (iii) any Surviving Claim; *provided, however*, that if the Court subsequently orders that a Surviving Claim is not appropriately duplicative of the corresponding Duplicative Claim, then the claims agent shall be authorized and directed to immediately reinstate such Duplicative Claim in these chapter 11 cases (the "Reinstated Claim"), and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
            New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 395: EXHIBIT 1 – DUPLICATIVE CLAIMS**

| | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE AND GRANTOR TRUST | 09/18/2009 | 08-13888 (JMP) | 18479 | Undetermined | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE AND GRANTOR | 04/20/2012 | 08-13888 (JMP) | 68092 | Undetermined |
| | | | | TOTAL | $0.00 | | | | | |

**EXHIBIT B**
**(Proposed Order – ECF No. 36005)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                              :        **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*       :        **08-13555 (JMP)**
                                                   :
                              **Debtors.**         :        **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING THE FOUR HUNDRED FIRST
### OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the four hundred first omnibus objection to claims, dated March 15, 2013

(the "Four Hundred First Omnibus Objection to Claims"),[2] of Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664]

(the "Procedures Order"), seeking to reduce and allow the Valued Derivative Claims, as more

fully described in the Four Hundred First Omnibus Objection to Claims; and due and proper

notice of the Four Hundred First Omnibus Objection to Claims having been provided to (i) the

United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the

Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York;

(v) the claimants listed on Exhibit A attached to the Four Hundred First Omnibus Objection to

Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in

the second amended order entered on June 17, 2010 governing case management and

---

[2]        Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Four Hundred First Omnibus Objection to Claims.

administrative procedures for these cases [Docket No. 9653]; and it appearing that no other or

further notice need be provided; and the Court having found and determined that the relief

sought in the Four Hundred First Omnibus Objection to Claims is in the best interests of the

Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases

set forth in the Four Hundred First Omnibus Objection to Claims establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Four Hundred First Omnibus Objection

to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1 annexed hereto

is hereby modified and allowed in the amount set forth on Exhibit 1 under the column heading

"Modified Amount" and any asserted amount in excess of the modified amount is disallowed;

and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A to the Four Hundred First

Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2013
    New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 401: EXHIBIT 1 - VALUED DERIVATIVES CLAIMS**

| NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|------|---------|------------|-------------|---------|---|---|---|---|---|
| | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 1  PHOENIX F1 | 22105 | 9/21/09 | Lehman Brothers Special Financing Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $92,496.12 | | $92,496.12 |
| | | | **CLAIM AS MODIFIED** | | | | **$92,496.12** | | **$92,496.12** |
| 2  PHOENIX F1 | 22106 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $92,496.12 | | $92,496.12 |
| | | | **CLAIM AS MODIFIED** | | | | **$92,496.12** | | **$92,496.12** |
| | | | TOTAL ASSERTED | $0.00 | $0.00 | $0.00 | $184,992.24 | $0.00 | $184,992.24 |
| | | | TOTAL NOT SUBJECT TO OBJECTION | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | TOTAL SUBJECT TO OBJECTION | 0.00 | 0.00 | 0.00 | 184,992.24 | 0.00 | 184,992.24 |
| | | | **TOTAL CLAIM AS MODIFIED** | **$0.00** | **$0.00** | **$0.00** | **$184,992.24** | **$0.00** | **$184,992.24** |

