UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                :

In re                                          :       Chapter 11 Case No.
                                          :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :       08-13555 (JMP)
                                          :

                    Debtors.                    :        (Jointly Administered)
                                          :
------------------------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 105(a) AND 1142(b) OF THE BANKRUPTCY CODE IN AID OF EXECUTION OF THE MODIFIED THIRD AMENDED CHAPTER 11 PLAN OF LB ROSE RANCH LLC

Upon the motion dated April 9, 2013, of Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), For Order In Aid of Execution of the Plan of LB Rose Ranch LLC (ECF No. 36423) (the "Motion"),[1] all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures (ECF No. 9635) to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) attorneys for the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

County; (vi) attorneys for the Home Builders; (vii) attorneys for the Colorado Plaintiffs; and (viii) all parties who have requested notice in these chapter 11 cases; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBRR's Chapter 11 Estate, its creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, any buyer of LBRR's interest in the Property shall take the Property (or portion thereof) free and clear of all Claims, liens, encumbrances, charges and other interests to the extent permitted by section 13.1 of the Plan and paragraph 39 of the Confirmation Order; *provided*, *however*, that any such purchaser shall also be required to assume the Affordable Obligation. All such Claims, liens, encumbrances, charges and other interests, other than the Affordable Obligation, shall attach to LBRR's Chapter 11 Estate and shall remain subject to challenge by the Plan Administrator; and it is further

ORDERED that, notwithstanding any other provision contained herein, this Order shall in no way adversely affect, supersede or otherwise modify the Stipulation, Agreement and Order Among Lehman Brothers Holdings Inc., LB Rose Ranch LLC, PAMI Statler Arms LLC and Certain Colorado Plaintiffs Providing For Limited Relief From The Automatic Stay, dated November 18, 2011 (ECF No. 22336) (the "Colorado Relief From Stay Order") and shall not impair the ability of the "Colorado Plaintiffs" to continue with the "Colorado Litigation" (each as defined in the Colorado Relief From Stay Order) and to collect upon any judgment they may

2

obtain therein (or from any settlement agreement reached therein) to the extent provided for in the Colorado Relief From Stay Order; and it is further

ORDERED that, notwithstanding Article X of the Plan, the Plan Administrator shall be authorized to (i) transfer of the Remaining Affordables into the LBRR Liquidating Trust, (ii) sell the LBRR Liquidating Trust Interests to a third-party purchaser or merge the LBRR Liquidating Trust into an entity owned or controlled by such third-party purchaser with the proceeds of such sale or merger becoming an asset of LBRR's Chapter 11 Estate, and (iii) distribute of the proceeds of the sale or merger of the LBRR Liquidating Trust or the LBRR Liquidating Trust Interests (as applicable) to holders of Allowed Claims against LBRR in full satisfaction of any interest that such holders would otherwise have had in the LBRR Liquidating Trust Interests; provided, however, that nothing contained herein shall serve to abrogate the Deed Restrictions in any way and, following the consummation of the transactions described herein, the Remaining Affordables shall continue to be subject to the Deed Restrictions; and it is further

ORDERED that the LBRR Liquidating Trust and the LBRR Liquidating Trust Interests, as applicable, shall not be subject to the tax treatment and tax reporting provisions of sections 10.8 and 10.9 of the Plan; and it is further

ORDERED that, with respect to any transaction consummated pursuant to this Order, including, without limitation, any sale of the Property (or any portion thereof), this Order shall be sole and sufficient evidence of the transfer of title to any particular purchaser, and a transaction consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or

who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**Dated: April 25, 2013**
**New York, New York**

**/s/ James M. Peck**
_____
**Hon. James M. Peck**
**United States Bankruptcy Judge**

4