# Exhibit E

1 **WEILAND, GOLDEN**
**SMILEY, WANG EKVALL & STROK, LLP**
2 Evan D. Smiley, State Bar No. 161812
Lei Lei Wang Ekvall, State Bar No. 163047
3 Autumn D. Spaeth, State Bar No. 208707
Hutchison B. Meltzer, State Bar No. 217166
4 Robert S. Marticello, State Bar No. 244256
650 Town Center Drive, Suite 950
5 Costa Mesa, California 92626
Telephone:  714-966-1000
6 Facsimile:  714-966-1002

7 Proposed General Bankruptcy for
Alfred H. Siegel, Chapter 11 Trustee

8

9 <div align="center">**UNITED STATES BANKRUPTCY COURT**</div>

10 <div align="center">**CENTRAL DISTRICT OF CALIFORNIA**</div>

11 <div align="center">**SANTA ANA DIVISION**</div>

12 In re                                              )    Case No. 8:08-bk-15588-ES
                                                     )
13 LBREP/L-LEHMAN SUNCAL MASTER I,    )    Chapter 11 Case
LLC, et al.                                          )
14                                                   )    (Jointly Administered with Case Nos.
Debtor                                               )    8:08-bk-15637-ES; 8:08-bk-15639-ES;
15 _____  )    and 8:08-bk-15640-ES)
                                                     )
16 _____ Affects LBREP/L-SunCal Master I, LLC )    **DECLARATION OF ALFRED H.**
Only                                                 )    **SIEGEL IN SUPPORT OF OMNIBUS**
17                                                   )    **OPPOSITION TO MOTIONS FOR**
_____ Affects LBREP/L-SunCal McAllister )    **RELIEF FROM THE AUTOMATIC STAY**
18 Ranch, LLC Only                                   )    **FILED BY LEHMAN COMMERCIAL**
                                                     )    **PAPER INC.**
19 _____ Affects LBREP/L-SunCal McSweeny )
Farms, LLC Only                                      )    **DATE:**      **November 20, 2008**
20                                                   )    **TIME:**      **2:00 p.m.**
_____ Affects LBREP/L-SunCal Summerwind )    **PLACE:**     **Courtroom 5A**
21 Ranch, LLC Only                                   )                  **411 West Fourth Street**
                                                     )                  **Santa Ana, CA 92107**
22 _X__ Affects All Debtors.                         )
                                                     )
23                                                   )
                                                     )
24                                                   )
                                                     )
25 _____  )

26

27

28

273858.2

DECLARATION

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
TELEPHONE 714-966-1000

I, Alfred H. Siegel, declare:

1.      I am the chapter 11 trustee of the administratively consolidated estates of LBREP/L-Lehman SunCal Master I, LLC ("Lehman/Lehman SunCal Master"), LBREP/L-SunCal McAllister Ranch, LLC ("McAllister Ranch"), LBREP/L-SunCal McSweeney Farms ("McSweeney Farms"), and  LBREP/L-SunCal Summerwind Ranch ("Summerwind Ranch"; collectively, the "Debtors").  I know each of the following facts to be true of my own personal knowledge, except as otherwise stated, and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of the Omnibus Opposition to Motions for Relief from the Automatic Stay Filed by Lehman Commercial Paper, Inc. (the "Motion").  All terms as defined in the Motion are incorporated herein by this reference.

1.      Attached as Exhibit "A" is a true and correct copy of the complaint that I intend to file if relief from stay is granted in the Lehman Bankruptcy Cases.

2.      In the short time since my appointment, my professionals and I have spent considerable time investigating pre-petition financial affairs, assets, and liabilities of the Debtors and, more specifically, the Debtors' pre-petition transactions with Lehman Commercial.  While I am still conducting my investigation, my professionals and I, have uncovered numerous issues with respect to the loans by Lehman Commercial to Lehman/SunCal Master and the guarantees of the Lehman Subsidiary Debtors, which form the basis for the Lehman Relief Motions.

3.      I am still investigating other issues related to the pre-petition transactions with Lehman Commercial:

a)  Why Lehman Commercial funded only $50 million of the $75 million revolving lien of credit provided for under the First Credit Agreement, which effectively deprived the Lehman/SunCal Master of the additional liquidity to needed meet its obligations;

273858.2                                        2                                        DECLARATION

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
TELEPHONE 714-966-1000

b)  If Lehman Commercial required Lehman/SunCal Master to maintain $25 million in the Development Account/Debt Service Reserve and restricted the Debtors' access to the account, effectively freezing these funds and further diminishing the Debtors' available capital, despite the fact that the Debtors were required to pay interest on those funds;

c)  Whether the approximately $10.6 million in transactional fees and costs generated by Lehman Brothers and its affiliates was reasonable; and

d)  Whether the payment of approximately $5.7 million in loan proceeds from the Lien Credit Agreements to Patterson Ranch benefited the Lehman SunCal Subsidiaries.

4.     My professionals and I have spent a considerable amount of time investigating the facts and circumstances of these cases and, especially, the Debtors' transactions with Lehman Commercial, and much investigation still needs to be done. However, in consultation with my professionals, I have concluded that the Lehman Relief Motions should be denied in their entirety.  Moreover, based upon discussions with counsel, I am advised that the estates have viable claims for equitable subordination, fraudulent transfer, and breach of fiduciary duty against Lehman Commercial, Lehman Lakeside and potentially other Lehman-related entities, which claims potentially far exceed the value of the collateral at issue in these cases.

5.     The real estate projects and the $18 million development account at First Bank are unquestionably necessary for an effective reorganization beginning with the commencement of suit against Lehman Commercial.  Based upon the advice of my counsel, I believe the estates have claims against Lehman Commercial and other secured creditors which will probably result in the elimination of the liens against the real estate projects and other collateral and preserve these liens for the benefit of the estates.   My professionals are in discussions with third parties to use the estate properties through plan of reorganization with new funding to provide a meaningful distribution to creditors.  I am also concurrently examining and evaluating the sale of the real estate projects through

273858.2                                           3                                    DECLARATION

1  a plan, and using the resulting proceeds for a distribution to creditors.   While I pursue my

2  plan options and litigation, the value of the real estate projects will be maintained through

3  the use of cash collateral or, potentially, debtor in possession financing.

4      6.    I believe I can file a plan relatively soon that will maximize the value of the

5  estates.

6      7.    As of the date the Lehman Relief Motions were filed, the bankruptcy

7  schedules had not been filed by the Debtors.  Lehman Commercial could not serve notice

8  of the Lehman Relief Motions on the 20 largest general unsecured creditors for each

9  Debtor as required by the applicable bankruptcy rules.  Moreover, many of these creditors

10  may not have received notice of the chapter 11 bankruptcy cases due the fact that the

11  master mailing matrix of creditors in the Debtors' cases was not recently.  The 20 largest

12  unsecured creditors have significant claims against these estates, and are entitled to

13  notice of the Lehman Relief Motions to protect their interests.  On this basis alone, the

14  Court should deny the Lehman Relief Motions, or at minimum continue the hearings on

15  thereon to provide for proper notice.

16      I declare under penalty of perjury that the foregoing is true and correct.

17      Executed this ___ day of  November 2008, at _____, California.

18

19

20               ALFRED H. SIEGEL

21

22

23

24

25

26

27

28

Welland, Golden,
Smiley, Wang Ekvall & Strok, LLP
TELEPHONE 714-966-1000

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 650 Town Center Drive, Suite 950, Costa Mesa, CA 92626.

On November 13, 2008, I served the within document(s) described as: **DECLARATION OF ALFRED H. SIEGEL IN SUPPORT OF OMNIBUS OPPOSITION TO MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY FILED BY LEHMAN COMMERCIAL PAPER INC**

on the interested parties in this action as stated on the attached mailing list.

[X]  (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Costa Mesa, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 13, 2008, at Costa Mesa, California.

I declare under penalty of perjury that the foregoing is true and correct.

| Margaret Sciesinski | |
|---|---|
| (Type or print name) | (Signature) |

Smiley, Wang Ekvall & Strok, LLP
Weiland, Golden,
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
TELEPHONE 714-966-1000

1

0.0

In re **LBREP/L—SunCal Master I LLC**
Case No.: 8:08-bk-15588-ES
Revised: November 11, 2008 (MS)

**SERVICE LIST—SHORT LIST**

1

2

3

4

5    LBREP/L-SunCal Master I LLC
     3500 West Olive Ave., Suite 650
6    Burbank, CA 91505-5501
     **DEBTOR**
7

8    LBREP/L-SunCal Master I LLC
     2392 Morse Avenue
     Irvine, CA 92614-6234
9    Facsimile:   (949) 777-4050
     **DEBTOR**
10

     Scott C. Clarkson, Esq.
11   Clarkson Gore & Marsella
     3424 Carson Street, Suite 350
12   Torrance, CA 90503-5716
     Telephone: (310) 542-0111
13   Facsimile:   (310) 214-7254
     Email:       sclarkson@lawcgm.com
14   **DEBTOR'S COUNSEL**

15   Eve A. Marsella, Esq.
     Clarkson Gore & Marsella
16   3424 Carson Street, Suite 350
     Torrance, CA 90503-5716
17   Telephone: (310) 542-0111
     Facsimile:   (310) 214-7254
18   Email:       emarsella@lawcgm.com
     **DEBTOR'S COUNSEL**
19

     Craig R. Rankin, Esq.
20   Levene Neale & Bender LLP
     10250 Constellation Blvd., Suite 1700
21   Los Angeles, CA 90067-6200
     Telephone: (310) 229-1234
22   Facsimile:   (310) 229-1244
     Email:       cmr@lnbrb.com
23   **DEBTOR'S COUNSEL**

24   United States Trustee
     Attn: Michael J. Hauser, Esq.
25   411 W. Fourth Street, Suite 9041
     Santa Ana, CA 92701-8000
26   Telephone: (714) 338-3417
     Facsimile:   (714) 338-3421
27   Email:       michael.hauser@usdoj.gov
     **U.S. TRUSTEE**
28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
TELEPHONE 714-966-1000

PROOF OF SERVICE

272903.2

1  Alfred H. Siegel
   Siegel Gottlieb Mangel & Levine
2  15233 Ventura Boulevard, 9th Floor
   Sherman Oaks, CA 91403-2201
3  Telephone:  (818) 325-8441
   Facsimile:   (818) 325-8545
4  CHAPTER 11 TRUSTEE

5  Gramercy Warehouse Funding I LLC
   420 Lexington Avenue
6  New York, NY 10170-0002
   PETITIONING CREDITOR

7

   Daniel H. Reiss, Esq.
8  Levene Neale Bender Rankin & Brill LLP
   10250 Constellation Blvd., Suite 1700
9  Los Angeles, CA 90067-6200
   Telephone: (310) 229-1234
10 Facsimile:  (310) 229-1244
   Email:      dhr@lnbrb.com
11 COUNSEL FOR PETITIONING CREDITOR

12 David R. Zaro, Esq.
   Yale K. Kim, Esq.
13 Allen Matkins Leck Gamble
   Mallory & Natsis LLP
14 515 S. Figueroa Street, 9th Floor
   Los Angeles, CA 90071-3398
15 Telephone:  (213) 622-5555
   Facsimile:   (213) 620-8816
16 Email:       dzaro@allenmatkins.com
   COUNSEL FOR LEHMAN COMMERCIAL PAPER, INC.

17

   George A. Davis, Esq.
18 Cadwalader Wickersham & Taft LLP
   One World Financial Center
19 New York, NY 10281-1003
   Telephone: (212) 504-6000
20 Facsimile:   (212) 504-6666
   Email:       george.davis@cwt.com
21 COUNSEL FOR LEHMAN COMMERCIAL PAPER, INC.

22 Van C. Durrer, II, Esq.
   Skadden Arps Slate Meagher & Flom LLP
23 300 S. Grand Avenue, Suite 3400
   Los Angeles, CA 90071-3137
24 Telephone: (213) 687-5000
   Facsimile:   (213) 687-5600
25 Email:       van.durrer@skadden.com
   COUNSEL FOR SQUARE MILE

26

27

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
TELEPHONE 714-966-1000

PROOF OF SERVICE

272903.2

In re *LBREP/L—SunCal Master I LLC*
Case No.: 8:08-bk-15588-ES
Revised: November 11, 2008 (MS)

## SERVICE LIST—JOINT COMMITTEE OF CREDITORS

Hemet Manufacturing Co., Inc.
dba Genesis Construction
Attn: Bruce Perry
170 E Oakland Avenue
Hemet, CA 92543
Telephone: (951) 652-6977
Facsimile: (951) 925-6585

John D. Scripter
dba Masonry Plus
Attn: Steven G. Gibbs, Esq.
Law Offices of Steven G. Gibbs
4540 California Avenue, Suite 330
Bakersfield, CA 93309
Telephone: (661) 633-1144
Facsimile: (661) 864-1938

Lennar Homes of California, Inc.
Attn: Graham Jones
25 Enterprise
Aliso Viejo, CA 92656
Telephone: (949) 349-8096
Facsimile: (949) 448-0523

Nissho of California, Inc.
Attn: Christopher R. Mordy
Peterson & Price, APC
655 W. Broadway, Suite 1600
San Diego, CA 92101
Telephone: (619) 234-0361
Facsimile: (619) 234-4786

Stantec Consulting, Inc.
Attn: William Roberts
19 Technology Drive
Irvine, CA 92618
Telephone: (949) 923-6966
Facsimile: (949) 923-6121

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
TELEPHONE 714-966-1000

PROOF OF SERVICE

273945.1

1   Superior Pipelines, Inc.
    Attn:  T. Scott Belden, Esq.
2   Klein DeNatale Goldner
    Cooper Rosenlieb & Kimball, LLP.
3   4550 California Avenue, 2nd Floor
    Bakersfield, CA 93309
4   Telephone:  (661) 395-1000
    Facsimile:   (661) 326-0418
5
    TC Construction Co., Inc.
6   Attn:  Jack Gieffels
    10540 Prospect Avenue
7   Santee, CA 92701
    Telephone:  (619) 820-3927
8   Facsimile:   (619) 819-9938
9   West Coast Structures, Inc.
    dba Western Structures
10  Attn:  Brian M. Skajem
    6005 Tyler Street
11  Riverside, CA 92503
    Telephone:  (951) 352-4300
12  Facsimile:   (951) 352-4301
13  Weston Mason Marketing
    Attn:  Toni Weston
14  3130 Wilshire Boulevard, 4th Floor
    Santa Monica, CA 90403
15  Telephone: (310) 571-1425
    Facsimile:   (310) 826-8098
16
17
18
19
20
21
22
23
24
25
26
27
28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
TELEPHONE 714-966-1000

PROOF OF SERVICE

273945.1

In re *LBREP/L—SunCal Master I LLC*
Case No.: 8:08-bk-15588-ES
Revised: November 11, 2008 (MS)

### SERVICE LIST—20 LARGEST

| | |
|---|---|
| Corporation for Interest Rate<br>175 N. Franklin Street, Suite 2<br>Chicago, IL 60606<br>Telephone: (312) 332-2362 | Heller Ehrman White & McAulif<br>File No. 73536<br>P.O. Box 6000<br>San Francisco, CA 94160-3536<br>Telephone: (415) 772-6000 |
| O'Melveny & Myers, LLP<br>400 South Hope Street<br>Los Angeles, CA 90071<br>Telephone: (949) 760-9600<br>Facsimile:   (213) 430-6407 | Standard & Poor's<br>2542 Collection Center Drive<br>Chicago, IL 60693<br>Telephone: (800) 767-1896<br>Facsimile:   (312) 233-7051 |
| Lehman Commercial Paper, Inc.<br>745 Seventh Street<br>New York, NY 10019<br>**FIRST LIEN LENDER** | George A. Davis, Esq.<br>Andrew Troop, Esq.<br>Calwalader Wickersham & Taft<br>One World Trade Center<br>New York, NY 10281-1003<br>Telephone: (212) 504-6000<br>Facsimile:   (212) 504-6666<br>Email:     george.davis@cwt.com<br>**COUNSEL FOR LEHMAN<br>COMMERCIAL PAPER, INC.** |
| Grammercy Warehouse Funding I<br>420 Lexington Avenue<br>New York, NY 10170-0002<br>**SECOND LIEN LENDER** | Daniel H. Reiss, Esq.<br>Levene Neale Bender Rankin & Brill LLP<br>10250 Constellation Blvd., Suite 1700<br>Los Angeles, CA 90067-6200<br>Telephone: (310) 229-1234<br>Facsimile:   (310) 229-1244<br>Email:     dhr@lnbrb.com<br>**COUNSEL FOR GRAMMERCY<br>WAREHOUSE FUNDING I** |
| Square Mile Structure Debt<br>Corporation Trust Center 1209<br>Wilmington, DE 19801 | Van C. Durrer, II, Esq.<br>Skadden Arps Slate Meagher & Flom LLP<br>300 S. Grand Avenue, Suite 3400<br>Los Angeles, CA 90071-3137<br>Telephone: (213) 687-5000<br>Facsimile:   (213) 687-5600<br>Email:     van.durrer@skadden.com<br>**COUNSEL FOR SQUARE MILE** |

PROOF OF SERVICE

Welland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
TELEPHONE 714-966-1000

273792.1

In re *LBREP/L—SunCal McAllister Ranch LLC*
Case No.: 8:08-bk-15637-ES
Revised: November 11, 2008 (MS)

### SERVICE LIST—20 LARGEST

Aleco Corporation
P.O. Box 81136
Bakersfield, CA 93380

Fenceworks, Inc.
870 N. Main Street
Riverside, CA 92501
Facsimile:   951-788-5649

General Electric Capital Corporation
3135 Easton Turnpike
Fairfield, CT 06828

Genesis Golf Builders, Inc.
11032 N. 52nd Street
Scottsdale, AZ 85254
Facsimile:   602-595-5345

Golden State Fence Company
870 N. Main Street
Riverside, CA 92501
Facsimile:   951-788-5649

Granite Construction Company
38000 Monroe Street
Indio, CA 92203
Facsimile:   760-775-8228

IRV Guinn Construction
6533 Rosedale Highway
Bakersfield, CA 93308
Facsimile:   661-325-5173

Jaqua & Sons
1050 West Avenue M
Lancaster, CA 93534
Facsimile:   661-723-3358

Klassen Corporation
2021 Westwind Drive
Bakersfield, CA 93301
Facsimile:   661-324-3900

Landscape Development, Inc.
28447 Witherspoon Parkway
Valencia, CA 91355
Facsimile:   661-295-1969

Lennar Homes of California
5251 Office Park Drive
Bakersfield, CA 93309

Masonry Plus
5116 W. Aven K-8
Lancaster, CA 93536
Facsimile:   661-943-1874

McKenna's Curb & Gutter Co.
P.O. Box 42335
Bakersfield, CA 93384
Facsimile:   661-588-1878

Park West Landscape, Inc.
13581 Desmond Street
Pacoima, CA 91351
Facsimile:   818-485-0991

Petrotech Resources Company
5400 Rosedale Hwy
Bakersfield, CA 93308
Facsimile:   661-635-0468

Sierra Cascade Construction
1043 West Avenue M-4, Ste E
Palmdale, CA 93551
Facsimile:   661-942-1754

Stantec Consulting - Chicago
13980 Collections Center Drive
Chicago, IL 60693

SunCal Management, Inc.
2392 Morse Avenue
Irvine, CA 92614
Facsimile:   949-777-4050

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
TELEPHONE 714-966-1000

PROOF OF SERVICE

272889.2

| | | |
|---|---|---|
| 1 | Superior Pipeline, Inc. | Troon Golf, LLC |
| 2 | P.O. Box 81387 | 15044 N. Scottsdale Road, Suite 300 |
|   | Bakersfield, CA 93380 | Scottsdale, AZ 85254 |
| 3 | | Facsimile:   480-477-0573 |
| 4 | Lehman Commercial Paper, Inc. | George A. Davis, Esq. |
|   | 745 Seventh Street | Andrew Troop, Esq. |
| 5 | New York, NY 10019 | Calwalader Wickersham & Taft |
|   | FIRST LIEN LENDER | One World Trade Center |
| 6 | | New York, NY 10281-1003 |
|   | | Telephone:  (212) 504-6000 |
| 7 | | Facsimile:   (212) 504-6666 |
|   | | Email:      george.davis@cwt.com |
| 8 | | COUNSEL FOR LEHMAN |
|   | | COMMERCIAL PAPER, INC. |
| 9 | Grammercy Warehouse Funding I | Daniel H. Reiss, Esq. |
|   | 420 Lexington Avenue | Levene Neale Bender Rankin & Brill LLP |
| 10 | New York, NY 10170-0002 | 10250 Constellation Blvd., Suite 1700 |
|   | SECOND LIEN LENDER | Los Angeles, CA 90067-6200 |
| 11 | | Telephone:  (310) 229-1234 |
|   | | Facsimile:   (310) 229-1244 |
| 12 | | Email:      dhr@lnbrb.com |
|   | | COUNSEL FOR GRAMMERCY |
| 13 | | WAREHOUSE FUNDING I |
| 14 | Square Mile Structure Debt | Van C. Durrer, II, Esq. |
|   | Corporation Trust Center 1209 | Skadden Arps Slate Meagher & Flom LLP |
| 15 | Wilmington, DE 19801 | 300 S. Grand Avenue, Suite 3400 |
|   | | Los Angeles, CA 90071-3137 |
| 16 | | Telephone:  (213) 687-5000 |
|   | | Facsimile:   (213) 687-5600 |
| 17 | | Email:      van.durrer@skadden.com |
|   | | COUNSEL FOR SQUARE MILE |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
TELEPHONE 714-966-1000

PROOF OF SERVICE

272889.2

In re *LBREP/L—SunCal Summerwind Ranch LLC*
Case No.: 8:08-bk-15640-ES
Revised: November 11, 2008 (MS)

## SERVICE LIST—20 LARGEST

All American Asphalt
P.O. Box 2229
Corona, CA 91718
Facsimile: 951-739-4671

City of Calimesa
908 Park Avenue
Calimesa, CA 92320
Facsimile: 909-795-4399

Dust Control, Inc.
452 Viele Avenue
Beaumont, CA 92223
Facsimile: 951-922-6167

Goe & Forsythe, LLP
660 Newport Center Drive, Suite 320
Newport Beach, CA 92660
Facsimile: 949-721-0409

Innovative Inclosures
301 Industrial Way, Suite 5
Fallbrook, CA 92028
Facsimile: 951-696-2552

Jackson, DeMarco, Tidus
2030 Main Street, Suite 1200
Irvine, CA 92614
Facsimile: 949-752-0597

Keith Companies, The-Inlan
13980 Collections Center Drive
Chicago, IL 60693

Miller Barondess, LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Facsimile: 310-552-8400

OCB Reprographics, INc.
17721 Mitchell North
Irvine, CA 92614
Facsimile: 949-975-1482

Pacific Advanced Civil Engineering
17520 Newhope Street, Suite 200
Fountain Valley, CA 92708
Facsimile: 714-481-7299

Pacific Solis Engineering Inc.
10653 Progress Way
Cypress, CA 90630
Facsimile: 714-220-9589

RBF Consulting
14725 Alton Parkway
Irvine, CA 92618
Facsimile: 949-472-8373

Schilling Corporation
695 Greenfield Drive
El Cajon, CA 92021
Facsimile: 619-579-3733

Signs & Pinnick, Inc.
P.O. Box 945
El Cajon, CA 92022-0945
Facsimile: 619-579-0719

Southern California Pipeline
1100 Irvine Blvd., Suite 37
Tustin, CA 92780
Facsimile: 714-838-0222

Stantec
22690 Cactus Avenue, Suite 300
Moreno Valley, CA 92553
Facsimile: 951-653-5308

SunCal Management, LLC
2392 Morse Avenue
Irvine, CA 92614
Facsimile: 949-777-4050

Superior Masonry, Inc.
300 W. Olive Street, Suite A
Colton, CA 92324
Facsimile: 909-370-2992

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
TELEPHONE 714-966-1000

PROOF OF SERVICE

272888.2

1 | TC Construction Company        West Coast Structures
   10540 Prospect Avenue          6005 Tyler Street
2 | Santee, CA 92071              Riverside, CA 92503
   Facsimile:  619-258-9751      Facsimile:  951-352-4301
3
   Lehman Commercial Paper, Inc.  George A. Davis, Esq.
4 | 745 Seventh Street             Andrew Troop, Esq.
   New York, NY 10019             Calwalader Wickersham & Taft
5 | FIRST LIEN LENDER             One World Trade Center
                                  New York, NY 10281-1003
6                                  Telephone:  (212) 504-6000
                                   Facsimile:  (212) 504-6666
7                                  Email:      george.davis@cwt.com
                                   COUNSEL FOR LEHMAN
8                                  COMMERCIAL PAPER, INC.

9 | Grammercy Warehouse Funding I  Daniel H. Reiss, Esq.
   420 Lexington Avenue           Levene Neale Bender Rankin & Brill LLP
10| New York, NY 10170-0002        10250 Constellation Blvd., Suite 1700
   SECOND LIEN LENDER            Los Angeles, CA 90067-6200
11                                 Telephone:  (310) 229-1234
                                   Facsimile:  (310) 229-1244
12                                 Email:      dhr@lnbrb.com
                                   COUNSEL FOR GRAMMERCY
13                                 WAREHOUSE FUNDING I

14| Square Mile Structure Debt     Van C. Durrer, II, Esq.
   Corporation Trust Center 1209  Skadden Arps Slate Meagher & Flom LLP
15| Wilmington, DE 19801           300 S. Grand Avenue, Suite 3400
                                   Los Angeles, CA 90071-3137
16                                 Telephone:  (213) 687-5000
                                   Facsimile:  (213) 687-5600
17                                 Email:      van.durrer@skadden.com
                                   COUNSEL FOR SQUARE MILE
18
19
20
21
22
23
24
25
26
27
28

Welland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
TELEPHONE 714-966-1000

PROOF OF SERVICE

272888.2

In re *LBREP/L-—SunCal McSweeny Farms LLC*
Case No.: 8:08-bk-15639-ES
Revised: November 11, 2008 (MS)

## SERVICE LIST—20 LARGEST

AEI-CASC Engineering, Inc.
937 S. Via Lata, Suite 500
Colton, CA 92324
Facsimile   909-783-0108

All American Asphalt
P.O. Box 2229
Corona, CA 91718
Facsimile   951-736-4671

Genesis Construction
P.O. Box 7067
Hemet, CA 92545
Facsimile   951-925-6585

Group Seven Landscape Dev. I
45655 Reagan Way, Suite J
Murrieta, CA 92563

Homebuyers Guide Real Estate
17780 Fitch, Suite 195
Irvine, CA 92614
Facsimile   949-476-3071

KIP Incorporated
25740 Washington Avenue
Murrieta, CA 92562
Facsimile   951-698-7898

Nissho of California
1902 South Santa Fe Avenue
Vista, CA 92083
Facsimile   760-727-8706

Outdoor Dimensions
5325 E. Hunter Avenue
Anaheim, CA 92807
Facsimile   714-693-9578

Pacific Soils Engineering, I
P.O. Box 2249
Cypress, CA 92630
Facsimile   714-220-9589

Pacific States Engineering
29992 Hunter Rd., Suite 105-102
Murrieta, CA 92563

Palm Canyon Contractors, Inc.
P.O. Box 656
Yucaipa, CA 92399

Rohm Insurance Agency
26 Plaza Square, Suite 200
Orange, CA 92866
Facsimile   714-516-2965

Sierra Pacific Electrical Co.
2542 Avalon Street
Riverside, CA 92509
Facsimile   951-784-4489

So. Cal Sandbags, Inc.
12620 Bosley Lane
Corona, CA 92883-6358
Facsimile   951-277-2303

Southwestern Equipment LLC
5520 Walesley Street, #100
La Mesa, CA 91942
Facsimile   619-469-1707

SunCal Management, LLC
2392 Morse Avenue
Irvine, CA 92614
Facsimile   949-777-4050

Superior Masonry, Inc.
300 W. Olive Street, Suite A
Colton, CA 92324
Facsimile   909-370-2992

TNT Grading, Inc.
268 Redel Road.
San Marcos, CA 92078
Facsimile   760-736-4057

PROOF OF SERVICE

272891.2

Welland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
TELEPHONE 714-966-1000

| | | |
|---|---|---|
| 1 | Weston/ Mason Marketing<br>3130 Wilshire Blvd., 4th Floor | Woodside Hemet 148, Inc.<br>23121 Antonio Parkway, Suite 1 |
| 2 | Santa Monica, CA 90403<br>Facsimile: 310-826-8098 | Rancho Santa Margarita, CA 92688 |
| 3 | | |
| 4 | Lehman Commercial Paper, Inc.<br>745 Seventh Street<br>New York, NY 10019 | George A. Davis, Esq.<br>Andrew Troop, Esq.<br>Calwalader Wickersham & Taft |
| 5 | FIRST LIEN LENDER | One World Trade Center<br>New York, NY 10281-1003 |
| 6 | | Telephone: (212) 504-6000<br>Facsimile: (212) 504-6666 |
| 7 | | Email: george.davis@cwt.com<br>COUNSEL FOR LEHMAN |
| 8 | | COMMERCIAL PAPER, INC. |
| 9 | Grammercy Warehouse Funding I<br>420 Lexington Avenue | Daniel H. Reiss, Esq.<br>Levene Neale Bender Rankin & Brill LLP |
| 10 | New York, NY 10170-0002<br>SECOND LIEN LENDER | 10250 Constellation Blvd., Suite 1700<br>Los Angeles, CA 90067-6200 |
| 11 | | Telephone: (310) 229-1234<br>Facsimile: (310) 229-1244 |
| 12 | | Email: dhr@lnbrb.com<br>COUNSEL FOR GRAMMERCY |
| 13 | | WAREHOUSE FUNDING I |
| 14 | Square Mile Structure Debt<br>Corporation Trust Center 1209 | Van C. Durrer, II, Esq.<br>Skadden Arps Slate Meagher & Flom LLP |
| 15 | Wilmington, DE 19801 | 300 S. Grand Avenue, Suite 3400<br>Los Angeles, CA 90071-3137 |
| 16 | | Telephone: (213) 687-5000<br>Facsimile: (213) 687-5600 |
| 17 | | Email: van.durrer@skadden.com<br>COUNSEL FOR SQUARE MILE |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
TELEPHONE 714-966-1000

PROOF OF SERVICE

272891.2

# EXHIBIT A

1

2

3

4

5

6  Attorneys for Alfred H. Siegel,
   Chapter 11 Trustee

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                              **SANTA ANA DIVISION**

| | | |
|---|---|---|
| 11 | In re | ) Case No. 8:08-BK-15588-ES |
| 12 | LBREP/L-Sun Cal Master I, LLC, et al., | ) Chapter 11 Case |
| 13 | Debtor. | ) (Jointly Administered with Case Nos. 8:08-bk-15637-ES; 8:08-bk-15639-ES; and 8:08-bk-15640-ES) |

14

15  _____ Affects LBREP/L-SunCal Master I, LLC Only

16  _____ Affects LBREP/L-SunCal McAllister Ranch, LLC Only

17

18  _____ Affects LBREP/L-SunCal McSweeny Farms Only

19  _____ Affects LBREP/L-SunCal Summerwind Ranch Only

20

21  _____ Affects All Debtors,

22  ALFRED H. SIEGEL, Chapter 11 Trustee,

23                              Plaintiff,

24        v.

25  LEHMAN COMMERCIAL PAPER, INC.,
    a New York corporation; LBREP LAKESIDE
26  SC MASTER I, LLC, a Delaware limited
    liability company; GRAMERCY
27  WAREHOUSE FUNDING I, LLC, a Delaware
    limited liability company; and SQUARE
28  MILE, an entity of unknown origin,

)
) Adversary Case No. _____
)
) **COMPLAINT:**
) **(1) TO AVOID AND RECOVER**
)     **FRAUDULENT CONVEYANCE**
)     **PURSUANT TO 11 U.S.C. SECTIONS**
)     **544(b) AND 550 AND CALIFORNIA**
)     **CIVIL CODE SECTIONS 3439.04(a)(1);**
) **(2) TO AVOID AND RECOVER**
)     **FRAUDULENT CONVEYANCE**
)     **PURSUANT TO 11 U.S.C. SECTIONS**
)     **544(b) AND 550 AND CALIFORNIA**
)     **CIVIL CODE SECTIONS 3439.04(a)(2);**
) **(3) TO AVOID AND RECOVER**
)     **FRAUDULENT CONVEYANCE**
)     **PURSUANT TO 11 U.S.C. SECTIONS**
)     **544(b) AND 550 AND CALIFORNIA**
)     **CIVIL CODE SECTIONS 3439.05;**
) **(4) TO PRESERVE THE TRANSFERS**
)     **FOR THE BENEFIT OF THE ESTATES**
)     **PURSUANT TO 11 U.S.C SECTION**
)     **551;**
) **(5) FOR IMPOSITION OF**
)     **CONSTRUCTIVE TRUST;**
) **(6) FOR BREACH OF FIDUCIARY DUTY;**
) **(7) FOR BREACH OF DUTY OF GOOD**
)     **FAITH AND FAIR DEALING;**
) **(8) FOR EQUITABLE SUBORDINATION;**
)     **AND**

274057.1                                                    COMPLAINT

EXHIBIT A PAGE 5

1
2
3

Defendants.    )    **(9)  FOR AWARD OF ATTORNEYS' FEES AND COSTS**
)
)
)
)

4    Alfred H. Siegel, the duly appointed, qualified and acting chapter 11 trustee (the

5 "Trustee" or "Plaintiff") of the administratively consolidated estates of LBREP/L-SunCal

6 Masters I, LLC, LBREP/L-SunCal McAllister Ranch, LLC, LBREP/L-SunCal McSweeny

7 Farms, and  LBREP/L-SunCal Summerwind Ranch (collectively, the "Estates") hereby

8 files this Complaint: (1) To Avoid and Recover Fraudulent Conveyance Pursuant to 11

9 U.S.C. §§ 544(b) and 550 and California Civil Code § 3439.04(a)(1); (2) To Avoid and

10 Recover Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550 and California Civil

11 Code § 3439.04(a)(2); (3) To Avoid and Recover Fraudulent Transfer Pursuant to 11

12 U.S.C. §§ 544(b) and 550 and California Civil Code § 3439.05; (4) To Preserve Avoidable

13 Transfer for the Benefit of the Estates Pursuant to 11 U.S.C. § 551; (5) For Imposition of

14 Constructive Trust; (6) For Breach of Fiduciary Duty; (7) For Equitable Subordination;

15 (8) For Declaratory Relief; and (9) For Award of Attorneys' Fees and Costs (the

16 "Complaint") against Lehman Commercial Paper, Inc. ("Lehman Commercial"), LBREP

17 Lakeside SC Master I LLC ("Lehman Lakeside"), Gramercy Warehouse Funding I, LLC

18 ("Gramercy"), and Square Mile ("Square Mile") (collectively, the "Defendants"), and

19 alleges that:

20    <u>STATEMENT OF JURISDICTION AND VENUE</u>

21    1.    The Bankruptcy Court has jurisdiction over this adversary proceeding

22 pursuant to 28 U.S.C. §§ 157(b)(2)(A), (C), (E), (H), (K), and (O), and 1334.

23    2.    Venue properly lies in this judicial district in that this civil proceeding arises

24 under title 11 of the United States Code as provided for in 28 U.S.C. § 1409(a).

25    3.    This adversary proceeding arises out of and is related to the involuntary

26 bankruptcy cases of the administratively consolidated estates of LBREP/L-SunCal

27 Masters I, LLC ("Lehman/SunCal Master"), LBREP/L-SunCal McAllister Ranch, LLC

28 ("McAllister Ranch LLC"), LBREP/L-SunCal McSweeney Farms ("McSweeney Farms

1  LLC"), and  LBREP/L-SunCal Summerwind Ranch ("Summerwind Ranch LLC"), filed on

2  September 10 and 11, 2008 (the "Petition Dates") and currently pending in the United

3  States Bankruptcy Court for the Central District of California, Santa Ana Division.

4  McAllister Ranch LLC, McSweeney Farms LLC, and Summerwind Ranch LLC collectively

5  referred to as "Lehman/SunCal Subsidiaries."  "Lehman/SunCal Master and the

6  Lehman/SunCal Subsidiaries are collectively referred to as the "Debtors."

7

8                    **STATEMENT OF STANDING**

9        4.    The Plaintiff, as the Trustee, has standing to bring this action pursuant to 11

10  U.S.C. §§ 323, 544, 550, and 551.

11

12                    **PARTIES TO THE ACTION**

13        5.    Plaintiff, Alfred H. Siegel, is the duly appointed, qualified and acting chapter

14  11 trustee for the Estates.  This action is brought by the Trustee in his representative

15  capacity only.

16        6.    The Trustee is informed and believes, and on that basis alleges, that

17  defendant Lehman Commercial is a New York corporation with its principal place of

18  business at 745 Seventh Avenue, New York, New York 10019.

19        7.    The Trustee is informed and believes, and on that basis alleges, that

20  Lehman Lakeside is a Delaware limited liability company with its principal place of

21  business at is an individual residing at 3500 West Olive Avenue Suite 650, Burbank,

22  California 915053.

23        8.    The Trustee is informed and believes, and on that basis alleges, that

24  defendant Gramercy is the administrative agent for the Second Lien creditors and is sued

25  in this representative capacity.

26        9.    The Trustee is informed and believes, and on that basis alleges, that

27  defendant Square Mile is the administrative agent for the Third Lien creditors and is sued

28  in this representative capacity.

**GENERAL ALLEGATIONS**

10.    The Trustee is informed and believes, and on that basis alleges, debtor Lehman/SunCal Master is a holding company, established to the fund the real estate development projects owned by each of the its four operating subsidiaries, i.e., the debtor Lehman/SunCal Subidiaries and a non-debtor LBREP/L-SunCal Patterson Ranch, LLC. Debtor Lehman/SunCal Master is controlled by defendant Lehman Lakeside. Defendant Lehman Lakeside is a subsidiary of Lehman Bros. Real Estate Partners, LP ("LBREP") and an affiliate of defendant Lehman Commercial. More specifically, defendant Lehman Lakeside is the managing member and 90% equity owner of debtor Lehman/SunCal Master. The remaining 10% equity interest in debtor Lehman/SunCal Master is owned by SCC Ranch Venture, LLC, which is an affiliate of SCC Acquisitions, Inc. d/b/a SunCal Companies.

11.    The Trustee is informed and believes, and on that basis alleges, debtor Lehman/SunCal Master's primary asset is its interest in its operating subsidiaries. Debtor Lehman/SunCal Master is the sole equity member of the debtors McAllister Ranch LLC, McSweeney Farms LLC, and Summerwind Ranch LLC, each of which, in turn, own real estate developments bearing the same name (collectively, the "Real Properties"). Each Lehman/SunCal Subsidiary has its own set of creditors and assets. The following is a more detailed discussion of the Real Properties:

**MCALLISTER RANCH**

12.    The Trustee is informed and believes, and on that basis alleges, debtor McAllister Ranch LLC owns the real estate development commonly known as "McAllister Ranch," which is located near Bakersfield in Kern County, California. The Trustee understands that McAllister Ranch is designed to be a 2070 acre master-planned community featuring a golf course, lake, and approximately 6,087 homes. All of the lots have been graded, and the first of five planned subdivisions is nearly complete. In addition, the golf course is completed and the clubhouse is framed and roofed. Defendant

1  Lehman Commercial asserts that McAllister Ranch was worth $123 million on an "as is"

2  basis as of March 31, 2008 (approximately seven months prior to the Petition Dates).

3  <center>**MCSWEENEY FARMS**</center>

4      13.   The Trustee is informed and believes, and on that basis alleges, debtor

5  McSweeney Farms LLC owns the real estate development commonly known as

6  "McSweeney Farms," which located near Hemet in Riverside County, California.

7  McSweeney Farms is comprised of 673 acres, and a total of 1,640 lots are planned to be

8  included thereon.  Phase 1 of the project has been completed and sold out.  The Trustee

9  is informed and believes that hundreds of homes have been completed, and there are

10  residents living in a substantial portion of these homes.  Defendant Lehman Commercial

11  asserts that McSweeney Farms was worth $13,300,000 on an "as is" basis as of

12  March 31, 2008.

13  <center>**SUMMERWIND RANCH**</center>

14      14.   The Trustee is informed and believes, and on that basis alleges, debtor

15  Summerwind Ranch LLC owns the real estate development commonly known as

16  "Summerwind Ranch," which is located near Calimesa in Riverside County, California.

17  Summerwind Ranch is comprised of 2,591 acres with 3,683 lots planned thereon.

18      15.   The Trustee is informed and believes, and on that basis alleges, debtor

19  Lehman/SunCal Master, as borrower, entered into three Lien Credit Agreements with

20  defendant Lehman Commercial as an administrative agent and participant (collectively,

21  the "Lien Credit Agreements").  Pursuant to the First and Second Lien Credit Agreements

22  (collectively, the "January 2006 Loan"), which were entered into on or around January 19,

23  2006, debtor Lehman/SunCal Master borrowed a total of $320 million as follows: (1) a

24  revolving credit facility of $75 million and term loan facility of $160 million under the First

25  Lien Credit Agreement; and (2) a $85 million term loan facility under the Second Lien

26  Credit Agreement.  Defendant Lehman Commercial participated in the January 2006

27  Loans, and acted as the sole administrative agent, and Lehman Brothers, Inc. ("Lehman

28  Brothers"), served as the sole lead arranger and syndicator.  Defendant Lehman

1  Lakeside, Debtor's Lehman/SunCal Master's managing member, caused Lehman/SunCal

2  Master's obligations under these agreements to be guaranteed by the Lehman/SunCal

3  Subsidiaries, and secured by first and second liens cross-collateralized against the Real

4  Properties and other assets.  More specifically, defendant Lehman Commercial obtained a

5  lien from its affiliate defendant Lehman Lakeside against debtor Lehman/SunCal Master

6  for the full amount of the January 2006 Loan (the "Lehman/SunCal Master Lien"), as well

7  as liens against each of the Lehman/SunCal Subsidiaries also in the full amount of the

8  January 2006 Loan ("Lehman/SunCal Subsidiary Liens").  Therefore, a Lehman affiliated

9  entity was the lender, administrative agent, arranger, syndicator, borrower, managing

10  member of the borrower, and guarantor on the January 2006 Loans.

11       16.    The Trustee is informed and believes, and on that basis alleges, as a result

12  of the January 2006 Loan, the Debtors' were collectively saddled with $320 million in

13  secured debt and the significant interest thereon.  However, Debtors did not receive the

14  benefit of all the January 2006 Loan proceeds.  Of the $235 million allegedly loaned to

15  Lehman/SunCal Master under the First Lien Credit Agreement, a $144 million equity

16  distribution (the "Dividend") was immediately paid from escrow to Debtor Lehman/SunCal

17  Master's equity owners, of which 90%, $117 million, was paid to Lehman Lakeside.

18  Debtors appear to never have received the $144 million, nor any value for the transfer of

19  the Dividend.

20       17.    The Trustee is informed and believes, and on that basis alleges, most of the

21  $320 million January 2006 Loan proceeds went to one Lehman entity or another.  Besides

22  the $144 million Dividend, $10.6 million was paid to Lehman Commercial for its

23  arrangement and administrative fee.  Approximately $62 million went to repay another

24  Lehman entity's, "Lehman, Ali," loans to the Lehman/SunCal Subsidiaries.  This value

25  received by the Debtors is offset by the fact that debtor McSweeney Farms LLC paid

26  approximately $21 million into escrow prior to closing.

27       18.    The Trustee is informed and believes, and on that basis alleges, from

28  escrow $25 million was automatically set aside by escrow to fund a "Debt Service

1 Reserve" which the Debtors could not use, but served as defendant Lehman

2 Commercial's collateral.  Although this Debt Service Reserve which has also been

3 characterized as the Development Account was allegedly intended to be used by the

4 Debtors for various development and maintenance expenses, it appears that Lehman

5 Commercial's unfair exercise of control agreements and its lack of consent effectively

6 prohibited the use of these funds during the a substantial portion of the loan term.

7 Moreover, it appears that Lehman Commercial unnecessarily caused the funds in the

8 Development Account to be borrowed in order to increase its yield on its investment.

9 Similarly, there was another $25 million on the revolving credit line that was never made

10 available to the Debtors between the January 19, 2006 funding date and March, 2007

11 resulting in a combined $50 million of lost liquidity of which Debtors did not receive the

12 benefit.

13     19.    Moreover, while the Lehman/SunCal Subsidiaries were forced to grant

14 security interests in the Real Properties to secure the entire $320 million in loans it

15 Lehman/SunCal Master, each entity received very little of the loan proceeds.  The

16 following is a brief summary of the Trustee's findings regarding each Lehman/SunCal

17 Subsidiary:

18     A.    McAllister Ranch LLC: The Trustee is informed and believes, and on

19 that basis alleges, in exchange for securing the entire $320 million in loans to

20 Lehman/SunCal Master, McAllister Ranch received only loan proceeds sufficient to

21 replace the existing $20 million first position lien, which was held by another

22 Lehman-related entity and allegedly created on November 5, 2004.. Moreover, Lehman

23 SunCal Master upstreamed approximately $22.8 million of McAllister Ranch sale deposits

24 in March, 2006 which were effectively used in the operating account to disburse to

25 Lehman Commercial as part of the $40 million in interest and principal it received as part

26 of the $235 million loan ($144 million of which was disbursed as an allegedly as a

27 dividend).

28

1        B.    <u>McSweeney Farms LLC</u>: The Trustee is informed and believes, and

2    on that basis alleges, in exchange for securing the entire $320 million in loans to

3    Lehman/SunCal Master, McSweeney Farms LLC received only loan proceeds sufficient to

4    replace the existing $17.7 million first position lien, which was held by another

5    Lehman-related entity and allegedly created on May 18, 2005.  Moreover, on January 19,

6    2006, through the escrow related to the funding of the loans, SunCal Master upstreamed

7    approximately $21.5 million of McSweeney Farms sale proceeds which were also

8    effectively used to as part of the $40 million in interest and principal Lehman Commercial

9    received as part of the $235 million loan ($144 million of which was disbursed allegedly as

10    a dividend).

11        C.    <u>Summerwind Ranch LLC</u>: The Trustee is informed and believes, and

12    on that basis alleges, in exchange for securing the entire $320 million in loans to

13    Lehman/SunCal Master, Summerwind Ranch LLC received only loan proceeds sufficient

14    to replace the existing $24 million first position lien, which was held by another

15    Lehman-related entity and allegedly created on May 3, 2005.  It is unclear what other

16    benefit Summerwind Ranch LLC received at this point.

17        20.    The Trustee is informed and believes, and on that basis alleges, In sum, the

18    only concrete economic benefit received by the Lehman/SunCal Subsidiaries in exchange

19    for securing Lehman/SunCal Master's obligations under First and Second Lien Credit

20    Agreements (*i.e.*, the repayment of the $320 million in loans) was funds sufficient to relay

21    existing obligations to another Lehman-related entity, in amounts far less than that

22    secured by the Real Properties.  Clearly, the Lehman/SunCal Subsidiaries did not receive

23    reasonably equivalent value.

24        21.    The Trustee is informed and believes, and on that basis alleges, on

25    February 6, 2007, a Third Lien Credit Agreement was entered into by Lehman/SunCal

26    Master, which allegedly provided for an additional $75 million term loan, guaranteed again

27    by the Lehman/SunCal Subsidiaries and secured by third priority liens ("Third

28

1  Lien") against the Real Properties.  Lehman/SunCal Master Lien, the Lehman/SunCal

2  Subsidiary Liens and the Third Lien are collectively referred to as the "Transfers."

3      22.    The Trustee is informed and believes, and on that basis alleges, just as with

4  the January 2006 Loans, Lehman Commercial participated and served as the

5  administrative agent, and Lehman Brothers served as sole arranger and syndicator with

6  Lehman Lakeside as the managing member of the Debtors.  It appears that the need for

7  the Third Lien Credit Agreement was not contemplated when the First and Second Lien

8  Credit Agreements were originated but needed because of cash flow shortages within the

9  Debtors, and simultaneous pressure by Lehman Commercial for the Debtors to timely pay

10  their obligations under the First Lien Credit Agreement.  One year later, on February 14,

11  2008, defendant Lehman Commercial resigned as administrative agent under the Second

12  and Third Lien Credit Agreements and defendants Gramercy and Square Mile,

13  respectively, became the administrative agents.  From the $75 million loaned to

14  Lehman/SunCal Master under the Third Lien Credit Agreement, $50 million was paid out

15  of escrow directly to Lehman Commercial to pay down obligations on the First Lien Credit

16  Agreement.

17      23.    The Trustee is informed and believes, and on that basis alleges, the

18  negotiations between Lehman Commercial and Lehman Lakeside essentially set the

19  Debtors' up for default.  For example, on January 31, 2008, Lehman Commercial, as the

20  lien agent for all three Lien Credit Agreements, negotiated the Fourth Amendment and

21  Waiver to the First Lien Credit Agreement (the "Amendment"), which required that the

22  cash in the Development Account be *increased* from $25 million to $50 million by

23  March 31, 2008.  Then, 60 days later on March 31, 2008, Lehman Commercial declared a

24  default due to the Debtors failure to increase the Development Account.  Lehman

25  Commercial knew or reasonably should have known that the Debtors would be unable to

26  comply with the Amendment and come up with an additional $25 million in cash 60 days.

27      24.    The Trustee is informed and believes, and on that basis alleges, the other

28  defaults declared by Lehman Commercial are equally suspect.  Lehman Commercial

1  argues that the Debtors missed an interest payment, even though there was

2  approximately $25 million of cash in the Development Account, which was admittedly

3  available to repay and prepay loans.  Lehman Commercial argues that the Debtors failed

4  to timely deliver financial statements, but the Debtors were under the control of Lehman

5  Commercial's affiliate, Lehman Lakeside.  Lehman Commercial further asserts that the

6  Debtors failed to pay a $100,000 administrative fee and maintain the necessary liquidity

7  requirements, which was presumably caused by that fact that $144 million of the

8  January 2006 Loan proceeds were paid directly from escrow to Lehman/SunCal Master's

9  owners and, primarily, Lehman Lakeside.

10                    **SIGNIFICANT POST-PETITION EVENTS**

11          25.    The Trustee is informed and believes, and on that basis alleges, on

12  October 2, 2008, Lehman Commercial filed four motions for relief from the automatic stay

13  (the "Lehman Relief Motions") in each individual case, which were originally scheduled for

14  hearings on October 28, 2008.  On October 14, 2008, a group of petitioning creditors filed

15  an opposition to the Lehman Relief Motions.  The Debtors, controlled by Lehman

16  Lakeside, did not oppose the Lehman Relief Motions, arguing that the Debtors have no

17  viable defenses to thereto.

18          26.    The Trustee is informed and believes, and on that basis alleges, following

19  the Debtors' refusal to oppose the Lehman Relief Motions, on or about October 15, 2008,

20  a group of petitioning creditors filed a motion for order authorizing the appointment of a

21  chapter 11 trustee (the "Trustee Appointment Motion").  The petitioning creditors argued

22  that an independent trustee should be appointed to represent the interests of the Debtors'

23  estates, especially in light of the affiliate relationship between Lehman Commercial, the

24  lender and movant, and Lehman Lakeside, the managing member and majority owner of

25  the Lehman/SunCal Master.

26          27.    The Trustee is informed and believes, and on that basis alleges, on

27  October 22, 2008, the Debtors answered the involuntary petitions, consented to the entry

28  of the orders for relief, and then filed motions to convert the cases from chapter 11 to

1  chapter 7 (collectively, the "Motions to Convert").  The Debtors, controlled by Lehman

2  Lakeside, argued that conversion was proper because there was no possibility to

3  reorganize.  Both Lehman Commercial and the Lehman-controlled Debtors opposed the

4  Trustee Appointment Motion.

5      28.    The Trustee is informed and believes, and on that basis alleges, following

6  his appointment, the Trustee immediately moved the Court for authoirty to use cash

7  collateral on a emergency basis (the "Cash Collateral Motion").  Lehman Commerical

8  opposed the Cash Collateral Motion, despite the fact that the Trustee sought Court

9  authority to use the cash in the Development Account for the sole purpose of preventing

10  the neglect complained of in the Lehman Relief Motions, and which was originally caused

11  by Lehman Commercial's own conduct.  On November 6, 2008, the Court heard and

12  approved the Cash Collateral Motion over Lehman Commerical's objection.  Pursuant to

13  the Court's order, the Trustee has authority to use the funds in the Development Account

14  pursuant to the Court-approved budget to bring the deferred maintenance up to date

15  (which maintenance Lehman Commercial refused to fund) and to preserve the value of

16  the Real Properties.

17

**FIRST CLAIM FOR RELIEF**
**(To Avoid Transfer and Recover Intentionally Fraudulently Conveyance**
**under 11 U.S.C. §§ 544(b), 550, and Cal. Civ. Code § 3439.04(a)(1))**
**(against Lehman Commercial, Gramercy and Square Mile)**

29.    Plaintiff incorporates each and every allegation contained in paragraphs 1

through 28, inclusive, as though fully set forth herein.

30.    The Trustee is informed and believes, and on that basis alleges, the

Transfers occurred during the four-year period immediately preceding the Petition Dates.

31.    The Trustee is informed and believes, and on that basis alleges, the

Transfers were made with the actual intent to hinder, delay or defraud the Estates'

creditors.

EXHIBIT ___ PAGE ___

1    32.    Trustee is informed and believes, and on that basis alleges, that the

2 Lehman/SunCal Master Lien is in the amount of $320 million. The Lehman/SunCal

3 Subsidiaries Liens are cross collateralized in the amount of $320 million.  The Third Lien

4 is in the amount of $75 million.

5    33.    The Trustee is informed and believes, and on that basis alleges, creditors

6 existed at the time of the Transfers that remained unpaid as of the Petition Dates.

7    34.    The Trustee is informed and believes, and on that basis alleges, the

8 Transfers were made to or for the benefit of Lehman Commercial, Gramercy and Square

9 Mile.

10    35.    The Trustee is informed and believes, and on that basis alleges, the Debtors

11 received no or inadequate consideration from Lehman Commercial, Gramercy and

12 Square Mile in exchange for the Transfers.

13    36.    Trustee is informed and believes, and on that basis alleges, that Lehman

14 Commercial is an insider of the Debtors.

15    37.    The Trustee is informed and believes, and on that basis alleges, that

16 Debtors became insolvent as a result of the Transfers.

17    38.    By reason of the foregoing, the Transfers  are avoidable, Plaintiff is entitled

18 to set aside and recover the Transfers pursuant to 11 U.S.C. § 544(b), California Civil

19 Code §§ 3439.04(a)(1) and 3439.07, and 11 U.S.C. § 550.

20    **SECOND CLAIM FOR RELIEF**

21    **(To Avoid Transfer and Recover Constructively Fraudulently Conveyance**
    **under 11 U.S.C. §§ 544(b), 550 and Cal. Civ. Code §§ 3439.04(a)(2))**

22    **(against Lehman Commercial, Gramercy and Square Mile)**

23    39.    Plaintiff incorporates each and every allegation contained in paragraphs 1

24 through 38, inclusive, as though fully set forth herein.

25    40.    The Trustee is informed and believes, and on that basis alleges, the

26 Transfers occurred during the four-year period immediately preceding the Petition Dates.

27    41.    Trustee is informed and believes, and on that basis alleges, that the

28 Lehman/SunCal Master Lien is in the amount of $320 million. The Lehman/SunCal

1 Subsidiaries Liens are cross collateralized in the amount of $320 million.  The Third Lien

2 is in the amount of $75 million.

3      42.    The Trustee is informed and believes, and on that basis alleges, creditors

4 existed at the time of the Transfers that remained unpaid as of the Petition Dates.

5      43.    The Trustee is informed and believes, and on that basis alleges, the

6 Transfers were made to or for the benefit of Lehman Commercial, Gramercy and Square

7 Mile.

8      44.    The Trustee is informed and believes, and on that basis alleges, the Debtors

9 received no or inadequate consideration from Lehman Commercial, Gramercy and

10 Square Mile in exchange for the Transfers.

11      45.    The Trustee is informed and believes, and on that basis alleges, at the time

12 of the Transfers, the Debtors were engaged or were about to engage in a business or a

13 transaction for which the remaining assets of the Debtors were unreasonably small in

14 relation to the business or transaction.

15      46.    The Trustee is informed and believes, and on that basis alleges, at the time

16 of the Transfers, the Debtors intended to incur, or believed or reasonably should have

17 believed that they would incur, debts beyond their ability to pay as they became due.

18      47.    The Trustee is informed and believes, and on that basis alleges, Lehman

19 Commercial, Gramercy and Square Mile did not take the Transfers for a reasonably

20 equivalent value or in good faith.

21      48.    By reason of the foregoing, the Transfers are avoidable, Plaintiff is entitled to

22 set aside and recover the Transfers pursuant to 11 U.S.C. § 544(b), California Civil Code

23 §§ 3439.04(a)(2) and 3439.07, and 11 U.S.C. § 550.

24

25     **THIRD CLAIM FOR RELIEF**
**(To Avoid Transfer and Recover Constructively Fraudulently Transferred
Property under 11 U.S.C. §§ 544(b), 550 and Cal. Civ. Code §§ 3439.05)**

26 **(against Lehman Commercial, Gramercy and Square Mile)**

27      49.    Plaintiff incorporates each and every allegation contained in paragraphs 1

28 through 48, inclusive, as though fully set forth herein.

1    50.    The Trustee is informed and believes, and on that basis alleges, the Debtors

2  made the Transfers to and for the benefit of Lehman Commercial, its affiliates, Gramercy

3  and Square Mile.

4    51.    The Trustee is informed and believes, and on that basis alleges, the Debtors

5  did not receive reasonably equivalent value for making the Transfers.

6    52.    The Trustee is informed and believes, and on that basis alleges, at the time

7  of the Transfers, the Debtors were either insolvent and/or were rendered insolvent as a

8  result of the Transfers.

9    53.    The Trustee is informed and believes, and on that basis alleges, creditors

10  existed at the time of or prior to the Transfers that remained unpaid as of the Petition

11  Dates.

12    54.    By reason of the foregoing, the Transfers are avoidable, Plaintiff is entitled to

13  set aside and recover the Transfers pursuant to 11 U.S.C. § 544(b), California Civil Code

14  §§ 3439.05 and 3439.07, and 11 U.S.C. § 550.

15

16
### FOURTH CLAIM FOR RELIEF
**(To Preserve Transfer for the Benefit of the Estates**
**Pursuant to 11 U.S.C. § 551)**
17
**(against Lehman Commercial, Gramercy and Square Mile)**

18

19    55.    Plaintiff incorporates each and every allegation contained in paragraphs 1

20  through 54, inclusive, as though fully set forth herein.

21    56.    Pursuant to 11 U.S.C. § 551, the Transfers are preserved for the benefit of

22  the Estates as the Transfers are avoidable under 11 U.S.C. §§ 544 and 550 as set forth

23  above.

24
### FIFTH CLAIM FOR RELIEF
**(For Imposition of Constructive Trust)**
25
**(against Lehman Commercial, Gramercy and Square Mile)**

26

27    57.    Plaintiff incorporates each and every allegation contained in paragraphs 1

28  through 56, inclusive, as though fully set forth herein.

1    58.    The Trustee is informed and believes, and on that basis alleges, the

2    Transfers are fraudulent transfers for less than reasonably equivalent value.

3    59.    The Trustee is informed and believes, and on that basis alleges, Lehman

4    Commercial, Gramercy and Square Mile were unjustly enriched as a result of the

5    Transfers.

6    60.    By reason of the foregoing, Plaintiff is entitled to the imposition of a

7    constructive trust as of the date of the Transfers for the benefit of the Estates as of the

8    Petition Date.

9

10    **SIXTH CLAIM FOR RELIEF**
**(For Breach of Fiduciary Duty)**
**(against Lehman Commercial and Lehman Lakeside)**

11

12    61.    Plaintiff incorporates each and every allegation contained in paragraphs 1

13    through 60, inclusive, as though fully set forth herein.

14    62.    The Trustee is informed and believes, and on that basis alleges, Lehman

15    Lakeside, as the managing member of debtor Lehman SunCal Master, which is the 100%

16    member of the remaining debtors, has fiduciary duties to the Debtors and their creditors.

17    Lehman Commercial, Lehman Lakeside's affiliate and recipient of, among other things,

18    the Transfers, exercised sufficient control over the Debtors through, at a minimum, the

19    affiliate relationship with Lehman Lakeside, to be considered an insider with fiduciary

20    duties to the Debtors and their creditors.

21    63.    The Trustee is informed and believes, and on that basis alleges, Lehman

22    Lakeside and Lehman Commercial breached their fiduciary duties to Debtors and their

23    creditors, by, among other things set out in more detail above, causing the Debtors to

24    agree to the Transfers when they did not receive reasonably equivalent value for these

25    liens, and agreeing to loan terms which left insufficient funds for the development of the

26    Real Properties, and causing the Debtors to agree to an increased reserved account

27    which was unsustainable.    Moreover, by permitting a $144 million distribution of equity

28    through the proceeds of development loans with no benefit to the Debtors, it caused

1  interest and principal obligations which burdened the Debtors to such an extent that it

2  resulted in inadequate liquidity to sustain the operations.

3    64.    The Trustee is informed and believes, and on that basis alleges, these

4  breaches caused the Debtors' insolvency and inability to pay their debts as they came

5  due.

6    65.    The Trustee is informed and believes, and on that basis alleges, Debtors

7  and their other creditors who did not know or have reason to know about the Transfers

8  have been injured in an amount to be proven at trial.

9    66.    By reason of the foregoing, Plaintiff is entitled to damages in an amount to

10  be proven at trial.  Because Lehman Commercial and Lehman Lakeside's conduct was

11  malicious, oppressive and in open disregard for the rights of others, the Plaintiff is entitled

12  to exemplary damages in an amount to be proven at trial.

13

14  <div align="center">**SEVENTH CLAIM FOR RELIEF**
**(For Breach of Implied Covenant of Good Faith and Fair Dealing)**
**(against Lehman Commercial)**</div>

15

16    67.    Plaintiff incorporates each and every allegation contained in paragraphs 1

17  through 66, inclusive, as though fully set forth herein.

18    68.    The Trustee is informed and believes, and on that basis alleges, defendant

19  Lehman Commercial owed Debtors the implied covenant of good faith and fair dealing

20  pursuant to the First, Second and Third Lien Credit Agreements in which Lehman

21  Commercial impliedly covenanted that it would, in good faith and in the exercise of fair

22  dealing, deal with debtor Lehman/SunCal Master fairly and honestly and do nothing to

23  impair, interfere with, hinder or potentially injure its rights.

24    69.    The Trustee is informed and believes, and on that basis alleges, defendant

25  Lehman Commercial breached the implied covenant of good faith and fair dealing, by,

26  among other things, the acts detailed above, which may not constitute breach of contract,

27  but which are contrary to the First, Second and Third Lien Credit Agreements purpose of

28  loans, i.e. real estate development.  These acts include, at a minimum, structuring the

1   First, Second and Third Lien Credit Agreements, and related terms, so that sufficient

2   funds for the real estate development projects did not exist upon funding, refusing to allow

3   Debtors to use the funds in the Debt Servicing Account/Development Account to service

4   the January 2006 Loan, and requiring terms which Lehman Commercial knew or should

5   have known Debtors could not comply with such as the increased Debt Servicing

6   Account/Development Account withholding and using these terms to call a default on the

7   January 2006 Loan.

8       70.    The Trustee is informed and believes, and based thereon alleges, Debtors

9   performed all acts, duties and responsibilities required of it under the First, Second and

10  Third Lien Credit Agreements except that which was prevented or caused by Lehman

11  Commercial's improper conduct.

12      71.    By reason of the foregoing, Plaintiff is entitled to damages in an amount to

13  be proven at trial.

14

15                          **EIGHTH CLAIM FOR RELIEF**
                            **(For Equitable Subordination)**
                  **(against Lehman Commercial, Gramercy and SquareMile)**
16

17      72.    Plaintiff incorporates each and every allegation contained in paragraphs 1

18  through 71, inclusive, as though fully set forth herein.

19      73.    The Trustee is informed and believes, and on that basis alleges, Lehman

20  Commercial, Gramercy and SquareMile are the recipients of the Lehman/SunCal Master

21  Lien, the Lehman/SunCal Subsidiary Liens, and the Third Lien, respectively.  Collectively

22  these liens are in the amount of no less than $395 million and Lehman Commercial,

23  Gramercy and SquareMile have asserted or will assert first, second and third priority

24  secured claims against the Estates for this amount.

25      74.    The Trustee is informed and believes, and on that basis alleges, Lehman

26  Commercial has engaged in inequitable conduct described in more detail above including

27  causing the Debtors, through its affiliate Lehman Lakeside, to agree to the

28  Lehman/SunCal Master Lien, the Lehman/SunCal Subsidiary Liens and the Third Lien

274057.1                            17                            COMPLAINT

1  when they did not receive reasonably equivalent value for these liens, causing the

2  Dividend to its affiliate Lehman Lakeside which left insufficient funds for the development

3  of the Real Properties, and causing the Debtors to agree to an increased reserved

4  account which was unsustainable.

5       75.    The Trustee is informed and believes, and on that basis alleges, Lehman

6  Commercial's misconduct resulted in injury to the Debtors and their creditors by putting

7  the Debtors in insolvency, unable to pay their debts as they came due in an amount to be

8  proven at trial but, at a minimum, in an amount equivalent to the Dividend plus interest.

9       76.    By reason of the foregoing, Plaintiff is entitled to equitably subordinate

10  Lehman Commercial's, Gramercy's and SquareMile's claims in an amount to be proven at

11  trial but, at a minimum, in the amount of the Dividend, plus interest, which result is not

12  inconsistent with the purposes of the Bankruptcy Code.

13

14  **<u>NINTH CLAIM FOR RELIEF</u>**
**(For Award of Attorneys' Fees and Costs Pursuant to Rule 7008(b)**
**of the Federal Bankruptcy Rules)**

15  **(against all Defendants)**

16       77.    Plaintiff incorporates each and every allegation contained in paragraphs 1

17  through 76, inclusive, as though fully set forth herein.

18       78.    Based on the foregoing allegations, Plaintiff is entitled to reasonable

19  attorneys' fees and costs resulting from bringing the instant action.

20      **WHEREFORE**, Plaintiff prays that this Court enter a judgment against Defendants

21  as follows:

22      1.    Avoiding the Transfers and declaring that the Transfers be annulled and

23  rendered void as fraudulent transfers and for recovery of the Transfers for the benefit of

24  the Estates against Lehman Commercial, Gramercy and Square Mile.

25      2.    For preservation of the Transfers for the benefit of the Estates.

26      3.    For imposition of a constructive trust as of the date of the Transfers for the

27  benefit of the Estates.

28

1    4.    For a money judgment against Lehman Commercial and Lehman Lakeside

2 for breach of their fiduciary duties.

3    5.    For the equitable subordination to general unsecured creditors of all liens

4 created under the First, Second and Third Credit Agreements and for the preservation of

5 such liens for the benefit of the Estates;

6    6.    Plaintiff be awarded the Estates' costs and attorneys' fees incurred in this

7 action.

8    7.    For award of exemplary damages.

9    8.    For pre-judgment and post-judgment interest at the maximum legal rate.

10    9.    For such other and further relief as this Court may, in its discretion, deem

11 just and proper.

12

13 Dated:  November _____, 2008

14

15                                    By:  _____

16                                           Attorneys for Alfred H. Siegel,
                                               Chapter 11 Trustee

17

18

19

20

21

22

23

24

25

26

27

28