# Exhibit K

David R. Zaro (CA Bar No. 124334)
Email: dzaro@allenmatkins.com
Yale K. Kim (CA Bar No. 188895)
Email: ykim@allenmatkins.com
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
515 South Figueroa Street, 9th Floor
Los Angeles, CA 90071-3398
Telephone: (213) 622-5555
Facsimile: (213) 620-8816

- and -

George A. Davis (NY Bar No. 2761)
Email: george.davis@cwt.com
Andrew M. Troop (NY Bar No. 04556320)
Email: andrew.troop@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

Counsel for Lehman Commercial Paper Inc.,
as First Lien Administrative Agent for the First Lien Lenders

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No. 8:08-15588 (ES) |
| **LBREP/L-SunCal Master I LLC et al.,** | Jointly Administered with Case Nos.: 8:08-bk-15637-ES; 8:08-bk-15639-ES and 8:08-bk-15640-ES |
| Debtor. | |
| | **Chapter 11** |
| __ Affects LBREP/L-SunCal Master I LLC Only | **RESPONSE OF LEHMAN COMMERCIAL PAPER INC., AS FIRST LIEN ADMINISTRATIVE AGENT FOR THE FIRST LIEN LENDERS, TO LBREP LAKESIDE SC MASTER I, LLC'S FIRST SET OF INTERROGATORIES** |
| __ Affects LBREP/L-SunCal McAllister Ranch LLC Only | |
| __ Affects LBREP/L-SunCal McSweeny Farms LLC Only | |
| __ Affects LBREP/L-SunCal Summerwind Ranch LLC Only | |
| X  Affects All Debtors | |

Lehman Commercial Paper Inc., in its capacity as administrative agent to the First Lien Lenders ("LCPI"), submits the following responses and objections (the "Responses") to the First Set of Interrogatories ("Interrogatories") propounded by LBREP Lakeside SC Master I, LLC ("Lehman Lakeside").

**GENERAL OBJECTIONS**

The following General Objections are incorporated into each of the specific Responses below as if fully repeated in each Response and are intended, and shall be deemed, to be in addition to any specific objection included therein. These Responses are not, and shall not be construed as, an admission of relevance or admissibility into evidence of any Response, or of the propriety of the Interrogatories.

1.    LCPI objects to the Interrogatories, or the definitions or instructions related thereto, to the extent that they seek to impose obligations on LCPI beyond those set forth in the Federal Rules of Bankruptcy Procedure (the "FRBP"), Federal Rules of Civil Procedure (the "FRCP"), the Local Rules of the United States Bankruptcy Court for the Central District of California (the "Local Rules"), or the Individual Practices of Hon. Judge Erithe A. Smith (the "Individual Practices"), or any other statute, rule or order applicable to this action.

2.    LCPI objects to the Interrogatories to the extent that they seek responses that would reveal information protected from disclosure by the attorney/client privilege or work product doctrine or any other applicable immunity, privilege, protection or rule of confidentiality that makes the requested information non-discoverable. LCPI further objects to the Interrogatories to the extent that they seek responses that would reveal information prepared in anticipation of litigation or for trial of this or any matter. LCPI will provide responses that are non-privileged and otherwise properly discoverable. By providing such responses, LCPI does not waive any privileges. To the extent that the Interrogatories may be construed as seeking a

-2-

response that would reveal privileged or protected information or documents, LCPI hereby claims such privilege and invokes such protection. The fact that LCPI does not specifically object to an individual interrogatory on the ground that it seeks a response that would reveal privileged or protected information or documents shall not be deemed a waiver of the protection afforded by the attorney/client privilege, the work product doctrine or any other applicable immunity, privilege, or protection. Any inadvertent identification or production of information subject to such privilege or protection is not intended as a waiver of, and shall not waive, any such privilege or protection.

3. LCPI objects to the Interrogatories to the extent that the Interrogatories, or the definitions or instructions related thereto, contain vague, ambiguous, undefined, or argumentative terms, and to the extent that they assume disputed facts or legal conclusions in connection with the information requested. LCPI hereby denies all such disputed facts and legal conclusions.

4. LCPI objects to the Interrogatories to the extent that the Interrogatories, or the definitions or instructions related thereto, are overbroad, unduly burdensome, cumulative, or not reasonably calculated to lead to the discovery of admissible evidence.

5. LCPI objects to the Interrogatories to the extent that the Interrogatories, or the definitions or instructions related thereto, purport to require the disclosure of information (i) already within the possession, custody or control of Lehman Lakeside; (ii) in the public domain; or (iii) available to Lehman Lakeside from a more convenient, less burdensome, or less costly source than LCPI.

6. LCPI objects to the Interrogatories to the extent they purport to obligate LCPI to produce documents not within the possession, custody or control of LCPI. LCPI will conduct a reasonable investigation and, subject to general and specific objections, will provide responsive non-privileged information.

-3-

7. LCPI responds to the Interrogatories based upon information presently available to LCPI that it has been able to identify through reasonable efforts.

8. LCPI's Responses are made without waiving, in any way: (a) the right to object on any basis permitted by law to the use of any such information, for any purpose, in whole or in part, in this action or any other action or proceeding; and (b) the right to object on any basis permitted by law to any other discovery request in this action or any other proceeding involving or relating to the subject matter of the Interrogatories or these Responses.

9. In providing these Responses, LCPI does not in any way waive or intend to waive, but rather intends to preserve and is preserving the following:

    a. all objections as to competence, relevance, materiality and admissibility of the Interrogatories or the Responses, or the subject matter thereof or information provided pursuant thereto;

    b. all objections as to vagueness, ambiguity and undue burden;

    c. all rights to object on any ground to the use of any of the Responses, or the subject matter thereof or information provided therein, in this action or any other proceeding, including but not limited to, the trial of this action or any other proceeding; and

    d. all rights to object on any ground to any request for further responses to these or any other discovery requests involving or related to the subject matter of the Interrogatories.

10. LCPI reserves the right to assert additional objections to the Interrogatories if such additional objections become apparent in the future.

11. LCPI reserves the right to amend and/or supplement its Responses based on information obtained or discovered subsequent to these Responses.

-4-

12. The foregoing General Objections of LCPI are incorporated into each specific response below as if set forth fully therein.

Subject to the foregoing General Objections, which are incorporated into each Response and have the same force and effect as though fully set forth therein, LCPI responds to the Interrogatories as follows:

## SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 1:**

Describe LCPI's efforts in sizing of the January 2006 loans.

**Response to Interrogatory No. 1:**

LCPI objects to Interrogatory No. 1 on the grounds that it is vague and ambiguous, and objects in particular to the use of the terms "efforts" and "sizing."

Subject to the General Objections stated above, which are incorporated herein in their entirety, and the specific objections set forth above, LCPI responds to Interrogatory No. 1 as follows:

LCPI's real estate group conducted standard due diligence and underwriting with regard to the then-current and potential value of the properties known as LBREP/L-SunCal McAllister Ranch LLC, LBREP/L-SunCal McSweeny Farms LLC and LBREP/L-SunCal Summerwind Ranch LLC, and the creditworthiness of the sponsor, including without limitation reviewing appraisals, environmental studies, entitlement status reviews, market studies, cash flow projections and financial records of the sponsor. LCPI's credit committee reviewed the results of the due diligence and underwriting and, based on the appraised value of the underlying properties and the projections for future development and lot sales, approved the real estate group's recommendation of a first lien loan not to exceed $235 million and a second lien loan not to exceed $75 million.

**Interrogatory No. 2:**

Identify all of LCPI's current holdings in the First Lien Debt, including holdings under the First Lien Term Loan and the Revolver.

**Response to Interrogatory No. 2:**

Subject to the General Objections stated above, which are incorporated herein in their entirety, LCPI responds to Interrogatory No. 2 as follows:

LCPI holds $64,420,749.40 of the First Lien Revolver and $4,918,848.36 of the First Lien Term Loan, for a total of $69,339,597.76.

**Interrogatory No. 3:**

Identify who authorized LCPI to enter into the Term Sheet, including the corporate affiliation of that individual or individuals.

**Response to Interrogatory No. 3:**

LCPI objects to Interrogatory No. 3 on the grounds that it seeks information that is neither relevant to this proceeding, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the General Objections stated above, which are incorporated herein in their entirety, and the specific objections set forth above, LCPI responds to Interrogatory No. 3 as follows:

LCPI will not respond to Interrogatory No. 3.

**Interrogatory No. 4:**

Identify who served as the Client Representative at the time of authorization of the Term Sheet, including the corporate affiliation of that individual or individuals.

**Response to Interrogatory No. 4:**

LCPI objects to Interrogatory No. 4 on the grounds that it is vague and ambiguous, and objects in particular to the use of the defined term "Client Representative," as no such position existed at LCPI. LCPI further objects to Interrogatory No. 4 on the grounds that it is neither

relevant to this proceeding, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the General Objections stated above, which are incorporated herein in their entirety, and the specific objections set forth above, LCPI responds to Interrogatory No. 4 as follows:

LCPI will not respond to Interrogatory No. 4.

**Interrogatory No. 5:**

Identify who retained Cadwalader for LCPI, including the corporate affiliation of that individual or individuals.

**Response to Interrogatory No. 5:**

LCPI objects to Interrogatory No. 5 on the grounds that it seeks information that is neither relevant to this proceeding, nor reasonably calculated to lead to the discovery of admissible evidence. LCPI further objects to Interrogatory No. 5 on the grounds that it is vague, ambiguous and overly broad.

Subject to the General Objections stated above, which are incorporated herein in their entirety, and the specific objections set forth above, LCPI responds to Interrogatory No. 5 as follows:

LCPI will not respond to Interrogatory No. 5.

**Interrogatory No. 6:**

State whether the scope of Cadwalader's representation of LCPI in the Bankruptcy Proceedings covers LCPI only in its capacity as Syndication Agent, only in its capacity as a holder of the First Lien Debt, or in both these capacities.

**Response to Interrogatory No. 6:**

LCPI objects to Interrogatory No. 6 on the grounds that it seeks information that is neither relevant to this proceeding, nor reasonably calculated to lead to the discovery of admissible evidence. LCPI further objects to Interrogatory No. 6 on the grounds that it seeks information that is available in the public domain.

-7-

Subject to the General Objections stated above, which are incorporated herein in their entirety, and the specific objections set forth above, LCPI responds to Interrogatory No. 6 as follows:

Cadwalader represents LCPI in the Bankruptcy Proceedings in its capacity as administrative agent and a lender in connection with the first lien credit facility of LBREP/L-SunCal Master I LLC, as borrower ("SunCal") in connection with the chapter 11 cases of SunCal and certain of its subsidiaries. Cadwalader represents LCPI as a first lien lender as *part* of the loan syndicate. Cadwalader does not represent LCPI as an individual first lien lender.

| | |
|---|---|
| 1 | December 4, 2009 |
| 2 | New York, New York |

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

David R. Zaro, Esq.
Yale K. Kim, Esq.
515 South Figueroa Street, 9th Floor
Los Angeles, CA 90071-3398
Telephone: (213) 622-5555
Facsimile: (213) 620-8816

-and-

CADWALADER, WICKERSHAM & TAFT LLP

*Andrew Troop by: SMJ*
George A. Davis (NY Bar No. 2761)
Andrew M. Troop (NY Bar No. 4556320)
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

Counsel for Lehman Commercial Paper Inc.,
as Administrative Agent to the First Lien Lenders