# Exhibit L

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

David R. Zaro (CA Bar No. 124334)
Email: dzaro@allenmatkins.com
Yale K. Kim (CA Bar No. 188895)
Email: ykim@allenmatkins.com
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
515 South Figueroa Street, 9th Floor
Los Angeles, CA 90071-3398
Telephone: (213) 622-5555
Facsimile: (213) 620-8816

- and -

George A. Davis (NY Bar No. 2761)
Email: george.davis@cwt.com
Andrew M. Troop (NY Bar No. 04556320)
Email: andrew.troop@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York  10281
Telephone:  (212) 504-6000
Facsimile:  (212) 504-6666

Counsel for Lehman Commercial Paper Inc.,
as First Lien Administrative Agent for the First Lien Lenders

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| In re:<br><br>**LBREP/L-SunCal Master I LLC et al.,**<br><br>                  **Debtor.** | **Case No. 8:08-15588 (ES)**<br><br>Jointly Administered with Case Nos.:<br>8:08-bk-15637-ES; 8:08-bk-15639-ES<br>and 8:08-bk-15640-ES<br><br>**Chapter 11** |
|---|---|
| __ Affects LBREP/L-SunCal Master I LLC Only<br><br>__ Affects LBREP/L-SunCal McAllister Ranch LLC Only<br><br>__ Affects LBREP/L-SunCal McSweeny Farms LLC Only<br><br>__ Affects LBREP/L-SunCal Summerwind Ranch LLC Only<br><br><u>X</u>  Affects All Debtors | **RESPONSE OF LEHMAN COMMERCIAL PAPER INC., AS FIRST LIEN ADMINISTRATIVE AGENT FOR THE FIRST LIEN LENDERS, TO LBREP LAKESIDE SC MASTER I, LLC'S FIRST SET OF DOCUMENT REQUESTS** |

Lehman Commercial Paper Inc., in its capacity as administrative agent to the First Lien Lenders ("LCPI"), submits the following responses and objections (the "Responses") to LBREP Lakeside Master I, LLC's ("Lehman Lakeside") First Set of Document Requests to LCPI (the "Requests").

## GENERAL OBJECTIONS

The following General Objections are incorporated into each of the specific Responses below as if fully repeated in each Response and are intended, and shall be deemed, to be in addition to any specific objection included therein. These Responses are not, and shall not be construed as, an admission of relevance or admissibility into evidence of any response, or of the propriety of the Requests.

1.    LCPI objects to the Requests to the extent that they seek to impose obligations on LCPI beyond those set forth in the Federal Rules of Bankruptcy Procedure (the "FRBP"), Federal Rules of Civil Procedure (the "FRCP"), the Local Rules of the United States Bankruptcy Court for the Central District of California (the "Local Rules"), or the Individual Practices of Hon. Judge Erithe A. Smith (the "Individual Practices"), or any other statute, rule or order applicable to this action.

2.    LCPI objects to the Requests to the extent that they seek responses that would reveal information protected from disclosure by the attorney-client privilege or work product doctrine or any other applicable immunity, privilege, protection or rule of confidentiality that makes information non-discoverable. LCPI further objects to the Requests to the extent that they seek responses that would reveal information prepared in anticipation of litigation or for trial of this or any matter. LCPI will provide responses which are non-privileged and otherwise properly discoverable. By providing such responses, LCPI does not waive any privileges. To the extent that a Request may be construed as seeking a response that would reveal privileged or protected information or documents, LCPI hereby claims such privilege and invokes such

-2-

protection. The fact that LCPI does not specifically object to an individual request on the ground that it seeks a response that would reveal privileged or protected information or documents shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the work product doctrine or any other applicable immunity, privilege, or protection. Any inadvertent identification or production of documents subject to such privilege or protection is not intended as a waiver of, and shall not waive, any such privilege or protection, and LCPI reserves the right to the return of all copies of any such document(s) inadvertently produced in response to the requests.

3.    LCPI objects to the Requests on the grounds that they are overly broad, unduly burdensome, vague, speculative, ambiguous, duplicative, cumulative and/or seek information that is not relevant to the claim or defense of any party to the action or reasonably likely to lead to the discovery of admissible evidence.

4.    LCPI objects to the Requests on the grounds that they seeks documents already within the possession, custody or control of Lehman Lakeside. LCPI objects to the requests to the extent they purport to obligate LCPI to produce documents not within the possession, custody or control of LCPI. LCPI will conduct a reasonable search and, subject to general and specific objections, will produce responsive non-privileged documents.

5.    LCPI's Responses are made without waiving, in any way: (a) the right to object on any basis permitted by law to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (b) the right to object on any basis permitted by law to any other discovery request or proceeding involving or relating to the subject matter of these responses.

6.    In providing these responses and objections to the Requests, LCPI does not in any way waive or intend to waive, but rather intends to preserve and is preserving the following:

-3-

a.      all objections as to competence, relevance, materiality and admissibility of the Requests or the Responses, or the subject matter thereof or information provided pursuant thereto;

b.      all objections as to vagueness, ambiguity and undue burden;

c.      all rights to object on any ground to the use of any of said Responses, or the subject matter thereof, in any subsequent proceedings, including but not limited to, the trial of this or any other action; and

d.      all rights to object on any ground to any request for further responses to these or any other discovery requests involving or related to the subject matter of the Requests.

7.      A statement that responsive documents will be produced shall not constitute a representation that any responsive documents exist.

8.      Where documents are only partially responsive to a request, LCPI reserves the right to redact any unresponsive or irrelevant portions.

9.      LCPI reserves the right to correct and/or supplement the Responses consistent with further investigation and discovery.

Subject to the foregoing General Objections, which are incorporated into each Response and have the same force and effect as though fully set forth therein, LCPI responds to the Requests as follows:

## SPECIFIC RESPONSES AND OBJECTIONS

**Document Request No. 1:**

All documents regarding LCPI's efforts in sizing the January 2006 loans, including any assessment of the sources and uses of funds.

-4-

**Response to Document Request No. 1:**

LCPI objects to Document Request No. 1 on the grounds that it is vague and ambiguous, including, in particular, the terms "efforts," "sizing," "sources" and "uses". LCPI further objects to Document Request No. 1 on the grounds that it is overly broad and unduly burdensome

Subject to and without waiving the General Objections stated above, which are incorporated herein in their entirety, and the specific objections set forth above, LCPI responds to Document Request No. 1 as follows:

LCPI will produce responsive, non-privileged documents in accordance with an electronic data protocol to be negotiated by LCPI and Lehman Lakeside, and pursuant to a confidentiality order to be negotiated by LCPI and Lehman Lakeside.

**Document Request No. 2:**

All documents regarding LCPI's role as the sole lead arranger and sole bookrunner for the January 2006 loans.

**Response to Document Request No. 2:**

LCPI objects to Document Request No. 2 to the extent that it assumes that LCPI served as "sole lead arranger" and "sole bookrunner" for the January 2006 loans.

Subject to and without waiving the General Objections stated above, which are incorporated herein in their entirety, and the specific objections set forth above, LCPI responds to Document Request No. 2 as follows:

LCPI served as syndication agent and administrative agent for the January 2006 loans. Lehman Brothers Inc. served as the sole lead arranger and sole bookrunner for the January 2006 loans. Accordingly, LCPI will not produce documents in response to this request.

**Document Request No. 3:**

All documents previously provided to the Trustee or his counsel regarding LCPI's involvement with the January 2006 loans.

**Response to Document Request No. 3:**

LCPI objects to Document Request No. 3 on the grounds that it is vague and ambiguous, including, in particular, the phrase "LCPI's involvement with the January 2006 loans." LCPI further objects to Document Request No. 3 on the grounds that it is overly broad.

Subject to and without waiving the General Objections stated above, which are incorporated herein in their entirety, and the specific objections set forth above, LCPI responds to Document Request No. 3 as follows:

LCPI will produce responsive documents previously provided to the Trustee or his counsel, pursuant to a confidentiality agreement to be negotiated by LCPI and Lehman Lakeside.

**Document Request No. 4:**

Documents sufficient to show the current holders of the First Lien Debt, including holdings under the First Lien Term Loan and the Revolver, and the amounts of those holdings.

**Response to Document Request No. 4:**

Subject to and without waiving the General Objections stated above, LCPI responds to Document Request No. 4 as follows:

LCPI will produce documents sufficient to show the current holders of the First Lien Debt and the amounts of their holdings, pursuant to a confidentiality agreement to be negotiated by LCPI and Lehman Lakeside

**Document Request No. 5:**

All documents or communications between LCPI and any third parties discussing or providing authorization to LCPI to enter into the Term Sheet.

**Response to Document Request No. 5:**

LCPI objects to Document Request No. 5 on the grounds that it is overly broad and unduly burdensome. LCPI further objects to Document Request No. 5 on the grounds that it is vague and ambiguous. LCPI further objects to Document Request No. 5 on the grounds that it seeks information that is neither relevant to this proceeding, nor reasonably calculated to lead to the discovery of admissible evidence. LCPI further objects to Document Request No. 5 on the

-6-

1  grounds that it impermissibly seeks information protected by Federal Rule of Evidence ("FRE")

2  408.  LCPI further objects to Document Request No. 5 on the ground that it seeks information

3  protected by the attorney-client privilege, the attorney work product doctrine, and/or any other

4  applicable immunity, privilege, protection or rule of confidentiality that makes the information

5  sought non-discoverable.

6  　　　Subject to and without waiving the General Objections stated above, which are

7  incorporated herein in their entirety, and the specific objections set forth above, LCPI responds to

8  Document Request No. 5 as follows:

9  　　　LCPI will not produce documents in response to this request.

10  **Document Request No. 6:**

11

12  　　　All documents or communications between LCPI and the other parties to the Term Sheet,

13  including but not limited to drafts of the Term Sheet or any alternative proposals.

**Response to Document Request No. 6:**

14  　　　LCPI objects to Document Request No. 6 on the grounds that it is overly broad and

15  unduly burdensome.  LCPI further objects to Document Request No. 6 on the grounds that it

16  seeks information that is neither relevant to this proceeding, nor reasonably calculated to lead to

17  the discovery of admissible evidence.  LCPI further objects to Document Request No. 6 on the

18  grounds that it impermissibly seeks information that is protected by FRE 408.  LCPI further

19  objects to Document Request No. 6 on the grounds that it seeks information protected by the

20  attorney-client privilege, the attorney work product doctrine, and/or any other applicable

21  immunity, privilege, protection or rule of confidentiality that makes the information sought non-

22  discoverable.

23  　　　Subject to and without waiving the General Objections stated above, which are

24  incorporated herein in their entirety, and the specific objections set forth above, LCPI responds to

25  Document Request No. 6 as follows:

26  　　　LCPI will not produce documents in response to this request.

27

28

-7-

**Document Request No. 7:**

Documents sufficient to show the identity of the Client Representative at the time of the authorization of the Term Sheet.

**Response to Document Request No. 7:**

LCPI objects to Document Request No. 7 on the grounds that it is vague and ambiguous, in particular the use of the term "Client Representative," as no such position existed at LCPI. LCPI further objects to Document Request No. 7 on the grounds that it seeks information that is neither relevant to this proceeding, nor reasonably calculated to lead to the discovery of admissible evidence.  LCPI further objects to Document Request No. 7 on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Subject to the General Objections stated above, which are incorporated herein in their entirety, and the specific objections set forth above, LCPI responds to Document Request No. 7 as follows:

LCPI will not produce documents in response to this request.

**Document Request No. 8:**

Documents sufficient to show the scope of Cadwalader's representation of LCPI in the Bankruptcy Proceedings.

**Response to Document Request No. 8:**

LCPI objects to Document Request No. 8 on the grounds that it seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine.  LCPI further objects to Document Request No. 8 on the grounds that it seeks information that is neither relevant to this proceeding, nor reasonably calculated to lead to the discovery of admissible evidence.  LCPI further objects to Document Request No. 8 on the grounds that it seeks information that is available in the public domain.

1    Subject to and without waiving the General Objections stated above, which are

2    incorporated herein in their entirety, and the specific objections set forth above, LCPI responds to

3    Document Request No. 8 as follows:

4    LCPI will produce publicly available documents that identify the scope of Cadwalader's

5    representation of LCPI.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    December 4, 2009

2    New York, New York

3                                        ALLEN MATKINS LECK GAMBLE
                                         MALLORY & NATSIS LLP
4
                                         David R. Zaro, Esq.
5                                        Yale K. Kim, Esq.
                                         515 South Figueroa Street, 9th Floor
6                                        Los Angeles, CA 90071-3398
                                         Telephone: (213) 622-5555
7                                        Facsimile: (213) 620-8816

8
                                         -and-
9
10                                       CADWALADER, WICKERSHAM & TAFT LLP

11   *Andrew Troop by: SMS*
                                         George A. Davis (NY Bar No. 2761)
12                                       Andrew M. Troop (NY Bar No. 4556320)
                                         One World Financial Center
13                                       New York, New York  10281
                                         Telephone:  (212) 504-6000
14                                       Facsimile:  (212) 504-6666

15
                                         Counsel for Lehman Commercial Paper Inc.,
16                                       as Administrative Agent to the First Lien Lenders

17

18

19

20

21

22

23

24

25

26

27

28