# Exhibit W

```
                                                                    1
 1              UNITED STATES BANKRUPTCY COURT

 2              CENTRAL DISTRICT OF CALIFORNIA

 3                   SANTA ANA DIVISION

 4

 5  In Re:                            )   Case No.

 6  LBREP/L-SunCal Master I, LLC,     )   8:08-15588 (ES)

 7  et al.,                           )   (Jointly

 8              Debtor,               )   Administered)

 9  _____   )

10  Affects All Debtors.              )   Chapter 11

11  _____   )

12

13

14

15

16        DEPOSITION OF ALFRED H. SIEGEL, taken

17        at 15233 Ventura Boulevard, 9th Floor,

18        Sherman Oaks, California, commencing at

19        9:45 A.M., Tuesday, November 30, 2010,

20        before Kathleen E. Barney, CSR #5698.

21

22

23

24

25  PAGES 1 - 282
```

```
                                                                2
 1  APPEARANCES OF COUNSEL:

 2

 3  FOR LBREP LAKESIDE SC MASTER I, LLC:

 4       KIRKLAND & ELLIS LLP

 5       BY:  CHRISTOPHER KEEGAN

 6            JOSHUA HURWIT

 7       555 California Street

 8       San Francisco, California  94104

 9       (415) 439-4309

10       christopher.keegan@kirkland.com

11

12  FOR THE TRUSTEE:

13       WEILAND, GOLDEN, SMILEY, WANG, EKVALL & STROK,

14       LLP

15       BY:  EVAN D. SMILEY

16            ROBERT S. MARTICELLO

17       650 Town Center Drive

18       Suite 950

19       Costa Mesa, California  92626

20       (714) 966-1000

21       esmiley@wgllp.com

22

23

24

25
```

```
                                                                    3
 1  APPEARANCES OF COUNSEL (CONTINUED):

 2

 3  FOR LCPI:

 4        CADWALADER, WICKERSHAM & TAFT

 5        BY:  JESSICA L. FINK

 6        One World Financial Center

 7        New York, New York  10281

 8        (212) 504-6552

 9        jessica.fink@cwt.com

10

11

12  FOR GRAMERCY:

13        SKADDEN, ARPS, SLATE, MEAGHER & FLOM

14        BY:  RONDA McKAIG

15             KIMBERLY JAIMEZ

16        300 South Grand Avenue

17        Los Angeles, California  90071

18        (213) 687-5322

19        ronda.mckaig@skadden.com

20

21

22

23

24

25
```

```
                                                                   4

 1 APPEARANCES OF COUNSEL (CONTINUED):

 2

 3 FOR SUNCAL MANAGEMENT:

 4         RUS, MILIBAND & SMITH

 5         BY:  CATHRINE M. CASTALDI

 6         Von Karman Towers

 7         2211 Michelson Drive

 8         Seventh Floor

 9         Irvine, California  92612

10         (949) 752-7100

11         ccastaldi@rusmiliband.com

12

13 FOR THE CREDITORS COMMITTEE:

14         LEVENE, NEALE, BENDER, YOO & BRILL, LLP

15         BY:  DANIEL H. REISS

16         10250 Constellation Boulevard

17         Suite 1700

18         Los Angeles, California  90067

19         (310) 229-1234

20         dhr@lnbyb.com

21

22

23 ALSO PRESENT:

24         DAVID WEST, Videographer

25
```

90

1  BY MR. KEEGAN:

2      Q.  Are you going to answer the question?

3      A.  I've been instructed not to.

4          MR. KEEGAN:  Evan, part of our defense, our

5  opposition to your settlement motion is that this           11:50

6  settlement prejudices LBREP Lakeside because it does

7  not allocate proportionate liability.

8          This is a cause of action, breach of

9  fiduciary duty, for the 144-million-dollar dividend

10 that you asserted against both LBREP Lakeside and           11:50

11 LCPI.  You've resolved that claim against LCPI.

12 It's still outstanding against LBREP Lakeside.

13 We're entitled to ask questions about it and we're

14 entitled to know about the extent of the

15 investigation of the fiduciary duty claim against           11:51

16 LCPI that you are planning to settle.

17         MR. SMILEY:  I've read -- first, I'm not

18 sure if it was in the pleading or maybe it was in

19 the objection to the disclosure statement, but we're

20 not seeking under the California Civil Code or Civil        11:51

21 Procedure Code a finding of a good faith settlement.

22 So we really have no intention of in any way

23 affecting the rights of Lakeside under this

24 compromise motion under Bankruptcy Rule 9019.

25         So I don't -- I don't really understand how         11:51

                                                                    181

 1  BY MR. KEEGAN:

 2      Q.   We can go through the math.  I think I'm

 3  right.

 4      A.   I believe that's correct.  If they're going

 5  to obtain 50 percent of the proceeds after costs, so      14:56

 6  if the proceeds are larger, then by definition they

 7  would receive more money.

 8      Q.   They get half the pie and if the pie is

 9  bigger, they get more pie?

10      A.   Okay.  That's an interesting analogy, but        14:56

11  okay.

12      Q.   Too much pumpkin.

13           We've already talked about this a little

14  bit, but it's my last page of questions, so bear

15  with me.                                                  14:57

16           The amended settlement agreement doesn't

17  impact third-party claims against LCPI, correct?

18      A.   Correct.

19      Q.   And nothing in the plan of reorganization

20  or the settlement agreement waives LBREP Lakeside's       14:57

21  claims for contribution or indemnification, right?

22      A.   As far as I know, yes, that's correct.

23      Q.   It was never your intention to release or

24  waive LBREP Lakeside's contribution claims against

25  LCPI?                                                     14:57

                                                                        182

 1      A.   No.

 2      Q.   In analyzing the settlement agreement, did

 3 you determine the total amount of damages arising

 4 from the fraudulent transfer litigation?

 5           MR. SMILEY:  Objection.  Vague as -- vague.    14:57

 6           If you understand the question, you can

 7 answer it.

 8 BY MR. KEEGAN:

 9      Q.   I'll focus in on one precise cause of

10 action.  In the original complaint there's a cause       14:58

11 of action asserted against LCPI and LBREP Lakeside

12 for breach of fiduciary duty.

13           Do you recall that cause of action?

14           MR. SMILEY:  I just want to clarify.

15 You're talking about the draft complaint for 2008?       14:58

16 BY MR. KEEGAN:

17      Q.   Do you understand which complaint I'm

18 referring to?

19      A.   Yes, sir.

20      Q.   That cause of action was against LBREP         14:58

21 Lakeside and LCPI for breach of fiduciary duty.  Do

22 you recall that?

23      A.   I think we looked over it.

24      Q.   And you settled that cause of action

25 against LCPI, correct?                                   14:58

194

```
 1  this litigation?
 2          MR. SMILEY:  Objection.  Vague.  Are you
 3  referring to Exhibit 5?
 4          THE WITNESS:  Exhibit 3.
 5          MR. SMILEY:  I'm sorry, Exhibit 3?            15:12
 6          THE WITNESS:  I think that's the essence of
 7  the complaint.
 8  BY MR. KEEGAN:
 9      Q.  As between the potential value of the
10  litigation, did you analyze the proportional         15:12
11  liability amongst the joint tortfeasors?
12          MR. SMILEY:  Objection.  Asked and
13  answered.  And to the extent it calls for privileged
14  information, I'd instruct you not to answer.
15          THE WITNESS:  Are you talking -- again,      15:12
16  you're talking about joint tortfeasors.  Are you
17  talking about specifically in number -- I think the
18  sixth claim for relief, or are you talking about the
19  first claim?  Because there's different parties
20  involved.                                            15:13
21          Maybe I can just cut to the chase.  In
22  terms of did we specify and bifurcate with the
23  recovery of each one, to my knowledge, no.
24  BY MR. KEEGAN:
25      Q.  And the last step, did you quantify the     15:13
```

```
 1  STATE OF CALIFORNIA    )
                           ) ss
 2  COUNTY OF LOS ANGELES  )
 3
 4        I, Kathleen E. Barney, a Certified
 5  Shorthand Reporter, do hereby certify:
 6        That prior to being examined, the witness
 7  in the foregoing proceedings was by me duly sworn to
 8  testify to the truth, the whole truth, and nothing
 9  but the truth;
10        That said proceedings were taken before me
11  at the time and place therein set forth and were
12  taken down by me in shorthand and thereafter
13  transcribed into typewriting under my direction and
14  supervision;
15        I further certify that I am neither counsel
16  for, nor related to, any party to said proceedings,
17  nor in anywise interested in the outcome thereof.
18        In witness whereof, I have hereunto
19  subscribed my name.
20        Dated: December 1, 2010
21
22
23        [signature: Kathleen E. Barney]
24        Kathleen E. Barney, CSR #5698
25
```

Page 279