**Hearing Date and Time:  May 15,  2013, at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline:  May 2, 2013, at 4:00 p.m. (Prevailing Eastern Time)**

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
Bruce E. Clark
Matthew A. Schwartz

*Attorneys for Giants Stadium LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————

|  |  |
|---|---|
| In re | :  Chapter 11 |
|  | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | :  Case No. 08-13555 (JMP) |
|  | : |
| Debtors. | :  Jointly Administered |
|  | : |

————————————————————

**NOTICE OF MOTION OF GIANTS STADIUM LLC FOR LEAVE**
**TO CONDUCT DISCOVERY OF LBI PURSUANT TO**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

**PLEASE  TAKE  NOTICE** that, on May 15, 2013, at 10:00 a.m.
(prevailing Eastern Time), or as soon thereafter as the matter may be heard, before the
Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the
United States Bankruptcy Court, Southern District of New York, One Bowling Green,
New York, New York, 10004, Giants Stadium LLC ("Giants Stadium") will move for
entry of an order granting leave to conduct discovery of Lehman Brothers, Inc. ("LBI")
pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that any objection or response to
the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy

Procedure and the Local Rules for the United States Bankruptcy Court for the Southern

District of New York, and (i) shall be filed with the Bankruptcy Court electronically in

accordance with General Order M-242 (General Order M-242 and the User's Manual for

the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the

official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's

case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in

Portable Document Format ("PDF"), WordPerfect, or any other Windows-based word

processing format; and (ii) a hardcopy of such objection or response shall be served in

accordance with General Order M-242, upon (A) the chambers of the Honorable James

M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (B) Weil

Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Richard

W. Slack, Esq., Michael J. Firestone, Esq., Richard P. Krasnow, Esq., Lori R. Fife, Esq.,

Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.), attorneys for the Debtors; (C) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul

Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis,

Esq.); (D) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New

York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan R. Fleck, Esq.), attorneys for the official committee of unsecured creditors

appointed in these cases; (E) the attorneys for any other official committee(s) appointed

in these cases; and (F) Sullivan & Cromwell LLP, 125 Broad Street, New York, New

York 10004 (Attn: Bruce E. Clark, Esq.), attorneys for Giants Stadium, so as to be

actually filed and received no later than May 2, 2013, at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
      April 25, 2013

Respectfully submitted,

**SULLIVAN & CROMWELL LLP**

By:    /s/_____
        Bruce E. Clark
        Matthew A. Schwartz
        SULLIVAN & CROMWELL LLP
        125 Broad Street
        New York, New York 10004
        Telephone:  (212) 558-4000
        Facsimile:  (212) 558-3588

        *Attorneys for Giants Stadium LLC*

**Hearing Date and Time:  May 15, 2013, at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline:  May 2, 2013, at 4:00 p.m. (Prevailing Eastern Time)**

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
Bruce E. Clark
Matthew A. Schwartz

*Attorneys for Giants Stadium LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

|  |  |
|---|---|
| In re | : Chapter 11 |
| | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| | : |
| Debtors. | : Jointly Administered |
| | : |

_____

**MOTION OF GIANTS STADIUM LLC FOR LEAVE**
**TO CONDUCT DISCOVERY OF LBI**
**PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

Giants Stadium LLC ("Giants Stadium") hereby moves this Court pursuant to Federal Rule of Bankruptcy Procedure 2004 for entry of an order granting Giants Stadium leave to conduct discovery of Lehman Brothers, Inc. ("LBI") with respect to the document requests contained in Schedule 1 attached hereto (the "Motion").

<u>INTRODUCTION</u>

1.     LBI possesses discoverable material relating to issues that bear directly on Giants Stadium's claims against Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing Inc. ("LBSF," and together with LBHI, the "Debtors"). Giants Stadium seeks discovery from LBI to clarify and narrow these issues.

<u>FACTUAL BACKGROUND</u>

2.     In mid-2007, Giants Stadium financed its portion of the New Meadowlands Stadium ("Stadium") by issuing over $700 million in auction-rate bonds ("Bonds").  Giants Stadium sought to reduce its risk on the Bonds by entering into an actual bond-rate swap with LBSF, under which Giants Stadium would pay LBSF a fixed-rate of 6.1885%, and LBSF would pay to Giants Stadium the actual rate on the Bonds, as determined at each auction.  Giants Stadium and LBSF consummated this proposal on July 27, 2007, by executing two ISDA Master Agreements (the "ISDA Masters"; transactions described therein "Actual Rate Swaps").

3.     LBI, LBSF's broker-dealer affiliate, was named as broker-dealer on the Bonds.  *See* Declaration of Matthew A. Schwartz ("Schwartz Decl."), dated April 25, 2013, Exhibit A ¶ 7 ("[Giants Stadium] and Lehman Brothers Inc. ("LBI"), an affiliate of Lehman, will enter into a broker-dealer agreement in customary form pursuant to which LBI agrees to serve as broker-dealer for the Related Bonds during the term of the Related Bonds . . . .").  LBI routinely held the Bonds at the very low "All-Hold Rate" and, in so doing, limited LBSF's financial exposure under the Actual Rate Swaps.

4.     On September 15, 2008, LBHI filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  LBHI's bankruptcy filing was an Event of Default under the ISDA Masters.  On September 18, 2008, Giants Stadium sent two letters to LBSF (collectively, the "Termination Letters") (i) notifying LBSF that an Event of Default pursuant to Section 5(a)(vii) of the ISDA Masters had occurred; and (ii) designating September 18, 2008, as the Early Termination Date with respect to the Actual Rate Swaps.

5.      On September 19, 2008, LBI voluntarily resigned as broker-dealer on the Bonds and later that day entered its own SIPA liquidation proceeding.

6.      Giants Stadium then determined its loss due to the terminations and filed two proofs of claim:  one against LBSF and one against LBHI, as LBSF's guarantor.[1]

7.      Several years of discovery disputes ensued, during which time Giants Stadium produced nearly 64,000 pages of documents and Debtors completed a seven-hour deposition of Giants Stadium's authorized representative, Christine Procops.

8.      On April 1, 2013, Giants Stadium and Debtors entered into a Discovery Protocol Agreement (the "Agreement").    Schwartz Decl., Exhibit B.    Under the Agreement, "[e]ach party will serve notice and subpoenas on third parties or seek the Bankruptcy Court's permission to do so on or before May 22, 2013. . . . Giants Stadium acknowledges that to the extent it wishes to serve discovery requests on any third party, it must seek permission from the Bankruptcy Court to do so under Rule 2004.  [Debtors] reserve[] the right to object to any such motion on any and all grounds."  *Id.* ¶ 3.

## JURISDICTION AND VENUE

9.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested in this Motion is Rule 2004 of the Federal Rules of Bankruptcy Procedure.

## RELIEF REQUESTED

10.      Giants Stadium requests the entry of an order pursuant to Rule 2004 (i) granting Giants Stadium leave to conduct discovery of LBI with respect to the

---

[1]      Giants Stadium has subsequently filed amended Claims, most recently on December 6, 2011.

document requests contained in Schedule 1; (ii) authorizing the issuance of a subpoena compelling such document production in the manner provided in Federal Rule of Bankruptcy Procedure 9016; and (iii) granting such other and further relief as the Court deems just and proper.

ARGUMENT

11.     Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). The scope of discovery under Rule 2004 relates to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). Under Rule 2004, a moving party is entitled to both the examination of a witness and the production of requested documents. Fed. R. Bankr. P. 2004(c).

12.     Under Rule 2004, "good cause" for an examination is shown "if the examination is necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." *In re Metiom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y. 2004); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991) (finding creditor had good cause to participate in debtors' Rule 2004 discovery process and noting that "It is not the debtors' . . . function to prevent discovery of a claim, but rather one of their functions as fiduciaries is to see that substantial justice is provided to all estate claimants.").

13.     Giants Stadium has good cause for seeking discovery under Rule 2004. *First*, Giants Stadium has a reasonable basis to believe that LBI has discoverable material relating to the claims in this case for several reasons, including that:

-4-

a)      Giants Stadium and Debtors disagree over the meaning and effect of certain provisions of the ISDA Masters.  LBI was designated as the broker-dealer in the ISDA Masters at LBSF's request, and Giants Stadium believes that LBSF sought this arrangement to protect Debtors' interests in relation to the auction process.  Accordingly, Giants Stadium seeks discovery relating to the negotiation, drafting, and execution of the ISDA Masters and has a reasonable basis to believe that LBI has such discoverable material in its possession, custody, or control.

b)      As broker-dealer for the Bonds, LBI determined whether the Bonds were held at the "All-Hold Rate" or put out to auction.  This conduct is pivotal to current disagreements between Giants Stadium and Debtors regarding the ISDA Masters and the value of the Claims.  Giants Stadium therefore seeks discovery relating not only to LBI's conduct, decisions, and communications as broker-dealer for the Bonds, but also to Debtors' and the market's valuation of the Auction Rate Swaps.  Giants Stadium has a reasonable basis to believe that LBI has such discoverable material in its possession, custody, or control.

c)      LBI voluntarily resigned as broker-dealer on the Bonds after LBHI filed its chapter 11 petition, an "Event of Default" under the ISDA Masters, and after counsel for Giants Stadium delivered the Termination Letters to LBSF.  This conduct is also pivotal to current disagreements between Giants Stadium and Debtors regarding the ISDA Masters and the value of the Claims.  For example, Giants Stadium has presented Debtors with ample evidence of swap termination, but Debtors continue to press the argument that the swaps were not *properly* terminated in order to advance their "receivable" theory.   Giants Stadium therefore seeks discovery relating to LBI's

resignation as broker-dealer and the termination of the Auction Rate Swaps and has a reasonable basis to believe that LBI has such discoverable material in its possession, custody, or control.

14.    *Second*, Giants Stadium's narrowly tailored discovery will not be overly burdensome, costly or disruptive to LBI.  The discovery requests contained in Schedule 1 address solely issues within LBI's purview that are the subject of disagreement between Giants Stadium and Debtors.

15.    *Third*, Debtors refuse to provide such responsive documents to Giants Stadium.  In response to document requests nearly identical to those described herein and contained in Schedule 1, Debtors objected to searching or producing documents from LBI on the ground that such documents are not in their actual possession.  Schwartz Decl., Exhibit C, General Objections ¶ 5.  More specifically, Debtors expressly stated that they "will not search for or produce documents in the possession, custody, or control of LBI."  *Id.*

16.    Accordingly, the equities favor Giants Stadium's requested relief and, pursuant to Rule 2004, Giants Stadium requests that the Court enter an order granting Giants Stadium leave to take discovery of LBI concerning the matters described herein and in Schedule 1.

## NO PRIOR REQUEST

17.    This Motion is the first request by Giants Stadium for leave to conduct discovery solely of LBI.[2]

---

[2]    On September 26, 2012, Giants Stadium moved for leave to conduct discovery of both Debtors and LBI, attaching document requests similar to those contained in Schedule 1.  (Dkt. No. 31105.)  The SIPA Trustee filed a statement indicating that it did not consider LBI to be a party to the dispute between

## WAIVER OF MEMORANDUM OF LAW

18.     As there are no novel issues of law relating to the Motion, Giants Stadium requests that the Court waive the requirement that Giants Stadium file a separate memorandum of law in support of the Motion.

## CONCLUSION

19.     By this Motion, Giants Stadium seeks discoverable material from LBI relating to matters central to resolution of the Giant Stadium's claims against the Debtors. The information sought relates to the property, liabilities, financial condition, and administration of the Debtors' estate, and is therefore well within the scope of Rule 2004.

**WHEREFORE**, for the reasons stated herein, Giants Stadium respectfully requests that the Court enter an Order, pursuant to Rule 2004, in the form attached hereto as Exhibit A: (i) granting Giants Stadium leave to conduct discovery of LBI with respect to the document requests attached hereto as Schedule 1; (ii) authorizing the issuance of a subpoena compelling such document production; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
        April 25, 2013

Respectfully submitted,

**SULLIVAN & CROMWELL LLP**

By:     /s/_____
        Bruce E. Clark
        Matthew A. Schwartz
        SULLIVAN & CROMWELL LLP
        125 Broad Street
        New York, New York 10004
        Telephone: (212) 558-4000
        Facsimile: (212) 558-3588

        *Attorneys for Giants Stadium LLC*

---

Giants Stadium and Debtors. (Dkt. No. 32024).  LBI has not produced any documents in connection with this matter.

**SCHEDULE 1**

## REQUEST FOR PRODUCTION OF DOCUMENTS

### DEFINITIONS

1.    The term "AUCTIONS" as used herein shall mean the process for determining the interest rate on the BONDS subject to an interest swap as governed by the ISDA MASTER AGREEMENTS.

2.    The term "BONDS" as used herein shall mean the auction-rate securities issued by GIANTS STADIUM that were subject to an interest rate swap as governed by the ISDA MASTER AGREEMENTS.

3.    The term "BROKER-DEALER" as used herein shall mean the entity responsible for acting as auction broker for AUCTIONS on the BONDS.

4.    The term "COMPUTER" as used herein includes, but is not limited to, all mainframe computers, personal computers, microcomputers, desktop and portable, laptop or notebook computers, and personal digital assistants ("PDAs").

5.    The term "DEBTORS" as used herein shall mean and refer to Lehman Brothers Holdings Inc. and/or Lehman Brothers Special Financing Inc. and any of their respective affiliates, officers, directors, employees, associates, consultants, attorneys, representatives, agents, or any other person working on their behalf, including their predecessors and successors in interest, and bankruptcy estates.

6.    The term "DOCUMENT" or "DOCUMENTS" as used herein shall have the meaning given to "document" in Local Civil Rule 26.3(c)(2) of the United States District Court for the Southern District of New York.

7.      The term "ELECTRONIC DATA" as used herein shall mean and refer to the original and any non-identical copies of any COMPUTER program, software, database, file, email, source code, or operating system, including ASCII files, word processing documents, spreadsheets, charts, and graphs, whether active, deleted, or fragmented.

8.      The term "ELECTRONIC MEDIA" as used herein shall mean and refer to any magnetic or other storage device used to record, store, or maintain ELECTRONIC DATA, including, but not limited to, any disk, minidisk, floppy disk, hard drive, disk drive, CD ROM, optical disk, memory card, personal computer, network, magnetic tape, microfiche, punch card, computer chip, back up, or any other means of storing, recording or retaining information generated by or input to or on a COMPUTER.

9.      The term "GIANTS STADIUM" as used herein shall mean and refer to Giants Stadium LLC and any of its respective officers, directors, employees, associates, consultants, attorneys, representatives, agents, or other any person working on its behalf, including its predecessors and successors in interest.

10.     The term "ISDA MASTER AGREEMENTS" as used herein shall mean and refer to the two ISDA Master Agreements, together with the schedules and exhibits thereto and each confirmation exchanged with regard to transactions thereunder, entered into by and between Giants Stadium and LBSF as of July 27, 2007 and insured by FSA and FGIC, respectively, and guaranteed by LBHI.

11.     The term "LBHI" as used herein shall mean and refer to Lehman Brothers Holdings Inc., and any of its respective officers, directors, employees, associates,

consultants, attorneys, representatives, agents, or any other person working on its behalf, including its predecessors and successors in interest.

12.     The term "LBI" as used herein shall mean and refer to Lehman Brothers, Inc., and any of its respective officers, directors, employees, associates, consultants, attorneys, representatives, agents, or any other person working on its behalf, including its predecessors and successors in interest.

13.     The term "LBSF" as used herein shall mean and refer to Lehman Brothers Special Financing Inc., and any of its respective officers, directors, employees, associates, consultants, attorneys, representatives, agents, or other any person working on its behalf, including its predecessors and successors in interest.

14.     The term "RELATE TO" or "REFER TO" as used herein shall mean and refer to all documents that in any manner or form are relevant in any way to the subject matter in question.

15.     The term "TERMINATED TRANSACTIONS" as used herein shall mean and refer to transactions entered into pursuant to the ISDA MASTER AGREEMENTS and terminated by GIANTS STADIUM in the TERMINATION LETTERS.

16.     The term "TERMINATION LETTERS" as used herein shall mean and refer to the letters from GIANTS STADIUM to LBSF dated September 18, 2008.

17.     The terms "YOU" and "YOUR" as used herein shall mean LBI, as defined herein.

18.     For the purposes hereof, the reference to any entity shall include any and all officers, directors, employees, associates, consultants, attorneys, representatives, and agents or any other person or entity representing such entity or acting on its behalf as well

-3-

as any and all affiliate entities, predecessors and successors in interest, and their respective officers, directors, employees, associates, consultants, attorneys, representatives, and agents.

<u>INSTRUCTIONS</u>

1.      In responding to these requests for production, YOU are requested to furnish all DOCUMENTS that are in YOUR actual or constructive possession, custody, or control or in the possession, custody, or control of any of YOUR representatives, agents, or attorneys.  In responding to these requests for production, YOU may elect to produce the original or, if the original is not available, a legible copy, of each requested document.

2.      In responding to these requests for production, YOU are requested to produce all DOCUMENTS either as they are kept in the usual course of YOUR business affairs or they shall be organized and labeled to correspond with the requests herein.  If a DOCUMENT is responsive to more than one request, only one exemplar of the DOCUMENT needs to be produced.  Similarly, if YOU have more than one copy of the same DOCUMENT, the additional copies need not be produced.  A version of a DOCUMENT that differs in any way from the original of such DOCUMENT because it constitutes a prior draft or subsequent version, because it contains any interlineations or marginalia, or because it differed in any other respect from the original, is not an exact duplicate of such DOCUMENT.  Each different version of such DOCUMENT is required to be produced.

3.      If YOU cannot respond to any of the following requests in full after exercising reasonable diligence to secure the information requested therein, please so

state and respond to the extent possible, specifying the reasons for any inability to respond and stating whatever information YOU do have concerning such request.

4.        If a responsive DOCUMENT consists of ELECTRONIC DATA, is stored on ELECTRONIC MEDIA or a COMPUTER, or is otherwise unreadable in its ordinary state, the responding party shall take reasonable steps to produce and translate all such responsive items into a useable or readable form.

5.        If any privilege is claimed or if any objection is made regarding the production of any DOCUMENTS, with respect to each such DOCUMENT:  (1) identify the privilege or objection involved; (2) state the basis for claiming the privilege or making the objection; (3) describe the type of DOCUMENT and the date of its creation; (4) identify each person who (a) has knowledge of the DOCUMENT or the information that the DOCUMENT contains, (b) prepared or made the DOCUMENT, (c) signed the DOCUMENT, and/or (d) now possesses the DOCUMENT or a copy, summary, or digest thereof; and (5) identify each person to whom the DOCUMENT or a copy, summary, or digest thereof was directed, circulated, distributed, or shown.

REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS that RELATE TO the negotiation, drafting, and execution of the ISDA MASTER AGREEMENTS or any other contracts that RELATE TO the TERMINATED TRANSACTIONS.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS that RELATE TO the economic, business, or contractual intent of the parties in entering into the TERMINATED TRANSACTIONS.

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS that RELATE TO the meaning, interpretation, economics, business purpose, or other intent behind any contractual provision within the ISDA MASTER AGREEMENTS or any other contracts that RELATE TO the TERMINATED TRANSACTIONS.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS that RELATE TO LBI's appointment or anticipated or actual role as BROKER-DEALER for the BONDS.

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS that RELATE TO GIANTS STADIUM's ability to terminate or replace LBI as BROKER-DEALER for the BONDS.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS that RELATE TO any contemplated conversion of the TERMINATED TRANSACTIONS to LIBOR-rate swaps.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS that RELATE TO the conduct of LBI as BROKER-DEALER for the BONDS, including but not limited to its conduct of the AUCTIONS and any decision made to hold, auction, or sell the BONDS, including any economic, business, or other purpose behind each such decision.

REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS that RELATE TO discussions between LBI as BROKER-DEALER for the BONDS and DEBTORS as parties to the TERMINATED TRANSACTIONS, including any discussions regarding the economic, business, or other purposes behind decisions to have LBI hold the BONDS at the "All-Hold Rate."

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS that RELATE TO the resignation of LBI as BROKER-DEALER for the BONDS.

REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS that RELATE TO the valuation of the TERMINATED TRANSACTIONS.

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS that RELATE TO the TERMINATION of the TERMINATED TRANSACTIONS, including all DOCUMENTS that RELATE TO

receipt of the TERMINATION NOTICES or whether the TERMINATED TRANSACTIONS were actually TERMINATED.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS that RELATE TO any capital allocated by DEBTORS to satisfy any requirements to maintain capital in relation to the TERMINATED TRANSACTIONS before they were terminated, including, but not limited to, DOCUMENTS sufficient to show the rate charged or allocated by DEBTORS on capital lent internally within DEBTORS.

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS that RELATE TO the preservation or destruction of documents relating to the ISDA MASTER AGREEMENTS or the TERMINATED TRANSACTIONS.

REQUEST FOR PRODUCTION NO. 14:

DOCUMENTS, including working group and contact lists, sufficient to identify all entities and persons involved in: (i) the negotiation, drafting, and execution of the ISDA MASTER AGREEMENTS; (ii) LBI's appointment as BROKER-DEALER for the BONDS the TERMINATED TRANSACTIONS; (iii) the conduct of LBI as BROKER-DEALER for the BONDS, including but not limited to its conduct of the AUCTIONS and any decision made to hold, auction, or sell the BONDS; (iv) the resignation of LBI as BROKER-DEALER for the BONDS; (v) the valuation of the

-8-

TERMINATED TRANSACTIONS; and (vi) TERMINATION of the TERMINATED

TRANSACTIONS.

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|                                         |   |                          |
|-----------------------------------------|---|--------------------------|
|                                         | : |                          |
| In re                                   | : | Chapter 11               |
|                                         | : |                          |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | Case No. 08-13555 (JMP)  |
|                                         | : |                          |
| Debtors.                                | : | Jointly Administered     |
|                                         | : |                          |

_____

### ORDER ON MOTION OF GIANTS STADIUM LLC FOR LEAVE TO CONDUCT DISCOVERY OF LBI PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

Upon the Motion (the "Motion") of Giants Stadium LLC ("Giants Stadium") for the entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004") (i) granting Giants Stadium leave to obtain the production of documents by Lehman Brothers, Inc. ("LBI") in response to the document requests attached as Schedule 1 to the Motion; and (ii) authorizing the issuance of a subpoena compelling such document production; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B); and upon consideration of the Motion; and due and appropriate notice of the Motion having been given, it is hereby **ORDERED** that:

1.      The Motion is GRANTED.

2.      Giants Stadium is authorized to serve upon LBI document requests substantially in the form of Schedule 1 to the Motion.

3.      Giants Stadium is authorized to issue a subpoena to LBI, pursuant to Federal Rule of Bankruptcy Procedure 9016, for the above-ordered document production.

Dated: _____, 2013
       New York, New York

_____
THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE