# Exhibit C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                             :    Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :    08-13555 (JMP)
                                                  :
                        Debtors.                  :    (Jointly Administered)
------------------------------------------------------------x

### RESPONSES AND OBJECTIONS OF LEHMAN BROTHERS HOLDINGS INC. AND LEHMAN BROTHERS SPECIAL FINANCING INC. TO GIANTS STADIUM LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS

Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing Inc. ("LBSF," and together with LBHI, "Lehman") by their undersigned attorneys, hereby voluntarily respond and object to Giants Stadium LLC's ("Giants Stadium") request for the production of documents (the "Requests"), as set forth below.

Lehman hereby responds to the Requests subject to the General Objections, Objections to Definitions and Instructions, and Specific Objections and Responses set forth herein without waiving and expressly preserving all such objections. Lehman also expressly preserves: (a) any objections as to the competence, relevance, materiality, privilege or admissibility into evidence of any document produced in response to the Requests; (b) the right to object to other discovery procedures involving or relating to the subject matter of the Requests or any documents produced in response to the Requests; and (c) the right at any time to revise, correct, supplement or clarify any of the responses or objections herein.

### GENERAL OBJECTIONS

These General Objections are incorporated into each specific response below as if they were fully repeated therein, and qualify any statement, whether explicit or implicit, that Lehman will produce any documents.

1. Lehman objects to the Requests to the extent that they are overly broad, unduly burdensome, oppressive and/or seek documents not relevant to the resolution of Giants Stadium's claims and/or or whose relevance is outweighed by the burden Lehman would bear in attempting to collect, review and produce such materials.

2. Lehman objects to the Requests, including, but not limited to, the Definitions and/or Instructions contained therein, to the extent that Giants Stadium seeks to impose on Lehman any obligation greater than that required under applicable statutes and rules, and any applicable case law or order of any court relevant to the proper scope, timing and extent of discovery.

3. Lehman objects to the Requests to the extent that they call for the production of documents, including drafts, that (i) were prepared for, or in anticipation of, litigation; (ii) constitute attorney work product; (iii) contain confidential attorney-client communications; (iv) are protected from disclosure by any confidentiality agreement or court order; and/or (v) are otherwise protected or subject to exemption from disclosure by any statute, rule, regulation, common law or other principle, or any other basis recognized under applicable law. The inadvertent production of any privileged document by Lehman will not be deemed to be a waiver of any applicable privilege with respect to such document, to any other document or to the subject matter of the document. Lehman reserves the right to redact any material covered by items (i) – (v) of this paragraph.

4. Lehman objects to the Requests to the extent that they call for the production of documents that contain confidential or proprietary business information. Lehman will only produce such documents subject to the parties entering into a mutually agreeable confidentiality agreement.

5. Lehman objects to the Requests to the extent that they call for the production of documents that are not in the actual possession of Lehman. For example, Giants Stadium's document requests purport to seek documents from Lehman Brothers Inc. ("LBI"). Lehman will not search for or produce documents in the possession, custody or control of LBI.

6. Lehman objects to the Requests to the extent that they call for the production of documents that are not maintained in the ordinary course of business or easily retrievable within the time frame of this discovery. Lehman further objects to the Requests to the extent that they require Lehman to perform anything more than a reasonable and diligent search for documents where responsive documents would reasonably be expected to be found. Any production by Lehman of documents will be limited to non-privileged documents from reasonably accessible sources where responsive documents can reasonably be expected to be found.

7. Lehman does not hereby admit, adopt or acquiesce in any factual or legal contention, assertion, assumption, characterization or implication contained in the Requests.

8. Any response by Lehman that it will produce documents sought by a particular request set forth in the Requests does not constitute an admission that Lehman actually possesses the documents requested or that any such documents exist.

9. Lehman objects to the Requests to the extent that they call for the production of documents the discovery of which is cumulative, duplicative, or obtainable from some other source that is more convenient, less burdensome or less expensive, including where the requests call for the production of documents already in Giants Stadium's possession, custody or control, or are publicly available or otherwise accessible to Giants Stadium.

3

10. Lehman objects to those aspects of the Requests that would cause it to incur unreasonable costs and expenses.

11. Lehman objects to the Requests as overly broad and unduly burdensome in that they do not limit Lehman to a search for documents created or sent during any specific time period. Lehman will produce documents created or sent during the period from January 1, 2007 through October 15, 2008.

12. The responses set forth below are based upon information presently known to Lehman. Accordingly, Lehman reserves the right to supplement, modify and/or amend these responses and objections and to produce other documents as additional knowledge or information makes such supplementation, modification, and/or amendment appropriate.

13. Lehman is willing to meet and confer with Giants Stadium concerning these responses and objections, including mutually agreeable search terms to be utilized in any search of custodians' files.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Lehman objects to the definition of the term "Auctions" to the extent it suggests that the auction process was the only method by which to set the interest rate for the bonds.

2. Lehman objects to the definition of the term "Debtors" on the ground that the definition of the term "Debtors" is vague and ambiguous, unduly burdensome and overly broad, in that it purports to include LBHI, LBSF and their "respective affiliates, officers, directors, employees, associates, consultants, attorneys, representatives, agents, or any other person working on their behalf, including their predecessors and successors in interest, and bankruptcy estates." Lehman will interpret the term "Debtors" to mean only LBHI and LBSF.

4

3.   Lehman objects to the definition of the term "Giants Stadium" as vague and ambiguous, unduly burdensome and overly broad, in that it purports to include Giants Stadium and "any of the respective officers directors, employees, associates, consultants, attorneys, representatives, agents, or other person working on its behalf, including its predecessors and successors in interest." Lehman will interpret the term "Giants Stadium" to mean only "Giants Stadium."

4.   Lehman objects to the definition of the term "Hedging Transaction(s)" on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.

5.   Lehman objects to the definitions of the terms "LBHI," "LBI" and "LBSF" as vague and ambiguous, unduly burdensome and overly broad, in that they purport to include LBHI, LBSF and their "respective officers, directors, employees, associates, consultants, attorneys, representatives, agents, or any other person working on [their] behalf, including their predecessors and successors in interest." Lehman will interpret the terms "LBHI," "LBI," and "LBSF" to mean only LBHI, LBI, and LBSF, respectively.

6.   Lehman objects to the definitions of the terms "relate to" and "refer to" as overly broad and ambiguous, and further objects to those terms to the extent that they require the production of materials protected by the attorney work product doctrine.

7.   Lehman objects to the definition of the term "Terminated Transactions" to the extent that it assumes that the transactions were in fact properly terminated.

8.   Lehman objects to the definitions of the terms "you" and "your" as overly broad and unduly burdensome. Lehman will interpret "you" and "your" as encompassing only LBHI and LBSF.

5

9. Lehman objects to the definition in paragraph 19 as overly broad and unduly burdensome. Lehman will not accept the definition in paragraph 19.

10. Lehman objects to Instruction No. 1 to the extent that it requires the production of documents which are in the "constructive possession" of Lehman or in the possession, custody or control of any of Lehman's "representatives, agents, or attorneys." Lehman will undertake a search of its own files only, and will not search for or produce documents in the actual possession of Lehman's "representatives, agents, or attorneys." In addition, while Lehman will attempt to produce copies of documents that are an accurate representation of the original, it will not represent that it will produce "legible" copies of documents.

11. Lehman objects to Instruction No. 3 on the grounds that it is vague, ambiguous, unduly burdensome, and not required by any rule or otherwise.

12. Lehman objects to Instruction No. 4 to the extent that it would impose on Lehman any obligation greater than that required under applicable statutes and rules, and any applicable case law or order of any court.

13. Lehman objects to Instruction No. 5 on the ground that the parties have previously agreed that privilege logs will not be required at this time.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**Request No. 1:**

All documents that relate to the negotiation, drafting, and execution of the ISDA Master Agreements or any other contracts that relate to the Terminated Transactions.

**Response To Request No. 1:**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Lehman specifically incorporates into this response, Lehman objects to this request on the grounds that the phrase "any other contracts that relate to the Terminated Transactions" is overly broad, unduly burdensome, and vague and ambiguous. Lehman will interpret this request as seeking documents relating to the ISDA Master Agreements and the Confirmations entered into thereunder, and will consider requests for documents relating to other contracts only to the extent they are specifically identified by Giants Stadium. Subject to these objections and without waiving them, Lehman intends to produce non-privileged documents, if any, in its possession that can be located after a reasonable search that are responsive to this request.

**Request No. 2:**

All documents that relate to the economic, business, or contractual intent of the parties in entering into the Terminated Transactions.

**Response To Request No. 2:**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Lehman specifically incorporates into this response, Lehman objects to this request on the grounds that the phrase "economic, business or contractual intent" is vague and ambiguous. Subject to these objections and without waiving them, Lehman intends to produce

7

non-privileged documents, if any, in its possession that can be located after a reasonable search that are responsive to this request.

**Request No. 3:**

All documents that relate to the meaning, interpretation, economics, business purpose, or other intent behind any contractual provision within the ISDA Master Agreements or any other contracts that relate to the Terminated Transactions.

**Response To Request No. 3:**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Lehman specifically incorporates into this response, Lehman objects to this request on the grounds that the phrase "any other contracts that relate to the Terminated Transactions" is overly broad, unduly burdensome, and vague and ambiguous. Lehman will interpret this request as seeking documents relating to the ISDA Master Agreements and the Confirmations entered into thereunder, and will consider requests for documents relating to other contracts only to the extent they are specifically identified by Giants Stadium. In addition, Lehman objects to this request on the grounds that the phrase "relate to the . . . economics . . . behind any contractual provisions" is overly broad, unduly burdensome, and vague and ambiguous. Subject to these objections and without waiving them, Lehman intends to produce non-privileged documents, if any, in its possession that can be located after a reasonable search that are responsive to this request.

**Request No. 4:**

All documents that relate to LBI's appointment or anticipated or actual role as broker-dealer for the bonds.

8

**Response To Request No. 4:**

        In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Lehman specifically incorporates into this response, Lehman objects to this request on the grounds that the phrase "relate to LBI's …anticipated or actual role as broker-dealer" is overly broad, unduly burdensome, and vague and ambiguous; as phrased, this request could call for every document that was viewed, created or possessed by LBI or others concerning LBI's actions as auction agent. Subject to these objections and without waiving them, Lehman intends to produce non-privileged documents if any in its possession that can be located after a reasonable search and that: (i) relate to LBI's appointment as broker-dealer and/or (ii) describe LBI's role as broker-dealer.

**Request No. 5:**

        All documents that relate to allowing Giants Stadium to terminate or replace LBI as broker-dealer for the bonds.

**Response To Request No. 5:**

        In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Lehman specifically incorporates into this response, Lehman objects to this request on the grounds that it is vague and ambiguous. Subject to these objections and without waiving them, Lehman intends to produce non-privileged documents, if any, in its possession that can be located after a reasonable search that are responsive to this request.

**Request No. 6:**

        All documents that relate to any contemplated conversion of the Terminated Transactions to LIBOR-rate swaps.

9

**Response To Request No. 6:**

   Lehman incorporates the foregoing General Objections and Objections to Definitions and Instructions into this response. Subject to these objections and without waiving them, Lehman intends to produce non-privileged documents, if any, in its possession that can be located after a reasonable search that are responsive to this request.

**Request No. 7:**

   All documents that relate to the conduct of LBI as broker-dealer for the bonds, including but not limited to its conduct of the auctions and any decision made to hold, auction, or sell the bonds, including any economic, business or other purpose behind each such decision.

**Response To Request No. 7:**

   In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Lehman specifically incorporates into this response, Lehman objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not relevant to the resolution of Giants Stadium's claims and/or whose relevance is outweighed by the burden Lehman would bear in attempting to collect, review and produce such materials. Lehman is prepared to discuss with Giants Stadium a narrowly tailored request for documents related to this subject matter.

**Request No. 8:**

   All documents that relate to discussions between LBI as broker-dealer for the bonds and debtors as parties to the Terminated Transactions, including any discussions regarding the economic, business, or other purposes behind decisions to have LBI hold the bonds at the "All-Hold Rate."

10

**Response To Request No. 8:**

      Lehman incorporates the foregoing General Objections and Objections to Definitions and Instructions into this response. Subject to these objections and without waiving them, Lehman intends to produce non-privileged documents, if any, in its possession that can be located after a reasonable search that are responsive to this request.

**Request No. 9:**

      All documents that relate to the resignation of LBI as broker-dealer for the bonds.

**Response To Request No. 9:**

      Lehman incorporates the foregoing General Objections and Objections to Definitions and Instructions into this response. Subject to these objections and without waiving them, Lehman intends to produce non-privileged documents, if any, in its possession that can be located after a reasonable search that are responsive to this request.

**Request No. 10:**

      All documents that relate to the valuation of the Terminated Transactions.

**Response To Request No. 10:**

      Lehman incorporates the foregoing General Objections and Objections to Definitions and Instructions into this response. Subject to these objections and without waiving them, Lehman intends to produce non-privileged documents, if any, in its possession that can be located after a reasonable search that are responsive to this request.

**Request No. 11:**

      All documents that relate to the termination of the Terminated Transactions, including all documents that relate to receipt of the Termination Notices or whether the Terminated Transactions were actually terminated.

**Response To Request No. 11:**

In addition to the foregoing General Objections and Objections to Definitions and Instructions which Lehman specifically incorporates into this response, Lehman objects to this request to the extent that it assumes that the transactions were properly terminated. Lehman will interpret this request to relate to the "purported termination" of the transactions. Lehman also objects to the request for documents relating to "whether the terminated transactions were actually terminated" as such a request seeks the production of materials protected by the attorney work product doctrine. Subject to these objections and without waiving them, Lehman intends to produce non-privileged documents, if any, in its possession that can be located after a reasonable search that are responsive to this request.

**Request No. 12:**

All documents that relate to the Expert Report of John J. Olvany as it relates to valuation of the Terminated Transactions, including all documents, calculations, and other information which formed the basis of the report, as they relate to valuation of the Terminated Transactions.

**Response To Request No. 12:**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Lehman specifically incorporates into this response, Lehman objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not relevant to the resolution of Giants Stadium's claims and/or whose relevance is outweighed by the burden Lehman would bear in attempting to collect, review and produce such materials. Lehman further objects to this request on the grounds that it calls for the production of

documents covered by the attorney client privilege and/or work product doctrine. Lehman will not produce documents in response to this request.

**Request No. 13:**

All documents that relate to the bonds or the Terminated Transactions as used as collateral for a loan made to LBSF by 7th Avenue, Inc. on or around August 28, 2008, including any documents that relate to requirements in the 7th Avenue collateral agreement that LBHI would send notices to all counterparties to the collateral swaps stating that all future payments under the swaps should be paid to 7th Avenue if LBHI entered into bankruptcy.

**Response To Request No. 13:**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Lehman specifically incorporates into this response, Lehman objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not relevant to the resolution of Giants Stadium's claims and/or whose relevance is outweighed by the burden Lehman would bear in attempting to collect, review and produce such materials. Lehman will not produce documents in response to this request.

**Request No. 14:**

All documents that relate to any analysis done by LBSF of its records to determine whether Giants Stadium should receive a letter demanding periodic payments as was sent by LBSF to other parties with whom there were still thought to be live swaps.

**Response To Request No. 14:**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Lehman specifically incorporates into this response, Lehman objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, not

13

relevant to the resolution of Giants Stadium's claims and/or whose relevance is outweighed by the burden Lehman would bear in attempting to collect, review and produce such materials. Lehman further objects to this request on the grounds that it calls for the production of documents covered by the attorney client privilege and/or work product doctrine.

**Request No. 15:**

All documents that relate to any efforts by debtors to fulfill any of its obligations under Section 6(e) of the ISDA Master Agreements.

**Response To Request No. 15:**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Lehman specifically incorporates into this response, Lehman objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not relevant to the resolution of Giants Stadium's claims and/or whose relevance is outweighed by the burden Lehman would bear in attempting to collect, review and produce such materials. Lehman further objects to this request on the grounds that it calls for the production of documents protected by the attorney client privilege and/or attorney work product doctrine. Subject to these objections and without waiving them, Lehman intends to produce non-privileged documents, if any, in its possession that can be located after a reasonable search that are responsive to this request.

**Request No. 16:**

All documents that relate to any discussions between debtors and Giants Stadium regarding the Market Quotation payment measure.

**Response To Request No. 16:**

Lehman incorporates the foregoing General Objections and Objections to Definitions and Instructions into this response. Subject to these objections and without waiving them, Lehman intends to produce non-privileged documents, if any, in its possession that can be located after a reasonable search that are responsive to this request.

**Request No. 17:**

All documents that relate to (i) any valuation methodologies that the debtors have employed to value "Loss," as defined in the ISDA Master Agreements and covering the Terminated Transactions, and (ii) any valuation methodologies that the debtors have employed to value "Loss," as defined in an ISDA Master Agreement and covering any other bond-rate swap to which debtors are or were a party.

**Response To Request No. 17:**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Lehman specifically incorporates into this response, Lehman objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not relevant to the resolution of Giants Stadium's claims and/or whose relevance is outweighed by the burden Lehman would bear in attempting to collect, review and produce such materials. Lehman further objects to this request on the grounds that it calls for the production of documents protected by the attorney client privilege and/or attorney work product doctrine. Lehman will not produce documents in response to this request.

**Request No. 18:**

All documents that relate to any and all hedging transactions(s), including, without limitation, documents sufficient to show the relationship(s) between any and all hedging transactions and the Terminated Transactions.

**Response To Request No. 18:**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Lehman specifically incorporates into this response, Lehman objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not relevant to the resolution of Giants Stadium's claims and/or whose relevance is outweighed by the burden Lehman would bear in attempting to collect, review and produce such materials. Lehman is prepared to discuss with Giants Stadium its rationale as to the relevance of this request.

**Request No. 19:**

All documents generated, sent, or received by debtors' Credit Valuation Adjustment desk that relate to (i) the Terminated Transactions, and (ii) any and all Hedging Transactions.

**Response To Request No. 19**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Lehman specifically incorporates into this response, Lehman objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not relevant to the resolution of Giants Stadium's claims and/or whose relevance is outweighed by the burden Lehman would bear in attempting to collect, review and produce such materials. Lehman further objects to this request on the grounds that the term "Credit Valuation Adjustment

desk" is undefined. Subject to these objections and without waiving them, Lehman intends to produce non-privileged documents, if any, in its possession that can be located after a reasonable search that are responsive to this request and that relate to the Terminated Transactions.

**Request No. 20:**

All documents that relate to any capital allocated by debtors to satisfy any requirements to maintain capital in relation to the Terminated Transactions before they were terminated, including, but not limited to, documents sufficient to show the rate charged by debtors on capital lent internally within debtors.

**Response To Request No. 20:**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, which Lehman specifically incorporates into this response, Lehman objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not relevant to the resolution of Giants Stadium's claims and/or whose relevance is outweighed by the burden Lehman would bear in attempting to collect, review and produce such materials. Lehman is prepared to discuss with Giants Stadium its rationale as to the relevance of this request.

**Request No. 21:**

All documents that relate to the preservation or destruction of documents relating to the ISDA Master Agreements or the Terminated Transactions.

**Response to Request No. 21:**

Lehman incorporates the foregoing General Objections and Objections to Definitions and Instructions into this response. Subject to these objections and without waiving

17

them, Lehman intends to produce non-privileged documents, if any, in its possession that can be located after a reasonable search that are responsive to this request.

Dated: New York, NY
       March 13, 2013

                          /s/ Richard. W. Slack
                          Richard W. Slack
                          Michael J. Firestone
                          WEIL, GOTSHAL & MANGES LLP
                          767 Fifth Avenue
                          New York, NY 10153
                          (212) 310-8000

                          *Attorneys for Lehman*