# EXHIBIT D

*United States Bankruptcy Court/Southern District of New York* **Pg 2 of 25**

| | |
|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>    Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings, Inc. | Case No. of Debtor<br>08-13555 |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000031047

**NOTE:** This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side).

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
Timothy Pillar, VP
Corporate Trust Services
U.S. Bank National Association
EP-MN-WS1D
60 Livingston Avenue
St. Paul, MN 55107-2292

Notices to:
James E. Spiotto
Ann E. Acker
Franklin H. Top, III
Chapman and Cutler LLP
111 West Monroe St., 18th Fl.
Chicago, IL 60603
Telephone: (312)-845-3000

Telephone number: (651) 495-3958    Email Address: timothy.pillar@usbank.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above)
Timothy Pillar, VP
Corporate Trust Services
U.S. Bank National Association
EP-MN-WS1D, 60 Livingston Avenue
St. Paul, MN 55107-2292

Telephone number: (651) 495-3958    Email Address: timothy.pillar@usbank.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1.    Amount of Claim as of Date Case Filed:** $ See Addendum

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☒ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

**2.    Basis for Claim:** See Addendum
(See instruction #2 on reverse side.)

**3.    Last four digits of any number by which creditor identifies debtor:** _____
    **3a. Debtor may have scheduled account as:** _____
    (See instruction #3a on reverse side.)

**4.    Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $ _____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____ Basis for perfection: _____

Amount of Secured Claim: $ _____ Amount Unsecured: $ _____

**6.    Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
(See instruction #6 on reverse side.)

**7.    Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8.    Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

The attached Addendum is hereby incorporated by reference.

See Addendum

| Date:<br>9/18/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

**5.    Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$ _____

**FOR COURT USE ONLY**

**FILED / RECEIVED**

SEP 22 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

2684770

STATEMENT OF CLAIM OF U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE
CASE NO. 08-13555, *IN RE LEHMAN BROTHERS HOLDINGS INC.*, PENDING IN THE UNITED
STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
(RECEIPT OF IMPROPER DISTRIBUTIONS OF RECOVERED SERVICER ADVANCES)

1. *Name of Claimant.* U.S. Bank, N. A. ("*U.S. Bank*") is the Indenture Trustee or

Trustee, as the case may be (as applicable, acting in such capacity, the "Trustee"), for the

SASCO Mortgage Loan Trust 2007-RNP1 (the "*Trust*"). The Trust holds a portfolio of

residential mortgage loans, many or most of which are nonperforming. Lehman Brothers

Holdings Inc. ("LBHI" or the "Debtor"), conveyed a pre-existing portfolio to the trust and

entered into a servicing agreement with a master servicer, Aurora Loan Services LLC

("Aurora"), LBHI's wholly owned subsidiary, to service the loans. This claim relates to funds

that were, on information and belief, improperly forwarded to LBHI and thereafter recovered by

the servicers in connection with Aurora's servicing of the loans.

The allegations and claims outlined herein are made upon information and belief and are

based upon information provided to the Trustee by a holder of an interest in the Trust (the

"Interest Holder"). This claim is filed by U.S. Bank as Trustee acting at the direction of such

holder.

The undersigned, Timothy Pillar, who maintains an office at 60 Livingston Avenue, St.

Paul, MN, is a Vice President of U.S. Bank, as Trustee. The undersigned is duly authorized and

empowered to make this Proof of Claim on behalf of U.S. Bank as Trustee.

**Name and Address Where Notices Should be Sent.**

Send all Court Orders, Notices and Payment to:
        Timothy Pillar
        U.S. Bank Corporate Trust Services
        ED-MN-WS1D
        60 Livingston Avenue
        St. Paul, MN 55107
        Phone: (651) 495-3958

**With copies of all Court Orders and Notices to:**

> James E. Spiotto
> Franklin H. Top, III
> CHAPMAN AND CUTLER LLP
> 111 West Monroe Street
> Chicago, IL 60603
> (312) 845-3000

2.      ***Basis for Claim.***      U.S. Bank serves as Trustee for a trust holding residential mortgage loans, the SASCO Mortgage Loan Trust 2007-RNP1 (the "Trust"). This claim relates to certain servicer advances that, on information and belief, were improperly forwarded to LBHI and thereafter recovered by the servicers in connection with Aurora's servicing of the loans.

Each of the servicing agreements relating to the Trust provides, *inter alia*, that the servicers are obligated under certain terms and conditions to make servicing advances. "Servicing advances," generally speaking, are costs and expenses incurred by a servicer that are "reasonable, customary and necessary" for servicing a loan. These include, for example, outlays by a servicer to cover taxes or insurance that a mortgagor is obligated to make but does not. The servicing agreements permit the servicers to reimburse themselves for servicing advances they actually made from payments made by the mortgagor or out of loan liquidation proceeds.

The loans that are contained in the Trust were originated by a third party originator and through various sales and transfers, including transfers through Lehman-affiliated entities, these loans were purchased or otherwise transferred into the Trust. In the sale of a preexisting mortgage loan portfolio, particularly one containing large numbers of nonperforming loans, the former servicer has generally made servicing advances that have yet to be repaid by mortgagors. The Interest Holder contends that, as part of the transfer of the loans, the servicer originally making the advance is not entitled to recover any of these advances from payments made by the

relevant mortgagors. Upon information and belief, none of the transfer documentation relating to the transfer of loans to the Trust permits the recovery of these amounts by the prior servicer; rather, any repayments of amounts advanced flow to the Trust who purchased the mortgage loans (the theory being that prior advances are part of the assets purchased and are "paid" through the purchase price).

The Trustee has been advised by the Interest Holder that Aurora has caused the servicers to advance amounts equal to prior servicer advances to LBHI and/or its affiliate Lehman Brothers, Inc. ("LBI"), and has subsequently allowed the servicers to reimburse themselves from the Trust for those payments. The Interest Holder advises the Trustee that in this manner, Aurora has allowed its affiliates LBHI and/or LBI to improperly retain over $40 million. It is uncertain how much of these improperly retained advances were distributed to LBHI. These claims continue to be investigated and U.S. Bank as Trustee reserves the right to amend this claim based upon such investigation.

3. **_Classification of Claim._** This claim is an unliquidated unsecured claim and is not secured by a lien on any property of the Debtor.

4. **_Credits._** No funds have been paid by LBHI to U.S. Bank, as Trustee with respect to the Trust from the Petition Date to the date of the execution of this claim.

5. **_Supporting Documents._** Documents on which this claim is founded generally include those described below. There may be additional documents in the possession or under the control of the Debtor or its affiliates which may further support this claim. U.S. Bank as Trustee reserves the right to support its claim with any such additional documents. These documents are voluminous. Upon information and belief such documents are available to and in the possession of the Debtors. Copies, however, are available upon request. Provided below is a summary of the supporting documents for each of the transactions.

| 1 | Sale and Assignment Agreement |
|---|---|
| 2 | Mortgage Loan Sale Agreement |
| 3. | Transfer and Servicing Agreement |
| 4. | Servicing Agreement (Aurora Loan Services LLC) |
| 5. | Securitization Subservicing Agreement (GMAC) |
| 6. | Addendum to Flow Subservicing Agreement (GMAC) |
| 7. | Acknowledgement Agreement (Green Tree Servicing LLC) |
| 8. | Trust Agreement |
| 9. | Indenture |
| 10. | Securities Purchase Agreement |

6.    *Reservation of Rights.* U.S. Bank as Trustee asserts that any funds, property or collateral held by the Trust or certain funds or property held by LBHI relating to the transaction are not property of the Estate but are property of the Trust or other parties having a beneficial interest therein and that the possession or assertion of rights over such funds, property or collateral by LBHI do not transform such funds, property or collateral into property of the Estate and therefore the Debtor has no legitimate legal right to hold or to prevent the transfer of such funds, property, collateral or the proceeds thereof to third parties under the terms of the relevant documents.

U.S. Bank National Association, as Trustee, expressly reserves any rights, remedies, liens, interests, priorities, protections and claims which it may have against LBHI or the other Debtors and other parties under the Bankruptcy Code. U.S. Bank National Association, as Trustee, reserves the right to amend, restate and supplement this Proof of Claim or to file additional Proofs of Claim or further pleadings for additional claims against LBSF and its related

entities should U.S. Bank National Association, as Trustee, deem it appropriate. U.S. Bank National Association, as Trustee, reserves all rights and claims accruing to it, including, but not limited to, its rights (a) against all other creditors, (b) to update total exposure estimates of liquidated and unliquidated claims, (c) request payment of administrative expenses (whether in respect of claims asserted herein or otherwise), or (d) amend, update, supplement or modify as it believes is appropriate including, but not limited to, fees, expenses and interest.

This Proof of Claim is filed under the compulsion of the bar date established in this case and is filed to protect U.S. Bank as Trustee from forfeiture of claims by reason of said bar date. The filing of this Claim is not intended to be and should not be deemed or construed as (a) an election of a remedy, (b) a consent by U.S. Bank as Trustee to the jurisdiction of the Bankruptcy Court or any other court with respect to the proceedings, if any, commenced, in any case against or otherwise involving U.S. Bank as Trustee, (c) a consent by U.S. Bank as Trustee to trial by jury as to any and all matters so triable herein or in any case, controversy or proceedings related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise, (d) a waiver of the right of U.S. Bank as Trustee to a trial by jury in any matter herein or in any case, controversy or proceeding related hereto, (e) a waiver of the right of U.S. Bank as Trustee to have final orders in non-core matters entered only after de novo review by the United States District Court, (f) a waiver of any right of U.S. Bank as Trustee to have the reference withdrawn by the United States District Court in any matter subject to mandatory or discretionary withdrawal, (g) a waiver of any past, present or future event of default, (h) a waiver or limitation of any rights of U.S. Bank as Trustee including, without limitation, a waiver of obligations owing to U.S. Bank as Trustee, rights, claims, actions, defenses, set-offs or recoupments to which U.S. Bank as Trustee is or may be entitled under the relevant documents or otherwise, in law or equity, against LBHI and/or any subsidiary or affiliate thereof, or any other person, including without limitation, rights against guarantors,

officers or directors, or the right to contest the validity or extent of any liens or security interests purported to be equal, senior or inferior to any right, lien or security interest of U.S. Bank as Trustee all of which rights, claims, actions, defenses, set-offs or recoupments are expressly reserved by U.S. Bank as Trustee, (i) an admission by U.S. Bank as Trustee that any property held by LBHI (or any subsidiary or affiliate thereof) is property of the estate or (j) a waiver of any right to recharacterize any of the Claims set forth herein as administrative claims.

FRANKLIN TOP III
CHAPMAN AND CUTLER LLP
(312) 845-3740
111 W MONROE ST
CHICAGO  IL  60603

**15 LBS     3 OF 5**

SHIP
TO:

ATTN LEHMAN BROTHERS HOLDINGS CLAIMS
EPIQ BANKRUPTCY SOLUTIONS INC.
3RD FLOOR
757 THIRD AVENUE
NEW YORK  NY 10017



NY 100 7-02

UPS NEXT DAY AIR              1

TRACKING #: 1Z 3E4 6W8 01 6048 9655



BILLING: P/P

PKID:275996.03

ASC 0740 DM00J693 93.5V 07/2009

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: | Chapter 11 |
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| Lehman Brothers Holdings, Inc. | 08-13555 |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000031048

**THIS SPACE IS FOR COURT USE ONLY**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
Timothy Pillar, VP
Corporate Trust Services
U.S. Bank National Association
EP-MN-WS1D
60 Livingston Avenue
St. Paul, MN 55107-2292

Notices to:
James E. Spiotto
Ann E. Acker
Franklin H. Top, III
Chapman and Cutler LLP
111 West Monroe St., 18th Fl.
Chicago, IL 60603
Telephone: (312)-845-3000

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ (If known)

Filed on: _____

Telephone number: (651) 495-3958          Email Address: timothy.pillar@usbank.com

Name and address where payment should be sent (if different from above)
Timothy Pillar, VP
Corporate Trust Services
U.S. Bank National Association
EP-MN-WS1D, 60 Livingston Avenue
St. Paul, MN 55107-2292

Telephone number: (651) 495-3958          Email Address: timothy.pillar@usbank.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1.    Amount of Claim as of Date Case Filed:**  $ See Addendum
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐  Check this box if all or part of your claim is based on a Derivative Contract.*
☐  Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐  Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2.    Basis for Claim:** See Addendum
(See instruction #2 on reverse side.)

**3.    Last four digits of any number by which creditor identifies debtor:** _____
**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4.    Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____  Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____  Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

**5.    Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

Amount entitled to priority:

$_____

**6.    Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

**7.    Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8.    Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:          See Addendum

The attached Addendum is hereby incorporated by reference.

FOR COURT USE ONLY

**FILED / RECEIVED**

SEP 22 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 9/18/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

2684770

STATEMENT OF CLAIM OF U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE
CASE NO. 08-13555, *IN RE LEHMAN BROTHERS HOLDINGS INC.*, PENDING IN THE UNITED
STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
(RECEIPT OF IMPROPER DISTRIBUTIONS OF RECOVERED SERVICER ADVANCES)

1.    *Name of Claimant.* U.S. Bank, N. A. ("U.S. Bank") is the Indenture Trustee or Trustee, as the case may be (as applicable, acting in such capacity, the "Trustee"), for the Residential Loan Trust 2008-2 (the "Trust"). The Trust holds a portfolio of residential mortgage loans, many or most of which are nonperforming. Lehman Brothers Holdings Inc. ("LBHI" or the "Debtor"), conveyed a pre-existing portfolio to the trust and entered into a servicing agreement with a master servicer, Aurora Loan Services LLC ("Aurora"), LBHI's wholly owned subsidiary, to service the loans. This claim relates to funds that were, on information and belief, improperly forwarded to LBHI and thereafter recovered by the servicers in connection with Aurora's servicing of the loans.

The allegations and claims outlined herein are made upon information and belief and are based upon information provided to the Trustee by a holder of an interest in the Trust (the "Interest Holder"). This claim is filed by U.S. Bank as Trustee acting at the direction of such holder.

The undersigned, Timothy Pillar, who maintains an office at 60 Livingston Avenue, St. Paul, MN, is a Vice President of U.S. Bank, as Trustee. The undersigned is duly authorized and empowered to make this Proof of Claim on behalf of U.S. Bank as Trustee.

**Name and Address Where Notices Should be Sent.**

Send all Court Orders, Notices and Payment to:
> Timothy Pillar
> U.S. Bank Corporate Trust Services
> ED-MN-WS1D
> 60 Livingston Avenue
> St. Paul, MN 55107
> Phone: (651) 495-3958

12168764_1.DOC

**With copies of all Court Orders and Notices to:**

> James E. Spiotto
> Franklin H. Top, III
> CHAPMAN AND CUTLER LLP
> 111 West Monroe Street
> Chicago, IL 60603
> (312) 845-3000

2.   ***Basis for Claim.***   U.S. Bank serves as Trustee for a trust holding residential mortgage loans, the Residential Loan Trust 2008-2 (the "Trust"). This claim relates to certain servicer advances that, on information and belief, were improperly forwarded to LBHI and thereafter recovered by the servicers in connection with Aurora's servicing of the loans.

Each of the servicing agreements relating to the Trust provides, *inter alia*, that the servicers are obligated under certain terms and conditions to make servicing advances. "Servicing advances," generally speaking, are costs and expenses incurred by a servicer that are "reasonable, customary and necessary" for servicing a loan. These include, for example, outlays by a servicer to cover taxes or insurance that a mortgagor is obligated to make but does not. The servicing agreements permit the servicers to reimburse themselves for servicing advances they actually made from payments made by the mortgagor or out of loan liquidation proceeds.

The loans that are contained in the Trust were originated by a third party originator and through various sales and transfers, including transfers through Lehman affiliated entities, these loans were purchased or otherwise transferred into the Trust. In the sale of a preexisting mortgage loan portfolio, particularly one containing large numbers of nonperforming loans, the former servicer has generally made servicing advances that have yet to be repaid by mortgagors. The Interest Holder contends that, as part of the transfer of the loans, the servicer originally making the advance is not entitled to recover any of these advances from payments made by the relevant mortgagors. Upon information and belief, none of the transfer documentation relating

to the transfer of loans to the Trust permits the recovery of these amounts by the prior servicer; rather, any repayments of amounts advanced flow to the Trust who purchased the mortgage loans (the theory being that prior advances are part of the assets purchased and are "paid" through the purchase price).

The Trustee has been advised by the Interest Holder that Aurora has caused the servicers to advance amounts equal to prior servicer advances to LBHI and/or its affiliate Lehman Brothers, Inc. ("LBI"), and has subsequently allowed the servicers to reimburse themselves from the Trust for those payments.    The Interest Holder advises the Trustee that in this manner, Aurora has allowed its affiliates LBHI and/or LBI to improperly retain over $40 million.  It is uncertain how much of these improperly retained advances were distributed to LBHI.  These claims continue to be investigated and U.S. Bank as Trustee reserves the right to amend this claim based upon such investigation.

3.    *Classification of Claim.* This claim is an unliquidated unsecured claim and is not secured by a lien on any property of the Debtor.

4.    *Credits.* No funds have been paid by LBHI to U.S. Bank, as Trustee with respect to the Trust from the Petition Date to the date of the execution of this claim.

5.    *Supporting Documents.* Documents on which this claim is founded generally include those described below.  There may be additional documents in the possession or under the control of the Debtor or its affiliates which may further support this claim.  U.S. Bank as Trustee reserves the right to support its claim with any such additional documents.  These documents are voluminous.  Upon information and belief such documents are available to and in the possession of the Debtors. Copies, however, are available upon request. Provided below is a summary of the supporting documents for each of the transactions.

| 1 | Assignment and Assumption Agreement |
|---|---|
| 2 | Mortgage Asset Sale Agreement |
| 3. | Terms Letter |
| 4. | Servicing Agreement (Aurora) |
| 5. | Securitization Subservicing Agreement (Wells Fargo Bank) |
| 6. | Securitization Servicing Agreement (JPMorgan Chase Bank) |
| 7. | Trust Agreement |
| 8. | Contribution Agreement |
| 9. | REO LLC 2008-2 Officer's Certificate |
| 10. | Custodial Agreement (Deutsche Bank) |
| 11. | Custodial Agreement (LaSalle Bank) |
| 12. | Custodial Agreement (U.S. Bank) |
| 13. | Custodial Agreement (Wells Fargo) |
| 14. | Private Placement Memorandum |
| 15. | Certificates Purchase Agreement |

6.    *Reservation of Rights.* U.S. Bank as Trustee asserts that any funds, property or collateral held by the Trust or certain funds or property held by LBHI relating to the transaction are not property of the Estate but are property of the Trust or other parties having a beneficial interest therein and that the possession or assertion of rights over such funds, property or collateral by LBHI do not transform such funds, property or collateral into property of the Estate and therefore the Debtor has no legitimate legal right to hold or to prevent the transfer of such

funds, property, collateral or the proceeds thereof to third parties under the terms of the relevant documents.

U.S. Bank National Association, as Trustee, expressly reserves any rights, remedies, liens, interests, priorities, protections and claims which it may have against LBHI or the other Debtors and other parties under the Bankruptcy Code. U.S. Bank National Association, as Trustee, reserves the right to amend, restate and supplement this Proof of Claim or to file additional Proofs of Claim or further pleadings for additional claims against LBSF and its related entities should U.S. Bank National Association, as Trustee, deem it appropriate. U.S. Bank National Association, as Trustee, reserves all rights and claims accruing to it, including, but not limited to, its rights (a) against all other creditors, (b) to update total exposure estimates of liquidated and unliquidated claims, (c) request payment of administrative expenses (whether in respect of claims asserted herein or otherwise), or (d) amend, update, supplement or modify as it believes is appropriate including, but not limited to, fees, expenses and interest.

This Proof of Claim is filed under the compulsion of the bar date established in this case and is filed to protect U.S. Bank as Trustee from forfeiture of claims by reason of said bar date. The filing of this Claim is not intended to be and should not be deemed or construed as (a) an election of a remedy, (b) a consent by U.S. Bank as Trustee to the jurisdiction of the Bankruptcy Court or any other court with respect to the proceedings, if any, commenced, in any case against or otherwise involving U.S. Bank as Trustee, (c) a consent by U.S. Bank as Trustee to trial by jury as to any and all matters so triable herein or in any case, controversy or proceedings related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise, (d) a waiver of the right of U.S. Bank as Trustee to a trial by jury in any matter herein or in any case, controversy or proceeding related hereto, (e) a waiver of the right of U.S. Bank as Trustee to have final orders in non-core matters entered only after de novo review by the United States District Court, (f) a waiver of any right of

U.S. Bank as Trustee to have the reference withdrawn by the United States District Court in any matter subject to mandatory or discretionary withdrawal, (g) a waiver of any past, present or future event of default, (h) a waiver or limitation of any rights of U.S. Bank as Trustee including, without limitation, a waiver of obligations owing to U.S. Bank as Trustee, rights, claims, actions, defenses, set-offs or recoupments to which U.S. Bank as Trustee is or may be entitled under the relevant documents or otherwise, in law or equity, against LBHI and/or any subsidiary or affiliate thereof, or any other person, including without limitation, rights against guarantors, officers or directors, or the right to contest the validity or extent of any liens or security interests purported to be equal, senior or inferior to any right, lien or security interest of U.S. Bank as Trustee all of which rights, claims, actions, defenses, set-offs or recoupments are expressly reserved by U.S. Bank as Trustee, (i) an admission by U.S. Bank as Trustee that any property held by LBHI (or any subsidiary or affiliate thereof) is property of the estate or (j) a waiver of any right to recharacterize any of the Claims set forth herein as administrative claims.

FRANKLIN TOP III
CHAPMAN AND CUTLER LLP
(312) 845-3740
111 W MONROE ST
CHICAGO  IL 60603

15 LBS    3 OF 5

SHIP
TO:
ATTN LEHMAN BROTHERS HOLDINGS CLAIMS
EPIQ BANKRUPTCY SOLUTIONS INC.
3RD FLOOR
757 THIRD AVENUE
NEW YORK  NY 10017



NY 100 7-02

UPS NEXT DAY AIR                1

TRACKING #: 1Z 3E4 6W8 01 6048 9655



BILLING: P/P
PKID:275996.03

ASC 0740 DMXXJ693 93.5V 07/2009

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |
|---|---|

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings, Inc. | Case No. of Debtor<br>08-13555 |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000031050

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
Timothy Pillar, VP
Corporate Trust Services
U.S. Bank National Association
EP-MN-WS1D
60 Livingston Avenue
St. Paul, MN 55107-2292

Notices to:
James E. Spiotto
Ann E. Acker
Franklin H. Top, III
Chapman and Cutler LLP
111 West Monroe St., 18th Fl.
Chicago, IL 60603
Telephone: (312)-845-3000

Telephone number: (651) 495-3958          Email Address: timothy.pillar@usbank.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)
Timothy Pillar, VP
Corporate Trust Services
U.S. Bank National Association
EP-MN-WS1D, 60 Livingston Avenue
St. Paul, MN 55107-2292

Telephone number: (651) 495-3958          Email Address: timothy.pillar@usbank.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1.   Amount of Claim as of Date Case Filed:** $ See Addendum
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*
***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2.   Basis for Claim:** See Addendum
(See instruction #2 on reverse side.)

**3.   Last four digits of any number by which creditor identifies debtor:** _____
**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4.   Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
Amount of Secured Claim: $_____ Amount Unsecured: $_____

**6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

**7.   Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8.   Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:          See Addendum

The attached Addendum is hereby incorporated by reference.

**5.   Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

Amount entitled to priority:

$_____

FOR COURT USE ONLY
**FILED / RECEIVED**

SEP 22 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date:<br>9|18|09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

2684770

STATEMENT OF CLAIM OF U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE
CASE NO. 08-13555, *IN RE LEHMAN BROTHERS HOLDINGS INC.*, PENDING IN THE UNITED
STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
(RECEIPT OF IMPROPER DISTRIBUTIONS OF RECOVERED SERVICER ADVANCES)

1.    *Name of Claimant.*  U.S. Bank, N. A. ("U.S. Bank") is the Indenture Trustee or

Trustee, as the case may be (as applicable, acting in such capacity, the "Trustee"), for the

Residential Loan Trust 2008-AH1 (the "Trust").  The Trust holds a portfolio of residential

mortgage loans, many or most of which are nonperforming.  Lehman Brothers Holdings Inc.

("LBHI" or the "Debtor"), conveyed a pre-existing portfolio to the trust and entered into a

servicing agreement with a master servicer, Aurora Loan Services LLC ("Aurora"), LBHI's

wholly owned subsidiary, to service the loans.   This claim relates to funds  that were, on

information and belief, improperly forwarded to LBHI and thereafter recovered by the servicers

in connection with Aurora's servicing of the loans.

The allegations and claims outlined herein are made upon information and belief and are

based upon information provided to the Trustee by a holder of an interest in the Trust (the

"Interest Holder"). This claim is filed by U.S. Bank as Trustee acting at the direction of such

holder.

The undersigned, Timothy Pillar, who maintains an office at 60 Livingston Avenue, St.

Paul, MN, is a Vice President of U.S. Bank, as Trustee.  The undersigned is duly authorized and

empowered to make this Proof of Claim on behalf of U.S. Bank as Trustee.

**Name and Address Where Notices Should be Sent.**

Send all Court Orders, Notices and Payment to:
> Timothy Pillar
> U.S. Bank Corporate Trust Services
> ED-MN-WS1D
> 60 Livingston Avenue
> St. Paul, MN 55107
> Phone: (651) 495-3958

**With copies of all Court Orders and Notices to:**

> James E. Spiotto
> Franklin H. Top, III
> CHAPMAN AND CUTLER LLP
> 111 West Monroe Street
> Chicago, IL 60603
> (312) 845-3000

2.    ***Basis for Claim.***    U.S. Bank serves as Trustee for a trust holding residential mortgage loans, the Residential Loan Trust 2008-AH1 (the "Trust"). This claim relates to certain servicer advances that, on information and belief, were improperly forwarded to LBHI and thereafter recovered by the servicers in connection with Aurora's servicing of the loans.

Each of the servicing agreements relating to the Trust provides, *inter alia*, that the servicers are obligated under certain terms and conditions to make servicing advances. "Servicing advances," generally speaking, are costs and expenses incurred by a servicer that are "reasonable, customary and necessary" for servicing a loan. These include, for example, outlays by a servicer to cover taxes or insurance that a mortgagor is obligated to make but does not. The servicing agreements permit the servicers to reimburse themselves for servicing advances they actually made from payments made by the mortgagor or out of loan liquidation proceeds.

The loans that are contained in the Trust were originated by a third party originator and through various sales and transfers, including transfers through Lehman affiliated entities, these loans were purchased or otherwise transferred into the Trust. In the sale of a preexisting mortgage loan portfolio, particularly one containing large numbers of nonperforming loans, the former servicer has generally made servicing advances that have yet to be repaid by mortgagors. The Interest Holder contends that, as part of the transfer of the loans, the servicer originally making the advance is not entitled to recover any of these advances from payments made by the

relevant mortgagors.  Upon information and belief, none of the transfer documentation relating to the transfer of loans to the Trust permits the recovery of these amounts by the prior servicer; rather, any repayments of amounts advanced flow to the Trust who purchased the mortgage loans (the theory being that prior advances are part of the assets purchased and are "paid" through the purchase price).

The Trustee has been advised by the Interest Holder that Aurora has caused the servicers to advance amounts equal to prior servicer advances to LBHI and/or its affiliate Lehman Brothers, Inc. ("LBI"), and has subsequently allowed the servicers to reimburse themselves from the Trust for those payments.   The Interest Holder advises the Trustee that in this manner, Aurora has allowed its affiliates LBHI and/or LBI to improperly retain over $40 million.  It is uncertain how much of these improperly retained advances were distributed to LBHI.  These claims continue to be investigated and U.S. Bank as Trustee reserves the right to amend this claim based upon such investigation.

3.      *Classification of Claim.*  This claim is an unliquidated unsecured claim and is not secured by a lien on any property of the Debtor.

4.      *Credits.*  No funds have been paid by LBHI to U.S. Bank, as Trustee with respect to the Trust from the Petition Date to the date of the execution of this claim.

5.      *Supporting Documents.*  Documents on which this claim is founded generally include those described below.  There may be additional documents in the possession or under the control of the Debtor or its affiliates which may further support this claim.  U.S. Bank as Trustee reserves the right to support its claim with any such additional documents.  These documents are voluminous.  Upon information and belief such documents are available to and in the possession of the Debtors.  Copies, however, are available upon request.  Provided below is a summary of the supporting documents for each of the transactions.

| 1 | Loan Sale and Interim Servicing Agreement |
| 2 | United States Bankruptcy Court Order Authorizing the Sale Agreement, |
| 3. | Mortgage Asset Sale Agreement |
| 4. | Transfer and Servicing Agreement |
| 5. | Servicing Agreement |
| 6. | Trust Agreement |
| 7. | Contribution Agreement |
| 8. | Indenture |
| 9. | Administration Agreement |
| 10. | REO LLC Administration Agreement |
| 11. | REO LLC 2008-AH1 Officer's Certificate |
| 12. | Custodial Agreement |
| 13. | Private Placement Memorandum |
| 14. | Securities Purchase Agreement |

6.    *Reservation of Rights*.  U.S. Bank as Trustee asserts that any funds, property or collateral held by the Trust or certain funds or property held by LBHI relating to the transaction are not property of the Estate but are property of the Trust or other parties having a beneficial interest therein and that the possession or assertion of rights over such funds, property or collateral by LBHI do not transform such funds, property or collateral into property of the Estate and therefore the Debtor has no legitimate legal right to hold or to prevent the transfer of such funds, property, collateral or the proceeds thereof to third parties under the terms of the relevant documents.

U.S. Bank National Association, as Trustee, expressly reserves any rights, remedies, liens, interests, priorities, protections and claims which it may have against LBHI or the other Debtors and other parties under the Bankruptcy Code. U.S. Bank National Association, as Trustee, reserves the right to amend, restate and supplement this Proof of Claim or to file additional Proofs of Claim or further pleadings for additional claims against LBSF and its related entities should U.S. Bank National Association, as Trustee, deem it appropriate. U.S. Bank National Association, as Trustee, reserves all rights and claims accruing to it, including, but not limited to, its rights (a) against all other creditors, (b) to update total exposure estimates of liquidated and unliquidated claims, (c) request payment of administrative expenses (whether in respect of claims asserted herein or otherwise), or (d) amend, update, supplement or modify as it believes is appropriate including, but not limited to, fees, expenses and interest.

This Proof of Claim is filed under the compulsion of the bar date established in this case and is filed to protect U.S. Bank as Trustee from forfeiture of claims by reason of said bar date. The filing of this Claim is not intended to be and should not be deemed or construed as (a) an election of a remedy, (b) a consent by U.S. Bank as Trustee to the jurisdiction of the Bankruptcy Court or any other court with respect to the proceedings, if any, commenced, in any case against or otherwise involving U.S. Bank as Trustee, (c) a consent by U.S. Bank as Trustee to trial by jury as to any and all matters so triable herein or in any case, controversy or proceedings related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise, (d) a waiver of the right of U.S. Bank as Trustee to a trial by jury in any matter herein or in any case, controversy or proceeding related hereto, (e) a waiver of the right of U.S. Bank as Trustee to have final orders in non-core matters entered only after de novo review by the United States District Court, (f) a waiver of any right of U.S. Bank as Trustee to have the reference withdrawn by the United States District Court in any matter subject to mandatory or discretionary withdrawal, (g) a waiver of any past, present or

future event of default, (h) a waiver or limitation of any rights of U.S. Bank as Trustee including, without limitation, a waiver of obligations owing to U.S. Bank as Trustee, rights, claims, actions, defenses, set-offs or recoupments to which U.S. Bank as Trustee is or may be entitled under the relevant documents or otherwise, in law or equity, against LBHI and/or any subsidiary or affiliate thereof, or any other person, including without limitation, rights against guarantors, officers or directors, or the right to contest the validity or extent of any liens or security interests purported to be equal, senior or inferior to any right, lien or security interest of U.S. Bank as Trustee all of which rights, claims, actions, defenses, set-offs or recoupments are expressly reserved by U.S. Bank as Trustee, (i) an admission by U.S. Bank as Trustee that any property held by LBHI (or any subsidiary or affiliate thereof) is property of the estate or (j) a waiver of any right to recharacterize any of the Claims set forth herein as administrative claims.



FRANKLIN TOP III
CHAPMAN AND CUTLER LLP
(312) 845-3740
111 W MONROE ST
CHICAGO  IL 60603

**15 LBS     3 OF 5**

SHIP
TO:
ATTN LEHMAN BROTHERS HOLDINGS CLAIMS
EPIQ BANKRUPTCY SOLUTIONS INC.
3RD FLOOR
757 THIRD AVENUE
NEW YORK  NY 10017

**NY 100 7-02**

**UPS NEXT DAY AIR**                    **1**

TRACKING #: 1Z 3E4 6W8 01 6048 9655

BILLING: P/P
PKID:275996.03

ASC 0740 DMXXU693 93.5V 07/2009