# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:    Lehman Brothers Holdings Inc.          Case No. <u>08-13555 (JMP)</u>
                                                 Court ID (Court Use Only) _____

## NOTICE OF PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY
## PURSUANT TO BANKRUPTCY RULE 3001(E)(2)

CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111(a).  Pursuant to Bankruptcy Rule 3001(e)(2), Transferee hereby gives notice of the transfer, other than for security, of the claims referenced herein.

| | |
|---|---|
| Name of Transferee:<br>State Street Bank and Trust Company | Name of Transferor:<br>PIMCO Funds: Global Investors Series plc<br>Euro Bond Fund II (3691) |
| Notices to Transferee should be sent to:<br>State Street Bank and Trust Company<br>1776 Heritage Drive<br>JAB5N<br>North Quincy, MA 02111<br>Attention: Kevin L. Courtney, Senior Managing Counsel<br>Email: klcourtney@statestreet.com | Court Record Address of the Transferor:<br>(Court use only) |
| Last Four Digits of Acct.#: | Last Four Digits of Acct.#: |
| Name and Address where transferee payments should be sent (if different from above): | Name and Current Address of Transferor:<br>Euro Bond Fund II (3691)<br>PIMCO Funds: Global Investors Series plc<br>Styne House<br>Upper Hatch Street<br>Dublin 2, Ireland<br>Attention: Tom Rice<br>Office: 011-44 20 3640 1533<br>Email: tom.rice@uk.pimco.com |
| Claim Amount Transferred:<br>$250,000 | |
| Court Claim No.:<br>16337 | |
| Date Claim Filed:<br>September 18, 2009 | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _Kevin L. Courtney_ (signature)          Date:   4-24-13
    Kevin L. Courtney
    Authorized Signatory

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 &3571.*

As set forth in the attached Evidence of Transfer of Claim, Transferor has waived to the fullest extent permitted by law any notice or right to receive notice of a hearing under Bankruptcy Rule 3001(e).

A/75492011.1

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

TO:            United States Bankruptcy Court for the
               Southern District of New York (the "Bankruptcy Court")
               Attn: Clerk

AND TO:        Lehman Brothers Holdings Inc. (the "Debtor")

CASE NAME:     In re Lehman Brothers Holdings Inc., et al.,

CASE NO.       Chapter 11, Case No. 08-13555 (JMP)

CLAIM NO.      16337

      1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, PIMCO Funds: Global Investors Series plc, Styne House, Upper Hatch Street, Dublin 2, Ireland ("Assignor"), hereby unconditionally and irrevocably sells, transfers and assigns to State Street Bank and Trust Company, 1776 Heritage Drive, JAB5N, North Quincy, MA 02171 ("Assignee"), as of the date hereof, (a) Assignor's right, title and interest in and to (the "Assigned Claim") as evidenced by Proof of Claim Number 16337 filed by or on behalf of Assignor (the "Proof of Claim") against the Debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), in Case No. 08-13555 (JMP), (b) all rights and benefits of Assignor relating to the Assigned Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Assigned Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Assigned Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Assigned Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Assigned Claim, and (iv) any and all of Assignor's right, title and interest in, to and under the transfer agreements, if any, under which Assignor or any prior assignor acquired the rights and obligations underlying or constituting a part of the Assigned Claim, but only to the extent related to the Assigned Claim, and (o) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Rights").

      2.    Assignor hereby represents and warrants to Assignee, that: (a) the Proof of Claim was duly and timely filed; (b) the Assigned Claim is allowed in the amount as set forth in the Proof of Claim (c) the Proof of Claim relates to the Debtor's guarantee of obligations of Lehman Brothers Special Financing Inc. ("LBSF"); (d) the Assignor was not required to complete a Guarantee Questionnaire; (e) Assignor owns and has good and marketable title to the Transferred Rights, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Assignor or against Assignor; (f) Assignor is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; and (g) Assignor has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Assignee receiving in respect of the Transferred Rights proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

      3.    Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Assignor by Assignee for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Rights. Assignee agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Assignor acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Assignor transferring to Assignee the Assigned Claim, recognizing Assignee as the sole owner and holder

A-75248885.3

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _22nd_ day of April 2013.

**PIMCO Funds: Global Investor Series plc**

By: _____
Name:    **Joseph V. McDevitt**
Title:    Managing Director

PIMCO Funds: Global Investors Series plc
Styne House
Upper Hatch Street
Dublin 2, Ireland
Attention: Tom Rice

**STATE STREET BANK AND TRUST COMPANY**

By: _____
Name: _Kevin L. Courtney_
Title: _Senior Managing Counsel_

State Street Bank and Trust Company
1776 Heritage Drive
JAB5N
North Quincy, MA 02111
Attention:  Kevin L. Courtney, Senior Managing Counsel

A/75248885.3