# EXHIBIT E

(Default Letter)

US_ACTIVE:\43953110\10\58399.0011

**LEHMAN BROTHERS HOLDINGS INC.**
399 Park Avenue, 8th Floor
New York, New York 10022

July 6, 2006

**Via UPS**

The Towers – Las Vegas, LLC
474 South North Lake Boulevard
Suite 1020
Altamonte Springs, Florida 32701
Attention: Mr. Christopher DelGuidice

**Via UPS**

The Towers – LV, LLC
474 South North Lake Boulevard
Suite 1020
Altamonte Springs, Florida 32701
Attention: Mr. Christopher DelGuidice

Re:   Loan Agreement, dated December 30, 2004, by and among The Towers – Las Vegas, LLC, The Towers – LV, LLC (collectively, "Borrower"), and Lehman Brothers Holdings Inc. ("Lender"), as amended by that certain Agreement of Modification of Loan Agreement and Other Loan Documents, dated as of August 16, 2005 (the "First Amendment"); and by that certain Second Modification of Loan Agreement and Other Loan Documents, dated as of November 14, 2005 (the "Second Amendment; and said Loan Agreement, as amended, the "Loan Agreement"), relating to certain real property located at 3821 West Flamingo Road, Las Vegas, Clark County, Nevada

Gentlemen:

Except as otherwise expressly provided herein, all capitalized terms utilized herein shall have the respective meanings provided with respect to such terms in the Loan Agreement.

Lender is the holder of that certain Secured Promissory Note, dated December 30, 2004, made by Borrower to the order of Lender in the original principal face amount of $79,450,000.00 (as amended, the "Note"), and of that certain Deed of Trust and Security Agreement, dated as of December 30, 2004, from The Towers – Las Vegas, LLC to Lawyers Title of Nevada, Inc. for the benefit of Lender, as recorded in the Office of the Recorder of Clark County, Nevada in Book 20041230, page 2452 (as amended, the "Deed of Trust"). The Note, the Deed of Trust and certain other of the documents and instruments evidencing or securing the Loan have been amended by the First Amendment (which, among other things, increased the principal face amount of the Note to $86,439,063.00), and that certain First Amendment to Deed of Trust and Security Agreement, dated as of August 16, 2005 and recorded in the aforesaid Office in Deed Book 20050818, page 3575. As of the date of this notice, the outstanding principal balance of the Note is $50,000,000.00, and interest in the amount of $6,837,476.91 is

The Towers – Las Vegas, LLC
The Towers – LV, LLC
July 6, 2006
Page 2

_____

outstanding and unpaid thereunder. In addition, the Note evidences the Additional Fee in the amount of $25,000,000.00, plus any additional amount payable under clause (y) of the definition of "Additional Fee" in Section 1 of the Note.

Section 6.11(f)(i) of the Loan Agreement requires that Borrower obtain and deliver to Lender, no later than April 30, 2006, the Construction Project Loan Commitment, and Section 10.1(q) of the Loan Agreement requires that the Construction Project Loan must close by June 30, 2006. As of the date of this letter, Borrower has failed to deliver the Construction Project Loan Commitment, and the Construction Project Loan has not closed. Please be advised that, by reason of such failures, Events of Default have occurred under the Loan Agreement with respect to which no period for cure is provided thereunder.

As a result of such Events of Default, and pursuant to the applicable provisions of the Note and the Loan Agreement, including, without limitation, Section 11.1(a) of the Loan Agreement, Lender does hereby declare the entire outstanding amount of the Debt to be immediately due and payable. Pursuant to the provisions of Section 7 of the Note and Section 10.3 of the Loan Agreement, interest at the Default Rate shall commence to accrue as of the effective date of this notice under the Loan Agreement. Lender does hereby demand immediate payment of the Debt, together with all interest thereon at the Default Rate through the date of payment in full.

Please be further advised that, as a result of such Event of Default, Lender may at any time hereafter elect to exercise any or all of its other rights and remedies under the Loan Documents, including, without limitation, the right immediately to institute proceedings, judicial or otherwise, for the complete foreclosure of the Deed of Trust.

Lender reserves all of its rights and remedies under the Loan Documents. Neither Lender's failure to assert or to exercise any right or remedy arising as a result of the state of facts enumerated above or any other state of facts, nor Lender's failure specifically to enumerate any requirement of the Loan Documents or any Event of Default thereunder, nor any provision of this letter, shall be deemed to constitute a waiver of any defaults, Events of Default, requirements of the Loan Documents, or any rights or remedies not specifically enumerated herein, all of which are hereby expressly reserved.

Sincerely,

LEHMAN BROTHERS HOLDINGS INC.

By: *[signature]*
Authorized Signatory

The Towers – Las Vegas, LLC
The Towers – LV, LLC
July 6, 2006
Page 3

_____

cc: David Ridini
David S. Broderick, Esq.
Mac Rafeedie

**Via UPS**

Murai Wald Biondo, Moreno & Brochin, P.A.
2 Alhambra Plaza
Penthouse 1B
Coral Gables, Florida 33134
Attention: Gerald J. Biondo, Esq.

**Via UPS**

The Towers – LV Member, LLC
The Towers – LV, Inc.
474 South North Lake Boulevard
Suite 1020
Altamonte Springs, Florida 32701

**Via UPS**

Mr. Christopher DelGuidice
c/o The Towers-Las Vegas, LLC
474 South North Lake Boulevard
Suite 1020
Altamonte Springs, Florida 32701