**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Lehman Brothers Holdings Inc., <u>et al</u>. | ) | Case No. 08-13555 (JMP) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

Proof of Claim No.: **See attached schedule**
Allowed Amount to be Transferred: **See attached schedule**
Claim Amount (as filed) to be Transferred: **See attached schedule**

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C.§ 1111 (a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**TRANSFEROR:**  ILLIQUIDX LLP
80 Fleet Street
London EC4Y 1EL
Attention: Operations
Phone: +44 20 7832 0153
Email: ops@illquidx.com

**TRANSFEREE:**  LIQUIDATION OPPORTUNITIES MASTER FUND L.P.
c/o Alden Global Capital
885 Third Avenue, 34th Floor
New York, NY 10022
Attention:  Ithran Olivacce
Telephone:  212-888-7214
E-mail:  iolivacce@aldenglobal.com

No action is required if you do not object to the transfer of the claim as described above.  **IF YOU OBJECT TO THE TRANSFER OF THE TRANSFERRED CLAIM, WITHIN 21 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

- FILE A WRITTEN OBJECTION TO THE TRANSFER WITH THE COURT
- SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE
- IF YOU FILE AN OBJECTION, A HEARING WILL BE SCHEDULED
- IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING

_____
Clerk of the Court

**Schedule**

Claim Number: 49213
Total Claim Amount: $113,208.00
Allowed Amount of Claim with respect to ISIN XS0232364868: $113,208.00
Claim Amount to be Transferred: $119,334.77

Claim Number: 52684
Total Claim Amount: $70,755.00
Allowed Amount of Claim with respect to ISIN XS0213416141: $70,755.00
Claim Amount to be Transferred: $71,653.31

Claim Number: 52955
Total Claim Amount: $70,755.00
Allowed Amount of Claim with respect to ISIN XS0229584296: $70,755.00
Claim Amount to be Transferred: $75,726.36

Claim Number: 52932
Total Claim Amount: $353,775.00
Allowed Amount of Claim with respect to ISIN XS0229584296: $353,775.00
Claim Amount to be Transferred: $378,631.81

Claim Number: 62655
Total Claim Amount: $141,510.00
Allowed Amount of Claim with respect to ISIN XS0216140417: $141,510.00
Claim Amount to be Transferred: $141,910.58

Claim Number: 48670
Total Claim Amount: $206,604.60
Allowed Amount of Claim with respect to ISIN XS0229584296: $206,604.60
Claim Amount to be Transferred: $221,120.98

Claim Number: 53183
Total Claim Amount: $70,755.00
Allowed Amount of Claim with respect to ISIN XS0229584296: $70,755.00
Claim Amount to be Transferred: $75,726.36

Claim Number: 52363
Total Claim Amount: $56,604.00
Allowed Amount of Claim with respect to ISIN XS0213416141: $56,604.00
Claim Amount to be Transferred: $57,322.65

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, ILLIQUIDX LLP. ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to LIQUIDATION OPPORTUNITIES MASTER FUND LP. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) the securities identified by ISIN code listed in Schedule 1 (the "Securities", and any such security, a "Purchased Security"), (b) to the extent related to the Securities and to the extent of the applicable principal amount specified in Schedule 1 attached hereto, an undivided interest in the Seller's right, title and interest in and to the Proof of Claim Numbers 53244, 62646, 54269, 53168, 48937, 48937, 54430, 53586 and 53586 respectively, as further specified in Schedule I, filed by or on behalf of those entities set out in Schedule I attached hereto acting for themselves and/or acting on behalf of holders or beneficial owners of the Securities for which they have filed (the "Proof of Claim"), against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor")(the "Purchased Claim"), (c) to the extent related to the Securities and the Purchased Claim, all rights, title and benefits of Seller and Seller's predecessors-in-title (which includes, for the avoidance of doubt, STICHTING THE IAMEX VALUE FOUNDATION, as Seller's immediate prior seller, and the Seller having acted on behalf of holders or beneficial owners of the Securities, and in such capacity, the "Depository")) relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim (including for clarity, all amounts distributed on or after the trade date of 22 February 2013 (the "Trade Date") whether or not the Trade Date is before, on or after any record date with respect to an amount) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Securities and/or the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Securities and/or the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) acquired the rights and obligations underlying or constituting a part of the Securities and/or Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) against any of Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) , (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing; and (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims"). For the avoidance of doubt, the Purchaser does not acquire any liabilities or obligations with respect to the Transferred Claims of the Seller or any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository).

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal, beneficial, and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller, or created or incurred by any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) or against the same, and all filings required to evidence Seller's title to the Transferred Claim have been duly and timely filed with the Court; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and the related evidence of transfer of claim (the "Evidence of Transfer of Claim"); (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) neither the Seller nor any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured

1

creditors of the Debtor, (g) there have been no objections filed against Seller or any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) in respect of the Transferred Claims; and (h) neither the Transferred Claims nor any portion thereof is subject to any claim or right of setoff, or pending reduction, recoupment, impairment, avoidance, disallowance, or subordination, and neither Seller nor any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) has received any notice that the Transferred Claims are void or voidable or subject to any pending disallowance, reduction, impairment or objection of any kind, and the Allowed Amount of Claim Transferred to Purchaser, as referred to in Schedule 1, are those amounts set forth in Schedule1, (i) the amounts described as the Proposed Allowed Claim Amount as set out in the Notices of Proposed Allowed Claim Amount dated August 24, 2011 relating to each of the Transferred Claims (collectively, the "Notice"), copies of which Seller has not been able to provide to Buyer, are identical to those Total Proposed Allowed Claim Amounts as indicated in Schedule 1 hereto (j) the Notice relate to the Proof of Claim, and as of the date hereof, other than the Notice, neither the Seller nor any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) has received any notice or objection or order of the Court for expungement or disallowance in relation to the Transferred Claims; (k) there have not been, and there are no objections to the Transferred Claims, (l) all documents provided to Purchaser by Seller relating to the Transferred Claims are true, accurate and complete copies of such documents; (m) all transfer agreements under which the Seller and any of the Seller's predecessors-in-title acquired the Transferred Claims or any part thereof (the "predecessor agreements") are substantially similar (and similar in all material respects) to this Agreement, and all such predecessor agreements contain representations, warranties, covenants, agreements and indemnities from the seller to the purchaser that are no less favorable than those contained herein; (n) the Seller has the full power and authority to execute and perform its obligations under this Agreement and the Evidence of Transfer of Claim, and the Seller has received representations and warranties from the Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) that (i) that predecessor-in-title had full power and authority to execute, and deliver the predecessor agreements and the related evidence of transfer of claim and to contractually bind the any holders or beneficial owners of the Securities to the terms of this Agreement and Evidence of Transfer of Claim and (ii) it is duly and validly authorized by, for on behalf of, any holders or beneficial owners of the Securities to execute and deliver this Agreement and Evidence of Transfer of Claim; (o) Seller does not have any claim, lien or encumbrance upon the Transferred Claims and represents and warrants that, upon consummation of the transactions contemplated in this Agreement and Evidence of Transfer of Claim, the Purchaser will own and have good legal and beneficial title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller, or created or incurred by any predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) or against the same; (p) the Transferred Claims and Securities are not subject to or bound by a Plan Support Agreement (as such term is defined in the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors dated as of June 30, 2011); (q) as of the date of this Agreement, only the ISIN XS0213416141 has been accelerated; and (r) other than with respect (i) to the sum of **$20,105.29** received by Seller or any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) as a Class 5 Distribution (as defined in the Debtors' Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated December 5, 2011 (the "Plan")) under the Plan, on or about April 17, 2012 in connection with the initial Distribution (as defined in the Plan), and (ii) to the sums of **$13,567.44** and **$17,136.66** respectively received by Seller or any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) as Class 5 Distributions under the Plan on or about October 1, 2012 and on or about April 4, 2013 in connection with subsequent Distributions under the Plan, no payment or other distribution has been received by or on behalf of the Seller, any predecessor in title (which includes, for the voidance of doubt, the Depository), or by any third party on behalf of the Seller, in full or partial satisfaction of, or in connection with, the Transferred Claims and, (s) no filing or voting instructions have been filed, submitted or otherwise in relation to the Purchased Claim relating to the Consent and Solicitation Memorandum approved by the Supervisory Judge relating to the Composition Plan offered by LBT to its Ordinary Creditors pursuant to Title I, Chapter 6 DBA.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims,

2

recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from (i) Seller's breach of its representations, warranties, covenants and agreements made herein, and (ii) Seller not having provided a copy of the Notice, nor all details of the contents thereof (other than as set out herein), to Buyer. Seller hereby agrees that the Purchaser will benefit (if the Purchaser so requires) from any rights which the Seller may have against the Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) which the Seller has based on the Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) representations and warranties set out in the predecessor agreements, and the Purchaser can exercise such rights in any way it wishes.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. Seller shall act or omit to act with respect to the Transferred Claims solely to the extent directed by Purchaser.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any Seller's predecessors-in-title to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on Seller's part, causing any Seller's predecessors-in-title to deliver distributions and proceeds received by any Seller's predecessors-in-title and to act) and other actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim. In the event that the sale and purchase of the Transferred Claims are not successfully completed for any reason whatsoever within a commercially reasonable time , any purchase price paid by the Purchaser under this Agreement and Evidence of Transfer of Claim shall be returned to the Purchaser and the delivery obligations of the Seller under this Agreement shall be cancelled

7. Seller agrees that all distributions, amounts, proceeds, assets, cash and other property received by Seller or any Seller's predecessors-in-title on or after the Trade Date (whether or not such Trade Date is before, on or after any record date for such amounts) are for the account of Purchaser, and at the election of the Purchaser, (i) the Purchaser may net, setoff and reduce the purchase price payable by it and any other amounts owed by it in respect of the Transferred Claims against the distributions, assets, cash, property and amounts payable by Seller to it in respect of distributions, assets, cash, property and amounts received by Seller or any Seller's predecessors-in-title on and after the Trade Date, or (ii) the Seller shall pay such amounts received by the Debtor or any Seller's predecessors-in-title, or any other entity in relation to the Transferred Claims, on or prior to the date of this Agreement and on and after the Trade Date in respect of the Transferred Claims to the account information provided to it by Purchaser on the date of this Agreement and Evidence of Transfer of Claim.

8. The parties acknowledge and agree that the transfer of the Transferred Claims shall be made effective immediately upon execution by the parties of this Agreement and Evidence of Transfer of Claim, and to the extent that any of the Securities are unblocked in Euroclear, immediately upon such Securities being unblocked, payment of the purchase price shall be made on delivery of the Securities versus payment basis through Euroclear. For the avoidance of doubt, the parties acknowledge and agree that the transfer of the Purchased Claim contemplated hereby shall occur immediately upon execution of this agreement.

9. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that

3

would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

4

     IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 12 day of April 2013.

SELLER

ILLIQUIDX LLP.
By: _____
Name: Celestino AMORE
Title: Managing Partner

Address:
80 Fleet Street
London EC4Y 1EL
UK

BUYER

LIQUIDATION OPPORTUNITIES MASTER FUND LP.
By: _____
Name: Jason Pecora
Managing Director - Operations
Alden Global Capital
Address:
34th Floor, 885 Third Avenue,
New York, NY 1002

5

## Lehman Programs Securities to which Transfer Relates

| Description of the Security | ISIN/CUSIP | Claim Number | Original Claimant | Issuer | Guarantor | Principal / Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) | Allowed Amount of Claim Transferred to Purchaser |
|---|---|---|---|---|---|---|---|---|---|---|
| Lehman 30yNC7y Steepener Notes | XS0232336486 | 49213 | ERVEN VAN TULLEMANS L.H. | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR80,000.00 which is the equivalent of USD$113,208.00 | Fixed and variable | 02-Nov-35 | N/A | USD$119,334.77 |
| Issue of EUR100,000,000 Callable Fixed Rate / CMS-Linked Notes due March 2035 Guaranteed by Lehman Brothers Holding Inc. under the US$25,000,000,000 EMTN Program | XS0213416141 | 52684 | DEKKER, ING P. | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR50,000.00 which is the equivalent of USD$70,755.00 | Fixed and variable | 16-Mar-35 | N/A | USD$71,653.31 |
| Issue of EUR250,000,000 Fixed Rate to Index Linked Notes due 2035 Guaranteed by Lehman Brothers Holding Inc. | XS0229584296 | 52955 | VAN BALLEGOOYEN, D.A. | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR50,000.00 which is the equivalent of USD$70,755.00 | Fixed and variable | 05-Oct-35 | N/A | USD$75,726.36 |
| Issue of EUR250,000,000 Fixed Rate to Index Linked Notes due 2035 Guaranteed by Lehman Brothers Holding Inc. | XS0229584296 | 52932 | INCOR N.V. | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR250,000.00 which is the equivalent of USD$353,775.00 | Fixed and variable | 05-Oct-35 | N/A | USD$378,631.81 |
| Lehman 2012 | XS0216140417 | 62655 | R. EN. R. HOLDING B.V. | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR100,000.00 which is the equivalent of USD$141,510.00 | Fixed and variable | 06-Apr-12 | N/A | USD$141,910.58 |
| Issue of EUR250,000,000 Fixed Rate to Index Linked Notes due 2035 Guaranteed by Lehman Brothers Holding Inc. | XS0229584296 | 48670 | KOOMEN-METRKX, H.C.M. | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR146,000.00 which is the equivalent of USD$206,604.60 | Fixed and variable | 05-Oct-35 | N/A | USD$21,120.98 |
| Issue of EUR250,000,000 Fixed Rate to Index Linked Notes due 2035 Guaranteed by Lehman Brothers Holding Inc. | XS0229584296 | 53183 | STICHTING HUIZE BEUKEUSTEIN | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR50,000.00 which is the equivalent of USD$70,755.00 | Fixed and variable | 05-Oct-35 | N/A | USD$75,726.36 |
| Issue of EUR100,000,000 Callable Fixed Rate / CMS-Linked Notes due March 2035 Guaranteed by Lehman Brothers Holding Inc. under the US$25,000,000,000 EMTN Program | XS0213416141 | 52263 | OPERIUM B.V. | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR40,000.00 which is the equivalent of USD$56,604.00 | Fixed and variable | 16-Mar-35 | N/A | USD$57,322.65 |

## Schedule 1

### Transferred Claim

| Purchased Claim | Transferred Claim |
|---|---|
| 100.00% of Proof of Claim 49213 = USD$113,208.00 of USD$113,208.00 (the outstanding amount of the Proof of Claim as of Feb 22, 2013 with respect to XS0232364868) | The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$119,334.77 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$119,334.77 as of Feb 22, 2013 with respect to XS0232364868 and 100.00% of ISIN XS0232364868 |
| 100.00%=USD$113,208.00 of USD$113,208.00 (the outstanding amount of the Proof of Claim 49213 as of Feb 22, 2013) | |
| 100.00%=USD$119,334.77 of the Total Allowed Claim Amount of USD$119,334.77 and 100.00% of the Allowed Claim Amount of ISIN XS0232364868 | |
| 100.00% of Proof of Claim 52684 = USD$70,755.00 of USD$70,755.00 (the outstanding amount of the Proof of Claim as of Feb 22, 2013 with respect to XS0213416141) | The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$71,653.31 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$71,653.31 as of Feb 22, 2013 with respect to XS0213416141 and 100.00% of ISIN XS0213416141 |
| 100.00%=USD$70,755.00 of USD$70,755.00 (the outstanding amount of the Proof of Claim 52684 as of Feb 22, 2013) | |
| 100.00%=USD$71,653.31 of the Total Allowed Claim Amount of USD$71,653.31 and 100.00% of the Allowed Claim Amount of ISIN XS0213416141 | |
| 100.00% of Proof of Claim 52955 = USD$70,755.00 of USD$70,755.00 (the outstanding amount of the Proof of Claim as of Feb 22, 2013 with respect to XS0229584296) | The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$75,726.36 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$75,726.36 as of Feb 22, 2013 with respect to XS0229584296 and 100.00% of ISIN XS0229584296 |
| 100.00%=USD$70,755.00 of USD$70,755.00 (the outstanding amount of the Proof of Claim 52955 as of Feb 22, 2013) | |
| 100.00%=USD$75,726.36 of the Total Allowed Claim Amount of USD$75,726.36 and 100.00% of the Allowed Claim Amount of ISIN XS0229584296 | |
| 100.00% of Proof of Claim 52932 = USD$353,775.00 of USD$353,775.00 (the outstanding amount of the Proof of Claim as of Feb 22, 2013 with respect to XS0229584296) | The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$378,631.81 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$378,631.81 as of Feb 22, 2013 with respect to XS0229584296 and 100.00% of ISIN XS0229584296 |
| 100.00%=USD$353,775.00 of USD$353,775.00 (the outstanding amount of the Proof of Claim 52932 as of Feb 22, 2013) | |
| 100.00%=USD$378,631.81 of the Total Allowed Claim Amount of USD$378,631.81 and 100.00% of the Allowed Claim Amount of ISIN XS0229584296 | |
| 100.00% of Proof of Claim 62655 = USD$141,510.00 of USD$141,510.00 (the outstanding amount of the Proof of Claim as of Feb 22, 2013 with respect to XS0216140417) | The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$141,910.58 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$141,910.58 as of Feb 22, 2013 with respect to XS0216140417 and 100.00% of ISIN XS0216140417 |
| 100.00%=USD$141,510.00 of USD$141,510.00 (the outstanding amount of the Proof of Claim 62655 as of Feb 22, 2013) | |
| 100.00%=USD$141,910.58 of the Total Allowed Claim Amount of USD$141,910.58 and 100.00% of the Allowed Claim Amount of ISIN XS0216140417 | |

100.00% of Proof of Claim 48670 = USD$206,604.60 of USD$206,604.60 (the outstanding amount of the Proof of Claim as of Feb 22, 2013 with respect to XS0229584296), and 100.00% of ISIN XS0229584296

The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$221,120.98 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$221,120.98 as of Feb 22, 2013 with respect to XS0229584296 and 100.00% of ISIN XS0229584296

100.00%=USD$206,604.60 of USD$206,604.60 (the outstanding amount of the Proof of Claim 48670 as of Feb 22, 2013)

100.00%=USD$221,120.98 of the Total Allowed Claim Amount of USD$221,120.98 and 100.00% of the Allowed Claim Amount of ISIN XS0229584296

100.00% of Proof of Claim 53183 = USD$70,755.00 of USD$70,755.00 (the outstanding amount of the Proof of Claim as of Feb 22, 2013 with respect to XS0229584296), and 100.00% of ISIN XS0229584296

The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$75,726.36 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$75,726.36 as of Feb 22, 2013 with respect to XS0229584296 and 100.00% of ISIN XS0229584296

100.00%=USD$70,755.00 of USD$70,755.00 (the outstanding amount of the Proof of Claim 53183 as of Feb 22, 2013)

100.00%=USD$75,726.36 of the Total Allowed Claim Amount of USD$75,726.36 and 100.00% of the Allowed Claim Amount of ISIN XS0229584296

100.00% of Proof of Claim 52363 = USD$56,604.00 of USD$56,604.00 (the outstanding amount of the Proof of Claim as of Feb 22, 2013 with respect to XS0213416141), and 100.00% of ISIN XS0213416141

The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$57,322.65 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$57,322.65 as of Feb 22, 2013 with respect to XS0213416141 and 100.00% of ISIN XS0213416141

100.00%=USD$56,604.00 of USD$56,604.00 (the outstanding amount of the Proof of Claim 52363 as of Feb 22, 2013)

100.00%=USD$57,322.65 of the Total Allowed Claim Amount of USD$57,322.65 and 100.00% of the Allowed Claim Amount of ISIN XS0213416141