**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                             :
In re                                                        :   Chapter 11
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,                       :
                                                             :   Case No.: 08-13555 (JMP)
              Debtors.                                       :
                                                             :   (Jointly Administered)
                                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**NOTICE OF PARTIAL TRANSFER OF CLAIM**
**OTHER THAN FOR SECURITY PURSUANT TO FRBP RULE 3001(e)(2)**

1. TO:   Goldman, Sachs & Co. ("Transferor")
         30 Hudson Street, 5th Floor
         Jersey City, NJ 07302
         Attn: Michelle Latzoni
         Email: gsd.link@gs.com
         Tel: (212) 934-3921
         Fax: (646)769-7700

2. Please take notice that your claims specified in the "Agreement and Evidence of Transfer of Claim" attached hereto as Exhibit A against Lehman Brothers Holdings Inc. have been transferred to:

    Silver Point Capital Fund, LP ("Transferee")
    c/o Silver Point Capital, L.P.
    2 Greenwich Plaza, First Floor
    Greenwich, CT 06830
    Attn: David F. Steinmetz

   All distributions and notices regarding the transferred portion of the claims should be sent to the Transferee at the above address, with a copy to:

    Davis Polk & Wardwell LLP ("Davis Polk")
    450 Lexington Avenue
    New York, NY 10017-3904
    Fax: 212-701-5800
    Attn: Eric Ruiz

3.     No action is required <u>if you do not object</u> to the partial transfer of your claims. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIMS, WITHIN <u>21 DAYS</u> OF THE DATE OF MAILING OF THIS NOTICE, YOU MUST**:

--     **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

>    United States Bankruptcy Court
>    Southern District of New York
>    Attn: Clerk of Court
>    Alexander Hamilton Custom House
>    One Bowling Green
>    New York, NY 10004-1408

--     **SEND YOUR OBJECTION TO THE TRANSFEREE WITH A COPY TO DAVIS POLK.**

4.     If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING FOR THE TRANSFERRED PORTION OF THE CLAIMS.**

                                                                                CLERK

---

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the Transferor, by first class mail, postage prepaid on _____, 2012.

Copy: (check) Claims Agent___ Transferee___ Debtors' Attorney___

                                                          _____
                                                          Clerk of the Court

# **EXHIBIT A**

EXECUTION COPY

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **GOLDMAN, SACHS & CO.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **SILVER POINT CAPITAL FUND, LP** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (each a "Purchased Claim", and collectively, the "Purchased Claims"), in Seller's right, title and interest in and to the claims evidenced by the Proofs of Claim identified by the Proof of Claim Numbers specified in Schedule 1 (each, a "Proof of Claim") filed by or on behalf of Seller's predecessors in interest, against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights, title and benefits of Seller relating to each Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to such Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way such Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with such Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing such Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of such Purchased Claim, but only to the extent related to such Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of such Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to such Purchased Claim and specified in Schedule 1, and (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing; and (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims"). For the avoidance of doubt, the Purchaser does not acquire any liabilities or obligations with respect to the Transferred Claims or the Seller or any predecessor in interest of Seller.

The Purchased Claims were transferred from either ELLIOTT ASSOCIATES, L.P. or ELLIOTT INTERNATIONAL, L.P. to Seller as evidenced at docket numbers 36214 and 36215, respectively.

2.      Seller hereby represents and warrants to Purchaser that, as of the date hereof: (a) each Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) each Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller, and all filings required to evidence Seller's title to the Transferred Claims have been duly and timely filed with the Court; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) assuming the truth and accuracy of all related representations made by Seller's predecessors in interest, each Proof of Claim includes the relevant portion of the relevant Purchased Claim as specified in Schedule 1, and each Purchased Claim is accurately described therein; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of any Purchased Claim proportionately less payments or distributions or less favorable treatment than other allowed LBHI Class 5 Claims (as defined in the Debtor's Third Amended Joint Chapter 11 Plan (the "Debtor's Plan"); and (g) assuming the truth and accuracy of all related representations made by Seller's predecessors in interest, no objections have been filed in the Proceedings relating to any Purchased Claim.

780691v.1 153/05435

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable, documented, out-of-pocket attorneys' fees and expenses, that result from Seller's breach of its representations, warranties, covenants and agreements made herein.

5. Seller shall promptly (but in any event no later than the later of (a) the date of this Agreement and Evidence of Transfer of Claim and (b) the third (3rd) business day following receipt) remit any notices, correspondence, payments, distributions or proceeds received by Seller after March 19, 2013 in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the fifth (5th) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to any Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address specified in Schedule 2 attached hereto or such other address as may be specified in writing by the applicable party from time to time. This Agreement and Evidence of Transfer of Claim (including the Schedules hereto) may only be amended, modified or supplemented by an agreement in writing signed by each party hereto; provided, however, that either party may change its information set forth in Schedule 2 by prior written notice to the other party. The illegality, invalidity or unenforceability of any provision of this Agreement under the law of any jurisdiction shall not affect its legality, validity or enforceability under the law of any other jurisdiction nor the legality, validity or enforceability of any other provision.

2

780691v.1 153/05435

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 30th day of April, 2013.

GOLDMAN, SACHS & CO.                           SILVER POINT CAPITAL FUND, LP

By: _____                    By:_____
Name: Dennis Lafferty                          Name:
Title: Managing Director                       Title:

3

780691v.1 153/05435

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 30th day of April, 2013.

| | |
|---|---|
| **GOLDMAN, SACHS & CO.** | **SILVER POINT CAPITAL FUND, LP** |
| By:_____ | By: _/s/ David F. Steinmetz_ |
| Name: | Name: David F. Steinmetz |
| Title: | Title: Authorized Signatory |

3

780691 v.1 153/05435

## SCHEDULE 1

Transferred Claims

Purchased Claims

Please see attached chart.

Lehman Programs Securities to which Transfer Relates

Please see attached chart.

780691v.1 153/05435

| SCHEDULE 1 - GOLDMAN, SACHS & CO. TO SILVER POINT CAPITAL FUND, LP ||||||| 
|---|---|---|---|---|---|---|
| ISIN/CUSIP | Proof of Claim Number | Proof of Claim Amount (USD) | Proof of Claim Amount Transferred (USD) | Tranche CCY | Principal Amount in Tranche CCY | Allowed Amount |
| XS0359152658 | 37802 | 65,000 | 22,715.58 | USD | 22,715.58 | 22,715.58 |
| XS0359152658 | 37833 | 100,000 | 34,947.05 | USD | 34,947.05 | 34,947.05 |
| XS0359152658 | 38172 | 65,000 | 22,715.58 | USD | 22,715.58 | 22,715.58 |
| XS0359152658 | 38906 | 65,000 | 22,715.58 | USD | 22,715.58 | 22,715.58 |
| XS0359152658 | 39209 | 65,000 | 22,715.58 | USD | 22,715.58 | 22,715.58 |
| XS0359152658 | 39221 | 200,000 | 69,894.10 | USD | 69,894.10 | 69,894.10 |
| XS0359152658 | 39652 | 130,000 | 45,431.16 | USD | 45,431.16 | 45,431.16 |
| XS0359152658 | 39687 | 75,000 | 26,210.29 | USD | 26,210.29 | 26,210.29 |
| XS0359152658 | 39698 | 100,000 | 34,947.05 | USD | 34,947.05 | 34,947.05 |
| XS0359152658 | 48166 | 65,000 | 22,715.58 | USD | 22,715.58 | 22,715.58 |
| XS0359152658 | 48272 | 2,000,000 | 698,941.00 | USD | 698,941.00 | 698,941.00 |
| XS0359152658 | 48314 | 100,000 | 34,947.05 | USD | 34,947.05 | 34,947.05 |
| XS0359152658 | 48328 | 275,000 | 96,104.39 | USD | 96,104.39 | 96,104.39 |
| XS0362745498 | 37824 | 65,000 | 22,754.41 | USD | 22,754.41 | 17,639.35 |
| XS0362745498 | 37878 | 200,000 | 70,013.57 | USD | 70,013.57 | 54,274.93 |
| XS0362745498 | 38168 | 65,000 | 22,754.41 | USD | 22,754.41 | 17,639.35 |
| XS0362745498 | 38226 | 70,000 | 24,504.75 | USD | 24,504.75 | 18,996.22 |
| XS0362745498 | 38783 | 65,000 | 22,754.41 | USD | 22,754.41 | 17,639.35 |
| XS0362745498 | 38802 | 65,000 | 22,754.41 | USD | 22,754.41 | 17,639.35 |
| XS0362745498 | 38940 | 80,000 | 28,005.43 | USD | 28,005.43 | 21,709.97 |
| XS0362745498 | 39222 | 1,000,000 | 350,067.84 | USD | 350,067.84 | 271,374.65 |
| XS0362745498 | 39256 | 125,000 | 43,758.48 | USD | 43,758.48 | 33,921.83 |
| XS0362745498 | 39267 | 90,000 | 31,506.11 | USD | 31,506.11 | 24,423.72 |
| XS0362745498 | 39295 | 85,000 | 29,755.77 | USD | 29,755.77 | 23,066.85 |
| XS0362745498 | 39341 | 65,000 | 22,754.41 | USD | 22,754.41 | 17,639.35 |
| XS0362745498 | 39450 | 65,000 | 22,754.41 | USD | 22,754.41 | 17,639.35 |
| XS0362745498 | 39478 | 65,000 | 22,754.41 | USD | 22,754.41 | 17,639.35 |
| XS0362745498 | 39490 | 75,000 | 26,255.09 | USD | 26,255.09 | 20,353.10 |
| XS0362745498 | 39518 | 65,000 | 22,754.41 | USD | 22,754.41 | 17,639.35 |
| XS0362745498 | 39533 | 65,000 | 22,754.41 | USD | 22,754.41 | 17,639.35 |
| XS0362745498 | 39628 | 100,000 | 35,006.78 | USD | 35,006.78 | 27,137.47 |
| XS0362745498 | 39709 | 380,000 | 133,025.78 | USD | 133,025.78 | 103,122.37 |
| XS0362745498 | 47902 | 65,000 | 22,754.41 | USD | 22,754.41 | 17,639.35 |
| XS0362745498 | 48053 | 75,000 | 26,255.09 | USD | 26,255.09 | 20,353.10 |
| XS0362745498 | 48183 | 65,000 | 22,754.41 | USD | 22,754.41 | 17,639.35 |
| XS0362745498 | 48265 | 170,000 | 59,511.53 | USD | 59,511.53 | 46,133.69 |

| SCHEDULE 1 - GOLDMAN, SACHS & CO. TO SILVER POINT CAPITAL FUND, LP | | | | | | |
|---|---|---|---|---|---|---|
| ISIN/CUSIP | Proof of Claim Number | Proof of Claim Amount (USD) | Proof of Claim Amount Transferred (USD) | Tranche CCY | Principal Amount in Tranche CCY | Allowed Amount |
| XS0362745498 | 48381 | 65,000 | 22,754.41 | USD | 22,754.41 | 17,639.35 |
| XS0362745498 | 48389 | 65,000 | 22,754.41 | USD | 22,754.41 | 17,639.35 |
| XS0362745498 | 48433 | 160,000 | 56,010.85 | USD | 56,010.85 | 43,419.94 |
| XS0362745498 | 48441 | 65,000 | 22,754.41 | USD | 22,754.41 | 17,639.35 |
| XS0362745498 | 48523 | 65,000 | 22,754.41 | USD | 22,754.41 | 17,639.35 |
| XS0362745498 | 48527 | 100,000 | 35,006.78 | USD | 35,006.78 | 27,137.47 |
| XS0364513860 | 37855 | 100,000 | 34,991.71 | USD | 34,991.71 | 30,817.82 |
| XS0364513860 | 37893 | 65,000 | 22,744.61 | USD | 22,744.61 | 20,031.58 |
| XS0364513860 | 37989 | 65,000 | 22,744.61 | USD | 22,744.61 | 20,031.58 |
| XS0364513860 | 38065 | 65,000 | 22,744.61 | USD | 22,744.61 | 20,031.58 |
| XS0364513860 | 38082 | 70,000 | 24,494.20 | USD | 24,494.20 | 21,572.48 |
| XS0364513860 | 38148 | 90,000 | 31,492.54 | USD | 31,492.54 | 27,736.04 |
| XS0364513860 | 38207 | 65,000 | 22,744.61 | USD | 22,744.61 | 20,031.58 |
| XS0364513860 | 38217 | 65,000 | 22,744.61 | USD | 22,744.61 | 20,031.58 |
| XS0364513860 | 38285 | 65,000 | 22,744.61 | USD | 22,744.61 | 20,031.58 |
| XS0364513860 | 38556 | 65,000 | 22,744.61 | USD | 22,744.61 | 20,031.58 |
| XS0364513860 | 38692 | 65,000 | 22,744.61 | USD | 22,744.61 | 20,031.58 |
| XS0364513860 | 38745 | 260,000 | 90,978.44 | USD | 90,978.44 | 80,126.34 |
| XS0364513860 | 38749 | 130,000 | 45,489.22 | USD | 45,489.22 | 40,063.17 |
| XS0364513860 | 38826 | 100,000 | 34,991.71 | USD | 34,991.71 | 30,817.82 |
| XS0364513860 | 39040 | 70,000 | 24,494.20 | USD | 24,494.20 | 21,572.48 |
| XS0364513860 | 39401 | 65,000 | 22,744.61 | USD | 22,744.61 | 20,031.58 |
| XS0364513860 | 39475 | 65,000 | 22,744.61 | USD | 22,744.61 | 20,031.58 |
| XS0364513860 | 47840 | 120,000 | 41,990.05 | USD | 41,990.05 | 36,981.39 |
| XS0364513860 | 48030 | 80,000 | 27,993.37 | USD | 27,993.37 | 24,654.26 |
| XS0364513860 | 48077 | 70,000 | 24,494.20 | USD | 24,494.20 | 21,572.48 |
| XS0364513860 | 48148 | 65,000 | 22,744.61 | USD | 22,744.61 | 20,031.58 |
| XS0364513860 | 48267 | 760,000 | 265,936.98 | USD | 265,936.98 | 234,215.47 |
| XS0364513860 | 48293 | 65,000 | 22,744.61 | USD | 22,744.61 | 20,031.58 |
| XS0364513860 | 48351 | 65,000 | 22,744.61 | USD | 22,744.61 | 20,031.58 |
| XS0364513860 | 48410 | 80,000 | 27,993.37 | USD | 27,993.37 | 24,654.26 |
| XS0364513860 | 48414 | 65,000 | 22,744.61 | USD | 22,744.61 | 20,031.58 |
| XS0364513860 | 48420 | 65,000 | 22,744.61 | USD | 22,744.61 | 20,031.58 |
| XS0364513860 | 48540 | 110,000 | 38,490.88 | USD | 38,490.88 | 33,899.61 |

## SCHEDULE 2

Notice Addresses

**Seller**

GOLDMAN, SACHS & CO.
c/o Goldman, Sachs & Co.
30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attn:  Michelle Latzoni
Email: gsd.link@gs.com
Tel: (212)934-3921
Fax: (646) 769-7700


**Purchaser**

SILVER POINT CAPITAL FUND, LP
c/o Silver Point Capital, L.P.
2 Greenwich Plaza
Greenwich, CT 06830
Attn: David Steinmetz
Tel: (203) 542-4200

780691v.1 153/05435