B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et. al.,     Case No. 08-13555(JMP)
                                                  (Jointly Administered)

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee | Name of Transferor |
|---|---|
| Citi Canyon Ltd. | Goldman, Sachs & Co. |

Name and Address where notices to transferee should be sent:

Citi Canyon Ltd.
c/o Canyon Capital Advisors LLC
2000 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067
Attention: Jonathan M. Kaplan
Email: jkaplan@canyonpartners.com
(310) 272-1000

Court Claim # (if known): 67871
Claim Amount: $61,122,700.00
Amount Transferred (as allowed): $277,089.57
ISIN: 52525KAD4
Date Claim Filed: 01/30/2012
Debtor against claim filed: Lehman Brothers Holdings Inc.

With a copy to:
Robert Scheininger
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

Wire Instructions:
Bank:             Citibank, New York
ABA No.:          021-000-089
Bank Acct Name:   Credit Suisse Securities (USA) LLC
Bank Acct No.:    40804003
FFC Acct Name:    Citi Canyon Ltd.
FFC Acct No.:     7P6FE0

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.
By: Canyon Capital Advisors LLC, the Transferee's Investment Advisor

By: _____    Date: 29-Apr-2013
Transferee/Transferee's Agent
Jonathan M. Kaplan, Authorized Signatory

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

NY1 8749680v.2

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

      1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Goldman, Sachs & Co.** ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to **the funds specified on Schedule 1 attached hereto** (each, a "<u>Purchaser</u>" and together, the "<u>Purchasers</u>"), each solely to the extent set forth on Schedule 1 for such Purchaser, and each Purchaser hereby agrees to purchase, solely to the extent set forth on Schedule 1 for such Purchaser, as of the date hereof,

      (a) an undivided interest to the extent relating to Seller's record and beneficial ownership interest in commercial paper issued by the Debtor (as defined below) as specified in <u>Schedule 1</u>, in Seller's right, title and interest in and to Proof of Claim Number **67871** (which partially amends Proof of Claim 29858) the ("<u>Proof of Claim</u>") filed by or on behalf of Seller's predecessor in interest against Lehman Brothers Holdings, Inc. (the "<u>Debtor</u>") in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") administered under Case No. 08-13555 (JMP) (the "<u>Purchased Claim</u>"),

      (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever that Seller may have, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim,

      (c) any and all proceeds of any of the foregoing, excluding any principal, interest or other payments relating to the Purchased Security (as defined below) actually received by Seller prior to December 4, 2012 (collectively, as described in clauses (a), (b) and (c), the "<u>Transferred Claims</u>"), and

      (d) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

      For the avoidance of doubt, Purchasers do not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

      For the avoidance of doubt, the parties agree that (x) the Purchased Claim relates to the Purchased Security specified in Schedule 1 attached hereto, (y) this Agreement relates only to the Purchased Claim and the Purchased Security and not to any other proof of claim ("<u>Other Claim</u>") or other security ("<u>Other Security</u>") of the Seller or any other party, and (z) Seller does not waive, relinquish, assign or transfer to any Purchaser any action, claim, right or lawsuit of any nature whatsoever in whole or in part (i) arising out of or in connection with any Other Claim or Other Security, or (ii) that any party other than Seller may have or may pursue, whether against the Debtor or any other party, arising out of or in connection with any claim, security, matter or issue whatsoever.

      2.    Seller hereby represents and warrants to each Purchaser and to each Purchaser's successors and assigns, solely to the extent applicable to each Purchaser, that: (a) the Proof of Claim was duly and timely filed in accordance with the Court's order setting the deadline for filing proofs of claim and the applicable procedures set

778422v.3 3091/00238

forth in that certain Order pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (Dkt. No. 4271); (b) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (c) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (d) the Proof of Claim includes the Purchased Claim specified in Schedule 1; (e) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor; and (f) no payment or other distribution has been received by or on behalf of Seller in full or partial satisfaction of the Transferred Claims except that Seller received a distribution in the amount of $[    ] on account of the aggregate of the Transferred Claims on or about April 4, 2013 (the "Prior Distribution"), which Prior Distribution will be paid to the Purchasers by Seller promptly (but in any event no later than five (5) business days after the date of this Agreement).

3. Seller hereby waives any objection to the transfer of the Transferred Claims in the proportions set forth on Schedule 1 to the applicable Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by the applicable Purchaser for all purposes in the Proceedings, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. The Purchasers agree to file notices of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchasers the Transferred Claims, recognizing each Purchaser as the sole owner and holder of the relevant portion of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the relevant portion of the Transferred Claim be delivered or made to the appropriate Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Each Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchasers, their successors and assigns and their officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses (collectively, "Losses"), which result from Seller's breach of its representations and warranties made herein (in each case solely to the extent applicable to the specific Purchaser or related entity or person).

5. Seller shall promptly (but in any event no later than five (5) business days) remit any payments distributions or proceeds received by Seller after the date of this Agreement in respect of the Transferred Claims to the appropriate Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, each Purchased Security to a DTC account designated in writing by the applicable Purchaser to Seller against payment by the applicable Purchaser of the Purchase Price. Seller agrees to forward to Purchasers, as soon as reasonably practicable, all notices (not otherwise publicly available in the Proceedings or otherwise) as received by Seller with respect to the Transferred Claims. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of the relevant clearing system with respect to the purchase and sale of each Purchased Security.

6. Each of Seller and each Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchasers' rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision

that would require the application of the law of any other jurisdiction).  Seller and each Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.  Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

- 3 -

778422v.3 3091/00238

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of April 2013.

GOLDMAN, SACHS & CO.

By: _____
Name: **Dennis Lafferty**
Title: **Managing Director**

30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attn: Michelle Latzoni
Email: gsd.link@gs.com
Tel: (212)934-3921

AAI Canyon Fund plc, in respect of Canyon Reflection Fund
Canyon Balanced Master Fund, Ltd.
Canyon Distressed Opportunity Master Fund, L.P.
Canyon Distressed Opportunity Investing Fund, L.P.
Citi Canyon Ltd.
The Canyon Value Realization Master Fund, L.P.
Canyon Blue Credit Investment Fund L.P.
Canyon-GRF Master Fund II, L.P.
Permal Canyon IO Ltd.
Canyon Value Realization MAC 18 Ltd.
Canyon-TCDRS Fund, LLC

By: Canyon Capital Advisors LLC, its Investment Advisor

By: _____
    Name:
    Title:

c/o Canyon Capital Advisors LLC
2000 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067
Attention: Jonathan M. Kaplan
Email: jkaplan@canyonpartners.com
Tel: 310-272-1000

- 4 -

778422v.3 3091/00238

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of April 2013.

**GOLDMAN, SACHS & CO.**

By:_____
Name:
Title:

30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attn: Michelle Latzoni
Email: gsd.link@gs.com
Tel: (212)934-3921

AAI Canyon Fund plc, in respect of Canyon Reflection Fund
**Canyon Balanced Master Fund, Ltd.**
**Canyon Distressed Opportunity Master Fund, L.P.**
**Canyon Distressed Opportunity Investing Fund, L.P.**
**Citi Canyon Ltd.**
**The Canyon Value Realization Master Fund, L.P.**
**Canyon Blue Credit Investment Fund L.P.**
**Canyon-GRF Master Fund II, L.P.**
**Permal Canyon IO Ltd.**
**Canyon Value Realization MAC 18 Ltd.**
**Canyon-TCDRS Fund, LLC**

By: Canyon Capital Advisors LLC, its Investment Advisor

By:_____
Name: Jonathan M. Kaplan
Title: Authorized Signatory

c/o Canyon Capital Advisors LLC
2000 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067
Attention: Jonathan M. Kaplan
Email: jkaplan@canyonpartners.com
Tel: 310-272-1000

- 4 -

08-13555-mg    Doc 37104    Filed 05/01/13    Entered 05/01/13 22:36:43    Main Document
                                        Pg 7 of 8

Schedule 1

Transferred Claims

Purchased Claim

In the aggregate: 100% of the Proof of Claim, which relates to $60,000,000.00 in Principal/Notional Amount and $61,122,700.00 in Claimed/Allowed Amount.

With respect to each Purchaser, as set forth below.

Description of the Purchased Security:

| Purchaser | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Claimed/Allowed Amount |
|---|---|---|---|---|---|---|
| AAI Canyon Fund plc, in respect of Canyon Reflection Fund | LEHMAN BROTHERS HOLDINGS INC. Issue of $150,000,000 Commercial Paper due March 2009 | 52525KAD4 | Lehman Brothers Holdings Inc. | None | $936,000.00 | $953,514.12 |
| Canyon Balanced Master Fund, Ltd. | LEHMAN BROTHERS HOLDINGS INC. Issue of $150,000,000 Commercial Paper due March 2009 | 52525KAD4 | Lehman Brothers Holdings Inc. | None | $14,588,000.00 | $14,860,965.79 |
| Canyon Distressed Opportunity Master Fund, L.P. | LEHMAN BROTHERS HOLDINGS INC. Issue of $150,000,000 Commercial Paper due March 2009 | 52525KAD4 | Lehman Brothers Holdings Inc. | None | $2,696,000.00 | $2,746,446.65 |
| Canyon Distressed Opportunity Investing Fund, L.P. | LEHMAN BROTHERS HOLDINGS INC. Issue of $150,000,000 Commercial Paper due March 2009 | 52525KAD4 | Lehman Brothers Holdings Inc. | None | $452,000.00 | $460,457.67 |
| Citi Canyon Ltd. | LEHMAN BROTHERS HOLDINGS INC. Issue of $150,000,000 Commercial Paper due March 2009 | 52525KAD4 | Lehman Brothers Holdings Inc. | None | $272,000.00 | $277,089.57 |

Schedule 1-1

| | | | | | |
|---|---|---|---|---|---|
| The Canyon Value Realization Master Fund, L.P. | LEHMAN BROTHERS HOLDINGS INC. Issue of $150,000,000 Commercial Paper due March 2009 | 52525KAD4 | Lehman Brothers Holdings Inc. | None | $31,432,000.00 | $32,020,145.11 |
| Canyon Blue Credit Investment Fund L.P. | LEHMAN BROTHERS HOLDINGS INC. Issue of $150,000,000 Commercial Paper due March 2009 | 52525KAD4 | Lehman Brothers Holdings Inc. | None | $744,000.00 | $757,921.48 |
| Canyon-GRF Master Fund II, L.P. | LEHMAN BROTHERS HOLDINGS INC. Issue of $150,000,000 Commercial Paper due March 2009 | 52525KAD4 | Lehman Brothers Holdings Inc. | None | $4,040,000.00 | $4,115,595.13 |
| Permal Canyon IO Ltd. | LEHMAN BROTHERS HOLDINGS INC. Issue of $150,000,000 Commercial Paper due March 2009 | 52525KAD4 | Lehman Brothers Holdings Inc. | None | $1,796,000.00 | $1,829,606.15 |
| Canyon Value Realization MAC 18 Ltd. | LEHMAN BROTHERS HOLDINGS INC. Issue of $150,000,000 Commercial Paper due March 2009 | 52525KAD4 | Lehman Brothers Holdings Inc. | None | $1,472,000.00 | $1,499,543.57 |
| Canyon-TCDRS Fund, LLC | LEHMAN BROTHERS HOLDINGS INC. Issue of $150,000,000 Commercial Paper due March 2009 | 52525KAD4 | Lehman Brothers Holdings Inc. | None | $1,572,000.00 | $1,601,414.74 |
| | | | | Total | $60,000,000.00 | $61,122,700.00 |

778422v.3 3091/00238