# EXHIBIT E

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 || **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000020587 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings, Inc. | Case No. of Debtor<br>08-13555 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Timothy Pillar, VP
Corporate Trust Services
U.S. Bank National Association
EP-MN-WS1D
60 Livingston Avenue
St. Paul, MN 55107-2292

Notices to:
James E. Spiotto
Ann E. Acker
Franklin H. Top, III
Chapman and Cutler LLP
111 West Monroe St., 18th Fl.
Chicago, IL 60603
Telephone: (312)-845-3000

Telephone number: (651) 495-3958    Email Address: timothy.pillar@usbank.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on: _____

**Name and address where payment should be sent** (if different from above)
Timothy Pillar, VP
Corporate Trust Services
U.S. Bank National Association
EP-MN-WS1D, 60 Livingston Avenue
St. Paul, MN 55107-2292

Telephone number: (651) 495-3958    Email Address: timothy.pillar@usbank.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ See Addendum
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See Addendum
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
Amount of Secured Claim: $_____ Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$_____

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:  See Addendum    The attached Addendum is hereby incorporated by reference.

| Date:<br>9/18/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. [signature] |  |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

2684770

ADDENDUM TO PROOF OF CLAIM OF
U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE
GREENPOINT MORTGAGE FUNDING TRUST MORTGAGE PASS-THROUGH CERTIFICATES

## FILED AGAINST LEHMAN BROTHERS HOLDINGS INC.

### CASE NO. 08-13555 PENDING IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1. *Name and Address of Creditor and Basis for Claim.* U.S. Bank National Association, a national banking association having a corporate trust office at 60 Livingston Avenue, EP-MN-WS1D, St. Paul, MN 55107-2292, serves as trustee (the "*Trustee*") under the Trust Agreements (identified in the attached Schedule A) in respect of the Trusts (identified in the attached Schedule A) and makes and files this proof of claim against Lehman Brothers Holdings Inc. (the "*Debtor*") pursuant to 11 U.S.C. § 501 of the United States Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3003.

This Proof of Claim relates to the securitization of mortgage loans under the Greenpoint Mortgage Funding Trust series of trusts. The Trustee is trustee under certain Trust Agreements by and between Structured Asset Securities Corporation as Depositor and U.S. Bank National Association as Trustee (the "*Trust Agreement*"), with respect to the relevant Trusts (the "*Trusts*") as identified in the attached Schedule A (the trusts are bankruptcy-remote mortgage loan securitization trusts that hold mortgage loans purchased by the Debtor and sold and/or assigned to the Trusts). Under the terms of the Trust Agreements certain mortgage loans were purchased by the Trusts using funds obtained from investors through the issuance of certificates.

The mortgage loans (the "*Mortgage Loans*") giving rise to this Proof of Claim were originated by various third parties (collectively, the "*Originator*"), and were purchased by

2682547.01.01.doc

Lehman Brothers Bank F.S.B. (the "*Initial Purchaser*")[1] under the terms of loan purchase and warranty agreements (or similar agreements) (the "*Purchase Agreement*"). Thereafter, the Initial Purchaser assigned these loans for value to Lehman Brothers Holdings, Inc. (the "*Seller*"), who thereafter transferred the Mortgage Loans for value to Structured Asset Securities Corporation (the "*Depositor*") under the terms of Mortgage Loan Sale and Assignment Agreements (the "*Mortgage Loan Sale Agreements*"). In exchange for the proceeds from the issuance of certificates, the Depositor transferred and conveyed the Mortgage Loans to U.S. Bank National Association as Trustee for the benefit of the holders of the certificates pursuant to the terms of the Trust Agreements. In addition, the Trustee was assigned all of the Depositor's rights under the Mortgage Loan Sale Agreements.

Under the terms of the Trust Agreements and the Mortgage Loan Sale Agreements the Depositor and Seller made certain representations and warranties with respect to the Mortgage Loans to or for the benefit of the Trustee. In the event certain representations and warranties were breached with respect to individual Mortgage Loans which materially and/or adversely affected the value of such Mortgage Loan, the Depositor and/or the Debtor, as Seller, had the obligation to either (a) cure the breach in all material respects, (b) repurchase the Mortgage Loan, or (c) within two years of the Closing Date, substitute a Qualifying Substitute Mortgage Loan for the affected Mortgage Loan (the "*Representation and Warranty Claims*"). This Claim is filed as an unsecured and/or administrative expense claims with respect to breaches of these representations and warranties, and alternatively as a secured claim in the event that the securitization transactions are deemed a financing and not a true sale.

---

[1] All claims against the Initial Purchaser are reserved.

On September 15, 2008 (the "*Petition Date*"), the Debtor filed its voluntary petition for relief in this Court, thus commencing the instant chapter 11 case. Affiliates of the Debtor filed voluntary petitions after September 15, 2008.

2.  *Repurchase Obligations.* Pursuant to the Trust Agreements, the Debtor made certain representations, warranties and covenants about the Mortgage Loans that were subsequently acquired by the Trusts. If there is a violation of a representation, warranty or covenant with respect to any Mortgage Loan that was sold to the Trust that materially adversely affects the value of such Mortgage Loan or the interest of the Certificateholders therein, the Debtor is obligated to repurchase that Mortgage Loan.

As of the date of this Proof of Claim, the Trustee has been advised that the Debtor's representations, warranties and/or covenants with respect to the Mortgage Loans identified on Schedule B were incorrect or untrue which materially and adversely affect the value of such Mortgage Loans and the interest of the Certificateholders therein and such breaches cannot be or have not been cured. The total outstanding principal balance of these Mortgage Loans is likewise set forth in Schedule B. To date, the Debtor has not fulfilled its obligation to repurchase these Mortgage Loans. As a result of the Debtor's breach of its representations, warranties and/or covenants in respect of these Mortgage Loans and the Debtor's (and Seller's) failure to repurchase them, the Trustee hereby asserts a claim against the Debtor in an amount not less than the repurchase price as and when required by the Trust Agreements and/or the Mortgage Loan Sale Agreements, plus such additional amount for any other breaches of the obligations to repurchase as may exist from time to time plus interest on any past due amount as noted below. The terms of the Trust Agreements and/or Mortgage Loan Sale Agreements may require other Mortgage Loans be repurchased that the Trustee is not aware of at this time. The Trustee

reserves the right to amend its Repurchase Claim in the event it becomes aware of other loans that should likewise be repurchased under the terms of the Trust Agreements and/or Mortgage Loan Sale Agreements.

3.   *Obligation to Cure Documentary Exceptions.*  In addition to the foregoing, the Custodians have identified that certain Mortgage Loan files are missing or contain defective documentation.  The Debtor is obligated to correct material defects in the loan files.  Attached as Schedule C is a summary of the principal balance per trust of loan files with documentary defects.  It is not certain at this time whether any of these defects in the Mortgage Loan files will give rise to any loss to the Trusts, although many if not all of these may impair the value of the respective Mortgage Loan or the interest of the holders of the Certificates therein.  As a result, the Trustee asserts a claim up to the lesser of the full principal amount of these Mortgage Loans or the outstanding balance of the Certificates as set forth by Trust in Schedule D, plus such additional amount as may be determined based upon additional documentary exceptions becoming known by the Trustee.

Additional Mortgage Loan files may contain missing or defective documentation which has not been discovered.  The Trustee asserts a contingent and unliquidated claim with respect to all undiscovered deficiencies with respect to the Mortgage Loan files.

4.   *Early Payment Default.*  After due inquiry of the Master Servicers, the Trustee is not aware of any outstanding Mortgage Loan which is the subject of an early payment default, but reserves the right to assert a claim in the event it ultimately becomes aware of one.

4.a. *Servicer Claims.*  The Trustee asserts a claim against LBHI to the extent that LBHI was a servicer or master servicer for all or some of the Mortgage Loans, for any breaches of any of the agreements, covenants, representations or warranties contained in the servicing agreement.

Any continuing failure to service or master service the loans in strict accordance with the terms of the servicing agreement likewise may give rise to administrative expense claims against LBHI, as servicer. Due to the nature of the servicing roles, claims against the servicer or master servicer may not be discovered by the Trustee for an extended period of time after the breach, and therefore the Trustee continues to investigate whether or not it has any claims with respect to the servicing of the Mortgage Loans. The Trustee asserts claims against LBHI as servicer or master servicer for any failure to assert claims for Representations and Warranty Claims, documentary exceptions and failure to perform any other roles of the servicer under the relevant documents including claims for the cost of any required transfer of servicing of the Mortgage Loans in the future against any insurance or any claims (or claims for failure to assert claims against insurance) that may arise by virtue of actions taken by the Debtor to cause any Trust to lose its REMIC status, if any.

5.      *Obligations are Continuing.* The claims set forth herein may have grown and may continue to grow after the Petition Date, to the extent permitted by law.

6.      *Fees and Expenses and other claims.* The Trustee also asserts a claim for Trustee's fees, expenses and indemnification claims and, as appropriate, a claim for the fees and expenses of the Master Servicer, Custodian, Owner Trustee, Credit Risk Manager or Administrator fees, expenses and indemnification claims incurred by the Trusts, including without limitation, attorneys' and/or agents' fees, all as more fully set forth and described in the Trust Agreements, any indemnification agreements and other related agreements. Further, the Trustee asserts a claim for indemnification on behalf of itself and the Master Servicer, Custodian, and described therein. The Trustee reserves the right to amend this proof of claim in the future to assert a liquidated claim in connection with fees, expenses and indemnification.

7. *True Sale.* If the sale of any Mortgage Loans to the Initial Purchaser, any subsequent purchaser or the Trusts are determined to be a financing transaction (rather than a true sale), then the Trustee's claim is in the full amount of the principal and interest due on the Certificates as set forth in the attached Schedule D and secured by collateral set forth in the Granting Clause of the Trust Agreements, including but not limited to the Mortgage Loans. The Trustee also asserts setoff and recoupment rights with respect to any and all funds held by the Trustee, the Servicer, or the Master Servicer and Trust Administrator, that constitute property of the Debtor (if any), and any and all other setoff and recoupment rights, all of which the Trustee expressly reserves, and asserts a secured claim on account thereof. The claims asserted in this proof of claim are secured to the extent of the value of any security and setoff rights and unsecured for any deficiency. The above-described security interest (to the extent that the sale of any Mortgage Loans to any prior Purchaser or the Trusts is determined to be a financing transaction) is perfected by possession and/or control of the above mentioned property, as applicable.

8. *Date Debt Was Incurred.* The claims set forth herein relate to multiple securitization transactions commonly known as the Greenpoint Mortgage Funding Trusts entered into over a period of years. See attached Schedule A.

9. *If Court Judgment Was Obtained.* To the best of the Trustee's knowledge, no judgment has been rendered with respect to this claim.

10. *Classification of Claim.* The claim is filed as an unsecured claim or as a secured claim as aforesaid. In addition, the Trustee may have post-petition administrative expense claims against the Debtor. While the Trustee is not asserting these claims herein, as the sole purpose of this proof of claim is to assert its pre-petition claims against the Debtor, by filing this

proof of claim, the Trustee does not waive any of its post-petition claims against the Debtor, and expressly reserves all of its rights in connection with such claims.

11. *Documents on Which this Claim is based.* The documents supporting this Claim includes the Trust Agreements and the Mortgage Loan Sale Agreements. These documents are voluminous and are available upon request.

12. *Credits and Setoffs.* Except as provided above, to the knowledge of the undersigned, the claims are not subject to any setoff or counterclaim. The amount of all payments made prior to the Petition Date have been credited and deducted for the purpose of making this proof of claim, but no other payments have been credited or deducted.

13. *Reservation of Rights.* This Proof of Claim is filed under the compulsion of the bar date established in the Debtor's Chapter 11 cases and is filed to protect the Trustee from forfeiture of claims by reason of said bar date. The filing of this Proof of Claim is not intended to be and should not be deemed or construed as (a) an election of a remedy, (b) a consent by the Trustee to the jurisdiction of the Bankruptcy Court or any other court with respect to the proceedings, if any, commenced, in an case against or otherwise involving the Trustee, (c) a consent by the Trustee to trial by jury as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. §157(e) or otherwise, (d) a waiver of the right of the Trustee to a trial by jury in any matter herein or in any case, controversy or proceeding related hereto, (e) a waiver of the right of the Trustee to have final orders in non-core matters entered only after a de novo review by the United States District Court, (f) a waiver of any right of the Trustee to have the reference withdrawn by the United States District Court in any matter subject to mandatory or discretionary withdrawal, (g) a waiver of any past, present or future event of default in regard to the Trust Agreements, the Mortgage

Loan Sale Agreements or otherwise, (h) a waiver or limitation of any rights of the Trustee, including, without limitation, a waiver of obligations owing to the Trustee, rights, claims, actions, defenses, set-offs or recoupments to which the Trustee is or may be entitled under the Trust Agreements, Mortgage Loan Sale Agreements or otherwise, in law or equity, against the Debtor and/or any subsidiary of affiliate thereof, or any other person, including without limitation, rights against guarantors, officers or directors, or the right to contest the validity or extent of any liens or security interests purported to be equal, senior or inferior to any right, lien or security interest of the Trustee, all of which rights, claims, actions, defenses, set-offs or recoupments are expressly reserved by the Trustee, (i) an admission by the Trustee that any property held by the Debtor (or any subsidiary or affiliate thereof) is property of the estate, or (j) a waiver of any right to recharacterize any of the claims set forth herein as administrative claims.

U.S. Bank National Association, as Trustee, expressly reserves any rights, remedies, liens, interests, priorities, protections and claims which it may have against Debtor or the other Debtors and other parties under the Bankruptcy Code. U.S. Bank National Association, as Trustee, reserves the right to amend, restate and supplement this Proof of Claim or to file additional Proofs of Claim or further pleadings for additional claims against Debtor and its related entities should U.S. Bank National Association, as Trustee, deem it appropriate. U.S. Bank National Association, as Trustee, reserves all rights and claims accruing to it, including, but not limited to, its rights (a) against all other creditors, (b) to update total exposure estimates of liquidated and unliquidated claims, (c) request payment of administrative expenses (whether in respect of claims asserted herein or otherwise), or (d) amend, update, supplement or modify as it believes is appropriate including, but not limited to, fees, expenses and interest.

U.S. Bank as Trustee asserts that any funds, property or collateral held by the Trust or certain funds or property held by Debtor relating to the transaction are not property of the Estate but are property of the Trust or other parties having a beneficial interest therein and that the possession or assertion of rights over such funds, property or collateral by Debtor do not transform such funds, property or collateral into property of the Estate and therefore the Debtor has no legitimate legal right to hold or to prevent the transfer of such funds, property, collateral or the proceeds thereof to third parties under the terms of the relevant documents.

Nothing contained herein shall limit or prejudice the right of the Trustee to file additional claims with respect to any other liability or debt of the Debtor to the Trustee.

To the extent the Debtor has not rejected any particular Agreement that constitutes an executory contract, the Trustee reserves its right to amend, supplement or add to this claim to include any rejection damage claim.

14. *Notices.* All notices relating to this proof of claim should be sent to:

> James E. Spiotto, Esq.
> Franklin H. Top III, Esq.
> Chapman and Cutler LLP
> 111 West Monroe Street, 18th Floor
> Chicago, IL 60613
>
> -and-
>
> Timothy Pillar, Vice President
> Pamela Weider, Vice President
> Corporate Trust Services
> U.S. Bank National Association
> EP-MN-WS1D
> 60 Livingston Avenue
> St. Paul, MN 55107-2292

[Remainder of the Page Intentionally Blank]

- 10 -

Schedule A

Transaction

| | |
|---|---|
| 1 | GPMF 2006-AR4, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of August 1, 2006 |
| 2 | GPMF 2006-AR5, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of September 1, 2006 |
| 3 | GPMF 2006-AR6, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of October 1, 2006 |
| 4 | GPMF 2006-AR7, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of November 1, 2006 |
| 5 | GPMF 2006-AR8, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of December 1, 2006 |
| 6 | GPMF 2007-AR1, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of February 1, 2007 |
| 7 | GPMF 2007-AR2, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of April 1, 2007 |
| 8 | GPMF 2007-AR3, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of May 1, 2007 |
| 9 | Greenpoint 2006-HE1, Indenture by and between Greenpoint Mortgage Funding Trust 2006-HE1, as Issuer, and US Bank National Association, as Indenture Trustee, dated as of August 1, 2006 |

Schedule B

| | Transaction | Repurchase Claims - total # of loans (as of 7/31/09) | Repurchase Claims - current loan value (as of 7/31/09) |
|---|---|---|---|
| 1 | GPMF 2006-AR4, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of August 1, 2006 | 0 | $0.00 |
| 2 | GPMF 2006-AR5, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of September 1, 2006 | 0 | $0.00 |
| 3 | GPMF 2006-AR6, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of October 1, 2006 | 0 | $0.00 |
| 4 | GPMF 2006-AR7, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of November 1, 2006 | 0 | $0.00 |
| 5 | GPMF 2006-AR8, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of December 1, 2006 | 0 | $0.00 |
| 6 | GPMF 2007-AR1, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of February 1, 2007 | 0 | $0.00 |
| 7 | GPMF 2007-AR2, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of April 1, 2007 | 0 | $0.00 |
| 8 | GPMF 2007-AR3, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of May 1, 2007 | 0 | $0.00 |
| 9 | Greenpoint 2006-HE1, Indenture by and between Greenpoint Mortgage Funding Trust 2006-HE1, as Issuer, and US Bank National Association, as Indenture Trustee, dated as of August 1, 2006 | 11,534 | $647,550,226.64 |

## Schedule C

| | Transaction | Document Exceptions total original loan value (as of 12/31/08)* |
|---|---|---|
| 1 | GPMF 2006-AR4, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of August 1, 2006 | $193,085,411.00 |
| 2 | GPMF 2006-AR5, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of September 1, 2006 | $252,048,178.00 |
| 3 | GPMF 2006-AR6, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of October 1, 2006 | $187,294,490.00 |
| 4 | GPMF 2006-AR7, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of November 1, 2006 | $203,695,790.00 |
| 5 | GPMF 2006-AR8, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of December 1, 2006 | $166,331,241.00 |
| 6 | GPMF 2007-AR1, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of February 1, 2007 | $202,565,459.00 |
| 7 | GPMF 2007-AR2, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of April 1, 2007 | $164,006,971.00 |
| 8 | GPMF 2007-AR3, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of May 1, 2007 | $41,488,700.00 |
| 9 | Greenpoint 2006-HE1, Indenture by and between Greenpoint Mortgage Funding Trust 2006-HE1, as Issuer, and US Bank National Association, as Indenture Trustee, dated as of August 1, 2006 | $402,883,798.35 |

\* The information contained herein was obtained by U.S. Bank from third parties - U.S. Bank is in the process of reconciling some of the data contained herein.

Schedule D

| | Transaction | Total deal O/S as of 8/30/2009; successor deals as of 6/30/09 (may include some notional amounts and/or exchange classes) |
|---|---|---|
| 1 | GPMF 2006-AR4, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of August 1, 2006 | $843,937,713.80 |
| 2 | GPMF 2006-AR5, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of September 1, 2006 | $971,144,589.82 |
| 3 | GPMF 2006-AR6, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of October 1, 2006 | $964,517,969.51 |
| 4 | GPMF 2006-AR7, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of November 1, 2006 | $878,102,021.07 |
| 5 | GPMF 2006-AR8, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of December 1, 2006 | $550,970,978.91 |
| 6 | GPMF 2007-AR1, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of February 1, 2007 | $1,205,862,609.94 |
| 7 | GPMF 2007-AR2, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of April 1, 2007 | $1,113,011,150.23 |
| 8 | GPMF 2007-AR3, Trust Agreement by and between SASCO, as Depositor, Aurora Loan Services LLC, as Master Servicer, and US Bank National Association, as Trustee, dated as of May 1, 2007 | $463,991,745.85 |
| 9 | Greenpoint 2006-HE1, Indenture by and between Greenpoint Mortgage Funding Trust 2006-HE1, as Issuer, and US Bank National Association, as Indenture Trustee, dated as of August 1, 2006 | $647,550,226.64 |

Law Offices of

# CHAPMAN AND CUTLER LLP

Theodore S. Chapman
1877-1943

Henry E. Cutler
1879-1959

Joshua M. Wiersma
Telephone: (312) 845-3859
Facsimile (312) 516-3259
E-mail: wiersma@chapman.com

111 West Monroe Street, Chicago, Illinois 60603-4080
Telephone (312) 845-3000
Facsimile  (312) 701-2361
chapman.com

New York

Salt Lake City

San Francisco

September 20, 2009

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017

    Re:    Lehman Brothers Holdings, Inc. *et al* Proofs of Claim

To whom this may concern:

Enclosed please find Proofs of Claim on the following transactions listed below to be filed. Please return file stamped copies. We have enclosed a return UPS label for your convenience.

Box #4

    BNC Mortgage Trust Master (LBHI)
    BNC Mortgage Trust Master (SASCO)
    First Franklin Mortgage Trust Master (LBHI)
    First Franklin Mortgage Trust Master (SASCO)
    GreenPoint Mortgage Fund Master (LBHI)
    GreenPoint Mortgage Fund Master (SASCO)
    Lehman ABS Corporation Master (LBHI)
    Lehman ABS Corporation Master (SASCO)
    Lehman Brothers Small Balance Commercial Master (LBHI)
    Lehman Brothers Small Balance Commercial Master (SASCO)
    Lehman Mortgage Trust Master (LBHI)
    Lehman Mortgage Trust Master (SASCO)
    Lehman XS Trust Master (LBHI)
    Lehman XS Trust Master (SASCO)
    Residential Loan Trust Master (LBHI)
    Residential Loan Trust Master (SASCO)

2686646.01.01.doc
1697028

Law Offices of

# CHAPMAN AND CUTLER LLP

Epiq Bankruptcy Solutions, LLC
Page - 2 -
September 20, 2009

    Structured Asset Investment Loan Trust Master (LBHI)
    Structured Asset Investment Loan Trust Master (SASCO)
    Structured Adjustable Rate Mortgage Trust Master (LBHI)
    Structured Adjustable Rate Mortgage Trust Master (SASCO)
    Structured Asset Securities Corporation Master (LBHI)
    Structured Asset Securities Corporation Master (SASCO)
    AAMES 2003-1 (LBHI and SASCO)
    Finance America 2004-1 (LBHI and SASCO)
    Fremont 2004-3 (LBHI and SASCO)
    HLTV Mortgage Loan Trust 2004-1 (LBHI and SASCO)
    LB-UBS Commercial Mortgage Trust 2007-C-2 (LBHI and SASCO)
    SLH Mortgage Trust - 1989-1 (LBHI and SASCO)
    TBW 2006-3 (LBHI and SASCO)
    Thornburg 2005-3 (LBHI and SASCO)
    Thornburg 2006-4 (LBHI and SASCO)
    Lehman Home Equity Loan Trust 1998-2 (LBHI)
    First Union National Bank 1998-C2 (LBHI)

                                    Very truly yours,

                                    CHAPMAN AND CUTLER LLP

                              By: _____
                                      Joshua M. Wiersma

JMW/ppr
Enclosures

**H
A
N
D

D
E
L
I
V
E
R
Y**

FILED / RECEIVED

SEP 2 1 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

N. Roman
RECEIVED BY:     DATE     12:45 TIME