UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | ) Case No. 08-13555 (JMP) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

NOTICE OF PARTIAL TRANSFER OF CLAIM
PURSUANT TO RULE 3001(e)(2)

A CLAIM HAS BEEN FILED IN THIS CASE (Lehman Brothers Holdings Inc., Debtor, Case No. 08-13555) or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Baupost Group Securities, L.L.C. | RBS Securities Inc. |
| Name of Transferee | Name of Transferor |
| | |
| Please see schedule to the attached agreement | Please see schedule to the attached agreement |
| Proof of Claim Amount | Proof of Claim Number |

You are hereby requested to make all future payments and distributions, and give all notices and other communications, in respect of the Claim to the Transferee at the address below.

TRANSFEREE: Baupost Group Securities, L.L.C.
Address:  c/o Ropes & Gray LLP
 1211 Avenue of the Americas
 New York, NY 10036-8704
 Attn: Philip Wells

I declare under penalty of perjury that the information provided in this evidence and notice is true and correct to the best of my knowledge and belief.

By:

By: _____       Date: 5/3/13

Name: Suneal Bedi
Title:  Counsel for Transferee

*Execution Version*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **RBS Securities Inc.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Baupost Group Securities, L.L.C.** ("Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable amounts specified in Schedule 1 attached hereto (the "Purchased Claims"), in Seller's right, title and interest in and to the proof of claim numbers provided in Schedule 1 (the "Proofs of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claims, but only to the extent related to the Purchased Claims, (c) any and all proceeds of any of the foregoing, and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claims and specified in Schedule 1 attached hereto (collectively, as described in clauses (a)-(d), the "Transferred Claims").

2. Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proofs of Claim include the Purchased Claims specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller has delivered to Purchaser true and correct copies of any Notices of Proposed Allowed Claim Amount (the "Notices") received by Seller; (h) Seller did not (and will not) deliver a Response (as defined in the Notices) with respect to the Transferred Claims; and (i) on April 17, 2012, Seller received a distribution on account of the Transferred Claims in an aggregate amount equal to $316,983.39 and on October 1, 2012, Seller received a distribution in an aggregate amount equal to $291,247.49 (collectively, the "Retained Distributions"), and other than the Retained Distributions, Seller has not received any other distributions on account of the Transferred Claims.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of

Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than five (5) business days) remit any payments, distributions, proceeds or notices received by Seller after the date hereof in respect of the Transferred Claims to Purchaser. If Seller fails to deliver such payments, distributions or proceeds within five (5) business days, then Seller shall also pay to Purchaser interest thereon at a rate per annum equal to the one-year LIBOR rate plus five percent (5.00%) from the date when due to (but excluding) the date when actually paid. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proofs of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 19 day of March 2013.

| RBS SECURITIES, INC. | BAUPOST GROUP SECURITIES, L.L.C. |
|---|---|
| By: _____ | By: _____ |
| Name: | Name: |
| Title: KAREN BREWER | Title: |
| DIRECTOR | |
| 600 Washington Boulevard | |
| Stamford, Connecticut 06901 | |

33242899_11

Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event no later than five (5) business days) remit any payments, distributions, proceeds or notices received by Seller after the date hereof in respect of the Transferred Claims to Purchaser. If Seller fails to deliver such payments, distributions or proceeds within five (5) business days, then Seller shall also pay to Purchaser interest thereon at a rate per annum equal to the one-year LIBOR rate plus five percent (5.00%) from the date when due to (but excluding) the date when actually paid. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proofs of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 19 day of March 2013.

| RBS SECURITIES INC. | BAUPOST GROUP SECURITIES, L.L.C. |
|---|---|
| By:_____<br>Name:<br>Title:<br><br>600 Washington Boulevard<br>Stamford, Connecticut 06901 | By:_____<br>Name: James F. Mooney III<br>Title: Partner |

33242899_11

Schedule 1

Transferred Claims

Purchased Claim

100% of the following ISIN/CUSIPs in the Proofs of Claim listed below, in the denomination listed below.

Lehman Programs Securities to which Transfer Relates

| Proof of Claim Number | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Denomination and Principal/Notional Amount | Maturity |
|---|---|---|---|---|---|---|
| 67474, 67475, 67476, 67477 | 6YR CHF DOMESTIC | CH0029197156 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CHF 1,190,000.00 | 3/14/2013 |
| 59793 | FX LINKED NOTE USDDKK | DK0030068242 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | DKK 11,000,000.00 | 12/16/2010 |
| 59794 | USDDKK NOTE | DK0030106190 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | DKK 3,280,000.00 | 6/12/2011 |
| 62822 | LOOK BACK CAPITAL PROTECTED NOTE LINKED TO OMX INX | SE0002379271 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | SEK 800,000.00 | 3/12/2012 |
| 67474, 67475, 67476, 67477 | ITALIAN INFLATION LINKED NOTE | XS0176153350 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 430,000.00 | 10/10/2013 |
| 44616 | ELN EXCHAGEABLE INTO RESONA HOLDINGS INC STOCK | XS0260996334 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | JPY 100,050,000.00 | 6/22/2011 |
| 44616 | ELN EXCHANGEABLE MIZUHO TRUST AND BANKING CO. | XS0261618606 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | JPY 100,163,000.00 | 6/22/2011 |
| 44616 | JPY/USD FX TARNS NOTE | XS0263507278 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | JPY 50,000,000.00 | 8/11/2036 |
| 67475 | MXN 3YR FIXED | XS0264737726 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | MXN 40,000,000.00 | 11/22/2009 |
| 55854 | 3 YEAR WORST OF AUTOCALLABLE ELN | XS0319211982 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 220,000.00 | 10/4/2010 |
| 55854 | 100% CAPITAL | XS0334918322 | Lehman Brothers | Lehman Brothers | USD 200,000.00 | 1/10/2012 |

33242899_11

| | PROTECTED NOTES LINKED TO A BASKET | | Treasury Co. B.V. | Holdings Inc. | | |
|---|---|---|---|---|---|---|
| 55854 | 12NC3M USD DUAL ACCRUAL | XS0339215351 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 210,000.00 | 2/15/2020 |
| 67474, 67475, 67476, 67477 | 10Y NC3M CALLABLE LIBOR RANGE ACCRUAL NOTE | XS0339479841 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 300,000.00 | 1/31/2018 |
| 55854 | CAPITAL PROTECTED OIL NOTE | XS0339538448 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 120,000.00 | 2/15/2011 |
| 55854 | AGRICULTURAL AUTOCALL | XS0344095871 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 100,000.00 | 2/15/2011 |
| 55854 | AGRICULTURAL AUTOCALL PRINCIPAL PROTECETD | XS0346461634 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 150,000.00 | 3/18/2011 |
| 55854 | CAPITAL PROTECTD NT BASKET OF INDICES | XS0346859084 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 100,000.00 | 3/18/2010 |
| 55854 | 12NC3M USD 30S 10S RANGE NOTE | XS0351984827 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 640,000.00 | 3/18/2010 |
| 67474, 67475, 67476, 67477 | 10YN NC3M CALLABLE LIBOR RANGE | XS0352111289 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 700,000.00 | 3/26/2018 |
| 67474, 67475 67476, 67477 | 10YR NC3M CALLABLE INDEX LINKED NOTE | XS0353349045 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 260,000.00 | 3/31/2018 |
| 55854 | 5NC6M FIXED CALLABLE LEHMAN | XS0364167006 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 650,000.00 | 5/21/2013 |
| 55854 | TURBO NOTE LINKED TO THE SHARE OF C US | XS0364868058 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,000,000.00 | 5/27/2009 |
| 59675 | LEHMAN BROTHERS UDI LINKED NOTES | XS0366684073 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | MXN 14,000,000.00 | 5/27/2013 |

33242899_11