B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc., et al., Debtors.     Case No. 08-13555 (JMP)
(Jointly Administered)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

RBS Securities Inc.                                              Atlantic International Finance Limited
    Name of Transferee                                              Name of Transferor

Name and Address where notices to transferee                    Court Claim # (if known): 28010
should be sent:
                                                                 Amount of Claim: $11,675,879.45 (as allowed)
RBS Securities Inc.
600 Washington Boulevard                                         Date Claim Filed: 9/22/2009
Stamford, CT 06901
Contact: Matthew Rosencrans                                      Debtor: Lehman Brothers Holdings Inc.
Phone: 203.897.2644
Email: matthew.rosencrans@rbs.com


Phone: _____                           Phone: _____
Last Four Digits of Acct #: _____                     Last Four Digits of Acct. #: _____


Name and Address where transferee payments
should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

742659v.1 2620/00437

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____Mason Cenan_____     Date: __May 6, 2013__
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Atlantic International Finance Limited** ("Atlantic"), acting through Donald Edward Osborn, Anthony David Kenneth Boswell and Marie Claire Rowbotham (together, the "Receivers") of PricewaterhouseCoopers 22/F, Prince's Building, Central, Hong Kong, acting in their capacity as receivers and agents of Atlantic only and without personal liability ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **RBS Securities Inc.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the claim evidenced by the Proof of Claim Number **28010** filed by or on behalf of **Seller** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights, title and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim (including for clarity, all amounts distributed on or after the date of this Agreement and Evidence of Transfer whether or not such date is before, on or after any record date with respect to an amount) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller acquired the rights underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller in respect of the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing, and (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims"). For the avoidance of doubt, (a) the Purchaser does not acquire any liabilities or obligations with respect to the Transferred Claims or the Seller and (b) the Transferred Claims do not include the right to receive any distribution made by the Debtor to Seller prior to the date of this Agreement and Evidence of Transfer.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsubordinated unsecured claims; (g) Seller has delivered to Purchaser a true and correct copy of the Notice of Proposed Allowed Claim Amount, dated August 24, 2011, which relates to the Proof of Claim, and as of the date hereof, Seller has not received any revised Notice of Proposed Allowed Claim Amount and has taken no action with respect thereto; (h) there are no objections to the Transferred Claims and all documents provided to Purchaser by Seller are true, accurate and complete copies of such

documents; (i) no distributions, proceeds, assets, cash or other amounts have been received by Seller in respect of the Transferred Claims as of the date of this Agreement and Evidence of Transfer, other than a distribution in the amount of $421,409.21 received on or about April 17, 2012, a distribution in the amount of $284,375.24 received on or about October 1, 2012, and a distribution in the amount of $359,186.81 received on or about April 4, 2013; (j) Seller is the original holder of the Transferred Claims; and (k) entry into this Agreement and Evidence of Transfer of Claim does not violate any other agreement to which Seller is a party.

3. Seller hereby acknowledges and consents to the terms of this Agreement and Evidence of Transfer and waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims made after the date hereof be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations, warranties, covenants and agreements made herein.

5. Seller shall promptly (but in any event no later than five (5) business days following receipt) remit any notices, correspondence, payments, distributions or proceeds received by Seller in respect of the Transferred Claims after the date of this Agreement and Evidence of Transfer to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. Seller shall act or omit to act with respect to the Transferred Claims solely to the extent reasonably directed by Purchaser.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim. Seller agrees that all distributions, amounts, proceeds, assets, cash and other property received by Seller on or after the date of this Agreement and Evidence of Transfer (whether or not such date is before, on or after any record date for such amounts) are for the account of Purchaser, and the Seller shall pay such amounts received by Seller on or after the date of this Agreement and Evidence of Transfer in respect of the Transferred Claims to the account information provided to it by Purchaser on the date of this Agreement.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8. The Receivers have signed this Agreement and Evidence of Transfer as agents for and on behalf of Atlantic and neither they, their firm, partners, employees, agents, advisers or representatives shall incur any personal liability whatever in respect of any of the obligations undertaken by Atlantic; or in respect of any failure on the part of Atlantic to observe, perform or comply with any such obligations; or under any document or assurance made pursuant to this Agreement and Evidence of Transfer. The exclusion of liability set out in this Clause 8 shall arise and continue notwithstanding the termination of the agency of the Receivers and shall operate as a waiver of any claims in tort as well as under the laws of contract.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this  6   day of May 2013.

EXECUTED on behalf of ATLANTIC
INTERNATIONAL FINANCE LIMITED

By: MARIE CLAIRE ROWBOTHAM

Signature: [signature]
as appointed Receiver, acting as agent of Atlantic without personal liability.

EXECUTED BY                    )
MARIE CLAIRE ROWBOTHAM (as a Receiver)   )

Signature: [signature]
as appointed Receiver acting as agent of Atlantic without personal liability and solely for the purpose of receiving the benefit of the provisions of this Agreement in the receivers' favour.

RBS SECURITIES INC.


By:_____
Name:
Title:

600 Washington Boulevard
Stamford, Connecticut  06901

8. The Receivers have signed this Agreement and Evidence of Transfer as agents for and on behalf of Atlantic and neither they, their firm, partners, employees, agents, advisers or representatives shall incur any personal liability whatever in respect of any of the obligations undertaken by Atlantic; or in respect of any failure on the part of Atlantic to observe, perform or comply with any such obligations; or under any document or assurance made pursuant to this Agreement and Evidence of Transfer. The exclusion of liability set out in this Clause 8 shall arise and continue notwithstanding the termination of the agency of the Receivers and shall operate as a waiver of any claims in tort as well as under the laws of contract.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 6 day of May 2013.

EXECUTED on behalf of ATLANTIC
INTERNATIONAL FINANCE LIMITED

By:

Signature:
as appointed Receiver, acting as agent of Atlantic without personal liability.

EXECUTED BY                                        )
MARIE CLAIRE ROWBOTHAM (as a Receiver)  )

Signature:                     )

as appointed Receiver acting as agent of Atlantic
without personal liability and solely for the purpose of
receiving the benefit of the provisions of this Agreement
in the receivers' favour.

RBS SECURITIES INC.

By: _____
Name:
Title:    KAREN BREWER
          DIRECTOR
600 Washington Boulevard
Stamford, Connecticut  06901

Schedule 1

Transferred Claims

Purchased Claim

100% of the Proof of Claim relating to ISIN XS0264429829, which is equal to $8,342,760.00 as allowed pursuant to the Notice of Proposed Allowed Claim Amount for the Proof of Claim.

100% of the Proof of Claim relating to ISIN XS0294839575, which is equal to $1,226,181.10 as allowed pursuant to the Notice of Proposed Allowed Claim Amount for the Proof of Claim.

100% of the Proof of Claim relating to ISIN XS0294837447, which is equal to $2,106,938.35 as allowed pursuant to the Notice of Proposed Allowed Claim Amount for the Proof of Claim.

Lehman Programs Securities to which Transfer Relates

| ISIN/CUSIP | Issuer | Guarantor | Principal/ Notional Amount | Allowed Amount |
|---|---|---|---|---|
| XS0264429829 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 8,325,000.00 | USD 8,342,760.00 |
| XS0294839575 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,225,000.00 | USD 1,226,181.10 |
| XS0294837447 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 2,105,000.00 | USD 2,106,938.35 |