B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Southern District Of New York

In re Lehman Brothers Holding Inc., et. Al.,    Case No. 08-13555 (JMP)
(Jointly Administered)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence **(SEE EXHIBIT A)** and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee | Name of Transferor |
|---|---|
| Macquarie Bank Limited | CC Arbitrage Ltd. |
| | Court Claim # (if known): 60699<br>Amount of Claim: USD $10,521,826.78 (of which USD $5,951,145.23 is being transferred by Transferor to Transferee)<br>Date Claim Filed: 10/30/09 |

Name and Address where notices to Transferee should be sent:

Macquarie Bank Limited
c/o Macquarie Holdings (USA) Inc.
125 West 55th Street
New York NY 10019
USA
Attention: FICC Credit Sales and Trading
Phone: 212 231 2338

Last Four Digits of Acct #: N/A    Last Four Digits of Acct. #: N/A

Name and Address where transferee payments should be sent (if different from above):

Same as above.

Last Four Digits of Acct #: 5375

#1100162

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: May 6, 2013
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

FIONA SMITH
Division Director

Alan D Cameron
Executive Director
Fixed Income & Currencies
Macquarie Bank Ltd

#1100162

## Exhibit A

**Evidence of Transfer of Claim**

Refer to the attached.

#1100162

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **CC Arbitrage Ltd.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Macquarie Bank Limited** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage claim amounts as specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number #60699, filed by or on behalf of the Seller's predecessors in interest (the "Proof of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) other than the Distributions, all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, principal, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 (as "Lehman Programs Securities to which Transfer Relates") attached hereto. Notwithstanding any other provision in this Agreement, the Purchaser shall not (i) acquire any liabilities or obligations of Seller, or any prior seller, with respect to the Transferred Claims and (ii) receive any of the Distributions.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors of the same class and type as the Purchased Claim; (g) as of the date of this Agreement and Evidence of Transfer of Claim, Seller and/or its predecessors in interest have received aggregate distributions relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto ("Distributions"); (h) other than the Distributions, Seller has not received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims, and (i) the notices of distribution dated April 17, 2012, October 1, 2012 and April 4, 2013 for Proof of Claim, which Seller has provided to Purchaser set forth the true and correct amounts of the Distributions.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by

#1100158

Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller agrees that in the event Seller receives payments, distributions, proceeds or notices solely with respect to or relating to the Transferred Claims and Purchased Securities (if any) referenced on Schedule 1 hereto, Seller shall accept the same as Purchaser's agent and shall hold the same in trust on behalf of and for the sole benefit of Purchaser and Seller shall promptly (but in any event no later than five (5) business days) remit any payments, distributions, proceeds or notices received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this  02  day of May 2013.

**Macquarie Bank Limited**                                    **CC Arbitrage Ltd.**

By:_____                                    By:_____
Name:                                                         Name:
Title:                                                        Title:

1 Martin Place         FIONA SMITH                            c/o Castle Creek Arbitrage, LLC
Sydney NSW 2000        Division Director                      227 West Monroe Street, Suite 3550
Australia                                                     Chicago, IL 60606
                                                              Attention: Connie Wick
                                                              Direct: 312-692-7564
                       Alan D Cameron                         Fax: 312-692-7551
                       Executive Director                     Email: cwick@castle-creek.com
                       Fixed Income & Currencies
                       Macquarie Bank Ltd

(Signed in Sydney, POA Ref: #938
dated 22nd November 2012)
#1100158

Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller agrees that in the event Seller receives payments, distributions, proceeds or notices solely with respect to or relating to the Transferred Claims and Purchased Securities (if any) referenced on Schedule 1 hereto, Seller shall accept the same as Purchaser's agent and shall hold the same in trust on behalf of and for the sole benefit of Purchaser and Seller shall promptly (but in any event no later than five (5) business days) remit any payments, distributions, proceeds or notices received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 02 day of May 2013.

**Macquarie Bank Limited**

By:_____
Name:
Title:

1 Martin Place
Sydney NSW 2000
Australia

**CC Arbitrage Ltd.**

By: _____
Name: Allan Weine
Title: Director

c/o Castle Creek Arbitrage, LLC
227 West Monroe Street, Suite 3550
Chicago, IL 60606
Attention: Connie Wick
Direct: 312-692-7564
Fax: 312-692-7551
Email: cwick@castle-creek.com

Schedule 1

Transferred Claims

Purchased Claim

56.56% -- U.S.$5,951,145.23 of U.S.$10,521,826.78 (the outstanding amount of the Proof of Claim #60699 as of May 02, 2013).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Allowed Claim amount with respect to Lehman Programs Securities to which Transfer relates | Distributions |
|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Co. B.V. Issue of USD$25,000,000 Fixed Rate/Inflation Linked Notes due February 2015 Guaranteed by Lehman Brothers Holdings Inc. under the U.S. $25,000,000,000 Euro Medium-Term Note Program | XS0212011547 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD10,000,000.00 2 | 4.00 per cent. Per annum payable annual in arrear. Fixed Rate/Index-Linked Interest | 23 February 2015 | USD10,000,000.00 | USD676,727.31 |

Schedule 1-1

#1100158