B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et. al.,         Case No. 08-13555(JMP)
                                                      (Jointly Administered)

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Name of Transferee<br>The Canyon Value Realization<br>Master Fund, L.P. | Name of Transferor<br>Goldman, Sachs & Co. |
| Name and Address where notices to transferee should be sent:<br><br>The Canyon Value Realization<br>Master Fund, L.P.<br>c/o Canyon Capital Advisors LLC<br>2000 Avenue of the Stars, 11th Floor<br>Los Angeles, CA 90067<br>Attention: Jonathan M. Kaplan<br>Email: jkaplan@canyonpartners.com<br>(310) 272-1000 | Court Claim # (if known): 55813<br>Amount Transferred (as allowed):<br>$26,000.00<br>ISIN: XS0266486025<br>Date Claim Filed: 10/29/2009<br>Debtor against claim filed: Lehman Brothers Holdings Inc. |

With a copy to:
Robert Scheininger
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

Wire Instructions:
Bank:              Citibank, New York
ABA No.:           021-000-089
Bank Acct Name:    Credit Suisse Securities (USA) LLC
Bank Acct No.:     40804003
FFC Acct Name:     The Canyon Value Realization Master Fund, L.P.
FFC Acct No.:      7P59G0

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.
By: Canyon Capital Advisors LLC, the Transferee's Investment Advisor

By:_____    Date:  8-May-13
Transferee/Transferee's Agent
Jonathan M. Kaplan, Authorized Signatory

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

NY1 8774595v.1

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Goldman Sachs & Co.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **the funds specified on Schedule 1 attached hereto** (each, a "Purchaser" and together, the "Purchasers"), each solely to the extent set forth on Schedule 1 for such Purchaser, and each Purchaser hereby agrees to purchase, solely to the extent set forth on Schedule 1 for such Purchaser, as of the date hereof, (a) an undivided interest, to the extent of the applicable amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the Proof of Claim Numbers specified in Schedule 1 attached hereto, each filed by or on behalf of Seller's predecessors in interest (each, a "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to each Purchaser, solely to the extent applicable to each Purchaser, that: (a) each Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) each Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proofs of Claim collectively include the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) on or around April 4, 2013, Seller received from the Debtor distributions relating to certain of the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (the "Distribution"), and other than the Distribution, Seller has not received any payments or distributions in respect of the Transferred Claims directly from the Debtor; and (h) Seller has delivered to Purchaser a true and correct copy of the Notice of Proposed Allowed Claim Amount for each Proof of Claim (each, a "Notice") received by Seller and no action was undertaken by Seller with respect to any Notice.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims as set forth on Schedule 1 to the applicable Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by the applicable Purchaser for all purposes in the case, including, without

781244v.3 153/05435

limitation, for voting and distribution purposes with respect to the Transferred Claims. The Purchasers agree to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchasers the Transferred Claims, recognizing each Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to the appropriate Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Each Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchasers, their successors and assigns and their officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller after the date of this Agreement and Evidence of Transfer of Claim in respect of the Transferred Claims to the appropriate Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to the appropriate Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as such Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and each Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to any Proof of Claim.

7. Seller's and Purchasers' rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and each Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

781244v.3 153/05435

08-13555-mg    Doc 37310    Filed 05/09/13    Entered 05/09/13 22:57:39    Main Document
Pg 4 of 8

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 9th day of May 2013.

GOLDMAN SACHS & CO.

By: _____
Name: **Dennis Lafferty**
Title: **Managing Director**

30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attn: Michelle Latzoni
Email: gsd.link@gs.com
Tel: (212)934-3921

AAI Canyon Fund plc, in respect of Canyon Reflection Fund
Canyon Balanced Master Fund, Ltd.
The Canyon Value Realization Master Fund, L.P.
Canyon-GRF Master Fund II, L.P.
Permal Canyon IO Ltd.

By: Canyon Capital Advisors LLC, its Investment Advisor

By: _____
    Name:
    Title:

c/o Canyon Capital Advisors LLC
2000 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067
Attention: Jonathan M. Kaplan
Email: jkaplan@canyonpartners.com
Tel: 310-272-1000

781244v.3 153/05435

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this <u>9th</u> day of May 2013.

| | |
|---|---|
| **GOLDMAN SACHS & CO.** | AAI Canyon Fund plc, in respect of Canyon Reflection Fund<br>**Canyon Balanced Master Fund, Ltd.**<br>**The Canyon Value Realization Master Fund, L.P.**<br>**Canyon-GRF Master Fund II, L.P.**<br>**Permal Canyon IO Ltd.** |
| By:_____<br>Name:<br>Title: | By: Canyon Capital Advisors LLC, its Investment Advisor |
| 30 Hudson Street, 5th Floor<br>Jersey City, NJ 07302<br>Attn: Michelle Latzoni<br>Email: gsd.link@gs.com<br>Tel: (212)934-3921 | By: _____<br>Name: Jonathan M. Kaplan<br>Title: Authorized Signatory<br><br>c/o Canyon Capital Advisors LLC<br>2000 Avenue of the Stars, 11th Floor<br>Los Angeles, CA 90067<br>Attention: Jonathan M. Kaplan<br>Email: jkaplan@canyonpartners.com<br>Tel: 310-272-1000 |

Schedule 1

Transferred Claims

Purchased Claim

As set forth below.

Lehman Programs Securities to which Transfer Relates

|  | **Purchaser** | **Proof of Claim Number** | **ISIN/CUSIP** | **Issuer** | **Guarantor** | **Principal/Notional Amount** | **Allowed Amount** | **Distribution** |
|---|---|---|---|---|---|---|---|---|
| 1. | The Canyon Value Realization Master Fund, L.P. | 45005 | XS0362345638 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,772,000.00 | USD 1,778,936.45 | USD 54,725.68 |
| 2. | The Canyon Value Realization Master Fund, L.P. | 45006 | XS0365192078 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,243,000.00 | USD 1,244,243.00 | USD 38,276.83 |
| 3. | The Canyon Value Realization Master Fund, L.P. | 45007 | XS0353157216 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,250,000.00 | USD 1,271,000.00 | USD 39,099.96 |
| 4. | AAI Canyon Fund Public Limited Company, in respect of Canyon Reflection Fund | 58781 | XS0352912611 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,000,000.00 | USD 1,000,000.00 | USD 30,763.15 |
| 5. | AAI Canyon Fund Public Limited Company, in respect of Canyon Reflection Fund | 58792 | XS0352912611 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,500,000.00 | USD 1,500,000.00 | USD 46,144.72 |
| 6. | Canyon-GRF Master Fund II, L.P. | 55393 | XS0348391409 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 2,000,000.00 | USD 2,008,650.00 | USD 61,792.40 |

Schedule 1–1

781244v.3 153/05435

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 7. | The Canyon Value Realization Master Fund, L.P. | 55393 | XS0342945184 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 2,700,000.00 | USD 2,700,000.00 | USD 30,763.15[1] |
| 8. | The Canyon Value Realization Master Fund, L.P. | 55825 | XS0250879763 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 685,000.00 | USD 685,000.00 | N/A |
| 9. | The Canyon Value Realization Master Fund, L.P. | 55829 | XS0250879763 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 510,000.00 | USD 510,000.00 | N/A |
| 10. | The Canyon Value Realization Master Fund, L.P. | 55813 | XS0266486025 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 26,000.00 | USD 26,000.00 | N/A |
| 11. | The Canyon Value Realization Master Fund, L.P. | 55814 | XS0266486025 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 30,000.00 | USD 30,000.00 | N/A |
| 12. | The Canyon Value Realization Master Fund, L.P. | 55816 | XS0266486025 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 100,000.00 | USD 100,000.00 | N/A |
| 13. | The Canyon Value Realization Master Fund, L.P. | 55825 | XS0266486025 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 100,000.00 | USD 100,000.00 | N/A |
| 14. | The Canyon Value Realization Master Fund, L.P. | 55829 | XS0266486025 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,119,000.00 | USD 1,119,000.00 | N/A |
| 15. | Permal Canyon IO Ltd. | 55394 | XS0306901330 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 70,000.00 | USD 70,000.00 | N/A |
| 16. | Permal Canyon IO Ltd. | 55403 | XS0306901330 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 2,488,000.00 | USD 2,488,000.00 | N/A |
| 17. | Canyon Balanced Master Fund, Ltd. | 55403 | XS0312086530 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 2,798,000.00 | USD 2,798,000.00 | N/A |
| 18. | Permal Canyon IO Ltd. | 55837 | XS0334693818 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 3,000,000.00 | USD 3,000,000.00 | N/A |
| 19. | Permal Canyon IO Ltd. | 55854 | XS0346466781 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 2,880,000.00 | USD 2,939,472.00 | N/A |

---

[1] Amount of Distribution received corresponds to USD 1,000,000 allowed amount.

781244v.3 153/05435

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 20. | Permal Canyon IO Ltd. | 55816 | XS0349857317 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 100,000.00 | USD 100,000.00 | N/A |
| 21. | Permal Canyon IO Ltd. | 55829 | XS0349857317 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 2,782,000.00 | USD 2,782,000.00 | N/A |
| 22. | AAI Canyon Fund Public Limited Company, in respect of Canyon Reflection Fund | 55393 | XS0350109475 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,850,000.00 | USD 1,852,184.03 | N/A |
| 23. | Canyon-GRF Master Fund II, L.P. | 55825 | XS0350419403 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 2,000,000.00 | USD 2,036,222.22 | N/A |
| 24. | Canyon-GRF Master Fund II, L.P. | 51146 | XS0204199466 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 2,000,000.00 | USD 2,000,000.00 | USD 61,526.29 |
| 25. | The Canyon Value Realization Master Fund, L.P. | 51160 | XS0303537574 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,904,000.00 | USD 1,619,898.28 | USD 49,833.16 |
| 26. | Canyon-GRF Master Fund II, L.P. | 51147 | XS0324269561 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,158,000.00 | USD 469,013.33 | USD 14,428.32 |
| 27. | Canyon Balanced Master Fund, Ltd. | 51148 | XS0326730313 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,867,000.00 | USD 721,694.96 | USD 22,201.60 |
| 28. | The Canyon Value Realization Master Fund, L.P. | 51166 | XS0358300571 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,361,000.00 | USD 749,855.75 | USD 23,067.92 |

781244v.3 153/05435