**HEARING DATE AND TIME: June 13, 2013 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: June 10, 2013 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                                       :    Chapter 11 Case No.
                                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                                                 :
                    Debtors.                                        :    (Jointly Administered)
------------------------------------------------------------x

### NOTICE OF HEARING ON OBJECTION
### TO CLAIM NO. 62723 OF BANESCO HOLDINGS CA

**PLEASE TAKE NOTICE** that on May 10, 2013, Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases, filed an objection (the "Objection") to a portion of claim no. 62723 held by Banesco Holdings CA (the "Claim"), and that a hearing (the "Hearing") to consider the Objection will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **June 13, 2013 at 10:00 a.m. (prevailing Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in

accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Susan Golden, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **June 10, 2013 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: May 10, 2013
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

HEARING DATE AND TIME: June 13, 2013 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: June 10, 2013 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :    08-13555 (JMP)
                                               :
              Debtors.                         :    (Jointly Administered)
-------------------------------------------------------------------x

**OBJECTION TO CLAIM NO. 62723 OF BANESCO HOLDINGS CA**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**Preliminary Statement**

1.      The portion of proof of claim (Claim No. 62723)[1] (the "Banesco Claim") filed by Banesco Holdings CA ("Banesco") based on the two securities identified in the succeeding sentence should be disallowed and expunged on the grounds that Banesco was not the holder of such securities on the Commencement Date or any date therafter and is not entitled to receive distributions thereon. The Banesco Claim is based on (i) LBHI's guarantee of a

---
[1] This Objection does not affect the portion of the Banesco Claim based on security XS0336129589.

structured security issued by Lehman Brothers Treasury Co., B.V., with an asserted claim amount of $95,808,383, which has an International Security Identification Number: XS0336130835 (the "LBT Security") and (ii) a structured security issued by LBHI with an outstanding principal amount of $15.5 million (which does not have an ISIN or CUSIP) (the "LBHI Security" and, together with the LBT Security, the "Securities"). Based on the Plan Administrator's review of its books and records and information provided by Banesco and Lehman Brothers International (Europe) ("LBIE"), and as explained in more detail below, LBIE is the record holder of both Securities.

2. Moreover, LBIE filed a proof of claim (Claim No. 62786) (the "LBIE Claim") asserting a claim for the LBT Security. Each of Banesco and LBIE assert ownership of the entire outstanding amount of the LBT Security. In order to avoid this exact type of dispute over structured securities guaranteed by LBHI, this Court's Bar Date Order[2] required holders of securities to obtain Blocking Numbers (as defined below). The Bar Date Order provides that failure to obtain a Blocking Number will result in claims being disallowed. LBIE properly obtained and included on its proof of claim a Blocking Number (as defined below) proving its ownership of the LBT Security, while Banesco asserts it was unable to obtain a Blocking Number. LBIE did not file a claim for the LBHI Security.

3. The Plan Administrator does not take a position on any potential ownership dispute between LBIE and Banesco concerning the Securities or any claim that Banesco may have against LBIE resulting from the underlying transactions. LBHI is only concerned with making distributions to holders of valid claims. Based on the evidence available

---

[2] Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form, ECF No. 4271 (the "Bar Date Order").

2

to the Plan Administrator, LBIE has established that it is the record holder of the Securities and therefore upon resolution of the duplicative Banesco Claim and agreement on the LBIE claim amount, will be entitled to receive distributions on the LBT Security included in the LBIE Claim. LBHI cannot be required to pay twice on the same obligation. The Banesco Claim, as it relates to the Securities, must be disallowed and expunged.

**Relief Requested**

4.      The Plan Administrator files this objection to claims (the "Objection"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), seeking to disallow and expunge the portion of the Banesco Claim relating to the Securities.

**Jurisdiction**

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

6.      Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.      On July 2, 2009, this Court entered the Bar Date Order, which set forth specific alternative claim filing procedures (the "Lehman Programs Securities Procedures") that apply to the "filing of any and all claims (including claims under a related Guarantee) against the Debtors arising from securities issued by the Debtors or any of the Debtors' affiliates outside of the United States, solely to the extent identified on http://www.lehman-docket.com under the heading 'Lehman Programs Securities' (any such security, a 'Lehman Program Security') . . . ." (Bar Date Order at 12.) The Lehman Programs Securities Procedures resulted from extensive

3

negotiations among the Chapter 11 Estates, the Creditors' Committee, the issuers of Lehman Programs Securities, Euroclear Bank ("Euroclear"), Clearstream Bank ("Clearstream"), and a large group of creditors.

8. The Bar Date Order set forth the Lehman Programs Securities Procedures that specifically required, among other things, that claims for Lehman Programs Securities "include either a Euroclear electronic instruction reference number or a Clearstream blocking reference number" (a "Blocking Number"). (*Id.* at 13.) Each Blocking Number issued by the applicable clearing agency relates to a specific holder of a specific Lehman Programs Security in a specific amount. The issuance of a Blocking Number prevented the holder of a Lehman Programs Security from trading that security through November 2, 2009 (the "Securities Programs Bar Date") and the Blocking Number is utilized by the Plan Administrator to reconcile such claims.

9. The Blocking Number requirement was necessary because the Lehman Programs Securities did not have an indenture trustee that would file a global claim on behalf of all holders of a particular security, but rather individual holders of such securities (or custodians thereof) would be filing claims based on such securities. Accordingly, the Blocking Number requirement provided the best mechanism for the Chapter 11 Estates and/or the Plan Administrator to confirm the ownership and amount of a particular security for purposes of the proof of claim based on a Lehman Programs Security. Absent the Blocking Number requirement and temporary restriction on trading, the risk would exist that the Plan Administrator would make distributions in excess of the outstanding amount of the Lehman Programs Securities and multiple distributions on the same obligation.

4

10. Because the Lehman Programs Securities were widely held by investors around the world, the Lehman Programs Securities Procedures provided that the notice of the Securities Programs Bar Date (the "Securities Programs Bar Date Notice") would be widely published and disseminated. Banesco attempted to obtain blocking numbers, so it was clearly aware of the requirements of the Bar Date Order, and the consequences of failure to obtain a valid blocking number.

11. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

12. As of the date hereof, LBHI has made three distributions to holders of allowed claims. Section 8.4 of the Plan requires that LBHI reserve funds on account of disputed claims. As of the date hereof, LBHI is reserving approximately $11 million on account of the disputed portions of the Banesco Claim, which amounts would otherwise be available to be distributed to holders of allowed claims.

### The Banesco Claim Should Be Expunged Because Banesco Is Not the Holder of the Securities, the Banesco Claim Is Duplicative of the LBIE Claim and the Banesco Claim Does Not Include a Valid Blocking Number

13. In its evaluation of proofs of claim, the Plan Administrator takes steps to ensure that the party asserting the claim is the proper party to receive distributions on such claim. In the context of claims based on Lehman Programs Securities, as described above, the Blocking Number process was implemented to provide evidence of ownership of such securities. With respect to securities not included on the list of Lehman Programs Securities for which there is no indenture trustee, the Plan Administrator has requested such holders provide LBHI with a Nominee Certification or, in the alternative, a statement that show the security was in their

5

account as of the deadline for filing claims. Such statements provide the Plan Administrator evidence that such party owned the security and there cannot be duplicative claims filed for the same security.

14. Banesco did not obtain a Blocking Number for the LBT Security, but rather asserts that despite its good faith attempts, it was unable to obtain a Blocking Number. It appears the reason that Banesco was unable to obtain a blocking number is that it was not the holder of the LBT Security. As to the LBHI Security, Banesco is unable to provide statements reflecting ownership on the Commencement Date or any date thereafter. Based on such facts, LBHI cannot validate its ownership of the Securities.

15. Conversely, LBIE filed a claim based on the LBT Security and included a valid blocking number evidencing its ownership of the LBT Security. It is indisputable that, as to the LBT Security, the Banesco Claim is duplicative of the LBIE Claim, as both claims include the entire notional amount of the LBT Security. LBHI cannot be required to pay twice on the same obligations, therefore, only one of these claims can be allowed.

16. Notwithstanding the clear evidence represented by the Blocking Number and the complete lack of evidence provided by Banesco of its ownership of the Securities, the Plan Administrator worked with Banesco and LBIE to review the records concerning ownership of the Securities. A detailed description of the chain of ownership of the Securities and supporting documentation thereof is included in the Declaration of Christina Pederson In Support of the Objection (the "Pederson Declaration") filed contemporaneously herewith. The records show that:

6

(a) Banesco was the holder of both of the Securities at various times prior to the Commencement Date. *See* Banesco Claim and Exhibit A to Pederson Declaration;

(b) Miura Financial Services Inc. ("Miura"), acting on behalf of Banesco (or its predecessor), entered into a bond option contract under an ISDA Master Agreement with LBIE, dated October 3, 2000 (the "Bond Option Contract"), which was neither terminated nor matured as of the Commencement Date. *See* Exhibit B to Pederson Declaration; and

(c) Both the LBHI and LBT Securities were transferred from the Banesco account to LBIE as collateral for the Bond Option Contract prior to the Commencement Date, and were still held by LBIE as of, and at all times since, the Commencement Date. See Exhibits C, E and F to Pederson Declaration.

17. Further, on information and belief, Banesco filed a proof of claim against LBIE for the Securities in LBIE's proceeding in the United Kingdom. To the extent there is a dispute about the ownership of Securities or claims by Miura or Banesco against LBIE for amounts due or the return of collateral under the Bond Option Contract, the administration of the LBIE proceeding is the proper place for such dispute to be administered.

18. For the reasons set forth above and in the Pederson Declaration, the Plan Administrator concluded that LBIE was the record holder of the Securities at all times since the Commencement Date, and the proper party to receive distributions on account of such securities. The Plan Administrator has previously discussed the content of the attached documents with Banesco's representatives. Banesco has been unable to provide any documents contradicting or refuting any of the above referenced statements.

**Basis for Objection**

19.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

20.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative claims filed against the same debtor. *See, e.g.*, *In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

21.     Further, the Chapter 11 Estates cannot be required to pay on the same claim more than once. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").

22.     The information set forth herein and in the Pederson Declaration is clear evidence that Banesco is not the holder of the Securities, and that with respect to the LBT Security, the Banesco Claim is duplicative of the LBIE Claim.  Elimination of invalid and

redundant claims will enable the Plan Administrator to maintain a claims register that accurately reflects the proper claims existing against each Chapter 11 Estate, and make distributions to holders of allowed claims.

23. Further, as to the LBT Security, Banesco failed to comply with the specific directions in the Bar Date Order and the Securities Programs Bar Date Notice that each claim based on a Lehman Programs Security include a Blocking Number issued by Euroclear, Clearstream or other relevant depository. (*See* Bar Date Order at 13; Secs. Programs Bar Date Notice at 3.) The Blocking Number requirement in the Lehman Programs Securities Procedures was specifically and extensively negotiated and is a critical safeguard against duplicative or excess distributions on Lehman Programs Securities.

24. As indicated above, LBHI is not challenging its liability on account of the Securities, and has agreed with Banesco as to the valuation of the LBT Security of $83,495,332, determined in accordance with the Structured Securities Valuation Methodologies used by LBHI to value all similar securities. LBIE has not disputed such valuation. There is likewise no dispute regarding the amount of the LBHI Security. If this Objection is granted, LBHI intends to make distributions to LBIE on account of the LBT Security in the near future. Banesco's claim against LBIE on account of its alleged ownership of the LBT Security held by LBIE should not delay the administration of claims in LBHI's chapter 11 case.

25. As to the LBHI Security, despite that the records indicate that LBIE is the holder of such security, LBIE did not file a claim against LBHI based on such security. Banesco is unable to establish that it is the owner of the LBHI Security and is entitled to distributions thereon.

9

26. Accordingly, the Plan Administrator requests that the Court disallow and expunge with prejudice the Banesco Claim as it relates to the Securities.

**Notice**

27. No trustee has been appointed in these chapter 11 cases. Notice of this Objection has been provided to (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) Banesco; (vi) Miura; (vii) LBIE; (viii) LBI; and (ix) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

28. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: May 10, 2013
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

10

# **EXHIBIT A**

US_ACTIVE:\44232674\4\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                  :    Chapter 11 Case No.
                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,               :    08-13555 (JMP)
                                                       :
　　　　　　　　　　Debtors.                           :    (Jointly Administered)
------------------------------------------------------------x

## ORDER GRANTING OBJECTION TO
## CLAIM NO. 62723 OF BANESCO HOLDINGS CA

Upon the objection, dated May 10, 2013 (the "Objection"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), seeking, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), disallowance and expungement of a portion of the Banesco Claim, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of LBHI, its creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

　　　　ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the portion of the Banesco Claim based on the Securities is disallowed and expunged; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York

                                                    UNITED STATES BANKRUPTCY JUDGE

2

US_ACTIVE:\44232674\4\58399.0011