WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc. and
Lehman Brothers Special Financing Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                             :    Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,      :    08-13555 (JMP)
:
Debtors.                       :    (Jointly Administered)
:
------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. §
1746 REGARDING MOTION PURSUANT TO RULE 9019 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR APPROVAL
OF SETTLEMENT AGREEMENT AND INDEMNITY BETWEEN LEHMAN
BROTHERS SPECIAL FINANCING INC. AND BANK OF AMERICA, N.A., AS
TRUSTEE, RELATING TO CREDIT DEFAULT SWAP AGREEMENT [LIBRA CDO]**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures (ECF No. 9635) (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

1.  On March 29, 2013, Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11*

*Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* (the "Plan"), filed with this Court a *Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for Approval of Settlement Agreement and Indemnity between Lehman Brothers Special Financing Inc. and Bank of America, N.A., as Trustee, Relating to Credit Default Swap Agreement [Libra CDO]* (the "Motion") (ECF No. 36257).

2. In accordance with the Second Amended Case Management Order, May 13, 2013 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file responses to the Motion (the "Objection Deadline"). The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motion has been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motion been served on the Plan Administrator's counsel.

4. Accordingly, for the reasons set forth in the Motion, the Plan Administrator respectfully request that the proposed Order annexed hereto as Exhibit A and unmodified since the filing of the Motion, be entered in accordance with the procedures

described in the Second Amended Case Management Order.

     5.    I declare that the foregoing is true and correct.

Dated: May 14, 2013
       New York, New York

          /s/ Garrett A. Fail
          Garrett A. Fail
          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile:  (212) 310-8007

          *Attorneys for Lehman Brothers Holdings Inc. and*
          *Lehman Brothers Special Financing Inc.*

# **EXHIBIT A**

**(Proposed Order – ECF No. 36257)**

US_ACTIVE:\44257253\1\58399.0011

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                                : Chapter 11 Case No.
                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,             : 08-13555 (JMP)
                                                     :
        Debtors.                                     : (Jointly Administered)
                                                     :

_____

**ORDER PURSUANT TO RULE 9019 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE FOR APPROVAL OF SETTLEMENT
AGREEMENT AND INDEMNITY BETWEEN LEHMAN BROTHERS
SPECIAL FINANCING INC. AND BANK OF AMERICA, N.A., AS TRUSTEE,
RELATING TO A CREDIT DEFAULT SWAP AGREEMENT**

Upon the motion, dated March 29, 2013 (the "Motion"), of Lehman Brothers Holdings Inc. as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, on behalf of Lehman Brothers Special Financing Inc., pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for approval of a settlement agreement and an indemnity agreement between LBSF and Bank of America, N.A., as successor by merger to LaSalle Bank National Association, as Trustee (the "Trustee"), relating to a credit default swap agreement, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set

forth in the amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the U.S. Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the attorneys for the Trustee; and (vi) all parties who have requested notice in the Chapter 11 Cases, and it appearing that no other or further notice need be provided; and a hearing (the "<u>Hearing</u>") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBSF, its estate, its creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Settlement Agreement[1] and the Indemnity Agreement are approved; and it is further

ORDERED that LBSF is authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and the Indemnity Agreement and to perform any and all obligations contemplated therein; and it is further

ORDERED that the Trustee is authorized and directed to pay the CDS Payment Amount and the Trustee Amount from amounts standing to the Reserve Account; and it is further

ORDERED that the Trustee is authorized and directed to effectuate the Wind-Down Provisions; and it is further

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

ORDERED that the Trustee is authorized and directed to pay the Priority Subsequent Payments from the proceeds of such liquidation, and to distribute the remaining proceeds thereof in accordance with the terms set forth in the Indenture; and it is further

ORDERED that, provided that the Trustee has complied with its duties under this Order, the Settlement Agreement, and the Indemnity Agreement as set forth in the preceding paragraphs, the Trustee will be deemed to have acted reasonably and in good faith, and it shall not be deemed to have acted negligently or other than as a prudent person would under the circumstances; and it is further

ORDERED that the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2013
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE