# United States Bankruptcy Court
## Southern District of New York

In Re:  **LEHMAN BROTHERS HOLDINGS, INC.**
Case No: 08-13555

### NOTICE OF PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

CLAIM NO. **64052**, **64055** HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bank. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee:
**THE SEAPORT GROUP EUROPE LLP**

Name and address where notices to transferee should be sent:

The Seaport Group Europe LLP
Ground Floor West, One Finsbury Circus
London, EC2M 7EB
Attn: Jay Conklin

Phone: _____
Last Four Digits of Acct #: __N/A__

Name and Address where transferee payments Should be sent (if different from above):

Phone: __N/A__
Last Four Digits of Acct #: __N/A__

Name of Transferor:
**BANQUE PIGUET & CIE**

Court Claim #: 64052
Amount of Allowed Claim: $387,718.98
Date Claim Filed: October 23, 3009

Court Claim #: 64055
Amount of Allowed Claim: $260,818.06
Date Claim Filed: October 23, 3009

Name and Address of Transferor:

Banque Piguet & Cie S.A.
CH-1400 Yverdon-les-Bains
Switzerland

Phone: _____
Last Four Digits of Acct. #: __N/A__

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/_____   Date: 16 MAY 2013
    Transferee / Transferee's Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U.S.C. 152 & 3571

---

**--DEADLINE TO OBJECT TO TRANSFER--**

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

                                          _____
                                          CLERK OF THE COURT

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Banque Piguet & Cie S.A.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **The Seaport Group Europe LLP** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **64052 / 64055** (the "Proof of Claim") filed by or on behalf of Seller against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; g) on or about April 17, 2012, Seller received the first distribution relating to the Transferred Claims totaling the amount of $23,407.19 (the "First Distribution"), and on or about October 1, 2012, the second distribution relating to the Transferred Claims totaling the amount of $15,795.63 (the "Second Distribution"), and on or about April 4, 2013, the third distribution relating to the Transferred Claims totaling the amount of $19,951.04 (the "Third Distribution") and that other than the First Distribution, Second Distribution, and Third Distribution, neither Seller, nor any third party on its behalf, has received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims; and (h) Seller provided to Buyer a true and correct copy of the Notice of Proposed Allowed Claim Amount for the Proof of Claim ("Notice") dated August 24, 2011, and Seller did not file a written response to the Notice per the terms of the Notice.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges

and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than the later of (a) three (3) business days after receipt and (b) three (3) business days after the date of this Agreement and Evidence of Transfer of Claim) remit to Purchaser any payments, distributions or proceeds received by Seller after the trade date of April 26, 2013, on account of the Transferred Claims. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 10 day of May 2013.

| BANQUE PIGUET & CIE S.A. | THE SEAPORT GROUP EUROPE LLP |
|---|---|
| By: _____<br>Name:<br>Title: | By: _____<br>Name: JAY TONWUN<br>Title: DESIGNATED MEMBER |
| CH-1400 Yverdon-les-Bains<br>Switzerland | Address:<br>Ground Floor West, One Finsbury Circus<br>London, EC2M 7EB |

Jean-Marc Blanchet    Suzanne Kilchenmann

08-13555-mg    Doc 37428    Filed 05/16/13    Entered 05/16/13 12:52:41    Main Document
Pg 4 of 4

Schedule 1

## Transferred Claims

**Purchased Claim**

43.143293% of the Proposed Allowed Claim Amount of proof of claim 64055 which totals an allowed amount of USD $ 260,818.06, plus all accrued interest, fees and other recoveries due, and
79.1923443% of the Proposed Allowed Claim Amount of proof of claim 64052 which totals an allowed amount of USD $ 387,718.98, plus all accrued interest, fees and other recoveries due

**Lehman Programs Securities to which Transfer Relates**

| Proof of Claim Number | ISIN/CUSIP | Issuer | Guarantor | Purchased Principal/Notional Amount in USD | Coupon | Maturity | Purchased Allowed Amount of Proof of Claim Transferred Hereunder |
|---|---|---|---|---|---|---|---|
| 64055 | XS0213416141 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR €182,000.00 | N/A | 16 Mar 2035 | USD $260,818.06 |
| 64052 | XS0229584296 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR €256,000.00 | N/A | 05 Oct 2035 | USD $387,718.98 |

Schedule 1-1