THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF FOUR HUNDRED FIFTEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, LEE J. GOLDBERG, AT 212-310-8928.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                  :     Chapter 11 Case No.
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,           :     **08-13555 (JMP)**
                                                       :
                      **Debtors.**                     :     **(Jointly Administered)**
------------------------------------------------------------------x

**NOTICE OF HEARING ON FOUR HUNDRED FIFTEENTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)**

**PLEASE TAKE NOTICE** that on May 21, 2013, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan"), filed its four hundred fifteenth omnibus objection to claims (the "Four Hundred Fifteenth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Four Hundred Fifteenth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **June 27, 2013 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Fifteenth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Lee J. Goldberg, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **June 20, 2013 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

2

served with respect to the Four Hundred Fifteenth Omnibus Objection to Claims or any claim set

forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four

Hundred Fifteenth Omnibus Objection to Claims, which order may be entered with no further

notice or opportunity to be heard offered to any party.

Dated: May 21, 2013
      New York, New York

                    /s/ Robert J. Lemons
                    Robert J. Lemons

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Lehman Brothers Holdings Inc.
                    and Certain of Its Affiliates

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                      :    Chapter 11 Case No.
                                           :
LEHMAN BROTHERS HOLDINGS INC., et al.,     :    08-13555 (JMP)
                                           :
                    Debtors.               :    (Jointly Administered)
-------------------------------------------------------------------x
```

**FOUR HUNDRED FIFTEENTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS FOUR HUNDRED FIFTEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, LEE J. GOLDBERG, AT 212-310-8928.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

       Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan"), respectfully represents:

## Relief Requested

1.      The Plan Administrator files this four hundred fifteenth omnibus objection to claims (the "Four Hundred Fifteenth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking to disallow and expunge the claims listed on Exhibit A annexed hereto.

2.      The Plan Administrator has examined the proofs of claim identified on Exhibit A (collectively, the "No Liability Derivatives Claims") and has determined that the No Liability Derivatives Claims should be disallowed and expunged on the basis that they provide no basis of liability as to LBHI.  After a review of the claimant's supporting documentation and the LBHI's books and records, the Plan Administrator has determined that, based on the fair, accurate, and reasonable values of the subject Derivatives Contracts (as defined herein) and the netting provisions thereunder, LBHI does not owe any amounts to the claimants.  The No Liability Derivatives Claims, therefore, do not constitute valid *prima facie* claims, and the Plan Administrator requests that they be disallowed and expunged in their entirety.

3.      The Plan Administrator reserves all its rights to object on any basis to any No Liability Derivatives Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

US_ACTIVE:\44259624\1\58399.0003

**Background**

5.          Commencing on September 15, 2008 and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.          On December 6, 2011, the Court approved and entered an order

confirming the Plan.  The Plan became effective on March 6, 2012.

7.          Pursuant to the Plan, the Plan Administrator is authorized to interpose and

prosecute objections to claims filed against LBHI.

8.          On July 2, 2009, this Court entered an order setting forth procedures for

filing proofs of claim in these chapter 11 cases, including procedures for filing proofs of claim

and supporting documentation for claims based on Derivatives Contracts[1] (the "Bar Date Order")

[ECF No. 4271].  The Bar Date Order provided that "each holder of a claim against a Debtor

based on amounts owed pursuant to any Derivative Contract must: . . . complete the electronic

Derivative Questionnaire [and] electronically upload supporting documentation on the

website . . . ."  (Bar Date Order at 7)  The Bar Date Order further provided that "each holder of a

claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor

entity under a Derivative Contract must [also]: . . . complete the electronic Guarantee

Questionnaire and electronically upload supporting documentation on the website . . . ."  (*Id.* at

8.)  A copy of the Bar Date Order was made publicly available at http://www.lehman-

docket.com.

---

[1] "Derivative Contract" is defined in the Bar Date Order as meaning "any contract that is of (i) a 'swap agreement'
as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a 'forward contract' as such term is
defined in section 101(25) of the Bankruptcy Code . . . ."  (*See* Bar Date Order at 6).

3

9.      Exhibit C to the Bar Date Order was a version of the Derivative

Questionnaire, which required that the claimant provide various information in support of its

claim, such as copies of relevant agreements; a copy of the termination notice; a valuation

statement; individual trade-level detail; trade value methodology and quotations; and unpaid

amounts, collateral, and other costs associated with the claim pursuant to the Derivatives

Contract.  Also attached to the Bar Date Order was Exhibit D, a version of the Guarantee

Questionnaire setting forth the information forming the basis of the claimant's assertions of a

guarantee claim.

10.      On January 14, 2010, the Court entered the Procedures Order, which

authorizes the filing of omnibus objections to no more than 500 claims at a time, on various

grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set

forth in the Procedures Order.

**The No Liability Derivatives Claims Should Be Disallowed and Expunged**

11.      In reviewing the claims filed on the claims register in these cases and

maintained by the Court-appointed claims agent, Plan Administrator has identified the No

Liability Derivatives Claims as claims that should be disallowed and expunged on the basis that

they provide no basis of liability as to LBHI.  The Derivatives Contracts that underlie the No

Liability Derivatives Claims have either been terminated or matured pursuant to the terms

thereof.  After a review of the claimants' supporting documentation and LBHI's books and

records, the Plan Administrator has determined that, based on the fair, accurate, and reasonable

values of the subject Derivatives Contracts and the netting provisions thereunder, LBHI does not

owe any amounts to the claimants.  Consequently, the No Liability Derivatives Claims do not

constitute valid *prima facie* claims.

4

12.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13.     The Plan Administrator currently utilizes a thorough, multi-step process to review claims filed against LBHI based on a Derivatives Contract ("Derivatives Claims") in order to determine the fair, accurate, and reasonable value, if any, of such claims. In order to determine the amounts due under a Derivatives Contract, the Plan Administrator: (i) collects and reviews documents related to the relevant Derivatives Claim including, but not limited to, the relevant Derivatives Questionnaire and/or Guarantee Questionnaire, the termination notice, and the valuation statement; (ii) reconciles posted collateral and any cash payments already received, made, or missed; and (iii) reviews the valuation methodology used by the claimant to determine the value of the claim, including verifying the legitimacy of quotes provided by the claimant in connection with its valuation statement, reviewing claimant's "loss" calculation, and evaluating any set-off claims.[2] Furthermore, to the extent the holder is willing, the Plan Administrator engages in lengthy negotiations with the holder of the Derivatives Claim that are often very detailed and may extend over a period of months.

---

[2] For a more comprehensive discussion of the valuation process, please see the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [ECF No. 4113]).

5

14.       The Plan Administrator has undertaken this lengthy process with respect to each of the No Liability Derivatives Claims and concluded that a fair, accurate, and reasonable valuation of the No Liability Derivatives Claims demonstrates that LBHI does not owe any of the claimants money.  Accordingly, the Plan Administrator requests that the Court disallow and expunge in their entirety the No Liability Derivatives Claims listed on Exhibit A.

15.       With respect to claimants asserting No Liability Derivatives Claims as to which the Court does not grant this Four Hundred Fifteenth Omnibus Objection to Claims, the Plan Administrator may commence alternative dispute resolution procedures under the *Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors*, dated April 19, 2010 [ECF No. 8474].

### Notice

16.       No trustee has been appointed in these chapter 11 cases.  Notice of this Four Hundred Fifteenth Omnibus Objection to Claims has been served on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

17.       No previous request for the relief sought herein has been made by the Plan

Administrator to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order

granting the relief requested herein and such other and further relief as is just.

Dated: May 21, 2013
       New York, New York

                              /s/ Robert J. Lemons
                              Robert J. Lemons

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Lehman Brothers Holdings Inc.
                              and Certain of Its Affiliates

US_ACTIVE:\44259624\1\58399.0003

**<u>Exhibit A</u>**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 415: EXHIBIT A - NO LIABILITY DERIVATIVE CLAIMS**

| | NAME | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | HAMADA SHOKAI CO. LD | Lehman Brothers Holdings Inc. | 12450 | $15,780,487.60 | $15,780,487.60 | None | No Liability Claim - Derivative |
| 2 | KT CORPORATION | Lehman Brothers Holdings Inc. | 2122 | $14,851,674.00 | $14,851,674.00 | None | No Liability Claim - Derivative |
| 3 | LOVELY QUEEN CO, LTD | Lehman Brothers Holdings Inc. | 9399 | $3,743,517.18 | $3,743,517.18 | None | No Liability Claim - Derivative |
| | | TOTAL | | $34,375,678.78 | $34,375,678.78 | | |

* - Indicates claim contains unliquidated and/or undetermined amounts

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :    **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :    **08-13555 (JMP)**
                                                         :
                          **Debtors.**                   :    **(Jointly Administered)**
-------------------------------------------------------------------x

**ORDER GRANTING FOUR HUNDRED FIFTEENTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)**

Upon the four hundred fifteenth omnibus objection to claims, dated May 21, 2013

(the "Four Hundred Fifteenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664]

(the "Procedures Order"), seeking disallowance and expungement of the No Liability Derivatives

Claims on the grounds that they assert claims for which LBHI has no liability, all as more fully

described in the Four Hundred Fifteenth Omnibus Objection to Claims; and due and proper

notice of the Four Hundred Fifteenth Omnibus Objection to Claims having been provided to (i)

the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the

Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York;

(v) the claimants listed on Exhibit A attached to the Four Hundred Fifteenth Omnibus Objection

to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Four Hundred Fifteenth Omnibus Objection to Claims.

in the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [ECF No. 9635]; and the Court having found and

determined that the relief sought in the Four Hundred Fifteenth Omnibus Objection to Claims is

in the best interests of LBHI, its creditors, and all parties in interest and that the legal and factual

bases set forth in the Four Hundred Fifteenth Omnibus Objection to Claims establish just cause

for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

is

        ORDERED that the relief requested in the Four Hundred Fifteenth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

        ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

        ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Four Hundred

Fifteenth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is

further

        ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2013
     New York, New York

                              _____
                              UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44259624\1\58399.0003