B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>El Veasta Lampley | **DEFENDANTS**<br>Lehman Brother's Holdings, Inc |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |

| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
FRAUD

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☑ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☑ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☑ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand  $20,000,000. |
| Other Relief Sought DECLARATORY | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Lehman Brothers Holdings Inc | BANKRUPTCY CASE NO.<br>08-13555 | |
| DISTRICT IN WHICH CASE IS PENDING<br>SOUTHERN | DIVISION OFFICE<br>NY | NAME OF JUDGE<br>PECK |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>4/10/13 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

El Veasta Lampley 8042 Sunset Cir.
~~7801 Ellis Ave #4~~
Huntington Beach, Ca  92648
In pro per
714 472-5139 brnsugs@yahoo.com

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lampley, El Veasta, | ) LEAD CASE ; 08-13555 |
| Plaintiff, | ) ADVERSARY COMPLAINT |
| vs. | ) COMPLAINT FOR: |
| Lehman Brothers Holdings, LLC | ) 1.CONSPIRACY TO COMITT FRAUD |
| | ) 2.FRAUD AND INTENTIONAL TORT |
| Defendants | ) 3.AIDING AND ABETTING FRAUD, |
| | ) 4 NEGLIGENT MISREPRESENTATION |
| | ) 5.Violation of Homeowners Bill of Rights |

6. Cal Civil Code Section 2934

7. 12 U.S.C. 2605

8. "Robo Signing and Fabrication of Documents

DEMAND FOR A JURY TRIAL

[Summary of pleading] - 1

1  PLAINTIFF DOES NOT CONSENT TO THE ENTRY OF FINAL ORDERS OR JUDGMENT BY THIS

2  COURT IF IT IS DETERMINED THAT THE COURT, ABSENT CONSENT OF THE PARTIES,

3  CANNOT ENTER FINAL ORDERS OR JUDGMENT CONSISTENT WITH ARTICLE III OF THE

4  UNITED STATES CONSTITUTION. IF MATTERS ARE CONSIDERED BY THIS COURT TO BE

5  CORE MATTERS, PLAINTIFF DOES GIVE CONSENT TO FINAL ORDERS OR JUDGMENT OF THIS

6  COURT.  PLAINTIFF REQUEST PROCEEDING TO BE TRANSFERRED TO DISTRICT COURT

7  IMMEDIATELY                    **I  INTRODUCTION**

8

9   1.      Plaintiff El Veasta Lampley, brings this action and hereby

10          alleges: conspiracy to comitt fraud, fraud and intentional

11          tort,    aiding    and    abetting    fraud,    negligent

12          misrepresentation, violation of California commercial

13          Section 3301, Violation of Cal civil code section 2924

14          violation of 12 U.S.C. 2605, "Robo signing" and Fabrication

15          of documents

16   2.     The defendants, Lehman Brothers Holdings, LLc, and at all

17          times  herein  mentioned  was,  a  resident  of  Orange

18          California, Orange County California.

19   3.     The plaintiff is informed and believes and thereon alleges

20          that, at all times herein mentioned, Wells Fargo Bank

21          (WFB), U.S.Bank (USB), New Century Mortgage Corporation

22          (NCM)and First American Trustee solutions (FATS) was

23          agent and employee of defendant, Lehman Brothers (LBH), and

24          in doing the things herein alleged was acting within the

25          course and scope of such agency and herein alleged

26          was acting within the course and scope of the

27          agency and employement and with the permission and

28          consent of his/her codefendant.

[Summary of pleading] - 2

<u>Jurisdiction</u>

2.   This proceeding is a non-core proceeding over which the Court has no jurisdiction pursuant to 28 U.S.C. §157 (b) (C) (1) (H) (I) (K) in that these proceedings are related to the above captioned proceeding.  As a result, this Court has no authority to hear and determine the dispute at issue and grant the relief requested, and Plaintiff does not consents to the entry of a judgment.

3.   This matter involves El Veasta Lampley ("plaintiff") pro se, effort to invalidate a **January 21, 2006** mortgage and set-aside foreclosure of my home at 20051 Big Bend Lane, Huntington Beach, CA on January 27, 2012.

4.   Plaintiff, El Veasta Lampley sought protection under Chapter 11 of the Bankruptcy code on January 26, 2012.

5.  Plaintiff, El Veasta Lampley, brings this enforcement action pursuant to Unfair or Deceptive Acts or Practices in Violation of:

    A.  Conspiracy to commit Fraud, Fraud and Deceit Cal Civil Code §1709, §1710(4)

      §§5-1:00, 2:00

    B.  Actual Fraud Cal Civil Code § 1572, 5-1:00

    C.  Negligent misrepresentation (5-2:00)

    D.  Violations of Cal. Com. Code Section 3301.F A C 146 – not persons entitled to enforce the security interest.

    E.  Violations of Cal. Civil Code Section 2934-the process of recording assignments with backdated

1    effective   dates   may   be   improper,   and   thereby

2    taint the notice of default.

3    F. Violation of 12 U.S.C. 2605

4    G. "Robo signing and Fabrication of Documents

5

6    and require Lehman Brothers Holdings

7    to  pay  civil  penalties,  restitution,  compensatory  damages,

8    punitive damages,  and other damages arising from their unfair,

9    deceptive, and discriminatory origination  and servicing of my

10   mortgage  loan,  and  to  disgorge  their  ill-gotten  gains  and

11   profits from such conduct.

12    6.   The   plaintiff   seeks   damages   in   the   amount   of

13   $20,000,000 in damages, avoidance of a lien and determination of

14   compensatory damages and punitive damages caused by defendants,

15   Lehman   Brothers   Holdings.    Plaintiff   seeks   the   following

16   damages:   (1)   compensatory   damages   of   $20,000,000-One   who

17   willfully deceives another with intent to induce him or her to

18   alter his or her position to his or her injury or risk, is

19   liable for any damages that the injured party thereby suffers

20   [Civ. Code § 1709].

21    (2)  Punitive  damages   an  intentional  misrepresentation,

22   deceit, or concealment of a material fact known to the defendant

23   with  the  intention  on  the  part  of  the  defendant  to  thereby

24   deprive a person of legal rights or property, or to otherwise

25   cause injury.

26    7.   For the purpose of this brief, the above named

27   companies will be referenced as: Lehman Brothers-LBH, New

28   Century Mortgage-NCMC, U.S.Bank National-USBN, Wells Fargo Bank-

[Summary of pleading] - 4

1  WFB, First American Trustee Solutions-FATS and Severson and

2  Werson-SW.

3  ## III **Parties**

4      8.   El Veasta Lampley, plaintiff was the trustor of the

5  mortgage and note on the property at 20051 Big Bend Lane,

6  Huntington Beach, California, dated January 21, 2006.

7      9.   ***Lehman Brothers Holdings Inc.*** (**LBH**) was a national

8  Mortgage lender. Lehman is currently in chapter 11 bankruptcy

9  number 458 B.R. 134(2011) No. 08-01420 and 08-13555 (JMP)(SIPA).

10  ***Lehman Brothers Holdings Inc.*** (**LBH**) is the seller of the

11  Structured Asset Investment Loan Trust Mortgage Pass-Trough

12  Certificates, Series 2006-4 whom alleges the note is attached

13  with to the above property at 20051 Big Bend Lane, Huntington

14  Beach, CA.

15      10.   ***New Century Mortgage Corporation*** (**NCMC**) was a national

16  mortgage lender. NCMC is currently in chapter 11 bankruptcy

17  number 07-10416 (KJC).NCMC was the originating "lender" on the

18  Note.

19      11. ***U.S.Bank National Association*** (**USBN**) is a national

20  bank. U.S.Bank is involved in 3500 active lawsuits. Defendants

21  are seeking eviction of the plaintiff of the property at 20051

22  Big Bend Lane, Huntington Beach, Ca  92646.

23      A.   USBN claims to be the holder-in-due-course of the

24         note.

25      B.   USBN has failed to prove that it is the holder of

26         the note.

27      12. ***Wells Fargo Bank*** (**WFB**) DBA American Servicing is a

28  national bank.

A.   WFB agreed to pay **5.3 *Billion*.** on 2/9/12 to 49
states and several federal agencies regarding
mortgage servicing, foreclosure and origination
issues. WFB is a nationwide, diversified,
community-based financial services company with
**$1.3trillion** in *assets.*

B.   During the period of October 1, 2008 through
September 30, 2010, WFB submitted **14,442 claims**
on **foreclosed loans** to the FHA for payment in the
23 judicial States and jurisdictions totaling
about **1.7 billion.**

C.   The request for payment sparked an investigation
by the Office of the Inspector General.

D.   The memorandum was released on March 12, 2012
finding WFB guilty of fraud in servicing,
foreclosure procedures and origination.

E.   As stated above, Defendant LBH, through its agent
Defendant WFB, instituted a non-judicial
foreclosure proceeding and foreclosed on the
property which mortgage was originally issued in
the name of NCMC, a Delaware corporation
organized under the laws of an un-known state.
Defendant LBH has taken the unverified position,
through its counsel, that Defendant NCMC
previously assigned the mortgage issued by NCMC
as to the property to Defendants LBH.

F.   LBH has failed and refused to prove to plaintiffs
that it is the holder of all rights under the
Note, which is an instrument of indebtedness

which would permit the legal holder thereof to
declare a default and facilitate a foreclosure.

G.   Defendants LBH has refused and failed to
demonstrate that it, and not the certificate-
holders have acceded or legally assigned their
rights to and under the subject Mortgage to
Defendants WFB, specifically the right to
foreclose.

H.   LBH has not demonstrated that it has suffered an
actual or threatened injury as a consequence of
any default, which distinct and palpable injury
is legally required under applicable  law in
order for Defendants LBH to satisfy the legal
standing to foreclose on the property.

I.   Further, there is a cloud on the title to the
property which defendant LBH failed to extinguish
or disclose as it choose to perform a non-
judicial foreclosure on 01/27/12.

J.   The cloud arises out of the filing of an action
styled, "Unlimited Civil Lawsuit case number 30-
2011 00529194 on December 12, 2011 and a
bankruptcy filed by plaintiff, case number 8:12
bk 11026 TA filed on January 26, 2012.

13.   *First American Trustee Solutions, ·LLC* (**FATS**) is a
national limited liability company designed to act as
custodian and enforce foreclosure sales on the behalf
of various banks.

15.   This action is brought against Lehman Brothers

1   in order to effectuate the relief which El Veasta Lampley,

2   plaintiff seeks for estate in this action, damages of

3   $20,000,000., setting aside of foreclosure on property

4   01/27/2012 and those damages determined to be necessary by this

5   court final order in this proceeding by the Judge.


## IV Statement of Facts


16. May 18, 2004 Lehman Brothers Holdings signed a Flow
Mortgage Loan purchase and Warranties Agreement by and between
the bank and NC Capital Corporation DBA NCMC.  On May 18, 2004
Defendant LBH conspired with Defendants NCH and WFB to commit
fraud against Plaintiff El Veasta Lampley. Defendants USB aided
and abetted the fraud.

17.  On or about October 01, 2005, plaintiff attended a seminar
hosted by NCH sales executive, Dale Koscielski.

A.   Dale Koscielski approached plaintiff after the seminar
informing plaintiff about excellent new programs for
teachers that offer fixed rate mortgages for 30 years.

B.   On October 10, 2005 Plaintiff applied for the loan to
purchase the property at 20051 Big Bend Lane,
Huntington Beach, CA. see exhibit 4.

C.   Plaintiff was approved for a fixed rate loan and
shortly thereafter located the said property. See
exhibit #5.

D.   Plaintiff put ten thousand dollars down on the
property, deposited an additional $88,374. in the

1    escrow and leased out the property of plaintiff

2    current resident.

3    E.    Upon closing on or about January 20, 2006 plaintiff

4    was given a loan docs to sign and a copy of the loan

5    application signed on October 17, 2005.

6    F.    Plaintiff noticed that the income had been stated to

7    be $16,388 per month on the new application based upon

8    6 months bank statements.

9    G.    The loan was not fixed for 30 years but in fact fixed

10    for only two years with a pre-payment penalty and a

11    balloon payment.

12    H.    Plaintiff called Dale on or about January 20, 2006

13    around 10:30 am from Irvine, CA at the escrow company

14    and informed him that the documents did not offer the

15    fixed loan that had been promised and that the

16    documents had over stated plaintiff's income.

17    I.    Plaintiffs' income at the time was approximate $3200.

18    per month as a school teacher.

19    J.    On or about January 20, 2006 in Irvine California via

20    cell phone, at approximate 10:30 am, Dale stated that

21    he would refinance the loan prior to the two year

22    period.

23    K.    That was a fraudulent act committed by Dale

24    Koscielski, account executive for New Century Mortgage

25    Company.

26    L.    In addition, Dale stated that the income was based

27    upon bank statements provided by plaintiff and

28    calculated by the underwriter.

M.  With the possibility of loosing the total of $98,374.
    deposited into escrow, I signed the loan documents
    under duress.

N.  On or about January 20, 2006 at approximate 10:30 AM
    Dale committed fraud by inducing plaintiff to sign the
    loan documents for a high-cost predatory loan that was
    bound for foreclosure.

O.  The Deed was granted to Plaintiff on 1/13/06.

P.  The Deed of Trust was signed on January 21, 2006 along
    with the Note fixed for two years.

Q.  On February 14, 2006 a Purchase Price and Terms Letter
    by and among Lehman Brothers Bank, FSB, NC Capital
    Corporation, and New Century Mortgage Corporation and
    it was later revised on March 17, 2006.

R.  On March 28, 2006 the NC Capital Corporation
    Settlement Notification and Funding Memo, was signed.
    NCH alleges selling the said loan to LBH on March 28,
    2006.

18.  On June 1, 2006 assignment agreement was signed for
the Structured Asset Investment Loan Trust Mortgage Pass Though
Certificates, Series 2006-4. See exhibit 3.

19.  On September 6, 2006 the Assignment of Deed of Trust
was alleged effective.

A.  The agreement was not signed until July 7, 2007 and
    recorded on 8/10/07. On 9/7/06 one day after the
    assignment, plaintiff's home went into default.

B.  A Notice of Default was recorded on 9/08/06.

[Summary of pleading] - 10

1     C.   Wells Fargo claimed to lack authority to contact

2         Plaintiff, Plaintiff faxed the authorization to Wells

3         on 11/1/06.

4     D.   On 11/22/06 Wells Fargo denied a work out plan to

5         plaintiff.

6     E.   On 11/29/06 Plaintiff faxed over another request for a

7         work out plan.

8     F.   Wells Fargo sends Plaintiff a new Notice of Trustee

9         Sale and Declaration dated 12/09/06

10    20.  On April 4, 2007 NCMC filed bankruptcy four months

11  after plaintiffs' home went into default.

12    21.  On 5/17/07 WFB contacted plaintiff after receiving

13  documents from Plaintiff.

14     B.   Financials were sent to Wells Fargo Bank.

15     C.   On July 30, 2007 New Century signed the Assignment of

16  Deed of Trust assigning U.S.Bank as Trustee.

17     D.  Call log to ASC dba Wells Fargo·dating from 8/7/07-

18  12/17/07.

19     F.   2/25/08 letter from ASC dba WFB denying a loan

20  modification.

21     G.   Order granting stay for sixty days.

22     H.   Call log from 8/20/08-10/07/08.

23     I.   Fax sent to ASC advising Defendants of stay.

24     J.   Notice of Sale and Declaration on 3/3/10.

25     K.   Notification of violation by Plaintiff.

26     L.   Notice of Sale on 11/12/11 and Declaration signed on

27  8/8/11, recorded on 9/19/11.

28     M.   Fax acknowledgement of sent request for information to

ASC dba WFB 10/3/11.

[Summary of pleading] - 11

O.   On 1/26/12 plaintiff filed Bankruptcy and the home was sold on 1/27/12.

P.   Defendants served a notice to quit on plaintiff on January 28, 2012 and secured a judgment for procession against Plaintiff on August 31, 2012.

### V  Standards/Rules

34.  CONSPIRACY TO COMITT FRAUD, FRAUD AND INTENTIONAL TORT, AIDING AND ABETTING FRAUD, NEGLIGENT MISREPRESENTATION, "Robo signing", Fabrication of documents and Homeowners Bill of Rights.

A.      Fraud is any misrepresentation, either by misstatement or omission of a material fact, knowingly made with the intention of misrepresentation to another and on which a reason able person would and does rely to his or her detriment.

B.      Misrepresentation-involves the use of fraud and deceit for personal gain. It involves several elements:

1.   Misrepresentation of facts or conditions with knowledge that they are false or with reckless disregard for the truth.

2.   Intent to induce another to rely on the misrepresentation.

3.   Justifiable reliance by the deceived party.

4.   Damages suffered as a result of reliance.

5.   Caused    connection    between    the misrepresentation and the injury suffered.

C.       Negligence-elements

1.   a legal duty to use care

2.   breach of such duty

3.   and the breach as the proximate or legal cause of the resulting injury.

35. Violation of Holder-in-due-cause-C.C.C. 2924-Lack of standing ,violation of Cal Civil code section 2934, Violation of Calif. Commercial Code Section 3301.

36. Violation of 12 U.S.C. 2605(a)(1), 2605 (b), 2605(e)(1)(a) and 2605(e)(2)-requires written acknowledgement of written request from borrower.

## VI **Analysis**

1. Plaintiff incorporates here each and every allegation set forth above. Please see attached.

## VII **CONCLUSION**

37. Plaintiff seeks such injunctive relief as may be determined to be appropriate and equitable in order to remedy, address, and prevent additional harm arising from the unlawful conduct of U.S.Bank National Association, Wells Fargo Bank and First American

Trustee Servicing LLC , Lehman Brothers Holdings and New Century Mortgage.

38. The allegations contained in all the paragraphs in the Complaint are realigned and incorporated herein by reference.

39. This is an action for relief which is brought pursuant to applicable law that Defendant LBH has no legal or equitable rights in the Note or Mortgage for purposes of foreclosure and that said Defendant had and never had legal standing to institute, maintain or foreclose on the said property at 20051 Big Bend Lane, Huntington Beach, CA 92646.

40. As set forth above, Defendant LBH has provided no evidence that it has full legal interest in and title to the Mortgage, and has provided no evidence that it has any interest in the Note.

41. As set forth above, Defendant LBH does not possess the requisite legal rights to foreclose on the property.

42. As set forth above, Defendant LBH, as the alleged foreclosing party, was not a party to the original mortgage contract documents; was not named as a payee in the Note; and has failed to demonstrate any valid, verified, authenticated assignment of the Note or the Mortgage, and is thus legally was precluded from instituting, maintaining or causing the foreclosure

action on 01/27/2012 on said property at 20051 Big Bend Lane, Huntington Beach, Ca. 92646.

43. As set forth above, Defendants WFB DBA American Servicing Corporation is only the servicer of the Note, and as such cannot institute or maintain a foreclosure preceding either directly or indirectly as agent of Defendant WFB.

44. Defendants American Trustee Solutions LLc,as such cannot institute or maintain a foreclosure preceding either directly or indirectly as agent of Defendants WFB.

45. Defendants U.S.Bank is not a holder in due cause based on a void assignment of deed of trust bearing a back date of ten months.

46. Wherefore, Plaintiffs demand that the court adjudge:

A. That Defendants LBH has/had no legal standing or the proper legal or equitable interest in either the Note or Mortgage to institute, maintain or cause a foreclosure; and that the action by Defendants WFB and USBN conducting a sale of the property if legally defective precluded from enforcement and that the plaintiff recover their costs as provided by law.

47. EQITABLE RELIEF

48. Plaintiff, El Veasta Lampley repeats and incorporates by reference all allegations contained in this complaint as if fully set forth herein.

A.   Plaintiffs' loan that were unlawfully originated or serviced, and that were acquired by LBH were acquired subject to all of the plaintiffs claims set forth herein.

B.   As U.S.Bank National Bank Association presently services all or nearly all of the subprime mortgage loans originated by NCMC equitable order against U.S.Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, 2006-04 is appropriate to achieve the relief due, the relief necessary to remedy the harm suffered by the plaintiff as a result of the unfair or deceptive acts or practices of LBH, and to ensure that LBH, US.Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, 2006-04is not permitted to service or foreclose upon the plaintiff's loans without due consideration of LBH unlawful origination conduct alleged in this Complaint.

49.  Prayer for RELIEF

WHEREFORE, the plaintiff requests that this court grant the following relief:

A.   Issue a short order of notice requiring the defendants to show cause why an order to set aside the foreclosure on January 27, 2012 should not issue against them and, after hearing, issue a preliminary injunction, enjoying all

[Summary of pleading] - 16

defendants, and their officers, agents, servants, employees, attorneys, mortgage brokers, successors and assigns, and all other persons and entities, whether acting individually or in active participation or concert with them, directly or indirectly, through any corporation, trust or other device who receive actual notice of the order, from:

    (a) further selling, transferring or assigning the loan on the subject property

B.  After trial on the merits; enter judgment in favor of the Plaintiff including restitution to plaintiff injured by defendants; unfair or deceptive acts or practices, civil penalties, punitive damages and compensatory damages in the amount of $20,000,000. and other remedial relief, and reconveyance of property to plaintiff.

C.  Plaintiff further requests that the court issue an emergency order requiring attorney confirmation with a signed affidavit of facts relied upon in this foreclosure proceedings, sign an order for a Special Master examination of Lehman Brothers Holdings current processes and retrospective measures with an investigation and potential sanctions for past and present conduct contemplated in the Order.

D.    A Special Master is needed because this court and plaintiff are faced with past and prospective failure and refusal to perform by LBH.

A declaration of El Veasta Lampley, is filed herewith in support hereof.

PLAINTIFF DEMANDS A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY JURY

I declare under penalty of perjury under the laws of State of California that the information above is true and correct to the best of my knowledge, signed in Huntington Beach, California, on April 10, 2013 by El Veasta Lampley.

Date:                              Plaintiff:


April 10, 2013

Respectfully Submitted,

El Veasta Lampley


CASES


Bardasia v.Santa Cla a Mortgage

Lona v.Citibank, N.A.

McCarley v. KPMG

US Bank v. Ibanez

Indy Mac v. Yano-Horoski

1 | **Veal v. American Home Mortgage**

2

3

4

5 |  Statue

6 | Homeowners Bill of Rights

7 | California Commercial Code Section 3301

8 | 12 U.S.C. 2605

9 | Cal Civil Code section 2923.5

10 | C.C.P. 1709-1710

11 | C.C.P. 1572 5-1:00

12 | FRAUD, AIDING AND ABETTING FRAUD

13 | NEGLIGENCE AND MISPRESENTATION

14 | REPA

15 | Libel and Defamation of character

16

17

18

19

20

21

22

23

24

25

26

27

28