B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re  Lehman Brothers Holdings Inc._____,    Case No. _08-13555_____

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Lehman Brothers Special Financing Inc. | Diadem City CDO Limited |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent: C/o Lehman Brothers Holdings Inc, 1271 Avenue of the Americas 40th floor, New York, NY10020. Attention: Derivatives Legal

Phone: 646-285-9000
Last Four Digits of Acct #: N/A

Court Claim # (if known): __58082__
Amount of Claim: __$10,042,799.40__
Date Claim Filed: __10/30/2009__

Phone: +1345 9433100
Last Four Digits of Acct. #: __8400__

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #:_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:_____    Date: _5-20-13_
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **DIADEM CITY CDO LIMITED** (the "Transferor") hereby unconditionally and irrevocably transfers and assigns to **LEHMAN BROTHERS SPECIAL FINANCING INC**[1]. (the "Transferee"), and the Transferee hereby agrees to receive, as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in Schedule I attached hereto (the "Assigned Claim"), in the Transferor's right, title and interest in and to Proof of Claim Number 58082 filed by or on behalf of the Transferor (the "Proof of Claim") against Lehman Brothers Holdings Inc., debtor in the chapter 11 case (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of the Transferor relating to the Assigned Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Assigned Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Assigned Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Assigned Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Assigned Claim, and (iv) any and all of the Transferor's right, title and interest in, to and under the transfer agreements, if any, under which the Transferor or any prior seller acquired the rights and obligations underlying or constituting a part of the Assigned Claim, but only to the extent related to the Assigned Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), (d) the security or securities (any such security, a "Transferred Security") relating to the Assigned Claim and specified in Schedule I attached hereto and (e) all rights with respect to the Assigned Claim to vote on any chapter 11 plan proposed in the Bankruptcy Case, and upon receipt of a voting ballot for such plan, the Transferor shall vote on the plan as instructed by the Transferee in the Transferee's sole discretion.

2.   The Transferor hereby represents and warrants to the Transferee that, to the best of its knowledge and belief: (a) the Transferred Claims are transferred free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by the Transferor or against the Transferor; (b) the Transferor is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Partial Transfer of Claim; and (c) the Transferor has not engaged in any acts, conduct or omissions that will result in the Transferee receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.   The Transferor hereby waives any objection to the transfer of the Transferred Claims to the Transferee on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of the Transferor by the Transferee for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. The Transferee agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy

---

[1] For the avoidance of doubt, whenever LBSF is required hereunder to take any actions or assume any obligations, the Plan Administrator shall cause LBSF to take such actions or assume such obligations.

Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim. The Transferor acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to the Transferor transferring to the Transferee the Transferred Claims, recognizing the Transferee as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Assigned Claim be delivered or made to the Transferee.

4. All representations, warranties and covenants shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. The Transferee shall not be entitled to transfer or assign its rights under such representations, warranties or covenants, provided however, that nothing shall prevent the Transferee from transferring or assigning the Transferred Claims or the Transferred Security.

5. The Transferor shall as soon as reasonably practicable remit any payments, distributions or proceeds received by the Transferor in respect of the Transferred Claims to the Transferee. The Transferor has transferred, or shall transfer as soon as practicable after the date hereof, to the Transferee each Transferred Security to such account, via Euroclear or Clearstream (or similar transfer method, or via another settlement method agreeable to both the Transferee and the Transferor), as the Transferee may designate in writing to the Transferor. This Agreement and Evidence of Partial Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Transferred Security.

6. Each of the Transferor and the Transferee agrees, in each case at the Transferee's expense, to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. The Transferor's and the Transferee's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). The Transferor and the Transferee each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this 3rd day of December 2012.

| DIADEM CITY CDO LIMITED | LEHMAN BROTHERS SPECIAL FINANCING INC. acting through its Plan Administrator Lehman Brothers Holdings Inc. |
|---|---|
| By: _____ <br> Name: Rachael Rankin <br> Title: Director | By: _____ <br> Name: _____ <br> Title: _____ of <br> Lehman Brothers Holdings Inc. |
| Address: Intertrust SPV (Cayman) Limited, 87 Mary Street, George Town, Grand Cayman KY19002, Cayman Islands | Address: c/o LAMCO Services Ltd, 6th floor, 111 Old Broad Street, London EC2N 1FP, England |

2

US_ACTIVE:\44096132\2\58399.0003

Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim. The Transferor acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to the Transferor transferring to the Transferee the Transferred Claims, recognizing the Transferee as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Assigned Claim be delivered or made to the Transferee.

4. All representations, warranties and covenants shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. The Transferee shall not be entitled to transfer or assign its rights under such representations, warranties or covenants, provided however, that nothing shall prevent the Transferee from transferring or assigning the Transferred Claims or the Transferred Security.

5. The Transferor shall as soon as reasonably practicable remit any payments, distributions or proceeds received by the Transferor in respect of the Transferred Claims to the Transferee. The Transferor has transferred, or shall transfer as soon as practicable after the date hereof, to the Transferee each Transferred Security to such account, via Euroclear or Clearstream (or similar transfer method, or via another settlement method agreeable to both the Transferee and the Transferor), as the Transferee may designate in writing to the Transferor. This Agreement and Evidence of Partial Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Transferred Security.

6. Each of the Transferor and the Transferee agrees, in each case at the Transferee's expense, to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. The Transferor's and the Transferee's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). The Transferor and the Transferee each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this 3rd day of _____ 2012.

| **DIADEM CITY CDO LIMITED** | **LEHMAN BROTHERS SPECIAL FINANCING INC. acting through its Plan Administrator Lehman Brothers Holdings Inc.** |
|---|---|
| By: _____ <br> Name: _____ <br> Title: _____ | By: _[signature]_____ <br> Name: ROBERT HERSHAN <br> Title: SVP of <br> **Lehman Brothers Holdings Inc.** |
| Address: Intertrust SPV (Cayman) Limited, 87 Mary Street, George Town, Grand Cayman KY19002, Cayman Islands | Address: c/o LAMCO Services Ltd, 6th floor, 111 Old Broad Street, London EC2N 1FP, England |

2

Transferred Claims

Assigned Claim

USD 10,042,799.40 of USD 10,042,799.40 (the outstanding amount of the Proof of Claim as of 5 October, 2012).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of 9/15/08) |
|---|---|---|---|---|---|---|---|
| AUD 12,400,000 in principal amount of Floating Rate Notes due 20 September 2014 issued by Lehman Brothers Treasury Co. B.V. | XS0380777671 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | AUD 12,400,000 | Floating Rate | 2014 | 10,042,799.40 |