**Hearing Date and Time:  June 19, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  June 12, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter Gruenberger
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,                      :   08-13555 (JMP)
                                                            :
                      Debtors.                              :   (Jointly Administered)
                                                            :
                                                            :
------------------------------------------------------------x
```

**NOTICE OF MOTION OF LEHMAN BROTHERS HOLDINGS INC. PURSUANT TO**
**SECTION 105(a) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-390 FOR**
**AN ORDER SUPPLEMENTING THE TIER ONE AND SPV ALTERNATIVE DISPUTE**
**RESOLUTION PROCEDURES ORDERS TO ADD TWO ADDITIONAL MEDIATORS**

PLEASE TAKE NOTICE that a hearing on the annexed motion of Lehman

Brothers Holdings Inc. ("LBHI), as Plan Administrator under the Modified Third Amended Joint

Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section

105(a) of the Bankruptcy Code and General Order M-390, for an order supplementing (i) the

*Alternative Dispute Resolution Order for Affirmative Claims of Debtors Under Derivatives*

*Contracts*, dated September 17, 2009 [ECF No. 5207] and (ii) the *Amended Order Providing for*

*Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivatives*

*Transactions with Special Purpose Vehicle Counterparties*, dated July 18, 2012 [ECF No.

29507], to add two additional mediators (the "Motion"), will be held before the Honorable James

US_ACTIVE:\44262512\3\58399.0003

M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York, 10004 (the "Bankruptcy Court"), on **June 19, 2013 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Robert J. Lemons, Esq., Scarlett Collings, Esq., and Lee J. Goldberg, Esq., attorneys for LBHI; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq., Susan Golden, Esq. and Andrea Schwartz, Esq.; (iv) all parties who have requested notice in these chapter 11 cases and (v) and all parties with a particularized interest in the Motion, so as to be so filed and received by no later than **June 12, 2013 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

2

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 31, 2013
New York, New York

/s/ Peter Gruenberger
Peter Gruenberger
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

3

Hearing Date and Time:  June 19, 2013 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  June 12, 2013 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter Gruenberger
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                             :    Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,      :    08-13555 (JMP)
:
Debtors.                                              :    (Jointly Administered)
:
:
------------------------------------------------------------------x

**MOTION OF LEHMAN BROTHERS HOLDINGS INC. PURSUANT TO SECTION
105(a) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-390 FOR AN
ORDER SUPPLEMENTING THE TIER ONE AND SPV ALTERNATIVE DISPUTE
RESOLUTION PROCEDURES ORDERS TO ADD TWO ADDITIONAL MEDIATORS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), submits this motion (the "Motion"), and respectfully represents:

**Background**

1.   Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries (together, the "Chapter 11 Estates") commenced with this Court voluntary cases under chapter 11 of title 11 of

the United States Code (the "Bankruptcy Code"). The Chapter 11 Estates' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.      On December 6, 2011, the Court approved and entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012 (the "Effective Date").

3.      On September 17, 2009, the Court entered the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts* [ECF No. 5207] (the "Tier One Derivatives ADR Order"), approving alternative dispute resolution ("ADR") procedures for the Chapter 11 Estates' derivative contracts with recovery potential (the "Tier One Derivatives ADR Procedures"). On July 18, 2012, the Court entered the *Amended Order Providing for Alternative Dispute Resolution Procedures for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties* [ECF No. 29507] (the "SPV Derivatives ADR Order," and, together with the Tier One Derivatives ADR Order, as each may have been amended and/or modified from time to time, the "Affirmative ADR Orders"), approving ADR procedures related to SPVs[1] (the "SPV Derivatives ADR Procedures," and, together with the Tier One Derivatives ADR Procedures, as each may have been amended and/or modified from time to time, the "Affirmative ADR Procedures").

**Jurisdiction**

4.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] All terms used but not defined herein shall have the meanings ascribed to such terms in the respective Affirmative ADR Orders.

2

**Relief Requested**

5. LBHI requests, pursuant to section 105(a) of the Bankruptcy Code and the Court's General Order M-390 (the "Standing Order"), an order appointing Hon. Stephen Crane ("Crane") and Hon. Jane Greenspan ("Greenspan") as additional mediators for Derivatives ADR Disputes and SPV Derivatives ADR Disputes that reach the Mediation Stage of the respective Affirmative ADR Procedures. LBHI also seeks approval that notice of this Motion by e-mail or facsimile is good and sufficient notice of the Motion.

**Appointment of Additional Mediators for Affirmative ADR Procedures**

6. As of the Commencement Date, the Chapter 11 Estates were party to more than one million prepetition derivatives contracts (the "Derivatives Contracts"), many of which were "in the money" to the Chapter 11 Estates ("Derivatives Contracts with Recovery Potential"). Such contracts represented at the Commencement Date and remain today significant assets of the Chapter 11 Estates.

7. Many of the Derivatives Contracts that have been the subject of the Affirmative ADR Procedures cover transactions between one or more of the Chapter 11 Estates and counterparties not involving special purpose vehicles or special investment vehicles. In addition, numerous Derivatives Contracts involve a special purpose vehicle or special investment vehicle, which issued notes or certificates of beneficial interest pursuant to an indenture or trust agreement and which entered into one or more derivatives contracts with one or more of the Chapter 11 Estates (the "SPV Derivatives Transactions"). The SPV Derivatives Transactions include some of the largest Derivatives Contracts with Recovery Potential and are valuable assets of the Chapter 11 Estates.

3

8. In order to facilitate the settlement of the Derivatives Contracts with Recovery Potential, and avoid time consuming and expensive litigation causing undue delay in the administration of these chapter 11 cases and risking loss of the current value embedded in such Derivatives Contracts with Recovery Potential, the Chapter 11 Estates sought, and the Court approved, the Affirmative ADR Procedures.

9. The Affirmative ADR Procedures have been successful and a useful mechanism for the Chapter 11 Estates to resolve hundreds of disputes related to Derivatives Contracts with Recovery Potential without the need for intervention by the Court. As of the date of this Motion, the Chapter 11 Estates have commenced proceedings under the Affirmative ADR Procedures and the ADR procedures approved by the Court pursuant to the *Order Amending the Tier 2 Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts*, dated May 2, 2012 [ECF No. 27698] (the "Tier Two Derivatives ADR Procedures"), by serving approximately 350 ADR notices and have successfully settled 260 ADR matters involving 354 counterparties. As a result of these settlements, the Chapter 11 Estates have recovered an aggregate total of $1,536,422,352 new dollars. Also as of the date of this Motion, of the 109 ADR matters that have reached the Mediation Stage of the Affirmative ADR Procedures and have been concluded, 102 have been settled in mediation.

10. To capitalize on the success experienced in resolving Derivatives ADR Disputes and SPV Derivatives ADR Disputes in accordance with the Affirmative ADR Procedures, the Chapter 11 Estates have accelerated the pace of initiating ADR proceedings, including SPV ADR proceedings. Hence, in the last two months the Chapter 11 Estates have served approximately 85 ADR notices, with 80 having been SPV ADR notices. It is anticipated that in the near future the Chapter 11 Estates will serve at least 100 additional SPV ADR notices.

4

Consequently, at times, scheduling mediations for a date when all necessary parties and the mediator are available has become more difficult. To avoid scheduling conflicts in the future, expedite mediations and settlements, alleviate some of the burden on the current four mediators, and carry out the goals of Affirmative ADR Orders, LBHI seeks to have two additional mediators appointed under the Affirmative ADR Procedures.

11. In accordance with Section 2.2 of the Standing Order, the Court is authorized to appoint a mediator for mediations commenced under such Standing Order. Furthermore, while the Affirmative ADR Orders now provide that "if any named mediator is not available to serve as mediator, an alternate mediator shall be selected by the Court upon notice to [certain specified parties]," Affirmative ADR Orders at ¶ 10(a), they do not specifically provide for the appointment of additional mediators. The procedures for such appointment, however, should be no different than the appointment of an alternate mediator.

12. Mr. Crane already has served as a mediator under the ADR procedures approved by the Court pursuant to the *Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors*, dated April 19, 2010 [ECF No. 8474]. Ms. Greenspan already has served as a mediator under the Tier Two Derivatives ADR Procedures. Mr. Crane and Ms. Greenspan, respectively, satisfy all of the requirements for a mediator set forth in Section 2.0 of the Standing Order, and they are willing and able to serve as mediators for mediations conducted under the Affirmative ADR Orders.

5

**Notice**

13. No trustee has been appointed in these chapter 11 cases. Notice of this Motion has been served in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) all parties who have requested notice in these chapter 11 cases; and (vi) all parties with a particularized interest in the Motion. LBHI submits that no other or further notice need be provided.

14. Other than the requests for the establishment, amendment, and/or modification of the Affirmative ADR Procedures which were granted by the Court, no previous request for the relief sought herein has been made by LBHI to this or any other court.

WHEREFORE LBHI respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: May 31, 2013
      New York, New York

/s/ Peter Gruenberger
Peter Gruenberger
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                                  :
                        Debtors.                             :    (Jointly Administered)
                                                                  :
-----------------------------------------------------------------x

### ORDER SUPPLEMENTING THE TIER ONE
### AND SPV ALTERNATIVE DISPUTE RESOLUTION
### PROCEDURES ORDERS TO ADD TWO ADDITIONAL MEDIATORS

Upon the motion, dated May 31, 2013 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 105(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and General Order M-390, for an order supplementing (i) the *Alternative Dispute Resolution Order for Affirmative Claims of Debtors Under Derivatives Contracts*, dated September 17, 2009 [ECF No. 5207] and (ii) the *Amended Order Providing for Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties*, dated July 18, 2012 [ECF No. 29507], to add two additional mediators, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

   ORDERED that the Motion is granted; and it is further

   ORDERED that Hon. Stephen Crane and Hon. Jane Greenspan are appointed as mediators for proceedings under the Affirmative ADR Orders; and it is further

   ORDERED that all provisions of the Affirmative ADR Orders shall apply to Hon. Stephen Crane and Hon. Jane Greenspan as if they were appointed as mediators pursuant to section 10(a) of such orders; and it is further

   ORDERED that service of notice of the Motion by e-mail or facsimile shall be good and sufficient notice of the Motion; and it is further

   ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June___, 2013
   New York, New York

             _____
             UNITED STATES BANKRUPTCY JUDGE