**ARTHUR J. KENNEY**

*(Pro-Se)*

**200 East End Avenue, Apt. 5-DE**

**New York City, New York 10128**

**(646) 756-5393**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

-----------------------------------------------------------------x

**RESPONSE FROM ARTHUR J. KENNEY,** *(Pro-Se) (Submitted 06/03/2013)*

RESPONSE TO:

NOTICE OF HEARING ON
FOUR HUNDRED TENTH OMNIBUS
OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)

Kindly find my response to the FOUR HUNDRED TENTH OMNIBUS OBJECTION by LBHI Counsel for the reasons mentioned below.

FILED
U.S. BANKRUPTCY COURT
S.D. OF N.Y.
2013 JUN -3 P 1:46

I) **Background:**

1. **Claim # 14067 was filed on 09/16/2009 ($65,172.11)** representing commissions earned at Lehman Brothers Inc. and in my understanding held by Lehman Brothers Holdings (LBHI) for future stock purchases. **On 02/10/2012, I amended this claim by adding the then overlooked September accruals which totaled $16,425.55,** the breakdown of which was **23% or $3,777,88 being the stock accrual portion held by LBHI,** and **the balance of $12,647.67 the cash accrual portion.** This newly aggregated claim total was updated by assigning the new (aggregate)claim number of **# 67880 on (02/10/2012).** I was under the assumption that the original claim (# 14067 for the $65,172.11 would be extinguished which it was not.

2. **Objection 366** sought to rightfully extinguish duplicate claims, but instead of extinguishing the original claim of #14067 filed 09/16/2009, the attorneys preferred to reduce the claim #67880 (filed 02/20/2012) by the amount in the original #14067 claim of $65,172.11, resulting in Claim # 67880 representing solely the previously overlooked accrued commissions for September of #16,425.55. When I asked Mr. Brick if we could stipulate facts on the September accruals, he stated it was not necessary because they were not objecting to the claim, but just seeking to elimination the duplication.

II) **RESPONSE TO OBJECTION 410:**

1) The FY 2008 MONTHLY COMMISSION STATEMENT previously provided and also attached herein represents accrued and unpaid commissions for September 2008. Of these accrued commissions, a portion (20-25% or more, depending on title, VP, SVP, etc.) were accrued by LBHI for RSU purchases. Given my SVP position and my aggregated compensation as of September which was above the $500,000 threshhold, the stock accrual rate was at a run-rate of 23% of accrued compensation (which LBHI was accruing for year-end stock purchases). The segregation was not reflected until the end of the month, as evidenced for example by the preceding month, August 2008. It is my understanding that likewise, the cash accrual of my compensation was withheld and accrued by LBHI as part of their capital until such point as LBHI decided to release funds (net of ant adjustments) to LBI to pay my accrued commissions.

2) TO SUMMARIZE, <u>CLAIM # 67880 ($16,425.55) CONSISTS OF:</u>

A) **COMMISIONS ACCRUED FOR** WHAT WERE TO BE **FUTURE CSA/RSU PURCHASES** WAS: **$3,777.88** (23% of Sept. accrued commissions), and

B) **THE ACCRUED CASH COMPONENT** WAS (the balance): **$12,647.67** accrued as I understand it) as capital and under the control of LBHI until the end of September 2008 when payment would have been released to LBI to issue a check to me for this amount net of deductions appropriate deductions

3) During the Discovery meeting on November 2, 2012, the third request was for information regarding the accounting treatment for RSUs. In my humble opinion, resolution of Objection 410 would benefit from an explanation of the accounting for RSU accruals at LBHI as commissions were generated as the month progressed. (The September Accrued **$3,777.88 (23%) segregated for FUTURE CSA/RSU PURCHASES** by LBHI.

4) Lehman Brothers Holdings, Inc. did not provide Lehman Brothers Inc. with sufficient capital to permit it to operate properly. As a commission salesperson, the attached Monthly Commission Statement shows that though gross commissions were generated right up until the time of bankruptcy, LBHI did not supply LBI with sufficient capital to pay commissions generated that month (The September (gross) accrued Cash Segment.

III) **SUPPORTING DOCUMENT (excerpts):**

As evidenced in the **EMPLOYEE HANDBOOK 2007** provided by LBHI Counsel in their Omnibus Reply to Responses to Debtors' 118th, 130th, 131st, 133rd, 134th, 135th, 176th, 207th, ... (in the section entitled...)

## How the Equity Award Program Works *(on page 2)

*The Equity Award Program provides members of Lehman Brothers with a direct ownership interest in the Firm over time.* (... continuing below in the section entitled...)

## The Size of Your Award ...

Production-Based Employees: Similar to bonus-eligible employees, you received a year-end 2007 conditional equity award as a portion of your 2007 total compensation. **Your 2007 equity award accrues on a monthly basis, as a portion of your total payout on gross production during December 2006 through November 2007 (paid from January through December 2007) after all adjustments.** *(underline added for emphasis)

N.B., my gross production (Total Compensation) through August 2008 was $553,029.82. With the 2008 award Schedule (excerpted below), Compensation above $500,000 accrued CSAs at 23% of Commissions earned. At this proportion, the September 2008 Compensation ($16,425.55) would have a split of **$3,777.88 for CSAs/RSUs and $12,647.67 in Cash**.

## EMPLOYEE HANDBOOK 2008

### 2008 EQUITY AWARD SCHEDULE FOR PRODUCTION-BASED EMPLOYEES *(on page 13)

| | AMOUNT OF TOTAL COMPENSATION ("TC") IN EQUITY-BASED AWARDS[6] | | |
|---|---|---|---|
| **2008 Total** | *Employees Through V.P. Level* | ***Senior Vice Presidents*** | *Managing Directors* |
| **$500,000 - $749,999** | $55,200 plus 23% of 2008 TC over $500,000 | **$71,875 plus 23% of 2008 TC over $500,000** | $71,875 plus 23% of 2008 TC over $500,000 |

**COMPENSATION & COMPENSATION ACCRUAL STATEMENT:**

| Year Total | | Sep-08 | Aug-08 | Jul-08 | Jun-08 | May-08 | Apr-08 | Mar-08 | Feb-08 | Jan-08 | Dec-07 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4,082,282.28 | oss Producti | 100,505.09 | 335,362.74 | 485,245.17 | 330,816.07 | 436,459.74 | 555,973.90 | 411,792.60 | 431,491.57 | 542,848.94 | 451,786.45 |
| 628,551.73 | let Productio | 16,425.55 | 54,745.69 | 75,070.58 | 51,691.32 | 63,551.26 | 86,174.21 | 63,568.54 | 64,238.86 | 82,557.95 | 70,527.78 |
| 0.48 | b Net Produc | 0 | 0 | 0 | 0 | 0 | 0 | 0.34 | 0 | 0.14 | 0 |
| 15.4 | erage Rate ( | 16.34 | 16.32 | 15.47 | 15.63 | 14.56 | 15.5 | 15.44 | 14.89 | 15.21 | 15.61 |
| | Prior Months -Deficit | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| -59,096.83 | :o Net Produ | 0 | -8,199.85 | -11,194.03 | -7,721.77 | -9,521.75 | -12,926.03 | -9,533.40 | 0 | 0 | 0 |
| | ily Payout B: | 16,425.55 | 46,545.85 | 63,876.54 | 43,969.55 | 54,029.51 | 73,248.18 | 54,035.48 | 64,238.86 | 82,558.08 | 70,527.78 |
| 0 | Draw Amoun | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 569,455.37 | ales Compe | 16,425.55 | 46,545.85 | 63,876.54 | 43,969.55 | 54,029.51 | 73,248.18 | 54,035.48 | 64,238.86 | 82,558.08 | 70,527.78 |
| 458,176.71 | sh Commissi | 0 | 40,552.54 | 52,541.23 | 40,646.81 | 46,657.63 | 58,140.78 | 46,661.20 | 52,757.72 | 63,703.45 | 56,515.35 |
| 94,853.11 | Accrual Calc | 0 | 5,993.31 | 11,335.31 | 3,322.74 | 7,371.88 | 15,107.40 | 7,374.28 | 11,481.14 | 18,854.63 | 14,012.43 |
| 553,029.83 | otal Sales Cc | 0 | 46,545.85 | 63,876.54 | 43,969.55 | 54,029.51 | 73,248.18 | 54,035.48 | 64,238.86 | 82,558.08 | 70,527.78 |
| | -Deficit/Overa | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |

**IV)  SUMMARY OF RESPONSE:**

1) I had amended Claim # 14067 (09/16/2009) by filing Amended Claim # 67880 on 02/10/2012, the difference being that that amended claim also included commissions accrued during Sept. 2008.   As referenced above and in The Employee Handbook, a portion of compensation (in this case, commissions earned) was segregated, but the statement that was available for my access did not contain the level of sophistication to discern the exact breakdown. As evidenced from the FY 2008 MONTHLY COMMISSION STATEMENT (attached in my response of 12/09/2012) the accrual for future RSU purchases through August 2008 (which were never purchased) was $94,853.11 out of my total FY '08 commission compensation of $553,029.83 or 17.15 %.  The September Commission accrual of $16,425.55 does not reflect the break-down of the cash compensation component vs. the CSA/RSU accrual component which on the other hand would be reflected in LBHI's accounting treatment. (a split of $3,777.88 for CSAs/RSUs and $12,647.67 in Cash).  Including September, FY 2008 Total Commissions Accrued, net of the July purchase of $29,681 are $65,172.11 + Sept. CSA/RSU Accrual of $3,777.88 = $68,949.99 TOTAL CSA/RSU Accruals for FY 2008, and $12,647.67 in Cash compensation accrual (which only reflects September cash which was accruing (I believe) at LBHI until the end-of -month when LBHI would have released the capital to LBI to pay the commissions.

2) WEIL CONTACT:  On Friday, 12/14 2012 at 12-noon, I received a "heads-up"phone-call by Jordan Bryk of WEIL who informed me in the call that for efficiency, Weil would be requesting that the original claim #14067 for $65,172.11 continue, and that that amount be expunged from the amended claim #67880 of $81, 597.66 for a net, surviving amount (i.e., September accrued commissions) of $16,425.55 for Claim #67880.  I had no objection to this request.

3) <u>CLAIM # 67880 ($16,425.55) CONSISTS OF THE FOLLOWING:</u>

A) **COMMISIONS ACCRUED FOR** WHAT WERE TO BE **FUTURE CSA/RSU PURCHASES IN THE AMOUNT OF: $3,777.88 (23% of Sept. accrued commissions),** <u>*and*</u>

B) **THE CASH COMPONENT WAS (the balance): $12,647.67** which was accrued up until the time of bankruptcy, and as I understand it, became part of LBHI capital and was leveraged  and used as (fungible) capital throughout its organization (subsidiaries).

**V)   <u>*** CONCLUSION:  MAY I ASK THE COURT THAT Debtors' Counsel's OBJECTION TO CLAIM #67880 be denied and that CLAIM #67880 ($16,425.55) BE ALLOWED TO GO FORWARD. *** Kindly note that due to a conflict (I will be out of NYC from June 10th through and including June 14th )</u>.  I have asked Debtors' Counsel if the hearing on this matter could be rescheduled to a later date.  May I also ask the court to excuse any inconvenience that this request may cause..**