Hearing Date:  July 25, 2013 at 10:00 a.m. (Eastern Time)
Response Deadline:  July 10, 2013 at 4:00 p.m. (Eastern Time)

REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
Michael A. Rollin

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                                       :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

---------------------------------------------------------------------x

**NOTICE OF HEARING ON OBJECTION**
**TO PROOF OF CLAIM NO. 66961 FILED BY PACIFIC PREMIER BANK**

      **PLEASE TAKE NOTICE** that on June 10, 2013, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator") as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

the entities in the above-referenced chapter 11 cases, filed an objection to proof of claim number

66961 (the "Objection to Claim"), and that a hearing (the "Hearing") to consider the Objection to

Claim will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in

Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York, 10004, on **July 25, 2013**, **at 10:00 a.m. (Eastern**

**Time)**, or as soon thereafter as counsel may be heard.

      **PLEASE TAKE FURTHER NOTICE** that any responses to the Objection to Claim

must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Plan Administrator, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq.) and Reilly Pozner LLP, 1900 16th Street, Suite 1700, Denver, Colorado 80202 (Attn: Michael Rollin, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Andrea B. Schwartz, Esq., and Susan Golden, Esq.); so as to be so filed and received by no later than **July 10, 2013 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

      **PLEASE TAKE FURTHER NOTICE** that if no response is timely filed and served with respect to the Objection to Claim, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection to Claim, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: June 10, 2013

      New York, New York

/s/ Michael A. Rollin
Michael A. Rollin

REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110


Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

REILLY POZNER LLP

1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
Michael A. Rollin

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| ------------------------------------------------------------------x | : | |
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| ------------------------------------------------------------------x | | |

**OBJECTION**
**TO PROOF OF CLAIM NO. 66961 FILED BY PACIFIC PREMIER BANK.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

     Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases respectfully represents as follows:

**Relief Requested**

    1.    The Plan Administrator files this objection (the "Objection to Claim") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy (the "Bankruptcy Rules") and this Court's Order

approving procedures for the filing of objections to proofs of claim filed in these chapter 11 cases [ECF No. 6664], seeking disallowance and expungement of proof of claim no. 66961 (the "Claim") filed by Pacific Premier Bank ("Pacific Premier").

2.      The Plan Administrator has examined the Claim and has determined the Claim violates this Court's July 2, 2009, order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [ECF No. 4271], as the Claim was filed after the applicable bar date.  Because the Claim fails to comply with the Bar Date Order, the Plan Administrator requests that it be disallowed and expunged in its entirety.

3.      The Plan Administrator reserves its rights to object on any other basis to the Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Procedural Background

5.      Commencing on September 15, 2008, and periodically thereafter, LBHHI and certain of its affiliates (the "Chapter 11 Estates") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.      The Bar Date Order established, among other things, September 22, 2009, at 5:00 p.m. (Eastern Time) (the "General Bar Date"), as the deadline to file proofs of claim against the Chapter 11 Estates, except for claims arising from Lehman Programs Securities (as

such term was defined in the Bar Date Order).  (Bar Date Order at 2, 12.)  The Chapter 11 Estates provided notice of the General Bar Date to all known creditors and potential creditors in accordance with the requirements of the Bar Date Order.

7.    The Bar Date Order expressly provides that "any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order…shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto)."  (*Id.* at 9-10.)  A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.   In order to be timely-filed, proofs of claim must have been "**actually received**" on or before the General Bar Date. (*Id*. at 3 (emphasis in original).)

8.    Claimants received notice of the Bar Date Order via mail (the "Bar Date Notice").   The Bar Date Notice, which was also published in The New York Times (International Edition), The Wall Street Journal (International Edition), and The Financial Times, notified claimants that proofs of claim against the Chapter 11 Estates must be received on or before the General Bar Date.  (Bar Date Notice at 1, 3.)  The Bar Date Notice also prominently specified the General Bar Date and stated in bold-face type that "any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date…for any claim such creditor holds or wishes to assert against the Debtors, will forever be barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim)."  (*Id*. at 6.)  Claimants were provided notice of the Bar Date Order, including the deadline to file proofs of claims and a warning that failure to comply with the applicable bar date would result in their claims being barred.  (*See* Bar Date Notice at 1, 4, 6.)

9.    While only 35 days' notice of a bar date is recommended by the Second

Amended Procedural Guidelines for Filing Requests for Bar Date Orders in the United States

Bankruptcy Court for the Southern District of New York, in this case, the Chapter 11 Estates

provided creditors more than 71 days' notice of the General Bar Date.  The General Bar Date

occurred more than a year after the commencement of the Chapter 11 Cases, and 82 days after

the entry of the Bar Date Order, providing ample time for creditors to determine, prepare, and

file their claims against the Chapter 11 Estates.

10.    On December 6, 2011, the Court approved and entered an order

confirming the Plan.  The Plan became effective on March 6, 2012.  Pursuant to the Plan, the

Plan Administrator is authorized to interpose and prosecute objections to claims filed against the

Chapter 11 Estates.

### The Claim Should be Disallowed and Expunged

11.    A filed proof of claim is "deemed allowed, unless a party in

interest…objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's

essential allegations is asserted, the claimant has the burden to demonstrate the validity of the

claim.  *See In re Oneida Ltd*., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia*

*Commc'ns Corp*., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y.

Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

Moreover, Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that a claim may

not be allowed to the extent that "proof of such claim is not timely filed."  11 U.S.C. §

502(b)(1).

12.    "Bar dates are 'critically important to the administration of a successful

chapter 11 case.'"  (Memorandum Decision Denying Motions for Leave to File Late Claims

[ECF No. 9150], *In re Lehman Bros. Holdings Inc*., 433 B.R. 113, 119 (Bankr. S.D.N.Y. 2010)

7

(aff'd on appeal, *CVI GVF (LUX) Master S.A.R.L. v. Lehman Bros. Holdings Inc.,* 445 B.R. 137 (S.D.N.Y. 2011) (quoting *In re Musicland Holding Corp.*, 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006)).)  A bar date is more than a "procedural gauntlet" and functions as "an integral part of the reorganization process." *In re Hooker Invest., Inc.*, 937 F.2d 833, 840 (2d Cir. 1991).  A bar date enables debtors to determine with reasonable promptness, efficiency, and finality what claims will be made against their estates – a determination without which they cannot effectively reorganize. *In re Keene Corp.*, 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995).  Accordingly, bar dates are strictly enforced in the Second Circuit. *See id.; In re Lehman Bros. Holdings Inc.*, 433 B.R. at 119-20; *In re Musicland Holding Corp.*, 356 B.R. at 607 ("The bar date is akin to a statute of limitations, and must be strictly enforced.").

13.    Pursuant to Fed. R. Bankr. P. 9006(b)(1), a bankruptcy court may deem a late-filed claim timely only if the delay was the result of "excusable neglect." *In re Enron Corp.*, 419 F.3d 115, 122–23 (2d Cir. 2005); *In re Lehman Bros. Holdings Inc.*, 433 B.R. at 121. However, late-filed claims that "provide an explanation for the delay but no excuse" do not meet this high standard. *In re Lehman Bros. Holdings Inc.*, 433 B.R. at 127.

14.    This Court has previously held that "simply . . . not know[ing]" a claim existed "until after the General Bar Date" does not rise to the level of excusable neglect necessary for allowing the late-filed claim. *Id.* at 125-26 (explaining that even if the claims were unknown to the claimants, the "claims certainly were not unknowable").  "Ultimately, creditors must bear the responsibility for investigating and performing reasonable diligence to identify those claims that they have against debtors in bankruptcy." *Id.* at 126.

15.    Here, Pacific Premier's Claim arises out of a Flow Business Loan Purchase and Warranties Agreement ("Purchase Agreement"), attached and incorporated herein

as Exhibit A, between LBHI and Pacific Premier.  Through the Purchase Agreement, Pacific

Premier purchased from LBHI eleven mortgage loans secured by properties in California.  In the

Purchase Agreement, LBHI as seller made certain representations and warranties relating to the

quality of the properties as of the time of the sale.  *See* Ex. A at § 5 ("Seller hereby makes the

representations and warranties . . . as of each Closing Date").

16.     After receiving a notice of default on the property in June 2010, Pacific

Premier filed the Claim on or around July 26, 2010, alleging breaches of LBHI's representations

and warranties. In the Claim, Pacific Premier explains the Claim was filed late because as of the

General Bar Date, "PPB had no knowledge of any breach by Debtor of its Representations and

Warranties contained in the Purchase Agreement."  *See* Claim at Attachment to Proof of Claim

at ¶ 6.  Pacific Premier alleged further that the alleged breaches "likely existed" at the time the

Purchase Agreement was entered into.  *Id.* at ¶ 7.

17.     Pacific Premier's actions, or lack of actions, in this case do not warrant an

exception to the Bar Date.  LBHI's representations and warranties in the Purchase Agreement

were made as of the date of purchase in 2008; therefore any breach of those representations and

warranties[1] existed as of the date of purchase as well. *Accord id.* (alleging the breaches "likely

existed" at the time the Purchase Agreement was entered into).   Thus, these claims were

certainly "not unknowable."  *See in re Lehman Bros. Holdings Inc.*, 433 B.R. at 125-26 (holding

claimants' guarantee claims were barred even though claimants did not know of LBHI's

guarantee until after the bar date because the guarantee was "readily ascertainable"). Pacific

Premier simply failed to perform any due diligence or investigation to determine if a claim

---

[1] LBHI does not concede that such breaches exist.

9

existed before the General Bar Date. *See id.* ("Creditors act at their peril where they fail to adequately investigate and pursue their rights.").

18.    Because the Claim violates the Bar Date Order, and thus is untimely, the Plan Administrator requests that the Court disallow and expunge the Claim in its entirety.

## Notice

19.    No trustee has been appointed in these chapter 11 cases.    The Plan Administrator have served notice of this Objection to Claim on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) attorneys for Pacific Premier; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

20.    No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: June 10, 2013
       New York, New York

/s/ Michael A. Rollin
Michael A. Rollin
REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                               :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,        :        **08-13555 (JMP)**
                                                    :
                          **Debtors.**              :        **(Jointly Administered)**
-------------------------------------------------------------------x

**ORDER GRANTING OBJECTION TO**
**CLAIM OF PACIFIC PREMIER BANK**

Upon the objection, dated June 10, 2013 (the "Objection to Claim")[1], of Lehman Brothers

Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan"), pursuant to section

502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal

Rules of Bankruptcy Procedure, seeking disallowance and expungement of the Claim, all as

more fully described in the Objection to Claim; and due and proper notice of the Objection to

Claim having been provided, and it appearing that no other or further notice need be provided;

and the Court having jurisdiction to consider the Objection to Claim and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of

Reference M-431, dated January 31, 2012 (Preska, C.J.) and the Court having found and

determined that the relief sought in the Objection to Claim is in the best interests of the Chapter

11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth

in the Objection to Claim establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Objection to Claim is granted; and it is

further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Objection to Claim.

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the Claim [Claim No. 66961] is disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that the Chapter 11 Estates' court appointed claims and noticing agent is authorized and directed to delete the Claim from the official class registry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York

                                 _____
                                 UNITED STATES BANKRUPTCY JUDGE