Hearing Date: July 25, 2013 at 10:00 a.m. (Eastern Time)
Response Deadline: July 10, 2013 at 4:00 p.m. (Eastern Time)

REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
Michael A. Rollin

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                              :
In re                                         :   Chapter 11 Case No.
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*   :   08-13555 (JMP)
                                              :
        Debtors.                              :   (Jointly Administered)
                                              :
---------------------------------------------------------------x

**NOTICE OF HEARING ON OBJECTION
TO PROOF OF CLAIM NO. 33514 FILED BY FRANK TOLIN, JR.**

**PLEASE TAKE NOTICE** that on June 10, 2013, Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator") as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, filed an objection to proof of claim number 33514 (the "Objection to Claim"), and that a hearing (the "Hearing") to consider the Objection to Claim will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004, on **July 25, 2013, at 10:00 a.m**. (**Eastern Time**), or as soon thereafter as counsel may be heard.

1382622

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection to Claim must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Plan Administrator, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq.) and Reilly Pozner LLP, 1900 16th Street, Suite 1700, Denver, Colorado 80202 (Attn: Michael Rollin, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Andrea B. Schwartz, Esq., and Susan Golden, Esq.); so as to be so filed and received by no later than **July 10, 2013 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no response is timely filed and served with respect to the Objection to Claim, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection to Claim, which order may be entered with no further notice or opportunity to be heard offered to any party.

2

Dated: June 10, 2013

    New York, New York

                                  /s/ Michael A. Rollin
                                  Michael A. Rollin

                                  REILLY POZNER LLP
                                  1900 16th Street, Suite 1700
                                  Denver, Colorado 80202
                                  Telephone: (303) 893-6100
                                  Facsimile: (303) 893-6110

                                  Attorneys for Lehman Brothers
                                  Holdings Inc. and Certain of Its
                                  Affiliates

1382622

REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
Michael A. Rollin

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re**                                                         :       Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*                       :       08-13555 (JMP)
                                                                  :
                                            Debtors.              :       (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

**OBJECTION TO PROOF OF CLAIM NO. 33514 FILED BY
FRANK TOLIN, JR.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("<u>LBHI</u>"), as Plan Administrator (the "<u>Plan Administrator</u>") pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "<u>Plan</u>") for the entities in the above-referenced chapter 11 cases respectfully represents as follows:

**<u>Relief Requested</u>**

1.   The Plan Administrator files this objection to claim the ("<u>Objection to Claim</u>") pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy (the "<u>Bankruptcy Rules</u>") and this Court's Order

4

approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases [ECF No. 6664], seeking disallowance and expungement of claim number 33514 filed by Frank Tolin, Jr. (the Claim").

2. Mr. Tolin asserts fraud and breach of fiduciary duty claims for over $1 million in damages against BNC Mortgage, LLC ("BNC"). The Claim is based on certain alleged interest rate-related misrepresentations by Tolin's third-party mortgage broker prior to closing on a $160,000 mortgage loan on May 3, 2005. There is no actionable claim because Tolin, a lawyer, entered into the loan with full knowledge of the loan's terms, including his 9.6% adjustable interest rate and enjoyed the benefits of the loan for over three years. Furthermore, BNC, the lender on the loan at issue, has no liability for the alleged actions of the mortgage broker, who was not, and has never been, an employee of BNC. The Plan Administrator therefore requests the Claim be disallowed and expunged in its entirety.

3. The Plan Administrator reserves its right to object to the Claim on any other basis if the Court does not grant the relief requested herein.

## Jurisdiction

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its affiliates (collectively, the "Chapter 11 Estates") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly

5

administered pursuant to Bankruptcy Rule 1015(b).

6.     On December 6, 2011, the Court approved and entered an order confirming the Plan. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

## Summary of Tolin's Claim

7.     Tolin alleges that in February 2005, mortgage broker Patricia Washington ("Washington") told him that he could refinance an investment property he owned for $120,000 at a 5.5% fixed interest rate and the closing could be accomplished within a week. At the time, Washington was an employee of a third party called Gordon, Gordon & Gordon, Inc. Tolin had known Washington for approximately twelve years, considered her a friend and had even put her house in his name at one point (presumably so she could avoid foreclosure). According to Tolin, in the following months Washington had him sign several loan applications for various amounts and with various interest rates, including 7.75%, all while representing to him verbally that his interest rate would be fixed at 5.5%.

8.     The closing occurred on May 3, 2005, the day after BNC, the lender on the loan, issued a "Final Conditional Loan Approval" granting Tolin a loan for $160,000 with an adjustable interest rate starting at 9.6%. Tolin, a lawyer, reviewed the documents at the closing, and concedes that he understood the terms of his loan at closing. Despite understanding that the loan did not carry a 5.5% fixed interest rate as allegedly promised by Washington, he nonetheless executed the loan documents and accepted the loan proceeds, claiming he had no other choice but to go through with the closing as he needed the money. Per Washington's request, he wrote her a check for $2,500 for her claimed $2,500 broker fee.

6

1382622

He then immediately lent Washington $10,000 directly from the proceeds.

9.  Based on the foregoing, on May 2, 2008, Mr. Tolin filed an action in the United States District Court for the Eastern District of New York, Case No. 1:08-cv-01811-JG-LB (the "Underlying Action") against Washington, Gordon, Gordon and Gordon, and BNC, among others. He filed a first and second amended complaint. The Underlying Action generally alleged claims for fraud, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty; aiding and abetting fraud; conspiracy to defraud and violation of GBL § 349.

10. In 2008, BNC filed a motion to dismiss the Underlying Action. The motion was fully briefed and the court heard oral arguments on the motion to dismiss, but before the court could rule on the motion to dismiss, the Underlying Action was stayed pursuant the commencement of BNC's Chapter 11 Case. Tolin subsequently dismissed his claims against all defendants in the Underlying Action. The Claim here is based on the allegations that were the subject of the Underlying Action and incorporates the allegations from Tolin's First Amended Complaint filed in the Underlying Action.[1]

11. The Claim also references other individuals with allegations against Washington, but as such other individuals do not appear to assert claims against BNC and do not appear to have filed claims in BNC's Chapter 11 Case, they will not be addressed further in this Objection to Claim.

### The Claim Should Be Disallowed and Expunged

12. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). If an

---

[1] Mr. Tolin's proof of claim omits his second amended complaint and instead relies upon the claims set forth in his first amended complaint.

7

1382622

objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.,* 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Rockefeller Ctr. Props.,* 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). A claim is defined as a "right to payment." 11 U.S.C. § 101(5). Tolin has no right to payment from, and thus no enforceable claim against, BNC. Accordingly, the Claim should be disallowed and expunged.

13.  The Claim's core allegations are that (1) Tolin was fraudulently induced by Washington to enter into the loan, which had a higher adjustable interest rate than he was expecting, (2) BNC is liable for Washington's actions through an agency relationship, and (3) BNC "aided and abetted" Washington's alleged fraud, breach of fiduciary duty, and deceptive practices. The Claim fails because Tolin entered into the loan with full knowledge of the loan's terms, Washington is not and has never been an agent of BNC, and BNC in no way assisted Washington in her representations to Tolin about the loan's interest rate.

*Tolin knowingly entered into the loan, thus no fraud exists*

14.  To adequately state a claim for fraudulent inducement, a plaintiff must allege (i) a misrepresentation or a material omission of material fact which was false and known by defendant to be false; (ii) made for the purpose of inducing plaintiff to rely on it; (iii) was justifiably relied upon by the plaintiff; and (iv) who then suffered an injury as a result of such reliance. *Bank of Am. Corp. v. Lemgruber*, 385 F. Supp. 2d 200, 230 (S.D.N.Y. 2005).

15.  Here, Tolin, a lawyer, entered into the loan on May 3, 2005 with full knowledge of its terms. Tolin has conceded he knew of the loan terms at closing. *See, e.g.,* Attach. to Claim at ¶ 5 (Tolin told Washington at closing the interest rate was "more than I wanted" but that he "had to go through with the closing" because Washington had "dragged the process out

8

1382622

so long"); *see also id.* at Ex. C (Truth-In-Lending Disclosure Statement reflecting a 9.6% adjustable rate, signed by Tolin on May 3, 2005, the closing date). There is no "misrepresentation or material omission of fact" here—Tolin knew the approved loan was for a 9.6% adjustable interest rate and elected to go through with the closing anyway.

16. To the extent Tolin claims he accepted the terms of the loan under duress, this argument also fails. Duress "may be said to exist where one is compelled to perform an act which he has the legal right to abstain from performing. The compulsion must be such as to overcome the exercise of free will." *Milgrim v. Backroads, Inc.*, 142 F. Supp. 2d 471, 475 (S.D.N.Y. 2001) (internal citation omitted); *Poccia v. Prudential Ins. Co.*, 74 F. Supp. 2d 240, 251-52 (E.D.N.Y. 1999) (internal citation omitted), *vacated*, 306 F.3d 1202 (2d. Cir. 2002).

17. . A party claiming economic duress must demonstrate that the mortgage loan was obtained "under the press of financial circumstances, with those circumstances permitting no other alternative." *Id.* at 252 (internal citation omitted). Simply expecting money is not actionable duress. *See id.*

18. Additionally, Tolin's retention and use of the loan proceeds for three years precludes a finding of duress. "A party claiming duress must act promptly to repudiate the contract or release or he will be deemed to have waived his right to do so." *Milgrim*, 142 F. Supp. 2d at 475 (internal citation omitted); *Fayard v. Henry Holt & Co.*, 726 F. Supp. 438, 447 (S.D.N.Y. 1989) ("A contract entered into under duress is generally considered not void, but merely voidable, and one who would repudiate a contract procured by duress must act promptly or will be deemed to have elected to affirm it.") (internal citation omitted). Tolin's Claim does not allege he took any action to repudiate the mortgage loan until he commenced the Underlying Action—nearly three years after the closing of the loan. To the contrary, the

9

Claim establishes that Tolin accepted and *used* the loan proceeds immediately after closing by loaning money to Washington. Tolin's failure to act promptly to repudiate the mortgage loan, or to timely raise his claim for economic duress after he obtained the loan proceeds, constitutes an affirmance of the mortgage loan. *See Fayard*, 726 F. Supp. at 447.

19.  The lack of any actionable fraud is highlighted by the 2008 hearing on BNC's motion to dismiss in the Underlying Action, the transcript of which is attached hereto as <u>Exhibit A</u>. During argument on the motion, Judge Gleeson of the United States District Court for the Eastern District of New York summarized Tolin's fraud claim as follows: "So he's being given a choice – he's a lawyer, right? He's being given a choice, take a 9.6 percent mortgage loan with the adjustable rate, escalation rate, or leave it. That's the 'take it or leave it'? … He obviously took it, and he's a lawyer … A logical question anybody would ask is, well, gee, what are you complaining about?" Ex. A at 14-15. Tolin has not stated an actionable claim for fraud against BNC.

*There is no agency relationship between Washington and BNC*

20.  Tolin apparently relies on an agency theory in his secondary causes of action against BNC, arguing that there is such a relationship between BNC and Washington, his mortgage broker. Tolin does not and cannot allege that BNC controlled Washington in any matter or that Washington had the authority to bind BNC. Indeed, Tolin has previously alleged Washington was his agent in his breach of fiduciary duty claim in the Underlying Action. *See* Ex. A at 15-16 ("Court: From whence does the fiduciary duty arise? [Tolin's counsel]: The special relationship [Tolin] had with Washington over 12 years"). Washington could not have been both agent to Tolin and to BNC.

21.  Historically, brokers have been recognized as the agent of the borrower. *See,*

*e.g., Wyatt v. Union Mortg. Co.*, 24 Cal. 3d 773, 782, 598 P.2d 45, 50 (Cal. 1979). Courts have rejected arguments that the broker is the agent of the lender. *Sutherland v. REMAX 2000*, No. 22405/2007, 2008 WL 3307201 *3 (Sup. Ct. Nassau County Aug. 7, 2008). In *Sutherland*, the court found that with no more than allegations of a course of dealing between a broker and a lender, the plaintiff's claims failed. *Id.* Here, Tolin doesn't even allege such a course of dealing. His agency claims must also fail.

*Tolin's Aiding and Abetting Claims Fail*

22. Tolin's aiding and abetting claims fail against BNC because he has not and cannot allege a viable breach of fiduciary duty or fraud claim, nor any "substantial assistance" to either the breach of fiduciary duty or the fraud. To establish civil liability based on an aiding and abetting theory in New York, a plaintiff must establish: (1) the existence of a violation by the primary wrongdoer; (2) knowledge of the violation by the aider and abettor; and (3) proof that the aider and abettor substantially assisted the primary wrongdoer. *See Chemtex, LLC v. St. Anthony Enters., Inc.*, 490 F. Supp. 2d 536, 546 (S.D.N.Y. 2007).

23. Tolin has not and cannot establish these elements. First, there is no primary violation. Tolin entered into his loan voluntarily and with full knowledge of its terms. *See supra* at ¶¶ 15-18. These actions do not constitute fraud and they do not constitute a breach of fiduciary duty. As Judge Gleeson stated in the hearing on BNC's motion to dismiss in the Underlying Action, "[T]he claim isn't making any sense to me. He's a lawyer. He shows up at a closing. Now, I suppose it would be nicer if he had some more time, maybe a couple of days ahead of time, to decide whether he was going to take that 9.6 percent loan, but he doesn't get it, which is bad, but it's not fraud." Ex. A at 17-18.

24. Moreover, all of Tolin's claims against BNC are dependent upon the underlying

claims against Washington for fraud. By virtue of his dismissal of the Underlying Action, he has conceded that he has no claims for fraud or breach of fiduciary duty against Washington, and therefore, he cannot have claims for aiding and abetting her against BNC.

25. Tolin also cannot allege the requisite "substantial assistance" to the fraud by BNC. As Judge Gleeson stated, "[i]t seems to me your theory is [BNC is] aiding and abetting because of that, because without [BNC's] presence of the scene as the mortgage lender, Washington couldn't have ripped off her friend, your client, Tolin, and that is not fraud." Ex. A at 19.

26. Finally, Tolin's aiding and abetting claim must fail because there are no damages as a result of the purported "aiding and abetting." *See In re Monahan Ford Corp. of Flushing*, 340 B.R. 1, 42 (Bankr. E.D.N.Y. 2006) (an aiding and abetting a breach of fiduciary duty claim requires damages as a result of the breach) (*citing S&K Sales Co. v. Nike, Inc.*, 816 F.2d 843, 847-48 (2d Cir. 1987)). Tolin's "damages" result from his choice to knowingly go through with the transaction, receive the proceeds, pay off his mortgage and keep about $60,000 in cash and then sue three years later.

*Tolin's GBL Claim Fails Because BNC Committed No "Deceptive" Acts*

27. Tolin's GBL § 349 claim also fails as a matter of law. Tolin does not claim any "deceptive" acts by BNC which is a requirement for any claim under the act. *See Andre Strishak & Associates, P.C. v. Hewlett Packard Co.*, 300 A.D.2d 608, 609-10, 752 N.Y.S.2d 400, 402-03 (2d Dep't 2002). Tolin's "claim" under this statute is nothing more than a reiteration of the statute itself and a conclusory allegation that the defendants committed acts and/or practices as described in the complaint. Moreover, Tolin has never alleged any deceptive acts by BNC nor any facts that could make BNC responsible for any purported

12

1382622

deception by the other parties to the underlying action.

28. For a claim under GBL § 349, a plaintiff must prove "a material deceptive act or practice directed to consumers that caused actual harm." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26, 647 N.E.2d 741, 744 (N.Y. 1995). The only deception even alleged, and definitely not proven by Tolin, is Washington's supposed misstatements as to the terms of the loan. Similar to his fraud claims, Tolin alleges no interaction with, much less deception by, BNC. *See Goldman v. Metropolitan Life Ins. Co.*, 5 N.Y.3d 561, 572, 841 N.E.2d 742, 747 (N.Y. 2005); *Siegel v. Landy*, 34 A.D.3d 556, 557, 824 N.Y.S.2d 404, 406 (2d Dep't 2006) (Dismissal of a GBL § 349 claim required when plaintiff fails to allege defendant engaging in any action). There is no basis to hold BNC responsible for the alleged deceptions of Washington. Further, as set forth above, Tolin has neither alleged nor demonstrated any agency relationship between Washington and BNC.

29. As Tolin's claims against BNC have no basis, the Plan Administrator respectfully requests that this court disallow and expunge the Claim.

## Notice

30. No trustee has been appointed in these chapter 11 cases. The Plan Administrator have served notice of this Objection on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) attorneys for Tolin; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

13

32. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: June 10, 2013
      New York, New York

    /s/ Michael A. Rollin
Michael A. Rollin
REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110

Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates

14

1382622

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                  :
                    Debtors.                                :    (Jointly Administered)
------------------------------------------------------------------x

## ORDER GRANTING OBJECTION TO
## CLAIM NO 33514

Upon the objection, dated June 10, 2013 (the "Objection to Claim")[1], of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure, seeking disallowance and expungement of the Claim, all as more fully described in the Objection to Claim; and due and proper notice of the Objection to Claim having been provided, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Objection to Claim and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.) and the Court having found and determined that the relief sought in the Objection to Claim is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Objection to Claim establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Objection to Claim is granted; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection to Claim.

1382622

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the Claim [Claim No. 33514] is disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that the Chapter 11 Estates' court appointed claims and noticing agent is authorized and directed to delete the Claim from the official class registry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

1382622