B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.                    Case No. 08-13555 (JMP)

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **RIVERROCK SECURITIES LIMITED** | **EFG BANK AG** |
|---|---|
| Name of Transferee | Name of Transferor |

| Name and Address where notices to transferee should be sent: | Court Claim # (if known): **55837**<br>Total Amount of Claim Filed: **$57,588,321**<br>Date Claim Filed: **October 29, 2009** |
|---|---|
| **Guilhem Goyard**<br>**Managing Director**<br>**14 Grosvenor Crescent**<br>**London SW1X 7EE**<br>**UNITED KINGDOM**<br>Phone: +44-207-259-3611<br>Email: GGoyard@riverrocksecuritiesltd.com | Amount of Filed Claim Transferred:<br>**$85,458.00** (see below)<br><br>Amount of Allowed Claim Transferred:<br>**$70,225.10** (see below) |

| ISIN Number | EUR bond notional | US$ FILED amount | US$ ALLOWED amount | Blocking Reference Number |
|---|---|---|---|---|
| · XS0323849355 | EUR20,000 | US$ 28,486.00 | US$ 28,382.12 | CA68128 |
| · XS0339408584 | EUR40,000 | US$ 56,972.00 | US$ 41,842.99 | CA91763 |
|  |  | **US$ 85,458.00** | **US$ 70,225.10** |  |

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.
By____Gui Goyard_____        Date: June 4, 2013

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.



RECEIVED
JUN -7 2013
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

Form 210B (12/09)

# United States Bankruptcy Court

## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.                     Case No. 08-13555 (JMP)

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. **55837** was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on **June 4, 2013**.

**EFG BANK AG**
Name of Alleged Transferor

**RIVERROCK SECURITIES LIMITED**
Name of Transferee

Address of Alleged Transferor:

Address of Transferee:

**14 Grosvenor Crescent
London SW1X 7EE
UNITED KINGDOM**

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

_____
**CLERK OF THE COURT**

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, EFG Bank AG ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to RiverRock Securities Limited (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 55837 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights, title and benefits of Seller and any prior seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim (including for clarity, all amounts distributed on or after the trade date of June 3, 2013 (the "Trade Date") whether or not the Trade Date is before, on or after any record date with respect to an amount) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing; (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims").

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) the Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured claims with the same ISINs as in Schedule 1 that are not entitled to priority under the Bankruptcy Code and are not subordinated; (g) the Allowed Amount of Claim Transferred to Purchaser, as referred to in Schedule 1, are those amounts set forth in Schedule 1; (h) other than with respect (i) to the sum of US$ 2,534.58 received by Seller, as a Class 5 Distribution (as defined in the Debtors' Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated December 5, 2011 (the "Plan")) under the Plan, on or about April 17, 2012 in connection with the Initial Distribution (as defined in the Plan), and (ii) to the sum of US$ 1,710.39 received by Seller, as a Class 5 Distribution under the Plan, on or about October 1, 2012 in connection with a subsequent Distribution under the Plan, and (iii) to the sum of US$ 2,160.35 received by Seller, as a Class 5 Distribution under the Plan, on or about April 4, 2013 in connection with a further subsequent Distribution under the Plan, no distributions payments or proceeds of any kind have been received by or on behalf of the Seller or any third party on behalf of the Seller, in full or partial satisfaction of, or in connection with the Transferred Claims; and (i) the

Revised Notice of Proposed Allowed Claim Amount, dated 22 December 2011 ("Notice") for the Proof of Claim provided to Purchaser is true and correct, and there have been no revisions thereto, and no action was undertaken by Seller with respect to the Notice.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law, any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from Seller's breach of its representations, warranties, covenants and agreements made herein.

5. Seller shall promptly (but in any event on no later than the third (3rd) business day following receipt) remit any notices, correspondence, payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any prior seller to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on Seller's part, causing any prior seller to deliver distributions and proceeds received by any prior seller and to act) and other actions as the other party may reasonably request to effectuate the intent and purposes and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller agrees that all distributions, amounts, proceeds, assets, cash and other property received by Seller or any prior seller on or after the Trade Date (whether or not such Trade Date is before, on or after any record date for such amounts, and including the initial Distribution from issuer Lehman Brothers Treasury Co. B.V.) are for the account of Purchaser, and at the election of the Purchaser: (i) the Purchaser may net, setoff and reduce the purchase price payable by it in respect of the Transferred Claims against the amounts owed by it in respect of distributions, assets, cash, property and amounts payable by Seller to it in respect of distributions, assets, cash, property and amounts received by Seller or any prior seller on or prior to the date of this Agreement on and after the Trade Date, or (ii) the Seller shall pay such amounts received by the Seller or any prior seller on or after the Trade Date on and after the date of this Agreement on the date of the Trade Date in respect of the Transferred Claims to the account information provided to it by Purchaser on the Trade Date in respect of the Transferred Claims to the account information provided to it by Purchaser on the date of this Agreement.

8. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the

2

jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

9. The parties acknowledge that settlement shall be made on delivery of the Transferred Claim and the Securities versus payment basis through Euroclear or Clearstream. For the avoidance of doubt, the parties acknowledge and agree that the transfer contemplated hereby shall not occur unless and until the Purchaser shall have paid the purchase price in full.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 4th day of June, 2013.

**(SELLER)**
EFG Bank AG

By: _____
Name: _____
Title: _____

24 Quai du Seujet
CH-1211 Geneva 2
SWITZERLAND

OLIVIER MACE
FVP
04.06.2013

**(PURCHASER)**
RiverRock Securities Limited

By: _____
Name: _____
Title: _____

14 Grosvenor Crescent
London SW1X 7EE
UNITED KINGDOM

3

## Schedule 1

## Transferred Claims

**Purchased Claims**

On the original Proof of Claim # 55837 filed on October 29, 2009 by the Seller, the Securities/ISIN below represented US$ 85,458.00 of the total **Proof of Claim amount of US$ 57,588,321.**

Pursuant to the Notice of Proposed Claim Amount dated December 22, 2011, the Securities/ISIN below represented US$ 70,225.10, consiting of:
- Allowed Amount of US$ 28,382.12 for ISIN/CUSIP XS0323849355
- Allowed Amount of US$ 41,842.99 for ISIN/CUSIP XS0339408584

ASSIGNED CLAIM: 0.1483946672% of Proof of Claim # 55837, being US$ 85,458.00 of US$ 57,588,321.

**Lehman Programs Securities to which Transfer Relates**

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/ Notional Amount | Coupon | Maturity | Allowed Amount of Claim Transferred To Purchaser |
|---|---|---|---|---|---|---|---|---|
| Issue of EUR 2,780,000 of Index-Linked Lock-In Notes due October 2010 | XS0323849355 | CA68128 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 20,000 (US$ 28,486.00 at EUR/USD fx of 1.4243) | Not applicable | October 12, 2010 | US$ 28,382.12 |
| Issue of EUR 4,000,000 Lookback Notes due January 2012 | XS0339408584 | CA91763 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 40,000 (US$ 56,972.00 at EUR/USD fx of 1.4243) | Not applicable | January 18, 2012 | US$ 41,842.99 |

4