Hearing Date and Time: June 13, 2013 at 10:00 a.m. (Prevailing Eastern Time)

Paul M. Basta, P.C.
Mark E. McKane (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Attorneys for LBREP Lakeside SC Master I, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., et al. | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**LBREP LAKESIDE SC MASTER I, LLC'S REPLY IN SUPPORT OF ITS CROSS-MOTION TO TRANSFER FOR IMPROPER FORUM**

LBHI and LCPI's Objection to LBREP Lakeside's Cross-Motion to Transfer Venue ("Objection") further establishes that the California Bankruptcy Court is the proper forum to consider LCPI's Motion Seeking Good Faith Determination to extinguish LBREP Lakeside's contribution and indemnity rights.[1] It is the only court to have evaluated (1) both the LCPI Settlement and LBREP Lakeside Settlement, and (2) the underlying facts relevant to a "good faith" proportionate liability analysis under California law.

LCPI's attempts to muddle both the facts and law relevant to a good faith determination—discussed *infra*—underscore why judicial resources would be conserved by having the California Bankruptcy Court resolve the issue. It has dealt with the SunCal Trustee's

---

[1] Capitalized terms not otherwise defined herein shall have the meaning defined in LBREP Lakeside's Response and Cross-Motion, ECF No. 36870.

underlying claims against LCPI and LBREP Lakeside since 2008 and is already familiar with the alleged proportionate liability of the parties. This Court should transfer the Motion.

## ARGUMENT

**I.     JUDICIAL RESOURCES WILL BE CONSERVED BY TRANSFERRING LCPI'S MOTION TO THE CALIFORNIA BANKRUPTCY COURT.**

   **A.    LCPI Obfuscates The Standard For Good Faith Findings Under California Law And The Facts Relevant Thereto.**

1.     The California Bankruptcy Court is familiar with the joint allegations and facts relevant to the proper "good faith" standard under Section 877.6—the comparative fault of LCPI and LBREP Lakeside. The California Bankruptcy Court is in a unique position to evaluate the parties' proportionate liability and apply the California law on good faith settlements to that evaluation; it is the only Court that has considered both the LCPI Settlement and the LBREP Lakeside Settlement, as well as the underlying allegations.

2.     In its Objection, LCPI[2] argues that this Court's approval of the LCPI Settlement under Federal Rule of Bankruptcy Procedure ("Rule") 9019 *ipso facto* establishes that the LCPI Settlement satisfies the requirements of California Code of Civil Procedure Sections 877 and 877.6. Not so. The core issue presented in LCPI's Motion—the proportionate fault of the parties necessary to establish good faith—was not presented to this Court in LCPI's Rule 9019 motion. That is why LCPI has filed the present Motion to extinguish LBREP Lakeside's contribution and indemnity claims instead of relying on this Court's previous order.

3.     The inquiry under Rule 9019 is whether a settlement is in the "best interests of the estate." *In re MF Global Inc.*, 466 B.R. 244, 247 (Bankr. S.D.N.Y. 2012). In contrast, the inquiry under California Code of Civil Procedure Sections 877 and 877.6 is whether a settlement

---

[2] In accordance with LBREP Lakeside's Response and Cross-Motion, this Reply treats LCPI and LBHI jointly.

is within the "reasonable range of the settling tortfeasor's ***proportional share of comparative liability*** for the plaintiff's injuries," *Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.*, 38 Cal. 3d 488, 499 (1985),[3] represents the settling tortfeasor's "fair share of the loss," *Far W. Fin. Corp. v. D & S Co.*, 46 Cal. 3d 796, 815 (1988), and is "reasonable ***vis-à-vis the nonsettling defendants***," *Horton v. Superior Court*, 194 Cal. App. 3d 727, 733 (5th Dist. 1987). These are wholly different inquires—one evaluates a settlement's benefits to the estate and the other evaluates comparative fault between joint tortfeasors, regardless of whether an earlier settlement benefits the estate.

4. LCPI conflates these standards by relying on a single case stating that the Rule 9019 standard appears to be "more exacting" than the Section 877.6 standard because the proponent under Rule 9019 bears the burden of proof. *In re Plant Insulation Co.,* 469 B.R. 843 886 (Bankr. N.D. Cal. 2012). The *Plant* court, in considering a proposed plan of reorganization, decided which standard to apply to future asbestos insurer indemnification claims—Rule 9019 or Section 877.6. *Id.* The court concluded that the "standard for approval of settlements adopted in *Tech–Bilt* is not directly controlling, because section 877.6 is limited in its scope and applies only to contribution claims among joint tortfeasors, not contribution claims among insurers." *Id.* Here, in contrast, the *Tech-Bilt* standard is controlling as LBREP Lakeside and LCPI are alleged joint tortfeasors—indeed, LCPI has invoked this standard in its Motion. Moreover, nowhere does the *Plant* court state or suggest that an approval of a settlement under Rule 9019 *ipso facto* establishes proportionate liability under Section 877.6—nor could it, as the two standards involve separate inquires.[4]

---

[3] All emphasis added unless otherwise noted.

[4] LCPI similarly argues that LBREP Lakeside is "judicially estopped" from pursuing an equitable indemnification claim because it defended itself against the SunCal Trustee's allegations by denying liability in the underlying litigation. Objection ¶ 20. This assertion is baseless. California law recognizes a cause of action for equitable

3

5. LCPI also plays word games in citing *Hicks, Muse & Co., et al. v. Brandt (In re Healthco International, Inc.)*, 136 F.3d 45, 53 (1st Cir 1998), which states that an evaluation under Rule 9019 includes whether a settlement was "**negotiated** in good faith." LCPI suggests that because the words "good faith" can be associated with a Rule 9019 inquiry, a court can simply ignore California jurisprudence establishing a standard for a "good faith settlement" determination that goes far beyond whether the settlement was "negotiated" in good faith. False.

6. A determination as to the good faith of a settlement, within the meaning of Section 877.6, "necessarily requires the trial court to examine and weigh a number of relevant factors, *one of the most important of which is the settling party's proportionate liability*." *Mattco Forge, Inc. v. Arthur Young & Co.*, 38 Cal. App. 4th 1337, 1350 (2d Dist. 1995) (emphasis in original and citation, internal quotation marks, and alteration omitted). If "*there is no substantial evidence to support a critical assumption as to the nature and extent of a settling defendant's liability*, then a determination of good faith based upon such assumption is an abuse of discretion." *Id.* (emphasis in original and citation and internal quotation marks omitted). The California Bankruptcy Court should be well-versed with these nuances of California law.

7. Just as it obfuscates the law relevant to a "good faith" determination, LCPI attempts to blur the facts relevant to that inquiry. LCPI argues that it has submitted requisite evidence to establish proportionate liability in the form of "the same information and support" as the SunCal Trustee's motion for a good faith finding as to the LBREP Lakeside Settlement. Objection n.7. LCPI cannot simply say, "me too." The California Bankruptcy Court knows—

---

indemnification among *joint tortfeasors* that accrues upon payment of a judgment or settlement. *See People ex rel. Dep't of Transp. v. Superior Court*, 26 Cal. 3d 744, 748 (1980) (equitable indemnification cause of action "accrues at the time that the tort defendant pays a judgment or settlement as to which he is entitled to indemnity"). If LCPI's strained judicial estoppel theory were correct, no cause of action for equitable indemnification would exist.

4

because it evaluated the SunCal Trustee's motion—that that this "information and support" does *not* establish that LCPI's settlement payment reflected a proportionate share of liability vis-à-vis LBREP Lakeside. The evidence supporting the SunCal Trustee's motion establishes the opposite—that LBREP Lakeside *overpaid* based on its proportionate share of liability. *See* Ex. R (McKane Declaration), ¶ 29 ("The LBREP Defendants' proportionate share of the Settlement Payment is higher than their alleged proportionate share of the Dividend.").[5]

8. LCPI also erroneously conflates its overstated loss of principal on the 2006 Financing with the proportionate fault it should bear for liability related to litigation. LCPI argues that LBREP Lakeside cannot "maintain that it paid a disproportionate amount, as contrasted to a lender to SunCal[6] (LCPI), who lost more than 75% of its principal." Objection ¶ 4. A good faith analysis requires an evaluation of *comparative fault* of tortfeasors, and the corresponding proportionate liability paid to a plaintiff—not the amount of a lender's loss on a loan. *Tech-Bilt, Inc.*, 38 Cal. 3d at 499. In addition, LCPI argues that "there was nothing that prevented the equity holders from putting back the dividend money if SunCal [Debtors] needed it for operations." Objection at 3. The facts show that LBREP Lakeside *did* return dividend funds to the SunCal Debtors when it made substantial equity recontritions to the SunCal Debtors *after the Dividend*.[7]

9. The California Bankruptcy Court has lived with the SunCal Trustee's allegations against LCPI and LBREP Lakeside since 2008, overseen discovery conducted in the litigation,

---

[5] All exhibit references refer to the exhibits in support of LBREP Lakeside's Response and Cross-Motion, ECF No. 36870.

[6] Counsel for LCPI confuses the SunCal Debtors—the borrowers in the 2006 Financing—with their co-owner, SunCal, another reason the California Bankruptcy Court's knowledge of the case would be beneficial to a good faith determination. As stated in LBREP Lakeside's Response and Cross-Motion, SunCal, together with LBREP Lakeside, co-owned the SunCal Debtors, which in turn owned individual real estate developments.

[7] Counsel for LCPI is either ill-informed as to the facts underlying the SunCal Trustee's allegations or has misstated them. In either event, LBREP Lakeside recontributed substantial equity to the SunCal Debtors following the Dividend.

and evaluated both settlements. The interests of justice would be served by having that court resolve the issue of good faith.

### B. LCPI Has Recognized That The California Bankruptcy Court Should Resolve Disputes Related To The LCPI Settlement.

10. The LCPI Settlement vests the California Bankruptcy Court with jurisdiction "to hear and to determine all matters, disputes and controversies related to this Term Sheet and the subject matter hereof." Ex. G at Ex. 1 § V(4). LCPI asserts three reasons why the jurisdiction clause in the LCPI Settlement should not apply here. None are availing.

11. First, LCPI argues that "there is no present controversy related to the LCPI Settlement." Objection ¶ 7. This assertion strains credulity. The jurisdiction clause applies to "all" controversies related to the Term Sheet and "subject matter" thereof. Ex. G at Ex. 1 § V(4). LCPI's Motion asks this Court to find that the LCPI Settlement—memorialized in the Term Sheet—was a "good faith" settlement that cuts off contribution and indemnification claims under California law. LBREP Lakeside opposes that Motion. This controversy relates to the subject matter of the Term Sheet, and is subject to the jurisdiction clause.

12. Second, LCPI argues that LBREP Lakeside is not a party to the LCPI Settlement. This fact does not change LCPI's recognition in its settlement that the California Bankruptcy Court is the proper forum to resolve all controversies related to the LCPI Settlement.

13. Third, LCPI argues that the jurisdiction clause in the LCPI Settlement does not provide for "exclusive" jurisdiction over settlement. Again, this does not alter LCPI's submission to the jurisdiction and venue of the California Bankruptcy Court, Ex. G at Ex. 1 § V(4), or whether that court is the best situated to consider LCPI's Motion.

14. LCPI also argues that this Court retained jurisdiction in its order approving the LCPI Settlement. Objection ¶ 8. The paragraph on which LCPI relies continues that "nothing in

6

this decretal paragraph is intended to reduce the exclusive jurisdiction or the concurrent jurisdiction otherwise vested in the Central District of California in the SunCal Bankruptcy Case." *Id.* This Court's order does not reduce the California Bankruptcy Court's concurrent jurisdiction over LCPI's Motion.

### C. Transferring The Motion Does Not Subvert This Court's Claims Resolution Process.

15. Under this Court's claims procedures, claims are routinely transferred to Alternative Dispute Resolution for resolution on the merits. *See* Ex. V, ADR Procedures, § 1 ("To the extent that a Contested Claim is adjourned to a Claims Objection Hearing and a Claimant is served a Notice of ADR Procedures, such Claims Objection Hearing shall be adjourned until these ADR Procedures, as applicable, are completed with respect to each such Contested Claim."). This transfer does not remove such a claim from this Court's adjudication—it recognizes that claims resolution can be streamlined through mediation.

16. Likewise, the resolution of LBREP Lakeside's claims would be streamlined by having the California Bankruptcy Court rule on the issues raised in LCPI's Motion—with which it is well-versed—before this Court resolves the claims. The Court should transfer the Motion to the California Bankruptcy Court, or deny it with leave to refile in the California Bankruptcy Court. *See* 28 U.S.C. § 1412; *Jim Walter Res., Inc. v. Belcher (In re Hillsborough Holdings Corp.)*, 146 B.R. 1008, 1010 (Bankr. M.D. Fla. 1992) (transferring case directly to another bankruptcy court).

7

**II.  IF THE COURT DOES NOT TRANSFER THE MOTION, LBREP LAKESIDE MUST BE PERMITTED TO TAKE DISCOVERY IN SUPPORT OF ITS CLAIM.**

    **A.  The Court Cannot Make A Good Faith Determination Without An Evidentiary Hearing.**

17. California law requires a presentation of *evidence* in order to satisfy Section 877.6 and eliminate contribution and indemnification claims. *See Mattco Forge*, 38 Cal. App. 4th at 1351 ("In view of the absence of any substantial evidence to show the $250,000 value of the guarantee was within the reasonable range of Helmer & Neff's proportionate liability, Young met its burden in attacking the settlement as lacking in good faith."). California appellate courts have found an abuse of discretion when trial courts make good faith determinations in the absence of evidence. *See Greshko v. County of Los Angeles*, 194 Cal. App. 3d 822, 835 (2d Dist. 1987) (reversing good faith settlement because there was no foundation for the evaluation of the defendants' proportionate liability).

18. Under this Court's Claims Hearing Procedures And Alternative Dispute Resolution Procedures, LBREP Lakeside could not serve discovery on LCPI and LBHI before a hearing on the Motion because LCPI did not serve a Notice of ADR Procedures or a Notice of Merits Hearing. Ex. V §§ 4, 8. The hearing on the Motion is therefore a Sufficiency Hearing which is a "non-evidentiary hearing." *Id.* § 4(a).

19. LCPI argues that it has submitted requisite evidence to establish proportionate liability in the form of (1) "the same information and support" as the SunCal Trustee's motion for a good faith finding as to the LBREP Lakeside Settlement, and (2) the 2010 declaration of F. Robert Brusco in support of LCPI's motion to approve the LCPI Settlement. First, as discussed *supra*, the evidence supporting the SunCal Trustee's motion establishes that LBREP Lakeside overpaid, not that LCPI paid its proportionate share. Second, the Brusco Declaration is silent on the key issue of the proportionate share of LCPI's liability, instead concluding that the LCPI

8

Settlement was "in the best interests of LCPI and its estate and creditors."[8] As discussed *supra*, that is not the standard for a good faith determination under California law. LCPI has not met its foundational burden. *See Mattco Forge*, 38 Cal. App. 4th at 1351.

20.     Even if *arguendo* LCPI has met its foundational burden to establish proportionate liability, LBREP Lakeside should be given an opportunity to conduct discovery and present documentary and testimonial evidence to rebut that evidence. This Court should reject LCPI's invitation for it to disregard its own claim resolution procedures.

      **B.**     **LBREP Lakeside Has Established A Colorable Claim Adequate To Move Past A Sufficiency Hearing.**

21.     LBREP Lakeside has put forward sufficient evidence from its own files to state a colorable claim and move past a Sufficiency Hearing. The Court's standard of review at a Sufficiency Hearing is equivalent to the standard for a motion to dismiss for failure to state a claim. *See* Ex. V § 4(a)(i).

22.     As stated in LBREP Lakeside's Response and Cross-Motion, LCPI bears substantial responsibility for any liability resulting from the SunCal Trustee's allegations regarding the 2006 Financing. LBREP Lakeside's records indicate that LCPI pushed LBREP Lakeside to redistribute capital from the SunCal Debtor real estate projects—the alleged breach of fiduciary duty asserted by the SunCal Trustee. *See* Ex. O (email discussing Chilton proposal). In addition, LCPI imposed a $50 million liquidity restriction that became the basis of the SunCal Trustee's constructive fraudulent transfer claim, then ignored SunCal's concerns about its impact. *See* Ex. P (Chilton Ratings Agency Update); Ex. Q (Nolan Email to Chilton re "Ratings

---

[8] Exhibit A to Lehman Brothers Holdings Inc.'s and Lehman Commercial Paper Inc.'s (I) Reply to the Response of LBREP Lakeside SC Master I, LLC to Lehman's Motion (A) Seeking a Good Faith Determination for the LCPI Settlement, and Based on that Good Faith Finding and For Other Reasons, (B) Objecting to the Proofs of Claim filed by LBREP Lakeside, and (II) Objection to LBREP Lakeside's Cross Motion to Transfer Venue, *In re Lehman Brothers Holdings Inc.*, No. 08-13555-JMP (Bankr. S.D.N.Y. June 6, 2013) ECF No. 37790, at ¶ 39.

Agency Update"). The SunCal Trustee seized on the $50 million liquidity restriction as the reason the projects did not have sufficient capital to continue development, alleging that "because of the $50 million liquidity requirement, there was another $25 million on the revolving credit line that was never made available to the Debtors . . . resulting in a combined $50 million of lost liquidity for the Debtors" and that, "considering the loan liquidity requirements," the facility provided the SunCal Debtors "with insufficient capital to pay their debts as they became due." Ex. A ¶¶ 116, 91.

23.    Despite the large role that LCPI played in the SunCal Trustee's allegations, LCPI paid *at most* $3.585 million in its settlement. That payment is dwarfed by LBREP Lakeside's $13.8 million all-cash payment. These are *disproportionate* payments. Based on these facts, LBREP Lakeside has established a colorable basis to conclude that the LCPI Settlement did not reflect a "proportional share" of LCPI's comparative liability. *Tech-Bilt*, 38 Cal. 3d at 499. LBREP Lakeside should be allowed to take discovery to fully rebut any purported evidence of proportionate liability LCPI may present at a hearing on the Motion's merits.

## CONCLUSION

24. For the foregoing reasons, this Court should transfer LCPI's Motion to the California Bankruptcy Court or deny the Motion with leave to refile in the California Bankruptcy Court. Should the Court hear the motion, LBREP Lakeside must be afforded adequate opportunity to take discovery on LCPI's purported evidentiary basis for relief.

DATED: New York, New York
           June 11, 2013

By: *Mark E. McKane*
Paul M. Basta, P.C.
Mark E. McKane (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Attorneys for LBREP Lakeside SC Master I, LLC*