WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard L. Levine
Jacqueline Marcus

*Attorneys for Lehman Brothers Holdings Inc.*
*and Lehman Brothers Financial Products Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*<br><br>                                              Debtors. | Chapter 11<br>Case No. 08-13555 (JMP) |
| LEHMAN BROTHERS FINANCIAL PRODUCTS INC.,<br><br>                                                Plaintiff,<br><br>-against-<br><br>THE BANK OF NEW YORK MELLON TRUST CO., NATIONAL ASSOCIATION, as Trustee, LIBERTY SQUARE CDO I, CORP., LIBERTY SQUARE CDO I, LTD., LIBERTY SQUARE CDO II, LTD., and LIBERTY SQUARE CDO II, CORP., as Issuers,<br><br>                                               Defendants. | Adversary Proceeding<br>No. 10-03544 (JMP) |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION, as Indenture Trustee,<br><br>                                              Counterclaimant,<br><br>- against - | |

LEHMAN BROTHERS FINANCIAL PRODUCTS INC., LIBERTY SQUARE CDO I, CORP., LIBERTY SQUARE CDO I, LIMITED, LIBERTY SQUARE CDO II, LIMITED, LIBERTY SQUARE CDO II, CORP.,

        Counterclaim and Crossclaim Defendants,

        - and-

CEDE & CO., as nominee of THE DEPOSITORY TRUST COMPANY, as the holder of certain notes,

        Additional Crossclaim Defendant.

## STIPULATION, AGREEMENT AND ORDER AMONG LEHMAN BROTHERS HOLDINGS INC., LEHMAN BROTHERS FINANCIAL PRODUCTS INC., LIBERTY SQUARE CDO II, LIMITED, AND LIBERTY SQUARE CDO II, CORP.

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") is entered into by Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") on behalf of LBHI and Lehman Brothers Financial Products Inc. ("LBFP" and, together with LBHI, "Lehman") and Liberty Square CDO II, Limited, and Liberty Square CDO II, Corp. (the Liberty Square entities together, the "LS II Issuers"). Lehman and the LS II Issuers are collectively referred to in this Stipulation, Agreement and Order as the "Parties" and each a "Party."

### RECITALS

        A.        On September 15, 2008 and October 5, 2008, LBHI and LBFP, respectively, commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2

B.      On March 13, 2013, the Plan Administrator filed the *Motion Pursuant to Section 105(a) of the Bankruptcy Code for Approval of the Termination Agreement by and among Lehman Brothers Holdings Inc., Lehman Brothers Financial Products Inc., Liberty Square CDO I, Limited, Liberty Square CDO I, Corp., Liberty Square CDO II, Limited, and Liberty Square CDO II, Corp.* [ECF No. 35908; Adv. Proc. ECF No. 29] (the "Original Settlement Motion"),[1] seeking from this Court approval of that certain termination agreement by and among Liberty Square CDO I, Limited ("LS I Ltd."), Liberty Square CDO I, Corp. ("LS I Corp.", and together with LS I Ltd., the "LS I Issuers"), the LS II Issuers, LBHI, and LBFP (the "Original Termination Agreement").  The Original Termination Agreement provides for the resolution of disputes between LBFP and each of the LS I Issuers and the LS II Issuers, respectively.

C.      By order dated April 4, 2013, this Court contingently approved the Original Termination Agreement [ECF No. 36409; Adv. Proc. ECF No. 41] (the "Original Settlement Order").  Specifically, as sought by the Original Settlement Motion, this Court's approval of the Original Termination Agreement was contingent upon the Plan Administrator filing a certification that no interested party, other than a party to the Original Termination Agreement, had appeared and asserted a claim to the Disputed Funds, or a right to the Disputed Funds under the Issuer Transaction Documents for either of the LS I Issuers or the LS II Issuers, or stated any objection to the Termination Agreement, before April 19, 2013 (the "Interpleader Deadline").

D.      Only one objection to the Original Settlement Agreement was filed prior to the Interpleader Deadline.  On April 18, 2013, certain claimed holders of Notes issued by

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Original Settlement Motion.

3

the LS I Issuers filed the *Objection to Motion Pursuant to Section 105(a) of the Bankruptcy Code for Approval of the Termination Agreement by and Among Lehman Brothers Holdings Inc., Lehman Brothers Financial Products., Liberty Square CDO I, Limited, Liberty Square CDO I, Corp., Liberty Square CDO II, Limited, and Liberty Square CDO II, Corp.* [Adv. Proc. ECF No. 42] (the "LS I Noteholder Objection"). No other Noteholders (or any other person or entity, other than a party hereto) filed any objection to the Original Termination Agreement, or the settlements embodied therein, or asserted any claim to the Disputed Funds. In particular, no holder of Notes issued by the LS II Issuers (any such holder, a "LS II Noteholder") objected to the Original Termination Agreement, or the settlements embodied therein, or asserted a claim to the Disputed Funds. Nevertheless, as a result of the LSI I Noteholder Objection, the Original Settlement Order was ineffective in accordance with its terms and the Interpleader Action remains pending and unresolved.

    E.    In light of the fact that no interested party, other than a party hereto, has asserted any claim to the Disputed Funds relating to the LS II Issuers or objected to the settlement relating to the LS II Issuers embodied in the Original Termination Agreement, the Parties wish to proceed with their agreed settlement concerning the LS II Issuers embodied in the Original Termination Agreement. To that end, the Parties have entered into the Amended LS II Termination Agreement, a copy of which is annexed (in redacted form) hereto as Exhibit A (the "Amended LS II Termination Agreement").[2] The Amended LS II Termination Agreement

---

[2] In keeping with paragraphs 4 and 13 of the SPV ADR Procedures Order and the confidentiality provisions of the Amended LS II Termination Agreement, and due to LBHI and LBFP's desire to keep the economic terms of the settlement confidential, the settlement payment amount has been redacted from the Amended LS II Termination Agreement annexed as Exhibit A. The Parties will provide a non-redacted version of the Amended LS II Termination Agreement to the Court, the U.S. Trustee for Region 2, the Creditors' Committee, and any other party directed by the Court. A non-redacted version of the Amended LS II Termination Agreement also will be provided by Lehman on behalf of the Trustee to the LS II Noteholders who agree in writing to maintain the confidentiality of the settlement payment amount and to abide by the confidentiality provisions of the SPV ADR Procedures Order and the Amended LS II Termination Agreement.

4

reflects substantially the same terms relating to the LS II Issuers as set forth in the Original Termination Agreement but is limited to resolution of the dispute between Lehman and the LS II Issuers and the allocation of the approximately $3.9 million of the Disputed Funds relating to the LS II Issuers reserved by the Trustee pending resolution of the dispute between Lehman and the LS II Issuers (such reserved amount, the "<u>LS II Disputed Funds</u>").[3]

    F.    The Amended LS II Termination Agreement will supersede the Original Termination Agreement only as it relates to the settlement amongst the Parties and the Original Termination Agreement otherwise will remain in full force and effect. The Parties will not have any further rights or obligations under the Original Termination Agreement as it relates to the LS II Disputed Funds, the LS II ISDA Master Agreement, and each other generally.

    G.    This Court already has authorized the Plan Administrator to enter into settlements such as the one at issue here pursuant to section 6.1(b)(iv) of the Plan, which provides the Plan Administrator with authority to compromise all "Litigation Claims" in the Plan Administrator's discretion without Court approval. The Amended LS II Termination Agreement, however, includes, as a condition precedent to its effectiveness, this Court's approval. The Parties, therefore, file this Stipulation, Agreement and Order for the purpose of satisfying that provision.

    H.    Because (i) the settlement contained in the Amended LS II Termination Agreement is substantially the same as the settlement embodied in the Original Termination Agreement with respect to the LS II Issuers, (ii) absent LS II Noteholders already were provided with notice and an opportunity to state a claim to the LS II Disputed Funds and/or voice an objection to the settlement as embodied in the Original Termination Agreement, and

---

[3] The descriptions of documents set forth herein are being provided as summaries only. In the case of an inconsistency between the summary herein and the documents, the terms of the documents shall control.

5

(iii) no LS II Noteholders (or any other person or entity, other than a party hereto) stated such a claim or objected to such agreement before (or any time after) the Interpleader Deadline, the Parties have agreed that notice of the Amended LS II Termination Agreement to all LS II Noteholders would be duplicative and unnecessary.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement and Order shall have no force or effect unless and until the date it is approved by the Court (the "Effective Date").

2. Upon the Effective Date, the Amended LS II Termination Agreement is approved.

3. Upon the Effective Date, the Trustee is authorized to and shall distribute the LS II Disputed Funds in accordance with and pursuant to the terms set forth in the Amended LS II Termination Agreement.

4. Upon the Effective Date, the Interpleader Action as it relates to the LS II Disputed Funds shall be deemed resolved.

5. Subject to compliance with the terms of this Stipulation, Agreement and Order, as of the Effective Date, the Parties are authorized to complete and deliver all instruments and documents and take all other actions as may be necessary or appropriate to execute, implement, consummate and effectuate the Amended LS II Termination Agreement.

6. This Stipulation, Agreement and Order has no effect on the validity of, and all rights and obligations of the LS I Issuers and Lehman are reserved with respect to, the Original Termination Agreement as it relates to the remaining Disputed Funds (*i.e.*, the Disputed

6

Funds other than the LS II Disputed Funds), the LS I ISDA Master Agreement, and any rights or obligations of Lehman and the LS I Issuers relating to each other under such agreement.

7. This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by or on behalf of the Parties.

8. Each person who executes this Stipulation, Agreement and Order on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

9. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

10. Each Party to this Stipulation, Agreement and Order represents that it fully understands the terms hereof. This Stipulation, Agreement and Order shall not be strictly construed against any Party on the ground that the rules for the construction of contracts require the resolution of any ambiguity against the Party that drafted the document.

11. This Stipulation, Agreement and Order shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and assigns. Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation, Agreement and Order.

*[The remainder of this page is intentionally left blank]*

12. This Stipulation, Agreement and Order shall be governed by and in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: June 3, 2013
      New York, New York

/s/ Jack Yoskowitz
Jack Yoskowitz
Benay L. Josselson

Seward & Kissel LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Attorneys for Liberty Square CDO II, Limited and Liberty Square CDO II, Corp.*

Dated: June 3, 2013
      New York, New York

/s/ Jacqueline Marcus
Richard L. Levine
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc. and Lehman Brothers Financial Products Inc.*

**SO ORDERED:**

Dated: New York, New York
      June 12, 2013



/s/ James M. Peck
_____
Honorable James M. Peck
United States Bankruptcy Judge