B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District Of New York

In re <u>Lehman Brothers Holdings Inc.</u>,    Case No. <u>08-13555</u>

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| HBK MASTER FUND L.P. | Illiquidx LLP |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
   HBK Master Fund L.P.
   c/o HBK Services LLC
   2101 Cedar Springs Road, Suite 700
   Dallas, TX 75201

Court Claim Number: 41261
Amount of Claim as Filed with respect to ISIN XS0210433206: $141,510.00
Allowed Amount of Claim with respect to ISIN XS0210433206: $146,771.99

Court Claim Number: 54292
Amount of Claim as Filed with respect to ISIN XS0229584296: $116,038.20
Allowed Amount of Claim with respect to ISIN XS0229584296: $124,191.24

Court Claim Number: 52842
Amount of Claim as Filed with respect to ISIN XS0232364868: $165,350.46
Allowed Amount of Claim with respect to ISIN XS0232364868: $164,085.32

Court Claim Number: 59255
Amount of Claim as Filed with respect to ISIN XS0232364868: $93,627.60
Allowed Amount of Claim with respect to ISIN XS0232364868: $98,451.19

Court Claim Number: 59256
Amount of Claim as Filed with respect to ISIN DE000A0SUA81: $70,930.00
Allowed Amount of Claim with respect to ISIN DE000A0SUA81: $36,291.88

Court Claim Number: 13383
Amount of Claim as Filed with respect to
ISIN DE000A0TV576: $70,875.00
Allowed Amount of Claim with respect to
ISIN DE000A0TV576: $71,401.57

Court Claim Number: 45625
Amount of Claim as Filed with respect to
ISIN XS0312439556: $85,416.00
Allowed Amount of Claim with respect to
ISIN XS0312439556: $85,146.35

Court Claim Number: 35564
Amount of Claim as Filed with respect to
ISIN XS0311297021: $71,180.00
Allowed Amount of Claim with respect to
ISIN XS0311297021: $73,964.81

Phone: (214) 758-6107
Last Four Digits of Acct #:

Phone:
Last Four Digits of Acct #:

Name and Address where transferee
payments should be sent (if different from
above):

Phone:
Last Four Digits of Acct #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ J. R. Smith
     Transferee/Transferee's Agent

Date: June 12, 2013

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

76291.000006 EMF_US 46060846v2

EXECUTION VERSION

### AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
### LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **ILLIQUIDX LLP.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **HBK Master Fund L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) the securities identified by ISIN code listed in Schedule 1 (the "Securities", and any such security, a "Purchased Security"), (b) to the extent related to the Securities and to the extent of the applicable principal amount specified in Schedule 1 attached hereto, an undivided interest in the Seller's right, title and interest in and to the Proof of Claim Numbers specified in Schedule 1, filed by or on behalf of those entities set out in Schedule 1 attached hereto acting for themselves and/or acting for itself and/or each acting on behalf of holders or beneficial owners of the Securities for which they have filed (the "Proofs of Claim"), against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor") (the "Purchased Claim"), (c) to the extent related to the Securities and the Purchased Claim, all rights, title and benefits of Seller and Seller's predecessors-in-title (which includes, for the avoidance of doubt, STICHTING THE IAMEX VALUE FOUNDATION, as Seller's immediate prior seller, and Seller having acted on behalf of holders or beneficial owners of the Securities, and in such capacity, the "Depository") (the "Predecessors") relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim (including for clarity, all amounts distributed on or after the trade date of 19/04 2013 (the "Trade Date") whether or not the Trade Date is before, on or after any record date with respect to an amount) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Securities and/or the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Securities and/or the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any Predecessors acquired the rights and obligations underlying or constituting a part of the Securities and/or Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any Predecessors against any other Predecessors, (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing; and (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims"). For the avoidance of doubt, the Purchaser does not acquire any liabilities or obligations with respect to the Transferred Claims of Seller or any Predecessors.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal, beneficial, and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller, or created or incurred by any Predecessors or against the same, and all filings required to evidence Seller's title to the Transferred Claim have been duly and timely filed with the Court; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and the related evidence of transfer of claim (the "Evidence of Transfer of Claim"); (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) neither the Seller nor any Predecessors have engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor, (g) there have been no objections filed against Seller or any Predecessors in respect of the Transferred Claims; (h) neither the Transferred Claims nor any portion thereof is subject to any claim or right of setoff, or pending reduction, recoupment, impairment, avoidance, disallowance, or subordination, and neither Seller nor any Predecessors has received any notice that the Transferred Claims are void or voidable or subject to any pending disallowance, reduction, impairment or objection of any kind, and the Allowed Amount of Claim Transferred to Purchaser, as referred to in Schedule 1, are those amounts set forth in Schedule 1, (i) the amounts described as the Proposed Allowed Claim Amount as set out in the Notices of Proposed Allowed Claim Amount dated August 24, 2011 relating to each of the Transferred Claims (collectively, the "Notice"), copies of which Seller has not been able to

1



EXECUTION VERSION

provide to Purchaser, are identical to those Total Proposed Allowed Claim Amounts as indicated in Schedule 1 hereto and no action was undertaken by Seller or any Predecessors with respect to the Notice; (j) the Notice relates to the Proofs of Claim, and as of the date hereof, other than the Notice, neither Seller nor any Predecessors have received any notice or objection or order of the Court for expungement or disallowance in relation to the Transferred Claims; (k) there have not been, and there are no objections to the Transferred Claims, (l) all documents provided to Purchaser by Seller relating to the Transferred Claims are true, accurate and complete copies of such documents; (m) all transfer agreements under which Seller and any Predecessors acquired the Transferred Claims or any part thereof (the "Predecessor Agreements") are substantially similar (and similar in all material respects) to this Agreement, and all such Predecessor Agreements contain representations, warranties, covenants, agreements and indemnities from the seller to the purchaser that are no less favorable than those contained herein; (n) Seller has the full power and authority to execute and perform its obligations under this Agreement and the Evidence of Transfer of Claim, and Seller has received representations and warranties from the Predecessors that (i) that Predecessor had full power and authority to execute, and deliver the respective Predecessor Agreement and the related evidence of transfer of claim and to contractually bind the holders or beneficial owners of the Securities to the terms of this Agreement and Evidence of Transfer of Claim and (ii) it is duly and validly authorized by, or on behalf of, any holders or beneficial owners of the Securities to execute and deliver this Agreement and Evidence of Transfer of Claim; (o) there are no claims, liens or encumbrances upon the Transferred Claims and Seller represents and warrants that, upon consummation of the transactions contemplated in this Agreement and Evidence of Transfer of Claim, the Purchaser will own and have good legal and beneficial title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller, or created or incurred by any Predecessors or against the same; (p) the Transferred Claims and Securities are not subject to or bound by a Plan Support Agreement (as such term is defined in the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors dated as of June 30, 2011); (q) other than with respect (i) to the sum of **$28,884.82** received by Seller or any Predecessors as a Class 5 Distribution (as defined in the Debtors' Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated December 5, 2011 (the "Plan")) under the Plan in connection with the initial Distribution (as defined in the Plan), and (ii) to the sums of **$19,492.04** and **$24,619.88** respectively received by Seller or any Predecessors (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) as Class 5 Distributions under the Plan in connection with subsequent Distributions under the Plan, no payment or other distribution has been received by or on behalf of Seller, any Predecessors, or by any third party on behalf of Seller or any Predecessors, in full or partial satisfaction of, or in connection with, the Transferred Claims; and (r) no filing or voting instructions have been filed, submitted or otherwise in relation to the Purchased Claim relating to the Consent and Solicitation Memorandum approved by the Supervisory Judge relating to the Composition Plan offered by LBT to its Ordinary Creditors pursuant to Title I, Chapter 6 DBA.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim within three (3) business days of the date of this Agreement. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from (i) Seller's breach of its representations, warranties, covenants and agreements made herein, and (ii) Seller not having provided a copy of the Notice, nor all details of the contents thereof (other than as set out herein), to Purchaser. Seller hereby agrees that the Purchaser will benefit (if the Purchaser so requires) from any rights which the Seller may have against any Predecessors which the Seller has based on the Predecessors' representations and warranties set out in the respective Predecessor Agreement, and the Purchaser can exercise such rights in any way it wishes.



2

EXECUTION VERSION

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. If applicable, Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. Seller shall act or omit to act with respect to the Transferred Claims solely to the extent directed by Purchaser.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any Predecessors to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on Seller's part, causing any Predecessors to deliver distributions and proceeds received by any Predecessors and to act) and other actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim. In the event that the sale and purchase of the Transferred Claims are not successfully completed for any reason whatsoever within a commercially reasonable time , any purchase price paid by the Purchaser under this Agreement and Evidence of Transfer of Claim shall be returned to the Purchaser and the delivery obligations of the Seller under this Agreement shall be cancelled, provided that such cancellation shall not absolve either party from any damages arising from a breach of this Agreement.

7.  Seller agrees that all distributions, amounts, proceeds, assets, cash and other property received by Seller or any Predecessors on or after the Trade Date (whether or not such Trade Date is before, on or after any record date for such amounts) are for the account of Purchaser, and at the election of the Purchaser, (i) the Purchaser may net, setoff and reduce the purchase price payable by it and any other amounts owed by it in respect of the Transferred Claims against the distributions, assets, cash, property and amounts payable by Seller to it in respect of distributions, assets, cash, property and amounts received by Seller or any Predecessors on and after the Trade Date, or (ii) the Seller shall pay such amounts received by the Debtor or any Predecessors, or any other entity in relation to the Transferred Claims, on or prior to the date of this Agreement and on and after the Trade Date in respect of the Transferred Claims to the account information provided to it by Purchaser on the date of this Agreement and Evidence of Transfer of Claim.

8.  The parties acknowledge and agree that the transfer of the Transferred Claims shall be made effective immediately upon execution by the parties of this Agreement and Evidence of Transfer of Claim, and to the extent that any of the Securities are blocked in Euroclear, immediately upon such Securities being unblocked, payment of the purchase price shall be made on delivery of the Securities versus payment basis through Euroclear. For the avoidance of doubt, the parties acknowledge and agree that the transfer of the Purchased Claim contemplated hereby shall occur immediately upon execution of this agreement.

9.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.



3

EXECUTION VERSION

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 31 day of May 2013.

**SELLER**

ILLIQUIDX LLP
By: *(signature)*
Name: Celestino AMORE
Title: Managing Partner

Address:
80 Fleet Street
London EC4Y 1EL
UK

**PURCHASER**

HBK Master Fund L.P.
By:    HBK Services LLC
       Investment Advisor
By: *(signature)*
Name: J. Baker Gentry, Jr.
Title: Authorized Signatory

Address:
2101 Cedar Springs Road, Suite 700
Dallas, Texas 75201
Telephone: (214) 758-6107
Facsimile: (214) 758-1207
Attention: General Counsel
legal@hbk.com

4

## Schedule 1

### Transferred Claim

**Purchased Claim**

100.00% of Proof of Claim 41261 = USD$141,510.00 of USD$141,510.00 (the outstanding amount of the Proof of Claim as of May 31, 2013 with respect to XS0210433206

The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$146,771.99 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$146,771.99 as of May 31, 2013 with respect to XS0210433206
100.00%=USD$141,510.00 of USD$141,510.00 and 100.00% of ISIN XS0210433206
100.00%=USD$146,771.99 of the Total Allowed Claim Amount of the Proof of Claim 41261 as of May 31, 2013)
100.00%=USD$146,771.99 and 100.00% of the Allowed Claim Amount of ISIN XS0210433206

100.00% of Proof of Claim 54292 = USD$116,038.20 of USD$116,038.20 (the outstanding amount of the Proof of Claim as of May 31, 2013 with respect to XS0229584296

The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$124,191.24 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$124,191.24 as of May 31, 2013 with respect to XS0229584296
100.00%=USD$116,038.20 of USD$116,038.20 and 100.00% of ISIN XS0229584296
100.00%=USD$124,191.24 of the Total Allowed Claim Amount of the Proof of Claim 54292 as of May 31, 2013)
100.00%=USD$124,191.24 and 100.00% of the Allowed Claim Amount of ISIN XS0229584296

100.00% of Proof of Claim 52842 = USD$165,350.46 of USD$165,350.46 (the outstanding amount of the Proof of Claim as of May 31, 2013 with respect to XS0232364868

The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$164,085.32 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$164,085.32 as of May 31, 2013 with respect to XS0232364868
100.00%=USD$165,350.46 of USD$165,350.46 and 100.00% of ISIN XS0232364868
100.00%=USD$164,085.32 of the Total Allowed Claim Amount of the Proof of Claim 52842 as of May 31, 2013)
100.00%=USD$164,085.32 and 100.00% of the Allowed Claim Amount of ISIN XS0232364868

100.00% of Proof of Claim 59255 = USD$93,627.60 of USD$93,627.60 (the outstanding amount of the Proof of Claim as of May 31, 2013 with respect to XS0232364868

The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$98,451.19 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$98,451.19 as of May 31, 2013 with respect to XS0232364868
100.00%=USD$93,627.60 of USD$93,627.60 and 100.00% of ISIN XS0232364868
100.00%=USD$98,451.19 of the Total Allowed Claim Amount of the Proof of Claim 59255 as of May 31, 2013)
100.00%=USD$98,451.19 and 100.00% of the Allowed Claim Amount of ISIN XS0232364868

100.00% of Proof of Claim 59256 = USD$70,930.00 of USD$70,930.00 (the outstanding amount of the Proof of Claim as of May 31, 2013 with respect to DE000A0SUA81

The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$36,291.88 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$36,291.88 as of May 31, 2013 with respect to DE000A0SUA81
100.00%=USD$70,930.00 of USD$70,930.00 and 100.00% of ISIN DE000A0SUA81
100.00%=USD$36,291.88 of the Total Allowed Claim Amount of the Proof of Claim 59256 as of May 31, 2013)
100.00%=USD$36,291.88 and 100.00% of the Allowed Claim Amount of ISIN DE000A0SUA81

100.00% of Proof of Claim 13383 = USD$70,875.00 of USD$70,875.00 (the outstanding amount of the Proof of Claim as of May 31, 2013 with respect to DE000A0TV576

The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$71,401.57 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$71,401.57 as of May 31, 2013 with respect to DE000A0TV576
100.00%=USD$70,875.00 of USD$70,875.00 and 100.00% of ISIN DE000A0TV576
100.00%=USD$71,401.57 of the Total Allowed Claim Amount of the Proof of Claim 13383 as of May 31, 2013)
100.00%=USD$71,401.57 and 100.00% of the Allowed Claim Amount of ISIN DE000A0TV576

100.00% of Proof of Claim 45625 = USD$85,416.00 of USD$85,416.00 (the outstanding amount of the Proof of Claim as of May 31, 2013 with respect to XS0312439556), and 100.00% of ISIN XS0312439556

The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$85,146.35 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$85,146.35 as of May 31, 2013 with respect to XS0312439556

100.00%=USD$85,416.00 of USD$85,416.00 and 100.00% of ISIN XS0312439556

100.00%=USD$85,146.35 of the Total Allowed Claim Amount of USD$85,146.35 and 100.00% of the Allowed Claim Amount of ISIN XS0312439556

100.00% of Proof of Claim 35564 = USD$71,180.00 of USD$71,180.00 (the outstanding amount of the Proof of Claim as of May 31, 2013 with respect to XS0311297021), and 100.00% of ISIN XS0311297021

The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$73,964.81 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$73,964.81 as of May 31, 2013 with respect to XS0311297021

100.00%=USD$71,180.00 of USD$71,180.00 and 100.00% of ISIN XS0311297021

100.00%=USD$73,964.81 of the Total Allowed Claim Amount of USD$73,964.81 and 100.00% of the Allowed Claim Amount of ISIN XS0311297021

**Lehman Programs Securities to which Transfer Relates**

| Description of the Security | ISIN/CUSIP | Claim Number | Original Claimant | Issuer | Guarantor | Principal / Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) | Allowed Amount of Claim Transferred to Purchaser |
|---|---|---|---|---|---|---|---|---|---|---|
| Issue of EUR 225,000,000 Fixed Rate/CMS-Linked Notes due February 2035 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$25,000,000,000 EMTN Program | XS0210433206 | 41261 | UNIVE NOORD-OOST SCHADE N.V. | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR100,000.00 which is the equivalent of USD$141,510.00 | Fixed Rate/Index-Linked Interest | 15/02/2035 | n/a | USD$146,771.99 |
| Lehman 30NC10 Steepener Notes | XS0229584296 | 54292 | BOS, J.C.M. | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR82,000.00 which is the equivalent of USD$116,038.20 | Fixed and variable | 16/03/2035 | n/a | USD$124,191.24 |
| Lehman 30NC10 Steepener Notes | XS0232364868 | 52842 | VAN AMSTEL, H.C. | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR110,000.00 which is the equivalent of USD$165,350.46 | Fixed and variable | 16/03/2035 | n/a | USD$164,085.32 |
| Lehman 30NC10 Steepener Notes | XS0232364868 | 59255 | HARDER, STEFANIE & NIELS | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR66,000.00 which is the equivalent of USD$93,627.60 | Fixed and variable | 16/03/2035 | n/a | USD$98,451.19 |
| Lehman Brothers 2014 | DE000A0SUA81 | 59256 | HARDER, STEFANIE & NIELS | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR50,000.00 which is the equivalent of USD$70,930.00 | Fixed Rate / Index Linked Interest | 06/01/2014 | n/a | USD$36,291.88 |
| Lehman Brothers 2013 | DE000A0TV576 | 13383 | HACKLAENDER, HANS HERMANN | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR50,000.00 which is the equivalent of USD$70,875.00 | Fixed Coupon | 07/08/2013 | n/a | USD$71,401.57 |
| Lehman Brothers 2012 | XS0312439556 | 45625 | MAUFF, URSULA | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR60,000.00 which is the equivalent of USD$85,416.00 | Variable | 06/09/2012 | n/a | USD$85,146.35 |
| Lehman Brothers 2017 | XS0311297021 | 35564 | KELLER, WOLFGANG | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR50,000.00 which is the equivalent of USD$71,180.00 | N/A | 27/12/2017 | n/a | USD$73,964.81 |

