**Hearing Date and Time: July 25, 2013 at 10:00 a.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
| | |
|---|---|
| In re | : **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : **08-13555 (JMP)** |
| | : |
| Debtors. | : **(Jointly Administered)** |
---------------------------------------------------------------x

**REPLY IN CONNECTION WITH THE TWO**
**HUNDRED NINETY-SEVENTH OMNIBUS OBJECTION TO CLAIMS**
**(INVALID OR NO BLOCKING NUMBER LPS CLAIMS) AS TO CLAIM NO. 19647**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and its Affiliated Debtors [ECF No. 22737] (the "Plan") for the entities in the

above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates" or the "Debtors"), files

this reply (the "Reply") to the response (the "Response"), dated June 1, 2012 and filed on June 4,

2012 [ECF No. 28885], of Jeanne-Marie Maltaux, opposing the Two Hundred Ninety-Seventh

Omnibus Objection to Claims (Invalid or No Blocking Number LPS Claims), filed on May 14,

2012 [ECF No. 27868] (the "Objection"),[1] and respectfully represents as follows[2]:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

[2] This Reply only addresses the Response. The Plan Administrator reserves its right to file reply briefs responding to
all other responses received, if any, in opposition to the Objection.

## PRELIMINARY STATEMENT

1.          The Bar Date Order expressly requires that claims based on Lehman Programs Securities must, among other things, include a Blocking Number.  The Lehman Programs Securities procedures were created in such a way that only one Blocking Number could be issued for any particular Lehman Programs Security for each clearing agency account holder, and only one party would be eligible to receive distributions for each such security.  Despite these calculated, negotiated and necessary safeguards, the holder of claim number 19647 (such holder, the "Claimant," and such claim, the "Claim") did not comply with the terms of the Bar Date order because such holder failed to provide a valid Blocking Number for the Lehman Programs Securities included on the Claim (the "Securities").

2.          Moreover, Citibank Belgium ("Citi Belgium") filed a portion of claim number 55408 (the "Citi Claim") on behalf of the Claimant and for the securities claimed by the Claimant.  Citi Belgium was the record holder of the Securities and properly obtained and included a Blocking Number for such securities, while the Claimant never obtained a Blocking Number.  The Citi Claim has been allowed against LBHI and has begun receiving distributions from the Plan Administrator on account of the Securities.

3.          The Plan Administrator does not take a position on any potential ownership dispute between Citi Belgium and the Claimant concerning the Securities, or any claim that the Claimant may have against Citi Belgium for such securities.  However, LBHI cannot be required to pay twice on the same obligation.  The Claim is duplicative of the Citi Claim and not in compliance with the Bar Date Order, and, as such, the Response should be disregarded and the Objection granted.

US_ACTIVE:\44242467\4\58399.0008

## BACKGROUND

4.      The Claimant filed the Claim on September 11, 2009 without including an International Securities Identification Number ("ISIN") or a Blocking Number for the Securities. Through subsequent communications, the Claimant provided the ISIN for the Securities but still did not provide a Blocking Number.  The Plan Administrator then filed the Objection on May 14, 2012.

5.      Since the filing of the Objection, the Plan Administrator, through its counsel, has been communicating and working with Citi Belgium, the bank identified in the Claim and the Response, to reconcile ownership of the Securities and minimize the risk of duplication of claims based on such securities.  Attached hereto as Exhibit A is the Declaration of Toby Herbots, Legal Counsel at Citi Belgium (the "Herbots Declaration").   Pursuant to the Herbots Declaration, Citi Belgium has confirmed that it filed a portion of the Citi Claim on behalf of the Claimant and for the same securities set forth in the Claim.  (Herbots Declaration ¶¶7-9.)

6.      The Plan Administrator, through its counsel, has reached out to the Claimant to obtain a consensual withdrawal of the Claim.  As per the e-mail correspondence with the Claimant, a copy of which is attached hereto as Exhibit B, the Claimant did not consent to the withdrawal of the Claim.  The Plan Administrator now seeks final adjudication of the Objection in order to move forward with the expungement of the Claim.

## ARGUMENT

### A.      The Claim Does Not Include a Valid Blocking Number and Is Not in Compliance With the Court's Order

7.      First and foremost, the Claim fails to comply with the Bar Date Order.  The Blocking Number requirement for claims based on Lehman Program Securities was a valid exercise of the Court's authority to dictate the form and content of the proofs of claim filed in

3

these cases.  The Court has authority to enforce the Bar Date Order, including the Blocking

Number requirement, and to disallow the Claim for violating it.  *See In re A.H. Robins Co.*, 862

F.2d 1092, 1097 (4th Cir. 1988) (affirming disallowance of claims for failure to comply with

court-ordered procedures for filing proofs of claim).  To date, the Claimant has failed to provide

any Blocking Number for the Claim.  The Bar Date Order carries the same force and effect as any

court order and should be enforced accordingly.

B.      **The Claim Is Duplicative of the Citi Claim**

8.      In order to allow claims of valid creditors and in accordance with the

Court's guidance provided at the November 30, 2011 claims hearing, the Plan Administrator has

gone to great lengths to work with all remaining claimants that failed to provide valid Blocking

Numbers to determine if alternative documentation could be provided to mitigate the risks relating

to claims based on Lehman Programs Securities that did not include valid Blocking Numbers.

The Plan Administrator has had success with many of these claimants by obtaining declarations

from various parties, including custodians, agents and beneficial holders, proof of ownership and

trading history, bank statements, and even, in some cases, indemnifications from claimants in the

event of duplicative distributions.  *See*, *e.gs.*, Stipulation and Order Between Lehman Brothers

Holdings Inc. and Banque Cantonale du Valais Regarding Certain Claims, ordered by the Court on

August 24, 2012 [ECF No. 30379] (resolving almost sixty claims filed without valid Blocking

Numbers) and Stipulation and Order Between Lehman Brothers Holdings Inc. and Safra National

Bank of New York Regarding Certain Claim, ordered by the Court on March 28, 2013 [ECF No.

36248] (resolving several million dollars' worth of Lehman Programs Securities that were claimed

without Blocking Numbers).

US_ACTIVE:\44242467\4\58399.0008

9.      With respect to the Claim, however, the Plan Administrator concludes that no supporting documentation could be provided by Claimant to reduce the risk of duplication.  As described in the Declaration of Holly Clack filed contemporaneously herewith (the "Clack Declaration"), the Plan Administrator conducted a comprehensive assessment of the Claim, the Securities, and other information, including proofs of claim of other claimants, such as banks and brokers, based on securities with the same ISIN's, and was unable to verify that the Securities had not been claimed by other parties.  (Clack Declaration ¶5.)   As such, the Plan Administrator determined that there is a high likelihood that another claim has been filed for the relevant securities and, if the Claim were allowed, LBHI would make multiple distributions for the same securities.  (*See* Clack Declaration ¶¶5-6.)

10.      In particular, the Plan Administrator undertook a detailed review and comparison of the Claim and the Citi Claim.  (Clack Declaration ¶5.)  The Plan Administrator suspected that the Claim was filed by a beneficial holder—the Claimant—and that the Citi Claim was filed by a bank or custodian—Citi Belgium—on behalf of the same beneficial holder of the relevant Lehman Programs Securities.  The Plan Administrator examined the ISIN's, notional amounts and other relevant information provided on the claims, such as references to Citi Belgium in the Claim.  Based on all of this information, the Plan Administrator concluded that, in all likelihood, the same securities claimed in the Claim were included in the Citi Claim.  (Clack Declaration ¶6.)  Lending further support to duplication, the Claimant purportedly purchased beneficial interests in the Securities through Citi Belgium, as evidenced by the Claimant's repeated statements regarding the "responsibility" of Citi Belgium for Claimant's purported investment losses.  (*See* Response at p.7; Claim at p.9.)

5

11.    To confirm duplication, the Plan Administrator reached out to representatives of Citi Belgium and was able to verify the duplication with Citi Belgium. (*See* Herbots Declaration ¶9.) Specifically, according to Citi Belgium, the Claimant was a customer of Citi Belgium as of the filing of the Citi Claim, and Citi Belgium acted as custodian on behalf of the Claimant for the relevant securities. (Herbots Declaration ¶7.) Citi Belgium (i) included on the Citi Claim the Lehman Programs Securities claimed by the Claimant, (ii) obtained a Blocking Number for such securities, and (iii) filed the duplicative portion of the Citi Claim in a custodial capacity on behalf of the Claimant. (Herbots Declaration ¶8.)

12.    The claims register, therefore, has two claims that are each claiming for the exact same securities. One claim (*i.e.*, the Citi Claim) was filed by the bank, and it included a valid Blocking Number for the relevant securities prior to the Securities Programs Bar Date and all other information necessary to ultimately allow the portion of that claim covering such securities. The other claim (*i.e.*, the Claim) was filed by the Claimant, a customer of Citi Belgium who did not provide a Blocking Number at any time, let alone prior to the Securities Programs Bar Date. The Plan Administrator cannot be expected to make distributions on both claims. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").

13.    Allowing the Claim would lead to duplicative distributions. The Claim should be expunged to prevent a windfall to the Claimant.

## C.    The Claim Should Not Be Allowed in Lieu of the Citi Claim

14.    The Plan Administrator has, throughout the duration of these cases, decided to generally allow the claims of the banks, brokers, agents, custodians, or other representatives instead of the claims of the covered beneficial holders. This decision is practical

and for administrative convenience.  It is simpler for the Plan Administrator to communicate with a few highly sophisticated banks than numerous individual holders located internationally.

15.     Citi Belgium—the bank or broker for the Claimant—was the record holder of the Securities on the books and records of the clearing agency; otherwise, Citi Belgium would not have been able to obtain the Blocking Number.  The Claimant has not provided any credible evidence in the Claim or the Response that Citi Belgium was not authorized or entitled to assert a claim on behalf of the Claimant.

16.     As set forth above, the Plan Administrator has reviewed the Citi Claim and determined that, with respect to the duplicative portion that overlaps with the Claim, the Citi Claim complies with the Bar Date Order and has included sufficient information to be allowed; in fact, distributions have already been made on the Citi Claim.  The Plan Administrator does not take a position on any potential ownership dispute between the Claimant and Citi Belgium, or any claim that the Claimant may have against Citi Belgium concerning the securities.  The Plan Administrator is only concerned with making distributions to holders of valid claims, and the Plan Administrator should not be charged with spending the time and incurring the costs to mediate and broker a dispute, if one exists, between a bank and a beneficial holder.   This is precisely the reason the Debtors included the Blocking Number requirement in the Bar Date Order; it is costly and burdensome to conduct these types of factual investigations.

17.     The Claimant failed to comply with a material provision of the Bar Date Order, and the Claim is duplicative of the Citi Claim, which has already been allowed and has started receiving distributions.  The Plan Administrator should not be required to expend its limited time and resources to conduct additional diligence on the Claim.

7

## RESERVATION OF RIGHTS

18.    In the event that the Court denies the Objection with respect to the Claim, the Plan Administrator reserves the right to object to the Claim on all other grounds.  The Plan Administrator reserves the right to conduct discovery as to the Claim and any matters raised in the Response and to supplement this filing as a result thereof.

## CONCLUSION

WHEREFORE, for the reasons set forth above and in the Objection, the Plan Administrator respectfully requests that the Court enter an order disallowing and expunging the Claim in its entirety and granting such other and further relief as the Court may deem just and appropriate.

Dated: June 14, 2013
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Lehman Brothers Holdings
Inc. and Certain of its Affiliates

8

## Exhibit A

**(Herbots Declaration)**

## DECLARATION OF TOBY HERBOTS

Pursuant to 28 U.S.C. § 1746, I, Toby Herbots, declare:

1.      I am over the age of 18 years and make these statements of my own personal knowledge. If called to testify, I could testify to the truth of the matters set forth herein.

2.      I am Legal Counsel at Citibank Belgium nv/sa ("Citi Belgium"). In that capacity, I advise Citi Belgium on legal matters (including the proof of claim filing against Lehman Brothers Holdings Inc.). I am also duly authorized to execute this declaration on Citi Belgium's behalf.

3.      On October 10, 2009, Citi Belgium filed a proof of claim (the "Citi Claim") against Lehman Brothers Holdings Inc. ("LBHI") in LBHI's chapter 11 case before the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP). The Citi Claim was assigned claim number 55408 by LBHI's court-approved claims and noticing agent.

4.      Citi Belgium filed the Citi Claim for various amounts owing to Citi Belgium by LBHI in respect of certain "Lehman Programs Securities" held by Citi Belgium in a proprietary capacity on Citi Belgium's own behalf and/or in a custodial capacity on behalf of one or more of Citi Belgium's customers. As of the date of the filing of the Citi Claim, Citi Belgium was the record holder of, or represented the record holder of, the Lehman Programs Securities listed on Exhibit A attached to the Citi Claim.

5.      The Citi Claim filed for certain Lehman Programs Securities with International Identification Number ("ISIN") XS0335226659. It is my understanding that LBHI has allowed the portion of the Citi Claim representing, and has made distributions to Citi Belgium or its transferees on account of, such ISIN.

6.    I have examined proof of claim number 19647, which was filed on

September 11, 2009 by Jeanne-marie Maltaux against LBHI (the "Customer Claim"). It appears

that Ms. Maltaux filed the Customer Claim for amounts owing to Ms. Maltaux by LBHI in

respect of certain "Lehman Programs Securities" with ISIN XS0335226659 (the "Relevant

Securities").

7.    Ms. Maltaux was a customer of Citi Belgium as of the filing of the Citi

Claim. Citi Belgium acted as custodian on behalf of Ms. Maltaux for the Relevant Securities.

8.    Citi Belgium included on the Citi Claim the Relevant Securities and

obtained a "Blocking Number" for such securities. Citi Belgium filed for the Relevant Securities

in a custodial capacity on behalf of Ms. Maltaux.

9.    Based upon my review of the Customer Claim and the information

included thereon, such as the ISIN and notional amounts, and my knowledge of Citi Belgium's

relationship vis-à-vis Ms. Maltaux, I conclude that (i) the Relevant Securities claimed in the

Customer Claim are included in the Citi Claim and (ii) the Customer Claim is duplicative of the

portion of the Citi Claim related to the Relevant Securities.

I declare under penalty of perjury under the laws of the United States that

the foregoing is true and correct to the best of my knowledge.

Executed on this 12th day of April 2013.

Toby Herbots







**Volet B**    Copie qui sera publiée aux annexes du Moniteur belge
après dépôt de l'acte au greffe



*12181958*

Greffe

**Dénomination**

(en entier) : **"CITIBANK BELGIUM" ou**
**"FAMIBANQUE DIVISION CITIBANK BELGIUM" ou**
**"FAMIBANK DIVISIE CITIBANK BELGIUM" ou**
**"BANQUE SUD BELGE DIVISION CITIBANK BELGIUM"**

Forme juridique : société anonyme

Siège : Boulevard Général Jacques 263g, 1050 Bruxelles

N° d'entreprise : 0401.517.147

Objet de l'acte : **Pouvoirs nominations**

La société anonyme "CITIBANK BELGIUM" ou "FAMIBANQUE DIVISION CITIBANK BELGIUM" ou "FAMIBANK DIVISIE CITIBANK BELGIUM" ou "BANQUE SUD BELGE DIVISION CITIBANK BELGIUM", ayant son siège social à Ixelles, boulevard Général Jacques 263g, numéro d'entreprise 0401.517.147, constituée sous la dénomination de "Banque Sud Belge", aux termes d'un acte reçu par le notaire Fernand VAN BASTELAER à Charleroi le quatre décembre mil neuf cent dix-neuf, publié à l'annexe au Moniteur belge du vingt-six/vingt-sept décembre suivant, sous le numéro 11.453, dont les statuts, la dénomination et le capital ont été modifiés et pour la dernière fois aux termes d'un procès-verbal dressé par le notaire Eric THIBAUT de MAISIERES, le ving-huit janvier deux mille cinq, publié à l'annexe au Moniteur belge du deux mars suivant sous les numéros 33783 et 33784, ici représentée par deux administrateurs, agissant en vertu de l'article 17 des statuts: Monsieur Jacques Favillier, domicilié à 1180 Bruxelles, Avenue Leo Errera 30 et Monsieur Guy Roosen, domicilié à Sint-Augustinuestaan 11, 2610 Wilrijk agissant en vertu des pouvoirs généraux qui leur ont été conférés par une délégation de pouvoirs du trente et un août deux mille douze, publiée à l'annexe au Moniteur belge sous les numéros 12148700 et 12148701, a décidé de modifier la liste des mandataires telle que publiée à l'annexe au Moniteur belge sous les numéros 12059934 et 12059935 et de la remplacer par la liste suivante, la définition des différentes catégories de pouvoirs demeurant inchangée.

CATEGORIE I:
Monsieur FAVILLIER Jacques, domicilié à 1180 Brussel, Avenue Leo Errera 30;
Madame HOTTIN-DOUCHET Véronique, domiciliée à 47, Allée Desbonnets, 59910 Bondues, France;
Monsieur LEGUAY CLaude, domicilié à 5 Avenue de Villars, Paris 75007, France;
Monsieur ROOSEN Guy, domicilié à 2610 Wilrijk, Sint-Augustinuslaan 11;
Monsieur SCHELLINCK Guy, domicilié à 1750 Lennik, Waterhoflaan 1;
Monsieur STAROUKINE François, domicilié à 1410 Waterloo, Avenue de la Bergerie 15.

CATEGORIE Ibis:
Monsieur AIRSON Philippe Pierre, domicilié à 5651 Somzee (Walcourt), Grand Rue 118;
Madame ALLIET Marie-Ann, domiciliée à 8670 Oostduinkerke, Zeedijk 406 ODK;
Monsieur BRENARD Luc, domicilié à 2500 Lier, Sint Antoniuslaan 14;
Monsieur BUYSSCHAERT Daniel, domicilié à 1150 Bruxelles, rue au Bois 370, boîte 11;
Madame CAPOUILLEZ Sophie, domiciliée à 1330 Rixensart, Sentier du Bazar 12;
Monsieur CLOETENS Jean-Pierre, domicilié à 1150 Bruxelles, rue Konkel 38;
Monsieur COUDENYS Danny, domicilié à 1760 Roosdaal, Karel V.D. Woestijnstraat 2;
Monsieur CROMBE Albien, domicilié à 1861 Meise Wolvertem, Londerzeelsesteenweg 59;
Monsieur CROMMEN Kris, domicilié à 3080 Tervuren, Heidestraat 92;
Monsieur DANNEELS Marc, domicilié à 2800 Mechelen, Veluwestraat 17;
Monsieur de BIE Guy, domicilié à 1330 Rixensart, rue du Baillois 45;
Monsieur DE BOLLE Michel, domicilié à 8300 Knokke, Bronlaan 13;
Monsieur de JAMBLINNE de MEUX, Werner, domicilié à 3080 Tervuren, Museumlaan 30;

Bijlagen bij het Belgisch Staatsblad - 08/11/2012 - Annexes du Moniteur belge

Mentionner sur la dernière page du Volet B :   Au recto : Nom et qualité du notaire instrumentant ou de la personne ou des personnes ayant pouvoir de représenter la personne morale à l'égard des tiers
Au verso : Nom et signature

Réservé
au
Moniteur
belge

**Volet B** - Suite

Monsieur DELVAUX Pierre, domicilié à 1180 Bruxelles, Avenue Achille Reisdorff 40;
Madame DENIS Geneviève, domiciliée à 5100 Jambes, Rue Mazy 179/2;
Madame DERNELLE Chantal, domiciliée à 5021 Boninne, Rue du TRY 4 B;
Madame GROBET Danielle, domiciliée à 1932 Sint-Stevens-Woluwe, Kleine Bosstraat 44C;
Monsieur GUILLORET Cyril, domicilié à 1950 Kraainem, 247 Avenue baron Albert d'Huart;
Monsieur HENAU Michel, domicilié à 9620 Zottegem, Faliestraat 182;
Monsieur HERBOTS Toby, domicilié à 1200 Sint-Lambrechts-Woluwe, Tweehuizenweg 16/1;
Monsieur LIZEE Charles, domicilié à 5100 Jambes, Rue du Trefle 5;
Monsieur MESTROM Petrus, domicilié à 1910 Kampenhout, Rood Kloosterlaan 50;
Madame NUYTS Nadine, domiciliée à 2547 Lint, Haakveld 24;
Madame RASE Sophie, domiciliée à 1300 Wavre, Voie des Cuirassiers 14;
Madame RENARD Nicole domiciliée à 3090 Overijse , Avenue Marcel Coppijn 37;
Madame ROBERTI de WINGHE Sandrine, domiciliée à Avenue de Tervueren 3, 1040 Bruxelles;
Monsieur ROSVELDS Nico, domicilié à 3360 Opvelp, Waversesteenweg 39a;
Madame TREMOLADA Katia, domiciliée à 1050 Bruxelles, chaussée de Wavre 174;
Monsieur VAN CAMPENHOUT Koen, domicilié à 1860 Meise, Dagwanden 53;
Madame VAN DEN BROECK Josephina, domiciliée à 2820 Bonheiden, Van Uytvenlaan 9;
Monsieur VAN DEN KEYBUS Johan, domicilié à 2920 Heide-Kalmthout, Beukendreef 4;
Madame VANDECANDELAERE Christine, domiciliée à 3090 Overijse, Boslaan 47;
Monsieur VANDEMAELE Ronald, domicilié à 1630 Linkebeek, Molenhof 16;
Madame VANSIELEGHEM Nathalie, domiciliée à 1050 Bruxelles, Avenue Hergé 15;
Monsieur VERHAEGHE Dirk, domicilié à 3040 Ottenburg, Leuvensebaan 21B;
Madame WGEUW Jacqueline, domiciliée à 1090 Jette, Clos des Frères Lumière, n°2, bte 13;
Monsieur WUYTS Siegfried, domicilié à 9100 Sint-Niklaas, Spieveldstraat 92.


CATEGORIE II

Monsieur DOBBELAERE Patrick, domicilié à 1050 Bruxelles, Avenue Général Médecin Derache, 111;
Madame GEEROMS Isabelle, domiciliée à 1780 Wemmel, Koning Albert 1 laan 38;
Monsieur MISEUR Marc, domicilié à 3078 Meerbeek, Burgemeester Van Kelfstraat 33;
Madame RASSAERTS Murielle, domiciliée à 1070 Bruxelles, Rue Antoine Nys 47;
Madame VAN ASSEL Martine, domiciliée à 1080 Molenbeek, rue du Gazouilis 18;
Monsieur VAN OVERBEKE Luc, domicilié 2990 Wuustwezel, Bleken 102.


Bruxelles, le 22 octobre 2012


Jacques Favillier
Administrateur

Guy Roosen
Administrateur

Bijlagen bij het Belgisch Staatsblad - 08/11/2012 - Annexes du Moniteur belge

Mentionner sur la dernière page du <u>Volet B</u> :  <u>Au recto</u> : Nom et qualité du notaire instrumentant ou de la personne ou des personnes
ayant pouvoir de représenter la personne morale à l'égard des tiers
<u>Au verso</u> : Nom et signature

## Exhibit B

**(E-mail Correspondence with Claimant)**

**Kasenetz, Eric**

| | |
|---|---|
| **From:** | janika maltaux <jmaltaux@hotmail.com> |
| **Sent:** | Tuesday, June 04, 2013 10:36 AM |
| **To:** | Kasenetz, Eric |
| **Subject:** | RE: In re Lehman Brothers Holdings, Inc., et al., Case No. 08-13555 (JMP) - Claim No. 19647 |

**hello ,i have received your letter but i didn t understand in english ,citibank the thief have written to me to stop my plaint ,i am not agree at all :now i am im another country and i am protected by russian mafia ,so if they don t give me back my 19 thousand euro i asked mafia to recuperated it . i am not stupid ,the action of citibank was at 5,now  47 ,so if they stiel my monney ,i am in legitim defense ,i don t know how the mafia will recuperated it but i am sure that this stupid bank which change the name in another will have many problems .**
**so say to tony herbots ,that i am the daughter of the director of the special taxes in belgium ISI and my revenge will be terrible .i have the cancer of skin because this  lyars and criminels ¡,my best friend is attorney general,**
**the prime minister leterme has received all is share count and i have the proof ,i am medical so i know a lot of secrets:**
**my phone in french   0034 638378160 the evening in europa at 9PM**

**they have to take care because now i am paranoiac and very dangerous ,i have no child  and at the end of my life ,but there family....**

**my father has done  this heritage for me and not for them,i have written to  obama wife ,di rupo the prime minister and reynders the minister of financies ,so they know my case ;I  am a woman who goes at the end of the businness**
**so i don·t care of me  ;**
**i am not against you but against the manager who has abused of my confidence ,i was sick and he changed 100 pourcent of my share count¡¡¡¡**
**bye**

From: Eric.Kasenetz@weil.com
To: jmaltaux@hotmail.com
CC: Mark.Bernstein@weil.com
Subject: In re Lehman Brothers Holdings, Inc., et al., Case No. 08-13555 (JMP) - Claim No. 19647
Date: Thu, 16 May 2013 17:24:24 +0000

Dear Ms. Maltaux,
We represent Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (collectively, the "Chapter 11 Estates") in their chapter 11 cases.
We write in regard to your claim number 19647 (the "Claim"), which has been objected to in the Two Hundred Ninety-Seventh Omnibus Objection to Claims (Invalid or No Blocking Number LPS Claims) [ECF No. 27868] (the "Objection") for failure to obtain a valid electronic instruction reference number or blocking reference

number (a "Blocking Number"), as required by the order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases [ECF No. 4271] (the "Bar Date Order"). We are in receipt of your opposition to the Objection [ECF No. 28885], a copy of which is attached to this email.

In connection with your Claim and the Objection, we have reached out to Citibank Belgium ("Citi Belgium"). Citi Belgium has confirmed that they have filed a portion of their claim number 55408 (the "Citi Claim") on your behalf and for the securities claimed by you pursuant to your Claim. As such, your Claim is duplicative of the Citi Claim.

The Citi Claim has been allowed and begun receiving distributions. LBHI cannot pay twice on the same obligation. Given that your Claim does not comply with the Bar Date Order and your Claim is duplicative of the validly-filed Citi Claim, we intend to proceed with the Objection as it relates to your Claim. Please let us know if you consent to the expungement of your Claim.

Thank you,
Eric



**Eric D. Kasenetz**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
eric.kasenetz@weil.com
+1 212 310 8737 Direct
+1 212 310 8007 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.