UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
In re                                              :      Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :      08-13555 (JMP)
                                                   :
                        Debtors.                   :      (Jointly Administered)
                                                   :
                                                   :
------------------------------------------------------------------x

# DECLARATION OF HOLLY CLACK
## IN SUPPORT OF REPLY IN CONNECTION WITH THE TWO HUNDRED NINETY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (INVALID OR NO BLOCKING NUMBER LPS CLAIMS) AS TO CLAIM NO. 19647

Pursuant to 28 U.S.C. § 1746, I, Holly A. Clack, declare:

1.  I am over the age of 18 years and make these statements of my own personal knowledge, my review of the business records of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator") and certain of its affiliates (collectively, the "Chapter 11 Estates" or the "Debtors"), and/or my consultation with employees and professionals of the Chapter 11 Estates, Alvarez & Marsal Global Forensic and Dispute Services, LLC ("A&M") and affiliates of A&M.  If called to testify, I could testify to the truth of the matters set forth herein.

2.  I submit this declaration on behalf of LBHI, as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, in support of the *Reply in Connection with the Two Hundred Ninety-Seventh Omnibus Objection to Claims (Invalid or No Blocking Number LPS Claims) As to Claim No. 19647* (the "Reply"), filed contemporaneously herewith.[1] I am familiar with the Objection and

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Reply and the Two Hundred Ninety-Seventh Omnibus Objection to Claims (Invalid or No Blocking Number LPS Claims) [ECF No. 27868] (the "Objection").  To the extent of any inconsistency between the defined terms in the Reply and the Objection, the defined terms contained in the Reply shall govern.

the Response. Prior to its filing, I reviewed and approved the Reply, and I adopt the representations contained in the Reply, as if set forth in full and at length in this declaration.

3. I am a Senior Director with A&M. I typically assist clients and counsel involved in complex commercial disputes, and I investigate allegations of fraud, embezzlement, and financial reporting irregularities. I am an associate member of the American Bar Association and the Boston Bar Association. I have worked for A&M in connection with the above-referenced chapter 11 cases of the Chapter 11 Estates for over three years. In my role as a Senior Director with A&M working on the Chapter 11 Estates, I have had extensive experience analyzing and reviewing claims based on Lehman Programs Securities and confirming that such claims comply with the Lehman Programs Securities Procedures set forth in the Bar Date Order, including the Blocking Number requirement. I have also been involved in the claims reconciliation process in these cases more generally, particularly with respect to securities issued or guaranteed by LBHI.

4. Through my experience reviewing, analyzing and working on claims based on Lehman Programs Securities and my communications with Euroclear, Clearstream and other parties involved in the Lehman Programs Securities Procedures, I have come to understand and acknowledge that the Blocking Number requirement was a critical component of the Lehman Programs Securities Procedures and was created in such a way that only one Blocking Number could be issued for any particular Lehman Programs Security for each clearing agency account holder. Each Blocking Number issued by the applicable clearing agency relates to a specific holder of a specific Lehman Programs Security in a specific amount, and the issuance of the Blocking Number prevented the holder of a Lehman Programs Security from trading that

security through the Securities Programs Bar Date. Without the Blocking Number requirement, the Debtors faced the likelihood of making distributions on numerous duplicative claims.

        5.      On behalf of the Plan Administrator, I have examined the Claim and have determined that it does not have a valid and unique Blocking Number. I have also examined other proofs of claim of claimants, some of whom are banks and/or brokers, based on securities with the same ISIN's. I have been unable to verify that the Securities have not been claimed by other parties, and, in fact, I conclude that there is a high likelihood that another claim has been filed for the Securities.

        6.      Specifically, I have reviewed the Claim and the Citi Claim, and I have examined their ISIN's, notional amounts and all other relevant information provided on those claims. Based on this information, I conclude that the Securities claimed in the Claim are likely included in the Citi Claim. If the Claim is allowed, LBHI almost certainly will pay twice for the Securities.

        I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed on this 14th day of June 2013.

        /s/ Holly A. Clack
        Holly A. Clack