HEARING DATE AND TIME: July 25, 2013 at 10:00 a.m. (Prevailing Eastern Time)
RESPONSE DEADLINE: July 18, 2013 at 4:00 p.m. (Prevailing Eastern Time)

---

**THE FOUR HUNDRED TWENTIETH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
In re                                                              :    Chapter 11 Case No.
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                       :    08-13555 (JMP)
                                                                   :
              Debtors.                                             :    (Jointly Administered)
-------------------------------------------------------------------x

### NOTICE OF HEARING ON
### FOUR HUNDRED TWENTIETH OMNIBUS
### OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)

**PLEASE TAKE NOTICE** that on June 18, 2013, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

certain entities in the above-referenced chapter 11 cases, filed its four hundred twentieth omnibus

objection to claims (the "Four Hundred Twentieth Omnibus Objection to Claims"), and that a

hearing to consider the Four Hundred Twentieth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 25, 2013 at 10:00 a.m. (Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

      **PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Twentieth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Erika del Nido, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **July 18, 2013 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline").

      **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Twentieth Omnibus Objection to Claims or any claim

2

set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four

Hundred Twentieth Omnibus Objection to Claims, which order may be entered with no further

notice or opportunity to be heard offered to any party.

Dated: June 18, 2013
      New York, New York

                                         /s/ Robert J. Lemons
                                         Robert J. Lemons

                                         WEIL, GOTSHAL & MANGES LLP
                                         767 Fifth Avenue
                                         New York, New York 10153
                                         Telephone: (212) 310-8000
                                         Facsimile: (212) 310-8007

                                         Attorneys for Lehman Brothers Holdings Inc.
                                         and Certain of Its Affiliates

HEARING DATE AND TIME: July 25, 2013 at 10:00 a.m. (Prevailing Eastern Time)
RESPONSE DEADLINE: July 18, 2013 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

# FOUR HUNDRED TWENTIETH OMNIBUS
## OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)

**THIS FOUR HUNDRED TWENTIETH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S
COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

US_ACTIVE:\44270294\4\58399.0011

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

2. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  These Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3. On January 14, 2010, the Court entered the order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

4. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023].  The Plan became effective on March 6, 2012.  Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The Employment-Related Claims**

5.     The proofs of claim listed on <u>Exhibit A</u> annexed hereto (collectively, the "<u>Employment-Related Claims</u>") assert claims for compensation arising out of employment with an entity that is not one of the Chapter 11 Estates.

**Relief Requested**

6.     The Plan Administrator files this omnibus objection, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and the Procedures Order, to disallow and expunge certain claims for which the Chapter 11 Estates have no liability.  As set forth in greater detail below, the Chapter 11 Estates have no liability for, and the Plan Administrator seeks to disallow and expunge the Employment-Related Claims.

**The Employment-Related Claims Should Be Disallowed and Expunged**

7.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

8.     The Employment-Related Claims assert claims for reimbursement for expenses, bonus payments, wages, severance, unused vacation pay, and other employment related expenses that were filed by former employees of an affiliate of the Chapter 11 Estates.  The Chapter 11 Estates have reviewed their records and determined that the claimants were not

3

employees of any of the Chapter 11 Estates at the time the Employment-Related Claims allegedly accrued, but were instead employees of other Lehman entities, including Lehman Brothers Inc. ("LBI"). A claim against an entity other than one of the Chapter 11 Estates does not result in a claim against, or a right to payment from, any of the Chapter 11 Estates. As a result, while the applicable employers of the claimants may be liable for such claims, the Employment-Related Claims state no basis upon which the Chapter 11 Estates may be liable.

9. The Employment-Related Claims are not valid claims against LBHI or any of the Chapter 11 Estates and should be expunged. Unless the Employment-Related Claims are disallowed and expunged as set forth below, parties who do not hold valid claims against the Chapter 11 Estates may nonetheless recover from the Chapter 11 Estates. The Court has previously disallowed and expunged similar proofs of claim filed by employees of entities that are not a part of these Chapter 11 Cases. *See, e.g., Order Granting Debtors' One Hundred Seventeenth Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims)* [ECF No. 17366]; *Order Granting Debtors' One Hundred Seventy-Seventh Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims)* [ECF No. 20627]; *Order Granting Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims)* [ECF No. 21382]; *Order Granting Debtors' Two Hundred Fifty-Fourth Omnibus Objection to Claims (Employment-Related Claims)* [ECF No. 27107]; *Order Granting Debtors' Two Hundred Eighty-Eighth Omnibus Objection to Claims (Employment-Related Claims)* [ECF No. 28389].

10. The Plan Administrator requests that the Court enter an order disallowing and expunging the Employment-Related Claims.

4

**Reservation of Rights**

11.     The Plan Administrator reserves all rights to object on any basis to any Employment-Related Claim or any portion of any Employment-Related Claim as to which the relief requested herein is not granted.

**Notice**

12.     No trustee has been appointed in these Chapter 11 Cases. Notice of this Four Hundred Twentieth Omnibus Objection to Claims has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on <u>Exhibit A</u>; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

13. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: June 18, 2013
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

6

# **EXHIBIT A**

US_ACTIVE:\44270294\4\58399.0011

## OMNIBUS OBJECTION 420: EXHIBIT A - EMPLOYMENT-RELATED CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 1 | EPSHTEYN, BORIS | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/16/2009 | 13375 | $13,140.00 | $13,140.00 | None |
| 2 | JOHNSON, HEIDI | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/16/2009 | 33280 | $225,137.37 | $225,137.37 | None |
| 3 | MARSILIO, PAUL A. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 02/08/2010 | 66257 | $118,406.62 | $118,406.62 | None |
| 4 | PAGANO, ERICA M. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/28/2009 | 6503 | $79,292.88 | $79,292.88 | None |
| 5 | TSESMELIS, NICOLE E. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 03/10/2009 | 3287 | $10,913.95 * | $10,913.95 * | Undetermined |
| 6 | VASHISHT, VISHAL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/23/2009 | 2354 | $175,000.00 | $175,000.00 | None |
| | | | | TOTAL | | $621,890.82 | $621,890.82 | $0.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                              : Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   : 08-13555 (JMP)
                                                                   :
                    Debtors.                                  : (Jointly Administered)
------------------------------------------------------------------x

ORDER GRANTING THE
FOUR HUNDRED TWENTIETH OMNIBUS
OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)

Upon the four hundred twentieth omnibus objection to claims, dated June 18, 2013 (the "Four Hundred Twentieth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking disallowance and expungement of the Employment-Related Claims to the extent that they assert claims for which LBHI has no liability, all as more fully described in the Four Hundred Twentieth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Twentieth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Four Hundred Twentieth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Four Hundred Twentieth Omnibus Objection to Claims.

Twentieth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Twentieth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Amounts to be Disallowed*" are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim or portion of any claim listed on Exhibit A annexed to the Four Hundred Twentieth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York

                                               _____
                                               UNITED STATES BANKRUPTCY JUDGE