**HEARING DATE AND TIME: July 25, 2013 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 18, 2013 at 4:00 p.m. (Eastern Time)**

> # THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF FOUR HUNDRED TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).
>
> # IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, LEE J. GOLDBERG, AT 212-310-8928.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------------x | | |
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ------------------------------------------------------------------x | | |

### NOTICE OF HEARING ON FOUR HUNDRED TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)

**PLEASE TAKE NOTICE** that on June 18, 2013, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan"), filed its four hundred twenty-first omnibus objection to claims (the "Four Hundred Twenty-First Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Four Hundred Twenty-First Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 25, 2013 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Twenty-First Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Lee J. Goldberg, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **July 18, 2013 at 4:00 p.m.** (**Eastern Time**) (the "Response Deadline").

2

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Twenty-First Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Twenty-First Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: June 18, 2013
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME: July 25, 2013 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 18, 2013 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                           :    Chapter 11 Case No.
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    08-13555 (JMP)
                                                                :
                    Debtors.                              :    (Jointly Administered)
------------------------------------------------------------------x

**FOUR HUNDRED TWENTY-FIRST OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS FOUR HUNDRED TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, LEE J. GOLDBERG, AT 212-310-8928.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), respectfully represents:

**Relief Requested**

1. The Plan Administrator files this four hundred twenty-first omnibus objection to claims (the "Four Hundred Twenty-First Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking to disallow and expunge the claims listed on Exhibit A annexed hereto.

2. The Plan Administrator has examined the proofs of claim identified on Exhibit A (collectively, the "No Liability Derivatives Claims") and has determined that the No Liability Derivatives Claims should be disallowed and expunged on the basis that they provide no basis of liability as to LBHI, Lehman Brothers OTC Derivatives Inc., and/or Lehman Brothers Special Financing Inc. (together, the "Chapter 11 Estates"), as applicable. After a review of the claimant's supporting documentation and the Chapter 11 Estates' books and records, the Plan Administrator has determined that, based on the fair, accurate, and reasonable values of the subject Derivatives Contracts (as defined herein) and the netting provisions thereunder, the Chapter 11 Estates do not owe any amounts to the claimants but rather, in most cases, the respective claimants actually owe money to the Chapter 11 Estates based on such Derivatives Contracts. In addition, in certain instances, the Chapter 11 Estates assumed the subject Derivative Contracts pursuant to the Plan. The No Liability Derivatives Claims,

2

therefore, do not constitute valid *prima facie* claims, and the Plan Administrator requests that they be disallowed and expunged in their entirety.

3. The Plan Administrator reserves all its rights to object on any basis to any No Liability Derivatives Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On December 6, 2011, the Court approved and entered an order confirming the Plan [ECF No. 23023] (the "Confirmation Order"). The Plan became effective on March 6, 2012 (the "Effective Date").

7. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

8. On July 2, 2009, this Court entered an order setting forth procedures for filing proofs of claim in these chapter 11 cases, including procedures for filing proofs of claim and supporting documentation for claims based on Derivatives Contracts[1] (the "Bar Date Order") [ECF No. 4271]. The Bar Date Order provided that "each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must: . . . complete the electronic

---

[1] "Derivative Contract" is defined in the Bar Date Order as meaning "any contract that is of (i) a 'swap agreement' as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a 'forward contract' as such term is defined in section 101(25) of the Bankruptcy Code . . . ." (*See* Bar Date Order at 6).

3

Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ." (Bar Date Order at 7)  The Bar Date Order further provided that "each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must [also]: . . . complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website . . . ." (*Id.* at 8.)  A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

9. Exhibit C to the Bar Date Order was a version of the Derivative Questionnaire, which required that the claimant provide various information in support of its claim, such as copies of relevant agreements; a copy of the termination notice; a valuation statement; individual trade-level detail; trade value methodology and quotations; and unpaid amounts, collateral, and other costs associated with the claim pursuant to the Derivatives Contract.  Also attached to the Bar Date Order was Exhibit D, a version of the Guarantee Questionnaire setting forth the information forming the basis of the claimant's assertions of a guarantee claim.

10. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

11. Pursuant to the Confirmation Order, the Court approved the assumption of, and cure amounts for, certain executory contracts designated by the Chapter 11 Estates in the Plan Supplement (as defined in the Plan).  Pursuant to the Plan, such assumption was effective upon the Effective Date.

4

**The No Liability Derivatives Claims Should Be Disallowed and Expunged**

12. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the No Liability Derivatives Claims as claims that should be disallowed and expunged on the basis that they provide no basis of liability as to the Chapter 11 Estates. After a review of the claimants' supporting documentation and the Chapter 11 Estates' books and records, the Plan Administrator has determined that, based on the fair, accurate, and reasonable values of the subject Derivatives Contracts and the netting provisions thereunder, the Chapter 11 Estates do not owe any amounts to the claimants; in each case, either no amounts are owed under the Derivatives Contracts to either party or the respective claimants actually owe money to the Chapter 11 Estates based on such Derivatives Contracts. In addition, in certain instances, the Chapter 11 Estates assumed the subject Derivative Contracts pursuant to the Plan, rendering the corresponding prepetition No Liability Derivatives Claims moot, as the Chapter 11 Estates are responsible for amounts that may become due under such contracts after their assumption. Consequently, the No Liability Derivatives Claims do not constitute valid *prima facie* claims.

13. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

14. The Plan Administrator currently utilizes a thorough, multi-step process to review claims filed against the Chapter 11 Estates based on a Derivatives Contract ("Derivatives Claims") in order to determine the fair, accurate, and reasonable value, if any, of such claims or,

5

alternatively, the monetary recovery due to the Chapter 11 Estates with respect to the subject Derivatives Contract.  In order to determine the amounts due under a Derivatives Contract, the Plan Administrator:  (i) collects and reviews documents related to the relevant Derivatives Claim including, but not limited to, the relevant Derivatives Questionnaire and/or Guarantee Questionnaire, the termination notice, and the valuation statement; (ii) reconciles posted collateral and any cash payments already received, made, or missed; and (iii) reviews the valuation methodology used by the claimant to determine the value of the claim, including verifying the legitimacy of quotes provided by the claimant in connection with its valuation statement, reviewing claimant's "loss" calculation, and evaluating any set-off claims.[2]  Furthermore, to the extent the holder is willing, the Plan Administrator engages in lengthy negotiations with the holder of the Derivatives Claim that are often very detailed and may extend over a period of months.

15.    The Plan Administrator has undertaken this lengthy process with respect to each of the No Liability Derivatives Claims and concluded that a fair, accurate, and reasonable valuation of the No Liability Derivatives Claims demonstrates that the Chapter 11 Estates do not owe any of the claimants money and that either no amounts are owed to either party or the claimant in fact owes the Chapter 11 Estates money.  In addition, in certain instances, the Chapter 11 Estates assumed the subject Derivative Contracts pursuant to the Plan.  In such instances, the Chapter 11 Estates are responsible for amounts that may become due under such contracts after their assumption, and the prepetition No Liability Derivatives Claims are moot.

---

[2] For a more comprehensive discussion of the valuation process, please see the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [ECF No. 4113]).

US_ACTIVE:\44278070\2\58399.0003

Accordingly, the Plan Administrator requests that the Court disallow and expunge in their entirety the No Liability Derivatives Claims listed on Exhibit A.

16.   With respect to claimants asserting No Liability Derivatives Claims for which the Chapter 11 Estates are owed money, the Plan Administrator expects, in many instances, to commence alternative dispute resolution procedures approved by this Court in the *Affirmative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts*, dated September 17, 2009 [ECF No. 5207], or the *Order Amending the Tier 2 Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Certain Derivatives Contracts*, dated May 2, 2012 [ECF No. 27698], as applicable.  With respect to claimants asserting No Liability Derivatives Claims as to which the Court does not grant this Four Hundred Twenty-First Omnibus Objection to Claims, the Plan Administrator may commence alternative dispute resolution procedures under the *Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors*, dated April 19, 2010 [ECF No. 8474].

**Notice**

17.   No trustee has been appointed in these chapter 11 cases.  Notice of this Four Hundred Twenty-First Omnibus Objection to Claims has been served on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

7

18. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: June 18, 2013
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

8

**Exhibit A**

US_ACTIVE:\44278070\2\58399.0003

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 421: EXHIBIT A - NO LIABILITY DERIVATIVE CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | LOUIS L. GONDA TRUST | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21440 | $1,004,348.00 * | $1,004,348.00* | No Liability Claim - Derivative |
| 2 | LOUIS L. GONDA TRUST | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/21/2009 | 21441 | $1,004,348.00 * | $1,004,348.00* | No Liability Claim - Derivative |
| 3 | PENN VIRGINIA CORPORATION | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/21/2009 | 22266 | $14,134,590.00 | $14,134,590.00 | No Liability Claim - Derivative |
| 4 | PVHA/SIMS VENTURES, LLC | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28240 | Undetermined | Undetermined | No Liability Claim - Derivative |
| 5 | PVHA/SIMS VENTURES, LLC | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 28241 | Undetermined | Undetermined | No Liability Claim - Derivative |
| 6 | WELLS FARGO BANK, NATIONAL ASSOCIATION | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 33094 | Undetermined | Undetermined | No Liability Claim - Derivative |
| 7 | WELLS FARGO BANK, NATIONAL ASSOCIATION | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 33104 | Undetermined | Undetermined | No Liability Claim - Derivative |
| | | | | TOTAL | | $16,143,286.00 | $16,143,286.00 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------x

### ORDER GRANTING FOUR HUNDRED TWENTY-FIRST
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)

Upon the four hundred twenty-first omnibus objection to claims, dated June 18, 2013 (the "Four Hundred Twenty-First Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Derivatives Claims on the grounds that they assert claims for which LBHI, Lehman Brothers OTC Derivatives Inc., and Lehman Brothers Special Financing Inc. (together, the "Chapter 11 Estates") have no liability, all as more fully described in the Four Hundred Twenty-First Omnibus Objection to Claims; and due and proper notice of the Four Hundred Twenty-First Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Twenty-First Omnibus Objection to Claims.

<u>A</u> attached to the Four Hundred Twenty-First Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and the Court having found and determined that the relief sought in the Four Hundred Twenty-First Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Twenty-First Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Twenty-First Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on <u>Exhibit A</u> annexed to the Four Hundred Twenty-First Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
     New York, New York

                                                    _____
                                                    UNITED STATES BANKRUPTCY JUDGE