HEARING DATE AND TIME: July 25, 2013 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 18, 2013 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons
Ralph I. Miller

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                              :    Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :    08-13555 (JMP)
:
Debtors.                                :    (Jointly Administered)
:
------------------------------------------------------------------x

**NOTICE OF MOTION PURSUANT TO SECTION
502(c) OF THE BANKRUPTCY CODE AND SECTION 9.3 OF THE
MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN
BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS TO ESTIMATE THE
<u>ALLOWED AMOUNTS OF CERTAIN EMPLOYEE INDEMNIFICATION CLAIMS</u>**

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "<u>Motion</u>")

of Lehman Brothers Holdings Inc. ("<u>LBHI</u>" and the "<u>Plan Administrator</u>"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "<u>Plan</u>"),[1] for approval, pursuant to section 502(c) of

chapter 11 of title 11 of the United States Code and Section 9.3 of the Plan, to estimate certain

proofs of claim filed against LBHI for the purposes of establishing the Allowed amount of such

claims, all as more fully described in the Motion, will be held before the Honorable James M.

Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **July 25, 2013 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Ralph I. Miller, Esq., Robert J. Lemons, and Maurice Horwitz, Esq., attorneys for LBHI and certain of its affiliates; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Tracy Hope Davis, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.; (iv) all parties who have requested notice in these chapter 11 cases; and (v) all parties with a particularized interest in the Motion, so as to be so filed and received no later than **July 18, 2013 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").**

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: June 18, 2013
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons
Ralph I. Miller

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME: July 25, 2013 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 18, 2013 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons
Ralph I. Miller

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 Case No. |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**MOTION PURSUANT TO SECTION 502(c)
OF THE BANKRUPTCY CODE AND SECTION 9.3 OF THE
MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN
BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS TO ESTIMATE THE
ALLOWED AMOUNTS OF CERTAIN EMPLOYEE INDEMNIFICATION CLAIMS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan")[1] for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), files this motion and respectfully represents:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**Preliminary Statement**

1. The proofs of claim identified on Exhibit A (collectively, the "Employee Indemnification Claims") were filed against LBHI by alleged former employees of the Chapter 11 Estates or their affiliates (each a "Claimant," and collectively, the "Claimants").[2] The Employee Indemnification Claims, each of which was filed as contingent and unliquidated, seek indemnification and advancement of defense costs from LBHI in connection with any litigations or other proceedings that may be initiated against the Claimants in the future, but that have not yet been initiated or threatened. The Claimants allege in their proofs of claim that LBHI may owe such future obligations pursuant to LBHI's bylaws. However, Claimants do not point to any specific litigation or other proceeding that has been threatened against the Claimants, nor do they allege any facts to suggest that a litigation or proceeding is likely to be commenced against them in the future.

2. No Claimant has amended its Employee Indemnification Claim to assert that such claim is no longer contingent, and Claimants may no longer amend their Employee Indemnification Claims without Court approval. (*Order Confirming Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* at ¶ 86. [ECF No. 23023]) Further, after conducting reasonable due diligence, the Plan Administrator has been unable to identify any action or proceeding that has the potential to give rise to an obligation on the part of LBHI to provide indemnification or advance defense costs to any of the Claimants. Accordingly, the Employee Indemnification Claims remain contingent and unliquidated.

3. The Employee Indemnification Claims should be estimated in the Allowed amount of zero dollars because LBHI's alleged liability for such claims is so contingent and

---

[2] At this time, the Plan Administrator has not confirmed, and reserves the right to dispute, that any of the Claimants were in fact employed by any of the Chapter 11 Estates.

speculative that the Employee Indemnification Claims will likely remain contingent and unliquidated indefinitely. Indeed, the Employee Indemnification Claims are premised on at least two contingencies: (1) the commencement of litigation or other proceedings against the Claimants relating to the Claimants' alleged employment by the Chapter 11 Estates or their affiliates, notwithstanding the fact that no such proceeding has been commenced in the nearly five years since the above-captioned cases have been commenced; and (2) a finding that the Claimants are liable for damages in any such future proceeding and/or the incurrence of fees or expenses by the Claimants in any such future proceeding. The Plan Administrator is not aware of any facts or evidence that would support a finding that either of the foregoing contingencies will ever occur.

## Jurisdiction

4.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334 and section 14.1 of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.      Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases (together, the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

6.      On December 6, 2011, the Court approved and entered an order confirming the Plan [ECF No. 23023] (the "Confirmation Order"). The Plan became effective on March 6, 2012. Pursuant to section 9.3 of the Plan, the Plan Administrator is authorized to

request that the Court estimate any contingent or unliquidated claim filed against the Chapter 11 Estates.

## Relief Requested

7. Pursuant to section 502(c) of the Bankruptcy Code and section 9.3 of the Plan, the Plan Administrator requests that the Court estimate each Employee Indemnification Claim in the Allowed amount of zero dollars.[3]

## Basis for Relief Requested

8. Section 9.3 of the Plan provides that "the Plan Administrator may at any time request on behalf of any Debtor that the Bankruptcy Court estimate any contingent, unliquidated, or Disputed Claim, to the extent permitted by the Bankruptcy Code and Bankruptcy Rules." (Plan at § 9.3.) Section 9.3 of the Plan further provides that "[i]n the event that the Bankruptcy Court estimates any contingent, unliquidated or Disputed Claim, the amount so estimated may constitute (i) the Allowed amount of such Claim . . . ." (*Id.* at § 9.3.)

9. The Bankruptcy Code permits estimation of contingent or unliquidated claims pursuant to section 502(c), which reads, in pertinent part, as follows:

> There shall be estimated for purposes of allowance under this section – (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case . . . .

11 U.S.C. § 502(c). The Bankruptcy Code uses the word "shall," and, therefore, estimation of a contingent or unliquidated claim is mandatory rather than permissive if the fixing or liquidation of such claim would unduly delay the administration of the case. *See, e.g.*, *International*

---

[3] The Plan Administrator reserves all rights to object on any ground to any Employee Indemnification Claim as to which the Court does not grant the relief requested herein, including, but not limited to, the right to object to any such Employee Indemnification Claim on the bases that LBHI's bylaws do not give rise to an obligation on the part of LBHI to provide indemnification or advance defense costs and/or that any such claims should either be disallowed or subordinated pursuant to sections 502(e)(1)(B) and 510(b) of the Bankruptcy Code.

*Brotherhood of Teamsters v. IML Freight, Inc.*, 789 F.2d 1460, 1463 (10th Cir. 1986); *In re Club Ventures Inv. LLC*, No. 11-10891, 2012 WL 6139082, at *4 (Bankr. S.D.N.Y. 2012); In *re Frontier Airlines, Inc.*, 137 B.R. 811, 814 (D. Colo. 1992). Courts have held that even where no undue delay exists, estimation of a contingent or unliquidated claim is within the discretion of the Court. *See, e.g.*, *Apex Oil Co. v. Stinnes Interoil, Inc.*, (*In re Apex Oil Co.*), 107 B.R. 189, 193 (Bank. E.D. Mo. 1989).

          10.      Estimation requires only "sufficient evidence on which to base a reasonable estimate of the claim." *Bittner v. Borne Chem. Co., Inc.*, 691 F.2d 134, 135 (3d Cir. 1982). "Neither the [Bankruptcy] Code nor the [Bankruptcy] Rules prescribe any method for estimating a claim, and it is therefore committed to the reasonable discretion of the court, which should employ whatever method is best suited to the circumstances of the case." *In re Ralph Lauren Womenswear, Inc.*, 197 B.R. 771, 775 (Bankr. S.D.N.Y. 1996) (internal citations omitted); *accord Bittner*, 691 F.2d at 135.

## The Employee Indemnification Claims Should Be Estimated in the Allowed Amount of Zero Dollars for Purposes of Distributions

**A.    Estimation of the Employee Indemnification Claims Is Mandatory Because Waiting for the Fixing or Liquidation of the Employee Indemnification Claims Would Unduly Delay the Administration of LBHI's Case**

          11.      The Employee Indemnification Claims, which were filed as contingent and unliquidated and have not been amended, are doubly contingent upon: (i) the commencement of future litigation or other proceedings against the Claimants; and (ii) to the extent that the Employee Indemnification Claims seek indemnification for damages, a finding that the Claimants are liable for the causes of action raised in any such proceeding. Nearly five years have passed since the commencement of the Chapter 11 Cases, and yet, Claimants have not submitted any evidence, whether in their proofs of claim or otherwise, to suggest that any

08-13555-mg    Doc 38023    Filed 06/18/13    Entered 06/18/13 17:55:26    Main Document
Pg 9 of 18

litigation or other proceeding has, or will ever be, commenced against them.  No Claimant has attempted to amend its claim to assert that such claim is no longer contingent, and Claimants cannot now amend their Employee Indemnification Claims without Court approval. (Confirmation Order at ¶ 86.)  Further, the Plan Administrator is not aware of any facts or evidence that indicate a likelihood that any claims or causes of action will ever be brought against the Claimants in connection with their alleged employment by the Chapter 11 Estates or their affiliates.

          12. In addition, the relevant statutes of limitations for many of the potential causes of action that arguably could have been brought against the Claimants have already expired, thereby precluding the commencement of many causes of action against the Claimants. For example, many persons and entities have filed lawsuits against employees of the Chapter 11 Estates and their affiliates as a result of the employees' alleged actions or inactions in connection with securities issued by the Chapter 11 Estates or their affiliates.  *See, e.g.*, *In re Lehman Brothers Securities and ERISA Litigation*, No. 09-MD-2017 (LAK) (S.D.N.Y.).  Claimants were not named as parties to such actions, and the statute of limitations for many of the claims raised in such actions, including claims brought pursuant to sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), have already expired.  *See, e.g.*, 11 U.S.C. § 77m (establishing a three year statue of repose for claims brought pursuant to sections 11 or 12(a)(2) of the Securities Act); *Dodds v. Signa Sec., Inc.*, 12 F F.3d 346, 349 n. 1 (2d Cir. 1993) (noting the application of the statute of repose created by section 13 of the Securities Act to claims under section 15 of the Securities Act); DEL. CODE ANN. tit. 6, § 73-605 (establishing, as a matter of Delaware law, a three year statute of limitations for claims arising from the sale of securities). The expiration of the statutes of limitations for many claims that could have been brought against

the Claimants further evidences how unlikely it is that the Employee Indemnification Claims will ever become fixed or liquidated.

13. Estimation represents an appropriate method for avoiding the delay to a debtor's reorganization, liquidation, and/or distributions that might be caused by extended legal proceedings on uncertain claims, and this principle is even more compelling for proceedings that have not yet been commenced and, in all probability, will never occur. *See In re Adelphia Bus. Solutions, Inc.*, 341 B.R. 415, 422 (Bankr. S.D.N.Y. 2003) ("Estimation, authorized under section 502(c) of the Code, provides a means for a bankruptcy court to achieve reorganization, and/or distributions on claims, without awaiting the results of legal proceedings that could take a very long time to determine."); *see also O'Neill v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)*, 981 F.2d 1450, 1461 (5th Cir. 1993) (holding that bankruptcy courts may estimate claims under section 502(c)(1) in order to (i) "avoid the need to await the resolutions of outside lawsuits to determine issues of liability or amount owed by means of anticipating and estimating the likely outcome of these actions," and (ii) "promote a fair distribution to creditors through a realistic assessment of uncertain claims."). Indeed, absent estimation of the Employee Indemnification Claims, such claims could remain unresolved indefinitely, thereby causing undue (and perhaps indefinite) delay in the administration of LBHI's case.

14. Even assuming, *arguendo*, that a litigation were commenced against a Claimant, to the extent that such Claimant's Employee Indemnification Claim seeks indemnification for damages, such claim will remain unliquidated until such time as the underlying litigation is fully and finally resolved. The final resolution of any such future litigation could take many years, and waiting for such a resolution would unduly delay the administration of LBHI's case. *See Cont'l Airlines*, 981 F.2d 1461; *Adelphia*, 341 B.R. at 422.

**B.    The Employee Indemnification Claims Should Be Estimated in the Allowed Amount of Zero Dollars for Purposes of Distributions Under the Plan**

15.    Where there is no likelihood of legal liability on a proof of claim, estimation at zero dollars for purposes of distribution is appropriate. *See, e.g.*, *In re Genesis Health Ventures, Inc.* 272 B.R. 558 (Bankr. D. Del. 2002), aff'd 112 Fed. Appx. 140 (3d Cir. 2004) (estimating claim under federal False Claims Act at zero dollars because claimant failed to adduce evidence required to show violation of same). In addition, courts have found that the greater the contingency of the claim, the more likely it is to be estimated at zero dollars. *See In re Rock & Republic Enters.*, No. 10-11728, 2011 WL 4756571, at *6-9 (Bankr. S.D.N.Y. 2011) (finding that if the relevant contingent indemnification claim were estimated, the court would estimate such claim at zero dollars in light of its highly speculative nature and the "multi-tiered" contingencies involved); *In re Amatex Corp.*, 110 B.R. 168, 170 (Bankr. E.D. Pa. 1990) ("Pursuant to 11 U.S.C. § 502(c)(1), a contingent claimant is said to generally be entitled to file a claim, but the amount of the claim is subject to estimation by the bankruptcy court. We note that such claims are often fragile in the face of the estimation process and valued at zero.") (citations omitted).

16.    For the reasons discussed above, there appears to be little or no likelihood that any litigations or other proceedings will be commenced against the Claimants at this late date, and thus the Employee Indemnification Claims will likely remain contingent indefinitely. Given the extremely contingent and speculative nature of the Employee Indemnification Claims, such claims should be estimated in the Allowed amount of zero dollars. *See Rock & Republic*, 2011 WL at *6-9 (estimating a contingent indemnification claim at zero dollars in light of its highly speculative nature and the "multi-tiered" contingencies involved); *see also Bittner v. Borne Chem. Co., Inc.*, 691 F.2d 134 (3d Cir. 1982) (valuing counterclaims at zero dollars for

plan voting purposes); *In re Ralph Lauren Womenswear, Inc.*, 197 B.R. 771 (Bankr. S.D.N.Y. 1996) (estimating former CEO's unsecured claim for unpaid severance and bonus at zero dollars).

## Notice

17.     No trustee has been appointed in the Chapter 11 Cases. The Plan Administrator, in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635], has served notice of this Motion on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the parties listed on Exhibit A; and (vi) all other parties who have requested notice in these chapter 11 cases. The Plan Administrator submits that no other or further notice need be provided.

18.     No previous request for the relief sought herein has been made by LBHI or the Plan Administrator to this or any other court.

      WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: New York, New York
       June 18, 2013

                                                /s/ Robert J. Lemons
                                                Robert J. Lemons
                                                Ralph I. Miller

                                                WEIL, GOTSHAL & MANGES LLP
                                                767 Fifth Avenue
                                                New York, New York 10153
                                                Telephone: (212) 310-8000
                                                Facsimile: (212) 310-8007

                                                Attorneys for Lehman Brothers Holdings Inc.
                                                and Certain of Its Affiliates

## Exhibit A

## Claims to Be Estimated in the Allowed Amount of Zero Dollars ($0.00):

| Claimant Name | Claim Number | Date Filed | Debtor Name | Asserted Total Claim Dollars |
|---|---|---|---|---|
| BEESON, LISA | 12844 | 09/15/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| BERKENFELD, STEVEN | 28480 | 09/22/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| BERTAGNA, ROBERT | 27175 | 09/22/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| BLAIR, NATASHA | 12841 | 09/15/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| CHAN, ANDREW L. | 28731 | 09/22/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| GELBAND, MICHAEL | 23808 | 09/21/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| HARBER, LANA | 12856 | 09/15/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| HASH, STEVEN | 31763 | 09/22/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| HEDLUND III, ROBERT G. | 30057 | 09/22/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| HOLLEB, THOMAS J. | 66496 | 04/02/2010 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| KELLY, MARTIN | 18362 | 09/18/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| KRAVETZ, LARRY J. | 27319 | 09/22/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| LAZARUS, DAVID | 19336 | 09/18/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| MCGEE, HUGH | 31080 | 09/22/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| MICHAELS, JEFFREY A. | 66974 | 07/30/2010 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| MOHR, SCOTT W. | 27180 | 09/22/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| ORLAN, FRED | 22129 | 09/21/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| OVERLANDER, KEITH F. | 23561 | 09/21/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| PEDONE, MICHAEL | 22130 | 09/21/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| SHAH, ASHISH C. | 33026 | 09/22/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |

| | | | | |
|---|---|---|---|---|
| SWEENEY, BRAD | 28733 | 09/22/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| THOMPSON, SARAH C. | 24581 | 09/21/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| TONUCCI, PAOLO | 12667 | 09/15/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| TREILING, ERIC | 18277 | 09/18/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| WELIKSON, JEFFREY A. | 13919 | 09/16/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |
| WELSH, JOHN M. | 27176 | 09/22/2009 | Lehman Brothers Holdings Inc. | Contingent / Unliquidated |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :

In re                                   :         Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :         08-13555 (JMP)
                                              :
                       Debtors.           :         (Jointly Administered)
                                              :
------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 502(c) OF THE BANKRUPTCY CODE AND
SECTION 9.3 OF THE MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN
OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS
ESTIMATING THE ALLOWED AMOUNTS OF CERTAIN PROOFS OF CLAIM**

Upon the motion (the "Motion") dated June 18, 2013 of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan")[1], for approval, pursuant to section 9.3 of the Plan and section 502(c) of title 11 of the United States Code (the "Bankruptcy Code"), to estimate the Allowed amounts of certain proofs of claim, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

(v) the Claimants listed on <u>Exhibit 1</u>; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that, pursuant to section 9.3 of the Plan and section 502(c) of the Bankruptcy Code, each of the claims identified on <u>Exhibit 1</u> attached hereto (the "<u>Employee Indemnification Claims</u>") is hereby estimated in the Allowed amount of zero dollars ($0.00); and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on <u>Exhibit A</u> attached to the Motion that is not listed on <u>Exhibit 1</u> attached hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2013

_____
Honorable James M. Peck
United States Bankruptcy Judge

US_ACTIVE:\44243777\13\58399.0011