RICH MICHAELSON MAGALIFF MOSER, LLP
340 Madison Avenue, 19th Floor
New York, NY 10173
212.220.9402
Howard P. Magaliff

*Counsel for Roger Saks*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re                                                        :    Chapter 11
                                                             :
LEHMAN BROTHERS HOLDINGS INC.,                               :    Case No. 08-13555 (JMP)
*et al.*,                                                    :    (Jointly Administered)
                                                             :
                    Debtors.                                 :
------------------------------------------------------------ x

### AMENDED RESPONSE OF ROGER SAKS TO DEBTORS' ONE HUNDRED SEVENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

Roger Saks, a creditor of the debtor Lehman Brothers Holdings Inc. ("LBHI"), by his attorneys Rich Michaelson Magaliff Moser, LLP, respectfully submits this amended response to the *Debtors' One Hundred Seventy-Sixth Omnibus Objection to Claims* (the "Objection"), which seeks to reclassify Mr. Saks' claim as an equity interest, and states:

1. Mr. Saks was a salesman employed by LBHI. Mr. Saks' compensation at LBHI was paid as a combination of cash and restricted stock units ("RSUs"). Mr. Saks' cash compensation was a commission based upon his monthly production.

2. Beginning in or around January 2008, LBHI initiated a system of deferring a portion of the monthly cash commissions earned by certain senior producers of its sales force, to accrue and be paid at year-end. The deferred commission was recorded by LBHI and reported to the affected employees as an "Adjustment to Monthly Production." The deferred amount was actually earned by the employee each month, and withheld by LBHI to be paid at year-end. The

{00004438v1 }

deferred cash amount did not represent unearned commissions or other compensation that would vest in the future.

3. From December 2007 through December 2008, Mr. Saks earned commissions of $2,326,054.20. Of this amount, $674,354.68 was deferred by LBHI and recorded as "Adjustment to Net Production." LBHI paid Mr. Saks the balance of the cash commissions earned during this period.

4. Mr. Saks filed proof of claim # 19077 against LBHI in the amount of $3,736,268.27, comprised of a priority wage claim of $10,950 and an unsecured claim for compensation of $3,725,318.27. A copy of the proof of claim is attached as Exhibit 1.

5. Annexed to the proof of claim are two exhibits. Exhibit A reflects compensation that was withheld in 2008. The fifth line of the chart in Exhibit A shows an adjustment to net production of $674,354.68, which represents earned income that was withheld, to be paid at year-end. Contrary to what LBHI asserts in the Objection, this amount is not an "Equity Award" as defined in the Objection – it is unpaid cash compensation and not compensation based upon restricted stock units, contingent stock awards, stock options or other equity-related compensation. The chart in Exhibit A is an LBHI-generated document that was provided by LBHI to Mr. Saks.

6. Mr. Saks is a Participant, as defined in the *Amended Order Establishing Discovery Procedures in Connection With Omnibus Objections to Reclassify Proofs of Claim as Equity Interests* dated November 28, 2012 (the "DPO") [ECF doc. # 32386], has signed the protective order as provided in the DPO and has been actively engaged in discovery. Counsel for Mr. Saks is a member of a group of approximately a dozen attorneys for Participants who have been acting together as an informal steering committee with counsel for the Debtors to work

{00004438v1 }

2

through discovery issues, negotiate stipulated facts and prepare an evidentiary record for trial, and make efforts to reach a negotiated resolution of the objections.

7.  Mr. Saks requests that his proof of claim be allowed, at a minimum, in the amount of $685,304.68, with $10,950 allowed as a priority wage claim pursuant to 11 U.S.C. § 507(a)(4) and $674,354.68 allowed as a general unsecured claim. With respect to the balance of the claim, Mr. Saks disputes that the RSUs, which LBHI characterizes as Equity Awards, are in fact equity that should be subordinated pursuant to section 510(b) of the Bankruptcy Code as LBHI asserts, and requests that those amounts also be allowed as a general unsecured claim.

8.  This amended response supersedes and replaces the response that Mr. Saks filed on October 12, 2011 [ECF doc. # 20755]. Mr. Saks reserves his right to further amend this response prior to trial.

**WHEREFORE**, for the reasons set forth above, Mr. Saks respectfully requests that this Court deny the Debtors' Objection to the extent set forth herein, and grant such other and further relief as the Court deems just.

Dated:  New York, New York
        June 19, 2013

RICH MICHAELSON MAGALIFF MOSER, LLP
Counsel for Roger Saks
By:

/s/ Howard P. Magaliff
HOWARD P. MAGALIFF
340 Madison Avenue, 19th Floor
New York, NY 10173
212.220.9402
*hmagaliff@r3mlaw.com*

{00004438v1}

3

# **EXHIBIT 1**

{00004438v1 }

# PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)
0000019077

**United States Bankruptcy Court/Southern District of New York**

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al., Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (see definition on reverse side).

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Roger Saks
64 Twin Brooks Rd
Saddle River, NJ 07458

**Telephone number:** 201 310 5800  **Email Address:** rogersaks@gmail.com

**Name and address where payment should be sent (if different from above)**

Telephone number:  Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ (If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 3,736,268.27

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

**2. Basis for Claim:** Compensation withheld - See Exhibit A&B
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property: $ _____  Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ _____
Basis for perfection: _____

**Amount of Secured Claim:** $ _____  **Amount Unsecured:** $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_).

**Amount entitled to priority:** $ 10,950.—

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
(See instruction #6 on reverse side.)

**7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**8. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**Date:** 9/18/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

[signature]

FOR COURT USE ONLY

FILED / RECEIVED
SEP 18 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Exhibit A

## Cash compensation that was withheld during the course of 2008:

Name: 10205575 - ROGER SAKS
From: 12/1/2007 To: 12/31/2008

| Year Total | | Dec-08 | Nov-08 | Oct-08 | Sep-08 | Aug-08 | Jul-08 | Jun-08 | May-08 | Apr-08 | Mar-08 | Feb-08 | Jan-08 | Dec-07 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 16,678,128.70 | Gross Production | 638,753.10 | 526,665.67 | 499,912.88 | 437,772.03 | 1,074,107.23 | 1,617,125.49 | 1,573,668.19 | 1,440,471.63 | 1,452,025.42 | 2,002,239.93 | 1,887,332.21 | 1,881,379.52 | 1,646,675.40 |
| 2,326,054.20 | Net Production | 108,498.64 | 89,500.57 | 79,050.90 | 59,870.53 | 147,776.17 | 241,436.07 | 218,475.26 | 200,480.27 | 191,922.10 | 266,763.53 | 253,010.01 | 253,082.87 | 216,187.29 |
| 13.95 | Average Rate (%) | 16.99 | 16.99 | 15.81 | 13.68 | 13.76 | 14.93 | 13.88 | 13.92 | 13.22 | 13.32 | 13.41 | 13.45 | 13.13 |
| | Prior Months -Deficit/Overage | 0 | 0 | -8,487.32 | -58,686.66 | 0 | -0.01 | 0 | 0 | 0.01 | 0 | 0 | 0 | 0.01 |
| -674,354.68 | Adj to Net Production | | | | -9,671.20 | -50,379.18 | -62,351.47 | -71,258.88 | -85,835.72 | -88,798.21 | -110,952.43 | -65,537.77 | -64,470.79 | -51,099.88 |
| | Monthly Payout Balance | -13,845.16 | -154 | 0 | 0 | 97,396.99 | 179,084.59 | 147,216.38 | 114,644.55 | 103,123.90 | 155,811.10 | 187,472.24 | 188,612.07 | 165,087.42 |
| | Draw Amount | 94,653.48 | 89,346.58 | 70,563.57 | -8,487.32 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 0 | | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 103,123.90 | 155,811.10 | 187,472.24 | 188,612.07 | 165,087.42 |
| 1,593,012.88 | Total Sales Compensation | 94,653.48 | 89,346.58 | 70,563.57 | 0 | 97,396.99 | 179,084.59 | 147,216.38 | 114,644.55 | 81,074.93 | 102,975.77 | 113,740.56 | 114,317.62 | 105,940.21 |
| 1,140,250.28 | Cash Commissions | 94,653.48 | 89,346.58 | 70,563.57 | 0 | 74,802.62 | 112,378.91 | 97,719.54 | 82,736.49 | 31,908.06 | 52,835.32 | 73,731.68 | 74,294.45 | 59,147.21 |
| 452,762.59 | Equity Accrual Calculated | 0 | 0 | 0 | 0 | 22,594.38 | 66,705.68 | 49,496.85 | 31,908.06 | 22,048.97 | 52,835.32 | 73,731.68 | 74,294.45 | 59,147.21 |
| 1,651,699.53 | Recorded Total Sales Compensation | 94,653.48 | 89,346.58 | 70,563.57 | 0 | 156,083.65 | 179,084.59 | 147,216.39 | 114,644.55 | 103,123.90 | 155,811.09 | 187,472.24 | 188,612.07 | 165,087.42 |
| | -Deficit/Overage | 0 | 0 | 0 | -8,487.32 | -58,686.66 | 0 | -0.01 | 0 | 0 | 0.01 | 0 | 0 | 0 |

| | | |
|---|---|---|
| Adjustment to Monthly Production to be Paid out at Year end (monies which were witheld monthly to be paid at year end) | $ | 674,354.68 |
| Compensation Accrued for Equity Awards which never delivered (monies witheld for stock awards that were never purchased or delivered) | $ | 452,762.59 |
| Minus Compensation for which Equity Accrual was Delivered in July | $ | (125,586.00) |
| **Total Compensation Due** | $ | 1,001,531.27 |

Personal Award Summary

# LEHMAN BROTHERS | LehmanLive

Exhibit B

10205575 Roger Saks    Page 1 of 1

Data as of August 31, 2008

## AWARD UNITS¹ OUTSTANDING

| Grant Date | Grant Description | Grant Price | Grant Value² | Restriction Ends | Units Granted | Dividend Equivalents Delivered | Units Vested³ | Units Outstanding | Market Value at $0.198* |
|---|---|---|---|---|---|---|---|---|---|
| 07/01/2008 | 2007 IR SVP RSU | $20.9600 | $125,586 | 11/30/2011 | 5,991.71 | 75.72 | 0.00 | 6,067.43 | $1,201 |
| 12/07/2007 | 2007 IR SVP Principal | $47.6000 | $719,928 | 11/30/2012 | 15,124.54 | 311.52 | 0.00 | 15,436.06 | $3,056 |
| 12/07/2007 | 2007 IR SVP Discount | $47.6000 | $239,976 | 11/30/2012 | 5,041.51 | 103.80 | 0.00 | 5,145.31 | $1,019 |
| 12/08/2006 | 2006 IR SVP Principal | $57.7700 | $405,170 | 11/30/2011 | 7,013.50 | 207.56 | 0.00 | 7,221.06 | $1,430 |
| 12/08/2006 | 2006 IR SVP Discount | $57.7700 | $135,056 | 11/30/2011 | 2,337.83 | 69.25 | 0.00 | 2,407.08 | $477 |
| 11/30/2005 | 2005 IR SVP Principal | $47.2500 | $417,910 | 11/30/2010 | 8,844.66 | 324.65 | 0.00 | 9,169.31 | $1,816 |
| 11/30/2005 | 2005 IR SVP Discount | $47.2500 | $139,303 | 11/30/2010 | 2,948.22 | 108.20 | 0.00 | 3,056.42 | $605 |
| 11/30/2004 | 2004 IR SVP Principal | $32.1750 | $272,738 | 11/30/2009 | 8,476.72 | 380.81 | 0.00 | 8,857.53 | $1,754 |
| 11/30/2004 | 2004 IR SVP Discount | $32.1750 | $90,912 | 11/30/2009 | 2,825.56 | 126.85 | 0.00 | 2,952.41 | $585 |
| 12/10/2003 | 2003 IR Firmwide Principal | $26.7700 | $141,119 | 11/30/2008 | 5,271.52 | 281.30 | 5,552.82 | 5,552.82 | $1,099 |
| 12/10/2003 | 2003 IR Firmwide Discount | $26.7700 | $47,039 | 11/30/2008 | 1,757.16 | 93.55 | 0.00 | 1,850.71 | $366 |
| Total Principal | | | | | | | | | $13,408 |
| Total Equity | | | $2,734,737 | | 65,632.93 | 2,083.21 | 23,579.66 | 67,716.14 | $13,408 |

¹ Market value refers to the value of the underlying Lehman Brothers Holdings Inc. shares at the indicated stock price. The intrinsic value of stock options is calculated by multiplying the number of options outstanding by the difference between the indicated stock price and the option exercise price. Please note that the current market price is based on a delayed 20 minutes feed from Reuters. (10:25 AM EDT on September 18 2009)

² Award Units are those equity-based awards other than stock options, i.e. Restricted Stock Units, Conditional Equity Awards or Contingent Stock Awards, as applicable.

² Grant Value refers to the value of the underlying Lehman Brothers Holdings Inc. shares at the indicated grant price.

³ Units Vested refers to that portion of the award that has become vested and/or subject to limited conditions, as determined under the applicable plan documents.

RECEIVED BY: *[signature: Ashfield]*

DATE: 9/18/09

TIME: 12:37

HANDY DELIVERY