**Presentment Date and Time: June 27, 2013 at 12:00 noon (Prevailing Eastern Time)**
**Objection Deadline: June 26, 2013 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objection Filed): July 25, 2013 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

### NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER BETWEEN LEHMAN BROTHERS HOLDING INC. AND ORACLE AMERICA, INC. REGARDING SETTLEMENT AND ALLOWANCE OF CLAIM NO. 67850

**PLEASE TAKE NOTICE** that the undersigned will present the annexed proposed stipulation, agreement and order (the "Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **June 27, 2013 at 12:00 noon (Prevailing Eastern Time)**. The Order provides, *inter alia*, that Claim Number 67850 filed by Oracle America Inc. shall be allowed in part as an administrative expense claim against Lehman Brothers Holdings Inc. under 11 U.S.C. § 503(b), and that the remainder of such claim shall be disallowed and expunged.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **June 26, 2013 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Order on **July 25, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:   June 19, 2013
    New York, New York

  /s/ Robert J. Lemons
Robert J. Lemons
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**STIPULATION, AGREEMENT AND ORDER BETWEEN
LEHMAN BROTHERS HOLDINGS INC. AND ORACLE AMERICA, INC.
REGARDING SETTLEMENT AND ALLOWANCE OF CLAIM No. 67850**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), on behalf of itself and as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), and Oracle America, Inc., successor to Oracle USA, Inc., and Oracle Corporation ("Oracle," and, together with LBHI, the "Parties" and each a "Party" herein), by and through their respective attorneys, hereby stipulate and agree as follows:

**RECITALS:**

A. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced voluntary cases under chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case No. 08-13555 (JMP).

B. On December 6, 2011, the Court approved and entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012.

C. Prior to the Commencement Date, Oracle was a party to a certain Software License and Services Agreement with Lehman Brothers, and certain other related orders and agreements (collectively, the "Oracle Agreements") under which Oracle provided LBHI and certain of its affiliates with software licenses, maintenance and support services.

D. On July 2, 2009, this Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [ECF No. 4271]. The Bar Date Order established September 22, 2009 as the general deadline for filing proofs of claim against LBHI and its affiliated debtors.

E. Oracle timely filed a proof of claim (Claim No. 18704) (the "Initial Proof of Claim") asserting a claim against LBHI in the amount of $7,198,020.87 (plus taxes) in respect of the net amount purportedly owing to Oracle under the Oracle Agreements. In the Initial Proof of Claim, Oracle alleged that LBHI was continuing to use certain licenses and was liable for post-petition administrative expenses relating thereto. To the extent executory, the Oracle Agreements were rejected under the terms of the Plan. On January 19, 2012, Oracle filed a proof of claim (Claim No. 67850) (the "Oracle Claim") asserting a claim for damages resulting from the rejection of the Oracle Agreements in the amount of $7,198,020.87 (plus taxes). The Oracle Claim was duplicative of the Initial Proof of Claim. As a result, pursuant to the *Order Granting Debtors' Two Hundred Fifty-Seventh Omnibus Objection to Claim (Amended and Superseded Claims)* [ECF No. 27117], the Initial Proof of Claim was disallowed and expunged.

2

F. LBHI and Oracle, through their counsel, have engaged in discussions regarding the Oracle Claim for more than a year, and have exchanged information regarding the Oracle Agreements in an effort to reconcile the amounts due thereunder and determine whether LBHI, or one of its current or former affiliates, is liable for amounts due under the Oracle Agreements. In connection therewith, and as a precondition to the Settlement, LBHI provided to Oracle a Secretary's Certificate indicating the titles, if any, of the individuals that executed various Oracle Agreements for Lehman Brothers, Inc., and whether such individuals held titles at LBHI. Oracle views the Secretary's Certificate as material to the settlement.

G. After good-faith, arms'-length negotiations, the Parties have agreed to resolve the Oracle Claim in the manner set forth below (the "Stipulation, Agreement and Order").

H. Pursuant to the *Order Modifying Certain Existing Claims Orders*, dated July 18, 2012 [ECF No. 29505], LBHI, as Plan Administrator, is authorized to settle claims where the allowed amount of such settled claim is less than $200 million. Oracle has requested that LBHI provide notice of, and obtain Court approval for, the settlement of the Oracle Claim, as described herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND AMONG THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. Upon the Effective Date (i) Oracle will have an allowed administrative expense claim against LBHI under section 503(b) of the Bankruptcy Code in the amount of

3

$2,549 (the "Allowed Administrative Expense Claim"); and (ii) the remainder of the Oracle Claim shall be disallowed and expunged.

3. Upon the Effective Date, except as to (i) Oracle's right to receive distributions on account of the Allowed Administrative Expense Claim and (ii) the obligations set forth herein, each Party on behalf of itself, its estate (where applicable), its successors and assigns, and any other party, person, or entity claiming under or through it, hereby releases, discharges, waives and acquits, unconditionally and irrevocably, the other Party and its respective officers, employees, attorneys, financial advisors, accountants, successors, personal representatives, and assigns (each in their capacities as such) from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses, counterclaims, defenses, rights of setoff, deductions, liens, losses, and claims of every kind, nature, and character whatsoever, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulation, tort (excluding fraud, bad faith or willful misconduct) or otherwise, accrued or unaccrued, known or unknown, matured or unmatured, liquidated or unliquidated, certain or contingent, that such Party ever had or claimed to have or now has or claims to have presently or at any future date, against each other Party arising under, related to, or in connection with the Oracle Claim..

4. Notwithstanding anything in the above paragraph or otherwise herein, the terms of this Stipulation, Agreement and Order shall not have any effect, including without limitation as to the validity or amount, on any claim asserted by Oracle against Lehman Brothers Inc. in its proceeding under the Securities Investors Protection Act of 1970 (08-01420 (JPM) SIPA).

4

5.   No distribution made by LBHI in respect of the Allowed Administrative Expense Claim shall be subject to any setoff, deduction, claim, counterclaim, or defense of any kind or nature.

6.   This Stipulation, Agreement and Order contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

7.   This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

8.   This Stipulation, Agreement and Order shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and assigns. Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation, Agreement and Order.

9.   Each person who executes this Stipulation, Agreement and Order represents that he or she is duly authorized to do so on behalf of the respective Party hereto and that each such Party has full knowledge and has consented to this Stipulation, Agreement and Order.

10.  This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties hereto.

11.     This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

| | |
|---|---|
| Dated:  June 17, 2013<br>San Francisco, California | Oracle America, Inc.<br><br> /s/ Deborah K. Miller<br>Deborah K. Miller<br>500 Oracle Pkwy, MS 5op7<br>Redwood Shores, CA 94065<br>Telephone: (650) 506-5200<br><br>Attorneys for Oracle |
| Dated:  June 18, 2013<br>New York, New York | /s/ Robert J. Lemons<br>Robert J. Lemons<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>Attorneys for Lehman Brothers Holdings Inc.<br>and Certain of Its Affiliates |

SO ORDERED, this
___ day of May, 2013 in New York

_____
United States Bankruptcy Judge

6