John E. Jureller, Jr.
KLESTADT & WINTERS, LLP                          Hearing Date: July 25, 2013, 10:00 a.m.
570 Seventh Avenue, 17th Floor                   Response Deadline: June 24, 2013
New York, New York 10018
Tel: (212) 972-3000
Fax: (212) 972-2245

Attorneys for Claimant,
*Golden Moon Capital Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:                                          :       Chapter 11
                                                :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*,       :       Case No. 08-13555 (JMP)
                                                :
                         Debtors.               :       (Jointly Administered)
-------------------------------------------------------------------X

### LIMITED RESPONSE AND OPPOSITION OF GOLDEN MOON CAPITAL CORPORATION TO THE DEBTORS' FOUR HUNDRED TWELFTH OBJECTION OF CLAIMS (DUPLICATIVE CLAIMS)

Golden Moon Capital Corporation[1] ("Claimant"), by its attorneys, hereby files this limited

response and opposition to the Debtors' Four Hundred Twelfth Objection to Claims (Duplicative

Claims)(the "Objection"), and states as follows:

1.      By their Objection, Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers

Special Financing, Inc. ("LBSF", and collectively with LBHI as the "Debtors"), seek to disallow and

expunge the claims filed by Claimant, namely Claim No. 13809 and 13810 (the" Claims"), as being

duplicative of Claim Nos. 29735 and 68083 (the "Trustee Claims"), respectively.

2.      At all relevant times, Claimant was one of the noteholders (the "Noteholders") of

Diamond Finance PLC, as part of the Dante Finance program, holding certain Series 2007-4 BRL

380,000,000 Brazil NTN-B Pass-through Noted due 2015 in US Dollars (the "Notes"), which were

constituted and secured pursuant to a Supplemental Trust deed and Drawdown Agreement dated 17 May

2007 as amended and restated by a Second Supplemental Trust Deed and Drawdown Agreement dated 31

May 2007 and a Third Supplemental Trust Deed and Drawdown Agreement dated 25 June 2007 between

---
[1] All rights have now been assigned to Moises Pinsky, as successor in interest.

Diamond Finance Public Limited Company (the "Issuer"), as issuer and BNY Mellon Corporate Trustees Services Limited (the "Trustee")(together as the "Supplemental Trust Deed").

3.      Upon information and belief, the Notes were secured by the proceeds of a certain credit derivative transaction (the "Derivative Transaction") entered into between Issuer and LBSF, with LBHI as the credit support provider for such transaction.  The Claimant holds Notes in a total sum of $303,459.48.

4.      On September 16, 2013, Claimant timely filed the Claims against LBSF and LBHI as a precaution in the event the Trustee did not bring such claims on behalf of the Issuer and the Noteholders with respect to the Derivative Transaction and/or as security for the Notes.

5.      Pursuant to their Objection, the Debtors claim that Claimant's Claims are duplicative of the Trustee Claims.  While it certainly appears to be the case, Claimant has been unable to obtain confirmation that its Claims and interests are in fact incorporated into, covered by, and part of the Trustee Claims.

6.      Further, pursuant to discussion with the Debtors' counsel and representative, Claimant was advised that the Debtors and the Trustee, with the approval of 75% of the Noteholders as well as a committee of certain Noteholders, entered into a settlement agreement, which, upon information and belief, provides for the Trustee Claims to be allowed in a certain amount.   To date, we have been unable to confirm the terms of the settlement agreement, confirm that the Trustee Claims have been allowed as to the Notes, or confirm that Claimant's Claims are included in the settlement.

7.      A proof of claim, timely and properly filed, is *prima facie* evidence of the validity and amount of the claim. *See* Fed. R. Bankr. P. 3001(f); *see also* In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009).  To overcome the *prima facie* evidence, the debtor must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim. In re Hess, 404 B.R. 747, 750 (Bankr. S.D.N.Y. 2009).   To date, other than stating that the Claims are duplicative of the Trustee Claims, the Debtors have not set forth any evidence with respect thereto.

8.      That being said, Claimant has indicated that it is willing to immediately withdraw the Claims upon receiving confirmation that it's Claims and related interests are included in, covered by, and incorporated within the Trustee Claims and the settlement between the Debtors and Trustee with respect thereto.  As a party to the settlement agreement, the Debtors are in a position to confirm Claimant's Notes are included therein.  To date, Claimant has been unable to confirm these facts on its own.

9.      For such reasons, Claimant respectfully requests that the Court deny the Objection, or alternatively, condition the sustaining of such Objection upon confirmation that Claimant's Claims are part of the Trustee Claims and the settlement agreement related thereto.

Dated:  June 21, 2013

KLESTADT & WINTERS, LLP

By: _/s/ John E. Jureller, Jr._
         John E. Jureller, Jr.
570 Seventh Avenue, 17th Floor
New York, New York 10018
(212) 972-3000

Attorneys for Claimant
**_Golden Moon Capital Corporation_**