WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER**
**28 U.S.C. § 1746 REGARDING OMNIBUS CLAIMS**
**OBJECTIONS SCHEDULED FOR HEARING ON JUNE 27, 2013**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

1. Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), or LBHI as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of LBHI and its Affiliated Debtors (the "Plan Administrator"), filed the following motions

and omnibus claims objections (collectively, the "Claims Objections") with the Court for hearing on or before June 27, 2013:

    (a)    Four Hundred Fourteenth Omnibus Objection to Claims (Late-Filed Claims) [**ECF No. 37505**]

    (b)    Four Hundred Fifteenth Omnibus Objection to Claims (No Liability Derivatives Claims) [**ECF No. 37506**]

2.    In accordance with the Second Amended Case Management Order, the Debtors, or the Plan Administrator, as applicable, established deadlines (the "Response Deadline") for each Claim Objection for parties to object or file responses. The Response Deadlines have been extended for certain creditors from time to time. The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.    The Response Deadlines have now passed and, to the best of my knowledge, no responsive pleadings to the Claims Objections have been (a) filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on counsel to the Debtors or the Plan Administrator (or such responsive pleadings have been withdrawn) by any of the holders of the claims included on Exhibit 1 to any of the Orders attached hereto, which include only the proofs of claim for which the Claims Objection will be granted. Responses to certain of the Claims Objections were filed on the docket, or served on the Debtors or the Plan Administrator, by holders of certain proofs of claim included on the Claims Objections. The hearing on the Claims Objections as to any proof of claim for which a response was either filed on the docket or

received by the Debtors or the Plan Administrator, and which response has not been resolved, has been adjourned to a future date.

4.  Accordingly, the Debtors and the Plan Administrator respectfully request that the proposed orders granting the Claims Objections annexed hereto as <u>Exhibits A</u> and <u>B</u>, which, except for the inclusion of additional language to indicate that such order is supplemental to a previously entered order for a Claim Objection or to reference the inclusion of separate exhibits attached to the proposed orders for proofs of claim for which the Claims Objection is granted, adjourned or withdrawn, are unmodified since the filing of the Claims Objections, be entered in accordance with the procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: June 26, 2013
      New York, New York

                    /s/ Robert J. Lemons
                    Robert J. Lemons

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Lehman Brothers Holdings Inc. and
                    Certain of Its Affiliates

**EXHIBIT A**
**(Proposed Order – ECF No. 37505)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                            :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                 :
                     Debtors.                         :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING FOUR HUNDRED FOURTEENTH
### OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)

Upon the four hundred fourteenth omnibus objection to claims, dated May 21, 2013 (the "Four Hundred Fourteenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the Late-Filed Claims on the basis that they were filed after the General Bar Date or Securities Programs Bar Date, as applicable, all as more fully described in the Four Hundred Fourteenth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Fourteenth Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the Four Hundred Fourteenth Omnibus Objection to Claims; and (vi) all other

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Fourteenth Omnibus Objection to Claims.

parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Fourteenth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Fourteenth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Fourteenth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "Late-Filed Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Four Hundred Fourteenth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York

                                                 _____
                                                 UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

US_ACTIVE:\44284201\1\58399.0011

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 414: EXHIBIT 1 - LATE FILED CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | TOTAL CLAIM DOLLARS SUBJECT TO OBJECTION | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 1 | BOOTHBY, RICHARD C. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/18/2013 | 68146 | $92,000.00 | $92,000.00 | None |
| 2 | GRECO, MICHELE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/31/2013 | 68149 | $839,238.91 | $839,238.91 | None |
| 3 | LOHRUM, MARTINA | | Lehman Brothers Holdings Inc. | 12/19/2012 | 68143 | $50,000.00 | $50,000.00 | None |
| 4 | MARCELINO, ELEUTERIO L. | | Lehman Brothers Holdings Inc. | 2/6/2013 | 68150 | $10,000.00 * | $10,000.00 | None |
| 5 | NGAI, BERNARD | | Lehman Brothers Holdings Inc. | 12/28/2012 | 68145 | Undetermined | Undetermined | None |
| 6 | NGAI, WENDY | | Lehman Brothers Holdings Inc. | 12/28/2012 | 68144 | Undetermined | Undetermined | None |
| 7 | P AND R CASILIO ENTERPRISES, INC. | 09-17505 (JMP) | LB Preferred Somerset LLC | 1/18/2013 | 68147 | $10,000.00 * | $10,000.00 | None |
| 8 | P AND R CASILIO ENTERPRISES, INC. | 09-17503 (JMP) | LB Somerset LLC | 1/18/2013 | 68148 | $10,000.00 * | $10,000.00 | None |
| | | | | | TOTAL | $1,011,238.91 | $1,011,238.91 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT B**
**(Proposed Order – ECF No. 37506)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :    08-13555 (JMP)
                                                                  :
                    Debtors.                              :    (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING FOUR HUNDRED FIFTEENTH OMNIBUS
OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)**

Upon the four hundred fifteenth omnibus objection to claims, dated May 21, 2013 (the "Four Hundred Fifteenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Derivatives Claims on the grounds that they assert claims for which LBHI has no liability, all as more fully described in the Four Hundred Fifteenth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Fifteenth Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the Four Hundred Fifteenth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Fifteenth Omnibus Objection to Claims.

in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and the Court having found and determined that the relief sought in the Four Hundred Fifteenth Omnibus Objection to Claims is in the best interests of LBHI, its creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Fifteenth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Fifteenth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on <u>Exhibit A</u> annexed to the Four Hundred Fifteenth Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
       New York, New York

                                                          _____
                                                          UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

US_ACTIVE:\44284201\1\58399.0011

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**
**OMNIBUS OBJECTION 415: EXHIBIT 1 - NO LIABILITY DERIVATIVE CLAIMS**

| | NAME | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | HAMADA SHOKAI CO. LD | Lehman Brothers Holdings Inc. | 12450 | $15,780,487.60 | $15,780,487.60 | None | No Liability Claim - Derivative |
| 2 | KT CORPORATION | Lehman Brothers Holdings Inc. | 2122 | $14,851,674.00 | $14,851,674.00 | None | No Liability Claim - Derivative |
| 3 | LOVELY QUEEN CO, LTD | Lehman Brothers Holdings Inc. | 9399 | $3,743,517.18 | $3,743,517.18 | None | No Liability Claim - Derivative |
| | | TOTAL | | $34,375,678.78 | $34,375,678.78 | | |

\* - Indicates claim contains unliquidated and/or undetermined amounts