**Presentment Date and Time: July 8, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: July 3, 2013 at 4:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objection Filed): July 25, 2013 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                                                           :
In re                                                                   :         **Chapter 11 Case No.**
                                                                           :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :         **08-13555 (JMP)**
                                                                           :
**Debtors.**                                                       :         **(Jointly Administered)**
_____:

**NOTICE OF PRESENTMENT OF**
**STIPULATION AND ORDER AMENDING AND WITHDRAWING CLAIMS**

    **PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation and Order Amending and Withdrawing Claims (the "Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **July 8, 2013 at 10:00 a.m. (Prevailing Eastern Time).**

    **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Order with proof of service is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **July 3, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the Order may be signed.

    **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Order on **July 25, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Custom House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: June 27, 2013
      New York, New York

/s/ Garrett A. Fail
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
In re                                                                              :    Chapter 11 Case No.
                                                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    08-13555 (JMP)
                                                                                       :
                                           Debtors.                      :    (Jointly Administered)
-------------------------------------------------------------x

### STIPULATION AND ORDER AMENDING AND WITHDRAWING CLAIMS

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for LBHI and Lehman Brothers Special Financing Inc. ("LBSF"), on the one hand, and LibertyView Credit Select Fund, L.P. d/b/a LibertyView Loan Fund, L.L.C., LibertyView Credit Opportunities Fund, L.P., LibertyView Funds L.P. d/b/a LibertyView Focus Funds L.P., LibertyView Global Risk Arbitrage, L.P., and LibertyView Special Opportunities Fund, L.P., on the other hand, (collectively, the "Claimants" and together with LBHI and LBSF, the "Parties"), hereby stipulate and agree as follows:

### RECITALS

A.    On September 15, 2008, LBHI filed a voluntary petition under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

B.    On September 22, 2009, Claimants filed, among others, the following proofs of claim against LBHI or LBSF, as the case may be (each a "Claim," and together, the "Claims") in the Bankruptcy Court:

| Claimant | Debtor | Claim No. |
|---|---|---|
| LibertyView Credit Select Fund, L.P. d/b/a LibertyView Loan Fund, L.L.C. | LBHI | 28040 |
| LibertyView Credit Select Fund, L.P. d/b/a LibertyView Loan Fund, L.L.C. | LBSF | 28060 |
| LibertyView Global Risk Arbitrage, L.P. | LBHI | 28041 |

| Claimant | Debtor | Claim No. |
|---|---|---|
| LibertyView Global Risk Arbitrage, L.P. | LBSF | 28059 |
| LibertyView Special Opportunities Fund, L.P. | LBHI | 28042 |
| LibertyView Special Opportunities Fund, L.P. | LBSF | 28062 |
| LibertyView Credit Opportunities Fund, L.P. | LBHI | 28054 |
| LibertyView Credit Opportunities Fund, L.P. | LBSF | 28061 |
| LibertyView Funds, L.P. d/b/a LibertyView Focus Fund, LP | LBHI | 28043 |
| LibertyView Funds L.P. d/b/a LibertyView Focus Funds, LP | LBSF | 28058 |

C. Pursuant to that certain Stipulation and Order Amending and Withdrawing Claims entered by the Bankruptcy Court on January 9, 2013 [ECF No. 33717], each of Claims 28041, 28042, 28043, and 28054 was amended.

D. Pursuant to that certain Stipulation and Order Amending and Withdrawing Claims entered by the Bankruptcy Court on March 5, 2013 [ECF No. 35717], Claim 28040 was amended.

E. Each Claimant has asserted against LBIE: (i) a "Best Claim" (as such term is defined in the Omnibus Settlement Agreement, dated February 28, 2013, between Lehman Brothers International (Europe) (In Administration) ("LBIE") and the OSA Consenting Beneficiaries); and (ii) a general unsecured claim (an "Unsecured Claim").

F. Each Claimant desires to amend its Claims by withdrawing portions of its Claims upon the terms set forth herein.

## AGREEMENT

1. This Stipulation and Order shall become effective upon execution by all Parties and approval by the Bankruptcy Court (the "Stipulation Effective Date").

2. Upon the Stipulation Effective Date, each Claim shall be amended so as to withdraw with prejudice with respect to each such Claim:

   a. all portions that assert a liability or seek a recovery arising from, related to, or in connection with a claim other than a Claimant's Best Claim, including any Unsecured Claims; and

b.  claims for any amount in excess of the amount listed in the column entitled "Maximum Claim Amount" immediately below, such that the Allowed (as such term is defined in the Plan) amount of each Claim shall not, under any circumstances, exceed such Maximum Claim Amount:

| Claimant | Claim No. | Maximum Claim Amount |
|---|---|---|
| LibertyView Credit Select Fund, L.P. d/b/a LibertyView Loan Fund, L.L.C. | 28040 | $35,286,086 |
| LibertyView Credit Select Fund, L.P. d/b/a LibertyView Loan Fund, L.L.C. | 28060 | $35,286,086 |
| LibertyView Global Risk Arbitrage, L.P. | 28041 | $1,525,377 |
| LibertyView Global Risk Arbitrage, L.P. | 28059 | $1,525,377 |
| LibertyView Special Opportunities Fund, L.P. | 28042 | $8,133,799 |
| LibertyView Special Opportunities Fund, L.P. | 28062 | $8,133,799 |
| LibertyView Credit Opportunities Fund, L.P. | 28054 | $54,035,216 |
| LibertyView Credit Opportunities Fund, L.P. | 28061 | $54,035,216 |
| LibertyView Funds, L.P. d/b/a LibertyView Focus Fund, LP | 28043 | $51,799,550 |
| LibertyView Funds L.P. d/b/a LibertyView Focus Funds, LP | 28058 | $51,799,550 |

3.  The Bankruptcy Court-appointed claims agent shall modify the claims register to reflect the terms of this Stipulation and Order.

4.  The Parties agree that nothing herein shall constitute an allowance of or finding with respect to any Claim, and, except as set forth in paragraph 2 above, each of the Parties' rights to object to or prosecute or defend the Claims are fully preserved. For the avoidance of doubt, nothing contained herein shall preclude the Claimants from asserting that a Claim must be Allowed in an amount equal to the amount of the Best Claim that has been agreed to by LBIE, less any amounts paid by LBIE in connection with the Best Claim so long as such amount does not exceed the Maximum Claim Amount set forth above, nor shall anything contained herein preclude LBHI and/or LBSF from raising any objections to such positions asserted by the Claimants.

5.  This Stipulation and Order shall not be deemed to be or used as an admission of, or evidence of, the validity or invalidity of the methodology used to value any Best Claim or Unsecured Claim, the valuation of any Best Claim or Unsecured Claim, or any aspect of the Claims

or right of any kind, any wrongdoing or liability of any of the Parties in these chapter 11 cases, or any other matter pending before the Bankruptcy Court.

6. This Stipulation and Order contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings among the Parties relating thereto.

7. This Stipulation and Order may not be modified other than by signed writing executed by all Parties and delivered to each Party.

8. Each person who executes this Stipulation and Order represents that he or she is duly authorized to do so on behalf of the applicable Party and that each such Party has full knowledge of, and has consented to, this Stipulation and Order.

9. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Order to present any copy, copies, or facsimiles signed by the Parties.

10. This Stipulation and Order shall inure to the benefit of, and shall be binding upon, the Parties and their respective successors, assignees, heirs, executors and administrators.

11. This Stipulation and Order shall be exclusively governed by and construed and enforced in accordance with the laws of the State of New York, without regard to its conflicts of law principles.  The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise directly relating to this Stipulation and Order.  Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter directly relating to this Stipulation and Order, such matter shall be adjudicated in either the United

States District Court for the Southern District of New York or a court of competent jurisdiction in the State of New York.

Dated: June 27, 2013

| | |
|---|---|
| /s/ Garrett A. Fail | /s/ Scott Cargill |
| Garrett A. Fail | Michael S. Etkin |
| | Scott Cargill |
| | |
| WEIL, GOTSHAL & MANGES LLP | LOWENSTEIN SANDLER PC |
| 767 Fifth Avenue | 1251 Avenue of the Americas |
| New York, New York 10153 | New York, New York 10020 |
| Telephone: (212) 310-8000 | Telephone (212) 262-6700 |
| Facsimile: (212) 310-8007 | Facsimile (212) 262-7402 |
| | |
| Attorneys for Lehman Brothers Holdings Inc., as Plan Administrator for Lehman Brothers Holdings Inc. and Lehman Brothers Special Financing Inc. | Attorneys for LibertyView Credit Select Fund, L.P. d/b/a LibertyView Loan Fund, LibertyView Credit Opportunities Fund, L.P., LibertyView Funds L.P. d/b/a LibertyView Focus Funds L.P., LibertyView Global Risk Arbitrage, L.P., and LibertyView Special Opportunities Fund, L.P. |

**SO ORDERED**, this
\_\_\_ day of July, 2013 in New York

_____
United States Bankruptcy Judge