UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                                         :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :    08-13555 (JMP)
                                                               :
                                    Debtors.                   :    (Jointly Administered)
---------------------------------------------------------------x

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr.P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| MZ57, L.L.C. | MORGAN STANLEY BANK INTERNATIONAL LIMITED |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

MZ57, L.L.C.
P.O. Box 8301
New York, New York 10150
E-Mail: bankruptcy@mz57.net
Last Four Digits of Acct #: N/A

With a copy to:
James H. Millar
WilmerHale
399 Park Avenue
New York, New York 10022
Telephone: (212) 295-6411
Facsimile: (212) 230-8888
E-Mail: james.millar@wilmerhale.com

Name and Address where transferee payments should be sent (if different from above): N/A

Court Claim # (if known): 18799
Amount of Claim as Filed: $91,241,696.15
Amount of Claim Transferred: $45,620,848.08 (or 50% of the Amount of Claim as Filed)

Date Claim Filed: September 18, 2009

MORGAN STANLEY BANK INTERNATIONAL LIMITED
Attn: Brian Cripps
20 Bank Street, Canary Wharf, Floor 2
London, E14 4AD
England

**PLEASE SEE ATTACHED EXHIBITS**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

MZ57, L.L.C.

By: _____    Date: June 28, 2013
Transferee/Transferee's Agent
James Millar/Authorized Signatory

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

<u>Exhibit A</u>

Evidence of Transfer of Claim

<u>Evidence of Partial Transfer</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, Morgan Stanley Bank International Limited ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to MZ57, L.L.C. ("<u>Purchaser</u>") 50% of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim referenced as proof of claim number 18799 against Lehman Brothers Holdings, Inc. (the "<u>Debtor</u>"), the debtor in Case No. 08-13555 (JMP) pending in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>").

Seller and Purchaser hereby irrevocably waive any objection to the transfer of the claim from Seller to Purchaser on the books and records of the Debtor and the Bankruptcy Court, and hereby waive to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller and Purchaser acknowledge and understand, and hereby stipulate, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Purchaser the foregoing claim, recognizing Purchaser as the sole owner and holder of the claim, and directing that all further notices with respect to the claim, and all payments or distributions of money or property in respect of the claim, be delivered or made to Purchaser.

IN WITNESS WHEREOF, this EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this 28th day of June 2013.

MORGAN STANLEY BANK INTERNATIONAL LIMITED

By: _____
Name:    BRIAN CRIPPS
Title:    Authorised Signatory

MZ57, L.L.C.

By: _____
Name: James Millar
Title: Authorized Signatory

<u>Evidence of Partial Transfer</u>

**TO:    THE DEBTOR AND THE BANKRUPTCY COURT**

For value received, the adequacy and sufficiency of which are hereby acknowledged, Morgan Stanley Bank International Limited ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to MZ57, L.L.C. ("<u>Purchaser</u>") 50% of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim referenced as proof of claim number 18799 against Lehman Brothers Holdings, Inc. (the "<u>Debtor</u>"), the debtor in Case No. 08-13555 (JMP) pending in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>").

Seller and Purchaser hereby irrevocably waive any objection to the transfer of the claim from Seller to Purchaser on the books and records of the Debtor and the Bankruptcy Court, and hereby waive to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller and Purchaser acknowledge and understand, and hereby stipulate, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Purchaser the foregoing claim, recognizing Purchaser as the sole owner and holder of the claim, and directing that all further notices with respect to the claim, and all payments or distributions of money or property in respect of the claim, be delivered or made to Purchaser.

IN WITNESS WHEREOF, this EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this 28th day of June 2013.

MORGAN STANLEY BANK INTERNATIONAL LIMITED

By: _____
Name:
Title:

MZ57, L.L.C.

By: _____
Name: James Millar
Title: Authorized Signatory

## Exhibit B

Proof of Claim

08-13555-mg    Doc 38259    Filed 06/28/13    Entered 06/28/13 13:36:16    Main Document
Pg 6 of 11

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000018799 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>Case No. 08-13555 (JMP) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Crédit Industriel et Commercial
Attn: Marie-Christine Bouchard
CMCIC Marchés
31, rue Jean Wenger Valentin
67000 Strasbourg
France

Telephone number: + 33 3 88 37 60 32
Email address:  bouchamc@cmcic.fr

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

**Name and address where payment should be sent (if different from above)**

Telephone number:
Email address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ See attached.
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☑ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See attached.
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: Compagnie Financière de CIC et de L'U.E.
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $_____    Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____    Basis for perfection: _____
   Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   Amount entitled to priority:
   $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

FOR COURT USE ONLY

FILED / RECEIVED
SEP 18 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 15 SEPT 09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

/s/ ROUGET
LEGAL DIRECTOR

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

CRÉDIT INDUSTRIEL ET COMMERCIAL
Le Directeur des Affaires Juridiques et Fiscales

## EXHIBIT A

**I.    Introduction**

1. On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. ("Debtor") commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. This proof of claim (this "Proof of Claim")[1] is filed in Debtor's bankruptcy case by Crédit Industriel et Commercial ("CIC"). CIC has a claim (the "Claim") against Debtor on account of Debtor's full guarantee, pursuant to the Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., dated as of June 9, 2005 (the "Guarantee"), of the payment of all liabilities, obligations and commitments of Lehman Brothers International (Europe) ("LBIE"), an affiliate of Debtor. CIC has a claim against LBIE for any amounts payable by LBIE under transactions entered into by CIC and LBIE pursuant to that certain Overseas Securities Lender's Agreement, dated June 4, 1997 (as amended, supplemented or modified, and together with all schedules, appendices, annexes and exhibits thereto and all confirmations exchanged pursuant to transactions entered into in connection therewith, the "Lender's Agreement"). This Proof of Claim constitutes a demand for payment under the Guarantee.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings assigned to such terms in that certain Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form, dated as of July 2, 2009 (Docket No. 4271) (the "Bar Date Order").

NYDOCS03/892795.4

## II. The Claim

3.  CIC hereby asserts the Claim in the initial amount of $91,241,696.15[2] (the "Initial Claim Amount"). The Initial Claim Amount includes (i) $19,830.37 in fees and expenses incurred by CIC in connection with the enforcement of its rights under the Lender's Agreement (the "Enforcement Amount") and (ii) $2,285,523.73 in interest that has accrued under the terms of the Lender's Agreement (the "Interest Amount"; together with the Enforcement Amount, the "Additional Claim Amounts"), in each case, through August 31, 2009.

4.  In addition, the Claim includes all Additional Claim Amounts that may be incurred or will accrue from August 31, 2009 through the date on which the Claim is paid in full. Such Additional Claim Amounts cannot be estimated or calculated reasonably at this time. CIC does not waive its rights to any of the Additional Claim Amounts by not stating a specific figure therefor at this time, and, further, hereby reserves its right to amend and supplement this Proof of Claim to include any such Additional Claim Amounts.

5.  Pursuant to the terms of the Bar Date Order, CIC will file documentation supporting this Proof of Claim with the Guarantee Questionnaire, which will be filed on or before the Questionnaire Deadline.

## III. General

6.  CIC does not waive any right or rights of action that it has or may have against Debtor, LBIE or any other person or persons. CIC reserves the right to amend or supplement this Proof of Claim in any manner.

7.  By filing this Proof of Claim, CIC does not submit itself to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this Proof of Claim.

---

[2] This amount will be revised on account of the Additional Claim Amounts.

NYDOCS03/892795.4                              2

8.   This Proof of Claim is not intended to be, and shall not be construed as: (i) an election of remedies; (ii) a waiver of any defaults; (iii) a waiver or limitation of any of CIC's rights, remedies, claims or interests under applicable law against Debtor, LBIE or any other person or entity; (iv) a waiver of any setoff or recoupment rights under applicable law; (v) a waiver of any netting rights under applicable law; (vi) a waiver of any rights to assert that all or any portion of the amounts claimed for are being held by Debtor, as bailee, or in constructive trust; (vii) a waiver of CIC's property or ownership rights (legal or equitable); or (viii) a waiver of CIC's legal, equitable or beneficial interests.

9.   All notices and communications concerning this Proof of Claim should be addressed as follows:

> Crédit Industriel et Commercial
> Marie-Christine Bouchard
> Head of Tax & Legal Department
> CMCIC Marchés
> 31, rue Jean Wenger Valentin
> 67000 Strasbourg, France
> +33 3 88 37 60 32
> bouchamc@cmcic.fr

and to:

> Douglas P. Bartner, Esq.
> Susan A. Fennessey, Esq.
> Shearman & Sterling LLP
> 599 Lexington Avenue
> New York, New York 10022
> (212) 848-4000
> dbartner@shearman.com
> sfennessey@shearman.com

Dated as of September 15, 2009

