UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                                      :       Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :       08-13555 (JMP)
                                                            :
                                    Debtors.                :       (Jointly Administered)

------------------------------------------------------------x

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a). Transferee
hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr.P., of the transfer, other
than for security, of the claim referenced in this evidence and notice.

| CVI GVF (LUX) MASTER S.A.R.L. | MORGAN STANLEY BANK INTERNATIONAL LIMITED |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee
should be sent:

    CVI GVF (Lux) Master s.a.r.l.
    c/o Carval Investors UK Ltd.
    3rd Floor, 25 Great Pulteney Street
    London
    W1F 9LT
    Attention: Matt Shipton
    Tel: +44 207 292 7724
    Fax: +44 207 292 7777

Name and Address where transferee payments
should be sent (if different from above):  N/A

Court Claim # (if known): 21864
Amount of Claim as Filed: $1,181,307.61
Amount of Claim Transferred:  $590,653.80 (or 50%
of the Amount of Claim as Filed)

Date Claim Filed: September 21, 2009

MORGAN STANLEY BANK INTERNATIONAL
LIMITED
Attn: Brian Cripps
20 Bank Street, Canary Wharf, Floor 2
London, E14 4AD
England

**\*\*PLEASE SEE ATTACHED EXHIBITS\*\***

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**CVI GVF (LUX) MASTER S.A.R.L.**
BY CARVAL INVESTORS UK Lim…

By: _____          Date: Jure 26th, 2013
Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

Exhibit A

Evidence of Transfer of Claim

<u>Evidence of Partial Transfer</u>

**TO:    THE DEBTOR AND THE BANKRUPTCY COURT**

For value received, the adequacy and sufficiency of which are hereby acknowledged, Morgan Stanley Bank International Limited ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to CVI GVF (Lux) Master s.a.r.l. ("Purchaser") 50% of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim referenced as proof of claim number 21864 against Lehman Brothers Holdings, Inc. (the "Debtor"), the debtor in Case No. 08-13555 (JMP) pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

Seller and Purchaser hereby irrevocably waive any objection to the transfer of the claim from Seller to Purchaser on the books and records of the Debtor and the Bankruptcy Court, and hereby waive to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller and Purchaser acknowledge and understand, and hereby stipulate, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Purchaser the foregoing claim, recognizing Purchaser as the sole owner and holder of the claim, and directing that all further notices with respect to the claim, and all payments or distributions of money or property in respect of the claim, be delivered or made to Purchaser.

IN WITNESS WHEREOF, this EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this ___ day of _____ 2013.

MORGAN   STANLEY   BANK   INTERNATIONAL LIMITED

By: _____

Name:    BRIAN CRIPPS
Title:    Authorised Signatory

CVI GVF (LUX) MASTER S.A.R.L.

By: _____

Name:
Title:

Evidence of Partial Transfer

**TO:    THE DEBTOR AND THE BANKRUPTCY COURT**

For value received, the adequacy and sufficiency of which are hereby acknowledged, Morgan Stanley Bank International Limited ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to CVI GVF (Lux) Master s.a.r.l. ("Purchaser") 50% of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim referenced as proof of claim number 21864 against Lehman Brothers Holdings, Inc. (the "Debtor"), the debtor in Case No. 08-13555 (JMP) pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

Seller and Purchaser hereby irrevocably waive any objection to the transfer of the claim from Seller to Purchaser on the books and records of the Debtor and the Bankruptcy Court, and hereby waive to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller and Purchaser acknowledge and understand, and hereby stipulate, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Purchaser the foregoing claim, recognizing Purchaser as the sole owner and holder of the claim, and directing that all further notices with respect to the claim, and all payments or distributions of money or property in respect of the claim, be delivered or made to Purchaser.

IN WITNESS WHEREOF, this EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this ___ day of ____ Jun ____ 2013.

MORGAN    STANLEY    BANK    INTERNATIONAL
LIMITED

By: _____
Name:
Title:

CVI GVF (LUX) MASTER S.A.R.L.
BY CARVAL INVESTORS UK LIMITED

By: _____
Name:    ___ SHORT
Title:    ___RATIONS MANAGER

Exhibit B

Proof of Claim

| **United States Bankruptcy Court/Southern District of New York** | | **PROOF OF CLAIM** |
|---|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held<br>**Lehman Brothers Holdings Inc.** | Case No. of Debtor<br>**08-13555** |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)      0000021864

**THIS SPACE IS FOR COURT USE ONLY**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for certain claims against Securities (See definition on reverse side).

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Banque de Luxembourg
ATTN: Bernard Charpentier
14 boulevard Royal
L-2449 Luxembourg
Grand Duchy of Luxembourg

Telephone number: +352 49924 3310     Email Address: legal@bdl.lu

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:      Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 1,181,307.61 & amounts to be determined per attached Addendum

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest and additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

**2. Basis for Claim:** Guarantee of LBIE Global Master Repurchase Agreement dated 11/05/07
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
Amount of Secured Claim: $_____ Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

**7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:
See attached Addendum

| Date:<br>9/17/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>Pierre AHLBORN<br>Administrateur Délégué |
|---|---|

**FOR COURT USE ONLY**

FILED / RECEIVED
SEP 2 1 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ADDENDUM TO PROOF OF CLAIM OF BANQUE DE LUXEMBOURG AGAINST LEHMAN BROTHERS HOLDINGS INC.

1.    In addition to the liquidated claim (the "**Liquidated Claim**") in the amount set forth opposite question number 1 of the proof of claim (the "**Proof of Claim**"), the Creditor identified in the Proof of Claim hereby asserts claims against the Debtor identified in the Proof of Claim for (i) any and all other damages, fees, costs and/or expenses incurred by the Creditor in connection with Debtor's failure to perform its obligations under the applicable agreement or contract set forth opposite question number 2 of the Proof of Claim, including, but not limited to, the Creditor's legal fees or other costs of collection; and (ii) any additional interest accrued in respect of (a) the Liquidated Claim and (b) the unliquidated claim set forth in clause (i) above through the date of payment, in each case to the extent the Creditor is entitled to such amounts pursuant to the applicable agreement or contract or applicable law (collectively, the "**Unliquidated Claims**") (together with the Liquidated Claim, the "**Claims**"). The Unliquidated Claims cannot be liquidated at this time but will be liquidated at the time of allowance.

2.    Nothing herein or in the Proof of Claim modifies, alters, amends or waives any right the Creditor may have under the Bankruptcy Code, applicable bankruptcy laws in other jurisdictions, applicable non-bankruptcy laws or any agreement or understanding to assert and recover interest, costs, fees and expenses, including professional fees, from the Debtors.

3.    The Creditor has filed this Proof of Claim only with respect to the Claims and the matters described therein. The Creditor and its affiliates have or may file

additional proofs of claim against the Debtor and its affiliates (collectively, the "**Debtor Entities**") under the chapter 11 proceedings and under bankruptcy proceedings in other jurisdictions with respect to claims arising out of other transactions or matters.  The Creditor reserves the right to amend or supplement the Proof of Claim at any time.

       4.      The Creditor reserves its right to assert any right of set-off, counterclaim or recoupment that it may now or in the future have against the Debtor Entities.

       5.      All documents supporting the Claim will be provided together with the applicable Derivative or Guarantee Questionnaire.

       6.      Should the Debtor seek and obtain recovery or clawback of any collateral it posted, or other amounts it paid, to the Creditor under the agreement or contract underlying the claim, the Creditor's claim against the Debtor shall be increased by such amount.