B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re <u>Lehman Brothers Holdings Inc., et al.</u>   Case No. <u>08-13555 (JMP)</u>

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

<u>Central Reinsurance Corp.</u>  
Name of Transferee

<u>Lehman Brothers International (Europe) (in administration)</u>  
Name of Transferor

Name and Address where notices to transferee should be sent:  
[Address]: <u>12F 53 Nanking E. Rd., Sec.2, Taipei, Taiwan</u>  
[Attn: ]: <u>Vincent Ting</u>

Court Claim # (if known): <u>62783</u>  
Claim Amount Filed: <u>$2,084,741,055.00</u>  
Amount transferred (as allowed): <u>See attached</u>  
Date Claim Filed: <u>11/2/09</u>  
Debtor against claim filed: <u>Lehman Brothers Holdings Inc.</u>

Phone: <u>(886)2-2511-5211#251</u>  
Last Four Digits of Acct #: <u>N/A</u>

Phone: <u>(212) 903-9000</u>  
Last Four Digits of Acct. #: <u>N/A</u>

Name and Address where transferee payments should be sent (if different from above):

[Joanne Hung, 13F 53 Nanking E. Rd., Sec.2, Taipei, Taiwan]

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/ [signature]_____   Date: ____June 21, 2013____
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. Lehman Brothers International (Europe) (in administration) ("Transferor") by and through Anthony Victor Lomas, Steven Anthony Pearson, Julian Guy Parr, Paul David Copley and Russell Downs (the "Joint Administrators" and each a "Joint Administrator") hereby unconditionally and irrevocably transfers and assigns to Central Reinsurance Corp. (the "Transferee"), and Transferee hereby agrees to receive, as of the date hereof, (a) an undivided interest, to the extent of the nominal amounts specified in Schedule 1 attached hereto (the "Claim"), in Transferor's right, title and interest in and to Proof of Claim Number 62783 filed by or on behalf of Transferor's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Transferor relating to the Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Claim, and (iv) any and all of Transferor's right, title and interest in, to and under the transfer agreements, if any, under which Transferor or any prior Transferor acquired the rights and obligations underlying or constituting a part of the Claim, but only to the extent related to the Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"). For the avoidance of doubt, Transferee does not assume and shall not be responsible for any obligations or liabilities of the Transferor related to or in connection with the Transferred Claims or the Proceedings.

2. Transferor hereby represents to Transferee that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Transferor owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Transferor or against Transferor; (d) Transferor is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Claim specified in Schedule 1 attached hereto; (f) Transferor has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claim, will give rise to any setoff, defense or counterclaim, or will result in Transferee receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) Transferor has delivered to Transferee a true and correct copy as received from the Debtor of the Notice of Proposed Allowed Claim Amount, dated August 29, 2011, for the Proof of Claim. For the avoidance of doubt, and without diminishing the representations of Transferor explicitly set forth herein, Transferor does not represent or warrant to Transferee the amount in which the Proof of Claim to the extent of the securities listed in Schedule 1 has been allowed or the amount of any given distribution to be made by the Debtor in connection with those securities.

3. Transferor hereby waives any objection to the transfer of the Transferred Claims to Transferee on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Transferor by Transferee for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Transferee agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Transferor acknowledges and understands, and hereby stipulates, that an order of the Court may be entered

without further notice to Transferor transferring to Transferee the Transferred Claims, recognizing Transferee as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Transferee.

4. All representations, warranties, and covenants shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Transferee shall be entitled to transfer its rights hereunder without any notice to or the consent of Transferor.

5. Transferor shall promptly remit any payments, distributions or proceeds received by Transferor in respect of the Transferred Claims to Transferee. The timing of the remittance of any such payments is subject to not only the receipt by Transferor of any such funds, but also the receipt from Debtor of the appropriate remittance notice.

6. Each of Transferor and Transferee agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Transferor's and Transferee's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Any action arising under or relating to this Agreement and Evidence of Transfer shall be brought in the Supreme Court of the State of New York, County of New York, or the United States District Court for the Southern District of New York, located in the City and State of New York.

8 (a). Except with respect to the rights and obligations arising under this agreement and other than in the case of gross negligence or willful misconduct: (i) Transferor, (ii) the Joint Administrators, and (iii) Transferee are hereby each irrevocably and unconditionally released and forever discharged from any and all losses, costs, charges, expenses, claims (including all claims for interest, costs and orders for costs, (if any)), demands, actions, causes of action, liabilities, rights and obligations to or against each other arising out of or relating to Proof of Claim Number 62783 ("Claims"), whether known or unknown, whether arising in equity or under common law or statute or by reason of breach of contract or in respect of any tortious or negligent act or omission (whether or not loss or damage caused thereby has yet been suffered) or otherwise, whether in existence now or coming into existence at some time in the future, and whether or not in the contemplation of Transferor, Transferee, or the Joint Administrators on the date hereof; and

(b) Except with respect to the rights and obligations arising under this agreement and other than in the case of gross negligence or willful misconduct, Transferee will not take any steps to prove for, or to claim for, any debt in Transferor's administration (or other insolvency process), or otherwise bring any claim or issue (or continue) any proceedings against Transferor and/or the Joint Administrators (or any of them) in any jurisdiction relating to the subject matter of the Claims only.

9. One of the Joint Administrators has signed this Agreement and Evidence of Transfer on behalf of all the Joint Administrators as agents for and on behalf of Transferor and neither they, their firm, partners, employees, agents, advisers or representatives shall incur any personal liability whatsoever in respect of, or in relation to, this agreement. The exclusion of liability set out in this paragraph shall arise and continue notwithstanding the termination of the agency of the Joint Administrators and shall operate as a waiver of any claims in tort as well as under the laws of contract, and any claims otherwise at law or in equity. Though not parties to this Agreement and Evidence of Transfer, the Joint Administrators, their firm, partners, employees, agents, advisers or representatives shall be entitled to rely on this paragraph of this Agreement and Evidence of Transfer as if they were a party to it.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21 day of June 2013.

| Lehman Brothers International (Europe) (In Administration) | Central Reinsurance Corp. |
|---|---|
| By: *(signature)* <br> Name: Russell Downs <br> Title: Joint Administrator <br> For and on behalf of <br> Lehman Brothers International (Europe) <br> acting as its agent and without personal liability <br><br> Level 23 <br> 25 Canada Square <br> London E14 5LQ <br> United Kingdom | By: *(signature)* <br> Name: Cheng-tui Yang <br> Title: Chairman <br><br> 12F 53 Nanking E. Rd., Sec.2, Taipei, Taiwan |

<u>Schedule 1</u>

<u>Transferred Claims</u>

On the original Proof of Claim filed on November 2, 2009, the Security/ISIN below represented $38,143,967 of the total Proof of Claim amount of $2,084,741,055.00.

Pursuant to the Notice of Proposed Allowed Claim Amount dated August 29, 2011, the Securities/ISINs below represented $38,358,608.64 of the total Notice of Proposed Allowed Claim Amount of $699,051,559.77.

<u>Lehman Programs Securities to which Transfer Relates</u>

| ISIN | Blocking Number | Nominal Amount |
|---|---|---|
| XS0345213796 | 6045741 | AUD 5,000,000.00 |
| XS0344899710 | 6045745 | AUD 5,000,000.00 |
| XS0329877889 | 6045649 | USD 10,000,000.00 |
| XS0344086532 | 6045738 | USD 5,000,000.00 |
| XS0358118189 | 6045773 | USD 5,000,000.00 |
| XS0379485864 | 6045825 | USD 5,000,000.00 |
| XS0384072103 | 6045826 | USD 5,000,000.00 |

769711v.6 2620/00489