Hearing Date and Time:  July 17, 2013 at 10:00 a.m. (Prevailing Eastern Time)

CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
Telephone:  (312) 845-3000
Jeffrey G. Close (*pro hac vice* pending)
Jeremy D. Schreiber (*pro hac vice* pending)
jclose@chapman.com
jschreib@chapman.com

-and-

CHAPMAN AND CUTLER LLP
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Telephone:  (212) 655-6000
Laura Appleby (LA-4879)
appleby@chapman.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | CHAPTER 11<br><br>CASE NO. 08-13555 (JMP)<br><br>(Jointly Administered) |

### LIMITED OBJECTION OF FIRST TRUST STRATEGIC HIGH INCOME FUND II TO LEHMAN BROTHERS HOLDINGS, INC. MOTION TO EXTEND STAY OF AVOIDANCE ACTIONS [DKT. NO. 38118.][1]

First Trust Strategic High Income Fund II ("*FHY*") is a named "Noteholder Defendant" in the adversary proceeding captioned Lehman Brothers Special Financing, Inc v. Bank of America National Association, No. 10-3547-jmp (the "*Adversary*").  FHY respectfully files this

---

[1] This Limited Objection is not intended to, and should not be deemed to, waive or limit any rights, claims, or defenses of FHY, including without limitation that no amounts are due and owing to LBSF, no pre-judgment interest is due and owing to LBSF, the appropriate Applicable Rate of interest, if any, due and owing to LBSF, whether or not the Motion is granted on condition, or not.  All such rights, claims and defenses are expressly reserved.

limited objection to Lehman Brothers Holdings, Inc.'s ("*LBHI*") Motion to Extend Stay of Avoidance Actions [Dkt. No. 38118] (the *"Motion"*), and requests that any further extensions of the stay be denied, unless and until such extensions are conditioned on, or made with, no accrual or running of pre-judgment interest, whether under contract or statute.[2]

Lehman Brothers Special Financing, Inc. ("*LBSF*") waited two full years -- until the last possible moment -- to file the Adversary, and then LBHI immediately moved to stay the Adversary and other Avoidance Actions <u>for the benefit of the estates</u>. The Avoidance Actions have been stayed for three years. LBHI and LBSF (together, "*Debtors*") now claim that five years of pre-judgment interest has accrued, and continues to accrue.

LBHI's Motion expressly relies on the Court's equitable powers under § 105(a) of the United States Bankruptcy Code to ask the Court to further stay the Avoidance Actions, so that LBSF might "consensually resolve the Avoidance Actions" for the benefit of the estates. (*See* Motion.)

The Debtors' appeal to equity demands that if LBHI is granted further extensions it not be allowed to continue to claim pre-judgment interest accruing by reason of its own delay. *See, e.g., In re G-I Holdings, Inc.,* 327 B.R. 730, 740 (Bkrtcy. D. N. J. 2005):

> a bankruptcy court's utilization of its equitable powers under § 105(a) of the Code is discretionary and must be "'carefully honed in light of the facts of the case, applicable precedent and

---

[2] The undersigned counsel acknowledges that the Court rejected a similar argument, made on a different basis by this firm, representing another client in a different adversary, a year ago. Here, FHY does not ask the Court to determine the appropriate rate of interest at this time. Rather, FHY requests that the Court not grant further extensions unless no further interest accrues. The extensions are expressly requested in equity for the benefit of the estates, not for the benefit of FHY and the noteholders. (*See* Motion.) It does not serve FHY to further extend the litigation of this matter. If interest is to continue to accrue, let the parties move forward. It is not rewriting the ISDA or New York law on pre-judgment interest to withhold the equitable powers of the Court unless equity is done for all parties. Put another way, FHY is opposed to further delay, but willing to accept it *for the benefit of the estates*, **only if it does not have to continue to risk paying interest.** If delay benefits the estates, the estates, not the noteholders, should pay for it.

appropriate policy.'" *In re Charles & Lillian Brown's Hotel, Inc.*, 93 B.R. 49, 55 (Bankr.S.D.N.Y.1988) (citing *Lesser v. A–Z Assocs. (In re Lion Capital Group)*, 44 B.R. 690, 701 (Bankr.S.D.N.Y.1984)). *See also Twelve Percent Secured Noteholders v. Amarex, Inc.* (*In re Amarex, Inc.*), 30 B.R. 763, 767 (Bankr.W.D.Okla.1983) ("A bankruptcy court is a court of equity which may, in its discretion, deny relief which is within its powers or grant relief upon some condition dictated by equitable principles").

In further support of this Limited Objection, FHY states as follows:

1. LBHI filed its petition, and commenced these proceedings, on September 15, 2008.

2. On September 19, 2008, Stone Tower Debt Advisors, as portfolio manager of Pebble Creek LCDO 2007-2, Ltd., counterparty to LBSF pursuant to that certain ISDA Master Agreement dated as of March 22, 2007 (the "*Agreement*"), terminated the Agreement based on LBHI's bankruptcy filing (the "*Notice of Early Termination*"). A true and correct copy of the Notice of Early Termination, as provided to the undersigned counsel by LBHI, is attached hereto as Exhibit 1.

3. On October 3, 2008, LBSF filed its own bankruptcy petition, jointly administered in these proceedings.

4. On the applicable record date, on or about October 15, 2008, FHY was a noteholder of the Pebble Creek LCDO, and thereafter received a distribution of funds based on the Termination of the Agreement, in accordance with its terms.

5. After waiting two years, on September 14, 2010, LBSF filed the Adversary, alleging among other things that certain terminations were improper, and that the "flip clauses" in its agreements were unenforceable. [Adv. Dkt. No. 1.]

6. Immediately thereafter, on September 16, 2010, LBHI moved to stay the Avoidance Actions, including the Adversary, for nine months. [Dkt. No. 11389.] That motion was granted on October 20, 2010. [Dkt. No. 12199.]

7. LBHI moved four additional times for extensions of the stay [Dkt. Nos. 17195, 23674, 29163 and 33322], and the extensions were granted. [Dkt. Nos. 17763, 24198, 29506 & 34697].

8. Not until February 2012, by letter dated February 22, 2012, did LBSF provide FHY with notice that it was "inten[ding], at the appropriate time, to amend it First Amended Complaint" to add FHY as a noteholder defendant. Of course, the action was stayed at the time. [Order, Dkt. No. 24198.]

9. Seven months later, September 2012, FHY was served with a Second Amended Complaint in the Adversary, naming FHY as a noteholder defendant (the "*Complaint*"). The Complaint makes no mention of pre-judgment interest. [2d Am. Cmplt., Adv. Dkt. No. 303.] The Adversary remained stayed. [Order, Dkt. No. 29506.]

10. In June 2013, Debtors informed FHY, for the first time, that Debtors were seeking five years of pre-judgment interest, totaling nearly half again the amount of distributions received by FHY in October 2008.

11. On June 21, 2013, LBHI filed the subject Motion for a further stay of the avoidance actions, until March 2014. [Dkt. No. 38118.]

[REMAINDER OF THIS PAGE INTENTIONALLY BLANK]

**CONCLUSION**

Without conceding that any amounts are due to the Debtors, including without limitation any pre-judgment interest, FHY respectfully requests that the Court deny the Motion, unless no further interest may accrue, or be claimed to accrue by Debtors.

Dated: July 2, 2013

Respectfully submitted,

**FIRST TRUST STRATEGIC HIGH INCOME FUND II**

By  ____/s/ Laura Appleby_____

Jeffrey G. Close (*pro hac vice* pending)
Jeremy D. Schreiber (*pro hac vice* pending)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago IL 60603
(312) 845-300
(312) 701-2361 (fax)
jclose@chapman.com
jschreib@chapman.com

-and-

Laura Appleby (appleby@chapman.com)
CHAPMAN AND CUTLER LLP
1270 Avenue of the Americas, 30th Fl.
New York, New York  10020
Telephone:  (212) 655-6000
appleby@chapman.com