# United States Bankruptcy Court
## Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>          Case No. <u>08-13555 (JMP) (Jointly Administered)</u>

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| BSOF Master Fund, L.P. | Barclays Bank PLC |
| **Name of Transferee** | **Name of Transferor** |

Name and Address where notices to transferee should be sent:

c/o Knighthead Capital Management
1140 Avenue of the Americas, Floor 12
New York, NY 10036
Telephone: 212-356-2914
Facsimile: 212-356-3921
Attn: Laura L. Torrado, Esq.

AND

Blackstone Strategic Opportunity Associates L.L.C.
345 Park Avenue, 28th Floor
New York, New York 10154
Attention: Arthur Liao
Phone: 212-283-5185
Fax:  212-583-5386

Last Four Digits of Acct. #: _____

Court Claim # (if known): 58247
Amount of Claim Transferred:  $7,159,629.77, with respect to ISIN XS0260592752,  plus all accrued interest, fees and recoveries due thereon

Date Claim Filed: October 30, 2009

Phone:
Last Four Digits of Acct. #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

BSOF Master Fund L.P.
By: Blackstone Strategic Opportunity Associates,
its General Partner

Liza Ng
Senior Vice President
Blackstone Alternative Asset Management

By: _____          Date: _____7/2/13_____
     Transferee/Transferee's Agent

By: _____          Date: _____7/2/13_____
     Transferee/Transferee's Agent

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

463-1000/CERTS/3874034.1

# United States Bankruptcy Court
# Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>           Case No. <u>08-13555 (JMP) (Jointly Administered)</u>

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM  58247 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor.  As evidence of the transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the Clerk's office of this court on           .

| Barclays Bank PLC | BSOF Master Fund, L.P. |
|---|---|
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| 745 Seventh Avenue<br>New York, NY  10019<br>Attn: Daniel Crowley | c/o Knighthead Capital Management<br>1140 Avenue of the Americas, Floor 12<br>New York, NY 10036<br>Telephone: 212-356-2914<br>Facsimile: 212-356-3921<br>Attn:  Laura L. Torrado, Esq.<br><br>AND<br><br>Blackstone Strategic Opportunity Associates L.L.C.<br>345 Park Avenue, 28th Floor<br>New York, New York 10154<br>Attention: Arthur Liao<br>Phone: 212-283-5185<br>Fax:  212-583-5386 |

---

### DEADLINE TO OBJECT TO TRANSFER

The alleged transferor of the claims is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice.  If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____           _____
                                                                      CLERK OF THE COURT

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Barclays Bank PLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **BSOF Master Fund, L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **nominal amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 58247 filed by or on behalf of **Mediterraneo Vide Sociedad Anonima de Seguros y Reaseguros** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior holder of the Purchased Claim (a "Prior Seller") acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) to the extent, and in the form received from Seller's prior seller prior to the date hereof, a true and correct copy of the Notice of Proposed Allowed Claim Amount for the Proof of Claim (the "Notice") dated August 24, 2011 has been provided to Purchaser, and no action was undertaken by Seller with respect to the Notice; (h) to the extent, and in the form received from Seller's prior seller, Seller has delivered to Purchaser a true and correct copy of the disbursement notices from the Debtor (which have not been supplemented, amended or revised by Seller) that set forth (I) the initial distribution paid by the Debtor on or about April 17, 2012 (the "Initial Distribution") and (II) the second distribution paid by the Debtor on or about October 1, 2012 (the "Second Distribution"), and (III) the third distribution paid by the Debtor on or about April 4, 2013 (the "Third Distibution"), in the amount of $202,252.76 on or account of the Transferred Claims, provided however that such disbursement notices have been redacted of information unrelated to the Transferred Claims; (i) Seller has received a distribution paid on or about May 8, 2013 in the amount of €653,296.75 by Lehman Brothers Treasury Co. B.V., with respect to the securities relating to the Purchased Claim (the "LBT Distribution"), and Seller shall deliver the LBT Distribution to Buyer upon settlement of this transaction; and (j) Other than the LBT Distribution, Seller has not received any payment or distributions,

whether directly or indirectly, on account of the Transferred Claims.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  On the date the Purchaser remits purchase price to the Seller (the "Effective Date"), Seller shall (but in any event no later than one (1) business day after the Effective Date) remit to the Purchaser the Third Distribution. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims following the date of this Agreement. On the Effective Date, Seller has transferred, or shall transfer to Purchaser each PurchasedSecurity to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) solely with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is
executed this _2ⁿᵈ_ day of July 2013.

**Barclays Bank PLC**

By:_____
Name:    DANIEL CROWLEY
Title:    MANAGING DIRECTOR

745 Seventh Ave
New York, NY 10019

**BSOF Master Fund L.P.**
**By: Blackstone Strategic Opportunity Associates.,**
**Its General Partner**

By:_____
Name:    Paul Lim
Title:    Managing Director
         Blackstone

Liza Ng
Senior Vice President
Blackstone Alternative Asset Management

c/o Knighthead Capital Management, LLC
1140 Avenue of the Americas, Floor 12
New York, New York 10036
Attention : Laura L. Torrado, Esq.
Telephone: 212-356-2914
Facsimile:  212-356-3921
Email: ltorrado@knighthead.com

And

Blackstone Strategic Opportunity Associates L.L.C.
345 Park Avenue, 28th Floor
New York, New York 10154
Attention: Arthur Liao
Phone: 212.583.5185
Fax: 212.583.5386
Email: liao@blackstone.com

Schedule 1

Transferred Claims

Purchased Claim

$7,159,629.77 (Allowed Amount) = 100% of the allowed amount for ISIN XS0260592752, POC 58247.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|
| Issue of EUR 6,000,000 Callable Fixed Rate Notes due July 2026 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$45,000,000,000 Euro Medium-Term Note Retail Program | XS0260592752 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 5,000,000 | $7,159,629.77 |