DIAMOND McCARTHY LLP
620 Eighth Avenue, 39th Floor
New York, New York 10018
Tel:  (212) 430-5400
Fax:  (212) 430-5499
Howard D. Ressler, Esq.
Stephen T. Loden, Esq.
Benjamin R. Garry, Esq.

*Counsel for JA Hokkaido Shinren*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
:
**In re:** :
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al*, :        Chapter 11
:
Debtors. :        Case No. 08-13555 (JMP)
---------------------------------------------------------------------x

**LIMITED OBJECTION OF JA HOKKAIDO SHINREN TO MOTION OF LEHMAN BROTHERS HOLDINGS, INC. PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(A)(1) TO EXTEND STAY OF AVOIDANCE ACTIONS AND GRANT CERTAIN RELATED RELIEF**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE

Subject to the reservation of rights set forth below, JA Hokkaido Shinren ("JA Hokkaido"), files this its limited objection to the Motion of Lehman Brothers Holdings Inc., Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1) to Extend Stay of Avoidance Actions and Grant Certain Related Relief (the "Stay Extension Motion") and, in support thereof, respectfully states as follows:

**NATURE OF APPEARANCE**

1.      JA Hokkaido is not a creditor in these chapter 11 cases, and it has filed no proof of claim.  JA Hokkaido's only involvement in these chapter 11 cases is being named as a

defendant in adversary proceeding number 10-03547 (JMP) (defined in the Stay Extension Motion as the "Distributed Action"). JA Hokkaido makes this limited appearance solely for the purposes of filing this objection to the Stay Extension Motion as it relates to the Distributed Action. Other than for that limited purpose, JA Hokkaido does not submit or consent to the jurisdiction of this Court or any United States court.

**LIMITED OBJECTION**

2. JA Hokkaido previously filed in the Distributed Action an Application to Lift Litigation Stay for the Purpose of Filing Motion to Dismiss for Lack of Personal Jurisdiction [Adv. Pro. Dkt. No. 612] (the "Application"). In the Application, JA Hokkaido demonstrates good cause for limited relief from the Litigation Stay to allow it to file a motion to dismiss for lack of personal jurisdiction in the Distributed Action (the "Motion to Dismiss").

3. LBHI seeks to extend the litigation stay so it can pursue alternative dispute resolution with JA Hokkaido and other defendants. *See* Stay Extension Motion, p. 4, ¶ 8. The litigation stay prohibits the filing of all motions and other pleadings, including the Motion to Dismiss. *See* Stay Order, pps. 2 – 3. Granting the Stay Extension Motion would thus prohibit JA Hokkaido from filing the Motion to Dismiss, while simultaneously exposing JA Hokkaido to sanctions if it refuses to participate in alternative dispute resolution. *See* ADR Order, p. 16, ¶ 8(b)(iii).

4. As set forth in the Application, it is improper for LBSF to attempt to compel JA Hokkaido to participate in alternative dispute resolution in this district without first demonstrating that JA Hokkaido is subject to this Court's jurisdiction. *See, e.g., CBS, Inc. v. Snyder,* 798 F. Supp. 1019, 1027-31 (S.D.N.Y. 1992) *aff'd*, 989 F.2d 89 (2d Cir. 1993) (granting motion to dismiss for lack of personal jurisdiction and denying motion to compel arbitration on

2

448466-1

the basis that the court could not compel a party over whom it lacked personal jurisdiction); *see also PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland),* 260 F.3d 453 (5th Cir. 2001) (vacating a district court's order to arbitrate where the district court lacked personal jurisdiction to enter its order).

5. Extending the Litigation Stay would grant LBSF more time to coerce JA Hokkaido into an expensive and burdensome mediation, while simultaneously preventing JA Hokkaido from challenging LBSF's deficient jurisdictional allegations. For all of these reasons and as set forth more fully in the Application, JA Hokkaido objects to the Stay Extension Motion to the extent it seeks to prevent JA Hokkaido from filing the Motion to Dismiss.

DATED: July 2, 2013
New York, New York

Respectfully submitted,

By:  /s/ *Stephen T. Loden*
Howard D. Ressler, Esq.
Stephen T. Loden, Esq.
Benjamin R. Garry, Esq.
DIAMOND MCCARTHY LLP
620 Eighth Avenue, 39th Floor
New York, New York 10018
Tel: (212) 430-5400
Fax: (212) 430-5499

*Counsel for JA Hokkaido Shinren*

448466-1