Wong Fleming
821 Alexander Road
Suite 200, P.O. Box 3663
Princeton, NJ  08540
Telephone:  (609) 951-9520
Facsimile:  (609) 951-0270
James K. Haney, Esq.

Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio  43215
Telephone:  (614) 227-8802
Facsimile:  (614) 227-2390
Quintin F. Lindsmith, Esq. (admitted *pro hac vice*)

*Attorneys for Nationwide Life Insurance Company and
Nationwide Mutual Insurance Company*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> LEHMAN BROTHERS HOLDINGS, *et al.* <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-13555 (JMP) |

**OBJECTIONS OF NATIONWIDE LIFE INSURANCE COMPANY
AND NATIONWIDE MUTUAL INSURANCE COMPANY TO JOINT MOTION
OF LEHMAN BROTHERS HOLDINGS, INC. AND LITIGATION
SUBCOMMITTEE OF CREDITORS' COMMITTEE, PURSUANT TO SECTION
105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1), TO
EXTEND STAY
OF AVOIDANCE ACTIONS AND TO GRANT CERTAIN RELATED RELIEF**

6474013v1

Table of Contents

|   |   |   | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | DISCUSSION | | 2 |
| | A. | An Immoderate Stay | 2 |
| | B. | The Stay Has Come To Operate Unilaterally For the Benefit of LBSF | 4 |
| | C. | Too Big To Litigate? | 5 |
| | D. | Reciprocity – That Is All | 7 |
| III. | CONCLUSION | | 8 |

<u>Cases</u>

Cont'l Ins. Co. v. N. Ind. Pub. Serv. Co., 2011 U.S. Dist. LEXIS 37095,
**8-10 (N.D. Ind. Apr. 5, 2011) ................................................................................6

Landis v. N. Am. Co., 299 U.S. 248, 255 (1936) ......................................................2, 7

Lehman Bros. Special Financing, Inc. v. BNY Corp. Trustees Svcs., Ltd.,
422 B.R. 407, 420-21 (Bankr. S.D.N.Y. 2010) ........................................................4, 5

Newbrough v. Piedmont Reg'l Jail Auth., 822 F. Supp.2d 558, 588 (E.D. Va. 2011)
 ...................................................................................................................................6

Quest Diagnostics, Inc. v. Factory Mut. Ins. Co., 2007 U.S. Dist. LEXIS 93450
(E.D. La. Dec. 19, 2007) ..........................................................................................6

United States v. United States Currency in Amount of $294,600, 1993 U.S.
Dist. LEXIS 14297 (E.D.N.Y. Sept. 23, 1993) .......................................................7

6474013v1

## I. INTRODUCTION

Nationwide Life Insurance Company and Nationwide Mutual Insurance Company (together hereafter referred to as the "Nationwide Parties") are defendants in what Movants label the "Distributed Action," <u>Lehman Brothers Special Financing, Inc. v. Bank of America National Association, et al.</u>, Adv. Proc. No. 10-03547 (JMP). The Nationwide Parties were not named in the original Complaint or the First Amended Complaint in the Distributed Action. They were added as "Noteholder Defendants" when Plaintiff Lehman Brothers Special Financing ("LBSF") filed its Second Amended Complaint in the Distributed Action on July 23, 2012.[1]

The Nationwide Parties object to a sixth blanket stay only as to the Distributed Action. However, the Nationwide Parties would not object to an additional *limited* stay, provided the Order extending the stay carved out two exceptions:

1. Allowing the Noteholder Defendants not named in the Original Complaint (the "New Noteholder Defendants") to conduct limited discovery relating to the narrow issue of LBSF's and LBHI's actual knowledge of the identity of the New Noteholder Defendants prior to the commencement of the Distributed Action; and

2. Allowing the New Noteholder Defendants to file dispositive motions on the single issue of whether claims against them are time-barred.

---

[1] Doc 303-1.

## II.  DISCUSSION

### A.  <u>An Immoderate Stay</u>.

There is a threshold that can be crossed when a stay passes from being reasonable and moderate to one that is immoderate. The United States Supreme Court has long held that a "stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of provision and description." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 255 (1936). The force of the stay in effect has not been spent in three years and continues to show much life beyond "reasonable limits."

LBHI comes to this Court seeking a sixth stay of all litigation activity, except for activity which would favor LBSF as Plaintiff. It tells this Court what it told the Court in several previous stay applications; that it is working on settlements. It offers no deadline – not even a goal date – by which it is even planning to have ADR proceedings completed so that litigation may commence as to the non-settling parties. In fact, by the logic of the Movant, as long as there are a handful of parties participating in settlement discussions, litigation would be improper.

While it might not have been obvious when the first stay was requested by LBHI, the picture that has emerged now clearly shows that in practice LBHI is pursuing an indefinite stay strategy to pursue settlement discussions while the table of negotiations is tilted to their benefit.

LBSF has been able to file a complaint against hundreds of defendants. But the defendants cannot file an answer. LBSF has been permitted to file an amended

2

complaint. But the defendants are prohibited from filing a responsive pleading. LBSF has been permitted to undertake discovery not only of the identity of noteholders, but also as to the nature of what they hold. Yet those same noteholders are not permitted to take any discovery on the narrow issue of when LBSF was aware of the identity of the noteholders, which is relevant to a statute of limitations issue.

Indeed, in its own motion to extend the stay, LBHI emphasizes all of the discovery it is doing relates to the identity of the defendants and the nature of their investment positions. But the defendants are not able to do any reciprocal discovery on the exact same subject matter. The Court has permitted LBHI and LBSF to engage in limited offensive discovery while blocking the defendants from taking *any* defensive discovery.

And now it is only worse. LBSF is taking advantage of the Court's July 2012 Amended Order Providing for Alternative Dispute Resolution Procedures for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties [ECF No. 29507], approving ADR procedures relating to SPVs (the "SPV Derivatives ADR Procedures"). Under that order, once a defendant gets tagged with a notice pursuant to those procedures, the litigation relating to those defendants is stayed *indefinitely*. In its motion, LBHI singles out the Nationwide Parties with the observation that "in May 2013, ADR was commenced as to the Nationwide Parties."

3

By tagging the Nationwide Parties with an ADR notice, those parties are now subject to an indefinite stay, the very type of stay that the U.S. Supreme Court has held is immoderate. And it continues to be a tilted stay which hands all of the leverage to LBSF. It is under no threat of a motion to dismiss. It feels no discomfort from the looming statute of limitations issue. It is unafraid of any challenge to <u>Lehman Bros. Special Financing, Inc. v. BNY Corp. Trustees Svcs., Ltd.</u>, 422 B.R. 407, 420-21 (Bankr. S.D.N.Y. 2010) ("<u>BNY</u>"), which is the centerpiece of its amended complaint.

B. <u>The Stay Has Come To Operate Unilaterally For The Benefit Of LBSF</u>.

The stay sought by LBHI and LBSF has become immoderate for two reasons. First, it has effectively become a stay of indefinite duration. As to the Nationwide Parties, it has actually become a stay of indefinite duration.

Second, it has become a stay that is for the unilateral benefit of LBHI and LBSF. It allows LBSF to come to the negotiating table with an offensive sword without even having to raise a shield, because the defendants have been ordered to keep their hands tied. The stay is utterly without reciprocity – LBSF can file an amended complaint and add new parties, but the defendants cannot even file responsive pleadings. That is, the current stay does not even allow for the defendants to file responsive pleadings and *then* stay proceedings for a fixed and limited period to allow the parties time to have settlement discussions.

The reality of what LBHI and LBSF are pursuing is a settlement strategy that freezes the high watermark of the <u>BNY</u> decision to its benefit to gain the

4

maximum leverage in settlement discussions. It knows that if the Defendants are permitted to file responsive pleadings, the position of LBSF can only erode or stay the same. It cannot improve.

Without reciprocity in discovery or reciprocity allowing for both the Plaintiff and the Defendants to complete the initial pleading stage of the Distributed Action, the Court is allowing LBSF to maintain the best litigation environment it will ever have in settlement discussions. That is why an extension of the stay without reciprocity means that the Court will essentially be aiding one side over the other – allowing LBSF to sue parties where the statute of limitations have run and allowing LBSF to display the neon sign of <u>BNY</u> without giving the Defendants a fair opportunity to pull that plug.

### C. Too Big To Litigate?

Implicit in the motion of LBHI is the suggestion that there is some limitation on the resources of the Debtors to actually participate in litigation. But this is in a case where approximately one-half billion dollars in fees have been incurred by the professionals engaged by LBHI or its special committees. Lead counsel alone has recently submitted a final fee application seeking over $421 million. [ECF No. 32607] LBHI happily reports to the Court that it has recovered over $1.6 billion.

And it is an immense *non sequitur* to assert that Lehman cannot prosecute its claims against the Noteholder Defendants while at the same time engaging in settlement discussions. Most courts would agree that reciprocal litigation efforts would actually facilitate settlement discussions.

"Lawsuits often continue while the parties discuss settlement." Cont'l Ins. Co. v. N. Ind. Pub. Serv. Co., 2011 U.S. Dist. LEXIS 37095, *10 (N.D. Ind. Apr. 5, 2011). The party requesting the stay must do more than assert that a stay might "'potentially' facilitate settlement." Newbrough v. Piedmont Reg'l Jail Auth., 822 F. Supp. 2d 558, 588 (E.D. Va. 2011).

In Newbrough, as here, the plaintiff requested a stay so that it might "streamline" its litigation and pursue settlement. Newbrough, 822 F. Supp. 2d at 588. The court denied this request, holding that the plaintiff's assertions did not constitute "clear and convincing circumstances in favor of the stay." Id. In so holding, the court noted that the possibility of the requested stay lasting "nearly a full year militates against delaying the progress of this litigation." Id.

Similarly, in Cont'l Ins. Co., the defendant "advocate[d] that the stay should continue to facilitate settlement negotiations." Cont'l Ins. Co., 2011 U.S. Dist. LEXIS 37095 at **9-10. The court weighed the benefits of a potential settlement against the plaintiff's concern that a "further lapse will deplete the availability of discoverable information." Id. at *8. As in Newbrough, the court denied the stay, explaining that "this justification does not make it clear that the interests of justice require continuation of the stay or that it would be a waste of judicial resources to resume discovery." Id. at **9-10. See also, Quest Diagnostics, Inc. v. Factory Mut. Ins. Co., 2007 U.S. Dist. LEXIS 93450 (E.D. La. Dec. 19, 2007) ("This court finds that a stay of this case will not assist in settlement but will result in further delay in reaching a resolution of this case.").

6

Courts in this circuit have recognized the continued validity of <u>Landis</u>. <u>United States v. United States Currency in Amount of $294,600</u>, 1993 U.S. Dist. LEXIS 14297 (E.D.N.Y. Sept. 23, 1993) (citing <u>Landis</u> for proposition that "[i]t is also well settled that a stay of indefinite duration cannot be granted.").

LBSF is essentially arguing to this Court that it has filed so many adversary proceedings against so many parties that it would just be too cost-prohibitive to prosecute the litigation. This is ironic. Much has been said in the past five years about whether Lehman Brothers was too big to fail. Lehman Brothers is now telling this Court that it is too big to litigate.

D.    <u>Reciprocity – That Is All</u>.

As previously briefed [ECF No. 34136], the delay in naming the Nationwide Parties as noteholder defendants in the Distributed Action was not the result of any mistake in identity or lack of knowledge as to whether the Nationwide Parties were noteholders in the transactions at issue. Thus, as a matter of law, the avoidance claims asserted against the Nationwide Parties, as well as the collateral claims dependent upon success of the avoidance claims, are time-barred.

The proposed limited discovery is fair because it is the other side to the same coin of discovery that LBSF has been engaging in. Movants state that "LBSF has been and continues to be engaged in the time-consuming, multi-step discovery process required to identify and/or confirm the identities and addresses of the noteholders that received the challenged distributions."[2]  [ECF No. 33322]  The Nationwide Parties are only requesting that it be permitted to conduct reciprocal

---

[2] Joint Motion, p.11.

7

discovery on the exact same subject – when did LBSF possess information as to the identity of the Nationwide Parties as noteholders in the transactions at issue?

Once the Nationwide Parties have received the requested discovery, they should be permitted to file a limited dispositive motion on the single subject of whether the claims of LBSF are time-barred as to the Nationwide Parties.

This process will contribute to the efficient and orderly disposition of claims. And it will not be overly burdensome to LBSF where the scope of discovery is so limited and narrow. The Lehman Parties cannot credibly complain that it would be immensely burdensome to simply turn over records indicating when those entities had actual knowledge of the identity of the Nationwide Parties or the other New Noteholder Defendants. And it would be unfair to allow for the continuation of one-sided discovery on the exact same topic – the identity of Noteholder Defendants.

It would likewise improve the efficiency of the Distributed Action litigation by allowing the New Noteholder Defendants to raise a threshold issue as to whether the claims against them are time-barred. If the court finds that they are, an immense amount of time and expense will be avoided.

### III.  CONCLUSION

In summary, the Nationwide Parties are not asking the court to lift the stay completely to allow for full discovery and litigation. They are only requesting a narrow carve out of any extended stay order to allow for the foregoing, which is not overly burdensome, is not oppressive, does not impede the laudable goals stated in the Joint Motion, and – most importantly – would be fair. To allow the Lehman

Parties to engage in discovery without allowing the New Noteholder Defendants to challenge the Lehman Parties in that same area of discovery would be unfair and prejudicial to the Nationwide Parties.

Respectfully submitted,

Dated:  July 3, 2013

/s/ James K. Haney
James K. Haney
Wong Fleming
821 Alexander Road, Suite 200
Princeton, NJ  08540
Telephone:  (609) 951-9520
Facsimile:  (609) 951-0270

Quintin F. Lindsmith, Esq.
(admitted *pro hac vice*)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio  43215
Telephone:  (614) 227-8802
Facsimile:  (614) 227-2390

*Attorneys for Nationwide Life Insurance Company and Nationwide Mutual Insurance Company*

Wong Fleming
821 Alexander Road
Suite 200, P.O. Box 3663
Princeton, NJ  08540
Telephone:  (609) 951-9520
Facsimile:  (609) 951-0270
James K. Haney, Esq.

Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio  43215
Telephone:  (614) 227-8802
Facsimile:  (614) 227-2390
Quintin F. Lindsmith, Esq. (admitted *pro hac vice*)

*Attorneys for Nationwide Life Insurance Company and Nationwide Mutual Insurance Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, *et al.* | Case No. 08-13555 (JMP) |
| Debtors. | |

### CERTIFICATE OF SERVICE

I, James Haney, hereby certify that on this 3rd day of July 2013, a true and correct copy of the *Objections of Nationwide Life Insurance Company and Nationwide Mutual Insurance Company to Joint Motion of Lehman Brothers Holdings, Inc. and Litigation Subcommittee of Creditors' Committee, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), to Extend*

*Stay of Avoidance Actions and to Grant Certain Related Relief* has been filed and served electronically on all counsel of record.

The undersigned further certifies that a true copy of the foregoing documents were served on the following parties via First Class, U.S. Mail, postage prepaid, on this 3rd day of July 2013, properly addressed as follows:

Honorable James M. Peck
One Bowling Green
Courtroom 601
New York, NY  10004

Weil Gotschal & Mages LLP
767 Fifth Avenue
New York, NY  10153
Attn:  Richard W. Slack, Esq.
       Jacqueline Marcus, Esq.
*Attorneys for LBHI*

Unites States Trustee
33 Whitehall Street – 21st Floor
New York, NY  10004
Attn:  Tracy Hope Davis, Esq.
       Elisabetta Gasparini, Esq.
       Andrea Schwartz, Esq.

Millbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY  10005
Attn:  Dennis F. Dunne, Esq.
       Evan Fleck, Esq.
       Dennis O'Donnell, Esq.
*Attorneys for the Committee*

/s/ James K. Haney
James K. Haney