**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
)
In re: ) Chapter 11
)
Lehman Brothers Holding Inc., et al. ) Case No. 08-13555 (JMP)
)
                Debtors. ) Jointly Administered
)
) Proof of Claim No.: **See attached schedule**
--------------------------------------------------------------- Total Allowed Amount to be Transferred: **See attached schedule**

NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY
PURSUANT TO FRBP RULE 3001(e)(2)

**TO:**      **TRANSFEROR:**      **SEA PORT GROUP SECURITIES, LLC.**
c/o The Seaport Group LLC
360 Madison Avenue, 22nd Floor
New York, NY 10017
Attention: Mr. Westley Harrell
Phone: 212-616-7745
Email: wharrell@theseaportgroup.com

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bank. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

     **TRANSFEREE:**      **Turnpike Limited**
c/o Alden Global Capital
885 Third Avenue, 34th Floor
New York, NY 10022
Attention: Ithran Olivacce
Telephone: 212-888-7214
E-mail: iolivacce@aldenglobal.com

No action is required if you do not object to the transfer of the claim as described above. **IF YOU OBJECT TO THE TRANSFER OF THE TRANSFERRED CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

– FILE A WRITTEN OBJECTION TO THE TRANSFER WITH THE COURT
– SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE
– IF YOU FILE AN OBJECTION, A HEARING WILL BE SCHEDULED
– IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING

                                                                  Clerk of the Court

DOC ID - 20352663.2

**Schedule**

Claim Number: 62783
Allowed Amount to Be Transferred: $176,426.89

Claim Number: 62783
Allowed Amount to Be Transferred: $87,911.47

Claim Number: 62783
Allowed Amount to Be Transferred: $108,146.79

Claim Number: 62783
Allowed Amount to Be Transferred: $140,902.03

Claim Number: 62783
Allowed Amount to Be Transferred: $102,172.60

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Sea Port Group Securities, LLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Turnpike Limited** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 62783 (the "Proof of Claim") filed by or on behalf of Seller's predecessor in interest against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) prior seller has represented and warranted to Seller that on or about April 17, 2012, October 1, 2012 and April 4, 2013, prior seller received distributions from Lehman Brothers Holdings, Inc. in respect of the Transferred Claims pursuant to the confirmed plan of reorganization in the Proceedings, and that other than these distributions, neither prior seller, nor any third party on its behalf, has received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims; (h) prior seller has represented and warranted to Seller that on or about May 8, 2013, prior seller received a distribution from Lehman Brothers Treasury Co. B.V. in respect of the Purchased Security, and that other than this distributions, neither prior seller, nor any third party on its behalf, has received any payments or distributions, whether directly or indirectly, in respect of the Purchased Security; (i) Seller has not received any payments whether directly or indirectly in respect of the Transferred Claims or Purchased Security; (j) assuming the truth and accuracy of the representations and warranties made by the prior seller, the Notice of Proposed Allowed Claim Amount for the Proof of Claim ("Notice") dated August 24, 2011 (which Seller provided to Purchaser) is true and correct, and Seller did not file, nor is it aware that the prior seller filed, a written response to the Notice per the terms of the Notice; and (k) Seller has not received, nor it is aware of, any objection to the transfer of the Transferred Claim from the prior seller to Seller.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice

or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event no later than three (3) business days following receipt) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 28 day of June 2013.

**SEA PORT GROUP SECURITIES, LLC**
By: The Seaport Group LLC, its sole member

By: _____
360 Madison Avenue, 22nd Floor
New York, NY 10017
Jonathan Silverman
General Counsel

**TURNPIKE LIMITED**
By: Alden Global Capital LLC, its Service Provider

By: _____
Name: Jason Pecora
Title: Managing Director - Operations
885 Third Avenue, 34th Floor
Alden Global Capital
New York, NY 10022

Schedule 1

Transferred Claims

Purchased Claim

To the extent of the ISIN/CUSIP's listed below, 18.7481736% of Seller's interest in, to and in connection with the Proposed Allowed Claim Amount of proof of claim 62783 which totals an allowed amount of USD $ 615,559.78, plus all accrued interest, fees and other recoveries due

Lehman Programs Securities to which Transfer Relates

| Proof of Claim Number | ISIN/CUSIP | Issuer | Guarantor | Purchased Principal/Notional Amount in JPY | Coupon | Maturity | Purchased Allowed Amount of Proof of Claim Transferred Hereunder |
|---|---|---|---|---|---|---|---|
| 62783 | XS0274755072 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | JPY ¥18,748,000.00 | N/A | 28 Nov 2036 | USD $176,426.89 |
| 62783 | XS0333106507 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | JPY ¥20,623,000.00 | N/A | 18 Dec 2037 | USD $87,911.47 |
| 62783 | XS0309227436 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | JPY ¥18,748,000.00 | N/A | 26 Jul 2037 | USD $108,146.79 |
| 62783 | XS0278290589 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | JPY ¥18,748,000.00 | N/A | 29 Dec 2036 | USD $140,902.03 |
| 62783 | XS0316169050 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | JPY ¥16,874,000.00 | N/A | 24 Aug 2037 | USD $102,172.60 |