CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
Telephone: (312) 845-3000
Facsimile: (312) 701-2361
James E. Spiotto (admitted *pro hac vice*)
Ann E. Acker (admitted *pro hac vice*)
Franklin H. Top III (admitted *pro hac vice*)
Scott Lewis

-and-

CHAPMAN AND CUTLER LLP
330 Madison Avenue, 34th Floor
New York, New York 10017-5010
Telephone: (212) 655-6000
Craig M. Price (CP 9039)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE | CHAPTER 11 CASE NO. 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS INC., *ET AL.*, | |
| Debtors. | (Jointly Administered) |

**AFFIDAVIT OF DONALD F. HIGGINS IN CONNECTION WITH THE MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 105(A) OF THE BANKRUPTCY CODE FOR APPROVAL OF PARTIAL SETTLEMENT AGREEMENT RELATING TO AIRLIE CDO I, LTD. CREDIT DEFAULT SWAP AGREEMENT AND INDENTURE**

3418971.01.05.doc

I, Donald F. Higgins, being first duly sworn on oath, and under penalties of perjury as provided for under the Federal Rules of Civil Procedure, depose and state as follows:

1. I am presently employed by U.S. Bank National Association as an Assistant Vice President in our Corporate Trust Services Group based in our Boston, Massachusetts, offices located at One Federal Street, Third Floor, Boston, Massachusetts 02110. U.S. Bank National Association serves as Indenture Trustee under the terms of that certain Indenture (the *"Indenture"*), dated as of January 18, 2007, by and between Airlie CDO I, Ltd., as Issuer (the *"Issuer"*), Airlie CDO I, Corp., as Co-Issuer, and U.S. Bank National Association, as Trustee (the *"Trustee"* or *"U.S. Bank"*). In my capacity at U.S. Bank, as Trustee, I have responsibility for administering the Indenture. Capitalized terms not defined herein shall have the meaning ascribed in the Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105(a) of the Bankruptcy Code for Approval of the Partial Settlement Agreement Relating to Airlie CDO I, Ltd. Credit Default Swap Agreement and Indenture (the "*Settlement Motion*") [ECF No. 37919].

2. Based on my own experiences and after review of the Trustee's business records, I have personal knowledge of the facts stated in this Affidavit and am competent to testify to these facts if called to do so.

3. After Lehman Brothers Holdings Inc. (*"LBHI"*) and Lehman Brothers Special Financing Inc. (*"LBSF"* and with LBHI, the *"Debtors"*) filed for bankruptcy on September 15, 2008, and October 3, 2008, respectively (the *"Bankruptcy Proceedings"*), the Trustee sent out numerous notices to holders of notes (*"Holders"*) issued by the Issuer under the Airlie CDO I transaction (the *"Transaction"*) and other parties, and had related conference calls and other

2

communications with Holders, to inform them, and solicit their directions, in respect to certain developments, issues and other matters concerning the Transaction and Bankruptcy Proceedings.

4.      The notes issued under the Indenture are generally held in "street name," meaning that the notes themselves are registered in the name of Cede & Company as the nominee for The Depository Trust Company (*"DTC"*) as the Holder, on behalf of the beneficial holders of such notes. Each of the Notices (as defined below) provided by the Trustee to Holders and other parties, including the Twenty-Third Notice (as also defined below), was transmitted to DTC with instructions to forward the notice to beneficial holders. Upon information and belief, DTC posted the Notices on its electronic bulletin board for beneficial holders to view.

5.      The Trustee also sent each of the Notices to all Holders of notes in physical or certificated form listed on the Trustee's registered holders list for the Transaction, as of the date of each notice, by U.S. mail, postage pre-paid, to the physical address listed therein.

6.      In addition, with assistance of others in my office, the Notices, including the Twenty-Third Notice, were timely posted on the Trustee's investor reporting website (http://www.usbank.com/abs), which provides Holders with access to certain information relating to the Indenture and the trust established thereby.

7.      In the period from approximately October 15, 2008, through and including September 22, 2009, the Trustee sent eleven (11) notices to Holders and other parties (among other communications) (the *"First Eleven Notices"*) in an attempt to inform Holders on a variety of issues relating to the Transaction, as follows:

3

(i) Informational Notice from the Trustee to the Holders in the Transaction (and certain other parties named therein) dated October 15, 2008;

(ii) Event of Default Notice from the Trustee to the Holders in the Transaction (and certain other parties named therein) dated October 21, 2008;

(iii) Informational Notice from the Trustee to the Holders in the Transaction (and certain other parties named therein) dated December 5, 2008;

(iv) Event of Default Notice from the Trustee to the Holders in the Transaction (and certain other parties named therein) dated January 19, 2009;

(v) Notice to Holders in the Transaction (and certain other parties named therein) of Invitation to Participate in Conference Call dated February 23, 2009;

(vi) Notice to Holders in the Transaction Regarding Receipt of Notice of Termination of Lehman Brothers ABS Enhanced LIBOR Fund dated March 11, 2009;

(vii) Request for Direction Regarding Proposal from Credit Swap Counterparty from the Trustee to the Holders (and certain other parties named therein) dated March 27, 2009;

(viii) Request for Direction Regarding Notice of Termination of Lehman Brothers ABS Enhanced LIBOR Fund from the Trustee to the Holders (and certain other parties named therein) dated March 27, 2009;

(ix) Notice from the Trustee to Holders in the Transaction (and certain other parties named therein) of Invitation to Participate in Conference Call dated April 22, 2009;

(x) Notice from the Trustee entitled "Invitation to Noteholders to Participate in Conference Call" dated May 11, 2009; and

(xi) Notice to Holders in the Transaction (and certain other parties named therein) Regarding Notice of Certain Developments dated September 22, 2009.

8.     Thereafter, the Trustee sent a subsequent notice to Holders and other parties on or about March 4, 2010, entitled *Notice of Certain Developments and Invitation to Holders to Participate in Conference Call*, to inform Holders of certain developments in the Bankruptcy Proceedings and invite them to participate in a conference call in regard thereto to provide Holders an opportunity to provide input on the course(s) of action they desired the Trustee to pursue in furtherance of resolution of the Transaction (the *"Twelfth Notice"*).

9.     On or about April 20, 2010, the Trustee received Derivatives ADR Notice No. 157 with respect to the swap transaction between the Issuer and LBSF executed concurrently with the Indenture, under which a response and participation in subsequent mediation proceedings was mandatory. As required by the ADR Procedures Order, the Trustee sent a notice to Holders and other parties on or about May 3, 2010, entitled *Notice to the Holders of Notes Issued by Airlie CDO I, Ltd.*, seeking direction and input from them with respect to the resolution of the swap transaction (the *"Thirteenth Notice"*). A true and correct copy of the Thirteenth Notice is attached hereto as *Exhibit A*.

10.    The Trustee did not receive any comments from Holders in the Transaction in connection with the Thirteenth Notice that it had transmitted, or if it did, such comments were not significant. Notice of the receipt of ADR Notice No. 157 was also published by the Trustee three times in May 2011 in the Wall Street Journal and Financial Times (the *"Published Notices"*). True and correct copies of the Published Notices are attached hereto as *Exhibit B*.

11.    On or about June 28, 2010, the Trustee sent an additional notice to Holders, again seeking input with respect to the resolution of the relevant swap transaction (the *"Fourteenth Notice"*). That notice provided in pertinent part:

5

Lehman Brothers Holdings Inc. ("LBHI") filed a voluntary petition seeking relief under Chapter 11 of 11 U.S.C. § 101 et seq. (the 'Bankruptcy Code') on September 15, 2008. LBSF filed a voluntary petition under the Bankruptcy Code on October 3, 2008. Both of these proceedings are pending in the United States Bankruptcy Court for the Southern District of New York and are consolidated for administrative purposes under Case No. 08-13555. The Honorable James M. Peck presides over the proceedings. Information with respect to those proceedings may be found at http://www.Lehman-Docket.com.

As reported in our Notice dated May 3, 2010, the Indenture Trustee received an ADR Notice dated April 19, 2010 demanding a payment by the Issuer to LBSF in the amount of $**REDACTED**, consisting of $**REDACTED** in a termination payment plus $**REDACTED** in interest thereon. A copy of the ADR Notice is attached as Exhibit C to the May 3, 2010 Notice and has been posted on the Indenture Trustee's website at http://www.usbank.com/abs. The Indenture Trustee filed a response to the ADR Notice on June 4, 2010, a copy of which is attached hereto as Exhibit B. The Indenture Trustee received the Reply from LBSF on June 18, 2010 stating, inter alia, that the matter was appropriate for mediation. A copy of the Reply is attached hereto as Exhibit C. As of this date, mediation has not been scheduled.

Pursuant to Section 5(b) of the ADR Order, the Indenture Trustee is again (a) providing you notice that LBSF made a demand for a termination payment plus interest thereon, (b) seeking the identity of all Noteholders in order to facilitate participation of Noteholders in the Derivatives ADR Procedures (as defined in the ADR Order) and to facilitate direct communications with LBSF regarding these matters, and (c) seeking direction and instruction from the Noteholders with respect to participation by the Indenture Trustee in the Derivative ADR Procedures. Further, as required by the ADR Order, the Indenture Trustee (a) invites you to participate in the Derivatives ADR Procedures as an alternative to litigation, (b) encourages you to communicate directly with the Debtors, and (c) consistent with Indenture and applicable law, offers to take your direction with regard to the ADR Notice. Contacts for LBSF and its counsel may be found in the Reply.

**The Indenture Trustee needs your input and direction with respect to the mediation. In order to facilitate participation, communication, direction and instruction in connection with the ADR Procedures, please complete a Certificate of**

6

> **Beneficial Interest in the form attached hereto as Exhibit A and return it to the Indenture Trustee at your earliest possible convenience.**

(Emphasis in original). A true and correct copy of the Fourteenth Notice is attached hereto as *Exhibit C*.

12. Thereafter, the Trustee sent subsequent notices to Holders to schedule conference calls with them to discuss the mediation and the mediation process generally, among other issues, as follows:

(i) Notice to Holders in Transactions (and certain other parties named therein) Regarding Invitation to a Conference Call on August 18, 2010 at 1:00 PM EDT, 10:00 PDT, dated August 4, 2010 (the "*Fifteenth Notice*"); and

(ii) Notice to Holders in Transactions (and certain other parties named therein) Regarding Invitation to Conference Call on October 28, 2010, at 3:00 p.m. EDT, 12:00 noon PDT, dated October 19, 2010 (the "*Sixteenth Notice*").[1]

13. On September 14, 2010, the Debtors initiated litigation with respect to the relevant swap transaction for the Transaction. The Trustee sent an additional notice to Holders and other parties on or about September 29, 2010, entitled *Notice of the Institution of Litigation by Lehman Brothers Special Financing Inc.*, in which the Trustee provided notice of the litigation (the *"Seventeenth Notice"*).

14. On November 24, 2010, the Debtors filed a motion seeking to alter certain procedures for settling claims involving special purpose vehicle counterparties (the *"SPV ADR Motion"*). Thereafter, the Trustee sent an additional notice to Holders and other parties on or

---

[1] Additional notices were sent by the Trustee to Holders dated September 28, 2010 and November 2, 2010 informing applicable Holders of offers by a Holder to purchase additional Notes.

7

about December 31, 2010, entitled *Notice to Noteholders and/or Certificateholders of the Transactions and Their Corresponding CUSIPs Listed on Exhibit A*, which informed Holders of the SPV ADR Motion and that the Trustee had filed an objection thereto (the *"Eighteenth Notice"*). A true and correct copy of the Eighteenth Notice is attached hereto as *Exhibit D*.

15. The Trustee sent a subsequent notice to Holders and other parties on or about April 4, 2011, entitled *Notice to Noteholders and/or Certificateholders (the "Securityholders") of the Transactions and Their Corresponding CUSIPs Listed on Exhibit A*, in which the Trustee indicated that it was essential that one or more Holders or holders of certificates issued by the Issuer be present to represent the Transaction in the mediation with LBSF (the *"Nineteenth Notice"*). A true and correct copy of the Nineteenth Notice is attached hereto as *Exhibit E*.

16. The Trustee did not receive any comments from Holders in the Transaction in connection with the Nineteenth Notice that it had transmitted, or if it did, such comments were not significant. Thereafter, the Trustee sent additional notices to Holders and other parties regarding the scheduling of a hearing on the Debtors' disclosure statement (the *"Twentieth Notice"*) and with respect to the payment of unpaid fees and expenses of various service providers and others, including the Trustee and the government of the Cayman Islands (the *"Twenty-First Notice"*).

17. The Trustee did not receive any comments from Holders in the Transaction in connection with the Twentieth or Twenty-First Notices that it had transmitted, or if it did, such comments were not significant. The Trustee sent a subsequent notice to Holders and other parties on or about August 8, 2012, entitled "*Notice to Holders*," in which the Trustee, on request of LBSF, attempted to identify beneficial holders of the Notes to facilitate settlement discussions

8

with LBSF in regard to the Transaction (the *"Twenty-Second Notice"*).  A true and correct copy of the Twenty-Second Notice is attached hereto as *Exhibit F*.

18. The Trustee did not receive any comments from Holders in the Transaction in connection with the Twenty-Second Notice that it had transmitted, or if it did, such comments were not significant.  The Debtors and the Trustee, however, subsequently reached agreement for partial settlement of claims after discussions initiated by the Debtors, which is reflected in the Settlement Motion filed with this Court by LBSF on June 12, 2013.

19. The Trustee provided an additional notice to Holders and other parties on or about June 13, 2013, entitled *Notice to Holders*, advising them of the Trustee's and LBSF's agreement for partial settlement of claims, informing them of the Settlement Motion and the terms of the partial settlement, and providing them with information as to how to object in the event they disagreed with the settlement (the *"Twenty-Third Notice"* and collectively, with the First Eleven Notices and the Twelfth through Twenty-Second Notice, the *"Notices"*).  A copy of the Twenty-Third Notice is attached hereto as *Exhibit G*.

*[Remainder of Page Intentionally Left Blank]*

20. As of the date of this affidavit, I am not aware of any formal or informal objection of a Holder in the Transaction to the Settlement Motion or the Settlement Offer .

FURTHER AFFIANT SAYETH NOT.

_____
Donald F. Higgins

Subscribed and sworn to before me
this 10th day of July 2013.

By _____
Notary Public

My Commission Expires: _____

Ralph J. Creasia, Jr.
Notary Public
Commonwealth of Massachusetts
My Commission Expires
December 27, 2013