**HAHN & HESSEN LLP**
488 Madison Avenue
New York, New York 10022
Telephone:   212-478-7200
Facsimile:    212-478-7400
Jeffrey L. Schwartz
Steven J. Mandelsberg
Christopher J. Hunker

*Attorneys for Commerzbank AG and
Eurohypo AG*

Hearing Date: July 25, 2013 at 10:00 a.m. (Eastern)
Objection Deadline: July 11, 2013 (Eastern)[1]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                                                  :   Chapter 11
                                                                              :
                                                                              :   Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., *et al.*  :
                                                                              :   Jointly Administered
                            Debtors.                              :
                                                                              :
------------------------------------------------------------ x

**RESPONSE OF COMMERZBANK AG AND EUROHYPO AG TO FOUR HUNDRED
THIRTEENTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

Commerzbank AG ("Commerzbank") and Eurohypo AG ("Eurohypo," together with Commerzbank, each a "Claimant" and together, the "Claimants"), by and through their undersigned counsel, respectfully submit this response (the "Response") to the Four Hundred Thirteenth Omnibus Objection to Claims (Valued Derivative Claims) (the "Objection") filed by Lehman Brothers Holdings, Inc. ("LBHI" or the "Plan Administrator"), and respectfully states as follows:

---

[1]   Extended by agreement of the parties.

**SUMMARY OF RESPONSE**

1.  The Objection is insufficient to overcome the *prima facie* validity of the properly and timely filed Claims (defined below). As the objecting party, the Plan Administrator is required to produce evidence of equal or greater probative value than that submitted by the Claimants in their respective Claims. The Plan Administrator has failed to produce any evidence to support the relief requested in the Objection, despite the Claimants' numerous requests for a detailed calculation to support the Plan Administrator's "Modified Amount" of the Claims. Instead, the Plan Administrator relies solely upon the unsupported allegations set forth in the Objection that the Claims are "greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the LBHI and LBSF books and records." Objection, ¶ 14. As these conclusory allegations are insufficient to overcome the *prima facie* validity of the Claims, the Objection should be overruled.

**PERTINENT BACKGROUND**

2.  On September 15, 2008 (the "Petition Date"), LBHI and certain of its affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court," or this "Court"). On October 3, 2008, certain of LBHI's other affiliates, including Lehman Brothers Special Financing Inc. ("LBSF," together with LBHI and the other jointly-administered debtors, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3.  On July 2, 2009, the Bankruptcy Court entered the *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for*

2

*Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* (the "Bar Date Order").

        **A.**      **The Commerzbank/Eurohypo Claims**

        4.      Prior to the Petition Date, Commerzbank and LBSF were parties to that certain ISDA Master Agreement dated July 23, 2003 (as amended, supplemented, or modified from time to time, together with all schedules, the Credit Support Annexes, and confirmations entered into in connection therewith, the "Commerzbank Swap Agreement"), pursuant to which, LBSF and Commerzbank entered into numerous credit default swaps, total return swaps, and inflation rate swaps (collectively, the "Transactions").

        5.      Prior to the Petition Date, Eurohypo and LBSF were parties to that certain German Master Agreement dated December 19, 2003 (as amended, supplemented, or modified from time to time, together with all schedules, the Credit Support Annexes, and confirmations entered into in connection therewith, the "Eurohypo Swap Agreement," and together with the Commerzbank Swap Agreement, the "Swap Agreements"), pursuant to which LBSF and Eurohypo entered into various Transactions.

        6.      The commencement of LBHI's chapter 11 case constituted an Event of Default under the Swap Agreements, as LBHI was LBSF's credit support provider. Immediately thereafter, on or about the Petition Date, Commerzbank terminated the Commerzbank Swap Agreement, and, on or about September 16, 2008, Eurohypo terminated the Eurohypo Swap Agreement.

        7.      In accordance with the Bar Date Order, on September 18, 2009, Commerzbank timely filed proof of claim number 18996 (the "Commerzbank Claim") asserting a general unsecured claim in the amount of $111,523,417.00 and a secured claim in the amount of

3

$922,873.34 for amounts due and owing to Commerzbank as a result of the Transactions under the Commerzbank Swap Agreement which remained open on the Petition Date.

8.   In accordance with the Bar Date Order, on September 18, 2009, Eurohypo timely filed proof of claim number 19002 (the "Eurohypo Claim," together with the Commerzbank Claim, the "Claims") asserting a general unsecured claim in the amount of $13,515,361.21 for amounts due and owing to Eurohypo as a result of the Transactions under the Eurohypo Swap Agreement which remained open on the Petition Date. In support of the Claims, each respective Claimant submitted the applicable questionnaires in compliance with the Bar Date Order and periodically thereafter provided detailed and voluminous information and documents to support the validity of the Claims.[2]

9.   On or about May 3, 2013, the Plan Administrator filed the Objection,[3] pursuant to which the Plan Administrator seeks a reduction of each of the Claims as follows: (i) the elimination of the secured portion of the Commerzbank Claim and the reduction of the general unsecured portion of the Commerzbank Claim to an allowed general unsecured claim of $64,515,966.00, and (ii) the reduction of the Eurohypo Claim to an allowed general unsecured claim of $6,435,955.00. In support of the Objection, the Plan Administrator relies upon vague, generic statements that "the asserted claim amount is greater than the fair, accurate, and reasonable value of the claim as determined by the Plan Administrator after a review of the supporting documentation provided by the claimants and the LBHI and LBSF books and

---

[2]   Since the information provided by the Claimants to the Plan Administrator is voluminous, the Claimants have not submitted corroborating documents with this Response. Moreover, this Court's *Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors*, dated as of April 19, 2010 excuses the Claimants from submitting documentation in support of this Response to the extent submitted with the Claims or related questionnaires. However, all of the information and documentation in support of the Claims will be made available to the Court upon request.

[3]   The Claims are the only ones objected to.

4

records." Objection, ¶ 14. The Plan Administrator also refers to "a thorough, multi-step process to review claims filed against LBHI and LBSF and based on a Derivative Contract[,]" yet makes no effort to describe the application of that process to the Plan Administrator's alleged reconciliation of the Claims.[4] As the Plan Administrator has not demonstrated any facts or evidentiary support for the requested reduction and/or elimination of any portion of the Claims, the Objection should be overruled.

## ARGUMENT

### A. The Plan Administrator Fails to Rebut the *Prima Facie* Validity of the Claims

10. Pursuant to section 502(a) of the Bankruptcy Code, a timely filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). Moreover, a properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. See FED. R. BANKR. P. 3001(f). Once the *prima facie* validity of a claim has been established, the burden shifts to the objector to demonstrate "sufficient evidence" to overcome the *prima facie* validity of the claim. See In re Adelphia Commc'n Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007) ("[B]ecause a properly filed proof of claim is deemed allowed until objected to, 'such allowance compels the objecting party to go forward and produce sufficient evidence to rebut the claimant's *prima facie* case.'" (quoting In re Greene, 71 B.R. 104, 106 (Bankr. S.D.N.Y. 1987)); see also In re Galloway, 220 B.R. 236, 243 (Bankr. E.D. Pa. 1998) ("Upon filing an objection, the Debtor bears the burden of going forward and

---

[4] Claimants acknowledge that the Plan Administrator relies upon the *Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form* (attached as "Exhibit C" to *Debtors' Omnibus Reply to Objections to Motion of the Debtors Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form*) to further explain the claims review and valuation process. Claimants submit, however, that reliance upon a generic claims review protocol is an insufficient basis upon which to disallow claims on purely factual grounds.

5

presenting evidence to rebut, or cast doubt upon, the creditor's proof of claim."). Such evidence must be "equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (quoting In re Allegheny Intern., Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)); see also Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (2d Cir. B.A.P. 2000); In re DJK Residential LLC, 416 B.R. 100, 105 (Bankr. S.D.N.Y. 2009).

11.   Conclusory allegations and "mere objections" are insufficient to overcome the *prima facie* validity of a claim, as such assertions are not evidence, much less "sufficient evidence." See, e.g., Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.), Case No. 98 Civ. 4990 (HB), 1999 Bankr. LEXIS 3974, at *10 (S.D.N.Y. Mar. 31, 1999) ("The case law is clear. To prevail, the objector must affirmatively produce evidence to counter the creditor's claim."); In re Minbatiwalla, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010) ("[A] proof of claim cannot be defeated by mere formal objection . . . .  If the objector does not introduce[] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the validity and the amount of the claim." (internal citations and quotations omitted)). Only after the objector produces "substantial evidence in opposition" does the burden of proof shift back to the claimant to establish the validity of its claim. See Helliwell v. George R. Burrows, Inc. (In re George R. Burrows, Inc.), 156 F.2d 640, 641 (2d Cir. 1946); see also Oneida, 400 B.R. at 389.

12.   In this case, the Plan Administrator has failed to produce *any* evidence, much less sufficient or substantial evidence, to support the reduced Claim amounts as set forth in the Objection. The Objection contains no explanation for or analysis of the Plan Administrator's re-valuation of the Claims. Nor does it present any factual or evidentiary data that could provide a

6

basis for the Claimants or the Court to discern the means by which the Plan Administrator arrived at the "Modified [Claim] Amount."

13.     Rather, the Plan Administrator asserts that the Claims are "greater than the fair, accurate, and reasonable value of the claim as determined by the Plan Administrator . . . ." Objection, ¶ 14. The Plan Administrator also asserts that the "fair, accurate, and reasonable valuation of the [Claims are] less than that reflected on the proof of claim submitted by the claimant . . . ." Objection, ¶ 16. How and why the Plan Administrator reached these conclusions are left unexplained, accompanied instead by unsubstantiated, summary statements that the Claim amounts are incorrect. The conclusory statements on which the entire Objection is based are exactly the kind of "mere assertions" that formulate an insufficient basis upon which an objection may be sustained. See Riverbank, 1999 Bankr. LEXIS 3974, at *10.

14.     In contrast to the Plan Administrator's failure to produce supporting evidence or facts either in the Objection itself or in response to the Claimants' numerous requests for information since the Objection was filed, the Claimants have provided extensive information in support of their respective Claims. The Plan Administrator acknowledges, and the Claimants agree, that the parties have engaged in extensive discussions to resolve the Claims. See Objection, ¶ 16. As part of that process, the Claimants have provided detailed information concerning the calculation of the Claims and have addressed the many inquiries the Plan Administrator has directed to the Claimants. By the Objection, the Plan Administrator identifies no error in the Claimants' calculations of their respective Claims. Indeed, a review of the extensive information provided by the Claimants would reveal that the Claimants calculated the respective Claims in a commercially reasonable manner, entirely consistent with the terms of the Swap Agreements. The Plan Administrator, on the other hand, presents no facts in dispute, and

7

no evidence or analysis to support its position, which is barely discernible. Consequently, the Objection fails to meet the high evidentiary burden required to shift the burden of proof back to the Claimants.

15. As a result of the Plan Administrator's failure to produce anything other than unsubstantiated, ambiguous statements in support of the requested reduction of the Claim amounts, the Objection should be overruled, as it is insufficient to overcome the initial burden to produce sufficient evidence to rebut the *prima facie* validity of the Claims.

## RESERVATION OF RIGHTS

16. The Claimants reserve all rights with respect to the Claims and any other claims they may have in these chapter 11 cases. Specifically with respect to the Claims, the Claimants reserve their rights to file a supplemental and/or amended response to the Objection and to seek discovery to the extent necessary. To the extent an evidentiary hearing is necessary, the Claimants reserves their rights to request a full evidentiary hearing pursuant to Rule 9014(e) of the Federal Rules of Bankruptcy Procedure and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the allowed amount of the Claims.

## ALTERNATIVE REQUEST FOR ADJOURNMENT OF OBJECTION HEARING

17. If the Court is not inclined to overrule the Objection, the Claimants respectfully request that any hearing on the Objection be adjourned until after July 31, 2013, as the parties will be participating in a mediation on that date regarding a separate claim pursuant to the Court's Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors under Derivatives Contracts, dated September 17, 2009 [Dkt. No. 5207]. Although not part of the mediation, the Claimants remain willing and prepared to discuss resolution of the Claims at the mediation. Accordingly, if the Court does not overrule the Objection, the Claimants submit that the interests of judicial economy and the economies of the parties are best served by

adjourning the Objection to a date sufficiently after July 31, 2013 so that any mediation discussions concerning the Objection can proceed constructively.

**WHEREFORE**, the Claimants respectfully request that the Court (a) overrule the Objection and enter an order allowing the Claims in full, and (b) grant such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        July 11, 2013

                                        Respectfully submitted,

                                        **HAHN & HESSEN LLP**
                                        Attorneys for Claimants Commerzbank AG and
                                        Eurohypo AG


                                        By:   /s/ *Jeffrey L. Schwartz*
                                              Jeffrey L. Schwartz, Esq.
                                              Steven J. Mandelsberg, Esq.
                                              Christopher J. Hunker, Esq.

                                        488 Madison Avenue
                                        New York, New York 10022
                                        Telephone:   212-478-7200
                                        Facsimile:   212-478-7400