WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : **08-13555 (JMP)**
: 
Debtors. : **(Jointly Administered)**
: 
------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746**
**REGARDING MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES**
**OF BANKRUPTCY PROCEDURE AND SECTION 105(a) OF THE BANKRUPTCY**
**CODE FOR APPROVAL OF PARTIAL SETTLEMENT AGREEMENT RELATING**
**TO AIRLIE CDO I, LTD. CREDIT DEFAULT SWAP AGREEMENT AND INDENTURE**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the *Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures* (the "Second Amended Case Management Order") [ECF No. 9635], the undersigned hereby certifies as follows:

1. On June 12, 2013, Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), filed with this

Court the *Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105(a) of the Bankruptcy Code for Approval of Partial Settlement Agreement Relating to Airlie CDO I, Ltd. Credit Default Swap Agreement and Indenture* (the "Motion") [ECF No. 37919].

2.  In accordance with the Second Amended Case Management Order, July 10, 2013 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file responses to the Motion (the "Objection Deadline"). The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.  The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motion has been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motion been served on the Plan Administrator's counsel.

4.  Accordingly, for the reasons set forth in the Motion, the Plan Administrator respectfully request that the proposed Order annexed hereto as Exhibit A and unmodified since the filing of the Motion, be entered in accordance with the procedures

described in the Second Amended Case Management Order.

5. I declare that the foregoing is true and correct.

Dated: July 16, 2013
New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

## **EXHIBIT A**

**(Proposed Order – ECF No. 37919)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                                                 :
In re                                                            :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                 :
            Debtors.                                           :    (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x

### ORDER PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 105(a) OF THE BANKRUPTCY CODE APPROVING PARTIAL SETTLEMENT AGREEMENT RELATING TO AIRLIE CDO I, LTD. CREDIT DEFAULT SWAP AGREEMENT AND INDENTURE

Upon the motion, dated June 12, 2013 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator") as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, on behalf of itself and Lehman Brothers Special Financing Inc. ("LBSF"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") for approval of a partial settlement agreement (the "Settlement Agreement") among LBSF, LBHI, Airlie CDO I, Ltd., Airlie CDO I, Corp. and U.S. Bank National Association, as Trustee (the "Trustee"), relating to a credit default swap agreement and an indenture, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended

order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the attorneys for the Trustee; and (vi) all parties who have requested notice in the Chapter 11 Cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Trustee having provided reasonable notice to the Noteholders and the Preference Shareholders; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBSF, its estate, its creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Settlement Agreement is approved; and it is further

ORDERED that LBSF is authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and to perform any and all obligations contemplated therein; and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code, the Trustee is authorized and directed to take such actions as it reasonably deems necessary or appropriate to consummate the Settlement Agreement and to perform any and all obligations contemplated therein, including without limitation to cause certain assets held in respect of the Collateral[1] to be

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Motion.

redeemed or otherwise liquidated, and to distribute and apply the proceeds therefrom, as well as certain other amounts that have accrued on or are otherwise available with respect to assets of the Issuer, as provided for in the Settlement Agreement; and it is further

ORDERED that this Order is final, binding and effective on the Debtors, all current and future Holders of Notes and Preference Shares, as well as the Trustee and any successor thereto. The Debtors and U.S. National Bank Association, in its individual capacity and as Trustee, and its current and former officers, directors, shareholders, employees, agents, attorneys, successors and assigns, shall be and hereby are, fully exculpated and shall not have liability to each other, the Debtors' estates, Noteholders or Holders of Preference Shares arising out of, relating to, or in connection with the Motion, the Settlement Agreement and this Order, except to the extent of any obligations set forth in the Settlement Agreement that have not been performed; and it is further

ORDERED that the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       July ___, 2013

```
_____
UNITED STATES BANKRUPTCY JUDGE
```