CONTINUED HEARING DATE AND TIME: July 17, 2013 at 10:00 a.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

IN RE:                                Chapter 11
LEHMAN BROTHERS HOLDINGS INC., ET AL.,    : Case No.: 08-13555 (JMP)
       DEBTOR,                       : (Jointly Administered)


-------------------------------------------------------------------------x


BNC MORTGAGE LLC,                   Chapter 11
       DEBTOR,                       : Case No.: 09-10137 (JMP)

LEHMAN BROTHERS HOLDINGS INC.
       DEBTOR,                       : Case No.: 08-13555 (JMP)

-------------------------------------------------------------------------x

                                   : DEBORAH E. FOCHT,
                                   : CREDITOR

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:


### CREDITOR'S OPPOSITION AND MOTION TO STRIKE THE PLAN ADMINISTRATOR'S REPLY TO DEBORAH E. FOCHT'S SECOND AMENDED RESPONSE TO PLAN ADMINISTRATOR'S OMNIBUS OBJECTION TO CLAIMS

The Creditor, Deborah E. Focht, (herein "Creditor") files her opposition and motion to

strike the *"Plan Administrator's Reply to Deborah E. Focht's Second Amended Response to*

*Plan Administrator's Omnibus Objection to Claims"* [ECF No. 38138 filed 6/24/2013], in

response to the *"Creditor's Second Amended Response and Opposition to Plan Administrator's*

*Omnibus Objection and Reply to Claims Filed by Deborah E. Focht; and, Creditor's Motion for*

*Order of Allowance and Payment Deeming Claim Nos. 34380 and 34381 As Timely Filed; Or In*

*The Alternative Motion For Stay, Discovery, Determinations; and, Extension of Time to File*

*Amended Claims And Response"* ("Further Reply"). [ECF No. 38147 filed 6/20/2013].

1.  The Creditor requests that this Court strike Plan Administrator's *Reply on behalf of* Lehman

    Brothers Holdings Inc. ("LBHI") and its Affiliated Debtors (herein as "Debtors") because its

    *Reply* consists of untrue Statements, and to the extent that the Debtor's Exhibits as evidence,

    does not address the Creditor's claims or other information that accompanied the claims, and

    in support, states the following:

## I - The Debtors' Exhibits # 1-5 As Evidence Must Be Stricken

2.  The Creditor motions to strike the Debtor's evidence to the extent that exhibits # 1-5 are not

    factually relevant to dispute the claims, under the Rule 104 (b), of The Federal Rules of

    Evidence, which partially states: *"When the relevance of evidence depends on whether a fact*

    *exists, proof must be introduced sufficient to support a finding that the fact does exist."*

3.  And the court may exclude irrelevant evidence under Evidence Code Rule 403, if its

    probative value is substantially outweighed by a danger of one or more of the following:

    unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

    needlessly presenting cumulative evidence.

4.  The Debtor's exhibits are either dated as of 2013, which is way after the date of the

    Creditor's filed claims anyway, or is attempting to link to evidence related to the equity

    exchange and purchase of property by the Creditor.  Although this exchange is the only time

    she was involved in this program, the Creditor objects to all of the Debtor's Exhibit's  # 1-5,

    because of irrelevance, duplicating evidence, and/or for showing evidence of after the fact of

    the Creditor's claims, and for the following reasons:

    a.  Exhibit # 1 – (Laurel Rd. Appraisal): This document is not an appraisal of the property
        listed.  This exhibit is invalid because the Creditor does not have and never had any link
        or agreement with *"Wells Fargo Bank NA TTEE (Struc Asset Sec Corp Amort Res Coll*
        *TR Series 2002-BC0-10)"*, nor with *"Wells Fargo Bank, N.A., Successor By Merger To*
        *Wells Fargo Bank Minnesota, National Association, As Trustee, In Trust For The*

*Holders Of Structured Asset Securities Corporation – Amortizing Residential Collateral Trust Mortgage Pass Through Certificates, Series 2002-BC10"* (see Debtor's Exhibit # B - Judgment (partial document) - 08-13555-jmp Doc 34303 Filed 01/29/13 Entered 01/29/13 11:50:07 Main Document Pg 98 of 120).

b. <u>Exhibit # 2</u> – (Allendale Ave. Deed): This exhibit only adds support to the Creditor's claims, and only jambs in redundant and unnecessary documents.

c. <u>Exhibit # 3</u> – (Allendale Ave. Mortgage): This exhibit only adds support to the Creditor's claims, and only jambs in redundant and unnecessary documents.

d. <u>Exhibit # 4</u> – (Allendale Ave. Appraisal): This document is not an appraisal of the property listed. This exhibit only adds support to the Creditor's claims, and only jambs in redundant and unnecessary documents.

e. <u>Exhibit #5</u> (Transcript of April 25 Hearing): This exhibit is erroneous because the Debtor's Exhibit heading states: *"08-13555-jmp Doc 38138 Filed 06/24/13 Entered 06/24/13 18:10:14 Main Document Pg 40 of 47"*. However, the Transcript was updated since that time and was pointed out in the Creditor's earlier *Amended Response*. See [Docket # 37125 - 04/26/2013 - Redacted Transcript access will be restricted through 7/25/2013].

5. The Debtor's Exhibit #5, refers to the Debtor's only witness, which has not provided any testimony under Oath or Affirmation, as required under Rule 603 of The Federal Rules of Evidence, which states that *"before testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscience."* Also, the Debtor's witness does not have personal knowledge as required under Rule 602 of The Federal Rules of Evidence, which states that *"A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. ... ."* And, the Debtors' Witness' document exhibit is a *"Records of a Regularly Conducted Activity"* and *"A record of an act, event, condition, opinion, or diagnosis"* does not fall under exceptions to the Hearsay Rule under 803(6)(E) of

3

The Federal Rules of Evidence, if *"neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness",* which requires that:

> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

6. Also the Debtor's Witness' *Record* as evidence does not fall under exceptions to the Hearsay Rule under 803 (14) or (15) of The Federal Rules of Evidence, which states that *"Records of Documents That Affect an Interest in Property. The record of a document that purports to establish or affect an interest in property"* are only admitted if:

> (A) the record is admitted to prove the content of the original recorded document, along with its signing and its delivery by each person who purports to have signed it;
> (B) the record is kept in a public office; and
> (C) a statute authorizes recording documents of that kind in that office.

> (15) *Statements in Documents That Affect an Interest in Property.* A statement contained in a document that purports to establish or affect an interest in property if the matter stated was relevant to the document's purpose — unless later dealings with the property are inconsistent with the truth of the statement or the purport of the document.

7. In General, *"to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is",* pursuant to the Evidence Code Rule 901(b)(9). Examples include *"Evidence About a Process or System."* And *"Evidence describing a process or system and showing that it produces an accurate result."*

8. Therefore, this court should strike the Debtors' objections, witness, and evidence as irrelevant, hearsay, inadmissible, without personal knowledge, and does not satisfy the

4

requirement of authenticating or identifying an item of evidence. And, this court should rule

that the Debtors' have not overcome the burden of producing evidence to rebut nor shift the

burden of persuasion of the Creditor's evidence, as required under Rule 301 of The Federal

Rules of Evidence to validly dispute the validity of the Creditor's claims against the Debtors

LBHI and BNC.

## II - The Debtors' Statements Must Be Stricken

9.  The *Reply* claims that the Debtor's *"Objection has been pending for nearly five months.*

    *Despite the benefit of all of this time, Focht remains unable to articulate a plausible basis for*

    *her remaining claims against LBHI [Claim No. 34381] (the "LBHI Claim") and BNC*

    *[Claim No. 34380] (the "BNC Claim," together with the LBHI Claim, the "Remaining*

    *Claims")."* However, it has been the Debtor's that have been in control and has withheld its

    objections and hearings, for over four years, and ignores its own Plan and the following:

    a.  The Creditor provided prima facie evidence, as required under 11 U.S.C. § 501.
    b.  This Court's Order dated 4/30/2013, states: *"that the legal and factual bases set
        forth in the Focht Objection and the Focht Reply established just cause for the
        relief granted and that due to sufficient cause appearing, also Ordered that the
        relief requested in the Focht Objection and Reply is granted to the extent
        provided that the hearing on Focht Claims 34380 and 34381 is adjourned until
        …, or as soon thereafter as counsel may be heard."* [Docket 36993 - 04/30/2013].
    c.  The Debtors' have not provided any evidence to overcome its burden of
        producing evidence to rebut nor shift the burden of persuasion. In fact, reference
        to specific facts about the actual Claims is absent, including any valid argument to
        refute the merits of the Creditor's claims.
    d.  The Creditor originally waited four years for a hearing for relief from the
        automatic Stay and for discovery.
    e.  While the Debtors held up hearings and provided conflicting objections, first by
        claiming, then withdrawing, then reserving its right to object to timely filed proof
        of claims.
    f.  Therefore, the time span that the Plan administrator relates to was not in the
        Creditor's control.

10. The Creditor also motions to strike the Debtors' statements, particularly of the following:

a. The Debtors' rewords the Creditor's claims as *"two theories of liability: Focht generally alleges that BNC engaged in certain wrongful conduct in connection with the origination of the Loan and that LBHI conspired to manufacture a default so that it could collect millions under certain derivative contracts or insurance policies."* However, the Debtor does not address the actual claims and no evidence was submitted to dispute the following stated in the Creditor's Affidavit 3(a)-(g) attached to her earlier Amended Response.

b. The Creditor evidenced her funds, which was initially delivered toward the payment of purchasing property via an equity exchange program, which instead, was disguised by both Debtors' BNC and Lehman Brothers. Therefore, the Creditor must be returned to her original position had it not been for the involvements and scheme run by BNC and Lehman Brothers. [(Exhibit "B" "Lehman Took Funds") and (Exhibit "L" "Focht Funds").]
*See* Affidavit, ¶¶6(d)(e)."

c. This Court should find it ludicrous to believe that the Creditor could control how the closing funds were transferred and should strike the Debtors' own "theories" stated under: *"6.  ... The simpler and more likely explanation for the disposition of Focht's funds is, of course, that they were transferred to the Seller of the Property as part of the purchase price. ";* which is not plausible because of its own exhibits showing transfers to two properties. BNC and LHBI controlled the loan transaction and funds via its closing title agency. The documents display this exchange was for purchase and that these documents were transferred between BNC in California and the title agency in Sarasota County. And, the loan documents and payoff requirements were clearly overwritten from October 17, 2002 to October 18, 2002.

11. The Creditor's evidence is obvious that there was an offer and acceptance by BNC, however, without a meeting of the minds. And, that there was undisclosed entities involved, including Lehman Brothers receiving the funds from BNC, and therefore, it was the Creditor that delivered, and that BNC and Lehman did not perform, and that the Creditor did not receive what she bargained for. Therefore, there was no consideration in return of the funds the Creditor paid for the purchase of property.

12. The Plan Administrator's *Reply* also provided untrue statement without any evidence that the Creditor *"intended to purchase the property outright ...".* Although this was the only equity exchange program that the Creditor was ever involved in, the Creditor believes that 1031 exchanges do not authorize outright purchases. And, nowhere does the Creditor state this. (see Debtors' statement: "A. The BNC Claim".

"5. In order to bolster the BNC Claim, Focht first argues that *"she intended to purchase the property outright"* and that BNC took her money and swindled her into entering into the Loan. Specifically, Focht alleges that she paid funds for the purchase of property through Equity Exchange Services, Inc., in which checks were given to Professional Title Services via $73,769.63, $25,587.36, $10,000.00, $897.51, $69,19, $378.02, which totals $110,701.71... . BNC and Lehman Brothers took my funds and made the loan look like a mortgage refinance dated October 18, 2002, instead of a money purchase loan of the property. [(Exhibit "B" "Lehman Took Funds") and (Exhibit "L" "Focht Funds").] *See* Affidavit, ¶¶6(d)(e)."

13. Therefore, this court should strike the Debtors' statements as unfounded and inadmissible.

### III - The Creditor's Remaining Claims Should Not Be Disallowed Or Expunged

14. The Creditor's statements and explanation of filing proof of claims, along with evidence and the reasons necessary to amend the claims, was written in the Creditor's affidavit (attached as Exhibit "2" [ECF 38147 - Filed 06/20/2013] and in the amended response and opposition to the Debtors objection.

15. And, Debtor's reworded "two theories" of the claims does not address the actual claims and no evidence was submitted to dispute the claims stated in the affidavit under 3(a)-(g):

(a) [Creditor's] funds were taken by BNC and Lehman Brothers for an invalid mortgage;
(b) the loan service provider was collecting on the wrong loan account;
(c) a foreclosure action revealed that BNC materially altered the loan date and rate term agreement;
(d) the documents and transfers were also manipulated via databases;
(e) many unknown entities and representatives appeared and may be involved;
(f) BNC and Lehman Brothers materially altered the documents to have the money mortgage purchase loan transformed into a refinanced loan;
(f) [s/b g] the property has been left with a title cloud and a foreclosure judgment lien against the property.

16. The Creditor clearly provided documents that name BNC and LEH on the mortgage page. The truth in lending and other documents clearly conflicts with the note document's date and rate term agreement. Therefore, the mortgage and note are void because it was not valid, and could not possibly be the Creditor's agreement.

17. The evidence clearly shows void documents and transfers through databases and undisclosed
entities. In addition, the assignments of the loan documents and transfers made, shows actual
intent to hinder, delay, and/or defraud the Creditor, and shows specific fraud under common
law or badges of fraud of the transfers and the execution of the documents. Therefore, the
Debtors' should avoid all transfers made with its affiliates or insiders, pursuant to section 548
of the Bankruptcy Code.

18. The Debtor's own submitted evidence further shows that the Creditor requires equitable
relief by reimbursement and is necessary to cure title of the property. (See Exhibits (#1) and
(#B) [Debtors' previous reply Exhibit #B Judgment - 08-13555-jmp Doc 34303 Filed
01/29/13 Entered 01/29/13 11:50:07 Main Document Pg 98 of 120]).

19. The Creditor also provided evidence of her payments for the exchange, and that the end
result shows that she did not receive any consideration in return. The Equitable doctrine of
recoupment also bars the Trustee's claims and applies where parties have obligations arising
out of a "single integrated transaction" because it would be unjust enrichment and inequitable
for the Debtors to enjoy benefits of the transaction and funds without satisfying its
obligations and without the Creditor receiving reasonably equivalent value or fair
consideration for the Transfers or the incurrence of the original agreement.

20. Therefore, the Debtors' omnibus objections seeking to disallow and expunge the Creditor's
Claims in their entirety must be denied.

## CONCLUSION

WHEREFORE, the Creditor respectfully requests entry of orders denying the Debtor's or
Plan Administrator's omnibus objections and reply seeking to disallow and expunge the
Creditor's Claims in their entirety.

8

And, strike the Debtors' reply, statements, witness, and exhibit documents as irrelevant,

inadmissible hearsay, is without personal knowledge, that the Debtors' have not overcome the

burden of producing evidence to rebut nor shift the burden of persuasion.

And, deem all claims timely filed; order allowance of the remaining claims, and grant

such other further relief as the Court deems just and proper.

### Certificate of Service

Creditor, Deborah E. Focht, hereby, certifies that the, Creditor's Opposition And Motion
To Strike The Plan Administrator's Reply to Deborah E. Focht's Second Amended Response to
Plan Administrator's Omnibus Objection to Claims, has been sent on this 15th day of July, 2013.

Deborah E. Focht
1613 Ingram Avenue
Sarasota, Florida 34232
americanreply@gmx.com
(941) 350-0561

VIA OVERNIGHT MAIL
United States Bankruptcy Court Southern District of New York
Alexander Hamilton Customs House
One Bowling Green
New York, NY 10004-1408

The Chambers of The Honorable James M. Peck
One Bowling Green, Courtroom
New York, New York, 10004-1408

cc:  Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York, 10153
Attn: Jacqueline Marcus, Esq.
attorneys for the Plan Administrator

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017