B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re      Lehman Brothers Holdings Inc, et al, Debtors      Case No. 08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

**MERRILL, LYNCH, PIERCE FENNER & SMITH INCORPORATED**        **ELLIOTT ASSOCIATES, L.P.**

Name of Transferee                                            Name of Transferor

Name and Address where notices to transferee
Should be sent

Merrill Lynch, Piece, Fenner & Smith
Incorporated
214 North Tryon Street,
15th Floor,
Charlotte, N.C. 28255,
US
Attn: Gregory W Ponder

**Court Claim # (if known):** 42943

**The Purchased Claim represents**
**US$ 3,360,911.83** which is 35.0000% of the total Proposed Allowed Claim Amount with respect to XS0352986904 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011 (Claim Number 42943),

**Date Claim Filed:** October 21, 2009.

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

**Court Claim # (if known):** 42943

**The Purchased Claim represents** US$ 3,390,431.10 which is 35.0000% of the total Proposed Allowed Claim Amount with respect to XS0352987894 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011 (Claim Number 42943),

**Date Claim Filed:** October 21, 2009.

**Court Claim # (if known):** 55829

**The Purchased Claim represents** US$ 2,372,000.00 which is 40.00000% of the total Proposed Allowed Claim Amount with respect to XS0259010022 as set forth in the Notice of Proposed Allowed Claim Amount dated February 09, 2012 (Claim Number 55829),

**Date Claim Filed:** October 29, 2009.

**Court Claim # (if known):** 55814

**The Purchased Claim represents** US$ 8,000.00 which is 40.00000% of the total Proposed Allowed Claim Amount with respect to XS0339537804 as set forth in the Notice of Proposed Allowed Claim Amount dated February 09, 2012 (Claim Number 55814),

**Date Claim Filed:** October 29, 2009.

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

B 210A (Form 210A) (12/09)

**Court Claim # (if known):** 55816

**The Purchased Claim represents** US$ 60,000.00 which is 40.00000% of the total Proposed Allowed Claim Amount with respect to XS0339537804 as set forth in the Notice of Proposed Allowed Claim Amount dated August 26, 2011 (Claim Number 55816),

**Date Claim Filed:** October 29, 2009.

**Court Claim # (if known):** 55825

**The Purchased Claim represents** US$ 116,000.00 which is 40.00000% of the total Proposed Allowed Claim Amount with respect to XS0339537804 as set forth in the Notice of Proposed Allowed Claim Amount dated October 22, 2011 (Claim Number 55825),

**Date Claim Filed:** October 29, 2009.

**Court Claim # (if known):** 55828

**The Purchased Claim represents** US$ 200,000.00 which is 40.00000% of the total Proposed Allowed Claim Amount with respect to XS0339537804 as set forth in the Notice of Proposed Allowed Claim Amount dated October 22, 2011 (Claim Number 55828),

**Date Claim Filed:** October 29, 2009.

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

**Court Claim # (if known):** 55829

**The Purchased Claim represents**
US$ **2,444,000.00** which is 30.55763941% of the total Proposed Allowed Claim Amount with respect to XS0339537804 as set forth in the Notice of Proposed Allowed Claim Amount dated February 09, 2012 (Claim Number 55829),

**Date Claim Filed:** October 29, 2009.

**Court Claim # (if known):** 55829

**The Purchased Claim represents**
US$ **4,568,724.58** which is 23.56934002% of the total Proposed Allowed Claim Amount with respect to XS0187966949 as set forth in the Notice of Proposed Allowed Claim Amount dated February 09, 2012 (Claim Number 55829),

**Date Claim Filed:** October 29, 2009.

**Court Claim # (if known):** 55822

**The Purchased Claim represents**
US$ **121,454.80** which is 40.0000% of the total Proposed Allowed Claim Amount with respect to XS0187966949 as set forth in the Notice of Proposed Allowed Claim Amount dated October 14, 2011 (Claim Number 55822),

**Date Claim Filed:** October 29, 2009.

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

**Court Claim # (if known):** 55816

**The Purchased Claim represents** US$ 364,364.39 which is 40.0000% of the total Proposed Allowed Claim Amount with respect to XS0187966949 as set forth in the Notice of Proposed Allowed Claim Amount dated October 14, 2011 (Claim Number 55816),

**Date Claim Filed:** October 29, 2009.

**Court Claim # (if known):** 55813

**The Purchased Claim represents** US$ 453,431.24 which is 37.02479339% of the total Proposed Allowed Claim Amount with respect to XS0187966949 as set forth in the Notice of Proposed Allowed Claim Amount dated February 17, 2012 (Claim Number 55813),

**Date Claim Filed:** October 29, 2009.

**Court Claim # (if known):** 55814

**The Purchased Claim represents** US$ 223,679.25 which is 38.56893543% of the total Proposed Allowed Claim Amount with respect to XS0187966949 as set forth in the Notice of Proposed Allowed Claim Amount dated February 09, 2012 (Claim Number 55814),

**Date Claim Filed:** October 29, 2009.

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

**Court Claim # (if known):** 55825

**The Purchased Claim represents**
US$ 1,619,397.28 which is 40.0000% of the total Proposed Allowed Claim Amount with respect to XS0187966949 as set forth in the Notice of Proposed Allowed Claim Amount dated October 22, 2011 (Claim Number 55825),

**Date Claim Filed:** October 29, 2009.

**Court Claim # (if known):** 55829

**The Purchased Claim represents**
US$ 8,592,581.37 which is 51.82728334% of the total Proposed Allowed Claim Amount with respect to XS0204933997 as set forth in the Notice of Proposed Allowed Claim Amount dated February 09, 2012 (Claim Number 55829),

**Date Claim Filed:** October 29, 2009.

**Court Claim # (if known):** 55829

**The Purchased Claim represents**
US$ 16,368,000.00 which is 37.55678950% of the total Proposed Allowed Claim Amount with respect to XS0186883798 as set forth in the Notice of Proposed Allowed Claim Amount dated February 09, 2012 (Claim Number 55829),

**Date Claim Filed:** October 29, 2009.

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

B 210A (Form 210A) (12/09)

Name and Address where transferee payments
should be sent (if different from above):

Phone:
Last Four Digits of Acct. #:

Phone:
Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Seth Derisen
Director

Date: 15th July 2013

**MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED**
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Elliott Associates, L.P.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Merrill Lynch, Pierce, Fenner & Smith Incorporated** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Numbers listed on Schedule 1 attached hereto filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor") (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code"), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims") and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto. Notwithstanding anything to the contrary set forth herein and for the avoidance of doubt, and without prejudicing or limiting any right of Purchaser (or Purchaser's successors and assigns) to assert any cause of action, including without limitation any cause of action for breach of representation, against Seller or any third party (including any prior seller), all of which right shall remain retained by Purchaser or its successors and assigns, as applicable, Purchaser acknowledges and agrees that Seller hereby expressly reserves and retains all rights of indemnification against all prior sellers arising under common law or based on any and all representations, warranties, covenants and agreements previously made to Seller or for Seller's benefit in connection with Seller's acquisition of the Transferred Claims for any losses which may result from Purchaser (and/or its successors and assigns) seeking to assert and/or to enforce against Seller any representation, warranty, covenant or agreement made by Seller in connection with Purchaser's acquisition of any of the Transferred Claims, it being understood and agreed that Seller may only assert said rights in response to, and only to the extent of, Purchaser's assertion of its rights against Seller, and may do so by impleading such third party (including any prior seller) in any action or proceeding brought against Seller, or through a plenary action initiated by Seller against said third party (including any prior seller).

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) the Notice of Proposed Allowed Claim Amount for each Proof of Claim ("Notice") that was provided to Purchaser is true and correct, and the Seller did not file a written response to any Notice per the terms of

MLEVIN\224238.9 - 07/08/13

the relevant Notice; (h) on April 17, 2012 Seller or its predecessor in interest received the first distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "First Distribution"), on October 1, 2012 Seller or its predecessor in interest received the second distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Second Distribution"), and on April 4, 2013 Seller or its predecessor in interest received the third distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Third Distribution"); (i) other than the First Distribution, the Second Distribution and the Third Distribution, Seller has not received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim no later than the third business day after the execution of this Agreement. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than five (5) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

MLEVIN\224238.9 - 07/08/13

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 11th day of July 2013.

ELLIOTT ASSOCIATES, L.P.
By: Elliott Capital Advisors, L.P., General Partner
By: Braxton Associates, Inc., General Partner

By: _____
Elliot Greenberg, Vice President
c/o Elliott Management Corporation
40 West 57th Street, 30th Floor
New York, NY 10019
ATTN: Michael Stephan

MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED

By: _____
Name: Scott DeHan
Title: Director

Merrill Lynch, Pierce, Fenner & Smith Incorporated
214 North Tryon Street
15th Floor
Charlotte, NC 28255
Attn: Meredith R. Smith
Tel: (980) 388-4526
E-mail: meredith.r.smith@baml.com

Schedule 1

Transferred Claims

Purchased Claim

1. 35.000000% of the interest in the original amount listed in the Proof of Claim 42943 with respect to ISIN XS0352986904.
2. 35.000000% of the interest in the original amount listed in the Proof of Claim 42943 with respect to ISIN XS0352987894.
3. 40.000000% of the interest in the original amount listed in the Proof of Claim 55829 with respect to ISIN XS0259010022.
4. 40.000000% of the interest in the original amount listed in the Proof of Claim 55814 with respect to ISIN XS0339537804.
5. 40.000000% of the interest in the original amount listed in the Proof of Claim 55816 with respect to ISIN XS0339537804.
6. 40.000000% of the interest in the original amount listed in the Proof of Claim 55825 with respect to ISIN XS0339537804.
7. 40.000000% of the interest in the original amount listed in the Proof of Claim 55828 with respect to ISIN XS0339537804.
8. 30.55764% of the interest in the original amount listed in the Proof of Claim 55829 with respect to ISIN XS0339537804.
9. 23.56934% of the interest in the original amount listed in the Proof of Claim 55829 with respect to ISIN XS0187966949.
10. 40.000000% of the interest in the original amount listed in the Proof of Claim 55822 with respect to ISIN XS0187966949.
11. 40.000000% of the interest in the original amount listed in the Proof of Claim 55816 with respect to ISIN XS0187966949.
12. 37.02479% of the interest in the original amount listed in the Proof of Claim 55813 with respect to ISIN XS0187966949.
13. 38.56894% of the interest in the original amount listed in the Proof of Claim 55814 with respect to ISIN XS0187966949.
14. 40.000000% of the interest in the original amount listed in the Proof of Claim 55825 with respect to ISIN XS0187966949.
15. 51.82728% of the interest in the original amount listed in the Proof of Claim 55829 with respect to ISIN XS0204933997.
16. 37.55679% of the interest in the original amount listed in the Proof of Claim 55829 with respect to ISIN XS0186883798.

Schedule 1-1

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Proof of Claim | Issuer | Guarantor | Principal/ Notional Amount | Maturity | Allowed Claim Amount Transferred | April 2012 Distribution | October 2012 Distribution | April 2013 Distribution |
|---|---|---|---|---|---|---|---|---|---|---|
| 2Y US BASKET DLY ACCRUAL CALLABLE EQL NOTE | XS0352986904 | 42943 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $3,500,000 | 19 Mar 2010 | $3,360,911.83 | $121,303.00 | $81,857.66 | $103,392.23 |
| 2Y US BSKT DLY ACCRAL CALLABLE EQ LINKED NOTE | XS0352987894 | 42943 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $3,500,000 | 22 Mar 2010 | $3,390,431.10 | $122,368.42 | $82,576.63 | $104,300.34 |
| CAP PROT NOTE ON THE S & P 500 INDEX | XS0259010022 | 55829 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $2,372,000 | 29 Jun 2009 | $2,372,000.00 | $85,610.91 | $57,771.93 | $72,970.19 |
| SHARK NOTE ON GOLD SPOT IN USD 100% CAPITAL | XS0339537804 | 55814 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $8,000 | 9 Feb 2009 | $8,000.00 | $288.74 | $194.85 | $246.10 |
| SHARK NOTE ON GOLD SPOT IN USD 100% CAPITAL | XS0339537804 | 55816 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $60,000 | 9 Feb 2009 | $60,000.00 | $2,165.54 | $1,461.35 | $1,845.78 |
| SHARK NOTE ON GOLD SPOT IN USD 100% CAPITAL | XS0339537804 | 55825 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $116,000 | 9 Feb 2009 | $116,000.00 | $4,186.71 | $2,825.27 | $3,568.52 |

MLEVIN224238.9 - 07/08/13

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| SHARK NOTE ON GOLD SPOT IN USD 100% CAPITAL | XS0339537804 | 55828 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $200,000 | 9 Feb 2009 | $200,000 | $7,218.45 | $4,871.16 | $6,152.63 |
| SHARK NOTE ON GOLD SPOT IN USD 100% CAPITAL | XS0339537804 | 55829 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $2,444,000 | 9 Feb 2009 | $2,444,000.00 | $88,209.56 | $59,525.55 | $75,185.13 |
| EQUITY LINKED NOTE | XS0187966949 | 55829 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $4,514,000 | 22 Mar 2010 | $4,568,724.58 | $164,895.73 | $111,274.90 | $140,548.35 |
| EQUITY LINKED NOTE | XS0187966949 | 55822 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $120,000 | 22 Mar 2010 | $121,454.80 | $4,383.58 | $2,958.13 | $3,736.33 |
| EQUITY LINKED NOTE | XS0187966949 | 55816 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $360,000 | 22 Mar 2010 | $364,364.39 | $13,150.75 | $8,874.38 | $11,208.99 |
| EQUITY LINKED NOTE | XS0187966949 | 55813 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $448,000 | 22 Mar 2010 | $453,431.24 | $16,365.37 | $11,043.68 | $13,948.97 |
| EQUITY LINKED NOTE | XS0187966949 | 55814 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $221,000 | 22 Mar 2010 | $223,679.25 | $8,073.10 | $5,447.88 | $6,881.07 |
| EQUITY LINKED NOTE | XS0187966949 | 55825 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $1,600,000 | 22 Mar 2010 | $1,619,397.28 | $58,447.76 | $39,441.70 | $49,817.76 |

| | ISIN | | Issuer | Guarantor | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| PENDULUM ELN NOTE | XS0204933997 | 55829 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $8,438,000 | 29 Nov 2009 | $8,592,581.37 | $310,125.94 | $209,279.11 | $264,334.86 |
| NOTE LINKED TO BASKET OF GLOBAL SHARES | XS0186883798 | 55829 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $16,368,000 | 8 Mar 2010 | $16,368,000.00 | $590,758.60 | $398,655.57 | $503,531.23 |

MLEVIN224238.9 - 07/08/13