SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
George A. Zimmerman
Lauren E. Aguiar
Jeffrey S. Geier
Susan A. Arbeit
Four Times Square
New York, New York 10036
Phone: (212) 735-3000
Fax: (212) 735-2000

*Attorneys for Dr. H.C. Tschira Beteiligungs GmbH & Co. KG
and Klaus Tschira Stiftung gGmbH*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
In re                                 :    Chapter 11
                                      :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,:    Case No. 08-13555 (JMP)
                                      :
                   Debtors.           :    (Jointly Administered)
------------------------------------- x

**MOTION OF DR. H.C. TSCHIRA BETEILIGUNGS GMBH & CO. KG AND
KLAUS TSCHIRA STIFTUNG GGMBH TO WITHDRAW CLAIM NUMBERS 32395
AND 22671 PURSUANT TO RULE 3006 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

Dr. H.C. Tschira Beteiligungs GmbH & Co. KG ("KG") and Klaus Tschira Stiftung gGmbH ("KTS" and together with KG, the "Tschira Entities"), by and through their undersigned counsel, hereby move this Court for leave to withdraw Claim Numbers 32395 and 22671 (the "Claims") pursuant to Rule 3006 of the Federal Rules of Bankruptcy Procedure ("Rule 3006") with prejudice, subject to the conditions set forth in the proposed order filed herewith. In support of the Motion, the Tschira Entities respectfully represent as follows:

## I. Introduction

1. The Tschira Entities filed proofs of claims in connection with the guarantee by Lehman Brothers Holdings, Inc. ("LBHI") of certain debts owed to the Tschira Entities by LBHI's Swiss affiliate, Lehman Brothers Finance, S.A. Netherlands Antilles Branch ("LBF") under certain terminated ISDA Agreements. The underlying Tschira Entites/LBF dispute is the subject of proceedings pending in Switzerland (the "Swiss Proceedings").

2. LBHI objected to the claims filed by the Tschira Entities, and requested the Court to "(i) disallow and expunge claim numbers 32395 and 22671 and (ii) award such further relief as the Court deems just and proper."

3. During the course of this proceeding, LBHI has made it clear that it intends to broaden the scope of this matter in the hopes of extracting a ruling or finding that LBF can use to undermine the Tschira Entities' claims in the Swiss Proceedings. The mandatory venue to enforce the Tschira Entities' principal claims against LBF is the District Court in Zurich and the Tschira Entities have no alternative place of jurisdiction to enforce these claims. While this Court previously indicated its desire to avoid issuing any ruling that could adversely impact the Swiss Proceedings, the Tschira Entities have concluded that the risks of pursuing their guarantee claims against LBHI and the possibility of conflicting decisions outweigh the benefits. Therefore, the Tschira Entities have determined that it is necessary to withdraw the Claims.

4. By withdrawing their claims, the Tschira Entities have provided LBHI with essentially all of the relief sought in its objection. Nevertheless, LBHI, has refused to agree to the Tschira Entities' withdrawal of the Claims unless the Tschira Entities agree to unusual and highly prejudicial conditions. As LBHI's proposal was submitted pursuant to Rule 408 of the Federal Rules of Evidence, and the Tschira Entities therefore are not at liberty to disclose them at this

point,[1] suffice it to say they are punitive, have no basis in law, and are designed to obtain an unfair tactical advantage in the Swiss Proceedings.

## II. Statement of Facts

5. The Tschira Entities filed the Claims against LBHI in its capacity as guarantor of the obligations of its Swiss affiliate, LBF under certain ISDA Agreements between LBF and the Tschira Entities.

6. Specifically, on September 21, 2009, KTS filed proof of claim number 22671, asserting a $259,126,673.93 claim against LBHI based on its guaranty of certain of LBF's obligations. On September 22, 2009, KG filed proof of claim number 32395, asserting a $345,842,978.50 claim against LBHI based on its guaranty of certain of LBF's obligations.

7. LBHI's obligations as guarantor are derivative of LBF's obligations under the ISDA Agreements. The Tschira Entities and LBF currently are litigating their rights and obligations under the ISDA Agreements in the Swiss Proceedings. The dispute in the Swiss Proceedings centers on whether the Tschira Entities correctly calculated their "Loss" (as defined in the ISDA Agreements) suffered as a result of the Event of Default and termination triggered by the collapse and bankruptcy of the various Lehman entities. In the Swiss Proceedings, the Tschira Entities already have filed an extensive pleading, including an evidentiary submission, and will be preparing expert reports. The Tschira Entities anticipate that LBF will file its own extensive pleading within the next several months.

8. On April 15, 2013, LBHI filed its Supplemental Four Hundred Second Omnibus Objection to Claims 32395 and 22671 (No Liability Derivatives Claims) [Docket # 36569] (the

---

[1] The Tschira Entities will address the specifics of LBHI's proposed conditions when LBHI reveals them in its opposition papers. LBHI has agreed that the Tschira Entities may file a reply memorandum in further support of this motion.

3

"Objection"), nearly four years after the Tschira entities filed their proofs of claim. In the Objection, LBHI requested that the Court "(i) disallow and expunge claim numbers 32395 and 22671 and (ii) award such further relief as the Court deems just and proper." (Objection at 9.)

9. On June 5, 2013, the Tschira Entities filed the Response of DR. H.C. Tschira Beteiligungs GMBH & Co. KG and Klaus Tschira Stiftung GGMBH to LBHI's Four Hundred Second Omnibus Objection to Claims (No Liability Derivatives Claims) [Docket # 37755] (the "Response"). In the Response, the Tschira Entities requested that proceedings in connection with the Objection be stayed or adjourned during the pendency of the Swiss Proceedings. In the alternative, the Tschira Entities requested that the Objection be overruled.

10. On June 11, 2013, LBHI filed its Reply in Further Support of Four Hundred Second Omnibus Objection to Claims 32395 and 22671 (No Liability Derivatives Claims) [Docket # 37860] (the "Reply"). In the Reply, LBHI argued that the Objection should not be stayed and again asked that the Court "(i) disallow and expunge claim number 32395 and 22671 and (ii) award such further relief as the Court deems just and proper." (Reply at 18.)

11. On June 13, 2013, the Court held a hearing in connection with the Objection. During the hearing, the Court declined to stay the proceedings and directed that the parties negotiate an expedited schedule for hearing and resolution of the Objection. In doing so, the Court noted: "It's also possible that we can flip that on its head and that I can deal preemptively with the guarantee issue, under section 562, determine that you're either right or wrong with respect to the existence of commercially-reasonable determinants of value as of October 16 or as of September 15, as argued by the debtor, and you can either win or lose here. If you lose here, that doesn't preclude your ability to argue against LBF that my decision here was predicated upon applicable bankruptcy law that isn't extant for their purposes." (6/13/13 Transcript at 30:15-25.)

4

12. Since the hearing, the parties have discussed an appropriate schedule and the contours of what the parties believe needs to be briefed and resolved during the expedited proceedings. During those meet-and-confers, it became apparent that LBHI intended to parlay its Objection into a tactical advantage for LBF in the Swiss Proceedings.

13. As such, for the reasons outlined in paragraph 3, the Tschira Entities determined to withdraw the Claims.

14. The Tschira Entities notified LBHI of their decision in the hopes of agreeing to a mutually acceptable stipulation that would promptly and efficiently withdraw the Claims.

15. However, LBHI refused to agree to a stipulated withdrawal of the Claims unless the Tschira Entities agreed to a number of highly unusual and prejudicial conditions. LBHI demanded such conditions, notwithstanding the fact that a withdrawal would give it exactly what it seeks in the Objection. LBHI's conditions were made subject to Federal Rule of Evidence 408. Should LBHI continue to insist on these or similar conditions in its opposition to this Motion, we will demonstrate that LBHI is seeking to leverage the Objection into an unfair tactical advantage for LBF in the Swiss Proceedings.

16. As the Tschira Entities have agreed to provide LBHI with all relief sought in the Objection, this Motion should be granted and the Tschira Entities should be permitted to withdraw the Claims with prejudice, subject to the conditions set forth in the proposed order and paragraph 25 below.

### III. Argument

17. Rule 3006 of the Federal Rules of Bankruptcy Procedure governs withdrawal of proofs of claim and provides:

> A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an

5

objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession, and any creditors' committee elected pursuant to § 705(a) or appointed pursuant to § 1102 of the Code. The order of the court shall contain such terms and conditions as the court deems proper. Unless the court orders otherwise, an authorized withdrawal of a claim shall constitute withdrawal of any related acceptance or rejection of a plan.

18. Here, because LBHI filed the Objection, leave of court is required to withdraw the Claims. Because LBHI was not amenable to resolving this issue through an agreed stipulation and proposed order, this motion became necessary.

19. Where a court is presented with a contested motion to withdraw, "[i]n general, withdrawal should be granted unless the party opposing the motion can demonstrate that it would be legally prejudiced by the withdrawal." In re Ogden N.Y. Servs., Inc., 312 B.R. 729, 732 (S.D.N.Y. 2004); see also In re 20/20 Sport, Inc., 200 B.R. 972, 979 (Bankr. S.D.N.Y. 1996) ("[D]ismissal should in most instances be granted, unless the result would be to legally harm the defendant."). Thus, the *sine qua non* of a court's evaluation of a motion under Rule 3006 is any prejudice to the debtor and "withdrawal should be permitted unless there is prejudice to the opposing party." Ogden, 312 B.R. at 734.

20. Importantly, it is the burden of the party resisting withdrawal of the claims to demonstrate legal prejudice if the withdrawal were granted. See Manchester Inc. v. Lyle (In re Manchester, Inc.), No. 08-30703-11-BJH, 2008 Bankr. LEXIS 3312, at *12-17 (Bankr. N.D. Tex. Dec. 19, 2008).

21. Here, there is no conceivable prejudice to the debtors if the Tschira Entities are permitted to withdraw the Claims pursuant to Rule 3006. If the Claims are withdrawn, the Tschira Entities will not be entitled to any recovery against LBHI. And, as the bar date has long since passed, the Tschira Entities cannot assert any new claims against LBHI. This is the precise

6

relief LBHI sought in the Objection and reaffirmed in the Reply. There is plainly no prejudice to the debtors in granting this motion.

22. The factors normally considered by courts in connection with withdrawals without prejudice support granting the Tschira Entities' motion here. Courts in this District: "consider the following factors: 'the plaintiff's diligence in bringing the motion; any "undue vexatiousness" on plaintiff's part; the extent to which suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.'" Ogden, 312 B.R. at 732 (citation omitted).

23. In this case, LBHI waited nearly four years to file the Objection. Promptly thereafter, the Tschira Entities moved for a stay in connection with the Objection to avoid prejudicing the Swiss Proceedings. When it became apparent that LBHI intended to use these proceedings to gain an unfair advantage in the Swiss Proceedings, the Tschira Entities advised LBHI that they intended to withdraw the Claims. Instead of accepting what amounted to an agreement to the relief requested in the Objection, LBHI sought to extract far more, necessitating this motion. Given the complex history here, the Tschira Entities' withdrawal of the Claims is timely and clearly not vexatious, particularly where any delay was occasioned primarily by LBHI's delay in filing the Objection. See Ogden, 312 B.R. at 733 (no prejudice where more than a year passed before claim withdrawn and no discovery had occurred).

24. Further, no discovery has occurred in connection with the Objection (although LBHI served an overbroad document request several weeks ago). And, while initial legal briefing occurred prior to the June hearing, the Tschira Entities advised LBHI of their decision to withdraw the Claims before any expert reports were exchanged, before any witnesses were

7

deposed, and before any subsequent briefing was submitted in connection with the expedited proceedings in this Court.

25. Of course, the Tschira Entities expressly reserve their right to assert claims for setoff and/or recoupment by way of defense should LBHI assert any affirmative claims against the Tschira Entities (they have not to date).  See Field v. Albright (In re Maui Indus. Loan & Fin. Co.), No. 10-00235, 2012 Bankr. LEXIS 736, at *9 (Bankr. D. Haw. Feb. 8, 2012) (permitting claimant to withdraw proof of claim and declining request that withdrawal be conditioned on loss of right to assert defense to preference claim).  The Tschira Entities further reserve their right to continue pursuing their claims against LBF in the Swiss Proceedings, as the Claims to be withdrawn in this action are only those asserted against LBHI (not LBF).  See In re Kaiser Grp. Int'l, Inc., 272 B.R. 852, 857 (Bankr. D. Del. 2002) (permitting withdrawal of claim against guarantor and making express that "[t]his opinion has no effect on the rights of [claimants] to assert any claims they may have against [primary obligor]"); see also In re Appleseed's Intermediate Holdings LLC, No. 11-10160 (KG), 2012 Bankr. LEXIS 5957, at *9-19 (Bankr. D. Del. Dec, 20, 2012) (rejecting efforts to condition withdrawal of proof of claim on "issue preclusion."); In re Einstein/Noah Bagel Corp., 257 B.R. 499, 511 (Bankr. D. Ariz. 2000) (refusing to condition withdrawal of claim on loss of claimant's right to assert claims against non-debtors).  Granting this motion will give LBHI what it sought and will put the Tschira Entities in the same position they would have been in had the Claims never been filed.

**Conclusion**

Based on the foregoing, the Tschira Entities respectfully request that the Court grant its motion to withdraw the Claims with prejudice, subject to the conditions set forth in the Proposed Order.

Dated: New York, New York
July 18, 2013

Respectfully submitted,

*/s/ George A. Zimmerman*
George A. Zimmerman
Lauren E. Aguiar
Jeffrey S. Geier
Susan A. Arbeit
Four Times Square
New York, NY 10036
Phone: (212) 735-3000
Fax: (212) 735-2000

*Attorneys for Dr. H.C. Tschira Beteiligungs GmbH & Co. KG
and Klaus Tschira Stiftung gGmbH*