SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark
Matthew A. Schwartz

*Attorneys for Baupost Group, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | : |
| In re | : Chapter 11 |
| | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| | : |
| Debtors. | : Jointly Administered |
| | : |

***EX PARTE* MOTION OF BAUPOST GROUP, LLC FOR AUTHORIZATION TO FILE**
**UNDER SEAL CERTAIN DOCUMENTS IN CONNECTION WITH ITS**
**MOTION TO QUASH DEBTORS' SUBPOENA ISSUED UNDER**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

Baupost Group, LLC and its affiliated entities ("Baupost"), by its undersigned

counsel, hereby move *ex parte* ("Motion") pursuant to Section 107(b) of the United States

Bankruptcy Code ("Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy

Procedure for authorization to file under seal Exhibits B-1 through B-4 ("Confidential Exhibits")

to the Declaration of Matthew A. Schwartz In Support of the Motion of Baupost Group, LLC to

Quash Debtors' Subpoena Issue Under Federal Rule of Bankruptcy Procedure 2004, which will

be filed on July 23, 2013 ("Schwartz Declaration").  The Confidential Exhibits contain highly

sensitive, proprietary, and confidential information, and Baupost has good cause to obtain the

relief requested herein.

## INTRODUCTION

1.    Baupost intends to move ("Motion to Quash") to quash the Subpoena for Rule 2004 Examination, served on May 24, 2013 ("Subpoena"), propounded by Lehman Brothers Special Finance ("LBSF") and Lehman Brothers Holdings, Inc. ("LBHI"; and together with LBSF, "Debtors"). The Schwartz Declaration that will be filed publicly in support of the Motion to Quash submits to this Court certain cited materials, but will not include the Confidential Exhibits pursuant to the terms of the Stipulation Governing the Production of Confidential Materials ("Confidentiality Stipulation") (attached hereto as Exhibit A), entered on August 3, 2010, between Debtors and Giants Stadium LLC ("Giants Stadium"). Accordingly, Baupost now seeks authorization to file under seal the Confidential Exhibits so that these documents may aid the Court's consideration of the Motion to Quash.

## FACTUAL BACKGROUND

2.    Under the Confidentially Stipulation, Giants Stadium may designate any document produced to Debtors in response to a subpoena as "CONFIDENTIAL" "by affixing to [it] the legend 'CONFIDENTIAL'" based on a good faith belief that the document contains "(a) a trade secret or other confidential research, development or sensitive commercial information protected by Rule 26 of the Federal Rules of Civil Procedure, (b) information subject by law or by contract to a legally protected right of privacy, or (c) information which Giants Stadium is legally obligated to keep confidential, as reasonably determined by Giants Stadium." Exhibit A ¶¶ 1, 4.

3.    The Confidentiality Stipulation provides that "[a]ll 'CONFIDENTIAL' Discovery Materials may be used by the Parties in connection with the Bankruptcy Case" pursuant to

certain limitations.  Exhibit A ¶ 7.  For example, "'CONFIDENTIAL' Discovery Materials shall not be filed with the Court, absent consent of the producing Party or, to the extent consent is not obtained, unless the Party seeking to file 'CONFIDENTIAL' materials first obtains from the Court an appropriate sealing order pursuant to Section 107 of the United States Bankruptcy Code . . . ."  Exhibit A ¶ 12.  Additionally, "Discovery Materials designated 'CONFIDENTIAL' . . . shall not be . . . exhibited or disclosed, directly or indirectly, to persons other than:  (a) the Court . . .; . . . [and] (c) the Parties, including . . . the Official Committee of Unsecured Creditors of Lehman Brothers Holdings, Inc. . . . ."  Exhibit A ¶ 5.

    4.    Pursuant to the Confidentiality Stipulation, Giants Stadium marked the documents contained in the Confidential Exhibits as "CONFIDENTIAL" and produced them to Debtors bearing the following bates numbers:

        Exhibit B-1:  GStad_LB_0062762-GStad_LB_0062797;

        Exhibit B-2:  GStad_LB_0062806-GStad_LB_0062812;

        Exhibit B-3:  GStad_LB_0062876-GStad_LB_0062967; and

        Exhibit B-4:  GStad_LB_0063359-GStad_LB_0063381.

Giants Stadium filed two proofs of claims against Debtors ("Claims").  These documents relate to Giants Stadium's transfer of certain rights to the Claims to Bank of America, though Giants Stadium retained a financial interest in, and litigation control over, the Claims.

    5.    Bank of America sold its rights to the Claims to Goal Line Partners, LLC, an entity owned and created by funds and accounts advised by Baupost.  As part of their common and joint pursuit of the Claims, Giants Stadium has since provided Baupost with access to certain documents marked "CONFIDENTIAL," including the documents contained in the Confidential

Exhibits, pursuant to the Confidentiality Stipulation.  *See* Exhibit A ¶ 21 ("Nothing in this Stipulation shall limit Giants Stadium's use of its own documents or prevent it from disclosing its own 'CONFIDENTIAL' information to any person.  Such disclosures shall not affect any 'CONFIDENTIAL' designations made pursuant to the terms of this Stipulation so long as disclosure is made in a manner in which is reasonably calculated to maintain the confidentiality of the information.).

6.      On May 24, 2013, Debtors served the Subpoena on Baupost.  Debtors' Subpoena seeks documents concerning (a) any valuation of the auction-rate bonds that Giants Stadium LLC ("Giants Stadium") issued to finance its portion of the New Meadowlands Stadium ("Bonds") (Request No. 2); (b) any valuation of the auction-rate swaps that Giants Stadium entered into with LBSF to reduce its risk on the Bonds (Request No. 1); and (c) the value, purchase or transfer, and pursuit of the two proofs of claim filed by Giants Stadium after the termination of the actual bond-rate swap (Request Nos. 3, 4, and 5).

7.      Now that Baupost has timely served Debtors with its Objections to the Subpoena, Debtors have responded by letter, and the parties have held a meet-and-confer, Baupost intends to move to quash Debtors' Subpoena on July 23, 2013.  In support of the Motion to Quash, Baupost will file the Schwartz Declaration, which submits to this Court certain cited materials, including the Confidential Exhibits.  Baupost will omit the Confidential Exhibits from the publicly filed version of the Schwartz Declaration pursuant to the Confidentiality Stipulation.

## JURISDICTION AND VENUE

8.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper

in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief

requested in this Motion is Section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal

Rules of Bankruptcy Procedure. *See In re MF Global, Inc.*, 11-2790 MG SIPA, 2012 WL

3260393, at *2 (Bankr. S.D.N.Y. Aug. 8, 2012).

RELIEF REQUESTED

9.      Baupost requests the entry of an order substantially in the form attached hereto as

Exhibit B (i) authorizing Baupost to file under seal the Confidential Exhibits to the Schwartz

Declaration; and (ii) granting such other and further relief as the Court deems just and proper.

ARGUMENT

10.     Section 107(b) of the Bankruptcy Code "mandat[es] that the Court protect

confidential information . . . upon request of a party in interest." *In re Anthracite Capital, Inc.*,

492 B.R. 162, 170 (Bankr. S.D.N.Y. 2013). Specifically, Section 107(b) provides that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy
> court's own motion, the bankruptcy court may—
> > (1) protect an entity with respect to a trade secret or confidential research,
> > development, or commercial information . . . .

11 U.S.C. § 107(b)(1). Once the Court determines that a party seeks protection of "information

[that] fits in any of the specified categories," "the court is *required* to protect a requesting

interested party and has no discretion to deny the application." *Video Software Dealers Ass'n* v.

*Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in

original).

11.     The procedure for invoking the Court's power under Section 107(b) is set forth in

Bankruptcy Rule 9018. Fᴇᴅ. R. Bᴀɴᴋ. P. 9018, Advisory Committee Notes; *see also In re*

*Anthracite Capital, Inc.*, 492 B.R. at 170 (noting that Rule 9018 governs procedures and does not

-5-

expand § 107(b) or provide a separate basis for relief).  In essence, a party need only make a

motion, as Baupost does here, for such relief:

> On motion or on its own initiative, with or without notice, the court may make
> any order which justice requires (1) to protect the estate or any entity in respect of
> a trade secret or other confidential research, development, or commercial
> information . . .

Fed. R. Bank. P. 9018.

12.    The Confidential Exhibits fall within the scope of Section 107(b) and thus are

entitled to protection.  The documents contained in the Confidential Exhibits constitute

confidential information pursuant to the Confidentiality Stipulation.  Moreover, the documents

bear on Giants Stadium's rights to recover from the Debtors' Estate and thus constitute sensitive

commercial information about the Giants Stadium's finances.  The documents also reflect

confidential communications between Giants Stadium and third parties that may have an interest

in keeping the information confidential.  Thus, by this motion, the Court should grant Baupost's

requested relief.

13.    Furthermore, the Confidential Exhibits are essential to Baupost's Motion to

Quash.  The Confidential Exhibits relate to the transfer of certain rights in the Claims, which is a

category of documents sought from Baupost by Debtors' Subpoena but already obtained by

Debtors from Giants Stadium.  The Confidential Exhibits are thus relevant to Baupost's

argument that Debtors' Subpoena seeks irrelevant, cumulative, and unduly burdensome

discovery from Baupost and will aid the Court's consideration of the Motion to Quash.

<u>NOTICE</u>

14.    In accordance with Bankruptcy Rule 9018, this Motion does not require notice.

Baupost respectfully submits that no other or further notice is required.

-6-

## NO PRIOR REQUEST

15.     No prior motion for the relief requested herein has been made to this or any other

court.

## WAIVER OF MEMORANDUM OF LAW

16.     As there are no novel issues of law relating to the Motion, Baupost requests that

the Court waive the requirement that Baupost file a separate memorandum of law in support of

the Motion.

## CONCLUSION

17.     For the reasons stated herein, Baupost respectfully requests that the Court enter an

Order pursuant to Section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of

Bankruptcy Procedure, in the form attached hereto as Exhibit B, (i) authorizing Baupost to file

under seal the Confidential Exhibits to the Schwartz Declaration; and (ii) granting such other and

further relief as the Court deems just and proper.

Dated:  New York, New York
       July 22, 2013

Respectfully submitted,

**SULLIVAN & CROMWELL LLP**

By:    /s/
      Bruce E. Clark
      Matthew A. Schwartz
      SULLIVAN & CROMWELL LLP
      125 Broad Street
      New York, New York  10004
      Telephone:  (212) 558-4000
      Facsimile:  (212) 558-3588

      *Attorneys for Baupost Group, LLC*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
In re                                               :        Chapter 11
                                                    :        Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :
                                                    :        Jointly Administered
                              Debtors.              :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION GOVERNING THE PRODUCTION
## OF CONFIDENTIAL MATERIALS

        In connection with Lehman Brothers Holdings, Inc. and Lehman Brothers Special

Financing, Inc.'s ("Debtors") subpoena (the "Subpoena") directed at Giants Stadium LLC

("Giants Stadium," and with Debtors, the "Parties") dated May 19, 2010 and served pursuant to

the November 23, 2009 order (the "Order") of the United States Bankruptcy Court for the

Southern District of New York granting the Debtors authority to issue subpoenas for the

production of documents and authorizing the examination of persons and entities in the Chapter

11 proceeding captioned *In re Lehman Brothers Holdings Inc., et al.* (Case No. 08-13555) (the

"Bankruptcy Case"), the Parties hereby stipulate and agree, through their undersigned counsel of

record, to the following Stipulation Governing the Production of Confidential Materials (the

"Stipulation"):

        1.     This Stipulation shall govern the designation and handling of any

document, deposition testimony, electronic data, interrogatory response, response to requests for

admissions, expert report or other information disclosed or produced by or on behalf of Giants

Stadium to Debtors in response to the Subpoena or to any other subpoena issued by Debtors

pursuant to the Order (the "Discovery Materials").

2.    "Document" or "Documents" shall have the meaning set forth in

Rule 26.3(c)(2) of the Local Rules of the United States District Court for the Southern District of

New York.

3.    "Person" or "Persons" shall have the meaning set forth in Rule 26.3(c)(6)

of the Local Rules of the United States District Court for the Southern District of New York.

4.    Giants Stadium may designate any Discovery Materials as

"CONFIDENTIAL" pursuant to this Stipulation by affixing to them the legend

"CONFIDENTIAL" in a size and location that makes the designation readily apparent.

Designation of Discovery Materials as "CONFIDENTIAL" shall be based on a good faith belief

by Giants Stadium that such materials contain (a) a trade secret or other confidential research,

development or sensitive commercial information protected by Rule 26 of the Federal Rules of

Civil Procedure, (b) information subject by law or by contract to a legally protected right of

privacy, or (c) information which Giants Stadium is legally obligated to keep confidential, as

reasonably determined by Giants Stadium.

5.    Except as set forth herein or in any order of the Court, Discovery

Materials designated "CONFIDENTIAL" and any part of the information contained in those

Discovery Materials shall not be delivered, exhibited or disclosed, directly or indirectly, to

persons other than:

(a) the Court and persons employed by it or appointed by it, including

mediators;

(b) court reporters, videographers or other qualified persons taking

testimony;

2

(c) the Parties, including their current employees, consultants, advisors, parents, subsidiaries and affiliates, and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings, Inc. (the "Committee"), as well as the Committee's consultants, advisors, and counsel;

(d) counsel retained by the Parties hereto, and the paralegal, clerical and secretarial staff employed by such counsel;

(e) independent copying and computer services firms, or their employees, retained to copy or index any Discovery Materials;

(f) actual or potential party or non-party fact witnesses, provided there is a reasonable basis to believe that the fact witness may give relevant testimony regarding the designated Discovery Materials;

(g) expert witnesses at or in preparation for deposition or trial, provided there is a reasonable basis to believe the witness may give relevant testimony regarding the designated Discovery Materials;

(h) persons identified on the face of the Discovery Materials as having authored or previously received the Discovery Materials; and

(i) such other persons as Giants Stadium and Debtors may agree upon in writing or as ordered by the Court and further provided that nothing herein shall prevent or prejudice a Party from seeking to enlarge the recipients of Confidential information herein by making such a motion with the Court.

6.     Also, Giants Stadium may designate as "CONFIDENTIAL" any Discovery Materials produced by any other non-party consultant or advisor to Giants Stadium, to the extent that the Discovery Materials produced satisfy the standards set forth in paragraph 4 above as to Giants Stadium.

3

7.    All "CONFIDENTIAL" Discovery Materials may be used by the Parties in connection with the Bankruptcy Case, or any litigation, dispute, proceeding, or mediation arising under, or in connection with, the derivative transaction(s) (the "Transactions") entered into by Giants Stadium and Lehman Brothers Special Financing, Inc. under the standard form 1992 ISDA Master Agreements, dated July 27, 2007.

8.    Any Party wishing to designate as "CONFIDENTIAL" portions or all of any deposition testimony may do so on the record during the deposition, or within ten (10) business days after receipt of the final deposition transcript by providing written notice of the designation to the other Party and any other affected person(s).  The Party making the designation shall be responsible for ensuring that those portions of the deposition transcript designated as "CONFIDENTIAL" are appropriately marked and sealed by the reporter.  The Parties shall avoid designating entire transcripts as "CONFIDENTIAL" where only a portion thereof qualifies for such protection, and, to the extent reasonably practicable, only those portions that qualify for protection should be so designated.  To the extent that deposition testimony later designated "CONFIDENTIAL" is disclosed by a Party prior to the other Party's designation of that testimony, such disclosure shall not constitute a breach of this Stipulation, but such testimony shall thereafter be deemed "CONFIDENTIAL" for all purposes as if it had been so designated at the time it was given.  To the extent that transcripts of deposition testimony given prior to the date of this Stipulation already have been designated by agreement of two or more parties hereto as CONFIDENTIAL in their entirety, nothing herein shall be construed to, or shall, change such designation or in any way reduce the protections that it affords.

9.    Discovery Materials previously designated "CONFIDENTIAL" that are marked as exhibits during a deposition shall be treated by the Parties as "CONFIDENTIAL."

4

10.     Whenever Discovery Materials designated as "CONFIDENTIAL" are to be discussed or disclosed in a deposition, any Party discussing or disclosing such Discovery Materials must first exclude from the room any person who is not entitled to receive or review such material under this Stipulation.

11.     Any Discovery Materials that are inadvertently produced, after the entry of this Stipulation, without a "CONFIDENTIAL" designation may be subsequently redesignated by the producing Party as "CONFIDENTIAL" upon written notice making such designations by specific reference to the Bates numbers of documents previously produced.  No person shall be liable for disclosing a document marked "CONFIDENTIAL" if that disclosure occurred prior to receipt of the written notice described in the previous sentence.

12.     "CONFIDENTIAL" Discovery Materials shall not be filed with the Court, absent consent of the producing Party or, to the extent consent is not obtained, unless the Party seeking to file "CONFIDENTIAL" materials first obtains from the Court an appropriate sealing order pursuant to Section 107 of the United States Bankruptcy Code or, to the extent that the Court declines to enter a sealing order, the Party seeking to file "CONFIDENTIAL" materials obtains relief from the Court from this Stipulation, enabling such materials to be filed as part of the public record.

13.     The Parties agree that all persons employed by either Giants Stadium or Debtors who are given access to protected Discovery Materials will be instructed that such persons and the Parties are bound by the terms of this Stipulation.

14.     All persons described in paragraphs 5(f), (g), and (h), and any other party who attends a deposition or Rule 2004 examination in connection with the Subpoena and is not

identified in paragraph 5, must read and agree to be bound by this Stipulation before they are given access to protected Discovery Materials. Additionally, in the event the protected Discovery Materials are used at a Rule 2004 examination, portions of the transcript of such examination shall also be treated as "CONFIDENTIAL," pursuant to this Stipulation, to the extent that said portions discuss the protected Discovery Materials.

15.    The provisions of this Stipulation, insofar as they restrict the disclosure and use of "CONFIDENTIAL" Discovery Materials, shall continue to be binding on all parties and persons subject to the terms of this Stipulation, as well as undersigned counsel, notwithstanding the final termination of the Bankruptcy Case or any adversarial proceedings commenced in connection with the Transactions.

16.    If any Party receives a subpoena seeking, or court order requiring, the production or disclosure of any "CONFIDENTIAL" Discovery Materials received from another Party, that Party shall give written notice to the producing Party within five (5) business days of receipt of such subpoena or court order, and in no event less than five (5) business days prior to the time for production of such Discovery Materials pursuant to the subpoena or court order, if possible. If such written notice cannot be made, the Party receiving the subpoena must immediately give notice to counsel for the producing Party by telephone. In no event shall production or disclosure be made before notice is given, unless the Party receiving the subpoena or court order is prohibited by law or regulatory order from providing such notice. The purpose of this paragraph is to provide the producing Party the opportunity to intervene at its own expense to object to the production of such Discovery Materials.

17.    Any Party may object at any time to the designation of any document as "CONFIDENTIAL" made by the other Party. Any such objection must be in writing to the

designating Party and the objecting Party must request a meeting to attempt to resolve the

dispute. If the dispute is not resolved through this meet-and-confer process, the objecting Party

may seek appropriate relief from the Court on an expedited basis. The designating Party shall

have the burden to demonstrate that the Discovery Materials that are the subject of any motion

before the Court were properly designated pursuant to this Stipulation and applicable law. In the

event that a large number of such Discovery Materials are in dispute, the Parties shall use their

best efforts to agree upon a reasonable amount of time during which any Party may move the

Court for appropriate relief. Any disputed Discovery Materials shall be treated in accordance

with their designation under this Stipulation until the Court rules otherwise.

18.    The inadvertent production of any document or other disclosure of any

document or information that the producing Party contends is subject to the attorney-client

privilege, work-product doctrine or any other privilege or immunity from disclosure shall not be

deemed a waiver in whole or in part of the claim of privilege or protection, either as to the

specific document or the information disclosed or as to any other document or information

relating thereto. Within five (5) business days after the discovery of the inadvertent production,

the producing Party shall provide written notice to the receiving Party that privileged documents

or information have been inadvertently produced or disclosed and request the return of such

documents or information. Any document or portion of transcript, including all copies thereof,

constituting or containing information as to which notice of inadvertent production is given shall

be returned within five (5) business days of such demand.

19.    If any Party objects to a claim of privilege or a claim of inadvertent

production given pursuant to the preceding paragraph, it shall so notify the other Party in writing.

The Parties shall attempt to resolve the dispute amicably within the five (5) business days

following such written notice.  If the dispute is not resolved, the Party claiming privilege or

inadvertent production may move the Court for appropriate relief concerning the document(s) at

issue.  From the time of the notification of inadvertent production, any documents or information

as to which notice is given shall be deemed and treated as privileged and shall not be used for

any purpose until the Court enters an order ruling otherwise, or until the Parties otherwise agree.

> 20.    Upon the later of (a) termination of this Stipulation, (b) the termination of

all litigation or proceedings, including mediations, commenced in connection with the

Transactions or (c) the resolution of all disputes between the Parties relating to the Transactions

(whichever occurs latest), Giants Stadium may request the destruction or the return of all copies

of all Discovery Materials produced in connection with the Rule 2004 Discovery, except those

filed with the Court.  If such a request is made in writing, the recipient of such a request shall

have thirty (30) days in which to (a) return all copies of the Discovery Materials, if that is the

request, or (b) destroy all copies of the Discovery Materials, if that is the request, and, if the

Discovery Materials are destroyed, to certify in writing that such destruction has occurred.

Nothing herein shall prevent the Parties from maintaining a set of documents and pleadings filed

with the Court even if those filed documents and pleadings were filed under seal and contain

Confidential information.

> 21.    Nothing in this Stipulation shall limit Giants Stadium's use of its own

documents or prevent it from disclosing its own "CONFIDENTIAL" information to any person.

Such disclosures shall not affect any "CONFIDENTIAL" designations made pursuant to the

terms of this Stipulation so long as disclosure is made in a manner in which is reasonably

calculated to maintain the confidentiality of the information.

22.     The failure to designate Discovery Materials as "CONFIDENTIAL" shall not constitute a waiver of any claim outside of the Rule 2004 Discovery process or related litigation that such materials contain trade secrets or proprietary business information, or are otherwise confidential.

23.     Nothing in this Stipulation shall relieve a Party of its obligations under the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure or under any future stipulations and orders, regarding the production of documents or the making of timely responses to discovery requests.

24.     This Stipulation may be signed in counterparts.

25.     The Parties agree to be bound by the terms of this Stipulation upon the signing of the Stipulation by their respective undersigned counsel.

9

Nothing in this Stipulation shall prejudice the right of either Debtors or Giants Stadium to apply to the Court for appropriate relief.

IT IS HEREBY STIPULATED AND AGREED:

Date:_____8 / 3 / 10_____

WEIL, GOTSHAL & MANGES LLP

By:_____
    Richard W. Slack, Esq.
    Michael Firestone, Esq.
    767 Fifth Avenue
    New York, New York  10153
    Telephone:  (212) 310-8000

*Counsel for Lehman Brothers Holdings, Inc.* and *Lehman Brothers Special Financing, Inc.*

SULLIVAN & CROMWELL LLP

By:_____
    Bruce E. Clark, Esq.
    125 Broad Street
    New York, New York 10004
    Telephone:  (212) 558-4000

*Counsel for Giants Stadium LLC*

10

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|                                              |   |                              |
|----------------------------------------------|---|------------------------------|
|                                              | : |                              |
| In re                                        | : | Chapter 11                   |
|                                              | : |                              |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*,     | : | Case No. 08-13555 (JMP)      |
|                                              | : |                              |
| Debtors.                                     | : | Jointly Administered         |
|                                              | : |                              |

---

### ORDER AUTHORIZING BAUPOST GROUP, LLC TO FILE UNDER SEAL CERTAIN DOCUMENTS IN CONNECTION WITH ITS MOTION TO QUASH DEBTORS' SUBPOENA ISSUED UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

Upon the *ex parte* Motion ("Motion") of Baupost Group LLC ("Baupost") for the entry of an order (this "Order") pursuant to Section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure authorizing Baupost to file under seal Exhibits B-1 through B-4 ("Confidential Exhibits") to the Declaration of Matthew A. Schwartz In Support of the Motion of Baupost Group, LLC to Quash Debtors' Subpoena Issue Under Federal Rule of Bankruptcy Procedure 2004, which will be filed on July 23, 2013 ("Schwartz Declaration"); and upon consideration of the Motion and related papers; and due and appropriate notice of the Motion having been given, it is hereby **ORDERED** that:

1.      The Motion is GRANTED.

2.      Baupost is authorized to file the Confidential Exhibits to the Schwartz Declaration under seal by delivering such documents to Chambers and to the Clerk of the Court's attention with a letter referencing this Order.

3.      The documents subject to this Order shall remain under seal and confidential and shall not be made available  to anyone, other than as provided for in

paragraph 4 of this Order, without the consent of Baupost or Giants Stadium LLC or without further order of the Court.

4.      The Confidential Exhibits shall be made available only to the Court, counsel to Debtors Lehman Brothers Special Finance and Lehman Brothers Holdings, Inc., and counsel to Giants Stadium LLC.

5.      Baupost will dispose of the Confidential Exhibits at the conclusion of this matter.

6.      Notwithstanding anything contained in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or the Local Bankruptcy Rules of the Southern District of New York, the terms and conditions of this Order (i) shall be immediately effective and enforceable upon its entry, and (ii) shall not prejudice the rights of any party in interest or the United States Trustee to seek to unseal the Confidential Exhibits in whole or in part.

7.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2013
       New York, New York

_____
THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

-2-