SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
Bruce E. Clark
Matthew A. Schwartz

*Attorneys for Baupost Group, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| Debtors. | : Jointly Administered |

**DECLARATION OF MATTHEW A. SCHWARTZ
IN SUPPORT OF THE MOTION OF BAUPOST GROUP, LLC
TO QUASH DEBTORS' SUBPOENA ISSUED UNDER
<u>FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004</u>**

MATTHEW A. SCHWARTZ hereby declares:

1.  I am a member of the Bar of this Court and a partner of Sullivan & Cromwell LLP, attorneys for Baupost Group, LLC ("Baupost") and Giants Stadium LLC ("Giants Stadium").  I submit this declaration to provide the Court with materials cited in Baupost's Motion to Quash Debtors' Subpoena Issued Under Federal Rule of Bankruptcy Procedure 2004 ("Motion"), which are self-authenticating documents or are otherwise not in controversy, and to provide further background on the Motion.

2.  Attached hereto as Exhibit A is a true and correct copy of the subpoena served by Lehman Brothers Special Finance and Lehman Brothers Holdings, Inc. (collectively, the "Debtors") on Baupost on May 24, 2013 (the "Baupost Subpoena"),

seeking documents concerning: (a) "any valuation of the [Actual Rate Swaps]" and "any valuation of the Bonds" prior to or following September 18, 2008; (b) "the purchase or transfer of Giants Stadium's [C]laims in the Lehman Bankruptcy by or to Baupost, Bank of America, and/or Goal Line"; (c) "the value of the claims (and amended claims) filed by Giants Stadium in the Lehman Bankruptcy"; and (d) "the respective roles of Giants Stadium and Baupost with respect to the pursuit of claims in the Lehman Bankruptcy in connection with the [Actual Rate Swaps]." Exhibit A, Request Nos. 1-5.

3. Attached hereto as Exhibit B are true and correct copies of documents previously produced by Giants Stadium to Debtors in this action bearing the following bates numbers:

>Exhibit B-1: GStad_LB_0062762-GStad_LB_0062797;

>Exhibit B-2: GStad_LB_0062806-GStad_LB_0062812;

>Exhibit B-3: GStad_LB_0062876-GStad_LB_0062967; and

>Exhibit B-4: GStad_LB_0063359-GStad_LB_0063381.

4. Attached hereto as Exhibit C is a true and correct copy of the subpoena, served by Debtors on Giants Stadium on or about May 19, 2010 ("First Giants Stadium Subpoena").

5. Attached hereto as Exhibit D is a true and correct copy of the subpoena, served by Debtors on Giants Stadium on or about April 9, 2012 ("Second Giants Stadium Subpoena").

6. Attached hereto as Exhibit E is a true and correct copy of excerpts of the transcript of the hearing before the Honorable James M. Peck on November 14, 2012.

7. Attached hereto as Exhibit F is a true and correct copy of the Discovery Protocol Agreement between Giants Stadium and Debtors, entered into on April 1, 2013.

8. Attached hereto as Exhibit G is a true and correct copy of Baupost's objections to the Subpoena, served on Debtors on June 7, 2013 ("Baupost's Objections").

9. Attached hereto as Exhibit H is a true and correct copy of a letter sent from Lauren Hoelzer Helenek to Bruce E. Clark, dated June 14, 2013, responding to Baupost's Objections.

10. Attached hereto as Exhibit I is a true and correct copy of an email chain between Lauren Hoelzer Helenek and Lara J. Loyd, reflecting the parties' agreement to extend Baupost's deadline to file its Motion to July 23, 2013.

11. Attached hereto as Exhibit J is a true and correct copy of Giants Stadium's objections to the First Giants Stadium Subpoena, served by Giants Stadium on Debtors on or about July 26, 2010.

12. Attached hereto as Exhibit K is a true and correct copy of Giants Stadium's objections to the Second Giants Stadium Subpoena, served by Giants Stadium on Debtors on or about September 19, 2012.

13. I set out briefly the background of pertinent discussions and events relating to the discovery disputes at issue in Baupost's Motion.

14. Although the Claims have been pending for nearly five years, Debtors have not yet objected to the Claims. Rather, Debtors continue to pursue extensive Rule 2004 discovery concerning the Claims under the guise of gathering information to aid their decision whether to object to the Claims, even though it has been clear for years that Debtors will object to the Claims and possibly seek a receivable to their bankruptcy

estates. Indeed, Debtors have routinely sought discovery designed to bolster their planned objection.

15. Debtors' extensive efforts, including requests for the information sought in the Subpoena, include: (a) two subpoenas to Giants Stadium; (b) a subpoena to Goldman, Sachs & Co., the underwriter for a portion of the Bonds; (c) subpoenas to Financial Guaranty Insurance Company and Assured Guaranty Municipal f/k/a Financial Security Assurance Inc., the insurers of the Bonds; (d) a subpoena to the National Football League, Inc. ("NFL"); and (e) the seven-hour deposition of Giants Stadium's authorized representative, Christine Procops, with the request for depositions of other individuals.

16. Debtors have, at a minimum, received over 70,000 pages of documents from Giants Stadium, a copy of 6,505 pages of documents that Giants Stadium procured on its own initiative from Debtors' affiliate Lehman Brothers Inc., and 538 pages of documents from the NFL.

17. Giants Stadium, in particular, has produced non-privileged documents to Debtors concerning, *inter alia*, the same information sought in the Baupost Subpoena, namely: (a) valuations of the Actual Rate Swaps; (b) documents regarding the sale and transfer of certain interests in the Claims; (c) documents regarding the methodology used by Giants Stadium to calculate the amount claimed; and (d) communications between Giants Stadium and Baupost regarding the Claims. Giants Stadium originally objected to these requests as irrelevant, burdensome, and/or privileged, but upon meeting and conferring, nonetheless agreed to engage in a burdensome review and production of the few non-privileged documents that were responsive to these requests.

18. On April 30, 2013, I met and conferred with Debtors regarding Debtors' valuation documents, as were requested by Giants Stadium in the course of the parties' mutual discovery efforts. Debtors asserted privilege to withhold their own valuations of the bonds, swaps and Claims dated after the initiation of the bankruptcy. Specifically, Debtors stated that their valuation materials dated after October 15, 2008 would be protected by the work product doctrine, and, therefore, a search for such documents would be burdensome, particularly if Debtors ultimately produce a privilege log in relation to this search. Debtors also stated that it was their intention to withhold all post-bankruptcy valuations that qualify as work product from production to Giants Stadium.

19. On May 21, 2013, I again met and conferred with Debtors regarding mutual discovery with Giants Stadium. Again, Debtors asserted privilege to withhold their own valuations of the bonds, swaps and Claims dated after the initiation of the bankruptcy. Specifically, Debtors advised that they had not undertaken a search for any valuation documents dated after October 15, 2008, because the process would be burdensome and because such documents would be protected from disclosure as work product. To date, Debtors continue to withhold post-valuation documents from production to Giants Stadium, on the grounds of relevance, burden, and work product protection.

20. On June 24, 2013, I met and conferred with Debtors regarding the Baupost Subpoena, and explained Baupost's position, set forth in the instant Motion, that the Subpoena is duplicative and burdensome, particularly in light of the fact that Baupost does not have an agreement with Debtors to waive its privilege log burden. Debtors made no offer to compromise or otherwise address this burden. The parties were unable

to come to resolution and mutually agreed that Baupost should proceed with filing this Motion.

Executed on this 23rd day of July, 2013, in New York, New York.

I declare under penalty of perjury that the foregoing is true and correct.

/s/
Matthew A. Schwartz

-6-