# Exhibit H

**Weil, Gotshal & Manges LLP**

BY E-MAIL

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Lauren Hoelzer Helenek
+1 (212) 310-8581
lauren.hoelzer@weil.com

June 14, 2013

Bruce E. Clark
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Re: *In re Lehman Brothers Holdings Inc. et al., 08-13555 (Bankr. S.D.N.Y.)*

Dear Bruce:

I write in response to the objections dated June 7, 2013 (the "Objections") of Baupost Group LLC ("Baupost") to the Subpoena for Rule 2004 Examination ("Subpoena") propounded by Lehman Brothers Special Financing Inc. and Lehman Brothers Holdings Inc. (together, "Lehman") in the above-captioned matter.

Baupost's refusal to undertake a search for documents in response to even one request is completely inappropriate.

First, Baupost's repeated objections based on its status as a "third party to this proceeding" and the diminished discovery obligations Baupost suggests it has based on its third-party status are at best misleading and do not reflect Baupost's position as the current assignee of Giants Stadium LLC's ("Giants Stadium") claims. As you are aware, Baupost has been an active participant in matters related to the claims and has taken the position that it has a joint interest with Giants Stadium with respect thereto.

Second, Baupost appears to contend that valuations and any analysis of the swaps it prepared with respect to the claims are not relevant. Yet, Giants Stadium has requested precisely this type of information from Lehman in its document requests. *See* Giants Stadium LLC's Request of Production of Documents, Requests No. 10 & 12. Based on your letter, it appears that Baupost may claim a privilege over some of this information, but that does not alleviate Baupost's obligation to search for and produce any non-privileged information (and the parties can address privilege questions in connection with an adversary proceeding, if necessary).

Third, the Objections repeatedly mischaracterize the substance of the November 14, 2012 hearing. At the November 14, 2012 hearing, the Court ultimately recognized that "discovery from Goal Line may be more appropriate than discovery from debtors." 11/14/12 Hr'g Tr. at 58:20-59:8. The portion of the

1

**Weil, Gotshal & Manges LLP**

June 14, 2013
Page 2

November 14, 2012 omnibus hearing that Baupost cites is taken out of context, misleading given the Court's ultimate position, and supports taking discovery from Baupost. The Court specifically stated that it was yet not determining whether Lehman is entitled to Rule 2004 discovery of Baupost. The Court obviously has not reviewed the Subpoena and, given its statement that Lehman is more likely entitled to discovery from Baupost than Giants Stadium is of Lehman, it is clear that Baupost should produce responsive documents. *See* 11/14/12 Hr'g Tr. at 58:20-59:8

Fourth, in response to Request Nos. 1 and 2 for documents reflecting valuations of the swaps and bonds, Baupost objects that valuations it conducted prior to acquiring rights to the claims were performed without full information and are therefore irrelevant. We disagree. We are entitled to know what those valuations were and test Baupost's assertion that these valuations were made without adequate information. Baupost does not get to unilaterally make such an assertion and avoid discovery. Given that the claims were amended after Baupost purchased them, Baupost's valuations of the bonds and the swaps, both before and after its purchase of the claims—whether or not performed with full information—are relevant to the reasonableness of Giants Stadium's calculation of Loss that formed the basis of its original proofs of claim and the reasonableness and validity of its amended claims.

Baupost also objects to Request Nos. 1 and 2 as "duplicative of discovery that has already been sought and received from Giants Stadium." Given that Baupost and Giants Stadium are separate entitles with separate custodians, and further given that Baupost is unlikely to have shared all of its valuations with the seller of the claims, such objection rings hollow.

Fifth, Baupost similarly objects to Request No. 3 for documents concerning the purchase or transfer of Giants Stadium's claims based in part on "the likelihood that such information may be more efficiently and completely obtained elsewhere." Sullivan & Cromwell, as counsel for Giants Stadium, however, stated at the November 14, 2012 omnibus hearing that "[a]s to the question that came up about the sale between Bank of America and Baupost, my information on that is that Giants Stadium was not involved in that. That was a transaction between Bank of American and Baupost. They negotiated it. And I certainly don't believe we have anything that is material to produce or to disclose about." 11/14/12 Hr'g Tr. at 29:1-7. Given Giants Stadium's assertion that the sale of claim was between Bank of America and Baupost, and that Giants Stadium does not have responsive documents about the sale, Baupost, as the current holder of the claims and a party to the sale, is the most appropriate entity to produce the discovery sought.

We do not believe many of the other objections to specific requests are proper or sustainable. We request that you explain whether Baupost is withholding any documents based on those objections. If Baupost is actually withholding documents on the basis of those specific objections, we can discuss those objections.

**Weil, Gotshal & Manges LLP**

June 14, 2013
Page 3

Baupost's complete refusal to produce any information is both unreasonable and improper. Weil is nonetheless willing to meet and confer.

Sincerely,

*Lauren Hoelzer Helenek*
w/p ALB

Lauren Hoelzer Helenek