JONES DAY
222 East 41st Street
New York, New York 10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Robert W. Gaffey
Kelly A. Carrero
Benjamin Rosenblum

*Attorneys for Lehman Brothers Holdings Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
                                                                 :
In re:                                                           :   Chapter 11
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.,*   :   Case No. 08-13555 (JMP)
                                                                 :
                                  Debtors.        :   (Jointly Administered)
                                                                 :
-----------------------------------------------------------------X

**CERTIFICATE OF NO OBJECTION UNDER**
**28 U.S.C. § 1746 REGARDING OMNIBUS CLAIMS**
**OBJECTION SCHEDULED FOR HEARING ON JULY 25, 2013**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:


        Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Amended Order Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

        1.        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), or LBHI as Plan Administrator under the Modified Third Amended Joint Chapter 11

Plan of LBHI and its Affiliated Debtors (the "Plan Administrator"), filed the following omnibus

claim objection (the "Claims Objection") with the Court for hearing on or before July 25, 2013:

Four Hundred Twenty-Second Omnibus Objection to Claims (Employment Claims) **[ECF**

**Docket No. 38050]**.

        2.    In accordance with the Second Amended Case Management Order, the

Debtors, or the Plan Administrator, as applicable, established deadlines (the "Response

Deadlines") for the Claim Objection for parties to object or file responses. The Response

Deadlines have been extended for certain creditors from time to time. The Second Amended

Case Management Order provides that pleadings may be granted without a hearing, provided that

no objections or other responsive pleadings have been filed on or prior to the relevant response

deadline and the attorney for the entity who filed the pleading complies with the relevant

procedural and notice requirements.

        3.    The Response Deadlines have now passed and, to the best of my

knowledge, no responsive pleadings to the Claims Objection have been (a) filed with the Court

on the docket of the above-referenced cases in accordance with the procedures set forth in the

Second Amended Case Management Order, or (b) served on counsel to the Debtors or the Plan

Administrator by any of the holders of the claims included on Exhibit 1 to the Order attached

hereto, which includes only the proofs of claim for which the Claims Objection will be granted.

Responses to certain of the Claims Objections were filed on the docket, or served on the Debtors

or the Plan Administrator, by holders of certain proofs of claim included on the Claims Objection.

The hearing on the Claims Objection as to any proof of claim for which a response was either

filed on the docket or received by the Debtors or the Plan Administrator, and which response has

not been resolved, has been adjourned to a future date.

4.       Accordingly, the Debtors and the Plan Administrator respectfully request

that the proposed order granting the Claims Objection annexed hereto as Exhibit A, which,

except for the inclusion of additional language to reference the inclusion of separate exhibits

attached to the proposed orders for proofs of claim for which the Claims Objection is granted,

adjourned or withdrawn, are unmodified since the filing of the Claims Objection, be entered in

accordance with the procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated:  July 23, 2013
          New York, New York                    JONES DAY


                                                /s/ Kelly A. Carrero
                                                Kelly A. Carrero
                                                222 East 41st Street
                                                New York, New York  10017
                                                Telephone:  (212) 326-3939
                                                Facsimile:  (212) 755-7306

                                                *Attorneys for Lehman Brothers Holdings Inc.*

**EXHIBIT A**

08-13555-mg    Doc 38968    Filed 07/23/13    Entered 07/23/13 18:40:51    Main Document
Pg 4 of 7

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re                                                         :        **Chapter 11 Case No.**
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*   :        **08-13555 (JMP)**
                                                              :
            **Debtors.**                                 :        **(Jointly Administered)**
------------------------------------------------------------------ x


ORDER GRANTING
FOUR HUNDRED TWENTY-SECOND OMNIBUS OBJECTION
TO CLAIMS (EMPLOYMENT CLAIMS)

Upon the four hundred twenty-second omnibus objection to claims, dated June 19, 2013

(the "Four Hundred Twenty-Second Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter

11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 502(b)

of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules

of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664], seeking to disallow and expunge the Claims on

the basis that LBHI is not liable for the employment-related compensation claims as more fully

described in the Four Hundred Twenty-Second Omnibus Objection to Claims; and due and

proper notice of the Four Hundred Twenty-Second Omnibus Objection to Claims having been

provided, and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief requested in the Four Hundred Twenty-Second Omnibus

Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all

parties in interest, and that the legal and factual bases set forth in the Four Hundred Twenty-

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in
the Four Hundred Twenty-Second Omnibus Objection to Claims.

Second Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Twenty-Second Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Claim listed on Exhibit 1 annexed hereto is disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim or portion of any claim listed on Exhibit A to the Four Hundred Twenty-Second Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  July __, 2013
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**EXHIBIT 1 TO ORDER GRANTING FOUR HUNDRED TWENTY-SECOND OMNIBUS OBJECTION**

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | FILED DATE | ASSERTED TOTAL CLAIM DOLLARS AND AMOUNT TO BE DISALLOWED |
|---|---|---|---|---|---|---|
| 1 | MCLOUGHLIN, ALYSSE | 08-13555 (JPM) | Lehman Brothers Holdings Inc. | 25510 | 9/21/2009 | $181,731.00 |
| 2 | O'CONNOR, MATTHEW S. | 08-13555 (JPM) | Lehman Brothers Holdings Inc. | 197 | 10/15/2008 | $1,690,000.00 |
| 3 | POCZA, ROD | 08-13885 (JPM) | Lehman Brothers Commodities Services, Inc. | 324 | 10/20/2008 | $330,000.00 |