JONES DAY
222 East 41st Street
New York, New York 10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Jayant W. Tambe
Benjamin Rosenblum

*Attorneys for Lehman Brothers Holdings Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
                                                            :
In re:                                                      :    Chapter 11
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.,*    :    Case No. 08-13555 (JMP)
                                                            :
                              Debtors.                      :    (Jointly Administered)
                                                            :
------------------------------------------------------------X

**DECLARATION OF JAYANT W. TAMBE**
**IN SUPPORT OF LBHI'S OPPOSITION TO CLAIMANTS' MOTION TO**
**WITHDRAW CLAIMS 32395 AND 22671 PURSUANT TO FED. R. BANKR. P. 3006**

I, Jayant W. Tambe, an attorney admitted to practice before this Court, hereby declare

and state as follows under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is

true and correct:

1.       I am a partner of the law firm Jones Day, counsel for Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), on behalf of itself as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan"), in this action.

2.       I submit this Declaration in support of the LBHI's Opposition to the Motion of

Dr. H.C. Tschira Beteiligungs GmbH & Co. KG and Klaus Tschira Stiftung GGmbH

("Claimants") to Withdraw Claims 32395 and 22671 Pursuant to Rule 3006 of the Federal Rules

of Bankruptcy Procedure, to put true and correct copies of the Exhibits described below before the Court.

3.  A true and correct copy of LBHI's Draft Proposed Order and Final Judgment Granting Claimants' Motion to Withdraw Claims 32395 and 22671 Pursuant to Federal Rule of Bankruptcy Procedure 3006 is annexed hereto as Exhibit 1.

4.  A true and correct copy of excerpts from the hearing before the Court on June 13, 2013, regarding the Four Hundred Second Omnibus Objection to Claims 32395 and 22671 (No Liability Derivatives Claims) [ECF No. 36006], is annexed hereto as Exhibit 2.

5.  A true and correct copy of excerpts from the hearing before the Court on April 24, 2013, regarding the Motion for Approval of Settlement Agreement with Lehman Brothers Finance AG (in Liquidation) [ECF No. 36300], is annexed hereto as Exhibit 3.

6.  A true and correct copy of LBHI's First Request to Claimants for the Production of Documents is annexed hereto as Exhibit 4.

7.  A true and correct copy of the Responses and Objections of Claimants to LBHI's First Request for the Production of Documents is annexed hereto as Exhibit 5.

Executed at:   New York, New York
               July 24, 2013

                                    JAYANT W. TAMBE

# Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------X
                                          :
In re:                                    :    Chapter 11
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    Case No. 08-13555 (JMP)
                                          :
                    Debtors.              :    (Jointly Administered)
                                          :
------------------------------------------------------------X
```

**PROPOSED DRAFT ORDER AND FINAL JUDGMENT GRANTING**
**CLAIMANTS' MOTION TO WITHDRAW CLAIMS 32395 AND 22671 PURSUANT TO**
**RULE 3006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Upon consideration of the Motion of Dr. H.C. Tschira Beteiligungs GmbH & Co. KG and

Klaus Tschira Stiftung gGmbH (together, the "Claimants") to withdraw Claims 32395 and 22671

(the "Claims") pursuant to Rule 3006 of the Federal Rules of Bankruptcy Procedure (the

"Motion to Withdraw"), and any opposition and reply thereto and the arguments of counsel; and

the Court having found that due and proper notice of the Motion to Withdraw has been provided,

and it appearing that no further notice need be provided, and after due deliberation and sufficient

cause appearing therefor, the Court hereby renders the following Findings of Fact and

Conclusions of Law, and orders that the Motion to Withdraw be granted and the Claims

withdrawn with prejudice upon the terms and conditions deemed to be proper and set forth

below.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1.      The Court's dismissal of the Claims with prejudice has the force and effect of a

final adjudication on the merits of all matters asserted in the Claims, as well as all matters which

could have been but were not raised and litigated in connection with the Claims; and

2.      The Early Termination Date with respect to the ISDA Master Agreements underlying the transactions at issue (the "Transactions") is September 15, 2008; and

3.      The governing Master Agreements required termination valuation to be conducted as of September 15, 2008, or as soon thereafter as reasonably practicable; and

4.      Claimants had in their possession, since no later than September 19, 2008, multiple valuations of the Transactions, conducted as of September 15, 2008; and

5.      Claimants have failed to demonstrate, on the merits, that it was not reasonably practicable to determine Loss as of September 15, 2008; and

6.      No guarantee claim against LBHI could arise because it was commercially practicable to conduct a valuation of the terminated Transactions, which demonstrated that, as of September 15, 2008, it was Lehman Brothers Finance S.A. Netherlands Antilles Branch ("LBF"), not Claimants, that was owed money as a result of the termination; and

7.      In addition, under section 562 of the Bankruptcy Code, Claimants were obligated to measure damages as of September 15, 2008; and

8.      Claimants have failed, on the merits, to prove that there were "no commercially reasonable determinants of value" as of September 15, 2008; and

9.      No guarantee claim against LBHI could arise because there existed commercially reasonable determinants of value as of September 15, 2008, which demonstrated that it was LBF, not Claimants, that was owed money as a result of the termination; and

10.     Claimants are foreclosed from asserting setoff and/or recoupment as defenses to any claim brought by LBHI.

**WHEREFORE**, after due deliberation and sufficient cause appearing therefor, it is:

ORDERED, that the Motion to Withdraw is GRANTED; and it is further

ORDERED, that Claimants are hereby authorized to withdraw proofs of claim numbered 32395 and 22671; and it is further

ORDERED, that proofs of claim numbered 32395 and 22671 are withdrawn, with prejudice, effective immediately upon entry of this Order and Final Judgment; and it is further

ORDERED, that Claimants shall, no later than ten (10) days following entry of this Order and Final Judgment, produce all documents in their possession, custody or control responsive to LBHI's Request for the Production of Documents, dated June 21, 2013; and it is further

ORDERED, that Claimants shall pay all reasonable costs, expenses and attorneys' fees incurred by LBHI in this matter from September 21, 2009 to the date of this Order; and it is further

ORDERED, that such further relief as the Court deems just and proper be entered herein.

Dated: _____, 2013
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 2

Page 1

1   UNITED STATES BANKRUPTCY COURT

2   SOUTHERN DISTRICT OF NEW YORK

3   Case No. 08-13555 (JMP)

4   Adv. Case No. 09-01062

5   - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

6   In the Matter of:

7   LEHMAN BROTHERS HOLDINGS INC., ET AL.,

8                   Debtors.

9    - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

10   TURNBERRY CENTRA SUB, LLC, et al.,

11                  Plaintiffs,

12          v.

13   LEHMAN BROTHERS HOLDINGS, INC., et al,

14                  Defendants.

15   - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

16                   U.S. Bankruptcy Court

17                   One Bowling Green

18                   New York, New York

19

20                   June 13, 2013

21                   10:04 AM

22

23   B E F O R E :

24   HON JAMES M. PECK

25   U.S. BANKRUPTCY JUDGE

Page 2

1    Hearing re:  Objection to Claim No. 62723 of Banesco

2    Holdings CA [ECF No. 37327]

3

4    Hearing re:  Four Hundred Second Omnibus Objection to Claims

5    32395 and 22671 (No Liability Derivatives Claims) [ECF No.

6    36006]

7

8    Hearing re:  Turnberry Centra Sub, LLC, et al. v. Lehman

9    Brothers Holdings Inc., et al. [Adversary Case No. 09-

10   01062].  Motion to Dismiss.

11

12   Hearing re:  Motion by Lehman Brothers Holdings Inc. and

13   Lehman Commercial Paper Inc. For an Order (i) Determining

14   that the LCPI Settlement was entered into in Good Faith

15   Pursuant to California Code of Civil Procedure paragraphs

16   877 and 877.6, and, Based on Such Good Faith Finding and for

17   Other Reasons, (ii) Disallowing and Expunging Proofs of

18   Claim Number 28845 and 28846 [ECF No. 36163]

19

20   Hearing re:  Debtors' Ninety-Seventh Omnibus Objection to

21   Claims (Insufficient Documentation) [ECF No. 14492]

22

23   Hearing re:  Debtors' One Hundred Twenty-Fifth Omnibus

24   Objection to Claims (Insufficient Documentation) [ECF No.

25   16079]

Page 20

1    say, but what he has to do is change my mind.

2         MR. ZIMMERMAN:  Good morning, Your Honor.  George

3    Zimmerman, representing KTS and Dr. Tschira, the claimants,

4    with my colleagues, Max Polonsky and Julie Cohen.

5         Let me change the entire order or my argument and

6    address and answer, from our perspective, the questions you

7    raised, because I think, frankly, you raised all the right

8    questions.  First, in the Swiss proceedings -- strike.  The

9    ISDA agreement, the underlying ISDA agreement is governed by

10   English law.  Nobody disputes that.  In the Swiss

11   proceedings, the substantive rights of the parties under the

12   ISDA agreement will be determined by English law.  In the

13   Swiss proceedings, the claimants have submitted a very

14   detailed evidentiary submission, about a hundred pages of

15   law and facts, evidentiary facts to take into account all

16   the factors that English law would look at to determine

17   whether there was a reasonable determinant of value on

18   September 15th, as Lehman says, or October 16th.

19        In those papers, the claimants also indicated --

20   because LBF obviously is going to get a chance to respond --

21   that they will be submitting an expert affidavit on English

22   law, precisely because the English law will be applied.

23   There is two issues about this return of collateral issue.

24   The reason -- and Lehman says that's irrelevant under

25   section 562.  Here's why it's relevant both under English

Page 21

1    law, which governs the ISDA and under section 562.

2          The English law affidavit will say, in sum and

3    substance, that, under English law, the reason there is

4    flexibility, albeit limited, to value either as of the early

5    termination date, or, if it's not reasonably practicable,

6    the earliest date thereafter as is -- the reason for that

7    flexibility is, under English law, to give the non-

8    defaulting party the opportunity to get, to try literally to

9    negotiate and get into and enter into an exact appropriate

10   replacement transaction, and, in fact, the claimants here

11   did -- whenever there's an early termination, a non-

12   defaulting party -- and you know this because you've been

13   involved with this -- can decide right away I don't want to

14   enter into a replacement transaction, and they can get a

15   quote, and you can argue about the quotes.

16          Other times, claimants do try to enter into

17   replacement transaction.  That's what happened here.

18   Claimants led to three market makers with expertise.  This

19   is a very exotic, complicated slope (sic).  It's very large.

20   There was very little market for it, and so, they went to

21   what they thought were the three primary experts in this

22   that could enter into transaction, and, because -- and this

23   is undisputed -- because there were discussions between the

24   claimants and Lehman entities -- and we can debate which

25   Lehman entities -- that led us to believe that the

Page 22

1      collateral would be released quickly, --

2              THE COURT:  That was LBIE, wasn't it?

3              MR. ZIMMERMAN:  No.  Okay, let me -- two answers

4      to that.  First, the submission in Switzerland says that

5      also included LBF, and they have the names of the LBF people

6      who are on the list, but, more to the point, the master

7      custody agreement that governs the placement of the shares

8      was a tripartite agreement, the claimants, LBIE, and LBF --

9      LBIE was just the custodian.

10             The 59 million shares of collateral were

11     specifically for the benefit of LBF, which is defined as the

12     chargee, and, under the terms of the March agreement -- and

13     I'll get you this in a minute.  We can hand it up.  LBF

14     determines when to release the collateral.  LBIE has to get

15     instructions from LBF.

16             So the notion that they have -- and this is one of

17     the dangers of asking for a ruling with no evidentiary

18     record where the evidentiary record is being developed in

19     another proceeding.  So, as a practical matter, it's LBF to

20     whom LBHI is the guarantor who made the determination who

21     first said, you know, we'll release it in short time and

22     then, on October 16th, said you're not going to get it, and

23     the reason that's important is because the English affidavit

24     will also say that the valuation date, because the

25     flexibility I talked about was designed to enable the party

Page 23

1    to literally try to enter into replacement, an exact

2    replacement transaction, which here would be a

3    collateralized transaction -- as, under English law, it's

4    only at the time you learn that you cannot enter that

5    duplicate transaction.  That is the date that's the

6    valuation date.  That's why October 16th was picked, because

7    that -- it's undisputed that's when the claimants learned

8    from LBF and LBIE that the collateral wouldn't be

9    forthcoming, and that's why October 16th was selected.

10           So, with respect, when Lehman gets up here and

11   says I can speculate based on share prices why October 16th

12   was picked, that's not what the record reflects in

13   Switzerland.  The record reflects that that's English law.

14   That's when we found out the collateral was not going to be

15   released.

16           THE COURT:  But let me ask you a very fundamental

17   threshold question.  At least for me, it's a threshold

18   question.

19           MR. ZIMMERMAN:  Yes.

20           THE COURT:  Not withstanding the fact that we are

21   dealing with documents that are governed by English law,

22   there is a law of the case in this bankruptcy estate that I

23   apply safe harbor principles, regardless of the underlying

24   law that governs the ISDA contract, and am I not, under

25   section 562, making judgments that do not speak to the

1    question of governing law as to the underlying safe harbor

2    qualified financial contract, but rather dealing with

3    principles of U.S. law that govern such questions?  The law

4    governing commercially-reasonable determinants of value does

5    not speak to as provided by certain English law governed

6    documents.  It rather is an open-ended question, and I

7    believe I have the discretion -- respond to this please --

8    to completely ignore applicable English law, to completely

9    ignore what an expert on English law would say, and to

10   completely ignore properly, under principles of comity, what

11   a Swiss court might say because the Swiss court is applying

12   different standards.  What do you say to that?

13             MR. ZIMMERMAN:  I say the following.  Section 562

14   actually -- and we agree with -- 562 is not going to be an

15   issue in Switzerland, and, even if it was, you're going to

16   decide 562, not a Swiss proceeding.  We get that.

17             562 has two concepts, and it has a legislative

18   history.  The legislative history, which is 2005 W. law,

19   832198, specifically talks about the section 910, which is

20   the section that was added to talk about the valuation date,

21   and what it says, as you well-know, is it's the date of

22   early termination, except if there are no commercially-

23   reasonable determinants of value as of such date.  Damages

24   are to be measured as of the earliest subsequent date or

25   dates in which there are commercially-reasonable

Page 25

1    determinants, which you just cited.

2            The legislative history goes on to say -- it talks

3    about the factors that one would consider in determining

4    commercial reasonableness, because that, by definition, is a

5    mixed question of law and fact, and then, it says, quote,

6    "The references to commercially-reasonable are intended to

7    reflect existing state law standards relating to a

8    creditor's actions in determining damages," close quote.

9            We say -- and I don't think it's in dispute --

10   that the relevant state law standards that govern the

11   creditor's rights under the ISDA agreement here is England.

12   So, even if -- not even if.  If the day comes -- because

13   let's play it out.  Let's be candid.  Let me be candid.

14           If the claimants lose in Switzerland, you're never

15   going to see us again, obviously.  There's no guarantee

16   issue, but, assuming for the moment that they're prevailing,

17   when we come back to you and there are no guarantee

18   defenses, because they basically -- it's an unconditional

19   guarantee, and Lehman waived all defenses, other than, I

20   believe, statute of limitations and payment.  So forget

21   that.

22           Your issue, Judge, will be the 562 issue.  Now,

23   you can do one of two things.  You can conclude that I'm

24   reading the legislative history wrong, or that you disagree

25   that 562 was intended on this particular point -- they're

Page 37

```
 1              THE COURT:  No, we are not going to allow this

 2    proceeding to extend beyond the break-up date for the LBF

 3    settlement.  This is going to happen on a very accelerated

 4    schedule.  This matter is not going to be held in abeyance

 5    while the claimant postures in Europe to gain financial

 6    advantage.

 7              MR. TAMBE:  I'll confer with Mr. Perez.  We'll

 8    come up with a schedule, with that being said, Your Honor.

 9              THE COURT:  Consider this on a rocket docket.

10              MR. TAMBE:  I'll see if they'll sign, Your Honor.

11              Thank you, Your Honor.

12              MR. ZIMMERMAN:  Thank you.

13              MR. PEREZ:  Thank you.  May I be excused?

14              THE COURT:  Yes.

15         (Pause)

16              MS. MARCUS:  Your Honor, the next matter on the

17    agenda is in the adversary proceeding Turnberry Centra Sub,

18    LLC v. Lehman Brothers Holdings, Inc. and a motion to

19    dismiss.  It will be handled by my colleague, Ed McCarthy.

20         (Pause)

21              MR. MCCARTHY:  Your Honor, Ed McCarthy, here with

22    Jacqueline Marcus and Loren Alexander (ph) and also a

23    company representative, Christie Zull (ph).  We're here on

24    our clients Lehman Brothers Holding, Inc. and Lehman Bank

25    FSB motion to dismiss count three for promissory estoppel of
```

# Exhibit 3

Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Chapter 11 Case No. 08-13555 (JMP)

4    Case No. 08-01420 (JMP)(SIPA)

5    - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

6    In the Matter of:

7    LEHMAN BROTHERS HOLDINGS, INC., ET AL.,

8              Debtors.

9    - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

10   In the Matter of:

11   LEHMAN BROTHERS INC.,

12             Debtor.

13   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

14                      U.S. Bankruptcy Court

15                      One Bowling Green

16                      New York, New York

17

18                      April 24, 2013

19                      10:02 AM

20

21   B E F O R E :

22   HON JAMES M. PECK

23   U.S. BANKRUPTCY JUDGE

24

25

Page 2

1   Hearing re:  Plan Administrator's Motion for Order in Aid of

2   Execution of the Modified Third Amended Chapter 11 Plan of

3   LB Rose Ranch LLC [ECF No. 36423]

4

5   Hearing re:  Motion for Approval of Settlement Agreement

6   with Lehman Brothers Finance AG (in Liquidation) [ECF No.

7   36300]

8

9   Hearing re:  Motion for an Order Pursuant to Section 105(a)

10  of the Bankruptcy Code and Bankruptcy Rule 9019, Authorizing

11  and Approving the Settlement Between LBF and the LBHI

12  Parties [ECF No. 51]

13

14  Hearing re:  Trustee's Twenty-Ninth Omnibus Objection to

15  General Creditor Claims (No Liability Claims) [LBI ECF No.

16  5776]

17

18  Hearing re:  Trustee's Thirty-Third Omnibus Objection to

19  General Creditor Claims (No Liability Claims) [LBI ECF No.

20  5835]

21

22  Hearing re:  Motion of Fidelity National Title Insurance

23  Company to Compel Compliance with Requirements of Title

24  Insurance Policies [ECF No. 11513]

25

Page 24

1    again it would be the same idea that this order wouldn't

2    prospectively dispense with any law -- U.S. law governing

3    those transfers.

4              THE COURT:  Okay, that's fine.

5              MR. CORDARO:  Thank you, Your Honor.

6              THE COURT:  Is there anything more on this?

7              MR. ROSENTHAL:  No, Your Honor.

8              THE COURT:  I'm pleased to approve this

9    transaction, which is mutually beneficial to the LBHI estate

10   and also to the estate of Lehman Brothers Finance AG and

11   Liquidation in Switzerland.

12             As the papers have noted, both those filed in the

13   Chapter 11 case and those in the Chapter 15 case, the

14   negotiations leading up to this resolution have been going

15   on for approximately four years.  That's an extraordinarily

16   long time to be negotiating anything.  It is at least one

17   indication of how remarkably complicated these

18   interrelationships are, particularly when dealing with law

19   that is not clearly harmonious.

20             I think it is a significant achievement in the

21   annals of cross-border insolvency and a testament to the

22   capacity of well-informed professionals and others involved

23   in the process to reconcile their differences.  And to that

24   extent, is important precedent, particularly in cases such

25   as this that involve enterprises that operate across

Page 25

1    borders.  I'm pleased to approve it.

2              MR. PEREZ:  Thank you, Your Honor.

3              MR. ROSENTHAL:  Thank you very much, Your Honor.

4    Should we hand up the order or do you -- do you have the

5    orders, or should we hand up one?

6              UNIDENTIFIED SPEAKER:  We'll hand one up at the

7    end of the hearing.

8              MR. PEREZ:  Your Honor, may we be excused?

9              THE COURT:  Yes.  Have orders been handed up?

10             MR. PEREZ:  No.

11             THE COURT:  I think we're now ready to move onto

12   the LBI docket.

13        (Pause)

14             MR. PEREZ:  Thank you, Your Honor.

15             THE COURT:  Thank you.

16             MS. GRAGG:  Good morning, Your Honor.  Meaghan

17   Gragg of Hughes Hubbard & Reed for the SIPA Trustee.

18             On the calendar today there are two omnibus

19   objections to which the trustee has received responses.  The

20   trustee's 29th omnibus objection and the trustee's 33rd

21   omnibus objection, both relate to claims by holders of

22   securities that were issued by LBHI pursuant to indentures

23   dated September 1, 1987 and February 1, 1996.

24             The claims, the responses, the documentation

25   provided by the claimants in the publicly available

# Exhibit 4

JONES DAY
222 East 41st Street
New York, New York 10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Jayant W. Tambe
Benjamin Rosenblum

*Attorneys for Lehman Brothers Holdings Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                           :

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.,* | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

-------------------------------------------------------------X

**LBHI'S FIRST REQUEST TO CLAIMANTS DR. H.C. TSCHIRA
BETEILIGUNGS GMBH & CO. KG AND KLAUS TSCHIRA
<u>STIFTUNG GGMBH FOR THE PRODUCTION OF DOCUMENTS</u>**

      Pursuant to Rules 7026, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure,

and Rules 26 and 34 of the Federal Rules of Civil Procedure, Lehman Brothers Holdings Inc.

("<u>LBHI</u>" and the "<u>Plan Administrator</u>"), on behalf of itself as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "<u>Plan</u>"), by and through its undersigned counsel, hereby requests that

Claimants Dr. H.C. Tschira Beteiligungs GmbH & Co KG ("<u>KG</u>") and Klaus Tschira Stiftung

GGmbH ("<u>Stiftung</u>," together with KG, "<u>Claimants</u>") produce, or produce for inspection and

copying, the documents and things requested herein (the "<u>Requests</u>") at the offices of Jones Day,

222 East 41st Street, New York, New York 10017, within 21 days after the date of service hereof.

## DEFINITIONS

Pursuant to Local Bankruptcy Rule 7026-1 of the Local Bankruptcy Rules for the

Southern District of New York and Local Civil Rule 26.3 of the Local Rules of the United States

District Courts for the Southern and Eastern Districts of New York, the definitions and rules of

construction set forth in the Uniform Definitions in Discovery Requests apply to each Request.

Furthermore, all capitalized terms not expressly defined herein shall have the meaning ascribed

to them in the Supplemental Four Hundred Second Omnibus Objection to Claims 32395 and

22671 (No Liability Derivatives Claims), dated April 15, 2013 [ECF No. 36569].  In addition,

the following Definitions shall apply to each and every Request:

1.      "Including" shall mean "including, but not limited to," and is intended to illustrate

the kinds of documents responsive to each Request.  Phrases following "including" are not

intended to be exhaustive of the materials sought by the Request and shall not in any way be read

to limit the scope of the Request.

2.      "Transactions" shall mean the Stiftung Transactions, KG Transactions and all

transactions referenced in the Document annexed as Exhibit 3 to the Declaration of Matthew

Chow in Support of Four Hundred Second Omnibus Objection to Claims 32395 and 22671 (No

Liability Derivatives Claims), dated June 11, 2013 [ECF No. 37861].

## INSTRUCTIONS

1.      Each paragraph below shall operate and be construed independently and unless

otherwise indicated, no paragraph limits the scope of any other paragraph.  Unless otherwise

stated with respect to a particular Request, the time period applicable to each Request is from

September 1, 2008, to the present, and includes all Documents and Communications concerning

that period, even if obtained, prepared or published outside that period.

2.      You are required not only to furnish Documents and Communications in your possession but also to furnish documents and communications that are in the possession of your attorneys, accountants, agents or anyone else acting on your behalf or under your control, except to the extent that such information is privileged.  If you are not in possession of documents or communications responsive to any Request, so state in writing in response to the Request.

3.      In the event you claim that any information called for in these Requests is immune from discovery on the basis of privilege or other basis, set forth the information required by Local Bankruptcy Rule 7034-1.

4.      You must produce Documents and Communications as they are kept in the usual course of business or produce documents organized and labeled to correspond with the categories in these Requests.

5.      Documents and Communications shall not be edited, cut, redacted or expunged and shall include all attachments, appendices, tables and exhibits and all covering memoranda, letters or documents.

6.      If any otherwise responsive Document or Communication has been, but no longer is, in your possession, custody or control, or has ceased to exist, state:

      a.      the date, type and number of pages of the Document or Communication;

      b.      the information contained therein or subject matter of the Document or Communication;

      c.      the author;

      d.      each address and addressee;

      e.      the identity of any attachments or appendices to the Document or Communication;

      f.      all persons having knowledge of the contents of the Document or Communication;

g.    the present location and custodian of the Document or Communication, if it still exists;

h.    the date and manner of any destruction or discard of the Document or Communication; or the circumstances under which the Document or Communication ceased to exist; and

i.    the person authorizing or carrying out such destruction or discard.

7.    All Documents and Communications responsive to this First Request for the Production of Documents shall be produced in such a fashion as to indicate clearly the person or file from which they were produced.

## **REQUESTS FOR PRODUCTION**

1.    All Documents and Communications concerning any valuations, calculations, quotations, bids or offers concerning any of the Transactions or any determinations of Loss with respect to any of the Transactions, including but not limited to any such Documents and Communications exchanged by or between any of (i) Claimants, (ii) Claimants' advisors, (iii) actual or potential trading counterparties, including but not limited to Goldman Sachs International, Mediobanca – Banca di Credito Finanziario S.p.A., and JPMorgan International Bank Limited, and each of their respective affiliates, and (iv) actual or potential investors of the KG Claim or Stiftung Claim, or anyone acting on their behalf.

Dated:  June 21, 2013             JONES DAY
       New York, New York

                               */s/ Jayant W. Tambe*
                               Jayant W. Tambe
                               Benjamin Rosenblum
                               222 East 41st Street
                               New York, New York  10017
                               Telephone:  (212) 326-3939
                               Facsimile:  (212) 755-7306

                               *Attorneys for Lehman Brothers Holdings Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 21, 2013, I caused the foregoing LBHI'S FIRST REQUEST TO

CLAIMANTS DR. H.C. TSCHIRA BETEILIGUNGS GMBH & CO. KG AND KLAUS

TSCHIRA STIFTUNG GGMBH FOR THE PRODUCTION OF DOCUMENTS, dated June 21,

2013, to be served by U.P.S. and electronic mail upon the following counsel for Claimants:

George A. Zimmerman, Esq.
Max Polonsky, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036-6522
Email: Max.Polonsky@skadden.com

*Attorneys for Claimants*

Dated: New York, New York
June 21, 2013

/s/ Matthew S. Chow
Matthew S. Chow

# Exhibit 5

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
George A. Zimmerman
Lauren E. Aguiar
Four Times Square
New York, New York 10036
Phone: (212) 735-3000
Fax: (212) 735-2000

*Attorneys for Dr. H.C. Tschira Beteiligungs GmbH & Co. KG
and Klaus Tschira Stiftung GGmbH*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re                                         :        Chapter 11
                                              :
    LEHMAN BROTHERS HOLDINGS INC., *et al.*,: Case No. 08-13555 (JMP)
                                              :
              Debtors.                        :        (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

### RESPONSES AND OBJECTIONS OF CLAIMANTS DR. H.C. TSHIRA BETEILIGUNGS GMBH & CO KG AND KLAUS TSCHIRA STIFTUNG GGMBH TO LBHI'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 7026, 7034 and 9014 of the Federal Rules of Bankruptcy

Procedure and Rules 26 and 34 of the Federal Rules of Civil Procedure, Claimants Dr. H.C.

Tschira Beteiligungs GmbH & Co. KG ("KG") and Klaus Tschira Stiftung GGmbH ("KTS" and

together with KG, the "Tschira Entities") by and through their undersigned counsel, hereby

respond and object to the First Request for Production of Documents by Lehman Brothers

Holdings, Inc. ("LBHI"), dated June 21, 2013 (the "Requests") as follows:

### GENERAL OBJECTIONS

1.      The Tschira Entities object to the Requests, including without limitation the

Definitions and Instructions set forth therein, to the extent that they purport to impose greater

obligations than those imposed by, or are in any way inconsistent with, the Federal Rules of

Bankruptcy Procedure, the Federal Rules of Civil Procedure or the Local Rules of the

Bankruptcy Court for the Southern District of New York ("Local Bankruptcy Rules").

2.    The Tschira Entities object to the Requests, including without limitation the

Definitions and Instructions contained therein, to the extent that they are unduly burdensome and

overbroad.

3.    The Tschira Entities object to the Requests to the extent that the discovery sought

is unreasonably cumulative or duplicative, or can be obtained from some other source that is

more convenient, less burdensome, or less expensive.

4.    The Tschira Entities object to the Requests to the extent that they seek production

of documents that, by reason of public filing or otherwise, are already in LBHI's possession,

custody, or control.

5.    The Tschira Entities object to the Requests to the extent that the terms or phrases

used therein are vague, ambiguous, and therefore fail to state with reasonable particularity each

item or category of items to be produced.

6.    The Tschira Entities object to the Requests, including without limitation the

Definitions and Instructions contained therein, to the extent that they seek documents and/or

information that is protected from disclosure by the attorney-client privilege, the attorney work-

product doctrine, or any other applicable privilege, doctrine, or immunity or grounds for non-

production. Inadvertent disclosure by the Tschira Entities of information that is protected by the

attorney-client privilege, attorney work-product doctrine or other applicable privilege shall not

constitute a waiver of any privilege or any other ground for objecting to discovery with respect to

such information, nor shall it constitute a waiver of the Tschira Entities' right to object to the use

of any such information during this litigation or otherwise. The Tschira Entities request that

2

LBHI notify it of the production of any such documents promptly upon discovery of any such documents.

7.      The Tschira Entities object to the Requests to the extent that they seek documents containing confidential commercial, business, financial, proprietary or competitively sensitive information and/or information protected by the privacy and/or confidentiality laws, provisions and/or regulations of any domestic or foreign states, including, without limitation: (i) personal and confidential information concerning the Tschira Entities' present or former clients, agents, advisors, attorneys, consultants, representatives, officers, managers and/or employees; and/or (ii) information subject to any confidentiality agreements and/or provisions.

8.      The Tschira Entities object to the Requests to the extent that they seek documents that are not within its possession, custody, or control on the grounds that such an undertaking is (i) unduly burdensome, (iii) an unnecessary expenditure of time and resources, and (3) not required by either the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure or the Local Bankruptcy Rules.

9.      The Tschira Entities object to the extent that they seek to require the Tschira Entities to conduct anything more than a reasonably diligent search for readily accessible files— including electronically-stored information ("ESI")—from readily accessible sources where responsive documents reasonably would be expected to be found.

10.      The Tschira Entities reserve the right to redact from any documents it has otherwise agreed to produce any non-responsive, commercially sensitive information from such documents.

11.      The Tschira Entities response that it will produce documents sought by a particular request does not constitute an admission that the Tschira Entities actually possesses any such documents or that any such documents exist.

3

12.     By responding to the Requests, and/or disclosing information or producing documents in response to the Requests, the Tschira Entities do not concede the materiality, admissibility or relevance of any documents produced.

13.     The Tschira Entities reserve the right to supplement or amend these responses if further information becomes available and to produce responsive documents, if any exist, on a rolling basis.

14.     All General Objections apply to each specific Request.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

15.     The Tschira Entities object to Instruction 2 of the Requests to the extent that it purports to require the Tschira Entities to collect documents in the possession, custody or control of its "attorneys, accountants, agents or anyone else acting on [its] behalf or under [its] control" on the grounds that it is overbroad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

16.     The Tschira Entities object to Instruction 8 to the extent that it exceeds the scope of what is required to assert privilege in accordance with the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

## SPECIFIC RESPONSES AND OBJECTIONS

### Document Request No. 1

All Documents and Communications concerning any valuations, calculations, quotations, bids or offers concerning any of the Transactions or any determinations of Loss with respect to any of the Transactions, including but not limited to any such Documents and Communications exchanged by or between any of (i) Claimants, (ii) Claimants' advisors, (iii) actual or potential trading counterparties, including but not limited to Goldman Sachs International, Mediobanca –

4

Banca di Credito Finanziario S. p. A., and JPMorgan International Bank Limited, and each of their respective affiliates, and (iv) actual or potential investors of the KG Claim or Stiftung Claim, or anyone acting on their behalf.

**Response to Document Request No. 1**

The Tschira Entities object to this Request on the grounds that it is overbroad and unduly burdensome. The Tschira Entities further object to this Request on the grounds that it seeks information that is protected from disclosure by the attorney work product privilege, attorney-client privilege, and/or other duties of confidentiality or privilege belonging to the Tschira Entities. The Tschira Entities further object to this Request on the grounds that it seeks the production of documents in the possession, custody, or control of third parties, and therefore the requested information can be obtained from some other source that is more convenient. The Tschira Entities further object to this Request on the grounds that they intend to withdraw their claims, thereby obviating the need for document discovery.

Dated: July 16, 2013
     New York, New York

/s/ George Zimmerman
George A. Zimmerman
Lauren E. Aguiar
Jeffrey Geier
Julie E. Cohen
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

*Attorneys for Dr. H.C. Tschira Beteiligungs GmbH & Co. KG and Klaus Tschira Stiftung GGmbH*

5