**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
                                          :

In re:                                      :    Chapter 11

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :    Case No. 08-13555 (JMP)

              Debtors.                :    (Jointly Administered)

---------------------------------------------------------------X

**DECLARATION OF DANIEL J. EHRMANN**
**IN SUPPORT OF LBHI'S OPPOSITION TO CLAIMANTS' MOTION TO**
**WITHDRAW CLAIMS 32395 AND 22671 PURSUANT TO FED. R. BANKR. PROC. 3006**

      I, Daniel J. Ehrmann, hereby declare and state as follows under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

      1.     I am over 18 years of age and make these statements based on my personal knowledge, my review of the business records of Lehman Brothers Holdings Inc. ("LBHI"), and/or my consultation with employees of LBHI, their affiliates, and Alvarez & Marsal North America, LLC ("A&M"). If called to testify, I could testify to the truth of the matters set forth herein.

      2.     I am a Managing Director with A&M. I began my career as an attorney practicing law in France for five years. I have specialized in turnaround and restructuring with A&M since 2000, serving in a variety of interim management, advisory and financial restructuring roles.

      3.     I was assigned by A&M to the Lehman matter in September 2008. One of my primary areas of responsibility is the management of all international and foreign matters of LBHI and its affiliated debtors (collectively, the "Debtors").

4. Claims 32395 and 22671 (the "Claims") arise out of variable forward transactions, each referring to underlying shares of SAP AG, executed between Dr. H.C. Tschira Beteiligungs GmbH & Co. KG and Klaus Tschira Stiftung GGmbH (the "Claimants") and LBF (the "Transactions"). The Transactions automatically terminated on September 15, 2008, and with regard to payments on early termination, Claimants contend that (i) it was not reasonably practicable to determine Loss, as that term is defined in the agreements governing the Transactions, as of September 15, 2008, and (ii) there were not any commercially reasonable determinants of value as of September 15, 2008. I submit this declaration to describe to the Court the prejudice inflicted upon LBHI by way of Claimants' multi-jurisdictional conduct in pursuing their claims.

5. I was directly involved in negotiations that culminated in the Settlement Agreement, made and entered into as of March 27, 2013, by and among (i) the LBHI Parties, as that term is defined therein, and (ii) Lehman Brothers Finance AG (in Liquidation), also known as Lehman Brothers Finance SA (en liquidation) ("LBF") (the "Settlement"), as such Settlement was approved by this Court by order dated April 25, 2013 [ECF No. 36866].

6. The Settlement was the result of extensive negotiations between LBHI and LBF, and resulted in the comprehensive settlement of claims with one of LBHI's material foreign affiliates. Prior to the Settlement, LBF had asserted some of the largest claims against LBHI. In particular, LBF initially filed claims against LBHI aggregating to approximately $59.3 billion. Although LBF filed amendments to these claims on December 13, 2011 that reduced LBF's aggregate claims against LBHI to approximately $15.4 billion, LBF's claims against LBHI remained extraordinary and among the largest Disputed Claims (as defined in the Plan) that remained unresolved against LBHI. LBHI vigorously disputed LBF's claims.

7.      In addition, prior to the Settlement, LBHI had filed a substantial claim in the amount of approximately $14.2 billion against LBF in LBF's bankruptcy proceeding, based primarily on intercompany loan transactions.  LBF vigorously disputed LBHI's claims, including on the basis that it may have offsetting claims against LBHI under Swiss law.

8.      After more than four years of highly contentious negotiations, LBHI and LBF reached an economic resolution of the legal disputes summarized above.  Pursuant to the Settlement Agreement, in full and final settlement of all of the intercompany claims between LBF and LBHI, LBHI will receive (i) an allowed claim against LBF in an amount equal to CHF 9.548875 billion (corresponding to $8.75 billion converted to Swiss Francs at the rate of USD/CHF 1.0913) (the "<u>LBHI Claim</u>") and (ii) assignment from LBF of LBF's claims against certain of LBHI's affiliates.  In addition, under the Settlement Agreement, LBF will have an allowed claim against LBHI in the amount of approximately $942 million on account of LBHI's guarantee of certain securities owned by LBF.

9.      The Settlement positions LBF to begin making billions of dollars in distributions to its creditors, including LBHI.  For these reasons, the Settlement Agreement is manifestly in the best interests of both LBHI and LBF.

10.     I have reviewed the Declaration of Ines Pöschel and understand that Claimants are the sole objectors to the Settlement.  While Claimants' challenge to the Settlement is pending, the distribution of billions of dollars to LBF's creditors, including LBHI, and thereby the distribution to LBHI's creditors, remains delayed.

11.     In addition, while Claimants' challenge to the Settlement is pending, LBHI will be required to hold approximately $4 billion in reserves that would otherwise be available for release to or for the benefit of LBHI's creditors upon consummation of the Settlement.

12. Following the hearing before the Court on June 13, 2013, counsel to LBHI began to prepare for the anticipated evidentiary hearing. LBHI engaged three expert witnesses to analyze the Transactions and prepare written reports as necessary. As of July 18, 2013, when Claimants filed their Motion to Withdraw Claims 32395 and 22671 Pursuant to Federal Rule of Bankruptcy Procedure 3006, two of the experts had substantially completed their opening reports, and all three experts had done considerable work in anticipation of rebuttal reports. Each of these experts has provided invoices through July 18, 2013, for the services rendered to LBHI. In addition to the costs and expenses of expert witnesses, LBHI has incurred substantial legal fees in the U.S., England and Switzerland in connection with the Claims. If the Court awards LBHI its reasonable attorneys' fees and expenses in connection with Claimant's Motion to Withdraw, I will promptly submit reasonably detailed invoices for the fees and expenses incurred.

Executed at:   New York, New York
               24 July 2013

                                          _____
                                          DANIEL J. EHRMANN