# EXHIBIT A



Dechert
LLP

30 Rockefeller Plaza
New York, NY 10112-2200
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

October 30, 2007

Lehman Brothers Inc.
745 7th Avenue, 13th Floor
New York, New York 10019

Structured Asset Securities
 Corporation
745 Seventh Avenue, 7th Floor
New York, New York 10019

Standard & Poor's, a division of
 The McGraw-Hill Companies, Inc.
55 Water Street, 41st Floor
New York, New York 10004

Fitch Ratings, Inc.
One State Street Plaza
New York, NY 10004

Re:  Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates Series 2007-10

Ladies and Gentlemen:

We have acted as counsel for Structured Asset Securities Corporation (the "Company") in connection with the sale by the Company of Mortgage Pass-Through Certificates, Series 2007-10 (the "Certificates"). The Certificates evidence specified interests in two pools of mortgage loans (the "Mortgage Loans") and certain other property (collectively, the "Trust Fund") conveyed by the Company to U.S. Bank National Association, as trustee (the "Trustee"), pursuant to the Trust Agreement. The Company purchased certain Mortgage Loans from Lehman Brothers Holdings Inc. ("LBH") pursuant to a Mortgage Loan Sale and Assignment Agreement, dated October 1, 2007 (the "Sale Agreement"), by and between LBH, as seller, and the Company, as purchaser. The Certificates are issued under the terms of a Trust Agreement (the "Trust Agreement"), dated as of October 1, 2007, among the Company, Aurora Loan Services LLC, as master servicer and the Trustee. Capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Trust Agreement.

In connection with the foregoing, we have made such legal and factual examinations and inquiries as we have deemed necessary or advisable for the purpose of rendering the opinions expressed herein, including but not limited to examination of the following:

1.   the Trust Agreement;

2.   the Sale Agreement;

3.   the forms of Certificates;

4.   a Certificate of the Company, dated the date hereof (the "Company's Officer's Certificate"), with respect to certain factual matters related to the transfer of the



Lehman Brothers Inc.
Structured Asset Securities Corporation
Standard & Poor's, a division of The
 McGraw-Hill Companies, Inc.
Moody's Investors Service, Inc.
Fitch Ratings, Inc.
October 30, 2007
Page 2

Mortgage Loans pursuant to the Trust Agreement and the transactions involving the Company contemplated by the Trust Agreement;

5. the Assignment and Assumption Agreement (the "Assignment and Assumption Agreement"), dated as of October 1, 2007, by and between Lehman Brothers Bank, FSB (the "Bank") and LBH and certain Bills of Sale (the "Bills of Sale"), issued pursuant to a related purchase price and terms letter between the Bank, as seller and LBH, as purchaser (the Assignment and Assumption Agreement or the related Bills of Sale shall collectively be referred to herein as an "Assignment Agreements");

6. a Certificate of LBH, dated the date hereof (the "LBH's Officer's Certificate"), with respect to certain factual matters related to the assignment of certain Mortgage Loans to LBH pursuant to the Assignment Agreements and the transfer of the Mortgage Loans pursuant to the Sale Agreement and the transactions involving LBH contemplated by the Sale Agreement;

7. the other documents, certificates, letters and opinions being delivered in connection with the closing of the transactions contemplated by the Trust Agreement; and

8. such other documents as we have deemed appropriate in order to reach the opinions contained herein.

In rendering the opinion set forth below, we have made no independent investigation of the facts referred to herein and have relied exclusively as to factual matters upon the truth of representations included in the Sale Agreement and the Trust Agreement and the other documents, certificates, letters and opinions delivered at the closing on the transactions contemplated by the Sale Agreement and the Trust Agreement. In particular, we have assumed, without independent investigation, the accuracy of the statements contained in LBH's Officer's Certificate and in the Company's Officer's Certificate.

The opinions set forth below are limited to Title 11 of the United States Code (the "Bankruptcy Code"). We express no opinion with respect to the ability of any person to obtain a temporary restraining order, or other temporary relief, prohibiting or limiting the ability of any person or entity to obtain any property of LBH or the Company or any property held by LBH or the Company prior to a final judicial resolution of an assertion that the automatic stay provisions of Section 362 of the Bankruptcy Code preclude such action. We also direct your attention to the

CONFIDENTIAL TREATMENT REQUESTED BY TRUSTEE FOR LBI                    HHR_LBI_FHLB_005388



Lehman Brothers Inc.
Structured Asset Securities Corporation
Standard & Poor's, a division of The
    McGraw-Hill Companies, Inc.
Moody's Investors Service, Inc.
Fitch Ratings, Inc.
October 30, 2007
Page 3

fact that we are not aware of any judicial precedent or statute which directly controls the question of whether the transfer of (i) the Mortgage Loans by LBH to the Company under the Sale Agreement constitutes a true sale of the Mortgage Loans as opposed to a financing thereof or (ii) the Mortgage Loans by the Company to the Trustee under the Trust Agreement constitutes a true sale of the Mortgage Loans as opposed to a financing thereof.

On the basis of the foregoing, we are of the opinion that (i) in the event of the insolvency or bankruptcy of LBH, upon motion by a trustee in bankruptcy of LBH, a creditor of LBH or LBH itself as debtor-in-possession under the Bankruptcy Code, a court would not characterize the transfer of the Mortgage Loans by LBH to the Company under the Sale Agreement as a loan secured by a pledge of the Mortgage Loans rather than a sale of the Mortgage Loans, or, as a result, hold that the Mortgage Loans or any proceeds thereof constitute property of LBH's estate under Section 541 of the Bankruptcy Code or that the Mortgage Loans or any proceeds thereof are subject to the automatic stay provisions of Section 362(a) of the Bankruptcy Code and (ii) in the event of the insolvency or bankruptcy of the Company, upon motion by a trustee in bankruptcy of the Company, a creditor of the Company or the Company itself as debtor-in-possession under the Bankruptcy Code, a court would not characterize the transfer of the Mortgage Loans by the Company to the Trustee under the Trust Agreement as a loan secured by a pledge of the Mortgage Loans rather than a sale of the Mortgage Loans, or, as a result, hold that the Mortgage Loans or any proceeds thereof constitute property of the Company's estate under Section 541 of the Bankruptcy Code or that the Mortgage Loans or any proceeds thereof are subject to the automatic stay provisions of Section 362(a) of the Bankruptcy Code.

In rendering the opinions expressed above, we express no opinion herein as to the effect of the laws of any jurisdiction other than the Federal laws of the United States of America and the laws of the State of New York.

The opinion set forth above is expressed solely for the benefit of the addressees and may not be relied upon by any other person or entity without our prior written consent.

Notwithstanding any language to the contrary in this letter, the Company and its affiliates are authorized to make available to their auditors the opinions set forth above solely as evidential matter in support of the auditors' evaluation of management's assertion that the transfer of the Mortgage Loans meets the isolation criterion of Statement of Financial Accounting Standards No. 140, *Accounting for Transfers and Servicing of Financial Assets and Extinguishment of Liabilities*, provided that a copy of this letter is furnished to them in connection therewith. In authorizing the Company and its affiliates to make copies of such opinions available to their auditors for such purpose, we are not undertaking or assuming any duty or obligation to the

CONFIDENTIAL TREATMENT REQUESTED BY TRUSTEE FOR LBI                              HHR_LBI_FHLB_005389



Lehman Brothers Inc.
Structured Asset Securities Corporation
Standard & Poor's, a division of The
 McGraw-Hill Companies, Inc.
Moody's Investors Service, Inc.
Fitch Ratings, Inc.
October 30, 2007
Page 4

Company's or its affiliate's auditors or establishing any lawyer-client relationship with them. Further, we do not undertake or assume any responsibility with respect to financial statements of the Company or its affiliates.

Very truly yours,

[signature]

CONFIDENTIAL TREATMENT REQUESTED BY TRUSTEE FOR LBI

HHR_LBI_FHLB_005390