SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
George A. Zimmerman
Lauren E. Aguiar
Jeffrey S. Geier
Susan A. Arbeit
Four Times Square
New York, New York 10036
Phone: (212) 735-3000
Fax: (212) 735-2000

*Attorneys for Dr. H.C. Tschira Beteiligungs GmbH & Co. KG
and Klaus Tschira Stiftung gGmbH*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**REPLY IN SUPPORT OF MOTION OF DR. H.C. TSCHIRA BETEILIGUNGS
GMBH & CO. KG AND KLAUS TSCHIRA STIFTUNG GGMBH TO WITHDRAW
CLAIM NUMBERS 32395 AND 22671 PURSUANT TO RULE 3006 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**Table of Contents**

I.    Introduction ................................................................................................................1

II.   Statement of Facts .......................................................................................................3

      A.    The Claims and the Objection ...............................................................................3

      B.    The June 13 Hearing ..............................................................................................5

      C.    The Parties Meet and Confer, and the  Tschira Entities Determine To
            Withdraw the Claims ..............................................................................................7

      D.    The Present Motion .................................................................................................7

      E.    The Valuations and the Swiss Proceedings ...........................................................8

III.  Argument ....................................................................................................................11

      A.    Granting the Motion Is Appropriate Under Rule 3006 .......................................11

      B.    There is No Merit to Any of LBHI's Objections ................................................15

            1.    LBHI's Attempt to Dispose of the Tschira Entities'  Claims Against
                  LBF In Switzerland Is Without Merit .........................................................15

                  (a)    LBHI's Efforts To Parlay Withdrawal of Proofs of Claim
                         Into Bars of Claims Against LBF Is Contrary to the Law .............15

                  (b)    Withdrawal Pursuant to Rule 3006 Puts the Withdrawing
                         Party in the Position It Would Have Been Had the Claim
                         Never Been Filed ...........................................................................18

                  (c)    LBHI's Remaining Arguments Are Misplaced ..............................19

            2.    LBHI's Effort To Bar the Tschira Entities From Asserting
                  Defenses If LBHI Attempts To Assert Claims In the Future Is
                  Without Merit ...............................................................................................19

            3.    There Is No Basis To Require the Tschira Entities To Produce
                  Documents ....................................................................................................21

            4.    Dismissal Should Not Be Conditioned On  Payment of LBHI's
                  Fees and Expenses .......................................................................................21

Conclusion .........................................................................................................................24

<h1 style="text-align:center"><u>Table of Authorities</u></h1>

<strong>Case Law</strong>

<u>In re 20/20 Sport, Inc.</u>,
    200 B.R. 972 (Bankr. S.D.N.Y. 1996)........................................................................12, 13

<u>In re Agway, Inc.</u>,
    Nos. 02-65872 to 02-65877, 2008 WL 6786754 (Bankr. N.D.N.Y. Dec. 16, 2008).........14

<u>In re Appleseed's Intermediate Holdings LLC</u>,
    No. 11-10160 (KG), 2012 Bankr. LEXIS 5957
    (Bankr. D. Del. Dec. 20, 2012)........................................................................12, 16, 17, 21

<u>In re Armstrong</u>,
    215 B.R. 730 (Bankr. E.D. Ark. 1997) ............................................................................14

<u>Chateaugay Corp. v. The LTC Corp. (In re Chateaugay Corp.)</u>,,
    165 B.R. 130 (S.D.N.Y. 1994)........................................................................................14

<u>Colombrito v. Kelly</u>,
    764 F.2d 122 (2d Cir. 1985)............................................................................................22

<u>In re County of Orange</u>,
    203 B.R. 977 (Bankr. C.D. Cal. 1996)........................................................................12, 13

<u>In re Cruisephone, Inc.</u>,
    278 B.R. 325 (Bankr. E.D.N.Y. 2002)............................................................................18

<u>In re Einstein/Noah Bagel Corp.</u>,
    257 B.R. 499 (Bankr. D. Ariz. 2000)........................................................................16, 18

<u>Field v. Albright (In re Maui Industrial Loan & Finance Co.)</u>,
    No. 10-00235, 2012 Bankr. LEXIS 736 (Bankr. D. Haw. Feb. 8, 2012) ...................13, 20

<u>Gibson v. Kassover, (In re Kassover)</u>,
    No. 98-43124(BRL), 2008 Bankr. LEXIS 2984 (Bankr. S.D.N.Y. Oct. 30, 2008)...........23

<u>Global One Communications World Holding B.V. v. Gaul</u>,
    No. 01-cv-254 (GLS/DRH), 2008 U.S. Dist. LEXIS 54319 (N.D.N.Y. July 16,
    2008) ............................................................................................................................22

<u>Goldlawr Inc. v. Shubert</u>,
    32 F.R.D. 467 (S.D.N.Y. 1963) ................................................................................17, 18

<u>In re Kaiser Group International, Inc.</u>,
    272 B.R. 852 (Bankr. D. Del. 2002) ...............................................................................15

ii

<u>In re Ogden N.Y. Services, Inc.</u>,
    312 B.R. 729 (S.D.N.Y. 2004) ......................................................................................12

<u>In re Petition of Ilan Shavit</u>,
    197 B.R. 763 (Bankr. S.D.N.Y. 1996) ..........................................................................23

<u>Resorts International, Inc. v. Lowenschuss,</u> (In re Lowenschuss),
    67 F.3d 1394 (9th Cir. 1995) ..................................................................................12, 13

<u>Smith v. Dowden</u>,
    47 F.3d 940 (8th Cir. 1995) ........................................................................................18

<u>Zagano v. Fordham University</u>,
    900 F.2d 12 (2d Cir. 1990) ..........................................................................................14

**Statutes**

11 U.S.C. § 562 ................................................................................................... passim

Fed. R. Bankr. Proc. 3006 .................................................................................... passim

**Other Authorities**

Collier on Bankruptcy ¶ 3006.1 ...........................................................................14

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

    Dr. H.C. Tschira Beteiligungs GmbH & Co. KG ("KG") and Klaus Tschira Stiftung

gGmbH ("KTS" and together with KG, the "Tschira Entities"), by and through their undersigned

counsel, respectfully submit this reply in support of their motion (the "Motion") for leave to

withdraw Claim Numbers 32395 and 22671 (the "Claims") pursuant to Rule 3006 of the Federal

Rules of Bankruptcy Procedure ("Rule 3006").

## I.    Introduction

1.    The Tschira Entities filed a straightforward motion to withdraw their Claims[1]

against LBHI in the amount of roughly $600 million. Those Claims are based upon LBHI's role

as guarantor under ISDA Agreements between LBF and the Tschira Entities. As the Court is

aware, the Tschira Entities are litigating their underlying claims against LBF in the Swiss

Proceedings.

2.    In their moving papers, the Tschira Entities established that courts routinely grant

motions to withdraw, typically including no or minimal conditions. Such orders are designed to

ensure that neither party suffers legal prejudice or gains an untoward benefit by virtue of the

claim withdrawal.

3.    To that end, the Tschira Entities' Proposed Order ([ECF No. 38818] (the

"Proposed Order")) would forever bar them from reasserting the Claims affirmatively against

LBHI, thus enabling LBHI to eliminate a reserve for this contingency and immediately distribute

the reserved funds to its Creditors. In addition, and consistent with the Court's stated desire at

the June 13, 2013 hearing to limit this case to the Bankruptcy Code § 562 (11 U.S.C. § 562

---

[1]    Capitalized terms not otherwise defined herein shall have the meaning ascribed in the Motion.

("Section 562")) issue uniquely presented in this case and avoid any ruling that could adversely

impact the Tschira Entities' underlying claim against LBF in the Swiss Proceedings, the

Proposed Order preserves the Tschira Entities' ability to pursue their legitimate claim against

LBF in the Swiss Proceedings.

4.    In its opposition papers, LBHI asks this Court to impose a draconian laundry list

of conditions that are unprecedented.   Indeed, one of the conditions sought by LBHI is that the

Court enter incredibly sweeping findings of fact and conclusions of law that it (or LBF) would

argue, among other things: (i) destroys the Tschira Entities' ability to pursue their claims against

LBF in the Swiss Proceedings and provides a complete windfall to LBF; (ii) takes away the

Tschira Entities' right to object in Switzerland to the settlement agreement between LBF and

LBHI; and (iii) even goes so far as to declare that LBF is entitled to affirmatively recover funds

from the Tschira Entities.  And, LBHI asks all this based on the misguided notion that this Court

would have reached this result in this forum in the context of an expedited proceeding on the

narrow Section 562 issue, notwithstanding the Court's explicit statement that "I view what's

going on in Switzerland as not directly relevant to the claim resolution process in this Court, . . .

If [the Tschira Entities] lose here, that doesn't preclude your ability to argue against LBF that my

decision here was predicated upon applicable bankruptcy law that isn't extant for their purposes"

(Hr'g Tr. at 30, June 13, 2013);[2] and despite this Court's further observation that "I do not view

this as derivative of the Swiss proceedings.  I view this as an independent claim matter to be

resolved expediently with . . . such discovery . . . that may be needed to address what I view as a

very narrow question."  (Id. at 36 (emphasis added).)

---

[2]    A complete copy of the transcript of the June 13, 2013 hearing on the Objection (pages 1-37 of the transcript),
as opposed to the extracts submitted by LBHI, is appended as Exhibit 1 to the Declaration of George A.
Zimmerman submitted herewith.

2

5.      Not surprisingly, while notably long on inflammatory rhetoric, LBHI's memorandum in opposition to the Motion [ECF No. 38975] (the "Opposition") is bereft of authority supporting the extreme conditions it asks this Court to impose on what amounts to a routine motion to withdraw the Claims.  Indeed, LBHI cannot cite a single case imposing the types of conditions it seeks.  Its silence on this score is particularly notable given the extensive case law supporting withdrawal on the grounds the Tschira Entities request.

6.      Unable to tether their overreaching to any legal authority, LBHI goes to great lengths (including the submission of several irrelevant declarations) to falsely impugn steps taken by the Tschira Entities in the Swiss Proceedings, apparently in an attempt to convince the Court that they are taking inconsistent and contrary positions in Switzerland and New York – which, as set forth below, is demonstrably not the case.  All of this, to drum up a convoluted, and ultimately unconvincing, argument about the supposed "prejudice" LBHI will suffer if the Tschira Entities are permitted to withdraw the Claims in this proceeding.

7.      On its face, the notion that LBHI will suffer cognizable legal prejudice if a claim against them is withdrawn, never to be reasserted, is fatally counterintuitive, and stands the law squarely on its head.  As set forth below, there is no basis in law to impose the conditions LBHI seeks.  The Motion should be granted on the terms set forth in the Proposed Order submitted by the Tschira Entities.

## II.      Statement of Facts

### A.      The Claims and the Objection

8.      The Tschira Entities filed the Claims on September 21 and 22, 2009.  Almost four years later, LBHI filed its Objection without ever having discussed the Claims or contemplated objections with the Tschira Entities.  Briefing with respect to the Objection ensued.

3

9.    In opposing the Objection, the Tschira Entities argued that litigation with respect to the Objection should be stayed in favor of the Swiss Proceedings in which the primary claims against LBF were being litigated.  In their submission in support of a stay, the Tschira Entities specifically argued that they "should not have to litigate the interpretation of an English-law governed ISDA agreement in two courts at the same time; and given the fact that LBHI's objection here completely mirrors LBF's arguments in the more advanced Swiss Proceedings, it is clear that duplicative litigation is inevitable if both proceedings go forward."  (Resp. ¶ 17.) Thus, from their very first filing in connection with the Objection, and consistently since then, the Tschira Entities' position has been that their primary claims against LBF, which are governed by English law and subject to mandatory venue in Switzerland, should not be litigated here in connection with the Objection.

10.    In opposing a stay, LBHI emphasized the central role of Section 562 in this litigation, arguing that:

> resolution of the Claims depends in very significant if not overwhelming part on the Court's application of Section 562 of the Bankruptcy Code, which, of course, does not operate in Switzerland and plays no role in the Swiss Proceedings.  Yet Claimants conveniently ignore the impact of Section 562 when they posit that "LBHI's objection here completely mirrors LBF's arguments in the [purportedly] more advanced Swiss Proceedings."

(Reply ¶ 31 (quoting Resp. ¶ 17 (alterations in original)).)  Of course, these prior assertions -- that this Court can dispose of the Claims based on Section 562, which has no applicability in the Swiss Proceedings -- are directly at odds with LBHI's current argument that "the Claims asserted by Claimants against LBF are premised on *identical* facts and legal issues as those in this case." (Opp. ¶ 51.)

4

11.     Thus, prior to the hearing on June 13, LBHI took the position that the Objection could (and should) be resolved on the basis of Section 562 and that Section 562 had no application in Switzerland.

**B.     The June 13 Hearing**

12.     The Court held a hearing on the Objection on June 13, 2013.  At the hearing, LBHI opposed KTS's request for a stay.

13.      In doing so, LBHI repeatedly emphasized that, although LBHI should prevail even under English law, the Court need not reach issues of English law to sustain the Objection. (Hr'g Tr. at 15.)  LBHI further noted that: "It is my understanding that the Swiss tribunal, the Swiss court that's hearing the various Swiss proceedings, will not, in fact, apply 562.  The 562 argument is one that's raised by LBHI as a U.S. debtor -- . . . in this forum.  The claim against LBHI as guarantor is not present in the Swiss proceedings at all."  (<u>Id.</u> at 16.)  LBHI went on to state that "[w]hat we have before the Court is a fully developed legal argument on 562 and the correct date for valuing the termination values.  It's our position no further submissions are needed on this."  (<u>Id.</u> at 18.)

14.     During the course of the argument, the Court indicated its view that a stay of this proceeding was not appropriate because the Section 562 issue was not being litigated in the Swiss Proceedings; this Court could dispose of this case against LBHI regardless of the outcome of the Swiss Proceedings against LBF; and as the issue before this Court was a "narrow question," it could and should be decided by this Court on an expedited basis with targeted discovery:

> <u>I view what's going on in Switzerland as not directly relevant to the claim resolution process in this Court</u>, although you've pointed out that, if you [the Tschira Entities] are unsuccessful in the case against LBF in Switzerland, claims here go away.  If you are successful, the 562 issue can effectively be revisited then with reference to the guarantee claim.  It's also possible that we can flip that

5

on its head and that I can deal preemptively with the guarantee issue, under section 5[6]2, determine that you're either right or wrong with respect to the existence of commercially-reasonable determinants of value as of October 16 or as of September 15, as argued by the debtor, and you can either win or lose here.

<u>If you lose here, that doesn't preclude your ability to argue against LBF that my decision here was predicated upon applicable bankruptcy law that isn't extant for their purposes.</u>  So I'm turning this argument right back at you.

<u>Why should this proceeding be stayed a moment when I can deal with these issues independently</u>?  Why should I stay these proceedings for a moment when the claims asserted here are, as I understand it, so large that they actually have a significant impact on reserves and distribution rights of other creditors?  I'm not waiting.

(Hr'g Tr. at 30-31 (emphasis added).)[3]

15.    In response, the Tschira Entities agreed that the Court's approach in lieu of an

outright stay of this proceeding protected their rights in the Swiss Proceedings:

If you conclude, . . . that we're wrong on 562, then that doesn't – if it's a legal analysis, it doesn't interfere or preclude the claimants from getting whatever they can get in Switzerland.  It just makes sure that you never have to see us again. And so, assuming we have the opportunity to fully brief all the legal issues and we're not going to have a full-blown trial as to the facts, that is kind of what I was maybe suggesting as an alternative path . . .

(Hr'g Tr. at 32)

16.    Ultimately, the Court concluded:

Claimant needs an opportunity to make an argument on why October 16 is right. It may involve the use of experts.  Lehman may require experts as well.  I am not going to delay on this.  <u>I do not view this as derivative of the Swiss proceedings. I view this as an independent claim matter to be resolved expediently</u> with a briefing schedule to be determined by the parties, including such discovery – and

---

[3]    During the hearing the Court expressed doubt that it would need to look at English law in connection with its analysis under Section 562.  (Opp. ¶ 17.)  While the Tschira Entities argued in response that the legislative history of Section 562 suggested that English law would be one of the factors to be considered, this Court noted that legislative history is not binding. (Hr'g Tr. at 26.)  More to the point, regardless of the appropriate valuation date under English law, if the Swiss Court ruling on that issue is at odds with Section 562 as construed by this Court, this Court will have the final say on LBHI's liability as guarantor regardless of LBF's underlying liability under English law.

it should be truly targeted – that may be needed to address what I view as a very narrow question.

(Hr'g Tr. at 36 (emphasis added).)

17.    On this record and with the understanding that the sole issue to be litigated at this juncture was whether Section 562 required valuation as of September 15 or as of the alternative date proffered by the Tschira Entities, the Tschira Entities entered into the meet and confer process with LBHI to develop a mutually agreeable schedule consistent with the timetable set by the Court.

**C.    The Parties Meet and Confer, and the
Tschira Entities Determine To Withdraw the Claims**

18.    Based on discussions in the meet and confer process, the Tschira Entities concluded that LBHI was attempting to expand the scope of this expedited proceeding to something much larger, apparently in the hopes of obtaining a ruling that could be used to benefit LBF in Switzerland.  Given that the primary claim is and always has been against LBF and subject to mandatory jurisdiction in Switzerland, where the appropriate process and procedures are well underway,[4] and based on the totality of the circumstances, the Tschira Entities determined to withdraw their guaranty-based Claims against LBHI.

**D.    The Present Motion**

19.    The risk the Tschira Entities perceived during the meet and confer process has now been confirmed by the Opposition.[5]  Despite having emphasized that the Objection could be sustained under Section 562 without looking to English law, LBHI now asks this Court to

---

[4]    As LBHI acknowledges, the Tschira Entities have filed a complaint against LBF in Switzerland consisting of 256 numbered paragraphs and over 90 Appendices.  (Opp. ¶ 24.)

[5]    In this regard, it is remarkable that LBHI has submitted a full-blown declaration regarding the application of English law to the primary claims against LBF in Switzerland.  The declaration obviously has no relevance to the instant Motion and its submission is a naked effort to insert unnecessary issues (to benefit LBF) into the briefing on what should be a straightforward motion to withdraw.

7

condition voluntary withdrawal of the Claims on findings of fact that include a finding that "Claimants have failed to demonstrate, on the merits, that it was not reasonably practicable to determine Loss as of September 15, 2008" (Opp. ¶ 8(b)(ii)(d)) -- essentially a finding that LBF has no primary liability under the underlying ISDA Agreement under English law, and a finding that stands on its head the Court's observation that "I view what's going on in Switzerland as not directly relevant to the claim resolution process in this Court . . ." (Hr'g Tr. at 30.) LBHI's Opposition demonstrates precisely why the Tschira Entities sought a stay in favor of Switzerland in the first place; and why their decision to withdraw the Claims is in good faith and perfectly consistent with their position all along.

20.    Indeed, LBHI seeks not only to prejudice the Tschira Entities' claims against LBF in Switzerland, but it also seeks to obtain factual findings LBF presumably would attempt to use affirmatively against the Tschira Entities in Switzerland. As set forth in the Pöschel Declaration, "LBF lodges a claim against the Claimants for payment to LBF based on its own valuation." (Pöschel  Decl. ¶ 3.) In LBHI's proposed findings of fact, it asks this Court to conclude that "as of September 15, 2008, it was LBF, not Claimants, that was owed money as a result of the termination." (Opp. ¶ 8(b)(ii)(e).) Thus, LBHI asks this Court to enter factual findings, with no factual or legal support, that could be used by LBF in hopes of bolstering its claims against the Tschira Entities in Switzerland. It is hard to conceive of a more plainly overreaching request. Clearly, these are matters that should be left to the Swiss courts which have exclusive jurisdiction over the disputes between the Tschira Entities and LBF and will have the benefit of a fully developed record.

E.    **The Valuations and the Swiss Proceedings**

21.    LBHI spills much ink, both in its brief and accompanying declarations, concerning what it terms "valuations" the Tschira Entities obtained during the week of

8

September 15, 2008.  (Opp. ¶¶ 5, 19, 24-29.)  As LBHI acknowledges, these "valuations" were submitted by the Tschira Entities in connection with the Swiss Proceedings as part of the Tschira Entities' efforts to establish a claim against LBF.  (Id. ¶ 24.)

22.     While LBHI feigns surprise and portrays these valuations as recently discovered and suggests the Tschira Entities attempted to conceal this information, it reluctantly acknowledges that they were submitted by the Tschira Entities to the Swiss court in April 2013 and were even referenced in the filings made by the Tschira Entities in these proceedings.  (Id. ¶¶ 5, 19.)

23.     Contrary to the assertions by LBHI, the Tschira Entities have not advanced inconsistent positions with respect to the "valuations."  The Tschira Entities have asserted here (under Section 562 governing the guarantee claim) – and consistently argued in the Swiss Proceedings (under English law governing the underlying ISDA agreements) -- that the appropriate valuation date is October 16, 2008.

24.     The documents submitted by the Tschira Entities in Switzerland simply do not have the import LBHI attempts to assign to them, and they are certainly not evidence of anything untoward by the part of the Tschira Entities.  Nor do they demonstrate that "Claimants had no claim against either LBF or LBHI."   (Id. ¶ 28.)  On the contrary, as the Tschira Entities openly submitted these valuations in support of their claims against LBF, they obviously support their position.

25.     Indeed, these so-called valuations demonstrate that it was not possible to obtain a quote for a replacement transaction as of September 15, 2008.  As the Tschira Entities explained in their Response submitted to this Court,

> [i]mmediately upon LBHI's bankruptcy filing and in the weeks thereafter, the Tschira Entities' representatives contacted JPMorgan, Goldman Sachs and

9

Investment Bank Mediobanca p.p.A ("Mediobanca") in attempts to enter into replacement trades. The Tschira Entities were required to post SAP shares as collateral with any prospective new counterparty . . . those shares remained in LBIE's custody, and the Tschira Entities neither had, nor could they borrow, the additional millions of shares of SAP necessary to collateralize a replacement trade.

(Response ¶¶ 10-11 (footnote omitted).)

26.     Specifically, the Mediobanca memo reflects that it was providing a price for a transaction in which the Tschira Entities would "pledge the total number of shares underlying the transactions in favour of the Bank to cover the Bank's credit risk." (Pöschel Decl. Ex. 1 at 2; see also Declaration of Bernd Kammerlander dated July 26, 2013 ("Kammerlander Declaration") ¶ 5.) Of course, the SAP shares pledged in favor of the transactions at issue here had not yet been returned to the Tschira Entities, leaving this transaction impossible. The Goldman Sachs email similarly does not value a replacement transaction. While Goldman Sachs provided a price for part of the transaction (the variable forward sale), it did not price the other portion (the variable forward purchase). (Kammerlander Decl. ¶ 6; Pöschel Decl. Ex. 2; see also Opp. ¶ 25 (noting that the valuation was for "certain of the terminated Transactions").) This transaction also required the pledge of the SAP shares which had not been returned to the Tschira Entities, making the transaction impossible. Lastly, the JPMorgan email concerns a "total return swap," an entirely different transaction. (Kammerlander Decl. ¶ 7.) JPMorgan also would have required the posting of "an initial 25% cash collateral." (Pöschel Decl. Ex. 3)

27.     Contrary to LBHI's suggestions, these interactions do not defeat the Tschira Entities' claims, such that their pursuit was in "bad faith," but instead demonstrate that it was not possible to enter into a replacement transaction while the Tschira Entities' shares continued to be withheld. Indeed, these documents were submitted by the Tschira Entities in Switzerland where they are attempting to establish that the proper valuation date for purposes of the underlying

ISDA agreements under English law is not September 15, 2008 – the same position advanced here for purposes of Section 562.  (Kammerlander Decl. ¶ 8.)

28.     In the end, LBHI's arguments concerning these documents is nothing but an ill-conceived attempt to impugn the Tschira Entities' motives and create a false appearance of inconsistencies that have no basis in fact.  Its argument is factually incorrect and unsuccessfully tries to create a "legal prejudice" where none exists.

## III.     <u>Argument</u>

### A.     Granting the Motion Is Appropriate Under Rule 3006

29.     LBHI's Opposition is based largely on a game of semantics.  To be crystal clear, the Proposed Order the Tschira Entities seek would bar them from ever asserting the Claims against LBHI, but would not interfere with their ability to assert defenses to a potential future LBHI claim or to assert claims against non-Debtors.  Under the Proposed Order, LBHI will never have liability for the Claims and the Tschira Entities and LBHI will be returned to the position they would have been had the Claims never been filed.

30.     In addition, granting the Motion pursuant to the Tschira Entities' Proposed Order will resolve the Claims, remove any uncertainty concerning hundreds of millions of dollars of claims relating to LBHI's guarantee of LBF's obligations under certain terminated ISDA Agreements, and will obviate the need for LBHI to maintain a reserve for the Claims, one of the central concerns that led the Court to deny the Tschira Entities' request for a stay.  (Hr'g Tr. at 31.)

31.     Nonetheless, LBHI repeatedly suggests that an order granting a motion to voluntarily withdraw must have conditions attached to it.  (Opp. ¶¶ 2, 39.)  By the very language of Rule 3006, conditions are to be imposed only where the court determines they are proper.  As

the Tschira Entities will forego their right to assert affirmative claims against LBHI for the

Claims, no punitive conditions are warranted here.

32.     Indeed, even a motion to withdraw <u>entirely without prejudice</u> ordinarily should be

granted "unless the party opposing the motion can demonstrate that it would be legally

prejudiced by the withdrawal." <u>In re Ogden N.Y. Servs., Inc.</u>, 312 B.R. 729, 732 (S.D.N.Y.

2004) (reversing denial of motion to withdraw without prejudice as an abuse of discretion); <u>see</u>

<u>also</u> <u>Resorts Int'l, Inc. v. Lowenschuss</u> (In re Lowenschuss), 67 F.3d 1394, 1401 (9th Cir. 1995)

(concluding Bankruptcy Court "committed a clear error of judgment in denying Resorts's request

for conditional withdrawal."); <u>In re 20/20 Sport, Inc.</u>, 200 B.R. 972, 980 (Bankr. S.D.N.Y. 1996)

(granting, in the alternative, motion to withdraw without prejudice).

33.     Here, LBHI cannot demonstrate the requisite "legal prejudice" sufficient to defeat

a motion to withdraw (whether with or without prejudice).  To defeat the Motion, it is LBHI's

burden to demonstrate it "will be substantially prejudiced" if the claim is withdrawn.  <u>See</u> <u>20/20</u>

<u>Sport</u>, 200 B.R. at 980; <u>see also</u> <u>In re Appleseed's Intermediate Holdings LLC</u>, No. 11-10160

(KG), 2012 Bankr. LEXIS 5957, at *8 (Bankr. D. Del. Dec. 20, 2012) ("The burden is on the

party opposing withdrawal of the claim to show actual prejudice that would result from

permitting withdrawal.")

34.     Permitting withdrawal unless the debtor can demonstrate <u>substantial</u> legal

prejudice makes sense – "[o]therwise, a great deal of time, effort, and expense might be wasted

in meaningless claims litigation." <u>In re Cnty. of Orange</u>, 203 B.R. 977, 982 (Bankr. C.D. Cal.

1996).

35.     To constitute "legal prejudice" sufficient to defeat a motion to withdraw, the

debtor must demonstrate more than that it will be "inconvenienced by expending time and

resources in preparing for the trial." <u>Lowenschuss</u>, 67 F.3d at 1400-01.  Moreover, "[a]bsent

substantial prejudice, the mere fact that a tactical advantage will result is insufficient grounds for

denial of the motion." <u>20/20 Sport</u>, 200 B.R. at 980.  Likewise, loss of a preferred venue does

not constitute "legal prejudice" sufficient to deny a motion to withdraw.  See <u>Field v. Albright</u>

(In re Maui Indus. Loan & Fin. Co.), No. 10-00235, 2012 Bankr. LEXIS 736, at *7 (Bankr. D.

Haw. Feb. 8, 2012); <u>see also</u> <u>Cnty. of Orange</u>, 203 B.R. at 982 ("Legal prejudice is not satisfied

by the inconvenience of facing a second lawsuit, loss of choice of forum, loss of a tactical

advantage, and dismissal at an early stage of the proceeding.")

  36.  LBHI's purported claims of "legal prejudice" are entirely misplaced.  Distilled,

LBHI's argument appears to be: (i) the Tschira Entities have exercised legal rights in Switzerland

to assert claims against LBF, and to object to the settlement between LBF and LBHI, and LBF's

plan of reorganization; (ii) the exercise of these rights in Switzerland in connection with LBF's

restructuring may delay the effective date of the settlement between LBHI and LBF; and (iii) if

this Court reaches issues of LBF's primary liability in connection with the Objection (issues the

Court expressed an intention to avoid at this time in favor of resolving only the Section 562

issues), such a result could redound to LBF's advantage in Switzerland, perhaps resulting in an

earlier effective date for the settlement.[6]

---

[6] Notably, while careful to delineate the separateness of the different legal entities when to its advantage, in
arguing "legal prejudice," LBHI refers to "the prejudice to <u>Lehman</u> from Claimant's conduct to date."  (Opp. ¶ 6
(emphasis added).)  LBHI also asserts that it is concerned "LBHI may find its rights prejudiced by Claimants'
actions in foreign proceedings," but fails to explain how it, as opposed to the legally separate LBF, would ever
be confronted with claims in "foreign courts" where its rights could be prejudiced.  (Opp. ¶ 7.)

Further, the Declaration of Daniel J. Ehrmann In Support of LBHI's Opposition to Claimant's Motion to
Withdraw Claims 32395 and 22671 Pursuant to Fed. R. Bankr. Proc. 2006 (the "Ehrmann Decl.") and the
Declaration of Ines Pöschel In Support of LBHI's Opposition to Claimants' Motion To Withdraw Claims 32395
and 22671 Pursuant to Fed. R. Bankr. P. 3006 (the "Pöschel Decl.") describe purported prejudice stemming
from the Tschira Entities' objection to the LBF settlement in Switzerland -- as opposed to any prejudice to
LBHI in this action that would flow from permitting the Tschira Entities' to withdraw the Claims.  (See

*(cont'd)*

37.    In essence, LBHI appears to be arguing a "transitive" theory of legal prejudice – if it litigates the Objection and prevails on issues that need not be reached, LBF may be able to use such a result to its advantage in Switzerland, which may ultimately inure to LBHI's benefit in the form of earlier consummation of the settlement agreement.  Not surprisingly, LBHI is not able to cite a single case supporting such a convoluted theory of "legal prejudice."[7]

38.    In actuality, LBHI seeks to put LBF in a <u>better</u> position than it would achieve if litigation were to continue.  That is not what the rules contemplate.  The Court made clear that it intends to rule on whether Section 562 of the Bankruptcy Code compels the valuation of the Tschira Entities' claims against LBHI as of a certain date.  Even if the Bankruptcy Code compelled such a result, that would not in any way impact the Tschira Entities' claims against LBF, which do not involve Section 562 and are based upon different contractual provisions.

_____

*(cont'd from previous page)*
Ehrmann Decl. ¶ 4 (complaining of "Claimants' multi-jurisdictional conduct in pursuing their claims"); Pöschel Decl. ¶ 2 (same).)

[7]    The only cases concerning legal prejudice cited by LBHI do not remotely support its argument.  In <u>Chateaugay Corp. v. The LTC Corp.</u> (In re Chateaugay Corp.), 165 B.R. 130 (S.D.N.Y. 1994), the court simply affirmed the Bankruptcy Court's conclusion that the debtors would have been prejudiced if claimants were permitted to withdraw their claims days before a merits hearing.  <u>Id.</u> at 132-33.  In no way does it support LBHI's theory of legal prejudice here.  <u>In re Agway, Inc.</u>, Nos. 02-65872 to 02-65877, 2008 WL 6786754 (Bankr. N.D.N.Y. Dec. 16, 2008) also provides LBHI with no assistance.  In that case, ACE, an insurance company, sought to withdraw its claim in the face of a motion to fix the claim.  At the same time, numerous additional issues regarding the relationship between the parties were at stake, including the amount of collateral the debtor needed to maintain under a settlement agreement between the debtor and ACE and the right to access that collateral.  Further, an arbitration between the very same parties was contemplated if the claim was withdrawn.  <u>Id.</u> at *5-6.  This bears no resemblance to the situation here where, if the Motion is granted, the Tschira Entities will have no further right to assert a claim against LBHI.  LBHI's citation to <u>In re Armstrong</u>, 215 B.R. 730 (Bankr. E.D. Ark. 1997) is equally unavailing.  In that case, the court permitted claimant to withdraw its proof of claim in order to preserve its right to a jury trial in connection with a preference action.  In doing so, the court specifically noted that "[p]rejudice does not include having to try the case before a jury rather than to the court; or a loss of any tactical advantage, loss of choice of forum, or dismissal at an early stage of the proceeding."  <u>Id.</u> at 732.  Thus, <u>Armstrong</u> actually counsels in favor of granting the Motion here.  <u>Zagano v. Fordham University</u>, 900 F.2d 12 (2d Cir. 1990) concerned an attempted voluntary dismissal without prejudice on the eve of trial and after extensive discovery and thus does not support LBHI's position.  <u>Id.</u> at 14.  Lastly, the section of *Collier on Bankruptcy* cited by LBHI does not support the notion that the fact that a non-debtor could conceivably benefit if the court elects to rule on a specific issue constitutes prejudice sufficient to deny a motion to withdraw.  9 Collier on Bankruptcy ¶ 3006.01 (16th ed. Rev. 2010) (referring to "impact on the debtor.")

39.     Moreover, at most, LBHI's argument amounts to an assertion that it would prefer to litigate in this Court, as opposed to Switzerland.  Setting aside that it would be LBF, not LBHI, that would be subject to litigation in Switzerland, loss of a preferred venue or other tactical advantage is not legal prejudice sufficient to defeat a motion pursuant to Rule 3006.  (See ¶ 35 supra).

**B.     There is No Merit to Any of LBHI's Objections**

**1.     LBHI's Attempt to Dispose of the Tschira Entities' Claims Against LBF In Switzerland Is Without Merit**

**(a)     LBHI's Efforts To Parlay Withdrawal of Proofs of Claim Into Bars of Claims Against LBF Is Contrary to the Law**

40.     LBHI overreaches in its effort to obtain an inappropriate benefit by requesting "findings of fact" in connection with the withdrawal.  Setting aside that these proposed findings of fact go far beyond what was to be argued at the hearing, LBHI does not cite a single case where a court either made findings of fact of the nature LBHI seeks or conditioned dismissal on the loss of claims against third-parties.

41.     The few courts that have considered requests by debtors to condition withdrawal of a proof of claim on the loss of claims against non-debtors have universally rejected such conditions.  The Delaware Bankruptcy Court's decision in In re Kaiser Group International, Inc., 272 B.R. 852 (Bankr. D. Del. 2002) is squarely on point.  There, the court considered a situation where claimants sought to withdraw their claim against a guarantor.  The court granted the motion, providing that the claimants were barred from "asserting any claims against Debtors," but specifically providing that the withdrawal would have "no effect on the rights of [claimants] to assert any claims they may have against [the primary obligor]."  Id. 272 B.R. at 857.  Thus, the court in Kaiser entered the precise relief the Tschira Entities seek here – withdrawal of the claim

15

on the condition that the withdrawn claim could not be asserted against the debtor-guarantor, but

that the withdrawal would have no impact on any claims against the non-debtor primary obligor.

42.    Similarly, in In re Einstein/Noah Bagel Corp., 257 B.R. 499 (Bankr. D. Ariz.

2000), the court considered a request by a debtor to condition withdrawal of a proof on claim on

a condition that the withdrawing party could not assert claims against non-debtors – including a

wholly-owned subsidiary of the Debtor.  The court rejected that request on reasoning that is

equally applicable here:

> But, both the Committee and the Debtor want more.  They ask that the Court
> further condition the withdrawal of the claim upon an order that would preclude
> Bagel Funding from asserting fiduciary duty claims arising out of Put Right issues
> against non-debtor parties such as ENBPI [the wholly-owned subsidiary of the
> Debtor].    The rationale is that such claims could give rise to indemnity or
> reimbursement claims against the Debtors, thereby allowing Bagel Funding to do
> through the back door what it is not allowed to do through the front.
>
> The Court declines to go so far.  Bagel Funding's argument that the Debtors and
> the Committee should be no worse off than they would have been had the claim
> never been filed makes sense in this context.    The issue was never actually
> litigated; indeed, it was withdrawn in the face of an order that it be restated with
> more specificity.   No discovery has occurred and no findings, preliminary or
> otherwise, have been made.  Any future ramifications of any future claims against
> non-debtors are better dealt with in a concrete rather than hypothetical context.
> Therefore the Court denies that request for this additional condition.

Id. 257 B.R. at 510-11 (emphasis added).  The same conclusion should apply here, where LBHI

inappropriately seeks to condition the Tschira Entities' withdrawal of the Claims on benefits to

LBF.

43.    Indeed, courts have declined to condition a withdrawal pursuant to Rule 3006 on

"issue preclusion" between the same parties.  Specifically, in the recent case In re Appleseed's

Intermediate Holdings LLC, No. 11-10160(KG), 2012 Bankr. LEXIS 5957 (Bankr. D. Del. Dec.

20, 2012), the court considered a request by the State of Ohio Department of Taxation to

withdraw its proof of claim seeking to impose a commercial activities tax on the debtor.  The

16

debtor argued that the withdrawal of the claim should include a provision barring the State of

Ohio from imposing any commercial activities taxes against the debtors or reorganized debtors

in the future.  The court rejected this request, concluding that because the issue had not actually

been litigated, it would be inappropriate to bar future litigation on the issue, even between the

same parties (or the reorganized debtors).  Id. at *12-19.

44.    The Proposed Order requested by the Tschira Entities is also consistent with

Goldlawr Inc. v. Shubert, 32 F.R.D. 467 (S.D.N.Y. 1963).  There, a plaintiff sought to dismiss its

case without prejudice, while offering to covenant not to sue the same defendants in the future.

The plaintiff sought this outcome to avoid any potential res judicata implications in a different

action against other parties.  Id. at 469.  Defendants opposed the motion, arguing that

"irrespective of plaintiff's covenant not to sue, they remain subject to possible tortfeasor

contribution" in connection with the related litigation.  The court granted plaintiff's request for

dismissal without prejudice, noting that:

> defendants would have been in exactly the same position with respect to
> contribution if plaintiff had never originally joined them as parties defendant, or if
> their present attempts to have the case dismissed as to them had proved
> successful.  Plaintiff should not be forced to bear the burden of litigation solely
> for the purpose of providing defendants with the immunity they seek.

Id. at 469 (footnote omitted).

45.    Unable to reference a single case supporting the conditions it seeks, LBHI instead

offers a half-hearted effort to distinguish certain (but not all) of these cases.  It asserts that "[i]n

those cases, the courts declined to condition withdrawal on a finding of preclusive effect *as to*

*abstract issues* that *had not been actually litigated*."  (Opp. ¶ 51.)  But LBHI ignores the fact that

the issues for which it seeks preclusive effect also have not been litigated.   Setting aside LBHI's

unilateral decision to submit an irrelevant declaration concerning English law in connection with

this Motion, there has been no expert discovery or exchange of expert reports.  There has been

17

no discovery. This Court has not made any rulings concerning English law or LBF's primary obligation, nor were any such rulings contemplated.

46.    LBHI's efforts to gain benefits for LBF should be rejected.  LBF is not a party to the current proceedings and Section 562 has no applicability to the primary claims against LBF in Switzerland.  By withdrawing its Claims, the Tschira Entities are simply opting not to pursue their guarantee claims against the guarantor.  There is no legal basis to require the Tschira Entities to sacrifice their primary claims against LBF in the process.

### (b)    Withdrawal Pursuant to Rule 3006 Puts the Withdrawing Party in the Position It Would Have Been Had the Claim Never Been Filed

47.    The conclusion that withdrawal of the Claims should not impact claims against non-debtors is also counseled by the fact that "the successful withdrawal of a claim pursuant to Fed. R. Bankr. P. 3006 prior to the trustee's initiation of an adversarial proceeding renders the withdrawn claim a legal nullity and leaves the parties as if the claim had never been brought." Smith v. Dowden, 47 F.3d 940, 943 (8th Cir. 1995); see also In re Cruisephone, Inc., 278 B.R. 325, 333 (Bankr. E.D.N.Y. 2002) ("[I]t seems reasonably clear and makes eminent sense that, upon the successful withdrawal of a proof of claim pursuant to Bankruptcy Rule 3006, the withdrawn proof of claim is a legal nullity and the parties are left as if the claim has never been filed."); In re Einstein/Noah Bagel Corp., 257 B.R. at 511 ("Bagel Funding's argument that the Debtors and the Committee should be no worse off than they would have been had the claim never been filed makes sense in this context."); Goldlawr, 32 F.R.D. at 469 ("defendants would have been in exactly the same position with respect to contribution if plaintiff had never originally joined them as parties defendant.")

48.    The conditions LBHI seeks would put the Tschira Entities in a far worse position than had the Claims never been filed (while providing an undeserved windfall for LBF).

18

Because its claims against LBF are not contingent on having filed proofs of claim against LBHI, there is no basis to bar the Tschira Entities from litigating their claims against LBF as a condition to withdrawing the Claims against LBHI.

### (c)    LBHI's Remaining Arguments Are Misplaced

49.    Without a case to support the extraordinary order LBHI would have this Court enter, LBHI resorts to arguing what amounts to semantics.  It asserts that "Claimants concede that the withdrawal they seek is one with prejudice, akin to a dismissal with prejudice" (Opp. ¶ 43) and, from this premise, bootstrap an argument that dismissal with prejudice should bar the Tschira Entities' claims against LBF.

50.    But this is not what the Tschira Entities have requested.  On the contrary, the Tschira Entities have requested an order making express that while they will be barred from asserting the Claims affirmatively (i.e., with prejudice) against LBHI, the withdrawal will be without prejudice to any rights they have against LBF, the primary obligor.  This is appropriate given that the claims at issue here are guaranty claims, not claims of primary liability and is consistent with the numerous legal authorities cited above.  The primary liability claims are the subject of ongoing and extensive proceedings in Switzerland.

51.    Viewed through the proper lens, LBHI's res judicata arguments fall away. Because the withdrawal requested by the Tschira Entities is expressly without prejudice to the continuation of claims against LBF, whether or not a dismissal with prejudice operates as an adjudication on the merits is irrelevant.

### 2.    LBHI's Effort To Bar the Tschira Entities From Asserting Defenses If LBHI Attempts To Assert Claims In the Future Is Without Merit

52.    As established above, withdrawal of a proof of claim pursuant to Rule 3006 renders the claim a legal nullity.  (See ¶ 47 supra.)  As such, if the Tschira Entities are permitted

to withdraw the Claims, they should be returned to the same position they would have had if they had never filed the Claims.  There is no basis to put the Tschira Entities in a worse position by barring them from asserting defenses if, in the future, LBHI attempts to assert claims against them.

53.    LBHI seeks to preclude not only the Tschira Entities' affirmative claims against it, but also the Tschira Entities' efforts to defend against hypothetical claims LBHI may seek to assert in the future.  This is at odds with the result that fairness dictates.

54.    The court in <u>Field</u>, 2012 Bankr. LEXIS 736, considered a motion to withdraw a proof of claim where the debtor sought to condition withdrawal on a requirement that the claimant "must also withdraw any defense based upon value they provided in exchange for the transfers." <u>Id.</u> at *8.  The court rejected this proposed condition, concluding that:

> I do not agree that the defendants **must also withdraw** their defense based upon value given.  The parties analyze the issue by discussing whether the defense should be considered "setoff" or "recoupment," a "defense" or a "claim," or the like.  In my view, labels such as these must not obscure the substance of the question.  The defendants seek to preserve their constitutional right to a jury trial. It would be ironic to hold that they can have a jury trial only if they relinquish one of the best defenses, and perhaps the only defense, that they could present at trial. The law requires them to withdraw their proof of claim in order to preserve their right to a jury trial.  Requiring them to waive their most important defense would exact too high a price for a constitutional right.

<u>Id.</u> at *9 (emphasis in original).

55.    LBHI has cited no case law supporting its effort to strip the Tschira Entities of defenses in connection with a future claim against them by LBHI.  Both fairness and the case law support that the Tschira Entities be permitted to retain their right to assert defenses.

### 3.    There Is No Basis To Require the Tschira Entities To Produce Documents

56.    LBHI inserts an additional term in the conditions it seeks without any explanation in the Opposition.  Specifically, LBHI seeks to require the Tschira Entities to respond to a document request propounded in connection with these proceedings.

57.    LBHI served a broad document request seeking documents.  Given that the Tschira Entities seek to withdraw the Claims, these documents have no continuing relevance to LBHI or administration of its estate.  Instead, it appears that, once again, LBHI is seeking to obtain benefits for LBF and/or is seeking a way to impose unwarranted burdens on the Tschira Entities.

58.    There is no basis for LBHI's request.  If it has a legitimate need for the documents, it may pursue the documents through ordinary channels as, if and when appropriate.  Conversely, if the documents are sought to assist LBF, such matter is better left for consideration in Switzerland.

### 4.    Dismissal Should Not Be Conditioned On Payment of LBHI's Fees and Expenses

59.    The law is well-settled that attorney fees should not be awarded when, as here, a dismissal/withdrawal will ensure that the defendant will never be required to defend against the claim.  As one court recently recognized in connection with the withdrawal of a proof of claim pursuant to Rule 3006, "attorneys' fees are generally not awarded to a plaintiff who obtains dismissal with prejudice because the 'defendant cannot be made to defend again.'"  In re Appleseed's, 2012 Bankr. LEXIS 5957, at *19-21 n.8 (reaching this conclusion notwithstanding finding that the claimant's delay "imposed a substantial and unnecessary burden on the Debtors and the courts.").  Notably, the court reached this conclusion while also rejecting the debtor's request for broad issue preclusion conditions.  Id. at *12-19.

21

60.    This result is in accord with the established concept that "when a lawsuit is voluntarily dismissed *with prejudice* under Fed. R. Civ. P. 41(a)(2), attorney's fees have almost never been awarded." Colombrito v. Kelly, 764 F.2d 122, 133-34 (2d Cir. 1985) (emphasis in original). The rational for this rule is that, under the American Rule, a successful litigant is not entitled to recover attorney fees absent statutory authority. It would make little sense to permit a litigant who benefits from a voluntary dismissal to be awarded attorney fees that could not be recovered following a successful disposition on the merits. See id. at 134.

61.    If the Tschira Entities' Motion is granted, the Tschira Entities will never be able to recover for the Claims against LBHI. The fact that the Tschira Entities may be entitled to raise similar issues by way of defense if LBHI attempts to assert claims against the Tschira Entities in the future, does not change the analysis. If the Motion is granted, LBHI, not the Tschira Entities, will be in control of whether these defenses ever are litigated. Indeed, they would only become relevant if LBHI attempts to bring claims against the Tschira Entities, something it has not done in the nearly five years since it filed the petition to commence this case. Where the risk of similar issues arising is wholly within the control of the defendant, the purpose of granting attorney fees in cases of voluntary dismissals without prejudice would not be satisfied. See Colombrito, 764 F.2d at 133 ("The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him."); see also Global One Communications World Holding B.V. v. Gaul, No. 01-cv-254 (GLS/DRH), 2008 U.S. Dist. LEXIS 54319, at *8-9 (N.D.N.Y. July 16, 2008) (concluding attorney fees not warranted where plaintiff could only reinstate action if defendant succeeded in appeal of dismissal of counterclaims).

62.    Further, even were the Tschira Entities seeking dismissal entirely without prejudice, an award of attorney fees still would be inappropriate.  No discovery has occurred and there is no evidence that duplicative costs could or would occur if the Motion is granted. And the timing of the Motion is occasioned primarily by LBHI's decision to wait years before filing the Objection.  Fees should only be awarded where "justice so demands," and should not be awarded "absent circumstances evincing bad faith or vexatiousness on the part of the plaintiff."  Gibson v. Kassover, (In re Kassover), No. 98-43124(BRL), 2008 Bankr. LEXIS 2984, at *10 (Bankr. S.D.N.Y. Oct. 30, 2008); see also In re Petition of Ilan Shavit, 197 B.R. 763, 771 (Bankr. S.D.N.Y. 1996).

63.    LBHI's claim that the Tschira Entities acted in bad faith and should be sanctioned pursuant to the Court's inherent power is a poor attempt to end-run the clear law holding that fees should not be awarded.  The existence of the valuations LBHI touts do not evidence "actual notice of . . . significant deficiencies."  (Opp. ¶ 52.)  On the contrary, they support the Tschira Entities' legal position in the Swiss Proceedings.

64.    Alternatively, LBHI asks that their Court sanction the Tschira Entities for pursuing their legal rights in Switzerland.  But, as explained in the Kammerlander Declaration, the Tschira Entities' decision to object to the settlement agreement in Switzerland was undertaken for legitimate and good faith reasons.  (Kammerlander Decl. ¶ 9.)  Whether the objection the Tschira Entities have filed is "vexations and dubious" as LBHI alleges (and it is not) is a question for the Swiss Courts.  If LBF, the party that is the subject of the Swiss objection, believes it has grounds, it can seek appropriate relief in the Swiss Proceedings.

23

**Conclusion**

Based on the foregoing, the Tschira Entities respectfully request that the Court grant its motion to withdraw the Claims on the terms set forth in the Proposed Order.

Dated: New York, New York
July 26, 2013

Respectfully submitted,

*/s/ George A. Zimmerman*
George A. Zimmerman
Lauren E. Aguiar
Jeffrey S. Geier
Susan A. Arbeit
Four Times Square
New York, NY 10036
Phone: (212) 735-3000
Fax: (212) 735-2000

*Attorneys for Dr. H.C. Tschira Beteiligungs GmbH & Co. KG and Klaus Tschira Stiftung gGmbH*

24