UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
In re                                              :     Chapter 11
                                                   :
    LEHMAN BROTHERS HOLDINGS INC., *et al.*,:     Case No. 08-13555 (JMP)
                                                   :
                   Debtors.             :     (Jointly Administered)
------------------------------------- x

DECLARATION OF BERND KAMMERLANDER IN SUPPORT OF THE MOTION OF DR. H.C. TSCHIRA BETEILIGUNGS GMBH & CO.KG AND KLAUS TSCHIRA STIFTUNG GGMBH TO WITHDRAW CLAIM NUMBERS 32395 AND 22671 PURSUANT TO RULE 3006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

        I, Bernd Kammerlander, hereby declare and state as follows under penalty of perjury under the laws of the United States of America, that the following is true and correct:

        1.    I am a managing partner with the firm Aeris Capital AG, the family office for Dr. H.C. Tschira Beteiligungs GmbH & Co. KG ("KG") and Klaus Tschira Stiftung gGmbH ("KTS" and together with KG the "Tschira Entities"). I submit this declaration in support of the Motion of the Tschira Entities to withdraw Claim Numbers 32395 and 22671 (the "Claims"), and to briefly explain certain submissions by the Tschira Entities in Switzerland, and to respond to the Declaration of Ines Pöschel submitted by LBHI. The following is based on my personal knowledge and my review of documents discussed.

        2.    The Tschira Entities filed proofs of claims in connection with the guarantee by Lehman Brothers Holdings, Inc. ("LBHI") of certain debts owed to the Tschira Entities by LBHI's Swiss affiliate, Lehman Brothers Finance S.A. Netherlands Antilles Branch ("LBF") under certain terminated ISDA Master Agreements. The underlying Tschira Entities/LBF dispute is the subject of proceedings in Switzerland.

3.      The Claims in this case arise out of variable transactions, each referring to a total of 59 million underlying SAP AG shares, executed between Claimants and LBF (the "Transactions") which were automatically terminated when LBHI as the provider of the guarantees filed for bankruptcy on 15 September 2008. The ISDA Master Agreement gives Claimants as the non-defaulting party the right to determine in good faith its total losses and costs in connection with the Transactions as of the relevant Termination Date, or if that is not reasonably practicable, as of the earliest date thereafter as is reasonably practicable. Claimants maintain that the non-defaulting party is further allowed to enter into an actual replacement transaction as long as there is a reasonable expectation of being able to achieve such a goal.

The Swiss Proceedings and the Claims Against LBF

4.      After the Claimant's claims against the LBF estate, totalling CHF 379'699'144.34 (KTB) and CHF 284'492'050.74 (KTS), were rejected in the schedule of claims (the "Kollokationsplan") as published on 3 April 2013, Claimants objected to the Kollokationsplan by filing an action against LBF with the presiding Judge in the Zurich District Court on 22 April 2013 [not 22 April 2008 as stated in the affidavit of Ines Pöschel] (the "Swiss Proceedings"). As part of the Swiss Proceedings, Claimants have submitted multiple documents demonstrating that on the morning of 15 September 2008 – the day on which LBHI went bankrupt – Claimants began damage mitigation.  In her Declaration, Ines Pöschel makes statements that are inaccurate regarding certain documents submitted by the Tschira Entities in the Swiss Proceedings and incorrectly claims, among other things, that "Claimants have been in possession of a replacement trade for two of the transactions as no later than 19 September 2008, proposed by J.P. Morgan."  That is not accurate; the facts are as follows:

2

5.      Claimants contacted Bank Mediobanca p.p.A. with regard to a replacement transaction. However, Mediobanca p.p.A was not able to quote a replacement transaction on 15 September 2008. The quote it did proffer on 19 September 2008 is contained in the memorandum from Mediobanca p.p.A. of that date (Exhibit 1 to the Declaration of Ines Pöschel). It reveals that the Tschira Entities would have had to pledge all 59 million underlying SAP AG shares to the bank. However, Claimants could not enter into this transaction on 19 September 2008, because the underlying 59 million SAP AG shares had not been released from a pledge taken by LBF, despite Claimants' intense efforts to obtain such release.

6.      Claimants also contacted Goldman Sachs to request a propsoal for a replacement transaction that corresponded to the transaction between the Claimants and LBF. On 19 September 2008, Goldman Sachs provided a quote for a collateralised partial replacement transaction (Exhibit 2 to the Declaration of Ines Pöschel) which only related to the variable forward sale and did not include the unwind transaction (variable forward purchase). Presumably Goldman Sachs did not at the time feel able to value the latter transaction. Claimants could however not have entered into this transaction as the long pledged shares had still not been released.

7.      J.P. Morgan also was working on the calculation of a replacement transaction. On 19 September 2008, J.P. Morgan confirmed in an email from Daniel Little (Exhibit 3 to the Declaration of Ines Pöschel) the opening of three accounts that would have been necessary to carry out a replacement transaction. However, J.P. Morgan was not able to provide a quote for an equivalent replacement transaction. In the email of 19 September 2008 Daniel Little proposed a "total return swap," reflecting a short position on the stock, hence a completely different transaction.

3

8. The position of the Tschira Entities in the Swiss Proceedings (as it is here) is that 15 September 2008 is not the proper valuation date.

<u>The LBF-LBHI Settlement</u>

9. The Settlement Agreement between LBF and LBHI concluded on 27 March 2013 (the "Settlement") proposes an asset transfer of billions of dollars from LBF to LBHI. Claimants believe this damages the creditors of LBF, while favoring the creditors of LBHI and therefore have asked FINMA to issue an appealable order. It is true that the Tschira Entities objected to the Settlement. However, it is important to understand that they are two of very few creditors of LBF who are not a financial institution. Unlike those financial institutions, the Claimants were unable to hedge their credit exposure against LBF by acquiring claims against LBHI, as was the strategy of some investment banks and hedge funds who therefore did not object to the Settlement. It was for these reasons that the Claimants were forced to object to the Settlement in order to defend their interests.

Executed on: 26 July 2013
Majorca, Spain

_____
Bernd Kammerlander