```
                                                              Page 1

 1   UNITED STATES BANKRUPTCY COURT

 2   SOUTHERN DISTRICT OF NEW YORK

 3   Case No. 08-013555-jmp

 4

 5   - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

 6

 7   In the Matter of:

 8

 9   LEHMAN BROTHERS HOLDINGS INC., et al.,

10              Debtors.

11   - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

12

13                 U.S. Bankruptcy Court

14                 One Bowling Green

15                 New York, New York

16

17

18                 July 25, 2013

19                 10:05 AM

20

21   B E F O R E :

22   HON JAMES M. PECK

23   U.S. BANKRUPTCY JUDGE

24

25
```

1   Hearing re Three Hundred Forty-Second Omnibus Objection to

2   claims (Employment-Related Claims)[ECF No. 30031]

3

4   Hearing re Two Hundred Ninety-Seventh Omnibus Objection to

5   Claims (Invalid or No Blocking Number LPS Claims)[ECF No.

6   27868]

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by: Dawn South

```
 1   A P P E A R A N C E S :
 2   WEIL, GOTSHAL & MANGES LLP
 3        Attorneys for the Debtor
 4        767 Fifth Avenue
 5        New York, NY 10153-0119
 6
 7   BY:  ERIKA DEL NIDO, ESQ.
 8        ERIC DAVID KASENENTZ, ESQ.
 9        TOBY HERBOTS, ESQ.
10
11   ALSO PRESENT:
12   HOLLY CLACK
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                  P R O C E E D I N G S
 2            THE COURT:  Please proceed.
 3            MS. DEL NIDO:  Good morning, Your Honor.  Erika
 4   Del Nido, Weil, Gotshal & Manges on behalf of Lehman
 5   Brothers Holdings, Inc. and its affiliates.
 6            The first matter on the agenda this morning is an
 7   uncontested matter, the 342nd omnibus objection to claims,
 8   employment related claims, ECF number 30031.  This omnibus
 9   objection requests that the Court disallow and expunge
10   certain employment-related claims on the grounds that LBHI
11   and its affiliates are not liable for such claims, and/or to
12   reclassify certain claims as equity interests.
13            Mr. Nicholas Howard has filed claim number 28279
14   against LBHI in the total amount of approximately
15   $3.2 million.  The claim consists of six different
16   components.  Two of these components, a claim for
17   partnership interests in the amount of $150,000, and a claim
18   for unpaid commissions in the amount of approximately
19   $362,000 are subject to the 342nd omnibus objection.
20            Mr. Howard filed a response objecting to the
21   relief requested solely with respect to the portion of its
22   claim for commissions, ECF number 30921.
23            Mr. Howard submitted no opposition with respect to
24   the portion of his claim for partnership interests.
25            Upon consultation with Mr. Howard's counsel it was
```

1  agreed that the portion of Mr. Howard's claim for
2  partnership interests would be brought before the Court for
3  disallowance and that Mr. Howard would not oppose such
4  relief.
5          The hearing with respect to the portion of
6  Mr. Howard's claim for commissions has been adjourned
7  without a date; ECF number 38483.
8          LBHI requests that the Court enter an order
9  disallowing and expunging the portion of Mr. Howard's claim
10 for partnership interests in the amount of $150,000.
11         THE COURT:  I'll do that on a contested basis
12 consistent with the representations that you have made.
13         MS. DEL NIDO:  Thank you, Your Honor.
14         We have prepared an order expunging the portion of
15 Mr. Howard's claim that Mr. Howard agrees to be expunged
16 which we are prepared to submit to the Court today.
17         The next item on the agenda is a contested matter
18 which will be handled by my colleague, Eric Kasenetz of
19 Weil.
20         MR. KASENETZ:  Good morning, Your Honor.  Eric
21 Kasenetz, Weil, Gotshal & Manges on behalf of Lehman
22 Brothers Holdings, Inc.
23         Your Honor, I'll be handling the contested item on
24 today's agenda which relates to the 297th omnibus objection
25 to claims invalid or no blocking number LPS claims.

1            The 297th omnibus objection seeks to disallow and
2    expunge claims based on Lehman program securities that do
3    not include valid blocking numbers.  Such claims violate
4    this Court's prior date order.
5            Today we are proceeding as to claim number 19647
6    of Ms. Jeanne-Marie Maltaux.
7            The plan administrator's positions are set forth
8    at length in the omnibus objection and the reply, so I will
9    not repeat all of those arguments, instead I would just like
10   to touch on a few key points that speak directly to the
11   issues with this claim.
12           As this Court is aware the bar date order
13   expressly requires that claims based on Lehman program
14   securities must, among other things, include a blocking
15   number.  The claims filing procedures were created in such a
16   way that only one blocking number could be issue for any
17   particular Lehman program security for each clearing agency
18   account holder and only one party would be eligible to
19   receive distributions for each sub-security.
20           Despite these essential safeguards the holder of
21   claim 19647 did not comply with the bar date order as there
22   was no valid blocking number for the Lehman program
23   securities included on the claim.  The claimant has not
24   provided a blocking number to date.
25           In accordance with this Court's guidance provided

```
 1   at the November 30th, 2011 claims hearing the plan
 2   administrator has gone to great lengths to work with all
 3   remaining claimants that failed to provide valid blocking
 4   numbers to determine whether alternative documentation could
 5   be provided to mitigate the risks related to the claims
 6   without blocking numbers.  In several cases such
 7   reconciliation has been successful and resulted in allowance
 8   of claims.
 9            With respect to this claim however the plan
10   administrator has concluded that no supporting documentation
11   could be provided by the claimant to reduce the risk of
12   duplication.
13            As explained in the declaration of Holly Clack on
14   behalf of LBHI, and Ms. Clack is in the courtroom today, the
15   plan administrator undertook a detailed review of the claim,
16   the relevant securities, other proofs of claims filed by
17   other claimants, including banks with the same ISEN (ph) and
18   other identifying information.
19            Based on this review there is a high likelihood
20   that the securities on Ms. Maltaux's claim are included on
21   another claim, specifically claim 55408 originally filed by
22   Citibank Belgium.  In fact we, LBHI, were able to confirm
23   with Citibank Belgium that Citibank Belgium filed a claim on
24   behalf of Ms. Maltaux for the relevant securities as
25   supported by the declaration of Toby Herbots on behalf of
```

1  Citibank Belgium, and I believe Mr. Herbots has dialed into
2  the courtroom today --
3           THE COURT: Let's confirm that. Mr. Herbots, are
4  you on the line?
5           MR. HERBOTS: Yes, I am on the line.
6           THE COURT: Okay. Thank you.
7           MR. KASENETZ: Your Honor, Citibank Belgium acted
8  as custodian for securities on behalf of the claimant and
9  filed the claim in a representative capacity on behalf of
10 the claimant.
11          The claim filed by Citibank Belgium included a
12 valid blocking number for the securities allegedly held by
13 Ms. Maltaux, and a portion of the Citibank Belgium claim
14 relating to such securities has been allowed and begun
15 receiving distributions.
16          Citibank Belgium was the record holder of the
17 securities on the books and records of the clearing agency.
18          The bar date order specifically allowed banks to
19 file claims on behalf of beneficial holders, and Ms. Maltaux
20 has not provided any credible evidence that Citibank Belgium
21 was not authorized to file a claim on her behalf.
22          In short, Ms. Maltaux failed to comply with a
23 material provision of the bar date order, and Ms. Maltaux's
24 claim is duplicative of the claim filed by Citibank Belgium
25 which has been allowed and started receiving distributions.

1        The plan administrator should not be required to
2   expend its limited time and resources to conduct additional
3   diligence on this claim.  The claimant has not provided any
4   substantive basis to allow her claim and the plan
5   administrator has been unable to resolve the objection
6   consensually with the claimant.
7        With this in mind the plan administrator requests
8   that the 297th omnibus objection to claims be granted as to
9   claim 19647 and that such claim be disallowed and expunged
10  in its entirety.
11       Thank you.
12       THE COURT:  You make a strong and persuasive case.
13  Just a couple of questions.
14       There's a letter in my binder from Jeanne-Marie
15  Maltaux.  For record purposes that's M-A-L-T-A-U-X.  It's a
16  letter dated June 1, 2012.  Does the claimant have notice of
17  today's hearing?
18       MR. KASENETZ:  Yes, Your Honor.  The plan
19  administrator provided actually three forms of notice.  The
20  first was a notice to her email address to which she has
21  responded to previously.  The second notice was provided to
22  her address in Belgium which was the original address filed
23  with her proof of claim.  And third, the plan administrator
24  provided service to -- notice to her -- her new address in
25  Spain, which such address was included on her letter that I

1   believe you have -- you have reviewed.
2           THE COURT:  I gather she's living in the Canary
3   Islands.
4           MR. KASENETZ:  I cannot confirm exactly where she
5   lives.
6           THE COURT:  All right.  The only reason I say that
7   that there's a somewhat scandalous reference in the letter
8   to hoping for a tsunami that will engulf Wall Street.
9           She's obviously very perturbed by losses
10  associated with her lien investments and experience.
11          I'm just going to ask if by chance, although she
12  doesn't appear to be on the CourtCall list, Ms. Maltaux is
13  participating in a representative capacity or has someone
14  representing her interests here in court?  There's no
15  response.
16          This is in effect an unopposed matter in which you
17  have presented ample support for the relief that you seek.
18          The one area that I have some question involves
19  certain statements made by Holly Clack.  In particular she
20  states in paragraph 6 of her declaration:
21          "Based on this information I conclude that the
22  securities claimed in the claim are likely included in the
23  Citi claim.  If the claim is allowed LBHI almost certainly
24  will pay twice for the securities."
25          And my question relates to the level of confidence

1    that Ms. Clack has concerning the duplicative nature of the

2    claim brought by Ms. Maltaux and the claim filed by Citi

3    Belgium.

4             If we could just explore that a little bit I'd

5    appreciate it.

6             MR. KASENETZ:  Yes, Your Honor.  Would you like me

7    to speak on behalf of Ms. Clack or shall Ms. Clack --

8             THE COURT:  I think since she's here she can

9    simply provide the explanation as to her level of confidence

10   that in fact we're dealing with duplicative claims.

11            MR. KASENETZ:  Of course.

12            THE COURT:  And to the extent that Mr. Herbots

13   who's on the line can supplement that I'd be interested in

14   hearing what he has to say.

15            MR. KASENETZ:  Of course.  Thank you.

16            MS. CLACK:  Good morning, Your Honor.

17            THE COURT:  How do we know that there's a high

18   likelihood that this is a duplicative claim?

19            MS. CLACK:  How do I know that?

20            THE COURT:  Yes.

21            MS. CLACK:  I know that because I looked at all of

22   the other claims filed for that particular ISEN, and there

23   are about 25 other claims that could include the 50,000

24   notional for which Ms. Maltaux claims on her claim 19647.

25            So the reason that I -- so first of all I believe

1   that there's a very high likelihood that her claim is
2   duplicative of another claim, and the reason that I say that
3   I think it's likely that it's on this Citi Belgium claim,
4   55408, is because of the references that she makes in her
5   correspondence with LBHI, and the fact that Citi Belgium on
6   its claim 55408 claimed about 90 percent of the total
7   outstanding for that ISEN.
8              THE COURT:  Okay, thank you.
9              Mr. Herbots, do you have anything to add?
10             MR. HERBOTS:  (Indiscernible - 00:13:22), Your
11  Honor.  (Indiscernible - 00:13:27).
12             THE COURT:  It's difficult to hear given the level
13  of amplification on that call, but I assume that it'll
14  either be picked up on the transcript or others here may
15  have heard it.  Did you hear what was said?
16             MR. KASENETZ:  I apologize, I did not catch
17  anything that Mr. Herbots said.
18             THE COURT:  Mr. Herbots, unfortunately by virtue
19  of appearing by telephone, and I understand the reason for
20  it since you're in Belgium, your testimony is largely
21  analytical, but that's okay, because the declarations that
22  had been submitted, the statements made by Ms. Clack in
23  support of the declaration, the fact that that claimant has
24  not appeared despite notice, and the reasonable conclusion
25  to be drawn that the failure to obtain a blocking number in

1   this instance carries with it not just a technical failure

2   to comply with obligations of claimants under the bar date

3   order but an actual and demonstrable risk of duplicate

4   claims having to be paid.

5           Under the circumstances disallowance and

6   expungement is appropriate and I grant your relief.

7           MR. KASENETZ:  Thank you, Your Honor.

8           THE COURT:  Okay, thank you.  We're adjourned.  I

9   just need an order.

10          (Whereupon, these proceedings concluded at 10:21 a.m.)

1                         I N D E X

2

3                          RULINGS

4                                              Page      Line

5   Three Hundred Forty-Second Omnibus Objection

6   to claims (Employment-Related Claims)[ECF

7   No. 30031]                                   5         11

8

9   Two Hundred Ninety-Seventh Omnibus Objection

10  to Claims (Invalid or No Blocking Number LPS

11  Claims)[ECF No. 27868]                      13         6

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          C E R T I F I C A T I O N

3    I, Dawn South, certify that the foregoing transcript is a
4    true and accurate record of the proceedings.

6    Dawn South  *Digitally signed by Dawn South*
             *DN: cn=Dawn South, o, ou,*
             *email=digital1@veritext.com,*
             *c=US*
             *Date: 2013.07.26 10:27:09 -04'00'*

9    AAERT Certified Electronic Transcriber CET**D-408

11   Veritext
12   200 Old Country Road
13   Suite 580
14   Mineola, NY 11501

16   Date:  July 26, 2013