**DICKSTEIN**SHAPIRO<sub>LLP</sub>

1633 Broadway | New York, NY 10019-6708
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com

(212) 277-6691 (direct dial)
(917) 591-0941 (direct fax)
MitchellJ@DicksteinShapiro.com

July 11, 2013

**Via Facsimile**

Honorable Naomi Reice Buchwald
United States District Court
 for the Southern District of New York
United States Courthouse
500 Pearl Street, Room 2270
New York, New York 10007

    Re:    *FirstBank Puerto Rico v. Barclays Capital Inc. (In re Lehman Brothers Holdings Inc.), Case No. 13-cv-04732-NRB*

Dear Judge Buchwald:

    We represent FirstBank Puerto Rico ("FirstBank") in this appeal from the May 23, 2013 order by the Hon. James M. Peck, granting the motion by Barclays Capital Inc. ("Barclays") for summary judgment and denying FirstBank's summary judgment motion (the "May 23 Order"). We are writing to respond to the July 10, 2013 letter to the Court from Barclays' counsel requesting a pre-motion conference in connection with Barclays' wish to file a motion to dismiss this appeal as premature (the "Barclays Letter").

    FirstBank respectfully submits that Barclays' pending motion for contempt sanctions against FirstBank does not affect the finality of the May 23 Order with respect to its grant of summary judgment to Barclays. As Your Honor observed in the case cited by Barclays, a "flexible approach" determines finality in bankruptcy cases. See Wong v. HSBC Bank USA (In re Lehman Bros. Holdings Inc.), No. 11 Civ. 2721 (NRB), 2011 WL 5103346, at *2 (S.D.N.Y. Oct. 26, 2011). Moreover, with respect to federal cases generally, the Supreme Court has ruled that "[a] question remaining to be decided after an order ending litigation on the merits does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order." Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199 (1988). In Budinich, notwithstanding that "the recoverability or amount of attorney's fees for the litigation remain[ed] to be determined," id., the order denying the petitioner's new trial motions and finding that the petitioner was entitled to attorney's fees and requesting further briefings and documentation was final as to all issues except the award of attorneys' fees. Here, the resolution of Barclays' separate contempt motion similarly will not alter or revise the order granting Barclays summary judgment, and that order is now subject to appeal.

Los Angeles | New York | Orange County | Silicon Valley | Stamford | Washington, DC

DOCSNY-542329v1

**DICKSTEIN**SHAPIRO<sub>LLP</sub>

Honorable Naomi Reice Buchwald
July 11, 2013
Page 2

     Likewise, in WMS Gaming Inc. v. WPC Productions Ltd., 542 F.3d 601, 605 (7th Cir. 2008) the Seventh Circuit Court of Appeals stated that its appellate jurisdiction was secure with respect to WMS's appeal in connection with its claim for an accounting of profits in its trademark infringement dispute, notwithstanding WMS's pending motion for fees and costs and a separate contempt motion: "Though a few loose ends remain in the district court (namely, WMS's motion for fees and costs and a separate motion to have defendants held in contempt), those collateral issues do not affect the existence of appellate jurisdiction for purposes of the issues before us."  See also Honeywell Int'l, Inc. v. Purolator Prods. Co., 468 F.3d 162, 164 (2d Cir. 2006): "Under 28 U.S.C. §1291, this Court may review a final decision of a district court regarding the merits of a claim despite the fact that a motion for attorneys' fees and costs remains pending in the district court."

     The May 23 Order is a final decision regarding the merits of FirstBank's claim and nothing further remains to be determined which will affect that decision. The May 23 Order cannot be compared to an order determining liability that awaits a calculation of damages or an accounting yet to be completed, which would not be final until the damages are calculated or the sanction has been quantified. See, e.g., Shimer v. Fugazy (In re Fugazy Express, Inc.), 982 F.2d 769, 775-76 (2d Cir. 1992). Accordingly, there is no basis to dismiss FirstBank's appeal.

     We are prepared to discuss this issue during our telephone conference with Your Honor on July 15, 2013 and in papers in opposition to any motion to be filed on behalf of Barclays.

                            Respectfully submitted,

                            Jeffrey A. Mitchell

JAM

cc:    Boaz S. Morag, Esq., counsel to Barclays (via facsimile and email)