# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

LAURENT ALPERT
VICTOR I LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M PEASLEE
ALAN L. BELLER
THOMAS J MOLONEY
JONATHAN I BLACKMAN
WILLIAM F GORIN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z REICH
RICHARD S LINCER
JAIME A EL KOURY
STEVEN G HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
DONALD A. STERN
CRAIG B. BROD
SHELDON H. ALSTER
MITCHELL A LOWENTHAL
EDWARD J ROSEN
JOHN PALENBERG
LAWRENCE B FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E AUSTIN
SETH GROSSHANDLER
WILLIAM A GROLL
JANET L. FISHER
DAVID L. SUGERMAN
HOWARD S ZELBO
DAVID E BRODSKY
MICHAEL L LAZERWITZ
ARTHUR H. KOHN
RICHARD J COOPER
JEFFREY S LEWIS
FILIP MOERMAN

PAUL J SHIM
STEVEN L. WILNER
ERIKA W NIJENHUIS
LINDSEE P GRANFIELD
ANDRES DE LA CRUZ
DAVID C LOPEZ
CARMEN A CORRALES
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A KLINGSBERG
MICHAEL J VOLKOVITSCH
MICHAEL D DAYAN
CARMINE D BOCCUZZI, JR
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S PEPONIS
LISA M. SCHWEITZER
KRISTOFER W HESS
JUAN G GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E KORDULA
BENET J O'REILLY

DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P MCGRORY
JOON H. KIM
MATTHEW P SALERNO
MICHAEL J ALBANO
VICTOR L HOU
ROGER A. COOPER
AMY R SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
RESIDENT PARTNERS

SANDRA M ROCKS
S DOUGLAS BORISKY
JUDITH KASSEL
DAVID E WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S MORAG
MARY E ALCOCK
DAVID H HERRINGTON
HEIDE H ILGENFRITZ
JONATHAN S KOLODNER
HUGH C. CONROY JR
KATHLEEN M EMBERGER
WALLACE L LARSON, JR
JAMES D SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K GRANNIS
GRANT M BINDER
MEYER H FEDIDA
RESIDENT COUNSEL

Writer's Direct Dial: +1 212 225 2894
E-Mail: bmorag@cgsh.com

July 10, 2013

BY FACSIMILE

Honorable Naomi Reice Buchwald
United States District Court
   for the Southern District of New York
United States Courthouse
500 Pearl Street, Room 2270
New York, NY 10007

Re: *FirstBank Puerto Rico v. Barclays Capital Inc.* (In re Lehman Brothers Holdings Inc.), Case No. 13-cv-04732-NRB

      We represent appellee Barclays Capital Inc. ("Barclays") in this bankruptcy appeal by appellant FirstBank Puerto Rico ("FirstBank"), which was entered on the docket of this Court yesterday. Barclays wishes to file a motion to dismiss this appeal as premature in the absence of a final judgment or final order below. We could not confirm whether motions in connection with a bankruptcy appeal are among those civil case motions as to which a pre-motion conference is required under Rule 2A of Your Honor's Individual Practices or is among those motions exempted from the requirement. Accordingly, to the extent Rule 2A applies, we respectfully submit this letter to request a pre-motion conference. If no pre-motion conference is required or would otherwise not be of assistance to the Court, then we respectfully request that Your Honor inform the parties so that we may proceed to file and serve the motion to dismiss.

      This case is a two-party adversary proceeding that remains pending before the Hon. James M. Peck of the Bankruptcy Court. FirstBank sued Barclays to recover securities which Barclays maintains it acquired free and clear of all claims under Judge Peck's order pursuant to Section 363 of the Bankruptcy Code, 11 U.S.C. § 363, dated September 20, 2008

approving the sale of certain assets of Lehman Brothers Holdings Inc. and Lehman Brothers Inc. to Barclays (the "Sale Order").[1] This action has been determined to be a "core proceeding" within the meaning of 28 U.S.C. § 157(b), as to which the Bankruptcy Court has the statutory and constitutional authority to enter a final judgment, which has not yet occurred.

FirstBank nonetheless seeks to appeal pursuant to 28 U.S.C. § 158(a) from the Order Denying Motion of FirstBank Puerto Rico for Summary Judgment, Granting Motion of Barclays Capital Inc. for Summary Judgment, and Setting Briefing Schedule for Motion of Barclays Capital Inc. for Civil Contempt Sanctions, entered by Judge Peck on May 23, 2013, ECF No. 68 (the "May 23 Order"). Although the Bankruptcy Court's May 23 Order denied FirstBank's motion for summary judgment and granted Barclays' summary judgment motion, it also orders – with the consent of the parties – further proceedings in the adversary proceeding below to determine whether FirstBank's pursuit of its suit against Barclays in the face of an injunction against such suits within the Sale Order constitutes contempt of that Sale Order and, if so, what sanctions are appropriate. Pursuant to the May 23 Order, on June 28, 2013, FirstBank filed its opposition to Barclays' contempt motion which Barclays had filed on September 13, 2012, Barclays will file its reply on August 5, 2013, and it is anticipated that Judge Peck will hear argument on the contempt motion in September.

Accordingly, Barclays respectfully submits that this Court lacks jurisdiction at this time to hear FirstBank's appeal under 28 U.S.C. § 158, which limits this Court's jurisdiction to appeals from "final judgments, orders, and decrees" of the bankruptcy court and, "with leave of the court, from . . . interlocutory orders or decrees." The Bankruptcy Court's May 23 Order, which expressly orders further proceedings and does not yet dismiss FirstBank's claims or close the adversary proceeding between FirstBank and Barclays, is not a final judgment or order. See Wong v. HSBC Bank USA (In re Lehman Bros. Holdings Inc.), No. 11 Civ. 2721(NRB), 2011 WL 5103346, at *2-3 (S.D.N.Y. Oct. 26, 2011) (granting motion to dismiss appeal of nonfinal order entered in Lehman bankruptcy case). Nor can FirstBank meet the test for appealing an interlocutory order "with leave of the court," including because there are simply no exceptional circumstances warranting piecemeal appeals from the adversary proceeding that is still pending before the Bankruptcy Court. See id. at *3-4.

Because this Court must satisfy itself that it has appellate jurisdiction, Barclays seeks to move to dismiss FirstBank's appeal at the outset in order to avoid the needless

---

[1] The "Sale Order" was entered by the Bankruptcy Court on the docket of the umbrella Chapter 11 proceeding of Lehman Brothers Holdings Inc. (Case No. 08-13555) on September 20, 2008, styled as "Order Under 11 §§ U.S.C. 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) the Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases," and is attached as Exhibit 8 to the parties' joint Stipulations of Fact (Sept. 13, 2012), ECF No. 19. Unless otherwise noted, citations to docket entries refer to documents filed in the adversary proceeding pending in United States Bankruptcy Court for Southern District of New York captioned FirstBank Puerto Rico v. Barclays Capital Inc. (In re Lehman Brothers Holdings, Inc.), Adv. Proc. No. 10-04103 (JMP).

expenditure of the parties' and judicial resources only to have this Court possibly decide after the merits have been fully briefed and argued that it lacks jurisdiction over this appeal. See, e.g., In re Cutter, No. CV-05-5527 (FB), 2006 WL 2482674 (E.D.N.Y. Aug. 29, 2006) (dismissing appeal as premature after merits of appeal fully briefed). Indeed, in an effort to avoid the possibility of this result, after FirstBank filed its notice of appeal in June, counsel for Barclays proposed to counsel for FirstBank that the parties enter into a stipulation to suspend briefing on FirstBank's appeal until the remaining issues were resolved by the Bankruptcy Court. FirstBank, however, declined, apparently preferring to have proceedings pending in both the District Court and Bankruptcy Court at the same time.

Having been informed today of Barclays' wish to move to dismiss the appeal and for a stay of the appellate briefing schedule during the pendency of that motion, FirstBank's counsel has agreed to such a stay, subject to Court approval. Absent an adjustment to the schedule directed by the Bankruptcy Rules, FirstBank's opening brief on the merits of its appeal would otherwise be due on July 23, 2013, with Barclays' opposition brief due 14 days thereafter and FirstBank's reply due 14 days after Barclays' opposition. Fed. R. Bankr. P. 8009(a)(2), (3).

Barclays is prepared immediately to file its motion to dismiss. We and FirstBank's counsel are of course also available at the Court's convenience to attend a pre-motion conference in person or by telephone. Accordingly, we respectfully request that the Court schedule a pre-motion conference or advise the parties that such a conference is not necessary as to the motion to dismiss. In any event, well in advance of July 23, 2013, the parties will submit a scheduling stipulation for approval both as to the briefing schedule of the motion to dismiss and confirmation of the stay of merits briefing as soon as we receive direction from Your Honor.

Respectfully submitted,

Boaz S. Morag

cc: Jeffrey Mitchell, Esq., counsel to FirstBank (via facsimile and email)