B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                    Case No. 08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of an undivided interest in the claim referenced in this evidence and notice.

| Citigroup Global Markets Inc. | LAMP Hayman Capital Fund |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Citigroup Global Markets Inc.
390 Greenwich Street, 4th floor
New York, New York 10013
Attn: Taylor Leahy
Phone: 212-723-6064
Email: taylor.leahy@citi.com

Court Claim # (if known): 55162
Total Amount of Claim Filed: $5,626,021.74
Amount of Claim Transferred: See Schedule 1
ISIN/CUSIP: See Schedule 1
Blocking Number:
Date Claim Filed: October 29, 2009

With a copy to:

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
Attn: Douglas R. Davis
Phone: 212-373-3000
Email: ddavis@paulweiss.com

Name and address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: __[signature]__    Date: July 23, 2013
Transferee/Transferee's Agent

Brian S. Broyles
Authorized Signatory

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 & 3571.

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **LAMP Hayman Capital Fund** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Citigroup Global Markets Inc.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the Proofs of Claim Number specified in Schedule 1 attached hereto filed by or on behalf of Seller or Seller's predecessor-in-interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) other than any amounts relating to distributions made by the Debtor on or about April 4, 2013, any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller has delivered to Purchaser a true and correct copy of the Notice of Proposed Allowed Claim Amount (as defined in the Court's Order, dated August 10, 2011, Approving Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.), which relates to the Proof of Claim, and as of the date hereof, Seller has not received any revised Notice of Proposed Claim Amount; (h) as of the date of this Agreement, Seller has not received notice of any full or partial redemption, and has not received any payment in relation to any full or partial redemption in respect of the Purchased Securities; and (i) on or about May 8, 2013 Seller received distributions from Lehman Brothers Treasury Co. B.V. in respect of the Transferred Claims.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges

Doc#: US1:8699070v1

and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall accept and hold any payments, distributions or proceeds received by Seller in respect of the Transferred Claims (including in connection with any interim distribution or otherwise) for the account and sole benefit of Purchaser and shall promptly (but in any event no later than three (3) business days) remit any such payments, distributions or proceeds to Purchaser in the same form received, together with (a) any statements received from Debtor and/or Epiq describing such payment or distribution and (b) any endorsements or documents necessary to transfer such property to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 23 day of July 2013.

| LAMP Hayman Capital Fund | Citigroup Global Markets Inc. |
|---|---|
| By: /s/ Christopher E. Kirkpatrick<br>General Counsel | By: /s/<br>Name:<br>Title: Brian S. Broyles<br>Authorized Signatory |
| c/o Hayman Capital Management, L.P.<br>2101 Cedar Springs Road, Suite 1400<br>Dallas, TX 75201 | 390 Greenwich Street, 4th Floor<br>New York, New York 10013 |

Schedule 1

Transferred Claims

Purchased Claim
The notional amount of the claim that is referenced in the Proof of Claim and relating to the Purchased Security described below.

Lehman Programs Securities to which Transfer Relates

| ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Proof of Claim |
|---|---|---|---|---|
| XS0292248977 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 43,500.00 | 56518 |
| XS0292248977 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 129,000.000 | 56544 |
| XS0292248977 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 37,500.00 | 56392 |
| XS0292248977 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 322,500.00 | 56359 |
| XS0292248977 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 157,500.00 | 56360 |
| XS0333449295 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 785,000.00 | 55837 |
| XS0340756898 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 960,000.00 | 58786 |
| XS0360994296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 532,385.00 | 55162 |
| XS0216280932 | Lehman Brothers | Lehman | USD 213,563.89 | 44970 |

Schedule 1-1

Doc#: US1:8699070v1

| ISIN | Issuer | Guarantor | Amount | Claim No. |
|---|---|---|---|---|
| | Treasury Co. B.V. | Brothers Holdings Inc. | | |
| XS0216280932 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 355,939.82 | 44971 |
| XS0282208718 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 428,249.20 | 50359 |