Presentment Date and Time: August 15, 2013 at 12:00 p.m. noon (Prevailing Eastern Time)
Objection Deadline: August 14, 2013 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): August 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------------------x
: 
In re : 
: 
: Case No.
**LEHMAN BROTHERS INC.**, : 
: 08-01420 (JMP) (SIPA)
Debtor. : 
: 
------------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER
AMONG LEHMAN BROTHERS HOLDINGS INC., JAMES W. GIDDENS,
AS TRUSTEE FOR THE SIPA LIQUIDATION OF LEHMAN BROTHERS INC.
AND SHARON EICHORN PROVIDING FOR LIMITED RELIEF
FROM THE AUTOMATIC STAY**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed stipulation, agreement and order providing for limited relief from the automatic stay (the "Stipulation, Agreement and Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **August 15, 2013 at 12:00 noon (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation, Agreement and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **August 14, 2013 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation, Agreement and Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation, Agreement and Order on **August 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: August 7, 2013
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and Certain of its Affiliates


/s/ Jeffrey S. Margolin
Sarah L. Cave
Jeffrey S. Margolin
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------x
                                                                              :
**In re**                                                                     :    **Chapter 11 Case No.**
                                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                                  :    **08-13555 (JMP)**
                                                                              :
         Debtors.                                                             :    **(Jointly Administered)**
                                                                              :
------------------------------------------------------------------------------x
                                                                              :
**In re**                                                                     :
                                                                              :    **Case No.**
**LEHMAN BROTHERS INC.,**                                                     :
                                                                              :    **08-01420 (JMP) (SIPA)**
         Debtor.                                                              :
                                                                              :
------------------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER
AMONG LEHMAN BROTHERS HOLDINGS INC., JAMES W. GIDDENS,
AS TRUSTEE FOR THE SIPA LIQUIDATION OF LEHMAN BROTHERS INC.
AND SHARON EICHORN PROVIDING FOR LIMITED RELIEF
FROM THE AUTOMATIC STAY**

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") pursuant to the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* (the "Plan"), James W. Giddens (the "Trustee"), as Trustee for the SIPA liquidation of Lehman Brothers Inc. ("LBI") and Sharon Eichorn ("Eichorn" and, collectively with the Plan Administrator and the Trustee, the "Parties"), hereby stipulate and agree as follows:

**RECITALS**

A.      On September 15, 2008 (the "Commencement Date") and periodically thereafter, LBHI and certain of its subsidiaries (collectively, the "Chapter 11 Estates")

commenced in this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

        B.      On September 19, 2008 (the "Filing Date"), a proceeding (the "LBI Proceeding") was commenced under the Securities Investor Protection Act of 1970, as amended ("SIPA"), 15 U.S.C. §§ 78aaa et seq., with respect to LBI and the Trustee was appointed under SIPA to administer LBI's estate pursuant to the Order Commencing Liquidation of LBI (the "LBI Liquidation Order") entered by the United States District Court for the Southern District of New York.

        C.      On July 2, 2009, the Court entered an order setting forth the procedures and deadlines for filing proofs of claim in the Chapter 11 Cases (LBHI ECF No. 4271) (the "Bar Date Order").  Pursuant to the Bar Date Order, the Court established September 22, 2009 as the deadline to file proofs of claim for certain types of claims.

        D.      On December 6, 2011, the Court entered an order (the "Confirmation Order") confirming the Plan (LBHI ECF No. 23023).  The Plan became effective on March 6, 2012.

        E.      Pursuant to paragraph 54 of the Confirmation Order, the automatic stay extant in the Chapter 11 Cases pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") remains in full force and effect.

        F.      Pursuant to the LBI Liquidation Order, the Automatic Stay extant in the LBI Proceeding remains in full force and effect.

        G.      On or about December 26, 2006, Eichorn commenced an action in the District Court in and for Tulsa County, State of Oklahoma (the "State Court Action").  Eichorn's claims in the State Court Action arise out of certain bodily injuries she allegedly suffered at a

Holiday Inn Select hotel (the "Hotel") located in Tulsa, Oklahoma.[1]  Eichorn named LBI as a defendant in the State Court Action based on information that LBI was the owner of the Hotel.  The State Court Action has been stayed by the commencement of the Chapter 11 Cases and the LBI Liquidation Order.

        H.        On August 13, 2009, Eichorn filed a claim (the "Eichorn Claim") in the Chapter 11 Cases in the amount of $1,000,000.[2]  The Eichorn Claim has been assigned claim number 8213 by LBHI's Court-approved claims and noticing agent.

        I.        The Plan Administrator has reviewed its records and determined that LBHI, not LBI, had an indirect interest in the Hotel at the time of Eichorn's alleged injuries.  The Plan Administrator has also determined that LBHI is the holder of a commercial general liability policy (the "Policy") which covers, among other things and in appropriate circumstances, claims for bodily injury-related damages.  Under the terms of the Policy, the insurer provides "first-dollar coverage" and is thus obligated to maintain the defense against Eichorn's claim and, to the extent that it receives an unfavorable verdict, pay Eichorn's damages, subject to certain terms and conditions, up to $1,000,000.

        J.        Eichorn represents and warrants to the Plan Administrator that she remains the legal and beneficial owner of the Eichorn Claim.

        K.        In order to resolve the dispute between the Parties regarding Eichorn's alleged injuries, LBHI and the Trustee have agreed to consent to relief from the Automatic Stay for the limited purpose of allowing the resumption of the State Court Action on the terms set

---

[1] Nothing contained herein is intended to be determinative of the validity or enforceability of any claim or causes of action asserted by Eichorn against LBI or LBHI or any of its affiliates.  The Plan Administrator, on behalf of LBHI and its affiliates, and the Trustee, on behalf of LBI, expressly reserve their respective rights to dispute and/or contest any such claims or causes of action for any reason.

[2] The Eichorn Claim does not specify a particular Chapter 11 Estate.

forth herein.  In connection therewith, Eichorn expressly covenants and agrees that (i) LBHI and its insurers shall be permitted to present any and all defenses to Eichorn's claims; and (ii) in the event that any judgment or other relief is allowed against LBHI in the State Court Action, execution and recovery thereon shall be limited to recovery against insurance proceeds that may be payable to Eichorn under the Policy (the "Insurance Proceeds").

        L.      Eichorn has also agreed to withdraw the Eichorn Claim and to forgo any recovery from LBHI other than to the extent of the Insurance Proceeds.

        M.      In light of the foregoing, the Parties have agreed, subject to approval of this Court, to modify the Automatic Stay for the purposes set forth herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND AMONG THE PARTIES, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

        1.      This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

        2.      Upon the Effective Date, the Automatic Stay extant pursuant to section 362 of the Bankruptcy Code, paragraph 54 of the Confirmation Order, and the LBI Liquidation Order shall be modified solely to the extent necessary to permit Eichorn to (i) resume the State Court Action in order to recover her damages, if any, from the Insurance Proceeds, (ii) settle the State Court Action with LBHI's insurer, if appropriate, and (iii) to execute or collect upon any settlement or judgment rendered in her favor in the State Court Action against the Insurance Proceeds without the need to seek further Court approval; provided, however, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against LBHI or LBI that was or could have been commenced prior to the Commencement Date as to LBHI and the Filing Date as

to LBI, and those provisions prohibiting any act to collect, assess, or recover a claim, other than with respect to the Insurance Proceeds, that arose prior to the Commencement Date or the Filing Date from the respective estates and/or assets or property of LBHI and LBI (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. Notwithstanding the consent of LBHI to the limited relief described herein, Eichorn hereby covenants and agrees that in the event that any judgment or other relief is allowed against LBHI in the State Court Action, execution or recovery thereon shall be limited to only the Insurance Proceeds.

4. Upon the Effective Date, the Eichorn Claim shall be deemed withdrawn and expunged in its entirety and Epiq Bankruptcy Solutions, LLC, the Court-appointed claims agent, shall be authorized and directed to modify the claims registry to reflect the terms of this Stipulation, Agreement and Order.

5. Within ten (10) business days of the Effective Date, Eichorn shall file a motion in the State Court Action seeking to add LBHI as a defendant in the State Court Action and to dismiss LBI from same with prejudice.

6. This Stipulation, Agreement and Order contains the entire agreement among the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings among the Parties relating thereto.

7. This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

8. Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

9.      This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

10.     Each Party to this Stipulation, Agreement and Order represents that it fully understands the terms hereof.  This Stipulation, Agreement and Order shall not be strictly construed against either Party on the ground that the rules for the construction of contracts require the resolution of any ambiguity against the Party that drafted the document.

11.     This Stipulation, Agreement and Order shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and assigns.  Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation, Agreement and Order.

12. This Stipulation, Agreement and Order shall be governed by and in accordance with the laws of the state of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order

Dated: August 7, 2013
      Tulsa, Oklahoma

/s/ Derek Ingle
Derek Ingle

Corley & Associates
1809 East 15th Street
Tulsa, Oklahoma 74104-4610
Telephone: (918) 744-6641
Facsimile: (918) 747-4921

Dated: August 6, 2013
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and Certain of its Affiliates

Dated: August 6, 2013
      New York, New York

/s/ Jeffrey S. Margolin
Sarah L. Cave
Jeffrey S. Margolin

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc.

SO ORDERED, this ___ day of _____, 2013 in New York

_____
United States Bankruptcy Judge

US_ACTIVE:\44187726\3\58399.0003