Hearing Date: September 26, 2013 at 10:00 a.m. (Eastern Time)
Response Deadline: September 11, 2013 at 4:00 p.m. (Eastern Time)

REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
Michael A. Rollin

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.* : **08-13555 (JMP)**
:
Debtors. : **(Jointly Administered)**
:
------------------------------------------------------------x

**NOTICE OF HEARING ON OBJECTION
TO PROOF OF CLAIM NO. 33605 FILED BY SANFORD A. AND TINA A. MOHR**

**PLEASE TAKE NOTICE** that on August 12, 2013, Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator") as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, filed an objection to proof of claim number 33605 (the "Objection to Claim"), and that a hearing (the "Hearing") to consider the Objection to Claim will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004, on **September 26, 2013, at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

1416919

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection to Claim must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Plan Administrator, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq.) and Reilly Pozner LLP, 1900 16th Street, Suite 1700, Denver, Colorado 80202 (Attn: Michael Rollin, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Tracy Hope Davis, Esq., Andrea B. Schwartz, Esq., and Susan Golden, Esq.); so as to be so filed and received by no later than **September 11, 2013 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no response is timely filed and served with respect to the Objection to Claim, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection to Claim, which order may be entered with no further notice or opportunity to be heard offered to any party.

1416919

Dated: August 12, 2013

    Denver, Colorado

/s/ Michael A. Rollin
Michael A. Rollin

REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110

Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates

1416919

REILLY POZNER LLP

1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
Michael A. Rollin

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :   Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.     :   08-13555 (JMP)
                                          :
                    Debtors.              :   (Jointly Administered)
                                          :
------------------------------------------------------------x
```

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

**OBJECTION**
**TO PROOF OF CLAIM NO. 33605 FILED BY SANFORD A. AND TINA A. MOHR**

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases respectfully represents as follows:

**Relief Requested**

1.  The Plan Administrator files this objection (the "Objection to Claim") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy (the "Bankruptcy Rules") and this Court's Order

4

1416919

approving procedures for the filing of objections to proofs of claim filed in these chapter 11 cases [ECF No. 6664], seeking disallowance and expungement of proof of claim no. 33605 (the "Claim") filed by Sanford A. and Tina A. Mohr.

2. The Mohrs filed the Claim against BNC Mortgage, LLC ("BNC") seeking rescission of their residential mortgage and damages under the Truth in Lending Act ("TILA"). The Mohrs' Claim alleges that lender Finance America, LLC[1] ("Finance America") failed to put the accurate date on the Notice of Right to Cancel ("NORC") in violation of TILA. The Mohrs do not have an actionable claim for damages because their damages claim is barred by TILA's one-year statute of limitations. Furthermore, the Mohrs demonstrably cannot tender sufficient funds to refund the Loan as required for a successful rescission claim under TILA. The Plan Administrator therefore requests the Claim be disallowed and expunged in its entirety.

3. The Plan Administrator reserves its rights to object on any other basis to the Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its affiliates (the "Chapter 11 Estates") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On December 6, 2011, the Court approved and entered an order

---

[1] BNC Mortgage is successor in interest, by merger, to Finance America.

5

1416919

confirming the Plan. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

### Summary of the Mohrs' Claim

7. On or about April 16, 2004, the Mohrs refinanced their home and executed a promissory note in favor of lender Finance America (the "Note"). In order to secure their obligations under the Note, the Mohrs also entered into a mortgage (the "Mortgage") encumbering their interest in certain real property located at 73-4787 Halolani Street, Kailua-Kona, Hawai'i, 96740. The Note and Mortgage are both attached hereto as Exhibit 1. The Mortgage, dated April 16, 2004, was recorded in the Bureau of Conveyances of the State of Hawai'i as Document No. 2004-082632 on April 27, 2004. Finance America loaned $467,500.00 to the Mohrs according to these agreements (the "Loan"). LBHI, BNC's parent company, is the current owner and holder of the Note and Mortgage.

8. Six months later, on or about October 1, 2004, the Mohrs ceased making payments on the Loan. On or about March 21, 2005, the Mohrs received a Notice of Mortgagee's Intention to Foreclose Under Power of Sale. In response, on April 18, 2005, the Mohrs, through counsel, sent a letter to Finance America rescinding their mortgage pursuant to Section 125 of TILA, 15 U.S.C. § 1635, and Section 226.23 of Regulation Z, 12 C.F.R. § 226.23.

9. The next day, on April 19, 2005, the Mohrs filed a declaratory judgment lawsuit in Hawai'i state court, Civil No. 05-1-095K, against Deutsche Bank, as Trustee, Finance America, and others. The lawsuit sought rescission of the mortgage due to alleged violations of TILA, specifically Finance America's failure to put the accurate date on the NORC. The lawsuit

6

1416919

also sought damages for these alleged TILA violations. The following day, April 20, 2005, the non-judicial foreclosure was cancelled.

10. In an attempt to resolve the matter, BNC and the Mohrs reached a compromise. A settlement agreement was drafted. The Mohrs were to place $463,394.32 (the amount of the Loan less some bank charges and interest payments made by the Mohrs) in escrow as required for rescission under TILA, and BNC would in turn release the Mortgage. However, on the date of the settlement, the Mohrs failed to place the requisite funds in escrow and the settlement fell through. Shortly thereafter, this matter was stayed due to BNC's bankruptcy. Now, despite having lived in their home for almost nine years without making a payment, Mr. and Mrs. Mohr filed the Claim seeking to recover the appraised value of their home in damages. Additionally, they are seeking rescission of their mortgage and statutory damages. The Mohrs' claims are without merit.

### The Claim Should Be Disallowed and Expunged

11. "TILA allows a plaintiff to seek damages from a 'creditor,' or rescission from an assignee." *Marzan v. Bank of America*, 779 F.Supp.2d 1140, 1148 (D. Haw. 2011) (citing 15 U.S.C. §§ 1640 & 1641(c)); *see Midouin v. Downey Sav. and Loan Ass'n, F.A.*, 834 F.Supp.2d. 95, 102 (E.D.N.Y. 2011) ("A creditor's failure to comply with TILA's requirements can subject the creditor to statutory and actual damages and may entitle the borrower to rescission. *See* 15 U.S.C. §§ 1635, 1640.").

12. Under TILA, a borrower has a right to rescind a consumer credit transaction that provides for a security interest in any property used as the borrower's principal dwelling. 15 U.S.C. § 1635(a). The borrower generally has "until midnight of the third business day following consummation of the transaction or the delivery of the information and rescission

7

1416919

forms" to exercise this right. *Id.* However, when a lender fails to disclose to a borrower his or her right to rescind, or fails to provide material disclosures, the duration of the borrower's right to rescind extends for three years from the date the transaction was consummated. 12 C.F.R. § 226.23(a)(3); *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989); *Aubin v. Residential Funding Co., LLC*, 565 F.Supp.2d 392, 396 (D. Conn. 2008). The right of rescission under TILA expires three years after the date of consummation of the transaction or upon sale of the property, whichever occurs first. *Hallas v. Ameriquest Mortg. Co.*, 406 F. Supp. 2d 1176, 1183 (D. Or. 2005); *Van Pier v. Long Island Savings Bank, FSB*, 20 F.Supp.2d 535, 536 (S.D.N.Y. 1998); 15 U.S.C. § 1635(f). The right to damages for TILA violations expires one year after the consummation of the transaction. 15 U.S.C. § 1640(e).

13. TILA defines "material disclosures" as disclosures of the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness, and the disclosures required by 15 U.S.C. section 1639(a). *See* 15 U.S.C. § 1602(u).

14. The Mohrs claim, and BNC disputes, that they received NORCs that left blank the date by which they could cancel.

<u>Rescission is not Available to the Mohrs Due to Their Inability to Pay</u>

15. The Mohrs' request for rescission under TILA fails because they have not and cannot demonstrate their ability to tender the outstanding Loan proceeds (less interest, finance charges, and other deductions permitted under TILA). Rescission under TILA requires two things: (1) a TILA violation triggering rescission rights, and (2) the return of the money lent

by the creditor. 15 U.S.C. § 1635(b); *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1170-1171 (9th Cir. 2003); *HSBC USA v. Chernilas*, 2010 WL 4155292 (N.Y. Sup. October 6, 2010); *Berkeley Fed. Bank & Trust FSB v. Siegel*, 247 A.D.2d 498, 499, 669 N.Y.S.2d 335, 225 (2d Dep't. 1998). "[W]ithin the meaning of [TILA], 'rescission' does not mean an annulment that is definitively accomplished by unilateral pronouncement, but rather a remedy that restores the status quo ante." *Yamamoto*, 329 F.3d at 1172 (citation omitted). Even when there is or may be a violation of TILA so as to justify rescission, such rescission cannot be enforced when the borrower cannot comply with her rescission obligations, i.e., repayment of the money loaned. 15 U.S.C. § 1635(b); *Yamamoto*, 329 F.3d at 1173. A court need not even adjudicate a claimed TILA violation where a plaintiff has not shown he can properly effectuate rescission by repayment. *Yamamoto*, 329 F.3d at 1173. "[I]nasmuch as rescission is an equitable doctrine, a court of equity may condition the obligor's right of rescission upon his or her tender to the creditor of the principal of the loan." *Berkeley* 247 A.D.2d at 499, 669 N.Y.S.2d at 335 (internal citations omitted). The Mohrs have made no affirmative showing in their proof of claim that they can tender the Loan amount. Thus, they do not have a viable TILA rescission claim.

16. The amount the Mohrs must tender to rescind the Loan (the "<u>TILA Tender Amount</u>") is the Loan amount less finance and other charges. 15 U.S.C. § 1635(a); *see also Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 702 (9th Cir. 1986); *Young v. Bank of N.Y. Mellon*, 848 F. Supp. 2d 1182, 1193-94 (D. Haw. 2012) ("[A] plaintiff seeking affirmatively to void a mortgage transaction under § 480-12 must be able to place the parties in as close a position as they held prior to the transaction.") (Quotations and citation omitted). "Rescission under TILA return[s] the parties most nearly to the position they held prior to entering into the transaction." *Nunes v. Wells Fargo Bank NA*, 2013 WL 1169762, at *2

9

(E.D.N.Y. March 20, 2013) (internal citations and quotations omitted).

17. The TILA Tender Amount due and owing to BNC (now LBHI) is the Loan amount of $467,500 less the interest they previously paid and other finance charges. *See id.* Not only have the Mohrs failed to even allege that they have the ability to return the loan proceeds if the Note and Mortgage are rescinded, *see generally* Proof of Claim No. 33605, they also failed to do so when given the opportunity in 2008. Additionally, their Claim seeks not only to avoid liability for the return of any loan funds but seeks an additional $550,000.00 for the appraised value of their home as well as other monetary damages. Finally, the fact that the Mohrs have not made a payment of principal or accrued interest in almost nine years also weighs against awarding rescission without first requiring proof of ability to tender funds. *See HSBC USA v. Chernilas*, 2010 WL 4155292 (N.Y. Sup. Oct. 6, 2010) (finding that when borrowers hadn't made payments in over two years since foreclosure was initiated weighed against finding that they could tender the loan amount).

18. Not only have the Mohrs failed to affirmatively prove that they are able to come up with the TILA Tender Amount, when given the opportunity to do so and in accordance with the settlement agreement that had been negotiated, they were unable. Thus, rescission is not available.

<u>Damages Not Permitted</u>

19. The Mohrs' claims for damages under 15 U.S.C. § 1640(a) are barred by TILA's one-year statute of limitations. 15 U.S.C. § 1640 provides that "[a]ny action under this section may be brought … within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *see also Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 286 (S.D.N.Y.

2011) ("Here, it is undisputed that the mortgage loan transactions closed on October 12, 2005. Thus, the applicable [TILA] statute of limitations ran on October 12, 2006. . . ."). The loan transaction between the Mohrs and Finance America closed on April 16, 2004. The Mohrs initiated their lawsuit by the filing of their complaint on April 19, 2005. Therefore, their claim for damages is barred under TILA.

20. The Mohrs' rescission claim has no impact on the application of TILA's one year statute of limitations on their damages claims. In *Williams v. Aries Financial, LLC*, 2009 WL 3851675 (E.D.N.Y. Nov. 18, 2009), the court explained that plaintiff could not recover statutory damages because "§ 1640 contains a statute of limitations of one year. There is no indication in the statute or legislative history that Congress intended to alter the statute of limitations applicable to a claim for damages just because it was brought in conjunction with a suit for rescission." *Williams*, 2009 WL 3851675, at *5. Regardless of the alleged liability for TILA violations, LBHI cannot be compelled to pay any statutory damages because more than one year passed between the consummation of the Mohrs' loan transaction and their attempt to effect a claim for damages. *See id.* at *6 ("One-year statute of limitations applies to [Claimants'] claim for damages under TILA.")

21. It is well-established that even one day makes a substantial difference in calculating whether a complaint is timely. In *Lawson v. Conyers Chrysler, Plymouth, and Dodge Trucks, Inc.*, 600 F.2d 465 (Ga. Ct. App. 1979), the Georgia Court of Appeals found that, "in computing the one-year period[,] the day of the transaction is excluded and the last day of the period is included." *Id.* at 465 (finding a complaint timely under 15 § 1640(e) where the complaint was filed on the anniversary of the transaction date). The Note and Mortgage are each dated April 16, 2004. *See* Exh. 1.

11

22.     Following precedent that begins computing the one-year statute of limitations on the day of the transaction, the Mohrs claim is time-barred. *See Grimes*, 785 F. Supp. 2d 269 at 286 (S.D.N.Y. 2011); *Johnson v. Scala*, No. 05 CIV. 5529, 2007 WL 2852758, *3 (S.D.N.Y. Oct. 1, 2007) ("Case law supports the notion that the statute of limitations for TILA claims does not start running upon the discovery of the non-disclosure, but, rather, upon the funding of the loan."); *accord McMillon v. Budget Plan of Virginia*, 510 F. Supp 17, 18 (E.D. Va. 1980) (noting that the Third Circuit and Sixth Circuit agree that the statutory time limit set forth in 15 U.S.C. § 1640(e) "begins to run on the date the contract was executed") (citations omitted). By this formula, the last day for the Mohrs to have filed their lawsuit was April 16, 2005.

23.     The Loan was funded and the Note and Mortgage were signed on April 16, 2004. *See* Exh. 1. As such, under the plain terms of 15 U.S.C. § 1640(e), the Mohrs were required to bring their claim for TILA damages no later than April 16, 2005. Instead, they filed the initial complaint on April 19, 2005. The Mohrs' claim for TILA damages is time-barred.

## Conclusion

24.     As the Mohrs' claims for damages and rescission have no basis, the Plan Administrator respectfully requests that this Court disallow and expunge their Claim.

## Notice

25.     No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Objection to Claim on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) Sanford A. and Tina A.

12

1416919

Mohr; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

26. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

27. WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: August 12, 2013
      Denver, Colorado

      /s/ Michael A. Rollin
      Michael A. Rollin
      REILLY POZNER LLP
      1900 16th Street, Suite 1700
      Denver, Colorado 80202
      Telephone: (303) 893-6100
      Facsimile: (303) 893-6110

      Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates

1416919

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                              :    Chapter 11 Case No.
                                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                       :
                    Debtors.                                  :    (Jointly Administered)
------------------------------------------------------------x

# ORDER GRANTING OBJECTION
## TO PROOF OF CLAIM NO. 33605 FILED BY SANFORD A. AND TINA A. MOHR

Upon the objection, dated August 12, 2013 (the "Objection to Claim"), of Lehman Brothers Holdings, Inc, as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking disallowance and expungement of the Claim of Sanford A. and Tina A. Mohr, all as more fully described in the Objection to Claim; and due and proper notice of the Objection to Claim having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection to Claim is in the best interests of LBHI, BNC Mortgage, LLC, its estate, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection to Claim establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection to Claim is granted; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, Claim

1416919

(Claim No. 33605) is disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that the Court-appointed claims and noticing agent is authorized and directed to delete Claim No. 33605 from the official claims registry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
       New York, New York

                                            UNITED STATES BANKRUPTCY JUDGE

1416919