# United States Bankruptcy Court
## Southern District of New York

In re:  Lehman Brothers Holdings Inc          Case No.    08-13555 (JMP)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**Cobber Finance B.V**

Name of Transferee

Name and Address where notices to transferee should be sent:
Keizersgracht 268
1016 EV Amsterdam
The Netherlands

e-mail: jukka.helanto@cobberfinance.com

Tel :   +31 (0) 622 186 499

**Yorvik Partners LLP**

Name of Transferor

Court Claim # (if known):    59233

Amount of Claim: 68.96551724% (400 of 5800 units filed under ISIN ANN5214A6810 (Nominal USD 400,000 of USD 580,000) which is 0.06408861173% (USD 400,000 of USD 624,135,847.52) filed under claim 59233

Date Claim Filed:   10/30/ 2009

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: 05.08.2013
    Transferee/Transferee's Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.



RECEIVED AUG 12 2013 U.S. BANKRUPTCY COURT SO. DIST. OF NEW YORK

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, Yorvik Partners LLP ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Cobber Finance B.V. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the 16 April 2013 (the "Effective Date"), (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 59233 filed by Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller is not, and shall not, prior to the recognition by the Debtor of Purchaser as the holder of the Proof of Claim, become, a PSA Creditor (as defined in the proposed Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated August 31, 2011); (h) the Allowed Amount of Claim Transferred to Purchaser, as referred to in Schedule 1, are those amounts set forth in Schedule 1, and (i) other than with respect (i) to the sum of $1,110.18 received by Predecessor, as a Class 5 Distribution (as defined in the Debtors' Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated December 5, 2011 (the "Plan")) under the Plan, on or about April 17, 2012 in connection with the initial Distribution (as defined in the Plan), and (ii) to the sum of $749.17 received by Predecessor, as a Class 5 Distribution under the Plan, on or about October 1, 2012 in connection with a subsequent Distribution under the Plan, no payment or other distribution has been received by the Seller, in full or partial satisfaction of, or in connection with, the Transferred Claims, and (j) no filing or voting instructions have been filed, submitted or otherwise to date, in relation to the Purchased Claim relating to the Consent and Solicitation Memorandum approved by the Supervisory Judge relating to the Composition Plan offered by LBT to its Ordinary Creditors pursuant to Title I, Chapter 6 DBA.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice

or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. . Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than two (2) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller agrees to (a) forward to Purchaser all notices received with respect to the Transferred Claims; (b) vote the Transferred Claims in a timely manner and in accordance with (i) Purchaser's instructions or (ii) if the Transferred Claims cannot be voted separately, the instruction of holders of a majority of the claims, including the Transferred Claims, that can be voted separately, and (c) take such further action with respect to the Transferred Claims in the Proceedings as Purchaser may from time to time request. Seller shall transfer on the Effective Date, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 16 day of APRIL 2013.

| Yorvik Partners LLP | Cobber Finance B.V. |
|---|---|
| By: _____ | By: _____ |
| Name: Simon Mullaly | Name: JUKKA HELAUTO |
| Title: founding partner | Title: CFO |
| 11 Ironmonger Lane | |
| London EC2V 8EY | |

I

Schedule 1

Transferred Claims

Purchased Claim

8.6206896555% (or 500 units) of the 5,800 units of ISIN ANN5214A6810, filed as part of the Claim number 59233.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) | Allowed Amount of Claim Transferred to Purchaser |
|---|---|---|---|---|---|---|---|---|
| Structured Security | ANN5214A6810 | Lehman Brothers Securities NV | Lehman Brothers Holdings Inc | 500 units at US$ 100 per unit | N/A | N/A | N/A | US$ 50,000.00 |

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Yorvik Partners LLP** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Cobber Finance B.V. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the 16 April 2013 (the "Effective Date"), (a) an undivided in[...] eto (the "Purchased Claim"), in [...] Claim") aga[...] eller (the "Proof of United State[...] Proceedings") in the 08-13555 (J[...] red under Case No. without limi[...] d Claim, including property, wh[...] alties, fees or other documents, [...] pect to any of the create and/o[...] g) which evidence, or liquidatio[...] n of reorganization as defined in[...] limitation, "claims" any nature [...] ights or lawsuits of Purchased C[...] onnection with the supporting d[...] attachment and/or to and unde[...] title and interest in, obligations u[...] red the rights and Claim, (c) a[...] d to the Purchased "Transferred [...] ), (b), and (c), the Purchased Cl[...] ty") relating to the

2. [...] aim was duly and timely filed [...] e with the Court's order setting [...]; (b) the Proof of Claim relates [...] grams Securities" available on [...] nd marketable title to the Transfe[...] sts, participations, or encumbra[...] and empowered to execute and p[...] the Proof of Claim includes the P[...] any acts, conduct or omissions,[...] haser receiving in respect of the[...] ble treatment than other unsecur[...] f Purchaser as the holder of the [...] d Joint Chapter 11 Plan of Lehm[...] Allowed Amount of Claim Tran[...] chedule 1, and (i) other than wit[...] tion (as defined in the Debtors' [...] and its Affiliated Debtors, date[...] nnection with the initial Distrib[...] ssor, as a Class 5 Distribution u[...] ibution under the Plan, no payn[...] sfaction of, or in connection wi[...] led, submitted or otherwise to d[...] randum approved by the Superv[...] ditors pursuant to Title I, Chapte[...]

3. [...] Purchaser on the books and rec[...] by law any notice



| | |
|---|---|
| or right to | ocedure, the |
| Bankruptc | of Seller by |
| Purchaser | with respect |
| to the Trar | eral Rule of |
| Bankruptc | knowledges |
| and unders | ice to Seller |
| transferrin | older of the |
| Transferre | pect of the |
| Transferre | |

4.
| | |
|---|---|
| and perfor | on, delivery |
| Purchaser | ibed herein. |
| hereby agr | er. . Seller |
| employees, | s, directors, |
| expenses a | ages, costs, |
| Seller's bre | result from |

5.
| | |
|---|---|
| distribution | payments, |
| forward to | grees to (a) |
| a timely ma | d Claims in |
| separately, | not be voted |
| separately, | an be voted |
| may from t | s Purchaser |
| such accou | Security to |
| Seller. This | writing to |
| any other a | nfirmation, |
| transfer met | (or similar |

6.
| | |
|---|---|
| delivered, a | ecuted and |
| such other a | be taken all |
| carry out th | rposes, and |
| to ensure th | cooperating |

7.
| | |
|---|---|
| determined | rpreted and |
| that would | provision |
| jurisdiction | omit to the |
| to service of | to consents |

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 16 day of APRIL 2013.

Yorvik Partners LLP

By: _____
Name: SIMON MULLALY
Title: FOUNDING PARTNER
11 Ironmonger Lane
London EC2V 8EY

Cobber Finance B.V.

By: _____
Name: JUKKA HELANTO
Title: CFO

Schedule 1

## Transferred Claims

### Purchased Claim

8.6206896555% (or 500 units) of the 5,800 units of ISIN ANN5214A6810, filed as part of the Claim number 59233.

### Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) | Allowed Amount of Claim Transferred to Purchaser |
|---|---|---|---|---|---|---|---|---|
| Structured Security | ANN5214A6810 | Lehman Brothers Securities NV | Lehman Brothers Holdings Inc | 500 units at US$ 100 per unit | N/A | N/A | N/A | US$ 50,000.00 |