# EXHIBIT I

*THIS TRANSMITTAL CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE BENEFICIAL OWNERS OF THE SUBJECT SECURITIES. PLEASE EXPEDITE RE-TRANSMITTAL TO SUCH BENEFICIAL OWNERS IN A TIMELY MANNER.*

## NOTICE TO HOLDERS

### PEBBLE CREEK LCDO 2006-1, LTD. CLASS D NOTES

### AND TO THE PARTIES LISTED ON EXHIBIT B ATTACHED HERETO.

(CUSIP numbers for Transactions listed on Exhibit A attached hereto and made a part hereof.)

(Notice Date: July 18, 2013)

Reference is made to that certain Indenture dated as of November 29, 2006, as supplemented from time to time (the *"Indenture"*), by and between Pebble Creek LCDO 2006-1, Ltd. as Issuer (the *"Issuer"*), Pebble Creek LCDO 2006-1, Corp., as Co-Issuer (the *"Co-Issuer"*) and U.S. Bank National Association, as indenture trustee (the *"Trustee"*). The transaction governed by the Indenture is sometimes referred to herein as the *"Transaction"* Any capitalized terms used herein and not otherwise expressly defined shall have the respective meanings assigned to such terms in the Indenture.

**This notice is being provided to you because the Trustee has entered into a settlement agreement with Lehman Brothers Special Financing Inc. (*"LBSF"*), subject to approval of the Bankruptcy Court as described below.**

In prior notices, the Trustee informed Noteholders of a dispute with LBSF with regard to the priority of payment of a termination payment allegedly due and payable to LBSF under the terms of a Credit Swap Agreement that is a material part of the Transaction. As you will recall, LBSF, the Credit Swap Counterparty, takes the position that the termination payment is due and payable prior to payments due Noteholders. As we also reported, this, or a similar, issue is the subject of litigation in the United States Bankruptcy Court for the Southern District of New York (the *"Bankruptcy Court"*). LBSF is also a Noteholder in the Transaction.

The Trustee and LBSF, in its respective capacities as a Noteholder and as Credit Swap Counterparty, entered into a settlement agreement, approval of which is pending before the Bankruptcy Court (the *"Settlement Agreement"*). Under the terms of the Settlement Agreement, certain funds will be released to LBSF as both the Credit Swap Counterparty and a Noteholder. In addition, each Class D Noteholder other than LBSF shall be paid $~~[illegible]~~ per $1,000 original principal amount for each Class D Note held thereby (the *"Settlement Offer"*) in complete and final satisfaction of all claims (including without limitation any and all claims for payment of additional principal of or interest on such Class D Notes), **unless** such Noteholder timely objects in the manner set forth below (an *"Objecting Noteholder"*). Additionally, the Settlement Offer is subject to a further condition that the Trustee receives an opinion, recommendation, or other information from a third-party expert that the Settlement Offer is fair and reasonable under the circumstances (the *"Fairness Letter"*); *provided, however*, that such condition will not apply to

those Class D Notes where the related Class D Noteholder instructs the Trustee in writing to waive receipt of the Fairness Letter with respect to its Class D Notes.

The following shall apply to **each Class D Noteholder that does not object**:

- If the Trustee receives the Fairness Letter, each such Holder shall have its Class D Notes cancelled; shall be paid the amount of the Settlement Offer for such Notes as a single, final lump-sum payment; and, all claims and rights of such holder under such Class D Notes, including, without limitation, any right to claim for payment, shall be fully and finally terminated and released (the *"Release"*).

- If the Trustee has been instructed by such Class D Noteholder to waive receipt of the Fairness Letter with respect to its Class D Notes, such Class D Noteholder shall have its Class D Notes cancelled; shall be paid the amount of the Settlement Offer for such Notes as a single, final lump-sum payment; and, shall be subject to the Release, in each case whether or not the Fairness Letter is received by the Trustee.

The following shall apply to **each Objecting Noteholder**:

- All Class D Notes held by an Objecting Noteholder will continue to be outstanding; the Objecting Noteholder shall not receive the Settlement Offer; and, such Objecting Noteholder's rights in respect of such Class D Notes shall not be subject to the Release.

- The Trustee shall retain funds in an amount more than the principal balance of the Class D Notes of the Objecting Noteholder(s) as of the date of approval of the Settlement Agreement to secure any payment to which Noteholders of such Notes may be entitled upon either a consensual settlement of the issues surrounding the priority of the Credit Swap Agreement termination payment or, alternatively, the successful litigation of those issues as pertaining to such Notes.

The following shall apply to **ALL Class D Noteholders who have not instructed the Trustee to waive receipt of the Fairness Letter condition if the Trustee does not receive the Fairness Letter**:

- All Class D Notes held by such Noteholders, other than LBSF, will continue to be outstanding, and none of such Class D Noteholders shall receive the Settlement Offer; and, such Noteholders' rights in respect of such Class D Notes shall not be subject to the Release.

- The Trustee shall retain funds in an amount more than the principal balance of the Class D Notes of such Noteholder(s), other than LBSF, as of the date of approval of the Settlement Agreement to secure any payment to which such Noteholders may be entitled upon either a consensual settlement of the issues surrounding the priority of the Credit Swap Agreement termination payment or, alternatively, the successful litigation of those issues as pertaining to such Notes.

As noted above, the Fairness Letter condition will not apply to those Class D Notes where the related Class D Noteholder instructs the Trustee in writing to waive receipt of the Fairness Letter with respect to its Class D Notes.

2

In addition, the Settlement Agreement provides for the Trustee to retain funds in a reserve to pay any fees and expenses of the Trustee incurred in connection with any ongoing dispute and the continued administration of the Transaction. Please note, prior to taking further action related to any dispute concerning the Class D Notes which are not subject to the Release, the Trustee will require that related Noteholder(s) provide written direction and indemnity regarding, and fund, any litigation or other recovery efforts to be undertaken with respect thereto. In the event any Holder(s) of Class D Notes which are not subject to the Release direct the Trustee to undertake litigation or other action to resolve the dispute concerning the Class D Notes and prevail on the merits of their alleged entitlement to receive distributions in priority to any distributions to LBSF, either in the Bankruptcy Court or upon any appeal, the Settlement Agreement may permit such Objecting Noteholder(s) to be reimbursed their costs and expenses of such litigation and other recovery efforts from funds then held in reserve, to the extent available and to the extent not otherwise to be used by the Trustee.

Under the terms of the Settlement Agreement, if approved, each of LBSF, Lehman Brothers Holdings Inc. (*"LBHI"*), as the credit support provider for LBSF under the Credit Swap Agreement and as bankruptcy plan administrator for LBSF and LBHI, releases U.S. Bank, individually and as Trustee, from any and all claims which arise out of the Transaction.

The Settlement Agreement is required to be maintained as confidential. However, the Trustee may share a copy of the Settlement Agreement with Noteholders or Preference Shareholders so long as such Holders execute a confidentiality agreement. To obtain a copy of such confidentiality agreement, or to instruct the Trustee to waive the Fairness Letter condition, please contact the Trustee in writing as follows:

> Donald Higgins
> U.S. Bank National Association, as Trustee
> 1 Federal Street
> Boston, MA 02110
> donald.higgins@usbank.com

A hearing is scheduled in the Bankruptcy Court in the case entitled *In re Lehman Brothers Holdings, Inc.*, Case No. 08-13555 (Bankr. S.D.N.Y. Sept. 15, 2008) (Peck, J.) on August 21, 2013 at 10:00 am (Prevailing Eastern Time) with respect to the motion seeking approval of the Settlement Agreement (the *"Motion"*). (ECF No. 38757). **ANY OBJECTIONS TO THE SETTLEMENT AGREEMENT AND/OR SETTLEMENT OFFER MUST BE FILED WITH THE BANKRUPTCY COURT ON OR BEFORE 4:00 PM PREVAILING EASTERN TIME ON AUGUST 14, 2013** in accordance with the related Notice of Motion (ECF No. 38757), and served upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Jacqueline Marcus, Esq., and Sujan H. Trivedi, Esq., attorneys for the Plan Administrator; (iii) the Office of the United States Trustee for Region 2 (the *"U.S. Trustee"*), 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Tracy Hope Davis, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1850 K Street NW, Suite 1100, Washington, District of Columbia 20006, Attn: David S. Cohen, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (v) Chapman and Cutler LLP, 111 West Monroe Street, Chicago, Illinois 60603, Attn: Franklin H. Top, III, Esq., and Scott A. Lewis, Esq., attorneys for U.S. Bank National Association, as Trustee. **AN OBJECTION MUST BE**

3

**FILED IN ACCORDANCE WITH THE AFOREMENTIONED INSTRUCTIONS IN THIS PARAGRAPH, AND ON A TIMELY BASIS, FOR A CLASS D NOTEHOLDER TO BE AN OBJECTING NOTEHOLDER (AS DESCRIBED ABOVE) AND NOT TO BE SUBJECT TO THE RELEASE.**

As reflected in the Motion, the Bankruptcy Court is asked to preserve the legal rights of any Objecting Noteholder with respect to the issue of the priority of the Credit Swap Agreement termination payment and the rights of other Class D Noteholders. The Settlement Agreement provides an opportunity for Class D Noteholders to decide whether they wish to accept the Settlement Offer and be subject to the Release or to reject the Settlement Offer, not be subject to the Release and reserve their right to pursue claims under their Class D Notes (in which case such Holder <u>must</u> file an objection on a timely basis in accordance with the preceding paragraph). **CLASS D NOTEHOLDERS SHOULD CONSULT THEIR OWN ADVISERS CONCERNING THIS DECISION AND MUST ACT PROMPTLY. RIGHTS MAY BE LOST IF AN OBJECTION IS NOT FILED WITH THE BANKRUPTCY COURT ON A TIMELY BASIS.**

Receipt of this notice should not be construed as evidence or acknowledgment of any requirement applicable to, or of any right or authority on the part of any recipient under the Indenture to direct, the matters addressed herein, or of any obligations on the part of the Trustee with respect thereto, and the Trustee expressly reserves all rights in determining appropriate actions and requirements concerning these matters.

Prior to any distribution to Noteholders, including LBSF, funds held under the Indenture may be used first for payment of the fees and costs incurred or to be incurred by the Trustee in performing its duties, as well as for any indemnities owing or to become owing to the Trustee. These include, but are not limited to, compensation for time spent, and the fees and costs of counsel and other agents employed, to pursue remedies, defend claims, or take other actions to protect the interests of the Noteholders and the Issuer, respectively. The Trustee is not required to expend or risk its own funds in connection with any matter under the Indenture.

**The Trustee makes no recommendations and provides no investment, legal or tax advice with respect to the Settlement Offer, in connection with the Notes or Indenture or otherwise. Each Noteholder should seek advice from an independent advisor based on such Noteholder's particular circumstances.**

The Trustee reserves all rights under the Indenture. Please be aware that the Trustee may conclude that a specific response to particular inquiries from individual Noteholders is not consistent with equal and full dissemination of information to all Noteholders. Noteholders should not rely on the Trustee as their sole source of information.

U.S. Bank National Association,
as Trustee

4

**Exhibit A**
(CUSIPs)

## CUSIPs

### PEBBLE CREEK LCDO 2006-1

| Security | CUSIP | ISIN |
|---|---|---|
| **Class A Notes** | | |
| Class A Rule 144A Global Note | 70509P AA 1 | US70509PAA12 |
| Class A Regulation S Global Note | G6965Y AA 6 | USG6965YAA67 |
| Class A Certificated Note | 70509P AB 9 | US70509PAB94 |
| **Class B Notes** | | |
| Class B Rule 144A Global Note | 70509P AC 7 | US70509PAC77 |
| Class B Regulation S Global Note | G6965Y AB 4 | USG6965YAB41 |
| Class B Certificated Note | 70509P AD 5 | US70509PAD50 |
| **Class C Certificated Notes** | | |
| Class C Rule 144A Global Note | 70509P AE 3 | US70509PAE34 |
| Class C Regulation S Global Note | G6965Y AC 2 | USG6965YAC24 |
| Class C Certificated Note | 70509P AF 0 | US70509PAF09 |
| **Class D Certificated Notes** | | |
| Class D Rule 144A Global Note | 70509P AG 8 | US70509PAG81 |
| Class D Regulation S Global Note | G6965Y AD 0 | USG6965YAD07 |
| Class D Certificated Note | 70509P AH 6 | US70509PAH64 |
| **Preference Shares** | | |
| Rule 144A Global Preference Shares | 705093 20 1 | US7050932018 |
| Regulation S Global Preference Share | G6965T 10 9 | KYG6965T1094 |
| Certificated U.S. Preference Shares | 705093 30 0 | US7050933008 |

The above CUSIP numbers are included solely for the convenience of the Noteholders.  The Trustee is not responsible for the selection or use of the CUSIP numbers, or for the accuracy or correctness of CUSIP numbers printed on the Notes or as indicated in this notice.

**Exhibit B**
(additional addressees)

6

## EXHIBIT B

## ISSUERS

Pebble Creek LCDO 2006-1, LTD.
c/o Maples Finance Limited
P.O. Box 1093 GT
Queensgate House, South Church Street
George Town, Grand Cayman, Cayman Islands

Pebble Creek LCDO 2006-1, LTD.
c/o Maples and Calder
P.O. Box 309GT
Ugland House, South Church Street
George Town, Grand Cayman,

## CO-ISSUERS

Pebble Creek LCDO 2006-1, CORP.

c/o Puglisi & Associates
850 Library Avenue, Suite 204
Newark, Delaware 19711
Attention: Donald J. Puglisi

## RELATED PARTIES

Standard and Poor's Rating Services
55 Water Street, 41st Floor
New York, NY 10041-0003
Attn: Structured Finance Ratings,
CBO/CLO Surveillance
(fax: 212-438-2664)
(cdo_surveillance@sandp.com)

Moody's Investor Services
99 Church Street
New York, NY 10007
Attn: Structured Finance Group
CBO/CLO Monitoring
(Fax: 212-553-0355)
(cdomonitoring@moodys.com)

*THIS TRANSMITTAL CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE BENEFICIAL OWNERS OF THE SUBJECT SECURITIES. PLEASE EXPEDITE RE-TRANSMITTAL TO SUCH BENEFICIAL OWNERS IN A TIMELY MANNER.*

## NOTICE TO HOLDERS

### EXUM RIDGE CBO 2006-2, LTD. CLASS E-1 NOTES

### AND TO THE PARTIES LISTED ON <u>EXHIBIT B</u> ATTACHED HERETO.

(CUSIP numbers for Transactions listed on <u>Exhibit A</u> attached hereto and made a part hereof.)

(Notice Date: July 18, 2013)

Reference is made to that certain Indenture dated as of March 8, 2006 (the *"Indenture"*), by and between Exum Ridge CBO 2006-2, Ltd. as Issuer (the *"Issuer"*), Exum Ridge CBO 2006-2, Corp., as Co-Issuer (the *"Co-Issuer"*) and U.S. Bank National Association, as indenture trustee (the *"Trustee"*). The transaction governed by the Indenture is sometimes referred to herein as the *"Transaction"* Any capitalized terms used herein and not otherwise expressly defined shall have the respective meanings assigned to such terms in the Indenture.

**This notice is being provided to you because the Trustee has entered into a settlement agreement with Lehman Brothers Special Financing Inc. (*"LBSF"*), subject to approval of the Bankruptcy Court as described below.**

In prior notices, the Trustee informed Noteholders of a dispute with LBSF with regard to the priority of payment of a termination payment allegedly due and payable to LBSF under the terms of a Credit Swap Agreement that is a material part of the Transaction. As you will recall, LBSF, the Credit Swap Counterparty, takes the position that the termination payment is due and payable prior to payments due Noteholders. As we also reported, this, or a similar, issue is the subject of litigation in the United States Bankruptcy Court for the Southern District of New York (the *"Bankruptcy Court"*). LBSF is also a Noteholder in the Transaction.

The Trustee and LBSF, in its respective capacities as a Noteholder and as Credit Swap Counterparty, entered into a settlement agreement, approval of which is pending before the Bankruptcy Court (the *"Settlement Agreement"*). Under the terms of the Settlement Agreement, certain funds will be released to LBSF as both the Credit Swap Counterparty and a Noteholder. In addition, each Class E-1 Noteholder other than LBSF shall be paid $[redacted] per $1,000 original principal amount for each Class E-1 Note held thereby (the *"Settlement Offer"*) in complete and final satisfaction of all claims (including without limitation any and all claims for payment of additional principal of or interest on such Class E-1 Notes), **unless** such Noteholder timely objects in the manner set forth below (an *"Objecting Noteholder"*). Additionally, the Settlement Offer is subject to a further condition that the Trustee receives an opinion, recommendation, or other information from a third-party expert that the Settlement Offer is fair and reasonable under the circumstances (the *"Fairness Letter"*); *provided, however*, that such condition will not apply

to those Class E-1 Notes where the related Class E-1 Noteholder instructs the Trustee in writing to waive receipt of the Fairness Letter with respect to its Class E-1 Notes.

The following shall apply to **each Class E-1 Noteholder that does not object**:

- If the Trustee receives the Fairness Letter, each such Holder shall have its Class E-1 Notes cancelled; shall be paid the amount of the Settlement Offer for such Notes as a single, final lump-sum payment; and, all claims and rights of such holder under such Class E-1 Notes, including, without limitation, any right to claim for payment, shall be fully and finally terminated and released (the *"Release"*).

- If the Trustee has been instructed by such Class E-1 Noteholder to waive receipt of the Fairness Letter with respect to its Class E-1 Notes, such Class E-1 Noteholder shall have its Class E-1 Notes cancelled; shall be paid the amount of the Settlement Offer for such Notes as a single, final lump-sum payment; and, shall be subject to the Release, in each case whether or not the Fairness Letter is received by the Trustee.

The following shall apply to **each Objecting Noteholder**:

- All Class E-1 Notes held by an Objecting Noteholder will continue to be outstanding; the Objecting Noteholder shall not receive the Settlement Offer; and, such Objecting Noteholder's rights in respect of such Class E-1 Notes shall not be subject to the Release.

- The Trustee shall retain funds in an amount greater than the amount that would have been available, after payment of amounts due to senior classes, to pay the Class E-1 Notes of the Objecting Noteholder(s) as of the date of approval of the Settlement Agreement to secure a partial payment to which Noteholders of such Notes may be entitled upon either a consensual settlement of the issues surrounding the priority of the Credit Swap Agreement termination payment or, alternatively, the successful litigation of those issues as pertaining to such Notes.

The following shall apply to **ALL Class E-1 Noteholders who have not instructed the Trustee to waive receipt of the Fairness Letter condition if the Trustee does not receive the Fairness Letter**:

- All Class E-1 Notes held by such Noteholders, other than LBSF, will continue to be outstanding, and none of such Class E-1 Noteholders shall receive the Settlement Offer; and, such Noteholders' rights in respect of such Class E-1 Notes shall not be subject to the Release.

- The Trustee shall retain funds in an amount greater than the amount that would have been available, after payment of amounts due to senior classes, to pay the Class E-1 Notes of such Noteholder(s), other than LBSF, as of the date of approval of the Settlement Agreement to secure any payment to which such Noteholders may be entitled upon either a consensual settlement of the issues surrounding the priority of the Credit Swap Agreement termination payment or, alternatively, the successful litigation of those issues as pertaining to such Notes.

2

As noted above, the Fairness Letter condition will not apply to those Class E-1 Notes where the related Class E-1 Noteholder instructs the Trustee in writing to waive receipt of the Fairness Letter with respect to its Class E-1 Notes.

In addition, the Settlement Agreement provides for the Trustee to retain funds in a reserve to pay any fees and expenses of the Trustee incurred in connection with any ongoing dispute and the continued administration of the Transaction. Please note, prior to taking further action related to any dispute concerning the Class E-1 Notes which are not subject to the Release, the Trustee will require that related Noteholder(s) provide written direction and indemnity regarding, and fund, any litigation or other recovery efforts to be undertaken with respect thereto. In the event any Holder(s) of Class E-1 Notes which are not subject to the Release direct the Trustee to undertake litigation or other action to resolve the dispute concerning the Class E-1 Notes and prevail on the merits of their alleged entitlement to receive distributions in priority to any distributions to LBSF, either in the Bankruptcy Court or upon any appeal, the Settlement Agreement may permit such Objecting Noteholder(s) to be reimbursed their costs and expenses of such litigation and other recovery efforts from funds then held in reserve, to the extent available and to the extent not otherwise to be used by the Trustee.

Under the terms of the Settlement Agreement, if approved, each of LBSF, Lehman Brothers Holdings Inc. (*"LBHI"*), as the credit support provider for LBSF under the Credit Swap Agreement and as bankruptcy plan administrator for LBSF and LBHI, releases U.S. Bank, individually and as Trustee, from any and all claims which arise out of the Transaction.

The Settlement Agreement is required to be maintained as confidential. However, the Trustee may share a copy of the Settlement Agreement with Noteholders or Preference Shareholders so long as such Holders execute a confidentiality agreement. To obtain a copy of such confidentiality agreement, or to instruct the Trustee to waive the Fairness Letter condition, please contact the Trustee in writing as follows:

> Donald Higgins
> U.S. Bank National Association, as Trustee
> 1 Federal Street
> Boston, MA 02110
> donald.higgins@usbank.com

A hearing is scheduled in the Bankruptcy Court in the case entitled *In re Lehman Brothers Holdings, Inc.*, Case No. 08-13555 (Bankr. S.D.N.Y. Sept. 15, 2008) (Peck, J.) on August 21, 2013 at 10:00 am (Prevailing Eastern Time) with respect to the motion seeking approval of the Settlement Agreement (the *"Motion"*). (ECF No. 38757). **ANY OBJECTIONS TO THE SETTLEMENT AGREEMENT AND/OR SETTLEMENT OFFER MUST BE FILED WITH THE BANKRUPTCY COURT ON OR BEFORE 4:00 PM PREVAILING EASTERN TIME ON AUGUST 14, 2013** in accordance with the related Notice of Motion (ECF No. 38757), and served upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Jacqueline Marcus, Esq., and Sujan H. Trivedi, Esq., attorneys for the Plan Administrator; (iii) the Office of the United States Trustee for Region 2 (the *"U.S. Trustee"*), 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Tracy Hope Davis, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1850 K Street NW, Suite 1100, Washington,

District of Columbia 20006, Attn: David S. Cohen, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (v) Chapman and Cutler LLP, 111 West Monroe Street, Chicago, Illinois 60603, Attn: Franklin H. Top, III, Esq., and Scott A. Lewis, Esq., attorneys for U.S. Bank National Association, as Trustee. **AN OBJECTION MUST BE FILED IN ACCORDANCE WITH THE AFOREMENTIONED INSTRUCTIONS IN THIS PARAGRAPH, AND ON A TIMELY BASIS, FOR A CLASS E-1 NOTEHOLDER TO BE AN OBJECTING NOTEHOLDER (AS DESCRIBED ABOVE) AND NOT TO BE SUBJECT TO THE RELEASE.**

As reflected in the Motion, the Bankruptcy Court is asked to preserve the legal rights of any Objecting Noteholder with respect to the issue of the priority of the Credit Swap Agreement termination payment and the rights of other Class E-1 Noteholders. The Settlement Agreement provides an opportunity for Class E-1 Noteholders to decide whether they wish to accept the Settlement Offer and be subject to the Release or to reject the Settlement Offer, not be subject to the Release and reserve their right to pursue claims under their Class E-1 Notes (in which case such Holder must file an objection on a timely basis in accordance with the preceding paragraph). **CLASS E-1 NOTEHOLDERS SHOULD CONSULT THEIR OWN ADVISERS CONCERNING THIS DECISION AND MUST ACT PROMPTLY. RIGHTS MAY BE LOST IF AN OBJECTION IS NOT FILED WITH THE BANKRUPTCY COURT ON A TIMELY BASIS.**

Receipt of this notice should not be construed as evidence or acknowledgment of any requirement applicable to, or of any right or authority on the part of any recipient under the Indenture to direct, the matters addressed herein, or of any obligations on the part of the Trustee with respect thereto, and the Trustee expressly reserves all rights in determining appropriate actions and requirements concerning these matters.

Prior to any distribution to Noteholders, including LBSF, funds held under the Indenture may be used first for payment of the fees and costs incurred or to be incurred by the Trustee in performing its duties, as well as for any indemnities owing or to become owing to the Trustee. These include, but are not limited to, compensation for time spent, and the fees and costs of counsel and other agents employed, to pursue remedies, defend claims, or take other actions to protect the interests of the Noteholders and the Issuer, respectively. The Trustee is not required to expend or risk its own funds in connection with any matter under the Indenture.

**The Trustee makes no recommendations and provides no investment, legal or tax advice with respect to the Settlement Offer, in connection with the Notes or Indenture or otherwise. Each Noteholder should seek advice from an independent advisor based on such Noteholder's particular circumstances.**

The Trustee reserves all rights under the Indenture. Please be aware that the Trustee may conclude that a specific response to particular inquiries from individual Noteholders is not consistent with equal and full dissemination of information to all Noteholders. Noteholders should not rely on the Trustee as their sole source of information.

U.S. Bank National Association,
as Trustee

**Exhibit A**
(CUSIPs)

## EXUM RIDGE CBO 2006-2

| Security | CUSIP | ISIN |
|---|---|---|
| **Class A Notes** | | |
| Class A Rule 144A Certificated Note | 30228EAA0 | US30228EAA01 |
| Class A Regulation S Certificated Note | G32862AA5 | USG32862AA59 |
| **Class X Notes** | | |
| Class X Rule 144A Certificated Note | 30228EAB8 | US30228EAB83 |
| Class X Regulation S Certificated Note | G32862AB3 | USG32862AB33 |
| **Class B Notes** | | |
| Class B Rule 144A Certificated Note | 30228EAC6 | US30228EAC66 |
| Class B Regulation S Certificated Note | G32862AC1 | USG32862AC16 |
| **Class C Notes** | | |
| Class C Rule 144A Global Note | 30228EAD4 | US30228EAD40 |
| Class C Regulation S Global Note | G32862AD9 | USG32862AD98 |
| **Class D Notes** | | |
| Class D Rule 144A Global Note | 30228EAE2 | US30228EAE23 |
| Class D Regulation S Global Note | G32862AE7 | USG32862AE71 |
| **Class E-1 Notes** | | |
| Class E-1 Rule 144A Global Note | 30228CAA4 | US30228CAA45 |
| Class E-1 Regulation S Global Note | G32861AA7 | USG32861AA76 |
| Class E-1 Certificated Note | 30228CAD8 | US30228CAD83 |
| **Class E-2 Notes** | | |
| Class E-2 Rule 144A Global Note | 30228CAB2 | US30228CAB28 |
| Class E-2 Regulation S Global Note | G32861AB5 | USG32861AB59 |
| Class E-2 Certificated Note | 30228CAC0 | US30228CAC01 |
| **Preference Shares** | | |
| Certificated U.S. Preference Shares | 30228C205 | US30228C2051 |
| Regulation S Global Preference Shares | G32861109 | USG328611093 |

The above CUSIP numbers are included solely for the convenience of the Noteholders. The Trustee is not responsible for the selection or use of the CUSIP numbers, or for the accuracy or correctness of CUSIP numbers printed on the Notes or as indicated in this notice.

**Exhibit B**
(additional addressees)

## EXHIBIT B

### ISSUERS

Exum Ridge CBO 2006-2, LTD.
c/o Maples Finance Limited
P.O. Box 1093 GT
Queensgate House, South Church Street
George Town, Grand Cayman, Cayman Islands

Exum Ridge CBO 2006-2, LTD.
c/o Maples and Calder
P.O. Box 309GT
Ugland House, South Church Street
George Town, Grand Cayman,

## CO-ISSUERS

Exum Ridge CBO 2006-2, CORP.

c/o Puglisi & Associates
850 Library Avenue, Suite 204
Newark, Delaware 19711
Attention: Donald J. Puglisi

## RELATED PARTIES

Standard and Poor's Rating Services
55 Water Street, 41st Floor
New York, NY 10041-0003
Attn: Structured Finance Ratings,
CBO/CLO Surveillance
(fax: 212-438-2664)
(cdo_surveillance@sandp.com)

Moody's Investor Services
99 Church Street
New York, NY 10007
Attn: Structured Finance Group
CBO/CLO Monitoring
(Fax: 212-553-0355)
(cdomonitoring@moodys.com)

*THIS TRANSMITTAL CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE BENEFICIAL OWNERS OF THE SUBJECT SECURITIES. PLEASE EXPEDITE RE-TRANSMITTAL TO SUCH BENEFICIAL OWNERS IN A TIMELY MANNER.*

## NOTICE TO HOLDERS

### EXUM RIDGE CBO 2006-4, LTD. CLASS D AND CLASS E NOTES

### AND TO THE PARTIES LISTED ON <u>EXHIBIT B</u> ATTACHED HERETO.

(CUSIP numbers for Transactions listed on <u>Exhibit A</u> attached hereto and made a part hereof.)

(Notice Date: July 18, 2013)

Reference is made to that certain Indenture dated as of September 15, 2006, as supplemented from time to time (the *"Indenture"*), by and between Exum Ridge CBO 2006-4, Ltd. as Issuer (the *"Issuer"*), Exum Ridge CBO 2006-4, Corp., as Co-Issuer (the *"Co-Issuer"*) and U.S. Bank National Association, as indenture trustee (the *"Trustee"*). The transaction governed by the Indenture is sometimes referred to herein as the *"Transaction."* Any capitalized terms used herein and not otherwise expressly defined shall have the respective meanings assigned to such terms in the Indenture.

**This notice is being provided to you because the Trustee has entered into a settlement agreement with Lehman Brothers Special Financing Inc. (*"LBSF"*), subject to approval of the Bankruptcy Court as described below.**

In prior notices, the Trustee informed Noteholders of a dispute with LBSF with regard to the priority of payment of a termination payment allegedly due and payable to LBSF under the terms of a Credit Swap Agreement that is a material part of the Transaction. As you will recall, LBSF, the Credit Swap Counterparty, takes the position that the termination payment is due and payable prior to payments due Noteholders. As we also reported, this, or a similar, issue is the subject of litigation in the United States Bankruptcy Court for the Southern District of New York (the *"Bankruptcy Court"*). LBSF is also a Noteholder in the Transaction.

The Trustee and LBSF, in its respective capacities as a Noteholder and as Credit Swap Counterparty, entered into a settlement agreement, approval of which is pending before the Bankruptcy Court (the *"Settlement Agreement"*). Under the terms of the Settlement Agreement, certain funds will be released to LBSF as both the Credit Swap Counterparty and a Noteholder. In addition, each Class D and Class E Noteholder other than LBSF shall be paid $[redacted] per $1,000 original principal amount for each Class D or Class E Note held thereby (the *"Settlement Offer"*) in complete and final satisfaction of all claims (including without limitation any and all claims for payment of additional principal of or interest on such Class D or Class E Notes), **unless** such Noteholder timely objects in the manner set forth below (an *"Objecting Noteholder"*). Additionally, the Settlement Offer is subject to a further condition that the Trustee receives an

opinion, recommendation, or other information from a third-party expert that the Settlement Offer is fair and reasonable under the circumstances (the *"Fairness Letter"*); *provided, however*, that such condition will not apply to those Class D or Class E Notes where the related Class D or Class E Noteholder instructs the Trustee in writing to waive receipt of the Fairness Letter with respect to its Notes.

The following shall apply to **each Class D or Class E Noteholder that does not object**:

- If the Trustee receives the Fairness Letter, each such Holder shall have its Class D or Class E Notes cancelled; shall be paid the amount of the Settlement Offer for such Notes as a single, final lump-sum payment; and, all claims and rights of such holder under such Notes, including, without limitation, any right to claim for payment, shall be fully and finally terminated and released (the *"Release"*).

- If the Trustee has been instructed by such Class D or Class E Noteholder to waive receipt of the Fairness Letter with respect to its Class D or Class E Notes, such Noteholder shall have its Notes cancelled; shall be paid the amount of the Settlement Offer for such Notes as a single, final lump-sum payment; and, shall be subject to the Release, in each case whether or not the Fairness Letter is received by the Trustee.

The following shall apply to **each Objecting Noteholder**:

- All Class D or Class E Notes held by an Objecting Noteholder will continue to be outstanding; the Objecting Noteholder shall not receive the Settlement Offer; and, such Objecting Noteholder's rights in respect of such Notes shall not be subject to the Release.

- The Trustee shall retain funds in an amount more than the principal balance of the Class D or Class E Notes of the Objecting Noteholder(s) as of the date of approval of the Settlement Agreement to secure any payment to which Noteholders of such Notes may be entitled upon either a consensual settlement of the issues surrounding the priority of the Credit Swap Agreement termination payment or, alternatively, the successful litigation of those issues as pertaining to such Notes.

The following shall apply to **ALL Class D or Class E Noteholders who have not instructed the Trustee to waive receipt of the Fairness Letter condition if the Trustee does not receive the Fairness Letter**:

- All Class D or Class E Notes held by such Noteholders, other than LBSF, will continue to be outstanding, and none of such Class D or Class E Noteholders shall receive the Settlement Offer; and, such Noteholders' rights in respect of such Notes shall not be subject to the Release.

- The Trustee shall retain funds in an amount more than the principal balance of the Class D or Class E Notes of such Noteholder(s), other than LBSF, as of the date of approval of the Settlement Agreement to secure any payment to which such Noteholders may be entitled upon either a consensual settlement of the issues surrounding the priority of the Credit Swap Agreement termination payment or, alternatively, the successful litigation of those issues as pertaining to such Notes.

2

As noted above, the Fairness Letter condition will not apply to those Class D or Class E Notes where the related Class D or Class E Noteholder instructs the Trustee in writing to waive receipt of the Fairness Letter with respect to its Notes.

In addition, the Settlement Agreement provides for the Trustee to retain funds in a reserve to pay any fees and expenses of the Trustee incurred in connection with any ongoing dispute and the continued administration of the Transaction. Please note, prior to taking further action related to any dispute concerning the Class D or Class E Notes which are not subject to the Release, the Trustee will require that related Noteholder(s) provide written direction and indemnity regarding, and fund, any litigation or other recovery efforts to be undertaken with respect thereto. In the event any Holder(s) of such Notes which are not subject to the Release direct the Trustee to undertake litigation or other action to resolve the dispute concerning the Notes and prevail on the merits of their alleged entitlement to receive distributions in priority to any distributions to LBSF, either in the Bankruptcy Court or upon any appeal, the Settlement Agreement may permit such Objecting Noteholder(s) to be reimbursed their costs and expenses of such litigation and other recovery efforts from funds then held in reserve, to the extent available and to the extent not otherwise to be used by the Trustee.

Under the terms of the Settlement Agreement, if approved, each of LBSF, Lehman Brothers Holdings Inc. (*"LBHI"*), as the credit support provider for LBSF under the Credit Swap Agreement and as bankruptcy plan administrator for LBSF and LBHI, releases U.S. Bank, individually and as Trustee, from any and all claims which arise out of the Transaction.

The Settlement Agreement is required to be maintained as confidential. However, the Trustee may share a copy of the Settlement Agreement with Noteholders or Preference Shareholders so long as such Holders execute a confidentiality agreement. To obtain a copy of such confidentiality agreement, or to instruct the Trustee to waive the Fairness Letter condition, please contact the Trustee in writing as follows:

> Donald Higgins
> U.S. Bank National Association, as Trustee
> 1 Federal Street
> Boston, MA 02110
> donald.higgins@usbank.com

A hearing is scheduled in the Bankruptcy Court in the case entitled *In re Lehman Brothers Holdings, Inc.*, Case No. 08-13555 (Bankr. S.D.N.Y. Sept. 15, 2008) (Peck, J.) on August 21, 2013 at 10:00 am (Prevailing Eastern Time) with respect to the motion seeking approval of the Settlement Agreement (the *"Motion"*). (ECF No. 38757). **ANY OBJECTIONS TO THE SETTLEMENT AGREEMENT AND/OR SETTLEMENT OFFER MUST BE FILED WITH THE BANKRUPTCY COURT ON OR BEFORE 4:00 PM PREVAILING EASTERN TIME ON AUGUST 14, 2013** in accordance with the related Notice of Motion (ECF No. 38757), and served upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Jacqueline Marcus, Esq., and Sujan H. Trivedi, Esq., attorneys for the Plan Administrator; (iii) the Office of the United States Trustee for Region 2 (the *"U.S. Trustee"*), 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Tracy Hope Davis, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1850 K Street NW, Suite 1100, Washington,

District of Columbia 20006, Attn: David S. Cohen, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (v) Chapman and Cutler LLP, 111 West Monroe Street, Chicago, Illinois 60603, Attn: Franklin H. Top, III, Esq., and Scott A. Lewis, Esq., attorneys for U.S. Bank National Association, as Trustee. **AN OBJECTION MUST BE FILED IN ACCORDANCE WITH THE AFOREMENTIONED INSTRUCTIONS IN THIS PARAGRAPH, AND ON A TIMELY BASIS, FOR A CLASS D OR CLASS E NOTEHOLDER TO BE AN OBJECTING NOTEHOLDER (AS DESCRIBED ABOVE) AND NOT TO BE SUBJECT TO THE RELEASE.**

As reflected in the Motion, the Bankruptcy Court is asked to preserve the legal rights of any Objecting Noteholder with respect to the issue of the priority of the Credit Swap Agreement termination payment and the rights of other Class D and Class E Noteholders. The Settlement Agreement provides an opportunity for Noteholders to decide whether they wish to accept the Settlement Offer and be subject to the Release or to reject the Settlement Offer, not be subject to the Release and reserve their right to pursue claims under their Class D or Class E Notes (in which case such Holder must file an objection on a timely basis in accordance with the preceding paragraph). **CLASS D AND CLASS E NOTEHOLDERS SHOULD CONSULT THEIR OWN ADVISERS CONCERNING THIS DECISION AND MUST ACT PROMPTLY. RIGHTS MAY BE LOST IF AN OBJECTION IS NOT FILED WITH THE BANKRUPTCY COURT ON A TIMELY BASIS.**

Receipt of this notice should not be construed as evidence or acknowledgment of any requirement applicable to, or of any right or authority on the part of any recipient under the Indenture to direct, the matters addressed herein, or of any obligations on the part of the Trustee with respect thereto, and the Trustee expressly reserves all rights in determining appropriate actions and requirements concerning these matters.

Prior to any distribution to Noteholders, including LBSF, funds held under the Indenture may be used first for payment of the fees and costs incurred or to be incurred by the Trustee in performing its duties, as well as for any indemnities owing or to become owing to the Trustee. These include, but are not limited to, compensation for time spent, and the fees and costs of counsel and other agents employed, to pursue remedies, defend claims, or take other actions to protect the interests of the Noteholders and the Issuer, respectively. The Trustee is not required to expend or risk its own funds in connection with any matter under the Indenture.

**The Trustee makes no recommendations and provides no investment, legal or tax advice with respect to the Settlement Offer, in connection with the Notes or Indenture or otherwise. Each Noteholder should seek advice from an independent advisor based on such Noteholder's particular circumstances.**

The Trustee reserves all rights under the Indenture. Please be aware that the Trustee may conclude that a specific response to particular inquiries from individual Noteholders is not consistent with equal and full dissemination of information to all Noteholders. Noteholders should not rely on the Trustee as their sole source of information.

U.S. Bank National Association,
as Trustee

**Exhibit A**
(CUSIPs)

## CUSIPs

### EXUM RIDGE CBO 2006-4

| Security | CUSIP | ISIN |
|---|---|---|
| **Class A Notes** | | |
| Class A Rule 144A Global Note | 30232UAA8 | US30232UAA88 |
| Class A Regulation S Global Note | G3286TAA6 | USG3286TAA63 |
| **Class B Notes** | | |
| Class B Rule 144A Global Note | 30232UAC4 | US30232UAC45 |
| Class B Regulation S Global Note | G3286TAB4 | USG3286TAB47 |
| **Class C Certificated Notes** | | |
| Class C Rule 144A Global Note | 30232UAE0 | US30232UAE01 |
| Class C Regulation S Global Note | G3286TAC2 | USG3286TAC20 |
| **Class D Certificated Notes** | | |
| Class D Rule 144A Global Note | 30232UAG5 | US30232UAG58 |
| Class D Certificated Note | 30232UAH3 | US30232UAH32 |
| Class D Regulation S Global Note | G3286TAD0 | USG3286TAD03 |
| **Class E Certificated Notes** | | |
| Class E Rule 144A Global Note | 30232QAA7 | US30232QAA76 |
| Class E Certificated Note | 30232QAB5 | US30232QAB59 |
| Class E Regulation S Global Note | G32866AA6 | USG32866AA63 |
| **Preference Shares** | | |
| Certificated U.S. Preference Shares | 30232Q208 | US30232Q2084 |
| Regulation S Global Preference Shares | G32866108 | USG328661080 |

The above CUSIP numbers are included solely for the convenience of the Noteholders.  The Trustee is not responsible for the selection or use of the CUSIP numbers, or for the accuracy or correctness of CUSIP numbers printed on the Notes or as indicated in this notice.

**Exhibit B**
(additional addressees)

**EXHIBIT B**

**ISSUERS**

Exum Ridge CBO 2006-4, LTD.
c/o Maples Finance Limited
P.O. Box 1093 GT
Queensgate House, South Church Street
George Town, Grand Cayman, Cayman Islands

Exum Ridge CBO 2006-4, LTD.
c/o Maples and Calder
P.O. Box 309GT
Ugland House, South Church Street
George Town, Grand Cayman,

## CO-ISSUERS

Exum Ridge CBO 2006-4, CORP.

c/o Puglisi & Associates
850 Library Avenue, Suite 204
Newark, Delaware  19711
Attention:  Donald J. Puglisi

## RELATED PARTIES

Standard and Poor's Rating Services
55 Water Street, 41st Floor
New York, NY  10041-0003
Attn: Structured Finance Ratings,
CBO/CLO Surveillance
(fax: 212-438-2664)
(cdo_surveillance@sandp.com)

Moody's Investor Services
99 Church Street
New York, NY 10007
Attn:  Structured Finance Group
CBO/CLO Monitoring
(Fax: 212-553-0355)
(cdomonitoring@moodys.com)

*THIS TRANSMITTAL CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE BENEFICIAL OWNERS OF THE SUBJECT SECURITIES. PLEASE EXPEDITE RE-TRANSMITTAL TO SUCH BENEFICIAL OWNERS IN A TIMELY MANNER.*

## NOTICE TO HOLDERS

### EXUM RIDGE CBO 2006-5, LTD. CLASS C-2, CLASS D AND CLASS E NOTES

### AND TO THE PARTIES LISTED ON EXHIBIT B ATTACHED HERETO.

(CUSIP numbers for Transactions listed on Exhibit A attached hereto and made a part hereof.)

(Notice Date: July 18, 2013)

Reference is made to that certain Indenture dated as of October 12, 2006, as supplemented from time to time (the *"Indenture"*), by and between Exum Ridge CBO 2006-5, Ltd. as Issuer (the *"Issuer"*), Exum Ridge CBO 2006-5, Corp., as Co-Issuer (the *"Co-Issuer"*) and U.S. Bank National Association, as indenture trustee (the *"Trustee"*). The transaction governed by the Indenture is sometimes referred to herein as the "*Transaction*" Any capitalized terms used herein and not otherwise expressly defined shall have the respective meanings assigned to such terms in the Indenture.

**This notice is being provided to you because the Trustee has entered into a settlement agreement with Lehman Brothers Special Financing Inc. (*"LBSF"*), subject to approval of the Bankruptcy Court as described below.**

In prior notices, the Trustee informed Noteholders of a dispute with LBSF with regard to the priority of payment of a termination payment allegedly due and payable to LBSF under the terms of a Credit Swap Agreement that is a material part of the Transaction. As you will recall, LBSF, the Credit Swap Counterparty, takes the position that the termination payment is due and payable prior to payments due Noteholders. As we also reported, this, or a similar, issue is the subject of litigation in the United States Bankruptcy Court for the Southern District of New York (the *"Bankruptcy Court"*). LBSF is also a Noteholder in the Transaction.

The Trustee and LBSF, in its respective capacities as a Noteholder and as Credit Swap Counterparty, entered into a settlement agreement, approval of which is pending before the Bankruptcy Court (the *"Settlement Agreement"*). Under the terms of the Settlement Agreement, certain funds will be released to LBSF as both the Credit Swap Counterparty and a Noteholder. In addition, each Class C-2, Class D and Class E Noteholder other than LBSF shall be paid $[Redacted] per $1,000 original principal amount for each Class C-2, Class D or Class E Note held thereby (the *"Settlement Offer"*) in complete and final satisfaction of all claims (including without limitation any and all claims for payment of additional principal of or interest on such Class C-2, Class D or Class E Notes), **unless** such Noteholder timely objects in the manner set forth below (an *"Objecting Noteholder"*). Additionally, the Settlement Offer is subject to a further condition that the Trustee receives an opinion, recommendation, or other information from a third-party expert that the Settlement Offer is fair and reasonable under the circumstances

(the *"Fairness Letter"*); *provided, however*, that such condition will not apply to those Class C-2, Class D or Class E Notes where the related Class C-2, Class D or Class E Noteholder instructs the Trustee in writing to waive receipt of the Fairness Letter with respect to its Notes.

The following shall apply to **each Class C-2, Class D or Class E Noteholder that does not object**:

- If the Trustee receives the Fairness Letter, each such Holder shall have its Class C-2, Class D or Class E Notes cancelled; shall be paid the amount of the Settlement Offer for such Notes as a single, final lump-sum payment; and, all claims and rights of such holder under such Notes, including, without limitation, any right to claim for payment, shall be fully and finally terminated and released (the *"Release"*).

- If the Trustee has been instructed by such Class C-2, Class D or Class E Noteholder to waive receipt of the Fairness Letter with respect to its Class C-2, Class D or Class E Notes, such Noteholder shall have its Notes cancelled; shall be paid the amount of the Settlement Offer for such Notes as a single, final lump-sum payment; and, shall be subject to the Release, in each case whether or not the Fairness Letter is received by the Trustee.

The following shall apply to **each Objecting Noteholder**:

- All Class C-2, Class D or Class E Notes held by an Objecting Noteholder will continue to be outstanding; the Objecting Noteholder shall not receive the Settlement Offer; and, such Objecting Noteholder's rights in respect of such Notes shall not be subject to the Release.

- The Trustee shall retain funds in an amount more than the principal balance of the Class C-2, Class D or Class E Notes of the Objecting Noteholder(s) as of the date of approval of the Settlement Agreement to secure any payment to which Noteholders of such Notes may be entitled upon either a consensual settlement of the issues surrounding the priority of the Credit Swap Agreement termination payment or, alternatively, the successful litigation of those issues as pertaining to such Notes.

The following shall apply to **ALL Class C-2, Class D or Class E Noteholders who have not instructed the Trustee to waive receipt of the Fairness Letter condition if the Trustee does not receive the Fairness Letter**:

- All Class C-2, Class D or Class E Notes held by such Noteholders, other than LBSF, will continue to be outstanding, and none of such Class C-2, Class D or Class E Noteholders shall receive the Settlement Offer; and, such Noteholders' rights in respect of such Notes shall not be subject to the Release.

- The Trustee shall retain funds in an amount more than the principal balance of the Class C-2, Class D or Class E Notes of such Noteholder(s), other than LBSF, as of the date of approval of the Settlement Agreement to secure any payment to which such Noteholders may be entitled upon either a consensual settlement of the issues surrounding the priority of the Credit Swap Agreement termination payment or, alternatively, the successful litigation of those issues as pertaining to such Notes.

As noted above, the Fairness Letter condition will not apply to those Class C-2, Class D or Class E Notes where the related Class C-2, Class D or Class E Noteholder instructs the Trustee in writing to waive receipt of the Fairness Letter with respect to its Notes.

In addition, the Settlement Agreement provides for the Trustee to retain funds in a reserve to pay any fees and expenses of the Trustee incurred in connection with any ongoing dispute and the continued administration of the Transaction. Please note, prior to taking further action related to any dispute concerning the Class C-2, Class D or Class E Notes which are not subject to the Release, the Trustee will require that related Noteholder(s) provide written direction and indemnity regarding, and fund, any litigation or other recovery efforts to be undertaken with respect thereto. In the event any Holder(s) of such Notes which are not subject to the Release direct the Trustee to undertake litigation or other action to resolve the dispute concerning the Notes and prevail on the merits of their alleged entitlement to receive distributions in priority to any distributions to LBSF, either in the Bankruptcy Court or upon any appeal, the Settlement Agreement may permit such Objecting Noteholder(s) to be reimbursed their costs and expenses of such litigation and other recovery efforts from funds then held in reserve, to the extent available and to the extent not otherwise to be used by the Trustee.

Under the terms of the Settlement Agreement, if approved, each of LBSF, Lehman Brothers Holdings Inc. (*"LBHI"*), as the credit support provider for LBSF under the Credit Swap Agreement and as bankruptcy plan administrator for LBSF and LBHI, releases U.S. Bank, individually and as Trustee, from any and all claims which arise out of the Transaction.

The Settlement Agreement is required to be maintained as confidential. However, the Trustee may share a copy of the Settlement Agreement with Noteholders or Preference Shareholders so long as such Holders execute a confidentiality agreement. To obtain a copy of such confidentiality agreement, or to instruct the Trustee to waive the Fairness Letter condition, please contact the Trustee in writing as follows:

> Donald Higgins
> U.S. Bank National Association, as Trustee
> 1 Federal Street
> Boston, MA 02110
> donald.higgins@usbank.com

A hearing is scheduled in the Bankruptcy Court in the case entitled *In re Lehman Brothers Holdings, Inc.*, Case No. 08-13555 (Bankr. S.D.N.Y. Sept. 15, 2008) (Peck, J.) on August 21, 2013 at 10:00 am (Prevailing Eastern Time) with respect to the motion seeking approval of the Settlement Agreement (the *"Motion"*). (ECF No. 38757). **ANY OBJECTIONS TO THE SETTLEMENT AGREEMENT AND/OR SETTLEMENT OFFER MUST BE FILED WITH THE BANKRUPTCY COURT ON OR BEFORE 4:00 PM PREVAILING EASTERN TIME ON AUGUST 14, 2013** in accordance with the related Notice of Motion (ECF No. 38757), and served upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Jacqueline Marcus, Esq., and Sujan H. Trivedi, Esq., attorneys for the Plan Administrator; (iii) the Office of the United States Trustee for Region 2 (the *"U.S. Trustee"*), 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Tracy Hope Davis, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1850 K Street NW, Suite 1100, Washington,

District of Columbia 20006, Attn: David S. Cohen, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (v) Chapman and Cutler LLP, 111 West Monroe Street, Chicago, Illinois 60603, Attn: Franklin H. Top, III, Esq., and Scott A. Lewis, Esq., attorneys for U.S. Bank National Association, as Trustee. **AN OBJECTION MUST BE FILED IN ACCORDANCE WITH THE AFOREMENTIONED INSTRUCTIONS IN THIS PARAGRAPH, AND ON A TIMELY BASIS, FOR A CLASS C-2, CLASS D OR CLASS E NOTEHOLDER TO BE AN OBJECTING NOTEHOLDER (AS DESCRIBED ABOVE) AND NOT TO BE SUBJECT TO THE RELEASE.**

As reflected in the Motion, the Bankruptcy Court is asked to preserve the legal rights of any Objecting Noteholder with respect to the issue of the priority of the Credit Swap Agreement termination payment and the rights of other Class C-2, Class D and Class E Noteholders. The Settlement Agreement provides an opportunity for Noteholders to decide whether they wish to accept the Settlement Offer and be subject to the Release or to reject the Settlement Offer, not be subject to the Release and reserve their right to pursue claims under their Class C-2, Class D or Class E Notes (in which case such Holder <u>must</u> file an objection on a timely basis in accordance with the preceding paragraph). **CLASS C-2, CLASS D AND CLASS E NOTEHOLDERS SHOULD CONSULT THEIR OWN ADVISERS CONCERNING THIS DECISION AND MUST ACT PROMPTLY. RIGHTS MAY BE LOST IF AN OBJECTION IS NOT FILED WITH THE BANKRUPTCY COURT ON A TIMELY BASIS.**

Receipt of this notice should not be construed as evidence or acknowledgment of any requirement applicable to, or of any right or authority on the part of any recipient under the Indenture to direct, the matters addressed herein, or of any obligations on the part of the Trustee with respect thereto, and the Trustee expressly reserves all rights in determining appropriate actions and requirements concerning these matters.

Prior to any distribution to Noteholders, including LBSF, funds held under the Indenture may be used first for payment of the fees and costs incurred or to be incurred by the Trustee in performing its duties, as well as for any indemnities owing or to become owing to the Trustee. These include, but are not limited to, compensation for time spent, and the fees and costs of counsel and other agents employed, to pursue remedies, defend claims, or take other actions to protect the interests of the Noteholders and the Issuer, respectively. The Trustee is not required to expend or risk its own funds in connection with any matter under the Indenture.

**The Trustee makes no recommendations and provides no investment, legal or tax advice with respect to the Settlement Offer, in connection with the Notes or Indenture or otherwise. Each Noteholder should seek advice from an independent advisor based on such Noteholder's particular circumstances.**

The Trustee reserves all rights under the Indenture. Please be aware that the Trustee may conclude that a specific response to particular inquiries from individual Noteholders is not consistent with equal and full dissemination of information to all Noteholders. Noteholders should not rely on the Trustee as their sole source of information.

U.S. Bank National Association,
as Trustee

4

**Exhibit A**
(CUSIPs)

## CUSIPs

### EXUM RIDGE CBO 2006-5

| Security | CUSIP | ISIN |
|---|---|---|
| **Class A Notes** | | |
| Class A Rule 144A Global Note | 30232VAA6 | US30232VAA61 |
| Class A Regulation S Global Note | G3286YAA5 | USG3286YAA58 |
| **Class B-1 Notes** | | |
| Class B-1 Rule 144A Global Note | 3023VAC2 | US30232VAC28 |
| Class B-1 Regulation S Global Note | G3286YAB3 | USG3286YAB32 |
| **Class B-2 Certificated Notes** | | |
| Class B-2 Rule 144A Global Note | 30232VAL2 | US30232VAL27 |
| Class B-2 Certificated Note | 30232VAM0 | US30232VAM00 |
| Class B-2 Regulation S Global Note | G3286YAF4 | USG3286YAF46 |
| **Class C-1 Certificated Notes** | | |
| Class C-1 Rule 144A Global Note | 30232VAE8 | US30232VAE83 |
| Class C-1 Regulation S Global Note | G3286YAC1 | USG3286YAC15 |
| **Class C-2 Certificated Notes** | | |
| Class C-2 Rule 144A Global Note | 30232VAN8 | US30232VAN82 |
| Class C-2 Certificated Note | 30232VAP3 | US30232VAP31 |
| Class C-2 Regulation S Global Note | G3286YAG2 | USG3286YAG29 |
| **Class D Certificated Notes** | | |
| Class D Rule 144A Global Note | 30232VAG3 | US30232VAG32 |
| Class D Certificated Note | 30232VAH1 | US30232VAH15 |
| Class D Regulation S Global Note | G3286YAD9 | USG3286YAD97 |
| **Class E Certificated Notes** | | |
| Class E Rule 144A Global Note | 30232VAJ7 | US30232VAJ70 |
| Class E Certificated Note | 30232VAK4 | US30232VAK44 |
| Class E Regulation S Global Note | G3286YAE7 | USG3286YAE70 |
| **Preference Shares** | | |
| Certificated U.S. Preference Shares | 30232W205 | US30232W2052 |
| Regulation S Global Preference Share | G3286U105 | USG3286U1058 |

The above CUSIP numbers are included solely for the convenience of the Noteholders.  The Trustee is not responsible for the selection or use of the CUSIP numbers, or for the accuracy or correctness of CUSIP numbers printed on the Notes or as indicated in this notice.

**Exhibit B**
(additional addressees)

## EXHIBIT B

### ISSUERS

Exum Ridge CBO 2006-5, LTD.
c/o Maples Finance Limited
P.O. Box 1093 GT
Queensgate House, South Church Street
George Town, Grand Cayman, Cayman Islands

Exum Ridge CBO 2006-5, LTD.
c/o Maples and Calder
P.O. Box 309GT
Ugland House, South Church Street
George Town, Grand Cayman,

## CO-ISSUERS

Exum Ridge CBO 2006-5, CORP.

c/o Puglisi & Associates
850 Library Avenue, Suite 204
Newark, Delaware  19711
Attention:  Donald J. Puglisi

## RELATED PARTIES

Standard and Poor's Rating Services
55 Water Street, 41st Floor
New York, NY  10041-0003
Attn: Structured Finance Ratings,
CBO/CLO Surveillance
(fax: 212-438-2664)
(cdo_surveillance@sandp.com)

Moody's Investor Services
99 Church Street
New York, NY  10007
Attn:  Structured Finance Group
CBO/CLO Monitoring
(Fax: 212-553-0355)
(cdomonitoring@moodys.com)