**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------x
                                                            :
In re                                                       :    **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*                :    **08-13555 (JMP)**
                                                            :
                     Debtors.                               :    **(Jointly Administered)**
                                                            :
---------------------------------------------------------------------------------x
                                                            :
In re                                                       :
                                                            :    **Case No.**
**LEHMAN BROTHERS INC.,**                                   :
                                                            :    **08-01420 (JMP) (SIPA)**
                     Debtor.                                :
                                                            :
---------------------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER**
**AMONG LEHMAN BROTHERS HOLDINGS INC., JAMES W. GIDDENS,**
**AS TRUSTEE FOR THE SIPA LIQUIDATION OF LEHMAN BROTHERS INC.**
**AND SHARON  EICHORN PROVIDING FOR LIMITED RELIEF**
**FROM THE AUTOMATIC STAY**

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan

Administrator") pursuant to the *Modified Third Amended Joint Chapter 11 Plan of Lehman*

*Brothers Holdings Inc. and its Affiliated Debtors* (the "Plan"), James W. Giddens (the

"Trustee"), as Trustee for the SIPA liquidation of Lehman Brothers Inc. ("LBI") and Sharon

Eichorn ("Eichorn" and, collectively with the Plan Administrator and the Trustee, the "Parties"),

hereby stipulate and agree as follows:

**RECITALS**

A.      On September 15, 2008 (the "Commencement Date") and periodically

thereafter, LBHI and certain of its subsidiaries (collectively, the "Chapter 11 Estates")

commenced in this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

B.      On September 19, 2008 (the "Filing Date"), a proceeding (the "LBI Proceeding") was commenced under the Securities Investor Protection Act of 1970, as amended ("SIPA"), 15 U.S.C. §§ 78aaa et seq., with respect to LBI and the Trustee was appointed under SIPA to administer LBI's estate pursuant to the Order Commencing Liquidation of LBI (the "LBI Liquidation Order") entered by the United States District Court for the Southern District of New York.

C.      On July 2, 2009, the Court entered an order setting forth the procedures and deadlines for filing proofs of claim in the Chapter 11 Cases (LBHI ECF No. 4271) (the "Bar Date Order").  Pursuant to the Bar Date Order, the Court established September 22, 2009 as the deadline to file proofs of claim for certain types of claims.

D.      On December 6, 2011, the Court entered an order (the "Confirmation Order") confirming the Plan (LBHI ECF No. 23023).  The Plan became effective on March 6, 2012.

E.      Pursuant to paragraph 54 of the Confirmation Order, the automatic stay extant in the Chapter 11 Cases pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") remains in full force and effect.

F.      Pursuant to the LBI Liquidation Order, the Automatic Stay extant in the LBI Proceeding remains in full force and effect.

G.      On or about December 26, 2006, Eichorn commenced an action in the District Court in and for Tulsa County, State of Oklahoma (the "State Court Action").  Eichorn's claims in the State Court Action arise out of certain bodily injuries she allegedly suffered at a

Holiday Inn Select hotel (the "Hotel") located in Tulsa, Oklahoma.[1]  Eichorn named LBI as a

defendant in the State Court Action based on information that LBI was the owner of the Hotel.

The State Court Action has been stayed by the commencement of the Chapter 11 Cases and the

LBI Liquidation Order.

> H.    On August 13, 2009, Eichorn filed a claim (the "Eichorn Claim") in the

Chapter 11 Cases in the amount of $1,000,000.[2]  The Eichorn Claim has been assigned claim

number 8213 by LBHI's Court-approved claims and noticing agent.

> I.    The Plan Administrator has reviewed its records and determined that

LBHI, not LBI, had an indirect interest in the Hotel at the time of Eichorn's alleged injuries.  The

Plan Administrator has also determined that LBHI is the holder of a commercial general liability

policy (the "Policy") which covers, among other things and in appropriate circumstances, claims

for bodily injury-related damages.  Under the terms of the Policy, the insurer provides "first-

dollar coverage" and is thus obligated to maintain the defense against Eichorn's claim and, to the

extent that it receives an unfavorable verdict, pay Eichorn's damages, subject to certain terms

and conditions, up to $1,000,000.

> J.    Eichorn represents and warrants to the Plan Administrator that she remains

the legal and beneficial owner of the Eichorn Claim.

> K.    In order to resolve the dispute between the Parties regarding Eichorn's

alleged injuries, LBHI and the Trustee have agreed to consent to relief from the Automatic Stay

for the limited purpose of allowing the resumption of the State Court Action on the terms set

---

[1] Nothing contained herein is intended to be determinative of the validity or enforceability of any claim or causes of action asserted by Eichorn against LBI or LBHI or any of its affiliates.  The Plan Administrator, on behalf of LBHI and its affiliates, and the Trustee, on behalf of LBI, expressly reserve their respective rights to dispute and/or contest any such claims or causes of action for any reason.

[2] The Eichorn Claim does not specify a particular Chapter 11 Estate.

forth herein.  In connection therewith, Eichorn expressly covenants and agrees that (i) LBHI and

its insurers shall be permitted to present any and all defenses to Eichorn's claims; and (ii) in the

event that any judgment or other relief is allowed against LBHI in the State Court Action,

execution and recovery thereon shall be limited to recovery against insurance proceeds that may

be payable to Eichorn under the Policy (the "Insurance Proceeds").

        L.      Eichorn has also agreed to withdraw the Eichorn Claim and to forgo any

recovery from LBHI other than to the extent of the Insurance Proceeds.

        M.      In light of the foregoing, the Parties have agreed, subject to approval of

this Court, to modify the Automatic Stay for the purposes set forth herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND
AMONG THE PARTIES, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE
ORDERED THAT:**

        1.      This Stipulation, Agreement and Order shall have no force or effect unless

and until approved by the Court (the "Effective Date").

        2.      Upon the Effective Date, the Automatic Stay extant pursuant to section

362 of the Bankruptcy Code, paragraph 54 of the Confirmation Order, and the LBI Liquidation

Order shall be modified solely to the extent necessary to permit Eichorn to (i) resume the State

Court Action in order to recover her damages, if any, from the Insurance Proceeds, (ii) settle the

State Court Action with LBHI's insurer, if appropriate, and (iii) to execute or collect upon any

settlement or judgment rendered in her favor in the State Court Action against the Insurance

Proceeds without the need to seek further Court approval; provided, however, that all other

provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the

commencement or continuation of any other judicial proceeding against LBHI or LBI that was or

could have been commenced prior to the Commencement Date as to LBHI and the Filing Date as

to LBI, and those provisions prohibiting any act to collect, assess, or recover a claim, other than

with respect to the Insurance Proceeds, that arose prior to the Commencement Date or the Filing

Date from the respective estates and/or assets or property of LBHI and LBI (as defined in section

541 of the Bankruptcy Code), shall remain in full force and effect.

        3.      Notwithstanding the consent of LBHI to the limited relief described

herein, Eichorn hereby covenants and agrees that in the event that any judgment or other relief is

allowed against LBHI in the State Court Action, execution or recovery thereon shall be limited to

only the Insurance Proceeds.

        4.      Upon the Effective Date, the Eichorn Claim shall be deemed withdrawn

and expunged in its entirety and Epiq Bankruptcy Solutions, LLC, the Court-appointed claims

agent, shall be authorized and directed to modify the claims registry to reflect the terms of this

Stipulation, Agreement and Order.

        5.      Within ten (10) business days of the Effective Date, Eichorn shall file a

motion in the State Court Action seeking to add LBHI as a defendant in the State Court Action

and to dismiss LBI from same with prejudice.

        6.      This Stipulation, Agreement and Order contains the entire agreement

among the Parties as to the subject matter hereof and supersedes all prior agreements and

undertakings among the Parties relating thereto.

        7.      This Stipulation, Agreement and Order may only be amended or otherwise

modified by a signed writing executed by the Parties.

        8.      Each person who executes this Stipulation, Agreement and Order by or on

behalf of a Party represents and warrants that he or she has been duly authorized and empowered

to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

9.      This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

10.     Each Party to this Stipulation, Agreement and Order represents that it fully understands the terms hereof.  This Stipulation, Agreement and Order shall not be strictly construed against either Party on the ground that the rules for the construction of contracts require the resolution of any ambiguity against the Party that drafted the document.

11.     This Stipulation, Agreement and Order shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and assigns.  Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation, Agreement and Order.

12.    This Stipulation, Agreement and Order shall be governed by and in accordance with the laws of the state of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.  This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order

Dated: August 7, 2013
      Tulsa, Oklahoma

/s/ Derek Ingle
Derek Ingle

Corley & Associates
1809 East 15th Street
Tulsa, Oklahoma  74104-4610
Telephone: (918) 744-6641
Facsimile: (918) 747-4921

Dated: August 6, 2013
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and
Certain of its Affiliates

Dated:  August 6, 2013
      New York, New York

                                     /s/ Jeffrey S. Margolin
                                     Sarah L. Cave
                                     Jeffrey S. Margolin

                                     HUGHES HUBBARD & REED LLP
                                     One Battery Park Plaza
                                     New York, New York 10004
                                     Telephone:  (212) 837-6000
                                     Facsimile:  (212) 422-4726

                                     Attorneys for James W. Giddens, Trustee for the
                                     SIPA Liquidation of Lehman Brothers Inc.

**SO ORDERED:**

Dated: New York, New York
      August 20, 2013



                                     /s/ James M. Peck

                                     Honorable James M. Peck
                                     United States Bankruptcy Judge