# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings, Inc. et al.          Case No. 08-13555 (JMP) Jointly Administered

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P, of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Citigroup Global Markets Inc. | OCM Opportunities Fund VIIb, L.P. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Citigroup Global Markets Inc.
c/o Citibank, N.A.
1615 Brett Road Ops III
New Castle, DE 19720
Attn.: Brian Blessing / Scott Evan
Tel: 302-324-6660 / 302-323-3624
Fax: 212-994-1591

Court Claim # (if known): 55542

Amount of Claim Transferred:

(i) $4,467,344.97 with respect to ISIN XS0341900388
(ii) $1,847,000.00 with respect to ISIN XS0326516407
(iii) $6,431,000.00 with respect to ISIN XS0334457099

Date Claim Filed:

Last Four Digits of Acct. #: _____

Phone:
Last Four Digits of Acct. #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

CITIGROUP GLOBAL MARKETS INC.

By: _____          Date: _____ August 19, 2013 _____
Transferee/Transferee's Agent
**BRIAN BLESSING**
**AUTHORIZED SIGNATORY**

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

088-6226/AGR/3883733.1

# United States Bankruptcy Court
## Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>   Case No. <u>08-13555 (JMP) Jointly Administered</u>

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 55542 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of those claims, the transferee filed a Transfer of Claim other than for Security in the Clerk's office of this court on       .

| OCM Opportunities Fund VIIb, L.P. | Citigroup Global Markets Inc. |
|---|---|
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| OCM Opportunities Fund VIIb, L.P.<br>c/o Oaktree Capital Management, L.P.<br>333 South Grand Avenue, 28th Floor<br>Los Angeles, CA 90071 | Citigroup Global Markets Inc.<br>c/o Citibank, N.A.<br>1615 Brett Road Ops III<br>New Castle, DE 19720<br>Attn.: Brian Blessing / Scott Evan<br>Tel: 302-324-6660 / 302-323-3624<br>Fax: 212-994-1591 |

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as *the original claimant without further order of the court.*

Date: _____                    _____
                                                CLERK OF THE COURT

088-6226/AGR/3883733.1

**EXECUTION COPY**

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, OCM Opportunities Fund VIIb, LP ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Citigroup Global Markets Inc. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the Proofs of Claim (each individually, a "Proof of Claim" and, collectively, the "Proofs of Claim") specified in Schedule 1 attached hereto, filed by or on behalf of Seller or Seller's predecessor-in-interest against Lehman Brothers Holdings, Inc. ("LBHI"), debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) each Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) each Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer (this "Agreement"); (e) each Proof of Claim includes one or more Purchased Claims as specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors holding allowed unsecured claims; (g) Seller has delivered to Purchaser true and correct copies of the Notice of Proposed Allowed Claim Amount (as defined in the Court's Order, dated August 10, 2011, *Approving Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.*) relating to each Proof of Claim, and as of the date hereof, Seller has not received any revised Notice of Proposed Claim Amount nor has Seller taken any action with respect to any such Notice of Proposed Allowed Claim Amount; (h) on or about April 17, 2012, Seller or Seller's predecessor-in-interest received distributions from LBHI in respect of the Transferred Claims in the amount specified in Schedule 1 (the "First Distribution"); (i) on or about October 1, 2012, Seller or Seller's predecessor-in-interest received distributions from LBHI in respect of the Transferred Claims in the amount specified in Schedule 1 (the "Second Distribution"); (j) on or about April 4, 2013, Seller or Seller's predecessor-in-interest received distributions from LBHI in respect of the Transferred Claims in the amount specified in Schedule 1 (the "Third Distribution"); (k) on or about May 8, 2013, Seller or Seller's predecessor-in-interest received distributions from Lehman Brothers Treasury Co. B.V. in respect of the Transferred Claims in the amount specified in Schedule 1 (the "LBT Distribution"); (l) as of the date of this Agreement, Seller has not received any payment or distribution on account of the Transferred Claims other than the First Distribution, Second Distribution, Third Distribution and LBT Distribution.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall accept and hold any payments, distributions or proceeds received by Seller in respect of the Transferred Claims on or after the trade date of July 31, 2013 (including in connection with any interim distribution or otherwise) for the account and sole benefit of Purchaser and shall promptly (but in any event no later than three (3) business days after receipt) remit any such payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser in the same form received, together with (a) any statements received from Debtor and/or Epiq describing such payment or distribution and (b) any endorsements or documents necessary to transfer such property to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proofs of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

[*Signatures Follow*]

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this fifth day of August, 2013.

| OCM Opportunities Fund VIIb, LP | Citigroup Global Markets Inc. |
|---|---|
| **By: OCM Opportunities Fund VIIb GP, L.P.,** its General Partner | By:_____<br>Name:<br>Title: |
| **By: OCM Opportunities Fund VIIb GP Ltd.,** its General Partner | Citigroup Global Markets Inc.<br>1615 Brett Road<br>New Castle, DE 19720 |
| **By: Oaktree Capital Management, L.P.,** its Director | |

By: *[signature]*
Name: Brook Hinchman
Title: Vice President

By: *[signature]*
Name: Robert O'Leary
Title: Managing Director

c/o Oaktree Capital Management, L.P.
333 South Grand Avenue, 28th Floor
Los Angeles, CA 90071

*[Signature Page to Transfer]*

Doc#: US1:8743062v1

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this fifth day of August, 2013.

**OCM Opportunities Fund VIIb, LP**

By: OCM Opportunities Fund VIIb GP, L.P., its General Partner

By: OCM Opportunities Fund VIIb GP Ltd., its General Partner

By: Oaktree Capital Management, L.P., its Director

By: _____
Name: Brook Hinchman
Title: Vice President

By: _____
Name: Robert O'Leary
Title: Managing Director

c/o Oaktree Capital Management, L.P.
333 South Grand Avenue, 28th Floor
Los Angeles, CA 90071

**Citigroup Global Markets Inc.**

By: _____
Name:
Title:   Brian S. Broyles
         Authorized Signatory
Citigroup Global Markets Inc.
1615 Brett Road
New Castle, DE 19720

[*Signature Page to Transfer*]

Doc#: US1:8743062v1

Schedule 1

Transferred Claims

Purchased Claim: The Purchase Claim represents the US$ amount and percentage of the total Proposed Allowed Claim Amount with respect to each Proof of Claim and relating to each Purchased Security described below.

Lehman Program Securities to which Transfer Relates:

| Description of Security | ISIN | Issuer | Guarantor | First Distribution | Second Distribution | Third Distribution | LBT Distribution | Allowed Claim Amount* | Purchased Claim Amount (and % of total Allowed Claim Amount) | Proof of Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| LBT BV Bond | XS0341900388 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $161,236.71 | $108,805.71 | $137,429.60 | GWT380,918.10 | $5,002,347.84 | $4,467,344.97 (89.3050%) | 55542 |
| LBT BV Bond | XS0326516407 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $66,662.45 | $44,985.14 | $56,819.53 | $216,234.65 | $2,068,000.00 | $1,847,000.00 (89.3133%) | 55542 |
| LBT BV Bond | XS0334457099 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $232,109.51 | $156,632.08 | $197,837.81 | $752,899.32 | $7,200,000.00 | $6,431,000.00 (89.3194%) | 55542 |
| LBT BV Bond | XS0181945972 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $83,462.72 | $56,322.29 | $71,139.18 | GWT197,453.08 | $145,609,293.30 | $2,312,480.62 (1.5881%) | 56932.15 |
| LBT BV Bond | XS0121110455 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $70,845.96 | $47,808.25 | $60,385.33 | GWT122,636.18 | $6,602,520.09 | $1,962,911.37 (29.7297%) | 56932.22 |
| LBT BV Bond | XS0122516296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $108,499.91 | $73,217.88 | $92,479.56 | GWT172,610.63 | $9,464,712.18 | $3,006,179.83 (31.7620%) | 56932.27 |
| LBT BV Bond | XS0126892172 | Lehman Brothers Treasury | Lehman Brothers Holdings | $57,872.11 | $39,053.24 | $49,327.11 | GWT151,752.81 | $20,689,655.02 | $1,603,448.26 (7.7500%) | 56932.52 |

Schedule 1–1

Doc#: US1:8743062v1

| | | Co. B.V. | Inc. | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| LBT BV Bond | XS0122516379 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $70,538.29 | $47,600.63 | $60,123.09 | $153,440.67 | $6,098,944.16 | $1,954,386.75 (32.0447%) | 56932.57 |
| LBT BV Bond | XS0124187104 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $117,479.08 | $79,277.20 | $100,132.93 | $265,301.62 | $10,141,577.91 | $3,254,963.58 (32.0952%) | 56932.64 |
| LBT BV Bond | XS0125538974 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $192,409.15 | $129,841.49 | $163,999.34 | $678,593.62 | $19,527,590.16 | $5,331,032.11 (27.3000%) | 56932.69 |
| LBT BV Bond | DE000A0SUT07 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $27,827.89 | $18,778.81 | $23,719.01 | EUR70,454.97 | $3,932,162.58 | $771,020.44 (19.6081%) | 47606.06 |
| LBT BV Bond | XS0332976884 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $29,727.79 | $20,060.90 | $25,338.39 | EUR72,788.38 | $2,713,234.46 | $823,660.46 (30.3571%) | 56922.03 |

\* Represents aggregate amount distributable to claims in respect of the listed ISIN.

Doc#: US1:8743062v1