**HEARING DATE AND TIME: September 26, 2013 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: September 19, 2013 at 4:00 p.m. (Eastern Time)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF FOUR HUNDRED THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CINDI GIGLIO, AT 212-696-6936.**

---

**CURTIS, MALLET-PREVOST,**
**  COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Counsel for Lehman Brothers Holdings Inc.*
 *and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | :    **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | :    **08-13555 (JMP)** |
| | : |
| Debtors. | :    **(Jointly Administered)** |

------------------------------------------------------------------x

**NOTICE OF HEARING ON FOUR HUNDRED THIRTY-FIFTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)**

        **PLEASE TAKE NOTICE** that on August 20, 2013, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan"), filed its four hundred thirty-fifth omnibus objection to claims (the "Four Hundred

Thirty-Fifth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the

Four Hundred Thirty-Fifth Omnibus Objection to Claims will be held before the Honorable

James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

York 10004, on **September 26, 2013 at 10:00 a.m. (Eastern Time),** or as soon thereafter as

counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred

Thirty-Fifth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules

of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with

the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system,

and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard

copy delivered directly to Chambers), in accordance with General Order M-182 (which can be

found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on

(i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York

10004, Courtroom 601; (ii) counsel for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue,

New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Lee J. Goldberg, Esq.); (iii)

conflicts counsel for LBHI, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New

York, New York 10178 (Attn: L. P. Harrison 3rd, Esq. and Cindi Giglio, Esq.); and (iv) the

Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick

Street, Suite 1006, New York, New York 10014 (Attn: Tracy Hope Davis, Esq., Susan Golden,

Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than

**September 19, 2013 at 4:00 p.m. (Eastern Time)** (the "<u>Response Deadline</u>").

     **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Four Hundred Thirty-Fifth Omnibus Objection to Claims or any claim

set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four

Hundred Thirty-Fifth Omnibus Objection to Claims, which order may be entered with no further

notice or opportunity to be heard offered to any party.

Dated: August 20, 2013
   New York, New York

        **CURTIS, MALLET-PREVOST,**
        **COLT & MOSLE LLP**

       By:  */s/ L. P. Harrison 3rd*
         L. P. Harrison 3rd
         Cindi Eilbott Giglio
       101 Park Avenue
       New York, New York 10178-0061
       Telephone: (212) 696-6000
       Facsimile: (212) 697-1559

       *Counsel for Lehman Brothers Holdings Inc.*
        *and Certain of Its Affiliates*

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Counsel for Lehman Brothers Holdings Inc.*
 *and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

------------------------------------------------------------------x

**FOUR HUNDRED THIRTY-FIFTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS FOUR HUNDRED THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CINDI GIGLIO, AT 212-696-6936.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan"), respectfully represents:

### Relief Requested

1.      The Plan Administrator files this four hundred thirty-fifth omnibus

objection to claims (the "Four Hundred Thirty-Fifth Omnibus Objection to Claims") pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim filed in these

chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking to disallow and expunge

the claims listed on Exhibit A annexed hereto.

2.      The Plan Administrator has examined the proofs of claim identified on

Exhibit A (collectively, the "No Liability Derivatives Claims") and has determined that the No

Liability Derivatives Claims should be disallowed and expunged on the basis that they provide

no basis of liability as to Lehman Brothers Special Financing Inc. (the "Chapter 11 Estate").

After a review of the claimant's supporting documentation and the Chapter 11 Estate's books

and records, the Plan Administrator has determined that, based on the fair, accurate, and

reasonable values of the subject Derivatives Contracts (as defined herein) and the netting

provisions thereunder, the Chapter 11 Estate does not owe any amounts to the claimants but

rather, in most cases, the respective claimants actually owe money to the Chapter 11 Estate based

on such Derivatives Contracts.  In addition, in certain instances, the Chapter 11 Estate assumed

the subject Derivative Contracts pursuant to the Plan.  The No Liability Derivatives Claims,

2

therefore, do not constitute valid *prima facie* claims, and the Plan Administrator requests that they be disallowed and expunged in their entirety.

3.      The Plan Administrator reserves all its rights to object on any basis to any No Liability Derivatives Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.      Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.      On December 6, 2011, the Court approved and entered an order confirming the Plan [Docket No. 23023] (the "Confirmation Order").  The Plan became effective on March 6, 2012 (the "Effective Date").

7.      Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estate.

8.      On July 2, 2009, this Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases, including procedures for filing proofs of claim and supporting documentation for claims based on Derivatives Contracts[1] and

---

[1] "Derivative Contract" is defined in the Bar Date Order as "any contract that is any of (i) a 'swap agreement' as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a 'forward contract' as such term is defined in section 101(25) of the Bankruptcy Code . . . ."  *See* Bar Date Order, at 6.

Guarantees[2] (the "Bar Date Order") [Docket No. 4271].  The Bar Date Order established (i) September 22, 2009 (the "Bar Date") as the general deadline for filing proofs of claim and (ii) October 22, 2009 (the "Questionnaire Deadline") as the deadline for completing electronic questionnaires and uploading supporting documentation and evidence of underlying claim amounts in connection with claims filed against the Chapter 11 Estate based on (a) Derivatives Contracts (each, a "Derivative Questionnaire") and (b) Guarantees (each, a "Guarantee Questionnaire").

9.      The Bar Date Order provided that each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must complete the electronic Derivative Questionnaire and electronically upload supporting documentation on the website. *See* Bar Date Order, at 7.  The Bar Date Order further provided that each holder of a claim against a Debtor based on (i) amounts owed pursuant to a Guarantee or (ii) a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website.  *Id.* at 7-8.  A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

10.     Exhibit C to the Bar Date Order was a version of the Derivative Questionnaire, which required that the claimant provide various information in support of its claim, such as copies of relevant agreements; a copy of the termination notice; a valuation statement; individual trade-level detail; trade value methodology and quotations; and unpaid amounts, collateral, and other costs associated with the claim pursuant to the Derivatives Contract.  Also attached to the Bar Date Order was Exhibit D, a version of the Guarantee

---

[2] "Guarantee" is defined in the Bar Date Order as "a promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance."  *See* Bar Date Order, at 7.

Questionnaire setting forth the information forming the basis of the claimant's assertions of a guarantee claim.

11.    On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

12.    Pursuant to the Confirmation Order, the Court approved the assumption of, and cure amounts for, certain executory contracts designated by the Chapter 11 Estate in the Plan Supplement (as defined in the Plan). Pursuant to the Plan, such assumption was effective upon the Effective Date.

### The No Liability Derivatives Claims Should Be Disallowed and Expunged

13.    In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the No Liability Derivatives Claims as claims that should be disallowed and expunged on the basis that they provide no basis of liability as to the Chapter 11 Estate. After a review of the claimants' supporting documentation and the Chapter 11 Estate's books and records, the Plan Administrator has determined that, based on the fair, accurate, and reasonable values of the subject Derivatives Contracts and the netting provisions thereunder, the Chapter 11 Estate does not owe any amounts to the claimants; in each case, either no amounts are owed under the Derivatives Contracts to either party or the respective claimants actually owe money to the Chapter 11 Estate based on such Derivatives Contracts. In addition, in certain instances, the Chapter 11 Estate assumed the subject Derivative Contracts pursuant to the Plan, rendering the corresponding prepetition No Liability Derivatives Claims moot, as the Chapter 11 Estate is responsible for amounts that may

5

become due under such contracts after their assumption.  Consequently, the No Liability

Derivatives Claims do not constitute valid *prima facie* claims.

14.    A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See*

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20,

2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

15.    The Plan Administrator currently utilizes a thorough, multi-step process to

review claims filed against the Chapter 11 Estate based on a Derivatives Contract ("Derivatives

Claims") in order to determine the fair, accurate, and reasonable value, if any, of such claims or,

alternatively, the monetary recovery due to the Chapter 11 Estate with respect to the subject

Derivatives Contract.  In order to determine the amounts due under a Derivatives Contract, the

Plan Administrator:  (i) collects and reviews documents related to the relevant Derivatives Claim

including, but not limited to, the relevant Derivatives Questionnaire and/or Guarantee

Questionnaire, the termination notice, and the valuation statement; (ii) reconciles posted

collateral and any cash payments already received, made, or missed; and (iii) reviews the

valuation methodology used by the claimant to determine the value of the claim, including

verifying the legitimacy of quotes provided by the claimant in connection with its valuation

statement, reviewing claimant's "loss" calculation, and evaluating any set-off claims.[3]

---

[3] For a more comprehensive discussion of the valuation process, please see the Declaration of Gary H. Mandelblatt
in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule
3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of
Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to
Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule
3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of
Notice Thereof and Approval of the Proof of Claim Form [Docket No. 4113]).

Furthermore, to the extent the holder is willing, the Plan Administrator engages in lengthy

negotiations with the holder of the Derivatives Claim that are often very detailed and may extend

over a period of months.

16.    The Plan Administrator has undertaken this lengthy process with respect

to each of the No Liability Derivatives Claims and concluded that a fair, accurate, and reasonable

valuation of the No Liability Derivatives Claims demonstrates that the Chapter 11 Estate does

not owe any of the claimants money and that either no amounts are owed to either party or the

claimant in fact owes the Chapter 11 Estate money.  In addition, in certain instances, the Chapter

11 Estate assumed the subject Derivative Contracts pursuant to the Plan.  In such instances, the

Chapter 11 Estate is responsible for amounts that may become due under such contracts after

their assumption, and the prepetition No Liability Derivatives Claims are moot.  Accordingly, the

Plan Administrator requests that the Court disallow and expunge in their entirety the No Liability

Derivatives Claims listed on <u>Exhibit A</u>.

17.    With respect to claimants asserting No Liability Derivatives Claims for

which the Chapter 11 Estate is owed money, the Plan Administrator expects, in many instances,

to commence alternative dispute resolution procedures approved by this Court in the *Affirmative*

*Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives*

*Contracts*, dated September 17, 2009 [Docket No. 5207], or the *Order Amending the Tier 2*

*Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under*

*Certain Derivatives Contracts*, dated May 2, 2012 [Docket No. 27698], as applicable.  With

respect to claimants asserting No Liability Derivatives Claims as to which the Court does not

grant this Four Hundred Thirty-Fifth Omnibus Objection to Claims, the Plan Administrator may

commence alternative dispute resolution procedures under the *Order Pursuant to Section 105 of*

*the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors*

*to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors*, dated April 19, 2010 [Docket No. 8474].

### Notice

18.    No trustee has been appointed in these chapter 11 cases.  Notice of this Four Hundred Thirty-Fifth Omnibus Objection to Claims has been served on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

19.    No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estate to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: August 20, 2013
      New York, New York

> **CURTIS, MALLET-PREVOST,**
> **COLT & MOSLE LLP**
>
> By:   */s/ L. P. Harrison 3rd*
>       L. P. Harrison 3rd
>       Cindi Eilbott Giglio
> 101 Park Avenue
> New York, New York 10178-0061
> Telephone: (212) 696-6000
> Facsimile:  (212) 697-1559
>
> *Counsel for Lehman Brothers Holdings Inc.*
> *and Certain of Its Affiliates*

**<u>Exhibit A</u>**

**OMNIBUS OBJECTION 435: EXHIBIT A - NO LIABILITY CLAIM - DERIVATIVE**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | HARBINGER CAPITAL PARTNERS MASTER FUND I, LTD. | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 05/20/2010 | 66653 | Undetermined | Undetermined | No Liability Claim - Derivative |
| 2 | HARBINGER CAPITAL PARTNERS SPECIAL SITUATIONS FUND, L.P. | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 05/20/2010 | 66652 | Undetermined | Undetermined | No Liability Claim - Derivative |
| | | | TOTAL | | | $0.00 | $0.00 | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :    **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
                                                         :
                          **Debtors.**                   :    **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING FOUR HUNDRED THIRTY-FIFTH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)

        Upon the four hundred thirty-fifth omnibus objection to claims, dated August 20,

2013 (the "Four Hundred Thirty-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No

Liability Derivatives Claims on the grounds that they assert claims for which Lehman Brothers

Special Financing Inc. (the "Chapter 11 Estate") has no liability, all as more fully described in

the Four Hundred Thirty-Fifth Omnibus Objection to Claims; and due and proper notice of the

Four Hundred Thirty-Fifth Omnibus Objection to Claims having been provided to (i) the United

States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal

Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the

claimants listed on Exhibit A attached to the Four Hundred Thirty-Fifth Omnibus Objection to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Thirty-Fifth Omnibus Objection to Claims.

Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in

the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [Docket No. 9635]; and the Court having found and

determined that the relief sought in the Four Hundred Thirty-Fifth Omnibus Objection to Claims

is in the best interests of the Chapter 11 Estate, its creditors, and all parties in interest and that the

legal and factual bases set forth in the Four Hundred Thirty-Fifth Omnibus Objection to Claims

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

> ORDERED that the relief requested in the Four Hundred Thirty-Fifth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

> ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

> ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Four Hundred

Thirty-Fifth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is

further

> ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York

                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE