Hearing Date: September 18, 2013

DAVID MAYER, ESQ.
SACKS & SACKS LLP
Attorneys for Petitioners
YURI BELIK and IRENE BELIK

Opposition Deadline: September 11, 2013

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x    CHAPTER 11
In Re

LB 745 LLC                                                        CASE NO.: 08-13555 (LMP)
------------------------------------------------------------------------x

## MOTION TO LIFT STAY

Now comes the petitioners, YURI BELIK and IRENE BELIK, (Collectively

referred to as the "petitioner"), by and through their attorneys, SACKS AND SACKS LLP and

moving this Honorable Court, pursuant to Section 362 of the Bankruptcy Code, to lift the Stay

Order entered on behalf of the debtor, LB 745 LLC ("The Debtor").  In support of this petition,

your petitioner states as follows:

### BACKGROUND

1.      On September 15, 2008, a voluntary petition under Chapter 11 of Title 11 of

the United States Bankruptcy Code was filed by LB 745 LLC, with the United States Bankruptcy

Court of the Southern District of New York.  Annexed as **Exhibit "A"** is the voluntary petition.

Upon such a filing the automatic stay provisions of Section 362 of the United States Code became

effective.  The Debtor is operating its business and managing its property as debtor in possession

pursuant to 1107(a) and 1108 of the Bankruptcy Code.

2.      That the Bankruptcy Code has jurisdiction under this proceeding pursuant to 28 U.S.C. Section 1334.

3.      The petitioner brings this matter before the Court due to a personal injury claim (hereafter, the "civil claim") brought by YURI BELIK, which occurred on December 27, 2006, when he was caused to fall from a ladder at the premises under construction located at 745 Seventh Avenue in the Borough of Manhattan, City and State of New York

4.      That the petitioner has named LB 745 LLC as a defendant in the above action.  Annexed as **Exhibit "B"** is the Summons and Complaint and annexed as **Exhibit "C"** is the Supplemental Summons and Amended Complaint.

5.      That LB 745 LLC was the owner of the premises under construction located at 745 Seventh Avenue in the Borough of Manhattan, City and State of New York in December 2006.  Subsequently, YURI BELIK, an employee of JDM Industries, was caused to fall from a defective ladder.  Further, it was the Debtor's statutory duty to provide YURI BELIK with a safe ladder on the job site, which it failed to do.

6.      It is claimed that on the date of the accident, December 27, 2006, the Debtor was covered under an insurance policy, specifically American Home Assurance Company, Policy Number 5759349.

7.      That petitioner agrees that it shall satisfy any recovery against the debtor only through available insurance proceeds, and shall make no claim against the debtor beyond the limits of such available insurance proceeds.  Accordingly, no prejudice to the Debtor will result from the lifting of the stay.

<u>RELIEF REQUESTED</u>

8.    By this Motion, the Petitioner respectfully requests the entry of an order for relief from the automatic stay so as to permit the Debtor to remain in that the civil claim brought by YURI BELIK and IRENE BELIK in an action to the extent of its insurance before the SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS.

<u>BASIS FOR RELIEF</u>

9.    That discharging this debt in bankruptcy will have the effect of nullifying any policy of insurance issued to the Debtor covering the negligent actions of said entity and covering their obligations under the contract entered into with petitioners.  That such an act will severely prejudice the rights of the petitioner herein.  Furthermore, the hardship to the petitioner from the stay considerably outweighs the hardship to the debtor from ordering relief from the stay.

10.    WHEREFORE, the petitioners, YURI BELIK and IRENE BELIK, collectively requests that this Court enter an Order lifting the stay afforded by 11 U.S.C. Section 362, so as to permit the debtor, LB 745 LLC to remain in this action to the extent of its insurance and to grant such other and further relief as this Court deems jut and proper.

Dated: New York, New York
      August 21, 2013

SACKS & SACKS LLP
Attorneys for Petitioners
150 Broadway, 4th Floor
New York, New York 10038
Tel. No.: 212-964-5570

By:_____
          DAVID MAYER, ESQ.

<u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK)

Edward W. Ford, being duly sworn, deposes and says:  I am not a party to this action, am

over 18 years of age and reside in Floral Park, New York.

That on the 21st day of August, 2013 a true copy of the annexed MOTION TO LIFT

STAY was served in the following manner:

By mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office

or official depository of the U.S. Postal Service within the State of New York, addressed to the

last known address of the addressee(s) as indicated below:

**FABIANI, COHEN & HALL, LLP**
*Attorneys for Defendants*
*LB 745 LLC and Henegan Construction Co., Inc.*
570 Lexington Avenue, 4th Floor
New York, New York 10022

**AHMUTY DEMERS & McMANUS**
*Attorneys for Third-Party Defendant*
*Forest Electric Corp.*
200 I.U. Willets Road
Albertson, New York 11507

**JDM INDUSTRIES, INC.**
445 Broadhollow Road, Suite 230
Melville, New York 11747

**HARRIGAN CONTRACTING INC.**
82 Gavin Street
Yonkers, New York 10701

Edward W. Ford

Sworn to before me this

            day of August, 2013

NOTARY PUBLIC
GREGORY MERCADO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01ME6243629
Qualified in Bronx County
My Commission Expires June 20, 2015

# EXHIBIT A

(Official Form 1) (1/08)

| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br><br>**Lehman Brothers Holdings Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br><br>**N/A** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): **N/A** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if<br>more than one, state all): **EIN # 13-3216325** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if<br>than one, state all): **N/A** |
| Street Address of Debtor (No. and Street, City, and State):<br><br>**745 Seventh Avenue**<br>**New York, New York**<br><br>ZIP CODE **10019** | Street Address of Joint Debtor (No. and Street, City, and State): **N/A**<br><br><br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business: **New York** | County of Residence or of the Principal Place of Business: **N/A** |
| Mailing Address of Debtor (if different from street address): **N/A**<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address): **N/A**<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
☒ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above
  entities, check this box and state type of
  entity below.)
_____

**Nature of Business**
(Check one box.)

☐ Health Care Business
☐ Single Asset Real Estate as defined in
  11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☒ Other
**Financial Services**
-Exempt Entity
(Check box, if applicable.)
☐ Debtor is a tax-exempt organization
  under Title 26 of the United States
  Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which
the Petition is Filed** (Check one box)

☐ Chapter 7          ☐ Chapter 15 Petition for Recognition of a Foreign
☐ Chapter 9             Main Proceeding
☒ Chapter 11         ☐ Chapter 15 Petition for Recognition of a Foreign
☐ Chapter 12             Nonmain Proceeding
☐ Chapter 13

**Nature of Debts** (Check one box)

☐ Debts are primarily consumer          ☒ Debts are primarily business
  debts, defined in 11 U.S.C. §             debts.
  101(8) as "incurred by an
  individual primarily for a personal,
  family, or household purpose."

**Chapter 11 Debtors**
Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to
  insiders or affiliates) are less than $2,190,000.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of
  creditors, in accordance with 11 U.S.C. § 1126(B).

**Filing Fee** (Check one box)

☒ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only)
  Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee
  except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for
  the court's consideration. See Official Form 3B.

**Statistical/Administrative Information**

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for
  distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE
ONLY

Estimated Number of Creditors (Consolidated with affiliates)

| ☐<br>1-49 | ☐<br>50-99 | ☐<br>100-199 | ☐<br>200-999 | ☐<br>1,000-<br>5,000 | ☐<br>5,001-<br>10,000 | ☐<br>10,001-<br>25,000 | ☐<br>25,001-<br>50,000 | ☐<br>50,001-<br>100,000 | ☒<br>Over<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets (Consolidated with affiliates)

| ☐<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,001 to<br>$500,000 | ☐<br>$500,001<br>to $1 million | ☐<br>$1,000,001<br>to $10<br>million | ☐<br>$10,000,001<br>to $50<br>million | ☐<br>$50,000,001<br>to $100<br>million | ☐<br>$100,000,001<br>to $500<br>million | ☐<br>$500,000,001<br>to $1 billion | ☒<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities (Consolidated with affiliates)

| ☐<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,001 to<br>$500,000 | ☐<br>$500,001<br>to $1 million | ☐<br>$1,000,001<br>to $10<br>million | ☐<br>$10,000,001<br>to $50<br>million | ☐<br>$50,000,001<br>to $100<br>million | ☐<br>$100,000,001<br>to $500<br>million | ☐<br>$500,000,001<br>to $1 billion | ☒<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

(Official Form 1) (1/08)

FORM B1, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s): **Lehman Brothers Holdings Inc.** |
|---|---|

| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |
| Location<br>Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by § 342(b). |
| ☒  Exhibit A is attached and made a part of this petition. | X _____<br>    Signature of Attorney for Debtor(s)          Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☒  No. **(see exhibit attached hereto)**

**Exhibit D**

**NOT APPLICABLE**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐     Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐     Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
**(Check any applicable box.)**

☒     Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐     There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐     Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
*(Check all applicable boxes)*
**NOT APPLICABLE**

☐     Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐     Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐     Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐     Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

(Official Form 1) (1/08)

FORM B1, Page 3

| Voluntary Petition | Name of Debtor(s): **Lehman Brothers Holdings Inc.** |
|---|---|
| *(This page must be completed and filed in every case)* | |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X **/s/ Harvey R. Miller**<br>Signature of Attorney for Debtor(s)<br>**Harvey R. Miller, Esq.**<br>**Richard P. Krasnow, Esq.**<br>**Lori R. Fife, Esq.**<br>**Shai Y. Waisman, Esq.**<br>**Jacqueline Marcus, Esq.**<br>Printed Name of Attorney for Debtor(s)<br>**Weil, Gotshal & Manges LLP**<br>Firm Name<br>**767 Fifth Avenue**<br>Address<br>**New York, New York 10153**<br><br>**212-310-8000**<br>Telephone Number<br>**September 14, 2008**<br>Date<br>* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>X _____<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X **/s/ Ian T. Lowitt**<br>Signature of Authorized Individual<br><br>**Ian T. Lowitt**<br>Printed Name of Authorized Individual<br><br>**Chief Financial Officer**<br>Title of Authorized Individual<br><br>**September 14, 2008**<br>Date | |

## CERTIFICATE OF RESOLUTIONS

I, Ian T. Lowitt, a duly authorized officer of Lehman Brothers Holdings Inc., a Delaware corporation (the "Company"), hereby certify that at a special meeting of the Board of Directors (the "Board") for the Company, duly called and held on September 14, 2008, the following resolutions were adopted in accordance with the requirements of the Delaware General Corporation Law and that these resolutions have not been modified or rescinded and are still in full force and effect as of the current date.

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, employees, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

RESOLVED, that each of the Chief Executive Officer, the Chief Financial Officer, the Chief Legal Officer, and the Chief Operating Officer (each such officer or designee being an "Authorized Person" and all being the "Authorized Persons") are hereby authorized, empowered and directed, in the name, and on behalf of the Company, to execute and verify petitions and amendments thereto under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York at such time or in such other jurisdiction as such Authorized Person executing the same shall determine.

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP is hereby engaged as attorneys for the Company under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval.

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers, and to take and perform any and all further acts and deeds which he or she deems necessary, proper or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of such case.

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to engage and retain all assistance by legal counsel, accountants, financial advisors, restructuring advisors, and other professionals in connection with the Chapter 11 Case, with a view to the successful prosecution of such case.

RESOLVED, that each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of

the Company, to cause the Company to enter into, execute deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action as in the judgment of such person shall be or become necessary, proper, and desirable to effectuate a successful reorganization of the business of the Company.

RESOLVED, that in connection with the Chapter 11 Case, each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized and empowered on behalf of and in the name of the Company, to negotiate, execute, deliver, and perform or cause the performance of any notes, guarantees, security agreements, other agreements, consents, certificates or instruments as such person considers necessary, appropriate, desirable, or advisable to effectuate borrowings or other financial arrangements, such determination to be evidenced by such execution or taking of such action.

RESOLVED, each Authorized Person, and such other officers of the Company as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, and any such actions heretofore taken by any of them are hereby ratified, confirmed and approved in all respects: (i) to negotiate, execute, deliver and/or file any and all of the agreements, documents and instruments referenced herein, and such other agreements, documents and instruments and assignments thereof as may be required or as such officers deem appropriate or advisable, or to cause the negotiation, execution and delivery thereof, in the name and on behalf of the Company, as the case may be, in such form and substance as such officers may approve, together with such changes and amendments to any of the terms and conditions thereof as such officers may approve, with the execution and delivery thereof on behalf of the Company by or at the direction of such officers to constitute evidence of such approval, (ii) to negotiate, execute, deliver and/or file, in the name and on behalf of the Company, any and all agreements, documents, certificates, consents, filings, and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such officers deem appropriate or advisable in connection therewith, and (iii) to do such other things as may be required, or as may in their judgment be appropriate or advisable, in order to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby.

RESOLVED, that, any and all past actions heretofore taken by officers of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved.

IN WITNESS WHEREOF, I have set my hand this 14th day of September, 2008.

/s/ Ian T. Lowitt

Ian T. Lowitt
Chief Financial Officer, Controller and
Executive Vice President

### Schedule 1

### 30 Largest Unsecured Claims (Excluding Insiders) [1]

Pursuant to Local Bankruptcy Rule 1007-2(a)(4), the following lists the Debtors' thirty largest unsecured claims, on a consolidated basis, excluding claims of insiders as defined in 11 U.S.C. § 101.

| (1)<br>*Name of creditor and complete mailing address, including zip code* | (2)<br>*Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | (3)<br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff [2]* | (5)<br>*Estimated amount of claim as of July 2, 2008 (if secured also state value of security)* |
|---|---|---|---|---|
| Citibank, N.A., as indenture trustee, and The Bank of New York Mellon Corporation (with respect to the Euro Medium Term Notes only), as indenture trustee, under the Lehman Brothers Holdings Inc. Senior Notes | Citibank, NA<br>399 Park Avenue<br>New York, NY 10043<br>attn: Wafaa Orfy<br>1-800-422-2066<br>212-816-5773<br>wafaa.m.orfy@citigroup.com<br><br>The Bank of New York<br>One Canada Square<br>Canary Wharf, London E14 5AL<br>attn: Raymond Morison<br>44-207-964-8800<br>Raymond.morison@bnymell on.com | Bond Debt | | Approximately $138 billion |

---

[1] The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtors.  All claims are subject to customary offsets, rebates, discounts, reconciliations, credits, and adjustments, which are not reflected on this schedule.

[2] All claims are subject to reconciliations, credits, and adjustments, which are not reflected on this list.

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| Name of creditor and complete mailing address, including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[2] | Estimated amount of claim as of July 2, 2008 (if secured also state value of security) |
| The Bank of New York Mellon Corporation, as indenture trustee under the Lehman Brothers Holdings Inc. Subordinated Debt | The Bank of New York Mellon Corporation 101 Barclay Street New York, NY 10286 attn: Chris O'Mahoney 1-212-815-4107 1-212-815-4000 (fax) chris.omahoney@bnymellon.com | Bond Debt | | Approximately $12 billion |
| The Bank of New York Mellon Corporation, as indenture trustee under the Lehman Brothers Holdings Inc. Junior Subordinated Debt | The Bank of New York Mellon Corporation 101 Barclay Street New York, NY 10286 attn: Chris O'Mahoney 1-212-815-4107 1-212-815-4000 (fax) chris.omahoney@bnymellon.com | Bond Debt | | Approximately $5 billion |
| AOZORA 1-3-1 Kudan-Minami, Chiyoda-ku, Tokyo, 102-8660 | Koji Nomura Joint General Manager Financial Institutions Div. Aozora Bank, Ltd. 1-3-1 Kudan-Minami, Chiyoda-ku, Tokyo, 102-8660 Tel: 81-3-5212-9631 Fax: 81-3-3265-9810 k4.nomura@aozorabank.co.jp | Bank Loan | | $463,000,000 |
| Mizuho Corporate Bank, Ltd. Global Syndicated Finance Division 1-3-3, Marunouchi, Chiyoda-ku Tokyo, Japan 100-8210 | Timothy White Managing Director - Head of Originations Corporate and Investment Banking Department 1251 Avenue of the Americas, 32nd Floor New York, NY 10020-1104 212-282-3360 212-282-4487 (fax) timothy.white@mizuhocbus.com | Bank Loan | | $289,000,000 |

2

| (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[2] | (5) Estimated amount of claim as of July 2, 2008 (if secured also state value of security) |
|---|---|---|---|---|
| Citibank N.A. Hong Kong Branch Financial Institutions Group Asia Pacific, 44/F Citibank Tower, 3 Garden Rd, Central, Hong Kong | Michael Mauerstein MD - FIG 388 Greenwich Street New York, NY 10013 212-816-3431 | Bank Loan | | $275,000,000 |
| BNP Paribas 787 7th Avenue New York, NY 10019 | Frank Sodano BNP Paribas 787 7th Ave. New York, NY 10019 212-841-2084 | Bank Loan | | $250,000,000 |
| Shinsei Bank Ltd. 1-8, Uchisaiwaicho 2-Chome Chiyoda - Ku, Tokyo 100-8501 Japan | Tetsuhiro Tomata General Manager Financial Institutions Business Div. 2 Shinsei Bank Ltd. 1-8, Uchisaiwaicho 2-Chome Chiyoda - Ku, Tokyo 100-8501, Japan Tel: 81-3-5511-5377 Fax: 81-3-4560-2834 tetsuhiro.toomata@shinseibank.com | Bank Loan | | $231,000,000 |
| UFJ Bank Limited 2-7-1,Marunouchi Chiyoda-ku, TKY 100-8388 Japan | Stephen Small Vice President Head of Financial Institutions Bank of Tokyo-Mitsubishi UFJ Trust Company 1251 Avenue of the Americas New York, New York 10020-1104 212-782-4352 212-782-6445 (fax) ssmall@us.mufg.jp | Bank Loan | | $185,000,000 |

| (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[2] | (5) Estimated amount of claim as of July 2, 2008 (if secured also state value of security) |
|---|---|---|---|---|
| Sumitomo Mitsubishi Banking Corp 13-6 Nihobashi-Kodenma-Cho, Chuo-ku, Tokyo, 103-0001 | Yas Imai Senior Vice President Head of Financial Institutions Group Sumitomo Mitsui Banking Corporation 277 Park Avenue New York, NY 10172 212-224-4031 fax: 212 224 4384 yasuhiko_imai@smbcgroup.com | Bank Loan | | $177,000,000 |
| Svenska Handelsbanken 153 E. 53rd St 37th Floor New York, NY 10022 | Gail Doulgas 212-326-2754 | Letter of Credit | | $140,610,543 |
| KBC Bank 125 W. 55th St. New York, NY 10019 | Denis Graham 212-258-9487 | Letter of Credit | | $100,000,000 |
| Mizuho Corporate Bank Ltd. 1-3-3, Marunouchi Chiyoda-ku, TKY 100-8210 Japan | Timothy White Managing Director - Head of Originations Corporate and Investment Banking Department 1251 Avenue of the Americas, 32nd Floor New York, NY 10020-1104 212-282-3360 | Bank Loan | | $93,000,000 |
| Shinkin Central Bank 8-1, Kyobashi 3-Chome Chuo-Ku, Tokyo 104-0031, Japan | Shuji Yamada Deputy General Manager Financial Institutions Dept. Shinkin Central Bank 3-7, Yaesu 1-chome, Chuo-Ku Tokyo 104-0028, Japan Tel: 81-3-5202-7679 Fax: 81-3-3278-7051 shuji.yamada@e-scb.co.jp | Bank Loan | | $93,000,000 |

| (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[2] | (5) Estimated amount of claim as of July 2, 2008  (if secured also state value of security) |
|---|---|---|---|---|
| The Bank of Nova Scotia Singapore Branch 1 Raffles Quay #20-01 One Raffles Quay North Tower Singapore 048583 | George Neofitidis Director Financia Institutions Group One Liberty Plaza, New York New York 10006 212-225-5379 fax: 212-225-5254 george_neofitidis@scotiacapital.com | Bank Loan | | $93,000,000 |
| Chuo Mitsui Trust & Banking 3-33-1 Shiba, Minato-ku, Tokyo, 105-0014 | Noriyuki Tsumura Chuo Mitsui Trust & Banking 3-33-1 Shiba, Minato-ku, Tokyo, 105-0014 Tel: 81-3-5232-8953 Fax: 81-3-5232-8981 noriyuki_tsumura@chuomitsui.jp | Bank Loan | | $93,000,000 |
| Lloyds Bank 1251 Avenue of the Americas, 39th Fl., P.O. Box 4873 New York, NY 10163 | Matthew Tuck 212-930-8967 212-930-5098 (fax) mtuck@lloydstsb-usa.com | Letter of Credit | | $75,381,654 |
| Hua Nan Commercial Bank, Ltd 38 Chung-King South Road Section 1 Taipei, Taiwan | Hua Nan Commercial Bank, Ltd 38 Chung-King South Road Section 1 Taipei, Taiwan | Bank Loan | | $59,000,000 |
| Bank of China, New York Branch 410 Madison Avenue New York, New York 10017 Attention: Chief Loan Officer | William Warren Smith Chief Loan Officer, Deputy General Manager Bank of China, New York Branch 410 Madison Avenue New York, NY 10017 212-935-3101 ext 264 212-758-3824 (fax) wsmith@bocusa.com | Bank Loan | | $50,000,000 |

| (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[2] | (5) Estimated amount of claim as of July 2, 2008 (if secured also state value of security) |
|---|---|---|---|---|
| Nippon Life Insurance Co. 1-6-6, Marunouchi, Chiyoda-ku, Tokyo, 100-8288 | Takayuki Murai Deputy General Manager Corporate Finance Dept. #1 Nippon Life Insurance Co. 1-6-6, Marunouchi, Chiyoda-ku, Tokyo, 100-8288 Tel: 81-3-5533-9814 Fax: 81-3-5533-5208 murai24234@nissay.co.jp | Bank Loan | | $46,000,000 |
| ANZ Banking Group Limited, 18th Floor Kyobo Building 1 Chongro 1 Ku, Chongro Ka, Seoul Korea | Michael Halevi Director, Financial Institutions ANZ Banking Group 1177 Avenue of Americas New York, NY 10036 212-801-9871 212-801-9715 (fax) | Bank Loan | | $44,000,000 |
| Standard Chartered Bank One Madison Avenue New York, NY 10010 - 3603 | Bill Hughes SVP-FIG Standard Chartered Bank One Madison Avenue New York, NY 10010 - 3603 212-667-0355 212-667-0273 (fax) bill.hughes@us.standardchartered.com | Bank Loan | | $41,000,000 |
| Standard Chartered Bank 1 Madison Ave. New York, NY 10010 | Bill Hughes 212-667-0355 212-667-0251 (fax) bill.hughes@us.standardchartered.com | Letter of Credit | | $36,114,000 |
| First Commercial Bank Co., Ltd, New York Agency 750 3rd Avenue, 34th floor New York, NY 10017 | Jason C. Lee Deputy General Manager First Commercial Bank Co., Ltd, New York Agency 34th floor, 750, 3rd Avenue, New York, NY 10017 212-599-6868 212-599-6133 (fax) i82240@firstbank.com.tw | Bank Loan | | $25,000,000 |

6

| (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[2] | (5) Estimated amount of claim as of July 2, 2008 (if secured also state value of security) |
|---|---|---|---|---|
| Bank of Taiwan, New York Agency 100 Wall Street, 11th Floor New York, NY 10005 | Eunice S.J. Yeh Senior Vice President & General Manager 100 Wall Street, 11th Floor New York, NY 10005 212-968-0580 212-968-8370 (fax) bankoftaiwan@botnya.com | Bank Loan | | $25,000,000 |
| DnB NOR Bank ASA Postal address: NO-0021, Oslo, Norway Office: Stranden 21, Aker Brygge | Rolf Nagel Dahl SVP International Financial Institutions Postal address: NO-0021, Oslo, Norway Office: Stranden 21, Aker Brygge Phone: 47 22 94 87 46 fax: 47 22 48 29 84 rolfnagel.dahl@dnbnor.no | Bank Loan | | $25,000,000 |
| Australia and New Zealand Banking Group Limited, Melbourne Office Level 6, 100 Queen Street Victoria Melbourne, VIC 3000 Australia | Michael Halevi Director, Financial Institutions ANZ Banking Group 1177 Avenue of Americas New York, NY 10036 212-801-9871 212-801-9715 (fax) Michael.Halevi@anz.com | Bank Loan | | $25,000,000 |
| Australia National Bank 1177 Avenue of the Americas, 6th Fl. New York, NY 10036 | Michael Halevi 212-801-9871 | Letter of Credit | | $12,588,235 |
| National Australia Bank 245 Park Ave. 28th, Fl. New York, NY 10167 | Rosemarie O'Canto 212-916-3575 | Letter of Credit | | $10,294,163 |

7

| *(1)* | *(2)* | *(3)* | *(4)* | *(5)* |
|---|---|---|---|---|
| *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff[2]* | *Estimated amount of claim as of July 2, 2008 (if secured also state value of security)* |
| Taipei Fubon Bank, New York Agency 100 Wall Street, 14th Floor, NY NY 10005 212 968 9888  Head Office: No. 36, Sec 3, Nanking, East Rd, Taipei, Taiwan | Sophia J.H. Jing FVP & General Manager Taipei Fubon Bank, New York Agency 100 Wall Street, 14th Floor, New York, NY 10005 212-968-9888 212-968-9800 (fax) sophia.jing@fubonny.com | Bank Loan | | $10,000,000 |

**DECLARATION UNDER PENALTY OF PERJURY:**

   I, the undersigned authorized officer of Lehman Brothers Holdings Inc., named as the debtor in this case (the "Debtor"), declare under penalty of perjury that I have read the foregoing list of creditors holding the thirty largest unsecured claims against the Debtor and that it is true and correct to the best of my information and belief.

Dated: September 14, 2008

               /s/ Ian T. Lowitt
               Signature

             By:  Ian T. Lowitt

             Title: Chief Financial Officer

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                               :

In re                           :        Chapter 11 Case No.
                               :

LEHMAN BROTHERS HOLDINGS INC.   :     08-_____  (__)
                               :

       Debtor.                 :
                               :
------------------------------------------------------------x

## LIST OF CREDITORS[1]

       Contemporaneously herewith, the Debtor has filed a motion requesting a waiver of the requirement for filing a list of creditors pursuant to sections 105(a), 342(a), and 521(a)(1) of title 11 of the United States Code, Rules 1007(a) and 2002(a), (f), and (l) of the Federal Rules of Bankruptcy Procedure, and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York, and General Orders M-133, M-137, M-138, and M-192 of the United States Bankruptcy Court for the Southern District of New York.  The Debtor proposes to furnish its list of creditors to a claims and noticing agent to be engaged by the Debtor.

       The list of creditors will contain only those creditors whose names and addresses were maintained in the Debtor's database or were otherwise ascertainable by the Debtor.  The schedule of liabilities to be subsequently filed should be consulted for a list of the Debtor's creditors that is comprehensive and current as of the date of the commencement of this case.

---

[1] The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtor.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                    :        **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.**        :        **08-_____  (__)**
:
Debtor.                          :
:
------------------------------------------------------------x

## EXHIBIT "A" TO VOLUNTARY PETITION

The Debtor has securities registered under Section 12 of the Securities and Exchange Act of 1934.  The Debtor's SEC file number is 333-134553.

1. The following consolidated financial data is the latest available information and refers to the Debtor's condition as of May 31, 2008.

   Total assets                                         $____639 billion____

   Total debts (including debts listed in 2.c., below)  $____613 billion____

   a.  Debt securities held by more than 500 holders

| | | | | Approximate number of holders |
|---|---|---|---|---|
| secured ☐ | unsecured ☒ | subordinated ☐ | $110.553 billion | Greater than 500 |
| secured ☐ | unsecured ☒ | subordinated ☒ | $12.625 billion | Greater than 500 |
| secured ☐ | unsecured ☒ | subordinated ☒ | $5.004 billion | Greater than 500 |
| secured ☐ | unsecured ☐ | subordinated ☐ | | |
| | | total: | $128.182 billion | |

   b.  Number of shares of preferred stock

   1) 5.94% Cumulative Preferred Stock, Series C: up to 5.0 million
   2) 5.67% Cumulative Preferred Stock, Series D: up to 4.0 million
   3) 6.50% Cumulative Preferred Stock, Series F: up to 12.0 million
   4) Floating Rate Convertible Preferred Stock, Series G: up to 5.2 million
   5) 7.95% Non-Convertible Perpetual Preferred Stock, Series J: up to 66.0 million
   6) 6.375% Preferred Securities, Series K: up to 12.0 million
   7) 6.375% Preferred Securities, Series L: up to 12.0 million
   8) 6.00% Preferred Securities, Series M: up to 16 million
   9) 6.24% Preferred Securities, Series N: up to 8 million
   10) 7.25% Non-Cumulative Perpetual Convertible Preferred Stock, Series P:  up to 4.0 million
   11) 8.75% Non-Cumulative Mandatory Convertible Preferred Stock, Series Q: up to 2.0 million

   c.  Number of shares of common stock            694,401,926 (outstanding)[1]

---
[1] This number is as of June 30, 2008

2. Brief description of Debtor's business:

      The Debtor is a financial services company which, together with its direct and indirect subsidiaries, is the fourth largest investment bank in the United States, serving the financial needs of corporations, governments and municipalities, institutional clients and high net worth individuals worldwide with business activities organized in three segments: Capital Markets, Investment Banking, and Investment Management.

3. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of Debtor:

| Beneficial Owner | Percentage of Outstanding Common Stock |
|---|---|
| (1) AXA and related parties | 7.25 |
| (2) ClearBridge Advisors, LLC and related parties | 6.33 |
| (3) FMR LLC and related parties | 5.87 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                            :

In re                         :    **Chapter 11 Case No.**
                         :

**LEHMAN BROTHERS HOLDINGS INC.**  :    **08-_____ (__)**
                         :

        Debtor.              :
                         :
------------------------------------------------------------x

## EXHIBIT "C" TO VOLUNTARY PETITION

    1.  Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

        The Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety. To the extent the Debtor has an interest in such property, to the best of the Debtor's knowledge, the Debtor is in compliance with all applicable laws, including, without limitation, all environmental laws and regulations.

    2.  With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

        The Debtor is not aware of any real or alleged dangerous conditions existing on or related to any real or personal property owned or possessed by the Debtor.

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------x

YURI BELIK and IRENE BELIK,

                                    Plaintiffs,


                  -against-


LB 745 LLC and
HARRIGAN CONTRACTING, INC.,

                                    Defendants.
------------------------------------------------------------------x

*SUMMONS*  *1.25.07*

Index No.: *2293/07*

*Plaintiff designates QUEENS*
County as the place of trial

*The Basis of Venue is:*
Plaintiffs' Residence

*Plaintiffs' Residence:*
118-14 83rd Avenue, Apartment 6L
Kew Gardens, New York 11415

To the above named Defendants:

    You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    NEW YORK, NEW YORK
        January 23, 2007


                      SACKS AND SACKS, LLP


                      By:  KENNETH  SACKS, ESQ.
                      *Attorney(s) for Plaintiff*
                      *Office and Post Office Address*
                      150 Broadway - 4th Floor
                      New York, New York 10038
                      (212) 964-5570

Defendants' Addresses:

**LB 745 LLC**
c/o Corporation Service Company
80 State Street
Albany, New York 12207

**HARRIGAN CONTRACTING INC.**
82 Gavin Street
Yonkers, New York 10701

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------x
YURI BELIK and IRENE BELIK,

                    *Plaintiffs,*

        *-against-*

LB 745 LLC and
HARRIGAN CONTRACTING, INC.,

                    *Defendants.*
------------------------------------------------------------------x

**VERIFIED COMPLAINT**

INDEX NO. *2293/07*

        Plaintiffs, complaining of the defendants, by their attorneys, **SACKS & SACKS, LLP**, respectfully allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, YURI BELIK

        **FIRST**:        That at all times herein mentioned, defendant LB 7456 LLC was and still is a limited liability corporation duly organized and existing under and by virtue of the laws of the State of New York.

        **SECOND**:    That at all times herein mentioned, defendant HARRIGAN CONTRACTING, INC. was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

        **THIRD**:    That at all times herein mentioned, defendant LB 745 LLC was and still is the owner of premises under construction located at 745 Seventh Avenue, in the Borough of Manhattan, City and State of New York.

        **FOURTH**:   That at all times herein mentioned, defendant HARRIGAN CONTRACTING, INC. was in the business of providing general contracting services and was the general contractor at the aforesaid premises.

**FIFTH**:    That at all times herein mentioned, defendant HARRIGAN CONTRACTING, INC. was in the business of providing construction management services and was the construction manager at the aforesaid premises.

**SIXTH**:    That at all times mentioned defendant LB 745 LLC entered into a contract with HARRIGAN CONTRACTING, INC. for HARRIGAN CONTRACTING, INC. to act as general contractor and/or construction manager at the aforesaid premises.

**SEVENTH**:  That at all times mentioned defendant LB 745 LLC INC. entered into a contract with HARRIGAN CONTRACTING, INC. for HARRIGAN CONTRACTING, INC. to act as general contractor and/or construction manager at the aforesaid premises.

**EIGHTH**:    That at all times mentioned defendant LB 745 LLC entered into a contract with IBM INDUSTRIES for IBM INDUSTRIES to perform work, labor and services at the aforesaid premises.

**NINTH**:    That at all times mentioned defendant HARRIGAN CONTRACTING, INC. entered into a contract with IBM INDUSTRIES for IBM INDUSTRIES to perform work, labor and services at the aforesaid premises.

**TENTH**:    That on the 27th day of December 2006 while plaintiff YURI BELIK was lawfully upon the aforesaid premises as an employee of the aforesaid IBM INDUSTRIES she was caused to sustain serious and severe injuries.

**ELEVENTH**:    The occurrence of the aforesaid was caused solely and wholly by reason of the negligence, carelessness and recklessness of the defendants, their agents, contractors, and employees who were negligent in the ownership, operation, management and control of the aforesaid premises;   while plaintiff was lawfully performing his duties he was caused to sustain serious and severe injuries;   defendants failed to provide plaintiff with a ladder that was properly constructed placed, operated and maintained;   further while plaintiff was performing elevated work

the ladder he was provided with collapsed, gave way and otherwise failed to perform its function to keep the plaintiff upright causing him to sustain serious and severe injuries; further failed to ensure that ladders were secured against slippage or collapse; further failed to have a co-worker man said ladder; further allowed the pouring around the ladder to be strewn with dirt, debris, slippery glue and other refuse causing dangerous and hazardous conditions; further failed to ensure to ensure the job site was free of dirt, debris and other refuse causing dangerous and hazardous conditions; further failed to provide safety belts, lifelines, safety nets and other safety devices that could fall from an elevated work site; further failed to provide scaffolding that was properly constructed, placed, operated and maintained; further violated Sections 200, 240 and 241(6) of the Labor Law of the State of New York, Rule 23 of the Industrial Code of the State of New York specifically, but not limited to 23-1.5, 23-1.7; 23-1.15, 23-1.16, 23-1.21, 23-5, 23-6, and Article 1926 of O.S.H.A. and was otherwise generally negligent, careless and reckless, causing plaintiff to sustain serious and severe injuries.

**TWELFTH**:  Plaintiff was free from comparative fault.

**THIRTEENTH**:    As a result of the aforesaid occurrence plaintiff was rendered sick, sore, lame and disabled, was confined to bed and home for a long period of time; was caused to expend large sums of money for medical aid and attention and has been prevented from attending his usual occupation and/or avocation for a long period of time.

**FOURTEENTH**:    The monetary damages sustained by plaintiff exceed the jurisdictional limitations of all lower courts which would otherwise have had jurisdiction.

**WHEREFORE**, the plaintiff demands judgment against the defendants for conscious pain and suffering, loss of enjoyment of life, medical expenses, past and future, lost wages and union benefits, past and future, and all other recoverable items under New York State law.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF
## OF PLAINTIFF, IRENE BELIK

**FIFTEENTH**:        Plaintiff, IRENE BELIK, repeats, reiterates and realleges each and every allegation contained in Paragraphs "FIRST" through "FOURTEENTH", with the same force and effect as if herein fully set forth at length.

**SIXTEENTH**:        That at all times hereinafter mentioned, plaintiff, IRENE BELIK, is the wife of plaintiff, and resides with him.

**SEVENTEENTH**:    By reason of the occurrence as aforesaid and the injuries sustained by the plaintiff, YURI BELIK, the plaintiff, IRENE BELIK, lost the support, services, love, companionship, affection, society, sexual relations, solace of her husband, the plaintiff, and her happiness in his society has been impaired.

**EIGHTEENTH**:    The amount of damages sought by plaintiff, IRENE BELIK, exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff, IRENE BELIK, demands relief against the defendants herein.

SACKS AND SACKS, LLP
Attorneys for Plaintiff(s)
Office & P.O. Address:
150 Broadway - 4th Floor
New York, New York 10038
(212)964-5570

## ATTORNEY'S VERIFICATION BY AFFIRMATION

I, **KENNETH SACKS**, am an attorney duly admitted to practice in the courts of New York State, and say that: I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff(s), I have read the annexed **SUMMONS AND VERIFIED COMPLAINT** know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: facts, investigations and pertinent data contained in deponent's file.

The reason I make this affirmation instead of plaintiff is because plaintiff(s) reside in a County other than where deponent maintains his office.

Dated:          New York, New York
                January 23, 2007

                                                    KENNETH SACKS, ESQ.

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------x **SUPPLEMENTAL SUMMONS**

YURI BELIK and IRENE BELIK,

                      Plaintiffs,

*Index No.: 02293/07*

*Plaintiff designates QUEENS*
County as the place of trial

      -against-

*The Basis of Venue is:*
Plaintiffs' Residence

LB 745 LLC, HARRIGAN CONTRACTING, INC.,
and HENEGAN CONSTRUCTION CO., INC.,

*Plaintiffs' Residence:*
118-14 83rd Avenue, Apartment 6L

                   Defendants.

------------------------------------------------------------------x Kew Gardens, New York 11415

To the above named Defendants:

    You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    NEW YORK, NEW YORK
           February 8, 2008

                                SACKS AND SACKS, LLP

                                By: KENNETH SACKS, ESQ.
                                *Attorney(s) for Plaintiff*
                                *Office and Post Office Address*
                                150 Broadway - 4th Floor
                                New York, New York 10038
                                (212) 964-5570

Defendants' Addresses:

**LB 745 LLC**
c/o Corporation Service Company
80 State Street
Albany, New York 12207

**HENEGAN CONSTRUCTION CO., INC.**
250 West 30th Street
New York, New York 10001

**HARRIGAN CONTRACTING INC.**
82 Gavin Street
Yonkers, New York 10701

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------x

YURI BELIK and IRENE BELIK,

|  |  |
|---|---|
| Plaintiffs, | **AMENDED VERIFIED COMPLAINT** |
| -against- | Index No.: 02293/07 |

LB 745 LLC, HARRIGAN CONTRACTING, INC.
and HENEGAN CONSTRUCTION CO., INC.,

Defendants.

-------------------------------------------------------------------x

Plaintiffs, complaining of the defendants, by their attorneys, **SACKS & SACKS, LLP**, respectfully allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, YURI BELIK

**FIRST**:   That at all times herein mentioned, defendant LB 7456 LLC was and still is a limited liability corporation duly organized and existing under and by virtue of the laws of the State of New York.

**SECOND**: That at all times herein mentioned, defendant HENEGAN CONSTRUCTION CO., INC. was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

**THIRD**:  That at all times herein mentioned, defendant LB 745 LLC was and still is the owner of premises under construction located at 745 Seventh Avenue, in the Borough of Manhattan, City and State of New York.

**FOURTH**: That at all times herein mentioned, defendant HENEGAN CONSTRUCTION CO., INC. was in the business of providing general contracting services and was the general contractor at the aforesaid premises.

**FIFTH**:          That at all times herein mentioned, defendant HENEGAN CONSTRUCTION CO., INC. was in the business of providing construction management services and was the construction manager at the aforesaid premises.

**SIXTH**:          That at all times mentioned defendant LB 745 LLC entered into a contract with HENEGAN CONSTRUCTION CO., INC. for HENEGAN CONSTRUCTION CO., INC. to act as general contractor and/or construction manager at the aforesaid premises.

**SEVENTH**:  That at all times mentioned defendant LB 745 LLC INC. entered into a contract with HENEGAN CONSTRUCTION CO., INC. for HENEGAN CONSTRUCTION CO., INC. to act as general contractor and/or construction manager at the aforesaid premises.

**EIGHTH**:      That at all times mentioned defendant LB 745 LLC entered into a contract with IBM INDUSTRIES for IBM INDUSTRIES to perform work, labor and services at the aforesaid premises.

**NINTH**:          That at all times mentioned defendant HENEGAN CONSTRUCTION CO., INC. entered into a contract with IBM INDUSTRIES for IBM INDUSTRIES to perform work, labor and services at the aforesaid premises.

**TENTH**:          That on the 27th day of December 2006 while plaintiff YURI BELIK was lawfully upon the aforesaid premises as an employee of the aforesaid IBM INDUSTRIES she was caused to sustain serious and severe injuries.

**ELEVENTH**:      The occurrence of the aforesaid was caused solely and wholly by reason of the negligence, carelessness and recklessness of the defendants, their agents, contractors, and employees who were negligent in the ownership, operation, management and control of the aforesaid premises;    while plaintiff was lawfully performing his duties he was caused to sustain serious and severe injuries;  defendants failed to provide plaintiff with a ladder

that was properly constructed placed, operated and maintained; further while plaintiff was performing elevated work the ladder he was provided with collapsed, gave way and otherwise failed to perform its function to keep the plaintiff upright causing him to sustain serious and severe injuries; further failed to ensure that ladders were secured against slippage or collapse; further failed to have a co-worker man said ladder; further allowed the pouring around the ladder to be strewn with dirt, debris, slippery glue and other refuse causing dangerous and hazardous conditions; further failed to ensure to ensure the job site was free of dirt, debris and other refuse causing dangerous and hazardous conditions; further failed to provide safety belts, lifelines, safety nets and other safety devices that could fall from an elevated work site; further failed to provide scaffolding that was properly constructed, placed, operated and maintained; further violated Sections 200, 240 and 241(6) of the Labor Law of the State of New York, Rule 23 of the Industrial Code of the State of New York specifically, but not limited to 23-1.5, 23-1.7; 23-1.15, 23-1.16, 23-1.21, 23-5, 23-6, and Article 1926 of O.S.H.A. and was otherwise generally negligent, careless and reckless, causing plaintiff to sustain serious and severe injuries.

**TWELFTH**: Plaintiff was free from comparative fault.

**THIRTEENTH**: As a result of the aforesaid occurrence plaintiff was rendered sick, sore, lame and disabled, was confined to bed and home for a long period of time; was caused to expend large sums of money for medical aid and attention and has been prevented from attending his usual occupation and/or avocation for a long period of time.

**FOURTEENTH**: The monetary damages sustained by plaintiff exceed the jurisdictional limitations of all lower courts which would otherwise have had jurisdiction.

**WHEREFORE**, the plaintiff demands judgment against the defendants for conscious pain and suffering, loss of enjoyment of life, medical expenses, past and future, lost wages and union benefits, past and future, and all other recoverable items under New York State law.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, IRENE BELIK

**FIFTEENTH**:    Plaintiff, IRENE BELIK, repeats, reiterates and realleges each and every allegation contained in Paragraphs "FIRST" through "FOURTEENTH", with the same force and effect as if herein fully set forth at length.

**SIXTEENTH**:    That at all times hereinafter mentioned, plaintiff, IRENE BELIK, is the wife of plaintiff, and resides with him.

**SEVENTEENTH**:    By reason of the occurrence as aforesaid and the injuries sustained by the plaintiff, YURI BELIK, the plaintiff, IRENE BELIK, lost the support, services, love, companionship, affection, society, sexual relations, solace of her husband, the plaintiff, and her happiness in his society has been impaired.

**EIGHTEENTH**:    The amount of damages sought by plaintiff, IRENE BELIK, exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff, IRENE BELIK, demands relief against the defendants herein.

**SACKS AND SACKS, LLP**
Attorneys for Plaintiff(s)
Office & P.O. Address:
150 Broadway - 4th Floor
New York, New York 10038
(212)964-5570

## ATTORNEY'S VERIFICATION BY AFFIRMATION

I, **KENNETH SACKS**, am an attorney duly admitted to practice in the courts of New York State, and say that: I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff(s), I have read the annexed **SUMMONS AND VERIFIED COMPLAINT** know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: facts, investigations and pertinent data contained in deponent's file.

The reason I make this affirmation instead of plaintiff is because plaintiff(s) reside in a County other than where deponent maintains his office.

Dated:          New York, New York
                February 8, 2008

                                        KENNETH SACKS, ESQ.