B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                             Case No. 08-13555

## OMNIBUS TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Citigroup Financial Products Inc. | Citigroup Global Markets Europe Ltd and Citibank Belgium S.A., in its capacity as authorized agent for Transferors |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Citigroup Financial Products Inc.
390 Greenwich Street, 4th floor
New York, New York 10013
Attn: Brian Broyles
Phone: 212-723-1058

Court Claim # (if known): See attached
Amount of Claims: See attached Schedule 1
Date Claim Filed: See attached Schedule 1

Phone:
Last Four Digits of Acct #: _____

With a copy to:

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
Attn: Douglas R. Davis
Phone: 212-373-3000
Email: ddavis@paulweiss.com

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____  Date: _____
    Transferee/Transferee's Agent

BRIAN BLESSING
AUTHORIZED SIGNATORY

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 & 3571.

OMNIBUS AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

WHEREAS, **each individual listed on Schedule 1 attached hereto** (each individually and not jointly, "Seller") was the owner of the Purchased Securities (defined below) as of the date of the filing of the related Proof of Claim (defined below);

WHEREAS, prior to the date hereof, Seller sold, transferred and assigned to **Citigroup Global Markets Europe Limited** ("Securities Holder"), and Securities Holder purchased, the Purchased Securities;

WHEREAS, Seller desires to sell, transfer and assign to **Citigroup Financial Products Inc.** ("Purchaser"), and Purchaser desires to purchase, the Transferred Claims (defined below);

WHEREAS, Agent desires to sell, transfer and assign to Purchaser, and Purchaser desires to purchase, the Purchased Securities; and

WHEREAS, **Citibank Belgium S.A.** ("Agent") is the duly appointed and authorized agent for Seller with respect to the execution of and performance of Seller's obligations under this Omnibus Agreement and Evidence of Transfer of Claim;

NOW, THEREFORE, the parties hereto hereby agree as follows:

1.    (a)    For value received, the adequacy and sufficiency of which are hereby acknowledged, Seller, by and through Agent in its capacity as Seller's agent, hereby unconditionally and irrevocably sells, transfers and assigns to Purchaser, and Purchaser hereby agrees to purchase, as of the date hereof, (i) an undivided interest, to the extent of the principal amount specified opposite Seller's name in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the Proof of Claim filed by or on behalf of Seller having the claim number specified opposite Seller's name in Schedule 1 attached hereto (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (ii) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (A) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (B) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (C) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (D) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and (iii) any and all proceeds of any of the foregoing (collectively, as described in clauses (i), (ii), and (iii), the "Transferred Claims").

(b)    For value received, the adequacy and sufficiency of which are hereby acknowledged, Securities Holder hereby unconditionally and irrevocably sells, transfers and assigns to Purchaser, and Purchaser hereby agrees to purchase, as of the date hereof, the security or securities (any such security or securities, a "Purchased Security" or the "Purchased Securities") relating to the Purchased Claim and specified in Schedule 2 attached hereto.

2.    (a)    Seller hereby represents and warrants to Purchaser that: (i) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (ii) the Proof of

Doc# US1:2910100v6

Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (iii) Agent is Seller's authorized agent with respect to the transfer of the Proof of Claim; (iv) Seller has authorized and empowered Agent to execute and perform each of Seller's obligations under this Omnibus Agreement and Evidence of Transfer of Claim; (v) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (vi) prior to the date hereof, Seller unconditionally and irrevocably sold, transferred and assigned the Purchased Securities to Agent for good and valuable consideration; (vii) Seller is duly authorized and empowered to execute and perform its obligations under this Omnibus Agreement and Evidence of Transfer of Claim; (viii) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (ix) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

(b) Securities Holder hereby represents and warrants to Purchaser that: (i) Securities Holder owns and has good and marketable title to the Purchased Securities, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by or against Security Holder or Seller; (ii) prior to the date hereof, Securities Holder purchased the Purchased Securities from Seller for good and valuable consideration; (iii) Securities Holder is duly authorized and empowered to execute and perform its obligations under this Omnibus Agreement and Evidence of Transfer of Claim; (iv) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (v) Securities Holder has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (vi) as of the date of this Omnibus Agreement and Evidence of Transfer of Claim, the Purchased Securities have not been accelerated.

(c) Agent hereby represents and warrants to Purchaser that: (i) Agent is Seller's authorized agent with respect to the transfer of the Proof of Claim; (ii) Agent is duly authorized and empowered by Seller to execute and perform each of Seller's obligations under this Omnibus Agreement and Evidence of Transfer of Claim; and (iii) Agent is duly authorized and empowered to execute and perform its obligations under this Omnibus Agreement and Evidence of Transfer of Claim.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Omnibus Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Omnibus Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller or Securities Holder. Each of Seller, Securities Holder and Agent, severally, not jointly, hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's, Securities Holder's or Agent's breach of its representations and warranties made herein, as applicable.

5. Seller and Securities Holder shall promptly (but in any event no later than three (3) business days) remit, or cause to be remitted, any payments, distributions or proceeds received by Seller or Securities Holder in respect of the Transferred Claims or Purchased Securities to Purchaser. Securities Holder has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via

Doc# US1:8710100v6

Euroclear or Clearstream (or similar transfer method, or via another settlement method agreeable to both Purchaser and Seller), as Purchaser may designate in writing to Securities Holder. This Omnibus Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller, Securities Holder and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Omnibus Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's, Securities Holder's, Agent's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller, Securities Holder, Agent and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8. It is understood and agreed by the parties that for ease of administration, this single Omnibus Agreement and Evidence of Transfer of Claim shall be treated as if it were a separate agreement with respect to each Seller listed on Schedule 1 attached hereto, Securities Holder, Agent and Purchaser, as if a separate agreement had been executed by each such Seller, Securities Holder, Agent and Purchaser in order to effect the transfer of the Transferred Claim held by such Seller and the Purchased Security underlying such Transferred Claim.

[Signature Page Follows]

IN WITNESS WHEREOF, this OMNIBUS AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of _____ 2010.

**CITIBANK BELGIUM S.A.** in its capacity as authorized agent for and on behalf of each individual listed on <u>Schedule 1</u> attached hereto, as Seller

By: *[signature]*
Name: Toby Herbots
Title: Senior Counsel

**CITIBANK BELGIUM S.A.**, in its own capacity, solely with respect to the representations in Section 2(c)

By: *[signature]*
Name: Toby Herbots
Title: Senior Counsel

Bld. Général Jacques 263g
1050 Brussels, Belgium

**CITIGROUP GLOBAL MARKETS EUROPE LIMITED**, as Securities Holder

By: _____
Name:
Title:

[Address]

**CITIGROUP FINANCIAL PRODUCTS INC.**, as Purchaser

By: *[signature]*
Name: Rohit Bansal
Title: Managing Director

390 Greenwich Street, 4th floor
New York, New York 10013

Doc#: US1:5910100v6

Schedule 1

## Purchased Claims

[See attached]

| Seller | Proof of Claim Number | Purchased Claim (USD) |
|---|---|---:|
| ABRATH EDWIG | 59998 | 70,755.00 |
| ARS GABRIEL | 60077 | 69,339.90 |
| BAUDRUX MICHELINE | 59981 | 70,755.00 |
| BERCKVENS NICOLE | 59935 | 86,321.10 |
| BERTJENS ANTONETTA | 60163 | 69,339.90 |
| BERTRAND CHRISTIAN | 59894 | 99,057.00 |
| BES HIPPOLIET | 60143 | 99,057.00 |
| BONNIER BENOITE | 60211 | 84,906.00 |
| BRIOLO CHRISTIAN | 60069 | 127,359.00 |
| BROSSARD NICOLE | 59916 | 141,510.00 |
| BYNENS JOANNA | 60070 | 79,245.60 |
| CARNOL IVAN | 59995 | 89,151.30 |
| CASTELLANO ANGELE | 59908 | 62,264.40 |
| CLAES ANTOON | 60124 | 70,755.00 |
| CLARINVAL ANDRE | 59990 | 70,755.00 |
| CLAUSSE MICHELINE | 60219 | 99,057.00 |
| COGELS ETIENNE | 59914 | 73,585.20 |
| COLLET JEAN-FRANCIS | 59886 | 70,755.00 |
| COMPERNOLLE ROGER | 60155 | 70,755.00 |
| CROES EDDY | 60018 | 70,755.00 |
| DE GREEF CORINE | 60183 | 52,358.70 |
| DE JONGHE ETIENNE | 59971 | 117,453.30 |
| DE KESEL ROXANE | 59957 | 70,755.00 |
| DE KUNST MARIANKA | 60196 | 110,377.80 |
| DE MEYER ROBRECHT | 60043 | 70,755.00 |
| DE POTTER INGRID-GABRIELLE | 60157 | 141,510.00 |
| DE SCHEPPER MARNIX | 60125 | 70,755.00 |
| DE SMET BRIGITTE | 60056 | 84,906.00 |
| DE SMET LUC | 60122 | 70,755.00 |
| DE VOS ANNE | 60180 | 84,906.00 |
| DEMARTEAU COLETTE | 60076 | 84,906.00 |
| DEPONDT JOS | 59950 | 70,755.00 |
| DERDELINCKX LUC | 60151 | 138,679.80 |
| DESMET-DE BRAUWER ANTONIUS EN MARIE-JOANNA | 60208 | 56,604.00 |
| DESPLENTERE GREGORY | 60073 | 84,906.00 |
| DESPONTIN KARINE | 59944 | 70,755.00 |
| DIRICKX STEFAN | 60017 | 70,755.00 |
| DOZOT BERNARD | 59978 | 107,547.60 |
| DRIESSEN LUDOVIC BENOIT | 59898 | 70,755.00 |
| DZEPRAILIDIS IOANIS | 59921 | 113,208.00 |
| ENGELEN HARRY | 60190 | 141,510.00 |
| ENTBROUKX ARLETTE | 59900 | 174,057.30 |
| EVENS LUDO | 59975 | 70,755.00 |
| FIEVET ANDRE | 48680 | 146,713.20 |
| FILIPPELLI ROBERTO | 60149 | 49,528.50 |
| FRESON-HOUBEN JAN & BETTY | 59974 | 63,679.50 |
| GILLE MARC | 60153 | 113,208.00 |
| GOETHUYS IRENE | 60015 | 96,226.80 |
| GYLES EDWIN | 60053 | 107,547.60 |

| Seller | Proof of Claim Number | Purchased Claim (USD) |
|---|---|---:|
| HESBEEN ROGER | 60142 | 141,510.00 |
| HEUSCH PAULETTE | 59909 | 141,510.00 |
| HOUBEN ALBERT | 59967 | 77,831.00 |
| HOUBEN MARIA | 59964 | 70,755.00 |
| JACOBS-VANDERHOUDELINGEN VALERE EN RITA | 60007 | 103,302.30 |
| JADIN MICHEL | 60186 | 70,755.00 |
| KINDERMANS ELISE | 60214 | 70,755.00 |
| KOETTLITZ CLAUDIE | 59966 | 127,359.00 |
| KONINGS RENE | 59925 | 70,755.00 |
| LAMBERT ERIKA | 59992 | 70,755.00 |
| LAMBORELLE PASCAL | 59888 | 106,132.50 |
| LAUWERS KARIN | 60058 | 212,265.00 |
| LAUWERS STIJN | 60160 | 1,344,345.00 |
| LECOMTE BEATRICE | 60081 | 169,812.00 |
| LEENDERS LEOPOLD | 59994 | 339,624.00 |
| LEGROS GEORGES | 59942 | 141,510.00 |
| LEMMENS FRANS | 60016 | 226,416.00 |
| LEYS THERESE | 59976 | 50,943.60 |
| LILIEN DAVID | 59906 | 99,057.00 |
| LOUIS SOLANGE | 60019 | 107,547.60 |
| LUX YVETTE | 60013 | 70,755.00 |
| MAES DANIEL | 60220 | 70,755.00 |
| MAES FEMKE | 59893 | 70,755.00 |
| MARTIN RENE | 59972 | 53,773.80 |
| MASSIGNAN MARIE-CHRISTINE | 60059 | 106,132.50 |
| MATEO MARTIN / ROBLES RODRIGUES SYLVIA-ALFONSO | 59946 | 96,226.80 |
| MERTENS JOZEF | 59949 | 70,755.00 |
| MESTDAG STEFAAN | 59853 | 49,528.50 |
| MOMMAERTS CLAUDINE | 60199 | 63,679.50 |
| NEUVILLE MICHELE | 60176 | 84,906.00 |
| NULENS-NIESTEN AGNES | 59855 | 89,151.30 |
| OLBRECHTS CORINNE | 60184 | 56,604.00 |
| OLIVIER LAURENCE | 59927 | 141,510.00 |
| PIASECKI-CLAES FRANCOIS-LILIANE | 59952 | 70,755.00 |
| PIROTTE OLIVIER | 59922 | 342,454.20 |
| PITTOORS ROLAND | 59954 | 70,755.00 |
| POORTEMAN KATIA | 60178 | 56,604.00 |
| PRESA PASCAL | 59953 | 56,604.00 |
| RENDERS-MARTENS ERIC-MYRIAM | 60212 | 70,755.00 |
| ROMARIN JEANINE | 60215 | 99,057.00 |
| ROOSENBROECK EDDY | 60063 | 84,906.00 |
| ROX RAYMOND | 59924 | 72,170.10 |
| RUBENS YVES | 59933 | 70,755.00 |
| SAINT HONORE MATHILDE | 60051 | 56,604.00 |
| SALMONT-STRUYVEN RAYMOND & MARIE-THERESE | 60148 | 77,830.50 |
| SANTY NANCY | 60065 | 56,604.00 |
| SAUER VINCIANNE | 60191 | 75,000.30 |

5913666v1                                                                     2

| Seller | Proof of Claim Number | Purchased Claim (USD) |
|---|---|---|
| SCHEERDER JACOBUS | 59928 | 56,604.00 |
| SOLBREUX GUILLAUME | 59945 | 121,698.60 |
| STAS PATRICK | 59934 | 63,679.50 |
| STEMBERT JEAN - PIERRE | 59913 | 70,755.00 |
| STROEYKENS DOMINIQUE | 59923 | 169,812.00 |
| SULLAM ROBIN (SIRDEFIELD SHIRLEY MAY) | 59982 | 70,755.00 |
| SULMON MARIE | 60080 | 76,415.40 |
| SWIGGERS FRANS | 60165 | 70,755.00 |
| SZABO CHRISTIANE | 59983 | 70,755.00 |
| TABET LAURENT | 59993 | 121,698.60 |
| TEMMERMAN GEORGETTE | 60048 | 59,434.20 |
| THONES ALFONS | 60139 | 99,057.00 |
| TRAPPENIERS JEAN FRANCOIS | 60154 | 70,755.00 |
| VAN DEN ABEELE MICHEL | 59970 | 70,755.00 |
| VAN DEN HEUVEL LUCIENNE | 60152 | 70,755.00 |
| VAN MAELE ERIC | 59926 | 99,057.00 |
| VAN SANT VICKY | 60020 | 77,830.50 |
| VAN SPEYBROECK EVELIEN | 60071 | 70,755.00 |
| VANDECASTEELE-DEBLAERE HUGO | 59920 | 70,755.00 |
| VANDERHAEGEN ROBRECHT | 59857 | 70,755.00 |
| VANKEIRSBILCK EDDY | 59858 | 70,755.00 |
| VERBEKE DIETER | 60162 | 84,906.00 |
| VERHOEVEN PETER | 60002 | 141,510.00 |
| VERHULST JAN | 59936 | 52,358.70 |
| VERMEYLEN JOZ | 60159 | 56,604.00 |
| VRIESACKER MARC | 59947 | 99,057.00 |
| WAUTERS FRANCIS | 60006 | 70,755.00 |
| WYNENDAELE TOM | 60121 | 56,604.00 |
| ZANKER SUSANNE | 59902 | 49,528.50 |