# United States Bankruptcy Court
## Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>    Case No. <u>08-13555 (JMP) (Jointly Administered)</u>

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claims referenced in this evidence and notice.

| Credit Suisse Loan Funding LLC | Strategic Value Special Situations Master Fund, L.P. |
|---|---|
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent: | Court Claim No.: 44616 |
| | Amount of Claim Transferred: |
| Credit Suisse Loan Funding LLC<br>Eleven Madison Avenue, 5th Floor<br>New York, New York 10010<br>Attn: Douglas DiBella<br>Tel: 917-284-6071<br>Fax: 845-213-2022 | $3,765,948.46 with respect to ISIN XS0292221008 |
| | Date Claim Filed: |
| Last Four Digits of Acct. #: _____ | Phone:<br>Last Four Digits of Acct. #: _____ |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**CREDIT SUISSE LOAN FUNDING LCC**

By: _____    Date: _____August 22, 2013_____
    Transferee/Transferee's Agent
    Douglas DiBella
    Authorized Signatory

By: _____    Date: _____August 22, 2013_____
    Transferee/Transferee's Agent
    Ronald Gotz
    Authorized Signatory

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

038-17996/COURT/3919620.1

# United States Bankruptcy Court
# Southern District of New York

In re: Lehman Brothers Holdings, Inc. et al.    Case No. 08-13555 (JMP) (Jointly Administered)

## PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM NO. 44616 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the partial transfer of the claims, the transferee filed a Partial Transfer of Claims other than for Security in the Clerk's office of this court on                    .

| Strategic Value Special Situations Master Fund, L.P.<br><br>Name of Alleged Transferor<br><br>Address of Alleged Transferor:<br><br>Strategic Value Special Situations Master Fund, L.P.<br>c/o Strategic Value Partners, LLC<br>100 West Putnam Avenue<br>Greenwich, CT 06830 | Credit Suisse Loan Funding LLC<br><br>Name of Transferee<br><br>Address of Transferee:<br><br>Credit Suisse Loan Funding LLC<br>Eleven Madison Avenue, 5th Floor<br>New York, New York 10010<br>Attn: Douglas DiBella<br>Tel: 917-284-6071<br>Fax: 845-213-2022 |
|---|---|
|  |  |

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
|---|

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.


Date: _____                              _____
                                                                                                    CLERK OF THE COURT

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **STRATEGIC VALUE SPECIAL SITUATIONS MASTER FUND, L.P.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **CREDIT SUISSE LOAN FUNDING LLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 44616 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.  For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.      Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that with respect to the Transferred Claim, will give rise to an setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) the Notice of Proposed Allowed Claim Amount ("Notice") for the Proof of Claim provided by Seller to Purchaser is a true and correct copy of the Notice received by Seller, no action was undertaken by Seller with respect to the Notice, and as of the date hereof, Seller has not received any revised Notice; (h) pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, Seller received distributions on account of the Purchased Claim on or about April 17, 2012 (the "Initial Distribution"), October 1, 2012 (the "Second Distribution"), and April 4, 2013 (the "Third Distribution") in the amounts specified on Schedule 1 attached hereto; (i) Seller received a distribution on or about May 8, 2013 in the amount specified on Schedule 1 attached hereto from Lehman Brothers Treasury Co. B.V., with respect to the Purchased Security (the "LBT Distribution", and, together with the Initial Distribution, the Second Distribution and the Third Distribution, the "Distributions"); and (k) other than the Distributions, Seller has not received any payments or distributions, whether

785846v.3 9999/00999

directly or indirectly, on account of the Transferred Claims.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller after the date of this Agreement and Evidence of Transfer of Claim in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

785846v.3 9999/00999

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 22 day of August 2013.

| | |
|---|---|
| **STRATEGIC VALUE SPECIAL SITUATIONS MASTER FUND, L.P.**<br>By SVP Special Situations, LLC<br>Its Investment Manager<br><br>By: _____<br>Name: Lewis Schwartz<br>Title: Chief Financial Officer<br><br>C/O Strategic Value Partners, LLC<br>100 West Putnam Avenue Greenwich, CT 06830<br>USA | **CREDIT SUISSE LOAN FUNDING LLC**<br><br>By: _____<br>Name: Douglas DiBella<br>Title: Authorized Signatory<br><br>By: _____<br>Name: Ronald Gotz<br>Title: Authorized Signatory<br><br>Address: 11 Madison Avenue,<br>New York, NY 10010<br>Attention: Douglas DiBella<br>Telephone: (917) 284-6071<br>Facsimile: (845) 213-2022<br>E-mail: douglas.dibella@credit-suisse.com |

785846v.3 9999/00999

Schedule 1

Transferred Claims

Purchased Claim

JPY 400,000,000.00 of ISIN XS0292221008 in the Proof of Claim = USD 3,765,948.46 as allowed by the relevant Notice of Proposed Allowed Claim Amount.

Lehman Programs Securities to which Transfer Relates

| ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount | Initial Distribution | Second Distribution | Third Distribution | LBT Distribution |
|---|---|---|---|---|---|---|---|---|
| XS0292221008 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | JPY 400,000,000.00 | USD 3,765,948.46 | USD 135,921.70 | USD 91,722.65 | USD 115,852.44 | JPY 21,767,778.00 |

Schedule 1–1

785846v.3 9999/00999