**Hearing Date and Time: October 23, 2013, at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: September 26, 2013, at 4:00 p.m. (Prevailing Eastern Time)**

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark
Matthew A. Schwartz

*Attorneys for Giants Stadium LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| Debtors. | : Jointly Administered |

**MOTION OF GIANTS STADIUM LLC FOR**
**AUTHORIZATION TO ISSUE THIRD-PARTY DEPOSITION SUBPOENAS**
**UNDER FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 and 9016**

Giants Stadium LLC ("Giants Stadium"), by its undersigned counsel, hereby moves (the "Motion") under Federal Rules of Bankruptcy Procedure 2004 and 9016 for an order authorizing Giants Stadium to issue subpoenas directing certain third parties who are former employees of Lehman Brothers Special Finance ("LBSF"), Lehman Brothers Holdings, Inc. ("LBHI"; together with "LBSF," "Debtors"), or their affiliates to appear for deposition. In compliance with the Discovery Protocol Agreement (the "Protocol"), which Giants Stadium and

Debtors executed pursuant to the Court's directive at the November 14, 2012 hearing,[1] *see* Schwartz Decl. Exhibit B at 57:25-58, Giants Stadium moves for permission to subpoena David Lo, Robert Taylor, and Sean Teague (collectively, the "Former Employee Deponents").

## INTRODUCTION

1.   Over the past four months, Giants Stadium and Debtors have engaged in mutual discovery concerning Giants Stadium's two proofs of claim ("Claims"). Giants Stadium obtained through this process a number of documents that reveal key weaknesses in Debtors' arguments against allowing the Claims and now seeks to depose certain third parties, all former employees of Debtors or their affiliates, shown by those documents to have first-hand knowledge of key events and information concerning the Claims. The proposed depositions will assist the parties in narrowing the issues on which there is disagreement and promote the efficient and proper resolution of the Claims.

## FACTUAL BACKGROUND[2]

2.   On September 26, 2012, Giants Stadium moved for leave to conduct Rule 2004 discovery of Debtors or, in the alternative, an order directing Debtors to cease their Rule 2004 discovery and simply state their objections to the Claims. (Dkt. No. 31105.) Although Debtors

---

[1]   The Protocol is attached to the Declaration of Matthew A. Schwartz ("Schwartz Decl."), dated August 28, 2013, as Exhibit A.

[2]   Giants Stadium assumes familiarity with the litigation between Debtors and Giants Stadium. A thorough recitation of the factual background is contained in Baupost Group, LLC's Motion to Quash Debtors' Subpoena Issued Under Federal Rule of Bankruptcy Procedure 2004 (Dkt. No. 38941), which is also noticed for hearing before the Court on October 23, 2013.

objected (Dkt. No. 31767), the Court at the November 14, 2012 hearing directed the parties to reach an agreement on discovery protocol. Schwartz Decl., Exhibit B at 57:25-58:7.

3.  On April 1, 2013, Giants Stadium and Debtors executed the Discovery Protocol Agreement. Schwartz Decl., Exhibit A.[3]

   a) With respect to party depositions, the Protocol provides that: "Each side may seek to depose one or more specific individuals with personal knowledge (not more than two individuals in connection with the 2004 process) from either Giants Stadium or Lehman, and will provide notice to the other side of such depositions on or before [August 13, 2013]." Schwartz Decl., Exhibit A ¶ 2.

   b) With respect to third-party depositions, the Protocol provides that: "Each party will make a good faith attempt to identify by [August 13, 2013] any third parties from whom they may seek documents or testimony in the 2004 process. . . . Each party will serve notices and subpoenas on third parties or seek the Bankruptcy Court's permission to do so on or before [September 4, 2013]." Schwartz Decl., Exhibit A ¶ 3. Also Giants Stadium "acknowledge[d] that to the extent it wishes to serve discovery requests on any third party, it must seek permission from the Bankruptcy Court to do so." Schwartz Decl., Exhibit A ¶ 3.

4.  Pursuant to the Protocol, on August 13, 2013, Giants Stadium sent Debtors a letter ("August 13 Letter") identifying certain individuals that Giants Stadium seeks to depose, including each of the Former Employee Deponents. Schwartz Decl., Exhibit C.

---

[3] The parties subsequently agreed to extend the deadlines in the Protocol on three occasions. Schwartz Decl. ¶ 2. The dates most recently agreed to are set forth in brackets.

5. On August 14, 2013, Debtors sent Giants Stadium a letter stating that they "currently do not intend to take any additional party or third-party depositions in connection with [their] Rule 2004 investigation" and identifying individuals that it may seek to depose in a future litigation or adversary proceeding. Schwartz Decl., Exhibit D.

6. On August 15, 2013, Debtors sent Giants Stadium another letter. Schwartz Decl., Exhibit E. Debtors identified supposed deficiencies in Giants Stadium's August 13 Letter.[4] Schwartz Decl., Exhibit E at 1. Debtors also characterized Giants Stadium's proposed list of deponents as "excessive and unjustified."[5] Schwartz Decl., Exhibit E at 2.

---

[4] Contrary to Debtors' claim, Giants Stadium fully complied with the notice requirements set forth in the Protocol. Under Paragraph 2 of the Protocol, entitled "Party Depositions," Giants Stadium has the right to depose up to two individuals "from . . . Lehman"; under Paragraph 3, entitled "Third-party subpoenas," there is no limit of the number of third-party witnesses that Giants Stadium may depose. Accordingly, it was entirely proper for Giants Stadium to designate more than two individuals who are *former* employees of Debtors, or any affiliated entity, as such individuals are third-party deponents. *See Dale* v. *First Am. Nat'l. Bank*, 395 F. Supp. 2d 451, 456 n. 9 (S.D. Miss. 2005) ("[F]ormer employees are properly considered to be 'non-party' rather than 'party' witnesses; a party has no control over persons with whom it no longer has an employment relation."); *see, e.g.*, *Pecorino* v. *Vutec Corp.*, No. 11 Civ. 6312, 2012 WL 5989918, at *11 (E.D.N.Y. Nov. 30, 2012) (recognizing former employees as non-party witnesses for venue dispute); *LeClair* v. *Napoli Grp., LLC*, No. 10 Civ. 28, 2011 WL 2517228, at *1 (D. Vt. June 23, 2011) (recognizing former employees as non-party witnesses who must be subpoenaed); *In re Connetics Securities Litigation*, No. 06 Civ. 11496, 2007 WL 1522614, at *7 (S.D.N.Y. May 23, 2007) (recognizing former employees as non-party witnesses for venue analysis); *Jewell-Rung Agency, Inc.* v. *Haddad Org., Ltd.*, 814 F. Supp. 337, 343 (S.D.N.Y. 1993) (recognizing former employees as non-party witnesses in discovery dispute).

[5] Debtors' concern is unfounded. The August 13 Letter reflects the individuals that Giants Stadium *might* depose. The length of Giants Stadium's list was necessary because, even with the Court's permission to issue a subpoena, Giants Stadium cannot take a deposition unless it can, among other things, serve the third party and schedule an agreeable time and location. Moreover, these are depositions of former employees and thus will impose no undue burden on Debtors. Giants Stadium will incur the expense to take them, and Debtors are not required to participate (but may do so if they choose).

7.  On August 23, 2013, the parties agreed to a briefing schedule for this Motion. Schwartz Decl. ¶ 2.

8.  In compliance with the Protocol, Giants Stadium now moves for permission to serve notices and subpoenas on the Former Employee Deponents.[6]

## JURISDICTION AND VENUE

9.  The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested in this Motion is Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure.

## RELIEF REQUESTED

10.  Giants Stadium requests the entry of an order (i) authorizing the issuance of subpoenas directing the Former Employee Deponents to appear for deposition and (ii) granting such other and further relief as the Court deems just and proper.

## ARGUMENT

11.  Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity."  Fed. R. Bankr. P. 2004(a).  The scope of discovery under Rule 2004 relates to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."  Fed. R. Bankr. P. 2004(b).  Under Rule 2004, a moving party is

---

[6] Giants Stadium is contemporaneously filing and serving two notices of deposition of Seth Konheim and Julia Nand, current employees of Debtors' affiliate Legacy Asset Management Company LLC (LAMCO).

entitled to both the examination of a witness and the production of requested documents. Fed. R. Bankr. P. 2004(c).

12. Under Rule 2004, "good cause" for an examination is shown "if the examination is necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." *In re Metiom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y. 2004); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991) (finding creditor had good cause to participate in debtors' Rule 2004 discovery process and noting that "It is not the debtors' . . . function to prevent discovery of a claim, but rather one of their functions as fiduciaries is to see that substantial justice is provided to all estate claimants.").

13. Giants Stadium has good cause under Rule 2004 for seeking to depose each of the Former Employee Deponents. Giants Stadium has identified several individuals (including every individual identified in Giants Stadium's August 13 Letter) who appear to have first-hand knowledge of key events and information concerning the Claims. However, in an effort to preserve resources and maintain a manageable Rule 2004 discovery process, Giants Stadium currently seeks to depose only three third parties (*i.e.*, the Former Employee Deponents), all of whom are former employees of Debtors or their affiliates.[7]

---

[7] Giants Stadium cannot forego depositions as Debtors have chosen to do. Although the Claims have been pending for nearly five years, this is Giants Stadium's first opportunity to obtain important information that may clarify and narrow the issues in dispute, whereas Debtors have already taken the deposition of the most knowledgeable person at Giants Stadium. To this end, Giants Stadium respectfully requests that the Court entertain any subsequent motion for the relief requested herein should Giants Stadium be unable to take the deposition of any Former Employee Deponent or should its Rule 2004 investigation require additional depositions.

14. Giants Stadium has a reasonable basis to believe that the Former Employee Deponents have discoverable information relating to the Claims, including (a) the meaning and effect of certain key contractual provisions, (b) the conduct, decisions, and resignation of the broker-dealer, (c) Debtors' and the market's valuation of the swaps at issue, and (d) the effectiveness of Giants Stadium's efforts to terminate these swaps. Each was both employed at LBSF, LBHI, or an affiliated entity during the relevant time period and had direct involvement in the circumstances and events relevant to the Claims as described below.

a) <u>David Lo</u>. Based on the appearance of his name in documents dated between August 2007 and September 2008, Mr. Lo appears to have knowledge about, *inter alia*, (i) the valuation of the bonds, (ii) the auction process, (iii) the profitability of the swaps, and (iv) the resignation of the broker-dealer.

b) <u>Robert Taylor</u>. Based on the appearance of his name in documents dated between July 2007 and October 2008, Mr. Taylor appears to have knowledge about, *inter alia*, (i) the planning, structure, and negotiation of the swaps at issue, (ii) the valuation of the bonds, (iii) the refinancing efforts, (iv) the termination of the swaps, (v) the market quotation measure required to calculate the termination payment owed to Giants Stadium, and (vi) post-bankruptcy activities.

c) <u>Sean Teague</u>. Based on the appearance of his name in court filings, Mr. Teague appears to have knowledge about, *inter alia*, (i) the auction process, (ii) the valuation of the bonds, and (iii) the risks associated with the swaps.

15. Accordingly, the equities favor Giants Stadium's requested relief and, pursuant to Rules 2004 and 9016, Giants Stadium respectfully requests that the Court enter an order

authorizing the issuance of subpoenas directing the Former Employee Deponents to appear for deposition.

## NO PRIOR REQUEST

16. No prior motion for the relief requested herein has been made to this or any other court.

## WAIVER OF MEMORANDUM OF LAW

17. As there are no novel issues of law relating to the Motion, Giants Stadium requests that the Court waive the requirement that Giants Stadium file a separate memorandum of law in support of the Motion.

## CONCLUSION

18. For the reasons stated herein, Giants Stadium respectfully requests that the Court enter an Order, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure, in the form attached hereto as Exhibit A, (i) authorizing the issuance of subpoenas directing the Former Employee Deponents to appear for deposition and (ii) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 28, 2013

Respectfully submitted,

**SULLIVAN & CROMWELL LLP**

By:   /s/
     Bruce E. Clark
     Matthew A. Schwartz
     SULLIVAN & CROMWELL LLP
     125 Broad Street
     New York, New York 10004
     Telephone: (212) 558-4000
     Facsimile: (212) 558-3588

*Attorneys for Giants Stadium LLC*

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**ORDER ON MOTION OF GIANTS STADIUM LLC FOR
AUTHORIZATION TO ISSUE THIRD-PARTY DEPOSITION SUBPOENAS
UNDER FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 and 9016**

Upon the Motion ("Motion") of Giants Stadium LLC ("Giants Stadium") under Federal Rules of Bankruptcy Procedure 2004 and 9016 for an order authorizing the issuance of subpoenas directing third parties David Lo, Robert Taylor, and Sean Teague (collectively, "Former Employee Deponents") to appear for deposition; and due and appropriate notice of the Motion having been given, it is hereby **ORDERED** that:

1. The Motion is GRANTED.

2. Giants Stadium is authorized to issue a subpoena to each of the Former Employee Deponents to appear for deposition in the manner provided in Federal Rule of Bankruptcy Procedure 9016.

Dated: _____, 2013
New York, New York

_____
THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE