# Exhibit B

```
                                                              Page 1

 1   UNITED STATES BANKRUPTCY COURT

 2   SOUTHERN DISTRICT OF NEW YORK

 3

 4   - - - - - - - - - - - - - - - - - - -x

 5   In the Matter of:

 6   LEHMAN BROTHERS HOLDINGS, INC.,           CAUSE NO.

 7   et al,                                    08-13555(JMP)

 8            Debtors.

 9   - - - - - - - - - - - - - - - - - - -x

10   In re

11   LEHMAN BROTHERS, INC.,                    CAUSE NO.

12            Debtor.                          08-01420(JMP)(SIPA)

13   - - - - - - - - - - - - - - - - - - -x

14

15                    U.S. Bankruptcy Court

16                    One Bowling Green

17                    New York, New York

18

19                    November 14, 2012

20                    10:02 AM

21

22   B E F O R E:

23   HON. JAMES M. PECK

24   U.S. BANKRUPTCY JUDGE

25   ECRO:  MATTHEW
```

                                                                                   Page 2

1    HEARING re Notice of Final Applications of Retained

2    Professionals for Final Allowance and Approval of

3    Compensation for Professional Services Rendered and

4    Reimbursement of Actual and Necessary Expenses Incurred from

5    September 15, 2008 to March 6, 2012 (ECF Nos. 31901)

6

7    HEARING re Plan Administrator's Cross-Motion to Compel

8    Giants Stadium LLC to comply with Rule 2004 Subpoenas and

9    Objection to Giants Stadium's Motion to Quash the Rule 2004

10   Subpoenas (ECF No. 31652)

11

12   HEARING re Motion to Quash a Subpoena filed by Bruce E.

13   Clark on behalf of Giants Stadium LLC (ECF No. 31339)

14

15   HEARING re Amended Motion of Giants Stadium LLC for Leave to

16   Conduct Discovery of the Debtors Pursuant to Federal Rule of

17   Bankruptcy Procedure 2004 (ECF No. 31105)

18

19   SIPA PROCEDURES

20   HEARING re Motion Pursuant to Federal Rule of Bankruptcy

21   Procedure 9019 for Entry of an Order Approving Settlement

22   Agreement Between the Trustee and Lehman Brothers Finance

23   AG, in Liquidation (a/k/a Lehman Brothers Finance SA, in

24   Liquidation)(LBI ECF No. 5362)

25

                                                                    Page 3

 1    HEARING re Trustee's Motion Pursuant to Section 105(a) of

 2    the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b)

 3    for Approval of General Creditor Claim (I) Objections

 4    Procedures and (II) Settlement Procedures (LBI ECF No. 5392)

 5

 6    HEARING re Debtor's Three Hundred Fifty-Seventh Omnibus

 7    Objection to Claims (Misclassified Claims (ECF No. 31048)

 8

 9    HEARING re Objection to Claim No. 17763 Filed by Laurel Cove

10    Development, LLC (ECF No. 29187)

11

12    HEARING re Three Hundred Twentieth Omnibus Objection to

13    Claims (No Liability Rose Ranch LLC Claims)(ECF No. 29292)

14

15    HEARING re Debtor's Three Hundred Twenty-Ninth Omnibus

16    Objection to Claims (Misclassified Claims)(ECF No. 29324)

17

18    HEARING re Motion for an Order Pursuant to Section 105(a) of

19    the Bankruptcy Code and Bankruptcy Rule 9019, Authorizing

20    and Approving the Settlement with Lehman Brothers, Inc. (ECF

21    No. 43)

22

23    HEARING re Turnberry Centra Sub, LLC et al v Lehman Brothers

24    Holdings, Inc., et al (Adversary Case No. 09-01062)

25    Transcribed by:  Sheila Orms and William Garling

Page 4

```
 1   A P P E A R A N C E S :

 2

 3   WEIL, GOTSHAL & MANGES LLP

 4        Attorneys for Lehman Brothers Holdings, Inc.

 5        767 Fifth Avenue

 6        New York, NY 10153

 7

 8   BY:  RICHARD W. SLACK, ESQ.

 9        JACQUELINE MARCUS, ESQ.

10        KYLE ORTIZ, ESQ.

11        CANDACE ARTHUR, ESQ.

12

13   WEIL, GOTHAL & MANGES LLP

14        Attorneys for Lehman Brothers Holdings, Inc.

15        1395 Brickett Avenue

16        Suite 1200

17        Miami, FL  33131

18

19   BY:  EDWARD R. MCCARTHY, ESQ.

20

21

22

23

24

25
```

Page 5

1  PAUL WEISS RIPKIND WHARTON & GARRISON LLP
2       Attorneys for Houlihan Lokey Howard & Zukin Capital,
3          Inc.
4       1295 Avenue of the Americas
5       New York, NY  10019
6
7  BY:    ALAN W. KORNBERG, ESQ.
8         PHILLIP Q. WEINTRAUB, ESQ.
9
10  LATHAM & WATKINS LLP
11       Attorneys for Ernest & Young LLP
12       53rd at Third, 855 Third Avenue
13       New York, NY  10022
14
15  BY:    MICHAEL RIELA, ESQ.
16
17  CARMODY MACDONALD
18       Attorneys for Alvarez & Marsal
19       120 S. Central Avenue
20       Suite 1800
21       St. Louis, MO  63105-1705
22
23  BY:    GREGORY D. WILLARD, ESQ.
24
25

Page 6

1  HUGHES HUBBARD
2       Attorneys for SIPA Trustee
3       One Battery Park Plaza
4       New York, NY  10004-1482
5
6  BY:   JEFFREY S. MARGOLIN, ESQ.
7        JEFFREY M. GREILSHEIMER, ESQ.
8        MEAGHAN C. GRAGG, ESQ.
9
10 GODFREY KAHN S.C.
11      Attorneys for Fee Committee
12      One East Main Street
13      Suite 500
14      Madison, WI  54701
15
16 BY:   KATHERINE STADLER, ESQ.
17       RICHARD GITLIN, ESQ.
18
19 SULLIVAN & CROMWELL, LLP
20      Attorneys for Giants Stadium
21      125 Broad Street
22      New York, NY  10004
23
24 BY:   THOMAS JOHN WRIGHT, ESQ.
25       BRUCE E. CLARK, ESQ.

Page 7

1  STAGG, TERENZI, CONFUSIONE & WAHNIK, LLP
2       Attorneys for Laurel Cove Development
3       401 Franklin Avenue
4       Suite 300
5       Garden City, NY  11530
6
7  BY:   CARA M. GOLDSTEIN, ESQ.
8
9  DECHERT, LLP
10      Attorneys for ???
11      1095 Avenue of the Americas
12      New York, NY  10036
13
14 BY:   NICOLE B. HERTHER-SPIRO, ESQ.
15
16 GIBSON DUNN
17      Attorneys for Lehman Brothers Finance AO
18      2100 McKinney Avenue
19      Dallas, TX  75201-6912
20
21 BY:   ROBERT B. KRAKOW, ESQ.
22
23
24
25

08-13555-mg    Doc 39298-4    Filed 08/28/13    Entered 08/28/13 15:01:12    Exhibit B to
Schwartz Declaration    Pg 9 of 64

08-13555-jmp    Doc 35766-1    Filed 03/06/13    Entered 03/06/13 16:18:29    Exhibit A
Pg 9 of 15

```
                                                          Page 8

 1   CLEARY GOTTLIEB STEEN & HAMILTON LLP

 2         Attorneys for ???

 3         One Liberty Plaza

 4         New York, NY  10006

 5

 6   BY:   JOSH E. ANDERSON, ESQ.

 7

 8   MEISTER SEELIG & FEIN LLP

 9         Attorneys for ???

10         2 Grand Central Tower

11         140 East 45h Street

12         19th Floor

13         New York, NY  10017

14

15   BY:   STEPHEN B. MEISTER, ESQ.

16

17   UNITED STATES DEPARTMENT OF JUSTICE

18         Attorney for the Office of the United States Trustee

19         76 Chapel Street, Suite 200

20         Albany, NY 12207

21

22   BY:   SUSAN GOLDEN, ESQ. (TELEPHONICALLY)

23

24   OTHERS PRESENT:

25   THERESA CARPENTER, BREGAL INVESTMENTS, INC.
```

Page 9

1  TELEPHONIC APPEARANCES:
2
3  ANASTOLY BUSHLER, FARALLON CAPITAL MANAGEMENT
4  JEFFREY H. DAVIDSON, STUTMAN, TRIESTER & GLATT
5  NICK LANE, WITNESS, WEIL, GOTSHAL & MANGES LLP
6  TRISTA S. LYONS, PRO SE
7  MICHAEL NEUMEISTER, STUTMAN, TREISTER & GLATT
8  MITCHELL SOCKETT, KING STREET CAPITAL MANAGEMENT, LLC
9  KATHERINE A. TRADER, PAUL HASTINGS, LLP
10 JEFFREY H. DAVIDSON, STUTMAN, TREISTER & GLATT
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

08-13555-mg    Doc 39398-4    Filed 08/28/13    Entered 08/28/13 15:01:12    Exhibit B to
Schwartz Declaration    Pg 57 of 64

08-13555-jmp    Doc 35766-1    Filed 03/06/13    Entered 03/06/13 16:18:29    Exhibit A
Pg 11 of 15

Page 56

```
 1   look at the -- I know Your Honor's familiar with all this,
 2   so I'm not going to belabor it, but if you look at the
 3   background, the Cameron case and all the other cases that
 4   dealt with the origins of Rule 2004.  Originally it dealt
 5   with a situation where a receiver came in, wasn't familiar
 6   with the debtor, and had to have an expansive and quick,
 7   quick review of the debtor's assets in order to protect
 8   creditors.  That's what any number of the cases have said.
 9            It is not an excuse to allow a debtor in the
10   circumstances present here to just continue with their
11   investigation because the investigation is preliminary and
12   not final, and it's final because it's preliminary.  That's
13   what they're saying.  It's a little circular, and I think we
14   ought to move on.  Thank you.
15            THE COURT:  Okay.  Well, thank you for your candor
16   in answering the Court's questions and in your
17   presentations.  I don't see this as a typical use of Rule
18   2004.  Nor do I see it as a case that will open the
19   proverbial floodgates of other discovery in part because Mr.
20   Slack in his presentation, candidly observed that at this
21   juncture, more than four years into the Lehman bankruptcy
22   case, his client really doesn't fully understand all
23   elements of claims arising out of this complicated auction
24   rate hedge.
25            And it's apparent that if they could determine now
```

Page 57

1  that they had an affirmative claim, they would assert it.
2  Lehman has not been shy about asserting such claims in the
3  past.  Additionally, it seems fairly obvious that if Lehman
4  had sufficient information available to it that would
5  support not just a shotgun approach objection but a specific
6  and tailored objection to the claim, it would file it.
7           Throughout this case, Lehman has been active in
8  filing and pursuing objections to claims, and in fact, part
9  of this morning's agenda relates to objections to claims.
10 And so I view this as an exceptional case.  And, in fact,
11 that was one of the reasons I asked a number of questions at
12 the outset to determine to what extent the issues that
13 related to this discovery dispute were exceptional and
14 unique, and to what extent this was just another example of
15 a derivatives dispute, this one happening to have the
16 negative gloss of active discovery disputes, as opposed to
17 active negotiations leading to a settlement.
18          I believe a continuing 2004 discovery under the
19 circumstances makes sense, although the fact that this is
20 occurring 14 months after our last discovery dispute is a
21 terribly negative fact.  One conclusion to be drawn from the
22 mere timing of this, is that this dispute is taking too long
23 to resolve, and that despite best efforts, reasonable people
24 are unable to get to yes, and they should.
25          And so I'm going to propose that counsel meet and

1  confer in an effort to develop what I'll call a reciprocal
2  discovery protocol, and it is not necessarily limited to
3  2004.  I believe that one of the things that distinguishes
4  the dispute that I've heard a lot about this morning from
5  other disputes, is that there is no foreseeable outcome here
6  in which Lehman is not objecting, or bringing affirmative
7  claims relief.
8           This is not a situation in which Lehman is engaging
9  in a 2004 process to later shake hands, and say here's the
10 money.  I also believe even though everybody has denied this
11 that the 2004 dance that we're engaged in necessarily has
12 tactical aspects to it.  And so here's what I am directing.
13          Between now and the first of the year, I would like
14 the parties to develop and agreed discovery protocol that
15 will be applicable whether we're dealing with 2004 discovery
16 or claims related discovery.  It would be extraordinarily
17 wasteful for the discovery that's taken in 2004 to be
18 replicated again.  And in the case of Ms. Prokopse, that's
19 already happening.  Enough already.
20          I recognize that the 2004 sword is more properly
21 used by the debtor than by the creditor in this instance.
22 And so discovery from third parties and discovery from Giant
23 Stadium and discovery from Goal Line may be more appropriate
24 than discovery from the debtor.  But that does not mean that
25 some discovery from the debtor is not also to be part of

Page 59

1   this process.

2           One of the mysteries from the perspective of the

3   Court is that this third party discovery and discovery from

4   others is so critical from the debtor's perspective in being

5   able to formulate its own position with respect to the

6   claim.  But I accept the representations made that ongoing

7   2004 discovery is needed in order for the debtor to complete

8   its investigation to use its words.

9           I would ask the parties to report the results of

10  these efforts at the December omnibus hearing.  You don't

11  have to the point of an agreement, in fact, you could be to

12  the point of no agreement.  I'd like to know that, in which

13  case I will then be able to either rule or take this matter

14  under advisement, but I have I think provided sufficient

15  guidance here to suggest that what I consider to be an

16  appropriate result is reasonable discovery going in both

17  directions with the understanding that the need for that

18  discovery is more obviously greater for the debtor.  And

19  this is not an example of gotcha because I am indicating in

20  agreement that continued 2004 discovery is appropriate for

21  the debtor and the debtor's benefit.

22          I'm also noting the time's up in effect.  This has

23  to come to a conclusion.  And I don't expect there to be

24  another discovery dispute between the parties until there's

25  active litigation between you.  And I hope that doesn't

Page 60

```
 1   occur at that point either.  So I'll hear from you next

 2   time.

 3              MR. CLARK:  Your Honor, just a question of

 4   clarification.  How does the January 1st deadline fit with

 5   the next omnibus hearing?  I'm not --

 6              THE COURT:  I don't know.

 7              MR. CLARK:  Okay.

 8              THE COURT:  I'm just looking for a status report at

 9   the next omnibus hearing.  And if it doesn't fit well for

10   the parties, it can always be put off, and then we can make

11   that a telephone conference.

12              MR. CLARK:  Thank you, Your Honor.

13              MS. MARCUS:  Your Honor, the December hearing is

14   December 19th.

15              THE COURT:  18th?

16              MS. MARCUS:  19th.

17              THE COURT:  That seems like a perfect date for a

18   status report.

19              MR. MARGOLIN:  The omnibus hearing is on December

20   12th, Your Honor.

21              THE COURT:  Why am I hearing different dates?

22              MS. MARCUS:  Sorry.  Sorry, Your Honor.  December

23   12th, sorry about that.

24              THE COURT:  December 12th is a perfect date, too.

25   Either one's fine.
```