# Exhibit E

**Weil, Gotshal & Manges LLP**

BY E-MAIL

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Lauren Hoelzer Helenek**
+1 (212) 310-8581
lauren.hoelzer@weil.com

August 15, 2013

Bruce E. Clark, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Re: <u>Lehman Brothers Holdings, Inc., et al.</u>, Case No. 08-13555 (JMP)

Dear Bruce:

I write on behalf of Lehman Brothers Special Financing Inc. ("LBSF") and Lehman Brothers Holdings Inc. ("LBHI," and together with LBSF, "Lehman") in response to your letter of August 13, 2013, in which you purport to "identify the individuals that Giants Stadium seeks to depose."

As you know, the discovery protocol among Lehman and Giants Stadium LLC ("Giants Stadium"), dated April 1, 2013 (the "Protocol") provides specific procedures for identifying party and third-party deponents. With respect to identifying party deponents, the Protocol states that "[e]ach side may seek to depose one or more specific individuals with personal knowledge (***not more than two individuals in connection with the 2004 process***) from either Giants Stadium or Lehman" (emphasis added). With respect to identifying third-party deponents, the Protocol states that "[e]ach party ***will make a good faith attempt to identify by*** [***the notice deadline***] any third parties from whom they may seek documents or testimony in the 2004 process" (emphasis added).

Your letter is deficient in a number of respects and ultimately fails to provide the notice contemplated by the Protocol. It is impossible to discern from the twenty-person list of unlabeled, alphabetized names in your letter who Giants Stadium intends to call as a party deponent and who Giants Stadium is intends to call as a third-party deponent; lumping the proposed party and non-party deponents together in this fashion does not provide Lehman sufficient notice to react to Giants Stadium's proposals, as contemplated by the Protocol. Moreover, to the extent any of these names are from Lehman (which all or virtually all appear to be), (1) Giants Stadium is, of course, limited to two such depositions under the Protocol, and (2) Giants Stadium was obligated under the Protocol to proffer the relevant personal knowledge that it seeks to elicit in the deposition of each such witness.

We note that your notice requests that we identify which of the persons listed in your letter we will represent. Before we undertake that exercise, we believe that Giants Stadium should submit a proper notice that complies with the plain terms of the Protocol. Once Giants Stadium properly has identified the two Lehman

**Weil, Gotshal & Manges LLP**

August 15, 2013
Page 2

witnesses, if any, you will seek to depose in the Rule 2004 discovery process (and makes a good faith proffer as to the areas of testimony) and identifies the third-party, non-Lehman witness, if any, you will seek to depose in the Rule 2004 discovery process, we will be in position to tell you which witnesses we will represent.

We remain willing to work cooperatively with you in this process to avoid unnecessary and premature motion practice in front of the Court.

Finally, putting aside the deficiencies in your notice, we believe that seeking to depose twenty individuals in the Rule 2004 discovery process is excessive and unjustified. The 2004 process is not meant to be a substitute for discovery in a litigation. That is one of the reasons the Protocol permits only two depositions of Lehman and Giant Stadium witnesses—a limitation your notice apparently ignores entirely.

We look forward to receiving your revised and proper notice.

Sincerely,

Lauren Hoelzer Helenek


Cc:   Matthew A. Schwartz
      Lara J. Loyd
      Thomas Hommel
      Richard W. Slack

US_ACTIVE:\44313457\2\58399.0011