WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Robert J. Lemons
Lauren Hoelzer Helenek

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

**DECLARATION OF RICHARD W. SLACK IN SUPPORT OF
DEBTORS' OPPOSITION TO BAUPOST GROUP, LLC'S
MOTION TO QUASH DEBTORS' SUBPOENA ISSUED
UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

RICHARD W. SLACK hereby declares:

1. I am a member of the Bar of this Court and a partner of Weil, Gotshal & Manges LLP, attorneys for Lehman Brothers Special Financing ("LBSF") and Lehman Brothers Holdings, Inc. ("LBHI," and, together with LBSF, "Lehman"). I submit this declaration in support of the opposition to the motion ("Motion") of Baupost Group, LLC ("Baupost") to quash a subpoena issued by Lehman on May 23, 2013.

Background of the Swaps between LBSF and Giants Stadium

2. In 2007, LBHI assisted Giants Stadium in raising over $700 million for the construction of a new football stadium in New Jersey. Part of the project financing for the stadium consisted of the issuance of auction rate securities, $408 million of which were

US_ACTIVE:\44317045\5\58399.0011

underwritten by Lehman Brothers Inc. (the "Bonds").  To hedge the interest rate risk on these Bonds, Giants Stadium entered into interest rate swaps with LBSF, pursuant to which LBSF agreed to pay Giants Stadium a floating rate and Giants Stadium agreed to pay LBSF a fixed rate of interest (the "Swaps").

3. On September 18, 2008, Giants Stadium sent two notices of termination of the Swaps.  On October 2, 2008, Giants Stadium sent Calculation Statements to LBSF demanding a termination payment from LBSF in the amount of $301,025,197.20.

4. On October 17, 2008, Giants Stadium filed in Lehman's chapter 11 proceedings proofs of claim Nos. 315 and 316 against LBSF and LBHI, respectively, in the amount of $301,828,087.35.

5. On July 2, 2009, the Court established September 22, 2009 as the Bar Date for claims and October 22, 2009 as the deadline for completing a "Derivatives Questionnaire" and uploading supporting documentation and evidence of underlying derivatives claim amounts.

6. On September 22, 2009, a year after filing its original proofs of claim, Giants Stadium filed proofs of claim Nos. 33561 and 33562, in the same amount of $301,828,087.35, and also submitted a response to the Derivatives Questionnaire, in which Giants Stadium asserted claims against the LBSF estate in the same amount.

7. On October 29, 2009, Giants Stadium filed proofs of claim Nos. 64070 and 64071 against LBSF and LBHI, respectively, in the amount of $301,804,617.14, only amending the interest amount.  These Claims superseded Claim Nos. 33561 and 33562.

2

8. Attached hereto as Exhibit A is a copy of a Transfer of Claim Agreement between Giants Stadium and Bank of America/Merrill Lynch, dated April 27, 2009, whereby Giants Stadium supposedly transferred the Proofs of Claim to Bank of America.

9. Baupost and Giants Stadium have asserted that Bank of America subsequently transferred the Claims to Goal Line, a Baupost entity. *See, e.g.*, Motion ¶ 2. Lehman has not been provided any documentation concerning the transfer of the claims to Baupost.

Rule 2004 Discovery and Mediation

10. On November 4, 2009, Lehman initiated discovery under Rule 2004 to seek information to help it evaluate the Claims, as well as potential claims against Giants Stadium arising out of the Swaps, among other things. Lehman served requests for documents on Giants Stadium and took the 2004 examination of Christine Procops, the Giants CFO and a representative of Giants Stadium. Attached hereto as Exhibit B is a true and correct copy of Lehman's subpoena for Rule 2004 examination to Giants Stadium issued on May 19, 2010.

11. In late 2011, Giants Stadium and Lehman agreed to mediate. The mediation was held on February 14, 2012.

12. Prior to the mediation, and after Baupost introduced itself to Lehman as the holder of the Claims, on December 6, 2011—three years after filing its initial claims in the bankruptcy and two years after the Bar Date—Giants Stadium filed an amendment of the claims that doubled the amounts sought by Giants Stadium in the Claims (the "Amended Claims"). True and correct copies of Proofs of Claim Nos. 67782 and 68103 are attached hereto as Exhibit C.

13. Giants Stadium has not provided any discovery concerning, among other things, (i) the reasons for the amendment; (ii) why the amendment was filed three years after the original Calculation Statement and two years after the Bar Date; (iii) who determined to file the

3

amendment; or (iv) the reasons why the earlier calculations (prepared by Goldman Sachs) did not include the significantly-increased amounts set forth in the Amended Claims.

14. In an effort to understand the amendments to the Proofs of Claim and to determine how to respond thereto, Lehman sought Rule 2004 discovery from Giants Stadium by issuing a subpoena on April 9, 2012, seeking, among other things, information about the Amended Claims and Giants Stadium's relationship with Baupost. Attached hereto as Exhibit D is a true and correct copy of the subpoena for Rule 2004 examination.

15. Giants Stadium moved to quash Lehman's subpoena for Rule 2004 examination and moved to conduct Rule 2004 discovery of Lehman.

16. On November 14, 2012, the Court heard the parties' motions concerning Rule 2004 discovery. The Court stated at that hearing that Lehman was entitled to further discovery of the Claims and Amended Claims, and indicated that discovery of Baupost was appropriate. *See* Omnibus Transcript, dated November 14, 2012, at 59:15-18, 58:20-24, a true and correct copy of excerpts of which is attached hereto as Exhibit E.

17. At the urging of the Court, on April 1, 2013, Giants Stadium and Lehman executed a Discovery Protocol Agreement, a true and correct copy of which is attached hereto as Exhibit F.

18. As a result of the Protocol and in response to Giants Stadium's twenty-one broad and expansive requests, including several requests on the topic of valuation of the Swaps, LBSF has engaged in an expensive and time-consuming search for documents. A true and correct copy of Giants Stadium's discovery request is attached hereto as Exhibit G.

19. Lehman, to date, has produced over 419,346 pages of documents to Giants Stadium, including on topics that may well not be put at issue in any litigation or claims objection.

The Subpoena to Baupost

20. Despite its April 9, 2012 subpoena for Rule 2004 discovery from Giants Stadium, LBSF still has not received any documents or other information related to the transfer of the Claims to Baupost, and it does not know the terms of Baupost's ownership of and economic interests in the Claims.

21. Having been informed at the November 14, 2012 hearing that Giants Stadium is not in possession of such information (*see* Ex. E (Omnibus Transcript) at 29:1-9), Lehman served the Subpoena on Baupost on May 23, 2013. A true and correct copy of the Subpoena is attached hereto at Exhibit H. The Subpoena also seeks information relevant to the amendment of the proofs of claims, including information on the valuation of the claims.

22. Baupost served its objections to the Subpoena on June 7, 2013, in which it refused to conduct a search for or produce even a single document in response to the Subpoena. A true and correct copy of the Objections of Baupost Group LLC to Debtors' Subpoena for Rule 2004 Examination is attached hereto as Exhibit I.

23. On June 14, 2013, Lehman sent a letter disagreeing with the blanket objection and explaining why the Requests seek relevant and non-duplicative information. A true and correct copy of that letter is attached hereto as Exhibit J.

24. The parties held a meet and confer on June 24, 2013. The meeting was short. Baupost's counsel made it clear at the beginning of the telephone call that Baupost was unwilling to produce any documents whatsoever and was not interested in making any offer to

5

compromise. Given Baupost's blanket refusal to produce any document, there was no discussion of a privilege log and counsel for Baupost never made any offer or compromise.

25. Baupost's position at the meet and confer necessitated the motion practice at issue.

26. Since Baupost acquired interests in the Claims, it has been an active participant in matters related to the Claims. Indeed, both Giants Stadium and Baupost have jointly participated in mediation and other discussions with Lehman.

27. The documents sought from Baupost are narrow and targeted, encompassing only five discrete categories. The documents sought are material and relevant to understanding the basic information concerning the ownership of the claims, the circumstances surrounding the amendment, and the reasons behind and reasonableness of the calculations made in the amendment. Baupost is not merely a passive bystander, but almost certainly was an active participant in the decision to improperly amend the Claims that seek to double the amount set forth in the original proofs of claim filed more than three years earlier.

Executed on this 5th day of September, 2013, in New York, New York.

I declared under penalty of perjury that the foregoing is true and correct.

  /s/ Richard W. Slack
Richard W. Slack, Esq.