**EXHIBIT G**

**Hearing Date and Time: October 10, 2012, at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: October 3, 2012, at 4:00 p.m. (Prevailing Eastern Time)**

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark
Matthew A. Schwartz

*Attorneys for Giants Stadium LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| | : |
| Debtors. | : Jointly Administered |
| | : |

**NOTICE OF AMENDED MOTION OF GIANTS STADIUM LLC FOR LEAVE
TO CONDUCT DISCOVERY OF THE DEBTORS PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

PLEASE TAKE NOTICE that, on October 10, 2012, at 10:00 a.m.

(prevailing Eastern Time), or as soon thereafter as the matter may be heard, before the

Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the

United States Bankruptcy Court, Southern District of New York, One Bowling Green,

New York, New York, 10004, Giants Stadium LLC ("Giants Stadium") will move for

entry of an order granting leave to conduct discovery of Lehman Brothers Holding Inc.

("LBHI") and Lehman Brothers Special Financing Inc. ("LBSF") (jointly, the "Debtors")

and Lehman Brothers, Inc. ("LBI") pursuant to Federal Rule of Bankruptcy Procedure

2004 (the "Amended Motion").

PLEASE TAKE FURTHER NOTICE that any objection or response to

the Amended Motion must be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for

the Southern District of New York, and (i) shall be filed with the Bankruptcy Court

electronically in accordance with General Order M-242 (General Order M-242 and the

User's Manual for the Electronic Case Filing System can be found at

http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by

registered users of the Bankruptcy Court's case filing system and, by all other parties in

interest, on a 3.5 inch disk, preferably in Portable Document Format ("PDF"),

WordPerfect, or any other Windows-based word processing format; and (ii) a hardcopy

of such objection or response shall be served in accordance with General Order M-242,

upon (A) the chambers of the Honorable James M. Peck, One Bowling Green, New York,

New York 10004, Courtroom 601; (B) Weil Gotshal & Manges LLP, 767 Fifth Avenue,

New York, New York 10153 (Attn: Richard W. Slack, Esq., Michael J. Firestone, Esq.,

Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline

Marcus, Esq.), attorneys for the Debtors; (C) the Office of the United States Trustee for

the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New

York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto,

Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.); (D) Milbank, Tweed, Hadley &

McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F.

Dunne, Esq., Dennis O'Donnell, Esq., and Evan R. Fleck, Esq.), attorneys for the official

committee of unsecured creditors appointed in these cases; (E) the attorneys for any other

official committee(s) appointed in these cases; and (F) Sullivan & Cromwell LLP, 125

Broad Street, New York, New York (Attn: Bruce E. Clark, Esq.), attorneys for Giants

Stadium, so as to be actually filed and received no later than October 3, 2012 at 4:00 p.m.

(prevailing Eastern Time) (the "Objection Deadline").

        **PLEASE TAKE FURTHER NOTICE** that if an objection to the

Amended Motion is not received by the Objection Deadline, the relief requested shall be

deemed unopposed, and the Bankruptcy Court may enter an order granting the relief

sought without a hearing.

        **PLEASE TAKE FURTHER NOTICE** that objecting parties are required

to attend the Hearing, and failure to appear may result in relief being granted or denied

upon default.

Dated: New York, New York       Respectfully submitted,
       September 26, 2012

                              **SULLIVAN & CROMWELL LLP**

                              By:    /s/ _____
                                    Bruce E. Clark
                                    Matthew A. Schwartz
                                    SULLIVAN & CROMWELL LLP
                                    125 Broad Street
                                    New York, New York 10004
                                    Telephone: (212) 558-4000
                                    Facsimile: (212) 558-3588

                                    *Attorneys for Giants Stadium LLC*

**Hearing Date and Time: October 10, 2012, at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: October 3, 2012, at 4:00 p.m. (Prevailing Eastern Time)**

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark
Matthew A. Schwartz

*Attorneys for Giants Stadium LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

---

**AMENDED MOTION OF GIANTS STADIUM LLC FOR LEAVE
TO CONDUCT DISCOVERY OF THE DEBTORS
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

Giants Stadium LLC ("Giants Stadium") hereby moves this Court for an order pursuant to Federal Rule of Bankruptcy Procedure 2004 directing that Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing Inc. ("LBSF") (jointly, the "Debtors") and Lehman Brothers, Inc. ("LBI") respond to the document requests contained in Schedule 1 attached hereto, and provide for examination of the Debtors' representative who is most knowledgeable about the matters set forth herein (the "Amended Motion").

## INTRODUCTION

1.     Debtors have been hiding behind Rule 2004 for more than three and a half years in order to avoid directly addressing Giants Stadium's Claims.   In that time, Debtors have demanded and received extensive discovery from Giants Stadium, including nearly 64,000 pages of documents and the deposition of Giants Stadium's authorized representative.  Throughout this entire time, Debtors have avoided producing a single document or deponent themselves.

2.     It is clear that Debtors will object to Giants Stadium's Claims and possibly seek a receivable to the Estate.  And it is clear that Debtors' even more recent Rule 2004 discovery has been directed at bolstering this planned objection with new arguments, rather than resolving any outstanding indecision regarding the Claims.

3.     Debtors served their most recent Rule 2004 subpoena against Giants Stadium in April of this year, more than three years after GSLLC's Claims were filed. Giants Stadium has objected to the subpoena on the grounds that it is an abuse of the Debtors' Rule 2004 subpoena powers, brought solely to annoy, harass, and oppress Giants Stadium.  The continued resort to Rule 2004 discovery—this is the third subpoena issued against Giants Stadium—is only possible because Debtors have delayed filing their objection to the Claims.  The resulting discovery imbalance, where GSLLC has produced almost 64,000 pages and Debtors have produced none, is the primary reason for such delay.

4.     In this situation, Debtors cannot continue to use the Rule 2004 process to hamstring Giants Stadium's ability to pursue its Claims:  Debtors should either (i) object to the Claims and allow Giants Stadium to take discovery under the adversary proceeding

process or (ii) consent to provide Giants Stadium with discovery under the Rule 2004 process. Without reciprocal discovery, it is unlikely that any progress can be made toward resolution of the Claims, whether inside or outside of court.

<u>FACTUAL BACKGROUND</u>

5.     In mid-2007—just prior to the dislocations of the capital markets—Giants Stadium financed its portion of the New Meadowlands Stadium ("Stadium") by issuing over $700 million in auction-rate bonds ("Bonds"). As a family-owned entity with a highly risk-averse nature, Giants Stadium sought to reduce its risk on the Bonds. LBSF proposed an attractive solution: an actual bond-rate swap, under which Giants Stadium would pay LBSF a fixed-rate of 6.1885%, and LBSF would pay to Giants Stadium the actual rate on the Bonds, as determined at each auction. Giants Stadium and LBSF consummated this proposal on July 27, 2007 by entering into two Actual Rate Swaps as described in two ISDA Master Agreements (the "ISDA Masters").

6.     On September 15, 2008 (the "Petition Date"), LBHI filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). LBHI's bankruptcy filing was an Event of Default under the ISDA Masters. On September 18, 2008, Giants Stadium sent two letters to LBSF (collectively, the "Termination Letters") (i) notifying LBSF that an Event of Default pursuant to Section 5(a)(vii) of the ISDA Masters had occurred; and (ii) designating September 18, 2008, as the Early Termination Date with respect to the Actual Rate Swaps.

7.     Giants Stadium then determined its loss due to the terminations, and then filed the Claims.[1]

---

[1]     Giants Stadium has subsequently filed amended Claims, most recently on December 6, 2011.

8.      On May 19, 2010, Debtors served Giants Stadium with a subpoena requesting 25 categories of documents loosely relating to the Claims.  Giants Stadium ultimately produced to Debtors nearly 64,000 pages of documents and Debtors completed a seven-hour deposition of Giants Stadium's authorized representative, Christine Procops.  On April 6, 2011, Giants Stadium reached out to Debtors to initiate reciprocal discovery.  McCombs Decl. ¶ 2.  At that time Debtors advised Giants Stadium that its request was unnecessary because the Debtors were "still engaged in [their] investigative process."  *Id.* ¶ 3.

9.      On April 14, 2011, Giants Stadium filed the Motion of Giants Stadium LLC for Leave to Conduct Discovery of Debtors Pursuant to Rule 2004, [Dkt. No. 16016], which Debtors opposed.

10.      Despite their refusal to provide Giants Stadium with any discovery, and despite the extensive, one-way discovery provided by Giants Stadium to them, Debtors sought to compound the imbalance by seeking an order from this Court to compel Giants Stadium to turn over a handful of documents that Giants Stadium had withheld or redacted under the attorney-client privilege.

11.      On September 7, 2011, in its Opposition to Debtors' Motion to Compel Production of Documents "Improperly" Withheld as Privileged, Giants Stadium asked this Court to encourage Debtors to engage on the merits of the Claims with Giants Stadium, rather than delay their resolution any further.  At oral argument, this Court urged the parties to do just that, after which Debtors finally consented to begin substantive discussion of the merits of the Claims and to begin a voluntary mediation process.  In an effort to demonstrate good faith, Giants Stadium agreed to allow Debtors'

counsel to view the documents at issue in the motion to compel, on the condition that privilege would not thereby be waived.

12.     Substantive discussions have been ongoing for several months, both inside and outside the formal mediation process, but the parties have been unable as yet to settle this matter.

13.     On February 14, 2012, the parties held a mediation.  The mediator released the parties at the end of the day because no resolution seemed possible.  Over the course of June through mid-September 2012, the parties attempted to negotiate a settlement outside of mediation; that process too has failed.

14.     To date, Debtors have not produced a single document or deponent to Giants Stadium, and have failed to formally object to the Claims.  As Giants Stadium is unable to force Debtors to object to the Claims and open up discovery during an adversary proceeding, Giants Stadium seeks Rule 2004 discovery.

## JURISDICTION AND VENUE

15.     The Court has jurisdiction to consider this Amended Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested in this Amended Motion is Rule 2004 of the Federal Rules of Bankruptcy Procedure.

## RELIEF REQUESTED

16.     Giants Stadium requests the entry of an order pursuant to Rule 2004 authorizing and directing (i) the production of documents by the Debtors in response to the document requests attached hereto as Schedule 1; (ii) the deposition of a representative of the Debtors who is most knowledgeable about the subject matters set

forth in this Motion; (iii) the issuance of one or more subpoenas compelling such
document production and attendance at such deposition in the manner provided in
Federal Rule of Bankruptcy Procedure 9016; and (iv) such other and further relief as the
Court deems just and proper.   In the alternative, Giants Stadium requests the Court to
order Debtors to cease their Rule 2004 discovery attempts against Giants Stadium and
third-parties and simply state their objections to the Claims.   That way, reciprocal
discovery can proceed.

## <u>ARGUMENT</u>

17.     Thus far, Debtors are the only ones who have had any access to discovery.
Debtors have abused this advantage, using Rule 2004 discovery to develop and hone their
arguments for an objection rather than investigating any genuine question.   The discovery
Giants Stadium seeks will serve to correct this imbalance, and assist the parties to clarify
and narrow the issues on which there is disagreement, in order to properly resolve the
Claims.

18.     Rule 2004 provides that "[o]n motion of any party in interest, the court
may order the examination of any entity."   Fed. R. Bankr. P. 2004(a).   The scope of
discovery under Rule 2004 relates to "the acts, conduct, or property or to the liabilities
and financial condition of the debtor, or to any matter which may affect the
administration of the debtor's estate, or to the debtor's right to a discharge."   Fed. R.
Bankr. P. 2004(b).   Under Rule 2004, a moving party is entitled to both the examination
of a witness and the production of requested documents.   Fed. R. Bankr. P. 2004(c).

19.     Under Rule 2004, "good cause" for an examination is shown "if the
examination is necessary to establish the claim of the party seeking the examination, or if

denial of such request would cause the examiner undue hardship or injustice." *In re Metiom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y. 2004); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991) (finding creditor had good cause to participate in debtors' Rule 2004 discovery process and noting that "It is not the debtors' ... function to prevent discovery of a claim, but rather one of their functions as fiduciaries is to see that substantial justice is provided to all estate claimants.").

20.     Giants Stadium has good cause for seeking discovery under Rule 2004. Absent action by the Debtors, Giants Stadium's claims continue to represent *prima facie* allowable claims.  Because Debtors have unreasonably delayed objecting to or otherwise resolving the claims, and the information sought therefore cannot be obtained via the normal discovery process, Rule 2004 discovery is the only procedural recourse currently available to Giants Stadium.  The delineation between Rule 2004 and a contested matter or an adversary proceeding is critical—once a contested matter or an adversary proceeding is commenced, Giants Stadium would have access to discovery under the Federal Rules of Civil Procedure.

21.     It has been more than a year since Giants Stadium reached out to Debtors to initiate reciprocal discovery, at which time Debtors stated that discovery was "unnecessary and premature" because they are still determining whether to agree to the Claims.  McCombs Decl. ¶ 3.  It is now clear that Debtors have determined to object to Giants Stadium's Claims, and so Giants Stadium should be allowed to take discovery, as Debtors promised.  *Id.*

22.     As to the scope of discovery that Giants Stadium currently seeks, as Debtors themselves point out to Giants Stadium, McCombs Decl. ¶ 4, Rule 2004 "allows

considerable leeway for all manner of so-called fishing expeditions provided that there is a reasonable nexus to the debtor and the administration of the debtor's case." *In re Hilsen*, 2008 WL 2945996, at *1 (Bankr. S.D.N.Y., July 25, 2008). Nonetheless, Giants Stadium, unlike debtors, is not interested in conducting a "fishing expedition." Rather, Giants Stadium seeks narrowly tailored discovery addressing only those issues on which the parties have stated their disagreement during the course of negotiations or the mediation. Giants Stadium's requests are not overly burdensome, costly or disruptive requests.

23.    In particular, Giants Stadium seeks discovery relating to the negotiation, drafting, and execution of the contracts. This discovery is targeted at certain provisions of the contracts that Debtors have cited in support of their contentions that their default on the swaps resulted in a receivable to the estate. Without reciprocal discovery on these points, the parties seem unlikely to come to agreement. Relatedly, the conduct of Debtors' affiliate, Lehman Brothers Inc., as broker-dealer, including its decision to hold the Bonds on its books and to resign on September 19, 2008, are pivotal to the parties' current disagreements regarding the contracts and the value of the Claims. Giants Stadium is clearly entitled to discovery on these topics.

24.    Additionally, because Debtors refuse to concede several basic preliminary factual issues, Giants Stadium is forced to seek discovery relating to those matters. First, Giants Stadium presented Debtors with ample evidence of swap termination on September 18, 2008. However, perhaps because this termination is inconsistent with Debtors' "receivables" theory, Debtors continue to press the argument that the swaps were not *properly* terminated. Giants Stadium must therefore inquire into Debtors'

receipt of the termination notices and actual knowledge of the termination. Debtors have already taken discovery on this issue against Giants Stadium, but have not provided any information on this issue to Giants Stadium. Similarly, because Debtors refuse to concede that Giants Stadium fulfilled its Market Quotation obligations, Giants Stadium seeks discovery on this topic. Debtors have not provided Giants Stadium with information regarding any efforts LBSF may in fact have undertaken in an attempt to fulfill its obligations under the contracts. To the extent that Debtors have additional information on these topics within their custody and control, Giants Stadium is entitled to that information.

25.    Finally, to the extent that Debtors also have information regarding their own assessments of the value of the Auction Rate Swaps and the reasonableness of Giants Stadium's calculations, Giants Stadium is entitled to that information as well. The Parties are unlikely to come to agreement on the good-faith, reasonable basis upon which Giants Stadium valued its Claims without full disclosure of how Debtors themselves have approached this most central of topics.

26.    The equities favor Giants Stadium's requested relief and, pursuant to Rule 2004, Giants Stadium requests that the Court enter an order granting Giants Stadium leave to take discovery of the Debtors concerning the matters described herein and in the attached request.

<u>NO PRIOR REQUEST</u>

27.    This Amended Motion fully amends and replaces the Motion of Giants Stadium LLC for Leave to Conduct Discovery of the Debtors Pursuant to Federal Rule of

Bankruptcy Procedure 2004, as originally filed on April 14, 2011 and not yet adjudicated.

No prior Motion for the relief requested herein has been made to this or any other court.

<u>WAIVER OF MEMORANDUM OF LAW</u>

28. As there are no novel issues of law relating to the Amended Motion, Giants Stadium requests that the Court waive the requirement that Giants Stadium file a separate memorandum of law in support of the Amended Motion.

<u>CONCLUSION</u>

29. By this Amended Motion, Giants Stadium is seeking information from the Debtors relating to matters central to resolution of the Claims.

30. The information sought thus relates to the property, liabilities, financial condition, and administration of the Debtors' estate, and this request is therefore well within the scope of Rule 2004.

**WHEREFORE**, for the reasons stated herein, Giants Stadium respectfully requests that the Court enter an Order, pursuant to Rule 2004, in the form attached hereto as Exhibit A: (i) requiring the production of documents from the Debtors responsive to the document requests; (ii) requiring the Debtors to produce their representative for examination who is most knowledgeable about the subject matters set forth in this Motion; (iii) authorizing the issuance of one or more subpoenas compelling such document production and appearance for examination; and (iv) granting such other and further relief as the Court deems just and proper.

08-01555-mg   Doc 39948-7   Filed 09/05/13   Entered 09/05/13 19:00:00   Exhibit C
Pg 14 of 29

Dated:  New York, New York
        September 26, 2012

Respectfully submitted,

**SULLIVAN & CROMWELL LLP**

By:   /s/
      Bruce E. Clark
      Matthew A. Schwartz
      SULLIVAN & CROMWELL LLP
      125 Broad Street
      New York, New York 10004
      Telephone: (212) 558-4000
      Facsimile: (212) 558-3588

      *Attorneys for Giants Stadium LLC*

-11-

06-18555-mg  Doc 39948-7  Filed 09/05/13  Entered 09/05/13 16:04:37  Exhibit C
Pg 19 of 29

## SCHEDULE 1

## REQUEST FOR PRODUCTION OF DOCUMENTS

## DEFINITIONS

1.     The term "AUCTIONS" as used herein shall mean that process by which an auction rate on the BONDS was determined which was then subject to an interest rate swap as governed by the ISDA MASTER AGREEMENTS.

2.     The term "BONDS" as used herein shall mean those auction-rate securities issued by GIANTS STADIUM which are the subject of the TERMINATED TRANSACTIONS and whose auction rate was subject to an interest rate swap as governed by the ISDA MASTER AGREEMENTS.

3.     The term "BROKER-DEALER" as used herein shall mean the entity responsible for acting as auction broker for AUCTIONS on the BONDS.

4.     The term "COMPUTER" as used herein includes, but is not limited to, all mainframe computers, personal computers, microcomputers, desktop and portable, laptop or notebook computers, and personal digital assistants ("PDAs").

5.     The term "DEBTORS" as used herein shall mean and refer to Lehman Brothers Holdings Inc. and/or Lehman Brothers Special Financing Inc. and any of their respective affiliates, officers, directors, employees, associates, consultants, attorneys, representatives, agents, or any other person working on their behalf, including their predecessors and successors in interest, and bankruptcy estates.

6.     The term "DOCUMENT" or "DOCUMENTS" as used herein shall have the meaning given to "document" in Local Civil Rule 26.3(c)(2) of the United States District Court for the Southern District of New York.

7.    The term "ELECTRONIC DATA" as used herein shall mean and refer to the original and any non-identical copies of any COMPUTER program, software, database, file, email, source code, or operating system, including ASCII files, word processing documents, spreadsheets, charts, and graphs, whether active, deleted, or fragmented.

8.    The term "ELECTRONIC MEDIA" as used herein shall mean and refer to any magnetic or other storage device used to record, store, or maintain ELECTRONIC DATA, including, but not limited to, any disk, minidisk, floppy disk, hard drive, disk drive, CD ROM, optical disk, memory card, personal computer, network, magnetic tape, microfiche, punch card, computer chip, back up, or any other means of storing, recording or retaining information generated by or input to or on a COMPUTER.

9.    The term "GIANTS STADIUM" as used herein shall mean and refer to Giants Stadium LLC and any of the respective officers, directors, employees, associates, consultants, attorneys, representatives, agents, or other any person working on its behalf, including its predecessors and successors in interest.

10.    The term "HEDGING TRANSACTION(S)" as used herein shall mean and refer to any and all transactions and positions, including, but not limited to, short positions and credit default swaps, entered into by DEBTORS at any time prior to, simultaneous with, or after entering into the TERMINATED TRANSACTIONS with GIANTS STADIUM, the purpose of which was to hedge DEBTORS' risk under the TERMINATED TRANSACTIONS, in whole or in part, including any transactions and positions under which DEBTORS would benefit from a decline in value, decline in

-2-

rating, or any increase in the cost of insuring against such decline of either Financial Security Assurance Inc. ("FSA") or Financial Guaranty Insurance Company ("FGIC").

11.    The term "ISDA MASTER AGREEMENTS" as used herein shall mean and refer to the two ISDA Master Agreements, together with the schedules and exhibits thereto and each confirmation exchanged with regard to transactions thereunder, entered into by and between Giants Stadium and LBSF as of July 27, 2007 and insured by FSA and FGIC, respectively, and guaranteed by LBHI.

12.    The term "LBHI" as used herein shall mean and refer to Lehman Brothers Holdings Inc., and any of its respective officers, directors, employees, associates, consultants, attorneys, representatives, agents, or any other person working on its behalf, including its predecessors and successors in interest.

13.    The term "LBI" as used herein shall mean and refer to Lehman Brothers, Inc., and any of its respective officers, directors, employees, associates, consultants, attorneys, representatives, agents, or any other person working on its behalf, including its predecessors and successors in interest.

14.    The term "LBSF" as used herein shall mean and refer to Lehman Brothers Special Financing Inc. and any of its respective officers, directors, employees, associates, consultants, attorneys, representatives, agents, or other any person working on its behalf, including its predecessors and successors in interest.

15.    The term "RELATE TO" or "REFER TO" or the like as used herein shall mean and refer to all documents that in any manner or form are relevant in any way to the subject matter in question.

-3-

16.     The term "TERMINATED TRANSACTIONS" as used herein shall mean and refer to transactions entered into pursuant to the ISDA MASTER AGREEMENTS and terminated by GIANTS STADIUM in the TERMINATION LETTERS.

17.     The term "TERMINATION LETTERS" as used herein shall mean and refer to the letters from GIANTS STADIUM to LBSF dated September 18, 2008.

18.     The terms "YOU" and "YOUR" as used herein shall mean the DEBTORS, as defined herein.

19.     For the purposes hereof, the reference to any entity shall include any and all officers, directors, employees, associates, consultants, attorneys, representatives, and agents or any other person or entity representing such entity or acting on its behalf as well as any and all affiliate entities, predecessors and successors in interest, and their respective officers, directors, employees, associates, consultants, attorneys, representatives, and agents.

<u>INSTRUCTIONS</u>

1.     In responding to these requests for production, YOU are requested to furnish all DOCUMENTS that are in YOUR actual or constructive possession, custody, or control or in the possession, custody, or control of any of YOUR representatives, agents, or attorneys. In responding to these requests for production, YOU may elect to produce the original or, if the original is not available, a legible copy, of each requested document.

2.     In responding to these requests for production, YOU are requested to produce all DOCUMENTS either as they are kept in the usual course of YOUR business affairs or they shall be organized and labeled to correspond with the requests herein.  If a

DOCUMENT is responsive to more than one request, only one exemplar of the DOCUMENT needs to be produced.  Similarly, if YOU have more than one copy of the same DOCUMENT, the additional copies need not be produced.  A version of a DOCUMENT that differs in any way from the original of such DOCUMENT because it constitutes a prior draft or subsequent version, because it contains any interlineations or marginalia, or because it differed in any other respect from the original, is not an exact duplicate of such DOCUMENT. Each different version of such DOCUMENT is required to be produced.

3.     If YOU cannot respond to any of the following requests in full after exercising reasonable diligence to secure the information requested therein, please so state and respond to the extent possible, specifying the reasons for any inability to respond and stating whatever information YOU do have concerning such request.

4.     If a responsive DOCUMENT consists of ELECTRONIC DATA, is stored on ELECTRONIC MEDIA or a COMPUTER, or is otherwise unreadable in its ordinary state, the responding party shall take reasonable steps to produce and translate all such responsive items into a useable or readable form.

5.     If any privilege is claimed or if any objection is made regarding the production of any DOCUMENTS, with respect to each such DOCUMENT: (1) identify the privilege or objection involved; (2) state the basis for claiming the privilege or making the objection; (3) describe the type of DOCUMENT and the date of its creation; (4) identify each person who (a) has knowledge of the DOCUMENT or the information that the DOCUMENT contains, (b) prepared or made the DOCUMENT, (c) signed the DOCUMENT, and/or (d) now possesses the DOCUMENT or a copy, summary, or digest

thereof; and (5) identify each person to whom the DOCUMENT or a copy, summary, or

digest thereof was directed, circulated, distributed, or shown.

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

     All DOCUMENTS that RELATE TO the negotiation, drafting, and

execution of the ISDA MASTER AGREEMENTS or any other contracts that RELATE

TO the TERMINATED TRANSACTIONS.

REQUEST FOR PRODUCTION NO. 2:

     All DOCUMENTS that RELATE TO the economic, business, or

contractual intent of the parties in entering into the TERMINATED TRANSACTIONS.

REQUEST FOR PRODUCTION NO. 3:

     All DOCUMENTS that RELATE TO the meaning, interpretation,

economics, business purpose, or other intent behind any contractual provision within the

ISDA MASTER AGREEMENTS or any other contracts that RELATE TO the

TERMINATED TRANSACTIONS.

REQUEST FOR PRODUCTION NO. 4:

     All DOCUMENTS that RELATE TO LBI's appointment or anticipated or

actual role as BROKER-DEALER for the BONDS.

-6-

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS that RELATE TO allowing GIANTS STADIUM to terminate or replace LBI as BROKER-DEALER for the BONDS.


REQUEST FOR PRODUCTION NO. 6:

   All DOCUMENTS that RELATE TO any contemplated conversion of the TERMINATED TRANSACTIONS to LIBOR-rate swaps.


REQUEST FOR PRODUCTION NO. 7:

   All DOCUMENTS that RELATE TO the conduct of LBI as BROKER-DEALER for the BONDS, including but not limited to its conduct of the AUCTIONS and any decision made to hold, auction, or sell the BONDS, including any economic, business or other purpose behind each such decision.


REQUEST FOR PRODUCTION NO. 8:

   All DOCUMENTS that RELATE TO discussions between LBI as BROKER-DEALER for the BONDS and DEBTORS as parties to the TERMINATED TRANSACTIONS, including any discussions regarding the economic, business, or other purposes behind decisions to have LBI hold the BONDS at the "All-Hold Rate."


REQUEST FOR PRODUCTION NO. 9:

   All DOCUMENTS that RELATE TO the resignation of LBI as BROKER-DEALER for the BONDS.

REQUEST FOR PRODUCTION NO. 10:

        All DOCUMENTS that RELATE TO the valuation of the TERMINATED

TRANSACTIONS.


REQUEST FOR PRODUCTION NO. 11:

        All DOCUMENTS that RELATE TO the TERMINATION of the

TERMINATED TRANSACTIONS, including all DOCUMENTS that RELATE TO

receipt of the TERMINATION NOTICES or whether the TERMINATED

TRANSACTIONS were actually TERMINATED.


REQUEST FOR PRODUCTION NO. 12:

        All DOCUMENTS that RELATE TO the Expert Report of John J. Olvany

as it RELATES TO valuation of the TERMINATED TRANSACTIONS, including all

DOCUMENTS, calculations, and other information which formed the basis of the report,

as they RELATE TO valuation of the TERMINATED TRANSACTIONS.


REQUEST FOR PRODUCTION NO. 13:

        All DOCUMENTS that RELATE TO the BONDS or the TERMINATED

TRANSACTIONS as used as collateral for a loan made to LBSF by 7th Avenue, Inc. on

or around August 28, 2008, including any DOCUMENTS that RELATE TO

requirements in the 7th Avenue collateral agreement that LBHI would send notices to all

counterparties to the collateral swaps stating that all future payments under the swaps

should be paid to 7th Avenue if LBHI entered into bankruptcy.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS that RELATE TO any analysis done by LBSF of its

records to determine whether GIANTS STADIUM should receive a letter demanding

periodic payments as was sent by LBSF to other parties with whom there were still

thought to be live swaps.

REQUEST FOR PRODUCTION NO. 15:

All DOCUMENTS that RELATE TO any efforts by DEBTORS to fulfill

any of its obligations under Section 6(e) of the ISDA MASTER AGREEMENTS.

REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS that RELATE TO any discussions between

DEBTORS and GIANTS STADIUM regarding the Market Quotation payment measure.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS that RELATE TO (i) any valuation methodologies that

the DEBTORS have employed to value "Loss," as defined in the ISDA MASTER

AGREEMENTS and covering the TERMINATED TRANSACTIONS, and (ii) any

valuation methodologies that the DEBTORS have employed to value "Loss," as defined

in an ISDA master agreement and covering any other bond-rate swap to which

DEBTORS are or were a party.


REQUEST FOR PRODUCTION NO. 18:

      All DOCUMENTS that RELATE TO any and all HEDGING

TRANSACTION(S), including, without limitation, DOCUMENTS sufficient to show the

relationship(s) between any and all HEDGING TRANSACTIONS and the

TERMINATED TRANSACTIONS.


REQUEST FOR PRODUCTION NO. 19:

      All DOCUMENTS generated, sent, or received by DEBTORS' Credit

Valuation Adjustment desk that RELATE TO (i) the TERMINATED TRANSACTIONS,

and (ii) any and all HEDGING TRANSACTIONS.


REQUEST FOR PRODUCTION NO. 20:

      All DOCUMENTS that RELATE TO any capital allocated by DEBTORS

to satisfy any requirements to maintain capital in relation to the TERMINATED

TRANSACTIONS before they were terminated, including, but not limited to,

DOCUMENTS sufficient to show the rate charged by DEBTORS on capital lent

internally within DEBTORS.

<u>REQUEST FOR PRODUCTION NO. 21:</u>

       All DOCUMENTS that RELATE TO the preservation or destruction of documents relating to the ISDA MASTER AGREEMENTS or the TERMINATED TRANSACTIONS.

06-13555-mg Doc 39948-7 Filed 09/05/13 Entered 09/05/13 16:04:37 Exhibit G
Pg 27 of 29

**EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
|  | : |
| In re | : Chapter 11 |
|  | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
|  | : |
| Debtors. | : Jointly Administered |
|  | : |

---

### ORDER ON AMENDED MOTION OF GIANTS STADIUM LLC FOR LEAVE TO CONDUCT DISCOVERY OF THE DEBTORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

Upon the Amended Motion (the "Motion") of Giants Stadium LLC ("Giants Stadium") for the entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004") authorizing and directing (i) the production of documents by Lehman Brothers Holdings Inc. and Lehman Brothers Special Financing Inc. (jointly, the "Debtors") and Lehman Brothers, Inc. ("LBI") in response to the document requests attached as Schedule 1 to the Motion; (ii) the deposition of a representative of the Debtors who is most knowledgeable about the matters set forth in the Motion; and (iii) the issuance of one or more subpoenas compelling such document production and attendance at such deposition; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B); and upon consideration of the Motion; and due and appropriate notice of the Motion having been given, it is hereby **ORDERED** that:

1. The Motion is GRANTED.

2. Giants Stadium is authorized to serve upon the Debtors document requests substantially in the form of Schedule 1 to the Motion. The Debtors shall produce such requested documents so that such documents are received at the offices of Sullivan &

Cromwell LLP, located at 125 Broad Street, New York, New York 10004, on or before

_____, 2012, or at such other date, time, or place as Giants Stadium may

agree.

3.      The Debtors shall make their representative most knowledgeable with

regard to the subject matters set forth in the Motion available for a deposition by Giants

Stadium on _____, 2012, commencing at _____a.m. (prevailing Eastern

Time), at the offices of Sullivan & Cromwell LLP, located at 125 Broad Street, New

York, New York 10004, or at such other date, time, or place as Giants Stadium may

agree.

4.      Giants Stadium is authorized to issue subpoenas, pursuant to Federal Rule

of Bankruptcy Procedure 9016, as necessary for the above-ordered document production

and deposition.

Dated: _____, 2012
       New York, New York

_____
THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | : Chapter 11 |
|  | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
|  | : |
| Debtors. | : Jointly Administered |
|  | : |

## DECLARATION OF THEODORE A.B. MCCOMBS

|  |  |
|---|---|
| STATE OF New York | ) |
|  | : ss. |
| COUNTY OF New York | ) |

Theodore A.B. McCombs, being duly sworn, deposes and says:

1.     I am a member of the Bar of this Court and an Associate at Sullivan & Cromwell LLP ("S&C"), attorneys for Giants Stadium LLC ("Giants Stadium"). I submit this declaration to provide the Court with materials, which are self-authenticating documents or are otherwise not in controversy, and which are cited in Giants Stadium's Amended Motion for Leave to Conduct Discovery of the Debtors Pursuant to Federal Rule of Bankruptcy Procedure 2004.

2.     Attached hereto as Exhibit A is a true and correct copy of an e-mail sent from Matthew A. Schwartz to Richard W. Slack and others, dated as of April 6, 2011.

3.     Attached hereto as Exhibit B is a true and correct copy of an e-mail sent from Michael J. Firestone to Matthew A. Schwartz and others, dated as of April 8, 2011.

4.     Attached hereto as Exhibit C is a true and correct copy of a letter sent from Michael J. Firestone to Bruce E. Clark, dated as of November 11, 2010.

Dated: New York, New York  
      September 26, 2012

_____  
Theodore A.B. McCombs

# EXHIBIT A

**McCombs, Theodore A.B.**

| | |
|---|---|
| **From:** | Schwartz, Matthew A. |
| **Sent:** | Wednesday, April 06, 2011 11:49 AM |
| **To:** | 'Slack, Richard'; michael.firestone@weil.com |
| **Cc:** | Clark, Bruce E. |
| **Subject:** | 2004 Discovery Requests |
| **Attachments:** | Giants Stadiums' 2004 requests.pdf |

Dear Richard and Michael,

      Attached are draft papers that Giants Stadium intends to submit to the Court seeking 2004 discovery from the Debtors.  Before filing these papers, we would like to give you the opportunity to review them to see if you would consent to the motion, or agree not to oppose.  We'd appreciate any response by end of this week.

Regards,
Matthew

Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Tel:  +1 212 558 4197
Fax: +1 212 291 9481
schwartzmatthew@sullcrom.com

**Hearing Date: May 18, 2011, at 10:00 a.m.**
**Objection Deadline: _____, 2011, at 4:00 p.m.**

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ──────────────────────── x | | |
| In re | : | Chapter 11 Case No. |
| | : | 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS INC., *et. al.*, | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| ──────────────────────── x | | |

### NOTICE OF MOTION OF GIANTS STADIUM LLC FOR LEAVE TO CONDUCT DISCOVERY OF THE DEBTORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

**PLEASE TAKE NOTICE** that, on May 18, 2011, at 4:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court, Southern District of New York, 1 Bowling Green, New York, New York, 10004, Giants Stadium LLC. ("Giants Stadium"), will move for entry of an order granting leave to conduct discovery of Lehman Brothers Holding, Inc. ("LBH") and Lehman Brothers Special Financing, Inc. ("LBHF") (collectively, the "Debtors") pursuant to Federal Rule Of Bankruptcy Procedure 2004 (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that any objection or response to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy

Procedure and the Local Rules for the United States Bankruptcy Court for the Southern

District of New York, and (i) shall be filed with the Bankruptcy Court electronically in

accordance with General Order M-242 (General Order M-242 and the User's Manual for

the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the

official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's

case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in

Portable Document Format (PDF), WordPerfect or any other Windows-based word

processing format; and (ii) a hardcopy of such objection or response shall be served in

accordance with General Order M-242, upon (A) the chambers of the Honorable James

M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (B) Weil

Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attn: Richard

W. Slack, Esq., Michael J. Firestone, Esq., Richard P. Krasnow, Esq., Lori R. Fife, Esq.,

Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.), attorneys for the Debtors; (C) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Paul

Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis); (D) Milbank,

Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005,

(Attn: Dennis F. Dune, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys

for the official committee of unsecured creditors appointed in these cases; (E) the

attorneys for any other official committee(s) appointed in these cases, and (F) Sullivan &

Cromwell LLP, 125 Broad Street New York, New York (Attn: Bruce E. Clark, Esq.),

attorneys for Giants Stadium, so as to be actually filed and received no later than _____,

2011  at 4:00 p.m. (Eastern Time) (the "Objection Deadline").

2

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
April __, 2011

SULLIVAN & CROMWELL LLP
By:    /s/ Bruce E. Clark
       Bruce E. Clark
       125 Broad Street
       New York, New York 10004
       Telephone: (212) 558-4000
       Facsimile: (212) 558-3588

Bruce E. Clark
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | x | |
| **In re** | : | **Chapter 11 Case No.** |
| | : | **08-13555 (JMP)** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et. al.*, | : | **(Jointly Administered)** |
| | : | |
| **Debtors.** | : | |
| | x | |

**MOTION OF GIANTS STADIUM LLC FOR LEAVE**
**TO CONDUCT DISCOVERY OF THE DEBTORS PURSUANT TO**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

       Giants Stadium LLC ("Giants Stadium"), hereby moves this Court for an

order pursuant to Federal Rule of Bankruptcy Procedure 2004 directing that Lehman

Brothers Holding, Inc.("LBH") and Lehman Brothers Special Financing, Inc. ("LBSF")

(collectively, the "Debtors") respond to the document requests contained in Schedule 1

attached hereto, and provide for examination of the Debtors' representative who is most

knowledgeable about the matters set forth herein (the "Motion").

<u>INTRODUCTION</u>

       1.     On July 27, 2007, Giants Stadium and LBSF entered into two auction-rate

securities swap transactions (collectively, the "Transactions") as described in two ISDA

Master Agreements.  One agreement is insured by Financial Security Assurance Inc.

("FSA") and one is insured by Financial Guaranty Insurance Company ("FGIC")

(together, the "ISDA Master Agreements").  LBSF's obligations under the ISDA Master

Agreements were guaranteed by LBH.  True and correct copies of the ISDA Master

Agreements are attached hereto as Exhibit A.  All capitalized terms not defined herein

shall have the meanings assigned to such terms in the ISDA Master Agreements.

2.      On September 15, 2008 (the "Petition Date"), LBH filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code").  On October 3, 2008, LBSF also filed a voluntary chapter 11 petition under the

Bankruptcy Code.  The Debtors' chapter 11 cases are being jointly administered pursuant

to Bankruptcy Rule 1015(b) and this Court's order dated and entered on October 16,

2008.

3.      Prior to the Petition Date, the Debtors, along with various other

subsidiaries and affiliates of the Debtors (collectively "Lehman Brothers"), were the

fourth largest investment bank in the United States. Lehman Brothers offered a wide

range of financial services, including sales of debt and equities, trading and research, and

investment banking, among other business lines.  Pertinently, LBSF was in the business

of entering into derivative contracts with various counterparties.  In the course of entering

into these derivative contracts, it would be common in the financial industry for LBSF to

offset transaction risk through a process known as "hedging".

4.      LBH's bankruptcy filing was an Event of Default under the ISDA Master

Agreements.  On September 18, 2008, Giants Stadium sent two letters to LBSF (together,

the "Notice Letters" (i) notifying LBSF that an Event of Default pursuant to

Section 5(a)(vii) of the ISDA Master Agreements had occurred; and (ii) designating

2

08-13555-jmp   Doc 39105-1   Filed 09/26/12   Entered 09/26/12 09:49:06   Exhibit
Pg 40 of 66

September 18, 2008, as the Early Termination Date with respect to the Transactions.
True and correct copies of the Notice Letters are attached hereto as Exhibit B.

5.      LBSF failed to fulfill its obligations under Section 6(e) of the ISDA
Master Agreements to solicit quotations from Designated Dealers for the purpose of
using the Market Quotation payment measure. Debtors have not provided Giants
Stadium with information regarding any efforts LBSF may have undertaken in an attempt
to fulfill its obligations under this section.

6.      Giants Stadium filed Proofs of Claim against LBSF and LBH, in the
amount of $301,804,617.14, arising from Giants Stadium's September 18, 2008
termination of the Transactions. Accompanying each Proof of Claim was a statement
pursuant to Section 6(d) of the ISDA Master Agreements, dated October 2, 2008
(collectively, the "Section 6(d) Statements"). True and correct copies of the Section 6(d)
Statements are attached hereto as Exhibit C.

7.      Because LBSF failed to fulfill its obligations under Section 6(e) of the
ISDA Master Agreements to solicit quotations from Designated Dealers for the purpose
of using the Market Quotation payment measure, Giants Stadium used the Loss payment
measure with respect to the Transactions in accordance with Section 6(e) of the ISDA
Master Agreements to calculate its claim. Detailed explanations of the basis for these
Loss calculations were provided with the Section 6(d) Statements.

8.      Debtors have not provided Giants Stadium with any alternative calculation
of Loss with respect to the Transactions. Nor have they provided information regarding
any valuation methodologies Debtors have employed in relation to any other derivative
transactions.

3

08-13555-mg    Doc 39485-1    Filed 09/05/13    Entered 09/05/13 16:04:37    Exhibit G
Declaration of Theodore A. B. McCombs    Pg 11 of 36

06-13555-jmp    Doc 39405-1    Filed 09/26/12    Entered 09/26/12 15:49:06    Exhibit
Pg 41 of 66

9.      It is a common practice in the financial industry for entities in Debtors'
position to "hedge" derivative transactions such as the Transactions entered into by and
between Giants Stadium and Debtors on July 27, 2007, by entering into a second set of
transactions with one or more third parties which serve to offset risk, in whole or in part.
Debtors have not provided any information to Giants Stadium concerning any "hedging"
transactions Debtors may have entered into with regard to the Transactions.

10.     Giants Stadium is entitled to information concerning the Debtors'
derivative valuation methodology as well as information concerning any and all
transactions Debtors may have entered into in order to offset the risk of the Transactions.

11.     Therefore, pursuant to Rule 2004, Giants Stadium requests that the Court
enter an order granting Giants Stadium leave to take discovery of the Debtors concerning
these matters.

## JURISDICTION AND VENUE

12.     The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.
§§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).
Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory
predicate for the relief requested in this Motion is Rule 2004 of the Federal Rules of
Bankruptcy Procedure.

## RELIEF REQUESTED

13.     Giants Stadium requests the entry of an order pursuant to Rule 2004
authorizing and directing (i) the production of documents by the Debtors in response to
the document requests attached hereto as Schedule 1; (ii) the deposition of a
representative of the Debtors who is most knowledgeable about the subject matters set

4

forth in this Motion; (iii) the issuance of one or more subpoenas compelling such

document production and attendance at such deposition in the manner provided in

Federal Rule of Bankruptcy Procedure 9016; and (iv) granting such other and further

relief as the Court deems just and proper.

<u>ARGUMENT</u>

14.     Rule 2004 provides that "[o]n motion of any party in interest, the court

may order the examination of any entity."  Fed. R. Bankr. P. 2004(a).  The scope of

discovery under Rule 2004 relates to "the acts, conduct, or property or to the liabilities

and financial condition of the debtor, or to any matter which may affect the

administration of the debtor's estate, or to the debtor's right to a discharge."  Fed. R.

Bankr. P. 2004(b).  Under Rule 2004, a moving party is entitled to both the examination

of a witness and the production of requested documents.  Fed. R. Bankr. P. 2004(c).

15.     By this Motion, Giants Stadium is seeking information from the Debtors

relating to their efforts to solicit quotations from Designated Dealers, as required under

the ISDA Master Agreements, and to the valuation methodologies Debtors have

employed in relation to other derivative transactions as well as information relating to

any "hedge" transactions Debtors may have entered into in order to offset Debtors' risk

of loss under the Transactions with Giants Stadium.

16.     Giants Stadium is seeking the information at this time because information

regarding the valuation methodology Debtors have employed when valuing other

derivative transactions, and information relating to any "hedging" transactions Debtors

entered into in relation to the Transactions, may relate to the calculation of Loss resulting

from the Termination of the Transactions, and also to the property, liabilities, financial

condition, and administration of the Debtors' estate, and thus to Giants Stadiums' claims

against the estate.  This request, therefore, is well within the scope of Rule 2004.

<u>NO PRIOR REQUEST</u>

18.    No prior Motion for the relief requested herein has been made to this or

any other court.

<u>WAIVER OF MEMORANDUM OF LAW</u>

19.    As there are no novel issues of law relating to the Motion, Giants Stadium

requests that the Court waive the requirement that Giants Stadium file a separate

memorandum of law in support of the Motion.

<u>CONCLUSION</u>

**WHEREFORE**, for the reasons stated herein, Giants Stadium respectfully

requests that the Court enter an Order, pursuant to Rule 2004, in the form attached hereto

as Exhibit D: (i) requiring the production of documents from the Debtors responsive to

the document requests; (ii) requiring the Debtors to produce their representative for

examination who is most knowledgeable about the subject matters set forth in this

Motion; (iii) authorizing the issuance of one or more subpoenas compelling such

document production and appearance for examination; and (iv) granting such other and

further relief as the Court deems just and proper.

Dated: New York, New York
April __, 2011

                                    SULLIVAN & CROMWELL LLP

By:    /s/ Bruce E. Clark
            Bruce E. Clark
            125 Broad Street
            New York, New York 10004
            Telephone: (212) 558-4000
            Facsimile: (212) 558-3588

# SCHEDULE 1

## REQUEST FOR PRODUCTION OF DOCUMENTS

## DEFINITIONS

A.    The term "COMMUNICATIONS" as used herein shall mean and refer to every manner or method of disclosure or transfer or exchange of information, whether oral or written, and whether in person, by telephone, mail, email, personal delivery or otherwise.

B.    The term "COMPUTER" as used herein includes, but is not limited to, all mainframe computers, personal computers, microcomputers, desktop and portable, laptop or notebook computers and personal digital assistants ("PDAs").

C.    The term "DEBTORS" as used herein shall mean and refer to Lehman Brothers Holdings, Inc. and/or Lehman Brothers Special Financing, Inc. and any of the respective affiliates, officers, directors, employees, associates, consultants, attorneys, representatives, agents or any other person working on their behalf, including their predecessors and successors in interest, and bankruptcy estates.

D.    The term "DOCUMENT" or "DOCUMENTS" as used herein shall mean and refer to all written, printed, typed, recorded, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made in any form, including, but not limited to, letters, correspondence, statements, cancelled checks, agreements, contracts, appraisals, plans, specifications, reports, evaluations, e-mails, telegrams, telexes, memoranda, records, minutes, contracts, agreements, intra- and interoffice communications, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, calendar entries, summaries, books,

8

messages, instructions, work assignments, notes, write-ups, notebooks, drafts, data

sheets, data compilations, computer data compilation and computer runs, worksheets,

statistics, speeches, tapes, tape recordings, press releases, public statements and public

announcements, public and governmental filings, financial statements, opinions and other

writings and other magnetic, photographic, electronic and sound recordings.

E.     The term "ELECTRONIC DATA" as used herein shall mean and refer to

the original and any non-identical copies of any COMPUTER program, software,

database, file, email, source code or operating system, including ASCII files, word

processing documents, spreadsheets, charts, and graphs, whether active, deleted or

fragmented.

F.     The term "ELECTRONIC MEDIA" as used herein shall mean and refer to

any magnetic or other storage device used to record, store or maintain ELECTRONIC

DATA, including, but not limited to, any disk, minidisk, floppy disk, hard drive, disk

drive, CD ROM, optical disk, memory card, personal computer, network, magnetic tape,

microfiche, punch card, computer chip, back up or any other means of storing, recording

or retaining information generated by or input to or on a COMPUTER.

G.     The term "GIANTS STADIUM" as used herein shall mean and refer to

Giants Stadium LLC and any of the respective officers, directors, employees, associates,

consultants, attorneys, representatives, agents or other any person working on its behalf,

including its predecessors and successors in interest.

H.     The term "HEDGING TRANSACTION(S)" as used herein shall mean

and refer to any and all transactions and positions, including, but not limited to, short

positions and credit default swaps, entered into by DEBTORS at any time prior to,

simultaneous with, or after entering into the TERMINATED TRANSACTIONS with

GIANTS STADIUM, the purpose of which was to hedge DEBTORS' risk under the

TERMINATED TRANSACTIONS, in whole or in part, including any transactions and

positions under which Debtors would benefit from a decline in value, decline in rating, or

any increase in the cost of insuring against such decline of either Financial Security

Assurance Inc. ("FSA") or Financial Guaranty Insurance Company ("FGIC").

     I.     The term "ISDA MASTER AGREEMENTS" as used herein shall mean

and refer to the two ISDA Master Agreements and schedules thereto entered into by and

between Giants Stadium and LBSF as of July 27, 2007 and insured by Financial

Guaranty Insurance Company and Financial Security Assurance, Inc., respectively, and

guaranteed by LBH.

     J.     The term "LBH" as used herein shall mean and refer to Lehman Brothers

Holdings, Inc., and any of its respective officers, directors, employees, associates,

consultants, attorneys, representatives, agents or any other person working on its behalf,

including its predecessors and successors in interest.

     K.     The term "LBSF" as used herein shall mean and refer to Lehman Brothers

Special Financing, Inc. and any of its respective officers, directors, employees,

associates, consultants, attorneys, representatives, agents or other any person working on

its behalf, including its predecessors and successors in interest.

     L.     The term "RELATE TO" or "REFER TO" or the like as used herein shall

mean and refer to all documents that in any manner or form are relevant in any way to the

subject matter in question.

M.     The term "TERMINATED TRANSACTIONS" as used herein shall mean and refer to transactions entered into pursuant to the ISDA MASTER AGREEMENTS and terminated by GIANTS STADIUM in the TERMINATION LETTERS.

N.     The term "TERMINATION LETTERS" as used herein shall mean and refer to the letters from GIANTS STADIUM to LBSF dated September 18, 2008.

O.     The terms "YOU" and "YOUR" as used herein shall mean the DEBTORS, as defined herein.

P.     For the purposes hereof, the reference to any entity shall include any and all officers, directors, employees, associates, consultants, attorneys, representatives and agents or any other person or entity representing such entity or acting on its behalf as well as any and all affiliate entities, predecessors and successors in interest and their respective officers, directors, employees, associates, consultants, attorneys, representatives and agents.

## <u>INSTRUCTIONS</u>

A.     In responding to these requests for production, YOU are requested to furnish all DOCUMENTS that are in YOUR actual or constructive possession, custody, or control or in the possession, custody or control of any of YOUR representatives, agents or attorneys. In responding to these requests for production, YOU may elect to produce the original or, if the original is not available, a legible copy, of each requested document.

B.     In responding to these requests for production, YOU are requested to produce all DOCUMENTS either as they are kept in the usual course of YOUR business affairs or they shall be organized and labeled to correspond with the requests herein.  If a

11

DOCUMENT is responsive to more than one request, only one exemplar of the DOCUMENT needs to be produced.  Similarly, if YOU have more than one copy of the same DOCUMENT, the additional copies need not be produced.  A version of a DOCUMENT that differs in any way from the original of such DOCUMENT because it constitutes a prior draft or subsequent version, because it contains any interlineations or marginalia, or because it differed in any other respect from the original, is not an exact duplicate of such DOCUMENT. Each different version of such DOCUMENT is required to be produced.

C.      If YOU cannot respond to any of the following requests in full after exercising reasonable diligence to secure the information requested therein, please so state and respond to the extent possible, specifying the reasons for any inability to respond and stating whatever information YOU do have concerning such request.

D.      If a responsive DOCUMENT consists of ELECTRONIC DATA, is stored on ELECTRONIC MEDIA or a COMPUTER, or is otherwise unreadable in its ordinary state, the responding party shall take reasonable steps to produce and translate all such responsive items into a useable or readable form.

E.      If any privilege is claimed or if any objection is made regarding the production of any DOCUMENTS, with respect to each such DOCUMENT: (1) identify the privilege or objection involved; (2) state the basis for claiming the privilege or making the objection; (3) describe the type of DOCUMENT and the date of its creation; (4) identify each person who (a) has knowledge of the DOCUMENT or the information that the DOCUMENT contains, (b) prepared or made the DOCUMENT, (c) signed the DOCUMENT, and/or (d) now possesses the DOCUMENT or a copy, summary or digest

12

thereof; and (5) identify each person to whom the DOCUMENT or a copy, summary, or

digest thereof was directed, circulated, distributed, or shown.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS that RELATE TO any efforts by DEBTORS to solicit

quotations from Designated Dealers for the purpose of using the Market Quotation

payment measure, or any efforts by DEBTORS to otherwise fulfill any of its obligations

under Section 6(e) of the ISDA MASTER AGREEMENTS.

### REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS that RELATE TO any valuation methodologies DEBTORS

have employed to value "Loss", as defined in an ISDA Master Agreement and covering

an interest rate swap to which DEBTORS are or were a party, including, but not limited

to the TERMINATED TRANSACTIONS.

### REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS that RELATE TO any and all HEDGING

TRANSACTION(S), including, without limitation, (i) DOCUMENTS sufficient to show

the terms of any and all HEDGING TRANSACTION(S), including the date(s) entered

into, the parties thereto and the meaning and/or interpretation thereof; (ii) DOCUMENTS

sufficient to show the status, ownership, terms and control of any and all HEDGING

TRANSACTIONS, at all times from the date first entered into until the present; (iii) all

DOCUMENTS that RELATE TO any case, controversy, claim or dispute regarding any

13

and all HEDGING TRANSACTIONS, including without limitation those which are intended to be or were resolved, in whole or in part, through negotiation, settlement, judicial order or alternative dispute resolution procedures; and (iv) DOCUMENTS sufficient to show any connection between the HEDGING TRANSACTIONS and the TERMINATED TRANSACTIONS.

## REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS generated, sent, or received by Debtors' Credit Valuation Adjustment desk that RELATE to (i) the TERMINATED TRANSACTIONS, and (ii) any and all HEDGING TRANSACTIONS.

## REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS that RELATE TO any valuation methodologies DEBTORS employed to value the TERMINATED TRANSACTIONS.

## REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS that RELATE TO any capital allocated by Debtors to satisfy any requirements to maintain capital in relation to the TERMINATED TRANSACTIONS before they were terminated, including, but not limited to, DOCUMENTS sufficient to show the rate charged by Debtors on capital lent internally within Debtors.

# EXHIBIT A

06-13555-jmp   Doc 39948-7   Filed 09/05/13   Entered 09/05/13 16:04:37   Exhibit G
Declaration of Theodore N.D. McCombs   Pg 23 of 36

Pg 53 of 66

(ISDA MASTER AGREEMENTS)

16

# EXHIBIT B

(NOTICE LETTERS)

# EXHIBIT C

06-13555-jmp   Doc 39405-1   Filed 09/20/12   Entered 09/20/12 05:49:06   Exhibit G
Declaration of Theodore N. B. McCombs   Pg 27 of 36

08-18555-mg   Doc 39948-7   Filed 09/05/13   Entered 09/05/13 16:04:37   Exhibit G
Pg 57 of 66

(SECTION 6(d) STATEMENTS)

06-18555-mg   Doc 3994-7   Filed 09/05/13   Entered 09/05/13 16:04:37   Exhibit G

06-13555-jmp   Doc 31105-1   Filed 09/26/12   Entered 09/26/12 15:49:06   Exhibit
Declaration of Theodore W.D. McCombs   Pg 28 of 36

Pg 58 of 66

# EXHIBIT D

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | x | |
| In re | : | **Chapter 11 Case No.** |
| | : | **08-13555 (JMP)** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et. al.,* | : | **(Jointly Administered)** |
| | : | |
| Debtors. | | |
| | x | |

### ORDER ON MOTION OF GIANTS STADIUM LLC FOR LEAVE TO CONDUCT DISCOVERY OF THE DEBTORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

Upon the motion (the "Motion")[1]1 of Giants Stadium LLC ("Giants Stadium") for

the entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure

("Rule 2004") authorizing and directing (i) the production of documents by Lehman

Brothers Holdings, Inc. and Lehman Brothers Special Financing, Inc. (collectively, the

"Debtors") in response to the document requests attached as Schedule 1 to the Motion;

(ii) the deposition of a representative of the Debtors who is most knowledgeable about

the matters set forth in the Motion, and (iii) the issuance of one or more subpoenas

compelling such document production and attendance at such deposition; and this matter

being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B); and upon consideration of

the Motion; and due and appropriate notice of the Motion having been given, it is hereby

**ORDERED** that:

    1.      The Motion is GRANTED.

    2.      Giants Stadium is authorized to serve upon the Debtors document requests

substantially in the form of Schedule 1 to the Motion.  The Debtors shall produce such

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

requested documents so that such documents are received at the offices of Sullivan &

Cromwell LLP, located at 125 Broad Street, New York, New York 10004, on or before

_____, 2011, or at such other date, time, or place as Giants Stadium may

agree.

3.      The Debtors shall make their representative most knowledgeable with

regard to the subject matters set forth in the Motion available for a deposition by Giants

Stadium on _____, 2011, commencing at _____a.m. (New York time), at

the offices of Sullivan & Cromwell LLP, located at 125 Broad Street, New York, New

York 10004, or at such other date, time, or place as Giants Stadium may agree.

4.      Giants Stadium is authorized to issue subpoenas, pursuant to Federal Rule

of Bankruptcy Procedure 9016, as necessary for the above-ordered document production

and deposition.

Dated: _____ __, 2011
       New York, New York

_____
THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

## McCombs, Theodore A.B.

| | |
|---|---|
| **From:** | michael.firestone@weil.com |
| **Sent:** | Friday, April 08, 2011 4:43 PM |
| **To:** | Schwartz, Matthew A. |
| **Cc:** | Clark, Bruce E.; Slack, Richard |
| **Subject:** | RE: 2004 Discovery Requests |

Matthew,

Thank you for providing us with an advance draft of Giants Stadium's Rule 2004 motion.  The motion is inappropriate for number of reasons.  As you know, the debtor has served 2004 discovery on Giants Stadium pursuant to the Court's November 23, 2009 order authorizing the debtor to take this discovery. This 2004 discovery has included document requests and the deposition of Giants Stadium's CFO (which is set for early May). The purpose of this discovery is for the debtor to determine if there is a dispute concerning the swaps between Giants Stadium and Lehman and, if so, what are the issues. We recognize that Giants Stadium has already filed a proof of claim in the Bankruptcy Court with respect to these swaps. We are still engaged in our investigative process. At the conclusion of that process, we could agree with Giants Stadium's views of the swap as set forth in the proof of claim or we could determine that there are issues that the parties need to resolve. Those disputes will be the subject of either a claims process or an adversary proceeding in the Bankruptcy Court. In either case, Giants Stadium will have ample opportunity, if the need arises, to take discovery at that time in the context of such proceedings.  We look forward to completeing our investigation and working with you on the next steps.

Regards,

Michael




**Michael J. Firestone**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
michael.firestone@weil.com
+1 212 310 8636 Direct
+1 212 310 8007 Fax

---

**From:** Schwartz, Matthew A. [mailto:schwartzmatthew@sullcrom.com]
**Sent:** Wednesday, April 06, 2011 11:49 AM
**To:** Slack, Richard; Firestone, Michael
**Cc:** Clark, Bruce E.
**Subject:** 2004 Discovery Requests

Dear Richard and Michael,

Attached are draft papers that Giants Stadium intends to submit to the Court seeking 2004 discovery from the Debtors.  Before filing these papers, we would like to give you the opportunity to review them to see if you would consent to the motion, or agree not to oppose.  We'd appreciate any response by end of this week.

Regards,
Matthew

Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Tel:  +1 212 558 4197
Fax: +1 212 291 9481
schwartzmatthew@sullcrom.com

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (postmaster@weil.com), and destroy the original message. Thank you.

**EXHIBIT C**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Weil, Gotshal & Manges LLP**

+1 212 310 8636
michael.firestone@weil.com

November 11, 2010

BY FEDERAL EXPRESS AND E-MAIL

Bruce E. Clark, Esq.
Sullivan & Cromwell LLP
125 Broad Street
Denver, CO 80202

**Re:   _In re Lehman Brothers Holdings Inc., et al.,_ Case No. 08-13555 (Bankr. S.D.N.Y.)**

Dear Mr. Clark:

As you know, we represent Lehman Brothers Special Financing, Inc. and its affiliated debtors ("Lehman") in connection with the Subpoena directed to Giants Stadium LLC ("Giants Stadium") and dated May 19, 2010 (the "Subpoena"), which was issued pursuant to Rule 2004 of Federal Rules of Bankruptcy Procedure.

In its Responses and Objections to the Subpoena, Giants Stadium objected to producing any documents in response to items (i) and (ii) of Request No. 17, and to Request Nos. 18 and 19 in their entirety. Giants Stadium has not provided any valid basis for withholding these documents from production. Indeed, these Requests are well within the permissible scope of Rule 2004, and Giants Stadium must produce responsive documents.  Indeed, Bankruptcy Rule 2004 is "debtor-centric and _allows considerable leeway for all manner of so-called fishing expeditions_ provided that there is a reasonable nexus to the debtor and the administration of the debtor's case".  In re Hilsen, 2008 WL 2945996, at *1 (Bankr. S.D.N.Y., July 25, 2008) (Peck, J.). (emphasis added).

Request Nos. 17, 18, and 19 seek certain financial information from Giants Stadium.  Specifically, items (i) and (ii) of Request No. 17 seek Giants Stadium's financial statements and its financial disclosures, respectively.  Request No. 18 seeks any financial projections for Giants Stadium, and Request No. 19 seeks information regarding the terms of any outstanding Giants Stadium financing arrangements. These requests are designed to provide LBSF with information to allow LBSF to evaluate, among other things, whether Giants Stadium properly calculated a Settlement Amount (as that term is defined by the governing documents) in a commercially reasonable manner when it terminated all outstanding transactions under the two ISDA Master Agreements it had entered into with LBSF.  For example, it appears to be implicit in Giants Stadium's valuation that the forward auction rate with respect to the related auction rate securities will remain constant for 38.5 years.  The information requested is designed to provide LBSF with sufficient information to test this and other assumptions.  Additionally, to the extent Giants Stadium marked the value of the terminated Transactions on its books and records, such information is also relevant.  The above is not meant to be inclusive, but merely exemplary.

US_ACTIVE:\43556096\01\58399.0003

Bruce E. Clark, Esq.
November 11, 2010
Page 2

Weil, Gotshal & Manges LLP

These requests are well within the permissible scope of Rule 2004, particularly given the "considerable leeway" permitted thereunder.  Please let us know if and when you will produce these documents.  If you continue to refuse to produce them, please let us know so that we can take appropriate next steps to obtain them.

We have not addressed in this letter any deficiencies in your production under the categories you agreed to produce; we intend to review those issues after the completion of Giants Stadium's production, which we understand will take place at the end of this week.

Please feel free to contact me regarding the matters discussed above.

Sincerely,

Michael J. Firestone

cc:     Richard W. Slack