# EXHIBIT I

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark
Matthew A. Schwartz

*Attorneys for Baupost Group LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| In re | : Chapter 11 |
|  | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
|  | : |
| Debtors. | : Jointly Administered |
|  | : |

---

## OBJECTIONS OF BAUPOST GROUP LLC TO
## DEBTORS' SUBPOENA FOR RULE 2004 EXAMINATION

Pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Rule 45 of the Federal Rules of Civil Procedure, The Baupost Group LLC, and its affiliated entities ("Baupost"), by its undersigned counsel, hereby objects to the Subpoena for Rule 2004 Examination, served on May 24, 2013 ("Subpoena") propounded by Lehman Brothers Special Finance and Lehman Brothers Holdings, Inc. (jointly, "Debtors"), as follows:

## GENERAL OBJECTIONS

1.      Baupost objects to the Subpoena on the grounds that it commands Baupost to produce information that is (a) irrelevant to any party's claim or defense, (b) not reasonably calculated to lead to the discovery of admissible evidence, and (c) neither relevant to the claims,

rights, or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estates.

2.      As Debtors are well aware the Subpoena seeks discovery concerning facts, circumstances and events that existed, occurred and transpired, and transactions that were terminated, long before certain rights in the claims (the "Claims") filed by Giants Stadium were transferred to Bank of America, and, then, subsequently transferred to Goal Line Partners LLC, an entity owned and created by funds and accounts advised by Baupost.  Indeed, the transactions were entered into by Lehman and Giants Stadium in 2007, and Baupost did not acquire any rights in the Claims until long after.  The Subpoena seeks discovery of valuation information, and any such information or other discovery sought by the Subpoena that is likely to lead to admissible evidence resides with Giants Stadium, from which we understand that Debtors have already sought and received voluminous discovery.  As such, the likelihood of Debtors receiving any admissible evidence (let alone non-duplicative admissible evidence) from the Subpoena is outweighed by the burden the Subpoena imposes on Baupost.

3.      Furthermore, as this court made clear at the November 14, 2012 omnibus hearing, the information sought from Baupost, which is focused almost exclusively on valuation of the Claims, is  not reasonably likely to lead to the discovery of admissible evidence :

> THE COURT:  I'm going to make the general observation that ordinarily when claims are transferred and the Lehman case has been one of the largest unregulated trading markets and distressed claims in the world during the past four years.  There's a routine that I'm familiar with not from being a Judge, but having been a practitioner, and you're not likely to find very much of value in the back and forth relating to that claim trade, at least as it relates to the value for purposes of any objection you might file.
>
> These are trades between so-called big boys, and everybody makes their own judgments as to the likelihood of success in future litigation with regard to the

claim.  You may or may not be ultimately entitled to obtain that information, but even if you do, in my view, it's a big so what.

(11/14/12 Hr'g Tr. at 23:13-24:4.)   In view of the Court's observations on the likely probative value of the discovery sought by the Subpoena, the likelihood that such information may be more efficiently and completely obtained elsewhere (to the extent it is discoverable at all), and the substantial burden on Baupost of responding to the Subpoena, the Subpoena is objectionable.

4.      Baupost also objects to the Subpoena on the grounds that it commands Baupost to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection from disclosure.  Indeed, the Subpoena seems intentionally designed to improperly invade the privilege and work product protections over documents concerning Baupost's and/or Giants Stadium's litigation strategy.  The command to produce categorically privileged or protected information is an abuse of Debtors' Rule 2004 authority.

5.      Baupost also objects to the Subpoena on the grounds that it purports to impose burdens or duties upon Baupost that exceed or are different from the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, or any other applicable laws, rules, or judicial orders.  The command to produce non-discoverable information is an abuse of Debtors' Rule 2004 authority.

6.      Baupost further objects to the Subpoena on the grounds that it purports to command Baupost to produce information that is unreasonably cumulative or duplicative of information already obtained in discovery from Giants Stadium or that is obtainable from another source that is more convenient, less burdensome, or less expensive.  Debtors have

-3-

already sought and obtained voluminous discovery from Giants Stadium regarding the information sought by the Subpoena, and Debtors have deposed an Authorized Representative of Giants Stadium for more than seven hours. The command to produce duplicative information under these circumstances is an abuse of Debtors' Rule 2004 authority.

7.    Baupost objects to Definition 1 ("Bank of America") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), seek information not within Baupost's custody and control (including but not limited to the phrase "former or current officers, agents, advisors, subsidiaries, affiliates, predecessors, successors, or representatives"), and seek information that is not relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estates.

8.    Baupost objects to Definition 2 ("Baupost") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), seek information not within Baupost's custody and control (including but not limited to the phrase "former or current officers, agents, advisors, subsidiaries, affiliates, predecessors, successors, or representatives"), and seek information that is not relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estates.

9.      Baupost objects to Definition 7 ("Giants Stadium") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), seek information not within Baupost's custody and control (including but not limited to the phrase "former or current officers, agents, advisors, subsidiaries, affiliates, predecessors, successors, or representatives"), and seek information that is not relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estates.

10.     Baupost objects to Definition 8 ("Goal Line") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control"), seek information not within Baupost's custody and control (including but not limited to the phrase "former or current officers, agents, advisors, subsidiaries, affiliates, predecessors, successors, or representatives"), and seek information that is not relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estates.

11.     Baupost objects to Definition 11 ("LBHI") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control, but only to the extent

acting in such capacity"), seek information not within Baupost's custody and control (including but not limited to the phrase "former or current officers, agents, advisors, subsidiaries, affiliates, predecessors, successors, or representatives"), and seek information that is not relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estates.

12. Baupost objects to Definition 12 ("LBSF") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "any person or entity acting on its behalf or under its control, but only to the extent acting in such capacity"), seek information not within Baupost's custody and control (including but not limited to the phrase "former or current officers, agents, advisors, subsidiaries, affiliates, predecessors, successors, or representatives"), and seek information that is not relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estates.

13. Baupost objects to the first Instruction (¶ 19) on the grounds that it commands Baupost to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, and/or other applicable privilege, immunity, or protection from disclosure.

14. Baupost objects to the second Instruction (¶ 20) on the grounds that it purports to impose burdens or duties upon Baupost that exceed the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York,

or any other applicable laws, rules, or judicial orders.  Baupost further objects to the second Instruction on the grounds that it places an unreasonable burden on Baupost and is brought solely to annoy, harass, and oppress Baupost.

15.    Baupost objects to the third Instruction (¶ 21) on the grounds that it purports to impose burdens or duties upon Baupost that exceed the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, or any other applicable laws, rules, or judicial orders.  Baupost further objects to the third Instruction on the grounds that it places an unreasonable burden on Baupost and is brought solely to annoy, harass, and oppress Baupost.  In the unlikely event that Baupost agrees to produce in response to any category of documents requested by this subpoena, it will not produce a privilege log given that all or nearly all of the requested documents are privileged and/or work product protected.

16.    Baupost objects to the fourth Instruction (¶ 22) on the grounds that it purports to impose burdens or duties upon Baupost that exceed the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, or any other applicable laws, rules, or judicial orders.  Baupost further objects to the fourth Instruction on the grounds that it places an unreasonable burden on Baupost and is brought solely to annoy, harass, and oppress Baupost.  In the unlikely event that Baupost agrees to produce in response to any category of documents requested by this subpoena, it will not produce a privilege

log given that all or nearly all of the requested documents are privileged and/or work product protected.

17.    Baupost objects to the ninth Instruction (¶ 27) on the grounds that it purports to impose burdens or duties upon Baupost that exceed the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, or any other applicable laws, rules, or judicial orders.  Baupost further objects to the ninth Instruction on the grounds that it commands the production of information that is unreasonably cumulative or duplicative of information already obtained in discovery, and commands Baupost to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, and/or other applicable privilege, immunity, or protection from disclosure.

18.    Baupost objects to the tenth Instruction (¶ 28) on the grounds that it purports to impose burdens or duties upon Baupost that exceed the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, or any other applicable laws, rules, or judicial orders.  This Subpoena is an invalid use of Debtors' Rule 2004 authority and Baupost specifically objects to the issuance of any additional subpoenas on the same grounds as are set forth herein.

19.    Baupost objects to the eleventh Instruction (¶ 29) on the grounds that it purports to impose burdens or duties upon Baupost that exceed the requirements or permissible scope of discovery under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil

Procedure, the Local Rules of the U.S. Bankruptcy Court for the Southern District of New York, or any other applicable laws, rules, or judicial orders.    This Subpoena is an invalid use of Debtors' Rule 2004 authority and Baupost specifically objects to the deposition of any person from Baupost or Goal Line on the same grounds as are set forth herein.

20.    Baupost objects to the "Relevant Time Period" on the grounds that it commands Baupost to produce information that is patently irrelevant to any claim or defense of the parties and not reasonably calculated to lead to the discovery of admissible evidence, information that is unreasonably cumulative or duplicative of information already obtained in discovery, and information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, and/or other applicable privilege, immunity, or protection from disclosure.

## SPECIFIC OBJECTIONS

REQUEST NO. 1

All Documents concerning any valuation of the Transactions, both prior to and following their purported termination on September 18, 2008, including the valuation(s) contained in the Calculation Statements and any proofs of claim (or amended proofs of claim) filed by Giants Stadium in the Lehman Bankruptcy.

Response to Request No. 1

In addition to Baupost's General Objections, Baupost objects to this Request on the grounds that seeks information that is not relevant to the claims, rights, or interests of Debtors in the Chapter 11 case and is not reasonably calculated to assist in the administration of Debtors' bankruptcy estates.    Any valuation conducted by Baupost, a third party to this

proceeding, prior to acquiring rights to the Claims, if any, were necessarily performed without full information, and are plainly irrelevant to the assessment of the Claims or the administration of the estates. Any valuation conducted after Baupost acquired rights to the Claims, if any, is protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or other applicable privilege, immunity, or protection from disclosure. Baupost objects to this Request on the grounds that it improperly invades privilege and work product protections over documents concerning Baupost's or Giants Stadium's litigation strategy.

Further, Debtors have sought and obtained extensive discovery from Giants Stadium pertaining to the valuation of Claims. Therefore, Debtors' attempt to obtain discovery from Baupost is needlessly duplicative of discovery that has already been sought and received from Giants Stadium and therefore unduly burdensome to Baupost, a third-party to this proceeding. As the Court recognized at the November 14, 2012 omnibus hearing, Debtors already have enough information to determine whether to object to the Claims (11/14/12 Hr'g Tr. at 58:5-7). Given (i) that information responsive to this Request, to the extent discoverable, is either irrelevant to Giant's Claim, is protected from disclosure by applicable privileges or protections, and/or has already been sought and received from Giants Stadium, and (ii) the burdens to Baupost caused by producing information of little to no relevance and invading the privileges and work product protections, the burden on Baupost, on balance, greatly outweighs any possible utility, if any, of the information sought. Baupost also objects that this Request is overbroad and unduly burdensome on Baupost and is brought solely to annoy, harass, and oppress Baupost.

-10-

REQUEST NO. 2

        All Documents concerning any valuation of the Bonds, both prior to and following September 18, 2008.

Response to Request No. 2

        In addition to Baupost's General Objections, Baupost objects to this Request on the grounds that it seeks information that is not relevant to the claims, rights, or interests of Debtors in the Chapter 11 case and is not reasonably calculated to assist in the administration of Debtors' bankruptcy estates.  Any valuation conducted by Baupost, a third party to this proceeding, if any, prior to acquiring rights to the Claims, were  necessarily performed without full information, and are plainly irrelevant to the assessment of the Claims or the administration of the estates.  Any valuation conducted after Baupost acquired rights to the Claims, if any, is protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or other applicable privilege, immunity, or protection from disclosure.  Baupost objects to this Request on the grounds that it improperly invades privilege and work product protections over documents concerning Baupost's or Giants Stadium's litigation strategy.

        Further, Debtors have sought and obtained extensive discovery from Giants Stadium pertaining to the valuation of Claims.  Therefore, Debtors' attempt to obtain discovery from Baupost is needlessly duplicative of discovery that has already been sought and received from Giants Stadium and therefore unduly burdensome to Baupost, a third-party to this proceeding.   Further, as the Court recognized at the November 14, 2012 omnibus hearing, Debtors already have enough information to determine whether to object to the Claims (11/14/12

-11-

Hr'g Tr. at 58:5-7) Given (i) that information responsive to this Request, to the extent discoverable, is either irrelevant to Giant's Claim, is protected from disclosure by applicable privileges or protections, and/or has already been sought and received from Giants Stadium, and (ii) the burdens to Baupost caused by producing information of little to no relevance and invading the privileges and work product protections, the burden on Baupost, on balance, greatly outweighs any possible utility, if any, of the information sought. Baupost objects that this Request is overbroad and unduly burdensome on Baupost and is brought solely to annoy, harass, and oppress Baupost.

REQUEST NO. 3

All Documents concerning the purchase or transfer of Giants Stadium's claims in the Lehman Bankruptcy by or to Baupost, Bank of America, and/or Goal Line, including any Documents· shared with any purchaser or seller (or prospective purchaser or seller) of Giants Stadium's claims, and Documents concerning the value of the claims.

Response to Request No. 3

In addition to Baupost's General Objections, Baupost objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information that is not relevant to the claims, rights, or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estates, or whose relevance is outweighed by the burden Baupost would bear in attempting to collect, review, and produce such material. As this court made clear at the November 14, 2012 omnibus hearing, the information sought from Baupost, which is focused almost exclusively on valuation of the Claims, is not reasonably likely to lead to the discovery of admissible evidence. In view of the Court's

observations on the likely probative value of the discovery sought by the Subpoena, the likelihood that such information may be more efficiently and completely obtained elsewhere (to the extent it is discoverable at all) and the substantial burden on Baupost of responding to the Subpoena, the Subpoena is objectionable. Baupost further objects to this Request on the grounds that it commands Baupost to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection from disclosure, and improperly invades the privilege and work product protections over documents concerning Baupost's or Giants Stadium's litigation strategy.  Baupost also objects to this Request on the grounds that it is unreasonably cumulative or duplicative of information already obtained in discovery from Giants Stadium or that is obtainable from another source that is more convenient, less burdensome, or less expensive.  Baupost objects that this Request places an unreasonable burden on Baupost and is brought solely to annoy, harass, and oppress Baupost.

REQUEST NO. 4

Documents reflecting the value of the claims (and amended claims) filed by Giants Stadium in the Lehman Bankruptcy, including any financial statement or other financial Documents reflecting directly or indirectly any value of the claim.

Response to Request No. 4

In addition to Baupost's General Objections, Baupost objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information that is not relevant to the claims, rights or interests of Debtors in the Chapter 11 case nor reasonably calculated to assist in the administration of Debtors' bankruptcy estates, or whose relevance is

outweighed by the burden Baupost would bear in attempting to collect, review, and produce such material.  Baupost further objects to this Request on the grounds that it commands Baupost to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection from disclosure, and improperly invades the privilege and work product protections over documents concerning Baupost's or Giants Stadium's litigation strategy. Baupost also objects to this Request on the grounds that Debtors have sought and obtained extensive discovery from Giants Stadium pertaining to the valuation of the Claims, including that Giants Stadium provided Debtors with access to its financial statements, and this Request is therefore unreasonably cumulative or duplicative of information already obtained in discovery from Giants Stadium or that is obtainable from another source that is more convenient, less burdensome, or less expensive.  Baupost further objects that this Request places an unreasonable burden on Baupost and is brought solely to annoy, harass, and oppress Baupost.

REQUEST NO. 5

All Documents concerning the respective roles of Giants Stadium and Baupost with respect to the pursuit of claims in the Lehman Bankruptcy in connection with the Transactions, including any Documents concerning the respective portion of any recoveries that Giants Stadium and Baupost may receive pursuant to such claims.

Response to Request No. 5

In addition to Baupost's General Objections, Baupost objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information that is not relevant to the claims, rights, or interests of Debtors in the Chapter 11 case nor reasonably

calculated to assist in the administration of Debtors' bankruptcy estates, or whose relevance is outweighed by the burden Baupost would bear in attempting to collect, review, and produce such material. As this court made clear at the November 14, 2012 omnibus hearing, the information sought from Baupost, which is focused almost exclusively on valuation of the Claims, is not reasonably likely to lead to the discovery of admissible evidence. In view of the Court's observations on the likely probative value of the discovery sought by the Subpoena, the likelihood that such information may be more efficiently and completely obtained elsewhere (to the extent it is discoverable at all) and the substantial burden on Baupost of responding to the Subpoena, the Subpoena is objectionable. Baupost further objects to this Request on the grounds that it commands Baupost to produce information protected by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product protection, or any other applicable privilege, immunity, or protection from disclosure, and improperly invades the privilege and work product protections over documents concerning Baupost's or Giants Stadium's litigation strategy. Baupost objects to this Request on the grounds that it is unreasonably cumulative or duplicative of information already obtained in discovery from Giants Stadium or that is obtainable from another source that is more convenient, less burdensome, or less expensive. Baupost further objects that this Request places an unreasonable burden on Baupost and is brought solely to annoy, harass, and oppress Baupost.

\*     \*     \*

Baupost reserves all its rights with respect to the Subpoena, including the right to modify or supplement its objections thereto. Baupost is prepared to meet and confer with Debtors regarding the resolution of these objections.

Dated: New York, New York      SULLIVAN & CROMWELL LLP
      June 7, 2013

                   By:    /s/_____
                       Bruce E. Clark
                       Matthew A. Schwartz
                       SULLIVAN & CROMWELL LLP
                       125 Broad Street
                       New York, New York 10004
                       Telephone:  (212) 558-4000
                       Facsimile:  (212) 558-3588

                       *Attorneys for Baupost Group LLC*