# United States Bankruptcy Court
## Southern District of New York

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC, <u>et al</u>., | Case No. 08-13555 (JMP) |
| | Jointly Administered |

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111 (a). Transferee hereby gives notice pursuant to Rule 3001(e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| **Contrarian Funds, LLC** | **OLIVERA WHYTE, A. JAVIER & MONTEVECHIO, NORA P.** |
|---|---|
| Name of Transferee | Name of Transferor |
| Name and address where notices to transferee should be sent: | Name and Current Address of Transferor |
| Contrarian Funds, LLC<br>411 West Putnam Ave., Ste. 425<br>Greenwich, CT 06830<br>Attention: Alisa Mumola<br>Telephone: 203-862-8211<br>Email: amumola@contrariancapital.com | Olivera Whyte, A. Javier & Montevechio, Nora P.<br>Gral. Arq. Alfredo Alfredo Baldomir 2425 BIS<br>Montevideo 11300<br>Uruguay |

**Proof of Claim #: 50987**

I declare under penalty of perjury that the information provided in this notice
is true and correct to the best of my knowledge and belief.

By:_____/s/ *Alisa Mumola*_____     Date: _____**September 6, 2013**_____

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 & 3571.

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, Javier A. Olivera Whyte & Nora P. Montevechio ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Contrarian Funds, LLC (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 50987 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc. (the "Debtor"), the debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation or guaranty relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto and (d) any and all proceeds of any of the foregoing (the Purchased Claim, together with the rights and interests as described in clauses (a), (b), (c) and (d), are collectively referred to herein as the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Programs Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim ("Agreement"); (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged (and shall not engage) in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense, or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other holders of Allowed LBHI Class 5 Senior Third-Party Guarantee Claims under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliate Debtors, dated December 5, 2011; (g) pursuant to that certain Order Approving the Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc. (Dkt. 19120), the Purchased Claim has been allowed in the amount as set forth on Schedule 1 hereto; (h) on or about April 17, Seller received distribution on account of the Transferred Claims from Debtor in the amount of $3,400.00 (the "Debtor Distributions"), and on or about June 13, 2013, Seller received a distribution on account of the Purchased Security from Lehman Brothers Treasury Co. B.V. in the amount of amount of $2,657.57 (the "Issuer Distribution" and together with the Debtor Distributions, the "Distributions"); and (i) other than the Distributions, no payment or distribution has been received by or on behalf of Seller in full or partial satisfaction of the Transferred Claims.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice

84717211v2

or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the Proceedings, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller agrees that in the event Seller shall receive any distributions or notices with respect to the Transferred Claims after the date hereof, Seller shall accept the same and shall hold the same in trust for the sole benefit of Purchaser and Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser, with the endorsement of Seller (without recourse, representation or warranty) when necessary or appropriate. In the event Seller fails to deliver any payments, distributions or proceeds to Purchaser within three (3) business days of Seller's receipt, Seller shall be obligated to pay Purchaser interest on such payment, distribution or proceed at 3% per annum, from the date of Seller's receipt to the date of Purchaser's receipt. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*(signatures on the following page)*

84717211v2

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 27 day of Aug. 2013.

**Javier A. Olivera Whyte & Nora P. Montevechio**

By: _____
Name: JAVIER A. OLIVERA WHYTE
Title:

By: _____
Name: NORA P. MONTEVECHIO
Title:

Gral. Arq. Alfredo Alfredo Baldomir 2425 BIS
Montevideo 11300
Uruguay

**Contrarian Funds, LLC**

By: Contrarian Capital Management, L.L.C as Manager

By: _____
Name:
Title: MICHAEL J. RESTIFO
COO/CFO
Contrarian Capital Management, L.L.C
411 West Putnam Ave., Ste. 425
Greenwich, CT 06830
Attn: Alisa Mumola
Main 203-862-8200
Email: amumola@contrariancapital.com

84717211v2

Schedule 1

Transferred Claim

Purchased Claim

100% of $20,000 (the allowed amount of the Purchased Claim as of the date of this Agreement).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/ Notional Amount | Maturity | Allowed Amount |
|---|---|---|---|---|---|---|
| LBT CO BV 5-YR EMNT ON WORLD BASKET OF INDICIES 113.5% | XS0200454188 | Lehman Brothers Treasury B.V. | Lehman Brothers Holdings Inc. | US$20,000 | September 11, 2009 | $20,000 |

Schedule 1-1

KL2 2636582.1
8471721v2