RICH MICHAELSON MAGALIFF MOSER, LLP
340 Madison Avenue, 19th Floor
New York, NY 10173
212.220.9406 (telephone)
Eric.Moser@r3mlaw.com

Counsel for EFETnet B.V.

**UNITED STATES BANKRUPTCY COURT
SOUNTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
In re                                       :        Chapter 11
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :        Case No. 08-13555 (JMP)
                                            :
                            Debtors.        :        (Jointly Administered)
                                            :
---------------------------------------------------------------X

**NOTICE OF HEARING ON MOTION OF EFETNET B.V. TO AUTHORIZE LATE-
FILED PROOF OF CLAIM AND/OR PERMIT AMENDMENT OF INFORMAL PROOF
OF CLAIM AGAINST LEHMAN BROTHERS COMMODITY SERVICES, INC.**

PLEASE TAKE NOTICE that a hearing to consider the Motion of EFETnet B.V. to Authorize Late-Filed Proof of Claim and/or Permit Amendment of Informal Proof of Claim Against Lehman Brothers Commodity Services, Inc. (the "Motion") will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 at the United States Bankruptcy Court, One Bowling Green, New York, New York on **October 24, 2013 at 10:00 a.m.**, or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that responses or objections, if any, to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure and be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3.5 inch disk, in text-searchable Portable Document Format (PDF), Wordperfect

or any other Windows-based word processing format (in either case, with a hard copy delivered to Chambers), and be served upon (i) The Chambers of the Honorable James M. Peck, One Bowling Green, New York, NY 10004; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn:  Richard Krasnow, Esq., Lori Fife, Esq., Shai Y. Waisman, and Jacqueline Marcus, Esq.; (iii) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004, Attn:  Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Rifkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCoy LLP, 1 Chase Manhattan Plaza, New York, NY 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan R. Fleck, Esq.; and (v) Rich Michaelson Magaliff Moser, LLP, 340 Madison Avenue, 19th Floor, New York, NY 10173, Attn:  Eric T. Moser, Esq., so as to be actually received no later than **October 17, 2013 at 4:00 p.m.**

PLEASE TAKE FURTHER NOTICE that only objections made in writing and timely filed and received will be considered by the Bankruptcy Court at any hearing on the Motion.

Dated:   New York, New York
         September 6, 2013

RICH MICHAELSON MAGALIFF MOSER, LLP
Counsel for the EFETnet B.V.

By: /s/ Eric T. Moser
Eric T. Moser
340 Madison Avenue, 19th Floor
New York, NY 10173
212.220.9406
emoser@r3mlaw.com

RICH MICHAELSON MAGALIFF MOSER, LLP
340 Madison Avenue, 19th Floor
New York, NY 10173
212.220.9406 (telephone)
Eric.Moser@r3mlaw.com

Counsel for EFETnet B.V.

**UNITED STATES BANKRUPTCY COURT
SOUNTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
In re                                                : Chapter 11
                                                     :
LEHMAN BROTHERS HOLDINGS INC., et al.,              : Case No. 08-13555 (JMP)
                                                     :
                                    Debtors.        : (Jointly Administered)
                                                     :
---------------------------------------------------------------X

**MOTION OF EFETNET B.V. TO AUTHORIZE LATE-FILED PROOF OF CLAIM
AND/OR PERMIT AMENDMENT OF INFORMAL PROOF OF CLAIM AGAINST
<u>LEHMAN BROTHERS COMMODITY SERVICES, INC.</u>**

EFETnet, B.V. ("EFETnet"), by and through its undersigned counsel, hereby submits this motion, pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9006, seeking entry of an order authorizing (i) the filing of a late-filed proof of claim against Lehman Brothers Commodity Services, Inc. ("LBCS"); or, in the alternative, (ii) the amendment of EFETnet's previously filed informal proof of claim against Lehman Brothers Inc. ("LBI"). In support thereof, EFETnet respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.  EFETnet was a known creditor of LBCS, constitutionally entitled to *actual* notice of the bar date, but did not receive actual notice to the fact that LBCS, by its own admission, misaddressed the envelope containing the bar date notice. As a result, EFETnet should be permitted to file a late claim due to the LBCS's failure to provide it with actual notice of the claims bar date in its case.

2.  In the alternative, EFETnet's claim, which was timely filed against LBI, from which it received actual notice of the LBI bar date, should be deemed an informal proof of claim against LBCS, and EFETnet should be permitted to amend that claim to reflect the correct debtor since it was (i) filed with the bankruptcy court; (ii) prior to the bar date in the LBCS (and the LBI) case; and (iii) evinces a clear intention to hold LBCS liable for the unpaid invoices attached thereto.

## PROCEDURAL HISTORY

3.  On February 23, 2009, EFETnet filed a proof of claim against LBI in the amount of $49,155.00 based on two unpaid invoices issued to LBCS for use of EFETnet's proprietary software.[1]

4.  In making its claim, EFETnet used the preformatted proof of claim form provided to it by LBI, which was mailed to EFETnet on or about December 1, 2008. See LBI Docket No. 388 (Affidavit of Service of Bridget Gallerie of Epiq Bankruptcy Solutions, LLC Regarding Securities Investor Protection Corporation Customer Claim Form and Related Documents).

5.  By Order dated July 2, 2009 (the "Bar Date Order"), this Court established September 22, 2009 (the "Bar Date") as the deadline for filing proofs of claims based upon pre-petition claims against LBCS, Lehman Brothers Holdings Inc. and their respective corporate affiliates (collectively, the "Debtors").

6.  Notably, while EFETnet received a pre-formatted notice from LBI, LBCS never sent a similar notice to EFETnet at its correct address even though EFETnet was clearly a known creditor of LBCS at the time of its bankruptcy filing, and was therefore entitled to receive actual notice of the Bar Date from the Debtors.

---

[1] A copy of EFETnet's Proof of Claim is annexed hereto as Exhibit 1.

**EFETNETSHOULD BE PERMITTED TO FILE A PROOF OF CLAIM AGAINST LBCS**

**I.    As A Known Creditor of LBCS, EFETnet Was Entitled to Actual Notice**

7.    EFETnet had issued two invoices to LBCS prior to its bankruptcy filing, making it a known creditor, readily ascertainable upon a review of the Debtors' books and records. Indeed, the Debtors attempted to serve EFETnet with a notice of the bar date, but used an address that was on a different continent from that reflected in EFETnet's invoices.[2]

8.    Accordingly, under the Fifth Amendment to the United States Constitution, the Debtors were obligated to provide actual notice of the Bar Date to EFETnet "in order to achieve a legally effective discharge of [it's] claims." In re XO Communications, Inc., 301 B.R. 702, 792 (Bankr. S.D.N.Y. 2003) (citations omitted); accord New York, New Haven & Hartford Railroad Co., 344 U.S. 293, 297) (1953) ("But even creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred. When the judge ordered notice by mail to be given the appearing creditors, New York City acted reasonably in waiting to receive the same treatment.").

9.    LBCS failed to do so.

10.    As a result, EFETnet must, at a minimum, be permitted to assert its claims against LBCS now in order to satisfy the fundamental dictates of due process. See U.S. CONST., Amend V.

---

[2] The court can take judicial notice that the Debtor's affidavit of service of the notice of the Bar Date (Docket No. 4349) lists EFETnet on page 1266 as having been served at "Keizersgracht 62-64 Amsterdam 1015 CS NIGER" rather than its correct address "Keizersgracht 62-64 Amsterdam 1015 Netherlands." A copy of the relevant page is annexed hereto as Exhibit 2.

3

**II.     EFETnet's Claim Is A Timely-Filed Informal Proof of Claim**

11.     Under the prevailing law of this district, in order "[t]o qualify as an informal proof of claim, a document purporting to evidence such claim must (1) have been timely filed with the bankruptcy court and become part of the judicial record; (2) state the existence and nature of the debt; (3) state the amount of the claim against the estate; and (4) evidence the creditor's intent to hold the debtor liable for the debt." In re Houbigant, Inc., 190 B.R. 185, 187 (Bankr. S.D.N.Y. 1995) (citations omitted).

12.     EFETnet's proof of claim readily satisfies each of these criteria. It was filed with the bankruptcy court (albeit under LBI's case number) on February 23, 2008, nearly nine months prior to the LBCS Bar Date, clearly states the existence, nature, and amount of the debt, and evidences EFETnet's intention to hold the LBCS estate liable for the debt (as reflected in the contract and invoices attached to its proof of claim). Indeed, since EFETnet's proof of claim was filed using official form B-10, its formal sufficiency can hardly be challenged.

13.     Consequently, EFETnet respectfully requests that this Court enter an order permitting it to amend its proof of claim as a proof of claim against LBCS.

**III.    EFETnet's Untimely Filing Is Justified by Excusable Neglect**

14.     Federal Rule of Bankruptcy Procedure 9006 provides, in pertinent part, that "[w]hen an act is required or allowed to be done at or within a specified period . . . the court for cause shown may at any time in its discretion . . . permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1).

15.     In construing this rule, the Supreme Court has set forth four factors for courts to consider: (1) "the danger of prejudice to the debtor;" (2) "the length of the delay and its potential impact on the judicial proceeding;" (3) "the reason for the delay, including whether it was within

4

the reasonable control of the movant," and (4) "whether the movant acted in good faith."  In re Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 380 U.S. 380, 388 (1993).

16.     While no single factor is controlling, courts in this Circuit have given special weight to the third factor – the reason for the delay.  In re Lehman Bros. Holdings, Inc., 443 B.R. 113, 120 (Bankr. S.D.N.Y. 2010).

17.     In this case, the reason for EFETnet's failure to file a timely proof of claim in the LBCS case was out of its control, and entirely the result of a failure of adequate notice by LBCS. Having received, and timely filed, a pre-formatted proof of claim from LBI, EFETnet simply had no reason to inquire as to whether it had any further obligation to act in order to protect its rights in connection with the Lehman Brothers cases more generally.

18.     The other Pioneer factors likewise support a finding of "excusable neglect" under the present circumstances since: (i) there is no danger of prejudice to the debtor because there is no reason to suppose that LBCS routinely misaddressed its notices of the bar date; (ii) the allowance of a $49,155.00 claim against LBCS will hardly disrupt LBCS's anticipated payouts to other creditors or the orderly administration of its estate; (iii) EFETnet acted in good faith reliance on the proof of claim forms that were mailed to it by LBI.

WHEREFORE, EFETnet respectfully requests entry of an order: (i) reclassifying its claim as one against LBCS; and (ii) granting such other and further relief as this Court deems just.

Dated: New York, New York
September 6, 2013

        RICH MICHAELSON MAGALIFF MOSER, LLP

        By: /s/ Eric T. Moser
            Eric T. Moser
        340 Madison Avenue, 19th Floor
        New York, NY 10173
        212.220.9406 (telephone)
        emoser@r3mlaw.com

        Counsel for EFETnet B.V.