**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                              :          **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :          **08-13555 (JMP)**
                                                   :
                         **Debtors.**               :          **(Jointly Administered)**
--------------------------------------------------------------------x

### SUPPLEMENTAL ORDER GRANTING FOUR HUNDRED TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)

Upon the four hundred twenty-first omnibus objection to claims, dated June 18, 2013 (the "Four Hundred Twenty-First Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Derivatives Claims on the grounds that they assert claims for which LBHI, Lehman Brothers OTC Derivatives Inc., and Lehman Brothers Special Financing Inc. (together, the "Chapter 11 Estates") have no liability, all as more fully described in the Four Hundred Twenty-First Omnibus Objection to Claims; and due and proper notice of the Four Hundred Twenty-First Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the Four Hundred Twenty-First Omnibus Objection to Claims; and (vi) all other

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Twenty-First Omnibus Objection to Claims.

parties entitled to notice in accordance with the procedures set forth in the second amended order

entered on June 17, 2010 governing case management and administrative procedures for these

cases [ECF No. 9635]; and the Court having found and determined that the relief sought in the

Four Hundred Twenty-First Omnibus Objection to Claims is in the best interests of the Chapter

11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth

in the Four Hundred Twenty-First Omnibus Objection to Claims establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Twenty-First Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Four Hundred

Twenty-First Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto, and (ii)

any claim listed on Exhibit A annexed to the Four Hundred Twenty-First Omnibus Objection to

Claims that is not listed on Exhibit 1 annexed to the *Order Granting Four Hundred Twenty-First

Omnibus Objection to Claims (No Liability Derivatives Claims)* [ECF No. 39028]; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated: New York, New York
      September 9, 2013



/s/ James M. Peck
_____
Honorable James M. Peck
United States Bankruptcy Judge