**Hearing Date and Time: September 26, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: September 19, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                    :
**In re**                                           :    **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :    **08-13555 (JMP)**
                                                    :
                           **Debtors.**             :    **(Jointly Administered)**
                                                    :
                                                    :
-------------------------------------------------------------------x

**NOTICE OF MOTION OF LEHMAN BROTHERS HOLDINGS INC. PURSUANT TO
SECTION 105(a) OF THE BANKRUPTCY CODE AND GENERAL ORDER
M-452 FOR AN ORDER FURTHER AMENDING THE ALTERNATIVE DISPUTE
RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS OF DEBTORS
UNDER DERIVATIVES TRANSACTIONS WITH SPECIAL PURPOSE VEHICLES**

PLEASE TAKE NOTICE that a hearing on the annexed motion of Lehman

Brothers Holdings Inc. ("LBHI), as Plan Administrator under the Modified Third Amended Joint

Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section

105(a) of the Bankruptcy Code and General Order M-452, for an order further amending the

*Amended Alternative Dispute Resolution Procedures Order for Affirmative Claims of the*

*Debtors under Derivatives Transactions with Special Purpose Vehicle Counterparties* [ECF No.

29507] (the "Motion"), will be held before the Honorable James M. Peck, United States

Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House,

Courtroom 601, One Bowling Green, New York, New York, 10004 (the "Bankruptcy Court"),

on **September 26, 2013 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, shall

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York,

shall set forth the name of the objecting party, the basis for the objection and the specific grounds

thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order

M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy

Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing

format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the

chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004,

Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York,

10153, Attn:  Richard W. Slack, Esq. and Jacqueline Marcus, Esq., attorneys for LBHI; (iii) the

Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick

Street, Suite 1006, New York, New York 10014, Attn:  Tracy Hope Davis, Esq., Susan Golden,

Esq. and Andrea Schwartz, Esq.; (iv) all parties who have requested notice in these chapter 11

cases and (v) and all parties with a particularized interest in the Motion, so as to be so filed and

received by no later than **September 19, 2013 at 4:00 p.m. (prevailing Eastern Time)** (the

"Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

US_ACTIVE:\44319099\6\58399.0011

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:   September 9, 2013
         New York, New York

/s/ Jacqueline Marcus
Richard W. Slack
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

US_ACTIVE:\44319099\6\58399.0011

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                         :
In re                                    :     Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :     08-13555 (JMP)
                                         :
                       Debtors.          :     (Jointly Administered)
                                         :
                                         :
------------------------------------------------------------------x
```

**MOTION OF LEHMAN BROTHERS HOLDINGS INC. PURSUANT TO SECTION
105(a) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-452 FOR
AN ORDER FURTHER AMENDING THE ALTERNATIVE DISPUTE
RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS OF DEBTORS
UNDER DERIVATIVES TRANSACTIONS WITH SPECIAL PURPOSE VEHICLES**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan"), submits this motion (the "Motion"), and

respectfully represents:

**Background**

1.        Commencing on September 15, 2008 and periodically thereafter, LBHI

and certain of its subsidiaries (together, the "Chapter 11 Estates") commenced with this Court

voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.        On December 6, 2011, the Court approved and entered an order

confirming the Plan [ECF No. 23023].  The Plan became effective on March 6, 2012.

3.        On September 17, 2009, the Court entered the *Alternative Dispute*

*Resolution Procedures Order for Affirmative Claims of Debtors under Derivatives Contracts*

[ECF No. 5207], approving alternative dispute resolution ("ADR") procedures for the Chapter 11

Estates' derivative contracts with recovery potential (the "Tier One Derivatives ADR

Procedures").  On March 3, 2011, the Court entered the *Alternative Dispute Resolution*

*Procedures Order for Affirmative Claims of the Debtors under Derivatives Transactions with*

*Special Purpose Vehicle Counterparties* [ECF No. 14789], establishing ADR procedures related

to special purpose vehicles (the "Original SPV Derivatives ADR Procedures").  On July 18,

2012, the Court entered the *Amended Alternative Dispute Resolution Procedures Order for*

*Affirmative Claims of the Debtors under Derivatives Transactions with Special Purpose Vehicle*

*Counterparties* [ECF No. 29507], which amended the Original SPV Derivatives ADR

Procedures (as so amended, the "SPV Derivatives ADR Procedures,"[1] and, together with the Tier

One Derivatives ADR Procedures, as each may have been amended and/or modified from time

to time,[2] the "ADR Procedures").

---

[1] All terms used but not defined herein shall have the meanings ascribed to such terms in the SPV Derivatives ADR Procedures.

[2] The SPV Derivatives ADR Procedures have been supplemented or amended on several occasions, in ways not pertinent to this Motion, including by the following orders:  ECF Nos. 19251, 21942, and 37940.

2

**Jurisdiction**

4.        This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Relief Requested**

5.        Currently, the SPV Derivatives ADR Procedures include the requirement

that there be a pending Action or that the Chapter 11 Estates already be involved in ADR related

to a particular SPV Derivatives Transaction, before ADR proceedings may be instituted.  *See*

SPV Derivatives ADR Procedures, ¶ 2.

6.        In order to minimize the delay and expense associated with commencing

Actions, LBHI requests, pursuant to section 105(a) of the Bankruptcy Code and the Court's

General Order M-452, that the SPV Derivatives ADR Procedures be further amended to provide

that an alternative dispute resolution proceeding may be instituted with respect to transactions

with the SPVs listed on Exhibit A (the "Affected SPVs") absent the commencement of an Action

and absent a pending ADR related to a particular SPV Derivatives Transaction.

**Amendment of SPV Derivatives ADR Procedures**

7.        As of September 15, 2008, the Chapter 11 Estates had unresolved

derivative disputes involving approximately 800 SPVs.  Over the past five years, the SPV

Derivatives ADR Procedures have allowed the Chapter 11 Estates to resolve the vast majority of

these disputes either consensually or through mediation.  Indeed, as of the filing of this Motion,

there are only approximately 170 unresolved SPV Derivatives Transactions.  Of these,

approximately 50 currently are subject to the SPV Derivatives ADR Procedures and numerous

other transactions are in various stages of settlement negotiation or final documentation of

settlement.  Many of the remaining SPV Derivatives Transactions are in the "pipeline" currently

being prepared for initiation of proceedings under the SPV Derivatives ADR Procedures.

US_ACTIVE:\44319099\6\58399.0011

Additionally, the Chapter 11 Estates have served approximately 100 Noteholder-specific ADR

notices within the last few months that pertain to approximately 50 SPV Derivatives

Transactions.

        8.     Up until now, all of the SPV ADRs that have been placed into mediation

pursuant to the SPV Derivatives ADR Procedures are the subject of a pending litigation; most of

these SPV ADRs are included in the mass avoidance actions filed by the Chapter 11 Estates

involving numerous counterparties.

        9.     The Affected SPVs represent a subset of the relatively small number of

SPV Derivatives Transactions that remain unresolved and are not currently the subject of a

pending mediation and not already in the SPV ADR "pipeline" being prepared for mediation

under the current SPV Derivatives ADR Procedures.  The Plan Administrator believes

introducing certain additional flexibility into the SPV Derivatives ADR Procedures with respect

to the Affected SPVs will aid the Chapter 11 Estates in reaching settlements and recovering

funds due the estates, especially with respect to those transactions that have fewer dollars at

stake.

        10.     As noted above, the SPV Derivatives ADR Procedures currently provide

that "a Chapter 11 Estate may not serve the SPV Derivatives ADR Package [instituting an ADR

proceeding] on such SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor, unless

the Chapter 11 Estate has already commenced an Action or is already involved in ADR related to

a particular SPV Derivatives Transaction."  *See* SPV Derivatives ADR Procedures, ¶ 2.

"Action" is defined as "includ[ing] any such motions, complaints (including adversary

proceedings), and other papers commencing legal process that already have been filed and those

that are subsequently filed."  *Id.* at ¶ 1(c).

US_ACTIVE:\44319099\6\58399.0011

11.     The Affected SPVs are counterparties to certain derivatives transactions and are not currently subject to an Action or to a pending ADR related to a particular SPV Derivatives Transaction.  Inasmuch as most of the disputes with the Affected SPVs do not involve "flip clauses" (and therefore these disputes are or were not appropriate for the mass avoidance actions filed by the Estates), the Chapter 11 Estates would have to commence numerous separate lawsuits raising a number of differing legal and factual issues in order to comply with paragraph two of the SPV Derivatives ADR Procedures.  The Plan Administrator requests that the SPV Derivatives ADR Procedures be supplemented to permit the Chapter 11 Estates to institute an ADR proceeding with respect to transactions involving the  Affected SPVs (listed on Exhibit A hereto) including transactions with the Noteholders of these Affected SPVs, without first commencing an Action.

12.     Amending the SPV Derivatives ADR Procedures in this manner would enable the Chapter 11 Estates to efficiently utilize the ADR process to bring significant recoveries into the estates.  It would permit the Chapter 11 Estates to commence ADR proceedings without undergoing the time consuming and expensive process of commencing multiple separate lawsuits against a host of defendants.  The amendment also makes sense from the point of view of the Affected SPVs, and their respective Noteholders, which may be able to arrive at a prompt resolution of the dispute through ADR without incurring the expense associated with litigation.  Of course, if the ADR is not successful, and provided applicable statutes of limitations have not expired, the Chapter 11 Estates may ultimately find it necessary to commence actions against some or all of the Affected SPVs.

5

**Notice**

13.     No trustee has been appointed in these chapter 11 cases.  Notice of this

Motion has been served in accordance with the procedures set forth in the second amended order

entered on June 17, 2010 governing case management and administrative procedures for these

cases [ECF No. 9635] on (i) the United States Trustee for Region 2; (ii) the Securities and

Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the

Southern District of New York; (v) all parties who have requested notice in these chapter 11

cases; and (vi) all parties with a particularized interest in the Motion.  LBHI also seeks approval

that notice of this Motion by e-mail or facsimile is good and sufficient notice of the Motion.

LBHI submits that no other or further notice need be provided.

14.     Other than the requests for the establishment, amendment, and/or

modification of the ADR Procedures which were granted by the Court, no previous request for

the relief sought herein has been made by LBHI to this or any other court.

WHEREFORE LBHI respectfully requests that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated:  September 9, 2013
        New York, New York

/s/ Jacqueline Marcus
Richard W. Slack
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

6

## EXHIBIT A

1.   ANTHRACITE BALANCED COMPANY (R-26) LIMITED

2.   CONSUMER UNSECURED REPERFORMING LOANS (CURL) PLC

3.   Corporate Backed Trust Certificates, Goldman Sachs Capital 1 Securities-Backed Series 2004-6 (CBTC 2004-6)

4.   DOW JONES CDX.NA.HY.3 TRUST 2 DECEMBER 2009

5.   EGYPT TRUST 1 - Series 2000-A

6.   EMF NL 2008-2 BV

7.   EMF-NL 2008-1 BV

8.   EMF-NL Prime 2008-A B.V.

9.   EUROSAIL 2006-1 PLC

10.   EUROSAIL 2006-2BL PLC

11.   EUROSAIL 2006-3NC PLC

12.   EUROSAIL 2006-4NP PLC

13.   EUROSAIL-NL 2007-2 BV

14.   EUROSAIL-UK 2007-1NC PLC

15.   EUROSAIL-UK 2007-2NP PLC

16.   Flatrock Trust

17.   GRANITE Finance Limited Series 2005-7

18.   Granite Finance Limited Series 2006-11

19.   Granite Finance Limited Series 2006-6

20.   LB Commercial Trust 2007-C3, Commercial Mortgage Pass-Through Certificates, Series 2007-C3, Class A-2FL Grantor Trust

21. LB Commercial Trust 2007-C3, Commercial Mortgage Pass-Through Certificates, Series 2007-C3, Class A-MFL Grantor Trust

22. LB-UBS COMMERCIAL MORTGAGE TRUST 2007-C6, Commercial Mortgage pass-Through Certificates Series 2007-C6

23. LB-UBS COMMERCIAL MORTGAGE TRUST 2008-C1, Commercial Mortgage pass-Through Certificates Series 2008-C1

24. PERPETUAL TRUSTEE COMPANY LIMITED as trustee FOR TRILOGY ASSET SECURITIES TRUST SERIES 1

25. REPACKAGED AMERICAN GENERAL Floating Rate Trust Certificates, Series 2003-1 Trust

26. Restructured Asset Certificates With Enhanced Returns, Series 2003-7-A Trust (RACERS 2003-07-A)

27. ROBECO CREDIT LIMITED

28. SAPHIR FINANCE PLC 2007-1

29. SEALINK FUNDING LIMITED

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                     :

In re                               :       Chapter 11 Case No.
                                       :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :       08-13555 (JMP)
                                       :

                  Debtors.        :       (Jointly Administered)
                                       :

-------------------------------------------------------------------x

ORDER PURSUANT TO SECTION 105(a)
OF THE BANKRUPTCY CODE AND GENERAL ORDER M-452
FURTHER AMENDING THE ALTERNATIVE DISPUTE RESOLUTION
PROCEDURES FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER
DERIVATIVES TRANSACTIONS WITH SPECIAL PURPOSE VEHICLES

Upon the motion, dated September 9, 2013 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"), pursuant to section 105(a) of chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code") and General Order M-452, for an order further amending the

*Amended Alternative Dispute Resolution Procedures Order for Affirmative Claims of the*

*Debtors under Derivatives Transactions with Special Purpose Vehicle Counterparties* [ECF No.

29507], as more fully set forth in the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the

Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided in accordance with the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

procedures set forth in the second amended order entered on June 17, 2010 governing case

management and administrative procedures for these cases [ECF No. 9635]; and the Court

having found and determined that the relief sought in the Motion is in the best interests of the

Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases

set forth in the Motion establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that paragraph two of the SPV Derivatives ADR Procedures is

revised so that the requirement that an Action be commenced or that the Chapter 11 Estates

already be involved in ADR related to a particular SPV Derivatives Transaction prior to

instituting an ADR proceeding does not apply to the Affected SPVs set forth on Exhibit 1

annexed hereto; and it is further

ORDERED that all other provisions of the SPV Derivatives ADR Procedures

remain in full force and effect; and it is further

ORDERED that service of notice of the Motion by e-mail or facsimile shall be

good and sufficient notice of the Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

Dated: _____, 2013
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2

## EXHIBIT 1

1.    ANTHRACITE BALANCED COMPANY (R-26) LIMITED

2.    CONSUMER UNSECURED REPERFORMING LOANS (CURL) PLC

3.    Corporate Backed Trust Certificates, Goldman Sachs Capital 1 Securities-Backed Series 2004-6 (CBTC 2004-6)

4.    DOW JONES CDX.NA.HY.3 TRUST 2 DECEMBER 2009

5.    EGYPT TRUST 1 - Series 2000-A

6.    EMF NL 2008-2 BV

7.    EMF-NL 2008-1 BV

8.    EMF-NL Prime 2008-A B.V.

9.    EUROSAIL 2006-1 PLC

10.   EUROSAIL 2006-2BL PLC

11.   EUROSAIL 2006-3NC PLC

12.   EUROSAIL 2006-4NP PLC

13.   EUROSAIL-NL 2007-2 BV

14.   EUROSAIL-UK 2007-1NC PLC

15.   EUROSAIL-UK 2007-2NP PLC

16.   Flatrock Trust

17.   GRANITE Finance Limited Series 2005-7

18.   Granite Finance Limited Series 2006-11

19.   Granite Finance Limited Series 2006-6

20.   LB Commercial Trust 2007-C3, Commercial Mortgage Pass-Through Certificates, Series 2007-C3, Class A-2FL Grantor Trust

21.    LB Commercial Trust 2007-C3, Commercial Mortgage Pass-Through Certificates,
       Series 2007-C3, Class A-MFL Grantor Trust

22.    LB-UBS COMMERCIAL MORTGAGE TRUST 2007-C6, Commercial Mortgage pass-
       Through Certificates Series 2007-C6

23.    LB-UBS COMMERCIAL MORTGAGE TRUST 2008-C1, Commercial Mortgage pass-
       Through Certificates Series 2008-C1

24.    PERPETUAL TRUSTEE COMPANY LIMITED as trustee FOR TRILOGY ASSET
       SECURITIES TRUST SERIES 1

25.    REPACKAGED AMERICAN GENERAL Floating Rate Trust Certificates, Series 2003-
       1 Trust

26.    Restructured Asset Certificates With Enhanced Returns, Series 2003-7-A Trust
       (RACERS 2003-07-A)

27.    ROBECO CREDIT LIMITED

28.    SAPHIR FINANCE PLC 2007-1

29.    SEALINK FUNDING LIMITED