JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Jayant W. Tambe
Locke R. McMurray
Benjamin Rosenblum

*Attorneys for Plaintiffs*
*Lehman Brothers Holdings Inc.*
*and Lehman Brothers Commodity Services Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
:
In re: : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.,* : Case No. 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------X
:
LEHMAN BROTHERS HOLDINGS INC. and :
LEHMAN BROTHERS COMMODITY :
SERVICES INC., :
:
: Adv. Proc. No. 13-_____ (JMP)
Plaintiffs, :
:
v. :
:
TOKYO GAS CO., LTD., :
:
Defendant. X
------------------------------------------------------------

**ADVERSARY COMPLAINT**

Lehman Brothers Holdings Inc. ("LBHI"), on behalf of itself and as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), and Lehman Brothers Commodity Services Inc. ("LBCS") (and together with LBHI's affiliated debtors in the above referenced chapter 11

case, the "Debtors"), as and for their Adversary Complaint against defendant Tokyo Gas Co., Ltd. ("Tokyo Gas") allege as follows:

## INTRODUCTION

1. This is an action to recover amounts owing to LBCS, but withheld by Tokyo Gas, on account of the termination of a commodity swap transaction (the "LNG Transaction") under an ISDA Master Agreement dated as of August 6, 2007 (the "Swap Agreement")[1] between LBCS and Tokyo Gas.

2. Under the Swap Agreement, an Early Termination Date occurred automatically "as of the time immediately preceding" the September 15, 2008 bankruptcy filing of LBHI, which acted as LBCS' Credit Support Provider under the Swap Agreement.

3. The occurrence of the Early Termination Date obligated Tokyo Gas to calculate a Close-out Amount for **each** Terminated Transaction, including the LNG Transaction, "as of the Early Termination Date or, if that would not be commercially reasonable, as of the date or dates following the Early Termination Date as would be commercially reasonable."

4. Tokyo Gas did not determine a Close-out Amount for the LNG Transaction on the Early Termination Date. Instead, Tokyo Gas applied extraneous and in fact non-existent contractual terms and purported to value the LNG Transaction as of September 22, 2008 in accordance therewith. Tokyo Gas subsequently paid JPY614,518,585 to LBCS in accordance with that calculation on September 30, 2008.

---

[1] Capitalized terms used and not otherwise defined herein shall the meanings ascribed thereto in the Swap Agreement.

5. However, had the LNG Transaction been properly valued in accordance with the Swap Agreement, Tokyo Gas would have owed LBCS JPY1,967,787,185, or JPY1,353,268,600[2] in excess of the amount Tokyo Gas paid LBCS.

6. Tokyo Gas breached the Swap Agreement by failing to calculate a Close-out Amount in accordance with the Swap Agreement. Accordingly, LBCS brings this action to require Tokyo Gas to pay to LBCS an amount to be determined at trial, plus interest, that Tokyo Gas is withholding from LBCS, as well as for declaratory relief for numerous violations of the United States Bankruptcy Code.

**JURISDICTION AND VENUE**

7. This is an adversary proceeding brought pursuant to Sections 362, 541, 542 and 562 of the Bankruptcy Code, Rules 7001 and 7003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and 28 U.S.C. § 2201, to recover amounts due to LBCS by Tokyo Gas and for declaratory relief for violation of the automatic stay and other provisions of the Bankruptcy Code.

8. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Court has retained jurisdiction over this matter pursuant to Section 14.1 of the Plan and paragraphs RR and 77 of the order confirming the Plan.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] JPY1,967,787,185 had an approximate value of $18,625,529 on September 16, 2008. JPY1,353,268,600 had an approximate value of $12,808,979 on September 16, 2008 and has an approximate value of $13,480,114 as of the date of commencement of this adversary proceeding.

**PARTIES**

10. On September 15, 2008 and October 3, 2008, LBHI and LBCS, respectively, commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. LBCS' chapter 11 case has been consolidated with LBHI's chapter 11 case for procedural purposes only, and those cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). Plaintiffs LBHI and LBCS are both Delaware corporations with their principal places of business at 1271 Sixth Avenue, New York, New York 10020.

11. On December 6, 2011, the Court approved and entered an order confirming the Plan. The Plan became effective on March 6, 2012. Pursuant to the Plan, LBHI, as Plan Administrator, is authorized to prosecute litigation claims on behalf of its estate and LBCS's estate.

12. Defendant Tokyo Gas is a Japanese company with its principal place of business in Tokyo, Japan and is registered to do business as a foreign business corporation in the State of New York with a registered address of 1540 Broadway, Suite 3920, New York, New York 10036.

**STATEMENT OF FACTS**

A. The LNG Transaction

13. LBCS and Tokyo Gas entered into the Swap Agreement as of August 6, 2007. LBCS and Tokyo Gas entered into the LNG Transaction on or about April 29, 2008.

14. The LNG Transaction was erroneously documented by means of mutual mistake under a "long form" confirmation, dated May 20, 2008, which referenced a future ISDA Master Agreement that the Parties did not actually intend to execute. Instead, the parties intended for the Swap Agreement to govern the LNG Confirmation and a "short form"

- 4 -

confirmation referencing the Swap Agreement should have been used to document the LNG Transaction.

15. Although the Swap Agreement expresses itself to be governed by the laws of Japan, the LNG Confirmation states that it is to be governed by the laws of the State of New York.

**B. Tokyo Gas' Improper Valuation of the LNG Transaction**

16. On September 15, 2008, LBHI filed a voluntary chapter 11 petition in this Court.

17. Thereafter, on September 22, 2008, Tokyo Gas sent LBCS a Notice of Early Termination purporting to terminate the LNG Transaction as of that same date, allegedly because the LNG Transaction confirmation – the aforesaid "long form" confirmation – did not reference the automatic occurrence of an Early Termination Date upon LBHI's bankruptcy.

18. On September 29, 2008, Tokyo Gas sent LBCS a Notice of Calculation Result stating that it owed LBCS JPY614,518,585. Tokyo Gas ultimately paid that amount to LBCS on September 30, 2008.

19. Tokyo Gas incorrectly designated September 22, 2008 as the Early Termination Date and improperly valued the LNG Transaction. The LNG Transaction is actually governed by the Swap Agreement, and pursuant to Section 6(a) of the Swap Agreement, and Part 1(e) of the Schedule thereto, Automatic Early Termination applied. Therefore, an Early Termination Date had already occurred immediately upon the bankruptcy filing of LBHI.

20. When the value of the LNG Transaction is properly calculated in accordance with the Swap Agreement, the total receivable in respect of the LNG Transaction

due and owing to LBCS is approximately JPY 1,967,787,185 or JPY1,353,268,600 in excess of the amount Tokyo Gas paid LBCS. LBCS is also entitled to interest that has accrued pursuant to the Swap Agreement through trial.

21. It would have been commercially reasonable for Tokyo Gas to determine a Close-out Amount in relation to the LNG Transaction no later than September 16, 2008, as Tokyo Gas determined Close-out Amounts for other, similar, Transactions under the Swap Agreement on that date. Moreover, Tokyo Gas' determination of Close-out Amounts for those other, similar, Transactions definitively establishes that commercially reasonable determinants of value existed no later than September 16, 2008.

**FIRST CAUSE OF ACTION**
**(Reformation of Contract)**

22. Plaintiffs repeat and incorporate the allegations contained in the preceding paragraphs as if set forth fully herein.

23. The Swap Agreement constituted a valid contract between LBCS and Tokyo Gas.

24. The LNG Transaction was erroneously documented by means of mutual mistake under a "long form" confirmation, rather than a "short form" confirmation referencing the Swap Agreement.

25. The erroneous documentation of the LNG Transaction materially impacted the parties' rights and obligations under the contract.

26. As a direct and proximate result of the erroneous documentation of the LNG Transaction, LBCS has been deprived of a substantial sum of money in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
**(Breach of Contract)**

27.     Plaintiffs repeat and incorporate the allegations contained in the preceding paragraphs as if set forth fully herein.

28.     The Swap Agreement constituted a valid contract between LBCS and Tokyo Gas.

29.     LBCS has performed its obligations under the Swap Agreement.

30.     Tokyo Gas breached the Swap Agreement by failing to pay to LBCS the full amount owed to LBCS in accordance with the Swap Agreement.

31.     As a direct and proximate result of Tokyo Gas' breach of the Swap Agreement, LBCS has been deprived of a substantial sum of money in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
**(Declaratory Judgment – Violation of Section 562 of the Bankruptcy Code)**

32.     Plaintiffs repeat and incorporate the allegations contained in the preceding paragraphs as if set forth fully herein.

33.     Section 562 of the Bankruptcy Code requires that damages under "swap agreements" shall be measured as of the date that such swap agreement is terminated or, "[i]f there are not any commercially reasonable determinants of value. . . as of the earliest subsequent date or dates on which there commercially reasonable determinants of value."

34.     The LNG Transaction constituted a "swap agreement" as defined under the Bankruptcy Code.

35.     The LNG Transaction was terminated with an Early Termination Date of September 15, 2008.

36. Commercially reasonable determinants of value, as revealed by Tokyo Gas' actions in relation to other Transactions, were in existence no later than September 16, 2008.

37. Tokyo Gas' valuation of the LNG Transaction as of any date later than September 16, 2008 is accordingly contrary to Section 562 of the Bankruptcy Code.

### FOURTH CAUSE OF ACTION
**(Turnover Under Section 542(a) of the Bankruptcy Code)**

38. Plaintiffs repeat and incorporate the allegations contained in the preceding paragraphs as if set forth fully herein.

39. Section 542(a) of the Bankruptcy Code provides that a debtor may recover property in an action for turnover. Specifically:

> [A]n entity … in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title … shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate. 11 U.S.C. § 542(a).

40. Money owed to a debtor is property of such debtor's estate pursuant to section 541(a) of the Bankruptcy Code because the definition of estate property includes all legal and equitable interests of a debtor in property as of commencement of the case and any interest in property that the estate acquires after commencement of the case. 11 U.S.C. § 541(a).

41. The amounts Tokyo Gas is withholding constitute property of the LBCS estate because LBCS has a legal interest in these funds consistent with section 541(a) of the Bankruptcy Code.

42. Tokyo Gas has no security interest in or other claim to the amounts withheld following the date of Automatic Early Termination.

- 8 -

43. The amounts Tokyo Gas owe to LBCS are easily identifiable.

44. These amounts are neither of inconsequential value nor inconsequential benefit to the LBCS estate.

45. LBCS has demanded payment of these amounts from Tokyo Gas. To date, Tokyo Gas has refused to pay these amounts to LBCS.

46. Accordingly, pursuant to section 542(a) of the Bankruptcy Code, LBCS is entitled to immediate payment from Tokyo Gas to the LBCS estate of these funds.

## FIFTH CAUSE OF ACTION
### (Declaratory Judgment – Violation of the Automatic Stay Pursuant to 362(a) of the Bankruptcy Code)

47. Plaintiffs repeat and incorporate the allegations contained in the preceding paragraphs as if set forth fully herein.

48. Section 362(a) of the Bankruptcy Code provides, in relevant part, that the filing of a petition under Title 11 of the Bankruptcy Code "operates as a stay, applicable to all entities, of – . . . (3) any act . . . to exercise control over property of the estate . . . ." 11 U.S.C. § 362(a)(3).

49. At the time LBCS filed its petition for protection under the Bankruptcy Code, the amounts that Tokyo Gas withheld from LBCS constituted a substantial asset of LBCS' estate.

50. Tokyo Gas' exercise of control over these amounts, including its refusal to return the funds owed to LBCS is a violation of the automatic stay under section 362(a) of the Bankruptcy Code. *See* 11 U.S.C. § 362(a)(3).

51. There is an actual controversy between the parties regarding the proper valuation of the LNG Transaction.

52. Accordingly, pursuant to 28 U.S.C. § 2201 and Bankruptcy Rule 7001, LBCS requests that this Court enter a declaratory judgment that Tokyo Gas' continuing failure to pay the withheld amounts constitutes a willful violation of the automatic stay under section 362(a)(3) of the Bankruptcy Code.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Tokyo Gas and an order:

(1) awarding Plaintiffs damages and interest in an amount to be determined at trial;

(2) declaring Tokyo Gas' valuation of the LNG Transaction as of any date later than September 16, 2008 contrary to Section 562 of the Bankruptcy Code;

(3) requiring Tokyo Gas to turn over to LBCS the amounts it is withholding;

(4) requiring Tokyo Gas to turn over to LBCS interest on the amounts it is withholding in accordance with the Swap Agreement and since the date of Automatic Early Termination;

(5) declaring that Tokyo Gas' withholding of amounts due to LBCS violates the automatic stay pursuant to section 362(a) of the Bankruptcy Code;

(6) awarding post-judgment and pre-judgment interest on the above-referenced amounts;

(7) requiring Tokyo Gas to pay Plaintiffs' attorneys' fees and other costs and expenses incurred in prosecuting the causes of action described herein; and

  (8) such further relief as the Court deems just and proper.


Dated: September 11, 2013     JONES DAY
    New York, New York

               /s/ Locke R. McMurray
               Jayant W. Tambe
               Locke R. McMurray
               Benjamin Rosenblum

               222 East 41st Street
               New York, New York  10017
               Telephone:  (212) 326-3939
               Facsimile:  (212) 755-7306

               *Attorneys for Plaintiffs Lehman Brothers
               Holdings Inc. and Lehman Brothers Commodity
               Services Inc.*