WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Richard Slack

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re                                                             :    Chapter 11
: 
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    Case No. 08-13555 (JMP)
: 
Debtors.                          :    (Jointly Administered)
: 
------------------------------------------------------------------x

**DECLARATION OF ERIC D. KASENETZ**
**IN SUPPORT OF PLAN ADMINISTRATOR'S OBJECTION**
**TO MOTION OF RETIREMENT HOUSING FOUNDATION**
**AND ITS AFFILIATES FOR A DETERMINATION THAT THE**
**AUTOMATIC STAY DOES NOT BAR COMMENCEMENT OF CERTAIN**
**LITIGATION AGAINST THE DEBTORS RELATED TO POST-PETITION**
**CLAIMS AND/OR GRANTING RELIEF FROM THE AUTOMATIC STAY**

Eric D. Kasenetz, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am over the age of 18 years and make these statements of my own personal knowledge and after reviewing records obtained through my job as an associate at the law firm Weil, Gotshal & Manges LLP, counsel to Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator for Lehman Brothers Special Financing, Inc. ("LBSF") and LBHI under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated December 5, 2011 (the "Plan"). If called to testify, I could testify to the truth of the matters set forth herein.

2. I submit this Declaration in support of the *Plan Administrator's Objection to Motion of Retirement Housing Foundation and its Affiliates for a Determination that the Automatic Stay Does Not Bar Commencement of Certain Litigation Against the Debtors Related to Post-Petition Claims and/or Granting Relief from the Automatic Stay*, dated September 11, 2013 (the "Objection").

3. In early November 2011, I was copied on an email chain between Locke McMurray of LBSF and counsel to Retirement Housing Foundation and its affiliates[1] (collectively, "RHF"), concerning LBSF's motion to assume, among other derivatives contracts, the Master Agreement.[2] A true and correct copy of this email chain is attached hereto as Exhibit P.

4. After negotiations between LBSF's and RHF's outside counsel, RHF and LBSF executed a stipulation dated November 18, 2011 (the "Stipulation") deferring resolution of LBSF's motion to assume the Master Agreement and issues relating thereto. The Stipulation expressly states that LBSF disputes the validity of RHF's termination of the swaps. A true and correct copy of the Stipulation is attached hereto as Exhibit Q.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 11, 2013, in New York, New York.

*[signature]*

Eric D. Kasenetz

---

[1] The affiliates include Foundation Property Management, Inc., Bixby Knolls Towers, Inc., Bluegrass RHF Housing, Inc., DeSmet RHF Housing, Inc., Gold Country Health Center, Inc., Holly Hill RHF Housing, Inc., Mayflower RHF Housing, Inc., Mayflower Gardens Health Facility, Inc., Merritt Island RHF Housing, Inc., St. Catherine RHF Housing, Inc., Sun City RHF Housing, Inc., Yellowwood Acres, Inc., and Martin Luther Foundation, Inc.

[2] Capitalized terms used but not defined herein shall have the meaning given them in the Objection.

2

# EXHIBIT P
# TO THE KASENETZ DECLARATION

**From:** John Jureller [mailto:JJureller@klestadt.com]
**Sent:** Tuesday, November 08, 2011 1:50 PM
**To:** Derivatives Legal
**Cc:** Kasenetz, Eric; Tracy Klestadt; Lauren Kiss
**Subject:** RE: Notices of Proposed Assumption under Plan Supplement

Locke:
Sorry for the delayed response but I was in Court.  Can we schedule a call for 3:30 today to discuss quickly.  If so, should we call you at the below number?
Subject to our clients' respective positions, the language should work for Debt II Austin and Retirement Housing Foundation.  I would like to discuss whether we need to revise the language for Massachusetts Water Resource Authority swap since there is no dispute as to the termination date per your below email.
Regards,
John

**From:** Derivatives Legal [mailto:derivativeslegal@lehmanholdings.com]
**Sent:** Tuesday, November 08, 2011 9:27 AM
**To:** John Jureller; Derivatives Legal
**Cc:** Kasenetz, Eric; Tracy Klestadt; Lauren Kiss
**Subject:** RE: Notices of Proposed Assumption under Plan Supplement

John – I could do a call at 3:30 or 5.  Specifically in regard to Debt II Austin, we have had a degree of success with similarly situated counterparties in entering into e-mail agreements along the following lines:

This email confirms the understanding and agreement between Lehman Brothers Special Financing Inc. ("Lehman") and **[insert Counterparty]** ("Counterparty") that (i) a dispute exists as to whether the **[insert name and date of relevant agreement]** (the "Agreement") has been validly terminated, (ii) the inclusion of the Agreement on the Debtors' Plan Supplement constitutes a motion for assumption of the Agreement; (iii) the parties agree that all disputes in connection with the Debtors' motion to assume the contract, including whether the contract was validly terminated, will be deferred until the matter is scheduled for hearing upon at least 30 days notice by the Debtors to Counterparty, (iv) in the event there is a determination (whether as a result of agreement, in mediation or otherwise, or litigation) that the Agreement has not been validly terminated, then the Debtors will be deemed to have moved to assume the contract as of the Effective Date and demanded that Counterparty perform the trade, without prejudice to   Counterparty's rights to contest the assumption, including any applicable cure amounts, and (iv) in the event there is a determination (whether as a result of litigation or mediation) that the Agreement has been validly terminated, then it will be deemed rejected as of the Effective Date and neither Lehman nor Counterparty will assert in any proceeding that such rejection has altered any of the rights or obligations of Lehman or Counterparty thereunder that existed immediately prior to such rejection.

Please let me know whether those times will work for you, and try to consider whether the above language might be workable.

Many thanks.

1

Locke R. McMurray
Managing Director, Derivatives Legal
Lehman Brothers Holdings Inc.
1271 Sixth Avenue, 40th Floor
New York, New York  10020
Tel. +1 646 285 9700
locke.mcmurray@lehmanholdings.com

---

**From:** John Jureller [mailto:JJureller@klestadt.com]
**Sent:** Monday, November 07, 2011 7:42 PM
**To:** Derivatives Legal
**Cc:** Kasenetz, Eric; Tracy Klestadt; Lauren Kiss
**Subject:** RE: Notices of Proposed Assumption under Plan Supplement

Locke:
Thanks for the response.  If you are available tomorrow, I would like to schedule a time to discuss in the afternoon.  Since these swaps are purportedly subject to the mediation procedures, and in fact Lehman has already started the mediation procedures re Debt II Austin by serving the ADR Derivatives Notice, isn't the subject of validity and effectiveness of the termination part of the mediation process, rather than an assumption motion?  If all parties will continue to reserve all rights as to the validity of the terminations, then we can probably avoid objections.  I think that this is the topic brought up by most parties who have objected already as to assumptions.  Let me know your thoughts.
Thanks,
John

---

**From:** Derivatives Legal [mailto:derivativeslegal@lehmanholdings.com]
**Sent:** Monday, November 07, 2011 5:44 PM
**To:** John Jureller
**Cc:** Kasenetz, Eric
**Subject:** RE: Notices of Proposed Assumption under Plan Supplement

John – By copy of this e-mail to Weil Gotshal I am requesting they arrange for the cure notices to be forwarded you.  I can also confirm that the deadline for objections is November 10.  In terms of the specific counterparties, Lehman does not challenge the terminations by Massachusetts Water and is not seeking to "revive" these transactions by way of assumption.  However, applicable case law is to the effect that an ISDA Master Agreement under which all transactions have been terminated remains "executory" (see case citations and relevant passages below) and, accordingly, Lehman must assume these ISDA Master Agreement in order to preserve its right to collect any remaining receivables.  With regard to Debt II Austin, Lehman has taken the position set forth in the attached mediation notice that the termination by Debt II Austin was defective as having been too late to qualify under Section 560 of the Bankruptcy Code.  But even if the termination were valid, Lehman would be required to assume the ISDA Master Agreement, again, in order to preserve its right to collect any remaining receivable under the agreement.


<u>Lehman Bros. Spec. Fin. v. BNY Corp. Tr. Servs.</u> (<u>In re Lehman Brothers Holdings, Inc.</u>), 422 Bankr. 407,  416 (Bankr. S.D.N.Y. 2010)

> The language and structure of the ISDA Master Agreement that forms a central part of the Swap Agreement demonstrate that these contracts are executory. ==Paragraph 9(c) of each ISDA Master agreement expressly provides that the obligations of the parties under the relevant Swap Agreement shall survive the termination of any transaction.== (LBSF Br. Supp. Ex. E § 9(c); Ex. F § 9(c)). Given that all obligations of the parties under the ISDA Master Agreement remain outstanding, the failure of either party to complete performance would constitute a material breach excusing the performance of the other. In addition, each of LBSF and BNY has unsatisfied

2

contractual obligations to make various payments. ( *See, e.g.,* LBSF Br. Supp. Ex. C Sched. 2 Annex 3 § 3(c); Ex. D Sched. 2 Annex 3 § 3(b)). These outstanding obligations to make payments pursuant to the Swap Agreement constitute sufficient grounds to find that the contract in question is executory. *See Penn Traffic,* 524 F.3d at 379–80 (holding that a contract was executory based upon unsatisfied contractual obligation to pay). ==Given the foregoing, the Transaction Documents are executory contracts and the provisions of section 365 are applicable to the Swap Agreement.==

In re Calpine Corp., 2009 WL 1578282, *6 (Bankr. S.D.N.Y. 2009)

In this case, the parties do not dispute the fact that the Master Agreement was an executory contract subject to assumption or rejection by Calpine. [FN3] Calpine posits that its obligation to provide a detailed written explanation of its basis for disputing Reliant's Termination Payment calculation within two days of receipt was a postpetition obligation, and that, because the Master Agreement was an executory contract and Calpine's responsibilities under section 5.5 of the Master Agreement were postpetition obligations, Calpine appropriately preserved its rights to dispute the Termination Payment within two business days.

Please give me a call if you wish to discuss further but I thought it best to lay out all of the information in one place for you to review.

Take care.

Locke R. McMurray
Managing Director, Derivatives Legal
Lehman Brothers Holdings Inc.
1271 Sixth Avenue, 40th Floor
New York, New York  10020
Tel. +1 646 285 9700
locke.mcmurray@lehmanholdings.com

**From:** John Jureller [mailto:JJureller@klestadt.com]
**Sent:** Thursday, November 03, 2011 8:06 PM
**To:** Derivatives Legal
**Subject:** Notices of Proposed Assumption under Plan Supplement

Our firm represents three swap counterparties listed in Exhibit B to the Plan Supplement - Debt II Austin E.O.P., L.P., Retirement Housing Foundation (and its affiliates), and Massachusetts Water Resource Authority ("MWRA")(two separate swap transactions).  Pursuant to the Plan Supplement, the Debtors seek to assume the derivative transactions with these counterparties.  However, each of our clients had previously (and separately) provided notice of early termination of the swap transactions, and as such our clients' positions are, among other arguments, that the swaps cannot be assumed as they are no longer existing.   With respect to MWRA, the early termination payment was previously made to the Debtors in 2008 without dispute.  Further, at least two of our clients did not received any Notice of Proposed Assumption.  Would you kindly contact me at your earliest convenience to discuss this matter.  Also, would you confirm that the date for filing an objection to such assumption is November 10, 2011 for all such counterparties (since our clients have not received any notice thereof).  We are hoping to avoid filing of an objection based upon the proposed assumption, which fails to reserve our clients' rights thereunder, including, *inter alia*, the right to defend their valid and enforceable terminations of the swaps.  All rights are reserved herein.

Regards,

John E. Jureller, Jr.

Klestadt & Winters, LLP
570 Seventh Avenue, 17th Floor
New York, New York 10018
Telephone: (212) 972-3000
Direct Dial: (212) 679-5315
Fax: (212) 972-2245
Email: jjureller@klestadt.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of the message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone. Thank you.


Confidentiality Notice: The contents of this email, all related responses and any files and/or attachments transmitted with it are CONFIDENTIAL and are intended solely for the use of the individual or entity to whom they are addressed. This email may contain legally privileged or confidential information and may not be disclosed or forwarded to anyone else without authorization from the originator of this email. If you have received this email in error, please notify the sender immediately and delete all copies from your system.

Confidentiality Notice: The contents of this email, all related responses and any files and/or attachments transmitted with it are CONFIDENTIAL and are intended solely for the use of the individual or entity to whom they are addressed. This email may contain legally privileged or confidential information and may not be disclosed or forwarded to anyone else without authorization from the originator of this email. If you have received this email in error, please notify the sender immediately and delete all copies from your system.

Confidentiality Notice: The contents of this email, all related responses and any files and/or attachments transmitted with it are CONFIDENTIAL and are intended solely for the use of the individual or entity to whom they are addressed. This email may contain legally privileged or confidential information and may not be disclosed or forwarded to anyone else without authorization from the originator of this email. If you have received this email in error, please notify the sender immediately and delete all copies from your system.

Confidentiality Notice: The contents of this email, all related responses and any files and/or attachments transmitted with it are CONFIDENTIAL and are intended solely for the use of the individual or entity to whom they are addressed. This email may contain legally privileged or confidential information and may not be disclosed or forwarded to anyone else without authorization from the originator of this email. If you have received this email in error, please notify the sender immediately and delete all copies from your system.

# EXHIBIT Q
# TO THE KASENETZ DECLARATION

08-13555-mg    Doc 40037    Filed 09/11/13    Entered 09/11/13 15:35:36    Main Document
Pg 8 of 12

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re                                                                    Case No. 08-13555 (JMP)

LEHMAN BROTHERS HOLDING, INC., *et al.*,        (Jointly Administered)

                  Debtors.
-----------------------------------------------------------------X

## STIPLUATION

Retirement Housing Foundation and its affiliates, Foundation Property Management, Bixby Knolls Towers, Inc., Gold County Health Center, Inc., Mayflower Gardens Health Facilities, Inc., Mayflower RHF Housing, Inc., Sun City RHF Housing, Holly Hill RHF Housing, Inc., Merritt Island RHF Housing, Inc., Martin Luther Foundation, Inc., Yellowwood Acres, Inc., Bluegrass RHF Housing, Inc., St. Catherine RHF Housing, Inc. and DeSmet RHF Housing, Inc. (collectively as "RHF"), and Lehman Brothers Special Financing Inc. ("LBSF"; and with RHF, the "Parties") hereby state and agree as follows:

**WHEREAS**, on June 20, 2008, RHF and LBSF, one of the debtors in the above-referenced chapter 11 cases, entered into an interest rate derivative swap (the "RHF Swap Agreement"). Lehman Brothers Holdings Inc. ("LBHI") was a credit support provider under the RHF Swap Agreement.

**WHEREAS**, on September 15, 2008, LBHI filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). Subsequently, certain affiliates of LBHI, including LBSF (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

**WHEREAS**, on June 11, 2009("RHF Termination Date"), RHF delivered notice to LBSF terminating the transactions under the RHF Swap Agreement

**WHEREAS**, LBSF disputes whether the termination of the transactions under the RHF Swap Agreement was valid and enforceable.

**WHEREAS**, on August 31, 2011, the Debtors filed their Third Amended Chapter 11 Plan (the "Plan") and, on October 25, 2011, the Debtors filed a Plan Supplement which includes as Exhibit 2 thereto a schedule of executory contracts and unexpired leases that the Debtors intend to assume pursuant to the Plan (the "Assumed Contract List"). The RHF Swap Agreement is set forth on the Assumed Contract List (p. 110).

**WHEREAS**, the inclusion of the RHF Swap Agreement on the Assumed Contract List constitutes a motion for assumption of the Agreement.

**WHEREAS**, RHF has contested the Debtors' proposed assumption of the transactions under the RHF Swap Agreement, reserving all rights with respect to the RHF Swap Agreement discussed herein and any claims relating to the RHF Swap Agreement other than set forth herein.

**NOW, THEREFORE**, the Parties, intending to be fully bound, hereby agree as follows:

1.  This stipulation confirms the understanding and agreement between LBSF and RHF that (i) all disputes in connection with LBSF's motion to assume the RHF Swap Agreement, including whether the termination of the transactions under the RHF Swap Agreement was valid and enforceable, will be deferred until the matter is scheduled for hearing upon at least 30 days notice by the Debtors to RHF, (ii) in the event there is a determination (whether as a result of written agreement or litigation, subject to all appeal rights) that the transactions under the RHF Swap Agreement have not been validly terminated on the RHF Termination Date (or such other date prior to the Effective Date (as defined in the Plan) as otherwise determined by the Court), then LBSF will be deemed to have moved to assume the RHF Swap Agreement as of the Effective Date and demanded that RHF perform the trade,

without prejudice to RHF's rights to contest the assumption, including any applicable cure amounts, (iii) in the event there is a determination (whether as a result of written agreement or litigation, subject to all appeal rights) that the transactions under the RHF Swap Agreement have been validly terminated on the RHF Termination Date (or such other date prior to the Effective Date as otherwise determined by the Court), then the RHF Swap Agreement will be deemed rejected as of the Effective Date and neither LBSF nor RHF will assert in any proceeding that such rejection has altered any of the rights or obligations of LBSF or RHF thereunder that existed immediately prior to such rejection; and (iv) LBSF may withdraw its motion to assume the RHF Swap Agreement at any time in its sole discretion.

2. Other than set forth herein, the Parties reserve all rights hereunder.

3. The Debtors will advise the Court or indicate in the Confirmation Order that the motion to assume the RHF Swap Agreement has been adjourned pursuant to an agreement of the Parties.

4. Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the applicable Party and that each such Party has full knowledge of, and has consented to, this Stipulation.

Dated: November 18, 2011

KLESTADT & WINTERS, LLP

By: *[signature]*

Tracy L. Klestadt
John E. Jureller
570 Seventh Avenue, 17th Floor
New York, New York 10018

(212) 972-3000

*Attorneys for RHF*

WEIL, GOTSHAL & MANGES LLP

By: *[signature]*

Robert J. Lemons, Esq.
767 Fifth Avenue
New York, New York 10153
Tel: 212-310-8000
Fax: 212-310-8007

*Attorneys for the Debtors and Debtors in Possession*