# EXHIBIT J
## TO THE COLAROSSI DECLARATION

Rec'd 9/9/09

LAW OFFICES
# KLESTADT & WINTERS, LLP
292 MADISON AVENUE
17TH FLOOR
NEW YORK, NY 10017-6314

TELEPHONE (212) 972-3000
TELEFAX (212) 972-2245

TRACY L. KLESTADT (NY & NJ BARS)
IAN R. WINTERS
JOHN E. JURELLER, JR. (NY & NJ BARS)
SEAN C. SOUTHARD

PATRICK J. ORR (NY & NJ BARS)
JOSEPH C. CORNEAU (NY & MA BARS)
BRENDAN M. SCOTT (NY, NJ & PA BARS)
SAMIR P. GEBRAEL

OF COUNSEL
JON YARD ARNASON
DONALD E. WATNICK
STACY E. BUSH (NY & NJ BARS)

NEW JERSEY OFFICE
15 WARREN STREET
HACKENSACK, NJ 07601
(201) 833-5151

September 4, 2009

**By Federal Express Overnight Mail**
Lehman Brothers Special Financing Inc.
1271 Sixth Avenue, 40th Floor
New York, New York 10020
Attn: Derivative Middle Office

Re: Retirement Housing Foundation *et al.*
ISDA 1992 Master Agreement, dated June 20, 2008

Ladies and Gentlemen:

Please be advised that our firm represents Retirement Housing Foundation, Foundation Property Management, Inc., and each of the nonprofit corporations listed on Exhibit A to the ISDA 1992 Master Agreement (the "Master Agreement") dated as of June 20, 2008 (collectively as the "Non-defaulting Party"). We are in receipt of: (i) your invoice dated August 28, 2009 regarding the swap transaction maturing September 1, 2028 in which you assert that the Non-defaulting Party owes Lehman Brothers Special Financing Inc. ("LBSF") the sum of $326, 325.26; (ii) your invoice dated September 2, 2009 regarding the swap transaction maturing August 15, 2010 in which you assert that the Non-defaulting Party owes LBSF the sum of $21,012.18; (iii) your invoice dated September 2, 2009 regarding the swap transaction maturing August 15, 2010 in which you assert that the Non-defaulting Party owes LBSF the sum of $15,475.56; (iv) your invoice dated September 2, 2009, regarding swap transaction maturing August 15, 2010 in which you assert that the Non-defaulting Party owes LBSF the sum of $37,212.05; (v) your invoice dated September 2, 2009, regarding swap transaction maturing August 15, 2010 in which you assert that the Non-defaulting Party owes LBSF the sum of $8,265.01; (vi) your

- 2 -

invoice dated September 2, 2009, regarding swap transaction maturing August 15, 2010 in which you assert that the Non-defaulting Party owes LBSF the sum of $11,221.95; (vii) your invoice dated September 2, 2009, regarding swap transaction maturing August 15, 2010 in which you assert that the Non-defaulting Party owes LBSF the sum of $27,406.11; and (viii) your invoice dated September 1, 2009, regarding swap transaction maturing August 15, 2010 in which you assert that the Non-defaulting Party owes LBSF the sum of $15,475.56 (collectively, the "Invoices").

As a result of Lehman Brothers Holdings Inc., as Credit Support Provider,[1] filing a petition for relief under Chapter 11 of the United States Bankruptcy Code, an Event of Default has occurred under section 5(a)(vii) of the Master Agreement and such Event of Default is still continuing. By letter dated June 11, 2009, the Non-defaulting Party designated June 11, 2009 as the Early Termination Date in respect of all outstanding Transactions.

The Non-defaulting Party, having designated an Early Termination Date, is no longer obligated to perform under the Master Agreement pursuant to section 2(a)(iii) thereof, which provides: "Each obligation of each party under Section 2(a)(i) is subject to (1) the condition precedent that no Event of Default or Potential Event of Default with respect to the other party has occurred and is continuing, (2) the condition precedent that no Early Termination Date in respect of the relevant Transaction has occurred or been effectively designated and (3) each other applicable condition precedent specified in this Agreement."

Therefore, the Non-defaulting Party is in no way obligated to remit payment as requested in the Invoices and does not intend to remit any such payments.

Thank you for your anticipated cooperation.

Very truly yours,

KLESTADT & WINTERS, LLP

John E. Jurellen, Jr.

cc: Retirement Housing Foundation, et al.
Weil Gotshal & Manges, LLP
Attorneys for LBSF

---

[1] All capitalized terms not defined herein shall have the meaning ascribed in the Master Agreement.