UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | ) Case No. 08-13555 (JMP) |
| Debtors. | ) Jointly Administered |

**STIPULATION AND AGREED ORDER GRANTING DEBTORS' OBJECTION
TO CMBS CLAIMS AND REQUEST FOR SUBORDINATION
PURSUANT TO SECTIONS 510(A)-(C) OF THE BANKRUPTCY CODE**

PLEASE TAKE NOTICE THAT Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "***Debtors***") and Carlyle Mortgage Capital LLC, SASC 2007-BC4 A4 II LLC, SASC 2007-BNC1 LLC, SASC 2007-BC4 A4 LLC, and BNC 2007-4, LLC (collectively, the "***Carlyle Entities***"), by and through their attorneys, enter into this stipulation and agreed order (the "***Stipulation***") and state as follows:

WHEREAS the Carlyle Entities have filed certain securities claims in the above-captioned action with a total claimed face value of $236,180,188.58 and attached as Exhibit A annexed hereto (collectively, the "***Carlyle Specific Securities Claims***");

WHEREAS, on April 25, 2013, Debtors' filed an Objection to CMBS Claims and Request for Subordination Pursuant to Sections 510(a)-(c) of the Bankruptcy Code (the "***CMBS Claims Objection***"), seeking to subordinate certain claims, including the Carlyle Specific Securities Claims, pursuant to section 510(a)-(c) of title 11 of the United States Code (the "***Bankruptcy Code***");

WHEREAS, the Carlyle Entities represented on July 24, 2013, that they would not oppose Debtors' CMBS Claims Objection with respect to the Carlyle Specific Securities Claims;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, as follows:

(a) There being no opposition from the Carlyle Entities, the Carlyle Specific Securities Claims attached as Exhibit A to this Stipulation shall be subordinated pursuant to section 510(b) of the Bankruptcy Code as requested in the Debtors' CMBS Claims Objection. This subordination shall apply only with respect to the Carlyle Specific Securities Claims as filed by the Carlyle Entities and attached as Exhibit A, which the Carlyle Entities represent they have not assigned to any other party. Further, the subordination shall be effective as to all Debtors but shall not apply to (a) any other claims of the Carlyle Entities or any of their affiliates, parents, subsidiaries or related parties in or with respect to these bankruptcy proceedings, (b) any claims filed on behalf of the Carlyle Entities or any of their affiliates, parents, subsidiaries or related parties by any trustee, custodian, fiduciary or other third party, even if such claims relate to the subject matter of the CMBS Claims Objection (such as, by way of example, claims of the type filed by trustees and mentioned in the CMBS Claims Objection including, without limitation, paragraphs 13-15 of the CMBS Claims Objection), (c) claims that any of the Carlyle Entities or any of their affiliates, parents, subsidiaries or related parties may now or in the future have against any person or entity other than the parties requesting relief pursuant to the CMBS Claims Objection.

(b) This Stipulation comprises the entire agreement between the Parties and supersedes all prior agreements and understandings, both written and oral, between the Parties in respect of the subject matter hereof.

(c) This Stipulation may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute one and the same agreement.

(d) The undersigned hereby represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation.

(e) This Stipulation shall not be modified, altered, amended or vacated without written consent of the Parties hereto. Any such modification, alteration, amendment or vacation, in whole or in part, shall be subject to the approval of the Court.

(f) The Court shall retain jurisdiction (and the Parties consent to such retention of jurisdiction) to resolve any disputes or controversies arising from or related to this Stipulation. Any request for relief brought before the Court to resolve a dispute arising from or related to this Stipulation shall be brought on proper notice and in accordance with relevant Bankruptcy Rules and Local Bankruptcy Rules.

| | |
|---|---|
| New York, New York<br>Dated: September 12, 2013 | */s/ Joseph Serino*<br>Jonathan S. Henes, P.C.<br>Joseph Serino, Jr., P.C.<br>Chad J. Husnick<br>Christopher T. Greco<br>KIRKLAND & ELLIS LLP<br>KIRKLAND & ELLIS INTERNATIONAL LLP<br>601 Lexington Avenue<br>New York, New York  10022<br>Telephone:    (212) 446-4800<br>Facsimile:     (212) 446-4900<br>*Attorneys for the Debtors* |

THE CARLYLE ENTITIES

*/s/ Paul A. Patterson*

Paul A. Patterson
Stradley Ronon Stevens & Young LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Telephone: (215) 564-8000
Facsimile: (215) 564-8120
*Attorneys for the Carlyle Entities*

**SO ORDERED:**

| | | |
|---|---|---|
| Dated: New York, New York<br>September 17, 2013 |  | /s/ James M. Peck<br>_____<br>Honorable James M. Peck<br>United States Bankruptcy Judge |

4