HEARING DATE AND TIME: October 24, 2013 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: October 17, 2013 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW THE PROOFS OF CLAIMS FILED BY BANK OF NEW YORK MELLON TRUST CO., NA, AS TRUSTEE FOR THE MICHIGAN TOBACCO SETTLEMENT ASSET-BACKED BONDS SERIES 2007 (CLAIM NOS. 29721 AND 29748).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, TERESA C. BRADY, AT 212-310-8093.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
In re                                            :    Chapter 11 Case No.
                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     :    08-13555 (JMP)
                                                 :
                       Debtors.                  :    (Jointly Administered)
---------------------------------------------------------------------x

**NOTICE OF HEARING ON OBJECTION TO CLAIMS OF
BANK OF NEW YORK MELLON TRUST CO., NA, AS
TRUSTEE FOR THE MICHIGAN TOBACCO SETTLEMENT
<u>ASSET-BACKED BONDS SERIES 2007 (CLAIM NOS. 29721 AND 29748)</u>**

**PLEASE TAKE NOTICE** that on September 17, 2013, Lehman Brothers

Holdings Inc. ("<u>LBHI</u>" and the "<u>Plan Administrator</u>"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors for the entities in the above-referenced chapter 11 cases, filed its objection to Claim

Nos. 29721 and 29748 filed by Bank of NY Mellon Trust Co., NA, as Trustee for the Michigan

Tobacco Settlement Asset-Backed Bonds Series 2007 (the "Objection"), and that a hearing (the "Hearing") to consider the Objection will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 24, 2013 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Teresa C. Brady, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Tracy Hope Davis, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.), so as to be so filed and received by no later than **October 17, 2013 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection, the Plan Administrator may, on or after the Response

2

Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: September 17, 2013
      New York, New York

                      /s/ Robert J. Lemons
                      Robert J. Lemons

                      WEIL, GOTSHAL & MANGES LLP
                      767 Fifth Avenue
                      New York, New York 10153
                      Telephone: (212) 310-8000
                      Facsimile: (212) 310-8007

                      Attorneys for Lehman Brothers Holdings Inc.
                      and Certain of Its Affiliates

HEARING DATE AND TIME: October 24, 2013 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: October 17, 2013 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                            :     **Chapter 11 Case No.**
                                                 :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,     :     **08-13555 (JMP)**
                                                 :
                    Debtors.                     :     **(Jointly Administered)**
-------------------------------------------------------------------x

**OBJECTION TO CLAIMS OF BANK OF NEW YORK MELLON TRUST CO.,
NA, AS TRUSTEE FOR THE MICHIGAN TOBACCO SETTLEMENT
ASSET-BACKED BONDS SERIES 2007 (CLAIM NOS. 29721 AND 29748)**

---

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW THE PROOFS OF
CLAIMS FILED BY BANK OF NEW YORK MELLON TRUST CO., NA,
AS TRUSTEE FOR THE MICHIGAN TOBACCO SETTLEMENT ASSET-
BACKED BONDS SERIES 2007 (CLAIM NOS. 29721 AND 29748).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS
HOLDINGS INC.'S COUNSEL, TERESA C. BRADY, AT 212-310-8093.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced

chapter 11 cases (together, the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1.  The Plan Administrator files this objection (the "<u>Objection</u>"), pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), seeking to reduce and allow the claims filed by Bank of NY Mellon Trust Co., NA, as Trustee for the Michigan Tobacco Settlement Asset-Backed Bonds Series 2007, Claim Nos. 29721 and 29748 (the "<u>Claims</u>").

2.  The Claims belong to Michigan Finance Authority, as successor to Michigan Tobacco Settlement Finance Authority (the "<u>Authority</u>") and to the Authority's bondholders. The Claims were filed on behalf of the Authority and its bondholders by The Bank of New York Trust Company, N.A., n/k/a The Bank of New York Mellon Trust Company, N.A. (the "<u>Trustee</u>"), who is a Trustee under a Trust Indenture with the Authority and party to a Series 2007 Supplement Authorizing the Issuance of $522,991,697.00 Tobacco Settlement Asset-Backed Bonds Series 2007 of the Authority.

3.  The Authority and the Chapter 11 Estates have negotiated a settlement of the Claims pursuant to which the Authority has consented to the reductions sought by this Objection. The Plan Administrator, therefore, requests that the Court reduce and allow the Claims to reflect the amounts listed under the column heading *"Modified Amount"* on <u>Exhibit A</u> attached hereto.

**Jurisdiction**

4.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.  Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

2

Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On December 6, 2011, the Court approved and entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012.

7. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

### The Claims Should Be Reduced and Allowed

8. The Chapter 11 Estates disputed the amount of the Claims, which arise from prepetition derivatives contracts. Subsequently, the Chapter 11 Estates engaged in negotiations with the Authority, which resulted in agreement between the Chapter 11 Estates and the Authority that Claims should be allowed in the amounts that are reflected under the column heading *"Modified Amount"* on Exhibit A attached hereto. Accordingly, in order to properly reflect the agreements with respect to the amount of these Claims, the Plan Administrator requests that the Court reduce and allow the Claims to reflect the amount listed under the column heading *"Modified Amount"* on Exhibit A attached hereto.

9. The Authority and the Trustee have agreed not to challenge or object to this Objection. However, the Trustee may object to this Objection if it is instructed to do so by any of the Authority's bondholders.

### Notice

10. No trustee has been appointed in these chapter 11 cases. Notice of this Objection has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the Authority; (vi) the Bank of New York Mellon Trust Co., NA as Trustee for the Authority; and (vii) all other parties entitled to notice in accordance with

3

the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

11. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: September 17, 2013
       New York, New York

                              /s/ Robert J. Lemons
                              Robert J. Lemons

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Lehman Brothers Holdings Inc.
                              and Certain of Its Affiliates

US_ACTIVE:\44319016\1\58399.0011

**Exhibit A**

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**
**OBJECTION TO CLAIMS 29721 AND 29748: EXHIBIT A**

| | NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 1 | BANK OF NEW YORK MELLON TRUST COMPANY, NA, THE | 29721 | 9/22/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $4,772,320.00 | | $4,772,320.00 |
| | | | | **CLAIM AS MODIFIED** | | | | **$2,675,000.00** | | **$2,675,000.00** |
| 2 | BANK OF NEW YORK MELLON TRUST COMPANY, NA, THE | 29748 | 9/22/09 | Lehman Brothers Special Financing Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $4,772,320.00 | | $4,772,320.00 |
| | | | | **CLAIM AS MODIFIED** | | | | **$2,675,000.00** | | **$2,675,000.00** |
| | | | | TOTAL ASSERTED | $0.00 | $0.00 | $0.00 | $9,544,640.00 | $0.00 | $9,544,640.00 |
| | | | | TOTAL NOT SUBJECT TO OBJECTION | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | TOTAL SUBJECT TO OBJECTION | 0.00 | 0.00 | 0.00 | 9,544,640.00 | 0.00 | 9,544,640.00 |
| | | | | **TOTAL CLAIM AS MODIFIED** | **$0.00** | **$0.00** | **$0.00** | **$5,350,000.00** | **$0.00** | **$5,350,000.00** |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                           :    Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                                :
           Debtors.                                      :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING OBJECTION TO CLAIMS OF BANK OF NEW YORK MELLON TRUST CO., NA, AS TRUSTEE FOR THE MICHIGAN TOBACCO SETTLEMENT ASSET-BACKED BONDS SERIES 2007 (CLAIM NOS. 29721 AND 29748)

Upon the objection, dated September 17, 2013 (the "Objection"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (together, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, seeking to reduce and allow the claims filed by Bank of New York Mellon Trust Co., NA, as Trustee for the Michigan Tobacco Settlement Asset-Backed Bonds Series 2007, Claim Nos. 29721 and 29748 (the "Claims") on the grounds that the Chapter 11 Estates and claimants have agreed upon a claim amount that is not currently reflected on claimants' proofs of claims, all as more fully described in the Objection; and due and proper notice of the Objection having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the Authority; (vi) the Bank of New York Mellon Trust Co., NA, as Trustee for the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

Authority; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that the Claims are hereby modified and allowed in the amount that is set forth on <u>Exhibit 1</u> under the column heading *"Modified Amount"*; *provided that*, the Authority and its bondholders, as holders of the Claims against both (i) a Chapter 11 Estate, Lehman Brothers Special Financing Inc., based on a derivatives contract and (ii) LBHI based on its guarantee relating to that derivatives contract, may not receive an aggregate recovery in respect of the Claims that is greater than the applicable *"Modified Amount"*; and it is further

ORDERED that (i) the *"Modified Amount"* sets forth the total amount due to the Authority and its bondholders under, in respect of, or related to the applicable derivatives contract and (ii) the Claims shall represent the sole right of the Authority and its bondholders to any distributions from the applicable Chapter 11 Estate under, in respect of, or related to the applicable derivatives contract; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are

2

expressly reserved with respect to, any claim listed on <u>Exhibit A</u> to the Objection that does not appear on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York

                                                                                      UNITED STATES BANKRUPTCY JUDGE

3