HEARING DATE AND TIME:  October 24, 2013 at 10:00 a.m. (Prevailing Eastern Time)
RESPONSE DEADLINE:  October 17, 2013 at 4:00 p.m. (Prevailing Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF FOUR HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CANDACE M. ARTHUR, AT 212-310-8324.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :    08-13555 (JMP)
                                               :
                    Debtors.                   :    (Jointly Administered)
------------------------------------------------------------------x
```

**NOTICE OF HEARING ON FOUR HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (INVALID BLOCKING NUMBER LPS CLAIMS)**

**PLEASE TAKE NOTICE** that on September 17, 2013, Lehman Brothers

Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the *Modified Third*

*Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* for

US_ACTIVE:\44297018\2\58399.0011

certain entities in the above-referenced chapter 11 cases, filed its four hundred thirty-seventh omnibus objection to claims (the "<u>Four Hundred Twenty-Seventh Omnibus Objection to Claims</u>"), and that a hearing (the "<u>Hearing</u>") to consider the Four Hundred Thirty-Seventh Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 24, 2013 at 10:00 a.m. (Prevailing Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Thirty-Seventh Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399, upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Robert J. Lemons, Esq. and Maurice Horwitz, Esq., attorneys for the Plan Administrator; and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Tracy Hope Davis, Esq., Susan Golden, Esq. and Andrea B. Schwartz, Esq., so as to filed and received by no

later than **October 17, 2013 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Thirty-Seventh Omnibus Objection to Claims, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Thirty-Seventh Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: September 17, 2013
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

3

HEARING DATE AND TIME:  October 24, 2013 at 10:00 a.m. (Prevailing Eastern Time)
RESPONSE DEADLINE:  October 17, 2013 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                  :     Chapter 11 Case No.
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,           :     08-13555 (JMP)
                                                       :
                        Debtors.                       :     (Jointly Administered)
------------------------------------------------------------------x

**FOUR HUNDRED THIRTY-SEVENTH OMNIBUS**
**OBJECTION TO CLAIMS (INVALID BLOCKING NUMBER LPS CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS FOUR HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CANDACE M. ARTHUR, AT 212-310-8324.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers*

*Holdings Inc. and Its Affiliated Debtors* (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1.  The Plan Administrator files this four hundred thirty-seventh omnibus objection to claims (the "Four Hundred Thirty-Seventh Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases [ECF No. 6664] (the "Procedures Order"), seeking to disallow and expunge the claims listed on Exhibit A annexed hereto.

2.  The Plan Administrator has examined the proofs of claim identified on Exhibit A (collectively, the "Invalid Blocking Number LPS Claims") and has determined that such claims violate this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases [ECF No. 4271] (the "Bar Date Order"). Specifically, the Invalid Blocking Number LPS Claims are claims based, in whole or in part, on Lehman Programs Securities (as defined in the Bar Date Order and further below) that do not include valid electronic instruction reference numbers or blocking reference numbers as required by the Bar Date Order. Accordingly, the Plan Administrator requests the disallowance and expungement of the Invalid Blocking Number LPS Claims to the extent set forth on Exhibit A annexed hereto.

3.  The Plan Administrator reserves all its rights to object on any other basis to any Invalid Blocking Number LPS Claim as to which the Court does not grant the relief requested herein.

2

**Jurisdiction**

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.      Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.

6.      On January 14, 2010, the Court entered the Procedures Order, which authorizes, among other things, the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7.      On July 2, 2009, this Court entered the Bar Date Order, which set forth specific alternative claim filing procedures (the "Lehman Programs Securities Procedures") that apply to the "filing of any and all claims (including claims under a related Guarantee) against the Debtors arising from securities issued by the Debtors or any of the Debtors' affiliates outside of the United States, solely to the extent identified on http://www.lehman-docket.com under the heading 'Lehman Programs Securities' (any such security, a 'Lehman Program Security') . . . ." (Bar Date Order at 12.) The Lehman Programs Securities Procedures resulted from extensive negotiations among the Chapter 11 Estates, the statutory committee of unsecured creditors appointed by the United States Trustee for Region 2 (the "U.S. Trustee"), the issuers of Lehman Programs Securities, Euroclear Bank ("Euroclear"), Clearstream Bank ("Clearstream"), and a large group of creditors.

8.      The Bar Date Order set forth the Lehman Programs Securities Procedures that specifically required, among other things, that claims for Lehman Programs Securities

3

"include either a Euroclear electronic instruction reference number or a Clearstream blocking reference number" (a "<u>Blocking Number</u>"). (*Id.* at 13.) Each Blocking Number issued by the applicable clearing agency relates to a specific holder of a specific Lehman Programs Security in a specific amount. The issuance of a Blocking Number prevented the holder of a Lehman Programs Security from trading that security through November 2, 2009 (the "<u>Securities Programs Bar Date</u>") and the Blocking Number is utilized by the Plan Administrator to reconcile such claims.

9.  The Blocking Number requirement was necessary because the Lehman Programs Securities did not have an indenture trustee that would file a global claim on behalf of all holders of a particular security, but rather individual holders of such securities (or custodians thereof) would be filing claims based on such securities. Accordingly, the Blocking Number requirement provided the only mechanism for the Chapter 11 Estates and/or the Plan Administrator to confirm the ownership and amount of a particular security for purposes of the proof of claim based on a Lehman Programs Security. Absent the Blocking Number requirement and temporary restriction on trading, the risk would exist that the Plan Administrator would make distributions in excess of the outstanding amount of the Lehman Programs Securities as a result of making multiple distributions on the same obligation.

10. The Bar Date Order warned that "any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order . . . shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto)." (Bar Date Order at 9-10.)[1] A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

---

[1] The Bar Date Order also stated that, "other than specifically provided in clauses (a) through (m) above [setting forth the procedures to file claims by holders of a Lehman Programs Security], all provisions of this Order apply to

4

11. Because the Lehman Programs Securities were widely held by investors around the world, the Lehman Programs Securities Procedures provided that the notice of the Securities Programs Bar Date (the "Securities Programs Bar Date Notice") would be widely published and disseminated. Pursuant to the Bar Date Order, the Securities Programs Bar Date Notice was published by the Chapter 11 Estates in ten languages, plus seven translations for local dialects, in twenty-six newspapers in eighteen countries.[2] The Securities Programs Bar Date Notice was also provided to Euroclear, Clearstream, and similar clearing systems as well as to the issuers of the Lehman Programs Securities with a request that those entities distribute the notice to the holders of Lehman Programs Securities.

12. The Securities Programs Bar Date Notice included a "**Special Note Regarding Blocking Numbers**" instructing that "[e]ach Securities Program Proof of Claim must include either a Euroclear Electronic Instruction Reference Number, a Clearstream Blocking Reference Number, or other depository blocking reference number, as appropriate . . . with respect to each Lehman Programs Security for which such Securities Program Proof of Claim is filed." (Secs. Programs Bar Date Notice at 3.)[3] It also warned claimants in bold-face type that "[a]ny holder of a claim based on a Lehman Programs Security who fails to file a Securities Programs Proof of Claim in accordance with the Bar Date Order on or before the Securities Programs Bar Date . . . will be forever barred, estopped, and enjoined from asserting such claim

---

holders of claims under any Lehman Program Security and holders of claims based on such Lehman Program Security are required to comply with all provisions of this Order." (Bar Date Order at 15.)

[2] The Bar Date Order specified that "the Debtors shall publish notice (translated into the appropriate language, if necessary) substantially in the form of the Securities Programs Bar Date Notice at least once in one leading national newspaper in each of Italy, Spain, France, Germany, The Netherlands (in English), Switzerland, Luxembourg, United Kingdom, Hong Kong, Mexico, Belgium, Austria, Greece, Brazil, Argentina, Australia, and Japan." (Bar Date Order at 14.)

[3] The Securities Programs Bar Date Notice established October 23, 2009, as the deadline to request a Blocking Number. (Secs. Programs Bar Date Notice at 3.)

5

(and from filing a Securities Programs Proof of Claim with respect to such claim) against LBHI [and] the other Debtors and their estates." (*Id.* at 3.)

13.     On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

## The Invalid Blocking Number LPS Claims Should Be Disallowed and Expunged

14.     In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the claims on Exhibit A as being claims based on Lehman Programs Securities that were filed with invalid Blocking Numbers. In reviewing claims based on Lehman Programs Securities, the Plan Administrator must reconcile the Blocking Number provided on the proof of claim form with the lists of issued Blocking Numbers provided to the Chapter 11 Estates by the various clearing agencies. Such reconciliation confirms the ownership of a security by the claimant on the Securities Programs Bar Date.

15.     The Invalid Blocking Number LPS Claims were filed with invalid Blocking Number in the Securities Programs Proof of Claim Form (as defined in the Bar Date Order) box number 3, which was designated for Blocking Numbers. The Plan Administrator, despite its diligent efforts, has been unable to reconcile the Invalid Blocking Number LPS Claims with any valid Blocking Number issued by a clearing agency. Consequently, the Invalid Blocking Number LPS Claims do not provide any evidence regarding the ownership of the relevant securities and do not comply with the provisions of the Bar Date Order.

16.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential

6

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

17. The Invalid Blocking Number LPS Claims fail to comply with the specific directions in the Bar Date Order and the Securities Programs Bar Date Notice that each claim based on a Lehman Programs Security include a Blocking Number issued by Euroclear, Clearstream or other relevant depository. (*See* Bar Date Order at 13; Secs. Programs Bar Date Notice at 3.) The Blocking Number requirement in the Lehman Programs Securities Procedures was specifically and extensively negotiated and is a critical safeguard against duplicative or excess distributions on Lehman Programs Securities. Without confirming a valid and unique Blocking Number associated with each and every Lehman Programs Security, it is extremely burdensome for the Plan Administrator to verify the ownership and amount of a particular security. The widely distributed Securities Programs Bar Date Notice informed holders of Lehman Programs Securities of the Blocking Number requirement and expressly warned that failure to comply would result in their claims being barred. (*See* Secs. Programs Bar Date Notice at 3.) Nevertheless, these claimants filed the Invalid Blocking Number LPS Claims without the required Blocking Number for each of the Lehman Programs Securities claimed.

18. Accordingly, the Plan Administrator requests that the Court disallow and expunge with prejudice the Invalid Blocking Number LPS Claims to the extent set forth on <u>Exhibit A</u>.

### **Notice**

19. No trustee has been appointed in these chapter 11 cases. Notice of this Four Hundred Thirty-Seventh Omnibus Objection to Claims has been provided to (i) the U.S.

7

Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

20. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: September 17, 2013
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

# **EXHIBIT A**

US_ACTIVE:\44297018\2\58399.0011

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)
**OMNIBUS OBJECTION 437: EXHIBIT A - INVALID BLOCKING NUMBER**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | CREDIT SUISSE (UK) LIMITED | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/29/2009 | 55816 | Undetermined | Undetermined | Invalid Blocking Number relating to ISIN XS0229269856 |
| 2 | MEURER, HORST & ELISABETH, DR.'S | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/31/2009 | 9969 | $219,711.68 | $219,711.68 | Invalid Blocking Number relating to ISIN XS0229269856 |
| | | | | | TOTAL | $219,711.68 | $219,711.68 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                  :
                        Debtors.                           :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING FOUR HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (INVALID BLOCKING NUMBER LPS CLAIMS)

Upon the four hundred thirty-seventh omnibus objection to claims, dated September 17, 2013 (the "Four Hundred Thirty-Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), seeking, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), disallowance and expungement of the Invalid Blocking Number LPS Claims to the extent that such claims fail to include a valid electronic instruction reference number or a blocking reference number as required by the Bar Date Order, all as more fully described in the Four Hundred Thirty-Seventh Omnibus Objection to Claims; and due and proper notice of the Four Hundred Thirty-Seventh Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Thirty-Seventh Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Thirty-Seventh Omnibus Objection to Claims.

Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Thirty-Seventh Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Four Hundred Thirty-Seventh Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto are disallowed and expunged to the extent set forth therein; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Four Hundred Thirty-Seventh Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
       New York, New York

                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)
**OMNIBUS OBJECTION 437: EXHIBIT 1 - INVALID BLOCKING NUMBER**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | CREDIT SUISSE (UK) LIMITED | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/29/2009 | 55816 | Undetermined | Undetermined | Invalid Blocking Number relating to ISIN XS0229269856 |
| 2 | MEURER, HORST & ELISABETH, DR.'S | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/31/2009 | 9969 | $219,711.68 | $219,711.68 | Invalid Blocking Number relating to ISIN XS0229269856 |
| | | | | | TOTAL | $219,711.68 | $219,711.68 | |