---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF FOUR HUNDRED THIRTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, LEE J. GOLDBERG, AT 212-310-8928.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | :     Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | :     **08-13555 (JMP)** |
| | : |
| Debtors. | :     **(Jointly Administered)** |

------------------------------------------------------------------x

**NOTICE OF HEARING ON FOUR HUNDRED THIRTY-EIGHTH**
**OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)**

        **PLEASE TAKE NOTICE** that on September 18, 2013, Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"), filed its four hundred thirty-eighth omnibus objection to claims (the "Four Hundred Thirty-Eighth Objection to Claims"), and that a hearing (the "Hearing") to consider the Four Hundred Thirty-Eighth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 24, 2013 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

    **PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Thirty-Eighth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Lee J. Goldberg, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Tracy Hope Davis, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and

received by no later than **October 18, 2013 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

   **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Thirty-Eighth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Thirty-Eighth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: September 18, 2013
  New York, New York

      /s/ Robert J. Lemons
      Robert J. Lemons

      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      Attorneys for Lehman Brothers Holdings Inc.
      and Certain of Its Affiliates

US_ACTIVE:\44330791\1\58399.0003

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                                    :    Chapter 11 Case No.
                                                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :    **08-13555 (JMP)**
                                                                          :
                             Debtors.                          :    (Jointly Administered)
------------------------------------------------------------------x

FOUR HUNDRED THIRTY-EIGHTH OMNIBUS
OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN
FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS FOUR
HUNDRED THIRTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS
SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR
NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS
OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO
DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR
CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS
HOLDINGS INC.'S COUNSEL, LEE J. GOLDBERG, AT 212-310-8928.

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced

chapter 11 cases (the "Chapter 11 Estates"), respectfully represents:

**Relief Requested**

1.     The Plan Administrator files this four hundred thirty-eighth omnibus

objection to claims (the "Four Hundred Thirty-Eighth Omnibus Objection to Claims"), pursuant

to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim filed in these

chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking to disallow and expunge the

claims listed on Exhibit A annexed hereto.

2.     The Plan Administrator has examined the proofs of claim identified on

Exhibit A and has determined that the proofs of claim listed on Exhibit A (collectively, the

"Settled Derivatives Claims") should be disallowed and expunged, to the extent set forth therein,

as contrary to the settlements into which the parties have entered.  The claimants and the Chapter

11 Estates have negotiated settlements of disputes related to derivatives claims.  These

settlements provide for resolution of the derivatives claims with a payment to the Chapter 11

Estates, with no amounts being due between the parties, or with the counterparty being granted a

single allowed derivatives claim against one or more Chapter 11 Estates for a release of all other

derivatives claims the claimant has asserted related thereto.  The settlements are reflected in

executed termination agreements among the relevant parties or have been agreed to by the

relevant parties in other writings.  The proofs of claim being objected to are not consistent with

such settlements as they seek to recover amounts based on prepetition derivatives contracts for

which the applicable Chapter 11 Estate does not have liability.  The Plan Administrator,

therefore, requests that the Court disallow and expunge the Settled Derivatives Claims.

## Jurisdiction

3.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4.        Commencing on September 15, 2008, and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases under title 11 of the

Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.        On January 14, 2010, the Court entered the Procedures Order, which

authorizes the filing of omnibus objections to no more than 500 claims at a time, on various

grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set

forth in the Procedures Order.

6.        On December 6, 2011, the Court approved and entered an order

confirming the Plan.  The Plan became effective on March 6, 2012 (the "Effective Date").

7.        Pursuant to the Plan, the Plan Administrator is authorized to interpose and

prosecute objections to claims filed against the Chapter 11 Estates.

## The Settled Derivatives Claims Should Be Disallowed and Expunged

8.        In its review of the claims filed on the claims register in these cases, the

Plan Administrator has identified the claims listed on Exhibit A as being claims for which the

Chapter 11 Estates specifically negotiated a settlement with the claimants for (i) a payment to the

Chapter 11 Estates, (ii) no payment by either party, or (iii) a single recovery against one or more

Chapter 11 Estates in exchange for a release of all other related derivatives claims.  The Settled

Derivatives Claims are not consistent with the settlements.

3

9.    A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See*

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re*

*Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

10.    The Chapter 11 Estates engaged in negotiations with certain claimants that

had filed proofs of claim against the Chapter 11 Estates asserting obligations based on

prepetition derivatives contracts.  The Chapter 11 Estates and these claimants negotiated and

agreed that these derivatives claims would be resolved by (i) no amounts being due between the

parties, (ii) the claimants making a payment to the Chapter 11 Estates, or (iii) the claimant

having a single allowed claim against one or more Chapter 11 Estates in exchange for a release

of all other derivatives claims that it has asserted related thereto.  The agreements are reflected in

executed termination agreements or other writings.  Furthermore, the Effective Date has occurred

and distributions under the Plan have commenced.  It would be inequitable and inappropriate for

holders of claims subject to this objection to receive distributions in contravention of the

settlements to which they previously agreed.  In order to properly reflect such agreements, the

Plan Administrator requests that the Court disallow and expunge the Settled Derivatives Claims

listed on Exhibit A to the extent set forth therein.

### Notice

11.    No trustee has been appointed in these chapter 11 cases.  Notice of this

Four Hundred Thirty-Eighth Omnibus Objection to Claims has been provided to (i) the United

States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal

Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each

4

claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the

procedures set forth in the second amended order entered on June 17, 2010, governing case

management and administrative procedures for these cases [ECF No. 9635].  The Plan

Administrator submits that no other or further notice need be provided.

    12. No previous request for the relief sought herein has been made by the Plan

Administrator or the Chapter 11 Estates to this or any other Court.

    WHEREFORE the Plan Administrator respectfully requests entry of an order

granting the relief requested herein and such other and further relief as is just.

Dated:  September 18, 2013
   New York, New York

        /s/ Robert J. Lemons_____
        Robert J. Lemons

        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York 10153
        Telephone: (212) 310-8000
        Facsimile: (212) 310-8007

        Attorneys for Lehman Brothers Holdings Inc.
        and Certain of Its Affiliates

US_ACTIVE:\44330791\1\58399.0003

## **Exhibit A**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 438: EXHIBIT A - NO LIABILITY CLAIM - DERIVATIVE**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | GRANITE FINANCE LIMITED | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27820 | Undetermined | Undetermined | No Liability Claim - Derivative |
| 2 | GRANITE FINANCE LIMITED | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 27872 | Undetermined | Undetermined | No Liability Claim - Derivative |
| | | | | | TOTAL | $0.00 | $0.00 | |

* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------------x
In re                                           :      Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :      08-13555 (JMP)
                                                :
                              Debtors.          :      (Jointly Administered)
-------------------------------------------------------------------x
```

## ORDER GRANTING FOUR HUNDRED THIRTY-EIGHTH
## OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

Upon the four hundred thirty-eighth omnibus objection to claims, dated

September 18, 2013 (the "Four Hundred Thirty-Eighth Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator

under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and

Its Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United

States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim [ECF No. 6664], seeking disallowance and expungement of the Settled

Derivatives Claims on the grounds that the Settled Derivatives Claims are contrary to settlements

that the parties have entered into, all as more fully described in the Four Hundred Thirty-Eighth

Omnibus Objection to Claims; and due and proper notice of the Four Hundred Thirty-Eighth

Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region

2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the

United States Attorney for the Southern District of New York; (v) each claimant listed on

Exhibit A attached to the Four Hundred Thirty-Eighth Omnibus Objection to Claims; and (vi) all

other parties entitled to notice in accordance with the procedures set forth in the second amended

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Four Hundred Thirty-Eighth Omnibus Objection to Claims.

order entered on June 17, 2010, governing case management and administrative procedures for

these cases [ECF No. 9635]; and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Four Hundred Thirty-

Eighth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their

creditors, and all parties in interest and that the legal and factual bases set forth in the Four

Hundred Thirty-Eighth Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Thirty-Eighth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Settled

Derivatives Claims listed on Exhibit 1 annexed hereto are disallowed and expunged in their

entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Four Hundred

Thirty-Eighth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto;

and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York

                                            _____
                                            UNITED STATES BANKRUPTCY JUDGE