Hearing Date and Time: September 26, 2013 at 10:00 a.m.
Objection Date and Time: September 19, 2008 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.* | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**VERIFIED OPPOSITION OF THE TOBACCO SETTLEMENT FINANCING CORPORATION TO THE DEBTORS' FOUR HUNDRED THIRTY-THIRD OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS).**

Tobacco Settlement Financing Corporation, a public body corporate and politic and an instrumentality of the State of New Jersey ("TSFC"), by its attorneys, submits this verified opposition ("Opposition") to the Four Hundred Thirty-Third Omnibus Objection to Claims (Valued Derivative Claims) of Lehman Brothers Holdings Inc. ("LBHI") as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors in the above-captioned chapter 11 cases (the "Motion to Reduce and Allow"), and respectfully states:

### BACKGROUND

A.  **Procedural History**

1.  On September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries each filed voluntary petitions for relief under chapter 11, title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

1

2. On October 3, 2008, Lehman Brothers Special Financing, Inc. ("LBSF")[1] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. On September 21, 2009, TSFC timely filed Proof of Claim No. 21487 against LBHI asserting therein a claim for $81,637,216.71.

4. On September 21, 2009, TSFC timely filed Proof of Claim No. 21488 against LBSF asserting therein a claim for $81,637,216.71.

5. On August 20, 2013, LBHI filed the Motion to Reduce and Allow [ECF Docket No. 39571] seeking thereby to reduce each of TSFC's claims against LBHI and LBSF from $81,637,216.71 to $18,293,574.00 and allow TSFC's claims in the reduced amount. ECF Docket 39571, Exh. A.

6. In support of the Motion to Reduce and Allow, LBHI contends that TSFC's claims should be reduced and allowed in the reduced amount on the basis that TSFC's proofs of claim are greater than the fair, accurate, and reasonable values determined by LBHI in its capacity as Plan Administrator after a review TSFC's supporting documentation and the books and records of LBHI and LBSF. For the reasons set forth below, TSFC correctly calculated its claim as required by the controlling documents.

B. **The Basis of TSFC's Claims**

7. In 2002 and 2003 TSFC issued Tobacco Settlement Asset-Backed Bonds, Series 2002 and Series 2003 (together, the "Prior Bonds"). In 2007, TSFC refunded the Prior Bonds with the issuance of Tobacco Settlement Asset-Backed Bonds, Series 2007-1 (the "Series 2007 Bonds," and, together with the Prior Bonds, the "Bonds"). Contemporaneously with the issuance

---

[1] LBSF's chapter 11 case was assigned Case No. 08-13888 (JMP). By order dated October 16, 2008, LBSF's case is being jointly administered with the case of LBHI and 14 other affiliates.

of each series of bonds, TSFC entered into a Reserve Fund Agreement with LBSF, each of which is attached hereto as Exhibits A-1, A-2 and A-3.[2]

8. TSFC and LBSF elected not to terminate the Reserve Fund Agreements for the Prior Bonds and instead, the parties amended the Reserve Fund Agreements for the Prior Bonds on January 29, 2007 to provide that the obligations under such agreements no longer applied to the Prior Bonds but applied to the Series 2007 Bonds.

9. Contemporaneously with LBSF's entering into each Reserve Fund Agreement, all of LBSF's obligations under each such Reserve Fund Agreement was guaranteed by LBHI pursuant to three separate Guarantees of LBHI dated August 28, 2002, March 6, 2003 and January 25, 2007 (collectively, the "LBHI Guarantees"), each of which is attached hereto as Exhibits B-1, B-2 and B-3.

10. Under the Reserve Fund Agreements, LBSF agreed to deliver to the trustee (the "Trustee") for the Series 2007 Bonds "Qualified Securities" (as defined in the Reserve Fund Agreements) selected by LBSF ("Qualified Securities").

11. Under the Reserve Fund Agreements, LBSF agreed to deliver Qualified Securities to the Trustee on or about November 28, 2008. However, as noted above on September 15, 2008, LBHI and certain related entities filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. Also on September 15, 2008, Moody's Investor Services, Inc. downgraded LBHI's credit rating to below Baa3, and LBHI's credit rating was downgraded to below BBB- by Standard &Poor's.

---

[2] LBSF, TSFC and the trustee for the Bonds entered into three Reserve Fund Agreements, dated August 28, 2002 (as amended January 29, 2007), March 7, 2003 (as amended January 29, 2007) and January 29, 2007 (collectively referred to as the "Reserve Fund Agreements").

#1984721 v1
108686-64494

12. As noted above, on October 3, 2008, LBSF filed for protection under Chapter 11 of the Bankruptcy Code. As a result, a Lehman Event of Default and a Lehman Downgrade (each as defined in the Reserve Fund Agreements) occurred.

13. Subsequently, at page 4 of its "Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts" dated January 15, 2009 ("Supplemental Order") [Docket No. 2557], this Court acknowledged that the Termination and Settlement Procedures, as defined in that order, approved by the Bankruptcy Court applied to TSFC.

14. As authorized by the Supplemental Order, by letter dated January 16, 2009, TSFC gave written notice to LBSF of the termination of the Reserve Fund Agreements as the result of various defaults under the Reserve Fund Agreements ("Termination Notice"), as set forth in the Termination Notice. A true and correct copy of the Termination Notice is attached hereto as Exhibit C. By UPS delivery, TSFC delivered the Termination Notice to LBSF on January 20, 2009. True and correct copies of the tracking information, the UPS label and the Termination Notice are attached hereto as consolidated Exhibit D. By electronic mail, TSFC's attorneys provided a copy of the Termination Notice to the Debtors' attorneys on January 20, 2009. Attached hereto as consolidated Exhibit E are true and correct copies of the e-mail and the attached copy of the Termination Notice.

15. By a memorandum dated March 3, 2009, the Debtors' attorneys acknowledged to TSFC's attorneys the validity of TSFC's termination of the Reserve Fund Agreements. A true and correct copy of the March 3, 2009 memorandum is attached as Exhibit F hereto.

16. Each of the Reserve Fund Agreements obligated LBSF in the first instance to calculate the Termination Amount upon the termination of such agreements. LBSF failed to do

so. Accordingly, as required by the Reserve Fund Agreements in the event of LBSF's failure to do so, TSFC calculated the Termination Amount.

17. To determine the Termination Amount and at TSFC's direction, on January 26, 2009 at 3:00 PM EST First Southwest Company conducted a non-actionable bid in accordance with the applicable provisions of each of the Reserve Fund Agreements. At Schedule I hereto, is a chart showing the calculation used to arrive at TSFC's claimed amount based on the definition of "Termination Amount" contained in each of the Reserve Fund Agreements as calculated by First Southwest Company. A copy of the Non-Actionable Bid for Termination of Forward Purchase Agreement IRS Compliance Transcript re: Tobacco Settlement Financing Corporation-New Jersey, Relating to: $3,625,794,637.90 Tobacco Settlement Asset-Backed Bonds Series 2007-1 dated January 26, 2009 prepared by First Southwest Company is attached as Exhibit G.

C.   **The Calculation of TSFC's Claims.**

18. The total amount of TSFC's claims against each of LBSF (as primary obligor) and LBHI (as guarantor) is $81,637,216.71, of which $79,887,227.60 is based on the definition of "Termination Amount" contained in each of the Reserve Fund Agreements as calculated by First Southwest Company as fully set forth in Schedule I and Exhibit F hereto, $1,608,618.11 represents interest not earned during the period from and including the first business day after the November 28, 2008 delivery date for Qualified Securities (December 1, 2008) through the date that the Debtors' attorneys acknowledged to TSFC's attorneys the validity of TSFC's termination of the Reserve Fund Agreements (March 3, 2009) calculated in accordance with the Reserve Fund Agreements and $141,371 represents attorneys' fees and costs incurred in connection with the termination and enforcement of TSFC's rights under the Reserve Fund Agreements.

**RELIEF REQUESTED AND REASONS THEREFOR**

5

19.  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden of demonstrating the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009).

20.  Here, neither LBHI nor LBSF detail in their moving papers the method they used to arrive at their calculation of TSFC's claim. They merely generally describe in conclusory statements the process they allegedly followed. Similarly, they attach no exhibits to the Objection that would provide such detail.

21.  By contrast, TSFC has explained in this Opposition how it calculated its claim in accordance with the applicable provisions of the Reserve Fund Agreements and has attached to this Opposition copies of (i) the Reserve Fund Agreements between TSFC and LBSF that set forth the manner in which the Termination Amount is to be calculated; (ii) a schedule explaining the calculation of TSFC's claim; and (iii) the transcript of the non-actionable bid conducted by First Southwest Company to determine the Termination Amount, which provides the basis for TSFC's claim.

22.  It is submitted that the conclusory statements of LBHI and LBSF in the Motion to Reduce and Allow do not refute a single element of TSFC's claims. Even if they did, TSFC has amply demonstrated that it correctly calculated its claim according to the applicable terms of the Reserve Fund Agreements.

23.  Under the circumstances, it is respectfully submitted that TSFC's proofs of claim against LBHI and LBSF should each be allowed the full amount claimed.

#1984721 v1
108686-64494

**WHEREFORE**, TSFC respectfully requests that the Court deny the Motion to Reduce and Allow and allow TSFC's claims against LBSF and LBHI in the full amount of $81,637,216.71 and grant TSFC such other relief as is just and equitable.

Dated: September 18, 2013

Respectfully submitted,

**GIBBONS P.C.**

*/s/ David N. Crapo*
David N. Crapo
One Pennsylvania Plaza, 37th Floor
250 West 34th Street
New York, New York 10119-3701
Telephone: (212) 613-2000
Facsimile: (212) 290-2018
Email: dcrapo@gibbonslaw.com

-and-

One Gateway Center
Newark, New Jersey
Telephone: (973) 596-4523
Facsimile: (973) 639-6244

Attorneys for Tobacco Settlement Financing Corporation

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, the undersigned representative of Tobacco Settlement Financing Corporation verifies under penalty of perjury that the statements contained in the foregoing Opposition are true and correct.

Dated: September 17, 2013
Trenton, New Jersey

*[signature]*
Name: ROBERT A. ROMANO
Title: VICE-PRESIDENT - TSFC
& DEPUTY STATE TREASURER