# EXHIBIT B-1

## GUARANTEE OF LEHMAN BROTHERS HOLDINGS, INC. DATED AUGUST 28, 2002

#1984721 v1
108686-64494

## GUARANTEE OF LEHMAN BROTHERS HOLDINGS INC.

LEHMAN BROTHERS SPECIAL FINANCING INC. ("Party A") has entered into a Reserve Fund Agreement dated as of August 28, 2002 (the "Reserve Fund Agreement") by and among TOBACCO SETTLEMENT FINANCING CORPORATION (the "Corporation"), and WACHOVIA BANK, NATIONAL ASSOCIATION, as Trustee (the "Trustee"), and a Master Pledge Agreement dated as of August 28, 2002 (the "Master Pledge Agreement," and together with the Reserve Fund Agreement, the "Agreements") with the Trustee. For value received, and in consideration of the financial accommodations accorded to Party A by Party B under the Agreement, LEHMAN BROTHERS HOLDINGS INC., a corporation organized and existing under the laws of the State of Delaware ("Guarantor"), hereby agrees to the following:

(a) Guarantor hereby unconditionally and irrevocably guarantees to the Trustee the due and punctual payment of all amounts payable by Lehman under the Agreements when and as Lehman's obligations thereunder shall become due and payable in accordance with the terms of the Agreements. In case of the failure of Lehman to pay punctually any such amounts, Guarantor hereby agrees, upon written demand by the Trustee, to pay or cause to be paid any such amounts punctually when and as the same shall become due and payable. In the event that any amounts paid by Lehman under the Agreements are rescinded or must otherwise be returned for any reason whatsoever, the Guarantor shall remain liable hereunder in respect of such amounts as if such payment had not been made.

(b) Guarantor hereby agrees that its obligations under this Guarantee constitute a guarantee of payment when due and not of collection.

(c) Guarantor hereby agrees that its obligations under this Guarantee shall be unconditional, irrespective of the validity, regularity or enforceability of the Agreements against Lehman (other than as a result of the unenforceability thereof against the Corporation), the absence of any action to enforce Lehman's obligations under the Agreements, any waiver or consent by the Corporation with respect to any provisions thereof, or any other circumstance which might otherwise constitute a legal or equitable discharge or defense of a guarantor (excluding the defense of payment or statute of limitations, neither of which are waived); provided, however, that Guarantor shall be entitled to exercise any right that Lehman could have exercised under the Agreements to cure any default in respect of its obligation under the Agreements or to set off, counterclaim or withhold payment in respect of any default or potential default in respect of the Corporation, but only to the extent such right is provided to Lehman under the Agreements.

(d) Guarantor shall be subrogated to all rights of the Corporation against Lehman in respect of any amounts paid by Guarantor pursuant to the provisions of this Guarantee; provided, however, that Guarantor shall not be entitled to enforce or to receive any payments arising out of, or based upon, such right of subrogation until all amounts then due and payable by Lehman under the Agreements, shall have been paid in full.

(e) Guarantor hereby waives (i) promptness, diligence, presentment, demand of payment, protest, order and, except as set forth in paragraph (a) hereof, notice of any kind in connection with the Agreements and this Guarantee, or (ii) any requirement that the Corporation exhaust any right to take any action against Lehman or any other person prior to or contemporaneously with proceeding to exercise any right against Guarantor under this Guarantee.

Guarantor makes the same representations to and agreements with the Corporation as those made by Lehman pursuant to Section 4.1 of the Reserve Fund Agreement, at the times set forth therein, except that references therein to "Lehman" will be deemed to be references to "the Guarantor" and references therein to "the Agreements" will be deemed to be references to "the Guarantee."

This Guarantee shall remain in full force and effect and be binding upon the Guarantor and its successors and permitted assigns and inure to the benefit of the Corporation and its successors and permitted assigns until all amounts payable by Lehman under the Agreements have been satisfied in full.

This Guarantee shall be governed by and construed in accordance with the laws of the State of New York, without reference to choice of law doctrine. All capitalized terms not defined in this Guarantee are defined in the Agreements.

Any notice hereunder will be sufficiently given if given in accordance with the provisions for notices under the Agreements and will be effective as set forth therein. All notices hereunder shall be delivered to Lehman Brothers Holdings Inc., Attention: Treasurer, at 399 Park Avenue, 11th Floor, New York, NY 10022 with a copy to Lehman Brothers Special Financing Inc., Attention: Municipal Financial Products - Middle Office at 745 Seventh Avenue, 5th Floor, New York, NY 10019.

IN WITNESS WHEREOF, Guarantor has caused this Guarantee to be executed in its corporate name by its duly authorized officer as of the date of the Agreements.

LEHMAN BROTHERS HOLDINGS INC.

By: _____
Name:   Oliver Budde
Title:   Vice President
Date:   August 27, 2002