## **EXHIBIT C**

**TERMINATION NOTICE**

#1984721 v1
108686-64494



TOBACCO SETTLEMENT FINANCING CORPORATION
50 WEST STATE STREET, 5TH FLOOR
TRENTON, NJ 08625

January 16, 2009

**VIA EXPRESS MAIL**

Lehman Brothers Special Financing Inc.
745 Seventh Avenue, 5th Floor
New York, New York 10019
Attention: Municipal Financial Products-Middle Office

Re:   Notice of Termination of Reserve Fund Agreements dated
      August 28, 2002, March 7, 2003 and January 29, 2007

Ladies and Gentlemen:

The Tobacco Settlement Financing Corporation (the "Issuer") is party to the following Reserve Fund Agreements with Lehman Brothers Special Financing Inc. ("Lehman Special Financing"):

1. Reserve Fund Agreement dated as of August 28, 2002 by and among the Issuer, Lehman Special Financing and Wachovia Bank, National Association, as trustee, as amended by Amendment Agreement dated as of January 29, 2007 among the parties and Bank of New York (now The Bank of New York Mellon), as successor Trustee (as amended, the "2002 Agreement"). Lehman Brothers Holdings, Inc. ("Lehman Holdings") is the guarantor of all payments to be made by Lehman Special Financing under the 2002 Agreement pursuant to a Guarantee of Lehman Brothers Holdings Inc. dated as of August 28, 2002.

2. Reserve Fund Agreement dated as of March 7, 2003 by and among the Issuer, Lehman Special Financing and Wachovia Bank, National Association, as trustee, as amended by Amendment Agreement dated as of January 29, 2007 among the parties and Bank of New York (now The Bank of New York Mellon), as successor Trustee (as amended, the "2003 Agreement"). Lehman Holdings is the guarantor of all payments to be made by Lehman Special Financing under the 2003 Agreement pursuant to a Guarantee of Lehman Brothers Holdings Inc. dated as of March 6, 2003,

3. Reserve Fund Agreement dated as of January 29, 2007 (the "2007 Agreement") by and among the Issuer, Lehman Special Financing and The Bank of New York (now The Bank of New York Mellon), as trustee. Lehman Holdings is the guarantor of all payments to be made by Lehman Special Financing under the 2007 Agreement pursuant to a Guarantee of Lehman Brothers Holdings Inc. dated as of January 25, 2007.

The 2002 Agreement, the 2003 Agreement and the 2007 Agreement are collectively referred to as the "Agreements." Capitalized terms used herein and not defined have the respective meanings assigned in the Agreements.

By letter dated September 18, 2008, the Issuer notified Lehman Special Financing that the Issuer was aware that Lehman Holdings was downgraded below Baa3 by Moody's Investors Service and below BBB- by Standard & Poor's, a division of The McGraw-Hill Companies on Monday, September 15, 2008, that such an event constituted a Lehman Downgrade and further requested that Lehman Special Financing take the actions required pursuant to Section 2.7 of each of the Agreements. Lehman Special Financing did not respond to this request. In addition, the Issuer notified Lehman Special Financing that pursuant to Section 7.3(f) of the Agreements the downgrade of Lehman Holdings constitutes a Lehman Event of Default under each Agreement. Moreover, as of September 29, 2008, the failure by Lehman Special Financing to take the actions required pursuant to Section 2.7 of each of the Agreements constituted a Lehman Event of Default under Section 7.3(b) of each Agreement.

By letter dated September 29, 2008, the Issuer notified Lehman Special Financing that Lehman Special Financing had defaulted in the performance of its covenants and obligations set forth in Sections 2.7(a) and 2.7(b) of each Agreement and if such defaults were not cured within five (5) Business Days of such notice, a Lehman Event of Default will have occurred under Section 7.3(c) of each Agreement. The defaults were not cured and a Lehman Event of Default occurred under Section 7.3(b) and (c) of each Agreement.

On October 3, 2008, Lehman Special Financing filed for protection under Chapter 11 of the Bankruptcy Code, causing a Lehman Event of Default under Section 7.3(d) of each Agreement.

Since on or about November 13, 2008, when Lehman Holdings and its affiliated debtors ("Debtors"), including Lehman Special Financing, filed their motion for court approval of certain procedures for the assumption and assignment of prepetition derivatives contracts as well as settlement and termination procedures respecting such contracts,[1] the Issuer, through its counsel, has attempted to forego the expense and delay of litigation and contacted the Debtors to determine Lehman Special Financing's intention with respect to the Agreements, especially in light of the Issuer's fiduciary

---

[1] By Supplemental Order Authorizing the Debtors to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivatives Contracts filed on January 15, 2009 [Docket No. 2557], the termination procedures apply to the Issuer.

commitments to the Trustee for the bondholders and the Debtors' indications to the Issuer that the Agreements have no value to the Debtors.

On November 28, 2008, which was a Deposit Date, as defined in each Agreement, and for each date thereafter, Lehman Special Financing failed to cause a Qualified Dealer to deliver Qualified Securities to the Trustee, causing a Lehman Event of Default under Section 7.3(a) and 7.3(b) of each Agreement.

Due to the occurrence of Lehman Events of Default under Sections 7.3(a),(b),(c),(d) and (f), as outlined above, pursuant to Section 7.6 of each of the Agreements, the Issuer hereby gives notice of immediate termination of each of the Agreements. Upon such notice of termination, the Agreements require that Lehman Special Financing determine the Termination Amount. If Lehman Special Financing fails to determine the Termination Amount within 3 Business Days from this notice, in compliance with Section 7.6 of each Agreement, the Issuer shall make such determination as if it were Lehman Special Financing, and the amount so determined shall be deemed the Termination Amount for purposes of Section 7.6 of each Agreement. Accordingly, if the Issuer does not timely receive Lehman Special Financing's determination of the Termination Amount, the Issuer will do so. The Agreements further require that if, as expected, the Termination Amount is a negative number, Lehman Special Financing is obligated to pay such amount, in immediately available funds, to the Issuer within one Business Day after notice that such amount is due.

The Issuer shall assert and prosecute its claims against Lehman Special Financing and Lehman Holdings, as applicable and in due course in the bankruptcy proceedings, for the Termination Amount, including additional losses arising under Section 7.7(b) of the Agreements[2] due to Lehman Special Financing's failure to cause a Qualified Dealer to deliver Qualified Securities on the November 28, 2008 Deposit Date and all other amounts due.

The Issuer can be reached through the New Jersey Department of the Treasury:

Office of Public Finance
Department of the Treasury
State of New Jersey
50 West State Street, 5th Floor
P.O. Box 005
Trenton, New Jersey 08625
Attention: Nancy B. Feldman, Director
Phone: 609-984-4888
Fax: 609-777-1987

---

[2] Such additional losses as of the date hereof equal to the excess of (i) interest the Trustee would have earned on the related Scheduled Reserve Amount had the Scheduled Reserve Amount been invested in Qualified Securities at the Guaranteed Rate over (ii) the interest the Trustee actually earned by investing the related Scheduled Reserve in Investment Securities in accordance with Section 2.4 of each Agreement.

  The Issuer hereby reserves its right to exercise any and all rights and remedies under each Agreement as well as any other rights and remedies available to it at law or in equity.

Very truly yours,

TOBACCO SETTLEMENT
FINANCING
CORPORATION

By: _____

Name: R. David Rousseau
Title: Chairman and President

cc: The Bank of New York Mellon