Paul M. Basta
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

-and-

Ross M. Kwasteniet
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Counsel to Gables GP Holdings LLC

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | ) Case No. 08-13555 (JMP) |
| Debtors. | ) Jointly Administered |

**NOTICE OF WITHDRAWAL OF PROOF OF CLAIMS
NUMBERED 28847 AND 68012 FILED BY GABLES GP HOLDINGS LLC**

1.     On or after September 15, 2008, Lehman Brothers Holdings Inc. ("***LBHI***") and certain of its subsidiaries (collectively with LBHI, the "***Debtors***") commenced voluntary cases under chapter 11 of title 11 of the United States Code. The Debtors had set September 22, 2009 as the date by which prepetition claims against them had to be filed.

2. Gables GP Holdings LLC ("*Claimant*") timely filed a proof of claim number 28847 against LBHI, which was later supplemented by claim number 68012 (the "*LBHI Claims*").

3. **PLEASE TAKE NOTICE** that the Claimant hereby withdraws, without prejudice, the LBHI Claims, copies of which are attached hereto as **Exhibit A**.

| | |
|---|---|
| Dated: September 30, 2013<br>New York, New York | **KIRKLAND & ELLIS LLP**<br><br>/s/ *Ross M. Kwasteniet*<br>Paul M. Basta<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York  10022<br>Telephone:    (212) 446-4800<br>Facsimile:     (212) 446-4900<br><br>-and-<br><br>Ross M. Kwasteniet<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois  60654<br>Telephone:    (312) 862-2000<br>Facsimile:     (312) 862-2200<br><br>Counsel to Gables GP Holdings LLC |

## Exhibit A

**LBHI Claims**

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000028847 |
| Name of Debtor Against Which Claim is Held<br>Lehman Bros. Holdings Inc. | Case No. of Debtor<br>08-13555 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionaly, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Gables GP Holdings LLC
c/o Lehman Brothers Real Estate Partners II, L.P.
1271 Avenue of the Americas, 38th Floor
New York, New York 10020
Tel: 212 526-3075
Attn: Judy Turchin
    Ji Yeong Chu
Email: judy.turchin@lehman.com
    jichu@lehman.com

(with a copy to)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Attn: Paul M. Basta
Attn: Cindy Y. Chen
Tel: 212-446-4800
Email: paul.basta@kirkland.com
    cindy.chen@kirkland.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

**Filed on:** _____

**Name and address where payment should be sent** (if different from above)
Gables GP Holdings LLC c/o Lehman Brothers Real Estate Partners II, L.P.
1271 Avenue of the Americas, 38th Floor
New York, New York 10020
Attn: Judy Turchin, Ji Yeong Chu
Telephone number:    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ See attachment
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See attachment
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** N/A
    3a. **Debtor may have scheduled account as:** N/A
    (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:    ☐ Real Estate    ☐ Motor Vehicle    ☑ Other
Describe: Settoff including on account of claims of the Debtors.
Value of Property: $_____    Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ unknown    Basis for perfection: _____
Amount of Secured Claim: $_____    Amount Unsecured: $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$_____

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:
See attachment

| Date:<br>9/21/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>[signature]<br>Rodolpho Amboss<br>Authorized Signatory |
|---|---|

**FOR COURT USE ONLY**

FILED / RECEIVED
SEP 2 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LEHMAN BROTHERS | ) Case No. 08-13555 (JMP) |
| HOLDINGS INC., *et al.*, | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## ATTACHMENT TO
## PROOF OF CLAIM OF GABLES GP HOLDINGS LLC

1. On or after September 15, 2008 (the "**Petition Date**"), Lehman Brothers Holdings Inc. ("**LBHI**") and certain of its subsidiaries (collectively with LBHI, the "**Debtors**") commenced voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors have set September 22, 2009 as the date by which claims against them have to be filed (the "**Bar Date**").

2. This proof of claim (the "**Proof of Claim**") is filed by Gables GP Holdings LLC ("**Gables**"), a wholly owned subsidiary of Lehman Brothers Real Estate Partners II, L.P. Gables and LBHI are parties to the Second Amended and Restated Limited Liability Company Agreement of CLB Residential, LLC, dated January 31, 2006 (the "**Agreement**"). A copy of the Agreement may be made available upon reasonable request.

3. Pursuant to the Agreement, LBHI agreed to serve as an indemnifying party subject to the terms and limitations of section 8.5 of the Agreement. Pursuant to section 8.5 of the Agreement, LBHI, as an indemnifying party, is required to meet certain liquidity and net worth requirements. LBHI has so far either been unable or unwilling to certify that it meets such requirements or that it can provide a substitute affiliate that can

meet these obligations. If LBHI cannot satisfy the terms of section 8.5 of the Agreement, Gables will lose its administrative fees as a member under the Agreement. Currently those fees total approximately $4,000,000 annually, through the end of the term of the Agreement on September 20, 2015.

4.  Based on the foregoing, Gables asserts an unliquidated claim for any amounts due and owing under the Agreement as a result of LBHI's inability to perform under the terms of the Agreement.

5.  The filing of this Proof of Claim does not constitute a concession or admission by Claimant of liability or of any facts or whether all or a portion of the claims are prepetition or postpetition in connection with any claim that has been or may be asserted against Claimant, the Debtors and their estate. Claimant reserves its right to seek any and all interest that it may be entitled to, including default interest, accrued and accruing, as well as any and all fees, costs, and expenses that it may seek reimbursement for, including attorneys' fees and any other related expenses.

6.  Claimant has filed this Proof of Claim under compulsion of the Bar Date established in the Debtors' Chapter 11 cases and to protect Claimant from forfeiture of its claims against the Debtors by reason of any such bar date. Claimant reserves the right to amend and/or supplement this Proof of Claim at any time, including after the Bar Date, in any manner, and/or to file additional proofs of claim for any additional claims that may be based on the same or additional documents or grounds of liability or to assert that such claims are entitled to rights and priorities afforded under sections 365, 503 or 507 of the Bankruptcy Code.

2

7. The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of Claimant's rights against any person, entity, or property, or a waiver of the right to compel the Debtors to return property of Claimant currently in the possession of the Debtors; (b) a waiver of the right to compel the Debtors to assume the Agreement; (c) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (d) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (e) a consent by Claimant to a jury trial in a Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (f) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge; (g) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding that may be commenced in this case against or otherwise involving Claimant; or (h) an election of remedies.

8. All notices regarding this Proof of Claim should be sent to Gables GP Holdings LLC c/o Lehman Brothers Real Estate Partners II, L.P., 1271 Avenue of the Americas, 38th Floor, New York, New York 10020, <u>Attention</u>: Judy Turchin and Ji

3

Yeong Chu, with a copy to (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, <u>Attention</u>:  Paul M. Basta and Cindy Y. Chen.

**HAND DELIVERY**

RECEIVED BY: _____

FILED / RECEIVED
SEP 2 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

DATE

1:27

TIME



Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000068012

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LEHMAN BROTHERS | ) Case No. 08-13555 (JMP) |
| HOLDINGS INC., *et al.*, | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## SUPPLEMENT TO PROOF OF CLAIM
## NUMBER 28847 FILED BY GABLES GP HOLDINGS LLC

**A.    Background and Basis for Claim**

1. On or after September 15, 2008 (the "**Petition Date**"), Lehman Brothers Commercial Paper, Inc. ("**LCPI**") and Lehman Brothers Special Financing Inc. ("**LBSF**"), together with its parent Lehman Brothers Holdings Inc. ("**LBHI**") and other of LBHI's subsidiaries (collectively the "**Debtors**"), commenced voluntary cases under chapter 11 of the Bankruptcy Code.

2. On September 22, 2009, Gables GP Holdings LLC ("**Claimant**") filed a proof of claim ("**Original Proof of Claim**") against LBHI. All statements and assertions made in the Original Proof of Claim and any related attachments are incorporate herein by reference.

3. On January 19, 2012, the Debtors provided *Notice of Entry of Order Confirming Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, which required any counterparty to a prepetition executory contract or unexpired lease to which any Debtor is a party to file a proof of

FILED / RECEIVED

MAR 0 5 2012

EPIQ BANKRUPTCY
SOLUTIONS, LLC

claim for any damages resulting from such rejection within a certain period of time (the "**Rejection Bar Date**").

4. The Claimant files this supplemental Proof of Claim (the "**Supplemental Proof of Claim**") to assert a claim in an unliquidated amount for all damages resulting from the rejection of the agreement, to the extent that such agreement is an executory contract with the Debtors, described in the Original Proof of Claim. The Supplemental Proof of Claim shall in no way be deemed to replace or supersede the Original Proof of Claim.

**B.    Reservation of Rights**

5. Claimant reserves its right to seek any and all interest that it may be entitled to, including default interest, accrued and accruing, as well as any and all fees, costs, and expenses that it may seek reimbursement for, including, without limitation, attorneys' fees and any other fees and costs related to the Original and Supplemental Proof of Claim against the Debtors and the chapter 11 cases.

6. The filing of this Supplemental Proof of Claim does not constitute a concession or admission by Claimant of liability, of any facts, or as whether all or a portion of the claims are prepetition or postpetition in connection with any claim that has been or may be asserted against Claimant or against the Debtors and their estates.

7. Claimant has filed this Supplemental Proof of Claim under compulsion of the Rejection Bar Date entered in the Debtors' chapter 11 cases and to protect Claimant from forfeiture of its claims against the Debtors by reason of the dates established thereby. Claimant reserves the right to amend and/or supplement this Supplementa Proof of Claim at any time, including after the Rejection Bar Date, in any manner, and/or to file

additional proofs of claim for any additional claims that may be based on the same or additional documents or grounds of liability or to assert that such claims are entitled to rights and priorities afforded under sections 365, 503 or 507 of the Bankruptcy Code.

8.    The filing of this Supplemental Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of Claimant's rights against any person, entity, or property; (b) consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (c) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by Claimant to a jury trial in a Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding that may be commenced in this case against or otherwise involving Claimant; or (g) an election of remedies.

9.    All notices regarding this Proof of Claim should be sent to: Gables GP Holdings LLC, 1330 Avenue of the Americas, 12th Floor New York, NY 10019,

<u>Attention</u>: Rodolpho Amboss and Ji Yeong Chu, with a copy to Kirkland & Ellis, LLP, 601 Lexington Avenue, New York, New York 10022, <u>Attention</u>: Paul Basta, Esq. and 300 North LaSalle Chicago, Illinois 60654, Attention: Ross M. Kwasteniet, Esq.

| | |
|---|---|
| New York, New York<br>Dated: March 2, 2012 | */s/ Ross M. Kwasteniet*<br>Paul M. Basta<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br><br>-and-<br><br>Ross M. Kwasteniet<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200<br><br>Counsel to Gables GP Holdings LLC |

