Hearing Date: November 21, 2013 at 10:00 a.m. (Eastern Time)
Response Deadline: November 6, 2013 at 4:00 p.m. (Eastern Time)

REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
Michael A. Rollin

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.* : **08-13555 (JMP)**
: 
Debtors. : **(Jointly Administered)**
: 
---------------------------------------------------------------x

**NOTICE OF HEARING ON OBJECTION**
**TO PROOF OF CLAIM NO. 33325 FILED BY ARTHUR A. BOOR AND JOAN BOOR**

**PLEASE TAKE NOTICE** that on October 7, 2013, Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator") as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, filed an objection to proof of claim number 33325 (the "Objection to Claim"), and that a hearing (the "Hearing") to consider the Objection to Claim will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004, on **November 21, 2013, at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

1511256

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection to Claim must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Plan Administrator, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq.) and Reilly Pozner LLP, 1900 16th Street, Suite 1700, Denver, Colorado 80202 (Attn: Michael Rollin, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Tracy Hope Davis, Esq., Andrea B. Schwartz, Esq., and Susan Golden, Esq.); so as to be so filed and received by no later than **November 6 at 4:00 p.m. (Eastern** Time) (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no response is timely filed and served with respect to the Objection to Claim, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection to Claim, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: October 7, 2013

    Denver, Colorado

        */s/ Michael A. Rollin*
        Michael A. Rollin

        REILLY POZNER LLP
        1900 16th Street, Suite 1700
        Denver, Colorado 80202
        Telephone: (303) 893-6100
        Facsimile: (303) 893-6110

        Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates

REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
Michael A. Rollin

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                              :
In re                                         :   Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.         :   08-13555 (JMP)
                                              :
                         Debtors.             :   (Jointly Administered)
                                              :
-------------------------------------------------------------x
```

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

**OBJECTION**
**TO PROOF OF CLAIM NO. 33325 FILED BY ARTHUR BOOR AND JOAN BOOR[1]**

    Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases respectfully represents as follows:

**Relief Requested**

    1.  The Plan Administrator files this objection (the "Objection to Claim") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy (the "Bankruptcy Rules") and this Court's Order

---

[1] Mrs. Boor is alternately referred to as "Joan" and "Joanne" in the Proof of Claim.

4

1511256

approving procedures for the filing of objections to proofs of claim filed in these chapter 11 cases [ECF No. 6664], seeking disallowance and expungement of Proof of Claim No. 33325 (the "Claim") filed by Arthur A. Boor and Joan Boor (the "Boors").[2]

2.    The Boors filed the Claim against BNC Mortgage, LLC ("BNC"). The Claim is based on the Boors' 2004 refinance of their home in New York, for which BNC was the lender. The Boors allege they were the victims of identity theft and had no knowledge their original mortgage had been paid off and a new mortgage taken out until they received (1) a statement from original lender Chase Manhattan Mortgage Corporation confirming the loan had been paid off, and (2) statements on the new mortgage. In the Claim, the Boors allege that BNC was negligent in lending $245,000 to an alleged imposter of Mr. Boor for a mortgage refinance and seek rescission of the loan.

3.    By law, neither rescission nor damages for negligence are available in this case, thusthe Boors have no viable Claim. The Plan Administrator therefore requests that the Claim be disallowed and expunged in its entirety.

4.    The Plan Administrator reserves its rights to object on any other basis to the Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

5.    This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

6.    Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its affiliates (the "Chapter 11 Estates") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases

---

[2] Upon information and belief, Mr. and Mrs. Boor are deceased.

5

1511256

have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7. On December 6, 2011, the Court approved and entered an order confirming the Plan. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**Summary of the Boors' Claim**

8. On or about February 24, 2004, BNC lent $245,000 to a man claiming to be Mr. Boor who provided identification and signed the loan. This loan was secured by the property located at 483 Berriman Street, Brooklyn, New York (the "Property"). Out of the proceeds of this loan, the Boors' original mortgage loan with Chase Manhattan Mortgage Corporation was paid in full. *See* Ex. A.

9. Mr. Boor claims that an imposter arranged for the 2004 refinancing, converted the proceeds thereof to himself, and that he and Mrs. Boor are the victims of identity theft.

10. In March 2004, Mr. Boor received a letter from Chase Manhattan Mortgage Corporation thanking him for paying off his mortgage. Since he was not the one who paid this amount, he undertook an investigation. This is when he allegedly learned of the BNC loan. Subsequently, as payments were not being made on the loan, a notice of default was sent and foreclosure proceedings were initiated.

11. In response, in July 2004, the Boors filed a cause of action in the Supreme Court of New York, Kings County against BNC and others (the "Underlying Action"). In the Underlying Action, the Boors alleged that they were entitled to attorneys' fees, $500,000 in

6

compensatory damages and $1,000,000 in punitive damages. The Boors' claim for attorneys' fees was stricken and the court granted summary judgment on BNC's equitable claim against the Boors, providing BNC with an equitable lien on the Property for the amount that was paid to Chase Manhattan Mortgage Corporation to extinguish the Boors' prior mortgage. The Underlying Action was thereafter stayed pursuant to this bankruptcy proceeding, and the Boors attached their complaint in the Underlying Action to the Claim.[3]

12.  The Claim seeks to recover the amount of the loan, $245,000, as damages and rescission of the BNC mortgage. New York law does not allow either claim.

### The Claim Should Be Disallowed and Expunged

#### A. *The Boors Have No Cause of Action for Damages*

13.  The Boors allege that BNC was negligent in lending to the alleged third party who posed as Mr. Boor. However, New York does not acknowledge a cause of action for "negligent enablement of imposter fraud." *Polzer v. TRW, Inc.,* 256 A.D.2d 248, 682 N.Y.S.2d 194 (1st Dep't 1998).

14.  Additionally, BNC cannot be liable to the Boors under a simple negligence theory because the Boors cannot meet the required elements of a negligence claim. Under New York law, "a plaintiff must establish three elements to prevail on a negligence claim: (1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Farash v. Cont'l Airlines, Inc.,* 574 F. Supp. 2d 356, 367 (S.D.N.Y. 2008). The Boors cannot establish that BNC owed them a duty.

15.  A lender such as BNC "[does] not owe the plaintiff a duty to exercise due care in verifying the identity of the person who appeared at the closing purporting to be the true

---

[3] The Boors dismissed the 2004 lawsuit and re-filed a second lawsuit in March 2005. It is the 2005 complaint that is attached to their Proof of Claim.

7

1511256

owner of the property." *See Burger v. Singh*, 28 A.D.3d 695, 697-98, 816 N.Y.S.2d 478, 480 (2d Dep't 2006) (upholding dismissal of negligence claim against mortgage lender because mortgage lender owed plaintiff no duty to verify the identity of the purported property owner at closing). Additionally, the Boors "allege[] no special relationship with [the lender] which would have given rise to a duty to exercise vigilance in verifying the identity of the unknown person who allegedly obtained a loan in the plaintiff's name." *Ladino v. Bank of America*, 52 A.D.3d 571, 574-75 (2d Dep't 2008).

16. Without a duty, there can be no claim for negligence. The Boors' claim for damages based on negligence must necessarily fail because BNC owed them no duty.

### B. Rescission is Not Available When it is Impossible to Return all Parties to the Status Quo

17. In their Claim, the Boors also seek rescission of the BNC mortgage. Putting aside BNC's objections to the merits of the Boors' allegations, rescission is an extraordinary remedy under New York law and is "to be invoked only when there is lacking complete and adequate remedy at law and *where the status quo may be substantially restored*." *Rudman v. Cowles Commc'ns,* 30 N.Y.2d 1, 330 N.Y.S.2d 33, 280 N.E.2d 867, 864 (N.Y. 1972) (Emphasis added). "Rescission is not appropriate where … the status quo cannot be substantially restored." *Singh v. Carrington*, 18 A.D.3d 855, 796 N.Y.S.2d 668, 669 (2d Dep't. 2005) (internal quotations and citations omitted).

18. The circumstances alleged by the Boors make restoration to the status quo—and therefore rescission—an impossibility. For BNC to be restored to the status quo, it needs to receive the sum of $245,000, the amount of the BNC mortgage. Even if the Boors were able to offer this money, it would not return the Boors to the status quo if the alleged identity theft occurred for they would be required to proffer funds they never received. Due to the

alleged third party imposter to this transaction, rescission is not a possible remedy.

## Conclusion

19. As the Boors' claims for damages and rescission have no basis, the Plan Administrator respectfully requests that this Court disallow and expunge the Claim.

## Notice

20. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Objection to Claim on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the Attorney of Record for Mr. and Mrs. Boor; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

21. Except as provided herein, no previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

22. WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: October 7, 2013
      Denver, Colorado

                /s/ Michael A. Rollin
                Michael A. Rollin
                REILLY POZNER LLP
                1900 16th Street, Suite 1700
                Denver, Colorado 80202
                Telephone: (303) 893-6100
                Facsimile: (303) 893-6110

                Attorneys for Lehman Brothers Holdings Inc. and
                Certain of Its Affiliates

1511256

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                    :    Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 :    08-13555 (JMP)
                                                         :
                        Debtors.                         :    (Jointly Administered)
-----------------------------------------------------------------x

## ORDER GRANTING OBJECTION
## TO PROOF OF CLAIM NO. 33325 FILED BY ARTHUR A. AND JOAN BOOR

Upon the objection, dated October 7, 2013 (the "Objection to Claim"), of Lehman Brothers Holdings Inc, as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure, seeking disallowance and expungement of the Claim of Arthur A. and Joan Boor, all as more fully described in the Objection to Claim; and due and proper notice of the Objection to Claim having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection to Claim is in the best interests of the chapter 11 Estates (as such term is defined the Objection to Claim), their, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection to Claim establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection to Claim is granted; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, Claim No. 33325 is disallowed and expunged in its entirety with prejudice; and it is further

1511256

ORDERED that the Court-appointed claims and noticing agent is authorized and directed to delete Claim No. 33325 from the official claims registry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
       New York, New York

                                                      _____
                                                      UNITED STATES BANKRUPTCY JUDGE