SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark
Matthew A. Schwartz

*Attorneys for Baupost Group, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| Debtors. | : Jointly Administered |

**SUPPLEMENTAL DECLARATION OF MATTHEW A. SCHWARTZ**
**IN SUPPORT OF THE MOTION OF BAUPOST GROUP, LLC**
**TO QUASH DEBTORS' SUBPOENA ISSUED UNDER**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

MATTHEW A. SCHWARTZ hereby declares:

1. I am a member of the Bar of this Court and a partner of Sullivan & Cromwell LLP, attorneys for Baupost Group, LLC ("Baupost") and Giants Stadium LLC ("Giants Stadium"). I submit this declaration to provide the Court with materials cited in Baupost's Reply to Debtors' Objection to Its Motion to Quash Debtors' Subpoena Issued Under Federal Rule of Bankruptcy Procedure 2004, which are self-authenticating documents or are otherwise not in controversy, and to provide further background.

2. Attached hereto as Exhibit L is a true and correct copy of the publicly filed notice of transfer of certain economic interests in Giants Stadium's proof of claim against Lehman Brothers Special Financing, Inc. ("LBSF"; the claim "LBSF Claim") to Bank of

America, N.A. An identical document was filed with respect to Giants Stadium's proof of claim against Lehman Brothers Holding Inc. ("LBHI"; the claim "LBHI Claim").

3. Attached hereto as Exhibit M are true and correct copies of documents previously produced by Giants Stadium to Debtors in this action bearing the following bates numbers:

> Exhibit M-1: GStad_LB_0049261.
>
> Exhibit M-2: GStad_LB_0049450-GStad_LB_0049453; and
>
> Exhibit M-3: GStad_LB_0059262-GStad_LB_0059263.

4. Attached hereto as Exhibit N is a true and correct copy of the publicly filed notice of transfer of certain economic interests in the LBSF Claim from Bank of America to Baupost. An identical document was filed for the LBHI Claim.

5. Attached hereto as Exhibit O are true and correct copies of excerpts of the publicly filed amended LBSF Claim. An identical document was filed for the LBHI Claim.

6. Attached hereto as Exhibit P are true and correct copies of excerpts of the publicly filed LBSF Claim. An identical document was filed for the LBHI Claim.

7. Attached hereto as Exhibit Q is a true and correct copy of excerpts of Debtors' Opposition to Motion of Giants Stadium for Authorization to Issue Third-Party Deposition Subpoenas Under Federal Rules of Bankruptcy Procedure 2004 and 9016, filed on September 26, 2013.

8. I set out briefly the background of pertinent discussions and events relating to the discovery disputes at issue.

9. *First*, as noted in my previous declaration dated July 23, 2013, on June 24, 2013, I met and conferred telephonically with Debtors regarding the Subpoena

for Rule 2004 Examination, served by Debtors on Baupost on May 24, 2013 ("Subpoena") and explained Baupost's position that the Subpoena is duplicative of prior requests to Giants Stadium and is burdensome, particularly in light of the fact that Baupost does not have an agreement with Debtors to waive its privilege log burden. Debtors' counsel responded only that it would be a "short meet and confer."

10. When I expressed Baupost's concern to Debtors' counsel that the heart of Debtors' requests—the request for valuation documents—are *per se* privileged and protected by the work-product doctrine, Debtors' counsel refused to discuss Baupost's concerns and made no offer to appropriately narrow their requests. Debtors never addressed the concern that the valuation documents sought are work product protected or irrelevant to the merits of the LBSF Claim and the LBHI Claim ("collectively, "Claims"). Nor did Debtors offer to limit their requests to only those categories of documents not otherwise protected from discovery. Debtors' counsel simply responded by asking whether Baupost would be filing a motion to quash.

11. *Second*, Giants Stadium propounded document requests on Debtors for information concerning, *inter alia*, any valuation methodologies that Debtors have employed to value "Loss," as defined in the ISDA Master Agreements. In their Responses and Objections, dated March 13, 2013 (attached hereto as Exhibit R), Debtors responded that:

> Lehman objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not relevant to the resolution of Giants Stadium's claims and/or whose relevance is outweighed by the burden Lehman would bear in attempting to collect, review and produce such materials. ***Lehman further objects to this request on the grounds that it calls for the production of documents protected by the attorney client privilege***

> *and/or attorney work product doctrine. Lehman will not produce documents in response to this request.*

Exhibit R, Response to Request No. 17.

12.     As noted in my previous declaration dated July 23, 2013, I met and conferred with Debtors about their valuation documents on April 30 and May 21, 2013. On both occasions, as also noted in my previous declaration, Debtors asserted privilege to withhold their own valuations of the bonds, swaps and Claims dated after the initiation of the bankruptcy. To date, Debtors have not produced any documents to Giants Stadium made as part of their post-petition valuation of the Claims for this litigation.

13.     On October 9, 2013, I again met and conferred with Debtors, who continued to assert privilege over their own valuations. At that time, in an effort to alleviate the burden on the Court and appropriately narrow the issues, Baupost agreed to produce to Debtors the underlying documents regarding the transfer of interests in the Claims to Goal Line Partners, LLC ("Goal Line"), an affiliate of Baupost, as located through a reasonable search for responsive documents, upon appropriate agreement between the parties regarding confidentiality.

14.     *Third,* Giants Stadium produced to Debtors the Transfer Agreement between Giants Stadium and Bank of America that is attached to my previous declaration as Exhibit B-4 on or about November 12, 2010. In both September and November of 2010, Giants Stadium produced to Debtors documents detailing the negotiations as well as the executed transfer agreement, including the documents attached to my previous declaration as Exhibits B-1 to B-3 and the documents attached to this declaration as M-1 to M-3.

-5-

Executed on this 11th day of October, 2013, in New York, New York.

I declare under penalty of perjury that the foregoing is true and correct.

/s/
Matthew A. Schwartz