# Exhibit Q

Hearing Date and Time: October 23, 2013, at 10:00 a.m. (Prevailing Eastern Tine)
Reply Deadline: October 16, 2013, at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Robert J. Lemons
Lauren Hoelzer Helenek

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------x

**OPPOSITION TO MOTION OF GIANTS STADIUM LLC FOR AUTHORIZATION TO ISSUE THIRD-PARTY DEPOSITION SUBPOENAS**
**UNDER FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND 9016**

Lehman Brothers Special Financing ("LBSF") and Lehman Brothers Holdings, Inc. ("LBHI," and together with LBSF, "Lehman") by their undersigned counsel hereby oppose the motion of Giants Stadium LLC ("Giants Stadium") for authorization to issue third-party deposition subpoenas under Federal Rules of Bankruptcy Procedure 2004 ("Rule 2004") and Federal Rule of Bankruptcy Procedure 9016 ("Rule 9016"), filed on August 28, 2013 (the "Motion").

**INTRODUCTION**

1.  Giants Stadium has moved for an order authorizing it to serve deposition subpoenas on three individuals, David Lo, Robert Taylor, and Sean Teague, on the grounds that

US_ACTIVE:\44335583\3\58399.0011

8. Fourth, Giants Stadium's request is in violation of the discovery protocol agreement to which the parties agreed. The protocol expressly provides for Giants Stadium to seek Rule 2004 discovery of no more than two "Lehman" deponents. Giants Stadium already has issued a notice of deposition for current or former Lehman employees Seth Konheim and Julia Nand as part of the Rule 2004 process and also purports to seek the depositions through this motion of former Lehman employees Robert Taylor and David Lo. Giants Stadium should not be able to evade the two-Lehman-employee restriction by "noticing" two Lehman employees and seeking the issuance of Rule 2004 subpoenas for two other Lehman employees.

9. Finally, it is noteworthy that Lehman has confirmed, based on information collected to date, that Giants Stadium owes LBSF significant amounts under the swap transactions, and therefore has determined to file an adversary complaint. Lehman has conducted Rule 2004 discovery concerning a number of theories and issues, and it has determined not to bring claims with respect to some of those theories; accordingly, the complaint will narrow and focus the issues in dispute. Thus, the discovery in an adversary proceeding is likely to be tailored to the complaint and narrower than the broad focus of Giants Stadium's Rule 2004 requests. LBSF is prepared to conduct discovery in the adversary proceeding quickly. In this context, the parties shortly will have ample opportunity to examine witnesses under the protections of the Federal Rules of Civil Procedure, as appropriate.

10. Accordingly, to promote orderly administration of the litigation and prevent duplicative discovery, the parties should complete any outstanding document discovery currently pending under Rule 2004 document subpoenas and take depositions in the adversary proceeding as appropriate and governed by the Federal Rules of Civil Procedure.

4