September 29, 2013

The Honorable James M. Peck

United States Bankruptcy Court

One Bowling Green

Courtroom 601

New York, New York 10004



In re Lehman Brothers Inc.

Case No. 08-01420 (JMP) SIPA

Response to Objection Docket #6847

Dear Honorable Judge Peck,

I oppose the Trustee's Objection to my Claim #4495 and believe that the claim is not subordinated to any Lehman Brothers Inc. obligation, and therefore senior in status. The facts supporting this opposition can be substantiated by the records held by the Lehman entities as well as Shearson and American Express. In do not have access to all of those documents. I do have a copy of the Agreement which I executed. I submit the following in support of my opposition. The Objection Motion includes two exhibits which are relevant to this opposition – the Agreement (Exhibit B) and the Irrevocable Election Form (Exhibit C). Provisions of both are referenced below.

1. The ESEP program was established in 1985 by the entity Shearson Lehman Brothers, a subsidiary of American Express, Inc. While Shearson Lehman Brothers did not have an American Express guarantee, at the time, Shearson Lehman was financially supported by American Express. The payment of the ESEP obligation was to be subordinated to certain other obligations of Shearson Lehman.
2. To my knowledge, the program was established, in part, because it provided tax benefits to Shearson Lehman as well as benefits to aid in retaining employees.
3. Between 1985 and 1995, the entity Shearson Lehman had several corporate mergers and restructurings including acquiring E.F. Hutton, and eventually selling off Shearson. Eventually a "new" Lehman Bros. Inc. was created and spun out from American Express and became an independent company. I don't have all the specifics on all the corporate transactions.
4. The agreement, the template which is Exhibit B, was between Shearson Lehman Brothers Inc. and the employee. I executed such a document.

5. The ESEP obligation, as stated in the Agreement ( Exhibit B) was originally subordinated to certain other obligations of Shearson. Under the general subordination provision, the obligation was subordinated "to all present and future creditors of Shearson" (Section (d), pg. 13, Exhibit B). Also, there is specific subordination to language in Sec. (e) which makes the claim subordinated to "any Senior Subordinated Debt" which consisted of a defined list of specific outstanding securities of Shearson. The list includes only those specific securities and any amendments or extensions of them.

6. The general subordination language addresses future creditors of Shearson, but does not reference or include Shearson "successors" (if in fact Lehman Brothers Inc was a successor of Shearson) - only Shearson. Without the language of succession, the ESEP claim could not be subordinated to any future obligations of Lehman. There is no debt of Shearson presently outstanding.

7. All of the Senior Subordinated Debt as specified in the Agreement (Exhibit B, Sec. 9(e)) has matured.

8. The ESEP obligation, per the Agreement, was subordinated to other obligations of Shearson. There are no outstanding obligations of Shearson. Without anything above it, the obligation is senior in the structure.

9. When Shearson Lehman was acquired by Lehman Brothers Inc. there was no amendment to the Agreement. The obligation, by contract, could not be subordinated by any act of Lehman or subsequent issuance.

10. In 1990, when the American Express option was offered to participants (Exhibit C), there was no reference to any subordination or any amendment to the agreement besides the options proposed. I do not recall any amendments being made. I certainly never signed any such document.

11. Because of this specific subordination language of the agreement, I believe that the obligation of ESEP is a senior obligation of Shearson and accordingly a senior obligation of the obligor, Lehman Bros. Inc.

Respectfully submitted,

*William T Boyd*

William T Boyd Jr

42 Elm Hill Lane

Duxbury, Ma 02332

Wtboyd46@comcast.net

I have sent a Copy of this Statement of Opposition in Response to Objection to:

Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004, Attn: Megan C. Gragg, Esq.

Securities Investor Protection Corporation, 805 Fifteenth Street, N.W. Suite 800, Washington D.C., 20005-2215 Attn: Kenneth J. Caputo, Esq.

Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, N.Y. 10153, Attn: Lori Fife, Esq.

Clerk Of Court, United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, N.Y. 10004