STROOCK & STROOCK & LAVAN LLP
Kristopher M. Hansen
Kenneth Pasquale
180 Maiden Lane
New York, New York 10038-4982
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Counsel to CarVal Investors, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

**DECLARATION OF KENNETH PASQUALE IN SUPPORT OF MOTION OF CARVAL
INVESTORS, LLC FOR LEAVE TO EXAMINE LBHI
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

I, Kenneth Pasquale, being duly sworn, hereby declare pursuant to section 1746 of title 28 of the United States Code:

1. I am an attorney admitted to practice before this Court and a member of Stroock & Stroock & Lavan LLP, attorneys for CarVal Investors, LLC ("CarVal").

2. I am submitting this declaration in support of the motion (the "Motion") being contemporaneously submitted by CarVal seeking an order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing that Lehman Brothers Holdings Inc. ("LBHI") and each of the members of the Board of Directors of LBHI (the "LBHI Board") respond to the document requests contained in Schedule 1 attached to the proposed Order granting the Motion, and provide for examination of (i) LBHI's representative, or representatives, who are most knowledgeable about the matters set forth herein; (ii) certain

members of the LBHI Board, consisting of Frederick Arnold, Robert G. Gifford, Sean O. Mahoney, and David Pauker (the "LBHI Board Members") and (iii) Daniel J. Ehrmann of Alvarez & Marsal.

3. Expeditious consideration of the Motion is warranted for the following reasons:

(a) As set forth more fully in the Motion, on October 1, 2013, LBHI and its U.K. subsidiary, LB Holdings Intermediate 2 Limited (in administration) ("LBHI2" and, together with LBHI, the "Lehman Sellers") announced that they had entered into a commitment letter (the "Commitment") with Elliott Management Corporation and King Street Capital Management, L.P. (together, the "Proposed Purchasers") to purchase certain claims (collectively, the "Claims") of LBHI2 against the estate of Lehman Brothers International (Europe) (in administration) ("LBIE") in its administration under the laws of England and Wales, including LBHI2's £1.25 billion subordinated claim against LBIE (the "Proposed Transaction").

(b) The press release announcing the Proposed Transaction states that the purchase price for the Claims will be £650 million in cash plus the right of LBHI2 to receive future contingent amounts and to share in certain claims held by the Proposed Purchasers against LBIE. No additional information has been disclosed to date concerning the terms of the Proposed Transaction. However, the sale appears to be a "closed" process where competing bids were not solicited or considered.

(c) Beyond being a party to the Proposed Transaction, LBHI also is the indirect majority creditor and ultimate shareholder of LBHI2. As such, LBHI recently estimated that it will receive 87% of all distributions made by LBHI2. The Claims constitute one of the largest remaining assets in these Chapter 11 cases, the disposition of which will materially impact distributions to LBHI's creditors, including CarVal, which holds in excess of $12 billion of notional claims against LBHI and its U.S. debtor affiliates. It therefore is imperative that the Proposed Transaction maximize value to the LBHI estate and its creditors.

(d)  Citing constraints imposed by the terms of the Commitment, LBHI has refused to provide any information beyond that which is contained in an October 1, 2013 press release by LBHI2.  Notwithstanding the fact that the information concerning the Proposed Transaction made publicly available by LBHI is extremely limited, it appears that the transaction severely undervalues the Claims.  Without receiving information on the Proposed Transaction, however, it is impossible for creditors of LBHI and other parties in interest to determine whether the Proposed Transaction maximizes value to the estate, or whether an alternative transaction might provide greater value.  Therefore, as discussed in the Motion, CarVal seeks information pursuant to Bankruptcy Rule 2004 from LBHI, its advisors and the LBHI Board concerning the Proposed Transaction.

(e)  CarVal and other large creditors of LBHI have expressed an interest in participating in a competitive sale process for the Claims.  Most recently, on October 14, 2013, CarVal sent a letter to the joint administrators of LBHI2, with a copy to a member of the LBHI board of directors, which contained an offer for the Claims of £900 million plus future contingent consideration and certain of CarVal's rights against LBIE, without any financing conditions.  CarVal's offer is £250 million pounds greater than the announced purchase price of the Proposed Transaction, which represents a premium of almost 40%.  This offer demonstrates that a competitive sale process is likely to increase value realized by the LBHI estate on account of the Claims, for the benefit of the estate and its creditors.

(f)  It is CarVal's understanding that the Proposed Transaction has not closed.  CarVal, however, cannot attest to when the Proposed Transaction is scheduled to close because LBHI has indicated in response to queries from CarVal and other significant creditors that, under the terms of the Commitment, LBHI cannot disclose that information.  As explained in the Motion, Movant and other significant creditors have repeatedly requested information from LBHI concerning the Proposed Transaction, to no avail.  CarVal respectfully submits that it is imperative that LBHI provide, prior to the closing of the Proposed Transaction, the information necessary to determine whether value to the LBHI

3

estate and its creditors has been maximized to avoid irreparable harm to CarVal and other creditors of LBHI.  In light of LBHI's inability to disclose the timing of the Proposed Transaction, CarVal respectfully requests that the Court determine the Motion on an expedited basis to avoid having the Proposed Transaction close before the requested information has been delivered.

4. Accordingly, it is respectfully requested that the Court grant the Motion and enter an Order in substantially the form annexed to the Motion as Exhibit A.

Dated: October 15, 2013
  New York, New York

/s/ Kenneth Pasquale
Kenneth Pasquale