**HEARING DATE AND TIME: November 21, 2013 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: November 14, 2013 at 4:00 p.m. (Eastern Time)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF FOUR HUNDRED FORTIETH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, JORDAN BRYK, AT 212-310-8034.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC., *et al.*,** | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

**NOTICE OF HEARING ON FOUR HUNDRED FORTIETH OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)**

**PLEASE TAKE NOTICE** that on October 15, 2013, Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, filed its four hundred fortieth omnibus objection to claims (the "Four Hundred Fortieth Omnibus Objection to Claims"), and that a

hearing (the "Hearing") to consider the Four Hundred Fortieth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **November 21, 2013 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Fortieth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Maurice Horwitz, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **November 14, 2013 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Fortieth Omnibus Objection to Claims or any claim set

forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Fortieth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: October 15, 2013
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates

**HEARING DATE AND TIME: November 21, 2013 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: November 14, 2013 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| --------------------------------------------------------------x | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC., *et al.*,** | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| --------------------------------------------------------------x | | |

**FOUR HUNDRED FORTIETH OMNIBUS OBJECTION**
**TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS FOUR HUNDRED FORTIETH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, JORDAN BRYK, AT 212-310-8034.**



US_ACTIVE:\44348421\4\58399.0011

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (together, the "Debtors" or the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this omnibus objection, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto.

2. The proofs of claim identified on Exhibit A (collectively, the "Insufficient Documentation Claims") violate this Court's order, dated July 2, 2009, setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [ECF No. 4271], as they were submitted with insufficient documentation. The Insufficient Documentation Claims do not constitute valid *prima facie* claims, and the Plan Administrator requests they be disallowed and expunged in their entirety.

**Jurisdiction**

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

4. Commencing on September 15, 2008 and periodically thereafter, (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On December 6, 2011, the Court approved and entered an order confirming the Plan. The Plan became effective on March 6, 2012.

6. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

7. On July 2, 2009, this Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases, including procedures for filing proofs of claim and supporting documentation for claims based on Derivatives Contracts[1] and Guarantees.[2] The Bar Date Order established (i) September 22, 2009 (the "Bar Date") as the general deadline for filing proofs of claim and (ii) October 22, 2009 (the "Questionnaire Deadline") as the deadline for completing electronic questionnaires and uploading supporting documentation and evidence of underlying claim amounts in connection with claims filed against the Chapter 11 Estates based on (a) Derivatives Contracts (each, a "Derivative Questionnaire") and (b) Guarantees (each, a "Guarantee Questionnaire"). A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

[1] "Derivative Contract" is defined in the Bar Date Order as "any contract that is any of (i) a 'swap agreement' as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a 'forward contract' as such term is defined in section 101(25) of the Bankruptcy Code . . . ." *See* Bar Date Order at 6.

[2] "Guarantee" is defined in the Bar Date Order as "a promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance." *See* Bar Date Order at 7.

8. The Bar Date Order required, among other things, that "each Proof of Claim must: . . . (vi) include supporting documentation or an explanation as to why documentation is not available." (Bar Date Order at 6.) The supporting documentation requirement was specifically set forth on the face of the Court-approved proof of claim form. (*Id.* at Exhibit B.)

9. The Bar Date Order provided that each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must complete the electronic Derivative Questionnaire and electronically upload supporting documentation on the website. (Bar Date Order at 7.) The Bar Date Order further provided that each holder of a claim against a Debtor based on (i) amounts owed pursuant to a Guarantee or (ii) a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website. (*Id*. at 7-8.)

10. Exhibit C to the Bar Date Order was a version of the Derivative Questionnaire, which required that the claimant provide various information in support of its claim, such as copies of relevant agreements; a copy of the termination notice; a valuation statement; individual trade-level detail; trade value methodology and quotations; and unpaid amounts, collateral, and other costs associated with the claim pursuant to the Derivatives Contract. Also attached to the Bar Date Order was Exhibit D, a version of the Guarantee Questionnaire setting forth the information forming the basis of the claimant's assertions of a guarantee claim.

11. The supporting documentation requirement for claims based on Derivatives Contracts and Guarantees was specifically set forth on the face of the Court-

approved Questionnaire forms. (*Id*. at Exhibit C and Exhibit D.) Among other things, the Derivative Questionnaire required claimants to "provide a copy of the valuation statement . . . [and] identify any collateral that has been posted by any party in connection with the transactions and any claims of set-off against other transactions reflected in the claim." (*Id*. at Exhibit C.) Among other things, the Guarantee Questionnaire required claimants to "provide documentation evidencing [the claimant's] claim and supporting the calculation of the claim amount." (*Id*. at Exhibit D (emphasis in original).)

12. The Bar Date Order provided that "any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date, specifically, including filling out the Derivative Questionnaire or the Guarantee Questionnaire and uploading required information to the website http://www.lehman-claims.com (which Derivative Questionnaire or Guarantee Questionnaire shall not be required to be completed until the Questionnaire Deadline), specifying the applicable Debtor and other requirements set forth herein, shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto)." (*Id.* at 9-10 (emphasis in original).)

13. Claimants received notice of the Bar Date Order by mail. (*See* Notice of Deadlines for Filing Proofs of Claim (the "Bar Date Notice").) In the Bar Date Notice, which also was published in The New York Times (International Edition), The Wall Street Journal (International Edition), and The Financial Times, claimants were specifically instructed that "[i]f you file a Proof of Claim, your filed Proof of Claim must: . . . (vi) include supporting documentation or an explanation as to why documentation is not available." (Bar Date Notice at 4.) Also in the Bar Date Notice, claimants holding claims based on Derivative Contracts were

instructed to "complete the electronic Derivative Questionnaire substantially in the form attached as Exhibit C to the Bar Date Order . . . and electronically upload supporting documentation on the website (as required in the Derivative Questionnaire), rather than attaching such documents to the proof of claim form." (*Id*.)[3]

14. Claimants who filed a proof of claim prior to the Bar Date were instructed that they need not file a new claim if their proof of claim substantially conformed to the Court-approved proof of claim form, which form clearly set forth the requirement that claimants provide supporting documentation with their claim form or an explanation as to why such documentation is unavailable. (*Id.* at 2.) Claimants who filed a proof of claim based on a Derivative Contract on or prior to the Bar Date were instructed that they needed to amend the proof of claim to conform to the procedures for the filing of proofs of claim based on Derivative Contracts and Guarantees. (*Id*.)

15. In prominent bold-face type, the Bar Date Notice, like the Bar Date Order, cautioned that **"any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date, specifically, including filling out the Derivative Questionnaire (if applicable) or the Guarantee Questionnaire (if applicable) and uploading required information to the website http://www.lehman-claims.com (which Derivative Questionnaire or Guarantee Questionnaire shall not be required to be completed until the Questionnaire Deadline), specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the**

[3] Likewise, in the Bar Date Notice, claimants holding claims based on Guarantees were instructed to "complete the electronic Guarantee Questionnaire substantially in the form attached as Exhibit D to the Bar Date Order . . . and electronically upload supporting documentation and evidence of the underlying claim amount on the website (as required in the Guarantee Questionnaire), rather than attaching such documents to the proof of claim form." (*Id*. at 5.)

**Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim).”** (*Id.* at 6 (emphasis in original).)

16. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Chapter 11 Estates, among other things, to file omnibus objections to up to 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The Insufficient Documentation Claims Should Be Disallowed and Expunged**

17. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the claims on Exhibit A as claims that should be disallowed and expunged on the basis that they do not include sufficient supporting documentation or an explanation as to why documentation is not available. The Insufficient Documentation Claims, therefore, do not constitute valid *prima facie* claims.

18. A filed proof of claim is “deemed allowed, unless a party in interest . . . objects.” 11 U.S.C. § 502(a). If an objection refuting at least one of the claim’s essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc’ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

19. The Bar Date Order specifically requires that “each Proof of Claim ***must***: . . . (vi) include supporting documentation or an explanation as to why documentation is not available.” (Bar Date Order at 6 (emphasis added).) Indeed, this Court and others in the Southern District of New York have entered similar orders requiring that proofs of claim include supporting documentation or an explanation as to why documentation is unavailable. *See In re*

*Finlay Enterprises, Inc.*, No. 09-14873 (JMP) (Peck, J.), Oct. 20, 2009 Order [ECF No. 316] at 6; *see also In re AGT Crunch Acquisition LLC, et al.*, No. 09-12889 (REG) (Gerber, J.), Oct. 14, 2009 Order [ECF No. 554] at 2-3. The requirement of providing supporting documentation for claims is a customary and necessary component of bar date orders. Indeed, the Bankruptcy Rules' official proof of claim form includes this standard requirement. The Insufficient Documentation Claims, however, do not include the required supporting documentation or an explanation as to why documentation is unavailable.

20. Claimants were specifically provided notice of the Bar Date Order's supporting documentation requirement via the Bar Date Notice. The Bar Date Notice included instructions on how to complete the proof of claim forms and the Questionnaires and a warning that failure to comply with those instructions would result in claims being barred. (*See* Bar Date Notice at 4, 6.) Claimants were notified that they needed to submit new proofs of claim if their claims submitted prior to the Bar Date did not substantially conform to the Court-approved proof of claim form, which clearly set forth the supporting documentation requirement. (*See id.* at 2.) Claimants were also notified that they needed to amend any proofs of claim submitted before the Bar Date to conform to the procedures for the filing of proofs of claim based on Derivative Contracts and Guarantees. (*Id.*) Nevertheless, the Insufficient Documentation Claims were submitted without the required supporting documentation.

21. Without additional information regarding the Insufficient Documentation Claims, the Plan Administrator is unable to evaluate the merits and validity of the Insufficient Documentation Claims. The books and records of the Chapter 11 Estates do not provide the necessary information regarding the Insufficient Documentation Claims. Because the Insufficient Documentation Claims fail to comply with the Bar Date Order's specific direction

that claims include supporting documentation or an explanation as to why documentation is unavailable, the Insufficient Documentation Claims do not constitute valid *prima facie* claims. The Plan Administrator, therefore, requests that the Court disallow and expunge in their entirety the Insufficient Documentation Claims listed on Exhibit A.

**Reservation of Rights**

22. The Plan Administrator reserves all rights to object on any other basis to any Insufficient Documentation Claim as to which the relief requested herein is not granted.

**Notice**

23. No trustee has been appointed in these chapter 11 cases. Notice of this Four Hundred Fortieth Omnibus Objection to Claims has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

24. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: October 15, 2013
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

# EXHIBIT A

**OMNIBUS OBJECTION 440: EXHIBIT A - INSUFFICIENT DOCUMENTS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | COUNTY OF LAKE, OHIO | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 29757 | Undetermined | Undetermined | Insufficient Documents |
| 2 | COUNTY OF LAKE, OHIO | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29761 | Undetermined | Undetermined | Insufficient Documents |
| 3 | DIAMOND FINANCE PUBLIC LIMITED COMPANY SERIES 2007-07 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18002 | Undetermined | Undetermined | Insufficient Documents |
| 4 | DIAMOND FINANCE PUBLIC LIMITED COMPANY SERIES 2007-07 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/18/2009 | 18003 | Undetermined | Undetermined | Insufficient Documents |
| 5 | RUBY FINANCE PLC SERIES 2007-7 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25978 | Undetermined | Undetermined | Insufficient Documents |
| 6 | RUBY FINANCE PLC SERIES 2007-7 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 25981 | Undetermined | Undetermined | Insufficient Documents |
| 7 | U.S. BANK NATIONAL ASSOCIATION | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31009 | Undetermined | Undetermined | Insufficient Documents |
| 8 | U.S. BANK NATIONAL ASSOCIATION | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 31018 | Undetermined | Undetermined | Insufficient Documents |
| | | | | TOTAL | | $0.00 | $0.00 | |

* - Indicates claim contains unliquidated and/or undetermined amounts

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC., *et al.*,** | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

**ORDER GRANTING FOUR HUNDRED FORTIETH OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)**

Upon the four hundred fortieth omnibus objection to claims, dated October 15, 2013 (the "Four Hundred Fortieth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to disallow and expunge the Insufficient Documentation Claims, all as more fully described in the Four Hundred Fortieth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Fortieth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Fortieth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Four Hundred Fortieth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Fortieth Omnibus Objection to Claims.

ORDERED that the relief requested in the Four Hundred Fortieth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Four Hundred Fortieth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____________, 2013
New York, New York

_______________________________________
UNITED STATES BANKRUPTCY JUDGE