HEARING DATE AND TIME: November 21, 2013 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: November 14, 2013 at 4:00 p.m. (Eastern Time)

> **THE FOUR HUNDRED FORTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE FOUR HUNDRED FORTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
In re                                          :   Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :   08-13555 (JMP)
                                               :
                 Debtors.                      :   (Jointly Administered)
------------------------------------------------------------------x
```

### NOTICE OF HEARING ON FOUR HUNDRED FORTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (CONTRIBUTION CLAIMS)

**PLEASE TAKE NOTICE** that on October 15, 2013, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

US_ACTIVE:\44307557\5\58399.0008

certain entities in the in the above-referenced chapter 11 cases, filed the four hundred forty-fourth omnibus objection to claims (the "Four Hundred Forty-Fourth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Four Hundred Forty-Fourth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **November 21, 2013 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Forty-Fourth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq., Maurice Horwitz, Esq., and Eric D. Kasenetz, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Tracy Hope Davis, Esq., Susan Golden, Esq., and Andrea B.

Schwartz, Esq.); so as to be so filed and received by no later than **November 14, 2013 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Forty-Fourth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Forty-Fourth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: October 15, 2013
      New York, New York

                  /s/ Robert J. Lemons
                  Robert J. Lemons

                  WEIL, GOTSHAL & MANGES LLP
                  767 Fifth Avenue
                  New York, New York 10153
                  Telephone: (212) 310-8000
                  Facsimile: (212) 310-8007

                  Attorneys for Lehman Brothers Holdings Inc.
                  and Certain of Its Affiliates

**HEARING DATE AND TIME: November 21, 2013 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: November 14, 2013 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**FOUR HUNDRED FORTY-FOURTH OMNIBUS**
**OBJECTION TO CLAIMS (CONTRIBUTION CLAIMS)**

---

**THIS FOUR HUNDRED FORTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS FOUR HUNDRED FORTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

---

US_ACTIVE:\44307557\5\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1.  The Plan Administrator files this four hundred forty-fourth omnibus objection to claims (the "Four Hundred Forty-Fourth Omnibus Objection to Claims"), pursuant to section 502(e)(1)(B) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement, in whole or in part, of the claims listed on Exhibit A annexed hereto.

2.  The Plan Administrator has examined the proofs of claim identified on Exhibit A (collectively, the "Contribution Claims") and has determined that the Contribution Claims should be disallowed, in whole or in part, pursuant to section 502(e)(1)(B) of the Bankruptcy Code, because the Contribution Claims were filed by parties alleging, in each case as identified more specifically on Exhibit A, that they are co-liable with LBHI and seek reimbursement, contribution or contractual indemnification for alleged obligations that are currently contingent.

3.  As set forth more fully on Exhibit A, the holder of claim number 36 contends that LBHI is obligated to make payments to bondholders, while the holder of claim number 67704 asserts that LBHI is liable for insurance payments to an insurance company.

2

According to these claimants, upon the failure of LBHI to perform such obligations, the claimants would be required to cover the shortfalls, and the claimants would then be entitled to reimbursement and indemnification from LBHI.  These contingent claims are not allowed under the Bankruptcy Code, and, therefore, the Plan Administrator requests that the Contribution Claims be disallowed and expunged to the extent set forth on <u>Exhibit A</u>.

    4.  The Plan Administrator reserves all rights to object on any other basis to any Contribution Claim as to which the Court does not grant the relief requested herein, including but not limited to the ground that LBHI has no liability for the Contribution Claim or any portion thereof, as well as to the portion of any Contribution Claim that is not the subject of this Objection.

## Jurisdiction

    5.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

    6.  Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

    7.  On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

    8.  On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023].  The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan

3

Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

### The Contribution Claims Should Be Disallowed and Expunged

9. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

10. The Plan Administrator has identified the Contribution Claims as claims that should be disallowed, in whole or in part, pursuant to section 502(e)(1)(B) of the Bankruptcy Code, which provides, in relevant part:

> [T]he court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor or has secured the claim of a creditor, to the extent that . . . such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution . . . .

11 US.C. § 502(e)(1)(B). Disallowance under section 502(e)(1)(B) is mandatory if three conditions are satisfied: "First, the claim must be for reimbursement or contribution. Second, the party asserting the claim must be 'liable with the debtor' on the claim. Third, the claim must be contingent at the time of its allowance or disallowance." *In re Drexel Burnham Lambert Group Inc.*, 148 B.R. 982, 985 (Bankr. S.D.N.Y. 1992). Each of the Contribution Claims meets the three foregoing conditions and therefore must be disallowed.

### A. The Contribution Claims Are Claims for Reimbursement or Contribution

11. Contribution or reimbursement "encompasses whatever claims a co-debtor has which entitle him to be made whole for monies he has expended on account of a debt for which he and the debtor are both liable." *In re Wedtech Corp.*, 87 B.R. 279, 287 (S.D.N.Y. 1988).

12. Each holder of a Contribution Claim asserts a contractual right to contribution, reimbursement or indemnification from LBHI. Indemnification claims arising from contracts constitute claims for "reimbursement or contribution" within the meaning of section 502(e)(1)(B). *See In re Alper Holdings*, 2008 WL 4186333, at *5 (Bankr. S.D.N.Y. Sept. 10, 2008) (disallowing contractual indemnification claims pursuant to 502(e)(1)(B)); *see also In re GCO Servs., LLC*, 324 B.R. 459, 465 (Bankr. S.D.N.Y. 2005) ("Because 'the concept of reimbursement includes indemnity,' any claims for indemnification also fall within the scope of the first prong of 502(e)(1)(B)"); *Drexel*, 148 B.R. at 985 (section 502(e)(1)(B) "clearly applies to contractual claims for indemnification").

### B. Claimants That Filed the Contribution Claims Allege That They Share Liability with LBHI

13. The phrase "liable with the debtor" appears not just in section 502(e)(1)(B), but also in sections 501(b) and 509(a) of the Bankruptcy Code and Bankruptcy Rule 3005(a). Courts generally interpret the phrase broadly to encompass "any type of liability shared with the debtor, whatever its basis." *Drexel*, 148 B.R. at 987. Examples of this type of shared liability include:

- where two joint tortfeasors are liable for the same injuries. *See, e.g.*, *In re Wedtech Corp.*, 87 B.R. at 283-87; *In re The Charter Co.*, 81 B.R. 644, 646-48 (M.D. Fla. 1987); *In re Baldwin-United*, 55 B.R. 885, 890 (Bankr. S.D. Ohio 1985); and

5

- where two entities are co-liable for the same damages under a single contract. *See, e.g.*, *Wedtech*, 87 B.R. at 287 (noting that the term "liable with the debtor" includes co-liability arising from contractual obligations).

14. The phrase "liable with the debtor" is not limited to a specific co-obligor theory; an entity may be "liable with the debtor" even where the legal basis for that entity's liability – *i.e.*, tort, contract law, or statute – differs from the legal basis of the debtor's liability. Examples of this type of shared liability include:

- where one entity is contractually liable for a debt as a primary obligor and a second entity is contractually liable as a guarantor of that same debt. *See, e.g.*, *Baldwin-United*, 55 B.R. at 891 (noting that the term "liable with the debtor" includes co-liability arising from guarantor or surety relationships);

- where one entity is liable for a claimant's injuries as a tortfeasor and a second entity is liable for those same injuries under federal law. *See, e.g.*, *In re Dow Corning*, 244 B.R. 705, 715 (Bankr. E.D. Mich. 1999);

- where one entity is liable for damages under a contract and a second entity is liable for those same damages under federal law. *See, e.g., In re White Motor Corp.*, 731 F.2d 372, 373-74 (6th Cir. 1984) ("It does not matter, contrary to White Motor's assertions, that the source of Pension Benefit's liability for the pension benefits, 29 U.S.C. § 1322, is different from the source of White Motor's liability, the guarantee letters. The fact remains that each party is liable to the same White Motor pensioners for the same $46 million worth of pension benefits to be paid out in the same fashion.");

- where one entity is liable for unpaid withholding taxes under the Internal Revenue Code and a second entity is liable for those same taxes as a "responsible individual" under the Internal Revenue Code. *See, e.g.*, *In re Fiesole Trading Corp.*, 315 B.R. 198, 204-07 (Bankr. D. Mass. 2004); and

- where one entity is liable for environmental cleanup under federal law and a second entity is liable for the same cleanup costs under state law. *See, e.g., In re Eagle-Pitcher Idus., Inc.*, 131 F.3d at 1190 ("Whether under CERCLA or the [New Jersey] Spill [Compensation Control] Act or some other law, [the claimant's] claims are for environmental cleanup costs associated with [a single] property, the very same costs for which [the debtor] may turn out to be co-liable," which is "precisely the kind of contingent co-liability envisioned by section 502(e)(1)(B).")

15. Moreover, co-liability between a claimant and a debtor is not premised on the filing of a proof of claim by the principal creditor against the debtor. *In re Chemtura Corp.*,

6

436 B.R. 286, 294 (Bankr. S.D.N.Y. 2010) ("In simple terms, section 502(e)(1)(B) is applicable whether the underlying claimant files a proof of claim or not); s*ee also In re Wedtech Corp.*, 85 B.R. at 289 (finding that the statutory language does not require the underlying plaintiff to file a claim in the bankruptcy case).

16. In short, each of the Contribution Claims is expressly or implicitly premised on the theory that if LBHI pays less than its share of the alleged liability, the holder of the Contribution Claim will have to pay more. That "is the essence of co-liability." *In re Chemtura Corp.*, 443 B.R. 601, 622 (Bankr. S.D.N.Y. 2011).

### C. The Contribution Claims Are Contingent

17. "The contingency contemplated by § 502(e)(1)(B) relates to both payment and liability." *Drexel*, 148 B.R. at 986 (citing *In re Pacor, Inc.*, 110 B.R. at 689)); *accord In re Apco Liquidating Trust*, 370 B.R. 625, 636 (Bankr. D. Del. 2007). Accordingly, a claim is contingent until the claimant's liability has been established *and* the claimant has paid the principal creditor. *Drexel*, 148 B.R. at 987 (emphasis added); *see also Pearl-Phil GMT (Far East) Ltd. v. Caldor Corp.*, 266 B.R. 575, 580 (S.D.N.Y. 2001) (a claim is contingent "if the debtor's legal duty to pay does not come into existence until triggered by the occurrence of a future event") (citing *Mazzeo v. United States (In re Mazzeo)*, 131 F.3d 295, 303 (2d Cir. 1997)); *In re Chemtura Corp.*, 443 B.R. at 628 (holding that claims for *future* remediation costs, not already paid for, are contingent, and satisfy the "contingency" element of section 502(e)(1)(B)).

18. The determination as to whether a claim is contingent is made "at the time of the allowance or disallowance of the claim, which courts have established is the date of the ruling." *Drexel*, 148 B.R. at 985 (disallowing indemnification of future payments, based on a judgment or settlement, which may be made in pending litigation); *accord In re GCO Servs.*, 324

B.R. at 466 (disallowing claimant's claims because, as of the ruling, the claims would not mature until a future event). A claim is contingent if "the amounts and ultimate liability are presently unknown." *Alper*, 2008 WL 4186333, at *6 (citing *Drexel*, 148 B.R. at 986-87, 991) (holding that an indemnity claim for future defense costs was contingent and disallowed to the extent the defense costs "[were] not determined and remain[ed] unpaid" at the time of the court's ruling). Based upon a review of the Contingent Claims and after conducting a reasonable amount of diligence, including contacting each of the claimants, the Plan Administrator has determined that each of the Contribution Claims is contingent as of the date hereof.

19. For all the foregoing reasons, the Plan Administrator respectfully requests that the Court disallow and expunge with prejudice the Contribution Claims pursuant to section 502(e)(1)(B) of the Bankruptcy Code, to the extent set forth on Exhibit A.

## Notice

20. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Four Hundred Forty-Fourth Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

21. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: October 15, 2013
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

9

# EXHIBIT A

US_ACTIVE:\44307557\5\58399.0008

## OMNIBUS OBJECTION 444: EXHIBIT A - CONTRIBUTION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | DESCRIPTION OF CONTRIBUTION CLAIM |
|---|---|---|---|---|---|---|---|---|
| 1 | AMERICAN EXPRESS COMPANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/02/2011 | 67704 | Undetermined | Undetermined | The portion of Claim 67704 relating to that certain historical workers' compensation program administrated by The Travelers Indemnity Company ("Travelers") is a contingent claim for reimbursement and indemnification from LBHI for any payments that claimant may make to Travelers on account of LBHI's failure to pay, or otherwise secure payment to, Travelers for the same obligations. The remaining portion of Claim 67704 is not being expunged pursuant to this Objection and is not affected by this Objection. All rights with respect to the remaining portion of Claim 67704 are reserved. |
| 2 | TRAVELERS CASUALTY AND SURETY COMPANY OF | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/26/2008 | 36 | Undetermined | Undetermined | Claimant asserts that it issued surety bonds to certain of LBHI's bondholders and filed Claim 36 as a contingent claim for reimbursement and indemnification from LBHI for any payments that claimant may make to the bondholders. |
| | | | | TOTAL | | $0.00 | $0.00 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re                                                           :    Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                :
                        Debtors.                          :    (Jointly Administered)
----------------------------------------------------------------x

**ORDER GRANTING THE FOUR HUNDRED FORTY-FOURTH
OMNIBUS OBJECTION TO CLAIMS (CONTRIBUTION CLAIMS)**

Upon the four hundred forty-fourth omnibus objection to claims, dated October 15, 2013 (the "Four Hundred Forty-Fourth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(e)(1)(B) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the Contribution Claims on the grounds that such claims should be disallowed under section 502(e)(1)(B) of the Bankruptcy Code, all as more fully described in the Four Hundred Forty-Fourth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Forty-Fourth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Forty-Fourth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Forty-Fourth Omnibus Objection to Claims.

parties in interest and that the legal and factual bases set forth in the Four Hundred Forty-Fourth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Four Hundred Forty-Fourth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(e)(1)(B) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto are disallowed and expunged, with prejudice, to the extent set forth therein; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Four Hundred Forty-Fourth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto and (ii) the portion of any Contribution Claim that is not the subject of the Four Hundred Forty-Fourth Omnibus Objection to Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York

                                                          _____
                                                          UNITED STATES BANKRUPTCY JUDGE