**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------

|  |  |
|---|---|
| In re: | Chapter 11 |
| Lehman Brothers Holding Inc., <u>et al</u>. | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |
|  | Proof of Claim No.: **See attached schedule** |
|  | Total Allowed Amount to be Transferred: **See attached schedule** |

-------------------------------------------------------------

NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY
PURSUANT TO FRBP RULE 3001(e)(2)

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bank. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**TO:**    **TRANSFEROR:**    **ALDEN GLOBAL HEDGED OPPORTUNITIES MASTER FUND, L.P.**
c/o Alden Global Capital
885 Third Avenue, 34th Floor
New York, NY 10022
Attention: Ithran Olivacce
Telephone: 212-888-7214
E-mail: iolivacce@aldenglobal.com

       **TRANSFEREE:**    **TURNPIKE LIMITED**
c/o Alden Global Capital
885 Third Avenue, 34th Floor
New York, NY 10022
Attention: Ithran Olivacce
Telephone: 212-888-7214
E-mail: iolivacce@aldenglobal.com

No action is required if you do not object to the transfer of the claim as described above. **IF YOU OBJECT TO THE TRANSFER OF THE TRANSFERRED CLAIM, WITHIN 21 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

− FILE A WRITTEN OBJECTION TO THE TRANSFER WITH THE COURT
− SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE
− IF YOU FILE AN OBJECTION, A HEARING WILL BE SCHEDULED
− IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING

_____
Clerk of the Court

DOC ID - 20685423.1

**Schedule**

Claim Number: 56117
Allowed Amount to Be Transferred: $653,163.66

Claim Number: 55855
Allowed Amount to Be Transferred: $2,176,038.53

Claim Number: 56932
Allowed Amount to Be Transferred:$ 1,465,329.98

Claim Number: 49740
Allowed Amount to Be Transferred: $815,356.62

Claim Number: 49651.01
Allowed Amount to Be Transferred: $133,022.82

Claim Number: 58568.02
Allowed Amount to Be Transferred:$313,170.00

Claim Number: 58559.02
Allowed Amount to Be Transferred: $761,670.00

Claim Number: 58786
Allowed Amount to Be Transferred: $70,864.93

Claim Number: 50652
Allowed Amount to Be Transferred: $180,928.53

Claim Number: 50665
Allowed Amount to Be Transferred: $1,411,740.52

Claim Number: 40797
Allowed Amount to Be Transferred: $116,764.13

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

       1.     For value received, the adequacy and sufficiency of which are hereby acknowledged, Alden Global Hedged Opportunities Master Fund, L.P. ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to Turnpike Limited (the "Assignee"), and Assignee hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage of the principal/notional amount, each as specified in Schedule 1 ("Schedule 1") attached hereto (collectively, the "Assigned Claim"), in Assignor's right, title and interest in and to Proof of Claim Numbers: **56117, 55855, 56932, 49740, 49651.01, 58568.02, 58559.02, 58786, 50652, 50665 and 40797,** filed by or on behalf of the Assignee (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Assignor relating to the Assigned Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Assigned Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Assigned Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Assigned Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Assigned Claim, and (iv) any and all of Assignor's right, title and interest in, to and under the transfer agreements, if any, under which Assignor or any prior Assignor acquired the rights and obligations underlying or constituting a part of the Assigned Claim, but only to the extent related to the Assigned Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Assigned Claim and specified in Schedule 1 attached hereto.

       2.     Assignor hereby represents and warrants to Assignee that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Assignor owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Assignor or against Assignor; (d) Assignor is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Assigned Claim specified in Schedule 1 attached hereto; (f) Assignor has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Assignee receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) as of the date of this Agreement, the Purchased Securities have not been accelerated. Notwithstanding anything to the contrary contained herein or in any related document, Assignee is required to notify Assignor of any objection or other challenge to the transferred Claims and shall not settle any such objection or challenge without Assignor's written consent, such consent not to be unreasonably withheld.

       3.     Assignor hereby waives any objection to the transfer of the Transferred Claims to Assignee on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Assignor by Assignee for all purposes in the case, including, without limitation,

for voting and distribution purposes with respect to the Transferred Claims. Assignee agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Assignor acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Assignor transferring to Assignee the Transferred Claims, recognizing Assignee as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Assignee.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Assignee shall be entitled to transfer its rights hereunder without any notice to or the consent of Assignor. Assignor hereby agrees to indemnify, defend and hold Assignee, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, in an amount not to exceed the purchase price paid for the Assigned Claim, including, without limitation, reasonable attorneys' fees and expenses, which result from Assignor's breach of its representations and warranties made herein.

5. Assignor shall promptly (but in any event no later than seven (7) business days following receipt) remit any payments, distributions or proceeds received by Assignor in respect of the Transferred Claims to Assignee. Assignor has transferred, or shall transfer as soon as practicable after the date hereof, to Assignee each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Assignee may designate in writing to Assignor. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Assignor and Assignee agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Assignor's and Assignee's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Assignor and Assignee each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

DOC ID - 20684920.1

DOC ID - 20078317.1

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of October, 2013.

**ALDEN GLOBAL HEDGED OPPORTUNITIES MASTER FUND, L.P.**

By: Alden Global Capital

By:_____
Name: Jason Pecora
Title: Managing Director

34th Floor, 885 Third Avenue,
New York, NY 10022
212-888-7214
iolivacce@aldenglobal.com

**TURNPIKE LIMITED**

By: Alden Global Capital, LLC

By:_____
Name: Jason Pecora
Title: Managing Director

34th Floor, 885 Third Avenue,
New York, NY 10022
212-888-7214
iolivacce@aldenglobal.com

Lehman Programs Securities to which Transfer Relates

| CLAIM # | ISIN/CUSIP | Issuer | Guarantor | Blocking Number | Maturity | Notional Amount | Allowed Amount of Claim Transferred to Assignee (USD) |
|---|---|---|---|---|---|---|---|
| 56117 | XS0287234313 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | | EUR$500,000.00 | $653,163.66 |
| 55855 | XS0334918322 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | | USD$60,000.00 | $60,000.00 |
| 55855 | XS0211092316 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | | EUR$254,000.00 | $255,815.04 |
| 55855 | XS0339538448 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | | USD$127,000.00 | $127,000.00 |
| 55855 | XS0344095871 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | | USD$142,000.00 | $142,000.00 |
| 55855 | XS0346461634 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | | USD$193,000.00 | $193,000.00 |
| 55855 | XS0353780900 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | | EUR$1,016,000.00 | $1,033,613.49 |
| 55855 | XS0314889154 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | | USD$25,000.00 | $25,000.00 |

DOC ID - 20684920.1

DOC ID - 20078317.1

| CLAIM # | ISIN/CUSIP | Issuer | Guarantor | Blocking Number | Maturity | Notional Amount | Allowed Amount of Claim Transferred to Assignee (USD) |
|---|---|---|---|---|---|---|---|
| 55855 | XS0319211982 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | | USD$51,000.00 | $51,000.00 |
| 56932 | XS0123410838 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | | EUR1,128,000.00 | $1,465,329.98 |
| 55855 | XS0364167006 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | | | EUR$285,000.00 | $288,610.00 |
| 49740 | XS0302315386 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | | | EUR 318,000.00 | $349,612.93 |
| 49740 | XS0307348234 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | | EUR4,000.00 | $4,413.76 |
| 49740 | XS0176153350 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | | EUR275,000.00 | $392,809.91 |
| 49651.01 | XS0292529129 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | | CHF203,000.00 | $133,022.82 |
| 49740 | XS0200284247 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | | EUR5,000.00 | $7,151.39 |
| 49740 | XS0178969209 | Lehman Brothers Treasury Co. | Lehman Brothers Holdings Inc. | | | EUR43,000.00 | $61,368.63 |

| CLAIM # | ISIN/CUSIP | Issuer | Guarantor | Blocking Number | Maturity | Notional Amount | Allowed Amount of Claim Transferred to Assignee (USD) |
|---|---|---|---|---|---|---|---|
| | | B.V. | | | | | |
| 58568.02 | DE000A0MJHE1 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | | EUR300.00 | $313,170.00 |
| 58559.02 | XS0314918276 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | | EUR500.00 | $761,670.00 |
| 58786 | XS0284611869 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | 6040023 | | EUR51,000.00 | $70,864.93 |
| 50652 | XS0244093927 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | | | EUR127,000.00 | $180,928.53 |
| 50665 | XS0296280927 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | | | EUR1,016,000.00 | $1,411,740.52 |
| 40797 | XS0368996111 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | 6015892 | | JPY 25,411,000.00 | $116,764.13 |