Mark I. Bane (MB 4883)
Anne H. Pak (AP 3641)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Attorneys for The Baupost Group, L.L.C., as manager*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | Case No. 08-13555 (JMP) |
| Debtors. | : | Jointly Administered |

**JOINDER OF THE BAUPOST GROUP, L.L.C. TO MOTION OF CARVAL INVESTORS, LLC FOR LEAVE TO EXAMINE LBHI PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

The Baupost Group, L.L.C., as manager on behalf of certain funds ("Baupost") hereby joins (the "Joinder") in the Motion of CarVal Investors, LLC ("Movant") for Leave to Examine LBHI Pursuant to Federal Rule of Bankruptcy Procedure 2004 [Docket No. 40469] (the "2004 Motion"). In support of this Joinder, Baupost respectfully states as follows:

**BACKGROUND**

1.  On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code. LBHI's chapter 11 case is being jointly administered with the cases of certain of its

subsidiaries pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). On January 14, 2009, LBHI's U.K. subsidiary, LB Holdings Intermediate 2 Limited (in administration) ("LBHI2") and certain other affiliates of LBHI were placed into administration under the laws of England and Wales. LBHI2 is currently being operated by joint administrators appointed to manage its affairs (the "Joint Administrators"). LBHI is the ultimate shareholder and indirect significant majority creditor of LBHI2.

2. On December 6, 2011, the Court approved and entered an order confirming the *Modified Third Amended Joint Chapter 11 Plan of LBHI and its Affiliated Debtors* [Docket No. 22973] (the "Plan"). The Plan became effective on March 6, 2012.

3. LBHI2 has various claims and interests against the estate of Lehman Brothers International (Europe) (in administration) ("LBIE") including equity interests and a £1.25 billion (approximately $2 billion) subordinated claim (the "Claims").

4. On September 27, 2013, Baupost, as a significant creditor of LBHI, sent a letter to the Board of Directors of LBHI (the "LBHI Board") expressing Baupost's deep concerns regarding the then-rumored sale process for the Claims, and the reports that such sale was being conducted without the transparency and competitive process appropriate to the sale of an asset of such significance. Baupost demanded that any sale process be robust and transparent, and anything less than a broad solicitation of interest in the Claims followed by a truly competitive auction process would be unacceptable and inappropriate (the "Baupost Letter").[1]

---

[1] A copy of the Baupost Letter is attached hereto as Exhibit A.

5. On September 30, 2013, the LBHI Board sent a reply letter to Baupost (the "LBHI Board Letter") declining to respond to what the LBHI Board characterized as mere rumors and speculation.[2]

6. On October 2, 2013, just two days later, an agreement was announced among LBHI2 and LBHI, Elliott Management Corporation ("Elliot") and King Street Capital Management, L.P. ("King Street," and, together with Elliot, the "Proposed Purchasers"), which provides for the transfer to the Proposed Purchasers of certain of the Claims (such transaction, the "Proposed Transaction").

7. On October 15, 2013, the Movant filed the 2004 Motion, by which the Movant seeks (i) the production of specified documents by LBHI and members of the LBHI Board in response to a document request attached to the 2004 Motion, relating to the Proposed Transaction, (ii) the production by LBHI of the representative, or representatives, for examination who are most knowledgeable about the subject matters set forth in the 2004 Motion; (iii) the deposition of certain members of the LBHI Board and Daniel J. Ehrmann of Alvarez & Marsal; and (iv) the issuance of one or more subpoenas compelling such document production and attendance at such deposition in the manner provided in Rule 9016 of the Bankruptcy Rules (such relief, collectively, the "Requested Discovery").

## JOINDER

8. Baupost hereby joins in the Movant's request for the Requested Discovery. In the event this Court grants the relief requested in the 2004 Motion, Baupost would request that the order grant Baupost access to all documents produced in response to the discovery propounded by Movant, and authority to attend and participate

---

[2] A copy of the LBHI Board Letter is attached hereto as Exhibit B.

-3-

in any oral examinations conducted (subject in each case to execution of an appropriate confidentiality agreement, if necessary). Baupost will neither serve its own discovery nor notice any oral examinations, and is seeking only to participate in a process dictated by Movant without duplication.

## FACTUAL BACKGROUND SPECIFIC TO BAUPOST

9. The Joinder incorporates the "Procedural Background" and "Factual Background" set forth in the 2004 Motion as if expressly set forth herein.

10. Baupost is similar to the Movant in two relevant ways. First, Baupost also manages funds that are substantial creditors of LBHI. Accordingly, any value realized from the sale or other disposition of the Claims will also constitute a material portion of the distributions that Baupost will receive on account of its claims against LBHI. Second, Baupost, in its letter to the LBHI Board, expressed concerns that LBHI was contemplating the sale of the Claims with an insufficient marketing process and with possibly significant under-valuations of the Claims. For example, LBHI never contacted Baupost to determine Baupost's potential interest in bidding on the Claims, notwithstanding LBHI's familiarity with Baupost's significant claims against LBHI, as well as Baupost's extensive active participation in the distressed debt market, including with respect to claims against various affiliates of LBHI. Moreover, LBHI failed to explore with Baupost or other market participants their possible interest in acquiring the Claims, or any related dimensions of the Proposed Transaction, notwithstanding the LBHI Board being alerted by the Baupost Letter to concerns about a sale of the Claims in a closed, non-competitive process.

# ARGUMENT

11.     Baupost concurs in the arguments set forth in the 2004 Motion and adopts and incorporates each of them in full as if expressly set forth herein.

12.     Furthermore, the Proposed Transaction's secrecy and limited publicly-announced terms raise numerous red flags that make it critical for Baupost, and other LBHI creditors, to obtain the Requested Discovery necessary to determine whether the Proposed Transaction is in the best interests of LBHI creditors.  For example, the skeletal information provided regarding the Proposed Transaction raises the possibility that the Proposed Transaction constitutes a constructive fraudulent conveyance.  The value to be realized by LBHI, an insolvent entity, appears to be dramatically less than the value that will be lost.  Moreover, the respective roles of LBHI and LBHI2 are not disclosed, and it is thus impossible to ascertain which entity controlled the process, which entity performed the financial analysis of the transaction, and whether the various dimensions of the Proposed Transaction should properly be collapsed for constructive fraudulent conveyance purposes.  The related questions and the secrecy that continues to envelope this transaction raise particular cause for concern.

13.     The extraordinary confidentiality apparently imposed upon LBHI under the terms of the Proposed Transaction is a red flag in and of itself.  Not only were LBHI and the LBHI Board prohibited from encouraging the marketing of the Claims before the Agreement was signed, they remain prohibited from discussing details of the Proposed Transaction even now that the transaction has been publicly announced.  This excessive confidentiality imposes restraints on the directors' fiduciary duty to entertain competing value-maximizing proposals and realize the highest recovery for LBHI's creditors.

14. Those few details about the Proposed Transaction that actually have been disclosed only raise additional warning signs. The Proposed Purchasers are not disinterested third-party buyers; upon information and belief, they are substantial creditors holding various forms of claims against LBHI and numerous LBHI affiliates. The limited announced terms of the Proposed Transaction make clear that the exchange was complex, and numerous key terms remain unknown. Consequently, it is impossible for creditors of LBHI to have any sense of what value the bankruptcy estate is transferring to the purchasers, what value is being received, and the extent to which additional value could be realized.

15. Finally, it appears that LBHI never asked for bids on the Claims from some of the most likely other interested parties. On prior occasions, when selling inter-estate claims, LBHI solicited interest from a broad range of market participants and conducted open and transparent auctions. These processes fully tested the market and thus ensured that they realized the most value for LBHI creditors available at that time. By contrast, it appears that LBHI chose not to ensure that an open market process could be conducted for the sale of the Claims, thereby forfeiting any assurance that a sale of the Claims would ensure maximum realization of value for creditors.

WHEREFORE, for the reasons stated herein, Baupost respectfully joins in the 2004 Motion and respectfully requests that the Court grant the relief sought in the

2004 Motion with the additional provisions for participation by Baupost as described herein and grant such other and further relief as is just and proper.

Dated: New York, New York  
      October 16, 2013

Respectfully submitted,

ROPES & GRAY LLP

By:   /s/ *Mark I. Bane*  
     Mark I. Bane (MB 4883)  
     Anne H. Pak (AP 3641)  
     1211 Avenue of the Americas  
     New York, NY 10036-8704  
     Telephone: (212) 596-9000  
     Facsimile: (212) 596-9090

*Attorneys for The Baupost Group, L.L.C., as manager*

**<u>Exhibit A</u>**
Baupost Letter

9/27/13

To: Sean Mahoney, Chairman of the Board, Lehman Brothers

My purpose in writing to you is to address Baupost's concern regarding the rumored sale of the subordinated note against LBIE.  While it is, of course, impossible for us to have any insight as to your intentions and thereby the accuracy of this rumor, we feel that it is critical for us to state our strongly held view that any sale process be robust and transparent.

As we said to you at the time, we believe that your sale of LBHI's claim against LBI met the highest standard of how to manage such a process.  By engaging in a broad solicitation of interest followed by a truly competitive auction process you received the highest and best price for the estate's LBI claim.

A sale process for the LBIE subordinated note which fell short of this high standard would be unacceptable – and, frankly, indefensible –  in the context of the Board's fiduciary obligation to maximize value for all of LBHI's assets.


Regards,

Mike DeMichele
The Baupost Group


Cc:

Fred Arnold
Robert Gifford
Tom Knott
David Paulker
Ron Tanemura
Owen Thomas

## **Exhibit B**

LBHI Board Letter

September 30, 2013

To:  Mike DeMichele, The Baupost Group

From:  Sean Mahoney, Lehman Brothers Holdings Inc.

RE:  Response to Your Letter of 9/27/13

Mike,

Thanks for your letter – I am writing here to reply on behalf of the LBHI board.

As you would likely expect, the LBHI board does not respond to or comment on rumors or speculation generally relating to the estate, or in regard to any specific purported situation.  However, I can assure you that the LBHI board is fully aware of both its mission and its responsibilities and, as has also been demonstrated in the past, will continue to be guided by both in the future.

With best regards,


Sean Mahoney

Chairman

Lehman Brothers Holdings, Inc.


Cc:  F. Arnold, R. Gifford, T.Knott, D. Pauker, R. Tanemura, O. Thomas