Gerard Uzzi
Eric K. Stodola
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 822-5670

Attorneys for the Ad Hoc Group
of Lehman Brothers Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
| | |
|---|---|
| In re : | Chapter 11 |
| : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, : | Case No. 08-13555 (JMP) |
| : | |
| Debtors. : | (Jointly Administered) |

---------------------------------------------------------------------x

**STATEMENT OF THE AD HOC GROUP OF LEHMAN BROTHERS CREDITORS
IN RESPONSE TO THE MOTION OF CARVAL INVESTORS, LLC
FOR LEAVE TO EXAMINE LBHI PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

The Ad Hoc Group of Lehman Brothers Creditors (the "Group"), by and through its undersigned counsel, hereby files this statement in response (the "Statement") to the Motion of CarVal Investors, LLC for Leave to Examine LBHI Pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "Motion") [Docket No. 40469], filed in the above-referenced proceeding of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (with LBHI, the "Debtors") by CarVal Investors LLC (the "Movant"). The Group respectfully submits as follows:

**STATEMENT**

1.  The Group, which is comprised of major LBHI creditors, has been actively involved in these cases since nearly their inception and, in that context, has been keenly focused on maximizing the value of the LBHI estate. The Group has great respect for the estate and its

professionals, who have worked hard to liquidate the LBHI estate's assets for the benefit of its creditors. After careful consideration, however, and in light of the unique facts and circumstances presented, the Group has determined to file this Statement in response to the Motion to support a process to evaluate whether the LBHI estate and its creditors will receive the highest and best value achievable from the Proposed Transaction.[1]

2.      The Proposed Transaction and the limited facts available regarding it raise concerns that should be addressed by the Court. The sale process appears to have been a "closed" process where competing bids were not, and absent this Court's intervention, will not be considered. This is in stark contrast to the processes typically employed by liquidating estates seeking to maximize value. As just one example, it is contrary to the process recently utilized by LBHI to sell its claims against Lehman Brothers Inc. As well, upon information and belief the terms of the Commitment Letter preclude LBHI from considering any other offer. The lack of transparency and inability of LBHI to seek to maximize the value of the Claims is, not surprisingly, of great concern to the Group.

3.      Because of this concern, certain members of the Group attempted to discuss the Proposed Transaction with representatives of LBHI, but were ultimately unable to obtain information on a consensual basis sufficient to evaluate the Proposed Transaction or alleviate such concern.

4.      Absent additional information, these concerns remain and no party can discern whether this is a value-maximizing transaction for the LBHI estate. The Group understands that, absent direction from the Court, the Debtors may be unwilling or unable to provide additional information with respect to the Proposed Transaction due to the terms of the Commitment Letter.

---

[1] Capitalized terms used but not defined herein shal have the meanings ascribed to them in the Motion.

The Group also understands that the Debtors are operating under the terms of an effective chapter 11 plan.  Notwithstanding these two points, the Group believes that certain transactions are so material to creditor recoveries that they should not be permitted to go forward in such an opaque fashion.  Here, because of the value of the assets at issue, there should be additional transparency.  The Group supports the Motion or such other relief that may be granted that would result in greater transparency.  Only with such transparency can parties in interest determine whether the Proposed Transaction is consistent with the terms of the Plan.

Dated: October 16, 2013
      New York, New York

Respectfully submitted,

MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Gerard Uzzi
Eric K. Stodola

By: /s/    Gerard Uzzi
      Gerard Uzzi

Attorneys for the Ad Hoc Group
of Lehman Brothers Creditors