UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
                                    :

In re                                 :     Chapter 11 Case No.
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :     08-13555 (JMP)
                                    :
               Debtors.         :     (Jointly Administered)
                                    :
---------------------------------------------------------------------x

## FOURTH AMENDED ORDER ESTABLISHING DISCOVERY PROCEDURES IN CONNECTION WITH OMNIBUS OBJECTIONS TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11

cases filed, in total, fourteen Omnibus Objections seeking to reclassify as equity interests

approximately 3,682 claims based on restricted stock units ("RSUs") and/or contingent stock

awards ("CSAs") issued between 2003 and 2008 (the "Omnibus Objections").[1]  Thirteen of the

Omnibus Objections were filed between December 7, 2010 and June 15, 2012, and the last

---

[1] Those objections are:  Debtors' Seventy-Third Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 13295]; Debtors' One Hundred Eighteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 15666]; Debtors' One Hundred Thirtieth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16115]; Debtors' One Hundred Thirty-First Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16116]; Debtors' One Hundred Thirty-Third Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16530]; Debtors' One Hundred Thirty-Fourth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16532]; Debtors' One Hundred Thirty-Fifth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16808]; Debtors' One Hundred Seventy-Sixth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 19392]; Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims) [ECF No. 19714]; Debtors' Two Hundred Seventh Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 20012]; Three Hundred Thirteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 28433]; Three Hundred Fourteenth Omnibus Objection to Claims (Late-Filed Claims) [ECF No. 28435]; Three Hundred Nineteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 28777]; and the Three Hundred Forty Seventh Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 30357].

Omnibus Objection was filed on August 24, 2012 (the "August 2012 Omnibus Objection").  In a series of orders entered between January 20, 2011 and August 24, 2012, the Court granted the requested relief as against claimants who did not oppose the first thirteen Omnibus Objections, and reclassified as equity approximately 3,409 claims, leaving 273 claims pending on Omnibus Objections (the outstanding RSU and CSA claims are referred to collectively as the "RSU Claims"[2], and the claimants asserting the RSU Claims are referred to as the "RSU Claimants").  The August 2012 Omnibus Objection was heard by the Court on September 27, 2012 and involved twenty-one additional claims (claimants who filed responses to the August 2012 Omnibus Objection are referred to as the "August 2012 RSU Claimants."  The August 2012 RSU Claimants shall be included in the definition of "RSU Claimants" and their claims shall be included in the definition of "RSU Claims").  In the Court's Order dated September 28, 2012 [ECF No. 31136], the Court granted the requested relief as to nineteen of the twenty-one claimants who did not oppose the August 2012 Omnibus Objections, leaving two claims pending on the August 2012 Omnibus Objection.  Numerous RSU Claimants have sought discovery in connection with the RSU Claims.

The Court has previously indicated that "reliable and authentic evidence" to develop the factual record would be helpful in resolving LBHI's objections to the RSU Claims. Hrg. Tr., Dec. 21, 2011, at 103-04, 106, 128 [ECF No. 23741].  Thus, the Court hereby finds that it would be in the best interests of LBHI and the RSU Claimants that discovery in connection with RSU Claims, and LBHI's objections thereto, be conducted in an efficient, expeditious and orderly manner.  LBHI has shared these discovery procedures with counsel for several of the RSU Claimants seeking discovery.  This Order addresses the comments and concerns discussed

---

[2] These RSU Claims are identified in Schedule 1, attached hereto.

during those meetings while maintaining an orderly and efficient discovery process.  Counsel for

the RSU Claimants with which LBHI has conferred generally agree that the procedures outlined

in this Order are appropriate to develop the evidentiary record.  Accordingly, it is hereby

ORDERED:

1.      **Scope of Order**.  Except as otherwise ordered by the Court, this Order shall control any

and all discovery by LBHI and the RSU Claimants in connection with the RSU Claims ("RSU

Claims Discovery"), but shall not affect the rights of LBHI or the RSU Claimants to seek

discovery in connection with any other contested matters or adversary proceedings.

2.      **No Admissions**.  No statements made in this Order shall be construed as a finding of fact

by the Court nor as an admission of any claim or allegation by any of the parties.

3.      **Participation in RSU Claims Discovery.**

(a)      Only LBHI and the RSU Claimants shall participate in RSU Claims Discovery.

LBHI shall give each RSU Claimant prompt and adequate notice of this Order at the last known

mailing address and address for electronic mail of such claimant.

(b)      Any RSU Claimant who intends to participate in RSU Claims Discovery

("Proposed Participant"), or any attorney acting on behalf of such Proposed Participant, shall

serve on LBHI's attorneys a completed "Notice of Intent," the form of which is attached hereto

as Exhibit A.  Each Notice of Intent must contain: (i) the name, address, telephone number, and

email address of the Proposed Participant and the name of the law firm(s) and individual

attorney(s) representing the Proposed Participant along with the attorney's office address,

telephone number, and email address; (ii) a list of the proof(s) of claim by claim number, filed by

3

the Proposed Participant; and (iii) the employee number by which LBHI identified the Proposed

Participant (if it can be located by the Proposed Participant after a reasonable search), as shown

on Exhibit A.  The Notice of Intent must be served on LBHI's attorneys no later than 14 days

after entry of this Order (the "Notice of Intent Deadline"), except that in the case of the August

2012 RSU Claimants, the deadline for serving the Notice of Intent shall be October 4, 2012 (the

"August 2012 RSU Claimants' Notice of Intent Deadline").  In the absence of an Order of the

Court sustaining an objection to a Notice of Intent (as described in Paragraph 3(d) of this Order),

a Proposed Participant timely serving a Notice of Intent shall be deemed a "Participant."  For

purposes of participation in RSU Claims Discovery, "Participant" shall include the attorneys and

advisors for any Participant identified on the Notice of Intent served by the Participant, and

"LBHI" shall include the attorneys and any advisors and any other professionals for LBHI and

its affiliates.  RSU Claimants who do not serve a Notice of Intent by the Notice of Intent

Deadline, except by agreement of the parties or Order of the Court, will not be permitted to

participate in RSU Claims Discovery or take any discovery from LBHI in connection with the

RSU Claims.

(c)    All RSU Claimants shall be entitled to serve a Notice of Intent on or prior to the

Notice of Intent Deadline and shall be permitted to participate in RSU Claims Discovery as of

the date of serving such Notice of Intent.

(d)    LBHI shall have the right to object to Notices of Intent on any and all appropriate

grounds, including, but not limited to those that are, *inter alia,* harassing, or served by persons

that are not RSU Claimants.  Any RSU Claimant or other party who serves a Notice of Intent to

which LBHI successfully objects pursuant to an Order of the Court shall not be permitted to

participate in RSU Claims Discovery or take any discovery from LBHI in connection with the RSU Claims.

(e)    Within seven (7) days of the Notice of Intent Deadline, LBHI shall serve on all Participants a list of such RSU Claimants and their attorneys, which will be the official service list for RSU Claims Discovery (the "Original Official Service List").  Within five (5) days of the August 2012 RSU Claimants' Notice of Intent Deadline, LBHI shall serve an amended official service list on all Participants.  LBHI shall amend the Official Service List, as necessary, from time to time, and shall serve the amended service lists on every party on the Official Service List. Service in connection with RSU Claims Discovery shall be by electronic mail.

(f)    All RSU Claims Discovery shall be subject to and conducted in accordance with the terms of the Protective Order, attached hereto as Exhibit B and approved by the Court in its entirety.  In order to participate in RSU Claims Discovery, each Participant and a representative of each Participant's attorneys and advisors must read and sign the Agreement to abide by the Protective Order, attached hereto as Exhibit C, and serve a copy upon LBHI's attorneys.  Such representative must provide the Protective Order to any person that it employs or engages who is given access to RSU Claims Discovery.  Any Participant (or the attorneys and advisors for any RSU Claimant who are involved in these Chapter 11 cases) who does not sign the Agreement to Abide by the Protective Order shall not be permitted to participate in RSU Claims Discovery.

4.    **LBHI's Initial Disclosures.**  No later than 45 days after the Notice of Intent Deadline (unless an extension is reached by agreement of the parties or ordered by the Court), LBHI shall make the initial disclosures set forth below to each Participant, except in the case of the August 2012 RSU Claimants, LBHI shall make the initial disclosures set forth below no later than 21

days after the August 2012 RSU Claimants' Notice of Intent Deadline.  With regard to the

Participants who serve a Notice of Intent before the Notice of Intent Deadline, LBHI shall

endeavor to produce the below documents and information prior to the above deadline.

(a)    Documents in LBHI's possession, custody or control setting forth the terms and

conditions applicable to restricted stock units and/or contingent stock awards issued between

2003 and 2008 that can be located after a reasonable search, including, but not limited to, all

operative agreements, amendments, program documents, and policies;

(b)    A confidential report to each individual Participant identifying the plan(s) and/or

programs(s) in which LBHI's business records reflect that he/she had an unvested or unexercised

restricted stock unit or contingent stock award that were issued between 2003 through 2008,

together with information as reflected in statements made available to each Participant during the

years 2003 – 2008, as well as values attributable to his/her restricted stock units and/or

contingent stock awards during that period.

(c)    With respect to Participants who were commissioned sales persons, a confidential

report showing the amounts of commissions during the fiscal year 2008 to be allocated to RSUs

that LBHI anticipated would be awarded in 2008;

(d)    To each Participant who was a former principal of Neuberger Berman Inc.

("Neuberger Berman") and who became a Lehman employee as a result of the merger between

LBHI and Neuberger Berman, (i) any non-solicitation or non-compete agreements signed by the

Participant that can be located after a reasonable search; and (ii) any agreement concerning the

retention bonuses paid to the Participant that can be located after a reasonable search;

6

(e)      All minutes of Compensation Committee meetings for the years 2003 through 2008 related to the RSU Claims that can be located after a reasonable search;

(f)      All employee handbooks from 2003-2008 that can be located after a reasonable search; and

(g)      LBHI's audited annual and quarterly financial statements for the years 2003 through 2008.

5.      **Requested Document Discovery from LBHI.**.

(a)      No later than 52 days from LBHI's service of the Original Official Service List, the Participants shall serve consolidated Document Requests relating to the RSU Claims pursuant to Rule 34 of the Federal Rules of Civil Procedures (the "Federal Civil Rules"), as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as part of one of the following groups (each of the foregoing enumerated groups, a "Group" and together, the "Groups"):  (i) Participants who were salaried employees of Lehman and did not become Lehman employees as a result of the merger of LBHI and Neuberger Berman and whose claims are not based on contingent stock awards;  (ii) Participants who were salaried employees of Lehman and did not become Lehman employees as a result of the merger of LBHI and Neuberger Berman and whose claims are based on contingent stock awards; (iii) Participants who were commissioned employees of Lehman (including Participants who have claims relating to commissions earned in fiscal year 2008) and did not become Lehman employees as a result of the merger of LBHI and Neuberger Berman and whose claim is not based on contingent stock awards; (iv) Participants who were commissioned employees of Lehman (including Participants who have claims relating to commissions earned in fiscal year

2008) and did not become Lehman employees as a result of the merger of LBHI and Neuberger Berman and whose claim is based on contingent stock awards; and (v) Participants who became Lehman employees as a result of the merger of LBHI and Neuberger Berman.[3]  Each of the foregoing groups may serve one consolidated Document Request (each, the "Consolidated Request" or collectively, the "Consolidated Requests").  The Participants in each of the foregoing groups shall confer with the members of their respective groups and develop their Group's Consolidated Requests in order to avoid the service of multiple, duplicative document requests and the attendant costs and other burdens imposed on LBHI to respond to such requests.  If the Participants determine that it will be more efficient to serve one set of consolidated Document Requests for all of the Groups or combine the requests of two or more Groups, they may do so, but they must indicate in the Consolidated Requests which requests are made by all of the Participants and which requests are made only by any of the foregoing groups.  No Participant shall waive, or be deemed to have been prejudiced in any way, with respect to, any of his/her rights and legal positions by joining the Consolidated Requests or the designation of the Groups as prescribed in this paragraph.

(b)      No later than 21 days after receiving the Consolidated Requests, LBHI's attorneys shall, if LBHI deems necessary, confer with the Participants and/or Groups concerning the Document Requests.

---

[3] No provision herein shall be construed to preclude any Participant from joining or forming other groups under Bankruptcy Rule 2019 or for any other purpose outside the scope of this Order.   The cooperation of Participants in the manner contemplated by this Order shall not be deemed to constitute the formation or participation in a group within the scope and requirements of Bankruptcy Rule 2019.

(c)     Other than in response to reasonably limited, targeted search requests agreed to by LBHI or ordered by this Court, LBHI shall not be required to search for, produce, or identify on any log, documents from the following categories of privileged documents:

(i)     Hard copy and electronic files of in-house counsel and outside counsel;

(ii)    Documents and communications solely between in-house counsel and outside counsel;

(iii)   Internal documents and communications solely within an outside counsel law firm;

(iv)    Documents and communications solely between or among outside counsel law firms for a single client;

(v)     Documents and communications solely between or among client and inside or outside counsel; and

(vi)    To the extent a request seeks documents prepared or dated after September 15, 2008, internal documents and communications solely with an advisor, except in the case of an advisor designated as a testifying expert.

Nothing in this Paragraph shall modify or expand a Participant's rights or obligations under Rule 26(b)(4)(B) of the Federal Civil Rules.

(d)     Unless the time is extended by agreement or order of this Court, LBHI shall serve written objections and responses to the Consolidated Requests on the Participants no later than 30 days after receiving the Consolidated Requests. Thereafter, LBHI shall begin a rolling production of any non-privileged documents that are not subject to an objection made by LBHI and that are responsive to the Consolidated Requests that can be located after a reasonable search. To the extent that any of the requested documents contains confidential or personal

9

information concerning a particular Participant, LBHI shall produce such documents to the

Participant and/or his attorneys only.  LBHI shall begin searching for and producing documents

as expeditiously as is reasonably practical.  LBHI shall produce bate-stamped and/or otherwise

uniquely identified documents on a rolling basis and inform Participants from time to time

regarding the production and availability of documents.  LBHI shall complete its production of

documents no later than 140 days after receiving the Consolidated Requests.

6.    **Data Repository.**

(a)    LBHI shall, to the extent reasonably practical, upload non-privileged responsive

documents to one or more online data repositories (collectively, the "Data Repository") on a

rolling basis.  The Data Repository review tool shall provide basic functions and features such as

searching, printing, and downloading.  All documents responsive to any of the Consolidated

Requests will be accessible by all Participants, except for those documents containing

confidential or personal information about a Participant.  Documents containing confidential or

personal information about a Participant will be produced only to that Participant (whether

electronically or otherwise).

(b)    After signing and providing to LBHI's attorneys, the Agreement to Abide by the

Protective Order, the Participants will be granted access to the Data Repository.  Each Participant

shall, upon request, be given up to three (3) separate login credentials for the Data Repository for

the Participant and the attorneys and/or advisors identified in the Notice of Intent served by each

Participant.

(c)    LBHI shall have the right to produce documents by other means, including but not

limited to, hard copy documents or supervised review of hard copy documents.  LBHI will notify

the Participants if any documents will be made available by such other means, and will provide

reasonable advance notice of the terms and conditions under which such documents will be made

available.  Any Participant may request that any documents or data, including, but not limited to,

Microsoft Excel files, that are otherwise responsive to discovery requests be produced in another

format.  Any dispute concerning the production of such documents that is not resolved by a meet

and confer process may be brought to the Court's attention in accordance with this Order.

7.      **Requested Document Discovery from the RSU Claimants.**

(a)      No later than 62 days from LBHI's service of the Original Official Service List,

LBHI may serve Document Requests relating to the RSU Claims pursuant to Rule 34 of the

Federal Civil Rules, as incorporated by Rules 7034 and 9014 of the Bankruptcy Rules, on the

Participants.

(b)      No later than 21 days after receiving LBHI's Document Requests, the Participants

or any of the Groups shall, if they deem necessary, confer with LBHI concerning the Document

Requests.

(c)      The Participants shall not be required to search for, produce, or identify on any

log, documents from the following categories of privileged documents:

(i)      Hard copy and electronic files of the Participants' attorneys;

(ii)      Internal documents and communications solely within the law firm(s)

representing the Participants;

(iii)      Documents and communications solely between or among law firms

representing the Participants and Participants appearing *pro se;* and

11

(iv)    Documents and communications solely between or among the Participants and their counsel.

Nothing in this Paragraph shall modify or expand a LBHI's rights or obligations under Rule 26(b)(4)(B) of the Federal Civil Rules.

(d)    Unless the time is extended by agreement or order of this Court, the Participants shall serve written objections and responses to LBHI's Document Requests no later than 30 days after receiving LBHI's Document Requests.  The Groups shall confer to develop consolidated responses to LBHI's Document Requests (the "Consolidated Responses").  The Consolidated Responses must specify any objections or responses made by less than all of the Participants, and the Participants making those objections or responses.  Thereafter, the Participants shall begin a rolling production of any non-privileged documents that are not subject to an objection made by the Participants and that are responsive to the LBHI's Document Requests that can be located after a reasonable search.  The documents may be produced in electronic form in accordance with the specifications set forth in Exhibit D, or in hard copy.  If reasonably practical, LBHI may upload the documents produced by Participants to the Data Repository.  The Participants shall begin searching for and producing documents as expeditiously as is reasonably practical.  The Participants shall produce bate-stamped and/or otherwise uniquely identified documents on a rolling basis and inform LBHI from time to time regarding the production and availability of documents.  The Participants shall complete their production of documents no later than 140 days after receiving LBHI's Document Requests.

8.    **Privilege Log.**

(a)    Except for the categories of documents identified in Section 4(g) above, if LBHI withholds any documents on the grounds of privilege, work product, or any other type of

protection or immunity from disclosure, LBHI shall provide the Participants with a privilege log consistent with Rule 26(b)(5) of the Federal Civil Rules, as incorporated by Bankruptcy Rules 7026 and 9014.

(b)    Except for the categories of documents identified in Section 6(c) above, if a Participant withholds any documents on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, he/she shall provide LBHI with a privilege log consistent with Rule 26(b)(5) of the Federal Civil Rules, as incorporated by Bankruptcy Rules 7026 and 9014.

9.    **Interrogatories and/or Request for Admissions Served on LBHI.**

(a)    No later than 62 days from LBHI's service of the Original Official Service List, the Participants may collectively serve upon LBHI's attorneys no more than 60 (except by the parties' agreement or order of the Court) written Interrogatories (including all subparts) and such Requests for Admission as may be reasonably necessary to establish document admissibility, relating to the RSU Claims, pursuant to Rules 33(a)(1) and Rule 36 of the Federal Civil Rules, as incorporated by Bankruptcy Rules 7033, 7036, and 9014.  The Interrogatories shall be limited to identification and authentication and shall not include contention interrogatories.  The Participants shall confer among themselves to determine the content and scope of the Interrogatories and/or Request for Admissions.

(b)    Unless the time is extended by agreement or order of this Court, LBHI shall serve written objections and responses to the above Interrogatories and/or Request for Admissions on the Participants no later than 30 days after they have been served on LBHI's attorneys.

10.    **Interrogatories and/or Request for Admissions Served on the RSU Claimants**.

(a)    No later than 62 days from LBHI's service of the Original Official Service List,

LBHI shall serve on the Participants no more than 60 (except by the parties' agreement or order

of the Court) written Interrogatories (including all subparts) and such Requests for Admission as

may be reasonably necessary to establish document admissibility, relating to the RSU Claims,

pursuant to Rules 33(a)(1) and Rule 36 of the Federal Civil Rules, as incorporated by Bankruptcy

Rules 7033, 7036, and 9014.  The Interrogatories shall be limited to identification and

authentication and shall not include contention interrogatories.

(b)    Unless the time is extended by agreement or order of this Court, the Participants

shall serve written objections and responses to the above Interrogatories and/or Request for

Admissions on LBHI 30 days after they have been served on the Participants.  The Participants

shall confer to develop their group's consolidated responses to LBHI's Interrogatories and/or

Request for Admissions.

11.    **Rule 30(b)(6) Deposition of LBHI**.

(a)    No later than 14 days after document production is complete, the Participants may

collectively serve one (1) Notice for Deposition upon the Debtors pursuant to Rule 30(b)(6) of

the Federal Civil Rules, as incorporated by Bankruptcy Rules 7030 and 9014, seeking deposition

testimony regarding the RSU Claims (the "Joint Notice").  The Participants shall confer

regarding topics for the Rule 30(b)(6) deposition prior to serving the Joint Notice.

(b)    Within 30 days of receiving the Joint Notice (unless extended by agreement of the

parties or further order of the Court), LBHI shall serve any responses and objections to the Joint

Notice, together with a list of designated witnesses for each of the noticed Rule 30(b)(6) topics to

which LBHI does not object, and the dates and locations when such witnesses will be made

available to be deposed.  Participants and LBHI will confer to resolve any disputes regarding

topics in the Joint Notice.  The deposition of LBHI must be completed no later than October 25,

2013.

12.    **Depositions of the RSU Claimants.**  No later than 14 days after receipt of the Joint

Notice, LBHI may serve deposition notices on any of the Participants, seeking deposition

testimony regarding the RSU Claims, to be scheduled no later than 45 days after LBHI serves the

deposition notices.  Considering the international nature of LBHI's business and the small size of

many of the RSU Claims, the Court anticipates that many Participants who are not residents of or

employed in the City of New York may request that the deposition take place by telephone or

other remote means. See Fed.R.Civ.P. 30(b)(4) & 31.  The Court also anticipates that the parties

will stipulate to mutually agreeable arrangements pursuant to Fed.R.Civ.P. 29.  This Order

creates no presumption either against such stipulations or in favor of depositions taking place in

New York.

13.    **Discovery Disputes.**  Any dispute with regard to RSU Claims Discovery that cannot be

resolved in good faith consultation with LBHI may be presented to the Court by a letter from the

party seeking relief, and all participating parties copied.  If any Participant has a dispute or

objection regarding these discovery procedures that does not concern any other Participant that

cannot be resolved in good faith consultation with LBHI, that Participant may present the issue

to the Court by letter and copy LBHI only and not copy any other of the Participants.   Any

response to the above letters shall be made by letter to the Court delivered within five (5)

business days after service of the initial letter submission on the applicable parties.  Except with

15

prior leave of Court, no letter shall exceed three (3) pages in length, and no additional

submissions will be permitted.  LBHI will communicate with the Court about scheduling status

conferences/hearings during which discovery disputes will be heard.

14.    **Status Updates and Completion of Discovery.**  LBHI shall communicate with the Court

periodically to provide it with updates on the status of discovery.  Within 10 days after the

completion of discovery, the parties shall attempt to jointly recommend to the Court proposed

procedures for the evidentiary hearing(s) on the RSU Claims, including Stipulations of Fact and

procedures for the exchange of Declarations of LBHI or any RSU Claimant.  To the extent that

agreement cannot be reached, any party can submit its own proposed procedures.

15.    **Non-Waiver of Privilege.**  The inadvertent production by LBHI or any Participant of any

privileged document or information or any other document or information otherwise precluded

or protected from disclosure, in response to any discovery requests shall not be deemed a waiver

of any applicable privilege or immunity with respect to such document or information (or the

contents or subject matter thereof) or with respect to any other document or discovery.  Any such

produced privileged or protected document must immediately be destroyed or returned (whether

or not the receiving party disputes the claim or privilege) to the producing party on request or

upon discovery of such inadvertent production by the receiving party, and the receiving party

shall certify that all copies of such produced privileged or protected document has been

destroyed or returned.

16.    **Use of Materials Produced.**  LBHI and Participants shall have the right to object to any

request for documents on the grounds that such request appears to be calculated for use in

proceedings other than those related to the RSU Claims.  In addition, absent further Order of the

16

Court, no discovery or information obtained pursuant to this Order may be introduced in evidence or otherwise disclosed in any other matter or proceeding, other than other contested matters or adversary proceedings between LBHI and an RSU claimant arising out of these Chapter 11 cases, unless properly obtained through discovery or otherwise in such matter or other proceeding.

17.    **No Legal Representation Implied by Participation**.  For the avoidance of doubt, neither any provision of this Order nor the participation or activity by any attorney in any aspect of RSU Claims Discovery (including, without limitation, the activity of an attorney for a Participant in connection with the service of consolidated Document Requests as contemplated by section 4 hereof) shall be deemed or construed to create an attorney-client relationship between any attorney and any Participant, and no attorney participating in RSU Claims Discovery shall have any duty or obligation to any Participant other than the represented Participant indicated on the Notice of Intent served by such attorney.

18.    **Jurisdiction.**  The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: New York, New York
　　　　October 17, 2013



/s/ James M. Peck
_____
Honorable James M. Peck
United States Bankruptcy Judge