# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
-------------------------------------------------------------------x

### NOTICE OF INTENT TO PARTICIPATE IN DISCOVERY IN CONNECTION WITH OMNIBUS OBJECTIONS TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

NOTICE IS HEREBY GIVEN that _____, represented by _____, has filed Claim(s) Number(s) _____ against _____ in the amount of _____ in the above-captioned chapter 11 cases (the "Chapter 11 Cases") and intends to participate in discovery in connection with the Debtors' and LBHI's Omnibus Objection(s) to such claim(s).  The employee identification number for the above-named party while employed by LBHI and/or its affiliates was _____ .

ACCORDINGLY, PLEASE TAKE FURTHER NOTICE that, subject to any objections by LBHI and/or any limitations imposed by the Court, the above-named party and his/her counsel intends to participate in RSU Claims Discovery, as defined in the Order Establishing Discovery Procedures in Connection with Omnibus Objections to Reclassify Proofs of Claim as Equity Interests, entered by the Court on _____ [ECF No. ___].

Dated:  _____          _____


**Contact Information for RSU Claimant (address, phone and email):**
_____
_____
_____
_____


**Contact Information for Attorneys for RSU Claimant (address, phone and email):**
_____
_____
_____
_____

1

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                 :        **Chapter 11 Case No.**
                                                      :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,          :        **08-13555 (JMP)**
                                                      :
                    **Debtors.**                      :        **(Jointly Administered)**
-------------------------------------------------------------------x

## PROTECTIVE ORDER

In conjunction with the Order,[4] it is ORDERED by the Court that RSU Claims

Discovery conducted in accordance with the Order shall be conducted subject to the following

terms and provisions set forth in this Protective Order; that all documents, deposition testimony,

interrogatory answers, and other information produced, given, provided or exchanged in

connection with RSU Claims Discovery (the "Discovery Materials") and/or the Participants

(collectively, "Producing Parties") shall be and are subject to this Protective Order in accordance

with the following procedures, pursuant to sections 105(a) and 107(b) of title 11 of the United

States Code (the "Bankruptcy Code") and Bankruptcy Rule 9018, to protect the confidentiality of

sensitive information; and that, by signing the Agreement to Abide by the Protective Order,

signatories (each a "Signatory") have consented to this Protective Order and agree to be bound

by its terms:

        1.      Any Producing Party or Receiving Party (defined in paragraphs 10-12

below) may, as reasonably appropriate, designate any Discovery Material as "Confidential" in

accordance with the terms below.  A party who designates Discovery Material as "Confidential"

is a "Designating Party."  Where the Receiving Party is also the Designating Party, the

---

[4] All capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the
order entered by the Court (the "Order") to which this Protective Order (the "Protective Order") is
annexed.

confidentiality obligations of the Receiving Party set forth in this Protective Order shall be the

obligations of the Producing Party.

2.       All documents produced that are not designated "Confidential" at the time

of production shall be treated as Confidential under this Protective Order for 14 days following

the production of such documents, after which only the documents designated "Confidential"

shall be treated as such.

**Confidential Information**

3.       As used in this Protective Order, "Confidential Information" refers to all

Discovery Material revealed or produced by a Producing Party (whether in response to a

Document Request, Interrogatory, Request for Admissions, Deposition, other discovery device

or otherwise) that is designated as "Confidential."  This designation will, without more, subject

the designated material or information to the provisions of this Protective Order; and such

Confidential Information will be protected by, and may be used and disposed of only in

accordance with, the provisions of this Protective Order.

4.       Any Producing Party may designate any Discovery Material as

"Confidential" under the terms of this Protective Order if the Producing Party in good faith

reasonably believes that the Discovery Material contains confidential, proprietary or

commercially sensitive non-public information that requires the protections provided in this

Protective Order.  For purposes of this Protective Order, Confidential Information includes, but

is not limited to all non-public materials containing information related, but not limited, to:  (i)

financial or business plans, projections or valuations; (ii) proposed strategic transactions and

other business combinations, negotiations, inquiries or agreements, including, but not limited to,

joint ventures, mergers, material asset sales, purchases, buy-outs, consolidations, transfers of

2

interests and partnerships; (iii) studies or analyses by internal or outside experts or consultants;

(iv) financial or accounting results or data; (v) business, management and marketing plans and

strategies; (vi) acquisition offers and expressions of interest; (vii) contracts or agreements with or

among affiliates, partners or Producing Parties; and (viii) personal information that may cause an

individual, whether affiliated with a Producing Party or a Receiving Party, to be exposed to an

unreasonable risk of identity theft, such as social security numbers, bank account numbers, dates

of birth, drivers' license numbers, or passport numbers.

**<u>Designation of Deposition and Hearing Testimony</u>**

5.      Any Producing Party may designate a document as "Confidential" by

affixing the legend "Confidential" to each page requiring the protections provided in this

Protective Order in addition to an appropriate bates-stamp designation indicating the Producing

Party.

6.      For transcripts of depositions or other testimony given in pretrial

proceedings, any Producing Party may designate the specific testimony as "Confidential" either

on the record at the deposition or other proceeding, or in writing served on all parties no later

than seven (7) days following the date on which attorneys for the Producing Parties have

received the final version of the transcript of the deposition or other proceeding.  If information

designated as Confidential will be disclosed or discussed at a deposition, the Designating Party

shall have the right to exclude any person not entitled to have access to such information, other

than the deponent or witness, the attorney(s) of record (including their staff and associates),

official court reporter, and stenographer and/or videographer.

7.      All documents, including pleadings, motions and other papers, containing,

identifying, or referencing Confidential Information filed with the Court shall be filed under seal,

3

simultaneously with a redacted public copy of such pleadings, motions, and/or other papers,

redacting only the information that is designated "Confidential."  Any Receiving Party intending

to use Confidential Information at any hearing in connection with the RSU Claims agrees to

meet and confer in good faith with the Designating Party about the appropriate steps that may be

taken to protect the confidentiality of such material, including, but not limited to, agreeing to

redact such Confidential Information.  Such meeting shall take place as soon as reasonably

practicable, but no later than the date of the hearing at which the document will be used.

8.      All transcripts not previously designated as "Confidential" shall be treated

as "Confidential" under this Protective Order for the seven (7)-day period following receipt of

the final version of the transcript and exhibits by attorneys for the Producing Parties, after which

time only the portions specifically designated as "Confidential" pursuant to Paragraph 4 of this

Protective Order shall be so treated.

9.      The court reporter shall bind transcript pages containing Confidential

Information separately and shall prominently affix the legend "Confidential" to each appropriate

page, as instructed by the Designating Party.

**<u>Access to Confidential Information</u>**

10.     Receiving Parties shall permit access to Confidential Information only to

persons specified in this Protective Order.  For purposes of this Protective Order, the term

"Receiving Party" shall be a party to whom Discovery Materials are produced, and may be either

an RSU Claimant, LBHI, an affiliate of LBHI, or any person identified below in Paragraphs 11

and 12 of this Protective Order who receives Confidential Information from a Receiving Party as

permitted by this Protective Order.

11.     Confidential Information may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part by a Receiving Party only to the following persons:

    a.    Outside attorneys of record, attorneys or accountants serving as a trustee, curator or other fiduciary of an affiliate of LBHI, attorneys working with LBHI and its affiliates in connection with the RSU Claims, and those in-house attorneys who represent the Receiving Party in matters related to the RSU Claims, as well as attorneys, clerical, paralegal, other staff and agents of those employed by or working with such attorneys or accountants whose functions require access to Confidential Information;

    b.    Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

    c.    Outside experts, consultants, and/or financial advisors for the Receiving Party whose advice and consultation are being or will be used by the Receiving Party in connection with the RSU Claims, as well as stenographic and clerical employees and agents of those experts or consultants whose functions require access to Confidential Information; provided that counsel desiring to disclose Confidential Information to such experts or consultants and their employees or agents shall first obtain a signed Agreement to Abide by the Protective Order from each such expert or consultant and each of his/her personnel who would require access to Confidential Information, and counsel shall retain in his/her file an

original or copy of each such signed Agreement to Abide by the Protective

Order;

d.      The Court and its authorized staff, including official and freelance court

reporters and videotape operators hired by the Receiving Party;

e.      Officers, directors or employees of the Receiving Party and its affiliates

who are assisting the Receiving Party's attorneys with matters related to

the RSU Claims;

f.      To the extent not otherwise covered by this Section, any potential witness

or deponent and counsel for such witness or deponent, during the course

of any testimony, including at any deposition, hearing or trial, and to the

extent necessary, during any preparation for such testimony relating to the

RSU Claims.  Except when the Confidential Information is first exhibited

at a deposition, hearing or trial to such person(s), counsel desiring to

disclose Confidential Information to such persons shall (i) first obtain a

signed Agreement to Abide by the Protective Order, and such counsel

shall retain a copy of each executed Agreement to Abide by the Protective

Order;  or (ii) represent on the record at the deposition, hearing, or trial

that such person(s) have read and agreed to the Agreement to Abide by the

Protective Order;

g.      Professional vendors to whom disclosure is reasonably necessary for RSU

Claims Discovery, provided they are informed that the material is

Confidential Information;

h.      Any other person upon agreement among LBHI, the Participants, the

Designating Party, and/or the Receiving Party, provided that such person

shall first execute the Agreement to Abide by the Protective Order, a copy

of which shall be retained by counsel for both Parties; and

i.      Any other person, only upon order of the Court.

12.      <u>Access to Protected Material</u>:  Only persons authorized to receive

Confidential Information under this Protective Order shall have access to such material.

Receiving Parties shall not provide access to or disclose Confidential Information to any person

not authorized to access such material under this Protective Order.  Receiving Parties shall store

all Confidential Information that they receive in a secure manner.  Receiving Parties are barred

from using Confidential Information except in connection with the RSU Claims and only for the

purposes permitted by the Protective Order and the Order.   If Confidential Information is

disclosed to any person other than in a manner authorized by this Protective Order, the disclosing

party shall, immediately upon learning of such disclosure, inform the Designating Party of all

pertinent facts relating to such disclosure and shall make reasonable efforts to retrieve the

Confidential Information and to prevent disclosure by each unauthorized person who received

such information.

13.      <u>No Restrictions on Use of Public or Own Information</u>:  Notwithstanding

any other provision of this Protective Order, this Protective Order does not restrict in any way a

Participant's or non-Participant's use of:

a.      Its own information or its right to provide such information to any other

person, even if others have designated similar or identical information as

Confidential Information.  A person's use or disclosure of its own

7

information shall not waive the protections of this Protective Order, and

shall not entitle any Participant or non-Participant to use or disclose such

Discovery Materials, or the contents thereof, in violation of this Protective

Order, unless such disclosure of a person's own information causes the

Confidential Information to become available to the public;

     b.     Information that is in the public domain or becomes public without

violation of this Protective Order; and

     c.     Information that a Participant or non-Participant develops or obtains

through proper means without violation of this Protective Order.

**Use of Discovery Materials**

14.     Receiving Parties shall use Confidential Information produced during

RSU Claims Discovery only for matters related to the RSU Claims or in other contested matters

or adversary proceedings between LBHI and an RSU Claimant arising out of these Chapter 11

cases.  Confidential Information shall not be made public by any Receiving Party, shall be used

only by persons permitted access to it as provided for in this Protective Order, and shall be

disclosed only to persons specified herein.

15.     Nothing herein shall prevent disclosure beyond the terms of this Protective

Order if the Designating Party specifically consents in advance in writing to such disclosure, or if

the Court, after notice to all parties, orders such disclosure.

**Inadvertent Failure to Designate**

16.     An inadvertent failure to designate qualified information disclosed or

otherwise produced or generated by a Producing Party as "Confidential" does not waive the

Producing Party's right thereafter to designate Discovery Material as "Confidential" under this

Protective Order unless such information has become available to the public.  Upon receipt of

such designation, each Receiving Party must make reasonable efforts to ensure that the material

is treated in accordance with the provisions of this Protective Order.  The Designating Party shall

promptly produce new copies of the material at issue, with the proper designation, after which

Receiving Parties shall promptly destroy the copies with the improper designation and shall

request that all persons to whom the Receiving Party has provided copies do likewise.  The

Receiving Party shall inform the Designating Party when destruction of such copies has been

completed.

**Non-Waiver of Privilege**

            17.     Nothing in this Protective Order shall preclude any objection to the

disclosure of information by a Producing Party on the ground that such information is protected

or prohibited from disclosure by the attorney-client privilege, the joint client privilege, the

community of interest privilege, the work-product immunity, or any other legally cognizable

privilege, immunity or protecting including without limitation any applicable U.S. or foreign

data privacy laws.  If information protected or prohibited from disclosure is inadvertently or

mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver

of, or estoppel as to, any claim of privilege or work-product immunity for such information or

any other information that may be protected from disclosure by the attorney-client privilege, the

work-product immunity, or any other legally cognizable privilege or protection.  If a Producing

Party has inadvertently or mistakenly produced Discovery Material that contains information

protected or prohibited from disclosure, then upon request by the Producing Party after the

discovery of such inadvertent or mistaken production, the Receiving Party shall use all

commercially reasonable efforts to return or destroy the Discovery Material for which a claim of

inadvertent production is made and all copies of it, including any work product containing,

identifying, or referencing such Discovery Material, within seven (7) days of such request, and

the Receiving Party shall not use such Discovery Material for any purpose other than in

connection with a motion to compel production of the Discovery Material.  The Receiving Party

returning such Discovery Material may then move the Court for an order compelling production

of the Discovery Material, but that motion shall not assert as a ground for entering such an order

the fact or circumstance of the inadvertent production of the Discovery Material.

**Relief**

18.    This Protective Order shall not prevent any party from applying to the

Court for relief therefrom, or from applying to the Court for further or additional protective

orders.

19.    Nothing in this Protective Order shall prevent any Signatory from

producing documents received subject to this Protective Order and that are in his, her or its

possession, to another person in response to a subpoena or other compulsory process.  Unless

prohibited from doing so by applicable law, prompt written notice as soon as practicable under

the circumstances shall be given to the Designating Party before production or other disclosure is

to be made.  The party producing the documents subject to this Protective Order shall reasonably

cooperate with the Designating Party to obtain an appropriate protective order or other reliable

assurance that confidential treatment will be accorded to the Confidential Information being

produced.

**Objections to Designations**

20.    If any Receiving Party objects to the designation of any Discovery

Material as "Confidential," the Receiving Party shall first identify the specific material as to

which it objects as well as the basis for the objection in writing to the Designating Party.  Such

parties shall confer in good faith to attempt to resolve any dispute regarding any such designation.  If such parties are unable to resolve such dispute, the objecting party may seek appropriate relief from the Court, in accordance with Paragraph 18 of this Protective Order; provided, however, that all Discovery Material to which the objection applies shall continue to be treated by Receiving Parties as Confidential Information, as designated by the Designating Party, in accordance with this Protective Order, until such objection is resolved.  No Signatory shall contest an objecting party's request for reasonably expedited consideration for such relief.

**Appeal**

21.     In the event that any Signatory appeals from any decision of the Court relating to RSU Claims Discovery, such Signatory shall file an application to the appropriate appellate court, within seven (7) days of the filing of the notice of appeal, to maintain under seal any Discovery Material filed with the appellate court that contains or discloses Confidential Information.  The provisions of this paragraph may be waived only with the written consent of the Designating Party.

**Scope of Protective Order**

22.     In the event that any Confidential Information is used in any court proceeding relating to the RSU Claims, that material shall not lose its status as Confidential Information through such use and such use shall remain subject to the terms of this Protective Order.

23.     Nothing in his Protective Order shall require any Producing Party to respond to discovery in any manner, including by producing documents, that would cause such Producing Party to violate any statute, regulation, or rule, including, without limitation, any international or foreign privacy laws, to which such Producing Party is subject.

24.     This Protective Order does not alter, modify, or expand any obligation or duty of any party to produce any Confidential Information.

25.     Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at the trial of any action relating to the RSU Claims.

## Modification

26.     No modification of this Protective Order shall be binding or enforceable unless in writing and signed by LBHI and the Participants, or by further order of the Court.

## Choice of Law

27.     This Protective Order shall be governed and construed in accordance with the laws of the State of New York.

## Jurisdiction

28.     The Court shall retain jurisdiction over any matters related to or arising from the implementation of the Protective Order.

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                                      :        **Chapter 11 Case No.**
                                                           :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**
                                                           :
                              **Debtors.**                 :        **(Jointly Administered)**
--------------------------------------------------------------------x


## AGREEMENT TO ABIDE BY THE PROTECTIVE ORDER

I hereby certify that I have read the Protective Order[5] SO ORDERED by the

Court in the above-captioned chapter 11 cases (the "Chapter 11 Cases") on August __, 2012

[ECF No. ___].  I further certify that I understand the terms and provisions of the Protective

Order and agree to be fully bound by them, and hereby submit to the jurisdiction of the United

States Bankruptcy Court for the Southern District of New York for purposes of the Protective

Order's enforcement.  I understand and agree, in particular, that I may not use any Confidential

Information, or any copies, excerpts or summaries thereof, or materials containing Confidential

Information derived therefrom, as well as any knowledge or information derived from any of

these items, for any purpose other than matters related to the RSU Claims or other contested

matters or adversary proceedings between LBHI and an RSU Claimant arising out of these

Chapter 11 Cases, in accordance with the provisions of the Protective Order, including, without

limitation, any business or commercial purpose.

I further understand that failure to abide fully by the terms of the Protective Order

---

[5] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the
Protective Order.

1

may result in legal action against me, such as for contempt of court and liability for monetary

damages.

Dated: _____        Agreed: _____

                                       [PARTICIPANT'S NAME & ADDRESS
                                       AND, IF REPRESENTED BY COUNSEL,
                                       ATTORNEY'S NAME AND ADDRESS]

# EXHIBIT D

**Technical Specifications for Documents to be Produced to LBHI**

Participants producing documents to LBHI must produce documents in the following electronic formats:

1.   _Emails_.  E-mails shall be produced as single-page TIFF images with accompanying full text and load file (DAT).  Meta data fields included with the load file should be provided in accordance with _Appendix 1_.  E-mail attachments shall be handled according to the provisions below applicable to loose electronic documents and shall not be separated from the emails to which they are attached. Native files for e-mails shall be maintained, and such files shall be produced if the receiving party can demonstrate a need for such native files.

2.   _Electronic Documents_.  Word and other electronic documents shall be produced as single-page TIFF images with accompanying full text and load file (DAT). Meta data fields included with the load file should be provided in accordance with _Appendix 1_.  For Excel or other spreadsheet files, the native file or a pdf version of the file shall be produced.  Native files for all other electronic documents shall be maintained, and such files shall be produced, with appropriate redactions, if the receiving party can demonstrate a need for such native files.

3.   _Hard copy documents_.  If reasonably practicable, hard copy documents shall be produced as single-page TIFF images with accompanying full OCR text and load file (DAT).

4.   _TIFF Images Generally_.  Any TIFF images produced by Participants or non-Participants shall consist of (a) single-page, black and white, 300dpi group IV TIFF images with extension ".tif"" and (b) text files, named after the bates

1

number of the document, with extension ".txt".  TIFF images may not be

compressed using JPEG compression.  For instances in which the original file is

in color and the color is necessary for interpretation of the document (charts,

pictures, etc.), produce medium quality JPEG in place of single page tiff file.

Metadata shall be provided in a delimited file with a ".dat" file extension and

ASCII 020 and 254 delimiters for column break and text qualifier.  The first line

shall be the header with field names, and each subsequent line shall contain the

fielded data for each document.

5.    _Shipment of electronic data_.  Electronic data productions may be transmitted

electronically via Secure File Transfer Protocol (SFTP), FTP over SSH or

physically transported using electronic storage media such as, CDs, DVDs or hard

drives.  The physical media label should contain the case name and number,

production date, and bates range being produced.  Each transmission of data

should include a collection "manifest" report which provides a list of files

collected, their location, and their MD5 hash values.

**Appendix 1**

| Field | Description |
|---|---|
| BegBates | Page ID of first page in a document. |
| EndBates | Page ID of last page in a document. |
| BegAttach | BegBates of parent record. |
| EndAttach | BegBates of last attached document in family. |
| From | Author of the e-mail message. |
| To | Main recipient(s) of the e-mail message. |
| CC | Recipient(s) of "Carbon Copies" of the e-mail message. |
| BCC | Recipient(s) of "Blind Carbon Copies" of the e-mail message. |
| DateSent | Sent date of an e-mail message. |
| TimeSent | Time the e-mail message was sent. |
| EMail_Subject | Subject of the e-mail message. |
| Author | Author field value pulled from metadata of the native file. |
| Title | Title field value extracted from the metadata of the native file. |
| Custodian | Textual value of custodian. |
| DateCreated | Creation date of the native file. |
| TimeCreated | Creation time of the native file. |
| EntryID | Unique identifier of e-mails in mail stores. |
| FileDescription | File extension or other description of native file type. |
| Filename | Original filename of native file. Contains subject of e-mail message for e-mail records. |
| Filesize | Size of native file, in bytes. |
| MD5Hash | MD5 hash-128-bit output. |
| Attach | Semi-colon delimited string of first level attachments in the e-mail. |
| DateLastMod | Date the native file was last modified. |
| TimeLastMod | Time native file was last modified. |
| PgCount | Number of pages in a document. |
| NativeFile | Logical file path to the native file. |
| OCRPath | Logical file path to the OCR text. |

# SCHEDULE 1

## SCHEDULE 1

| Claim # | Creditor Name |
|--------:|---------------|
| 16132 | ABRAMS, STANLEY |
| 30611 | ADLER, JENNIFER S. |
| 27619 | ALI, ASGAR |
| 11044 | ALLARD, ANDREW |
| 12809 | ANDERSON, IAN W. |
| 10544 | ANDRIOLA, ROCCO F. |
| 16516 | ANTONCIC, MADELYN |
| 20313 | BANCHETTI, RICCARDO |
| 68071 | BANCHETTI, RICCARDO |
| 14851 | BARDEHLE, CHRISTIAN |
| 32511 | BAREGGI, MICHELE |
| 65217 | BASS, BRADLEY |
| 66323 | BAZYLEVSKY, BO |
| 13360 | BECKER, JENNIFER |
| 2136 | BENSON, CRAIG O. |
| 34980 | BIRASCHI,PAOLA |
| 19506 | BIRD, RICHARD |
| 33233 | BOGERT, LISA R |
| 4625 | BOUGHRUM, DONALD J. |
| 15087 | BOWYER, MICHAEL L. |
| 30417 | BRANCATO, JENNIFER |
| 11297 | BREWER, KAREN H |
| 65126 | BROADBENT, WILLIAM |
| 9971 | BROADBENT, WILLIAM S. |
| 34559 | BROOKS, DAVID J |
| 27925 | BURKE, TIMOTHY A. |
| 68086 | BURKE, TIMOTHY A. |
| 21510 | BUTLER-MCLAUGHLIN, CECELIA |
| 5733 | CALLIES, GUILLEMETTE |
| 25198 | CARANGO, ANTHONY T. |
| 25137 | CASSANOVA, CATRINA |
| 34326 | CASUPLE, VIRGILIO |
| 17760 | CATALAO MAIA, ALEXANDRE |
| 32595 | CHAN, SHIRLEY |
| 25226 | CINTRON, JACQUELINE |
| 25443 | COHEN GUSTAVO SEBASTIAN |
| 16153 | COHEN, DARIAN J. |
| 11588 | COLLIER, MICHAEL |
| 25073 | COLTON, DAVID |
| 17879 | CRASTON, EDMUND ANTHONY |
| 10101 | CREMIN, PATRICK G. |
| 19076 | D'AMADEO, JOSEPH G |
| 27231 | DAS, NACHIKETA |

| Claim # | Creditor Name |
|---|---|
| 5952 | DAY, GEMMA |
| 34492 | DE JESUS, NESTOR E |
| 4319 | DELLARUSSO, RICHARD J. |
| 14260 | DESFORGES, MATHIEU |
| 12314 | DICCIANNI, CHARLES |
| 29210 | DICENSO, JOSEPH |
| 34401 | DMUCHOWSKI, JOHN J |
| 21911 | DUFFY, KATHLEEN C |
| 15528 | DUFOURNIER, PHILIPPE |
| 68073 | DUFOURNIER, PHILIPPE |
| 5729 | DUNKIN, ROBEN L |
| 28012 | DYER, ROBERT C. |
| 15255 | ENGEL, STEVEN |
| 19193 | ERTMANN, JAMES |
| 24678 | ESCOBAR, CALIXTO M. JR. |
| 12733 | FALLTRICK, BARRY J |
| 25339 | FELDERHOF, STEPHEN |
| 18067 | FINKEL, SETH J. |
| 4709 | FLACKMAN, CYNTHIA |
| 8530 | FLEISCHMAN RICHMAN, SANDY |
| 24407 | FLYNN, PATRICK |
| 25772 | FRASER-JENKINS,INIGO L |
| 23028 | FRYER, DANIEL J. |
| 27735 | GATTUSO, MARGARET E. |
| 9682 | GLASEBROOK, RICHARD J., II |
| 23894 | GOLDBERG, JASON |
| 19518 | GOLDBERG, LOUISE |
| 10029 | GOLDMAN, SHERYL |
| 23900 | GRAN, MICHAEL |
| 24498 | GRAVES, ADRIAN T |
| 7797 | GREGG, HAWES |
| 34727 | HAHN-COLBERT, SANDRA M |
| 34728 | HAHN-COLBERT, SANDRA M |
| 30355 | HALL, ROOPALI A. |
| 33155 | HARGRAVE, BRIAN |
| 5421 | HASHIDA, AKIKO |
| 30475 | HOAR, NICK JOHN |
| 12940 | HOM, MICHAEL C. |
| 28365 | HOOPER, HELEN |
| 66971 | HORNICK, PETER |
| 28279 | HOWARD, NICHOLAS P. |
| 14023 | HUTTON, RANDALL J. |
| 64991 | IRAGORRI, JULIAN |
| 23575 | IYER, SUBRAMANIUM |
| 24335 | JACOBSON, LARS P. |

| Claim # | Creditor Name |
|---|---|
| 5340 | JAO, ANDREA T. |
| 20300 | JENCKES, GEORGE A., IV |
| 15102 | JOHNSON, BRIAN A. |
| 6286 | JUDD, IAN |
| 12821 | KELLARD, CRAIG J |
| 9025 | KENG-CHONG, CHEN |
| 14067 | KENNEY, ARTHUR J. |
| 67880 | KENNEY, ARTHUR J. |
| 13929 | KENNEY, JUDITH ANN |
| 13888 | KETTLER, R. KYLE |
| 25172 | KILGALLON,JOHNINE |
| 34546 | KING, HARRIET CHAN |
| 23582 | KOTIAN, SURAJ |
| 18087 | KRIEGER, KAREN M. SIMON |
| 24675 | LANGEVIN, MARY |
| 32239 | LANKEN, JONATHAN P |
| 25874 | LATIFA, DEBBARH |
| 3374 | LAWRENCE, HENRY MORGAN III |
| 3373 | LAWRENCE, NICOLE S. |
| 24670 | LAWSKY, MICHAEL |
| 5262 | LEE, MAN YANG |
| 31267 | LEGOTTE, LEONARD J. |
| 27230 | LENG, MANHUA |
| 6741 | LEUNG, PAMELA |
| 65858 | LEV ARI, TAL |
| 14342 | LEVY, STEWART F. |
| 8812 | LEWIS, SARAH J |
| 25895 | LIOTTI, FABIO |
| 15120 | LIOTTI, FABIO |
| 17624 | LISTER, JAMES G. |
| 28287 | LOWE, TIA GELAINE |
| 25110 | LUDWIG, LINDA |
| 22763 | LUKEN, PATRICIA M. |
| 24409 | LYNCH, MARY A. |
| 30704 | MALCOLM, ANDREW |
| 9428 | MALTHOUSE, SAMANTHA |
| 24889 | MARCUS, LISA |
| 16329 | MARCUS, LISA |
| 11107 | MARNEY, LESLEY N |
| 23723 | MARSHALL, NIKKI A. |
| 66392 | MCCARTHY, LAWRENCE E |
| 10370 | MCCOOEY, KEVIN C. |
| 65949 | MCCULLY, MICHAEL K. |
| 31081 | MCGEE, HUGH |
| 11434 | MCLAUGHLIN, MARY DEIRDRE |

| Claim # | Creditor Name |
|---|---|
| 11108 | MEARS, RUSSELL |
| 8707 | MENZIES, FIONA M. |
| 32398 | MEYER, JAMES P. |
| 32557 | MISCHLER, VINCENT |
| 24585 | MODASIA, DIPAK |
| 20775 | MONAHAN, BRIAN W. |
| 30680 | MONTALVO, MIRIAM |
| 11043 | MUINOS, BARBARA |
| 27599 | MULLEN, MICHAEL J. |
| 17261 | MURPHY, PATRICIA |
| 13968 | NACKENSON, RICHARD |
| 22803 | NEDEV, BORIS |
| 12806 | NETZEL, GAVIN R |
| 31678 | NEVILLE, IAN A |
| 14197 | NOBLE, RICHARD GRANT |
| 20305 | NORTH-CLAUSS, BRYAN |
| 14855 | OLIVIER, HELMUT |
| 17872 | O'MARA, MICHAEL J. |
| 27300 | O'SULLIVAN, THOMAS J. |
| 16039 | PARR, ANKE |
| 68074 | PARR, ANKE |
| 23578 | PATANKAR, SAMEER |
| 16289 | PATTERSON, MARTIN |
| 12044 | PENTON, ANDREA M |
| 5770 | PETRUCELLI, MICHAEL J. |
| 5063 | PLASKETT, RODNEY A. |
| 31219 | POCHINAPEDDI, VENKATA |
| 12975 | PORTER, BARRY |
| 68079 | PRIMIANO, VINCENT |
| 31795 | PRIMIANO, VINCENT A. |
| 31796 | PRIMIANO, VINCENT A. |
| 31794 | PRIMIANO, VINCENT A. |
| 31797 | PRIMIANO, VINCENT A. |
| 31798 | PRIMIANO, VINCENT A. |
| 31799 | PRIMIANO, VINCENT A. |
| 31800 | PRIMIANO, VINCENT A. |
| 31801 | PRIMIANO, VINCENT A. |
| 31802 | PRIMIANO, VINCENT A. |
| 31803 | PRIMIANO, VINCENT A. |
| 31804 | PRIMIANO, VINCENT A. |
| 31805 | PRIMIANO, VINCENT A. |
| 31806 | PRIMIANO, VINCENT A. |
| 31807 | PRIMIANO, VINCENT A. |
| 31808 | PRIMIANO, VINCENT A. |
| 31809 | PRIMIANO, VINCENT A. |

| Claim # | Creditor Name |
|---|---|
| 31810 | PRIMIANO, VINCENT A. |
| 31811 | PRIMIANO, VINCENT A. |
| 31812 | PRIMIANO, VINCENT A. |
| 31813 | PRIMIANO, VINCENT A. |
| 28316 | PULJIC, GORAN |
| 11300 | RADICK, JONATHAN |
| 17607 | RAMALLO, HENRY |
| 19584 | REINER, BRETT S. |
| 10489 | REYCROFT, EMILY M. |
| 28442 | REYNOLDS, CHRISTIAN F. |
| 66375 | RIVKIN, JACK L. |
| 5326 | RONCAGLIOLO, JACQUELINE S |
| 19077 | SAKS, ROGER |
| 19947 | SANTODOMINGO MARTELL, ALVARO |
| 34872 | SARKAR, AMIT K |
| 23577 | SARODE, SUNIL |
| 15754 | SARONNE, GIANCARLO |
| 68080 | SARONNE, GIANCARLO |
| 8951 | SAVILLO, JOSEPHINE M. |
| 11369 | SCHUSTER, CHRISTIANE |
| 11540 | SCHWAB, STEVEN B |
| 20244 | SCHWARTZ, MARVIN C |
| 68077 | SEBIRI, JONATHAN |
| 2927 | SERAYDAR, ROSE MRS |
| 11590 | SEWARD, BRIAN |
| 14285 | SHAH, HARSH |
| 68072 | SHAH, HARSH |
| 31374 | SHAPIRO, ROSS B. |
| 1681 | SHEFFER, SCOTT T. |
| 23580 | SHINDE, SUDARSHAN SUBHASH |
| 21362 | SHOTTON, PAUL NIGEL |
| 14958 | SHUM, DANIEL T. |
| 13458 | SIBIRSKI, LINDA J. |
| 65222 | SIEGEL, NORMAN |
| 32064 | SINGH, ANIL KUMAR |
| 11054 | SMITH, MARGARET E |
| 8813 | SNELLING, STEPHEN J |
| 24373 | SOMMA, GREGG |
| 23799 | SPERO, CHARLES |
| 68075 | SPERO, CHARLES |
| 15690 | STATHAM, CHRISTOPHER A. |
| 31665 | STEFFENS, EDWARD M. |
| 25431 | STEVENS, CHRISTIAN E. |
| 21711 | STIEFEL, STEPHANIE J |
| 13087 | SULLIVAN, ANDREA |

| Claim # | Creditor Name |
|---|---|
| 23576 | SURI, TARVINDER SINGH |
| 33156 | SWEELY, GORDON |
| 68078 | SWEELY, GORDON G. |
| 14852 | TESCHNER, STEFAN |
| 12811 | TOAL, IAN G |
| 9879 | TRAVERSA, ROBERT |
| 32257 | TUIL, LAURENT |
| 26063 | TURNBULL, NIGINA |
| 31902 | VALECCE, JOHN |
| 8447 | VELEBA, MILAN |
| 25900 | VOLINI, PIERLUIGI |
| 23579 | WAIRKAR, DINESH VISHWANATH |
| 12296 | WALKER, MATTHEW |
| 1707 | WALSH, W. PHILLIP |
| 25072 | WANG,YULAN |
| 9915 | WARD, PETER |
| 24545 | WARDELL, JEFFERY K. |
| 28313 | WATTEVILLE, JEAN DE |
| 29718 | WECKER, JEFFREY |
| 18314 | WEINER, DAVID I. |
| 13327 | WEINREICH, RUTH |
| 13290 | WELCH, COLIN S. A. |
| 66053 | WHAMOND, CHRISTIAN |
| 22286 | WIDEMAN, ANDREW |
| 34829 | WILKINSON, TIMOTHY B |
| 25129 | WILSON, KELLY WEINBERGER |
| 9968 | WILSON, ROBERT W. |
| 19298 | WINCHESTER, JUDITH A. |
| 6130 | WREN, ALEX H |