UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF HERB BAER, WITH RESPECT TO
EFETNET, B.V.'S MOTION FOR ENTRY OF AN ORDER
TO (I) PERMIT A LATE FILED PROOF OF CLAIM OR (II)
PERMIT AMENDMENT OF AN INFORMAL PROOF OF
CLAIM AGAINST LEHMAN BROTHERS COMMODITY
SERVICES INC., REGARDING CORRECTED AFFIDAVIT
OF SERVICE FOR NOTICE OF DEADLINES FOR FILING
PROOFS OF CLAIM**

Herb Baer makes this declaration pursuant to 28 U.S.C. § 1746, and states:

1. I am over the age of eighteen years and am not individually a party to the above-captioned proceedings.

2. I am a Director of Client Services of Epiq Bankruptcy Solutions, LLC ("Epiq"), located at 757 Third Avenue, 3rd Floor, New York, New York 10017. Unless otherwise stated, I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

3. Lehman Brothers Holdings Inc. and its affiliated debtors (the "Debtors") retained Epiq as their Claims and Noticing Agent pursuant to an Order of the Court dated September 16, 2008. Accordingly, Epiq maintains the official claims register reflecting all claims listed in the Debtor's Schedules of Liabilities, as amended, and all filed proofs of claim (the "Claims Database"). Additionally, Epiq maintains a database of names and addresses of all potential creditors of the Debtors listed in their Creditor Matrix (together with the Claims Database, the "Master Mailing List").

4. On July 8, 2009, I caused to be served the "Notice of Deadlines for Filing Proofs of Claim," dated July 8, 2009 (the "Bar Date Notice") and a Proof of Claim Form upon on all names and addresses in the Master Mailing List as they existed at the time (the "Bar Date Mailing").

5. My "Affidavit of Service" dated July 10, 2009 provides details of all parties that were served, and the manner in which they were served (the "Original Affidavit of Service"). [ECF No. 4349]. However, the Original Affidavit of Service incorrectly listed the address of certain parties that were served. Amongst other errors, the Original Affidavit of Service incorrectly indicated that certain Bar Date Notices that were sent to parties located in Amsterdam, Netherlands, were sent to addresses in Amsterdam, Niger. Specifically, the Original Affidavit of Service indicated that the Bar Date Notice was sent to EFETnet, B.V. ("EFETnet") was sent to "Keizersgracht 62-64 Amsterdam 1015 CS Niger." This systematic error, however, occurred in the creation of the exhibits to the Original Affidavit of Service, but did not affect the Bar Date Mailing.

6. To correct any errors on the Original Affidavit of Service, I submitted a "Corrected Affidavit of Service" [ECF No. 9395], which fully superseded the Original Affidavit of Service. The Corrected Affidavit of Service correctly indicated that all Bar Date Notices sent to parties located in Amsterdam, Netherlands were in fact sent to Amsterdam, Netherlands, and the Corrected Affidavit of Service stated that the Bar Date Notice sent to EFETnet was sent to the following address: "Keizersgracht 62-64 Amsterdam 1015 CS Netherlands."

7. I hereby certify that all parties were served at the addresses included on the Corrected Affidavit of Service, in the manner described therein.

2

8. Further, all undeliverable Bar Date Notices sent by Epiq were physically returned to Epiq. The Bar Date Notice sent to EFETnet was never returned to the Debtors as undeliverable.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: October 17, 2013
New York, New York

                                              /s/ Herb Baer
                                              Herb Baer