B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re LEHMAN BROTHERS HOLDINGS INC.                    Case No. 08-13555 (JMP)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Morgan Stanley & Co. International plc | BBVA (SUIZA) S.A. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Morgan Stanley & Co. International plc
25, Cabot Square,
Canary Wharf,
London E14 4QA

With a copy to:
Richards Kibbe & Orbe L.L.P.
One World Financial Center
New York, NY 10281-1003
Fax: 212-530-1801
Attn: Managing Clerk


Phone:   + 44 207 677 7974
E-mail:  lndistressed@morganstanley.com

Phone: + 212 530 1800


Last Four Digits of Acct #: n/a

Name and Address where transferee payments should be sent (if different from above):

Wire Instructions:


Court Claim # (if known):  51168

Allowed Amount of Claim with respect to ISIN XS0324269488 : US$90,321.67
Allowed Amount of Claim with respect to ISIN XS0324269488 to be Transferred : US$90,321.67 (or 6.04229607З% of the Allowed Amount of Claim)

Date Claim Filed: 28 October 2009


Phone:
Last Four Digits of Acct. #:


566570.1/9999-00999

## USD    PAYMENT INSTRUCTIONS:

TO:                    CHASE MANHATTAN NEW YORK, NY
SWIFT:                 CHASUS33
ACCOUNT NAME:    MORGAN STANLEY & CO.
INTERNATIONAL plc
SWIFT:                 MSLNGB2X
ACCOUNT NUMBER: 066617758
REF:                   Fixed Income

## EUR    PAYMENT INSTRUCTIONS:

TO:                    CITIBANK N.A.
SWIFT:                 CITIGB2L
ACCOUNT NAME:    MORGAN STANLEY & CO.
INTERNATIONAL plc
SWIFT:                 MSLNGB2X
ACCOUNT NUMBER: 12221071
IBAN:                  GB15CITI18500812221071
REF:                   Fixed Income

Last Four Digits of Acct #: n/a

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**MORGAN STANLEY & CO. INTERNATIONAL PLC**

BRIAN CRIPPS
Authorised Signatory

By: _____          Date: _____17 October 2013_____
         Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 Y.S.C. §§ 152 & 3571.

566570.1/9999-00999

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.        For value received, the adequacy and sufficiency of which are hereby acknowledged, **BBVA (SUIZA) S.A.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **MORGAN STANLEY & CO. INTERNATIONAL PLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **applicable percentage / nominal amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **51168** filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.        Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.        Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

698313v.1

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 17 day of ~~August~~ 2013.
October &

SELLER
BBVA (SUIZA) S.A.

By:
Name:
Title: M. Cadalbert
                    Juan Rodriguez

Zeltweg 63
CH-8021 Zurich
Switzerland
Attention : Inigo Berasaluce / Director
Phone : + 41 442659504

PURCHASER
MORGAN STANLEY & CO. INTERNATIONAL PLC

By:
Name:
Title:
                    BRIAN CRIPPS
                    Authorised Signatory

25, Cabot Square
Canary Wharf
London E14 4QA
E- mail: lndistressed@morganstanley.com

698313v.1

Schedule 1

Transferred Claims

Purchased Claim

US$90,321.67 of the allowed claim amount with respect to ISIN XS0324269488 as set forth in the Notice Of Proposed Allowed Claim Amount.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount & Accrued Interest | Coupon | Maturity |
|---|---|---|---|---|---|---|
| Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0324269488 | Lehman Brothers Treasury CO. BV | Lehman Brothers Holdings Inc | EUR100,000.00 | 7 Year Autoredeemable ELN | 30 October 2014 |

Schedule 1-1

698313v.1

| | |
|---|---|
| *United States Bankruptcy Court/Southern District of New York*<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **LEHMAN SECURITIES PROGRAMS**<br>**PROOF OF CLAIM** |

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)         0000051168 |
|---|---|---|

**Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009**

~~.... USE ONLY~~

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>BBVA (Suiza) S.A.<br>Zeltweg 63<br>CH-8021 Zurich<br>Switzerland<br>Att: Iñigo Berasaluce / Director<br><br>Telephone number: +41442659504    Email Address: inigo.berasaluce@bbvasuiza.ch | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>(*If known*)<br><br>Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above)<br><br><br><br><br>Telephone number:         Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $ 3,439,193.93** _____ **(Required)**

☐   Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2.    Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** XS0324269488         **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

CA95021                                    **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

Clearstream 80860                              **(Required)**

| 5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | FOR COURT USE ONLY |
|---|---|
| Date.<br><br>10/19/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  Iñigo Berasaluce / Director, BBVA (Suiza) S.A. | **FILED / RECEIVED**<br><br>OCT 2 8 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

# EXCHANGE RATE CALCULATION

**CREDITOR**     BBVA (Suiza) S.A.

**ISSUER:**     Lehman Brothers Treasury Co. B.V.

**GUARANTOR:**     Lehman Brothers Holdings Inc.

**CLEARSTREAM ACCOUNT NUMBER:**     80860

**CLEARSTREAM BLOCKING NUMBER:**     CA95021

| ISIN | NOMINAL | TOTAL EUR | EXRATE 091508 | TOTAL USD |
|---|---|---|---|---|
| XS0324269488 | EUR 2,459,000.00 | 2,459,000.00 | 1.420575 | 3,439,193.93 |

**EXCHANGE RATE CALCULATION AS OF SEPTEMBER 15, 2008**

**BLOOMBERG**

BID    1.4206
ASK    1.4206
MID    **1.4206**

**REUTERS**

BID    1.4204
ASK    1.4207
MID    **1.42055**

**EXCHANGE RATE CALCULATED AS THE MEDIA OF THE MID RATE OF BLOOMBERG AND REUTERS**

1.420575

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

ATTACHMENT TO PROOF OF CLAIM FORM

This proof of claim (the "Claim") is submitted by BBVA (Suiza) S.A. ("BBVA"), a limited

company organized under the laws of Switzerland, which maintains offices at Zeltweg 63, CH-

8021 Zurich, Switzerland. This attachment is incorporated into the proof of claim form to which

it is attached. As more specifically described below, BBVA hereby asserts a claim against

Lehman Brothers Holdings Inc. ("LBHI") pursuant to the terms and conditions of certain

guarantees of Lehman Program Securities, as that term is defined in the Bar Date Order

discussed below.


I.      Background

On September 15, 2008 (the "Petition Date"), LBHI filed a petition for relief

under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United

States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). On

July 2, 2009 the Bankruptcy Court entered an Order Pursuant to Section 502(b)(9) of the

Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of

Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim

Form (the "Bar Date Order") [D.I. 4271 in Case No. 08-13555 (JMP)].

Pursuant to the Bar Date Order, the Bankruptcy Court set September 22, 2009 at

5:00 p.m. as the bar date (the "Bar Date") for each person or entity to file proofs of claim based

on pre-petition claims against LBHI, with certain specific exceptions as provided for in the Bar

Date Order. One of those exceptions relates to certain specifically identified securities, referred

to collectively as "Lehman Programs Securities," a list of which is available on

http://www.lehman-docket.com. The Bar Date Order provides that on or before November 2,

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

2009 at 5:00 p.m. (the "Securities Programs Bar Date") holders of claims based on amounts owed pursuant to any Lehman Program Security (as defined in the Bar Date Order and including claims based on related guarantees) must complete the Securities Program Proof of Claim Form (as defined in the Bar Date Order).  As explained in the Notice of Deadlines for Filing Proofs of Claim Based on Lehman Programs Securities, dated July 27, 2009, each Securities Program Proof of Claim must include either a Euroclear Electronic Instruction Reference Number, a Clearstream Blocking Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") with respect to each Lehman Programs Securities for which such Securities Program Proof of Claim is filed.  The Bar Date Order explicitly does not require entities that file Securities Program Proofs of Claim to submit any documentation supporting such claims, but the Debtors reserve the right to seek production of all documentation required by Bankruptcy Rule 3001(c) as part of the claims reconciliation process.[1]

II.      The Claim

BBVA is the record holder of Lehman Program Securities, which are issued by LBHI or issued by a Lehman affiliate and guaranteed by LBHI, as applicable.[2]  As of the Petition Date and with respect to each Lehman Program Security identified in the proof of claim form to which this attachment is attached, LBHI was and still is indebted to BBVA for the payment of all principal, nominal, notional or other amounts (howsoever described in the documentation governing such Lehman Program Security), plus all other amounts relating to such Lehman Program Security that accrued as of or after the Petition Date, including, without limitation,

---

[1] BBVA is not submitting supporting documentation as it is voluminous and not required by the terms of the Bar Date Order but reserves the right to later do so.

[2] The guarantees are evidenced either pursuant to: (a) separate guarantees by LBHI of specific issuances set forth in the relevant offering documents for the particular issuance, (b) separate standalone guarantee agreements, or (c) global guarantees through which LBHI generally guaranteed the obligations of certain entities.  BBVA will provide guarantee documentation specific to a particular claim upon request.

2

08-13555-mg    Doc 40556    Filed 10/18/13    Entered 10/18/13 09:51:20    Main Document

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

interest, premium, costs and any other amounts payable in respect of such Lehman Program

Security (howsoever described in the documentation governing such Lehman Program Security)

included on the proof of claim form to which this attachment is attached (all such amounts, in the

aggregate, the "Indebtedness").

As a holder of the Lehman Program Securities, BBVA is owed all Indebtedness

arising under such Lehman Program Securities and hereby asserts an unsecured claim against

LBHI for all such Indebtedness (subject to any right of BBVA to set-off that might arise from

claims that LBHI may assert or has asserted against BBVA or otherwise).

III.    Miscellaneous

BBVA reserves the right to withdraw, amend, clarify, modify or supplement this

Claim to assert additional claims (including, without limitation, additional administrative

expense claims (including, without limitation, claims arising from misdirected wires to, or

postpetition contracts, activity, torts, etc. of LBHI), for which a bar date has not yet been set,

secured claims, and/or general unsecured claims) and/or additional grounds for its claims against

LBHI. BBVA also reserves all rights accruing to it or its affiliates against LBHI or its estate, and

the submission of this Claim is not intended to be and shall not be construed as (a) an election of

remedy or (b) a waiver or limitation of any rights of BBVA or its affiliates. In addition, BBVA

reserves the right to supplement this Claim with relevant documents to the extent necessary.

Furthermore, BBVA reserves the right to withdraw this Claim for any reason whatsoever.  In

addition, BBVA reserves all rights and remedies against affiliates of LBHI or any other third

parties.

This Claim shall not be deemed to be a waiver of BBVA's right (i) to have final

orders in noncore matters entered only after *de novo* review by a District Court Judge, (ii) to trial

3

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

by jury in any proceeding so triable in these cases or any case, controversy, or proceeding related to these cases (to the extent such right has not otherwise been waived), (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, defenses, setoffs, or recoupments to which BBVA is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses, setoffs, and recoupments BBVA expressly reserves. To the extent that LBHI has made or makes any claims against BBVA, BBVA reserves its set-off rights, such that all or part of the Claim may be secured to the extent of such set-off rights. This claim solely relates to the Lehman Program Securities having the ISINs expressly listed on the proof of claim form to which this attachment is attached. This claim is in addition to and does not supersede the proofs of claim (and related Derivative Questionnaires and Guarantee Questionnaires) filed by BBVA, or any other claim that has been or may be filed by BBVA unless expressly stated otherwise.

Any notices sent in connection with the Claim should be addressed to BBVA at the address below:

> BBVA (Suiza) S.A.
> Zeltweg 63
> CH-8021 Zurich
> Switzerland
> Attn.: Iñigo Berasaluce
>
> and
>
> Banco Bilbao Vizcaya Argentaria, S.A.
> Paseo de la Casellana, 81 – Floor 21
> 28046 Madrid
> Spain
> Attn: Ana Hidalgo / Elena Prieto
>
> and

4

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

Cleary Gottlieb Steen & Hamilton LLP
12, rue de Tilsitt
75008 Paris
France
Attn.: Andrew A. Bernstein, Esq.

and

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Attn.: Seth Grosshandler, Esq.