Re: Docket No. 38952
Response Deadline: October 18, 2013 at 4:00 p.m. (Eastern Time)
Hearing currently adjourned without date.

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4735
Facsimile: (212) 701-5986
Amelia T.R. Starr
James I. McClammy

*Attorneys for Natixis*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
                                                :

In re                                        : Chapter 11

LEHMAN BROTHERS HOLDINGS, INC., *et al.*, : Case No. 08-13555 (JMP)

           Debtors.          : (Jointly Administered)

------------------------------------ x

**RESPONSE OF NATIXIS TO PLAN ADMINISTRATOR'S FOUR HUNDRED
TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS**

Natixis, by and through its undersigned counsel, hereby submits this response (**"Response"**) to the Plan Administrator's Four Hundred Twenty-Sixth Omnibus Objection to Claims, dated July 23, 2013 [Docket No. 38952] (the "**Objection**"), and in support thereof respectfully states as follows:

## BACKGROUND

1.    Natixis has filed proofs of claim based on derivatives transactions with Lehman Brothers Special Financing, Inc. ("**LBSF**") and guaranteed by Lehman Brothers Holdings, Inc. ("**LBHI**"). Under the Bankruptcy Rules and controlling caselaw, these filed proofs of claim

constitute *prima facie* evidence of the validity and amount of Natixis's claims. Moreover, in compliance with the unique claims filing procedures requested by the Plan Administrator, Natixis has answered questionnaires and submitted supporting documentation for its claims, valued in excess of $70 million at the time of filing. The Plan Administrator now objects to and seeks to expunge Natixis's claims, yet, in the face of Natixis's supporting evidence, states only that the Plan Administrator has performed its own (undisclosed) calculations and that the value of claim is at most zero. No support at all is provided for the Plan Administrator's position. Such an objection is insufficient as a matter of law, and it defies logic that a debtor may avoid such a substantial and substantiated claim simply by asking the Court to accept on faith calculations that neither the Court nor the creditor has seen. The Objection should thus be overruled.

2.   On May 11, 1999, Natixis and LBSF entered into an ISDA Master Agreement and Schedule and Credit Support Annex (the "**CSA**") (collectively, as amended by the First Amendment dated as of July 28, 2008, the "**ISDA Master**"). On the same date, Natixis also entered into a Guarantee with LBHI pursuant to which LBHI absolutely and unconditionally guaranteed payment when due without limitation of all of the liabilities, obligations, and commitments of LBSF to Natixis (the "**LBHI Guarantee**").

3.   On September 15, 2008 and October 3, 2008, LBHI and LBSF, respectively, commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code.

4.      Pursuant to Section 6(a) of the ISDA Master, the bankruptcy filing of LBSF and LBHI caused the occurrence of an Event of Default[1] in respect of all outstanding Transactions. Natixis delivered a Notice of Designation of Early Termination Date on September 15, 2008, as amended by the Amended Notice of Designation of Early Termination Date dated October 8, 2008 (together, the "**Termination Notice**").

5.      On May 15, 2009, Natixis provided LBSF with a Calculation Statement pursuant to Section 6(d)(i) and 6(e)(i) of the ISDA Master (the "**Calculation Statement**"), notifying LBSF of Natixis's Loss under the ISDA Master as of the Early Termination Date in the amount of $160,156,130.

6.      As of the Early Termination Date, LBSF had posted Eligible Credit Support (in the form of cash) under the CSA in the amount of $87,550,242.  Pursuant to Paragraph 6 of the CSA in connection with Section 6(e) of the ISDA Master, upon deducting such amount from the Loss calculation above, LBSF owes Natixis a net payment of up to $72,605,887 as of the Early Termination Date.

7.      On September 21, 2009, pursuant to the Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "**Bar Date Order**"), Natixis filed a proof of claim against LBSF (Claim No. 21932) seeking recovery in the amount of $72,605,887 (the "**LBSF Claim**").

8.      On the same date, pursuant to the Bar Date Order, Natixis also filed a proof of claim against LBHI (Claim No. 28333) seeking recovery in the amount of $72,605,887 (the

---

[1] Capitalized terms used but not defined in this Response have the meanings ascribed to such terms in the ISDA Master.

"**LBHI Claim**"; collectively, with the LBSF Claim, the "**Claims**"). The proof of claim was filed with respect to the LBHI Guarantee.

9. Also on September 21, 2009, Natixis filed completed responses to the Derivatives Questionnaire (with respect to the LBSF Claim) and the Guarantee Questionnaire (with respect to the LBHI Claim), as required by the Bar Date Order. Among other things, the responses to these Questionnaires included copies of the ISDA Master and related agreements, the Termination Notice, the Calculation Statement, and a spreadsheet listing the transactions under the ISDA Master.

10. On July 23, 2013, the Plan Administrator filed the Objection. The Plan Administrator contends that both the LBSF Claim and the LBHI Claim should be disallowed and expunged, yet provides absolutely no evidence or legal argument supporting its Objection beyond the conclusory assertion that "the Chapter 11 Estates do not owe any of the claimants money". (Objection ¶ 15.) This deficient Objection should be overruled.

## ARGUMENT

**A.    Applicable Legal standard**

11. A properly filed proof of claim constitutes "*prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *see also, e.g., Hasson v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 11 Civ. 8444 (RJS), 2012 U.S. Dist. LEXIS 72728, *10 (S.D.N.Y. May 21, 2012); *In re DJK Residential LLC*, 416 B.R 100, 104 (Bankr. S.D.N.Y. 2009). Once a proper proof of claim is filed, the burden then shifts to the debtor to "produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's sufficiency." *In re Alper Holdings USA*, No. 07-12148 (BRL), 2008 Bankr. LEXIS 86, at *10 (Bankr. S.D.N.Y. 2008) (quoting *In re Spiegel, Inc.*, No. 03-11540,

2007 U.S. Dist. LEXIS 45589, 2007 WL 2456626, *15 (Bankr. S.D.N.Y. Aug. 22, 2007)). Such evidence must be "equal in force" to the claimant's *prima facie* case. *See, e.g., In re Motors Liquidation Co.*, 2012 U.S. Dist. LEXIS 72728 at *10 (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)). Only if the objector succeeds in producing such evidence does the burden "revert[] to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re Alper Holdings USA*, 2008 Bankr. LEXIS 86, at *10. In other words, the burden of proof does not shift to the claimant until the objector has first met its burden of production by providing sufficient evidence to overcome the *prima facie* evidence of the validity and amount of the claim. *Id.*

**B.     The Plan Administrator Has Failed to Meet Its Burden of Production**

12.     Natixis' proofs of claim and supporting documents establish a *prima facie* valid claim. Natixis provided the Plan Administrator with a detailed Calculation Statement over four years ago, outlining the details of Natixis's Loss and providing ample opportunity for the Plan Administrator to respond on the merits. Natixis's proofs of claim were timely filed and well-supported by detailed analysis of the underlying Transactions. Moreover, Natixis's response to the Questionnaires provided additional evidence supporting the calculation of Natixis' claims. As the Plan Administrator admits, the Plan Administrator therefore bears the burden to provide evidence to refute an essential element of Natixis's claim. (Objection ¶ 13 (citing *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009)).

13.     The Plan Administrator's Objection utterly fails to meet this burden. The Objection cites to no evidence whatsoever, let alone evidence sufficient to "refute at least one of the allegations . . . essential" to the Claims. *Alper Holdings*, 2008 Bankr. LEXIS 86, at *10. Rather, the Plan Administrator simply asserts that based on its review of the claims, its

"valuation of the [claims] demonstrates that the Chapter 11 Estates do not owe any of the claimants money and that either no amounts are owed to either party or the claimant in fact owes the Chapter 11 Estates money." (Objection ¶ 15.) While the Objection suggests that a process was followed to value the Claims (*Id.*, ¶ 14), the Objection reveals absolutely nothing about the Plan Administrator's supposed application of this process beyond the conclusory and self-serving assertions that the process was "lengthy," "thorough," and "multi-step" (*Id.*, ¶¶ 14-15) and that this undisclosed process resulted in a "fair, accurate, and reasonable valuation" (*Id.*, ¶ 15). Indeed, that the Plan Administrator's valuation of the many thousands of transactions underlying the Claims (*Id.*, ¶ 15) somehow resulted in an aggregate value of exactly zero or an undetermined negative number—the Plan Administrator is apparently unsure of which—is itself reason to doubt the Plan Administrator's supposed valuation.

14.    It is incontrovertible that bald assertions, bereft of any supporting evidence, are insufficient to rebut the *prima facie* validity of a proof of claim. *See, e.g., In re Minbatiwalla*, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010) ("Specifically, a proof of claim in a bankruptcy proceeding cannot be defeated by mere formal objection . . . .") (quotation omitted). Even the cases cited by the Plan Administrator (Objection ¶ 13) make clear that the Plan Administrator's failure to produce any evidence whatsoever dooms its efforts to overcome the *prima facie* validity of Natixis's claim. *See, e.g., In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("The burden then shifts to the claimant if the objector *produces evidence equal in force to the prima facie case* . . . .") (emphasis added) (quotation omitted); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007) ("Because a properly filed proof of claim is deemed allowed until objected to, such allowance compels the objecting party to go forward and *produce sufficient evidence* to rebut the

claimant's prima facie case.") (emphasis added) (quotation omitted); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000) ("Once an objectant *offers sufficient evidence* to overcome the prima facie validity of the claim, the claimant is required to meet the usual burden of proof to establish the validity of the claim.") (emphasis added).

15. The Plan Administrator's failure to present any evidence supporting its Objection mandates that its Objection be overruled.[2] *See, e.g., In re Minbatiwalla*, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010) ("If the objector does not 'introduce[] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the validity and the amount of the claim.'") (quoting 4 *Collier on Bankruptcy* 502.02[3][f] (rev. ed. 2007)).

16. Natixis reserves all rights with respect to the Claims. Any failure to respond to the Objection on a particular ground or grounds shall not be construed as a waiver of the right to respond on any additional grounds.

---

[2] Because the Objection contains no evidence rebutting Natixis's Claims, the Plan Administrator has waived any right to introduce supporting evidence in reply to this response and the Objection should be denied. *See, e.g., United States v. Noble Jewelry Holdings Ltd.*, 08 Civ. 7826 (JGK)(KNF), 2012 U.S. Dist. LEXIS 51675, at *13-14 (S.D.N.Y. Apr. 9, 2012) ("It is improper for the Court to consider the [evidence] submitted for the first time in reply, because that evidence was not submitted in response to any new material issues raised by the defendants in their opposition brief."); *Wolters Kluwer Fin. Servs. v. Scivantage*, 07 CV 2352 (HB), 2007 U.S. Dist. LEXIS 27048, at *2-3 (S.D.N.Y. Apr. 12, 2007) ("Typically, [when new evidence is introduced in reply], the Court strikes the evidence presented for the first time in reply, and does not consider it for purposes of ruling on the motion. This Court will adopt such a remedy here . . . ."). To the extent the Plan Administrator attempts to put forward its basis for the Objection in a reply, Natixis asks for leave to respond before any hearing on the Objection is scheduled. *See, e.g., Grocery Haulers, Inc. v. C & S Wholesale Grocers, Inc.*, 11 Civ. 3130 (DLC), 2012 U.S. Dist. LEXIS 131598 (S.D.N.Y. Sept. 14, 2012) (granting motion to file sur-reply).

**CONCLUSION**

17.   For the reasons stated herein, Natixis respectfully requests that this Court overrule the Objection; allow the Claims in the amount filed, plus amounts as yet unliquidated; and grant such other, further relief as this Court deems just and proper.

Dated:   New York, New York
         October 18, 2013

Davis Polk & Wardwell LLP

By:  /s/ Amelia T.R. Starr
Amelia T.R. Starr

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4735
Facsimile: (212) 701-5986
Amelia T.R. Starr
James I. McClammy

*Attorneys for Natixis*