**Presentment Date and Time: October 28, 2013 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: October 25, 2013 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objection Filed): November 20, 2013 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**AMENDED NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT
AND ORDER BETWEEN LEHMAN BROTHERS HOLDINGS INC.,
ON BEHALF OF BNC MORTGAGE LLC, AND CITIMORTGAGE, INC.
REGARDING REAL PROPERTY LOCATED IN URBANA, OHIO**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed stipulation, agreement and order between Lehman Brothers Holdings Inc., on behalf of BNC Mortgage LLC., and CitiMortgage, Inc., providing for relief from the automatic stay with regard to certain real property located at 1001 North Dugan Road, Urbana, Ohio (the "Stipulation, Agreement and Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **October 28, 2013 at 12:00 p.m. (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation, Agreement and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **October 25, 2013 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation, Agreement and Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation, Agreement and Order on **November 20, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: October 18, 2013
New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings
Inc. and Certain of its Affiliates

2

**Presentment Date and Time: October 28, 2013 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: October 25, 2013 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objection Filed): November 20, 2013 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered |

**STIPULATION, AGREEMENT AND ORDER**
**BETWEEN LEHMAN BROTHERS HOLDINGS INC.,**
**ON BEHALF OF BNC MORTGAGE LLC, AND CITIMORTGAGE, INC.**
**REGARDING REAL PROPERTY LOCATED IN URBANA, OHIO**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") is entered into by Lehman Brothers Holdings Inc., as Plan Administrator ("LBHI" or the "Plan Administrator") under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), on behalf of BNC Mortgage LLC ("BNC"), and CitiMortgage, Inc. ("Citi" and, together with LBHI and BNC, the "Parties").

US_ACTIVE:\44271738\7\58399.0003

## RECITALS

A.  On September 15, 2008 and January 9, 2009 (as applicable, the "Commencement Date"), LBHI and BNC, respectively, commenced with this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

B.  On December 6, 2011, the Court entered an order confirming the Plan (the "Confirmation Order") (ECF No. 23023). The Plan became effective on March 6, 2012.

C.  Pursuant to paragraph 54 of the Confirmation Order, the automatic stay extant in the Chapter 11 Cases pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") remains in full force and effect.

D.  Citi asserts that on or about March 19, 2001, Platinum Lending ("Platinum") made a $104,000 mortgage loan to Samuel T. Todd, Jr. (the "Borrower"), evidenced by a note, dated March 19, 2001 (the "Platinum Note") and a mortgage deed and security agreement, dated March 19, 2001 (the "Platinum Mortgage" and together with the Platinum Note, the "Platinum Loan"). The Platinum Mortgage encumbers certain real property located at 1001 North Dugan Road, in Urbana, Ohio (the "Property"). The Platinum loan was subsequently assigned to Citi.

E.  Citi also asserts that on or about September 18, 1998, BNC made a $46,750 mortgage loan to the Borrower, secured by an open-end mortgage deed and security agreement (the "BNC Mortgage"). The BNC Mortgage also encumbers the Property. BNC has no record of having an interest in the BNC Mortgage or the Property.

2

F.   On or about June 17, 2011, Citi commenced a foreclosure action in the Court of Common Pleas for Champaign County, Ohio, [No. 11-CV-166] (the "Foreclosure Action").  The Foreclosure Action has been stayed by operation of the Automatic Stay.

G.   In light of the foregoing, and to ensure that Citi is not prohibited by the Automatic Stay from exercising its rights with respect to the Property, the Parties have agreed, subject to approval of this Court, to the terms set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.   This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2.   Upon the Effective Date, the Automatic Stay shall be modified with respect to Citi's interest in the Property and Citi shall be permitted to exercise its rights under applicable non-bankruptcy law against the Property.

3.   Except as provided in paragraph 2, the Automatic Stay, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from BNC's estate and/or assets or property of BNC (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

4.   Upon the Effective Date, Citi, on behalf of itself and any other party, person or entity claiming under or through it (each of the foregoing, a "Citi Releasor"), hereby generally releases, discharges, waives and acquits, unconditionally and irrevocably, the Plan Administrator, LBHI, BNC, and their respective current and former agents, servants, officers, directors, shareholders, employees, subsidiaries, divisions, branches, units, affiliates, parents,

3

attorneys, successors, predecessors, heirs, personal representatives, and assigns (each of the foregoing, a "<u>Released Lehman Party</u>"), from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses and claims of every kind, nature, and character whatsoever, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulation, tort (including, without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that such Citi Releasor ever had or claimed to have or now has or claims to have against any Released Lehman Party arising under or related to the Platinum Loan, the BNC Mortgage or the Property, or any agreements related thereto; *provided, however*, that the foregoing release shall not affect, impair or operate as a release of the rights and obligations of Citi set forth in this Stipulation, Agreement and Order

        5.      All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in the release in paragraph 4. Section 1542 of the California Civil Code reads as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

        6.      This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

7.  Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

8.  Each Party to this Stipulation, Agreement and Order represents that it fully understands the terms hereof.  This Agreement shall not be strictly construed against either Party on the ground that the rules for the construction of contracts require the resolution of any ambiguity against the Party that drafted the document.

9.  This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

10. This Stipulation, Agreement and Order shall be effective immediately upon its entry and shall not be stayed pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

US_ACTIVE:\44271738\7\58399.0003

11.	This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated:	October 9, 2013	/s/ Barbara Dunlevy
	Plainview, New York	Barbara Dunlevy

	ROSICKI, ROSICKI, ASSOCIATES, P.C.
	51 East Bethpage Road
	Plainview, New York 11803
	Telephone: (516) 741-2585
	Facsimile: (516) 873-7243

	Attorneys for Citi Mortgage, Inc.


Dated:	October 16, 2013	/s/ Jacqueline Marcus
	New York, New York	Jacqueline Marcus

	WEIL, GOTSHAL & MANGES LLP
	767 Fifth Avenue
	New York, New York 10153
	Telephone: (212) 310-8000
	Facsimile: (212) 310-8007

	Attorneys for Lehman Brothers Holdings
	Inc. and Certain of its Affiliates


**SO ORDERED**, this ___ day of _____, 2013 in New York, New York

_____
United States Bankruptcy Judge