DAVIDOFF HUTCHER & CITRON LLP  
605 Third Avenue  
New York, New York 10158  
Telephone: (212) 557-7200  
David H. Wander, Esq. (dhw@dhclegal.com)

**Hearing**  
October 24, 2013, at 11:00 a.m.

*Attorneys for the Joint Administrators of*  
*LB Holdings Intermediate 2 Limited*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**OBJECTION BY JOINT ADMINISTRATORS OF LBHI2 TO (I) MOTION OF CARVAL INVESTORS, LLC FOR LEAVE TO EXAMINE LBHI PURSUANT TO BANKRUPTCY RULE 2004; AND (II) MOTION OF DAVIDSON KEMPNER CAPITAL MANAGEMENT LLC, AS INVESTMENT ADVISOR, FOR LEAVE TO EXAMINE LBHI PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURES 2004**

The Joint Administrators[1] (the "Joint Administrators") of LB Holdings Intermediate 2 Limited[2] ("LBHI2"), by and through their counsel, Davidoff Hutcher & Citron LLP, submit this objection to: (i) the motion of CarVal Investors, LLC ("CarVal") dated October 15, 2013 (the "CarVal Motion") (Docket No. 40469) for leave to examine Lehman Brothers Holdings Inc. ("LBHI") and certain of its board members and advisors pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure; (ii) the motion of Davidson Kempner Capital Management LLC ("DK") dated October 16, 2013 (the "DK Motion") (and together with the CarVal Motion, the

---

[1] The Joint Administrators are Derek Anthony Howell, Anthony Victor Lomas, Gillian Eleanor Bruce, Steven Anthony Pearson and Julian Guy Parr. Mr. Howell and Ms. Bruce have primary responsibility for the affairs of LBHI2.

[2] LBHI2 was placed into administration on January 14, 2009 in the High Court of Justice, Chancery Division, under the laws of England and Wales. LBHI2 is being administered by the Joint Administrators appointed to manage its affairs. By filing this Statement, LBHI2 does not consent to the jurisdiction of this Court.

480326v.3

"2004 Exam Motions") (Docket No. 40532) for leave to examine LBHI and certain of its board members and advisors pursuant to Rule 2004 of the Federal Rule of Bankruptcy Procedure, and the joinders thereto, and respectfully state as follows.

## PRELIMINARY STATEMENT

1. The transaction at issue involves only assets of LBHI2, which is subject to insolvency proceedings in the English High Court. LBHI is only a nominal party. The English High Court -- which has jurisdiction over all relevant parties, the assets at issue, and the transaction -- is the appropriate forum to determine any issue with respect to the transaction. Most respectfully, this Court lacks jurisdiction over LBHI2 and its transaction with King Street Capital Management L.P. ("King Street") and Elliott Management Corporation ("Elliott").

2. Notably, the Rule 2004 Motions request documents received or produced by LBHI2, its advisors or the Joint Administrators. These requests are properly addressed to the English High Court.

## ARGUMENT

*A.    Only LBHI2 Assets Are Involved in the Transaction*

3. As disclosed in a press release on October 1, 2013, LBHI2 entered into a commitment letter (the "Commitment Letter") with Elliott, King Street and LBHI to sell, or otherwise enter into participation arrangement in respect of, certain claims held by LBHI2 to Elliott and King Street (the "Transaction"). The Transaction does not involve any of LBHI's assets.

4. As described in the press release, LBHI2 will initially receive £650 million, as well as the right to receive future contingent sums. In exchange, Elliott and King Street, alongside LBHI2 will acquire rights with respect to all of LBHI2's claims against LBIE. In addition, the

Transaction also provides that LBHI2 will share in certain claims against the LBIE estate held by Elliott and King Street.

5. Although the terms of the Transaction are confidential, it is not a straightforward sale of LBHI2's subordinated debt claims against LBIE, the value of which is highly uncertain. First, the Transaction involves other assets of LBHI2, with LBHI2 retaining certain economic interests in those assets. The Transaction also provides substantial financial cover for the LBHI2 estate that is intended to maximize any distribution to existing creditors including, indirectly, LBHI.

6. While not mentioned in the Rule 2004 Motions, there are proceedings ongoing in the English High Court (commonly described as the "Waterfall Litigation") to determine, among other things, the priority status of the subordinated debt. The issues raised in the Waterfall litigation are highly complex and raise points which are presently untested in English law. Until those proceedings are determined conclusively, it is not possible to assess the value of the subordinated debt. The Transaction gives LBHI2 the opportunity to monetize its claim for a substantial amount for the benefit of its creditors.

7. A very significant benefit of the Transaction is that it will likely facilitate an earlier resolution of the LBIE estate than would otherwise be the case, due to the nature of the Elliott and King Street's holdings and the ability of these entities to assist in promoting an overarching settlement of the claims in the LBIE estate. Given the already extensive delays in the resolution of the LBIE estate, that is a significant incentive for the Joint Administrators to enter into the Transaction.

480326v.3

B.  **The Joint Administrators' Disposal of LBHI2's Assets is Not Governed by the Bankruptcy Code**

8.  CarVal and DK incorrectly argue that LBHI2's disposal of its assets should somehow be subject to review under title 11, the U.S. Bankruptcy Code, and that the standards used for the sale of assets in bankruptcy cases under the Bankruptcy Code should apply to the Joint Administrators, who are governed by English Law. Simply put, there can be no serious contention that the Bankruptcy Code applies to the Joint Administrators or the Transaction.

9.  Administrators in an English insolvency proceeding are officers of the court and subject to oversight and control by the English High Court. Further, Administrators are licensed insolvency practitioners and subject to professional regulation. Under English law, Administrators have a certain degree of latitude to choose the way to dispose of the assets of a company in administration and an English court will not substitute its own judgment for that of the administrator. For example, Administrators are not obliged to embark upon a public sale process if they do not think that it is in a company's best interests. Moreover, in assessing an offer, Administrators will consider not only the price, but also any other benefits which the overall deal offers. Here, the Transaction delivers a degree of certainty with respect to major issues facing the LBHI2 estate that would not be available in a similar transaction with other parties.

10. Decisions by English administrators may be challenged in the English court. For example, pursuant to paragraph 74(1) of Schedule B1 of the English Insolvency Act 1986 (the Act), a creditor or shareholder may apply to the English court claiming that:

> (a) The administrator is acting or has acted so unfairly as to harm the interests of the applicant (whether alone or in common with some or all other members or creditors); or
>
> (b) The administrator proposes to act in a way which would unfairly harm the interests of the applicant (whether alone or in common with some or all other members or creditors).

480326v.3

Alternatively, pursuant to paragraph 74(2) of Schedule B1 of the Act, a creditor or member may apply to the English court claiming that the administrator is not performing their functions as quickly or efficiently as is reasonably practicable. Upon such an application, according to paragraph 74(3) of Schedule B1 of the Act, the English court has the authority to fashion an appropriate remedy: it may grant relief, dismiss the application, make an interim order or make any other order it deems appropriate. Furthermore, under paragraph 74(4), the English court has authority to regulate the administrator's exercise of his functions; to require the administrator to do or not do a specific thing; to require a creditors' meeting to be held for a specific purpose; to provide for the appointment of an administrator to cease to have effect; and make such other consequential provisions as the English court deems fit. The English court can also penalize conduct of an administrator, where it amounts to misfeasance and an English court also has a general power to remove an administrator from office.

11. Thus, the conduct of the Joint Administrators in their management of LBHI2 is subject to a complex statutory scheme, administered by the courts of England and Wales. As stated above, there are numerous statutory remedies available to parties that have an interest in LBHI2's insolvency proceedings. However, neither CarVal nor DK is a creditor or shareholder of LBHI2 and accordingly, neither has standing to bring any application under paragraph 74 of Schedule B1 of the Act in the English Court. Clearly, each of the Rule 2004 Motions is an impermissible, attempted end-run around English law and the jurisdiction of the English High Court.

480326v.3

### C.   CarVal's Attempt to Intervene in LBHI2's Proceedings was *Rejected by the English Court*

12.   The Court should note that, following the October 1, 2013 announcement of the Transaction, affiliates of CarVal, along with Baupost Capital Group, L.L.C. ("Baupost"), issued a joint application to the English court seeking to be joined as a party to the Waterfall Litigation, albeit, ostensibly, on an unrelated issue.  That joinder application in English court failed to disclose that CarVal and Baupost had sought to trump the Elliott and King Street bid.  In any event, the English court denied CarVal and Baupost's application on October 11, 2013.  CarVal then filed the instant motion with this Court, on October 15, 2013 and, the next day, Blaupost filed its joinder.

### CONCLUSION

13.   It cannot be disputed that the Transaction concerns the transfer of English assets owned by an English company operated by English administrators, subject to English insolvency law with duties to the English High Court.  LBHI is not disposing of any assets. Accordingly, LBHI2 respectfully requests that the Court deny the Rule 2004 Motions.

Dated:  New York, New York
        October 23, 2013

DAVIDOFF  HUTCHER  &  CITRON  LLP

By:  /s/ David H. Wander
     David H. Wander, Esq.
605 Third Avenue
New York, New York 10158
(212) 557-7200
dhw@dhclegal.com

*Attorneys for The Joint Administrators of LB Holdings Intermediate 2 Ltd.*