WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                  :
**In re**                                         :        **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :        **08-13555 (JMP)**
                                                  :
                                  **Debtors.**    :        **(Jointly Administered)**
                                                  :
-------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER**
**28 U.S.C. § 1746 REGARDING OMNIBUS CLAIMS**
**OBJECTIONS SCHEDULED FOR HEARING ON OCTOBER 24, 2013**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

       Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Amended Order Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

       1.     Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), or LBHI as Plan Administrator under the Modified Third Amended Joint Chapter 11

Plan of LBHI and its Affiliated Debtors (the "Plan Administrator"), filed the following motions

and omnibus claims objections (collectively, the "Claims Objections") with the Court for hearing

on or before October 24, 2013:

> (a)    Four Hundred Thirty-First Omnibus Objection to Claims (Reduce and Allow Claims) **[ECF No. 39569**]
>
> (b)    Debtors' Objection to Claims of Bank of New York Mellon Trust Co., NA, as Trustee for the Michigan Tobacco Settlement Asset-Backed Bonds Series 2007 (Claim Nos. 29721 and 29748) **[ECF No. 40139**]
>
> (c)    Four Hundred Thirty-Sixth Omnibus Objection to Claims (Amended and Superseded and Duplicate Claims) **[ECF No. 40140**]
>
> (d)    Four Hundred Thirty-Eighth Omnibus Objection to Claims (Settled Derivatives Claims) **[ECF No. 40144]**

2.    In accordance with the Second Amended Case Management Order, the

Debtors, or the Plan Administrator, as applicable, established deadlines (the "Response

Deadline") for each Claim Objection for parties to object or file responses.  The Response

Deadlines have been extended for certain creditors from time to time.  The Second Amended

Case Management Order provides that pleadings may be granted without a hearing, provided that

no objections or other responsive pleadings have been filed on or prior to the relevant response

deadline and the attorney for the entity who filed the pleading complies with the relevant

procedural and notice requirements.

3.    The Response Deadlines have now passed and, to the best of my

knowledge, no responsive pleadings to the Claims Objections have been (a) filed with the Court

on the docket of the above-referenced cases in accordance with the procedures set forth in the

Second Amended Case Management Order, or (b) served on counsel to the Debtors or the Plan

Administrator (or such responsive pleadings have been withdrawn) by any of the holders of the

claims included on Exhibit 1 to any of the Orders attached hereto, which include only the proofs

of claim for which the Claims Objection will be granted.  Responses to certain of the Claims

2

Objections were filed on the docket, or served on the Debtors or the Plan Administrator, by holders of certain proofs of claim included on the Claims Objections.  The hearing on the Claims Objections as to any proof of claim for which a response was either filed on the docket or received by the Debtors or the Plan Administrator, and which response has not been resolved, has been adjourned to a future date.

4.    Accordingly, the Debtors and the Plan Administrator respectfully request that the proposed orders granting the Claims Objections annexed hereto as Exhibits A through D, which, except for the inclusion of additional language to indicate that such order is supplemental to a previously entered order for a Claim Objection or to reference the inclusion of separate exhibits attached to the proposed orders for proofs of claim for which the Claims Objection is granted, adjourned or withdrawn, are unmodified since the filing of the Claims Objections, be entered in accordance with the procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: October 23, 2013
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

US_ACTIVE:\44354834\1\58399.0011

**EXHIBIT A**
**(Proposed Order – ECF No. 39569)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
In re                                        :    Chapter 11 Case No.
                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,       :    08-13555 (JMP)
                                             :
                 Debtors.                    :    (Jointly Administered)
---------------------------------------------------------------x
```

### SUPPLEMENTAL ORDER GRANTING FOUR HUNDRED THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS (REDUCE AND ALLOW CLAIMS)

Upon the four hundred thirty-first omnibus objection to claims, dated August 20, 2013 (the "Four Hundred Thirty-First Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to reduce and allow the Reduce and Allow Claims, as more fully described in the Four Hundred Thirty-First Omnibus Objection to Claims; and due and proper notice of the Four Hundred Thirty-First Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Four Hundred Thirty-First Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Four Hundred Thirty-First Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Thirty-First Omnibus Objection to Claims.

ORDERED that the relief requested in the Four Hundred Thirty-First Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Reduce and Allow Claim listed on Exhibit 1 annexed hereto is reduced and allowed in the modified amount and priority set forth on Exhibit 1, and any asserted amounts in excess of the modified amount are disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A to the Four Hundred Thirty-First Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto, and (ii) any claim listed on Exhibit A annexed to the Four Hundred Thirty-First Omnibus Objection to Claims that does not appear on Exhibit 1 annexed to the *Order Granting Four Hundred Thirty-First Omnibus Objection to Claims (Reduce and Allow Claims)* [ECF No. 40254]; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
       New York, New York

                         _____
                         UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 431: EXHIBIT 1 - REDUCE & ALLOW**

| | NAME | CLAIM # | ASSERTED DEBTOR | MODIFIED DEBTOR | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | **AMOUNTS** | | |
| 1 | BLOOMBERG L. & BLOOMBERG FINANCE L.P. | 14322 | Lehman Brothers Holdings Inc. | Lehman Brothers Holdings Inc. | ASSERTED AMT. | $31,279.08 | | | $57,262.23 | $88,541.31 * |
| | | | | | MODIFIED AMT. | $0.00 | | | $57,262.23 | $57,262.23 |

Reason for Reduction: No liability for administrative expense claim because LBHI rejected the contract as of the effective date of LBHI's chapter 11 plan, and the claimant has not provided a sufficient basis to allow the administrative expense claim as actual, necessary costs and expenses of preserving LBHI's estate.

| | ADMINIS-TRATIVE | UNSECURED | TOTAL |
|---|---|---|---|
| TOTAL AMOUNT SUBJECT TO OBJECTION | $31,279.08 | $57,262.23 | $88,541.31 |
| TOTAL CLAIMS AS MODIFIED | $0.00 | $57,262.23 | $57,262.23 |

08-13555-mg    Doc 40693    Filed 10/23/13    Entered 10/23/13 17:06:27    Main Document
Pg 9 of 25

**EXHIBIT B**
**(Proposed Order – ECF No. 40139)**

US_ACTIVE:\44354834\1\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                                                :        **Chapter 11 Case No.**
                                                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**
                                                                     :
                          **Debtors.**                      :        **(Jointly Administered)**
--------------------------------------------------------------------x

**ORDER GRANTING OBJECTION TO CLAIMS OF BANK OF NEW YORK MELLON
TRUST CO., NA, AS TRUSTEE FOR THE MICHIGAN TOBACCO SETTLEMENT
ASSET-BACKED BONDS SERIES 2007 (CLAIM NOS. 29721 AND 29748)**

Upon the objection, dated September 17, 2013 (the "Objection"),[1] of Lehman

Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (together,

the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, seeking to

reduce and allow the claims filed by Bank of New York Mellon Trust Co., NA, as Trustee for the

Michigan Tobacco Settlement Asset-Backed Bonds Series 2007, Claim Nos. 29721 and 29748

(the "Claims") on the grounds that the Chapter 11 Estates and claimants have agreed upon a

claim amount that is not currently reflected on claimants' proofs of claims, all as more fully

described in the Objection; and due and proper notice of the Objection having been provided to

(i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the

Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York;

(v) the Authority; (vi) the Bank of New York Mellon Trust Co., NA, as Trustee for the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Objection.

Authority; and (vii) all other parties entitled to notice in accordance with the procedures set forth

in the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [ECF No. 9635]; and it appearing that no other or

further notice need be provided; and the Court having found and determined that the relief

sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all

parties in interest and that the legal and factual bases set forth in the Objection establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent

provided herein; and it is further

ORDERED that the Claims are  hereby modified and allowed in the amount that

is set forth on Exhibit 1 under the column heading *"Modified Amount"*; *provided that*, the

Authority and its bondholders, as holders of the Claims against both (i) a Chapter 11 Estate,

Lehman Brothers Special Financing Inc., based on a derivatives contract and (ii) LBHI based on

its guarantee relating to that derivatives contract, may not receive an aggregate recovery in

respect of the Claims that is greater than the applicable *"Modified Amount"*; and it is further

ORDERED that (i) the *"Modified Amount"* sets forth the total amount due to the

Authority and its bondholders under, in respect of, or related to the applicable derivatives

contract and (ii) the Claims shall represent the sole right of the Authority and its bondholders to

any distributions from the applicable Chapter 11 Estate under, in respect of, or related to the

applicable derivatives contract; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on <u>Exhibit A</u> to the Objection that does not

appear on <u>Exhibit 1</u> annexed hereto; and it is further

      ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2013
     New York, New York

                        _____
                        UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OBJECTION TO CLAIMS 29721 AND 29748: EXHIBIT 1

| | NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 1 | BANK OF NEW YORK MELLON TRUST COMPANY, NA, THE | 29721 | 9/22/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $4,772,320.00 | | $4,772,320.00 |
| | | | | **CLAIM AS MODIFIED** | | | | **$2,675,000.00** | | **$2,675,000.00** |
| 2 | BANK OF NEW YORK MELLON TRUST COMPANY, NA, THE | 29748 | 9/22/09 | Lehman Brothers Special Financing Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $4,772,320.00 | | $4,772,320.00 |
| | | | | **CLAIM AS MODIFIED** | | | | **$2,675,000.00** | | **$2,675,000.00** |
| | | | | TOTAL ASSERTED | $0.00 | $0.00 | $0.00 | $9,544,640.00 | $0.00 | $9,544,640.00 |
| | | | | TOTAL NOT SUBJECT TO OBJECTION | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | TOTAL SUBJECT TO OBJECTION | 0.00 | 0.00 | 0.00 | 9,544,640.00 | 0.00 | 9,544,640.00 |
| | | | | **TOTAL CLAIM AS MODIFIED** | **$0.00** | **$0.00** | **$0.00** | **$5,350,000.00** | **$0.00** | **$5,350,000.00** |

* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT C**
**(Proposed Order – ECF No. 40140)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                                                                     :          **Chapter 11 Case No.**
                                                                                          :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,          :          **08-13555 (JMP)**
                                                                                          :
                                            **Debtors.**                      :          **(Jointly Administered)**
--------------------------------------------------------------------x

**ORDER GRANTING FOUR**
**HUNDRED THIRTY-SIXTH OMNIBUS OBJECTION**
**TO CLAIMS (AMENDED AND SUPERSEDED AND DUPLICATE CLAIMS)**

Upon the four hundred thirty-sixth omnibus objection to claims, dated September

17, 2013 (the "Four Hundred Thirty-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 6664], seeking disallowance and expungement of the Amended and Superseded and

Duplicate Claims on the basis that such claims have been amended and superseded by or are

duplicates of the corresponding Surviving Claims, all as more fully described in the Four

Hundred Thirty-Sixth Omnibus Objection to Claims; and due and proper notice of the Four

Hundred Thirty-Sixth Omnibus Objection to Claims having been provided to (i) the United

States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal

Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the

claimants listed on Exhibit A attached to the Four Hundred Thirty-Sixth Omnibus Objection to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Four Hundred Thirty-Sixth Omnibus Objection to Claims.

Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in

the second amended order entered on June 17, 2010, governing case management and

administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or

further notice need be provided; and the Court having found and determined that the relief

sought in the Four Hundred Thirty-Sixth Omnibus Objection to Claims is in the best interests of

the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual

bases set forth in the Four Hundred Thirty-Sixth Omnibus Objection to Claims establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the relief requested in the Four Hundred Thirty-Sixth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed*" (collectively,

the "Amended and Superseded and Duplicate Claims") are disallowed and expunged in their

entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading

"*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register

subject to the Plan Administrator's right to further object as set forth herein; and it is further

ORDERED that all information included on and all documentation filed in

support of any Amended and Superseded and Duplicate Claim, including, but not limited to,

derivative and guarantee questionnaires and supporting documentation, shall be treated as having

been filed in support of and included in the corresponding Surviving Claim; and it is further

2

ORDERED that nothing in this Order or the disallowance and expungement of the Amended and Superseded and Duplicate Claims constitutes any admission or finding with respect to any of the Surviving Claims, and the Plan Administrator's rights to object to the Surviving Claims on any basis are preserved; *provided, however,* that notwithstanding anything herein to the contrary, the Plan Administrator may not object to a Surviving Claim that is listed on Exhibit 1 annexed hereto to the extent that it has been allowed by order of the Court or allowed pursuant to a signed settlement or termination agreement authorized by the Court; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Four Hundred Thirty-Sixth Omnibus Objection to Claims under the heading "*Claims to be Disallowed*" that is not listed on Exhibit 1 annexed hereto and (ii) any Surviving Claim; *provided, however*, that if the Court subsequently orders that a Surviving Claim did not appropriately amend and supersede the corresponding Amended and Superseded and Duplicate Claim, then the claims agent shall be authorized and directed to immediately reinstate such Amended and Superseded and Duplicate Claim (the "Reinstated Claim") and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York

                        _____
                        UNITED STATES BANKRUPTCY JUDGE

3

**Exhibit 1**

## IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 436: EXHIBIT 1 – AMENDED & DUPLICATE CLAIMS

| | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | COMMERZBANK AG - GROUP INTENSIVE CARE INTENSIVE CARE CORPORATES INTERNATIONAL ATTN: JOACHIM BALLERSTAEDT KAISERSTRASSE 16 FRANKFURT AM MAIN, 60261 GERMANY | 09/16/2011 | 08-13555 (JMP) | 67664 | $1,250,428,862.00 | COMMERZBANK AG - GROUP INTENSIVE CARE INTENSIVE CARE CORPORATES INTERNATIONAL ATTN: JOACHIM BALLERSTAEDT KAISERSTRASSE 16 FRANKFURT AM MAIN, '60261 GERMANY | 09/10/2013 | 08-13555 (JMP) | 68155 | $277,074,139.77 |
| 2 | RAM, JACOB 4 MANGER STREET HERZELIYA, 46681 ISRAEL | 09/21/2009 | 08-13555 (JMP) | 25516 | $65,232.00 | RAM, JACOB 4 ITZHAK MANGER STREET HERZELIYA, 46681 ISRAEL | 10/20/2009 | 08-13555 (JMP) | 42707 | $142,430.00 |
| | | | | TOTAL | $1,250,494,094.00 | | | | | |

**EXHIBIT D**
**(Proposed Order – ECF No. 40144)**

08-13555-mg    Doc 40693    Filed 10/23/13    Entered 10/23/13 17:06:27    Main Document
Pg 22 of 25

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
In re                                                    :        Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :        08-13555 (JMP)
                                                         :
                            Debtors.              :        (Jointly Administered)
-------------------------------------------------------------------x

### ORDER GRANTING FOUR HUNDRED THIRTY-EIGHTH
### OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

Upon the four hundred thirty-eighth omnibus objection to claims, dated

September 18, 2013 (the "Four Hundred Thirty-Eighth Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator

under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and

Its Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United

States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim [ECF No. 6664], seeking disallowance and expungement of the Settled

Derivatives Claims on the grounds that the Settled Derivatives Claims are contrary to settlements

that the parties have entered into, all as more fully described in the Four Hundred Thirty-Eighth

Omnibus Objection to Claims; and due and proper notice of the Four Hundred Thirty-Eighth

Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region

2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the

United States Attorney for the Southern District of New York; (v) each claimant listed on

Exhibit A attached to the Four Hundred Thirty-Eighth Omnibus Objection to Claims; and (vi) all

other parties entitled to notice in accordance with the procedures set forth in the second amended

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Thirty-Eighth Omnibus Objection to Claims.

order entered on June 17, 2010, governing case management and administrative procedures for

these cases [ECF No. 9635]; and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Four Hundred Thirty-

Eighth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their

creditors, and all parties in interest and that the legal and factual bases set forth in the Four

Hundred Thirty-Eighth Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Thirty-Eighth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Settled

Derivatives Claims listed on Exhibit 1 annexed hereto are disallowed and expunged in their

entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Four Hundred

Thirty-Eighth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto;

and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2013
       New York, New York

                     _____
                     UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 438: EXHIBIT 1 - NO LIABILITY CLAIM - DERIVATIVE**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | GRANITE FINANCE LIMITED | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27820 | Undetermined | Undetermined | No Liability Claim - Derivative |
| 2 | GRANITE FINANCE LIMITED | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 27872 | Undetermined | Undetermined | No Liability Claim - Derivative |
| | | | TOTAL | | | $0.00 | $0.00 | |

* - Indicates claim contains unliquidated and/or undetermined amounts