**DUANE MORRIS LLP**
William C. Heuer, Esquire
1540 Broadway, 14th Floor
New York, NY 10036-4086
(212) 692-1000 (Telephone)
(212) 692-1020 (Facsimile)
and
Lauren Lonergan Taylor, Esquire
Catherine E. Beideman, Esquire
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000 (Telephone)
(215) 979-1020 (Facsimile)

*Counsel for The Travelers Indemnity Co.
& its affiliates*

**No Hearing Scheduled**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                                           :
In re                                                      :    Chapter 11
                                                           :
Lehman Brothers Holdings Inc., *et al.*,                   :    Case No. 08-13555 (JPM)
                                                           :
                                    Debtors.               :    (Jointly Administered)
-----------------------------------------------------------x

**RESPONSE OF THE TRAVELERS INDEMNITY COMPANY AND ITS AFFILIATES
TO THE FOUR HUNDRED TWENTY-FIFTH OMNIBUS OBJECTION
TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)**

The Travelers Indemnity Company and its property casualty insurance affiliates (collectively, "Travelers") by and through their undersigned attorneys, hereby file this Response to the Four Hundred Twenty-Fifth Omnibus Objection to Claims (Insufficient Documentation Claims) (the "Objection") filed by Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan Administrator"), and in support hereof, respectfully state as follows:

DM3\2702753.4

## BACKGROUND

A.   The Bankruptcy Case

1.   Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Petition Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its affiliates (collectively, the "Debtors") filed their respective voluntary petitions for bankruptcy relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.   On July 2, 2009, the Court entered that certain *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* [Docket No. 4271] (the "Bar Date Order"). In or around July, 2008, the Debtor served the *Notice of Deadlines for Filing Proofs of Claim* (the "Bar Date Notice") on certain parties.

B.   The Travelers Insurance Program

3.   Prior to the Petition Date, Travelers issued certain insurance policies (as renewed, amended, modified, endorsed or supplemented from time to time, collectively, the "Policies") to The American Express Company ("AMEX") and certain of its affiliates, including LBHI, as named insureds, for the periods September 30, 1990 through September 30, 1994.

4.   Prior to the Petition Date, Travelers and AMEX and certain of its affiliates, including LBHI, also entered into certain written agreements relating to the Policies (as renewed, amended, modified, endorsed or supplemented from time to time, and including any exhibit or addenda thereto, collectively, the "Related Agreements").

5.   As more particularly described therein, pursuant to the Policies and Related Agreements, Travelers provides, among others, certain worker's compensation, automobile

liability and general liability insurance coverage for specified policy periods subject to certain limits, deductibles, retentions, exclusions, terms and conditions.

6. As of May 31, 1994, LBHI commenced operating as an entity completely independent of and separate from AMEX. Pursuant to the terms of certain of the Related Agreements, LBHI agreed as of May 31, 1994 to assume all of the past, present and future liabilities arising under the Travelers Insurance Program.

7. LBHI entered into an agreement with Travelers dated May 6, 1994 and effective as of May 30, 1994 (the "LBHI Agreement;" together with the Policies and Related Agreements, the "Travelers Insurance Program"), to provide certain worker's compensation, automobile liability and general liability insurance coverage for the period from May 1, 1994 through September 30, 1994, subject to certain limits, deductibles, retentions, exclusions, terms and conditions.

C.   The Proof of Claim

8. Pursuant to the Bar Date Order and Bar Date Notice, Travelers filed a proof of claim against LBHI on September 22, 2009 which was designated as Claim Number 32495 (the "Proof of Claim").

9. The Proof of Claim asserts a claim against LBHI in an unliquidated amount on account of obligations owed to Travelers by LBHI under the Travelers Insurance Program. Such amount was asserted as a secured claim to the extent of the value of the collateral securing such claim and an unsecured claim to the extent of any deficiency.

10. The Proof of Claim contains an attachment (the "Attachment") which details the Travelers Insurance Program and describes the nature of the obligations underlying the Proof of Claim. The Attachment, in turn, contains a schedule which lists the more than seventy (70)

Policies that are the subject of the Travelers Insurance Program, and details the policy periods, policy numbers and lines of coverage for each such Policy (the "Schedule").

11. The Attachment further states that "[t]he documents supporting Travelers claims are voluminous and are available upon request." Proof of Claim at p. 3.

12. On or about April 19, 2013, a representative from Alvarez & Marsal North America, LLC, as agent for the Plan Administrator (the "Agent"), contacted Travelers to discuss the Travelers Insurance Program. Thereafter, Travelers conducted discussions with the Agent and provided certain information to the Agent, including information regarding the nature of the Travelers Insurance Program and the types and amounts of losses incurred thereunder. Moreover, Travelers indicated its willingness to provide additional information to the Agent.

13. On or about July 23, 2013, the Plan Administrator filed the Objection.

## RESPONSE TO OBJECTION

14. The Objection objects to the Proof of Claim and seeks to have it disallowed and expunged solely on the basis that it does not "include sufficient supporting documentation or an explanation as to why documentation is not available." Objection, p. 5.

15. To the contrary, the Proof of Claim both contains supporting documentation and information and states explicitly why additional documentation was not attached thereto.

A. Travelers Complied With The Bar Date Order and The Bar Date Notice

16. The Bar Date Order provides, among other things, that each proof of claim must "include supporting documentation *or an explanation as to why documentation is not available.*" Bar Date Order at p. 6 (emphasis added).

17. The Bar Date Notice similarly provided that, among other things, each proof of claim must "include supporting documentation *or an explanation as to why documentation is not available.*" Bar Date Notice at p. 4 (emphasis added).

4

18. The Bar Date Order and Bar Date Notice simply require that a party filing a proof of claim include documentation supporting that claim, or provide an explanation of why such documentation was not provided. *See* Bar Date Order at p. 6; Bar Date Notice at p. 4.

19. Travelers complied with the foregoing requirement by including in the Proof of Claim detailed information regarding the Travelers Insurance Program as set forth on the face of the Proof of Claim as well as on the Attachment and in the Schedule.

20. Travelers further complied with the requirement in the Bar Date Order and Bar Date Notice by stating in the Proof of Claim that Travelers did not attach additional supporting documentation to the Proof of Claim because such documentation is voluminous. Proof of Claim at p. 3.

21. The Policies and Related Agreements upon which the Proof of Claim is based measure in the thousands of pages, if not the tens of thousands of pages.

22. Rather than burden the docket, claims register, and Debtors' counsel with such documentation, Travelers explained why such documentation was not being provided in the Proof of Claim – i.e., its voluminous nature -- and stated that the documents supporting the Proof of Claim were available upon request.

23. Travelers has clearly complied with the requirement in the Bar Date Order and the Bar Date Notice that either supporting documentation or an explanation for not including such documentation with a proof of claim be provided.

24. The Plan Administrator's argument to the contrary is spurious.

B.  Since The Objection Was Filed, Travelers Has Provided Additional Supporting Documentation

25. A proof of claim constitutes prima facie evidence of the validity of the claim asserted, and a proof of claim will be deemed allowed, unless it is objected to. 11 U.S.C. 502(a); Fed. R. Bankr. P. 3001(f).

26. When a party objects to a proof of claim, it bears the initial burden of demonstrating that the claim should not be allowed. If the objecting party meets this burden, the burden of proof shifts back to the claimant to show that the claim asserted is valid. *See In re MF Global Holdings*, No. 11-2790, 2012 Bankr. LEXIS 5297, at *10 (Bankr. S.D.N.Y. Nov. 13, 2012) ("The party objecting to a proof of claim bears the initial burden of providing evidence to show that the proof of claim should not be allowed. Once the presumption of prima facie validity is overcome -- *e.g.*, the objecting party establishes that the proof of claim lacks a sound legal basis -- the burden shifts to the claimant to support its proof of claim...."); *Feinberg v. Bank of N.Y. (In re Feinberg)*, 442 B.R. 215, 220-21 (Bankr. S.D.N.Y. 2010) ("Once an objectant offers sufficient evidence to overcome the prima facie validity of the claim, the claimant is required to meet the usual burden of proof to establish the validity of the claim."); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

27. Since the filing of the Objection, Travelers has worked with the Plan Administrator to provide additional documentation in support of its Proof of Claim.

28. Specifically, Travelers has provided the following additional documentation to the Plan Administrator:

    a. Agreement between Travelers and AMEX dated September 30, 1990;
    b. Agreement between Travelers and AMEX dated September 30, 1991;
    c. Agreement between Travelers and AMEX dated September 30, 1992;
    d. Agreement between Travelers and AMEX dated September 30, 1993;
    e. Amendment to Agreement Letters between Travelers, AMEX and LBHI dated May 31, 1994;
    f. a list of all Policies;
    g. a summary of open invoices under the LBHI only Policies;

       h. a summary of open invoices under the AMEX/LBHI Policies;
       i. copies of the nineteen (19) open invoices under the LBHI only Policies;
       j. copies of the thirty-one (31) open invoices under the AMEX/LBHI Policies for the 2008-2010 time period;
       k. copies of the thirty-five (35) open invoices under the AMEX/LBHI Policies for the 2011-present time period;
       l. a list of claim by claim losses under the AMEX/LBHI Policies through September 30, 2013; and
       m. a list of claim by claim losses under the LBHI only Policies through September 30, 2013.

29.    Travelers has delivered more than sufficient information and documentation to the Plan Administrator to allow the Plan Administrator to evaluate the merits and validity of the Proof of Claim.

30.    The Plan Administrator bears the initial burden of offering evidence that the Proof of Claim should not be allowed because it lacks a sound legal basis. *See MF Global Holdings,* 2012 Bankr. LEXIS 5297 at *10.

31.    The Plan Administrator has failed to satisfy its initial burden of demonstrating that the Proof of Claim lacks a sound legal foundation solely on the basis of insufficient documentation because (i) the Proof of Claim complied with the Bar Date Order and Bar Date Notice, and (ii) Travelers has provided even further supporting documentation for the Proof of Claim.

32.    Even assuming that the Plan Administrator had satisfied its initial burden and thereby rebutted the presumption of prima facie validity of the Proof of Claim, such that the burden had shifted to Travelers to support its Proof of Claim, Travelers asserts that the information and documentation provided in the Proof of Claim and delivered to the Plan Administrator since the filing of the Objection demonstrate the validity of the Proof of Claim. *See Feinberg,* 442 B.R. at 221-22 (holding that where a creditor filed a claim with allegedly insufficient documentation, but in response to an objection from the debtor provided sufficient

DM3\2702753.4

documentation to prove the validity of its claim, the creditor "established by a preponderance of the evidence the validity and amount of the proof of claim").

33. The Plan Administrator has failed to overcome the prima facie validity of the Proof of Claim based solely on insufficient documentation. Accordingly, the Objection should be denied.

## CONCLUSION

WHEREFORE, The Travelers Indemnity Company and its property casualty insurance affiliates respectfully request that this Court: (a) enter an Order denying the Four Hundred Twenty-Fifth Omnibus Objection to Claims (Insufficient Documentation Claims) as to Travelers; and (b) grant such other relief as the Court deems appropriate.

DATED: October 24, 2013

Respectfully submitted,

DUANE MORRIS LLP
A Delaware Limited Liability Partnership

By: /s/ William C. Heuer
William C. Heuer, Esquire
DUANE MORRIS LLP
1540 Broadway, 14th Floor
New York, NY 10036-4086
(212) 692-1000 (Telephone)
(212) 692-1020 (Facsimile)

and

Lauren Lonergan Taylor, Esq.
Catherine E. Beideman, Esq.
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Facsimile: (215) 979-1020

*Counsel for The Travelers Indemnity Co. & its affiliates*