UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                              :      Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :      08-13555 (JMP)
                                                                   :
                        Debtors.                          :      (Jointly Administered)
-------------------------------------------------------------------x

### ORDER GRANTING OBJECTION TO CLAIMS OF BANK OF NEW YORK MELLON TRUST CO., NA, AS TRUSTEE FOR THE MICHIGAN TOBACCO SETTLEMENT ASSET-BACKED BONDS SERIES 2007 (CLAIM NOS. 29721 AND 29748)

Upon the objection, dated September 17, 2013 (the "Objection"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (together, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, seeking to reduce and allow the claims filed by Bank of New York Mellon Trust Co., NA, as Trustee for the Michigan Tobacco Settlement Asset-Backed Bonds Series 2007, Claim Nos. 29721 and 29748 (the "Claims") on the grounds that the Chapter 11 Estates and claimants have agreed upon a claim amount that is not currently reflected on claimants' proofs of claims, all as more fully described in the Objection; and due and proper notice of the Objection having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the Authority; (vi) the Bank of New York Mellon Trust Co., NA, as Trustee for the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

Authority; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that the Claims are hereby modified and allowed in the amount that is set forth on Exhibit 1 under the column heading *"Modified Amount"*; *provided that*, the Authority and its bondholders, as holders of the Claims against both (i) a Chapter 11 Estate, Lehman Brothers Special Financing Inc., based on a derivatives contract and (ii) LBHI based on its guarantee relating to that derivatives contract, may not receive an aggregate recovery in respect of the Claims that is greater than the applicable *"Modified Amount"*; and it is further

ORDERED that (i) the *"Modified Amount"* sets forth the total amount due to the Authority and its bondholders under, in respect of, or related to the applicable derivatives contract and (ii) the Claims shall represent the sole right of the Authority and its bondholders to any distributions from the applicable Chapter 11 Estate under, in respect of, or related to the applicable derivatives contract; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are

2

expressly reserved with respect to, any claim listed on <u>Exhibit A</u> to the Objection that does not appear on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      October 24, 2013



/s/ James M. Peck
_____
Honorable James M. Peck
United States Bankruptcy Judge