Hearing Date: December 19, 2013 at 10:00 a.m. (Eastern Time)
Response Deadline: December 4, 2013 at 4:00 p.m. (Eastern Time)

REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
Michael A. Rollin

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                            :
**In re**                                                   :        **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*                 :        **08-13555 (JMP)**
                                                            :
                                        **Debtors.**        :        **(Jointly Administered)**
                                                            :
-------------------------------------------------------------------x

**NOTICE OF HEARING ON OBJECTION**
**TO PROOF OF CLAIM NO. 25048 FILED BY BEVERLY M. NEWMAN**

**PLEASE TAKE NOTICE** that on November 4, 2013, Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator") as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors for the entities in the above-referenced chapter 11 cases, filed an objection to proof of

claim number 25048 (the "Objection to Claim"), and that a hearing (the "Hearing") to consider

the Objection to Claim will be held before the Honorable James M. Peck, United States

Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern

District of New York, One Bowling Green, New York, New York, 10004, on **December 19,**

**2013, at 10:00 a.m.** (**Eastern Time**), or as soon thereafter as counsel may be heard.

1573981

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection to Claim must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Plan Administrator, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq.) and Reilly Pozner LLP, 1900 16th Street, Suite 1700, Denver, Colorado 80202 (Attn: Michael Rollin, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Tracy Hope Davis, Esq., Andrea B. Schwartz, Esq., and Susan Golden, Esq.); so as to be so filed and received by no later than **December 4, 2013 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no response is timely filed and served with respect to the Objection to Claim, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection to Claim, which order may be entered with no further notice or opportunity to be heard offered to any party.

2

1573981

Dated:  November 4, 2013

      Denver, Colorado

                                            */s/ Michael A. Rollin*
                                            Michael A. Rollin

                                            REILLY POZNER LLP
                                            1900 16th Street, Suite 1700
                                            Denver, Colorado 80202
                                            Telephone: (303) 893-6100
                                            Facsimile: (303) 893-6110


                                            Attorneys for Lehman Brothers
                                            Holdings Inc. and Certain of Its
                                            Affiliates

1573981

REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
Michael A. Rollin

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                  :
**In re**                                         :          **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*       :          **08-13555 (JMP)**
                                                  :
                                **Debtors.**       :          **(Jointly Administered)**
                                                  :
-------------------------------------------------------------------x

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

## OBJECTION TO PROOF OF CLAIM
## NO. 25048 FILED BY BEVERLY M. NEWMAN

     Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan
Administrator") pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman
Brothers Holdings Inc. and its Affiliated Debtors (the "Plan") for the entities in the above-
referenced chapter 11 cases respectfully represents as follows:

### Relief Requested

     1.    The Plan Administrator files this objection (the "Objection to Claim")
pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule
3007(d) of the Federal Rules of Bankruptcy (the "Bankruptcy Rules") and this Court's Order
approving procedures for the filing of objections to proofs of claim filed in these chapter 11

1573981

cases [ECF No. 6664], seeking disallowance and expungement of Proof of Claim No. 25048 (the "Claim") filed by Beverly A. Newman ("Newman").[1]

2.      Newman filed the Claim against BNC Mortgage, LLC ("BNC").  The Claim is based on Newman's refinance of her home in Ohio, for which BNC was the lender. Newman alleges that she was the victim of TILA and HOEPA violations along with other causes of action allegedly arising from the negligent and predatory origination and underwriting of Newman's refinanced mortgage loan.

3.      By law, neither rescission nor damages are available in this case, thus the Claim is not viable. The Plan Administrator therefore requests that the Claim be disallowed and expunged in its entirety.

4.      The Plan Administrator reserves its rights to object on any other basis to the Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

5.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

6.      Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its affiliates (the "Chapter 11 Estates") commenced with this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code.  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.      On December 6, 2011, the Court approved and entered an order

---

[1] Upon information and belief, Ms. Newman is deceased.  A copy of her death certificate is attached to this objection as Exhibit A.

1573981

confirming the Plan.  The Plan became effective on March 6, 2012.  Pursuant to the Plan, the

Plan Administrator is authorized to interpose and prosecute objections to claims filed against the

Chapter 11 Estates.

### Summary of The Claim

8.    In February 2007, Newman alleges that she contacted Fairfield Mortgage

Company ("Fairfield") about taking out a loan against her home to replace her roof and pay for

an attorney for her grandson.  *See* Claim. She alleges that the attorney wanted a $7,500 retainer

and she did not know how much the roof would cost. *Id.*  Newman alleges that she went to

Fairfield's office and met with a Becky Graves ("Graves").  *Id.*  During that meeting, Newman

completed a loan application requesting a $50,000 loan.  Newman alleges that Graves coerced

her into applying for two and a half times the amount of money she actually needed. *Id.*

9.    An appraisal was performed on the home by Oldtown Appraisals, Inc.

which valued the home at $85,000.  On or about March 28, 2007, BNC lent Ms. Newman

$50,000.  This loan was secured by the property located at 59 E. High Street, Frankfort, Ohio

(the "Property").

10.    On March 28, 2008, Newman filed a claim in the Ross County Court of

Common Pleas against BNC, Graves and Fairfield, alleging multiple causes of action (the

"Underlying Action")[2].  In the Underlying Action, Newman alleged that she was entitled to

rescission, judgment declaring the contracts canceled or reformed, an order enforcing removal

and cancellation of any security interest taken against the premises, damages in the amount of

any money paid to any defendant or any third party in connection with the transaction,

compensatory damages, damages for mental and emotional distress, attorneys fees, and any

---

[2] A suggestion of death was filed in Ross County Court of Common Pleas on February 7, 2013 and the action was
dismissed without prejudice on May 9, 2013.  This resulted in complete dismissal of any claims against Fairfield
Mortgage and Graves.  Order attached as Exhibit B.

1573981

other miscellaneous relief.  The Underlying Action was thereafter stayed pursuant to this bankruptcy proceeding, and Newman attached her complaint in the Underlying Action to the Claim.  Newman passed away on or about March 24, 2011.  *See* Ex. A.

11.     On July 2, 2012, Citibank, N.A., as Trustee for BNC Mortgage Loan Trust Series 2007-3 c/o Ocwen Loan Servicing, LLC ("Citi") filed a Complaint for Foreclosure and Notice Under the Fair Debt Collections Practices Act ("the Foreclosure Action") and thereafter amended the complaint to name Lloyd Conrad Newman aka Conrad Newman, Jr., Newman's son, and Mary Newman, his wife ("Conrad and Mary"), as Defendants.  In the Foreclosure Action, Conrad and Mary disavowed any interest in the Property.  Conrad and Mary pled in their Motion to Dismiss that they had no current claim to or in interest the Property nor did they have any liability with regard to the note associated with the property.  *See* Motion to Dismiss attached as Exhibit C.  Moreover, no estate has been opened nor will be opened by Conrad and Mary.  *See id.*

12.     On May 7, 2013, the Underlying Action was dismissed without prejudice against all parties.

13.     A consent judgment was entered in the Foreclosure Action on August 6, 2013, wherein Conrad and Mary consented to entry of judgment for foreclosure so long as no personal money judgment was to be rendered against them.  The judgment also declares that the amount due Citi is $49,750.31 plus 12.3% interest per annum to be calculated beginning December 1, 2010 and Citi is entitled to have equity of redemption and dower including against unknown heirs at law or under Newman's will.

14.     The Claim seeks to recover $40,000 in damages and rescission.  Under the law, Newman's claims are not allowed.

7

1573981

## The Claim Should Be Disallowed and Expunged

### A. Newman's Claims Cannot be Sustained

15.    Newman is deceased, her heirs have disavowed any interest in the Property, and no substitution of party was ever entered in the Underlying Claim.  No evidence has been submitted to support Newman's allegations and as Newman has not provided any sworn testimony, any statements supporting the majority of her claims and alleged damages are hearsay.  There is no evidence that Newman was not provided with the disclosures required by TILA or HOEPA.  In fact, she attached the requisite disclosures to her Complaint in the Underlying Action.

16.    Newman makes no claims of duress.  She knowingly entered into the loan for the amount stated and at the stated interest rate of 12.3%.  She accepted the proceeds of the entire loan.

17.    A lending institution is not liable for mere negligence.  *Plumbing Connection, Inc. v. Kostelnik*, 69 Ohio Misc. 11, 430 N.E.2d 1340, 1344 (Lake Co. 1980).

18.    Additionally, BNC cannot be liable to Newman under a negligent misrepresentation theory because Newman has not and cannot meet the required elements of such a claim.  Under Ohio law, "[t]he elements of negligent misrepresentation are as follows: One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their *justifiable reliance* upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."  *Delman v. City of Cleveland Heights*, 41 Ohio St.3d 1, 534

1573981

N.E.2d 835, 837-38 (Ohio 1989) ((internal quotations and citations omitted).    Newman can neither establish that BNC supplied any false information to her nor that she justifiably relied on such information.

19.    Newman's claim of negligent lending fails under Ohio law.  This cause of action is set forth in Ohio Revised Code § 1311.011 "Home Construction or purchase contracts, rights and procedures applicable" and is specifically limited to circumstances under which a lending institution makes payments under a home construction contract.  It is not applicable to the facts set forth by Newman.

20.    Newman's claim for unconscionability also fails under Ohio law.  There is no duty for a lender to verify all material information provided by the broker, merely because the broker would financially benefit from a transaction.  Moreover, it is the *broker* who has the fiduciary duty to the borrower.  *See Swayne v. Beebles Investments, Inc.,* 891 N.E.2d 1216, 1226 (Ohio App. 2008) ("A mortgage broker has a fiduciary duty to his or her client.  The relation of principal and agent is always regarded by the court as a fiduciary one, implying trust and confidence.") (internal quotations and citations omitted).

21.    Newman's claims in the Underlying Action against all other parties were dismissed on May 7, 2013.  If any party were liable pursuant to Newman's allegations, it would be the other Defendants in the Underlying Action or parties Newman failed to join.  The only parties with a fiduciary duty to Newman were Fairfield and Graves.

**B.  *The State Law Foreclosure Makes Rescission Unavailable Under the Rooker-Feldman Doctrine***

22.    In her Claim, Newman also seeks rescission of the BNC mortgage. However, because a judgment of foreclosure has been entered, this remedy is not available. Pursuant to the *Rooker-Feldman* doctrine, Newman's request for rescission is "inextricably

intertwined" with the state foreclosure judgment.  *See In re Stuart*, 367 B.R. 541, 551 (E.D. Pa. 2007) ("Regardless of when the alleged right of rescission demand was exercised, the remedy requested by the Plaintiffs in federal court includes the invalidation of the mortgage which was the subject of the state court foreclosure judgment, that judgment being dependent upon the existence of a valid mortgage") (internal quotations and citation omitted).

## Conclusion

23.     As Newman's claims for damages and rescission have no basis, the Plan Administrator respectfully requests that this Court disallow and expunge the Claim.

## Notice

24.     No trustee has been appointed in these chapter 11 cases.  The Plan Administrator has served notice of this Objection to Claim on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the Attorney of Record for Ms. Newman; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

25.     Except as provided herein, no previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

26.     WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated:  November 4, 2013
        Denver, Colorado

                                    /s/ Michael A. Rollin
                                    Michael A. Rollin

1573981

REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its
Affiliates

1573981

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                          :        **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**
                                                               :
                    **Debtors.**                    :        **(Jointly Administered)**
-------------------------------------------------------------------x

## ORDER GRANTING OBJECTION
## TO PROOF OF CLAIM NO. 25048 FILED BY BEVERLY NEWMAN

Upon the objection, dated November 4, 2013 (the "Objection to Claim"), of Lehman Brothers Holdings Inc, as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure, seeking disallowance and expungement of the Claim of Beverly Newman, all as more fully described in the Objection to Claim; and due and proper notice of the Objection to Claim having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection to Claim is in the best interests of the Chapter 11 Estates (as such term is defined the Objection to Claim), their, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection to Claim establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection to Claim is granted; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, Claim No. 25048 is disallowed and expunged in its entirety with prejudice; and it is further

1573981

ORDERED that the Court-appointed claims and noticing agent is authorized and directed to delete Claim No. 25048 from the official claims registry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE