UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x      CASE # 08- 13555 (JMP)
                                          CHAPTER 11
In Re:

    LEHMAN BROTHERS HOLDINGS INC., et.al.

                                              RESPONSE TO
                                          NOTICE OF OBJECTION

                        Debtor.
-----------------------------------x

        ANTHONY BALSAMO, an attorney licensed to practice law in

the State of New York, submits this response in partial

opposition to the NOTICE OF OBJECTION submitted on behalf of

LEHMAN BROTHERS HOLDINGS INC. (LBHI).

        1. Deponent was retained to represent Arthur Boor in the

State Court action captioned as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------x Index No. 8302/2005
Arthur A. Boor and Joanne Boor,

                        Plaintiff,

        -against-

BNC Mortgage, Inc,

                        Defendant,
-------------------------------------------x
BNC Mortgage, Inc.

                Third Party Plaintiff,

        -against-

Jeffrey Alli, Parbati Jaikaran a/k/a Paul
Jacarain a/k/a Paul Jaikaran, and Matteo
Patisso d/b/a New Millennium Capital,

                Third Party Defendants.
-------------------------------------------x

2. At the time deponent was retained, Joanne Boor was deceased.

3. Arthur Boor died on October 23, 2010. His daughter Jeannie Boor, who retained deponent on behalf of her father, was appointed voluntary administrator on December 3, 2010. Ms. Boor has confirmed that this office was to represent the estate's interest in this matter.

4. The action pending in the Supreme Court seeks three items of relief to wit:

> Rescission of Mortgage;
> Compensatory damages;
> Legal fees.

A copy of the amended complaint is annexed as Exhibit A. A copy of BNC's answer is annexed as Exhibit B.

5. Before this action was stayed, BNC had obtained a default judgment against all third party defendants except Matteo Patisso d/b/a New Millennium Capital. (Matteo) A copy of the court order is annexed as Exhibit C.

6. Before this action was stayed, BNC had also moved for an order striking the answer of Matteo, and for an order granting BNC an equitable lien on the subject property. A copy of the Order to Show Cause is annexed as Exhibit D. It should also be noted that BNC did not seek a judgment to dismiss the claim for rescission.

7. The State Court granted BNC an equitable lien on the property in the amount of 26,831.84. The Court also noted that

2

the claim for attorneys fees was withdrawn. The Court, however, did not decide plaintiff's claim for punitive and compensatory damages and permitted the attorney then representing Mr. Boor additional time to respond. A copy of the decision is annexed as Exhibit E.

7. After speaking with Ms. Boor, the claims for punitive and compensatory damages are withdrawn, so that there is no longer pending an action at law.

8. However, the first cause of action should not be expunged, as this is a claim for equitable relief. To be entitled to equitable relief, there must be a showing that there is no action at law available, and the status quo may be substantially restored, Sokolow, Dunaud, Mercadier & Carreras v Lacher, 2999 A.D. 2d 64, 747 N.Y.S. 2d 441 (1st Dept., 2002); Rudman v Cowles Communications, 30 N.Y.2d 1, 330 N.Y.S. 2d 33, 280 N.E. 2d 867.

9. It is respectfully submitted that status quo may be substantially restored as BNC can be made whole by the payment of money. As noted in Exhibit C, BNC has already obtained a judgment on liability against all third party defendants except Matteo. Further, and until the Stay, it was actively pursuing its claim against him. If the mortgage is rescinded, BNC's claim for indemnification against parties who committed the fraud continues. Additionally, BNC has been awarded an equitable lien as noted in Exhibit E. Therefore, contrary to the arguments set forth in paragraphs "17" and "18" of the objection, by allowing

the rescission claim to stand, both the Estate and BNC can be restored to the status quo.

10. Additionally, the allegations contained in the first cause of action also set forth a defense to a potential foreclosure action. It is respectfully submitted that if the court were to grant the objection, and expunge the claim, the Estate may be barred from contesting the validity of the mortgage, and may be barred from presenting evidence that Mr. Boor did not apply for the mortgage, never received the proceeds of the mortgage and never paid off the Chase mortgage.

11. Accordingly, it is respectfully requested that the Court deny the application to expunge the claim for rescission, as set forth in the first cause of action, and refer this matter to the state court, which court has jurisdiction over all parties, as rescission is the only remedy that can restore the status quo for the estate, and the repayment of money by the third party defendants will restore BNC to the status quo.

WHEREFORE, it is respectfully requested that the Court deny the application to expunge the claim for rescission, and for such other and further relief as is just and proper.

DATED: NEW YORK, N. Y.
     November 5, 2013

Yours, etc,
ANTHONY BALSAMO
Attorney for BOOR
111 John Street, Suite 800
NEW YORK, N.Y. 10038
212-785-3434