EXHIBIT "A"

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------X
ARTHUR A. BOOR AND JOANNE BOOR,

                        Plaintiffs,         Index No. 8302-05

        -against-                           VERIFIED AMENDED
                                            COMPLAINT

BNC MORTGAGE, INC.

                        Defendant.
-------------------------------------------X
```

Plaintiffs, complaining of the defendant, by their attorney, Irving Levine, Esq., respectfully alleges as follows:

1. Upon information and belief, plaintiffs Arthur A. Boor and Joanne Boor hereinafter referred to as "Boor" are the owners in fee simple of the real property located in the County of Kings, City and State of New York, said premises being known as 483 Berriman Street, Brooklyn, New York, tax map identifier being block 4454, lot 52. A copy of the metes and bounds description is annexed hereto as Exhibit "A".

2. Upon information and belief, plaintiffs purchased said premises on or about January 28, 1966 and a copy of the deed which was recorded in the Office of the City Register, Kings County Division, on February 3, 1966, is annexed hereto as Exhibit "B".

3. Plaintiffs still reside at said premises and have been living there continuously since they purchased the premises in 1966.

4. Upon information and belief, that all times hereinafter mentioned, defendant, BNC Mortgage, Inc., was and still is a foreign corporation authorized to do business in the State of New York.

5. Upon information and belief, that at all times hereinafter mentioned, said defendant was in the business of making mortgage loans on various parcels of real estate which were located in the City and State of New York.

6. [*DKoeI*] Upon information and belief, that on or about March 4, 2004, plaintiff, Arthur A. Boor, received a letter from Chase Manhattan Mortgage Corporation thanking him for paying off the existing mortgage in the sum of approximately $26,000.00, which mortgage was held by said Chase Manhattan Mortgage Corporation. (See Exhibit "C").

7. Upon information and belief, plaintiff Arthur A. Boor went to the Office of the Register of the City of New York, Kings County [*DKoeI*] Division, to investigate the matter of the satisfied Chase Manhattan Mortgage and in addition made numerous telephone calls to Chase Manhattan Mortgage and to others to inquire who satisfied said mortgage.

8. Upon information and belief, upon checking the records at the Office of the City Register, plaintiff Arthur A. Boor verified that [*Denies K except*] someone, unknown to him, satisfied the mortgage on his house and that there was a new mortgage placed against his house as a lien, in the sum of $245,000.00 which mortgage was held by the defendant who is located in Irvine, California. A copy of said purported mortgage indicating the signature pages is annexed hereto as Exhibit "D".

9. [*Denies IdB up K/apt*] The purported mortgage indicated that plaintiffs had executed the same and that they had received $245,000.00 from the lender less expenses was totally false as the signatures on said mortgage were not those of the plaintiff Arthur Boor or his wife Joanne Boor.

10. Upon information and belief, neither plaintiff, Arthur A. Boor nor his wife Joanne Boor ever appeared at any mortgage closing, never signed any note or mortgage or other papers nor authorized anyone to act on their behalf, and never received any of the proceeds from the alleged mortgagee, BNC Mortgage, Inc.

*Denies* [handwritten annotation next to ¶10]

11. The signatures purporting to be those of the plaintiff Arthur A. Boor and his wife, plaintiff Joanne Boor were forgeries. Annexed hereto as Exhibit "E" are pictures furnished by the title company, Partners Abstract, indicating who appeared at the closing and signed the mortgage papers.

*Denies* [handwritten annotation next to ¶11]

12. Upon information and belief, plaintiffs never signed the purported mortgage or any other documents for BNC Mortgage, Inc. In fact, once Arthur Boor discovered what had transpired, he filed a complaint with the Fraud Bureau of the Kings County District Attorneys Office and this matter is being investigated and handled by Assistant District Attorney, Dan Riley.

13. The fraud committed by the defendant is that it placed a mortgage lien in the sum of $245,000.00 against the house owned by the plaintiffs without the permission and consent of the plaintiffs.

*Denies* [handwritten annotation next to ¶13]

14. The mortgage owned by BNC Mortgage, Inc., was eventually sold to Deutsche Bank and Deutsche Bank commenced an action to foreclose the $245,000.00 mortgage.

[*ADMIT*] 15. Counsel for the plaintiffs contacted BNC Mortgage, Inc., and prevailed upon them to repurchase the mortgage from Deutsche Bank and Deutsche Bank discontinued the foreclosure action.

[*Denies*] 16. The commencement of the foreclosure action and plaintiffs refusal to make any payments on the mortgage were communicated by the defendant to various credit agencies and plaintiffs credit has been seriously damaged and affected by the negative reports that the credit companies obtained through the defendant.

[*Denies*] 17. The plaintiffs request that the fraudulently obtained mortgage be vacated as the same is a continuing lien on the premises and has seriously damaged the credit worthiness of the plaintiffs.

### FOR A SECOND CAUSE OF ACTION

18. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "17" with the same force and effect as if fully set forth herein as length.

[*Denies*] 19. By reason of the foregoing, plaintiffs have been damaged in the sum of $500,000.00 plus reasonable attorneys fees in the prosecution of this action plus punitive damages in the sum of $1,000,000.00 for permitting and allowing said mortgage to be placed as a lien on plaintiff's property and permitting and allowing plaintiffs credit history to be damaged in such a manner that the plaintiffs are unable to obtain credit from any bank or credit card company.

**WHEREFORE,** plaintiff demands a judgment vacating the mortgage dated May 18, 2004, which is a lien on premises 483 Berriman Street, Brooklyn, New York and granting to the plaintiffs damages in the sum of $500,000.00 and punitive damages in the sum of $1,000,000.00 plus reasonable legal fees incurred in the prosecution of this action and for such other and further relief as this Court may deem just and proper in the premises.

Dated: New York, New York
      April 22 2005

 

                                                      s/
                                         BY: IRVING LEVINE, ESQ.
                                         ATTORNEY FOR PLAINTIFFS
                                         291 BROADWAY SUITE 1100
                                         NEW YORK, NY 10007
                                         (212) 233-3737