EXHIBIT "B"

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------X
ARTHUR A. BOOR and JOANNE BOOR,

                        Plaintiffs,           VERIFIED ANSWER
                                              AND COUNTERCLAIMS
        -against-

BNC MORTGAGE, INC.,                           Index No. 8302/05

                        Defendant.
---------------------------------------X
```

Defendant BNC Mortgage, Inc., by its attorneys, Miller, Rosado & Algios, LLP, as and for its answer to the complaint of plaintiffs Arthur A. Boor and Joanne Boor, alleges as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1", "2", "3", "6", "7" and "13" of the complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the complaint, except admits the Chase Manhattan Mortgage Corporation mortgage on the premises in question was satisfied and that there was a new mortgage placed on said premises, and refers to said new mortgage for the terms thereof.

3. Denies upon information and belief each and every allegation contained in paragraph "9" of the complaint, except admits that the mortgage in question indicated that plaintiffs executed it and that they had received $245,000 from the lender.

4. Denies each and every allegation contained in paragraphs

1

"10", "11", "16", "17" and "19" of the complaint.

5. Denies each and every allegation contained in paragraph "12" of the complaint, except denies knowledge or information sufficient to form a belief as to truth of the allegations concerning plaintiffs' filing of a complaint with the District Attorney's office and the handling thereof by that office.

6. Denies each and every allegation contained in paragraph "15" of the complaint, except admits that plaintiffs' counsel contacted defendant to request that defendant obtain the mortgage from Deutsche Bank.

7. Repeats and realleges its answer to the allegations made in paragraphs "1" through "17" of the complaint as its answer to paragraph "18" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8. Plaintiff has failed to allege fraud with the particularity required by CPLR 3016(b).

## AS AND FOR A FIRST COUNTERCLAIM

9. The Court should declare that defendant is the holder of a duly valid mortgage on the Premises known as 483 Berriman Street, Brooklyn, New York, identified on the tax map of the City of New York, County of Kings as Block 4454, Lot 52, given by plaintiffs on February 24, 2004.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE AND SECOND COUNTERCLAIM

10. Upon information and belief, prior to February 24,

2

2004, Chase Manhattan Mortgage Corporation ("Chase") was the holder of a note executed by one or both of plaintiffs, which note was secured by a mortgage over the same premises that are the subject of this action (the "Premises").

11.  $26,831.84 of the proceeds of the mortgage purportedly given by plaintiffs to defendant on or about February 24, 2004 were utilized to pay Chase and thereby satisfy plaintiffs' obligation to Chase under the aforesaid note and mortgage.

12.  In the event this Court determines that the February 24, 2004 mortgage should be vacated because of the forgeries alleged by plaintiffs, the Court should declare an equitable lien on the Premises in favor of defendant in the amount of $26,831.84, plus interest at the rate of 9% per annum from February 24, 2004.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE AND THIRD COUNTERCLAIM

13.  Defendant repeats and realleges each and every allegation contained in paragraphs "10" through "12" above, as if fully set forth herein at length.

14.  In the event this Court determines that the February 24, 2004 mortgage should be vacated because of the forgeries alleged by plaintiffs, plaintiffs have been unjustly enriched, and are jointly and severally liable to defendant in the amount of $26,831.84, plus interest at the rate of 9% per annum from February 24, 2004.

3

WHEREFORE, defendant BNC Mortgage, Inc. demands judgment:

a. dismissing the complaint in its entirety;

b. declaring that defendant is the holder of a duly valid mortgage in the principal amount of $245,000.00 on the Premises known as 483 Berriman Street, Brooklyn, New York, identified on the tax map of the City of New York, County of Kings as Block 4454, Lot 52, given by plaintiffs on February 24, 2004;

c. in the event this Court determines that the aforesaid mortgage should be vacated, granting an equitable lien on the Premises in favor of defendant in the amount of $26,831.84, plus interest at the rate of 9% per annum from February 24, 2004;

d. in the event this Court determines that the aforesaid mortgage should be vacated, awarding defendant a money judgment against plaintiffs, jointly and severally, in the amount of $26,831.84, plus interest at the rate of 9% per annum from February 24, 2004; and

e. awarding the costs and disbursements of this action, and such other relief as to the Court seems just and proper.

_____
MILLER, ROSADO & ALGIOS, LLP
By: Christopher Rosado, Esq.
Attorneys for Defendant BNC Mortgage, Inc.
200 Old Country Road
Suite 590
Mineola, New York 11501
(516) 512-0200

<u>VERIFICATION</u>

STATE OF NEW YORK)
                 ) ss.:
COUNTY OF NASSAU )

    CHRISTOPHER ROSADO, being duly sworn, deposes and says:

    That he is a partner of Miller, Rosado & Algios, LLP, attorneys for defendant BNC Mortgage, Inc. in the above entitled action with offices located at 200 Old Country Road, Suite 590, Mineola, New York, in the County of Nassau; that he has read the foregoing Answer And Counterclaims and knows the contents thereof; that the same is true to his knowledge, except as to the matters stated to be alleged upon information and belief, and that as to those matters, he believes them to be true.

    That the reason why this verification is made by deponent instead of defendant is because defendant is not within the County of Nassau, which is the county where deponent has his office. Deponent further says that the grounds of his knowledge and belief as to all matters in the Answer And Counterclaims are based upon a review of the writings relevant to this action.

_____
CHRISTOPHER ROSADO

Sworn to before me this
12th day of April, 2005

_____
Notary Public

ALEXANDER J GALVEZ
NOTARY PUBLIC STATE OF NEW YORK
NO. 02GA6059424
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES MAY 29, 2007