# DiConza Traurig LLP

ATTORNEYS AT LAW

630 Third Avenue| 7th Floor| New York, NY 10017

www.dtlawgroup.com

WRITER'S EMAIL:
akadish@dtlawgroup.com
DIRECT DIAL: (646) 863-4303

PHONE: 212.682.4940
FAX: 212.682.4942

November 8, 2013

(E-Filed and by FedEx)

Hon. James M. Peck
United States Bankruptcy Court
One Bowling Green
New York, New York 10004-1408

  Re: *In re Lehman Brothers Holdings, Inc., et al., Debtors*
    Chapter 11 Case No. 08-13555 (JMP) (Jt. Admin.):
    *Motion Pursuant to Rule 9019 . . . for Approval of (I) Partial Settlement Agreements Relating to Certain Credit Default Swap Agreements and Indentures . . .*, filed on behalf of Lehman Brothers Holdings Inc., as Plan Administrator (Docket No. 40573) (the "9019 Motion")
    Objection Date: November 13, 2013 at 4:00 p.m.
    Hearing Date: November 20, 2013 at 10:00 a.m.

Dear Judge Peck:

This firm has recently been retained to represent **BAC Florida Bank ("BAC")** in connection with the referenced matter.

BAC holds $6,000,000 out of a total of $16,000,000 of Class B Notes issued and outstanding in the so-called "Exum Ridge 2007-2" swap transaction that is the subject of litigation in this court and described in the referenced 9019 Motion, by which the Plan Administrator seeks approval of three settlements of litigation over three separate swap transactions. BAC has been advised by Greenberg Traurig LLP in the Lehman matters but, with respect to a potential objection to the pending 9019 Motion, Greenberg Traurig informs it now has a perceived, potential or actual conflict situation which has arisen in respect of certain issues raised by the 9019 Motion. Given our firm's engagement as conflict counsel just this week, we requested of counsel for the movant an adjournment of the current objection deadline and hearing date, stated above, as they relate to one proposed settlement, that of the litigation over the Exum Ridge 2007-2 investment in which BAC participates.

Counsel for the movants declined my request for adjournment although a short extension of the objection deadline from Wednesday, November 13th to Friday morning, November 15th at 10 a.m. was given. However, this will be insufficient for BAC and its undersigned new counsel to obtain and evaluate relevant documents and information and, as we anticipate, fully set out BAC's opposition.

**DiConza Traurig LLP**

Hon. James M. Peck
November 8, 2013

We respectfully request that the Court extend the objection deadline and adjourn the hearing on the 9019 Motion with respect to the Exum Ridge 2007-2 transaction to the next regularly scheduled Lehman hearing date before this court in about a month, for the following reasons, stated very briefly, and to avoid the substance of any purported confidential information or documents:

1. The transactions and proposed settlement at issue are complex and new counsel requires time to come to speed. An initial adjournment should be provided as a matter of courtesy.

2. There is no prejudice to the Plan Administrator or creditors from an adjournment. On the other hand, absent an adjournment, BAC would be prejudiced and, together with its new counsel, it should be afforded a reasonable time to formulate its positions, and if necessary, articulate its objections.

3. The settlement agreement and other pertinent documents were not filed with the 9019 Motion as the movant designated them as confidential. BAC has over the last period worked to obtain and review these disparate materials so it was unable to commence its analysis at the time the motion was filed, thus effectively shrinking its response period.

4. Because the movant designated the settlement and other pertinent documents as confidential, BAC will have to prepare a motion to file under seal, increasing the process and number of documents necessary to assert an objection.

5. In the motion (footnote 5), the Plan Administrator states that an affidavit in support of the motion will be filed. However, the affidavit has not yet been filed; nor has the Plan Administrator furnished it to BAC. It is improper for the movants to insist that BAC go forward when the movants have not filed an affidavit that purports to support the 9019 Motion.

6. A "fairness opinion," referenced in the 9019 Motion, was just provided yesterday.

7. The key substantive reason the Plan Administrator provided for not agreeing to an extension was the argument that the settlement itself would protect BAC as an objecting party. Awkwardly, that puts the cart before the horse. BAC believes the settlement does not protect it and that the court should not approve the settlement. BAC is entitled to a fair opportunity to articulate and present the merits of its objection.

**DiConza Traurig LLP**

Hon. James M. Peck
November 8, 2013

Therefore, BAC respectfully seeks an appropriate adjournment consistent with the foregoing.

Respectfully,

DiCONZA TRAURIG LLP

By: _____
Allen G. Kadish

cc by email:
    Jacqueline Marcus, Esq., Weil Gotshal & Manges LLP
    Christopher Cox, Esq., Weil Gotshal & Manges LLP
    Candice Arthur, Esq., Weil Gotshal & Manges LLP
    Ruben Diaz, Jr., Esq., BAC Florida Bank
    Gary Ticoll, Esq., Greenberg Traurig LLP