WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons
Ralph I. Miller

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                          :

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------------x

### NOTICE OF MOTION PURSUANT TO SECTION 502(C) OF THE BANKRUPTCY CODE AND SECTION 9.3 OF THE MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS TO ESTIMATE THE ALLOWED AMOUNTS OF CERTAIN EMPLOYEE INDEMNIFICATION CLAIMS

      **PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "Motion")

of Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator

under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and

Its Affiliated Debtors (the "Plan"),[1] for approval, pursuant to section 502(c) of chapter 11 of title

11 of the United States Code and Section 9.3 of the Plan, to estimate certain proofs of claim or

portions of proofs of claim filed against LBHI for the purposes of establishing the Allowed

amount of such claims or the portions of such claims, all as more fully described in the Motion,

will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling

Green, New York, New York 10004 (the "Bankruptcy Court"), on **December 19, 2013 at 10:00**

**a.m. (Prevailing Eastern Time)** (the "Hearing").

          **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion

shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local

Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of

the objecting party, the basis for the objection and the specific grounds thereof, shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable

portable document format (PDF) (with a hard copy delivered directly to Chambers), in

accordance with the customary practices of the Bankruptcy Court and General Order M-399, to

the extent applicable, and shall be served in accordance with General Order M-399 upon: (i) the

chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004;

(ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Ralph

I. Miller, Esq., Robert J. Lemons, and Maurice Horwitz, Esq., attorneys for LBHI and certain of

its affiliates; (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office

Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Tracy Hope Davis,

Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.; (iv) all parties who have requested

notice in these chapter 11 cases; and (v) all parties with a particularized interest in the Motion, so

as to be so filed and received no later than **December 12, 2013 at 4:00 p.m. (prevailing Eastern**

**Time) (the "Objection Deadline").**

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: November 12, 2013
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons
Ralph I. Miller

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

3

HEARING DATE AND TIME: December 19, 2013 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: December 12, 2013 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons
Ralph I. Miller

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                   :
**In re**                                          :      **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,       :      **08-13555 (JMP)**
                                                   :
                                **Debtors.**       :      **(Jointly Administered)**
                                                   :
-------------------------------------------------------------------x

## MOTION PURSUANT TO SECTION 502(C)
## OF THE BANKRUPTCY CODE AND SECTION 9.3 OF THE
## MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN
## BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS TO ESTIMATE THE
## ALLOWED AMOUNTS OF CERTAIN EMPLOYEE INDEMNIFICATION CLAIMS

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan")[1] for the entities in the above-referenced

chapter 11 cases (the "Chapter 11 Estates"), files this motion and respectfully represents:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

US_ACTIVE:\44354235\11\58399.0008

**Preliminary Statement**

1.        The proofs of claim identified on Exhibit A were filed against LBHI by alleged former employees of the Chapter 11 Estates or their affiliates (each a "Claimant," and collectively, the "Claimants").[2]  These proofs of claim assert, either in whole or in part, contingent and unliquidated claims for indemnification and advancement of defense costs from LBHI in connection with any litigations or other proceedings that have been or could be initiated against, or otherwise involve, the Claimants (such claims or relevant portions of such claims, collectively, the "Employee Indemnification Claims").  The Claimants alleged in their proofs of claim that LBHI may owe such obligations pursuant to LBHI's bylaws or other documents.  However, Claimants did not point to any costs incurred or judgments entered against them that could be subject to the alleged indemnities referenced in the claims.  In many cases, the Employee Indemnification Claims did not identify any specific litigations or other proceedings that had been threatened against the Claimants, nor did they allege any facts to suggest litigations or proceedings were likely to be commenced against or somehow involve them.

2.        Further, no Claimant has amended his or her Employee Indemnification Claim to assert that such claim is no longer contingent, and Claimants may no longer amend their Employee Indemnification Claims without Court approval.  (Order Confirming Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors [ECF No. 23023] at ¶ 86.)  As set forth in greater detail below, the Plan Administrator contacted the Claimants, in writing, and requested that they support and liquidate their Employee Indemnification Claims.  None of the Claimants responded to the Plan Administrator's request.  Accordingly, based on the evidence provided by the Claimants to the Plan Administrator—or

---

[2]  At this time, the Plan Administrator has not confirmed, and reserves the right to dispute, that any of the Claimants were in fact employed by any of the Chapter 11 Estates.

US_ACTIVE:\44354235\11\58399.0008

lack thereof—and reasonable diligence conducted by the Plan Administrator, the Employee

Indemnification Claims remain contingent and unliquidated.

3.      As set forth in greater detail below, the Employee Indemnification Claims

should be estimated in the Allowed amount of zero dollars because, based on the information

provided by the Claimants to date and upon reasonable diligence by the Plan Administrator,

LBHI's alleged liability for such claims is so contingent and speculative that the Employee

Indemnification Claims likely will remain contingent and unliquidated indefinitely.

## **Jurisdiction**

4.      This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334 and section 14.1 of the Plan.  This is a core proceeding

pursuant to 28 U.S.C. § 157(b).

## **Background**

5.      Commencing on September 15, 2008 and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases (together, the "Chapter

11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The

Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly

administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

6.      On December 6, 2011, the Court approved and entered an order

confirming the Plan [ECF No. 23023] (the "Confirmation Order").  The Plan became effective

on March 6, 2012.  Pursuant to section 9.3 of the Plan, the Plan Administrator is authorized to

request that the Court estimate any contingent or unliquidated claims filed against the Chapter 11

Estates.

7.      On August 28, 2013, LBHI sent a letter (the "Letter"), a sample of which is attached hereto as Exhibit B, to each Claimant requesting more information concerning the Claimant's Employee Indemnification Claim.  The Letter, among other things:

- identified the Claimant as a holder of an Employee Indemnification Claim;

- indicated that the Employee Indemnification Claim had not been amended to assert a claim that was no longer contingent and unliquidated;

- offered to Allow the claim for distribution purposes under the Plan, to the extent the Claimant had actually incurred any costs and such costs were verifiable, reasonable, and subject to a valid and enforceable indemnity;

- contained specific instructions to respond to the Letter and communicate with the Plan Administrator; and

- warned that the Claimant's failure to respond to the Letter by October 16, 2013 (the "Letter Response Deadline") would be taken to mean that the Claimant had not actually incurred any costs that could be asserted under the Employee Indemnification Claim, and that the Plan Administrator would proceed to seek an estimation of the claim at zero dollars for distribution purposes under the Plan.

None of the Claimants responded to the Letter or otherwise corresponded with the Plan Administrator prior to (or following) the Letter Response Deadline.  Moreover, none of the Letters was returned as undeliverable.

## The Employee Indemnification Claims

8.      The Plan Administrator has determined that the Employee Indemnification Claims can be grouped into two categories of claims.  With respect to the first category of Employee Indemnification Claims (i.e., the "No Litigation Claims"), the Plan Administrator is not aware of any litigation or other proceeding that has or had been commenced against the Claimants, and the Claimants did not indicate in their proofs of claim—nor have Claimants communicated to the Plan Administrator—that any such litigation or other proceeding has or had been commenced.  With respect to the second category of Employee Indemnification Claims

4

(*i.e.*, the "Litigation Claims"), the Plan Administrator is aware of at least one litigation or other proceeding that has or had been commenced against or otherwise involved the Claimants. The Plan Administrator became aware of such litigations or other proceedings either through its own diligence or because the Claimants mentioned such litigations or proceedings in their proofs of claim. Exhibit A annexed hereto specifies which Claimants hold No Litigation Claims (the "No Litigation Claimants") and which Claimants hold Litigation Claims (the "Litigation Claimants").

9.    With respect to certain Litigation Claims, the Plan Administrator has determined, after reasonable diligence, that some or all of the litigations that had been commenced against the Claimants have been fully and finally resolved as against such Claimants as a result of settlement agreements, orders of dismissal, and/or voluntary dismissals. *See, e.g.*, Final Judgment and Order of Dismissal with Prejudice, *In re Lehman Bros. Secs. & ERISA Litig.*, No. 09-MD-2017 (S.D.N.Y. Jun. 21, 2012); Bar and Judgment Reduction Order, *Fed. Home Loan Bank of Boston v. Ally Fin., Inc.*, No. 11-1533, (Mass. Supp. Apr. 30, 2012); Notice of Voluntary Dismissal with Prejudice, *In re Lehman Bros. Secs. & ERISA Litig.*, No. 09-MD-2017 (S.D.N.Y. Jan. 10, 2012); Notice of Voluntary Dismissal with Prejudice, *In re Lehman Bros. Secs. & ERISA Litig.*, No. 09-MD-2017 (S.D.N.Y. Nov. 28, 2011); Order on Notice of Dismissal with Prejudice, *Openwave Sys. Inc. v. Fuld*, No. 08-05683 (N.D. Cal. Jan. 20, 2010). For other Litigation Claims, the Plan Administrator is not aware of, and the Claimants have not communicated to the Plan Administrator the existence of, a resolution or conclusion of the litigations or proceedings that had been commenced against or otherwise involved the Claimants.

US_ACTIVE:\44354235\11\58399.0008

**Relief Requested**

10.      Pursuant to section 502(c) of the Bankruptcy Code and section 9.3 of the

Plan, the Plan Administrator requests that the Court estimate each Employee Indemnification

Claim in the Allowed amount of zero dollars.[3]

**Basis for Relief Requested**

11.      Section 9.3 of the Plan provides that "the Plan Administrator may at any

time request on behalf of any Debtor that the Bankruptcy Court estimate any contingent,

unliquidated, or Disputed Claim, to the extent permitted by the Bankruptcy Code and

Bankruptcy Rules."  (Plan at § 9.3.)  Section 9.3 of the Plan further provides that "[i]n the event

that the Bankruptcy Court estimates any contingent, unliquidated or Disputed Claim, the amount

so estimated may constitute (i) the Allowed amount of such Claim . . . ."  (*Id.* at § 9.3.)

12.      The Bankruptcy Code permits estimation of contingent or unliquidated

claims pursuant to section 502(c), which reads, in pertinent part, as follows:

> There shall be estimated for purposes of allowance under this
> section – (1) any contingent or unliquidated claim, the fixing or
> liquidation of which, as the case may be, would unduly delay the
> administration of the case . . . .

11 U.S.C. § 502(c).  The Bankruptcy Code uses the word "shall," and, therefore, estimation of a

contingent or unliquidated claim is mandatory rather than permissive if the fixing or liquidation

of such claim would unduly delay the administration of the case.  *See, e.g.*, *International*

*Brotherhood of Teamsters v. IML Freight, Inc.*, 789 F.2d 1460, 1463 (10th Cir. 1986); *In re Club*

---

[3]  The Plan Administrator reserves all rights to object on any ground to any Employee Indemnification Claim as to
which the Court does not grant the relief requested herein, including, but not limited to, the right to object to any
such Employee Indemnification Claim on the bases that neither LBHI's bylaws nor the other documents cited in the
Employee Indemnification Claims give rise to an obligation on the part of LBHI to provide indemnification or
advance defense costs and/or that any such claims should either be disallowed or subordinated pursuant to sections
502(e)(1)(B) and 510(b) of the Bankruptcy Code.  The Plan Administrator also reserves all rights to object on any
ground to the portion of any claim listed on <u>Exhibit A</u> that is not the subject of this Motion.

US_ACTIVE:\44354235\11\58399.0008

*Ventures Inv. LLC*, No. 11-10891, 2012 WL 6139082, at *4 (Bankr. S.D.N.Y. 2012); In *re*

*Frontier Airlines, Inc.*, 137 B.R. 811, 814 (D. Colo. 1992).  Courts have held that even where no

undue delay exists, estimation of a contingent or unliquidated claim is within the discretion of

the Court.  *See, e.g.*, *Apex Oil Co. v. Stinnes Interoil, Inc.*, (*In re Apex Oil Co.*), 107 B.R. 189,

193 (Bank. E.D. Mo. 1989).

      13.    Estimation requires only "sufficient evidence on which to base a

reasonable estimate of the claim."  *Bittner v. Borne Chem. Co., Inc.*, 691 F.2d 134, 135 (3d Cir.

1982).  "Neither the [Bankruptcy] Code nor the [Bankruptcy] Rules prescribe any method for

estimating a claim, and it is therefore committed to the reasonable discretion of the court, which

should employ whatever method is best suited to the circumstances of the case."  *In re Ralph*

*Lauren Womenswear, Inc.*, 197 B.R. 771, 775 (Bankr. S.D.N.Y. 1996) (internal citations

omitted); *accord Bittner*, 691 F.2d at 135.

      14.    Where there is no likelihood of legal liability on a proof of claim,

estimation at zero dollars for purposes of distribution is appropriate.  *See, e.g.*, *In re Genesis*

*Health Ventures, Inc.* 272 B.R. 558 (Bankr. D. Del. 2002), aff'd 112 Fed. Appx. 140 (3d Cir.

2004) (estimating claim under federal False Claims Act at zero dollars because claimant failed to

adduce evidence required to show violation of same).  In addition, courts have found that the

greater the contingency of the claim, the more likely it is to be estimated at zero dollars.  *See In*

*re Rock & Republic Enters.*, No. 10-11728, 2011 WL 4756571, at *6-9 (Bankr. S.D.N.Y. 2011)

(finding that if the relevant contingent indemnification claim were estimated, the court would

estimate such claim at zero dollars in light of its highly speculative nature and the "multi-tiered"

contingencies involved); *In re Amatex Corp.*, 110 B.R. 168, 170 (Bankr. E.D. Pa. 1990)

("Pursuant to 11 U.S.C. § 502(c)(1), a contingent claimant is said to generally be entitled to file a

US_ACTIVE:\44354235\11\58399.0008

claim, but the amount of the claim is subject to estimation by the bankruptcy court.  We note that

such claims are often fragile in the face of the estimation process and valued at zero.") (internal

citations omitted).

**Each of The Employee Indemnification Claims**
**Should Be Estimated in the Allowed Amount of Zero Dollars for Purposes of Distributions**

**A.    The No Litigation Claims Should be Estimated in the Allowed Amount of Zero**
       **Dollars for Purposes of Distributions**

15.     The No Litigation Claims, which were filed as contingent and

unliquidated and have not been amended, are doubly contingent upon: (i) the commencement of

future litigations or other proceedings against the No Litigation Claimants; and (ii) to the extent

that the No Litigation Claims seek indemnification for damages, a finding that the No Litigation

Claimants are liable for the causes of action raised in any such proceedings.  Over five years

have passed since the commencement of the Chapter 11 Cases, and yet, the No Litigation

Claimants have not submitted any evidence, whether in their proofs of claim or otherwise, to

suggest that any litigation or other proceeding has been or ever will be commenced against them.

None of the No Litigation Claimants has attempted to amend his or her claim to assert that such

claim is no longer contingent, and the No Litigation Claimants cannot now amend their claims

without Court approval.  (Confirmation Order at ¶ 86.)

16.     Furthermore, the Plan Administrator mailed the Letter to each of the No

Litigation Claimants.  Among other things, the Letter (i) asked whether the claimant had incurred

any costs that could be subject to LBHI's alleged indemnification obligations, and (ii) informed

the claimant that if he or she failed to respond to the Letter, the Plan Administrator would

assume that the claimant "ha[d] not actually incurred any costs that could be asserted under the

Claim" and would proceed to "request that the Court estimate the Claim at $0 for distribution

8

purposes."  None of the No Litigation Claimants responded to the Letter and none of the Letters

was returned to the Plan Administrator as undeliverable.

17.    The Plan Administrator is not aware of any facts or evidence that indicate

a likelihood that any claims or causes of action have been or ever will be brought against the No

Litigation Claimants in connection with their alleged employment by the Chapter 11 Estates or

their affiliates.  In addition, the relevant statutes of limitations for many of the potential causes of

action that arguably could have been brought against the No Litigation Claimants have already

expired, thereby precluding the commencement of many causes of action against the No

Litigation Claimants.  For example, many persons and entities have filed lawsuits against

employees of the Chapter 11 Estates and their affiliates as a result of the employees' alleged

actions or inactions in connection with securities issued by the Chapter 11 Estates or their

affiliates.  *See, e.g.*, *In re Lehman Brothers Securities and ERISA Litigation*, No. 09-MD-2017

(LAK) (S.D.N.Y.).  The No Litigation Claimants were not named as parties to such actions, and

the statute of limitations for many of the claims raised in such actions, including claims brought

pursuant to sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"),

have already expired.  *See, e.g.*, 11 U.S.C. § 77m (establishing a three year statue of repose for

claims brought pursuant to sections 11 or 12(a)(2) of the Securities Act); *Dodds v. Signa Sec.,*

*Inc.*, 12 F F.3d 346, 349 n. 1 (2d Cir. 1993) (noting the application of the statute of repose

created by section 13 of the Securities Act to claims under section 15 of the Securities Act); DEL.

CODE ANN. tit. 6, § 73-605 (establishing, as a matter of Delaware law, a three year statute of

limitations for claims arising from the sale of securities).  The expiration of the statutes of

limitations for many claims that could have been brought against the No Litigation Claimants

further evidences how unlikely it is that the No Litigation Claims will ever become fixed or liquidated.

18.    Estimation represents an appropriate method for avoiding the delay to a debtor's reorganization, liquidation, and/or distributions that might be caused by extended legal proceedings on uncertain claims, and this principle is even more compelling for proceedings that have not yet been commenced and, in all probability, will never occur. *See In re Adelphia Bus. Solutions, Inc.*, 341 B.R. 415, 422 (Bankr. S.D.N.Y. 2003) ("Estimation, authorized under section 502(c) of the Code, provides a means for a bankruptcy court to achieve reorganization, and/or distributions on claims, without awaiting the results of legal proceedings that could take a very long time to determine."); *see also O'Neill v. Cont'l Airlines, Inc.* (*In re Cont'l Airlines, Inc.*), 981 F.2d 1450, 1461 (5th Cir. 1993) (holding that bankruptcy courts may estimate claims under section 502(c)(1) in order to (i) "avoid the need to await the resolutions of outside lawsuits to determine issues of liability or amount owed by means of anticipating and estimating the likely outcome of these actions," and (ii) "promote a fair distribution to creditors through a realistic assessment of uncertain claims."). Absent estimation of the No Litigation Claims, such claims could remain unresolved indefinitely, thereby causing undue (and perhaps indefinite) delay in the administration of LBHI's case.

19.    Even assuming, *arguendo*, that a litigation was commenced against a No Litigation Claimant, to the extent that such claimant's claim seeks indemnification for damages, such claim will remain unliquidated until such time as the underlying litigation is fully and finally resolved. The final resolution of any such future litigation could take many years, and waiting for such a resolution would unduly delay the administration of LBHI's case.

20.    Thus, estimation of the No Litigation Claims is mandatory in light of the undue delay to the administration of LBHI's case that would result from waiting for the fixing and liquidation of the No Litigation Claims, which may never occur.  *See Cont'l Airlines*, 981 F.2d 1461; *Adelphia*, 341 B.R. at 422.  Further, the No Litigation Claims should be estimated in the Allowed amount of zero dollars given that (i) the No Litigation Claimants appear not to have incurred any liability, costs, or expenses that could be covered by LBHI's alleged indemnification obligations, as evidenced by the No Litigation Claimants' failure to respond to the Letter or amend their proofs of claim, and (ii) there appears to be little or no likelihood that any litigations or other proceedings will be commenced against the No Litigation Claimants at this late date.  *See Rock & Republic*, 2011 WL at *6-9 (estimating a contingent indemnification claim at zero dollars in light of its highly speculative nature and the "multi-tiered" contingencies involved); *see also Bittner*, 691 F.2d at 137-39 (valuing counterclaims at zero dollars for plan voting purposes); *Ralph Lauren,* 197 B.R. at 778 (estimating former CEO's unsecured claim for unpaid severance at zero dollars).

## B.    The Litigation Claims Should Be Estimated in the Allowed Amount of Zero Dollars for Purposes of Distributions

21.    The Plan Administrator is aware of at least one litigation or other proceeding that has been commenced against or somehow involved each of the Litigation Claimants, either by discovery through its own diligence or because the claimant identified the litigation or other proceeding in his or her proof of claim.  After conducting reasonable diligence, the Plan Administrator has determined that many of these litigations have been fully and finally resolved as against the Litigation Claimants as a result of settlement agreements, orders of dismissal, and/or voluntary dismissals.  *See supra* at ¶ 9.

11

22.     On August 28, 2013, after a substantial number of the litigations had been resolved, the Plan Administrator mailed the Letter to each of the Litigation Claimants.  The Letter, as detailed above, asked for an accounting of incurred costs and warned that a failure to respond would result in the filing of this Motion.  None of the Litigation Claimants responded to the Letter and none of the Letters was returned as undeliverable.  Based on the Litigation Claimants' failure to respond to the Letter, the Plan Administrator must conclude that the Litigation Claimants have not incurred any liability, costs, and/or expenses that could be covered by LBHI's alleged indemnification obligations.  Furthermore, to the extent that the litigations or other proceedings against or involving the Litigation Claimants have been fully and finally resolved, the Litigation Claimants will not incur any future liability, costs, or expenses in respect of such litigations or proceedings.

23.     Over five years have passed since the commencement of the Chapter 11 Cases, and yet, the Litigation Claimants have not submitted any evidence to suggest that the claimants have, or ever will, incur liability, costs, and/or expenses that could be covered by LBHI's alleged indemnification obligations.  None of the Litigation Claimants has attempted to amend his or her claim to assert that such claim is no longer contingent, and the Litigation Claimants cannot now amend their claims without Court approval.  (Confirmation Order at ¶ 86.) In addition, the Plan Administrator is not aware of any facts or evidence that indicate a likelihood that any new litigations or proceedings will ever be commenced against or otherwise involve the Litigation Claimants in connection with their alleged employment by the Chapter 11 Estates or their affiliates.  Indeed, the relevant statutes of limitations for many of the potential causes of action that arguably could have been brought against the Litigation Claimants have already expired.  *See supra* at ¶ 17.

12

24.     In this case, estimation of the Litigation Claims represents an appropriate method for avoiding the hindrance caused by extended legal proceedings on uncertain claims and is mandatory in light of the risk of undue delay to the administration of LBHI's case.  *See supra* at ¶ 18 (citing *Cont'l Airlines,* 981 F.2d at 1461 and *Adelphia*, 341 B.R. at 422).  Further, as with the No Litigation Claims, the Litigation Claims should be estimated in the Allowed amount of zero dollars given that (i) the Litigation Claimants appear not to have incurred—nor have they provided any evidence to suggest that they will incur—any liability, costs, or expenses that could be covered by LBHI's alleged indemnification obligations, and (ii) there appears to be little or no likelihood that any new litigations or other proceedings will be commenced against or otherwise involve the Litigation Claimants at this late date.  *See Bittner*, 691 F.2d at 137-39; *Rock & Republic*, 2011 WL at *6-9; *Ralph Lauren*, 197 B.R. at 775.

## Notice

25.     No trustee has been appointed in the Chapter 11 Cases.  The Plan Administrator, in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635], has served notice of this Motion on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the parties listed on Exhibit A; and (vi) all other parties who have requested notice in these chapter 11 cases.  The Plan Administrator submits that no other or further notice need be provided.

26.     No previous request for the relief sought herein has been made by LBHI or the Plan Administrator to this or any other court.

US_ACTIVE:\44354235\11\58399.0008

WHEREFORE the Plan Administrator respectfully requests that the Court grant

the relief requested herein and such other and further relief as it deems just and proper.

Dated: New York, New York
        November 12, 2013

                                    /s/ Robert J. Lemons
                                    Robert J. Lemons
                                    Ralph I. Miller

                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Lehman Brothers Holdings Inc.
                                    and Certain of Its Affiliates

14

**Exhibit A**

**(Claims or Portions of Claims to Be Estimated in the Allowed Amount of Zero Dollars)**

**CLAIMS OR PORTIONS OF CLAIMS TO BE ESTIMATED IN THE ALLOWED AMOUNT OF ZERO DOLLARS**

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | AMOUNTS TO BE ESTIMATED AT $0.00 | CATEGORY OF EMPLOYEE INDEMNIFICATION CLAIM |
|---|---|---|---|---|---|---|
| 1 | BOSSUNG, BRETT | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 29626 | Undetermined* | Litigation Claim |
| 2 | COHEN, KENNETH | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 29625 | Undetermined* | No Litigation Claim |
| 3 | GOLDFARB, DAVID | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12843 | Undetermined | Litigation Claim |
| 4 | GRIEB, EDWARD | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12666 | Undetermined | Litigation Claim |
| 5 | HOULIHAN, BRENNA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 28242 | Undetermined | Litigation Claim |
| 6 | HUGHSON, PAUL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 29627 | $10,950.00 plus unliquidated and/or undetermined amounts* | No Litigation Claim |
| 7 | KIRK, ALEX | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 23919 | Undetermined* | No Litigation Claim |
| 8 | MCCARTHY, LAWRENCE E | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 66392 | Undetermined* | No Litigation Claim |
| 9 | MCDADE, HERBERT H., III | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 24721 | Undetermined | Litigation Claim |
| 10 | MCKINNEY, RICHARD | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12668 | Undetermined | Litigation Claim |
| 11 | MITCHELL, NEIL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 28243 | Undetermined | Litigation Claim |
| 12 | O'REILLY, DAVID | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 19435 | Undetermined | Litigation Claim |

\* For the avoidance of doubt, the Motion does not seek to estimate any portion of this proof of claim other than the Employee Indemnification Claim.

**CLAIMS OR PORTIONS OF CLAIMS TO BE ESTIMATED IN THE ALLOWED AMOUNT OF ZERO DOLLARS**

| NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | AMOUNTS TO BE ESTIMATED AT $0.00 | CATEGORY OF EMPLOYEE INDEMNIFICATION CLAIM |
|---|---|---|---|---|---|
| 13  ODRICH, MICHAEL J. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 20199 | Undetermined* | Litigation Claim |
| 14  ODRICH, MICHAEL J. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 20200 | Undetermined* | Litigation Claim |
| 15  RUSSO, THOMAS | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 13060 | Undetermined | Litigation Claim |
| 16  SCHAEFER, JEFF | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 22768 | Undetermined* | Litigation Claim |
| 17  SEERY, JAMES P | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 23554 | Undetermined* | No Litigation Claim |
| 18  SHAPIRO, MARK | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 22200 | Undetermined | Litigation Claim |
| 19  SMITH, KRISTINE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12842 | Undetermined | Litigation Claim |
| 20  SULLIVAN, JAMES J. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12670 | Undetermined | Litigation Claim |
| 21  TABET, SAMIR | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12674 | Undetermined | Litigation Claim |
| 22  UVINO, WENDY M. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12853 | Undetermined | Litigation Claim |
| 23  VOLINI, PIERLUIGI | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 25900 | Undetermined* | No Litigation Claim |
| 24  WALSH, MARK | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 29624 | Undetermined* | Litigation Claim |

* For the avoidance of doubt, the Motion does not seek to estimate any portion of this proof of claim other than the Employee Indemnification Claim.

**CLAIMS OR PORTIONS OF CLAIMS TO BE ESTIMATED IN THE ALLOWED AMOUNT OF ZERO DOLLARS**

| NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | AMOUNTS TO BE ESTIMATED AT $0.00 | CATEGORY OF EMPLOYEE INDEMNIFICATION CLAIM |
|---|---|---|---|---|---|
| 25  WITHERELL, BRUCE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 16228 | Undetermined | Litigation Claim |
| 26  WOOD, KARL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 16227 | Undetermined | Litigation Claim |
| 27  ZUSY, MARK | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 13063 | Undetermined | Litigation Claim |
|  |  | TOTAL |  | $10,950.00 |  |

* For the avoidance of doubt, the Motion does not seek to estimate any portion of this proof of claim other than the Employee Indemnification Claim.

## **Exhibit B**

**(Sample Letter)**

US_ACTIVE:\44354235\11\58399.0008

# LEHMAN BROTHERS HOLDINGS INC.

August 28, 2013

LBH EMPIND 08-27-2013 (MERGE2,TXNUM2) 4000073212BAR(23) MAIL ID *** 000071564069 *** BSIUSE 2

VOLINI, PIERLUIGI
LONG MEADOW
BICKLEY PARK ROAD
BROMLEY, KENT BR1 ZAS
UNITED KINGDOM

Re:     In re Lehman Brothers Holdings Inc. et al., Case No. 08-13555 (JMP)

Dear VOLINI, PIERLUIGI,

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan"), has reviewed the proof of claim filed by you that is assigned claim number 25900 (the "Claim") by the court approved claims and noticing agent (the "Claims Agent"). The Claim was filed as contingent and unliquidated, seeking indemnification and advancement of defense costs from LBHI in connection with litigations or other proceedings that may be initiated against you in the future, but that have not yet been initiated or threatened.

According to the claims register maintained by the Claims Agent, you have not amended the Claim to assert that the Claim is no longer contingent and to assert a liquidated amount. Pursuant to paragraph 86 of the order entered on December 6, 2011 by the United States Bankruptcy Court for the Southern District of New York (the "Court") approving and confirming the Plan [ECF No. 23023], creditors may no longer amend their claims against the Debtors without Court approval.

To fully administer the claims asserted in the above referenced chapter 11 cases, it is necessary for the Plan Administrator to seek an estimation of all contingent and unliquidated claims. The Plan Administrator is authorized to request such estimation pursuant to section 9.3 of the Plan. Given that the Claim has neither been amended nor indicates any specific litigation or other proceeding that has been initiated against you, the Plan Administrator intends to request that the Court estimate the Claim as allowed in the amount of $0 for distribution purposes under the Plan.

However, to the extent that you have actually incurred any costs that you believe are subject to the indemnity referenced in the Claim, the Plan Administrator may be willing to enter into a Court-approved stipulation with you to liquidate the Claim in a fixed, allowed amount for distribution purposes under the Plan, provided that the Plan Administrator is able to verify your alleged costs and confirm that such costs were reasonably incurred and subject to a valid and enforceable indemnity by LBHI.

If you would like to discuss the liquidation of the Claim with the Plan Administrator, please respond to this letter by either electronic mail, facsimile, or mail by an internationally recognized courier and provide evidence of costs that you have actually incurred by no later than October 16, 2013.  All responses to this letter should be sent to the following address:

Lehman Brothers Holdings Inc.
1271 Avenue of the Americas, 39th Floor
New York, New York 10020
U.S.A.
Attn: Kristin Auld
Facsimile: (646) 834-0874
Email: kristin.auld@lehmanholdings.com

If you do not respond to this letter by the date specified above, the Plan Administrator will assume that you have not actually incurred any costs that could be asserted under the Claim, and will therefore proceed to request that the Court estimate the Claim at $0 for distribution purposes.

Very truly yours,

Kristin Auld

**<u>Proposed Order</u>**

US_ACTIVE:\44354235\11\58399.0008

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                   :
In re                                                              :         **Chapter 11 Case No.**
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                       :         **08-13555 (JMP)**
                                                                   :
                                        **Debtors.**               :         **(Jointly Administered)**
                                                                   :
-------------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 502(C) OF THE BANKRUPTCY CODE AND SECTION 9.3 OF THE MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS ESTIMATING THE ALLOWED AMOUNTS OF CERTAIN PROOFS OF CLAIM

Upon the motion (the "Motion") dated November 12, 2013 of Lehman Brothers

Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan")[1], for approval, pursuant to section 9.3 of the Plan and section 502(c) of title

11 of the United States Code (the "Bankruptcy Code"), to estimate the Allowed amounts of

certain proofs of claim or portions thereof, all as more fully described in the Motion; and the

Court having jurisdiction to consider the Motion and the relief requested therein in accordance

with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated

January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having

been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange

Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

US_ACTIVE:\44354235\11\58399.0008

District of New York; (v) the Claimants listed on Exhibit 1; and (vi) all other parties entitled to

notice in accordance with the procedures set forth in the second amended order entered on June

17, 2010 governing case management and administrative procedures for these cases [ECF No.

9635]; and it appearing that no other or further notice need be provided; and a hearing having

been held to consider the relief requested in the Motion; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Chapter 11 Estates,

their creditors, and all parties in interest and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that, pursuant to section 9.3 of the Plan and section 502(c) of the

Bankruptcy Code, each of the claims or portions of claims identified on Exhibit 1 attached hereto

is hereby estimated in the Allowed amount of zero dollars ($0.00); and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A attached to the Motion that is

not listed on Exhibit 1 attached hereto and (ii) the portion of any claim on Exhibit 1 that is not

the subject of the Motion; and it is further

2

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
_____, 2013


_____
Honorable James M. Peck
United States Bankruptcy Judge

US_ACTIVE:\44354235\11\58399.0008