Hearing Date and Time: November 22, 2013, at 10:00 a.m.
Objection Date and Time: November 14, 2013, at 4:00 p.m.

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
900 Third Avenue, 16th floor
New York, New York  10022-4728
Telephone:  (212) 752-8000
Facsimile:  (212) 752-8393
Michael D. Warner
Ilana Volkov

*Attorneys for Creditor Highland CDO Opportunity*
*Master Fund, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : **Chapter 11** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : **Case No. 08-13555 (JMP)** |
| | : |
| Debtors. | : **(Jointly Administered)** |
| | : |

**OPPOSITION OF HIGHLAND CDO OPPORTUNITY MASTER FUND, L.P. TO MOTION OF LEHMAN BROTHERS HOLDINGS INC. FOR EXTENSION OF THE PERIOD TO FILE OBJECTIONS TO AND REQUESTS TO ESTIMATE CLAIMS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Highland CDO Opportunity Master Fund, L.P. ("Highland"), by and through its counsel,

Cole, Schotz, Meisel, Forman & Leonard, P.A., hereby files this opposition ("Opposition") to the

motion of Lehman Brothers Holdings Inc. ("LBHI") for an order extending the period to file

objections to and requests to estimate claims [Docket No. 40939] (the "Motion"), and

respectfully states as follows:

## I.    INTRODUCTION

1.    Lest there be any doubt, LBHI has already analyzed the basis and nature of the

Highland Claim (as defined below).  Indeed, counsel for LBHI first contacted Highland with a

subpoena regarding the Highland Claim nearly one year ago, and traveled halfway across the country more than three months ago — with a lengthy deposition outline and box full of documentary exhibits in hand — to take a two-hour deposition relating solely to the Highland Claim.  Thus, LBHI cannot legitimately contend that it has not formulated a position with respect to the Highland Claim.

2.      By the Motion, however, LBHI claims that it needs another 18 months to address the Highland Claim.  Given that LBHI already has all the information needed to do so, LBHI surely should be able to determine whether it will pay or object to the Highland Claim on or before the current deadline of March 6, 2014 (the "Existing Claim Objection Deadline") — a date that is more than four months away.  Requiring Highland to wait another 22 months just to find out for the first time whether LBHI has a problem with the Highland Claim is highly prejudicial to Highland.

3.      Accordingly, the Motion should be denied as to the Highland Claim.[1]  In the event the Court considers granting the Motion, however, Highland respectfully requests that the Court permit Highland to file a motion to allow the Highland Claim at any time after the Existing Claim Objection Deadline.

## II.    BACKGROUND

4.      On May 31, 2007, Highland and Lehman Brothers International (Europe) ("LBIE") entered into a Global Master Repurchase Agreement (2000 version), as amended and supplemented from time to time (the "GMRA"), pursuant to which LBIE sold certain securities

---

[1] For the avoidance of doubt, Highland opposes the relief requested by the Motion only as it relates to the Highland Claim.  Highland takes no position with respect to the balance of the relief requested by the Motion.

to Highland, and simultaneously agreed to repurchase those securities at a later date and an agreed price.

5.       LBIE's obligations under the GMRA were unconditionally guaranteed by LBHI (the "Guarantee").

6.       On September 15, 2008 and at various times thereafter, LBHI and certain of its subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief pursuant to Chapter 11 of Title 11, United States Code.  On December 6, 2011, the Court entered an order [Docket No. 23023] confirming the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, dated December 5, 2011 (the "Plan").

7.       Pursuant to Section 9.1 of the Plan, LBHI's deadline to file objections to and requests for estimation of claims is March 6, 2014, unless otherwise extended by the Court.

8.       On September 18, 2009, Highland filed a proof of claim in this bankruptcy case, assigned Claim No. 16838, based upon the Guarantee (the "Highland Claim").[2]  The Highland Claim constitutes *prima facie* evidence as to the validity and amount of Highland's claim against LBHI.  See Fed. R. Bankr. P. 3001(f).

9.       In January 2013, counsel for LBHI issued a subpoena *duces tecum*, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, demanding that Highland produce

---

[2] On September 15, 2008, LBIE was placed into administration in the United Kingdom (the "LBIE Administration"), thereby defaulting under the GMRA.  On or about December 11, 2008, Highland submitted a claim in the LBIE Administration in the amount of $10,026,061, plus interest and expenses, stemming from LBIE's breach of the GMRA (the "Highland UK Claim").  Although the Guarantee does not contain an election of remedies provision, Highland's counsel is in regular contact with the administrator of LBIE (the "Administrator") regarding the status of the Highland UK Claim.  In fact, Highland has provided documents and other requested information to the Administrator.  The Administrator has not indicated that it has any issues with the Highland UK Claim.  For the avoidance of doubt, in the event Highland receives a distribution from this case on account of the Highland Claim, it agrees that any "duplicate" distribution it might receive in connection with the LBIE Administration on account of the Highland UK Claim will be assigned and turned over to LBHI.

3

documents related to the Highland Claim.  Highland was, thereby, forced to dedicate personnel and retain counsel to respond to that subpoena.  On February 12, 2013, Highland served its Objections and Responses thereto.[3]

10.    On March 1, 2013, counsel for LBHI issued a subpoena *ad testificandum*, also pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, seeking an examination of the person at Highland who is most knowledgeable of the Highland Claim.  Once again, Highland was, thereby, forced to dedicate personnel and retain counsel to respond to that subpoena.  On August 20, 2013, LBHI deposed a Highland representative in Dallas, Texas for approximately two hours.[4]  Counsel for Highland interposed almost no objections during the entire deposition.

11.    Since the August deposition, Highland has received no substantive communications from LBHI — other than an unsolicited and unsubstantiated request, on the eve of the filing of the Motion, that Highland consider withdrawing the Highland Claim.  See October 31, 2013 email attached as **Exhibit A**.  Significantly, that email states that "Lehman is contemplating its next steps with regard to the Highland claim."

---

[3] Around this time, Highland's counsel suggested to LBHI's counsel that discovery be put on hold pending resolution of the Highland UK Claim.  LBHI's counsel rebuffed this suggestion, asserting that the claim objection process in this case must proceed regardless of what happens in the LBIE Administration.

[4] Before the August deposition, Highland attempted to obviate the need for and cost of a deposition by offering LBHI an Affidavit attesting to the facts sought by way of the Rule 2004 subpoena.  LBHI rejected Highland's proposal.

### III.    LEGAL ARGUMENT

12.    The Motion should be denied as to the Highland Claim for three reasons.

13.    First, LBHI cannot credibly contend that it has not had sufficient time to adequately assess the merits of the Highland Claim.  Highland filed the Highland Claim more than 4 years ago, LBHI served its first subpoena on Highland nearly one year ago, and LBHI deposed Highland's representative more than three months ago.  Therefore, it is unreasonable for LBHI to request or require an additional 18 months (beyond the 4 that LBHI still has) to address the Highland Claim.

14.    Second, LBHI asserts in the Motion that the requested extension "will benefit all creditors and parties in interest" because, for example, it will allow LBHI "to continue to engage in meaningful negotiations . . . to resolve claims consensually, obviating the need to file objections."  See Motion, ¶ 25.  Although Highland cannot speak to "all creditors and parties in interest," LBHI's assertion is simply untrue as to Highland.  Indeed, LBHI has never engaged in any "meaningful negotiations" with Highland or made any attempt to "resolve [the Highland Claim] consensually" — again, other than boldly requesting that Highland withdraw the Highland Claim.  Therefore, there is simply no reason why LBHI needs an additional 18 months (beyond the 4 that LBHI still has) to do something that it has had ample time to do already, but has elected not to do.

15.    Third, without having the benefit of a contested matter which would spell out the basis for any dispute of the Highland Claim, Highland dedicated human and financial resources obliging LBHI's document demands and deposition subpoena.  It is unreasonable for LBHI to, on the one hand, subject Highland to discovery and compel it to hire counsel to assist in the process, while, on the other hand, seek another 18 months to object to the Highland Claim.  If LBHI's request is granted, LBHI as the plan administrator will have had **3.5 years** to assess the

merits of and object to the Highland Claim, and — Highland would have to wait **7 years** to first find out whether LBHI even has an issue with the Highland Claim.  This result would be highly prejudicial to Highland, especially considering that LBHI is undoubtedly in a position today, and certainly will be in four months from now, to address the Highland Claim once and for all.

16.    At bottom, the time is ripe for LBHI either to object to or allow the Highland Claim without further delay.

## IV.    CONCLUSION

WHEREFORE, for the reasons set forth herein, Highland respectfully requests that the Court: (i) deny the Motion as to the Highland Claim or, alternatively, permit Highland to file a motion to allow the Highland Claim at any time after the Existing Claim Objection Deadline; (ii) and grant Highland such other relief as the Court deems just and appropriate under the circumstances.

DATED: November 14, 2013                Respectfully submitted,

**COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A**.

*Attorneys for Creditor Highland CDO Master
Fund, L.P.*

By:    /s/Michael D. Warner
                Michael D. Warner
                Ilana Volkov
                900 Third Avenue, 16th floor
                New York, New York  10022-4728
                (212) 752-8000
                (212) 752-8393 Facsimile

# EXHIBIT A

**From:**    Larson, Jennifer [jjennifer.larson@weil.com]
**Sent:**    Thursday, October 31, 2013 7:12 PM
**To:**    Sklar, Adam
**Cc:**    Brown, Robert
**Subject:** Highland LBHI guaranty claim

Adam,

As Lehman is contemplating its next steps with regard to Highland's claim, I wanted to reach out to you to see whether Highland has reconsidered withdrawing its claim. If Highland is willing to withdraw, we are happy to send over the standard form and take care of filing it.

Kind regards,
Jennifer



Jennifer D. Larson

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
jennifer.larson@weil.com
+1 212 310 8800 Direct
+1 212 310 8007 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

11/14/2013