ORRICK, HERRINGTON & SUTCLIFFE LLP
Steven J. Fink
51 West 52nd Street
New York, New York 10019-6142
Telephone:  (212) 506-5000
Facsimile:   (212) 506-5151

and

Thomas C. Mitchell
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:  (415) 773-5700
Facsimile:   (415) 773-5759

*Counsel for Guam Economic Development Authority*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------  x
                                                              :
In re:                                                        :
                                                              :   Chapter 11
LEHMAN BROTHERS HOLDINGS INC.,                                :
                                                              :   Case No. 08-13555 (JMP)
                Debtor.                                       :
                                                              :   (Jointly Administered)
                                                              :
------------------------------------------------------------  x
```


**RESPONSE OF GUAM ECONOMIC DEVELOPMENT**
**AUTHORITY TO DEBTORS' FOUR HUNDRED**
**FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS (VALUED**
**DERIVATIVE CLAIMS): CLAIMS NUMBERS 29559 AND 65855**

The Guam Economic Development Authority ("**GEDA**"), f/k/a the Guam Economic

Development and Commerce Authority, by and through its undersigned counsel, hereby submits

this response (the "**Response**") to the Debtors' Four Hundred Forty-Third Omnibus Objection to

Claims (Valued Derivative Claims) filed on October 15, 2013 as Docket No. 40475 (the

"**Objection**") with respect to Claims Numbers 29559 and 65855.  As described herein, the

Objection seeks to reduce GEDA's claims by approximately $842,000, but does not provide any evidentiary support or other valid basis for such a reduction.  The Objection should be overruled and GEDA's claims should be allowed in full.  In support of this Response, GEDA respectfully states as follows:

## BACKGROUND

1.      On October 3, 2008 (the "**Petition Date**"), Lehman Brothers Special Financing Inc. ("**LBSF**" or the "**Debtor**") filed its Chapter 11 petition.

2.      LBSF's petition was preceded by the Chapter 11 petition of Lehman Brothers Holdings Inc. ("**LBHI**" or, collectively with LBSF, the "**Debtors**").

3.      GEDA is an independent public instrumentality of the Government of Guam ("**Guam**").  Pursuant to the Guam Economic Development Authority Tobacco Settlement Revenue Bond Act, constituting Chapter 81 of Division 2 of Title 12, GUAM CODE ANNOTATED, GEDA purchased from Guam Guam's rights to payments from tobacco manufacturers pursuant to a settlement between the tobacco manufacturers and states and territories of the United States, and then issued bonds secured by such payments.

### A.  THE RESERVE FUND AGREEMENT

4.      GEDA is a party to that certain Reserve Fund Agreement dated December 13, 2007 among GEDA, U.S. Bank National Association, as co-trustee under the indenture referenced therein (the "**Co-Trustee**"), and LBSF (the "**Reserve Fund Agreement**").

5.      LBHI acts as guarantor for the Reserve Fund Agreement pursuant to the Guarantee of Lehman Brothers Holdings Inc., which was executed in conjunction with the Reserve Fund Agreement.  In the event that LBSF does not satisfy its obligations under the Reserve Fund Agreement, LBHI is unconditionally obligated to satisfy those obligations.

2

6.      The Reserve Fund Agreement was entered into in conjunction with the issuance by GEDA of $36,982,077.05 of Tobacco Settlement Asset-Backed Bonds (the "**Bonds**"), consisting of $33,575,000.00 of Series 2007A Current Interest Turbo Term Bonds and $3,407,077.05 Series 2007B Capital Appreciation Turbo Term Bonds.  The Reserve Fund Agreement requires LBSF to cause Lehman Brothers Inc., as qualified dealer, to deliver securities ("**Qualified Securities**") that mature on or before the next interest payment date on the Bonds to the Co-Trustee by set dates defined in the Reserve Fund Agreement.  These Qualified Securities are to be purchased at a price designed to produce a rate of return equal to, or higher than, the guaranteed rate of 4.365%.  The contractual termination date for the Reserve Fund Agreement is June 1, 2047.  The funds invested pursuant to the Reserve Fund Agreement constitute a debt service reserve fund established and held by the Co-Trustee in trust for the benefit of the holders of the Bonds.  Interest earnings on the debt service reserve fund constitute revenues pledged to the repayment of the Bonds.

B.  **GEDA'S CLAIM**

7.      LBSF breached the Reserve Fund Agreement when it failed to deliver new Qualified Securities under the Reserve Fund Agreement on December 1, 2008, as required by the terms of the Reserve Fund Agreement.

8.      On or about December 8, 2008, Ashraf Almurdaah, Vice President of U.S. Bank National Association, as Co-Trustee sent a letter to LBSF, indicating that LBSF failed to cause the delivery of Qualified Securities on December 1, 2008 (the "**U.S. Bank Letter**"), an event of default pursuant to Section 7.3(a) of the Reserve Fund Agreement.  The U.S. Bank Letter noted that LBSF had from December 8, 2008 to December 16, 2008 to cure such failure before an event of default occurred under the Reserve Fund Agreement.

OHSUSA:755316894.2

9.      LBSF failed to cause the qualified dealer to deliver the Qualified Securities from December 8, 2008 to December 16, 2008.  Therefore, a Lehman Event of Default, as defined in Section 7.3(a) of the Reserve Fund Agreement, occurred, at the latest, on December 16, 2008. The bankruptcy filings of Lehman Brothers Holdings Inc. ("**LBHI**") and LBSF also constituted Events of Default under Section 7.3(d) of the Reserve Fund Agreement.

10.      In accordance with the Federal Rules of Bankruptcy Procedure and all other applicable rules and orders of this Court, GEDA appropriately determined its damages and timely filed the following proofs of claim in connection with the Reserve Fund Agreement:

   a.  Claim number 29559 against LBSF for damages in the amount of $1,772,052.27 plus interest at the Default Rate, as defined in the Reserve Fund Agreement; and

   b.  Claim number 65855 against LBHI for its obligations under the guarantee in the amount of $1,772,052.27 plus interest at the Default Rate, as defined in the Reserve Fund Agreement (collectively, the "Claims").

11.      LBSF rejected the Reserve Fund Agreement, by operation of the Modified Third Amended Joint Chapter 11 Plan for Lehman Brothers Holdings Inc. and its Affiliated Debtors, as a result of Lehman's filing of its Fourth Notice of Withdrawal or Deferral of Debtors' Application to Assume Certain Executory Contracts on April 3, 2012.

12.      On October 15, 2013, the Debtors filed their Objection.  By the Objection, the Debtors seek to reduce GEDA's claims to $930,467.00 (the "**Reduced Amount**").[1]

---

[1] Based on the Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors and the Court-Ordered Claims Hearing Procedures and Alternative Dispute Resolution Procedures attached thereto, dated April 19, 2010 [Dkt. No. 8474], it is GEDA's understanding that the hearing on the Objection currently scheduled for November 22, 2013 will not be an evidentiary hearing.  *See* Court-Ordered Claims Hearing Procedures and Alternative Dispute Resolution Procedures ¶ 4(a) ("The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:  (a) For a non-evidentiary hearing to address the legal sufficiency of the particular Contested Claim and whether the Contested Claim states a claim against the asserted Debtor under Bankruptcy Rule 7012 . . . .").  GEDA nonetheless will provide the Court with copies of the Reserve Fund Agreement, the guarantee executed by LBHI in connection therewith, GEDA's Claims and the related questionnaires if doing so would be helpful to the Court at this stage of the proceeding.

4

<u>ARGUMENT</u>

A.  <u>APPLICABLE LEGAL STANDARD</u>

13.     Federal Rule of Bankruptcy Procedure 3001(f) provides that a "proof of claim

executed and filed in accordance with these rules shall constitute prima facie evidence of the

validity and amount of the claim."  Thus, the objecting debtor bears the initial burden of

persuasion.  If, however, the debtor "produces evidence equal in force to the prima facie case . . .

which, if believed, would refute at least one of the allegations that is essential to the claim's legal

sufficiency," then the burden shifts back to the claimant.  *In re Oneida*, 400 B.R. 384, 389

(Bankr. S.D.N.Y. 2009), *aff'd*, *Peter J. Solomon Co. v. Oneida*, No. 09-2229, 2010 U.S. Dist.

LEXIS 6500 (S.D.N.Y. Jan. 22, 2010); *see also In re Jensen*, No. 09-14830, 2010 Bankr. LEXIS

229, *7-8 (Bankr. S.D.N.Y. Feb. 3, 2010) ("The party objecting to the claim has the burden of

introducing evidence sufficient to rebut the presumption of validity.  Debtor must marshal

evidence sufficient to demonstrate a true dispute with probative force equal to the contents of the

Claim.").  At that point, the claimant must prove by a preponderance of the evidence that under

applicable law its claim should be allowed.  *Oneida*, 400 B.R. at 389.

14.     As a result of this applicable legal standard, a debtor cannot overcome the *prima*

*facie* validity of a properly filed proof of claim simply by alleging that in its opinion, the claim is

too large and should therefore be reduced.  The mere filing of an objection, without the requisite

evidence, is not sufficient to overcome the presumption of validity.  *In re Smith*, 419 B.R. 622,

627-28 (Bankr. E.D. Va. 2008).

OHSUSA:755316894.2

## B.  THE DEBTORS HAVE FAILED TO PROVIDE ANY EVIDENCE OR ANALYSIS TO REBUT GEDA'S CLAIMS

15.    The Objection seeks to reduce GEDA's Claims to $930,467.00[2] but provides no explanation as to how the Plan Administrator calculated these Reduced Amounts, makes no effort to demonstrate why the Debtors believe that the damages calculated by GEDA are wrong, and provides no evidentiary support at all for the Debtors' position.  The Objection does not mention or discuss GEDA's calculations, and it does not point to any errors in GEDA's calculations.  Instead, the Debtors rely on the self-serving and conclusory statement that "the asserted claim amount is greater than the fair, accurate, and reasonable value of the claim as determined by the Plan Administrator after a review of the supporting documentation provided by the claimants and the LBHI and the Chapter 11 Estates books and records."  Objection ¶ 14. The Objection provides no evidence that this review was completed, no substantiation of the review process, no documentation of the calculations used, and no justification for reducing GEDA's Claim.

16.    The Debtors – who have not identified a single disputed fact – have failed to provide the "sufficient evidence" that is required "to rebut" the validity of "the claimant's *prima facie* case."  *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, *15 (Bankr. S.D.N.Y. Feb. 20, 2007).[3]  They have also failed to provide any analysis.  GEDA properly determined the damages it suffered from LBSF's breach and rejection of the Reserve Fund Agreement.  Thus, GEDA's Claims should be allowed in full.

---

[2] A reduction of forty-seven percent (47%) of the claimed amount.

[3] In their Objection, the Debtors reference the Declaration of Gary H. Mandelblatt (the "**Mandelblatt Declaration**").  Objection ¶ 15 n.2.  The Mandelblatt Declaration, however, does nothing more than provide a general outline of the valuation methodology LBSF proposed to use to assess a wide array of claims.  The Mandelblatt Declaration does not specifically address the valuation of GEDA's Claim, and it does nothing to explain how the Debtors calculated the amounts they claim are due.  Accordingly, the Mandelblatt Declaration has no probative value in evaluating whether GEDA's Claim should be allowed in full.

6

## CONCLUSION

17.     Accordingly, and for the reasons set forth herein, GEDA respectfully requests that the Court (i) overrule the Objection, (ii) allow GEDA's Claims in full, and (iii) grant such other relief as the Court deems just and proper.

Dated:  November 14, 2013
          New York, New York

Respectfully submitted,

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By:  */s/ Steven J. Fink*
Steven J. Fink
51 West 52nd Street
New York, New York 10019-6142
Telephone:  (212) 506-5000
Facsimile:  (212) 506-5151

and

Thomas C. Mitchell
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:  (415) 773-5700
Facsimile:  (415) 773-5759

*Counsel for GEDA Tobacco Securitization Corporation*

OHSUSA:755316894.2