Hearing Date and Time:  November 22, 2013 at 10:00 a.m. (ET)

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Jonathan P. Guy
James W. Burke
1152 15th Street, N.W.
Washington, DC 20005
Telephone:   (202) 339-8516
Facsimile:    (202) 339-8500

*Attorneys for DEPFA Bank plc*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.* | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**OBJECTION OF DEPFA BANK PLC TO**
**MOTION OF LEHMAN BROTHERS HOLDINGS INC. FOR**
**EXTENSION OF THE PERIOD TO FILE OBJECTIONS TO**
**AND REQUESTS TO ESTIMATE CLAIMS**

More than four years ago, DEPFA Bank plc ("**DEPFA**") timely filed claims against Lehman Brothers Special Financing Inc. and Lehman Brothers Holdings Inc. based on terminated derivatives transactions. The Plan Administrator[1] openly disputes DEPFA's claims but has yet to formally object to them, choosing instead to leave DEPFA in a procedural purgatory in an apparent attempt to use delay as illegitimate bargaining leverage. As a result, DEPFA has been wrongfully deprived of the opportunity to have its claims allowed by this Court and timely receive all distributions to which it is rightfully entitled. By the *Motion of Lehman Brothers Holdings Inc. for Extension of the Period to File Objections to and Requests to Estimate Claims* [ECF No. 40939] (the "**Motion**"), the Plan Administrator asks for yet another one and half years to object to claims. Four years is long enough, particularly for claims such as

---

[1]   Capitalized terms that are not defined have the meanings ascribed to them in the Motion.

DEPFA's for which the disputes between the parties are crystallized and the parties have already proceeded through the court-ordered mediation process. There is no valid reason for the Plan Administrator not to object to claims like DEPFA's by the current objection deadline, which is still months away, so that the parties' disputes can be finally litigated to conclusion.[2] Thus, DEPFA objects to the Motion and respectfully states as follows:

1. DEPFA filed its claims, which are designated as claim numbers 6941 and 6942, on July 31, 2009.[3] Each of the claims was filed in the liquidated amount of $80,874,966.44 and is based on a portfolio of over 100 terminated derivatives transactions. The Plan Administrator disputes DEPFA's calculations but, even with time and significant resources on its side, has not objected to DEPFA's claims. (*Cf.* Motion ¶¶ 12, 22 (reporting that 93% of the total claims have been resolved and approximately $62.8 billion has been distributed to other creditors).)

2. Under the Plan, the current Objection Deadline with respect to DEPFA's claims is March 6, 2014, which is still nearly four months away. By that date, the Plan Administrator and its predecessors will have had more than **four years and seven months** to evaluate and object to DEPFA's claims, including two years after the Effective Date of the Plan (March 6, 2012).

3. Despite this already lengthy objection period, the Plan Administrator has requested that the Court extend the Objection Deadline by **another year and a half** to September 6, 2015. (Motion ¶ 15; *cf. id.* ¶ 21 (citing cases in this district with significantly shorter initial objection periods).) The Plan Administrator will not commit to object to all claims by that date and instead asks that the extension be "without prejudice to the ability of the Plan

---

[2] In the event that the Plan Administrator agrees to file its objection to DEPFA's claims before March 6, 2014, this objection will be rendered moot.

[3] DEPFA subsequently transferred its claims to SPCP Group, LLC, but retained the right to address any dispute with respect to the claims, including by filing this submission.

Administrator to request further extensions." (*Id.* ¶ 15; *see also id.* ¶ 24 (stating that "additional time may be necessary for a more limited number of claims in the future").)

4. The Objection Deadline merely circumscribes the period in which claims litigation must commence. Holders of claims that are the subject of objections by the Plan Administrator, as DEPFA's claims inevitably will be, can expect to face months, if not years, of litigation before they receive a final allowance determination with respect to their claims.

5. As "cause" for the one-and-a-half year extension requested in the Motion, the Plan Administrator offers two arguments: (i) an extension would allow the Plan Administrator to continue to engage in negotiations and perhaps obviate the need for it to file objections, and (ii) without an extension, the Plan Administrator would need to file objections "prematurely and in an unorganized fashion." (Motion ¶¶ 2, 25.) It is questionable whether these arguments have merit with respect to any claim but they do not justify extending the Objection Deadline as to claims such as DEPFA's for which the parties have already completed the mediation process.

6. First, artificially prolonged negotiations will not obviate the need for the Plan Administrator to ultimately object to DEPFA's claims. The parties have already engaged in extensive and protracted discussions and unsuccessfully tried to mediate their disputes. The parties remain worlds apart and time alone will not close that gap.

7. Second, the Plan Administrator is already in the position to complete, in short order, the modest task of filing an objection to DEPFA's claims and other similar post-mediation claims. (*Cf.* Adversary Complaint and Objection to Claims, ECF No. 40994 (mere 20-page objection to 16 derivatives claims totaling more than $1 billion).) Indeed, the Plan Administrator was recently able to participate in a mediation proceeding with respect to DEPFA's claims that involved the submission by the Plan Administrator of a detailed mediation statement and

PowerPoint presentation. It is not credible that the Plan Administrator cannot muster the resources to object to DEPFA's claims and other similar post-mediation claims within the four months that still remain before the Objection Deadline with the professionals at its disposal.

8. Nor is it the case that DEPFA "will not be prejudiced by an extension of the Objection Deadline." (Motion ¶ 26.) Although the Plan provides for reserves for liquidated claims, those reserves are largely comprised of non-cash assets with uncertain values. (*See* Order Authorizing Use of Non-Cash Assets in Lieu of Available Cash as Reserves for Disputed Claims, ECF No. 25641.) Further, the meager interest those reserves earn will not compensate DEPFA for the full time value of the money to which it is rightfully entitled now.

9. In sum, the Plan Administrator has failed to show "cause" for the broad relief requested in the Motion, which affects all creditors regardless of their circumstances. (*See* Plan at § 9.1 (authorizing extensions of the Objection Deadline only "for cause shown").) There is no legitimate reason for a one-and-a-half-year extension of the Objection Deadline with respect to claims the Plan Administrator has already decided to dispute, particularly where the parties have completed the court-ordered mediation process and are now just waiting for litigation to commence. Accordingly, the Motion should be denied.

Dated:  November 14, 2013
        Washington, D.C.

Respectfully submitted,

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: /s/ *Jonathan P. Guy*
    Jonathan P. Guy
    James W. Burke
    1152 15th Street, N.W.
    Washington, DC 20005
    Telephone:  (202) 339-8516
    Facsimile:   (202) 339-8500

*Attorneys for DEPFA Bank plc*