SANFORD & TINA MOHR
73-4787 Halolani Street
Kailua-Hawaii, 96740
Telephone: (808) 325-0370

October 31, 2013

THE HONORABLE JAMES M. PECK
UNITED STATES BANDRUPTCY JUDGE
One Bowling Green, Courtroom 601
New York, N.Y. 10004

Re: 08-13555 (JMP)
    LEHMAN BROTHERS HOLDINGS INC., et al.; Debtors                    : (

Honorable Judge Peck,

Please find our answer to LBHI/BNC's Objection to Proof of Claim No 33605.

Please be advised that we attempted to electronically file our timely answer per the instructions of REILLY POZNER LLP. However, in as much as we are answering Pro Se, we became aware upon attempting to electronically file our answer that only attorneys may file electronically. Thus, we respectfully request that our answer be accepted via U.S. Express Mail from Hawai'i. We have done our best to comply to timely answer the Objection.

Please also be advised that we have requested and continue to seek resolution of this matter through Alternative Dispute Resolution (ADR) so as not to burden the Court. Counsel for LBHI et al (REILLY POZNER LLP) have expressed to us that they do not wish to engage in ADR.

We continue to seek resolution, preferably through ADR, for Proof of Claim No 33605.

Sincerely,

_____          _____
Sanford A. Mohr, Pro Se            Tina A. Mohr, Pro Se
73-4787 Halolani Street            73-4787 Halolani Street
Kailua-Hawaii, 96740               Kailua-Hawaii, 96740
Telephone: (808) 325-0370          Telephone: (808) 325-0370

CC: Michael A. Rollin; REILLY POZNER LLP

RECEIVED NOV - 6 2013 U.S. BANKRUPTCY COURT, SDNY JMP

SANFORD & TINA MOHR
73-4787 Halolani Street
Kailua-Hawaii, 96740
Telephone: (808) 325-0370

PRO SE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
                                                       :    **Chapter 11 Case No.**
**In re**                                              :
                                                       :    **08-13555 (JMP)**
**LEHMAN BROTHERS HOLDINGS INC., et al.**              :
                                                       :
                        **Debtors**                    :    **(Jointly Administered)**
                                                       :
-------------------------------------------------------X

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANDRUPTCY JUDGE

### ANSWER TO OBJECTION
### TO PROOF OF CLAIM NO. 33605 FILED BY SANFORD A. AND TINA A. MOHR

Sanford and Tina Mohr respectfully respond as follows:

1.  Disagree. Disallowance and expungement of proof of claim No. 33605 (the "Claim") is <u>not</u> merited for the reasons and issues contained herein.

2.  Disgree. The Claim (No. 330605) was not merely filed by the Mohrs, as purported by LBHI/BNC, "seeking rescission of their residential mortgage and damages under the Truth in Lending Act". The Claim (No. 33605) was filed to preserve <u>all</u> matters involved in Civil No. 05-1-95K in the Circuit Court of the Third Circuit, State of Hawaii, SANFORD A. MOHR and TINA A. MOHR, Plaintiffs vs. DEUTSCHE BANK NATIONAL TRUST

COMPANY AS TRUSTEE, et a., Defendants mandated to be stayed as order by the Court in the Circuit Court of the Third Circuit, State of Hawaii, on February 11, 2009. [See Exhibit A]

3. Without knowledge.

4. Without knowledge.

5. Agree

6. Agree

7. Disagree. Upon information and belief, the Mohrs believe and assert that LBHI/BNC et al have (mis)represented to the Court by/through counsel Reilly Pozner LLP's *"Summary of the Mohrs' Claim"* a careless and/or precarious summation of the case riddled with numerous omissions of material facts to intentionally and/or otherwise mislead the Court. The Court is respectfully requested to note that Lehman Brothers Holding Inc., BNC's parent company, is not the current owner and holder of the Note and Mortgage. BNC released the note and mortgage to the Mohrs on December 10, 2008 as recorded at the Bureau of Conveyances of the State of Hawai'i. [See *Exhibit I* in Proof of Claim No. 33605]

8. Disagree. The Mohr's, to the best of their recollection and belief, in March 2005 were improperly served a Notice of Intention to Foreclose Under Power of Sale from Mortgage Electronic Registration Service (MERS); additionally, the Mohrs question if MERS, the entity who apparently initiated the foreclosure, is the actual "Mortgagee" (the lender in a mortgage, typically a bank). May the Court note that on April 20, 2005 the non-judicial foreclosure against the Mohrs was cancelled.

9. Agree in part. Disagree in part. On April 19, 2005, the Mohrs filed a declaratory judgment lawsuit in Hawai'i state court, Civil No. 05-1-095K against Deutsche Bank, as Trustee, Finance America, and *others* [*sic:* emphasis added]. The lawsuit sought rescission of the mortgage and alleged unfair and deceptive trade practices that may, to the best of the Mohrs' belief, based upon information and knowledge, involve civil and/or criminal misconduct on the part of the Defendants named in Hawai'i state court case, Civil No. 05-1-095K.

10.     Agree in part. Settlement Agreement was drafted. Disagree in part. BNC breeched the Settlement Agreement. BNC failed to comply with the Settlement Agreement and failed to produce documentation to comply with the proposed Settlement Agreement as expressed in the August 15, 2008 letter from the Mohrs' counsel to counsel for BNC [See Exhibit B]. BNC failed to comply with the terms of the settlement agreement; thus, BNC breeched the Settlement Agreement. The Mohrs' made best efforts to comply with the Settlement Agreement but were thwarted by BNC's breech of the Settlement Agreement. The Mohrs' claims are with merit.

11.     Disagree.

12.     Agree in part. A borrower has a right to rescind a consumer credit transaction. Disagree in part to LBHI/BNC's claim that damages for the complaints in their entirety as brought forth in Hawai'i state court, Civil No. 05-1-095K are limited to one year after the consummation of the transaction. The Mohrs emphasize that Claim (No. 33605) was filed to preserve all matters involved in out of Civil No. 05-1-95K in the Circuit Court of the Third Circuit, State of Hawaii.

13.     Without knowledge.

14.     Agree. The Mohrs claim NORCs they received left blank the date by which they could cancel. Additionally, the Mohrs draw attention to page 26 of *Exhibit 1* presented by counsel for LBHI (and subsidiary BNC) in their current NOTICE OF HEARING ON OBJECTION TO PROOF OF CLAIM NO. 33605 FILED BY SANFORD A. AND TINA A. MOHR. May the Court note the line directly above the apparent signatures of the Mohrs on page 26 of *Exhibit 1* is also left blank. May the Court also be aware that page 30 of *Exhibit 1* presented by counsel for LBHI (and subsidiary BNC) appears similarly undated.

15.     Disagree. BNC breeched the proposed Settlement Agreement. The Mohrs have a viable claim against LBHI (and Subsidiary BNC), as well as other Defendants, as set forth in Civil No. 05-1-95K in the Circuit Court of the Third Circuit, State of Hawaii that is currently ordered by the Circuit Court of the Third Circuit, State of Hawaii to be stayed. [See *Exhibit A*]

16.     Disagree. The Mohrs complaint, Civil No. 05-1-95K in the Circuit Court of the Third Circuit, State of Hawai'i, is not merely a complaint of rescission but also alleges unfair and deceptive trade practices that may, to the best of the belief of the Mohrs, involve civil and/or criminal misconduct on the part of the Defendant(s).

17.     Disagree. The Mohrs have made numerous attempts to settle this matter through Alternative Dispute Resolution (ADR) measures and via attempts at forthright Settlement Agreement. LBHI (and subsidiary BNC) as well as other Defendants in Civil No. 05-1-95K in the Circuit Court of the Third Circuit, State of Hawai'i have apparently not been amenable to compliance with the law, with ADR efforts, and/or with proposed Settlement Agreement options.

18.     Disagree. LBHI/BNC, in fact, to the best of the Mohrs' information, belief, and understanding, breeched the proposed Settlement Agreement causing the proposed Settlement Agreement to fail.

19.     Disagree. The Mohrs emphasize that Claim (No. 33605) was filed to preserve all matters involved in Civil No. 05-1-95K in the Circuit Court of the Third Circuit, State of Hawaii.

20.     Disagree. The Mohrs emphasize that Claim (No. 33605) was filed to preserve all matters involved in out of Civil No. 05-1-95K in the Circuit Court of the Third Circuit, State of Hawaii.

21.     Disagree. The Mohrs emphasize that Claim (No. 33605) was filed to preserve all matters involved in of Civil No. 05-1-95K in the Circuit Court of the Third Circuit, State of Hawaii.

22.     Disagree. The Mohrs emphasize that Claim (No. 33605) was filed to preserve all matters involved in of Civil No. 05-1-95K in the Circuit Court of the Third Circuit, State of Hawaii.

23.     Disagree. The Mohrs emphasize that Claim (No. 33605) was filed to preserve <u>all</u> matters involved in of Civil No. 05-1-95K in the Circuit Court of the Third Circuit, State of Hawaii. It should be respectfully brought to the Courts attention that, as proclaimed via letter dated 16 February 2007 by counsel for BNC, "the original loan documents were scanned then destroyed". [See Exhibit C] Destruction of the original loan documents in question and the undated pages of digital copies of the said documents submitted to the Court raise a reasonable doubt. It is the belief, opinion, and assertion of the Mohrs that LBHI/BNC and other Defendents in Civil No. 05-1-95K in the Circuit Court of the Third Circuit, State of Hawaii have not acted in accordance with the law. Further, due to the fact that transactions in question were carried out in the State of Hawai'i, the Mohrs understand that jurisdiction of matters in Civil No. 05-1-95K in the Circuit Court of the Third Circuit, State of Hawaii, currently stayed, remain in Hawai'i.

24.     Disagree. The Mohrs emphasize that Claim (No. 33605) was filed to preserve <u>all</u> matters involved in of Civil No. 05-1-95K in the Circuit Court of the Third Circuit, State of Hawaii.

25.     Disagree. The Mohrs question whether proper notice of LBHI/BNC OBJECTION TO PROOF OF CLAIM No. 33605 was provided to them as there appears to be no legitimate proof of service. None the less, the Mohrs are doing their best to act in good faith to answer LBHI/BNC's Objection.

26.     Without knowledge.

27.     Disagree. Order granting relief as requested by Plan Administrator to disallow and expunge the Mohrs proof of claim (No. 33605) should not be granted. The Circuit Court of the Third Circuit, State of Hawaii has stayed Civil No. 05-1-95K in the Circuit Court of the Third Circuit. The Circuit Court of the Third Circuit, State of Hawaii should maintain jurisdiction over Civil No. 05-1-95K filed by the Mohrs. The Mohrs continue to expressly and respectfully request that LBHI/BNC/ et al be open and amenable to resolve these matters through ADR resolution.

Dated: October 31, 2013
Kailua-Kona, Hawaii

_____
Sanford A. Mohr, Pro Se
73-4787 Halolani Street
Kailua-Hawaii, 96740
Telephone: (808) 325-0370

_____
Tina A. Mohr, Pro Se
73-4787 Halolani Street
Kailua-Hawaii, 96740
Telephone: (808) 325-0370

# EXHIBIT A

7

FILED

cc: Jade Lynne Ching, Esq.
    Andrew S. Iwashita, Esq.
    George J. Zweibel, Esq.
    David J. Minkin, Esq.

2009 FEB 11 PM 2:22

C. GANDALIRA, CLERK
THIRD CIRCUIT COURT
STATE OF HAWAII

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| SANFORD A. MOHR and TINA A. MOHR, | CIVIL NO. 05-1-95 K |
| Plaintiffs, | ORDER RE AUTOMATIC STAY |
| vs. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE, et a., | |
| Defendants. | |

ORDER RE AUTOMATIC STAY

Defendant BNC MORTGAGE, INC., SUCCESSOR IN INTEREST BY MERGER, TO FINANCE AMERICA, LLC, having informed the Court that BNC Mortgage LLC has filed a Petition for Bankruptcy and that the subject matter of the litigation is part of the bankruptcy estate,

IT IS HEREBY ORDERED that any further proceedings in this matter be stayed pending the outcome of the bankruptcy case.

IT IS FURTHER ORDERED that counsel for the Plaintiff shall file a status report within 30 days upon the disposition of the bankruptcy.

DATED: Kealakekua, Hawaii     2/10/09

JUDGE OF THE ABOVE-ENTITLED COURT

hereby certify that this is a full, true and correct copy of the original on file in this office.

Clerk, Third Circuit Court, State of Hawaii

EXHIBIT "A"

# EXHIBIT B

**LAW OFFICE OF GEORGE J. ZWEIBEL**
45-3590A Mamane Street
Honokaa, Hawaii 96727
(808) 775-1087
(808) 775-1089 (fax)

August 15, 2008

<u>Sent by Facsimile to (808) 524-4591</u>
<u>and by First Class Mail</u>

Jade Lynne Ching, Esq.
Alston Hunt Floyd & Ing
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, HI 96813

    Re:   *Mohr v. Deutsche Bank National Trust Company as Trustee, et al.*
           Civil No. 05-1-0095K (Circuit Court of the Third Circuit)

Dear Ms. Ching:

    This is to notify you that BNC Mortgage, Inc. ("BNC") has failed to comply with Paragraph B.3 of the Settlement Agreement and Mutual Release ("Agreement") entered into by the parties in the above action.

    Pursuant to Paragraph B.3 of the Agreement, BNC was required, prior to June 30, 2008, to direct its loan servicer to instruct three named consumer reporting agencies to delete from Mr. and Mrs. Mohrs' credit histories the mortgage trade line relating to the subject loan. Further, BNC was required to provide the Mohrs' attorneys with described documentation confirming BNC's compliance with Paragraph B.3 within ten business days after the notices were given.

    Although some seven weeks have passed since the June 30 deadline, and despite numerous assurances from you and Daniel Povich of your office, BNC has yet to provide the required documentation showing that it has complied with Paragraph B.3. Indeed, we have no basis for believing that BNC has taken any of the actions required by Paragraph B.3.

    You are further advised that BNC's failure to comply with Paragraph B.3 may have

CLIENT'S COPY                 EXHIBIT "B"

serious consequences. Mr. and Mrs. Mohr have been trying in good faith to obtain the loan needed to fulfill their obligations under the Agreement. However, as you know, the action required by Paragraph B.3 is a requisite to processing the Mohrs' new loan. If loan standards in the volatile mortgage market continue to tighten, the delay caused by BNC's inaction could make the new loan unattainable.

I trust that you will advise your client to provide the overdue documentation required by Paragraph B.3 without further delay.

Sincerely,

George J. Zweibel
Attorney at Law


cc:    Sanford and Tina Mohr

# EXHIBIT C



# ALSTON HUNT FLOYD & ING
LAWYERS

16 February 2007

**Via Facsimile Only (808) 775-1089**            2 pages

George J. Zweibel, Esq.
Law Office of George J. Zweibel
45-3590A Mamane Street
Honokaa, Hawai`i 96727

JADE LYNNE CHING
E-MAIL
jlc@ahfi.com
Direct Fax
(808) 441-6535

Re:  *Mohr et al. v. Deutsche Bank National Trust Company as Trustee et al.;*
**Third Circuit Court - Kona, State of Hawai'i;
Civil No. 05-1-095(K)**

Dear Mr. Zweibel:

During our last round of settlement discussions, you had requested to review the original loan file. I apologize for the delay but because the loan was being repurchased from the investor due to the claims alleged by the Mohrs, it took some time to determine whether the original loan documents exist. As it turns out, the original loan documents were scanned then destroyed (except the promissory note which will not be released). If you have not already received the scanned loan documents, please let me know and we will forward those to you immediately.

This will also respond to the Mohrs settlement offer. The Mohrs made the following offer:

- reform the Note and Mortgage to a fixed rate of 7.040%;

- adjust the principal amount from $467,500 to $443,000;

- pay the Mohrs' attorneys fees totaling $35,000; and

- notify the credit bureaus and avoid a 1099C.

BNC Mortgage, Inc. ("BNC") respectfully declines the Mohrs offer, and offers to settle this matter for $20,000.00 payment

American Savings Bank Tower
18th Floor
1001 Bishop Street
Honolulu, Hawai`i 96813
Phone (808) 524-1800
Fax (808) 524-5976

Palani Court, Suite 104
74-5617 Palani Road
Kailua-Kona, Hawai`i 96740
Phone (808) 326-7979
Fax (808) 326-4779

www.ahfi.com

636446.1, 8340-1

**CLIENT'S COPY**            EXHIBIT "C"

George J. Zweibel, Esq.
16 February 2007
Page 2

to the Mohrs and a dismissal of its claims against the Mohrs on the following terms:

- the Mohrs dismiss their claims with prejudice against BNC and Finance America, LLC and obtaining refinancing for the loan; and
- BNC will notify and/or suppress credit reporting to the credit bureaus.

We take seriously the claims alleged by the Mohrs. However, BNC's copies of the Notice of Right to Cancel are completely filled in and signed, including the rescission date. Further, there is little question that the Mohrs borrowed $467,500.00 from Finance America, LLC. The loan paid off and satisfied the Litton Mortgage ($231,063.07) as well as the Hawaii Funding Group, LLC ($192,539.67), plus an additional $20,072.00 to various other creditors of the Mohrs. The Mohrs did not raise the rescission issue until after they defaulted on the loan and found themselves in the midst of foreclosure. They now seek a credit of $24,500.00 (reduction of principal balance) plus attorneys' fees in the amount of $35,000.00. The offer of $20,000 achieves the Mohrs' request that the principal amount of the loan be reduced to $443,000.00. BNC, however, simply cannot modify the interest rate to 7% because the original lender no longer exists.

The Mohrs have now had the benefit of the $467,500.00 loan and you have achieved their immediate concern of avoiding foreclosure. As you know, BNC's security interest is not automatically void and the court has discretion to alter TILA's procedural provisions and condition rescission on tender by the borrower of the loan proceeds received from the lender. *Yamamtoto et al. v. Bank of New York et al*, 329 F.3d 1167 (D. Haw. 2003). I suggest the Mohrs explore new financing and we avoid incurring unnecessary attorneys' fees.

I look forward to working towards a resolution with you.

Very truly yours,

Jade Lynne Ching

cc: client

636446.1 8340-1