Kay Sehi-Emovon (Pro Se)
42 Opal House,
Milton Keynes, Bucks,
United Kingdom, MK9 2EL.
Telephone: (44) 7548-884608
Email: sehiemovon@hotmail.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| In re | ) Chapter 11 Case No. <br> ) <br> ) 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.* | ) <br> ) Jointly Administered |
| Debtors. | ) |

_____

**OBJECTION TO LEHMAN BROTHERS HOLDING INC'S MOTION FOR EXTENSION OF THE PERIOD TO FILE OBJECTIONS TO AND REQUESTS TO ESTIMATE CLAIMS**

**In re: Claim No. 8025**

1. I, Kay Sehi-Emovon (Pro Se) ("Claimant"), object, as follows to the 'Motion For Extension Of The Period To File Objections To And Requests To Estimate Claims' ("Motion") as filed by Lehman Brothers Holdings Inc. ("LBHI"), et al affiliated debtors (collectively, "Debtors") as filed on the 1st November 2013.

2. Claimant dispute Debtors   contention that their Motion has 'Good and Sufficient Cause'.

**Background**
3. The Debtor's who have been the subject of bankruptcy proceedings, have had their reorganization plan confirmed. The Plan's effective date was the 6th March 2012. The period in which the Debtor's can object against the Claimants generally expires two years after the effective date (6th February 2014). Debtor's made a Motion of Objection to Claimant's claim on 7th March, 2012. Claimant subsequently made a response to Debtor's Objection. Debtor's issued 'Notice of Adjournment' on 18th April 2012.

**Objection**
4. The debtor's has tied the rationale for their Motion to the legal notion of  'Good and Sufficient Cause'. Upon this predication, therefore, must the success or failure of the Debtor's Motion be judged.

5. With regard to the notion of 'Good and Sufficient Cause', I respectfully requests that it be remembered that the cornerstones of natural justice, upon which lie the foundations of any judicial process or institution of justice are thus.
    (i) Justice delayed, is justice denied.
    (ii) Presumption of innocence, until found guilty.

6. I respectfully, consciously do not seek to expand upon these cornerstones of natural justice, as it relates to the Debtor's Motion, whether by a reference to statutes or case-law (for reasons, that I state further down in this Objection).

7. However, these cornerstones of natural justice, I respectfully argue, must be, at the forefront of any examination of the merits of the Debtor's Motion. In the light of my statements above I respectfully request, that the following be noted.

8. It is fair to say that upon a examination of the Dockets/Claims register that, their exist a sizable percentage of claims that have been adjourned between 2011 and April 2012 (my claim is one of those so adjourned), that has remained so adjourned indefinitely and further more, has had no negotiations entered with a view to settlement or allowance of claims.

9. This sizable percentage of Claimants remain in limbo, at the mercy of the Plan Administrators, who rightly or wrongly has shown them no mercy thus far.

10. Behind, this 'outstanding' sizable percentage of adjourned claims, are real people, with very finite lives, who as a result of the Debtor's bankruptcy are not going to get their full recompense, they will at best, only recoup a small amount of cents in every dollar, relative to their claim amounts.

11. I humbly state that, most claims arose out of 'legal wrongs' that existed prior to the Debtor's bankruptcy, these grievances need to be addressed. Each day and month that goes by, marked by non-resolution of their claims, is for most Claimants, added pain and suffering. Such days and months that goes by, are days and months forever lost from the quality of lives of these Claimants.

12. I humbly state further, that it must be understandable (both to the Bankruptcy Judge, and the Plan Administrators), that I for one, and all other persons in this category of Claimants, who have had their cases adjourned, seemingly forgotten, cannot see any 'Good and Sufficient Cause' in the Debtor's Motion, which calls upon us only, to endure more pain and suffering. There seems no light in this tunnel.

13. The Debtors Motion gives rise to two adverse consequences, firstly, by seeking to extend the period by which it can object to claims, it disproportionately impacts the category of Claimants that i refer to above (of which I am one), secondly, it undermines the presumption of the 'validity of claims, properly made, that is legally afforded to all such claims.

14. Both these consequences are brought into focus by the wording in the Debtor's Chapter 11 Plan, whose interpretation would suggest that two years after the 'Effective Date' (see Debtor's Chapter 11 Plan), the Plan Administrators ability to object to claims or even to continue to dispute outstanding claims comes to an end. This interpretation is affirmed by the Plan Administrators published document (See answers given to Question 6 and Question 9 of Lehman - Frequently Asked Questions for Fourth Distribution for Website September 26th 2013_FINAL.pdf), as hosted on Lehman Brothers - Epiq hosted website as of November 6th 2013.

15. I respectfully state that this Objection, does not seek to attack the Plan Administrators, this stance is underlined, by a deliberate non-inclusion of Case-Law or Statutes to back it up. This is so as, **it cannot reasonably be said,** that the Plan Administrators have not rolled up their sleeves and done a good job. Indeed they have done a great job.

16. This Objection to the Debtor's Motion is deliberately calibrated such as, to not be an effective impediment to the Success of the Debtor's Motion, it seeks only, to bring a category of Claimants into forceful remembrance, in the minds of the Plan Administrators, such as to persuade the Plan Administrators to remedy the situation, and alleviate the very real pain and suffering endured by such a category of patient Claimants, who incidentally are becoming increasingly desperate as a result of the Debtor's Motion.

17. I respectfully state, that to the extent that any, or all other Objections by Objectors to the Debtor's Motion are properly made, I incorporate those other objections (including their arguments) into this Objection.

**Observations**
18. It is quite apparent, that great progress has been made by the Plan Administrators, and that, huge effort has been applied, with justifiable results. However, it must be said, that **it is the 'little creditor' (the natural person), that carries disproportionately the burden of any delays to their Claims being processed and allowed.**

19. For this class of creditors, the Debtor's Motion holds no 'Good and Sufficient Cause'. I believe firmly, that in the presence of Humanity, everyone including the Plan Administrators will accept the deficiency of the Debtor's Motion in relation to the 'little creditor'

20. It may not be popular to state the obvious, in the Corporate World of Profit vs. Loss, but, Human Beings (the 'little creditor') have a finite lifespan, they can be brought low by financial limitations, sickness, disease, accidents, even by adverse news of loved ones.

21. They do not even the capacity to renew their lives by 'new hires', unlike corporate entities. What is needed is for a good place to be made at the table for the 'little creditor' as his time (on earth) is limited and his burdens crippling.

22. Some may hold the inhumane view that 'Where Elephants Fights, the Grass Suffers', to them i say this, the little creditor are not grass, we are Human Beings. The 'little creditors' cries of pain, may not resonate loudly in the halls of the corporate world, but their whimpers are heartfelt.
It will be a most blessed day, when someone really hears them, in all of this.

**Conclusion**

23. It is with a heavy heart, that I have submitted this Objection, as I most certainly do appreciate, that the Plan Administrators have done a great job, and continue to do a great job. The Lehman Brothers bankruptcy is without doubt one of the most complex bankruptcies, that has ever occurred in the history of the world, and the Plan Administrators (and the colleagues that work with them), should be encouraged and commended for taking on this momentous task.

24. However the seed of this Objection is one of desperation, I do not envisage that this Objection will succeed, nor do I want this Objection to succeed, if the result of it succeeding, will be to negatively impact the enormous task that the Plan Administrators are undertaking.

25. To be clear, I hold no illusions that my Objection will succeed in stopping this Motion, I hold however, the hope, that perhaps, someone, somewhere, will feel the need to bless me with a good deed. That hope in me, is worth the effort of my Objection.

**WHEREFORE**, I respectfully requests that this Court **deny the Debtors' Motion**

Dated: 7th November 2013

Respectfully submitted,

Kay Sehi-Emovon (Pro Se)
42 Opal House,
Milton Keynes, Bucks,
United Kingdom, MK9 2EL.
Telephone: (44) 7548-884608
Email: sehiemovon@hotmail.com