**Hearing date and time**:  **December 18, 2013 at 10:00 a.m.** (prevailing Eastern time)
**Objection deadline**:  **December 13, 2013 at 4:00 p.m.** (prevailing Eastern time)

REID COLLINS & TSAI LLP
One Penn Plaza, 49th Floor
New York, New York 10119
Telephone:  (212) 344-5200
Facsimile:  (212) 344-5299
Angela J. Somers, Esq.

*Attorneys for Black Diamond Offshore Ltd. and Double Black Diamond Offshore Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11
                                          :
LEHMAN BROTHERS HOLDINGS, INC., et al.,   :        Case No. 08-13555 (JMP)
                                          :
                  Debtors.                :        (Jointly Administered)
                                          :
-------------------------------------------------------------x
```

**NOTICE OF HEARING ON MOTION OF BLACK DIAMOND OFFSHORE LTD. AND
DOUBLE BLACK DIAMOND OFFSHORE LTD. FOR LEAVE TO CONDUCT
LIMITED RULE 2004 DISCOVERY OF DEBTORS AND
CERTAIN FORMER EMPLOYEES**

**Please take notice** that a hearing is scheduled for **December 18, 2013 at 10:00 a.m.**

(prevailing Eastern Time), or as soon thereafter as the matter may be heard, before the Honorable

James M. Peck, United States Bankruptcy Court for the Southern District of New York, One

Bowling Green, Room 601 (or such other Courtroom as the Court may designate), New York,

New York 10004, to consider the Motion of Black Diamond Offshore Ltd. and Double Black

Diamond Offshore Ltd. for Leave to Conduct Limited Rule 2004 Discovery of Debtors And

Certain Former Employees (the "Motion").

**Please take further notice** that objections, if any, to the Motion must be (i) filed

electronically with the Court on the docket of *In re Lehman Brothers Holdings Inc.*, Chapter 11

Case No. 08-13555 (JMP) in accordance with General Order M-242 (available at

www.nysb.uscourts.gov/orders/orders2.html) by registered users of the Court's case filing system and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format, and (ii) served upon (a) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (b) Reid Collins & Tsai LLP, One Penn Plaza, 49th Floor, New York, New York 10119, Attn: Angela J. Somers, Esq., attorneys for Black Diamond Offshore Ltd. and Double Black Diamond Offshore Ltd.; (c) Weil Gotschal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (d) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis; (e) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (f) the attorneys for any other official committee(s) appointed in these cases, **so as to be received no later than December 13, 2013 at 4:00 p.m., prevailing Eastern Time** (the "Objection Deadline").

**Please take further notice** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**Please take further notice** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  New York, New York
        November 14, 2013

REID COLLINS & TSAI LLP

*/s/ Angela J. Somers*
Angela J. Somers (AS 3095)
One Penn Plaza, 49th Floor
New York, New York 10119
Telephone:  (212) 344-5200
Facsimile:  (212) 344-5299
asomers@rctlegal.com

*Attorneys for Black Diamond Offshore Ltd.*
*and Double Black Diamond Offshore Ltd.*

**Hearing date and time**:  **December 18, 2013 at 10:00 a.m.** (prevailing Eastern time)
**Objection deadline**:  **December 13, 2013 at 4:00 p.m.** (prevailing Eastern time)

REID COLLINS & TSAI LLP
One Penn Plaza, 49th Floor
New York, New York 10119
Telephone:  (212) 344-5200
Facsimile:  (212) 344-5299
Angela J. Somers, Esq.
asomers@rctlegal.com

*Attorneys for Black Diamond Offshore Ltd. and Double Black Diamond Offshore Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re                                                        :        Chapter 11
                                                             :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*,  :        Case No. 08-13555 (JMP)
                                                             :
                            Debtors.                         :        (Jointly Administered)
                                                             :
-------------------------------------------------------------x

### MOTION OF BLACK DIAMOND OFFSHORE LTD. AND DOUBLE BLACK DIAMOND OFFSHORE LTD. FOR LEAVE TO CONDUCT LIMITED RULE 2004 DISCOVERY OF DEBTORS AND CERTAIN FORMER EMPLOYEES

Creditors Black Diamond Offshore Ltd. and Double Black Diamond Offshore Ltd. (collectively, "Movants"), by and through their undersigned counsel, Reid Collins & Tsai LLP, hereby move this Court pursuant to section 105(a) of title 11, United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure, for entry of an order authorizing and directing: (i) document discovery of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing Inc. ("LBSF" and with LBHI, the "Debtors") in the form of the requests attached as Exhibit A; (ii) document discovery of Kara Rappaport, former employee of the Debtors, in the form of the requests attached as Exhibit B; (iii) Rule 2004 examination of Ms. Rappaport; (iv) Rule 2004 examination of the Debtors covering the topics identified in Exhibit C; and (v) Rule 2004 examination(s) of the employee(s) identified as

having personal knowledge of the Master Agreement Guarantees and the communications between Debtors and Movants concerning the Master Agreement Guarantees.

## INTRODUCTION

1.      The Debtors and certain former employees of the Debtors, including Ms. Rappaport, possess discoverable, material, information that bears directly on Movants' claims against the Debtors.  Movants seek discovery from the Debtors and certain employees of the Debtors to clarify and narrow these issues.

## FACTUAL BACKGROUND

2.      Through unanimous consent, the executive committee of LBHI's board of directors passed a resolution dated June 9, 2005 that authorized certain guarantees (the "Board Resolution Guarantee"), including those executed in connection with the ISDA Master Agreement between LBSF and Black Diamond Offshore, Ltd. dated January 3, 2007, and the ISDA Master Agreement between Double Black Diamond Offshore, Ltd. and Lehman Brothers International (Europe), also dated January 3, 2007 (collectively, the "Master Agreements"). LBHI also issued separate guarantees related to those Master Agreements (the "Master Agreement Guarantees" and together with the Board Resolution Guarantee, the "Guarantees").

3.      Under the terms of the Master Agreements and covered by the protections ensured by the Guarantees, Movants entered into various derivative transactions with Debtors, including swap transactions that were documented and confirmed by Debtors and Movants through written confirmations.  Kara Rappaport and other employees of the Debtors oversaw and were involved in the execution of the Master Agreements and Master Agreement Guarantees.  To mitigate credit risk under these transactions, the parties to the Master Agreements also entered into Credit

Support Annexes, which set forth the terms under which collateral would be posted in connection with the open derivative transactions under the Master Agreements.

4.    LBHI's voluntary petition for relief under chapter 11 of the Bankruptcy Code is an event of default under Section 5(a)(vii) of the Master Agreements, thereby entitling Movants to terminate all outstanding transactions.  Movants sent notice to Debtors specifying the events of default and designating September 18, 2008 as the date as of which all outstanding transactions were terminated (the "Notice of Event of Default").  Federal Express confirms that the Notice of Event of Default was received on September 20, 2008.

5.    LBHI owes Movants more than $15.8 million pursuant to the Guarantees. Therefore, Movants filed proofs of claim in this proceeding before the Bar Date to obtain those amounts (the "Guarantee Proofs of Claim").[1]  Movants also submitted the applicable questionnaires and supporting documentation relevant to their Guarantee Proofs of Claim.  The Guarantee Proofs of Claim, however, specified that Movants "reserve[d] all rights to amend, clarify, modify, and/or supplement" them "at any time and for any reason."

## JURISDICTION AND VENUE

6.    The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statute predicate for the relief requested in this Motion is Rule 2004 of the Federal Rules of Bankruptcy Procedure.

## RELIEF REQUESTED

7.    Movants request, pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 2004, an order (i) granting this Motion and thereby authorizing or directing (a) the Debtors to produce

---

[1] The Guarantee Proofs of Claim are numbers 17157 and 17163.

documents within the Debtors' possession, custody, or control as described in Exhibit A, (b) Kara Rappaport to produce documents within her possession, custody, or control as described in Exhibit B, (c) Ms. Rappaport to appear for Rule 2004 examination, (d) the Debtors to present for Rule 2004 examination a representative with the most knowledge concerning the topics identified in Exhibit C to the Motion, (e) Rule 2004 examination(s) of the LBHI or LBSF employee(s) identified as having personal knowledge of the Master Agreement Guarantees or the communications between the Debtors and Movants concerning those guarantees; (ii) authorizing the issuance of subpoenas compelling such conduct in the manner provided in Federal Rule of Bankruptcy Procedure 9016; and (iii) granting such other and further relief as the Court deems just and proper.

## ARGUMENT

8.      Bankruptcy Rule 2004(a) provides that "on motion of any party in interest, the court may order the examination of any person." FED. R. BANKR. P. 2004(a). The scope of Rule 2004 is broad: examinations pursuant to the rule need only relate to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." FED. R. BANKR. P. 2004(b). The term "party in interest" is similarly broad, encompassing anyone with an interest in the administration of the estate. *See, e.g., In re Johns-Manville Corp.*, 36 B.R. 743, 747-79 (Bankr. S.D.N.Y. 1984), *aff'd*, 52 B.R. 940 (S.D.N.Y. 1985) (holding that the term "party in interest" is to be construed liberally and includes potential claimants). Without question, a creditor is a "party in interest." *See, e.g.*, 11 U.S.C. § 1109(b) ("A party in interest, including . . . a creditor . . . .").

9.      Rule 2004 has been termed the "basic discovery device used [in] bankruptcy cases." *In re French*, 145 B.R. 991, 992 (Bankr. D.S.D. 1992). Discovery sought pursuant to

4

Rule 2004 may consist of requests for the production of documents as well as oral examinations. FED. R. BANKR. P. 2004(c). The purpose of Rule 2004 is to allow parties in interest, including creditors, an opportunity to gather information regarding the conduct or actions of the debtor.

10.     Rule 2004 discovery is an investigative tool undertaken pre-litigation. As such, it need not be tied to specific factual allegations at issue between parties to a dispute. *In re Symington*, 209 B.R. 678, 684 (Bankr. D. Md. 1997). In addition, Rule 2004 discovery is subject to fewer objections on relevance grounds than discovery under the Federal Rules of Civil Procedure and "can be undertaken more quickly than regular civil discovery." *Id*. at 684.

11.     Rule 2004 requires the Court to "balance the competing interests of the parties, weighing relevance of and necessity of the information sought by examination." *In re Drexel Burnham Lambert Group*, 123 B.R. 702, 712 (S.D.N.Y. 1991). In making this determination, courts consider the purpose of the request as well as the degree of intrusiveness. *Id*. at 711. Good cause may be shown "by a claim that the requested documents are necessary to establishment of the moving party's claim or that denial of production would cause undue hardship or injustice." *Id*. at 712.

12.     Movants are entitled to Rule 2004 discovery from the Debtors, Ms. Rappaport, and the employee(s) of LBHI or LBSF who oversaw or were involved in coordinating the execution of the Master Agreement Guarantees. Movants' Guarantee Proofs of Claim and their success turn, in large part, on the interactions between Movants and the Debtors and the Debtors' former employees, including Ms. Rappaport, and the records documenting those interactions.[2] Such issues include, but are not limited to, the instructions or procedures that Ms. Rappaport and other employees of the Debtors followed in obtaining the Master Agreements and in providing

---

[2] The Guarantee Proofs of Claim have not been objected to, but they have not yet been allowed, either.

5

the Guarantees to Movants and the authority that the Debtors bestowed on Ms. Rappaport and other employees with respect to Movants, the Master Agreements, and the Guarantees.

## NO PRIOR REQUEST

13.     No prior request for the relief sought in this Motion has been made to this or to any other court.

## CONCLUSION

For the reasons set forth above, Movants Black Diamond Offshore Ltd. and Double Black Diamond Offshore Ltd. respectfully request that the Court grant this Rule 2004 Motion in its entirety, as well as any further relief this Court deems fair and appropriate.

Dated: November 14, 2013

Respectfully submitted,


By:      */s/ Angela J. Somers*
         Angela J. Somers (AS 3095)
         REID COLLINS & TSAI LLP
         One Penn Plaza, 49th Floor
         New York, New York 10119
         Tel:  (212) 344-5200
         Fax:  (212) 344-5299

         *Attorneys for Black Diamond Offshore Ltd.*
         *and Double Black Diamond Offshore Ltd.*

# EXHIBIT A

## DOCUMENT REQUESTS

### DEFINITIONS

1.      The term "LBHI" shall refer to Lehman Brothers Holdings Inc. and any of its predecessors or successors in interest, direct or indirect subsidiaries, joint venture companies, divisions, directors, officers, employees, affiliates (as defined in the Bankruptcy Code), representatives, advisors, agents, attorneys, associates, associations, or any other person(s) acting on its behalf.

2.      The term "LBSF" shall refer to Lehman Brothers Special Financing Inc. and any of its predecessors or successors in interest, direct or indirect subsidiaries, joint venture companies, divisions, directors, officers, employees, affiliates (as defined in the Bankruptcy Code), representatives, advisors, agents, attorneys, associates, associations, or any other person(s) acting on its behalf.

3.      The term "Debtors" and "you" and "your" shall refer, collectively, to LBHI and/or LBSF.

4.      The term "LBIE" shall refer to Lehman Brothers International (Europe) and any of its predecessors or successors in interest, direct or indirect subsidiaries, joint venture companies, divisions, directors, officers, employees, affiliates (as defined in the Bankruptcy Code), representatives, advisors, agents, attorneys, associates, associations, or any other person(s) acting on its behalf.

5.      The term "BDO" shall refer to Black Diamond Offshore Ltd. and its predecessors or successors in interest, directors, officers, employees affiliates (as defined in the Bankruptcy Code), representatives, advisors, agents, attorneys, associates, associations, or any other person(s) purporting to act on their behalf.

6.      The term "DBDO" shall refer to Double Black Diamond Offshore Ltd. and its

predecessors or successors in interest, directors, officers, employees affiliates (as defined in the

Bankruptcy Code), representatives, advisors, agents, attorneys, associates, associations, or any

other person(s) purporting to act on their behalf.

7.      The term the "Black Diamond Entities" shall refer, collectively, to BDO and

DBDO.

8.      The term "Master Agreements" shall refer to the ISDA Master Agreement

between BDO and Lehman Brothers Special Financing Inc. (as amended, supplemented, or

otherwise modified from time to time, the including all annexes, schedules, exhibits,

confirmations and any related agreements and other documents) dated January 3, 2007, and the

ISDA Master Agreement between DBDO and LBIE (as amended, supplemented, or otherwise

modified from time to time, the including all annexes, schedules, exhibits, confirmations and any

related agreements and other documents) dated January 3, 2007.  In case of any doubt, the term

"Master Agreements" refers to the same documents as definition no. 7 in your July 29, 2013

subpoena to the Black Diamond Entities.

9.      The term "Master Agreement Guarantees" shall refer to guarantees drafted or

issued by Lehman Brothers Holdings Inc. concerning the Master Agreements.

10.      The term "January 31st Email" shall refer to the email that Kara Rappaport sent

from her lehman.com email account at 1:00 p.m. on January 31, 2007, to Janice Yllana, copying

Jeffrey BaCote, where she wrote, "Hi Janice- I spoke with my paralegal today and she is working

on getting the documents executed.  From Lehman's perspective, we are fine to trade.  We will

do our best to get you our signature and guarantee as soon as possible."  A copy of the January

31st Email is in the indicated portion of the attached document, which the Black Diamond

Entities produced to you as page 429 in response to your prior document subpoena.

11.    The term "document" shall have the same meaning set forth in Southern District

of New York Local Rule 26.3(c)(2).

12.    The term "concerning" shall have the same meaning set forth in Southern District

of New York Local Rule 26.3(c)(7).

13.    The term "communication" shall have the same meaning set forth in Southern

District of New York Local Rule 26.3(c)(1).

14.    "Kara Rappaport" is your former employee who you assigned the email address

krappaport@lehman.com.

15.    The terms "and" and "or" shall be construed either disjunctively or conjunctively

as necessary to bring within the scope of the discovery request all responses that might otherwise

be construed to be outside of its scope.

## INSTRUCTIONS

1.    You are to produce all documents within your possession, custody, or control

responsive to the following requests.  This includes all responsive documents in the possession,

custody, or control of any of your officers, directors, employees, representatives, agents,

attorneys, accountants, and consultants.

2.    Each request seeks production of each document in its entirety, without

abbreviation or truncation, that is responsive to such request and all drafts and non-identical

copies of each document that is responsive to such request.

3.    If any document requested herein was formerly in your possession, custody, or

control (or that of your representative) and has been lost or destroyed or otherwise disposed of,

you are requested to submit in lieu of any such document a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the person who prepared or authored the document and, if applicable, the person to whom the document was sent, (c) specifying the date on which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person requesting and performing the destruction.

4.      If any document requested herein is withheld on the basis of any claim of privilege, you are requested to submit, in lieu of any such document, a written statement (a) identifying the person who prepared or authored the document, and, if applicable, the person to whom the document was sent or show, (b) specifying the date on which the document was prepared or transmitted, (c) describing the nature of the document (e.g., letter, electronic mail, etc.), (d) stating briefly why the document is claimed to be privileged or to constitute work product, and (e) identifying the paragraph of this request to which the document relates.

5.      If a portion of an otherwise responsive document contains information subject to a claim of privilege, those portions of the document subject to the claim of privilege shall be deleted or redacted from the document, the instructions in the preceding paragraph shall apply, and the rest of the document shall be produced.

6.      All documents are to be produced as kept in the ordinary course of business or are to be organized and labeled to correspond with the categories in this request.  The method for production of each category is to be identified at the time of production.

7.      Each page of each document should be numbered consecutively.  A request for a document shall be deemed to include a request for any and all file folders within which the

document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments (including email attachments) to the document in addition to the document itself.

8.     Documents attached to each other (physically or via electronic mail) should not be separated.

9.     Electronic or magnetic data responsive to these requests is to be produced in its native electronic format with all metadata intact and accessible.

10.    The requests that follow are continuing.  You are required to augment your production in response to these requests with any responsive documents that you acquire in the future.  Such additional documents are to be produced at the offices of Reid Collins & Tsai LLP promptly after receipt or discovery of those additional responsive documents.

## REQUESTS FOR PRODUCTION

1.     All documents concerning the Master Agreements, including but not limited to documents reflecting transactions completed pursuant to the Master Agreements.

2.     All documents concerning the Master Agreement Guarantees, including but not limited to communications concerning the existence or lack of signed versions or copies of the Master Agreement Guarantees.

3.     All documents concerning communications between you and BDO or DBDO concerning the Master Agreement Guarantees.

4.     All documents concerning the events that Kara Rappaport described in the January 31st Email.

5.     All documents reflecting Kara Rappaport's ability or authority to act on behalf of LBHI, including but not limited to her ability or authority to sign documents on LBHI's behalf.

6.     Documents sufficient to identify Kara Rappaport's employer(s) in January 2007.

7.      All documents concerning your communications with Kara Rappaport concerning the events described in the January 31st Email or whether the Master Agreement Guarantees were ever signed.

8.      All documents concerning Your efforts to locate or retrieve signed versions of the Master Agreement Guarantees, including any documents or communications discussing whether such versions have been lost or misplaced and who would know whether such versions have been lost or misplaced.

9.      All documents concerning claims by creditors other than the Black Diamond Entities asserting right to payment based on an unsigned guaranty from LBHI or the allegation that a signed copy of such guaranty has been lost or misplaced, including but not limited to documents and communications concerning the status or resolution of any such claims.

10.     All documents reflecting who at LBHI had authority to guaranty the obligations of LBSF or LBIE under the Master Agreements in January 2007.

11.     All documents that you have filed, served, received, or authored, in this or any other action, taking or otherwise asserting a position concerning unsigned guarantees from LBHI concerning the obligations of LBSF or LBIE.

12.     All documents concerning LBHI's intent to guaranty the obligations of LBSF or LBIE under the Master Agreements.

13.     All communications between you and Kara Rappaport concerning the Master Agreement Guarantees, efforts to locate signed copies of the Master Agreement Guarantees, or efforts to determine if signed copies of the Master Agreement Guarantees were lost or misplaced.

| | |
|---|---|
| **From:** | Janice Ezell </O=CARLSON CAPITAL L.P./OU=CARLSON/CN=RECIPIENTS/CN=JYLLANA> |
| **Sent:** | Thursday, March 22, 2007 12:33 PM |
| **To:** | 'Rappaport, Kara' <kara.rappaport@lehman.com> |
| **Subject:** | RE: Carlson/LBSF ISDA |

Hi Kara,

Since we have our ISDAs in place now - what do we need to do in order to execute CFDs?
Thanks!

Janice

-----Original Message-----
**From:** Rappaport, Kara [mailto:kara.rappaport@lehman.com]
**Sent:** Wednesday, January 31, 2007 1:04 PM
**To:** Janice Yllana
**Subject:** RE: Carlson/LBSF ISDA

Whichever funds we executed the ISDA's with. Your counsel should be able to advise.

**From:** Janice Yllana [mailto:jyllana@carlsoncapital.com]
**Sent:** Wednesday, January 31, 2007 2:03 PM
**To:** Rappaport, Kara
**Subject:** RE: Carlson/LBSF ISDA

Can you also confirm which funds are OK for trading?

-----Original Message-----
**From:** Rappaport, Kara [mailto:kara.rappaport@lehman.com]
**Sent:** Wednesday, January 31, 2007 1:00 PM
**To:** Janice Yllana
**Cc:** JBaCote@mwe.com
**Subject:** RE: Carlson/LBSF ISDA

Hi Janice- I spoke with my paralegal today and she is working on getting the documents executed. From Lehman's perspective, we are fine to trade. We will do our best to get you our signature and guarantee as soon as possible.

Regards,

**From:** Janice Yllana [mailto:jyllana@carlsoncapital.com]
**Sent:** Wednesday, January 31, 2007 1:41 PM
**To:** Rappaport, Kara
**Cc:** JBaCote@mwe.com
**Subject:** RE: Carlson/LBSF ISDA

Hi Kara -

We sent the signed ISDAs back but have not received confirmation if we are OK to begin trading with them. We also would like our counter-signed execution copies back asap if possible. Please let me know - our traders would like to execute some deals under the agreement if they are in place.

Thanks,
Janice

-----Original Message-----
**From:** Rappaport, Kara [mailto:kara.rappaport@lehman.com]
**Sent:** Wednesday, December 20, 2006 7:57 AM
**To:** JBaCote@mwe.com
**Cc:** Troy Wuertz; Rik Repak; Janice Yllana
**Subject:** RE: Carlson/LBSF ISDA

Hi Jeff- I am still waiting for business sign off for several of Carlson's requested changes. As soon as I hear back, I will let you know.

# **EXHIBIT B**

## DOCUMENT REQUESTS

### DEFINITIONS

1.      The term "LBHI" shall refer to Lehman Brothers Holdings Inc. and any of its predecessors or successors in interest, direct or indirect subsidiaries, joint venture companies, divisions, directors, officers, employees, affiliates (as defined in the Bankruptcy Code), representatives, advisors, agents, attorneys, associates, associations, or any other person(s) acting on its behalf.

2.      The term "BDO" shall refer to Black Diamond Offshore Ltd. and its predecessors or successors in interest, directors, officers, employees affiliates (as defined in the Bankruptcy Code), representatives, advisors, agents, attorneys, associates, associations, or any other person(s) purporting to act on their behalf.

3.      The term "DBDO" shall refer to Double Black Diamond Offshore Ltd. and its predecessors or successors in interest, directors, officers, employees affiliates (as defined in the Bankruptcy Code), representatives, advisors, agents, attorneys, associates, associations, or any other person(s) purporting to act on their behalf.

4.      The term "Master Agreements" shall refer to the ISDA Master Agreement between BDO and Lehman Brothers Special Financing Inc. (as amended, supplemented, or otherwise modified from time to time, the including all annexes, schedules, exhibits, confirmations and any related agreements and other documents) dated January 3, 2007, and the ISDA Master Agreement between DBDO and Lehman Brothers International (Europe) (as amended, supplemented, or otherwise modified from time to time, the including all annexes, schedules, exhibits, confirmations and any related agreements and other documents) dated January 3, 2007.

5.      The term "Master Agreement Guarantees" shall refer to guarantees drafted or issued by Lehman Brothers Holdings Inc. concerning the Master Agreements.

6.      The term "January 31st Email" shall refer to the email that you sent from your lehman.com email account at 1:00 p.m. on January 31, 2007, to Janice Yllana, copying Jeffrey BaCote, where you wrote, "Hi Janice- I spoke with my paralegal today and she is working on getting the documents executed.  From Lehman's perspective, we are fine to trade.  We will do our best to get you our signature and guarantee as soon as possible."  A copy of the January 31st Email is in the indicated portion of the attached document, which the Black Diamond Entities produced to LBHI as page 429 in response to a document subpoena.

7.      The term "document" shall have the same meaning set forth in Southern District of New York Local Rule 26.3(c)(2).

8.      The term "concerning" shall have the same meaning set forth in Southern District of New York Local Rule 26.3(c)(7).

9.      The term "communication" shall have the same meaning set forth in Southern District of New York Local Rule 26.3(c)(1).

10.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

### INSTRUCTIONS

1.      You are to produce all documents within your possession, custody, or control responsive to the following requests.  This includes all responsive documents in the possession, custody, or control of any of your officers, directors, employees, representatives, agents, attorneys, accountants, and consultants.

2.      Each request seeks production of each document in its entirety, without abbreviation or truncation, that is responsive to such request and all drafts and non-identical copies of each document that is responsive to such request.

3.      If any document requested herein was formerly in your possession, custody, or control (or that of your representative) and has been lost or destroyed or otherwise disposed of, you are requested to submit in lieu of any such document a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the person who prepared or authored the document and, if applicable, the person to whom the document was sent, (c) specifying the date on which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person requesting and performing the destruction.

4.      If any document requested herein is withheld on the basis of any claim of privilege, you are requested to submit, in lieu of any such document, a written statement (a) identifying the person who prepared or authored the document, and, if applicable, the person to whom the document was sent or show, (b) specifying the date on which the document was prepared or transmitted, (c) describing the nature of the document (e.g., letter, electronic mail, etc.), (d) stating briefly why the document is claimed to be privileged or to constitute work product, and (e) identifying the paragraph of this request to which the document relates.

5.      If a portion of an otherwise responsive document contains information subject to a claim of privilege, those portions of the document subject to the claim of privilege shall be deleted or redacted from the document, the instructions in the preceding paragraph shall apply, and the rest of the document shall be produced.

6.    All documents are to be produced as kept in the ordinary course of business or are to be organized and labeled to correspond with the categories in this request.  The method for production of each category is to be identified at the time of production.

7.    Each page of each document should be numbered consecutively.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments (including email attachments) to the document in addition to the document itself.

8.    Documents attached to each other (physically or via electronic mail) should not be separated.

9.    Electronic or magnetic data responsive to these requests is to be produced in its native electronic format with all metadata intact and accessible.

10.    The requests that follow are continuing.  You are required to augment your production in response to these requests with any responsive documents that you acquire in the future.  Such additional documents are to be produced at the offices of Reid Collins & Tsai LLP promptly after receipt or discovery of those additional responsive documents.

## REQUESTS FOR PRODUCTION

1.    All documents concerning, reflecting, or referring to transactions completed pursuant to the Master Agreements.

2.    All documents concerning, reflecting, referring to, or constituting (a) the Master Agreement Guarantees, (b) the execution of the Master Agreement Guarantees, (c) efforts to obtain executed copies of the Master Agreement Guarantees, or (d) efforts to verify that the Master Agreement Guarantees were executed by LBHI.

3.    All documents concerning the events described in your January 31st Email.

4.      All documents that you signed on behalf of LBHI.

5.      All documents reflecting your ability or authority to act on behalf of LBHI, including but not limited to your ability or authority to sign documents on LBHI's behalf.

| | |
|---|---|
| **From:** | Janice Ezell </O=CARLSON CAPITAL L.P./OU=CARLSON/CN=RECIPIENTS/CN=JYLLANA> |
| **Sent:** | Thursday, March 22, 2007 12:33 PM |
| **To:** | 'Rappaport, Kara' <kara.rappaport@lehman.com> |
| **Subject:** | RE: Carlson/LBSF ISDA |

Hi Kara,

Since we have our ISDAs in place now - what do we need to do in order to execute CFDs?
Thanks!

Janice

-----Original Message-----
**From:** Rappaport, Kara [mailto:kara.rappaport@lehman.com]
**Sent:** Wednesday, January 31, 2007 1:04 PM
**To:** Janice Yllana
**Subject:** RE: Carlson/LBSF ISDA

Whichever funds we executed the ISDA's with. Your counsel should be able to advise.

**From:** Janice Yllana [mailto:jyllana@carlsoncapital.com]
**Sent:** Wednesday, January 31, 2007 2:03 PM
**To:** Rappaport, Kara
**Subject:** RE: Carlson/LBSF ISDA

Can you also confirm which funds are OK for trading?

-----Original Message-----
**From:** Rappaport, Kara [mailto:kara.rappaport@lehman.com]
**Sent:** Wednesday, January 31, 2007 1:00 PM
**To:** Janice Yllana
**Cc:** JBaCote@mwe.com
**Subject:** RE: Carlson/LBSF ISDA

Hi Janice- I spoke with my paralegal today and she is working on getting the documents executed. From Lehman's perspective, we are fine to trade. We will do our best to get you our signature and guarantee as soon as possible.

Regards,

**From:** Janice Yllana [mailto:jyllana@carlsoncapital.com]
**Sent:** Wednesday, January 31, 2007 1:41 PM
**To:** Rappaport, Kara
**Cc:** JBaCote@mwe.com
**Subject:** RE: Carlson/LBSF ISDA

Hi Kara -

We sent the signed ISDAs back but have not received confirmation if we are OK to begin trading with them. We also would like our counter-signed execution copies back asap if possible. Please let me know - our traders would like to execute some deals under the agreement if they are in place.

Thanks,
Janice

-----Original Message-----
**From:** Rappaport, Kara [mailto:kara.rappaport@lehman.com]
**Sent:** Wednesday, December 20, 2006 7:57 AM
**To:** JBaCote@mwe.com
**Cc:** Troy Wuertz; Rik Repak; Janice Yllana
**Subject:** RE: Carlson/LBSF ISDA

Hi Jeff- I am still waiting for business sign off for several of Carlson's requested changes. As soon as I hear back, I will let you know.

429

# **EXHIBIT C**

## TOPICS FOR RULE 2004 EXAMINATION

The definitions set forth in Movant's Document Requests are hereby incorporated by reference as if fully set forth herein.

## INSTRUCTIONS

1.      For the topics listed in this notice, you shall designate a representative with the most knowledge concerning those topics.

2.      You shall identify the name and title or position of your representative at least five (5) days in advance of the examination.

3.      Your representative shall testify as to matters known or reasonably available to Debtors.

## TOPICS

A.      The names and contact information of those current or former employees, including administrative assistants and paralegals, of the Debtors who have personal knowledge concerning the Master Agreement Guarantees and the communications between the Debtors and the Black Diamond Entities concerning the Master Agreement Guarantees.

B.      The entity or entities that Kara Rappaport represented and/or had the authority to act on behalf of in January 2007 with respect to the Black Diamond Entities.

C.      The events described in the January 31st Email.

D.      The scope of Kara Rappaport's authority to act on behalf of LBHI in January 2007.

E.      The efforts that you have engaged in to locate, identify, or recover signed copies of the Master Agreement Guarantees, including but not limited to searches of electronic mail and conversations with Kara Rappaport and the paralegal referenced in the January 31st Email.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                            :
In re                                       :        Chapter 11
                                            :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*,   :        Case No. 08-13555 (JMP)
                                            :
            Debtors.                        :        (Jointly Administered)
                                            :
----------------------------------------------------------------x

## ORDER AUTHORIZING AND DIRECTING RULE 2004 DISCOVERY
## OF DEBTORS AND CERTAIN FORMER EMPLOYEES

Upon considering the Motion of Black Diamond Offshore Ltd. and Double Black Diamond Offshore Ltd. (collectively, "Movants")[1] for entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Rule 2004 of the Federal Rules of Bankruptcy Procedure, (i) granting leave to obtain discovery from Lehman Brothers Holdings Inc. ("LBHI"), Lehman Brothers Special Financing, Inc. ("LBSF" and together with LBHI, the "Debtors"), Kara Rappaport, and certain other employees of the Debtors in the form of (a) document requests to the Debtors in the form attached as Exhibit A to the Motion, (b) document requests to Kara Rappaport in the form attached as Exhibit B to the Motion, (c) a Rule 2004 examination of Ms. Rappaport, (d) a Rule 2004 examination of the Debtors with respect to the topics identified in Exhibit C to the Motion, and (e) Rule 2004 examination(s) of other employee(s) of the Debtors, and (ii) authorizing the issuance of subpoenas compelling such document production and attendance at such examinations; and this Court having jurisdiction over these matters in accordance with 28 U.S.C. §§ 157 and 1334; and due and appropriate notice of the Motion having been given, it is hereby **ORDERED** that:

1.      The Motion is GRANTED;

---

[1] Capitalized terms not herein defined have the meanings ascribed to them in the Motion.

2.      Movants are authorized to serve document requests in the form attached as Exhibits A and B to the Motion.  The Respondents shall respond to such document requests within twenty (20) days of service.

3.      Movants are authorized to conduct a Rule 2004 Examination of the Debtors. Debtors shall make their representative with the most knowledge concerning the topics identified in Exhibit C to the Motion available for that Rule 2004 Examination.

4.      Movants are authorized to conduct Rule 2004 Examinations of Kara Rappaport and any other current or former employee(s) of the Debtors with personal knowledge of the Master Agreement Guarantees and the communications between the Debtors and Movants concerning the Master Agreement Guarantees.

5.      Movants are authorized to compel the document production and attendance at Rule 2004 Examinations for the above-granted discovery in accordance with Rule 9016 of the Federal Rules of Bankruptcy Procedure;

6.      Persons or entities subpoenaed to appear for Rule 2004 Examination pursuant to this Order shall receive ten (10) days prior written notice of the place and time of their examination;

7.      In accordance with Bankruptcy Rules 2004 and 9016, the Clerk of this Court shall issue subpoenas, signed, but otherwise in blank, as requested by Movants; and

8.      This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to implementation of this Order.

Dated: _____, 2013
New York, New York

_____
THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

2