UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re:                                                          :     Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,                          :     08-13555 (JMP)
                                                                :
                                  Debtors.                      :     (Jointly Administered)
----------------------------------------------------------------x

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr.P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Drawbridge Special Opportunities Fund LP** | **FCDB LBU 2009 LLC** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

c/o Fortress Investment Group LLC
1345 Avenue of the Americas, 23rd Floor
New York, NY 10105
Attn: Jason O'Keefe
Email: jokeefe@fortress.com

Name and Address where transferee payments should be sent (if different from above): N/A

Court Claim # (if known): 62870

Total Allowed Amount of Claim: $41,935,815.71
Allowed Amount of Claim Being Transferred: $6,280,519.58

Allowed Amount of Claim with respect to ISIN XS0208459023: $7,251,794.15
Allowed Amount of Claim with respect to ISIN XS0208459023 to be Transferred: $990,238.30

Allowed Amount of Claim with respect to ISIN XS0258715456: $2,147,345.15
Allowed Amount of Claim with respect to ISIN XS0258715456 to be Transferred: $222,794.22

Allowed Amount of Claim with respect to ISIN CH0027120978: $9,295,143.01
Allowed Amount of Claim with respect to ISIN CH0027120978 to be Transferred: $1,551,224.52

Allowed Amount of Claim with respect to ISIN XS0331533330: $2,334,117.41
Allowed Amount of Claim with respect to ISIN XS0331533330 to be Transferred: $389,738.37

Allowed Amount of Claim with respect to ISIN XS0362343930: $1,707,184.28
Allowed Amount of Claim with respect to ISIN XS0362343930 to be Transferred: $283,395.42

Allowed Amount of Claim with respect to ISIN XS0372842202: $2,951,524.17
Allowed Amount of Claim with respect to ISIN XS0372842202 to be Transferred: $330,826.01

Allowed Amount of Claim with respect to ISIN XS0345320799: $1,098,387.97
Allowed Amount of Claim with respect to ISIN XS0345320799 to be Transferred: $183,064.64

Allowed Amount of Claim with respect to ISIN XS0368298187: $1,406,605.68
Allowed Amount of Claim with respect to ISIN XS0368298187 to be Transferred: $234,149.26

Allowed Amount of Claim with respect to ISIN XS0325475084: $1,889,000.00
Allowed Amount of Claim with respect to ISIN XS0325475084 to be Transferred: $314,100.00

Allowed Amount of Claim with respect to ISIN XS0334446134: $1,564,000.00
Allowed Amount of Claim with respect to ISIN XS0334446134 to be Transferred: $260,800.00

Allowed Amount of Claim with respect to ISIN XS0340222750: $1,518,200.00
Allowed Amount of Claim with respect to ISIN XS0340222750 to be Transferred: $198,003.64

Allowed Amount of Claim with respect to ISIN XS0353187478: $2,029,513.89
Allowed Amount of Claim with respect to ISIN XS0353187478 to be Transferred: $277,204.20

Allowed Amount of Claim with respect to ISIN XS0345320872: $1,895,000.00
Allowed Amount of Claim with respect to ISIN XS0345320872 to be Transferred: $315,800.00

Allowed Amount of Claim with respect to ISIN XS0368249487: $1,674,000.00
Allowed Amount of Claim with respect to ISIN XS0368249487 to be Transferred: $279,200.00

Allowed Amount of Claim with respect to ISIN XS0327687843: $700,000.00
Allowed Amount of Claim with respect to ISIN XS0327687843 to be Transferred: $38,681.00

Allowed Amount of Claim with respect to ISIN
XS0329284987: $1,938,000.00
Allowed Amount of Claim with respect to ISIN
XS0329284987 to be Transferred: $322,900.00

Allowed Amount of Claim with respect to ISIN
XS0329288384: $536,000.00
Allowed Amount of Claim with respect to ISIN
XS0329288384 to be Transferred: $88,400.00

Date Claim Filed: November 2, 2009

c/o Fortress Investment Group LLC
1345 Avenue of the Americas, 23rd Floor
New York, NY 10105
Attn: Jason O'Keefe
Email: jokeefe@fortress.com

**\*\*PLEASE SEE ATTACHED EXHIBITS\*\***

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**Drawbridge Special Opportunities Fund LP**
By: Drawbridge Special Opportunities GP LLC, its general partner

By: _____    Date: November 14, 2013
Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

Exhibit A

Evidence of Transfer of Claim

08-13555-mg    Doc 41116    Filed 11/14/13    Entered 11/14/13 21:06:23    Main Document
Pg 5 of 20

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **FCDB LBU 2009 LLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Drawbridge Special Opportunities Fund LP** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in, to and under Proof of Claim Number **62870** filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights, title and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim on or after the trade date of November 1, 2013, (the "Trade Date") (without regard to any recordation requirement imposed by the Debtor) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting all or a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing paid on or after the Trade Date (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the same class; (g) on or about April 17, 2012, Seller received the first distribution relating to the Transferred Claims totaling the amount of $226,678.34 (the "First Distribution"), and on or about October 1, 2012, the second distribution relating to the Transferred Claims in the amount of $152,967.03 (the "Second Distribution"), and on or about April 4, 2013, the third distribution relating to the Transferred Claims totaling the amount of $193,208.56 (the "Third Distribution"), and on or about October 3, 2013, the fourth distribution relating to the Transferred Claims in the amount of $229,070.47 (the "Fourth Distribution") and that other than the First Distribution, Second Distribution, Third Distribution and Fourth Distribution, Seller has not received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims; and (h) Seller provided to Buyer a true and correct copy of the Notice of Proposed Allowed Claim Amount for the Proof of Claim ("Notice") dated August 24, 2011, and Seller did not file a written response to the Notice per the terms of the Notice.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by

Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim no later than the third business day after execution of the same. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event no later than three (3) business days after receipt) remit any payments, distributions or proceeds received by Seller on or after the Trade Date from the Debtor in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 14th day of November 2013.

| FCDB LBU 2009 LLC | DRAWBRIDGE SPECIAL OPPORTUNITIES FUND LP<br>By: Drawbridge Special Opportunities GP LLC, its general partner |
|---|---|
| By: _____<br>Name:<br>Title: | By: _____<br>Name:<br>Title: |
| c/o Fortress Investment Group LLC<br>1345 Avenue of the Americas, 23rd Floor<br>New York, NY 10105<br>Attn: Jason O'Keefe<br>Email: jokeefe@fortress.com | c/o Fortress Investment Group LLC<br>1345 Avenue of the Americas, 23rd Floor<br>New York, NY 10105<br>Attn: Jason O'Keefe<br>Email: jokeefe@fortress.com |

Schedule 1

Transferred Claims

Purchased Claim

14.976505103% of the Proposed Allowed Claim Amount of proof of claim 62870 which totals an allowed claim amount of USD $6,280,519.58, as set forth below.

Lehman Programs Securities to which Transfer Relates

| Proof of Claim Number | ISIN/CUSIP | Issuer | Guarantor | Purchased Principal/Notional Amount in EUR | | Coupon | Maturity | Purchased Allowed Amount of Proof of Claim | |
|---|---|---|---|---|---|---|---|---|---|
| 62870 | XS0208459023 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR | €682,754.00 | N/A | 30 Dec 2016 | USD | $990,238.30 |
| 62870 | XS0258715456 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR | €155,630.00 | N/A | 6 Jul 2016 | USD | $222,794.22 |
| 62870 | CH0027120978 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR | €1,093,100.00 | N/A | 29 Jun 2010 | USD | $1,551,224.52 |
| 62870 | XS0331533330 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR | €269,900.00 | N/A | 21 Nov 2009 | USD | $389,738.37 |
| 62870 | XS0362343930 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR | €199,700.00 | N/A | 30 May 2011 | USD | $283,395.42 |
| 62870 | XS0372842202 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR | €224,173.00 | N/A | 22 Nov 2012 | USD | $330,826.01 |
| 62870 | XS0345320799 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR | €129,000.00 | N/A | 28 Feb 2011 | USD | $183,064.64 |
| 62870 | XS0368298187 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR | €164,300.00 | N/A | 28 Jun 2011 | USD | $234,149.26 |
| 62870 | XS0325475084 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | USD | $314,100.00 | N/A | 18 Oct 2010 | USD | $314,100.00 |
| 62870 | XS0334446134 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | USD | $260,800.00 | N/A | 4 Dec 2010 | USD | $260,800.00 |
| 62870 | XS0340222750 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | USD | $195,630.00 | N/A | 23 Jan 2020 | USD | $198,003.64 |
| 62870 | XS0353187478 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | USD | $273,173.00 | N/A | 20 Mar 2018 | USD | $277,204.20 |

Schedule 1-1

| 62870 | XS0345320872 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | USD | $315,800.00 | N/A | 28 Feb 2011 | USD | $315,800.00 |
| 62870 | XS0368249487 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | USD | $279,200.00 | N/A | 28 Jun 2011 | USD | $279,200.00 |
| 62870 | XS0327687843 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | USD | $38,681.00 | N/A | 1 Nov 2010 | USD | $38,681.00 |
| 62870 | XS0329284987 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | USD | $322,900.00 | N/A | 4 Dec 2010 | USD | $322,900.00 |
| 62870 | XS0329288384 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | USD | $88,400.00 | N/A | 4 Dec 2010 | USD | $88,400.00 |

<u>Exhibit B</u>

Proof of Claim

| United States Bankruptcy Court/Southern District of New York | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | |
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000062870 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

FCDB LBU 2009 LLC
c/o Fortress Investment Group LLC
1345 Avenue of the Americas, 46th Floor
New York, NY 10105
Attention: James K. Noble III

Telephone number: 212-798-6100   Email Address: rnoble@fortress.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $** no less than 120,505,822 _____ **(Required)**

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** see attached schedule _____ **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

see attached schedule    **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

see attached schedule    **(Required)**

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date.<br>Oct. 30, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>_Marc Furstein, Chief Operating Officer_ | **FOR COURT USE ONLY**<br>**FILED / RECEIVED**<br>**NOV 0 2 2009**<br>**EPIQ BANKRUPTCY SOLUTIONS, LLC** |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

_____DEFINITIONS_____

_____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                    :
In re                                               :    Chapter 11
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :    Case No. 08-13555 (JMP)
                                                    :
                      Debtors.                      :    (Jointly Administered)
                                                    :
-----------------------------------------------------------------x

### ADDENDUM TO PROOF OF CLAIM OF FCDB LBU 2009 LLC REGARDING LEHMAN PROGRAM SECURITIES ISSUED BY LEHMAN BROTHERS TREASURY COMPANY B.V. AND LEHMAN BROTHERS HOLDINGS INC.

FCDB LBU 2009 LLC (the "Claimant") hereby asserts claims (the "Claims") against Lehman Brothers Holdings Inc. ("LBHI"), a debtor and debtor-in-possession in the above-captioned bankruptcy cases, as set forth in the attached official proof of claim form, this addendum and the schedule hereto (collectively, the "Proof of Claim").

**Background**

1.    On September 15, 2008 (the "Petition Date"), LBHI and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code").

**Claims Based on Lehman Program Securities**

2.    The Claimant's Claims are based on one or more "Lehman Program Securities," as such term is defined in the *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* (the "Bar Date Order").

3. As provided in the Bar Date Order, the Claimant is not required to (a) attach any additional supporting documentation for the Claims to this Proof of Claim or (b) complete a derivative or guarantee questionnaire with respect to Claims arising from Lehman Program Securities.

**The Program Securities**

4. The Claimant's Claims are based on certain Lehman Program Securities issued by Lehman Brothers Treasury Company B.V. and/or Lehman Brothers Holdings Inc. (the "Issuer"), as indicated on Schedule A attached hereto.

5. As required under the Bar Date Order, the Claimant has set forth in Schedule A hereto (a) the amount of each of its Claims relating to the Claimant's Lehman Program Securities in United States dollars (using an exchange rate, if applicable, as of September 15, 2008); (b) the ISIN and/or CUSIP for the Claimant's Lehman Program Securities; (c) the relevant Euroclear electronic reference number(s) and/or Clearstream blocking reference number(s) for the Claimant's Lehman Program Securities and (d) the Clearstream Bank, the Euroclear Bank or other depository participant account number related the Lehman Program Securities.

6. To the extent that LBHI is not the Issuer of the Lehman Program Securities, LBHI has issued one or more unconditional and irrevocable guarantees (the "Transaction Guarantees") of payment of all amounts due under specific Lehman Program Securities issued by LBHI's affiliates. The Transaction Guarantees further guarantee payment of all stamp, registration and other taxes and duties (including any interest and penalties thereon or in connection therewith) which may be payable. Upon information and belief, all or substantially all of the Lehman Program Securities issued by LBHI's affiliates have the benefit of one or more Transaction Guarantees.

2

7. Further, LBHI guaranteed all obligations of the Issuer of the Lehman Program Securities (the "General Guarantees," and together with the Transaction Guarantees, the "Guarantees").[1] The General Guarantees are further evidenced by the inclusion of the Issuer in the "Corporate Guarantee" portion of LBHI's Schedule F. *See Amended Schedules of Assets and Liabilities for Lehman Brothers Holdings Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. filed June 15, 2009) [Dkt. No. 3918].]

8. Pursuant to the Guarantees, LBHI provided the Claimant an unconditional guarantee of payment of the Claims when due, with no requirement that the Claimant first pursue the Claims against the relevant Issuer or any other entity.

9. To the extent that the Guarantees require that a demand be served upon LBHI, this Proof of Claim shall constitute such a demand.

**The Claims**

10. The Claimant asserts Claims against LBHI under the relevant Guarantees for the sums set forth in Schedule A of: (a) a principal amount reflecting the value of the Lehman Program Securities as of the Petition Date; *plus* (b) accrued interest, at the applicable rate, on any amounts owing to the Claimant. Such accrued interest and costs continue to accrue.

11. The Claims are quantified as of September 15, 2008 at par value plus accrued interest. However, the Claimant is entitled to incremental amounts under the terms of certain of the Securities indicated on the attached schedule and therefore reserves all rights to update,

---

[1] The General Guarantees are evidenced by, *inter alia*, that certain Unanimous Written Consent of the Executive Committee of the Board of Directors of LBHI, dated as of June 9, 2005 (relating to the obligations of various entities, including, without limitation, Lehman Brothers Finance S.A., Lehman Brothers Holdings Plc, Lehman Brothers (Luxembourg) Equity Finance S.A., Lehman Brothers International (Europe), Lehman Brothers Securities N.V., and Lehman Brothers Treasury Co. B.V.).

3

amend or supplement this Proof of Claim to reflect applicable redemption amounts, together with legal and other professional costs incurred in connection with the claims.

12.  Except as otherwise set forth in this Proof of Claim, the Claims are filed as general unsecured claims without prejudice to any and all rights of the Claimant to assert that the Claims, or any portion thereof, are secured or entitled to administrative expense priority under Bankruptcy Code sections 503 and/or 507. Upon information and belief, no judgment has been rendered on the Claims.

13.  The amount of payments on the Claims, if any, has been credited and deducted for the purpose of making this Proof of Claim.

14.  The Claimant may have additional setoff and/or recoupment rights pursuant to common law, contract or otherwise. The amounts, if any, subject to such setoff and/or recoupment rights are not known at this time and have not been reflected in the calculation of the Claims. The Claimant reserves the right to assert setoff rights (including, without limitation, so-called "triangular" setoff rights, if permissible) with respect to such amounts and, upon Bankruptcy Court approval, if applicable, effect such setoff(s) and/or recoupment(s). To the extent that the Debtors or the Issuer take any action that would give rise to a right of setoff or recoupment, a counterclaim or other rights or claims in favor of the Claimant against the Debtors or the Issuer, the Claimant reserves all of its respective rights.

## Reservations of Rights

15.  Additionally, Claimant reserves the right to: (a) amend, update, or supplement this Proof of Claim (including, without limitation, to add additional amounts due and owing) at any time and in any respect; (b) file additional proofs of claim; and (c) file a request for payment of administrative or priority expenses in accordance with Bankruptcy Code sections 503 and 507.

16.     By filing this Proof of Claim, the Claimant: (a) does not submit to the jurisdiction of this Court for any purpose other than with respect to this Proof of Claim; (b) does not waive (and expressly reserves) all of its procedural and substantive defenses, counterclaims and objections (including without limitation, the right of setoff, recoupment or any similar right, remedy or defense) to any objection to the Claims or any claim that may be asserted against the Claimant by the Debtors, their estates, any successor to the Debtors, the Issuer (or its administrator or any successor(s) thereto) or any other person, including, without limitation, any defense based upon the lack of jurisdiction of this Court to entertain any such claim; (c) does not waive (and expressly reserves) any right to any security held by or on behalf of the Claimant or any right of the Claimant to claim specific assets or any other claim, right, or right of action that the Claimant has or might have against the Debtors, their estates, any successor to the Debtors, the Issuer (or its administrator or any successor(s) thereto) or any other person, whether such claim, right, or right of action arises prior to, upon, or after the Petition Date; and (d) does not waive (and expressly reserves) any and all other rights that the Claimant may have pursuant to applicable law or agreement.

17.     Nothing contained in this Proof of Claim shall be deemed an admission by the Claimant. The Claimant expressly reserves the right to withdraw this Proof of Claim as if it had never been filed.

**SCHEDULE A**

FCDB LBU 2009 LLC

## FCDB LBU 2009 LLC

| Issuer | Creditor Name | ISIN | Total Amount of Claim (USD) | Euroclear Blocking Number | Euroclear Participant Number |
|---|---|---|---|---|---|
| Lehman Brothers TSY BV | FCDB LBU 2009 LLC | XS0329288384 | 676,000 | 6059135 | 10944 |
| Lehman Brothers TSY BV | FCDB LBU 2009 LLC | XS0345320799 | 1,388,693 | 6059100 | 10944 |
| Lehman Brothers TSY BV | FCDB LBU 2009 LLC | XS0327687843 | 1,000,000 | 6059101 | 10944 |
| Lehman Brothers TSY BV | FCDB LBU 2009 LLC | XS0368298187 | 1,771,829 | 6059102 | 10944 |
| Lehman Brothers TSY BV | FCDB LBU 2009 LLC | XS0258715456 | 2,155,832 | 6059103 | 10944 |
| Lehman Brothers TSY BV | FCDB LBU 2009 LLC | XS0340222750 | 1,518,900 | 6059104 | 10944 |
| Lehman Brothers TSY BV | FCDB LBU 2009 LLC | XS0362343930 | 2,159,239 | 6059105 | 10944 |
| Lehman Brothers TSY BV | FCDB LBU 2009 LLC | XS0334446134 | 1,970,000 | 6059106 | 10944 |
| Lehman Brothers TSY BV | FCDB LBU 2009 LLC | XS0355187478 | 2,030,208 | 6059107 | 10944 |
| Lehman Brothers TSY BV | FCDB LBU 2009 LLC | XS0372842202 | 2,875,108 | 6059108 | 10944 |
| Lehman Brothers TSY BV | FCDB LBU 2009 LLC | XS0331533330 | 3,100,415 | 6059109 | 10944 |
| Lehman Brothers TSY BV | FCDB LBU 2009 LLC | XS0368249487 | 2,109,000 | 6059110 | 10944 |
| Lehman Brothers TSY BV | FCDB LBU 2009 LLC | XS0325475084 | 2,380,000 | 6059111 | 10944 |
| Lehman Brothers TSY BV | FCDB LBU 2009 LLC | XS0345320872 | 2,387,000 | 6059112 | 10944 |
| Lehman Brothers TSY BV | FCDB LBU 2009 LLC | XS0329284987 | 2,442,000 | 6059113 | 10944 |
| Lehman Brothers Holdings Inc | FCDB LBU 2009 LLC | XS0300055547 | 5,727,201 | 6059114 | 10944 |
| Lehman Brothers TSY BV | FCDB LBU 2009 LLC | XS0208459023 | 7,281,748 | 6059115 | 10944 |
| Lehman Brothers TSY BV | FCDB LBU 2009 LLC | CH0027120978 | 11,750,475 | 6059130 | 10944 |
| Lehman Brothers Holdings Inc | FCDB LBU 2009 LLC | XS0183944643 | 14,787,864 | 6059116 | 10944 |
| Lehman Brothers Holdings Inc | FCDB LBU 2009 LLC | XS0224346592 | 49,055,213 | 6059117 | 10944 |
| Lehman Brothers Holdings Inc | FCDB LBU 2009 LLC | XS0073472606 | 1,939,096 | 6059118 | 10944 |
| Total | | | 120,505,822 | | |

| FX Rates | |
|---|---|
| EUR | 1.4243 |
| JPY | 0.0096 |
| GBP | 1.8007 |
| USD | 1.0000 |

Page 1

**HAND DELIVERY**

| RECEIVED BY: NS | FILED / RECEIVED<br>NOV 0 2 2009<br>EPIQ BANKRUPTCY SOLUTIONS, LLC<br>DATE | TIME 4:01 |