Allen G. Kadish
DICONZA TRAURIG LLP
630 Third Avenue, 7th Floor
New York, New York 10017
Telephone: (212) 682-4940
Facsimile: (212) 682-4942
Email: akadish@dtlawgroup.com

*Counsel for BAC Florida Bank*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------x

### *EX PARTE* MOTION OF BAC FLORIDA BANK TO FILE UNDER SEAL ITS OBJECTION TO MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 105(a) OF THE BANKRUPTCY CODE FOR APPROVAL OF (I) PARTIAL SETTLEMENT AGREEMENTS RELATING TO CERTAIN CREDIT DEFAULT SWAP AGREEMENTS AND INDENTURES AND (II) AMENDMENT TO PARTIAL SETTLEMENT AGREEMENT RELATING TO PEBBLE CREEK LCDO 2007-3 CREDIT DEFAULT SWAP AGREEMENT AND INDENTURE

BAC FLORIDA BANK ("**BAC**"), by and through DICONZA TRAURIG LLP, its counsel, pursuant to Section 107(b) of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Federal Rule of Bankruptcy Procedure ("**Rule**") 9018, respectfully seeks an order to file under seal its *Objection* (the "**Objection**") *of BAC Florida Bank to Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105(a) of the Bankruptcy Code for Approval of (I) Partial Settlement Agreements Relating to Certain Credit Default Swap Agreements and Indentures and (II) Amendment to Partial Settlement Agreement Relating to Pebble Creek LCDO 2007-3 Credit Default Swap Agreement and Indenture* [Docket No. 40573] (the "**9019 Motion**"). In support of this motion to seal, BAC respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

## BACKGROUND

2. On October 18, 2013, Lehman Brothers Holdings Inc. ("**LBHI**" or the "**Plan Administrator**") as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* for certain entities in the above-referenced Chapter 11 cases, on behalf of itself and Lehman Brothers Special Financing Inc. ("**LBSF**"), filed the 9019 Settlement Motion.

3. By the 9019 Motion, pursuant to Rule 9019(a) and Section 105(a) of the Code, the Plan Administrator seeks approval of two settlements. The terms of each settlement are incorporated in separate settlement agreements.

4. BAC is a Class B Noteholder under the Exum Ridge 2007-2 ("**Exum Ridge**") collateralized debt obligations transaction (the "**Exum Ridge Agreements**"). The proposed settlement as to Exum Ridge was reached among LBHI and LBSF (together, "**Lehman**"), U.S. Bank National Association (the "**Trustee**"), solely in its capacity as trustee under the indentures described on Exhibit A to the Settlement Motion and other parties.

5. BAC is prepared to file its Objection to the 9019 Motion as it proposes settlement in respect of the Exum Ridge Agreements. BAC's Objection will refer to documents and information that Lehman and the Trustee have determined to keep confidential. A confidentiality agreement was entered into between the Trustee and BAC in order for BAC to obtain certain documents and information related to the proposed settlement as it purports to settle obligations in respect of the Exum Ridge Agreements.

## RELIEF REQUESTED

6. By this *ex parte* Motion, BAC requests entry of an order pursuant to Section 107(b) of the Bankruptcy Code and Rule 9018 authorizing BAC to file the confidential portions of the Objection under seal.

## GROUNDS FOR RELIEF

7. Section 107(b) of the Bankruptcy Code provides courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

8. Rule 9018 sets forth the procedures by which a party may move for relief under Section 107(b) of the Bankruptcy Code:

> On motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity of a trade secret or other confidential research, development, or commercial information . . . .

9. When the Court determines that a party in interest is seeking the protection of information that falls within a category identified in Section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also* 2 Collier on Bankruptcy, ¶ 107.03, at 107-2 (15th ed. 2008) ("Protection is mandatory when requested by a 'party in interest'"). These categories include "commercial information," which has been defined as "information which would cause an unfair

3

advantage to competitors by providing them information as to the commercial operations of the debtor." *Orion*, 21 F.3d at 27. Such commercial information need not constitute a trade secret in order to be protected. *Id.* at 28. For example, the Second Circuit has affirmed a bankruptcy court decision to keep sealed all documents related to an agreement between a debtor and a licensee on the ground that they constituted commercial information. *Id.* at 25; *see also In re Lomas Fin. Corp.*, 1991 WL 21231 (S.D.N.Y. Feb. 11, 1991) (sealing portions of a plan of reorganization that contained commercial information that would have had an effect on the market); *In re EPIC Assocs.*, 54 B.R. 445, 449–50 (Bankr. E.D. Va. 1985) (sealing court records because the names of financial institutions constituted commercial information).

10. BAC has agreed to keep certain materials confidential at the request of Lehman and the Trustee and in keeping with a confidentiality agreement with the Trustee. By the filing of the Objection, without filing under seal, BAC would reveal this confidential information. Public dissemination of this information apparently could be detrimental to the parties and prejudicial to Lehman and the Trustee in the judgment of Lehman and the Trustee, and BAC must comply with its confidentiality agreement.

11. Therefore BAC proposes to file a full, unredacted Objection (and any confidential exhibits) under seal, and to file a redacted version thereof openly on the docket with a notation that it is a redacted version of the Original, the full text of which is provided to the Court *in camera*, and to Lehman and the Trustee who are also bound by the confidentiality agreement.

### NOTICE

12. Pursuant to Rules 9006(c) and 9018, the relief requested in this motion is being sought *ex parte* without notice to other parties. Pursuant to Rule 9018, a motion to protect confidential information may be made "with or without notice." BAC respectfully submits that no notice need be provided.

13.    No previous request for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, BAC respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein, authorizing the filing under seal of BAC's objection to the 9019 Motion, and granting such other and further relief as is just and proper.

Dated: New York, New York
November 14, 2013

DICONZA TRAURIG LLP

By: _____
Allen G. Kadish
630 Third Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 682-4940
Facsimile: (212) 682-4942
Email: akadish@dtlawgroup.com

*Counsel for BAC Florida Bank*

Allen G. Kadish
DICONZA TRAURIG LLP
630 Third Avenue, 7th Floor
New York, New York 10017
Telephone: (212) 682-4940
Facsimile: (212) 682-4942
Email: akadish@dtlawgroup.com

*Counsel for BAC Florida Bank*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                                   Chapter 11

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    Case No. 08-13555 (JMP)

                    Debtors.                                   (Jointly Administered)
------------------------------------------------------------x

**DECLARATION IN SUPPORT OF *EX PARTE* MOTION OF
BAC FLORIDA BANK TO FILE UNDER SEAL ITS OBJECTION TO MOTION
PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AND SECTION 105(a) OF THE BANKRUPTCY CODE FOR
APPROVAL OF (I) PARTIAL SETTLEMENT AGREEMENTS RELATING TO
CERTAIN CREDIT DEFAULT SWAP AGREEMENTS AND INDENTURES AND (II)
AMENDMENT TO PARTIAL SETTLEMENT AGREEMENT RELATING TO PEBBLE
CREEK LCDO 2007-3 CREDIT DEFAULT SWAP AGREEMENT AND INDENTURE**

Allen G. Kadish, hereby declares, under penalty of perjury:

1. I am counsel to DiConza Traurig LLP, counsel to BAC Florida Bank ("**BAC**") herein.

2. I submit this declaration in support of the prefixed *ex parte* motion to seal.

3. I have been provided a confidentiality agreement executed between the Trustee[1] and BAC. In accordance therewith and as set forth by Lehman in its 9019 Motion, certain documents and information are regarded as confidential and are to be withheld from public disclosure.

4. The prefixed *ex parte* motion is made to comply with the confidentiality

---

[1] Capitalized terms are as defined in the prefixed *ex parte* motion.

requirements set forth in the 9019 Motion and confidentiality agreement.

Dated: New York, New York
November 14, 2013

_____
Allen G. Kadish

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                          Chapter 11

LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       Case No. 08-13555 (JMP)

                        Debtors.                               (Jointly Administered)
------------------------------------------------------------x

## ORDER SEALING OBJECTION OF BAC FLORIDA BANK TO MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 105(a) OF THE BANKRUPTCY CODE FOR APPROVAL OF (I) PARTIAL SETTLEMENT AGREEMENTS RELATING TO CERTAIN CREDIT DEFAULT SWAP AGREEMENTS AND INDENTURES AND (II) AMENDMENT TO PARTIAL SETTLEMENT AGREEMENT RELATING TO PEBBLE CREEK LCDO 2007-3 CREDIT DEFAULT SWAP AGREEMENT AND INDENTURE

Upon the *ex parte* motion (the "**Motion**") of BAC Florida Bank to file under seal its *Objection* (the "**Objection**") *of BAC Florida Bank to Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105(a) of the Bankruptcy Code for Approval of (I) Partial Settlement Agreements Relating to Certain Credit Default Swap Agreements and Indentures and (II) Amendment to Partial Settlement Agreement Relating to Pebble Creek LCDO 2007-3 Credit Default Swap Agreement and Indenture* (the "**9019 Motion**");[1] and the Court having jurisdiction to consider the Motion and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue in this Court being proper pursuant to 28 U.S.C. § 1408; and after due deliberation; and sufficient cause appearing therefor; it is hereby

ORDERED that the Motion is granted as follows; and it is further

ORDERED that, pursuant to Section 107(b) of the United States Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure, BAC Florida Bank be, and hereby is, authorized to (i) file the Objection (and any confidential exhibits) under seal and the

---

[1] The 9019 Motion is filed at Docket No. 40573.

United States Bankruptcy Clerk for the Southern District of New York is directed to accept for filing and seal the Objection, and (ii) file the Objection in redacted form publicly on the docket of these Chapter 11 cases with a notation that the unredacted form is filed under seal; and it is further

ORDERED, that upon full and final disposition and closure of the Debtors' Chapter 11 cases and unless the Court orders otherwise, the Objection in its full form shall be unsealed and filed on the docket of these Chapter 11 cases; and it is further

ORDERED, that the relief set forth herein is without prejudice to the right of any party in interest, or the United States Trustee, to seek by way of motion to this Court to unseal the Objection, or any part of it.

Dated: New York, New York
       November __, 2013

_____
JAMES M. PECK
UNITED STATED BANKRUPTCY JUDGE

2