# KOBRE & KIM LLP

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM

TEL +1 212 488 1200
FAX +1 212 488 1220

NEW YORK
LONDON
HONG KONG
WASHINGTON DC
MIAMI
CAYMAN ISLANDS
BVI

November 15, 2013

**BY HAND AND ECF**

Hon. James M. Peck
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

      Re:    *In re Lehman Brothers Holdings Inc.*
                Case No. 08-13555 (JMP)

Dear Judge Peck:

      We write on behalf of the Federal National Mortgage Association ("Fannie Mae") to inform the Court that Fannie Mae wishes to introduce evidence in connection with the objection by Lehman Brothers Holdings Inc. as Plan Administrator (the "Plan Administrator") to the securities law portion of Fannie Mae's proof of claim against Lehman Brothers Holdings Inc. (ECF No. 40244) (the "Objection").

      On September 27, 2013, the Plan Administrator filed the Objection seeking to subordinate under Bankruptcy Code Section 510 the securities law portion of Fannie Mae's proof of claim. On October 28, 2013, Fannie Mae opposed the Objection (ECF No. 40770). The Plan Administrator has scheduled a hearing on the Objection for November 22, 2013 (the "November 22 Hearing"). (The November 22 Hearing was originally set for 10 a.m. as part of a larger claims agenda. ECF No. 40959. At our request to accommodate a scheduling conflict, the Court has agreed to hear the Objection at 2 p.m. on November 22.)[1]

---

[1] In its Objection, the Plan Administrator sought subordination under Bankruptcy Code Sections 510(b) and (c). By stipulation dated November 14, 2013 (ECF No. 41074), the Plan Administrator continued its arguments seeking equitable subordination under Section 510(c). Consequently, solely the Section 510(b) mandatory subordination portion of the Objection is scheduled to be argued at the November 22 Hearing.

Hon. James P. Peck
November 15, 2013
Page 2

We believe that the introduction and examination of evidence regarding the relevant securitizations will be important to the development of a proper factual basis for the Court's decision. Given that the Court generally does not hold evidentiary hearings at the first scheduled hearing in a contested matter, we would propose to have just opening statements and legal argumentation at the November 22 Hearing and to reserve the introduction of evidence for a later date. We will be guided by the Court's preference; Fannie Mae is prepared to proceed in any manner convenient to the Court.

We have notified the Plan Administrator's counsel of Fannie Mae's intent to introduce evidence in connection with the Court adjudicating the Plan Administrator's Objection under Section 510(b). The Plan Administrator has advised us that it may wish to set out its position regarding the introduction of evidence by separate letter.

Respectfully submitted,

*/s/ Danielle L. Rose*

Michael S. Kim
+1 212 488 1201

Danielle L. Rose
+1 212 488 1209

cc:  Alfredo R. Perez, Esq. (Weil Gotshal & Manges) (by electronic mail)
     David Lender, Esq. (Weil Gotshal & Manges) (by electronic mail)
     David Fertig, Esq. (Weil Gotshal & Manges) (by electronic mail)
     Jennifer D. Larson, Esq. (Weil Gotshal & Manges) (by electronic mail)
     Tracy Hope Davis, Esq. (Office of the U.S. Trustee) (by hand)
     Susan Golden, Esq. (Office of the U.S. Trustee) (by hand)
     Andrea B. Schwartz, Esq. (Office of the U.S. Trustee) (by hand)