KLESTADT & WINTERS, LLP
John E. Jureller, Jr.
Maeghan J. McLoughlin
570 Seventh Avenue, 17th Floor
New York, New York 10018
(212) 972-3000

*Counsel to Claimant Andrea Tolchinsky*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                          :     Chapter 11
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al* :     Case No. 08-13555 (JMP)
                                               :
                    Debtors.                   :     (Jointly Administered)
------------------------------------------------------------x

**FURTHER RESPONSE TO DEBTORS' ONE HUNDRED
SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS**

Andrea Tolchinsky (the "Claimant"), a creditor in these cases, by her attorneys, Klestadt & Winters, LLP, hereby further responds (the "Further Response") to the Debtors One Hundred Seventeenth Omnibus Objection to Claims (the "Objection") filed by Lehman Brothers Holdings, Inc. and certain other related debtors (collectively, "Debtors" or "LBHI") with respect to Claim No. 7082 (the "Tolchinsky Claim") in the total amount of $140,658.90, and respectfully sets forth as follows:

**PRELIMINARY STATEMENT**

At or around the time of LBHI's chapter 11 bankruptcy filing and the commencement of the SIPA proceeding of Lehman Brothers, Inc. ("LBI"), Claimant received a separation letter promising that Claimant would continue to receive her wages and medical benefits for approximately 40 weeks. Claimant did not receive the amounts promised in the separation letter. Thereafter, Claimant received a prepopulated and personalized proof of claim form (the "Proof

of Claim"), accurately identifying the amount of her outstanding severance, and characterizing the unpaid amounts as "outstanding severance." The Proof of Claim indicated to Claimant that her severance claim was properly against LBHI. Claimant timely filed the Tolchinsky Claim against LBHI, eliciting the Objection which was based upon the argument that Claimant was an employee of LBI, not LBHI, and thus LBHI had no liability to Claimant for the outstanding severance. The Claimant filed a *pro se* response (the "Response") to the Objection, describing her reliance on the prepopulated and preprinted Proof of Claim form containing her name and accurate severance amount that ascribed liability to LBHI, which she genuinely assumed was the accurate entity. To date, the Objection hearing has been adjourned without date, and has not yet been heard by the Court. Recently, Claimant discovered that LBHI had settled and allowed the claims of similarly situated claimants. Claimant hereby asserts that she is entitled to the same relief as those parties who were also induced by LBHI, via similar prepopulated and preprinted proof of claim forms, to file their claims in the LBHI bankruptcy case.

## BACKGROUND

1. On September 15, 2008, LBHI and certain affiliated entities filed voluntary chapter 11 cases under title 11 of the United States Code.

2. At or around the commencement of the bankruptcy cases, Claimant received a separation letter stating "[y]ou will continue to receive your current base salary…through June 12, 2009 (the "Separation Letter"). The Separation Letter provided the basis for the outstanding severance scheduled by LHBI in the Proof of Claim.

3. This Court entered an order establishing September 22, 2009 as the bar date for filing proofs of claims on prepetition claims [DE 4271].

2

4. Claimant then received from LBHI the preprinted and personalized Proof of Claim form annexed hereto as **Exhibit A**, stating her name, the <u>accurate</u> amount of outstanding severance owed, the "Description" of the claim as "Outstanding Severance", and identifying LBHI as the debtor who scheduled the Tolchinsky Claim and therefore the proper party.

5. On August 3, 2009, reasonably relying upon the Proof of Claim received from LBHI, Claimant timely filed the Tolchinsky Claim.

6. On March 25, 2011, the Debtors filed their One Hundred Seventeenth Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims) [DE 15363]. The Debtors sought entry of an order expunging, among many others, the Tolchinsky Claim, because the amounts sought arose out of employment with LBI, not LBHI, and therefore LBHI has no liability for the Tolchinsky Claim.

7. On May 17, 2011 Claimant filed her initial Response [DE 17404] to the Objection, explaining her confusion resulting from the personalized and preprinted Proof of Claim form received from LBHI, and LBHI's direction therewith that the Tolchinsky Proof of Claim be filed in the LBHI bankruptcy proceeding. The Response further requested, if necessary and proper, that the Tolchinsky Claim be reclassified and filed against LBI if it was in fact the proper party.

8. On September 22, 2009, a group of similarly situated claimants (the "<u>Class Claimants</u>") filed a proof of claim (the "<u>Class Claim</u>") against LBHI for amounts owed to the Class Claimants as a result of their separation from the Debtors and related outstanding severance claims.

9. On September 16, 2011, LBHI filed an objection to the Class Claim [DE 20100].

3

10. On October 13, 2011, following the Debtors' objection to the Class Claim, the Class Claimants filed their opposition to the Debtors' objection to their proofs of claim (the "Class Objection") [DE 20802], indicating, *inter alia*, the reliance upon the receipt of the personalized proof of claim forms from LBHI.

11. The claims underlying Class Objection and the Tolchinsky Claim arise from the same set of facts and circumstances:

    a. The Class Claimants and Claimant were former employees of the Debtors.

    b. The Class Claimants and Claimant received separation letters that formed the basis of their severance claims.

    c. The Class Claimants and Claimant received personalized and preprinted proof of claim forms from LBHI, which reflected the appropriate separation amounts and information.

    d. Each of the preprinted Proof of Claim forms instructed the Class Claimants and Claimant to file their proof of claim in the LBHI proceeding if they wished to make a claim for the amounts stated.

12. The Debtors, through various pleadings and hearings, objected to the Class Claims on the grounds that LBI, not LHBI, was the responsible party for the purpose of claims related to outstanding severance. In the Objection to the Tolchinsky Claim, the Debtors objected on the same grounds.

13. On June 29, 2012, more than a year after the Response, this Court entered an order approving the settlement by and among the Debtors and the Class Claimants (the "Settlement") [DE 29146]. As more fully described in the Settlement, LBHI allowed certain claims of the Class Claimants in accordance with the Debtors' plan of reorganization (the

4

"Plan"), including those claims LBHI previously contended were the outstanding severance obligations of LBI.

## RELIEF REQUESTED

14. By this Further Response, Claimant requests that the Tolchinsky Claim receive the same treatment as the similarly situated claims allowed in the Settlement, and be treated as a similarly allowed claim in accordance with the Plan.  LBHI induced Claimant, like the Class Claimants, to file her claim for outstanding severance obligations in the LBHI bankruptcy case. Despite contending that LBHI was not responsible for the severance claims of LBI, the Debtors allowed the Class Claimants' claims through the Settlement.  The Tolchinsky Claim is indistinguishable in form and substance, and is entitled to the same relief that the Class Claimants received in the Settlement.  It is submitted that any holding otherwise would create an inequitable result and treatment of similarly situated claimants and claims.

**CONCLUSION**

15. For all the foregoing reasons, Claimant respectfully requests that this Court deny the Debtors' Objection, allow the Tolchinsky Claim in accordance with the Plan, and grant such other relief as this Court deems just.

Dated: New York, New York
November 17, 2013

KLESTADT & WINTERS, LLP

By: */s/ John E. Jureller, Jr.*
John E. Jureller, Jr.
Maeghan J. McLoughlin
570 Seventh Avenue, 17th Floor
New York, New York 10018
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: jjureller@klestadt.com
mmcloughlin@klestadt.com

*Counsel to Claimant Andrea Tolchinsky*