B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

In re <u>Lehman Brothers Holdings Inc., et al.</u>,　　　　　　Case No. <u>08-13555 (JMP)</u>
　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Jointly Administered)
　　　　　　　　　　　　Debtors.

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| <u>Goldman, Sachs & Co.</u> | <u>Taconic Opportunity Fund L.P.</u> |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Goldman, Sachs & Co.
30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attn:  Michelle Latzoni
Email: gsd.link@gs.com
Tel: (212)934-3921

Court Claim # (if known):  <u>68062</u>

Amount of Claim Transferred:  <u>As set forth on Schedule 1 to the attached Agreement and Evidence of Transfer</u>

Date Claim Filed:  <u>March 20, 2012</u>

Debtor:  <u>Lehman Brothers Holdings, Inc.</u>

Phone: _____
Last Four Digits of Acct #: _____

Phone: _____
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

812497v.1 153/05435

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

GOLDMAN, SACHS & CO.

By: _____  Dennis Lafferty
Transferee/Transferee's Agent   Managing Director         Date: 11/19/13

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

2

812497v.1 153/05435

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

    1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, Taconic Opportunity Fund L.P. ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Goldman, Sachs & Co. ("Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof,

    (a) an undivided interest, to the extent relating to Seller's record and beneficial ownership interest in commercial paper issued by the Debtor (as defined below) as specified in Schedule 1 attached hereto, in Seller's right, title and interest in and to Proof of Claim Number 68062 (the "Proof of Claim") filed by or on behalf of Seller against Lehman Brothers Holdings, Inc. (the "Debtor") in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court") administered under Case No. 08-13555 (JMP) (the "Purchased Claim"), which amended the original Proof of Claim Number 63595 (the "Original Proof of Claim"),

    (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever that Seller may have, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim,

    (c) any and all proceeds of any of the foregoing received on or after September 25, 2013 (collectively, as described in clauses (a), (b) and (c), the "Transferred Claims"), and

    (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

    2.    Seller hereby represents and warrants to Purchaser that: (a) the Original Proof of Claim was duly and timely filed in accordance with the Court's order setting the deadline for filing proofs of claim and the applicable procedures set forth in that certain Order pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (Dkt. No. 4271); (b) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (c) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (d) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (e) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor; (f) no payment or other distribution has been received by or on behalf of Seller in full or partial satisfaction of the Transferred Claims except that Seller received an initial distribution in the amount of $2,994,379.67 on account of the Transferred Claims on or about April 17, 2012, a second distribution in the amount of $1,896,194.27 on account of the Transferred Claims on or about October 1, 2012, a third distribution

in the amount of $2,472,155.16 on account of the Transferred Claims on or about April 4, 2013, and a fourth distribution in the amount of $2,853,837.01 on account of the Transferred Claims on or about October 3, 2013; and (g) the Proof of Claim in respect of the Transferred Claims is a Class 3 allowed general unsecured claim against Debtor in a total amount not less than $49,708,966.84, as set forth in the remittance notice in connection with the distributions made in connection with the Transferred Claims.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the Proceedings, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller on or after September 25, 2013 in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, each Purchased Security to a DTC account designated in writing by Purchaser to Seller against payment by Purchaser of the Purchase Price. Seller agrees to forward to Purchaser, as soon as reasonably practicable, all notices (not otherwise publicly available in the Proceedings or otherwise) as received by Seller with respect to the Transferred Claims. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of the relevant clearing system with respect to the purchase and sale of each Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

806842v.4 3091/00510

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 19 day of November 2013.

GOLDMAN, SACHS & CO.

By: /s/ Dennis Lafferty
Name: Dennis Lafferty
Title: Managing Director

30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attn: Michelle Latzoni
Email: gsd.link@gs.com
Tel: (212)934-3921

TACONIC OPPORTUNITY FUND L.P.
By: Taconic Capital Advisors LP, as Investment Advisor

By: /s/
Name: MARC SCHWARTZ
Title: PRINCIPAL

Taconic Opportunity Fund L.P.
c/o Taconic Capital Advisors LP
450 Park Avenue, 8th Floor
NY, NY 10022
Attention: Elizabeth Keeley
Phone: 212 209-3119
e-mail: ekeeley@taconiccap.com

- 3 -

806842v.4 3091/00510

Schedule 1

Transferred Claims

Purchased Claim

100% of the Proof of Claim held by Seller, as further described below.

Description of the Purchased Security:

| ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|
| XS0360789951 | Lehman Brothers Holdings, Inc. | N/A | EUR 17,600,000.00 | USD 24,945,196.29 |
| XS0364971225 | Lehman Brothers Holdings, Inc. | N/A | EUR 17,600,000.00 | USD 24,763,770.55 |
|  |  |  | Total | USD 49,708,966.84 |

Schedule 1–1

806842v.4 3091/00510