WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                    :
In re                                               :    Chapter 11 Case No.
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,        :    08-13555 (JMP)
                                                    :
                    Debtors.                        :    (Jointly Administered)
                                                    :
------------------------------------------------------------------x

### OMNIBUS REPLY IN SUPPORT OF MOTION OF
### LEHMAN BROTHERS HOLDINGS INC. FOR EXTENSION OF THE
### PERIOD TO FILE OBJECTIONS TO AND REQUESTS TO ESTIMATE CLAIMS

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc., as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* for the entities in the above-referenced chapter 11 cases, files this reply to the objections interposed to the motion of the Plan Administrator, dated November 1, 2013 [ECF No. 40939], for an order extending the period to file objections to and requests to estimate claims (the "Motion")[1] and respectfully represents:

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

## Reply

1.    Only eight of the holders of approximately 4,500 Disputed Claims filed objections to the Motion. For the reasons set forth below, each of the objections (together, the "Objections") should be overruled, and the Motion should be granted.

2.    The Plan Administrator has already filed objections to the claims referenced in the following five objections (together, the "Type 1 Objections"):

- the Limited Objection of QVT Fund LP, Quintessence Fund L.P. and Piney Branch Park Inc. (collectively, "QVT"), dated November 14, 2013 [ECF No. 41083];[2]

- the Objection of Ian Judd, dated November 13, 2013 [ECF No. 41103];

- the Objection of Kay Sehi-Emovon, dated November 7, 2013 [ECF No. 41104];

- the Objection of Barry O'Brien, dated November 13, 2013 [ECF No. 41107]; and

- the Objection of Charles W. Schoenherr, dated November 11, 2013.

3.    The Court has entered procedural orders relating to claims objections, claims settlement procedures, and alternative dispute resolution. These orders "are designed to maximize the efficiency of the claims process and promote the fair resolution of the tens of thousands of filed claims." *In re Lehman Bros. Holdings Inc.*, 433 B.R. 113, 120-21 (Bankr. S.D.N.Y. 2010), *aff'd*, 445 B.R. 137 (S.D.N.Y. 2011). Among other things, these orders have provided the Debtors and Plan Administrator with the sole discretion to schedule and adjourn hearings to consider claims objection and to commence ADR for claims to which they have objected. *See* Claims Hearing and ADR Procedures Order.

4.    The Type 1 Objections seek to compel the Plan Administrator to resolve objections to particular creditors' claims immediately. In effect, the Type 1 Objections are a

---

[2] Claim No. 21150 referenced in QVT's objection is not subject to a pending objection; however, it is a guarantee claim for which the primary claim (Claim No. 21216, which is also referenced in QVT's objection) is subject to a pending objection.

collateral attack on the Claims Hearing and ADR Procedures Order, rather than valid objections to the Motion. The Debtors' discretion in scheduling and adjourning hearings and commencing ADR has allowed the Debtors and Plan Administrator to resolve claims without proceeding directly to contested hearings or compelling ADR, benefiting all of the Debtors' creditors and the Court.

5.   Moreover, even if the Motion were denied, the objecting parties would not be entitled to skip to the head of the line – ahead of approximately 1,100 other claims subject to pending objections. Insofar as QVT suggests that its communications with the Debtors mean that it should move to the head of the line for resolution of its claims, QVT's suggestion disregards the many other creditors who have communicated with the Debtors (and those who have not) and likely wish to see their claims resolved first as well. The Type 1 Objections should be overruled.

6.   The Plan Administrator has not objected to the claims referenced in the following three remaining objections (together, the "Type 2 Objections"):

- the Opposition of Highland CDO Opportunity Master Fund, L.P. ("Highland"), dated November 14, 2013 [ECF No. 41089];

- the Objection of DEPFA Bank Plc ("DEPFA"), dated November 14, 2013 [ECF No. 41091]; and

- the Objection of Russell Investments ("Russell"), dated November 14, 2013 [ECF No. 41099].

7.   Like the Type 1 Objections, each Type 2 Objection criticizes the amount of time one particular claimant might have to wait to before its individual claim is resolved in the event that the Plan Administrator waits until the end of the requested claims objection period to file an objection. The Type 2 Objections propose, as a solution to this problem, that the Plan Administrator be required to object to and resolve particular claims immediately. Such a

3

solution may be appealing in a vacuum, but it is illogical and impractical when all 4,500 Disputed Claims are considered together.

8.  Indeed, the Type 2 Objections either ignore the Debtors' and Plan Administrators' proven success to date in resolving the vast majority – in both number and amount – of claims or argue that the success in resolving other claims demonstrates that the Plan Administrator should be able to resolve particular claims immediately. Moreover, the narrow solution offered by the Type 2 Objections gives no weight to the varying complexity of legal and factual issues raised by the remaining Disputed Claims in these chapter 11 cases. The Type 2 Objectors should not be permitted to hijack the claims process by compelling the Plan Administrator to file objections or commence ADRs prematurely.

9.  Unique arguments asserted in particular objections are insufficient to sustain an objection to the Motion. Similar to QVT, Highland suggests that the discovery the Debtors have conducted means that Highland's claim should move to the head of the line for resolution. This suggestion is unwarranted because, as set forth in the Motion, the Debtors have served approximately 1,100 subpoenas in connection with the claims reconciliation process. Obviously, all claimants who have received subpoenas cannot have their claims resolved first.

10. DEPFA asserts that the Plan Administrator should object to DEPFA's claims because the parties already have engaged in mediation.[3] DEPFA's objection is disingenuous because DEPFA requested, as a precondition to the mediation, that the Plan Administrator agree *not* object to its claims while the mediation was outstanding. The Plan Administrator agreed not to object to DEPFA's claims until the earlier of January 1, 2014 or the date that the mediation terminated. The mediation occurred on November 8, 2013 – after the

---

[3] DEPFA refers to the mediation as a "Court-ordered mediation process," but for claims against the Debtors, the only Court-ordered mediation process is for claims to which the Debtors *have objected*. *See* Claims Hearing and ADR Procedures Order.

4

Motion was filed – and has not been terminated, so, pursuant to the agreement between the parties, the Plan Administrator cannot object to DEPFA's claims at this time. The Court should not countenance DEPFA's patent gamesmanship.

11. DEPFA also complains about the interest earned on non-cash reserves for Disputed Claims. DEPFA, therefore, takes issue with final, non-appealable orders providing for interest on Disputed Claims, *see* ECF No. 23023 (approving Section 8.4 of the Plan), and authorizing the Plan Administrator to use non-cash assets as reserves for disputes claims, *see* ECF No. 25641. These orders are not before the Court, and DEPFA's objection on this basis should be overruled.

12. Finally, Russell acknowledges that the Plan Administrator has resolved 78 of the claims filed by various Russell entities but objects to the Motion because 14 claims remain unresolved.[4] Essentially, Russell argues that because the Plan Administrator has resolved most of its claims, the Plan Administrator has had enough time to resolve all of them. This is no reason to deny the relief requested in the Motion. Russell's objection should be overruled.

## Conclusion

13. The Plan Administrator's progress in resolving claims cannot be overstated. An extension of the Objection Deadline to September 6, 2015 will enable the Plan Administrator to continue the claims management process in the reasoned, deliberate manner that has proven so successful to date. The Court should not allow the parochial interests of the Objectors to disrupt this process, which has benefited thousands of creditors and the judicial administration of these chapter 11 cases. Compelling the Plan Administrator to object to all Disputed Claims by the current Objection Deadline would have the unintended, but predictable,

---

[4] Two of the purportedly unresolved claims have been accepted as filed, so they have been resolved.

5

effect of delay and increased expense in the ultimate resolution of all Disputed Claims. The Plan Administrator, therefore, respectfully requests that the Court extend the Objection Deadline for an additional eighteen (18) months, without prejudice to its ability to request further extensions.

WHEREFORE the Plan Administrator respectfully requests that the Court overrule the Objections, extend the Objection Deadline to September 6, 2015, and grant the Plan Administrator such other and further relief as is just.

Dated: November 20, 2013
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates