## STAMELL & SCHAGER, LLP
ATTORNEYS AT LAW
ONE LIBERTY PLAZA, 35TH FLOOR
NEW YORK, NEW YORK 10006-1404

WRITER'S E-MAIL:
schager@ssnyc.com

TELEPHONE (212) 566-4047
FACSIMILE (212) 566-4061

WRITER'S DIRECT DIAL:
(212) 566-4057

November 21, 2013

Hon. James M. Peck, U.S.B.J.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re: *In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (JMP) --
Nov. 22, 2013 Status Conference regarding Evidentiary Hearing for
<u>Claims related to Restricted Stock Units and Contingent Stock Awards</u>

Dear Judge Peck:

This firm is one of eight law firms representing claimants with compensation claims related to Restricted Stock Units or Contingent Stock Awards, whose claims are the subject of the fourteen Omnibus Objections listed on Exhibit A. The matter is scheduled for conference at 10:00 a.m. on November 22, 2013. This letter, on behalf of the eight law firms representing claimants, responds to the Court's request for a report in advance of the conference.

We requested the conference on October 9 to obtain the Court's guidance on procedures for an Evidentiary Hearing. LBHI and claimants represented by the eight firms (the "Represented Claimants") were able to reach agreement on most provisions of a proposed Order, but were unable to reach agreement on the participation of claimants appearing *pro se* (§ 2 below), the Order of closing arguments (§ 3 below), and a hearing date and briefing schedule (§ 4 below).

The following both summarizes the current draft of the proposed Order and discusses the areas of disagreement.

1. <u>Pre-Trial Submissions.</u>

    (a) Consistent with the Court's Chambers Rules for Evidentiary Hearings, the draft Order provides for: (i) the use of Affidavits and Declarations for providing direct testimony, with additional direct testimony where the witness is to be cross-examined; (ii) the exchange of pre-marked exhibits in a Joint Documentary Appendix; and (iii) the filing of Motions *In Limine*, if any, two weeks prior to the hearing.

Hon. James M. Peck, U.S.B.J.
November 21, 2013
Page 2

    (b)    While the Court's Chambers Rules calls for parties to submit a Joint Pre-Trial Order seven days in advance of the trial date unless the Court orders otherwise, claimants' counsel and LBHI's counsel propose to serve and file in advance of the hearing Opening Memoranda of 50 pages each and Opposition Memoranda of 30 pages each.

    (c)    The Court will recall that several of the claimants were managing directors or employees of Neuberger Berman prior to its acquisition by LBHI in 2003. To accommodate the special concerns of these claimants, the proposed order incorporates their agreement with LBHI for each to serve and file a supplemental Memorandum of 10 pages.

    (d)    The Court also will recall that a number of claimants are appearing in this matter *pro se*. (Of the approximately 275 claimants who opposed the 14 Omnibus Objections at issue, approximately 197 are *pro se*.) The draft Order contemplates that the *pro se* claimants may, one week after Represented Claimants serve their Opening Memoranda, submit supplemental Opening Memoranda of no more than 10 pages.

2.    <u>Participation of *Pro* Se Claimants.</u>

The draft Order assumes the Court will hear the *pro se* claimants simultaneously with the Represented Claimants, an approach LBHI has requested (October 18, 2013 letter from R.I. Miller of Weil, Gotshal). Claimants' counsel have reached no consensus on this issue. At least one of us (this firm) reads the Court's "TBA decision" (*In re Lehman Brothers Inc.*, 462 B.R. 53, 56-57 (Dec. 8, 2011)) as encouraging a simplified hearing with the Represented Claimants, under which findings may have a preclusive effect under a law of the case standard. In any event, counsel will prepare an Order consistent with the Court's guidance.

3.    <u>Hearing & Closing Arguments.</u>

    (a)    The draft Order contemplates a two-day hearing, with claimants and LBHI allowed 3-3 ½ hours each on day one for the presentation of the case. *Pro se* claimants are to be permitted presentations of up to 20 minutes each on the morning of day two. LBHI wants this time for *pro se* claimants to be limited to two hours. The Represented Claimants believe that, in the absence of assurance that no more than six of the 197 *pro se* claimants wish to make a presentation, any such limitation is impracticable.

    (b)    LBHI has demanded that, in addition to opening the Evidentiary Hearing, it also should have an hour to respond to the *pro se* claimants and, after the Represented Claimants closing argument, a second hour to close. The Represented Claimants respectfully request that LBHI's two arguments be consolidated. In addition, because this hearing is on LBHI's Objections, we request that LBHI open with

Hon. James M. Peck, U.S.B.J.
November 21, 2013
Page 3

their arguments first and the Represented Claimants be permitted to respond to all arguments in closing last.

4. <u>Hearing Dates.</u>

The Represented Claimants' propose hearing dates of February 25-26, 2014, which the Court's staff indicated were available. Opening Memoranda would be served December 20, 2013 (four weeks from this conference) and Opposition Memoranda due on January 21, 2014 (allowing for two holidays). LBHI's last proposal was for a hearing date on February 4-5, 2014, with opening memoranda due on December 3, 2013 and Opposition Memoranda due on January 7, 2014. In considering these dates, Represented Claimants request the Court to consider their need to accommodate the views of eight different law firms in a single document. The Court also should be aware that last July 25 the Represented Claimants proposed a briefing schedule accelerated over LBHI's first proposal and a hearing date of December 20, 2013. LBHI failed to respond for over three months. The delay incurred here is entirely of LBHI's making.

Respectfully submitted,

Richard J. Schager, Jr.

RJS/kr

cc:  Denise Alvarez, Esq. - Weil, Gotshal & Manges LLP
     Teresa Brady, Esq. - Weil, Gotshal & Manges LLP
     Ralph I. Miller, Esq. - Weil, Gotshal & Manges LLP
     Lisa M. Solomon, Esq. - Law Offices of Lisa M. Solomon
     Eugene Neal Kaplan, Esq. - Kaplan Landau LLP
     Michael S. Schlesinger, Esq. - Julien & Schlesinger, P.C.
     Steven M. Abramowitz, Esq. - Vinson & Elkins LLP
     Howard P. Magaliff, Esq. - Rich Michaelson Magaliff Moser, LLP
     Robert N. Michaelson, Esq. - Rich Michaelson Magaliff Moser, LLP
     A. James Boyajian, Esq. - Law Offices of A. James Boyajian
     Willard Knox, Esq. - Paduano & Weintraub LLP

## Exhibit A

1. Debtors' Fortieth Omnibus Objection to Claims (Late-Filed Claims) [ECF No. 11305]

2. Debtors' Seventy-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 13295]

3. Debtors' One Hundred Eighteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 15666]

4. Debtors' One Hundred Thirtieth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16115]

5. Debtors' One Hundred Thirty-First Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16116]

6. Debtors' One Hundred Thirty-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 16530]

7. Debtors' One Hundred Thirty-Fourth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 16532]

8. Debtors' One Hundred Thirty-Fifth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 16808]

9. Debtors' One Hundred Seventy-Sixth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 19392]

10. Debtors' One Hundred Seventy-Seventh Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims) [ECF No. 19393]

11. Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims) [ECF No. 19714]

12. Debtors' Two Hundred Seventh Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 20012]

13. Debtors' Two Hundred Fifty-Fourth Omnibus Objection to Claims (Employment-Related Claims) [ECF No. 25059]

14. Three Hundred Thirteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 28433]

15. Three Hundred Fourteenth Omnibus Objection to Claims (Late-Filed Claims) [ECF No. 28435]

16. Three Hundred Nineteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 28777]

17. Three Hundred Twenty-Ninth Omnibus Objection to Claims (Misclassified Claims) [ECF No. 29324]

18. Three Hundred Forty-Seventh Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 30357]