# Weil, Gotshal & Manges LLP

1300 Eye Street NW, Suite 900
Washington, DC 20005-3314
+1 202 682 7000 tel
+1 202 857 0940 fax

BY HAND AND EMAIL

**Ralph I. Miller**
+1 (202) 682-7133
ralph.miller@weil.com

November 21, 2013

Honorable James M. Peck, U.S.B.J
United States Bankruptcy Court
for the Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

Re:     *In re Lehman Brothers Holdings Inc.,* Case No. 08-13555 (JMP):
       November 22, 2013 Conference Regarding Claims Related to
       <u>Restricted Stock Units and Contingent Stock Awards (the "RSU/CSA Claims")</u>

Dear Judge Peck:

We write on behalf of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") in response to Your Honor's request that the parties identify the issues to be discussed at the above-referenced chambers conference.

As Your Honor may recall, there are a number of different categories of RSU/CSA claimants involved in this dispute.  All RSU/CSA claimants who have claims pending on omnibus objections are referred to herein as "<u>Claimants</u>."  Pursuant to the Order Establishing Discovery Procedures In Connection With Omnibus Objections to Reclassify Proofs of Claim as Equity Interests entered on August 27, 2012, all Claimants were offered an opportunity to participate in discovery.  About 100 Claimants, referred to as the "<u>Participants</u>," elected to participate.  Some of the Participants are represented by counsel (the "<u>Represented Participants</u>") while other Participants are representing themselves *pro se*.

As referenced in Mr. Schager's letter dated October 9, 2013 (the "<u>October 9 Letter</u>"), and my response dated October 19, 2013, LBHI and the Participants (collectively, the "<u>Parties</u>") have been negotiating a proposed Evidentiary Hearing Procedures Order in the above-referenced matter (the "<u>Proposed Order</u>"). The Parties have reached agreement on the form of the Proposed Order and a majority of provisions therein.  However, a few matters within the Proposed Order remain in dispute:

1. <u>Bifurcation</u>:  LBHI and the Represented Participants are in agreement that participation in the evidentiary hearing is not required and that the non-participation of any Claimant shall not, in and of itself, result in the grant of any relief to LBHI.

Honorable Judge Peck
November 21, 2013
Page 2

**Weil, Gotshal & Manges LLP**

However, LBHI firmly believes that all Claimants should be bound by the Court's decisions resulting from the evidentiary hearing, even if they choose not to participate in the hearing. The Participants disagree and suggest that this Court should exclude the Claimants who did not participate in discovery, many of whom are *pro se,* from the hearing. Specifically, the Participants requested that the following language be included in the Proposed Order:

> Any decision by the Court during or upon conclusion of the evidentiary hearing may have a preclusive effect on other, similarly-situated Claimants; however, any such decision shall not conclusively bind such other Claimants, who may be able to identify distinguishing facts or circumstances applicable to their own claims.

The Participants also have proposed that the Court consider bifurcating the hearing into parts for Claimants represented by counsel and those proceeding *pro se. See* October 9 Letter at 2.

In support of their position, the Participants refer to the approach utilized by this Court in *In re Lehman Brothers Inc. ("LBI"),* Case No. 08-1420 (SIPA), with respect to claims relating to to-be-announced (TBA) contracts. *See In re LBI, Inc.,* 462 B.R. 53 (S.D.N.Y. 2011) (the "TBA Case"). In the TBA Case, this Court held that "deciding the Motion [relating to test claims of 4 Representative Claimants] will not conclusively bind other parties with TBA claims who may be able to identify distinguishing facts or circumstances applicable to their own claims."

The facts and circumstances of the TBA Case are entirely distinguishable. First, the Representative Claimants who participated in the hearing in the TBA Case were selected *by LBI* as test claims to be subject to the motion at issue. Other TBA claimants were not subject to the motion being decided at the hearing, were not invited to participate in discovery, and were not given any opportunity to otherwise distinguish the facts supporting their own claims (although they were welcome to participate in briefing ahead of the hearing). *In re LBI, Inc.,* Hr'g Tr. at 13-16 (Nov. 17, 2011); 462 B.R. at 56-57. Second, "the fact pattern [in the TBA Case] . . . presents a matter of first impression," 462 B.R. at 57, which weighs in favor of allowing other TBA claim holders to identify distinguishing facts or circumstances applicable to their own claims. It is noteworthy that after this Court's decision in the TBA Case in favor of LBI, no other TBA claim holders have pursued their claims against LBI and indeed many have withdrawn those similarly-situated claims.

Here, the motions to reclassify the RSU/CSA Claims that are the subject of this hearing relate to all Claimants. All Claimants were given the opportunity to participate in discovery and offer distinguishing facts or circumstances applicable to their own claims. Any Claimant who wishes to assert "distinguishing facts or circumstances" will have an opportunity to do so under the LBHI proposed briefing and hearing schedule. Moreover, the legal issue to be addressed by the Court in this dispute is not a matter of first impression. Rather, this Court informed the parties that it was inclined to follow the precedent set forth in *In re Enron Corp.*, 341 B.R. 141, 144 (Bankr. S.D.N.Y. 2006), and placed the burden on all the Claimants to offer distinguishing facts to persuade the Court

Honorable Judge Peck
November 21, 2013
Page 3

**Weil, Gotshal & Manges LLP**

not to do so.  *See* Hr'g Tr. at 58:15-59:16 (Dec. 21, 2012).  The non-Participants should not be given a second bite at the apple when they were on notice that their specific claims would be determined at this hearing and they voluntarily passed on an opportunity to participate in discovery.  There is no justification for treating any of the Claimants differently.  As discussed below, allowing a second stage for submission of individualized evidence would also prolong resolution of these issues in a way that may have substantial adverse effects on administration of the Plan.

2. <u>Evidentiary Hearing Date</u>:  The Parties have agreed to request a two day evidentiary hearing in this matter but have different views regarding the specific dates on which the hearing should be held. LBHI initially proposed that the hearing be held in December 2013, but the Participants insisted that was too soon and that additional time was necessary.  LBHI then suggested hearing dates of January 28 and 29 or February 4 and 5, 2014, after being informed that the Court was available on those dates.  The Participants also rejected those proposals in favor of a February 25 and 26, 2014 hearing. LBHI is prepared to move forward either on January 28-29 or February 4-5, and firmly believes that the hearing should be held no later than February 4 and 5, 2014.

While a three week difference between the proposed hearing dates may not seem significant in the abstract, the timing of the hearing becomes critical when taking into account the next Lehman distribution, which is scheduled to take place at the end of March 2014 (the "<u>March 2014 Distribution</u>").  The February 4-5 hearing dates proposed by LBHI provide this Court sufficient time to consider the evidence and arguments presented and issue a decision resolving the RSU/CSA Claims ahead of the mid-March cut-off date for the March 2014 Distribution.  It also gives the parties the necessary two weeks in which to file a notice of appeal, if they so desire.  *See* Fed. R. Bank. P. 8002.  In contrast, the Participants' proposed hearing dates at the end of February all but ensure that the omnibus objections to the RSU/CSA Claims cannot be resolved in time to affect the March 2014 Distribution.

The potential benefits for other creditors of resolving the RSU/CSA Claims in time to impact the March 2014 Distribution are substantial.  These claims are preventing the distribution of more than $25 million in payments because of the substantial reserves they require.  To the extent LBHI may prevail and a notice of appeal is not filed by some or all of the Claimants within 14 days, any reclassification of such claims to equity would allow LBHI to adjust those reserves and use the funds that are freed up to pay other creditors in the March 2014 Distribution.

Discovery in this matter lasted about one year and was completed on October 24, 2013.  The parties also have been trying to negotiate the Proposed Order for several months.  The parties have had ample time to prepare for an evidentiary hearing in this matter and to begin preparing their opening memoranda to the Court.  There is no reason that the evidentiary hearing in this matter cannot begin on February 4, 2014.

Honorable Judge Peck
November 21, 2013
Page 4

**Weil, Gotshal & Manges LLP**

3.   <u>Organization of the Evidentiary Hearing</u>:  With respect to the logistical details of the two day evidentiary hearing, the Participants proposed that LBHI and the Represented Participants each have 3.5 hours to present their case on day 1 of the hearing.  While LBHI does not oppose the Represented Participants' proposal, it does believe that reserving only 3 hours for each of LBHI and the Represented Participants on the first day of the hearing will be sufficient and will allow more time for the Court to ask any questions it may have, and for the Court and the parties to take any necessary breaks during the day.  LBHI and the Participants agree that on day 2 of the hearing any Claimant not represented by counsel will have 20 minutes to present his or her case and LBHI will have 60 minutes to rebut those arguments.

The parties do, however, have a disagreement regarding the order of opening and closing arguments at the evidentiary hearing.  It is LBHI's position that the motions at issue were filed by LBHI and as such LBHI is entitled to open and close the hearing.  LBHI must be allowed to open to demonstrate that it has met its burden of proof with respect to its motions and defeated the *prima facie* validity of the Claimants' claims, thereby shifting the burden back to Claimants to prove their claims.  LBHI is also entitled to close and rebut any arguments offered by Claimants that they have satisfied their burden.

For your convenience, we have attached for Your Honor a copy of LBHI's Proposed Order and a redline run against the most recent draft proposed by the Participants.  We are happy to address any questions the Court may have at tomorrow's conference.  Thank you for your review and consideration.


Respectfully submitted,


/s/ Ralph I. Miller


Ralph I. Miller


cc:      All Participants (by email)

# Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                    :

In re                               :     **Chapter 11 Case No.**

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :     **08-13555 (JMP)**
                                   :

          **Debtors.**         :     **(Jointly Administered)**
                                   :
------------------------------------------------------------------x

### ORDER ESTABLISHING PROCEDURES FOR AN EVIDENTIARY HEARING
### IN CONNECTION WITH OMNIBUS OBJECTIONS
### TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

     A.     Between December 7, 2010 and August 24, 2012, Lehman Brothers Holdings Inc.

("LBHI") and certain affiliated Debtors, as debtors and debtors in possession herein

(collectively, the "Debtors"), and LBHI as Plan Administrator (the "Plan Administrator"), under

the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its*

*Affiliated Debtors* (the "Plan") for certain entities in the above-referenced chapter 11 cases, filed

fourteen Omnibus Objections to Proofs of Claims for bonus or commission compensation during

the years 2003 and 2008 as to which many claimants were granted Restricted Stock Units or

Contingent Stock Awards (collectively, the "Omnibus Objections").[1]  The Omnibus Objections

---

[1]  The Omnibus Objections are: Debtors' Seventy-Third Omnibus Objection to Claims (to Reclassify Proofs of
Claim as Equity Interests) [ECF No. 13295]; Debtors' One Hundred Eighteenth Omnibus Objection to Claims (to
Reclassify Proofs of Claim as Equity Interests) [ECF No. 15666]; Debtors' One Hundred Thirtieth Omnibus
Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16115]; Debtors' One Hundred
Thirty-First Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16116];
Debtors' One Hundred Thirty-Third Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity
Interests) [ECF No. 16530]; Debtors' One Hundred Thirty-Fourth Omnibus Objection to Claims (to Reclassify
Proofs of Claim as Equity Interests) [ECF No. 16532]; Debtors' One Hundred Thirty-Fifth Omnibus Objection to
Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16808]; Debtors' One Hundred Seventy-Sixth
Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 19392]; Debtors' One
Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims) [ECF No. 19714]; Debtors' Two Hundred
Seventh Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 20012]; Three
Hundred Thirteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No.
28433]; Three Hundred Fourteenth Omnibus Objection to Claims (Late-Filed Claims) [ECF No. 28435]; Three
Hundred Nineteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No.

seek to reclassify these claims as equity interests and/or subordinate them to the claims of general unsecured creditors.

B.    In a series of orders entered between January 20, 2011 and September 28, 2012, the Court granted the requested relief as against claimants who did not oppose the Omnibus Objections, and further ordered that such orders had no res judicata, estoppel or other effect on claimants who did oppose the Omnibus Objections.  The claimants who oppose the Omnibus Objections and still have claims pending on the Omnibus Objections are referred to herein as the "Claimants" and their claims, to the extent subject to the Omnibus Objections, are referred to herein as the "Claims."[2]

C.    Numerous Claimants sought discovery in connection with the Claims.  On August 27, 2012, the Court entered an Order establishing procedures governing discovery that had been negotiated by LBHI and several of the Claimants [ECF No. 30421].   This Order was amended on November 28, 2012 [ECF No. 32386], February 13, 2013 [ECF No. 34583], October 8, 2013 [ECF No. 40334], and October 17, 2013 [ECF No. 40542] (collectively, the "Discovery Procedures Order").  LBHI and approximately 100 of the Claimants participated in discovery pursuant to the Discovery Procedures Order, which included initial disclosures of key documents and information by LBHI, further document production, interrogatory responses, the negotiation of a Stipulation of Facts Regarding RSUs and CSAs, Including the Tax and Accounting Treatment of RSUs and CSAs, which was approved by the Court by Order dated October 2, 2013 [ECF No. 40263], and the deposition of James R. Emmert as LBHI's designee pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure on October 24, 2013.  The Claimants who

---

28777]; and the Three Hundred Forty Seventh Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 30357].

[2] The Claims are identified in Schedule 1 attached hereto.

participated in discovery are referred to herein collectively as the "Participants."  The Court

recognizes that there are Claimants who have opposed the Omnibus Objections but have not

participated in discovery pursuant to the Discovery Procedures Order.  For purposes of this

Order and conducting the Evidentiary Hearing, any such Claimant who retains one of the counsel

for the Represented Participants shall be deemed a Represented Participant as defined below.

      D.      Paragraph 14 of the Discovery Procedures Order states that "[w]ithin 10 days

after the completion of discovery, the parties shall attempt to jointly recommend to the Court

proposed procedures for the evidentiary hearings(s) on the RSU Claims, including Stipulations

of Fact and procedures for the exchange of Declarations of LBHI or any RSU Claimant."

      E.      This Order has been proposed to the Court by LBHI and those Participants who

have retained counsel in opposing the Omnibus Objections (the "Represented Participants").

The Plan Administrator has represented to the Court that this Order was shared with all

Participants before being proposed to the Court, including those who are not represented by

counsel, and that this Order addresses the comments and concerns raised by some of those

Participants.

      F.      In the interest of efficiently creating a factual record and expediting the resolution

of the Claims, the Court has accepted the stipulation of LBHI and the Represented Participants to

adopt the procedures outlined herein as appropriate for the evidentiary hearing contemplated

hereby.  LBHI and the Represented Participants having agreed that the procedures outlined

herein are appropriate for the evidentiary hearing scheduled, it is hereby

**ORDERED:**

US_ACTIVE:\44257190\9\58399.0011

1.      **Scope of Order.**  Except as otherwise ordered by the Court, this Order shall control the resolution of the Omnibus Objections and shall apply to all of the Claimants, whether or not they participated in discovery.

2.      **No Admissions.**   No statements made in this Order shall be construed as a finding of fact by the Court or as an admission of any claim or allegation by LBHI or by any of the Claimants.

3.      **Participation in Evidentiary Hearing.**  All Claimants, whether or not they participated in discovery, may participate in the procedures set forth in this Order.

4.      **Non-Participation in Evidentiary Hearing.**  Participation in the evidentiary hearing and these procedures is not required and the non-participation of any Claimant shall not, in and of itself, result in the grant of any relief to LBHI.   However, all Claimants will be bound by the Court's decisions resulting from the evidentiary hearing, without regard to whether they participated in the hearing.  Neither the Claimants generally nor the Claimants represented by counsel are deemed by this Order to be class representatives, and neither are provided with authority to act on behalf of any other Claimants.  Any decision by the Court shall not affect the treatment of other claims of Claimants that are not the subject of the Omnibus Objections.

5.      **Notice.**  LBHI shall give each Claimant prompt notice of this Order by emailing a copy of this Order to his/her counsel, or for any Claimant not represented by counsel (or as to whom LBHI is not aware of any such representation), by mailing a copy of the Order to each such Claimant's last known mailing address or address for electronic mail.

6.      **Service.**  For purposes of complying with the procedures set forth in this Order, service by electronic mail shall be sufficient service unless an electronic mail address is unavailable.

4

7.      **Computing Time**.  For purposes of determining the deadlines set forth in this Order, time periods shall be computed in accordance with Fed. R. Bankr. P. 9006.

8.      **Evidentiary Hearing Dates.**  For purposes of calculating the time periods set forth in this Order, the evidentiary hearing is scheduled for two days beginning on February 4, 2014 and ending on February 5, 2014 (the "Hearing Dates").

9.      **Pre-Hearing Memoranda.**

(a)      Opening Memoranda:  Opening memoranda on behalf of the Represented Participants and LBHI, if any, shall be served no later than sixty-three (63) days (nine weeks) prior to the Hearing Dates.  The Opening Memoranda shall set forth respective positions with points and authorities for or against the relief sought in the Omnibus Objections.  LBHI and the Represented Participants may each serve an Opening Memorandum of no more than fifty (50) pages.  The Represented Participants who became employees of Lehman as a result of the merger of Neuberger Berman and LBHI (the "Neuberger Berman Participants") may serve a separate Opening Memorandum of no more than ten (10) pages concurrently with service by the other Represented Participants.  Represented Participants shall take reasonable measures to avoid duplication in the Opening Memoranda; to wit, to eliminate overlap the Neuberger Berman Participants and the other Represented Participants shall exchange drafts of their Opening Memoranda no later than seventy (70) days (ten weeks) prior to the Hearing Dates.  In the event that all of the Represented Participants wish to submit one joint Opening Memorandum, any such joint Opening Memorandum shall not exceed sixty (60) pages.

(b)      Supplemental Opening Memoranda:  Supplemental opening memoranda on behalf of Claimants not represented by counsel, if any, shall be served no later than fifty-six (56) days

5

(eight weeks) prior to the Hearing Dates.   The Supplemental Opening Memoranda shall set forth

the Claimants' respective positions with points and authorities against the relief sought in the

Omnibus Objections. Claimants not represented by counsel may each serve a separate,

Supplemental Opening Memoranda of no more than ten (10) pages.  The Claimants not

represented by counsel shall take reasonable measures to avoid duplicative Supplemental

Opening Memoranda (for example, by limiting the separate, supplemental Opening Memoranda

to issues not covered in the Represented Participants' Opening Memoranda).

(c)      Opposition Memoranda:  Opposition Memoranda, if any, shall be served by LBHI

and the Claimants (the "Parties") no later than twenty-eight (28) days (four weeks) prior to the

Hearing Dates.  The Opposition Memoranda shall respond to the Opening Memoranda.  LBHI

may serve a single Opposition Memorandum responding to the Opening Memoranda of the

Represented Participants having a page length of no more than thirty (30) pages, and an

Opposition Memorandum responding to the issues presented by the Neuberger Berman

Participants of no more than ten (10) pages.  Represented Participants may serve an Opposition

Memorandum of no more than thirty (30) pages, and the Neuberger Berman Participants may

serve a separate Opposition Memorandum of five (5) pages.  In the event that LBHI must

respond to multiple supplemental Opening Memoranda of numerous Claimants not represented

by counsel, LBHI may serve a Supplemental Opposition Memorandum of no more than ten (10)

pages, subject to enlargement by this Court on application with notice to the Represented

Participants and for good cause shown.  Each Claimant who is not a Represented Participant may

serve an Opposition Memorandum of no more than five (5) pages.

(d)      Ancillary Documents.  The Parties shall serve with their Opening Memoranda,

supplemental Opening Memoranda, and Opposition Memoranda such stipulations of fact,

US_ACTIVE:\44257190\9\58399.0011

documents, affidavits and declarations as they deem necessary or appropriate, with the understanding that any party will have the opportunity to cross-examine certain affiants and declarants as set forth in § 10.

(e)     Filing with the Court.  All Opening Memoranda, supplemental Opening Memoranda, and Opposition Memoranda shall be filed with the Court within two (2) days after service of the Opposition Memoranda as provided in §9(c).

(f)     Joint Documentary Appendix.  The Parties are directed to compile a single, joint submission of all supporting stipulations of fact, documents and affidavits cited in any Opening Memoranda, supplemental Opening Memoranda or Opposition Memoranda, which may be filed no later than one (1) week following service of the Opposition Memoranda.  The supporting stipulations of fact, documents, affidavits, and declarations are to be pre-marked as Exhibits.

10.     **Supporting Declarations.**  Concurrently with service of the Opening Memoranda or Supplemental Opening Memoranda, the Parties shall serve proffers of any affidavits or declarations unrelated to the authentication of documents that the Parties intend to submit to the Court in connection with the evidentiary hearing that are not submitted with the Opening Memoranda or Supplemental Opening Memoranda.  Concurrently with service of the Opposition Memoranda, the Parties shall serve proffers of any rebuttal affidavits or declarations unrelated to the authentication of documents that the Parties intend to submit to the Court in connection with the evidentiary hearing that are not submitted with the Opening Memoranda, Supplemental Opening Memoranda, or Opposition Memoranda.  Any proffers must identify the affiant or declarant and the general subject matter of that person's expected testimony.  Any such affidavits and declarations are to be served and filed concurrently with the Joint Documentary Appendix.

US_ACTIVE:\44257190\9\58399.0011

The submission of an affidavit or declaration that is unrelated to the authentication of documents shall require that the submitting party make the affiant or declarant available for cross-examination at the evidentiary hearing.  Any party intending to cross-examine any of the affiants or declarants shall notify the submitting party of the affiant or declarant they intend to cross-examine no later than one (1) week before the Hearing Dates.   A party's submission of an affidavit or declaration shall not preclude that party from offering testimony of the declarant or affidavit on direct or re-direct examination.

11.     **Witness Lists.**  Concurrently with service of the Opening Memoranda or Supplemental Opening Memoranda, the Parties shall serve witness lists identifying individuals who will likely testify on their behalf at the hearing, if any.  Concurrently with service of the Opposition Memoranda, the Parties shall exchange rebuttal witness lists, identifying individuals whom they will likely call as rebuttal witnesses, if any, but only to the extent that these individuals are not already identified on any other witness list.  Each of these lists shall identify: (a) the first and last names of the witnesses; (b) the current and last place of employment and titles held by the witnesses; and (c) the general subject matter of each witness' expected testimony.  Within one (1) week after exchanging the rebuttal witness lists, the Parties shall exchange any objections to the witness lists.

12.     **Deposition Designations**.   Concurrently with service of the Opening Memoranda or Supplemental Opening Memoranda, the Parties shall identify, by page and line number, the portions of the Rule 30(b)(6) deposition transcript that they will likely use at the evidentiary hearing, if any.  Concurrently with service of the Opposition Memoranda, the Parties shall exchange rebuttal deposition designations identifying, by page and line number, the portions of the Rule 30(b)(6) deposition transcript that they expect to use at the evidentiary hearing, if any,

US_ACTIVE:\44257190\9\58399.0011

but only to the extent that they were not previously identified by LBHI or any Claimant.  Within

one (1) week after exchanging the rebuttal deposition designations, the Parties shall exchange

any objections to any of the deposition designations.

13.    **Exhibit Lists.**  Twenty-one (21) days (three weeks) prior to the Hearing Dates, the

Parties shall serve lists of pre-marked exhibits that they will likely use at the evidentiary hearing

(including those exhibits filed with the Court pursuant to § 9(f)).  These exhibit lists shall

identify the exhibits by the bates-number imprinted on each of the exhibits.  Within one (1) wee

after exchanging the exhibit lists, LBHI and the Claimants shall exchange any objections to the

exhibit lists.

14.    **Meet and Confer.**  Prior to filing any pre-hearing motions pursuant to ¶15, the Parties

shall meet and confer as necessary concerning any objections to the supporting declarations,

witness lists, deposition designations and/or exhibit lists, or any other disputed issues, in an

attempt to consensually resolve any such objections.

15.    **Pre-Hearing Motions (i.e., Motions in Limine).**  Motions in Limine, if any, shall be

served and filed no later than fourteen (14) days (two weeks) prior to the Hearing Dates.

Responses in opposition to any such motion shall be filed no later than seven (7) days (one

week) prior to the Hearing Dates.

16.    **Pre-Hearing Conference.**  Approximately three (3) days prior to the Hearing Dates, as

scheduled by the Court, the Court shall hold a Pre-Hearing Conference to prepare for the

evidentiary hearing and resolve any disputed issues, including pre-hearing motions (if any).

US_ACTIVE:\44257190\9\58399.0011

17.    **Organization of the Evidentiary Hearing.**  The evidentiary hearing shall be comprised of the submission of exhibits, declarations, witness direct testimony, cross-examination, deposition testimony, and oral argument presented by counsel for LBHI, counsel for the Represented Participants, and Claimants not represented by counsel.  The first day of the hearing will be reserved for LBHI and the Represented Participants to present their cases.  LBHI will open and shall have a maximum of three hours on Day 1 of the hearing to present its case, including opening statements and direct and cross-examinations.  The Represented Participants shall have three hours on Day 1 of the hearing to present their cases, including opening statements and cross-examinations.  On Day 2 of the hearing, any Claimant not represented by counsel will have 20 minutes to present his or her case (up to a maximum of 2 hours).  LBHI will then have 60 minutes to present its rebuttal to the cases presented by Claimants not represented by counsel on Day 2 of the hearing, after which the Represented Participants will have 60 minutes to present their closing arguments.  LBHI will then have 60 minutes to collectively present its closing arguments with respect to Days 1 and 2 of the hearing.  All times set forth in this paragraph are estimates and are subject to adjustment by this Court as it deems necessary or appropriate under the circumstances, on the request of any party or sua sponte.

18.    **Court's Availability.**  All dates and deadlines set forth in this Order, or otherwise agreed upon by the Parties, are subject to the Court's availability and may be modified by the Court without the need for any further order(s).

19.    **Amendments.**  The provisions of this Order may be amended by Order of the Court, provided, however, that the Parties may agree to extend any deadline or modify the organization of the evidentiary hearing without first seeking leave of the Court.

US_ACTIVE:\44257190\9\58399.0011

20.     **Jurisdiction.**  The Court shall retain jurisdiction over any matters related to or arising

from the implementation of this Order.


Dated: New York, New York
November ___, 2013

_____
Honorable James M. Peck
United States Bankruptcy Judge

US_ACTIVE:\44257190\9\58399.0011

Redline of Proposed Order

CLAIMANTS' WEIL DRAFT: 11/21/2013
SUBJECT TO FINAL CLIENT APPROVAL

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
                    :

In re                      :     Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :     08-13555 (JMP)
                    :

         Debtors.       :     (Jointly Administered)
                    :
---------------------------------------------------------------------x

## ORDER ESTABLISHING PROCEDURES FOR AN EVIDENTIARY HEARING IN CONNECTION WITH OMNIBUS OBJECTIONS TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

A.     Between December 7, 2010 and August 24, 2012, Lehman Brothers Holdings Inc.

("LBHI") and certain affiliated Debtors, as debtors and debtors in possession herein

(collectively, the "Debtors"), and LBHI as Plan Administrator (the "Plan Administrator"), under

the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its*

*Affiliated Debtors* (the "Plan") for certain entities in the above-referenced chapter 11 cases, filed

fourteen Omnibus Objections to Proofs of Claims for bonus or commission compensation during

the years 2003 and 2008 as to which many claimants were granted Restricted Stock Units or

Contingent Stock Awards (collectively, the "Omnibus Objections").[1] The Omnibus Objections

---

[1]  The Omnibus Objections are: Debtors' Seventy-Third Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 13295]; Debtors' One Hundred Eighteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 15666]; Debtors' One Hundred Thirtieth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16115]; Debtors' One Hundred Thirty-First Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16116]; Debtors' One Hundred Thirty-Third Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16530]; Debtors' One Hundred Thirty-Fourth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16532]; Debtors' One Hundred Thirty-Fifth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16808]; Debtors' One Hundred Seventy-Sixth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 19392]; Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims) [ECF No. 19714]; Debtors' Two Hundred Seventh Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 20012]; Three Hundred Thirteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 28433]; Three Hundred Fourteenth Omnibus Objection to Claims (Late-Filed Claims) [ECF No. 28435]; Three Hundred Nineteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No.

seek to reclassify these claims as equity interests and/or subordinate them to the claims of general unsecured creditors.

B.      In a series of orders entered between January 20, 2011 and September 28, 2012, the Court granted the requested relief as against claimants who did not oppose the Omnibus Objections, and further ordered that such orders had no res judicata, estoppel or other effect on claimants who did oppose the Omnibus Objections. The claimants who oppose the Omnibus Objections and still have claims pending on the Omnibus Objections are referred to herein as the "Claimants" and their claims, to the extent subject to the Omnibus Objections, are referred to herein as the "Claims."[2]

C.      Numerous Claimants sought discovery in connection with the Claims. On August 27, 2012, the Court entered an Order establishing procedures governing discovery that had been negotiated by LBHI and several of the Claimants [ECF No. 30421]. This Order was amended on November 28, 2012 [ECF No. 32386], February 13, 2013 [ECF No. 34583], October 8, 2013 [ECF No. 40334], and October 17, 2013 [ECF No. 40542] (collectively, the "Discovery Procedures Order"). LBHI and approximately 100 of the Claimants participated in discovery pursuant to the Discovery Procedures Order, which included initial disclosures of key documents and information by LBHI, further document production, interrogatory responses, the negotiation of a Stipulation of Facts Regarding RSUs and CSAs, Including the Tax and Accounting Treatment of RSUs and CSAs, which was approved by the Court by Order dated October 2, 2013 [ECF No. 40263], and the deposition of James R. Emmert as LBHI's designee pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure on October 24, 2013. The Claimants who

---

28777]; and the Three Hundred Forty Seventh Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 30357].

[2] The Claims are identified in Schedule 1 attached hereto.

participated in discovery are referred to herein collectively as the "Participants."  The Court

recognizes that there are Claimants who have opposed the Omnibus Objections but have not

participated in discovery pursuant to the Discovery Procedures Order.  For purposes of this

Order and conducting the Evidentiary Hearing, any such Claimant who retains one of the counsel

for the Represented Participants shall be deemed a Represented Participant as described

hereindefined below.

        D.      Paragraph 14 of the Discovery Procedures Order states that "[w]ithin 10 days

after the completion of discovery, the parties shall attempt to jointly recommend to the Court

proposed procedures for the evidentiary hearings(s) on the RSU Claims, including Stipulations

of Fact and procedures for the exchange of Declarations of LBHI or any RSU Claimant."

        E.      This Order has been proposed to the Court by LBHI and those Participants who

have retained counsel in opposing the Omnibus Objections (the "Represented Participants").

The Plan Administrator has represented to the Court that this Order was shared with all

Participants before being proposed to the Court, including those who are not represented by

counsel, and that this Order addresses the comments and concerns raised by some of those

Participants.

        F.      In the interest of efficiently creating a factual record and expediting the resolution

of the Claims, the Court has accepted the stipulation of LBHI and the Represented Participants to

adopt the procedures outlined herein as appropriate for the evidentiary hearing contemplated

hereby.  LBHI and the Represented Participants having agreed that the procedures outlined

herein are appropriate for the evidentiary hearing scheduled, it is hereby

**ORDERED:**

1.   **Scope of Order.**  Except as otherwise ordered by the Court, this Order shall control the resolution of the Omnibus Objections and shall apply to all of the Claimants, whether or not they participated in discovery.

2.   **No Admissions.**   No statements made in this Order shall be construed as a finding of fact by the Court or as an admission of any claim or allegation by LBHI or by any of the Claimants.

3.   **Participation in Evidentiary Hearing.**  All Claimants, whether or not they participated in discovery, may participate in the procedures set forth in this Order.

4.   **Non-Participation in Evidentiary Hearing.**  Participation in the evidentiary hearing and these procedures is not required and the non-participation of any Claimant shall not, in and of itself, result in the grant of any relief to LBHI.   However, all Claimants will be bound by the Court's decisions resulting from the evidentiary hearing, without regard to whether they participated in the hearing.  Neither the Claimants generally nor the Claimants represented by counsel are deemed by this Order to be class representatives, and neither are provided with authority to act on behalf of any other Claimants.  Any decision by the Court shall not affect the treatment of other claims of Claimants that are not the subject of the Omnibus Objections.

5.   **Notice.**  LBHI shall give each Claimant prompt notice of this Order by emailing a copy of this Order to his/her counsel, or for any Claimant not represented by counsel (or as to whom LBHI is not aware of any such representation), by mailing a copy of the Order to each such Claimant's last known mailing address or address for electronic mail.

4

CLAIMANTS' WEIL DRAFT: 11/13/201311/21/2012 3:20 PM

6.      **Service.**  For purposes of complying with the procedures set forth in this Order, service

by electronic mail shall be sufficient service unless an electronic mail address is unavailable.

7.      **Computing Time**.  For purposes of determining the deadlines set forth in this Order,

time periods shall be computed in accordance with Fed. R. Bankr. P. 9006.

8.      **Evidentiary Hearing Dates.**  For purposes of calculating the time periods set forth in

this Order, the evidentiary hearing is scheduled for two days beginning on February 254, 2014

and ending on February 265, 2014 (the "Hearing Dates").

9.      **Pre-Hearing Memoranda.**

        (a)      Opening Memoranda:  Opening memoranda on behalf of the Represented

Participants and LBHI, if any, shall be served no later than seventysixty-three (7063) days

(tennine weeks) prior to the Hearing Dates.  The Opening Memoranda shall set forth respective

positions with points and authorities for or against the relief sought in the Omnibus Objections.

LBHI and the Represented Participants may each serve an Opening Memorandum of no more

than fifty (50) pages.  The Represented Participants who became employees of Lehman as a

result of the merger of Neuberger Berman and LBHI (the "Neuberger Berman Participants") may

serve a separate Opening Memorandum of no more than ten (10) pages concurrently with service

by the other Represented Participants.  Represented Participants shall take reasonable measures

to avoid duplication in the Opening Memoranda; to wit, to eliminate overlap the Neuberger

Berman Participants and the other Represented Participants shall exchange drafts of their

Opening Memoranda no later than seventy-sevenseventy (770) days (eleventen weeks) prior to

the Hearing Dates.  In the event that all of the Represented Participants wish to submit one joint

Opening Memorandum, any such joint Opening Memorandum shall not exceed sixty (60) pages.

5

(b)     Supplemental Opening Memoranda:  Supplemental ~~O~~opening ~~M~~memoranda on behalf of Claimants not represented by counsel, if any, shall be served no later than ~~sixty-three~~fifty-six (5~~6~~3) days (~~nine~~eight weeks) prior to the Hearing Dates.   The Supplemental Opening Memoranda shall set forth the Claimants' respective positions with points and authorities against the relief sought in the Omnibus Objections. Claimants not represented by counsel may each serve a separate, Supplemental Opening Memoranda of no more than ten (10) pages.  The Claimants not represented by counsel shall take reasonable measures to avoid duplicative Supplemental Opening Memoranda (for example, by limiting the separate, supplemental Opening Memoranda to issues not covered in the Represented Participants' Opening Memoranda).

(c)     Opposition Memoranda:  Opposition Memoranda, if any, shall be served by LBHI and the Claimants (the "Parties") no later than ~~thirty-five~~twenty-eight (3~~5~~28) days (~~five~~four weeks) prior to the Hearing Dates.  The Opposition Memoranda shall respond to the Opening Memoranda.  LBHI may serve a single Opposition Memorandum responding to the Opening Memoranda of the Represented Participants having a page length of no more than thirty (30) pages, and an Opposition Memorandum responding to the issues presented by the Neuberger Berman ~~group~~Participants of no more than ten (10) pages.  Represented Participants may serve an Opposition Memorandum of no more than thirty (30) pages, and the Neuberger Berman Participants may serve a separate Opposition Memorandum of five (5) pages.  In the event that LBHI must respond to multiple supplemental Opening Memoranda of numerous Claimants not represented by counsel, LBHI may serve a Supplemental Opposition Memorandum of no more than ten (10) pages, subject to enlargement by this Court on application with notice to the

Represented Participants and for good cause shown.  Each Claimant who is not a Represented Participant may serve an Opposition Memorandum of no more than five (5) pages.

(d)      Ancillary Documents.  The Parties shall serve with their Opening Memoranda, supplemental Opening Memoranda, and Opposition Memoranda such stipulations of fact, documents, affidavits and declarations as they deem necessary or appropriate, with the understanding that any party will have the opportunity to cross-examine certain affiants and declarants as set forth in § 10.

(e)      Filing with the Court.  All Opening Memoranda, supplemental Opening Memoranda, and Opposition Memoranda shall be filed with the Court within two (2) days after service of the Opposition Memoranda as provided in §9(c).

(f)      Joint Documentary Appendix.  The Parties are directed to compile a single, joint submission of all supporting stipulations of fact, documents and affidavits cited in any Opening Memoranda, supplemental Opening Memoranda or Opposition Memoranda, which may be filed no later than one (1) week following service of the Opposition Memoranda.  The supporting stipulations of fact, documents, affidavits, and declarations are to be pre-marked as Exhibits.

10.      **Supporting Declarations.**  Concurrently with service of the Opening Memoranda or Supplemental Opening Memoranda, the Parties shall serve proffers of any affidavits or declarations unrelated to the authentication of documents that the Parties intend to submit to the Court in connection with the evidentiary hearing that are not submitted with the Opening Memoranda or Supplemental Opening Memoranda.  Concurrently with service of the Opposition Memoranda, the Parties shall serve proffers of any rebuttal affidavits or declarations unrelated to the authentication of documents that the Parties intend to submit to the Court in connection with

7

the evidentiary hearing that are not submitted with the Opening Memoranda or, Supplemental

Opening Memoranda, or Opposition Memoranda.  Any proffers must identify the affiant or

declarant and the general subject matter of that person's expected testimony.  Any such affidavits

and declarations are to be served and filed concurrently with the Joint Documentary Appendix.

The submission of an affidavit or declaration that is unrelated to the authentication of documents

shall require that the submitting party make the affiant or declarant available for cross-

examination at the evidentiary hearing.  Any party intending to cross-examine any of the affiants

or declarants shall notify the submitting party of the affiant or declarant they intend to cross-

examine no later than one (1) week before the Hearing Dates.  A party's submission of an

affidavit or declaration shall not preclude that party from offering testimony of the declarant or

affidavit on direct or re-direct examination.

11.    **Witness Lists.**  Concurrently with service of the Opening Memoranda or Supplemental

Opening Memoranda, the Parties shall serve witness lists identifying individuals who will likely

testify on their behalf at the hearing, if any.  Concurrently with service of the Opposition

Memoranda, the Parties shall exchange rebuttal witness lists, identifying individuals whom they

will likely call as rebuttal witnesses, if any, but only to the extent that these individuals are not

already identified on any other witness list.  Each of these lists shall identify: (a) the first and last

names of the witnesses; (b) the current and last place of employment and titles held by the

witnesses; and (c) the general subject matter of each witness' expected testimony.  Within one

(1) week after exchanging the rebuttal witness lists, the Parties shall exchange any objections to

the witness lists.

12.    **Deposition Designations**.  Concurrently with service of the Opening Memoranda or

Supplemental Opening Memoranda, the Parties shall identify, by page and line number, the

8

portions of the Rule 30(b)(6) deposition transcript that they will likely use at the evidentiary

hearing, if any.  Concurrently with service of the Opposition Memoranda, the Parties shall

exchange rebuttal deposition designations identifying, by page and line number, the portions of

the Rule 30(b)(6) deposition transcript that they expect to use at the evidentiary hearing, if any,

but only to the extent that they were not previously identified by LBHI or any Claimant.  Within

one (1) week after exchanging the rebuttal deposition designations, the Parties shall exchange

any objections to any of the deposition designations.

13.    **Exhibit Lists.**  Twenty-one (21) days (three weeks) prior to the Hearing Dates, the

Parties shall serve lists of pre-marked exhibits that they will likely use at the evidentiary hearing

(including those exhibits filed with the Court pursuant to § 9(f)).  These exhibit lists shall

identify the exhibits by the bates-number imprinted on each of the exhibits.  Within one (1) week

after exchanging the exhibit lists, LBHI and the Claimants shall exchange any objections to the

exhibit lists.

14.    **Meet and Confer.**  Prior to filing any pre-hearing motions pursuant to ¶15, the Parties

shall meet and confer as necessary concerning any objections to the supporting declarations,

witness lists, deposition designations and/or exhibit lists, or any other disputed issues, in an

attempt to consensually resolve any such objections.

15.    **Pre-Hearing Motions (i.e., Motions in Limine).**  Motions in Limine, if any, shall be

served and filed no later than fourteen (14) days (two weeks) prior to the Hearing Dates.

Responses in opposition to any such motion shall be filed no later than seven (7) days (one

week) prior to the Hearing Dates.

16.     **Pre-Hearing Conference**.  Approximately ~~four to six~~three (~~4 6~~3) days prior to the
Hearing Dates, as scheduled by the Court, the Court shall hold a Pre-Hearing Conference to
prepare for the evidentiary hearing and resolve any disputed issues, including pre-hearing
motions (if any).

17.     **Organization of the Evidentiary Hearing**.  The evidentiary hearing shall be comprised
of the submission of exhibits, declarations, witness direct testimony, cross-examination,
deposition testimony, and oral argument presented by counsel for LBHI, counsel for the
Represented Participants, and Claimants not represented by counsel.  The first day of the hearing
will be reserved for LBHI and the Represented Participants to present their cases.  LBHI will
open and shall have a maximum of three hours on Day 1 of the hearing to present its case,
including opening statements and direct and cross-examinations.  The Represented Participants
~~each will~~shall have three ~~and one-half (3 ½)~~ hours on Day 1 of the hearing to present their cases,
including opening statements and ~~direct and cross~~ cross-examinations.  On Day 2 of the hearing,
any Claimant not represented by counsel will have 20 minutes to present his or her case (up to a
maximum of 2 hours).  LBHI will then have 60 minutes to present its rebuttal to the cases
presented by Claimants not represented by counsel on Day 2 of the hearing, after which the
Represented Participants will have 60 minutes to present their closing arguments.  LBHI will
then have 60 minutes to collectively present its closing arguments with respect to Days 1 and 2
of the hearing ~~Thereafter the Represented Participants will have 60 minutes to present their~~
~~closing arguments~~.  All times set forth in this paragraph are estimates and are subject to
adjustment by this Court as it deems necessary or appropriate under the circumstances, on the
request of any party or sua sponte.

18.     **Court's Availability.**  All dates and deadlines set forth in this Order, or otherwise agreed

upon by the Parties, are subject to the Court's availability and may be modified by the Court

without the need for any further order(s).

19.     **Amendments.**  The provisions of this Order may be amended by Order of the Court,

provided, however, that the Parties may agree to extend any deadline or modify the organization

of the evidentiary hearing without first seeking leave of the Court.

20.     **Jurisdiction.**  The Court shall retain jurisdiction over any matters related to or arising

from the implementation of this Order.


Dated: New York, New York
November ___, 2013


_____
Honorable James M. Peck
United States Bankruptcy Judge

US_ACTIVE:\443257193360\19\58399.0011