WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :    08-13555 (JMP)
                                              :
                   Debtors.                   :    (Jointly Administered)
                                              :
-------------------------------------------------------------------------------x
```

**STIPULATION, AGREEMENT AND ORDER**
**AMONG LEHMAN BROTHERS HOLDINGS INC., AS PLAN**
**ADMINISTRATOR ON BEHALF OF LB 745 LLC, AND YURI AND**
**IRENE BELIK PROVIDING FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan

Administrator") pursuant to the *Modified Third Amended Joint Chapter 11 Plan of Lehman*

*Brothers Holdings Inc. and its Affiliated Debtors* (the "Plan"), on behalf of LB 745 LLC ("LB

745"), Yuri Belik and Irene Belik (Yuri and Irene Belik are referred to herein as the "Beliks,"

and together with the Plan Administrator, the "Parties"), hereby stipulate and agree as follows:

**RECITALS**

A.     On September 15, 2008 and periodically thereafter, LBHI and certain of

its subsidiaries (collectively, the "Chapter 11 Estates"), including LB 745, commenced in this

Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code").  LB 745 commenced its Chapter 11 Case on September 16, 2008

(the "LB 745 Commencement Date").

   B.  On July 2, 2009, the Court entered an order setting forth the procedures

and deadlines for filing proofs of claim in the Chapter 11 Cases (ECF No. 4271) (the "Bar Date

Order").  Pursuant to the Bar Date Order, the Court established September 22, 2009 as the

deadline to file proofs of claim for certain types of claims (the "Bar Date").  The Beliks did not

file claims in the Chapter 11 Cases prior to the Bar Date.

   C.  On December 6, 2011, the Court entered an order (the "Confirmation

Order") confirming the Plan (ECF No. 23023).  The Plan became effective on March 6, 2012.

   D.  Pursuant to paragraph 54 of the Confirmation Order, the automatic stay

extant in the Chapter 11 Cases pursuant to section 362 of the Bankruptcy Code (the "Automatic

Stay") remains in full force and effect.

   E.  On or about January 23, 2007, the Beliks commenced an action in the

Supreme Court for the State of New York, County of Queens [Index No. 02293/07] (the "State

Court Action").  The Beliks' claims in the State Court Action arise out of certain bodily injuries

allegedly suffered by Yuri Belik at Lehman's former headquarters located at 745 Seventh

Avenue, New York, New York.[1]  Harrigan Contracting, Inc. (the "General Contractor") and

Henegan Construction Co., Inc. (the "Construction Manager") are also named as defendants in

the State Court Action.  The State Court Action has been stayed by the commencement of the

Chapter 11 Cases.

---

[1] Nothing contained herein is intended to be determinative of the validity or enforceability of any claim or cause of action asserted by the Beliks against LB 745 or any of its affiliates.  The Plan Administrator, on behalf of LB 745 and its affiliates, expressly reserves its right to dispute and/or contest any such claim or cause of action for any reason.

F.      Following the commencement of the State Court Action, LB 745's insurer

under policy number 5759349 (the "LB 745 Policy"), American Home Assurance ("American

Home"), tendered LB 745's defense in the State Court Action to the Construction Manager, who

is contractually required to defend and indemnify LB 745 against the claims asserted by the

Beliks in the State Court Action.  The Plan Administrator understands that the Construction

Manager further tendered LB 745's defense to a subcontractor, Henick Lane, Inc. ("Henick

Lane"), who is not named as a defendant in the State Court Actions.  The Plan Administrator

understands further that the Construction Manager was issued a general liability policy by the

Travelers Indemnity Company ("Travelers") and Henick Lane was issued a commercial general

liability policy by Travelers (together, the "Travelers Policies") and that the Construction

Manager and Henick Lane may each hold commercial umbrella liability and/or commercial

excess liability insurance policies (together with the Travelers Policies, the "Contractor

Policies") which cover, among other things and in appropriate circumstances, claims for bodily

injury-related damages.  Pursuant to the Travelers Policy issued to Henick Lane, Travelers

accepted the tender from American Home and is providing coverage for LB 745 and the

Construction Manager, subject to the terms and conditions of that policy.

G.      On or about August 21, 2013, the Beliks filed their *Motion to Lift Stay* in

the Chapter 11 Cases (the "Stay Relief Motion") (ECF No. 39585).

H.      In order to resolve the dispute between the Parties regarding Yuri Belik's

alleged injuries, LB 745 has agreed to consent to relief from the Automatic Stay for the limited

purpose of allowing the resumption of the State Court Action on the terms set forth herein.  In

connection therewith, the Beliks expressly covenant and agree that (i) LB 745, the Construction

Manager, and their respective insurers shall be permitted to present any and all defenses to the

Beliks' claims; and (ii) in the event that any judgment or other relief is allowed against LB 745

in the State Court Action, execution and recovery thereon shall be limited to recovery against insurance proceeds that may be payable to the Beliks under the Contractor Policies and/or the LB 745 Policy (the "Insurance Proceeds").

I.    The Beliks have agreed to forgo any recovery from the Chapter 11 Estates and other than to the extent of the Insurance Proceeds.

J.    In light of the foregoing, the Parties have agreed, subject to approval of this Court, to modify the Automatic Stay for the purposes set forth herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.    This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2.    Upon the Effective Date, the Automatic Stay shall be modified solely to the extent necessary to permit the Beliks to (i) resume the State Court Action in order to recover their damages, if any, from the Insurance Proceeds, (ii) settle the State Court Action with the applicable insurer(s), if appropriate, and (iii) execute or collect upon any settlement or judgment rendered in their favor in the State Court Action against the Insurance Proceeds without the need to seek further Court approval; provided, however, that the Belik's agree to collect on any settlement or judgment rendered in their favor in the State Court Action first from the Insurance Proceeds available under the Contractor Policies, as applicable; and provided, further, that all other provisions of the Automatic Stay shall remain in full force and effect.

3.    Notwithstanding the consent of LB 745 to the limited relief described herein, the Beliks hereby covenant and agree that (i) LB 745, the Construction Manager, and their respective insurers shall be permitted to present any and all defenses to the Beliks' claims;

and (ii) in the event that any judgment or other relief is allowed against LB 745 in the State

Court Action, execution and recovery thereon shall be limited to the Insurance Proceeds.

4.    Upon the Effective Date, the Stay Relief Motion shall be deemed resolved.

5.    This Stipulation, Agreement and Order contains the entire agreement

among the Parties as to the subject matter hereof and supersedes all prior agreements and

undertakings among the Parties relating thereto.

6.    This Stipulation, Agreement and Order may only be amended or otherwise

modified by a signed writing executed by the Parties.

7.    Each person who executes this Stipulation, Agreement and Order by or on

behalf of a Party represents and warrants that he or she has been duly authorized and empowered

to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

8.    This Stipulation, Agreement and Order may be executed in counterparts,

each of which shall be deemed an original but all of which together shall constitute one and the

same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order

to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

9.    Each Party to this Stipulation, Agreement and Order represents that it fully

understands the terms hereof.  This Stipulation, Agreement and Order shall not be strictly

construed against either Party on the ground that the rules for the construction of contracts

require the resolution of any ambiguity against the Party that drafted the document.

10.    This Stipulation, Agreement and Order shall be binding upon and inure

solely to the benefit of the Parties hereto and their respective successors and assigns.  Nothing

contained herein, express or implied, is intended to or shall confer upon any other person or

entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by

reason of this Stipulation, Agreement and Order.

11.     This Stipulation, Agreement and Order shall be governed by and in accordance with the laws of the state of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

12.     This Stipulation, Agreement and Order shall be effective immediately upon its entry and shall not be stayed pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

13.     This Court shall retain jurisdiction to resolve any disputes or controversies

arising from this Stipulation, Agreement and Order.

Dated: November 11, 2013
         New York, New York

/s/ David Mayer
David Mayer

SACKS & SACKS LLP
150 Broadway, 4th Floor
New York, New York
Telephone: (212) 964-5570
Facsimile: (212) 349-2141

Attorneys for the Beliks

Dated: November 11, 2013
         New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and
Certain of its Affiliates

**SO ORDERED:**

Dated: New York, New York
         November 22, 2013



/s/ James M. Peck

Honorable James M. Peck
United States Bankruptcy Judge