WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**STIPULATION, AGREEMENT AND ORDER
BETWEEN LEHMAN BROTHERS HOLDINGS INC.,
ON BEHALF OF BNC MORTGAGE LLC, AND DLJ MORTGAGE
CAPITAL, INC. PROVIDING FOR RELIEF FROM THE AUTOMATIC
STAY WITH REGARD TO CERTAIN REAL PROPERTY LOCATED
AT 634 EAST 105TH STREET, BROOKLYN, NEW YORK**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") is entered into by Lehman Brothers Holdings Inc., as Plan Administrator ("LBHI" or the "Plan Administrator") under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), on behalf of BNC Mortgage LLC ("BNC"), and DLJ Mortgage Capital, Inc. ("DLJ" and, together with LBHI and BNC, the "Parties").

## RECITALS

A. On September 15, 2008 and January 9, 2009 (as applicable, the "Commencement Date"), LBHI and BNC, respectively, commenced with this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

B. On December 6, 2011, the Court entered an order confirming the Plan (the "Confirmation Order") (ECF No. 23023). The Plan became effective on March 6, 2012.

C. Pursuant to paragraph 54 of the Confirmation Order, the automatic stay, extant in the Chapter 11 Cases pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") remains in full force and effect.

D. DLJ represents that it is the current holder of a mortgage executed on October 7, 2005 by Keria Whitfield ("Whitfield") in favor of BNC Mortgage, Inc.[1] (the "Whitfield Mortgage") and transferred to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for BNC, as security for the repayment of the original principal sum of $292,000 due under a note (the "Whitfield Note," together with the Whitfield Mortgage, the "Whitfield Loan"). The Whitfield Mortgage granted MERS, as nominee for BNC, a security interest in certain real property located at 634 East 105th Street, Brooklyn, New York (the "Property"). DLJ further represents that MERS, as nominee, assigned the Whitfield Mortgage to CIT Group Consumer Finance, Inc. on or about November 29, 2005. Following subsequent

---

[1] BNC Mortgage, Inc. and BNC Mortgage LLC are the same entity. BNC was originally organized under the laws of Delaware as a corporation under the name "BNC Mortgage, Inc." On or about January 13, 1998, BNC changed its corporate form from a corporation to a limited liability company under the name "BNC Mortgage LLC." BNC is still referred to as "BNC Mortgage Inc." in those states in which it is registered to conduct business under its former name.

assignments, the Whitfield Mortgage was assigned to DLJ by an instrument, dated September 9, 2013. BNC no longer holds an interest in the Whitfield Mortgage.

   E.  In connection with her acquisition of the Property, Whitfield also executed a subordinate mortgage (the "Second Mortgage") in favor of BNC as security for the repayment of the original principal sum of $73,000 due under a note (the "BNC Note"). The Second Mortgage further encumbered the Property.

   F.  While BNC retains its interest in the Second Mortgage and the BNC Note, it has determined that the current value of the Property is significantly less than the amounts due under the Whitfield Loan and, accordingly, that BNC lacks any equity in the Property.

   G.  DLJ seeks entry of an order partially modifying the Automatic Stay in order to allow DLJ to exercise its non-bankruptcy rights and remedies as to the Property including, but not limited to, foreclosure.

   H.  In light of the foregoing, and to ensure that DLJ is not prohibited from exercising its rights with respect to the Property, the Parties have agreed, subject to approval of this Court, to the terms set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

   1.  This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

   2.  Upon the Effective Date, the Automatic Stay shall be modified with respect to DLJ's interest in the Property and DLJ shall be permitted to exercise its rights under applicable non-bankruptcy law against the Property.

3

3. Except as provided in paragraph 2, the Automatic Stay, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from BNC's estate and/or assets or property of BNC (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

4. Upon the Effective Date, DLJ, on behalf of itself and any other party, person or entity claiming under or through it (each of the foregoing, a "DLJ Releasor"), hereby generally releases, discharges, waives and acquits, unconditionally and irrevocably, the Plan Administrator, LBHI, BNC, and their respective current and former agents, servants, officers, directors, shareholders, employees, subsidiaries, divisions, branches, units, affiliates, parents, attorneys, successors, predecessors, heirs, personal representatives, and assigns (each of the foregoing, a "Released Lehman Party"), from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses and claims of every kind, nature, and character whatsoever, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulation, tort (including, without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that such DLJ Releasor ever had or claimed to have or now has or claims to have against any Released Lehman Party arising under or related to the Whitfield Loan, the BNC Mortgage or the Property, or any agreements related thereto; *provided, however*, that the foregoing release shall not affect, impair or operate as a release of the rights and obligations of DLJ set forth in this Stipulation, Agreement and Order.

4

5. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in the release in paragraph 4. Section 1542 of the California Civil Code reads as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

6. Nothing contained herein shall release Whitfield from her obligations under the BNC Note or the Second Mortgage or in any way prejudice BNC's rights with respect thereto.

7. This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

8. Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

9. Each Party to this Stipulation, Agreement and Order represents that it fully understands the terms hereof. This Agreement shall not be strictly construed against either Party on the ground that the rules for the construction of contracts require the resolution of any ambiguity against the Party that drafted the document.

10. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

11. This Stipulation, Agreement and Order shall be effective immediately upon its entry and shall not be stayed pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

12. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: October 9, 2013　　　　　　　　　　/s/ Barbara Dunlevy
　　　　　Plainview, New York　　　　　　　Barbara Dunlevy

　　　　　　　　　　　　　　　　　　　　　ROSICKI, ROSICKI, ASSOCIATES, P.C.
　　　　　　　　　　　　　　　　　　　　　51 East Bethpage Road
　　　　　　　　　　　　　　　　　　　　　Plainview, New York 11803
　　　　　　　　　　　　　　　　　　　　　Telephone: (516) 741-2585
　　　　　　　　　　　　　　　　　　　　　Facsimile: (516) 873-7243

　　　　　　　　　　　　　　　　　　　　　Attorneys for DLJ Mortgage Capital, Inc.


Dated: October 16, 2013　　　　　　　　　/s/ Jacqueline Marcus
　　　　　New York, New York　　　　　　　Jacqueline Marcus

　　　　　　　　　　　　　　　　　　　　　WEIL, GOTSHAL & MANGES LLP
　　　　　　　　　　　　　　　　　　　　　767 Fifth Avenue
　　　　　　　　　　　　　　　　　　　　　New York, New York 10153
　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 310-8000
　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 310-8007

　　　　　　　　　　　　　　　　　　　　　Attorneys for Lehman Brothers Holdings
　　　　　　　　　　　　　　　　　　　　　Inc. and Certain of its Affiliates


**SO ORDERED**:

Dated: New York, New York 　　　/s/ James M. Peck
　　　　　November 22, 2013　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Honorable James M. Peck
　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge