UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
In re                                                            :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                                 :
           Debtors.                                    :    (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x

ORDER PURSUANT TO RULE 9019 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE AND
SECTION 105(a) OF THE BANKRUPTCY CODE FOR APPROVAL OF
(I) PARTIAL SETTLEMENT AGREEMENTS RELATING TO CERTAIN CREDIT
DEFAULT SWAP AGREEMENTS AND INDENTURES AND (II) AMENDMENT TO
PARTIAL SETTLEMENT AGREEMENT RELATING TO PEBBLE CREEK LCDO
2007-3 CREDIT DEFAULT SWAP AGREEMENT AND INDENTURE

Upon the motion, dated October 18, 2013 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator") as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, on behalf of itself and Lehman Brothers Special Financing Inc. ("LBSF"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") for approval of two partial settlement agreements and an amendment to the partial settlement agreement dated as of March 8, 2013, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered on June 17, 2010, governing case management

and administrative procedures for these cases [ECF No. 9635] on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the attorneys for the Trustee; and (vi) all parties who have requested notice in the Chapter 11 Cases, and it appearing that no other or further notice need be provided; and objections to the Settlement Agreement relating to Exum Ridge CBO 2007-2 (the "Exum Ridge 2007-2 Settlement Agreement") having been filed by: ESP Funding I, Ltd. [ECF No. 41035], Whaleback Foundation [ECF No. 41055], and BAC Florida Bank [ECF No. 41118] (collectively, the "Objections"); and the hearing with respect to the Exum Ridge 2007-2 Settlement Agreement having been adjourned; and a hearing having been held to consider the relief requested in the Motion as it relates to the Amended Pebble Creek Agreement[1] and the Settlement Agreement relating to Exum Ridge CBO 2006-1, each as described on Exhibit 1 attached hereto (together, the "Settlement Agreements"); and the Trustee having provided reasonable notice to the Noteholders and the Preference Shareholders; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI and LBSF, their estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted to the extent provided herein; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Settlement Agreements are approved; and it is further

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Motion.

ORDERED that LBSF is authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreements and to perform any and all obligations contemplated therein; and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code, the Trustee is authorized and directed to take such actions as it reasonably deems necessary or appropriate to consummate the Settlement Agreements and to perform any and all obligations contemplated therein, including without limitation to cause certain assets held in respect of the applicable Collateral to be redeemed or otherwise liquidated, and to distribute and apply the proceeds therefrom, as well as certain other amounts that have accrued on or are otherwise available with respect to assets of the applicable Issuer, as provided for in the Settlement Agreements; and it is further

ORDERED that this Order is final, binding and effective on the Chapter 11 Estates, all current and future Noteholders and Preference Shareholders, as well as the Trustee and any successor thereto.  The Chapter 11 Estates and U.S. National Bank Association, in its individual capacity and as Trustee, and its current and former officers, directors, shareholders, employees, agents, attorneys, successors and assigns, shall be and hereby are, fully exculpated and shall not have liability to each other, the Chapter 11 Estates, Noteholders or Preference Shareholders arising out of, relating to, or in connection with the Motion, the Settlement Agreements or this Order, except to the extent of any obligations set forth in the Settlement Agreements that have not been performed; and it is further

ORDERED that the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the terms of this Order shall not apply with respect to the Exum Ridge 2007-2 Settlement Agreement; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       November 22, 2013



/s/ James M. Peck
_____
Honorable James M. Peck
United States Bankruptcy Judge