UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                   :    Chapter 11 Case No.
                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                        :
                                          Debtors.      :    (Jointly Administered)
------------------------------------------------------------------x

## THIRD SUPPLEMENTAL ORDER GRANTING ONE HUNDRED SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS SOLELY AS TO CLAIM NUMBERS 13002, 13429, AND 15186

Upon consideration of the one hundred seventeenth omnibus objection to claims, dated March 25, 2011 (the "One Hundred Seventeenth Omnibus Objection to Claims"), of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] seeking disallowance and expungement of the Agrawal Claim,[1] Baricevic Claim, and Connors Claim (collectively, the "Claims") filed by Messrs. Agrawal and Connors and Ms. Baricevic (collectively, the "Respondents"), among other claims, on the basis that they assert claims against LBHI for which LBHI has no liability, all as more fully described in the One Hundred Seventeenth Omnibus Objection to Claims; and upon consideration of the Response and the Reply thereto, and the arguments of counsel; and the Court having held a hearing on the One Hundred Seventeenth Omnibus Objection to Claims on November 22, 2013; and due and proper notice of the One Hundred Seventeenth Omnibus Objection to Claims and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Reply, dated November 19, 2013.

the Reply having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the One Hundred Seventeenth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Seventeenth Omnibus Objection to Claims and the Reply establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the One Hundred Seventeenth Omnibus Objection to Claims with respect to the Claims is granted to the extent provided herein; and it is further

ORDERED that, as alleged creditors of LBI, Respondents lack standing to assert against LBHI any alter ego claim, veil piercing claim, or similar claim to disregard the corporate form of LBHI or LBI, as such claims were the property of the LBI estate and have been irrevocably released, discharged, and acquitted by the LBI Trustee pursuant to the LBI Settlement; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      November 25, 2013



/s/ James M. Peck
_____
Honorable James M. Peck
United States Bankruptcy Judge