**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Form 210A**

**United States Bankruptcy Court**

**SOUTHERN DISTRICT OF NEW YORK**

In re LEHMAN BROTHERS HOLDINGS INC., et. al., DEBTORS

Case No. 08-13555 (JMP)
JOINTLY ADMINISTERED

**TRANSFER OF CLAIM OTHER THAN FOR SECURITY**

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 300 1(e)(2), Fed, R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Illiquidx LLP** | **Credito Emiliano S.p.A** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

**IlliquidX LLP**
80 Fleet Street
London EC4Y 1EL
UNITED KINGDOM
Attn.: Ms Galina Alabatchka
Email: alabatchka@illiquidx.com
Phone: +44 207 832 0181
Last Four Digits of Acct #: N/A

Name and Address where transferee payments should be sent (if different from above):

Bank : CITIBANK NA, NEW YORK
SWIFT: CITIUS33XXX
ABA Number : 021000089
A/C No. 36163143

Court Claim # (if known): 62892
Total Claim Amount Filed: $ 152,505,272.33

Amount of Claim as Filed with respect to ISIN XS0208459023: $ 353,032.79
Allowed Amount of Claim with respect to ISIN XS0208459023: $ 353,887.55

Amount of Claim as Filed with respect to ISIN XS0176153350: $ 50,940.58
Allowed Amount of Claim with respect to ISIN XS0176153350: $ 51,058.89

Amount of Claim as Filed with respect to ISIN XS0189294225: $ 744,159.83
Allowed Amount of Claim with respect to ISIN XS0189294225: $ 746,030.40

Amount of Claim as Filed with respect to ISIN XS0195431613: $ 11,417.97
Allowed Amount of Claim with respect to ISIN XS0195431613: $ 11,448.19

Amount of Claim as Filed with respect to ISIN XS0211093041: $ 536,810.07
Allowed Amount of Claim with respect to ISIN XS0211093041: $ 538,640.85

Amount of Claim as Filed with respect to ISIN XS0213971210: $ 357,283.67
Allowed Amount of Claim with respect to ISIN XS0213971210: $ 358,228.43

Date Claim Filed: 11/02/2009

**Credito Emiliano S.p.A**
Via Emilia S. Pietro 4
Reggio Emilia 42121
Italy

Attn: Giorgio Ferrari
Title: Chairman of the Board

****PLEASE SEE ATTACHED EXHIBITS****

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief,

By: ______________________________
Transferee/Transferee's Agent

Date: 3 December 2013

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment foe up to 5 years, or both 18 U.S C. §152 & 3571.

# EVIDENCE OF TRANSFER OF CLAIM

## TRANSFER AGREEMENT

**Form 210B (12/09)**

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.** **Case No. 08-13555**

**NOTICE OF TRANSFER OF CLAIM
OTHER THAN FOR SECURITY**

Claim No. 62892 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on 3 DEC 2013.

**CREDITO EMILIANO S.P.A**
Name of Alleged Transferor

Address of Alleged Transferor:

**Credito Emiliano S.p.A**
**Via Emilia S. Pietro 4**
**Reggio Emilia 42121**
**ITALY**

**ILLIQUIDX LLP**
Name of Transferee

Address of Transferee:

**Illiquidx LLP**
**80 Fleet Street**
**London EC4Y 1EL**
**UK**

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:__________

_______________________________
CLERK OF THE COURT

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Credito Emiliano S.p.A.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Illiquidx LLP.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim number 62892 filed by **Credito Emiliano S.P.A.** (the "Original Claimant") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to or evidencing the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 (as "Lehman Programs Securities to which Transfer Relates") attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor that are not subject to contractual or equitable subordination; (g) Seller has delivered to Purchaser a true and correct copy of the Revised Notice of Proposed Allowed Claim Amount dated October 14, 2011; (h) all documents provided to Purchaser by Seller are true, accurate and complete copies of such documents; (i) Seller does not have any claim, lien or encumbrance upon the Transferred Claim and represents and warrants that, upon consummation of the transactions contemplated in this Agreement and Evidence of Transfer of Claim, Purchaser will own and have good legal and beneficial title to the Transferred Claim, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller; and (j) on or about April 17, 2012, October 1, 2012, April 4, 2013 and October 3, 2013 Seller received distributions from Lehman Brothers Holdings, Inc. in respect of the Transferred Claims; and (k) on or about May 8, 2013 and October 24, 2013 Seller received distributions from Lehman Brothers Treasury Co. B.V. in respect of the Purchased Security..

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges





and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. The parties acknowledge that settlement shall be made on delivery of the Transferred Claim and the Purchased Security versus payment basis. For the avoidance of doubt, the parties acknowledge and agree that the transfer contemplated hereby shall not occur unless and until the Purchaser shall have paid the purchase price in full.

8. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 27 day of November, 2013.

**BUYER**
**ILLIQUIDX LLP.**

By: ______________________
Name: Celestino Amore
Title: *Managing Partner*

80 Fleet Street
London EC4Y 1EL
UNITED KINGDOM

**SELLER**
**CREDITO EMILIANO S.p.A.**

By: ______________________
Name: Giorgio Ferrari
Title: Chairman of the Board

Via Emilia S. Pietro 4
Reggio Emilia 42121
Italy



119-1000/AGR/3463225.2

# SCHEDULE 1

Purchased Claim

1,42585% being USD$ 353,887.55 of USD$ 24,879,455.36 (the allowed amount of the ISIN XS0208459023 as specified in Revised Notice Of Proposed Allowed Claim Amount dated October 14, 2011), plus all accrued interest fees and other recoveries due.

0,141075% being USD$ 51,058.89 of USD$ 36,276,612.91 (the allowed amount of the ISIN XS0176153350 as specified in Revised Notice Of Proposed Allowed Claim Amount dated October 14, 2011), plus all accrued interest fees and other recoveries due.

6,764546% being USD$ 746,030.40 of USD$ 11,056,257.17 (the allowed amount of the ISIN XS0189294225 as specified in Revised Notice Of Proposed Allowed Claim Amount dated October 14, 2011), plus all accrued interest fees and other recoveries due.

0,1918022% being USD$ 11,448.19 of USD$ 5,984,540.27 (the allowed amount of the ISIN XS0195431613 as specified in Revised Notice Of Proposed Allowed Claim Amount dated October 14, 2011), plus all accrued interest fees and other recoveries due.

2,995851% being USD$ 538,640.85 of USD$ 18,040,877.49 (the allowed amount of the ISIN XS0211093041 as specified in Revised Notice Of Proposed Allowed Claim Amount dated October 14, 2011), plus all accrued interest fees and other recoveries due.

20,88842% being USD$ 358,228.43 of USD$ 1,719,496.45 (the allowed amount of the ISIN XS0213971210 as specified in Revised Notice Of Proposed Allowed Claim Amount dated October 14, 2011), plus all accrued interest fees and other recoveries due.



**Lehman Programs Securities to which Transfer Relates**

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/ Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) | Allowed Amount of Claim Transferred to Purchaser |
|---|---|---|---|---|---|---|---|---|---|
| LEHMAN BROTHERS TREAS.BV 7%/LINKED 30.12.2004/2016 | XS0208459023 | CA36222 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 244,000 which is the equivalent of USD$ 345,284.40 | Variable Rate | 12/30/2016 | EUR 5,475.51 which is the equivalent of USD$ 7,748.39 | USD$ 353,887.55 |
| LEHMAN BROTHERS TREAS.BV 7%/LINKED 10.10.2003/2013 | XS0176153350 | CA36232 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 35,000 which is the equivalent of USD$ 49,528.50 | Variable Rate | 10/10/2013 | EUR 997.86 which is the equivalent of USD$ 1,412.08 | USD$ 51,058.89 |
| LEHMAN BROTHERS TREASURY BV 7%LINKED 23.04.2004/2014 | XS0189294225 | CA36240 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 517,000 which is the equivalent of USD$ 731,606.70 | Variable Rate | 04/23/2014 | EUR 8,870.84 which is the equivalent of USD$ 12,553.13 | USD$ 746,030.40 |
| LEHMAN BROTHERS TREAS.BV 7%/LINKED 14.07.2004/2014 | XS0195431613 | CA36239 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 8,000 which is the equivalent of USD$ 11,320.80 | Variable Rate | 07/14/2014 | EUR 68.67 which is the equivalent of USD$ 97.17 | USD$ 11,448.19 |
| LEHMAN BROTHERS TREAS.BV | XS0211093041 | CA36248 | Lehman Brothers | Lehman Brothers | EUR 375,000 | Variable Rate | 02/16/2015 | EUR 4,344.26 | USD$ 538,640.85 |




| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 7,5%/VAR.RATE 16.02.05/15 | | | Treasury Co. B.V. | Holding Inc. | which is the equivalent of<br><br>USD$ 530,662.50 | | | which is the equivalent of<br><br>USD$ 6,147.57 | |
| LEHMAN BROTHERS TREAS.BV 7,625%/VAR.RATE 18.03.05/15 | XS0213971210 | CA36245 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 250,000<br><br>which is the equivalent of<br><br>USD$ 353,775.00 | Variable Rate | 03/18/2015 | EUR 2,479.45<br><br>which is the equivalent of<br><br>USD$ 3,508.67 | USD$ 358,228.43 |

**CREDITO EMILIANO S.p.A.**

..............................................

**ILLIQUIDX LLP.**



..............................................



119-1000/AGR/3463225 2

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

**LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM**

In Re:
Lehman Brothers Holdings Inc., et al.,
Debtors.

Chapter 11
Case No. 08-13555 (JMP)
(Jointly Administered)

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Credito Emiliano S.p.A.
Via Emilia S. Pietro, 4
42100 Reggio Emilia
Italy
Attention: Mr Luca Mariani

Telephone number: +39 0522583005 Email Address: lmariani@credem.it

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number:** ______________
(*If known*)

Filed on: ____________

Name and address where payment should be sent (if different from above)

Telephone number: Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

**1.** Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** See attached ______________ **(Required)**

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

**2.** Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** See attached ______________ **(Required)**

**3.** Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

See attached ______________ **(Required)**

**4.** Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

See attached ______________ **(Required)**

**5. Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

**Date.** October 23, 2009

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Name: Giorgio Ferrari Title: President

**FOR COURT USE ONLY**

FILED / RECEIVED
NOV 02 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP) 0000062892

