

RECEIVED
NOV 26 2013
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, BANCA MONTE DEI PASCHI DI SIENA S.P.A. ("Seller"), acting on behalf of one or more of its customers (the "Customers"), hereby unconditionally and irrevocably sells, transfers and assigns to CASSA DI RISPARMIO DI ASTI S.P.A... (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage (together with the relevant allowed amount) specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 56130 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of [Seller/its Customers] relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim, excluding the first and the second distributions received by Seller on behalf of its Customer (the "Excluded Distributions"), or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of its Customer's right, title and interest in, to and under the transfer agreements, if any, under which Customer or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) its Customer owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) neither Seller nor its Customer have engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) the Notice of Proposed Allowed Claim Amount ("Notice") for the Proof of Claim provided to Purchaser is true and correct and no action was undertaken by Seller with respect to the Notice for the Proof of Claim.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser, other than the Excluded Distributions. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed as of the 1st day of August 2013.

| BANCA MONTE DEI PASCHI DI SIENA S.P.A. | CASSA DI RISPARMIO DI ASTI S.P.A. |
|---|---|
| By: _____ | By: _____ |
| Name: Doriana Fragnelli | Name: Carlo Demartini |
| Title: Manager | Title: General Manager |
| | |
| Piazza Salimbeni, 3 | Piazza Libertà 23 |
| 53100 Siena (Italy) | 14100 Asti |
| | |
| Attn Valeria Viganò | Attn Marilena Osella |
| Via Rosellini 16 – 20124 Milano | |
| Phone 0039 02 69705714 | Phone 0039 0141 393376 |
| Email bof.amministrazioneestero@banca.mps.it | Email bo_finanza@bancacrasti.it |

Schedule 1

Transferred Claims

Purchased Claim

2.9585799 of isin XS0163559841 as described in the Proof of Claim, which relates to an allowed amount of USD 28,922.33 of isin XS0163559841

0.8902837% of isin XS0176153350 as described in the Proof of Claim, which relates to an allowed amount of USD 202,776.74 of isin XS0176153350

2.4850043% of isin XS0178969209 as described in the Proof of Claim, which relates to an allowed amount of USD 84,539.48 of isin XS0178969209

5.4374691% of isin XS0181945972 as described in the Proof of Claim, which relates to an allowed amount of USD 159,781.95 of isin XS0181945972

15.8602151% of isin XS0195431613 as described in the Proof of Claim, which relates to an allowed amount of USD 84,430.39 of isin XS0195431613

0.9468701% of isin XS0200284247 as described in the Proof of Claim, which relates to an allowed amount of USD 52,586.78 of isin XS0200284247

1.3466042% of isin XS0208459023 as described in the Proof of Claim, which relates to an allowed amount of USD 133,433.01 of isin XS0208459023

11.4788437% of isin XS0211093041 as described in the Proof of Claim, which relates to an allowed amount of USD 393,566.91 of isin XS0211093041

11.5324268% of isin XS0210782552 as described in the Proof of Claim, which relates to an allowed amount of USD 639,382.11 of isin XS0210782552

4.8732943% of isin XS0220152069 as described in the Proof of Claim, which relates to an allowed amount of USD 391,313.52 of isin XS0220152069

8.4459459% of isin XS0197173643 as described in the Proof of Claim, which relates to an allowed amount of USD 71,261.00 of isin XS0197173643

1.8957346% of isin XS0301086475 as described in the Proof of Claim, which relates to an allowed amount of USD 10,203.46 of isin XS0301086475

76.3466042% of isin XS0210433206 as described in the Proof of Claim, which relates to an allowed amount of USD 478,476.70 of isin XS0210433206

100.00% of isin XS0232364868 as described in the Proof of Claim, which relates to an allowed amount of USD 508,664.48 of isin XS0232364868

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN Code | Issuer | Guarantor | Notional Amount (EUR) | Notional Amount (USD)* | Accrued Amount (EUR) | Accrued Amount (USD)* | Allowed Amount (USD) |
|---|---|---|---|---|---|---|---|---|
| EUR 6,00 LEHMAN BROS TREAS CO BV 03-2011 | XS0163559841 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 20,000.00 | 28,302.00 | 20,386.98 | 28,849.62 | 28,922.33 |
| EUR FL.R. LEHMAN BROS TREAS 03-2013 | XS0176153350 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 139,000.00 | 196,698.90 | 142,951.32 | 202,290.42 | 202,776.74 |
| EUR 7,00 LEHMAN BROS TREAS CO BV 03-2013 | XS0178969209 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 58,000.00 | 82,075.80 | 59,596.53 | 84,335.06 | 84,539.48 |
| EUR 7,00 LEHMAN BROS TREAS 04-2014 | XS0181945972 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 110,000.00 | 155,661.00 | 112,631.39 | 159,384.69 | 159,781.95 |
| EUR 7,00 LEHMAN BROS TREAS 04-2014 | XS0195431613 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 59,000.00 | 83,490.90 | 59,498.38 | 84,196.17 | 84,430.39 |
| EUR 7,00 LEHMAN BROS TREAS 04-2014 | XS0200284247 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 36,000.00 | 50,943.60 | 37,074.01 | 52,463.44 | 52,586.78 |
| EUR 7,00 LEHMAN BROS TREAS 04-2016 | XS0208459023 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 92,000.00 | 130,189.20 | 94,056.58 | 133,099.48 | 133,433.01 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| EUR 7,5 LEHMAN BROS TREAS CO BV 05-2015 | XS0211093041 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 274,000.00 | 387,737.40 | 277,159.24 | 392,208.05 | 393,566.91 |
| EUR FL.R. LEHMAN BROS TREAS CO BV 05-2013 | XS0210782552 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 441,000.00 | 624,059.10 | 450,639.82 | 637,700.41 | 639,382.11 |
| EUR 7,00 LEHMAN BROS TREAS CO BV 05-2017 | XS0220152069 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 275,000.00 | 389,152.50 | 275,753.41 | 390,218.66 | 391,313.52 |
| EUR FL.R. LEHMAN BROS TREAS CO BV 04-2011 | XS0197173643 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 50,000.00 | 70,755.00 | 50,206.24 | 71,046.86 | 71,261.00 |
| UNT LEHMAN BROS TREAS 040711 | XS0301086475 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 8,000.00 | 11,320.80 | 8,000.00 | 11,320.80 | 10,203.46 |
| EUR 6,00 LEHMAN BROS.TREAS CO BV 05-2035 | XS0210433206 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 326,000.00 | 461,322.60 | 337,360.87 | 477,399.38 | 478,476.70 |
| EUR 6,00 LEHMAN BROS TREAS CO BV 05-2035 | XS0232364868 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 341,000.00 | 482,549.10 | 358,769.37 | 507,694.54 | 508,664.48 |

*Amounts due in EUR have been converted to US Dollars using the exchange reference rate published by [the European Central Bank/Bloomberg] for September 15, 2008: 1 EUR = 1.4151 USD.

BANCA MONTE DEI PASCHI DI SIENA SPA

CASSA DI RISPARMIO DI ASTI SPA