B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re Lehman Brothers Holdings Inc., et al.          Case No. 08-13555 (JPM)

## TRANSFER OF REMAINDER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the remainder of claim referenced in this evidence and notice.

Lehman Brothers International                    Citibank, N.A., London Branch
(Europe) (in administration)                     Name of Transferor
   Name of Transferee

Name and Address where notices to transferee     Court Claim # (if known): 58911
should be sent:                                  Claim Amount Filed: $277,627,024.00
Level 23                                         Amount transferred (as allowed): remainder
25 Canada Square                                 Date Claim Filed: 10/30/09
London E14 5LS UK                                Debtor against claim filed: Lehman Brothers
Attn: Russell Downs                              Holdings Inc.

Phone: 212.903.9000 (Linklaters LLP)             Phone: [•]
Last Four Digits of Acct #:  N/A                 Last Four Digits of Acct. #:  N/A

Name and Address where transferee payments
should be sent (if different from above):

As above.

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____      Date: 5th Dec '13
    Transferee/Transferee's Agent
    (Russell Downs, Joint Administrator, as agent and without personal liability)

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## AGREEMENT AND EVIDENCE OF TRANSFER OF REMAINDER OF CLAIM
## LEHMAN PROGRAM SECURITIES

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      Citibank N.A., London Branch ("Transferor") hereby unconditionally and irrevocably transfers and assigns to Lehman Brothers International (Europe) (in administration) ("Transferor") by and through Anthony Victor Lomas, Steven Anthony Pearson, Paul David Copley, Russell Downs and Julian Guy Parr (the "Joint Administrators" and each a "Joint Administrator") (the "Transferee"), and Transferee hereby agrees to receive, as of the date hereof, (a) an undivided interest, to the extent of the nominal amounts (the "Claim"), in Transferor's right, title and interest in and to the remainder of Proof of Claim Number 58911 filed by or on behalf of Transferor (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Transferor relating to the Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Claim, and (iv) any and all of Transferor's right, title and interest in, to and under the transfer agreements, if any, under which Transferor or any prior Transferor acquired the rights and obligations underlying or constituting a part of the Claim, but only to the extent related to the Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"). For the avoidance of doubt, Transferee does not assume and shall not be responsible for any obligations or liabilities of Transferor related to or in connection with the Transferred Claims or the Proceedings.

2.      Transferor hereby waives any objection to the transfer of the Transferred Claims to Transferee on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Transferor by Transferee for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Transferee agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Transferor acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Transferor transferring to Transferee the Transferred Claims, recognizing Transferee as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Transferee.

3.      All representations, warranties, and covenants shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Transferee shall be entitled to transfer its rights hereunder without any notice to or the consent of Transferor.

4.      Transferor shall promptly hold any payments, distributions or proceeds related to the Claim in trust for the sole benefit of the Transferee and will deliver to Transferee any such payments, distributions or proceeds in the same form received, together with any endorsements or documents necessary to transfer such property to Transferee (free of withholding, setoff, claims or deduction of any kind) as soon as is practicable after receipt of such payments, distributions or proceeds.

5.      Transferor agrees to forward to Transferee all notices received from the Debtor, the Court or any third party with respect to the Transferred Claims assigned herein as soon as practicable after the same are received by Transferor, provided, however, that if such notices relate to any matter in respect of which an act is to be taken, Transferor shall furnish and convey such information or notices to Transferee as soon as practicable upon receipt, and, in any event, prior to such time when such act is to be taken.

6. Transferor's and Transferee's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Any action arising under or relating to this Agreement and Evidence of Transfer shall be brought in the Supreme Court of the State of New York, County of New York, or the United States District Court for the Southern District of New York, located in the City and State of New York.

7. One of the Joint Administrators has signed this Agreement and Evidence of Transfer on behalf of all the Joint Administrators as agents for and on behalf of Transferee and neither they, their firm, partners, employees, agents, advisers or representatives shall incur any personal liability whatsoever in respect of, or in relation to, this agreement. The exclusion of liability set out in this paragraph shall arise and continue notwithstanding the termination of the agency of the Joint Administrators and shall operate as a waiver of any claims in tort as well as under the laws of contract, and any claims otherwise at law or in equity. Though not parties to this Agreement and Evidence of Transfer, the Joint Administrators, their firm, partners, employees, agents, advisers or representatives shall be entitled to rely on this paragraph of this Agreement and Evidence of Transfer as if they were a party to it.

8. This Agreement and Evidence of Transfer is being executed as contemplated by, and subject to all applicable terms of, the Deed of Settlement dated 28 June 2011 between Transferor, Transferee and certain other parties thereto.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 5th day of December 2013.

Citibank, N.A., London Branch

By: _____
Name: Nigel Kemp
Title: Managing Director for and on behalf of Citibank, N.A. London Branch

Citigroup Centre, Canary Wharf
London E14 5LB
United Kingdom

Lehman Brothers International (Europe)
(In Administration)

By: _____
Name: Russell Downs
Title: Joint Administrator
For and on behalf of
Lehman Brothers International (Europe) (in administration) acting as its agent and without personal liability

Level 23
25 Canada Square
London E14 5LQ
United Kingdom