Objection Date and Time: December 17, 2013 at 4:00 p.m. (Prevailing Eastern Time)
Presentment Date and Time: December 18, 2013 at 10:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed):  December 19, 2013 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
: 
**In re**                                        :    **Chapter 11 Case No.**
                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     :    **08-13555 (JMP)**
                                                 :
                Debtors.                         :    **(Jointly Administered)**
                                                 :
----------------------------------------------------------------x

**NOTICE OF MOTION TO AUTHORIZE THE DEPARTMENT
OF THE TREASURY–INTERNAL REVENUE SERVICE'S FILING OF
AMENDING AND SUPERSEDING PROOFS OF CLAIM IN REDUCED AMOUNTS**

    **PLEASE TAKE NOTICE** that the undersigned will present an order approving the annexed motion of Lehman Brothers Holdings Inc., as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* in the above-referenced chapter 11 cases, seeking authorization for the Department of the Treasury-Internal Revenue Service's ("IRS") filing of amending and superseding proofs of claim in reduced amounts (the "Motion"), to the Honorable James M. Peck, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York, 10004 (the "Bankruptcy Court"), on **December 18, 2013 at 10:00 a.m. (Prevailing Eastern Time)**.

    **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Motion, with proof of service, is served and filed with (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Garrett A. Fail, Esq., attorneys for the Plan Administrator; (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn:  William K. Harrington, Esq., Susan Golden, Esq. and Andrea Schwartz, Esq.; and (iv) Assistant United States Attorney, 86 Chambers Street, 3rd Floor, New York, New York 10007, Attn:  Jean-David Barnea, Esq., attorneys for the IRS, so as to be received by December **17, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the Motion may be approved.

US_ACTIVE:\44381087\9\58399.0011

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Motion on **December 19, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 10, 2013
New York, New York

/s/ Garrett A. Fail
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

2

Objection Date and Time: December 17, 2013 at 4:00 p.m. (Prevailing Eastern Time)
Presentment Date and Time: December 18, 2013 at 10:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): December 19, 2013 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                                                   :
In re                                                              :   Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,                             :   08-13555 (JMP)
                                                                   :
                       Debtors.                                    :   (Jointly Administered)
                                                                   :
-------------------------------------------------------------------x
```

**MOTION TO AUTHORIZE THE DEPARTMENT OF**
**THE TREASURY–INTERNAL REVENUE SERVICE'S FILING OF**
**AMENDING AND SUPERSEDING PROOFS OF CLAIM IN REDUCED AMOUNTS**

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Entities"), submits this motion and respectfully represents:

**Relief Requested**

1.  Pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code (the "Bankruptcy Code"), the Plan Administrator requests authority for the Department of the Treasury-Internal Revenue Service's (the "IRS") filing of amending and superseding proofs

of claim in reduced amounts, as set forth more fully on "Exhibit A" attached hereto, without prejudice to the Plan Administrator's rights to object to such claims.

## Background

2. On September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced voluntary cases (the "Chapter 11 Cases") with this Court under chapter 11 of the Bankruptcy Code.

3. On or about December 22, 2010, the IRS filed eight proofs of claim against the Chapter 11 Entities (the "Original Claims").[1] The Original Claims are identified on Exhibit A under the columns entitled "Original Claims" by claim number and total amount asserted, and the Chapter 11 Entity against which each Original Claim was asserted is identified in the corresponding row.

4. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023] (the "Confirmation Order"). The Plan became effective on March 6, 2012 (the "Effective Date"). Pursuant to paragraph 86 of the Confirmation Order, other than in certain limited circumstances not applicable here, a proof of claim relating to a prepetition claim may not be filed or amended without the authority of the Court. Pursuant to Sections 6.1, 9.1 and 13.1 of the Plan, LBHI was appointed as Plan Administrator for each of the Chapter 11 Entities and, in its capacity as Plan Administrator, is authorized to control and effectuate the claims reconciliation process with respect to claims filed against the Chapter 11 Entities.

5. LBHI and the IRS have been involved in extensive and lengthy discussions and negotiations since the commencement of the Chapter 11 Cases. As a result, and

---

[1] Proof of claim number 67290 was amended on August 15, 2011 by proof of claim number 67634 and withdrawn on September 23, 2011 [ECF No. 45]. The term Original Claims shall include claim number 67634 and not claim number 67290.

4

as previously disclosed, over the course of the Chapter 11 Cases, the IRS and the Chapter 11 Entities have consensually resolved certain particular issues related to the Original Claims. [ECF Nos. 31113 and 25949]. Additionally, prior to the Effective Date and as previously disclosed, the IRS and the Chapter 11 Entities entered into an agreement limiting the reserves that would otherwise have to be maintained for the Original Claims pursuant to section 8.4 of the Plan. *See* ECF No. 27649. As a result of the Plan Administrator's continued progress in resolving open issues, the IRS filed eight proofs of claim amending and superseding the Original Claims (collectively, the "<u>Amending Claims</u>") on December 10, 2013.

6. Each of the Amending Claims is identified on Exhibit A under the column entitled "Amending Claims" by provisional claim number and total amount asserted, and the Chapter 11 Entity against which each Amending Claim is asserted is identified in the corresponding row.

7. The Original Claims asserted an aggregate liability against the Chapter 11 Entities in excess of $2.3 billion ignoring duplication. The Amending Claims assert a significantly reduced aggregate liability of less than $510 million.

## Jurisdiction

8. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Authorizing the IRS to Amend the Original Claims is Appropriate Under the Circumstances

9. The Court has broad authority pursuant to sections 105(a) and 1142(b) of the Bankruptcy Code to issue orders necessary to implement the provisions of the Plan and the Bankruptcy Code. *See* 11 U.S.C. §1142(b) ("The court may direct the debtor and any other necessary party . . . to perform any other act . . . that is necessary to the consummation of the

5

plan."); 11 U.S.C. §105(a) ("The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."); *see also Hosp. & Univ. Prop. Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 7 F.3d 32, 34 (2d Cir. 1993) (finding that bankruptcy courts retain post-confirmation jurisdiction to the extent provided by the plan); *In re Oversight & Control Comm'n of Avanzit, S.A.*, 385 B.R. 525, 535 (Bankr. S.D.N.Y. 2008) ("The bankruptcy court retains jurisdiction under 11 U.S.C. §1142(b)… and it has 'continuing responsibilities to satisfy itself that the [p]lan is being properly implemented.'") (internal citations omitted).

10. A bar date is a mechanism providing a chapter 11 debtor and creditors with finality and, therefore, strictly observed. *Maxwell Macmillan Realization Liquidating Trust v. Aboff (In re Mcmillan)*, 186 B.R. 35, 48-49 (Bankr. S.D.N.Y. 1995). Amendments to proofs of claim may not be used to circumvent a bar date, and bankruptcy courts carefully scrutinize an amendment filed after a bar date to ensure that it is truly amending a timely filed proof of claim and not merely asserting an entirely new claim. *Id*. at 49; *see also In re Asia Global Crossing, Ltd.*, 324 B.R. 503, 507 (Bankr. S.D.N.Y. 2005) (noting that amendments are not automatic and are allowed at the discretion of the bankruptcy court). In the Second Circuit, courts determine whether a claimant may amend its claim after the bar date by first considering if "there was a timely assertion of a similar claim or demand evidencing an intention to hold the estate liable." *See In re Enron Corp.*, 419 F.3d at 133-34. If an amended claim does not "relate back" to a timely-filed proof of claim, a court will consider the amendment to be a new, late-filed proof of claim. If the amended claim does "relate back" to a timely-filed proof of claim, the court will then consider whether it would be equitable to allow the late-filed amendment. *Id*. at 133. Here, the Amending Claims relate back to the Original Claims and do not assert any new or additional

claims against the Chapter 11 Entities. Further, amendment of the Original Claims is equitable and will not prejudice any party. The Plan Administrator expressly preserves all rights to object to the Amending Claims on any basis.

11. Each of the Amending Claims asserts liability against a Chapter 11 Entity in an amount significantly less than the amount asserted in the corresponding Original Claim. Authorizing the IRS to file the Amending Claims would allow the Chapter 11 Entities to reduce reserves maintained on account of the IRS's claims by approximately $1.8 billion in accordance with section 8.4 of the Plan in advance of the next Plan distribution.

12. Accordingly, the Plan Administrator respectfully requests entry of the proposed order attached hereto as "Exhibit B," authorizing the filing of the Amending Claims and expunging the Original Claims in their entirety. Entry of the proposed order will ensure implementation of the Plan in a manner that maximizes returns to holders of Allowed Claims (as such term is defined in the Plan).

**Notice**

13. No trustee has been appointed in these Chapter 11 Cases. The Plan Administrator has served notice of this Motion in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the IRS; (iv) the United States Attorney for the Southern District of New York; and (v) all parties who have requested notice in the Chapter 11 Cases. The Plan Administrator submits that no other or further notice need be provided.

14. No previous request for the relief sought herein has been made by the Plan Administrator to this or any other court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: December 10, 2013
     New York, New York

/s/ Garrett A. Fail
Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

## Exhibit A

| Chapter 11 Entity Against Which Claim Is Asserted | ORIGINAL CLAIMS | | AMENDING CLAIMS | |
|---|---|---|---|---|
| | **Claim Number** | **Total Amount Asserted** | **Claim Number** | **Total Amount Asserted** |
| Lehman Brothers OTC Derivatives Inc. | 67274 | $2,180,499,223.61 | 68162 | $389,970,236.00 |
| Lehman Brothers Financial Products Inc. | 67275 | $2,181,172,059.95 | 68158 | $389,970,236.00 |
| Lehman Brothers Holdings Inc. | 67288 | $2,175,297,960.59 | 68165 | $389,976,040.47 |
| Lehman Commercial Paper Inc. | 67289 | $2,181,172,059.95 | 68160 | $389,970,236.00 |
| Lehman Brothers Special Financing Inc. | 67291 | $2,297,604,773.98 | 68163 | $507,075,786.37 |
| Lehman Brothers Commercial Corporation | 67292 | $2,185,151,255.95 | 68159 | $393,949,432.00 |
| Lehman Brothers Derivative Products Inc. | 67293 | $2,181,172,059.95 | 68161 | $389,970,236.00 |
| Lehman Brothers Commodity Services Inc. | 67634 | $1,356,984,304.18 | 68164 | $80,054,997.00 |

**Exhibit B**

Proposed Order

US_ACTIVE:\44381087\9\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------x

### ORDER AUTHORIZING THE DEPARTMENT OF THE TREASURY–INTERNAL REVENUE SERVICE'S FILING OF AMENDING AND SUPERSEDING PROOFS OF CLAIM IN REDUCED AMOUNTS

Upon the motion, dated December 10, 2013 (the "Motion"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, seeking authorization for the Department of the Treasury-Internal Revenue Service's filing of amending and superseding proofs of claim in reduced amounts, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Chapter 11 Entities, their creditors, and all parties in interest and that the legal and factual

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

      ORDERED that the relief requested in the Motion is granted; and it is further

      ORDERED that the filing of the Amending Claims is authorized; and it is further

      ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Original Claims are hereby amended and superseded by the Amending Claims and are hereby expunged in their entirety with prejudice; and it is further

      ORDERED that all information included on and all documentation filed in support of any Original Claim, shall be treated as having been filed in support of and included in the corresponding Amending Claim; and it is further

      ORDERED that the Court appointed claims agent shall update the claims register in accordance with this Order; and it is further

      ORDERED that nothing in this Order or the expungement of the Original Claims constitutes any admission or finding with respect to any of the Amending Claims, and the Plan Administrator's rights to object to the Amending Claims on any basis are preserved; and it is further

      ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____, 2013
      New York, New York

                                                                  _____
                                                                  United States Bankruptcy Judge