B 210A (Form 210A)(12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re Lehman Brothers Holdings Inc.                    Case No. 08-13555 (JMP)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Alden Global Value Recovery Master Fund LP | RiverRock Securities Limited |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Court Claim #: 55413
Total Allowed Amount to be Transferred: $1,399,000.00

Alden Global Value Recovery Master Fund LP
c/o Alden Global Capital
885 Third Avenue, 34th Floor
New York, New York 10022
Attention: Ithran Olivacce
e-mail: iolivacce@aldenglobal.com

Phone: 212-888-7214                    Phone: +44-207-842-7653

Wire instructions:

Bank: Wells Fargo N.A.
ABA: 121 000 248
SWIFT: WFBIUS6S
Account Name: Alden Global Value Recovery Master Fund LP
Account Number: 2000039124191

Name and Address where transferee payments
should be sent (if different from above): N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____                    Date: December 10, 2013
    Transferee/Transferee's Agent
    Jason Pecora
    Managing Director - Operations
    Alden Global Capital

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 & 3571.

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **RiverRock Securities Limited** ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to **Alden Global Value Recovery Master Fund LP** (the "<u>Purchaser</u>"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in <u>Schedule 1</u> attached hereto (the "<u>Purchased Claim</u>"), in Seller's right, title and interest in and to Proof of Claim Number 55413 filed by or on behalf of Seller's predecessor of interest (the "<u>Proof of Claim</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights, title and benefits of Seller and any prior seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim (including for clarity, all amounts distributed on or after the trade date of November 29, 2013 (the "<u>Trade Date</u>") whether or not the Trade Date is before, on or after any record date with respect to an amount) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claim and specified in <u>Schedule 1</u> attached hereto, and (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing; (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "<u>Transferred Claims</u>"). For the avoidance of doubt, the Purchaser does not acquire any liabilities or obligations with respect to the Transferred Claims or the Seller.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) the Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured claims with the same ISINs as in Schedule 1 that are not entitled to priority under the Bankruptcy Code and are not subordinated; (g) the Allowed Amount of Claim Transferred to Purchaser, as referred to in Schedule 1, are those amounts set forth in Schedule 1; (h) Seller has delivered to Purchaser a true and correct copy of the Notice of Proposed Allowed Claim Amount, dated August 24 2011 (the "<u>Notice</u>"); (i.a) on or about **October 2, 2012**, Seller received a Class 5 Distribution (as defined in the Debtors' Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated December 5, 2011 (the "<u>Plan</u>")) under the Plan, which represented a combined payment in connection with both an initial distribution (as defined in the Plan), ("<u>Debtor Initial Distribution</u>") and a second distribution (as defined in the Plan), ("<u>Debtor Second Distribution</u>") from Debtor in the combined amount of US$ **84,566.86**, (i.b) on or about **April 4, 2013**, Seller received another Class 5 Distribution under the Plan, in connection with a third distribution (as defined in the Plan), ("<u>Debtor Third</u>

DOC ID - 20835594.1

Distribution") from Debtor in the amount of US$ 43,037.65, (i.c) on or about **May 8, 2013**, Seller received an initial distribution on account of the Purchased Security from Lehman Brothers Treasury Co, B.V. in the amount of **US$ 151,271.19** (the "Issuer Initial Distribution"), (i.d) on or about **October 3, 2013**, Seller received another Class 5 Distribution under the Plan, in connection with a fourth distribution (as defined in the Plan), ("Debtor Fourth Distribution") from Debtor in the amount of **US$ 51,025.96**, (i.e) on or about **October 24, 2013**, Seller received a second distribution on account of the Purchased Security from Lehman Brothers Treasury Co, B.V. in the amount of **US$ 61,561.12** (the "Issuer Second Distribution", and together with the Debtor Initial Distribution, the Debtor Second Distribution, the Debtor Third Distribution, the Issuer Initial Distribution, and the Debtor Fourth Distribution, the "Distributions"); and (j) other than the Distributions, no payment or distribution has been received by or on behalf of the Seller in full or partial satisfaction of, or in connection with the Transferred Claims.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from Seller's breach of its representations, warranties, covenants and agreements made herein.

5. Seller shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any notices, correspondence, payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the Trade Date, (but in any event on no later than the third (3rd) business day following the Trade Date, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. Seller shall act or omit to act with respect to the Transferred Claims solely to the extent directed by Purchaser.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any prior seller to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on Seller's part, causing any prior seller to deliver distributions and proceeds received by any prior seller and to act) and other actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller agrees that all distributions, amounts, proceeds, assets, cash and other property received by Seller or any Predecessors on or after 29 November 2013 (the "Trade Date") (whether or not such Trade Date is before, on or after any record date for such amounts) are for the account of Purchaser.

DOC ID - 20835594.1

2

8. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

9. The parties acknowledge that settlement shall be made on delivery of the Transferred Claim and the Securities versus payment basis through Euroclear or Clearstream. For the avoidance of doubt, the parties acknowledge and agree that the transfer contemplated hereby shall not occur unless and until the Purchaser shall have paid the purchase price in full.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this twentynineth day of November, 2013.

**(SELLER)**
**Riverrock Securities Limited**

By: *[signature]*
Name: *[signature]*
Title: A. Director

8-10 Grosvenor Gardens
London SW1W 0DH
UNITED KINGDOM

**(PURCHASER)**
**Alden Global Value Recovery Master Fund LP**
By: Alden Global Capital, Its Service Provider

By: *[signature]*
Name:
Title: Jason Pecora
Managing Director – Operations
Alden Global Capital

Alden Global Capital
885 Third Ave. 34th Floor
New York, NY 10022
UNITED STATES

## Schedule 1

### Purchased Claims

On the original **Proof of Claim # 55413** filed on October 29, 2009 by the Seller, the Securities/ISIN below represented US$ 1,399,000 of the total **Proof of Claim** amount of US$ 2,050,258.

Pursuant to the **Notice of Proposed Claim Amount** dated August 24, 2011, the Securities/ISIN below represented US$ 1,399,000, consiting of:
- Allowed Amount of **US$ 399,000** for ISIN/CUSIP **DE000A0TPVQ8**
- Allowed Amount of **US$ 1,000,000** for ISIN/CUSIP **XS0349362003**

ASSIGNED CLAIM: **68.233315% of Proof of Claim # 55413**, being US$ 1,399,000 of US$ 2,050,258.

### Transferred Claims

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Proof of Claim | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Maturity | Allowed Amount of Claim Transferred To Purchaser |
|---|---|---|---|---|---|---|---|---|
| Issue of USD5,940,000 of Coupon Payer Notes Linked to a Basket of Shares due July 2014 | DE000A0TPVQ8 | 55413 | CA67042 / 3025954 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | US$ 399,000 | July 17, 2014 | US$ 399,000 |
| Issue of USD1,300,000 of Capital Protected Notes Linked to a Basket of Indices due February 2013 | XS0349362003 | 55413 | CA65731 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | US$ 1,000,000 | Febuary 27, 2013 | US$ 1,000,000 |

DOC ID - 20835594.1

5