**Hearing Date and Time: January 29, 2014 at 10:00 a.m. (Eastern Time)**
**Objection Date and Time: January 13, 2014 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Lehman Commercial Paper Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                                           :   **Chapter 11 Case No.**
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :   **08-13555 (JMP)**
                                                                :
                              Debtors.               :   **(Jointly Administered)**
-------------------------------------------------------------------x

**NOTICE OF HEARING ON MOTION OF**
**LEHMAN BROTHERS HOLDINGS INC. AND LEHMAN**
**COMMERCIAL PAPER INC. TO ENFORCE THE AUTOMATIC STAY,**
**THE PLAN, AND THE CONFIRMATION ORDER AGAINST PICBENGRO, LLC**

**PLEASE TAKE NOTICE** that on December 11, 2013, Lehman Brothers

Holdings Inc. ("LBHI"), in its capacity as Plan Administrator (in such capacity, the "Plan

Administrator") under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers*

*Holdings Inc. and its Affiliated Debtors* (the "Plan"), on behalf of LBHI and Lehman Brothers

Commercial Paper Inc. ("LCPI"), filed a motion to enforce the automatic stay, the Plan, and the

Confirmation Order (the "Motion"), and that a hearing (the "Hearing") to consider the Motion

will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in

Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York 10004, on **January 29, 2014 at 10:00 a.m.**

**(prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI and LCPI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq. and Doron P. Kenter, Esq.); (iii) counsel for Picbengro, LLC, Paul M. Hittelman, 12011 San Vicente Blvd., Ste. 600, Los Angeles, California, 90049; and (iv) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **January 13, 2014 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to

attend the Hearing, and failure to appear may result in relief being granted or denied upon

default.

Dated: December 11, 2013
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Lehman Commercial Paper Inc.

**Hearing Date and Time: January 29, 2014 at 10:00 a.m. (Eastern Time)**
**Objection Date and Time: January 13, 2014 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Lehman Commercial Paper Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| | : | **(Jointly Administered)** |
| Debtors. | : | |
| | : | |

---------------------------------------------------------------x

## MOTION OF LEHMAN BROTHERS HOLDINGS INC. AND LEHMAN COMMERCIAL PAPER INC. TO ENFORCE THE AUTOMATIC STAY, THE PLAN, AND THE CONFIRMATION ORDER AGAINST PICBENGRO, LLC

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), in its capacity as Plan Administrator

(in such capacity, the "Plan Administrator") under the *Modified Third Amended Joint Chapter 11*

*Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* (the "Plan"), by its

undersigned attorneys, and on behalf of LBHI and Lehman Brothers Commercial Paper Inc.

("LCPI"), files this motion (the "Motion) against Picbengro, LLC ("Picbengro"), and in support

thereof, respectfully represents:

## Preliminary Statement

1.       On or about October 18, 2013, Picbengro filed a complaint (the

"Complaint") in the Superior Court of the State of California (Los Angeles County), against *inter*

*alia*, LBHI and LCPI, Case No. SC121532 (the "Picbengro Action").  A copy of the Complaint

is attached hereto as Exhibit A.  The Complaint alleges claims against LBHI and LCPI, some of

which relate to activities occurring as early as April of 2004, four and a half years before LBHI

and LCPI commenced their chapter 11 cases in this Court.  Specifically, Picbengro's claims

relate to the April 2004 acquisition and continued management of a limited liability company

that served as the indirect owner of a motion picture and television production and development

facility located in Culver City, California (known as "The Culver Studios").  Picbengro, as a

10% owner of that indirect owner of The Culver Studios, alleges claims against LBHI and LCPI

(neither of which is a member of that indirect owner) for breach of fiduciary duty in forming and

managing certain companies in The Culver Studios' ownership structure.

2.       Because Picbengro's prepetition claims are stayed and enjoined pursuant

to section 362 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and

pursuant to the Plan and the Confirmation Order (as defined below), LBHI and LCPI seek an

order, substantially in the form attached hereto as Exhibit B, pursuant to sections 105, 362, and

1141 of the Bankruptcy Code, granting the following relief: (i) finding that Picbengro violated

the automatic stay and the injunctions set forth in the Plan and the Confirmation Order, to the

extent that the Picbengro Action includes prepetition claims against LBHI and LCPI;

(ii) enjoining Picbengro from seeking any other relief based on its alleged prepetition claims

against LBHI and LCPI; (iii) directing Picbengro to dismiss or amend the Picbengro Action to

US_ACTIVE:\44359881\11\58399.0011

eliminate any prepetition claims against LBHI and LCPI; and (iv) granting LBHI and LCPI such other and further relief as is just.

### Jurisdiction

3.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and pursuant to sections 13 and 14 of the Plan and paragraphs 54 and 55 of the Confirmation Order.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Procedural History

4.       Commencing on September 15, 2008 (the "LBHI Commencement Date"), and periodically thereafter, LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.

5.       On October 5, 2008 (the "LCPI Commencement Date" and, collectively with the LBHI Commencement Date, the "Commencement Dates"), LCPI commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

6.       On July 2, 2009, the Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [ECF No. 4271].  The Bar Date Order established September 22, 2009 (the "Bar Date") as the general deadline for filing proofs of claim against certain of the Debtors, including LBHI and LCPI.

7.       On December 6, 2011, the Court approved and entered an order confirming the Plan [ECF No. 23023] (the "Confirmation Order").  The Plan became effective on March 6, 2012 (the "Effective Date").

3

**Background**

8.      On or about April 6, 2004, Pacific Coast Capital Funding LLC ("PCCF")

and PPCP Studio City Los Angeles TCS Mezzanine, LLC ("PCCP Mezz") entered into a

Mezzanine Loan Agreement (the "Mezz Loan"), pursuant to which PCCF loaned $10 million to

PCCP Mezz, which pledged as security all of its membership interests in PCCP Studio City Los

Angeles TCS Acquisition, LLC ("HoldCo").  HoldCo, in turn, owned and operated The Culver

Studios.  On or about June 1, 2005, PCCF assigned the Mezz Loan to LBHI.  LBHI then

assigned the Mezz Loan to LCPI in or around April 2013.

9.      On or about June 15, 2004, Picbengro purchased a 10% share in PCCP

Studio City Los Angeles, LLC ("SCLA"), a limited liability company that owned and controlled

PCCP Mezz.  A copy of an organizational chart reflecting the foregoing corporate structure is

attached hereto as Exhibit C.

10.      On April 30, 2013, the Mezz Loan matured.  Because PCCP Mezz lacked

the wherewithal to repay amounts owed under the Mezz Loan, on May 21, 2013, PCCP Mezz

executed an "Agreement to Transfer Collateral in Partial Satisfaction of Secured Obligations,"

pursuant to which PCCP Mezz transferred its membership interest in HoldCo to LCPI in partial

satisfaction of the amounts due to LCPI pursuant to the Mezz Loan.

11.      The defendants in the Picbengro Action include, among others, LBHI,

LCPI, PCCF, PCCP Mezz, SCLA, and various other parties, some of which are non-debtor

affiliates of LBHI and some of which are unaffiliated third parties (each, a "Defendant," and

collectively, the "Defendants").

12.      The Complaint asserts claims relating to, among other things, actions that

allegedly occurred prior to the Commencement Dates.  Indeed, certain of the claims asserted in

the Complaint relate to the acquisition of The Culver Studios in April 2004.  Other claims allege

a course of conduct continuing through May 2013, but provide no dates for the majority of the

alleged wrongful acts.

13.    Picbengro did not file any proofs of claim in the Debtors' chapter 11 cases

prior to the Bar Date.

14.    In the Complaint, Picbengro alleges, in the most cursory terms, claims for

breach of fiduciary duty, breach of contract, and breach of the covenant of good faith and fair

dealing.  The essence of the Complaint seems to be that the Defendants mismanaged The Culver

Studios so as to increase the balance of the Mezz Loan, which allegedly caused PCCP Mezz to

surrender to LCPI its membership interest in HoldCo and deprive SCLA of its sole asset.

15.    Although LBHI and LCPI are named as Defendants, there are few, if any,

allegations specifically regarding their alleged conduct.  Consequently, it is difficult to discern

the basis for the alleged claims against LBHI and LCPI.

## Basis for Relief Requested

### A.  Picbengro's Attempts to Assert Prepetition Claims Against LBHI and LCPI Violate the Automatic Stay

16.    Section 362(a) of the Bankruptcy Code provides, in pertinent part, that the

filing of a bankruptcy petition operates as an automatic stay, applicable to all entities, of "the

commencement or continuation . . . of a judicial, administrative, or other action or proceeding

against the debtor that was or could have been commenced before the commencement of the case

under this title, or to recover a claim against the debtor that arose before the commencement of

the case under this title." 11 U.S.C. § 362(a)(1).  The Bankruptcy Code further stays "*any act* to

obtain possession of property of the estate or of property from the estate or to exercise control

over property of the estate."  11 U.S.C. § 362(a)(3) (emphasis added).

5

17.    Section 13.7 of the Plan and paragraph 54 of the Confirmation Order provide that "all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the closing of all of the Chapter 11 Cases."

18.    It is beyond dispute that the automatic stay bars any attempts to assert prepetition claims against LBHI or LCPI, including the commencement of a lawsuit in state court, such as the Picbengro Action.  For example, in enacting section 362, Congress made clear that:

> [T]he automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws.  It gives the debtor a breathing spell from his creditors.  It stops all collection efforts, all harassment and all foreclosure actions.  It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

H.R. Rep. No. 95-595 at 340 (1977), *reprinted in* 1978 U.S.C.C.A.N. 6296-97; S. Rep. No. 95-989 at 54-55 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5840-41; *see also Midatlantic Nat'l Bank v. New Jersey Dep't of Envt'l Protection,* 474 U.S. 494, 503 (1986) (noting that the automatic stay is one of the fundamental protections afforded debtors under the Bankruptcy Code).

19.    Because the automatic stay remains in effect, the Picbengro Action should be dismissed, at least insofar as it pertains to prepetition claims against LBHI and LCPI.

**B.  The Plan and the Confirmation Order Enjoin Picbengro from Asserting Claims that Arose Prior to the Commencement of LBHI's and LCPI's Chapter 11 Cases**

20.    In addition to continuing the stays that were otherwise in effect on the Confirmation Date, the Plan and the Confirmation Order provide that

> *[A]ll entities who have held, hold or may hold Claims against or Equity Interests in any or all of the Debtors* and other parties in interest (whether proof of such Claims or Equity Interests has been filed or not), along with their respective present or former employees, agents, officers, directors or principals, *are permanently enjoined, on and after the Effective Date, solely*

6

> *with respect to any Claims and Causes of Action which are extinguished or released pursuant to the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind* (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) *against or affecting the Released Parties or the property of any of the Released Parties. . . .*

Plan at § 13.5; Confirmation Order at ¶ 55 (emphasis added).

21.    In the Plan, the term "Released Parties" includes LBHI (in its individual capacity and as Plan Administrator) and LCPI. *See* Plan at § 1.136. Accordingly, the Plan directly enjoins Picbengro from taking any actions with respect to prepetition claims against LBHI and LCPI.

22.    In the Picbengro Action, Picbengro alleges claims arising from alleged acts by LBHI and LCPI as far back as April 2004, over four years prior to the Commencement Dates. Picbengro also alleges claims arising from a June 2004 operating agreement and a course of purported mismanagement beginning in January 2008. Compl. ¶ 18A. Accordingly, those claims are prepetition claims against LBHI and LCPI and, therefore, pursuant to the Plan and the Confirmation Order, Picbengro is enjoined from pursuing such claims.

### C.  Certain Claims Asserted in the Picbengro Action Are Barred and Were Discharged Pursuant to the Bar Date Order and the Plan

23.    The prepetition claims asserted in the Picbengro Action are barred and have been discharged pursuant to the Bar Date Order and the Plan.

24.    Rule 3002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that "[a]n unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed. . . ." Fed. R. Bankr. P. 3002(a).

25.    Bankruptcy Rule 3003(c)(2) then provides as follows:

> Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of

7

this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

Fed. R. Bankr. P. 3003(c)(2).

26.     Moreover, section 1141(d)(1)(A) of the Bankruptcy Code expressly provides that, except as otherwise provided in the plan, confirmation of a plan of reorganization discharges the debtor from *any preconfirmation debt*, whether or not a creditor files a proof of claim or such claim is allowed.  *See* 11 U.S.C. § 1141(d)(1) ("[t]he confirmation of a plan [of reorganization] . . . (A) discharges the debtor from any debt that arose before the date of such confirmation . . . whether or not [ ] a proof of claim based on such debt is filed or deemed filed . . . .").

27.     The Bar Date Order required holders of prepetition claims against, *inter alia*, LBHI and LCPI (with certain exceptions not applicable here) to file a proof of claim no later than September 22, 2009.  Specifically, the Bar Date Order provided that:

> [P]ursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date *shall be forever barred, estopped and enjoined from asserting such claim against the Debtors* (or filing a Proof of Claim with respect thereto), *and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim.*

Bar Date Order at 9-10.

28.     The Plan, in turn, provides that all prepetition claims "not filed in accordance with the [Bar Date Order] will be forever barred from assertion against the Debtors and their estates."  Plan at § 11.4.

29.     Because Picbengro did not timely file a proof of claim against LBHI or LCPI, the prepetition claims asserted in the Picbengro Action have been discharged and

8

Picbengro is "barred, estopped, and enjoined" from asserting any such claims against LBHI and LCPI.

30.    Consequently, even if were not a violation of the automatic stay, the Plan, and the Confirmation Order, allowing Picbengro to continue to prosecute its prepetition claims against LBHI and LCPI would serve no purpose, as those claims are barred and were discharged pursuant to the Bar Date Order and the Plan.

## Conclusion

31.    Certain claims asserted by Picbengro in the Picbengro Action are prepetition claims against LBHI and LCPI.  Accordingly, the automatic stay, the Plan, and the Confirmation Order enjoin Picbengro from asserting any such claims against LBHI and LCPI, and from otherwise seeking to collect on any such claims.  Accordingly, the Picbengro Action violates the automatic stay and the plan injunction reflected in the Plan and the Confirmation Order, and Picbengro should be enjoined from any further prosecution of the Picbengro Action to the extent that it asserts prepetition claims against LBHI and LCPI.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: December 11, 2013
     New York, New York

                      /s/ Jacqueline Marcus
                      Jacqueline Marcus

                      WEIL, GOTSHAL & MANGES LLP
                      767 Fifth Avenue
                      New York, New York 10153
                      Telephone: (212) 310-8000
                      Facsimile: (212) 310-8007

                      Attorneys for Lehman Brothers Holdings Inc.
                      and Lehman Commercial Paper Inc.

9

## **Exhibit A**

The Complaint

ORIGINAL

1  PAUL M. HITTELMAN SBN: 033449
   PMHPC@earthlink.net
2  12011 San Vicente Blvd, Ste 600
   Los Angeles, CA 90049-4948
3  Telephone: 310-471-7600
   Facsimile: 310-471-7655
4
   Attorneys for Plaintiff PICBENGRO, LLC,
5  a New York Limited Liability Company

**FILED**
Superior Court of California
County of Los Angeles

**OCT 18 2013**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy

NO SUMMONS ISSUED

6

7

8

9                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                   **FOR THE COUNTY OF LOS ANGELES**

11  PICBENGRO, LLC, a New York Limited        CASE NO.  **SC121532**
    Liability Company,
12                                             **COMPLAINT FOR DAMAGES FOR:**

13                    Plaintiffs,              **1. BREACH OF FIDUCIARY DUTY;**

14          vs.                                **2. BREACH OF OPERATING**
                                               **AGREEMENT;**
15  PCCP LB STUDIO CITY LOS ANGELES,
    LLC, a Delaware Limited Liability          **3. BREACH OF COVENANT OF**
16  Company; PROPERTY ASSET                    **GOOD FAITH AND FAIR DEALING**
    MANAGEMENT INC., a Delaware
17  Corporation; CGKL I, LLC, a Delaware
    Limited Liability Company; CGKL
18  VENTURES, LLC, a Delaware Limited          CASE MANAGEMENT CONFERENCE
    Liability Company; PACIFIC COAST           **FEB 03 2014**
19  CAPITAL PARTNERS, LLC, a Delaware
    Limited Liability Company; PCCP            _____
20  STUDIO CITY LOS ANGELES TCS                          Date
    MEZZANINE, LLC, a Delaware Limited
21  Liability Company; PCCP STUDIO CITY        Gerald Rosenberg, Judge
    LOS ANGELES, LLC, a Delaware Limited
22  Liability Company; LEHMAN BROTHERS         Dept IC 830 m
    HOLDINGS, INC., a Delaware
23  Corporation; LEHMAN COMMERCIAL
    PAPER, INC., a Delaware corporation;
24  PACIFIC COAST CAPITAL FUNDING,
    LLC, a Delaware Limited Liability
25  Company; DOES 1 through 20, inclusive.

26                    Defendants.

27
    Plaintiff alleges as follows:
28

                              - 1 -

                    **COMPLAINT FOR DAMAGES**

## THE PARTIES

**ALLEGATIONS IDENTIFYING PLAINTIFF**

1.     At all times herein mentioned Plaintiff PICBENGRO, LLC ("Plaintiff") was, and now is, a limited liability company duly organized and existing under and by virtue of the laws of the State of New York engaging in business in the County of Los Angeles, State of California and elsewhere.

2.     At all times herein mentioned Plaintiff was a member of PCCP Studio City Los Angeles, LLC (herein "SCLA"), a Delaware Limited Liability Company, which, in turn, was the sole member of PCCP Studio City Los Angeles TCS Mezzanine, LLC ("Mezzanine"), a Delaware LLC ("Mezzanine"), which was the sole member of PCCP Los Angeles TCS Mezzanine, Limited Liability Company, which owned The Culver Studios, more particularly hereinafter described in paragraph 3 hereof.

**ALLEGATIONS IDENTIFYING THE DEFENDANTS AND THEIR RELATIONSHIPS**

3.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, directly or indirectly, were involved in the acquisition, financing, ownership and operation, commencing prior to April 1, 2004, of the long established motion picture and television production and development facility located in downtown Culver City, California, known as "The Culver Studios". Plaintiff is further informed and believes and thereon alleges that the following information describes Defendants, their respective characteristics and their relationships to one another:

A.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendant LEHMAN BROTHERS HOLDINGS, INC. ("LEHMAN") was, and now is, a corporation and existing under and by virtue of the laws of the State of Delaware, qualified in California and engaging in business in the County of Los Angeles, State of California and elsewhere. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant LEHMAN was, and now is, the parent and sole shareholder or member's interest holder of PROPERTY ASSET

- 2 -

COMPLAINT FOR DAMAGES

1  MANAGEMENT, INC., LEHMAN BROTHERS COMMERCIAL PAPER,

2  INC. and PACIFIC COAST CAPITAL FUNDING, LLC.

3  B.    Plaintiff is informed and believes and thereon alleges that at all times herein

4  mentioned Defendant PROPERTY ASSET MANAGEMENT INC. was,

5  and now is, a corporation organized in 1989 and existing under and by

6  virtue of the laws of the State of Delaware, qualified in California and

7  engaging in business in the County of Los Angeles, State of California and

8  elsewhere. Plaintiff is informed and believes and thereon alleges that at all

9  times herein mentioned, Defendant PROPERTY ASSET MANAGEMENT

10 INC. was, and now is, a wholly owned subsidiary of LEHMAN.

11 C.    Plaintiff is informed and believes and thereon alleges that at all times herein

12 mentioned Defendant LEHMAN BROTHERS COMMERCIAL PAPER,

13 INC., was, and now is, a corporation duly organized and existing under and

14 by virtue of the laws of the State of Delaware, qualified in California and

15 engaging in business in the County of Los Angeles, State of California, and

16 elsewhere, and was, and now is, a wholly owned subsidiary of Defendant

17 LEHMAN and is the successor in interest to PACIFIC COAST CAPITAL

18 FUNDING, LLC. , a Delaware Limited Liability Company, which was the

19 originating lender of the "Mezzanine Loan" hereinafter described which

20 was secured by a pledge of all right, title and interest in and to PCCP Studio

21 City Los Angeles TCS Acquisition, LLC ("ACQUISITION") which, in turn

22 on or about April, 2004 acquired and owns the real estate, land and

23 improvements known as "The Culver Studios".

24 D.    Plaintiff is informed and believes and thereon alleges that at all times herein

25 mentioned Defendant PACIFIC COAST CAPITAL FUNDING, LLC., was,

26 and now is, a limited liability company existing under and by virtue of the

27 laws of the State of Delaware, qualified in California and engaging in

28

---

- 3 -

**COMPLAINT FOR DAMAGES**

1   business in the County of Los Angeles, State of California and was, and

2   now is, a wholly owned subsidiary of Defendant LEHMAN.

3   E.    Plaintiff is informed and believes and thereon alleges that at all times herein

4   mentioned Defendant CGKL VENTURES, LLC, was, and now is, a limited

5   liability company organized in or about 1998 and existing under and by

6   virtue of the laws of the State of Delaware, qualified in California and

7   engaging in business in the County of Los Angeles, State of California.

8   F.    Plaintiffs are informed and believe and thereon allege that at all times

9   herein mentioned Defendant CGKL I, LLC, was, and now is, a limited

10  liability company organized in or about 1998 and existing under and by

11  virtue of the laws of the State of Delaware, qualified in California and

12  engaging in business in the County of Los Angeles, State of California.

13  G.    Plaintiff is informed and believes and thereon alleges that at all times herein

14  mentioned Defendant PACIFIC COAST CAPITAL PARTNERS, LLC was,

15  and now is, a limited liability company organized in or about 2000 and

16  existing under and by virtue of the laws of the State of Delaware, qualified

17  in California and engaging in business in the County of Los Angeles, State

18  of California.  Plaintiff is informed and believes and thereon alleges that at

19  all times herein mentioned, Defendants CGKL I, LLC and CGKL

20  VENTURES, LLC conducted business in the State of California, and the

21  County of Los Angeles through and as PACIFIC COAST CAPITAL

22  PARTNERS, LLC.  Plaintiff is further informed and believes and thereon

23  alleges that, from time to time, one or more of these alleged entities, which

24  had common ownership, management and control, CGKL I, LLC, CGKL

25  VENTURES, LLC and PACIFIC COAST CAPITAL PARTNERS, LLC did

26  business under the assumed or fictitious name  "PCCP".  For convenience

27  these entities are herein referred to as "CGKL/PCCP".

28

- 4 -

**COMPLAINT FOR DAMAGES**

H.   Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned Defendants CGKL/PCCP, as one member, and Defendant PROPERTY ASSET MANAGEMENT INC. as the other member, were the owners and co-managing members of Defendant PCCP LB STUDIO CITY LOS ANGELES, LLC, a Delaware limited liability company. Plaintiff is further informed and believes and thereon alleges that the Limited Liability Company Operating Agreement of PCCP LB STUDIO CITY LOS ANGELES, LLC has specific provisions relating to the authority of its managing members, which provisions specify that, except for certain "Authorized Acts" delegated to CGKL/PCCP, "...shall have the power and right, in its sole and absolute discretion, to make all decisions regarding the company and its business and assets, of every type, kind or description."

I.   Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendant PCCP LB STUDIO CITY LOS ANGELES, LLC was, and now is, a limited liability company organized in 2004 and existing under and by virtue of the laws of the State of Delaware, qualified in California and engaging in business in the County of Los Angeles, State of California. Plaintiff is informed and believes and thereon alleges that Defendant PCCP LB STUDIO CITY LOS ANGELES, LLC, at all times herein mentioned, was, and now is, the only member and managing member of Defendant PCCP STUDIO CITY LOS ANGELES, LLC.

J.   Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendant  PCCP STUDIO CITY LOS ANGELES, LLC. ("SCLA"), was, and now is, a limited liability company organized in 2004 and existing under and by virtue of the laws of the State of Delaware, qualified in California and engaging in business in the County of Los Angeles, State of California. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendant SCLA was and is the

**COMPLAINT FOR DAMAGES**

sole and managing member of Defendant PCCP STUDIO CITY LOS ANGELES TCS MEZZANINE, LLC. ("MEZZANINE").

K.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendant MEZZANINE was, and now is, a limited liability company organized in 2004 and existing under and by virtue of the laws of the State of Delaware, qualified in California and engaging in business in the County of Los Angeles, State of California. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendant MEZZANINE was and is the sole member and managing member of PCCP STUDIO CITY LOS ANGELES TCS ACQUISITION, LLC ("ACQUISITION").

L.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendant ACQUISITION was, and now is, a limited liability company organized in 2004 and existing under and by virtue of the laws of the State of Delaware, qualified in California and engaging in business in the County of Los Angeles, State of California. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant ACQUISITION engaged in business under the fictitious business name of "The Culver Studios" and owned the real property and improvements in Culver City, California commonly known as The Culver Studios, which is situated in downtown Culver City, California.

4.    Plaintiff is informed and believes and thereon alleges that Defendants CGKL/PCCP and PROPERTY ASSET MANAGEMENT INC. were entities organized and existing for substantial periods of time prior to the acquisition, in about 2004, of The Culver Studios by Defendant ACQUISITION.

**COMPLAINT FOR DAMAGES**

5.    Plaintiff is informed and believes and thereon alleges that Defendants CGKL/PCCP and PROPERTY ASSET MANAGEMENT INC. caused to be formed, for the purpose of acquiring, financing, operating and managing The Culver Studios, these entities:

A.    First, Defendants PROPERTY ASSET MANAGEMENT INC. and CGKL/PCCP caused the formation of Defendant PCCP LB STUDIO CITY LOS ANGELES, LLC, the first link in the chain of entities formed to engage in acquisition, financing, management and operation of The Culver Studios;

B.    Second, Defendant PCCP LB STUDIO CITY LOS ANGELES, LLC caused the formation of SCLA with PCCP LB STUDIO CITY LOS ANGELES, LLC as a 90% member and managing member and PICBENGRO as a 10% member as the next link in the chain of entities formed to engage in acquisition, financing, management and operation of The Culver Studios. PICBENGRO initially invested $1,000,000 as its capital contribution to SCLA and therafter invested an additional sum of $1,580,000 for a total investment of $2,600,00.

C.    Third, Defendant SCLA caused the formation of Defendant MEZZANINE, the next link in the chain of entities formed to engage in acquisition, financing, management and operation of The Culver Studios;

D.    Fourth Defendant MEZZANINE caused the formation of ACQUISITION, the last link, which became the entity that acquired, financed, operated and managed The Culver Studios from the time of its acquisition in 2004 to the present.

6.    Plaintiff is informed and believes and thereon alleges that each of the Defendants mentioned in paragraphs 3, 4 and 5 hereof was involved, directly or indirectly, in the acquisition, financing, ownership, management and operation of The Culver Studios. Plaintiff is further informed and believes and thereon alleges that after the formation of MEZZANINE and ACQUISITION, the natural persons who acted or purported to act on behalf of MEZZANINE

- 7 -

**COMPLAINT FOR DAMAGES**

1  and ACQUISITION, regardless of their authority to do so, lack of such authority, or limits upon

2  such authority, were personnel of Defendants LEHMAN PROPERTY ASSET MANAGEMENT,

3  INC., CGKL/PCCP, PACIFIC COAST CAPITAL FUNDING, LLC.,   LEHMAN

4  COMMERCIAL PAPER, LLC. and PACIFIC COAST CAPITAL PARTNERS, LLC.

5  .       7.      Plaintiff is informed and believes and thereon alleges that in connection with the

6  acquisition and financing of The Culver Studios by ACQUISITION, in on or about April 6, 2004,

7  Defendant PACIFIC COAST CAPITAL FUNDING, LLC. entered into with MEZZANINE a

8  "MEZZANINE LOAN AGREEMENT" pursuant to which $10,000,000 was loaned to

9  MEZZANINE, which pledged, as security, all membership interests in AQUISITION. Plaintiff

10  is further informed and believes and thereon alleges that this loan  supplemented a purchase

11  money loan arranged with another lender, iStar Financial, Inc., secured by the land, real property

12  and assets known as The Culver Studios. Plaintiff is informed and believes and thereon alleges

13  ACQUISITION purchased The Culver Studio on or about April 6, 2004 utilizing the two loans

14  referred to in this paragraph.

15       8.      Plaintiff is unaware of the true names and capacities of the Defendants herein

16  designated as DOES 1 through 20, inclusive, and each of them, and therefore sue said Defendants

17  by fictitious names. Plaintiff will seek leave of Court to amend this complaint to insert the true

18  names and capacities of said Defendants when ascertained.  Plaintiff is further informed and

19  believes and thereon alleges that each of said Defendants DOES 1-20, inclusive and each of them,

20  engaged in, and participated in the conspiracy to engage in, the acts herein alleged together with

21  the named Defendants, and each of them.

22       9.      Plaintiff is informed and believes and thereon alleges that, commencing prior to

23  November 1, 2008, Defendants, and each of them, knowingly conspired together to wrongfully

24  deprive Plaintiff of the benefit and value of its membership in SCLA and SCLA's ownership of

25  AQUISITION through MEZZANINE and, through MEZZANINE and AQUISITION, The

26  Culver Studios.

27       Plaintiff is further informed and believes and thereon alleges that the purpose, aim  and

28  effects of this conspiracy were wrongfully to render valueless, and misappropriate and render

- 8 -

**COMPLAINT FOR DAMAGES**

1  valueless, Plaintiff's membership interest in SCLA and its ownership of MEZZANINE and,

2  through MEZZANINE, ACQUISITION and, through ACQUISITION, The Culver Studios, by

3  engaging in, among other actions described in paragraphs 14 and 18 hereof, causing

4  CGKL/PCCP, Property Asset Management, Inc. and MEZZANINE to mismanage

5  ACQUISITION and The Culver Studios to cause it, to fail and refuse to fill vacant rentable

6  studio and office space at The Culver Studios, to dispose of the lucrative lighting and grip

7  portion of its business, to embroil The Culver Studios in costly litigation with Rush Pacifica,

8  LLC, to fail and refuse to act to advantageously sell The Culver Studios, to fail and refuse to

9  seek out refinancing options when the Mezzanine loan approached its April 30, 2013 maturity

10  date to voluntarily, and without notice to, or approval by, Plaintiff causing MEZZANIINE, on

11  or about May 21, 2013, to execute the "AGREEMENT TO TRANSFER COLLATERAL IN

12  PARTIAL SATISFACTION OF SECURED OBLIGATIONS" transferring and surrendering

13  to LEHMAN COMMERCIAL PAPER, INC. all of the rights, title and membership interests of

14  MEZZANINE in ACQUISITION and, derivatively, in The Culver Studios thereby, rendering

15  MEZZANINE and SCLA without assets and destroying and rendering valueless Plaintiff's

16  member's interest in SCLA.

## BACKGROUND OF THE DISPUTE

20      10.    Heretofore and prior to April 5, 2004, Plaintiff became aware of the prospect of

21  becoming an investor in The Culver Studios, through entities that would acquire and finance

22  the acquisition of that property, including but not limited to, LEHMAN, through Defendant

23  PROPERTY ASSET MANAGEMENT INC. Plaintiff is informed and believes and thereon

24  alleges that through CGKL/PCCP, PCCP LB STUDIO CITY LOS ANGELES, LLC, SCLA,

25  MEZZANINE and ACQUISITION, these Defendants acquired The Culver Studios on or

26  about April 6, 2004 to thereafter own, hold, improve and operate it at what said Defendants,

27  prior to June 15, 2004, represented to Plaintiff would be substantial operating profits and, in

28  the longer term, substantial growth and ultimately, substantial gains on resale of The Culver

- 9 -

**COMPLAINT FOR DAMAGES**

Studios at an unspecified future time. Prior to June 15, 2004 said Defendants, and each of them, solicited a $1,000,000 capital investment from Plaintiff, which would purchase a 10% member's interest in SCLA, the limited liability company that would fully own and control the entity or entities that, in turn would wholly own and control The Culver Studios.

11.   Plaintiff is informed and believes and thereon alleges that, on or about and prior to June 15, 2004, LEHMAN, pursuing its interest in Defendant PROPERTY ASSET MANAGEMENT, INC., undertook, committed and expressed to Plaintiff LEHMAN's intent to support, fund and participate in future activities and development of The Culver Studios and, from time to time, to advance funds, directly and indirectly, through one or more of its affiliated entities for use in the operation and contemplated expansion of The Culver Studios.

12.   Plaintiff is informed and believes and thereon alleges that in reasonable reliance upon the representations, statements and commitments herein above set forth in Paragraphs 10 and 11, plaintiff, in or about June 15, 2004, invested $1,000,0000 in SCLA thereby acquiring a 10% member's interest in that entity, in which the remaining 90% managing members' interest was acquired and held by PCCP LB STUDIO CITY LOS ANGELES, LLC, which, by reason of the size of its interest acting in concert with the other Defendants, and each of them, controlled, managed and dominated the business and affairs of SCLA to the exclusion of and in derogation of Plaintiff's rights and 10% interest therein.

13.   Plaintiff is informed and believes and thereon alleges that on or about April 6, 2004, Defendants, and each of them, caused ACQUISITION to purchase the land, buildings and improvements of The Culver Studios and, thereafter, operated The Culver Studios to and including the date of filing of this action, under the domination, supervision and control of PROPERTY ASSET MANAGEMENT, INC. and CGKL/PPCP, with PCCP as the designated "managing member". Plaintiff is further informed and believes and thereon alleges that although PCCP was designated as the "managing member", Defendants PROPERTY ASSET MANAGEMENT, INC. and LEHMAN dominated and controlled decisions regarding The Culver Studios, its business and assets.

14.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, conducted, managed and manipulated the finances, business and affairs of The Culver Studios in a manner designed to cause dramatic increase in the balance of the MEZZANINE loan and, ultimately, to cause The Culver Studios to default on its obligation to pay the inflated principal balance of the MEZZANINE loan when due with the result that, on or about May 21, 2013, Defendants and each of them caused MEZZANINE to execute with Defendant LEHMAN COMMERCIAL PAPER, INC. the "Agreement to Transfer Collateral in Partial Satisfaction of Secured Obligations", surrendering the entirety of MEZZANINE's member's interest in ACQUISITION to the successor MEZZANINE lender, Defendant LEHMAN COMMERCIAL PAPER, INC., thereby stripping MEZZANINE of its assets and rendering its sole member, SCLA, of which Plaintiff is a 10% member's interest holder, utterly without assets and valueless.

15.    Plaintiff is informed and believes and thereon alleges that the "Agreement to Transfer Collateral in Partial Satisfaction of Secured Obligations" contains these provisions concerning applicable law and venue:

A.    Paragraph 10:

"10. Governing Law. This Agreement and all disputes arising under it are governed by the laws of the State of California, without regard to conflict of laws principles."

B.    Paragraph 12:

"12. Consent to Jurisdiction. Each party hereto irrevocably submits to the jurisdiction of the federal and state courts located in the State of California, County of Los Angeles for purposes of any dispute, controversy or proceeding arising out of this Agreement or any transaction contemplated thereby, including the Transfer of Collateral in Partial Satisfaction. Each of the Parties hereby waives, and agrees not to assert in any such dispute, controversy or proceeding, in each case to the fullest extent permitted by applicable law, any claim that (a) such Party is not personally subject to the jurisdiction of such courts, (b) such Party and such Party's property is immune from any legal process issued by such courts or (c) any proceeding commenced in such courts is brought in an inconvenient forum."

**COMPLAINT FOR DAMAGES**

# FIRST CAUSE OF ACTION

## Breach of Fiduciary Duty
### (Plaintiff Against all Defendants)

16.     Plaintiff repeats, realleges and incorporates herein by this reference each and every allegation herein above set forth in paragraphs 1-15, inclusive, and each of them.

17.     Plaintiff is informed and believes and thereon alleges that by virtue of its position as managing member of SCLA, Defendant PCCP LB STUDIO CITY LOS ANGELES, LLC and its managing members, CGKL/PCCP and PROPERTY ASSET MANAGEMENT INC., were in a fiduciary relationship with plaintiff as a minority member of SCLA and owed plaintiff the highest duty of honesty, care, fidelity and truthfulness. Plaintiff is informed and believes and thereon alleges that these duties required said defendants, and each of them, to act, at all times, with respect to the business and affairs of SCLA in a manner consistent with the best interests of that entity and its members, refraining from engaging in any acts or conduct that would prefer or benefit the interests of said defendants, or any of them, to the detriment of plaintiff or SCLA.

18.     Plaintiff is informed and believes and thereon alleges that said defendants, and each of them, breached the fiduciary duties owed to plaintiff by engaging in wrongful acts without Plaintiff's knowledge or consent including those described in paragraphs 9 and 14 hereof and in additional wrongful acts including, but not limited to:

        A.    Failing and refusing, in a continuous course of conduct from on or about January 1, 2008 through May, 2013, to properly, competently, effectively and in good faith manage and conduct the business and affairs of The Culver Studios in order to optimize the revenue therefrom and protect the value of Plaintiff's interest in SCLA;

        B.    Failuring diligently and competently to exercise management responsibility and duties by, in part, failing to provide the necessary responsive management guidance to project managers of the The Culver

Studios in order to enable them, in turn, competently to manage the business of The Culver Studios;

C.   Failing timely, responsibly, or at all, to respond to requests for approval or disapproval of business activities proposed by project managers of The Culver Studios, who could not, without such approval or disapproval, engage in essential business activities;

D.   Paying fees and commissions to themselves, which were neither authorized nor disclosed by the members of SCLA;

E.   Rejecting potential business opportunities that would have increased the revenue of The Culver Studios including, but not limited to, refusing to take over the offered management of the Manhattan Beach Studios for fair compensation;

F.   Failing and refusing to accept advantageous refinancing options proposed by the senior secured lender iStar Financial, Inc., as its loan on The Culver Studios approached maturity and, at a later time, when the MEZZANINE loan approached maturity;

G.   Failing and refusing to pursue qualified bidders when The Culver Studios was offered for sale;

H.   In early 2009, when the iStar Financial, Inc. loan secured by The Culver Studios became due, failing to make timely effort to extend and refinance the loan thereby incurring approximately 8 months of penalty interest at a loss to The Culver Studios of more than $2,500,000;

I.   In or about 2012, rejecting a refinancing proposal on advantageous terms that would have yielded approximately $6,000,000 of gross refinance proceeds to the venture;

J.   Failing timely, effectively and competently to locate, negotiate for, arrange for and finalize refinancing of the "Mezzanine Loan" which was secured by a pledge by MEZZANINE to the Mezzanine Lender, of all

- 13 -

**COMPLAINT FOR DAMAGES**

1    MEZZANINE's right, title, ownership and member's interest in

2    ACQUISITION and, derivatively, in The Culver Studios;

3    K.    By wrongfully, and without notice to or consent of plaintiff, causing the

4    transfer and surrender to Defendant LEHMAN COMMERCIAL

5    PAPER, INC., as successor in interest to PACIFIC COAST CAPITAL

6    FUNDING, LLC., the Mezzanine Lender, the "Pledged Collateral"

7    including, but not limited to MEZZANINE's right, title, interest and

8    100% member's interest in and to ACQUISITION, thereby depriving

9    SCLA of all of its assets and rendering plaintiff's $1,000,000 member's

10    interest in that entity valueless;

11    L.    Other wrongful acts presently unknown to Plaintiff, who will seek leave

12    of court to amend this complaint to insert the description of those acts

13    when ascertained.

14    19.    The acts and conduct of Defendants, and each of them, in breach of their

15    fiduciary duties were engaged in in furtherance of the conspiracy among defendants

16    hereinabove alleged and for the purpose of defeating, eliminating and rendering valueless

17    plaintiff's interest in SCLA and. derivatively, through MEZZANINE, in ACQUISITION and

18    The Culver Studios and for the purpose of transferring ownership and control of those assets

19    to a member or members of the conspiracy.  Accordingly, Plaintiff is informed and believes

20    and thereon alleges that the acts and conduct of Defendants, and each of them, hereinabove

21    alleged were done in order to benefit defendants, and each of them, to the exclusion of and at

22    the expense of Plaintiff and in violation of fiduciary duties to Plaintiff.

23    20.    As a direct and proximate result of the breaches of fiduciary duties by

24    defendants, and each of them, Plaintiff has sustained damages in an amount not less than

25    $2,600,00 plus additional sums presently unknown to Plaintiff, which will seek leave of court

26    to amend the Complaint to insert such amounts when they have been ascertained.

27    21.    Plaintiff is informed and believes and thereon alleges that in breaching their

28    fiduciary duties, Defendants, and each of them, have acted fraudulently and intentionally,

- 14 -

**COMPLAINT FOR DAMAGES**

1  with malice and in reckless disregard of Plaintiff's rights, engaging in the aforesaid conduct

2  with the specific intent to damage plaintiff by rendering its interest in SCLA valueless.

3  Plaintiff is informed and believes and thereon alleges that such conduct is despicable and that

4  punitive and/or exemplary damages should be awarded against defendants, and each of them,

5  in such amount as may be adjudicated to be just and proper in the circumstances.

6

7  **SECOND CAUSE OF ACTION**

8  **Plaintiff Against SCLA, Property Asset Management, Inc., CGKL/PCCP,
PCCP LB Studio City Los Angeles, LLC for Breach of Operating Agreement**

9

10  22.    Plaintiff repeats, realleges and incorporates herein by this reference each and

11  every allegation herein above set forth in paragraphs 1-21, inclusive, and each of them.

12  23.    Heretofore and on or about June 14, 2004, SCLA was formed with PCCP LB

13  STUDIO CITY LOS ANGELES, LLC. as its 90% managing member and Plaintiff as a 10%

14  member.  Plaintiff is informed and believes and thereon alleges that thereafter, and as of June

15  15, 2004, the "AMENDED AND RESTATED LIMITED LIABILITY OPERATING

16  AGREEMENT OF PCCP STUDIO CITY LOS ANGELES, LLC" ("Operating Agreement")

17  was executed, the terms and conditions of which describe the duties and obligations of the

18  members and which designate PCCP LB STUDIO CITY LOS ANGELES, LLC as the

19  managing member.  Plaintiff is informed and believes and thereon alleges that PCCP LB

20  STUDIO CITY LOS ANGELES, LLC was operated and controlled by personnel of

21  PROPERTY ASSET MANAGEMENT, INC. and CGKL/PCCP.

22  24.    As established by the Operating Agreement of SCLA, Plaintiff owns 10% of

23  SCLA.  Plaintiff is informed and believes and thereon alleges that Defendants SCLA, PCCP

24  LB STUDIO CITY LOS ANGELES, LLC, PROPERTY ASSET MANAGEMENT, INC.

25  and CGKL/PCCP have engaged in the acts and conduct hereinabove alleged to render

26  valueless Plaintiff's 10% interest in SCLA.  Plaintiff is further informed and believes and

27  thereon alleges that said defendants are liable to Plaintiff, as a minority member of SCLA,

28  whether Plaintiff's loss or damage results from fraud, deceit, gross negligence or intentional

1   misconduct.  Plaintiff is further informed and believes and thereon alleges that under the

2   Operating Agreement, the majority member of SCLA, PCCP LB STUDIO CITY LOS

3   ANGELES, LLC and, thus, its members, PROPERTY ASSET MANAGEMENT INC. and

4   CGKL/PCCP are the managing members of SCLA.

5        25.    Plaintiff is informed and believes and thereon alleges that said defendants have

6   engaged in the wrongful acts and conduct hereinabove alleged and have thereby breached

7   obligations of the majority member and manager of SCLA to Plaintiff.

8        26.    Plaintiff is informed and believes and thereon alleges that it has fully

9   performed and satisfied every condition, covenant and obligation under the Operating

10  Agreement except as and to the extent that it has been prevented from doing so by the acts

11  and conduct of defendants, and each of them.

12       27.    Plaintiff is informed and believes and thereon alleges that, as a result of the

13  wrongful acts and misconduct of said defendants, and each of them, Plaintiff has sustained

14  damages in an amount of not less than $2,600,00 plus additional sums presently unknown to

15  Plaintiff, which will seek leave of court to amend this complaint to insert such amounts when

16  they have been ascertained.

17                              **THIRD CAUSE OF ACTION**

18          **Plaintiff Against SCLA, Property Asset Management, Inc., CGKL/PCCP,**
                    **PCCP LB Studio City Los Angeles, LLC for**
19               **Breach of Covenant of Good Faith and Fair Dealing**

20
         28.    Plaintiff repeats, realleges and incorporates herein by this reference each and
21
    every allegation herein above set forth in paragraphs 1-27, inclusive, and each of them.
22
         29.    The Operating Agreement of SCLA contains the implied covenant of good
23
    faith and fair dealing, binding upon all parties thereto and enforceable by any of them.
24
    Plaintiff is informed and believes and thereon alleges that said defendants, and each of them,
25
    breach the implied covenant of good faith and fair dealing by engaging in the acts, conduct
26
    and omissions hereinabove set forth to destroy the value of Plaintiff's interest in SCLA and
27
    thereby acquire, indirectly, sole ownership and control of The Culver Studios.
28

---

**COMPLAINT FOR DAMAGES**

30.     Plaintiff is informed and believes and thereon alleges that it has fully performed and satisfied every condition, covenant and obligation under the Operating Agreement except as and to the extent that it has been prevented from doing so by the acts and conduct of defendants, and each of them.

31.     Plaintiff is informed and believes and thereon alleges that, as a result of the wrongful acts and misconduct of said defendants, and each of them, Plaintiff has sustained damages in an amount of not less than $2,600,00 plus additional sums presently unknown to Plaintiff which will seek leave of court to amend this complaint to insert such amounts when they have been ascertained.

WHEREFORE, Plaintiff prays judgment against the Defendants, and each of them, as follows:

On the First Cause of Action:

    1.     For compensatory damages according to proof;

    2.     For exemplary and punitive damages according to proof;

On the Second Cause of Action:

    1.     For compensatory damages according to proof;

On the Third Cause of Action:

    1.     For compensatory damages according to proof;

On the Complaint in its entirety:

    1.     For Plaintiff's costs of suit herein occurred;

    2.     For such other and further relief as the Court may deem just and proper in the premises.

DATED: October 17, 2013

PAUL M. HITTELMAN
Attorney for Plaintiff PICBENGRO, LLC

**COMPLAINT FOR DAMAGES**

## **Exhibit B**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                          :
In re                                     :        **Chapter 11 Case No.**
                                          :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :        **08-13555 (JMP)**
                                          :
                      Debtors.            :        **(Jointly Administered)**
                                          :
                                          :
---------------------------------------------------------------x

### ORDER ENFORCING THE AUTOMATIC STAY, THE PLAN, AND THE CONFIRMATION ORDER AGAINST PICBENGRO, LLC

Upon the motion, dated December 11, 2013 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"), on behalf of itself and on behalf of Lehman Commercial Paper Inc.

("LCPI"), pursuant to sections 105, 362, and 1141 of title 11 of the United States Code (the

"Bankruptcy Code"), to enforce the automatic stay and the injunction set forth in the Plan and

the order confirming the Plan (the "Confirmation Order"), as more fully described in the Motion;

and the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-

431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the second

amended order entered June 17, 2010 governing case management and administrative procedures

---
[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[ECF No. 9635] to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange

Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern

District of New York; (v) all parties who have requested notice in these chapter 11 cases; and

(vi) Picbengro, and it appearing that no other or further notice need be provided; and a hearing

having been held to consider the relief requested in the Motion; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their

creditors, and all parties in interest and that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that certain of the claims asserted by Picbengro in the Picbengro

Action arose prior to the LBHI and LCPI Commencement Dates, and are therefore stayed

pursuant to section 362 of the Bankruptcy Code and the Plan and the Confirmation Order; and it

is further

ORDERED that the Plan and the Confirmation Order enjoin and prohibit

Picbengro from pursuing the Picbengro Action against LBHI or LCPI, to the extent that it alleges

prepetition claims against LBHI or LCPI; and it is further

ORDERED that Picbengro is directed, within seven (7) days of entry of this

order, to either (i) dismiss with prejudice the Picbengro Action as it pertains to LBHI and LCPI;

or (ii) amend the Complaint to eliminate any claims against LBHI or LCPI arising prior to the

Commencement Dates; and it is further

US_ACTIVE:\44359881\11\58399.0011

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

Dated: _____, 2014
      New York, New York


                          _____
                          UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44359881\11\58399.0011

## **Exhibit C**

Culver Studios Organizational Chart

