UNITED STATES BANKRUPTCY COURT
SOUNTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re                                              :    Chapter 11
                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,             :    Case No. 08-13555 (JMP)
                                                   :
                        Debtors.                   :    (Jointly Administered)
                                                   :
------------------------------------------------------------X

**DECLARATION OF HUGH BRUNSWICK IN SUPPORT OF MOTION OF EFETNET B.V. TO AUTHORIZE LATE-FILED PROOF OF CLAIM AND/OR PERMIT AMENDMENT OF INFORMAL PROOF OF CLAIM AGAINST LEHMAN BROTHERS COMMODITY SERVICES, INC.**

I, Hugh Brunswick, hereby declare under penalty of perjury, as follows:

1. I am the managing director of EFETnet B.V. ("EFETnet"), and am authorized to make this affidavit on its behalf. Except as otherwise stated, I have personal knowledge of the facts set forth herein.

2. In accordance with the standard internal operating procedures at EFETnet, all mail to EFETnet is opened by an employee of the EFETnet secretariat and internally distributed to the appropriate address if one is identified. Any formal notification to the company, including those without a specific addressee, are scanned and sent by email to me, as EFETnet's managing director.

3. Consistent with these procedures, in late 2008 or early 2009, I received a proof of claim form and notice of bar date from Lehman Brothers, Inc. ("LBI") that was preaddressed to EFETnet. I promptly completed the form, and, on February 23, 2009, transmitted that proof of claim to the LBI claims agent.[1] Having done so, I sincerely believed that I had done everything

---

[1] A copy of EFETnet's proof of claim is annexed hereto as Exhibit 1.

necessary to assert EFETnet's claims against Lehman Brothers Commodity Services under its agreement with EFETnet.

4. Subsequently, while I received a variety of mailings from both LBI and Lehman Brothers Holdings, Inc. and its affiliates (collectively, the "Debtors"), I have no recollection or record of receiving any proof of claim notice or form from the Debtors.

5. Even if I had received a separate notice from the Debtors, however, I would most likely have discarded it on the apparently erroneous assumption that EFETnet sincerely believed that it had already complied by filing its proof of claim against LBI.

6. In short, EFETnet received a proof of claim form from a U.S. Lehman entity with the Lehman name on it. EFETnet assumed that this was the only form that had to be completed in relation to its one contract with Lehman and its affiliates. EFETnet had no reason to question the authenticity or correctness of the form and simply followed the instructions, completed the form, attached the contract and invoices and filed it.

7. EFETnet is a European non-profit IT service provider, wholly-owned by the European Federation of Energy Traders (also a non-profit industry association) and has no sophisticated knowledge of insolvency laws or foreign legal systems as EFETnet is based in the Netherlands, Europe. EFETNET is not a professional trading counterparty and therefore, would not be familiar with chapter 11 proceedings in the US and would not engage outside NY counsel, in the assumption that the Lehman form received in the post was or should have been the correct one.

8. EFETnet has only discovered its "mistake" four years later, when it first received earlier this year a notice of disallowance of its one and only filed Lehman claim on the basis, to EFETnet's surprise, that it was asserted against the wrong Lehman entity.

9.  As a result of this notice and in order to understand the bad news, EFETnet requested the assistance of NY counsel who uncovered the unfortunate series of events that had resulted in the assertion of EFETnet's claim against LBI rather than Lehman Brothers Commodity Services, Inc.

10. In EFETnet's view, the Debtors are unjustly trying to impose blame on EFETnet for what amounts to nothing more than an unfortunate confluence of circumstances, which misled and directed EFETnet to file a wrong document with a wrong entity back in 2009, and then failed to inform EFETnet of, or give EFETnet a chance to correct, its error until mid-2013.

I declare under penalty of perjury of the laws of the United States of America that the foregoing statements are true and correct.

Executed: December 6, 2013

Hugh Brunswick
Managing Director
EFETnet B.V.