Presentment Date and Time: December 27, 2013 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: December 26, 2013 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): January 29, 2014 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**NOTICE OF PRESENTMENT OF
STIPULATION, AGREEMENT AND ORDER
BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND
WELLS FARGO BANK, N.A. PROVIDING FOR RELIEF FROM THE
AUTOMATIC STAY WITH REGARD TO CERTAIN REAL PROPERTY
LOCATED AT 135 CONNECTICUT AVENUE, BAY SHORE, NEW YORK**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed stipulation, agreement and order between Lehman Brothers Holdings Inc. and Wells Fargo Bank, N.A., providing for relief from the automatic stay with regard to certain real property located at 135 Connecticut Avenue, Bay Shore, New York (the "Stipulation, Agreement and Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **December 27, 2013 at 12:00 p.m. (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation, Agreement and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **December 26, 2013 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation, Agreement and Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation, Agreement and Order on **January 29, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

US_ACTIVE:\44351684\8\58399.0011

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated:   December 17, 2013
         New York, New York

                          /s/ Jacqueline Marcus
                          Jacqueline Marcus

                          WEIL, GOTSHAL & MANGES LLP
                          767 Fifth Avenue
                          New York, New York 10153
                          Telephone: (212) 310-8000
                          Facsimile: (212) 310-8007

                          Attorneys for Lehman Brothers
                          Holdings Inc. and Certain of its Affiliates

Presentment Date and Time: December 27, 2013 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: December 26, 2013 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): January 29, 2014 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**STIPULATION, AGREEMENT AND ORDER
BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND
WELLS FARGO BANK, N.A. PROVIDING FOR RELIEF FROM THE
AUTOMATIC STAY WITH REGARD TO CERTAIN REAL PROPERTY
LOCATED AT 135 CONNECTICUT AVENUE, BAY SHORE, NEW YORK**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") is entered into by Lehman Brothers Holdings Inc., as Plan Administrator ("LBHI" or the "Plan Administrator") under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), and Wells Fargo Bank, N.A. ("Wells," together with LBHI, the "Parties").

**RECITALS**

A. On September 15, 2008 (the "Commencement Date"), LBHI commenced with this Court a voluntary case (the "Chapter 11 Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

B.  On December 6, 2011, the Court entered an order confirming the Plan (the "Confirmation Order") [ECF No. 23023].  The Plan became effective on March 6, 2012.

C.  Pursuant to paragraph 54 of the Confirmation Order, the automatic stay extant in the Chapter 11 Case pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") remains in full force and effect.

D.  Wells represents as follows:

(i)  Wells is the current holder of a mortgage (the "Johnson Mortgage") executed by Roosevelt Johnson on January 21, 2010 in favor of Primelending, a Plainscapital Company ("Primelending") as security for the repayment of the original principal sum of $257,892 due under a note, executed on January 21, 2010 (the "Johnson Note").

(ii)  The Johnson Mortgage granted Primelending a security interest in certain real property located at 135 Connecticut Avenue, Bay Shore, New York 11706 (the "Property").

(iii)  The Johnson Note and the Johnson Mortgage were subsequently transferred to Wells.

(iv)  On August 24, 2007, Wanda L. Hammond ("Hammond") executed a reverse mortgage (the "Hammond Mortgage") in favor of BNY Mortgage Co. LLC ("BNY"), and insured by the United States Department of Housing and Urban Development ("HUD"), as security for the repayment of the original principal sum of $532,500 due under a note (the "Hammond Note," together with the Hammond Mortgage, the "Hammond Loan").

(v)  The Hammond Mortgage granted BNY a security interest in the Property.

(vi)  On November 18, 2007, BNY assigned the Hammond Mortgage to LBHI.

(vii)  On April 9, 2010, HUD filed a release and satisfaction indicating that HUD has been fully satisfied with respect to the Hammond Loan.

2

    E.  LBHI no longer holds an interest in the Hammond Loan.

    F.  On or about September 28, 2012, Wells commenced a foreclosure action in the Supreme Court of the State of New York, County of Suffolk, [Index No. 30184/12] (the "Foreclosure Action"). In the Foreclosure Action, Wells seeks a judgment, *inter alia*, invalidating and extinguishing LBHI's interest, if any, in the Property. The Foreclosure Action has been stayed by operation of the Automatic Stay.

    G.  In light of the foregoing and to ensure that Wells is not prohibited from exercising its rights with respect to the Property, the Parties have agreed, subject to approval of this Court, to the terms set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

    1.  This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

    2.  Upon the Effective Date, the Automatic Stay shall be modified with respect to Wells' interest in the Property and Wells shall be permitted to exercise its rights under applicable non-bankruptcy law against the Property, including continuing the Foreclosure Action and foreclosing on Wells' interest in the Property.

    3.  Except as provided in paragraph 2, the Automatic Stay, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from LBHI's estate and/or assets or property of LBHI (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

4. Upon the Effective Date, Wells, on behalf of itself and any other party, person or entity claiming under or through it (each of the foregoing, a "<u>Wells Releasor</u>"), hereby generally releases, discharges, waives and acquits, unconditionally and irrevocably, the Plan Administrator, LBHI, and their respective current and former agents, servants, officers, directors, shareholders, employees, subsidiaries, divisions, branches, units, affiliates, parents, attorneys, successors, predecessors, heirs, personal representatives, and assigns (each of the foregoing, a "<u>Released Lehman Party</u>"), from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses and claims of every kind, nature, and character whatsoever, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulation, tort (including, without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that such Wells Releasor ever had or claimed to have or now has or claims to have against any Released Lehman Party arising under or related to the Johnson Mortgage, the Johnson Note, the Hammond Loan, or the Property, or any other agreement to the extent relating thereto; *provided, however*, that the foregoing release shall not affect, impair or operate as a release of the respective rights and obligations of Wells and LBHI set forth in this Stipulation, Agreement and Order.

4

5. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly **WAIVED**, if applicable, with respect to any of the claims, injuries, or damages described in the release in paragraph 4.  Section 1542 of the California Civil Code reads as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

6. This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

7. Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

8. Each Party to this Stipulation, Agreement and Order represents that it fully understands the terms hereof.  This Agreement shall not be strictly construed against either Party on the ground that the rules for the construction of contracts require the resolution of any ambiguity against the Party that drafted the document.

9. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

10. This Stipulation, Agreement and Order shall be effective immediately upon its entry and shall not be stayed pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

11. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: December 16, 2013
New York, New York

*/s/ Brian Grieco*
David Dunn
Brian Grieco

HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

Attorneys for Wells Fargo Bank, N.A.

Dated: December 16, 2013
New York, New York

*/s/ Jacqueline Marcus*
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and Certain of its Affiliates

**SO ORDERED**, this ___ day of _____, 2013 in New York, New York

_____
United States Bankruptcy Judge