Presentment Date and Time:  January 6, 2014 12:00 p.m. (Prevailing Eastern Time)
Objection Date and Time:   January 3, 2014 10:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time:  January 29, 2014 at 10:00 a.m. (Prevailing Eastern Time)

**CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Conflicts Counsel for Lehman Brothers
Holdings Inc. and Certain of its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                                 :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :

Debtors.                                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Chapter 11**

**Case No. 08-13555 (JMP)**

**(Jointly Administered)**

### NOTICE OF PRESENTMENT OF STIPULATION AND AGREED
### ORDER RESOLVING DISPUTES BETWEEN NATIONAL UNION
### FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL
### <u>AND THE PLAN ADMINISTRATOR</u>

**PLEASE TAKE NOTICE** that the *Stipulation and Agreed Order Resolving Disputes between National Union Fire Insurance Company of Pittsburgh, PA, et al and the Plan Administrator* (the "<u>Stipulation</u>") will be presented to The Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "<u>Bankruptcy Court</u>"), for signature on **January 6, 2014 at 12:00 Noon (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulation, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **January 3, 2014 at 10:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation may be entered by the Bankruptcy Court.

16983985

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held on **January 29, 2014 at 10:00 a.m. (Prevailing Eastern Time)** before the Bankruptcy Court to consider the Stipulation.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and a failure to appear may result in relief being granted or denied upon default.

Dated: December 19, 2013
       New York, New York

                     **CURTIS, MALLET-PREVOST,**
                      **COLT & MOSLE LLP**

                     By: /s/ *L. P. Harrison 3rd*
                         L. P. Harrison 3rd
                         Cindi Eilbott Giglio
101 Park Avenue
New York, New York  10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559

*Conflicts Counsel for Lehman Brothers*
*Holdings Inc. and Certain of its Affiliates*

2

16983985

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                                                                     :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,               :

Debtors.                                                                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Chapter 11

Case No. 08-13555 (JMP)

(Jointly Administered)

**STIPULATION AND AGREED ORDER RESOLVING DISPUTES BETWEEN
NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA, ET AL AND THE PLAN ADMINISTRATOR**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation and Agreed Order (the "Stipulation") is made and entered into on the date hereof, by and among Lehman Brothers Holdings Inc. as Plan Administrator (the "Plan Administrator") under the Modified Third Amended Chapter 11 Plan of the Debtors (the "Chapter 11 Plan") and National Union Fire Insurance Company of Pittsburgh, PA, et al ("National Union" and together with the Plan Administrator, the "Parties").

RECITALS:

A.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries (collectively, the "Debtors") filed with this Court voluntary cases ("Cases") under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"). This Court has consolidated those cases for procedural purposes only, and is jointly administering them pursuant to Fed. R. Bankr. P. 9015.

1

16983985

B.  By order, dated July 2, 2009 [Docket No. 4271], the Court established September 22, 2009 as the deadline to file proofs of claim (each a "Proof of Claim") against the Debtors.

C.  On December 6, 2011, the Court approved and entered an order confirming the Chapter 11 Plan. The effective date of the Chapter 11 Plan was March 6, 2012.

D.  On September 22, 2009, Claimant filed Proofs of Claim, which were assigned claim numbers 31563, 31564, 31565, 31566, 31567, 31570, 31571, 31572, 31573, 31574, 31575, 31576, 31577, 31889, 31890, 31891, 31892, 31893, 31568 and 31894 (collectively, the "National Union Claims") by the Debtors' court-approved claims and noticing agent, each asserting an unsecured claim in the amount of $6,611,128 against each of the Debtors based upon certain insurance coverage, including, without limitation commercial property, fidelity, malpractice, general liability, directors and officers liability, commercial automobile, workers' compensation, accident and health and other services.

E.  On March 9, 2012, the Debtors filed their Two Hundred Sixty-Eighth Objection to Claims (Duplicative Claims) [Docket No. 26189] (the "Claim Objection").

F.  After good-faith, arms'-length negotiations, the Parties have agreed to resolve the Claim Objection and the National Union Claims pursuant to the terms and conditions set forth in the Settlement Agreement annexed hereto as **Exhibit 1** (the "Settlement Agreement"). Pursuant to the Settlement Agreement, among other things, $132,222,560 of claims filed by National Union will be deemed withdrawn in exchange for a payment to National Union in the amount of $2,989,584.

2

16983985

**AGREED ORDER:**

IT IS HEREBY AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1. The terms of the Settlement Agreement are hereby approved and are hereby incorporated herein by reference and made a part hereof.

2. Each person who executes this Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

3. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Stipulation and the Settlement Agreement.

[*Remainder of Page Intentionally Left Blank*]

16983985

4. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

| | |
|---|---|
| Dated: December 19, 2013 | Dated: December 19, 2013 |
| **CURTIS, MALLET-PREVOST, COLT & MOSLE LLP** | **ZEICHNER ELLMAN & KRAUSE LLP** |
| By: */s/ L. P. Harrison 3rd* <br> L. P. Harrison 3rd <br> Cindi Eilbott Giglio <br> 101 Park Avenue <br> New York, NY 10178-0061 <br> Telephone: (212) 696-6000 <br> Facsimile: (212) 697-1559 | By: */s/ Michael S. Davis* <br> Michael S. Davis <br> 1211 Avenue of the Americas <br> New York, NY <br> Telephone: (212) 826-5311 <br> Facsimile: (866) 213-9038 |
| *Conflicts Counsel for Lehman Brothers Holdings Inc. and Certain of its Affiliates* | *Counsel for National Union Fire Company of Pittsburgh, PA, et al* |

**IT IS SO ORDERED:**

_____
UNITED STATES BANKRUPTCY JUDGE

4

# **EXHIBIT 1**

1

16983985

# SETTLEMENT AGREEMENT RESOLVING CLAIMS OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL

This settlement agreement (the "Settlement Agreement") is entered into as of December 18, 2013 by and among Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of the Debtors (the "Chapter 11 Plan") [Docket No. 23023] and its affiliated debtors as debtors in possession (together, the "Debtors"), on the one hand, and National Union Fire Insurance Company of Pittsburgh, PA. et al (the "Claimant"), on the other hand (collectively, the "Parties").

## RECITALS:

A.  Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case No. 08-13555 (JMP). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

B.  By order, dated July 2, 2009 [Docket No. 4271] (the "Bar Date Order"), the Court established September 22, 2009 as the deadline to file proofs of claim (each a "Proof of Claim") against the Debtors.

C.  On December 6, 2011, the Court approved and entered an order confirming the Chapter 11 Plan. The effective date of the Chapter 11 Plan was March 6, 2012.

D.  On September 22, 2009, Claimant filed Proofs of Claim, which were assigned claim numbers 31563, 31564, 31565, 31566, 31567, 31570, 31571, 31572, 31573, 31574, 31575, 31576, 31577, 31889, 31890, 31891, 31892, 31893, 31568 and 31894 (collectively, the "National Union Claims") by the Debtors' court-approved claims and noticing agent (the "Claims Agent"), each asserting an unsecured claim in the amount of $6,611,128 against each of the Debtors based upon certain insurance coverage, including, without limitation commercial property, fidelity, malpractice, general liability, directors and officers liability, commercial automobile, workers' compensation, accident and health and other services (the "Insurance Program").

E.  On March 10, 2012, the Debtors filed their Two-Hundred Sixty Eighth Omnibus Objection to Claims (Duplicative Claims) [Docket No. 26189] (the "Claim Objection").

F.  On July 18, 2012 the Court entered an order modifying certain existing claims orders pursuant to which the Plan Administrator is authorized to settle any and all claims filed against the Debtors where the allowed amount of the settled claim is less than or equal to $200 million.

G.  After good-faith, arms'-length negotiations, the Parties have agreed to resolve the Claim Objection and the National Union Claims pursuant to the terms and conditions set forth in this Settlement Agreement.

1

16890387V2

## AGREEMENT:

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. The Recitals set forth above form an integral part of this Settlement Agreement and are incorporated fully herein.

2. This Settlement Agreement shall become effective once it has been executed by all Parties, approved by the Court, and the Plan Administrator has made the payment referenced in paragraph 4 to National Union (the "Effective Date").

3. Upon the Effective Date, the National Union Claims shall be deemed withdrawn with prejudice and expunged from the claims register. Claimant authorizes the Debtors to provide a copy of this Settlement Agreement to the Claims Agent to update the claims registry accordingly.

4. Subject to subsection (ii) herein, in satisfaction of the National Union Claims, the Plan Administrator shall cause National Union to be paid $2,989,584 as follows:

(i) Within ten business days after the Agreement is approved by the Court, the Plan Administrator shall cause National Union to be paid $2,889,584 by wire transfer to an account that National Union shall designate in writing; and

(ii) After the Plan Administrator is satisfied that any obligations of National Union to Debtors arising from or relating to post-petition insurance transactions are resolved, or upon order of the Court, $100,000 by wire transfer to an account that National Union shall designate in writing;

5. Other than the right to receive distributions on account of this Settlement Agreement and the continuing obligations set forth in paragraph 6 hereof, the Claimant and its affiliates, successors and assigns, and its past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys shall have no further right to payment from the Debtors, the affiliates controlled by the Debtors, or their respective successors or assigns for any pre-petition claim arising under or related to the Insurance Program. For the avoidance of doubt, nothing herein shall affect any post-petition administrative priority claim that Claimant may have against the Debtors.

6. Nothing herein shall release, reduce, enlarge, or alter in any way, any of the insurance obligations under the Insurance Program and/or the policies issued thereunder, except that upon payment pursuant to paragraph 4 hereof, all obligations of the Debtors to pay any amount of money now or hereafter due under the Insurance Program shall be deemed fully paid, satisfied and released. In all other respects, all conditions, terms, provisions and exclusions of the polices issued under the Insurance Program shall remain in full force and effect, including without limitation, provisions relating to dates of coverage, the erosion or exhaustion of coverage, the availability of coverage, exclusions, limitations, subrogation, and cooperation, and the Parties reserve all their rights and defenses with respect thereto. Further, Claimant and their

affiliates retain all rights of offset, recoupment or any other defense they may have, to any claim that Debtors may hereafter assert against them.

7. This Settlement Agreement contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

8. This Settlement Agreement may not be modified other than by signed writing executed by the Parties hereto or by order of the Court.

9. Each person who executes this Settlement Agreement represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Settlement Agreement.

10. This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Settlement Agreement to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

11. This Settlement Agreement shall inure to the benefit of, and shall be binding upon, the Parties hereto and their respective successors and assigns.

12. This Settlement Agreement shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof.

13. The Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Settlement Agreement. Should the Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Settlement Agreement, such matter shall be adjudicated in either a federal district court in the State of New York or a state court in the State of New York.

**THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS SETTLEMENT AGREEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING AND EXECUTING THE SETTLEMENT AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS SETTLEMENT AGREEMENT.**

LEHMAN BROTHERS HOLDINGS INC.

By: _Martha E Solinger_ (signature)
Print Name: MARTHA E SOLINGER
Title: Managing Director

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, ET AL
By: _____
Print Name: _____
Title: _____


By: _____
Print Name: _____
Title: _____


Dated: Dec. 18, 2013
New York, New York

Dated: _____ ___, 2013
New York, New York

| LEHMAN BROTHERS HOLDINGS INC. | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL |
|---|---|
| By: _____ | By: _James J. Rowland_ |
| Print Name: _____ | Print Name: James J. Rowland |
| Title: _____ | Title: VP Global Collections |
| | |
| | By: _Martin B._ |
| | Print Name: Martin Bogue |
| | Title: Assistant Secretary |
| Dated: _____ ___, 2013 | Dated: Dec. 18, 2013 |
| New York, New York | New York, New York |

#740586V3/MSD/11212.019