UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                : Chapter 11 Case No.
                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,             : 08-13555 (JMP)
                                                     :
                    Debtors.                         : (Jointly Administered)
------------------------------------------------------------------x

### SUPPLEMENTAL ORDER GRANTING TWO HUNDRED FIFTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SOLELY AS TO CLAIM NUMBER 9589

Upon consideration of the two hundred fifty-fourth omnibus objection to claims, dated February 14, 2012 (the "Two Hundred Fifty-Fourth Omnibus Objection to Claims"), of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the Nieman Claim[1] (the "Claim") filed by Mr. Nieman (the "Respondent"), among other claims, on the basis that it asserts a claim against LBHI for which LBHI has no liability, all as more fully described in the Two Hundred Fifty-Fourth Omnibus Objection to Claims; and upon consideration of the Response and the Reply thereto, and the arguments of counsel; and the Court having held a hearing on the Two Hundred Fifty-Fourth Omnibus Objection to Claims on December 19, 2013; and due and proper notice of the Two Hundred Fifty-Fourth Omnibus Objection to Claims and the Reply having been provided; and it appearing

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Reply, dated December 11, 2013.

that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Fifty-Fourth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Fifty-Fourth Omnibus Objection to Claims and the Reply establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Fifty-Fourth Omnibus Objection to Claims is granted with respect to the Claim to the extent provided herein; and it is further

ORDERED that, as an alleged creditor of LBI, Respondent lacks standing to assert against LBHI any alter ego claim, veil piercing claim, or similar claim to disregard the corporate form of LBHI or LBI, as such claims were the property of the LBI estate and have been irrevocably released, discharged, and acquitted by the LBI Trustee pursuant to the LBI Settlement; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claim listed on <u>Exhibit 1</u> annexed hereto is disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
December 20, 2013

/s/ James M. Peck
_____
Honorable James M. Peck
United States Bankruptcy Judge

2