**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

### FOURTH SUPPLEMENTAL ORDER GRANTING ONE HUNDRED SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS SOLELY AS TO CLAIM NUMBERS 8090, 10767, 12080, 15220, and 25533

Upon consideration of the one hundred seventeenth omnibus objection to claims, dated March 25, 2011 (the "One Hundred Seventeenth Omnibus Objection to Claims"), of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the Abernathy Claim,[1] Murray Claim, Newhouse Claim, Oh Claim, and the Yuhn Claim (collectively, the "Claims") filed by Messrs. Abernathy, Murray, and Yuhn and Mmes. Newhouse and Oh (collectively, the "Respondents"), among other claims, on the basis that they assert claims against LBHI for which LBHI has no liability, all as more fully described in the One Hundred Seventeenth Omnibus Objection to Claims; and upon consideration of the Response and the Reply thereto, and the arguments of counsel; and the Court having held a hearing on the One Hundred Seventeenth Omnibus Objection to Claims on December 19, 2013;

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Reply, dated December 11, 2013.

and due and proper notice of the One Hundred Seventeenth Omnibus Objection to Claims and

the Reply having been provided; and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the One Hundred

Seventeenth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their

creditors, and all parties in interest and that the legal and factual bases set forth in the One

Hundred Seventeenth Omnibus Objection to Claims and the Reply establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the One Hundred Seventeenth Omnibus

Objection to Claims with respect to the Claims is granted to the extent provided herein; and it is

further

ORDERED that, as alleged creditors of LBI, Respondents lack standing to assert

against LBHI any alter ego claim, veil piercing claim, or similar claim to disregard the corporate

form of LBHI or LBI, as such claims were the property of the LBI estate and have been

irrevocably released, discharged, and acquitted by the LBI Trustee pursuant to the LBI

Settlement; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated: New York, New York
        December 20, 2013

/s/ James M. Peck
_____
Honorable James M. Peck
United States Bankruptcy Judge

2