HEARING DATE AND TIME: January 28, 2014 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: January 21, 2014 at 4:00 p.m. (Eastern Time)

> **THE FOUR HUNDRED FORTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE FOUR HUNDRED FORTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, DORON P. KENTER, AT 212-310-8923.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF HEARING ON FOUR HUNDRED FORTY-EIGHTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on December 20, 2013, Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

US_ACTIVE:\44385889\1\58399.0011

Debtors for certain entities in the above-referenced chapter 11 cases, filed the four hundred forty-eighth omnibus objection to claims (the "<u>Four Hundred Forty-Eighth Omnibus Objection to Claims</u>"), and that a hearing (the "<u>Hearing</u>") to consider the Four Hundred Forty-Eighth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **January 28, 2014 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Forty-Eighth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Doron P. Kenter, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.);

so as to be so filed and received by no later than **January 21, 2014 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

    **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Forty-Eighth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Forty-Eighth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: December 20, 2013
New York, New York

            /s/ Robert J. Lemons
            Robert J. Lemons

            WEIL, GOTSHAL & MANGES LLP
            767 Fifth Avenue
            New York, New York 10153
            Telephone: (212) 310-8000
            Facsimile: (212) 310-8007

            Attorneys for Lehman Brothers Holdings Inc.
            and Certain of Its Affiliates

**HEARING DATE AND TIME: January 28, 2014 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: January 21, 2014 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------x

**FOUR HUNDRED FORTY-EIGHTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**THIS FOUR HUNDRED FORTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS FOUR HUNDRED FORTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, DORON P. KENTER, AT 212-310-8923.**

US_ACTIVE:\44385889\1\58399.0011

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this four hundred Forty-Eighth omnibus objection to claims (the "Four Hundred Forty-Eighth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") (ECF No. 6664), seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto.

2. The Plan Administrator has examined each proof of claim identified on Exhibit A (collectively, the "No Liability Claims") and has determined that, in each case as identified more specifically on Exhibit A, the applicable Chapter 11 Estate against which the claim is asserted has no liability for any part of the claim. The Plan Administrator, therefore, requests that the No Liability Claims be disallowed and expunged.

3. The Plan Administrator reserves all rights to object on any other basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

**Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2

**Background**

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7. On December 6, 2011, the Court entered an order confirming the Plan (ECF No. 23023). The Plan became effective on March 6, 2012 (the "Effective Date"). Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The No Liability Claims Should Be Disallowed and Expunged**

8. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the No Liability Claims as claims that should be disallowed and expunged on the basis that they provide no basis for liability on the part of the Chapter 11 Estates.

9. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, section

3

502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

10. The Plan Administrator has evaluated the transactions underlying the No Liability Claims and the books and records of the Chapter 11 Estates. The No Liability Claims are asserted against Chapter 11 Estates that are not liable on any grounds for such claims. As described further on <u>Exhibit A</u>, the No Liability Claims do not set forth any legal and/or factual justification for asserting a claim against the applicable Chapter 11 Estates.

11. The Effective Date has occurred and distributions began on April 17, 2012. If the No Liability Claims remain on the claims register in the filed amount, the potential exists for recoveries by parties who do not hold valid claims against the Chapter 11 Estates. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the No Liability Claims.

## Notice

12. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Four Hundred Forty-Eighth Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on <u>Exhibit A</u>; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases (ECF No. 9635). The Plan Administrator submits that no other or further notice need be provided.

4

13. Except as described herein, no previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.[1]

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: December 20, 2013
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

---

[1] Claim No. 32084 was included in the Chapter 11 Estates' One Hundred and Eighty-Sixth Omnibus Objection to Claims (Misclassified Claims) (ECF No. 19816), and was reclassified as a general unsecured claim pursuant to this Court's order of October 28, 2011 (ECF No. 21371).

5

# EXHIBIT A

US_ACTIVE:\44385889\1\58399.0011

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 448: EXHIBIT A - NO LIABILITY

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | ASCOT UNDERWRITING ASIA LTD PTE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/16/2009 | 14331 | $791,819.00 | $791,819.00 | Claim #14331 states that it is based on amounts allegedly owed to the claimant by Lehman Re Ltd., a foreign affiliate of LBHI that is not a Debtor in these chapter 11 cases.  Claimant provides no basis or support for asserting that LBHI is liable for amounts allegedly owed by Lehman Re Ltd. |
| 2 | CHARTIS, INC. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32084 | $2,348,617.00 * | $2,348,617.00* | Claim #32084 asserts a guarantee claim against LBHI, but claimant has not asserted a claim against Lehman Re Ltd., the primary obligor.  Moreover, Lehman's records do not reflect a liability on the part of the primary obligor. |
| 3 | GLACIER INSURANCE AG | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21708 | $1,267,295.00 | $1,267,295.00 | Claim #21708 asserts a guarantee claim against LBHI, but claimant has not asserted a claim against Lehman Re Ltd., the primary obligor.  Moreover, Lehman's records do not reflect a liability on the part of the primary obligor. |
| 4 | GLACIER REINSURANCE AG | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21709 | $1,267,295.00 | $1,267,295.00 | Claim #21709 asserts a guarantee claim against LBHI, but claimant has not asserted a claim against Lehman Re Ltd., the primary obligor.  Moreover, Lehman's records do not reflect a liability on the part of the primary obligor. |
| 5 | LEHMAN BROTHERS NETHERLANDS HORIZONS B.V. | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 10/30/2009 | 58407 | Undetermined | Undetermined | Claim #58407 asserts a claim for amounts owed pursuant to a derivatives contract. LBCC has no liability pursuant to these transactions, and claimant has acknowledged that LBCC is "in the money" with respect to the transaction referenced in the claim, and has paid LBCC accordingly. |

## IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)
## OMNIBUS OBJECTION 448: EXHIBIT A - NO LIABILITY

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 6 | LEHMAN BROTHERS NETHERLANDS HORIZONS B.V. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/30/2009 | 58408 | Undetermined | Undetermined | Claim #58408 asserts a guarantee claim against LBHI with respect to claim no. 58407. LBCC and LBHI have no liability for this claim, and claimant has acknowledged that LBCC is "in the money" with respect to the transaction referenced in the claim, and has paid LBCC accordingly. |
| 7 | PMI MORTGAGE INSURANCE CO. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25567 | Undetermined | Undetermined | Claim #25567 asserts a guarantee claim in connection with claims against Lehman Re Ltd. LBHI's books and records reflect no liability for this claim. Moreover, claimant has not asserted a claim against the primary obligor. PMI Mortgage has previously withdrawn related claim #25611 against LBHI. |
| 8 | RBC CAPITAL MARKETS CORPORATION | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22287 | $1,060,000.00 * | $1,060,000.00* | Claim #22287 asserts an indemnification claim against LBHI. The underlying litigation has been settled, and indemnity claims have been released. Moreover, the lawsuit incorrectly named LBHI, rather than LBI, the correct Lehman underwriting party. |
| 9 | STARK MASTER FUND LTD. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/05/2009 | 64915 | $309,985.00 | $309,985.00 | Claim #64915 asserts a guarantee claim against LBHI, but claimant has not asserted a claim against Lehman Re Ltd., the primary obligor. Moreover, Lehman's records do not reflect a liability on the part of the primary obligor. |
| 10 | SWISS REINSURANCE COMPANY LTD | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27877 | $627,337.89 * | $627,337.89* | Claim #27877 asserts a guarantee claim against LBHI, but claimant has not asserted a claim against Lehman Re Ltd., the primary obligor. Moreover, Lehman's records do not reflect a liability on the part of the primary obligor. Portions of the claim have been transferred to other parties, and approximately 55% of this claim has been withdrawn by these other holders of portions of the claim. |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)
**OMNIBUS OBJECTION 448: EXHIBIT A - NO LIABILITY**

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 11 WELLS FARGO BANK, NA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24841 | Undetermined | Undetermined | LBHI has no liability to Wells Fargo Bank, N.A., as Trustee, under the Pooling and Servicing Agreement or the Sale Agreement (as such term is defined in Claim #24841). |
| 12 WELLS FARGO BANK, NATIONAL ASSOCIATION, NOT INDIVIDUALLY BUT SOLELY IN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 33069 | Undetermined | Undetermined | LBHI has no liability to Wells Fargo Bank, N.A., as Trustee, under the Pooling and Servicing Agreement or the Sale Agreement (as such term is defined in Claim #33069). |
| | | | | TOTAL | $7,672,348.89 | $7,672,348.89 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                              :     Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :     08-13555 (JMP)
                                                   :
                    Debtors.                       :     (Jointly Administered)
-----------------------------------------------------------------x

### ORDER GRANTING THE FOUR HUNDRED FORTY-EIGHTH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the Four Hundred Forty-Eighth omnibus objection to claims, dated December 20, 2013 (the "Four Hundred Forty-Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (ECF No. 6664) (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims, all as more fully described in the Four Hundred Forty-Eighth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Forty-Eighth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Forty-Eighth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Forty-Eighth Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Forty-Eighth Omnibus Objection to Claims.

Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Four Hundred Forty-Eighth Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and expunged with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Four Hundred Forty-Eighth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
      New York, New York

                                                                        UNITED STATES BANKRUPTCY JUDGE