HEARING DATE AND TIME: January 28, 2014 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: January 21, 2014 at 4:00 p.m. (Eastern Time)

---

**THE FOUR HUNDRED FIFTY-SECOND OMNIBUS OBJECTION TO CLAIMS SEEKS TO CLASSIFY AS SUBORDINATED CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE FOUR HUNDRED FIFTY-SECOND OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT COUNSEL FOR LEHMAN BROTHERS HOLDINGS INC., CINDI GIGLIO, AT 212-696-6936.**

---

**CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Counsel for Lehman Brothers Holdings Inc.
 and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| In re | : | Chapter 11 Case No. |
|---|---|---|
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF HEARING ON THE FOUR HUNDRED
FIFTY-SECOND OMNIBUS OBJECTION TO CLAIMS (510(b) CLAIMS)**

**PLEASE TAKE NOTICE** that on December 20, 2013, Lehman Brothers

17293122

Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors for the entities in the above referenced chapter 11 cases, filed the four hundred forty-ninth omnibus objection to claims (the "Four Hundred Fifty-Second Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Four Hundred Fifty-Second Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **January 28, 2014 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Fifty-Second Omnibus Objection to Claims shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in text-searchable Portable Document Format (PDF) (with a hard copy delivered directly to Chambers), and shall be served upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ralph I. Miller, Esq., Robert J. Lemons, Esq., and Maurice Horwitz, Esq.); and (iii) conflicts counsel for LBHI, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178 (Attn: L. P. Harrison 3rd, Esq. and Cindi Giglio, Esq.) and (iv) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope

Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **January 21, 2014 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Fifty-Second Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Fifty-Second Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: December 20, 2013
      New York, New York

                                  **CURTIS, MALLET-PREVOST,**
                                   **COLT & MOSLE LLP**

                                By: */s/ L. P. Harrison 3rd*
                                      L. P. Harrison 3rd
                                      Cindi Eilbott Giglio
                                101 Park Avenue
                                New York, New York 10178-0061
                                Telephone: (212) 696-6000
                                Facsimile:  (212) 697-1559

                                *Counsel for Lehman Brothers Holdings Inc.*
                                *and Certain of Its Affiliates*

17293122

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Counsel for Lehman Brothers Holdings Inc.*
 *and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

---------------------------------------------------------------------x

**FOUR HUNDRED FIFTY-SECOND**
**OMNIBUS OBJECTION TO CLAIMS (510(b) CLAIMS)**

---

**THIS OBJECTION SEEKS TO CLASSIFY AS SUBORDINATED CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS FOUR HUNDRED FIFTY-SECOND OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT COUNSEL FOR LEHMAN BROTHERS HOLDINGS INC., CINDI GIGLIO AT 212-696-6936.**

---

17293122

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**RELIEF REQUESTED**

1. The Plan Administrator files this four hundred fifty-second omnibus objection to claims (the "Four Hundred Fifty-Second Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), section 510(b) of the Bankruptcy Code, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664].

2. The proofs of claim listed on Exhibit A annexed hereto assert that LBHI is liable for indemnification, reimbursement, and/or contribution in connection with litigations or other proceedings that have been, or may be, commenced against the holders of the proofs of claim (the "Claimants"). According to the proofs of claim, in each of the litigations or other proceedings that have been commenced against the Claimants, the complainants seek damages from the Claimants arising from the purchase or sale of securities of LBHI.

3. The Claimants are underwriters of securities issued by LBHI (collectively, the "Underwriter Claimants"). Many of the Underwriter Claimants have been sued for damages under state and/or federal securities laws based upon alleged false and misleading statements

contained in the offering documents of securities issued by LBHI and underwritten by the Underwriter Claimants.

4. The Underwriter Claims should be classified as subordinated pursuant to the Plan and section 510(b) of the Bankruptcy Code. Section 510(b) of the Bankruptcy Code requires mandatory subordination of claims for "reimbursement or contribution" to the extent such claims are on account of claims arising from the purchase or sale of securities of a debtor or its affiliates. The Underwriter Claims seek reimbursement or contribution from LBHI in connection with litigations or other proceedings arising from the purchase or sale of securities issued by LBHI or its affiliates. Accordingly, the Underwriter Claims fall squarely within the plain text of section 510(b) of the Bankruptcy Code. The Plan Administrator respectfully requests that the Court classify the Underwriter Claims as subordinated under the Plan.

5. The Plan Administrator reserves its rights to object to any of the Underwriter Claims on any other basis as to which the Court does not grant the relief requested herein.

## JURISDICTION

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

**Chapter 11 Case Background**

7. Commencing on September 15, 2008 (the "Commencement Date") and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter

11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

9. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023] (the "Confirmation Order"). The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

10. The Plan classifies claims against LBHI that are subject to section 510(b) of the Bankruptcy Code in LBHI Class 11, unless such claims arise out of Equity Interests[1] in LBHI, in which case the Plan classifies them in LBHI Class 12. Plan at §§ 4.16, 4.17.

**The Underwriter Claims**

11. The Underwriter Claims seek indemnification, reimbursement, and/or contribution from LBHI in connection with litigations or other proceedings that have been, or may be, commenced against the Underwriter Claimants. LBHI's alleged indemnification, reimbursement, and contribution obligations purportedly arise from contractual relationships between LBHI and the Underwriter Claimants, such as their underwriting agreements, and/or provisions of federal and state securities and other laws. Citing to these alleged indemnification, reimbursement, and contribution obligations, the Underwriter Claimants seek a recovery from

---

[1] The Plan defines Equity Interests to include "Allowed Claims against LBHI arising out of, relating to, or in connection with any [shares of common stock, preferred stock, other forms of ownership interest, or any other equity security] that are subject to section 510(b) of the Bankruptcy Code." Plan at § 1.51.

LBHI for liability, settlement amounts, defense costs, and/or expenses that have been, or may be, incurred by the Underwriter Claimants in defending litigations or other proceedings that have been, or may be, commenced or threatened against them. Certain of the Underwriter Claims were filed in liquidated amounts, whereas others were filed as either wholly or partially contingent and unliquidated.

12. According to the proofs of claim filed by the Underwriter Claimants, in each of the litigations or other proceedings that have been commenced against the Underwriter Claimants (collectively, the "Securities Fraud Litigations"), the complainants seek damages arising from alleged false statements and/or omissions in the offering materials of securities issued by LBHI and underwritten by the Underwriter Claimants. Certain of the Underwriter Claimants have settled the underlying securities litigations commenced against them. *See, e.g.*, Judgment and Order Approving Settlement Between Lead Plaintiffs and the Settling Underwriter Defendants, ¶ 14(a), 1:08-cv-5523, ECF No. 397.

## THE UNDERWRITER CLAIMS SHOULD BE CLASSIFIED AS SUBORDINATED[2]

13. The Underwriter Claims should be classified as subordinated pursuant to the Plan and section 510(b) of the Bankruptcy Code. The Bankruptcy Code mandates the subordination of claims for "reimbursement or contribution" on account of claims for damages arising from the purchase or sale of securities of a debtor or an affiliate of the debtor. 11 U.S.C. § 510(b). Specifically, section 510(b) of the Bankruptcy Code states:

---

[2] The Plan Administrator need not commence an Adversary Proceeding because (i) such claims are not yet "allowed" and (ii) the Plan provides for subordination of claims subject to section 510(b) of the Bankruptcy Code. FED R. BANKR. P. 7001(8) ("The following are adversary proceedings… (8) a proceeding to subordinate any *allowed* claim or interest, *except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination*") (emphasis added).

5

17293122

> [A] claim . . . for damages arising from the purchase or sale of [a security of the debtor or an affiliate of the debtor] or for reimbursement or contribution allowed under section 502 on account of such a claim . . . shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

*Id.* As detailed below, both the Underwriter Claims fall squarely within the plain text of section 510(b) of the Bankruptcy Code. Therefore, subordination of the Underwriter Claims is mandatory.

### The Bankruptcy Code Mandates the Subordination of the Underwriter Claims

14. Numerous courts, including this Court, have subordinated underwriter indemnification claims arising from litigation involving securities issued by the debtor. *See, e.g.*, *In re De Laurentiis Entm't. Group, Inc.*, 124 B.R. 305, 310 (C.D. Cal. 1998) (subordinating the indemnification claim of the debtor's underwriter for attorneys' fees incurred in defending actions brought by the debtor's stockholders); *In re Jacom Computer Servs., Inc.*, 280 B.R. 570, 572 (Bankr. S.D.N.Y. 2002) (holding that claims filed by the debtor's underwriters should be subordinated where such claims sought the recovery of costs incurred by the underwriters in connection with a class action lawsuit arising from the initial public offering of the debtor's stock); *In re Mid-American Waste Sys., Inc.*, 228 B.R. 816, 824 (Bankr. D. Del. 1999) (subordinating the indemnification claims of a debtor's underwriters for costs and expenses incurred in defense of a securities fraud action commenced by the debtor's shareholders); *In re Walnut Equip. Leasing Co., Inc.*, No. 97-19699, 1999 WL 1271762, at *5-6 (Bankr. E.D. Pa. Dec. 28, 1999) (agreeing with "courts [that] have concluded that defense costs incurred by underwriters in connection with securities violations are subordinated" under section 510(b) "regardless of whether the indemnification obligation is based on a statute, a contractual

6

agreement or otherwise"); *see also In re Touch America Holdings, Inc.*, 381 B.R. 95 (Bankr. D. Del. 2008) (requiring subordination of officers' and directors' indemnification claims pursuant to section 510(b)); *In re Public Serv. Co. of N.H.*, 129 B.R. 3, 5 (Bankr. D.N.H. 1991) (same). Accordingly, the weight of authority requires subordination of the Underwriter Claims.

15. Moreover, the plain text of section 510(b) also requires subordination of the Underwriter Claims. First, the Underwriter Claims qualify as claims for "reimbursement or contribution" as such terms are used in section 510(b). Each of the Underwriter Claims seeks "contribution," and/or "indemnification." As such, many of the Underwriter Claimants have conceded that their claims are for "contribution." *See, e.g.*, Proof of Claim Number 22845 filed by Credit Suisse Securities (USA) LLC; Proof of Claim Number 26979 filed by Citigroup Global Markets Inc. Although certain Underwriter Claimants seek "indemnification," a term not used in section 510(b) of the Bankruptcy Code, courts have noted that "reimbursement by definition includes indemnification." *Jacom*, 280 B.R. at 572 ("This Court is not persuaded by Underwriters' characterization of their claim as one for 'indemnification' as opposed to 'reimbursement' (the term used in the statute)."); *accord De Laurentiis*, 124 B.R. at 308. Indeed, numerous courts have subordinated underwriter claims for "indemnification." *See, e.g.*, *De Laurentiis*, 124 B.R. at 310; *Jacom*, 280 B.R. at 572.

16. Second, the securities in the underlying Securities Fraud Litigations are "securit[ies] of the debtor or of an affiliate of the debtor." Section 101(49) of the Bankruptcy Code defines "security" broadly to include notes, stock, bonds, debentures, and any other claim or interest commonly referred to as a security. 11 U.S.C. § 101(49). There can be no dispute that the securities at issue in the underlying Securities Fraud Litigations are "securities" within the meaning ascribed to such term by section 101(49) of the Bankruptcy Code. Indeed, in their

7

proofs of claim, the Underwriter Claimants repeatedly refer to the stock, notes, and bonds at issue as "securities." *See, e.g.*, Proof of Claim Number 26979 filed by Citigroup Global Markets Inc. Similarly, there can be no dispute that these securities are securities "of the debtor." Each of the Underwriter Claimants underwrote the issuance of securities by LBHI, and each of the Underwriter Claims involves claims for indemnification, reimbursement, and/or contribution arising from securities issued by LBHI. *See, e.g.*, Proof of Claim Number 26979 filed by Citigroup Global Markets Inc.; Proof of Claim Number 22845 filed by Credit Suisse Securities (USA) LLC.

        17.    Third, each of the Underwriter Claims is "on account of" claims for "damages arising from the purchase or sale" of securities issued by LBHI. As stated in the Underwriter Claims, in the Securities Fraud Litigations, complainants asserted claims under state and/or federal securities laws against the Underwriter Claimants based upon alleged false and misleading statements contained in the offering documents for the relevant securities. Securities fraud claims such as these clearly qualify as claims for "damages arising from the purchase or sale of securities." Courts routinely subordinate claims pursuant to section 510(b) of the Bankruptcy Code where such claims allege that the debtor's fraud led claimants to purchase or retain securities to their detriment. *See, e.g.*, *In re WorldCom, Inc.*, 329 B.R. 10, 15 (Bankr. S.D.N.Y. 2005) ("The damage and harm sustained by [claimant], whether proximately caused by fraud in the inducement of its purchase, or the retention of its ownership . . . arises from and is based upon [claimant's] purchase and ownership of WorldCom stock and as such is squarely within the scope of section 510(b)."). Further, the Underwriter Claims, which seek indemnification, reimbursement, and/or contribution in connection with the Securities Fraud Litigations, are clearly "on account of" claims for "damages arising from the purchase of sale" of

8

securities of LBHI. *See De Laurentiis*, 124 B.R. at 310; *Jacom*, 280 B.R. at 572; *Mid-American Waste*, 228 B.R. at 824.

## **Notice**

18. No trustee has been appointed in these Chapter 11 Cases. The Plan Administrator has served notice of this Four Hundred Fifty-Second Omnibus Objection to Claims on: (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on <u>Exhibit A</u> attached to this Four Hundred Fifty-Second Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

19. No previous request for the relief sought herein has been made by LBHI or the Plan Administrator to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: December 20, 2013
      New York, New York

**CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP**

By: */s/ L. P. Harrison 3rd*
    L. P. Harrison 3rd
    Cindi Eilbott Giglio
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559

*Counsel for Lehman Brothers Holdings Inc.*
 *and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                  :    Chapter 11 Case No.
                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,               :    08-13555 (JMP)
                                                       :
                    Debtors.                           :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING THE FOUR HUNDRED
### FIFTY-SECOND OMNIBUS OBJECTION TO CLAIMS (510(b) CLAIMS)

Upon the four hundred fifty-second omnibus objection to claims, dated December 20, 2013 (the "Four Hundred Fifty-Second Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), section 510(b) of the Bankruptcy Code, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking to subordinate the Underwriter Claims, all as more fully described in the Four Hundred Fifty-Second Omnibus Objection to Claims; and due and proper notice of the Four Hundred Fifty-Second Omnibus Objection to Claims having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Fifty-Second Omnibus Objection to Claims is in the best interests of LBHI, its creditors, and all parties in interest, and that the legal and factual bases set forth in the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Fifty-Second Omnibus Objection to Claims.

17293122

Four Hundred Fifty-Second Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Fifty-Second Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that the Underwriter Claims listed on Exhibit 1 annexed hereto are subordinated pursuant to section 510(b) of the Bankruptcy Code; and it is further

ORDERED that the Plan Administrator is authorized to (a) classify in LBHI Class 11 each Underwriter Claim, or portion thereof, that is subordinated pursuant to this Order, to the extent such claim, or portion thereof, relates in the judgment of the Plan Administrator to a debt security of LBHI; and (b) classify in LBHI Class 12 each Underwriter Claim, or portion thereof, that is subordinated pursuant to this Order, to the extent such claim, or portion thereof, relates in the judgment of the Plan Administrator to an equity security of LBHI; and it is further

ORDERED that this Order has no res judicata, estoppel, or other affect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A to the Four Hundred Fifty-Second Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

17293122

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

3

17293122

**EXHIBIT A**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)
OMNIBUS OBJECTION 452: EXHIBIT A - 510(b) CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE SUBORDINATED | CATEGORY OF CLAIMS |
|---|---|---|---|---|---|---|---|---|
| 1 | CITIGROUP GLOBAL MARKETS, INC. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26979 | $247,015.28 * | $247,015.28 * | Underwriter Claim |
| 2 | CREDIT SUISSE SECURITIESUSA, LLC | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22845 | Undetermined | Undetermined | Underwriter Claim |
| 3 | H&R BLOCK FINANCIAL ADVISORS, INC., N/K/A AMERIPRISE ADVISOR | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 19842 | Undetermined | Undetermined | Underwriter Claim |
| 4 | MORGAN STANLEY & CO. LLC | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26985 | $134,029.71 * | $134,029.71 * | Underwriter Claim |
| | | | | TOTAL | | $381,044.99 | $381,044.99 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts