# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc.      Case No. 08-13555 (JMP)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claims referenced in this evidence and notice.

| **Värde Credit Partners Master, L.P.** | **Credit Suisse Loan Funding LLC** |
|---|---|
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent:<br><br>8500 Normandale Lake Boulevard<br>Suite 1500<br>Minneapolis, MN 55437<br>Attn: Edwina P.J. Steffer<br>e-mail: *esteffer@varde.com*<br><br>Last Four Digits of Acct. #: | Court Claim Nos. and Amounts of Claims:<br><br>(i) with respect to Court Claim No. 55814, the sum of $285.71;<br>(ii) with respect to Court Claim No. 55816, the sum of $2,142.86;<br>(iii) with respect to Court Claim No. 55825, the sum of $4,142.86;<br>(iv) with respect to Court Claim No. 55828, the sum of $7,142.86; and<br>(v) with respect to Court Claim No. 55829, the sum of $87,258.71, in each case, all accrued interest, fees and other recoveries due.<br><br>Phone:<br>Last Four Digits of Acct. #: |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**VÄRDE CREDIT PARTNERS MASTER, L.P.**

BY: VÄRDE CREDIT PARTNERS G.P., LLC,
ITS GENERAL PARTNER

BY: VÄRDE PARTNERS, L.P., ITS MANAGING MEMBER

BY: VÄRDE PARTNERS, INC., ITS GENERAL PARTNER

By: _____    Date: 12/31/13
Name: Thomas E. Simonson
Title: Managing Director

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

119-1561/CERTS/4092796.1

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc.          Case No. 08-13555 (JMP)

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIMS 55814, 55816, 55825, 55828 and 55829 were filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of those claims, the transferee filed a Transfer of Claims other than for Security in the Clerk's office of this court on

| **Credit Suisse Loan Funding LLC**<br>Name of Alleged Transferor<br><br>Address of Alleged Transferor:<br>Credit Suisse Loan Funding LLC<br>One Madison Avenue, 2nd Floor<br>New York, NY 10010<br>Attn: Ashwinee Sawh<br>e-mail: ashwinee.sawh@credit-suisse.com<br>Tel: (212) 538-2905   Fax: (212) 325-8129<br><br>*With a copy to:*<br><br>Credit Suisse Loan Funding LLC<br>Eleven Madison Avenue<br>New York, NY 10010<br>Attn: Jarvis Buckman<br>Jarvis.Buckman@csg.com | **Värde Credit Partners Master, L.P.**<br>Name of Transferee<br><br>Address of Transferee<br>8500 Normandale Lake Boulevard<br>Suite 1500<br>Minneapolis, MN 55437<br>Attn: Edwina P.J. Steffer<br>E-mail: *esteffer@varde.com* |

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |

The alleged transferor of the claims is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____          _____
                                                CLERK OF THE COURT

119-1561/CERTS/4092796.1

**Execution Version**

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Credit Suisse Loan Funding LLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Värde Credit Partners Master, L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **amounts** specified in Schedule 1 attached hereto (each, a "Purchased Claim," and, collectively, the "Purchased Claims"), in Seller's right, title and interest in and to Proof of Claim Numbers **55814, 55816, 55825. 55828 & 55829** filed by or on behalf of **Seller's predecessor in interest** (each, a "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to any Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way any Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with any Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to any Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of any Purchased Claim, but only to the extent related to such Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security (the "Purchased Security") relating to each Purchased Claim and specified in Schedule 1 attached hereto.

Notwithstanding anything to the contrary set forth herein and for the avoidance of doubt, and without prejudicing or limiting any right of Purchaser (or Purchaser's successors and assigns) to assert any cause of action, including without limitation any cause of action for breach of representation, against Seller or any third party (including any prior seller), all of which right shall remain retained by Purchaser or its successors and assigns, as applicable, Purchaser acknowledges and agrees that Seller hereby expressly reserves and retains all rights of indemnification against all prior sellers arising under common law or based on any and all representations, warranties, covenants and agreements previously made to Seller or for Seller's benefit in connection with Seller's acquisition of the Transferred Claims for any losses which may result from Purchaser (and/or its successors and assigns) seeking to assert and/or to enforce against Seller any representation, warranty, covenant or agreement made by Seller in connection with Purchaser's acquisition of any of the Transferred Claims, it being understood and agreed that Seller may only assert said rights in response to, and only to the extent of, Purchaser's assertion of its rights against Seller, and may do so by impleading such third party (including any prior seller) in any action or proceeding brought against Seller, or through a plenary action initiated by Seller against said third party (including any prior seller).

2.   Seller hereby represents and warrants to Purchaser that: (a) each Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) each Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) each Proof of Claim includes the Purchased Security specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) the Notice of Proposed Allowed Claim Amount for each Proof of Claim ("Notice")

that was provided to Purchaser is true and correct to the extent and in the form received from Seller's predecessor in interest, and the Seller did not file a written response to any Notice per the terms of the relevant Notice; (h) on October 3, 2013, Seller received the fourth distribution relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (collectively, the "Fourth LBHI Distribution") and on October 24, 2013, Seller received the distribution relating to the Purchased Security in the amount indicated on Schedule 1 attached hereto (the "Second BV Distribution," and, together with the Fourth LBHI Distribution, the "Distributions"); and (i) other than the Distributions, Seller has not received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims or the Purchased Security.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims.  Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than the third (3rd) business day following receipt) remit any notices, correspondence, payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser.  For the avoidance of doubt, any distributions received by Seller on or after October 22, 2013, are for the benefit of Purchaser.  Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to any Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.  Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 30th day of December 2013.

Credit Suisse Loan Funding LLC

By: _____
Name: _____
Title: _____

By: _____ David Fitzgerald
Name: _____ Authorized Signatory
Title: _____

Credit Suisse Loan Funding LLC
One Madison Avenue, 2nd Floor
New York, NY 10010
Attn: Ashwinee Sawh
e-mail: ashwinee.sawh@credit-suisse.com
Tel: (212) 538-2905   Fax: (212) 325-8129
*With a copy to:*

Credit Suisse Loan Funding LLC
Eleven Madison Avenue
New York, NY 10010
Attn: Jarvis Buckman
Jarvis.Buckman@csg.com

VÄRDE CREDIT PARTNERS MASTER, L.P.
By Värde Credit Partners G.P., LLC, Its General Partner
By Värde Partners, L.P., Its Managing Member
By Värde Partners, Inc., Its General Partner

By: _____
Name: Thomas E. Simonson
Title: Managing Director

Värde Credit Partners Master, L.P.
c/o Värde Partners, Inc.
8500 Normandale Lake Blvd.
Suite 1500
Minneapolis, MN 55437
Attn: Edwina P.J. Steffer
Email: steffer@varde.com
Tel: (852) 374-6983
Fax: (952) 893-9613

NYC:255985.2

Schedule 1

Transferred Claims

Purchased Claim

1. 1.4285714286% of the interest in the original amount listed in the Proof of Claim Number 55814 with respect to ISIN XS0339537804;
2. 1.4285714286% of the interest in the original amount listed in the Proof of Claim Number 55816 with respect to ISIN XS0339537804;
3. 1.4285714286% of the interest in the original amount listed in the Proof of Claim Number 55825 with respect to ISIN XS0339537804;
4. 1.4285714286% of the interest in the original amount listed in the Proof of Claim Number 55828 with respect to ISIN XS0339537804; and
5. 1.0913442646% of the interest in the original amount listed in the Proof of Claim Number 55829 with respect to ISIN XS0339537804.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN | Proof of Claim No. | Issuer | Guarantor | Allowed Claim Amount Transferred | Fourth LBHI Distribution | Second BV Distribution |
|---|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Co. B.V., Issue of USD 500,000 Commodity Linked Notes due February 2009, Tranche 2 (the "New Notes") to be consolidated with and forming single series with USD 10,000,000 Commodity Linked Notes due February 2009, Tranche 1 (the "Original Notes" together with the New Notes, the "Notes") Guaranteed by Lehman Brothers Holdings Inc. under the US$ 100,000,000,000 Euro Medium-Term Note Program | XS0339537804 | 55814 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $285.71 | $10.42 | $13.61 |

NYC:255985.2

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Co. B.V., Issue of USD 500,000 Commodity Linked Notes due February 2009, Tranche 2 (the "New Notes") to be consolidated with and forming single series with USD 10,000,000 Commodity Linked Notes due February 2009, Tranche 1 (the "Original Notes" together with the New Notes, the "Notes") Guaranteed by Lehman Brothers Holdings Inc. under the US$ 100,000,000,000 Euro Medium-Term Note Program | XS0339537804 | 55816 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $2,142.86 | $78.16 | $102.09 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Co. B.V., Issue of USD 500,000 Commodity Linked Notes due February 2009, Tranche 2 (the "New Notes") to be consolidated with and forming single series with USD 10,000,000 Commodity Linked Notes due February 2009, Tranche 1 (the "Original Notes" together with the New Notes, the "Notes") Guaranteed by Lehman Brothers Holdings Inc. under the US$ 100,000,000,000 Euro Medium-Term Note Program | XS0339537804 | 55825 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $4,142.86 | $151.10 | $197.38 |

NYC:255985.2

| Lehman Brothers Treasury Co. B.V., Issue of USD 500,000 Commodity Linked Notes due February 2009, Tranche 2 (the "New Notes") to be consolidated with and forming single series with USD 10,000,000 Commodity Linked Notes due February 2009, Tranche 1 (the "Original Notes" together with the New Notes, the "Notes") Guaranteed by Lehman Brothers Holdings Inc. under the US$ 100,000,000,000 Euro Medium-Term Note Program | XS0339537804 | 55828 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $7,142.86 | $260.52 | $340.31 |
|---|---|---|---|---|---|---|---|

NYC:255985.2

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Co. B.V., Issue of USD 500,000 Commodity Linked Notes due February 2009, Tranche 2 (the "New Notes") to be consolidated with and forming single series with USD 10,000,000 Commodity Linked Notes due February 2009, Tranche 1 (the "Original Notes" together with the New Notes, the "Notes") Guaranteed by Lehman Brothers Holdings Inc. under the US$ 100,000,000,000 Euro Medium-Term Note Program | XS0339537804 | 55829 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $87,258.71 | $3,183.59 | $4,158.65 |

NYC:255985.2