# EXHIBIT D

# ARNOLD & PORTER LLP

+1 212.715.1000
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

October 29, 2013

Honorable Lorna G. Schofield
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    <u>FHFA, et al. v. Lehman Brothers Holdings Inc., 13-CV-07481 (LGS)</u>

Dear Judge Schofield:

    We write on behalf of both the Federal Housing Finance Agency ("FHFA"), as Conservator of the Federal Home Loan Mortgage Corporation ("Freddie Mac"), and Freddie Mac, in response to this Court's October 25, 2013 Order.

    The above-referenced action (the "Action") comes before this Court upon a motion by FHFA and Freddie Mac, pursuant to 28 U.S.C. § 157(d), for withdrawal of the reference to the Bankruptcy Court as to the determination of a motion filed by Lehman Brothers Holdings Inc. ("LBHI") in the Bankruptcy Court. Because resolution of LBHI's motion will require significant interpretation of a non-bankruptcy federal statute—the Housing and Economic Recovery Act of 2008 ("HERA")—withdrawal of the reference is mandatory.

    Less than one month before LBHI filed for bankruptcy protection on September 15, 2008, Freddie Mac made two loans to LBHI totaling $1.2 billion (the "Loans") which were scheduled to be repaid on September 15, 2008, on an "early return" basis, meaning before the markets opened that day. Freddie Mac and FHFA assert that the Loans were made by Freddie Mac to LBHI based upon false assurances by LBHI about its liquidity and creditworthiness, and that LBHI knew at the time it incurred the Loans that it could not repay the Loans when they came due. Freddie Mac and FHFA further assert that, shortly before the Loans came due, LBHI transferred several billion dollars to third parties, including JPMorgan Chase and Citibank, knowing that such actions would leave it unable to repay its obligations to Freddie Mac.

    On September 15, 2008, the Loans were not repaid as and when due. On September 22, 2009, a proof of claim was filed asserting Freddie Mac's entitlement to repayment of the $1.2 billion, plus $2,241,875 on account of accrued interest (the "HERA Priority Claim"), and further asserting an entitlement under HERA to superior rights in monies owed to Freddie Mac to the extent that FHFA establishes that LBHI—in incurring and/or failing to repay the Loans when they came due—incurred an obligation or made transfers with "the intent to hinder, delay, or defraud" Freddie Mac.

    In order to address the housing and financial crisis in summer 2008, Congress enacted HERA and thereby granted FHFA broad powers to preserve and conserve the assets and property

# ARNOLD & PORTER LLP

Hon. Lorna G. Schofield
Page 2

of Freddie Mac, including, pursuant to Section 4617(b)(15), the right to avoid and recover any transfers made or any obligations incurred by a debtor of an entity regulated by FHFA (here, Freddie Mac) with "the intent to hinder, delay, or defraud" such regulated entity. 12 U.S.C. § 4617(b)(15)(A). Critically, HERA expressly makes such rights "superior to any rights of a trustee or any other party (other than any party which is a Federal agency) under title 11." 12 U.S.C. § 4617(b)(15)(D). Thus, the rights asserted by Freddie Mac and FHFA in this case arise from a federal statutory scheme that is distinct from the Bankruptcy Code.

Despite having amended its plan of reorganization to specifically provide that any claim entitled to a priority under either Section 507 of the Bankruptcy Code or Section 4617(b)(15) of HERA would be entitled to a 100% recovery as a "Priority Non-Tax Claim," and agreeing to set aside $1.2 billion to secure the HERA Priority Claim, on September 13, 2013, LBHI filed a Motion to Classify the HERA Priority Claim as a senior unsecured claim, rather than as a claim entitled to a priority recovery under HERA, and to release the $1.2 billion reserve.[1] The Motion to Classify asserts arguments that will require significant interpretation of HERA, a non-bankruptcy statute, making withdrawal of the reference mandatory. LBHI argues that Section 4617(b)(15)(D) of HERA, despite its express language that FHFA's rights are "superior to any rights" of any party in a bankruptcy proceeding, including a trustee, does not grant FHFA any right to a priority recovery because the superior rights granted by HERA are not codified at 11 U.S.C. § 507, which sets forth priorities established under the Bankruptcy Code. LBHI further seeks to restrict FHFA's rights under HERA by asserting that even if HERA grants FHFA priority rights, HERA does not entitle FHFA to recover funds from LBHI's bankruptcy estate, except to the extent such funds are generated from avoidance actions against third party transferees of LBHI, with FHFA otherwise being limited only to recoveries directly from such transferees. FHFA responds that in light of the unambiguous language of HERA, such assertions by LBHI are contrary to the intent of Congress to allow FHFA to recover on a priority basis (from LBHI or transferees) any losses imposed upon Freddie Mac as a result of actions taken by LBHI with the intent to hinder, delay, or defraud Freddie Mac or FHFA.

In view of the substantial and material consideration of HERA that will be required to resolve the Motion to Classify, FHFA and Freddie Mac filed a motion for mandatory withdrawal of the reference to the Bankruptcy Court. The purpose of Section 157(d)'s mandatory withdrawal provision "is to assure that an Article III judge decides issues calling for more than routine application of [federal laws] outside the Bankruptcy Code."[2] Here, a court will be required to determine the scope and effect of HERA's grant of superior rights to FHFA, and

---

[1] The Motion to Classify focuses on two issues of statutory interpretation under HERA. It does not seek to address the underlying facts and circumstances of the HERA Priority Claim, which will need to be determined by a trier of fact.

[2] *Enron Power Mktg., Inc. v. Cal. Power Exch. Corp. (In re Enron Corp.)*, 2004 WL 2711101, at *2 (S.D.N.Y. Nov. 23, 2004) (citations omitted).

# ARNOLD & PORTER LLP

Hon. Lorna G. Schofield
Page 3

whether—notwithstanding the priority scheme in the Bankruptcy Code—HERA entitles FHFA to a priority right of recovery over other creditors from property of the bankruptcy estate, or whether FHFA's rights under HERA are limited to recoveries generated by actions against third party transferees. Resolution of these issues will require a court to engage in "more than routine application" of HERA, and may require resolution of any intersection of the rights and powers granted FHFA under HERA with the Bankruptcy Code, making withdrawal of the reference mandatory. Moreover, resolution of this Action will reach matters of first impression in regards to the construction of HERA, making this an even stronger case for mandatory withdrawal.

LBHI may argue that aspects of HERA are similar to the Bankruptcy Code, and that the Motion to Classify implicates issues of claims priority with which a bankruptcy judge is familiar, and therefore withdrawal of the reference is not appropriate. However, courts have routinely found withdrawal of the reference to be mandatory in cases requiring analysis of the interplay between non-bankruptcy federal law and the Bankruptcy Code, including in cases where issues of federal non-bankruptcy law arose in the context of a claims dispute—with one case involving a statute similar to the one at issue here.[3] Further, when a proceeding requires substantial and material consideration of a statute outside Title 11, withdrawal of the reference in that case is mandatory regardless of whether the bankruptcy judge is familiar with the non-bankruptcy federal statute.[4] The resolution of the Motion to Classify will require substantial interpretation and analysis of FHFA's rights and powers under Section 4617(b)(15) of HERA—issues of first impression in any court. Nothing more is required for mandatory withdrawal of the reference.

Simultaneous with the filing of the Motion to Withdraw the Reference, FHFA and Freddie Mac filed in Bankruptcy Court a Motion to Stay further proceedings relating to the Motion to Classify, pending a determination by this Court of the Motion to Withdraw the Reference. On October 24, 2013, the Bankruptcy Court denied the Motion to Stay. The Bankruptcy Court adjourned the hearing on the Motion to Classify to November 22, 2013.

Respectfully,

*Nancy G. Milburn*

Nancy G. Milburn

cc: Counsel of record (via ECF)

---

[3] See *In re Colonial Realty Co.*, 980 F.2d 125, 128 n.5 (2d Cir. 1992).
[4] *Picard v. J.P. Morgan Chase & Co.*, 454 B.R. 307, 316 (S.D.N.Y. 2011).