# EXHIBIT E

**Weil, Gotshal & Manges LLP**

700 Louisiana, Suite 1600
Houston, TX 77002-2755
+1 713 546 5000 tel
+1 713 224 9511 fax

**Alfredo R. Pérez**
+1 (713) 546-5040
alfredo.perez@weil.com

October 29, 2013

Hon. Lorna G. Schofield
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *In re Lehman Brothers Holdings Inc., et al.*, Civ. No. 13-07481

Dear Judge Schofield:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), writes in response to this Court's order and respectfully submits as follows:

**Nature of the Case.** The dispute before this Court relates to the bankruptcy claim that the Federal Home Loan Mortgage Corporation ("Freddie Mac" and together with its conservator, the Federal Housing Finance Agency (the "FHFA"), the "Movants") filed against LBHI in the amount of $1,202,241,875 (the "Claim"). The underlying issue before the Court is whether that Claim should be treated as a senior unsecured claim in LBHI Class 3 under the Plan or, as Movants contend, a claim entitled to "priority" treatment. In connection with the Plan, Movants entered into a stipulation which reserved LBHI's rights to dispute classification of the Claim. LBHI filed a motion to classify and allow the Claim as a senior unsecured claim in LBHI Class 3. Movants objected to the Classification Motion, asserting that the Claim was entitled to a priority under chapter five of title 11 of the United States Code (the "Bankruptcy Code"), and filed (i) the Motion to Withdraw the Reference (the "Motion to Withdraw the Reference"), arguing that the Classification Motion involves analysis of the Housing and Economic Recovery Act of 2008 ("HERA"), and (ii) a motion seeking to stay the hearing on the Classification Motion before the Bankruptcy Court (the "Stay Motion"), pending a decision on the Motion to Withdraw the Reference, to which LBHI objected.

After a full hearing on the Stay Motion, the Bankruptcy Court denied the Stay Motion, noting that "in the history of this bankruptcy case, to my knowledge, there has never been a [non-consensual] withdrawal of the reference, despite various efforts to achieve that over the last five years," and adjourned the hearing on the Classification Motion to November 22, 2013. Hr'g Tr. 21:20-23, 51:22, 119:4-8, *In re Lehman Bros. Holdings Inc.*, No. 08-13555 (Bankr. S.D.N.Y. Oct. 24, 2013). In denying the Stay Motion, the Bankruptcy Court concluded that the dispute involved fundamental principles of bankruptcy law, so it was "more likely than not, that a district court considering the pending motion to withdraw the reference will conclude that under the circumstances of the Lehman bankruptcy case in particular, the bankruptcy tribunal is the most logical place for claims to be resolved, even claims that involve the potential application of the HERA statute." Hr'g Tr. 51: 11-17. Among other things, the

Hon. Lorna G. Schofield  
October 29, 2013  
Page 2

**Weil, Gotshal & Manges LLP**

Bankruptcy Court characterized "the claims process in the Lehman bankruptcy cases to be somewhat unique." *Id.* at 49:20. In discussing the confirmation of the Plan, the court noted that "FHFA was an objector, whose objection was resolved by means of a stipulation, which stipulation provided for reserved rights on the parts of the debtor to object to the classification of the claim, [which] takes this dispute out of the category of mandatory withdrawal of the reference." *Id.* at 50:14-20. In essence, the Bankruptcy Court recognized that, because the resolution of the dispute requires interpretation of the Plan, the dispute predominantly arises under the Bankruptcy Code, which weighs against withdrawal of the reference. Furthermore, the Bankruptcy Court found that "the provisions of the HERA statute are not arcane or unusual from the perspective of a bankruptcy tribunal." *Id.* at 50:22-24. Regardless of whether HERA is analyzed, "we are dealing with claim priority questions, and in the case of the HERA statute itself, we're dealing with priorities associated with avoidance powers." *Id.* at 50:24, 51:1-4. Thus, "the non-bankruptcy federal law in question is very closely analogous to bankruptcy law. I believe for that reason, that this is one of those circumstances where mandatory withdrawal of the reference makes no sense." *Id.* at 51:5-9.

**Principal Claims and Defenses.** Movants seek mandatory withdrawal of the Classification Motion to this Court pursuant to 28 U.S.C. § 157(d) because, Movants argue, the Court will be required to determine issues arising under HERA, which allegedly affords Freddie Mac a "priority claim." LBHI argues that such withdrawal is not warranted because the issue of priority is resolvable under the Bankruptcy Code alone, rendering any interpretation of HERA a mere academic exercise, and even if a limited interpretation of HERA is required — which it is not — bankruptcy issues, with which the Bankruptcy Court is very familiar, predominate. In the alternative, given the Bankruptcy Court's multi-year experience in dealing with disputed claims, LBHI requests that the Bankruptcy Court be required to issue a report and recommendation with respect to the Classification Motion.

**Principal Legal and Other Grounds.** The doctrine of mandatory withdrawal, which is narrowly applied, is only appropriate when a matter requires "substantial and material consideration" of federal non-bankruptcy law. *See, e.g., Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.)*, 922 F.3d 984, 995 (2d Cir. 1990) (citation omitted). Courts have held that (A) a request for withdrawal of the reference pursuant to 28 U.S.C. § 157(d) will be denied where a "threshold issue" of bankruptcy law must be determined before an issue of non-bankruptcy law might arise and (B) withdrawal is mandatory when "issues arising under non-title 11 laws dominate[] those arising under title 11." *In re Texaco, Inc.*, 84 B.R. 911, 921-23 (S.D.N.Y. 1988); *see also* Hr'g Tr. 21:5.

    **A.**    ***The Motion to Withdraw the Reference should be denied because the determination of a threshold bankruptcy issue may render any interpretation of HERA merely academic.***

In this case, the Classification Motion can be decided based on a threshold bankruptcy issue — whether a claim must fall within the list in section 507(a) of the Bankruptcy Code in order for such claim to be entitled to priority treatment. Section 507(a) of the Bankruptcy Code provides an exhaustive list of the types of claims that are afforded priority status and does not include claims based on the FHFA's avoidance powers. Movants were unable to cite "any case in which a [court] has found that a

Hon. Lorna G. Schofield  
October 29, 2013  
Page 3

**Weil, Gotshal & Manges LLP**

creditor is entitled to priority other than pursuant to the priority scheme of the Bankruptcy Code," and both the Supreme Court and Second Circuit have directed courts to "narrowly construe" statutory priorities.  Hr'g Tr. 28:12-15; *see Trs. of Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 100 (2d Cir. 1986).

Moreover, as a practical matter, Movants' argument that Freddie Mac is entitled to a priority claim, even though such priority is not provided in section 507(a) of the Bankruptcy Code, is unworkable.  Section 507(a) of the Bankruptcy Code lists a waterfall of ten types of priority claims in order of their priority.  Historically, Congress has amended section 507(a) of the Bankruptcy Code when it sought to entitle additional types of claims to priority classification.  *See Federal Deposit Insurance Corp. v. Hirsch (In re Colonial Realty Co.)*, 980 F.2d 125, 132-33 (2d Cir. 1992).  If Congress meant for HERA-related claims to be entitled to priority under the Bankruptcy Code, it would have needed to amend the Bankruptcy Code to specify where such claims would fall in its carefully crafted waterfall.

In light of the foregoing, as a threshold bankruptcy matter, a court must determine whether a claim must be listed in section 507(a) of the Bankruptcy Code in order for such claim to be entitled to priority treatment.  Were the Court to accept LBHI's position on this question, no interpretation of HERA would be required, and as such, the Motion to Withdraw the Reference should be denied.  *See Texaco*, 84 B.R. at 921 (rejecting a motion to withdraw the reference where "the withdrawal motion [was] based upon speculation about federal issues which may or may not arise and may or may not be germane to resolution of core Code proceedings").

      **B.**      *Even if a limited interpretation of HERA is required – which it is not – the Motion to Withdraw the Reference should be denied because bankruptcy issues dominate.*

Withdrawal of the reference is appropriate when "issues arising under non-title 11 laws dominate[] those arising under title 11."  *Texaco*, 84 B.R. at 921.  Here, "everything that we're talking about is almost uniquely subject to [the Bankruptcy Court's] jurisdiction, and the history of case administration . . ."  Hr'g Tr. 19:20-23.  Furthermore, "the non-bankruptcy federal law in question is very closely analogous to bankruptcy law [regarding fraudulent transfers]."  *Id.* at 51:5-6.  "It seems to me that there is a fundamental distinction in terms of the purpose of the mandatory withdrawal of the reference, as between a non-bankruptcy statue that is arcane or foreign to the jurisdictional activities of the bankruptcy court [and HERA]."  *Id.* at 20:22-25, 21:1.  Thus, even if the Court were to analyze HERA, the necessity of which LBHI disputes, such analysis would be based upon the Bankruptcy Code's fraudulent transfer provisions.

Movants also mistakenly argue that withdrawal of the reference is particularly appropriate due to the lack of case law on the issues being raised.  The issue of claim priority is one that the Bankruptcy Court routinely addresses and is disposed of by the plain language of the Bankruptcy Code.

Hon. Lorna G. Schofield
October 29, 2013
Page 4

**Weil, Gotshal & Manges LLP**

        Respectfully submitted,

        Weil, Gotshal & Manges LLP

        */s/ Alfredo R Pérez*

        Alfredo R. Pérez

        *Attorneys for*
        *Lehman Brothers Holdings Inc., as Plan*
        *Administrator for Lehman Brothers*
        *Holdings Inc. and Certain of Its Affiliates*

cc: Michael J. Canning, Esq., Richard M. Alexander, Esq., and Nancy G. Milburn, Esq. (Attorneys for the Federal Housing Finance Agency as Conservator of the Federal Home Loan Mortgage Corporation)

    Mark S. Landman (Attorneys for the Federal Home Loan Mortgage Corporation)