# EXHIBIT H

# ARNOLD & PORTER LLP

**Nancy G. Milburn**
Nancy.Milburn@aporter.com

+1 212.715.1077
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

November 11, 2013

Honorable Lorna G. Schofield
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    FHFA, et al. v. Lehman Brothers Holdings Inc., 13-CV-07481 (LGS)

Dear Judge Schofield:

      We write on behalf of the Federal Housing Finance Agency ("FHFA") as Conservator of the Federal Home Loan Mortgage Corporation ("Freddie Mac"), and on behalf of Freddie Mac, to request that, pending the Court's determination of the Motion to Withdraw the Reference, the Court stay any and all proceedings in the Bankruptcy Court relating to (i) the Motion to Classify filed by LBHI in the Bankruptcy Court (the "Motion to Classify") relating to the priority treatment of the HERA Priority Claim (defined below), which claim relates to two unpaid loans aggregating $1.2 billion, plus interest, made by Freddie Mac to LBHI on the eve of LBHI's bankruptcy proceedings (the "Loans"), and (ii) the release of a $1.2 billion cash reserve held in a separate account pursuant to a stipulation between the parties that was so ordered by the Bankruptcy Court in order to secure payment of the HERA Priority Claim. A hearing on the Motion to Classify is presently scheduled for November 22 before the Bankruptcy Court. At the October 31 conference, Your Honor granted leave to submit this letter motion for a stay.

## A.    Background

      This action comes before this Court upon a motion by FHFA and Freddie Mac, pursuant to 28 U.S.C. § 157(d), for withdrawal of the reference to the Bankruptcy Court as to the determination of the Motion to Classify filed by LBHI. Because resolution of LBHI's motion will require significant interpretation of a non-bankruptcy federal statute—the Housing and Economic Recovery Act of 2008 ("HERA")—withdrawal of the reference is mandatory.

      On September 22, 2009, a proof of claim was filed asserting Freddie Mac's entitlement to repayment of the $1.2 billion, plus $2,241,875 of interest (the "HERA Priority Claim"), and further asserting an entitlement under HERA to superior rights in monies owed to Freddie Mac to the extent that FHFA establishes that LBHI—in incurring and/or failing to repay the Loans when they came due—incurred an obligation or made transfers with "the intent to hinder, delay, or defraud" Freddie Mac. In its confirmed Plan, LBHI acknowledged that a valid claim under 12 U.S.C. § 4617(b)(15) is entitled to payment in full as a Priority Non-Tax Claim, and pursuant to a Plan Stipulation established a $1.2 billion reserve in the event that FHFA and Freddie Mac

## ARNOLD & PORTER LLP

Hon. Lorna G. Schofield
November 11, 2013
Page 2

prove that their claim is entitled to priority treatment pursuant to Section 4617(b)(15). LBHI's Motion to Classify seeks to reclassify the HERA Priority Claim as a senior unsecured claim, rather than as a priority claim under HERA, and to release the $1.2 billion cash reserve.

On October 17, 2013, FHFA and Freddie Mac filed an Opposition to the Motion to Classify, which demonstrates that if LBHI incurred the $1.2 billion obligation or made transfers that precluded the timely repayment of the Loans, in either case with the intent to hinder, delay, or defraud Freddie Mac or FHFA, then HERA expressly grants FHFA the power to avoid the incurrence of such obligations or to avoid such transfers made, and a priority recovery in respect of any such obligations or transfers avoided, or the value thereof. The Opposition also demonstrates that the $1.2 billion cash reserve set aside pursuant to the Plan Stipulation, in consideration for not objecting to the Plan, was intended by the parties to secure Freddie Mac's and FHFA's potential recovery in respect of the HERA Priority Claim, and release of such reserve prior to determination of the priority would irreparably harm and prejudice FHFA and Freddie Mac.

On October 18, 2013, FHFA and Freddie Mac filed in this Court a Motion to Withdraw the Reference of the Motion to Classify on the ground that a determination of the Motion to Classify requires substantial and material consideration of HERA by an Article III court. FHFA and Freddie Mac also filed a motion in the Bankruptcy Court to stay consideration of the Motion to Classify (the "Motion to Stay"), pending this Court's resolution of the Motion to Withdraw.

On October 24, 2013, the Bankruptcy Court held a hearing on FHFA's and Freddie Mac's Motion to Stay. The Bankruptcy Court denied the Motion to Stay, but adjourned its hearing on the Motion to Classify until November 22, 2013.

**B.     This Court Should Stay All Proceedings Related to the Motion to Classify**

In determining whether to stay a bankruptcy proceeding pending the resolution of a motion to withdraw, courts consider whether the movant has demonstrated "(1) the likelihood that the pending motion to withdraw will be granted (*i.e.*, likelihood of success on the merits); (2) that the movant will suffer irreparable harm if the stay is denied; (3) that the non-movants will not be substantially harmed by the stay; and (4) that the public interest will be served by granting the stay. *In re Matterhorn Grp.*, 2010 WL 4628119 at *2 (E.D. Cal. Nov. 5, 2010) (citing *In re The Antioch Co.*, 435 B.R. 493, 497 (Bankr. S.D. Ohio 2010)). *Cf. In re Dana Corp.*, 2007 WL 2908221 at *1 (Bankr. S.D.N.Y. Oct. 3, 2007) (describing same factors in the context of a motion to stay in bankruptcy court pending a motion to withdraw the reference).

# ARNOLD & PORTER LLP

Hon. Lorna G. Schofield
November 11, 2013
Page 3

As demonstrated below, each of these elements is satisfied here, and this Court should stay determination of LBHI's Motion to Classify in the Bankruptcy Court and any release of the $1.2 billion reserve pending resolution of the Motion to Withdraw the Reference.

1. **FHFA and Freddie Mac Are Likely to Prevail on the Motion to Withdraw**

Section 157(d) of Title 28 requires that the reference be withdrawn where, as here, "substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding." *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990) (internal quotation marks and citations omitted). In its Motion to Classify, LBHI argues that nothing in Section 4617(b)(15) "elevates claims asserted by the Conservator to priority status in a chapter 11 case," and that Section 4617(b)(15)(D) does not provide for a priority recovery because "[c]laims based on the Conservator's avoidance powers are not listed" in the Bankruptcy Code. Mot. to Classify at 8-9. LBHI's arguments require substantial and material consideration of HERA, and FHFA's and Freddie Mac's Opposition demonstrates that LBHI has misconstrued HERA. To resolve the parties' divergent interpretations of HERA, a determination of the Motion to Classify will require "substantial and material consideration" of a non-bankruptcy federal statute, which must be undertaken by an Article III court.

In its Opposition to the Motion to Withdraw, LBHI argues that Section 507 of the Bankruptcy Code renders "academic" a court's consideration of the superior rights granted FHFA under HERA. At most, this argument suggests that a court would need to consider the intersection of the Bankruptcy Code and HERA, also rendering withdrawal of the reference mandatory. *See Bear, Stearns Sec. Corp. v. Gredd*, 2001 WL 840187, at *4 (S.D.N.Y. July 25, 2001). There is thus no question that resolving the Motion to Classify will require "significant interpretation" of HERA and reconciliation of any potential conflicts with the Bankruptcy Code.

Indeed, the Second Circuit has recognized that a conflict arising in a bankruptcy proceeding between the Bankruptcy Code and 12 U.S.C. § 1821(d)(17), an FDIC fraudulent transfer provision similar to Section 4617(b)(15), requires withdrawal to the district court. *See In re Colonial Realty Co.*, 980 F.2d 125, 128 n.5 (2d Cir. 1992) ("Although the issue is moot at this juncture, it would appear that the FDIC's motion [to withdraw the reference] should have been granted, pursuant to § 157(d), in view of the FDIC's timely motion and the asserted conflict between provisions of the Bankruptcy Code and other federal statutes.").

In denying the Motion to Stay, the Bankruptcy Court apparently determined that FHFA and Freddie Mac had little chance of succeeding on the Motion to Withdraw, noting that the Motion to Classify addresses claim issues in the Lehman bankruptcy proceedings, the parties'

# ARNOLD & PORTER LLP

Hon. Lorna G. Schofield
November 11, 2013
Page 4

reservations of rights in the Plan Stipulation, and the Bankruptcy Court's familiarity with fraudulent transfers in the bankruptcy context. While these factors might be relevant in the context of a motion for permissive withdrawal, they are irrelevant to a motion for mandatory withdrawal pursuant to 28 U.S.C § 157(d). In denying the Motion to Stay, the Bankruptcy Court acknowledged the issues fell into a "gray" area, and adjourned the hearing date on the Motion to Classify.

### 2. The Remaining Stay Factors Weigh in Favor of Granting a Stay

The remaining factors relevant to a motion to stay—*i.e.*, the public interest and the balance of the equities between the parties—also favor the granting of a stay. Absent a stay, in the event that the District Court were to withdraw the reference after the Bankruptcy Court heard argument on the Motion to Classify (presently scheduled for November 22), both courts would be called upon to determine the rights and powers Congress granted to FHFA under HERA, and the effect of such rights and powers on the Bankruptcy Code. This would be a waste of judicial resources that could be avoided by staying the Bankruptcy Court's determination of the Motion to Classify pending this Court's decision on the Motion to Withdraw the Reference. Without a stay, each of FHFA, Freddie Mac, and LBHI will be required to incur the considerable costs of litigating the same dispute in two forums—which, in the case of Freddie Mac and FHFA, will be at the direct expense of U.S. taxpayers. This waste of resources alone constitutes sufficient harm to stay the proceeding. *Miller v. Vigilant Ins. Co.(In re Eagle Enters.)*, 259 B.R. 83, 88 (Bankr. E.D. Pa. 2001) ("Were we not to stay the Complaint pending the District Court's ruling on the Withdrawal Motion, [the party] would suffer harm in the form of duplicative costs of litigating in this Court and in New York.").

Moreover, there is no reason not to grant the stay. The Bankruptcy Court has deferred hearing on the Motion to Classify to November 22, and thus the Motion is in its early stages. *See In re Eagle Enters.*, 259 B.R. at 88-89 (granting the stay and noting that "[p]laintiffs would sustain minimal harm if the Complaint were stayed" as the case was relatively new and discovery had not yet commenced); *In re Beach First Nat'l Bancshares*, 2011 WL 2441501, at *2 (Bankr. D.S.C. Jan. 21, 2011) (granting the stay and finding that "[n]o harm will be suffered by waiting until the District Court rules on the Withdrawal Motion," as "[the] adversary proceeding is in the very early stages of the proceedings"). A stay will allow this Court to resolve the Motion to Withdraw unimpeded by any competing proceedings. Indeed, LBHI waited over four years to object to the HERA Priority Claim, and it is not credible for LBHI to now argue that it would be prejudiced by the requested stay.

# ARNOLD & PORTER LLP

Hon. Lorna G. Schofield
November 11, 2013
Page 5

      LBHI may assert that staying decision on the Motion to Classify will prejudice other creditors, due to the continued maintenance of the $1.2 billion cash reserve. In fact, the only possible prejudice to other creditors arising from a stay is a potential delay in the creditors' recovery,[1] which arises largely from LBHI's four-year delay in objecting to or otherwise seeking to resolve the HERA Priority Claim. In contrast, any premature release of the $1.2 billion reserve prior to a final resolution of the HERA Priority Claim could irreparably harm Freddie Mac and FHFA by potentially leaving insufficient funds in the LBHI estate to pay the HERA Priority Claim.

      Finally, even were Your Honor to deny this request for a stay (and/or the Motion to Withdraw the Reference), it is likely that LBHI's Motion to Classify will ultimately be before this Court. The arguments on the Motion to Classify are purely legal, relating to the interpretation and effect of HERA. Considerations of efficiency favor this Court resolving the Motion to Withdraw before the Bankruptcy Court decides the Motion to Classify, as any Bankruptcy Court decision on the Motion to Classify will likely lead to an appeal, and, thus, duplicative litigation in this Court.

      In view of the substantial and material consideration of HERA, and its potential interaction with the Bankruptcy Code, that will be necessary to determining the Motion to Classify, FHFA and Freddie Mac submit that they are likely to succeed on their Motion to Withdraw the Reference. A stay will best facilitate a timely and efficient resolution of the HERA Priority Claim and the administration of the LBHI bankruptcy estate. Accordingly, FHFA and Freddie Mac respectfully submit that the stay requested herein is appropriate and warranted by the facts and circumstances of this case.

      Respectfully,

      *Nancy G. Milburn*
      Nancy G. Milburn

Cc:    Counsel of record (via ECF)

---

[1] Even this purported prejudice is questionable, as the next scheduled distribution date as provided for under the Plan is set for March 2014.