WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------------x

**DECLARATION OF LAWRENCE BRANDMAN IN
SUPPORT OF MOTION OF LEHMAN BROTHERS
HOLDINGS INC., PURSUANT TO SECTION 105(a) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1), TO EXTEND
STAY OF AVOIDANCE ACTIONS AND GRANT CERTAIN RELATED RELIEF**

Pursuant to 28 U.S.C. § 1746, I, Lawrence Brandman, declare:

1.  I am over the age of 18 years and make these statements of my own personal knowledge, following my review of the business records of Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator") and certain of its subsidiaries (together, the "Chapter 11 Estates") and/or my consultation with employees of the Chapter 11 Estates. If called to testify, I could testify to the truth of the matters set forth herein.

2.  I submit this Declaration in support of the *Motion of Lehman Brothers Holdings Inc., Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule*

*7004(a)(1), to Extend Stay of Avoidance Actions and Grant Certain Related Relief* filed contemporaneously herewith (the "Motion").[1]

3. I am Managing Director, Derivatives Legal, Head of Bankruptcy Strategic Advisory with LBHI. One of my primary areas of responsibility is managing the Chapter 11 Estates' ADR process, including mediations, relating to derivatives transactions. I also supervise the management of a portfolio of the Chapter 11 Estates' derivatives transactions, including with counterparties that are SPVs, noteholders, or trustees. In those roles I have independently reviewed, have become familiar with, and have personal knowledge regarding many derivatives transactions that the Chapter 11 Estates entered into before their bankruptcies, including the matters that are the subject of the Motion. I have been the primary representative for the Chapter 11 Estates in connection with the matters set forth in the Motion, including for the ADR process.

4. I am thus fully familiar with the facts underlying the Motion, which I approved prior to its filing. I adopt the representations contained in the Motion, as if set forth in full and at length in this Declaration.

5. I make this Declaration to explain (a) the substantial progress that the Chapter 11 Estates have made in consensually resolving the Avoidance Actions through the Court's ADR program and otherwise while the Stay has been in place and (b) the need for an extension of the Stay so as to promote further consensual resolutions of the Avoidance Actions and the implementation of a reasonable framework for litigation of the Avoidance Actions.

6. The Stay has allowed the Chapter 11 Estates to engage in an ADR program that has been enormously successful in resolving sometimes difficult and complex matters that otherwise would have taken a huge amount of time for the Chapter 11 Estates to

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

pursue through litigation and the Court to manage. The Stay has also allowed the Chapter 11 Estates to pursue consensual resolutions with the Avoidance Action Defendants, including by communicating and negotiating with Avoidance Action Defendants through, among other things, the exchange of relevant documentation, evaluation of potential defenses, and consummation of settlements or dismissal of actions.

7. The Chapter 11 Estates comprise part of what was once the fourth largest investment bank in the United States. Prior to the Commencement Date, LBHI and its affiliates had a derivatives staff that numbered several hundred. There are now fewer than 100 employees working on derivatives. Consequently, when the Stay expires, the Chapter 11 Estates will be required to allocate their efforts between litigation demands and settlement efforts, including through the ADR process.

8. Under the Affirmative ADR Procedures, which include more than just the Avoidance Actions, the Chapter 11 Estates have recovered more than $2.16 billion dollars as a result of 302 ADR settlements with 400 counterparties, all without Court intervention. Of the 140 ADR matters that have reached the mediation stage and have been concluded, 131 have been settled in mediation. Fourteen additional mediations currently are scheduled to commence in 2014. The Chapter 11 Estates have now settled – through ADR and otherwise – with over 137 defendants in connection with the Avoidance Actions involving SPV derivatives matters. The Chapter 11 Estates' success at commencing and consensually resolving ADRs through mediation and other settlements has produced, and continues to produce, material recoveries for the Chapter 11 Estates.

9. The Chapter 11 Estates have devoted a considerable portion of their manpower to these consensual resolution efforts, and, at this time, virtually all identified

Avoidance Action Defendants are engaged in some manner with the Chapter 11 Estates, including in ADR, settlement discussions outside ADR, or otherwise. The Stay has enabled the Chapter 11 Estates to commence SPV ADR proceedings as expeditiously as the unique circumstances of these chapter 11 cases have permitted. Extension of the Stay is essential to the continued efficacy of the ADR process.

10. A significant portion of the Chapter 11 Estates' derivatives team has been devoted to initiating and resolving SPV ADR proceedings with Avoidance Action Defendants, as demonstrated by results to date:

Non-Distributed Actions

- Out of approximately 150 defendants in the Non-Distributed Actions, the Chapter 11 Estates have settled with all but 24 defendants.[2]

    o Out of those 24 defendants, there are pending ADR proceedings with respect to 22 defendants in the Non-Distributed Actions. Since the last stay extension, the Chapter 11 Estates have reached settlements in principle and are working toward final resolutions with a number of defendants that have been in the ADR process since it first began, including post-mediation negotiations for well over a year. Although it took some time, the parties have been able to bridge gaps and reach a meeting of the minds with respect to resolving their disputes – in large part because they had the time and a conducive atmosphere in which to engage in productive settlement negotiations.

    o Only two defendants remain unsettled and outside of the ADR process – and as to one defendant, only one certain tranche of its transaction remains unsettled and outside of the ADR process. Each of these transactions (or tranches) raises unique issues that the Chapter 11 Estates are seeking to resolve expeditiously outside of litigation and ADR.

    o While the Non-Distributed Actions have fewer named defendants than the Distributed Action, the SPV defendants sold notes to hundreds of individual noteholders. Settlements with the SPVs in the Non-Distributed Actions necessarily resolve disputes with the noteholder constituents which hold notes

---

[2] The Chapter 11 Estates have reached an agreement in principle with one defendant, which, when executed, will reduce the number of outstanding defendants in the Non-Distributed Actions to 23.

4

in the SPVs. For example, the recently settled cash hybrid transactions had 12 named defendants but encompassed at least 100 individual noteholders.[3]

Distributed Action

- LBSF has served ADR notices upon 125 defendants in the Distributed Action, including 30 defendants upon which ADR notices were served since the last motion to extend the Stay was filed.[4]

    o There are pending ADR proceedings with respect to 108 defendants in the Distributed Action.

- LBSF has dismissed 54 defendants since the First Amended Complaint in the Distributed Action was filed in October 2010.

    o Since the last motion to extend the Stay was filed, LBSF has dismissed 16 defendants in the Distributed Action, 11 of which were resolved as a result of settlements achieved outside of the ADR process.[5]

- LBSF expects to settle with and dismiss up to 11 other defendants within the next few weeks.

- LBSF has identified 23 noteholder defendants in the Distributed Action for which ADR proceedings have not been commenced:

    o Settlements are in process for six defendants.

    o With respect to seven defendants, LBSF has not been able to obtain information about the amount of funds distributed to or received by each defendant. LBSF is continuing with the discovery process to obtain the needed information to commence meaningful ADR proceedings as to those defendants.

    o Ten defendants are in unique situations in which it may be difficult to value the deal or the amounts at issue are very small.

---

[3] *See, e.g., Order Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105(a) of the Bankruptcy Code Approving Partial Settlement Agreement Relating to Certain Credit Default Swap Agreements and Indentures*, dated August 22, 2013 [ECF No. 39624]; *Order Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105(a) of the Bankruptcy Code Approving Partial Settlement Agreement Relating to Airlie CDO I, Ltd. Credit Default Swap Agreement and Indenture*, dated July 25, 2013 [ECF No. 39017].

[4] With respect to the Distributed Action, the terms "defendants" and "Avoidance Action Defendants" refer to former, current, and potential defendants.

[5] ADR notices were served on seven of these 11 defendants, but the settlements were achieved outside of the ADR process.

5

- While the number of unidentified noteholders is unknown, only approximately 17% of the total dollar amount LBSF seeks to recover in the Distributed Action is held by unidentified noteholders. Accordingly, LBSF has identified the noteholders holding the vast majority of money LBSF seeks to recover in the Distributed Action.

11. Overall to date, the Chapter 11 Estates have served approximately 496 ADR notices, for which 130 Avoidance Action Defendants currently are subject to the SPV Derivatives ADR Procedures. A chart setting forth the status of each pending ADR proceeding commenced under the SPV Derivatives ADR Procedures is annexed as Exhibit A hereto (the "SPV ADR Status Chart"). As reflected on the SPV ADR Status Chart, each ADR proceeding is, in effect, on its own timetable.

12. If the extension requested by the Chapter 11 Estates is granted, during the final months of the Stay, the Chapter 11 Estates and these Avoidance Action Defendants will have an opportunity to pursue consensual resolutions within the framework of the SPV Derivatives ADR Procedures, while at the same time implementing the litigation Protocols, in case litigation is nevertheless necessary. Pursuit of consensual resolutions is likely to continue to lead to the resolution of additional claims asserted in the Avoidance Actions with minimized burdens – financial and otherwise – for all parties, before vital resources concurrently must be dedicated to litigation efforts.

13. Due to the vast number of defendants in the Distributed Action and the amount of work involved in analyzing the transfers received by each of them, ADR proceedings as to different defendants in the Distributed Action have commenced at disparate times. If the Stay were permitted to expire, certain defendants in the Distributed Action may continue to be subject to ADR and, therefore, a stay of litigation under the SPV ADR Stay, while other defendants in the same action may not.

6

14. Extending the Stay of Avoidance Actions will preserve the status quo in the Distributed Action and help level the playing field by mitigating the disparate effects of the SPV ADR Stay ending at different times for different defendants. Extending the Stay of Avoidance Actions will place as many defendants as possible in the same position when litigation commences, as more ADR proceedings will have been commenced, and potentially concluded, when the Stay expires. In addition, when the Stay expires, the Chapter 11 Estates will be forced to divert their finite manpower from attempting to consensually resolve the Avoidance Actions through ADR and settlement discussions to participating in discovery and litigation, as litigation will begin for all Avoidance Action Defendants except those subject to the SPV ADR Stay.

15. If the Stay expires immediately and the Chapter 11 Estates are forced to litigate with all such Avoidance Action Defendants at once, the costs of such litigation could run into millions of dollars, and the Chapter 11 Estates will have to redeploy a significant percentage their derivatives manpower, including business and legal personnel, to litigation efforts. This redeployment will have a material impact on the Chapter 11 Estates' ability to pursue consensual resolution of the Avoidance Actions, including through the ADR process. It is the view of the Plan Administrator that working towards consensual resolutions remains the best use of the Chapter 11 Estates' assets with respect to the Avoidance Actions. The Protocols also will enable the Chapter 11 Estates to continue pursuing their consensual resolution efforts while the Avoidance Actions are litigated in an orderly fashion.

16. I have participated in ADRs for more than four years and witnessed many of the most complicated and seemingly intractable disputes resolved. For example, as I described in the *Declaration of Lawrence Brandman in Support of Lehman Brothers Holdings*

7

*Inc.'s Motion for an Order Amending the Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors*, dated November 20, 2012 [ECF No. 32213], in one mediation under the Affirmative ADR Procedures, at the conclusion of the first mediation session, a Chapter 11 Estate's counterparty offered to settle for a payment of $1 million.[6]  Sixteen months and two mediation sessions later, the parties settled for a $41 million payment to the Chapter 11 Estate.  Other settlements took even longer following the conclusion of the first mediation session.  The Chapter 11 Estates remain optimistic that even the most difficult and contentious disputes can be resolved in ADR, including through mediation.

17.     The Chapter 11 Estates' consensual resolution strategy and ADR process has proven extremely successful to date, with the Chapter 11 Estates resolving Avoidance Actions, as well as avoidance claims subject to tolling agreements, with over 250 parties, including through settlements, dismissal of complaints, and termination of tolling agreements, without engaging in time-consuming and costly litigation.  As discussed above, the ADR process, of which mediation is a key component, has been particularly successful.

18.     Further extension of the Stay is critical to continued efforts towards consensual resolutions of all Avoidance Actions.  Much of the success in consensually resolving Avoidance Actions may not have been possible without the Stay, which has permitted the Chapter 11 Estates to effect such results without burdensome litigation.  Moreover, the Stay has promoted judicial economy and minimized the burdens on the Court from the prosecution of all of the Avoidance Actions at the same time.  Extending the Stay and providing the Chapter 11

---

[6] Due to confidentiality provisions in the Affirmative ADR Procedures, the Plan Administrator is not permitted to disclose the identity of the counterparty.

8

Estates with an opportunity to try to achieve settlements with the Avoidance Action Defendants is a far better alternative than immediate litigation. For all of the foregoing reasons, the Plan Administrator determined that extending the Stay, together with implementation of the Protocols, is in the best interests of the Chapter 11 Estates and their creditors.

19. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 10th day of January 2014.

/s/ Lawrence Brandman
Lawrence Brandman

# Exhibit A

**(SPV ADR Status Chart)**

US_ACTIVE:\44395233\8\58399.0003

*Status of SPV ADRs for Non-Distributed Actions*

| ADR # | SPV Name | SPV ADR Notice Sent | Response Received | LBSF Reply Sent | ADR Package Sent to JAMS | Assigned Mediator | Mediation Date | Mediation Status |
|---|---|---|---|---|---|---|---|---|
| 157-spv | *REDACTED* | 4/19/2010 | 6/4/2010 | 6/21/2010 | Y | *REDACTED* | Summer 2012 | In Progress |
| 157-spv | *REDACTED* | 4/19/2010 | 6/4/2010 | 6/21/2010 | Y | *REDACTED* | Summer 2012 | In Progress |
| 157-spv | *REDACTED* | 4/19/2010 | 6/4/2010 | 6/21/2010 | Y | *REDACTED* | Summer 2012 | In Progress |
| 61-spv | *REDACTED* | 10/21/2011 | 6/25/2012 | 7/18/2012 | Y | *REDACTED* | 11/27/2012 | In Progress |
| 372-spv | *REDACTED* | 11/11/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 158-B-spv | *REDACTED* | 4/1/2011 | 6/20/2011 | 7/21/2011 | Y | *REDACTED* | 4/24/2012 | In Progress |
| 157-spv | *REDACTED* | 4/19/2010 | 6/4/2010 | 6/21/2010 | Y | *REDACTED* | TBD | In Progress |
| 157-spv | *REDACTED* | 4/19/2010 | 6/4/2010 | 6/21/2010 | Y | *REDACTED* | TBD | In Progress |
| 159-spv | *REDACTED* | 4/11/2011 | 9/2/2011 | 9/26/2011 | Y | *REDACTED* | 9/11/2012 | In Progress |
| 044-spv | *REDACTED* | 7/23/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 046-spv | *REDACTED* | 11/5/2011 | 1/18/2012 | 2/6/2012 | TBD | TBD | TBD | TBD |
| 052-spv | *REDACTED* | 8/6/2013 | 10/21/2013 | 12/4/2013 | Y | *REDACTED* | TBD | Scheduling |
| 053-spv | *REDACTED* | 8/6/2013 | 10/21/2013 | TBD | TBD | TBD | TBD | TBD |
| 054-spv | *REDACTED* | 8/22/2011 | 11/7/2011 | 11/28/2011 | TBD | TBD | TBD | TBD |
| 063-spv | *REDACTED* | 10/21/2011 | TBD | TBD | TBD | TBD | TBD | TBD |
| 058-spv | *REDACTED* | 10/21/2011 | 6/25/2012 | 7/18/2012 | Y | *REDACTED* | 11/27/2012 | In Progress |
| 076-spv | *REDACTED* | 10/21/2011 | 6/25/2012 | 7/18/2012 | Y | *REDACTED* | 11/27/2012 | In Progress |
| 066-spv | *REDACTED* | 10/21/2011 | 6/25/2012 | 7/18/2012 | Y | *REDACTED* | 11/27/2012 | In Progress |
| 059-spv | *REDACTED* | 10/21/2011 | TBD | TBD | TBD | TBD | TBD | TBD |
| 060-spv | *REDACTED* | 10/21/2011 | 6/25/2012 | 7/18/2012 | Y | *REDACTED* | 11/27/2012 | In Progress |
| 057-spv | *REDACTED* | 7/19/2011 | 10/3/2011 | 10/24/2011 | Y | *REDACTED* | 3/1/2012 | In Progress |
| 001-spv | *REDACTED* | 10/25/2011 | 1/9/2012 | 1/30/2012 | Y | *REDACTED* | 5/7/2012 | In Progress |

*Status of SPV ADRs for Distributed Action*

| ADR # | Noteholder Name | SPV ADR Notice Sent | Noteholder Response Received | LBSF Reply Sent | ADR Package Sent to JAMS | Assigned Mediator | Mediation Date | Mediation Status |
|---|---|---|---|---|---|---|---|---|
| MT01 | *REDACTED* | 9/13/2013 | 11/27/2013 | 12/17/2013 | Y | TBD | TBD | Pending Mediator Assignment |
| 841 | *REDACTED* | 5/8/2013 | 7/19/2013 | 8/8/2013 | Y | *REDACTED* | 12/10/2013 | In Progress |
| 922 | *REDACTED* | 12/2/2013 | TBD | TBD | TBD | *REDACTED* | TBD | TBD |
| 840 | *REDACTED* | 5/8/2013 | 7/22/2013 | 8/2/2013 | Y | *REDACTED* | 11/26/2013 | In Progress |
| 914 | *REDACTED* | 9/12/2013 | 12/2/2013 | 12/17/2013 | Y | *REDACTED* | TBD | Pending Mediator Assignment |
| 896 | *REDACTED* | 6/13/2013 | TBD | TBD | TBD | *REDACTED* | TBD | TBD |
| 880 | *REDACTED* | 5/28/2013 | 8/29/2013 | 9/16/2013 | Y | *REDACTED* | 1/9/2014 | In Progress |
| 801 | *REDACTED* | 4/29/2013 | 10/11/2013 | 10/31/2013 | Y | *REDACTED* | 2/13/2014 | In Progress |
| 814 | *REDACTED* | 4/29/2013 | TBD | TBD | TBD | *REDACTED* | TBD | TBD |
| 890 | *REDACTED* | 6/10/2013 | 10/22/2013 | 11/8/2013 | Y | *REDACTED* | TBD | Pending Mediator Assignment |
| 891 | *REDACTED* | 6/10/2013 | TBD | TBD | TBD | *REDACTED* | TBD | TBD |
| 915 | *REDACTED* | 9/12/2013 | TBD | TBD | TBD | *REDACTED* | TBD | TBD |
| 845 | *REDACTED* | 5/6/2013 | 9/10/2013 | 9/30/2013 | Y | *REDACTED* | TBD | Scheduling |
| 815 | *REDACTED* | 4/29/2013 | 7/15/2013 | 8/5/2013 | Y | *REDACTED* | TBD | Scheduling |
| 870 | *REDACTED* | 5/21/2013 | 8/30/2013 | 9/16/2013 | Y | *REDACTED* | 2/13/2014 | In Progress |
| 849 | *REDACTED* | 5/13/2013 | 7/26/2013 | 8/14/2013 | Y | *REDACTED* | 12/12/2013 | In Progress |
| 828 | *REDACTED* | 5/6/2013 | 10/15/2013 | 10/31/2013 | Y | TBD | TBD | Pending Mediator Assignment |
| 856 | *REDACTED* | 6/10/2013 | 8/26/2013 | 9/12/2013 | Y | *REDACTED* | 11/14/2013 | In Progress |
| 887 | *REDACTED* | 5/28/2013 | 10/23/2013 | 11/12/2013 | Y | TBD | TBD | Pending Mediator Assignment |
| 815A | *REDACTED* | 4/29/2013 | 7/2/2013 | 7/22/2013 | Y | *REDACTED* | 2/18/2014 | In Progress |
| 894 | *REDACTED* | 7/1/2013 | 9/16/2013 | 10/4/2013 | Y | *REDACTED* | 1/21/2014 | In Progress |
| 837 | *REDACTED* | 5/6/2013 | 7/22/2013 | 8/12/2013 | Y | *REDACTED* | 1/23/2014 | In Progress |

*Status of SPV ADRs for Distributed Action*

| ADR # | Noteholder Name | SPV ADR Notice Sent | Noteholder Response Received | LBSF Reply Sent | ADR Package Sent to JAMS | Assigned Mediator | Mediation Date | Mediation Status |
|---|---|---|---|---|---|---|---|---|
| 839 | *REDACTED* | 5/6/2013 | 7/22/2013 | 8/12/2013 | Y | *REDACTED* | 1/23/2014 | In Progress |
| 883 | *REDACTED* | 5/28/2013 | 10/18/2013 | 10/30/2013 | Y | TBD | TBD | Pending Mediator Assignment |
| 802 | *REDACTED* | 4/29/2013 | 7/12/2013 | 8/21/2013 | Y | *REDACTED* | 3/14/2014 | In Progress |
| 924 | *REDACTED* | 11/22/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 803 | *REDACTED* | 4/29/2013 | 7/12/2013 | 8/21/2013 | Y | *REDACTED* | 3/14/2014 | In Progress |
| MT02 | *REDACTED* | 9/13/2013 | 11/27/2013 | 12/17/2013 | Y | TBD | TBD | Pending Mediator Assignment |
| 895 | *REDACTED* | 6/12/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 897 | *REDACTED* | 6/10/2013 | 9/26/2013 | 10/17/2013 | Y | TBD | TBD | Pending Mediator Assignment |
| 892 | *REDACTED* | 6/7/2013 | 9/26/2013 | 10/9/2013 | Y | TBD | TBD | Pending Mediator Assignment |
| 877 | *REDACTED* | 5/28/2013 | 8/15/2013 | 8/27/2013 | Y | TBD | TBD | Pending Mediator Assignment |
| MT08 | *REDACTED* | 12/9/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 804 | *REDACTED* | 4/29/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 805 | *REDACTED* | 4/29/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 806 | *REDACTED* | 4/29/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 807 | *REDACTED* | 4/29/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 808 | *REDACTED* | 4/29/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 858 | *REDACTED* | 5/13/2013 | 7/26/2013 | 8/14/2013 | Y | *REDACTED* | 2/10/2014 | In Progress |
| 882 | *REDACTED* | 5/28/2013 | TBD | TBD | | TBD | TBD | TBD |
| 832 | *REDACTED* | 4/29/2013 | 7/15/2013 | 8/5/2013 | Y | *REDACTED* | TBD | Scheduling |
| 833 | *REDACTED* | 4/29/2013 | 7/15/2013 | 8/5/2013 | Y | *REDACTED* | TBD | Scheduling |
| 818 | *REDACTED* | 4/29/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 863 | *REDACTED* | 6/10/2013 | 8/21/2013 | 9/10/2013 | Y | TBD | TBD | Pending Mediator Assignment |
| 857 | *REDACTED* | 6/10/2013 | 8/26/2013 | 9/12/2013 | Y | *REDACTED* | 11/14/2013 | In Progress |
| MT09 | *REDACTED* | 12/9/2013 | TBD | TBD | TBD | TBD | TBD | TBD |

*Status of SPV ADRs for Distributed Action*

| ADR # | Noteholder Name | SPV ADR Notice Sent | Noteholder Response Received | LBSF Reply Sent | ADR Package Sent to JAMS | Assigned Mediator | Mediation Date | Mediation Status |
|---|---|---|---|---|---|---|---|---|
| MT04 | *REDACTED* | 9/13/2013 | 11/27/2013 | 12/17/2013 | Y | TBD | TBD | Pending Mediator Assignment |
| MT05 | *REDACTED* | 9/13/2013 | 11/27/2013 | 12/17/2013 | Y | TBD | TBD | Pending Mediator Assignment |
| MT03 | *REDACTED* | 9/13/2013 | 11/27/2013 | 12/17/2013 | Y | TBD | TBD | Pending Mediator Assignment |
| 929 | *REDACTED* | 5/6/2013 | 8/20/2013 | 9/5/2013 | Y | *REDACTED* | 1/17/2014 | In Progress |
| 875 | *REDACTED* | 5/6/2013 | 8/20/2013 | 9/5/2013 | Y | *REDACTED* | 1/17/2014 | In Progress |
| MT06 | *REDACTED* | 9/13/2013 | 11/27/2013 | 12/17/2013 | Y | TBD | TBD | Pending Mediator Assignment |
| 912 | *REDACTED* | 8/30/2013 | 11/11/2013 | 12/2/2013 | Y | TBD | TBD | Pending Mediator Assignment |
| 860 | *REDACTED* | 5/13/2013 | 7/29/2013 | 8/14/2013 | Y | *REDACTED* | 1/13/2014 | In Progress |
| 834 | *REDACTED* | 4/29/2013 | 7/12/2013 | 7/30/2013 | Y | *REDACTED* | TBD | Scheduling |
| 928 | *REDACTED* | 12/18/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 904 | *REDACTED* | 7/17/2013 | 9/18/2013 | 10/4//13 | Y | *REDACTED* | 2/21/2014 | In Progress |
| MT07 | *REDACTED* | 9/17/2013 | 12/2/2013 | TBD | TBD | TBD | TBD | TBD |
| 830 | *REDACTED* | 5/6/2013 | 10/15/2013 | 10/31/2013 | Y | TBD | TBD | Pending Mediator Assignment |
| 884 | *REDACTED* | 5/28/2013 | 10/18/2013 | 10/30/2013 | Y | TBD | TBD | Pending Mediator Assignment |
| 827 | *REDACTED* | 5/6/2013 | 7/15/2013 | 8/2/2013 | Y | *REDACTED* | 12/13/2013 | In Progress |
| 878 | *REDACTED* | 5/28/2013 | 7/18/2013 | 8/2/2013 | Y | *REDACTED* | 12/13/2013 | In Progress |
| 889 | *REDACTED* | 6/10/2013 | 9/23/2013 | 10/14/2013 | Y | *REDACTED* | TBD | Scheduling |
| 846 | *REDACTED* | 5/20/2013 | 7/29/2013 | 9/9/2013 | Y | *REDACTED* | 1/31/2014 | In Progress |
| 879 | *REDACTED* | 6/11/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 893 | *REDACTED* | 6/12/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 809 | *REDACTED* | 4/29/2013 | 6/28/2013 | 7/12/2013 | Y | *REDACTED* | 12/4/2013 | In Progress |

*Status of SPV ADRs for Distributed Action*

| ADR # | Noteholder Name | SPV ADR Notice Sent | Noteholder Response Received | LBSF Reply Sent | ADR Package Sent to JAMS | Assigned Mediator | Mediation Date | Mediation Status |
|---|---|---|---|---|---|---|---|---|
| 873 | *REDACTED* | 5/20/2013 | 8/28/2013 | 9/13/2013 | Y | *REDACTED* | 11/22/2013 | In Progress |
| 874 | *REDACTED* | 5/20/2013 | 8/28/2013 | 9/13/2013 | Y | *REDACTED* | 11/22/2013 | In Progress |
| 850 | *REDACTED* | 5/20/2013 | 10/15/2013 | 10/31/2013 | Y | *REDACTED* | TBD | Scheduling |
| 899 | *REDACTED* | 6/10/2013 | 9/16/2013 | 10/8/2013 | Y | *REDACTED* | TBD | Scheduling |
| 838 | *REDACTED* | 4/29/2013 | 7/15/2013 | 8/5/2013 | Y | *REDACTED* | TBD | Scheduling |
| 919 | *REDACTED* | 11/8/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 920 | *REDACTED* | 11/8/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 921 | *REDACTED* | 11/8/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 847 | *REDACTED* | 5/13/2013 | 7/29/2013 | 8/14/2013 | Y | *REDACTED* | TBD | Scheduling |
| 848 | *REDACTED* | 5/13/2013 | 7/29/2013 | 8/14/2013 | Y | *REDACTED* | 12/5/2013 | In Progress |
| 913 | *REDACTED* | 9/10/2013 | 11/25/2013 | 12/13/2013 | Y | *REDACTED* | TBD | Scheduling |
| 835 | *REDACTED* | 5/6/2013 | 7/15/2013 | 8/5/2013 | Y | *REDACTED* | 11/7/2013 | In Progress |
| 54 | *REDACTED* | 8/22/2011 | 11/7/2011 | 11/28/2011 | TBD | TBD | TBD | TBD |
| 905 | *REDACTED* | 6/10/2013 | 8/23/2013 | 9/10/2013 | Y | *REDACTED* | 1/10/2014 | In Progress |
| 825 | *REDACTED* | 4/29/2013 | 7/29/2013 | 8/2/2013 | Y | *REDACTED* | 10/21/2013 | In Progress |
| 855 | *REDACTED* | 7/15/2013 | 9/30/2013 | 10/9/2013 | Y | *REDACTED* | 1/29/2014 | In Progress |
| 910 | *REDACTED* | 7/26/2013 | 10/9/2013 | 10/31/2013 | Y | TBD | TBD | Pending Mediator Assignment |
| 927 | *REDACTED* | 12/19/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 46 | *REDACTED* | 11/4/2011 | 1/18/2012 | 2/6/2012 | TBD | TBD | TBD | TBD |
| 902 | *REDACTED* | 6/11/2013 | 9/23/2013 | 10/14/2013 | Y | TBD | TBD | Pending Mediator Assignment |
| 831 | *REDACTED* | 5/8/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 923 | *REDACTED* | 12/3/2013 | 7/29/2013 | 9/9/2013 | TBD | TBD | TBD | TBD |
| 862 | *REDACTED* | 5/20/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 900 | *REDACTED* | 6/10/2013 | TBD | TBD | TBD | TBD | TBD | TBD |

*Status of SPV ADRs for Distributed Action*

| ADR # | Noteholder Name | SPV ADR Notice Sent | Noteholder Response Received | LBSF Reply Sent | ADR Package Sent to JAMS | Assigned Mediator | Mediation Date | Mediation Status |
|---|---|---|---|---|---|---|---|---|
| 901 | *REDACTED* | 6/10/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 819 | *REDACTED* | 4/29/2013 | 7/15/2013 | 8/5/2013 | Y | TBD | TBD | Pending Mediator Assignment |
| 820 | *REDACTED* | 4/29/2013 | 8/20/2013 | 9/5/2013 | Y | *REDACTED* | 1/17/2014 | In Progress |
| 811 | *REDACTED* | 7/23/2013 | 10/10/2013 | 10/29/2013 | Y | *REDACTED* | TBD | Scheduling |
| 911 | *REDACTED* | 7/23/2013 | 10/10/2013 | 10/29/2013 | Y | *REDACTED* | TBD | Scheduling |
| 826 | *REDACTED* | 4/29/2013 | 7/29/2013 | 8/2/2013 | Y | *REDACTED* | 10/21/2013 | In Progress |
| 836 | *REDACTED* | 5/9/2013 | 7/29/2013 | 8/15/2013 | TBD | TBD | TBD | TBD |
| 903 | *REDACTED* | 6/11/2013 | 9/23/2013 | 10/14/2013 | Y | TBD | TBD | Pending Mediator Assignment |
| 861 | *REDACTED* | 5/13/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 886 | *REDACTED* | 5/28/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 898 | *REDACTED* | 6/10/2013 | 8/26/2013 | 9/16/2013 | Y | *REDACTED* | 11/6/2013 | In Progress |
| 925 | *REDACTED* | 11/26/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 872 | *REDACTED* | 8/7/2013 | 10/15/2013 | 10/31/2013 | Y | *REDACTED* | TBD | Scheduling |
| 851 | *REDACTED* | 5/22/2013 | 9/19/2013 | 10/7/2013 | Y | TBD | TBD | Pending Mediator Assignment |
| 852 | *REDACTED* | 5/23/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 853 | *REDACTED* | 5/24/2013 | TBD | TBD | TBD | TBD | TBD | TBD |
| 854 | *REDACTED* | 5/25/2013 | TBD | TBD | TBD | TBD | TBD | TBD |