B210A (Form 210A) (12/09)

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc., et al.        Case No. 08-13555
                                                   (Jointly Administered)

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of an undivided interest in the claim referenced in this evidence and notice.

| Deutsche Bank AG, London Branch | National Bank of Fujairah PSC |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Deutsche Bank AG, London Branch
1 Great Winchester Street
London EC2N 2DB
Tel: (+44) 207 545 0845
Fax: (+44) 11 336 2010
Att: Alex Darbyshire
Email: alex.darbyshire@db.com

Court Claim # (if known): 55164
Amount of Claim (transferred): $2,580,000.00 of principal in respect of ISIN XS0356045707 (plus all interest, costs and fees relating to this claim)
Date Claim Filed: 10/02/09
Claim Details: See Schedule 1 to attached Agreement

Name and address where transferee payments should be sent (if different from above):
Tel: +44 20 7547 2400
Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: Jan 12th 2014
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 & 3571.

Confidential

PARTIAL Transfer of LBHI Claims
PROGRAM SECURITY #14287

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, the **National Bank of Fajairah PSC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Deutsche Bank AG, London Branch** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 hereto, in Seller's right, title and interest in and to Proof of Claim Numbers filed by or on behalf of the **Seller/Seller's predecessor-in-title** (a copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; or, alternatively, Seller has been duly authorized to sell, transfer and assign the Transferred Claims by the owner of Transferred Claims who has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by such owner or against such owner; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; and (f) neither Seller nor any of its predecessors-in-title has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to all the rights vested in the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole

DB Ref: 14287                                    Confidential

owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Following the date of this Agreement, the Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. Seller has the right to retain any distribution amount it received from any source at any time prior to 19 December 2013 in respect of the Transferred Claims.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 12th day of January 2014.

| NATIONAL BANK OF FAJAIRAH PSC | DEUTSCHE BANK AG, LONDON BRANCH |
|---|---|
| By: _(signed)_ N. Zarko | By: _(signed)_ |
| Name: | Name: |
| Title: | Title: |
| **Sumit Malik**  Head of Credit  National Bank of Fujairah psc | Winchester House  1, Great Winchester Street  London EC2N 2DB  ENGLAND  Attn: Alex Darbyshire/Simon Glennie |
| **Nada Khneisser Zarka**  Head of Legal  National Bank of Fujairah PSC | |

DB Ref: 14287

Confidential



Schedule 1

Transferred Claims

Purchased Portion

Principal amount of the claim detailed below and relating to the Purchased Security further referenced in the Proofs of Claim and described below.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount (Purchased Portion) | Maturity | Proof of Claim Number |
|---|---|---|---|---|---|---|---|
| Cran Series 2 (individual creditor claims of Roger Elias Zogheib, Jyotindra Natvarlal Ganatra) | XS0353739187 | CA34840 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | $780,000.00 USD | March 2023 | 55165 |
| Cran Series 3 (individual creditor claims of Akash Sushil Sapru / Roger Elias Zogheib) | XS0356045707 | CA35366 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | $2,580,000.00 USD | April 2023 | 55164 |
| Cran Series 4 (individual creditor claims of Apeksha Lulla and Meena Ramesh Steven Michael Feldman) | XS0359405023 | CA35226 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | $520,000.00 USD | April 2023 | 55163 |
| Cran Series 5 (individual creditor claims of Jayanth Nath Ganguly, Nidal Abou Zaki Gadivar Narayana Ananth, Stanislaus Donald Pereira, Roger Elias Zogheib) | XS0360994296 | CA34889 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | $4,790,000.00 USD | May 2023 | 55162 |
| Cran Series 7 (individual creditor claims of Siddharth Rajburns Khanna, Ravi Bansal) | XS0368699681 | CA35346 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | $530,000.00 USD | June 2023 | 55160 |

Confidential
Schedule 1-1

Schedule 2

Copies of Proofs of Claim

Confidential
Schedule 1-1