**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
: 
**In re**                                                       :    Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,       :    08-13555 (JMP)
:
Debtors.                                               :    (Jointly Administered)
:
------------------------------------------------------------------------x

### STIPULATION BETWEEN THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE PLAN ADMINISTRATOR

This stipulation ("**Stipulation**") is entered into as of this 14th day of November 2013, by and between (i) the Federal National Mortgage Association ("**Fannie Mae**") and (ii) Lehman Brothers Holdings Inc. ("**LBHI**") as Plan Administrator (the "**Plan Administrator**," together with Fannie Mae, the "**Parties**" and each a "**Party**") under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors.

### RECITALS

WHEREAS, commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced voluntary cases (the "**Bankruptcy Cases**") under chapter 11 of title 11 of the United States Code (the **"Bankruptcy Code"**) in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

WHEREAS, the Bankruptcy Cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 08-13555.

WHEREAS, on July 2, 2009, the Bankruptcy Court entered an *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and*

*Approving the Proof of Claim Form* (ECF No. 4271), which, among other things set September 22, 2009, as the general bar date for filing proofs of claim in the Bankruptcy Cases;

### Fannie Mae's Claims

WHEREAS, Fannie Mae timely filed the below proofs of claim in the Bankruptcy Cases (collectively, the "**Fannie Mae Claims**"):[1]

| Claim Number | Debtor | Filed Claim Amount | Basis for Claim |
|---|---|---|---|
| 29556 (amended and superseded by 40611) | LBSF | Unliquidated | • Derivative Contract |
| 29557 (the "**Fannie Mae LBHI Claim**") | LBHI | $19.058 billion | • Guarantee of Derivative Contract<br>• Obligation to repurchase mortgage loans and participation interests<br>• Breach of representations and warranties<br>• Material misstatements or omissions in connection with sale of certain bonds to Fannie Mae<br>• Violations of Sections 11 and 12 of the Securities Act of 1933 in connection with the offer or sale of certain bonds to Fannie Mae |

WHEREAS, pursuant to a settlement agreement, Claim Number 40611 and a portion of Claim Number 29557 were allowed (i) against Lehman Brothers Special Financing Inc. ("**LBSF**") as a general, non-priority unsecured claim in the amount of $110 million (the "**Allowed Fannie Mae LBSF Claim**"); and (ii) against LBHI as a general, non-priority

---

[1] The descriptions of the Fannie Mae Claims contained in this Stipulation are for reference only, and are subject in all respects to the terms and conditions of the Fannie Mae Claims, as more specifically set forth therein and, except to the extent any of the Fannie Mae Claims have previously been separately allowed by an order of the Bankruptcy Court or written agreement of the Parties, does not represent any admission by the Plan Administrator in any respect.

2

unsecured claim in the amount of $110 million (the "**Allowed Fannie Mae LBHI Claim**," and together with the Allowed Fannie Mae LBSF Claim, the "**Allowed Fannie Mae Claims**");

WHEREAS, on September 27, 2013, LBHI filed its objection (the "**Objection**") (ECF No. 40244) to the classification of the securities law portion of the Fannie Mae LBHI Claim (the **"Private Label Securities Claim"**);

WHEREAS, on October 28, 2013, Fannie Mae filed its response to the Objection (ECF No. 40770) (the "**Response**," and together with the Objection and any other pleadings filed in connection with the Objection, the "**Pleadings**");

WHEREAS, a hearing on the Objection is scheduled to be held on November 22, 2013 (the "**Hearing**").

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants, agreements and conditions contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, upon the foregoing recitals, which are incorporated herein in all respects, the Parties enter into this Stipulation for purposes of addressing the Objection, and to that end, agree as follows:

### Continuation of Section 510(c) Portion of Dispute

1. The portion of the Objection relying on Section 510(c) of the Bankruptcy Code set forth in, *inter alia*, paragraphs 45-49, including, without limitation, those portions of the Objection asserting that Fannie Mae's aggregate recoveries may exceed its actual losses and those portions of the Objection asserting that Fannie Mae's recoveries on the Private Label Securities Claim constitute a windfall at the expense of general unsecured creditors shall be

3

continued without prejudice. Any countervailing arguments set forth in the Response or any other Pleadings are hereby similarly continued without prejudice.

       2.      If LBHI reinstates any of the arguments set forth in Paragraph 1 hereof that it has continued without prejudice pursuant to this Stipulation (the "**Continued Arguments**"), the Parties agree that each Party preserves all rights to pursue additional discovery from the other Party regarding the Continued Arguments, including, without limitation, by seeking additional documents, information and/or deposition testimony regarding the Continued Arguments, including through Federal Rule of Civil Procedure 30(b)(6). Further, the foregoing applies even if a Party seeks documents, information and/or fact or Rule 30(b)(6) deposition testimony from the other Party regarding other topics set out in the Objection before LBHI reinstates the Continued Arguments.

**Reservation of Rights**

       3.      The Parties hereby reserve all rights of the Parties relating to the amount, allowance, classification and/or priority of the Fannie Mae LBHI Claim for all purposes; provided, however, that each Party acknowledges that the Parties' dispute regarding the applicability of section 510(b) of the Bankruptcy Code to the Private Label Securities Claim shall be heard by the Court at the Hearing and/or any other hearing set by the Court. The Parties reserve all rights to call witnesses and introduce documents and evidence at any evidentiary hearing, and the Parties reserve all rights to object to any witnesses being called and/or documents and evidence being introduced at any such evidentiary hearing.

       4.      This Stipulation may be signed in counterparts and by fax signature or in portable document format (PDF), each of which shall be deemed an original but all of which

4

together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the Parties.

5. This Stipulation contains the entire agreement between the Parties hereto regarding the subject matter hereof and may not be modified other than by a signed writing executed by all Parties and delivered to each Party.

6. Each person who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

**7.** This Stipulation shall be governed by and in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising or related to from this Stipulation**.**

WEIL, GOTSHAL & MANGES LLP                WINSTON & STRAWN LLP


/s/ Alfredo R. Pérez                                      /s/ David Neier
Alfredo R. Pérez                                            David Neier
700 Louisiana, Suite 1600                            200 Park Avenue
Houston, Texas 77002-2755                        New York, New York 10166-4193
Telephone: (713) 546-5040                          Telephone: (212) 294-6700
Facsimile: (713) 224-9511                            Facsimile: (212) 294-4700

*Attorneys for Lehman Brothers Holdings Inc.*     *Attorneys for Federal National Mortgage*
*and Certain of its Affiliates*                              *Association*


**SO ORDERED:**

Dated: New York, New York
         January 14, 2014



/s/ James M. Peck
_____
Honorable James M. Peck
United States Bankruptcy Judge

5