WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**STIPULATION, AGREEMENT AND ORDER**
**BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND**
**WELLS FARGO BANK, N.A. PROVIDING FOR RELIEF FROM THE**
**AUTOMATIC STAY WITH REGARD TO CERTAIN REAL PROPERTY**
**LOCATED AT 135 CONNECTICUT AVENUE, BAY SHORE, NEW YORK**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") is entered into by Lehman Brothers Holdings Inc., as Plan Administrator ("LBHI" or the "Plan Administrator") under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), and Wells Fargo Bank, N.A. ("Wells," together with LBHI, the "Parties").

**RECITALS**

A. On September 15, 2008 (the "Commencement Date"), LBHI commenced with this Court a voluntary case (the "Chapter 11 Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

B.  On December 6, 2011, the Court entered an order confirming the Plan (the "Confirmation Order") [ECF No. 23023]. The Plan became effective on March 6, 2012.

C.  Pursuant to paragraph 54 of the Confirmation Order, the automatic stay extant in the Chapter 11 Case pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") remains in full force and effect.

D.  Wells represents as follows:

  (i)  Wells is the current holder of a mortgage (the "Johnson Mortgage") executed by Roosevelt Johnson on January 21, 2010 in favor of Primelending, a Plainscapital Company ("Primelending") as security for the repayment of the original principal sum of $257,892 due under a note, executed on January 21, 2010 (the "Johnson Note").

  (ii)  The Johnson Mortgage granted Primelending a security interest in certain real property located at 135 Connecticut Avenue, Bay Shore, New York 11706 (the "Property").

  (iii)  The Johnson Note and the Johnson Mortgage were subsequently transferred to Wells.

  (iv)  On August 24, 2007, Wanda L. Hammond ("Hammond") executed a reverse mortgage (the "Hammond Mortgage") in favor of BNY Mortgage Co. LLC ("BNY"), and insured by the United States Department of Housing and Urban Development ("HUD"), as security for the repayment of the original principal sum of $532,500 due under a note (the "Hammond Note," together with the Hammond Mortgage, the "Hammond Loan").

  (v)  The Hammond Mortgage granted BNY a security interest in the Property.

  (vi)  On November 18, 2007, BNY assigned the Hammond Mortgage to LBHI.

  (vii)  On April 9, 2010, HUD filed a release and satisfaction indicating that HUD has been fully satisfied with respect to the Hammond Loan.

2

E.   LBHI no longer holds an interest in the Hammond Loan.

F.   On or about September 28, 2012, Wells commenced a foreclosure action in the Supreme Court of the State of New York, County of Suffolk, [Index No. 30184/12] (the "Foreclosure Action"). In the Foreclosure Action, Wells seeks a judgment, *inter alia*, invalidating and extinguishing LBHI's interest, if any, in the Property. The Foreclosure Action has been stayed by operation of the Automatic Stay.

G.   In light of the foregoing and to ensure that Wells is not prohibited from exercising its rights with respect to the Property, the Parties have agreed, subject to approval of this Court, to the terms set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.   This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2.   Upon the Effective Date, the Automatic Stay shall be modified with respect to Wells' interest in the Property and Wells shall be permitted to exercise its rights under applicable non-bankruptcy law against the Property, including continuing the Foreclosure Action and foreclosing on Wells' interest in the Property.

3.   Except as provided in paragraph 2, the Automatic Stay, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from LBHI's estate and/or assets or property of LBHI (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

3

4. Upon the Effective Date, Wells, on behalf of itself and any other party, person or entity claiming under or through it (each of the foregoing, a "Wells Releasor"), hereby generally releases, discharges, waives and acquits, unconditionally and irrevocably, the Plan Administrator, LBHI, and their respective current and former agents, servants, officers, directors, shareholders, employees, subsidiaries, divisions, branches, units, affiliates, parents, attorneys, successors, predecessors, heirs, personal representatives, and assigns (each of the foregoing, a "Released Lehman Party"), from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses and claims of every kind, nature, and character whatsoever, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulation, tort (including, without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that such Wells Releasor ever had or claimed to have or now has or claims to have against any Released Lehman Party arising under or related to the Johnson Mortgage, the Johnson Note, the Hammond Loan, or the Property, or any other agreement to the extent relating thereto; *provided, however*, that the foregoing release shall not affect, impair or operate as a release of the respective rights and obligations of Wells and LBHI set forth in this Stipulation, Agreement and Order.

4

5. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly **WAIVED**, if applicable, with respect to any of the claims, injuries, or damages described in the release in paragraph 4.  Section 1542 of the California Civil Code reads as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

6. This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

7. Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

8. Each Party to this Stipulation, Agreement and Order represents that it fully understands the terms hereof.  This Agreement shall not be strictly construed against either Party on the ground that the rules for the construction of contracts require the resolution of any ambiguity against the Party that drafted the document.

9. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

10. This Stipulation, Agreement and Order shall be effective immediately upon its entry and shall not be stayed pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

11. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated:  December 16, 2013          */s/ Brian Grieco*
        New York, New York          David Dunn
                                              Brian Grieco

                                              HOGAN LOVELLS US LLP
                                              875 Third Avenue
                                              New York, New York 10022
                                              Telephone: (212) 918-3000
                                              Facsimile: (212) 918-3100

                                              Attorneys for Wells Fargo Bank, N.A.


Dated:  December 16, 2013          */s/ Jacqueline Marcus*
        New York, New York          Jacqueline Marcus

                                              WEIL, GOTSHAL & MANGES LLP
                                              767 Fifth Avenue
                                              New York, New York 10153
                                              Telephone: (212) 310-8000
                                              Facsimile: (212) 310-8007

                                              Attorneys for Lehman Brothers Holdings
                                              Inc. and Certain of its Affiliates


**SO ORDERED**:

Dated: New York, New York                    /s/ James M. Peck
       January 14, 2014                                                 _____
                                                            Honorable James M. Peck
                                                           United States Bankruptcy Judge