**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re : | Chapter 11 Case No. |
| : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, : | 08-13555 (JMP) |
| : | |
| Debtors. : | (Jointly Administered) |

------------------------------------------------------------------x

### STIPULATION AND ORDER AMENDING AND WITHDRAWING CLAIMS

Lehman Brothers Holding Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for LBHI, and the entities listed on Exhibit A annexed hereto under the column heading "*Claimant*" (collectively, the "Claimants" and together with LBHI, the "Parties"), hereby stipulate and agree as follows:

### RECITALS

A.    Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries (collectively, the "Chapter 11 Estates") commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

B.    On December 6, 2011, this Court entered an order confirming the Plan [ECF No. 23023] (the "Confirmation Order"). Pursuant to paragraph 86 of the Confirmation Order, a proof of claim may not be amended without authority of the Court.

C.    On March 5, 2012, the Claimants filed, against LBHI, the claims listed on Exhibit A under the column headings "*Duplicative Claim*" (each a "Duplicative Claim") and "*Surviving Claim*" (each a "Surviving Claim").

D. The Plan became effective on March 6, 2012.

E. On August 14, 2012, the Plan Administrator filed the Three Hundred Forty-Third Omnibus Objection to Claims (No Liability Claims) [ECF No. 30032] (the "Objection"), seeking to disallow and expunge the Duplicative Claims and the Surviving Claims (together, the "Contested Claims") on the basis that the applicable Chapter 11 Estate against which the claim is asserted has no liability for any part of such claim. The Plan Administrator has since adjourned the hearing on the Objection.

F. Pursuant to that certain Stipulation and Order Amending and Withdrawing Claims entered by the Bankruptcy Court on March 19, 2013 [ECF No. 36056], each of the Contested Claims was amended.

G. The Claimants acknowledge that they are not entitled to recover separately from LBHI on both a Duplicative Claim and a corresponding Surviving Claim for the same liability.

H. The Parties enter into this Stipulation and Order (i) for the sake of administrative convenience, (ii) to eliminate potential duplication among the Duplicative Claims and the Surviving Claims, and (iii) for no other purpose with all other rights being reserved.

## AGREEMENT

1. This Stipulation and Order shall become effective upon execution by all Parties and entry by the Court (the "Effective Date").

2. Upon the Effective Date:

a. each Surviving Claim shall be deemed further amended such that all bases for liability and all information included in and all documentation filed or provided in support of the corresponding Duplicative Claim (all as identified on Exhibit A) shall be treated as having been filed in connection with such Surviving Claim in support of both the Duplicative Claim and the Surviving Claim; *provided, however,* that such bases, information and documentation filed or

provided in support of a Duplicative Claim shall be deemed filed as of the date of filing of such Duplicative Claim or otherwise deemed provided on the date they were provided and such bases, information and documentation filed or provided in support of a Surviving Claim shall be deemed filed as of the date of filing of such Surviving Claim or otherwise deemed provided on the date they were provided;

      b.  each Duplicative Claim shall be deemed withdrawn with prejudice subject to this Stipulation and Order;

      c.  the Court-appointed claims agent shall modify the claims register to reflect the terms of this Stipulation and Order, including providing access on the claims register to both the Duplicative Claim and Surviving Claim.

    3.  For the avoidance of doubt, neither the amounts nor the statuses (*i.e.* contingent, unliquidated, and/or disputed, as applicable) of the Surviving Claims, as amended by the Duplicative Claims, are amended by this Stipulation and Order.

    4.  Nothing herein shall be determinative of the classification under the Plan of any Surviving Claim, as amended, that may become Allowed (as such term is defined and used in the Plan).

    5.  Excluding paragraph 2, nothing herein shall constitute any admission or finding with respect to any Contested Claim, and all Parties' rights to, and to continue to, object, classify, prosecute or defend any Supplemental Claim, as amended, on any basis are preserved.

    6.  This Stipulation and Order shall not be deemed to be or used as an admission of, or evidence of, the nature, validity or invalidity of any aspect of the Contested Claims, or document, agreement or contract, or right of any kind, or of any wrongdoing or liability of any of the Parties in these chapter 11 cases, or any other matter pending before the Court.

7. This Stipulation and Order contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings among the Parties relating thereto.

8. This Stipulation and Order may not be modified other than by signed writing executed by LBHI and the affected claimant(s) and delivered to each Party.

9. Each person who executes this Stipulation and Order represents that he or she is duly authorized to do so on behalf of the applicable Party and that each such Party has full knowledge of, and has consented to, this Stipulation and Order.

10. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Order to present any copy, copies, or facsimiles signed by the Parties.

11. This Stipulation and Order shall inure to the benefit of, and shall be binding upon, the Parties and their respective successors, assignees, heirs, executors and administrators. This Stipulation and Order shall be exclusively governed by and construed and enforced in accordance with the laws of the State of New York, without regard to its conflicts of law principles. The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise directly relating to this Stipulation and Order. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter directly relating to this Stipulation and Order, such matter shall be adjudicated in either the United States District Court for the Southern District of New York or a court of competent jurisdiction in the State of New York.

Dated: January 8, 2014

| | |
|---|---|
| /s/ Garrett A. Fail | /s/ Ross M. Kwasteniet |
| Garrett A. Fail | Ross M. Kwasteniet |
| | |
| WEIL, GOTSHAL & MANGES LLP | KIRKLAND & ELLIS LLP |
| 767 Fifth Avenue | 300 North LaSalle |
| New York, New York 10153 | Chicago, Illinois 60654 |
| Telephone: (212) 310-8000 | Telephone: (312) 862-2000 |
| Facsimile: (212) 310-8007 | Facsimile: (312) 862-2200 |
| | |
| Attorneys for | Attorneys for the entities listed on Exhibit A |
| Lehman Brothers Holdings Inc. | annexed hereto under the column heading "*Claimant*" |

**SO ORDERED:**

Dated: New York, New York
       January 15, 2014

/s/ James M. Peck
_____
Honorable James M. Peck
United States Bankruptcy Judge