Presentment Date and Time: **January 24, 2014 at 10:00 a.m. (Eastern Time)**
Objection Deadline: **January 23, 2014 at 4:00 p.m. (Eastern Time)**
Hearing Date and Time (Only if Objection Filed): **January 28, 2014 at 10:00 a.m. (Eastern Time)**

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                  :   **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al*.   :   **08-13555 (JMP)**
:
   Debtors.                         :   **(Jointly Administered)**
:
------------------------------------------------------------------x

# NOTICE OF PRESENTMENT OF
# STIPULATION ESTABLISHING PROCEDURES
# FOR AN EVIDENTIARY HEARING IN CONNECTION WITH OMNIBUS
# OBJECTIONS TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

**PLEASE TAKE NOTICE** that the undersigned will present the annexed *Stipulation Establishing Procedures for an Evidentiary Hearing in Connection with Omnibus Objections to Reclassify Proofs of Claim as Equity Interests* (the "Stipulation") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **January 24, 2014 at 10:00 a.m. (Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation with proof of service is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **January 23, 2014 at 4:00 p.m. (Eastern Time)**, there will not be a hearing and the Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that, if the Stipulation is approved by the Bankruptcy Court, the procedures provided for therein will be binding regarding proofs of claim against Lehman Brothers Holdings Inc. regarding Restricted Stock Units and/or Contingent Stock Awards that are currently subject to objection pursuant to the following fourteen Omnibus Objections to Proofs of Claims:

1. Seventy-Third Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 13295];
2. One Hundred Eighteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests)

[ECF No. 15666];
3. One Hundred Thirtieth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16115];
4. One Hundred Thirty-First Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16116];
5. One Hundred Thirty-Third Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16530];
6. One Hundred Thirty-Fourth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16532];
7. One Hundred Thirty-Fifth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16808];
8. One Hundred Seventy-Sixth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 19392];
9. One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims) [ECF No. 19714];
10. Two Hundred Seventh Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 20012];
11. Three Hundred Thirteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 28433];
12. Three Hundred Fourteenth Omnibus Objection to Claims (Late-Filed Claims) [ECF No. 28435];
13. Three Hundred Nineteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 28777]; and
14. Three Hundred Forty Seventh Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 30357].

**PLEASE TAKE FURTHER NOTICE** that if you disagree with any of the procedures contemplated in the Stipulation, you must serve and file a written objection to the Stipulation before the above-referenced Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider any objection to the Stipulation on **January 28, 2014 at 10:00 a.m. (Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Custom House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: January 16, 2014
      New York, New York

                    /s/ Ralph Miller
                    Ralph I. Miller
                    Robert J. Lemons
                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    *Attorneys for Lehman Brothers Holdings Inc.*
                    *and Certain of Its Affiliates*

**PROPOSED STIPULATION & ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
In re                                            :    Chapter 11 Case No.
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :    08-13555 (JMP)
                                                 :
        Debtors.                                 :    (Jointly Administered)
                                                 :
------------------------------------------------------------------x

### STIPULATION & ORDER ESTABLISHING PROCEDURES FOR AN EVIDENTIARY HEARING IN CONNECTION WITH OMNIBUS OBJECTIONS TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

  A. Between December 7, 2010 and August 24, 2012, Lehman Brothers Holdings Inc. ("LBHI") and certain affiliated Debtors, as debtors and debtors in possession herein (collectively, the "Debtors"), and LBHI as Plan Administrator (the "Plan Administrator"), under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan") for certain entities in the above-referenced chapter 11 cases, filed fourteen Omnibus Objections to Proofs of Claims for bonus or commission compensation during the years 2003 and 2008 as to which many claimants were granted Restricted Stock Units or Contingent Stock Awards (collectively, the "Omnibus Objections").[1] The Omnibus Objections

---

[1] The Omnibus Objections are: Debtors' Seventy-Third Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 13295]; Debtors' One Hundred Eighteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 15666]; Debtors' One Hundred Thirtieth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16115]; Debtors' One Hundred Thirty-First Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16116]; Debtors' One Hundred Thirty-Third Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16530]; Debtors' One Hundred Thirty-Fourth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16532]; Debtors' One Hundred Thirty-Fifth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16808]; Debtors' One Hundred Seventy-Sixth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 19392]; Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims) [ECF No. 19714]; Debtors' Two Hundred Seventh Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 20012]; Three Hundred Thirteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 28433]; Three Hundred Fourteenth Omnibus Objection to Claims (Late-Filed Claims) [ECF No. 28435]; Three Hundred Nineteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No.

seek to reclassify these claims as equity interests and/or subordinate them to the claims of general unsecured creditors.

  B. In a series of orders entered between January 20, 2011 and September 28, 2012, the Court granted the requested relief as against claimants who did not oppose the Omnibus Objections, and further ordered that such orders had no res judicata, estoppel or other effect on claimants who did oppose the Omnibus Objections. The claimants who oppose the Omnibus Objections and still have claims pending on the Omnibus Objections are referred to herein as the "Claimants" and their claims, to the extent subject to the Omnibus Objections, are referred to herein as the "Claims."[2]

  C. Numerous Claimants sought discovery in connection with the Claims. On August 27, 2012, the Court entered an Order establishing procedures governing discovery that had been negotiated by LBHI and several of the Claimants [ECF No. 30421]. This Order was amended on November 28, 2012 [ECF No. 32386], February 13, 2013 [ECF No. 34583], October 8, 2013 [ECF No. 40334], and October 17, 2013 [ECF No. 40542] (collectively, the "Discovery Procedures Order"). LBHI and approximately 100 of the Claimants participated in discovery pursuant to the Discovery Procedures Order, which included initial disclosures of key documents and information by LBHI, further document production, interrogatory responses, the negotiation of a Stipulation of Facts Regarding RSUs and CSAs, Including the Tax and Accounting Treatment of RSUs and CSAs, which was approved by the Court by Order dated October 2, 2013 [ECF No. 40263], and the deposition of James R. Emmert as LBHI's designee pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure on October 24, 2013. The Claimants who

---

28777]; and the Three Hundred Forty Seventh Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 30357].

[2] The Claims as shown on Debtors' records are identified in Schedule 1 attached hereto.

participated in discovery are referred to herein collectively as the "Participants." The Court recognizes that there are Claimants who have opposed the Omnibus Objections but have not participated in discovery pursuant to the Discovery Procedures Order. For purposes of this Order and conducting the Evidentiary Hearing, any such Claimant who retains one of the counsel for the Represented Participants (as defined below) shall be deemed a Represented Participant.

D.    Paragraph 14 of the Discovery Procedures Order states that "[w]ithin 10 days after the completion of discovery, the parties shall attempt to jointly recommend to the Court proposed procedures for the evidentiary hearing on the RSU Claims, including Stipulations of Fact and procedures for the exchange of Declarations of LBHI or any RSU Claimant."

E.    After exchanging drafts of proposed procedures for the evidentiary hearing and negotiating a near-final draft of those procedures, a conference was held before the Bankruptcy Court on November 22, 2013, to discuss certain open issues on which the parties could not reach agreement. This Order implements the results of that conference, and thus, the Court's directions on those open issues.

F.    This Order has been proposed to the Court by LBHI and those Participants who have retained the counsel listed on the execution page of this Stipulation and Order in opposing the Omnibus Objections (the "<u>Represented Participants</u>"). The Plan Administrator has represented to the Court that this Order was shared with all Participants before being proposed to the Court, including those who are not represented by counsel, and that this Order addresses the comments and concerns raised by some of those Participants.

G.    In the interest of efficiently creating a factual record and expediting the resolution of the Claims, the Court has accepted the stipulation of LBHI and the Represented Participants to adopt the procedures outlined herein as appropriate for the evidentiary hearing contemplated

hereby.  LBHI and the Represented Participants having agreed that the procedures outlined herein are appropriate for the evidentiary hearing scheduled, it is hereby

**ORDERED:**

1.  **Scope of Order.**  Except as otherwise ordered by the Court, this Order shall control the resolution of the Omnibus Objections and shall apply to all of the Claimants, whether or not they participated in discovery.

2.  **No Admissions.**  No statements made in this Order shall be construed as a finding of fact by the Court or as an admission of any claim or allegation by LBHI or by any of the Claimants.

3.  **Participation in Evidentiary Hearing.**  All Claimants, whether or not they participated in discovery, may participate in the procedures set forth in this Order.

4.  **Non-Participation in Evidentiary Hearing.**  Participation in the evidentiary hearing and these procedures is not required and the non-participation of any Claimant shall not, in and of itself, result in the grant of any relief to LBHI.   However, all Claimants will be bound by the Court's decisions resulting from the evidentiary hearing, without regard to whether they participated in the hearing.  Neither the Claimants generally nor the Claimants represented by counsel are deemed by this Order to be class representatives, and neither are provided with authority to act on behalf of any other Claimants.  Any decision by the Court shall not affect the treatment of other claims of Claimants that are not the subject of the Omnibus Objections.

5.  **Notice.**  LBHI shall give each Claimant prompt notice of this Order by emailing a copy of this Order to his/her counsel, or for any Claimant not represented by counsel (or as to whom

LBHI is not aware of any such representation), by mailing a copy of the Order to each such Claimant's last known mailing address or address for electronic mail.

6. **Service.** For purposes of complying with the procedures set forth in this Order, service by LBHI and the Represented Participants by electronic mail shall be sufficient service. LBHI shall be responsible for service of all documents on Claimants who are not Represented Claimants, including those documents served on LBHI by the Represented Claimants and Claimants who are not Represented Claimants. LBHI shall also be responsible for serving on the Represented Claimants all documents served on LBHI by the Claimants who are not Represented Claimants. Service by Claimants who are not Represented Participants may be by electronic mail or USPS mail; provided that once a Claimant in this group serves responsive documents by electronic mail further service may be in the same fashion.

7. **Computing Time**. For purposes of determining the deadlines set forth in this Order, time periods shall be computed in accordance with Fed. R. Bankr. P. 9006.

8. **Evidentiary Hearing Dates.** For purposes of calculating the time periods set forth in this Order, the evidentiary hearing is scheduled for April 1, 2014 and shall continue on April 2, 2014 and April 3, 2014, as necessary based on the Court's direction (the "Hearing Dates").

9. **Pre-Hearing Memoranda.**

    (a) Opening Memoranda: Opening memoranda on behalf of the Represented Participants and LBHI, if any, shall be served no later than sixty-three (63) days (nine weeks) prior to the Hearing Dates. The Opening Memoranda shall set forth respective positions with points and authorities for or against the relief sought in the Omnibus Objections. LBHI and the

Represented Participants may each serve an Opening Memorandum of no more than fifty (50) pages.  The Represented Participants who became employees of Lehman as a result of the merger of Neuberger Berman and LBHI (the "Neuberger Berman Participants") may serve a separate Opening Memorandum of no more than twenty (20) pages concurrently with service by the other Represented Participants.  Represented Participants shall take reasonable measures to avoid duplication in the Opening Memoranda; to wit, to eliminate overlap the Neuberger Berman Participants and the other Represented Participants shall exchange drafts of their Opening Memoranda no later than seventy (70) days (ten weeks) prior to the Hearing Dates.  In the event that all of the Represented Participants wish to submit one joint Opening Memorandum, any such joint Opening Memorandum shall not exceed seventy (70) pages.

(b)     Supplemental Opening Memoranda:  Supplemental opening memoranda on behalf of Claimants who are not Represented Participants, if any, shall be served no later than fifty-six (56) days (eight weeks) prior to the Hearing Dates.  The Supplemental Opening Memoranda shall set forth the Claimants' respective positions with points and authorities against the relief sought in the Omnibus Objections.  Claimants who are not Represented Participants may each serve a separate, Supplemental Opening Memoranda of no more than ten (10) pages.  These Claimants shall take reasonable measures to avoid duplicative Supplemental Opening Memoranda (for example, by limiting the separate, supplemental Opening Memoranda to issues not covered in the Represented Participants' Opening Memoranda).

(c)     Opposition Memoranda:  Opposition Memoranda, if any, shall be served by LBHI and the Claimants (the "Parties") no later than twenty-eight (28) days (four weeks) prior to the Hearing Dates.  The Opposition Memoranda shall respond to the Opening Memoranda.  LBHI may serve a single Opposition Memorandum responding to the Opening Memoranda of the

Represented Participants having a page length of no more than thirty (30) pages, and an Opposition Memorandum responding to the issues presented by the Neuberger Berman Participants of no more than twenty (20) pages. Represented Participants may serve an Opposition Memorandum of no more than thirty (30) pages, and the Neuberger Berman Participants may serve a separate Opposition Memorandum of ten (10) pages. In the event that LBHI must respond to multiple supplemental Opening Memoranda of numerous Claimants not represented by counsel, LBHI may serve a Supplemental Opposition Memorandum of no more than ten (10) pages, subject to enlargement by this Court on application with notice to the Represented Participants and for good cause shown. Each Claimant who is not a Represented Participant may serve an Opposition Memorandum of no more than five (5) pages.

(d)     Ancillary Documents. The Parties shall serve with their Opening Memoranda, supplemental Opening Memoranda, and Opposition Memoranda such stipulations of fact, documents, affidavits and declarations as they deem necessary or appropriate, with the understanding that any party will have the opportunity to cross-examine certain affiants and declarants as set forth in paragraph 10 of this Order.

(e)     Filing with the Court. All Opening Memoranda, supplemental Opening Memoranda, and Opposition Memoranda shall be filed with the Court within two (2) days after service of the Opposition Memoranda as provided in §9(c).

(f)     Joint Documentary Appendix. The Parties shall compile a single, joint submission of all supporting stipulations of fact, documents and affidavits cited in any Opening Memoranda, supplemental Opening Memoranda or Opposition Memoranda, which may be filed

no later than one (1) week following service of the Opposition Memoranda.  The supporting stipulations of fact, documents, affidavits, and declarations are to be pre-marked as Exhibits.

10. **Supporting Declarations.**  Concurrently with service of the Opening Memoranda or Supplemental Opening Memoranda, the Parties shall serve proffers of any affidavits or declarations unrelated to the authentication of documents that the Parties intend to submit to the Court in connection with the evidentiary hearing that are not submitted with the Opening Memoranda or Supplemental Opening Memoranda.  Concurrently with service of the Opposition Memoranda, the Parties shall serve proffers of any rebuttal affidavits or declarations unrelated to the authentication of documents that the Parties intend to submit to the Court in connection with the evidentiary hearing that are not submitted with the Opening Memoranda, Supplemental Opening Memoranda, or Opposition Memoranda.  Any proffers must identify the affiant or declarant and the general subject matter of that person's expected testimony.  Any such affidavits and declarations are to be served and filed concurrently with the Joint Documentary Appendix.  The submission of an affidavit or declaration that is unrelated to the authentication of documents shall require that the submitting party make the affiant or declarant available for cross-examination at the evidentiary hearing.  Any party intending to cross-examine any of the affiants or declarants shall notify the submitting party of the affiant or declarant they intend to cross-examine no later than one (1) week before the Hearing Dates.   A party's submission of an affidavit or declaration shall not preclude that party from offering testimony of the declarant or affidavit on direct or re-direct examination, and the right to offer such testimony is fully reserved herein.

11. **Witness Lists.**  Concurrently with service of the Opening Memoranda or Supplemental Opening Memoranda, the Parties shall serve witness lists identifying individuals who will likely

testify on their behalf at the hearing, if any.  Concurrently with service of the Opposition Memoranda, the Parties shall exchange rebuttal witness lists, identifying individuals whom they will likely call as rebuttal witnesses, if any, but only to the extent that these individuals are not already identified on any other witness list.  Each of these lists shall identify: (a) the first and last names of the witnesses; (b) the current and last place of employment and titles held by the witnesses; and (c) the general subject matter of each witness' expected testimony.  Within one (1) week after exchanging the rebuttal witness lists, the Parties shall exchange any objections to the witness lists.

12.     **Deposition Designations**.  Concurrently with service of the Opening Memoranda or Supplemental Opening Memoranda, the Parties shall identify, by page and line number, the portions of the Rule 30(b)(6) deposition transcript that they will likely use at the evidentiary hearing, if any.  Concurrently with service of the Opposition Memoranda, the Parties shall exchange rebuttal deposition designations identifying, by page and line number, the portions of the Rule 30(b)(6) deposition transcript that they expect to use at the evidentiary hearing, if any, but only to the extent that they were not previously identified by LBHI or any Claimant.  Within one (1) week after exchanging the rebuttal deposition designations, the Parties shall exchange any objections to any of the deposition designations.

13.     **Exhibit Lists.**  Twenty-one (21) days (three weeks) prior to the Hearing Dates, the Parties shall serve lists of pre-marked exhibits that they will likely use at the evidentiary hearing (including those exhibits filed with the Court pursuant to § 9(f)).  These exhibit lists shall identify the exhibits by the bates-number imprinted on each of the exhibits.  Within one (1) week after exchanging the exhibit lists, LBHI and the Claimants shall exchange any objections to the exhibit lists.

14. **Meet and Confer.**  Prior to filing any pre-hearing motions pursuant to ¶15, the Parties shall meet and confer as necessary concerning any objections to the supporting declarations, witness lists, deposition designations and/or exhibit lists, or any other disputed issues, in an attempt to consensually resolve any such objections.

15. **Pre-Hearing Motions (i.e., Motions in Limine).**  Motions in Limine, if any, shall be served and filed no later than fourteen (14) days (two weeks) prior to the Hearing Dates. Responses in opposition to any such motion shall be filed no later than seven (7) days (one week) prior to the Hearing Dates.

16. **Pre-Hearing Conference.**  Approximately three (3) days prior to the Hearing Dates, as scheduled by the Court, the Court shall hold a Pre-Hearing Conference to prepare for the evidentiary hearing and resolve any disputed issues, including pre-hearing motions (if any).

17. **Organization of the Evidentiary Hearing.**  The evidentiary hearing shall be comprised of the submission of exhibits, declarations, witness direct testimony, cross-examination, deposition testimony, and oral argument presented by counsel for LBHI, counsel for the Represented Participants, and Claimants not represented by counsel.  The first day of the hearing will be reserved for LBHI and the Represented Participants to present their cases.  LBHI will open and shall have a maximum of three hours on Day 1 of the hearing to present its case, including opening statements and direct and cross-examinations.  The Represented Participants shall have three hours on Day 1 of the hearing to present their cases, including opening statements and cross-examinations.  On Day 2 of the hearing, any Claimant who is not a Represented Claimant will have 20 minutes to present his or her case, LBHI will have a reasonable amount of time, but no more than half the time used by the Claimants who are not

Represented Claimants, to present its rebuttal to the cases presented by such Claimants on Day 2 of the hearing.  On Day 2 or Day 3 (depending on how the hearing proceeds), LBHI and the Represented Participants collectively will each have 60 minutes to present their closing arguments with respect to Days 1 and 2 of the hearing, in a sequence to be determined by the Court at that time.  All times set forth in this paragraph are estimates and are subject to adjustment by this Court as it deems necessary or appropriate under the circumstances, on the request of any party or sua sponte.  Claimants who are not Represented Claimants may present any oral testimony and closing argument telephonically.  Any other telephonic participation shall be only at the Court's discretion.

18.     **Court's Availability**.  All dates and deadlines set forth in this Order, or otherwise agreed upon by the Parties, are subject to the Court's availability and may be modified by the Court without the need for any further order(s).

19.     **Amendments**.  The provisions of this Order may be amended by Order of the Court, provided, however, that the Parties may agree to extend any deadline or modify the organization of the evidentiary hearing without first seeking leave of the Court.

20.     **Jurisdiction**.  The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: New York, New York
January ___, 2014


SO ORDERED:

_____
Honorable _____

WEIL, GOTSHAL & MANGES LLP

By: /s/ Ralph I. Miller
    Ralph I. Miller
    767 Fifth Avenue
    New York, NY 10153
    Tel.: (212) 310-8965
    Fax.: (212) 310-8007

STAMELL & SCHAGER LLP

By: /s/ Richard J. Schager
    Richard J. Schager, Jr.
    Andrew R. Goldenberg
    One Liberty Plaza - 23/F
    New York, NY 10006-1404
    Tel.: (212) 566-4047
    Fax" (212) 566-4061

*Counsel to: Jennifer Adler, Craig Benson, Paola Biraschi, Karen Brewer, William Broadbent, David Brooks, Patrick Cremin, Michael Collier, Joseph D'Amadeo, John Dmuchowski, Nestor De Jesus, Steven Engel, Louise Goldberg, Michael Gran, Anshuman Goyal, Adrian Graves, Sandra Hahn-Colbert, Nicholas Howard, Julian Iragorri, Harriet Chan King, Karen M. Krieger, Tal Lev Ari, Yeruchim Levilev, Sarah Lewis, Patricia Luken, Lawrence McCarthy, Michael McCully, Hugh McGee, Michael Mullen, Ian Neville, Thomas O'Sullivan, Helmut Olivier, Martin Patterson, Michael Petrucelli, Sandy Richman Fleischman, Barry Porter, Jack Rivkin, Alvaro Santodomingo, Brian Seward, Ross Shapiro, Margaret Smith, Greg Somma, Andrea Sullivan, Stephen Snelling, Milan Veleba, Pierluigi Volini Jeffrey Wecker, Peter Ward, Timothy Wilkinson, Judith Winchester*

LAW OFFICES OF LISA M. SOLOMON

By: /s/ Lisa M. Solomon
    Lisa M. Solomon
    One Grand Central Place
    305 Madison Avenue, Suite 4700
    New York, NY 10165
    Tel.: (212) 471-0067
    Fax: (212) 980-6965

*Counsel to: Madelyn Antoncic, Vincent Primiano, Gordon Sweely, Charles Spero, Timothy Burke, Jonathan Sebiri, Riccardo Banchetti, Philippe Dufournier, Anke Parr, Giancarlo Saronne, Harsh Shah, Peter Hornick, Michele Bareggi and Nikki Marshall*

KAPLAN LANDAU LLP

By: /s/ Eugene Neal Kaplan
    Eugene Neal Kaplan
    1065 Avenue of the Americas - 27F
    New York, NY 10018
    Tel.: (212) 593-1700
    Fax.: (212) 593-1707

JULIEN & SCHLESINGER, P.C.
Michael S. Schlesinger
One Whitehall Street - 17th Floor
New York, NY 10004
Tel.: (212) 962-8020

*Counsel to: Judith Ann Kenney, Richard Nackenson, Seth Finkel, Richard S. Levine,*

|  | *Henry Ramallo, Christian F. Reynolds, Marvin C. Schwartz, Stephanie Stiefel, David I Weiner and Richard Glasebrook* |
|---|---|
| RICH MICHAELSON MAGALIFF<br>  MOSER LLP<br>Howard P. Magaliff<br>Robert N. Michaelson<br>340 Madison Avenue - 19th Floor<br>New York, NY 10173<br>Tel.: (212) 220-9402<br>Fax: (212) 913-9644<br><br>*Counsel to: Counsel to: Donald Boughrum, Brian Monahan, Nicole Lawrence, H. Morgan Lawrence, III, Roger Saks* | LAW OFFICES OF A. JAMES BOYAJIAN<br>355 S. Grand Avenue, Suite 2450<br>Los Angeles, CA 90071<br>Tel.: (424) 258-0777<br>Fax: (424) 298-4377<br><br>*Counsel to: Darian J. Cohen* |