# José Manuel Ruiz-Tapiador Larrazábal

Calle de la Fuente del Berro 10 6B • 28009 Madrid (Spain)

ruiztapiador@terra.com          +41788733398



RECEIVED JAN 15 2014 U.S. BANKRUPTCY COURT, SDNY REG

10th of January of 2014

Chambers of the Honorable James M. Peck
One Bowling Green, New York, NY 10004, Courtroom 601

Weil, Gotshal & Manges LLP 767
Fifth Avenue, New York, NY 10153 (Attn: Peter D. Isakoff, Esq. and Garrett A. Fail, Esq.)

The Office of the United States Trustee for Region 2
U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10153 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.)

Dear Sir or Madam,

1. I am part of interest in the bankruptcy case of Lehman Brothers Holdings Inc. as owner of securities bearing **ISIN XS0229269856** issued by subsidiary UK Capital Funding II, having assigned the claim number #49658.

2. I recently received a copy of the Four Hundred Fiftieth Omnibus Objection to Claims (Preferred Securities Claims) with its corresponding Notice of Hearing on the Four Hundred Fiftieth Omnibus Objection to Claims (Preferred Securities Claims). In this objection to claims, the Plan Administrator objects that the claims should be reduced to the "Reduced Amounts" proposed by Mr. Holly A. Clack and stated in the Exhibit A. In my own case, the claim is reduced from $132,292.42 to $17,786.38, that represents a direct loss of 86.55% of the investment – without taking into account the time value of money

3. The main reasoning of the Plan Administrator is that the LBH Plc issued Guarantees were limited guaranteed, that did not guarantee a return of an investor's principal or the notional amount of an investor's Preferred Securities.

4. After revision of the legal documentation issued with the Preferred Securities, my consideration is that this is an unfair interpretation of the characteristics of the product and the explicit guarantee stated:

    a. The Guaranteed Payments, according to the Subordinated Guarantee, include: "(iii) the Optional Redemption Price and (iv) any Additional Amounts.

    b. The Optional Redemption Price is defined as "the Liquidation Preference plus (a) any due and accrued but unpaid Distributions [...]"

    c. The Liquidation Preference is defined as "the liquidation preference of €1,000 per Preferred Security"

    d. Therefore, liquidation preference of €1,000 would also be guaranteed by the Guarantor (on top of the due Distributions).



5. In addition, the full guarantee is also stated in other sections of the legal documents of the issuance. For example, in section *Risk Factors*, when referring to the *Credit Exposure*, the issuance states: "Credit exposure represents the possibility a counterparty will be unable to honour its contractual obligations. Although the Guarantor Group actively manages credit exposure daily as part of its risk management framework, counterparty default risk may arise from unforeseen events or circumstances". This paragraph is directly linking the credit exposure of the product to the credit risk of the Guarantor, being illogical that the most significant portion of that exposure might now be excluded of the perimeter of the Guarantor.

6. The nature of the product is an intermediary point between ordinary shares and subordinated debt. This is stated again in *Risk Factors*. By reducing the claimed amounts only to the unpaid Distributions, there is chance that ordinary shares might have a better liquidation than Preferred Stock, which would be absolutely out of the nature of the capital structure. Thanks to consider the situation of defencelessness that the investors in this preferred securities due to the remote structure created by Lehman Brothers

I honestly apologize if any of the reasoning above is not clear enough. In such a case, I would rogue you to do not hesitate to contact myself.

I thank you in advance for the time taken to read and consider the points of this letter.


Yours Faithfully,

José Manuel Ruiz-Tapiador Larrazábal
Claim #49658