Hearing: January 29, 2014 at 10:00 am. (Prevailing Eastern Standard Time)

Michael G. Burke
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

-and-

Bryan Krakauer
Joel S. Feldman
Mark B. Blocker
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Attorneys for Principal Life Insurance Company

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                                        :
In re:                                                                  :
                                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*      :   Chapter 11
                                                                        :   Case No. 08-13555 (JMP)
                       Debtors.                                         :
                                                                        :
------------------------------------------------------------------------X

# RESPONSE IN OPPOSITION TO THE MOTION OF LEHMAN BROTHERS HOLDINGS INC., PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1), TO EXTEND STAY OF AVOIDANCE ACTIONS AND GRANT CERTAIN RELATED RELIEF

Principal Life Insurance Company ("Principal Life"), through its counsel Sidley Austin LLP, submits this Response in Opposition to the Motion of Lehman Brothers Holdings Inc. ("LBHI") to Extend the Stay of Avoidance Actions and Grant Certain Related Relief (the "Motion"), and respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Principal Life does not object to a final extension of the Stay of Avoidance Actions (the "Stay") until May 20, 2014, or to the concurrent extension of the deadline to effect service (the "Service Deadline"), as LBHI requests in its Motion.

2. However, Principal Life objects to LBHI's unilateral proposal for a three-phase approach for handling subsequent litigation of the Special Purpose Vehicle Avoidance Actions (the "SPV Avoidance Actions"). Principal Life requests that the Court approve the Stay and the Service Deadline, but without adopting LBHI's proposals for scheduling the SPV Avoidance Actions.

3. Principal Life objects to LBHI's scheduling proposals for at least three reasons. First, the scheduling proposal was proposed unilaterally by LBHI without consulting most or possibly any of the other parties to the SPV Avoidance Actions. Principal Life submits that any scheduling order for this case – just as in any case – should be formulated through consensual negotiations between LBHI and counsel for the Avoidance Action Defendants,[1] that is, as many such counsel as would seek to participate in these negotiations or an *ad hoc* steering committee of the legal representatives of certain Avoidance Action Defendants willing serve on such a committee. While LBHI may believe that the three-phase proposal it has advanced best suits its interests, the interests of Avoidance Action Defendants should be taken into account as well. And if no agreement can be reached through such a consensual negotiation, this Court can consider competing scheduling orders advanced by the parties, each of which then can explain the rationale for their proposed schedule.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

4. Second, the short briefing schedule on the Motion is not the appropriate vehicle for vetting the parties' views on scheduling and the ultimate handling of the litigation. LBHI filed its motion on January 10, 2014, and responses to the Motion are due on January 22 – just 12 days later. There is no reason for this Court to issue a rushed decision on a scheduling protocol by forcing parties to make their views on scheduling known on this tight timeframe. Most of the SPV Avoidance Actions were filed in 2010, and have been stayed for the last three years, so it makes little sense to force the Avoidance Action Defendants to brief their views on scheduling in just two weeks, especially since LBHI apparently did not seek to preview its scheduling proposal with any of the Avoidance Action Defendants. These are complex cases, and the Court should allow for presentation of views on scheduling only after the parties have had some time to negotiate with each other, and consider the relative benefits and deficiencies of possible schedules and each party's positions.

5. Third, it is far from clear that LBHI's proposed three-phase approach to the litigation (described in general terms in Paragraph 29 of the Motion) is the appropriate structure for the efficient handling of the litigation. For starters, it is not clear why LBHI has proposed that consideration of "responsive pleadings and/or motions to dismiss" should be deferred until Phase III. In this respect, this litigation is no different than any other case. This Court should have the opportunity to consider any legal challenge to the asserted claims right at the outset. If this Court were to determine that the Complaint failed to state a claim, there would be no reason to deal with the cumbersome and largely uncharted waters of certifying a defendant class, or to consider complicated tolling issues. As in any case, the Avoidance Action Defendants should be permitted the opportunity to file motions to dismiss or other dispositive motions that would be heard at the outset of the case.

6.  In addition, it is not at all clear what benefits are gained from certification of a defendant class in any event, so the wisdom of structuring the litigation to deal with class issues first is not readily apparent.[2]  Since LBSF first filed these adversary actions in 2010, it has taken discovery in an effort to identify each of the noteholders, and its most recent complaint includes numerous parties that were not named in the original complaint (and omits others who LBSF has presumably determined are not appropriate parties).  In its Motion, LBHI mentions in a footnote that, in the Distributed Action, "some" of the noteholders "have yet to be identified." (Motion, p. 14 n. 13).  LBHI does not provide any estimate of how many noteholders it believes have not yet been identified, or what proportion of the distributed assets it believes they may hold.  But assuming that the noteholders currently named as the Avoidance Action Defendants account for the vast majority of the distributed assets, LBHI's proposal would appear to be the tail wagging the dog – a substantial effort at the front end of the litigation to account for a small amount of assets (while the claims against the remaining bulk of known noteholders is deferred).  LBHI may have an explanation for its proposal, but again, that explanation has seemingly not been shared with any of the Avoidance Action Defendants, and presumably will only be publicly-provided in its reply brief, issued shortly before the upcoming January 29 hearing.

7.  Moreover, unlike the typical class action, the claims here do not involve small amounts that are not worth litigating on their own.  On the contrary, most the Avoidance Action Defendants likely have hundreds of thousands or millions of dollars at stake.  The practical consequence of this fact is that most Avoidance Action Defendants will want to control the

---

[2] And of course, this is not how most plaintiff class actions work.  In most instances, a court considers any legal challenges to the complaint before considering class certification.  *See Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998) ("There is nothing in Rule 23 that precludes a court from examining the merits of plaintiff's claims on a proper Rule 12 motion to dismiss"); *cf. Christensen v. Kiewit-Murdock Investment Corp.,* 815 F.2d 206, 214 (2d Cir. 1987) (a court can consider a motion to dismiss before class certification to avoid needless and costly litigation, especially when the class certification issues will be legally or factually complex).  LBHI does not offer any explanation for its very different proposed approach here.

litigation and/or settlement of their claim. Appointment of an unwilling class representative would therefore appear to serve very little purpose that could not be more easily achieved through other means, such as an *ad hoc* steering committee(s) of the Avoidance Action Defendants.[3] Further, it is not at all clear that merits discovery should be delayed while class certification matters are addressed.

8.  For all the foregoing reasons, this Court would be better served by having the parties use the period between now and May 20 to negotiate a proposed schedule for the remaining litigation, rather than adopting the one unilaterally proposed by LBHI in the context of its extension motion and for which the Avoidance Action Defendants have all of two weeks to respond. This would allow the Avoidance Action Defendants to begin coordinating with one another and attempt to negotiate a consensual scheduling order with LBHI,[4] and would allow the Court to hear the considered views of all parties with respect to scheduling.

---

[3] Indeed, such *ad hoc* steering committees are presently functioning well in other multi-party avoidance actions such as those pending in *Madoff* and *Lyondell*.

[4] Principal Life and several other Avoidance Action Defendants have already begun the process of consulting with each other to organize a coordinated response to the Avoidance Action Defendants' scheduling efforts.

## **CONCLUSION**

WHEREFORE, for the reasons stated above, while Principal Life has no objection to an extension of the Stay and Service Deadlines to May 20, 2014, it respectfully requests that this Court omit from the resulting order LBHI's proposed scheduling protocols.

Dated: January 22, 2014
      New York, New York

                SIDLEY AUSTIN LLP

                By: /s/ Michael G. Burke
                Michael G. Burke
                787 Seventh Avenue
                New York, New York 10019
                Telephone: (212) 839-5300
                Facsimile: (212) 839-5599

                -and-

                Bryan Krakauer
                Joel Feldman
                Mark B. Blocker
                One South Dearborn Street
                Chicago, Illinois  60603
                Telephone:  (312) 853-7000
                Facsimile:  (312) 853-7036

                Attorneys for Principal Life Insurance Company

NY1 9153581v.4