Hearing Date and Time: **January 29, 2014 at 10:00 a.m.**
Objection Date and Time: **January 22, 2014 at 4:00 p.m.**

CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
Telephone:  (312) 845-3000
Jeffrey G. Close (admitted *pro hac vice*)
Jeremy D. Schreiber (admitted *pro hac vice*)
jclose@chapman.com
jschreib@chapman.com

-and-

CHAPMAN AND CUTLER LLP
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Telephone:  (212) 655-6000
Laura Appleby (LA-4879)
appleby@chapman.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | CHAPTER 11<br><br>CASE NO. 08-13555 (JMP)<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF FIRST TRUST STRATEGIC HIGH INCOME FUND II TO
LEHMAN BROTHERS HOLDINGS, INC. MOTION TO EXTEND STAY OF AVOIDANCE ACTIONS
[DKT. NO. 42023]**

First Trust Strategic High Income Fund II ("*FHY*") is a named "Noteholder Defendant" in the adversary proceeding captioned *Lehman Brothers Special Financing, Inc v. Bank of America National Association*, No. 10-3547-jmp (the "*Adversary*"), now called the "Distributed Action" by Lehman Brothers Holdings, Inc. ("*LBHI*").  FHY respectfully files this limited

objection ("*Objection*") to LBHI's most recent Motion to Extend Stay of Avoidance Actions and Grant Certain Related Relief [Dkt. No. 42023], filed January 10, 2014 (the *"Motion"*).[1]

FHY does not object to one ***final*** stay until May 2014.

FHY does object to the Motion to the extent it: (i) seeks to commit the Court and the parties to LBHI's proposed 3-stage "Protocol" for litigation of the "Distributed Action," or to have the Court otherwise prematurely schedule matters not currently before the Court; (ii) to the extent that it prejudices FHY's right or ability to contest the appropriateness of class treatment of the claims of Lehman Brothers Special Financing, Inc. ("*LBSF*," together with LBHI, "*Debtors*") in the Distributed Action, or to delay resolution of these claims on the merits; and (iii) to the extent it fails to require LBHI or LBSF to provide appropriate and sufficient information to FHY, so that FHY can meaningfully assess any class or subclass proposals, or voluntarily organize with other defendants in a meaningful fashion to defend its rights in the "Distributed Action."

### Objection to the 3-Stage Protocol

FHY objects to the Motion to the extent that it seeks to prematurely tie the Court and the parties to the 3-stage proposed "Protocol." Instead, if the Court will allow the extension, it should merely allow Debtors time to move for class certification or to work with Defendants' counsel to otherwise propose a protocol during the extension, without prejudice to what that protocol might contain or accomplish, or what might happen thereafter. It is well known that Judge Peck is retiring, and that Judge Chapman will be assuming responsibility for the litigation

---

[1] This is LBHI's sixth motion to stay these proceedings. On September 16, 2010, LBHI moved to stay the Avoidance Actions, including the Adversary, for nine months. [Dkt. No. 11389.] That motion was granted on October 20, 2010. [Dkt. No. 12199.] LBHI moved five additional times for extensions of the stay [Dkt. Nos. 17195, 23674, 29163, 33322 and 38118], and each extension was granted.

of these matters. Judge Chapman should be free to consider Debtors' motion or proposed protocol without preconceptions or argument that she is bound to prior rulings.

Moreover, even if Judge Peck were staying, it would be premature for the Court to commit to the proposed 3-stage "Protocol," which is a transparent attempt to delay resolution on the merits of Debtors' questionable claims. Certain Defendants, including FHY, may wish to pursue determination on the merits, or a narrowing of issues, sooner rather than later. An order committing the parties to a "Phase One" that only deals with class issues is premature and inappropriate.

### **Objection to the Assumption of the Appropriateness of Class Treatment**

Moreover, the Motion appears to assume that class treatment is appropriate. (*See* Motion at 16 (Phase I to deal with class issues, including class discovery, tolling and statute of limitations issues).) After three years, no motion for class certification has been filed. FHY reserves all of its rights with respect to the appropriateness of class treatment. While recognizing some means of organizing Defendants effectively will be necessary -- the Court should not be faced with 108 repetitive Motions to Dismiss -- there are many tools for managing complex litigation involving a multitude of joined parties, and class treatment under Rule 23 may not be appropriate.

At the very least, Defendants must have the information discussed below to assess any class motion or proposals, or to have the opportunity to organize themselves for their own benefit; but, they must not be foreclosed by a pre-determination that class treatment of any kind is appropriate.

**<u>Objection to the Lack of Meaningful Information</u>**

For nearly five and a half years, before the Distributed Action was filed and while the Distributed Action has been stayed, Debtors have enjoyed a virtual monopoly on information. To the extent that such a monopoly was ever appropriate in bankruptcy to allow the estates to benefit from the unique ADR Procedures this Court imposed on Defendants, it is no longer appropriate. Debtors must share sufficient information to allow Defendants to properly assess Debtors' proposals for moving forward with this litigation, whether as a class or subclasses, or otherwise. Defendants must have the opportunity to organize themselves to meaningful protect their rights without needless burden and duplication.[2]

At a minimum, in connection with any proposed "protocol," Debtors should be required to provide Defendants with a chart(s) correlating:

- Noteholder name and counsel or contact information;

- Transaction / issuer;

- Date / basis of Termination;

- Date of Distribution;[3]

- Amount of Distribution;[4]

---

[2]  FHY and several other Defendants have already begun the process of consulting with each other to organize a coordinated response to Defendants' scheduling efforts.

[3]  By requesting this information, FHY does not mean to suggest or concede that the date of distribution is material, only that LBSF has contended that it is material.

[4]  To the extent Defendants object to public disclosure of the disputed amounts, such information could be provided under a confidentiality order or for attorney eyes only.

- Significant document term differences;[5] and

- Mediation status.

## CONCLUSION

Without conceding that any amounts are due to the Debtors, including without limitation any pre-judgment interest, FHY respectfully requests that the Court grant the Motion, if at all, only in part, and only on the grounds set forth herein.

Dated:  January 22, 2014
       New York, New York

Respectfully submitted,

**FIRST TRUST STRATEGIC HIGH INCOME FUND II**

By _____/s/ Laura Appleby_____

Jeffrey G. Close (admitted *pro hac vice*)
Jeremy D. Schreiber (admitted *pro hac vice*)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago IL 60603
Telephone:  (312) 845-300
jclose@chapman.com
jschreib@chapman.com

-and-

Laura Appleby (appleby@chapman.com)
CHAPMAN AND CUTLER LLP
1270 Avenue of the Americas, 30th Fl.
New York, New York  10020
Telephone:  (212) 655-6000
appleby@chapman.com

---

[5] Again, the parties are unlikely to agree on which terms may be relevant or material, but Debtors should be required to initially identify those terms that they believe material, so that Defendants may organize themselves -- or assess proposed classes -- accordingly.