# EXHIBIT F

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
through I to Crowley Declaration    Pg 2 of 153
Case 1:09-md-02017-LAK-GWG    Document 1290    Filed 09/14/13    Page 1 of 4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION | Case No. 09-MD-2017 (LAK) |
| | ECF CASE |
| This Document Applies To: | |
| In re Lehman Brothers Equity/Debt Securities Litigation, 08-CV-5523-LAK | |

### THE STRUCTURED PRODUCTS CLASS REPRESENTATIVES' NOTICE OF AMENDED MOTION AND AMENDED MOTION FOR ENTRY OF PRELIMINARY ORDER PURSUANT TO RULE 23

TO:    All Counsel of Record

PLEASE TAKE NOTICE that the Structured Products Class Representatives hereby file an amended motion under Federal Rule of Civil Procedure 23(e) for entry of a preliminary order authorizing notice of a proposed settlement with defendant UBS Financial Services, Inc. and scheduling a hearing for consideration of approval of the proposed settlement.

The Structured Products Class Representatives previously moved this Court for entry of a preliminary order on August 8, 2013.  (Dkt. Nos. 1276-1277.)  The Court entered an order on August 13 setting a conference on the motion for September 9, 2013.   In response to the Court's comments at the September 9 hearing, the Structured Products Class Representatives now file an amended motion for entry of a preliminary order with accompanying revised exhibits.

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-mc-02017-LAK-GWG    Document 1290    Filed 09/11/13    Page 2 of 4
through I to Crowley Declaration    Pg 3 of 153

Agreed upon proposed Orders are submitted with this motion.


Dated: September 11, 2013                    Respectfully submitted,

                                             **GIRARD GIBBS LLP**

                                             By:    */s/ Daniel C. Girard*
                                                    Daniel C. Girard

                                             Jonathan K. Levine
                                             Amanda M. Steiner
                                             John A. Kehoe
                                             Dena C. Sharp
                                             601 California Street, Floor 14
                                             San Francisco, CA 94108
                                             Tel: (415) 981-4800
                                             Fax: (415) 981-4846
                                             dcg@girardgibbs.com
                                             jkl@girardgibbs.com
                                             as@girardgibbs.com
                                             jak@girardgibbs.com
                                             chc@girardgibbs.com

                                             *Class Counsel and Counsel for Plaintiffs Mohan
                                             Ananda, Richard Barrett, Neel Duncan, Nick
                                             Fotinos, Stephen Gott, Karim Kano, Barbara
                                             Moskowitz, Ronald Profili, Joe Rottman, Grace
                                             Wang and Miriam Wolf*

                                             **ZWERLING, SCHACHTER
                                                 & ZWERLING, LLP**
                                             Susan Salvetti
                                             Justin M. Tarshis
                                             41 Madison Avenue
                                             New York, New York 10010
                                             Telephone: (212) 223-3900
                                             Facsimile: (212) 371-5969
                                             ssalvetti@zsz.com
                                             jtarshis@zsz.com

                                             *Counsel for Plaintiffs Ed Davis, Rick Fleischman,
                                             Gastroenterology Associates, Ltd. Profit Sharing
                                             Plan FBO Charles M. Brooks M.D., Arthur Simons
                                             and Juan Tolosa*

08-13555-mg   Doc 42124-3   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits F
Case 1:09-md-02017-LAK-GWG   Document 1290   Filed 09/14/18   Page 3 of 4
through I to Crowley Declaration    Pg 4 of 153

**LAW OFFICES OF JAMES V. BASHIAN, P.C.**
James V. Bashian
500 Fifth Avenue, Suite 2700
New York, New York 10110
Telephone: (212) 921-4110
Facsimile: (212) 921-4229

*Counsel for Plaintiff David Kotz*

**BONNETT FAIRBOURN FRIEDMAN
    & BALINT, P.C.**
Andrew Friedman
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone: (602) 274-1100
Facsimile: (602) 274 1199

**TIFFANY & BOSCO P.A.**
Richard G. Himelrick
2525 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 255-6000
Facsimile: (602) 255-0103

*Counsel for Plaintiff Shea-Edwards Limited
Partnership*

08-13555-mg    Doc 42172-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1290    Filed 09/11/13    Page 5 of 4
through I to Crowley Declaration    Pg 5 of 153

## CERTIFICATE OF SERVICE

I, Daniel C. Girard, hereby certify that on September 11, 2013, I caused the following

documents to be filed electronically with the United States District Court for the Southern

District of New York through the Court's mandated ECF service:

### THE STRUCTURED PRODUCTS CLASS REPRESENTATIVES'
### NOTICE OF AMENDED MOTION AND AMENDED MOTION
### FOR ENTRY OF PRELIMINARY ORDER PURSUANT TO RULE 23

Counsel of record are required by the Court to be registered e-filers, and as such are

automatically e-served with a copy of the document(s) upon confirmation of e-filing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of September, 2013 at San Francisco, California.


*/s/ Daniel C. Girard*
Daniel C. Girard

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-and-02017-LAK-GWG    Document 1290-1    Filed 09/11/13    Page 1 of 124
through I to Crowley Declaration    Pg 6 of 153

# EXHIBIT 1

08-13555-mg   Doc 42124-3   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits F
Case 1:09-md-02017-LAK-GWG   Document 1290-1   Filed 09/11/13   Page 2 of 24
through I to Crowley Declaration    Pg 7 of 153

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION | Case No. 09-MD-2017 (LAK) |
| This Document Applies To: | ECF CASE |
| In re Lehman Brothers Equity/Debt Securities Litigation, 08-CV-5523-LAK | |

## STIPULATION OF SETTLEMENT AND RELEASE

This Stipulation of Settlement and Release (the "Stipulation" or "Settlement") is entered into between and among Plaintiffs Mohan Ananda, Richard Barrett, Ed Davis, Neel Duncan, Rick Fleischman, Nick Fotinos, Gastroenterology Associates, Ltd. Profit Sharing Plan and Trust FBO Charles M. Brooks, MD, Stephen Gott, Karim Kano, David Kotz, Barbara Moskowitz, Ronald Profili, Joseph Rottman, Shea-Edwards Limited Partnership, Juan Tolosa, Grace Wang and Miriam Wolf (the "Structured Products Class Representatives")[1] on behalf of the Settlement Class (defined below) and UBS Financial Services Inc. (the "Settling Defendant" or "UBSFS") (together, the "Settling Parties") by and through their respective counsel in the above-captioned consolidated class action (the "Action").  Subject to the approval of the District Court (defined below) and certain limitations expressly provided herein, the settlement provided for in this Stipulation (the "Settlement") is intended to settle and release all claims against Settling Defendant. This Stipulation does not release any claims of the Structured Products Class Representatives and any other Settlement Class Members (defined below) as against E&Y

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶1 herein.

(defined below).

WHEREAS, beginning on June 18, 2008, putative class actions were filed in the District Court, alleging violations of federal securities laws and captioned as follows: *Operative Plasterers & Cement Masons International Association Local 262 Annuity Fund, et al. v. Richard S. Fuld, Jr., et al.,* Case No. 08 Civ. 5523; *Fogel Capital Management, Inc. v. Richard S. Fuld, Jr., et al., Case No. 08 Civ. 8225; Jeffrey Stark, et al. v. Erin Callan, et al.,* Case No. 08 Civ. 9793*; Stanley Tolin v. Richard S. Fuld, Jr., et al.,* Case No. 08 Civ. 1 0008; and *Brooks Family Partnership, LLC, et al. v. Richard S. Fuld, Jr., et al*., Case No. 08 Civ. 10206;

WHEREAS, beginning on October 31, 2008, other putative class actions were filed in the District Court alleging violations of federal securities laws on behalf of investors in certain structured products issued by Lehman Brothers Holdings Inc. ("Lehman"), some of which were sold and underwritten by UBSFS, and captioned as follows: *Anthony Peyser v. Richard S. Fuld, Jr., et al*., Case No. 08 Civ. 9404; *Stephen P. Gott v. UBS Financial Services, Inc., et al*., Case No. 08 Civ. 9578; and *Enrique Azpiazu v. UBS Financial Services, Inc., et al.*, Case No. 08 Civ. 10058 (the "Structured Products Actions"); [2]

WHEREAS, on January 9, 2009, the District Court entered an order (the "Consolidation Order") consolidating the Structured Products Actions with certain other actions brought on behalf of investors in other Lehman-issued securities under the caption *In re Lehman Brothers Equity/Debt Securities Litigation*, Case No. 08 Civ. 5523 (LAK) (the "Action");

WHEREAS, the Consolidation Order confirmed the previous appointment of Lead

---

[2]    On September 15, 2008, Lehman and certain of its subsidiaries and affiliates filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code (the "Lehman Bankruptcy Proceedings").  For this reason, Lehman was not named as a defendant in the Structured Products Actions or the Action. Further, on September 19, 2008, a proceeding under the Securities Investor Protection Act (the "LBI SIPA Proceeding") was commenced against Lehman Brothers Inc. ("LBI").  For this reason, LBI was not named as a defendant in the Structured Products Actions or the Action.

Plaintiffs and Lead Counsel in the Action, and also established the appointment of a Plaintiffs'

Executive Committee consisting of lead counsel in: (i) the Action, (ii) *In re Lehman Brothers*

*Mortgage-Backed Securities Litigation*, and (iii) *In re Lehman Brothers ERISA Litigation*; and

(iv) Daniel C. Girard of the firm of Girard Gibbs LLP, one of the counsel in the Structured

Products Actions;

WHEREAS, on February 23, 2009, the Second Amended Consolidated Class Action

Complaint was filed on behalf of investors that purchased certain UBSFS-underwritten

structured products, as well as investors in other Lehman-issued securities;

WHEREAS, on April 27, 2009, UBSFS, in conjunction with the other Defendants,

moved to dismiss the Second Amended Consolidated Class Action Complaint;

WHEREAS, UBSFS moved to dismiss the Second Amended Consolidated Class Action

Complaint on the grounds that the Structured Products Class Representatives lacked standing to

bring claims with respect to structured products offerings in which no named plaintiff purchased

and that the Offering Materials contained no material misstatements or omissions;

WHEREAS, on January 26, 2010, the District Court held a hearing for oral argument on

the motions to dismiss;

WHEREAS, on March 17, 2010, pursuant to Pre-Trial Order No. 14, and the then-recent

filing of the Examiner's Report in the Lehman Bankruptcy Proceedings, the District Court

denied the pending motions to dismiss without prejudice and granted leave to further amend the

complaint on or before April 23, 2010;

WHEREAS, on April 23, 2010, the Third Amended Class Action Complaint (the

"Complaint") was filed in the Action on behalf of the Structured Products Class Representatives,

as well as investors in other Lehman-issued securities;

3

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
through I to Crowley Declaration    Pg 10 of 153
Case 1:09-md-02017-LAK-GWG    Document 1290-1    Filed 09/11/13    Page 5 of 24

WHEREAS, the Complaint alleges that UBSFS, as underwriter and seller of the
Structured Products, is liable under sections 11 and 12(a)(2) of the Securities Act of 1933 for
materially false and misleading statements and omissions in the Offering Materials about
Lehman's financial condition and creditworthiness, as well as the "principal protection" feature
of some of the Structured Products (the "Structured Products Claims");

WHEREAS, on June 4, 2010, UBSFS, in conjunction with the other Defendants, moved,
together with memoranda of law, declarations, and exhibits in support thereof, to dismiss the
Complaint on the grounds that: (a) the Structured Products Class Representatives lacked standing
to bring claims with respect to Structured Products offerings in which no named plaintiff
purchased, (b) certain claims were time-barred, and (c) the Offering Materials contained no
material misstatements or omissions;

WHEREAS, on June 30, 2010, all plaintiffs in the Action filed a consolidated
memorandum of law, declarations, and exhibits in opposition to Defendants' motions to dismiss
the Complaint, which included the arguments made by Structured Products Class
Representatives in opposition to the UBSFS motion to dismiss the Structured Products Claims;

WHEREAS, on July 13, 2010, Defendants filed reply memoranda, declarations, and
exhibits in support of their motions to dismiss the Complaint;

WHEREAS, on July 27, 2011, the District Court issued a Memorandum Opinion granting
in part and denying in part Defendants' motions to dismiss;

WHEREAS, the District Court held that (i) the Structured Products Class Representatives
lacked standing to pursue claims with respect to Structured Products offerings in which no
named plaintiff purchased; (ii) claims with respect to offerings on or before March 30, 2007 were
time-barred; (iii) claims asserted by certain newly added plaintiffs relating to offerings

4

subsequent to March 30, 2007 were timely; (iv) the Complaint stated claims under sections 11
and 12(a)(2) with respect to certain aspects of Lehman's financial condition and with respect to
the principal protection feature of some of the Structured Products; and (v) the Complaint failed
to state any claims by the Structured Products Class Representatives against E&Y;

WHEREAS, on September 8, 2011, the District Court entered Pretrial Order No. 20
revising the July 27, 2011 Memorandum Opinion;

WHEREAS, on September 8, 2011, the District Court entered Pretrial Order No. 19 (the
"Motion to Dismiss Order"), which set forth the District Court rulings in the revised July 27,
2011 Memorandum Opinion;

WHEREAS, beginning in the fall of 2011, the Settling Parties engaged in discovery. The
Structured Products Class Representatives and other Settlement Class Members produced more
than 4,000 pages of documents in response to Settling Defendant's document requests and
submitted to twenty-two depositions taken by Settling Defendant's Counsel. Structured Products
Plaintiffs' Counsel served three sets of document requests, two sets of interrogatories and one set
of requests for admission on Settling Defendant. Structured Products Plaintiffs' Counsel has
reviewed the 1.8 million pages of documents produced by Settling Defendant, the nearly 2
million pages of documents produced by UBS AG (Settling Defendant's parent company) and its
affiliates pursuant to a subpoena, and has also reviewed a substantial portion of the 4.4 million
pages of documents produced from the Lehman estate, and documents produced by E&Y and
non-parties. Structured Products Plaintiffs' Counsel has taken eleven depositions of UBSFS
witnesses and experts, and has taken and attended 26 depositions of Lehman and E&Y witnesses
to date;

WHEREAS, the discovery taken in the Action, and related motion practice filed by

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1-09-md-02017-LAK-GWG    Document 1290-1    Filed 09/11/13    Page 7 of 24
through I to Crowley Declaration    Pg 12 of 153

Structured Products Plaintiffs' Counsel, has included inquiry into, among other topics, (i) the

procedures by which UBSFS structured, marketed and sold structured products through its

financial advisors, including the Lehman-issued Structured Products, (ii) the sales commissions

payable to UBSFS and its financial advisors relating to the sale of structured products, (iii) the

training and education of UBSFS financial advisors relating to the sale of structured products,

(iv) communications between UBSFS financial advisors or consultants and purchasers of

Structured Products, (v) whether class members had knowledge of facts related to the

creditworthiness of Lehman, and (vi) the understanding of UBSFS financial advisors and

customers of the principal protection features of Lehman-issued Structured Products;

WHEREAS, in October 2011, Structured Products Class Representatives, through their

counsel, commenced settlement discussions and arm's-length negotiations with counsel for

Settling Defendant, in an effort to reach a compromise and settlement of claims against Settling

Defendant that will achieve the best relief possible consistent with the interests of the Settlement

Class;

WHEREAS, on February 3, 2012, the Structured Products Class Representatives filed a

motion for class certification and the appointment of class counsel together with a memorandum

of law, declarations, and exhibits in support;

WHEREAS, on April 4, 2012, UBSFS filed a memorandum of law, declarations

(including two expert declarations), and exhibits in opposition to the motion for class

certification;

WHEREAS, on May 16, 2012, the Structured Products Class Representatives filed a

reply memorandum of law, declarations, exhibits and an expert declaration in further support of

their motion for class certification;

6

WHEREAS, on May 23, 2012, UBSFS filed a sur-reply memorandum of law, declarations (including an expert declaration), and exhibits in opposition to the motion for class certification;

WHEREAS, on September 21, 2012, on the basis of recent Second Circuit authority in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012) ("*NECA-IBEW*"), the Structured Products Class Representatives moved for reconsideration (the "Motion for Reconsideration") of the Motion to Dismiss Order, which dismissed certain of the Structured Products Class Representatives' claims for lack of standing and for untimeliness;

WHEREAS, on October 9, 2012, UBSFS filed an opposition to the Motion for Reconsideration;

WHEREAS, on October 19, 2012, the Structured Products Class Representatives filed a reply memorandum of law in further support of the Motion for Reconsideration;

WHEREAS, on November 20, 2012, the District Court denied the Motion for Reconsideration without prejudice to renewal subject to Supreme Court action on a petition for a writ of certiorari in *NECA-IBEW*;

WHEREAS, on December 11, 2012, the Settling Parties engaged in the first of two separate mediation sessions before the Honorable Daniel Weinstein (Ret.) (the "Mediator"), and had numerous telephonic and face-to-face settlement conferences thereafter;

WHEREAS, on January 23, 2013, the District Court entered Pretrial Order No. 59 granting in part and denying in part the motion for class certification, appointed the Structured Products Class Representatives to represent the certified class, and appointed Girard Gibbs LLP as class counsel for the certified class (the "Class Certification Order");

WHEREAS, on February 6, 2013, UBSFS filed a petition with the Court of Appeals for

7

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
through I to Crowley Declaration    Pg 14 of 153

Case 1-09-md-02017-LAK-GWG    Document 1290    Filed 09/11/13    Page 5 of 24

the Second Circuit, pursuant to Federal Rule of Civil Procedure 23(f), seeking permission to
appeal the Class Certification Order (the "Rule 23(f) Petition");

WHEREAS, on February 22, 2013, the Structured Products Class Representatives filed a
memorandum of law in opposition to the Rule 23(f) Petition;

WHEREAS, on March 4, 2013, UBSFS filed a reply memorandum of law in support of
the Rule 23(f) Petition;

WHEREAS, on April 16, 2013, the Court of Appeals for the Second Circuit denied the
Rule 23(f) Petition;

WHEREAS, on April 23, 2013, after the Supreme Court's denial of the petition for a writ
of *certiorari* in *NECA-IBEW*, the Structured Products Class Representatives filed a renewed
motion for reconsideration pursuant to Federal Rule of Civil Procedure 54(b), and for
amendment of the Class Certification Order pursuant to Rule 23(c)(1)(C) (the "Renewed Motion
for Reconsideration");

WHEREAS, on May 24, 2013, UBSFS filed its opposition to the Renewed Motion for
Reconsideration;

WHEREAS, on May 28, 2013, the Settling Parties engaged in a second mediation session
before the Mediator in an attempt to reach a resolution of the Structured Products Claims
asserted in the Action;

WHEREAS, the Structured Products Class Representatives' reply in further support of
the Renewed Motion for Reconsideration is due on August 14, 2013;

WHEREAS, Structured Products Plaintiffs' Counsel have conducted an investigation
relating to the Structured Products Claims and the underlying events and transactions alleged in
the Complaint, researched the applicable law with respect to the claims of Structured Products

Class Representatives and the other Settlement Class Members against Settling Defendant and the potential defenses thereto;

WHEREAS, based upon their investigation, the extensive discovery undertaken, and the considerable negotiation and mediation efforts expended, Structured Products Class Counsel has concluded that the terms and conditions of this Settlement and the documents incorporated herein by reference are fair, reasonable and adequate to Structured Products Class Representatives and the other Settlement Class Members and in their best interests, and has agreed to settle the Structured Products Claims asserted in the Action against Settling Defendant pursuant to the terms and provisions of this Stipulation, after considering: (1) the risks inherent in litigating the complex legal and factual issues of the Structured Products Claims; (2) the expense and delay of continued litigation; (3) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation; and (4) the benefits that Structured Products Class Representatives and other Settlement Class Members will receive from settlement of their claims against Settling Defendant;

WHEREAS, throughout the course of the Action, Settling Defendant has denied and continues to deny liability and maintains that it has meritorious defenses, including but not limited to its contentions that (i) the named plaintiffs lack standing to represent a class of investors in connection with Structured Products that they did not purchase; (ii) the class cannot be certified under Rule 23 due to the predominance of questions of knowledge of class members regarding the allegedly concealed information upon which the Structured Products Claims are based; (iii) a class action is not a superior method of adjudicating the Structured Products Claims; (iv) even if liability is found, any damages that are recoverable will be reduced to the extent that class members' losses were not foreseeable, or that such losses were not caused by

9

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1290    Filed 09/11/13    Page 2 of 12
through I to Crowley Declaration    Pg 16 of 153

any alleged misrepresentations or omissions in the offering documents; (v) the offering

documents did not contain any material misrepresentations or omissions; and (vi) any liability of

Settling Defendant to the class is subject to reduction based on the proportionate liability of

Defendants other than Settling Defendant.  Without waiving any of these defenses, Settling

Defendant has determined that it is desirable that the Structured Products Claims asserted in the

Action be fully and finally settled in the manner and upon the terms and conditions set forth in

this Stipulation;

WHEREAS, nothing in this Stipulation shall be construed or deemed to be evidence of an

admission or concession on the part of Settling Defendant with respect to any claim or any fault

or liability or wrongdoing or damages whatsoever, or any infirmity in the defenses that Settling

Defendant has asserted or may assert.  Likewise, nothing in this Stipulation shall be construed or

deemed to be evidence of an admission or concession on the part of any Structured Products

Class Representative or any Settlement Class Member of any infirmity in the Structured Products

Claims asserted in the Action against any Defendant, including Settling Defendant; and

WHEREAS, Settling Defendant and Structured Products Class Representatives agree that

each has complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure.

**NOW THEREFORE,** without any admission or concession on the part of the Structured

Products Class Representatives or any other Settlement Class Member of any lack of  merit of

the Structured Products Claims asserted in the Action, and without any admission or concession

of any liability or wrongdoing or lack of merit in the defenses by Settling Defendant and other

Released  Parties (as defined below), it is hereby **STIPULATED AND AGREED**, by and

among the parties to this Stipulation, through their respective attorneys, subject to approval of

the District Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in

10

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
through I to Crowley Declaration    Pg 17 of 153

Case 1:09-md-02017-LAK-GWG    Document 1290    Filed 09/11/13    Page 17 of 124

consideration of the benefits flowing to the parties hereto from the Settlement, that all Released

Claims (as defined below) as against the Released Parties shall be compromised, settled, released

and dismissed with prejudice, upon and subject to the following terms and conditions:

## **DEFINITIONS**

1.        As used in this Stipulation, the following terms shall have the following

meanings:

a.        "Action" shall mean *In re Lehman Brothers Equity/Debt Securities*

*Litigation*, Case No. 08 Civ. 5523 (LAK).

b.        "Authorized Claimant" shall mean a Settlement Class Member who

submits a timely and valid Proof of Claim Form (defined below) to the Claims Administrator

(described below), in accordance with the requirements established by the District Court, and

who is approved for payment from the Net Settlement Fund.

c.        "Claim" shall mean a claim for payment from the Net Settlement Fund

(defined below).

d.        "Claim Form" or "Proof of Claim Form" shall mean the form, to be

proposed to the District Court for approval (substantially in the form attached as Exhibit B-3

hereto), that a Claimant (defined below) must complete to be potentially eligible to share in a

distribution of the Net Settlement Fund.

e.        "Claimant" shall mean a person or entity that submits a Claim Form to the

Claims Administrator seeking to be potentially eligible to share in the proceeds of the Net

Settlement Fund.

f.        "Claims Administrator" shall mean the claims administrator selected by

Structured Products Class Counsel, subject to approval of the District Court, which shall provide

all notices approved by the District Court to potential Settlement Class Members and shall
administer the Settlement and distribute the Net Settlement Fund to Authorized Claimants.

g.      "Class Distribution Order" shall mean the order to be entered by the
District Court authorizing and directing that the Net Settlement Fund be distributed, in whole or
in part, to the Authorized Claimants.

h.      "Complaint" shall mean the Third Amended Class Action Complaint for
Violations of the Federal Securities Laws that was filed with the District Court on April 23,
2010, and any prior complaints filed in the Action asserting any claims against the Settling
Defendant relating to the purchase or sale of Structured Products.

i.      "Defendants" shall collectively mean Settling Defendant, as well as the
other defendants named in the Complaint and against whom Structured Products Class
Representatives asserted claims, including those who are subject to the District Court-approved
settlements in the Action.

j.      "District Court" or "Court" shall mean the United States District Court for
the Southern District of New York.

k.      "Effective Date" shall have the meaning set forth in Paragraph 34 below.

l.      "Escrow Account" shall mean an interest-bearing account designated and
controlled by Structured Products Class Counsel, acting as agent for Structured Products Class
Representatives and the Settlement Class, wherein the Settlement Amount shall be deposited and
held in escrow.

m.      "Escrow Agent" shall mean Citibank, N.A, or such other financial
institution(s) as Structured Products Class Counsel shall select, which shall be responsible for
overseeing, safeguarding and distributing the Escrow Account, acting as agent for the Settlement

12

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1290    Filed 09/11/13    Page 19 of 124
through I to Crowley Declaration    Pg 19 of 153

Class.

   n.  "E&Y" shall mean Ernst & Young LLP.

   o.  "Final" means, with respect to any order of any court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in all material respects and the prescribed time, if any, for commencing any further appeal has expired. For purposes of this paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of *certiorari* or mandamus, and any other proceedings of like kind. Any appeal or other proceeding pertaining to an order adopting or approving a Plan of Allocation (defined below) or to any order issued with respect to any application for attorneys' fees and expenses pursuant to Paragraphs 17-19 below, shall not in any way delay or preclude the Judgment from becoming Final.

   p.  "Judgment" shall mean the final judgment (substantially in the form attached as Exhibit C hereto), which includes, *inter alia*, a bar order and judgment reduction provision, to be entered by the District Court pursuant to Federal Rule of Civil Procedure 54(b) approving the Settlement.

   q.  "Lehman" means Lehman Brothers Holdings Inc., and its current and former trustees, officers, directors, partners, principals, predecessors, successors, assigns, attorneys, parents, affiliates, employers, employees, agents, subsidiaries, and any of their heirs,

13

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 09/14/13    Page 13 of 24
through I to Crowley Declaration    Pg 20 of 153

joint tenants, tenants in common, beneficiaries, executors, and administrators.

    r.  "Litigation Expenses" shall mean the costs and expenses incurred by Structured Products Plaintiffs' Counsel in connection with commencing and prosecuting the Action for which Structured Products Class Counsel intends to apply to the District Court for reimbursement from the Settlement Fund (defined below).

    s.  "Net Settlement Fund" shall mean the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the District Court; and (iv) any attorneys' fees awarded by the District Court.

    t.  "Notice" shall mean the Notice of Pendency of Class Action and Proposed Settlement with Settling Defendant, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit B-2, which is to be sent to potential Settlement Class Members.

    u.  "Notice and Administration Costs" shall mean the costs, fees and expenses that are incurred by the Claims Administrator and Structured Products Class Counsel in connection with: (i) providing notice to the Settlement Class, including obtaining security holder lists; (ii) administering the Claims process; and (iii) the maintenance of the Escrow Account.

    v.  "Offering Materials" shall mean the Shelf Registration Statement filed by Lehman with the Securities and Exchange Commission on Form S-3 and dated May 30, 2006, together with any amendments thereto, materials incorporated by reference in the Shelf Registration Statement, and the prospectus supplements, product supplements, underlying supplements, and pricing supplements issued in connection with the offer and sale of the Structured Products, as well as any materials incorporated by reference therein.

    w.  "Plan of Allocation" shall mean the plan of allocation of the Net

14

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1290    Filed 09/11/13    Page 16 of 124
through I to Crowley Declaration    Pg 21 of 153

Settlement Fund, substantially in the form attached as Exhibit B to the proposed Notice, which

will be proposed to the District Court by Structured Products Class Counsel.

        x.    "Preliminary Order" shall mean the order, substantially in the form

attached hereto as Exhibit B, to be proposed to the District Court for entry regarding preliminary

evaluation of the Settlement and Notice.

        y.    "Publication Notice" or "Summary Notice" shall mean the Summary

Notice of Pendency of Class Action and Proposed Settlement with Settling Defendant,

Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation

Expenses, to be published, substantially in the form attached hereto as Exhibit B-4, subject to the

District Court's approval.

        z.    "Released Claims" shall have the meaning as set forth at Paragraph 4

below.

        aa.    "Released Parties" shall mean Settling Defendant and any and all of its

current and former trustees, officers, directors, partners, principals, predecessors, successors,

assigns, attorneys, parents, affiliates, employers, employees, agents, subsidiaries, and any of their

heirs, joint tenants, tenants in common, beneficiaries, executors, and administrators, but

specifically does not include any other Defendants.

        bb.    "Releasing Parties" shall mean the Structured Products Class

Representatives and the Settlement Class Members.

        cc.    "Settlement" shall mean the settlement with Settling Defendant provided

for in this Stipulation.

        dd.    "Settlement Amount" shall mean one hundred twenty million dollars

($120,000,000.00) in cash.

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 09/11/13    Page 1 of 124
through I to Crowley Declaration    Pg 22 of 153

ee.    "Settlement Class" shall have the meaning set forth in Paragraph 2a below.

ff.    "Settlement Class Member" shall mean a person or entity that is a member of the Settlement Class and does not exclude himself, herself or itself by filing a timely request for exclusion in accordance with the requirements set forth in the Notice.

gg.    "Settlement Class Representatives" shall mean the Structured Products Class Representatives as defined below.

hh.    "Settlement Fund" shall mean the Settlement Amount plus any income or interest earned thereon.

ii.    "Settlement Hearing" shall mean the hearing to be set by the District Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

jj.    "Settling Defendant" shall mean UBSFS.

kk.    "Settling Defendant's Counsel" shall mean Gibson, Dunn & Crutcher LLP.

ll.    "Settling Parties" shall mean, collectively, the Structured Products Class Representatives, individually and on behalf of the Settlement Class, and Settling Defendant.

mm.    "Structured Products" shall mean the securities that are set forth in Exhibit A.

nn.    "Structured Products Claims" shall mean the claims asserted by the Structured Products Class Representatives in the Action, including without limitation claims for violations of sections 11 and 12(a)(2) of the Securities Act of 1933 based on alleged materially false and misleading statements and omissions in the Offering Materials about Lehman's

16

financial condition and the "principal protection" feature of some of the Structured Products.

        oo.    "Structured Products Class Counsel" shall mean the law firm of Girard Gibbs LLP.

        pp.    "Structured Products Class Representatives" shall mean Mohan Ananda, Richard Barrett, Ed Davis, Neel Duncan, Rick Fleischman, Nick Fotinos, Gastroenterology Associates, Ltd. Profit Sharing Plan and Trust FBO Charles M. Brooks, MD, Stephen Gott, Karim Kano, David Kotz, Barbara Moskowitz, Ronald Profili, Joseph Rottman, Shea-Edwards Limited Partnership, Juan Tolosa, Grace Wang and Miriam Wolf.

        qq.    "Structured Products Plaintiffs' Counsel" shall mean Structured Products Class Counsel, Lead Counsel in the *In re Lehman Brothers Equity/Debt Securities Litigation,* 08-cv-5523, and the following law firms: Zwerling, Schachter & Zwerling, LLP; Law Offices of James V. Bashian; P.C., Bonnett Fairbourn Friedman & Balint, P.C.; and Tiffany & Bosco, P.A.

        rr.    "Taxes" shall mean collectively: (i) any and all taxes, duties and similar charges (including any estimated taxes, withholdings, interest or penalties and interest thereon) arising in any jurisdiction with respect to the income or gains earned by, or in respect of, the Settlement Fund, including, without limitation, any taxes or tax detriments that may be imposed upon Settling Defendant or its counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund may be finally determined to not qualify as a Qualified Settlement Fund (within the meaning contemplated in Paragraph 11 herein) for federal or state income tax purposes or any distribution of any portion of the Settlement Fund to Authorized Claimants and other persons and entities entitled thereto pursuant to this Stipulation and; (ii) the reasonable expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, reasonable expenses of tax attorneys and

08-13555-mg   Doc 42124-8   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits F
through I to Crowley Declaration   Pg 24 of 153
Case 1:09-md-02017-LAK-GWG   Document 1250   Filed 09/14/11   Page 13 of 142

accountants).

        ss.     "UBSFS" shall mean Settling Defendant UBS Financial Services Inc.

        tt.     "Unknown Claims" shall mean any and all Released Claims which any Structured Products Class Representative or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Parties' Claims (as defined in Paragraph 3 below) which any Released Party does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims (defined in Paragraph 4 below), the Settling Parties stipulate and agree that upon the Effective Date, Structured Products Class Representatives and Settling Defendant shall expressly waive, and each other Settlement Class Member shall be deemed to have waived and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Structured Products Class Representatives and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each Structured Products Class Representative shall expressly – and each Settlement Class Member, upon the Effective

08-13555-mg    Doc 42124-8    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1290    Filed 09/11/13    Page 25 of 153
through I to Crowley Declaration    Pg 25 of 153

Date, shall be deemed to have, and by operation of the Judgment shall have – fully, finally and

forever settled and released any and all Released Claims, known or Unknown, suspected or

unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist,

or heretofore have existed, upon any theory of law or equity now existing or coming into

existence in the future, including, but not limited to, conduct which is negligent, reckless,

intentional, with or without malice, or a breach of any duty, law or rule, without regard to the

subsequent discovery or existence of such different or additional facts.  Structured Products

Class Representatives and Settling Defendant acknowledge, and each other Settlement Class

Member by operation of law shall be deemed to have acknowledged, that the inclusion of

"Unknown Claims" in the definition of Released Claims was separately bargained for and was a

key element of the Settlement.

## CLASS CERTIFICATION

2.       Solely for the purpose of the Settlement, Settling Defendant stipulates and agrees

to:

a.       certification of the Structured Products Claims asserted in the Action as a

class action, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf

of the Settlement Class, which is defined as follows:

all persons and entities that bought or otherwise acquired any of the Structured

Products set forth in Exhibit A and who were damaged thereby.

Excluded from the Settlement Class are:

(i)       Defendants;

(ii)      current and former executive officers and directors of each

Defendant, and the members of their immediate families;

08-13555-smg   Doc 42124-3   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits F
through I to Crowley Declaration    Pg 26 of 153

Case 1:09-md-02017-LAK-GWG   Document 1290   Filed 09/41/13   Page 2 of 124   Exhibits F

(iii)    the members of Defendants' immediate families;

(iv)    any entity in which a Defendant owns a majority interest,

**provided, however**, that the Settlement Class shall *include* any

investment company or pooled investment fund, including without

limitation mutual fund families, exchange-traded funds, fund of funds and

hedge funds, in which any Defendant has or may have a direct or indirect

interest, or as to which it or its affiliates may act as an investment advisor

but in which Defendant or any of its affiliates is not a majority owner or

does not hold a majority beneficial interest;

(v)    Lehman;

(v)    any person or entity who has

a.    litigated claims in any forum against UBSFS arising out of

the purchase of Structured Products and received a judgment; or

b.    settled and released claims against UBSFS arising out of

the purchase of Structured Products (as identified on a confidential

Exhibit, which shall be provided by UBSFS on a confidential basis to the

Claims Administrator, but shall not be provided to the Structured Products

Class Representatives or to Structured Products Plaintiffs' Counsel or to

any other person or entity); and

(vi)    the legal representatives, heirs, successors or assigns of any

excluded party.

Also excluded from the Settlement Class are any persons or entities who exclude

themselves by filing a timely request for exclusion in accordance with the requirements

08-13555-mg    Doc 42124-8    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 5:09-md-02017-LAK-GWG    Document 1250    Filed 09/11/13    Page 22 of 124
through I to Crowley Declaration    Pg 27 of 153

set forth in Paragraph 31 below.

        b.      appointment of Structured Products Class Representatives as Settlement Class Representatives;

        c.      appointment of Structured Products Class Counsel as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure; and

        d.      the entry of the Preliminary Order and the Judgment, which will certify the Structured Products Claims asserted in the Action to proceed as a class action as defined and set forth in subparagraph (a) above for settlement purposes only, and appoint Settlement Class Representatives and Class Counsel.

## RELEASE OF CLAIMS

    3.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Released Claims (defined below) as against the Released Parties.  The Settlement shall fully and finally release any and all Released Claims (defined below) as against all Released Parties.  The Settlement also shall release any and all claims (whether known claims or Unknown Claims) by Settling Defendant as against the Structured Products Class Representatives and any of their spouses or representatives, Arthur Simons and his spouse, and Structured Products Plaintiffs' Counsel that arise out of or relate in any way to the institution, prosecution, or settlement of the Structured Products Claims, except for claims relating to the enforcement of this Settlement (the "Released Parties' Claims").  On the Effective Date, the Structured Products Claims asserted in the Action shall be dismissed as against only Settling Defendant with prejudice and without costs (except as to any award to Structured Products Plaintiffs' Counsel of Attorneys' Fees or Litigation Expenses ordered by the Court to be paid from the Settlement Amount).

08-13555-mg Doc 42124-3 Filed 01/22/14 Entered 01/22/14 12:09:42 Exhibits F
through I to Crowley Declaration Pg 28 of 153
Case 5:09-md-02017-LAK-GWG Document 1290 Filed 09/11/13 Page 23 of 124

4.      Pursuant to the Judgment and upon the Effective Date as defined in Paragraph

1(k) above, and in consideration of the terms and conditions herein, and except for the rights and

obligations created by this Stipulation, Settlement Class Members shall be deemed by operation

of law to have released the Released Parties from any and all claims, rights, demands, liabilities

and causes of action of every nature and description, to the fullest extent that the law permits

their release in this Action, whether known claims or Unknown Claims, whether arising under

federal, state, common or foreign law, whether class, derivative or individual in nature, that the

Structured Products Class Representatives or any other member of the Settlement Class:

(a) alleged in the Complaint or the Action, or (b) could have asserted in any forum that arise out

of or are based upon or are related to the allegations, contentions, transactions, facts, matters or

occurrences, representations  or omissions involved, set forth, or referred to in the Complaint or

the Action, including without limitation any claims relating to (i) alleged misrepresentations or

omissions in connection with the recommendation, sale or marketing of Structured Products to

Settlement Class Members, and/or (ii) the purchase, acquisition or holding of the Structured

Products (the "Released Claims").

5.      Pursuant to the Judgment, upon the Effective Date, each of the Structured

Products Class Representatives and all other members of the Settlement Class, on behalf of

themselves, their successors and assigns, and any other person or entity claiming (now or in the

future) through or on behalf of them, shall release and be deemed by operation of law to have

irrevocably, absolutely and unconditionally, fully, finally and forever released, waived,

discharged and dismissed each and every Released Claim against each and all of the Released

Parties with prejudice, and shall forever be enjoined from prosecuting any or all Released Claims

against any Released Party.

22

08-13555-mg    Doc 42124-8    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 09/14/13    Page 24 of 124
through I to Crowley Declaration    Pg 29 of 153

6.      Notwithstanding Paragraphs 4 and 5 above, the Releasing Parties, through the release in this Settlement, will not release:

(a)      any claims against E&Y;

(b)      any claims or interests in the Lehman Bankruptcy Proceeding or the LBI SIPA Proceeding asserted by any Settlement Class Member based upon the ownership of any Lehman security which is entitled to a distribution under any confirmed plan of reorganization in the Lehman Bankruptcy Proceeding because of such ownership; or

(c)      claims relating to the enforcement of the Settlement.

7.      Pursuant to the Judgment, upon the Effective Date, Settling Defendant shall be deemed by operation of law to have irrevocably, absolutely and unconditionally, fully, finally and forever released, waived, discharged and dismissed the Released Parties' Claims against each and all of the Structured Products Class Representatives and any of their spouses or representatives, Arthur Simons and his spouse, and Structured Products Plaintiffs' Counsel, and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims against any of the Structured Products Class Representatives and any of their spouses or representatives, Arthur Simons and his spouse, and Structured Products Plaintiffs' Counsel.

## THE SETTLEMENT CONSIDERATION

8.      In consideration of the Settlement of the Structured Products Claims asserted in this Action, and subject to the terms and conditions of this Stipulation, Settling Defendant shall cause the Settlement Amount to be deposited into the Escrow Account within 15 business days of the entry of the Preliminary Order.

08-13555-mg   Doc 42124-8   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits F
through I to Crowley Declaration   Pg 30 of 153

Case 1:09-md-02017-LAK-GWG   Document 1290   Filed 09/14/13   Page 29 of 124

## USE OF SETTLEMENT FUND

9.      The Settlement Fund shall be used to pay: (a) Taxes; (b) Notice and
Administration Costs; (c) any Litigation Expenses awarded by the District Court; and (d) any
attorneys' fees awarded to Structured Products Plaintiffs' Counsel by the District Court.  The
balance remaining in the Settlement Fund (the "Net Settlement Fund") shall be distributed to
Authorized Claimants as provided below.

10.     Except as provided herein or pursuant to orders of the District Court, the Net
Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held
by the Escrow Agent shall be deemed to be in the custody of the District Court and shall remain
subject to the jurisdiction of the District Court until such time as the funds shall be distributed
pursuant to the terms of this Stipulation and/or further order of the District Court.  The Escrow
Agent shall invest the Settlement Fund exclusively in instruments backed by the full faith and
credit of the United States Government or fully insured by the United States Government or an
agency thereof, including a United States Treasury Money Market Fund or a bank account fully
insured by the United States Government Federal Deposit Insurance Corporation (FDIC) up to
the guaranteed FDIC limit.  All risks related to the investment of the Settlement Fund shall be
borne by the Settlement Fund.

11.     The parties hereto agree that the Settlement Fund is intended to be a separate
Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that
Structured Products Class Counsel shall act as the administrator of the Qualified Settlement Fund
within the meaning of Treasury Regulation § 1.468B-2(k)(3), and shall be responsible for filing
or causing to be filed all informational and other tax returns for the Settlement Fund and paying
from the Settlement Fund any Taxes owed thereon.  Settling Defendant's Counsel will cause to

08-13555-mg    Doc 42124-8    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1290    Filed 09/11/13    Page 26 of 124
through I to Crowley Declaration    Pg 31 of 153

be provided promptly to Structured Products Class Counsel the statement described in Treasury

Regulation §1.468B-3(e).  Structured Products Class Counsel, as administrator of the Settlement

Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such

elections as are necessary or advisable to carry out this paragraph, including, as necessary,

making a "relation back election," as described in Treasury Regulation § 1.468-1(j)(ii), to cause

the  Qualified Settlement Fund to come into existence at the earliest allowable date, and shall

take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the

Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement,

and without prior order of the District Court.  Any tax returns prepared for the Settlement Fund

(as well as the election set forth therein) shall be consistent with the previous paragraph and in

all events shall reflect that all Taxes (including any interest or penalties) on the income earned by

the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Settlement

Fund shall indemnify and hold all Released Parties harmless for any Taxes and related expenses

of any kind whatsoever (including, without limitation, taxes payable by reason of any such

indemnification), if any, payable by Settling Defendant by reason of any income earned on the

Settlement Fund.  Settling Defendant's Counsel shall notify the Escrow Agent promptly if

Settling Defendant receives any notice of any claim for Taxes relating to the Settlement Fund.

13.    This is not a claims-made settlement.  Upon the occurrence of the Effective Date,

neither Settling Defendant nor any person or entity that paid any portion of the Settlement Fund

on its behalf shall have any right to the return of the Settlement Fund or any portion thereof

irrespective of the number of Claims filed, the collective amount of losses of Authorized

Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized

08-13555-mg    Doc 42124-8    Filed 01/23/14    Entered 01/23/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 09/11/13    Page 32 of 124
through I to Crowley Declaration    Pg 32 of 153

Claimants from the Net Settlement Fund.

14.    The Claims Administrator shall discharge its duties under Structured Products Class Counsel's supervision and subject to the jurisdiction of the District Court.  Except as otherwise provided herein, Settling Defendant shall have no responsibility for the administration of the Settlement and shall have no liability to any person, including, but not limited to, the Settlement Class Members, in connection with such administration.  Structured Products Class Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Settlement Class at the address of each such person as set forth in the records of Lehman or UBSFS or their transfer agent(s), or who otherwise may be identified through further reasonable effort.  Settling Defendant shall provide any information reasonably available to it that, in its judgment, will assist in the identification of potential Settlement Class Members for the purpose of sending notification of the Settlement within ten (10) business days of the entry of the Preliminary Order.  Structured Products Class Counsel will cause to be published the Publication Notice pursuant to the terms of the Preliminary Order or in whatever other form or manner might be ordered by the District Court.

15.    Notwithstanding the fact that the Effective Date has not yet occurred, Structured Products Class Counsel may pay from the Escrow Account, without further approval from Settling Defendant, but subject to the prior approval of the District Court, all reasonable Notice and Administration Costs actually incurred.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice and Proof of Claim Form, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, publication of the Summary Notice, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted Claims,

08-13555-smg   Doc 42124-3   Filed 01/23/14   Entered 01/23/14 12:09:42   Exhibits F
through I to Crowley Declaration    Pg 33 of 153

Case 1:09-md-02017-LAK-GWG   Document 1290   Filed 09/11/13   Page 28 of 124

and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs reasonably paid or reasonably incurred, including any related fees, shall not be returned or repaid to Settling Defendant or any other person or entity that contributed any portion of the Settlement Amount.

16.     The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the maintenance, investment or distribution of the Settlement Fund, the establishment or maintenance of the Escrow Account, the establishment or administration of the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, the distribution of the Net Settlement Fund, the administration of the Settlement, or any losses incurred in connection with such matters.  Settling Defendant takes no position with respect to the provisions of this Stipulation governing those issues.  The Released Parties shall have no further or other liability or obligations to Structured Products Class Representatives, Structured Products Class Counsel or any member of the Settlement Class with respect to the Released Claims, except as expressly stated in this Stipulation.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

17.     Structured Products Class Counsel will apply to the District Court for a collective award of attorneys' fees on behalf of Structured Products Plaintiffs' Counsel from the Settlement Fund.  Structured Products Class Counsel will also apply to the District Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Structured Products Class Representatives' expenses in accordance  with 15 U.S.C. §77z-l(a)(4).  Settling Defendant shall have no obligation to pay any portion of Structured Products Plaintiffs' Counsel's attorneys' fees or Litigation Expenses, aside from payments due to the Settlement Fund, or take any position with respect to Structured Products Class Counsel's application for an award of attorneys' fees and/or Litigation Expenses.

08-13555-mg Doc 42124-8 Filed 01/22/14 Entered 01/22/14 12:09:42 Exhibits F
Case 1:09-md-02017-LAK-GWG Document 1290 Filed 09/15/13 Page 28 of 124
through I to Crowley Declaration Pg 34 of 153

18.     Any attorneys' fees and Litigation Expenses that are awarded by the District Court shall be paid to Structured Products Class Counsel from the Escrow Account when the order awarding such attorneys' fees and Litigation Expenses shall have become Final, except that prior to the date such award becomes Final, upon application of Structured Products Class Counsel, the Court may authorize the payment of attorneys' fees and Litigation Expenses awarded by the Court in such amounts and subject to such conditions as the Court finds appropriate.   An award of attorneys' fees and/or Litigation Expenses is not a necessary term to this Stipulation or a condition of this Stipulation, the Settlement, or the releases provided herein. Structured Products Class Representatives and Structured Products Class Counsel may not cancel or terminate the Stipulation or the Settlement based on the District Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.  Any appeal relating to an award of attorneys' fees or Litigation Expenses will not affect the finality of the Settlement, the Judgment or the releases provided herein.

19.     Structured Products Class Counsel shall distribute any award of attorneys' fees and Litigation Expenses as ordered by the Court.  Settling Defendant shall have no responsibility for the allocation among Structured Products Plaintiffs' Counsel, and/or any other person or entity who may assert some claim thereto, of any award of attorneys' fees or Litigation Expenses that the Court may make, and Settling Defendant takes no position with respect to such matters.

## CLAIMS ADMINISTRATOR

20.     The Claims Administrator shall administer the process of receiving, reviewing and approving or denying Claims under Structured Products Class Counsel's supervision and subject to the jurisdiction of the District Court.  Settling Defendant shall have no responsibility whatsoever to any person, including, but not limited to, Structured Products Class

28

08-13555-mg   Doc 42124-8   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits F
through I to Crowley Declaration   Pg 35 of 153
Case 5:09-md-02017-LAK-GWG   Document 1290   Filed 09/14/13   Page 50 of 124

Representatives, the Claims Administrator, Settlement Class Members or Structured Products
Class Counsel in connection with such administration.

21.     The Claims Administrator shall receive Claims and determine first whether the
Claim is a valid Claim, in whole or in part; and second each Authorized Claimant's *pro rata*
share of the Net Settlement Fund based upon each Authorized Claimant's loss amount (as set
forth in the Plan of Allocation to be submitted by Structured Products Class Counsel to the
District Court for approval, or in such other plan of allocation as the District Court approves).

22.     The allocation of the Net Settlement Fund among Authorized Claimants is a
matter separate and apart from the proposed Settlement between Settling Defendant and
Structured Products Class Representatives, and any decision by the Court concerning the Plan of
Allocation shall not affect the validity or finality of the proposed Settlement.

23.     The plan of allocation to be proposed by Structured Products Class Counsel is not
a necessary term of this Stipulation, and it is not a condition of this Stipulation, the Settlement, or
the releases provided herein that any particular plan of allocation be approved by the District
Court.  Structured Products Class Representatives and Structured Products Class Counsel may
not cancel or terminate the Stipulation or the Settlement based on the District Court's or any
appellate court's ruling with respect to any particular plan of allocation.  Settling Defendant shall
have no responsibility or liability whatsoever for allocation of the Net Settlement Fund.  Any
appeal relating to the allocation of the Net Settlement Fund, the administration of the Settlement
or the claims process will not affect the finality of the Settlement, the Judgment, or the releases
provided herein.

24.     Any Settlement Class Member who does not submit a valid and timely Claim
Form will not be entitled to receive any distribution from the Net Settlement Fund but will

08-13555-mg    Doc 42124-8    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 09/11/13    Page 5 of 124
through I to Crowley Declaration    Pg 36 of 153

otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any and all Released Parties concerning any and all of the Released Claims.

25.    Structured Products Class Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund.  Settling Defendant shall have no liability, obligation or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.  Settling Defendant shall not be permitted to review, contest or object to any Claim Form or any decision of the Claims Administrator or Structured Products Class Counsel with respect to accepting or rejecting any Claim Form or Claim for payment by a Settlement Class Member.  Structured Products Class Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

26.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.    Each Settlement Class Member shall be required to submit a Claim Form supported by such documents as are designated therein, including proof of the transactions and holdings claimed and the claimed incurred losses, or such other documents or proof as the Claims Administrator or Structured Products Class Counsel, in their discretion, may deem acceptable.

b.    All Claim Forms must be submitted by the date that will be set by the District Court, unless such deadline is extended by order of the District Court.  Any Settlement

08-13555-mg    Doc 42124-8    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 09/11/13    Page 52 of 124
through I to Crowley Declaration    Pg 37 of 153

Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless otherwise ordered by the District Court), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any and all Released Parties concerning any and all of the Released Claims.   Provided that it is received before the motion for the Class Distribution Order is filed, a Claim Form shall be deemed to be submitted when posted, if received with a postmark on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

c.      Each Claim Form shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the Court-approved plan of allocation and under the supervision of Structured Products Class Counsel, the extent, if any, to which each Claim shall be allowed, subject to review by the District Court pursuant to subparagraph (e) below.

d.      Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall attempt to communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form.  The Claims Administrator, under the supervision of Structured Products Class Counsel, shall attempt to notify, in a timely fashion and in writing, all Claimants whose Claims the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefore, and shall indicate in the notice that any Claimant whose claim is to

08-13555-mg    Doc 42124-8    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
through I to Crowley Declaration    Pg 38 of 153
Case 5:09-md-02017-LAK-GWG    Document 1250    Filed 09/11/13    Page 53 of 124

be rejected has the right to a review by the District Court if the Claimant so desires and

complies with the requirements of subparagraph (e) below.

       e.     If any Claimant whose claim has been rejected in whole or in part desires

to contest the rejection, the Claimant must, within twenty (20) days after the date of mailing of

the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and

statement of reasons indicating the Claimant's grounds for contesting the rejection, along with

any supporting documentation, and requesting a review by the District Court.  If a dispute

concerning a Claim cannot be otherwise resolved, Structured Products Class Counsel shall

present the request for review to the District Court.

       f.     The administrative determinations of the Claims Administrator accepting

and rejecting Claims shall be presented to the District Court, on notice to Settling Defendant's

Counsel, for approval by the District Court in the Class Distribution Order.

    27.     Each Claimant shall be deemed to have submitted to the jurisdiction of the

District Court with respect to the Claimant's Claim, including, but not limited to, the releases

provided for in the Judgment, and the Claim will be subject to investigation and discovery by

Structured Products Class Counsel under the Federal Rules of Civil Procedure, provided that

such investigation and discovery shall be limited  to that Claimant's status as a Settlement Class

Member and the validity and amount of the Claimant's Claim.  No discovery in connection with

the processing of Claim Forms shall be allowed on the merits of the Structured Products Claims

asserted in this Action or this Settlement.

    28.     Structured Products Class Counsel will apply to the District Court, on notice to

Settling Defendant's Counsel, for a Class Distribution Order that, *inter alia*: (a) approves the

Claims Administrator's administrative determinations concerning the acceptance and rejection of

08-13555-mg    Doc 42124-8    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 09/11/13    Page 54 of 124
through I to Crowley Declaration    Pg 39 of 153

the Claims submitted; and (b) directs payment of the Net Settlement Fund to the Authorized

Claimants from the Escrow Account.  Payment and/or distribution of any of the Settlement

Amount to Settlement Class Members shall be made only after the Effective Date.

29.    Payment pursuant to the Class Distribution Order shall be final and conclusive

against all Settlement Class Members.  All Settlement Class Members whose Claims are not

approved by the District Court shall be barred from participating in distributions from the Net

Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the

Settlement, including the terms of the Judgment to be entered in the Action and the releases

provided for therein and herein, and will be permanently barred and enjoined from bringing any

action, claim or other proceeding of any kind against any and all Released Parties concerning any

and all of the Released Claims.

30.     All proceedings with respect to the administration, processing and determination

of Claims and the determination of all controversies relating thereto, including disputed

questions of law and fact with respect to the validity of Claims, shall be subject to the

jurisdiction of the District Court.

## REQUESTS FOR EXCLUSION

31.    Persons or entities that bought or acquired Structured Products but wish to request

exclusion from the Settlement Class shall be required to provide the following information to the

Claims Administrator, in addition to any other information specified in the Notice: (i) name;

(ii) address; (iii) telephone number; (iv) amount and type of Structured Products purchased,

acquired and sold, and (v) a statement that the person or entity wishes to be excluded from the

Settlement Class.  Unless otherwise ordered by the District Court, any person who purchased

Structured Products and does not submit a timely request for exclusion as provided by this

08-13555-mg Doc 42124-8 Filed 01/22/14 Entered 01/22/14 12:09:42 Exhibits F
Case 1:09-md-02017-LAK-GWG Document 1250 Filed 09/11/13 Page 55 of 124
through I to Crowley Declaration Pg 40 of 153

section shall be bound by this Stipulation. The deadline for submitting requests for exclusion shall be the date set forth in the Preliminary Order.

32. The Claims Administrator shall scan and send electronically copies of all requests for exclusion to Settling Defendant's Counsel and to Structured Products Class Counsel expeditiously (and not more than three (3) business days) after the Claims Administrator receives the request. As part of the reply papers in support of the Settlement, Structured Products Class Counsel will provide a list of all persons and entities that have requested exclusion from the Settlement Class, and will certify that all requests for exclusion received by the Claims Administrator have been copied and provided to Settling Defendant's Counsel.

## **THE JUDGMENT**

33. If the Settlement contemplated by this Stipulation is approved by the District Court, Structured Products Class Counsel and Settling Defendant's Counsel shall request that the District Court enter a Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, substantially in the form of Exhibit C attached hereto.

## **CONDITIONS TO THE SETTLEMENT**

34. The Effective Date of this Stipulation shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

a. The Settling Parties have not exercised their respective rights to terminate the Settlement as provided in Paragraphs 35-37 below, and the time to exercise those rights has expired;

b. The Court has entered the Preliminary Order proposed to the Court (as attached hereto as Exhibit B) by the Settling Parties or an order containing materially the

34

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 09/11/13    Page 56 of 124
through I to Crowley Declaration    Pg 41 of 153

same terms;

      c.     The Court has preliminarily approved the Notice in the form proposed to the Court (as attached hereto as Exhibit B-2) by the Settling Parties or a notice containing materially the same terms;

      d.     The Settlement Fund has been funded pursuant to timely authorization by Settling Defendant;

      e.     The Settlement Fund is not revoked, rescinded or otherwise barred from disbursement to the Settlement Class Members due to any bankruptcy or other proceeding;

      f.     The Court has approved the Settlement, following notice to the Settlement Class and the Settlement Hearing, and has entered the Judgment substantially in the form and content proposed to the Court (as attached hereto as Exhibit C) by the Settling Parties; and

      g.     The Judgment has become Final as defined in Paragraph 1o above.

## TERMINATION

35.     Settling Defendant and Structured Products Class Representatives shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to all other parties to this Stipulation within thirty (30) days of: (a) the District Court declining to enter the Preliminary Order in any material respect without leave to amend and resubmit; (b) the District Court's refusal to approve this Stipulation and Settlement or any material part of it without leave to amend and resubmit; (c) the District Court declining to enter the Judgment in any material respect without leave to amend and resubmit; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or

08-13555-mg    Doc 42124-8    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
through I to Crowley Declaration    Pg 42 of 153
Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 09/14/13    Page 37 of 124

the Supreme Court. Structured Products Class Representatives shall have the right to terminate the Settlement in the event that Settling Defendant does not cause the Settlement Amount to be deposited into the Escrow Account as provided in Paragraph 8 above. Settling Defendant shall have the right to terminate the Settlement in accordance with the terms of the Supplemental Agreement, described in Paragraph 36 below. Any decision with respect to an application for attorneys' fees or Litigation Expenses, or with respect to any Plan of Allocation, shall not be considered material to this Stipulation and Settlement and shall not be grounds for termination.

36.    Simultaneously herewith, Structured Products Class Counsel and Settling Defendant's Counsel are executing a "Supplemental Agreement." Unless otherwise directed by the Court or unless and until a dispute as between Structured Products Class Representatives and Settling Defendant concerning its interpretation or application arises, the Supplemental Agreement will not be filed with the Court. Settling Defendant may, in accordance with the terms set forth in the Supplemental Agreement, and within the time set forth in the Supplemental Agreement, elect in writing to terminate the Settlement and this Stipulation if certain conditions are met (the "Opt-Out Threshold") and Structured Products Class Counsel and Settling Defendant's Counsel are unable to cure this condition in accordance with the terms of the Supplemental Agreement. If required by the Court, the Supplemental Agreement and/or any of its terms may be disclosed to the Court for purposes of approval of the Settlement, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement and in particular the Opt-Out Threshold. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation and Settlement shall only be enforceable as to the provisions of Paragraphs 37 and 38.

08-13555-mg Doc 42124-3 Filed 01/22/14 Entered 01/22/14 12:09:42 Exhibits F
Case 1:09-md-02017-LAK-GWG Document 1290 Filed 09/11/13 Page 58 of 124
through I to Crowley Declaration    Pg 43 of 153

37.    Except as otherwise provided herein, in the event the Settlement is terminated or fails to become effective for any reason, the Settlement termination shall be without prejudice, none of the terms shall be effective or enforceable, the facts of the Settlement shall not be admissible for any purpose, the parties to this Stipulation shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action as of June 7, 2013, and, except as otherwise expressly provided, the Settling Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement Amount previously paid by or on behalf of Settling Defendant, including, but not limited to, any funds disbursed in payment of Litigation Expenses and attorneys' fees, together with any interest earned or appreciation thereon, less any Taxes paid or due with respect to such income, and less Notice and Administration Costs actually and reasonably incurred and paid or payable consistent with the provisions of Paragraph 15 above, shall be returned to Settling Defendant within fifteen (15) business days after written notification of such event by Settling Defendant's Counsel and Structured Products Class Counsel to the Escrow Agent.

## <u>NO ADMISSION OF WRONGDOING</u>

38.    This Stipulation, whether or not consummated, and any proceedings taken pursuant to it, including exhibits, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

a.    shall not be offered or admitted against any of the Released Parties as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by Structured Products Class Representatives or the validity of any claim that was or could have

Case 1:09-md-02017-LAK-GWG   Document 1250   Filed 09/11/13   Page 59 of 124

been asserted against any of the Released Parties in this Action or in any litigation, or of any

liability, negligence, fault or wrongdoing of any of the Released Parties;

    b.   shall not be offered or admitted against any of the Released Parties as

evidence of a presumption, concession or admission of any fault, misrepresentation or omission

with respect to any statement or written document approved or made by any of the Released

Parties or associated with any Structured Products sold or underwritten by the Released Parties,

or against any of the Structured Products Class Representatives or any other Settlement Class

Members as evidence of any infirmity in the claims of the Structured Products Class

Representatives or the other Settlement Class Members;

    c.   shall not be offered or admitted against any of the Released Parties as

evidence of, or construed as or deemed to be evidence of, any presumption, concession or

admission by any of the Released Parties that any of the Court's prior decisions in the Action,

including without limitation the Motion to Dismiss Order and the Class Certification Order,

were correct or free of error, or as a waiver of any of the arguments or defenses set forth in the

Recitals;

    d.   shall not be offered or admitted against any of the Released Parties or

against any of the Structured Products Class Representatives or any other Settlement Class

Members as evidence of a presumption, concession or admission with respect to any liability,

negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of

the Released Parties, or against any of the Structured Products Class Representatives or any

other Settlement Class Members, in any other civil, criminal or administrative action, arbitration

or proceeding, other than such proceedings as may be necessary to effectuate the provisions of

this Stipulation; provided, however, that if this Stipulation is approved by the District Court,

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1290    Filed 09/11/13    Page 40 of 124
through I to Crowley Declaration    Pg 45 of 153

Settling Defendant, any Released Party, Structured Products Class Representatives, and any other Settlement Class Member may file this Stipulation and/or the Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

       e.      shall not be construed against any Released Parties, any Structured Products Class Representative or any other Settlement Class Member as an admission, concession or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

       f.      shall not be construed as or admitted in evidence as an admission, concession or presumption against any Structured Products Class Representative or any other Settlement Class Member that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

## <u>MISCELLANEOUS PROVISIONS</u>

39.    The exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

40.    This Settlement is not contingent on any of the Settling Parties settling with any other party in this or in any other ongoing litigation.

41.    Settling Defendant warrants that, as to the payments made by or on behalf of it, at the time of such payment that Settling Defendant made or caused to be made pursuant to Paragraph 8 above, Settling Defendant was not insolvent, nor will the payment required to be made by or on behalf of Settling Defendant render it insolvent, within the meaning of and/or for

39

08-13555-mg    Doc 42124-8    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1290    Filed 09/11/13    Page 46 of 124
through I to Crowley Declaration    Pg 46 of 153

the purposes of the United States Bankruptcy Code, including sections 101 and 547 thereof. This representation is made by Settling Defendant and not by its counsel.  In the event one or more other entities are contributing to the Settlement Amount on behalf of Settling Defendant, the foregoing representations are made by such other entities.

42.    If a case is commenced with respect to Settling Defendant or any other person or entity contributing funds to the Settlement Fund on behalf of Settling Defendant under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, conservator, or other fiduciary is appointed under any similar law with respect to any of them, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Settling Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Structured Products Class Counsel on behalf of Structured Products Class Representatives, the Settling Parties shall jointly move the District Court to vacate and set aside the releases given and the Judgment entered pursuant to this Stipulation, which releases and Judgment shall be null and void, and the Settling Parties shall be restored to their respective positions in the litigation as of June 7, 2013, and any cash amounts in the Settlement Fund, as well as any attorneys' fees or Litigation Expenses paid to Structured Products Plaintiffs' Counsel, shall be returned as provided in Paragraph 37 above; however, the provisions in this paragraph requiring return of funds shall expire and terminate upon the Judgment becoming Final.

43.    The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes that were asserted or could have been asserted by Structured Products

Class Representatives or any other Settlement Class Member against the Released Parties with respect to all Released Claims. Accordingly, Structured Products Class Representatives and Settling Defendant agree not to assert in any forum that the Structured Products Claims asserted in this Action were brought by Structured Products Class Representatives, or any other plaintiff in the actions consolidated in the Action, or were defended by Settling Defendant in bad faith or without a reasonable basis. The parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense and settlement of the Structured Products Claims asserted in this Action. The parties to this Stipulation agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Settling Parties, including two separate mediations conducted under the auspices of a professional mediator, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

44.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except in writing signed by all signatories hereto or their successors-in-interest.

45.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the District Court, and the District Court shall retain exclusive jurisdiction over the Action and this Settlement, including for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Structured Products Plaintiffs' Counsel and enforcing the terms of this Stipulation.

47.     The waiver by a party of any breach of this Stipulation by the other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.      This Stipulation and its exhibits, and the Supplemental Agreement, constitute the

entire agreement among the parties hereto concerning this Settlement, and supersede all prior

understandings, communications, and agreements with respect to the subject of the Settlement.

No representations, warranties or inducements have been made by any party hereto concerning

this Stipulation, its exhibits and the Supplemental Agreement other than those contained and

memorialized in such documents.

49.      This Stipulation may be executed in one or more original, e-mail and/or faxed

counterparts.  All executed counterparts and each of them shall be deemed to be one and the

same instrument.

50.      This Stipulation shall be binding upon and inure to the benefit of the successors

and assigns of the parties hereto.

51.      The construction, interpretation, operation, effect and validity of this Stipulation,

and all documents necessary to effectuate it, shall be governed by the laws of the State of New

York without regard to conflicts of laws, except to the extent that federal law requires that

federal law govern.

52.      This Stipulation shall not be construed more strictly against one party than

another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel

for one of the parties, it being recognized that it is the result of arm's-length negotiations

between the parties, and all parties have contributed substantially and materially to the

preparation of this Stipulation.

53.      All counsel and any other persons executing this Stipulation and any of the

exhibits hereto, or any related Settlement documents, warrant and represent that they have full

authority to do so and that they have the authority to take appropriate action required or

Case 1:09-md-02017-LAK-GWG    Document 1290    Filed 09/11/13    Page 44 of 124

permitted to be taken pursuant to this Stipulation to effectuate its terms.  The Settling Parties

represent and warrant that they have had the opportunity to consult with counsel before entering

into this Stipulation.

54.    Structured Products Class Representatives represent and warrant that they have

not assigned, transferred, or otherwise disposed of the claims that are the subject of this

Stipulation.

55.    Except as provided in paragraphs 35 – 37 above and in the Supplemental

Agreement, Structured Products Class Counsel and Settling Defendant's Counsel agree to

cooperate fully with one another in seeking District Court approval of the Preliminary Order, this

Stipulation and the Settlement, and to promptly agree upon and execute all such other documents

as may be reasonably required to obtain final approval of the Settlement by the District Court.

56.    If any party is required to give notice to the other parties under this Stipulation,

such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand

delivery, e-mail, or facsimile transmission with confirmation of receipt.  Notice shall be provided

to counsel as indicated on the signature block below.

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
through I to Crowley Declaration    Pg 50 of 153
Case 5:09-md-02017-LAK-GWG    Document 1250    Filed 09/11/13    Page 45 of 124

DATED:  September 11, 2013

GIRARD GIBBS LLP

By: _____
     Daniel C. Girard

Jonathan K. Levine
Amanda M. Steiner
John A. Kehoe
Dena C. Sharp
601 California Street, Suite 1400
San Francisco, CA  94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846

*Structured Products Class Counsel*

GIBSON, DUNN & CRUTCHER LLP

By: _____
     Marshall R. King

Jonathan C. Dickey
Marshall R. King
Oliver M. Olanoff
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035
*Attorneys for Defendant UBS Financial Services
Inc.*

44

Case 1:09-md-02017-LAK-GWG   Document 1290   Filed 09/11/13   Page 46 of 124

08-13555-mg   Doc 42124-3   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits F
through I to Crowley Declaration    Pg 51 of 153

# EXHIBIT A

08-13555-smg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 09/11/13    Page 2 of 24
through I to Crowley Declaration    Pg 52 of 153

# EXHIBIT A
## LIST OF STRUCTURED PRODUCTS

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 01 | March 30, 2007 | 52520W564 524908VP2 | 100% Principal Protection Notes Linked to a Global Index Basket | $10.00 | $1.33 |
| 02 | March 30, 2007 | 52520W556 524908VQ0 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 03 | April 30, 2007 | 52517PY21 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 04 | April 30, 2007 | 52517PX63 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 05 | April 30, 2007 | 52520W549 | 100% Principal Protection Notes Linked to a Currency Basket | $10.00 | $1.33 |
| 06 | April 30, 2007 | 52520W515 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 07 | May 31, 2007 | 52517PY62 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 08 | May 31, 2007 | 52517PY70 | 100% Principal Protection Callable Daily Range Accrual Notes with Interest Linked to the 10-Year Constant Maturity U.S. Treasury Rate | $1,000.00 | $133.38 |

---

[1] Because reliable pricing data was not available for any of the Structured Products after Lehman's bankruptcy on September 15, 2008, the average closing prices for five other Lehman senior unsecured notes (CUSIP Nos. 52517P4C2, 52517P5X5, 52517P5Y3, 5252M0BZ9 and 5252M0FD4), for which reliable pricing data was available, was used to estimate value per note of the Structured Products as of October 31, 2008.  October 31, 2008 is the date on which the first lawsuit asserting claims on behalf of investors in the Structured Products was filed.

1

08-13555-mg   Doc 42124-3   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits F
through I to Crowley Declaration    Pg 53 of 153
Case 1:09-md-02017-LAK-SWG   Document 1250   Filed 09/14/13   Page 43 of 124

**EXHIBIT A**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 09 | May 31, 2007 | 52520W440 | 100% Principal Protection Notes Linked to a Currency Basket | $10.00 | $1.33 |
| 10 | June 22, 2007 | 52522L202 | 100% Principal Protection Notes Linked to a Global Index Basket | $10.00 | $1.33 |
| 11 | June 29, 2007 | 52517P2P5 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 12 | June 29, 2007 | 52520W390 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 13 | July 31, 2007 | 52517P3H2 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 14 | July 31, 2007 | 52520W358 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 15 | August 31, 2007 | 52522L129 | Performance Securities with Contingent Protection Linked to the S&P 500 Index | $10.00 | $1.33 |
| 16 | August 31, 2007 | 52522L137 | Performance Securities with Contingent Protection Linked to the Dow Jones EURO STOXX 50 Index | $10.00 | $1.33 |
| 17 | August 31, 2007 | 52522L145 | Performance Securities with Contingent Protection Linked to the Nikkei 225 Index | $10.00 | $1.33 |
| 18 | August 31, 2007 | 52522L186 | 100% Principal Protection Notes Linked to an International Index Basket | $10.00 | $1.33 |
| 19 | August 31, 2007 | 52522L889 | 100% Principal Protection Notes Linked to a Global Index Basket | $10.00 | $1.33 |

2

**EXHIBIT A**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 20 | September 18, 2007 | 52522L251 | Autocallable Optimization Securities with Contingent Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 21 | September 28, 2007 | 52522L236 | Return Optimization Securities Linked to an International Index Basket | $10.00 | $1.33 |
| 22 | September 28, 2007 | 52522L244 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 23 | September 28, 2007 | 52517P5K3 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 24 | October 31, 2007 | 52520W341 | Medium-Term Notes, Series I, 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 25 | October 31, 2007 | 52522L400 | 100% Principal Protection Barrier Notes Linked to FTSE/Xinhua China 25 Index | $10.00 | $1.33 |
| 26 | October 31, 2007 | 52522L293 | 100% Principal Protection Absolute Return Barrier Notes Linked to the S&P 500 Index | $10.00 | $1.33 |
| 27 | October 31, 2007 | 52522L301 | Return Optimization Securities Linked to an Index | $10.00 | $1.33 |
| 28 | October 31, 2007 | 52522L319 | Return Optimization Securities Linked to an Index | $10.00 | $1.33 |
| 29 | October 31, 2007 | 52522L327 | Return Optimization Securities Linked to an Index | $10.00 | $1.33 |
| 30 | October 31, 2007 | 52522L335 | Return Optimization Securities Linked to an Index | $10.00 | $1.33 |

3

# EXHIBIT A
## LIST OF STRUCTURED PRODUCTS

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 31 | October 31, 2007 | 52522L384 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 32 | November 7, 2007 | 52522L418 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Index | $10.00 | $1.33 |
| 33 | November 14, 2007 | 52522L426 | Performance Securities with Partial Protection Linked to an International Index Basket | $10.00 | $1.33 |
| 34 | November 26, 2007 | 52522L475 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 35 | November 30, 2007 | 52520W333 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 36 | November 30, 2007 | 52522L376 | 100% Principal Protection Absolute Return Barrier Notes Linked to the MSCI EAFE Index | $10.00 | $1.33 |
| 37 | November 30, 2007 | 52522L392 | Return Optimization Securities Linked to an International Index Basket | $10.00 | $1.33 |
| 38 | November 30, 2007 | 52522L459 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Index | $10.00 | $1.33 |
| 39 | December 31, 2007 | 52522L483 | Return Optimization Securities Linked to an International Index Basket | $10.00 | $1.33 |
| 40 | December 31, 2007 | 52522L491 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Index | $10.00 | $1.33 |
| 41 | December 31, 2007 | 52522L533 | Performance Securities with Partial Protection Linked to a Global Basket Consisting of Indices and an Index Fund | $10.00 | $1.33 |

# EXHIBIT A
## LIST OF STRUCTURED PRODUCTS

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 42 | January 31, 2008 | 52517P4N8 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 43 | January 31, 2008 | 52520W325 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 44 | January 31, 2008 | 52522L525 | 100% Principal Protection Absolute Return Barrier Notes Linked to the S&P 500 Index | $10.00 | $1.33 |
| 45 | February 8, 2008 | 52522L657 | Autocallable Optimization Securities with Contingent Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 46 | February 13, 2008 | 52522L673 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 47 | February 13, 2008 | 52522L699 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 48 | February 13, 2008 | 52522L707 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 49 | February 13, 2008 | 52522L715 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 50 | February 13, 2008 | 52522L723 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 51 | February 29, 2008 | 5252M0CZ8 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 52 | February 29, 2008 | 52522L632 | Performance Securities Linked to an Asian Currency Basket | $10.00 | $1.33 |

5

**EXHIBIT A**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 53 | February 29, 2008 | 52522L574 | Return Optimization Securities with Partial Protection Notes Linked to the S&P 500 Index | $10.00 | $1.33 |
| 54 | February 29, 2008 | 52522L582 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 55 | February 29, 2008 | 52522L566 | 100% Principal Protection Absolute Return Barrier Notes Linked to the Russell 2000 Index | $10.00 | $1.33 |
| 56 | February 29, 2008 | 52522L772 | Securities Linked to the Relative Performance of the Consumer Staples Select Sector SPDR Fund vs. the Consumer Discretionary Select Sector SPDR Fund | $10.00 | $1.33 |
| 57 | February 29, 2008 | 52523J412 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 58 | March 7, 2008 | 52523J420 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 59 | March 19, 2008 | 52523J115 | 100% Principal Protection Absolute Return Barrier Notes Linked to the SPDR S&P Homebuilders ETF | $10.00 | $1.33 |
| 60 | March 25, 2008 | 52523J149 | Bearish Autocallable Optimization Securities with Contingent Protection Linked to the Energy Select Sector SPDR Fund | $10.00 | $1.33 |
| 61 | March 28, 2008 | 52523J131 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 62 | March 31, 2008 | 5252M0EK9 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |

**EXHIBIT A**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 63 | March 31, 2008 | 52523J438 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 64 | March 31, 2008 | 52522L806 | Return Optimization Securities with Partial Protection Notes Linked to the S&P 500 Index | $10.00 | $1.33 |
| 65 | March 31, 2008 | 52522L814 | Return Optimization Securities with Partial Protection Notes Linked to the MSCI EM Index | $10.00 | $1.33 |
| 66 | March 31, 2008 | 52522L871 | Bearish Autocallable Optimization Securities with Contingent Protection Linked to the Energy Select Sector SPDR Fund | $10.00 | $1.33 |
| 67 | March 31, 2008 | 5252M0EV5 | 100% Principal Protection Accrual Notes with Interest Linked to the Year-Over-Year Change in the Consumer Price Index | $1,000.00 | $133.38 |
| 68 | March 31, 2008 | 52522L798 | 100% Principal Protection Absolute Return Barrier Notes Linked to the Russell 2000 Index | $10.00 | $1.33 |
| 69 | April 4, 2008 | 52522L848 | Return Optimization Securities Linked to a Basket of Global Indices | $10.00 | $1.33 |
| 70 | April 4, 2008 | 52522L830 | 100% Principal Protection Absolute Return Barrier Notes Linked to a Basket of Global Indices | $10.00 | $1.33 |
| 71 | April 23, 2008 | 52523J172 | Return Optimization Securities with Partial Protection Linked to a Basket of Global Indices | $10.00 | $1.33 |
| 72 | April 30, 2008 | 52523J156 | 100% Principal Protection Absolute Return Barrier Notes Linked to the Russell 2000 Index | $10.00 | $1.33 |
| 73 | May 12, 2008 | 52523J503 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |

7

Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 04/14/14    Page 54 of 124

# EXHIBIT A
## LIST OF STRUCTURED PRODUCTS

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 74 | May 15, 2008 | 52523J206 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 75 | May 16, 2008 | 52523J222 | Return Optimization Securities with Partial Protection Linked to a Portfolio of Common Stocks | $10.00 | $1.33 |
| 76 | May 21, 2008 | 52523J214 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 77 | May 30, 2008 | 52523J230 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 78 | June 16, 2008 | 52520W283 | 100% Principal Protection Absolute Return Notes Linked to the Euro/U.S. Dollar Exchange Rate | $10.00 | $1.33 |
| 79 | June 20, 2008 | 5252M0FU6 | 100% Principal Protection Notes with Interest Linked to the Year-Over-Year Change in the Consumer Price Index | $1,000.00 | $133.38 |
| 80 | June 30, 2008 | 5252M0CD7 | 100% Principal Protection Notes with Interest Linked to the Year-Over-Year Change in the Consumer Price Index | $1,000.00 | $133.38 |
| 81 | June 30, 2008 | 52523J263 | Return Optimization Securities with Partial Protection Linked to the PowerShares WilderHill Clean Energy Portfolio | $10.00 | $1.33 |
| 82 | June 30, 2008 | 524935129 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
through I to Crowley Declaration    Pg 60 of 153
Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 09/11/13    Page 55 of 124

## EXHIBIT A
## LIST OF STRUCTURED PRODUCTS

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 83 | June 30, 2008 | 52523J248 | 100% Principal Protection Absolute Return Barrier Notes | $10.00 | $1.33 |
| 84 | June 30, 2008 | 52523J255 | 100% Principal Protection Absolute Return Barrier Notes | $10.00 | $1.33 |

9

# EXHIBIT B

08-13555-mg   Doc 42124-3   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits F
Case 1:09-md-02017-LAK-GWG   Document 1290 Filed 09/11/13   Page 57 of 124
through I to Crowley Declaration   Pg 62 of 153

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

In re LEHMAN BROTHERS SECURITIES
AND ERISA LITIGATION

This Document Applies To:

     In re Lehman Brothers Equity/Debt
     Securities Litigation, 08-CV-5523-LAK

Case No. 09-MD-2017 (LAK)

<u>ECF CASE</u>

## [PROPOSED] ORDER CONCERNING PROPOSED SETTLEMENT<br>WITH UBS FINANCIAL SERVICES, INC.

WHEREAS, the Structured Products Class Representatives and Defendant UBS Financial

Services Inc. ("UBSFS") entered into a Stipulation of Settlement and Release on September 11,

2013 (the "Stipulation" or "Settlement"), setting forth the terms and conditions of their proposed

settlement and the dismissal of the Action against UBSFS with prejudice upon the terms and

conditions set forth in the Stipulation;

    WHEREAS, the Structured Products Class Representatives have moved the Court for

entry of a preliminary order concerning the proposed Settlement pursuant to Federal Rule of

Civil Procedure 23;

    WHEREAS, UBSFS does not oppose this request;

    WHEREAS, the Court is familiar with and has reviewed the record and has reviewed the

Stipulation, including the exhibits attached to the Stipulation, and found good cause for entering

the following Order.

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 09/11/13    Page 58 of 124
through I to Crowley Declaration    Pg 63 of 153

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation.

## CLASS CERTIFICATION

2.      The Court finds, upon a preliminary evaluation and for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) have been met. The Court preliminarily certifies the following class for purposes of the Settlement only:  all persons and entities that bought or otherwise acquired any of the Structured Products set forth in Exhibit B-1 and who were damaged thereby (the "Settlement Class").  Excluded from the Settlement Class are (i) Defendants; (ii) current and former executive officers and directors of each Defendant, and the members of their immediate families; (iii) the members of Defendants' immediate families; (iv) any entity in which a Defendant owns a majority interest, provided, however, that the Settlement Class shall include any investment company or pooled investment fund, including without limitation mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which any Defendant has or may have a direct or indirect interest, or as to which it or its affiliates may act as an investment advisor but in which the Defendant or any of its affiliates is not a majority owner or does not hold a majority beneficial interest; (v) Lehman; (vi) any person or entity that has (a) litigated claims in any forum against UBSFS arising out of the purchase of Structured Products and received a judgment, or (b) settled and released claims against UBSFS arising out of the purchase of Structured Products (as identified on a confidential Exhibit which shall be produced by UBSFS on a confidential basis to the Claims Administrator, but shall not be provided to the Structured Products Class Representatives or to Structured Products Plaintiffs' Counsel or to any other person or entity); and (vii) the legal representatives,

2

heirs, successors or assigns of any excluded party.  Also excluded from the Settlement Class are

any persons or entities that exclude themselves by filing a timely request for exclusion in

accordance with the requirements set forth in the Notice.

3.    The Court preliminarily finds, for purposes of the Settlement only, that the

prerequisites of Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied for the

Settlement Class in that:  (a) the number of Settlement Class Members is so numerous that

joinder of all members thereof is impracticable; (b) there are questions of law and fact common

to the Settlement Class; (c) the claims of the Structured Products Class Representatives are

typical of the claims of the Settlement Class; (d) the Structured Products Class Representatives

and Structured Products Class Counsel will fairly and adequately represent the interests of the

Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate

over any questions affecting only individual members of the Settlement Class; and (f) a class

action is superior to other available methods for the fair and efficient adjudication of the

controversy.

4.    The Court preliminarily appoints the following Structured Products Class

Representatives for the Settlement Class:  Mohan Ananda, Richard Barrett, Ed Davis, Neel

Duncan, Rick Fleischman, Nick Fotinos, Gastroenterology Associates, Ltd. Profit Sharing Plan

and Trust FBO Charles M. Brooks, MD, Stephen Gott, Karim Kano, David Kotz, Barbara

Moskowitz, Ronald Profili, Joseph Rottman, Shea-Edwards Limited Partnership, Juan Tolosa,

Grace Wang and Miriam Wolf.

5.    The Court also preliminarily appoints Structured Products Class Counsel as

counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 09/11/13    Page 66 of 124
through I to Crowley Declaration    Pg 65 of 153

## MAILING AND PUBLICATION NOTICE

6.     The Court authorizes Structured Products Class Counsel to retain, and the Court hereby appoints, A.B. Data, Ltd. as the Claims Administrator to supervise and administer the notice procedures, as well as the processing of claims as more fully set forth below:

a.     No later than 21 calendar days after entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Claim Form (attached as Exhibits B-2 and B-3, respectively) (collectively, the "Notice Packet") to be mailed by first-class mail, postage prepaid, to those members of the Settlement Class who may be identified through reasonable effort, including those identified in the records of Lehman or UBSFS, or their transfer agent(s), as provided to the Claims Administrator;

b.     A summary notice (the "Summary Notice"), attached as Exhibit B-4, shall be published once in the national edition of *The Wall Street Journal* and *Investor's Business Daily* no later than 10 business days after the Notice Date; and

c.     The Notice, the Summary Notice and the Claim Form shall also be placed on the Claims Administrator's website, or a website created for the settlements obtained in this Action, on or before the Notice Date.

7.     The Court approves the form of the Notice and Summary Notice (together, the "Notices") and the Claim Form, and finds that the procedures established for publication, mailing and distribution of the Notices substantially in the manner and form set forth in Paragraph 6 of this Order meet the requirements of Federal Rule of Civil Procedure 23, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and the Constitution of the United States, and constitute the best notice practicable under the circumstances.

4

8.    Settling Defendant shall provide information reasonably available to it that will assist in the identification of potential Settlement Class Members for the purpose of sending notifications of the Settlement within ten (10) business days of the entry of this Order, at no expense to the Settlement Class, Structured Products Class Counsel, or the Settlement Fund.

9.    No later than 35 calendar days prior to the Settlement Hearing (as defined below), Structured Products Class Counsel shall cause to be filed with the Court affidavits or declarations showing that the mailing of the Notice Packet and publication of the Summary Notice have been made in accordance with this Order.

## NOMINEE PROCEDURES

10.    Nominees who purchased Structured Products for beneficial owners who are Settlement Class Members are directed to, within fourteen (14) calendar days of receipt of the Notice Packet:  (a) request additional copies of the Notice Packet from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator.  If a nominee elects to send the Notice Packet to beneficial owners, such nominee is directed to mail the Notice Packet within fourteen (14) calendar days of receipt from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice Packet, if the nominee elected or elects to do so.  Such properly

5

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 09/11/13    Page 67 of 124
through I to Crowley Declaration    Pg 67 of 153

documented expenses incurred by nominees in compliance with the terms of this Order shall be

paid from the Settlement Fund.

## THE SETTLEMENT HEARING

11.    The Court will hold a settlement hearing (the "Settlement Hearing") on

_____, 2013, at _____ __.m., in the United States District Court for the Southern District

of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York,

New York 10007, Courtroom 21B, for the following purpose:  (i) to finally determine whether

the Settlement Class satisfies the applicable prerequisites for class action treatment under Rules

23(a) and 23(b)(3); (ii) to determine whether the Settlement should be approved as fair,

reasonable, adequate and in the best interests of the Settlement Class; (iii) to determine whether a

Judgment substantially in the form attached as Exhibit C to the Stipulation should be entered

dismissing and releasing the Structured Products Claims with prejudice; (iv) to rule upon the

Plan of Allocation; (v) to rule upon Structured Products Class Counsel's application for an award

of attorneys' fees and reimbursement of Litigation Expenses; and (vi) to consider any other

matters that may properly be brought before the Court in connection with the Settlement.

12.    The Court reserves the right to (a) adjourn or continue the Settlement Hearing

without further notice to Settlement Class Members and (b) approve the Stipulation with

modification and without further notice to Settlement Class Members.

13.    The Released Parties shall have no responsibility or liability with respect to the

Plan of Allocation or Structured Products Class Counsel's application for an award of attorneys'

fees and reimbursement of Litigation Expenses.  The Plan of Allocation and Structured Products

Class Counsel's application for an award of attorneys' fees and reimbursement of Litigation

Expenses will be considered separately from the fairness, reasonableness and adequacy of the

08-13555-mg    Doc 42124-8    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1290    Filed 09/11/13    Page 53 of 124
through I to Crowley Declaration    Pg 68 of 153

Settlement.  At or after the Settlement Hearing, the Court will determine whether the proposed

Plan of Allocation should be approved, and the amount of attorneys' fees and Litigation

Expenses to be awarded to Structured Products Class Counsel.  Any appeal from any orders

relating solely to the Plan of Allocation or solely to Structured Products Class Counsel's

application for an award of attorneys' fees and Litigation Expenses, or any reversal or

modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay

the finality of the Judgment approving the Stipulation and the Settlement.

14.    If the Settlement is approved, all Settlement Class Members will be bound by the

proposed Settlement provided for in the Stipulation, and by any judgment or determination of the

Court affecting Settlement Class Members, regardless of whether or not a Settlement Class

Member submits a Claim Form.  All Settlement Class Members shall be bound by all

determinations and judgments in the Action concerning the Settlement, whether favorable or

unfavorable to the Settlement Class.

15.    Papers in support of the Settlement, the Plan of Allocation and Structured

Products Class Counsel's application for attorneys' fees and reimbursement of Litigation

Expenses shall be filed no later than 35 calendar days prior to the Settlement Hearing.  Papers in

opposition shall be filed in accordance with paragraph 16 below.  Reply papers shall be filed no

later than 7 calendar days prior to the Settlement Hearing.

**OBJECTIONS AND APPEARANCE AT THE SETTLEMENT HEARING**

16.    Any member of the Settlement Class may appear at the Settlement Hearing and

show cause why the proposed Settlement should or should not be approved as fair, reasonable,

adequate and in the best interests of the Settlement Class, or why the Judgment should or should

not be entered, or to present opposition to the Plan of Allocation or to the application of

08-13555-mg    Doc 42124-8    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
through I to Crowley Declaration    Pg 69 of 153
Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 09/11/13    Page 64 of 124

Structured Products Class Counsel for attorneys' fees and reimbursement of Litigation Expenses.

No Settlement Class Member or any other person shall be heard or entitled to contest the

approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be

entered approving the Settlement, or the terms of the Plan of Allocation or the application by

Structured Products Class Counsel for an award of attorneys' fees and reimbursement of

Litigation Expenses, unless that Settlement Class Member or person (i) filed objections, papers

and briefs with the Clerk of the United States District Court for the Southern District of New

York no later than 21 calendar days prior to the Settlement Hearing; and (ii) has served written

objections, by hand or first-class mail, including the basis for the objection(s), as well as copies

of any papers and briefs in support of his, her or its position upon each of the following counsel

for receipt no later than 21 calendar days prior to the Settlement Hearing:  Daniel C. Girard,

Girard Gibbs LLP, 601 California Street, Suite 1400, San Francisco, CA  94108 on behalf of the

Structured Products Class Representatives; and Jonathan C. Dickey and Marshall R. King,

Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166-0193 on behalf of the

Settling Defendant.

  17. Any objection must include:  (a) the full name (and the name of the purchasing

entity if it is different), address, and telephone number of the objecting Settlement Class

Member; (b) information concerning all of the Settlement Class Member's transactions involving

Structured Products, including CUSIP numbers of the Structured Product(s), brokerage

confirmation receipts or other competent documentary evidence of such transactions, the amount

and date of each purchase, acquisition or sale, and the price paid and/or received; (c) a written

statement of all grounds for the objection accompanied by any legal support for the objection; (d)

copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all

8

08-13555-mg   Doc 42124-3   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits F
through I to Crowley Declaration   Pg 70 of 153
Case 1:09-md-02017-LAK-GWG   Document 1290   Filed 09/11/13   Page 63 of 124

persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Settlement Hearing; (g) a list of all other cases in which the objector or the objector's counsel has appeared either as a settlement objector or as counsel for objectors in the past five years; and (h) the objector's signature, even if represented by counsel. If the objector intends to appear at the Settlement Hearing through counsel, the objection must also state the identity of all attorneys who will appear on the objector's behalf at the Settlement Hearing.

18.     Any Settlement Class Member who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation or to the application by Structured Products Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  By objecting, or otherwise requesting to be heard at the Settlement Hearing, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including but not limited to enforcement of the terms of the Settlement.

19.     Any Settlement Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If a Settlement Class Member does not enter an appearance, he, she or it will be represented by Structured Products Class Counsel.

## CLAIMS PROCESS

20.     In order to be entitled to participate in the Settlement, a Settlement Class Member must complete and submit a Claim Form in accordance with the instructions contained therein.

Case 5:09-md-02017-LAK-GWG Document 1250 Filed 09/14/13 Page 56 of 124

To be valid and accepted, Claim Forms submitted in connection with the Settlement must be postmarked or submitted electronically no later than 120 calendar days after the Notice Date.

21.     Any Settlement Class Member who does not timely submit a valid Claim Form shall not be eligible to share in the Settlement Fund, unless otherwise ordered by the Court, but will otherwise be bound by all of the terms of the Stipulation, including the terms of the Judgment to be entered in the Action and the releases provided for therein.

## REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS

22.     Any requests for exclusion must be postmarked no later than 21 calendar days prior to the Settlement Hearing.  Any person who would otherwise be a member of the Settlement Class who wishes to be excluded from the Settlement Class must provide his, her or its (i) name (and the name of the purchasing entity if it is different), (ii) address, (iii) telephone number and if applicable email address(es), (iv) the CUSIP numbers and amount of Structured Product(s) bought or acquired, and the date of each purchase or acquisition; (v) the CUSIP numbers and amount of Structured Product(s) sold, if any, and the date of each sale; and (vi) a statement that the person or entity wishes to be excluded from the Settlement Class.  Such statement must be signed by the person or entity requesting exclusion.  All persons or entities that submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any orders of the Court, or any final judgment.

23.     Any person who would otherwise be a member of the Settlement Class who does not request exclusion from the Settlement Class in the manner stated in this Order shall be deemed to have waived his, her or its right to be excluded from the Settlement Class, and shall forever be barred from requesting exclusion from the Settlement Class in this or any other

08-13555-smg   Doc 42124-8   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits F
Case 1:09-md-02017-LAK-GWG   Document 1290   Filed 09/11/13   Page 57 of 124
through I to Crowley Declaration   Pg 72 of 153

proceeding, and shall be bound by the Settlement and the Judgment, including, but not limited to,

the release of the Released Claims against the Released Parties provided for in the Stipulation

and the Judgment, if the Court approves the Settlement.

## THE SETTLEMENT FUND, NOTICE AND ADMINISTRATION COSTS

24.     Only Settlement Class Members and Structured Products Plaintiffs' Counsel shall

have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless

otherwise ordered by the Court or otherwise provided in the Stipulation.

25.     The Settlement Fund shall remain subject to the jurisdiction of the Court until

such time as the funds shall be distributed pursuant to the Stipulation and/or further order of the

Court.

26.     As set forth in the Stipulation, notwithstanding the fact that the Effective Date has

not yet occurred, Structured Products Class Counsel may pay from the Settlement Fund, without

further approval from the Settling Defendant, but subject to the prior approval of this Court, all

reasonable Notice and Administration Costs actually incurred.  In the event that the Settlement is

terminated pursuant to the terms of the Stipulation, all Notice and Administration Costs

reasonably paid or reasonably incurred shall not be returned or repaid to the Settling Defendant,

any Released Parties or any person or entity who or that contributed any portion of the

Settlement Amount.

## THE USE OF THIS ORDER

27.     As set forth in the Stipulation, the fact and terms of this Order and the Settlement,

all negotiations, discussions, drafts and proceedings in connection with this Order and the

Settlement, and any act performed or document signed in connection with this Order and the

Settlement, shall not, in this or any other Court, administrative agency, arbitration forum or other

11

08-13555-mg    Doc 42124-8    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 09/14/13    Page 68 of 124
through I to Crowley Declaration    Pg 73 of 153

tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any
acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of the Settling
Defendant to the Structured Products Class Representatives, the Settlement Class or anyone else,
(iii) of any deficiency of any claim or defense that has been or could have been asserted in this
Action, (iv) of any damages or lack of damages suffered by the Structured Products Class
Representatives, the Settlement Class or anyone else, or (v) that the Settlement Amount (or any
other amount) represents the amount that could or would have been recovered in this Action
against the Settling Defendant if it was not settled at this point in time.  The fact and terms of this
Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with
this Order and the Settlement, including, but not limited to, the Judgment and the release of the
Released Claims provided for in the Stipulation and the Judgment, shall not be offered or
received in evidence or used for any other purpose in this or any other proceeding in any court,
administrative agency, arbitration forum or other tribunal, except as necessary to enforce the
terms of this Order and/or the Settlement.

## <u>TERMINATION OF THE SETTLEMENT</u>

28.    In the event that the Settlement fails to become effective in accordance with its
terms, or if the Judgment is not entered or is reversed, vacated or materially modified on appeal
(and, in the event of material modification, if any party elects to terminate the Settlement), this
Order (except Paragraphs 26 and 27) shall be null and void, the Stipulation shall be deemed
terminated (excepts for any paragraphs that, pursuant to the terms of the Stipulation, survive
termination of the Stipulation), and the Settling Parties shall return to their positions without
prejudice in any way, as provided for in the Stipulation.

29.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: _____, 2013        _____

The Honorable Lewis A. Kaplan
United States District Judge

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 09/11/13    Page 76 of 124
through I to Crowley Declaration    Pg 75 of 153

# EXHIBIT B-1

08-13555-smg   Doc 42124-3   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits F
through I to Crowley Declaration   Pg 76 of 153
Case 5:09-md-02017-LAK-GWG   Document 1250   Filed 09/11/13   Page 2 of 4

**EXHIBIT B-1**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 01 | March 30, 2007 | 52520W564 524908VP2 | 100% Principal Protection Notes Linked to a Global Index Basket | $10.00 | $1.33 |
| 02 | March 30, 2007 | 52520W556 524908VQ0 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 03 | April 30, 2007 | 52517PY21 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 04 | April 30, 2007 | 52517PX63 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 05 | April 30, 2007 | 52520W549 | 100% Principal Protection Notes Linked to a Currency Basket | $10.00 | $1.33 |
| 06 | April 30, 2007 | 52520W515 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 07 | May 31, 2007 | 52517PY62 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 08 | May 31, 2007 | 52517PY70 | 100% Principal Protection Callable Daily Range Accrual Notes with Interest Linked to the 10-Year Constant Maturity U.S. Treasury Rate | $1,000.00 | $133.38 |

[1] Because reliable pricing data was not available for any of the Structured Products after Lehman's bankruptcy on September 15, 2008, the average closing prices for five other Lehman senior unsecured notes (CUSIP Nos. 52517P4C2, 52517P5X5, 52517P5Y3, 5252M0BZ9 and 5252M0FD4), for which reliable pricing data was available, was used to estimate value per note of the Structured Products as of October 31, 2008. October 31, 2008 is the date on which the first lawsuit asserting claims on behalf of investors in the Structured Products was filed.

08-13555-smg   Doc 42124-8   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits F
through I to Crowley Declaration    Pg 77 of 153
Case 1:09-md-02017-LAK-GWG   Document 1250   Filed 09/14/13   Page 72 of 24

**EXHIBIT B-1**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 09 | May 31, 2007 | 52520W440 | 100% Principal Protection Notes Linked to a Currency Basket | $10.00 | $1.33 |
| 10 | June 22, 2007 | 52522L202 | 100% Principal Protection Notes Linked to a Global Index Basket | $10.00 | $1.33 |
| 11 | June 29, 2007 | 52517P2P5 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 12 | June 29, 2007 | 52520W390 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 13 | July 31, 2007 | 52517P3H2 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 14 | July 31, 2007 | 52520W358 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 15 | August 31, 2007 | 52522L129 | Performance Securities with Contingent Protection Linked to the S&P 500 Index | $10.00 | $1.33 |
| 16 | August 31, 2007 | 52522L137 | Performance Securities with Contingent Protection Linked to the Dow Jones EURO STOXX 50 Index | $10.00 | $1.33 |
| 17 | August 31, 2007 | 52522L145 | Performance Securities with Contingent Protection Linked to the Nikkei 225 Index | $10.00 | $1.33 |
| 18 | August 31, 2007 | 52522L186 | 100% Principal Protection Notes Linked to an International Index Basket | $10.00 | $1.33 |
| 19 | August 31, 2007 | 52522L889 | 100% Principal Protection Notes Linked to a Global Index Basket | $10.00 | $1.33 |

## EXHIBIT B-1
## LIST OF STRUCTURED PRODUCTS

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 20 | September 18, 2007 | 52522L251 | Autocallable Optimization Securities with Contingent Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 21 | September 28, 2007 | 52522L236 | Return Optimization Securities Linked to an International Index Basket | $10.00 | $1.33 |
| 22 | September 28, 2007 | 52522L244 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 23 | September 28, 2007 | 52517P5K3 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 24 | October 31, 2007 | 52520W341 | Medium-Term Notes, Series I, 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 25 | October 31, 2007 | 52522L400 | 100% Principal Protection Barrier Notes Linked to FTSE/Xinhua China 25 Index | $10.00 | $1.33 |
| 26 | October 31, 2007 | 52522L293 | 100% Principal Protection Absolute Return Barrier Notes Linked to the S&P 500 Index | $10.00 | $1.33 |
| 27 | October 31, 2007 | 52522L301 | Return Optimization Securities Linked to an Index | $10.00 | $1.33 |
| 28 | October 31, 2007 | 52522L319 | Return Optimization Securities Linked to an Index | $10.00 | $1.33 |
| 29 | October 31, 2007 | 52522L327 | Return Optimization Securities Linked to an Index | $10.00 | $1.33 |
| 30 | October 31, 2007 | 52522L335 | Return Optimization Securities Linked to an Index | $10.00 | $1.33 |

**EXHIBIT B-1**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 31 | October 31, 2007 | 52522L384 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 32 | November 7, 2007 | 52522L418 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Index | $10.00 | $1.33 |
| 33 | November 14, 2007 | 52522L426 | Performance Securities with Partial Protection Linked to an International Index Basket | $10.00 | $1.33 |
| 34 | November 26, 2007 | 52522L475 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 35 | November 30, 2007 | 52520W333 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 36 | November 30, 2007 | 52522L376 | 100% Principal Protection Absolute Return Barrier Notes Linked to the MSCI EAFE Index | $10.00 | $1.33 |
| 37 | November 30, 2007 | 52522L392 | Return Optimization Securities Linked to an International Index Basket | $10.00 | $1.33 |
| 38 | November 30, 2007 | 52522L459 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Index | $10.00 | $1.33 |
| 39 | December 31, 2007 | 52522L483 | Return Optimization Securities Linked to an International Index Basket | $10.00 | $1.33 |
| 40 | December 31, 2007 | 52522L491 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Index | $10.00 | $1.33 |
| 41 | December 31, 2007 | 52522L533 | Performance Securities with Partial Protection Linked to a Global Basket Consisting of Indices and an Index Fund | $10.00 | $1.33 |

**EXHIBIT B-1**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 42 | January 31, 2008 | 52517P4N8 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 43 | January 31, 2008 | 52520W325 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 44 | January 31, 2008 | 52522L525 | 100% Principal Protection Absolute Return Barrier Notes Linked to the S&P 500 Index | $10.00 | $1.33 |
| 45 | February 8, 2008 | 52522L657 | Autocallable Optimization Securities with Contingent Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 46 | February 13, 2008 | 52522L673 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 47 | February 13, 2008 | 52522L699 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 48 | February 13, 2008 | 52522L707 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 49 | February 13, 2008 | 52522L715 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 50 | February 13, 2008 | 52522L723 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 51 | February 29, 2008 | 5252M0CZ8 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 52 | February 29, 2008 | 52522L632 | Performance Securities Linked to an Asian Currency Basket | $10.00 | $1.33 |

5

08-13555-gmg-c-Doc-42124-3-c-wc-Filed-01/22/14-c-12:09:42-c-Exhibits-F
Case 1:09-md-02017-LAK-8WG-c-Document-1290-c-Filed-09/14/14-c-Page-15-of-124
through I to Crowley Declaration    Pg 81 of 153

**EXHIBIT B-1**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 53 | February 29, 2008 | 52522L574 | Return Optimization Securities with Partial Protection Notes Linked to the S&P 500 Index | $10.00 | $1.33 |
| 54 | February 29, 2008 | 52522L582 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 55 | February 29, 2008 | 52522L566 | 100% Principal Protection Absolute Return Barrier Notes Linked to the Russell 2000 Index | $10.00 | $1.33 |
| 56 | February 29, 2008 | 52522L772 | Securities Linked to the Relative Performance of the Consumer Staples Select Sector SPDR Fund vs. the Consumer Discretionary Select Sector SPDR Fund | $10.00 | $1.33 |
| 57 | February 29, 2008 | 52523J412 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 58 | March 7, 2008 | 52523J420 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 59 | March 19, 2008 | 52523J115 | 100% Principal Protection Absolute Return Barrier Notes Linked to the SPDR S&P Homebuilders ETF | $10.00 | $1.33 |
| 60 | March 25, 2008 | 52523J149 | Bearish Autocallable Optimization Securities with Contingent Protection Linked to the Energy Select Sector SPDR Fund | $10.00 | $1.33 |
| 61 | March 28, 2008 | 52523J131 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 62 | March 31, 2008 | 5252M0EK9 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |

6

08-13555-smg    Doc 42124-8    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
through I to Crowley Declaration    Pg 82 of 153
Case 7:09-md-02017-LAK-SWC    Document 1250    Filed 04/14/14    Page 94 of 124    Exhibit F

## EXHIBIT B-1
## LIST OF STRUCTURED PRODUCTS

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 63 | March 31, 2008 | 52523J438 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 64 | March 31, 2008 | 52522L806 | Return Optimization Securities with Partial Protection Notes Linked to the S&P 500 Index | $10.00 | $1.33 |
| 65 | March 31, 2008 | 52522L814 | Return Optimization Securities with Partial Protection Notes Linked to the MSCI EM Index | $10.00 | $1.33 |
| 66 | March 31, 2008 | 52522L871 | Bearish Autocallable Optimization Securities with Contingent Protection Linked to the Energy Select Sector SPDR Fund | $10.00 | $1.33 |
| 67 | March 31, 2008 | 5252M0EV5 | 100% Principal Protection Accrual Notes with Interest Linked to the Year-Over-Year Change in the Consumer Price Index | $1,000.00 | $133.38 |
| 68 | March 31, 2008 | 52522L798 | 100% Principal Protection Absolute Return Barrier Notes Linked to the Russell 2000 Index | $10.00 | $1.33 |
| 69 | April 4, 2008 | 52522L848 | Return Optimization Securities Linked to a Basket of Global Indices | $10.00 | $1.33 |
| 70 | April 4, 2008 | 52522L830 | 100% Principal Protection Absolute Return Barrier Notes Linked to a Basket of Global Indices | $10.00 | $1.33 |
| 71 | April 23, 2008 | 52523J172 | Return Optimization Securities with Partial Protection Linked to a Basket of Global Indices | $10.00 | $1.33 |
| 72 | April 30, 2008 | 52523J156 | 100% Principal Protection Absolute Return Barrier Notes Linked to the Russell 2000 Index | $10.00 | $1.33 |
| 73 | May 12, 2008 | 52523J503 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |

7

**EXHIBIT B-1**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 74 | May 15, 2008 | 52523J206 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 75 | May 16, 2008 | 52523J222 | Return Optimization Securities with Partial Protection Linked to a Portfolio of Common Stocks | $10.00 | $1.33 |
| 76 | May 21, 2008 | 52523J214 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 77 | May 30, 2008 | 52523J230 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 78 | June 16, 2008 | 52520W283 | 100% Principal Protection Absolute Return Notes Linked to the Euro/U.S. Dollar Exchange Rate | $10.00 | $1.33 |
| 79 | June 20, 2008 | 5252M0FU6 | 100% Principal Protection Notes with Interest Linked to the Year-Over-Year Change in the Consumer Price Index | $1,000.00 | $133.38 |
| 80 | June 30, 2008 | 5252M0CD7 | 100% Principal Protection Notes with Interest Linked to the Year-Over-Year Change in the Consumer Price Index | $1,000.00 | $133.38 |
| 81 | June 30, 2008 | 52523J263 | Return Optimization Securities with Partial Protection Linked to the PowerShares WilderHill Clean Energy Portfolio | $10.00 | $1.33 |
| 82 | June 30, 2008 | 524935129 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |

**EXHIBIT B-1**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 83 | June 30, 2008 | 52523J248 | 100% Principal Protection Absolute Return Barrier Notes | $10.00 | $1.33 |
| 84 | June 30, 2008 | 52523J255 | 100% Principal Protection Absolute Return Barrier Notes | $10.00 | $1.33 |

9

Case 1:09-md-02017-LAK-GWG    Document 1290    Filed 09/11/13    Page 85 of 124

# EXHIBIT B-2

08-13555-mg    Doc 42124-8   Filed 01/22/14   Entered 01/22/14 12:09:42    Exhibits F
through I to Crowley Declaration    Pg 86 of 153

Case 5:09-md-02017-LAK-GWG   Document 1250-1   Filed 09/14/13   Page 5 of 24

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION | Case No. 09-MD-2017 (LAK) |
| This Document Applies To: | ECF CASE |
| In re Lehman Brothers Equity/Debt Securities Litigation, 08-CV-5523-LAK | Notice of Pendency of Class Action and Proposed Settlement |

**IF YOU BOUGHT OR ACQUIRED THE LEHMAN-ISSUED STRUCTURED PRODUCTS DESCRIBED BELOW, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

▪ This class action Settlement involves securities known as structured products that were issued by Lehman Brothers Holdings Inc. and underwritten and sold by UBS Financial Services Inc. ("UBSFS") in 2007 and 2008. Structured products are a kind of security that consists of a fixed income security and a type of derivative, such as a basket of securities, options, commodities, or foreign currencies. Some of the structured products involved in the class action also offered "principal protection." A list of the structured products that are part of this Settlement is attached as Exhibit A to this notice. A full and complete copy of the parties' Stipulation of Settlement ("Stipulation"), along with the proposed Plan of Allocation for distribution of the Net Settlement Fund, can be found at website.com. Capitalized terms used but not defined in this Notice have the meanings defined in the Stipulation.

▪ A settlement fund of $120,000,000 (before deduction of attorneys' fees and expenses and administrative costs) will be distributed to certain investors who bought or acquired the securities identified on Exhibit A (which are referred to in this Notice as the "Structured Products") during the relevant time period, and who make a "Recognized Claim" under the proposed Plan of Allocation. Plaintiffs estimate that Class Members who purchased or acquired Structured Products with a total face value of approximately $892 million may have suffered damages during the relevant time period. Assuming all Class Members submit valid and timely claims, plaintiffs estimate that the average recovery per damaged Structured Product under the Settlement is $1.34 for Structured Products with a face value of $10.00 and $134.00 for Structured Products with a face value of $1,000.00, before deduction of Court-awarded attorneys' fees and expenses and administrative costs.

▪ Plaintiffs and UBSFS disagree on damages and do not agree on the average amount of damages per Structured Product that would be recoverable if plaintiffs were to have prevailed at trial. Plaintiffs estimate that if they prevailed at trial, the maximum statutory damages per Structured Product would be, on average, $8.67 for Structured Products with a face value of $10.00 and $867.00 for Structured Products with a face value of $1,000.00, based on the assumption that such damages would be equal to the difference between the par value of such Structured Products and the estimated value of such Structured Products on October 31, 2008, the date that the first lawsuit concerning the Structured Products was filed. These estimates do not take into account any of UBSFS's defenses or rights of offset, including loss causation defenses, which could substantially reduce or eliminate any such statutory damages. UBSFS denies that it is liable to plaintiffs or the class and specifically denies that plaintiffs and the class could recover damages in the range plaintiffs have described in this Notice. UBSFS contends that actual damages, if any, would be a fraction of such statutory damages as calculated by plaintiffs.

▪ The Settlement resolves a lawsuit in which investors allege that UBSFS sold the Structured Products by means of offering materials that were false and misleading. The litigation also involved inquiry into, among other topics, (i) the procedures by which UBSFS structured, marketed and sold structured products through its financial advisors, including the Lehman-issued Structured Products, (ii) the sales commissions payable to UBSFS and its financial advisors relating to the sale of structured products, (iii) the training and education of UBSFS financial advisors relating to the sale of structured products, (iv) communications between UBSFS financial advisors or consultants and purchasers of Structured Products, (v) whether Class Members had knowledge of facts related to the creditworthiness of Lehman, and (vi) the understanding of UBSFS financial advisors and customers of the principal protection features of Lehman-issued Structured Products. UBSFS denies that it did anything wrong, or that any of the investors' losses were caused by any alleged misrepresentations in the offering materials. The Settlement avoids the costs and risks to you of continuing the lawsuit; provides a recovery to investors who have a Recognized Claim; and releases UBSFS and other "Released Parties" (as defined in the Stipulation) from liability.

▪ Court-appointed attorneys for the Settlement Class will ask the Court for up to 22 percent of the Settlement Fund (or $26.3 million) as fees for representing the plaintiffs and recovering the Settlement and up to $1,000,000 to reimburse expenses they incurred in the litigation and the costs and expenses incurred by the Structured Products Class Representatives. If awarded, these fees and expenses would amount to an average per damaged Structured Product of approximately $0.30 for Structured Products with a face value of $10.00 and approximately $30.00 for Structured Products with a face value of $1,000.00. These attorneys have undertaken the representation of the class since 2008 on an entirely contingent basis.

▪ Plaintiffs and UBSFS disagree about whether plaintiffs would have enough evidence to proceed to trial and, if there was a trial, whether the plaintiffs would win. UBSFS believes it would have strong defenses to plaintiffs' claims, and that it would prevail at trial. Both sides recognize that there are risks and uncertainties in further litigating the case, however, and believe that a settlement is in the best interests of the parties.

▪ Your legal rights are affected whether you act or don't act. Please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to receive a payment. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to be part of any other timely legal proceeding against UBSFS about the legal claims in this case. |
| **OBJECT OR COMMENT** | Write to the Court about why you do or do not like the Settlement. |
| **GO TO A HEARING** | Ask to speak to the Court about the fairness of the Settlement. |
| **DO NOTHING** | Receive no payment and give up your rights. |

▪ These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

▪ The Court has to decide whether to approve the settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ......................................................................................................................................**PAGE 3**
    1. Why did I receive this Notice?
    2. What is this lawsuit about?
    3. Why is the case a class action?
    4. Why is there a settlement?
    5. I've received notices about this case before. How is this one different?

**WHO IS IN THE SETTLEMENT** ........................................................................................................................**PAGE 3**
    6. How do I know if I am part of the Settlement?
    7. Are there exceptions to being included?
    8. I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU RECEIVE** ................................................................................**PAGE 4**
    9. What does the Settlement provide?
    10. How much will my payment be?

**HOW YOU RECEIVE A PAYMENT—SUBMITTING A CLAIM FORM** ............................................................**PAGE 4**
    11. How can I receive a payment?
    12. When would I receive my payment?
    13. What am I giving up to receive a payment or stay in the class?

**YOU MAY EXCLUDE YOURSELF FROM THE SETTLEMENT** .......................................................................**PAGE 4**
    14. How do I exclude myself from the class and the Settlement?
    15. What are the consequences if I exclude myself?
    16. If I don't exclude myself, can I sue UBSFS for the same thing later?
    17. If I exclude myself, will I receive a payment from this Settlement?

**THE LAWYERS REPRESENTING YOU** ............................................................................................................**PAGE 5**
    18. Do I have a lawyer in this case?
    19. How will the lawyers be paid?

**COMMENTING ON THE SETTLEMENT** ..........................................................................................................**PAGE 5**
    20. How do I tell the Court what I think about the Settlement?
    21. What is the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING** ..............................................................................................................**PAGE 6**
    22. When and where will the Court decide whether to approve the Settlement?
    23. Do I have to come to the fairness hearing?
    24. May I speak at the fairness hearing?

**IF YOU DO NOTHING** ....................................................................................................................................**PAGE 6**
    25. What happens if I do nothing?

**GETTING MORE INFORMATION** ...................................................................................................................**PAGE 6**
    26. Are there more details about the Settlement?
    27. How do I get more information?

08-13555-smb  Doc 42124-3  Filed 01/22/14  Entered 01/22/14 12:09:42  Exhibits F through I to Crowley Declaration  Pg 88 of 153

Case 1:09-md-02017-LAK-GWG  Document 1250  Filed 09/14/18  Page 83 of 124

| 1. | Why did I receive this Notice? |
|---|---|

You or someone in your family may have purchased or acquired one or more of the Structured Products listed on Exhibit A.

You received this Notice because you have a right to know about a proposed settlement of a class action lawsuit and all of your options before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after objections and appeals, if any, are resolved, an administrator appointed by the Court will make the payments that the Settlement allows to qualified Class Members who submit a Proof of Claim and Release form ("Claim Form") and who make a Recognized Claim.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of New York. The case is called *In re Lehman Brothers Equity/Debt Securities Litigation*, Case No. 08-cv-5523 (S.D.N.Y.). The people who sued are called plaintiffs, and the company they sued, UBS Financial Services Inc. (or UBSFS), is called the defendant.

| 2. | What is this lawsuit about? |
|---|---|

The lawsuit alleges that UBSFS violated federal securities laws in underwriting and selling the Structured Products. The plaintiffs contend, among other things, that the offering materials for the Structured Products contained materially false and misleading statements and omitted material information about Lehman's financial condition and about the "principal protection" feature of some of the Structured Products. During the litigation the plaintiffs also inquired into the procedures by which UBSFS structured, marketed, and sold the Structured Products, the sales commissions earned, and communications between UBSFS financial advisors and customers. UBSFS denies that it did anything wrong, or that any purchasers of Structured Products incurred losses due to any alleged misrepresentations or omissions in the offering materials.

| 3. | Why is the case a class action? |
|---|---|

In a class action, one or more people called the representative plaintiffs sue on behalf of people who have similar claims. All these people with similar claims are a class or class members. One court resolves the issues for all class members. The representative plaintiffs in this class action are Mohan Ananda, Richard Barrett, Ed Davis, Neel Duncan, Rick Fleischman, Nick Fotinos, Gastroenterology Associates, Ltd. Profit Sharing Plan and Trust FBO Charles M. Brooks M.D., Stephen Gott, Karim Kano, David Kotz, Barbara Moskowitz, Ronald Profili, Joseph Rottman, Shea-Edwards Limited Partnership, Juan Tolosa, Grace Wang, and Miriam Wolf. U.S. District Judge Lewis A. Kaplan is in charge of the class action.

| 4. | Why is there a settlement? |
|---|---|

The Court did not decide in favor of the plaintiffs or the defendant. If the litigation continues, the Court will have to decide a number of critical legal and factual issues, including whether the plaintiffs have enough favorable evidence to proceed to trial, whether UBSFS committed any wrongs, and whether investors were damaged. If the case were to go to trial, the parties disagree about whether the plaintiffs would win. If plaintiffs won at trial, the parties disagree about the amount the plaintiffs could recover on behalf of themselves and the Class Members. It is possible that the plaintiffs could recover nothing at trial, or that UBSFS could substantially offset any damages by showing that those damages were due to the fault of others, including Lehman officers and directors who previously settled claims against them. It is also possible that any favorable verdict could be reversed on appeal, or that other Court rulings in the case could be reversed. The Settlement avoids the cost, risks and uncertainties of continuing with the litigation, and ensures that the investors who lost money on these investments will recover a portion of their losses. The representative plaintiffs and their attorneys believe the Settlement is fair and reasonable, and is in the best interests of all Class Members.

| 5. | I've received notices about this case before. How is this one different? |
|---|---|

You may have received prior class settlement notices in connection with the settlement of claims involving other Lehman securities than the Structured Products or in connection with the settlement of claims against other defendants involving the Structured Products. This Notice is different because it discusses a settlement of the claims brought against UBSFS on behalf of investors in the Structured Products. This Settlement is only with UBSFS, and does not involve any of the other defendants in the case. The prior settlements resolved claims against Lehman's directors and officers, as well as against various financial institutions acting as underwriters of other securities offerings. You may have filled out a claim form and received a payment from those settlements. **To participate in this Settlement, you need to submit a new Claim Form.**

## WHO IS IN THE SETTLEMENT

| 6. | How do I know if I am part of the settlement? |
|---|---|

Subject to the exceptions listed directly below, the Settlement includes everyone who bought or otherwise acquired any of the Structured Products listed on Exhibit A and suffered damages thereby.

| 7. | Are there exceptions to being included? |
|---|---|

Yes. You are **not** a Class Member if:

- You are one of the Defendants (as defined in the Stipulation) or a current or former executive officer or director of any Defendant or a member of any of their immediate families, or an immediate family member of any of the Defendants named in the Third

Amended Class Action Complaint in *In re UBS AG Securities and ERISA Litigation*, Case No. 09-MD-2017 (S.D.N.Y.);[1] or

- You represent an entity in which a Defendant owns a majority interest, provided, however, that you are not excluded if you are an investment company or pooled investment fund, including without limitation mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which any Defendant has or may have a direct or indirect interest, or as to which it or its affiliates may act as an investment advisor but in which Defendant or any of its affiliates is not a majority owner or does not hold a majority beneficial interest;

- You litigated claims against UBSFS relating to the Structured Products in any forum and received a judgment; or

- You settled and released claims against UBSFS arising out of the purchase of the Structured Products; or

- You are the legal representative, heir, successor or assign of an excluded party; or

- You exclude yourself by submitting a request for exclusion that complies with the requirements and deadline set forth in the response to question 14 below.

| | |
|---|---|
| **8.** | **I'm still not sure if I am included.** |

If you are still not sure whether you are a Class Member, you can ask for free help. You can call 888-211-3565 or visit website.com for more information. You may also want to contact your broker to find out if you bought any of the Structured Products.

### THE SETTLEMENT BENEFITS—WHAT YOU RECEIVE

| | |
|---|---|
| **9.** | **What does the Settlement provide?** |

UBSFS will pay $120 million into a settlement fund, and will have no further legal or financial obligation with respect to the Settlement fund. The distribution of the Settlement Fund is described in the response to question 10 below.

| | |
|---|---|
| **10.** | **How much will my payment be?** |

When the Settlement is final, the Net Settlement Fund will be distributed to Class Members who submit a valid Claim Form and who make a Recognized Claim (as defined in the Plan of Allocation). After payment of any taxes and administrative costs and any attorneys' fees and expenses awarded by the Court, the Class Members will receive payments in accordance with the proposed Plan of Allocation, a copy of which is attached as Exhibit B to this Notice. Your share of the Net Settlement Fund will depend on whether you have a Recognized Claim (as defined in the Plan of Allocation) and for what amount, the number of valid Claim Forms that are submitted, and the total of all Class Members' Recognized Claims.

You can use the proposed Plan of Allocation to calculate your "Recognized Claim." It is unlikely that you will receive the full amount of your Recognized Claim, however, because your payment will depend on the number of valid Claim Forms that are received and the total of all Class Members' Recognized Claims.

### HOW YOU RECEIVE A PAYMENT—SUBMITTING A CLAIM FORM

| | |
|---|---|
| **11.** | **How can I receive a payment?** |

You will have to submit a Claim Form to receive a payment from the Net Settlement Fund. A Claim Form is included with this Notice. You can also visit website.com to obtain a Claim Form, complete and file a Claim Form online or call 888-211-3565 to request that a Claim Form be mailed to you. Please retain all records of your ownership of Structured Products because they may be needed to document your claim. **Claim Forms must be postmarked by DATE or filed online by midnight on DATE**.

| | |
|---|---|
| **12.** | **When would I receive my payment?** |

The Court will hold a hearing on **DATE, 2013**, to decide whether to approve the Settlement. If the Court approves the Settlement, the claims administrator will review all of the Claim Forms to determine how much each claimant will receive. The claims administrator expects to process all claims within six months of the deadline to file a claim.

| | |
|---|---|
| **13.** | **What am I giving up to receive a payment or stay in the class?** |

You must stay in the Settlement class to receive a payment when the Settlement is final. By staying in the class, you will give up any right you may have to sue, continue to sue, or be part of any other lawsuit, arbitration or administrative action against UBSFS, as well as the Released Parties (as defined in the Stipulation). The full text of the release of UBSFS and the Released Parties is set forth in the Stipulation, which you may obtain at website.com or by calling 888-211-3565. You will also be bound by the Court's orders in this case, including the final judgment.

### YOU MAY EXCLUDE YOURSELF FROM THE SETTLEMENT

| | |
|---|---|
| **14.** | **How do I exclude myself from the class and the Settlement?** |

Any request for exclusion from the class must be in writing, and must be delivered by hand, overnight delivery service, or First-Class Mail, postage paid to the following address:

---

[1] A copy of the complaint is available at website.com

(STRUCTURED PRODUCTS LITIGATION)
CLAIMS ADMINISTRATOR
EXCLUSIONS
c/o A.B. DATA, LTD.
3410 WEST HOPKINS STREET
MILWAUKEE, WI 53216

The request for exclusion must be received at this address no later than **DATE, 2013**. The request for exclusion must be signed by the person requesting exclusion and must include the following information: (a) your name and the name of the purchasing entity if it is different, address, telephone number and, if applicable, e-mail addresses; (b) the CUSIP numbers of the Structured Product(s) you purchased or acquired, the amount you purchased or acquired, and the date of each purchase or acquisition; (c) the CUSIP numbers of the Structured Product(s) you sold, if any, the amount you sold, and the date of each sale; and (d) a statement that you wish to be excluded from the Settlement class.

### 15. What are the consequences if I exclude myself?

If you exclude yourself from the class—which is sometimes called "opting out" of the class—you will not be eligible to receive any cash payment under this Settlement. If you exclude yourself, you will not be legally bound by the Court's orders in the case, including the release of claims and the Court's final judgment, and you will not receive any payment from the Settlement. If you exclude yourself, you will not be barred from pursuing your separate claim, if any, for damages against UBSFS or the Released Parties.

### 16. If I don't exclude myself, can I sue UBSFS for the same thing later?

No. If you remain a member of the class, you are giving up any right to sue UBSFS, or any of the other Released Parties for any of the Released Claims, as those terms are described in the Stipulation.

### 17. If I exclude myself, will I receive a payment from this Settlement?

No. If you exclude yourself, you will not receive any payment from this Settlement.

### THE LAWYERS REPRESENTING YOU

### 18. Do I have a lawyer in this case?

The Court has appointed the law firm of Girard Gibbs LLP to represent you and the other Class Members. This law firm is called Class Counsel. You can reach Class Counsel by calling 866-981-4800 and identifying yourself as a member of the Settlement class in this matter. You will not be charged directly for the services provided by these lawyers. Their fees will be paid from the Settlement Fund in an amount to be approved by the Court, as described in the response to question 19. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 19. How will the lawyers be paid?

Class Counsel have prosecuted this matter on an entirely contingent basis since 2008. When they ask the Court to approve the Settlement, Class Counsel will also ask the Court to approve a payment of 22 percent of the Settlement Fund for attorneys' fees, or approximately $26.3 million. Class Counsel will also ask the Court to approve payment of up to $1,000,000 for the expenses they and the Structured Products Class Representatives have incurred. The Court will decide whether to approve these payments and may award less than these amounts. Class Counsel will be paid when the Court's order is no longer subject to appeal, except that, upon application of Class Counsel, the Court may authorize payment after approval of the Settlement, in such amounts and on such terms as the Court finds appropriate. These amounts will be paid from the Settlement Fund and will reduce the total amount of the fund distributed to Class Members. In addition, Class Counsel will ask the Court to approve payment to the claims administrator of reasonable costs for administering the Settlement under the Court's supervision. Class Counsel anticipate that these administration costs will not exceed $500,000. The administration costs will also be paid from the Settlement Fund before any distribution to Class Members.

### COMMENTING ON THE SETTLEMENT

You may tell the Court that you agree or do not agree with the Settlement or any part of it.

### 20. How do I tell the Court what I think about the Settlement?

If you are a member of the class, you can submit a comment in support of or objecting to the Settlement. You must give reasons why you think the Court should or should not approve it and include copies of any papers, briefs or other documents upon which any objection is based. The Court will consider your views. To submit a comment, you must send a letter that includes the name of the case—*In re Lehman Brothers Equity/Debt Securities Litigation*, Case No. 08-cv-5523 (S.D.N.Y.)—as well as your name, address and telephone number, the reasons you support or object to the Settlement, and your signature. To object, you must also provide (1) the CUSIP numbers of the Structured Products you purchased or acquired, the amount you purchased or acquired, and the date of each purchase or acquisition (and include brokerage confirmation receipts or other competent evidence of the transactions); (2) the CUSIP numbers of the Structured Products you sold, the amount you sold, and the date of each sale (and include brokerage confirmation receipts or other competent evidence of the transactions); (3) a list of all other cases in which you have appeared as a Settlement objector in the last five years; and (4) a list of all other cases in which your counsel has appeared as counsel for Settlement objectors in the last five years. Your objection must include your signature, even if you are represented by counsel.

If you do not present your views in writing in compliance with these procedures by the deadline, your views will not be considered, and you will waive any objections you have.

Mail your comment to each of these three addresses, postmarked no later than DATE, 2013:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>for the Southern District of New York<br>500 Pearl Street<br>New York, NY 10007-1312 | Daniel C. Girard<br>GIRARD GIBBS LLP<br>601 California Street, 14th Floor<br>San Francisco, CA 94108 | Jonathan C. Dickey and Marshall R. King<br>GIBSON DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166 |

### 21.  What is the difference between objecting and excluding?

Objecting is simply telling the Court that you are opposed to the Settlement.  You can object only if you stay in the class.  Excluding yourself is telling the Court that you do not want to be part of the class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will have a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you do not have to do so.

### 22.  When and where will the Court decide whether to approve the Settlement?

The Court will have a fairness hearing on **DATE, 2013**, at _____ _.m. in Courtroom 21B of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court may also decide how much to pay in fees and expenses to the Court-appointed attorneys for the class.  The Court will listen to people who have asked to speak at the hearing or object to the fairness of the Settlement or the fee award, and who have complied with the Court's order concerning the submission of objections prior to the Settlement hearing.  At or after the hearing, the Court will decide whether to approve the Settlement.  The Court may change the time or date for the fairness hearing without further notice.  If you wish to attend the fairness hearing and would like to know if the date and time of the hearing have changed, you may contact Class Counsel.

### 23.  Do I have to come to the fairness hearing?

No.  Class Counsel will answer any questions the Court may have.  You may attend at your own expense or you can pay your lawyer to attend, but it is not necessary.  If you send a written comment or objection, you do not have to come to Court to talk about it.  As long as you mailed your written comment or objection on time and in compliance with the requirements described in response to question 20, the Court will consider it.  However, if you do not present your written views in compliance with these procedures by the deadline, your views will not be considered, and you will waive any objections you have.

### 24.  May I speak at the fairness hearing?

If you do not exclude yourself, you may ask the Court for permission to speak at the fairness hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re Lehman Brothers Equity/Debt Securities Litigation*, Case No. 08-cv-5523 (S.D.N.Y.)."  You must include your name, address, telephone number and signature, state the position you intend to present at the hearing, list any witnesses you may call to testify and exhibits you intend to introduce into evidence at the hearing and identify all attorneys representing you who will appear at the hearing.  Your Notice of Intention to Appear must be sent to the Clerk of the Court, Class Counsel and Defense Counsel at the three addresses provided in the response to question 20 above, and must be received no later than **Month 00, 2013**.

## IF YOU DO NOTHING

### 25.  What happens if I do nothing?

If you do nothing, you will not receive a payment from the Settlement.  In addition, you will not be able to start, continue with, benefit from, or be part of any other lawsuit, arbitration or administrative action against UBSFS or any of the other Released Parties for any of the Released Claims, as those terms are described in the Stipulation.

## GETTING MORE INFORMATION

### 26.  Are there more details about the Settlement?

This Notice provides only a summary of the proposed Settlement.  For more details, you may review the Stipulation and other documents from the case at website.com.  You may also contact Class Counsel by writing to Daniel C. Girard, Girard Gibbs LLP, 601 California Street, 14th Floor, San Francisco, CA 94108, or calling 866-981-4800.

### 27.  How do I get more information?

For more information about the Settlement, you can call 888-211-3565 toll free, visit website.com, or write to:  *In re Lehman Brothers Equity/Debt Securities Litigation* (**STRUCTURED PRODUCTS LITIGATION**), **CLAIMS ADMINISTRATOR, c/o A.B. DATA, LTD., PO BOX 170900, MILWAUKEE, WI 53217, info@website.com.**

Please do not contact the Court with questions about the Settlement.

DATE:  MONTH 00, 2013

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT A TO NOTICE

08-13555-smg    Doc 42124-8    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
through I to Crowley Declaration    Pg 93 of 153
Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 09/11/13    Page 88 of 124

# EXHIBIT A
## LIST OF STRUCTURED PRODUCTS

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 01 | March 30, 2007 | 52520W564 524908VP2 | 100% Principal Protection Notes Linked to a Global Index Basket | $10.00 | $1.33 |
| 02 | March 30, 2007 | 52520W556 524908VQ0 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 03 | April 30, 2007 | 52517PY21 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 04 | April 30, 2007 | 52517PX63 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 05 | April 30, 2007 | 52520W549 | 100% Principal Protection Notes Linked to a Currency Basket | $10.00 | $1.33 |
| 06 | April 30, 2007 | 52520W515 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 07 | May 31, 2007 | 52517PY62 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 08 | May 31, 2007 | 52517PY70 | 100% Principal Protection Callable Daily Range Accrual Notes with Interest Linked to the 10-Year Constant Maturity U.S. Treasury Rate | $1,000.00 | $133.38 |

---

[1] Because reliable pricing data was not available for any of the Structured Products after Lehman's bankruptcy on September 15, 2008, the average closing prices for five other Lehman senior unsecured notes (CUSIP Nos. 52517P4C2, 52517P5X5, 52517P5Y3, 5252M0BZ9 and 5252M0FD4), for which reliable pricing data was available, was used to estimate value per note of the Structured Products as of October 31, 2008. October 31, 2008 is the date on which the first lawsuit asserting claims on behalf of investors in the Structured Products was filed.

08-13555-smg   Doc 42124-3   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits F
through I to Crowley Declaration    Pg 94 of 153
Case 1:09-md-02017-LAK-GWG   Document 1290   Filed 09/11/13   Page 89 of 124

**EXHIBIT A**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 09 | May 31, 2007 | 52520W440 | 100% Principal Protection Notes Linked to a Currency Basket | $10.00 | $1.33 |
| 10 | June 22, 2007 | 52522L202 | 100% Principal Protection Notes Linked to a Global Index Basket | $10.00 | $1.33 |
| 11 | June 29, 2007 | 52517P2P5 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 12 | June 29, 2007 | 52520W390 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 13 | July 31, 2007 | 52517P3H2 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 14 | July 31, 2007 | 52520W358 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 15 | August 31, 2007 | 52522L129 | Performance Securities with Contingent Protection Linked to the S&P 500 Index | $10.00 | $1.33 |
| 16 | August 31, 2007 | 52522L137 | Performance Securities with Contingent Protection Linked to the Dow Jones EURO STOXX 50 Index | $10.00 | $1.33 |
| 17 | August 31, 2007 | 52522L145 | Performance Securities with Contingent Protection Linked to the Nikkei 225 Index | $10.00 | $1.33 |
| 18 | August 31, 2007 | 52522L186 | 100% Principal Protection Notes Linked to an International Index Basket | $10.00 | $1.33 |
| 19 | August 31, 2007 | 52522L889 | 100% Principal Protection Notes Linked to a Global Index Basket | $10.00 | $1.33 |

2

# EXHIBIT A
## LIST OF STRUCTURED PRODUCTS

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 20 | September 18, 2007 | 52522L251 | Autocallable Optimization Securities with Contingent Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 21 | September 28, 2007 | 52522L236 | Return Optimization Securities Linked to an International Index Basket | $10.00 | $1.33 |
| 22 | September 28, 2007 | 52522L244 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 23 | September 28, 2007 | 52517P5K3 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 24 | October 31, 2007 | 52520W341 | Medium-Term Notes, Series I, 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 25 | October 31, 2007 | 52522L400 | 100% Principal Protection Barrier Notes Linked to FTSE/Xinhua China 25 Index | $10.00 | $1.33 |
| 26 | October 31, 2007 | 52522L293 | 100% Principal Protection Absolute Return Barrier Notes Linked to the S&P 500 Index | $10.00 | $1.33 |
| 27 | October 31, 2007 | 52522L301 | Return Optimization Securities Linked to an Index | $10.00 | $1.33 |
| 28 | October 31, 2007 | 52522L319 | Return Optimization Securities Linked to an Index | $10.00 | $1.33 |
| 29 | October 31, 2007 | 52522L327 | Return Optimization Securities Linked to an Index | $10.00 | $1.33 |
| 30 | October 31, 2007 | 52522L335 | Return Optimization Securities Linked to an Index | $10.00 | $1.33 |

**EXHIBIT A**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 31 | October 31, 2007 | 52522L384 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 32 | November 7, 2007 | 52522L418 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Index | $10.00 | $1.33 |
| 33 | November 14, 2007 | 52522L426 | Performance Securities with Partial Protection Linked to an International Index Basket | $10.00 | $1.33 |
| 34 | November 26, 2007 | 52522L475 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 35 | November 30, 2007 | 52520W333 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 36 | November 30, 2007 | 52522L376 | 100% Principal Protection Absolute Return Barrier Notes Linked to the MSCI EAFE Index | $10.00 | $1.33 |
| 37 | November 30, 2007 | 52522L392 | Return Optimization Securities Linked to an International Index Basket | $10.00 | $1.33 |
| 38 | November 30, 2007 | 52522L459 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Index | $10.00 | $1.33 |
| 39 | December 31, 2007 | 52522L483 | Return Optimization Securities Linked to an International Index Basket | $10.00 | $1.33 |
| 40 | December 31, 2007 | 52522L491 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Index | $10.00 | $1.33 |
| 41 | December 31, 2007 | 52522L533 | Performance Securities with Partial Protection Linked to a Global Basket Consisting of Indices and an Index Fund | $10.00 | $1.33 |

# EXHIBIT A
## LIST OF STRUCTURED PRODUCTS

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 42 | January 31, 2008 | 52517P4N8 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 43 | January 31, 2008 | 52520W325 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 44 | January 31, 2008 | 52522L525 | 100% Principal Protection Absolute Return Barrier Notes Linked to the S&P 500 Index | $10.00 | $1.33 |
| 45 | February 8, 2008 | 52522L657 | Autocallable Optimization Securities with Contingent Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 46 | February 13, 2008 | 52522L673 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 47 | February 13, 2008 | 52522L699 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 48 | February 13, 2008 | 52522L707 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 49 | February 13, 2008 | 52522L715 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 50 | February 13, 2008 | 52522L723 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 51 | February 29, 2008 | 5252M0CZ8 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 52 | February 29, 2008 | 52522L632 | Performance Securities Linked to an Asian Currency Basket | $10.00 | $1.33 |

08-13555-smg  Doc 42124-3  Filed 01/22/14  Entered 01/22/14 12:09:42  Exhibits F
through I to Crowley Declaration    Pg 98 of 153
Case 1:09-md-02017-LAK-GWG  Document 1290  Filed 09/14/13  Page 53 of 124

**EXHIBIT A**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 53 | February 29, 2008 | 52522L574 | Return Optimization Securities with Partial Protection Notes Linked to the S&P 500 Index | $10.00 | $1.33 |
| 54 | February 29, 2008 | 52522L582 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 55 | February 29, 2008 | 52522L566 | 100% Principal Protection Absolute Return Barrier Notes Linked to the Russell 2000 Index | $10.00 | $1.33 |
| 56 | February 29, 2008 | 52522L772 | Securities Linked to the Relative Performance of the Consumer Staples Select Sector SPDR Fund vs. the Consumer Discretionary Select Sector SPDR Fund | $10.00 | $1.33 |
| 57 | February 29, 2008 | 52523J412 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 58 | March 7, 2008 | 52523J420 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 59 | March 19, 2008 | 52523J115 | 100% Principal Protection Absolute Return Barrier Notes Linked to the SPDR S&P Homebuilders ETF | $10.00 | $1.33 |
| 60 | March 25, 2008 | 52523J149 | Bearish Autocallable Optimization Securities with Contingent Protection Linked to the Energy Select Sector SPDR Fund | $10.00 | $1.33 |
| 61 | March 28, 2008 | 52523J131 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 62 | March 31, 2008 | 5252M0EK9 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |

6

**EXHIBIT A**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 63 | March 31, 2008 | 52523J438 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 64 | March 31, 2008 | 52522L806 | Return Optimization Securities with Partial Protection Notes Linked to the S&P 500 Index | $10.00 | $1.33 |
| 65 | March 31, 2008 | 52522L814 | Return Optimization Securities with Partial Protection Notes Linked to the MSCI EM Index | $10.00 | $1.33 |
| 66 | March 31, 2008 | 52522L871 | Bearish Autocallable Optimization Securities with Contingent Protection Linked to the Energy Select Sector SPDR Fund | $10.00 | $1.33 |
| 67 | March 31, 2008 | 5252M0EV5 | 100% Principal Protection Accrual Notes with Interest Linked to the Year-Over-Year Change in the Consumer Price Index | $1,000.00 | $133.38 |
| 68 | March 31, 2008 | 52522L798 | 100% Principal Protection Absolute Return Barrier Notes Linked to the Russell 2000 Index | $10.00 | $1.33 |
| 69 | April 4, 2008 | 52522L848 | Return Optimization Securities Linked to a Basket of Global Indices | $10.00 | $1.33 |
| 70 | April 4, 2008 | 52522L830 | 100% Principal Protection Absolute Return Barrier Notes Linked to a Basket of Global Indices | $10.00 | $1.33 |
| 71 | April 23, 2008 | 52523J172 | Return Optimization Securities with Partial Protection Linked to a Basket of Global Indices | $10.00 | $1.33 |
| 72 | April 30, 2008 | 52523J156 | 100% Principal Protection Absolute Return Barrier Notes Linked to the Russell 2000 Index | $10.00 | $1.33 |
| 73 | May 12, 2008 | 52523J503 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |

08-13555-smg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits F
through I to Crowley Declaration    Pg 100 of 153
Case 1:09-md-02014-AK-SWG    Document 1290    Filed 09/11/13    Page 53 of 134
## EXHIBIT A
## LIST OF STRUCTURED PRODUCTS

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 74 | May 15, 2008 | 52523J206 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 75 | May 16, 2008 | 52523J222 | Return Optimization Securities with Partial Protection Linked to a Portfolio of Common Stocks | $10.00 | $1.33 |
| 76 | May 21, 2008 | 52523J214 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 77 | May 30, 2008 | 52523J230 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 78 | June 16, 2008 | 52520W283 | 100% Principal Protection Absolute Return Notes Linked to the Euro/U.S. Dollar Exchange Rate | $10.00 | $1.33 |
| 79 | June 20, 2008 | 5252M0FU6 | 100% Principal Protection Notes with Interest Linked to the Year-Over-Year Change in the Consumer Price Index | $1,000.00 | $133.38 |
| 80 | June 30, 2008 | 5252M0CD7 | 100% Principal Protection Notes with Interest Linked to the Year-Over-Year Change in the Consumer Price Index | $1,000.00 | $133.38 |
| 81 | June 30, 2008 | 52523J263 | Return Optimization Securities with Partial Protection Linked to the PowerShares WilderHill Clean Energy Portfolio | $10.00 | $1.33 |
| 82 | June 30, 2008 | 524935129 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |

Case 1:09-md-02017-LAK-GWG    Document 1290    Filed 09/11/13    Page 56 of 124

**EXHIBIT A**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 83 | June 30, 2008 | 52523J248 | 100% Principal Protection Absolute Return Barrier Notes | $10.00 | $1.33 |
| 84 | June 30, 2008 | 52523J255 | 100% Principal Protection Absolute Return Barrier Notes | $10.00 | $1.33 |

Case 1:09-md-02017-LAK-GWG    Document 1290    Filed 09/11/13    Page 97 of 124

# EXHIBIT B TO NOTICE

08-13555-mg   Doc 42124-8   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits E
through I to Crowley Declaration   Pg 103 of 153
Case 1:09-md-02017-LAK-GWG   Document 1290   Filed 12/04/14   Page 53 of 124

## PLAN OF ALLOCATION FOR THE NET SETTLEMENT FUND

### Purpose And Overview Of The Plan

Subject to the Court's approval, this Plan of Allocation ("Plan") specifies the method by which settlement money will be allocated among all class members entitled to such allocations. As discussed in more detail below, the allocation to each such class member is based on that person's "Recognized Claim," which will be calculated from the person's transactions in the Structured Products listed on Exhibit A to the notice.

**Even if you have already submitted a claim form in connection with an earlier settlement in any Lehman-related litigation, you must submit a new claim form to participate in this settlement.**

Under the Stipulation of Settlement and Release dated September 11, 2013 ("Stipulation"), $120,000,000 in cash will be provided for the benefit of the class. This money, plus any income or interest earned on it, will first be applied to pay taxes and Court-approved notice and administrative costs and attorneys' fees and expenses. The remaining balance is called the "Net Settlement Fund." The Net Settlement Fund will be allocated among all class members who (i) submit a timely and valid claim form and (ii) have a Recognized Claim. These class members are called "Authorized Claimants."

Assuming you are an Authorized Claimant, the amount of your allocation will be a *pro rata* share of the Net Settlement Fund, based on the amount of your Recognized Claim. What this means is that you will be allocated a percentage of the Net Settlement Fund equal to the percentage that your Recognized Claim represents in relation to the total of all Authorized Claimants' Recognized Claims. In other words, if your Recognized Claim is *X* percent of the total of all Recognized Claims, you will be allocated *X* percent of the Net Settlement Fund. Note that your Recognized Claim is not intended to be an estimate of the amount you will be paid under this settlement, or the amount you might have been able to recover after trial.

### Determining Your Recognized Claim

If you submit a timely and valid claim form, the Claims Administrator will proceed to determine whether you have a Recognized Claim and its amount according to the following steps.

A.   Calculation of losses and gains for each Structured Product. If you purchased or acquired a Structured Product, your losses and gains will be calculated as follows:

(1)   *If you purchased a Structured Product and sold it prior to September 15, 2008*, your loss for that note is zero and your gain for that note is zero.

(2)   *If you purchased a Structured Product prior to September 15, 2008 and sold it between September 15, 2008 and October 31, 2008 (inclusive)*, your loss or gain for that note is the lesser of (i) the price you paid for the note minus the sale price; or (ii) the issue price of the note (listed on Exhibit A) minus the sale price.

08-13555-smg Doc 42124-8 Filed 01/22/14 Entered 01/22/14 12:09:42 Exhibits F through I to Crowley Declaration Pg 104 of 153

Case 1:09-md-02017-LAK-GWG Document 1250 Filed 06/11/14 Page 59 of 124

(3)    *If you purchased a Structured Product prior to September 15, 2008 and sold it after October 31, 2008*, your loss or gain for that note is the lesser of (i) the price you paid for the note minus either the sale price or the note's estimated value on October 31, 2008 (listed on Exhibit A), whichever is greater; or (ii) the issue price of the note (listed on Exhibit A) minus either the sale price or the note's estimated value on October 31, 2008 (listed on Exhibit A), whichever is greater.

(4)    *If you purchased a Structured Product prior to September 15, 2008 and still own it as of the date you submit your claim form*, your loss or gain for that note is the lesser of (i) the price you paid for the note minus the note's estimated value on October 31, 2008 (listed on Exhibit A); or (ii) the issue price of the note (listed on Exhibit A) minus the note's estimated value on October 31, 2008 (listed on Exhibit A).

(5)    *If you purchased a Structured Product after September 15, 2008*, your loss for that note is zero and your gain for that note is zero.

B.    <u>Multiple purchases and sales of the same Structured Product</u>.  If you bought a particular Structured Product more than once and sold that Structured Product more than once, your purchases and sales of that Structured Product will be matched on a first-in, first-out basis.  Sales will be matched against purchases of the same security in chronological order, beginning with the earliest purchase.  The losses and gains for such purchase-sale matches will then be calculated according to Part A above.  Purchases and sales shall be deemed to have occurred on the "contract" or "trade" date, not the "settlement" or "payment" date.

C.    <u>Treatment of Structured Products acquired by means of a gift, inheritance, or operation of law</u>. If you acquired any Structured Products by means of a gift, inheritance, or operation of law, the purchase date for that acquisition will be the original date of purchase and not the date of transfer, unless the transfer resulted in a taxable event or other change in the cost basis of those Structured Products.

D.    <u>Calculation of Recognized Claim</u>.  Your individual losses and gains will be calculated, as described above, for all purchases and acquisitions of Structured Products that you properly report on a valid claim form.  These losses and gains (if any) will then be summed.  If the result is a loss of $10.00 or more, and you did not receive restitution under the FINRA consent decree described in Part E below, then that loss is your Recognized Claim.  If the result is a loss of less than $10.00 or a gain, you do not have a Recognized Claim and are not entitled to a share of the settlement money.

E.    <u>FINRA restitution</u>.  In April 2011, UBS Financial Services Inc. entered into a consent decree with the Financial Industry Regulatory Authority (FINRA) under which UBS Financial Services Inc. provided restitution to certain class members.  If the summing of your individual losses and gains as described in Part D above results in a loss of $10.00 or more, and you received any restitution under the consent decree, then the loss will be offset by the restitution you received.  If the result is still a loss of $10.00 or more, then

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits E
through I to Crowley Declaration    Pg 105 of 153
Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 09/11/13    Page 105 of 124

that loss is your Recognized Claim.  If the result is a loss of less than $10.00 or a gain, you do not have a Recognized Claim and are not entitled to a share of the settlement money.

F.       Net Loss Under $10.00.  As stated above, if you have a net loss and it is less than $10.00, you do not have a Recognized Claim and will not be entitled to an allocation or distribution of settlement money.  As net losses of less than $10.00 are not Recognized Claims, they will be excluded from the calculation of the Recognized Claim total that is necessary for making *pro rata* allocations to Authorized Claimants.

## Distribution Of The Net Settlement Fund

The Claims Administrator will distribute the Net Settlement Fund among all Authorized Claimants according to the Plan after the Court has given final approval of the Settlement and the Plan, the Judgment becomes Final, and all claims have been processed.  The Claims Administrator will make this distribution by mailing each Authorized Claimant a check in the amount of the person's *pro rata* allocation,  described above under the heading "Purpose And Overview Of The Plan."  If any distributable balance remains in the Net Settlement Fund by reason of uncashed checks or otherwise one year after the initial distribution, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, then that balance shall be redistributed on a *pro rata* basis among those Authorized Claimants who have cashed their checks and who would receive at least $10.00 from the redistribution, after payment of any additional costs or fees incurred in administering the Net Settlement Fund for the redistribution.

If six months after the redistribution any balance still remains in the Net Settlement Fund, and Class Counsel have determined that a further redistribution would be uneconomical, Class Counsel shall seek an order approving the contribution of the balance to one or more non-sectarian, not-for-profit, 501(c)(3) organizations.  Class Counsel's motion shall identify at least three proposed recipients.  The proposed recipients shall have been selected by one or more of the following individuals:  the President of the New York City Bar Association, the President of the New York State Bar Association, and the President of the American Bar Association.  The proposed recipients shall not include any organization listed in the preceding sentence and shall be independent of Class Counsel so that Class Counsel does not derive a direct or indirect benefit from the selection of such organization as the recipient of a charitable contribution.  Class Counsel's motion will include a declaration detailing the means by which the proposed recipients were selected.

The Court has reserved jurisdiction to allow, disallow or adjust on equitable grounds any claim. The Court also reserves the right to modify this Plan without further notice to class members. Payment pursuant to the Court-approved Plan shall be conclusive against all Authorized Claimants.  No person shall have any claim against any of the Released Parties, the Structured Products Class Representatives, Structured Products Plaintiffs' Counsel, the Claims Administrator, or any other agents designated by counsel based on distributions made

Case 1:09-md-02017-LAK-GWG   Document 1250   Filed 09/11/13   Page 151 of 214
08-13555-mg   Doc 42124-3   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits E
through I to Crowley Declaration   Pg 106 of 153

substantially in accordance with the terms of the Stipulation, the Plan, or any further orders of the Court.

**REMEMBER:** You must file a timely claim form to receive a payment from the Net Settlement Fund. If you do not timely file a claim form in accordance with the terms of the Stipulation, you will not receive a payment from the Net Settlement Fund, but you will still be bound by the Settlement and the Final Judgment entered by the Court.

If you have any questions about the Plan or the calculation of your Recognized Claim, please contact the Claims Administrator at 1-888-211-3565 or info@website.com.

# EXHIBIT B-3

08-13555-mg Doc 42124-3 Filed 01/22/14 Entered 01/22/14 12:09:42 Exhibits E
through I to Crowley Declaration Pg 108 of 153
Case 1:09-md-0204 7-LAK-GWG Document 326-1 Filed 09/11-13 Page 103 of 24

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION | Case No. 09-MD-2017 (LAK) |
| This Document Applies To: | ECF CASE |
| In re Lehman Brothers Equity/Debt Securities Litigation, 08-CV-5523-LAK | |

### PROOF OF CLAIM AND RELEASE

DEADLINE FOR SUBMISSION: _____, 2013.

***IN RE LEHMAN BROTHERS EQUITY/DEBT SECURITIES LITIGATION***
**(STRUCTURED PRODUCTS LITIGATION)**
**CLAIMS ADMINISTRATOR**
**c/o A.B. DATA, LTD.**
**PO BOX 170900**
**MILWAUKEE, WI 53217**

**info@website.com**

IF YOU BOUGHT OR ACQUIRED ANY OF THE "STRUCTURED PRODUCTS" LISTED ON EXHIBIT A TO THE NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT (THE "NOTICE"), YOU MAY BE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

Please note that this Settlement relates to securities known as "Structured Products" that were issued by Lehman Brothers Holdings Inc. and underwritten and sold by UBS Financial Services Inc. in 2007 and 2008. Even if you have already submitted a claim form in connection with an earlier settlement in any Lehman-related litigation (as described in the Notice), you must submit a new claim form to participate in this Settlement.

IT IS IMPORTANT THAT YOU READ AND UNDERSTAND THE NOTICE AND THE PLAN OF ALLOCATION INCLUDED IN THE NOTICE. THE NOTICE AND PLAN OF ALLOCATION DESCRIBE THE PROPOSED SETTLEMENT, HOW CLASS MEMBERS WILL BE AFFECTED BY THE SETTLEMENT, AND THE MANNER IN WHICH THE NET SETTLEMENT FUND WILL BE DISTRIBUTED, IF THE COURT APPROVES THE SETTLEMENT AND THE PLAN OF ALLOCATION.

You are **not** a Class Member if:

- You are one of the Defendants (as defined in the Stipulation), or a current or former executive officer or director of any Defendant or a member of any of their immediate families, or an immediate family member of any of the Defendants named in the Third Amended Class Action Complaint filed on April 23, 2010 in *In re Lehman Brothers Securities and ERISA Litigation*, Case No. 09-MD-2017 (S.D.N.Y.);[1] or
- You represent an entity in which a Defendant owns a majority interest, provided, however, that you are not excluded if you are an investment company or pooled investment fund, including without limitation mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which any Defendant has or may have a direct or indirect interest, or as to which it or its affiliates may act as an investment advisor but in which Defendant or any of its affiliates is not a majority owner or does not hold a majority beneficial interest; or
- You litigated claims against UBS Financial Services Inc. ("UBSFS") relating to the Structured Products in any forum and received a judgment; or
- You settled and released claims against UBSFS arising out of the purchase of the Structured Products; or
- You are the legal representative, heir, successor or assign of an excluded party; or
- You exclude yourself by submitting a request for exclusion that complies with the requirements and deadline set forth in the Notice.

---

[1] A copy of the complaint is available at website.com.

If you are not a Class Member, you are not eligible for any settlement benefits. Accordingly, there would be no reason for you to submit this form.

If you are a Class Member, you must complete and submit this form to be eligible for any settlement benefits.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM (THE "CLAIM FORM") AND EITHER COMPLETE AND FILE IT ONLINE AT WEBSITE.COM NO LATER THAN MIDNIGHT ON [DATE] 2013 OR MAIL IT BY FIRST-CLASS MAIL TO THE FOLLOWING ADDRESS, TO BE POSTMARKED  NO LATER THAN _____, 2013:

***IN RE LEHMAN BROTHERS EQUITY/DEBT SECURITIES LITIGATION***
**(STRUCTURED PRODUCTS LITIGATION)**
**CLAIMS ADMINISTRATOR**
**c/o A.B. DATA, LTD.**
**PO BOX 170900**
**MILWAUKEE, WI  53217**

IF YOUR ONLINE CLAIM IS NOT RECEIVED BY _____, 2013, OR YOUR CLAIM FORM IS NOT POSTMARKED BY _____, 2013, YOUR CLAIM MAY BE REJECTED AND YOU MAY NOT RECEIVE ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION.

You must submit your Claim Form only to the Claims Administrator.  A Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.  If you wish to be assured that your  Claim Form is actually received by the Claims Administrator, you should send it by Certified Mail, Return Receipt Requested.  No acknowledgment will be made as to the receipt of Claim Form.

Do not mail or deliver your Claim Form directly to the Court or to any of the parties or their counsel, as doing so does not constitute a valid submission of your claim.  Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  Distribution of the Net Settlement Fund will be governed by the Plan of Allocation for the Settlement, if it is approved by the Court, or by such other plan of allocation as the Court approves.

**STATEMENT OF CLAIM AND RELEASE**

1.  I bought or acquired one or more of the Structured Products listed on Exhibit A to the Settlement Notice for my benefit or for the benefit of the person or entity that is a Class Member.[2]

2.  By submitting this Claim Form, I state that I believe in good faith that I am a Class Member, as defined above and in the Notice, or am acting for a person or entity that is a Class Member; that I am not excluded from the Settlement Class; that I have read and understand the Notice; that I believe that I am entitled to receive a share of the Net Settlement Fund; that I elect to participate in the proposed Settlement described in the Notice; that I have not obtained a judgment or settled or released my claims against UBSFS with respect to the Structured Products listed on Exhibit A; and that I have not filed a request for exclusion.

3.  I have included below all relevant information about each purchase or acquisition, and any sales, of the Structured Products listed on Exhibit A to the Notice.

4.  In support of my claim, I have enclosed or attached copies of transaction confirmations, UBS or other brokerage account statements, relevant portions of my tax returns or other documents evidencing each purchase, acquisition, or sale of the Structured Products listed below.[3]

5.  I understand that the information in this Claim Form is subject to verification by the Claims Administrator or the Court, and I agree to cooperate in any request for verification or additional information.[4]

6.  On the Effective Date (as defined in the Stipulation of Settlement), my signature will constitute confirmation of a full and complete release by me or by any person or entity on whose behalf I am submitting this Proof of Claim of the Released Claims (as defined in the Stipulation of Settlement).

7.  NOTICE REGARDING ELECTRONIC FILES: Class Members with large numbers of transactions (greater than 50) may request or may be asked to submit information regarding their transactions in electronic files.  All Class Members MUST submit a manually signed paper Proof of Claim Form listing all their Structured Product transactions whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator by emailing efiling@abdata.com, calling 800-949-0194 or visiting the settlement website at website.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to such filer a written acknowledgment of receipt and acceptance of electronically submitted data.

---

[2] If you are acting in a representative capacity on behalf of a Class Member (*e.g.*, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member, such as letters testamentary, letters of administration, or a copy of relevant trust documents.

[3] If you do not have documentation of your purchases, acquisitions or sales of the Structured Products, please obtain documentation from your financial advisor or tax advisor, because these documents are necessary to prove and process your claim.

[4] The Claims Administrator may request additional information if it is necessary to efficiently and reliably calculate the Recognized Claim (as defined in the Plan of Allocation).  In some cases the Claims Administrator may condition acceptance of the claim on the production of additional information.

Case 1:09-md-02017-LAK-GWG Document 1316-1 Filed 09/11/13 Page 108 of 124

| For Official Use Only | | MUST BE POSTMARKED NO LATER THAN [DATE] |
|---|---|---|
| **\*Lehman Brothers\*** | | |

*In re Lehman Brothers Equity/Debt Securities Litigation*
Case No. 08-CV-5523 (LAK)
SOUTHERN DISTRICT OF NEW YORK
PROOF OF CLAIM AND RELEASE
PLEASE TYPE OR PRINT

8. <u>STATEMENT OF CLAIM</u>

Last Name (Claimant)                                                    First Name (Claimant)

Last Name (Beneficial Owner If Different From Claimant)                 First Name (Beneficial Owner)

Last Name (Co–Beneficial Owner)                                        First Name (Co–Beneficial Owner)

Company/Other Entity (If Claimant Is Not an Individual)                 Contact Person (If Claimant Is Not an Individual)

Record Owner's Name (If Different From Beneficial Owner Listed Above, *e.g.*, Brokerage Firm, Bank, Nominee, Other, etc.)

Account Number (If Claimant Is Not an Individual)                       Trust/Other Date (If Applicable)

Address Line 1

Address Line 2 (If Applicable)

City                                                State        Zip Code

Telephone Number (Day)                              Telephone Number (Night)
(        )              -                           (        )              -

Email Address [an email address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.]

○ **Check Here to Use Alternate Address for Distribution (Optional)**
Distribution Address Line 1

Distribution Address Line 2 (If Applicable)

City                                                State        Zip Code

IDENTITY OF CLAIMANT (check only one):  ○ Individual  ○ Corporation  ○ Joint Owners  ○ Estate  ○ Trust  ○ Partnership  ○ Private Pension Fund  ○ Legal Representative
○ IRA, Keogh, or Other Type of Individual Retirement Plan (indicate type of plan, mailing address, and name of current custodian on separate sheet)
○ Other (specify, describe on separate sheet) _____

Employer Identification Number (EIN for estates, trusts, corporations) | (or Social Security Number/SSN for an individual)

08-13555-amg   Doc 42124-3   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits E
through I to Crowley Declaration   Pg 111 of 153

| | | | | - | | | | | | | | | | | - | | | - | | | |

**9.   I MADE THE FOLLOWING PURCHASES OF STRUCTURED PRODUCTS LISTED ON EXHIBIT A (must be documented):**

| Product Code (see Exhibit A) | Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Notes Purchased | Purchase Price Per Note in USD | Aggregate Cost in USD (net of commissions, taxes, and fees) | Proof of Purchase Enclosed |
|---|---|---|---|---|---|
| | / / | | . | . | ◦Y ◦N |
| | / / | | . | . | ◦Y ◦N |
| | / / | | . | . | ◦Y ◦N |
| | / / | | . | . | ◦Y ◦N |
| | / / | | . | . | ◦Y ◦N |
| | / / | | . | . | ◦Y ◦N |
| | / / | | . | . | ◦Y ◦N |
| | / / | | . | . | ◦Y ◦N |

**10.   I MADE THE FOLLOWING SALES OF THE STRUCTURED PRODUCTS LISTED ON EXHIBIT A (must be documented):**

| Product Code (see Exhibit A) | Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Notes Sold | Sale Price Per Note in USD | Amount Received in USD (net of commissions, taxes, and fees) | Proof of Sale Enclosed |
|---|---|---|---|---|---|
| | / / | | . | . | ◦Y ◦N |
| | / / | | . | . | ◦Y ◦N |
| | / / | | . | . | ◦Y ◦N |
| | / / | | . | . | ◦Y ◦N |
| | / / | | . | . | ◦Y ◦N |
| | / / | | . | . | ◦Y ◦N |
| | / / | | . | . | ◦Y ◦N |
| | / / | | . | . | ◦Y ◦N |

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THE RELEVANT PAGES AND LIST ANY ADDITIONAL INFORMATION.

11. I HELD THE FOLLOWING STRUCTURED PRODUCTS IN MY ACCOUNT DURING THE PERIOD FOR WHICH I HAVE SUBMITTED THIS CLAIM FORM (must be documented):

| Product Code (see Exhibit A) | Number of Notes Held | Proof Enclosed |
|---|---|---|
| | | ○ Y<br>○ N |
| | | ○ Y<br>○ N |
| | | ○ Y<br>○ N |
| | | ○ Y<br>○ N |
| | | ○ Y<br>○ N |
| | | ○ Y<br>○ N |
| | | ○ Y<br>○ N |
| | | ○ Y<br>○ N |

12. **I received the following amount of restitution pursuant to an April 2011 consent decree between the Financial Industry Regulatory Authority (FINRA) and UBSFS**

**pertaining to certain Structured Products listed on Exhibit A:**    $ _____ . ___

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THE RELEVANT PAGES AND LIST ANY ADDITIONAL INFORMATION.

### SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter Taxpayer Identification Number below for the Beneficial Owner(s). For most individuals, this is your Social Security number. The Internal Revenue Service (IRS) requires your Taxpayer Identification Number. If you do not provide this information, your claim may be rejected.

Social Security number (for individuals)         OR         Taxpayer Identification Number (for estates, trusts, corporations, etc.)

_____ __ _____                                      _____ __ _____

Case 1:09-md-02017-LAK-GWG   Document 1290   Filed 09/11/13   Page 108 of 24

13. **CERTIFICATION**

UNDER THE PENALTY OF PERJURY, I/WE CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS CLAIM FORM IS TRUE, CORRECT AND COMPLETE.

I/We certify that I am/we are NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because:  (a) I am/We are exempt from backup withholding, or (b) I/We have not been notified by the IRS that I am/we are subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me/us that I am/we are no longer subject to backup withholding.

NOTE:  If you have been notified by the IRS that you are subject to backup withholding, please cross out the language above that says that you are not subject to backup withholding.

Executed this _____ day of _____ (month/year) in _____ (city/state).

_____     _____
Signature of Claimant                                                          Type or Print Your Name Here

_____     _____
Signature of Joint Claimant, if any                                          Type or Print Your Name Here

_____
Capacity of Person(s) Signing (*e.g.*, Beneficial Owner, Purchaser, Executor, Administrator, Trustee, etc.)

YOU MUST COMPLETE AND SIGN THIS CLAIM FORM AND EITHER FILE IT ONLINE AT WEBSITE.COM NO LATER THAN MIDNIGHT ON [DATE] 2013 OR MAIL IT BY FIRST-CLASS MAIL TO THE FOLLOWING ADDRESS, TO BE POSTMARKED NO LATER THAN _____, 2013:

*IN RE LEHMAN BROTHERS EQUITY/DEBT SECURITIES LITIGATION*
**(STRUCTURED PRODUCTS LITIGATION)**
**CLAIMS ADMINISTRATOR**
**c/o A.B. DATA, LTD.**
**PO BOX 170900**
**MILWAUKEE, WI  53217**

You should be aware that it may take up to six months from the deadline for submission of Claim Forms for the Claims Administrator to process fully all of the Claim Forms and to administer the Settlement.  This work will be completed as promptly as possible, given the need to investigate and tabulate each Claim Form.  Please be patient, and please notify the Claims Administrator of any change of address by writing to:

*IN RE LEHMAN BROTHERS EQUITY/DEBT SECURITIES LITIGATION*
**(STRUCTURED PRODUCTS LITIGATION)**
**CLAIMS ADMINISTRATOR**
**c/o A.B. DATA, LTD.**
**PO BOX 170900**
**MILWAUKEE, WI  53217**

**info@website.com**

Case 1:09-md-02017-LAK-GWG   Document 1250   Filed 09/11/13   Page 109 of 124

08-13555-mg   Doc 42124-3   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits E
through I to Crowley Declaration    Pg 114 of 153

# EXHIBIT B-4

08-13555-mg   Doc 42124-3   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits E
Case 1:09-md-02017-LAK-GWG   Document 1250   Filed 09/11/13   Page 115 of 124
through I to Crowley Declaration   Pg 115 of 153

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION | Case No. 09-MD-2017 (LAK) |
| This Document Applies To: | ECF CASE |
| In re Lehman Brothers Equity/Debt Securities Litigation, 08-CV-5523-LAK | |

## SUMMARY NOTICE OF PENDENCY OF CLASS
## ACTION AND PROPOSED SETTLEMENT

**TO: ALL PERSONS WHO BOUGHT OR OTHERWISE ACQUIRED LEHMAN BROTHERS-ISSUED STRUCTURED PRODUCTS IDENTIFIED ON EXHIBIT A TO THE NOTICE OF PENDENCY OF CLASS ACTION**

YOU ARE HEREBY NOTIFIED that a proposed settlement has been reached in this action between UBS Financial Services Inc. ("UBSFS") and a class of all persons and entities, subject to certain exclusions, who bought or otherwise acquired certain structured products that were issued by Lehman Brothers Holdings, Inc. and underwritten and sold by UBSFS in 2007 and 2008. A complete list of the structured products that are part of the settlement (the "Structured Products") is attached as Exhibit A to the full printed notice, which is available as described below. The proposed settlement, as set forth in a Stipulation of Settlement and Release, dated September 11, 2013 (the "Settlement"), is in the amount of $120,000,000.

This notice provides only a summary of matters regarding the litigation and Settlement. The full printed notice describing the litigation, the Settlement, and the rights of purchasers of the Structured Products to participate in or exclude themselves from the Settlement has been mailed to persons or entities known to be potential Settlement Class Members. If you have not yet received the full printed notice and a claim form, you may obtain copies of these documents by visiting www.website.com, calling 1-888-211-3565, or writing: Claims Administrator, c/o AB Data, Ltd., PO Box 170900, Milwaukee, WI 53217.

A hearing will be held before the Honorable Lewis A. Kaplan in Courtroom 21B of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, at [time] on [date] to determine whether the proposed Settlement should be approved by the District Court as fair, reasonable, and adequate, and to consider Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses.

**IF YOU ARE A POTENTIAL MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND OR EXCLUDE YOURSELF FROM THE SETTLEMENT.**

Case 1:09-md-02017-LAK-GWG Document 1250 Filed 09/11/13 Page 117 of 124

08-13555-smg Doc 42124-3 Filed 01/22/14 Entered 01/22/14 12:09:42 Exhibits E through I to Crowley Declaration Pg 116 of 153

To participate in the Settlement, you must submit a claim form no later than **Month, 00, 2013**.

To exclude yourself from the Settlement, you must submit a written request for exclusion. You can find the requirements for excluding yourself in the full printed notice and on www.website.com. Your exclusion must be received no later than **Month 00, 2013**. If you do not exclude yourself, your rights will be affected even if you do not submit a claim form.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Inquiries may be made to Class Counsel by calling 415-981-4800, or writing to In re Lehman Equity/Debt Securities Litigation (Structured Products Litigation), Girard Gibbs LLP, 601 California Street, 14th Floor, San Francisco, CA 94108.

By Order of the Court

Case 1:09-md-02017-LAK-GWG   Document 1250   Filed 05/11/13   Page 142 of 24

08-13555-mg   Doc 42124-3   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits E
through I to Crowley Declaration   Pg 117 of 153

# EXHIBIT C

08-13555-mg Doc 42124-3 Filed 01/22/14 Entered 01/22/14 12:09:42 Exhibits E
Case 1:09-md-02017-LAK-GWG Document 1250 Filed 09/11/13 Page 118 of 124
through I to Crowley Declaration Pg 118 of 153

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION | Case No. 09-MD-2017 (LAK) |
| This Document Applies To: | <u>ECF CASE</u> |
| In re Lehman Brothers Equity/Debt Securities Litigation, 08-CV-5523-LAK | |

**JUDGMENT AND ORDER APPROVING SETTLEMENT BETWEEN STRUCTURED**
<u>**PRODUCT PLAINTIFFS AND UBS FINANCIAL SERVICES INC.**</u>

This matter came for hearing on _____, 2013 (the "Settlement Hearing") on the application of the Settling Parties to determine (1) whether the terms and conditions of the Stipulation of Settlement (the "Stipulation" or "Settlement") between the Structured Products Class Representatives and Defendant UBS Financial Services Inc. ("UBSFS" or "Settling Defendant") dated September 11, 2013 are fair, reasonable, and adequate, and should be approved; (2) whether a final judgment should be entered (a) dismissing the Third Amended Class Action Complaint for Violations of the Federal Securities Laws (along with any predecessor version, the "Complaint") on the merits and with prejudice in favor of Settling Defendant only, and as against Settlement Class Members; (b) releasing the Released Claims as against the Settling Defendant and all other Released Parties, and (c) entering the Bar Order and judgment reduction provisions set forth in paragraphs 13 and 14 herein. The Court, having considered all matters submitted to it at the Settlement Hearing and otherwise, and it appearing

1

08-13555-mg   Doc 42124-3   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits E
Case 1:09-md-02017-LAK-GWG   Document 1250   Filed 09/11/14   Page 14 of 24
through I to Crowley Declaration   Pg 119 of 153

that a notice of the Settlement Hearing substantially in the form approved by the Court was
mailed to all persons and entities reasonably identifiable as members of the Settlement Class, and
that a summary notice of the Settlement Hearing substantially in the form approved by the
Court was published in the national edition of *The Wall Street Journal* and *Investor's Business
Daily* pursuant to the specifications of the Court;

### NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Judgment hereby incorporates by reference the definitions in the
Settlement, and all capitalized terms used herein shall have the same meaning as set forth in
the Stipulation including:

> a.      "Released Parties" shall mean Settling Defendant and any and all of its
> current and former trustees, officers, directors, partners, principals, predecessors,
> successors, assigns, attorneys, parents, affiliates, employers, employees, agents,
> subsidiaries, and any of their heirs, joint tenants, tenants in common, beneficiaries,
> executors, and administrators, but specifically does not include any other Defendants.

> b.      "Released Claims" shall mean any and all claims, rights, demands,
> liabilities and causes of action of every nature and description, to the fullest extent that
> the law permits their release in this Action, whether known claims or Unknown Claims,
> whether arising under federal, state, common or foreign law, whether class, derivative or
> individual in nature, that the Structured Products Class Representatives or any other
> member of the Settlement Class: (a) alleged in the Complaint or the Action, or (b) could
> have asserted in any forum that arise out of or are based upon or are related to the
> allegations, contentions, transactions, facts, matters or occurrences, representations or
> omissions involved, set forth, or referred to in the Complaint or the Action, including
> without limitation any claims relating to (i) alleged misrepresentations or omissions in
> connection with the recommendation, sale or marketing of Structured Products to
> Settlement Class Members, and/or (ii) the purchase, acquisition or holding of the
> Structured Products.  Notwithstanding the foregoing, the Releasing Parties, through the
> release in the Settlement, will not release: (i) any claims against Ernst & Young LLP;
> (ii) any claims or interests in the Lehman Bankruptcy Proceeding or the LBI SIPA
> Proceeding asserted by any Settlement Class Member based upon the ownership of any
> Lehman security which is entitled to a distribution under any confirmed plan of
> reorganization in the Lehman Bankruptcy Proceeding because of such ownership; or (iii)
> claims relating to the enforcement of the Settlement.

2

2.      This Court has jurisdiction to enter this Judgment. The Court has jurisdiction

over the subject matter of the Action and over all parties to the Action, including all

Settlement Class Members.

3.      The Court hereby affirms its findings in its Order Concerning Proposed

Settlement with UBS Financial Services Inc., dated _____, 2013 (the "Preliminary

Order"), that for purposes of the Settlement only, the prerequisites for a class action under

Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number

of Settlement Class Members is so numerous that joinder of all members thereof is

impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the

claims of the Structured Products Class Representatives are typical of the claims of the

Settlement Class; (d) the Structured Products Class Representatives and Structured Products

Class Counsel will fairly and adequately represent the interests of the Settlement Class; (e) the

questions of law and fact common to the Settlement Class predominate over any questions

affecting only individual members of the Settlement Class; and (f) a class action is superior to

other available methods for the fair and efficient adjudication of the controversy.

4.      The Court further affirms its determinations in the Preliminary Order and

finally certifies, for purposes of the Settlement only, pursuant to Federal Rules of Civil

Procedure 23(a) and 23(b)(3), that the Action shall proceed as a class action on behalf of all

persons and entities that bought or otherwise acquired any of the Structured Products set forth in

Exhibit A to the Preliminary Order and who were damaged thereby ("Settlement Class").

Excluded from the Settlement Class are (i) Defendants; (ii) current and former executive officers

and directors of each Defendant, and the members of their immediate families; (iii) the members

3

of Defendants' immediate families; (iv) any entity in which a Defendant owns a majority

interest, provided, however, that the Settlement Class shall include any investment company or

pooled investment fund, including without limitation mutual fund families, exchange-traded

funds, fund of funds and hedge funds, in which any Defendant has or may have a direct or

indirect interest, or as to which it or its affiliates may act as an investment advisor but in which

the Defendant or any of its affiliates is not a majority owner or does not hold a majority

beneficial interest; (v) Lehman; (vi) any person or entity that has (a) litigated claims in any

forum against UBSFS arising out of the purchase of Structured Products and received a

judgment, or (b) settled and released claims against UBSFS arising out of the purchase of

Structured Products (as identified on a confidential Exhibit which has been produced by UBSFS

on a confidential basis to the Claims Administrator); and (vii) the legal representatives, heirs,

successors or assigns of any excluded  party.  Also excluded from the Settlement Class are the

persons and entities that timely and validly requested exclusion from the Settlement Class as

listed on the attached Exhibit 1.

     5.     Pursuant to Federal Rule of Civil Procedure 23, for purposes of the Settlement

only, this Court affirms its findings in the Preliminary Order that the Structured Products

Class Representatives are adequate class representatives and finally certifies Mohan Ananda,

Richard Barrett, Ed Davis, Neel Duncan, Rick Fleischman, Nick Fotinos, Gastroenterology

Associates, Ltd. Profit Sharing Plan and Trust FBO Charles M. Brooks, MD, Stephen Gott,

Karim Kano, David Kotz, Barbara Moskowitz, Ronald Profili, Joseph Rottman, Shea-Edwards

Limited Partnership, Juan Tolosa, Grace Wang and Miriam Wolf as Settlement Class

Representatives.

6.      Having considered the factors described in Federal Rule of Civil Procedure 23(g), the Court hereby appoints the law firm of Girard Gibbs LLP as Structured Products Class Counsel.

7.      Notice of the pendency of this Action as a class action and of the proposed Settlement was given to potential Settlement Class Members in accordance with the Court's Preliminary Order. The form and method of notifying potential Settlement Class Members of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Federal Rule of Civil Procedure 23, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and the Constitution of the United States, and constituted the best notice practicable under the circumstances.

8.      Pursuant to and in compliance with Federal Rule of Civil Procedure 23, the Court hereby finds that due and adequate notice of these proceedings was directed to all potential Settlement Class Members, advising them of the Settlement, of Structured Products Class Counsel's intent to apply for attorneys' fees and reimbursement of Litigation Expenses associated with the Action, and of their right to object thereto, and that a full and fair opportunity was accorded to all such potential Settlement Class Members to be heard with respect to the foregoing matters, or to exclude themselves from the Settlement Class and the Settlement. Thus, it is hereby determined that all members of the Settlement Class, who did not timely and validly elect to exclude themselves by written communication postmarked no later than the date set forth in the Notice and the Preliminary Order, are bound by this Judgment.

9.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves

5

Case 1:09-md-02017-LAK-GWG   Document 1250   Filed 03/01/14   Page 128 of 24
08-13555-mg   Doc 42124-3   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits E
through I to Crowley Declaration    Pg 123 of 153

the Settlement as set forth in the Stipulation, and finds that the Settlement is in all respects fair, reasonable and adequate, and in the best interests of Settlement Class Members. This Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

10.     The Action, the Complaint, and the claims asserted therein by the Structured Products Class Representatives are hereby dismissed with prejudice against the Settling Defendant and without costs except for the payments expressly provided for in the Stipulation.

11.     Upon the Effective Date, each of the Structured Products Class Representatives and all other Settlement Class Members release and shall be deemed by operation of law to have irrevocably, absolutely and unconditionally, fully, finally and forever released, waived, discharged and dismissed each and every Released Claim against each and all of the Released Parties with prejudice, and shall forever be enjoined from prosecuting any or all Released Claims against any Released Party.

12.     Upon the Effective Date, the Settling Defendant releases and shall be deemed by operation of law to have irrevocably, absolutely and unconditionally, fully, finally and forever released, waived, discharged and dismissed the Released Parties' Claims against each and all of the Structured Products Class Representatives and any of their spouses or representatives, Arthur Simons and his spouse, and Structured Products Plaintiffs' Counsel, and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims against any

08-13555-mg   Doc 42124-3   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits E
through I to Crowley Declaration    Pg 124 of 153

Case 1:09-md-02017-LAK-GWG   Document 1250   Filed 01/22/14   Page 129 of 124

of the Structured Products Class Representatives and any of their spouses or representatives, Arthur Simons and his spouse, and Structured Products Plaintiffs' Counsel.

13.     Upon the Effective Date, any and all claims for contribution and indemnification (or any other claim where the injury is the person's or entity's liability to one or more members of the Settlement Class), arising from, relating to, or in connection with the Released Claims (i) by any person or entity against any or all of the Released Parties, their insurers, subrogees or assigns, or anyone acting on behalf of the Released Parties, their insurers, subrogees or assigns, or (ii) by any or all of the Released Parties, their insurers, subrogees or assigns, or anyone acting on behalf of the Released Parties, their insurers, subrogees or assigns against any Defendant (other than the Settling Defendant), its insurers, subrogees or assigns, or anyone acting on behalf of any Defendant (other than the Settling Defendant), its insurers, subrogees or assigns, other than a person or entity whose liability to the Settlement Class has been extinguished pursuant to this Settlement, are, to the fullest extent provided by law, permanently barred and fully discharged, *provided that* the discharge of such claims shall not affect any Defendant's claims or defenses arising under the Distribution Agreement, dated May 30, 2006, or filed against Lehman in its bankruptcy proceeding or against LBI in the LBI SIPA Proceeding.

14.     Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or any Settlement Class Member against any person or entity subject to the Bar Order in paragraph 13 shall be reduced by the greater of: (i) an amount that corresponds to the percentage of responsibility of the Settling Defendant for common damages; or (ii) the amount paid by or on behalf of the Settling Defendant to the Settlement Class or the Settlement Class Member, as applicable, for common damages.

7

08-13555-mg Doc 42124-3 Filed 01/22/14 Entered 01/22/14 12:09:42 Exhibits E
Case 1:09-md-02017-LAK-3wG Document 1250 Filed 05/01/13 Page 126 of 24
through I to Crowley Declaration    Pg 125 of 153

15.    This Judgment and the Stipulation, whether or not the Judgment becomes Final, and any proceedings taken pursuant to the Stipulation, including exhibits, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

a.    shall not be offered or admitted against any of the Released Parties as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by Structured Products Class Representatives or the validity of any claim that was or could have been asserted against any of the Released Parties in this Action or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

b.    shall not be offered or admitted against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties or associated with any Structured Products sold or underwritten by the Released Parties, or against any of the Structured Products Class Representatives or any other Settlement Class Members as evidence of any infirmity in the claims of the Structured Products Class Representatives or the other Settlement Class Members;

c.    shall not be offered or admitted against any of the Released Parties as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of the Released Parties that any of the Court's prior decisions in the Action, including without limitation the Motion to Dismiss Order and the Class

8

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits E
Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 04/04/14    Page 124 of 124
through I to Crowley Declaration    Pg 126 of 153

Certification Order, were correct or free of error, or as a waiver of any of the arguments or defenses set forth in the Recitals;

d.      shall not be offered or admitted against any of the Released Parties or against any of the Structured Products Class Representatives or any other Settlement Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, or against any of the Structured Products Class Representatives or any other Settlement Class Members, in any other civil, criminal or administrative action, arbitration or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Settling Defendant, any Released Party, Structured Products Class Representatives, and any other Settlement Class Member may file the Stipulation and/or the Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

e.      shall not be construed against any Released Parties, any Structured Products Class Representative or any other Settlement Class Member as an admission, concession or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

f.      shall not be construed as or admitted in evidence as an admission, concession or presumption against any Structured Products Class Representative or any

9

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits E
through I to Crowley Declaration    Pg 127 of 153

Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 01/22/14    Page 122 of 124

other Settlement Class Member that any of their claims are without merit or that

damages recoverable under the Complaint would not have exceeded the Settlement

Amount.

16.    The Court reserves jurisdiction over, without affecting in any way the finality

of this Judgment, (a) implementation and enforcement of the Settlement; (b) approval of a

plan of allocation; (c) the allowance, disallowance or adjustment of any Settlement Class

Member's claim on equitable grounds and any award or distribution of the Settlement Fund;

(d) disposition of the Settlement Fund; (e) hearing and determining Structured Products

Class Counsel's application for attorneys' fees and reimbursement of Litigation Expenses; (f)

the enforcement and administration of this Judgment; (g) the enforcement and administration

of the Settlement, including any releases executed in connection with the Settlement; and (h)

any other matter related or ancillary to the foregoing.

17.    Separate orders shall be entered regarding the Structured Products Class

Representatives' motion for approval of the proposed Plan of Allocation and Structured

Products Class Counsel's application for attorneys' fees and reimbursement of Litigation

Expenses. Those Orders shall not disturb or affect any of the terms of this Judgment.

18.    In the event that the Settlement does not become effective in accordance with

the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof,

is returned to the Settling Defendant (or such persons or entities responsible for funding the

Settlement Amount), and is not replaced by others, then this Judgment shall be rendered null

and void to the extent provided by and in accordance with the Stipulation, and shall be

vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered

and releases delivered in connection herewith shall be null and void to the extent provided by

08-13555-mg    Doc 42124-3    Filed 01/22/14    Entered 01/22/14 12:09:42    Exhibits E
Case 1:09-md-02017-LAK-GWG    Document 1250    Filed 03/11/13    Page 128 of 124
through I to Crowley Declaration    Pg 128 of 153

and in accordance with the Stipulation; (b) the fact of the Settlement shall not be admissible for any purpose and the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in this Action as of June 7, 2013; and (c) the Settlement Amount plus accrued interest, less any Taxes paid or due with respect to such income, and less Notice and Administration Costs actually and reasonably incurred and paid or payable, shall be returned in full as provided in paragraph 37 of the Stipulation.

19.     Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.


Dated: _____        _____

                                        The Honorable Lewis A. Kaplan
                                        United States District Judge

08-13555-mg   Doc 42124-3   Filed 01/22/14   Entered 01/22/14 12:09:42   Exhibits E
through I to Crowley Declaration    Pg 129 of 153

Case 1:09-md-02017-LAK-GWG   Document 1250   Filed 04/11/13   Page 124 of 24

# **EXHIBIT 1**

**Persons and Entities Excluded from the Settlement Class**

# EXHIBIT G

## Gibson, Dunn & Crutcher LLP - UBSFS Class Action Invoice
## Summary

| Invoice | Paid | Invoice Date | Through Date |
|---|---|---|---|
| 2009022139 | 48,357.40 | 2/18/2009 | 1/31/2009 |
| 2009032096 | 46,612.24 | 3/12/2009 | 2/28/2009 |
| 2009042375 | 361,781.94 | 4/20/2009 | 3/31/2009 |
| 2009051633 | 151,660.71 | 5/12/2009 | 4/30/2009 |
| 2009060621 | 16,091.71 | 6/2/2009 | 5/31/2009 |
| 2009072476 | 8,209.84 | 7/24/2009 | 6/30/2009 |
| 2009082248 | 101,843.69 | 8/18/2009 | 7/31/2009 |
| 2009091327 | 3,026.25 | 9/8/2009 | 8/31/2009 |
| 2009101040 | 6,275.07 | 10/6/2009 | 9/30/2009 |
| 2009110694 | 28,875.07 | 11/5/2009 | 10/31/2009 |
| 2009120838 | 4,231.19 | 12/3/2009 | 11/30/2009 |
| 2010011427 | 2,003.63 | 1/13/2010 | 12/31/2009 |
| 2010020689 | 88,802.37 | 2/4/2010 | 1/31/2010 |
| 2010031557 | 16,684.99 | 3/10/2010 | 2/28/2010 |
| 2010041051 | 24,665.44 | 4/9/2010 | 3/31/2010 |
| 2010052251 | 25,571.67 | 5/21/2010 | 4/30/2010 |
| 2010062557 | 151,818.23 | 6/21/2010 | 5/31/2010 |
| 2010071663 | 46,809.80 | 7/14/2010 | 6/30/2010 |
| 2010082682 | 28,491.71 | 8/26/2010 | 7/31/2010 |
| 2010090489 | 3,650.85 | 9/3/2010 | 8/31/2010 |
| 2010101811 | 6,401.75 | 10/6/2010 | 9/30/2010 |
| 2010111329 | 17,105.22 | 11/5/2010 | 10/31/2010 |
| 2010120686 | 19,239.09 | 12/3/2010 | 11/30/2010 |
| 2011010842 | 14,261.62 | 1/7/2011 | 12/31/2010 |
| 2011031177 | 10,740.18 | 3/21/2011 | 2/28/2011 |
| 2011042942 | 2,504.53 | 5/5/2011 | 3/31/2011 |
| 2011060561 | 1,715.01 | 6/3/2011 | 4/30/2011 |
| 2011061684 | 751.40 | 6/10/2011 | 5/31/2011 |
| 2011073073 | 49,750.85 | 7/29/2011 | 6/30/2011 |
| 2011082138 | 47,134.23 | 8/16/2011 | 7/31/2011 |
| 2011090771 | 47,084.47 | 9/6/2011 | 8/31/2011 |
| 2011101901 | 128,554.73 | 10/8/2011 | 9/30/2011 |
| 2011111459 | 243,020.01 | 11/7/2011 | 10/31/2011 |
| 2011113320 | 318,344.58 | 11/30/2011 | 11/30/2011 |
| 2012012371 | 389,940.04 | 1/24/2012 | 12/31/2011 |
| 2012030722 | 494,239.18 | 2/21/2012 | 1/31/2012 |
| 2012033233 | 409,927.54 | 3/21/2012 | 2/29/2012 |
| 2012042726 | 309,293.76 | 4/3/2012 | 3/31/2012 |
| 2012052287 | 297,494.09 | 5/23/2012 | 4/30/2012 |
| 2012062329 | 294,722.19 | 6/19/2012 | 5/31/2012 |
| 2012072115 | 178,001.15 | 7/17/2012 | 6/30/2012 |
| 2012082154 | 107,632.45 | 8/15/2012 | 7/31/2012 |
| 2012092943 | 64,011.72 | 9/18/2012 | 8/31/2012 |
| 2012101038 | 125,174.56 | 10/2/2012 | 9/30/2012 |
| 2012111642 | 125,730.28 | 11/2/2012 | 10/31/2012 |
| 2012120465 | 151,256.19 | 12/1/2012 | 11/30/2012 |
| 2013011193 | 118,084.75 | 1/31/2013 | 12/31/2012 |
| 2013040892 | 133,765.27 | 2/4/2013 | 1/31/2013 |
| 2013040907 | 160,197.56 | 3/4/2013 | 2/28/2013 |
| 2013043099 | 110,238.36 | 4/2/2013 | 3/31/2013 |
| 2013053507 | 206,837.57 | 5/31/2013 | 4/30/2013 |
| 2013062105 | 509,623.01 | 6/14/2013 | 5/31/2013 |
| 2013073255 | 217,890.27 | 7/26/2013 | 6/30/2013 |
| **Grand Total** | **6,476,131.41** | | |

# EXHIBIT H

| Year Opened | Year Closed | Closing Date | Matter ID | Settlement Amount USD |
|---|---|---|---|---|
| 2008 | 2009 | 02/27/2009 | 43129483-2008-78 | $0 |
| 2008 | 2009 | 03/26/2009 | 43160301-2008-40 | $0 |
| 2008 | 2009 | 03/26/2009 | 43160301-2008-38 | $0 |
| 2008 | 2009 | 03/26/2009 | 43160301-2008-33 | $0 |
| 2009 | 2009 | 04/09/2009 | 43206540-2009-3 | $0 |
| 2009 | 2009 | 07/23/2009 | 43129483-2009-27 | $0 |
| 2009 | 2009 | 07/28/2009 | 43129483-2009-58 | $0 |
| 2009 | 2009 | 06/02/2009 | 43132588-2009-14 | $235,000 |
| 2009 | 2009 | 09/24/2009 | 43176861-2009-25 | $25,000 |
| 2008 | 2009 | 10/09/2009 | 43129483-2008-71 | $1,000,000 |
| 2009 | 2009 | 10/26/2009 | 43160301-2009-22 | $7,500 |
| 2008 | 2009 | 10/28/2009 | 43160301-2008-31 | $0 |
| 2008 | 2009 | 12/03/2009 | 43206540-2008-16 | $475,000 |
| 2009 | 2009 | 12/08/2009 | 43129483-2009-19 | $120,000 |
| 2009 | 2009 | 12/16/2009 | 43132588-2009-82 | $90,000 |
| 2008 | 2009 | 12/16/2009 | 43132588-2008-66 | $35,000 |
| 2008 | 2009 | 12/16/2009 | 43160301-2008-39 | $225,000 |
| 2009 | 2010 | 01/11/2010 | 43157660-2009-21 | $16,213 |
| 2009 | 2010 | 01/19/2010 | 43129483-2009-25 | $175,000 |
| 2009 | 2010 | 01/20/2010 | 43177906-2009-35 | $225,000 |
| 2009 | 2010 | 01/20/2010 | 43176861-2009-1 | $20,000 |
| 2009 | 2010 | 01/24/2010 | 43206540-2009-5 | $26,000 |
| 2009 | 2010 | 02/02/2010 | 43167837-2009-11 | $105,000 |
| 2009 | 2010 | 02/04/2010 | 43176861-2009-9 | $16,000 |
| 2009 | 2010 | 02/09/2010 | 43129483-2009-6 | $60,000 |
| 2009 | 2010 | 02/17/2010 | 43129483-2009-82 | $30,000 |
| 2009 | 2010 | 02/17/2010 | 43132588-2009-31 | $500,000 |
| 2009 | 2010 | 02/17/2010 | 43141447-2009-2 | $37,500 |
| 2009 | 2010 | 02/27/2010 | 43129483-2009-117 | $23,000 |
| 2009 | 2010 | 02/27/2010 | 43129483-2009-94 | $37,500 |
| 2009 | 2010 | 03/04/2010 | 43206540-2009-6 | $62,500 |
| 2010 | 2010 | 03/11/2010 | 43132588-2010-9 | $0 |
| 2009 | 2010 | 03/11/2010 | 43132588-2009-88 | $8,000 |
| 2009 | 2010 | 03/18/2010 | 43129483-2009-63 | $300,000 |
| 2009 | 2010 | 03/25/2010 | 43176861-2009-15 | $50,000 |
| 2009 | 2010 | 03/29/2010 | 43129483-2009-77 | $160,000 |
| 2009 | 2010 | 03/29/2010 | 43132588-2009-21 | $450,000 |
| 2009 | 2010 | 04/01/2010 | 43129483-2009-42 | $65,000 |
| 2009 | 2010 | 04/01/2010 | 43129483-2009-37 | $220,000 |
| 2009 | 2010 | 04/12/2010 | 43167837-2009-33 | $12,500 |
| 2008 | 2010 | 04/16/2010 | 43115415-2008-19 | $490,612 |
| 2009 | 2010 | 04/19/2010 | 43115415-2009-10 | $145,000 |
| 2009 | 2010 | 04/20/2010 | 43167837-2009-29 | $32,000 |
| 2009 | 2010 | 04/20/2010 | 43132588-2009-22 | $333,333 |
| 2009 | 2010 | 04/20/2010 | 43177906-2009-1 | $38,000 |
| 2008 | 2010 | 04/20/2010 | 43206540-2008-14 | $218,000 |
| 2008 | 2010 | 04/20/2010 | 43176861-2008-28 | $65,000 |
| 2009 | 2010 | 04/21/2010 | 43129483-2009-39 | $445,000 |
| 2008 | 2010 | 04/21/2010 | 43129483-2008-79 | $15,000 |

| 2009 | 2010 | 04/26/2010 | 43206540-2009-4 | $19,000 |
|------|------|------------|-----------------|---------|
| 2009 | 2010 | 04/28/2010 | 43176861-2009-26 | $0 |
| *2010* | *2010* | *04/29/2010* | *43160301-2010-8* | *$0* |
| 2009 | 2010 | 04/29/2010 | 43160301-2009-26 | $165,000 |
| 2009 | 2010 | 04/29/2010 | 43129483-2009-35 | $123,004 |
| 2009 | 2010 | 05/05/2010 | 43141447-2009-7 | $155,000 |
| 2008 | 2010 | 05/05/2010 | 43115415-2008-22 | $300,000 |
| 2009 | 2010 | 05/12/2010 | 43132588-2009-17 | $22,500 |
| 2009 | 2010 | 05/17/2010 | 43129483-2009-50 | $75,000 |
| 2009 | 2010 | 05/19/2010 | 43129483-2009-196 | $10,000 |
| 2009 | 2010 | 05/19/2010 | 43129483-2009-53 | $70,000 |
| 2009 | 2010 | 05/24/2010 | 43132588-2009-48 | $370,000 |
| 2009 | 2010 | 05/24/2010 | 43132588-2009-18 | $55,000 |
| 2009 | 2010 | 06/03/2010 | 43141447-2009-8 | $385,000 |
| 2009 | 2010 | 06/07/2010 | 43132588-2009-11 | $325,000 |
| 2009 | 2010 | 06/10/2010 | 43129483-2009-3 | $150,000 |
| 2009 | 2010 | 06/17/2010 | 43176861-2009-17 | $130,000 |
| 2009 | 2010 | 06/17/2010 | 43176861-2009-12 | $85,000 |
| 2008 | 2010 | 06/18/2010 | 43129483-2008-70 | $250,462 |
| 2009 | 2010 | 06/24/2010 | 43129483-2009-84 | $200,000 |
| 2009 | 2010 | 06/28/2010 | 43167837-2009-13 | $75,000 |
| *2010* | *2010* | *07/06/2010* | *43167837-2010-8* | *$0* |
| 2009 | 2010 | 07/06/2010 | 43132588-2009-55 | $325,000 |
| *2008* | *2010* | *07/06/2010* | *43176861-2008-34* | *$0* |
| 2009 | 2010 | 07/15/2010 | 43176861-2009-4 | $130,000 |
| 2010 | 2010 | 07/22/2010 | 43129483-2010-13 | $47,895 |
| 2009 | 2010 | 07/22/2010 | 43129483-2009-111 | $100,000 |
| 2009 | 2010 | 07/22/2010 | 43167837-2009-22 | $500,000 |
| 2009 | 2010 | 07/22/2010 | 43160301-2009-9 | $102,500 |
| 2009 | 2010 | 07/26/2010 | 43176861-2009-35 | $950,000 |
| 2009 | 2010 | 07/29/2010 | 43176861-2009-50 | $180,000 |
| 2009 | 2010 | 07/29/2010 | 43160301-2009-5 | $1,000,000 |
| 2009 | 2010 | 08/02/2010 | 43129483-2009-113 | $130,000 |
| 2009 | 2010 | 08/02/2010 | 43177906-2009-8 | $50,000 |
| 2009 | 2010 | 08/02/2010 | 43129483-2009-11 | $150,000 |
| 2009 | 2010 | 08/09/2010 | 43129483-2009-66 | $75,000 |
| 2009 | 2010 | 08/10/2010 | 43115415-2009-43 | $462,000 |
| 2009 | 2010 | 08/12/2010 | 43129483-2009-137 | $75,000 |
| 2009 | 2010 | 08/12/2010 | 43176861-2009-42 | $31,000 |
| 2009 | 2010 | 08/12/2010 | 43115415-2009-33 | $100,000 |
| 2009 | 2010 | 08/12/2010 | 43167837-2009-26 | $76,000 |
| 2009 | 2010 | 08/12/2010 | 43129483-2009-46 | $1,500,000 |
| 2009 | 2010 | 08/24/2010 | 43129483-2009-99 | $900,000 |
| 2009 | 2010 | 08/31/2010 | 43129483-2009-144 | $250,000 |
| 2009 | 2010 | 08/31/2010 | 43177906-2009-63 | $72,500 |
| 2009 | 2010 | 08/31/2010 | 43167837-2009-19 | $550,000 |
| 2009 | 2010 | 09/01/2010 | 43132588-2009-26 | $200,000 |
| 2009 | 2010 | 09/07/2010 | 43160301-2009-15 | $350,000 |
| *2009* | *2010* | *09/07/2010* | *43176861-2008-37* | *$0* |
| 2009 | 2010 | 09/09/2010 | 43202704-2009-6 | $22,500 |
| 2009 | 2010 | 09/09/2010 | 43129483-2009-130 | $150,000 |
| 2009 | 2010 | 09/13/2010 | 43176861-2009-23 | $150,000 |

| | | | | |
|---|---|---|---|---|
| 2009 | 2010 | 09/16/2010 | 43167837-2009-35 | $55,000 |
| 2009 | 2010 | 09/16/2010 | 43176861-2009-43 | $70,000 |
| 2009 | 2010 | 09/16/2010 | 43177906-2009-47 | $50,000 |
| 2009 | 2010 | 09/21/2010 | 43129483-2009-172 | $60,000 |
| 2009 | 2010 | 09/22/2010 | 43132588-2009-77 | $82,500 |
| 2009 | 2010 | 09/22/2010 | 43132588-2009-60 | $15,000 |
| 2009 | 2010 | 09/30/2010 | 43129483-2009-12 | $120,000 |
| 2009 | 2010 | 10/05/2010 | 43160301-2009-21 | $300,000 |
| 2009 | 2010 | 10/06/2010 | 43129483-2009-83 | $400,000 |
| 2009 | 2010 | 10/06/2010 | 43132588-2009-42 | $40,000 |
| 2009 | 2010 | 10/13/2010 | 43129483-2009-148 | $118,457 |
| 2009 | 2010 | 10/13/2010 | 43167837-2009-21 | $38,000 |
| 2008 | 2010 | 10/13/2010 | 43176861-2008-35 | $183,000 |
| 2010 | 2010 | 10/14/2010 | 43177906-2010-4 | $425,000 |
| 2009 | 2010 | 10/14/2010 | 43176861-2009-51 | $400,000 |
| *2010* | *2010* | *10/19/2010* | *43132588-2010-64* | *$0* |
| 2009 | 2010 | 10/19/2010 | 43176861-2009-61 | $80,000 |
| 2009 | 2010 | 10/19/2010 | 43129483-2009-140 | $72,500 |
| 2009 | 2010 | 10/19/2010 | 43129483-2009-136 | $25,000 |
| 2009 | 2010 | 10/19/2010 | 43129483-2009-120 | $47,500 |
| 2009 | 2010 | 10/19/2010 | 43129483-2009-110 | $1,990,000 |
| 2009 | 2010 | 10/19/2010 | 43132588-2009-64 | $175,000 |
| 2009 | 2010 | 10/19/2010 | 43132588-2009-57 | $1,050,000 |
| 2009 | 2010 | 10/21/2010 | 43132588-2009-49 | $875,000 |
| 2009 | 2010 | 10/25/2010 | 43129483-2009-127 | $34,100 |
| 2009 | 2010 | 10/25/2010 | 43176861-2009-3 | $258,000 |
| 2009 | 2010 | 11/11/2010 | 43132588-2009-65 | $737,000 |
| 2009 | 2010 | 11/11/2010 | 43167837-2009-20 | $170,000 |
| 2009 | 2010 | Nov, 2010 | 43160301-2009-25 | $92,750 |
| 2009 | 2010 | Nov, 2010 | 43132588-2009-100 | $80,000 |
| 2009 | 2010 | Nov, 2010 | 43115415-2009-26 | $220,000 |
| 2009 | 2010 | Nov, 2010 | 43129483-2009-122 | $455,000 |
| 2009 | 2010 | Nov, 2010 | 43167837-2009-43 | $115,000 |
| 2009 | 2010 | Nov, 2010 | 43167837-2009-44 | $187,500 |
| 2010 | 2010 | Nov, 2010 | 43129483-2010-15 | $35,000 |
| 2010 | 2010 | Nov, 2010 | 43132588-2010-25 | $34,000 |
| 2010 | 2010 | Nov, 2010 | 43129483-2010-23 | $500,000 |
| 2010 | 2010 | Nov, 2010 | 43129483-2010-21 | $32,500 |
| 2009 | 2010 | Nov, 2010 | 43132588-2009-104 | $475,000 |
| 2010 | 2010 | Nov, 2010 | 43129483-2010-29 | $425,000 |
| 2009 | 2010 | Nov, 2010 | 43167837-2009-40 | $150,000 |
| 2010 | 2010 | Nov, 2010 | 43129483-2010-3 | $100,000 |
| | 2010 | Dec, 2010 | | $50,532 |
| | 2010 | Dec, 2010 | | $18,000 |
| | 2010 | Dec, 2010 | | $25,000 |
| | 2010 | Dec, 2010 | | $27,500 |
| | 2010 | Dec, 2010 | | $55,000 |
| | 2010 | Dec, 2010 | | $55,000 |
| | 2010 | Dec, 2010 | | $62,500 |
| | 2010 | Dec, 2010 | | $75,000 |
| | 2010 | Dec, 2010 | | $79,800 |
| | 2010 | Dec, 2010 | | $180,000 |

| | | | |
|---|---|---|---|
| | 2010 | Dec, 2010 | | $240,000 |
| | 2010 | Dec, 2010 | | $375,000 |
| | 2010 | Dec, 2010 | | $390,000 |
| | 2010 | Dec, 2010 | | $673,614 |
| | 2010 | Dec, 2010 | | $950,000 |
| | 2010 | Dec, 2010 | | $1,411,053 |
| | 2010 | Dec, 2010 | | $529,688 |
| | 2011 | Jan, 2011 | | $19,000 |
| | *2011* | *Jan, 2011* | | *$20,000* |
| | 2011 | Jan, 2011 | | $25,000 |
| | 2011 | Jan, 2011 | | $45,000 |
| | 2011 | Jan, 2011 | | $100,000 |
| | 2011 | Jan, 2011 | | $100,000 |
| | 2011 | Jan, 2011 | | $200,000 |
| | 2011 | Jan, 2011 | | $300,000 |
| | 2011 | Jan, 2011 | | $475,000 |
| | 2011 | Jan, 2011 | | $550,000 |
| | 2011 | Jan, 2011 | | $2,563,000 |
| | 2011 | Feb, 2011 | 43115415-2010-34 | $8,500 |
| | 2011 | Feb, 2011 | 43177906-2009-70 | $30,000 |
| | 2011 | Feb, 2011 | 43129483-2010-1 | $32,000 |
| | 2011 | Feb, 2011 | 43115415-2010-108 | $37,500 |
| | 2011 | Feb, 2011 | 43160301-2010-4 | $90,000 |
| | 2011 | Feb, 2011 | 43129483-2010-17 | $120,000 |
| | 2011 | Feb, 2011 | 43129483-2010-44 | $161,500 |
| | 2011 | Feb, 2011 | 43115415-2010-30 | $250,000 |
| | 2011 | Feb, 2011 | 43160301-2009-45 | $1,050,000 |
| | 2011 | Feb, 2011 | 43132588-2010-11 | $1,050,000 |
| | 2011 | Feb, 2011 | 43129483-2009-185 | $4,775,000 |
| | 2011 | Mar, 2011 | 53115415-2010-51 | $20,000 |
| | 2011 | Mar, 2011 | 43176861-2009-46 | $200,000 |
| | 2011 | Mar, 2011 | 43176861-2010-5 | $290,000 |
| | 2011 | Mar, 2011 | 43132588-2009-107 | $460,000 |
| | 2011 | Mar, 2011 | 43132588-2009-91 | $822,500 |
| | 2011 | Mar, 2011 | | $967,000 |
| | *2011* | *Mar, 2011* | *93115415-2010-106* | *$1,331,500* |
| | 2011 | Apr, 2011 | 43115415-2010-113 | $25,000 |
| | 2011 | Apr, 2011 | 43167837-2010-14 | $37,500 |
| | 2011 | Apr, 2011 | 43129483-2010-55 | $75,000 |
| | 2011 | Apr, 2011 | 43202704-2010-3 | $75,000 |
| | 2011 | Apr, 2011 | 43177906-2010-7 | $77,500 |
| | 2011 | Apr, 2011 | 43129483-2010-2 | $80,000 |
| | 2011 | Apr, 2011 | 43132588-2010-41 | $100,000 |
| | 2011 | Apr, 2011 | 43176861-2009-57 | $147,500 |
| | 2011 | Apr, 2011 | 43115415-2010-64 | $207,000 |
| | 2011 | Apr, 2011 | 43132588-2009-101 | $386,546 |
| | 2011 | Apr, 2011 | 43129483-2010-24 | $375,000 |
| | 2011 | Apr, 2011 | 43129483-2010-48 | $450,000 |
| | 2011 | May, 2011 | 43115415-2011-22 | $15,000 |
| | 2011 | May, 2011 | 43115415-2010-110 | $25,000 |
| | 2011 | May, 2011 | 43115415-2010-71 | $60,000 |
| | 2011 | May, 2011 | 43129483-2010-46 | $62,500 |

| | 2011 | May, 2011 | 43129483-2010-57 | $80,000 |
|---|---|---|---|---|
| | 2011 | Jun, 2011 | 43115415-2010-54 | $10,000 |
| | 2011 | Jun, 2011 | 43167837-2010-9 | $18,000 |
| | 2011 | Jun, 2011 | 43167837-2010-6 | $20,000 |
| | 2011 | Jun, 2011 | 43115415-2010-33 | $24,900 |
| | 2011 | Jun, 2011 | 43115415-2010-104 | $25,000 |
| | 2011 | Jun, 2011 | 43115415-2010-79 | $53,424 |
| | 2011 | Jun, 2011 | 43132588-2010-54 | $58,500 |
| | 2011 | Jun, 2011 | 43202704-2010-10 | $75,000 |
| | 2011 | Jun, 2011 | 43132588-2010-23 | $75,000 |
| | 2011 | Jun, 2011 | 43132588-2010-30 | $100,000 |
| | 2011 | Jun, 2011 | 43132588-2010-19 | $100,000 |
| | 2011 | Jun, 2011 | 43202704-2010-2 | $119,000 |
| | 2011 | Jun, 2011 | 43115415-2010-27 | $131,500 |
| | 2011 | Jun, 2011 | 43115415-2010-78 | $156,626 |
| | 2011 | Jun, 2011 | 43160301-2009-41 | $160,000 |
| | 2011 | Jun, 2011 | 43129483-2009-93 | $300,000 |
| | 2011 | Jun, 2011 | 43132588-2010-8 | $315,000 |
| | 2011 | Jun, 2011 | 43176861-2009-31 | $2,921,300 |
| | 2011 | Jun, 2011 | 43132588-2010-22 | $260,000 |
| | 2011 | Jun, 2011 | 43129483-2010-12 | $1,765,989 |
| | 2011 | Jun, 2011 | 43115415-2010-55 | $908,500 |
| | 2011 | Jul, 2011 | 43115415-2011-72 | $10,000 |
| | 2011 | Jul, 2011 | 43129483-2010-34 | $48,000 |
| | 2011 | Jul, 2011 | 43115415-2010-87 | $68,250 |
| | 2011 | Agust, 2011 | 43115415-2010-98 | $50,000 |
| | 2011 | Agust, 2011 | 43115415-2010-112 | $77,500 |
| | 2011 | Agust, 2011 | 43115415-2010-52 | $91,250 |
| | 2011 | Agust, 2011 | 43115415-2010-114 | $97,604 |
| | 2011 | Agust, 2011 | 43115415-2011-25 | $100,000 |
| | 2011 | Agust, 2011 | 43176861-2010-12 | $120,000 |
| | 2011 | Agust, 2011 | 43132588-2010-61 | $155,000 |
| | 2011 | Agust, 2011 | 43176861-2010-52 | $275,000 |
| | 2011 | Agust, 2011 | 43115415-2010-57 | $297,500 |
| | 2011 | Agust, 2011 | 43115415-2010-70 | $350,000 |
| | 2011 | Agust, 2011 | 43115415-2010-109 | $535,000 |
| | 2011 | Sept., 2011 | 43341435-2011-23 | $17,500 |
| | 2011 | Sept., 2011 | 43341435-2011-9 | $18,750 |
| | 2011 | Sept., 2011 | 43115415-2011-69 | $35,000 |
| | 2011 | Sept., 2011 | 43115415-2010-41 | $50,000 |
| | 2011 | Sept., 2011 | 43115415-2010-94 | $55,000 |
| | 2011 | Sept., 2011 | 43115415-2010-119 | $68,500 |
| | 2011 | Sept., 2011 | 43115415-2010-99 | $70,000 |
| | 2011 | Sept., 2011 | 43176861-2010-116 | $75,000 |
| | 2011 | Sept., 2011 | 43176861-2010-150 | $80,000 |
| | 2011 | Sept., 2011 | 43115415-2010-42 | $115,000 |
| | 2011 | Sept., 2011 | 43115415-2010-85 | $200,000 |
| | 2011 | Sept., 2011 | 43115415-2010-56 | $240,000 |
| | 2011 | Sept., 2011 | 43129483-2010-28 | $1,004,000 |
| | 2011 | Sept., 2011 | 43160301-2009-44 | $6,100,000 |

| | | | | |
|---|---|---|---|---|
| | 2011 | Oct., 2011 | | $85,000 |
| | 2011 | Oct., 2011 | | $120,000 |
| | 2011 | Oct., 2011 | | $95,000 |
| | 2011 | Oct., 2011 | | $18,630 |
| | 2011 | Oct., 2011 | | $47,500 |
| | 2011 | Oct., 2011 | | $1,250,000 |
| | 2011 | Oct., 2011 | | $50,000 |
| | 2011 | Oct., 2011 | | $170,000 |
| | 2011 | Oct., 2011 | | $68,000 |
| | 2011 | Oct., 2011 | | $102,000 |
| | 2011 | Oct., 2011 | | $704,814 |
| | 2011 | Oct., 2011 | | $100,000 |
| | 2011 | Oct., 2011 | | $37,500 |
| | 2011 | Oct., 2011 | | $115,000 |
| | 2011 | Oct., 2011 | | $95,000 |
| | 2011 | Oct., 2011 | | $102,000 |
| | 2011 | Nov., 2011 | | $60,000 |
| | 2011 | Nov., 2011 | | $360,000 |
| | 2011 | Nov., 2011 | | $37,500 |
| | 2011 | Nov., 2011 | | $550,000 |
| | 2011 | Nov., 2011 | | $172,500 |
| | 2011 | Nov., 2011 | | $100,000 |
| | 2011 | Nov., 2011 | | $184,000 |
| | 2011 | Nov., 2011 | | $300,000 |
| | 2011 | Dec., 2011 | | $108,000 |
| | 2011 | Dec., 2011 | | $53,000 |
| | 2011 | Dec., 2011 | | $40,000 |
| | 2011 | Dec., 2011 | | $170,000 |
| | 2011 | Dec., 2011 | | $58,000 |
| | 2011 | Dec., 2011 | | $625,000 |
| | 2011 | Dec., 2011 | | $140,000 |
| | 2011 | Dec., 2011 | | $400,000 |
| | 2011 | Dec., 2011 | | $1,800,000 |
| | 2011 | Dec., 2011 | | $22,250 |
| | 2011 | Dec., 2011 | | $55,225 |
| | 2011 | Dec., 2011 | | $11,625 |
| | 2011 | Dec., 2011 | | $7,500 |
| | 2011 | Dec., 2011 | | $100,000 |
| | 2011 | Dec., 2011 | | $76,345 |
| | 2011 | Dec., 2011 | | $21,500 |
| | 2011 | Dec., 2011 | | $ 125,000.00 |
| | 2011 | Dec., 2011 | | $ 98,000.00 |
| | 2012 | Jan., 2012 | | $ 441,500.00 |
| | 2012 | Jan., 2012 | | $ 55,000.00 |
| | 2012 | Jan., 2012 | | $ 25,000.00 |
| | 2012 | Jan., 2012 | | $ 275,000.00 |
| | 2012 | Jan., 2012 | | $ 111,535.00 |
| | 2012 | Jan., 2012 | | $ 185,000.00 |
| | 2012 | Jan., 2012 | | $ 50,000.00 |
| | 2012 | Jan., 2012 | | $ 184,000.00 |
| | 2012 | Jan., 2012 | | $ 50,000.00 |
| | 2012 | Jan., 2012 | | $ 460,000.00 |

| | | | | |
|---|---|---|---|---|
| | 2012 | Jan., 2012 | | $ - |
| | 2012 | Feb., 2012 | | $ 203,500.00 |
| | 2012 | Feb., 2012 | | $ 30,000.00 |
| | 2012 | Feb., 2012 | | $ 12,500.00 |
| | 2012 | Feb., 2012 | | $ 2,400,000.00 |
| | 2012 | Feb., 2012 | | $ 95,000.00 |
| | 2012 | Feb., 2012 | | $ 2,400,000.00 |
| | 2012 | Feb., 2012 | | $ 49,784.00 |
| | 2012 | Feb., 2012 | | $ 25,000.00 |
| | 2012 | Feb., 2012 | | $ 22,500.00 |
| | 2012 | Feb., 2012 | | $ 50,000.00 |
| | 2012 | Mar., 2012 | | $ 12,500.00 |
| | 2012 | Mar., 2012 | | $ 115,000.00 |
| | 2012 | Mar., 2012 | | $ 50,000.00 |
| | 2012 | Mar., 2012 | | $ 50,000.00 |
| | 2012 | Mar., 2012 | | $ 30,000.00 |
| | 2012 | Mar., 2012 | | $ 138,000.00 |
| | 2012 | Mar., 2012 | | $ 98,000.00 |
| | 2012 | Mar., 2012 | | $ 80,000.00 |
| | 2012 | Mar., 2012 | | $ 72,500.00 |
| | 2012 | Mar., 2012 | | $ 8,000.00 |
| | 2012 | Mar., 2012 | | $ 75,000.00 |
| | 2012 | Mar., 2012 | | $ 70,000.00 |
| | 2012 | Mar., 2012 | | $ 130,000.00 |
| | 2012 | Mar., 2012 | | $ 135,000.00 |
| | 2012 | Mar., 2012 | | $ 189,000.00 |
| | 2012 | Apr., 2012 | | $ 63,000.00 |
| | 2012 | Apr., 2012 | | $ 35,000.00 |
| | 2012 | Apr., 2012 | | $ 22,500.00 |
| | 2012 | Apr., 2012 | | $ 128,000.00 |
| | 2012 | Apr., 2012 | | $ 29,500.00 |
| | 2012 | Apr., 2012 | | $ 11,500.00 |
| | 2012 | Apr., 2012 | | $ 54,057.16 |
| | 2012 | Apr., 2012 | | $ 20,490.00 |
| | 2012 | Apr., 2012 | | $ 35,000.00 |
| | 2012 | Apr., 2012 | | $ - |
| | 2012 | Mar., 2012 | | $ 80,000.00 |
| | 2012 | Mar., 2012 | | $ 200,000.00 |
| | 2012 | Mar., 2012 | | $ 16,000.00 |
| | 2012 | Mar., 2012 | | $ 225,000.00 |
| | 2012 | Mar., 2012 | | $ 1,000,000.00 |
| | 2012 | Mar., 2012 | | $ 50,000.00 |
| | 2012 | Mar., 2012 | | $ 120,000.00 |
| | 2012 | Mar., 2012 | | $ 44,000.00 |
| | 2012 | Mar., 2012 | | $ 50,000.00 |
| | 2012 | Mar., 2012 | | $ 46,800.00 |
| | 2012 | Mar., 2012 | | $ 400,000.00 |
| | 2012 | Mar., 2012 | | $ - |
| | 2012 | Mar., 2012 | | $ 35,000.00 |
| | 2012 | Mar., 2012 | | $ 350,000.00 |
| | 2012 | Mar., 2012 | | $ - |
| | 2012 | Jun., 2012 | | $ 27,000.00 |

| | | | | |
|---|---|---|---|---|
| | 2012 | Jun., 2012 | | $ 75,000.00 |
| | 2012 | Jun., 2012 | | $ 260,000.00 |
| | 2012 | Jun., 2012 | | $ 15,000.00 |
| | 2012 | Jun., 2012 | | $ 30,000.00 |
| | 2012 | Jun., 2012 | | $ 150,000.00 |
| | 2012 | Jun., 2012 | | $ 40,000.00 |
| | 2012 | Jun., 2012 | | $ 45,000.00 |
| | 2012 | Jun., 2012 | | $ 30,000.00 |
| | 2012 | Jun., 2012 | | $ 50,000.00 |
| | 2012 | Jun., 2012 | | $ 120,000.00 |
| | 2012 | Jul., 2012 | | $ 175,000.00 |
| | 2012 | Jul., 2012 | | $ 23,000.00 |
| | 2012 | Jul., 2012 | | $ - |
| | 2012 | Jul., 2012 | | $ 45,000.00 |
| | 2012 | Jul., 2012 | | $ 20,000.00 |
| | 2012 | Jul., 2012 | | $ - |
| | 2012 | Jul., 2012 | | $ 40,000.00 |
| | 2012 | Jul., 2012 | | $ - |
| | 2012 | Jul., 2012 | | $ 100,000.00 |
| | 2012 | Jul., 2012 | | $ 50,000.00 |
| | 2012 | Jul., 2012 | | $ - |
| | 2012 | Jul., 2012 | | $ 30,000.00 |
| | 2012 | Jul., 2012 | | $ 90,000.00 |
| | 2012 | Jul., 2012 | | $ 75,000.00 |
| | 2012 | Aug., 2012 | | $ 30,000.00 |
| | 2012 | Aug., 2012 | | $ 25,000.00 |
| | 2012 | Aug., 2012 | | $ 800,000.00 |
| | 2012 | Aug., 2012 | | $ 28,000.00 |
| | 2012 | Aug., 2012 | | $ 160,000.00 |
| | 2012 | Aug., 2012 | | $ - |
| | 2012 | Sep., 2012 | | $ 69,950.00 |
| | 2012 | Sep., 2012 | | $ 84,000.00 |
| | 2012 | Sep., 2012 | | $ 130,000.00 |
| | 2012 | Sep., 2012 | | $ 582,000.00 |
| | 2012 | Sep., 2012 | | $ 34,000.00 |
| | 2012 | Sep., 2012 | | $ 19,500.00 |
| | 2012 | Sep., 2012 | | $ 62,500.00 |
| | 2012 | Sep., 2012 | | $ 50,000.00 |
| | 2012 | Sep., 2012 | | $ 60,000.00 |
| | 2012 | Sep., 2012 | | $ 24,500.00 |
| | 2012 | Sep., 2012 | | $ 50,000.00 |
| | 2012 | Sep., 2012 | | $ 38,000.00 |
| | 2012 | Oct., 2012 | | $ 55,000.00 |
| | 2012 | Oct., 2012 | | $ 135,000.00 |
| | 2012 | Oct., 2012 | | $ 30,200.00 |
| | 2012 | Oct., 2012 | | $ 67,968.00 |
| | 2012 | Oct., 2012 | | $ 13,200.00 |
| | 2012 | Oct., 2012 | | $ 150,000.00 |
| | 2012 | Oct., 2012 | | $ 37,500.00 |
| | 2012 | Oct., 2012 | | $ 65,000.00 |
| | 2012 | Oct., 2012 | | $ 160,000.00 |
| | 2012 | Oct., 2012 | | $ 22,500.00 |

| | Year | Month | | Amount |
|---|---|---|---|---|
| | 2012 | Oct., 2012 | | $ 70,000.00 |
| | 2012 | Oct., 2012 | | $ 34,000.00 |
| | 2012 | Oct., 2012 | | $ 7,000.00 |
| | 2012 | Oct., 2012 | | $ 71,650.00 |
| | 2012 | Nov., 2012 | | $ 287,500.00 |
| | 2012 | Nov., 2012 | | $ 105,000.00 |
| | 2012 | Nov., 2012 | | $ 260,693.00 |
| | 2012 | Nov., 2012 | | $ 35,000.00 |
| | 2012 | Nov., 2012 | | $ 38,000.00 |
| | 2012 | Nov., 2012 | | $ 85,000.00 |
| | 2012 | Nov., 2012 | | $ 291,500.00 |
| | 2012 | Nov., 2012 | | $ 35,000.00 |
| | 2012 | Nov., 2012 | | $ 890,000.00 |
| | 2012 | Nov., 2012 | | $ 195,000.00 |
| | 2012 | Nov., 2012 | | $ - |
| | 2012 | Dec., 2012 | | $ 25,000.00 |
| | 2012 | Dec., 2012 | | $ 37,000.00 |
| | 2012 | Dec., 2012 | | $ 55,000.00 |
| | 2012 | Dec., 2012 | | $ 80,000.00 |
| | 2012 | Dec., 2012 | | $ 124,000.00 |
| | 2012 | Dec., 2012 | | $ 150,000.00 |
| | 2012 | Dec., 2012 | | $ 155,000.00 |
| | 2012 | Dec., 2012 | | $ 170,000.00 |
| | 2012 | Dec., 2012 | | $ 235,000.00 |
| | 2012 | Dec., 2012 | | $ 225,000.00 |
| | 2012 | Dec., 2012 | | $ 346,500.00 |
| | 2012 | Dec., 2012 | | $ 498,260.00 |
| | 2012 | Dec., 2012 | | $ 610,000.00 |
| | 2013 | Jan., 2013 | | $ 17,000.00 |
| | 2013 | Jan., 2013 | | $ 25,000.00 |
| | 2013 | Jan., 2013 | | $ 25,000.00 |
| | | | | |
| | 2013 | Feb., 2013 | | $ 14,687.50 |
| | 2013 | Feb., 2013 | | $ 24,999.00 |
| | 2013 | Feb., 2013 | | $ 31,000.00 |
| | 2013 | Feb., 2013 | | $ 59,500.00 |
| | 2013 | Feb., 2013 | | $ 73,437.50 |
| | 2013 | Feb., 2013 | | $ 75,000.00 |
| | 2013 | Feb., 2013 | | $ 75,000.00 |
| | 2013 | Feb., 2013 | | $ 146,875.00 |
| | 2013 | Feb., 2013 | | $ 160,000.00 |
| | 2013 | Feb., 2013 | | $ 198,000.00 |
| | 2013 | Feb., 2013 | | $ 350,000.00 |
| | 2013 | Mar., 2013 | | $ 103,766.69 |
| | 2013 | Mar., 2013 | | $ 17,000.00 |
| | 2013 | Mar., 2013 | | $ 20,000.00 |
| | 2013 | Mar., 2013 | | $ 23,500.00 |
| | 2013 | Mar., 2013 | | $ 30,000.00 |
| | 2013 | Mar., 2013 | | $ 54,000.00 |
| | 2013 | Mar., 2013 | | $ 57,000.00 |
| | 2013 | Mar., 2013 | | $ 76,250.00 |
| | 2013 | Mar., 2013 | | $ 100,000.00 |

| | | | |
|---|---|---|---|
| | 2013 | Mar., 2013 | | $    160,000.00 |
| | 2013 | Apr., 2013 | | $10,000 |
| | 2013 | Apr., 2013 | | $23,500 |
| | 2013 | Apr., 2013 | | $25,000 |
| | 2013 | Apr., 2013 | | $48,000 |
| | 2013 | Apr., 2013 | | $105,000 |
| | 2013 | Apr., 2013 | | $135,000 |
| | 2013 | Apr., 2013 | | $1,350,000 |
| | 2013 | May, 2013 | 43341435-2012-23 | $35,000 |
| | 2013 | May, 2013 | 43341435-2012-10 | $54,834 |
| | 2013 | May, 2013 | 43341435-2012-28 | $60,000 |
| | 2013 | May, 2013 | 43341435-2011-42 | $100,000 |
| | 2013 | May, 2013 | 43341435-2012-14 | $124,500 |
| | 2013 | May, 2013 | 43341435-2011-40 | $160,000 |
| | 2013 | May, 2013 | 43341435-2011-8 | $275,000 |
| | 2013 | Jun., 2013 | 43341435-2012-15 | $50,000 |
| | 2013 | Jun., 2013 | 43341435-2012-63 | $55,000 |
| | 2013 | Jun., 2013 | 43341435-2012-30 | $63,000 |
| | 2013 | Jun., 2013 | 43341435-2011-55 | $67,000 |
| | 2013 | Jun., 2013 | 43341435-2012-11 | $105,000 |
| | 2013 | Jun., 2013 | 43341435-2012-43 | $127,500 |
| | 2013 | Jun., 2013 | 43341435-2011-54 | $230,000 |
| | 2013 | Jun., 2013 | 43115415-2010-53 | $25,500 |
| | 2013 | Jul., 2013 | | $49,000 |
| | 2013 | Jul., 2013 | | $89,000 |
| | 2013 | Jul., 2013 | | $125,000 |
| | 2013 | Jul., 2013 | | $140,000 |
| | 2013 | Jul., 2013 | | $725,000 |
| TOTAL: | | | | $106,624,977 |
| | | | | |
| Estimated Value of Assigned Securities: | | | | $26,500,000 |
| **Net Total Payments:** | | | | **$80,124,977** |

# EXHIBIT I

| Matter List | 2008 | 2009 | 2010 | 2011 | 2012 | 2013 | Grand Total |
|---|---|---|---|---|---|---|---|
| 1 | | $10,932 | $225 | | | | $11,157 |
| 2 | | | | | $28,699 | $7,186 | $35,885 |
| 3 | | | | $7,820 | $28,190 | $16,538 | $52,548 |
| 4 | | $6,437 | $57,497 | $22,237 | | | $86,171 |
| 5 | | $10,219 | $27,576 | $18,740 | | | $56,536 |
| 6 | | $28,308 | $44,718 | | | | $73,026 |
| 7 | | | | | $212,328 | $212,785 | $425,113 |
| 8 | | $2,800 | $162,892 | $233,633 | | | $399,325 |
| 9 | | $14,181 | $17,483 | | | | $31,664 |
| 10 | | | | | $35,335 | $25,436 | $60,771 |
| 11 | | | | $31,242 | | | $31,242 |
| 12 | | | | $2,862 | $24,243 | $514 | $27,618 |
| 13 | | | $15,421 | $11,142 | | | $26,563 |
| 14 | | | | $27,878 | $130,946 | $6,249 | $165,073 |
| 15 | | $5,631 | $81,044 | $1,255 | | | $87,930 |
| 16 | | | | $15,148 | $23,016 | | $38,164 |
| 17 | | | $6,728 | $104,641 | $3,609 | $38 | $115,016 |
| 18 | | | $26,977 | $26,978 | | | $53,956 |
| 19 | | | | $14,206 | $22,584 | $1,553 | $38,343 |
| 20 | | $39,423 | $201,246 | | | | $240,669 |
| 21 | | | $3,106 | $46,150 | | | $49,256 |
| 22 | | $32,713 | $36,655 | $13,925 | | | $83,292 |
| 23 | | $1,700 | $11,502 | $18,369 | $140 | | $31,711 |
| 24 | | | | $32,841 | $4,387 | | $37,228 |
| 25 | | | $14,829 | $13,564 | | | $28,393 |
| 26 | | | | $15,959 | $13,134 | | $29,093 |
| 27 | | | | $17,288 | $23,930 | $1,089 | $42,308 |
| 28 | | $3,750 | $110,329 | $333,014 | $582 | | $447,676 |
| 29 | | | | | | $61,110 | $61,110 |
| 30 | | | | $39,833 | $21,708 | | $61,541 |
| 31 | | | | | $23,509 | $7,936 | $31,445 |
| 32 | | | | $57,178 | | | $57,178 |
| 33 | | | | $25,112 | $12,461 | | $37,573 |
| 34 | | $14,588 | $47,505 | | | | $62,093 |
| 35 | | $33,647 | $74,142 | | | | $107,789 |
| 36 | | $8,268 | $46,622 | $858 | | | $55,749 |
| 37 | | | $39,069 | $2,007 | | | $41,075 |
| 38 | | | $20,442 | $40,499 | | | $60,942 |
| 39 | | | | | $1,625 | $1,864 | $3,489 |
| 40 | | | | $13,158 | $21,548 | | $34,706 |
| 41 | | | | $17,914 | $36,160 | | $54,074 |
| 42 | | | $2,455 | $26,981 | $5,886 | | $35,322 |
| 43 | | | | | $23,449 | $19,918 | $43,367 |
| 44 | | $6,757 | $193,120 | -$2,750 | | | $197,127 |
| 45 | | $2,742 | $47,243 | $3,341 | | | $53,325 |
| 46 | | | | $4,715 | -$108 | | $4,607 |
| 47 | $2,800 | $106,302 | | | | | $109,102 |
| 48 | | | $11,461 | $5,593 | | $1,505 | $18,559 |
| 49 | | | | | $23,714 | | $23,714 |
| 50 | | $222 | $2,904 | $2,237 | | | $5,362 |
| 51 | | | | | | $12,523 | $12,523 |
| 52 | | $42,804 | $80,817 | $16,753 | | | $140,374 |
| 53 | | | | | $33,181 | $199,468 | $232,649 |
| 54 | | $1,500 | $15,221 | $25 | | | $16,747 |
| 55 | | | $10,815 | $73,984 | | | $84,799 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 56 | | | | $13,224 | | | $13,224 |
| 57 | | | | | | $70,384 | $70,384 |
| 58 | | | | $23,325 | $33,575 | $17,178 | $74,078 |
| 59 | | | | $30,297 | $29,295 | | $59,592 |
| 60 | | | | $22,066 | $4,618 | | $26,684 |
| 61 | | $6,271 | $79,405 | | | | $85,675 |
| 62 | | $1,887 | | | | | $1,887 |
| 63 | | | | | $9,496 | | $9,496 |
| 64 | | | | | $1,700 | $26,538 | $28,238 |
| 65 | | | | | $425 | | $425 |
| 66 | | $21,149 | $26,444 | $2,522 | | | $50,115 |
| 67 | | | | $51,004 | $2,523 | | $53,527 |
| 68 | | $3,015 | $69,335 | $14,050 | | | $86,400 |
| 69 | | | $31,299 | $2,777 | | | $34,076 |
| 70 | | $3,364 | $38,501 | | | | $41,865 |
| 71 | | | $5,812 | $35,335 | $7,119 | | $48,266 |
| 72 | | | $17,860 | $38,995 | $6,450 | | $63,304 |
| 73 | | | $18,964 | $4,768 | | | $23,732 |
| 74 | | | | | | $90,828 | $90,828 |
| 75 | | $47,094 | $133,833 | | | | $180,927 |
| 76 | | | | $28,852 | $17,711 | $1,589 | $48,152 |
| 77 | | | | $38,758 | $177,892 | $21,995 | $238,645 |
| 78 | | | | | $24,556 | $14,213 | $38,769 |
| 79 | | $2,684 | $17,336 | -$84 | | | $19,936 |
| 80 | | | | | | $1,100 | $1,100 |
| 81 | | | | $31,214 | $84,263 | $3,453 | $118,930 |
| 82 | | $3,230 | $1,584 | | | | $4,814 |
| 83 | | | | $66,504 | $46,860 | | $113,364 |
| 84 | | | | | $5,395 | $4,554 | $9,949 |
| 85 | | | | | $60,772 | $12,720 | $73,492 |
| 86 | | | $24,762 | $47,270 | | | $72,033 |
| 87 | | | $19,174 | $22,376 | | | $41,550 |
| 88 | | $32,714 | $85,665 | $208 | | | $118,586 |
| 89 | | | | | $32,727 | $19,812 | $52,540 |
| 90 | | | | | | $30,099 | $30,099 |
| 91 | | | | $6,485 | | $1,200 | $7,685 |
| 92 | | | $23,690 | $73,659 | $210 | | $97,559 |
| 93 | | | | $26,736 | $53,487 | $7,000 | $87,223 |
| 94 | | $16,037 | $182,608 | | | | $198,645 |
| 95 | | | | | $12,401 | $7,184 | $19,585 |
| 96 | | | $6,391 | $127,254 | | | $133,645 |
| 97 | | | | | $41,582 | $17,607 | $59,189 |
| 98 | | | $18,112 | $14,926 | $1,613 | | $34,652 |
| 99 | | $12,154 | $21,440 | | | | $33,594 |
| 100 | | | | $23,906 | $28,181 | | $52,087 |
| 101 | | $4,039 | $41,325 | | | | $45,364 |
| 102 | | | | $32,937 | $31,001 | | $63,938 |
| 103 | | $12,877 | $11,213 | $1,576 | | | $25,666 |
| 104 | | | $22,700 | $75,971 | | | $98,670 |
| 105 | | $18,508 | $10,522 | | | | $29,030 |
| 106 | | $27,011 | $26,257 | | | | $53,268 |
| 107 | | | $72,790 | $63,957 | | | $136,747 |
| 108 | | $8,023 | $1,950 | | | | $9,973 |
| 109 | | $2,850 | $100,586 | $176 | | | $103,611 |
| 110 | | | | $44,555 | $16,591 | $24,621 | $85,766 |
| 111 | | | | | $875 | $22,507 | $23,382 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 112 | | | $2,509 | $28,461 | $250 | | $31,221 |
| 113 | | $3,663 | $2,929 | | | | $6,592 |
| 114 | | | $68,432 | $580,141 | | | $648,574 |
| 115 | | $43,498 | $16,031 | | | | $59,529 |
| 116 | | $1,685 | $12,993 | $1,703 | | | $16,381 |
| 117 | | $4,093 | $140,912 | $327,258 | $84,385 | | $556,648 |
| 118 | | | | $6,952 | $45,369 | $44,221 | $96,542 |
| 119 | | | $16,790 | $37,046 | $2,866 | | $56,702 |
| 120 | | | | $29,463 | $30,405 | | $59,868 |
| 121 | | | $14,655 | $64,064 | | | $78,719 |
| 122 | | | $1,700 | $48,283 | $563 | | $50,546 |
| 123 | | | | $16,520 | $13,599 | | $30,119 |
| 124 | | $10,662 | $763 | | | | $11,425 |
| 125 | | $7,302 | $20,386 | | | | $27,688 |
| 126 | | | $34,147 | $56,222 | | | $90,369 |
| 127 | | | | | | $17,755 | $17,755 |
| 128 | | $23,716 | $50,436 | $7,475 | | | $81,626 |
| 129 | | | $2,121 | $35,466 | | | $37,588 |
| 130 | | | | | $2,067 | $19,605 | $21,672 |
| 131 | | $10,275 | | | | | $10,275 |
| 132 | | $2,800 | $33,183 | $33,718 | $165 | | $69,867 |
| 133 | | | $27,912 | $847 | | | $28,759 |
| 134 | | | $13,851 | $20,036 | $142 | | $34,029 |
| 135 | | | $12,666 | $38,964 | $7,532 | | $59,162 |
| 136 | | | $35,902 | $137,965 | $10,084 | | $183,951 |
| 137 | | | $15,882 | $99,073 | $42,228 | | $157,183 |
| 138 | | $47,505 | $547,553 | $21,162 | | | $616,220 |
| 139 | | | | | | $27,694 | $27,694 |
| 140 | | | $14,081 | $30,899 | $57,779 | | $102,758 |
| 141 | | | | | | $875 | $875 |
| 142 | | | | | $29,482 | $57,725 | $87,207 |
| 143 | | $5,360 | $29,057 | | | | $34,417 |
| 144 | | $17,248 | $22,532 | $600 | | | $40,380 |
| 145 | | | | | $37,512 | $61,374 | $98,886 |
| 146 | | $10,519 | $137,151 | $79,399 | | | $227,070 |
| 147 | | | | | $3,634 | $37,540 | $41,174 |
| 148 | | | | $16,966 | $16,311 | | $33,277 |
| 149 | | $8,870 | $12,971 | | | | $21,840 |
| 150 | | | | | | $17,103 | $17,103 |
| 151 | | | | | $49,662 | $44,752 | $94,414 |
| 152 | | | $2,526 | $46,994 | | | $49,521 |
| 153 | | $14,496 | $62,140 | $28,882 | | | $105,518 |
| 154 | | | | $3,352 | $21,712 | | $25,064 |
| 155 | | | | $32,571 | $122,059 | $25,565 | $180,195 |
| 156 | | | $34,490 | $7,055 | | | $41,545 |
| 157 | | | | $23,500 | $59,462 | | $82,962 |
| 158 | | $7,928 | $28,419 | $2,177 | $2,950 | | $41,474 |
| 159 | | $11,612 | $4,264 | | | | $15,876 |
| 160 | | | $1,664 | $13,076 | | | $14,740 |
| 161 | | | | $35,458 | $38,817 | $26,872 | $101,147 |
| 162 | | | | | | $23,835 | $23,835 |
| 163 | | | $11,841 | $5,310 | | | $17,151 |
| 164 | | $86,092 | $234,702 | $78 | -$78 | | $320,794 |
| 165 | | | | | $325 | | $325 |
| 166 | | | $15,001 | $34,648 | | | $49,649 |
| 167 | $1,700 | $277,953 | $66,834 | | | | $346,487 |

| # | | | | | | | Total |
|---|---|---|---|---|---|---|---|
| 168 | | | | | $35,124 | $31,900 | $67,024 |
| 169 | | | | $83,207 | | | $83,207 |
| 170 | | $3,572 | $97,375 | -$1,656 | | | $99,291 |
| 171 | | $4,197 | $47,706 | $10,040 | | | $61,943 |
| 172 | | $33,127 | $84,876 | $21,733 | | | $139,736 |
| 173 | | | $18,822 | $4,304 | | | $23,126 |
| 174 | | | | $24,906 | $37,244 | $88 | $62,237 |
| 175 | | $157,135 | $49,112 | $45,786 | | | $252,032 |
| 176 | | $7,022 | $193,802 | $133,650 | | | $334,475 |
| 177 | | | | $19,352 | $28,258 | | $47,610 |
| 178 | | $40,001 | $86,320 | $1,325 | | | $127,646 |
| 179 | | | $6,137 | $4,726 | | | $10,863 |
| 180 | | | | $21,280 | $39,631 | $38,352 | $99,263 |
| 181 | | | | | | $3,906 | $3,906 |
| 182 | | $64,476 | $565,232 | $126,290 | $4,705 | $198 | $760,901 |
| 183 | | | $11,955 | $24,525 | $588 | | $37,067 |
| 184 | | $17,524 | $9,051 | | | | $26,574 |
| 185 | | $8,203 | $32,147 | | | | $40,350 |
| 186 | | | | $28,009 | $27,982 | $990 | $56,981 |
| 187 | | | $5,861 | $20,889 | $5,888 | | $32,638 |
| 188 | | $34,088 | $88,186 | | | | $122,274 |
| 189 | | | | | $10,981 | $127 | $11,108 |
| 190 | | | | $28,458 | $33,248 | | $61,706 |
| 191 | | $19,948 | $116,949 | | | | $136,897 |
| 192 | | | | | $21,116 | $15,325 | $36,441 |
| 193 | | | | | $44,960 | $39,131 | $84,091 |
| 194 | | | | | $23,205 | $18,696 | $41,901 |
| 195 | | | | | $33,782 | $27,734 | $61,516 |
| 196 | | | $50,210 | $163,490 | $10,840 | $192 | $224,732 |
| 197 | | | $15,254 | $87,084 | | | $102,339 |
| 198 | | | | $1,327 | $14,541 | | $15,867 |
| 199 | | | | $4,621 | $43,693 | $313 | $48,627 |
| 200 | | $115,961 | $202,905 | $40,734 | | | $359,600 |
| 201 | | | | | $22,723 | $19,194 | $41,917 |
| 202 | | | | $16,593 | $21,307 | | $37,900 |
| 203 | | | | | $21,464 | $14,742 | $36,207 |
| 204 | | $17,954 | $39,769 | | | | $57,723 |
| 205 | | $4,069 | $240 | | | | $4,309 |
| 206 | | | $1,316 | $22,514 | | | $23,830 |
| 207 | | | | $12,488 | $20,572 | $3,518 | $36,579 |
| 208 | | | $23,988 | $21,122 | | | $45,111 |
| 209 | | $942 | $1,981 | | | | $2,923 |
| 210 | | | | $11,824 | $32,907 | | $44,731 |
| 211 | | | | $15,177 | $1,009 | | $16,186 |
| 212 | | | | $20,828 | $36,307 | $36,418 | $93,554 |
| 213 | | | | $17,507 | $89,455 | $1,998 | $108,960 |
| 214 | | | | $8,717 | $30,561 | $23,170 | $62,447 |
| 215 | | $35,695 | $253,552 | $18,897 | | | $308,144 |
| 216 | | $4,414 | $33,358 | | | | $37,772 |
| 217 | | | $17,203 | $7,153 | | | $24,356 |
| 218 | | $55,152 | $70,953 | $194,741 | | | $320,846 |
| 219 | | $1,700 | $6,860 | $11,080 | | | $19,640 |
| 220 | | | | $46,060 | $329,553 | | $375,613 |
| 221 | | | $37,580 | $115,547 | $1,343 | | $154,470 |
| 222 | | | | | $26,456 | $30,114 | $56,570 |
| 223 | | | | $38,598 | $49,529 | | $88,127 |

| # | | | | | | | Total |
|---|---|---|---|---|---|---|---|
| 224 | | | $1,744 | $19,075 | $17,555 | | $38,374 |
| 225 | | | | $1,700 | $20,069 | $45,118 | $66,887 |
| 226 | | | | $8,889 | | | $8,889 |
| 227 | | | $2,800 | $193,694 | | | $196,494 |
| 228 | | | | $12,292 | $51,080 | $28,839 | $92,211 |
| 229 | | $17,357 | $10,001 | $1,186 | | | $28,545 |
| 230 | | $16,675 | $40,318 | | | | $56,992 |
| 231 | | | $8,532 | $1,891 | | | $10,422 |
| 232 | | | | $23,096 | $31,054 | | $54,150 |
| 233 | | | $3,255 | $6,640 | | | $9,896 |
| 234 | | | $34,345 | $65,628 | | | $99,974 |
| 235 | | | $1,382 | $31,635 | $4,143 | | $37,159 |
| 236 | | | $35,078 | $18,804 | | | $53,881 |
| 237 | | | | | $8,185 | $31,401 | $39,586 |
| 238 | | $67,668 | $135,158 | | | | $202,827 |
| 239 | | | | $39,370 | $22,842 | | $62,211 |
| 240 | | | | $28,106 | $10,934 | | $39,040 |
| 241 | | | $3,051 | $88,499 | $135,255 | $1,328 | $228,133 |
| 242 | | | | $28,626 | $75,350 | $15,969 | $119,944 |
| 243 | | | | $29,581 | $70,509 | $2,762 | $102,852 |
| 244 | | | | $22,292 | $24,529 | $10,861 | $57,681 |
| 245 | | | | | | $13,038 | $13,038 |
| 246 | | | | $1,700 | $30,797 | $3,851 | $36,348 |
| 247 | | $7,800 | $23,259 | | | | $31,059 |
| 248 | | | $2,491 | $16,815 | $11,869 | | $31,175 |
| 249 | | | $37,279 | $607,366 | $4,739 | | $649,385 |
| 250 | | | | $1,175 | | | $1,175 |
| 251 | | | $1,500 | $29,756 | $6,300 | | $37,556 |
| 252 | | | | | $1,625 | | $1,625 |
| 253 | | | | | | $9,319 | $9,319 |
| 254 | | | $11,746 | | | | $11,746 |
| 255 | | | | $71,452 | $51,663 | | $123,115 |
| 256 | | | | $28,192 | $59,249 | | $87,441 |
| 257 | | | $1,700 | $54,562 | | | $56,262 |
| 258 | | $1,726 | $47,150 | | | | $48,876 |
| 259 | | $521 | | | | | $521 |
| 260 | | $16,826 | $39,691 | $114,309 | | | $170,826 |
| 261 | | $30,486 | $21,137 | $525 | | | $52,147 |
| 262 | | $46,533 | $347,817 | | | | $394,350 |
| 263 | | $26,220 | $31,676 | $54,446 | $413,239 | | $525,581 |
| 264 | | $24,107 | $51,516 | $94,624 | | | $170,248 |
| 265 | | | $49,261 | $22,041 | $66,545 | | $137,846 |
| 266 | | | $1,671 | $15,469 | $6,623 | | $23,762 |
| 267 | | | | $6,333 | $133,762 | $11,565 | $151,661 |
| 268 | | $1,417 | $2,975 | $1,563 | | | $5,956 |
| 269 | | | | $47,353 | $63,650 | | $111,002 |
| 270 | | | $1,892 | $22,831 | $141 | | $24,864 |
| 271 | | | | $3,629 | $21,461 | $21,880 | $46,970 |
| 272 | | | $44,225 | $70,195 | $60,399 | | $174,818 |
| 273 | | | | | $19,606 | $14,067 | $33,673 |
| 274 | | | $20,638 | $55,730 | $992 | | $77,360 |
| 275 | | | | | $26,057 | $4,727 | $30,784 |
| 276 | | | $8,276 | $53,840 | | | $62,117 |
| 277 | | | | | $80,069 | $4,255 | $84,325 |
| 278 | | | | $2,282 | $9,730 | | $12,012 |
| 279 | | | | | $79,272 | $1,069 | $80,341 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 280 | | | | $1,100 | | | $1,100 |
| 281 | | $53,505 | $129,847 | | | | $183,353 |
| 282 | | | | $11,623 | $70,224 | $988 | $82,835 |
| 283 | | $67,694 | $369,462 | $1,342 | | | $438,499 |
| 284 | | $27,316 | $16,745 | $1,849 | | | $45,910 |
| 285 | | | | $29,653 | $131,166 | $30,827 | $191,647 |
| 286 | | | $15,813 | $21,902 | | | $37,716 |
| 287 | | | | | $48,997 | $47,135 | $96,132 |
| 288 | | | $81,270 | $4,821 | | | $86,091 |
| 289 | | | | $49,056 | $29,131 | | $78,188 |
| 290 | | $41,166 | $479,682 | $2,284,133 | $516,368 | $143,389 | $3,464,738 |
| 291 | | $5,450 | -$92 | | | | $5,358 |
| 292 | | $2,102 | $16,403 | | | | $18,505 |
| 293 | | | | | $30,086 | $20,031 | $50,117 |
| 294 | | | | $875 | $45,423 | $63,519 | $109,817 |
| 295 | | | $30,033 | $48,457 | | | $78,490 |
| 296 | | | $33,811 | $1,575 | | | $35,387 |
| 297 | | | $10,850 | $80,444 | | | $91,293 |
| 298 | | $1,700 | $23,900 | $32,022 | $1,353 | | $58,975 |
| 299 | | | | $45,005 | $11,004 | | $56,009 |
| 300 | | $24,071 | $71,802 | $778 | | | $96,651 |
| 301 | | | | | | $16,741 | $16,741 |
| 302 | | | | | | $20,712 | $20,712 |
| 303 | | | | $62,798 | $11,830 | $76 | $74,704 |
| 304 | | $53,809 | $129,516 | $208 | | | $183,533 |
| 305 | | $783 | $475 | | | | $1,258 |
| 306 | | $21,424 | $45,711 | $10,637 | | | $77,772 |
| 307 | | $23,538 | $73,729 | | | | $97,267 |
| 308 | | $41,578 | $120,549 | | | | $162,127 |
| 309 | | $5,941 | $38,468 | $3,619 | | | $48,027 |
| 310 | | | $2,350 | $38,203 | $869 | | $41,422 |
| 311 | | | | $23,157 | $33,415 | | $56,572 |
| 312 | | | | $58,217 | $22,292 | | $80,509 |
| 313 | | $79,773 | $12,808 | | | | $92,581 |
| 314 | | | | $19,262 | $22,365 | $7,795 | $49,423 |
| 315 | | $3,869 | $1,163 | | | | $5,032 |
| 316 | | | | $17,227 | $13,521 | | $30,748 |
| 317 | | | | $64,880 | $15,270 | | $80,150 |
| 318 | | | | | $24,401 | | $24,401 |
| 319 | | | $9,899 | $23,861 | | | $33,759 |
| 320 | | | | $23,135 | $28,270 | $5,012 | $56,417 |
| 321 | $2,180 | $215,075 | $283,859 | $3,823 | | | $504,937 |
| 322 | | $875 | $15,541 | | | | $16,416 |
| 323 | | | | | | $10,137 | $10,137 |
| 324 | | | $35,288 | $71,214 | | | $106,502 |
| 325 | | $58,972 | $100,223 | | | | $159,196 |
| 326 | | $7,639 | $16,712 | | | | $24,352 |
| 327 | | | | $11,869 | $653 | | $12,522 |
| 328 | | | $2,250 | $30,110 | $750 | | $33,110 |
| 329 | | $9,634 | -$750 | | | | $8,884 |
| 330 | | $2,850 | $14,644 | $88 | | | $17,582 |
| 331 | | $4,269 | $12,189 | | | | $16,458 |
| 332 | | | | $7,415 | $13,080 | | $20,495 |
| 333 | | $58,052 | $26,386 | | | | $84,439 |
| 334 | | | | $12,097 | $15,042 | $23,532 | $50,671 |
| 335 | | | $5,001 | | | | $5,001 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 336 | | | | $31,838 | | | $31,838 |
| 337 | | | $18,175 | $26,183 | | | $44,358 |
| 338 | | $50,509 | $101,942 | | | | $152,451 |
| 339 | | $11,173 | $45,190 | | | | $56,363 |
| 340 | | | | $425 | | | $425 |
| 341 | | $2,088 | $300 | | | | $2,388 |
| 342 | | | | $29,996 | $25,024 | | $55,021 |
| 343 | | | | | $45,934 | $65,019 | $110,953 |
| 344 | | | $49,611 | $41,054 | | | $90,665 |
| 345 | | $12,590 | $24,422 | | | | $37,011 |
| 346 | | | $11,092 | $18,818 | | | $29,910 |
| 347 | | | $2,612 | $1,287 | | | $3,899 |
| 348 | | | | $1,488 | $31,930 | $225 | $33,643 |
| 349 | | | $18,963 | $30,832 | | $79 | $49,875 |
| 350 | | | | | $46,711 | $24,161 | $70,872 |
| 351 | | | $35,834 | $18,907 | | | $54,741 |
| 352 | | $57,217 | $40,612 | $137 | | | $97,965 |
| 353 | | | $2,407 | $49,390 | $8,496 | | $60,294 |
| 354 | | | | $26,458 | $12,588 | $1,114 | $40,160 |
| 355 | | | | | $36,690 | $29,775 | $66,466 |
| 356 | | $11,660 | $377,042 | $98,720 | | | $487,422 |
| 357 | | $6,844 | $18,414 | | | | $25,258 |
| 358 | | | | $38,204 | $13,716 | | $51,921 |
| 359 | | | | | $42,791 | $11,364 | $54,156 |
| 360 | | | $2,250 | $29,636 | $23,559 | $460 | $55,905 |
| 361 | | | $23,229 | $15,925 | | | $39,154 |
| 362 | | | | | | $13,197 | $13,197 |
| 363 | | | | | $48,321 | | $48,321 |
| 364 | | | $1,654 | $24,702 | $15,096 | | $41,453 |
| 365 | | | $16,276 | $25,510 | | | $41,786 |
| 366 | | | | $30,091 | $35,579 | | $65,671 |
| 367 | | | | $37,331 | $36,904 | $8,777 | $83,012 |
| 368 | | | $6,735 | $10,205 | | | $16,941 |
| 369 | | | | $25,412 | $17,421 | $10,550 | $53,382 |
| 370 | | | | $9,131 | $48,679 | $15,558 | $73,368 |
| 371 | | | | $48,145 | $15,179 | | $63,323 |
| 372 | | | | $26,450 | $46,381 | | $72,831 |
| 373 | | | | $18,053 | $107,593 | $13,344 | $138,991 |
| 374 | | | | $25,164 | $33,533 | | $58,697 |
| 375 | | $23,431 | | | | | $23,431 |
| 376 | | | | | $13,545 | $55 | $13,600 |
| 377 | | $6,501 | -$225 | | | | $6,276 |
| 378 | | | | | $46,461 | $28,409 | $74,870 |
| 379 | | | | | $15,441 | $34,357 | $49,797 |
| 380 | | | $14,695 | $3,449 | | | $18,144 |
| 381 | | $102,022 | $155,828 | $120 | | | $257,971 |
| 382 | | | | $16,431 | | | $25,907 |
| 383 | | | | | $4,089 | $26,610 | $30,700 |
| 384 | | | | $82,729 | | | $82,729 |
| 385 | | | | | $2,650 | $14,607 | $17,257 |
| 386 | | $3,208 | $22,642 | $19,519 | | | $45,368 |
| 387 | | | $2,508 | $56,187 | $1,308 | | $60,003 |
| 388 | | | $1,557 | $33,399 | $11,194 | | $46,150 |
| 389 | | | $7,297 | $14,707 | | | $22,004 |
| 390 | | | $17,465 | $13,960 | $140 | | $31,565 |
| 391 | | | | | $32,890 | $11,108 | $43,997 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 392 | | | $2,926 | $28,151 | | | $31,078 |
| 393 | | | | $7,263 | $23,940 | $2,230 | $33,432 |
| 394 | | | | | $18,392 | $38,552 | $56,944 |
| 395 | | $1,972 | $53,929 | $1,052 | | | $56,953 |
| 396 | | | | | $10,524 | $7,417 | $17,941 |
| 397 | | | | $31,818 | $30,310 | $31,217 | $93,344 |
| 398 | | | $45,400 | $107,660 | | | $153,060 |
| 399 | | | | | | $21,165 | $21,165 |
| 400 | | | | | $875 | $27,898 | $28,773 |
| 401 | | $60,606 | $144,516 | | | | $205,122 |
| 402 | | | $3,903 | $36,077 | $4,204 | | $44,183 |
| 403 | | | | $12,676 | $18,406 | | $31,082 |
| 404 | | $3,120 | $16,917 | | | | $20,037 |
| 405 | | | | $22,790 | | | $22,790 |
| 406 | | $43,709 | $39,772 | $254 | | | $83,734 |
| 407 | | $14,197 | $16,757 | | | | $30,954 |
| 408 | | $11,756 | $17,053 | | | | $28,809 |
| 409 | | $58,168 | $811 | | | | $58,979 |
| 410 | | | $4,176 | $32,309 | $6,893 | | $43,378 |
| 411 | | $9,261 | $58,500 | $432,959 | | | $500,720 |
| 412 | | $4,034 | $15,229 | $743 | | | $20,005 |
| 413 | | | | | $23,483 | $15,385 | $38,868 |
| 414 | | | | | $27,997 | $25,810 | $53,808 |
| 415 | | | | $16,399 | $22,688 | $194 | $39,282 |
| 416 | | | | | $28,816 | $7,809 | $36,625 |
| 417 | | | | $325 | | | $325 |
| 418 | | $5,286 | $7,700 | $24,936 | | | $37,921 |
| 419 | | | | | $28,741 | $6,012 | $34,753 |
| 420 | | $30,535 | $585 | $130 | $957 | | $32,206 |
| 421 | | | $1,892 | $46,087 | $827 | | $48,805 |
| 422 | | | $15,692 | $13,084 | | | $28,776 |
| 423 | | | | $23,014 | $24,027 | -$891 | $46,150 |
| 424 | | $45,482 | $74,423 | $10,107 | | | $130,012 |
| 425 | | | $19,898 | $27,825 | $1,791 | | $49,514 |
| 426 | | | | | $27,035 | $27 | $27,062 |
| 427 | | | | $16,466 | $13,963 | | $30,428 |
| 428 | | | $1,739 | $25,026 | | | $26,765 |
| 429 | | | | | $34,215 | $36,627 | $70,842 |
| 430 | | | $11,226 | $262,807 | $157,390 | $7,500 | $438,923 |
| 431 | | | $20,928 | $267 | | | $21,195 |
| 432 | | | $18,140 | $31,315 | | | $49,455 |
| 433 | | | | $8,337 | $39,178 | $32,394 | $79,909 |
| 434 | | $4,960 | $5,529 | | | | $10,489 |
| 435 | | | | $20,149 | $5,295 | | $25,443 |
| 436 | | | | $30,347 | $37,877 | | $68,224 |
| 437 | | | $8,372 | $20,990 | | | $29,362 |
| 438 | | | $3,319 | $20,201 | $14,292 | | $37,812 |
| 439 | | | | | $6,021 | | $6,021 |
| 440 | | | $15,311 | $17,233 | | | $32,543 |
| 441 | | | | | $23,079 | $9,292 | $32,370 |
| 442 | | $6,909 | $78,666 | | | | $85,575 |
| 443 | | | $8,541 | $11,944 | | | $20,485 |
| 444 | | | | $425 | | | $425 |
| 445 | | | $1,700 | $31,159 | $563 | | $33,422 |
| 446 | | | $23,299 | $128,491 | $30,122 | | $181,912 |
| 447 | | | | $425 | | | $425 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 448 | | $6,315 | $15,945 | | | | $22,259 |
| 449 | | | $14,552 | $311,009 | | | $325,561 |
| 450 | | | | $36,937 | $64,205 | $12 | $101,153 |
| 451 | | $2,397 | | | | | $2,397 |
| 452 | | | $1,378 | $29,540 | $212 | | $31,130 |
| 453 | | $10,255 | $16,069 | | | | $26,324 |
| 454 | | | | | | $1,700 | $1,700 |
| 455 | | | | $37,107 | $26,174 | | $63,280 |
| 456 | | | $8,304 | $66,322 | $13,520 | $19,647 | $107,793 |
| 457 | | | | $40,337 | $70,698 | | $111,035 |
| 458 | | | | $43,902 | $124,760 | $2,009 | $170,671 |
| 459 | | | | | $1,100 | $22,258 | $23,358 |
| 460 | | | $67,462 | $559,165 | $178,587 | | $805,213 |
| 461 | | | $1,700 | $23,649 | | | $25,349 |
| 462 | | | | | $33,945 | $13,453 | $47,398 |
| 463 | | | | $425 | | | $425 |
| 464 | | | $8,648 | $10,667 | | | $19,316 |
| 465 | | | | $7,050 | $11,718 | $26,343 | $45,112 |
| 466 | | | | $150,559 | $323,744 | $104,804 | $579,107 |
| 467 | | | | $34,603 | | | $34,603 |
| 468 | | | $4,066 | $9,417 | $3,401 | | $16,884 |
| 469 | | | | | $6,301 | $11,899 | $18,200 |
| 470 | | | | $6,138 | $24,381 | $17,272 | $47,791 |
| 471 | | $14,770 | $18,225 | | | | $32,995 |
| 472 | | | | $25,495 | $8,746 | | $34,242 |
| 473 | | | | $39,906 | $83,735 | $18,997 | $142,638 |
| 474 | | | $1,100 | $34,117 | $8,760 | | $43,977 |
| 475 | | $41,530 | $269,812 | | | | $311,342 |
| 476 | | $3,535 | $9,727 | $11,057 | | | $24,319 |
| 477 | | $2,529 | $55,149 | $2,854 | | | $60,532 |
| 478 | | | | $32,931 | $24,417 | | $57,348 |
| 479 | | | | $27,669 | $11,287 | | $38,956 |
| 480 | | $29,701 | $92,750 | | | | $122,451 |
| 481 | | $14,646 | $40,015 | $68 | | | $54,729 |
| 482 | | $11,878 | $78,974 | | | | $90,852 |
| 483 | | | $1,140 | $2,156 | | | $3,295 |
| 484 | | $32,327 | $172,531 | $2,292 | | | $207,151 |
| 485 | | $5,528 | $3,462 | | | | $8,990 |
| 486 | | $4,132 | $527,722 | $36,594 | $365,285 | | $933,733 |
| 487 | | | $123,788 | $1,459,820 | $150 | | $1,583,757 |
| 488 | | | $13,051 | $21,040 | | | $34,092 |
| 489 | | | $24,500 | $12,360 | $14,934 | | $51,794 |
| 490 | | | | $27,833 | $140,642 | $6,215 | $174,690 |
| 491 | | | $18,982 | $66,453 | | | $85,436 |
| 492 | | | $10,452 | $57,575 | $44 | | $68,070 |
| 493 | | $58,222 | $9,881 | $1,320 | | | $69,423 |
| 494 | | | | $19,915 | $36,789 | $19,761 | $76,465 |
| 495 | | | $3,468 | $77,296 | $1,149 | | $81,913 |
| 496 | | | | $22,817 | $22,031 | $22,086 | $66,933 |
| 497 | | $14,608 | $41,708 | $337 | | | $56,652 |
| 498 | | | $13,560 | $95,471 | $2,436 | | $111,467 |
| 499 | | | | $12,647 | $21,222 | $38,826 | $72,695 |
| 500 | | | | $21,112 | $49,439 | $7,739 | $78,290 |
| 501 | | $2,420 | $14,841 | $42,657 | | | $59,918 |
| 502 | | | | | | $21,438 | $21,438 |
| 503 | | | $78,074 | $74,994 | | | $153,068 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 504 | $8,066 | $993,101 | -$11,762 | | | | $989,405 |
| 505 | | | $1,512 | $41,312 | -$6,214 | | $36,610 |
| 506 | | | $12,351 | $20,095 | | | $32,446 |
| 507 | | | | $43,332 | $32,220 | | $75,552 |
| 508 | | $6,316 | -$2,188 | | | | $4,128 |
| 509 | | | | | $28,326 | $19,800 | $48,127 |
| 510 | | | | | $29,160 | $36,951 | $69,116 |
| 511 | | $5,354 | $90,384 | $42,908 | $10,612 | | $149,257 |
| 512 | | | | $32,436 | $312,083 | $6,567 | $351,085 |
| 513 | | $39,648 | $88,263 | | | | $127,912 |
| 514 | | | | $2,927 | $51,317 | $17,869 | $72,113 |
| 515 | | | $11,929 | $36,939 | | | $48,868 |
| 516 | | | | $1,295 | $13,847 | | $15,142 |
| 517 | | $5,151 | $19,062 | | | | $24,213 |
| 518 | | $9,636 | $375 | | | | $10,011 |
| 519 | | | | $49,424 | $20,067 | | $69,491 |
| 520 | | | | | | $3,610 | $3,610 |
| 521 | | | | $29,263 | $90,099 | $3,236 | $122,597 |
| 522 | | | | $22,305 | $18,980 | | $41,285 |
| 523 | | | $3,379 | $83,376 | $49 | | $86,804 |
| 524 | | $54,141 | $419,852 | | | | $473,993 |
| 525 | | | | | $23,200 | $14,944 | $38,144 |
| 526 | | | $3,658 | $158,962 | $6,187 | | $168,806 |
| 527 | | | | $23,501 | $68,666 | $28 | $92,196 |
| 528 | | | | | $33,986 | $29,352 | $63,337 |
| 529 | | $531 | $1,008 | | | | $1,539 |
| 530 | | | | $1,181 | $28,422 | | $29,602 |
| 531 | | | $2,977 | $39,305 | $12,738 | | $55,020 |
| 532 | | | $1,563 | $23,430 | | | $24,993 |
| 533 | | | | $13,782 | $50,133 | | $63,915 |
| 534 | | | | $34,249 | $47,629 | | $81,878 |
| 535 | | $8,576 | $650 | | | | $9,225 |
| 536 | | | | | | $1,700 | $1,700 |
| 537 | | | | $22,027 | $12,034 | | $34,061 |
| 538 | | | | $24,954 | $80,335 | $60,889 | $166,179 |
| 539 | | $4,160 | | | | | $4,160 |
| 540 | | | $8,608 | $99,129 | | | $107,737 |
| 541 | | | $1,265 | $19,260 | | | $20,525 |
| 542 | | | $13,532 | $9,933 | | | $23,465 |
| 543 | | $4,967 | $26,398 | | | | $31,365 |
| 544 | | | | | $19,218 | $21,598 | $40,816 |
| 545 | | | | | | $32,457 | $32,457 |
| 546 | | | $15,981 | $36,190 | | | $52,171 |
| Grand Total | $14,746 | $4,858,316 | $13,868,184 | $17,625,687 | $10,300,709 | $3,515,990 | $50,183,631 |