**Hearing Date and Time: January 29, 2014 at 10:00 a.m. (Prevailing Eastern Standard Time)**
**Objection Date and Time: January 22, 2014 at 4:00 p.m. (Prevailing Eastern Standard Time)**

Wong Fleming
821 Alexander Road
Suite 200, P.O. Box 3663
Princeton, NJ  08540
Telephone:  (609) 951-9520
Facsimile:  (609) 951-0270
James K. Haney, Esq.
Daniel Fleming, Esq.

Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio  43215
Telephone:  (614) 227-8802
Facsimile:  (614) 227-2390
Quintin F. Lindsmith, Esq. (admitted *pro hac vice*)

*Attorneys for Nationwide Life Insurance Company and Nationwide Mutual Insurance Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS, *et al*.<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP) |

**LIMITED OBJECTIONS OF NATIONWIDE LIFE INSURANCE COMPANY AND NATIONWIDE MUTUAL INSURANCE COMPANY TO JOINT MOTION OF LEHMAN BROTHERS HOLDINGS, INC. AND LITIGATION SUBCOMMITTEE OF CREDITORS' COMMITTEE, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1), TO EXTEND STAY OF AVOIDANCE ACTIONS AND TO GRANT CERTAIN RELATED RELIEF**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

I.   NATURE OF OBJECTION ...................................................................................... 1

II.  DISCUSSION ............................................................................................................ 2

   A.   The Proposed Order Would Improperly Lock In The Order Of Subject Matters. ................. 2

      1.   The Scheduling Protocol Is Gratuitous And Unnecessary. ............................. 3

      2.   Deciding The Order Of Subject Matters Now Is Prejudicial To The Defendants. ........... 3

      3.   The Proposed "Sequencing" Violates Substantive Rights. ............................. 4

      4.   Embedding Proposed Phase I Would Order Something That Cannot Be Done. ............. 5

   B.   The Proposed Order Should Include A Coterminous Lifting Of The SPV ADR Stay. ................................................................................................. 9

III.  CONCLUSION ........................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

Authors Guild, Inc. v. Google Inc., 721 F.3d 132 (2nd Cir. 2013).................................................. 5

Carrera v. Bayer Corporation, et al., 727 F.3d 300, 307 (3rd Cir. 2013)........................................ 4

Lehman Bros. Special Financing, Inc. v. BNY Corp. Trustees Svcs., Ltd., 422 B.R. 407
   (Bankr. S.D.N.Y. 2010)................................................................................................................4

**Other Authorities**

Black's Law Dictionary, (5th Ed., 1979).........................................................................................7

I.  **NATURE OF OBJECTION**

Nationwide Life Insurance Company and Nationwide Mutual Insurance Company (together hereafter referred to as the "Nationwide Parties") are defendants in what LBHI labels the "Distributed Action," <u>Lehman Brothers Special Financing, Inc. v. Bank of America National Association, et al.</u>, Adv. Proc. No. 10-03547 (JMP). The Nationwide Parties were not named in the original Complaint or the First Amended Complaint in the Distributed Action. They were added as "Noteholder Defendants" when Plaintiff Lehman Brothers Special Financing ("LBSF") filed its Second Amended Complaint in the Distributed Action on July 23, 2012.[1]

The Nationwide Parties make a limited objection to the seventh stay and only as to the Distributed Action. The Nationwide Parties do not object to a four-month extension of the current stay, provided it is truly the final such extension that will truly expire on its own terms. This limited objection is based upon LBHI's insertion into the proposed order a "litigation protocol" which it defines as the "Distributed Action Protocol." In particular, the proposed order includes the adoption of the definition and therefore the scope of the "Phase I Distributed Action Scheduling Order." This presents two categories of problems:

1. The proposed order would prematurely cement the defendants into an order of litigation by subject matter before they can even see what the proposed "Scheduling Order" looks like; and

2. The proposed order does not allow for a lifting of the SPV ADR Stay at the same time that the four-month stay is proposed to expire on May 20, 2014.

The Nationwide Parties would withdraw their objection if (1) the referenced part of the Distributed Action Protocol was removed from the proposed order, and (2) the order included a coterminous expiration of the SPV ADR Stay.

---

[1] Doc 303-1.

## II. DISCUSSION

### A. The Proposed Order Would Improperly Lock In The Order Of Subject Matters.

LBHI proposes three phases that will govern the litigation proceedings in the distributed action. It defines "Phase I Distributed Action Matters" as involving:

- The issue of class certification;
- "Various related issues";
- "Potential motions" by Defendants for class representative appointment;
- Class discovery;
- Class certification briefing;
- "Disposition" of class certification; and
- "The application of class tolling and statute of limitation issues."[2]

It does not include responsive pleadings.

"Phase II Distributed Action Matters" is even more vague; it is to involve "individual pretrial issues that may not be resolved by virtue of the class certification issue, such as statute of limitation defenses and challenges to personal jurisdiction not resolved in the context of class certification."

It is not until "Phase III Distributed Action Matters" that the Defendants would be able to file for the first time "responsive pleadings." That is, the protocol proposed by LBHI would have all class certification proceedings completely finished before any Defendants could even file an answer and assert affirmative defenses, including affirmative defenses as to class allegations.

This is highly unusual and unprecedented. And by including this schedule in the proposed order instead of just presenting to the Court a simple order for extension of the stay, LBHI creates a number of problems.

---

[2] LBHI Br., p. 16.

2

**1.    The Scheduling Protocol Is Gratuitous And Unnecessary.**

LBHI is asking the Court to order Lehman Brothers Specialty Finance "LBSF" to file a proposed scheduling order (and presumably a motion to accept the order) and to set deadlines and hearings in response to the filing. It wants the Court to order LBSF to file a "Phase I Distributed Action Scheduling Order" by February 19, 2014. But it never explains why LBSF needs to be ordered by the Court to do this. It never explains why LBSF cannot simply file a motion with a proposed scheduling order on or before February 19.

If all LBSF seeks is a schedule for briefing on a motion it has yet to file, then it should just ask for that. But it embeds in its proposed order a defined term – "Phase I Distributed Action Scheduling Order" – which draws artificial and unwarranted parameters of what can be contested in Phase I and therefore what cannot. And this gets to the second problem.

**2.    Deciding The Order Of Subject Matters Now Is Prejudicial To The Defendants.**

It appears that LBHI wants to be ordered to file a motion for issuance of a scheduling order because it wants the Court to decide now the order of subject matters before the Defendants can even see what the "Phase I Distributed Action Scheduling Order" looks like. The proposed topics include "various related issues" with no identification of what those issues might be.

But worse, by attempting to draw predetermined boundaries of what is to be included within "Phase I," the Court would be ordering now an exclusion of other topics from Phase I, including the filing of responsive pleadings. That is, in the event one or more Defendants object to the proposed "Phase I Distributed Action Scheduling Order" on the grounds that it does not allow for the filing of responsive pleadings, LBSF will likely argue that such an objection is

3

barred where this Court has already determined the order of subject matters in the proposed order at issue.

Defendants will be precluded from seeking to modify the scope of Phase I.

### 3. The Proposed "Sequencing" Violates Substantive Rights.

If the order is entered as proposed, it will establish a protocol unheard of in class litigation – completing the entire class certification phase to disposition before the Defendants can even assert affirmative defenses or even raise pleading deficiencies. It essentially presumes that class certification is a foregone conclusion so that the Court can dispense with allowing the Defendants to exercise their most basic rights to respond to the complaint and assert defenses until after a class is certified.

As the Court knows, Nationwide has repeatedly objected that it has been unfair to allow LBFS to use the sword of Lehman Bros. Special Financing, Inc. v. BNY Corp. Trustees Svcs., Ltd., 422 B.R. 407, 420-21 (Bankr. S.D.N.Y. 2010) ("BNY") without allowing Defendants to file a proportionate response challenging BNY and asserting other potentially dispositive defenses. LBSF has been permitted to raise a sword, but the Defendants have not been permitted to raise a shield, thereby creating a titled table of leverage going into settlement negotiations. But what LBSF now proposes is much worse.

To allow LBSF to fully and completely prosecute all class certification issues while barring – or "staying" the defendants from filing any responsive pleading would be a denial of a substantive right. It would be a denial of due process by barring the Defendants from even asserting various affirmative defenses. See, e.g., Carrera v. Bayer Corporation, et al., 727 F.3d 300, 307 (3rd Cir. 2013) ("A defendant in a class action has a due process right to raise individual

4

challenges and defenses to claims, and a class action cannot be certified in a way that eviscerates this right or masks individual issues.")

In fact, the Second Circuit has recently ruled that a court cannot certify a class before considering defenses "which might moot the litigation."  In Authors Guild, Inc. v. Google Inc., 721 F.3d 132 (2nd Cir. 2013), the court vacated the district court's certification of a proposed class because the district court did not consider an affirmative defense that, if successful, would have mooted all class issues.

But even worse, Proposed Phase I as defined by LBHI does not even fit with how LBSF has repeatedly pled its claims over the last three-and-a-half years.

### 4. Embedding Proposed Phase I Would Order Something That Cannot Be Done.

#### a. One Cannot Join All 170 "Class Members" And Then Have Them Self-Nominate Representatives.

F.R. Civ. Rule 23 begins:

> (a)    **Prerequisites**.  One or more members of a class may sue or be sued *as representative parties* on behalf of all members… .  (Emphasis added.)

That is, class actions can only be brought by or against class representatives.  The rule does *not* allow the joining of the entire "class" as parties and then appointing the representatives of that class at a later time. But that is essentially what LBHI is proposing.  LBHI defines "Phase I Distributed Action Matters" as involving "potential motions *by Defendants* in the Distributed Action *for class representative appointment*."[3]  (Emphasis added.)  LBHI apparently believes that it is not the Plaintiff who selects the defendant class representatives, as expressly provided in

---
[3] LBHI Br., p. 16.

5

Rule 23, but that the defendants self-nominate representatives. Worse, LBHI appears to have forgotten that LBSF has already identified the class representatives.

      b.    A Plaintiff Cannot Join All 170 "Class Members" And Then Declare Them "Representatives" Of Themselves.

The second amended complaint states in paragraph 21:

> The Noteholders are sued **_both individually_**, **_and as representatives of a class of all Noteholders_** who received Distributions from the Trustees following LBSF's bankruptcy filing (the "Noteholder Class").[4]
> (Emphasis added.)

So, LBSF joined every member of the "Noteholder Class" and named them "individually." After all, that is why it sought three-and-a-half years of stays – so it could identify, join, and serve every Noteholder.[5] It took a while, but with the Court's assistance, LBSF found a practical way to join all 170 Noteholders, including 85 Noteholders in 18 foreign Countries. All but two have been served.[6]

But LBSF also alleges that every putative class member is a representative *of themselves*. To maintain the surface patina of a class action, LBSF had to allege this because class actions can only be brought against "representative parties." Civ. R.23 (a). If it had named a handful of representatives (as should happen in defendant class actions), it would have had to send notices to non-joined putative class members which would have included deadlines to opt out. Such would have been necessary if LBSF wanted to have an argument of tolling the statute of limitations on class members (which it does not). But LBSF did not want to go that route.

---

[4] Doc. 237-3.
[5] See, e.g., Debtors' Motion to Extend Stay of Avoidance Actions and Grant Certain Related Relief, Doc. No. 17195, p. 3., requesting extension of stay and service deadline to allow the Debtors to "complete service of the applicable summons and complaint on the Avoidance Action defendants." See also, Debtors' Motion to Extend Stay of Avoidance Actions and Grant Certain Related Relief, Filed December 21, 2012. LBSF had served 78 of 92 Noteholder Defendants in the U.S. and requested another six months to complete service on the rest, plus any of the unserved 85 Noteholder Defendants in foreign jurisdictions.
[6] LBHI confirms that LBSF has secured service on all U.S. Noteholder Defendants (except two that are being or have been dissolved) and all but two of the 85 foreign Noteholder Defendants. LBHI Motion, p. 23.

Instead, LBSF wanted each of the Noteholders joined as a party to the Distributed Action so they would be subject to the court's orders, particularly the SPV ADR Order.[7] It wanted to force the Noteholders into the SPV ADR process with the sword of BNY and secure favorable settlements with a tilted table.

The proposed Distributed Action Protocol is now revealing the cracks in LBHI's strategy. Wanting to eat its cake and still have it, LBSF deliberately chose dual strategies that could not hold up over the long term, because the strategies are mutually exclusive. One cannot actually join all putative class members, as LBSF has done, and then declare them all "representatives" of themselves. Either the plaintiff (1) joins everyone, or (2) joins a small group of true "representatives." It can only be one or the other. The same collection of defendants cannot be representatives of themselves. "Representative" means "one who represents or stands in the place of another." Black's Law Dictionary, Fifth Ed.[8]

Until now, LBSF has enjoyed only the benefits of two mutually exclusive strategies without the burdens that come with each.

For example, if it had truly joined only representatives, LBSF would have faced the burden that putative class members would not have been bound by the SPV ADR Order, would not have been subject to a stay (indeed, the arguments for serial stays would not have existed), and could likely have opted out by now.

Alternatively, if LBSF had cleanly presented the Distributed Action as a non-class action because LBSF had found a practical way to join all class members,[9] it would have faced the

---

[7] The Court's July 2012 Amended Order Providing For Alternative Dispute Resolution Procedures For Affirmative Claims Of The Debtors Under Derivatives Transactions With Special Purpose Vehicle Counterparties, Doc. No. 29507.

[8] Indeed, a "class or representative action" is defined as an action where "one or more may sue or be sued as representatives of the class without needing to join every member of the class." Id.

[9] Since it found a practical way to join all Noteholders, LBSF cannot meet the very first prerequisite of a class action - that "the class is so numerous that joinder of all members is impractical." Civ. R. 23(a)(1).

7

burden of having to work with each litigant who did not settle - and participate in settlement discussions knowing it would have that burden, thereby creating greater motivation for settlement.[10]

        c.     <u>The Proposed Order Would Sanction A Process That Is Not Permitted.</u>

While the Nationwide Parties do not want to get too deeply into the class certification issues, it mentions the foregoing because, again, LBHI defines "Phase I Distributed Action Matters" as involving "potential motions by Defendants in the Distributed Action for class representative appointment." But there is nothing in Rule 23 that says anything about class members nominating themselves as class representatives. And the protocol ignores the fact LBSF has already identified the representative parties – those listed as Defendants in the second amended complaint. If it now denies doing so, such would be an admission that the Distributed Action is not a class action and was not when it was filed in September 2010, which would have wide-ranging implications for later joined parties, such as Nationwide.[11]

For the Court to issue a scheduling order that implicitly sanctions a motion practice that is not even permitted under the Civil Rules would create many more problems than resolutions.

---

[10] Moreover, there would be no need for the entire class certification process – motions for class certification, appointment of representatives, class discovery and briefing – all of which, in addition to being wholly inconsistent with LBSF's strategy, would be a monumental waste of judicial resources.

[11] LBSF may have painted itself into a corner by choosing such a mutually exclusive strategy. Even if it embraces its identification of every putative class member as representing themselves, LBSF remains vulnerable to defeat because it has not in substance filed an action against true representatives.

**B.     The Proposed Order Should Include A Coterminous Lifting Of The SPV ADR Stay.**

If the Court is going to accept some or all of the litigation protocol, the orders issued from the different Phases will presumably have within them any limitations on the litigation applicable to all parties. This would result from the contested proceedings that would follow the filing of each "Phase" "Scheduling Order."

In view of this ongoing ability of the Court to manage its docket within the Civil Rules and while preserving the parties' rights, it would be unfair to have the stay governing the Avoidance Actions expire on May 20, 2014, while requiring only some of the Defendants to continue to be subject to the SPV ADR Stay. Such would result in a disparate treatment between defendants that have received SPV ADR Notices and those that have not, with one set of defendants allowed to litigate and another barred from doing so (even if they have complied with the ADR process and not reached a resolution with LBSF).

Moreover, the reason for continuing the SPV ADR stay that has no expiration date will have become moot by May 20. By that time, all proceedings in LBHI's proposed Phase I (assuming LBHI will follow the schedule outlined in its motion even if the court does not order it) will be done while both stays are in effect. The hearing on April 9, 2014 will be complete and presumably an order will issue shortly thereafter. If there is to be any limitation on the litigation at that time, such can be set forth in the resulting order, if LBSF's requests are granted.

IF LBSF is denied what it wants, then there will be no reason why both stays should remain after May 20, 2014. If the Court grants some or all of what LBSF wants, including limitations on facets of the litigation, such would be in that order. Either way, the grounds for retaining the SPV ADR Stay after May 20, 2014, would be moot. Therefore, any order entered

9

by the court granting LBSF a further and final extension of the stay should also provide for a coterminous lifting of the SPV ADR Stay.

### III. CONCLUSION

WHEREFORE, for the forgoing reasons, the Nationwide Parties respectfully request the Court to sustain its limited objection and (1) place in the order confirmation that a further four-month stay is truly the final stay, (2) remove the Distributed Action Protocol from the proposed order, and (3) provide that the order include a coterminous expiration of the SPV ADR Stay.

Respectfully submitted,

Dated: January 22, 2014    /s/ James K. Haney
James K. Haney
Daniel Fleming
Wong Fleming, P.C.
821 Alexander Road, Suite 200
Princeton, NJ  08540
Telephone:  (609) 951-9520
Facsimile:  (609) 951-0270

Quintin F. Lindsmith, Esq.
(admitted *pro hac vice*)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio  43215
Telephone:  (614) 227-8802
Facsimile:  (614) 227-2390

*Attorneys for Nationwide Life Insurance Company and Nationwide Mutual Insurance Company*

Wong Fleming
821 Alexander Road
Suite 200, P.O. Box 3663
Princeton, NJ  08540
Telephone:  (609) 951-9520
Facsimile:  (609) 951-0270
James K. Haney, Esq.
Daniel Fleming, Esq.

Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio  43215
Telephone:  (614) 227-8802
Facsimile:  (614) 227-2390
Quintin F. Lindsmith, Esq. (admitted *pro hac vice*)

*Attorneys for Nationwide Life Insurance Company and*
*Nationwide Mutual Insurance Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, *et al*. | Case No. 08-13555 (JMP) |
| Debtors. | |

**CERTIFICATE OF SERVICE**

      I, James Haney, hereby certify that on this 22nd day of January 2014, a true and correct copy of the *Limited Objections of Nationwide Life Insurance Company and Nationwide Mutual Insurance Company to Joint Motion of Lehman Brothers Holdings, Inc. and Litigation Subcommittee of Creditors' Committee, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), to Extend Stay of Avoidance Actions and to Grant Certain Related Relief* has been filed and served electronically on all counsel of record.

The undersigned further certifies that a true copy of the foregoing documents were served on the following parties via First Class, U.S. Mail, postage prepaid, on this 22nd day of January 2014, properly addressed as follows:

Honorable James M. Peck
One Bowling Green
Courtroom 601
New York, NY  10004

Weil Gotschal & Mages LLP
767 Fifth Avenue
New York, NY  10153
Attn:   Richard W. Slack, Esq.
        Jacqueline Marcus, Esq.
*Attorneys for LBHI*

Unites States Trustee
33 Whitehall Street – 21st Floor
New York, NY  10004
Attn:   Tracy Hope Davis, Esq.
        Elisabetta Gasparini, Esq.
        Andrea Schwartz, Esq.

Millbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY  10005
Attn:   Dennis F. Dunne, Esq.
        Evan Fleck, Esq.
        Dennis O'Donnell, Esq.
*Attorneys for the Committee*

/s/ James K. Haney
James K. Haney

2