Hearing Date and Time: January 29, 2014 at 10:00 a.m. (Prevailing Eastern Time)

**HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, Virginia 23219
Tel: (804) 788-8200
Fax: (804) 788-8218
Benjamin C. Ackerly
Shannon E. Daily

-and-

200 Park Avenue, 52nd Floor
New York, New York 10166-0005
Tel: (212) 309-1000
Fax: (212) 309-1100
John R. Hein

*Attorneys for Noteholder Defendant
Shenandoah Life Insurance Company*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | Case No. 08-13555 (JMP) |
| Debtors. | |

**LIMITED OBJECTION OF DEFENDANT SHENANDOAH
LIFE INSURANCE COMPANY TO MOTION OF LEHMAN BROTHERS
HOLDINGS INC. PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 7004(a)(1) TO EXTEND STAY OF AVOIDANCE
ACTIONS AND GRANT CERTAIN RELATED RELIEF**

Defendant Shenandoah Life Insurance Company ("Shenandoah") hereby files this Limited Objection (the "Limited Objection") to the *Motion of Lehman Brothers Holdings Inc. Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), to Extend Stay of Avoidance Actions and Grant Certain Related Relief* [D.I. 42023] (the "Motion") filed by

Debtor and Plan Administrator Lehman Brothers Holdings Inc. ("LBHI") on January 10, 2014. In support of its Limited Objection, Shenandoah respectfully states as follows:

### I. Preliminary Statement

1. Shenandoah, a Virginia life insurance corporation, was the noteholder/beneficiary of an ISDA Master Agreement dated as of April 10, 2007, between Debtor Lehman Brothers Special Financing Inc. ("LBSF"; together with LBHI, the "Debtors") and Penn's Landing CDO SPC, as issuer. Shenandoah is a noteholder defendant (collectively with its co-defendants, the "Defendants") in Adversary Proceeding No. 10-03547 commenced by Debtor LBSF on September 14, 2010, and referred to as the "Distributed Action." Shenandoah was added as a defendant to the Distributed Action on July 23, 2012, when LBSF filed its second amended complaint.

2. In the Motion, LBHI seeks to extend the Stay of Avoidance Actions,[1] including the stay currently in place in the Distributed Action, and the deadline for serving defendants in the Distributed Action until May 20, 2014. LBHI also seeks Court approval of a 3-phase litigation protocol for the Distributed Action (the "Protocol") and a separate litigation protocol for the Non-Distributed Actions.

3. While Shenandoah does not oppose LBHI's request for a final extension of the Stay of Avoidance Actions or the Service Deadline for the Distributed Action, Shenandoah objects to the relief requested in the Motion to the extent LBHI seeks approval of the Protocol on the grounds that (i) LBHI prematurely seeks approval of the Protocol before completing service on all Defendants; (ii) LBHI improperly seeks approval of the Protocol without providing the Defendants with sufficient information to evaluate the Protocol; (iii) the Protocol improperly

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Motion of Lehman Brothers Holdings Inc. Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), to Extend Stay of Avoidance Actions and Grant Certain Related Relief* [D.I. 42023].

2

assumes class treatment is appropriate in the Distributed Action; and (iv) the Protocol only further delays the Court's consideration of the merits of the Distributed Action.

## II. Argument

**A.    LBHI Prematurely Seeks to Approve The Protocol Before Completing Service On All Distributed Action Defendants.**

4.      Shenandoah objects because LBHI seeks approval of the Protocol before completing service of the Distributed Action complaint on all Defendants. Consideration of the Protocol at this time is premature and improper as it will affect not only those Defendants served, but also parties that are not yet before the Court. In the Motion, LBHI requests the extension of the deadline to serve these parties until May 20, 2014. Accordingly, consideration of the Protocol should be delayed at least until after May 20, so that all current and future parties to the Distributed Action may have an opportunity to review and object to the Protocol.

**B.    LBHI Improperly Seeks Approval of the Protocol Without Providing the Defendants With Sufficient Information to Evaluate the Protocol.**

5.      Shenandoah objects to the Protocol, as proposed, because LBHI fails to provide more than a brief description of what each phase would involve, leaving the Defendants without sufficient information to determine whether the Protocol is the best method of organizing this litigation.

6.      At a minimum, LBHI should be required to articulate a more detailed description of what each phase of the proposed Protocol would encompass and also a more specific timeline for each phase. In turn, the Defendants should be allowed time to review, object to, and attempt to resolve any objections to the proposed Protocol. As it currently stands, after over three years since commencing this adversary proceeding and a year and a half since adding Shenandoah as a defendant, LBHI now seeks expedited approval of the Protocol. Consideration of this Protocol

3

should not be rushed, and the parties should be given sufficient time and information in order to adequately evaluate LBHI's Protocol.

7.   In addition to failing to provide sufficient information about the Protocol, neither LBHI nor LBSF has shared any details regarding the other Defendants' transactions, such as the facts of the specific transactions.  However, if LBSF seeks to prosecute this adversary proceeding as a reverse class action, LBSF must provide information sufficient to demonstrate the satisfaction of the prerequisites for class certification set forth in Fed. R. Civ. P. 23.  At the very least, the Debtors should be required to identify for each transaction the noteholder's name and contact information, the issuer, the date of termination, the date and amount of the distribution, and any significant term differences so as to allow the Defendants to determine whether common questions of law and/or fact exist among them.

**C.   LBHI's Protocol Improperly Assumes Class Treatment Without Seeking Class Certification.**

8.   Shenandoah objects to the Protocol to the extent that it prematurely assumes class treatment is appropriate in the Distributed Action.  In phase I of the Protocol, LBHI proposes to address class issues, such as discovery and the application of class tolling and statute of limitations.  However, the Distributed Action has remained pending for over three years without any effort on the part of LBSF to seek class certification pursuant to Fed. R. Civ. P. 23.  Before any Protocol is approved by the Court, the Court should first consider whether class certification is appropriate.  The Protocol improperly assumes the appropriateness of class treatment without allowing the Defendants the opportunity to object and the Court the opportunity to consider the appropriateness of class certification and whether a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4

### D. The Protocol Only Further Delays the Court's Consideration of the Merits of the Distributed Action.

9. Lastly, Shenandoah objects to the Protocol because it further delays the Court's consideration of the merits of the Distributed Action. Since commencing the Distributed Action, LBSF has sought numerous stays in order to continue adding defendants and delay consideration of the merits of the action. Under the proposed Protocol, issues affecting individual actions will not be addressed until phase II at the earliest. However, the Defendants, including Shenandoah, may wish to address the merits of their individual cases earlier rather than later and should be allowed to do so.

### III. Reservation of Rights

10. Nothing in this Limited Objection is intended to waive any rights Shenandoah may have to assert additional objections to any of the relief requested in the Motion. Accordingly, Shenandoah hereby reserves the right to assert additional objections in the future.

### IV. No Prior Request

11. No prior request for the relief requested herein has been made to this or any other court, except as otherwise set forth herein.

## V. Conclusion

WHEREFORE, Shenandoah respectfully requests that the Court enter an order (i) denying the approval of the Protocol; and (ii) granting such other and further relief in favor of Shenandoah as the Court may deem just and proper.

| | |
|---|---|
| New York, New York<br><br>Dated: January 22, 2014 | **HUNTON & WILLIAMS LLP**<br><br>By: /s/ *John R. Hein*<br>Benjamin C. Ackerly, VSB No. 09120<br>Shannon E. Daily, VSB No. 79334<br>Riverfront Plaza, East Tower<br>951 E. Byrd Street<br>Richmond, Virginia 23219<br>Tel: (804) 788-8200<br>Fax: (804) 788-8218<br>E-mail: backerly@hunton.com<br>E-mail: sdaily@hunton.com<br><br>-and –<br><br>John R. Hein, NYB No. 4763942<br>200 Park Avenue, 52nd Floor<br>New York, New York 10166-0005<br>Tel: (212) 309-1000<br>Fax: (212) 309-1100<br>E-mail: jhein@hunton.com<br><br>*Attorneys for Noteholder Defendant*<br>*Shenandoah Life Insurance Company* |

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of January 2014, a true and correct copy of the foregoing *Limited Objection of Defendant Shenandoah Life Insurance Company to Motion of Lehman Brothers Holdings Inc. Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), to Extend Stay of Avoidance Actions and Grant Certain Related Relief* was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all registered users.

I further certify that on this 22nd day of January 2014, I served the foregoing *Limited Objection of Defendant Shenandoah Life Insurance Company to Motion of Lehman Brothers Holdings Inc. Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), to Extend Stay of Avoidance Actions and Grant Certain Related Relief* via hand delivery upon the following parties:

Honorable James M. Peck
United States Bankruptcy Court for the
Southern District of New York
Courtroom 601
One Bowling Green
New York, New York 10004

Richard W. Slack, Esq.
Jacqueline Marcus, Esq.
Robert J. Lemons, Esq.
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

William K. Harrington, Esq.
Susan Golden, Esq.
Andrea Schwartz, Esq.
Office of the United States Trustee
for Region 2
U.S. Federal Office Building
201 Varick Street
Suite 1006
New York, New York 10014

                                                */s/ John R. Hein*
                                                John R. Hein