**REED SMITH LLP**
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
Eric A. Schaffer
Michael J. Venditto

Hearing Date: January 29, 2014 at 10 a.m.
Response Deadline: January 23, 2014 at 8 p.m.

*Attorneys for The Bank of New York Mellon,*
*The Bank of New York Mellon Trust Company, N.A.*
*and BNY Corporate Trustee Services Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al*.<br><br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br><br>*Refers to*: ECF No. 42023 |

**LIMITED OBJECTION OF THE BANK OF NEW YORK MELLON,
THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AND BNY
CORPORATE TRUSTEE SERVICES LIMITED TO MOTION OF LEHMAN
BROTHERS HOLDINGS INC., PURSUANT TO SECTION 105(a) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1), TO EXTEND
STAY OF AVOIDANCE ACTIONS AND GRANT CERTAIN RELATED RELIEF**

The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A., and any affiliate thereof, through its Corporate Trust Department, and BNY Corporate Trustee Services Limited, each as trustee, indenture trustee, agent, or in its other representative capacity (collectively, the "Trustee") for the holders (the "Holders") of certain notes, certificates, bonds, or other interests (collectively, the "Notes"), issued by certain issuers pursuant to structures created by Lehman Brothers Holdings Inc. ("LBHI") or its affiliates, which have entered into derivative contracts with one or more of the Chapter 11 Estates, hereby objects on a limited basis to the Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), to Extend Stay of Avoidance Actions and Grant Certain Related Relief [ECF No.

42023] (the "Motion") filed by LBHI, as Plan Administrator, under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors.[1]

## I.   SUMMARY OF LIMITED OBJECTION

1.    The Trustee does not object to extension of the stay.  The Trustee objects to the proposed litigation Protocols only insofar as they would require the Trustee to participate in the adversary proceedings without proper authorization from the holders who are the real economic parties in interest.  Consistent with the foregoing, the proposed Protocols should be considered only after all Holders have been served with process in the Avoidance Actions.

## II.   FACTUAL BACKGROUND

**A.    The Trustee Acts in a Limited Capacity**

2.    The Trustee acts in a limited capacity for Holders and other parties in interest in hundreds of transactions that were structured by LBHI or its affiliates (collectively, the "Trustee Transactions").  Holders who would be affected by the Motion may be located in Europe, Asia, North America, and Australia.  Often, the Trustee Transactions include an indenture and a swap or repurchase agreement pursuant to which a trust, special purpose vehicle, or other issuer (an "Issuer") is the derivatives counterparty to a derivative contract with a Chapter 11 Estate.  Because the obligations of the Issuer generally are limited to the trust assets, the beneficial parties in interest are the Holders.

3.    As a general rule, the Trustee is required by the transaction documents to serve relevant notices on Holders and to solicit Holders' direction in connection with the exercise of their contractual rights.  In most instances, however, neither the Chapter 11 Estates nor the Trustee regularly maintain a register identifying the beneficial Holders because the Notes are

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

- 2 -

traded in the financial markets and the Holders typically hold through "street names." The Trustee communicates with the Holders through clearing systems in the United States and Europe including the Depository Trust Clearing Corporation, Euroclear System, and Clearstream Banking S.A. (collectively, the "Clearing Systems"). The Clearing Systems are the registered owners of the Notes and are responsible for holding, clearing, and settling transactions.

4. The notice periods and required form of notice vary among Trustee Transactions. In certain cases, a Holders' meeting must be called within a particular timeframe before action may be voted upon, and then an additional notice and solicitation must occur. The percentage of Holders required to direct the Trustee's actions varies among transactions. As a general rule, the Trustee is entitled to indemnification from the directing Holders before taking any action.

B. The Trustee's Limited Role in the Avoidance Actions to Date

5. The Trustee is named as a defendant in the Distributed Action, *Lehman Brothers Special Financing Inc. v. Bank of America National Association, et al.*, Adv. Proc. No. 10-03547 (JMP), and in four of the Non-Distributed Actions: (1) *Lehman Brothers Special Financing Inc. v. U.S. Bank National Association, et al.*, Adv. Proc. No. 10-03542 (JMP); (2) *Lehman Brothers Financial Products Inc. v. The Bank of New York Mellon Trust Co., National Association, et al.*, Adv. Proc. No. 10-03544 (JMP); (3) *Lehman Brothers Special Financing Inc. v. The Bank of New York Mellon Corporation, et al.*, Adv. Proc. No. 10-03545 (JMP); and (4) *Lehman Brothers Special Financing Inc. v. Bank of New York Mellon National Association*, Adv. Proc. No. 10-03811 (JMP).

6. Pursuant to the *Order Staying Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated October 20, 2010 [ECF No. 12199], and subsequent Orders of the Court, the Avoidance

Actions have been stayed. The Avoidance Actions presently are stayed pending a decision on the Motion [ECF No. 42081].

7. During the pendency of the Stay, the ADR program established by the Court has been highly successful in resolving many of the disputes underlying the Avoidance Actions and relating to Trustee Transactions. This success has been attributable in significant part to the specially crafted procedures that were incorporated into the Affirmative ADR Procedures in response to the Trustee's objections to the proposed procedures.[2] Recognizing that the Trustee was not the real economic stakeholder in the Trustee Transactions, and that the Trustee could not resolve Holders' claims absent direction given in accordance with the governing documents, the Affirmative ADR Procedures were amended to require participation by indenture trustees only where they had authority to compromise or settle the disputes. *See* Derivatives ADR Procedures, ¶ 5(b)(i).

8. For indenture trustees without such authority, the Affirmative ADR Procedures require that the indenture trustee (i) advise the holders of the claims being asserted by the

---

[2]   *See* Objection of The Bank Of New York Mellon, The Bank of New York Mellon Trust Company, N.A. and BNY Corporate Trustee Services Limited to the Debtors Motion Pursuant To Section 105(a) of the Bankruptcy Code and General Order M-143 For Authorization To Implement Alternative Dispute Resolution Procedures For Affirmative Claims Of Debtors Under Derivative Contracts [ECF No. 4596]; Reply of The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A. And BNY Corporate Trustee Services Limited To Debtors Omnibus Responses To Objections To The Motion Of The Debtors Pursuant To Section 105(A) Of The Bankruptcy Code And General Order M-143 For Authorization To Implement Alternative Dispute Resolution Procedures For Affirmative Claims Of Debtors Under Derivative Contracts [ECF No. 4941]; Objection of The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A., and BNY Corporate Trustee Services Limited to Debtors Motion Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtor [ECF No. 7916]; Objection of the Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A and BNY Corporate Trustee Services Limited to Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors under Derivatives Contracts with Special Purpose Vehicle Counterparties [ECF No. 13308].

Chapter 11 Estates; (ii) transmit to the holders the applicable derivatives ADR notice; (iii) invite the holders to participate in the litigation; (iv) encourage the holder to communicate directly with the Chapter 11 Estates; and (v) offer to take the holders' direction in accordance with the governing documents to participate in ADR behalf of such directing holders. *See* Derivatives ADR Procedures, ¶ 5(b)(ii).

9. The Trustee without Authority concept has ensured that the Chapter 11 Estates engage directly with the real economic stakeholders, and the parties avoided unnecessary and cumbersome proceedings with indenture trustees who serve only as intermediaries.

### C. The Plan Administrator's Motion

10. Through the Motion, the Plan Administrator now requests (1) a further extension of the Stay of the Avoidance Actions; and (2) approval of Protocols governing the resolution of preliminary litigation matters in the Avoidance Actions.

11. The Trustee does not object to the proposed extension of the Stay. For reasons set forth below, the Trustee objects to the proposed Protocols insofar as they would impose an extra-contractual obligation on the Trustee to litigate rights of Holders. Absent direction from Holders in accordance with the governing documents, the Trustee has no right to take such action and requiring it to do so would serve no useful purpose.

### III. ARGUMENT

#### A. The Trustee Should Not Participate in the Avoidance Actions Absent Holder Direction

12. Although the ADR phase of the Avoidance Actions is drawing to a close, the Trustee is not the real economic stakeholder in these actions and, absent direction from Holders in accordance with the governing documents, the Trustee cannot participate meaningfully in the litigation.

13. Unlike the Affirmative ADR Procedures, however, the Protocols do not distinguish between Trustees with authority to participate in the Avoidance Actions and those Trustees without such authority. The effect of the Protocols would be to compel the Trustee to litigate the Holders' rights without any right or authority to do so. The enforceability of any resulting decision from this Court could be difficult to enforce against Holders, many of whom may be located outside the United States, and could be subject to collateral challenges in foreign tribunals.

14. Accordingly, as with the Affirmative ADR Procedures, the Protocols should be modified to require participation by indenture trustees only where they have the requisite authority from Holders. In the absence of such authority, litigation between the Chapter 11 Estates and the Trustee could be a futile exercise and a waste of the Court's resources.

15. Indeed, the Trustee is not a necessary party to the Distributed Action. In the Distributed Action, the Chapter 11 Estates are looking to recover funds from the beneficial holders. The Trustee is a mere conduit and, as such, is not a proper defendant. *See*, *e.g.*, *Weisfelner v. Fund 1*, No. 10-4609, 2014 WL 118036, *26 (Bankr. S.D.N.Y. Jan. 14, 2014) (dismissing fraudulent transfer claims against defendants who were sued as conduits or mere "holders" and not beneficial owners of the debtors' stock).

16. Similarly, the Trustee is not a proper litigant in the Non-Distributed Actions. In a situation where two or more adverse claimants are claiming or may claim to be entitled to money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation, the Trustee has a right to interplead the subject property. *See, e.g., The Bank of New York Mellon Trust Company,*

*National Association v. Lehman Brothers Financial Products, Inc., et al.*, Adv. Proc. No. 10-03544 (JMP), Order Granting Interpleader Relief [ECF No. 32].

17. The Trustee's role in the Avoidance Actions should parallel that set forth in the Affirmative ADR Procedures. Guided by the successes of the Affirmative ADR Procedures, and consistent with economic reality, the governing documents, and applicable law, the Court should provide that the only obligations of indenture trustees without authority to act on behalf of Holders should be to: (i) advise the holders of the claims being asserted by the Chapter 11 Estates; (ii) transmit to the holders any applicable Orders; (iii) invite the holders to participate in the ADR as an alternative to litigation; (iv) encourage the holder to communicate directly with the Chapter 11 Estates; and (v) offer to take the holders' direction in accordance with the governing documents to participate in ADR on behalf of such directing holders.

**B.   Appropriate Notice Must be Provided to Holders**

18. The Holders, as the parties holding an economic interest, must be provided with appropriate notice of the Motion and the proposed Protocols. As set forth in the Motion, LBSF is still identifying and serving certain Holders with the Second Amended Complaint. *See* Motion, ¶¶ 38-40. The proposed Protocols should be considered only after all Holders whose rights may be affected have been properly served.

19. Consistent with the request in the preceding paragraph, the Trustee requests that the Chapter 11 Estates provide a list of all Trustee Transactions that still are implicated in this litigation.

**IV.   CONCLUSION**

For all of the foregoing reasons, the Trustee respectfully requests that the Court (i) deny the Motion unless the Protocols are modified as set forth above and the Holders are provided

- 7 -

with appropriate notice of the Motion and the proposed Protocols, and (ii) grant other relief as the Court deems appropriate.

Dated: January 23, 2014
      New York, New York

    Respectfully submitted,

    **REED SMITH LLP**

    By:   *s/ Michael J. Venditto*
        Eric A. Schaffer
        Michael J. Venditto
        599 Lexington Avenue
        New York, New York 10022
        Telephone: (212) 521-5400
        Facsimile: (212) 521-5450

    *Attorneys for The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A. and BNY Corporate Trustee Services Limited*

# **CERTIFICATE OF SERVICE**

     I, Sarah K. Kam, declare under penalty of perjury that on January 23, 2014, I caused a copy of the *LIMITED OBJECTION OF THE BANK OF NEW YORK MELLON, THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AND BNY CORPORATE TRUSTEE SERVICES LIMITED TO MOTION OF LEHMAN BROTHERS HOLDINGS INC., PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1), TO EXTEND STAY OF AVOIDANCE ACTIONS AND GRANT CERTAIN RELATED RELIEF* to be served upon the following by overnight mail:

The Honorable James M. Peck
One Bowling Green, Courtroom 601
New York, New York 10004

Weil, Gotshal & Manges LLP
Attn: Richard W. Slack, Esq., Jacqueline Marcus, Esq., and Robert J. Lemons, Esq.
767 Fifth Avenue
New York, New York 10153

The Office of the United States Trustee for Region 2
U.S. Federal Office Building
Attn:  William K. Harrington, Esq., Susan Golden, Esq., and Andrea Schwartz, Esq.
201 Varick Street, Suite 1006
New York, New York 10014