B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Southern District Of New York

In re: **Lehman Brothers Holdings Inc.**                               Case No. 08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **RiverRock Securities Limited** | **BBVA (Suiza) S.A.** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Riverrock Securities Limited
Mr. Gui Goyard
8 – 10 Grosvenor Gardens
London SW1W 0DH
United Kingdom

Debtor: **Lehman Brothers Holdings, Inc.**

Amount of Claim Transferred:
Multiple Amounts – Please see details below and also **Schedule 1** to attached Agreement and Evidence of Transfer

Date Claim Filed:
Multiple Dates – all on or before **November 2, 2009**

1. Court Claim Number: **51305**
   Amount of Claim as Filed with respect to ISIN
      XS0362725540:  **$894,000.00**
   Allowed Amount of Claim with respect to ISIN
      XS0362725540:  **$894,000.00**

2. Court Claim Number: **51170**
   Amount of Claim as Filed with respect to ISIN
      XS0282866192:  **$263,000.00**
   Allowed Amount of Claim with respect to ISIN
      XS0282866192:  **$159,092.91**

3. Court Claim Number: **51162**
   Amount of Claim as Filed with respect to ISIN
      XS0329289192:  **$210,000.00**
   Allowed Amount of Claim with respect to ISIN
      XS0329289192:  **$75,470.64**



*Please amend slight change in size to PoC 51162 *

4. Court Claim Number: **51151**
   Amount of Claim as Filed with respect to ISIN
   XS0332632446: $175,000.00
   Allowed Amount of Claim with respect to ISIN
   XS0332632446: **$111,335.00**

5. Court Claim Number: **51141**
   Amount of Claim as Filed with respect to ISIN
   XS0338465171: $147,000.00
   Allowed Amount of Claim with respect to ISIN
   XS0338465171: **$103,399.80**

6. Court Claim Number: **51147**
   Amount of Claim as Filed with respect to ISIN
   XS0324269561: $130,000.00
   Allowed Amount of Claim with respect to ISIN
   XS0324269561: **$52,650.00**

7. Court Claim Number: **51144**
   Amount of Claim as Filed with respect to ISIN
   XS0329243108: $125,000.00
   Allowed Amount of Claim with respect to ISIN
   XS0329243108: **$44,112.50**

8. Court Claim Number: **51160**
   Amount of Claim as Filed with respect to ISIN
   XS0303537574: $120,000.00
   Allowed Amount of Claim with respect to ISIN
   XS0303537574: **$102,096.00**

9. Court Claim Number: **51148**
   Amount of Claim as Filed with respect to ISIN
   XS0326730313: $240,000.00
   Allowed Amount of Claim with respect to ISIN
   XS0326730313: **$92,784.00**

10. Court Claim Number: **51309**
    Amount of Claim as Filed with respect to ISIN
    XS0329284987: $100,000.00
    Allowed Amount of Claim with respect to ISIN
    XS0329284987: **$100,000.00**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____          Date: December 17, 2013
    Transferee/Transferee's Agent

Name:  Gui Goyard
Title: Managing Director

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

# UNITED STATES BANKRUPTCY COURT
Southern District Of New York

In re: **Lehman Brothers Holdings Inc.**           Case No. 08-13555

## NOTICE OF TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No. was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on October 18, 2013.

| | |
|---|---|
| **BBVA (Suiza) S.A.** | **RiverRock Securities Limited** |
| Name of Transferor | Name of Transferee |
| | |
| Zeltweg 63 | Riverrock Securities Limited |
| CH-8021 Zurich | 8 – 10 Grosvenor Gardens |
| SWITZERLAND | London SW1W 0DH |
| | UNITED KINGDOM |

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____           _____
                                                        CLERK OF THE COURT

# AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **BBVA (Suiza) S.A.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **RiverRock Securities Limited** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest in, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Numbers specified in Schedule 1 attached hereto, each filed by or on behalf of Seller's predecessor of interest (each, a "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"),. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller or created or incurred by any Seller's predecessors-in-title or against the same; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) neither Seller nor any of its predecessors in title has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claim, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) all amounts due and owing in respect of each Purchased Security have been declared due and payable in accordance with the terms of one or more agreements or instruments relating to any such Purchased Security; (h) neither the Transferred Claims nor any portion thereof is subject to any claim or right of setoff, or pending reduction, recoupment, impairment, avoidance, disallowance, or subordination, and neither Seller nor any Seller's predecessors-in-title has received any notice that the Transferred Claims are void or voidable or subject to any pending disallowance, reduction, impairment or objection of any kind; (i) all transfer agreements under which the Seller and any of the Seller's predecessors-in-title acquired the Transferred Claims or any part thereof (the "predecessor agreements") are substantially similar (and similar in all material respects) to this Agreement, and all such predecessor agreements contain representations,

warranties, covenants, agreements and indemnities from the seller to the purchaser that are no less favorable than those contained herein; and (j) the Purchased Claim is a Class 5 Claim.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller agrees that all distributions, amounts, proceeds, assets, cash and other property received by Seller or any Predecessors on or after 17 December 2013 (the "Trade Date") (whether or not such Trade Date is before, on or after any record date for such amounts) are for the account of Purchaser.

8. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

9. The parties acknowledge that settlement shall be made on delivery of the Transferred Claim and the Securities versus payment basis through Euroclear or Clearstream. For the avoidance of doubt, the parties acknowledge and agree that the transfer contemplated hereby shall not occur unless and until the Purchaser shall have paid the purchase price in full.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this day.

**(SELLER)**
BBVA (Suiza) S.A.

By: *(signature)*
Name: Hannelore Maeso
Title: Director

Zeltweg 63
Zurich CH8021
SWITZERLAND

*(signature)* Alberto Villasán

**(PURCHASER)**
Riverrock Securities Limited

By: *(signature)*
Name: GUILLEM GOYARD
Title: Managing Director

8-10 Grosvenor Gardens
London SW1W 0DH
UNITED KINGDOM

# SCHEDULE 1

## Transferred Claims

**Purchased Claim**

As set forth below.

**Lehman Programs Securities to which Transfer Relates**
  ** yellow line for Proof of Claim 51162 refers to amendment from previous Transfer Notice sent to Bankruptcy Court **

| Claim Number | Date Claim filed | Amount Claim Filed | Amount Claim Transferred (%) | Original Claim Transferred (USD) | ISIN | ISIN Issuer | ISIN Guarantor | Allowed Claim to be Transferred (USD) | ISIN Principal Notional Transferred |
|---|---|---|---|---|---|---|---|---|---|
| 51305 | October 28, 2009 | $2,528,000.00 | 35.36% | $894,000.00 | XS0362725540 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $894,000.00 | USD 894,000.00 |
| 51170 | October 28, 2009 | $4,368,000.00 | 6.02% | $263,000.00 | XS0282866192 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $159,092.91 | USD 263,000.00 |
| 51162 | October 28, 2009 | $1,657,000.00 | 12.67% | $210,000.00 | XS0329289192 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $75,470.64 | USD 210,000.00 |
| 51151 | October 28, 2009 | $11,198,000.00 | 1.56% | $175,000.00 | XS0332632446 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $111,335.00 | USD 175,000.00 |
| 51141 | October 28, 2009 | $1,000,000.00 | 14.70% | $147,000.00 | XS0338465171 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $103,399.80 | USD 147,000.00 |
| 51147 | October 28, 2009 | $5,252,000.00 | 2.48% | $130,000.00 | XS0324269561 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $52,650.00 | USD 130,000.00 |
| 51144 | October 28, 2009 | $2,287,000.00 | 5.47% | $125,000.00 | XS0329243108 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $44,112.50 | USD 125,000.00 |
| 51160 | October 28, 2009 | $2,727,000.00 | 4.40% | $120,000.00 | XS0303537574 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $102,096.00 | USD 120,000.00 |
| 51148 | October 28, 2009 | $4,705,000.00 | 5.10% | $240,000.00 | XS0326730313 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $92,784.00 | USD 240,000.00 |
| 51309 | October 28, 2009 | $731,000.00 | 13.68% | $100,000.00 | XS0329284987 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $100,000.00 | USD 100,000.00 |