UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x
                                           :

In re                            :     Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :     08-13555 (JMP)
                                         :

              Debtors.      :     (Jointly Administered)
                                       :

----------------------------------------------------------------------x

### STIPULATION & ORDER ESTABLISHING PROCEDURES FOR AN EVIDENTIARY HEARING IN CONNECTION WITH OMNIBUS OBJECTIONS TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

A.      Between December 7, 2010 and August 24, 2012, Lehman Brothers Holdings Inc.

("LBHI") and certain affiliated Debtors, as debtors and debtors in possession herein

(collectively, the "Debtors"), and LBHI as Plan Administrator (the "Plan Administrator"), under

the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its*

*Affiliated Debtors* (the "Plan") for certain entities in the above-referenced chapter 11 cases, filed

fourteen Omnibus Objections to Proofs of Claims for bonus or commission compensation during

the years 2003 and 2008 as to which many claimants were granted Restricted Stock Units or

Contingent Stock Awards (collectively, the "Omnibus Objections").[1]  The Omnibus Objections

---

[1]  The Omnibus Objections are: Debtors' Seventy-Third Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 13295]; Debtors' One Hundred Eighteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 15666]; Debtors' One Hundred Thirtieth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16115]; Debtors' One Hundred Thirty-First Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16116]; Debtors' One Hundred Thirty-Third Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16530]; Debtors' One Hundred Thirty-Fourth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16532]; Debtors' One Hundred Thirty-Fifth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16808]; Debtors' One Hundred Seventy-Sixth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 19392]; Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims) [ECF No. 19714]; Debtors' Two Hundred Seventh Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 20012]; Three Hundred Thirteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 28433]; Three Hundred Fourteenth Omnibus Objection to Claims (Late-Filed Claims) [ECF No. 28435]; Three Hundred Nineteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No.

seek to reclassify these claims as equity interests and/or subordinate them to the claims of general unsecured creditors.

B.    In a series of orders entered between January 20, 2011 and September 28, 2012, the Court granted the requested relief as against claimants who did not oppose the Omnibus Objections, and further ordered that such orders had no res judicata, estoppel or other effect on claimants who did oppose the Omnibus Objections.  The claimants who oppose the Omnibus Objections and still have claims pending on the Omnibus Objections are referred to herein as the "Claimants" and their claims, to the extent subject to the Omnibus Objections, are referred to herein as the "Claims."[2]

C.    Numerous Claimants sought discovery in connection with the Claims.  On August 27, 2012, the Court entered an Order establishing procedures governing discovery that had been negotiated by LBHI and several of the Claimants [ECF No. 30421].   This Order was amended on November 28, 2012 [ECF No. 32386], February 13, 2013 [ECF No. 34583], October 8, 2013 [ECF No. 40334], and October 17, 2013 [ECF No. 40542] (collectively, the "Discovery Procedures Order").  LBHI and approximately 100 of the Claimants participated in discovery pursuant to the Discovery Procedures Order, which included initial disclosures of key documents and information by LBHI, further document production, interrogatory responses, the negotiation of a Stipulation of Facts Regarding RSUs and CSAs, Including the Tax and Accounting Treatment of RSUs and CSAs, which was approved by the Court by Order dated October 2, 2013 [ECF No. 40263], and the deposition of James R. Emmert as LBHI's designee pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure on October 24, 2013.  The Claimants who

---

28777]; and the Three Hundred Forty Seventh Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 30357].

[2] The Claims as shown on Debtors' records are identified in Schedule 1 attached hereto.

participated in discovery are referred to herein collectively as the "Participants."  The Court

recognizes that there are Claimants who have opposed the Omnibus Objections but have not

participated in discovery pursuant to the Discovery Procedures Order.  For purposes of this

Order and conducting the Evidentiary Hearing, any such Claimant who retains one of the counsel

for the Represented Participants (as defined below) shall be deemed a Represented Participant.

D.    Paragraph 14 of the Discovery Procedures Order states that "[w]ithin 10 days

after the completion of discovery, the parties shall attempt to jointly recommend to the Court

proposed procedures for the evidentiary hearing on the RSU Claims, including Stipulations of

Fact and procedures for the exchange of Declarations of LBHI or any RSU Claimant."

E.    After exchanging drafts of proposed procedures for the evidentiary hearing and

negotiating a near-final draft of those procedures, a conference was held before the Bankruptcy

Court on November 22, 2013, to discuss certain open issues on which the parties could not reach

agreement.  This Order implements the results of that conference, and thus, the Court's

directions on those open issues.

F.    This Order has been proposed to the Court by LBHI and those Participants who

have retained the counsel listed on the execution page of this Stipulation and Order in opposing

the Omnibus Objections (the "Represented Participants").  The Plan Administrator has

represented to the Court that this Order was shared with all Participants before being proposed to

the Court, including those who are not represented by counsel, and that this Order addresses the

comments and concerns raised by some of those Participants.

G.    In the interest of efficiently creating a factual record and expediting the resolution

of the Claims, the Court has accepted the stipulation of LBHI and the Represented Participants to

adopt the procedures outlined herein as appropriate for the evidentiary hearing contemplated

hereby.  LBHI and the Represented Participants having agreed that the procedures outlined

herein are appropriate for the evidentiary hearing scheduled, it is hereby

**ORDERED:**

1.      **Scope of Order.**  Except as otherwise ordered by the Court, this Order shall control the

resolution of the Omnibus Objections and shall apply to all of the Claimants, whether or not they

participated in discovery.

2.      **No Admissions.**   No statements made in this Order shall be construed as a finding of fact

by the Court or as an admission of any claim or allegation by LBHI or by any of the Claimants.

3.      **Participation in Evidentiary Hearing.**  All Claimants, whether or not they participated

in discovery, may participate in the procedures set forth in this Order.

4.      **Non-Participation in Evidentiary Hearing.**  Participation in the evidentiary hearing and

these procedures is not required and the non-participation of any Claimant shall not, in and of

itself, result in the grant of any relief to LBHI.   However, all Claimants will be bound by the

Court's decisions resulting from the evidentiary hearing, without regard to whether they

participated in the hearing.  Neither the Claimants generally nor the Claimants represented by

counsel are deemed by this Order to be class representatives, and neither are provided with

authority to act on behalf of any other Claimants.  Any decision by the Court shall not affect the

treatment of other claims of Claimants that are not the subject of the Omnibus Objections.

5.      **Notice.**  LBHI shall give each Claimant prompt notice of this Order by emailing a copy

of this Order to his/her counsel, or for any Claimant not represented by counsel (or as to whom

LBHI is not aware of any such representation), by mailing a copy of the Order to each such Claimant's last known mailing address or address for electronic mail.

6.      **Service.**  For purposes of complying with the procedures set forth in this Order, service by LBHI and the Represented Participants by electronic mail shall be sufficient service.  LBHI shall be responsible for service of all documents on Claimants who are not Represented Claimants, including those documents served on LBHI by the Represented Claimants and Claimants who are not Represented Claimants.  LBHI shall also be responsible for serving on the Represented Claimants all documents served on LBHI by the Claimants who are not Represented Claimants.  Service by Claimants who are not Represented Participants may be by electronic mail or USPS mail; provided that once a Claimant in this group serves responsive documents by electronic mail further service may be in the same fashion.

7.      **Computing Time**.  For purposes of determining the deadlines set forth in this Order, time periods shall be computed in accordance with Fed. R. Bankr. P. 9006.

8.      **Evidentiary Hearing Dates.**  For purposes of calculating the time periods set forth in this Order, the evidentiary hearing is scheduled for April 1, 2014 and shall continue on April 2, 2014 and April 3, 2014, as necessary based on the Court's direction (the "Hearing Dates").

9.      **Pre-Hearing Memoranda.**

(a)      Opening Memoranda:  Opening memoranda on behalf of the Represented Participants and LBHI, if any, shall be served no later than sixty-three (63) days (nine weeks) prior to the Hearing Dates.  The Opening Memoranda shall set forth respective positions with points and authorities for or against the relief sought in the Omnibus Objections.  LBHI and the

Represented Participants may each serve an Opening Memorandum of no more than fifty (50) pages. The Represented Participants who became employees of Lehman as a result of the merger of Neuberger Berman and LBHI (the "Neuberger Berman Participants") may serve a separate Opening Memorandum of no more than twenty (20) pages concurrently with service by the other Represented Participants. Represented Participants shall take reasonable measures to avoid duplication in the Opening Memoranda; to wit, to eliminate overlap the Neuberger Berman Participants and the other Represented Participants shall exchange drafts of their Opening Memoranda no later than seventy (70) days (ten weeks) prior to the Hearing Dates. In the event that all of the Represented Participants wish to submit one joint Opening Memorandum, any such joint Opening Memorandum shall not exceed seventy (70) pages.

(b)    Supplemental Opening Memoranda: Supplemental opening memoranda on behalf of Claimants who are not Represented Participants, if any, shall be served no later than fifty-six (56) days (eight weeks) prior to the Hearing Dates. The Supplemental Opening Memoranda shall set forth the Claimants' respective positions with points and authorities against the relief sought in the Omnibus Objections. Claimants who are not Represented Participants may each serve a separate, Supplemental Opening Memoranda of no more than ten (10) pages. These Claimants shall take reasonable measures to avoid duplicative Supplemental Opening Memoranda (for example, by limiting the separate, supplemental Opening Memoranda to issues not covered in the Represented Participants' Opening Memoranda).

(c)    Opposition Memoranda: Opposition Memoranda, if any, shall be served by LBHI and the Claimants (the "Parties") no later than twenty-eight (28) days (four weeks) prior to the Hearing Dates. The Opposition Memoranda shall respond to the Opening Memoranda. LBHI may serve a single Opposition Memorandum responding to the Opening Memoranda of the

Represented Participants having a page length of no more than thirty (30) pages, and an

Opposition Memorandum responding to the issues presented by the Neuberger Berman

Participants of no more than twenty (20) pages.  Represented Participants may serve an

Opposition Memorandum of no more than thirty (30) pages, and the Neuberger Berman

Participants may serve a separate Opposition Memorandum of ten (10) pages.  In the event that

LBHI must respond to multiple supplemental Opening Memoranda of numerous Claimants not

represented by counsel, LBHI may serve a Supplemental Opposition Memorandum of no more

than ten (10) pages, subject to enlargement by this Court on application with notice to the

Represented Participants and for good cause shown.  Each Claimant who is not a Represented

Participant may serve an Opposition Memorandum of no more than five (5) pages.

(d)    Ancillary Documents.  The Parties shall serve with their Opening Memoranda,

supplemental Opening Memoranda, and Opposition Memoranda such stipulations of fact,

documents, affidavits and declarations as they deem necessary or appropriate, with the

understanding that any party will have the opportunity to cross-examine certain affiants and

declarants as set forth in paragraph 10 of this Order.

(e)    Filing with the Court.  All Opening Memoranda, supplemental Opening

Memoranda, and Opposition Memoranda shall be filed with the Court within two (2) days after

service of the Opposition Memoranda as provided in §9(c).

(f)    Joint Documentary Appendix.  The Parties shall compile a single, joint

submission of all supporting stipulations of fact, documents and affidavits cited in any Opening

Memoranda, supplemental Opening Memoranda or Opposition Memoranda, which may be filed

no later than one (1) week following service of the Opposition Memoranda.  The supporting

stipulations of fact, documents, affidavits, and declarations are to be pre-marked as Exhibits.

10.     **Supporting Declarations.**  Concurrently with service of the Opening Memoranda or

Supplemental Opening Memoranda, the Parties shall serve proffers of any affidavits or

declarations unrelated to the authentication of documents that the Parties intend to submit to the

Court in connection with the evidentiary hearing that are not submitted with the Opening

Memoranda or Supplemental Opening Memoranda.  Concurrently with service of the Opposition

Memoranda, the Parties shall serve proffers of any rebuttal affidavits or declarations unrelated to

the authentication of documents that the Parties intend to submit to the Court in connection with

the evidentiary hearing that are not submitted with the Opening Memoranda, Supplemental

Opening Memoranda, or Opposition Memoranda.  Any proffers must identify the affiant or

declarant and the general subject matter of that person's expected testimony.  Any such affidavits

and declarations are to be served and filed concurrently with the Joint Documentary Appendix.

The submission of an affidavit or declaration that is unrelated to the authentication of documents

shall require that the submitting party make the affiant or declarant available for cross-

examination at the evidentiary hearing.  Any party intending to cross-examine any of the affiants

or declarants shall notify the submitting party of the affiant or declarant they intend to cross-

examine no later than one (1) week before the Hearing Dates.   A party's submission of an

affidavit or declaration shall not preclude that party from offering testimony of the declarant or

affidavit on direct or re-direct examination, and the right to offer such testimony is fully reserved

herein.

11.     **Witness Lists.**  Concurrently with service of the Opening Memoranda or Supplemental

Opening Memoranda, the Parties shall serve witness lists identifying individuals who will likely

testify on their behalf at the hearing, if any.  Concurrently with service of the Opposition

Memoranda, the Parties shall exchange rebuttal witness lists, identifying individuals whom they

will likely call as rebuttal witnesses, if any, but only to the extent that these individuals are not

already identified on any other witness list.  Each of these lists shall identify: (a) the first and last

names of the witnesses; (b) the current and last place of employment and titles held by the

witnesses; and (c) the general subject matter of each witness' expected testimony.  Within one

(1) week after exchanging the rebuttal witness lists, the Parties shall exchange any objections to

the witness lists.

12.     **Deposition Designations**.  Concurrently with service of the Opening Memoranda or

Supplemental Opening Memoranda, the Parties shall identify, by page and line number, the

portions of the Rule 30(b)(6) deposition transcript that they will likely use at the evidentiary

hearing, if any.  Concurrently with service of the Opposition Memoranda, the Parties shall

exchange rebuttal deposition designations identifying, by page and line number, the portions of

the Rule 30(b)(6) deposition transcript that they expect to use at the evidentiary hearing, if any,

but only to the extent that they were not previously identified by LBHI or any Claimant.  Within

one (1) week after exchanging the rebuttal deposition designations, the Parties shall exchange

any objections to any of the deposition designations.

13.     **Exhibit Lists.**  Twenty-one (21) days (three weeks) prior to the Hearing Dates, the

Parties shall serve lists of pre-marked exhibits that they will likely use at the evidentiary hearing

(including those exhibits filed with the Court pursuant to § 9(f)).  These exhibit lists shall

identify the exhibits by the bates-number imprinted on each of the exhibits.  Within one (1) week

after exchanging the exhibit lists, LBHI and the Claimants shall exchange any objections to the

exhibit lists.

14.     **Meet and Confer.**  Prior to filing any pre-hearing motions pursuant to ¶15, the Parties shall meet and confer as necessary concerning any objections to the supporting declarations, witness lists, deposition designations and/or exhibit lists, or any other disputed issues, in an attempt to consensually resolve any such objections.

15.     **Pre-Hearing Motions (i.e., Motions in Limine).**  Motions in Limine, if any, shall be served and filed no later than fourteen (14) days (two weeks) prior to the Hearing Dates. Responses in opposition to any such motion shall be filed no later than seven (7) days (one week) prior to the Hearing Dates.

16.     **Pre-Hearing Conference.**  Approximately three (3) days prior to the Hearing Dates, as scheduled by the Court, the Court shall hold a Pre-Hearing Conference to prepare for the evidentiary hearing and resolve any disputed issues, including pre-hearing motions (if any).

17.     **Organization of the Evidentiary Hearing.**  The evidentiary hearing shall be comprised of the submission of exhibits, declarations, witness direct testimony, cross-examination, deposition testimony, and oral argument presented by counsel for LBHI, counsel for the Represented Participants, and Claimants not represented by counsel.  The first day of the hearing will be reserved for LBHI and the Represented Participants to present their cases.  LBHI will open and shall have a maximum of three hours on Day 1 of the hearing to present its case, including opening statements and direct and cross-examinations.  The Represented Participants shall have three hours on Day 1 of the hearing to present their cases, including opening statements and cross-examinations.  On Day 2 of the hearing, any Claimant who is not a Represented Claimant will have 20 minutes to present his or her case, LBHI will have a reasonable amount of time, but no more than half the time used by the Claimants who are not

Represented Claimants, to present its rebuttal to the cases presented by such Claimants on Day 2

of the hearing.  On Day 2 or Day 3 (depending on how the hearing proceeds), LBHI and the

Represented Participants collectively will each have 60 minutes to present their closing

arguments with respect to Days 1 and 2 of the hearing, in a sequence to be determined by the

Court at that time.  All times set forth in this paragraph are estimates and are subject to

adjustment by this Court as it deems necessary or appropriate under the circumstances, on the

request of any party or sua sponte.  Claimants who are not Represented Claimants may present

any oral testimony and closing argument telephonically.  Any other telephonic participation shall

be only at the Court's discretion.

18.      **Court's Availability.**  All dates and deadlines set forth in this Order, or otherwise agreed

upon by the Parties, are subject to the Court's availability and may be modified by the Court

without the need for any further order(s).

19.      **Amendments.**  The provisions of this Order may be amended by Order of the Court,

provided, however, that the Parties may agree to extend any deadline or modify the organization

of the evidentiary hearing without first seeking leave of the Court.

20.      **Jurisdiction.**  The Court shall retain jurisdiction over any matters related to or arising

from the implementation of this Order.

WEIL, GOTSHAL & MANGES LLP

By:    /s/ Ralph I. Miller
       Ralph I. Miller
       767 Fifth Avenue
       New York, NY  10153
       Tel.: (212) 310-8965
       Fax.: (212) 310-8007


STAMELL & SCHAGER LLP

By:    /s/ Richard J. Schager
       Richard J. Schager, Jr.
       Andrew R. Goldenberg
       One Liberty Plaza - 23/F
       New York, NY  10006-1404
       Tel.: (212) 566-4047
       Fax" (212) 566-4061

*Counsel to:  Jennifer Adler, Craig Benson,
Paola Biraschi, Karen Brewer,
William Broadbent, David Brooks,
Patrick Cremin, Michael Collier,
Joseph D'Amadeo, John Dmuchowski,
Nestor De Jesus, Steven Engel,
Louise Goldberg, Michael Gran,
Anshuman Goyal, Adrian Graves,
Sandra Hahn-Colbert, Nicholas Howard,
Julian Iragorri, Harriet Chan King,
Karen M. Krieger, Tal Lev Ari, Yeruchim Levilev,
Sarah Lewis, Patricia Luken, Lawrence
McCarthy, Michael McCully, Hugh McGee,
Michael Mullen, Ian Neville, Thomas
O'Sullivan, Helmut Olivier, Martin Patterson,
Michael Petrucelli, Sandy Richman Fleischman,
Barry Porter, Jack Rivkin, Alvaro Santodomingo,
Brian Seward, Ross Shapiro, Margaret Smith,
Greg Somma, Andrea Sullivan, Stephen
Snelling, Milan Veleba, Pierluigi Volini
Jeffrey Wecker, Peter Ward, Timothy
Wilkinson, Judith Winchester*

LAW OFFICES OF LISA M. SOLOMON

By:    /s/ Lisa M. Solomon
       Lisa M. Solomon
       One Grand Central Place
       305 Madison Avenue, Suite 4700
       New York, NY  10165
       Tel.: (212) 471-0067
       Fax: (212) 980-6965

*Counsel to:  Madelyn Antoncic, Vincent
Primiano, Gordon Sweely, Charles Spero,
Timothy Burke, Jonathan Sebiri, Riccardo
Banchetti, Philippe Dufournier, Anke Parr,
Giancarlo Saronne, Harsh Shah, Peter
Hornick, Michele Bareggi and Nikki
Marshall*

KAPLAN LANDAU LLP

By:    /s/ Eugene Neal Kaplan
       Eugene Neal Kaplan
       1065 Avenue of the Americas - 27F
       New York, NY  10018
       Tel.: (212) 593-1700
       Fax.: (212) 593-1707

JULIEN & SCHLESINGER, P.C.

Michael S. Schlesinger
One Whitehall Street - 17th Floor
New York, NY  10004
Tel.: (212) 962-8020

*Counsel to:  Judith Ann Kenney, Richard
Nackenson, Seth Finkel, Richard S. Levine,*

*Henry Ramallo, Christian F. Reynolds,*
*Marvin C. Schwartz, Stephanie Stiefel,*
*David I Weiner and Richard Glasebrook*

RICH MICHAELSON MAGALIFF
  MOSER LLP
Howard P. Magaliff
Robert N. Michaelson
340 Madison Avenue - 19th Floor
New York, NY  10173
Tel.:  (212) 220-9402
Fax:  (212) 913-9644

*Counsel to:  Counsel to:  Donald Boughrum,*
*Brian Monahan, Nicole Lawrence, H. Morgan*
*Lawrence, III, Roger Saks*

LAW OFFICES OF A. JAMES BOYAJIAN
355 S. Grand Avenue, Suite 2450
Los Angeles, CA  90071
Tel.:  (424) 258-0777
Fax:  (424) 298-4377

*Counsel to:  Darian J. Cohen*

**SO ORDERED:**

Dated: New York, New York
     January 24, 2014



/s/ James M. Peck
_____
Honorable James M. Peck
United States Bankruptcy Judge