WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
|  | : |  |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

------------------------------------------------------------------x

**OMNIBUS REPLY IN SUPPORT OF MOTION OF LEHMAN
BROTHERS HOLDINGS INC., PURSUANT TO SECTION 105(a) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1), TO EXTEND
STAY OF AVOIDANCE ACTIONS AND GRANT CERTAIN RELATED RELIEF**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan"), files this reply to the objections interposed

to the motion of the Plan Administrator, dated January 10, 2014 [ECF No. 42023], to extend the

stay of avoidance actions and obtain certain related relief (the "Motion")[1] and respectfully

represents:

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

1.      In the Motion, the Plan Administrator requested a final extension of the
Stay, an extension of the Service Deadline, and the approval of certain deadlines in connection
with the adoption of litigation protocols.  The Plan Administrator included a potential framework
for the proposed protocols in the Motion in order to provide the Court, as well as the defendants
in the SPV Avoidance Actions, with the Plan Administrator's initial views for moving forward
with the SPV Avoidance Actions upon the expiration of the Stay.

2.      The following objections and joinders (collectively, the "Objections")
have been filed to the Motion:

- Response in Opposition of Principal Life Insurance Company, dated
  January 22, 2014 [ECF No. 42119] (the "Principal Life Objection")

  o Joinder to the Principal Life Objection, filed by Genworth Life and
    Annuity Insurance Co., dated January 22, 2014 [ECF No. 42128]

  o Joinder to the Principal Life Objection, filed by Safety National
    Casualty Corporation and Reliance Standard Life Insurance
    Company, dated January 22, 2014 [ECF No. 42133]

- Response in Opposition of Union Investment Institutional GmbH ("Union
  Investment"), dated January 22, 2014 [ECF No. 42122] (the "Union
  Investment Objection")

  o Joinder to the Principal Life Objection, the First Trust Objection,
    the Shenandoah Objection, the PB Capital Objection, and Part II.B
    of the Nationwide Objection (each as defined below), filed by
    Union Investment, dated January 27, 2014 [ECF No. 42200] (the
    "Union Investment Joinder")

- Limited Objection of First Trust Strategic High Income Fund II ("First
  Trust"), dated January 22, 2014 [ECF No. 42123] (the "First Trust
  Objection")

  o Joinder to the Principal Life Objection, the Union Investment
    Objection, the Shenandoah Objection, the PB Capital Objection,
    and Part II.B of the Nationwide Objection (each as defined below),

US_ACTIVE:\44411460\8\58399.0003

filed by First Trust, dated January 27, 2014 [ECF No. 42205] (the "First Trust Joinder")[2]

- Limited Objections of Nationwide Life Insurance Company and Nationwide Mutual Insurance Company (together, the "Nationwide Parties"), dated January 22, 2014 [ECF No. 42130] (the "Nationwide Objection")

- Limited Objection of Shenandoah Life Insurance Company, dated January 22, 2014 [ECF No. 42132] (the "Shenandoah Objection")

- Limited Objection of PB Capital Corporation, dated January 22, 2014 [ECF No. 42139] (the "PB Capital Objection")

- Limited Objection of the Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A., and BNY Corporate Trustee Services Limited, dated January 23, 2014 [ECF No. 42158] (the "BNY Objection")

3.        None of the Objections oppose the extension of the Stay or the Service Deadline.  Similarly, none of the Objections oppose the concept of an organized litigation process which would streamline and bring order to the SPV Avoidance Actions.  As set forth in the Motion, the Plan Administrator maintains that a sensible staging of the SPV Avoidance Actions is required to aid in the resolution of the issues and prevent a litigation free-for-all, which would deplete the resources of the Chapter 11 Estates, the defendants in the SPV Avoidance Actions, and the Court.  Instead, all of the Objections relate primarily to the substance of the protocols and raise concerns about the order in which issues will be addressed and the lack of opportunity for defendants in the SPV Avoidance Actions to participate in preparation of the protocols.  The BNY Objection also raises the premature and extraneous question of the appropriate role of indenture trustees when the litigation resumes.

4.        The Plan Administrator believes that the parties who have filed Objections (collectively, the "Objecting Parties") have misinterpreted the relief requested:  while the Motion

---

[2] The Union Investment Joinder and the First Trust Joinder were filed on the date hereof, well past the deadline for responses and objections.

US_ACTIVE:\44411460\8\58399.0003

itself presented the current view of the Plan Administrator for a litigation protocol in an effort to be transparent, the proposed order filed with the Motion only put in place a process for adopting a protocol, after input from the defendants in the SPV Avoidance Actions.  Nevertheless, in order to address the concerns of the Objecting Parties, as well as other defendants in the SPV Avoidance Actions who have expressed similar concerns, the Plan Administrator clarified this intent in a revised proposed order (the "Revised Proposed Order"), which is attached hereto as Exhibit 1.[3]  The Revised Proposed Order contains three key clarifications:[4]

- A requirement for the Chapter 11 Estates to meet and confer with defendants in the SPV Avoidance Actions who wish to discuss the proposed Distributed Action Scheduling Order (as defined in the Revised Proposed Order);

- A requirement for the Chapter 11 Estates to file any changes to the proposed Distributed Action Scheduling Order after the meet and confer; and

- An explicit reservation of rights that makes it clear that entry of the Revised Proposed Order does not implement any specific litigation protocol.

5.    The changes embodied in the Revised Proposed Order make it clear that substantive issues with respect to the protocols will be deferred until the Chapter 11 Estates and defendants in the SPV Avoidance Actions begin negotiations over the Distributed Action Scheduling Order.  At that point, the parties will have the opportunity to address any issues involving the substance of the protocols.  Thus, while the Objections were largely misplaced, since the proposed order filed with the Motion merely set up a process for adopting a litigation protocol, the Revised Proposed Order makes clear that the Objections are largely moot.

---

[3] A blackline comparing the Revised Proposed Order to the proposed order filed with the Motion is attached hereto as Exhibit 2.

[4] The Revised Proposed Order also changes the date of certain deadlines to accommodate these changes.

US_ACTIVE:\44411460\8\58399.0003

6.      Certain of the Objecting Parties have raised additional issues that must be addressed separately.

## The Nationwide Objection

7.      As they did in a prior objection to an extension of the Stay, *see* ECF No. 38390, the Nationwide Parties seek to use the Motion as a basis to collaterally attack the SPV ADR Stay.

8.      The Nationwide Objection should be overruled.  As the Plan Administrator explained in its reply to the Nationwide Parties' last objection to an extension of the Stay, *see* ECF No. 38702, the SPV ADR Stay is not at issue before the Court.  The hearing on the Motion to extend the Stay is an improper forum to litigate issues related to the SPV ADR Stay, which is a key component of the SPV Derivatives ADR Procedures and was approved by the Court in 2011.  On numerous occasions, the Court has expressed wholehearted approval of the ADR process, and the Plan Administrator does not expect the ADR process to end when litigation commences.  There is no reason for the Court to lift the SPV ADR Stay as a condition to entering the Revised Proposed Order.  The Nationwide Parties' request that the Court do so should be overruled.

## The First Trust and Shenandoah Objections

9.      First Trust and Shenandoah seek extensive information from the Chapter 11 Estates regarding other defendants in the Distributed Action.  These are not truly objections but back-door document requests made at a time long before the commencement of discovery.

10.      First Trust inappropriately inserts a wide-ranging information request into its objection, seeking the following data – "at a minimum" – from the Chapter 11 Estates: noteholder name and contact information; transaction/issuer; date/basis of termination; date of distribution; amount of distribution; significant document term differences; and mediation status.

5

Other than making the bald assertions that defendants need the information "to assess any class motion or proposals, or to have the opportunity to organize themselves for their own benefit," First Trust provides no basis as to why it is entitled to the information it requests or why the Chapter 11 Estates should be required to provide this information at this time. First Trust's information request is self-serving and untenable, and the Court should deny it.

11.    Shenandoah requests that the Chapter 11 Estates be required to provide similar information. Shenandoah asserts that the Chapter 11 Estates should be required to provide this information so that defendants can determine whether common questions of law and/or fact exist among them. Shenandoah's information request is, if anything, premature: Shenandoah acknowledges that it seeks the information in connection with establishing whether the prerequisites for class certification have been satisfied. As clarified in the Revised Proposed Order, the class certification issue will be litigated under any protocols approved by the Court, at which point Shenandoah will have the opportunity to propound information requests. The Court, therefore, should deny Shenandoah's information request.

## Conclusion

12.    For all of the reasons set forth in the Motion and the declaration of Lawrence Brandman filed in support thereof, the Plan Administrator believes that the final extension of the Stay and the extension of the Service Deadline are necessary and appropriate. Notably, the final extension of the Stay and the extension of the Service Deadline are unopposed. The Revised Proposed Order resolves all of the issues raised in the Objections related to the protocols. The Nationwide Objection, the First Trust Objection, and the Shenandoah Objection attempt to bootstrap unrelated issues to their opposition to the Motion, and those irrelevant Objections should be overruled. The Plan Administrator, therefore, respectfully requests that the

6

Court extend the Stay and the Service Deadline as set forth in the Motion.

WHEREFORE the Plan Administrator respectfully requests that the Court overrule the

Objections, enter the Revised Proposed Order, and grant the Plan Administrator such other and

further relief as is just.

Dated: January 27, 2014
      New York, New York

                        /s/ Jacqueline Marcus
                        Richard W. Slack
                        Jacqueline Marcus

                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York 10153
                        Telephone: (212) 310-8000
                        Facsimile: (212) 310-8007

                        Attorneys for Lehman Brothers Holdings Inc.
                        and Certain of Its Affiliates

US_ACTIVE:\44411460\8\58399.0003

**<u>Exhibit 1</u>**

**(Revised Proposed Order)**

US_ACTIVE:\44411460\8\58399.0003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                :
In re                                           :        **Chapter 11 Case No.**
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :        **08-13555 (JMP)**
                                                :
              **Debtors.**                      :        **(Jointly Administered)**
                                                :
                                                :
-------------------------------------------------------------------x

**ORDER EXTENDING STAY OF AVOIDANCE ACTIONS AND**
**GRANTING CERTAIN RELATED RELIEF PURSUANT TO SECTION 105(a)**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1)**

Upon the motion, dated January 10, 2014 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan"), pursuant to section 105(a) of title 11 of the United States Code

(the "Bankruptcy Code") and Rule 4(m) of the Federal Rules of Civil Procedure, as

incorporated and made applicable hereto by Rule 7004(a)(1) of the Federal Rules of

Bankruptcy Procedure, to extend the stay for each of the adversary proceedings identified on

Exhibit A hereto and any other avoidance actions that may be commenced by the Plan

Administrator under sections 544, 545, 547, 548, 549, 550 and/or 553 of the Bankruptcy Code

(collectively, the "Avoidance Actions") and to grant certain related relief, as more fully

described in the Motion; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409;

and the Court having entered the *Order Staying Avoidance Actions and Granting Certain*

*Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule*

*7004(a)(1)*, dated October 20, 2010 [ECF No. 12199] (the "Initial Stay Order"), the *Order*

*Extending the Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to*

*Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated June 16, 2011

[ECF No. 17763], the *Order Extending Stay of Avoidance Actions and Granting Certain*

*Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule*

*7004(a)(1)*, dated January 11, 2012 [ECF No. 24198], the *Order Extending Stay of Avoidance*

*Actions Pursuant to Section 105(a) of the Bankruptcy Code*, dated July 18, 2012 [ECF No.

29506], the *Bridge Order Extending Stay of Avoidance Actions and Granting Certain Related*

*Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*,

dated January 17, 2013 [ECF No. 33970], the *Order Extending Stay of Avoidance Actions and*

*Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and*

*Bankruptcy Rule 7004(a)(1)*, dated February 15, 2013 [ECF No. 34697], the *Order Extending*

*Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of*

*the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated July 18, 2013 [ECF No. 38806],

and the *Bridge Order Extending Stay of Avoidance Actions and Granting Certain Related*

*Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*,

dated January 15, 2014 [ECF No. 42081] (together with the Initial Stay Order, the "Stay

Orders"); and due and proper notice of the Motion having been provided in accordance with

the procedures set forth in the second amended order entered June 17, 2010 governing case

management and administrative procedures [ECF No. 9635] to (i) the United States Trustee

for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service;

(iv) the United States Attorney for the Southern District of New York; (v) all parties who have

requested notice in these chapter 11 cases; and (vi) each of the known and identified

defendants to the Avoidance Actions or their agents or representatives (the "Avoidance Action

Defendants"), except for Avoidance Action Defendants as to whom the respective Avoidance

Action has been settled or dismissed, and it appearing that no other or further notice need be

provided; and a hearing having been held to consider the relief requested in the Motion; and

the Court having found and determined that the relief sought in the Motion is in the best

interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is

       ORDERED that the Motion is granted to the extent provided herein; and it is

further

       ORDERED that the Stay imposed by the Stay Orders is hereby extended to the

later of (i) May 20, 2014 or (ii) thirty (30) days after the date on which the Court enters a

scheduling order governing the Distributed Action (the "Distributed Action Scheduling Order");

and it is further

       ORDERED that the Chapter 11 Estates shall have until May 20, 2014 to

complete service of the Second Amended Complaint on each defendant in the Distributed

Action, without prejudice to the ability of the Chapter 11 Estates to request further extensions;

and it is further

ORDERED that, except to the extent provided in, as applicable, the Distributed Action Scheduling Order or any scheduling order governing the Non-Distributed Actions or as otherwise agreed by the parties, each Avoidance Action Defendant shall be required to answer or otherwise respond to any Avoidance Action complaint by the later of July 5, 2014, or, if such complaint is amended or further amended, 30 days after the date of the filing of any such amended complaint or further amended complaint, as applicable; *provided, however*, that if the Stay is lifted by (i) the Plan Administrator's filing and service of a notice of intention to prosecute an Avoidance Action or (ii) the Court's entry of an order modifying the Stay over an Avoidance Action, then the applicable Avoidance Action Defendant shall be required to answer or otherwise respond to the Avoidance Action complaint within 30 days after the date of, as applicable, service of a notice of intention to prosecute such Avoidance Action or the Court's order modifying the Stay over such Avoidance Action; and it is further

ORDERED that the Chapter 11 Estates shall file a [Proposed] Distributed Action Scheduling Order on or before February 19, 2014; and it is further

ORDERED that the Chapter 11 Estates and defendants in the SPV Avoidance Actions shall meet and confer during the period between February 19, 2014 and March 19, 2014 to discuss the proposed Distributed Action Scheduling Order; *provided*, *however*, that no defendant in the SPV Avoidance Actions shall be required to participate in any meet and confer; and it is further

ORDERED that the Chapter 11 Estates shall file any changes to the proposed Distributed Action Scheduling Order on or before March 24, 2014; and it is further

ORDERED that any defendant in an SPV Avoidance Action shall file a response to the proposed Distributed Action Scheduling Order on or before April 14, 2014 (a "Response"); and it is further

ORDERED that the Chapter 11 Estates shall file a reply to any Response on or before May 5, 2014; and it is further

ORDERED that the proposed Distributed Action Scheduling Order shall be addressed at the May 2014 omnibus hearing, subject to any adjournment of the hearing ordered by the Court; and it is further

ORDERED that nothing contained in this Order shall constitute a determination of any issues with respect to the content of a litigation protocol for the SPV Avoidance Actions, including the order in which issues are to be addressed, and the rights of all parties with respect to such issues are preserved; and it is further

ORDERED that nothing in this Order, or a defendant's participation in any meet and confer hereunder, shall constitute an admission or consent or shall otherwise prejudice any such defendant with respect to any constitutional issues (including *Stern v. Marshall*), any potential motion to withdraw the reference, or any subject-matter or personal jurisdictional issues in connection with the SPV Avoidance Actions; and it is further

ORDERED that, except as set forth herein, all other terms and provisions of the Stay Orders shall remain unaltered and in full force and effect; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

Dated: January __, 2014
        New York, New York


                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**(Schedule of Pending Avoidance Actions)**

US_ACTIVE:\44409863\6\58399.0003

| Adversary Proceeding No. | Adversary Proceeding |
|---|---|
| 10-03542 (JMP) | Lehman Brothers Special Financing Inc. v. U.S. Bank National Association, *et al.* |
| 10-03544 (JMP) | Lehman Brothers Financial Products Inc. v. The Bank of New York Mellon Trust Co., National Association, *et al.* |
| 10-03545 (JMP) | Lehman Brothers Special Financing Inc. v. The Bank of New York Mellon Corporation, *et al.* |
| 10-03547 (JMP) | Lehman Brothers Special Financing Inc. v. Bank of America National Association, *et al.* |
| 10-03548 (JMP) | Lehman Brothers Holdings Inc. v. AXA, S.A., *et al.* |
| 10-03552 (JMP) | Lehman Brothers Holdings Inc. v. Fragomen, Del Ray, Bernsen and Loewy, LLP |
| 10-03553 (JMP) | Lehman Brothers Holdings Inc. v. GMAC Mortgage Corporation |
| 10-03558 (JMP) | Lehman Brothers Holdings Inc. v. Earth Thebault Inc. |
| 10-03560 (JMP) | Lehman Brothers Holdings Inc. v. EMortgage Logic LLC |
| 10-03598 (JMP) | Lehman Brothers Holdings Inc. v. First American Residential Value View LLC |
| 10-03606 (JMP) | Lehman Brothers Holdings Inc. v. Stewart Lender Services |
| 10-03609 (JMP) | Lehman Brothers Holdings Inc. v. Deutsche Bank Trust Company Americas |
| 10-03809 (JMP) | Lehman Brothers Special Financing Inc. v. Wells Fargo Bank National Association, *et al.* |
| 10-03811 (JMP) | Lehman Brothers Special Financing Inc. v. Bank of New York Mellon National Association |
| 11-01661 (JMP) | Lehman Brothers Holdings Inc. v. Bullet Communications Inc. |
| 12-01043 (JMP) | Lehman Brothers Holdings Inc. v. CitiMortgage, Inc. |

**<u>Exhibit 2</u>**

**(Blackline of Revised Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                 :
In re                                            :        **Chapter 11 Case No.**
                                                 :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,     :        **08-13555 (JMP)**
                                                 :
                              **Debtors.**       :        **(Jointly Administered)**
                                                 :
                                                 :
-------------------------------------------------------------------x

### ORDER EXTENDING STAY OF AVOIDANCE ACTIONS AND GRANTING CERTAIN RELATED RELIEF PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1)

Upon the motion, dated January 10, 2014 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan"), pursuant to section 105(a) of title 11 of the United States Code

(the "Bankruptcy Code") and Rule 4(m) of the Federal Rules of Civil Procedure, as

incorporated and made applicable hereto by Rule 7004(a)(1) of the Federal Rules of

Bankruptcy Procedure, to extend the stay for each of the adversary proceedings identified on

Exhibit A hereto and any other avoidance actions that may be commenced by the Plan

Administrator under sections 544, 545, 547, 548, 549, 550 and/or 553 of the Bankruptcy Code

(collectively, the "Avoidance Actions") and to grant certain related relief, as more fully

described in the Motion; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409;

and the Court having entered the *Order Staying Avoidance Actions and Granting Certain*

*Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule*

*7004(a)(1)*, dated October 20, 2010 [ECF No. 12199] (the "Initial Stay Order"), the *Order*

*Extending the Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to*

*Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated June 16, 2011

[ECF No. 17763], the *Order Extending Stay of Avoidance Actions and Granting Certain*

*Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule*

*7004(a)(1)*, dated January 11, 2012 [ECF No. 24198], the *Order Extending Stay of Avoidance*

*Actions Pursuant to Section 105(a) of the Bankruptcy Code*, dated July 18, 2012 [ECF No.

29506], the *Bridge Order Extending Stay of Avoidance Actions and Granting Certain Related*

*Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*,

dated January 17, 2013 [ECF No. 33970], the *Order Extending Stay of Avoidance Actions and*

*Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and*

*Bankruptcy Rule 7004(a)(1)*, dated February 15, 2013 [ECF No. 34697], the *Order Extending*

*Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of*

*the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated July 18, 2013 [ECF No. 38806],

and the *Bridge Order Extending Stay of Avoidance Actions and Granting Certain Related*

*Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*,

dated January —15, 2014 [ECF No. —42081] (together with the Initial Stay Order, the

"Stay Orders"); and due and proper notice of the Motion having been provided in accordance

with the procedures set forth in the second amended order entered June 17, 2010 governing

case management and administrative procedures [ECF No. 9635] to (i) the United States

Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue

Service; (iv) the United States Attorney for the Southern District of New York; (v) all parties

who have requested notice in these chapter 11 cases; and (vi) each of the known and identified

defendants to the Avoidance Actions or their agents or representatives (the "Avoidance Action

Defendants"), except for Avoidance Action Defendants as to whom the respective Avoidance

Action has been settled or dismissed, and it appearing that no other or further notice need be

provided; and a hearing having been held to consider the relief requested in the Motion; and

the Court having found and determined that the relief sought in the Motion is in the best

interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is

      ORDERED that the Motion is granted to the extent provided herein; and it is

further

      ORDERED that the Stay imposed by the Stay Orders is hereby extended to the

later of (i) May 20, 2014 or (ii) thirty (30) days after the date on which the Court enters ~~the~~

~~Phase I~~a scheduling order governing the Distributed Action (the "Distributed Action Scheduling

Order"); and it is further

      ORDERED that the Chapter 11 Estates shall have until May 20, 2014 to

complete service of the Second Amended Complaint on each defendant in the Distributed

Action, without prejudice to the ability of the Chapter 11 Estates to request further extensions;

and it is further

ORDERED that, except to the extent provided in, as applicable, the ~~Phase I~~ Distributed Action Scheduling Order or ~~the Phase I~~ any scheduling order governing the Non-Distributed Actions ~~Scheduling Order~~ or as otherwise agreed by the parties, each Avoidance Action Defendant shall be required to answer or otherwise respond to any Avoidance Action complaint by the later of July 5, 2014, or, if such complaint is amended or further amended, 30 days after the date of the filing of any such amended complaint or further amended complaint, as applicable; *provided, however,* that if the Stay is lifted by (i) the Plan Administrator's filing and service of a notice of intention to prosecute an Avoidance Action or (ii) the Court's entry of an order modifying the Stay over an Avoidance Action, then the applicable Avoidance Action Defendant shall be required to answer or otherwise respond to the Avoidance Action complaint within 30 days after the date of, as applicable, service of a notice of intention to prosecute such Avoidance Action or the Court's order modifying the Stay over such Avoidance Action; and it is further

ORDERED~~,~~ that the Chapter 11 Estates shall file a [~~p~~Proposed ~~Phase I~~] Distributed Action Scheduling Order on or before February 19, 2014; and it is further

ORDERED that the Chapter 11 Estates and defendants in the SPV Avoidance Actions shall meet and confer during the period between February 19, 2014 and March 19, 2014 to discuss the proposed Distributed Action Scheduling Order; *provided, however,* that no defendant in the SPV Avoidance Actions shall be required to participate in any meet and confer; and it is further

ORDERED that the Chapter 11 Estates shall file any changes to the proposed Distributed Action Scheduling Order on or before March 24, 2014; and it is further

ORDERED that, any defendant in ~~the Distributed~~an SPV Avoidance Action shall file a response to the ~~Chapter 11 Estates'~~ proposed ~~Phase I~~ Distributed Action Scheduling Order on or before ~~March 12~~April 14, 2014 (a "~~Phase I Distributed Action~~ Response"); and it is further

ORDERED that the Chapter 11 Estates shall file a reply to any ~~Phase I Distributed Action~~ Response on or before ~~April 2~~May 5, 2014; and it is further

ORDERED, that the ~~Chapter 11 Estates'~~ proposed ~~Phase I~~ Distributed Action Scheduling Order shall be addressed at the ~~April~~May 2014 omnibus hearing, subject to any adjournment of the hearing ordered by the Court; and it is further

ORDERED that nothing contained in this Order shall constitute a determination of any issues with respect to the content of a litigation protocol for the SPV Avoidance Actions, including the order in which issues are to be addressed, and the rights of all parties with respect to such issues are preserved; and it is further

ORDERED that nothing in this Order, or a defendant's participation in any meet and confer hereunder, shall constitute an admission or consent or shall otherwise prejudice any such defendant with respect to any constitutional issues (including *Stern v. Marshall*), any potential motion to withdraw the reference, or any subject-matter or personal jurisdictional issues in connection with the SPV Avoidance Actions; and it is further

ORDERED that, except as set forth herein, all other terms and provisions of the Stay Orders shall remain unaltered and in full force and effect; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

Dated: January __, 2014
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**(Schedule of Pending Avoidance Actions)**

| Adversary Proceeding No. | Adversary Proceeding |
|---|---|
| 10-03542 (JMP) | Lehman Brothers Special Financing Inc. v. U.S. Bank National Association, *et al.* |
| 10-03544 (JMP) | Lehman Brothers Financial Products Inc. v. The Bank of New York Mellon Trust Co., National Association, *et al.* |
| 10-03545 (JMP) | Lehman Brothers Special Financing Inc. v. The Bank of New York Mellon Corporation, *et al.* |
| 10-03547 (JMP) | Lehman Brothers Special Financing Inc. v. Bank of America National Association, *et al.* |
| 10-03548 (JMP) | Lehman Brothers Holdings Inc. v. AXA, S.A., *et al.* |
| 10-03552 (JMP) | Lehman Brothers Holdings Inc. v. Fragomen, Del Ray, Bernsen and Loewy, LLP |
| 10-03553 (JMP) | Lehman Brothers Holdings Inc. v. GMAC Mortgage Corporation |
| 10-03558 (JMP) | Lehman Brothers Holdings Inc. v. Earth Thebault Inc. |
| 10-03560 (JMP) | Lehman Brothers Holdings Inc. v. EMortgage Logic LLC |
| 10-03598 (JMP) | Lehman Brothers Holdings Inc. v. First American Residential Value View LLC |
| 10-03606 (JMP) | Lehman Brothers Holdings Inc. v. Stewart Lender Services |
| 10-03609 (JMP) | Lehman Brothers Holdings Inc. v. Deutsche Bank Trust Company Americas |
| 10-03809 (JMP) | Lehman Brothers Special Financing Inc. v. Wells Fargo Bank National Association, *et al.* |
| 10-03811 (JMP) | Lehman Brothers Special Financing Inc. v. Bank of New York Mellon National Association |
| 11-01661 (JMP) | Lehman Brothers Holdings Inc. v. Bullet Communications Inc. |
| 12-01043 (JMP) | Lehman Brothers Holdings Inc. v. CitiMortgage, Inc. |