RICEVUTO
27 DIC. 2013

PROT. N.
003311

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **BANCA MONTE DEI PASCHI DI SIENA S.P.A.** ("Seller"), acting on behalf of one or more of its customers (the "Customers"), hereby unconditionally and irrevocably sells, transfers and assigns to **GRUPPO BANCA LEONARDO S.P.A.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage (together with the relevant allowed amount) specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim **Number 56130** filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of [Seller/its Customers] relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim, excluding distributions received by Seller on behalf of its Customer (the "Excluded Distributions"), or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of its Customer's right, title and interest in, to and under the transfer agreements, if any, under which Customer or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) its Customer owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) neither Seller nor its Customer have engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) the Notice of Proposed Allowed Claim Amount ("Notice") for the Proof of Claim provided to Purchaser is true and correct and no action was undertaken by Seller with respect to the Notice for the Proof of Claim.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser, other than the Excluded Distributions. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed as of the 20th day of December 2013.

BANCA MONTE DEI PASCHI DI SIENA S.P.A.
By: _____
Name: Doriana Fragnelli
Title: Manager

Piazza Salimbeni, 3
53100 Siena (Italy)

Attn Valeria Viganò
Via Rosellini 16 – 20124 Milano
Tel 0039 02 69705714
Email: bof.amministrazioneestero@banca.mps.it

GRUPPO BANCA LEONARDO S.P.A.
By: _____
Name: Luigi Crosti
Title: Dirigente Responsabile Area Servizi Operativi Wealth Management

By: _____
Name Annalisa Romano
Title: Dirigente Responsabile Servizio Legal Compliance & AML di Gruppo

Via Broletto 46
20121 Milano – Italy

Attn. Annalisa Romano
Phone 0039 02 7220 6427
Email: annalisa.romano@bancaleonardo.com

Schedule 1

## Transferred Claims

Purchased Claim

0.4175365% of isin XS0211814123 as described in the Proof of Claim, which relates to an allowed amount of USD 29,054.68 of isin XS0211814123

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN Code | Issuer | Guarantor | Notional Amount (EUR) | Notional Amount (USD)* | Accrued Amount (EUR) | Accrued Amount (USD)* | Allowed Amount (USD) |
|---|---|---|---|---|---|---|---|---|
| LEHMAN BROTHERS TREASURY BV EUR 7 05-2017 | XS0211814123 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 20,000.00 | 28,302.00 | 20,480.71 | 28,982.25 | 29,054.68 |

*Amounts due in EUR have been converted to US Dollars using the exchange reference rate published by [the European Central Bank/Bloomberg] for September 15, 2008: 1 EUR = 1.4151 USD.

BANCA MONTE DEI PASCHI DI SIENA SPA

GRUPPO BANCA LEONARDO S.P.A.

Schedule 1-1

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Form 210A

United States Bankruptcy Court

SOUTHERN DISTRICT OF NEW YORK

In re LEHMAN BROTHERS HOLDINGS INC., et. al., DEBTORS

Case No. 08-13555 (JMP)
JOINTLY ADMINISTERED

TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 300 1(e)(2), Fed, R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee<br>**GRUPPO BANCA LEONARDO SPA**<br><br>Name and Address where notices to transferee should be sent:<br>**Via Broletto 46**<br>**20121 Milano**<br>**Italy**<br><br>Attn. Biagio Oliva – Annalisa Romano<br><br>E-mail: biagio.oliva@bancaleonardo.com<br>       annalisa.romano@bancaleonardo.com<br><br>Phone: + 39 02 7220 6695<br><br>Last Four Digits of Acct #: N/A<br><br>Clearstream Banking Luxembourg bank account n. 11336 | Name of Transferor<br>**BANCA MONTE DEI PASCHI DI SIENA SPA**<br>Court Claim # 56130<br>Amount of Claim: $ 163,061,881.24<br>Date Claim Filed: 29Oct2009<br>Allowed Claim: $ 158,075,099.49<br><br><br><br>Email: **bof.amministrazioneestero@bancamps.it**<br><br><br>Phone: +39 0269705714 |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief,

09 January 2014

Luigi Crosti
(Title: Dirigente Responsabile Area Servizi
Operativi Wealth Management)

Annalisa Romano
(Title: Dirigente Responsabile Servizio Legale
Compliance & AML di Gruppo)

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment foe up to 5 years, or both 18 U.S.C. §1152 & 3571.

1

# EVIDENCE OF TRANSFER OF CLAIM

# TRANSFER AGREEMENT

## Exhibit C

## [address and name of Transferee]

Address for Notices:

GRUPPO BANCA LEONARDO SPA
VIA BROLETTO 46
20121 MILANO (ITALY)
Attn. Francesco Prato – Annalisa Romano
Tel 0039 02 7220 6659 – 0039 02 7220 6427
Email   francesco.prato@bancaleonardo.com
        annalisa.romano@bancaleonardo.com



**GRUPPO BANCA LEONARDO S.p.A.**
Via Broletto, 46
20121 MILANO



JAN 21 2014



RR 0057 0575 8 IT

UNITED STATES
BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
ONE BOWLING GREEN
NEW YORK, NY 10004-1408
(US)

DAHCO LEONARDO SPA
VIA BROLETTO 46, MILANO
20 121 MILANO   ITALY

C. A. CRISTIARO VASTARELLA

**Posteitaliane**   ITALIE

AVVISO di ricevimento/di consegna/di pagamento/d'iscrizione
AVIS de réception/de livraison/de paiement/d'inscription

**CN 07/Bil**

Ufficio di impostazione - Bureau de dépôt

Data - Date

10-01-14

Servizio delle Poste
Service des Postes

**A.R.**

Prioritario / Prioritaire
Via Aerea / Par Avion

Timbro dell'ufficio che rinvia l'avviso
Timbre du bureau renvoyant l'avis

JAN 21 2014

Destinatario invio - Destinataire de l'envoie

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
ONE BOWLING GREEN NEW YORK, NY 10004-1408

Natura dell'invio - Nature de l'envoi

Da restituire a: / Renvoyer à:

☒ Raccomandato / Recommandé
☐ Pacco / Colis
☐ Valore dichiarato / Valeur déclarée

Importo - Montant

☐ Vaglia / Mandat international
☐ Assegno di assegnazione / Chèque d'assignation

Importo contrassegno - Montant du remboursement

Nome o ragione sociale / Nom ou raison sociale

Via e n° / Rue et

**GRUPPO BANCA LEONARDO S.p.A.
Via Broletto, 46
20121 MILANO**

N° invio
N° de l'envoi   RR00570575 8 IT

CAP e Località / Code Postal

Da completare a destinazione / A remplir par le bureau de destination

L'invio sopra indicato è stato debitamente
L'envoi mentionné ci-dessus a été dûment

☐ Rimesso / Remis
☐ Pagato / Payé
☐ Accreditato su CCP / Inscript en CCP

Data - Date

Firma* - Signature*

Nazione / Pays

BACK OFFICE - CRISTIANO VASTARELLA

Nome del destinatario in stampatello (o altro mezzo chiaro d'identificazione)*
Nom du destinataire en lettres majuscules (ou outre moyen claire d'identification)*

* Questo avviso potrà essere firmato dal destinatario o, se i regolamenti del paese di destinazione lo prevedono, da altra persona autorizzata. / Cet avis pourra être signé par le destinataire ou, si les règlements du pays de destination le prévoient, par une autre personne autorisée.

Incollare senza piegare / Coller sans plier

Da compilare a cura del mittente
A remplir par l'expéditeur