

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                :
In re                                                :
LEHMAN BROTHERS HOLDING INC.      :   Chapter 11 Case No. 08-13555
                                                :   Jointly Administered
------------------------------------------------------------x

CREDITOR CLAUDIA GROHS' OPPOSITION TO DEBTORs' OMNIBUS OBJECTION
No. 450

      Upon Debtors' Omnibus Objection No. 450, challenging Creditor Grohs' claim number #36008 in part, Creditor Claudia GROHS hereby respectfully submits her Opposition to Debtors' Omnibus Objection No. 450 for the reasons stated as follows:

      **1.** In 2007, Creditor Claudia Grohs purchased Lehman Program Security ISIN XS0229269856 through a commercial bank (the "Sales Agent"), for €62,000.00 x 1.4181 = $103,408.99. This security is established as a Program Securities pursuant and a Preferred Securities as defined in Debtor's Four Hundred Fiftieth Objection to Claims raised on December 20, 2013. [Docket No. 41667]. Creditor Claudia Grohs filed Claim No. 36008 on October 2, 2009.

      **2.** Such Security was issued by Lehman Brothers International Europe ("LBIE"), London/Great Britain (the "Issuer"), and performance thereunder guaranteed by Lehman Brothers Holding plc. See Prospectus ISIN XS0229269856 attached to Debtors' Four Hundred Fiftieth Omnibus Objection as *Exhibit C* [Docket No. 41667].

      **3.** The Issuer was incorporated in the United Kingdom and acted, inter alia, as the Lehman Group's broker-dealer and market-maker. See LBIE Joint Administrator's Process Report dated Apr 14, 2009 attached hereto as *Exhibit 01*. It has been a wholly-owned subsidiary of Lehman Brothers Holding Inc. (the "Debtor Guarantor"). It was at all pertinent times owned and controlled by the Debtor Guarantor, and its financial statements were prepared internally monthly. Lehman Brothers Holding Inc. is the holding company of the worldwide operating Lehman Brothers group. See *id*.

      **4.** Pursuant to the Court's Order Establishing The Deadline for Filing Proofs of Claims ("Bar Date Order") dated July 2, 2009, in case a claim is based on a guaranty given by the Debtors with respect to Lehman Program Securities listed on the

conclusive Master List of Programs Securities Program, no further substantiation is necessary as long as a particular proof of claim contain ISIN, Blocking Number, and Depository Participant Account Number and is timely submitted. See <u>Bar Date Order</u> dated 2-Jul-2009 [Docket No. 4271];

> "Holders of securities are not required to file a proof of claim on account of their ownership if, and only if, such security is listed on the Debtors' Master List of Securities because such security was issued under an indenture pursuant to which an indenture trustee will file a global proof of claim on behalf of all holders of securities issued thereunder [...]. The Master List of Securities is available review at http://www.lehman-docket.com. The list is fully searchable by code (CUSIP and ISIN) or by security description [...]. *The Master List of Programs Securities shall be finalized on August 20, 2009 and is not subject to further change.*" <u>Id</u>. [emphasis added].

**5.** Creditor Grohs has submitted all such information with her Proof of Claim #36008 on or about October 2, 2009 in support of her guarantee claims on the basis of ownership of a Lehman Programs Security listed in the final Master List of Programs Securities, namely ISIN XS0229269856. See <u>Claim No. 36008</u>. The security identified as ISIN XS0229269856 is still included in the Master List of Programs Securities today.

## ARGUMENT IN FURTHERANCE

### Debtors' 450th Omnibus Objection Should Be Denied Because Creditor Grohs Relief in Good Faith Upon the Debtors' Representation To Treat Her Claim As a Lehman Programs Securities Claim.

**1.** The Debtors are estopped from treating Creditor Grohs' claim any different than any other Lehman Programs Securities Claim. "Judicial estoppel will apply if a party's later position is 'clearly inconsistent' with its earlier position, the party's former position has been adopted in some way by the court in the earlier proceeding, and [...] the party asserting the two positions would derive an unfair advantage against the party seeking estoppel." <u>Adelphia Discovery Trust v. HSBC Bank USA</u>, 634 F.3d 678, 695-696 (2nd Cir. 2011) [citations omitted].

**2.** Creditor Grohs, a citizen and resident of Germany, has followed all procedures established by the Court and in compliance with all further requirements prescribed by the Debtors to prepare, submit and maintain her claim in good faith In presenting the procedures revolving around submission and acknowledgment of Lehman Program

Securities claims. Since ISIN XS0229269856 was listed on the final Master List of Securities, Creditor Grohs relied upon the Debtors' representation that inclusion of her security in the Master List will ensure acknowledgement of her claim in the same way and extent as any other claim based upon Lehman Program Securities included therein. See <u>Notice of Presentment of Debtors' Motion</u> Pursuant to Sec. 502(b)(9) [Docket No. 3654].

    **3.** Upon information and belief, Creditor Grohs also forfitted the opportunity to assert a distinct claim against Lehman Brothers International Europe ("LBIE") in the British bankruptcy procedures by March 19, 2010, in reliance upon Debtors' representations concerning securities included in the Master List of Securities.

    **4.** Creditor Grohs also voted in favor the Debtors' proposed plan of reorganization, still relying on her undisputed claim based upon a security included in and subject to the treatment Master List of Securities.

    **5.** To allow the Debtors to discount Creditor Grohs' claim inconsistent with the permissible adjustments to any other Lehman Program Securities claims properly submitted duly prejudices the Creditor's position because she no longer has any other legal remedy to pursue the remainder of her claim. Creditor Grohs does not carry the risl that Debtors' procedures in composing and verifying final entries to the Master List of Securities operated under a margin of error.

WHEREFORE, the Creditor respectfully moves the Court to

    1. reject Debtors' 450th Omnibus Objection to Claims pertaining to Claim No. 36008;
    2. acknowledge the obligation of the Debtor Guarantor to repay the principal amount received through intra-corporate transfers by the Issuer from Creditor, through the Issuer, of $103,408.99 in full; and
    3. grant any other relief that the Court deems just.

///

///

///

///

Respectfully submitted  JAN 18 2013.

_____
Helge Naber
Montana Bar. Id. #7059
NABER PC
300 Central Avenue Suite 320
Great Falls Montana 59401
T 406 452 3100
F 406 452 6599
e naber@naberpc.com
ATTORNEY FOR CREDITOR

- Chambers of the Honorable James M Peck

U.S. Bankruptcy Judge

U.S. BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

One Bowling Green

New York New York 10004

- Peter Iakoff Esq and Garrett Fail Esq

WEIL GOTSCHAL & MANGES LLP

767 Fifth Avenue

New York New York 10153

*Attorneys for Debtors*

- William Harrington Esq., Susan Golden Esq. and Andrea Schwartz Esq

U.S. TRUSTEE's OFFICE FOR REGION 2

U.S. Federal Office Building

201 Varick Street Ste 1006

New York New York 10014

*US Trustee*

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing CREDITOR'S OPPOSITION TO TO DEBTOR'S PROPOSED EXPUNGEMENT OR DISALLOWANCE was duly served by U.S. Express mail, appropriate postage prepaid, upon the other parties or their attorney of record at their address or addresses as shown herein on JAN 18 2013.

NABER PC

By _____
300 Central Avenue Ste. 320 • Great Falls, MT 59401