**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                                                        :
In re:                                                                  :        Chapter 11 Case No.
                                                                        :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                            :        08-13555 (JMP)
                                                                        :
                                                      Debtors.          :        (Jointly Administered)
                                                                        :
------------------------------------------------------------------------x

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a). Transferee hereby gives
evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr.P., of the transfer, other
than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| **ASTATINE III, L.L.C.** | **DEUTSCHE BANK AG, LONDON BRANCH** |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should        Court Claim # (if known):  <u>19924</u>
be sent:                                                   Amount of Claim: <u>$39,394,815.00</u>
                                                           Date Claim Filed: <u>September 21, 2009</u>
   ASTATINE III, L.L.C.
   PO Box 433                                 Name and Address of Transferor:
   New York, NY 10150
   notices@Astatineiii.net                    DEUTSCHE BANK AG, LONDON BRANCH
   With a copy to:                            Winchester House
   Kara Scheinmann Katz                       1 Great Winchester Street
   Mandel, Katz & Brosnan LLP                 London EC2N 2DB
   The Law Building
   210 Route 303                              **\*\*PLEASE SEE ATTACHED DOCUMENTS\*\***
   Valley Cottage, NY 10989
   Telephone:  (845) 639-7800
   Facsimile:  (845) 639-7850
   kkatz@mkbllp.com
Name and Address where transferee payments
should be sent (if different from above):
Same as above

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my
knowledge and belief.

ASTATINE III, L.L.C.                                       Date: February 4, 2014

By: _____*Kara Sche___Ka*_____
Name: Kara Scheinmann Katz
Title: Authorized Signatory

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

## EXHIBIT A

Proof of Claim

| United States Bankruptcy Court/Southern District of New York | **PROOF OF CLAIM** |
|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Holdings Inc., et al. Debtors | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held Lehman Brothers Holdings Inc. | Case No. of Debtor 08-13555 |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000019924

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Société des Autoroutes Paris-Rhin-Rhône
36 Rue du Docteur Schmitt
21850 St. Apollinaire, France
Attention: Mr. Vincent Lang, Directeur Financier Groupe

Telephone number: 33 3 80 77 68 00    Email Address: <lang@apr.fr>

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:
(If known)

Filed on:

Name and address where payment should be sent (if different from above)

Telephone number:          Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ 39,394,815
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*
**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO** http://www.lehman-claims.com **AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: Guarantee of Derivative Contracts
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:
Value of Property: $_____  Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection: _____
Amount of Secured Claim: $_____   Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.
Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
Amount entitled to priority:
$_____

**FOR COURT USE ONLY**
**FILED / RECEIVED**
SEP 21 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 17.09.09
Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
Vincent LANG, CFO

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Lehman Brothers Holdings Inc., *et al.* | Case No. 08-13555 (JMP) |
| Debtors | Jointly Administered |

## ATTACHMENT TO PROOF OF CLAIM
## OF SOCIÉTÉ DES AUTOROUTES PARIS-RHIN-RHÔNE

Société des Autoroutes Paris-Rhin-Rhône ("APRR" or "Claimant") by its authorized representative submits this proof of claim (the "Claim") against Lehman Brothers Holdings Inc.

### Background

1.     On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated chapter 11 debtors, the "Debtors") filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.     On that same day, Lehman Brothers International (Europe) ("LBIE") became the subject of the appointment of an administrator in the United Kingdom.

### APRR's Claim

3.     Claimant and LBIE (the "Parties") entered into the FBF Master Agreement Relating to Transactions on Forward Financial Instruments dated as of May 3, 2005 (the "FBF Master" and, together with the appurtenant Schedule and Appendices, the "FBF Documentation").

4.      The Parties entered into various transactions pursuant to the FBF Documentation and certain confirmations.

5.      LBIE's obligations under the FBF Documentation are guaranteed by LBHI pursuant to that certain Guarantee of LBHI dated on or about May 3, 2005 (the "Guarantee"). Pursuant to the Guarantee, LBHI unconditionally guaranteed to Claimant the due and punctual payment of all amounts due and payable by LBIE to Claimant under each of the transactions entered into under the FBF Documentation.

6.      LBIE's obligations under the FBF Documentation are also guaranteed by LBHI pursuant to that certain Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc. dated June 9, 2005 (the "Global Guarantee" and together with the Guarantee, the "Guarantees"). Pursuant to the Global Guarantee, LBHI unconditionally guaranteed all obligations of LBIE under each of the transactions entered into under the FBF Documentation.

7.      Following the occurrence of an Event of Default, on September 17, 2008, Claimant delivered a notice to LBIE pursuant to Article 7.1.2 of the FBF Master, designating September 15, 2008 as the Termination Date on which all outstanding transactions under the FBF Documentation would be terminated.

8.      On October 7, 2008, Claimant delivered a statement pursuant to Article 8.2 of the FBF Master to LBIE containing Claimant's calculation of the termination amount due and payable between the Parties under the FBF Documentation (the "Calculation Statement").

9.      As stated in the Calculation Statement, the amount payable to Claimant under the FBF Documentation by LBIE is EUR 27,614,954, plus any costs, fees, interest or costs of carry.

10.     APRR is entitled to costs and expenses, including legal fees, pursuant to Article 11.5 of the FBF Master.  To date, APRR has incurred $62,836 in legal fees, which continue to accrue.

11.     As such, Claimant holds a claim against LBHI on account of the Guarantee in the amount of $ 39,394,815[1], plus any additional costs, fees, interest or costs of carry.

12.     In accordance with the order establishing the deadline for filing proofs of claim against the Debtors dated July 2, 2009 (the "Bar Date Order"), documentation supporting this claim will be uploaded on the website created for the completion of the Guarantee Questionnaire (as defined in the Bar Date Order).

### Reservation of Rights

13.     Claimant expressly reserves the right to amend or supplement this Claim at any time, in any respect and for any reason, including but not limited to, for the purposes of (a) fixing, increasing, or amending the amounts referred to herein, and (b) adding or amending documents and other information and further describing the claims.  Claimant does not waive any right to amounts due for any claim asserted herein by not stating a specific amount due for any such claim at this time, and Claimant reserves the right to amend or supplement this proof of claim, if Claimant should deem it necessary or appropriate, to assert and state an amount for any such claim.

14.     This Claim is made without prejudice to the filing by Claimant and any related entities of additional proofs of claim for any additional claims against the Debtors and non-debtor entities affiliated with the Debtors of any kind or nature, including, without limitation, claims for administrative expenses, additional interest, late charges, and related costs and

---

[1]  The claim amount set forth was calculated using the conversion rate of EUR 1 for USD 1.4243 in effect on the Petition Date.

3

expenses, and any and all other charges and obligations reserved under the applicable documents and other transaction documents, and claims for reimbursement in amounts that are not fully ascertainable.

15.    The filing of this Claim is not intended to be and shall not be deemed to be or construed as a waiver or release of any right to claim specific assets; any rights of setoff, recoupment, or counterclaim; or any other right, rights of action, causes of action, or claims, whether existing now or hereinafter arising, that Claimant has or may have against LBHI, its affiliated entities or any other person, or persons, and Claimant expressly reserves all such rights.

16.    Nothing herein modifies, alters, amends and/or waives any right Claimant may have under applicable law or any agreement or understanding to assert and recover from LBHI, its affiliated entities or any other person or persons, upon rights, claims, and monies.

17.    In executing and filing this claim, Claimant does not submit itself to the jurisdiction of this Court for any other purpose than with respect to this Claim. This Claim is not intended to be, and shall not be construed as (i) an election of remedies, (ii) a waiver of any past, present or future defaults, or (iii) a waiver or limitation of any rights remedies, claims or interests of Claimant.

## Notices

17.    All notices, communications and distributions with respect to this Claim should be sent to:

Société des Autoroutes Paris-Rhin-Rhône
36 rue du Docteur Schmitt
21850 Saint Apollinaire
France
Telephone:    33 3 80 77 68 00
Attention:    Mr. Vincent Lang, Directeur Financier Groupe

With a copy to:

Clifford Chance US LLP

4

31 West 52nd Street
New York, NY 10019
Telephone:    (212) 878-8000
Attention:    Jennifer C. DeMarco
              David A. Sullivan

PARIS-1 #1032484-v3

H
A
N
D

D
E
L
I
V
E
R
Y

FILED / RECEIVED

SEP 2 1 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

N. Roman
_____
RECEIVED BY:

_____
DATE

2:29
_____
TIME

## **EXHIBIT B**

Evidence of Transfer from Transferor to Transferee

Rule 3001(e) - Transfer of LBHI Claim # 19924

## EVIDENCE OF TRANSFER OF CLAIM

| | |
|---|---|
| TO: | United States Bankruptcy Court for the |
| | Southern District of New York (the "Bankruptcy Court") |
| | Attn: Clerk |
| AND TO: | Lehman Brothers Holdings Inc. (the "Debtor") |
| CASE NAME | In re Lehman Brothers Holdings Inc., et al., |
| CASE NO: | Chapter 11, Case No. 08-13555 (JMP) (Jointly administered) |
| CLAIM NO: | 19924 in the sum of $39,394,815.00 (full transfer) ("Claim") |

It is herby certified that DEUTSCHE BANK AG, LONDON BRANCH ("Seller") has, for good and valuable consideration (the receipt and sufficiency of which are hereby acknowledged), unconditionally and irrevocably sold, transferred and assigned unto

**ASTATINE III, L.L.C.**
PO Box 433
New York, NY 10150
notices@Astatineiii.net

With a copy to:

Kara Scheinmann Katz
Mandel, Katz & Brosnan LLP
The Law Building
210 Route 303
Valley Cottage, NY 10989
Telephone: (845) 639-7800
Facsimile: (845) 639-7850
kkatz@mkbllp.com

("Buyer"), by agreement dated January 6, 2014, all rights, title, interest, claims and causes of action in and to, or arising under or in connection with, the Claim.

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be prescribed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Claim and recognizing Buyer as the sole owner and holder of the Claim. Seller further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claim, and all payments or distributions of money or property in respect of the Claim, shall be delivered or made to Buyer.

DB Ref 13574

Rule 3001(e) - Transfer of LBHI Claim ≠ 15924

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS ___ day of January, 2014.

DEUTSCHE BANK AG, LONDON BRANCH          ASTATINE III, L.L.C.

Name: E GLENNIE                          By: _____
Title: J.P                               Name: Kara Scheinmann Katz
                                         Title: Authorized Signatory

Name: J FOOTE
Title: J.P.

DB Ref 13574