UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 )
In re:                                                           )   Chapter 11
                                                                 )
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                         )   Case No. 08-13555 (JMP)
                                                                 )
                                                                 )
                                                                 )
         Debtors                                                 )   (Jointly Administered)
-----------------------------------------------------------------x

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claims referenced in this evidence and notice.

BedRok Securities LLC                                    Oaktree Huntington Investment Fund, L.P.
Name of Transferee                                        Name of Transferor

Name and Address where notices to transferee              Case No.: 08-13555
should be sent:                                           Debtor: Lehman Brothers Holdings Inc.

**BedRok Securities LLC**
Attn: Rick Caplan
555 Theodore Fremd Avenue
Suite C-301
Rye, New York 10580

| Claim Number | Transferred Amount |
|---|---|
| 47606 | $386,161.53 |
| 55813 | $20,627.14 |
| 55814 | $887,637.55 |
| 555829 | $1,804,255.78 |
| 51609 | $2,639,536.74 |
| 56865 | $1,078,520.39 |
| 56862 | $2,696,715.99 |
| 56863 | $1,080,740.32 |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____[signature]_____                Date: February 6, 2014
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

NYC:259773.1

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Oaktree Huntington Investment Fund, L.P.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **BedRok Securities LLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (each, a "Purchased Claim" and collectively, the "Purchased Claims"), in Seller's right, title and interest in and to the Proofs of Claim specified in Schedule 1 attached hereto, each filed by or on behalf of Seller or Seller's predecessor in interest (each, a "Proof of Claim" and collectively, the "Proofs of Claim") against Lehman Brothers Holdings, Inc. ("LBHI"), debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to each Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to any Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way any Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with any Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to any Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of any Purchased Claim, but only to the extent related to such Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security" and all such securities, the "Purchased Securities") issued by Lehman Brothers Treasury Co. B.V. ("LBT") relating to each Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) each Proof of Claim was duly and timely filed on or before 5:00 p m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) each Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) each Proof of Claim includes at least one of the Purchased Claims specified in Schedule 1 attached hereto, and all Purchased Claims specified in Schedule 1 attached hereto are included in one or more Proofs of Claim; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller has delivered to Purchaser a true and correct copy of the Notice of Proposed Allowed Claim Amount (as defined in the Court's Order, dated August 10, 2011, *Approving Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.*) relating to each Proof of Claim (each, a "Notice") and no action was undertaken by Seller with respect to any Notice; (h) on or about April 17, 2012 Seller received a distribution from LBHI in respect of the Transferred Claims in the amount indicated on Schedule 1 attached hereto (the "First LBHI Distribution"), on or about October 1, 2012 Seller received a distribution from LBHI in respect of the Transferred Claims in the amount indicated on Schedule 1 attached hereto (the "Second LBHI Distribution"), on or about April 4, 2013 Seller received a distribution from LBHI in respect of the Transferred Claims in the amount indicated on Schedule 1 attached hereto (the "Third LBHI Distribution,"), and on or about October 3, 2013 Seller received a distribution from LBHI in respect of the Transferred Claims in the amount indicated on Schedule 1 attached hereto (the "Fourth LBHI Distribution" and, together with the First LBHI Distribution, Second LBHI Distribution, and Third LBHI Distribution, the "LBHI Distributions"); (i) on or about May 8, 2013, Seller received a distribution from LBT in respect of the Purchased Securities in the amount indicated on Schedule 1 attached hereto (the "First LBT

Distribution"); (j) on or about October 24, 2013, Seller received a distribution from LBT in respect of the Purchased Securities in the amount indicated on Schedule 1 attached hereto (the "Second LBT Distribution," and together with the First LBT Distribution, the "LBT Distributions," and, together with the LBHI Distributions, the "Distributions"); and (k) other than the Distributions, neither Seller nor its predecessors in interest have received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller after the date of this Agreement and Evidence of Transfer of Claim in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to any Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

[*Signature Page Follows*]

NYC:255460.2

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 4th day of February, 2014.

**BEDROK SECURITIES LLC**

By: _____
Name:
Title: President

**OAKTREE HUNTINGTON INVESTMENT FUND, L.P.**

By:   Oaktree Huntington Investment Fund GP, L.P.
Its:  General Partner

By:   Oaktree Huntington Investment Fund GP Ltd.
Its:  General Partner

By:   Oaktree Capital Management, L.P.
Its:  Director

By: _____
Name:
Title:

By: _____
Name:
Title:

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 4th day of February, 2014.

**BEDROK SECURITIES LLC**

By: _____
Name:
Title:

**OAKTREE HUNTINGTON INVESTMENT FUND, L.P.**

By:  Oaktree Huntington Investment Fund GP, L.P.
Its: General Partner

By:  Oaktree Huntington Investment Fund GP Ltd.
Its: General Partner

By:  Oaktree Capital Management, L.P.
Its: Director

By: _____
Name: Richard Ting
Title: Managing Director
       Associate General Counsel

By: _____
Name: Mahesh Balakrishnan
Title: Senior Vice President

Schedule 1

Transferred Claims

Purchased Claim

As set forth below.

Lehman Programs Securities to which Transfer Relates

| ISIN | Claim Number | Allowed Amount | First LBHI Distribution | Second LBHI Distribution | Third LBHI Distribution | Fourth LBHI Distribution | First BV Distribution | Second BV Distribution |
|---|---|---|---|---|---|---|---|---|
| DE000A0SUA99 | 47606.01 | $386,161.53 | $13,937.45 | $9,405.26 | $11,879.54 | $14,084.53 | EUR 35,222.24 | EUR 13,798.65 |
| XS0251180906 | 55813.12, 555829.06, & 55814.18 | $1,920,386.57 | $69,311.14 | $46,772.52 | $59,077.13 | $70,042.57 | CHF 209,590.49 | CHF 82,792.62 |
| CH0027120796 | 55814.18 | $792,133.90 | $28,589.93 | $19,293.04 | $24,368.53 | $28,891.63 | CHF 75,726.91 | CHF 29,913.71 |
| XS0231442046 | 51609.07 | $2,639,536.74 | [-] | $159,663.82 | $81,200.46 | $96,272.27 | EUR 202,298.99 | EUR 79,252.57 |
| XS0211244941 | 56865.01 | $1,078,520.39 | $38,926.27 | $26,268.21 | $33,178.68 | $39,337.05 | EUR 100,269.13 | EUR 39,281.40 |
| XS0212990732 | 56862.01 | $2,696,715.99 | $97,330.65 | $65,680.64 | $82,959.47 | $98,357.78 | EUR 215,145.07 | EUR 84,285.17 |
| XS0247938938 | 56863.01 | $1,080,740.32 | $39,006.39 | $26,322.28 | $33,246.97 | $39,418.02 | EUR 111,208.19 | EUR 43,566.89 |
| XS0335576475 | 59415, 63111, 63124, & 63135 | $3,427,140.43 | $123,693.34 | $83,470.68 | $105,429.64 | $124,998.68 | EUR 301,979.79 | EUR 118,303.51 |

Schedule 1–1

NYC:255460.1