IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Form 210A

United States Bankruptcy Court

SOUTHERN DISTRICT OF NEW YORK

In re LEHMAN BROTHERS HOLDINGS INC., et. al., DEBTORS        Case No. 08-13555 (JMP)
JOINTLY ADMINISTERED

TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 300 1(e)(2), Fed, R. Bankr. P. of the transfer, other than for security, of the claim referenced in this evidence and notice.

| BROKWEL MANAGEMENT INC. | ILLIQUIDX LLP |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

**BROKWEL MANAGEMENT INC.**

53rd E Street, Urbanizacion Marbella
MMG Tower, 16th Floor Panama
REPUBLIC OF PANAMA

Attn.: Marta Irene Diae de Saavedra
Email: info@morimor.com
Phone: (507) 265.7777
Last Four Digits of Acct #: N/A

Name and Address where transferee payments should be sent (if different from above):

Bank :
SWIFT:
ABA Number :
A/C No.

Court Claim # (if known): 49619
Amount of Claim as Filed with respect to ISIN XS0211814123 : $139,223.70
Allowed Amount of Claim with respect to ISIN XS0211814123 : $145,273.40

Court Claim # (if known): 49719
Amount of Claim as Filed with respect to ISIN XS0176153350 : $41,767.11
Allowed Amount of Claim with respect to ISIN XS0176153350 : $43,764.76

Court Claim # (if known): 49719
Amount of Claim as Filed with respect to ISIN XS0200284247 : $348,059.25
Allowed Amount of Claim with respect to ISIN XS0200284247 : $365,185.97

Court Claim # (if known): 49737
Amount of Claim as Filed with respect to ISIN XS0176153350 : $174,029.63
Allowed Amount of Claim with respect to ISIN XS0176153350 : $182,353.18

Court Claim # (if known): 49737
Amount of Claim as Filed with respect to ISIN XS0176153350 : $348,059.25
Allowed Amount of Claim with respect to ISIN XS0176153350 : $364,706.37

Court Claim # (if known): 49737
Amount of Claim as Filed with respect to ISIN XS0211093041 : $69,611.85
Allowed Amount of Claim with respect to ISIN XS0211093041 : $71,818.78

Court Claim # (if known): 49737
Amount of Claim as Filed with respect to ISIN XS0181945972 : $11,137.90
Allowed Amount of Claim with respect to ISIN XS0181945972 : $11,620.51

Court Claim # (if known): 49740
Amount of Claim as Filed with respect to ISIN XS0176153350 : $38,982.64
Allowed Amount of Claim with respect to ISIN XS0176153350 : $40,847.11

Court Claim # (if known): 49740
Amount of Claim as Filed with respect to ISIN XS0178969209 : $208,835.55
Allowed Amount of Claim with respect to ISIN XS0178969209 : $218,636.57

Court Claim # (if known): 49740
Amount of Claim as Filed with respect to ISIN XS0210782552 : $34,805.93
Allowed Amount of Claim with respect to ISIN XS0210782552 : $36,246.15

**ILLIQUIDX LLP**

80 Fleet Street
London EC4Y 1EL
UNITED KINGDOM

**\*\*PLEASE SEE ATTACHED EXHIBITS\*\***

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: 06 Feb 2014
     Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment foe up to 5 years, or both 18 U.S C. §1152 & 3571.

2

Form 210B (12/09)

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                    Case No. 08-13555

NOTICE OF TRANSFER OF CLAIM
OTHER THAN FOR SECURITY

Claim No. **49619, 49719, 49737** and **49740** were filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on 06 Feb 2014.

| | |
|---|---|
| **ILLIQUIDX LLP** | **BROKWEL MANAGEMENT INC.** |
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| **ILLIQUIDX LLP** | **BROKWEL MANAGEMENT INC** |
| 80 Fleet Street<br>London, EC4Y 1EL<br>UK | 53rd E Street, Urbanizacion Marbella<br>MMG Tower, 16th Floor Panama<br>REPUBLIC OF PANAMA |

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                    _____
                                    CLERK OF THE COURT

**EVIDENCE OF TRANSFER OF CLAIM**

**TRANSFER AGREEMENT**

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **ILLIQUIDX LLP** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **BROKWEL MANAGEMENT INC.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) the securities identified by ISIN code listed in Schedule 1 (the "Securities", and any such security, a "<u>Purchased Security</u>"), (b) to the extent related to the Securities and to the extent of the applicable principal amount specified in Schedule 1 attached hereto, an undivided interest in the Seller's right, title and interest in and to the Proof of Claim Numbers specified in Schedule I, filed by or on behalf of those entities set out in Schedule I attached hereto acting for themselves and/or acting for itself and/or each acting on behalf of holders or beneficial owners of the Securities for which they have filed (the "<u>Proofs of Claim</u>"), against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>") (the "<u>Purchased Claim</u>"), (c) to the extent related to the Securities and the Purchased Claim, all rights, title and benefits of Seller and Seller's predecessors-in-title (the "<u>Predecessors</u>") relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim (including for clarity, all amounts distributed on or after the trade date (the "<u>Trade Date</u>") whether or not the Trade Date is before, on or after any record date with respect to an amount) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Securities and/or the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Securities and/or the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any Predecessors acquired the rights and obligations underlying or constituting a part of the Securities and/or Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any Predecessors against any other Predecessors, (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing; and (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "<u>Transferred Claims</u>"). For the avoidance of doubt, the Purchaser does not acquire any liabilities or obligations with respect to the Transferred Claims of Seller or any Predecessors.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal, beneficial, and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller, or created or incurred by any Predecessors or against the same, and all filings required to evidence Seller's title to the Transferred Claim have been duly and timely filed with the Court; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and the related evidence of transfer of claim (the "<u>Evidence of Transfer of Claim</u>"); (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) neither the Seller nor any Predecessors have engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor, (g) there have been no objections filed against Seller or any Predecessors in respect of the Transferred Claims; (h) neither the Transferred Claims nor any portion thereof is subject to any claim or right of setoff, or pending reduction, recoupment, impairment, avoidance, disallowance, or subordination, and neither Seller nor any Predecessors has received any notice that the Transferred Claims are void or voidable or subject to any pending disallowance, reduction, impairment or objection of any kind, and the Allowed Amount of Claim Transferred to Purchaser, as referred to in Schedule 1, are those amounts set forth in Schedule1, (i) the amounts described as the Proposed Allowed Claim Amount as set out in the Notices of Proposed Allowed Claim Amount dated August 24, 2011 relating to each of the Transferred Claims (collectively, the "Notice"), copies of which Seller has not been able to provide to Purchaser, are identical to those Total Proposed Allowed Claim Amounts as indicated in Schedule 1 hereto and no action was undertaken by Seller or any Predecessors with respect to the Notice; (j) the Notice relates to the Proofs of Claim, and as of the date hereof, other than the Notice, neither Seller nor any Predecessors have received any notice or objection or order of the Court for expungement or disallowance in relation to the

1

Transferred Claims; (k) there have not been, and there are no objections to the Transferred Claims, (l) all documents provided to Purchaser by Seller relating to the Transferred Claims are true, accurate and complete copies of such documents; (m) all transfer agreements under which Seller and any Predecessors acquired the Transferred Claims or any part thereof (the "Predecessor Agreements") are substantially similar (and similar in all material respects) to this Agreement, and all such Predecessor Agreements contain representations, warranties, covenants, agreements and indemnities from the seller to the purchaser that are no less favorable than those contained herein; (n) Seller has the full power and authority to execute and perform its obligations under this Agreement and the Evidence of Transfer of Claim, and Seller has received representations and warranties from the Predecessors that (i) that Predecessor had full power and authority to execute, and deliver the respective Predecessor Agreement and the related evidence of transfer of claim and to contractually bind the holders or beneficial owners of the Securities to the terms of this Agreement and Evidence of Transfer of Claim and (ii) it is duly and validly authorized by, or on behalf of, any holders or beneficial owners of the Securities to execute and deliver this Agreement and Evidence of Transfer of Claim; (o) there are no claims, liens or encumbrances upon the Transferred Claims and Seller represents and warrants that, upon consummation of the transactions contemplated in this Agreement and Evidence of Transfer of Claim, the Purchaser will own and have good legal and beneficial title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller, or created or incurred by any Predecessors or against the same; (p) the Transferred Claims and Securities are not subject to or bound by a Plan Support Agreement (as such term is defined in the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors dated as of June 30, 2011); (q) other than with respect (i) to the amount received by Seller or any Predecessors as a Class 5 Distribution (as defined in the Debtors' Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated December 5, 2011 (the "Plan")) under the Plan in connection with the initial Distribution (as defined in the Plan), and (ii) to the amounts received by Seller or any Precedessors (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) as Class 5 Distributions under the Plan in connection with subsequent Distributions under the Plan, no payment or other distribution has been received by or on behalf of Seller, any Predecessors, or by any third party on behalf of Seller or any Predecessors, in full or partial satisfaction of, or in connection with, the Transferred Claims; and (r) no filing or voting instructions have been filed, submitted or otherwise in relation to the Purchased Claim relating to the Consent and Solicitation Memorandum approved by the Supervisory Judge relating to the Composition Plan offered by LBT to its Ordinary Creditors pursuant to Title I, Chapter 6 DBA.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim within three (3) business days of the date of this Agreement. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from (i) Seller's breach of its representations, warranties, covenants and agreements made herein, and (ii) Seller not having provided a copy of the Notice, nor all details of the contents thereof (other than as set out herein), to Purchaser. Seller hereby agrees that the Purchaser will benefit (if the Purchaser so requires) from any rights which the Seller may have against any Precedessors which the Seller has based on the Predecessors' representations and warranties set out in the respective Predecessor Agreement, and the Purchaser can exercise such rights in any way it wishes.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. If applicable, Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other

automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. Seller shall act or omit to act with respect to the Transferred Claims solely to the extent directed by Purchaser.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any Precedessors to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on Seller's part, causing any Precedessors to deliver distributions and proceeds received by any Predecessors and to act) and other actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim. In the event that the sale and purchase of the Transferred Claims are not successfully completed for any reason whatsoever within a commercially reasonable time , any purchase price paid by the Purchaser under this Agreement and Evidence of Transfer of Claim shall be returned to the Purchaser and the delivery obligations of the Seller under this Agreement shall be cancelled, provided that such cancellation shall not absolve either party from any damages arising from a breach of this Agreement.

7. Seller agrees that all distributions, amounts, proceeds, assets, cash and other property received by Seller or any Precedessors on or after the Trade Date (whether or not such Trade Date is before, on or after any record date for such amounts) are for the account of Purchaser, and at the election of the Purchaser, (i) the Purchaser may net, setoff and reduce the purchase price payable by it and any other amounts owed by it in respect of the Transferred Claims against the distributions, assets, cash, property and amounts payable by Seller to it in respect of distributions, assets, cash, property and amounts received by Seller or any Precedessors on and after the Trade Date, or (ii) the Seller shall pay such amounts received by the Debtor or any Precedessors, or any other entity in relation to the Transferred Claims, on or prior to the date of this Agreement and on and after the Trade Date in respect of the Transferred Claims to the account information provided to it by Purchaser on the date of this Agreement and Evidence of Transfer of Claim.

8. The parties acknowledge and agree that the transfer of the Transferred Claims shall be made effective immediately upon execution by the parties of this Agreement and Evidence of Transfer of Claim, and to the extent that any of the Securities are blocked in Euroclear, immediately upon such Securities being unblocked, payment of the purchase price shall be made on delivery of the Securities versus payment basis through Euroclear. For the avoidance of doubt, the parties acknowledge and agree that the transfer of the Purchased Claim contemplated hereby shall occur immediately upon execution of this agreement.

9. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 24 day of January 2014.

| BUYER | SELLER |
|---|---|
| **BROKWEL MANAGEMENT INC.** | **ILLIQUIDX LLP** |
| By: _[signature]_ | By: _[signature]_ |
| Name: Marte [illegible] | Name: Celestino Amore |
| Title: | Title: Managing Partner |
| 53rd E Street, Urbanizacion Marbella | 80 Fleet Street |
| MMG Tower, 16th Floor Panama | London EC4Y 1EL |
| REPUBLIC OF PANAMA | UNITED KINGDOM |

**Schedule 1**

Transferred Claim

**Purchased Claim**

As set forth below.

Lehman Programs Securities to which Transfer Relates

| Claim # | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal / Notional Amount | Allowed Amount of Claim Transferred to Purchaser |
|---|---|---|---|---|---|---|
| 49619 | XS0211814123 | N/A | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR100,000.00 which is the equivalent of USD$139,223.70 | USD$145,273.40 |
| 49719 | XS0176153350 | CA57203 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR30,000.00 which is the equivalent of USD$41,767.11 | USD$43,764.76 |
| 49719 | XS0200284247 | CA57331 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR250,000.00 which is the equivalent of USD$348,059.25 | USD$365,185.97 |
| 49737 | XS0176153350 | 6034490 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR125,000.00 which is the equivalent of USD$174,029.63 | USD$182,353.18 |
| 49737 | XS0176153350 | 6034490 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR250,000.00 which is the equivalent of USD$348,059.25 | USD$364,706.37 |
| 49737 | XS0211093041 | 6034880 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR50,000.00 which is the equivalent of USD$69,611.85 | USD$71,818.78 |
| 49737 | XS0181945972 | N/A | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR8,000.00 which is the equivalent of USD$11,137.90 | USD$11,620.51 |
| 49740 | XS0176153350 | CA18388 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR28,000.00 which is the equivalent of USD$38,982.64 | USD$40,847.11 |
| 49740 | XS0178969209 | CA18375 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR150,000.00 which is the equivalent of USD$208,835.55 | USD$218,636.57 |
| 49740 | XS0210782552 | CA18363 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR25,000.00 which is the equivalent of USD$34,805.93 | USD$36,246.15 |

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS**<br>**PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)     0000049619 |
| Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009 | | THIS SPACE IS FOR COURT USE |

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
BANCA DEL PIEMONTE CON UNICO SOCIO SPA
(ON BEHALF OF ITS CLIENTS)
VIA CERNAIA, 7 - 10121 TORINO - ITALY
FAO: ILARIA SICA
Telephone number: 00390115652334   Email Address: i.sica@bancadelpiemonte.it

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)
Telephone number: _____   Email Address: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ 9,842,561.73   (Required)  SEE SCHEDULE ATTACHED

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): _____   (Required) SEE SCHEDULE ATTACHED

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number: _____   (Required) SEE SCHEDULE ATTACHED

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:
76228 (UNPUBLISHED)   (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY

FILED / RECEIVED
OCT 27 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 10.23.2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. GENERAL MANAGER [signature]

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000049737 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

BANCA POPOLARE DELL'EMILIA ROMAGNA SOC. COOP.
VIA SAN CARLO 8/20
41100 MODENA - ITALY

Telephone number: 01139 059 2021307    Email Address: paolo.mazza@bper.it

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number: _____    Email Address: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ **108,892,533.76** (Required)    **SEE SCHEDULE ATTACHED**

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): **SEE SCHEDULE ATTACHED** (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

**SEE SCHEDULE ATTACHED** (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:

**SEE SCHEDULE ATTACHED** (Required)

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date:<br>October 26, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. BANCA POPOLARE DELL'EMILIA ROMAGNA SOC. COOP.<br>GUIDO LEONI - CHAIRMAN    /s/ Guido Leoni | FOR COURT USE ONLY<br>**FILED / RECEIVED**<br>OCT 27 2009<br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM<br>Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)     0000049740 |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009.

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Banca Aletti & C. S.p.A.
Via Santo Spirito, 14
20121 Milano
Italy
Attention: Mr. Massimo Zerbino

Telephone number: +39 0243358107     Email Address: massimo.zerbino@alettibank.it

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

**Name and address where payment should be sent** (if different from above)

Telephone number:     Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: See attached _____ (Required)

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): See attached _____ (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

See attached _____ (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:

See attached _____ (Required)

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date<br>October<br>23, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Name: Maurizio Zancanaro     Title: General Manager<br>*[signature]* | FOR COURT USE ONLY<br>**FILED / RECEIVED**<br>OCT 27 2009<br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.