**Form 210A (10/06)**

# United States Bankruptcy Court
## Southern District of `New York

**In re:** Lehman Brothers Holdings Inc., et al.,
**Case No.** Jointly Administered Under Case No. 08-13555

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or **deemed filed** under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to **Rule 3001(e)(2)**, Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee:
  **Fair Harbor Capital, LLC**
  **As assignee of Leslie Steppel Weisbrod**

Name of Transferor:
  **Leslie Steppel Weisbrod**

Name and Address where notices to transferee should be sent:

  **Fair Harbor Capital, LLC**
  **Ansonia Finance Station**
  **PO Box 237037**
  **New York, NY  10023**

Court Claim # (if known):  2880
Amount of Claim:  $96,983.85
Date Claim Filed:

Name and Address of Transferor:

  Leslie Steppel Weisbrod
  Nixon Peabody LLP - Adam Gilbert Esq.
  437 Madison Ave 18th Floor
  New York, NY  10022

Phone:  212 967 4035
Last Four Digits of Acct #:  n/a

Phone:
Last Four Digits of Acct. #:  n/a

Name and Address where transferee payments should be sent (if different from above):

Phone:  n/a
Last Four Digits of Acct #:  n/a

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:  /s/ *Fredric Glass*    Date:  February 10, 2014
    Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# United States Bankruptcy Court
## Southern District of `New York

**In re:**     **Lehman Brothers Holdings Inc., et al.,**
**Case No.**     **Jointly Administered Under Case No. 08-13555**

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

**Claim No. 2880 (if known)**

was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on February 10, 2014.

Name of Transferee:
  **Fair Harbor Capital, LLC**
  **As assignee of Leslie Steppel Weisbrod**

Name of Alleged Transferor:
  **Leslie Steppel Weisbrod**

    **Fair Harbor Capital, LLC**
    **Ansonia Finance Station**
    **PO Box 237037**
    **New York, NY 10023**

Name and Address of Alleged Transferor:

    Leslie Steppel Weisbrod
    Nixon Peabody LLP - Adam Gilbert Esq.
    437 Madison Ave 18th Floor
    New York, NY 10022

### ~DEADLINE TO OBJECT TO TRANSFER~

The transferor of claim named above is advised the this Notice of Transfer of Claim Other than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objection must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____        _____
                                                                               Clerk of the Court

United States Bankruptcy Court, Southern District of New York

---------------------------------------------------------------X
In re:   Lehman Brothers Holdings Inc.,                :   Chapter 11
         Debtor.                                       :   Case No. 08-13555
---------------------------------------------------------------X Jointly Administered Under Case No 08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY AND WAIVER OF NOTICE
### Bankruptcy Rule 3001(e)

PLEASE TAKE NOTICE that the Class 7 claim of LESLIE STEPPEL WEISBROD TRUST ("Transferor") against the Debtor(s) indicated in the caption above in the amount of $88,588.50, and all claims (including without limitation the Proof of Claim, if any, identified below and Transferor's rights to receive all interest, penalties, cure payments that it may be entitled to receive on account of the assumption of any executory contract or lease related to the Claim and fees, if any, which may be paid with respect to the Claim and all other claims, causes of action against the Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing, and all cash, securities, instruments and other property which may be paid or issued by Debtor in satisfaction of the Claim) of Transferor have been transferred and assigned other than for security to Fair Harbor Capital, LLC ("Transferee") in consideration of the sum of $_____. The signature of the Transferee on this TRANSFER OF CLAIM OTHER THAN FOR SECURITY AND WAIVER OF NOTICE is evidence of the Transfer of the claims and all rights and benefits of Transferor relating to the Claim. The Claim is based on amounts owed to Transferor by Debtor and this transfer shall be deemed an absolute and unconditional transfer of the Claim for the purpose of collection and shall not be deemed to create a security interest. Fair Harbor Capital, LLC is not obligated to file any application, motion, Proof of Claim or other document with the Bankruptcy Court with regard to your claim.

I, the undersigned Transferor of the above-described claims, hereby assign and transfer my claims and all rights there under to the Transferee upon terms as set forth in cover letter received. I represent and warrant that the claim is not less than $88,588.50 and has not been previously objected to, sold, or satisfied. I further represent and warrant that cash distributions aggregating approximately 13.89% of the allowed Claim have been received by the Transferor and these distribution amounts are excluded from this Transfer of of Claim Other Than for Security and Waiver of Notice, and that this Transfer Of of Claim Other Than for Security and Waiver of Notice is only for future distributions, if any. Upon notification by Transferee, I agree to reimburse Transferee a pro-rata portion of the purchase price if the Claim is reduced, objected to, or disallowed in whole or part by the Debtor, the Court, or any other party and Transferor represents and warrants that there are no offsets or defenses or preferential payments that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value. If Transferor fails to negotiate the distribution check on or before ninety (90) days after issuance of such check, then Transferee shall void the distribution check, the amount of cash attributable to such check shall be deposited in Transferee's bank account, and Transferor shall be automatically deemed to have waived its Claim. A Proof of Claim has been filed in the amount of $88,588.50 been duly and timely filed in the Proceedings (and a true copy of such Proof of Claim is attached to this Assignment). If the Proof of Claim amount differs from the Claim amount set forth above, Transferee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

In the event the Claim is ultimately allowed in an amount in excess of the amount purchased herein, Transferor is hereby deemed to sell to Transferee, and, at Transferee's option only, Transferee hereby agrees to purchase, the balance of said Claim at the same percentage of claim paid herein. Transferee shall remit such payment to Transferor upon Transferee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any objection by the Debtor.

Transferor acknowledges that, except as set forth in this herein, neither Transferee nor any agent or representative of Transferee has made any representation whatsoever to Transferor regarding the status of the Proceedings, the condition of Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim. Transferor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Transferee and based on such information as Transferor has deemed appropriate (including information available from the files of the Court in the Proceedings), made its own analysis and decision to enter into this Transfer of Claim.

I, the undersigned Transferor hereby authorize Transferee to file a notice of transfer pursuant to Rule 3001 (e) of the Federal Rules of Bankruptcy Procedure ("FRBP"), with respect to the Claim, while Transferee performs its due diligence on the Claim. Transferee, at its sole option, may subsequently transfer the Claim back to Transferor if due diligence is not satisfactory, in Transferee's sole and absolute discretion pursuant to Rule 3001 (e) of the FRBP. In the event Transferee transfers the Claim back to Transferor or withdraws the transfer, at such time both Transferor and Transferee release each other of all and any obligation or liability regarding this Assignment of Claim. Transferor hereby acknowledges and consents to all of the terms set forth in this Transfer of Claim and hereby waives (i) its right to raise any objection hereto, and (ii) its right to receive notice pursuant to Rule 3001 (e) of the FRBP. Transferor hereby acknowledges that Transferee may at any time reassign the Claim, together with all right, title and interest of Transferee in and to this Transfer of Claim. All representation and warranties made herein shall survive the execution and delivery of this Transfer of Claim and any such re-assignment.

Other than stated above, Transferee assumes all risks associated with debtor's ability to distribute funds. Transferor agrees to deliver to Fair Harbor Capital, LLC any correspondence or payments received subsequent to the date Transferee signs this agreement. The clerk of the court is authorized to change the address regarding the claim of the Transferor to that of the Transferee listed below. This Transfer of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Claim may be brought in any State or Federal court located in the State of New York, and Transferee consents to and confers personal jurisdiction over Transferor by such court or courts and agrees that service of process may be upon Transferor by mailing a copy of said process to Transferor at the address set forth in this Assignment of Claim, and in any action hereunder Transferor waives the right to demand a trial by jury.

Transferor:
LESLIE STEPPEL WEISBROD TRUST
DTD 6/27/1990, 369 WHIPPOORWILL ROAD
CHAPPAQUA, NY 10514.
Print Name: _____ Title: P.O.A
Signature: _____ Date: 5/16/13
Phone: 914-238-1789   Fax: 914-238-1790
Updated Address (If Changed): _____

Transferee:
Fair Harbor Capital, LLC
1841 Broadway, 10th Fl, NY, NY 10023
Signature: _____
Fred Glass, Member Fair Harbor Capital, LLC
Victor Knox