AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Bethmann Bank A.G.** ("**Seller**") hereby unconditionally and irrevocably sells, transfers and assigns to **Yorvik Partners LLP** (the "**Purchaser**"), and Purchaser hereby agrees to purchase, as of the 24th September 2013 (the "Effective Date"), (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 attached hereto (the "Purchased Claims"), in Seller's right, title and interest in and to Proof of Claim Numbers 37667, 37713, 39590, 40210, 46676, and 59048 filed by **Seller** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claims, but only to the extent related to the Purchased Claims, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claims and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer a claim; (e) the Proof of Claim includes the Purchased Claims specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller is not, and shall not, prior to the recognition by the Debtor of Purchaser as the holder of the Proof of Claim, become, a PSA Creditor (as defined in the proposed Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated August 31, 2011); (h) the Allowed Amount of the Claim Transferred to Purchaser, as referred to in Schedule 1, are those amounts set forth in Schedule 1 other than with respect (i) to the sum of $21,800.63 received by Predecessor, as a Class 5 Distribution (as defined in the Debtors' Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated December 5, 2011 (the "Plan")) under the Plan, on or about April 17, 2012 in connection with the initial Distribution (as defined in the Plan), (ii) to the sum of $19,000.62 received by Predecessor, as a Class 5 Distribution under the Plan, on or about October 1, 2012 in connection with a subsequent Distribution under the Plan, and (iii) to the sum of $20,764.54 received by Predecessor, as a Class 5 Distribution under the Plan, on or about April 4, 2013 in connection with a subsequent Distribution under the Plan, no payment or other distribution has been received by or on behalf of the Seller, Predecessor, or any third party on behalf of the Seller, in full or partial satisfaction of, or in connection

with, the Transferred Claims and (j) no filing or voting instructions have been filed, submitted or otherwise to date, in relation to the Purchased Claims relating to the Consent and Solicitation Memorandum approved by the Supervisory Judge relating to the Composition Plan offered by LBT to its Ordinary Creditors pursuant to Title I, Chapter 6 DBA and (k) the Notice of Proposed Allowed Claim Amount for each Proof of Claim (collectively, the "Notices") dated August 24, 2011 that were provided to Purchaser are true and correct and the amounts and percentages of claims are as detailed in Schedule 1, as detailed in Schedule 1, and the Seller did not file a written response to any of the Notices per the terms of the Notices.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. . Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than two (2) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller agrees to (a) forward to Purchaser all notices received with respect to the Transferred Claims; (b) vote the Transferred Claims in a timely manner and in accordance with (i) Purchaser's instructions or (ii) if the Transferred Claims cannot be voted separately, the instruction of holders of a majority of the claims, including the Transferred Claims, that can be voted separately, and (c) take such further action with respect to the Transferred Claims in the Proceedings as Purchaser may from time to time request. Seller shall transfer on the Effective Date, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed
_____ day of _____ 2013.

BETHMANN BANK A.G.                                   YORVIK PARTNERS LLP

By: _____                          By: _____
Name: Michael Pleske                                 Name: SIMON M_____LY
Title: CRO / Risk Mgmt                               Title: PARTNER

Schedule 1

| Claim No. | % of Claim transferred | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) | Allowed Amount of Claim Transferred to Purchaser |
|---|---|---|---|---|---|---|---|---|---|---|
| 37667 | 100% | EXPRN.N Series 67 Basket | DE000A0SUA99 | Lehman Brothers Treasury B.V. | Lehman Brothers Holdings Inc | | n.a. | n.a. | n.a. | USD 30,440.66 |
| 37713 | 38% | EXPRN.N Series 67 Basket | DE000A0SUA99 | Lehman Brothers Treasury B.V. | Lehman Brothers Holdings Inc | | n.a. | n.a. | n.a. | USD 43,486.66 |
| 37713 | 62% | EO-FLR Basket Lkd MTN 2008(14) 25. Mai | DE000A0TVK20 | Lehman Brothers Treasury B.V. | Lehman Brothers Holdings Inc | | n.a. | n.a. | n.a. | USD 70,955.29 |
| 39590 | 100% | EO-FLR Basket Lkd MTN 2008(14) 25. Mai | DE000A0TVK20 | Lehman Brothers Treasury B.V. | Lehman Brothers Holdings Inc | | n.a. | n.a. | n.a. | USD 354,776.44 |
| 40210 | 100% | EXPRN.N Series 67 Basket | DE000A0SUA99 | Lehman Brothers Treasury B.V. | Lehman Brothers Holdings Inc | | n.a. | n.a. | n.a. | USD 26,092.00 |
| 46676 | 100% | EXPRN.N Series 67 Basket | DE000A0SUA99 | Lehman Brothers Treasury B.V. | Lehman Brothers Holdings Inc | | n.a. | n.a. | n.a. | USD 78,275.98 |
| 59048 | 100% | EO-FLR Basket Lkd MTN 2008(14) 25. Mai | DE000A0TVK20 | Lehman Brothers Treasury B.V. | Lehman Brothers Holdings Inc | | n.a. | n.a. | n.a. | USD 70,955.29 |