HEARING DATE AND TIME: February 27, 2014 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: February 18, 2014 at 4:00 p.m. (Eastern Time)

CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
Telephone: (312) 845-3000
Franklin H. Top, III (admitted *pro hac vice*)

-and-

CHAPMAN AND CUTLER LLP
1270 Avenue of the Americas, 30th Floor
New York, New York 10020-1708
Telephone: (212) 655-6000
Craig M. Price (CP-9039)

*Attorneys for U.S. Bank National Association, as Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Case No. 08-13555 (SCC) |

**RESPONSE OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, TO THE DEBTORS' FOUR HUNDRED FIFTY THIRD OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS) WITH RESPECT TO CLAIM NUMBERS 67150 AND 67151**

NOW COMES U.S. Bank National Association, not individually but as Trustee (*"U.S. Bank"* or the *"Trustee"*), by and through its counsel, Chapman and Cutler LLP, to respond (the *"Response"*) to the Debtors' Four Hundred Fifty Third Omnibus Objection to

3543691.01.01.doc

Claims (Insufficient Documentation Claims) (the *"Objection"*) with respect to Claim Numbers 67150 and 67151 (the "*Claim*"). In support of its Response, the Trustee states as follows:[1]

## BACKGROUND

U.S. Bank filed Claim Numbers 67150 and 67151 as a result of the Debtors' rejection of that certain Reserve Fund Agreement dated on or about April 7, 2004 by and between Covenant Medical Center, Inc., U.S. Bank and Lehman Brothers Special Financing Inc. ("*LBSF*"), a copy of the form of which is attached hereto as Exhibit A (the *"Agreement"*). The Agreement, as set forth in the Proofs of Claim, relates to those certain $40,060,000 City of Saginaw Hospital Finance Authority Hospital Revenue Refunding Bonds (Covenant Medical Center, Inc. ("*Covenant*")) Series 2004G. LBSF agreed to deliver to the Trustee on each Deposit Date as provided in the Agreement, Qualified Securities selected by LBSF or by a Qualified Dealer. The Qualified Securities were to be delivered to the Trustee on a "delivery versus payment" basis in accordance with the Agreement. Under the terms of the underlying agreement, LBSF agreed that the funds in the Reserve Fund would receive a guaranteed rate of 4.022%. To that end, the purchase price for the Qualified Securities delivered would be calculated to provide the Trustee with the guaranteed rate. If LBSF were able to deliver securities providing a higher yield, it would be entitled to the difference. LBSF would likewise be liable for any shortfall in the event it could not obtain Qualified Securities with an appropriate yield. By Motion dated September 7, 2010, LBSF has rejected the Agreement, and from the petition date to the date of rejection, a period of almost two years, LBSF failed to deliver Qualified Securities to the Trustee.

Covenant retained Sound Capital to value the damages accruing to it as a result of the rejection of the contract. LBSF first breached the agreement by failing to deliver Qualified

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Objection or the Trust Agreements.

Securities on January 2, 2009. The reserve fund terminates on July 1, 2023. Based on interest rates prevailing at the time of the default, Sound Capital has advised that Covenant has been damaged in the amount of $784,000.

## OBJECTION

The basis for the Debtors' Objection is that the Agreement is a "Derivative Contract" and that U.S. Bank failed to electronically file a Derivative Questionnaire and upload supporting documentation to its website, and therefore U.S. Bank should have, but failed to, file the appropriate Derivative Questionnaire. The Debtors' Objection must fail as the Agreement is not a "Derivative Contract" as was defined in the Debtors' Notice of Deadline for Filing Proofs of Claim (the "*Bar Date Notice*"), which was attached as Exhibit A to the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form, entered July 2, 2009 [Docket No. 4271]. Specifically, the Bar Date Notice states:

> A "Derivative Contract" is a contract that is any of (i) a "Swap Agreement" as such term is defined in section 101(53b) of the Bankruptcy Code or (ii) a "Forward Contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange traded future or option, **securities loan transactions, repurchase agreement in respect of securities or loans**, and any guarantee or reimbursement obligations which would otherwise be include in the definition of "Swap Agreement: or "Forward Contract" pursuant to the definition of such terms in the Bankruptcy Code **shall not be considered** a Derivative Contract for the purposes of this definition ….

(Bar Date Notice at 5 (emphasis added).)

U.S. Bank asserts that the Agreement does not fall within the above-quoted definition of Derivative Contract because the Agreement qualifies as either a securities loan transaction and/or

- 3 -

a repurchase agreement (as that term is defined in the section 101(47) of the Bankruptcy Code). Because the Agreement was not a Derivative Contract as defined by the Debtors, U.S. Bank instead filed its Proof of Claim and was not required to file the Derivatives Questionnaire.

Moreover, the Debtors are parties to the Agreement and should have copies in their possession. To the extent that the Debtors do not have a copy of the Agreement, U.S. Bank has attached a copy of the form of the Agreement hereto as Exhibit A.

## **CONCLUSION**

For the reasons stated above, the Debtors' Objection should be denied as it relates to Claim Numbers 67150 and 67151.

DATED:    February 18, 2014

>    Respectfully submitted,
>
>    U.S. BANK NATIONAL ASSOCIATION, not
>        individually but as Trustee
>
>    By: ___s/ Craig M. Price_____
>        Craig M. Price
>        One of Its Attorneys