W<small>OLLMUTH</small> M<small>AHER</small> & D<small>EUTSCH</small> LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300
William A. Maher
Paul R. DeFilippo
William F. Dahill
Adam M. Bialek

*Special Counsel for Plaintiff*
*Lehman Brothers Special Financing Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――― x
                                            :
In re:                                      :   Chapter 11
                                            :   Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :
                                            :
              Debtors.                      :
―――――――――――――――――――――――――― x
LEHMAN BROTHERS SPECIAL FINANCING INC.,     :
                                            :
              Plaintiff,                    :
                                            :
-against-                                   :   Adversary Proceeding
                                            :   No. 10-03547 (SCC)
BANK OF AMERICA NATIONAL ASSOCIATION,       :
*et al.*,                                   :
                                            :
              Defendants.                   :
―――――――――――――――――――――――――― x

## NOTICE OF PROPOSED SCHEDULING ORDER

**PLEASE TAKE NOTICE** that pursuant to the Order Extending Stay of

Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rule 7004(a)(1) entered by this Court on January 31, 2014

[Docket No. 42417], in the above-captioned lead Bankruptcy case, attached hereto as Exhibit

"A" is a copy of the [Proposed] Scheduling Order for the above-captioned adversary proceeding.

Dated: New York, New York
February 19, 2014

                                                  Respectfully submitted,

                                                  */s/ Adam M. Bialek*
                                                  William A. Maher
                                                  Paul R. DeFilippo
                                                  William F. Dahill
                                                  Adam M. Bialek
                                                  WOLLMUTH MAHER & DEUTSCH LLP
                                                  500 Fifth Avenue
                                                  New York, New York 10110
                                                  Telephone: (212) 382-3300
                                                  Facsimile:  (212) 382-0050

                                                  *Special Counsel for Plaintiff*
                                                  *Lehman Brothers Special Financing Inc.*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
─────────────────────────────────────── x
                                        :
In re:                                  :   Chapter 11
                                        :   Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., et al.,  :
                                        :
                     Debtors.           :
─────────────────────────────────────── x
LEHMAN BROTHERS SPECIAL FINANCING INC., :
                                        :
                     Plaintiff,         :
                                        :
-against-                               :   Adversary Proceeding
                                        :   No. 10-03547 (SCC)
BANK OF AMERICA NATIONAL ASSOCIATION,   :
et al.,                                 :
                                        :
                     Defendants.        :
─────────────────────────────────────── x
```

## [PROPOSED] SCHEDULING ORDER

This Order having been filed in accordance with the Order Extending Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1) [Docket No. 42417], and due notice of this Order having been provided to the parties, and the Court having considered the documents submitted in support of, and in opposition to, entry of this Order, and good cause having been shown, it is so hereby ORDERED, ADJUDGED and DECREED as follows:[1]

1.  Lehman Brothers Special Financing ("LBSF") initiated the above-captioned action (the "Action") by filing a complaint, dated September 14, 2010 (the "Original Complaint"), which asserts claims against certain indenture trustees (referred to collectively as

---

[1] The terms and descriptions used anywhere in this Order for parties or groups of parties shall have no substantive, evidentiary, or other legal significance, and are not intended to reflect whether any party does or does not have a valid claim or faces liability.

the "Trustee Defendants"), certain special-purpose entities (referred to collectively as the "Issuer Defendants"), and specific holders of notes (the "Notes") issued by the Issuer Defendants (the "Noteholder Defendants") both individually and as representatives of a class of noteholders (the "Noteholder Class") who, upon information and belief, received distributions (the "Distributions") from the Trustee Defendants as a result of the reversal of payment priorities in the transaction documents (the "Priority Modification Provisions"), which purportedly took effect when LBSF and/or its ultimate parent, Lehman Brothers Holdings, Inc. ("LBHI"), filed for protection under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  This Action seeks, among other things:  (i) a declaratory judgment that the Priority Modification Provisions are unenforceable *ipso facto* clauses and that the Trustee Defendants' Distributions of the Issuer Defendants' assets violated the automatic stay; (ii) avoidance of the subject Distributions and related transfers pursuant to Sections 547, 548 and 549 of the Bankruptcy Code; and (iii) recovery of the property distributed to the Noteholders and members of the Noteholder Class in approximately 45 transactions (the "Transactions").

2. This Action has been stayed since October 20, 2010, and continues to be stayed.[2] Accordingly, no discovery has commenced other than the limited discovery granted by this Court directed at determining the identity of Noteholders.

---

[2] See Order Staying Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1) [Docket No. 12199]; Order Staying Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1) [Docket No. 17763]; Order Extending Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1) [Docket No. 24198]; Order Extending Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1) [Docket No. 29506]; Order Extending Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1) [Docket No. 34697]; Order Extending Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1) **[Docket No. 42417]**.
.

3.	The Court finds that the procedures set forth in this Order are necessary and appropriate to conserve the resources of the Court and the parties and to promote the just, speedy and efficient determination of this Action.

4.	This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.  This is a "core proceeding" under 28 U.S.C. § 157(b).

5.	All objections to entry of this Order that have not been withdrawn are hereby overruled.

6.	In this Order, "Defendants" mean all existing defendants in this Action, named or unnamed, including members of the putative defendant class, and those that may be added hereafter.

I.	**Organizational Structure**

   a.	**Designation of Executive Committee of Defendants' Counsel and Liaison Counsel for the Trustee Defendants, Issuer Defendants, and Noteholder Defendants**

7.	The Court approves the following Executive Committee of Defendants' counsel: [TBD] (the "Defendants' Executive Committee").

8.	The Court designates the following firm as liaison counsel for the Trustee Defendants:  [TBD] (the "Trustees' Liaison Counsel").

9.	The Court designates the following firm as liaison counsel for the Issuer Defendants:  [TBD] (the "Issuers' Liaison Counsel").

10.	The Court designates the following firm as liaison counsel for the Noteholder Defendants:  [TBD] (the "Noteholders' Liaison Counsel").[3]

---

[3] The Trustees' Liaison Counsel, Issuers' Liaison Counsel, and Noteholders' Liaison Counsel, together shall be referred to as the "Liaison Counsel."

3

### b. Duties and Responsibilities of Defendants' Executive Committee and Liaison Counsel

11. The Defendants' Executive Committee shall direct the activities of Liaison Counsel. The Defendants' Executive Committee shall consult with and consider the recommendations of individual Defendants in formulating directives to Liaison Counsel. Any Defendant who disagrees with a directive from the Defendants' Executive Committee may request permission from the Court to participate directly in that aspect of the Action, for good cause shown. Any such request shall be made by letter request ("Letter Request") filed on the Action's docket. Any such Letter Request shall be no more than two (2) pages in length, and shall describe the requesting party's reason for seeking permission to separately address the Court. Any party that opposes a Letter Request may respond in a letter ("Letter Response") to the Court filed on the Action's docket within seven (7) business days. Any Letter Response shall be no more than two (2) pages in length, and shall describe the opposing party's basis for its opposition.

12. Liaison Counsel shall generally be responsible for taking the lead in coordinating and organizing the activities of the Defendants. Liaison Counsel will work together to avoid and minimize any duplication of work and to allocate all assignments relating to depositions, document discovery, research and briefing in a fair and efficient manner.

13. Serving as Liaison Counsel or as members of Defendants' Executive Committee, as designated herein, shall not create any professional, ethical fiduciary or legal obligations between any firm serving in such capacity and any party other than its own clients. The right of each party to be represented by its own counsel is expressly preserved. Although Liaison Counsel will take the lead at all conferences before the Court on issues common to the Defendants, any party may request permission prior to the hearing or conference to address the

4

Court regarding any issue at a hearing or conference, especially those unique to that particular Defendant, but may not address the Court unless permission is granted prior to the hearing or conference.  Nothing herein shall prohibit: (i) a *pro se* Defendant from communicating directly with opposing counsel, or vice versa; or (ii) counsel for any Defendant from communicating directly with opposing counsel, or vice versa.

14.    The duties and responsibilities of Liaison Counsel and Defendants' Executive Committee shall apply except:  (i) to the extent any Liaison Counsel or Defendants' Executive Committee defer to conflict counsel as the result of business or ethical considerations arising from actual, potential or arguable conflicts of interest; (ii) for good cause shown; or (iii) as otherwise ordered by the Court.

15.    The Liaison Counsel and Defendants' Executive Committee are directed to take reasonable steps to streamline case management and to eliminate duplication of efforts and redundant filings.  To that end, where there are issues that are common to multiple Defendants, the Liaison Counsel shall endeavor to eliminate duplication of efforts by, for example, presenting common issues through a single filing or, where issues for argument apply to more than one party, presenting oral argument through one counsel, subject to the right of any named Defendants to address the Court on any issue that may directly affect that particular named Defendant, and which has not otherwise been presented by Liaison Counsel or Defendants' Executive Committee, with prior permission of the Court.

16.    To the extent necessary, the Trustees' Liaison Counsel, Issuers' Liaison Counsel, Noteholders' Liaison Counsel and Defendants' Executive Committee shall coordinate with each other in accordance with this Order.

5

17. In the event that any Defendant, Liaison Counsel or Defendants' Executive Committee wishes to substitute or add another law firm for a law firm appointed as Liaison Counsel pursuant to this Order, he, she or it shall file a notice requesting such substitution in this Action.

## II. THE ORDER OF PROCEEDINGS IN THIS MATTER

### a. PHASE I

18. Only the matters identified in paragraphs 19 through 37, and 44 below may be presented to the Court or considered in Phase I of this Action.

19. The Defendants' Executive Committee shall: (i) confer with Plaintiff regarding any issues relating to the Class Certification Discovery and Phase I Motions (defined below), and (ii) make reasonable efforts to communicate with interested counsel for other Defendants and Liaison Counsel regarding Class Certification Discovery and Phase I Motions.

20. As necessary, LBSF will seek modification of the Amended Order Providing for Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties [Docket No. 29507] (the "SPV ADR Stay") to allow all Defendants in the Action to participate in the litigation of Phase I to the extent provided in this Order.

**Class Certification Discovery**

21. Only Plaintiff's counsel and Liaison Counsel shall directly participate in class certification discovery. All other Defendants may participate through the Liaison Counsel, but may not name separate experts, propound separate written discovery requests, deposition notices, or participate separately in oral argument. However, nothing herein shall prohibit any party from requesting permission from the Court to participate directly in class certification discovery, for

good cause shown.  Any such request shall be made by Letter Request filed on the Action's docket.  Any such Letter Request shall be no more than two (2) pages in length, and shall describe the requesting party's reason for seeking permission to separately address the Court.  Any party that opposes a Letter Request may respond in a Letter Response to the Court filed on the Action's docket within seven (7) business days.  Any Letter Response shall be no more than two (2) pages in length, and shall describe the opposing party's basis for its opposition.

22. Plaintiff's counsel and Liaison Counsel will meet and confer regarding reasonable limits on the type and timing of discovery devices in Phase I, such as requests for production, interrogatories and requests for admissions.

23. Plaintiff's counsel and Liaison Counsel will meet and confer and will develop a protocol for the handling of electronic discovery for purpose of class discovery.

24. Plaintiff's counsel and Liaison Counsel will meet and confer and develop reasonable limits on the number and length of depositions in Phase I.

25. Discovery related to class certification will commence within forty-five (45) days of this Order being entered.

26. All discovery related to class certification will be completed no later than five (5) months from the date of this Order.

**Motion for Class Certification (the "Phase I Class Certification Motion")**

27. On or before forty-five days from the close of class certification discovery, LBSF may submit a Phase I Class Certification Motion, for which the accompanying memorandum of law shall be limited to forty (40) pages in length.

28. To the extent Plaintiff's Phase I Class Certification Motion is accompanied by an expert report or factual declaration related to class certification, Noteholders' Liaison Counsel

7

may depose Plaintiff's expert or factual witnesses (if not previously deposed) within forty-five (45) days from the filing of memorandum of law in accordance with paragraph 27.

29. On or before a date to be determined, Noteholders' Liaison Counsel may submit a single memorandum of law, which shall be limited to forty (40) pages in length, in opposition to the Phase I Class Certification Motion.

30. To the extent Noteholders' Liaison Counsel's opposition to the Phase I Class Certification Motion is accompanied by an expert report or factual declaration related to class certification, Plaintiff's counsel may depose Defendants' expert or factual witness (if not previously deposed) within forty-five (45) days of the memorandum of law filed in accordance with paragraph 29.

31. On or before a date to be determined, LBSF may submit a memorandum of law, which shall be limited to twenty-five (25) pages in length, in further support of the Phase I Class Certification Motion.

32. Plaintiff's counsel and Noteholders' Liaison Counsel shall be responsible for (i) addressing the Court with regard to any and all matters respecting the Phase I Class Certification Motion; and (ii) briefing and arguing the Phase I Class Certification Motion. Nothing herein shall prohibit any party from requesting permission to address the Court, for good cause shown on substantive issues that are the subject of the Phase I Class Certification Motion. Any such request shall be made in a Letter Request filed in the Action's docket at least twenty-one (21) days in advance of oral argument on the Phase I Class Certification Motion. Any Letter Request shall be no more than two (2) pages in length, and shall describe the requesting party's reason for seeking permission to separately address the Court. Any party that opposes a Letter Request may respond by Letter Response filed in the Action at least fourteen

(14) days in advance of oral argument on the Phase I Class Certification Motion. Any Letter Response shall be no more than two (2) pages in length, and shall describe the opposing party's basis for its opposition. If the Court grants any Letter Request, opposing counsel shall be permitted a reasonable time to respond to subsequent submissions or arguments made.

33. Oral argument on the Phase I Class Certification Motion shall be conducted on a date to be determined. It is anticipated that, in advance of oral argument on the Phase I Class Certification Motion, the Court will advise the parties how much time the Court will schedule, in the aggregate, for oral argument on the Phase I Class Certification Motion. The aggregate time scheduled by the Court shall be divided equally between Plaintiff and Defendants.

**Motion to Address Application of Class Action Tolling on Statute of Limitations (the "Phase I Tolling Motion")[4]**

34. Within thirty (30) days of the Court's decision on the Phase I Class Certification Motion, Plaintiff's counsel may file a motion seeking a declaration that the statute of limitations for all claims in the Second Amended Complaint, dated June 29, 2012 (the "Second Amended Complaint"), with respect to the Noteholder Defendants or Noteholder Class, if any, has been tolled since the filing of the original Complaint, dated September 14, 2010, for which the accompanying memorandum of law shall be limited to forty (40) pages in length. For the avoidance of doubt, the only issue to be addressed in the Phase I Tolling Motion is whether the statute of limitations was tolled by American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974) and its progeny in connection with the Second Amended Complaint. All other grounds for tolling of any applicable statute of limitations shall be reserved for Phase II and Phase III.

35. On or before a date to be determined, Defendants' Executive Committee, Noteholders' Liaison Counsel and/or any appointed class counsel for the Noteholder (the

---

[4] The Phase I Class Certification Motion together with the Phase I Tolling Motion is the "Phase I Motions."

9

"Noteholders' Class Counsel"), if any, may submit a single memorandum of law, which shall be limited to forty (40) pages in length, in opposition to the Phase I Tolling Motion.

36. On a date to be determined, Plaintiff's counsel may submit a single memorandum of law, which shall be limited to twenty (20) pages in length, in further support of the Phase I Tolling Motion.

37. Oral argument on the Phase I Tolling Motion shall be conducted on a date to be determined. It is anticipated that, in advance of oral argument on the Phase I Tolling Motion, the Court will advise the parties how much time the Court will schedule, in the aggregate, for oral argument on the Phase I Tolling Motion. The aggregate time scheduled by the Court, shall be divided equally between Plaintiff and Defendants. Plaintiff's counsel, Defendants' Executive Committee, Noteholders' Liaison Counsel and Noteholders' Class Counsel, if any, shall be responsible for (i) addressing the Court with regard to any and all matters respecting the Phase I Tolling Motion; and (ii) briefing and arguing the Phase I Tolling Motion. Nothing herein shall prohibit any party from requesting permission to address the Court, for good cause shown on procedural or substantive issues that are the subject of the Phase Tolling I Motion. Any such Letter Request to the Court shall be filed in the Action's docket at least twenty-one (21) days in advance of oral argument on the Phase I Tolling Motion. Any Letter Request shall be no more than two (2) pages in length, and shall describe the requesting party's reason for seeking permission to separately address the Court. Any party that opposes a Letter Request may respond in a Letter Response filed in the Action at least fourteen (14) days in advance of oral argument on the Phase I Tolling Motion. Any Letter Response shall be no more than two (2) pages in length, and shall describe the opposing party's basis for its opposition. If the Court

grants any Letter Request, opposing counsel shall be permitted a reasonable time to respond to subsequent submissions or arguments made.

 b. **PHASE II**

  **Certain Individualized Defenses**

 38. In Phase II, Defendants may move this Court with respect to (i) any challenges to personal jurisdiction; and (ii) any challenges to statute of limitations that were not resolved by Phase I (the "Phase II Motions").

 39. As necessary, LBSF will seek modification of the SPV ADR Stay to allow all Defendants in the Action to participate in the litigation of Phase II to the extent provided in subsequent scheduling orders.

  **Scheduling**

 40. Upon entry of the order deciding the Phase I Tolling Motion, if any, the Plaintiff's counsel, Defendants' Executive Committee, Liaison Counsel and Noteholders' Class Counsel, if any, shall meet and confer regarding the contours and content of the Scheduling Order that addresses the timing and procedures for the submissions in Phase II. Within thirty (30) days after the entry of order deciding the Phase I Tolling Motion, Plaintiff's counsel shall submit to the Court an agreed-upon proposed Scheduling Order that addresses the timing and procedure for the submission in Phase II of any Phase II Motions. If the parties cannot reach agreement, they shall submit a joint document to the Court describing the areas of agreement and disagreement.

 c. **PHASE III**

 41. Following entry of orders disposing of all of the Phase II Motions, if any, Plaintiff's counsel, Defendants' Executive Committee, Liaison Counsel, and Noteholders' Class Counsel, if any, shall meet and confer as necessary regarding any remaining pre-answer matters,

including any remaining motions to dismiss, or answers that Defendants may wish to file (the "Phase III Meet and Confer"). Further, during the Phase III Meet and Confer, Plaintiff's counsel, Defendants' Executive Committee, Liaison Counsel, and Noteholders' Class Counsel, if any, shall meet and confer as necessary regarding fact and expert discovery.

42. As necessary, LBSF will seek modification of the SPV ADR Stay to allow all Defendants in the Action to participate in the litigation of Phase III to the extent provided in subsequent scheduling orders.

**Scheduling**

43. Within thirty (30) days after the entry of orders deciding the Phase II Motions, Plaintiff's counsel, Defendants' Executive Committee, Liaison Counsel and Noteholders' Class Counsel, if any, shall submit to the Court an agreed-upon proposed Scheduling Order that addresses the timing and procedure for the submission in Phase III of any motions to dismiss (the "Phase III Motions"), answers, and fact and expert discovery. If the parties cannot reach agreement, they shall submit a joint document to the Court describing the areas of agreement and disagreement.

### III. MISCELLANEOUS

#### a. MOTION TO AMEND

44. Plaintiff may file a motion seeking leave to amend its Second Amended Complaint no later than the end of Phase III (the "Motion to Amend"). Notwithstanding the foregoing, including paragraph 18, Plaintiff may bring a Motion to Amend in Phase I, II, or III.

### b. DISCOVERY

45. Notwithstanding the discovery that is or may be expressly authorized in Phase I or Phase II, merits discovery is stayed until after the Court decides the Phase III Motions and pursuant to further order of the Court.

46. This Court's Order, dated October 25, 2010[5], which permits LBSF to conduct, among other things, "limited discovery from the Avoidance Action Defendants and non-parties to ascertain the current identity, address and noteholder status of each Noteholder as of the date each Issuer made its post-petition distributions being challenged in the Amended Complaint, as required to effect service of the Amended Complaint upon all putative members of the Noteholders' Class and amend the Amended Complaint as appropriate[,]"shall remain in full force and effect until the Phase III Motions are decided.

47. Notwithstanding the foregoing, parties may, pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable herein by Bankruptcy Rule 9016, serve subpoenas upon third-parties, solely for the purpose of commanding such parties to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this Action.

48. All Discovery Disputes shall be governed by this Court's Individual Rules of Practice.

49. The exchange of initial disclosures pursuant to Federal Rule 26 (a) (1), as made applicable herein by Bankruptcy Rule 7026, is stayed pending consideration in connection with future Scheduling Orders and Phase III.

---

[5] See Order Granting Plaintiff's Motion for Expedited Discovery Pursuant to Bankruptcy Rules 7026 and 9014 and Establishing a Protocol Governing the Confidentiality of and Access to Certain Discovery Material [Adv. Pro. No. 10-03547 (ECF No. 27)].

13

**b.     SERVICE**

50.     Except for the summons and complaint in which a Defendant initially is named, Plaintiff shall not be required to serve – other than by electronic means via ECF system or, with respect to Defendants that appear *pro se*, via email – any docket entry upon any Defendant who does not file a notice of appearance; provided that Plaintiff shall be required to serve by either postal mail or commercial delivery service any Defendant who is both appearing *pro se* and who does not have access to email.

Dated:  New York, New York
        May __, 2014

                                                                SO ORDERED.

                                                                _____
                                                                Judge Shelley Chapman

*All Counsel of Record*