B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re    Lehman Brothers Holdings Inc, et al, Debtors    Case No. 08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| MERRILL, LYNCH INTERNATIONAL | MERRILL, LYNCH, PIERCE FENNER & SMITH INCORPORATED |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee
Should be sent

Merrill Lynch International
2 King Edward Street,
London, EC1A 1HQ
United Kingdom
Attn: Gina Grasso

**Court Claim # (if known):** 42895

**The Purchased Claim represents US$2,131,662.46** which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0355227942 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 42895),

**Date Claim Filed:** October 21, 2009.

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

**The Purchased Claim represents US$887,835.09** which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0365822435 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 42895),

**Date Claim Filed:** October 21, 2009.

**Court Claim # (if known):** 62823

**The Purchased Claim represents US$1,476,427.54** which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0334151411 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 62823),

**Date Claim Filed:** November 02, 2009.

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

Name and Address where transferee payments should be sent (if different from above):

Phone:
Last Four Digits of Acct. #:

Phone:
Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____

**MERRILL LYNCH, INTERNATIONAL**
Transferee/Transferee's Agent

Date: 20th February 2014

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Merrill Lynch, Pierce, Fenner & Smith Incorporated** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Merrill Lynch International** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the Proof of Claim Numbers specified in Schedule 1 attached hereto, each filed by or on behalf of Seller or Seller's predecessors in interest (each, a "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) each Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) each Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proofs of Claim collectively include the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller has delivered to Buyer a true and correct copy of the Notice of Proposed Allowed Claim Amount for each Proof of Claim (each, a "Notice") received by Seller and no action was undertaken by Seller with respect to any Notice; (h) on or about April 17, 2012 Seller received the first distribution relating to the Transferred Claims in the amount indicated on Schedule 1 attached hereto (the "April '12 Distribution"), on or about October 1, 2012 Seller received the second distribution relating to the Transferred Claims in the amount indicated on Schedule 1 attached hereto (the "October '12 Distribution"), on or about April 04, 2013 Seller received the third distribution relating to the Transferred Claims in the amount indicated on Schedule 1 attached hereto (the "April '13 Distribution"), and on or about October 03, 2013 Seller received the fourth distribution relating to the Transferred Claims in the amount indicated on Schedule 1 attached hereto (the "October '13 Distribution"); and (k) other than the April '12 Distribution, the October '12 Distribution, the April '13 Distribution, and the October '13 Distribution, each as set forth in Schedule 1 attached hereto, the Seller has not received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims from the Debtor.

815443v.3 2607/00141

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller after the date of this Agreement and Evidence of Transfer of Claim in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to any Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

815443v.3 2607/00141

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 20th day of February 2014.

**Merrill Lynch, Pierce, Fenner & Smith Incorporated**

By: /s/ M. Smith
Name: Meredith R. Smith
Title: Vice President

**Merrill Lynch International**

By: /s/
Name:
Title:

**Merrill Lynch, Pierce, Fenner & Smith Incorporated**
214 North Tryon Street,
15th Floor,
Charlotte, N.C. 28255,
USA
Attn: Meredith R. Smith
Tel: 001 980 388 4526
Email: meredith.r.smith@baml.com

**Merrill Lynch International**
Merrill Lynch International
2 King Edward Street
London EC1A 1HQ
United Kingdom
Attn: Gina Grasso
Tel: 0207 996-0801
Email: gina.grasso@baml.com

815443v.3 2607/00141

Schedule 1

Transferred Claims

Purchased Claim

The Purchased Claim represents:

- US$2,131,662.46, which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0355227942 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011 for Claim No. 42895 delivered to Seller;

- US$887,835.09, which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0365822435 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011 for Claim No. 42895 delivered to Seller; and

- US$1,476,427.54, which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0334151411 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011 for Claim No. 62823 delivered to Seller.

Lehman Programs Securities to which Transfer Relates

| | Proof of Claim Number | ISIN/CUSIP | Issuer | Guarantor | | Principal/Notional Amount | Allowed Amount (in USD) |
|---|---|---|---|---|---|---|---|
| 1 | 42895 | XS0355227942 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR | 1,500,000.00 | 2,131,662.46 |
| 2 | 42895 | XS0365822435 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR | 625,000.00 | 887,835.09 |
| 3 | 62823 | XS0334151411 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR | 1,000,000.00 | 1,476,427.54 |

| | Description of Security | ISIN/CUSIP | April '12 Distribution | October '12 Distribution | April '13 Distribution | October '13 Distribution |
|---|---|---|---|---|---|---|
| 1 | Lehman Brothers Treasury Co. B.V. Issue of EUR 10,000,000 Fixed Rate Notes Due June 2020 | XS0355227942 | $76,936.57 | $51,918.32 | $65,576.65 | $77,748.48 |

Schedule 1-1

815443v.3 2607/00141

| | | | | | | |
|---|---|---|---|---|---|---|
| | Guaranteed by Lehman Brothers Holdings Inc under the U.S.$100,000,000,000 Euro Medium-Term Note Program | | | | | |
| 2 | Lehman Brothers Treasury Co. B.V. Issue of EUR 10,000,000 Fixed Rate Notes Due July 2020 Guaranteed by Lehman Brothers Holdings Inc under the U.S.$100,000,000,000 Euro Medium-Term Note Program | XS0365822435 | $32,044.00 | $21,623.93 | $27,312.60 | $32,382.16 |
| 3 | Lehman Brothers Treasury Co. B.V. Issue of EUR 3,000,000 Index Linked Notes Due December 2017, Tranche 2 to be consolidate and forming a single series with EUR 3,000,000 Index Linked Notes due December 2017, Tranche 1 Guaranteed by Lehman Brothers Holdings Inc under the U.S.$100,000,000,000 Euro Medium-Term Note Program | XS0334151411 | $53,287.65 | $35,959.55 | $45,419.56 | $53,849.99 |

815443v.3 2607/00141