**HEARING DATE AND TIME: March 6, 2014 at 11:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: February 27, 2014 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re**                                              :   **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,           :   **08-13555 (SCC)**
                                                       :
                           Debtors.                    :   **(Jointly Administered)**
                                                       :
------------------------------------------------------------------x

**NOTICE OF MOTION TO ESTABLISH**
**SINGLE RESERVE FOR DUPLICATIVE CLAIMS**

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, for approval to establish a single reserve for the certain claims, all as more fully described in the Motion, will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 621, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **March 6, 2014 at 11:00 a.m. (Eastern Time)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of

1

the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 upon: (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Garret A. Fail, Esq., attorneys for LBHI and certain of its affiliates; (iii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.; (iv) all parties who have requested notice in these chapter 11 cases; and (v) all parties with a particularized interest in the Motion, so as to be so filed and received no later than **February 27, 2014 at 4:00 p.m. (Eastern Time) (the "Objection Deadline").**

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

2

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: February 20, 2014
       New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

3

**HEARING DATE AND TIME: March 6, 2014 at 11:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: February 27, 2014 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| In re | : | Chapter 11 Case No. |
|---|---|---|
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**MOTION TO ESTABLISH SINGLE RESERVE FOR DUPLICATIVE CLAIMS**

US_ACTIVE:\44427361\7\58399.0011

# TABLE OF CONTENTS

**Page**

RELIEF REQUESTED ..................................................................................................................1

JURISDICTION .............................................................................................................................2

BACKGROUND ............................................................................................................................2

    A.    General Background ..............................................................................................2

    B.    The Claims ..............................................................................................................3

    C.    Relevant Provisions of the Plan and Confirmation Order .................................4

ESTABLISHMENT OF A SINGLE RESERVE ............................................................................5

    A.    Establishment of a Single Reserve Is Consistent With Case Law and the Plan ...............5

    B.    Establishment of a Single Reserve Will Not Prejudice Stonehill ....................7

RESERVATION OF RIGHTS .......................................................................................................8

NOTICE ..........................................................................................................................................8

US_ACTIVE:\44427361\7\58399.0011

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amerisource Corp. v. Rx USA Int'l Inc.*,
  2010 WL 2060017 (E.D.N.Y. May 26, 2010) ......................................................................5

*Leighty v. Brunn*,
  510 N.Y.S.2d 174 (App. Div. 1986) ....................................................................................5

*Phelan v. Local 305 of United Ass'n of Journeymen & Apprentices of Plumbing and Pipefitting Indus. of the U.S. & Can.*,
  973 F.2d 1050 (2d Cir. 1992) ..............................................................................................5

*Securities Investor Protection Corporation v. Lehman Brothers Inc.*,
  Case No. 08-01420 (Bankr. S.D.N.Y.) ................................................................................2

*Simon v. Royal Business Funds Corp.*,
  310 N.Y.S.2d 409 (App. Div. 1970) ....................................................................................5

*Singer v. Olympia Brewing Co.*,
  878 F.2d 596 (2d Cir. 1989) ................................................................................................5

*United States v. Zan Mach. Co.*,
  803 F. Supp. 620 (E.D.N.Y. 1992) ......................................................................................5

**Statutes**

28 U.S.C. § 157 ...............................................................................................................................2

28 U.S.C. § 1334 .............................................................................................................................2

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan")[1] for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

## RELIEF REQUESTED

1. Stonehill Offshore Partners Limited ("Stonehill Offshore") and Stonehill Institutional Partners, L.P. ("Stonehill Institutional" and together with Stonehill Offshore, "Stonehill") each filed 20 identical proofs of claim – one against each of 20 Chapter 11 Estates – asserting that Stonehill is owed less than $44 million in aggregate from the Chapter 11 Estates jointly. The claims remain Disputed. Together, the face amount of the 40 claims aggregates more than $875 million. Because each of the 20 Chapter 11 Estates is reserving Distributions on account of the claims asserted against it, the Chapter 11 Estates are collectively reserving – and withholding from Plan Distributions – more than $297 million than could be required to satisfy Stonehill in full. The excess reserve will grow larger with each future Distribution.

2. It is indisputable that a creditor cannot recover twice for the same injury and that payments by one debtor must be credited against payments owed by another debtor for common damages. Accordingly, the Plan Administrator seeks authority to establish a single reserve of approximately $44 million – the maximum asserted amount – for the claims. The relief requested will not prejudice Stonehill, as the single reserve will ensure that, in the event the claims are Allowed against any or all of the Chapter 11 Estates, the reserve will be sufficient for

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

Stonehill to receive the Distributions that would have been paid by any such Chapter 11 Estates had the claims been Allowed on the Effective Date.

## JURISDICTION

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 14.1 of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

**A. General Background**

4. Commencing on September 15, 2008, and periodically thereafter, the Chapter 11 Estates commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On September 19, 2008, the District Court for the Southern District of New York entered an order adjudicating that customers of Lehman Brothers Inc. ("LBI") were in need of protection under the Securities Investor Protection Act of 1970, as amended ("SIPA"), and appointing James W. Giddens as trustee to oversee LBI's liquidation. LBI is the subject of a liquidation proceeding (the "SIPA Proceeding") administered by the Court under SIPA: *Securities Investor Protection Corporation v. Lehman Brothers Inc.*, No. 08-01420 (Bankr. S.D.N.Y.).

6. On December 6, 2011, the Court entered an order confirming the Plan. *See* Order Confirming Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, *In re Lehman Brothers Holdings Inc.*, No. 08-13555 (Bankr. S.D.N.Y. Dec. 6, 2011), ECF No. 23023 (the "Confirmation Order"). The Plan became effective on March 6, 2012.

2

**B.      The Claims**

7.      In January 2009, Stonehill asserted claims against LBI in the SIPA Proceeding (the "LBI Claims") alleging that, as a result of Stonehill's prime brokerage relationship with LBI, LBI is liable for (i) a return of the cash and securities held by LBI for Stonehill pursuant to certain prime brokerage agreements, (ii) damages related to trades that were never settled by LBI or that settled after the commencement of the SIPA Proceeding, (iii) damages related to foreign currency trades entered into by or with LBI, (iv) the return of certain alleged overpayments made by Stonehill to LBI when Stonehill "zeroed out" the cash balance in its brokerage account after the commencement of the SIPA Proceeding, and (v) the return of certain misdirected wires allegedly sent by Stonehill to LBI after the commencement of the SIPA Proceeding.  *See* SIPA Customer Claim Numbers 900002114 and 900002113 (attached as Ex. B to the Duplicative Claims (as such term is defined below)).

8.      In September 2009, Stonehill Offshore filed a proof of claim for $23,460,716.00 against each of 20 Chapter 11 Estates.  Simultaneously, Stonehill Institutional filed a proof of claim for $20,291,092.12 against each of 20 Chapter 11 Estates.  A list of Stonehill's claims (the "Duplicative Claims") is set forth on Exhibit A hereto.

9.      Each Duplicative Claim asserts that a Chapter 11 Estate is liable for the *exact same liabilities* asserted in the LBI Claims.[2]  The Duplicative Claims remain Disputed.

10.     Upon information and belief, Stonehill received Distributions of cash and securities from LBI on account of the LBI Claims after Stonehill filed the Duplicative Claims.

---

[2] Stonehill asserted additional, unrelated liabilities in the proofs of claim against LBHI, Lehman Brothers Special Financing Inc., and/or Lehman Commercial Paper Inc.  Such portions of the proofs of claim are excluded from the definition of Duplicative Claims and shall be unaffected by the relief requested in this Motion.

3

**C.     Relevant Provisions of the Plan and Confirmation Order**

11.     Pursuant to the Plan, the Plan Administrator is authorized to make Distributions to holders of Allowed Claims in accordance with the Plan. Plan § 6.1(b)(ii).

12.     In accordance with section 8.4 of the Plan (Disputed Claims Holdback), the Plan Administrator is required to

> retain from Available Cash an aggregate amount equal to the Pro Rata Share of the *Distributions that would have been made to each holder of a Disputed Claim if such Disputed Claim were an Allowed Claim* against such Debtor in an amount equal to the least of (a) the filed amount of the Disputed Claim, (b*) the amount determined . . . by the Bankruptcy Court for purposes of fixing the amount to be retained for such Disputed Claims*, and (c) such other amount as may be agreed by the holder of such Disputed Claim and the Plan Administrator.

*Id.* at § 8.4 (emphasis added). "Distribution" is defined as "any initial or subsequent payment or transfer made under the Plan. *Id*. at § 1.47.

13.     Section 8.4 further provides that, subject to Court approval, the Plan Administrator may retain "non-cash assets" in lieu of Available Cash as reserves for Disputed Claims. *Id.* at § 8.4.

14.     Section 8.13 of the Plan ("Maximum Distributions") provides:

> An Allowed Claim that receives Distributions (excluding Distributions contributed to the Plan Adjustment . . . ) in the Allowed amount of such Claim . . . shall . . . be deemed satisfied in full as to such Allowed Claim . . . against the applicable Debtor.

*Id.* at § 8.13(a).

15.     Section 8.13 further provides: "In no event shall an Allowed Claim receive Distributions (excluding Distributions contributed to the Plan Adjustment . . . ) in excess of the Allowed amount of such Claims." *Id.* at § 8.13(b).

16.     Section 8.14 provides that to the extent a Chapter 11 Estate

> becomes legally entitled to be subrogated to the rights of any Creditor, . . . (i) such Creditor shall be deemed to have consented to the subrogation of its right against

4

>   any third-party, including without limitation, a Primary Obligor, that may be obligated to reimburse or indemnify the Debtor for all or a portion of such Distribution, or (ii) the Debtor shall have all rights, title and power as subrogee of the Creditor against any such third-party . . . .

*Id.* at § 8.14(a).

17. Pursuant to section 14.1(e), the Court retained jurisdiction to "issue such orders in aid of execution of the Plan to the extent authorized by section 1142 of the Bankruptcy Code." *Id.* at § 14.1(e).

18. Pursuant to the Confirmation Order, "[a]fter the Effective Date, . . . a proof of Claim relating to a prepetition Claim may not be filed or amended without authority of the Court." Confirmation Order ¶ 86.

## ESTABLISHMENT OF A SINGLE RESERVE

**A.     Establishment of a Single Reserve Is Consistent With Case Law and the Plan**

19. It is indisputable that a party cannot recover twice for the same injury. *See Phelan v. Local 305 of United Ass'n of Journeymen & Apprentices of Plumbing and Pipefitting Indus. of U.S. & Can.*, 973 F.2d 1050, 1063 (2d Cir. 1992) ("When a plaintiff receives a payment from one source for an injury, defendants are entitled to a credit of that amount against any judgment obtained by the plaintiff as long as both payments represent common damages."); *Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989) ("[A] plaintiff is entitled to only one satisfaction for each injury."); *United States v. Zan Mach. Co.,* 803 F. Supp. 620, 623 (E.D.N.Y. 1992) ("It is hornbook law that a plaintiff cannot recover twice for the same injury."); *see also Amerisource Corp. v. Rx USA Int'l Inc.*, 2010 WL 2060017, at *6 (E.D.N.Y. May 26, 2010) (noting that "equitable rules against double recovery and unjust enrichment" would prevent the plaintiff from collecting damages under separate provisions of the same contract that compensate the plaintiff for the same loss); *Leighty v. Brunn*, 510 N.Y.S.2d 174,

5

175 (App. Div. 1986) ("It is beyond cavil that a plaintiff is entitled to only one recovery with respect to an identical damage claim."); *Simon v. Royal Business Funds Corp.*, 310 N.Y.S.2d 409, 410–11 (App. Div. 1970) (dismissing plaintiff's cause of action against defendant where plaintiff's complaint failed to allege additional damages to those the plaintiff already recovered from a co-defendant in a separate proceeding).

20. Consistent with the caselaw cited above, sections 8.4 and 8.13 of the Plan also prohibit double recoveries on account of a single claim for damages. Section 8.4 of the Plan requires the Chapter 11 Estates to reserve only those Distributions that would have to be made if the Duplicative Claims were Allowed Claims. Plan § 8.4. Because (a) the Plan provides that, if Allowed, a Duplicative Claim will be deemed satisfied in full if Stonehill receives Distributions in the Allowed amount of such Claim (*id.* § 8.13) and (b) the Plan provides that "[i]n no event" shall Stonehill be entitled to receive Distributions in excess of the Allowed amount of a Duplicative Claim (*id.* at § 8.13), then (y) no more than $43,751,808.12 in principal could be distributed on account of the Duplicative Claims and (z) no more than $43,751,808.12 in principal should be required to be reserved on account of the Duplicative Claims.[3] LBHI seeks confirmation of this interpretation and authority to reserve for the Duplicative Claims accordingly.

21. Section 8.4 of the Plan separately provides authority for the establishment of a single reserve. Specifically, it contemplates that a Chapter 11 Estate may substitute for retained cash "non-cash assets" for Disputed Claims. *Id.* at §8.4. The Plan Administrator submits that access to a single, fully-funded reserve in the principal amount of $43,751,808.12 is

---

[3] To the extent that a Duplicative Claim is Allowed against a solvent Chapter 11 Estate, Stonehill may be entitled to postpetition interest.

a sufficient non-cash asset to satisfy each Chapter 11 Estate's reserve and potential Distribution requirement for a Duplicative Claim.

### B. Establishment of a Single Reserve Will Not Prejudice Stonehill

22. The Disputed Claims assert Stonehill is owed $43,751,808.12 jointly and severally from 20 Chapter 11 Estates. Currently, each of 20 Chapter 11 Estates is reserving cash based on the aggregate Distributions made to date. Certain Chapter 11 Estates, such as Lehman Brothers OTC Derivatives Inc., Lehman Brothers Derivative Products Inc., and Lehman Brothers Financial Products Inc. are each reserving 100% of the $43,751,808.12 in principal asserted to be jointly and severally owed to Stonehill. *See* Notice Regarding Fourth Distribution Pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors*, In re Lehman Brothers Holdings Inc.*, No. 08-13555 (Bankr. S.D.N.Y. Sep. 13, 2013), ECF No. 40225. Other Chapter 11 Estates are additionally reserving, lower – but still significant – amounts, based on their Distributions to date. *See id.* (showing cumulative Distributions for General Unsecured Creditors of Lehman Brothers Commercial Corporation (approximately 76.29%), Lehman Brothers Commodity Services Inc. (approximately 65.39%), Lehman Commercial Paper Inc. (approximately 49.95%), and LBHI (approximately 19.25%)).

23. Maintaining combined reserves in excess of $297 million of Cash on account of the Duplicative Claims is prejudicial to holders of Allowed Claims that have yet to be satisfied in full. These creditors are being unnecessarily deprived of their *pro rata* share of more than $253 million of excess reserves. On the other hand, Stonehill will not be prejudiced by a single reserve of $43,751,808.12 in principal because Stonehill cannot receive Distributions in excess of such amount on account of its claims. *See supra* at ¶¶ 19-20. The Plan Administrator

7

will ensure that one or more of the Chapter 11 Estates contributes an aggregate of $43,751,808.12 in principal to a reserve for Disputed Claims. The single reserve will ensure that Stonehill will be able to receive Distributions equal to the amount of Distributions owed by the Chapter 11 Estates. To the extent a Duplicative Claim is Allowed against a solvent Chapter 11 Estate, the full amount of the single reserve will be available for Distribution from that Chapter 11 Estate. To the extent that a Duplicative Claim is Allowed solely against a Chapter 11 Estate with a lower percentage Distribution to date, the catch-up Distribution will be limited to such lower percentage.

24. At this time, the Plan Administrator is not seeking a further reduction of the reserve to account for Distributions made to Stonehill from LBI. Accordingly, the proposed reserve would include excess amounts that would not be Distributed to Stonehill even if the Duplicative Claims were to be Allowed.

## RESERVATION OF RIGHTS

25. The Plan Administrator reserves all rights to object on any basis to any Duplicative Claim. The Plan Administrator reserves the right to conduct further discovery as to the Claims and any matters raised by Stonehill and to supplement this and other filings as a result thereof.

## NOTICE

26. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Motion on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) Stonehill; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these

8

US_ACTIVE:\44427361\7\58399.0011

cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

27. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: February 20, 2014
New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

9

# **EXHIBIT A**

Duplicative Claims

| CLAIM NUMBER | DEBTOR | CLAIMANT | AMOUNT |
|---|---|---|---|
| 19887 | LB ROSE RANCH LLC | STONEHILL OFFSHORE PARTNERS LIMITED | $23,460,716.00 |
| 19888 | STRUCTURED ASSET SECURITIES CORPORATION | STONEHILL OFFSHORE PARTNERS LIMITED | $23,460,716.00 |
| 19889 | BNC MORTGAGE LLC | STONEHILL OFFSHORE PARTNERS LIMITED | $23,460,716.00 |
| 19892 | LUXEMBOURG RESIDENTIAL PROPERTIES LOAN FINANCE S.A.R.L. | STONEHILL OFFSHORE PARTNERS LIMITED | $23,460,716.00 |
| 19895 | CES AVIATION IX LLC | STONEHILL OFFSHORE PARTNERS LIMITED | $23,460,716.00 |
| 19896 | PAMI STATLER ARMS LLC | STONEHILL OFFSHORE PARTNERS LIMITED | $23,460,716.00 |
| 19897 | EAST DOVER LIMITED | STONEHILL OFFSHORE PARTNERS LIMITED | $23,460,716.00 |
| 19898 | LB 2080 KALAKAUA OWNERS LLC | STONEHILL OFFSHORE PARTNERS LIMITED | $23,460,716.00 |
| 19899 | LEHMAN BROTHERS COMMERCIAL CORPORATION | STONEHILL OFFSHORE PARTNERS LIMITED | $23,460,716.00 |
| 19901 | LEHMAN BROTHERS COMMODITY SERVICES INC. | STONEHILL OFFSHORE PARTNERS LIMITED | $23,460,716.00 |
| 19903 | LB 745 LLC | STONEHILL OFFSHORE PARTNERS LIMITED | $23,460,716.00 |
| 19904 | LEHMAN COMMERCIAL PAPER INC. | STONEHILL OFFSHORE PARTNERS LIMITED | $23,460,716.00 |
| 19905 | LEHMAN BROTHERS SPECIAL FINANCING INC. | STONEHILL OFFSHORE PARTNERS LIMITED | $23,460,716.00 |
| 19906 | LEHMAN BROTHERS FINANCIAL PRODUCTS INC. | STONEHILL OFFSHORE PARTNERS LIMITED | $23,460,716.00 |
| 19911 | LEHMAN SCOTTISH FINANCE L.P. | STONEHILL OFFSHORE PARTNERS LIMITED | $23,460,716.00 |
| 19912 | CES AVIATION LLC | STONEHILL OFFSHORE PARTNERS LIMITED | $23,460,716.00 |
| 19913 | CES AVIATION V LLC | STONEHILL OFFSHORE PARTNERS LIMITED | $23,460,716.00 |
| 19914 | LEHMAN BROTHERS OTC DERIVATIVES INC. | STONEHILL OFFSHORE PARTNERS LIMITED | $23,460,716.00 |
| 19915 | LEHMAN BROTHERS DERIVATIVE PRODUCTS INC. | STONEHILL OFFSHORE PARTNERS LIMITED | $23,460,716.00 |
| 19908 | LEHMAN BROTHERS HOLDINGS INC. | STONEHILL OFFSHORE PARTNERS LIMITED | $23,460,716.00 |
| 19890 | LEHMAN BROTHERS HOLDINGS INC. | STONEHILL INSTITUTIONAL PARTNERS, LP | $20,291,092.12 |

| CLAIM NUMBER | DEBTOR | CLAIMANT | AMOUNT |
|---|---|---|---|
| 19891 | LB 2080 KALAKAUA OWNERS LLC | STONEHILL INSTITUTIONAL PARTNERS, LP | $20,291,092.12 |
| 19893 | LEHMAN BROTHERS COMMERCIAL CORPORATION | STONEHILL INSTITUTIONAL PARTNERS, LP | $20,291,092.12 |
| 19894 | LEHMAN COMMERCIAL PAPER INC. | STONEHILL INSTITUTIONAL PARTNERS, LP | $20,291,092.12 |
| 19900 | LEHMAN SCOTTISH FINANCE L.P. | STONEHILL INSTITUTIONAL PARTNERS, LP | $20,291,092.12 |
| 19902 | LB 745 LLC | STONEHILL INSTITUTIONAL PARTNERS, LP | $20,291,092.12 |
| 19907 | CES AVIATION V LLC | STONEHILL INSTITUTIONAL PARTNERS, LP | $20,291,092.12 |
| 19909 | CES AVIATION IX LLC | STONEHILL INSTITUTIONAL PARTNERS, LP | $20,291,092.12 |
| 19910 | EAST DOVER LIMITED | STONEHILL INSTITUTIONAL PARTNERS, LP | $20,291,092.12 |
| 19916 | LEHMAN BROTHERS DERIVATIVE PRODUCTS INC. | STONEHILL INSTITUTIONAL PARTNERS, LP | $20,291,092.12 |
| 19917 | LEHMAN BROTHERS COMMODITY SERVICES INC. | STONEHILL INSTITUTIONAL PARTNERS, LP | $20,291,092.12 |
| 19918 | LEHMAN BROTHERS OTC DERIVATIVES INC. | STONEHILL INSTITUTIONAL PARTNERS, LP | $20,291,092.12 |
| 19919 | LEHMAN BROTHERS FINANCIAL PRODUCTS INC. | STONEHILL INSTITUTIONAL PARTNERS, LP | $20,291,092.12 |
| 19920 | LEHMAN BROTHERS SPECIAL FINANCING INC. | STONEHILL INSTITUTIONAL PARTNERS, LP | $20,291,092.12 |
| 19921 | CES AVIATION LLC | STONEHILL INSTITUTIONAL PARTNERS, LP | $20,291,092.12 |
| 20023 | BNC MORTGAGE LLC | STONEHILL INSTITUTIONAL PARTNERS, LP | $20,291,092.12 |
| 20024 | LUXEMBOURG RESIDENTIAL PROPERTIES LOAN FINANCE S.A.R.L. | STONEHILL INSTITUTIONAL PARTNERS, LP | $20,291,092.12 |
| 20025 | PAMI STATLER ARMS LLC | STONEHILL INSTITUTIONAL PARTNERS, LP | $20,291,092.12 |
| 20026 | LB ROSE RANCH LLC | STONEHILL INSTITUTIONAL PARTNERS, LP | $20,291,092.12 |
| 20027 | STRUCTURED ASSET SECURITIES CORPORATION | STONEHILL INSTITUTIONAL PARTNERS, LP | $20,291,092.12 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :    08-13555 (SCC)
                                                :
                    Debtors.                    :    (Jointly Administered)
                                                :
-----------------------------------------------------------------x

## ORDER ESTABLISHING SINGLE RESERVE FOR DUPLICATIVE CLAIMS

Upon the motion (the "Motion")[1] dated February 20, 2014 of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), for approval, pursuant to sections 105(a) and 1142 of title 11 of the United States Code and sections 8.4, 8.13, and 14.1 of the Plan, to establish a single reserve for the Duplicative Claims, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) Stonehill; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

cases [ECF No. 9635]; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, in accordance with section 8.4 of the Plan, the Plan Administrator is authorized to retain a single aggregate reserve of Available Cash in the amount of $23,460,716.00 (the "Stonehill Offshore Reserve Amount") on account of the 20 Duplicative Claims filed by Stonehill Offshore against the Chapter 11 Estates; and it is further

ORDERED that the Plan Administrator may determine which one or more Chapter 11 Estates shall retain the Stonehill Offshore Reserve Amount, provided that, if a Duplictaive Claim filed by Stonehill Offshore is Allowed against a Chapter 11 Estate, Stonehill Offshore shall, subject to Article VIII of the Plan, be able to receive Distributions of Cash up to the Stonehill Offshore Reserve Amount equal to the amount of Distributions that would have been distributed by the particular Chapter 11 Estate had the claim been Allowed as of the Effective Date, regardless of whether the Chapter 11 Estate retained Available Cash in accordance with this paragraph; and it is further

ORDERED that, in accordance with section 8.4 of the Plan, the Plan Administrator is authorized to retain a single aggregate reserve of Available Cash in the amount of $20,291,092.12 (the "Stonehill Institutional Reserve Amount") on account of the 20 Duplicative Claims filed by Stonehill Institutional against the Chapter 11 Estates; and it is further

ORDERED that the Plan Administrator may determine which one or more Chapter 11 Estates shall retain the Stonehill Institutional Reserve Amount, provided that, if a Duplictaive Claim filed by Stonehill Offshore is Allowed against a Chapter 11 Estate, Stonehill Institutional shall, subject to Article VIII of the Plan, be able to receive Distributions of Cash up to the Stonehill Institutional Reserve Amount equal to the amount of Distributions that would have been distributed by the particular Chapter 11 Estate had the claim been Allowed as of the Effective Date, regardless of whether the Chapter 11 Estate retained Available Cash in accordance with this paragraph; and it is further

ORDERED that nothing in the Motion or this order shall affect, or be deemed an admission or determination regarding, the validity, allowance, or disallowance of any of the Duplicative Claims in any respect; and it is further

ORDERED that all rights and defenses of the Plan Administrator with respect to the Duplicative Claims are fully preserved, including without limitation, the Plan Administrator's right to object on any basis to any Duplicative Claim, conduct discovery as to any Duplicative Claim, and seek further reductions to the Stonehill Offshore Reserve Amount or the Stonehill Institutional Reserve Amount; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2014

HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE