B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re     Lehman Brothers Holdings Inc, et al, Debtors     Case No. 08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| MERRILL, LYNCH, PIERCE FENNER & SMITH INCORPORATED | DRAWBRIDGE SPECIAL OPPORTUNITIES FUND LP |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee
Should be sent

Merrill Lynch, Piece, Fenner & Smith
Incorporated
214 North Tryon Street,
15th Floor,
Charlotte, N.C. 28255,
USA
Attn: Gregory W Ponder

Court Claim # (if known): 62870

**The Purchased Claim represents US$990,238.30** which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0208459023 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 62870),

Date Claim Filed: November 02, 2009

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

**The Purchased Claim represents US$222,794.22** which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0258715456 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 62870),

**Date Claim Filed**: November 02, 2009

**The Purchased Claim represents US$1,551,224.52** which is 100% of the total Proposed Allowed Claim Amount with respect to CH0027120978 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 62870),

**Date Claim Filed**: November 02, 2009

**The Purchased Claim represents US$383,016.65** which is 98.275323641% of the total Proposed Allowed Claim Amount with respect to XS0331533330 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 62870),

**Date Claim Filed**: November 02, 2009

**The Purchased Claim represents US$283,395.42** which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0362343930 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 62870),

**Date Claim Filed**: November 02, 2009

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

**The Purchased Claim represents US$330,826.01** which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0372842202 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 62870),

**Date Claim Filed:** November 02, 2009

**The Purchased Claim represents US$183,064.64** which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0345320799 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 62870),

**Date Claim Filed:** November 02, 2009

**The Purchased Claim represents US$234,149.26** which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0368298187 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 62870),

**Date Claim Filed:** November 02, 2009

**The Purchased Claim represents US$314,100.00** which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0325475084 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 62870),

**Date Claim Filed:** November 02, 2009

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

**The Purchased Claim represents US$260,800.00** which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0334446134 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 62870),

**Date Claim Filed:** November 02, 2009

**The Purchased Claim represents US$198,003.64** which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0340222750 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 62870),

**Date Claim Filed:** November 02, 2009

**The Purchased Claim represents US$277,204.20** which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0353187478 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 62870),

**Date Claim Filed:** November 02, 2009

**The Purchased Claim represents US$315,800.00** which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0345320872 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 62870),

**Date Claim Filed:** November 02, 2009

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

**The Purchased Claim represents US$279,200.00** which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0368249487 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 62870),

**Date Claim Filed**: November 02, 2009

**The Purchased Claim represents US$38,681.00** which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0327687843 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 62870),

**Date Claim Filed**: November 02, 2009

**The Purchased Claim represents US$322,900.00** which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0329284987 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 62870),

**Date Claim Filed**: November 02, 2009

**The Purchased Claim represents US$88,400.00** which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0329288384 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011, (Claim Number 62870),

**Date Claim Filed**: November 02, 2009

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

Name and Address where transferee payments
should be sent (if different from above):

Phone:
Last Four Digits of Acct. #:

Phone:
Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: [signature]
Meredith R Smith
Vice President

Date: 21st February 2014

**MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED**
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

-AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

      1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Drawbridge Special Opportunities Fund LP** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Merrill Lynch, Pierce, Fenner & Smith Incorporated** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in, to and under Proof of Claim Number **62870** filed by or on behalf of **FCDB LBU 2009 LLC** ("Prior Seller") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights, title and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim on or after the Trade Date (defined below) (without regard to any recordation requirement imposed by the Debtor) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting all or a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing paid on or after the Trade Date (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

      2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the same class; (g) on or about April 17, 2012, Prior Seller received the first distribution relating to the Transferred Claims totaling the amount of $226,435.73 (the "First Distribution"), and on or about October 1, 2012, the second distribution relating to the Transferred Claims in the amount of $152,803.30 (the "Second Distribution"), and on or about April 4, 2013, the third distribution relating to the Transferred Claims totaling the amount of $193,001.78 (the "Third Distribution"), and on or about October 3, 2013, the fourth distribution relating to the Transferred Claims in the amount of $228,825.30 (the "Fourth Distribution") and that other than the First Distribution, Second Distribution, Third Distribution and Fourth Distribution, Prior Seller has not received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims; and (h) Seller has provided to Purchaser a true and correct copy of the Notice of Proposed Allowed Claim Amount for the Proof of Claim ("Notice") dated August 24, 2011, and there have been no revisions thereto, and no action was undertaken by Seller or Prior Seller with respect to the Notice.

      3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the

Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim no later than the third business day after execution of the same. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days after receipt) remit any payments, distributions or proceeds received by Seller on or after January 31, 2014 (the "Trade Date") from the Debtor in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21st day of February 2014.

Merrill Lynch, Pierce, Fenner & Smith
Incorporated

By: /s/
Name: Meredith R Smith
Title: Vice President

Merrill Lynch, Pierce, Fenner & Smith Incorporated
214 North Tryon Street,
15th Floor,
Charlotte, N.C. 28255, USA
Attn: Gregory W Ponder
Tel: 001 980 386 8308
Email: gregory.w.ponder@baml.com

DRAWBRIDGE SPECIAL OPPORTUNITIES FUND LP
By: Drawbridge Special Opportunities GP LLC, its general partner

By: /s/
Name: Glenn P. Cummins
Title: Treasurer

c/o Fortress Investment Group LLC
1345 Avenue of the Americas, 23rd Floor
New York, NY 10105
Attn: Jason O'Keefe
Email: jokeefe@fortress.com

Schedule 1

Transferred Claims

Purchased Claim

100.00% of the Proposed Allowed Claim Amount of proof of claim 62870 held by Seller with respect to the ISIN's below, which totals the allowed claim amounts set forth below; *provided however*, the Purchased Claim is 98.275323641% of the Proposed Allowed Claim Amount of proof of claim 62870 held by Seller with respect to ISIN XS0331533330, which totals an allowed claim amount of $383,016.65.

Lehman Programs Securities to which Transfer Relates

| Proof of Claim Number | ISIN/CUSIP | Issuer | Guarantor | Purchased Principal/Notional Amount in EUR or USD | | Coupon | Maturity | Purchased Allowed Amount of Proof of Claim | |
|---|---|---|---|---|---|---|---|---|---|
| 62870 | XS0208459023 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR | €682,754.00 | N/A | 30 Dec 2016 | USD | $990,238.30 |
| 62870 | XS0258715456 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR | €155,630.00 | N/A | 6 Jul 2016 | USD | $222,794.22 |
| 62870 | CH0027120978 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR | €1,093,100.00 | N/A | 29 Jun 2010 | USD | $1,551,224.52 |
| 62870 | XS0331533330 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR | €269,900.00 | N/A | 21 Nov 2009 | USD | $383,016.65 |
| 62870 | XS0362343930 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR | €199,700.00 | N/A | 30 May 2011 | USD | $283,395.42 |
| 62870 | XS0372842202 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR | €224,173.00 | N/A | 22 Nov 2012 | USD | $330,826.01 |
| 62870 | XS0345320799 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR | €129,000.00 | N/A | 28 Feb 2011 | USD | $183,064.64 |
| 62870 | XS0368298187 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | EUR | €164,300.00 | N/A | 28 Jun 2011 | USD | $234,149.26 |
| 62870 | XS0325475084 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | USD | $314,100.00 | N/A | 18 Oct 2010 | USD | $314,100.00 |
| 62870 | XS0334446134 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | USD | $260,800.00 | N/A | 4 Dec 2010 | USD | $260,800.00 |
| 62870 | XS0340222750 | Lehman Brothers | Lehman Brothers | USD | $195,630.00 | N/A | 23 Jan 2020 | USD | $198,003.64 |

Schedule 1-1

| | | Treasury Co B.V. | Holdings Inc. | | | | | |
|---|---|---|---|---|---|---|---|---|
| 62870 | XS0353187478 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | USD | $273,173.00 | N/A | 20 Mar 2018 | USD | $277,204.20 |
| 62870 | XS0345320872 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | USD | $315,800.00 | N/A | 28 Feb 2011 | USD | $315,800.00 |
| 62870 | XS0368249487 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | USD | $279,200.00 | N/A | 28 Jun 2011 | USD | $279,200.00 |
| 62870 | XS0327687843 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | USD | $38,681.00 | N/A | 1 Nov 2010 | USD | $38,681.00 |
| 62870 | XS0329284987 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | USD | $322,900.00 | N/A | 4 Dec 2010 | USD | $322,900.00 |
| 62870 | XS0329288384 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc. | USD | $88,400.00 | N/A | 4 Dec 2010 | USD | $88,400.00 |