# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc.            Case No. 08-13555 (JMP)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Värde Credit Partners Master, L.P.** | **Wells Fargo Securities LLC** |
|---|---|
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent:<br><br>8500 Normandale Lake Boulevard<br>Suite 1500<br>Minneapolis, MN 55437<br>Attn: Edwina P.J. Steffer<br>e-mail: *esteffer@varde.com*<br><br>Last Four Digits of Acct. #: | Court Claim # (if known): 59233<br><br>Amount of Claim: $223,779.52 plus all accrued interest, fees and other recoveries due.<br><br>Date Claim Filed: October 30, 2010<br><br>Phone:<br>Last Four Digits of Acct. #: |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**VÄRDE CREDIT PARTNERS MASTER, L.P.**

By Värde Credit Partners G.P., LLC,
Its General Partner

By Värde Partners, L.P.,
Its Managing Member

By Värde Partners, Inc.,
Its General Partner

By: _____    Date: _____
Name:   **Todd B. Jelen**
Title:   **Managing Director**

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

119-1575/CERTS/4083936.1

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc.                Case No. 08-13555 (JMP)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 59233 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the Clerk's office of this court on         .

| **Wells Fargo Securities LLC** <br> Name of Alleged Transferor <br><br> Address of Alleged Transferor: <br> 375 Park Avenue <br> New York, NY 10152 <br> Attn: Douglas J. Gervolino <br> E-mail: douglas.gervolino@wellsfargo.com | **Värde Credit Partners Master, L.P.** <br> Name of Transferee <br><br> Address of Transferee <br> 8500 Normandale Lake Boulevard <br> Suite 1500 <br> Minneapolis, MN 55437 <br> Attn: Edwina P.J. Steffer <br> E-mail: *esteffer@varde.com* |
|---|---|
|  |  |

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
|---|

The alleged transferor of the claims is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                    _____
                                                                    CLERK OF THE COURT

119-1575/CERTS/4083936.1

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **WELLS FARGO SECURITIES LLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **VÄRDE CREDIT PARTNERS MASTER, L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 59233 as further specified on Schedule 1 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, and (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, (d) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims").

2. Seller hereby represents and warrants to Purchaser that: (a) assuming the truth and accuracy of the representations made by UBS AG, ("Predecessor Seller") in the Agreement And Evidence Of Transfer Of Claim Agreement dated as of the date hereof between Predecessor Seller and Seller (the "Predecessor Transfer Agreement"), the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) assuming the truth and accuracy of the representations made by Predecessor Seller in the Predecessor Transfer Agreement, the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer (this "Agreement"); (e) the Proof of Claim includes the Purchased Claim as specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors holding allowed unsecured claims of the same class; (g) Seller has delivered to Purchaser true and correct copies of the Revised Notice of Proposed Allowed Claim Amount (as defined in the Court's Order, dated August 10, 2011, *Approving Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.*) relating to the Proof of Claim, and as of the date hereof, Seller has not received any further revised Notice of Proposed Claim Amount nor has Seller taken any action with respect to any such Revised Notice of Proposed Allowed Claim Amount; and (h) as of the date of this Agreement, neither Seller, nor any party on behalf of Seller has received any payment or distribution on account of the Transferred Claims.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the

Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days following receipt) remit any payments, distributions or proceeds received by Seller after the date of this Agreement in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

(Signature page follows)

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 9th day of January 2014.

**WELLS FARGO SECURITIES LLC**

By: *Katherine L. Stewart*
Name:
Title: Authorized Signatory

Address:
Wells Fargo Securities, LLC
375 Park Avenue
New York, NY 10152
Attn: Douglas J. Gervolino
douglas.gervolino@wellsfargo.com

**VÄRDE CREDIT PARTNERS MASTER, L.P.**
By: Värde Credit Partners G.P., LLC, Its General Partner
By: Värde Partners, L.P., Its Managing Member
By: Värde Partners, Inc., Its General Partner

By:_____
Name:
Title:

Address:
8500 Normandale Lake Boulevard
Suite 1500
Minneapolis, MN 55437
Attn: Edwina P.J. Steffer
E-mail: *esteffer@varde.com*

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 9th day of January, 2014.

| **WELLS FARGO SECURITIES LLC** | **VÄRDE CREDIT PARTNERS MASTER, L.P.** |
|---|---|
| | By: Värde Credit Partners G.P., LLC, Its General Partner |
| By:_____ | By: Värde Partners, L.P., Its Managing Member |
| Name: | By: Värde Partners, Inc., Its General Partner |
| Title: | |
| | By:_____ |
| By:_____ | Name: Todd B. Jelen |
| Name: | Title: Managing Director |
| Title: | |

Address:

Wells Fargo Securities, LLC
375 Park Avenue
New York, NY 10152
Attn: Douglas J. Gervolino
douglas.gervolino@wellsfargo.com

Address:
8500 Normandale Lake Boulevard
Suite 1500
Minneapolis, MN 55437
Attn: Edwina P.J. Steffer
E-mail: *esteffer@varde.com*

Schedule 1

Transferred Claims

Purchased Claim

3.939076% of XS0232035880 equating to a Principal Amount of EUR150,000.00 of XS0232035880 (including interest and other charges in addition to the Principal Amount due on the security detailed below).

Lehman Programs Securities to which Transfer Relates

| ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Nominal Amount in the Original Currency | Maturity | Proof of Claim Number | Allowed Amount of Claim Transferred Hereunder | Allowed Amount of Claim Transferred Hereunder (in $USD) |
|---|---|---|---|---|---|---|---|---|
| XS0232035880 | CA67994 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR3,808,000.00 | 24-Oct-08 | 59233 | EUR150,000.00 | $223,779.52 |

4