IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Form 210A

United States Bankruptcy Court

SOUTHERN DISTRICT OF NEW YORK

In re LEHMAN BROTHERS HOLDINGS INC., et. al., DEBTORS

Case No. 08-13555 (JMP)
JOINTLY ADMINISTERED

TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 300 1(e)(2), Fed, R. Bankr. P. of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **ILLIQUIDX LLP** | **FPB BANK, INC.** |
|---|---|
| Name of Transferee | Name of Transferor |

| | |
|---|---|
| Name and Address where notices to transferee should be sent: | Court Claim # (if known): 58671 |
| **ILLIQUIDX LLP** | Amount of Claim as Filed with respect to ISIN XS0325385333 : $5,000,000.00 |
| 80 Fleet Street | Allowed Amount of Claim with respect to ISIN XS0325385333 : $1,682,363.31 |
| London EC4Y 1EL | |
| UNITED KINGDOM | Amount of Claim as Filed with respect to ISIN XS0331288513 : $2,790,000.00 |
| Attn.: Mr Celestino Amore | Allowed Amount of Claim with respect to ISIN XS0331288513 : $251,628.43 |
| E.mail: amore@illiquidx.com | |
| Phone: +44 207 832 0181 | |
| Last Four Digits of Acct #: N/A | Amount of Claim as Filed with respect to ISIN XS0329665946 : $3,800,000.00 |
| | Allowed Amount of Claim with respect to ISIN XS0329665946 : $302,371.81 |
| Name and Address where transferee payments should be sent (if different from above): | |
| | Amount of Claim as Filed with respect to ISIN XS0329666167 : $1,900,000.00 |
| Bank : CITIBANK NA, NEW YORK | Allowed Amount of Claim with respect to ISIN XS0329666167 : $150,996.35 |
| SWIFT: CITIUS33XXX | |
| ABA Number : 021000089 | |
| A/C No. 36163143 | Amount of Claim as Filed with respect to ISIN XS0338684482 : $2,020,000.00 |
| | Allowed Amount of Claim with respect to ISIN XS0338684482 : $764,236.46 |
| | |
| | Amount of Claim as Filed with respect to ISIN XS0337385875 : $950,000.00 |
| | Allowed Amount of Claim with respect to ISIN XS0337385875 : $1,456,753.77 |

Amount of Claim as Filed with respect to ISIN
XS0334213112 : $1,700,000.00
Allowed Amount of Claim with respect to ISIN
XS0334213112 : $1,072,654.21

Date Claim Filed: 30/10/2009

**FPB BANK, INC**

P.H. TORRE DE LAS AMERICAS
TORRE C. PISO 26, OFICINA 2601
PANAMA 08321796
REPUBLICA DE PANAMA

**\*\*PLEASE SEE ATTACHED EXHIBITS\*\***

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: 21 FEB 2014
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment foe up to 5 years, or both 18 U.S C. §1152 & 3571.

Form 210B (12/09)

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                                Case No. 08-13555

NOTICE OF TRANSFER OF CLAIM
OTHER THAN FOR SECURITY

Claim No. **58671** was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on  21 FEB 2014.

**FPB BANK, INC.**                                                    **ILLIQUIDX LLP**

Name of Alleged Transferor                                            Name of Transferee

Address of Alleged Transferor:                                        Address of Transferee:

**FPB BANK, INC.**                                                    **ILLIQUIDX LLP**

P.H. Torre De Las Americas                                            80 Fleet Street
Torre C, Piso 26, Oficina 2601                                        London EC4Y 1EL
Panama 08321796                                                       UK
REPUBLICA DE PANAMA

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                                     _____
                                                      CLERK OF THE COURT

EVIDENCE OF TRANSFER OF CLAIM

TRANSFER AGREEMENT

3

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, FPB BANK, INC. ("Seller"), hereby unconditionally and irrevocably sells, transfers and assigns to ILLIQUIDX LLP (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) the securities identified by ISIN code listed in Schedule 1 (the "Securities", and any such security, a "Purchased Security"), (b) to the extent related to the Securities and to the extent of the applicable principal amount specified in Schedule 1 attached hereto, an undivided interest in the Seller's right, title and interest in and to the Proof of Claim Number 58671 filed by or on behalf of the VALENTINI, BERNARDO (the "Predecessor") (the "Proof of Claim"), against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor")(the "Purchased Claim"), (c) to the extent related to the Securities and the Purchased Claim, all rights, title and benefits of Seller and Seller's predecessors-in-title (which includes, for the avoidance of doubt, the Seller having acted on behalf of holders or beneficial owners of the Securities, and in such capacity, the "Depository")) relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim (including for clarity, all amounts distributed on or after the trade date of 17 February 2014 (the "Trade Date") whether or not the Trade Date is before, on or after any record date with respect to an amount) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Securities and/or the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Securities and/or the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) acquired the rights and obligations underlying or constituting a part of the Securities and/or Purchased Claim but only to the extent related to the Securities and/or Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) against any of Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) , (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing; and (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims"). For the avoidance of doubt, the Purchaser does not acquire any liabilities or obligations of the Seller or any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) with respect to the Transferred Claims

2.   Seller hereby represents and warrants to Purchaser that: (a) assuming the truth and accuracy of the representations and warranties made by the Seller's predecessor in title in the upstream transfer agreement, the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) to the extent that good and marketable title has been transferred to Seller by the Seller's predecessor-in-title, Seller owns and has good legal, beneficial, and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller, or created or incurred by any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) or against the same, and all filings required to evidence Seller's title to the Transferred Claim have been duly and timely filed with the Court; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and the related evidence of transfer of claim (the "Evidence of Transfer of Claim"); (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) the Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor, (g) there have been no objections filed against Seller or any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity



as Depository) in respect of the Transferred Claims; and (h) neither the Transferred Claims nor any portion thereof is subject to any claim or right of setoff, or pending reduction, recoupment, impairment, avoidance, disallowance, or subordination, and neither Seller nor any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) has received any notice that the Transferred Claims are void or voidable or subject to any pending disallowance, reduction, impairment or objection of any kind, and the Allowed Amount of Claim Transferred to Purchaser, as referred to in Schedule 1, are those amounts set forth in Schedule1, (i) Seller has delivered to Purchaser a true and correct copy of the Notice of Proposed Allowed Claim Amount dated August 24, 2011 (the "Notice"), (j) there have not been, and there are no objections to the Transferred Claims, (k) all documents provided to Purchaser by Seller relating to the Transferred Claims are true, accurate and complete copies of such documents; (l) all transfer agreements under which the Seller and any of the Seller's predecessors-in-title acquired the Transferred Claims or any part thereof (the "predecessor agreements") are substantially similar (and similar in all material respects) to this Agreement, and all such predecessor agreements contain representations, warranties, covenants, agreements and indemnities from the seller to the purchaser that are no less favorable than those contained herein; (m) the Seller has the full power and authority to execute and perform its obligations under this Agreement and the Evidence of Transfer of Claim, and the Seller has received representations and warranties from the Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) that (i) that predecessor-in-title had full power and authority to execute, and deliver the predecessor agreements and the related evidence of transfer of claim and to contractually bind any holders or beneficial owners of the Securities to the terms of this Agreement and Evidence of Transfer of Claim and (ii) it is duly and validly authorized by, for on behalf of, any holders or beneficial owners of the Securities to execute and deliver this Agreement and Evidence of Transfer of Claim; (n) Seller does not have any claim, lien or encumbrance upon the Transferred Claims and represents and warrants that, upon consummation of the transactions contemplated in this Agreement and Evidence of Transfer of Claim, the Purchaser will own and have good legal and beneficial title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller, or created or incurred by any predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) or against the same; (o) the Transferred Claims and Securities are not subject to or bound by a Plan Support Agreement (as such term is defined in the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan"); (p) other than with respect to the distributions received by Seller (i) on or about April 17, 2012, October 1, 2012, April 4, 2013 and October 3, 2013 from Lehman Brothers Holdings, Inc. in respect of the Transferred Claims as Class 5 Distributions under the Plan; and (ii) on or about May 8, 2013 and October 24, 2013 from Lehman Brothers Treasury Co. B.V. in respect of the Purchased Security, no payment or other distribution has been received by or on behalf of the Seller, any predecessor in title (which includes, for the avoidance of doubt, the Depository), or by any third party on behalf of the Seller, in full or partial satisfaction of, or in connection with, the Transferred Claims, (q) no filing or voting instructions have been filed, submitted or otherwise in relation to the Purchased Claim relating to the Consent and Solicitation Memorandum approved by the Supervisory Judge relating to the Composition Plan offered by LBT to its Ordinary Creditors pursuant to Title I, Chapter 6 DBA and (r) as of the date hereof, other than the Notice, neither the Seller nor any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) has received any notice or objection or order of the Court for expungement or disallowance in relation to the Transferred Claims.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs,



expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations, warranties, covenants and agreements made herein. Seller hereby agrees that the Purchaser will benefit (if the Purchaser so requires) from any rights which the Seller may have against the Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) which the Seller has based on the Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) representations and warranties set out in the predecessor agreements, and the Purchaser can exercise such rights in any way it wishes.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. Seller shall act or omit to act with respect to the Transferred Claims solely to the extent directed by Purchaser.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any Seller's predecessors-in-title to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on Seller's part, causing any Seller's predecessors-in-title to deliver distributions and proceeds received by any Seller's predecessors-in-title and to act) and other actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim. In the event that the sale and purchase of the Transferred Claims are not successfully completed for any reason whatsoever within a commercially reasonable time, any purchase price paid by the Purchaser under this Agreement and Evidence of Transfer of Claim shall be returned to the Purchaser and the delivery obligations of the Seller under this Agreement shall be cancelled

7. Seller agrees that all distributions, amounts, proceeds, assets, cash and other property received by Seller or any Seller's predecessors-in-title on or after the Trade Date (whether or not such Trade Date is before, on or after any record date for such amounts) are for the account of Purchaser, and at the election of the Purchaser, (i) the Purchaser may net, setoff and reduce the purchase price payable by it and any other amounts owed by it in respect of the Transferred Claims against the distributions, assets, cash, property and amounts payable by Seller to it in respect of distributions, assets, cash, property and amounts received by Seller or any Seller's predecessors-in-title on and after the Trade Date, or (ii) the Seller shall pay such amounts received from the Debtor or any Seller's predecessors-in-title, or any other entity in relation to the Transferred Claims, on or prior to the date of this Agreement and on and after the Trade Date in respect of the Transferred Claims to the account information provided to it by Purchaser on the date of this Agreement and Evidence of Transfer of Claim.

8. The parties acknowledge and agree that the transfer of the Transferred Claims shall be made effective immediately upon execution by the parties of this Agreement and Evidence of Transfer of Claim, and to the extent that any of the Securities are blocked in Euroclear, immediately upon such Securities being unblocked, payment of the purchase price shall be made on delivery of the Securities versus payment basis through Euroclear. For the avoidance of doubt, the parties acknowledge and agree that the transfer of the Purchased Claim contemplated hereby shall occur immediately upon execution of this agreement.

9. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21 day of February 2014.

BUYER
ILLIQUIDX LLP

By: _____
Name: Celestino Amore
Title: Managing Partner

80 Fleet Street
London EC4Y 1EL
UNITED KINGDOM

SELLER
FPB BANK, INC.

By: _____
Name: Jose Aparecido Panucci
Title: CEO

P.H. TORRE DE LAS AMERICAS
TORRE C, PISO 26, OFICINA 2601
PANAMA 08321796
REPUBLICA DE PANAMA

Schedule 1

Transferred Claim

**Purchased Claim**

100.00% of Proof of Claim 58671 = USD$5,000,000.00 of USD$5,000,000.00 (i.e. the outstanding amount of XS0325385333 as described in the Proof of Claim dated October 30, 2009 and filed on October 30, 2009), and 100.00% of ISIN XS0325385333
The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$1,682,363.31 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$1,682,363.31 as specified in Notice Of Proposed Allowed Claim Amount dated August 24, 2011 with respect to XS0325385333 and 100.00% of ISIN XS0325385333

100.00% of Proof of Claim 58671 = USD$2,790,000.00 of USD$2,790,000.00 (i.e. the outstanding amount of XS0331288513 as described in the Proof of Claim dated October 30, 2009 and filed on October 30, 2009), and 100.00% of ISIN XS0331288513
The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$251,628.43 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$251,628.43 as specified in Notice Of Proposed Allowed Claim Amount dated August 24, 2011 with respect to XS0331288513 and 100.00% of ISIN XS0331288513

100.00% of Proof of Claim 58671 = USD$3,800,000.00 of USD$3,800,000.00 (i.e. the outstanding amount of XS0329665946 as described in the Proof of Claim dated October 30, 2009 and filed on October 30, 2009), and 100.00% of ISIN XS0329665946
The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$302,371.81 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$302,371.81 as specified in Notice Of Proposed Allowed Claim Amount dated August 24, 2011 with respect to XS0329665946 and 100.00% of ISIN XS0329665946

100.00% of Proof of Claim 58671 = USD$1,900,000.00 of USD$1,900,000.00 (i.e. the outstanding amount of XS0329666167 as described in the Proof of Claim dated October 30, 2009 and filed on October 30, 2009), and 100.00% of ISIN XS0329666167
The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$150,996.35 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$150,996.35 as specified in Notice Of Proposed Allowed Claim Amount dated August 24, 2011 with respect to XS0329666167 and 100.00% of ISIN XS0329666167

100.00% of Proof of Claim 58671 = USD$2,020,000.00 of USD$2,020,000.00 (i.e. the outstanding amount of XS0338684482 as described in the Proof of Claim dated October 30, 2009 and filed on October 30, 2009), and 100.00% of ISIN XS0338684482
The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$764,236.46 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$764,236.46 as specified in Notice Of Proposed Allowed Claim Amount dated August 24, 2011 with respect to XS0338684482 and 100.00% of ISIN XS0338684482

100.00% of Proof of Claim 58671 = USD$950,000.00 of USD$950,000.00 (i.e. the outstanding amount of XS0337385875 as described in the Proof of Claim dated October 30, 2009 and filed on October 30, 2009), and 100.00% of ISIN XS0337385875
The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$1,456,753.77 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$1,456,753.77 as specified in Notice Of Proposed Allowed Claim Amount dated August 24, 2011 with respect to XS0337385875 and 100.00% of ISIN XS0337385875

100.00% of Proof of Claim 58671 = USD$1,700,000.00 of USD$1,700,000.00 (i.e. the outstanding amount of XS0334213112 as described in the Proof of Claim dated October 30, 2009 and filed on October 30, 2009), and 100.00% of ISIN XS0334213112
The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$1,072,654.21 which is 100.00% of the Total Proposed Allowed Claim Amount of USD$1,072,654.21 as specified in Notice Of Proposed Allowed Claim Amount dated August 24, 2011 with respect to XS0334213112 and 100.00% of ISIN XS0334213112

08-13555-mg    Doc 43157    Filed 02/21/14    Entered 02/21/14 16:43:45    Main Document    Pg 10 of 11

**Lehman Programs Securities to which Transfer Relates**

| Description of the Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal / Notional Amount | Allowed Amount of Claim Transferred to Purchaser |
|---|---|---|---|---|---|---|
| Euro Medium Term Notes | XS0325385333 | 6015442 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | USD$5,000,000.00 | USD$1,682,363.31 |
| Euro Medium Term Notes | XS0331288513 | 6015447 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | USD$2,790,000.00 | USD$251,628.43 |
| Euro Medium Term Notes | XS0329665946 | 6015448 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | USD$3,800,000.00 | USD$302,371.81 |
| Euro Medium Term Notes | XS0329666167 | 6015445 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | USD$1,900,000.00 | USD$150,996.35 |
| Euro Medium Term Notes | XS0338684482 | 6015446 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | USD$2,020,000.00 | USD$764,236.46 |
| Euro Medium Term Notes | XS0337385875 | 6015443 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | USD$950,000.00 | USD$1,456,753.77 |
| Euro Medium Term Notes | XS0334213112 | 6015444 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | USD$1,700,000.00 | USD$1,072,654.21 |



| United States *Bankruptcy Court*/Southern District of New York | | **LEHMAN SECURITIES PROGRAMS** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5076 New York, NY 10150-5076 | | **PROOF OF CLAIM** Filed: USBC - Southern District of New York Lehman Brothers Holdings Inc., Et Al. 08-13555 (JMP)     0000058671 |
| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Bernardo Valentini
Rua Jacarezinho 183, Mercer, Curitiba, Parana, Brazil
CEP 80710 150

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

**Telephone number:** (507) 210-6600   **Email Address:** jpaulucci@fpbbank.com

**Filed on:** _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:    Email Address:

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** $ 18,160,000    (Required)

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** Please see attachment.  (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

Please see attachment.    (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
98730
(Required)

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

**FOR COURT USE ONLY**

FILED / RECEIVED

OCT 3 0 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

**Date:** 10/30/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. FPB Bank, Inc., authorized person. _[signature]_ Marcelo Paulucci - President
Address: Calle 50 y Aquilino de la Guardia, Edificio Plaza Banco General, Piso 16, Panama

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571