B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re    Lehman Brothers Holdings Inc, et al, Debtors    Case No. 08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| MERRILL, LYNCH, PIERCE FENNER & SMITH INCORPORATED | MONARCH CAYMAN FUND LIMITED |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee
Should be sent

Merrill Lynch, Piece, Fenner & Smith
Incorporated
214 North Tryon Street,
15th Floor,
Charlotte, N.C. 28255,
USA
Attn: Gregory W Ponder

**Court Claim #**
66501.17 / 66501.12 / 59498.02 / 50330.16 /
58728.01 / 59745.01 / 56560.07 / 59494.02 /
59841.28 / 59841.12 / 59841.20 / 59841.24 /
59838.06 / 59841.16

**The Purchased Claim represents US$28,382.12** of the total Proposed Allowed Claim Amount with respect to DE000A0TLKY4 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number 66501.17)

**The Purchased Claim represents US$38,315.86** of the total Proposed Allowed Claim Amount with respect to DE000A0TN6J5 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number 66501.12)

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

**The Purchased Claim represents US$233,412.08** of the total Proposed Allowed Claim Amount with respect to XS0176153350 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number 59498.02)

**The Purchased Claim represents US$11,448.19** of the total Proposed Allowed Claim Amount with respect to XS0195431613 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number 50330.16)

**The Purchased Claim represents US$1,431.02** of the total Proposed Allowed Claim Amount with respect to XS0195431613 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number 58728.01)

**The Purchased Claim represents US$47,223.78** of the total Proposed Allowed Claim Amount with respect to XS0195431613 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number 59745.01)

**The Purchased Claim represents US$121,787.07** of the total Proposed Allowed Claim Amount with respect to XS0210782552 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number 56560.07)

**The Purchased Claim represents US$7,249.23** of the total Proposed Allowed Claim Amount with respect to XS0210782552 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number 59494.02)

**The Purchased Claim represents US$107,000.00** of the total Proposed Allowed Claim Amount with respect to XS0325477379 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number 59841.28)

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

**The Purchased Claim represents US$229,000.00** of the total Proposed Allowed Claim Amount with respect to XS0326482402 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number 59841.12)

**The Purchased Claim represents US$80,000.00** of the total Proposed Allowed Claim Amount with respect to XS0333012358 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number 59841.20)

**The Purchased Claim represents US$180,217.99** of the total Proposed Allowed Claim Amount with respect to XS0349177955 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number 59841.24)

**The Purchased Claim represents US$81,000.00** of the total Proposed Allowed Claim Amount with respect to XS0354397571 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number 59838.06)

**The Purchased Claim represents US$118,272.55** of the total Proposed Allowed Claim Amount with respect to XS0354397654 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number 59841.16)

Name and Address where transferee payments should be sent (if different from above):

Phone:
Last Four Digits of Acct. #:

Phone:
Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____  Date: 21 FEBRUARY 2014
SETH DENSON
DIRECTOR

**MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED**
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Monarch Cayman Fund Limited** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Merrill Lynch, Pierce, Fenner & Smith Inc** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **principal amounts** specified in Schedule 1 attached hereto (each, a "Purchased Claim," and collectively, the "Purchased Claims"), in Seller's right, title and interest in and to the Proofs of Claim specified in Schedule 1 attached hereto filed by or on behalf of **Seller or Seller's predecessors in interest**, as applicable (each a "Proof of Claim," and collectively, the "Proofs of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to each Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed on or after the Trade Date with respect to each Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way such Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with each Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to each Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any predecessor in interest acquired the rights underlying or constituting a part of each Purchased Claim, but only to the extent related to such Purchased Claim, (c) any and all proceeds of any of the foregoing paid on or after the Trade Date (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to each Purchased Claim and specified in Schedule 1 attached hereto; ***provided however*** that for the avoidance of any doubt, notwithstanding anything herein to the contrary, Seller and Purchaser agree that the Transferred Claims and the Purchased Security shall exclude, and Seller shall retain all rights title and interest in and to, distributions paid prior to the Trade Date (as defined below). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller or any predecessor in interest related to or in connection with the Transferred Claims or the Proceedings.

2.      Seller hereby represents and warrants to Purchaser that: (a) each Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) each Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) each Proof of Claim includes the related Purchased Claims specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the same class and type as the respective Purchased Claims; (g) with respect to each Purchased Claim, Seller or a predecessor in interest has received (I) the initial distribution on or about April 17, 2012, in the amount set forth in column H of Schedule 1 (the "Initial Distribution"), (II) the second distribution on or about October 1, 2012, in the amount set forth in column I of Schedule 1 (the "Second Distribution"), (III) the third distribution on or about April 4, 2013, in the amount set forth in column J of Schedule 1 (the "Third Distribution") and (IV) the fourth distribution on or about October 3, 2013, in the amount set forth in column K of Schedule 1 (the "Fourth Distribution" and, together with the Initial Distribution, Second Distribution and Third Distribution, the "Distributions"), in each case on account of the Transferred Claims; (h) other than the Distributions, Seller has not received any payments or distributions, whether directly or indirectly, on account of the

Purchased Claims; (i) Seller has provided to Purchaser (I) a true and correct copy of relevant portions of the remittance notices (each, a "Remittance") in the forms received by Seller from Debtor in connection with the Distributions, or (II) to the extent and in the form received by Seller from its predecessor in interest, any other relevant Remittance that relates to the Purchased Claims, and (j) Seller has provided Purchaser with (I) a true and correct copy of the Notice of Proposed Allowed Claim Amount (each, a "Notice") received by Seller from Debtor for any Purchased Claim, or (II) to the extent and in the form received by Seller from its predecessor in interest, the relevant Notice for any other Purchased Claims, and Seller has not taken any action with respect to any Notice.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than (i) three (3) business days after receipt of same or (ii) the date of this Agreement and Evidence of Transfer of Claim, whichever is later) remit any payments, distributions, proceeds or notices received by Seller and paid on or after the trade date of September 27, 2013 (the "Trade Date") in respect of the Transferred Claims (including without limitation the Fourth Distribution) to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21 day of February 2014.

Monarch Cayman Fund Limited
By: Monarch Alternative Capital LP
Its: Advisor

By: _____
Name: Michael A. Weinstock
Title: Chief Executive Officer

Monarch Cayman Fund Limited
c/o Monarch Alternative Capital LP
535 Madison Avenue, 26th Floor
New York NY 10022
Attn: Michael Gillin
Phone: (212) 554-1743
Fax: (866) 741-3564
Email: fundops@monarchlp.com

Merrill Lynch, Pierce, Fenner & Smith Inc
By: _____
Name: SETH DENSON
Title: DIRECTOR

Merrill Lynch, Pierce, Fenner & Smith Incorporated
214 North Tryon Street,
15th Floor,
Charlotte, N.C. 28255,
USA
Attn: Gregory W Ponder
Tel: 001 980 386 8308
Email: gregory.w.ponder@baml.com

Schedule 1

LEHMAN BROTHERS TREASURY CO. B.V.
LEHMAN PROGRAM SECURITY

Transferred Claims

Purchased Claims

For each Proof of Claim set forth below, Seller shall transfer to Purchaser 100% of the outstanding allowed amount held by Seller (as set forth in the column below labeled "Purchased Amount (As Allowed in USD)"), with respect to the relevant ISIN.

Lehman Programs Securities to which Transfer Relates

**Please see table on next page**

| A | B | C | D | E | F | G | H | I | J | K |
|---|---|---|---|---|---|---|---|---|---|---|
| Description of Security | Proof of Claim # | ISIN/CUSIP | CLAIM HOLDER | CCY | Principal Amount | Purchased Amount (as Allowed in USD) | First LBHI Distribution ("Initial Distribution") | Second LBHI Distribution ("Second Distribution") | Third LBHI Distribution ("Third Distribution") | Fourth LBHI Distribution ("Fourth Distribution") |
| LEHMAN BROTHERS TSY BV 01/04/13 EUR | 66501.17 | DE000A0TLKY4 | MONARCH CAYMAN FUND LIMITED | EUR | 20,000.00 | 28,382.12 | 1,173.98 | 792.23 | 873.12 | 1,035.18 |
| LEHMAN BROTHERS TSY BV 03/12/13 EUR | 66501.12 | DE000A0TN6J5 | MONARCH CAYMAN FUND LIMITED | EUR | 27,000.00 | 38,315.86 | 1,079.70 | 728.60 | 1,178.71 | 1,397.50 |
| LEHMAN BROTHERS TSY BV 10/10/13 EUR | 59498.02 | XS0176153350 | MONARCH CAYMAN FUND LIMITED | EUR | 160,000.00 | 233,412.08 | 8,424.37 | 5,684.93 | 7,180.49 | 8,513.27 |
| LEHMAN BROTHERS TSY BV 7/14/14 EUR | 50330.16 | XS0195431613 | MONARCH CAYMAN FUND LIMITED | EUR | 8,000.00 | 11,448.19 | 413.19 | 278.82 | 352.18 | 417.55 |
| LEHMAN BROTHERS TSY BV 7/14/14 EUR | 58728.01 | XS0195431613 | MONARCH CAYMAN FUND LIMITED | EUR | 1,000.00 | 1,431.02 | 51.64 | 34.85 | 44.02 | 52.19 |
| LEHMAN BROTHERS TSY BV 7/14/14 EUR | 59745.01 | XS0195431613 | MONARCH CAYMAN FUND LIMITED | EUR | 33,000.00 | 47,223.78 | 1,704.41 | 1,150.17 | 1,452.75 | 1,722.40 |
| LEHMAN BROTHERS TSY BV 2/1/13 EUR | 56560.07 | XS0210782552 | MONARCH CAYMAN FUND LIMITED | EUR | 84,000.00 | 121,787.07 | 4,395.57 | 2,966.22 | 3,746.55 | 4,441.96 |
| LEHMAN BROTHERS TSY BV 2/1/13 EUR | 59494.02 | XS0210782552 | MONARCH CAYMAN FUND LIMITED | EUR | 5,000.00 | 7,249.23 | 261.64 | 176.56 | 223.00 | 264.40 |
| LEHMAN BROTHERS TSY BV 10/18/10 USD | 59841.28 | XS0325477379 | MONARCH CAYMAN FUND LIMITED | USD | 107,000.00 | 107,000.00 | 3,861.87 | 2,606.06 | 3,291.65 | 3,902.62 |
| LEHMAN BROTHERS TSY BV 10/24/09 USD | 59841.12 | XS0326482402 | MONARCH CAYMAN FUND LIMITED | USD | 229,000.00 | 229,000.00 | 8,265.13 | 5,577.47 | 7,044.76 | 8,352.35 |
| LEHMAN BROTHERS TSY BV 11/30/10 USD | 59841.20 | XS0333012358 | MONARCH CAYMAN FUND LIMITED | USD | 80,000.00 | 80,000.00 | 2,887.38 | 1,948.46 | 2,461.05 | 2,917.85 |
| LEHMAN BROTHERS TSY BV 3/4/15 USD | 59841.24 | XS0349177955 | MONARCH CAYMAN FUND LIMITED | USD | 180,000.00 | 180,217.99 | 6,504.47 | 4,389.35 | 5,544.07 | 6,573.12 |
| LEHMAN BROTHERS TSY BV 4/1/18 USD | 59838.06 | XS0354397571 | MONARCH CAYMAN FUND LIMITED | USD | 81,000.00 | 81,000.00 | 2,923.47 | 1,972.81 | 2,491.81 | 2,954.32 |
| LEHMAN BROTHERS TSY BV 4/1/15 USD | 59841.16 | XS0354397654 | MONARCH CAYMAN FUND LIMITED | EUR | 117,000.00 | 118,272.55 | 4,268.72 | 2,880.62 | 3,638.43 | 4,313.77 |