**United States Bankruptcy Court**

**Southern District of New York**

In re <u>Lehman Brothers Holdings Inc., et al.</u>, Debtors.   Case No. <u>08-13555 (JMP)</u>
                                                                                                      (Jointly Administered)

PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| <u>Alden Global Value Recovery Master Fund, LP</u> | <u>Wells Fargo Securities, LLC</u> |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
Alden Global Value Recovery Master Fund, LP
c/o Alden Global Capital
885 Third Avenue, 34th Fl
New York, NY 10022
Attn: Ithran Olivacce
Phone: 212-888-7214

Court Claim # (if known): <u>55164</u>
Total Amount of Claim as filed: <u>$9,737,549.35</u>
Amount of Claim Transferred: <u>$3,282,702.84</u>
Debtor: <u>Lehman Brothers Holdings Inc.</u>

Wire Instructions:
Name of Bank: Wells Fargo N.A.
ABA: 121 000 248
SWIFT: WFBIUS6S
Account #: 2000039124191
Account Name: Alden Global Value Recovery Master Fund, LP

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Wells Fargo Securities, LLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Alden Global Value Recovery Master Fund, LP** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto (b) an undivided interest, to the extent of the allowed claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **55164** filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (c) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c) and (d), the "Transferred Claims"),.

2.      Seller hereby represents and warrants to Purchaser that: (a) assuming the truth and accuracy of the representations made by Castlerigg Master Investments Ltd., ("Predecessor Seller") in the Agreement And Evidence Of Transfer Of Claim Agreement dated as of the date hereof between Predecessor Seller and Seller (the "Predecessor Transfer Agreement'), the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) assuming the truth and accuracy of the representations made by Predecessor Seller in the Predecessor Transfer Agreement, the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors. (g) the Notice of Proposed Allowed Claim Amount, dated August 24, 2011 ("Notice") for the Proof of Claim provided to Purchaser is true and correct, and there have been no revisions thereto, and no action was undertaken by Seller or any of its predecessors in interest with respect to the Notice; (h) assuming the truth and accuracy of the representations made by Predecessor Seller in the Predecessor Transfer Agreement, Predecessor Seller (i) has received the first and second distributions relating to the Transferred Claims (the "Initial Distributions") pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliate Debtors, dated December 5, 2011,each in the same time, manner and amount as other unsecured creditors of the same class of claims generally (ii) has received on or about April 4, 2013, the sum of $100,986.28 from immediate prior seller in respect of the Transferred Claims (the "Third Distribution"); (iii) is due to receive the distribution made by Debtor on or about October 3, 2013 in the amount of $119,730.58 (the "Fourth Distribution" and collectively with the Initial Distributions and the Third Distribution, the "LBHI Distributions") as a catch up distribution on the next distribution payment date (the "Fifth Distribution Date"), which Fourth Distribution is for the benefit of the Purchaser; (iii) has received, on or about May 8, 2013, the sum of $392,572.67 from Lehman Brothers Treasury Co.

B.V. ("LBT") in respect of the Transferred Claims (the "First LBT Distribution"); (iv) has received, on or about October 24, 2013, the sum of $159,760.85 from LBT in respect of the Transferred Claims (the "Second LBT Distribution" and collectively with the First LBT Distribution, the "LBT Distributions") (i) in connection with the Transferred Claims, Seller has delivered to Purchaser true and correct copies of the distribution notices from the Debtor that are in its possession and (j) as of the date of this Agreement, neither Seller, nor any party on behalf of Seller has received any payment or distribution on account of the Transferred Claims other than the LBHI Distributions and LBT Distributions.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller hereby agrees that all payments or distributions made or proceeds paid in respect of the Transferred Claims on or after November 6, 2013 (the "Trade Date") are for the benefit of Purchaser. Seller shall promptly (but in any event no later than three (3) business days from receipt) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21st day of February, 2014.

| **Wells Fargo Securities, LLC** | **Alden Global Value Recovery Master Fund, LP** |
|---|---|
| | By: Alden Global Capital, its Service Provider |
| By: *Katherine L. Stewart* | By: _____ |
| Name: Authorized Signatory | Name: |
| Title: | Title: |

**Wells Fargo Securities, LLC**
375 Park Avenue
New York, NY 10152
T: 212-214-5562
Cell: 203-505-2661
E-mail: douglas.gervolino@wellsfargo.com

**Alden Global Value Recovery Master Fund, LP**
c/o Alden Global Capital
885 Third Avenue, 34th Floor
New York, NY 10022

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21st day of February, 2014.

**Wells Fargo Securities, LLC**

By:_____
Name:
Title:

**Wells Fargo Securities, LLC**
375 Park Avenue
New York, NY 10152
T: 212-214-5562
Cell: 203-505-2661
E-mail: douglas.gervolino@wellsfargo.com

**Alden Global Value Recovery Master Fund, LP**
By: Alden Global Capital, its Service Provider

By:_____
Name: Jason Pecora
Title: Managing Director - Operations
Alden Global Capital

**Alden Global Value Recovery Master Fund, LP**
c/o Alden Global Capital
885 Third Avenue, 34th Floor
New York, NY 10022

Schedule 1

Transferred Claims

Purchased Claim

On the original Proof of Claim filed on October 29, 2009, the Security/ISIN below represented $3,283,119.46, which was approximately 33.71608% of the total Proof of Claim's principal amount of $9,737,549.35

Pursuant to the Notice of Proposed Allowed Claim Amount, dated August 10, 2011, the Security/ISIN below represents US$3,282,702.84, which is approximately 33.71608% of the total Notice of Proposed Allowed Claim amount of $9,736,313.67.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Issue of USD 9,580,000 Callable Index Linked Notes due April 2023 Guaranteed by Lehman Brothers Holdings Inc. under the US$100,000,000 Euro-Medium-Term Note Program | XS0356045707 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 3,230,000.00 | Index Linked | 09 April 2023 | US$0.00 |

Schedule 1–1

**United States Bankruptcy Court**

**Southern District of New York**

In re <u>Lehman Brothers Holdings Inc., et al.</u>, Debtors.    Case No. <u>08-13555 (JMP)</u>
                                                                                                                                 (Jointly Administered)

PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| <u>Alden Global Value Recovery Master Fund, LP</u> | <u>Wells Fargo Securities, LLC</u> |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
Alden Global Value Recovery Master Fund, LP
c/o Alden Global Capital
885 Third Avenue, 34th Fl
New York, NY 10022
Attn: Ithran Olivacce
Phone: 212-888-7214

Court Claim # (if known): <u>59423</u>
Total Amount of Claim as filed: <u>$1,350,000.00</u>
Amount of Claim Transferred: <u>$1,090,000.00</u>
Debtor: <u>Lehman Brothers Holdings Inc.</u>

Wire Instructions:
Name of Bank: Wells Fargo N.A.
ABA: 121 000 248
SWIFT: WFBIUS6S
Account #: 2000039124191
Account Name: Alden Global Value Recovery Master Fund, LP

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Wells Fargo Securities, LLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Alden Global Value Recovery Master Fund, LP** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto (b) an undivided interest, to the extent of the allowed claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **59423** filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (c) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c) and (d), the "Transferred Claims").

2.      Seller hereby represents and warrants to Purchaser that: (a) assuming the truth and accuracy of the representations made by Castlerigg Master Investments Ltd., ("Predecessor Seller") in the Agreement And Evidence Of Transfer Of Claim Agreement dated as of the date hereof between Predecessor Seller and Seller (the "Predecessor Transfer Agreement') the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) assuming the truth and accuracy of the representations made by Predecessor Seller in the Predecessor Transfer Agreement, the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors. (g) the Notice of Proposed Allowed Claim Amount, dated August 24, 2011 ("Notice") for the Proof of Claim provided to Purchaser is true and correct, and there have been no revisions thereto, and no action was undertaken by Seller or any of its predecessors in interest with respect to the Notice; (h) assuming the truth and accuracy of the representations made by Predecessor Seller in the Predecessor Transfer Agreement, Predecessor Seller (i) has received the first and second distributions relating to the Transferred Claims (the "Initial Distributions") pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliate Debtors, dated December 5, 2011 ,each in the same time, manner and amount as other unsecured creditors of the same class of claims generally (ii) has received on or about April 4, 2013, the sum of $33,531.83 from immediate prior seller in respect of the Transferred Claims (the "Third Distribution"); (iii) is due to receive the distribution made by Debtor on or about October 3, 2013 in the amount of $39,755.76 (the "Fourth Distribution" and collectively with the Initial Distributions and the Third Distribution, the "LBHI Distributions") as a catch up distribution on the next distribution payment date (the "Fifth Distribution Date"), which Fourth Distribution is for the benefit of the Purchaser; (iv) has

received on or about May 8, 2013, the sum of $127,610.06 from Lehman Brothers Treasury Co. B.V. ("LBT") in respect of the Transferred Claims (the "First LBT Distribution"); (v) has received on or about October 24, 2013, the sum of $51,932.02 from LBT in respect of the Transferred Claims (the "Second LBT Distribution" and collectively with the First LBT Distribution, the "LBT Distributions") ; (i) in connection with the Transferred Claims, Seller has delivered to Purchaser true and correct copies of the distribution notices from the Debtor that are in its possession and (j) as of the date of this Agreement, neither Seller, nor any party on behalf of Seller has received any payment or distribution on account of the Transferred Claims other than the LBHI Distributions and LBT Distributions.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller hereby agrees that all payments or distributions made or proceeds paid in respect of the Transferred Claims on or after November 6, 2013 (the "Trade Date") are for the benefit of Purchaser. Seller shall promptly (but in any event no later than three (3) business days from receipt) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21st day of February, 2014.

| **Wells Fargo Securities, LLC** | **Alden Global Value Recovery Master Fund, LP** |
|---|---|
| | By: Alden Global Capital, its Service Provider |
| By: *Katherine L. Stewart* | By: _____ |
| Name: Authorized Signatory | Name: |
| Title: | Title: |

Wells Fargo Securities, LLC
375 Park Avenue
New York, NY 10152
T: 212-214-5562
Cell: 203-505-2661
E-mail: douglas.gervolino@wellsfargo.com

c/o Alden Global Capital
885 Third Avenue, 34th Floor
New York, NY 10022

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21st day of February, 2014.

| **Wells Fargo Securities, LLC** | **Alden Global Value Recovery Master Fund, LP**<br>By: Alden Global Capital, its Service Provider |
|---|---|
| By:_____<br>Name:<br>Title: | By:_____<br>Name:   Jason Pecora<br>Title:  Managing Director - Operations<br>Alden Global Capital |
| **Wells Fargo Securities, LLC**<br>375 Park Avenue<br>New York, NY 10152<br>T: 212-214-5562<br>Cell: 203-505-2661<br>E-mail: douglas.gervolino@wellsfargo.com | **Alden Global Value Recovery Master Fund, LP**<br>c/o Alden Global Capital<br>885 Third Avenue, 34th Floor<br>New York, NY 10022 |

Schedule 1

Transferred Claims

Purchased Claim

Pursuant to the Revised Notice of Proposed Allowed Claim Amount, dated August 24, 2011, the Purchased Claim represents US$1,090,000.00 and 80.74% of Proposed Allowed Claim Amount for ISIN XS0288704264 (Claim Number 59423).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Co. B.V. Issue of USD 2,150,000 FX Basket-Linked Digital Notes due 2009 Guaranteed by Lehman Brothers Holdings Inc under the US$ 60,000,000,000 Euro-Medium-Term Note Program | XS0288704264 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,090,000.00 | N/A | 09 September 2009 | US$0.00 |