B 210A (Form 210A) (12/09)

FEB 19 2014

# UNITED STATES BANKRUPTCY COURT

Southern District Of New York

In re <u>Lehman Brothers Holdings Inc., et al.</u>        Case No. <u>08-13555 (JMP)</u>

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **RIVERROCK SECURITIES LIMITED LIMITED** | **HARGREAVE HALE NOMINEES** |
|---|---|
| Name of Transferee | Name of Transferor |
| | |
| Name and Address where notices to transferee should be sent: | Court Claim # (if known): **42293** <br> Total Amount of Claim Filed:**$5,924,900** <br> Date Claim Filed: **October 20, 2009** |
| **Guilhem Goyard** <br> **Managing Director** <br> **8-10 Grosvenor Gardens** <br> **London SW1W 0DH** <br> **UNITED KINGDOM** <br> **Phone: +44-207-842-7652** <br> Email: <u>ggoyard@riverrocksecuritiesltd.com</u> | Amount of <u>Filed</u> Claim Transferred: <br> **$1,253,000** (see below) <br><br> Amount of <u>Allowed</u> Claim Transferred: <br> **$1,255,308.20** (see below) |

| <u>ISIN Number</u> | <u>GBP bond notional</u> | US$ <u>CLAIMED amount</u> | US$<u>ALLOWED amount</u> | <u>Blocking Reference Number</u> |
|---|---|---|---|---|
| XS0327576772 | GBP700,000 | US$ 1,253,000.00 | US$ 1,255,308.20 | CA23475 |
| | | US$ 1,253,000.00 | US$ 1,255,308.20 | |

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By_____        Date: Febuary 4, 2014

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

Form 210B (12/09)

# United States Bankruptcy Court

## Southern District Of New York

In re <u>Lehman Brothers Holdings Inc., et al.</u>     Case No. <u>08-13555 (JMP)</u>

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. **42293** was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on **Febuary 4, 2014**.

**HARGREAVE HALE NOMINEES LTD**  
Name of Alleged Transferor

**RIVERROCK SECURITIES LIMITED**  
Name of Transferee

Address of Alleged Transferor:

Address of Transferee:

**8-10 Grosvenor Gardens**
**London SW1W 0DH**
**UNITED KINGDOM**

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

_____
**CLERK OF THE COURT**

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

FEB 19 2014

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Hargreave Hale Nominees Limited** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Riverrock Securities Limited** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **42293** filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights, title and benefits of Seller and any prior seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim (including for clarity, all amounts distributed on or after the trade date of **Febuary 4th, 2014** (the "Trade Date")) whether or not the Trade Date is before, on or after any record date with respect to an amount) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing; (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims"). For the avoidance of doubt, the Purchaser does not acquire any liabilities or obligations with respect to the Transferred Claims or the Seller.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) the Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured claims with the same ISINs as in Schedule 1 that are not entitled to priority under the Bankruptcy Code and are not subordinated; (g) the Allowed Amount of Claim Transferred to Purchaser, as referred to in Schedule 1, are those amounts set forth in Schedule 1; (h) Seller has delivered to Purchaser a true and correct copy of the Notice of Proposed Allowed Claim Amount, dated August 24 2011 (the "Notice"); (i.a) on or about **April 17, 2012**, Seller received another Class 5 Distribution under the Plan, in connection with an initial distribution (as defined in the Plan), ("Debtor Initial Distribution") from Debtor in the amount of US$ **45,306.95** (i.b) on or about **October 2, 2012**, Seller received another Class 5 Distribution under the Plan, in connection with a second distribution (as defined in the Plan), ("Debtor Second Distribution") from Debtor in the amount of US$ **30,574.02** (i.c) on or about **April 4, 2013**, Seller received another Class 5 Distribution under the Plan, in connection with a third distribution (as defined in the Plan), ("Debtor Third Distribution") from Debtor in the amount of US$ **38,617.23** (i.d) on or about

May 8, 2013, Seller received an initial distribution on account of the Purchased Security from Lehman Brothers Treasury Co, B.V. in the amount of **GBP 76,822.28** (the "Issuer Initial Distribution") (i.e) on or about **October 3, 2013**, Seller received another Class 5 Distribution under the Plan, in connection with a fourth distribution (as defined in the Plan), ("Debtor Fourth Distribution") from Debtor in the amount of US$ 45,785.07 and (i.e) on or about **October 24, 2013**, Seller received a second distribution on account of the Purchased Security from Lehman Brothers Treasury Co, B.V. in the amount of **GBP 30,059.30** (the "Issuer Second Distribution") and together with the Debtor Initial Distribution, the Debtor Second Distribution, the Debtor Third Distribution, the Issuer Initial Distribution, and the Debtor Fourth Distribution (the "Distributions"); and (j) other than the Distributions, no payment or distribution has been received by or on behalf of the Seller in full or partial satisfaction of, or in connection with the Transferred Claims.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from Seller's breach of its representations, warranties, covenants and agreements made herein.

5. Seller shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any notices, correspondence, payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. Seller shall act or omit to act with respect to the Transferred Claims solely to the extent directed by Purchaser.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any prior seller to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on Seller's part, causing any prior seller to deliver distributions and proceeds received by any prior seller and to act) and other actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8. The parties acknowledge that settlement shall be made on delivery of the Transferred Claim and the Securities versus payment basis through Euroclear or Clearstream. For the avoidance of doubt, the parties acknowledge and agree that the transfer contemplated hereby shall not occur unless and until the Purchaser shall have paid the purchase price in full.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 4th day of Febuary, 2014.

**SELLER**
Hargreave Hale Nominees Limited

By: _____
Name: STUART BROOKES / LOUISE ALLEN
Title: DIRECTOR / COMPANY SECRETARY

4-10 Springfield Road
Blackpool
FY1 1QW
UNITED KINGDOM

**PURCHASER**
Riverrock Securities Limited

By: _____
Name: Gui Goyard
Title: Managing Director

8-10 Grosvenor Gardens
London
SW1W 0DH
UNITED KINGDOM

4

**Schedule 1**

Transferred Claims

Purchased Claims

ASSIGNED CLAIM: **21.1480363%** of the Proposed Allowed Claim Amount related to ISIN **XS0327576772** on the original **Proof of Claim # 42293** filed on October 20, 2009 by the Seller, which totals an allowed claim amount of **US$ 1,255,308.20**.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Maturity | Blocking Number | Notional Amount (GBP) | Allowed Claim to be Transferred (USD) |
|---|---|---|---|---|---|---|---|
| Issue of GBP 3,500,000 Capital-Protected Notes linked to the FTSE 250 Index under the US$ 100,000,000,000 Euro Medium-Term Note Program | XS0327576772 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | November 1, 2012 | CA23475 | GBP 700,000 | US$ 1,255,308.20 |

5

8.  The parties acknowledge that settlement shall be made on delivery of the Transferred Claim and the Securities versus payment basis through Euroclear or Clearstream. For the avoidance of doubt, the parties acknowledge and agree that the transfer contemplated hereby shall not occur unless and until the Purchaser shall have paid the purchase price in full.

3

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000042293 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
Hargreave Hale Nominees Limited
4 - 10 Springfield Road
Blackpool
FY1 1QW
A schedule of beneficial owners on behalf of which the Creditor claims is attached.

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on:_____

Telephone number: +441253621575    Email Address: snb@hargreave.com

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:    Email Address:

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $5,924,900.00    (Required)

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): XS0327576772    (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

CA23475    (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:

Clearstream A/C 89833    (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FDIC COURT RECEIVED
OCT 20 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date:
16:10:2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

LEE FINLAYSON        DANIEL COLEMAN

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

### INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

| INVESTEC FTSE 250 NOTE | | START DATE 18/10/2007 | MATURES 01/11/2012 | INDEX START |
|---|---|---|---|---|
| 32 | £3,310,000 | 95% Capital Protected | 106% Participation | 11,563 |
| SCHEME NAME | AMOUNT INVESTED | | | |
| Alchemy Retirement Benefits Scheme | 100,000 | | | |
| Aliva Pension Fund | 50,000 | | | |
| Beverley Hills Limited Executive Pension Sch | 50,000 | | | |
| Blue Clothing Co Pension Scheme | 100,000 | | | |
| Bridgeman Pension Scheme | 70,000 | | | |
| Carisma Pension Scheme | 500,000 | | | |
| AP & AL Cohen Pension Scheme | 50,000 | | | |
| Daphne Beryl Trust | 50,000 | | | |
| Dimencori Limited Retirement benefits Schem | 50,000 | | | |
| Dimencon Limited Retirement benefits Schem | 50,000 | | | |
| DPT (Wear) Limited Retirement Benefits Sche | 50,000 | | | |
| Duna Trading Limited Pension Scheme | 100,000 | | | |
| David French Family Pension Scheme | 60,000 | | | |
| GDB Pension Scheme | 50,000 | | | |
| NSS Solutions SIPP - John Goldsmith | 100,000 | | | |
| Brian Hill (Personal) | 50,000 | | | |
| NSS Solutions SIPP - Hillel Family | 50,000 | | | |
| Jades Pension Scheme | 50,000 | | | |
| Chiltern Trust (Previously Kars Trust) | 50,000 | | | |
| Ledrop Pension Scheme | 100,000 | | | |
| L.H.E.O. Pension Fund | 150,000 | | | |
| Lobbes Trust | 50,000 | | | |
| MDL Small Self Administered Pension Schem | 150,000 | | | |
| Omega Process Equipment Retirement Benef | 100,000 | | | |
| Overseas Courier Service Pension Fund | 50,000 | | | |
| Overseas Courier Service Pension Fund | 100,000 | | | |
| NSS Solutions SIPP - David Pannick | 100,000 | | | |
| NSS Solutions SIPP - Frankie Paynter | 50,000 | | | |
| Pitglen Pension Scheme | 150,000 | | | |
| Print & Marketing Solutions Limited Pension S | 50,000 | | | |
| Redan Pension Scheme | 100,000 | | | |
| Martin Rumens Pension Scheme | 50,000 | | | |
| NSS Solutions SIPP - Raymond Taylor | 50,000 | | | |
| NSS Solutions SIPP - Roger Taylor | 50,000 | | | |
| Tilbury Asphalt Pension Scheme | 50,000 | | | |
| T.V.B. Self Administered Pension Scheme | 150,000 | | | |
| Voss International Limited Directors Retireme | 50,000 | | | |
| Woodpeckers Trust | 50,000 | | | |
| Workham Pension Scheme | 80,000 | | | |

H
A
N
D

D
E
L
I
V
E
R
Y

_____    10/20    3:54 pm
RECEIVED BY:       DATE     TIME