WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                    :
**In re**                                           :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*        :        **08-13555 (SCC)**
                                                    :
                          **Debtors.**              :        **(Jointly Administered)**
                                                    :
------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER**
**28 U.S.C. § 1746 REGARDING MOTION AND OMNIBUS CLAIMS**
**OBJECTIONS SCHEDULED FOR HEARING ON FEBRUARY 27, 2014**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

   Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Amended Order Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

   1.  Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), or LBHI as Plan Administrator under the Modified Third Amended Joint Chapter 11

Plan of LBHI and its Affiliated Debtors (the "Plan Administrator"), filed the following motion

and omnibus claims objections (collectively, the "Claims Objections") with the Court for hearing

on or before February 27, 2014:

(a)    Four Hundred Forty-Eighth Omnibus Objection to Claims (No Liability Claims) [ECF No. 41662]

(b)    Four Hundred Fifty-Fourth Omnibus Objection to Claims (Valued Derivative Claims) [ECF No. 42104]

(c)    Four Hundred Fifty-Fifth Omnibus Objection to Claims (No Liability Claims) [ECF No. 42105]

(d)    Motion of Lehman Brothers Holdings Inc. Pursuant to Federal Rule of Bankruptcy Procedure 9019 for Authorization and Approval of a Settlement with the Internal Revenue Service [ECF No. 42685]

2.    In accordance with the Second Amended Case Management Order, the

Debtors, or the Plan Administrator, as applicable, established deadlines (the "Response

Deadline") for each Claim Objection for parties to object or file responses. The Response

Deadlines have been extended for certain creditors from time to time. The Second Amended

Case Management Order provides that pleadings may be granted without a hearing, provided that

no objections or other responsive pleadings have been filed on or prior to the relevant response

deadline and the attorney for the entity who filed the pleading complies with the relevant

procedural and notice requirements.

3.    The Response Deadlines have now passed and, to the best of my

knowledge, no responsive pleadings to the Claims Objections have been (a) filed with the Court

on the docket of the above-referenced cases in accordance with the procedures set forth in the

Second Amended Case Management Order, or (b) served on counsel to the Debtors or the Plan

Administrator (or such responsive pleadings have been withdrawn) by any of the holders of the

claims included on Exhibit 1 to any of the Orders attached hereto, which include only the proofs

of claim for which the Claims Objection will be granted. Responses to certain of the Claims

2

Objections were filed on the docket, or served on the Debtors or the Plan Administrator, by

holders of certain proofs of claim included on the Claims Objections.  The hearing on the Claims

Objections as to any proof of claim for which a response was either filed on the docket or

received by the Debtors or the Plan Administrator, and which response has not been resolved,

has been adjourned to a future date.

4.    Accordingly, the Debtors and the Plan Administrator respectfully request

that the proposed orders granting the Claims Objections annexed hereto as Exhibits A through D,

which, except for the inclusion of additional language to indicate that such order is supplemental

to a previously entered order for a Claim Objection or to reference the inclusion of separate

exhibits attached to the proposed orders for proofs of claim for which the Claims Objection is

granted, adjourned or withdrawn, are unmodified since the filing of the Claims Objections, be

entered in accordance with the procedures described in the Second Amended Case Management

Order.

I declare that the foregoing is true and correct.

Dated: February 26, 2014
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

3

**EXHIBIT A**
**(Proposed Order – ECF No. 41662)**

US_ACTIVE:\44435145\2\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :    08-13555 (SCC)
                                               :
                    **Debtors.**               :    (Jointly Administered)
--------------------------------------------------------------------x

### SUPPLEMENTAL ORDER GRANTING FOUR HUNDRED FORTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (REDUCE AND ALLOW CLAIMS)

Upon the four hundred forty-eighth objection to claims, dated December 20, 2013 [ECF No. 41662] (the "Four Hundred Forty-Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and the Bankruptcy Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to disallow and expunge the No Liability Claims, as more fully described in the Four Hundred Forty-Eighth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Forty-Eighth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Four Hundred Forty-Eighth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Four Hundred Forty-Eighth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Forty-Eighth Omnibus Objection to Claims.

ORDERED that the relief requested in the Four Hundred Forty-Eighth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each No Liability Claim listed on Exhibit 1 annexed hereto is disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A to the Four Hundred Forty-Eighth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto, and (ii) any claim listed on Exhibit A annexed to the Four Hundred Forty-Eighth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed to the *Order Granting Four Hundred Forty-Eighth Omnibus Objection to Claims (No Liability Claims)* [ECF No. 42412]; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
          New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44434198\1\58399.0011

# Exhibit 1

**IN RE: LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 448: EXHIBIT 1 - NO LIABILITY**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | U.S. BANK NATIONAL ASSOCIATION* | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 33069 | Undetermined | Undetermined | LBHI has no liability to the Trustee, under the Pooling and Servicing Agreement or the Sale Agreement (as such term is defined in Claim #33069). |
| | *Subsequent to the filing of the Four Hundred Forty-Eighth Omnibus Objection, Claim No. 33069 was transferred to U.S. Bank National Association. | | | | | | | |
| 2 | WELLS FARGO BANK, NA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24841 | Undetermined | Undetermined | LBHI has no liability to Wells Fargo Bank, N.A., as Trustee, under the Pooling and Servicing Agreement or the Sale Agreement (as such term is defined in Claim #24841). |
| | | | | TOTAL | | $0.00 | $0.00 | |

**EXHIBIT B**
**(Proposed Order – ECF No. 42104)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
In re                                                    :          **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,             :          **08-13555 (SCC)**
                                                         :
                              **Debtors.**               :          **(Jointly Administered)**
--------------------------------------------------------------------x

## ORDER GRANTING THE FOUR HUNDRED FIFTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the four hundred fifty-fourth omnibus objection to claims, dated

January 17, 2014 (the "Four Hundred Fifty-Fourth Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 502(b)

of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for

the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures

Order"), seeking to reduce and allow the Valued Derivative Claims, as more fully

described in the Four Hundred Fifty-Fourth Omnibus Objection to Claims; and due and

proper notice of the Four Hundred Fifty-Fourth Omnibus Objection to Claims having

been provided to (i) the United States Trustee for Region 2; (ii) the Securities and

Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney

for the Southern District of New York; (v) the claimants listed on Exhibit A attached to

the Four Hundred Fifty-Fourth Omnibus Objection to Claims; and (vi) all other parties

---

[1]      Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed
to such terms in the Four Hundred Fifty-Fourth Omnibus Objection to Claims.

entitled to notice in accordance with the procedures set forth in the second amended order

entered on June 17, 2010 governing case management and administrative procedures for

these cases [Docket No. 9653]; and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Four

Hundred Fifty-Fourth Omnibus Objection to Claims is in the best interests of the Chapter

11 Estates, their creditors, and all parties in interest and that the legal and factual bases

set forth in the Four Hundred Fifty-Fourth Omnibus Objection to Claims establish just

cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefore, it is

ORDERED that the relief requested in the Four Hundred Fifty-Fourth

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1

annexed hereto is hereby (i) modified and allowed in the amount set forth on Exhibit 1 in

the row "Claim As Modified" and (ii) any asserted amount in excess of the modified

amount is disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to any claim listed on Exhibit A to the Four

Hundred Fifty-Fourth Omnibus Objection to Claims that does not appear on Exhibit 1

annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

US_ACTIVE:\44407314\2\58399.0011

Dated: _____, 2014
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44407314\2\58399.0011

# Exhibit 1

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 454: EXHIBIT 1 - VALUED DERIVATIVE CLAIMS**

| | NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 1 | RELIASTAR LIFE INSURANCE COMPANY | 11313 | 9/10/09 | Lehman Brothers OTC Derivatives Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $203,695.25 | | $203,695.25 |
| | | | | **CLAIM AS MODIFIED** | | | | **$202,680.68** | | **$202,680.68** |
| 2 | RELIASTAR LIFE INSURANCE COMPANY | 11314 | 9/10/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $203,695.25 | | $203,695.25 |
| | | | | **CLAIM AS MODIFIED** | | | | **$202,680.68** | | **$202,680.68** |
| 3 | RELIASTAR LIFE INSURANCE COMPANY | 12463 | 9/14/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $16,137.00 | | $16,137.00 |
| | | | | **CLAIM AS MODIFIED** | | | | **$14,921.05** | | **$14,921.05** |
| 4 | RELIASTAR LIFE INSURANCE COMPANY OF NEW YORK | 12462 | 9/14/09 | Lehman Brothers OTC Derivatives Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $16,137.00 | | $16,137.00 |
| | | | | **CLAIM AS MODIFIED** | | | | **$14,921.05** | | **$14,921.05** |
| 5 | SECURITY LIFE OF DENVER INSURANCE COMPANY | 11319 | 9/10/09 | Lehman Brothers OTC Derivatives Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $18,873.43 | | $18,873.43 |
| | | | | **CLAIM AS MODIFIED** | | | | **$18,779.43** | | **$18,779.43** |
| 6 | SECURITY LIFE OF DENVER INSURANCE COMPANY | 11320 | 9/10/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $18,873.43 | | $18,873.43 |
| | | | | **CLAIM AS MODIFIED** | | | | **$18,779.43** | | **$18,779.43** |
| 7 | U.S. BANK NATIONAL ASSOCIATION | 31035 | 9/22/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $52,038.25 | | $52,038.25* |
| | | | | **CLAIM AS MODIFIED** | | | | **$52,038.25** | | **$52,038.25** |
| 8 | U.S. BANK NATIONAL ASSOCIATION | 31051 | 9/22/09 | Lehman Brothers Special Financing Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $52,038.25 | | $52,038.25* |
| | | | | **CLAIM AS MODIFIED** | | | | **$52,038.25** | | **$52,038.25** |

* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 454: EXHIBIT 1 - VALUED DERIVATIVE CLAIMS**

| NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|------|---------|------------|-------------|---------|---|---|---|---|---|
| | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| | | | TOTAL ASSERTED | $0.00 | $0.00 | $0.00 | $581,487.86 | $0.00 | $581,487.86 |
| | | | TOTAL NOT SUBJECT TO OBJECTION | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | TOTAL SUBJECT TO OBJECTION | 0.00 | 0.00 | 0.00 | 581,487.86 | 0.00 | 581,487.86 |
| | | | **TOTAL CLAIM AS MODIFIED** | $0.00 | $0.00 | $0.00 | $576,838.82 | $0.00 | $576,838.82 |

* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT C**
**(Proposed Order – ECF No. 42105)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :          **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,             :          **08-13555 (SCC)**
                                                         :
                        **Debtors.**                     :          **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING THE FOUR HUNDRED FIFTY-FIFTH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the four hundred fifty-fifth omnibus objection to claims, dated January 17, 2014 (the "Four Hundred Fifty-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (ECF No. 6664) (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims, all as more fully described in the Four Hundred Fifty-Fifth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Fifty-Fifth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Fifty-Fifth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Fifty-Fifth Omnibus Objection to Claims establish just cause

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Fifty-Fifth Omnibus Objection to Claims.

for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Four Hundred Fifty-Fifth Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and expunged with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Four Hundred Fifty-Fifth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 455: EXHIBIT 1 - NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | ACORN PARTNERS, LP | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27121 | Undetermined | Undetermined | Claim 27121 is a protective claim pursuant to which claimant alleges that it has no liability to LBHI in connection with a litigation between LBHI and certain third parties, Adv. Pro. No. 09-01062.  Claimant is not a party to such litigation, and, in any event, the litigation has been settled.  LBHI is not liable to claimant in connection with such litigation or any other matters referenced in the proof of claim. |
| 2 | BARRIOS, ROSALINDA; AN INDIVIDUAL | 09-10137 (JMP) | BNC Mortgage LLC | 09/20/2010 | 67087 | $250,000.00 | $250,000.00 | Claim 67087 is filed against BNC for claims asserted in a complaint  (a copy of which is attached to the proof of claim) filed by claimant against BNC and certain third parties in the Superior Court of the State of California.  The claim primarily alleges wrongdoing in connection with a foreclosure proceeding that was conducted on or about August 25, 2009.  BNC was not involved in the foreclosure proceeding because on June 29, 2009, BNC had assigned all of its rights and interest in the subject premises, loan and deed of trust securing the loan.  Moreover, BNC also has no liability with respect to claimant's remaining allegations pertaining to the negotiations and origination of the loan because such allegations:  (i) concern wrongdoing committed by individuals and entities other than and unaffiliated with BNC, or is otherwise unspecified as to BNC; (ii) BNC did not have a fiduciary relationship with claimant; and (iii) claimant's factual averments and conclusory allegations do not allege any wrongdoing by BNC or otherwise assert any basis for liability of BNC.  It should be noted that the state court proceeding was commenced by claimant on January 8, 2010, after BNC's petition date, in violation of the automatic stay.  To the extent the claim is not expunged and the complaint is not dismissed as against BNC, BNC reserves all of its rights relating to claimant's automatic stay violation. |
| 3 | CENTRA PARK LLC | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/04/2009 | 65850 | Undetermined | Undetermined | Claim 65850 is a protective claim pursuant to which claimant alleges that it has no liability to LBHI in connection with a litigation between LBHI and certain third parties, Adv. Pro. No. 09-01062.  Claimant is not a party to such litigation, and, in any event, the litigation has been settled.  LBHI is not liable to claimant in connection with such litigation or any other matters referenced in the proof of claim. |

* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 455: EXHIBIT 1 - NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 4 | CHAMPION ENERGY SERVICES, LLP | 08-13885 (JMP) | Lehman Brothers Commodity Services Inc. | 09/22/2009 | 30550 | Undetermined | Undetermined | Claim 30550 is contingent on the possibility that the claimant may have setoff rights on amounts owed under a note issued by claimant and assigned to Lehman Brothers Commodity Services ("LBCS"). LBCS has requested, and the creditor has not provided, any reason to conclude that such setoff rights will accrue. |
| 5 | SEIKALY, RONY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27139 | Undetermined | Undetermined | Claim 27139 is a protective claim pursuant to which claimant alleges that it has no liability to LBHI in connection with a litigation between LBHI and certain third parties, Adv. Pro. No. 09-01062.  Claimant is not a party to such litigation, and, in any event, the litigation has been settled.  LBHI is not liable to claimant in connection with such litigation or any other matters referenced in the proof of claim. |
| | | | | | TOTAL | $250,000.00 | $250,000.00 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT D**
**(Proposed Order – ECF No. 42685)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :    08-13555 (SCC)
                                              :
                              Debtors.        :    (Jointly Administered)
                                              :
                                              :
-------------------------------------------------------------------x

## ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AUTHORIZING AND APPROVING OF A SETTLEMENT WITH THE INTERNAL REVENUE SERVICE

Upon the motion, dated February 10, 2014 (the "Motion"), of Lehman Brothers

Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter

11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to Rule 9019 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization and

approval of a settlement with the Internal Revenue Service, all as more fully described in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein

in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the second

amended order entered June 17, 2010 governing case management and administrative procedures

[ECF No. 9635] to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange

Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern

District of New York; and (v) all parties who have requested notice in these chapter 11 cases,

and it appearing that no other or further notice need be provided; and a hearing (the "Hearing")

having been held to consider the relief requested in the Motion; and the Court having found and

determined that the relief sought in the Motion is in the best interests of LBHI, the Chapter 11

Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to Bankruptcy Rule 9019, the compromises and

settlements described in the Motion are approved; and it is further

ORDERED that pursuant to Bankruptcy Rule 9019, the Settlement Framework[1] is

approved and LBHI is duly authorized to execute, deliver, implement and fully perform any and

all obligations, instruments, documents and papers and to take any and all actions reasonably

necessary or appropriate to consummate the Settlement Framework and perform any and all

obligations contemplated therein; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(h) are waived and the

terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good

and sufficient notice of such Motion; and it is further

---

[1] Capitalized terms not otherwise defined herein should have the meaning ascribed to them in the Motion.

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

Dated: _____, 2014
      New York, New York

                               _____
                               UNITED STATES BANKRUPTCY JUDGE