Patrick L. Hayden
Shawn R. Fox
McGuireWoods LLP
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105-0106
Telephone: (212) 548-2100
Facsimile: (212) 548-2150
phayden@mcguirewoods.com
sfox@mcguirewoods.com

Counsel for Commonwealth of Virginia
Tobacco Settlement Financing Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.* | : | **08-13555 (SCC)** |
| Debtors. | : | (Jointly Administered) |

**RESPONSE OF COMMONWEALTH OF VIRGINIA TOBACCO
SETTLEMENT FINANCING CORPORATION TO PLAN ADMINISTRATOR'S
FOUR HUNDRED THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS
(NO LIABILITY DERIVATIVES CLAIMS) (CLAIM NOS. 17407 AND 17417))**

The Commonwealth of Virginia Tobacco Settlement Financing Corporation ("Virginia Tobacco"), by and through its undersigned counsel, hereby submits its response (the "Response") to the Four Hundred Thirty-Second Omnibus Objection to Claims (No Liability Derivatives Claims) [Docket No. 39570] (the "Objection"[1]). In support of this Response, Virginia Tobacco respectfully states as follows:

**BACKGROUND**

1. On May 26, 2005, Virginia Tobacco entered into a certain Reserve Fund Agreement (as amended, the "Reserve Fund Agreement") by and among Virginia

---
[1] Capitalized terms used, but not defined herein, shall have the meanings ascribed them in the Objection.

Tobacco, The Bank of New York Trust Company, N.A., as trustee, and Lehman Brothers Special Financing Inc. ("LBSF"). A copy of the Reserve Fund Agreement was attached to the Proofs of Claim (defined below).

2. On May 3, 2007, Virginia Tobacco, The Bank of New York Trust Company, N.A., as trustee, and LBSF entered into that certain Amendment Agreement, which amended the Reserve Fund Agreement.

3. As required by the Reserve Fund Agreement, Lehman Brothers Holdings Inc. ("LBHI") guaranteed LBSF's obligations to Virginia Tobacco under the Reserve Fund Agreement pursuant to that certain Guarantee of Lehman Brothers Holdings Inc. dated May 3, 2007.

4. On September 15, 2008, LBHI filed a voluntary petition under chapter 11 of the Bankruptcy Code. On October 3, 2008, LBSF filed a voluntary petition under chapter 11 of the Bankruptcy Code. LBHI and LBSF's bankruptcy filings were events of default under the Reserve Fund Agreement. Due to these defaults, Virginia Tobacco terminated the Reserve Fund Agreement.

5. The termination amount, calculated in accordance with the terms of the Reserve Fund Agreement, is $14,469,694.67 (the "Termination Amount"), which is owed by LBSF (and by LBHI as guarantor of LBSF's obligations under the Reserve Fund Agreement) to Virginia Tobacco. Virginia Tobacco's independent financial advisor calculated the Termination Amount, which calculation is supported by a termination valuation report prepared by Virginia Tobacco's independent financial advisor. The termination valuation report was provided to LBSF and LBHI in the Questionnaires (defined below).

6. Virginia Tobacco's determination of the Termination Amount owed under the Reserve Fund Agreement is "conclusive and binding" absent "manifest error." Reserve Fund Agreement, p. 5 (definition of Termination Amount).

7. On July 2, 2009, the Bankruptcy Court entered the Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "Bar Date Order").

8. Pursuant to the Bar Date Order, Virginia Tobacco filed proof of claim number 17417 against LBSF (the "Primary Claim") on account of the Reserve Fund Agreement, including the Termination Amount and certain unliquidated costs incurred by Virginia Tobacco, including, but not limited to, legal fees. Pursuant to the Bar Date Order, Virginia Tobacco also filed proof of claim number 17407 against LBHI (the "Guarantee Claim," and with the Primary Claim, the "Proofs of Claim") on account of LBHI's guarantee of LBSF's obligations under the Reserve Fund Agreement.

9. Virginia Tobacco also submitted a derivative questionnaire with respect to the Primary Claim (the "Primary Claim Questionnaire") and a guarantee and derivative questionnaire with respect to the Guarantee Claim (the "Guarantee Claim Questionnaire" and, together with the Primary Claim Questionnaire, the "Questionnaires") all in accordance with the Bar Date Order.

10. Each of the Proofs of Claim and the Questionnaires were filed in advance of the deadlines for filing such documents set by the Bar Date Order and provided all of the necessary information to establish the validity of the Proofs of Claim under the Bar Date Order, the Questionnaire framework, and Federal Rule of Bankruptcy Procedure 3001.

11. On August 20, 2013, the Plan Administrator filed the Objection seeking to disallow and expunge the Proofs of Claim. The Plan Administrator did not allege in the Objection that Virginia Tobacco's determination of the Termination Amount was manifest error. Instead, the Plan Administrator merely stated, without providing any evidence, that "the Plan Administrator has determined that, based on the fair, accurate, and reasonable values of the subject Derivatives Contracts and the netting provisions thereunder, the Chapter 11 Estates do not owe any amounts to the claimants but rather, in most cases, the respective claimants actually owe money to the Chapter 11 Estates." Objection ¶ 2; see also Id. at ¶ 13.[2] No evidence regarding the Plan Administrator's asserted disallowance and expungement of the Proofs of Claim is provided in the Objection.

12. Subsequent to the filing of the Objection, representatives of the Plan Administrator and Virginia Tobacco had discussions regarding the Proofs of Claim. The Plan Administrator and Virginia Tobacco, however, have not resolved the Objection to the Proofs of Claim.

13. By agreement, the Plan Administrator extended Virginia Tobacco's time to respond to the Objection through February 27, 2014.

**RESPONSE**

14. A proof of claim filed in accordance with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") constitutes prima facie evidence of the validity of that proof of claim. Fed. R. Bankr. P. 3001(f); see In re DJK Residential LLC, 416 B.R.

---

[2] The Objection further states that "in certain instances, the Chapter 11 Estates assumed the subject Derivative Contracts pursuant to the Plan. In such instances, the Chapter 11 Estates are responsible for amounts that may become due under such contracts after their assumption, and the prepetition No Liability Derivatives Claims are moot." However, LBSF and Virginia Tobacco previously agreed that the Reserve Funding Agreement was terminated in 2009 and was not assumed by the Chapter 11 Estates.

4

100, 104 (Bankr. S.D.N.Y. 2009); In re Oneida, Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Alper Holdings USA, 2008 Bankr. LEXIS 86 at *9 (Bankr. S.D.N.Y. Jan. 15, 2008); In re MarketXT Holdings Corp., 2007 Bankr. LEXIS 740 at *17 n.8 (Bankr. S.D.N.Y. 2007); In re Adelphia Communications Corp., 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

15.    If a party in interest objects to a proof of claim, the burden is on that objector to produce sufficient evidence to overcome the prima facie validity of the filed claim. In re Alper Holdings USA, 2008 Bankr. LEXIS 86 at *9; In re Adelphia Communications Corp., 2007 Bankr. LEXIS 660 * 15. The burden of proof regarding the validity and/or amount of a validly filed proof of claim only shifts to the claimant when the objector meets its burden of proof by providing sufficient evidence to overcome the prima facie validity of the proof of claim. Id. Thus, the burden rests on the objector to "bear[] the initial burden of persuasion" and to "offer[] sufficient evidence to overcome the prima facie validity of the claim." Id.

16.    The Plan Administrator has not disputed that Virginia Tobacco properly filed the Proofs of Claim or the Questionnaires in accordance with Bar Date Order and the Bankruptcy Rules. Virginia Tobacco provided extensive evidence in support of the validly filed Proofs of Claim in the exhibits thereto and in the Questionnaires. Moreover, Virginia Tobacco determined the Termination Amount in accordance with the terms of the Reserve Fund Agreement and the Plan Administrator has not asserted that there was manifest error in the determination of the Termination Amount, which is required under

the Reserve Fund Agreement.  Thus, the Proofs of Claim are prima facie valid and have been sufficiently asserted to support their allowance.

17.    In direct contrast to the extensive evidence provided by Virginia Tobacco, the Plan Administrator has failed to provide any evidence to support its Objection, establish manifest error in the calculation of the Termination Amount or to otherwise dispute the validity or amount of the Proofs of Claim.  Instead, the Plan Administrator summarily states "that a fair, accurate, and reasonable valuation of the No Liability Derivatives Claims demonstrates that the Chapter 11 Estates do not owe any of the claimants money and that either no amounts are owed to either party or the claimant in fact owes the Chapter 11 Estates money."  Objection ¶ 16.

18.    An objector cannot meet its high burden of proof and persuasion to overcome the prima facie validity of a proof of claim by merely stating that the objector believes a fair valuation of the claim would permit its disallowance.  See In re Jensen, 2010 Bankr. LEXIS 229, *7-8 (Bankr. S.D.N.Y. 2010); see also DJK Residential, 416 B.R. at 104; Alper Holdings USA, 2008 Bankr. LEXIS 86 at *10.  This is especially true in this case where the Bar Date Order and Questionnaire framework required extensive evidence far in excess of that generally required in a bankruptcy case to be submitted.  Moreover, the contract on which the Proofs of Claim are based requires a showing of manifest error in the determination of the Termination Amount for Virginia Tobacco's calculation of that amount to be altered.

19.    The Plan Administrator's unsubstantiated assertions and vague explanations as to why the Proofs of Claim should be disallowed and expunged are, therefore, wholly insufficient to overcome its high burden of proof regarding the validity

of the Proofs of Claim and nothing in the Objection provides a sufficient basis for the Court to reduce or disallow the Proofs of Claims or to shift the burden of proof regarding the Proofs of Claim to Virginia Tobacco. Accordingly, the Court should overrule the Objection.

20.    Virginia Tobacco reserves all rights with respect to the Proofs of Claim under applicable law and procedural rules, including, without limitation, the right to amend or supplement this response, seek discovery and to request a full evidentiary hearing pursuant to Rule 9014(e) of the Federal Rules of Bankruptcy Procedure and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the proper amount of the Proofs of Claim.

## CONCLUSION

WHEREFORE, Virginia Tobacco respectfully requests that the Court (i) overrule the Objection and allow the Proofs of Claim in full, and (ii) grant Virginia Tobacco such further relief as the Bankruptcy Court deems just and proper.

Dated:  February 26, 2014                McGUIREWOODS LLP

*/s/Shawn R. Fox*
Patrick L. Hayden
Shawn R. Fox
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105
Telephone:  (212) 548-2100
Facsimile:  (212) 548-2150

Attorneys for The Commonwealth of Virginia Tobacco Settlement Financing Corporation

/51158248.1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | : x : : | Chapter 11 Case No. |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | : : | 08-13555 (SCC) |
| Debtors. | : : : x | (Jointly Administered) |

## CERTIFICATE OF SERVICE

  I, Shawn R. Fox, hereby certify that, on February 26, 2014, I caused the Response of the Commonwealth of Virginia Tobacco Settlement Financing Corporation to the Four Hundred Thirty-Second Omnibus Objection to Claims (No Liability Derivatives Claims) [Docket No. 39570] to be served by Federal Express Overnight Delivery and Email as set forth below:

Chambers of the Honorable Shely C. Chapman
One Bowling Green,
Sixth Floor
New York, New York 10004

Weil, Gotshal & Manges LLP,
767 Fifth Avenue
New York, New York 10153
Attn: Robert J. Lemons, Esq. and Lee J. Goldberg, Esq.
robert.lemons@weil.gom
lee.goldberg@weil.com

Office of the United States Trustee for Region 2
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, New York 10014
Attn: Tracy Hope Davis, Esq., Susan Golden, Esq.,
and Andrea B. Schwartz, Esq.

                S/Shawn R. Fox