FORM 254-Subpoena in for Rule 2004 Examination (12/06)

# United States Bankruptcy Court

Southern _____ DISTRICT OF _____ New York

In re Lehman Brothers Holdings Inc., et al.,

                    **SUBPOENA FOR RULE 2004 EXAMINATION**

                    Debtor

Case No. 08-13555(JMP) _____

To: STONEHILL INSTITUTIONAL PARTNERS, LP          Chapter 11 _____
C/O STONEHILL CAPITAL MANAGEMENT LLC
ATTN: PAUL D. MALEK, ESQ.
885 THIRD AVE., 30TH FLOOR
NEW YORK, NY 10022

☐ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Fed. R. Bankr. P., at the place, date, and time specified below, by an individual or individual(s) with knowledge of the matters and documents set forth in Exhibit A Attached Hereto. A copy of the court order authorizing the examination is also attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below.

Documents and Interrogatories Requested By Exhibit A Attached Hereto

| PLACE                          | DATE AND TIME                              |
|--------------------------------|--------------------------------------------|
| Weil, Gotshal & Manges LLP     | December 19, 2012 at 10:00 A.M. (EST)      |
| 767 Fifth Avenue               |                                            |
| New York, New York 10153       |                                            |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE              |
|-------------------------------------|-------------------|
|                                     | November 16, 2012 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert J. Lemons, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153; (212) 310-8924

FORM 254 Subpoena in for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

| | Date | Place |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:.

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause

(c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not

use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

Questions concerning this Subpoena should be directed to:

M. Jarrad Wright
Weil, Gotshal & Manges LLP
1300 Eye Street N.W.
Suite 900
Washington, D.C. 20005
(202) 682-7058
jarrad.wright@weil.com

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

## DEFINITIONS

1.      The terms "and" and "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of each request all documents which might otherwise be considered to be outside of that scope.

2.      The word "each" shall mean both "each" and "every," and the word "every" shall mean both "each" and "every," as appropriate, in order to bring within the scope of each request documents which might otherwise be beyond its scope.

3.      Reference to any entity, including, but not limited to, a Lehman Entity or any other corporation, limited liability company, or limited or general partnership, includes (i) any predecessor or predecessor-in-interest, successor, division, parent, affiliate, or wholly- or partially-owned subsidiary of the entity specified, where applicable, and (ii) any officer, shareholder, director, partner, agent, member, managing member, representative, employee, or other person acting on behalf of the entity specified.

4.      "Ancillary Prime Brokerage Agreements" shall mean each agreement between You or a Prior Holder and a Lehman Entity, whether signed or unsigned, written or oral, which relates to the Prime Brokerage Agreements, including, but not limited to, each agreement that facilitates or supports any rights or obligations created by, or any actions taken pursuant to, the Prime Brokerage Agreements.

5.      "Applicable Prime Brokerage Agreements" shall mean the Prime Brokerage Agreements and/or the Ancillary Prime Brokerage Agreements that give rise or relate to Your Prime Brokerage Claims.

6.      "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Southern District of New York.

7.      "Chapter 11 Cases" shall mean the cases under chapter 11 of title 11 of the United States Code pending before the Bankruptcy Court captioned, *In re Lehman Brothers Holdings Inc.*, *et al.*, Case No. 08-13555 (JMP) (Jointly Administered).

8.      "Chapter 11 Prime Brokerage Claim" shall mean each Claim held or asserted by You in the Chapter 11 Cases that purportedly arises from or relates to the Prime Brokerage Agreements or the Ancillary Prime Brokerage Agreements, including, but not limited to, the following Claims: 19890, 19891, 19893, 19894, 19900, 19902, 19907, 19909, 19910, 19916, 19917, 19918 19919, 19920, 19921, 20023, 20024, 20025, 20026, & 20027.

9.      "Claim" shall mean (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

10.     "Commencement Date" shall mean September 15, 2008.

11.     "Concerning" shall have the meaning set forth in Southern District of New York Local Civil Rule 26.3(c)(7).

12.     "Stonehill Institutional Partners, LP," "You," and "Your" shall mean Stonehill Institutional Partners, LP and any person acting on its behalf or under its control, including any of its agents, subsidiaries, affiliates, predecessors, successors, or representatives.

13.    "Debtors" shall mean, collectively, LBHI and its affiliates in the Chapter

11 Cases. "Debtor" refers to any individual or singular entity within the group of Debtors.

14.    "Document" or "documents" is defined to be synonymous in meaning and

equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and includes,

without limitation, reports, correspondence, minutes, emails, instant messages, spreadsheets,

memoranda, notes and all other writings, Bloomberg screenshots, drawings, graphs, charts,

photographs, sound recordings and electronic or computerized data compilations from which

information can be obtained and/or translated, if necessary, through electronic detection devices

into reasonably usable form. A draft or non-identical copy is a separate document within the

meaning of this term.

15.    "Identify," with respect to any Individuals, shall be defined as set forth in

Local Civil Rule 26.3 and shall mean to state, to the extent known, the following; (i) the person's

full name; (ii) the present or last known business address and telephone number; and, (iii) when

referring to a natural person, additionally, (a) the present or last known place of employment and

telephone number, and (b) the job title or position held at the last known place of employment.

16.    "Individual" shall mean and include all natural persons and all entities,

governmental units, partnerships, firms, corporations, associations, joint ventures, any other form

of business organization or arrangement, or any form of public, private, or legal entity.

17.    "LBIE Insolvency Proceeding" shall mean the English administration

proceeding, pursuant to the English Insolvency Act of 1968, of Lehman Brothers International

(Europe) – in Administration.

18.    "LBIE Insolvency Proceeding Prime Brokerage Claim" shall mean each Claim held or asserted by You in the LBIE Insolvency Proceeding that purportedly arises from or relates to the Prime Brokerage Agreements or the Ancillary Prime Brokerage Agreements.

19.    "LBHI" shall mean Lehman Brothers Holdings Inc.

20.    "Lehman Entities" shall mean, collectively, LBHI and each of its present and former, direct and indirect subsidiaries and affiliates, whether domestic or foreign, and any special purpose vehicles established or sponsored by any of them. "Lehman Entity" refers to any individual or singular entity within the group of Lehman Entities.

21.    "Prime Brokerage Agreements" shall mean each agreement between You or a Prior Holder and a Lehman Entity, whether signed or unsigned, written or oral, which permits a Lehman Entity to act as a prime broker for You or a Prior Holder or otherwise provides that a Lehman Entity may settle or facilitate securities transactions for You or a Prior Holder.

22.    "Prime Brokerage Claim" shall mean each Chapter 11 Prime Brokerage Claim, LBIE Insolvency Proceeding Prime Brokerage Claim, and/or SIPA Proceeding Prime Brokerage Claim. "Prime Brokerage Claims" shall mean all Chapter 11 Prime Brokerage Claims, LBIE Insolvency Proceeding Prime Brokerage Claims, and/or SIPA Proceeding Prime Brokerage Claims.

23.    "Prior Holder" shall mean each entity that previously held a Chapter 11 Prime Brokerage Claim, including, but not limited to, each entity other than You that entered into one or more financial arrangements with a Lehman Entity and which arrangements give rise to Your assertion of a Chapter 11 Prime Brokerage Claim.

24.     "SIPA Proceeding" shall mean the proceeding under the Securities

Investor Protection Act of 1970, which is pending before the Bankruptcy Court and is captioned

*In re Lehman Brothers Inc.,* Case No. 08-01420 (JMP) SIPA.

25.     "SIPA Proceeding Prime Brokerage Claim" shall mean each Claim held or

asserted by You in the SIPA Proceeding that purportedly arises from or relates to the Prime

Brokerage Agreements or the Ancillary Prime Brokerage Agreements.

26.     "Third Party" shall mean each person or entity that is not You or a Prior

Holder.

## INSTRUCTIONS FOR REQUESTS FOR PRODUCTION

1.     The following Instructions apply to each request set forth herein.  Each

request seeks production of each Document, in its entirety, without abbreviation or expurgation,

that is responsive to such request and all drafts and non-identical copies of each Document that is

responsive to such request.

2.     If any Document requested herein was formerly in Your or a Prior

Holder's possession, custody, or control (or that of Your or a Prior Holder's representative) and

has been lost or destroyed or otherwise disposed of, You are requested to submit in lieu of any

such Document a written statement (a) describing in detail the nature of the Document and its

contents, (b) identifying the person(s) who prepared or authored the Document and, if applicable,

the person(s) to whom the Document was sent, (c) specifying the date on which the Document

was prepared or transmitted, and (d) specifying the date on which the Document was lost or

destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s)

requesting and performing the destruction.

3.    If any Document requested herein is withheld on the basis of any claim of privilege, you are requested to submit, in lieu of any such Document, a written statement (a) identifying the person(s) who prepared or authored the Document, and, if applicable, the person(s) to whom the Document was sent or shown, (b) specifying the date on which the Document was prepared or transmitted, (c) describing the nature of the Document (e.g., letter, electronic mail, etc.), (d) stating briefly why the Document is claimed to be privileged or to constitute work product, and (e) identifying the paragraph of this request to which the Document relates.

4.    If a portion of an otherwise responsive Document contains information subject to a claim of privilege, those portions of the Document subject to the claim of privilege shall be deleted or redacted from the Document, the instructions in the preceding paragraph shall be applicable, and the rest of the Document shall be produced.

5.    All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in this request. The method for production of each category is to be identified at the time of production. Documents are to be produced in full and unexpurgated form.

6.    Each page of each document should be numbered consecutively. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments (including email attachments) to the document in addition to the document itself.

7.    Documents attached to each other (physically or via electronic mail) should not be separated.

8.      In producing the requested documents, even though the requests are directed to "You," You shall furnish all documents which are available to You, including documents in the possession, custody or control of any of Your officers, directors, employees, agents, attorneys, investigators, accountants or consultants and not merely such documents in Your possession.

9.      The requests which follow are to be regarded as continuing.  Stonehill Institutional Partners, LP is requested to provide by the way of supplementary compliance herewith, such additional documents as Stonehill Institutional Partners, LP may hereafter obtain, which will augment the documents now produced in response to the requests below.  Such additional documents are to be produced at the offices of Weil, Gotshal & Manges LLP promptly after receipt thereof.

10.     At a future date, LBHI may request the production of additional documents based on information revealed during this document request.

11.     At a future date, LBHI may request to depose individuals or entity representatives based on information revealed during this document request.

## REQUESTS FOR PRODUCTION

REQUEST NO. 1

All Documents that evidence or support each LBIE Insolvency Proceeding Prime Brokerage Claim or SIPA Proceeding Prime Brokerage Claim.

REQUEST NO. 2

All Documents that evidence or support each Chapter 11 Prime Brokerage Claim, including, but not limited to, all Documents concerning Your or a Prior Holder's intent or understanding that a Debtor (a) would be bound to undertake any obligations under the Applicable Prime Brokerage Agreements, including, but not limited to, the obligation to act as prime broker or otherwise provide prime brokerage services, or (b) could incur any liability under the Applicable Prime Brokerage Agreements to You or a Prior Holder.

REQUEST NO. 3

All Documents that evidence or support each request or demand (other than a Prime Brokerage Claim) sent or submitted to any Individual for payment of the amounts requested in a Prime Brokerage Claim or for return of securities referenced in a Prime Brokerage Claim.

REQUEST NO. 4

All Documents concerning the recognition, classification, allowance, rejection, or disallowance of, and any potential or realized recoveries on, each LBIE Insolvency Proceeding Prime Brokerage Claim or SIPA Proceeding Prime Brokerage Claim.

REQUEST NO. 5

All Documents concerning the recognition, classification, allowance, rejection, or disallowance of, and any potential or realized recoveries on, each request or demand (other than a Prime Brokerage Claim) sent or submitted to any Individual for payment of the amounts requested in a Prime Brokerage Claim or for return of securities referenced in a Prime Brokerage Claim.

REQUEST NO. 6

All Documents concerning or evidencing the identities of the Individuals which have held, possessed, or controlled cash or securities related to Your Prime Brokerage Claims, including, but not limited to, client brokerage statements and other Documents that identify the trustee, administrator, Lehman Entity, or other Individual, that currently holds, possesses, or controls such cash or securities.

REQUEST NO. 7

All Documents that would support or relate to any assertion or allegation that a Debtor is bound by or to the Applicable Prime Brokerage Agreements, including, but not limited to, Documents concerning or evidencing:

   a. any representations, statements, promises, or manifestations of intent made by a Lehman Entity, prior to the Commencement Date, whether made to You, a Prior Holder, or a Third Party, concerning (a) the authority of a Lehman Entity to act on behalf of a Debtor prior to the Commencement Date, or (b) the authority of a Lehman Entity to bind a Debtor to agreements prior to the Commencement Date; and

   b. Your or a Prior Holder's reliance on the representations, statements, promises, or manifestations of intent described in the foregoing Request No. 7(a).

REQUEST NO. 8

All Documents, other than the Applicable Prime Brokerage Agreements, that would support or relate to any assertion or allegation that a Debtor sanctioned, benefitted from, or took actions pursuant to, the Applicable Prime Brokerage Agreements.

REQUEST NO. 9

All Documents concerning the facts and circumstances surrounding Your or a Prior Holder's entry into the Applicable Prime Brokerage Agreements, including, but not limited to (a) all drafts and versions of the Applicable Prime Brokerage Agreements that are in any way not identical duplicates of each other, whether by nature of notes, markings, copy or blind copy references, or otherwise, and (b) all Documents concerning any meetings, discussions, communications, or negotiations that took place between You or a Prior Holder and a Lehman Entity at or around the time You or a Prior Holder entered into the Applicable Prime Brokerage Agreements.

## INSTRUCTIONS FOR INTERROGATORIES

The following Instructions apply to each interrogatory set forth herein.

1.      Each interrogatory and each subpart of each interrogatory shall be accorded a separate answer. Each answer shall first set forth verbatim the interrogatory to which it is responsive. Interrogatories or subparts thereof shall not be combined for the purpose of supplying a common answer. The answer to an interrogatory or a subpart should not be supplied by referring to the answer to another interrogatory or subpart thereof unless the interrogatory or subpart referred to supplies a complete and accurate answer to the interrogatory or subpart being answered. Unless otherwise expressly provided, each interrogatory shall be construed independently and without reference to any other interrogatory. Limitations in one interrogatory shall not limit another.

2.      If You object to any interrogatory on the grounds that a complete and accurate answer would require disclosure of information protected by privilege, work product protection, or other immunity from disclosure (collectively, "privilege"), answer the interrogatory to the fullest extent possible without disclosure of such information and state (i) the privilege asserted, (ii) the basis for the claim of privilege, (iii) the subject matter of the withheld information, (iv) the parties to the communication, if any, and the employment and title of such parties, and (v) the date of the communication.

3.      The singular form of a word should be read in the plural and vice versa so as to bring within the scope of the interrogatories all information which might otherwise be construed to be outside the scope of the interrogatories. An interrogatory need not specify "all," "any," "each" or "every" to be understood to encompass all relevant items.

4.      The interrogatories are continuing in nature.  Accordingly, if subsequent to serving an answer to any interrogatory or any part thereof, You obtain or otherwise become aware of additional information responsive to such interrogatories, You are obligated to supplement Your answers to these interrogatories pursuant to Federal Rule 26(e) and Bankruptcy Rule 7026.

5.      Unless otherwise specified, the time period to be applied to each interrogatory shall be from one and a half years prior to the earliest date upon which You or a Prior Holder entered into a Prime Brokerage Agreement or Ancillary Prime Brokerage Agreement to the present.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify the following documents by title and date:

    a.  the Applicable Prime Brokerage Agreements that give rise to a Chapter 11 Prime Brokerage Claim;

    b.  the Prime Brokerage Agreements; and

    c.  the Ancillary Prime Brokerage Agreements.

### INTERROGATORY NO. 2

Identify all Individuals who You or the Prior Holders believe were present at, participated in, or have knowledge or information concerning, any meetings, discussions, or communications concerning the negotiations of:

    a.  the Prime Brokerage Agreements; and

    b.  the Ancillary Prime Brokerage Agreements.

INTERROGATORY NO. 3

      Identify all Individuals who You or the Prior Holders believe represented or purported to represent the Lehman Entities at or in any meetings, discussions, or communications concerning the negotiations of:

      a.   the Prime Brokerage Agreements; and

      b.   the Ancillary Prime Brokerage Agreements.

INTERROGATORY NO. 4

      Identify all Individuals who You or the Prior Holders believe have knowledge or information concerning the recognition, classification, allowance, rejection, or disallowance of, and any potential or realized recoveries on:

      a.   each LBIE Insolvency Proceeding Prime Brokerage Claim or SIPA Proceeding Prime Brokerage Claim; and

      b.   each request or demand (other than a Prime Brokerage Claim) sent or submitted to any Individual for payment of the amounts requested in a Prime Brokerage Claim or for return of securities referenced in a Prime Brokerage Claim.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x
                                      :

**In re**                                   :      **Chapter 11 Case No.**
                                        :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :      **08-13555 (JMP)**
                                        :

                 **Debtors.**         :      **(Jointly Administered)**
                                        :

--------------------------------------------------------------x

### ORDER GRANTING THE DEBTORS AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATION OF PERSONS AND ENTITIES

Upon the motion, dated November 4, 2009 (the "Motion"), of Lehman

Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), pursuant

to Rule 2004 of the Federal Rules of Bankruptcy Procedure, for an order authorizing the

Debtors to issue subpoenas for the production of documents and the examination of

persons and entities that have information relevant to the administration of the Debtors'

estates, including without limitation, the Debtors' former employees, lenders, investors,

creditors and counterparties to transactions with Debtors, as more fully set forth in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of

Cases to Bankruptcy Court Judges of the District Court for the Southern District of New

York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due

and proper notice of the Motion having been provided, and it appearing that no other or

further notice need be provided; and the Court having reviewed the Motion; and approval

of the relief requested in the Motion being within the sound discretion of the Court; and

the Court having determined that the relief sought in the Motion is in the best interests of

the Debtors, their creditors and all parties in interest; and the Court having determined

that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and upon all of the proceedings had before the Court and after due

deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, pursuant to Bankruptcy Rule

2004, to issue such subpoenas as may be necessary to compel the production of

documents and the testimony of witnesses in connection with the administration of these

cases; and it is further

ORDERED that, unless otherwise agreed to by the applicable Debtor,

witnesses shall have thirty (30) days from the service of a subpoena to either (1) begin

production on a rolling basis, which production shall be completed prior to the later of

seventy-five (75) days from the service of a subpoena or such other date agreed to by the

Debtor and the witness, to the Debtor of responsive documents requested in the Debtor's

subpoena, other than those documents withheld under a claim of privilege or (2) serve on

the Debtor any objections to the subpoena; and it is further

ORDERED that, if the Debtor and an objecting witness cannot resolve the

objection within ten (10) days following the date such objection is served on the Debtor

(or such later date agreed to by the Debtor and the witness), the witness shall either (i)

produce responsive documents in accordance with this Order or (ii) file the objection

with the Court and promptly schedule a hearing; and it is further

ORDERED that, unless otherwise agreed to by the applicable Debtor, if a

witness withholds any documents from the production based upon a claim of privilege,

such witness is directed to provide counsel for the Debtor with a privilege log, containing

the information required under Bankruptcy Rule 7026, within ten (10) days following the

completion of the production of documents; and it is further

ORDERED that, the witness is directed to submit to oral examination

upon reasonable notice and, absent other agreement with the Debtor, within thirty (30)

days of the date of the service of a deposition subpoena upon such witness (unless such

subpoena is the subject of an objection); and it is further

ORDERED that, nothing herein shall limit the rights of any witness or any

other party under applicable law to object to or oppose any subpoena the Debtors may

serve upon such witness; and it is further

ORDERED that, in accordance with Bankruptcy Rules 2004 and 9016, the

Clerk of this Court shall issue subpoenas, signed, but otherwise in blank, as requested by

the Debtors; and it is further

ORDERED that the Debtors shall serve each subpoena and a copy of this

Order on the party subject to the subpoena, with a copy to (i) the Securities and Exchange

Commission; (ii) the Internal Revenue Service; (iii) the United States Attorney for the

Southern District of New York and (iv) counsel for the party subject to such subpoena

that has appeared in these cases; and it is further

ORDERED that within three (3) days following the service of a subpoena, the Debtors shall file with the Court notice of each subpoena, naming the witness and setting forth the date, time and place of any examination; and it is further

ORDERED that, notwithstanding the request for certain documents or information in a subpoena, witnesses shall not be required to produce to the Debtors any documents or information that have been previously provided to the Debtors by a witness either in connection with the claims filing process or otherwise; and it is further

ORDERED that, the Debtors shall not serve a subpoena pursuant this Order on any party for any documents or information or for an oral examination related to a derivative contract for which such party has received a Derivatives ADR Package pursuant to the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors under Derivatives Contracts* [Docket No. 5207] and such mediation has not yet been terminated by the mediator; and it is further

ORDERED that the Debtors shall file with the Court an affidavit or declaration of service for each subpoena it serves; and it is further

ORDERED that, this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order; and it is further

ORDERED that, this Order is without prejudice to the Debtors' right to

file further motions seeking additional documents and testimony pursuant to Bankruptcy

Rule 2004(a) or any other applicable law.

Dated: New York, New York
        November 23, 2009

                                    _s/ James M. Peck_____
                                    HONORABLE JAMES M. PECK
                                    UNITED STATES BANKRUPTCY JUDGE