**HEARING DATE AND TIME: March 19, 2014 at 10:00 a.m. (Eastern Time)**
**OBJECTION DEADLINE: March 10, 2014 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re : | Chapter 11 Case No. |
| : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.,* : | 08-13555 (SCC) |
| : | |
| Debtors. : | (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF HEARING ON MOTION PURSUANT**
**TO SECTIONS 105(a) AND 1142(b) OF THE BANKRUPTCY CODE TO DEEM**
**LEHMAN BROTHERS HOLDINGS INC.'S SCHEDULE OF LIABILITIES AMENDED**

**PLEASE TAKE NOTICE** that on February 28, 2014, Lehman Brothers Holdings Inc. ("LBHI") as Plan Administrator, under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors filed a motion (the "Motion") seeking to deem amended LBHI's schedule of liabilities, and that a hearing (the "Hearing") to consider the Motion will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 19, 2014, at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by

registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5-inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 621; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq.); and (iii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **March 10, 2014 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Motion, the Plan Administrator may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity

to be heard offered to any party.

Dated: February 28, 2014
       New York, New York

       /s/ Jacqueline Marcus
       Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| **In re** | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : 08-13555 (SCC) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------x

# MOTION PURSUANT TO
## SECTIONS 105(a) AND 1142(b) OF THE BANKRUPTCY CODE TO DEEM
## LEHMAN BROTHERS HOLDINGS INC.'S SCHEDULE OF LIABILITIES AMENDED

## **TABLE Of CONTENTS**

Preliminary Statement ............................................................................................................. 1
Background ............................................................................................................................. 2
Jurisdiction .............................................................................................................................. 3
Relief Requested ..................................................................................................................... 3
The Scheduled Claim .............................................................................................................. 3
Basis for Relief ....................................................................................................................... 4
Notice ...................................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Hosp. & Univ. Prop. Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*,
7 F.3d 32 (2d Cir. 1993) ....................5

*In re Oversight & Control Comm'n of Avanzit, S.A.*,
385 B.R. 525 (Bankr. S.D.N.Y. 2008) ....................5

## Statutes & Rules

11 U.S.C. § 105(a) ....................4, 5

11 U.S.C. § 521....................2

11 U.S.C. § 1142(b) ....................4, 5

28 U.S.C. § 157....................3

28 U.S.C. § 1334....................3

FED. R. BANKR. P. 1015(b) ....................2

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), respectfully represents:

**Preliminary Statement**

1. On January 10, 2014, this Court so ordered a stipulation (ECF No. 41991) (the "Stipulation") between LBHI and Israel Discount Bank Ltd. ("IDB"). The Stipulation authorized, among other things, the setoff by IDB of certain funds in an LBHI bank account at IDB against IDB's share of an allowed scheduled claim related to certain notes (ISIN No. XS0224346592) issued by LBHI (the "Notes") (Schedule No. 555030640) (the "Scheduled Claim"). The Bank of New York, as paying agent for the Notes ("BNY"), is listed as the claimant of record for the Scheduled Claim.

2. In accordance with the Stipulation, IDB provided Euroclear, the international clearing depository through which it held the Notes, with instructions to mark down IDB's portion of the Notes by €4,980,000 in nominal principal amount. The Plan Administrator understands that Euroclear also instructed BNY, as paying agent, with respect to this mark down. The Plan Administrator is working with BNY to effectuate a corresponding mark down of IDB's portion of the Notes in BNY's records. As a result of this mark down, the nominal principal amount of IDB's remaining share of the Notes has been reduced to €20,000.

3. In order to properly account for the settlement with IDB and the mark down of IDB's share of the Notes and ensure that accurate Distributions[1] will be made to the

---

[1] Capitalized terms that are used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

1

beneficial holders of the Notes in accordance with the Plan, the Scheduled Claim must be reduced to reflect the mark down of the portion of the Notes held by IDB that were satisfied pursuant to the Stipulation. The Plan Administrator, therefore, seeks authorization to deem the Schedules as having been amended to reflect the amount of the Scheduled Claim as $2,848,455,358.98—reflecting the mark down of IDB's portion of the Notes by €4,980,000 in nominal principal amount.

4. This limited amendment will not prejudice any party. Because Euroclear has already updated its records to reflect the reduction (and BNY is expected to follow suit shortly), other beneficiaries of the Scheduled Claim will receive the same Distributions that they would have been entitled to absent the Stipulation and the relief requested herein. This limited amendment simply reduces IDB's interest in the Scheduled Claim, which IDB agreed to, and was compensated for, in the Stipulation.

**Background**

5. On September 15, 2008 (the "Commencement Date"), and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. FED. R. BANKR. P. 1015(b).

6. On March 12, 2009, LBHI filed its Schedules of Assets and Liabilities (as subsequently amended, the "Schedules") in accordance with section 521 of the Bankruptcy Code. 11 U.S.C. §521. From time to time, the Schedules have been amended or deemed amended.

2

7. On December 6, 2011, the Court approved and entered an order confirming the Plan (ECF No. 23023). The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to reconcile all claims against the Chapter 11 Estates.

### Jurisdiction

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

### Relief Requested

9. The Plan Administrator requests entry of an order deeming LBHI's Schedule F amended with respect to the Scheduled Claim, as set forth in Exhibit A hereto. The amendment will reduce the Scheduled Claim in LBHI's Schedule F from $2,855,578,929.12 to $2,848,455,358.98, an amount that is consistent with the Stipulation and that reflects the settlement with IDB.

### The Scheduled Claim

10. The Scheduled Claim arises out of amounts owed by LBHI in connection with the Notes. As set forth in Schedule F, the Scheduled Claim was allowed in the amount of $2,855,578,929.12. Distributions have been made on account of the Scheduled Claim on each Distribution Date. There is no indenture trustee with respect to the Notes. Rather, the Plan Administrator understands that Distributions on account of the Scheduled Claim are made through a three-step process. First, the Plan Administrator transfers the Distribution due on a particular Distribution Date on account of the Scheduled Claim to BNY, as paying agent, after having first calculated the pro rata share per €1,000 of nominal principal amount of the Notes. Second, BNY transfers such amount on a pro rata basis to Euroclear and Clearstream, as the two

international clearing depositories for all of the Notes. Third, Euroclear and Clearstream forward the appropriate share of the Distribution to each of their customers that are holders of the Notes.

11. Pursuant to the Stipulation, IDB has instructed Euroclear to update, and Euroclear has already updated, its records to account for the mark down of IDB's share of the Notes.[2] Accordingly, IDB's pro rata share of any future Distributions will be based on the reduced nominal principal amount of its share of the Notes. The deemed modification to the Schedules requested by this Motion is simply intended to reconcile the allowed amount of the Scheduled Claim and the Distributions to be made on account thereof with the Stipulation and IDB's reduced interest in the Notes. Absent the relief requested in this Motion, the Plan Administrator would be subject to double payment on account of IDB's share of the Notes: once pursuant to the setoff authorized by the Stipulation, and again as a result of future Distribution that would be made on the gross amount of the Scheduled Claim. Moreover, beneficiaries of the Scheduled Claim, other than IDB, would receive a windfall in connection with subsequent Distributions because they would receive the pro rata share of such Distributions that they are entitled to in connection with their ownership of the Notes *plus* an additional pro rata share of the portion of IDB's Notes that was marked down on Euroclear's records but not on LBHI's Schedules.

**Basis for Relief**

12. The Court has broad authority, pursuant to sections 105(a) and 1142(b) of the Bankruptcy Code, to issue orders necessary to implement the provisions of the Plan and the Bankruptcy Code. *See* 11 U.S.C. §1142(b) ("The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument

---

[2] BNY is also expected to update its records in the very near term.

required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act . . . that is necessary to the consummation of the plan"); 11 U.S.C. §105(a) ("The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."); *see also Hosp. & Univ. Prop. Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 7 F.3d 32, 34 (2d Cir. 1993) (finding that bankruptcy courts retain post-confirmation jurisdiction to the extent provided by the plan); *In re Oversight & Control Comm'n of Avanzit, S.A.*, 385 B.R. 525, 535 (Bankr. S.D.N.Y. 2008) ("The bankruptcy court retains jurisdiction under 11 U.S.C. §1142(b)… and it has 'continuing responsibilities to satisfy itself that the [p]lan is being properly implemented.'") (internal citations omitted).

13. Granting the relief requested herein is an appropriate use of the Court's authority under sections 105(a) and 1142(b) of the Bankruptcy Code. Requiring the Plan Administrator to employ the traditional process for amending the Schedules merely to reflect the reduction to the Scheduled Claim would be costly and inefficient. Filing an amended schedule would allow creditors to file new or additional claims notwithstanding the limited nature of the proposed amendment and the fact that it has no impact on any other claims against LBHI. The Plan Administrator would then need to evaluate and potentially file and prosecute objections to such claims. In lieu of this cumbersome process, and to ensure that certain creditors do not obtain a windfall at LBHI's expense, the Plan Administrator seeks authority to deem LBHI's Schedule F amended as set forth in Exhibit A, which is required merely as an administrative matter to ensure accurate Distributions under the Plan.

14. As noted above, proceeding by this Motion in no way prejudices the rights of any of the beneficiaries of the Scheduled Claim. The mark down of IDB's share of Notes has already been incorporated into Euroclear's records (and should be reflected in BNY's records

shortly) so each of the beneficiaries of the Scheduled Claim will receive the same pro rata share of any Distribution that it would have received absent the settlement with IDB. IDB has agreed to, and has already been compensated for, the mark down of its portion of the Scheduled Claim.

### Notice

15. The Plan Administrator has served this Motion on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) IDB; (vi) BNY; (vii) Euroclear; and (viii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases (ECF No. 9635). The Plan Administrator submits that no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the Plan Administrator to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: February 28, 2014
       New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and Certain of its Affiliates

**Exhibit A**

08-13555-mg    Doc 43364    Filed 02/28/14    Entered 02/28/14 16:59:07    Main Document
Pg 13 of 19

**Exhibit A**

Schedule 19
Creditors Holding Unsecured Nonpriority Claims
Debt

| Agent / Trustee Name | CUSIP Number | Address 1 | Address 2 | City | State | Zip | Country | Description of Indenture | Contingent | Unliquidated | Disputed | Originally Scheduled Principal Amount Outstanding | Originally Scheduled Accrued Interest (USD) | Originally Scheduled Total Amount | Amended Principal Amount Outstanding | Amended Accrued Interest (USD) | Amended Total Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bank of New York, The | XSO224346592 | One Canada Square | Canary Wharf | London | | E14 5AL | United Kingdom | Plain Vanilla Long Term Debt – 7 YR Floater Benchmark | | | | $2,832,649,885 | $22,929,044.12 | $2,855,578,929.12 | $2,825,583,514 | $22,871,844.98 | $2,848,455,358.98 |

1

## Exhibit B

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                  : Chapter 11 Case No.
                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,               : 08-13555 (SCC)
                                                       :
                              Debtors.                 : (Jointly Administered)
------------------------------------------------------------------x

ORDER PURSUANT TO SECTIONS
105(a) AND 1142(b) OF THE BANKRUPTCY CODE DEEMING
LEHMAN BROTHERS HOLDINGS INC.'S SCHEDULE OF LIABILITIES AMENDED

Upon the motion, dated February 28, 2014 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code (the "Bankruptcy Code") to deem LBHI's Schedule F amended with respect to the Scheduled Claim, all as more fully set forth in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that LBHI's Schedule F shall be deemed amended with respect to the Scheduled Claim as set forth on Exhibit 1 hereto; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

ORDERED that the claims and noticing agent, Epiq Bankruptcy Solutions LLC, is authorized and directed to modify the official claims register as necessary to implement the relief granted in this Order; and it is further

ORDERED that the Plan Administrator is authorized to take any and all actions reasonably necessary or appropriate to effectuate the modification of the Schedules and the reduction of the Scheduled Claim as authorized herein in order to ensure proper Distributions on account of the Scheduled Claim under the Plan; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated:  March__, 2014
    New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

Schedule 19
Creditors Holding Unsecured Nonpriority Claims
Debt

| Agent / Trustee Name | CUSIP Number | Address 1 | Address 2 | City | State | Zip | Country | Description of Indenture | Contingent | Unliquidated | Disputed | Originally Scheduled Principal Amount Outstanding | Originally Scheduled Accrued Interest (USD) | Originally Scheduled Total Amount | Amended Principal Amount Outstanding | Amended Accrued Interest (USD) | Amended Total Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bank of New York, The | XSO224346592 | One Canada Square | Canary Wharf | London | | E14 5AL | United Kingdom | Plain Vanilla Long Term Debt – 7 YR Floater Benchmark | | | | $2,832,649,885 | $22,929,044.12 | $2,855,578,929.12 | $2,825,583,514 | $22,871,844.98 | $2,848,455,358.98 |

1