Gerard Uzzi
Eric K. Stodola
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000
Facsimile:  (212) 822-5670

Attorneys for the Ad Hoc Group
of Lehman Brothers Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x
In re                                               :    Chapter 11 Case No.
                                                    :
**LEHMAN BROTHERS HOLDINGS INC., et al.,**          :    Case No. 08-13555 (SCC)
                                                    :
                        Debtors.                    :    (Jointly Administered)
----------------------------------------------------------------------x

**STATEMENT OF THE AD HOC GROUP OF LEHMAN BROTHERS CREDITORS IN SUPPORT OF THE MOTION OF LEHMAN BROTHERS HOLDINGS INC. PURSUANT TO BANKRUPTCY RULE 9019 FOR APPROVAL OF SETTLEMENT AGREEMENT RESOLVING CLAIM OF DR. H.C. TSCHIRA BETEILIGUNGS GMBH & CO. KG AND KLAUS TSCHIRA STIFTUNG GGMBH**

The Ad Hoc Group of Lehman Brothers Creditors (the "Group")[1], by and through its undersigned counsel, hereby files this statement in support (the "Statement") of the Motion of Lehman Brothers Holdings Inc. ("LBHI") Pursuant to Bankruptcy Rule 9019 for Approval of Settlement Agreement Resolving Claim of Dr. H.C. Tschira Beteiligungs GMBH & Co. KG and Klaus Tschira Stiftung GGMBH (the "Motion") [Docket No. 43309], filed by LBHI in the above-captioned cases. As and for its Statement, the Group respectfully represents as follows:

---

[1] The current members of the Group are Canyon Capital Advisors LLC, Paulson & Co. Inc., and Taconic Capital Advisors L.P. The Group collectively holds in the aggregate approximately $10 billion of claims against LBHI, as well as certain other claims against both Debtor and non-Debtor affiliates of LBHI.

**STATEMENT**

1.    The Group is comprised of a number of significant creditors of LBHI and has been actively involved in these Chapter 11 Cases since nearly their inception.[2] In connection with that involvement, the Group has sought to work constructively with the Debtors and their professionals, including since the effective date of the Plan, to maximize the value of the Debtors' estates and, in particular the estate of LBHI. As a result of these efforts and others, Judge Peck concluded that the Group had made a "substantial contribution" to these Chapter 11 Cases. (Hr'g Transcript 14:10-15, Sept. 19, 2012 [Docket No. 31158] ("I fully accept the proposition that [the Group] made a substantial contribution in the case and I base that not only on my review of your application, but also on the basis of my empirical experience and having sat here through every hearing that this case has had over the last four years.").)

2.    The Group continues to evaluate nearly every material transaction and settlement brought before this Court by the Debtors and, when necessary, discusses the requested relief with Debtors and their professionals. While the Group has sought modifications to the requested relief in a number of prior instances, the Group has, in almost every case, been able to resolve any of its concerns without the need to object. (See, e.g., Statement of the Ad Hoc Group of Lehman Brothers Creditors in Support of Debtors' Motion Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure for Authorization to Settle and Satisfy Corporate Franchise Tax Claims of the New York State Department of Taxation and Finance [Docket No. 16742]; The Ad Hoc Group of Lehman Brothers Creditors' Statement in Support of the Motion of LBHI Pursuant to Sections 105 and 363 of the Bankruptcy Code for Approval of Two Note Purchase Agreements with the Insolvency Administrator of Lehman Brothers AG (in Insolvenz) [Docket No. 15217]; Statement

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

of Ad Hoc Group of Lehman Brothers Creditors Regarding Debtors' Motion for Authorization to Enter Into Certain Management and Related Agreements [Docket No. 8300].) The Group appreciates the Debtors' continued willingness to maintain a constructive relationship with its stakeholders.

3. The Group has also reviewed the instant Motion, pursuant to which LBHI seeks authority to enter into the Settlement Agreement. The most important element of the Settlement Agreement is that it requires Tschira Entities to withdraw the Tschira Appeal and, as a result, the last remaining condition precedent to the effectiveness of the LBF Settlement will be satisfied. (See Motion ¶ 23.) The LBF Settlement provides that, among other things, (i) LBF will assign to LBHI $9.2 billion of claims that LBF has asserted against certain other Lehman affiliates, including approximately $1.1 in cash that LBF has already collected in respect of such claims, (see Motion ¶ 29), (ii) LBF's $15.4 billion of asserted claims against the Debtors will be replaced by an allowed claim against LBHI in the amount of $942 million, (see Motion ¶ 30), and (iii) LBHI will have an allowed (although partially subordinated) claim against LBF in the amount of CHF 9.548875 billion, which would convert if at the rate set forth in the Motion to approximately $8.75 billion, (see Motion ¶ 30). The settlement of the intercompany relationship between LBHI and LBF resolved one of the last significant intercompany disputes remaining since confirmation of the Plan. Here, the failure to settle those claims would have threatened years of cross-border litigation between the U.S. and Swiss estates.

4. The Group submits that the Motion should be granted as soon as possible. The Debtors state that, because of the turnover of $1.1 billion in cash from LBF and the $700 million reduction in reserves corresponding to the reduction in LBF's claims against the Debtors, approximately $1.8 billion will become available to for distribution to creditors as a result of the

LBF Settlement becoming effective. (See Motion ¶ 1.) The Debtors indicate that, if the Motion is approved by March 5, 2014, then the additional $1.8 billion may be included in the next Distribution Date, which is scheduled to occur on April 3, 2014. (Motion ¶ 1.) Importantly, if this amount is not included in the next Distribution Date, the Debtors creditors may be required to wait another six months to receive it. (See Plan § 8.3 (providing for semi-annual distributions).) Avoidance of such delay is a material and substantial benefit to creditors.

5.     Moreover, as the Debtors note, LBF's prepetition role in the Lehman enterprise has made LBF a focal point in the worldwide Lehman insolvency proceedings. (Motion ¶ 32-33.) The effectiveness of the LBF Settlement will provide greater simplicity to such proceedings and promote greater efficiency prospectively, including for the Debtors.

6.     For the foregoing reasons, the Group supports the Motion.

Dated: March 4, 2014
       New York, New York

Respectfully submitted,

MILBANK, TWEED, HADLEY & M$^c$CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Gerard Uzzi
Eric K. Stodola

By: /s/ Gerard Uzzi
     Gerard Uzzi

Attorneys for the Ad Hoc Group
of Lehman Brothers Creditors