Arthur J. Kenney (*Pro Se*)
200 East End Ave., Apt. 5DE
NYC, NY 10128
March 3, 2013

The Honorable Shelly C Chapman
United States Bankruptcy Judge
United States Bankruptcy Court
Alexander Hamilton Customs House
One Bowling Green
New York, New York 10004

Re: <u>In re Lehman Brothers Inc., et al.- Case no. 08-1355 (SCC)</u>
**Claim Number 14069**
**Filed: 9/16/2009**
**Omnibus Objection Seventy-Third: Filed December 7, 2010**
**Response Deadline: Requested before 4:00 p.m. on January 6, 2010\*** (11 months prior to objection filing date)

Dear Judge Chapman,

  I am writing to you as a *Pro Se* claimant to respectfully request your consideration regarding **Claim Number 14069** in the hope you will rectify an error in which I played no part and reinstate this claim as an active claim. The error was not mine but as a result of the error and by default, the claim had been mistakenly *reclassified as equity* because of my allegedly having missed a response deadline.  <u>The response deadline</u> to Omnibus Objection Seventy-Third which had been indicated (01/06/2010) <u>was 11 months prior to the</u> Omnibus Objection Seventy-Third <u>filing-date</u> (12/07/2010).

I am attaching a photocopy of the front-page of the Notice Document, OMNIBUS OBJECTION SEVENTY-THIRD (for the purpose To Reclassify Proofs of Claim As Equity Interests) for your inspection and verification, and will hand- deliver a copy, to counsel for LBHI.   For this reason may I respectfully petition the court to correct this error by reinstating my claim as an active claim.

**Background:**
  I had just concluded 25 years at Lehman Brothers 2 weeks prior to the bankruptcy.  After the bankruptcy filing, facilitating transition of clients to my new employer Barclays required long hours, and since Barclays was a claimant, they offered zero assistance as to how to proceed, and did not even offer referrals to attorneys, so I became a *Pro Se* claimant by default.

  Lehman's required all employees to maintain all their accounts and financial dealings in-house.  I received a flood of correspondence, and dare I say an epic number of mailings from EPIQ.  Multiple mailings were received for claims which I had filed, which I had diligently broken-down by type of claim.  I also received mailings for each investment account domiciled at Lehman- both for individual and joint accounts for each family member, as well as for mutual funds in which may or may not have participated, and saving and retirement plans.  The process has been quite onerous to say the least, compounded by longer hours required to rebuild impaired relationships.

  I have been an active participant throughout this process to which counsels for both sides can attest: by attending hearings; attending several meetings hosted by Weil in their offices; and relaying information to other

*Pro Se*-colleagues. On several occasions, notices of hearings have been received, only to have the hearing postponed, and some have been rescheduled multiple times. One hearing on a claim had postponed several months ago and I have not heard anything further. I can empathize with the difficulty for all involved in undertaking this arduous and monumental endeavor, but this has been an especially onerous process for a *Pro Se* claimant.

**Particulars:**

**Claim Number 14069:** OMNIBUS OBJECTION SEVENTY-THIRD was filed on December 7, 2010 with a response deadline of January 6, 2010. Simply stated, the notice of the Omnibus Objection was given 11-months **after** my response to the Objection was due, or conversely, my response was due 11-months **prior** to the receiving notice of Omnibus Objection Seventy-Third.

In addition to the attached photocopy, I would be happy to provide the original document together with postmarked-envelope as evidence upon request, and at the convenience of the court. I would assume that this document may be available to access electronically.

**In Summation:**

**Claim Number 14069** had been mistakenly been reclassified as equity due to a mistake in which I played no part, and as a result, may I respectfully request that my claim be reinstated as an active claim.

Respectfully submitted,

*[signature: Arthur J. Kenney]*

Arthur J. Kenney

CC: Mr. Ralph I. Miller, of Weil, Gotshal & Manges LLP

*Attachment included

Arthur J. Kenney   200 East End Ave., Apt. 5DE   NYC, NY 10128   (646) 756-5393   olimpiamilano18@gmail.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                                        :    Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                     :    08-13555 (JMP)
                                                             :
                              Debtors.                       :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x

LBH OMNI73 12-07-2010 (MERGE2,TXNUM2) 4000060775 BAR(23) MAIL ID *** 000038527926 *** BSIUSE: 318
KENNEY, ARTHUR J.
200 EAST END AVE, APT 5-DE
NEW YORK, NY 10128

**THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT
AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.**

**IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE OR THE OBJECTION,
PLEASE CONTACT DEBTORS' COUNSEL, BAMBO OBARO, ESQ., AT 650-802-3083.**

**NOTICE OF HEARING ON DEBTORS' SEVENTY-THIRD OMNIBUS
OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

| CLAIM TO BE RECLASSIFIED ||
|---|---|
| **Creditor Name and Address:**<br>KENNEY, ARTHUR J.<br>200 EAST END AVE, APT 5-DE<br>NEW YORK, NY 10128 | **Claim Number:** 14069<br>**Date Filed:** 9/16/2009<br>**Debtor:** 08-13555<br>**Classification and Amount:** UNSECURED: $ 508,410.00 |

PLEASE TAKE NOTICE that, on December 7, 2010, Lehman Brothers Holdings Inc. and certain of its affiliates (collectively, the "Debtors") filed their Seventy-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim As Equity Interests) (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1]

The Objection requests that the Bankruptcy Court reclassify your claim listed above under CLAIM TO BE RECLASSIFIED as common equity interests in Lehman Brothers Holding Inc. ("LBHI"), as said claim is based on ownership of either Restricted Stock Units ("RSUs") and/ or Contingent Stock Awards ("CSAs") and the ownerships of RSUs or CSAs constitutes an equity interest in LBHI but do not constitute a claim against the Debtors' estates. **If the Objection is granted, your claim will be reclassified as an equity interest.**

If you do NOT oppose the reclassification of your claim listed above under CLAIM TO BE RECLASSIFIED then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the reclassification of your claim listed above under CLAIM TO BE RECLASSIFIED, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. Prevailing Eastern Time on January 6, 2010 (the "Response Deadline").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.