B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re: **LEHMAN BROTHERS HOLDINGS INC.,**                                    Case No. **08-13555**

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**Liquidity Solutions, Inc..**                                       **Evans, Marsha Johnson**
Name of Transferee                                                     Name of Transferor

Name and Address where notices to transferee           Court Claim #: **66189**
should be sent:                                                                    Amount of Claim: **$676,666.87**
                                                                                              Date Claim Filed: **01/29/2010**
**Liquidity Solutions, Inc.**
**One University Plaza, Suite 312**
**Hackensack, NJ 07601**

Phone: **(201) 968-0001**                                          Phone: _____
Last Four Digits of Acct #: _____            Last Four Digits of Acct. #: _____

Name and Address where transferee payments
should be sent (if different from above):


Phone: _____
Last Four Digits of Acct #: _____


I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:    /s/Jeff Caress                                                    Date:  2/19/2014
         Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re: **LEHMAN BROTHERS HOLDINGS INC.,**               Case No. **08-13555**

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. **66189** was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on **2/19/2014**.

| | |
|---|---|
| **Liquidity Solutions, Inc.** | **Evans, Marsha Johnson** |
| Name of Alleged Transferee | Name of Transferor |
| | |
| Address of Alleged Transferee: | Address of Transferor: |
| **One University Plaza, Suite 312** | **169 Linkside Cir** |
| **Hackensack, NJ 07601** | **Ponte Vedra, FL 32082-2032** |

**~~DEADLINE TO OBJECT TO TRANSFER~~**

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                                 _____
                                                                                          **CLERK OF THE COURT**

## TRANSFER NOTICE

### Partial Transfer Of Claim Other Than For Security

For value received, Marsha Johnson Evans ("Assignor"), transfers and assigns unto Liquidity Solutions, Inc. with an address at One University Plaza, Suite 312, Hackensack, New Jersey 07601, its successors and assigns ("Assignee"), pursuant to the terms of an ASSIGNMENT OF CLAIM between Assignor and Assignee (the "Agreement"), all of Assignor's right, title and interest in, to and under that claim of Assignor, Proof of Claim number 66189 (the "Claim"), to the extent allowed in part as a Class 7 general unsecured claim in the amount of $676,666.87, against Lehman Brothers Holdings Inc. pending against Debtor in the United States Bankruptcy Court, Southern District of New York, jointly administered as Case No. 08-13555 (the "Assigned Claim"). Assignor further requests that the Debtor, the Bankruptcy Court, and all other parties provide all notices and payments or distributions in respect of the Assigned Claim be delivered or made to the Assignee, provided that all notices, payments, or distributions on account of the Claim that are not in respect of the Assigned Claim shall be delivered or made to the Assignor.

IN WITNESS WHEREOF, Assignor has signed below as of the 14th day of February, 2014.

Marsha Johnson Evans

Liquidity Solutions, Inc.