UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                    :   Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*   :   08-13555 (SCC)
                                                         :
                           Debtors.                      :   (Jointly Administered)
------------------------------------------------------------------x

### ORDER PURSUANT TO BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT RESOLVING CLAIM OF DR. H.C. TSCHIRA BETEILIGUNGS GMBH & CO. KG AND KLAUS TSCHIRA STIFTUNG GGMBH

Upon the motion (the "Motion") dated February 26, 2014, of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, for authorization to enter into the Settlement Agreement[1] with Dr. H.C. Tschira Beteiligungs GmbH & Co. KG ("KG") and Klaus Tschira Stiftung gGmbH ("KTS" and together with KG, the "Tschira Entities"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the Tschira Entities; (vi) the LBF Liquidator; and (vii) all other parties entitled to notice in

---

[1] Capitalized terms used but not defined in this Order have the meanings ascribed to them in the Motion and the Plan.

accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635] and the Order to Show Cause, dated February 26, 2014 [ECF No. 43315]; and it appearing that no other or further notice need be provided; and an Affidavit of Service of Carol Zhang of Epiq Bankruptcy Solutions, LLC, the Court-approved claims and noticing agent (the "Claims Agent") having been filed on March 4, 2014 [ECF No. 43390]; and the Court having considered the Declaration of Daniel J. Ehrmann in Support of the Motion, dated February 26, 2014 [ECF No. 43312]; and no objections to the Motion having been (a) filed with the Court on the docket of the above-reference cases or (b) served on counsel to the Plan Administrator or the Debtors; and a Statement of the Ad Hoc Group of Lehman Brothers Creditors in Support of the Motion having been filed on March 4, 2014 [ECF No. 43387]; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Court having found and determined that the compromises and settlements set forth in the Settlement Agreement are reasonable and appropriate, the Motion is GRANTED; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the compromises and settlements described in the Motion and contemplated by and provided for in the Settlement Agreement are approved and the Plan Administrator, LBHI, and the Debtors are authorized to enter into and perform the Settlement Agreement; and it is further

ORDERED that the Plan Administrator, LBHI, and the Debtors are authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and perform any and all obligations and transactions contemplated therein; and it is further

ORDERED that the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that the Plan Administrator shall provide the Claims Agent notice of the Effective Date of the Settlement Agreement; and it is further

ORDERED that to the extent that the Effective Date occurs with respect to the Settlement Agreement, the Claims Agent is directed to update the claims register in these Chapter 11 Cases in accordance with the Settlement Agreement; and it is further

ORDERED that upon notice from the Plan Administrator of the occurrence of the effective date of the LBF Settlement, the Claims Agent is directed to update the claims register in these Chapter 11 Cases to reflect the transfer of claim numbers 67795, 67796, and 67797 to LBHI as provided for in the LBF Settlement and shall reflect LBHI as the holder of said claims, effective immediately, including for purposes of the fifth Distribution notwithstanding the passage of the applicable Record Date; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: March 5, 2014
New York, New York

*/s/ Shelley C. Chapman*
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE