UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re                                                         :    Chapter 11 Case No.
                                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,                        :    08-13555 (SCC)
                                                              :
                                          Debtors.            :    (Jointly Administered)
                                                              :
------------------------------------------------------------ x

## DECLARATION OF RICHARD NOBLE

Richard Noble declares under penalty of perjury, pursuant to 28 U.S.C. §1746, as follows:

1.  I make this Declaration based on my personal knowledge. The facts set forth below are true and correct to the best of my knowledge. I submit this affidavit in opposition to the Debtors' 73rd omnibus objection to claims.

2.  I was employed by Lehman Brothers beginning June 2005. I remained a Lehman employee as of the date it filed for bankruptcy/administration until I was hired by Nomura.

3.  Lehman compensated me on what it called a Total Compensation basis by payment of an annual salary payable monthly plus a bonus. Consistent with the investment banking industry, my bonus was more than an integral part of my compensation; it was the majority of my compensation. For year 2005, Lehman agreed in writing to pay me a guaranteed bonus for a fixed dollar amount.

4.  For each year between 2005 and 2007, shortly after the end of the fiscal year (other than for 2005 as to which Lehman agreed to pay me my guaranteed bonus), Lehman told me verbally and in writing, the amount of my total compensation for that year and that it had determined the year-end part of my total compensation would be divided into portions: for all years one portion designated as CSAs and the balance as a cash award.

5. When Lehman paid me the cash award, Lehman reported it to the tax authorities as compensation income and I paid income tax on it through customary withholding.

6. At the outset of my employment I was told, both verbally and in writing, that it was in the Firm's discretion whether a portion of my total compensation (combined base salary and other compensation) was payable in the form of CSAs pursuant to the Firm's employee stock award program. I was not told at the outset of employment that I was required to take a minimum portion of my Total Compensation each fiscal year in the form of CSAs. Further, any portion of my Total Compensation payable in the form of CSAs in any year was at the discretion of Lehman and varied from year to year.

7. If Lehman elected to pay part of my total compensation in CSAs, my participation in the CSA compensation plan was mandatory -- there were no election or enrollment forms to complete, I could not choose whether or not to participate. I paid no tax on the CSA-designated portion of my total compensation upon the grant of the CSA.

8. Pursuant to the CSA Agreements, I recognized that in order to be paid my compensation, I was contractually obligated to avoid engaging in any "Detrimental Activity" and that under these Agreements, I had other employment-related conditions, none of which were performance based, which needed to be met over the course of five years. If Lehman exercised its option to pay a portion of my total compensation in the form of CSAs, as Lehman cautioned me in the program documents it provided, I had no rights as a stockholder until I became the record holder of stock. Further, I had no ability to sell, assign, pledge or otherwise dispose of the CSAs. Even after the CSAs vested or become subject to limited conditions, the CSAs did not convert to stock and I was not permitted to sell the shares.

2

9. What Lehman describes as a financial incentive to remain with Lehman was really Lehman's assertion of financial control by withholding significant portions of my total compensation. There was nothing in this practice that attracted me to work at Lehman – it was just withholding my earnings as a means of making it costly for me to leave the firm. The CSAs were never a form of compensation I elected to take; it was Lehman's way of handcuffing employees to the firm.

10. I did not join Lehman so that I could make a profit on its stock. My decision to join Lehman did not turn on the nature of the CSA plan. What drove me to join Lehman was a career decision. I came to Lehman as an employee and not as an investor.

11. Finally, with CSAs that would have converted upon the expiration of the five year period, I would have paid tax at ordinary income rates on the full market value of the shares Lehman issued to me upon conversion; not capital gains on any portion of the market value which might have been greater than the value at the initial grant date.

12. Lehman does not dispute that it retained me to perform services as an employee and that it received the benefit of my services, for which at the end of each fiscal year it declared my Total Compensation. Although I continued to work for Lehman in reliance on its promise to pay me the compensation it declared that I earned, Lehman subsequent to bankruptcy claims that unpaid amount is now classified as equity, even though no equity was ever issued and I had no rights as a holder of equity.

13. Lehman never told me, either in its annual brochures or its description of the CSAs, that if Lehman filed for bankruptcy that I would not have the same standing as other unpaid general creditors simply because I had been a participant in the employer imposed CSA plan. Subsequent to the bankruptcy, I learned that any priority wage claim I have would be limited to the 180 day period prior to the bankruptcy filing. I maintain my rights to be paid as an

unsecured creditor, both senior to general creditors for those declared and unpaid wages which fall within the limited time frame prior to the bankruptcy, and as a general creditor for all other declared and unpaid wages under the wage laws of the United Kingdom, the Employment Rights Act 1996.

    I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 4, 2014

                                                        */s/ Richard Noble*
                                                        Richard Noble