08-13555-mg    Doc 43459    Filed 03/06/14    Entered 03/06/14 14:32:58    Main Document
Pg 1 of 12


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
In re                                                         :    Chapter 11 Case No.
                                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,                        :    08-13555 (SCC)
                                                              :
                                              Debtors.        :    (Jointly Administered)
                                                              :
------------------------------------------------------------- x

## DECLARATION OF CLAIMANT VIRGILIO CASUPLE IN OPPOSITION TO DEBTORS' FOURTEEN OMNIBUS OBJECTIONS SEEKING TO RECLASSIFY OR SUBORDINATE COMPENSATION CLAIMS AS EQUITY

I, Virgilio Casuple, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I make this Declaration based on my personal knowledge and the documents available to me, and would testify to the following if called upon. I authorize the filing of this objection in opposition to Lehman's Two Hundred and Seventh Omnibus Objection.

2. I was employed by Lehman Brothers in the State of New Jersey from Jan 3, 2006 through Lehman's chapter 11 filing of bankruptcy petition on Sept. 15, 2008.

3. Prior to its chapter 11 filing, Lehman compensated me on what it called a Total Compensation basis by payment of an annual salary payable bi-weekly plus a bonus. Consistent with the investment banking industry, my bonus was more than an integral part of my compensation; it was a significant portion of my compensation.

4. For each year between 2006 and 2008 Lehman told me in writing, shortly after the end of each fiscal year, the amount of my bonus for that year and that my bonus was being divided into two portions, one designated Restricted Stock Units (or "RSUs") and one designated as the "Total Cash Payment." For each of those years, approximately 20% to 22% of my bonus was designated as RSUs.

5. When Lehman paid me the "Total Cash Payment," Lehman reported it to the tax authorities as compensation income and I paid income tax on it through customary withholding. While the RSU-designated portion was declared as part of my bonus at the same time, it was not reported to the tax authorities as my compensation income.

6. My participation in this compensation plan was automatic and mandatory -- there were no election or enrollment forms to complete, I could not choose whether or not to participate or to limit the portion amount of my bonus that was designated as RSUs, and I had no ability to direct how the amounts that Lehman withheld would be used. While Lehman described it as part of my "Total Compensation" for that fiscal year, on a form Lehman called "200__ Total Compensation Statement," this RSU-designated portion of my bonus was essentially a part of my earned and declared compensation that Lehman forced me to wait five years to receive, and that I have still not received.

7. When I was first hired by Lehman I was told that, "At the firm's discretion, a portion of my total 2006 and future years total compensation (combined base salary, bonus and other compensation) will be payable in conditional equity awards (restricted stock units and/or equity awards) pursuant to the Firm's employee stock award program as then in effect." A true and correct copy of my original employment letter from Lehman is attached hereto as Exhibit A. I was not told at the outset of each fiscal year what portion of my Total Compensation for that year I would be required to accept in the form of RSUs, or even that I

2

would be required to accept any portion as RSUs. Whether any portion of my Total Compensation would be paid in RSUs, or in equity awards such as stock options or restricted stock, was completely within Lehman's discretion, and Lehman simply dictated its decision to me at year end.

8. Pursuant to the RSU Agreements, I recognized that I was contractually obligated to avoid engaging in any "Detrimental Activity" and that I had other ongoing contract obligations under these Agreements. Further, I had no ability to sell, assign, pledge or otherwise dispose of the RSUs.

9. Lehman claims that the RSUs gave employees a financial stake in the company, but until the RSUs converted to Lehman common stock, employees had no real equity rights or rights as stockholders. I had nothing but Lehman's contract promise to pay me, someday, the balance of the bonus Lehman had previously declared due. Employees like me had no choice as to our participation. What Lehman describes as a financial incentive to remain with Lehman was really its arbitrary assertion of financial control by withholding our wages and penalizing us with a forfeiture of our wages if we left the firm in certain circumstances. There was nothing in this RSU program that attracted me to work at Lehman – it was just a way of improperly withholding my earnings as a means of making it costly for me to leave the firm. The RSUs were never a form of compensation I elected to take.

10. Lehman's claim that I "originally intended" to treat the RSUs as equity in the firm is unsupported by any evidence and is simply not true. To me, RSUs represented a placeholder representing the amount of my withheld compensation. The only "equity" I thought I might one day own in Lehman was Lehman common stock that I may have received five years after the holding period Lehman had unilaterally imposed. In fact, Lehman specifically told me I had no rights as a stockholder until I became the record

holder of stock. Further, I did not join Lehman so I could make a profit on its stock or to be compensated with equity. I joined Lehman to have a job and to further my career, and not to have an opportunity to invest in Lehman stock. I never had the intent to put my bonus at risk in an investment over which I had no control.

11. What matters is what I had before the end of the five-year holding period before RSUs became convertible to stock. Through the equity award program paperwork, Lehman told me I had no rights as a stockholder during this waiting period. What I had was a contract promise from Lehman to pay the full bonus Lehman previously declared I had earned. When Lehman failed to "avoid bankruptcy," what I was left with was my contract right to the withheld bonus Lehman had declared and promised would be paid as part of my wages.

12. My claim was assigned Claim No. 34326 according to the Epiq docket site "www.Lehman-Docket.com." A true and correct copy of the Proof of Claim that I filed in connection with my contract rights under the RSU Agreements is attached hereto as Exhibit B. Lehman acknowledged receipt of my Proof of Claim form upon my delivery to its claims agent. Lehman still owes me unpaid wages for services I rendered in the amount stated on this form. Also, in support of my claim for the wage amounts withheld in the form of RSUs, a true and correct copy of the statement of total RSUs attributed to my employment account and produced to me during discovery by Lehman is attached hereto as Exhibit C.

13. Lehman does not dispute that it retained me to perform services as an employee and that it received the benefit of my services, for which at the end of each fiscal year it declared my Total Compensation.

14. Lehman never told me, either in its employment offer, equity awards plan, or any of its descriptions of the mandatory RSU program that if Lehman filed for bankruptcy, it would try to prevent me from at least receiving full payment of the wages it had deducted and

4

08-13555-mg    Doc 43459    Filed 03/06/14    Entered 03/06/14 14:32:58    Main Document
Pg 5 of 12

14. Lehman never told me, either in its employment offer, equity awards plan, or any of its descriptions of the mandatory RSU program that if Lehman filed for bankruptcy, it would try to prevent me from at least receiving full payment of the wages it had deducted and withheld from me. I maintain my rights to be paid as a general unsecured creditor under the wage laws of the State of New Jersey.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:        March 3, 2014

_____
Signature

___VIRGILIO  A.  CASUPLE II___
Printed Name

# Exhibit A

# LEHMAN BROTHERS

DEBBIE COHEN
VICE PRESIDENT
HUMAN RESOURCES

December 22, 2005

Mr. Virgilio Casuple
107 Jefferson Avenue
2nd Floor
Jersey City, NJ 07306

Dear Virgilio:

We are pleased to extend to you our offer of employment to join Lehman Brothers as a Developer in the Investment Management Department of the Information Technology Division. We expect your employment to commence on or about Janurary 3, 2006.

For the performance year 2006 (December 1, 2005 through November 30, 2006), your compensation will be as follows:

- Salary at the annualized rate of ▓▓▓▓ payable in biweekly installments in accordance with our customary payroll practices.

- You may also be eligible to participate in the Firm's discretionary bonus program. To be considered for any payment under this program, you must be employed by the Firm at the time we pay our annual bonus distributions (on or about January 31, 2007).

At the Firm's discretion, a portion of your total 2006 and future years' total compensation (combined base salary, bonus, and other compensation) will be payable in conditional equity awards (restricted stock units, and/or other equity awards) pursuant to the Firm's employee stock award program as then in effect.

Please understand that the terms and conditions of your employment by our Firm are governed by standard Firm policies. This means that this offer of employment is contingent on the successful completion of a background investigation, as well as on your satisfactorily meeting all pre-employment requirements including passing a pre-employment drug screen and producing documentation to verify your identity and eligibility to work in the United States. Please contact Jessica Frias at (212) 320-6494, to schedule pre-employment processing.

Please understand that this letter is not a contract of continuing employment. Employment is for no fixed term, and either you or the Firm may decide to terminate the employment relationship at any time for any reason. In making this offer of employment, the Firm has relied on your representations that you are not subject to any litigation, dispute or agreement, including any non-competition, non-solicitation arrangement or other restrictive covenants, that would impair your ability to accept this offer and perform the duties of this position.

Virgilio, we are pleased that you are going to be a part of our organization. Please sign, date and return one of the offer letters to Jessica Frias in Human Resources in the enclosed envelope.

Sincerely,

*D Cohen*

Debbie Cohen
Vice President
IT Human Resources

Accepted on this 26 day of December, 2005

*Virgilio Casuple*
Virgilio Casuple

cc:  Alan Simon

Lehman Brothers, Inc
1301 Avenue of Americas, 3rd Floor, New York, NY 10019

# Exhibit B

United States Bankruptcy Court/Southern District of New York
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

**PROOF OF CLAIM**

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | |
|---|---|---|
| Name of Debtor Against Which Claim is Held  Virgilio Casuple II | Case No. of Debtor | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
Virgilio Casuple
57 Edgar Place, Nutley, NJ
07110
201 889-2178 - cell   vacasuple@yahoo
646-497-4265
Telephone number:    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
  (If known)

Filed on: _____

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000034326

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:    Email Address:

1. Amount of Claim as of Date Case Filed: $ 6,187
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: _____
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____   Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

**FOR COURT USE ONLY**

FILED / RECEIVED
SEP 2 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 09/22/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  /s/ Virgilio A. Casuple

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

H
A
N
D

D
E
L
I
V
E
R
Y



FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

_____    _____    6:00pm
RECEIVED BY:                  DATE              TIME

# Exhibit C

**ALL TERMS REMAIN SUBJECT TO THE RULING OF THE U.S. BANKRUPTCY COURT\*\*\***

# LEHMAN BROTHERS
## Executive Compensation Summary
### *Virgilio Casuple*

Employee ID:    10247231

| | | | AWARD UNITS* | | | | | |
|---|---|---|---|---|---|---|---|---|
| Grant Date | Plan Description | Units Granted | Dividend Equivalents | Units Vested** | Units Unvested | Units Outstanding | Units Forfeited | Units Not Forfeited |
| December 08 , 2006 | 2006 Firmwide Principal | 28.33 | 0.83 | 0.00 | 29.16 | 29.16 | 0.00 | 29.16 |
| December 08 , 2006 | 2006 Firmwide Discount | 9.45 | 0.20 | 0.00 | 9.65 | 9.65 | 0.00 | 9.65 |
| December 07 , 2007 | 2007 Firmwide Principal | 52.55 | 1.08 | 0.00 | 53.63 | 53.63 | 0.00 | 53.63 |
| December 07 , 2007 | 2007 Firmwide Discount | 17.51 | 0.35 | 0.00 | 17.86 | 17.86 | 0.00 | 17.86 |
| July 01 , 2008 | July 2008 RSU | 31.82 | 0.39 | 0.00 | 32.21 | 32.21 | 0.00 | 32.21 |
| | | | | | | 142.51 | 0.00 | 142.51 |

\*Award Units are those equity-based awards other than stock options, i.e. Restricted Stock Units, Conditional Equity Awards or Contingent Stock Awards, as applicable.

\*\*Units Vested refers to that portion of the award that has become vested and/or subject to limited conditions, as determined under the applicable plan documents.

\*\*\*AS A RESULT OF LEHMAN BROTHERS HOLDINGS INC.'S BANKRUPTCY FILING, THE TREATMENT OF ALL OUTSTANDING EQUITY AWARDS REMAIN SUBJECT TO SUCH PROCEEDING IN THE U.S. BANKRUPTCY COURT.

Data as of September 12, 2008

Prepared on September 12, 2012