UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (SCC)
                                          :
                    Debtors.              :    (Jointly Administered)
                                          :
------------------------------------------------------------- x

### DECLARATION OF CLAIMANT HELMUT OLIVIER IN OPPOSITION TO DEBTORS' FOURTEEN OMNIBUS OBJECTIONS SEEKING TO RECLASSIFY COMPENSATION CLAIMS AS EQUITY, OR ALTERNATIVELY TO SUBORDINATE CLAIMS PURSUANT TO § 510(b) OF THE BANKRUPTCY CODE

Helmut Olivier declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I make this Declaration based on my personal knowledge and the documents available to me, and would testify to the following if called upon. I authorize the filing of this objection in opposition to Lehman's 313th Omnibus Objection.

2. I was employed by Lehman Brothers from 1 March 1995 through 12 November 2008.

3. Lehman compensated me on what it called a Total Compensation basis, by payment of an annual salary (paid in monthly installments) plus a bonus. My bonus was an integral part of my compensation – my annual salary during the years at issue here was typically only 30 to 35 percent of my total compensation.

4. For each year between 2003 and 2008 Lehman told me in writing, shortly after the end of each fiscal year (November 30), the amount of my bonus for that year and that my bonus was being divided into two portions, one designated Contingent Stock Awards (or

"CSAs") and the balance that was the cash award. (In 2003 there also was a grant of Stock Options.) For each of those years, between 20 percent and 32 percent of my bonus was designated as CSAs.

5. When Lehman paid me the cash portion of my bonus, Lehman reported it to the tax authorities as compensation income and I paid income tax on it through customary withholding. While the CSA-designated portion was declared as part of my bonus at the same time, it was not reported to the tax authorities as my compensation income.

6. At no time could I decline to accept Lehman's designation of a portion of my compensation in the form of CSAs (except that a portion of my CSA Award in 2003 could have been taken as options). My participation in this compensation plan was automatic and mandatory -- there were no election or enrollment forms to complete, I could not choose whether or not to participate or to limit the portion amount of my bonus that was designated as CSAs, and I had no ability to direct how the amounts that Lehman withheld would be used. Since what I received was Lehman's contract promise to pay in the future, I paid no tax on the CSA-designated portion of my compensation. While Lehman described it as part of my "Total Compensation" for that fiscal year, on a form Lehman called "200__ Total Compensation Statement," this CSA-designated portion of my bonus was essentially a part of my earned and announced compensation that Lehman forced me to wait five years to receive.

7. Whether any portion of my Total Compensation would be paid in CSAs, or in equity awards such as stock options or restricted stock, was completely within Lehman's discretion, and Lehman simply dictated its decision to me at year end.

8. Pursuant to the CSA Agreements, I recognized that I was contractually obligated to avoid engaging in any "Detrimental Activity" and that I had other ongoing contract obligations under these Agreements. As Lehman cautioned me in the program documents it

2

provided, I had no rights as a stockholder until I became the record holder of stock. I had no ability to sell, assign, pledge or otherwise dispose of the CSA and had no rights but the contract rights of an employee whose compensation had been withheld.

9. I understand that Lehman now has taken the position that I was issued "equity securities" for the CSA-designated portion of my bonus in each of the years at issue. For prior years, not at issue here, after the five-year waiting period ended and I was issued the CSA-designated portion of my bonus, Lehman withheld from this compensation a sufficient amount of cash to pay the applicable German local income tax, and then provided me with Lehman shares for the balance. While the entire amount of the bonus was taxed as ordinary income to me, as far as I was aware Lehman did not sell any equity securities in my name to raise cash for these withholding taxes.

10. The "Factual Background" included in Lehman's Memorandum in Support concedes that the CSA-designated portion was withheld from each employee's earned and declared "Total Compensation." The Background claims that the CSAs gave employees a financial stake in the company, but until the end of the waiting period employees had no rights as a stockholder and had nothing but Lehman's contract promise to pay us, someday, the deferred bonus Lehman had previously declared. Employees like me had no choice as to our participation.

11. Lehman's claim that I "originally intended" to treat the CSAs as equity in the firm is unsupported by any evidence and is simply not true. I expected to treat shares as equity when I was issued shares, and that was after the five year waiting period Lehman unilaterally imposed. In fact, Lehman specifically told me I had no rights as a stockholder until I became the record holder of stock. I did not intend, and I had no reason to believe that Lehman intended, for me to be an equity holder before equity was issued, after the five-year waiting period.

3

12. Lehman's representation to the Court that CSA holders had shareholder voting rights even before the stock was issued is incomplete and misleading. The Lehman Brief cites to a description of a trust established to hold an unspecified number of shares that would be voted "in proportion" to the number of CSAs the holder held. According to the Lehman Brothers Equity Award Brochure 2007 Lehman Brothers established a trust and funded it with "shares for your benefit". But Lehman never tells the Court here what it also never told the employees: What was the proportion of shares held by the Trust relative to the total outstanding CSAs (determining what fraction of a vote the purported CSA vote had, if any) and when did the CSA come to have this purported voting right (*i.e.*, upon grant, upon vesting, or as amortized), and how was the CSA holder's vote solicited? To the best of my knowledge, these purported voting rights were not available to me anyway, as such voting rights would have immediately triggered a personal income tax liability in Germany related to the CSAs; therefore, according to the Equity Award Brochure, no voting rights could be exercised.

13. Lehman's claims that it "equated [CSAs] to common stock and that if it had avoided bankruptcy "Claimants would have reaped the benefit" of any increase in the stock price is simply meaningless. What has meaning is what I had before the end of five-year waiting period. As noted above, Lehman told me I had no rights as a stockholder and equated my rights with those of a general creditor. In each of the years at issue here Lehman declared what I earned as my bonus, promised payment of my bonus, and as one means of performing that promise contracted with me to pay a portion of my bonus in five years using its own stock as currency. I had no rights to any stock during this five-year waiting period; what I had was a contract promise from Lehman to pay the bonus Lehman previously declared I had earned. When Lehman failed to "avoid bankruptcy," what I was left with was my contract right to the bonus Lehman had declared and promised would be paid.

4

14. Lehman recognized my rights as those of a contract creditor in its petition and schedules, where CSA agreements were listed as Executory Contracts under Schedule G.

15. In addition, I have attached hereto as Exhibit 1 the Proof of Claim that I filed in connection with my contract rights under the CSA Agreements. My Claim was assigned Claim No. 14855.

16. Lehman provided me with this Proof of Claim form. Lehman had largely completed the form, including inserting the caption, supplying my name and address, and notifying me that I had a Claim scheduled as a *"Schedule G" claim*, for an "Executory Contract." Lehman also stated on the form that the scheduled claim related to a "Restricted Stock Unit Agreement. (Restricted Stock Units were the U.S. equivalent of my Contingent Stock Awards.)

17. All of this information was contained in the Proof of Claim form when Lehman provided it to me. I added only the amount of the claim, and my signature and date. Lehman acknowledged receipt of my Proof of Claim form upon my delivery to its claims agent.

18. The economic substance of the CSA Agreements to me was that a portion of my annual bonus, the bonus that had been declared as part of my Total Compensation for each of the years at issue, was held back, and would be paid to me only after passage of five years. Lehman withheld this compensation unilaterally, and imposed on me certain terms before it would pay the declared bonus.

19. Even after vesting of the CSAs there was no right to the common stock, and I did not receive and was not permitted to sell the shares until five years after the date of the CSA Agreement.

20. Stock options that Lehman issued to me worked in a completely different way than CSAs. At the time of the grant, I received what is recognized as a security in the form of

the stock option. The option provided me with the choice whether to buy LBH shares at a fixed price, the exercise price. The time for exercise was not a fixed date, but a period of time between exercise and lapse during which I would make an investment decision to pay the exercise price, and I then would receive LBH shares. The timing of any exercise, and even the decision *whether* to hold the option or exercise it, was solely my investment decision. No comparable security was issued to me under the CSA Agreement. With a CSA, there was a conversion and Lehman stock was simply issued to me at the end of the waiting period Lehman imposed, with no action on my part. At no time did I exercise any choice or make any investment decision regarding the CSAs, the timing of delivery, or the form of the underlying compensation

21.     Finally, with CSAs I paid tax at ordinary income rates on the market value of the shares Lehman issued to me upon conversion. Upon exercise of stock options I also paid tax at ordinary income rates, but only on the difference between the current market value of the LBH shares at the time of exercise and the exercise price.

22.     Lehman does not dispute that it retained me to perform services as an employee and that it received my services, for which at the end of each fiscal year it declared the bonus portion of my Total Compensation. While I continued to work for Lehman in reliance on its promise to pay me the compensation it declared that I earned, Lehman now claims for the unpaid amount the classification of equity, even though I had no rights as a holder of equity.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 4, 2014

_____
Helmut Olivier

# EXHIBIT 1

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | UNIQUE IDENTIFICATION NUMBER: 555130740<br><br>Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)   0000014855 |
| Name of Debtor Against Which Claim is Held<br>LEHMAN BROTHERS HOLDINGS, INC. | Case No. of Debtor<br>08-13555 (JMP) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>LBH (MERGE2.DBF,SCHED_NO) SCHEDULE #: 555130740*****<br>HELMUT, OLIVIER<br>UNTERER MITTELWEG 39<br>HE<br>BAD HOMBURG D61352<br>GERMANY | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:** _____<br>(If known)<br><br>Filed on: _____ | **NOTICE OF SCHEDULED CLAIM:**<br>Your Claim is scheduled by the indicated Debtor as:<br><br>SCHEDULE G - EXECUTORY CONTRACT OR UNEXPIRED LEASE<br><br>DESCRIPTION:<br>RESTRICTED STOCK UNIT AGREEMENT |
| Telephone number:       Email Address: | | |
| Name and address where payment should be sent (if different from above)<br><br>Telephone number:       Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. | |

1. **Amount of Claim as of Date Case Filed: $ 1244228,16**
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☒ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Options 2002 + 2003 CSA + dividend equivalents 2003 - 2007
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 0 000 5
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $_____ Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____ Basis for perfection: _____
   Amount of Secured Claim: $_____ Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$_____

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

| Date:<br>14 Sept 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. [signature] | FOR COURT USE ONLY<br><br>FILED / RECEIVED<br>SEP 17 2009<br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# LEHMAN BROTHERS | LehmanLive

Data as of August 31, 2008                                                              10064476 Helmut Olivier

## AWARD UNITS¹ OUTSTANDING

| Grant Date | Description | Grant Price | Grant Value² | Restriction Ends | Units Granted | Dividend Equivalents | Units Delivered | Units Vested³ | Units Outstanding | Market Value $0.042 |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/01/2008 | July 2008 CSA | $20.9600 | $43,987 | 11/30/2011 | 2,098.64 | 26.52 | 0.00 | 0.00 | 2,125.16 | $8 |
| 12/07/2007 | 2007 MD Principal | $44.4300 | $153,956 | 11/30/2012 | 3,465.14 | 71.36 | 0.00 | 0.00 | 3,536.50 | $14 |
| 12/07/2007 | 2007 MD Discount | $44.4300 | $65,981 | 11/30/2012 | 1,485.06 | 30.55 | 0.00 | 0.00 | 1,515.61 | $6 |
| 12/08/2006 | 2006 MD Principal | $53.9200 | $134,797 | 11/30/2011 | 2,499.95 | 73.98 | 0.00 | 0.00 | 2,573.93 | $10 |
| 12/08/2006 | 2006 MD Discount | $53.9200 | $57,770 | 11/30/2011 | 1,071.41 | 31.65 | 0.00 | 0.00 | 1,103.06 | $4 |
| 11/30/2005 | 2005 MD Principal | $44.1000 | $102,024 | 11/30/2010 | 2,313.48 | 84.90 | 0.00 | 0.00 | 2,398.38 | $10 |
| 11/30/2005 | 2005 MD Discount | $44.1000 | $43,725 | 11/30/2010 | 991.50 | 36.40 | 0.00 | 0.00 | 1,027.90 | $4 |
| 12/09/2004 | 2004 MD Principal | $30.0300 | $83,650 | 11/30/2009 | 2,785.56 | 125.20 | 0.00 | 1,455.38 | 2,910.76 | $12 |
| 12/09/2004 | 2004 MD Discount | $30.0300 | $35,850 | 11/30/2009 | 1,193.80 | 53.55 | 0.00 | 0.00 | 1,247.35 | $5 |
| 12/10/2003 | 2003 MD Principal | $24.9850 | $54,021 | 11/30/2008 | 2,162.12 | 115.28 | 0.00 | 1,138.70 | 2,277.40 | $9 |
| 12/10/2003 | 2003 MD Discount | $24.9850 | $23,152 | 11/30/2008 | 926.62 | 49.35 | 0.00 | 0.00 | 975.97 | $4 |
| Total |  |  | $798,913 |  | 20,993.28 | 698.74 | 0.00 | 2,594.08 | 21,692.02 | $91 |

## STOCK OPTIONS OUTSTANDING

| Grant Date | Description | Exercise Price | Black-Scholes Grant Price | Expiration Date | Black-Scholes Grant Value | Options Granted | Options Exercised | Options Exercisable | Options Outstanding | Intrinsic Value a $0.042 |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/10/2003 | 2003 MD Options | $35.6950 | $9.7250 | 11/29/2013 | $25,713 | 2,644 | 924 | 0 | 1,720 | $0 |
| 12/11/2002 | 2002 MD Options | $27.2100 | $9.1250 | 11/29/2012 | $91,998 | 10,082 | 7,562 | 2,520 | 2,520 | $0 |
| Total |  |  |  |  | $117,711 | 12,726 | 8,486 | 2,520 | 4,240 | $0 |
| Total Equity |  |  |  |  |  |  |  |  |  | $91 |

* Market value refers to the value of the underlying Lehman Brothers Holdings Inc. shares at the indicated stock price. The intrinsic value of stock options is calculated by multiplying the number of options outstanding by the difference between the indicated stock price and the option exercise price. Please note that the current market price is based on a delayed 20 minutes feed from Reuters. (03:59 PM EST on February 12 2009)

[1] Award Units are those equity-based awards other than stock options, i.e. Restricted Stock Units, Conditional Equity Awards or Contingent Stock Awards, as applicable.
[2] Grant Value refers to the value of the underlying Lehman Brothers Holdings Inc. shares at the indicated grant price.
[3] Units Vested refers to that portion of the award that has become vested and/or subject to limited conditions, as determined under the applicable plan documents.

## PRIVATE AND CONFIDENTIAL
## 2007 TOTAL COMPENSATION STATEMENT

| | | | |
|---|---|---|---|
| TO: | Helmut Olivier | ID | 10064476 |
| DEPT: | CORP : 93157 - Frankfurt Exec.Admin | | |
| FROM: | J  Phizackerley, T Bolland | | |
| DATE: | December 13, 2007 | | |

Please find below the details of your 2007 Total Compensation and any year-end awards:

**Total Compensation Summary**



**Equity Award Detail**

| Equity Type | USD Award Value | USD Mkt Price | USD Grant Price | No. of Units |
|---|---|---|---|---|
| CSAs | 219,937 | 63.47 | 44.43 | 4,950.20 |
| **Total Equity Award** | **219,937** | | | |

Your total Contingent Stock Award (CSAs) is based on a Total Compensation of USD 975,000.

When awarding the CSA award Lehman Brothers Holdings Inc has applied a discount of 30% to the market price of $ 63.47. CSAs are subject to restrictions until 30 November 2012; they cannot be sold, traded or pledged before then.

A full summary of all your outstanding CSA Awards (including your 2007 Award) will be available on LehmanLive, keyword "equityaward", during the first quarter of 2008. All terms and conditions of the CSA Awards are subject to the controlling plan documents, including the FY 2007 equity award agreements (expected to be finalised in early 2008), the 2005 Stock Incentive Plan and related Prospectus.

<u>Salary</u>

Your salary remains unchanged.

<u>Additional Information</u>

The notional total value of your 2007 compensation, including the grant-date value of the discount portion of the CSAs awarded under the Equity Award Program, is USD 1,069,258. To receive the full benefit of the CSA award, including the discount portion, you must remain an employee of Lehman Brothers for five years and comply with the terms of the Program.

All terms and conditions of your employment remain unchanged.

To be eligible for your 2007 bonus award you must be employed by Lehman Brothers at, and not under notice either given or received prior to, 31 January 2008.

## PRIVATE AND CONFIDENTIAL

## 2006 TOTAL COMPENSATION STATEMENT

| | | |
|---|---|---|
| TO: | Helmut Olivier | 10064476 |
| DEPT: | CORP : 93157 - Frankfurt Exec.Admin | |
| FROM: | I Lowitt, K Dannenbaum | |
| DATE: | December 13 2006 | |

Please find below the details of your 2006 Total Compensation and any year-end awards:

### Total Compensation Summary



### Equity Award Detail

| Equity Type | USD Award Value | USD Mkt Price | USD Grant Price | No. of Units |
|---|---|---|---|---|
| CSAs | 192,568 | 77.03 | 53.92 | 3,571.36 |
| **Total Equity Award** | **192,568** | | | |

Your total CSA Award is based on a compensation of USD 907,000 (for the purposes of calculating the CSA Award ONLY).

When awarding the CSA award the Firm has applied a discount of 30% to the market price of $ 77.03. CSAs are subject to restrictions until 30 November 2011; they cannot be sold, traded or pledged before then.

A full summary of all your outstanding CSA Awards (including your 2006 Award) will be available on LehmanLive, keyword "equityaward", during the first quarter of 2007. All terms and conditions of the CSA Awards are subject to the controlling plan documents.

### Base Salary

Your base salary remains unchanged.

### Additional Information

You have also been awarded a Diversity Award of EUR 13,707. This award is in addition to your 2006 Total Compensation. Your Equity Award shown above has been calculated based on your 2006 Total Compensation and your Diversity Award.

All terms and conditions of your employment remain unchanged.

Entitlement to your 2006 Awards are contingent on you being employed by Lehman Brothers at, and not under notice either given or received prior to, 31 January 2007.

## PRIVATE AND CONFIDENTIAL
## 2005 TOTAL COMPENSATION STATEMENT

| | | |
|---|---|---|
| TO: | Helmut Olivier | 10064476 |
| DEPT: | CORP : 93157 - Frankfurt Exec.Admin | |
| FROM: | I Lowitt, K Dannenbaum | |
| DATE: | December 14 2005 | |

Please find below the details of your 2005 Total Compensation and any year-end awards:

**Total Compensation Summary**



**Equity Award Detail**

| Equity Type | USD Award Value | USD Mkt Price | USD Grant Price | No. of Units |
|---|---|---|---|---|
| CSAs | 145,750 | 126.00 | 88.20 | 1,652.49 |
| **Total Equity Award** | **145,750** | | | |

Your total CSA Award is based on a compensation of USD 845,000 (for the purposes of calculating the CSA Award ONLY).

When awarding the CSA award the Firm has applied a discount of 30% to the market price of $ 126.00. CSAs are subject to restrictions until 30 November 2010, they cannot be sold, traded or pledged before then.

A full summary of all your outstanding CSA Awards (including your 2005 Award) will be available on LehmanLive, keyword "equityaward", during the first quarter of 2006. All terms and conditions of the CSA Awards are subject to the controlling plan documents.

<u>Base Salary</u>

Your base salary remains unchanged.

<u>Additional Information</u>

You have also been awarded a Diversity Award of USD 15,000 (equivalent to EUR 11,832). This award is in addition to your 2005 Total Compensation. Your Equity Award shown above has been calculated based on your 2005 Total Compensation and your Diversity Award.

All terms and conditions of your employment with the Company remain unchanged.

Entitlement to your 2005 Awards are contingent on you being employed by Lehman Brothers at, and not under notice either given or received prior to, 31 January 2006.

PRIVATE AND CONFIDENTIAL

2004 TOTAL COMPENSATION STATEMENT

| | | |
|---|---|---|
| TO: | Helmut Olivier | 10064476 |
| DEPT: | CORP : 93157 - Frankfurt Exec.Admin | |
| FROM: | N Glaister | |
| DATE: | December 15, 2004 | |

Please find below the details of your 2004 Total Compensation and any year-end awards:

**Total Compensation Summary**



**Equity Award Detail**

| Equity Type | USD Award Value | USD Mkt Price | USD Grant Price | No. of Units |
|---|---|---|---|---|
| CSAs | 119,500 | 85.80 | 60.06 | 1,989.68 |
| **Total Equity Award** | **119,500** | | | |

Your total CSA Award is based on a Total Compensation of USD 770,000 (for the purposes of calculating the CSA Award ONLY).

When awarding the CSA award the Firm has applied a discount of 30% to the market price of $ 85.80. CSAs are subject to restrictions until 30 November 2009, they cannot be sold, traded or pledged before then.

A full summary of all your outstanding CSA Awards (including your 2004 Award) will be available on LehmanLive, keyword "equityaward", during the second quarter of 2005. All terms and conditions of the CSA Awards are subject to the controlling plan documents.

<u>Base Salary</u>

Your base salary remains unchanged.

<u>Additional Information</u>

All terms and conditions of your employment with the Company remain unchanged.

Entitlement to your 2004 Awards are contingent on you being employed by Lehman Brothers at, and not under notice either given or received prior to, 31 January 2005.

PRIVATE AND CONFIDENTIAL
2003 TOTAL COMPENSATION STATEMENT

TO:     Helmut Olivier                                          10064476

DEPT:   CORP : 93157 - Frankfurt Exec.Admin

FROM:   N Glaister

DATE:   December 17, 2003

Please find below the details of your 2003 Total Compensation and any year-end awards:

**Total Compensation Summary**



**Equity Award Detail**

| Equity Type | USD Award Value | USD Mkt Price | USD Grant Price | No. of Units |
|---|---|---|---|---|
| CSAs | 77,172 | 71.39 | 49.97 | 1,544.37 |
| Options | 25,713 | 27.79 | 19.45 | 1,322.00 |
| **Total Equity Award** | **102,885** | | | |

Your total Equity Award is based upon a Total Compensation of USD 701,927

Included in your Equity Award is an award of 1,544.37 CSAs. These are subject to restrictions until November 2008. They cannot be sold, traded or pledged before then.

Included in your Equity Award is an award of 1,322 options over Lehman Brothers Holdings Inc Shares. 35% of your Options become exercisable subject to restrictions after 3 years, 65% become exercisable after 5 years.

A full summary of all your outstanding Equity Awards (including your 2003 Award) will be available to view on LehmanLive during the second quarter of 2004. All terms and conditions of the Equity Awards are subject to the controlling plan documents.

**Base Salary**
Your base salary remains unchanged.

**Additional Information**
All other terms and conditions of your employment with the Company remain unchanged.

Entitlement to your 2003 Awards is contingent on you being employed by Lehman Brothers at, and not under any period of notice prior to, 31 January 2004.