Robert Dziedziech
Horizons
Leatherhead Road
Oxshott
Surrey, KT22 0ET
United Kingdom

March 5, 2014

The Honorable Shelley C. Chapman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-2301

Re: Case No. 08-13555 (JMP): Lehman Claim #13291

Dear Judge Chapman,

I respectfully request that the court permit me to join the objections of other similarly situated former colleagues, who are objecting to their compensation claim being downgraded to equity claims.

**History**

Below is a brief history of events:

- Claim filed: September 16, 2009 (attached as an addendum to this letter)
- Address on record updated: September 6, 2010
- I moved to a different home in late 2010
- Debtor filed Motion: "Motion for Omnibus Objection to Claim(s) : Debtors One Hundred Eighteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) filed by Robert J. Lemons on behalf of Lehman Brothers Holdings Inc.": April 6, 2011 (Docket No. 15666)
- Order Signed: June 3, 2011 (Docket No. 17349
- Address on record updated: September 2011
- Address on record updated: February 2014

As a former UK employee I was jointly pursuing claims in both the US and UK, proceeding in earnest to simultaneously keep up with claims in both jurisdictions. While the US claim proceeded, I diligently answered numerous UK requests through the years. This included updating my address numerous times.

- Updated address for UK claim: September 2013
- Filed for severance in UK: February 2014

Approximately 1.5 weeks ago, and subsequent to filing for severance in the UK last month, I contacted a friend/former colleague to confirm that she had also

Page 1 of 3

filed for severance. During this discussion, she asked me about my claim and informed me of the upcoming April court hearing on her objection to the debtor's motion to downgrade our compensation claims to equity claims.

Only then did I learn about the debtor's motion, which I had not received because it was sent to my old address.

Accordingly, I did not have an opportunity to timely object to the reclassification of my claim to an equity claim, which essentially equates to a dismissal.

Shortly thereafter, I contacted the Court in order to promptly make the request to join these existing, identical objections.

**No Prejudice to Court or Debtor**

My claim is no different from many similarly situated claims of former colleagues of mine, many of whom objected to the reclassification of these compensation claims to equity – an issue currently pending before the court, and scheduled to be heard in April 2014.

As the court is currently considering objections to the reclassification of claims completely identical to my own, the court would not be prejudiced by permitting me to join these existing objections.

Similarly, should the court permit me to join these existing objections, the debtor would not be prejudiced, since my claim is nominal in the context of the entire estate, and my claim is again identical to those currently pending before the court.

**Denial of This Request Would Only Prejudice Me**

While my claim is not material in the context of the debtor's estate, it is quite material to me as an individual. Accordingly, this claim is very significant to me and the court's denial of this request (which would amount to a dismissal of my claim), would only, and would greatly prejudice me.

**Conclusion**

1. I have attempted to be diligent in keeping current on all of my concurrent claims, which have proceeded in multiple jurisdictions.

2. Since I did not receive the debtor's April 2011 motion, I had no opportunity to timely object to the reclassification of my claim to equity.

3. My claim is identical to many others, of which the court is currently considering their objections.

4. I merely ask the court to permit me to join these identical and currently pending objections.

5. Permitting me to join these claims would not prejudice the court or debtor, but denying my request would greatly prejudice me.

Accordingly, I respectfully request that the court permit me to join these existing objections.

Sincerely,

Robert Dziedziech

Page 3 of 3

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000013291 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Robert Z. Dziedziech
24 Benham House
Coleridge Gardens
London
SW10 0RD
UK

Telephone number: +44 787 0659 326    Email Address: bobd72@yahoo.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Same as above

Telephone number:    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ 2,072,577.91
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: Employee Claim: Compensation for Services Performed/Deferred Equity Compensation
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: 5261
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
Amount of Secured Claim: $_____ Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

FOR COURT USE ONLY

**FILED / RECEIVED**

**SEP 16 2009**

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date:<br>9/15/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*[signature]* ROBERT Z. DZIEDZIECH |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Robert Z. Dziedziech**
**Lehman deferred equity compensation units outstanding as of September 14th, 2008**

| Grant Date | Units Granted | Dividend Equivalents | Outstanding Units | Price At Grant Date | Value At Grant Date |
|---|---|---|---|---|---|
| December 10, 2003 | 2,540.16 | 135.62 | 2,675.78 | $35.695 | $95,511.97 |
| December 9, 2004 | 9,650.36 | 433.37 | 10,083.73 | $42.900 | $432,592.02 |
| November 30, 2005 | 8,460.32 | 310.57 | 8,770.89 | $63.000 | $552,566.07 |
| December 8, 2006 | 12,463.22 | 368.83 | 12,832.05 | $77.030 | $988,452.81 |
| July 1, 2008 | 162.77 | 2.07 | 164.84 | $20.960 | $3,455.05 |
| Total | 66,390.89 | 2,498.85 | 68,889.74 | | $2,072,577.91 |

