<div style="text-align: right"><b>Weil, Gotshal & Manges LLP</b></div>

<div style="text-align: right">Robert J. Lemons<br>
+1 (212) 310-8924<br>
robert.lemons@weil.com</div>

March 6, 2014

The Honorable Shelley C. Chapman
United States Bankruptcy Judge
United States Bankruptcy Court
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

**Re: In re Lehman Brothers Holdings Inc., *et al.* – Case No. 08-13555 (SCC)**

Dear Judge Chapman:

I write regarding that certain letter from Arthur J. Kenney (the "Kenney Letter") [ECF No. 43397], in which Mr. Kenney requests reinstatement of claim number 14069 (the "Claim"), which was recharacterized as equity pursuant to that certain Order Granting Debtors' Seventy-Third Omnibus Objection to Claims, dated January 20, 2011 (the "Order") [ECF No. 14025]. The letter does not state a cognizable claim for relief, and it should therefore be disregarded in its entirety.

However, to the extent that the Kenney Letter is deemed to be a request to reconsider the Order and to recharacterize Mr. Kenney's equity interest as a general unsecured claim, it is untimely and unfounded (at best). Mr. Kenney argues that the response deadline with respect to the Debtors' Seventy-Third Omnibus Objection to Claims, dated December 7, 2010 (the "Objection") [ECF No. 13295], allegedly occurred eleven months prior to the date that that the Objection was filed. As a result, Mr. Kenney argues that his Claim should be reinstated.

As an initial matter, Mr. Kenney's request is well outside the time limits for such relief, as set forth in Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, made applicable to these chapter 11 cases by Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure, and may be denied on this basis alone. In any event, however, the request is meritless.

It is true that Mr. Kenney received a notice of the Objection in December 2010, and LBHI has no reason to believe that the copy of the cover page of that notice that is attached to the Kenney Letter is not a true and accurate copy. And it is true that the cover page of that notice states that the deadline to file responses to the Objection was January 6, 2010. However, any reasonable person would have easily surmised that the year "2010" was a mere typographical error, and that the correct deadline to file responses to the Objection was January 6, 2011. Indeed, approximately three dozen claimants – who were similarly not represented by counsel – understood that that the deadline was January 6, 2011, and filed timely responses to the Objection. Moreover, if Mr. Kenney believed that the deadline had passed, he could have – but did not – seek an "extension" of the time to respond to the Objection. Mr. Kenney did not even reach out to the Debtors' counsel or to the claims and noticing agent regarding his purported confusion regarding the deadline to respond to the Objection.

Weil, Gotshal & Manges LLP

**Weil, Gotshal & Manges LLP**

Mr. Kenney is not an unsophisticated party. As he acknowledges, he has been an active participant in these chapter 11 cases, and he has not hesitated to communicate with LBHI throughout these cases. The Order was entered <u>more than three years ago</u>, and Mr. Kenney's request to "reinstate" the Claim (which, it should be noted, is only one of nine claims filed by Mr. Kenney) is patently untimely. Any confusion that Mr. Kenney may have suffered as a result of correspondence in these chapter 11 cases has no bearing on Mr. Kenney's failure to take any meaningful action regarding the Claim during the appropriate time. Moreover, Mr. Kenney's attempts to lay the blame on Barclays for forcing him to work long hours and for failing to provide legal assistance similarly do not excuse his failure to make any inquiries in late 2010 or early 2011 regarding the Claim or the correct deadline for responses to the Objection. Simply put, Mr. Kenney offers no basis for his delay in making this request, and his failure to contact the Debtors or the Court until now is plainly unjustifiable.

Accordingly, LBHI submits that Mr. Kenney's request should be summarily denied. Should the Court request further briefing on this matter, LBHI will, of course, proceed in accordance with the Court's direction.

Respectfully submitted,

Robert J. Lemons

cc: Arthur J. Kenney
    200 East End Avenue, Apt. 5DE
    New York, New York 10128