HEARING DATE AND TIME: April 24, 2014 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: April 14, 2014 at 4:00 p.m. (Eastern Time)

> **THE FOUR HUNDRED FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE FOUR HUNDRED FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CINDI GIGLIO, AT 212-696-6936.**

**CURTIS, MALLET-PREVOST,**
 **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Counsel for Lehman Brothers Holdings Inc.*
 *and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (SCC)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF HEARING ON THE FOUR HUNDRED FIFTY-EIGHTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on March 13, 2014, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases, filed the four hundred fifty-eighth omnibus objection to claims (the "<u>Four Hundred Fifty-Eighth Omnibus Objection to Claims</u>"), and that a hearing (the "<u>Hearing</u>") to consider the Four Hundred Fifty-Eighth Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **April 24, 2014 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Fifty-Eighth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 621; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Maurice Horwitz, Esq.); (iii) conflicts counsel for LBHI, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178 (Attn: L. P. Harrison 3rd, Esq. and Cindi Giglio, Esq.); and (iv) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York

2

17922225

10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **April 14, 2014 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Fifty-Eighth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Fifty-Eighth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: March 13, 2014
      New York, New York

                          **CURTIS, MALLET-PREVOST,
                           COLT & MOSLE LLP**

                         By:    */s/ L. P. Harrison 3rd*
                                L. P. Harrison 3rd
                                Cindi Eilbott Giglio
                         101 Park Avenue
                         New York, New York 10178-0061
                         Telephone: (212) 696-6000
                         Facsimile:  (212) 697-1559

                         *Counsel for Lehman Brothers Holdings Inc.
                          and Certain of Its Affiliates*

**HEARING DATE AND TIME: April 24, 2014 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: April 14, 2014 at 4:00 p.m. (Eastern Time)**

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Counsel for Lehman Brothers Holdings Inc.*
 *and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (SCC)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

**FOUR HUNDRED FIFTY-EIGHTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**THIS FOUR HUNDRED FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS FOUR HUNDRED FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT**
**LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL,**
**CINDI GIGLIO, AT 212-696-6936.**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1.  The Plan Administrator files this four hundred fifty-eighth omnibus objection to claims (the "Four Hundred Fifty-Eighth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") (Docket No. 6664), seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto.

2.  As discussed in further detail below, the Plan Administrator has examined each proof of claim identified on Exhibit A (collectively, the "No Liability Claims") and has determined that, in each case as identified more specifically on Exhibit A, the applicable Chapter 11 Estate against which the claim is asserted has no liability for any part of the claim.

3.  The No Liability Claims are claims filed against various Lehman Brothers entities (collectively, "Lehman") by Newport Global Advisors LP ("NGA"), an entity which manages certain investment funds, Newport Global Opportunities Fund L.P. and Newport Global Credit Fund (Master) L.P. (together, the "Funds"). According to the addenda to the No Liability Claims, NGA receives a management fee for managing the Funds, which is calculated as a percentage of the Funds' net asset value.

2

4. The No Liability Claims seek damages under an unspecified theory for loss of management fees that purportedly resulted from Lehman's alleged misconduct under (i) the Customer Account Prime Brokerage Agreement (the "Prime Brokerage Agreement") entered into between each of the Funds and various Lehman Brothers Entities (as defined in the Prime Brokerage Agreement); and (ii) the Margin Lending Agreement (the "Margin Lending Agreement" and, together with the Prime Brokerage Agreement, the "Agreements") between each of the Funds, as borrower, Lehman Brothers International (Europe), as lender, and Lehman Brothers Inc., as agent.

5. Significantly, NGA is not a party to either the Prime Brokerage Agreement or the Margin Lending Agreement.[1]  Thus, there is no privity between NGA and the Chapter 11 Estates nor has NGA articulated any other basis, in tort or otherwise, for its claims against the Chapter 11 Estates.  Further, even assuming that NGA is in privity with the Chapter 11 Estates based on the Agreements, provisions within the Agreements prevent NGA from recovering the type of damages it seeks.  The Plan Administrator, therefore, requests that the No Liability Claims be disallowed and expunged.  The Plan Administrator reserves all rights to object on any other basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

**Jurisdiction**

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] NGA was a signatory to the Prime Brokerage Agreement "solely for the purposes of the representation in Section 35" regarding ERISA.

3

17922225

**Background**

7.     Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8.     On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

9.     On December 6, 2011, the Court entered an order confirming the Plan (Docket No. 23023). The Plan became effective on March 6, 2012 (the "Effective Date"). Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The No Liability Claims Should Be Disallowed and Expunged**

10.     In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the No Liability Claims as claims that should be disallowed and expunged because they provide no basis for liability on the part of the Chapter 11 Estates.

11.     As stated above, it appears that the No Liability Claims seek damages from the Chapter 11 Estates for management fees that NGA *could have* earned, if not for Lehman's alleged misconduct under the Agreements. Importantly, NGA is not a party to either the Prime Brokerage Agreement or the Margin Lending Agreement. Thus, NGA is not even in privity with the Chapter 11 Estates such that the Chapter 11 Estates would be liable for any contract based claim. *See City Sch. Dist. of Newburgh v. Hugh Stubbins & Assocs., Inc.*, 650

4

17922225

N.E.2d 399, 401 (N.Y. 1995) ("Since there is no contract between the parties, the liability did not arise out of a contractual relationship, and therefore plaintiff—as a stranger to the contract—would be able to bring suit *in negligence alone*." (emphasis added)); *Cavalry Constr., Inc. v. WDF, Inc. (In re Cavalry Constr., Inc.)*, 428 B.R. 25, 30 (S.D.N.Y. 2010) ("[T]he general rule [is] that one party cannot sue another for breach of contract unless the two parties are in privity."), *aff'd sub nom. WDF, Inc. v. Cavalry Constr. Inc. (In re Cavalry Constr.)*, 425 F. App'x 70 (2d Cir. 2011); *Yucyco, Ltd. v. Republic of Slovenia*, 984 F. Supp. 209, 215 (S.D.N.Y. 1997) ("It is well established that a plaintiff in a breach of contract action 'may not assert a cause of action to recover damages for breach of contract against a party with whom it is not in privity.'" (quoting *Perma Pave Contracting Corp. v. Paerdegat Boat & Racquet Club, Inc.*, 549 N.Y.S.2d 57, 58 (N.Y. App. Div. 1989)). In fact, the No Liability Claims are facially devoid of any legal theory, based in tort or otherwise, under which the Chapter 11 Estates could be liable.

12. Even assuming *arguendo* that NGA is somehow in privity with the Chapter 11 Estates based on the Agreements, those very Agreements prohibit recovery of the type of damages asserted by NGA. Specifically, the Agreements state that Lehman shall not be "liable for any special, indirect, incidental or consequential damages arising out of this Agreement." *See* Prime Brokerage Agreement, ¶ 30; Margin Lending Agreement, ¶ 7(o); *see also Int'l Gateway Exch., LLC v. W. Union Fin. Servs., Inc.*, 333 F. Supp. 2d 131, 149 (S.D.N.Y. 2004) ("Courts regularly enforce contractual provisions excluding recovery of [special, indirect, incidental or consequential] damages."); *DynCorp v. GTE Corp.*, 215 F. Supp. 2d 308, 317-18 (S.D.N.Y. 2002) (dismissing claim for consequential damages where prohibited by terms of contract); *Betal Envtl. Corp. v. Local Union No. 78, Asbestos, Lead & Hazardous Waste Laborers*, 162 F. Supp. 2d 246, 260 (S.D.N.Y. 2001) (where unambiguous provision in a

5

contract excluded recovery of lost profits, defendant had no liability for such lost profits), *aff'd*, 39 F. App'x 688 (2d Cir. 2002); *Vivaro Corp. v. Raza Commc'n, Inc. (In re Vivaro Corp.)*, No. 12-13810 (MG), 2014 WL 486288, at *3-5 (Bankr. S.D.N.Y. Feb. 6, 2014) (dismissing creditor's counterclaim against debtor for consequential lost profit damages where contract between parties prohibited consequential damages).

13. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

14. The Plan Administrator has evaluated the transactions underlying the No Liability Claims and the books and records of the Chapter 11 Estates. The No Liability Claims fail to articulate or set forth any legal or contractual justification for asserting a claim against the applicable Chapter 11 Estates.

15. The Effective Date has occurred and distributions began on April 17, 2012. If the No Liability Claims remain on the claims register in the filed amount, the potential exists for recoveries by parties who do not hold valid claims against the Chapter 11 Estates. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the No Liability Claims.

6

**Notice**

16.   No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Four Hundred Fifty-Eighth Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on <u>Exhibit A</u>; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases (ECF No. 9635). The Plan Administrator submits that no other or further notice need be provided.

17.   Except as described herein, no previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: March 13, 2014
      New York, New York

                                                **CURTIS, MALLET-PREVOST,**
                                                 **COLT & MOSLE LLP**

                                                 By:   */s/ L. P. Harrison 3rd*
                                                           L. P. Harrison 3rd
                                                           Cindi Eilbott Giglio
                                             101 Park Avenue
                                             New York, New York 10178-0061
                                             Telephone: (212) 696-6000
                                             Facsimile:  (212) 697-1559

                                             *Counsel for Lehman Brothers Holdings Inc.*
                                              *and Certain of Its Affiliates*

17922225

**EXHIBIT A**

## IN RE LEHMAN BROTHERS HOLDINGS INC., et al., CASE NO. 08-13555 (JMP)
## OMNIBUS OBJECTION 458: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | NEWPORT GLOBAL ADVISORS LP | 08-13902 (JMP) | Lehman Brothers Financial Products Inc. | 09/22/2009 | 26353 | $4,021,500.00 * | $4,021,500.00* | No Liability |
| 2 | NEWPORT GLOBAL ADVISORS LP | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/22/2009 | 26354 | $4,021,500.00 * | $4,021,500.00* | No Liability |
| 3 | NEWPORT GLOBAL ADVISORS LP | 08-13900 (JMP) | Lehman Commercial Paper Inc. | 09/22/2009 | 26355 | $4,021,500.00 * | $4,021,500.00* | No Liability |
| 4 | NEWPORT GLOBAL ADVISORS LP | 08-13899 (JMP) | Lehman Brothers Derivative Products Inc. | 09/22/2009 | 26356 | $4,021,500.00 * | $4,021,500.00* | No Liability |
| 5 | NEWPORT GLOBAL ADVISORS LP | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/22/2009 | 26357 | $4,021,500.00 * | $4,021,500.00* | No Liability |
| 6 | NEWPORT GLOBAL ADVISORS LP | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26387 | $4,021,500.00 * | $4,021,500.00* | No Liability |
| 7 | NEWPORT GLOBAL ADVISORS LP | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 26389 | $4,021,500.00 * | $4,021,500.00* | No Liability |
| 8 | NEWPORT GLOBAL ADVISORS LP | 08-13907 (JMP) | CES Aviation IX LLC | 09/22/2009 | 26391 | $4,021,500.00 * | $4,021,500.00* | No Liability |
| 9 | NEWPORT GLOBAL ADVISORS LP | 09-12516 (JMP) | LB 2080 Kalakaua Owners LLC | 09/22/2009 | 26393 | $4,021,500.00 * | $4,021,500.00* | No Liability |
| 10 | NEWPORT GLOBAL ADVISORS LP | 09-10560 (JMP) | LB Rose Ranch LLC | 09/22/2009 | 26394 | $4,021,500.00 * | $4,021,500.00* | No Liability |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## OMNIBUS OBJECTION 458: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 11 | NEWPORT GLOBAL ADVISORS LP | 09-10558 (JMP) | Structured Asset Securities Corporation | 09/22/2009 | 26395 | $4,021,500.00 * | $4,021,500.00* | No Liability |
| 12 | NEWPORT GLOBAL ADVISORS LP | 09-10137 (JMP) | BNC Mortgage LLC | 09/22/2009 | 26396 | $4,021,500.00 * | $4,021,500.00* | No Liability |
| 13 | NEWPORT GLOBAL ADVISORS LP | 08-13906 (JMP) | CES Aviation V LLC | 09/22/2009 | 26502 | $4,021,500.00 * | $4,021,500.00* | No Liability |
| 14 | NEWPORT GLOBAL ADVISORS LP | 08-13905 (JMP) | CES Aviation LLC | 09/22/2009 | 26503 | $4,021,500.00 * | $4,021,500.00* | No Liability |
| 15 | NEWPORT GLOBAL ADVISORS LP | 08-13904 (JMP) | Lehman Scottish Finance L.P. | 09/22/2009 | 26504 | $4,021,500.00 * | $4,021,500.00* | No Liability |
| 16 | NEWPORT GLOBAL ADVISORS LP | 09-10108 (JMP) | Luxembourg Residential Properties Loan Finance S.a.r.l. | 09/22/2009 | 26505 | $4,021,500.00 * | $4,021,500.00* | No Liability |
| 17 | NEWPORT GLOBAL ADVISORS LP | 08-13908 (JMP) | East Dover Limited | 09/22/2009 | 26506 | $4,021,500.00 * | $4,021,500.00* | No Liability |
| 18 | NEWPORT GLOBAL ADVISORS LP | 08-13885 (JMP) | Lehman Brothers Commodity Services Inc. | 09/22/2009 | 26595 | $4,021,500.00 * | $4,021,500.00* | No Liability |
| 19 | NEWPORT GLOBAL ADVISORS LP | 08-13600 (JMP) | LB 745 LLC | 09/22/2009 | 26596 | $4,021,500.00 * | $4,021,500.00* | No Liability |
| | | | | TOTAL | | $76,408,500.00 | $76,408,500.00 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
In re                                           :    Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :    08-13555 (SCC)
                                                :
                         Debtors.               :    (Jointly Administered)
------------------------------------------------------------x
```

### ORDER GRANTING THE FOUR HUNDRED FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the four hundred fifty-eighth omnibus objection to claims, dated March 13, 2014 (the "Four Hundred Fifty-Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (Docket No. 6664) (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims, all as more fully described in the Four Hundred Fifty-Eighth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Fifty-Eighth Omnibus Objection to Claims having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Fifty-Eighth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Fifty-Eighth Omnibus Objection to Claims establish just

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Fifty-Eighth Omnibus Objection to Claims.

cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Fifty-Eighth Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and expunged with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Four Hundred Fifty-Eighth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2

17922225