**HEARING DATE AND TIME: April 24, 2014 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: April 14, 2014 at 4:00 p.m. (Eastern Time)**

> **THE FOUR HUNDRED FIFTY-NINTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE FOUR HUNDRED FIFTY-NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CANDACE M. ARTHUR, AT 212-310-8324.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (SCC) |
| Debtors. | : | (Jointly Administered) |

**NOTICE OF HEARING ON FOUR HUNDRED FIFTY-NINTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

    **PLEASE TAKE NOTICE** that on March 13, 2014, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

US_ACTIVE:\44440600\1\58399.0011

certain entities in the above-referenced chapter 11 cases, filed the four hundred fifty-ninth omnibus objection to claims (the "Four Hundred Fifty-Ninth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Four Hundred Fifty-Ninth Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **April 24, 2014 at 10:00 a.m. (Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Fifty-Ninth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 621; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Candace M. Arthur, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so

filed and received by no later than **April 14, 2014 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

     **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Fifty-Ninth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Fifty-Ninth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: March 13, 2014
   New York, New York

                /s/ Robert J. Lemons
                Robert J. Lemons
                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                Attorneys for Lehman Brothers Holdings Inc.
                and Certain of Its Affiliates

**HEARING DATE AND TIME: April 24, 2014 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: April 14, 2014 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                         :     Chapter 11 Case No.
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :     08-13555 (SCC)
                                              :
            Debtors.                          :     (Jointly Administered)
------------------------------------------------------------------x

**FOUR HUNDRED FIFTY-NINTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

---

**THIS FOUR HUNDRED FIFTY-NINTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS FOUR HUNDRED FIFTY-NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT**
**LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL,**
**CANDACE M. ARTHUR, AT 212-310-8324.**

---

US_ACTIVE:\44440600\1\58399.0011

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("<u>LBHI</u>" and the "<u>Plan Administrator</u>"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "<u>Plan</u>") for the entities in the above referenced chapter 11 cases (collectively, the "<u>Chapter 11 Estates</u>"), respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this four hundred Fifty-Ninth omnibus objection to claims (the "<u>Four Hundred Fifty-Ninth Omnibus Objection to Claims</u>"), pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (ECF No. 6664) (the "<u>Procedures Order</u>"), seeking disallowance and expungement of the claims listed on <u>Exhibit A</u> annexed hereto.

2. The Plan Administrator has examined each proof of claim identified on <u>Exhibit A</u> (collectively, the "<u>No Liability Claims</u>") and has determined that, in each case as identified more specifically on <u>Exhibit A</u>, the applicable Chapter 11 Estate against which the claim is asserted has no liability for any part of the claim. The Plan Administrator, therefore, requests that the No Liability Claims be disallowed and expunged.

3. The Plan Administrator reserves all rights to object on any other basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

**Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2

**Background**

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7. On December 6, 2011, the Court entered an order confirming the Plan (ECF No. 23023). The Plan became effective on March 6, 2012 (the "Effective Date"). Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The No Liability Claims Should Be Disallowed and Expunged**

8. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the No Liability Claims as claims that should be disallowed and expunged on the basis that they provide no basis for liability on the part of the Chapter 11 Estates.

9. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, section

3

502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

10. The Plan Administrator has evaluated the transactions underlying the No Liability Claims and the books and records of the Chapter 11 Estates. The No Liability Claims are asserted against Chapter 11 Estates that are not liable on any grounds for such claims. As described further on Exhibit A, the No Liability Claims do not set forth any legal and/or factual justification for asserting a claim against the applicable Chapter 11 Estates.

11. The Effective Date has occurred and distributions began on April 17, 2012. If the No Liability Claims remain on the claims register in the filed amount, the potential exists for recoveries by parties who do not hold valid claims against the Chapter 11 Estates. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the No Liability Claims.

**Notice**

12. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Four Hundred Fifty-Ninth Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases (ECF No. 9635). The Plan Administrator submits that no other or further notice need be provided.

4

13. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: March 13, 2014
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

5

# EXHIBIT A

US_ACTIVE:\44440600\1\58399.0011

## OMNIBUS OBJECTION 459: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ARON M. OLINER IN HIS CAPACITY AS CHAP 11 TRUSTEE OF THE KONTRABECKI | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8465 | Undetermined | Undetermined | Claim 8465 is a protective claim filed in an unliquidated amount by Aron M. Oliner in his capacity as chapter 11 trustee of the Kontrabecki Group Limited Partnership and the Central European Industrial Development Company, LLC (together, the "Entities"), in their respective chapter 11 cases pending in the Northern District of California. Lehman Brothers Holdings Inc. ("LBHI") was the largest creditor of the Entities. The claim alleges that, in August 2003, Mr. Oliner and LBHI entered into an agreement pursuant to which LBHI agreed to share with the Claimant certain proceeds recovered in connection with claims for "share dilution," including recoveries from an adversary proceeding in the California court in which LBHI and the claimant were joint plaintiffs (the "Share Dilution Adversary"). The Share Dilution Adversary was settled and dismissed by order of the court on December 10, 2010 pursuant to the terms of a settlement entered into among Mr. Oliner, LBHI, and Kontrabecki. LBHI has no liability with respect to this proof of claim because it did not collect or otherwise receive any proceeds in connection with the Share Dilution Adversary or any other matters that would be due and owing to Mr. Oliner. Further, Mr. Oliner was discharged as chapter 11 trustee and a final accounting was filed in the case on December 29, 2010 that made no mention of a balance of amounts owed by LBHI (a copy of the final accounting is attached to the proof of claim). |
| 2 | FINECOBANK SPA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 15522 | $682,080.00 * | $682,080.00* | Claim 15522 asserts a guarantee claim against Lehman Brothers Holdings Inc. ("LBHI") but includes insufficient documentation to evidence liability. Claimant failed to respond to a subpoena issued on March 18, 2013 and to subsequent attempts by LBHI for contact. Accordingly, the claim should be disallowed and expunged. |

\* - Indicates claim contains unliquidated and/or undetermined amounts                                                Page 1 of 2

## OMNIBUS OBJECTION 459: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 3 | INNOVATIVE WINDPOWER AG | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 34290 | $349,218.59 | $349,218.59 | Claim 34290 is for the return of an irrevocable wire payment made by Innovative Windpower AG on July 10, 2008 to an Lehman Brothers Holdings Inc. ("LBHI") - UK branch account in connection with a transaction between claimant and Lehman Brothers Inc. (Europe) ("LBIE"). According to the documents attached to the proof of claim, the funds were transferred to the LBHI - UK branch account for LBIE and were to be further transferred by LBIE to Linklaters LLP on behalf of the claimant for the payment of legal fees. LBHI has reviewed its records and confirmed that, on July 22, 2008, the funds were passed through by LBHI to LBIE as intended by the claimant. LBHI did not have possession of the funds after that date. LBHI was not a party to and had no other involvement in the underlying transaction between claimant and LBIE that gave rise to the transfer. For these reasons, LBHI has no liability. |
| 4 | IRISH LIFE & PERMANENT PLC | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 17852 | $2,102,985.99 * | $2,102,985.99* | Claim 17852 alleges that Irish Life & Permanent plc sent a mistaken payment to Lehman Brothers Holdings Inc. ("LBHI") that was intended to be paid to Lehman Brothers Finance AG a/k/a Lehman Brothers Finance SA ("LBF"). The amount in question was paid over to LBF in May 2013. Accordingly, LBHI has no liability for this claim because the mistaken payment has been delivered to its intended recipient. |
| 5 | MEDICAL CENTER OF THE ROCKIES | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 14787 | $3,000,000.00 * | $3,000,000.00* | Claim 14787 asserts a claim against Lehman Brothers Holdings Inc. ("LBHI") based on a purported guarantee of a primary claim against Lehman Brothers Special Financing Inc. ("LBSF"). Claimant's primary claim against LBSF, proof of claim number 14785, was disallowed and expunged by order of this Court on June 30, 2011 on the basis of no liability. Given that the primary obligor has no liability, LBHI, as purported guarantor, cannot be liable and this claim should be disallowed and expunged. |
| | | | TOTAL | | $6,134,284.58 | $6,134,284.58 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (SCC)
                                                   :
                        Debtors.                   :    (Jointly Administered)
------------------------------------------------------------x

**ORDER GRANTING THE FOUR HUNDRED FIFTY-NINTH
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

Upon the four hundred Fifty-Ninth omnibus objection to claims, dated March 13, 2014 (the "Four Hundred Fifty-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (ECF No. 6664), seeking disallowance and expungement of the No Liability Claims, all as more fully described in the Four Hundred Fifty-Ninth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Fifty-Ninth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Fifty-Ninth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Fifty-Ninth Omnibus Objection to Claims.

Hundred Fifty-Ninth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Four Hundred Fifty-Ninth Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and expunged with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Four Hundred Fifty-Ninth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
      New York, New York

                                                            UNITED STATES BANKRUPTCY JUDGE