# Exhibit 17

## Andersen, Barbara L

**From:** Shenker, Joseph
**Sent:** Tuesday, December 07, 2010 3:38 PM
**To:** Andersen, Barbara L
**Subject:** FW: Canary Wharf - Info Flow
**Attachments:** 20101203185520004.pdf

-----Original Message-----
From: Dietderich, Andrew G.
Sent: Tuesday, December 07, 2010 3:37 PM
To: Krasnow, Richard; rupert.jones@weil.com; Del Nido, Erika
Cc: Shenker, Joseph; 'levcapital@aol.com'; 'george.iacobescu@canarywharf.com'; Cash, Debra
Subject: RE: Canary Wharf - Info Flow

Richard and Rupert,

We are clear to send you the LBL agreement. Here is a copy. Feel free to forward to the other relevant professionals for LBHI and the creditors committee. This is the final, executed version.

The settlement agreement involves a voluntary extinguishment of LBL's further obligations in return for possession of the building and the preservation of an smaller unsecured claim (see end of paragraph 4). CW has concluded that releasing LBL to this extent is necessary to get the building back and mitigate its losses.

CW has until the end of the week to execute on this and get ready for the third party sale by year-end. We would rather not seek a delay from LBL, so it would be great if you could please take a look quickly and confirm this doesn't affect anything we are doing with you.

If you have any questions or concerns, let me know. We and our UK colleagues at CC can be available for a call at your convenience.

Andy

Andy Dietderich
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Tel. 212-558-3830
Fax. 212-558-3588
dietdericha@sullcrom.com

-----Original Message-----
From: Dietderich, Andrew G.
Sent: Tuesday, December 07, 2010 1:11 PM
To: 'Krasnow, Richard'; Del Nido, Erika
Cc: Shenker, Joseph; 'levcapital@aol.com'; 'george.iacobescu@canarywharf.com'; Cash, Debra
Subject: RE: Canary Wharf - Info Flow

Great. The only changes were to the definition of "Confidential Information" and Section 2.5.

-----Original Message-----
From: Krasnow, Richard [mailto:richard.krasnow@weil.com]



1

CONFIDENTIAL

CW0010440

Sent: Tuesday, December 07, 2010 1:06 PM
To: Dietderich, Andrew G.; Del Nido, Erika
Cc: Shenker, Joseph; 'levcapital@aol.com'; 'george.iacobescu@canarywharf.com'; Cash, Debra
Subject: RE: Canary Wharf - Info Flow

I think that we picked up the changes, but to be sure please send a blacklined. We will send you a revised form of agreement as promptly as possible. As we read the last portion of section 1.1, we and others who will have access to the "Confidential Information" can only utilize the same in connection with settlement discussions or any objections to the "Claims." That limited use is what we contemplated and thus is acceptable. I assume that confirmation satisfies the "use" issue that we discussed yesterday.


Richard P. Krasnow

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
richard.krasnow@weil.com
+1 212 310 8493 Direct
+1 212 310 8007 Fax



-----Original Message-----
From: Dietderich, Andrew G. [mailto:dietdericha@sullcrom.com]
Sent: Tuesday, December 07, 2010 10:32 AM
To: Krasnow, Richard; Del Nido, Erika
Cc: Shenker, Joseph; 'levcapital@aol.com'; 'george.iacobescu@canarywharf.com'
Subject: RE: Canary Wharf - Info Flow

Richard, this includes an additional change from the third party. Please replace. If you'd like a blackline, let us know.

-----Original Message-----
From: Dietderich, Andrew G.
Sent: Tuesday, December 07, 2010 10:08 AM
To: 'richard.krasnow@weil.com'; 'erika.delnido@weil.com'
Cc: Shenker, Joseph; 'levcapital@aol.com'; 'george.iacobescu@canarywharf.com'
Subject: RE: Canary Wharf - Info Flow

Richard,

Here is the confidentiality agreement. Apparently, the third party had already reviewed and approved the UK law form, and they asked that we keep as close to it as possible to expedite. If you have any necessary comments, please mark-up. If not, please put on letterhead and sign and we can send the third party agreement with name redacted.

Andy

-----Original Message-----
From: Dietderich, Andrew G.
Sent: Monday, December 06, 2010 9:15 PM
To: 'richard.krasnow@weil.com'; 'erika.delnido@weil.com'
Cc: Shenker, Joseph; 'levcapital@aol.com'; 'george.iacobescu@canarywharf.com'
Subject: Canary Wharf - Info Flow

2

CONFIDENTIAL                                                                                                          CW0010441

Richard,

I'll send confidentiality agreement in morning. It should permit sharing of the document for the 'Chemical Bank' deal on basis discussed.

The LBL settlement document, on the other hand, requires LBL approval (or reasonable advance notice) before sharing with you. We will ask LBL for expedited approval first thing in UK morning so we can send this asap as well.

Andy


This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (postmaster@weil.com), and destroy the original message. Thank you.

CONFIDENTIAL                                                                                                          CW0010442

# CANARY WHARF
## G R O U P   P L C

Heron Quays (HQ2) T1 Limited
One Canada Square
Canary Wharf
London
E14 5AB

Tel: +44 (020) 7418 2000
Fax: +44 (020) 7418 2222
Registered in England and Wales No. 4290562

Heron Quays (HQ2) T2 Limited
One Canada Square
Canary Wharf
London
E14 5AB

Tel: +44 (020) 7418 2000
Fax: +44 (020) 7418 2222
Registered in England and Wales No. 4290529

3 December 2010

To : Lehman Brothers Limited (in administration)

**Underlease (the "Lease") of 25 Bank Street, Canary Wharf, London E14 5LE: (the "Property") dated 16 March 2005: Heron Quays (HQ2) T1 Limited and Heron Quays (HQ2) T2 Limited (together "the Landlord"): Lehman Brothers Limited (in administration) ("LBL")**

1    On the basis of the agreements and confirmations set out in this letter:

1.1    We hereby request consent of the Administrators of LBL (defined below) to our forfeiting the Lease by means of peaceable re-entry (so that therefore no leave of the Court will be required).

1.2    We hereby request your confirmation that following such forfeiture, LBL waives any right to apply to the Court for relief from forfeiture.

1.3    We hereby request your confirmation that the Administrators of LBL were appointed to act as joint administrators of LBL pursuant to Orders of the High Court of Justice, Chancery Division on 15 September 2008 and on 30 November 2009 (in respect of the appointment of Derek Anthony Howell).

2    We hereby warrant on the understanding that the Administrators of LBL and LBL rely on this confirmation that we are the Landlord of the Lease and the person to whom rent is payable and that we have a valid lawful and current right to forfeit the Lease by peaceable re-entry, and further that we shall exercise that right before 11.59pm on 10 December 2010.

---

A12788229/0.3/03 Dec 2010

1

CONFIDENTIAL

CW0010443

## CANARY WHARF
### GROUP PLC

3       In consideration of the consents requested and confirmations given in paragraphs 1 and 2:

(a)     with effect from such forfeiture Heron Quays Properties Limited ("HQPL") and Canary Wharf Group plc ("CWG") will each unconditionally and irrevocably release and discharge LBL and LBL will unconditionally and irrevocably release and discharge HQPL and CWG from an agreement dated 30 March 2001 between CWG and LBL relating to numbers 1 and 2 Broadgate and various other premises on the Broadgate Estate London EC2 (and any documents supplemental to it), ("the Broadgate Payments Agreement") and from any claims and counterclaims under the Broadgate Payments Agreement, and each of HQPL, CWG and LBL covenant and undertake in favour of each other that it will not make or suffer or cause to be made or maintained any claims or counterclaims in relation to the Broadgate Payments Agreement.

(b)     With effect from such forfeiture Canary Wharf Contractors Limited ("CWCL"), and Lehman Brothers Lease and Finance (No 1) Limited (in administration) ("LBLF") will each unconditionally and irrevocably release and discharge each other from any claims and counterclaims in relation to an agreement dated 30 March 2001 between LBL, CWCL and LBHI, as novated to LBLF by an agreement dated 29 November 2001 and any supplemental documents ("the Fit Out Contract") and each of CWCL and LBLF covenant and undertake in favour of the other that it will not make or suffer or cause to be made or maintained any claims or counterclaims in relation to the Fit Out Contract.

(c)     LBL and Canary Wharf (Car Parks) Limited, Heron Quays (RT3) T1 Limited, Heron Quays (RT3) T2 Limited and Canary Wharf Management Limited ("CWML") agree that a Car Parking Agreement dated 16 March 2005 ("Car Parking Agreement") will terminate with effect from the date of forfeiture and that such Car Parking Agreement and all other documents pertaining to the car parking spaces will be extinguished and have no further effect, and further that each of LBL, Canary Wharf (Car Parks) Limited, Heron Quays (RT3) T1 Limited, Heron Quays (RT3) T2 Limited and CWML will each unconditionally and irrevocably release and discharge

CONFIDENTIAL                                                                                                          CW0010444

**CANARY WHARF**
GROUP PLC

each other from any claims and counterclaims in relation to the Car Parking Agreement and each of those parties aforesaid covenant and undertake in favour of each other of those parties that it will not make or suffer or cause to be made or maintained any claims or counterclaims in relation to the Car Parking Agreement.

(d) LBL and the Landlord acknowledge that tenant fixtures fittings chattels and furniture (other than those which are the property of sub-tenants in the building) as at 30 September 2010 have been left in the Property. LBL confirms, as far as it is aware, that it has not received any claim from any third party to any right, title or interest in any such fixtures fittings chattels and furniture and that with effect from such forfeiture all such estate right title and interest as it may have in those items will be transferred to the Landlord in consideration of the payment of £1 by the Landlord.

(e) LBL agrees to assign the benefit of the guarantee in relation to cabling works in the form attached on the date of forfeiture.

(f) We warrant that we have the right to any rents under the Lease, whether fallen due and payable or arising (if any) after the date of this letter and before forfeiture.

(g) CWG warrant that pursuant to agreements between CWG (or a group company of CWG ("CWG Group Company")) and Nomura International plc ("Nomura") relating to the Property and including an arrangement under which a payment by CWG or a CWG Group Company was made to Nomura of an amount in excess of £6.5m (the "Arrangements"), CWG (and/or any CWG Group Company) has been released from any obligation it or they may have to take proceedings or other action on behalf of and/or at the request of Nomura against LBL for unpaid rent and other liabilities under the Lease and further that neither CWG nor any CWG Group Company has granted, is aware of or will co-operate with Nomura in respect of any rights which Nomura may have against LBL in respect of such unpaid rent and other liabilities. CWG also warrant that, pursuant to the Arrangements, Nomura has unconditionally and irrevocably released and waived all and any Claims (defined below) against LBL (directly and indirectly) for unpaid rent and other liabilities

CONFIDENTIAL                                                                                                          CW0010445

under the Lease. CWG agrees to indemnify LBL in respect of any damage loss or liability it may suffer arising from any claim by Nomura and/or any assertion of rights by Nomura, and including any actual or purported rights of set off by Nomura, against LBL relating to (directly or indirectly) unpaid rent or other liabilities under the Lease and the Arrangements. For the avoidance of doubt, neither CWG nor any CWG Group Company shall be entitled to exercise any right of set-off, netting, combination of accounts, withholding or retention, arising pursuant to statute or otherwise, in respect of any sums payable to LBL under such indemnity.

(h) LBL agrees to provide and procure that its solicitors shall provide to the Landlord all reasonable assistance the Landlord reasonably requires to deal to the satisfaction of the Land Registry with any requisitions which may be raised in connection with LBL's title to forfeit the Lease or any application the Landlord may make to close the title to the Lease.

4  We, Canary Wharf (Car Parks) Limited, Heron Quays (RT3) T1 Limited, Heron Quays (RT3) T2 Limited and CWML agree that:

(a) in consideration of LBL agreeing to pay to the Landlord £1.5m. on the date of forfeiture as notified by the Landlord to LBL in writing (such payment being made by way of a direct transfer from LBL's solicitors' bank account to such account as the Landlord shall notify LBL prior to the forfeiture of the Lease), LBL is unconditionally and irrevocably released and discharged from any claims as an administration expense for unpaid rent that fell due and was payable under the Lease before the date of forfeiture,

(b) no amount, liability or obligation in relation to this letter shall be payable out of or charged on the property of LBL under paragraphs 99(3) or 99(4) of Schedule B1 to the Insolvency Act 1986 save for the payment of £1.5m. referred to in paragraph 4(a) (which payment is recognised and acknowledged by the Administrators of LBL as being so payable out of or charged on the property of LBL); and

(c) LBL is unconditionally and irrevocably released and discharged from any claims as an administration expense for any estate service charge and other sums that fell

CONFIDENTIAL                                                           CW0010446

**CANARY WHARF**
GROUP PLC

due and were payable under the Lease and Car Parking Agreement before the date of forfeiture;

provided that LBL agrees that we and/or CWML may claim against LBL as an unsecured creditor for any unpaid rent and estate charge and any other sums falling due under the Lease up to the date of forfeiture.

## 5  Confidentiality

5.1  Subject as mentioned in Clauses 5.2 and 5.3, each party shall keep confidential the terms of this letter and all information received or obtained as a result of negotiating preparing executing performing or implementing it which relates to the other parties or any agent or sub-contractor acting on their behalf including for the avoidance of doubt all discussions relating to financial claims between the parties and any information concerning persons currently or previously employed by LBL in connection with the management of and services provided at the Property. No party shall use such information for any purpose other than to perform its obligations under this letter.

5.2  Notwithstanding the other provisions of this clause 5 any party may after prior reasonable notification to the other parties whenever practicable (and in the event of any proposed disclosure of the arrangements referred to in clause 3(g) by LBL or the Administrators of LBL, after prior consultation with CWG and having regard to the confidential nature of the matters to which clause 3(g) relates) disclose confidential information if and to the extent:

(a)  required by law; or

(b)  required by any securities exchange on which any party's, or any group company of any party's, securities are listed or traded; or

(c)  required by any regulatory or governmental or other authority with relevant powers to which a party is subject or submits (whether or not the authority has the force of law); or

(d)  required to vest the full benefit of this letter in that party or to enforce any of the rights of that party in this letter; or

CANARY WHARF
GROUP PLC

(e) required by its professional advisers officers employees consultants sub-contractors or agents to provide their services (and subject always to similar duties of confidentiality); or

(f) such disclosure is to any party which has (or has had at any time) an interest in, or charge over, the Landlord's reversion or any superior interest to the Property or the income derived from the Property;

(g) such disclosure is required to make all appropriate applications to the Land Registry in relation to this letter, the completion of the agreements and actions pursuant to this letter and the closure of LBL's registered title to the Property;

(h) required in connection with complying with the requirements of TUPE;

(i) that information is in or has come into the public domain through no fault of that party; or

(j) the other parties have given prior written consent to the disclosure (such consent not to be unreasonably withheld); or

(k) it is necessary to obtain any relevant tax clearances from any appropriate tax authority; or

(l) such disclosure is being made to Lehman Brothers Holding Inc. or its advisors.

5.3 The confidentiality obligations in clause 5.1 shall not apply to:

(a) Information disclosed in the exercise of the statutory duties of the Administrators of LBL or to the extent required by current insolvency practice or to enable the Administrators of LBL properly to carry out the duties of their office provided that the arrangements referred to in clause 3(g) may only be disclosed in any such circumstances after prior consultation with CWG and having regard to the confidential nature of the matters to which clause 3(g) relates; or

(b) disclosure of this letter by CWG or a CWG Group Company to a tenant, financier or purchaser (actual or intended) of the Property.

6 Release

CONFIDENTIAL CW0010448

**CANARY WHARF**
GROUP PLC

6.1   The Landlord, HQPL, CWG, Canary Wharf (Car Parks) Limited, CWCL, Heron Quays (RT3) T1 Limited, Heron Quays (RT3) T2 Limited, and CWML (the "Releasing Parties") unconditionally and irrevocably release and discharge (and shall procure that their respective Group Companies unconditionally and irrevocably release and discharge) the Administrators of LBL and the Administrators of LBLF (together the "Administrators"), their firm, members, partners, employees, agents, advisers and representatives from any Claims and covenant and undertake in favour of the Administrators, their firm, members, partners, employees, agents, advisers and representatives that the Releasing Parties will not make or cause to be made or maintained (and that the Releasing Parties will procure that their respective Group Companies will not make or cause to be made or maintained) any Claim against the Administrators, their firm, members, partners, employees, agents, advisers and representatives. SAVE THAT the Releasing Parties shall not be prevented from making claims in respect of any liabilities under paragraph 5 of this letter.

6.2   For the purposes of paragraph 3(g) and 6.1 above, "Claims" means any and all claims, liabilities, damages, debts, losses, obligations, costs, expenses, notices of breach, reservations of rights, counter-claims, causes or rights of action or proceedings; whether at law or in equity of whatsoever nature (including but not limited to tort, breach of contract, misrepresentation, rescission, restitution, tracing, indemnity, contribution, breach of confidence, intentional misconduct, unfair harm or breach of copyright) and howsoever arising; in any jurisdiction whatsoever; whether accrued or unaccrued; whether known or unknown to the parties or any of their Group Companies; whether or not presently known to the law, and whether arising before, on or after the date of this letter and to the extent that (in any case) they relate to the Lease, the Broadgate Payments Agreement, the Car Parking Agreement, the Fit-Out Contract and/or the use of the Property.

6.3   For the purposes of this letter, "Group Company" means a group undertaking (as defined in the Companies Act 2006).

7.1   LBL acts by its administrators, Anthony Victor Lomas, Steven Anthony Pearson, Michael John Andrew Jervis, Dan Yoram Schwarzmann and Derek Anthony Howell each a partner

CONFIDENTIAL                                                                                                                                CW0010449

**CANARY WHARF**
GROUP PLC

of PricewaterhouseCoopers LLP, Plumtree Court, London EC4A 4HT (the "Administrators of LBL").

7.2   LBLF acts by its administrators, Anthony Victor Lomas, Steven Anthony Pearson, Michael John Andrew Jervis, Dan Yoram Schwarzmann and Derek Anthony Howell each a partner of PricewaterhouseCoopers LLP, Plumtree Court, London EC4A 4HT (the "Administrators of LBLF").

7.3   Subject to paragraph 7.4, the Administrators of LBL and the Administrators of LBLF have signed this letter as agents for and on behalf of LBL and LBLF respectively and neither they, their firm, members, partners, employees, agents, advisers or representatives shall incur any personal liability whatever in respect of any of the obligations undertaken by LBL and LBLF respectively; or in respect of any failure on the part of LBL and LBLF respectively to observe, perform or comply with any such obligations; or under or in relation to any associated arrangements or negotiations or under any document or assurance made pursuant to this letter. The exclusion of liability set out in this paragraph shall arise and continue notwithstanding the termination of the agency of the Administrators of LBL and the Administrators of LBLF respectively and shall operate as a waiver of any claims in tort as well as under the laws of contract.

7.4   The Administrators of LBL have signed this letter in their personal capacities solely for the purpose of providing the consent requested in paragraph 1.1, the recognition and acknowledgement in paragraph 4(b) and receiving the benefit of the provisions of this letter in their favour.

Your agreement (and the agreement of HQPL, CWG, Canary Wharf (Car Parks) Limited, CWCL, Heron Quays (RT3) T1 Limited, Heron Quays (RT3) T2 Limited and CWML) to these terms will be confirmed by your (and the other parties') signature of a copy of this letter.

CONFIDENTIAL

CW0010450

CANARY WHARF
GROUP PLC

Yours faithfully,

*[signature]*

Heron Quays (HQ2) T1 Limited
and Heron Quays (HQ2) T2 Limited

We agree the terms of this letter.

*[signature]*
..................................................

For and on behalf of Canary Wharf Group plc

*[signature]*
..................................................

For and on behalf of Canary Wharf Contractors Limited

*[signature]*
..................................................

For and on behalf of Canary Wharf (Car Parks) Limited

*[signature]*
..................................................

For and on behalf of Heron Quays (RT3) T1 Limited

*[signature]*
..................................................

For and on behalf of Heron Quays (RT3) T2 Limited

*[signature]*
..................................................

For and on behalf of Heron Quays Properties Limited

*[signature]*
..................................................

A12788229/0.3/03 Dec 2010

9

CONFIDENTIAL                                                                                                                    CW0010451

**CANARY WHARF**
GROUP PLC

*[signature]*

For and on behalf of Canary Wharf Management Limited

*[signature]*

For and on behalf of Lehman Brothers Lease and Finance (No 1) Limited (in administration) (acting as agent and without personal liability)

*[signature]*

For and on behalf of Lehman Brothers Limited (in administration) (acting as agents and without personal liability)

We agree the terms of this letter and give the consent

requested in paragraph 1.1 and the recognition and acknowledgement in paragraph 4(b):

*[signature]*

Administrator

For and on behalf of the Administrators of LBL (without personal liability and solely for the purpose of providing the consent requested in paragraph 1.1, the recognition and acknowledgement in paragraph 4(b) and receiving the benefit of the provisions of this letter in their favour)

CONFIDENTIAL

CW0010452