Presentment Date and Time: March 25, 2014 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: March 24, 2014 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): April 24, 2014 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                        :
In re                                                   :        **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,            :        **08-13555 (SCC)**
                                                        :
                        **Debtors.**                    :        **(Jointly Administered)**
                                                        :
-------------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF STIPULATION AND ORDER REGARDING MOTION TO ENFORCE THE AUTOMATIC STAY, THE PLAN, AND THE CONFIRMATION ORDER AGAINST PICBENGRO, LLC

      **PLEASE TAKE NOTICE** that Lehman Brothers Holdings Inc., as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* in the above-referenced chapter 11 cases, will present the annexed stipulation and order (the "Stipulation and Order") to the Honorable Shelley C. Chapman, United States Bankruptcy Judge, for signature on **March 25, 2014 at 12:00 p.m. (Prevailing Eastern Time)**.

      **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **March 24, 2014 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation and Order may be entered.

      **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation and Order on **April 24, 2014 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Custom House, Courtroom 621, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: March 17, 2014
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

US_ACTIVE:\44432991\6\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                        :        **Chapter 11 Case No.**
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (SCC)**
                                                             :
                                    **Debtors.**        :        **(Jointly Administered)**
-------------------------------------------------------------------x

## STIPULATION AND ORDER REGARDING
## MOTION TO ENFORCE THE AUTOMATIC STAY, THE PLAN,
## AND THE CONFIRMATION ORDER AGAINST PICBENGRO, LLC

Lehman Brothers Holdings Inc. ("LBHI"), in its capacity as Plan Administrator (in such capacity, the "Plan Administrator") under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* (the "Plan"), and on behalf of LBHI and Lehman Brothers Commercial Paper Inc. ("LCPI"), on the one hand, and Picbengro, LLC ("Picbengro," and together with LBHI and LCPI, the "Parties"), on the other hand, by their respective undersigned attorneys, hereby stipulate and agree as follows:

## RECITALS

A.      On September 15, 2008 (the "LBHI Commencement Date"), LBHI filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

B.      On October 5, 2008 (the "LCPI Commencement Date," and, collectively with the LBHI Commencement Date, the "Commencement Dates"), LCPI commenced with the Bankruptcy Court a voluntary case under chapter 11 of the Bankruptcy Code.

C.      On July 2, 2009, the Bankruptcy Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [ECF No. 4271].  The Bar Date Order established September 22, 2009 (the "Bar Date") as the general

deadline for filing proofs of claim against certain of the Debtors in the above-captioned cases (the "Debtors"), including LBHI and LCPI.

D.      On December 6, 2011, the Bankruptcy Court approved and entered an order confirming the Plan [ECF No. 23023] (the "Confirmation Order"). The Plan became effective on March 6, 2012 (the "Effective Date").

E.      Picbengro did not file any proofs of claim in the Debtors' chapter 11 cases prior to the Bar Date.

F.      On or about October 18, 2013, Picbengro filed a complaint (the "Complaint") in the Superior Court of the State of California (Los Angeles County) against *inter alia*, LBHI and LCPI, Case No. SC121532 (the "Picbengro Action"). The Complaint purports to include claims against LBHI and LCPI, including claims based on LBHI's and LCPI's alleged activities occurring before the Commencement Dates. Specifically, the Complaint includes, but is not limited to, claims that relate to the April 2004 acquisition and continued management of a limited liability company that served as the indirect owner of a motion picture and television production and development facility located in Culver City, California (known as "The Culver Studios").

G.      On December 11, 2013, LBHI and LCPI filed the *Motion to Enforce the Automatic Stay, the Plan, and the Confirmation Order Against Picbengro, LLC* [ECF No. 41486] (the "Motion").[1] In the Motion, LBHI and LCPI sought an order: (i) finding that Picbengro violated the automatic stay and the injunctions set forth in the Plan and the Confirmation Order, to the extent that the Picbengro Action includes prepetition claims against LBHI and LCPI; (ii) enjoining Picbengro from seeking any other relief based on its alleged prepetition claims against LBHI and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

US_ACTIVE:\44432991\6\58399.0011

LCPI; (iii) directing Picbengro to dismiss or amend the Picbengro Action to eliminate any prepetition claims against LBHI and LCPI; and (iv) granting LBHI and LCPI such other and further relief as is just.  Picbengro planned to oppose the Motion but, prior to the deadline for objections or opposition, commenced negotiations that resulted in this Stipulation to resolve the Motion and the issues raised therein.

H.       On December 12, 2013, LBHI, LCPI, and Property Asset Management, Inc., all of which are defendants in the Picbengro Action, removed the Picbengro Action to the United States District Court for the Central District of California (the "District Court").  Upon removal, the Picbengro Action was assigned Case No. 13-CV-9159 CAS (VBKx) (the "District Court Proceeding") in the District Court.

I.       On December 26, 2013, Picbengro and the defendants in the Picbengro Action (including LBHI and LCPI) filed the *Stipulation to Stay Action Pending Resolution of Motion to Enforce in the Bankruptcy Case* [District Court Proceeding, ECF No. 10].  The District Court stayed the District Court Proceeding pending resolution of the Motion on December 26, 2013.

J.       The Parties now wish to resolve and withdraw the Motion upon the terms set forth herein.

## AGREEMENT

1.       This Stipulation and Order shall become effective upon execution by all Parties and approval by the Bankruptcy Court (the "Stipulation Effective Date").

2.       Within seven business days after the Stipulation Effective Date, Picbengro shall request limited relief from the stipulated stay entered on December 26, 2013 for the purposes of dismissing LBHI from the District Court Proceeding with prejudice and filing an amended complaint in the District Court Proceeding, substantially in the form attached hereto as Exhibit A

-3-

(the "<u>Amended Complaint</u>").  Picbengro shall promptly file the notice of dismissal with prejudice of LBHI and the Amended Complaint after the District Court provides relief from the stipulated stay. LBHI and LCPI will stipulate or consent to allow Picbengro limited relief from the stay in the District Court Proceeding for the sole purposes of dismissing LBHI from the District Court Proceeding with prejudice and filing the Amended Complaint.

3.      Picbengro acknowledges and agrees that all of its purported claims against LBHI, and its purported claims against LCPI relating in any way to actions taken prior to the LCPI Commencement Date, are barred and discharged pursuant to the Plan and the Confirmation Order.

4.      Within seven business days after receiving actual notice of the filing of the Amended Complaint in the District Court Proceeding, LBHI and LCPI shall withdraw the Motion without prejudice.

5.      This Stipulation and Order shall not be deemed to be or used as an admission of, or evidence of, any of the allegations set forth in the Amended Complaint or that the Amended Complaint states a claim for relief against any party.

6.      Each person who executes this Stipulation and Order represents that he or she is duly authorized to do so on behalf of the applicable Party and that each such Party has full knowledge of, and has consented to, this Stipulation and Order.

7.      This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Order to present any copy, copies, or facsimiles signed by the Parties.

8.      This Stipulation and Order shall inure to the benefit of, and shall be binding upon, the Parties and their respective successors, assignees, heirs, executors, and administrators.

US_ACTIVE:\44432991\6\58399.0011

9.    This Stipulation and Order shall be exclusively governed by and construed and enforced in accordance with the laws of the State of New York, without regard to its conflicts of law principles.  The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise directly relating to this Stipulation and Order and the issues raised in the Motion.  Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter directly relating to this Stipulation and Order or the issues raised in the Motion, such matter shall be adjudicated in either the United States District Court for the Southern District of New York or a court of competent jurisdiction in the State of New York.

Dated: March 17, 2014

/s/ Jacqueline Marcus                               
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP

767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for
Lehman Brothers Holdings Inc.,
as Plan Administrator for Lehman
Brothers Holdings Inc. and Lehman
Brothers Commercial Paper Inc.

/s/ Paul M. Hittelman                               
Paul M. Hittelman

12011 San Vicente Blvd., Ste. 600
Los Angeles, CA  90049
Telephone: (310) 471-7600
Facsimile: (310) 471-7655

Attorney for Picbengro LLC

**SO ORDERED**, this
___ day of _____, 2014 in New York

_____
United States Bankruptcy Judge

**<u>Exhibit A</u>**

Amended Complaint

PAUL M. HITTELMAN SBN: 033449
PMHPC@earthlink.net
12011 San Vicente Blvd, Ste 600
Los Angeles, CA 90049-4948
Telephone: 310-471-7600
Facsimile: 310-471-7655

Attorneys for Plaintiff PICBENGRO, LLC,
a New York Limited Liability Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PICBENGRO, LLC, a New York Limited Liability Company, <br><br> Plaintiffs, <br><br> vs. <br><br> PCCP LB STUDIO CITY LOS ANGELES, LLC, a Delaware Limited Liability Company; PROPERTY ASSET MANAGEMENT INC., a Delaware Corporation; CGKL I, LLC, a Delaware Limited Liability Company; CGKL VENTURES, LLC, a Delaware Limited Liability Company; PACIFIC COAST CAPITAL PARTNERS, LLC, a Delaware Limited Liability Company; PCCP STUDIO CITY LOS ANGELES TCS MEZZANINE, LLC, a Delaware Limited Liability Company; PCCP STUDIO CITY LOS ANGELES, LLC, a Delaware Limited Liability Company; LEHMAN COMMERCIAL PAPER INC., a Delaware corporation; PACIFIC COAST CAPITAL FUNDING, LLC, a Delaware Limited Liability Company; DOES 1 through 20, inclusive. <br><br> Defendants. | CASE NO. CV13-9159 CAS (VBKx) <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES FOR:** <br><br> **1. BREACH OF FIDUCIARY DUTY;** <br><br> **2. BREACH OF OPERATING AGREEMENT;** <br><br> **3. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING** |

Plaintiff alleges as follows:

1

## THE PARTIES

2 **ALLEGATIONS IDENTIFYING PLAINTIFF**

3      1.      At all times herein mentioned Plaintiff PICBENGRO, LLC ("Plaintiff") was,

4 and now is, a limited liability company duly organized and existing under and by virtue

5 of the laws of the State of New York engaging in business in the County of Los Angeles,

6 State of California and elsewhere.

7      2.      At all times herein mentioned Plaintiff was and is the owner and holder of

8 a 10% member's interest in PCCP Studio City Los Angeles, LLC (herein "SCLA"), a

9 Delaware Limited Liability Company, which, in turn, was and is the sole member of

10 PCCP Studio City Los Angeles TCS MEZZANINE, LLC (" MEZZANINE"), a Delaware

11 Limited Liability Company, which was the sole member of PCCP Los Angeles TCS

12 ACQUISITION, LLC ("ACQUISITION"), which owned The Culver Studios, more

13 particularly hereinafter described in paragraph 3 hereof.

14 **ALLEGATIONS    IDENTIFYING    THE    DEFENDANTS    AND    THEIR**

15 **RELATIONSHIPS**

16      3.      Plaintiff is informed and believes and thereon alleges that Defendants, and

17 each of them, except LEHMAN COMMERCIAL PAPER, INC. ("LCPI")[1], directly or

18 indirectly, were involved in the acquisition, financing, ownership and operation,

19 commencing prior to April 1, 2004, of the long established motion picture and television

20 production and development facility located in downtown Culver City, California, known

21 as "The Culver Studios".   Plaintiff is further informed and believes and thereon alleges

22 that the following information describes Defendants, their respective characteristics and

23 their relationships to one another:

24

25      [1]Plaintiff is informed and believes and thereon alleges that LCPI became active and
engaged in the acts, conduct and events upon which this action is based <u>after</u> November 1, 2008
26 and that no claims are asserted against and no damages or other remedies are sought herein from
LCPI for any acts, conduct or events that occurred or were engaged in before the October 5,
27 2008 filing of LCPI's Petition for Relief under Chapter 11 of the Bankruptcy Code.   Plaintiff
asserts no claims in this action against former Defendant Lehman Brothers Holdings, Inc. and
28 seeks no damages or other remedy against. Lehman Brothers Holdings, Inc., which plaintiff has
dismissed with prejudice from this action.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

A.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendant PROPERTY ASSET MANAGEMENT INC. was, and now is, a corporation organized in 1989 and existing under and by virtue of the laws of the State of Delaware, qualified in California and engaging in business in the County of Los Angeles, State of California and elsewhere.

B.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendant LCPI, was, and now is, a corporation duly organized and existing under and by virtue of the laws of the State of Delaware, qualified in California and engaging in business in the County of Los Angeles, State of California, and elsewhere and, since April, 2013, is a successor in interest to Defendant PACIFIC COAST CAPITAL FUNDING, LLC. , a Delaware Limited Liability Company, which was the originating lender of the Mezzanine Loan hereinafter described in Paragraph 7, which was secured by Defendant MEZZANINE's pledge of all of its right, title and interest in and to ACQUISITION which, in turn, on or about April, 2004, acquired and, until March, 2014, owned the real estate, land and improvements known as "The Culver Studios". Plaintiff is informed and believes and thereon alleges that notwithstanding the prior or any contrary allegations hereof, the involvement and participation of LCPI in the events described in this complaint began after the October 5, 2008 filing of its Chapter 11 petition and prior to April, 2013. Plaintiff makes no claim against and seeks no damages or other remedy from LCPI based on acts, conduct or events engaged in or occurring prior to November 1, 2008.

C.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendant PACIFIC COAST CAPITAL

- 3 -

1    FUNDING, LLC., was, and now is, a limited liability company

2    existing under and by virtue of the laws of the State of Delaware,

3    qualified in California and engaging in business in the County of Los

4    Angeles, State of California.

5    D.    Plaintiff is informed and believes and thereon alleges that at all times

6    herein mentioned Defendant CGKL VENTURES, LLC, was, and now

7    is, a limited liability company organized in or about 1998 and existing

8    under and by virtue of the laws of the State of Delaware, qualified in

9    California and engaging in business in the County of Los Angeles,

10   State of California.

11   E.    Plaintiffs are informed and believe and thereon allege that at all times

12   herein mentioned Defendant CGKL I, LLC, was, and now is, a limited

13   liability company organized in or about 1998 and existing under and

14   by virtue of the laws of the State of Delaware, qualified in California

15   and engaging in business in the County of Los Angeles, State of

16   California.

17   F.    Plaintiff is informed and believes and thereon alleges that at all times

18   herein   mentioned   Defendant   PACIFIC   COAST   CAPITAL

19   PARTNERS, LLC was, and now is, a limited liability company

20   organized in or about 2000 and existing under and by virtue of the

21   laws of the State of Delaware, qualified in California and engaging in

22   business in the County of Los Angeles, State of California.

23   G.    Plaintiff is informed and believes and thereon alleges that at all times

24   herein   mentioned,   Defendants   CGKL   I,   LLC   and   CGKL

25   VENTURES, LLC conducted business in the State of California, and

26   the County of Los Angeles through and as Defendant PACIFIC

27   COAST CAPITAL PARTNERS, LLC.  Plaintiff is further informed

28   and believes and thereon alleges that, from time to time, one or more

- 4 -

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1    of these entities, which had common ownership, management and

2    control, Defendants CGKL I, LLC, CGKL VENTURES, LLC and

3    PACIFIC COAST CAPITAL PARTNERS, LLC, did business under

4    the assumed or fictitious name  "PCCP".  For convenience these

5    entities are herein referred to as "CGKL/PCCP".

6    H.   Plaintiff is informed and believes and thereon alleges that, at all times

7    herein mentioned Defendant CGKL/PCCP, as one member, and

8    Defendant PROPERTY ASSET MANAGEMENT INC. as the other

9    member, were and are the owners and co-managing members of

10    Defendant PCCP LB STUDIO CITY LOS ANGELES, LLC, a

11    Delaware limited liability company.  Plaintiff is further informed and

12    believes and thereon alleges that the Limited Liability Company

13    Operating Agreement of Defendant PCCP LB STUDIO CITY LOS

14    ANGELES, LLC has specific provisions relating to the authority of

15    its managing members, stating that, except for certain "Authorized

16    Acts" delegated to CGKL/PCCP, "...[Defendant PROPERTY ASSET

17    MANAGEMENT, INC.]... shall have the power and right, in its sole

18    and absolute discretion, to make all decisions regarding the company

19    and its business and assets, of every type, kind or description."

20    I.   Plaintiff is informed and believes and thereon alleges that at all times

21    herein mentioned Defendant PCCP LB STUDIO CITY LOS

22    ANGELES, LLC was, and now is, a limited liability company

23    organized in 2004 and existing under and by virtue of the laws of the

24    State of Delaware, qualified in California and engaging in business in

25    the County of Los Angeles, State of California. Plaintiff is informed

26    and believes and thereon alleges that Defendant PCCP LB STUDIO

27    CITY LOS ANGELES, LLC, at all times herein mentioned, was, and

28    now is, the holder of a 90% member's interest in, and was and is the

**FIRST AMENDED COMPLAINT FOR DAMAGES**

sole managing member of Defendant PCCP STUDIO CITY LOS ANGELES, LLC.("SCLA"), the remaining 10% member's interest of which was and is owned and held by Plaintiff.

J.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendant SCLA, was, and now is, a limited liability company organized in 2004 and existing under and by virtue of the laws of the State of Delaware, qualified in California and engaging in business in the County of Los Angeles, State of California. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendant SCLA was and is the sole and managing member of Defendant PCCP STUDIO CITY LOS ANGELES TCS MEZZANINE, LLC. ("MEZZANINE").

K.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendant MEZZANINE was, and now is, a limited liability company organized in 2004 and existing under and by virtue of the laws of the State of Delaware, qualified in California and engaging in business in the County of Los Angeles, State of California. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendant MEZZANINE was and is the sole member and managing member of  PCCP STUDIO CITY LOS ANGELES TCS ACQUISITION, LLC ("ACQUISITION").

L.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned ACQUISITION was, and now is, a limited liability company organized in 2004 and existing under and by virtue of the laws of the State of Delaware, qualified in California and engaging in business in the County of Los Angeles, State of California. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, ACQUISITION engaged in business under the fictitious

FIRST AMENDED COMPLAINT FOR DAMAGES

1    business name of "The Culver Studios" and owned the real property

2    and improvements in Culver City, California commonly known as

3    The Culver Studios, which is situated in downtown Culver City,

4    California.

5    4.    Plaintiff is informed and believes and thereon alleges that Defendants

6    CGKL/PCCP and PROPERTY ASSET MANAGEMENT INC. were entities organized

7    and existing for substantial periods of time prior to the acquisition, in about 2004, of The

8    Culver Studios by Defendant ACQUISITION.

9    5.    Plaintiff is informed and believes and thereon alleges that Defendants

10   CGKL/PCCP and PROPERTY ASSET MANAGEMENT INC. caused to be formed, for

11   the purpose of acquiring, financing, operating and managing The Culver Studios, these

12   entities:

13   A.    First, Defendants PROPERTY ASSET MANAGEMENT INC. and

14   CGKL/PCCP caused the formation of Defendant PCCP LB STUDIO

15   CITY LOS ANGELES, LLC, the first link in the chain of entities

16   formed to engage in acquisition, financing, management and

17   operation of The Culver Studios;

18   B.    Second, Defendant PCCP LB STUDIO CITY LOS ANGELES, LLC

19   caused the formation of Defendant SCLA with Defendant PCCP LB

20   STUDIO CITY LOS ANGELES, LLC as a 90% member and

21   managing member and Plaintiff as a 10% member as the next link in

22   the chain of entities formed to engage in acquisition, financing,

23   management and operation of The Culver Studios.  Plaintiff initially

24   invested $1,000,000 as its capital contribution to Defendant SCLA

25   and thereafter invested, over time in response to "cash calls", an

26   additional sum of $1,580,000 for a total investment of $2,580,000.

27   C.    Third, Defendant Defendant SCLA caused the formation of Defendant

28   MEZZANINE, the next link in the chain of entities formed to engage

- 7 -

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1        in acquisition, financing, management and operation of The Culver

2        Studios;

3      D.    Fourth   Defendant   MEZZANINE   caused   the   formation   of

4        ACQUISITION, the last link, which became the entity that acquired,

5        financed, operated and managed The Culver Studios from the time of

6        its acquisition in 2004 to the present.

7      6.    Plaintiff is informed and believes and thereon alleges that each of the

8 Defendants mentioned in paragraphs 3, 4 and 5 hereof, except LCPI, was involved,

9 directly or indirectly, in the acquisition, financing, ownership, management and operation

10 of The Culver Studios. Plaintiff is further informed and believes  and thereon alleges that

11 after the formation of Defendant MEZZANINE and ACQUISITION, the natural persons

12 who acted or purported to act on behalf of Defendant MEZZANINE and ACQUISITION,

13 regardless of their authority to do so, lack of such authority, or limits upon such authority,

14 were personnel of Defendants PROPERTY ASSET MANAGEMENT, INC.,

15 CGKL/PCCP, PACIFIC COAST CAPITAL FUNDING, LLC. and PACIFIC COAST

16 CAPITAL PARTNERS, LLC. Plaintiff is informed and believes and thereon alleges that,

17 after November 1, 2008, duly authorized personnel of LCPI became engaged with the

18 other Defendants, and each of them in the financing, ownership,  management and

19 operation of The Culver Studios.

20      7.    Plaintiff is informed and believes and thereon alleges that, in connection with

21 the acquisition and financing of The Culver Studios by ACQUISITION, in on or about

22 April 6, 2004, Defendant PACIFIC COAST CAPITAL FUNDING, LLC. entered into

23 with Defendant MEZZANINE a "MEZZANINE LOAN AGREEMENT", pursuant to

24 which $10,000,000 was loaned ("Mezzanine Loan") to Defendant MEZZANINE, which

25 pledged, as security, all membership interests in ACQUISITION.  Plaintiff is further

26 informed and believes and thereon alleges that this loan  supplemented a purchase money

27 loan arranged with another lender, iStar Financial, Inc., secured by the land, real property

28 and assets known as The Culver Studios.  Plaintiff is informed and believes and thereon

FIRST AMENDED COMPLAINT FOR DAMAGES

1   alleges ACQUISITION purchased The Culver Studio on or about April 6, 2004 utilizing

2   the two loans referred to in this paragraph.

3        8.    Plaintiff is unaware of the true names and capacities of the Defendants herein

4   designated as DOES 1 through 20, inclusive, and each of them, and therefore sue said

5   Defendants by fictitious names.  Plaintiff will seek leave of Court to amend this complaint

6   to insert the true names and capacities of said Defendants when ascertained.  Plaintiff is

7   further informed and believes and thereon alleges that each of said Defendants DOES 1-

8   20, inclusive and each of them, engaged in, and participated in the conspiracy to engage

9   in, the acts herein alleged, together with the named Defendants, and each of them.

10       9.    Plaintiff is informed and believes and thereon alleges that, commencing prior

11  to November 1, 2008, Defendants, and each of them, except LCPI, knowingly conspired

12  together to wrongfully deprive Plaintiff of the benefit and value of its membership in

13  Defendant SCLA and Defendant SCLA's ownership of ACQUISITION through

14  Defendant MEZZANINE and, through Defendant MEZZANINE and ACQUISITION,

15  The Culver Studios.   Plaintiff is informed and believes and thereon alleges that LCPI

16  joined the conspiracy herein alleged after November 1, 2008.

17       Plaintiff is further informed and believes and thereon alleges that the purposes,

18  aims   and  effects  of this  conspiracy  were  wrongfully  to  render  valueless,  and

19  misappropriate and render valueless, Plaintiff's membership interest in Defendant SCLA

20  and Defendant SCLA's ownership of Defendant MEZZANINE and, through Defendant

21  MEZZANINE, ACQUISITION  and, through ACQUISITION, The Culver Studios, by

22  engaging in, among the actions described in paragraphs 14 and 18 hereof, (a) causing

23  Defendants  CGKL/PCCP,  PROPERTY  ASSET  MANAGEMENT,  INC.  and

24  MEZZANINE to mismanage ACQUISITION and The Culver Studios to cause it, to fail

25  and refuse to fill vacant rentable studio and office space at The Culver Studios, (b)

26  causing the Culver Studios to dispose of the lucrative lighting and grip portion of its

27  business, (c) causing The Culver Studios to become engaged in costly litigation with

28  Rush  Pacifica,  LLC,  (d)  causing  ACQUISITION  to  fail  and  refuse  to  act  to

- 9 -

advantageously to sell The Culver Studios, (e) causing ACQUISITION to fail and refuse to seek out refinancing options when the Mezzanine Loan approached its April 30, 2013 maturity date, (f) to voluntarily, and without notice to, or approval by, Plaintiff, causing Defendant MEZZANINE, on or about May 21, 2013, to execute the "AGREEMENT TO TRANSFER COLLATERAL IN PARTIAL SATISFACTION OF SECURED OBLIGATIONS" transferring and surrendering to LCPI all of the rights, title and membership interests of Defendant MEZZANINE in ACQUISITION and, derivatively, in The Culver Studios thereby, rendering Defendants MEZZANINE and SCLA without assets and destroying and rendering valueless Plaintiff's member's interest in Defendant SCLA.

## **BACKGROUND OF THE DISPUTE**

10.   Heretofore and prior to April 5, 2004, Plaintiff became aware of the prospect of becoming an investor in The Culver Studios, through entities that would acquire and finance the acquisition of that property, including but not limited to Defendant PROPERTY ASSET MANAGEMENT INC. Plaintiff is informed and believes and thereon alleges that through Defendants PROPERTY ASSET MANAGEMENT INC, CGKL/PCCP, PCCP LB STUDIO CITY LOS ANGELES, LLC, Defendant SCLA, Defendant MEZZANINE and ACQUISITION, these Defendants acquired The Culver Studios on or about April 6, 2004 to thereafter own, hold, improve and operate it at what said Defendants, prior to June 15, 2004, represented to Plaintiff would be substantial operating profits and, in the longer term, substantial growth and ultimately, substantial gains on resale of The Culver Studios at an unspecified future time. Prior to June 15, 2004 said Defendants, and each of them, solicited a $1,000,000 capital investment from Plaintiff, which would purchase a 10% member's interest in Defendant SCLA, the limited liability company that would fully

1  own and control the entity or entities that, in turn would wholly own and control The

2  Culver Studios.

3        11.    Plaintiff is informed and believes and thereon alleges that, on or about

4  and prior to June 15, 2004, Defendant PROPERTY ASSET MANAGEMENT, INC.,

5  undertook, committed and expressed to Plaintiff its intent to support, fund and

6  participate in future activities and development of The Culver Studios and, from time

7  to time, to advance funds, directly and indirectly, through one or more of its affiliated

8  entities for use in the operation and contemplated expansion of The Culver Studios.

9        12.    Plaintiff is informed and believes and thereon alleges that in reasonable

10  reliance upon the representations, statements and commitments herein above set forth

11  in Paragraphs 10 and 11, plaintiff, in or about June 15, 2004, invested $1,000,0000 in

12  Defendant SCLA thereby acquiring a 10% member's interest in that entity, in which

13  the remaining 90% managing members' interest was acquired and held by Defendant

14  PCCP LB STUDIO CITY LOS ANGELES, LLC, which, by reason of the size of its

15  interest, acting in concert with the other Defendants, and each of them, controlled,

16  managed and dominated the business and affairs of Defendant SCLA to the exclusion

17  of and in derogation of Plaintiff's rights and 10% interest therein.

18        13.    Plaintiff is informed and believes and thereon alleges that on or about

19  April 6, 2004, Defendants, and each of them, except Defendant LCPI,[2] caused

20  ACQUISITION to purchase the land, buildings and improvements of The Culver

21  Studios and, thereafter, operated The Culver Studios to and including the date of

22  filing of this action, under the domination, supervision and control of Defendants

23  PROPERTY ASSET MANAGEMENT, INC. and CGKL/PPCP, with Defendant

24  PCCP as the designated day to day "managing member". Plaintiff is further informed

25  and believes and thereon alleges that although Defendant PCCP was designated as

26

27  [2]. Plaintiff is informed and believes and thereon alleges that LCPI became involved with
the other Defendants, and each of them, in the acts and conduct alleged in this Paragraph 13 after
28  November 1, 2008

- 11 -

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  "managing member", Defendant PROPERTY ASSET MANAGEMENT, INC.

2  dominated and controlled many decisions regarding The Culver Studios, its business

3  and assets.

4      14.    Plaintiff is informed and believes and thereon alleges that Defendants,

5  and each of them, except LCPI, which became involved after November 1, 2008,

6  conducted, managed and manipulated the finances, business and affairs of The Culver

7  Studios in a manner designed to cause dramatic increase in the balance of the

8  Mezzanine Loan and, ultimately, to cause The Culver Studios to default on its

9  obligation to pay the inflated principal balance of the Mezzanine Loan when due with

10 the result that, on or about May 21, 2013, Defendants, and each of them, caused

11 Defendant MEZZANINE to execute with Defendant LCPI the "Agreement to

12 Transfer Collateral in Partial Satisfaction of Secured Obligations", surrendering the

13 entirety of Defendant MEZZANINE's member's interest in ACQUISITION to the

14 successor Mezzanine Loan lender, Defendant LCPI, thereby stripping Defendant

15 MEZZANINE of its assets and rendering its sole member, Defendant SCLA, of which

16 Plaintiff is the holder of a 10% member's interest, utterly without assets and

17 valueless.

18     15.    Plaintiff is informed and believes and thereon alleges that the

19 "Agreement to Transfer Collateral in Partial Satisfaction of Secured Obligations"

20 contains these provisions concerning applicable law and venue:

21         A.    Paragraph 10:

22         "10. <u>Governing Law</u>. This Agreement and all disputes arising
           under it are governed by the laws of the State of California,
23         without regard to conflict of laws principles."

24         B.    Paragraph 12:

25         "12. <u>Consent to Jurisdiction</u>. Each party hereto irrevocably
           submits to the jurisdiction of the federal and state courts located in
26         the State of California, County of Los Angeles for purposes of any
           dispute, controversy or proceeding arising out of this Agreement
27         or any transaction contemplated thereby, including the Transfer of
           Collateral in Partial Satisfaction. Each of the Parties hereby
28         waives, and agrees not to assert in any such dispute, controversy

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1

or proceeding, in each case to the fullest extent permitted by
applicable law, any claim that (a) such Party is not personally

2

subject to the jurisdiction of such courts, (b) such Party and such
Party's property is immune from any legal process issued by such

3

courts or (c) any proceeding commenced in such courts is brought
in an inconvenient forum."

4

5

## FIRST CAUSE OF ACTION

6

### Breach of Fiduciary Duty
### (Plaintiff Against All Defendants)

7

8

16.    Plaintiff repeats, realleges and incorporates herein by this reference each

9

and every allegation herein above set forth in paragraphs 1-15, inclusive, and each of

10

them.

11

17.    Plaintiff is informed and believes and thereon alleges that by virtue of its

12

position as dominant member and managing member of Defendant SCLA, Defendant

13

PCCP LB STUDIO CITY LOS ANGELES, LLC and its managing members,

14

Defendants CGKL/PCCP and PROPERTY ASSET MANAGEMENT INC., were in a

15

fiduciary relationship with plaintiff as a minority member of Defendant SCLA and

16

owed plaintiff the highest duty of honesty, care, fidelity and truthfulness.  Plaintiff is

17

informed and believes and thereon alleges that these duties required said defendants,

18

and each of them, to act, at all times, with respect to the business and affairs of

19

Defendant SCLA in a manner consistent with the best interests of that entity and its

20

members, refraining from engaging in any acts or conduct that would prefer or benefit

21

the interests of said defendants, or any of them, to the detriment of plaintiff or

22

Defendant SCLA.

23

18.    Plaintiff is informed and believes and thereon alleges that said

24

Defendants, and each of them, except Defendant LPCI, which became involved after

25

November 1, 2008, breached the fiduciary duties owed to plaintiff by engaging in

26

wrongful acts without Plaintiff's knowledge or consent, including those described in

27

paragraphs 9 and 14 hereof, and in additional wrongful acts including, but not limited

28

to:

A.    Failing and refusing, in a continuous course of conduct from on or about January 1, 2008 through May, 2013, to properly, competently, effectively and in good faith manage and conduct the business and affairs of The Culver Studios in order to optimize the revenue therefrom and protect the value of Plaintiff's interest in Defendant SCLA;

B.    Failing diligently and competently to exercise management responsibility and duties by, in part, failing to provide the necessary responsive management guidance to project managers of the The Culver Studios in order to enable them, in turn, competently to manage the business of The Culver Studios;

C.    Failing timely, responsibly, or at all, to respond to requests for approval or disapproval of business activities proposed by project managers of The Culver Studios, who could not, without such approval or disapproval, engage in essential business activities;

D.    Paying fees and commissions to themselves, which were neither authorized nor disclosed by the members of Defendant SCLA;

E.    Rejecting potential business opportunities that would have increased the revenue of The Culver Studios including, but not limited to, refusing to take over the offered management of the Manhattan Beach Studios for fair compensation;

F.    Failing and refusing to accept advantageous refinancing options proposed by the senior secured lender iStar Financial, Inc., as its loan on The Culver Studios approached maturity and, at a later time, when the Mezzanine Loan approached maturity;

G.    Failing and refusing to pursue qualified bidders when The Culver Studios was offered for sale;

**FIRST AMENDED COMPLAINT FOR DAMAGES**

H.   In early 2009, when the iStar Financial, Inc. loan secured by The Culver Studios became due, failing to make timely effort to extend and refinance the loan thereby incurring approximately 8 months of penalty interest at a loss to The Culver Studios of more than $2,500,000;

I.   In or about 2012, rejecting a refinancing proposal on advantageous terms that would have yielded approximately $6,000,000 of gross refinance proceeds to the venture;

J.   Failing timely, effectively and competently to locate, negotiate for, arrange for and finalize refinancing of the Mezzanine Loan which was secured by a pledge by Defendant MEZZANINE to the Mezzanine Loan Lender, Defendant PACIFIC COAST CAPITAL FUNDING, LLC, of all Defendant MEZZANINE's right, title, ownership and member's interest in ACQUISITION and, derivatively, in The Culver Studios;

K.   By wrongfully, and without notice to or consent of plaintiff, causing the May 21, 2013 transfer and surrender to Defendant LCPI, the successor in interest to PACIFIC COAST CAPITAL FUNDING, LLC., the Mezzanine Loan Lender, the "Pledged Collateral" including, but not limited to Defendant MEZZANINE's right, title, interest and 100% member's interest in and to ACQUISITION, thereby depriving Defendant SCLA of all of its assets and rendering plaintiff's 10 % member's interest in that entity valueless;

L.   Other wrongful acts presently unknown to Plaintiff, who will seek leave of court to amend this complaint to insert the description of those acts when ascertained.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

19.    The acts and conduct of said Defendants, and each of them, in breach of

their fiduciary duties were engaged in in furtherance of the conspiracy among

defendants hereinabove alleged and for the purpose of defeating, eliminating and

rendering valueless plaintiff's interest in Defendant SCLA and. derivatively, through

Defendant MEZZANINE, ACQUISITION and The Culver Studios, for the purpose

of transferring ownership and control of those assets to a member or members of the

conspiracy. Accordingly, Plaintiff is informed and believes and thereon alleges that

the acts and conduct of said Defendants, and each of them, hereinabove alleged were

done in order to benefit defendants, and each of them, to the exclusion of and at the

expense of Plaintiff and in violation of fiduciary duties owed to Plaintiff.

20.    As a direct and proximate result of the breaches of fiduciary duties by

said Defendants, and each of them, Plaintiff has sustained damages in an amount not

less than $2,580,000 plus additional sums presently unknown to Plaintiff, which will

seek leave of court to amend the Complaint to insert such amounts when they have

been ascertained.

21.    The "Amended and Restated Limited Liability Company Operating

Agreement of PCCP Studio City Los Angeles, LLC" dated as of June 15, 2004(

"SCLA Operating Agreement"), contains the following provision concerning

attorneys' fees:

Section 8.3 Attorneys' Fees. If the Company or any Member obtains a
judgment against any other Member by reason of breach of this
Agreement or failure to comply with the provisions hereof, a reasonable
attorneys' fee as fixed by the court shall be included in such judgment.

Plaintiff has employed counsel, has incurred, and will incur, attorney's fees, for

instituting and maintaining this action. Plaintiff is, therefore, entitled to recover a

reasonable attorneys' fee to be fixed by the court.

22.    Plaintiff is informed and believes and thereon alleges that in breaching

their fiduciary duties, said Defendants, and each of them, have acted fraudulently and

intentionally, with malice and in reckless disregard of Plaintiff's rights, engaging in

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1   the aforesaid conduct with the specific intent to damage plaintiff by rendering its

2   interest in Defendant SCLA valueless. Plaintiff is informed and believes and thereon

3   alleges that such conduct is despicable and that punitive and/or exemplary damages

4   should be awarded against defendants, and each of them, in such amount as may be

5   adjudicated to be just and proper in the circumstances.

6

7   **<u>SECOND CAUSE OF ACTION</u>**

8   **Plaintiff Against Defendant SCLA, Property Asset Management, Inc.,**
  **CGKL/PCCP, PCCP LB Studio City Los Angeles, LLC for**
9   **Breach of Operating Agreement**

10

11   23.   Plaintiff repeats, realleges and incorporates herein by this reference each

12   and every allegation herein above set forth in paragraphs 1-21, inclusive, and each of

  them.

13

14   24.   Heretofore and on or about June 15, 2004, Defendant SCLA was formed

15   with Defendant PCCP LB STUDIO CITY LOS ANGELES, LLC. as its 90%

16   managing member and Plaintiff as a 10% member. Plaintiff is informed and believes

  and thereon alleges that as of June 15, 2004, the SCLA Operating Agreement was
17

18   executed, the terms and conditions of which describe the duties and obligations of the

19   members and which designate Defendant PCCP LB STUDIO CITY LOS ANGELES,

20   LLC as Defendant SCLA's sole and managing member. Plaintiff is informed and

21   believes and thereon alleges that Defendant PCCP LB STUDIO CITY LOS

22   ANGELES, LLC was operated and controlled by personnel of Defendant

  PROPERTY ASSET MANAGEMENT, INC. and CGKL/PCCP.
23

24   25.   As established by the SCLA Operating Agreement, Plaintiff owns 10%

25   of Defendant SCLA. Plaintiff is informed and believes and thereon alleges that

26   Defendants Defendant SCLA, PCCP LB STUDIO CITY LOS ANGELES, LLC,

  PROPERTY ASSET MANAGEMENT, INC. and CGKL/PCCP have engaged in the
27

28   acts and conduct hereinabove alleged to render valueless Plaintiff's 10% interest in

Defendant SCLA. Plaintiff is further informed and believes and thereon alleges that said defendants are liable to Plaintiff, as a minority member of Defendant SCLA, whether Plaintiff's loss or damage results from fraud, deceit, gross negligence or intentional misconduct. Plaintiff is further informed and believes and thereon alleges that under the SCLA Operating Agreement, the majority member of Defendant SCLA, Defendant PCCP LB STUDIO CITY LOS ANGELES, LLC and, thus, its members, Defendants PROPERTY ASSET MANAGEMENT INC. and CGKL/PCCP, are the managing members of Defendant SCLA.

26.    Plaintiff is informed and believes and thereon alleges that said defendants have engaged in the wrongful acts and conduct hereinabove alleged and have thereby breached obligations of the majority member and manager of Defendant SCLA to Plaintiff.

27.    Plaintiff is informed and believes and thereon alleges that it has fully performed and satisfied every condition, covenant and obligation under the SCLA Operating Agreement except as and to the extent that it has been prevented from doing so by the acts and conduct of defendants, and each of them.

28.    Plaintiff is informed and believes and thereon alleges that, as a result of the wrongful acts and misconduct of said defendants, and each of them, Plaintiff has sustained damages in an amount of not less than $2,580,000 plus additional sums presently unknown to Plaintiff, which will seek leave of court to amend this complaint to insert such amounts when they have been ascertained.

## THIRD CAUSE OF ACTION

**Plaintiff Against Defendant SCLA, Property Asset Management, Inc., CGKL/PCCP, PCCP LB Studio City Los Angeles, LLC for Breach of Implied Covenant of Good Faith and Fair Dealing**

29.    Plaintiff repeats, realleges and incorporates herein by this reference each and every allegation herein above set forth in paragraphs 1-21, inclusive, and each of them.

FIRST AMENDED COMPLAINT FOR DAMAGES

30.     The SCLA Operating Agreement contains the implied covenant of good faith and fair dealing, binding upon all parties thereto and enforceable by any of them. Plaintiff is informed and believes and thereon alleges that said defendants, and each of them, breach the implied covenant of good faith and fair dealing by engaging in the acts, conduct and omissions hereinabove set forth to destroy the value of Plaintiff's interest in Defendant SCLA and thereby acquire, indirectly, sole ownership and control of The Culver Studios.

31.     Plaintiff is informed and believes and thereon alleges that it has fully performed and satisfied every condition, covenant and obligation under the SCLA Operating Agreement except as and to the extent that it has been prevented from doing so by the acts and conduct of defendants, and each of them.

32.     Plaintiff is informed and believes and thereon alleges that, as a result of the wrongful acts and misconduct of said defendants, and each of them, Plaintiff has sustained damages in an amount of not less than $2,580,000 plus additional sums presently unknown to Plaintiff which will seek leave of court to amend this complaint to insert such amounts when they have been ascertained.

WHEREFORE, Plaintiff prays judgment against the Defendants, and each of them, as follows:

On the First Cause of Action:

1.     For compensatory damages of not less than $2,580,000 plus interest according to proof;

2.     For reasonable attorney's fees;

3.     For exemplary and punitive damages according to proof;

On the Second Cause of Action:

1.     For compensatory damages of not less than $2,580,000 plus interest according to proof;

**FIRST AMENDED COMPLAINT FOR DAMAGES**

2.    For reasonable attorney's fees;

On the Third Cause of Action:

1.    For compensatory damages of not less than $2,580,000 plus interest according to proof;

2.    For reasonable attorney's fees;

On the Complaint in its entirety:

1.    For Plaintiff's costs of suit herein occurred;

2.    For such other and further relief as the Court may deem just and proper in the premises.

DATED: March 11, 2014                    PAUL M. HITTELMAN

_____
PAUL M. HITTELMAN
Attorney for Plaintiff PICBENGRO,LLC

**FIRST AMENDED COMPLAINT FOR DAMAGES**