UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :    08-13555 (SCC)
                                              :
                Debtors.                      :    (Jointly Administered)
                                              :
------------------------------------------------------------x

## CONSENT ORDER ESTABLISHING SINGLE RESERVE FOR CLAIMS

Upon the motion (the "Motion")[1] dated February 20, 2014 of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), for approval, pursuant to sections 105(a) and 1142 of title 11 of the United States Code and sections 8.4, 8.13, and 14.1 of the Plan, to establish a single reserve for multiple proofs of claim, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) Stonehill; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Plan, as applicable.

cases [ECF No. 9635]; and it appearing that no other or further notice need be provided; and Stonehill having filed an objection to the Motion [ECF No. 43335] and the Plan Administrator having filed a reply in further support of the Motion [ECF No. 43386]; and a hearing having been held to consider the relief requested in the Motion; and the parties having advised the Court of a consensual resolution of the Motion as reflected in this Order; and the Court having found and determined that entry of this Order is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the resolution of the Motion as reflected in this Order is hereby approved; and it is further

ORDERED that the Plan Administrator is authorized and directed to retain a single aggregate Disputed Claim reserve of Available Cash in the amount of $55,060,304.00 (the "Stonehill Offshore Reserve Amount") on account of the 20 proofs of claim listed on Exhibit A to the Motion filed by Stonehill Offshore against the Chapter 11 Estates (the "Stonehill Offshore Claims"); and it is further

ORDERED that the Plan Administrator may determine which one or more Chapter 11 Estates shall retain the Stonehill Offshore Reserve Amount, provided that, if a Stonehill Offshore Claim is Allowed against a Chapter 11 Estate, Stonehill Offshore shall, subject to Article VIII of the Plan, be able to receive Distributions of Cash up to the Stonehill Offshore Reserve Amount equal to the amount of Distributions that would have been distributed by the particular Chapter 11 Estate had the claim been Allowed as of the Effective Date, regardless of whether the Chapter 11 Estate retained Available Cash in accordance with this paragraph; and it is further

2

ORDERED that the Plan Administrator is authorized and directed to retain a single aggregate Disputed Claim reserve of Available Cash in the amount of $48,835,956.00 (the "Stonehill Institutional Reserve Amount") on account of the 20 proofs of claim listed on Exhibit A to the Motion filed by Stonehill Institutional against the Chapter 11 Estates (the "Stonehill Institutional Claims"); and it is further

ORDERED that the Plan Administrator may determine which one or more Chapter 11 Estates shall retain the Stonehill Institutional Reserve Amount, provided that, if a Stonehill Institutional Claim is Allowed against a Chapter 11 Estate, Stonehill Institutional shall, subject to Article VIII of the Plan, be able to receive Distributions of Cash up to the Stonehill Institutional Reserve Amount equal to the amount of Distributions that would have been distributed by the particular Chapter 11 Estate had the claim been Allowed as of the Effective Date, regardless of whether the Chapter 11 Estate retained Available Cash in accordance with this paragraph; and it is further

ORDERED that Stonehill Offshore and/or Stonehill Institutional shall by April 15, 2014, file any motion (a "Stonehill Motion") for relief to either (a) amend, liquidate, or supplement the Stonehill Offshore Claims or the Stonehill Institutional Claims or (b) file late claims; *provided* that the Stonehill Motion shall not seek to compel or determine the allowance or validity of any Stonehill Offshore Claim or Stonehill Institutional Claim; and it is further

ORDERED that after April 15, 2014, Stonehill shall be forever barred from filing a motion for authorization to amend the Stonehill Claims or to file late claims as provided in paragraph 86 of the Confirmation Order [ECF No. 23023]; *provided however* that Stonehill Offshore or Stonehill Institutional may file a motion or otherwise seek permission of the Court to assert facts, matters or circumstances that (a) are not or were not known to, or in the possession

or control of, Stonehill Offshore or Stonehill Institutional or any of their affiliates prior to the date hereof and (b) are produced in any discovery taken with respect to the Stonehill Offshore Claims or the Stonehill Institutional Claims, or legal theories based thereon, and the Plan Administrator's rights to object to any such motion are fully preserved; and it is further

ORDERED that the Plan Administrator shall have a minimum of twenty-one (21) calendar days to file a response or objection to any Stonehill Motion, Stonehill shall have ten (10) days to file any reply to the Plan Administrator's response or objection, and, unless agreed to by the Plan Administrator and Stonehill, the initial hearing to consider the Stonehill Motion shall be scheduled on a date no earlier than seven (7) days after Stonehill files a reply; and it is further

ORDERED that if either (a) Stonehill Offshore does not so file a Stonehill Motion by April 15, 2014, or (b) the Stonehill Motion is denied in its entirety, the Stonehill Offshore Reserve Amount shall be reduced to $23,460,716.00 or such lower amount as determined by the Court; and it is further

ORDERED that if either (a) Stonehill Institutional does not so file a Stonehill Motion by April 15, 2014, or (b) the Stonehill Motion is denied in its entirety, the Stonehill Institutional Reserve Amount shall be reduced to $20,291,092.12 or such lower amount as determined by the Court; and it is further

ORDERED that if a Stonehill Motion filed by Stonehill Offshore is granted, in whole or in part, the Stonehill Offshore Reserve Amount shall be modified to the amount in which the Court authorizes a Stonehill Offshore Claim to be filed by Stonehill Offshore; and it is further

ORDERED that if a Stonehill Motion filed by Stonehill Institutional is granted, in

4

whole or in part, the Stonehill Institutional Reserve Amount shall be modified to the amount in which the Court authorizes a Stonehill Institutional Claim to be filed by Stonehill Institutional; and it is further

ORDERED that nothing in the Motion or the reply or argument in support thereof or in this Order shall affect, or be deemed an admission or determination regarding, the validity, characterization, allowance, or disallowance of any of the Stonehill Offshore Claims or Stonehill Institutional Claims or any Stonehill Motion or any other motion in any respect; and it is further

ORDERED that nothing herein shall affect the Disputed Claim reserves in respect of claims filed by Stonehill other than the Stonehill Offshore Claims or the Stonehill Institutional Claims; and it is further

ORDERED that all other rights and defenses of the Plan Administrator and Stonehill with respect to the Stonehill Offshore Claims or the Stonehill Institutional Claims or any Stonehill Motion are fully preserved, including without limitation, the Plan Administrator's right to object on any basis, conduct discovery, and seek further reductions to the Stonehill Offshore Reserve Amount or the Stonehill Institutional Reserve Amount and Stonehill's right to object to same; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: March 18, 2014
New York, New York

                              */s/ Shelley C. Chapman*
                              HONORABLE SHELLEY C. CHAPMAN
                              UNITED STATES BANKRUPTCY JUDGE