WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                            :
**In re**                                   :        **Chapter 11 Case No.**
                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, :        **08-13555 (SCC)**
                                            :
                            **Debtors.**    :        **(Jointly Administered)**
                                            :
-------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER**
**28 U.S.C. § 1746 REGARDING OMNIBUS CLAIMS**
**OBJECTION SCHEDULED FOR HEARING ON APRIL 24, 2014**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of

the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

1.      Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and its Affiliated Debtors for the entities in the above-referenced chapter 11 cases

(collectively, the "Debtors"), filed the following omnibus claims objection (the "Claims Objection") with the Court for hearing on or before April 24, 2014:

(a)    Four Hundred Forty-Eighth Omnibus Objection to Claims (No Liability Claims) [ECF No. 42620]

2.    In accordance with the Second Amended Case Management Order, the Plan Administrator established a deadline (the "Response Deadline") for the Claim Objection for parties to object or file responses.  The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.    The Response Deadline has now passed and, to the best of my knowledge, no responsive pleadings to the Claims Objection have been (a) filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on counsel to the Plan Administrator or the Debtors (or such responsive pleadings have been withdrawn) by any of the holders of the claims included on Exhibit 1 to the Order attached hereto, which includes only the proofs of claim for which the Claims Objection will be granted.

4.    Accordingly, the Plan Administrator respectfully requests that the proposed order granting the Claims Objection annexed hereto as Exhibit A, which is unmodified since the filing of the Claims Objection, be entered in accordance with the procedures described

US_ACTIVE:\44450513\2\58399.0011

in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: March 24, 2014
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

US_ACTIVE:\44450513\2\58399.0011

**EXHIBIT A**
**(Proposed Order – ECF No. 42620)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
In re                                                              :    **Chapter 11 Case No.**
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (SCC)**
                                                                   :
                                    **Debtors.**        :    **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING THE FOUR HUNDRED FIFTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the four hundred fifty-seventh omnibus objection to claims, dated February 7, 2014 (the "Four Hundred Fifty-Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (ECF No. 6664) (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims, all as more fully described in the Four Hundred Fifty-Seventh Omnibus Objection to Claims; and due and proper notice of the Four Hundred Fifty-Seventh Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Fifty-Seventh Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Fifty-Seventh Omnibus Objection to Claims establish just

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Fifty-Seventh Omnibus Objection to Claims.

US_ACTIVE:\44450513\2\58399.0011

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefore, it is

   ORDERED that the relief requested in the Four Hundred Fifty-Seventh Omnibus

Objection to Claims is granted; and it is further

   ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and

expunged with prejudice; and it is further

   ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Four Hundred

Fifty-Seventh Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it

is further

   ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2014
   New York, New York

     _____
     UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44450513\2\58399.0011

**EXHIBIT 1**

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 457: EXHIBIT 1 - NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|------|-------------|-------------|------------|---------|------------------------------|--------------------------|----------------------------------|
| 1 | FAIRBAIRN TRUST COMPANY LIMITED AS TRUSTEE OF | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/19/2009 | 41375 | $54,300.00 | $54,300.00 | Claimant failed to provide a blocking number for the Lehman Programs Security included on the claim (the "Security"), and such failure is a violation of this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (ECF No. 4271) (the "Bar Date Order").  Additionally, LBHI's records reflect that the entire issuance of the Security has been blocked and validly claimed by other claimants.  Therefore, LBHI is not liable to claimant in connection with the Security because the claim fails to comply with the Bar Date Order and is duplicative of other claims based on Lehman Programs Securities. |
| 2 | ROSFUND SPC, FOR AND ON BEHALF OF ITS | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/18/2009 | 18769 | $2,000,000.00 | $2,000,000.00 | Claim 18769 asserts a claim for return of collateral that claimant provided in connection with that certain Deed of Indemnity between claimant and LBSF.  Pursuant to Section 4.2 of the Deed of Indemnity, LBSF is required to return amounts only to the extent the Total Collateral Realisable Value exceeds the Losses.  Based on LBSF's calculation, the Losses exceed the Total Collateral Realisable Value, and therefore, LBSF is not required to return the collateral. As such, LBSF does not have any liability to claimant under the Deed of Indemnity. |

* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 457: EXHIBIT 1 - NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 3 | ROSFUND SPC, FOR AND ON BEHALF OF ITS | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18768 | $4,725,000.00 | $4,725,000.00 | The portion of claim 18768 in the amount of $2,725,000 (the "Settlement Amount") is based on LBHI's purported guarantee of alleged obligations incurred by Lehman Brothers Treasury Co. B.V. ("LBT"). Prior to LBHI's petition date, claimant allegedly had agreed to deliver certain notes (the "LPS Notes") to LBT in exchange for LBT's payment of the Settlement Amount, but the trade failed to occur. Claimant then asserted a direct claim against LBT for the Settlement Amount. Claimant contends that LBHI guaranteed the obligations of LBT, and as a result of the failed trade LBHI is obligated to claimant for the Settlement Amount. However, claimant also filed claim number 43783 against LBHI (the "LPS Claim") based on claimant's ownership of the LPS Notes, and the LPS Claim has been allowed and begun receiving distributions. Therefore, the portion of claim 18768 based on the Settlement Amount is duplicative of the LPS Claim and must be disallowed and expunged. |
| | | | | | | | | The remaining portion of claim 18768, in the amount of $2,000,000, is based on LBHI's purported guarantee of alleged obligations incurred by LBSF. Claimant has asserted a direct claim against LBSF for the return of collateral that claimant provided in connection with that certain Deed of Indemnity between claimant and LBSF.[1] Claimant contends that LBHI guaranteed the obligations of LBSF, and as a result, LBHI is liable to claimant for the return of the collateral. Pursuant to Section 4.2 of the Deed of Indemnity, LBSF is required to return amounts only to the extent the Total Collateral Realisable Value exceeds the Losses. Based on LBSF's calculation, the Losses exceed the Total Collateral Realisable Value, and therefore, LBSF is not required to return the collateral. As such, LBHI is not liable to claimant for any purported guarantee of such invalid obligations. |
| | | | | | | | | To the extent claim 18768 is not expunged in its entirety pursuant to this objection, LBHI reserves all of its rights to dispute the validity of all or any portion of the claim on any basis whatsoever, including the validity of any purported guarantee referenced in the claim. |

[1] The direct claim against LBSF is represented by claim number 18769 and is also included on this objection.

| | TOTAL | | | | | $6,779,300.00 | $6,779,300.00 | |