BRIJESH P. DAVE
LEHMAN BROTHERS HOLDINGS INC.
OFFICE OF THE GENERAL COUNSEL
1271 AVENUE OF THE AMERICAS
New York, New York 10020
Telephone: (646) 285-9441
Facsimile: (646) 285-9337

Attorney for Lehman Brothers Special
Financing Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

|  |  |  |
|---|---|---|
|  | : |  |
| **In re** | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (SCC)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

-------------------------------------------------------------------x

### NOTICE OF ADR PROCEDURES AND SCHEDULING
### OF CLAIMS OBJECTION HEARING WITH RESPECT TO
### <u>OBJECTION TO PROOF OF CLAIM NO. 68076</u>

PLEASE TAKE NOTICE that on **July 9, 2012**, Lehman Brothers Special Financing Inc. ("LBSF" or "Lehman") objected to proof of claim number 68076 (the "<u>Proof of Claim</u>") filed by **CONWAY HOSPITAL INC.** (the "<u>Claimant</u>") pursuant to **THREE HUNDRED TWENTY THIRD OMNIBUS OBJECTION TO CLAIMS (LATE FILED CLAIMS), ECF No. 29295** (the "<u>Objection</u>").

PLEASE TAKE FURTHER NOTICE THAT THE ATTACHED *COURT-ORDERED CLAIMS HEARING PROCEDURES AND ADR PROCEDURES* (THE **"<u>PROCEDURES</u>")** APPLY AND GOVERN THE OBJECTION TO YOUR PROOF OF CLAIM THAT IS SCHEDULED FOR THE CLAIMS OBJECTION HEARING BEFORE THE BANKRUPTCY COURT ON THE DATE SET FORTH BELOW.

PLEASE TAKE FURTHER NOTICE that on **May 14, 2014, at 10:00 a.m.** (Prevailing Eastern Time), in accordance with the Procedures, a copy of which is attached hereto, the United States Bankruptcy Court for the Southern District of New York will commence a Claims Objection Hearing (as defined in the Procedures) for the purposes of holding an evidentiary hearing on the merits of the Proof of Claim.

PLEASE TAKE FURTHER NOTICE that the Procedures provide for certain mandatory actions by the Claimant within certain time periods.  Therefore, please review the Order carefully.  Failure to comply with the Procedures may result in the disallowance and expungement of the Proof of Claim without further notice to the Claimant.

PLEASE TAKE FURTHER NOTICE that the Procedures provide that Lehman and the Claimant shall confer as soon as practicable following service of this Notice of ADR Procedures to determine a date and time for the Mediation.  **In order to schedule the Mediation and initiate the Negotiation, please contact Brijesh P. Dave at 646-285-9441 upon receipt of this Notice.**

PLEASE TAKE FURTHER NOTICE that Lehman may further adjourn the Claims Objection Hearing at any time by providing notice to the Court and the Claimant.

Dated: March 26, 2014
        New York, New York

/s/ Brijesh Dave
Brijesh P. Dave
LEHMAN BROTHERS HOLDINGS INC.
OFFICE OF THE GENERAL COUNSEL
1271 Avenue of the Americas
New York, New York 10020
Telephone: (646) 285-9441
Facsimile: (646) 285-9337

*Attorney for Lehman Brothers Special Financing Inc.*

# PROCEDURES ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
In re                                                 :     **Chapter 11 Case No.**
                                                      :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*          :     **08-13555 (JMP)**
                                                      :
                          **Debtors.**                :     **(Jointly Administered)**
------------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105 OF THE**
**BANKRUPTCY CODE, BANKRUPTCY RULE 9014,**
**AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS TO**
**IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE**
<u>**DISPUTE RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS**</u>

Upon the Motion, dated March 15, 2010 (the "<u>Motion</u>"),[1] of Lehman Brothers

Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors in possession (together, the "<u>Debtors</u>"), pursuant to section 105 of title 11 of the United

States Code (the "<u>Bankruptcy Code</u>"), Rule 9014 of the Federal Rules of Bankruptcy Procedure

(the "<u>Bankruptcy Rules</u>"), and General Order M-390 (the "<u>General Order</u>"), for authorization to

implement Claims Hearing Procedures and ADR Procedures for Claims against the Debtors, all

as more fully set forth in the Motion; and due and proper notice of the Motion having been

provided, and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the Motion is in the best interests of the Debtors,

their estates, creditors, and all parties in interest and that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion.

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Claims Hearing Procedures and the ADR Procedures, as set forth in Exhibit A attached hereto, are approved to the extent set forth herein; and it is further

ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to implement the Claims Hearing Procedures and the ADR Procedures; and it is further

ORDERED that the Creditors' Committee is authorized to use the Claims Hearing Procedures and the ADR Procedures to the extent the Debtors delegate by order of the Court to the Creditors' Committee the authority to prosecute and resolve an objection to a Claim; and it is further

ORDERED that any information submitted in connection with a Proof of Claim or a Derivative or Guarantee Questionnaire shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures and the ADR Procedures; and it is further

ORDERED that upon service of an objection, omnibus or otherwise, to a Proof of Claim filed by a Claimant other than the Internal Revenue Service (or an objection to the Scheduled Claim amount for an LBHI Issued LPS), the Debtors, each Claimant, and each Indenture Trustee with Authority (as defined herein) to whom such objection applies (or who filed an objection to the Scheduled Claim amount for any LBHI Issued LPS) shall be enjoined from commencing or continuing any action or proceeding, or engaging in any discovery, in any manner or any place, including this Court, seeking to establish, liquidate, collect on, or otherwise enforce any Contested Claims identified in such objection other than (i) through the Claims Hearing Procedures and the ADR Procedures or (ii) pursuant to a plan or plans confirmed in the

applicable Debtors' chapter 11 cases (the "Temporary Litigation Injunction"); provided,

however, that the Temporary Litigation Injunction shall expire with respect to a Contested Claim

only (i) when that Contested Claim has been resolved by virtue of a settlement between the

parties, reached through these ADR Procedures or otherwise, or (ii) upon the parties' mutual

agreement (or entry of a Court order, which either party may seek, if the parties are unable to

agree) on a Claims Litigation Schedule (as defined in Exhibit A attached hereto) for the Merits

Hearing or the Claims Objection Hearing, as applicable, for such Contested Claim; provided

further, that notwithstanding anything set forth herein to the contrary, the Temporary Litigation

Injunction shall not apply to any Claimant with respect to the investigation, prosecution, or

defense of any of its claims or rights as against Lehman Brothers Inc., any other entity affiliated

with the Debtors that is the subject of a bankruptcy, insolvency, or similar proceeding in a

foreign jurisdiction, or any entity not affiliated with the Debtors; and it is further

ORDERED that nothing in the Claims Hearing Procedures or the ADR

Procedures shall preclude any party to an executory contract with any Debtor from seeking from

the Court adequate assurance of future performance related to an executory contract pursuant to

the Bankruptcy Code; and it is further

ORDERED that any resolution of an objection to a Scheduled Claim amount for

an LBHI Issued LPS (whether pursuant to order of the Court, in accordance with this Order, or

pursuant to arbitration in accordance with the General Order) shall be deemed to apply to all

holders of the security with the same International Securities Identification Number ("ISIN");

provided, however, that, notwithstanding anything to the contrary contained in this Order, the

Claims Settlement Procedures Order, the General Order, or any other applicable Court order or

rule, (i) the Debtors shall provide an opportunity, upon notice consistent with the Claims Hearing

3

Procedures and the ADR Procedures, for every holder of an LBHI Issued LPS that has timely

objected to a Scheduled Claim amount for the same ISIN (each such holder, or such holder's

successor in interest, as applicable, a "Related Objecting LBHI LPS Holder") to participate in the

Claims Hearing Procedures and the ADR Procedures, (ii) should the Debtors reach a tentative

resolution with any such holder, the Debtors shall attempt to obtain consent from every other

Related Objecting LBHI LPS Holder, and (iii) if the Debtors are unable to obtain consent from

all Related Objecting LBHI LPS Holders, the Debtors or any Related Objecting LBHI LPS

Holder shall apply to the Court to resolve the amount of the Scheduled Claim with notice to and

an opportunity for a hearing for all Related Objecting LBHI LPS Holders; and it is further

ORDERED that the Debtors are authorized to, in their sole discretion, append an

offer of settlement (the "Offer of Settlement") to a Notice of ADR Procedures (which Offer of

Settlement shall not be filed with the Court), substantially in the form attached hereto as Annex 1

to Exhibit B.  The Claimant or the Indenture Trustee with Authority shall accept or reject the

Offer of Settlement by checking the appropriate box on the Offer of Settlement and serving it on

the Debtors so as to be received no later than fifteen (15) calendar days prior to the date set for a

Mediation.  Any Claimant who has failed to accept or reject the Offer of Settlement by the

aforementioned deadline shall be deemed to have rejected the Offer of Settlement.  The Claimant

or the Indenture Trustee with Authority may not make a written counteroffer to the Offer of

Settlement except as provided by the ADR Procedures.  Any settlement reached in accordance

with this ordered paragraph shall be subject to the procedures set forth in the Claims Settlement

Procedures Order; and it is further

ORDERED that the Debtors are authorized to, in their sole discretion, append an

Offer of Settlement to a Notice of Merits Hearing (which Offer of Settlement shall not be filed

with the Court), substantially in the form attached hereto as <u>Annex 1 to Exhibit C</u>.  The Claimant

or the Indenture Trustee with Authority shall accept or reject the Offer of Settlement by checking

the appropriate box on the Offer of Settlement and serving it on the Debtors so as to be received

no later than fifteen (15) calendar days prior to the date set for a Merits Hearing.  Any Claimant

who has failed to accept or reject the Offer of Settlement by the aforementioned deadline shall be

deemed to have rejected the Offer of Settlement.  The Claimant or the Indenture Trustee with

Authority may not make a written counteroffer to the Offer of Settlement except as provided in

any scheduling order issued by the Court in connection with such Merits Hearing.  Any

settlement reached in accordance with this ordered paragraph shall be subject to the procedures

set forth in the Claims Settlement Procedures Order; and it is further

ORDERED that nothing in the Claims Hearing Procedures or the ADR

Procedures shall preclude settlement of a Contested Claim by mutual consent of the parties at

any time or voluntary communication between the parties with respect to such settlement;

<u>provided</u>, <u>however</u>, that any such settlement is subject to the Settlement Procedures; and it is

further

ORDERED with respect to any Notice of ADR Procedures that is served upon a

party acting in a fiduciary capacity in connection with a trust or other financing arrangement that

relates to any of the Debtors, including without limitation a trustee or indenture trustee (such

persons or entities collectively referred to as "<u>Indenture Trustees</u>," and each singly as an

"<u>Indenture Trustee</u>"), the Debtors and such Indenture Trustee shall review the governing

documents to determine whether the Indenture Trustee has authority to participate in a mediation

or dispute resolution process on behalf of holders ("<u>Authority</u>"); and it is further

ORDERED that if the Indenture Trustee determines, in good faith, that it has Authority, it shall participate in the Mediation on behalf of holders to the extent authorized by such documents; and it is further

ORDERED that if the Indenture Trustee determines, in good faith, that it lacks Authority via the governing documents, it shall, either through the clearing systems or, when possible, by a direct written communication, contact the holders for which it acts as Indenture Trustee and: (i) advise such holders that the Debtors dispute the Contested Claim(s); (ii) transmit to such holders the applicable Notice of ADR Procedures and this Order; (iii) and seek Authority in accordance with the governing documents to participate in the ADR Procedures on behalf of such directing holders; and it is further

ORDERED that in taking the aforementioned steps (i)-(iii), the Indenture Trustee shall (i) make commercially reasonable efforts to act as promptly as possible under the prevailing circumstances and (ii) provide the Debtors with a written communication advising the Debtors (a) that the Indenture Trustee has sought Authority from holders for which it acts as Indenture Trustee and (b) of the applicable time period, if any, within which the Indenture Trustee must obtain Authority via the governing documents (the "Response Period"); and it is further

ORDERED that the ADR Procedures shall not apply to an Indenture Trustee until the Indenture Trustee has provided the Debtor with either (i) a written response advising the Debtor that the Indenture Trustee has Authority under the governing documents (a "Notice of Authority"), which must be served upon the Debtors within ten (10) business days from the date of such Indenture Trustee's receipt of the Notice of ADR Procedures or (ii) a Notice of Directed Authority (as defined herein); and it is further

ORDERED that (i) an Indenture Trustee with Authority contained in the governing documents must, following service of a Notice of Authority, thereafter comply with the ADR Procedures and (ii) an Indenture Trustee with Authority obtained by way of direction from holders as provided for herein (a) must provide written notice to the Debtors of such Authority by direction (a "Notice of Directed Authority") within ten (10) business days from the date of receipt of such direction from holders and (b) shall thereafter comply with the ADR Procedures; and it is further

ORDERED that an Indenture Trustee who does not obtain Authority by direction within the Response Period (i) must provide written notice to the Debtors of its inability to obtain Authority by direction (a "Notice of No Authority") within ten (10) business days from the conclusion of such Response Period, (ii) shall not be required to further participate under the ADR Procedures, and (iii) shall proceed to a Claims Objection Hearing in accordance with paragraph 1 of the ADR Procedures as if the Mediation had concluded in accordance with paragraph 5(f) of the ADR Procedures; and it is further

ORDERED that for purposes of calculating time limits and deadlines under the ADR Procedures in any proceeding involving an Indenture Trustee with Authority, the date on which the Indenture Trustee serves either a Notice of Authority or a Notice of Directed Authority, as applicable, shall be deemed to be the date of service of the Notice of ADR Procedures; and it is further

ORDERED that the confidentiality provisions of Rule 5.0 of the General Order are incorporated herein. No statements or arguments made or positions taken by the Mediator, the Debtors, any Claimant, the Creditors' Committee, or any witnesses in the Offer of Settlement or during any part of the ADR Procedures, including the Negotiation, may be disclosed for any

7

purpose by the Mediator or any such parties or witnesses or their attorneys or advisors to the

Court or any third party (except by the party, witness, attorney, or advisor making the statement

or argument or taking the position in any subsequent Claims Objection Hearing(s)).  Similarly,

all briefs, records, reports, and other documents, including Mediation Briefs and Supporting

Information (each as defined in Exhibit A attached hereto), received or made by the Mediator

while serving in such capacity will remain confidential and will not be provided to the Court,

unless otherwise admissible and only then by the party from whom the Mediator received them.

In addition, the Mediator may not be compelled to disclose such records, reports, and other

documents in connection with any hearing held by the Court; provided, however, that the

Mediator may report to the Court regarding the status of the Mediation efforts but will not

disclose the contents thereof.  Rule 408 of the Federal Rules of Evidence shall apply to all

aspects of the ADR Procedures.  Notwithstanding the foregoing, the Debtors may negotiate, in

good faith, with any Indenture Trustee or Filing Entity (as defined in the Bar Date Order)

regarding exceptions to the confidentiality provisions of this ordered paragraph in the event that

the Indenture Trustee, after serving a Notice of Directed Authority and as a result of the

Authority obtained from the holders, or the Filing Entity is required to communicate with holders

regarding the ADR Procedures and/or resolution of the Contested Claim; and it is further

ORDERED that the Debtors and the Claimant may provide documents and/or

information to the Mediator that are subject to a privilege or other protection from discovery,

including the attorney-client privilege, the work-product doctrine, or any other privilege, right, or

immunity the parties may be entitled to claim or invoke (the "Privileged Information").  The

party producing such documents and/or information (the "Producing Party") to the Mediator

must designate such documents and/or information as Privileged Information.  By providing the

Privileged Information solely to the Mediator and no other party, neither the Debtors nor the

Claimant nor their respective professionals intend to, or shall, waive, in whole or in part, the

attorney-client privilege, the work-product doctrine, or any other privilege, right or immunity

they may be entitled to claim or invoke with respect to any Privileged Information or otherwise.

The Mediator shall not provide Privileged Information or disclose the contents thereof to any

other party without the consent of the Producing Party.  No party is obligated to provide any

documents and/or information, including Privileged Information, to the Mediator; and it is

further

ORDERED that the Court will consider appropriate sanctions, including

allowance or disallowance of the Contested Claim, if either party does not follow the Claims

Hearing Procedures and/or ADR Procedures or conduct the Negotiation or Mediation in good

faith; and it is further

ORDERED that nothing contained or authorized herein shall (i) abridge the right

of any party in interest under section 1109 of the Bankruptcy Code to be heard by the Court on

any issue or (ii) alter the evidentiary or substantive burden under otherwise applicable law on the

party seeking sanctions; and it is further

ORDERED that the Claims Hearing Procedures and the ADR Procedures are

separate and distinct from and do not replace the procedures provided for in the Claims

Settlement Procedures Order or the Other Settlement Procedures Orders, and nothing in the

Claims Hearing Procedures or the ADR Procedures shall (i) affect, impair, impede, or otherwise

alter the procedures or rights set forth in or established pursuant to the Claims Settlement

Procedures Order or the Other Settlement Procedures Orders or (ii) expand or create additional

rights as to the Debtors to settle or pursue settlement of Claims pursuant to the Claims Settlement

Procedures Order or the Other Settlement Procedures Orders; and it is further

ORDERED that if any transactions set forth in a Proof of Claim are the subject of

a proceeding under the *Alternative Dispute Resolution Procedures Order for Affirmative Claims*

*of Debtors Under Derivatives Contracts* (the "Derivatives ADR Procedures") [Docket No.

5207], such Proof of Claim and the claims set forth therein shall not be subject to the Claims

Hearing Procedures and the ADR Procedures unless and until the Derivatives ADR Procedures

with respect to the transactions set forth in such Proof of Claim have concluded and, for the

avoidance of doubt, such Proof of Claim and the claims set forth therein shall not be subject to

the ADR Procedures while such Proof of Claim and the claims set forth therein are in a

mediation pursuant to the Derivatives ADR Procedures or to the extent settled pursuant to such

procedures or mediation; and it is further

ORDERED that the Claims Hearing Procedures and the ADR Procedures are in

all respects subject to the rights, powers, and privileges of the Federal Housing Finance Agency

(the "FHFA"), in its statutory capacity as the Conservator of the Federal National Mortgage

Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie

Mac"), under the Housing and Economic Recovery Act of 2008, 12 U.S.C. § 4501 *et seq*. (2008)

("HERA").  Nothing in this Order shall affect, limit, or otherwise prejudice the FHFA's rights,

powers, and privileges under HERA as the Conservator of Fannie Mae and Freddie Mac; and it

is further

ORDERED that the Claims Hearing Procedures and the ADR Procedures

approved herein apply to any objection, omnibus or otherwise, to a Proof of Claim filed by a

Claimant other than the Internal Revenue Service (or any objection to the Scheduled Claim

amount for an LBHI Issued LPS) that has been or hereafter is filed by the Debtors; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order and the Claims Hearing Procedures and the ADR

Procedures.

Dated: New York, New York
April 19, 2010

_s/ James M. Peck_
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit A to Order**

**Claims Hearing Procedures and ADR Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
| | |
|---|---|
| In re | : |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : |
| | : |
| Debtors. | : |

Chapter 11 Case No.

08-13555 (JMP)

(Jointly Administered)

-------------------------------------------------------------------x

## COURT-ORDERED CLAIMS HEARING PROCEDURES
## AND ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

The claims hearing procedures (the "Claims Hearing Procedures") and the alternative dispute resolution procedures (the "ADR Procedures") described herein have been ordered (the "Order") by the United States Bankruptcy Court for the Southern District of New York (the "Court") to apply:

## Claims Hearing Procedures

1.    Pursuant to the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, entered on February 13, 2009 [Docket No. 2837] (the "Amended Case Management Order"), the Court established periodic omnibus hearings (the "Omnibus Hearings") in these cases.  The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Court.

2.    The Court may enter an order at the scheduled hearing (i) sustaining an objection to proofs of claim (each, a "Proof of Claim")[1] with respect to which no response (a "Response")[2] is properly filed and served or (ii) approving a resolution in accordance with the Settlement Procedures,[3] to the extent applicable, of an objection to a Proof of Claim with respect to which a Response, whether formal or informal, is resolved prior to the hearing thereon.

---

[1] Nothing herein modifies the Bar Date Order, entered July 2, 2009 [Docket No. 4271], or applicable law with respect to amending Proofs of Claim.

[2] Any information submitted in connection with a Proof of Claim or a Derivative or Guarantee Questionnaire shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures and the ADR Procedures.

[3] The Settlement Procedures are defined and fully set forth in the Court's *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Approving Settlement Procedures* (the "Claims Settlement Procedures Order"), entered March 31, 2010 [Docket No. 7936].

3.      The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "Contested Claim")[4] shall be set for a contested hearing (each, a "Claims Hearing") to be scheduled by the Debtors, in their sole discretion, as set forth herein; provided, however, that all objections filed by Related Objecting LBHI LPS Holders (as defined in the Order) shall be heard on the same date and time.  The Debtors may request that the Court schedule Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.[5]

4.      The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

(a)      For a non-evidentiary hearing to address the legal sufficiency of the particular Contested Claim and whether the Contested Claim states a claim against the asserted Debtor under Bankruptcy Rule 7012 (a "Sufficiency Hearing"), unless the Debtors serve the holder of a Contested Claim (each, a "Claimant") with a Notice of ADR Procedures or a Notice of Merits Hearing (each as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Claims Hearing Procedures.[6]

(i)      The standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim.

(b)      Subject to the Debtors' rights to proceed to a Merits Hearing, as defined and set forth in paragraph 4(c) below, for an evidentiary hearing on the merits of a Contested Claim (a "Claims Objection Hearing"), the Debtors may, in their sole discretion, (i) serve upon the relevant Claimant and counsel to the Claimant, to the extent such counsel is listed on the relevant Proof of Claim, by U.S. mail, facsimile, or overnight delivery, (ii) serve a copy upon the Official Committee of Unsecured Creditors (the "Creditors' Committee"), and (iii) file with the Court, a notice substantially in the form attached to the Order as Exhibit B (a "Notice of ADR Procedures") and a copy of these *Claims Hearing Procedures and Alternative Dispute Resolution Procedures* at least forty-five (45) calendar days prior to the date of such Claims Objection Hearing; provided, however, that an

---

[4] With respect to securities included on Schedule A (the "LBHI Issued LPS") of the *Order Clarifying the Debtors' Supplemental Notice and the Bar Date Order with Respect to Claims Relating to Lehman Programs Securities Issued by LBHI*, entered March 22, 2010 [Docket No. 7702] (the "LPS Order"), an objection to the Scheduled Claim amount shall be considered a "Contested Claim" for the purposes of this Motion.  Other than as set forth in these Claims Hearing Procedures, all provisions of these Claims Hearing Procedures and, as applicable, these ADR Procedures, shall apply to Contested Claims relating to the LBHI Issued LPS in the same manner as all other Contested Claims.

[5] The Creditors' Committee is authorized to use the Claims Hearing Procedures and the ADR Procedures to the extent the Debtors delegate by order of the Court to the Creditors' Committee the authority to prosecute and resolve an objection to a Claim.

[6] The Debtors may not seek a Sufficiency Hearing with respect to any Contested Claim relating to an LBHI Issued LPS.

identical Notice of ADR Procedures shall be contemporaneously served on all Related Objecting LBHI LPS Holders.  The procedures applicable to a Claims Objection Hearing are set forth in paragraph 1 of the ADR Procedures.

(c)    For an evidentiary hearing on the merits of a Contested Claim (a "Merits Hearing"),[7] the Debtors may, in their sole discretion, (i) serve upon the relevant Claimant and counsel to the Claimant, to the extent such counsel is listed on the relevant Proof of Claim, by U.S. mail, facsimile, or overnight delivery, (ii) serve a copy upon the Creditors' Committee, and (iii) file with the Court, a notice substantially in the form attached to the Order as Exhibit C (a "Notice of Merits Hearing") at least forty-five (45) calendar days prior to the date of such Merits Hearing; provided, however, that an identical Notice of Merits Hearing shall be contemporaneously served on all Related Objecting LBHI LPS Holders.  Within five (5) business days of service of the Notice of Merits Hearing or as otherwise agreed to by the parties, the Debtors and the Claimant will engage in a meet and confer, which may be held telephonically, in order to mutually agree on a discovery, briefing, and litigation schedule (the "Claims Litigation Schedule") for the Merits Hearing; provided, however, that the Court will resolve any disputes related to the Claims Litigation Schedule for the Merits Hearing.[8]

5.    Consistent with the Amended Case Management Order, the Debtors may file and serve a reply (a "Reply") to a Response (or an objection with respect to an LBHI Issued LPS) no later than 12:00 prevailing Eastern Time on the day that is at least one (1) business day prior to the date of the applicable hearing.

6.    The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing appropriate notice to the Court, the Claimant, and, as applicable, all Related Objecting LBHI LPS Holders, with a copy to the Creditors' Committee.

7.    To the extent that the Court determines upon conclusion of the Sufficiency Hearing that a Contested Claim cannot be disallowed in whole or in part without further proceedings, the Debtors shall provide to the Claimant, with a copy to the Creditors' Committee, a

---

[7] For avoidance of doubt, substantively, a Claims Objection Hearing and a Merits Hearing will be identical hearings, each an evidentiary hearing on the merits of a Contested Claim.  However, procedurally, a Claims Objection Hearing will occur when a Mediation (as defined herein) concludes without resolving the Contested Claim, whereas a Merits Hearing will occur when the Debtors designate a Contested Claim to proceed directly to such hearing without first partaking in the ADR Procedures.  The date for a Claims Objection Hearing will be set by the Debtors in a Notice of ADR Procedures, whereas the date for a Merits Hearing will be set by the Debtors in a Notice of Merits Hearing.

[8] Nothing in the Order, the Claims Hearing Procedures, or the ADR Procedures shall preclude:  (i) the Debtors and a Claimant from mutually agreeing on a Claims Litigation Schedule with respect to a Merits Hearing for a particular Contested Claim or (ii) a Claimant from requesting that the Court establish the Claims Litigation Schedule (including the date of the Merits Hearing) for such Contested Claim, in the event that the Debtors and the Claimant are not able to agree on a Claims Litigation Schedule with respect to a Merits Hearing for such Contested Claim.

Notice of ADR Procedures or a Notice of Merits Hearing, as applicable, pursuant to the procedures set forth above.

8.   <u>Temporary Litigation Injunction</u>.  Upon service of an objection, omnibus or otherwise, to a Proof of Claim (or an objection to the Scheduled Claim amount for an LBHI Issued LPS), the Debtors and each Claimant to whom such objection applies (or who filed an objection to the Scheduled Claim amount for an LBHI Issued LPS) shall be enjoined from commencing or continuing any action or proceeding, or engaging in any discovery, in any manner or any place, including this Court, seeking to establish, liquidate, collect on, or otherwise enforce any Contested Claims identified in such objection other than (i) through the Claims Hearing Procedures and the ADR Procedures or (ii) pursuant to a plan or plans confirmed in the applicable Debtors' chapter 11 cases (the "<u>Temporary Litigation Injunction</u>").  The Temporary Litigation Injunction shall expire with respect to a Contested Claim only (i) when that Contested Claim has been resolved by virtue of a settlement between the parties, reached through these ADR Procedures or otherwise, or (ii) upon the parties' mutual agreement (or entry of a Court order if the parties are unable to agree) on a Claims Litigation Schedule for the Merits Hearing or the Claims Objection Hearing, as applicable, for such Contested Claim.[9]  Notwithstanding anything set forth herein to the contrary, the Temporary Litigation Injunction shall not apply to any Claimant with respect to the investigation, prosecution, or defense of any of its claims or rights as against Lehman Brothers Inc., any other entity affiliated with the Debtors that is the subject of a bankruptcy, insolvency, or similar proceeding in a foreign jurisdiction, or any entity not affiliated with the Debtors.

## ADR Procedures

1.   To the extent that a Contested Claim is adjourned to a Claims Objection Hearing and a Claimant is served a Notice of ADR Procedures, such Claims Objection Hearing shall be adjourned until these ADR Procedures, as applicable, are completed with respect to each such Contested Claim.  To the extent a Mediation concludes, as provided in paragraph 5(f) of these ADR Procedures, and all or part of the objection to the Contested Claim remains unresolved, the parties shall proceed to a Claims Objection Hearing at least forty-five (45) calendar days from the date of the conclusion of the Mediation, as provided in paragraph 5(f) of these ADR Procedures or as otherwise agreed to by the parties; <u>provided</u>, <u>however</u>, that within five (5) business days of such conclusion of a Mediation or as otherwise agreed to by the parties, the Debtors and the Claimant will engage in a meet and confer, which may be held telephonically, in order to mutually agree on a Claims Litigation Schedule for the Claims Objection Hearing; <u>provided further</u>, that the Court will resolve any disputes related to the Claims Litigation Schedule for the Claims Objection Hearing.[10][11]

---

[9] Nothing in the Claims Hearing Procedures or the ADR Procedures shall preclude settlement of a Contested Claim by mutual consent of the parties at any time or voluntary communication between the parties with respect to such settlement; <u>provided</u>, <u>however</u>, that any such settlement is subject to the Settlement Procedures.

[10] Nothing in the Order, the Claims Hearing Procedures, or the ADR Procedures shall preclude:  (i) the Debtors and a Claimant from mutually agreeing on a Claims Litigation Schedule with respect to a Claims Objection Hearing for

2.      The confidentiality provisions of Rule 5.0 of the Court's General Order M-390 (the "General Order") are incorporated herein.  No statements or arguments made or positions taken by the Mediator (as defined herein), the Debtors, any Claimant, the Creditors' Committee, or any witnesses in the Offer of Settlement (as defined in the Order) or during any part of the ADR Procedures, including the Negotiation, may be disclosed for any purpose by the Mediator or any such parties or witnesses or their attorneys or advisors to the Court or any third party (except by the party, witness, attorney, or advisor making the statement or argument or taking the position in any subsequent Claims Objection Hearing(s)).  Similarly, all briefs, records, reports, and other documents, including Mediation Briefs and Supporting Information (each as defined herein), received or made by the Mediator while serving in such capacity will remain confidential and will not be provided to the Court, unless otherwise admissible and only then by the party from whom the Mediator received them.  In addition, the Mediator may not be compelled to disclose such records, reports, and other documents in connection with any hearing held by the Court; provided, however, that the Mediator may report to the Court regarding the status of the Mediation efforts but will not disclose the contents thereof.  Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the ADR Procedures.

3.      The Debtors and the Claimant may provide documents and/or information to the Mediator that are subject to a privilege or other protection from discovery, including the attorney-client privilege, the work-product doctrine, or any other privilege, right, or immunity the parties may be entitled to claim or invoke (the "Privileged Information").  The party producing such documents and/or information (the "Producing Party") to the Mediator must designate such documents and/or information as Privileged Information.  By providing the Privileged Information solely to the Mediator and no other party, neither the Debtors nor the Claimant nor their respective professionals intend to, or shall, waive, in whole or in part, the attorney-client privilege, the work-product doctrine, or any other privilege, right or immunity they may be entitled to claim or invoke with respect to any Privileged Information or otherwise.  The Mediator shall not provide Privileged Information or disclose the contents thereof to any other party without the consent of the Producing Party.  No party is obligated to provide any documents and/or information, including Privileged Information, to the Mediator.

4.      Negotiation.  The following procedures shall apply to each Negotiation:

        (a)     Telephonic Negotiation.  If a Contested Claim is scheduled by the Debtors for a Claims Objection Hearing, either the Debtors or the relevant Claimant may request a telephonic negotiation (or in person if the parties agree) (each, a

---

a particular Contested Claim or (ii) a Claimant from requesting that the Court establish the Claims Litigation Schedule (including the date of the Claims Objection Hearing) for such Contested Claim, in the event that the Debtors and the Claimant are not able to agree on a Claims Litigation Schedule with respect to a Claims Objection Hearing for such Contested Claim.

[11] To the extent a Mediation concludes as provided in paragraph 5(f) of these ADR Procedures, and all or part of the objection to the Contested Claim remains unresolved, the parties may consent to final and binding arbitration in accordance with the General Order (as defined herein).

"Negotiation") no later than fourteen (14) calendar days prior to the date set for a Mediation as provided for in paragraph 5 below. Upon such demand, the Negotiation shall be held no later than seven (7) calendar days prior to the date set for a Mediation.

(b)    Participation in Negotiation. The following representatives of each of the Debtors and the Claimant shall participate in a Negotiation: (i) counsel for each of the parties, except for a Claimant proceeding *pro se*, (ii) a person possessing ultimate authority[12] to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Debtors and the Claimant, respectively, and (iii) as applicable, each of the foregoing for any Related Objecting LBHI LPS Holders.[13] Counsel to the Creditors' Committee, a principal of each of the parties, and, upon consent of the parties, an expert witness, may participate in a Negotiation.

5.    Mandatory Non-Binding Mediation. Unless otherwise agreed to by the parties, no later than sixty (60) calendar days following service of a Notice of ADR Procedures, the Debtors, the Claimant, and all Related Objecting LBHI LPS Holders, as applicable, shall submit to mandatory non-binding mediation (each, a "Mediation") in an effort to consensually resolve the Contested Claim. The Debtors and the Claimant (including all Related Objecting LBHI LPS Holders, as applicable) shall confer as soon as practicable following service of a Notice of ADR Procedures to determine a date and time for the Mediation. Within three (3) business days of any determination by the Debtors and the Claimant (including all Related Objecting LBHI LPS Holders, as applicable) of a date and time for the Mediation, the Debtors shall notify the Creditors' Committee of the date and time for the Mediation. The Mediation shall be governed by the General Order except as follows. The following procedures shall apply to each Mediation:

(a)    Mediator. Each Mediation shall be assigned to one of the mediators (each, a "Mediator") listed by the Debtors on Exhibit D attached to the Order (the "List of Mediators").[14] No later than twenty-one (21) calendar days prior to the date set for a Mediation, the Debtors shall select no less than four (4) Mediators from the List of Mediators. The Claimant (or, as applicable, all Related Objecting LBHI LPS Holders acting together) shall be entitled to strike not more than three (3) of the Mediators selected by the Debtors no later than fourteen (14) calendar days prior to the date set for a Mediation, at which time the Debtors shall select a Mediator from those not stricken by the Claimant; provided, however, that, upon

---

[12] For the purposes of these ADR Procedures, a Filing Entity (as defined in the Bar Date Order) shall be presumed to have the ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Claimant, and the Filing Entity may participate in these ADR Procedures; provided, however, that to the extent the Filing Entity does not have authority to settle the Contested Claim on behalf of the Claimant, the Debtors and the Filing Entity may agree on modifications to the time periods set forth herein to enable the Filing Entity to obtain such authority.

[13] Nothing in these ADR Procedures shall preclude the Debtors from also communicating with any Related Objecting LBHI LPS Holder individually.

[14] The Debtors may revise the List of Mediators by filing such revised List of Mediators on the Court's docket.

mutual consent, the parties may agree on a Mediator not appearing on the List of Mediators; <u>provided</u> <u>further</u>, that upon request of a Claimant holding a Large Complex Claim (as defined herein), the Debtors may only select Mediators designated as Mediators for Large Complex Claims from the List of Mediators.

    (i)    A Large Complex Claim is a Contested Claim where the underlying claim relates to one or more Derivative Contracts (as defined in the Bar Date Order) for which the aggregate amount at stake exceeds $200 million.

(b)    <u>Powers of Mediator</u>.  The Mediator shall have the broadest possible discretion consistent with the General Order, including the ability to consolidate Mediations (i) involving the same Claimant upon application by such Claimant and in consultation with the Debtors and (ii) involving multiple Claimants with common issues of fact and law upon application by the Debtors (except that no such application is required where multiple Claimants consist of Related Objecting LBHI LPS Holders).

(c)    <u>Mediation Site</u>.  The Mediation shall be held at a location in New York, New York selected by the Debtors; <u>provided</u>, <u>however</u>, that upon consent of the parties and the Mediator, the Mediation may be held telephonically.

(d)    <u>Mediation Briefs and Supporting Information</u>.  Both parties to a Mediation shall submit a mediation brief (a "<u>Mediation Brief</u>"), with service upon the other parties to the Mediation and the Creditors' Committee.  The Debtors' Mediation Brief shall be served no later than ten (10) calendar days prior to the commencement of the Mediation.  The Claimant's Mediation Brief shall be served five (5) calendar days prior to the commencement of the Mediation.  The Creditors' Committee may serve a Mediation Brief on the parties no later than five (5) calendar days prior to the commencement of the Mediation.  Unless the Mediator directs otherwise, no Mediation Brief shall exceed twenty-five (25) single-sided, double-spaced pages.[15]  No Mediation Brief is to be filed with the Court.  Each party may submit supporting documents and/or information ("<u>Supporting Information</u>") to the Mediator at such party's discretion or upon the Mediator's request.  Each party may also provide Supporting Information to the other party at each such party's discretion or upon the Mediator's request; <u>provided</u>, <u>however</u>, that a party may request that another party provide it or the Mediator with Supporting Information but such other party is not required to provide it or the Mediator with such Supporting Information.

---

[15] All pleadings or other papers submitted in connection with the ADR Procedures established through the Motion, as set forth herein, must be on 8 1/2 inch by 11 inch paper, double-spaced, but quotations of longer than two (2) lines may be indented and single-spaced.  Headings and footnotes may be single-spaced and margins must be at least one inch on all four sides.  The text of such submissions must be in at least 12-point font, and the text of footnotes must be in at least 10-point font.

(e)    Appearance at Mediation.  A person possessing ultimate authority[16] to reconcile, settle, or otherwise resolve the Contested Claim on behalf of each of the Debtors and the Claimant shall attend an in-person Mediation or participate in a telephonic Mediation; provided, however, that the Debtors' counsel will not be precluded from attending and participating in a Mediation in the event that the Claimant elects not to have its counsel attend or participate in a Mediation.  A principal of each of the parties, and, upon consent of the parties, an expert witness, may participate in a Mediation.  Subject to the specific provisions of each level of review set forth in the Settlement Procedures, counsel to the Creditors' Committee may participate in a Mediation as follows:

(i)    Where the aggregate amount that is the subject of the Mediation (without regard to unliquidated amounts) is equal to or less than $15 million, counsel to the Creditors' Committee shall not participate in the Mediation.

(ii)    Where the aggregate amount that is the subject of the Mediation (without regard to unliquidated amounts) is more than $15 million but equal to or less than $75 million, counsel to the Creditors' Committee shall confer with the Debtors and in good faith attempt to agree upon the level of participation of counsel to the Creditors' Committee in the Mediation.

(iii)    Where the aggregate amount that is the subject of the Mediation (without regard to unliquidated amounts) is more than $75 million, counsel to the Creditors' Committee may participate in the Mediation in its sole discretion.

(f)    Length of Mediation.  The Mediation shall conclude upon request of either party and concurrence by the Mediator; provided, however, that unless otherwise agreed to by the parties and the Mediator, the Mediation shall last no longer than 120 calendar days.

(g)    Costs.  The Debtors, the Claimant, and each Related Objecting LBHI LPS Holder, as applicable, shall each bear its own costs in participating in the Mediation.  The Debtors are hereby authorized to pay the Mediator's fees; provided, however, that in no circumstances shall the Claimant or Related Objecting LBHI LPS Holders pay the Mediator's fees.

6.    Sanctions.  The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures and/or ADR Procedures or conduct the Negotiation or Mediation in good faith.

                                    BY ORDER OF THE COURT

---

[16] See supra fn. 12.

**Exhibit B to Order**

**Notice of ADR Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
:
In re                                                            :        **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :        **08-13555 (JMP)**
:
                          **Debtors.**                           :        **(Jointly Administered)**
:
------------------------------------------------------------------x

**NOTICE OF ADR PROCEDURES AND**
**SCHEDULING OF CLAIMS OBJECTION HEARING WITH**
**RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]**

PLEASE TAKE NOTICE that on [_____ ___], 201[_], Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), objected to proof of claim number [_____] (the "Proof of Claim") filed by [_____] (the "Claimant") pursuant to the [Title of Applicable Claims Objection] (the "Objection").

**PLEASE TAKE FURTHER NOTICE THAT THE ATTACHED *COURT-ORDERED CLAIMS HEARING PROCEDURES AND ADR PROCEDURES* (THE "PROCEDURES") APPLY AND GOVERN THE OBJECTION TO YOUR PROOF(S) OF CLAIM THAT IS/ARE SCHEDULED FOR THE CLAIMS OBJECTION HEARING BEFORE THE BANKRUPTCY COURT ON THE DATE SET FORTH BELOW.**

PLEASE TAKE FURTHER NOTICE that on [_____ ___], 201[_], at 10:00 a.m. (Prevailing Eastern Time), in accordance with the Procedures, a copy of which is attached hereto, the United States Bankruptcy Court for the Southern District of New York (the "Court") will commence a Claims Objection Hearing (as defined in the Procedures) for the purposes of holding an evidentiary hearing on the merits of the Proof of Claim.

PLEASE TAKE FURTHER NOTICE that the Procedures provide for certain mandatory actions by the Claimant within certain time periods. Therefore, please review the Order carefully. Failure to comply with the Procedures may result in the disallowance and expungement of the Proof of Claim without further notice to the Claimant. **In order to initiate the Negotiation, please contact [_____] at [_____].**

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the Claims Objection Hearing at any time by providing notice to the Court and the Claimant.

Dated: [_____ ___], 201[_]
          New York, New York

## Annex 1 to Exhibit B to Order

**Offer of Settlement**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :    08-13555 (JMP)
                                              :
              Debtors.                        :    (Jointly Administered)
                                              :
-----------------------------------------------------------------x

**DEBTORS' OFFER OF SETTLEMENT**
**WITH RESPECT TO PROOF OF CLAIM NO. [_____]**

        The Debtors, in their sole discretion, have elected to offer to settle Proof of Claim number [_____] (the "Offer of Settlement") for a single, fixed, liquidated claim against Debtor [_____] in the amount of [_____] and of priority [_____] (the "Settlement"). The Settlement, if accepted, represents the allowed claim amount and priority with respect to Proof of Claim number [_____].

        By checking the **FIRST** box below, you affirm that you **FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT** such amount as the allowed claim amount with respect to Proof of Claim number [_____]. You must serve your acceptance or rejection of the Offer of Settlement on the Debtors so as to be received no later than fifteen (15) calendar days prior to the date set for a Mediation (as defined and set forth in the Procedures). If you fail to accept or reject the Offer of Settlement by the aforementioned deadline, you shall be deemed to have rejected the Offer of Settlement. You may **NOT** make a written counteroffer to the Offer of Settlement except as provided by the ADR Procedures (as defined in the Procedures).

[]      **I FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

[]      **I REJECT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

**If you have any questions regarding this form, please contact [_____] at [_____].**

**Please fax this completed form to [_____] or email it to [_____]**

_____
Signature of Claimant's Authorized Representative

_____
Printed Name

_____
Company Name, if applicable

## **Exhibit C to Order**

**Notice of Merits Hearing**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                        :
In re                                   :    **Chapter 11 Case No.**
                                        :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :    **08-13555 (JMP)**
                                        :
               **Debtors.**             :    **(Jointly Administered)**
                                        :
-------------------------------------------------------------------x

### NOTICE OF SCHEDULING OF MERITS HEARING WITH <br> RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

PLEASE TAKE NOTICE that on [_____ ___], 201[_], Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), objected to proof of claim number [____] (the "Proof of Claim") filed by [_____] (the "Claimant") pursuant to the [Title of Applicable Claims Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that on [_____ ___], 201[_], at 10:00 a.m. (Prevailing Eastern Time), in accordance with the *Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors*, entered [Date] [Docket No. xxxx] (the "Order"), a copy of which is attached hereto, the United States Bankruptcy Court for the Southern District of New York (the "Court") will commence a Merits Hearing (as defined in the Order) for the purposes of holding an evidentiary hearing on the merits of the Proof of Claim. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the Merits Hearing at any time by providing notice to the Court and the Claimant.

Dated: [_____ ___], 201[_]
    New York, New York

## **Annex 1 to Exhibit C to Order**

### **Offer of Settlement**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :    **08-13555 (JMP)**
                                            :
                **Debtors.**                :    **(Jointly Administered)**
                                            :
-------------------------------------------------------------------x

**DEBTORS' OFFER OF SETTLEMENT**
**WITH RESPECT TO PROOF OF CLAIM NO. [_____]**

   The Debtors, in their sole discretion, have elected to offer to settle Proof of Claim number [_____] (the "<u>Offer of Settlement</u>") for a single, fixed, liquidated claim against Debtor [_____]in the amount of [_____] and of priority [_____] (the "<u>Settlement</u>").  The Settlement, if accepted, represents the allowed claim amount and priority with respect to Proof of Claim number [_____].

   By checking the **FIRST** box below, you affirm that you **FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT** such amount as the allowed claim amount with respect to Proof of Claim number [_____].  You must serve your acceptance or rejection of the Offer of Settlement on the Debtors so as to be received no later than fifteen (15) calendar days prior to the date set for a Merits Hearing (as defined in the Order).  If you fail to accept or reject the Offer of Settlement by the aforementioned deadline, you shall be deemed to have rejected the Offer of Settlement.  You may **NOT** make a written counteroffer to the Offer of Settlement except as provided in any scheduling order issued by the Court in connection with such Merits Hearing.

[]  **I FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

[]  **I REJECT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

**If you have any questions regarding this form, please contact [_____] at [_____].**

**Please fax this completed form to [_____] or email it to [_____]**

   _____
   Signature of Claimant's Authorized Representative

   _____
   Printed Name

   _____
   Company Name, if applicable

**<u>Exhibit D to Order</u>**

**List of Mediators**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                    :
In re                               :        **Chapter 11 Case No.**
                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**
                                    :
                     Debtors.       :        **(Jointly Administered)**
                                    :
-------------------------------------------------------------------x

<u>**LIST OF MEDIATORS**</u>

       Each Mediation shall be assigned to one of the mediators (each, a "<u>Mediator</u>") listed by the Debtors below (the "<u>List of Mediators</u>").[1]  No later than twenty-one (21) calendar days prior to the date set for a Mediation, the Debtors shall select no less than four (4) Mediators from the List of Mediators.  The Claimant (or, as applicable, all Related Objecting LBHI LPS Holders acting together) shall be entitled to strike not more than three (3) Mediators from the List of Mediators no later than fourteen (14) calendar days prior to the date set for a Mediation, at which time the Debtors shall select a Mediator from those not stricken by the Claimant; <u>provided</u>, <u>however</u>, that, upon mutual consent, the parties may agree on a Mediator not appearing on the List of Mediators; <u>provided</u> <u>further</u>, that upon request of a Claimant holding a Large Complex Claim, the Debtors may only select Mediators designated as Mediators for Large Complex Claims from the List of Mediators.  A Large Complex Claim is a Contested Claim where the underlying claim relates to one or more Derivative Contracts (as defined in the Bar Date Order) for which the aggregate amount at stake exceeds $200 million.  A Mediator is designated as a Mediator for Large Complex Claims by the initials "LCC" next to his or her name.

| | |
|---|---|
| **Hesha Abrams**<br>Abrams Mediation and Negotiation, Inc.<br>7616 Burns Run, Suite 180<br>Dallas, Texas 75248<br>(972) 702-9066 | **Hon. Frank Andrews – LCC**<br>Judicial Workplace Arbitrations, Inc.<br>P. O. Box 410<br>Hunt, Texas 78024<br>(830) 238-4774 |
| **Courtenay L. Bass**<br>Gilbert Mediation Group<br>3131 McKinney Avenue, Suite 125<br>Dallas, Texas  75204<br>(214) 303-4500 | **Mark Buckstein – LCC**<br>Professional Dispute Resolutions<br>2424 North Federal Highway<br>Boca Raton, Florida 33431<br>(561) 417-6602 |
| **Mary Burdin**<br>Burdin Mediations<br>4514 Cole Avenue, Suite 1450<br>Dallas, Texas 75205<br>(214) 528-1411 | **Hon. William Cahill**<br>JAMS<br>Two Embarcadero Center, Suite 1500<br>San Francisco, California 94111<br>(415) 982-5267 |

---

[1] The Debtors may revise the List of Mediators by filing such revised List of Mediators on the Court's docket.

| | |
|---|---|
| **Francis Carling**<br>174 East 74th Street, Suite 12BC<br>New York, NY 10021-3533<br>(212) 628-3026 | **Hon. Francis Conrad – LCC**<br>Mediation Works Incorporated<br>4 Faneuil Hall - Fourth Floor<br>Boston, MA 02109<br>(617) 973-9739 |
| **Hon. Stephen Crane**<br>JAMS<br>620 Eighth Avenue -- 34th Floor<br>New York, NY 10018<br>(212) 751-2700 | **Brenda J. Damuth**<br>Stewart Stimmel LLP<br>1701 N. Market Street<br>Suite 200, L.B. 42<br>Dallas, Texas 75202<br>(214) 615-2006<br><br>Burdin Mediators<br>4514 Cole Avenue, Suite 1450<br>Dallas, Texas 75205<br>(214) 528-1411 |
| **Hon. Betty Weinberg Ellerin**<br>JAMS<br>620 Eighth Avenue -- 34th Floor<br>New York, NY 10018<br>(212) 751-2700 | **Sheldon Elsen**<br>JAMS<br>620 Eighth Avenue -- 34th Floor<br>New York, NY 10018<br>(212) 751-2700 |
| **Joe Epstein**<br>Conflict Resolution Services Inc.<br>5445 DTC Parkway, Ste 770<br>Greenwood Village, CO 80111-3045<br>(303) 355-2314 | **Eugene I. Farber** – LCC<br>Farber, Segall & Pappalardo<br>200 East Post Road<br>White Plains, New York 10601<br>(914) 761-9400 or (212) 752-3396 |
| **Hon. Steve Felsenthal**<br>Stutzman, Bromberg, Esserman & Plifka<br>2323 Bryan Street Suite 2200<br>Dallas, Texas 75201 | **Hon. Abraham J. Gafni**<br>Villanova Law School<br>237 Law School Building<br>299 North Spring Mill Road<br>Villanova, PA 19085<br>(610) 519-6526 |

| | |
|---|---|
| **Mark W. Gilbert**<br>Gilbert Mediation Group<br>3131 McKinney Avenue, Suite 125<br>Dallas, Texas  75204<br>(214) 303-4500 | **Professor Eric D. Green – LCC**<br>Resolutions LLC<br>222 Berkeley Street, Suite 1060<br>Boston, Massachusetts 02116<br>(617) 556-0800 |
| **Jerry Grissom**<br>JAMS<br>8401 N. Central Expressway -- Suite 610<br>Dallas, TX 75225<br>(214) 891-4523 | **Earl F. Hale, Jr.**<br>Earl F. Hale, Jr. Mediator Arbitrator ADR Services<br>4144 N. Central Expressway<br>Suite 225<br>Dallas, TX 75204<br>(214) 515-0199 |
| **Lisbeth Hasse**<br>Weinstein Mediation Center<br>850 Rutherford Road<br>Rutherford, CA 94573<br>(415) 433-4380 | **Chris Stern Hyman**<br>Medical Mediation Group LLC<br>1040 Avenue of the Americas -- Suite 1101<br>New York, NY 10018<br>(212) 719-3800 |
| **Hon. Edward A. Infante**<br>JAMS<br>Two Embarcadero Center -- Suite 1500<br>San Francisco, CA 94111<br>(415) 982-5267 | **Robert W. Jordan**<br>Baker Botts LLP<br>2001 Ross Avenue<br>Dallas, Texas 75201-2980<br>(214) 953-6518 |
| **Hon. Jack Komar**<br>JAMS<br>160 W. Santa Clara Street -- Suite 1150<br>San Jose, CA 95113<br>(408) 288-2240 | **Bernice K. Leber**<br>Arent Fox LLP<br>1675 Broadway<br>New York, NY 10019<br>(212) 484-3930 |
| **Jack P. Levin**<br>Covington & Burling LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>(212) 841-1103 | **Hon. Carlos G. Lopez**<br>Vincent, Lopez, Serafino & Jenevein<br>Thanksgiving Tower<br>1601 Elm Street -- Suite 4100<br>Dallas, Texas 75201<br>(214) 979-7441 |

| | |
|---|---|
| **Hon. Eugene F. Lynch**<br>JAMS<br>Two Embarcadero Center -- Suite 1500<br>San Francisco, CA 94111<br>(415) 982-5267 | **Hon. Harlan Martin**<br>JAMS<br>8401 N. Central Expressway -- Suite 610<br>Dallas, TX 75225<br>(214) 744-5267 |
| **Hon. John S. Martin**<br>Martin & Obermaier LLC<br>565 Fifth Avenue -- 8th Floor<br>New York, NY 10017<br>(212) 883-0000 | **Michael T. McAllister**<br>JAMS<br>620 Eighth Avenue -- 34th Floor<br>New York, NY 10018<br>(212) 751-2700 |
| **Gary V. McGowan – LCC**<br>McGowan Dispute Resolution<br>5009 Caroline -- Suite 100<br>Houston, TX 77004<br>(713) 552-1855 | **Jed D. Melnick**<br>Weinstein Mediation Center<br>850 Rutherford Road<br>Rutherford, CA 94573<br>(215) 636-9691 |
| **Hon. James R. Melinson**<br>JAMS<br>1717 Arch Street -- Suite 4010<br>Bell Atlantic Tower<br>Philadelphia, PA 19103<br>(215) 246-9494 | **Cecilia H. Morgan**<br>JAMS<br>8401 N. Central Expressway -- Suite 610<br>Dallas, TX 75225<br>(214) 744-5267 |
| **Michael S. Oberman**<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>(212) 715-9294 | **Walter E. (Rip) Parker**<br>Gilbert Mediation Group<br>3131 McKinney Avenue, Suite 125<br>Dallas, Texas 75204<br>(214) 303-4500 |
| **Hon. Layn R. Phillips – LCC**<br>Irell & Manella LLP<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660 | **Kenneth J. Rubenstein**<br>Burdin Mediators<br>4514 Cole Avenue, Suite 1450<br>Dallas, Texas 75205<br>(214) 528-1411 |

| **Richard H. Silberberg** | **Hon. Fern Smith** |
|---|---|
| Dorsey & Whitney LLP<br>250 Park Avenue<br>New York, NY 10177-1500<br>(212) 415-9231 | JAMS<br>Two Embarcadero Center -- Suite 1500<br>San Francisco, CA  94<br>(415) 982-5267 |
| **Daniel H. Tabak**<br>Cohen & Gresser  LLP<br>100 Park Avenue -- 23rd Floor<br>New York, NY 10017<br>(212) 957-7606 | **Hon. Daniel Weinstein**<br>Weinstein Mediation Center<br>850 Rutherford Road<br>Rutherford, CA 94573<br>(415) 774-2612 |
| **Hon. Diane Welsh**<br>JAMS<br>1717 Arch Street -- Suite 4010<br>Philadelphia, PA 19103<br>215-246-9494 | **Hon. Rebecca Westerfield**<br>Weinstein Mediation Center<br>850 Rutherford Road<br>Rutherford, CA 94573<br>(415) 774-2612<br><br>JAMS<br>Two Embarcadero Center -- Suite 1500<br>San Francisco, CA 94111<br>415-982-5267 |
| **H. Ron White**<br>White & Wiggins<br>901 Main Street -- Suite 6200<br>Dallas, Texas 75202<br>(214) 665-4150 | **Michelle Yoshida**<br>Weinstein Mediation Center<br>850 Rutherford Road<br>Rutherford, CA 94573<br>(415) 774-2612 |
| **Michael Young**<br>JAMS<br>620 Eighth Avenue -- 34th Floor<br>New York, NY 10018<br>(212) 751-2700 | |

# AMENDED PROCEDURES ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                    :
In re                                               :    Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :    08-13555 (JMP)
                                                    :
                          Debtors.                  :    (Jointly Administered)
                                                    :
------------------------------------------------------------------x

**ORDER AMENDING THE ORDER PURSUANT TO
SECTION 105 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9014,
AND GENERAL ORDER M-390 AUTHORIZING THE DEBTORS
TO IMPLEMENT CLAIMS HEARING PROCEDURES AND ALTERNATIVE
<u>DISPUTE RESOLUTION PROCEDURES FOR CLAIMS AGAINST DEBTORS</u>**

Upon the motion, dated November 20, 2012, of Lehman Brothers Holdings Inc.

("<u>LBHI</u>" and the "<u>Plan Administrator</u>"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "<u>Plan</u>"), for an order amending the *Order Pursuant to Section 105 of the Bankruptcy Code,*

*Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims*

*Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors*

(as amended and/or modified, the "<u>Claims ADR Procedures Order</u>") [ECF No. 8474]

(the "<u>Motion</u>"),[1] all as more fully described in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska,

C.J.); and consideration of the Motion and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

with the procedures set forth in the amended order entered June 17, 2010 governing case

management and administrative procedures [ECF No. 9635] to (i) the United States Trustee for

Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service;

(iv) the United States Attorney for the Southern District of New York; (v) all claimants holding

unresolved claims; and (vi) all parties who have requested notice in these chapter 11 cases; and it

appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Chapter 11 Estates,

their creditors, and all parties in interest and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the proviso containing the Mediation Cap is stricken from the

Claims ADR Procedures Order such that paragraph 5(f) on page 8 of the Claims ADR

Procedures shall read in its entirety as follows:  "The Mediation shall conclude upon request of

either party and concurrence by the Mediator."; and it is further

ORDERED that all terms of the Claims ADR Procedures Order shall otherwise

continue to apply and remain in full force and effect without modification; and it is further

ORDERED that the relief granted herein shall apply to all unresolved claims,

except, by way of settlement of their objections to the relief sought herein, to the claims (or any

future amended claims) of Giants Stadium LLC, FYI Ltd., FFI Fund Ltd. and Olifant Fund, Ltd.,

and each of their current and future successors and assigns, regardless of whether or not an

objection to a claim has yet been filed; and it is further

     ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated: New York, New York
   December 13, 2012

       <u> *s/ James M. Peck*      </u>
       UNITED STATES BANKRUPTCY JUDGE