UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
In re                                                  :    Chapter 11 Case No.
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (SCC)
                                                       :
          Debtors.                                     :    (Jointly Administered)
                                                       :
------------------------------------------------------------------x

# OBJECTION OF LEHMAN BROTHERS HOLDINGS INC. TO THE SUPPLEMENTAL DECLARATION OF STEPHANIE STIEFEL

Lehman Brothers Holdings Inc. ("LBHI") hereby objects to the Supplemental Declaration of Stephanie Stiefel, dated March 26, 2014 [ECF. No. 43767] (the "Supplemental Steifel Declaration"), on the following grounds:

| Paragraph No. | Objectionable Statements | Basis of LBHI's Objection |
|---|---|---|
| 6 | "imposed restrictive covenants on us by . . ." | Legal conclusion |
| 7 | • "They too, were subject to contractually imposed restrict covenants. . ." <br> • "An example of such a restrictive covenant is contained . . ." | Legal conclusion |
| 9 | Entire paragraph | Legal conclusion |
| 10 | "The other NB Claimants also became subject to new restrictive covenants that extended and further eviscerated their abilities to earn a living elsewhere in the securities/investment management industry." | Legal conclusion |
| 10 | "As demonstrated in the declaration and supplemental declaration of Henry Ramallo, I am advised that these claimants were coerced, pressured and, quite literally, threatened with their | Hearsay |

| Paragraph No. | Objectionable Statements | Basis of LBHI's Objection |
|---|---|---|
|  | continued ability to earn a livelihood in their chosen professions into accepting retention bonuses – payable in RSUs that vested at 20% a year for 5 years – in return for continued employment by LBHI under stringent restrictive covenants. Indeed, I know that it was a job assignment of Heidi Steiger, the head of Neuberger's Wealth Management Division, in favor of the NB-LBHI merger, to recruit managing directors like Henry Ramallo, Richard Nackenson and others to become Lehman employees following the merger." |  |
| 11 | "As a result of the restrictive covenants that were reiterated or imposed at the time of the LBHI-NB merger, the NB Claimants had no choice but to continue employment with LBHI and participate in the LBHI compensation structure . . . ." | Legal conclusion |
| 11 | ". . . and failure to accept LBHI's pay scheme would have resulted in the forfeiture of an aggregate of 200 years of work; the growth of our respective clients' assets; the relationship of trust between our clients and ourselves; and our entire books of business. This was a material and dramatic change from our prior formulaic, production and cash based compensation structure at Neuberger. The Neuberger Claimants were required to work for Lehman because our books of business were transferred to LBHI as part of the merger, and also because these books of business were bound by our clients' desire | Calls for expert opinion; lacks foundation |

| Paragraph No. | Objectionable Statements | Basis of LBHI's Objection |
|---|---|---|
|  | to work with us, the Neuberger Claimants, along with Neuberger, the institution.  In sum, the NB Claimants could not leave LBHI without forsaking the basis of our entire livelihood, careers and life's work." |  |
| 12 | • "I can unhesitatingly state that the NB Claimants' claims should not be reclassified as equity interests because we never had an opportunity to negotiate our employment compensation contracts with LBHI, when our original employer, Neuberger, was acquired by LBHI.  Our involuntary deferral of our earned, production based compensation in return for unvested RSUs and our participation in the Lehman RSUs for commissions pay scheme was entirely an involuntary product of the 2003 merger.  It was required by our need to preserve our careers, livelihoods and substantial books of business, all of which would have been forfeited unless we continued employment at LBHI because of the multiple restrictive covenants imposed on us and, I am advised, as a matter of law."<br>• "As a result, Lehman unilaterally deferred more than $100 million of compensation that it owed, and continues to owe, to us and that it used for its own purposes in the years leading to its bankruptcy." | Legal conclusion |
| 13 | ". . . since we were handcuffed to | Legal conclusion |

3

| Paragraph No. | Objectionable Statements | Basis of LBHI's Objection |
|---|---|---|
| | Lehman by the multiple restrictive covenants imposed on us and would have been required to 'sit on the bench' and out of our industry for anywhere from one to three years had we not worked for LBHI." | |
| 15 | "But for the restrictive covenants that bound us to Lehman . . ." | Legal conclusion |
| 16 | Entire paragraph | Legal conclusion |
| 17 | "This clearly evidences that the withheld amounts from 2003 through 2007 similarly were and are compensation and not any sort of equity investment." | Legal conclusion |
| 18 | Entire paragraph | Legal conclusion |
| WHEREFORE paragraph pp. 9-10 | Entire paragraph | Legal conclusion |

The above objections shall not be deemed a waiver of any other objections that LBHI may have to the Supplemental Stiefel Declaration, or constitute an admission that any non-identified statements in the Supplemental Stiefel Declaration are admissible at the hearing.

Dated: New York, New York
       March 31, 2014

/s/ Ralph I. Miller
Ralph I. Miller
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates*

4