HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile:  (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (SCC)<br><br>(Jointly Administered) |

**LBI TRUSTEE'S STATEMENT IN RESPECT OF THE MOTION TO DESIGNATE
DIAZ REUS & TARG, LLP AS AGENT FOR RECEIPT OF
DISTRIBUTIONS AND HONOR CHANGE OF ADDRESS FOR PURPOSES OF THE
FIFTH DISTRIBUTION DATE AND ALL FUTURE DISTRIBUTIONS**

James W. Giddens (the "Trustee"), as trustee for the liquidation of the business of

Lehman Brothers Inc. ("LBI"), under the Securities Investor Protection Act of 1970, as amended,

15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), by and through his undersigned counsel, submits this

statement (the "Statement") in respect of the motion filed by Diaz Reus & Targ, LLP ("DRT"),

purportedly on behalf of Credican, C.A. ("Credican"), dated March 13, 2014 (ECF No. 43537)

(the "DRT Motion"), and respectfully represents as follows:

**STATEMENT**

1.      For reasons of judicial economy and efficient administration of the LBI

proceeding, the Trustee respectfully requests that the Court apply its determination regarding the

rightful payee on Credican's claims against Lehman Brothers Holdings Inc. ("LBHI") in the

chapter 11 cases (the "LBHI Credican Claims") to the LBI Canarias Claim (as defined in

Paragraph 3).  Although neither of the purported attorneys for Credican, nor the Credican

shareholders, have filed papers in the LBI proceeding, the issues surrounding the LBI Canarias

Claim are identical to the issues presently before the Court in the LBHI proceeding.

2.       The Trustee is in the process of making one-hundred percent distributions

on allowed LBI customer claims.  The LBI Canarias Claim is one such claim that remains

unpaid, though the Trustee is prepared to make a full distribution on it.  The Trustee has not done

so, however, because of the pending litigations regarding proper entitlement to the distribution.

DRT has not sought relief in the LBI proceeding, and the Trustee takes no position on the DRT

Motion.

3.       On January 29, 2009, Banco Canarias de Venezuela, Banco Universal,

C.A. ("Banco Canarias") filed a customer claim in relation to its LBI account, which was

assigned claim number 900003945 (the "LBI Canarias Claim").  By Notice of Trustee's

Determination dated March 22, 2010, the Trustee allowed the LBI Canarias Claim as a customer

claim for five securities and $18,053.72 in cash.  On May 14, 2012, Banco Canarias purportedly

transferred the LBI Canarias Claim to Credican (See Notice of Transfer (June 1, 2012), LBI ECF

No. 5097).  No subsequent notices of transfer have been provided to the Trustee or docketed with

the Court in the LBI proceeding regarding the LBI Canarias Claim.

4.       By email dated June 4, 2012, Credican administrator Rosa María Jiménez,

on behalf of the Credican Administration Board (the "Credican Administrators"), informed the

Trustee's counsel that Credican was being operated by Superintendencia de las Instituciones del

Sector Bancario (SUDEBAN) as of August 3, 2010.  The Credican Administrators have not

subsequently contacted the Trustee; neither directly nor through either of their purported counsel

regarding the LBI Canarias Claim, except that Mr. Alcantar emailed a courtesy copy of his

firm's March 21, 2014 objection to the DRT Motion.

5.    Also in June 2012, the Credican shareholders, represented by Chadbourne

& Parke LLP, filed a lawsuit in the Southern District of New York regarding the nationalization

of Banco Canarias and Credican by the Venezuelan government, arguing that both the LBI

Canarias Claim and the LBHI Credican Claims are their property (the "District Court

Proceeding"). The lawsuit was dismissed in January 2014. See Smith Rocke Ltd. v. Republica

Bliviariana De Venez., No. 12 Cv. 7613 (LGS), 2014 U.S. Dist. LEXIS 9692 (S.D.N.Y. Jan. 27,

2014). The shareholders have since appealed the case to the Second Circuit. See Smith Rocke

Ltd v. Superintendencia de las Instituciones del Sector Bancario, FKA, et al., No. 14-654 (2d Cir.

2014).

6.    Because of the uncertainty presented by the disputes over Canarias' (and

Credican's) assets, as presented by the District Court Proceeding, the DRT Motion, and the filed

opposition to the DRT Motion, the Trustee has refrained from making distributions on the claim

to any party. The Trustee, like LBHI, will continue to refrain from making distributions on the

LBI Canarias Claim until the DRT Motion is resolved and clear ownership of the LBI Canarias

Claim is judicially determined. The Trustee will also continue to maintain a reserve for the LBI

Canarias Claim. Because of redemptions, maturities, liquidation disbursements, and dividends

on the allowed securities, the cash entitlement for the claim has increased to approximately $10.6

million, and three securities (which are available for in-kind delivery) remain as due.

7.    The Trustee respectfully requests that any order (or other determination

issued or approved by the Court) regarding the proper payee of distributions on the LBHI

Credican Claims apply with equal force and effect to the LBI Canarias Claim. This will avoid

the additional time and expense of the Trustee separately litigating the same dispute with the

same parties before the Court in the LBI Proceeding, furthering the goal of judicial economy.

Dated: New York, New York
March 31, 2014

HUGHES HUBBARD & REED LLP

By:    /s/ Christopher K. Kiplok
James B. Kobak, Jr.
Christopher K. Kiplok
Jeffrey S. Margolin
Anson B. Frelinghuysen

One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile:  (212) 422-4726
Email:  kobak@hugheshubbard.com

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.