**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                                    :    Chapter 11 Case No.
                                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     :    08-13555 (SCC)
                                                                              :
                         Debtors.                                  :    (Jointly Administered)
---------------------------------------------------------------x

**STIPULATION AND ORDER REGARDING**
**MOTION TO ENFORCE THE AUTOMATIC STAY, THE PLAN,**
**AND THE CONFIRMATION ORDER AGAINST PICBENGRO, LLC**

Lehman Brothers Holdings Inc. ("LBHI"), in its capacity as Plan Administrator (in such capacity, the "Plan Administrator") under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* (the "Plan"), and on behalf of LBHI and Lehman Brothers Commercial Paper Inc. ("LCPI"), on the one hand, and Picbengro, LLC ("Picbengro," and together with LBHI and LCPI, the "Parties"), on the other hand, by their respective undersigned attorneys, hereby stipulate and agree as follows:

**RECITALS**

A.  On September 15, 2008 (the "LBHI Commencement Date"), LBHI filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

B.  On October 5, 2008 (the "LCPI Commencement Date," and, collectively with the LBHI Commencement Date, the "Commencement Dates"), LCPI commenced with the Bankruptcy Court a voluntary case under chapter 11 of the Bankruptcy Code.

C.  On July 2, 2009, the Bankruptcy Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [ECF No. 4271]. The Bar Date Order established September 22, 2009 (the "Bar Date") as the general

deadline for filing proofs of claim against certain of the Debtors in the above-captioned cases (the "Debtors"), including LBHI and LCPI.

D. On December 6, 2011, the Bankruptcy Court approved and entered an order confirming the Plan [ECF No. 23023] (the "Confirmation Order"). The Plan became effective on March 6, 2012 (the "Effective Date").

E. Picbengro did not file any proofs of claim in the Debtors' chapter 11 cases prior to the Bar Date.

F. On or about October 18, 2013, Picbengro filed a complaint (the "Complaint") in the Superior Court of the State of California (Los Angeles County) against *inter alia*, LBHI and LCPI, Case No. SC121532 (the "Picbengro Action"). The Complaint purports to include claims against LBHI and LCPI, including claims based on LBHI's and LCPI's alleged activities occurring before the Commencement Dates. Specifically, the Complaint includes, but is not limited to, claims that relate to the April 2004 acquisition and continued management of a limited liability company that served as the indirect owner of a motion picture and television production and development facility located in Culver City, California (known as "The Culver Studios").

G. On December 11, 2013, LBHI and LCPI filed the *Motion to Enforce the Automatic Stay, the Plan, and the Confirmation Order Against Picbengro, LLC* [ECF No. 41486] (the "Motion").[1] In the Motion, LBHI and LCPI sought an order: (i) finding that Picbengro violated the automatic stay and the injunctions set forth in the Plan and the Confirmation Order, to the extent that the Picbengro Action includes prepetition claims against LBHI and LCPI; (ii) enjoining Picbengro from seeking any other relief based on its alleged prepetition claims against LBHI and LCPI; (iii) directing Picbengro to dismiss or amend the Picbengro Action to eliminate any

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

prepetition claims against LBHI and LCPI; and (iv) granting LBHI and LCPI such other and further relief as is just.  Picbengro planned to oppose the Motion but, prior to the deadline for objections or opposition, commenced negotiations that resulted in this Stipulation to resolve the Motion and the issues raised therein.

H. On December 12, 2013, LBHI, LCPI, and Property Asset Management, Inc., all of which are defendants in the Picbengro Action, removed the Picbengro Action to the United States District Court for the Central District of California (the "District Court").  Upon removal, the Picbengro Action was assigned Case No. 13-CV-9159 CAS (VBKx) (the "District Court Proceeding") in the District Court.

I. On December 26, 2013, Picbengro and the defendants in the Picbengro Action (including LBHI and LCPI) filed the *Stipulation to Stay Action Pending Resolution of Motion to Enforce in the Bankruptcy Case* [District Court Proceeding, ECF No. 10].  The District Court stayed the District Court Proceeding pending resolution of the Motion on December 26, 2013.

J. The Parties now wish to resolve and withdraw the Motion upon the terms set forth herein.

**AGREEMENT**

1. This Stipulation and Order shall become effective upon execution by all Parties and approval by the Bankruptcy Court (the "Stipulation Effective Date").

2. Within seven business days after the Stipulation Effective Date, Picbengro shall request limited relief from the stipulated stay entered on December 26, 2013 for the purposes of dismissing LBHI from the District Court Proceeding with prejudice and filing an amended complaint in the District Court Proceeding, substantially in the form attached hereto as Exhibit A (the "Amended Complaint").  Picbengro shall promptly file the notice of dismissal with prejudice of LBHI and the Amended Complaint after the District Court provides relief from the stipulated stay.

LBHI and LCPI will stipulate or consent to allow Picbengro limited relief from the stay in the District Court Proceeding for the sole purposes of dismissing LBHI from the District Court Proceeding with prejudice and filing the Amended Complaint.

3. Picbengro acknowledges and agrees that all of its purported claims against LBHI, and its purported claims against LCPI relating in any way to actions taken prior to the LCPI Commencement Date, are barred and discharged pursuant to the Plan and the Confirmation Order.

4. Within seven business days after receiving actual notice of the filing of the Amended Complaint in the District Court Proceeding, LBHI and LCPI shall withdraw the Motion without prejudice.

5. This Stipulation and Order shall not be deemed to be or used as an admission of, or evidence of, any of the allegations set forth in the Amended Complaint or that the Amended Complaint states a claim for relief against any party.

6. Each person who executes this Stipulation and Order represents that he or she is duly authorized to do so on behalf of the applicable Party and that each such Party has full knowledge of, and has consented to, this Stipulation and Order.

7. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Order to present any copy, copies, or facsimiles signed by the Parties.

8. This Stipulation and Order shall inure to the benefit of, and shall be binding upon, the Parties and their respective successors, assignees, heirs, executors, and administrators.

9. This Stipulation and Order shall be exclusively governed by and construed and enforced in accordance with the laws of the State of New York, without regard to its conflicts of law principles. The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes

arising out of or otherwise directly relating to this Stipulation and Order and the issues raised in the Motion. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter directly relating to this Stipulation and Order or the issues raised in the Motion, such matter shall be adjudicated in either the United States District Court for the Southern District of New York or a court of competent jurisdiction in the State of New York.

Dated: March 17, 2014

| /s/ Jacqueline Marcus | /s/ Paul M. Hittelman |
|---|---|
| Jacqueline Marcus | Paul M. Hittelman |
| | |
| WEIL, GOTSHAL & MANGES LLP | |
| 767 Fifth Avenue | 12011 San Vicente Blvd., Ste. 600 |
| New York, New York 10153 | Los Angeles, CA 90049 |
| Telephone: (212) 310-8000 | Telephone: (310) 471-7600 |
| Facsimile: (212) 310-8007 | Facsimile: (310) 471-7655 |
| | |
| Attorneys for | Attorney for Picbengro LLC |
| Lehman Brothers Holdings Inc., | |
| as Plan Administrator for Lehman | |
| Brothers Holdings Inc. and Lehman | |
| Brothers Commercial Paper Inc. | |

**IT IS SO-ORDERED:**
April 1, 2014
New York, New York


*/s/ Shelley C. Chapman*
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE