HEARING DATE AND TIME: May 14, 2014 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: May 2, 2014 at 4:00 p.m. (Eastern Time)

---

**THE FOUR HUNDRED SIXTY-FIRST OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ADAM M. LAVINE, AT 212-310-8290.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :        Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :        08-13555 (SCC)
                                                   :
                   Debtors.                        :        (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON
THE PLAN ADMINISTRATOR'S FOUR HUNDRED SIXTY-FIRST
<u>OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)</u>**

    **PLEASE TAKE NOTICE** that on April 2, 2014, Lehman Brothers Holdings Inc.

("<u>LBHI</u>" and the "<u>Plan Administrator</u>"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

US_ACTIVE:\44452668\4\58399.0011

the entities in the above-referenced chapter 11 cases, filed the four hundred sixty-first omnibus objection to claims (the "Four Hundred Sixty-First Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Four Hundred Sixty-First Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **May 14, 2014 at 10:00 a.m.** (**Eastern Time**), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Sixty-First Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 621; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Adam M. Lavine, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **May 2, 2014 at 4:00 p.m.** (**Eastern Time**) (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Sixty-First Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Sixty-First Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: April 2, 2014
      New York, New York

/s/ Garrett A. Fail
Robert J. Lemons
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME: May 14, 2014 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: May 2, 2014 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

**THE PLAN ADMINISTRATOR'S FOUR HUNDRED SIXTY-FIRST**
**OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS FOUR HUNDRED SIXTY-FIRST OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ADAM M. LAVINE, AT 212-310-8290.**

1

US_ACTIVE:\44452668\4\58399.0011

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

### Relief Requested

1. The Plan Administrator files this omnibus objection pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto (collectively, the "Insufficient Documentation Claims").

2. Each of the Insufficient Documentation Claims was filed against LBHI with documentation insufficient to permit the Plan Administrator to evaluate the asserted basis and merits of the claim. The Insufficient Documentation Claims do not constitute valid *prima facie* claims, and the Plan Administrator requests they be disallowed and expunged in their entirety.

### Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2

**Background**

4. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On July 2, 2009, this Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [ECF No. 4271]. The Bar Date Order, among other things, required that each proof of claim "include supporting documentation or an explanation as to why documentation is not available." (Bar Date Order at 6.) Supporting documentation related to a Guarantee[1] was required to be included with an electronic questionnaire (the "Guarantee Questionnaire"). (*Id*. at 7-8.) The Guarantee Questionnaire provided that, pursuant to Federal Rule of Bankruptcy Procedure 3001(c), if a claim is based on a written agreement, the claimant was required to upload a copy of the writing evidencing such agreement. (*Id.* at Ex. D).

6. The Bar Date Order and notice thereof provided that "any holder of a claim against the [Chapter 11 Estates] who is required, but fails to file a proof of such claim in accordance with the Bar Date Order . . . specifically, including filling out . . . the Guarantee Questionnaire and uploading required information . . . shall forever be barred, estopped, and enjoined from asserting such claim against the [Chapter 11 Estates] . . . ." (*Id.* at 9-10 (emphasis in original).)

---

[1] "Guarantee" is defined in the Bar Date Order as "a promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance." *See* Bar Date Order at 7.

08-13555-mg    Doc 43918    Filed 04/02/14    Entered 04/02/14 20:38:47    Main Document
Pg 7 of 13

7. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Chapter 11 Estates to file omnibus objections to claims on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

8. On December 6, 2011, the Court entered an order confirming the Plan. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

### The Insufficient Documentation Claims Should Be Disallowed and Expunged

9. In reviewing the claims filed on the claims register in these cases, the Plan Administrator has identified the Insufficient Documentation Claims as claims that should be disallowed and expunged on the basis that they either assert no basis of liability against LBHI or include insufficient supporting documentation to support liability against LBHI.

10. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11. This Court and others in the Second Circuit have held that "claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of the claim." *In re Minbatiwalla*, 424 B.R. 104, 119 (Bankr. S.D.N.Y. 2010) (relying on Bankruptcy Rule 3001(c), which requires that proofs of claim include supporting information to establish their *prima facie* validity); *accord In re Porter*, 374 B.R. 471 (Bankr. D. Conn. 2007).

4

12. The Bar Date Order and notice thereof specifically required that each proof of claim include supporting documentation. (Bar Date Order at 6.) The Bar Date Order further required each holder of a claim based on a Guarantee to complete a Guarantee Questionnaire and upload documentation in support such claim. (*Id.* at 7-8.) The requirement of providing supporting documentation for claims is a customary and necessary component of bar date orders. *See, e.g.*, *In re Finlay Enterprises, Inc.*, No. 09-14873 (JMP), Oct. 20, 2009 Order [ECF No. 316] at 6; *In re AGT Crunch Acquisition LLC, et al.*, No. 09-12889 (REG), Oct. 14, 2009 Order [ECF No. 554] at 2-3. Indeed, the Bankruptcy Rules' official proof of claim form includes this standard requirement. *See* Proof of Claim, B 10 (Official Form 10).

13. The Insufficient Documentation Claims do not comply with the Bar Date Order. One Insufficient Document Claim, claim number 10424, provides no basis for liability against LBHI. The claimant did not file a Guarantee Questionnaire, and the documentation filed with the claim reflects a liability of Lehman Re Ltd., a subsidiary of LBHI that is not a Chapter 11 Estate. The other Insufficient Documentation Claim, claim number 67156, asserts a guarantee by LBHI, but no guarantee was filed with the proof of claim or the associated Guarantee Questionnaire. Accordingly, the Insufficient Documentation Claims do not constitute valid *prima facie* claims.

14. Without additional information, the Plan Administrator is unable to assess the basis and merits of the Insufficient Documentation Claims. The Plan Administrator requests that the Court disallow and expunge the Insufficient Documentation Claims in their entirety.

5

**Reservation of Rights**

15. The Plan Administrator reserves all rights to object on any other basis to any Insufficient Documentation Claim as to which the relief requested herein is not granted.

**Notice**

16. No trustee has been appointed in these chapter 11 cases. Notice of this omnibus objection has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

17. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: April 2, 2014
New York, New York

/s/ Garrett A. Fail
Robert J. Lemons
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

6

**EXHIBIT A**

US_ACTIVE:\44452668\4\58399.0011

## OMNIBUS OBJECTION 461: EXHIBIT A - INSUFFICIENT DOCUMENTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | A.M. BEST COMPANY, INC. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/04/2009 | 10424 | $150,000.00 | $150,000.00 | Insufficient Documents |
| 2 | U.S. BANK NATIONAL ASSOCIATION | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 10/27/2010 | 67156 | $1,442,137.17 * | $1,442,137.17* | Insufficient Documents |
| | | | | | TOTAL | $1,592,137.17 | $1,592,137.17 | |

* - Indicates claim contains unliquidated and/or undetermined amounts

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                             :       **Chapter 11 Case No.**
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     :       **08-13555 (SCC)**
                                                                  :
                          Debtors.                         :       **(Jointly Administered)**
------------------------------------------------------------------x

## ORDER GRANTING FOUR HUNDRED SIXTY-FIRST OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)

Upon the four hundred sixty-first omnibus objection to claims, dated April 2, 2014 (the "Four Hundred Sixty-First Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to disallow and expunge the Insufficient Documentation Claims, all as more fully described in the Four Hundred Sixty-First Omnibus Objection to Claims; and due and proper notice of the Four Hundred Sixty-First Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Sixty-First Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Four Hundred Sixty-First Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Sixty-First Omnibus Objection to Claims.

ORDERED that the relief requested in the Four Hundred Sixty-First Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
      New York, New York

                                                                                                                      _____
                                                                                                               UNITED STATES BANKRUPTCY JUDGE