UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                  :    Chapter 11 Case No.
                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                :    08-13555 (SCC)
                                                       :
                        Debtors.                       :    (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING THE FOUR HUNDRED FIFTY-SEVENTH
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

Upon the four hundred fifty-seventh omnibus objection to claims, dated February 7, 2014 (the "Four Hundred Fifty-Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (ECF No. 6664) (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims, all as more fully described in the Four Hundred Fifty-Seventh Omnibus Objection to Claims; and due and proper notice of the Four Hundred Fifty-Seventh Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Fifty-Seventh Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Fifty-Seventh Omnibus Objection to Claims establish just

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Fifty-Seventh Omnibus Objection to Claims.

cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Four Hundred Fifty-Seventh Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and expunged with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Four Hundred Fifty-Seventh Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: April 10, 2014
New York, New York

>*/s/ Shelley C. Chapman*
> HONORABLE SHELLEY C. CHAPMAN
> UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

US_ACTIVE:\44450513\3\58399.0011

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 457: EXHIBIT 1 - NO LIABILITY CLAIMS**

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 FAIRBAIRN TRUST COMPANY LIMITED AS TRUSTEE OF | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/19/2009 | 41375 | $54,300.00 | $54,300.00 | Claimant failed to provide a blocking number for the Lehman Programs Security included on the claim (the "Security"), and such failure is a violation of this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (ECF No. 4271) (the "Bar Date Order"). Additionally, LBHI's records reflect that the entire issuance of the Security has been blocked and validly claimed by other claimants.  Therefore, LBHI is not liable to claimant in connection with the Security because the claim fails to comply with the Bar Date Order and is duplicative of other claims based on Lehman Programs Securities. |
| 2 ROSFUND SPC, FOR AND ON BEHALF OF ITS | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/18/2009 | 18769 | $2,000,000.00 | $2,000,000.00 | Claim 18769 asserts a claim for return of collateral that claimant provided in connection with that certain Deed of Indemnity between claimant and LBSF.  Pursuant to Section 4.2 of the Deed of Indemnity, LBSF is required to return amounts only to the extent the Total Collateral Realisable Value exceeds the Losses.  Based on LBSF's calculation, the Losses exceed the Total Collateral Realisable Value, and therefore, LBSF is not required to return the collateral. As such, LBSF does not have any liability to claimant under the Deed of Indemnity. |

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 457: EXHIBIT 1 - NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 3 | ROSFUND SPC, FOR AND ON BEHALF OF ITS | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18768 | $4,725,000.00 | $4,725,000.00 | The portion of claim 18768 in the amount of $2,725,000 (the "Settlement Amount") is based on LBHI's purported guarantee of alleged obligations incurred by Lehman Brothers Treasury Co. B.V. ("LBT"). Prior to LBHI's petition date, claimant allegedly had agreed to deliver certain notes (the "LPS Notes") to LBT in exchange for LBT's payment of the Settlement Amount, but the trade failed to occur.  Claimant then asserted a direct claim against LBT for the Settlement Amount.  Claimant contends that LBHI guaranteed the obligations of LBT, and as a result of the failed trade LBHI is obligated to claimant for the Settlement Amount.  However, claimant also filed claim number 43783 against LBHI (the "LPS Claim") based on claimant's ownership of the LPS Notes, and the LPS Claim has been allowed and begun receiving distributions.  Therefore, the portion of claim 18768 based on the Settlement Amount is duplicative of the LPS Claim and must be disallowed and expunged.<br><br>The remaining portion of claim 18768, in the amount of $2,000,000, is based on LBHI's purported guarantee of alleged obligations incurred by LBSF.  Claimant has asserted a direct claim against LBSF for the return of collateral that claimant provided in connection with that certain Deed of Indemnity between claimant and LBSF.[1]  Claimant contends that LBHI guaranteed the obligations of LBSF, and as a result, LBHI is liable to claimant for the return of the collateral. Pursuant to Section 4.2 of the Deed of Indemnity, LBSF is required to return amounts only to the extent the Total Collateral Realisable Value exceeds the Losses.  Based on LBSF' calculation, the Losses exceed the Total Collateral Realisable Value, and therefore, LBSF is not required to return the collateral.  As such, LBHI is not liable to claimant for any purported guarantee of such invalid obligations.<br><br>To the extent claim 18768 is not expunged in its entirety pursuant to this objection, LBHI reserves all of its rights to dispute the validity of all or any portion of the claim on any basis whatsoever, including the validity of any purported guarantee referenced in the claim. |
| | | | | | TOTAL | $6,779,300.00 | $6,779,300.00 | |

[1] The direct claim against LBSF is represented by claim number 18769 and is also included on this objection.

\* - Indicates claim contains unliquidated and/or undetermined amounts