Hearing Date and Time: May 14, 2014 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: May 7, 2014 at 4:00 p.m. (Prevailing Eastern Time)

---

**THIS OBJECTION SEEKS TO CLASSIFY AS SUBORDINATED CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE FOUR HUNDRED SIXTY-SECOND OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT SPECIAL COUNSEL FOR LEHMAN BROTHERS HOLDINGS INC., JAMES N. LAWLOR, AT 212-382-3300.**

---

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:    (212) 382-3300
Facsimile:    (212) 382-0050
James N. Lawlor
Adam M. Bialek

*Special Counsel for Lehman Brothers Holdings Inc. and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ———————————————————— x | | |
| | : | **Chapter 11** |
| **In re:** | : | |
| | : | **Case No. 08-13555 (SCC)** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | |
| | : | |
| **Debtors.** | : | |
| ———————————————————— x | | |

**NOTICE OF HEARING ON THE FOUR HUNDRED**
**SIXTY-SECOND OMNIBUS OBJECTION TO CLAIMS (510(b) CLAIMS)**

    **PLEASE TAKE NOTICE** that on April 11, 2014, Lehman Brothers Holdings Inc.

("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third Amended

Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities

in the above referenced chapter 11 cases, filed the four hundred sixty-second omnibus objection

to claims (the "Four Hundred Sixty-Second Omnibus Objection to Claims"), and that a hearing

(the "Hearing") to consider the Four Hundred Sixty-Second Omnibus Objection to Claims will be

held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom

621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling

Green, New York, New York 10004, on **May 14, 2014, at 10:00 a.m. (Eastern Time)**, or as

soon thereafter as counsel may be heard.

  **PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Sixty-

Second Omnibus Objection to Claims shall be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the

Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system,

and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in text-

searchable Portable Document Format (PDF) (with a hard copy delivered directly to Chambers),

and shall be served upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling

Green, New York, New York 10004, Courtroom 621; (ii) special counsel for LBHI, Wollmuth

Maher & Deutsch LLP, 500 Fifth Avenue, 12th Floor, New York, New York 10110 (Attn: James

N. Lawlor, Esq., and Adam M. Bialek, Esq.); and (iii) the Office of the United States Trustee for

Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York

10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.);

so as to be so filed and received by no later than **May 7, 2014, at 4:00 p.m. (Eastern Time)** (the

"Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served

with respect to the Four Hundred Sixty-Second Omnibus Objection to Claims or any claim set

forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four

Hundred Sixty-Second Omnibus Objection to Claims, which order may be entered with no

further notice or opportunity to be heard offered to any party.


Dated:  April 11, 2014
        New York, New York

                                        ____/s/James N. Lawlor_____
                                        James N. Lawlor
                                        Adam M. Bialek

                                        Wollmuth Maher & Deutsch LLP
                                        500 Fifth Avenue
                                        New York, New York 10110
                                        Telephone:(212) 382-3300
                                        Facsimile: (212) 382-0050

                                        *Special Counsel for Lehman Brothers Holdings
                                        Inc. and Certain of Its Affiliates*

**Hearing Date and Time:  May 14, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  May 7, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:      (212) 382-3300
Facsimile:      (212) 382-0050
James N. Lawlor
Adam M. Bialek

*Special Counsel for Lehman Brothers Holdings Inc. and*
*Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ————————————————————  x | |
| : | **Chapter 11** |
| **In re:** : | |
| : | **Case No. 08-13555 (SCC)** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : | |
| : | |
| **Debtors.** : | |
| ————————————————————  x | |

**FOUR HUNDRED SIXTY-SECOND**
**OMNIBUS OBJECTION TO CLAIMS (510(b) CLAIMS)**

---

**THIS OBJECTION SEEKS TO CLASSIFY AS SUBORDINATED CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE FOUR HUNDRED SIXTY-SECOND OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT SPECIAL COUNSEL FOR LEHMAN BROTHERS HOLDINGS INC., JAMES N. LAWLOR, AT 212-382-3300.**

---

**TO THE HONORABLE SHELLEY C. CHAPMAN**
**UNITED STATES BANKRUPTCY JUDGE:**

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan

Administrator pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-

referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**RELIEF REQUESTED**

1.      The Plan Administrator files this four hundred sixty-second omnibus objection to

claims (the "Four Hundred Sixty-Second Omnibus Objection to Claims") pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), section 510(b) of the

Bankruptcy Code, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664].

2.      The proofs of claim listed on Exhibit A annexed hereto assert that LBHI is liable

for indemnification, reimbursement, and/or contribution in connection with litigations or other

proceedings that have been, or may be, commenced against the holders of the proofs of claim

(the "Claimants").  According to the proofs of claim, in each of the litigations or other

proceedings that have been commenced against the Claimants, the complainants seek damages

from the Claimants arising from the purchase or sale of securities of LBHI.

3.      The Claimants are underwriters of securities issued by LBHI (collectively, the

"Underwriter Claimants").  The Underwriter Claimants have been sued for damages under state

and/or federal securities laws based upon alleged false and misleading statements contained in

the offering documents of securities issued by LBHI and underwritten by the Underwriter

Claimants.  Exhibit A annexed hereto specifies which claims are held by Underwriter Claimants

2

08-13555-mg    Doc 43972    Filed 04/11/14    Entered 04/11/14 18:52:03    Main Document
Pg 6 of 46

(collectively, the "Underwriter Claims").  Exhibit B annexed hereto are copies of the filed proofs of claim constituting Underwriter Claims.

4.      The Underwriter Claims should be classified as subordinated pursuant to the Plan and section 510(b) of the Bankruptcy Code.  Section 510(b) of the Bankruptcy Code requires mandatory subordination of claims for "reimbursement or contribution" to the extent such claims are on account of claims arising from the purchase or sale of securities of a debtor or its affiliates.  The Underwriter Claims seek reimbursement or contribution from LBHI in connection with litigations or other proceedings arising from the purchase or sale of securities issued by LBHI or its affiliates.  Accordingly, the Underwriter Claims fall squarely within the plain text of section 510(b) of the Bankruptcy Code.  The Plan Administrator respectfully requests that the Court classify the Underwriter Claims as subordinated under the Plan.  The Plan Administrator reserves its rights to object to any of the Underwriter Claims on any other basis as to which the Court does not grant the relief requested herein.

## JURISDICTION

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

### Chapter 11 Case Background

6.      Commencing on September 15, 2008 (the "Commencement Date") and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.     On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

8.     On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023] (the "Confirmation Order").  The Plan became effective on March 6, 2012.  Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

9.     The Plan classifies claims against LBHI that are subject to section 510(b) of the Bankruptcy Code in LBHI Class 11, unless such claims arise out of Equity Interests[1] in LBHI, in which case the Plan classifies them in LBHI Class 12.  Plan at §§ 4.16, 4.17.

**The Underwriter Claims**

10.    The Underwriter Claims seek indemnification, reimbursement, and/or contribution from LBHI in connection with litigations or other proceedings that have been, or may be, commenced against the Underwriter Claimants.  LBHI's alleged indemnification, reimbursement, and contribution obligations purportedly arise from contractual relationships between LBHI and the Underwriter Claimants, such as their underwriting agreements, and/or provisions of federal and state securities and other laws.  Citing to these alleged indemnification, reimbursement, and contribution obligations, the Underwriter Claimants seek a recovery from LBHI for liability, settlement amounts, defense costs, and/or expenses that have been, or may be, incurred by the Underwriter Claimants in defending litigations or other proceedings that have

---

[1] The Plan defines Equity Interests to include "Allowed Claims against LBHI arising out of, relating to, or in connection with any [shares of common stock, preferred stock, other forms of ownership interest, or any other equity security] that are subject to section 510(b) of the Bankruptcy Code."  Plan at § 1.51.

4

been, or may be, commenced or threatened against them.  Certain of the Underwriter Claims

were filed in liquidated amounts, whereas others were filed as either wholly or partially

contingent and unliquidated.

11.     According to the proofs of claim filed by the Underwriter Claimants, in each of

the litigations or other proceedings that have been commenced against the Underwriter

Claimants (collectively, the "Securities Fraud Litigations"), the complainants seek damages

arising from alleged false statements and/or omissions in the offering materials of securities

issued by LBHI and underwritten by the Underwriter Claimants.  Certain of the Underwriter

Claimants have settled the underlying securities litigations commenced against them.  *See, e.g.,*

Judgment and Order Approving Settlement Between Lead Plaintiffs and the Settling Underwriter

Defendants, dated April 25, 2012, ¶ 14(a), 1:08-cv-5523, [ECF No. 397.]

**THE UNDERWRITER CLAIMS
SHOULD BE CLASSIFIED AS SUBORDINATED[2]**

12.     The Underwriter Claims should be classified as subordinated pursuant to the Plan

and section 510(b) of the Bankruptcy Code.  The Bankruptcy Code mandates the subordination

of claims for "reimbursement or contribution" on account of claims for damages arising from the

purchase or sale of securities of a debtor or an affiliate of the debtor.  11 U.S.C. § 510(b).

Specifically, section 510(b) of the Bankruptcy Code states:

> [A] claim . . . for damages arising from the purchase or sale of [a
> security of the debtor or an affiliate of the debtor] or for
> reimbursement or contribution allowed under section 502 on
> account of such a claim . . . shall be subordinated to all claims or
> interests that are senior to or equal the claim or interest

---

[2] The Plan Administrator need not commence an Adversary Proceeding because (i) such claims are not yet "allowed" and (ii) the Plan provides for subordination of claims subject to section 510(b) of the Bankruptcy Code. *See* Fed. R. Bankr. P. 7001(8) ("The following are adversary proceedings... (8) a proceeding to subordinate any allowed claim or interest, *except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination")* (emphasis added).

> represented by such security, except that if such security is
> common stock, such claim has the same priority as common stock.

*Id*. As detailed below, the Underwriter Claims fall squarely within the plain text of section 510(b) of the Bankruptcy Code. Therefore, subordination of the Underwriter Claims is mandatory.

13. Numerous courts, including this Court, have subordinated underwriter indemnification claims arising from litigation involving securities issued by the debtor. *See, e.g., In re De Laurentiis Entm't. Group, Inc.*, 124 B.R. 305, 310 (C.D. Cal. 1998) (subordinating the indemnification claim of the debtor's underwriter for attorneys' fees incurred in defending actions brought by the debtor's stockholders); *In re Jacom Computer Servs., Inc.*, 280 B.R. 570, 572 (Bankr. S.D.N.Y. 2002) (holding that claims filed by the debtor's underwriters should be subordinated where such claims sought the recovery of costs incurred by the underwriters in connection with a class action lawsuit arising from the initial public offering of the debtor's stock); *In re Mid-American Waste Sys., Inc.*, 228 B.R. 816, 824 (Bankr. D. Del. 1999) (subordinating the indemnification claims of a debtor's underwriters for costs and expenses incurred in defense of a securities fraud action commenced by the debtor's shareholders); *In re Walnut Equip. Leasing Co., Inc.*, No. 97-19699, 1999 WL 1271762, at *5-6 (Bankr. E.D. Pa. Dec. 28, 1999) (agreeing with "courts [that] have concluded that defense costs incurred by underwriters in connection with securities violations are subordinated" under section 510(b) "regardless of whether the indemnification obligation is based on a statute, a contractual agreement or otherwise"); *see also In re Touch America Holdings, Inc*., 381 B.R. 95 (Bankr. D. Del. 2008) (requiring subordination of officers' and directors' indemnification claims pursuant to section 510(b)); *In re Public Serv. Co. of N.H.*, 129 B.R. 3, 5 (Bankr. D.N.H. 1991) (same). Accordingly, the weight of authority requires subordination of the Underwriter Claims.

6

14.     Moreover, the plain text of section 510(b) also requires subordination of the Underwriter Claims.  First, the Underwriter Claims qualify as claims for "reimbursement or contribution" as such terms are used in section 510(b).  Each of the Underwriter Claims asserts a claim for "indemnification and/or contribution."  As such, the Underwriter Claimants have conceded that their claims are for reimbursement or contribution.  *See, e.g.*, Proof of Claim Number 26974 filed by Banc of America Investment Services, Inc. ("Claim 26974"), Attachment at 1; Proof of Claim Number 26975 filed by Banc of America Securities, LLC ("Claim 26975"), Attachment at 1; Proof of Claim Number 26984 filed by Merrill, Lynch, Pierce, Fenner & Smith, Incorporated ("Claim 26984"), Attachment at 1.  Although the Underwriter Claimants seek both contribution and "indemnification," a term not used in section 510(b) of the Bankruptcy Code, courts have noted that "reimbursement by definition includes indemnification."  *Jacom*, 280 B.R. at 572 ("This Court is not persuaded by Underwriters' characterization of their claim as one for 'indemnification' as opposed to `reimbursement' (the term used in the statute)."); *accord De Laurentiis*, 124 B.R. at 308.  Indeed, numerous courts have subordinated underwriter claims for "indemnification."  *See, e.g., De Laurentiis*, 124 B.R. at 310; *Jacom*, 280 B.R. at 572.

15.     Second, the securities in the underlying Securities Fraud Litigations are "securit[ies] of the debtor or of an affiliate of the debtor."  Section 101(49) of the Bankruptcy Code defines "security" broadly to include notes, stock, bonds, debentures, and any other claim or interest commonly referred to as a security.  11 U.S.C. § 101(49).  There can be no dispute that the securities at issue in the underlying Securities Fraud Litigations are "securities" within the meaning ascribed to such term by section 101(49) of the Bankruptcy Code.  Indeed, in their proofs of claim, the Underwriter Claimants repeatedly refer to lawsuits seeking damages with respect to "offering materials of various LBHI securities."  *See* Claim 26974, Attachment at 1;

7

Claim 26975, Attachment at 1; Claim 26984, Attachment at 1.  Similarly, there can be no dispute

that these securities are securities "of the debtor."  Each of the Underwriter Claimants

underwrote the issuance of securities by LBHI and each of the Underwriter Claims involves

claims for indemnification, reimbursement, and/or contribution arising from securities issued by

LBHI.  *See id.*

16.     Third, each of the Underwriter Claims is "on account of" claims for "damages

arising from the purchase or sale" of securities issued by LBHI.  As stated in the Underwriter

Claims, in the Securities Fraud Litigations, complainants asserted claims under state and/or

federal securities laws against the Underwriter Claimants based upon alleged false and

misleading statements contained in the offering documents for the relevant securities.  Securities

fraud claims such as these clearly qualify as claims for "damages arising from the purchase or

sale of securities."  Courts routinely subordinate claims pursuant to section 510(b) of the

Bankruptcy Code where such claims allege that the debtor's fraud led claimants to purchase or

retain securities to their detriment.  *See, e.g.*, *In re WorldCom, Inc.*, 329 B.R. 10, 15 (Bankr.

S.D.N.Y. 2005) ("The damage and harm sustained by [claimant], whether proximately caused by

fraud in the inducement of its purchase, or the retention of its ownership ... arises from and is

based upon [claimant's] purchase and ownership of WorldCom stock and as such is squarely

within the scope of section 510(b).").  Further, the Underwriter Claims, which seek

indemnification, reimbursement, and/or contribution in connection with the Securities Fraud

Litigations, are clearly "on account of claims for "damages arising from the purchase of sale" of

securities of LBHI.  *See De Laurentiis*, 124 B.R. at 310; *Jacom*, 280 B.R. at 572; *Mid-American

Waste*, 228 B.R. at 824.

8

## Notice

17.      No trustee has been appointed in these Chapter 11 Cases.  The Plan Administrator

has served notice of this Four Hundred Sixty-Second Omnibus Objection to Claims on: (i) the

United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the

Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York;

(v) the claimants listed on Exhibit A attached to this Four Hundred Sixty-Second Omnibus

Objection to Claims; and (vi) all other parties entitled to notice in accordance with the

procedures set forth in the second amended order entered on June 17, 2010 governing case

management and administrative procedures for these cases [ECF No. 9635].  The Plan

Administrator submits that no other or further notice need be provided.

18.      No previous request for the relief sought herein has been made by LBHI or the

Plan Administrator to this or any other Court.

WHEREFORE, the Plan Administrator respectfully requests entry of an order granting

the relief requested herein and such other and further relief as is just.


Dated: April 11, 2014
        New York, New York

                                    _____/s/James N. Lawlor_____
                                    James N. Lawlor
                                    Adam M. Bialek

                                    Wollmuth Maher & Deutsch LLP
                                    500 Fifth Avenue
                                    New York, New York 10110
                                    Telephone:(212) 382-3300
                                    Facsimile: (212) 382-0050

                                    *Special Counsel for Lehman Brothers Holdings
                                    Inc. and Certain of Its Affiliates*

# EXHIBIT A

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)**

**OMNIBUS OBJECTION 462: EXHIBIT A - 510(b) CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE SUBORDINATED | CATEGORY OF CLAIMS |
|---|---|---|---|---|---|---|---|---|
| 1 | BANK OF AMERICA INVESTMENT SERVICES, INC. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26974 | $9,062.61 * | $9,062.61* | Underwriter Claim |
| 2 | MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26975 | $169,204.86 * | $169,204.86* | Underwriter Claim |
| 3 | MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26984 | $129,582.00 * | $129,582.00* | Underwriter Claim |
| | | | | TOTAL | | $307,849.47 | $307,849.47 | |

* - Indicates claim contains unliquidated and/or undetermined amounts

# EXHIBIT B

| *United States Bankruptcy Court/Southern District of New York* | **PROOF OF CLAIM** |
|---|---|

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

**PROOF OF CLAIM**

| In Re: <br> Lehman Brothers Holdings Inc., et al. <br> Debtors. | Chapter 11 <br> Case No. 08-13555 (JMP) <br> (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held <br> **Lehman Brothers Holdings Inc.** | Case No of Debtor <br> **08-13555** |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000026974

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Banc of America Investment          with a copy to
Services, Inc.                      Mitchell A. Lowenthal
Attn: Ronald Newth                  Cleary Gottlieb Steen & Hamilton LLP
100 Federal Street                  One Liberty Plaza
Boston, MA 02110                    New York, NY 10006
(617) 434-5225                      (212) 225-2000
Email:                              Email: mlowenthal@cgsh.com
ronald.newth@bankofamerica.com
Telephone number:          Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)




Telephone number:          Email Address:

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1.  **Amount of Claim as of Date Case Filed:** $ SEE ATTACHMENT _____
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2.  **Basis for Claim:** Indemnification for alleged underwriting of LBHI securities
(See instruction #2 on reverse side.)

3.  **Last four digits of any number by which creditor identifies debtor:** _____
    **3a. Debtor may have scheduled account as:** _____
    (See instruction #3a on reverse side.)

4.  **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☑ Other
Describe: SEE ATTACHMENT
Value of Property: $_____   Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection: _____

**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

5.  **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$_____

6.  **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

7.  **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8.  **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**FOR COURT USE ONLY**

FILED / RECEIVED

SEP 22 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: <br> 9/16/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. <br> [signature] <br> Ronald Newth, Chief Operating Officer, Banc of America Investment Services, Inc. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 13-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

---

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

ATTACHMENT TO CLAIM OF BANC OF AMERICA INVESTMENT SERVICES, INC.

The claimant, Banc of America Investment Services, Inc. (as successor to LaSalle Financial Services Inc.) ("Claimant"), a corporation organized under the laws of Florida, which maintains an office at 100 Federal Street, Boston, MA 02110, is duly authorized and empowered to make this claim.

This attachment is intended to provide background information relating to a claim by Claimant against Lehman Brothers Holdings Inc. ("LBHI") for certain contingent, unliquidated and certain non-contingent, nonliquidated amounts of losses that have been, will be and/or may be incurred as a result of various lawsuits brought against Claimant related to its alleged underwriting of LBHI securities.

Claimant[1] has been named as a defendant in connection with the lawsuits described below, all of which seek damages based upon alleged false statements and/or omissions in the offering materials of various LBHI securities allegedly underwritten by Claimant and certain other alleged underwriters, including Lehman Brothers Inc. ("LBI"). Pursuant to indemnification and/or contribution provisions in the underwriting agreements, purchase agreements, distribution agreements, agreements among underwriters or similar agreements, as amended or supplemented, executed in connection with these offerings (all collectively, the "Agreements"),[2] and/or other contractual relationships and applicable provisions of federal and state securities and other laws, Claimant and other participants in the offerings (the "Offering Participants") have certain indemnification and/or contribution rights against LBHI for certain losses arising out of certain alleged false statements and/or omissions in the offering materials and for any legal or other expenses reasonably incurred by the Offering Participants in investigating, defending, and/or preparing to defend against such losses (all collectively, the "Indemnified Losses").

In particular, Claimant is named as a defendant in the following lawsuits (the "Actions") and is alleged to have underwritten, along with other alleged underwriters, the LBHI securities offerings (the "Offerings") described herein, resulting in Indemnified Losses:

1.     Cecil Mease v. Richard S. Fuld, Jr., et al., No. 09 CV 01232 (pending in the United States District Court for the Southern District of New York) ("Mease"), now consolidated for all pre-trial purposes with In Re: Lehman Equity / Debt Securities Litigation, No. 08 CV 5523 (pending in the United States District Court for the Southern District of New York) (the "Lehman Securities Litigation").[3] We refer to the Mease Complaint filed October 21, 2008 for its contents,[4] but in general it alleges misrepresentations and/or omissions with respect to the October 24, 2006 offering of 5.75% Subordinated Notes Due 2017 allegedly underwritten by Claimant and certain other alleged underwriters.

---

[1]     The named defendant in the litigations referenced herein is LaSalle Financial Services, Inc., which merged into Banc of America Investment Services, Inc. on October 24, 2008.

[2]     The Agreements are voluminous and, upon information and belief, are in the possession of LBHI and/or LBI. Accordingly, they have not been filed with this Proof of Claim.

[3]     By order dated January 9, 2009, Judge Lewis A. Kaplan consolidated for all pre-trial purposes several previously filed class actions into No. 08 CV 5523, previously captioned Operative Plasterers and Cement Masons International Association Local 262 Annuity Fund v. Richard S. Fuld, Jr., et al., and also provided for pre-trial consolidation of all actions involving claims relating to LBHI securities that were later instituted in or removed or transferred to that Court.

[4]     The complaints referenced in this Proof of Claim are voluminous and accordingly have not been filed with this Proof of Claim. However, they are available upon request from Claimant or via the Electronic Case Filing system for the United States District Court for the Southern District of New York.

2.    Washington State Investment Board v. Richard S. Fuld, Jr., et al., No. 09-2-01232-3 (pending in the Superior Court of the State of Washington, County of Thurston) ("WSIB").  We refer to the WSIB Complaint dated May 20, 2009 for its contents, but in general it alleges misrepresentations and/or omissions with respect to the following offerings allegedly underwritten by Claimant and certain other alleged underwriters:

- The October 24, 2006 offering of 5.75% Subordinated Notes Due 2017 (which is also at issue in the Mease Complaint)
- The January 12, 2007 offering of 5.25% Medium Term Notes Due 2012.

* * *

Because the Actions are still pending, the amount of Claimant's Indemnified Losses cannot be determined at this time.  Claimant therefore makes a claim for its Indemnified Losses in contingent, unliquidated amounts.[5]

However, under the Agreements, Claimant is entitled to indemnification for, among other things, its legal fees and costs, and other expenses incurred in connection with investigating or defending against any such loss, claim, damage, liability or action.  Accordingly, this Proof of Claim includes the legal costs incurred in connection with the Actions which have accrued to date, and which continue to accrue on a daily basis.  As of August 31, 2009, Claimant has accrued at least $9,062.61 in legal fees and costs.  Any amounts accrued to date are neither contingent nor unliquidated.

Claimant hereby reserves the right to amend, clarify, modify or supplement this claim to assert additional claims or additional grounds for its claims, including but not limited as a result of the filing of amended pleadings in the Actions, and/or to specify the amount of Claimant's contingent, unmatured and/or unliquidated claims as they become non-contingent, matured and/or liquidated.  Claimant further reserves its rights to amend or supplement this Proof of Claim or to file additional proofs of claim for any and all damages and expenses, including but not limited to legal fees, with respect to any other actions or proceedings commenced against it, including but not limited to those actions or proceedings commenced against it in connection with these chapter 11 or SIPA cases or the Offerings, whether the actions are currently pending or are filed at a future date.  Claimant further reserves its rights to file a request for payment of administrative or priority expenses in accordance with 11 U.S.C. §§ 503(b) and 507(a).

As of the date of the filing of this Proof of Claim, there has been no discovery in the Actions.  To the extent additional discovery provides the basis for further claims against LBHI, LBI, and/or any affiliate of either of them in connection with Claimant's alleged underwriting activities in the Offerings, Claimant hereby reserves all such rights to assert such claims against LBHI, LBI and/or any affiliate of either of them under federal and state securities and other laws, including but not limited to claims for breach of contract, fraud, fraudulent inducement, fraudulent misrepresentation and/or negligent misrepresentation.  Claimant also reserves any equitable claims against LBHI, LBI and/or any affiliate of either of them arising from the aforementioned conduct.

---

[5]    Claimant has also filed a claim related to its Indemnified Losses in the SIPA proceedings of LBI (No. 08-1420 SIPA).  Upon information and belief, other Offering Participants may also be filing claims against LBI and/or LBHI for indemnification and/or contribution for losses related to the above-referenced lawsuits.

By filing this Proof of Claim, Claimant does not waive, and specifically preserves, its procedural and substantive defenses to any claim that may be asserted against Claimant by LBHI, LBI and/or any affiliate of either of them or by any trustee of their estates, by any Official Committee appointed in these chapter 11 or SIPA proceedings, or any other party. Claimant also reserves all rights accruing to it against LBHI, LBI or any other affiliate of either of them, and the filing of this claim is not intended to be and shall not be construed as (a) an election of remedy or (b) a waiver or limitation of any rights of Claimant. Claimant reserves the right to supplement this claim with relevant documents to the extent necessary. Furthermore, Claimant reserves the right to withdraw this claim for any reason whatsoever.

To the extent that LBHI, LBI or any affiliate of either of them asserts claims against the Claimant of any kind, the Claimant reserves the right to assert that such claims are subject to rights of set-off and/or recoupment, which rights are treated as secured claims under the Bankruptcy Code. To the extent that the Claimant or any other party takes any action that would give rise to a right of counterclaim or other rights or claims the Claimant may have against LBHI, LBI and/or any affiliate of either of them, Claimant reserves all of its rights.

To the extent that Claimant has a right to set-off or recoup the amount of its claims under 11 U.S.C. § 553 against any claims, defenses, or set-offs LBHI, LBI, and/or any affiliate of either of them or their estates may have or might assert against such Claimant, Claimant asserts a secured claim. In addition, the filing of this Proof of Claim does not waive any right to any security held by or on behalf of any Claimant or such Claimant's rights to claim specific assets or any other rights or rights of action that Claimant has or may have against LBHI, LBI, and/or any affiliate of either of them, and Claimant expressly reserves such rights.

This claim shall not be deemed to be a waiver of Claimant's right (i) to have final orders in non-core matters entered only after de novo review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases, (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, set-offs or recoupments to which Claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses and recoupments Claimant expressly reserves.

The Claimant, by filing this claim, does not submit to the jurisdiction of the Bankruptcy Court for any purposes other than with respect to this proof of claim.

This claim is in addition to, and does not supersede, any other claim filed or to be filed by Claimant against LBHI, LBI, or any other affiliate of either of them.

Any notices in connection with this claim should be addressed to Claimant at the address below:

Ronald Newth
Bank of America
100 Federal Street
Boston, MA 02110
(617) 434-5225

3

Fax:  (617) 434-5563
ronald.newth@bankofamerica.com

-and-

Mitchell A. Lowenthal
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000
Fax (212) 225-3999
mlowenthal@cgsh.com

4

H
A
N
D

D
E
L
I
V
E
R
Y

FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

RECEIVED BY:    DATE    2:41
                              TIME

| *United States Bankruptcy Court/Southern District of New York* | | **PROOF OF CLAIM** |
|---|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | Filed: USBC - Southern District of New York Lehman Brothers Holdings Inc., Et Al. 08-13555 (JMP)     0000026975 |
|---|---|---|
| Name of Debtor Against Which Claim is Held Lehman Brothers Holdings Inc. | Case No. of Debtor 08-13555 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**... FOR COURT USE ONLY**

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Banc of America Securities LLC   with a copy to<br>One Bryant Park   Mitchell A. Lowenthal<br>New York, NY 10036   Cleary Gottlieb Steen & Hamilton LLP<br>Attn: Julie Fendo Lauck   One Liberty Plaza<br>(646) 855-4203   New York, NY 10006<br>julie_fendo-lauck@ml.com   (212) 225-2000<br>Email: mlowenthal@cgsh.com | Court Claim Number:_____<br> (*If known*)<br><br>Filed on: _____ |
| Telephone number:                    Email Address: | |
| Name and address where payment should be sent (if different from above) | ☑ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check this box if you are the debtor or trustee in this case. |
| Telephone number:                    Email Address: | |

| | |
|---|---|
| **1.   Amount of Claim as of Date Case Filed:  $ SEE ATTACHMENT** _____<br>If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br>If all or part of your claim is entitled to priority, complete Item 5.<br>If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.<br>☐  Check this box if all or part of your claim is based on a Derivative Contract.*<br>☐  Check this box if all or part of your claim is based on a Guarantee.*<br><br>***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**<br>☐  Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee. | **5.    Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim:<br><br>☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br>☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).<br>☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).<br>☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).<br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____). |
| **2.   Basis for Claim:** Indemnification for alleged underwriting of LBHI securities<br>(See instruction #2 on reverse side.) | |
| **3.   Last four digits of any number by which creditor identifies debtor:** _____<br> **3a.  Debtor may have scheduled account as:** _____<br>      (See instruction #3a on reverse side.) | |
| **4.   Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br>Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☑ Other<br><br>Describe:  SEE ATTACHMENT<br><br>Value of Property: $_____ Annual Interest Rate _____%<br>Amount of arrearage and other charges as of time case filed included in secured claim, if any:<br>$_____ Basis for perfection: _____<br><br>**Amount of Secured Claim: $_____ Amount Unsecured: $_____** | **Amount entitled to priority:**<br><br>$_____ |
| **6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____**<br>(See instruction #6 on reverse side.) | |
| **7.   Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br>**8.   Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.<br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br>If the documents are not available, please explain: | FOR COURT USE ONLY<br><br>**FILED / RECEIVED**<br><br>**SEP 2 2 2009**<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
| Date:<br>9/15/09 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Julie Fendo Lauck, Director<br>Merrill Lynch, Pierce, Fenner & Smith, Inc.<br>o/b/o Banc of America Securities LLC | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | |
|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

# DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

---

# INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## ATTACHMENT TO CLAIM OF BANC OF AMERICA SECURITIES LLC

The claimant, Banc of America Securities LLC ("Claimant"), a limited liability company organized under the laws of Delaware, which maintains an office at One Bryant Park, New York, NY 10036, is duly authorized and empowered to make this claim.

This attachment is intended to provide background information relating to a claim by Claimant against Lehman Brothers Holdings Inc. ("LBHI") for certain contingent, unliquidated and certain non-contingent, nonliquidated amounts of losses that have been, will be and/or may be incurred as a result of various lawsuits brought against Claimant related to its alleged underwriting of LBHI securities.

Claimant has been named as a defendant in connection with the lawsuits described below, all of which seek damages based upon alleged false statements and/or omissions in the offering materials of various LBHI securities allegedly underwritten by Claimant and certain other alleged underwriters, including Lehman Brothers Inc. ("LBI"). Pursuant to indemnification and/or contribution provisions in the underwriting agreements, purchase agreements, distribution agreements, agreements among underwriters or similar agreements, as amended or supplemented, executed in connection with these offerings (all collectively, the "Agreements"),[1] and/or other contractual relationships and applicable provisions of federal and state securities and other laws, Claimant and other participants in the offerings (the "Offering Participants") have certain indemnification and/or contribution rights against LBHI for certain losses arising out of certain alleged false statements and/or omissions in the offering materials and for any legal or other expenses reasonably incurred by the Offering Participants in investigating, defending, and/or preparing to defend against such losses (all collectively, the "Indemnified Losses").

In particular, Claimant is named as a defendant in the following lawsuits (the "Actions") and is alleged to have underwritten, along with other alleged underwriters, the LBHI securities offerings (the "Offerings") described herein, resulting in Indemnified Losses:

1.    In Re: Lehman Equity / Debt Securities Litigation, No. 08 CV 5523 (pending in the United States District Court for the Southern District of New York) (the "Lehman Securities Litigation").[2] We refer to the Lehman Securities Litigation Consolidated Amended Complaint filed February 23, 2009 for its contents,[3] but in general it alleges misrepresentations and/or omissions with respect to the following LBHI offerings allegedly underwritten by Claimant and certain other alleged underwriters:

- March 23, 2007 offering of Medium Term Notes, Series I (52517PW31)
- August 14, 2007 offering of Series D - 6.85% Notes Due August 16, 2032 (52519FEP2)

---

[1]    The Agreements are voluminous and, upon information and belief, are in the possession of LBHI and/or LBI. Accordingly, they have not been filed with this Proof of Claim.

[2]    By order dated January 9, 2009, Judge Lewis A. Kaplan consolidated for all pre-trial purposes several previously filed class actions into No. 08 CV 5523, previously captioned Operative Plasterers and Cement Masons International Association Local 262 Annuity Fund v. Richard S. Fuld, Jr., et al., and also provided for pre-trial consolidation of all actions involving claims relating to LBHI securities that were later instituted in or removed or transferred to that Court.

[3]    The complaints referenced in this Proof of Claim are voluminous and accordingly have not been filed with this Proof of Claim. However, they are available upon request from Claimant or via the Electronic Case Filing system for the United States District Court for the Southern District of New York.

- August 21, 2007 offering of Series D - 6.85% Notes Due August 23, 2032 (5251FEQ0)
- August 28, 2007 offering of Series D - 6.9% Notes Due September 1, 2032 (52519FER8)
- September 5, 2007 offering of Series D - 6.8% Notes Due September 7, 2032 (52519FES6)
- September 18, 2007 offering of Series D - 6.5% Notes Due September 20, 2027 (52519FET4)
- October 2, 2007 offering of Series D - 7% Notes Due October 4, 2032 (52519FEU1)
- October 9, 2007 offering of Series D - 6.4% Notes Due October 11, 2022 (52519FEV9)
- October 16, 2007 offering of Series D - 6.5% Notes Due October 18, 2027 (52519FEW7)
- October 23, 2007 offering of Series D - 6.5% Notes due October 25, 2027 (52519FEX5)
- October 30, 2007 offering of Series D - 5.25% Notes Due January 30, 2014 (52519FEY3)
- November 13, 2007 offering of Series D - 6.5% Notes Due November 15, 2032 (52519FEZ0)
- November 20, 2007 offering of Series D - 6.75% Notes Due November 22, 2027 (52519FFA4)
- January 15, 2008 offering of Series D - 6.5% Notes Due January 17, 2033 (52519FFB2)
- January 22, 2008 offering of Series D - 6% Notes Due January 22, 2020 (52519FFC0)
- January 29, 2008 offering of Series D - 6% Notes Due January 29, 2021 (52519FFD8)
- February 5, 2008 offering of 7.95% Non-Cumulative Perpetual Preferred Stock, Series J (52520W317)
- February 5, 2008 offering of Series D - 6.25% Notes Due February 5, 2021 (52519FFE6)
- February 12, 2008 offering of Series D - 6% Notes Due February 12, 2020 (52519FFF3)
- February 20, 2008 offering of Series D - 6.25% Notes Due February 22, 2023 (52519FFG1)
- February 26, 2008 offering of Series D - 6.5% Notes Due February 28, 2023 (52519FFJ5)
- March 4, 2008 offering of Series D - 6.5% Notes Due March 6, 2023 (52519FFH9)
- March 11, 2008 offering of Series D - 6.75% Notes Due March 11, 2033 (52519FFK2)
- April 22, 2008 offering of Series D - 7% Notes Due April 22, 2038 (52519FFL0)
- April 24, 2008 offering of 6.875% Notes Due 2018 (5252M0FD4)
- April 29, 2008 offering of Series D - 7.25% Notes, Series D, Due 2038 (52519FFM8)
- May 6, 2008 offering of Series D - 7.35% Notes Due May 6, 2038 (52519FFN6)

2

- July 1, 2008 offering of Series D - 7.25% Notes Due July 2, 2020 (52519FFP1)

2.    Fogel Capital Management, Inc. v. Richard S. Fuld, Jr., et al., No. 08 CV 8225 (pending in the United States District Court for the Southern District of New York and now consolidated for all pre-trial purposes with the Lehman Securities Litigation) ("Fogel"). We refer to the Fogel Complaint filed September 24, 2008 for its contents, but in general it alleges misrepresentations and/or omissions with respect to the February 5, 2008 offering of 7.95% Non-Cumulative Perpetual Preferred Stock, Series J allegedly underwritten by Claimant and certain other alleged underwriters (which is also at issue in the Lehman Securities Litigation).

3.    Stanley Tolin v. Richard S. Fuld, Jr., No. 08 CV 10008 (pending in the United States District Court for the Southern District of New York and now consolidated for all pre-trial purposes with the Lehman Securities Litigation) ("Tolin"). We refer to the Tolin Complaint filed November 18, 2008 for its contents, but in general it alleges misrepresentations and/or omissions with respect to the February 5, 2008 offering of 7.95% Non-Cumulative Perpetual Preferred Stock, Series J allegedly underwritten by Claimant and certain other alleged underwriters (which is also at issue in the Lehman Securities Litigation).

4.    Brooks Family Partnership, LLC and KGT Inc. Pension Plan and Trust v. Richard S. Fuld, Jr., et al., No. 08 CV 10206 (pending in the United States District Court for the Southern District of New York and now consolidated for all pre-trial purposes with the Lehman Securities Litigation) ("Brooks"). We refer to the Brooks Complaint filed November 24, 2008 for its contents, but in general it alleges misrepresentations and/or omissions with respect to the February 5, 2008 offering of 7.95% Non-Cumulative Perpetual Preferred Stock, Series J allegedly underwritten by Claimant and certain other alleged underwriters (which is also at issue in the Lehman Securities Litigation).

5.    Jeffrey Stark and Kathy Rooney v. Erin Callan, et al., No. 08 CV 9793 (pending in the United States District Court for the Southern District of New York and now consolidated for all pre-trial purposes with the Lehman Securities Litigation) ("Stark"). We refer to the Stark Amended Complaint filed December 2, 2008 for its contents, but in general it alleges misrepresentations and/or omissions with respect to the February 5, 2008 offering of 7.95% Non-Cumulative Perpetual Preferred Stock, Series J (which is also at issue in the Lehman Securities Litigation) and various unspecified public offerings of securities by LBHI between July 31, 2007 and September 14, 2008 allegedly underwritten by Claimant and certain other alleged underwriters.

6.    Michael Swiskay and Judith Swiskay v. Citigroup Global Markets Inc. et al., No. 09 CV 01240 (pending in the United States District Court for the Southern District of New York and now consolidated for all pre-trial purposes with the Lehman Securities Litigation) ("Swiskay"). We refer to the Swiskay Complaint filed October 6, 2008 for its contents, but in general it alleges misrepresentations and/or omissions with respect to the February 5, 2008 offering of the 7.95% Non-Cumulative Perpetual Preferred Stock, Series J allegedly underwritten by Claimant and certain other alleged underwriters (which is also at issue in the Lehman Securities Litigation).

7.    Glen Deathrow, et al. v. Richard S. Fuld, Jr., et al., No. 09 CV 01230 (pending in the United States District Court for Southern District of New York and now

consolidated for all pre-trial purposes with the Lehman Securities Litigation) ("Deathrow").
We refer to the Deathrow Complaint filed October 21, 2008 for its contents, but in general it
alleges misrepresentations and/or omissions with respect to a November 20, 2007 offering of
6.75% Bonds Due 2027 allegedly underwritten by Claimant and certain other alleged
underwriters (which is also at issue in the Lehman Securities Litigation).

       8.    Henry and Linda Napierala v. Richard S. Fuld, Jr., et al., No. 09 CV
01237 (pending in the United States District Court for Southern District of New York and
now consolidated for all pre-trial purposes with the Lehman Securities Litigation)
("Napierala"). We refer to the Napierala Complaint filed November 4, 2008 for its contents,
but in general it alleges misrepresentations and/or omissions with respect to an October 23,
2007 offering of 6.5% Bonds Due 2027 allegedly underwritten by Claimant and certain other
alleged underwriters (which is also at issue in the Lehman Securities Litigation).

       9.    Cecil Mease v. Richard S. Fuld, Jr., et al., No. 09 CV 01232 (pending in
the United States District Court for the Southern District of New York and now consolidated
for all pre-trial purposes with the Lehman Securities Litigation) ("Mease"). We refer to the
Mease Complaint filed October 21, 2008 for its contents, but in general it alleges
misrepresentations and/or omissions with respect to the October 24, 2006 offering of 5.75%
Subordinated Notes Due 2017 allegedly underwritten by Claimant and certain other alleged
underwriters.

       10.    American National Insurance Co. et al. v. Richard S. Fuld, Jr. et al., No.
09 CV 02363 (pending in the United States District Court for the Southern District of New
York and now consolidated for certain pre-trial purposes with the Lehman Securities
Litigation) ("American National"). We refer to the American National Amended Complaint
filed February 20, 2009 for its contents, but in general it alleges misrepresentations and/or
omissions with respect to following LBHI offerings allegedly underwritten by Claimant and
certain other alleged underwriters:

- An offering of Medium Term Notes, Series G (CUSIP 52517PSZ5)
  pursuant to a June 14, 2001 prospectus and March 5, 2003 pricing
  supplement.
- The offering of Preferred J stock (CUSIP 52520W317) pursuant to a
  February 5, 2008 prospectus and previously filed registration statement
  (which is also at issue in the Lehman Securities Litigation).

       11.    City of Fremont v. Citigroup Global Markets, Inc. et al., No. 09 CV
03478 (pending in the United States District Court for the Southern District of New York and
now consolidated for certain pre-trial purposes with the Lehman Securities Litigation)
("Fremont"). We refer to the Fremont Complaint dated February 24, 2009 for its contents,
but in general it alleges misrepresentations and/or omissions with respect to the January 12,
2007 offering of Medium Term Notes due 2012 allegedly underwritten by Claimant and
certain other alleged underwriters.

       12.    Washington State Investment Board v. Richard S. Fuld, Jr., et al., No. 09-
CV-06041 (pending in the United States District Court for the Southern District of New York
and now consolidated for certain pre-trial purposes with the Lehman Securities Litigation)
("WSIB"). We refer to the WSIB Complaint dated May 20, 2009 for its contents, but in

general it alleges misrepresentations and/or omissions with respect to following offerings allegedly underwritten by Claimant and certain other alleged underwriters:

- The October 24, 2006 offering of 5.75% Subordinated Notes Due 2017 (which is also at issue in the <u>Mease</u> Complaint).
- The January 12, 2007 offering of Medium Term Notes due 2012 (which is also at issue in the <u>Fremont</u> Complaint).

\* \* \*

Because the Actions are still pending, the amount of Claimant's Indemnified Losses cannot be determined at this time. Claimant therefore makes a claim for its Indemnified Losses in contingent, unliquidated amounts.[4]

However, under the Agreements, Claimant is entitled to indemnification for, among other things, its legal fees and costs, and other expenses incurred in connection with investigating or defending against any such loss, claim, damage, liability or action. Accordingly, this Proof of Claim includes the legal costs incurred in connection with the Actions which have accrued to date, and which continue to accrue on a daily basis. As of August 31, 2009, Claimant has accrued at least $169,204.86 in legal fees and costs. Any amounts accrued to date are neither contingent nor unliquidated.

Claimant hereby reserves the right to amend, clarify, modify or supplement this claim to assert additional claims or additional grounds for its claims, including but not limited as a result of the filing of amended pleadings in the Actions, and/or to specify the amount of Claimant's contingent, unmatured and/or unliquidated claims as they become non-contingent, matured and/or liquidated. Claimant further reserves its rights to amend or supplement this Proof of Claim or to file additional proofs of claim for any and all damages and expenses, including but not limited to legal fees, with respect to any other actions or proceedings commenced against it, including but not limited to those actions or proceedings commenced against it in connection with these chapter 11 or SIPA cases or the Offerings, whether the actions are currently pending or are filed at a future date. Claimant further reserves its rights to file a request for payment of administrative or priority expenses in accordance with 11 U.S.C. §§ 503(b) and 507(a).

As of the date of the filing of this Proof of Claim, there has been no discovery in the Actions. To the extent additional discovery provides the basis for further claims against LBHI, LBI, and/or any affiliate of either of them in connection with Claimant's alleged underwriting activities in the Offerings, Claimant hereby reserves all such rights to assert such claims against LBHI, LBI and/or any affiliate of either of them under federal and state securities and other laws, including but not limited to claims for breach of contract, fraud, fraudulent inducement, fraudulent misrepresentation and/or negligent misrepresentation. Claimant also reserves any equitable claims against LBHI, LBI and/or any affiliate of either of them arising from the aforementioned conduct.

By filing this Proof of Claim, Claimant does not waive, and specifically preserves, its procedural and substantive defenses to any claim that may be asserted against

---

[4]    Claimant has also filed a claim related to its Indemnified Losses in the SIPA proceedings of LBI (No. 08-1420 SIPA). Upon information and belief, other Offering Participants may also be filing claims against LBI and/or LBHI for indemnification and/or contribution for losses related to the above-referenced lawsuits.

Claimant by LBHI, LBI and/or any affiliate of either of them or by any trustee of their estates, by any Official Committee appointed in these chapter 11 or SIPA proceedings, or any other party. Claimant also reserves all rights accruing to it against LBHI, LBI or any other affiliate of either of them, and the filing of this claim is not intended to be and shall not be construed as (a) an election of remedy or (b) a waiver or limitation of any rights of Claimant. Claimant reserves the right to supplement this claim with relevant documents to the extent necessary. Furthermore, Claimant reserves the right to withdraw this claim for any reason whatsoever.

To the extent that LBHI, LBI or any affiliate of either of them asserts claims against the Claimant of any kind, the Claimant reserves the right to assert that such claims are subject to rights of set-off and/or recoupment, which rights are treated as secured claims under the Bankruptcy Code. To the extent that the Claimant or any other party takes any action that would give rise to a right of counterclaim or other rights or claims the Claimant may have against LBHI, LBI and/or any affiliate of either of them, Claimant reserves all of its rights.

To the extent that Claimant has a right to set-off or recoup the amount of its claims under 11 U.S.C. § 553 against any claims, defenses, or set-offs LBHI, LBI, and/or any affiliate of either of them or their estates may have or might assert against such Claimant, Claimant asserts a secured claim. In addition, the filing of this Proof of Claim does not waive any right to any security held by or on behalf of any Claimant or such Claimant's rights to claim specific assets or any other rights or rights of action that Claimant has or may have against LBHI, LBI, and/or any affiliate of either of them, and Claimant expressly reserves such rights.

This claim shall not be deemed to be a waiver of Claimant's right (i) to have final orders in non-core matters entered only after de novo review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases, (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, set-offs or recoupments to which Claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses and recoupments Claimant expressly reserves.

The Claimant, by filing this claim, does not submit to the jurisdiction of the Bankruptcy Court for any purposes other than with respect to this proof of claim.

This claim is in addition to, and does not supersede, any other claim filed or to be filed by Claimant against LBHI, LBI, or any other affiliate of either of them.

Any notices in connection with this claim should be addressed to Claimant at the address below:

Bank of America
One Bryant Park
New York, NY 10036
Attn: Julie Fendo Lauck, Director
Merrill Lynch, Pierce, Fenner & Smith, Incorporated
(212) 449-7541
Fax (212) 738-1755

6

julie_fendo-lauck@ml.com

-and-

Mitchell A. Lowenthal
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000
Fax (212) 225-3999
mlowenthal@cgsh.com

**H
A
N
D

D
E
L
I
V
E
R
Y**

FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

RECEIVED BY: _____    DATE _____    2:41    TIME _____

| **United States Bankruptcy Court/Southern District of New York** | | **PROOF OF CLAIM** |
|---|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>    Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | |
|---|---|---|
| Name of Debtor Against Which Claim is Held<br>**Lehman Brothers Holdings Inc.** | Case No. of Debtor<br>**08-13555** | |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000026984

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities. (See definition on reverse side.)

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Merrill Lynch, Pierce, Fenner & Smith, Incorporated
Attn: Julie Fendo Lauck
4 World Financial Center
New York, NY 10080
(212) 449-7541
julie_fendo-lauck@ml.com

with a copy to
Mitchell A. Lowenthal
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000
Email: mlowenthal@cgsh.com

Telephone number:                     Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
_(If known)_

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:                     Email Address:

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1.   Amount of Claim as of Date Case Filed:** $ SEE ATTACHMENT _____

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2.   Basis for Claim:** Indemnification for alleged underwriting of LBHI securities
(See instruction #2 on reverse side.)

**3.   Last four digits of any number by which creditor identifies debtor:** _____
   **3a. Debtor may have scheduled account as:** _____
      (See instruction #3a on reverse side.)

**4.   Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☑ Other
Describe:  SEE ATTACHMENT _____
Value of Property: $_____  Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____  Basis for perfection: _____
**Amount of Secured Claim:** $_____    **Amount Unsecured:** $_____

**6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

**5.   Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

**7.   Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8.   Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

FOR COURT USE ONLY
FILED / RECEIVED
SEP 22 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date:<br>9/15/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.    Julie Fendo Lauck, Director<br>Merrill Lynch, Pierce, Fenner & Smith, Inc. |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## _____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## _____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of such claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(c), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## ATTACHMENT TO CLAIM OF
## MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED

The claimant, Merrill Lynch, Pierce, Fenner & Smith, Incorporated ("Claimant"), a corporation organized under the laws of Delaware, which maintains an office at 4 World Financial Center, New York, NY 10080, is duly authorized and empowered to make this claim.

This attachment is intended to provide background information relating to a claim by Claimant against Lehman Brothers Holdings Inc. ("LBHI") for certain contingent, unliquidated and certain non-contingent, liquidated amounts of losses that have been, will be and/or may be incurred as a result of various lawsuits brought against Claimant related to its alleged underwriting of LBHI securities.

Claimant has been named as a defendant in connection with the lawsuits described below, all of which seek damages based upon alleged false statements and/or omissions in the offering materials of various LBHI securities allegedly underwritten by Claimant and certain other alleged underwriters, including Lehman Brothers Inc. ("LBI"). Pursuant to indemnification and/or contribution provisions in the underwriting agreements, purchase agreements, distribution agreements, agreements among underwriters or similar agreements, as amended or supplemented, executed in connection with these offerings (all collectively, the "Agreements"),[1] and/or other contractual relationships and applicable provisions of federal and state securities and other laws, Claimant and other participants in the offerings (the "Offering Participants") have certain indemnification and/or contribution rights against LBHI for certain losses arising out of certain alleged false statements and/or omissions in the offering materials and for any legal or other expenses reasonably incurred by the Offering Participants in investigating, defending, and/or preparing to defend against such losses (all collectively, the "Indemnified Losses").

In particular, Claimant is named as a defendant in the following lawsuits (the "Actions") and is alleged to have underwritten, along with other alleged underwriters, the LBHI securities offerings (the "Offerings") described herein, resulting in Indemnified Losses:

1.    In Re: Lehman Equity / Debt Securities Litigation, No. 08 CV 5523 (pending in the United States District Court for the Southern District of New York) (the "Lehman Securities Litigation").[2] We refer to the Lehman Securities Litigation Consolidated Amended Complaint filed February 23, 2009 for its contents,[3] but in general it alleges misrepresentations and/or omissions with respect to the February 5, 2008 offering of 7.95% Non-Cumulative Perpetual Preferred Stock, Series J (52520W317) allegedly underwritten by Claimant and certain other alleged underwriters.

---

[1]    The Agreements are voluminous and, upon information and belief, are in the possession of LBHI and/or LBI. Accordingly, they have not been filed with this Proof of Claim.

[2]    By order dated January 9, 2009, Judge Lewis A. Kaplan consolidated for all pre-trial purposes several previously filed class actions into No. 08 CV 5523, previously captioned Operative Plasterers and Cement Masons International Association Local 262 Annuity Fund v. Richard S. Fuld, Jr., et al., and also provided for pre-trial consolidation of all actions involving claims relating to LBHI securities that were later instituted in or removed or transferred to that Court.

[3]    The complaints referenced in this Proof of Claim are voluminous and accordingly have not been filed with this Proof of Claim. However, they are available upon request from Claimant or via the Electronic Case Filing system for the for the United States District Court for the Southern District of New York.

2.    Fogel Capital Management, Inc. v. Richard S. Fuld, Jr., et al., No. 08 CV 8225 (pending in the United States District Court for the Southern District of New York and now consolidated for all pre-trial purposes with the Lehman Securities Litigation) ("Fogel"). We refer to the Fogel Complaint filed September 24, 2008 for its contents, but in general it alleges misrepresentations and/or omissions with respect to the February 5, 2008 offering of 7.95% Non-Cumulative Perpetual Preferred Stock, Series J allegedly underwritten by Claimant and certain other alleged underwriters (which is also at issue in the Lehman Securities Litigation).

3.    Stanley Tolin v. Richard S. Fuld, Jr., No. 08 CV 10008 (pending in the United States District Court for the Southern District of New York and now consolidated for all pre-trial purposes with the Lehman Securities Litigation) ("Tolin"). We refer to the Tolin Complaint filed November 18, 2008 for its contents, but in general it alleges misrepresentations and/or omissions with respect to the February 5, 2008 offering of 7.95% Non-Cumulative Perpetual Preferred Stock, Series J allegedly underwritten by Claimant and certain other alleged underwriters (which is also at issue in the Lehman Securities Litigation).

4.    Brooks Family Partnership, LLC and KGT Inc. Pension Plan and Trust v. Richard S. Fuld, Jr., et al., No. 08 CV 10206 (pending in the United States District Court for the Southern District of New York and now consolidated for all pre-trial purposes with the Lehman Securities Litigation) ("Brooks"). We refer to the Brooks Complaint filed November 24, 2008 for its contents, but in general it alleges misrepresentations and/or omissions with respect to the February 5, 2008 offering of 7.95% Non-Cumulative Perpetual Preferred Stock, Series J allegedly underwritten by Claimant and certain other alleged underwriters (which is also at issue in the Lehman Securities Litigation).

5.    Jeffrey Stark and Kathy Rooney v. Erin Callan, et al., No. 08 CV 9793 (pending in the United States District Court for the Southern District of New York and now consolidated for all pre-trial purposes with the Lehman Securities Litigation) ("Stark"). We refer to the Stark Amended Complaint filed December 2, 2008 for its contents, but in general it alleges misrepresentations and/or omissions with respect to the February 5, 2008 offering of 7.95% Non-Cumulative Perpetual Preferred Stock, Series J (which is also at issue in the Lehman Securities Litigation) and various unspecified public offerings of securities by LBHI between July 31, 2007 and September 14, 2008 allegedly underwritten by Claimant and certain other alleged underwriters.

6.    Michael Swiskay and Judith Swiskay v. Citigroup Global Markets Inc. et al., No. 09 CV 01240 (pending in the United States District Court for the Southern District of New York and now consolidated for all pre-trial purposes with the Lehman Securities Litigation) ("Swiskay"). We refer to the Swiskay Complaint filed October 6, 2008 for its contents, but in general it alleges misrepresentations and/or omissions with respect to the February 5, 2008 offering of the 7.95% Non-Cumulative Perpetual Preferred Stock, Series J allegedly underwritten by Claimant and certain other alleged underwriters (which is also at issue in the Lehman Securities Litigation).

7.    American National Insurance Co. et al. v. Richard S. Fuld, Jr. et al., No. 09 CV 02363 (pending in the United States District Court for the Southern District of New York and now consolidated for certain pre-trial purposes with the Lehman Securities Litigation) ("American National"). We refer to the American National Amended Complaint filed February 20, 2009 for its contents, but in general it alleges misrepresentations and/or

2

omissions with respect the offering of Preferred J stock (CUSIP 52520W317) pursuant to a February 5, 2008 prospectus and previously filed registration statement allegedly underwritten by Claimant and certain other alleged underwriters (which is also at issue in the Lehman Securities Litigation).

* * *

Because the Actions are still pending, the amount of Claimant's Indemnified Losses cannot be determined at this time. Claimant therefore makes a claim for its Indemnified Losses in contingent, unliquidated amounts.[4]

However, under the Agreements, Claimant is entitled to indemnification for, among other things, its legal fees and costs, and other expenses incurred in connection with investigating or defending against any such loss, claim, damage, liability or action. Accordingly, this Proof of Claim includes the legal costs incurred in connection with the Actions which have accrued to date, and which continue to accrue on a daily basis. As of August 31, 2009, Claimant has accrued at least $129,582.00 in legal fees and costs. Any amounts accrued to date are neither contingent nor unliquidated.

Claimant hereby reserves the right to amend, clarify, modify or supplement this claim to assert additional claims or additional grounds for its claims, including but not limited as a result of the filing of amended pleadings in the Actions, and/or to specify the amount of Claimant's contingent, unmatured and/or unliquidated claims as they become non-contingent, matured and/or liquidated. Claimant further reserves its rights to amend or supplement this Proof of Claim or to file additional proofs of claim for any and all damages and expenses, including but not limited to legal fees, with respect to any other actions or proceedings commenced against it, including but not limited to those actions or proceedings commenced against it in connection with these chapter 11 or SIPA cases or the Offerings, whether the actions are currently pending or are filed at a future date. Claimant further reserves its rights to file a request for payment of administrative or priority expenses in accordance with 11 U.S.C. §§ 503(b) and 507(a).

As of the date of the filing of this Proof of Claim, there has been no discovery in the Actions. To the extent additional discovery provides the basis for further claims against LBHI, LBI, and/or any affiliate of either of them in connection with Claimant's alleged underwriting activities in the Offerings, Claimant hereby reserves all such rights to assert such claims against LBHI, LBI and/or any affiliate of either of them under federal and state securities and other laws, including but not limited to claims for breach of contract, fraud, fraudulent inducement, fraudulent misrepresentation and/or negligent misrepresentation. Claimant also reserves any equitable claims against LBHI, LBI and/or any affiliate of either of them arising from the aforementioned conduct.

By filing this Proof of Claim, Claimant does not waive, and specifically preserves, its procedural and substantive defenses to any claim that may be asserted against Claimant by LBHI, LBI and/or any affiliate of either of them or by any trustee of their estates, by any Official Committee appointed in these chapter 11 or SIPA proceedings, or any other party. Claimant also reserves all rights accruing to it against LBHI, LBI or any other

---

[4]  Claimant has also filed a claim related to its Indemnified Losses in the SIPA proceedings of LBI (No. 08-01420 SIPA). Upon information and belief, other Offering Participants may also be filing claims against LBI and/or LBHI for indemnification and/or contribution for losses related to the above-referenced lawsuits.

affiliate of either of them, and the filing of this claim is not intended to be and shall not be construed as (a) an election of remedy or (b) a waiver or limitation of any rights of Claimant. Claimant reserves the right to supplement this claim with relevant documents to the extent necessary. Furthermore, Claimant reserves the right to withdraw this claim for any reason whatsoever.

To the extent that LBHI, LBI or any affiliate of either of them asserts claims against the Claimant of any kind, the Claimant reserves the right to assert that such claims are subject to rights of set-off and/or recoupment, which rights are treated as secured claims under the Bankruptcy Code. To the extent that the Claimant or any other party takes any action that would give rise to a right of counterclaim or other rights or claims the Claimant may have against LBHI, LBI and/or any affiliate of either of them, Claimant reserves all of its rights.

To the extent that Claimant has a right to set-off or recoup the amount of its claims under 11 U.S.C. § 553 against any claims, defenses, or set-offs LBHI, LBI, and/or any affiliate of either of them or their estates may have or might assert against such Claimant, Claimant asserts a secured claim. In addition, the filing of this Proof of Claim does not waive any right to any security held by or on behalf of any Claimant or such Claimant's rights to claim specific assets or any other rights or rights of action that Claimant has or may have against LBHI, LBI, and/or any affiliate of either of them, and Claimant expressly reserves such rights.

This claim shall not be deemed to be a waiver of Claimant's right (i) to have final orders in non-core matters entered only after de novo review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases, (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, set-offs or recoupments to which Claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses and recoupments Claimant expressly reserves.

Claimant, by filing this claim, does not submit to the jurisdiction of the Bankruptcy Court for any purposes other than with respect to this proof of claim.

This claim is in addition to, and does not supersede, any other claim filed or to be filed by Claimant against LBHI, LBI, or any other affiliate of either of them.

Any notices in connection with this claim should be addressed to Claimant at the address below:

Julie Fendo Lauck, Director
Merrill Lynch, Pierce, Fenner & Smith, Incorporated
4 World Financial Center
New York, NY 10080
(212) 449-7541
Fax (212) 738-1755
julie_fendo-lauck@ml.com

-and-

4

Mitchell A. Lowenthal
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000
Fax (212) 225-3999
mlowenthal@cgsh.com

H
A
N
D

D
E
L
I
V
E
R
Y

FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

RECEIVED BY: _____

DATE _____

2:41

TIME

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————— x
                                                    :    **Chapter 11**
**In re:**                                          :
                                                    :    **Case No. 08-13555 (SCC)**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :
                                                    :
                 **Debtors.**                       :
———————————————————————— x

**ORDER GRANTING THE FOUR HUNDRED**
**SIXTY-SECOND OMNIBUS OBJECTION TO CLAIMS (510(b) CLAIMS)**

Upon the four hundred sixty-second omnibus objection to claims, dated April 11, 2014

(the "Four Hundred Sixty-Second Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), section 510(b) of the Bankruptcy Code, Rule 3007(d) of the Federal Rules

of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking to subordinate

the Underwriter Claims and the Broker Claims, all as more fully described in the Four Hundred

Sixty-Second Omnibus Objection to Claims; and due and proper notice of the Four Hundred

Sixty-Second Omnibus Objection to Claims having been provided; and it appearing that no other

or further notice need be provided; and the Court having found and determined that the relief

sought in the Four Hundred Sixty-Second Omnibus Objection to Claims is in the best interests of

LBHI, its creditors, and all parties in interest, and that the legal and factual bases set forth in the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred [Fiftieth] Omnibus Objection to Claims.

Four Hundred Sixty-Second Omnibus Objection to Claims establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Four Hundred Sixty-Second Omnibus

Objection to Claims is granted to the extent provided herein; and it is further ORDERED that the

Underwriter Claims listed on Exhibit 1 annexed hereto are subordinated pursuant to section

510(b) of the Bankruptcy Code; and it is further

ORDERED that the Plan Administrator is authorized to (a) classify in LBHI Class 11

each Underwriter Claim, or portion thereof, that is subordinated pursuant to this Order, to the

extent such claim, or portion thereof, relates in the judgment of the Plan Administrator to a debt

security of LBHI; and (b) classify in LBHI Class 12 each Underwriter Claim, or portion thereof,

that is subordinated pursuant to this Order, to the extent such claim, or portion thereof, relates in

the judgment of the Plan Administrator to an equity security of LBHI; and it is further

ORDERED that this Order has no res judicata, estoppel, or other affect on the validity,

allowance, or disallowance of, and all rights to object and defend on any basis are expressly

reserved with respect to any claim listed on Exhibit A to the Four Hundred Sixty-Second

Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters

arising from or related to this Order.

Dated: _____. 2014
    New York, New York

_____
SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

2

# EXHIBIT 1

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)**

**OMNIBUS OBJECTION 462: EXHIBIT 1 - 510(b) CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE SUBORDINATED | CATEGORY OF CLAIMS |
|---|---|---|---|---|---|---|---|---|
| 1 | BANK OF AMERICA INVESTMENT SERVICES, INC. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26974 | $9,062.61 * | $9,062.61* | Underwriter Claim |
| 2 | MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26975 | $169,204.86 * | $169,204.86* | Underwriter Claim |
| 3 | MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26984 | $129,582.00 * | $129,582.00* | Underwriter Claim |
| | | | | TOTAL | | $307,849.47 | $307,849.47 | |

* - Indicates claim contains unliquidated and/or undetermined amounts