UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc. *et al.*, Debtors.    Case No. 08-13555 (JMP)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Turnpike Limited | Illiquidx LLP |
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent: | Court Claim #: **See attached Schedule 1** |
| | Total Allowed Amount |
| | to be Transferred: **See attached Schedule 1** |

Turnpike Limited
c/o Alden Global Capital, LLC
885 Third Avenue, 34th Floor
New York, NY 10022
Attention: Ithran Olivacce
E-mail: iolivacce@aldenglobal.com

Phone: 212-888-7214

Wire instructions:

Name of Bank: Wells Fargo N.A.
ABA: 121 000 248
SWIFT: WFBIUS6S
Account #: 400010350
Account Name: Turnpike Limited

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____  Jason Pecora  Date: April 21, 2014
Transferee/Transferee's Agent  Managing Director - Operations
Alden Global Capital

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 & 3571.

DOC ID - 21093730.3

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:      THE DEBTOR AND THE BANKRUPTCY COURT

       1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **ILLIQUIDX LLP** ("Seller"), hereby unconditionally and irrevocably sells, transfers and assigns to **Turnpike Limited** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) the securities identified by ISIN code listed in Schedule 1 (the "Securities", and any such security, a "Purchased Security"), (b) to the extent related to the Securities and to the extent of the applicable principal amount specified in Schedule 1 attached hereto, an undivided interest in the Seller's right, title and interest in and to the Proofs of Claim specified in Schedule 1 and filed by or on behalf of **UNION BANCAIRE PRIVEE** (the "Predecessor") (the "Proofs of Claim"), against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor")(the "Purchased Claims"), (c) to the extent related to the Securities and the Purchased Claims, all rights, title and benefits of Seller and Seller's predecessors-in-title (which includes, for the avoidance of doubt, the Seller having acted on behalf of holders or beneficial owners of the Securities, and in such capacity, the "Depository")) relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claims (including for clarity, all amounts distributed on or after the trade date of 24 March 2014 (the "Trade Date") whether or not the Trade Date is before, on or after any record date with respect to an amount) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Securities and/or the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Securities and/or the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) acquired the rights and obligations underlying or constituting a part of the Securities and/or Purchased Claims, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) against any of Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) , (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing; and (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims"). For the avoidance of doubt, the Purchaser does not acquire any liabilities or obligations with respect to the Transferred Claims of the Seller or any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository).

       2.      Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal, beneficial, and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller, or created or incurred by any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) or against the same, and all filings required to evidence Seller's title to the Transferred Claim have been duly and timely filed with the Court; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and the related evidence of transfer of claim (the "Evidence of Transfer of Claim"); (e) the Proofs of Claim includes the Purchased Claims specified in Schedule 1 attached hereto; (f) neither the Seller nor any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor, (g) there have been no objections filed against Seller or any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository in respect of the Transferred Claims; and (h) neither the Transferred Claims nor any portion thereof is subject to any claim or right of setoff, or

1

GA

pending reduction, recoupment, impairment, avoidance, disallowance, or subordination, and neither Seller nor any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) has received any notice that the Transferred Claims are void or voidable or subject to any pending disallowance, reduction, impairment or objection of any kind, and the Allowed Amount of Claim Transferred to Purchaser, as referred to in Schedule 1, are those amounts set forth in Schedule 1, (i) Seller has delivered to Purchaser true and correct copies of the Revised Notice of Proposed Allowed Claim Amount dated September 13, 2011 and Notice of Proposed Allowed Claim Amount dated August 24, 2011 (together, the "Notice"), (j) there have not been, and there are no objections to the Transferred Claims, (k) all documents provided to Purchaser by Seller relating to the Transferred Claims are true, accurate and complete copies of such documents; (l) all transfer agreements under which the Seller and any of the Seller's predecessors-in-title acquired the Transferred Claims or any part thereof (the "predecessor agreements") are substantially similar (and similar in all material respects) to this Agreement, and all such predecessor agreements contain representations, warranties, covenants, agreements and indemnities from the seller to the purchaser that are no less favorable than those contained herein; (m) the Seller has the full power and authority to execute and perform its obligations under this Agreement and the Evidence of Transfer of Claim, and the Seller has received representations and warranties from the Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) that (i) that predecessor-in-title had full power and authority to execute, and deliver the predecessor agreements and the related evidence of transfer of claim and to contractually bind any holders or beneficial owners of the Securities to the terms of this Agreement and Evidence of Transfer of Claim and (ii) it is duly and validly authorized by, for on behalf of, any holders or beneficial owners of the Securities to execute and deliver this Agreement and Evidence of Transfer of Claim; (n) Seller does not have any claim, lien or encumbrance upon the Transferred Claims and represents and warrants that, upon consummation of the transactions contemplated in this Agreement and Evidence of Transfer of Claim, the Purchaser will own and have good legal and beneficial title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller, or created or incurred by any predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) or against the same; (o) the Transferred Claims and Securities are not subject to or bound by a Plan Support Agreement (as such term is defined in the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan"); (p) other than with respect to the Distributions (as defined below) received by Seller or any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository), no payment or other distribution has been received by or on behalf of the Seller, any predecessor in title (which includes, for the avoidance of doubt, the Depository), or by any third party on behalf of the Seller, in full or partial satisfaction of, or in connection with, the Transferred Claims, (q) no filing or voting instructions have been filed, submitted or otherwise in relation to the Purchased Claim relating to the Consent and Solicitation Memorandum approved by the Supervisory Judge relating to the Composition Plan offered by LBT to its Ordinary Creditors pursuant to Title I, Chapter 6 DBA and (r) as of the date hereof, other than the Notice, neither the Seller nor any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) has received any notice or objection or order of the Court for expungement or disallowance in relation to the Transferred Claims. Seller represents and warrants that either the Seller or any Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) has received the following distributions: (i) 3.609229% of the Proposed Allowed Claim Amount as an initial distribution on or about April 17, 2012, 2.435579% of the Proposed Allowed Claim Amount as a second distribution on October 1, 2012, 3.076315% of the Proposed Allowed Claim Amount as a third distribution on April 4, 2013 and 3.647317% of the Proposed Allowed Claim Amount as a fourth distribution on October 3, 2013 from Lehman Brothers Holdings, Inc. in respect of the Transferred Claims as Class 5 Distributions under the Plan; and (ii) a distribution in the amount of USD72,110.73 and EUR21,283.12 on or about May 8, 2013 and a distribution in the amount of USD29,346.08 and EUR8,337.87 on October 24, 2013 from Lehman Brothers Treasury Co. B.V. in respect of the Purchased Security ((i) and (ii) collectively, the "Distributions").

      3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

GA

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations, warranties, covenants and agreements made herein. Seller hereby agrees that the Purchaser will benefit (if the Purchaser so requires) from any rights which the Seller may have against the Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) which the Seller has based on the Seller's predecessors-in-title (which includes for the avoidance of doubt the Seller acting in its capacity as Depository) representations and warranties set out in the predecessor agreements, and the Purchaser can exercise such rights in any way it wishes.

5. Seller shall promptly (but in any event no later than three (3) business days from receipt) remit any payments, distributions or proceeds (which includes for the avoidance of doubt distribution from Lehman Brothers Holdings, Inc. on or about April 3, 2014) received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. Seller shall act or omit to act with respect to the Transferred Claims solely to the extent directed by Purchaser.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any Seller's predecessors-in-title to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on Seller's part, causing any Seller's predecessors-in-title to deliver distributions and proceeds received by any Seller's predecessors-in-title and to act) and other actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proofs of Claim. In the event that the sale and purchase of the Transferred Claims are not successfully completed for any reason whatsoever within a commercially reasonable time , any purchase price paid by the Purchaser under this Agreement and Evidence of Transfer of Claim shall be returned to the Purchaser and the delivery obligations of the Seller under this Agreement shall be cancelled

7. Seller agrees that all distributions, amounts, proceeds, assets, cash and other property received by Seller or any Seller's predecessors-in-title on or after the Trade Date (whether or not such Trade Date is before, on or after any record date for such amounts) are for the account of Purchaser, and at the election of the Purchaser, (i) the Purchaser may net, setoff and reduce the purchase price payable by it and any other amounts owed by it in respect of the Transferred Claims against the distributions, assets, cash, property and amounts payable by Seller to it in respect of distributions, assets, cash, property and amounts received by Seller or any Seller's predecessors-in-title on and after the Trade Date, or (ii) the Seller shall pay such amounts received by the Debtor or any Seller's predecessors-in-title, or any other entity in relation to the Transferred Claims, on or prior to the date of this Agreement and on and after the Trade Date in respect of the Transferred Claims to the account information provided to it by Purchaser on the date of this Agreement and Evidence of Transfer of Claim.

8. 8. The parties acknowledge and agree that the transfer of the Transferred Claims shall be made effective immediately upon execution by the parties of this Agreement and Evidence of Transfer of Claim, and to the extent that any of the Securities are blocked in Euroclear, immediately upon such Securities being unblocked, payment of the purchase price shall be made on delivery of the Securities versus payment basis through Euroclear. For the avoidance of doubt, the parties acknowledge and agree that the transfer of the Purchased Claim contemplated hereby shall occur immediately upon execution of this agreement.

9. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 3 day of April 2014.

**BUYER**
**Turnpike Limited**
By Alden Global Capital, its Sole Member

By: _____
Name: Jason Pecora
Title: Managing Director

**SELLER**
**ILLIQUIDX LLP**

By: _____   p.p. Galina
Name: Celestino Amore        Alcatinka
Title: Managing Partner

80 Fleet Street
London EC4Y 1EL
UNITED KINGDOM

4

## Schedule 1

## Transferred Claim

**Purchased Claims**

27.20% of Proof of Claim 47122 = USD$136,000.00 of USD$500,000.00 (i.e. the outstanding amount of XS0295198625 as described in the Proof of Claim dated October 19, 2009 and filed on October 26, 2009), and 27.20% of ISIN XS0295198625 The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$136,000.00 which is 27.20% of the Total Proposed Allowed Claim Amount of USD$500,000.00 as specified in Notice Of Proposed Allowed Claim Amount dated August 24, 2011 with respect to XS0295198625

25.6603774% of Proof of Claim 47125 = USD$136,000.00 of USD$530,000.00 (i.e. the outstanding amount of XS0300880183 as described in the Proof of Claim dated October 19, 2009 and filed on October 26, 2009), and 25.6603774% of ISIN XS0300880183 The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$101,861.17 which is 25.6603774% of the Total Proposed Allowed Claim Amount of USD$396,958.96 as specified in Notice Of Proposed Allowed Claim Amount dated August 24, 2011 with respect to XS0300880183 and 25.6603774% of ISIN XS0300880183

27.20% of Proof of Claim 47104 = USD$136,000.00 of USD$500,000.00 (i.e. the outstanding amount of XS0338684565 as described in the Proof of Claim dated October 19, 2009 and filed on October 26, 2009), and 27.20% of ISIN XS0338684565 The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$85,175.18 which is 27.20% of the Total Proposed Allowed Claim Amount of USD$313,144.06 as specified in Notice Of Proposed Allowed Claim Amount dated August 24, 2011 with respect to XS0338684565 and 27.20% of ISIN XS0338684565

27.10% of Proof of Claim 47115 = USD$384,847.10 of USD$1,420,100.00 (i.e. the outstanding amount of XS0276072682 as described in the Proof of Claim dated October 19, 2009 and filed on October 26, 2009), and 27.10% of ISIN XS0276072682 The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$323,017.82 which is 27.10% of the Total Proposed Allowed Claim Amount of USD$1,191,947.69 as specified in Notice Of Proposed Allowed Claim Amount dated August 24, 2011 with respect to XS0276072682 and 27.10% of ISIN XS0276072682

27.20% of Proof of Claim 47133 = USD$136,000.00 of USD$500,000.00 (i.e. the outstanding amount of XS0316937647 as described in the Proof of Claim dated October 19, 2009 and filed on October 26, 2009), and 27.20% of ISIN XS0316937647 The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$124,513.43 which is 27.20% of the Total Proposed Allowed Claim Amount of USD$457,769.95 as specified in Revised Notice Of Proposed Allowed Claim Amount dated September 13, 2011 with respect to XS0316937647 and 27.20% of ISIN XS0316937647

27.20% of Proof of Claim 47137 = USD$136,000.00 of USD$500,000.00 (i.e. the outstanding amount of XS0329192511 as described in the Proof of Claim dated October 19, 2009 and filed on October 26, 2009), and 27.20% of ISIN XS0329192511 The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$57,565.72 which is 27.20% of the Total Proposed Allowed Claim Amount of USD$211,638.67 as specified in Notice Of Proposed Allowed Claim Amount dated August 24, 2011 with respect to XS0329192511 and 27.20% of ISIN XS0329192511

27.20% of Proof of Claim 47106 = USD$136,000.00 of USD$500,000.00 (i.e. the outstanding amount of XS0353507485 as described in the Proof of Claim dated October 19, 2009 and filed on October 26, 2009), and 27.20% of ISIN XS0353507485 The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$235,421.90 which is 27.20% of the Total Proposed Allowed Claim Amount of USD$865,521.69 as specified in Notice Of Proposed Allowed Claim Amount dated August 24, 2011 with respect to XS0353507485 and 27.20% of ISIN XS0353507485

27.20% of Proof of Claim 47107 = USD$136,000.00 of USD$500,000.00 (i.e. the outstanding amount of XS0366668464 as described in the Proof of Claim dated October 19, 2009 and filed on October 26, 2009), and 27.20% of ISIN XS0366668464
The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$79,395.75 which is 27.20% of the Total Proposed Allowed Claim Amount of USD$291,896.15 as specified in Notice Of Proposed Allowed Claim Amount dated August 24, 2011 with respect to XS0366668464 and 27.20% of ISIN XS0366668464

27.20% of Proof of Claim 47108 = USD$136,000.00 of USD$500,000.00 (i.e. the outstanding amount of XS0366668548 as described in the Proof of Claim dated October 19, 2009 and filed on October 26, 2009), and 27.20% of ISIN XS0366668548
The Proposed Allowed Claim Amount comprised in the Purchased Claim represents USD$78,965.99 which is 27.20% of the Total Proposed Allowed Claim Amount of USD$290,316.12 as specified in Notice Of Proposed Allowed Claim Amount dated August 24, 2011 with respect to XS0366668548 and 27.20% of ISIN XS0366668548

Lehman Programs Securities to which Transfer Relates

| ISIN/CUSIP | Proof of Claim Number | Blocking Number | Issuer | Guarantor | Principal / Notional Amount | Maturity | Allowed Amount of Claim Transferred to Purchaser |
|---|---|---|---|---|---|---|---|
| XS0295198625 | 47122 | 6028951 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | USD$136,000.00 | 12 April 2010 | USD$136,000.00 |
| XS0300880183 | 47125 | 6031910 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | USD$136,000.00 | 22 May 2010 | USD$101,861.17 |
| XS0338684565 | 47104 | 6040487 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | USD$136,000.00 | 04 January 2010 | USD$85,175.18 |
| XS0276072682 | 47115 | 6028897 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR271,000.00 which is the equivalent of USD$384,847.10 | N/A | USD$323,017.82 |
| XS0316937647 | 47133 | 6031880 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | USD$136,000.00 | 24 August 2010 | USD$124,513.43 |
| XS0329192511 | 47137 | 6031863 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | USD$136,000.00 | 02 November 2009 | USD$57,565.72 |
| XS0353507485 | 47106 | 6031990 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | USD$136,000.00 | 25 March 2010 | USD$235,421.90 |
| XS0366668464 | 47107 | 6031989 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | USD$136,000.00 | 29 May 2009 | USD$79,395.75 |
| XS0366668548 | 47108 | 6040787 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | USD$136,000.00 | 29 May 2009 | USD$78,965.99 |