# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Robert J. Lemons
+1 (212) 310-8924
robert.lemons@weil.com

April 23, 2014

The Honorable Shelley C. Chapman
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

**Re: In re Lehman Brothers Holdings Inc. (Case No. 08-13555) (SCC); Claim #13291**

Dear Judge Chapman:

I write regarding that certain letter, dated April 7, 2014 (the "April 7 Letter") [ECF No. 44030], in which Robert Dziedziech requests, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, that the Court reverse its earlier orders regarding Claim #13291 in the amount of $2,072,577.91, filed by Mr. Dziedziech (the "Claim"). To the extent that the April 7 Letter is deemed to be a motion for Rule 60(b) relief, Mr. Dziedziech failed to present it as such and failed to comply with any applicable rules and orders regarding such motions. Moreover, Mr. Dziedziech failed to serve the April 7 Letter on Lehman Brothers Holdings Inc. ("LBHI") or to notice his request for hearing. Accordingly, while LBHI reserves its right to submit a formal response, the purpose of this letter is to provide background information regarding the dispute and to request that the April 7 Letter be disregarded or denied.

On June 3, 2011, Judge Peck entered that certain *Order Granting Debtors' One Hundred Eighteenth Omnibus Objection to Claims* (the "First Order") [ECF No. 17349], pursuant to which the Dziedziech Claim was recharacterized as equity. Nearly three years later, Mr. Dziedziech sent a letter to the court, dated March 5, 2014 (the "First Dziedziech Letter") [ECF No. 43503], in which Mr. Dziedziech requested to join the objections of his former colleagues with respect to claims based on awards of restricted stock units, as those objections allegedly related the Claim. The First Dziedziech Letter did not state a cognizable claim for relief, but on March 13, 2014, I sent a letter to the Court (the "Lehman Response") [ECF No. 43574], in which LBHI responded to the First Dziedziech Letter to the extent that it could be deemed to be a request to reconsider the First Order. A copy of the Lehman Response is enclosed. In brief, the Lehman Response noted that service of the One Hundred Eighteenth Omnibus Objection on Mr. Dziedziech was proper and that Mr. Dziedziech had articulated no reasonable basis for reconsideration of the First Order.

The Honorable Shelley C. Chapman  
April 23, 2014  
Page 2

**Weil, Gotshal & Manges LLP**

Mr. Dziedziech sent a second letter to the Court, dated March 18, 2014 (the "Second Dziedziech Letter") [ECF No. 43736], in which he acknowledged that the First Dziedziech Letter was not a request to reconsider the First Order, but was simply a request to join the objections of his former colleagues in connection with the evidentiary hearing scheduled for April 1-3, 2014 (regarding certain pending objections to claims relating to restricted stock units and contingent stock awards).

On March 31, 2014, the Court entered an order denying Mr. Dziedziech's letter requests (the "March 31 Order") [ECF No. 43885]. In the March 31 Order, the Court noted, *inter alia*, that "the Court-approved claims and noticing agent served notice of the Objection on Dziedziech via first class mail at his last known address, as required by Federal Rule of Bankruptcy Procedure 2002(g)." A copy of the March 31 Order is enclosed.

Mr. Dziedziech now seeks once again to reinstate the Claim, arguing in the April 7 Letter that it would be "most equitable" to reverse the First Order pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure ("Rule 60(b)"). But the April 7 Letter provides no information or rationale for reinstating the claim beyond those provided provided by Mr. Dziedziech to the Court prior to the March 31 Order. And Mr. Dziedziech did not timely appeal the March 31 Order. For these reasons alone, the Court should disregard the April 7 Letter.

Further, there is no basis under Rule 60(b) to grant Mr. Dziedziech relief from the First Order. Rule 60(b), made applicable here pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, permits a court, in its discretion, to rescind or amend a final judgment or order under certain limited circumstances. *See Unsecured Claims Estate Representative of Teligent, Inc. v. Cigna Healthcare, Inc. (In re Teligent, Inc.)*, 326 B.R. 219, 221-23 (S.D.N.Y. 2005). The Second Circuit has indicated that the movant bears a heavy burden of proof on a motion for relief from an order or final judgment. *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994) ("[S]ince 60(b) allows extraordinary relief, it is invoked only if the moving party meets its burden of demonstrating 'exceptional circumstances'"); *see also Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (noting that "final judgments should not be lightly reopened," and that Rule 60(b) "may not be used as a substitute for a timely appeal" and should be "invoked only upon a showing of exceptional circumstances.") (citations omitted).

Specifically, Rule 60(b)(5) provides that a court may relieve a party from a final judgment where "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective

The Honorable Shelley C. Chapman  **Weil, Gotshal & Manges LLP**
April 23, 2014
Page 3

application." Fed. R. Civ. P. 60(b)(5).[1] The First Order has no "prospective application" for the purposes of Rule 60(b)(5), so Mr. Dziedziech's request must be denied.

The standard used in determining whether a judgment has prospective application is "whether it is 'executory' or involves 'the supervision of changing conduct or conditions[.]'" *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1139 (D.C. Cir. 1988) (quoting *Pennsylvania v. Wheeling & Belmont Bridge Co.*, 59 U.S. (18 How.) 421, 431 (1856); and *United States v. Swift & Co.*, 286 U.S. 106, 114 (1932)); *see also Harvest v. Castro*, 531 F.3d 737, 748 (9th Cir. 2008) (same), *DeWeerth v. Baldinger*, 38 F.3d 1266, 1275-76 (2d Cir. 1994) (adopting the *Twelve John Does* standard for Rule 60(b)(5) relief). Indeed, "[v]irtually every court order causes at least some reverberations into the future, and has, in that literal sense, some prospective effect. . . . That a court's action has continuing consequences, however, does not necessarily mean that it has 'prospective application' for the purposes of Rule 60(b)(5)." *Twelve John Does*, 841 F.2d at 1138. Here, the recharacterization of the Claim plainly has no prospective application, and is simply a judgment with which Mr. Dziedziech is displeased. Accordingly, relief pursuant to Rule 60(b)(5) is not warranted.

In sum, Mr. Dziedziech has not articulated a justifiable basis for reconsideration of the First Order – which is consistent with previous orders of the Court recharacterizing over 3,500 similar claims as equity – and the April 7 Letter should be disregarded or denied. Should the Court require further briefing on this matter, LBHI will, of course, proceed in accordance with the Court's direction.

Very truly yours,

Robert J. Lemons

---

[1] Although the April 7 Letter only references Rule 60(b)(5), no other provisions of Rule 60(b) would justify relief from the First Order or the March 31 Order, particularly in light of the failure of the April 7 Letter to bring to the Court's attention any pertinent information not already conveyed by Mr. Dziedziech to the Court prior to the March 31 Order.

The Honorable Shelley C. Chapman　　　　　　　　　　　　　　　　　　**Weil, Gotshal & Manges LLP**
April 23, 2014
Page 4

cc: Robert Dziedziech
    Horizons
    Leatherhead Road
    Oxshoot
    Surrey, KT22 0ET
    United Kingdom

Enclosures:

　　　Letter from Robert J. Lemons, dated March 13, 2014 [ECF No. 43574]
　　　Order, dated March 31, 2014, denying letter requests [ECF No. 43885]

# Weil, Gotshal & Manges LLP

Robert J. Lemons
+1 (212) 310-8924
robert.lemons@weil.com

March 13, 2014

The Honorable Shelley C. Chapman
United States Bankruptcy Judge
United States Bankruptcy Court
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

Re: **In re Lehman Brothers Holdings Inc.**, *et al.* – **Case No. 08-13555 (SCC)**

Dear Judge Chapman:

I write regarding that certain letter from Robert Dziedziech (the "Dziedziech Letter") [ECF No. 43503], in which Mr. Dziedziech requests to join the objections of his former colleagues with respect to claims based on awards of restricted stock units, as those objections allegedly relate to claim number 13291 (the "Claim"), which was recharacterized as equity pursuant to that certain Order Granting Debtors' One Hundred Eighteenth Omnibus Objection to Claims, dated June 3, 2011 (the "Order") [ECF No. 17349]. The letter does not state a cognizable claim for relief, and it should therefore be disregarded in its entirety.

However, to the extent that the Dziedziech Letter is deemed to be a request to reconsider the Order and to recharacterize Mr. Dziedziech's equity interest as a general unsecured claim, it is untimely and unfounded (at best). Mr. Dziedziech argues that he moved several times since the Debtors filed the One Hundred Eighteenth Omnibus Objection to Claims, dated April 6, 2011 (the "Objection") [ECF No. 15666], and that he never received notice of the Objection. However, on or about April 6, 2011, the court-approved claims and noticing agent served notice of the Objection on Mr. Dziedziech via first class mail at Mr. Dziedziech's last known address, at "1 Blore House, Coleridge Gardens, London SW10 0RB" (the "Blore House Address"). Attached hereto are the applicable pages of the Affidavit of Service of Pete Caris of Epiq Bankruptcy Solutions, LLC, dated April 13, 2011 [ECF No. 15939].

Rule 2002(g) of the Federal Rules of Bankruptcy Procedure provides that "[n]otices required to be mailed under Rule 2002 to a creditor . . . shall be addressed as such entity or an authorized agent has directed in its last request filed in the particular case." Because notice of the Objection was sent to the most recent address provided by Mr. Dziedziech to the claims and notice agent, service of the Objection complied with Bankruptcy Rule 2002(g) and no basis exists for setting aside the Order.

Notably, the Dziedziech Letter provides no evidence of Mr. Dziedzich's place of residence on April 6, 2011, other than to say that Mr. Dziediech moved sometime in "late 2010." In any event, Mr. Dziedzich has notified the claims and noticing agent of changes to his address no fewer than four times, including once in February 2010, and again in September 2011. Copies of those requests are attached hereto. As

**Weil, Gotshal & Manges LLP**

of April 6, 2011, the last known address for Mr. Dziedziech was the Blore House Address. Accordingly, service of the Objection at that address was proper, pursuant to Bankruptcy Rule 2002.

If Mr. Dziedziech relocated between March 2010 and April 2011, he did not provide timely notification of that change to the claims and noticing agent. Moreover, it appears that Mr. Dziedziech did not arrange to have his mail forwarded to his new address(es) over the course of several relocations between 2009 and 2011. Any failure by Mr. Dziedziech to receive notice of the Objection is no fault of LBHI or the claims and noticing agent, but instead lies entirely with Mr. Dziedziech.

The Order was entered nearly three years ago, and Mr. Dziedziech's apparent request to reinstate the Claim is patently untimely and unwarranted. It goes without saying that claimants in these chapter 11 cases cannot be permitted to revisit final court orders without compelling justification – which is plainly not present here.

Accordingly, LBHI submits that Mr. Dziedziech's request should be summarily denied. Should the Court request further briefing on this matter, LBHI will, of course, proceed in accordance with the Court's direction.

Respectfully submitted,

/s/ Robert J. Lemons

Robert J. Lemons

cc: Robert Dziedziech
    Horizons
    Leatherhead Road
    Oxshoot
    Surrey, KT22 0ET
    United Kingdom

Enclosures:

    Affidavit of Service of Pete Caris of Epiq Bankruptcy Solutions, LLC, dated April 13, 2011
        [ECF No. 15939] (excerpts)
    Letter from Robert Dziedziech to Epiq Bankruptcy Solutions, dated February 17, 2010 (and
        received March 2, 2010)
    Email from Robert Dziedziech to Epiq Bankruptcy Solutions, dated September 6, 2011

US_ACTIVE:\44442909\1\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                    :
In re                               :    Chapter 11 Case No.
                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :    08-13555 (JMP)
                                    :    (Jointly Administered)
       Debtors.                     :
                                    :    Ref. Docket No. 15666
---------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

PETE CARIS, being duly sworn, deposes and says:

1. I am employed as a Noticing Coordinator by Epiq Bankruptcy Solutions, LLC, located at 757 Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2. On April 6, 2011, I caused to be served:

   a. the "Notice of Hearing on Debtors' One Hundred Eighteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests)," dated April 6, 2011, to which was attached the "Debtors' One Hundred Eighteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests)," dated April 6, 2011 [Docket No. 15666], (the "118th Omnibus Objection"), and

   b. a customized version of the "Notice of Hearing on Debtors' One Hundred Eighteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests)," dated April 6, 2011, related to Docket No. 15666, a sample of which is annexed hereto as Exhibit A, (the "118th Omnibus Custom Notice"),

   by causing:

   i. true and correct copies of the 118th Omnibus Objection, to be delivered via electronic mail to those parties listed on the annexed Exhibit B,

   ii. true and correct copies of the 118th Omnibus Objection, to be delivered via facsimile to those parties listed on the annexed Exhibit C,

   iii. a true and correct copy of the 118th Omnibus Objection, to be enclosed securely in a separate postage-prepaid envelope and delivered via overnight mail to Office of the US

Trustee, Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., Andrea B. Schwartz, Esq., 33 Whitehall Street, 21st Floor, New York, NY 10004, and

iv. the 118th Omnibus Custom Notice, customized to include the name and address of the creditor and identification of the claim that is the subject of the objection, to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed Exhibit D.

3. All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

/s/ *Pete Caris*
Pete Caris

Sworn to before me this
7th day of April, 2011
/s/ *Sidney J. Garabato*
Notary Public, State of New York
No. 01GA6218946
Qualified in New York County
Commission Expires March 15, 2014

T:\Clients\LBH\Affidavits\118th Omnibus Objection to Claims & Custom Notices_DI 15666_AFF_4-6-11.doc

# EXHIBIT D

LEHMAN BROTHERS HOLDINGS INC.
SERVICE LIST

| Claim Name | Address Information |
|---|---|
| DAPCEVIC, MILENA | FLAT 27 THE BAYNARDS 27 HEREFORD ROAD LONDON W2 4TQ UNITED KINGDOM |
| DAY, STEPHEN | 52 MELWOOD HOUSE LONDON E1 2QX UNITED KINGDOM |
| DEBOST, CHARLES H. | 85 EAST END AVENUE, #14E NEW YORK NY 10028 |
| DEFLIN, BRADFORD A | 245 JAMAICA LN PALM BEACH FL 334803321 |
| DEL BALZO, LUDOVICO | 23 PELHAM CRESCENT LONDON SWT 2NR UNITED KINGDOM |
| DEMASI, KATHLEEN M. | 146 78TH STREET BROOKLYN NY 11209 |
| DI VITO, RICHARD A. | 116 MIDDLENECK RD PORT WASHINGTON NY 11050 |
| DIEKE, RALF C | FLAT 2 197 QUEENS GATE LONDON SW7 5EU UNITED KINGDOM |
| DILENA, NICOLA | 1 LUKE STREET, APARTMENT 101 LONDON E1 1ER UNITED KINGDOM |
| DOHERTY, JEFFREY P. | 66 LEONARD ST APT 6C NEW YORK NY 10013 |
| DOMENICI, HENRY VINCENT | 24 SHADY ACRES ROAD DARIEN CT 06820 |
| DONALD, CHARLES H | BURY COURT WHITE WALTHAM, BERKS SL6 3JF UNITED KINGDOM |
| DONZELLI, ANDREA | VIA UGO BASSI 3 ROMA 00152 ITALY |
| DOUGLAS, DAVID | CAZENOVE ASIA 50/F ONE EXCHANGE SQUARE CENTRAL HONG KONG |
| DOUGLAS, DOROTHEA | 177-11 136TH AVE JAMAICA NY 11434 |
| DRBUL, ROBERT S | 111 E 85TH ST # 16D NEW YORK NY 10028 |
| DUBOIS-PELERIN, VINCENT | 79 ELMS ROAD LONDON SW4 9EP UNITED KINGDOM |
| DUPUIS, GERALD | SUITE 176, 2 OLD BROMPTON ROAD LONDON SW7 3DQ UNITED KINGDOM |
| DYNKIN, LEV | 18 EMERSON DR. GREAT NECK NY 11023 |
| DZIEDZIECH, ROBERT Z. | 1 BLORE HOUSE COLERIDGE GARDENS LONDON SW10 0RB UNITED KINGDOM |
| EASTON, ALEX | 60 CARLISLE COURT OLD BRIDGE NJ 08857 |
| EINARSSON, MAGNUS P | 7 NEW END LONDON NW3 1JD UNITED KINGDOM |
| EINBINDER, LEE J. | 121 SQUIRE ROAD ROXBURY CT 06783 |
| ELKINS, JAY S. | 79 GRIFFEN AVENUE SCARSDALE NY 10583 |
| ELLSWORTH, MICHAEL R. | 10 CAYUGA WAY SHORT HILLS NJ 07078 |
| ERSOFF, BRETT I. | C/O KLESTADT & WINTERS, LLP 292 MADISON AVENUE- 17TH FLOOR NEW YORK NY 10017 |
| ERTAS, ILKER | 40 FAYETTE RD SCARSDALE NY 10583 |
| FABIO, LIOTTI | 74 YORK MANSIONS PRINCE OF WALES DRIVE LONDON SW11 4BW UNITED KINGDOM |
| FAESSEN, WILCO | 20 RIVER TERRACE APARTMENT 18K NEW YORK NY 10282 |
| FAUCHEUX, LUC | 5 STURGES HOLLOW WESTPORT CT 06880 |
| FELDMAN, RICHARD M. | 911 PARK AVE. NEW YORK NY 10075 |
| FERGUSON, SCOTT ANDREW. | BUILDING 6, LEVEL 6 DIFC, POB 506535 DUBAI UNITED ARAB EMIRATES |
| FIGUS, MARCO C | VIA DI S VALENTINO 11 RM ROME 197 ITALY |
| FISCHER, TIMOTHY K. | 55 E. 72ND STREET, APT. 12N NEW YORK NY 10021 |
| FISK, ADRIAN | 32 BALLINGDON ROAD LONDON SW11 6AJ UNITED KINGDOM |
| FLANAGAN, THOMAS E. | ONE DEER TRAIL ARMONK NY 10504 |
| FLANAGAN, THOMAS E. | ONE DEER TRAIL ARMONK NY 10504 |
| FLANNERY, JOSEPH J. | 4951 NE 28TH AVE LIGHTHOUSE POINT FL 33064 |
| FLEISCHMAN RICHMAN, SANDY | 25 CENTRAL PARK WEST APT #6E NEW YORK NY 10023 |
| FLINK, PETER | 139 LAUREL LANE SYOSSET NY 11791 |
| FORD, GENITA | 9249 S. THROOP STREET CHICAGO IL 60620 |
| FORD, JONATHAN | 45 THE AVENUE LONDON NW6-7NR UNITED KINGDOM |
| FOX, STEPHEN | STEPHEN FOX 19 BINDEN ROAD LONDON W12 9RJ UNITED KINGDOM |
| FOX, STEPHEN | 9 BLENHEIM ROAD LONDON W4 1UB UNITED KINGDOM |
| FRAENKEL, FRANCIS L. | 812 FIFTH AVENUE, 7- B NEW YORK NY 10065 |
| FROMMER, JACQUELINE | 45 EAST 85TH ST. 4A NEW YORK NY 10028 |
| FRONTINI, LORENZO | 17 GILSTON ROAD LONDON SW10 9SJ UNITED KINGDOM |
| FUCHS, BENJAMIN A | 30/F 2 IFC 8 FINANCE STREET HONG KONG |
| GALLO, JOHN F. | 365 WEST END AVENUE APARTMENT 6C NEW YORK NY 10021 |

February 17, 2010

Dear Epiq Systems,

I am a former Lehman Brothers employee and have filed claim #13291 for deferred compensation. I have moved from the address that is currently listed on my claim as my contact address. Can you please change the address on my claim to the below address:

New Address:
1 Blore House
Coleridge Gardens
London
SW10 0RB
UK

To be clear, the new address is listed above and the old address (24 Benham House, Coleridge Gardens, London, SW10 0RD, UK) is the one that needs to be changed.

My other contact details email: bobd72@yahoo.com and phone number: +44 787 0659326 remain the same. Please feel free to reach me on either of the above if you have any questions.

Thank you,

Robert Dziedziech



EPIQ BANKRUPTCY SOLUTIONS LLC
ATTN
LEHMAN BROTHERS HOLDINGS CLAIMS
757 THIRD AVENUE
3RD FLOOR
NY, NY 10017
USA

# Stauble, Christopher

| | |
|---|---|
| **From:** | Reyes, Debbie |
| **Sent:** | Tuesday, September 06, 2011 1:48 PM |
| **To:** | Rodriguez, Lauren |
| **Cc:** | Bowdler, Angharad |
| **Subject:** | FW: Change of Address for existing Claim |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Could you please handle the below address change request?

Thanks you,

**Debbie Reyes**
Project Manager
Epiq Systems
Class Action & Claims Solutions
Phone: 503-350-5912
www.epiqsystems.com

Managed technology for the global legal profession

---

**From:** robert dziedziech [mailto:bobd72@yahoo.com]
**Sent:** Tuesday, September 06, 2011 10:47 AM
**To:** DL-lehmancallcenter
**Subject:** Change of Address for existing Claim

Dear Epiq Systems,

I am a former Lehman Brothers employee and have filed claim #13291 for deferred compensation. I have moved from the address that is currently listed on my claim as my contact address (Address is 1 Blore House, Coleridge Gardens, London, SW10 0RB, UK). Can you please change it to:
13 Benham House, Coleridge Gardens, London, SW10 0RD, UK. Please contact me on this email or on my UK mobile (011 44 787 0659 326) if you have any questions?

Thanks,

Robert Dziedziech

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   Chapter 11
                                                                            Case No. 08-13555 (SCC)
                        Debtors.
                                                                            (Jointly Administered)
------------------------------------------------------------X

## ORDER DENYING LETTER REQUEST

Upon the March 5, 2014 and March 18, 2014 letters to the Court (collectively, the "Request") from Robert Dziedziech requesting to join the objections of former colleagues with respect to claims against Lehman Brothers Holdings Inc. (the "Debtor") based on awards of restricted stock units; and upon the March 13, 2014 letter to the Court from Weil, Gotshal & Manges LLP in opposition to the Request; and Dziedziech having filed claim number 13291 (the "Claim") in the amount of $2,072,577.91 against the Debtor; and the Debtor having objected to the Claim pursuant to its One Hundred Eighteenth Omnibus Objection to Claims (the "Objection"), dated April 6, 2011; and Dziedziech having failed to respond to the Objection; and the Court having recharacterized the Claim as equity pursuant to that certain Order Granting Debtors' One Hundred Eighteenth Omnibus Objection to Claims, dated June 3, 2011; and Dziedziech having stated in the Request that he did not receive notice of the Objection due to his having moved; and upon the Affidavit of Service of the Objection filed by Pete Caris of Epiq Bankruptcy Solutions, LLC showing that the Court-approved claims and noticing agent served notice of the Objection on Dziedziech via first class mail at his last known address, as required by Federal Rule of Bankruptcy Procedure 2002(g); and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Request is DENIED.

Dated: March 31, 2014
New York, New York

/s/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE