WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746 REGARDING**
**CLAIM OBJECTIONS SCHEDULED FOR HEARING ON APRIL 24, 2014**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

1. Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, filed the following claims objections (together, the "Claims Objections") with the Court for hearing on April 24, 2014:

    (a)    Objection to Claim of Lehman Brothers Investment Consulting (Shanghai) Co., Ltd. [**ECF No. 43527**]

  (b) Four Hundred Fifty-Ninth Omnibus Objection to Claims (No Liability Claims) [**ECF No. 43533**]

  2. In accordance with the Second Amended Case Management Order, the Plan Administrator established deadlines (the "<u>Response Deadlines</u>") for parties to object or file responses to the Claims Objections. The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

  3. The Response Deadlines have now passed and, to the best of my knowledge, no responsive pleadings to the Claims Objections have been (a) filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on counsel to the Plan Administrator. Accordingly, the Plan Administrator respectfully requests that the proposed orders granting the Claims Objections annexed hereto as <u>Exhibits A</u> and <u>B</u>, which are unmodified since the filing of the Claims Objections, be entered in accordance with the procedures described in the Second Amended Case Management Order.

  I declare that the foregoing is true and correct.

Dated: April 23, 2014
   New York, New York

               /s/ Robert J. Lemons
               Robert J. Lemons

               WEIL, GOTSHAL & MANGES LLP
               767 Fifth Avenue
               New York, New York 10153
               Telephone: (212) 310-8000
               Facsimile: (212) 310-8007

               Attorneys for Lehman Brothers Holdings Inc.
               and Certain of Its Affiliates

**EXHIBIT A**
**(Proposed Order – ECF No. 43527)**

US_ACTIVE:\44468175\2\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                                    :         Chapter 11 Case No.
                                                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :         08-13555 (SCC)
                                                                              :
                                            Debtors.                 :         (Jointly Administered)
------------------------------------------------------------x

### ORDER GRANTING OBJECTION TO CLAIM OF LEHMAN BROTHERS INVESTMENT CONSULTING (SHANGHAI) CO., LTD. (CLAIM NO. 48815)

Upon the objection, dated March 13, 2014 (the "Objection"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure, seeking to disallow and expunge claim number 48815 (the "Claim") filed by Lehman Brothers Investment Consulting (Shanghai) Co., Ltd., all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that, for the reasons set forth in the Motion, the relief requested in the Objection is granted to the extent provided herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ORDERED that, pursuant to section 502(b)(9) of the Bankruptcy Code, the Claim is disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
      New York, New York

                                                                        UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**
**(Proposed Order – ECF No. 43533)**

US_ACTIVE:\44468175\2\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (SCC)
                                                                  :
                              Debtors.                  :    (Jointly Administered)
------------------------------------------------------------x

### ORDER GRANTING THE FOUR HUNDRED FIFTY-NINTH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the four hundred Fifty-Ninth omnibus objection to claims, dated March 13, 2014 (the "Four Hundred Fifty-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (ECF No. 6664), seeking disallowance and expungement of the No Liability Claims, all as more fully described in the Four Hundred Fifty-Ninth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Fifty-Ninth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Fifty-Ninth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Fifty-Ninth Omnibus Objection to Claims.

Hundred Fifty-Ninth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Four Hundred Fifty-Ninth Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and expunged with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Four Hundred Fifty-Ninth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

## IN RE: LEHMAN BROTHERS HOLDINGS INC., et al., CASE NO. 08-13555 (SCC)
## OMNIBUS OBJECTION 459: EXHIBIT 1 - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ARON M. OLINER IN HIS CAPACITY AS CHAP 11 TRUSTEE OF THE KONTRABECKI | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 8465 | Undetermined | Undetermined | Claim 8465 is a protective claim filed in an unliquidated amount by Aron M. Oliner in his capacity as chapter 11 trustee of the Kontrabecki Group Limited Partnership and the Central European Industrial Development Company, LLC (together, the "Entities"), in their respective chapter 11 cases pending in the Northern District of California. Lehman Brothers Holdings Inc. ("LBHI") was the largest creditor of the Entities. The claim alleges that, in August 2003, Mr. Oliner and LBHI entered into an agreement pursuant to which LBHI agreed to share with the Claimant certain proceeds recovered in connection with claims for "share dilution," including recoveries from an adversary proceeding in the California court in which LBHI and the claimant were joint plaintiffs (the "Share Dilution Adversary"). The Share Dilution Adversary was settled and dismissed by order of the court on December 10, 2010 pursuant to the terms of a settlement entered into among Mr. Oliner, LBHI, and Kontrabecki. LBHI has no liability with respect to this proof of claim because it did not collect or otherwise receive any proceeds in connection with the Share Dilution Adversary or any other matters that would be due and owing to Mr. Oliner. Further, Mr. Oliner was discharged as chapter 11 trustee and a final accounting was filed in the case on December 29, 2010 that made no mention of a balance of amounts owed by LBHI (a copy of the final accounting is attached to the proof of claim). |
| 2 | FINECOBANK SPA | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 15522 | $682,080.00 * | $682,080.00* | Claim 15522 asserts a guarantee claim against Lehman Brothers Holdings Inc. ("LBHI") but includes insufficient documentation to evidence liability. Claimant failed to respond to a subpoena issued on March 18, 2013 and to subsequent attempts by LBHI for contact. Accordingly, the claim should be disallowed and expunged. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## OMNIBUS OBJECTION 459: EXHIBIT 1 - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 3 | INNOVATIVE WINDPOWER AG | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 34290 | $349,218.59 | $349,218.59 | Claim 34290 is for the return of an irrevocable wire payment made by Innovative Windpower AG on July 10, 2008 to an Lehman Brothers Holdings Inc. ("LBHI") - UK branch account in connection with a transaction between claimant and Lehman Brothers Inc. (Europe) ("LBIE"). According to the documents attached to the proof of claim, the funds were transferred to the LBHI - UK branch account for LBIE and were to be further transferred by LBIE to Linklaters LLP on behalf of the claimant for the payment of legal fees. LBHI has reviewed its records and confirmed that, on July 22, 2008, the funds were passed through by LBHI to LBIE as intended by the claimant. LBHI did not have possession of the funds after that date. LBHI was not a party to and had no other involvement in the underlying transaction between claimant and LBIE that gave rise to the transfer. For these reasons, LBHI has no liability. |
| 4 | IRISH LIFE & PERMANENT PLC | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 17852 | $2,102,985.99 * | $2,102,985.99* | Claim 17852 alleges that Irish Life & Permanent plc sent a mistaken payment to Lehman Brothers Holdings Inc. ("LBHI") that was intended to be paid to Lehman Brothers Finance AG a/k/a Lehman Brothers Finance SA ("LBF"). The amount in question was paid over to LBF in May 2013. Accordingly, LBHI has no liability for this claim because the mistaken payment has been delivered to its intended recipient. |
| 5 | MEDICAL CENTER OF THE ROCKIES | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 14787 | $3,000,000.00 * | $3,000,000.00* | Claim 14787 asserts a claim against Lehman Brothers Holdings Inc. ("LBHI") based on a purported guarantee of a primary claim against Lehman Brothers Special Financing Inc. ("LBSF"). Claimant's primary claim against LBSF, proof of claim number 14785, was disallowed and expunged by order of this Court on June 30, 2011 on the basis of no liability. Given that the primary obligor has no liability, LBHI, as purported guarantor, cannot be liable and this claim should be disallowed and expunged. |
| | | | TOTAL | | $6,134,284.58 | $6,134,284.58 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts