**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
| | |
|---|---|
| In re | : **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : **08-13555 (SCC)** |
| | : |
| **Debtors.** | : **(Jointly Administered)** |

---------------------------------------------------------------------x

## ORDER GRANTING THE FOUR HUNDRED FIFTY-NINTH
## OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the four hundred Fifty-Ninth omnibus objection to claims, dated March 13, 2014 (the "Four Hundred Fifty-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (ECF No. 6664), seeking disallowance and expungement of the No Liability Claims, all as more fully described in the Four Hundred Fifty-Ninth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Fifty-Ninth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Fifty-Ninth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Fifty-Ninth Omnibus Objection to Claims.

Hundred Fifty-Ninth Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Four Hundred Fifty-Ninth Omnibus

Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and

expunged with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Four Hundred

Fifty-Ninth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: April 24, 2014
New York, New York

_/s/ Shelley C. Chapman_
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)

OMNIBUS OBJECTION 459: EXHIBIT 1 - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ARON M. OLINER IN HIS CAPACITY AS CHAP 11 TRUSTEE OF THE KONTRABECKI | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 8465 | Undetermined | Undetermined | Claim 8465 is a protective claim filed in an unliquidated amount by Aron M. Oliner in his capacity as chapter 11 trustee of the Kontrabecki Group Limited Partnership and the Central European Industrial Development Company, LLC (together, the "Entities"), in their respective chapter 11 cases pending in the Northern District of California. Lehman Brothers Holdings Inc. ("LBHI") was the largest creditor of the Entities. The claim alleges that, in August 2003, Mr. Oliner and LBHI entered into an agreement pursuant to which LBHI agreed to share with the Claimant certain proceeds recovered in connection with claims for "share dilution," including recoveries from an adversary proceeding, in the California court in which LBHI and the claimant were joint plaintiffs (the "Share Dilution Adversary"). The Share Dilution Adversary was settled and dismissed by order of the court on December 10, 2010 pursuant to the terms of a settlement entered into among Mr. Oliner, LBHI, and Kontrabecki. LBHI has no liability with respect to this proof of claim because it did not collect or otherwise receive any proceeds in connection with the Share Dilution Adversary or any other matters that would be due and owing to Mr. Oliner. Further, Mr. Oliner was discharged as chapter 11 trustee and a final accounting was filed in the case on December 29, 2010 that made no mention of a balance of amounts owed by LBHI (a copy of the final accounting is attached to the proof of claim). |
| 2 | FINECOBANK SPA | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 15522 | $682,080.00 * | $682,080.00* | Claim 15522 asserts a guarantee claim against Lehman Brothers Holdings Inc. ("LBHI") but includes insufficient documentation to evidence liability. Claimant failed to respond to a subpoena issued on March 18, 2013 and to subsequent attempts by LBHI for contact. Accordingly, the claim should be disallowed and expunged. |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)

OMNIBUS OBJECTION 459: EXHIBIT 1 - NO LIABILITY CLAIMS

| NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 3 INNOVATIVE WINDPOWER AG | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 34290 | $349,218.59 | $349,218.59 | Claim 34290 is for the return of an irrevocable wire payment made by Innovative Windpower AG on July 10, 2008 to an Lehman Brothers Holdings Inc. ("LBHI") - UK branch account in connection with a transaction between claimant and Lehman Brothers Inc. (Europe) ("LBIE"). According to the documents attached to the proof of claim, the funds were transferred to the LBHI - UK branch account for LBIE and were to be further transferred by LBIE to Linklaters LLP on behalf of the claimant for the payment of legal fees. LBHI has reviewed its records and confirmed that, on July 22, 2008, the funds were passed through by LBHI to LBIE as intended by the claimant. LBHI did not have possession of the funds after that date. LBHI was not a party to and had no other involvement in the underlying transaction between claimant and LBIE that gave rise to the transfer. For these reasons, LBHI has no liability. |
| 4 IRISH LIFE & PERMANENT PLC | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 17852 | $2,102,985.99 * | $2,102,985.99* | Claim 17852 alleges that Irish Life & Permanent plc sent a mistaken payment to Lehman Brothers Holdings Inc. ("LBHI") that was intended to be paid to Lehman Brothers Finance AG a/k/a Lehman Brothers Finance SA ("LBF"). The amount in question was paid over to LBF in May 2013. Accordingly, LBHI has no liability for this claim because the mistaken payment has been delivered to its intended recipient. |
| 5 MEDICAL CENTER OF THE ROCKIES | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 14787 | $3,000,000.00 * | $3,000,000.00 * | Claim 14787 asserts a claim against Lehman Brothers Holdings Inc. ("LBHI") based on a purported guarantee of a primary claim against Lehman Brothers Special Financing Inc. ("LBSF"). Claimant's primary claim against LBSF, proof of claim number 14785, was disallowed and expunged by order of this Court on June 30, 2011 on the basis of no liability. Given that the primary obligor has no liability, LBHI, as purported guarantor, cannot be liable and this claim should be disallowed and expunged. |
| | | | TOTAL | $6,134,284.58 | $6,134,284.58 | |

* - Indicates claim contains unliquidated and/or undetermined amounts