**Hearing Date and Time: May 14, 2014 at 10:00 a.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re : | **Chapter 11 Case No.** |
| : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : | **08-13555 (SCC)** |
| : | |
| Debtors. : | **(Jointly Administered)** |

------------------------------------------------------------------x

**OMNIBUS REPLY TO RESPONSES TO**
**THE THREE HUNDRED FORTY-FIRST AND**
**FOUR HUNDRED THIRD OMNIBUS OBJECTIONS TO CLAIMS**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator, files this reply in further support of its Three Hundred Forty-First Omnibus Objection to Claims (the "341st Objection") [ECF No. 30030] and the Four Hundred Third Omnibus Objection to Claims (the "403rd Objection") [ECF No. 36007] (collectively, the "Objections"),[1] and respectfully represents:

**Creditors Have Not Satisfied Their Burden of Establishing Their Claims' Validity**

1. As set forth in the Objections, the terms of LBHI's prepetition benefits plan was clear: LBHI was entitled to discontinue benefits and programs at any time and in its

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objections.

discretion; benefits were not guaranteed; and eligibility for a benefit did not equate to a vested right to such benefit. *See* 341st Objection ¶ 9; 403rd Objection ¶ 8. Under these circumstances, LBHI has no liability for proofs of claim based on the loss of coverage. *See* 341st Objection ¶ 9; 403rd Objection ¶¶ 14-15. Accordingly, the Objections seek to disallow, among others, four claims for the loss of medical benefits (collectively, the "Claims"): claim number 13425 (the "Baricevic Claim"); claim number 27323 (the "Blum Claim"); claim number 27321 (the "Kenney Claim"); and claim number 32520 (the "O'Brien Claim").

2. Upon the filing of the Objections, the burden shifted to the holders of the Claims (each a "Claimant") to demonstrate the validity of their Claims. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("The burden then shifts to the claimant if the objector produces 'evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.'") (internal citations omitted); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000) ("Once an objectant offers sufficient evidence to overcome the prima facie validity of the claim, the claimant is required to meet the usual burden of proof to establish the validity of the claim."). "When the burden is shifted back to the claimant, it must then prove by a preponderance of the evidence that under applicable law the claim should be allowed." *In re Oneida, Ltd.*, 400 B.R. at 389. None of the responses interposed by the Claimants alleges any fact or law that rebuts the arguments set forth in the Objections. Claimants failed to and cannot satisfy their burden, and their Claims must be disallowed and expunged.

A. **The Baricevic Claim: 341st Objection**

3. Ms. Joanna Baricevic filed the Baricevic Claim against LBHI on September 16, 2009, asserting a claim in an unliquidated amount for, among other things,

2

medical insurance.[2] Ms. Baricevic's response to the 341st Objection [ECF No. 30937] is an appeal to equity but does not address the arguments raised in the 341st Objection or otherwise support a legally cognizable claim against LBHI.

### B.  The Blum Claim and Kenney Claim: 341st Objection

4.  Mr. Kevin Blum filed the Blum Claim on September 22, 2009, asserting a claim for $652,300 for medical benefits. Mr. Arthur Kenney filed the Kenny Claim on September 22, 2009, asserting a claim for $646,800 for medical benefits. Mr. Blum's response [ECF No. 30948] and Mr. Kenney's response [ECF No. 30941] to the 341st Objection are substantively identical. Each cites a 2004 article from the *Oklahoma Bar Journal* for its reference to a 2003 decision from the United States Bankruptcy Court for the Western District of Missouri which held that section 1114 of the Bankruptcy Code bars termination of a benefit plan despite a prepetition right to terminate such plan. *See* Blum Resp. at 2; Kenney Resp. at 2 (*referring to In re Farmland Indus., Inc.*, 294 B.R. 903 (Bankr. W.D. Mo. 2003)). However, as the article stated and Claimants themselves quoted, other "courts have held that, if the benefit plan, by its terms, allows the employer to modify or terminate the benefit plan, so that the employer could have modified or terminated the retiree benefits outside of bankruptcy, a Chapter 11 employer could modify or terminate the benefit plan without proceeding under Section 1114." *Id.*

5.  Indeed, subsequent to *Farmland*, this Court has concluded that if a company has the contractual right to modify a benefits plan, section 1114 of the Bankruptcy Code is inapplicable. *See In re Delphi Corp.*, No. 05-44481, 2009 WL 637315 at *1 (Bankr. S.D.N.Y. March 10, 2009) ("section 1114's regime does not apply . . . because the various

---

[2] All other portions of the Baricevic Claim have been previously disallowed and expunged or reclassified as equity interests by prior orders of this Court.

welfare plans are, under the terms of the plan documents themselves, modifiable at will"); Transcript of Record at 109:25-110:2, *In re Gen. Motors Corp.*, 09-50026 (REG) (Bankr. S.D.N.Y. June 25, 2009) ("section 1114 does not trump any agreement between a company and its employees that gives the company the right to amend or terminate a welfare plan").

6. It is uncontroverted that under the Benefits Plan, LBHI had the right to "change or discontinue" any of its benefits and programs "at any time." *See* Benefits Plan Summary at 3.

C. **The O'Brien Claim: 403rd Objection**

7. Mr. Barry O'Brien filed the O'Brien Claim against LBHI on September 22, 2009, asserting a claim for $176,704 for medical benefits. In his response to the 403rd Objection [ECF No. 36386], Mr. O'Brien may be asserting that he would have satisfied the "Rule of 75" in the future and thus would be entitled to vested benefits.

8. As explained in the 403rd Objection, the "Rule of 75" was used to determine *eligibility* for retiree medical coverage in accordance with the terms of the Benefits Plan. *See* 403rd Objection ¶ 10. LBHI had "reserve[d] the right to change or discontinue any of these benefits and programs at any time without prior notice" after an individual fulfilled the "Rule of 75." *Id* at ¶ 10. The fact that neither Mr. O'Brien nor others had vested medical benefits or a right to receive ongoing medical benefits was confirmed in the Dechert Report. *See* 403rd Objection ¶ 11 (*citing* Dechert Report at 4 ("... we have not found any Plan or Plan-related documentation that would cause us to believe that [LBHI] has made any commitments to provide vested coverage to any Lehman Brothers retirees.").

4

## RESERVATION OF RIGHTS

9. The Plan Administrator reserves the right to object to the Claims on any other basis. The Plan Administrator further reserves the right to conduct discovery as to the Claims and any matters raised by Claimants and to supplement this and other filings as a result thereof.

## CONCLUSION

WHEREFORE for the reasons set forth above and in the Objections, the Plan Administrator respectfully requests that the Court enter the annexed orders (attached hereto as Exhibit A) disallowing and expunging the Claims, or applicable portions of the Claims, in their entirety and granting such other and further relief as the Court may deem just and appropriate.

Dated: May 2, 2014
New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

5

**EXHIBIT A**

US_ACTIVE:\44242718\12\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                           :   Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :   08-13555 (JMP)
                                                                :
                    Debtors.                              :   (Jointly Administered)
------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED FORTY-FIRST OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the three hundred forty-first omnibus objection to claims, dated August 14, 2012 (the "Three Hundred Forty-First Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking disallowance and expungement of the No Liability Claims on the basis that LBHI has no liability for such claims, all as more fully described in the Three Hundred Forty-First Omnibus Objection to Claims; and due and proper notice of the Three Hundred Forty-First Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Three Hundred Forty-First Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Three Hundred Forty-First Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Forty-First Omnibus Objection to Claims.

Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Forty-First Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the portions of the claims listed on Exhibit 1 that assert No Liability Claims are disallowed and expunged with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Three Hundred Forty-First Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
    New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)
**OMNIBUS OBJECTION 341: EXHIBIT 1 - NO LIABILITY**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO OMNIBUS OBJECTION 341 |
|---|---|---|---|---|---|---|---|---|
| 1 | BARICEVIC, JOANNA M. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/16/2009 | 13425 | Undetermined | Undetermined | Undetermined* |

* All other portions of the Baricevic Claim have been previously disallowed and expunged or reclassified as equity interests by prior orders of this Court.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2 | BLUM, G KEVIN | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27323 | $652,300.00 | $652,300.00 | None |
| 3 | KENNEY, ARTHUR J. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27321 | $646,800.00 | $646,800.00 | None |
| | | | | TOTAL | | $1,299,100.00 | $1,299,100.00 | $0.00 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                   :    Chapter 11 Case No.
                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                :    08-13555 (JMP)
                                                        :
              Debtors.                                  :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING FOUR HUNDRED THIRD
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the four hundred third omnibus objection to claims, dated March 15, 2013 (the "Four Hundred Third Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking disallowance and expungement of the No Liability Claims on the basis that LBHI has no liability for such claims, all as more fully described in the Four Hundred Third Omnibus Objection to Claims; and due and proper notice of the Four Hundred Third Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Four Hundred Third Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Four Hundred Third Omnibus Objection to Claims establish just

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Third Omnibus Objection to Claims.

cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Third Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the portions of the claims listed on <u>Exhibit 1</u> that assert No Liability Claims are disallowed and expunged with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on <u>Exhibit A</u> annexed to the Four Hundred Third Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)**
**OMNIBUS OBJECTION 403: EXHIBIT 1 - NO LIABILITY**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 1 | OBRIEN, BARRY J. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32520 | $176,704.00 | $176,704.00 | None |
| | | | | TOTAL | | $176,704.00 | $176,704.00 | |