Franklin H. Top, III (admitted *pro hac vice*)
Jeremy D. Schreiber
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
Telephone: (312) 845-3000

-and-

Craig M. Price (CP 9039)
CHAPMAN AND CUTLER LLP
1270 Avenue of the Americas, 30th Floor
New York, New York 10020-1708
Telephone: (212) 655-2522

Attorneys for U.S. Bank National Association, as Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| LEHMAN BROTHERS HOLDINGS INC., ET AL., | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**RESPONSE OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, TO (I) THE PLAN ADMINISTRATOR'S FOUR HUNDRED SIXTIETH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS) WITH RESPECT TO CLAIM NUMBERS 67154, 67155 AND 67157 AND (II) THE PLAN ADMINISTRATOR'S FOUR HUNDRED SIXTY-FIRST OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION) WITH RESPECT TO CLAIM NUMBER 67156**

NOW COMES U.S. Bank National Association, not individually but as trustee (*"U.S. Bank"* or the *"Trustee"*), by and through its counsel, Chapman and Cutler LLP, to respond (the *"Response"*) to (i) the Plan Administrator's Four Hundred-Sixtieth Omnibus Objection to Claims (Valued Derivative Claims) (the *"460th Objection"*) [Docket No. 43917] with respect to Claim Numbers 67154, 67155 and 67157 (the *"Claims"*) and (ii) the Plan

Administrator's Four Hundred Sixty-First Omnibus Objection to Claims (Insufficient Documentation) (the "*461st Objection*" [Docket No. 43918], and collectively, the "*Objections*") with respect to Claim Number 67156.   In support of its Response, the Trustee states as follows:[1]

## THE TRUSTEE OBJECTS TO THE PLAN ADMINISTRATOR'S CALCULATION OF THESE CLAIMS

Claim Numbers 67154 and 67155 (collectively the "*Coffee County Claims*") arise under a Reserve Fund Agreement dated December 9, 2004 (the "*Reserve Fund Agreement*"), by and among the Trustee, the Coffee County Hospital Authority (the "*Authority*") as issuer, Lehman Brothers Special Finance Inc. ("*LBSF*"), and Lehman Brothers Holdings, Inc. ("*LBHI*"), as guarantor.  At the direction of the Authority, who obtained the valuation upon which the Coffee County Claims are based, the Trustee filed the Coffee County Claims in the amount of $2,946,045.00 in the bankruptcy proceedings of both LBSF and LBHI.  The basis of the Coffee County Claims is LBSF's (i) failure to provide a Guaranteed Rate of Return on Debt Service Reserve Funds (as those terms are defined in the Reserve Fund Agreement) as required under the terms of the Reserve Fund Agreement and (ii) subsequent rejection of the Reserve Fund Agreement.   The Coffee County Claims were also filed as against LBHI on account of its role as guarantor of LBSF's obligations under the Reserve Fund Agreement.

Claim Number 67157 (the "*University Medical Center Claim*") arises under (i) Debt Service Deposit Agreement dated November 22, 1994 (the "*1994 Agreement*"), by and among Bank of America Arizona (as predecessor to U.S. Bank) as trustee, University Medical Center Corporation ("*UMCC*"), as issuer, and LBSF, and (ii) Debt Service Deposit Agreement dated

---

[1]    Capitalized terms not defined herein shall have the meaning ascribed to them in the Objection or the relevant agreements.

March 31, 2004 (the "*2004 Agreement*" and together with the 1994 Agreement, the "*Agreements*"), by and among U.S. Bank, as trustee, UMCC, and LBSF.  A copy of each of the Agreements is attached hereto as Group Exhibit A.  At the direction of UMCC, the Trustee filed the University Medical Center Claim in the amount of $1,442,137.17, in the LBSF bankruptcy proceedings.  The basis of the University Medical Center Claim is LBSF's (i) failure to provide Qualified Securities (as defined in the Agreements) under the terms of the Agreements and (ii) subsequent rejection of the Agreements.

In the 460th Objection, without providing any specific explanation or evidence of its calculations, the Plan Administrator proposes a reduced allowed claim of $861,136.58 in relation to the Coffee County Claims (the "*Reduced Coffee County Amount*") and a reduced allowed claim of $1,095,413.45 with respect to the University Medical Center Claim (the "*Reduced UMCC Claim Amount*" and together with the Reduced Coffee County Claim Amount, the "*Reduced Claim Amounts*").

Fed. R. Bankr. P. 3001(f) states that a "proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." To rebut the *prima facie* validity of a claim, an objector must produce "evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim." *In re Simmons*, 765 F.2d 547, 552 (5th Cir. 1985); *In re McLaughlin*, 320 B.R. 661, 665 (Bankr. N.D. Ohio 2005) ("To defeat the claim, the objector must come forward with sufficient evidence and 'show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves.'") (*quoting Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991)); *see also In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) ("In practice, the

objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.").

In this instance, the Plan Administrator has not provided any specific evidence refuting the Claims. Rather, the Objection only lists vague allegations that the "asserted claim amount is greater than the fair, accurate, and reasonable value of the claim as determined by the Plan Administrator after a review of the supporting documentation provided by the claimants and the Chapter 11 Estates' books and records." Objection at 5. This language appears to be boilerplate used in other objections filed by Debtors. *See, e.g.*, Three Hundred Ninety-Fourth Omnibus Objection to Claims (Valued Derivative Claims) [Docket No. Doc 34728]. Without providing specific evidence refuting the Claims' allegations, the Plan Administrator has failed to overcome its burden. Furthermore, the Plan Administrator has provided no information as to how it calculated the Reduced Claim Amounts -- rather it has only provided numbers with no apparent basis. Because the Plan Administrator has not overcome the presumed validity of the Claims, nor provided any information at all as to how the Reduced Claim Amounts were calculated, the Trustee objects to the 460th Objection and asserts the Claims should be allowed in the amounts set forth therein, plus all fees and expenses of the Trustee, including, but not limited to, the fees of U.S. Bank and its attorneys' fees (which were asserted in the Claims).

**THE TRUSTEE DID TIMELY PROVIDE A COPY OF LBHI'S GUARANTEE OF LBSF'S OBLIGATIONS UNDER THE 1994 AGREEMENT**

The Trustee filed Claim Number 67156 (the "*UMCC Guarantee Claim*") against LBHI based on LBHI's guarantee of LBSF's obligations under the 1994 Agreement. Pursuant to the 461st Objection, the Plan Administrator seeks to disallow the UMCC Guarantee Claim on the grounds that the Trustee failed to file a copy of the guarantee by LBHI with the claim or with the

Guarantee Questionnaire. The UMCC Guarantee Claim and the University Medical Center Claim, however, amended and superseded Claim Numbers 31021 and 31022, respectively, which the Trustee previously filed regarding the same obligations. Claim Number 30122 included a copy of LBHI's guarantee (the "*Guarantee*") of LBSF's obligations under the 1994 Agreement. A copy of the form of Guarantee is attached hereto as Exhibit B.

WHEREFORE the Trustee requests that the relief requested in the Plan Administrator's 460th Objection be denied with respect to Claim Numbers 67154, 67155 and 67157, and that these claims be allowed in the amount asserted in the respective proofs of claim. The Trustee further requests that the relief requested in the Plan Administrator's 461st Objection be denied with respect to Claim Number 67156 and that this claim be allowed in the amount asserted in the related proof of claim.

Dated: May 2, 2014

Respectfully submitted,

U.S. BANK NATIONAL ASSOCIATION, not individually but as Trustee

By: /s/ Craig M. Price

One of Its Attorneys

Franklin H. Top, III (admitted *pro hac vice*)
Jeremy D. Schreiber
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, IL 60603

Craig M. Price (CP 9039)
CHAPMAN AND CUTLER LLP
1270 Avenue of the Americas, 30th Floor
New York, New York 10020-1708