1

Re: Lehman Brothers Holdings Inc.
Debtor Name: Lehman Re LTD
Chapter 11 Case# 08-13555 (JMP)
Claim#10424, Docket #21213
for A. M. Best Company Inc.
Our Account#9767600
Our Invoice#2223440 dated 7/2/2008

**EXHIBIT 11:**
**LIQUIDATION NOTICE FOR LEHMAN RE**

# PRICEWATERHOUSECOOPERS

PricewaterhouseCoopers
Financial Services Limited
Dorchester House
7 Church Street
Hamilton HM 11
Bermuda
Telephone +1 (441) 295 2000
Facsimile +1 (441) 295 1242
www.pwc.com/bermuda

## Fax cover sheet

| | |
|---|---|
| To: | Nicolina del Rio |
| Company: | AM Best Co. |
| Fax number: | 908-439-3697 |
| From: | Sherry Skinner |
| Fax number: | +1 (441) 295 1242 |
| Date: | November 12, 2008 |
| Pages: | 6 (including this page) |

If this fax is illegible please contact

Notice: If the reader is not the specified recipient of this confidential fax transmission, you are hereby notified that any distribution or copying of this communication is strictly prohibited. If you are not the specified recipient please notify us immediately by telephone. Thank you.

Lehman Re Ltd

As requested, please see attached the Court Order dated September 23, 2008

Regards,

Sherry Skinner

PricewaterhouseCoopers Financial Services Limited is a member of the PricewaterhouseCoopers global network of Firms, each of which is a separate and independent legal entity.

IN THE SUPREME COURT OF BERMUDA
COMMERCIAL LIST
COMPANIES (WINDING UP)
2008 : No.

IN THE MATTER OF LEHMAN RE LTD.
AND IN THE MATTER OF THE COMPANIES ACT 1981
AND IN THE MATTER O THE INSURANCE ACT 1978

---

ORDER

---

**UPON THE PRESENTATION OF THE PETITION** of Lehman Re Ltd. (the "Company")

**THE APPLICATION** of the "Company" by ex parte summons

**AND UPON READING** the Petition filed herein and the First Affidavit of Douglas McBeth dated 21st September 2008 and the exhibit thereto

**IT IS HEREBY ORDERED** as follows:

1.  That Peter C B Mitchell and D Geoffrey Hunter of PricewaterhouseCoopers Advisory Limited, Bermuda, be and are hereby appointed as joint provisional liquidators ("JPLs") of the Company with the following powers:

    (a)   to continue the business of the Company and under the supervision of this Court in so far as is necessary to preserve value of the Company;

1

(b) to review, secure, take possession of and copy any books, papers, writings, financial records, documents and records relating to the accounts or audit of the Company's accounts that are located in the offices of its auditors or any other person both in this jurisdiction and in any other jurisdiction;

(c) to open and operate any bank accounts in the name of the JPLs or the Company as may be necessary;

(d) to conduct such investigations and obtain such information as is necessary to locate, protect, secure, take possession of, collect the assets and determine the liabilities of the Company, or to enable these proceedings to move forward in an expeditious manner, to do all such things as may be necessary or expedient for the protection of the Company's assets or property;

(e) to surrender any lease or tenancy of any of the property of the Company and to take a lease or tenancy of any property required or convenient for the business of the Company;

(f) to terminate, complete or perfect as advised any contracts or transactions relating to the business of the Company (including, but not limited to, employment contracts);

(g) to effect insurance in connection with the management and maintenance of the business, property and assets of the Company;

(h) to rank and claim in the bankruptcy, liquidation or insolvency of any person (including but not limited to any corporate entity) indebted to the Company and to receive dividends, distributions and to accede to trust deeds for the creditors of any such person;

(i) to carry out in particular the following where deemed appropriate:

    (i) the payment of payroll, payroll taxes, employment benefits and expenses;

2

(ii) the maintenance of the Company's existing bank accounts, existing cash management systems (including the funding out of the assets of the Company of the operation of the Company and its subsidiaries) and, so far as permissible under Bermuda law, the continued use of the Company's existing business forms;

(iii) the employment of professionals used in the ordinary course of business;

(iv) the transfer, novation or commutation of any contracts of insurance or reinsurance to which the Company is a party;

(iv) the sale or other disposition of any business operation, subsidiary, division or other significant asset of the Company; and

(v) the incurrence of indebtedness or borrowed money, whether pursuant to agreements with suppliers or pursuant to loan arrangements with financing institutions and/or to grant security in respect of same and/or to guarantee such indebtedness or borrowed money of affiliates;

(l) to retain and employ barristers, attorneys or solicitors and/or such other agents, brokers or other professional persons as the JPLs deem fit, in Bermuda, the United States and elsewhere as the JPLs deem appropriate for the purpose of advising and assisting in the execution of their powers;

(m) to render and pay invoices out of the assets of the Company for their own remuneration at their usual and customary rates (and this shall include all costs, charges and expenses of their attorneys, and all other agents, managers, accountants or other person that the JPLs may employ);

(n) if deemed necessary and/or appropriate, to seek the assistance of the Bankruptcy Court in the US under the provisions of Chapter 15 of the United States Bankruptcy Code or take such other action in the US or elsewhere as deemed necessary and appropriate to secure the assets of the

3

Company in that jurisdiction;

(o) to do all things incidental to the exercise of the foregoing powers.

2. In respect of any act which, under the Companies Act 1981, is required to be done by a liquidator or to be authorised by him, each of the JPLs may do such act or give such authorisation.

3. For the avoidance of doubt, no payment or disposition of the Company's property shall be made or effected without the direct or indirect approval of the JPLs, but no such payment or other disposition made or effected by or with the authority of the JPLs in carrying out their duties and functions and in the exercise of their powers under this Order shall be avoided by virtue of the provisions of section 166 of the Companies Act 1981.

4. In addition to the powers as are specifically set out herein the JPLs will have all of the powers set out in s. 175 of the Companies Act 1981.

5. The JPLs shall be at liberty to submit to the Registrar of the Supreme Court of Bermuda bills of costs for taxation for all costs, charges and expenses of those persons or firms employed by them and such taxation shall be on an attorney and own client basis with respect to attorneys and on an equivalent basis for all managers, accountants or other persons.

Dated this 23rd day of September 2008



Chief Justice

NOV.12.2008  10:03AM   PRICEWATERHOUSE CPER                     NO.170    P.6

5

IN THE SUPREME COURT OF BERMUDA
COMMERCIAL COURT
COMPANIES (WINDING UP)

2008 : No.

IN THE MATTER OF LEHMAN RE LTD.

AND IN THE MATTER OF THE COMPANIES
ACT, 1981

AND IN THE MATTER OF THE INSURANCE
ACT 1978

---

ORDER APPOINTING
PROVISIONAL LIQUIDATORS

---




CONYERS DILL & PEARMAN
Clarendon House, Church Street,
Hamilton, Bermuda
RJM/des/383534/73736