**BANQUE PICTET & CIE SA**

Route des Acacias 60
1211 Genève 73
Suisse
TÉL +41 (0)58 323 2323
FAX +41 (0)58 323 2324

www.pictet.com


PICTET
1805


RECEIVED MAY 1 2 2014 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

By registered mail
Lehman Brothers Holdings Claims Processing Center
c/o EPIQ BANKRUPTCY SOLUTIONS, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076
USA

Geneva, 05.05.2014
Our ref: 2197/DA

Re :   Lehman Brothers Holding Inc., et al., Debtors
      Chapter 11, Case No. 08.13555 (JMP) (Jointly Administered)
      **TRANSFER OF CLAIM**

Dear Sirs,

Acting as authorised representatives of Banque Pictet & Cie SA, we are pleased to request the transfer of a portion of the claim number 55724 filled in the name of BANCASAI SPA (Transferor) to Banque Pictet & Cie SA (Transferee).

In order to support our transfer request, please find enclosed herewith the following documents duly completed and signed by the Transferor and/or the Transferee:

- Form 210A duly signed by the Transferee;
- Evidence of Transfer of Claim duly signed by the Transferor;
- Schedule 1 to the Evidence of Transfer of Claim

We would be much appreciative if you could acknowledge receipt of the present request and confirm the transfer, either by email (daeschlimann@pictet.com), fax (+41583232050), telephone (+41583232197) or post mail to the attention of Mr. David Aeschlimann.

Should you need any further information, please do not hesitate to contact the above-named.

Yours sincerely,

BANQUE PICTET & CIE SA

Mélanie Pichonnaz        David Aeschlimann

### AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **BANCASAI SPA** ("Seller"), acting on behalf of one customer (the "Customer") hereby unconditionally and irrevocably sells, transfers and assigns to **BANQUE PICTET & CIE SA**. (the "Purchaser"), acting on behalf of one or more of its customers (together with its customers, the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to **Proof of Claim Number 55724** filed by or on behalf of Seller] (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller and its Customer relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's and its Customer' s right, title and interest in, to and under the transfer agreements, if any, under which Seller and its Customer or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller and its Customer owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) neither Seller nor its Customer has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 02 th day of April 2014.

BANCASAI SPA
By: _____
Name: Claudio Strocchi
Title: C.E.O.
Corso Galileo Galilei, 12
10126 Torino, Italy

Attn. Fabrizio Domenico Bellino
Phone 0039 011 6658586
Fax 0039 011 6533734
e-mail fabrizio.bellino@bancasai.it

<u>Schedule 1</u>

Transferred Claims

<u>Purchased Claim</u>

29,0323 % of XS0208459023 EUR = USD 65,526.28 of USD 225,701.62 (i.e. the outstanding amount of XS0208459023 as described in the Proof of Claim dated 19 October, 2009 and filed on 29 October, 2009),

<u>Lehman Programs Securities to which Transfer Relates</u>

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| LEHMAN BROTHERS TREAS.BV 7%/LINKED 30.12.2004/2016 EUR | XS0208459023 | LEHMAN BROTHERS TREASURY BV | Lehman Brothers Holdings Inc. | EUR 45,000.00 (equivalent to USD 64,093.50) | 12/30/2016 | EUR 46,005.95 (equivalent to USD 65,526.28) |

BANCASAI S.P.A.

Form 210A (10/06)

# United States Bankruptcy Court

## Southern District Of New York

In re <u>Lehman Brothers Holdings Inc., et al., Debtors,</u>　　　Case <u>No. 08-13555 (JMP)</u>

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence, attached hereto, and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

<u>Banque Pictet & Cie SA</u>　　　　　　　<u>BANCASAI SPA</u>
Name of Transferee　　　　　　　　　　　Name of Transferor

Name and Address where notices　　　　　Court Claim # (if known): <u>55724</u>
to transferee should be sent:　　　　　　Date Claim Filed: <u>October, 29 2009</u>
Banque Pictet & Cie SA　　　　　　　　　Amount of Claim: _____
Attn : David Aeschlimann　　　　　　　　Portion of Claim Transferred (see
Route des Acacias 60　　　　　　　　　　Schedule I): <u>EUR 45'000</u>
1211 Geneva 73

Phone: <u>+41.58.323.2197</u>　　　　　　　　Phone: _____
Last Four Digits of Acct #: <u>EOC 93010</u>　　Last Four Digits of Acct. #: _____

Name and Address where transferee
payments should be sent (if different
from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: **BANQUE PICTET & CIE SA**　　　　　Date: <u>May 5, 2014</u>
　　Transferee/Transferee's Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Mélanie PICHONNAZ　　　David AESCHLIMANN

