A Delaware Limited Liability Partnership
1540 Broadway
New York, NY 10036
Tel: (212) 692.1000
Patricia H. Heer, Esq.
   and
30 South 17th Street
Philadelphia, PA 19103-4196
Rudolph J. Di Massa, Jr., Esq.
Lawrence J. Kotler, Esq.

*Counsel for Pennsylvania Public School Employees'
Retirement System*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
In re:                                                        x    Chapter 11
                                                              x
**LEHMAN BROTHERS HOLDINGS INC.,**                            x
                                                              x    Case No. 08-13555
                                         Debtors.             x
------------------------------------------------------------- x

**RESPONSE OF PENNSYLVANIA PUBLIC SCHOOL EMPLOYEES' RETIREMENT
SYSTEM TO THE TRUSTEE'S TWO HUNDRED TWENTY-THIRD OMNIBUS
OBJECTION TO GENERAL CREDITOR CLAIMS [CLAIM 9001917]**

Pennsylvania Public School Employees' Retirement System ("PSERS"), by and through its undersigned counsel, hereby files this Response (the "Response") to the Trustee's Two Hundred Twenty-Third Omnibus Objection to General Creditor Claims (the "Objection") and, in support hereof, respectfully states as follows:

**BACKGROUND**

A.   **The PSERS' Claim Against LBI**

1.   On or about January 23, 2009, PSERS filed a claim (the "Claim") against Lehman Brothers Inc. ("LBI") in the total amount of $800,000 as a customer claim. The Claim was designated as claim number 900001917 on LBI's claim register.

DM3\2893538.3

2. The documents filed in support of the Claim consisted of a customer claim form, an attachment to the customer claim form, and an exhibit thereto, all of which set forth facts that give rise to the Claim. A copy of the Claim is attached hereto as Exhibit "A".

3. As set forth in the attachment, PSERS and Lehman Brothers Special Financing ("LBSF") entered into two foreign exchange transactions that involved exchanges between Japanese Yen and U.S. dollars. The first transaction was established on June 13, 2008 ("First Exchange Transaction"), pursuant to which PSERS was to pay 58,606,411 Japanese Yen to LBSF and, in return, would receive $545,000 from LBSF. The second transaction was established on July 24, 2008 ("Second Exchange Transaction," and together with the First Exchange Transaction, the "Foreign Exchange Transactions"), pursuant to which, PSERS was to pay 27,400,260 Japanese Yen to LBSF and, in return, would receive $255,000 from LBSF. The value date of the Foreign Exchange Transactions was September 16, 2008.

4. In further support of the Claim, PSERS attached copies of trade tickets showing the details of wire transfers from PSERS to LBI's account at Citibank, Tokyo on September 16, 2008, for the amounts and manner in which PSERS was required to pay (and did pay as evidenced by the tickets) as instructed for the Foreign Exchange Transactions.

5. The Claim further stated that although PSERS honored all of its obligations under the Foreign Exchange Transactions and sent all of the Japanese Yen to LBI to settle the Foreign Exchange Transactions on September 16, 2008, it did not receive the $800,000 from LBSF. Further, although PSERS attempted to recall the funds paid to LBI, the funds were not returned. The Claim further averred that since LBI accepted the funds from PSERS and PSERS did not receive the Foreign Exchange Transactions proceeds, LBI was required to return PSERS' funds.

B. **Trustee's Determination of the Claim and PSERS' Objection**

6. On September 16, 2009, the Trustee issued a determination denying the Claim.

7.  In response to the Trustee's denial, PSERS filed an Objection to the Trustee's determination [Docket No. 1955] (the "Determination Objection"). A copy of the Determination Objection is attached hereto as "Exhibit B."

8.  In the Determination Objection, PSERS again explained the genesis of the Claim against LBI and again attached the trade tickets as evidence that PSERS sent money by wire to LBI's account at Citibank, Tokyo. Additionally, PSERS included in the Determination Objection a copy of wire instructions ("Lehman Wire Instructions") requiring that payments to LBSF in Japanese Yen for foreign exchange transactions were to be made to LBI. In that regard, the Determination Objection explained that, counterparties were instructed to send the funds to LBI's Nostro Account at Citibank, Tokyo.

9.  In light of all of this, PSERS believes that the Claim sets forth the factual basis for the Claim against LBI.

10. PSERS also asserted a legal basis for the Claim against LBI. In the Determination Objection, PSERS asserted claims against LBI based on unjust enrichment and constructive trust with respect to the Claim.

11. On or about March 9, 2011, PSERS and the Trustee entered into a stipulation which recharacterized the Claim from a customer claim to a general unsecured claim. A copy of the stipulation is attached hereto as "Exhibit C".

C.  **Trustee's Current Objection to Claim**

12. On March 28, 2014, the Trustee filed the Objection to the Claim.

13. In the Objection, the Trustee objected to the Claim (s*ee* Exhibit C to the Objection) and requested that the Claim be disallowed and expunged.

14. The Objection asserts that based on the books and records of LBI, LBI did not hold the claimed wire funds. Objection ¶ 25; Exhibit C to Objection; Declaration of Timothy Hurley in Support of Objection ¶ 6, 8.

15. However, for the reasons set forth herein, the Objection cannot be sustained as a matter of law, as the Debtor's books and records, alone, cannot overcome the *prima facie* validity of the properly filed Claim.

## RESPONSE

16. PSERS filed the Claim in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

17. Accordingly, pursuant to Bankruptcy Rule 3001(f), the Claim constitutes *prima facie* evidence of the validity of the Claim against the Debtor's estate.

18. In order to refute such *prima facie* validity, the party opposing a claim must present evidence sufficient to negate at least one of the allegations essential to the claim. *In re Reilly,* 245 B.R. 768, 773 (2d Cir. BAP 2000); *accord In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *In re King*, 305 B.R. 152, 167 (Bankr. S.D.N.Y. 2004) (denying objection to claim where debtor failed to produce evidence supporting objection). An objection alone is insufficient to contest a proof of claim; the objection must contain "probative evidence to call a claim into question." *In re King Resources Co.*, 20 B.R. 191, 197 (D. Colo. 1982); *see also In re Lanza*, 51 B.R. 125, 127 (Bankr. D.N.J. 1985) (finding that "the onus is on the debtor to overcome the presumption of validity").

19. The probative facts required by an objection must be of equal force to that of the allegations in the proof of claim. *In re Jensen*, No. 09-14830, 2010 Bankr. LEXIS 229, *7-8 (Bankr. S.D.N.Y. Feb 3, 2010) (finding that debtor's lack of evidence could not overcome documentation submitted by creditor in support of claim's validity); *cf Litton Loan Servicing,*

*LP v. Garvida (In re Garvida)*, 347 B.R. 697, 706-07 (9th Cir. BAP 2006) (holding that claim's *prima facie* evidence of its validity was rebutted with counter-evidence provided by debtor indicating that it made payments on the claim and thus rebutting the claim's validity).

20. Only if the party opposing a claim produces sufficient evidence to negate one or more facts in a proof of claim does the burden of proof shift back to the claimant to produce additional evidence to prove the validity of the claim by a preponderance of the evidence. *See In re Frederes*, 98 B.R. 165, 167 (Bankr. W.D.N.Y. 1989) (burden only shifts back to claimant when objectant has produced facts sufficient to demonstrate that an actual dispute exists; a mere denial of the claim's validity or amount will not suffice); *see also California State Bd. of Equalization v. Official Unsecured Creditors' Comm. (In re Fidelity Holding Co., Ltd.)*, 837 F.2d 696, 698 (5th Cir. 1988) (citation omitted);

21. In *In re Residential Capital, LLC*, No. 12-12020, 2014 Bankr. LEXIS 1023 (Bankr. S.D.N.Y. Mar. 17, 2014), a creditor filed a claim against the debtor for breach of contract. The debtor objected to the claim and submitted a declaration in support of the objection. *Id*. at *6, 15. Neither the debtor's objection nor its subsequent reply, however, specifically discussed the claim or presented any evidence specifically addressing the claimant's contentions. *Id*. "[R]ather the objection included the claim in a category of claims for which the debtors determined that they bear no liability based on a review of their books and records, including payment histories and internal servicing notes." *Id*. at *6. Consequently, the court held that the debtor did not adequately rebut the claim and thus overruled the objection. *Id*. at *19.

22. Similarly, in *In re Enron Creditors' Recovery Corporation*, No. 01-16034, 2007 Bankr. LEXIS 2969, *10 (Bankr. S.D.N.Y. Aug 28, 2007) a creditor attached documents evidencing goods and services the creditor provided to the debtor. The debtor filed an objection

to the claim, attempting to rebut the *prima facie* validity of the claim, by stating that the debtor's books and records did not reveal a debt due and owing to the creditor. *Id*. at *10.

23. In denying the objection, the *Enron* court found that such a basis for an objection did not constitute "substantial evidence" that the debtor was required to submit to rebut the *prima facie* presumption of the validity of the proof of claim. *Id*. at 11; *cf In re Cinecom Corp.*, 73 B 40, 1980 Bankr. LEXIS 4856, *10 (Bankr. S.D.N.Y. July 8, 1980) (disallowing a claim where creditor did not provide any evidence as to how debt was incurred and debtor claimed that the creditor's figures were from statements that were not presented to the court).

24. In the instant case, the Trustee has made mere conclusory statements in the Objection alleging that the Debtor's books and records do not reflect any sums due and owing the Claimant. Objection ¶ 25, Declaration ¶¶ 6, 8; Exhibit C to Objection.

25. The Trustee's Objection must fail because its unsubstantiated allegation that the Debtor's books and records do not reflect that the Debtor did not hold funds giving rise to the Claim, standing alone, is insufficient to overcome *prima facie* validity of a properly filed proof of claim. *See In re Communications, Inc.*, 234 B.R. 143, 144 (Bankr. M.D. Fla. 1999) (holding that "[a] debtor's book and record entries, presented alone, cannot be binding on a creditor.").

26. By way of the documents submitted in support of the Claim, as well as the Determination Objection, PSERS submitted factual and legal grounds for the Claim against LBI.

27. Specifically, PSERS was required to wire funds for the Foreign Exchange Transactions to an account in LBI's name at Citibank, Tokyo. PSERS did, in fact, wire the $800,000 to LBI on September 16, 2008 (and provided proof of instructions and sent wires). The Foreign Exchange Transactions did not settle, however, given LBI's and LBSF's then financial circumstances and bankruptcy filings – LBSF's bankruptcy proceedings were commenced on September 15, 2008, and LBI's proceedings under SIPA were commenced on

September 19, 2008. As such, PSERS did not receive the funds it was promised to receive under the Foreign Exchange Transactions. Nevertheless, LBI did not return the funds it received from PSERS back to PSERS.

28. The mere fact that the Debtor's books and records purportedly do not show funds held for PSERS, as asserted in the Objection, is insufficient to disallow and expunge the Claim in light of the fact that the Trustee has failed to provide any information to PSERS as to what procedure was used to review the books and records, including when the review was undertaken, and which specific books and records were reviewed.

29. Moreover, the Trustee, in the Objection, does not assert that he reviewed LBI's account at Citibank, Tokyo, the account into which PSERS provided proof of depositing funds pursuant to wire instructions received from Lehman. There is no information by way of account statements or other documents from on or about the value date of the Foreign Exchange Transactions, and/ or the date of LBI's petition, indicating that the wired funds from PSERS were not in the relevant account or where the wired funds travelled. Moreover, the Trustee does not allege any legal basis in support of his position.

30. Consequently, the Trustee has not met its burden to overcome the Claim's validity.

31. As such, the burden does not shift back to PSERS and it is thus not required to submit any evidence, in addition to the more than sufficient evidence already submitted with the Claim and the Determination Objection, to prove the Claim.

32. Although PSERS posits that the Trustee has not come forward with enough evidence to overcome the presumption as to the Claim's validity, in the alternative, to the extent that the Court determines that the Trustee has provided sufficient evidence, PSERS asserts that it

must be entitled to discovery to determine the basis for the Trustee's conclusions in the Objection to be able to address them adequately.

33. PSERS hereby expressly reserves and preserves its right to supplement this response to the extent necessary, and to respond to any other objection by the Trustee related to the Claim.

WHEREFORE, PSERS respectfully requests that: (i) the Objection be denied as a matter of law; (ii) the Claim be allowed in the amount of $800,000; and (iii) the Court grant such other and further relief as is deemed just and proper.

Dated: May 22, 2014

*/s/ Patricia Piskorski Heer*

Patricia H. Piskorski Heer
Duane Morris LLP
1540 Broadway
New York, NY 10036-4086
(212) 692-1000 (telephone)
(212) 692-1020 (facsimile)

and

Lawrence J. Kotler, Esquire
Rudolph DiMassa, Esquire
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1514
(215) 979-1546
(215) 979-1020 (facsimile)
ljkolter@duanemorris.com
rdimassa@duanemorris.com

*Counsel to PSERS*

-8-

DM3\2893538.3

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 22nd day of May 2014, I served or caused to be served a true and correct copy of the foregoing Response to the Trustee's Two Hundred Twenty-Third Omnibus Objection to General Creditor Claims via Federal Express upon the following parties:

*/s/ Patricia H. Heer Piskorski*

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
Attn: Meaghan C. Gragg, Esq.

SIPC
805 Fifteenth Street, N.W. Suite 800
Washington, DC 20005
Attn: Kenneth J. Caputo, Esq.

Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn:  Maurice Horwitz, Esq
        Lori R. Fife, Esq.

Hon. Shelley C. Chapman
US Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

DM3\2893538.3