# EXHIBIT 16

## Andersen, Barbara L

**From:** Shenker, Joseph
**Sent:** Wednesday, December 01, 2010 12:42 PM
**To:** Andersen, Barbara L
**Subject:** FW: LBHI / Canary Wharf--Settlement Negotiations--Subject to FRE 408.

---

**From:** Jennifer.DeMarco@CliffordChance.com [mailto:Jennifer.DeMarco@CliffordChance.com]
**Sent:** Wednesday, December 01, 2010 12:41 PM
**To:** George.Iacobescu@CanaryWharf.com; levcapital@aol.com; Tony.Briam@CliffordChance.com; Pam.Sansom@CliffordChance.com; peter@canary.co.uk; christopher.henderson@canarywharf.com; pamela.kendall@canarywharf.com; Shenker, Joseph; Dietderich, Andrew G.; Nicholas.Frome@CliffordChance.com; Benjamin.Hatton@CliffordChance.com; Sarah.Dawson@CliffordChance.com; Andrew.Brozman@CliffordChance.com
**Subject:** FW: LBHI / Canary Wharf--Settlement Negotiations--Subject to FRE 408.

FYI

---

**From:** DeMarco, Jennifer C. (Finance & Restructuring-NY)
**Sent:** Wednesday, December 01, 2010 12:40 PM
**To:** 'Krasnow, Richard'
**Cc:** Del Nido, Erika; Kailis, Christy; Jones, Rupert; Briam, Tony (Real Estate-LON)
**Subject:** RE: LBHI / Canary Wharf--Settlement Negotiations--Subject to FRE 408.

Richard,

Many thanks for the speedy reply. I had forwarded this to my UK colleagues and understand your UK colleagues have reached out to them as well so I would anticipate they will be in touch on the information request.

Kind regards,

Jennifer

---

**From:** Krasnow, Richard [mailto:richard.krasnow@weil.com]
**Sent:** Tuesday, November 30, 2010 7:25 PM
**To:** DeMarco, Jennifer C. (Finance & Restructuring-NY)
**Cc:** Del Nido, Erika; Kailis, Christy; Jones, Rupert
**Subject:** RE: LBHI / Canary Wharf--Settlement Negotiations--Subject to FRE 408.

Jennifer,

Thank you for your response. I think that you will agree that, even in the context of LBHI's chapter 11 case, claims aggregating almost $ 400 million are significant and material. Consistent with its fiduciary duties, LBHI can't proceed to agree to a settlement that provides for the allowance of claims of that magnitude without having completed sufficient due diligence that allows it to represent to the court and its stakeholders that the settlement is reasonable and appropriate and in the best interests of its estate. In light of recent events, we aren't there yet.

As to your first point, while we have no reason to doubt the truthfulness of any representations that your client might make, given your acknowledgement that there are negotiations with JPMC, simply relying on such representations,

1



CONFIDENTIAL

CW0010419

without more, will not satisfy LBHI's obligations to the court and its stakeholders. We will need tangible evidence that, even with a lease with JPMC, Canary Wharf will still have a claim of not less than the proposed settlement amount. That can be done one of two ways. The non-preferred route would be to put this matter on hold until after the lease is finalized and reviewed by us , or you share with us and committee counsel, on a confidential basis, where matters stand with JPMC, which would include, among other things, sharing drafts of agreements or other documents as well as the anticipated time line to get from the current status to an executed lease, so that LBHI and committee counsel can evaluate the impact of a lease on the claims. We assume that your client would prefer the latter approach.

Regarding your second point, we didn't intend to contractually restrict any actions that your client might take to mitigate its losses. Rather, we were seeking to address actions that your client might take that could impact on the amount of any claim that it could have against LBHI under the asserted guaranty. The issue of the impact, if any, of any arrangement that your client might reach with the administrators arose, in part, as a result of certain disclosures, appropriate disclosures, that your client recently made regarding the same.

We are fully aware of the covenants contained in Schedule 4 of the Lease. How, if at all, they are impacted by whatever agreement is reached between your client and the LBL administrators can only be evaluated in the context of that specific agreement. As with the potential lease with JPMC, we can either hold this matter in abeyance pending your client's finalizing its agreement with the administrators, or it can begin to share drafts of documents with us now so that we are better and more quickly informed.

In sum, LBHI remains willing to finalize a settlement with your client that results in an allowance of it claims, an allowance that is consistent with the amounts reflected in the latest draft of the proposed settlement, so long as such an allowance is reasonable and appropriate in light of fairly recent events, events that LBHI simply can't ignore. Hopefully, your client will agree to comply with our requests so that we can move this process along. In that regard, we want to let you know that, since all of the significant events are occurring in the UK, we have asked our Weil London colleagues to reach out to Tony Briam to obtain the additional information and documents that we require.

Regards,

Richard



**Richard P. Krasnow**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
richard.krasnow@weil.com
+1 212 310 8493 Direct
+1 212 310 8007 Fax

---

**From:** Jennifer.DeMarco@CliffordChance.com [mailto:Jennifer.DeMarco@CliffordChance.com]
**Sent:** Tuesday, November 30, 2010 2:20 PM
**To:** Krasnow, Richard
**Cc:** Del Nido, Erika
**Subject:** LBHI / Canary Wharf


Richard,

CONFIDENTIAL                                                                                                            CW0010420

I wanted to respond to you regarding the revised draft stipulation that you forwarded as well as your request for details on the FT speculation about a possible JPM deal. Given the confidential nature of the situation (notwithstanding the FT article), the client is not comfortable providing specific details of any potential transaction but will confirm that the actual losses they are suffering, even after giving effect to a transaction, will exceed the agreed guarantee claim. This was what was contemplated by the representation that is embodied in paragraph 3 of the stipulation, which remains true, and the client is fine with the proposed changes to the paragraph.

As to paragraph 2, the client is not comfortable with the paragraph as it stands given that it seeks to restrict the client's ability to mitigate its losses by dealing with the claims in the UK in order to facilitate obtaining possession of the premises including by way of forfeiture or some other process in the UK. The client has been negotiating the settlement of its claim against LBHI for some six months and it was only in the last few weeks with the advent of the stipulation that the requested restriction on the clients ability to deal with its claim in the UK was raised. LBHI's obligations as a surety are independent of and not subject to the client's proceeding against the tenant with respect to the lease claim (See covenants of the surety in Schedule 4 to the Lease). The client cannot agree in connection with the settlement of the claim against LBHI to restrict its ability to treat with or settle its separate claim against the tenant (which given the absence of LBL assets would have limited distributive value) as may be needed for the expedited return of the premises and mitigation of its losses. The situation might be different if LBHI were willing to step in and assume the lease in accordance with its terms, but we assume that LBHI has no interest in doing so, and therefore the client must proceed, in accordance with its fiduciary duties to its shareholders, to proceed with the mitigation of its losses in the face of the LBL and LBHI defaults. It is understandable that you would be concerned that any mitigation of the losses would not run afoul of the paragraph 3 representation, but given the value of the building today compared to when it was subject to the non-defaulted LBL lease this would not appear to be an issue.

Given the level of losses, the client believes that any restriction on its ability to settle with the tenant to obtain possession of the premises would not be acceptable at this time. Subject to being free of those restrictions, the client remains willing to proceed with the settlement with LBHI with respect to the guarantee claim.

I understand that you were continuing to consider the issues but please let us know where you have ended up and whether your client is prepared to proceed with this approach as quickly as possible so that we can achieve closure.

I am available if you would like to discuss.

Many thanks and kind regards,

Jennifer

Jennifer C. DeMarco

CLIFFORD CHANCE US LLP

31 West 52nd Street

New York, New York 10019

Direct Dial: 212.878.8125

Facsimile: 212.878.8375

CONFIDENTIAL                                                                                     CW0010421

Jennifer.demarco@cliffordchance.com

\*\*\*\*\*\*\*

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure.
If you are not the intended recipient, please telephone or email the sender and delete this message and any
attachment from your system.  If you are not the intended recipient you must not copy this message or attachment
or disclose the contents to any other person.

Clifford Chance as a global firm regularly shares client and/or matter-related data among its different
offices and support entities in strict compliance with internal control policies and statutory requirements.
Incoming and outgoing email communications may be monitored by Clifford Chance, as permitted by applicable
law and regulations.

For further information about Clifford Chance please see our website at http://www.cliffordchance.com or refer
to any Clifford Chance office.

Switchboard: +1 212 878 8000
Fax: +1 212 878 8375

To contact any other office
http://www.cliffordchance.com/about_us/find_people_and_offices.html

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (postmaster@weil.com), and destroy the original message. Thank you.

[CC]Office2[/CC]

CONFIDENTIAL                                                                                          CW0010422