**EXHIBIT 54**

# Aldridge Leasehold Law

TREVOR M ALDRIDGE QC (Hon), MA (Cantab), Solicitor

TREVOR ALDRIDGE

*It is with great sadness that I must inform subscribers of the death of Trevor Aldridge. Trevor passed away peacefully on September 14, 2010, aged 76. Trevor was admitted to the solicitors' roll in 1960, becoming a partner at former City firm Bower Cotton & Bower from 1962 until 1984, when he became law commissioner. He was made an honorary QC in 1992 and was president of the Special Educational Needs Tribunal from 1994 to 2003. I first met Trevor when I became a member of the Law Society's Conveyancing and Land Law Committee of which he was an active member for over 30 years until his retirement in July this year. It was a privilege to have worked with Trevor on the Committee and I was honoured when last year he proposed that I take over responsibility for Practical Conveyancing Precedents. To quote the words of his family Trevor was simply: "A brilliant man of great integrity".*

*Russell Hewitson, General Editor of Practical Conveyancing Precedents.*

PAUL BUTT LL.B., Solicitor, Consultant, Rowlinsons Solicitors, Cheshire

SWEET & MAXWELL                    THOMSON REUTERS

Published in 2014 by Sweet & Maxwell, 100 Avenue Road, London NW3 3PF
part of Thomson Reuters (Professional) UK Limited
(Registered in England & Wales, Company No 1679046.
Registered Office and address for service:
Aldgate House, 33 Aldgate High Street, London EC3N 1DL)
Typeset by Sweet & Maxwell, London
Printed and bound in Great Britain by Hobbs the Printers, Totton, Hampshire
for further information on our products and services, visit:
*www.sweetandmaxwell.co.uk*
A CIP catalogue record for this book is available from the British Library

ISBN 3 Vols: 0 85120 471 6

Vol 1: 0 85120 494 5
Vol 2: 0 85120 495 3
Vol 3: 0 85120 496 1

*All rights reserved. U.K. statutory material in this publication is acknowledged as Crown Copyright. Thomson Reuters and the Thomson Reuters Logo are trademarks of Thomson Reuters. Sweet & Maxwell® is a registered trademark of Thomson Reuters (Professional) UK Limited. No part of this publication may be reproduced or transmitted, in any form or by any means, or stored in any retrieval system of any nature, without the prior written permission, except for permitted fair dealing under the Copyright, Designs and Patents Act 1988, or in accordance with the terms of a licence issued by the Copyright Licensing Agency in respect of photocopying and/or reprographic reproduction. Application for permission for other use of copyright material including permission to reproduce extracts in other published works shall be made to the publishers. Full acknowledgment of author, publisher and source must be given. The purchaser may reproduce any of the precedent forms or clauses contained herein for the purpose of preparing a document for transactions to which the purchaser is a party or on which the purchaser is advising. However any precedent form or clause contained within this publication which is reproduced by the purchaser for these permitted purposes may not be stored by the purchaser, but must be reproduced on each occasion that the purchaser wishes to use the precedent or clause. No liability shall attach to the author or the publishers in respect of any contents of this publication reproduced in this way.*
No natural forests were destroyed to make this product, only naturally farmed timber was used and re-planted

© Trevor M Aldridge 2014

--.1.1 Occupation in this clause means occupation for the purposes of a business carried on by the Tenant, or for those and other purposes, within the meaning of section 32(1) of the Landlord and Tenant Act 1954

### Compensation

P.094 A term in a lease excluding the tenant's right to compensation should he be precluded from obtaining a new lease, on grounds not involving his fault nor offering him alternative accommodation (Landlord and Tenant Act 1954, s.37) is valid unless the tenant's business has been carried on there for at least five years up to the date he quits (s.38(2)). Even in long leases, landlords may seek to exclude the right to compensation to cover cases of the premature termination of the lease, or a change of business.

*Clause*
--.1 THE Tenant shall not be entitled to any compensation under section 37 of the Landlord and Tenant Act 1954 when this lease comes to an end

## 14  Guarantee of Performance

### 1  Guarantor

**Covenant to guarantee**

P.095 If a guarantor is party to a lease to guarantee the covenants given by the tenant, his liability must be defined. The landlord will want to ensure that the guarantor is not released by any failure immediately to enforce the tenant's covenants.

*Clause*
--.1 THE Guarantor covenants with the Landlord that the Tenant will until release from liability[1] [including [*or* but not] during any statutory extension of this lease][2]
  --.1.1 pay the rent as required by this lease and
  --.1.2 observe and perform the lease covenants
--.2 If the Tenant fails to comply with those obligations, the Guarantor will indemnify the Landlord against all consequent losses, costs and expenses
--.3 The Guarantor's obligations under this clause are not released by the Landlord not requiring the Tenant strictly and promptly to comply with the lease covenants

( )

---

1 The tenant will normally be released on an assignment (Landlord and Tenant (Covenants) Act 1995, s.5(2)).
2 On letting business premises to which Pt II of the Landlord and Tenant Act 1954 does or may apply, and assuming the original tenant remains tenant, it should be made clear expressly whether the guarantor's liability extends to any period by which the Act may extend the contractual term. Otherwise, this will be a matter of interpretation: *Junction Estates Ltd v Cope* (1974) 27 P.&C.R. 482.

### Variation of terms

If the terms of the lease are varied by the landlord granting his licence to the tenant, the guarantor's liability may be considerably extended. If, e.g. licence is granted for the erection of new buildings, the repairing and insuring liabilities may become much greater. Licences to change the user may have a similar effect. A guarantor would therefore be well advised to prevent any such changes being made without his concurrence. Such a provision would be unusual.  **P.096**

#### Clause

--.1  THE Guarantor is released from further liability under this lease if the Landlord grants a licence to the Tenant varying the term of this lease or allowing any action forbidden by this lease

--.2  This clause does not apply to the grant of—

   --.2.1  a licence to assign or sub-let the property

   --.2.2  a licence or permission to which the Guarantor consents in advance

### Taking over lease

The guarantor's liability may come to an end at just the moment when the landlord wants the additional security of his covenant, on forfeiture of the lease for breach of covenant, or disclaimer on the tenant's insolvency. If the principal covenant comes to an end in this way, the guarantee cannot continue, but the guarantor can be put under a liability to accept the primary responsibility. If, after a disclaimer, the tenant validly calls upon the guarantor to accept a new lease, the terms of that new lease bind the guarantor even if it is not actually executed (*a Company No. 00792 of 1992, Re; ex p. Tredegar Enterprises Ltd* [1992] 2 E.G.L.R. 39).  **P.097**

#### Clause

--.1  THE Guarantor shall, if the Landlord so requires, accept a lease of the property or accept that this lease be vested in him,[1] if—

   --.1.1  the lease term ends prematurely for any reason or

   --.1.2  the lease is disclaimed in circumstances releasing the Tenant's estate from liability[2]

--.2  Any new lease—

   --.2.1  will run from the date this lease ends[3] or is disclaimed and

   --.2.2  be on the terms of this lease

## 2   Deposit

### Payment and repayment

If the tenant is to pay a deposit to guarantee compliance with the lease terms, three provisions are required. First, there must be an obligation to pay the  **P.097A**

---

1 Disclaimer will put an end to the lease if it is still vested in the original tenant, but not if it has been assigned: *Warnford Investments Ltd v Duckworth* [1979] Ch. 127.

2 This phrase should cover not only disclaimer on bankruptcy or liquidation, but also disclaimer by the Crown in whom a lease becomes vested as bona vacantia if a company is struck off: Companies Act 1985, s.656; *Yarmarine, Re* [1992] B.C.C. 28.

3 In the absence of agreement about the commencement of the new term, there may be a period during which the surety is not liable for rent: *Murphy v Sawyer-Hoare* [1993] 2 E.G.L.R. 61.