# EXHIBIT 62

# The Encyclopaedia of FORMS AND PRECEDENTS

Fifth Edition
2009 Reissue

The Rt. Hon. Lord Millett, P.C.
A Lord of Appeal in Ordinary
Editor-in-Chief

Volume 22(2)A

Landlord and Tenant (Business Tenancies)
    Whole Leases


LexisNexis

[5.10.4 *Waiver of subrogation*[178]

The Landlord must produce to the Tenant on demand written confirmation from the insurers that they have agreed to waive all rights of subrogation against the Tenant.]]

178  Generally an insurer who has paid out under a policy stands in the shoes of the insured with regard to any claim the latter may have had against any third party. If the insurance is in joint names, the tenant is an insured party and there can be no subrogation against him. It would seem, also, that where the tenant covenants to reimburse the landlord for sums expended by the landlord in insuring the premises, the landlord's insurers cannot make a subrogated claim against the tenant where the premises are destroyed by the tenant's negligence: see *Mark Rowlands Ltd v Berni Inns Ltd* [1986] QB 211, [1985] 3 All ER 473, CA. The tenant may still, however, wish to obtain a specific waiver of subrogation if possible.

[1633]

## 6  GUARANTEE PROVISIONS

### 6.1  The Guarantor's covenants[179]

#### 6.1.1  *Nature and duration*

The Guarantor's covenants with the Landlord are given as sole or principal debtor or covenantor with the landlord for the time being and with all his successors in title[180] without the need for any express assignment and the Guarantor's obligations to the Landlord will last throughout the Liability Period.

179  The covenants in this clause should *not* be omitted where no guarantor is a party to the lease, because they may be required under clause 3.9.5.2 [1604] CONDITIONS ante. If it is felt undesirable to have covenants in a lease and no party, at least initially, to enter into them, ie where there is no guarantor for the original tenant, the contents of this clause could alternatively be included in a schedule.
180  The new provisions governing the transmission of the benefit and burden of covenants (see the Landlord and Tenant (Covenants) Act 1995 s 3) only apply to landlord and tenant covenants. The law in force before 1 January 1996 remains unchanged for guarantor covenants, so that the benefit passes with the landlord's reversion. This occurs, not under the Law of Property Act 1925 s 141(1), which has been repealed for post-1995 tenancies by the 1995 Act, but under common law: see vol 22(1) (2009 Reissue) LANDLORD AND TENANT (BUSINESS TENANCIES) Paragraph 87 [281].

[1634]

#### 6.1.2  *The covenants*

The Guarantor covenants with the Landlord to observe and perform the requirements of this clause 6.1.2.

##### 6.1.2.1  Payment of rent and performance of the Lease

The Tenant must pay the Lease Rents[181] and VAT charged on them punctually and observe and perform the covenants and other terms of this Lease, and if, at any time during the Liability Period while the Tenant is bound by the tenant covenants of this Lease[182], the Tenant defaults in paying the Lease Rents or in observing or performing any of the covenants or other terms of this Lease, then the Guarantor must pay the Lease Rents and observe or perform the covenants or terms in respect of which the Tenant is in default and make good to the Landlord on demand, and indemnify the Landlord against, all losses resulting from such non-payment, non-performance or non-observance notwithstanding:

(a)  any time or indulgence granted by the Landlord to the Tenant, any neglect or forbearance of the Landlord in enforcing the payment of the Lease Rents or the observance or performance of the covenants or other terms of this Lease or any

   refusal by the Landlord to accept rent tendered by or on behalf of the Tenant at a time when the Landlord is entitled—or will after the service of a notice under the Law of Property Act 1925 Section 146 be entitled—to re-enter the Premises[183];

(b)  that the terms of this Lease may have been varied by agreement between the Landlord and the Tenant[, provided that no variation is to bind the Guarantor to the extent that it is materially prejudicial to him][184];

(c)  that the Tenant has surrendered part of the Premises—in which event the liability of the Guarantor under this Lease is to continue in respect of the part of the Premises not surrendered after making any necessary apportionments under the Law of Property Act 1925 Section 140[185]; and

(d)  anything else (other than a release by deed) by which, but for this clause 6.1.2.1, the Guarantor would be released.

[1635]

181  As to the definition of 'the Lease Rents' see clause 1.36 [1568] 'THE RENT' ante.
182  This obligation lasts while the lease is vested in the tenant and for any period of extended liability following an excluded assignment. It is not appropriate once the tenant has entered into an authorised guarantee agreement, when the contractual guarantor's obligations are at one remove. As to the guaranteeing of obligations under an authorised guarantee agreement see vol 22(1) (2009 Reissue) LANDLORD AND TENANT (BUSINESS TENANCIES) Paragraph 89 [285] and clause 6.1.2.4 [1637] GUARANTEE OF THE TENANT'S LIABILITIES UNDER AN AUTHORISED GUARANTEE AGREEMENT post.
183  If a creditor 'gives time' to the debtor in a binding manner, this releases the guarantor: see *Swire v Redman* (1876) 1 QBD 536; *Holme v Brunskill* (1877) 3 QBD 495, CA. The guarantee should, therefore, be expressed to apply notwithstanding any time or indulgence granted by the landlord to the tenant or neglect or forbearance on the part of the landlord in enforcing the payment of rent and the other covenants in the lease. It has been suggested, however, that such wording does not protect a landlord who refuses to accept rent so as not to waive a breach of covenant by the tenant. This is unresolved but to avoid any doubt the point should be expressly dealt with. It appears that any provision in a guarantor's covenant that purports to exonerate the landlord from the consequences of his own negligence must satisfy the reasonableness test of the Unfair Contract Terms Act 1977.
184  Any variation of the terms of the contract between the creditor and the debtor will discharge the guarantor (see *Holme v Brunskill* (1877) 3 QBD 495, CA), unless the guarantor consents, although it has been suggested that an immaterial variation that was not prejudicial to the guarantor might not release him. No guarantor should accept a provision by which the guarantee is to continue notwithstanding any variation, but on the other hand it seems unfair on the landlord for the guarantor to escape his liability merely because a minor change has been agreed between the landlord and the tenant. A provision that the guarantee is to continue to apply notwithstanding an immaterial variation not prejudicial to the guarantor seems a fair compromise. It should be noted that the Landlord and Tenant (Covenants) Act 1995 s 18 does not apply to the guarantor of the current tenant.
185  In the light of *Holme v Brunskill* (1877) 3 QBD 495, CA, the position on surrender of part of the premises should be dealt with expressly.

[1636]

##### 6.1.2.2  New lease following disclaimer[186]

If, at any time during the Liability Period while the Tenant is bound by the tenant covenants of this Lease[187], any trustee in bankruptcy or liquidator of the Tenant disclaims this Lease, the Guarantor must, if so required by notice served by the Landlord within *(state period, eg 60 days)* of the Landlord's becoming aware of the disclaimer, take from the Landlord forthwith a lease of the Premises for the residue of the [Contractual] Term[188] as at the date of the disclaimer, at the Rent then payable under this Lease and subject to the same covenants and terms as in this Lease—except that the Guarantor need