# EXHIBIT 85

# WOODFALL

---

# LANDLORD AND TENANT



Sweet & Maxwell

[Left page — partial text from binding gutter:]

...ais does not extend to a tenancy for a
... or not.¹ So a term of years cannot be
...or the payment of rent to a third party.³
...lly by denial of title.⁴

...record extends to all tenancies.⁵ In one
...nial of title to work a forfeiture where
...n to a third party with a hostile claim
...rty in his claim⁶; but that case turned
...ustained on that ground.⁷

...lord is entitled to treat the lease as at
...a periodic tenancy he need not serve
..., there can be no necessity for notice
...However, section 146 of the Law of
...l of title and accordingly the relevant
...ffected on this ground.¹⁰

...he day on which the landlord claims
...ords used by the tenant may lead to
...lier than the time of the statement
...tion with the landlord "had ceased
...l of title some months before the
...roceedings that an attornment to a
...which possession was claimed is

...vaived in the same manner as the

---

*Pasquali* (1793) Peake 259.
21.
...nman; *Warner v Sampson* [1959] 1 Q.B.
...*e v Spencer* (1587) 3 Leon. 169.

...*n v Clarke* (1809) Peake Add.Cas. 239;
...*Revett* (1852) 18 L.T.O.S. 224.

...h. 297; *Abidogun v Frolan Health Care*

...*oe d. Bennett v Long* (1841) 9 C. & P.

---

[Right page:]

### Relief against forfeiture

**17.312** Relief against forfeiture for denial of title may be granted under section 146 of the Law of Property Act 1925.¹

### SECTION 16   RESCISSION AND REPUDIATION

#### Rescission

**17.313** Rescission of a lease for fraud, misrepresentation or mistake is considered in paras 5.174 and following, above.

#### Repudiation

**17.314** In England it has been held that a lease is not capable of determination by repudiation and acceptance.² Part of the reasoning which led the court to this conclusion was that a lease is not capable of determination by frustration, and that consequently contractual remedies available in other cases do not apply. But it is now clear that, in principle, a lease is capable of being frustrated.³ Thus the foundation of the reasoning has been eroded.

Further, in other Commonwealth jurisdictions, it has been held that a lease may be terminated by repudiation and acceptance. This is the law in Canada,⁴ and Australia.⁵ It is considered that there is no reason in principle why the law should be any different in England.⁶

In any event, it may be that the law of England has always been that a lease is capable of determination by repudiation and acceptance.⁷ And it has been so held in at least two recent cases, the latter in the Court of Appeal.⁸

Not every breach by a party to a lease will amount to a repudiation. A massive failure to pay rent together with a stated inability to pay amounted to repudiatory

---

¹ *WG Clarke (Properties) Ltd v Dupre Properties Ltd* [1992] Ch. 297, not following *Warner v Sampson*; *British Telecommunications plc v Department of the Environment*, Chancery Division, 29 October 1996, unreported and *Abidogun & Frolan Health Care* [2002] L. & T.R. 275.
² *Total Oil Great Britain v Thompson Garages (Biggin Hill)* [1972] 1 Q.B. 318, CA.
³ *National Carriers v Panalpina (Northern)* [1981] A.C. 675. And see paras 17.280 and following, above.
⁴ *Highway Properties v Kelly Douglas & Co* (1968) 1 D.L.R. (3d) 626.
⁵ *Progressive Mailing House Pty v Tabali Pty* (1985) 157 C.L.R. 17; *Wood Factory Pty v Kiritos Pty* [1985] 2 N.S.W.L.R. 105. See also *Ripka Pty v Maggiore Bakeries Pty* [1984] VR. 629; *Shevill v Builders Licensing Board* (1982) 149 C.L.R. 620; *Gumland Property Holdings Pty Ltd v Duffy Bros Fruit Market (Campbelltown) Pty Ltd* (2008) 244 A.L.R. 1. For the position in Scotland see Gloag's *Law of Contract* (2nd edn.) at pp.605 to 606 and the cases there cited.
⁶ The Commonwealth decisions are supported by the preparedness of the English Courts in recent years to apply the ordinary principles of contract to the law of landlord and tenant. See, for instance, *CH Bailey v Memorial Enterprises* [1974] 1 W.L.R. 728 at 732C (rent), *British Anzani (Felixstowe) Ltd v International Marine Management (UK) Ltd* [1980] Q.B. 137 (set off), *National Carriers v Panalpina* [1981] A.C. 675 (frustration), *Land v Sykes* [1992] 1 E.G.L.R. 1 (objective test for creation of new tenancy by payment of rent) and *Billson v Residential Apartments Ltd (No.1)* [1992] 1 A.C. 494, per Lord Browne-Wilkinson.
⁷ Consider *Edwards v Etherington* (1825) Ry. & M. 268; *Collins v Barrow* (1831) M. & Rob. 112; *Izon v Gorton* (1839) 5 Bing. N.C. 501; *Arden v Pullen* (1842) 10 M. & W. 321; *Smith v Marrable* (1843) 11 M. & W. 5; *Wilson v Finch Hatton* (1877) 2 Ex. D. 336. Some of these cases concerned contracts for leases rather than leases by deed, and lettings of furnished accommodation, but it is not considered that there is any difference in principle. The authorities are convincingly reviewed in *Hussein v Mehlman* [1992] 2 E.G.L.R. 87.
⁸ See *Hussein v Mehlman* [1992] 2 E.G.L.R. 87 and *Chartered Trust v Davies* [1997] 2 E.G.L.R. 83. And cf. *Nynehead Developments v Fireboard Containers* [1999] 1 E.G.L.R. 7 and *Petra Investments v Jeffrey Rogers* [2000] 2 E.G.L.R. 120.

breaches[1]; as did six months' arrears of rent coupled with breaches of many other covenants in the lease,[2] and serious breaches by the landlord of his implied repairing obligations.[3]

**Consequences of repudiation**

17.315
In principle a repudiatory breach gives the party not in breach a choice whether or not to accept the repudiation. If the repudiation is accepted it discharges both parties from further performance of the lease. In that event either party may sue for loss occasioned by the termination of the contract. However, if a landlord accepts a repudiation by the tenant (assuming that a lease is capable of repudiation) he is not entitled to sue for damages representing the loss of future rent. But the landlord need not accept a repudiatory breach by the tenant and if he does not he is entitled to sue for rent quarter by quarter as it falls due.[4]

It would seem that a claim for damages would be subject to ordinary principles relating to the mitigation of damages.[5] However, a landlord is under no general duty to mitigate loss caused to a tenant or his surety by forfeiting a lease for breach of covenant.[6]

---

[1] *Ripka Pty v Maggiore Bakeries Pty*, above.
[2] *Progressive Mailing House Pty v Tabali Pty*, above.
[3] *Hussein v Mehlman*, above.
[4] *Reichman v Beveridge* [2007] 1 P. & C.R. 358, not following the Canadian and Australian cases of *Highway Properties v Kelly Douglas & Co* (1968) 1 D.L.R. (3d) 626; *Progressive Mailing House Pty v Tabali Pty* (1985) 157 C.L.R. 17. See also the Scottish cases of *Davie v Stark* (1876) 3 R. 1114 and *McKimmie's Trustees v Armour* (1899) 2 F. 156 and Gloag's *Law of Contract* (2nd edn.) pp.605–606.
[5] An apparent suggestion to the contrary was made in *Boyer v Warbey* [1953] 1 Q.B. 234, 247, although this may have been confined to the facts of that case. The suggestion that a duty to mitigate applies to a claim in debt (for rent) was made in *Vickers & Vickers v Stichtenoth Investments Pty* (1989) 52 S.A.S.R. 90, but this is unsound: *Reichman v Beveridge* [2007] 1 P. & C.R. 358
[6] *Norwich Union v Low Profile Fashions* [1992] 1 E.G.L.R. 86; *Bhogal v Cheema* [1999] L. & T.R. 59. The position may be different in Australia. See *Stone v Geralton Brewery Company* [1898] 1 W. A.L.R. 23 at 27 and Phillips and O'Donovan on *The Modern Contract of Guarantee* (2nd edn.).