**HEARING DATE AND TIME: July 16, 2014 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 2, 2014 at 4:00 p.m. (Eastern Time)**

---

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE FOUR HUNDRED SIXTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, SUNNY SINGH, AT 212-310-8547.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                   :    Chapter 11 Case No.
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**         :    08-13555 (SCC)
                                                        :
             Debtors.                                   :    (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON THE FOUR HUNDRED SIXTY-FOURTH**
**OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

**PLEASE TAKE NOTICE** that on June 2, 2014, Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator, under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan") for the entities in the above-referenced chapter 11 cases, (collectively, the "Chapter

11 Estates"), filed the four hundred sixty-fourth omnibus objection to claims (the "Four Hundred

Sixty-Fourth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Four Hundred Sixty-Fourth Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 16, 2014 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Sixty-Fourth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 621; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Sunny Singh, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **July 2, 2014 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

2

served with respect to the Four Hundred Sixty-Fourth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Sixty-Fourth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: June 2, 2014
      New York, New York

                                           /s/ Robert J. Lemons
                                           Robert J. Lemons

                                           WEIL, GOTSHAL & MANGES LLP
                                           767 Fifth Avenue
                                           New York, New York 10153
                                           Telephone: (212) 310-8000
                                           Facsimile: (212) 310-8007

                                           *Attorneys for Lehman Brothers Holdings Inc.*
                                           *and Certain of Its Affiliates*

**HEARING DATE AND TIME: July 16, 2014 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 2, 2014 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                               :   Chapter 11 Case No.
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,        :   08-13555 (SCC)
                                                    :
                Debtors.                            :   (Jointly Administered)
------------------------------------------------------------------x

**FOUR HUNDRED SIXTY-FOURTH OMNIBUS**
**OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS FOUR HUNDRED SIXTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, SUNNY SINGH, AT 212-310-8547.**

US_ACTIVE:\44493089\2\58399.0011

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("<u>LBHI</u>" and the "<u>Plan Administrator</u>"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "<u>Plan</u>") for the entities in the above referenced chapter 11 cases, (collectively, the "<u>Chapter 11 Estates</u>"), respectfully represents:

**Relief Requested**

1. The Plan Administrator files this four hundred sixty-fourth omnibus objection to claims (the "<u>Four Hundred Sixty-Fourth Omnibus Objection to Claims</u>") pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "<u>Procedures Order</u>") [ECF No. 6664], seeking entry of an order reducing and allowing the claims listed on <u>Exhibit A</u> annexed hereto.

2. The Plan Administrator has examined the proofs of claim identified on <u>Exhibit A</u> and has determined that the proofs of claim listed on <u>Exhibit A</u> (collectively, the "<u>Valued Derivative Claims</u>") should be reduced and allowed on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Plan Administrator after a review of the claimant's supporting documentation and the Chapter 11 Estates' books and records. The Plan Administrator, therefore, requests that the Court reduce, as appropriate, each such claim

2

to the amount listed on <u>Exhibit A</u> in the row heading "*Claim as Modified*" and allow each such claim only to the extent of such modified amount.

3. The Plan Administrator reserves all its rights to object on any other basis to any Valued Derivative Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On July 2, 2009, this Court entered an order setting forth procedures for filing proofs of claim in these chapter 11 cases, including procedures for filing proofs of claim and supporting documentation for claims based on derivative contracts (the "<u>Bar Date Order</u>") [ECF No. 4271]. The Bar Date Order provided that "each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must: . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ." (Bar Date Ord. at 7.) The Bar Date Order further provided that "each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a

3

Derivative Contract must [also]: . . . complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website . . . ." (*Id.* at 8.) A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

7. Exhibit C to the Bar Date Order was a version of the Derivative Questionnaire, which required that the claimant provide various information in support of its claim, such as copies of relevant agreements; a copy of the termination notice; a valuation statement; individual trade-level detail; trade value methodology and quotations; and unpaid amounts, collateral, and other costs associated with the claim pursuant to the derivative contract. Also attached to the Bar Date Order was Exhibit D, a version of the Guarantee Questionnaire setting forth the information forming the basis of the claimant's assertions of a guarantee.

8. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

9. On December 6, 2011, the Court approved and entered an order confirming the Plan. The Plan became effective on March 6, 2012.

10. Pursuant to the Plan, the Plan Administrator is authorized to impose and prosecute objections to claims filed against the Chapter 11 Estates.

**The Valued Derivative Claims Should Be Reduced and Allowed**

11. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the claims on <u>Exhibit A</u> as being claims that should be reduced and allowed on

4

the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Plan Administrator after a review of the claimant's supporting documentation and the Chapter 11 Estates' books and records.

12. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13. The Valued Derivative Claims listed on Exhibit A should be reduced and allowed in the amount listed on Exhibit A in the row heading "*Claim as Modified*" because the asserted claim amount is greater than the fair, accurate, and reasonable value of the claim as determined by the Plan Administrator after a review of the supporting documentation provided by the claimant and the Chapter 11 Estates' books and records.

14. The Plan Administrator has developed and currently utilizes a thorough, multi-step process to review claims filed against the Chapter 11 Estates based on a Derivative Contract[1] ("Derivative Claims") in order to determine the fair, accurate, and reasonable value of such claims for purposes of settlement (the "Proposed Settlement Amount"). In order to determine the Proposed Settlement Amount, the Plan

---

[1] "Derivative Contract" is defined in the Bar Date Order as meaning "any contract that is of (i) a 'swap agreement' as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a 'forward contract' as such term is defined in section 101(25) of the Bankruptcy Code . . . ." (*See* Bar Date Ord. at 6.)

5

Administrator: (i) collects and reviews documents related to the relevant Derivative Claim including, but not limited to, the relevant Derivative Questionnaire and/or Guarantee Questionnaire, the termination notice, and the valuation statement; (ii) reconciles posted collateral and any cash payments already received, made, or missed; and (iii) reviews the valuation methodology used by the claimant to determine the value of the claim, including verifying the legitimacy of quotes provided by the claimant in connection with their valuation statement, reviewing claimant's "loss" calculation, and evaluating any set-off claims.[2]  In its efforts to determine the Proposed Settlement Amount, the Plan Administrator engages in, to the extent the holder is willing to so engage, negotiations with the holder of the Derivative Claim that are often very detailed and may extend over a period of months.

15.  The Plan Administrator has undertaken this lengthy process with respect to each of the Valued Derivative Claims listed on Exhibit A, and has concluded that a fair, accurate, and reasonable valuation of the Valued Derivative Claim is less than that reflected on the proof of claim submitted by the claimant.  Despite the Plan Administrator's efforts at negotiating this Proposed Settlement Amount, the Plan Administrator and the holders of the Valued Derivative Claims have reached an impasse.  Holders of the Valued Derivative Claims should not be allowed to recover more than the true and proper value of their claims.  Accordingly, in order to properly reflect the fair,

---

[2] For a more comprehensive discussion of the valuation process, please see the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [Docket No. 4113]).

6

accurate, and reasonable value of these claims, the Plan Administrator requests that the Court reduce each Valued Derivative Claim to the amount listed on Exhibit A in the row heading "*Claim as Modified*" and allow each such claim only to the extent of such modified amount.

### Notice

16. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Four Hundred Sixty-Fourth Omnibus Objection to Claims on: (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimant listed on Exhibit A attached to this Four Hundred Sixty-Fourth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

17. No previous request for the relief sought herein has been made by the Plan Administrator to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: June 2, 2014
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates*

**EXHIBIT A**

08-13555-mg    Doc 44484    Filed 06/02/14    Entered 06/02/14 16:42:41    Main Document
Pg 12 of 15

08-13555-mg    Doc 44484    Filed 06/02/14    Entered 06/02/14 16:42:41    Main Document
Pg 13 of 15

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)

**OMNIBUS OBJECTION 464: EXHIBIT A - VALUED DERIVATIVE CLAIMS**

| | NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 1 | BANCA MONTE DEI PASCHI DE SIENA S.P.A. | 14258 | 9/16/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $23,567,048.61 | | $23,567,048.61 * |
| | | | | **CLAIM AS MODIFIED** | | | | **$19,439,466.68** | | **$19,439,466.68** |
| 2 | BANCA MONTE DEI PASCHI DI SIENA S.P.A. | 14263 | 9/16/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $5,360,318.15 | | $5,360,318.15 * |
| | | | | **CLAIM AS MODIFIED** | | | | **$3,600,444.27** | | **$3,600,444.27** |
| 3 | BANCA MONTE DEI PASCHI DI SIENA S.P.A. | 14286 | 9/16/09 | Lehman Brothers Special Financing Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $23,567,048.61 | | $23,567,048.61 * |
| | | | | **CLAIM AS MODIFIED** | | | | **$19,439,466.68** | | **$19,439,466.68** |
| 4 | BANCA MONTE DEI PASCHI DI SIENA S.P.A. | 14290 | 9/16/09 | Lehman Brothers Special Financing Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $5,360,318.15 | | $5,360,318.15 * |
| | | | | **CLAIM AS MODIFIED** | | | | **$3,600,444.27** | | **$3,600,444.27** |
| | | | | TOTAL ASSERTED | $0.00 | $0.00 | $0.00 | $57,854,733.52 | $0.00 | $57,854,733.52 |
| | | | | TOTAL NOT SUBJECT TO OBJECTION | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | TOTAL SUBJECT TO OBJECTION | 0.00 | 0.00 | 0.00 | 57,854,733.52 | 0.00 | 57,854,733.52 |
| | | | | **TOTAL CLAIM AS MODIFIED** | $0.00 | $0.00 | $0.00 | $46,079,821.90 | $0.00 | $46,079,821.90 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                                            :    Chapter 11 Case No.
                                                                                      :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    08-13555 (SCC)
                                                                                      :
                              Debtors.                                  :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING FOUR HUNDRED SIXTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the four hundred sixty-fourth omnibus objection to claims, dated June 2, 2014 (the "Four Hundred Sixty-Fourth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to reduce and allow the Valued Derivative Claims, all as more fully described in the Four Hundred Sixty-Fourth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Sixty-Fourth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Sixty-Fourth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Four Hundred Sixty-Fourth Omnibus Objection to Claims establish just cause for the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Sixty-Fourth Omnibus Objection to Claims.

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Sixty-Fourth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that (i) each Valued Derivative Claim listed on Exhibit 1 annexed hereto is hereby modified and allowed as a prepetition non-priority general unsecured claim in the amount set forth on Exhibit 1 in the row "*Claim as Modified*" and (ii) with respect to each Valued Derivative Claim, any asserted amount in excess of the modified amount is disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Four Hundred Sixty-Fourth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
      New York, New York

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE