HEARING DATE AND TIME: July 16, 2014 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 2, 2014 at 4:00 p.m. (Eastern Time)

---

**THE FOUR HUNDRED SIXTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL SUNNY SINGH, AT 212-310-8547.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :   Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :   08-13555 (SCC)
                                                   :
           Debtors.                                :   (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON THE FOUR HUNDRED SIXTY-FIFTH OMNIBUS
OBJECTION TO CLAIMS (LOTC PRIMARY OBLIGOR GUARANTEE CLAIMS)**

**PLEASE TAKE NOTICE** that on June 2, 2014, Lehman Brothers Holdings Inc.

("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the in the above-

referenced chapter 11 cases, filed the four hundred sixty-fifth omnibus objection to claims (the "Four Hundred Sixty-Fifth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Four Hundred Sixty-Fifth Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 16, 2014 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Sixty-Fifth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 upon: (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Garrett A. Fail, Esq. and Sunny Singh, Esq., attorneys for LBHI and certain of its affiliates; (iii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.; so as to be so filed and received by no later than **July 2, 2014 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

US_ACTIVE:\44485717\5\58399.0011

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Sixty-Fifth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Sixty-Fifth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  June 2, 2014
          New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME: July 16, 2014 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 2, 2014 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                          :      Chapter 11 Case No.
                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :      08-13555 (SCC)
                                               :
                   Debtors.                    :      (Jointly Administered)
------------------------------------------------------------------x

**FOUR HUNDRED SIXTY-FIFTH OMNIBUS OBJECTION**
**TO CLAIMS (LOTC PRIMARY OBLIGOR GUARANTEE CLAIMS)**

---

**THIS FOUR HUNDRED SIXTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL SUNNY SINGH AT 212-310-8547.**

---

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings In. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan")[1] for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. In accordance with the Plan, Lehman Brothers OTC Derivatives Inc. ("LOTC") has either paid or reserved the full principal amount of all Claims that have been Allowed or asserted against its estate. The proofs of claim identified on Exhibit A are Guarantee Claims against LBHI (each, a "Satisfied Guarantee Claim") that correspond to Primary Claims against LOTC which either (i) have been Allowed against and paid in full by LOTC or (ii) are Disputed and fully reserved for in Cash by LOTC in the asserted amount of the Primary Claim, which is equal to or less than the asserted amount of the corresponding Satisfied Guarantee Claims. In accordance with the Plan provisions governing Distributions and long-standing principles of suretyship law that limit recoveries on account of related primary and guarantee claims to a single satisfaction, no Distributions will be made by LBHI on account of the Satisfied Guarantee Claims.

2. The Plan Administrator therefore files this omnibus objection, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim, ECF No. 6664 (the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2

"Procedures Order"), seeking the disallowance and expungement of the Satisfied Guarantee Claims.

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. LOTC commenced its chapter 11 case on October 3, 2008. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

6. On December 6, 2011, the Court entered an order confirming the Plan, ECF No. 23023. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

## Relevant Provisions of the Plan

7. Section 8.13(a) of the Plan ("Maximum Distribution") provides:

An … (ii) Allowed Guarantee Claim that receives Distributions …
that combined with Distributions or other consideration provided
on the corresponding Primary Claim … equal the Allowed amount
of such Guarantee Claim … shall … be deemed satisfied in full as

3

> to such … Allowed Guarantee Claim against the applicable
> Debtor.

Plan at § 8.13(a).

8.	Section 8.13(b) of the Plan further provides: "In no event shall … (ii) an Allowed Guarantee Claim receive Distributions … that combined with Distributions or other consideration provided on the corresponding Primary Claim … are in excess of the Allowed amount of the Guarantee Claim … ." *Id.* at § 8.13(b).

9.	Section 8.4 of the Plan ("Disputed Claims Holdback"), which governs Distribution reserves on account of Disputed Claims, requires the Plan Administrator to:

> retain from Available Cash an aggregate amount equal to the Pro
> Rata Share of the Distributions that would have been made to each
> holder of a Disputed Claim if such Disputed Claim were an
> Allowed Claim against such Debtor in an amount equal to the least
> of (a) the filed amount of the Disputed Claim, (b) the amount
> determined, to the extent permitted by the Bankruptcy Code and
> the Bankruptcy Rules, by the Bankruptcy Court for purposes of
> fixing the amount to be retained for such Disputed Claim, and (c)
> such other amount as may be agreed by the holder of such
> Disputed Claim and the Plan Administrator.

*Id.* at § 8.4. "Distribution" is defined as "any initial or subsequent payment or transfer made under the Plan. *Id.* at § 1.47.

10.	Pursuant to section 8.3 of the Plan, the Plan Administrator makes two Distributions per year to holders of Allowed Claims subject to certain exceptions. *See Id.* at § 8.3 ("After the initial Distribution, each Debtor shall make Distributions of Available Cash in accordance with the Plan to holders of Allowed Claims against such Debtor semi-annually … .").

11.	Catch-up Distributions on account of a Disputed Claim that becomes Allowed are made on the first semi-annual Distribution date that is at least forty-five (45) days (or such fewer days as may be agreed) after the Claim is Allowed against a Debtor. *See Id.* at §

4

8.4 ("On the date of the first Distribution that is at least forty-five (45) days (or such fewer days as may be agreed …) after the date on which a Disputed Claim becomes an Allowed Claim against a Debtor, such Debtor shall remit to the holder of such Allowed Claim Available Cash equal to the amount that would have been distributed from the Effective Date through and including the date of such Distribution on account of such Allowed Claim had such Claim been Allowed as of the Effective Date … .").

**Objection**

12.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

13.     The Satisfied Guarantee Claims should be disallowed and expunged in their entirety pursuant to section 502(b)(1) of the Bankruptcy Code.  It is indisputable that the holder of a guarantee claim cannot recover more than the singular amount of its damages from a primary obligor and guarantor of the same obligation.  *See Bankers' Trust Co. v. Irving Trust Co.* (*In re United Cigar Stores*), 73 F.2d 296, 298 (2d Cir. 1934) ("In no case can the [holder of a guarantee claim] recover from all sources more than the full amount of its claim"); *Ross v. Worth Elec. Supply Co., Inc.*, 420 N.Y.S.2d 441, 443 (N.Y. Civ. Ct. 1979) ("It is fundamental in

5

suretyship that with the payment of the principal obligation the obligations of both principal and surety are discharged."); *see also Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989) ("[A] plaintiff is entitled to only one satisfaction for each injury."); *United States v. Zan Mach. Co.,* 803 F. Supp. 620, 623 (E.D.N.Y. 1992) ("It is hornbook law that a plaintiff cannot recover twice for the same injury."); *Leighty v. Brunn*, 510 N.Y.S.2d 174, 175 (N.Y. App. Div. 1986) ("It is beyond cavil that a plaintiff is entitled to only one recovery with respect to an identical damage claim."); RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY § 19 (1996) ("To the extent that the underlying obligation is discharged by performance or other satisfaction by the principal obligor, the secondary obligation is also discharged.  The obligee is entitled to only one aggregate performance.").

14. Consistent with the authority cited above, section 8.13 of the Plan limits recoveries on account of the same claim for damages from a Primary Obligor and guarantor to a single satisfaction.  Specifically, section 8.13 of the Plan provides that an Allowed Guarantee Claim will be deemed satisfied in full if it receives Distributions from LBHI, that combined with Distributions or consideration provided on account of the corresponding Primary Claim, equal the Allowed amount of such Guarantee Claim.  *See Plan* at § 8.13(a).  Similarly, "[i]n no event" shall an Allowed Guarantee Claim against LBHI be entitled to receive Distributions, that combined with Distributions or consideration provided on account of the corresponding Primary Claim, exceed the Allowed amount of such Guarantee Claim.  *See id.* at § 8.13(b).

15. The Satisfied Guarantee Claims correspond to Primary Claims against LOTC that have been Allowed against LOTC and paid in full or that are Disputed and being reserved for in full in Cash by LOTC.  *See* Notice Regarding Fifth Distribution Pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its

6

Affiliated Debtors, at *4, *In re Lehman Brothers Holdings Inc.*, No. 08-13555 (Bankr. S.D.N.Y. Mar. 27, 2014), ECF No. 43745. The asserted amounts of the Satisfied Guarantee Claims that correspond to Disputed Primary Claims against LOTC are equal to or less than the asserted amount of the Primary Claims. Because catch-up Distributions to Disputed Claims only occur on a scheduled semi-annual Distribution date under the Plan, even if a Disputed Primary Claim against LOTC and a Disputed Guarantee Claim against LBHI are allowed simultaneously, LBHI would not make Distributions on a Guarantee Claim prior to Distributions by LOTC on account of the corresponding Primary Claim. Thus, the Satisfied Guarantee Claims cannot recover more from LBHI than the amounts that have been paid or are being reserved for by LOTC on account of the corresponding Primary Claims.

16. LBHI is separately maintaining reserves on account of the Satisfied Guarantee Claims. Maintaining the Satisfied Guarantee Claims on the claims register will serve no valid purpose. It will, however, prejudice holders of Allowed Claims against LBHI that have yet to be satisfied in full, by leading to duplicative reserves and also increasing the costs of administration of the Chapter 11 Estates. The Plan Administrator should not be required to expend additional resources to review, reconcile or object to Satisfied Guarantee Claims that are prohibited from receiving Distributions from LBHI pursuant to the Plan and applicable law. The Satisfied Guarantee Claims raise many issues and bases for objections that are independent of the validity of the Primary Claims.

17. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the Satisfied Guarantee Claims.

## Reservation of Rights

18.     The Plan Administrator reserves all rights to object on any other bases to any Satisfied Guarantee Claim as to which the Court does not grant the relief requested herein.

## Notice

19.     No trustee has been appointed in these Chapter 11 Cases. The Plan Administrator has served notice of this Four Hundred Sixty-Fifth Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases, ECF No. 9635. The Plan Administrator submits that no other or further notice need be provided.

20.     No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: June 2, 2014
       New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

8

**Exhibit A**

US_ACTIVE:\44485717\5\58399.0011

## OMNIBUS OBJECTION 465: EXHIBIT A - NO LIABILITY

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | ATTESTOR VALUE MASTER FUND, LP | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 10/30/2009 | 56988 | $9,669,983.23 | $9,669,983.23 | Creditor filed corresponding Primary Claim 22687 against LOTC for $9,669,983.23, and said claim is disputed and being reserved at 100% of the filed amount by LOTC. |
| 2 | BANKIA FONDOS, S.G.I.I.C., S.A. FOR AND ON BEHALF OF | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26531 | $765,717.96 * | $765,717.96* | Creditor filed corresponding Primary Claim 26532 against LOTC for $765,717.96, and said claim was allowed for $672,530.21 on Omni 145 and has been satisfied in full by LOTC. |
| 3 | BANKIA FONDOS, S.G.I.I.C., S.A. FOR AND ON BEHALF OF | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26538 | $3,021,453.23 * | $3,021,453.23* | Creditor filed corresponding Primary Claim 26537 against LOTC for $3,021,453.23, and said claim was allowed for $3,021,453.00 on Omni 145 and has been satisfied in full by LOTC. |
| 4 | BANKIA FONDOS, S.G.I.I.C., S.A. FOR AND ON BEHALF OF | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26539 | $1,360,998.20 * | $1,360,998.20* | Creditor filed corresponding Primary Claim 26540 against LOTC for $1,360,998.20, and said claim was allowed for $1,131,418.90 on Omni 145 and has been satisfied in full by LOTC. |
| 5 | CAJA DE AHORROS DE SALAMANCA Y SORIA | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28156 | $4,546,892.67 * | $4,546,892.67* | Creditor filed corresponding Primary Claim 28155 against LOTC for $4,546,892.67, and said claim was allowed for $3,600,000.00 on Omni 160 and has been satisfied in full by LOTC. |
| 6 | GESTORA DE FONDOS DEL MEDITERRANEO, S.G.I.I.C., S.A. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26529 | $1,735,571.25 * | $1,735,571.25* | Creditor filed corresponding Primary Claim 26530 against LOTC for $1,735,571.25, and said claim was allowed for $1,735,571.25 on Omni 103 and has been satisfied in full by LOTC. |
| 7 | LIBERTY HARBOR MASTER FUND I, L.P. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15905 | $3,591,664.00 * | $3,591,664.00* | Creditor filed corresponding Primary Claim 15906 against LOTC for $3,591,664.00, and said claims is disputed and being reserved at 100% of the filed amount by LOTC. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## OMNIBUS OBJECTION 465: EXHIBIT A - NO LIABILITY

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 8 | LOOMIS STREET, LLC | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 04/07/2010 | 66503 | $15,334,482.67 | $15,334,482.67 | Creditor filed corresponding Primary Claim 66504 against LOTC for $15,334,482.67, and said claim has been allowed at the filed amount and satisfied in full by LOTC. |
| 9 | QUINTESSENCE FUND LP | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21145 | $905,461.00 * | $905,461.00* | Creditor filed corresponding Primary Claim 21225 against LOTC for $905,461.00, and said claim is disputed and being reserved at 100% of the filed amount by LOTC. |
| 10 | QVT FUND LP | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21139 | $8,430,170.00 * | $8,430,170.00* | Creditor filed corresponding Primary Claim 21222 against LOTC for $8,430,170.00 and said claim is disputed is being reserved at 100% of the filed amount by LOTC. |
| 11 | SPCP GROUP, LLC | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26528 | $140,845.36 * | $140,845.36* | Creditor filed corresponding Primary Claim 26527 against LOTC for $140,845.36, and said claim was allowed for $73,164.00 on Omni 302 and has been satisfied in full by LOTC. |
| | | | | TOTAL | | $49,503,239.57 | $49,503,239.57 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                          :   Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :   08-13555 (SCC)
                                                               :
                        Debtors.                        :   (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING THE FOUR HUNDRED SIXTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (LOTC PRIMARY OBLIGOR GUARANTEE CLAIMS)

Upon the four hundred sixty-fifth omnibus objection to claims, dated June 2, 2014 (the "Four Hundred Sixty-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, pursuant to section 502(b) of title 11 of the Bankruptcy Code, Rule 3007(d) of the Bankruptcy Rules, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking disallowance of the Satisfied Guarantee Claims, all as more fully described in the Four Hundred Sixty-Fifth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Sixty-Fifth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Sixty-Fifth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Sixty-Fifth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Sixty-Fifth Omnibus Objection to Claims.

ORDERED that the relief requested in the Four Hundred Sixty-Fifth Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their entirety; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
       New York, New York

                                                                 _____
                                                                 UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44485717\5\58399.0011