HEARING DATE AND TIME: July 16, 2014 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 2, 2014 at 4:00 p.m. (Eastern Time)

---

**THE FOUR HUNDRED SIXTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE FOUR HUNDRED SIXTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL,
ERIC D. KASENETZ, AT 212-310-8737.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :    08-13555 (SCC)
                                                   :
                       Debtors.                    :    (Jointly Administered)
---------------------------------------------------------------x

**NOTICE OF HEARING ON FOUR HUNDRED SIXTY-SIXTH
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

   **PLEASE TAKE NOTICE** that on June 2, 2014, Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

US_ACTIVE:\44492518\6\58399.0008

certain entities in the above-referenced chapter 11 cases, filed the four hundred sixty-sixth omnibus objection to claims (the "Four Hundred Sixty-Sixth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Four Hundred Sixty-Sixth Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 16, 2014 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Sixty-Sixth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in text-searchable Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), and on (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 621; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq. and Eric D. Kasenetz, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **July 2, 2014 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

2

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Sixty-Sixth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Sixty-Sixth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: June 2, 2014
New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

3

**HEARING DATE AND TIME: July 16, 2014 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 2, 2014 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                             :    Chapter 11 Case No.
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,      :    08-13555 (SCC)
                                                  :
                    Debtors.                      :    (Jointly Administered)
------------------------------------------------------------------x

# FOUR HUNDRED SIXTY-SIXTH OMNIBUS
# OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

**THIS FOUR HUNDRED SIXTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS FOUR HUNDRED SIXTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

US_ACTIVE:\44492518\6\58399.0008

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this four hundred sixty-sixth omnibus objection to claims (the "Four Hundred Sixty-Sixth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement of the claims, in whole or in part, listed on Exhibit A annexed hereto (such claims, the "No Liability Claims") and reclassification of the portion of the claim listed on Exhibit B annexed hereto (such portion of such claim, the "Stock Claim") to an equity interest.

2. The Plan Administrator has examined each proof of claim identified on Exhibit A and Exhibit B. With respect to the No Liability Claims, the Plan Administrator has determined that, for the reasons identified more specifically on Exhibit A, either the applicable Chapter 11 Estate against which the No Liability Claim is asserted has no liability for any part of the No Liability Claim or the No Liability Claim was filed against LBHI with documentation insufficient to permit the Plan Administrator to evaluate the basis and merits of the claim. The Plan Administrator, therefore, requests that the No Liability Claims be disallowed and expunged. With respect to the Stock Claim, the Plan Administrator has determined that, for the reasons

2

identified more specifically on <u>Exhibit B</u>, the Stock Claim should be reclassified to an equity interest or, to the extent applicable, subordinated pursuant to Bankruptcy Code section 510(b).

3. The Plan Administrator reserves all rights to object on any other basis to any No Liability Claim or the Stock Claim as to which the Court does not grant the relief requested herein.

**Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012 (the "<u>Effective Date</u>"). Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The No Liability Claims Should Be Disallowed and Expunged**

8. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the No

3

Liability Claims as claims that should be disallowed and expunged on the basis that they provide insufficient or no bases for liability on the part of the Chapter 11 Estates.

9. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

10. The Plan Administrator has evaluated the transactions underlying the No Liability Claims and the books and records of the Chapter 11 Estates. As described further on Exhibit A, the No Liability Claims (i) do not set forth any legal and/or factual justification for asserting a claim against the applicable Chapter 11 Estates, (ii) assert contingent claims for which the Chapter 11 Estates are not liable, or (iii) do not constitute valid *prime facie* claims because they were submitted with insufficient documentation to support such claims.

11. The Effective Date has occurred and distributions began on April 17, 2012. If the No Liability Claims remain on the claims register in the filed amount, the potential exists for recoveries by parties who do not hold valid claims against the Chapter 11 Estates. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the No Liability Claims.

4

**The Stock Claim Should Be Reclassified as an Equity Interest**

12. As described further on Exhibit B, the Stock Claim is based on an ownership interest in LBHI and/or other claims arising out of the purchase of equity interests. The Stock Claim represents an "equity security" and not a "claim," as such terms are defined in sections 101(16) and 101(5) of the Bankruptcy Code, respectively. The definition of equity security has been interpreted by courts to include a range of stock-based transactions, including transactions based on a right to acquire stock, such as stock options and stock assignments. *See, e.g., In re Enron Corp.*, 341 B.R. 141, 162 (Bankr. S.D.N.Y. 2006); *see also In re Baldwin-United Corp.*, 52 B.R. 549, 552 (Bankr. S.D. Ohio 1985).

13. Moreover, section 510(b) of the Bankruptcy Code provides that, for purposes of distribution, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, or for damages arising from the purchase or sale of a security, shall be subordinated to all claims or interests that are senior to or equal to the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock. 11 U.S.C. § 510(b).

14. The Court has granted similar relief with respect to claims based on shares of stock. *See*, *e.g.*, *Order Granting Debtors' One Hundred Twenty-First Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests)* [ECF No. 17350]; *Order Granting Debtors' One Hundred Seventy-Fourth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests)* [ECF No. 20629]. Accordingly, the Stock Claim should be reclassified as an equity interest and, to the extent applicable, subordinated pursuant to Bankruptcy Code section 510(b).

5

**Notice**

15. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Four Hundred Sixty-Sixth Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A and Exhibit B; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

16. Except as described herein, no previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: June 2, 2014
      New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

6

# EXHIBIT A

US_ACTIVE:\44492518\6\58399.0008

## OMNIBUS OBJECTION 466: EXHIBIT A - NO LIABILITY

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ALTEA FINANCE SRL MILANO | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 23564 | Undetermined | Undetermined | Claim 23564 is as a protective claim filed in an unliquidated amount, and the claimant has not identified any obligations for which LBHI is liable. LBHI's books and records reflect no liability for this claim. |
| 2 | BGC PARTNERS (AUSTRALIA) PTY LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 22151 | $15,026.00 | $15,026.00 | Claim 22151 asserts a claim against LBHI based on a purported guaranty of the obligations of Lehman Brothers Australia Limited. Claimant has produced no evidence that LBHI ever issued a guaranty of any obligations of Lehman Brothers Australia Limited to claimant, and the Plan Administrator is not aware of the existence of any such guaranty. |
| 3 | COLLIERS INTERNATIONAL AGENCY LTD | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 24132 | $16,219.07 | $16,219.07 | Claim 24132 asserts a claim against LBHI based on a purported guaranty of the obligations of Lehman Brothers Asia Holdings Limited to claimant. Pursuant to this Court's order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [ECF No. 4271], claimant was required to include with its proof of claim "supporting documentation or an explanation as to why documentation is not available." (Bar Date Order at 6.) In addition, supporting documentation related to a guaranty was required to be included with an electronic questionnaire submitted by the claimant (the "Guaranty Questionnaire"). (Id. at 7-8.) Claim 24132 does not comply with the Bar Date Order. No guaranty was filed with the proof of claim and claimant did not file a Guaranty Questionnaire. Accordingly, claim 24132 does not constitute a valid prima facie claim and should be disallowed and expunged. See In re Minbatiwalla, 424 B.R. 104, 119 (Bankr. S.D.N.Y. 2010) ("claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of the claim."). |

## OMNIBUS OBJECTION 466: EXHIBIT A - NO LIABILITY

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 4 | LEE, MATTHEW | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 14073 | $144,950.00 * | $50,000.00* | The portion of Claim 14073 in the amount of $50,000 seeks recovery in connection with a college fund account, purportedly at Lehman Brothers Inc. ("LBI"). The claim asserts that "there is no clear cut line between what claims are attributable to LBHI and which claims are attributable to LBI." Claimant asserts no basis in law or fact to collapse the corporate separateness of LBI and LBHI. To the extent the claim alleges veil piercing, such veil-piercing claim has no merit. As this Court has previously ruled, "as alleged creditors of LBI [,claimants] . . . lack standing to assert against LBHI any alter ego claim, veil piercing claim, or similar claim to disregard the corporate form of LBHI or LBI, as such claims were the property of the LBI estate and have been irrevocably released, discharged, and acquitted . . ." See ECF Nos. 41278, 41280; see also Hr'g Tr. 98: 7-9, In re Lehman Bros. Holdings Inc., No. 08-13555 (Bankr. S.D.N.Y. Nov. 22, 2013) (". . . individual former employees of LBI do not have standing to pursue claims against LBHI on an alter ego theory"). Moreover, under binding Second Circuit law, the claimant lacks standing to assert any form of alter ego claims. Kalb, Voorhis & Co. v. Am. Fin. Corp., 8 F.3d 130, 132 (2d Cir. 1993); accord Duke Energy Trading and Mktg., L.L.C. v. Enron Corp. (In re Enron Corp.), No. 02-3609, 2003 WL 1889040, at *3 (Bankr. S.D.N.Y. April 17, 2003). As such, the portion of Claim 14073 seeking recovery in connection with a college fund account should be disallowed and expunged. |
| 5 | LIVINGSTONE, JONATHAN LOUIS | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 15663 | $37,802.00 | $35,429.00 | The portion of Claim 15663 asserted in the amount of $35,429 seeks a claim against LBHI based on a purported guaranty of the obligations of Lehman Brothers Limited. Claimant has produced no evidence that LBHI ever issued a guaranty of any obligations of Lehman Brothers Limited to claimant, and the Plan Administrator is not aware of the existence of any such guaranty. The portion of Claim 15663 in the amount of $2,373 reclassified as an equity interest on the Three Hundred Thirteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 30368] is not affected by this objection. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## OMNIBUS OBJECTION 466: EXHIBIT A - NO LIABILITY

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 6 | NEWMAN, MARK H | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 18339 | $9,150,000.00 | $650,000.00 | The portion of Claim 18339 asserted in the amount of $650,000 seeks recovery for, among other things, a severance payment based upon contracts with separate legal entities that are not debtors in these chapter 11 cases. It is axiomatic that "affiliated corporations are, as a rule, treated separately and independently so that one will not be held liable for the contractual obligations of [an]other...." Krys v. Aaron (In re Refco Inc. Sec. Litig.), 826 F.Supp.2d 478, 495 (S.D.N.Y. 2010) (quoting Sheridan Broad. Corp. v. Small, 798 N.Y.S.2d 45, 46-47 (N.Y. App. Div. 2005)). The allegations set forth in the claim are not supported by evidence and are entirely unfounded. As such, the portion of Claim 18339 seeking recovery in connection with severance should be disallowed and expunged. The portion of Claim 18339 in the amount of $8,500,000 reclassified as an equity interest on the Three Hundred Thirteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 30368] is not affected by this objection. |
| 7 | SAFECO INSURANCE COMPANY OF AMERICA | 08-13899 (SCC) | Lehman Brothers Derivative Products Inc. | 65898 | $361,105.68 * | $361,105.68* | This claim is based on surety bonds issued on behalf of LBHI or certain of its affiliates. All premiums related to such bonds have been paid, and all such bonds have been released or transferred. Therefore, no Chapter 11 Estate has any liability to claimant for this claim. |
| 8 | SAFECO INSURANCE COMPANY OF AMERICA | 08-13664 (SCC) | PAMI Statler Arms LLC | 65899 | $361,105.68 * | $361,105.68* | This claim is based on surety bonds issued on behalf of LBHI or certain of its affiliates. All premiums related to such bonds have been paid, and all such bonds have been released or transferred. Therefore, no Chapter 11 Estate has any liability to claimant for this claim. |
| 9 | SAFECO INSURANCE COMPANY OF AMERICA | 08-13885 (SCC) | Lehman Brothers Commodity Services Inc. | 65900 | $361,105.68 * | $361,105.68* | This claim is based on surety bonds issued on behalf of LBHI or certain of its affiliates. All premiums related to such bonds have been paid, and all such bonds have been released or transferred. Therefore, no Chapter 11 Estate has any liability to claimant for this claim. |

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 10 | SAFECO INSURANCE COMPANY OF AMERICA | 08-13888 (SCC) | Lehman Brothers Special Financing Inc. | 65901 | $361,105.68 * | $361,105.68* | This claim is based on surety bonds issued on behalf of LBHI or certain of its affiliates. All premiums related to such bonds have been paid, and all such bonds have been released or transferred. Therefore, no Chapter 11 Estate has any liability to claimant for this claim. |
| 11 | SAFECO INSURANCE COMPANY OF AMERICA | 08-13893 (SCC) | Lehman Brothers OTC Derivatives Inc. | 65902 | $361,105.68 * | $361,105.68* | This claim is based on surety bonds issued on behalf of LBHI or certain of its affiliates. All premiums related to such bonds have been paid, and all such bonds have been released or transferred. Therefore, no Chapter 11 Estate has any liability to claimant for this claim. |
| 12 | SAFECO INSURANCE COMPANY OF AMERICA | 08-13907 (SCC) | CES Aviation IX LLC | 65903 | $361,105.68 * | $361,105.68* | This claim is based on surety bonds issued on behalf of LBHI or certain of its affiliates. All premiums related to such bonds have been paid, and all such bonds have been released or transferred. Therefore, no Chapter 11 Estate has any liability to claimant for this claim. |
| 13 | SAFECO INSURANCE COMPANY OF AMERICA | 08-13908 (SCC) | East Dover Limited | 65904 | $361,105.68 * | $361,105.68* | This claim is based on surety bonds issued on behalf of LBHI or certain of its affiliates. All premiums related to such bonds have been paid, and all such bonds have been released or transferred. Therefore, no Chapter 11 Estate has any liability to claimant for this claim. |
| 14 | SAFECO INSURANCE COMPANY OF AMERICA | 09-10108 (SCC) | Luxembourg Residential Properties Loan Finance S.a.r.l. | 65905 | $361,105.68 * | $361,105.68* | This claim is based on surety bonds issued on behalf of LBHI or certain of its affiliates. All premiums related to such bonds have been paid, and all such bonds have been released or transferred. Therefore, no Chapter 11 Estate has any liability to claimant for this claim. |
| 15 | SAFECO INSURANCE COMPANY OF AMERICA | 09-10137 (SCC) | BNC Mortgage LLC | 65906 | $361,105.68 * | $361,105.68* | This claim is based on surety bonds issued on behalf of LBHI or certain of its affiliates. All premiums related to such bonds have been paid, and all such bonds have been released or transferred. Therefore, no Chapter 11 Estate has any liability to claimant for this claim. |
| 16 | SAFECO INSURANCE COMPANY OF AMERICA | 09-10558 (SCC) | Structured Asset Securities Corporation | 65907 | $361,105.68 * | $361,105.68* | This claim is based on surety bonds issued on behalf of LBHI or certain of its affiliates. All premiums related to such bonds have been paid, and all such bonds have been released or transferred. Therefore, no Chapter 11 Estate has any liability to claimant for this claim. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## OMNIBUS OBJECTION 466: EXHIBIT A - NO LIABILITY

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 17 | SAFECO INSURANCE COMPANY OF AMERICA | 09-10560 (SCC) | LB Rose Ranch LLC | 65908 | $361,105.68 * | $361,105.68* | This claim is based on surety bonds issued on behalf of LBHI or certain of its affiliates. All premiums related to such bonds have been paid, and all such bonds have been released or transferred. Therefore, no Chapter 11 Estate has any liability to claimant for this claim. |
| 18 | SAFECO INSURANCE COMPANY OF AMERICA | 09-12516 (SCC) | LB 2080 Kalakaua Owners LLC | 65909 | $361,105.68 * | $361,105.68* | This claim is based on surety bonds issued on behalf of LBHI or certain of its affiliates. All premiums related to such bonds have been paid, and all such bonds have been released or transferred. Therefore, no Chapter 11 Estate has any liability to claimant for this claim. |
| 19 | SAFECO INSURANCE COMPANY OF AMERICA | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 65910 | $361,105.68 * | $361,105.68* | This claim is based on surety bonds issued on behalf of LBHI or certain of its affiliates. All premiums related to such bonds have been paid, and all such bonds have been released or transferred. Therefore, no Chapter 11 Estate has any liability to claimant for this claim. |
| 20 | SAFECO INSURANCE COMPANY OF AMERICA | 08-13600 (SCC) | LB 745 LLC | 65911 | $361,105.68 * | $361,105.68* | This claim is based on surety bonds issued on behalf of LBHI or certain of its affiliates. All premiums related to such bonds have been paid, and all such bonds have been released or transferred. Therefore, no Chapter 11 Estate has any liability to claimant for this claim. |
| 21 | SAFECO INSURANCE COMPANY OF AMERICA | 08-13900 (SCC) | Lehman Commercial Paper Inc. | 65912 | $361,105.68 * | $361,105.68* | This claim is based on surety bonds issued on behalf of LBHI or certain of its affiliates. All premiums related to such bonds have been paid, and all such bonds have been released or transferred. Therefore, no Chapter 11 Estate has any liability to claimant for this claim. |
| 22 | SAFECO INSURANCE COMPANY OF AMERICA | 08-13901 (SCC) | Lehman Brothers Commercial Corporation | 65913 | $361,105.68 * | $361,105.68* | This claim is based on surety bonds issued on behalf of LBHI or certain of its affiliates. All premiums related to such bonds have been paid, and all such bonds have been released or transferred. Therefore, no Chapter 11 Estate has any liability to claimant for this claim. |
| 23 | SAFECO INSURANCE COMPANY OF AMERICA | 08-13902 (SCC) | Lehman Brothers Financial Products Inc. | 65914 | $361,105.68 * | $361,105.68* | This claim is based on surety bonds issued on behalf of LBHI or certain of its affiliates. All premiums related to such bonds have been paid, and all such bonds have been released or transferred. Therefore, no Chapter 11 Estate has any liability to claimant for this claim. |

## OMNIBUS OBJECTION 466: EXHIBIT A - NO LIABILITY

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 24 | SAFECO INSURANCE COMPANY OF AMERICA | 08-13904 (SCC) | Lehman Scottish Finance L.P. | 65915 | $361,105.68 * | $361,105.68* | This claim is based on surety bonds issued on behalf of LBHI or certain of its affiliates. All premiums related to such bonds have been paid, and all such bonds have been released or transferred. Therefore, no Chapter 11 Estate has any liability to claimant for this claim. |
| 25 | SAFECO INSURANCE COMPANY OF AMERICA | 08-13905 (SCC) | CES Aviation LLC | 65916 | $361,105.68 * | $361,105.68* | This claim is based on surety bonds issued on behalf of LBHI or certain of its affiliates. All premiums related to such bonds have been paid, and all such bonds have been released or transferred. Therefore, no Chapter 11 Estate has any liability to claimant for this claim. |
| 26 | SAFECO INSURANCE COMPANY OF AMERICA | 08-13906 (SCC) | CES Aviation V LLC | 65917 | $361,105.68 * | $361,105.68* | This claim is based on surety bonds issued on behalf of LBHI or certain of its affiliates. All premiums related to such bonds have been paid, and all such bonds have been released or transferred. Therefore, no Chapter 11 Estate has any liability to claimant for this claim. |
| 27 | VASUDEVAN, SHEPHALI | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 25768 | Undetermined | Undetermined | Claim 25768 asserts a claim against LBHI based on a purported guaranty of the obligations of Lehman Brothers Services India Private Limited. Claimant has produced no evidence that LBHI ever issued a guaranty of any obligations of Lehman Brothers Services India Private Limited to claimant, and the Plan Administrator is not aware of the existence of any such guaranty. |
| | | | TOTAL | | $16,586,110.67* | $7,988,787.67* | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

# EXHIBIT B

2

US_ACTIVE:\44492518\6\58399.0008

## OMNIBUS OBJECTION 466: EXHIBIT B - RECLASSIFY AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE RECLASSIFIED | REASON FOR PROPOSED RECLASSIFICATION |
|---|---|---|---|---|---|---|---|
| 1 | LEE, MATTHEW | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 14073 | $144,950.00 * | $94,950.00* | The portion of Claim 14073 asserted in the amount of $94,950 seeks recovery in connection with the purchase of 25,000 shares of LBHI stock made three days before the commencement of LBHI's chapter 11 case, alleging that a "Lehman Brothers representative . . . did not act with legal fiduciary duty and should not have allowed the trade . . . ." This portion of Claim 14073 asserts liability for an interest in an "equity security" and not a "claim," as such terms are defined in sections 101(16) and 101(5) of the Bankruptcy Code, and should therefore be reclassified as an equity interest. Furthermore, section 510(b) of the Bankruptcy Code provides that, for purposes of distribution, a claim for damages arising from the purchase or sale of a security shall be subordinated to all claims or interests that are senior to or equal to the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock. 11 U.S.C. § 510(b). Thus, any claims asserted on the basis of breach of fiduciary duty in connection with claimant's purchase of equity securities should be subordinated under section 510(b). As such, the portion of Claim 14073 seeking recovery in connection with LBHI stock should be reclassified as an equity interest of LBHI and, to the extent applicable, subordinated pursuant to Bankruptcy Code section 510(b). |
| | | | TOTAL | | $144,950.00 * | $94,950.00 * | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                                  :    Chapter 11 Case No.
                                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :    08-13555 (SCC)
                                                                       :
             Debtors.                                          :    (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING THE FOUR HUNDRED SIXTY-SIXTH
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

Upon the four hundred sixty-sixth omnibus objection to claims, dated June 2, 2014 (the "Four Hundred Sixty-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims and reclassification of the Stock Claim, all as more fully described in the Four Hundred Sixty-Sixth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Sixty-Sixth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Sixty-Sixth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Sixty-Sixth Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Sixty-Sixth Omnibus Objection to Claims.

Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Four Hundred Sixty-Sixth Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims or portions of claims listed on Exhibit 1 annexed hereto are disallowed and expunged with prejudice; and it is further

ORDERED that the portion of the claim listed on Exhibit 2 annexed hereto is reclassified as an equity interest having the same priority as common stock interests in LBHI; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A or Exhibit B annexed to the Four Hundred Sixty-Sixth Omnibus Objection to Claims that is not listed on Exhibit 1 or Exhibit 2 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
       New York, New York

                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE