**HEARING DATE AND TIME: July 16, 2014 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 2, 2014 at 4:00 p.m. (Eastern Time)**

---

**THE FOUR HUNDRED SIXTY–EIGHTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KATHERINE DOORLEY, AT 212-310-8810.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter D. Isakoff
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                             :    Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :    08-13555 (SCC)
                                                  :
                Debtors.                          :    (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON THE PLAN ADMINISTRATOR'S FOUR HUNDRED SIXTY–EIGHTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on June 2, 2014 Lehman Brothers Holdings Inc.

("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced

chapter 11 cases, filed the four hundred sixty–eighth omnibus objection to claims (the "Four Hundred Sixty–Eighth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Four Hundred Sixty–Eighth Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 16, 2014 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Sixty–Eighth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 621; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Peter D. Isakoff, Esq., Garrett A. Fail, Esq., and Katherine Doorley, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **July 2, 2014 at 4:00 p.m. (Eastern Time)** (the

2

"Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Sixty–Eighth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Sixty–Eighth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: June 2, 2014
      New York, New York

/s/ Garrett A. Fail
Peter D. Isakoff
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

3

HEARING DATE AND TIME: July 16, 2014 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 2, 2014 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter D. Isakoff
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (SCC) |
| | : | |
| **Debtors.** | : | (Jointly Administered) |

THE PLAN ADMINISTRATOR'S FOUR HUNDRED SIXTY–EIGHTH
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS FOUR HUNDRED SIXTY–EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KATHERINE DOORLEY, AT 212-310-8810.**

---

1

US_ACTIVE:\44493234\6\58399.0011

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

## RELIEF REQUESTED

1. Each of the proofs of claim listed on Exhibit A annexed hereto (collectively, the "No Liability Claims") was filed against LBHI based upon a purported guaranty of the obligations of Lehman Brothers Commercial Corporation Asia, Limited ("LBCCA"). After reviewing each No Liability Claim and the documentation provided in support thereof, the Plan Administrator has determined that, in each case, LBHI is not liable for the No Liability Claims. Accordingly, the Plan Administrator files this omnibus objection pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement of the No Liability Claims.

## JURISDICTION

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

3. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

2

Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. LBCCA is a subsidiary of LBHI that is not a debtor in these chapter 11 cases.  LBCCA has entered into a separate administration proceeding under Hong Kong insolvency law.

5. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Chapter 11 Estates to file omnibus objections to claims on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

6. On December 6, 2011, the Court entered an order confirming the Plan.  The Plan became effective on March 6, 2012.  Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

## THE NO LIABILITY CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

7. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

8. A guaranty is a contractual undertaking by one party, the guarantor, to satisfy the obligations of another party, the primary obligor, to a third party, the creditor, in the

3

event of a default by the primary obligor. *See Nanjing Textiles IMP/EXP Corp. v. NCC Sportswear Corp.*, No. 06 Civ. 52(JGK), 2006 WL 2337186, at *13 (S.D.N.Y. Aug. 11, 2006); RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY § 1 cmts. f, g (1996); BLACK'S LAW DICTIONARY (9th ed. 2009); 38 AM. JUR. 2D *Guaranty* § 1 (2014). Like all contracts, acceptance is a crucial element in forming a valid guaranty contract. The United States Supreme Court in *Davis Sewing-Mach. Co. v. Richards*, 115 U.S. 524 (1885), explained:

> A contract of guaranty, like every other contract, can only be made by mutual assent of the parties. . . . [I]f the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is in legal effect an offer or proposal on the part of the guarantor, *needing an acceptance by the other party to complete the contract*.

*Id.* at 525 (emphasis added). Furthermore, under the New York Statute of Frauds, a guaranty contract must be in writing and signed by the guarantor. *See* N.Y. GEN. OBLIG. LAW § 5-701(a)(2) (McKinney 2002); *see also DeRosis v. Kaufman*, 641 N.Y.S.2d 831, 832–34 (N.Y. App. Div. 1996).[1]

        9.      General guaranties are offers that can be accepted by anyone to whom they are presented, and do not necessarily specify the particular transactions that will be guaranteed. *See Evansville Nat'l Bank v. Kaufman*, 93 N.Y. 273, 276 (1883); 38 AM. JUR. 2D *Guaranty* § 14; *see also Philip Carey Co. v. Duffy*, 10 N.Y.S.2d 876, 876 (N.Y. App. Div. 1939) (guarantor provided a letter of credit for buying materials). In contrast, specific guaranties identify the benefiting creditor or, "with precision," the underlying agreements being guaranteed. *See, e.g.*, *Cavendish Traders, Ltd. v. Nice Skate Shoes, Ltd.*, 117 F. Supp. 2d 394, 400 (S.D.N.Y. 2000) (stating that a valid guaranty must describe "with precision the obligation to which the

---

[1] The Plan Administrator reserves all arguments as to whether the Corporate Resolution is a guaranty contract of any kind, as well as whether the Corporate Resolution would satisfy the Statute of Frauds.

4

person is bound"). Acceptance of a general guaranty may be indicated by a party extending credit in reliance on the guaranty—and the extension of credit also qualifies as consideration for the guaranty. *See Evansville Nat'l Bank*, 93 N.Y. at 279; 63 N.Y. JUR. 2D *Guaranty and Suretyship* § 78 (2014); *see also Union Carbide Corp. v. Katz*, 489 F.2d 1374, 1376 (7th Cir. 1973); *Farmers' State Bank of York v. Brock*, 234 N.W. 92, 94 (Neb. 1931) (holding that extending credit in reliance on the guaranty provided consideration for the guaranty).

10. Thus, in order to benefit from a general guaranty, a creditor must have known of the existence of the guaranty and acted in reliance upon its terms when entering into the transaction with the primary obligor. As the court in *Federal Deposit Insurance Corp. v. Schumacher*, 660 F. Supp. 6 (E.D.N.Y. 1984), explained:

> It is, of course, elementary that a creditor's right to enforce a contract of guaranty ***must be based upon knowledge of the existence of the guaranty*** and that the credit must be extended in reliance thereof[.]

*Id.* at 8 (citations omitted) (emphasis added). Indeed, it is well-settled that:

> A "general" guaranty is addressed to persons generally and may be enforced by anyone to whom it is presented although it has been recognized that the person so acting ***must have had definite knowledge of the existence of the guaranty and acted in reliance on it***.

38 AM. JUR. 2D *Guaranty* § 14.

11. Courts consistently apply this test of knowledge and reliance. *See, e.g., Philip Carey Co. v. Duffy*, 10 N.Y.S.2d 876 (N.Y. App. Div. 1939); *see also Joe Balestrieri & Co. v. Comm'r of Internal Revenue*, 177 F.2d 867, 873 (9th Cir. 1949) (recognizing the validity of guaranty claim where guaranty was made at the request of the prospective creditor and was delivered by the primary obligor); *J. C. Wattenbarger & Sons v. Sanders*, 30 Cal. Rptr. 910, 915 (Cal. Ct. App. 1963) (rejecting guaranty claim where there was "no proof that credit was extended with knowledge of it and reliance upon it"); *Calcot Ass'n v. Coast Cotton Mills*, 295

5

P.2d 1, 4 (Cal. Dist. Ct. App. 1956) (recognizing guaranty claim where court recognized that product was delivered to the primary obligor "only because the guaranties had been made").

12. In *Philip Carey Co. v. Duffy*, 10 N.Y.S.2d 876 (N.Y. App. Div. 1939), for example, the primary obligor presented potential creditors with a general letter of credit from its guarantor that was intended by the guarantor (the defendant) to be used to secure debts for materials the primary obligor bought on credit. *Id.* at 876. The court, noting that the plaintiff acted "*in reliance upon that letter and promise of credit*" when the plaintiff sold materials to the primary obligor, held that the plaintiff was "entitled to recover from defendant the agreed price of the materials." *Id.* (emphasis added).

13. Similarly, *Farmers' State Bank of York v. Brock*, 234 N.W. 92, 92–93 (Neb. 1931), concerned a general guaranty signed by the primary obligor's stockholders so that the primary obligor could obtain further extensions of credit. The court granted judgment only to those guaranty claim creditors "who had knowledge of it and extended credit to the association on the faith and credit of it." *Id.* at 94. As for the other creditors who provided insufficient evidence of knowledge and reliance, the court ruled that there was no consideration for the guaranty and denied judgment. *Id.*

14. Claimants provided no evidence that they knew of and relied upon a general guaranty when entering into the transactions underlying their current claims against LBHI, as the law discussed at paragraphs 8 to 13, *supra*, clearly requires; nor have the claimants produced an applicable specific guaranty. Accordingly, the Plan Administrator has no basis for allowing their claims.

15. If the No Liability Claims remain on the claims register, the potential exists for recoveries by parties who do not hold valid claims against LBHI. Accordingly, the

6

Plan Administrator respectfully requests that the Court disallow and expunge the No Liability Claims.

## RESERVATION OF RIGHTS

16. The Plan Administrator reserves all rights to object on any other bases to any No Liability Claim as to which the Court does not grant the relief requested herein. The Plan Administrator reserves the right to conduct further discovery as to the No Liability Claims and any matters raised by claimants and to supplement this and other filings as a result thereof.

## NOTICE

17. No trustee has been appointed in these chapter 11 cases. Notice of this omnibus objection has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

18. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

7

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: June 2, 2014
      New York, New York

/s/ Garrett A. Fail
Peter D. Isakoff
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

# **EXHIBIT A**

## OMNIBUS OBJECTION 468: EXHIBIT A - NO LIABILITY

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 1 | BAYCARE HEALTH SYSTEM | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21628 | $4,414.00 | $4,414.00 | None |
| 2 | BOARD OF RETIREMENT OF THE SAN DIEGO COUNTY EMPLOYEES' RETIREMENT | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21606 | $15,038.00 | $15,038.00 | None |
| 3 | CALIFORNIA PUBLIC EMPLOYEES RETIREMENT SYSTEM | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23613 | $15,941.00 | $15,941.00 | None |
| 4 | CATERPILLAR INC. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21625 | $2,757.00 | $2,757.00 | None |
| 5 | CATERPILLAR INC. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21632 | $3,312.00 | $3,312.00 | None |
| 6 | CATERPILLAR, INC. PENSION MASTER TRUST | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21600 | $16,196.00 | $16,196.00 | None |
| 7 | DALLAS POLICE AND FIRE PENSION SYSTEM | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21601 | $10,140.00 | $10,140.00 | None |
| 8 | EXELON CASH BALANCE SELECT INTERNATIONAL ACCOUNT | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21603 | $2,757.00 | $2,757.00 | None |
| 9 | FIDELITY ADVISOR BALANCED FUND, A SERIES OF FIDELITY ADVISOR SERIES I | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21609 | $26,054.48 | $26,054.48 | None |
| 10 | FIDELITY ADVISOR DIVERSIFIED INTERNATIONAL FUND, | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21608 | $9,193.53 | $9,193.53 | None |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## OMNIBUS OBJECTION 468: EXHIBIT A - NO LIABILITY

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 11 | FIDELITY BALANCED FUND, A SERIES OF FIDELITY PURITAN TRUST | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21615 | $495,035.24 | $495,035.24 | None |
| 12 | FIDELITY GLOBAL BALANCE FUND, A SERIES OF FIDELITY CHARLES STREET | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21612 | $48,566.71 | $48,566.71 | None |
| 13 | FIDELITY GLOBAL CONSUMER INDUSTRIES FUND | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21629 | $15,210.00 | $15,210.00 | None |
| 14 | FIDELITY OVERSEAS FUND, A SERIES OF FIDELITY INVESTMENT TRUST | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21614 | $1,695,186.56 | $1,695,186.56 | None |
| 15 | FIDELITY PACIFIC BASIN FUND, A SERIES OF FIDELITY INVESTMENT TRUST | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21613 | $55,007.13 | $55,007.13 | None |
| 16 | FIDELITY VIP OVERSEAS PORTFOLIO, A SERIES OF VARIABLE INSURANCE | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21611 | $423,035.62 | $423,035.62 | None |
| 17 | FRESNO CITY FIRE AND POLICE RETIREMENT SYSTEM, THE | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21631 | $5,150.00 | $5,150.00 | None |
| 18 | GENERAL MOTORS INVESTMENT MANAGEMENT CORPORATION | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21602 | $13,956.00 | $13,956.00 | None |
| 19 | GENERAL MOTORS TRUST BANK | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21605 | $28,988.00 | $28,988.00 | None |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## OMNIBUS OBJECTION 468: EXHIBIT A - NO LIABILITY

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 20 | IBM CANADA LTD. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21599 | $13,297.00 | $13,297.00 | None |
| 21 | INTERNATIONAL BANK FOR | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21623 | $6,695.00 | $6,695.00 | None |
| 22 | MINNESOTA STATE BOARD OF INVESTMENT | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21624 | $10,857.00 | $10,857.00 | None |
| 23 | OREGON INVESTMENT COUNCIL | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23603 | $3,985.00 | $3,985.00 | None |
| 24 | OREGON INVESTMENT COUNCIL- SELECT INTERNATIONAL | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21604 | $42,366.00 | $42,366.00 | None |
| 25 | PENNSYLVANIA TOBACCO SETTLEMENT | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21626 | $1,453.00 | $1,453.00 | None |
| 26 | PENSION FUND SOCIETY OF THE BANK OF MONTREAL, THE | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21630 | $7,053.00 | $7,053.00 | None |
| 27 | PENSION RESERVES INVESTMENT TRUST | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21627 | $22,635.00 | $22,635.00 | None |
| 28 | PRINCIPAL FUNDS, INC. - INTERNATIONAL FUND I | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21634 | $74,052.00 | $74,052.00 | None |
| 29 | PYRAMIS CANADA SELECT GLOBAL EQUITY TRUST | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21621 | $2,009.00 | $2,009.00 | None |
| 30 | PYRAMIS SELECT GLOBAL EQUITY COMMINGLED POOL | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21607 | $123.00 | $123.00 | None |

## OMNIBUS OBJECTION 468: EXHIBIT A - NO LIABILITY

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 31 | PYRAMIS SELECT INTERNATIONAL EQUITY LLC | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21610 | $726.00 | $726.00 | None |
| 32 | PYRAMIS SELECT INTERNATIONAL EQUITY TRUST | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23614 | $13,888.00 | $13,888.00 | None |
| 33 | SHELL OIL COMPANY | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21622 | $7,421.00 | $7,421.00 | None |
| 34 | STATE OF CONNECTICUT RETIREMENT PLANS AND | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21635 | $18,650.00 | $18,650.00 | None |
| 35 | STATE UNIVERSITIES RETIREMENT SYSTEM | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21633 | $6,989.00 | $6,989.00 | None |
| | | | | | TOTAL | $3,118,137.27 | $3,118,137.27 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
In re                                                            :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., et al.,                           :    08-13555 (SCC)
                                                                 :
                         Debtors.                                :    (Jointly Administered)
-----------------------------------------------------------------x
```

### ORDER GRANTING FOUR HUNDRED SIXTY–EIGHTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILTY CLAIMS)

Upon the four hundred sixty–eighth omnibus objection to claims, dated June 2, 2014 (the "Four Hundred Sixty–Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, seeking to disallow and expunge the No Liability Claims pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], all as more fully described in the Four Hundred Sixty–Eighth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Sixty–Eighth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Sixty–Eighth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Four Hundred Sixty–Eighth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Sixty–Eighth Omnibus Objection to Claims.

ORDERED that the relief requested in the Four Hundred Sixty–Eighth Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the No Liability Claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
      New York, New York

                                                                                   _____
                                                                                   UNITED STATES BANKRUPTCY JUDGE