WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter D. Isakoff
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (SCC)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |

------------------------------------------------------------------x

### NOTICE OF HEARING ON THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIM OF KN ASSET MANAGEMENT CO. (CLAIM NO. 22603)

**PLEASE TAKE NOTICE** that on June 2, 2014 Lehman Brothers Holdings Inc.

("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced

chapter 11 cases, filed its objection to Claim No. 22603 of KN Asset Management Co. (the

"Objection"), and that a hearing (the "Hearing") to consider the Objection will be held before the

Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 621 of the

United States Bankruptcy Court for the Southern District of New York, One Bowling Green,

New York, New York 10004, on **July 16, 2014 at 10:00 a.m. (Eastern Time)**, or as soon

thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in

accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by

registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest,

on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or

any other Windows-based word processing format (with a hard copy delivered directly to

Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i)

the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York

10004, Courtroom 621; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth

Avenue, New York, New York 10153 (Attn: Peter D. Isakoff, Esq., Garrett A. Fail, Esq., and

Jennifer Larson, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S.

Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn:

William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so

filed and received by no later than **July 2, 2014 at 4:00 p.m. (Eastern Time)** (the "Response

Deadline").

2

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Objection, the Plan Administrator may, on or after the Response

Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed

order annexed to the Objection, which order may be entered with no further notice or opportunity

to be heard offered to any party.

Dated: June 2, 2014
      New York, New York

                          /s/ Garrett A. Fail
                          Peter D. Isakoff
                          Garrett A. Fail

                          WEIL, GOTSHAL & MANGES LLP
                          767 Fifth Avenue
                          New York, New York 10153
                          Telephone: (212) 310-8000
                          Facsimile: (212) 310-8007

                          Attorneys for Lehman Brothers Holdings Inc.
                          and Certain of Its Affiliates

3

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter D. Isakoff
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                        :    **Chapter 11 Case No.**
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (SCC)**
                                                             :
                          Debtors.              :    **(Jointly Administered)**
-------------------------------------------------------------------x

## THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIM
## OF KN ASSET MANAGEMENT CO. (CLAIM NO. 22603)

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

           Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases

(collectively, the "Chapter 11 Estates"), respectfully represents as follows:

### RELIEF REQUESTED

        1.    KN Asset Management Co. ("KN Asset") filed proof of claim number

22603 (the "Claim") against LBHI based upon a purported guaranty of the obligations of

Lehman Brothers Japan, Inc. ("LBJ").  After reviewing the Claim and the documentation

provided in support thereof, including documentation produced in response to a subpoena, the

Plan Administrator has determined that LBHI is not liable to KN Asset.  Accordingly, the Plan

1

Administrator files this objection pursuant to section 502(b) of title 11 of the United States Code
(the "<u>Bankruptcy Code</u>") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the
"<u>Bankruptcy Rules</u>"), seeking disallowance and expungement of the Claim.

## <u>JURISDICTION</u>

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.
§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## <u>BACKGROUND</u>

**A.      <u>General Background</u>**

3.      Commencing on September 15, 2008 and periodically thereafter, LBHI
and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the
Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only
and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.      On December 6, 2011, the Court entered an order confirming the Plan.
The Plan became effective on March 6, 2012.  Pursuant to the Plan, the Plan Administrator is
authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**B.      <u>The Claim</u>**

5.      KN Asset asserts that LBHI, as an alleged guarantor, is liable for amounts
purportedly owed to KN Asset by LBJ.  KN Asset relies on a Resolution from the Board of
Directors of LBHI, dated June 9, 2005, a copy of which is attached hereto as <u>Exhibit A</u>
(hereinafter referred to as the "<u>Corporate Resolution</u>").

6.      KN Asset produced documents in response to a subpoena issued by the
Plan Administrator.  Despite its document production, however, and despite having ample
opportunity to demonstrate that it knew of the Corporate Resolution before entering into the
relevant transactions, KN Asset has provided no such evidence.

2

## THE CLAIM SHOULD BE DISALLOWED AND EXPUNGED

7.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

8.      A guaranty is a contractual undertaking by one party, the guarantor, to satisfy the obligations of another party, the primary obligor, to a third party, the creditor, in the event of a default by the primary obligor.  *See Nanjing Textiles IMP/EXP Corp. v. NCC Sportswear Corp.*, No. 06 Civ. 52(JGK), 2006 WL 2337186, at *13 (S.D.N.Y. Aug. 11, 2006); RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY § 1 cmts. f, g (1996); BLACK'S LAW DICTIONARY (9th ed. 2009); 38 AM. JUR. 2D *Guaranty* § 1 (2014).  Like all contracts, acceptance is a crucial element in forming a valid guaranty contract.  The United States Supreme Court in *Davis Sewing-Mach. Co. v. Richards*, 115 U.S. 524 (1885), explained:

> A contract of guaranty, like every other contract, can only be made by mutual assent of the parties. . . . [I]f the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is in legal effect an offer or proposal on the part of the guarantor, *needing an acceptance by the other party to complete the contract*.

*Id.* at 525 (emphasis added).  Furthermore, under the New York Statute of Frauds, a guaranty contract must be in writing and signed by the guarantor.  *See* N.Y. GEN. OBLIG.

LAW § 5-701(a)(2) (McKinney 2002); *see also DeRosis v. Kaufman*, 641 N.Y.S.2d 831,

832–34 (N.Y. App. Div. 1996).[1]

9.      General guaranties are offers that can be accepted by anyone to whom

they are presented, and do not necessarily specify the particular transactions that will be

guaranteed.  *See Evansville Nat'l Bank v. Kaufman*, 93 N.Y. 273, 276 (1883); 38 AM. JUR. 2D

*Guaranty* § 14; *see also Philip Carey Co. v. Duffy*, 10 N.Y.S.2d 876, 876 (N.Y. App. Div. 1939)

(guarantor provided a letter of credit for buying materials).  In contrast, specific guaranties

identify the benefiting creditor or, "with precision," the underlying agreements being guaranteed.

*See, e.g.*, *Cavendish Traders, Ltd. v. Nice Skate Shoes, Ltd.*, 117 F. Supp. 2d 394, 400 (S.D.N.Y.

2000) (stating that a valid guaranty must describe "with precision the obligation to which the

person is bound").  Acceptance of a general guaranty may be indicated by a party extending

credit in reliance on the guaranty—and the extension of credit also qualifies as consideration for

the guaranty.  *See Evansville Nat'l Bank*, 93 N.Y. at 279; 63 N.Y. JUR. 2D *Guaranty and

Suretyship* § 78 (2014); *see also Union Carbide Corp. v. Katz*, 489 F.2d 1374, 1376 (7th Cir.

1973); *Farmers' State Bank of York v. Brock*, 234 N.W. 92, 94 (Neb. 1931) (holding that

extending credit in reliance on the guaranty provided consideration for the guaranty).

10.      Thus, in order to benefit from a general guaranty, a creditor must have

known of the existence of the guaranty and acted in reliance upon its terms when entering into

the transaction with the primary obligor.  As the court in *FDIC v. Schumacher*, 660 F. Supp. 6

(E.D.N.Y. 1984), explained:

> It is, of course, elementary that a creditor's right to enforce a contract of
> guaranty ***must be based upon knowledge of the existence of the guaranty***
> and that the credit must be extended in reliance thereof[.]

---

[1] The Plan Administrator reserves all arguments as to whether the Corporate Resolution is a guaranty contract of
any kind, as well as whether the Corporate Resolution would satisfy the Statute of Frauds.

4

*Id.* at 8 (citations omitted) (emphasis added).  Indeed, it is well-settled that:

> A "general" guaranty is addressed to persons generally and may be enforced by anyone to whom it is presented although it has been recognized that the person so acting ***must have had definite knowledge of the existence of the guaranty and acted in reliance on it***.

38 AM. JUR. 2D *Guaranty* § 14.

11.    Courts consistently apply this test of knowledge and reliance.  *See, e.g., Philip Carey Co. v. Duffy*, 10 N.Y.S.2d 876 (N.Y. App. Div. 1939); *see also Joe Balestrieri & Co.* v. *Comm'r of Internal Revenue*, 177 F.2d 867, 873 (9th Cir. 1949) (recognizing the validity of guaranty claim where guaranty was made at the request of the prospective creditor and was delivered by the primary obligor); *J. C. Wattenbarger & Sons v. Sanders*, 30 Cal. Rptr. 910, 915 (Cal. Ct. App. 1963) (rejecting guaranty claim where there was "no proof that credit was extended with knowledge of it and reliance upon it"); *Calcot Ass'n v. Coast Cotton Mills*, 295 P.2d 1, 4 (Cal. Dist. Ct. App. 1956) (recognizing guaranty claim where court recognized that product was delivered to the primary obligor "only because the guaranties had been made").

12.    In *Philip Carey Co. v. Duffy*, 10 N.Y.S.2d 876 (N.Y. App. Div. 1939), for example, the primary obligor presented potential creditors with a general letter of credit from its guarantor that was intended by the guarantor (the defendant) to be used to secure debts for materials the primary obligor bought on credit.  *Id.* at 876.  The court, noting that the plaintiff acted "*in reliance upon that letter and promise of credit*" when the plaintiff sold materials to the primary obligor, held that the plaintiff was "entitled to recover from defendant the agreed price of the materials."  *Id.* (emphasis added).

13.    Similarly, *Farmers' State Bank of York v. Brock*, 234 N.W. 92, 92–93 (Neb. 1931), concerned a general guaranty signed by the primary obligor's stockholders so that the primary obligor could obtain further extensions of credit.  The court granted judgment only to

those guaranty claim creditors "who had knowledge of it and extended credit to the association on the faith and credit of it." *Id.* at 94. As for the other creditors who provided insufficient evidence of knowledge and reliance, the court ruled that there was no consideration for the guaranty and denied judgment. *Id.*

14.   To the extent that the Corporate Resolution is deemed to be a guaranty at all, it would be, at best, a general, rather than specific, guaranty. The Corporate Resolution broadly provides that LBHI "fully guarantees the payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A hereto." *See* Ex. B p. 2. It does not identify any particular counterparties or transactions to which it might apply, much less "with precision." *See Cavendish Traders, Ltd.*, 117 F. Supp. 2d at 400. Accordingly, if the Corporate Resolution is deemed to be a guaranty at all, it would be enforceable only by those creditors that knew of and relied upon it when transacting business with one of the LBHI subsidiaries listed in Schedule A to the resolution.

15.   The Claim appears to rest entirely on the Corporate Resolution. The Claim does not meet the basic threshold of proof necessary here: that KN Asset knew of the Corporate Resolution and relied upon it as a guaranty when entering into the transactions underlying the Claim against LBHI, as the law discussed at paragraphs 8 to 13, *supra*, clearly requires. Consequently, KN Asset does not have a valid guaranty claim against LBHI, and the Plan Administrator has no basis for allowing the Claim.

16.   If the Claim remains on the claims register, the potential exists for recovery by a party who does not hold a valid claim against LBHI. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the Claim.

## RESERVATION OF RIGHTS

17.     The Plan Administrator reserves all rights to object on any other bases to the Claim.  The Plan Administrator reserves the right to conduct further discovery as to the Claim and any matters raised by KN Asset and to supplement this and other filings as a result thereof.

## NOTICE

18.     No trustee has been appointed in these chapter 11 cases.  Notice of this objection has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) KN Asset; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

19.     No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

7

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: June 2, 2014
        New York, New York

/s/ Garrett A. Fail
Peter D. Isakoff
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

8

**EXHIBIT A**

'06/03/2005    16:41    LEHMAN → 916467582653                    NO.504    P01

# UNANIMOUS WRITTEN CONSENT OF THE

## EXECUTIVE COMMITTEE OF THE

## BOARD OF DIRECTORS OF

## LEHMAN BROTHERS HOLDINGS INC.

The undersigned, being both members of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., a Delaware corporation (the "Corporation"), do hereby adopt the following resolutions by unanimous written consent in lieu of a meeting in accordance with Section 141(f) of the General Corporation Law of the State of Delaware:

WHEREAS, the Corporation has previously authorized by specific resolution, which authority has not been revoked (the "Outstanding Guarantee Resolutions"), the guarantee of all or specified obligations and liabilities of certain direct and indirect subsidiaries of the Corporation, each of which is a "Guaranteed Subsidiary" as such term is used in the Corporation's Code of Authorities as currently in effect (the "Code"),

WHEREAS, certain of the Guaranteed Subsidiaries presently enjoy full guarantees while others have only partial guarantees, and the Corporation now wishes to expand such partial guarantees to full guarantees,

WHEREAS, due to the passage of time the names of certain of the Guaranteed Subsidiaries have changed, rendering the Outstanding Guarantee Resolutions out of date to that extent,

WHEREAS, the Corporation wishes to clarify that its guarantee of any Guaranteed Subsidiary with respect to any given transaction is not contingent upon the issuance of a signed guarantee pertaining to such transaction,

WHEREAS, Management wishes to establish additional Guaranteed Subsidiaries,

WHEREAS, Management wishes to specify that to the extent lawful and allowable, guarantees issued by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, so as to secure certain tax and accounting benefits, and

WHEREAS, Management believes that it would facilitate the conduct of the business of the Corporation to supersede and replace the various Outstanding Guarantee Resolutions in their entirety with this single document,

**NOW THEREFORE BE IT,**

06-09-05   11:31   JDM INVESTMENTS                    ID=2623380294                P.02
                                                                          NO.290   004
                                                                          NO.504   002

  06.05.2005   29:11     E-FAX - 9120237382094
  26/08/2005   16:41     LEHMAN + 916467582653

**RESOLVED,** that the Corporation hereby fully guarantees the payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A hereto, each of which shall be a Guaranteed Subsidiary for purposes of the Code;

**RESOLVED,** that the Outstanding Guarantee Resolutions are hereby superseded and replaced in their entirety with this single document, provided that any guarantees provided pursuant to the Outstanding Guarantee Resolutions and outstanding on the date hereof, whether in the form of a separately executed individual guarantee or otherwise, shall remain issued, outstanding and valid for all purposes;

**RESOLVED,** that guarantees provided by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, to the extent lawful and allowable, as specified on Schedule A hereto;

**RESOLVED,** that each of the persons listed in the Code (as it may be amended from time to time) as being authorized to approve individual guarantees issued by the Corporation with respect to Guaranteed Subsidiaries, or any proper delegee thereof (collectively, "Authorized Persons"), are hereby authorized, in the name and on behalf of the Corporation, to execute such guarantees in such form as is approved by an attorney of the Corporation and such Authorized Person, subject to any limitations specified herein, his or her execution of each such guarantee to be conclusive evidence of approval thereof; and to do such other acts and things as may be advisable or necessary in order to effect the purposes and intent of these resolutions; and

**FURTHER RESOLVED,** that any and all actions contemplated by the foregoing resolutions and taken by such Authorized Persons prior to the date hereof are hereby ratified, confirmed and approved in all respects.

Dated: June 9, 2005

_____            _____
Richard S. Fuld, Jr.                      John D. Macomber

2

**Schedule A**
**to LBHI Unanimous Written Consent**
**dated June 9 , 2005**

| | Name of Subsidiary | Issue Corporation guarantee from branch located in London, England, to the extent lawful and allowable? |
|---|---|---|
| 1. | Lehman Brothers Asia Holdings Limited | No |
| 2. | Lehman Brothers Bankhaus A.G. | Yes (London branch of such subsidiary only) |
| 3. | Lehman Brothers Commercial Bank | No |
| 4. | Lehman Brothers Commercial Corporation | No |
| 5. | Lehman Brothers Commercial Corporation Asia Limited | No |
| 6. | Lehman Brothers Equity Finance (Cayman) Limited | No |
| 7. | Lehman Brothers Finance S.A. | No |
| 8. | Lehman Brothers Holdings Plc | Yes |
| 9. | Lehman Brothers International (Europe) | Yes |
| 10. | Lehman Brothers Japan Inc. | No |
| 11. | Lehman Brothers (Luxembourg) Equity Finance S.A. | No |
| 12. | Lehman Brothers (Luxembourg) S.A. | No |
| 13. | Lehman Brothers OTC Derivatives Inc. | No |
| 14. | Lehman Brothers Securities Asia Limited | No |
| 15. | Lehman Brothers Securities N.V. | No |
| 16. | Lehman Brothers Special Financing Inc. | No |
| 17. | Lehman Brothers Treasury Co. B.V. | No |
| 18. | Lehman Re Limited | No |

3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                       :        **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**    :        **08-13555 (SCC)**
                                                            :
                            **Debtors.**                    :        **(Jointly Administered)**
------------------------------------------------------------------x

### ORDER GRANTING OBJECTION TO CLAIM
### OF KN ASSET MANGEMENT CO. (CLAIM NO. 22603)

Upon the objection, dated June 2, 2014 (the "Objection"),[1] of Lehman Brothers

Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and its Affiliated Debtors, seeking to disallow and expunge

proof of claim number 22603 (the "Claim") filed by KN Asset Management Co. pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 3007 of

the Federal Rules of Bankruptcy Procedure, all as more fully described in the Objection; and due

and proper notice of the Objection having been provided, and it appearing that no other or further

notice need be provided; and the Court having found and determined that the relief sought in the

Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in

interest, and that the legal and factual bases set forth in the Objection establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claim is

disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Objection.

matters arising from or related to this Order.

Dated: _____, 2014
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44493203\4\58399.0011