# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-418
www.rkmc.com

ATTORNEYS AT LAW

Thomas F. Berndt
TFBerndt@rkmc.com
612-349-0930

*Via ECF, email and FedEx*

June 3, 2014

The Honorable Shelley C. Chapman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   *In re: Lehman Brothers Holdings Inc., et al.* (Case No. 08-13555)

Dear Judge Chapman,

I write on behalf of creditor Federal Home Loan Bank of Pittsburgh ("Pittsburgh FHLB") to supplement its July 25, 2013 Response to Debtors' Objection (ECF 39014). I write to inform the Court about new authority that may simplify the Court's analysis in this matter.

## I.   Summary of claims

Pittsburgh FHLB filed two claims for damages it incurred on residential mortgage-backed securities ("RMBS") it purchased from Lehman Brothers, Inc. ("LBI"). The first, Claim 18987, is against LBI's parent, Debtor Lehman Brothers Holdings, Inc. ("LBHI"), for losses suffered on the following six RMBS:

| CUSIP | Depositor | Issuing Entity | Underwriter |
|---|---|---|---|
| 52520SAC4 | SASCO | Lehman Mortgage Trust 2006-8 | LBI |
| 863581AF1 | SASCO | Structured Adjustable Rate Mortgage Loan Trust, Series 2006-6 | LBI |
| 86364YAH7 | SASCO | Structured Adjustable Rate Mortgage Loan Trust, Series 2007-11 | LBI |
| 86364PAD5 | SASCO | Structured Adjustable Rate Mortgage Loan Trust, Series 2007-10 | LBI |
| 86360NAR3 | SASCO | Structured Adjustable Rate Mortgage Loan Trust, Series 2006-5 | LBI |

June 3, 2014
Page 2

| 76114GAC1*<br>*Only included in Claim 18987 | IndyMac MBS, Inc. | Residential Asset Securitization Trust 2006–A16 | LBI/Goldman Sachs & Co. |

The second, Claim 18988, is against Debtor Structured Asset Securities, Corp. ("SASCO") for losses suffered on the first five RMBS listed in the chart above, for which SASCO was depositor (the "SASCO RMBS"). Because SASCO was not the depositor for the sixth RMBS, 76114GAC1 ("GAC1"), this RMBS is only included in FHLBP's Claim 18987 against LBHI.

## II. Supplemental authority

On January 27, 2014, Judge Peck subordinated two groups of claims under Bankruptcy Code section 510(b) in LBI's SIPA liquidation. *In re Lehman Bros.*, 503 B.R. 778 (Bankr. S.D.N.Y. 2014). Creditors in the first group sought breach of contract damages for LBI's failure to execute an order to sell LBHI bonds. *Id.* at 779. Creditors in the second group were co-underwriters with LBI in the public offering of these LBHI bonds. They sought contribution from LBI to defend and settle investor claims against them. *Id.* The central dispute as to section 510(b) was not whether the securities were "of the debtor or of an affiliate of the debtor." Indeed, both sets of bonds were "of" LBHI in that they were debt obligations of LBHI. *Id.* at 783–84. Rather, the dispute was how to interpret the statutory mechanism to subordinate claims. *Id.* at 784. The creditors argued section 510(b)'s language was ambiguous and urged the court to explore its underlying policy objectives. *Id.* Judge Peck refused to look beyond section 510(b)'s plain language, stating, "legislative history is not needed when the language of the statute is clear." *Id.* at 786. He criticized the creditors' arguments as "fail[ing] to recognize the common meaning of the words used in the statute." *Id.* at 784. Judge Peck's opinion upheld a "common sense interpretation of section 510(b)," finding that, "when the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *Id.* at 783–85.

On May 14, 2014, this Court granted the Four-Hundred Sixty-Second Omnibus Objection to Claims, which subordinated under section 510(b) claims of various creditors that had underwritten offerings of LBHI notes and preferred

June 3, 2014
Page 3

stock.[1] These securities were "issued by" LBHI in the sense that they represented either a debt obligation of or an equity interest in LBHI.[2]

### III. Section 510(b)'s plain language applies to securities "of the debtor," not RMBS.

Section 510(b)'s plain language applies only if the securities on which the claim is based are "of the debtor or of an affiliate of the debtor." 11 U.S.C. § 510(b). But the six RMBS on which FHLBP's claims are based are not "of" the Debtors. They do not represent debt obligations of or equity interests in the Debtors. The offering documents filed with the Securities Exchange Commission confirm this fact—the Prospectus Supplements for the five SASCO RMBS state that "[t]he certificates will represent interests in the issuing entity only and will not represent interests in or obligations of the sponsor, the depositor or any of their affiliates or any other party."[3] Debtors' disclaimer of any affiliation with the issuing trusts—which mimics section 510(b)'s wording by stating the RMBS are not "*of* the sponsor, the depositor, or any of their affiliates"—is an admission by which Debtors should be bound. Debtors cannot be allowed to disclaim any affiliation with the trusts for purposes of limiting potential liability, while simultaneously claiming affiliation with the trusts for purposes of subordinating creditor claims. Because section 510(b)'s plain language requires the securities to be "of the debtor or of an affiliate of the debtor" and because Debtors' own Prospectus Supplements confirm that the RMBS are not "of the sponsor, the depositor or any of their affiliates," section 510(b) is inapplicable.

While Debtors do not dispute that the bonds represent interests only in the non-Debtor issuing trusts, Debtors nonetheless seek subordination based on their argument that securities "issued by the debtor" are securities "of the debtor." Debtors contend that the SASCO RMBS are "of the debtor" because the securities laws consider SASCO, as depositor, to be an "issuer" for regulatory purposes.

This argument, however, is misplaced for several reasons. As Pittsburgh FHLB argues in its Response, the trusts—which are listed in the Prospectus Supplements as issuing entities—are the true issuers because the certificates

---

[1] Order Granting the Four Hundred Sixty-Second Omnibus Objection to Claims, Case No. 08-13555 (SCC) (Bankr. S.D.N.Y. May 14, 2014) (ECF No. 44329).

[2] *See* Proofs of Claims 26974, 26975, 26984.

[3] FHLBP provided the Court with exemplars of these Prospectus Supplements in a May 12, 2014 letter (ECF 44285).

June 3, 2014
Page 4

---

represent an interest in the trusts, not SASCO. Notably, the only court to decide section 510(b)'s applicability to RMBS for which the debtor and its affiliates acted as sponsor, depositor, and underwriter held that section 510(b) was inapplicable because the RMBS were issued by the non-debtor trusts. *In re Wash. Mut., Inc.*, 462 B.R. 137, 146–47 (D. Del. 2011).

An additional flaw is that Debtors' argument is based on the false premise that, because section 510(b) often applies to securities issued by the debtor, this is necessarily so, even where the debtor is only deemed to be an "issuer" for limited purposes under the securities laws. As illustrated by the LBHI securities subordinated by Judge Peck in his January 27, 2014 Opinion and by this Court in its May 14, 2014 Order, securities issued by the debtor are often "of the debtor." Indeed, in each of those cases the securities were "issued by" LBHI in the sense that they conveyed a debt obligation of or an equity interest in LBHI. Here, SASCO was not an "issuer" in this traditional sense, but is only deemed to be an issuer for regulatory purposes under the securities laws. In this unique situation, even if the securities laws consider SASCO an "issuer," the RMBS are not "of" SASCO because they do not represent a debt obligation of or equity interest in SASCO.

But, as illustrated by Judge Peck's January 14, 2014 Opinion, the Court need not analyze whether SASCO is an "issuer" because section 510(b)'s plain language does not contain any form of the word "issuer." Rather, by its terms, section 510(b) only applies to securities "of the debtor or of an affiliate of the debtor." As Judge Peck noted, section 510(b)'s plain language controls. A "common sense" reading of the phrase "a security of the debtor" refers to a security that represents a debt obligation of or equity interest in the debtor. Debtors' argument seeks to replace section 510(b)'s plain language with a different standard based on faulty premises. If Congress wanted section 510(b) to apply to securities issued by the Debtor rather than securities "of the debtor," it would have provided so explicitly. Because section 510(b) only applies to securities "of" the debtor or a debtor affiliate and because the RMBS are not "of" SASCO or any of its affiliates, section 510(b) is inapplicable.

Lastly, Debtors' "issuer" argument fails as to GAC1 because SASCO did not act as depositor for this RMBS. Rather, the depositor for GAC1 was IndyMac, which is neither a Debtor nor Debtor affiliate. Because Debtors have not asserted any reason to consider GAC1 "of" the Debtor or its affiliates, Debtors have not met their burden of showing that GAC1 is subject to section 510(b) subordination.

June 3, 2014
Page 5

Sincerely,

Thomas F. Berndt

cc:  Jonathan S. Hennes, Kirkland & Ellis LLP (Via ECF, email and FedEx)
     Richard P. Krasnow, Weil Gotshal & Manges LLP (Via email and FedEx)