# EXHIBIT G

Court File No. CV-10-8637-00CL

## ONTARIO
## SUPERIOR COURT OF JUSTICE
## (COMMERCIAL LIST)

| | | |
|---|---|---|
| THE HONOURABLE MR | ) | TUES DAY, THE 30ᵗʰ DAY |
| | ) | |
| JUSTICE MORAWETZ | ) | OF MARCH, 2010 |

**IN THE MATTER OF THE RECEIVERSHIP OF
INTERWIND CORP.**

BETWEEN:

**HSH NORDBANK AG, NEW YORK BRANCH**
as administrative and collateral agent

**Applicant**

- and -

**INTERWIND CORP.**

**Respondent**

(Application under s. 243(1) of the *Bankruptcy and Insolvency Act* for a national receiver and s. 101 the *Courts of Justice Act* for a receiver)

## ORDER

THIS APPLICATION made by the Applicant, HSH Nordbank AG, New York Branch ("HSH Nordbank"), for an Order pursuant to section 243(1) of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended (the "BIA") and section 101 of the *Courts of Justice Act*, R.S.O. 1990, c. C.43, as amended (the "CJA") appointing PricewaterhouseCoopers Inc. as receiver (in such capacities, the "Receiver") without security, of all of the assets, undertakings and properties of the Respondent, Interwind Corp. (formerly known as SkyPower Corp.) (the

TOR_P2Z:4425208.4

"Debtor" or "Interwind"), acquired for, or used in relation to a business formerly carried on by the Debtor, was heard this day at 330 University Avenue, Toronto, Ontario.

ON READING the Notice of Application of HSH Nordbank; the affidavit of Charles Lansdown sworn March 24, 2010, and the Exhibits thereto; the Motion Record of HSH Nordbank for a Motion returnable March 30, 2010, seeking to substitute PricewaterhouseCoopers Inc. as Monitor of Interwind in Court File No. 09-8321-00CL (the "CCAA Proceeding"); the Motion Record of KPMG Inc. (the "Initial Monitor") for a motion returnable March 30, 2010, in the CCAA Proceeding; the Eleventh Report of the Initial Monitor dated March 19, 2010, and the Twelfth Report of the Initial Monitor dated March 28, 2010, in the CCAA Proceeding; the Motion Record of Interwind for a motion returnable March 30, 2010, in the CCAA Proceeding; and the Responding Motion Record of Lehman Brothers Holdings Inc. ("Lehman") containing the affidavit of Andrew Grapkowski sworn on March 29, 2010; and on hearing the submissions of counsel for HSH Nordbank, the Applicant, the Initial Monitor, Lehman, and PricewaterhouseCoopers Inc., no one appearing for any other person on the Service List although duly served; and on reading the consent of PricewaterhouseCoopers Inc. to act as the Receiver,

**SERVICE**

1.      THIS COURT ORDERS that the time for service of the Notice of Application and the Application is hereby abridged and validated so that this application is properly returnable today and hereby dispenses with further service thereof.

**LIFTING THE STAY UNDER THE INITIAL CCAA ORDER**

2.     THIS COURT ORDERS that the stay of proceedings (the "Stay of Proceedings") imposed by the Order of Mr. Justice Morawetz dated August 12, 2009, as amended, in Court File No. 09-8321-00CL (the "CCAA Proceeding") is hereby lifted for the sole and limited purposes of permitting:

    (a)     HSH Nordbank to deliver a notice of intention to enforce security under section 244(1) of the *Bankruptcy and Insolvency Act*; and

    (b)     This Honourable Court to appoint PricewaterhouseCoopers Inc. as Receiver of Interwind with all of the authority, rights and powers set out in this Order before the expiry of 10 days after the day on which HSH Nordbank sends notice under subsection 244(1) of the BIA.

3.     THIS COURT ORDERS that the Stay of Proceedings shall continue to apply in all other respects.

**APPOINTMENT**

4.     THIS COURT ORDERS that pursuant to section 243(1) of the BIA and section 101 of the CJA, PricewaterhouseCoopers Inc. is hereby appointed Receiver, without security, of all of the assets, undertakings and properties of the Debtor acquired for, or used in relation to a business formerly carried on by the Debtor, including all proceeds thereof but not including the equipment (the "Equipment") listed on Exhibit 1 to Schedule 1.1(nn) to the Share Purchase Agreement dated December 15, 2009 between Interwind Corp. and enXco Service Corporation (the "Property"). For greater certainty, the Equipment shall remain in the possession of the Debtor and the Receiver shall have no liability resulting therefrom or in connection therewith.

**RECEIVER'S POWERS**

5. THIS COURT ORDERS that the Receiver is hereby empowered and authorized, but not obligated, to act at once in respect of the Property and, without in any way limiting the generality of the foregoing, the Receiver is hereby expressly empowered and authorized to do any of the following where the Receiver considers it necessary or desirable:

    (a) to exercise any authority, power, privilege or right the Debtor has under any Order in the CCAA Proceeding;

    (b) to take possession of and exercise control over the Property and any and all proceeds, receipts and disbursements arising out of or from the Property;

    (c) to receive, preserve, and protect of the Property, or any part or parts thereof, including, but not limited to, the changing of locks and security codes, the relocating of Property to safeguard it, the engaging of independent security personnel and the placement of such insurance coverage as may be necessary or desirable;

    (d) to engage consultants, appraisers, agents, experts, auditors, accountants, managers, counsel and such other persons from time to time and on whatever basis, including on a temporary basis, to assist with the exercise of the Receiver's powers and duties, including without limitation those conferred by this Order;

(e) to receive and collect all monies and accounts now owed or hereafter owing to the Debtor and to exercise all remedies of the Debtor in collecting such monies, including, without limitation, to enforce any security held by the Debtor and to resolve the proofs of claim filed in the bankruptcy proceedings of Lehman Brothers Holdings Inc. and Lehman Brothers Special Financing Inc.;

(f) to settle, extend or compromise any indebtedness owing to the Debtor;

(g) to execute, assign, issue and endorse documents of whatever nature in respect of any of the Property, whether in the Receiver's name or in the name and on behalf of the Debtor, for any purpose pursuant to this Order;

(h) to undertake environmental safety assessments of the Property of the Debtor;

(i) to initiate, prosecute and continue the prosecution of any and all proceedings and to defend all proceedings now pending or hereafter instituted with respect to the Debtor, the Property or the Receiver, and to settle or compromise any such proceedings. The authority hereby conveyed shall extend to such appeals or applications for judicial review in respect of any order or judgment pronounced in any such proceeding;

(j) to market any or all of the Property, including advertising and soliciting offers in respect of the Property or any part or parts thereof and

negotiating such terms and conditions of sale as the Receiver in its discretion may deem appropriate;

(k)  to sell, convey, transfer, lease or assign the Property or any part or parts thereof with the approval of this Court and in each such case notice under subsection 63(4) of the Ontario *Personal Property Security Act* shall not be required, and in each case the Ontario *Bulk Sales Act* shall not apply;

(l)  to apply for any vesting order or other orders necessary to convey the Property or any part or parts thereof to a purchaser or purchasers thereof, free and clear of any liens or encumbrances affecting such Property;

(m)  to report to, meet with and discuss with such affected Persons (as defined below) as the Receiver deems appropriate on all matters relating to the Property and the receivership, and to share information, subject to such terms as to confidentiality as the Receiver deems advisable;

(n)  to register a copy of this Order and any other Orders in respect of the Property against title to any of the Property;

(o)  to apply for any permits, licences, approvals or permissions as may be required by any governmental authority and any renewals thereof for and on behalf of and, if thought desirable by the Receiver, in the name of the Debtor;

(p)  to assign the Debtor into bankruptcy without leave of the Court;

(q) to enter into agreements with any trustee in bankruptcy appointed in respect of the Debtor, including, without limiting the generality of the foregoing, the ability to enter into occupation agreements for any property owned or leased by the Debtor;

(r) to exercise any shareholder, partnership, joint venture or other rights which the Debtor may have;

(s) to provide funding to the Debtor required to maintain and secure the Equipment;

(t) to cause the Debtor to abandon the Equipment, if necessary; and

(u) to take any steps reasonably incidental to the exercise of these powers or the performance of any statutory obligations;

and in each case where the Receiver takes any such actions or steps, it shall be exclusively authorized and empowered to do so, to the exclusion of all other Persons (as defined below), including the Debtor, and without interference from any other Person.

**DUTY TO PROVIDE ACCESS AND CO-OPERATION TO THE RECEIVER**

6. THIS COURT ORDERS that (i) the Debtor, (ii) all of its current and former directors, officers, employees, agents, accountants, legal counsel and shareholders, and all other persons acting on its instructions or behalf, and (iii) all other individuals, firms, corporations, governmental bodies or agencies, or other entities having notice of this Order (all of the foregoing, collectively, being "Persons" and each being a "Person") shall forthwith advise the Receiver of the existence of any Property in such Person's possession or control, shall grant

immediate and continued access to the Property to the Receiver, and shall deliver all such Property to the Receiver upon the Receiver's request.

7. THIS COURT ORDERS that all Persons shall forthwith advise the Receiver of the existence of any books, documents, securities, contracts, orders, corporate and accounting records, and any other papers, records and information of any kind related to the business or affairs of the Debtor, and any computer programs, computer tapes, computer disks, or other data storage media containing any such information (the foregoing, collectively, the "Records") in that Person's possession or control, and shall provide to the Receiver or permit the Receiver to make, retain and take away copies thereof and grant to the Receiver unfettered access to and use of accounting, computer, software and physical facilities relating thereto, provided however that nothing in this paragraph 5 or in paragraph 6 of this Order shall require the delivery of Records, or the granting of access to Records, which may not be disclosed or provided to the Receiver due to the privilege attaching to solicitor-client communication or due to statutory provisions prohibiting such disclosure.

8. THIS COURT ORDERS that if any Records are stored or otherwise contained on a computer or other electronic system of information storage, whether by independent service provider or otherwise, all Persons in possession or control of such Records shall forthwith give unfettered access to the Receiver for the purpose of allowing the Receiver to recover and fully copy all of the information contained therein whether by way of printing the information onto paper or making copies of computer disks or such other manner of retrieving and copying the information as the Receiver in its discretion deems expedient, and shall not alter, erase or destroy any Records without the prior written consent of the Receiver. Further, for the purposes of this paragraph, all Persons shall provide the Receiver with all such assistance in gaining immediate

access to the information in the Records as the Receiver may in its discretion require including providing the Receiver with instructions on the use of any computer or other system and providing the Receiver with any and all access codes, account names and account numbers that may be required to gain access to the information.

**NO PROCEEDINGS AGAINST THE RECEIVER**

9. THIS COURT ORDERS that no proceeding or enforcement process in any court or tribunal (each, a "Proceeding"), shall be commenced or continued against the Receiver except with the written consent of the Receiver or with leave of this Court, provided however that this stay and suspension does not apply in respect of any "eligible financial contract" as defined in the BIA, and further provided that nothing in this paragraph shall exempt the Receiver or the Debtor from compliance with statutory or regulatory provisions relating to health, safety or the environment.

**NO INTERFERENCE WITH THE RECEIVER**

10. THIS COURT ORDERS that no Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, licence or permit in favour of or held by the Debtor, without written consent of the Receiver or leave of this Court.

**RECEIVER TO HOLD FUNDS**

11. THIS COURT ORDERS that all funds, monies, cheques, instruments, and other forms of payments received or collected by the Receiver from and after the making of this Order from any source whatsoever, including without limitation the sale of all or any of the Property and the collection of any accounts receivable in whole or in part, whether in existence on the date of this

Order or hereafter coming into existence, shall be deposited into one or more new accounts to be opened by the Receiver (the "Post Receivership Accounts") and the monies standing to the credit of such Post Receivership Accounts from time to time, net of any disbursements provided for herein, shall be held by the Receiver to be paid in accordance with the terms of this Order or any further Order of this Court.

**PIPEDA**

12.    THIS COURT ORDERS that, pursuant to clause 7(3)(c) of the Canada *Personal Information Protection and Electronic Documents Act*, the Receiver shall disclose personal information of identifiable individuals to prospective purchasers or bidders for the Property and to their advisors, but only to the extent desirable or required to negotiate and attempt to complete one or more sales of the Property (each, a "Sale"). Each prospective purchaser or bidder to whom such personal information is disclosed shall maintain and protect the privacy of such information and limit the use of such information to its evaluation of the Sale, and if it does not complete a Sale, shall return all such information to the Receiver, or in the alternative destroy all such information. The purchaser of any Property shall be entitled to continue to use the personal information provided to it, and related to the Property purchased, in a manner which is in all material respects identical to the prior use of such information by the Debtor, and shall return all other personal information to the Receiver, or ensure that all other personal information is destroyed.

**LIMITATION ON ENVIRONMENTAL LIABILITIES**

13.    THIS COURT ORDERS that nothing herein contained shall require the Receiver to occupy or to take control, care, charge, possession or management (separately and/or collectively, "Possession") of any of the Property that might be environmentally contaminated,

might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination including, without limitation, the *Canadian Environmental Protection Act*, the Ontario *Environmental Protection Act*, the Ontario *Water Resources Act*, or the Ontario *Occupational Health and Safety Act* and regulations thereunder (the "Environmental Legislation"), provided however that nothing herein shall exempt the Receiver from any duty to report or make disclosure imposed by applicable Environmental Legislation. The Receiver shall not, as a result of this Order or anything done in pursuance of the Receiver's duties and powers under this Order, be deemed to be in Possession of any of the Property within the meaning of any Environmental Legislation, unless it is actually in possession.

**LIMITATION ON THE RECEIVER'S LIABILITY**

14. THIS COURT ORDERS that the Receiver shall incur no liability or obligation as a result of its appointment or the carrying out the provisions of this Order, save and except for any gross negligence or wilful misconduct on its part, or in respect of its obligations under sections 81.4(5) or 81.6(3) of the BIA or under the *Wage Earner Protection Program Act*. Nothing in this Order shall derogate from the protections afforded the Receiver by section 14.06 of the BIA or by any other applicable legislation.

**RECEIVER'S ACCOUNTS**

15. THIS COURT ORDERS that the Receiver and counsel to the Receiver shall be paid their reasonable fees and disbursements, in each case at their standard rates and charges, and that the Receiver and counsel to the Receiver shall be entitled to and are hereby granted a charge (the

"Receiver's Charge") on the Property, as security for such fees and disbursements, both before and after the making of this Order in respect of these proceedings, and that the Receiver's Charge shall form a fifth charge on the Property in priority to all security interests, trusts, liens, charges and encumbrances, statutory or otherwise, in favour of any Person, except for the Administrative Charge, D&O Charge, KERP Charge, and Marathon Charge established in the Initial Order, as amended, in the CCAA Proceeding and which shall continue in full force and effect in this proceeding and be binding on the Receiver and any trustee in bankruptcy of the Debtor, subject to sections 14.06(7), 81.4(4), and 81.6(2) of the BIA.

16. THIS COURT ORDERS that the Receiver and its Canadian legal counsel shall pass its accounts from time to time, and for this purpose the accounts of the Receiver and its Canadian legal counsel are hereby referred to a judge of the Commercial List of the Ontario Superior Court of Justice.

17. THIS COURT ORDERS that prior to the passing of its accounts, the Receiver shall be at liberty from time to time to apply reasonable amounts, out of the monies in its hands, against its fees and disbursements, including legal fees and disbursements, incurred at the normal rates and charges of the Receiver or its Canadian counsel, and such amounts shall constitute advances against its remuneration and disbursements when and as approved by this Court.

**GENERAL**

18. THIS COURT ORDERS that the Receiver may from time to time apply to this Court for advice and directions in the discharge of its powers and duties hereunder.

19. THIS COURT ORDERS that nothing in this Order shall prevent the Receiver from acting as a trustee in bankruptcy of the Debtor.

20.    THIS COURT ORDERS that the Receiver shall consult with both HSH Nordbank and Lehman (collectively, the "Secured Lenders") in respect of any matters in which the direction or instructions of Interwind's stakeholders are required, and where mutual direction is not available from the Secured Lenders, the Receiver shall seek the Court's assistance and direction.

21.    THIS COURT ORDERS that the Receiver shall provide to each of the Secured Lenders the same information, documentation and advice that is prepared by, relied upon or given by the Receiver in respect of the carrying out of its obligations hereunder (the "Information"), except the Receiver shall not provide any Information in respect of a claim that Interwind has against one of the Secured Lenders to that Secured Lender to the extent such Information is confidential or privileged or a conflict exists between Interwind and the Secured Lender, and no restriction may be placed upon the dissemination of such Information based on any prior role held by the Receiver in the CCAA Proceeding.

22.    THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States or elsewhere to give effect to this Order and to assist the Receiver and its agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Receiver, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Receiver in any foreign proceeding or to assist the Receiver and its agents in carrying out the terms of this Order.

23.    THIS COURT ORDERS that the Receiver be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located,

for the recognition of this Order and for assistance in carrying out the terms of this Order, and that the Receiver is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada.

24.     THIS COURT ORDERS that the Applicant shall have its costs of this motion, up to and including entry and service of this Order, provided for by the terms of the Applicant's security or, if not so provided by the Applicant's security, then on a substantial indemnity basis to be paid by the Receiver from the Debtor's estate with such priority and at such time as this Court may determine.

25.     THIS COURT ORDERS that any interested party may apply to this Court to vary or amend this Order on not less than seven (7) days' notice to the Receiver and to any other party likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

_____ [signature]

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

APR 0 1 2010

PER / PAR: T/

| IN THE MATTER OF THE RECEIVERSHIP OF INTERWIND CORP. | Court File No: CV-10-8637-00CL |
|---|---|
| | *Ontario*<br>**SUPERIOR COURT OF JUSTICE**<br>**COMMERCIAL LIST**<br><br>Proceeding commenced at Toronto |
| | **ORDER** |
| | Osler, Hoskin & Harcourt LLP<br>Box 50, 1 First Canadian Place<br>Toronto, Ontario, Canada M5X 1B8<br><br>John A. MacDonald (LSUC# 25884R)<br>(416) 862-5672<br><br>Mary Paterson LSUC #51572P<br>Tel: (416) 862-4924<br>Fax: (416) 862-6666<br><br>Lawyers for HSH Nordbank<br><br>F. 1107027 |

TOR_P2Z:4435197.1