* - Indicates claim contains unliquidated and/or undetermined amounts

Page 1 of 1

**EXHIBIT C**
**(Proposed Order – ECF No. 36008)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
In re                                  :    Chapter 11 Case No.
                                       :
LEHMAN BROTHERS HOLDINGS INC., et al., :    08-13555 (JMP)
                                       :
                    Debtors.           :    (Jointly Administered)
---------------------------------------------------------------x
```

## ORDER GRANTING FOUR HUNDRED FOURTH
## OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the four hundred fourth omnibus objection to claims, dated March 15, 2013

(the "Four Hundred Fourth Omnibus Objection to Claims"),[3] of Lehman Brothers Holdings Inc.

("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11

of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664], seeking to reduce and allow the Employment-

Related Claims set forth on Exhibit 1 hereto on the basis that such claims have been partially

eliminated and to disallow and expunge the Employment-Related Claims set forth on Exhibit 2

hereto on the basis that the Chapter 11 Estates have no liability for such claims, all as more fully

described in the Four Hundred Fourth Omnibus Objection to Claims; and due and proper notice

of the Four Hundred Fourth Omnibus Objection to Claims having been provided, and it

appearing that no other or further notice need be provided; and the Court having found and

determined that the relief requested in the Four Hundred Fourth Omnibus Objection to Claims is

in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that

---

[3] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Fourth Omnibus Objection to Claims.

the legal and factual bases set forth in the Four Hundred Fourth Omnibus Objection to Claims

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Fourth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, each

Employment-Related Claim listed on Exhibit 1 annexed hereto is reduced and allowed in the

amount and priority set forth on Exhibit 1 and that any asserted amounts in excess of the reduced

amount are disallowed; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, each

Employment-Related Claim listed on Exhibit 2 is disallowed and expunged with prejudice; and it

is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A or Exhibit B annexed to the Four

Hundred Fourth Omnibus Objection to Claims that is not listed on Exhibit 1 or Exhibit 2

annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2013
     New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 404: EXHIBIT 1 - EMPLOYMENT-RELATED CLAIMS**

| | NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 1 | BYASSEE, LEE | 4735 | 6/2/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $645,000.00 | | $645,000.00 |
| | | | | **CLAIM AS MODIFIED** | | | | **$67,000.00** | | **$67,000.00** |
| 2 | CALHOUN, JOHN W. III | 19255 | 9/18/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $200,000.00 | | $200,000.00 |
| | | | | **CLAIM AS MODIFIED** | | | | **$20,000.00** | | **$20,000.00** |
| 3 | DREXELIUS, PAUL | 2534 | 2/3/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $990,000.00 | | $990,000.00 |
| | | | | **CLAIM AS MODIFIED** | | | | **$104,000.00** | | **$104,000.00** |
| | | | | TOTAL ASSERTED | $0.00 | $0.00 | $0.00 | $1,835,000.00 | $0.00 | $1,835,000.00 |
| | | | | TOTAL NOT SUBJECT TO OBJECTION | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | TOTAL SUBJECT TO OBJECTION | 0.00 | 0.00 | 0.00 | 1,835,000.00 | 0.00 | 1,835,000.00 |
| | | | | **TOTAL CLAIM AS MODIFIED** | **$0.00** | **$0.00** | **$0.00** | **$191,000.00** | **$0.00** | **$191,000.00** |

* - Indicates claim contains unliquidated and/or undetermined amounts

EXHIBIT 2

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO. 08-13555 (JMP)**

**OMNIBUS OBJECTION 404: EXHIBIT 2 – EMPLOYMENT-RELATED CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 1 | ARMITAGE, CHRISTOPHER | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30673 | $560,000.00 | $560,000.00 | None |
| 2 | CATO, JOHN PHILIP | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 6/2/2009 | 4739 | $120,000.00 | $120,000.00 | None |
| 3 | GARCIA, MIGUEL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/4/2009 | 7332 | $120,000.00 | $120,000.00 | None |
| 4 | HOPKINS, JERRY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/8/2009 | 10674 | $350,000.00 | $350,000.00 | None |
| | | | | TOTAL | | $1,150,000.00 | $1,150,000.00 | |

* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT D**
**(Proposed Order – ECF No. 36009)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :    **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,             :    **08-13555 (JMP)**
                                                         :
                    **Debtors.**                         :    **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING THE FOUR HUNDRED FIFTH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the four hundred fifth omnibus objection to claims, dated March 15, 2013

(the "Four Hundred Fifth Omnibus Objection to Claims"),[4] of Lehman Brothers Holdings Inc., as

Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced

chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of

the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance

and expungement of the No Liability Claims to the extent that they assert claims for which the

applicable Chapter 11 Estates do not have any liability, all as more fully described in the Four

Hundred Fifth Omnibus Objection to Claims; and due and proper notice of the Four Hundred

Fifth Omnibus Objection to Claims having been provided, and it appearing that no other or

further notice need be provided; and the Court having found and determined that the relief

sought in the Four Hundred Fifth Omnibus Objection to Claims is in the best interests of the

Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases

---

[4] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Four Hundred Fifth Omnibus Objection to Claims.

set forth in the Four Hundred Fifth Omnibus Objection to Claims establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Four Hundred Fifth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and

expunged, with prejudice, to the extent set forth therein; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Four Hundred

Fifth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto and (ii) the

portion of any No Liability Claim that is not the subject of the Four Hundred Fifth Omnibus

Objection to Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2013
          New York, New York

                    _____
                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 405: EXHIBIT 1 - NO LIABILITY CLAIMS**

| | NAME | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION | REASON FOR PROPOSED DISALLOWANCE |
|---|------|-------------|---------|------------------------------|--------------------------|----------------------------------------|----------------------------------|
| 1 | BMO CAPITAL MARKETS FINANCING, INC. | Lehman Brothers Holdings Inc. | 24935 | $4,278.00 * | $4,278.00 * | None | Claimant filed Claim 24935 in it capacity as an individual lender under that certain Credit Agreement dated as of March 14, 2008 (the "Credit Agreement"), among, inter alia, LBHI, the various Lenders party thereto, and JPMorgan Chase Bank, N.A. ("JPMorgan"), as Administrative Agent.   JPMorgan, as Administrative Agent, filed Claim 22077 on behalf of all of the lenders under the Credit Agreement.   Therefore, the claimant was not the proper party to file this claim, and this claim is duplicative of Claim 22077 filed by JPMorgan. |
| 2 | COLEMAN, MICHAEL ALEXIS SR. | Lehman Brothers Holdings Inc. | 67363 | Undetermined | Undetermined | None | Claim 67363 is based on brokerage transactions between claimant and Lehman Brothers Inc.   LBHI has no liability to claimant for such transactions. |
| 3 | COMMUNITY TRUST BANCORP INC. | Lehman Brothers Holdings Inc. | 14805 | $5,000,000.00 | $5,000,000.00 | None | Claim 14805 reflects that the claim is based on a transaction or transactions between claimant and Lehman Brothers Inc.   LBHI has no liability to claimant for such transaction or transactions. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO. 08-13555 (JMP)

**OMNIBUS OBJECTION 405: EXHIBIT 1 - NO LIABILITY CLAIMS**

| NAME | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 4  HENRY SCHEIN, INC. | Lehman Commercial Paper Inc. | 1936 | $10,000.00 | $10,000.00 | None | Claim 1936 is based on an upfront fee (the "Upfront Commitment Fee") allegedly paid by claimant-borrower in respect of LCPI's projected lending commitment under that certain Credit Agreement dated as of September 5, 2008 (the "Credit Agreement"). As per the terms of the Fee Letter dated July 30, 2008, which relates to the Credit Agreement and the Commitment Letter referenced in the Fee Letter, the Upfront Commitment Fee "shall not be refundable under any circumstances, regardless of whether the transactions or borrowings contemplated by the Commitment Letter are consummated."   Because the Upfront Commitment Fee was non-refundable, LCPI is not liable to return any amount of such fee to claimant-borrower. |
| 5  MALAYAN BANKING BERHAD | Lehman Brothers Special Financing Inc. | 18066 | $8,370,926.11 | $8,370,926.11 | None | Claim 18066 is based on a derivatives transaction between claimant and Lehman Brothers International Europe (the "LBIE Transaction").   The LBIE Transaction incorrectly references an ISDA Master Agreement between claimant and LBSF (the "LBSF ISDA").   The Debtors' records reflect that LBSF has no contractual relationship to the LBIE Transaction, and that, in any event, the LBSF ISDA was terminated in 2003.   As such, LBSF is not liable on account of the claim. |
| 6  PITNEY BOWES GLOBAL FINANCIAL SERVICES | Lehman Brothers Holdings Inc. | 11979 | $11,849.03 | $11,849.03 | None | The Debtors' records reflect that Claim 11979 is based on a transaction or transactions between claimant, on the one hand, and Lehman Brothers Inc., a non-Debtor entity, and/or Neuberger Berman Group LLC, also a non-Debtor entity, on the other hand. LBHI has no liability to claimant relative to such transaction or transactions. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 405: EXHIBIT 1 - NO LIABILITY CLAIMS**

| | NAME | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION | REASON FOR PROPOSED DISALLOWANCE |
|---|------|-------------|---------|------------------------------|--------------------------|---------------------------------------|----------------------------------|
| 7 | SBA SENIOR FINANCE, INC. | Lehman Commercial Paper Inc. | 22611 | $481,958.60 | $481,958.60 | None | Claim 22611 is based on fees allegedly paid by claimant-borrower related to that certain Credit Agreement dated as of January 18, 2008, among, *inter alia*, claimant, as borrower, and several lenders thereto, including LCPI (the "Credit Agreement").   The portion of Claim 22611 in the amount of $375,000.00 relates to an upfront fee (the "Upfront Commitment Fee") allegedly paid by claimant-borrower in respect of LCPI's projected lending commitment under the Credit Agreement.   As per the terms of the Fee Letter dated January 18, 2008, which relates to the Credit Agreement, the Upfront Commitment Fee was not refundable "under any circumstances."   The remaining portion of Claim 22611 in the amount of $106,958.60 relates to additional fees under the Credit Agreement (the "Additional Fees") that were purportedly paid by claimant-borrower subsequent to the filing of LCPI's chapter 11 case.   However, claimant-borrower sent several notices to LCPI indicating that the Additional Fees would be held by the Administrative Agent until LCPI cured its alleged default under the Credit Agreement. The Additional Fees were never paid to LCPI and the Credit Agreement has since been terminated.   Therefore, LCPI is not liable to claimant for any portion of this claim. |
| 8 | STP CO-OP TA L SOC LTD, THE | Lehman Brothers Holdings Inc. | 34788 | $1,224,461.00 | $1,224,461.00 | None | The securities underlying Claim 34788 were not issued by LBHI or any of its affiliates. LBHI does not owe any obligations in respect of such securities. |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO. 08-13555 (JMP)

**OMNIBUS OBJECTION 405: EXHIBIT 1 - NO LIABILITY CLAIMS**

| NAME | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 9  VIRGINIA RETIREMENT SYSTEM | Lehman Commercial Paper Inc. | 31814 | $930.68 | $930.68 | None | Claim 31814 reflects that the claim is based on a transaction or transactions between claimant and Lehman Brothers Inc.   LBHI has no liability to claimant for such transaction or transactions. |
| | TOTAL | | $15,104,403.42 | $15,104,403.42 | | |

**EXHIBIT E**
**(Proposed Order – ECF No. 36010)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re                                                                :        **Chapter 11 Case No.**
                                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**
                                                                        :
                          **Debtors.**                          :        **(Jointly Administered)**
----------------------------------------------------------------x

**ORDER GRANTING FOUR HUNDRED SIXTH OMNIBUS**
**OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)**

Upon the four hundred sixth omnibus objection to claims, dated December 17,

2012 (the "Four Hundred Sixth Omnibus Objection to Claims"),[5] of Lehman Brothers Holdings

Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim [ECF No. 6664], seeking to disallow and expunge the Insufficient

Documentation Claims, all as more fully described in the Four Hundred Sixth Omnibus

Objection to Claims; and due and proper notice of the Four Hundred Sixth Omnibus Objection to

Claims having been provided, and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Four Hundred Sixth

Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors,

and all parties in interest, and that the legal and factual bases set forth in the Four Hundred Sixth

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

---

[5] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Four Hundred Sixth Omnibus Objection to Claims.

ORDERED that the relief requested in the Four Hundred Sixth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Four Hundred Sixth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 406: EXHIBIT 1 - INSUFFICIENT DOCUMENTATION CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 1 | COMMONWEALTH OF VIRGINIA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/18/2009 | 19268 | Undetermined | Undetermined | None |
| 2 | COMMONWEALTH OF VIRGINIA | 08-13899 (JMP) | Lehman Brothers Derivative Products Inc. | 9/18/2009 | 19269 | Undetermined | Undetermined | None |
| 3 | COMMONWEALTH OF VIRGINIA | 08-13885 (JMP) | Lehman Brothers Commodity Services Inc. | 9/18/2009 | 19270 | Undetermined | Undetermined | None |
| 4 | COMMONWEALTH OF VIRGINIA | 08-13902 (JMP) | Lehman Brothers Financial Products Inc. | 9/18/2009 | 19271 | Undetermined | Undetermined | None |
| 5 | COMMONWEALTH OF VIRGINIA | 08-13900 (JMP) | Lehman Commercial Paper Inc. | 9/18/2009 | 19272 | Undetermined | Undetermined | None |
| 6 | TREASURER OF THE STATE OF ILLINOIS | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/17/2009 | 15165 | $26,170.02 | $26,170.02 * | None |
| | | | | | TOTAL | $26,170.02 | $26,170.02 | |

**EXHIBIT F**
**(Proposed Order – ECF No. 36011)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                              :         **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,       :         **08-13555 (JMP)**
                                                   :
                            **Debtors.**           :         **(Jointly Administered)**
--------------------------------------------------------------------x

### ORDER GRANTING FOUR HUNDRED SEVENTH OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)

Upon the four hundred seventh omnibus objection to claims, dated March 15, 2013 (the "Four Hundred Seventh Omnibus Objection to Claims"),[6] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to disallow and expunge the Insufficient Documentation Claims, all as more fully described in the Four Hundred Seventh Omnibus Objection to Claims; and due and proper notice of the Four Hundred Seventh Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Seventh Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Four Hundred Seventh Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[6] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Seventh Omnibus Objection to Claims.

ORDERED that the relief requested in the Four Hundred Seventh Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Four Hundred Seventh Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 407: EXHIBIT 1 - INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 1 | ARENDT, GISELA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/2/2009 | 61672 | $20,000.00 | $20,000.00 | None |
| 2 | DIDDENS, CHRISTA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/27/2009 | 48902 | $3,004.20 | $3,004.20 | None |
| 3 | ELBESHAUSEN, ENNO | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/30/2009 | 57557 | $52,857.00 | $52,857.00 | None |
| 4 | GOCKE, RUTH | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/27/2009 | 49536 | $7,459.07 | $7,459.07 | None |
| 5 | HOERNER, KARL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/19/2009 | 41475 | $21,014.00 | $21,014.00 | None |
| 6 | INACIO FERREIRA, JOSE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/29/2009 | 56567 | $79,387.11 | $79,387.11 | None |
| 7 | KABAN, HERBERT | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/29/2009 | 55129 | $17,350.20 | $17,350.20 | None |
| 8 | KUPPENS, PETIA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/29/2009 | 55128 | $7,229.25 | $7,229.25 | None |
| 9 | LENSING, ANNA MARGARETE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/2/2009 | 61553 | $32,660.00 | $32,660.00 | None |
| 10 | LENSING, ANNA MARGARETE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/2/2009 | 61554 | $35,500.00 | $35,500.00 | None |
| 11 | MALISCH-WARAKOMS KI, JAROSLAW | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/26/2009 | 46669 | $1,497.72 | $1,497.72 | None |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 407: EXHIBIT 1 - INSUFFICIENT DOCUMENTATION CLAIMS**

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|------|-------------|-------------|-----------|---------|------------------------------|--------------------------|----------------------------------------|
| 12  MULLER-LANGENBECU, GARLEF | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/2/2009 | 61371 | $70,000.00 | $70,000.00 | None |
| 13  ORTLOFF, ANITA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/30/2009 | 57084 | $12,455.05 | $12,455.05 | None |
| 14  PROPERTY VALUE ESTATE FOUNDATION | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/26/2009 | 46530 | $40,334.00 | $40,334.00 | None |
| 15  SCHRODER, MARGRET | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/27/2009 | 48683 | $19,525.80 | $19,525.80 | None |
| 16  SIGLER, HELGA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/28/2009 | 50720 | $16,867.69 | $16,867.69 | None |
| 17  STUEBER, AXEL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/16/2009 | 40877 | $7,102.00 | $7,102.00 | None |
| | | | TOTAL | | $444,243.09 | $444,243.09 | |

* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT G**
**(Proposed Order – ECF No. 36026)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                            :    **Chapter 11 Case No.**
                                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :    **08-13555 (JMP)**
                                                                 :
                  **Debtors.**                                   :    **(Jointly Administered)**
-------------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE DEEMING THE SCHEDULES OF LIABILITIES AMENDED

Upon the motion, dated March 18, 2013 (the "Motion"),[7] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy

Code") to deem the Schedules amended, all as more fully set forth in the Motion; and due and

proper notice of the Motion having been provided, and it appearing that no other or further notice

need be provided; and the Court having found and determined that the relief sought in the

Motion is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest

and that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Schedules shall be deemed amended to modify the "Original

Scheduled Amount" for each Scheduled Claim as set forth on **Exhibit 1** hereto; and it is further

---

[7]      Capitalized terms used herein and not otherwise defined herein shall have the meanings
ascribed to such terms in the Motion.

ORDERED that the claims and noticing agent, Epiq Bankruptcy Solutions LLC, is authorized and directed to modify the official claims register as necessary to implement the relief granted in this Order; and it is further

ORDERED that to the extent the relief requested in the Motion is not granted with respect to any Scheduled Claim, the Plan Administrator's rights and defenses with respect to any of the Scheduled Claims shall be preserved, including, but not limited to, the right to object to the Scheduled Claims on any basis; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated: _____, 2013
      New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE