# EXHIBIT J

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| INTERWIND CORP., | ) | Case No. 09-12914 (PJW) |
| (f/k/a SkyPower Corp.), | ) | |
| | ) | Related to Docket Nos. 75-79, 82-84 & 85 |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |

## ORDER RECOGNIZING CERTAIN ORDERS OF CANADIAN COURT, CLOSING CASE, AND DISCHARGING FOREIGN REPRESENTATIVE

This matter coming before the Court on the Amended Motion of PricewaterhouseCoopers Inc., in its capacity as receiver of the assets, undertaking and property of Interwind Corp. (f/k/a SkyPower Corp.) ("Interwind"), as Successor Foreign Representative of Interwind, for Entry of an Order Recognizing Certain Orders of the Canadian Court, Closing the Case, and Discharging the Successor Foreign Representative (the "Motion"); the Court having reviewed the Motion, appropriate and timely notice of the Motion having been given, and no other or further notice being necessary or required; and the Court having determined that the legal and factual bases set forth in the Motion and all other pleadings relevant to the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED that:

1.     The Motion is granted.

2.     The SPV Approval and Vesting Order attached as <u>Exhibit A</u> to this Order, as amended by the Amendment of SPV Approval and Vesting Order attached as <u>Exhibit B</u> to this Order, is hereby given full force and effect in the United States.

3.     The Discharge Order attached as <u>Exhibit C</u> to this Order is hereby given full force and effect in the United States.

4.     The Foreign Representative is discharged and shall be afforded all of the rights

and benefits of the Discharge Order terminating the Receivership in Ontario, Canada, which is

hereby recognized.

5.     The above-captioned case is hereby closed.

Dated: September 6 , 2013

_____
HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

**SPV Approval and Vesting Order**

Court File No: CV-10-8637-00CL

*ONTARIO*
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

THE HONOURABLE                )                THURSDAY, THE 31ST DAY
                              )
JUSTICE MORAWETZ              )                OF JANUARY, 2013

IN THE MATTER OF THE RECEIVERSIDP OF
INTERWIND CORP.

B E T W E E N:

HSH NORDBANK AG, NEW YORK BRANCH
as administrative and collateral agent

**Applicant**

- and -

INTERWIND CORP.

**Respondent**

ORDER

(SPV Approval and Vesting Order)

THIS MOTION made by HSH Nordbank AG, New York Branch ("HSH Nordbank") on

behalf of (1) HSH Nord bank, as Administrative Agent and Collateral Agent and as Issuing Bank

and Sole Mandated Lead Arranger and as a Lender; (2) Bayerische Landesbank, New York

Branch as Co-Lead Arranger and as a Lender; and (3) Union Bank, Canada Branch (f/k/a Union

Bank of California, Canada Branch) as Co-Lead Arranger and as a Lender (collectively, the

"HSH Syndicate"), for an Order, among other things:

(a)    lifting the stay of proceedings in the Order of this Honourable Court dated
       October 15, 2010;

- 2 -

(b)    approving the transaction (the "Transaction") contemplated by an agreement for termination of Interwind receivership (the "Receivership Termination Agreement") among the HSH Syndicate, Lehman Brothers Holdings Inc. ("Lehman") and Lehman Brothers Special Financing, Inc. ("LBSF") attached to the Supplement to the Receiver's Ninth Report to the Court dated January 30, 2013, pursuant to which the HSH Syndicate will foreclose on their security held in respect of certain remaining assets of Interwind (the "Transferred Assets");

(c)    amending the Marathon Charge to attach only to the proceeds of certain CPV Earn-out rights acquired by Interwind in its proceedings under the *Companies' Creditors Arrangement Act* in Court File No. 09-8321-00CL (the "CCAA Proceeding");

(d)    discharging and releasing the Marathon Charge on June 23, 2015, without further order of the Court; and

(e)    vesting the Transferred Assets transferred to either a special purpose vehicle (the "SPV") or the HSH Syndicate pursuant to the Receivership Termination Agreement free and clear of all claims, liens, charges and encumbrances (except the Marathon Charge) in full satisfaction of the remaining obligations of Interwind to the HSH Syndicate;

was heard this day at 330 University Avenue, Toronto, Ontario.

ON READING the Notice of Motion of HSH Nordbank; the affidavits of Michael F.G. Pepe sworn January 15, 2013 and January 30, 2013 (the "Pepe Affidavits"); the Ninth Report of the Receiver dated January 15, 2013; the Supplement to the Receiver's Ninth Report to the Court

- 3 -

dated January 30, 2013 and on hearing the submissions of counsel for HSH Nordbank, counsel

for the Receiver, and counsel for Lehman and LBSF, no one appearing for any other person on

the service list, although properly served as appears from the affidavits of service filed:

## SERVICE AND DEFINED TERMS

1.            THIS COURT ORDERS that the time for service of the Notice of Motion and the

Motion Record is hereby abridged and validated so that this motion is properly returnable today

and hereby dispenses with further service thereof.

2.            THIS COURT ORDERS that the defined terms in Schedule "A" to this Order are

incorporated in and form an integral part of this Order.

## STAY IS LIFTED

3.            THIS COURT ORDERS AND DECLARES that the stay of proceedings

contained in the Order of this Honourable Court dated March 30, 2010 as amended by the further

Order of this Honourable Court dated October 15, 2010 is lifted to permit the Transaction to

proceed.

## APPROVAL

4.            THIS COURT ORDERS AND DECLARES that the Transaction is hereby

approved and the Receiver is hereby authorized and directed to take such additional steps,

execute such additional documents and provide such additional notices as may be necessary or

desirable for the completion of the Transaction, including but not limited to the conveyance of

the Transferred Assets pursuant to the Receivership Termination Agreement.

## MARATHON CHARGE

5.       '       THIS COURT ORDERS that the "Marathon Charge", as defined in the Order of

Justice Morawetz dated August 25, 2009 in the CCAA Proceeding, and as amended and

- 4 -

continued from time to time by further orders of this Court, (the "**Marathon Charge**") is hereby discharged and released, save and except with respect to the proceeds of the CPV Earn-out rights acquired by Interwind in the transaction completed with CPV Canada Development ULC on March 25, 2010 and which CPV Earn-out rights form part of the Transferred Assets.

6.        THIS COURT ORDERS that, subject to future orders of this Court, the Marathon Charge shall be automatically discharged and released on June 23, 2015.

**VESTING**

7.        THIS COURT ORDERS AND DECLARES that, in full satisfaction of the Syndicate Loan, upon the delivery of a Receiver's certificate to the SPV, in substantially the form attached as Schedule "B" hereto (the "**Receiver's Certificate**"), all of Interwind's right, title and interest in and to the Transferred Assets transferred pursuant to the Receivership Termination Agreement shall vest absolutely in either of the SPV or the HSH Syndicate as applicable, free and clear of and from any and all security interests (whether contractual, statutory, or otherwise), hypothecs, mortgages, trusts or deemed trusts (whether contractual, statutory, or otherwise), liens, executions, levies, charges, or other financial or monetary claims, whether or not they have attached or been perfected, registered or filed and whether secured, unsecured or otherwise (collectively, the "**Encumbrances**") including, without limiting the generality of the foregoing:

> (a)    any encumbrances or charges created or adopted by the various Orders of this Court made in this proceeding, except for the Marathon Charge (which attaches only to the CPV Earn-out, as set out above); and

> (b)    all charges, security interests or claims evidenced by registrations made pursuant to the *Personal Property Security Act* (Ontario), Minnesota or District of

- 5 -

Columbia Uniform Commercial Codes, or any other personal property registry

system in any province or territory of Canada, including registrations effected by

the HSH Syndicate and Lehman;

and, for greater certainty, this Court orders that all of the Encumbrances affecting or relating to

the Transferred Assets are hereby expunged and discharged as against the Transferred Assets.

8.        THIS COURT ORDERS that the Receiver shall transfer to the SPV all Records

pertaining to the Transferred Assets in the Receiver's possession.

9.        THIS COURT ORDERS AND DECLARES that on completion of the

Transaction the HSH Syndicate shall have no further claims against Interwind.

10.       THIS COURT ORDERS AND DIRECTS the Receiver to file with this Court a

copy of the Receiver's Certificate forthwith after delivery thereof.

11.       THIS COURT ORDERS that, notwithstanding:

    (a)      the pendency of these proceedings;

    (b)      any applications for a bankruptcy order now or hereafter issued pursuant to the

             *Bankruptcy and Insolvency Act* (Canada) in respect of Interwind and any

             bankruptcy order issued pursuant to any such applications; and

    (c)      any assignment in bankruptcy made in respect of Interwind;

the vesting of the Transferred Assets pursuant to this Order shall be binding on any trustee in

bankruptcy that may be appointed in respect of Interwind and shall not be void or voidable by

creditors of Interwind, nor shall it constitute nor be deemed to be a fraudulent preference,

assignment, fraudulent conveyance, transfer at undervalue, or other reviewable transaction under

- 6 -

the *Bankruptcy and Insolvency Act* (Canada) or any other applicable federal or provincial legislation, nor shall it constitute oppressive or unfairly prejudicial conduct pursuant to any applicable federal or provincial legislation.

12.         THIS COURT ORDERS AND DECLARES that the Transaction is exempt from the application of the *Bulk Sales Act* (Ontario).

13.         THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States or elsewhere to give effect to this Order and to assist the Receiver and its agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Receiver, as an officer of this Court, as may be necessary or desirable to give effect to this Order or to assist the Receiver, to grant representative status to the Receiver in any foreign proceeding or to assist the Receiver and its agents in carrying out the terms of this Order.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

FEB 0 1 2013

## SCHEDULE "A": DEFINED TERMS

"**Syndicate Loan**" means the loans by the HSH Syndicate to Interwind and its predecessors.

"**Marathon Charge**" means the charge established by the Court in an Order dated August 25, 2009, as amended by this Honourable Court on November 30, 2009.

"**Records**" means the records referred to and defined as "Records" in the Order appointing the Receiver dated March 30, 2010, in the Interwind Receivership Proceeding.

"**CPV Earn-out**" means the variable portion of the consideration payable pursuant to section 3.2(c) of the Purchase Agreement between Interwind and CPV Canada Development ULC made on December 23, 2009 and completed (as amended) on March 25, 2010.

### SCHEDULE "B": THE RECEIVER'S VESTING CERTIFICATE

Court File No. CV-10-8637-00CL

*ONTARIO*
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

### IN THE MATTER OF THE RECEIVERSHIP OF INTERWIND CORP.

RECEIVER'S VESTING CERTIFICATE

RECITALS:

A.    Pursuant to an Order of the Honourable Mr. Justice Morawetz of the Ontario Superior Court of Justice (Commercial List) (the "Court") dated March 30, 2010, PricewaterhouseCoopers Inc. was appointed as the receiver (the "Receiver") of certain assets, undertakings and properties of Interwind Corp. (formerly known as SkyPower Corp.) ("Interwind").

B.    Pursuant to an Order of the Court dated January 31, 2013 (the "Order"), the Court approved the transaction (the "Transaction") contemplated by an agreement (the "Agreement") between HSH Nordbank AG, New York Branch; Bayerische Landesbank, New York Branch; Union Bank, Canada Branch formerly known as Union Bank of California, Canada Branch; and Lehman Brothers Holdings Inc. ("Lehman"); and Lehman Brothers Special Financing, Inc. dated January 30, 2013, pursuant to which the Receiver would transfer the Transferred Assets (as defined in the Affidavit of Michael F.G. Pepe sworn January 15, 2013 (the "Pepe Affidavit")) to either of the SPV (as defined in the Pepe Affidavit) or the HSH Syndicate, as applicable.

C.    Pursuant to the same Order, the Court provided for the vesting in either of the SPV or the HSH Syndicate all of Interwind's right, title and interest in and to the Transferred Assets, which vesting is to be effective upon the delivery by the Receiver to the SPV of a certificate confirming that the Transaction has closed in accordance with the Agreement to the satisfaction of the Receiver.

NOW THEREFORE THE RECEIVER CERTIFIES that the Transaction has closed in accordance with the Agreement to the satisfaction of the Receiver.

This Certificate was delivered by the Receiver at [TIME] on        [DATE].

> PricewaterhouseCoopers Inc., in its capacity as Court-Appointed Receiver of certain assets, property and undertakings of Interwind Corp., and not in its personal capacity

> Per: _____
> Name:
> Title:

HSH NORDBANK AG, NEW YORK BRANCH        INTERWIND CORP.                    Court File No:  CV-10-8637-00CL
as administrative and collateral agent    and
Applicant          Respondent

---

### ONTARIO
### SUPERIOR COURT OF JUSTICE
### (Commercial List)

Proceeding commenced at Toronto

---

### ORDER

---

**OSLER, HOSKIN & HARCOURT LLP**
Box 50, 1 First Canadian Place
Toronto, ON  M5X 1B8

John A. MacDonald  (25884R)
Tracy C. Sandler  (LSUC# 32443N)
Mary Paterson  (LSUC#: 51572P)

Tel: (416) 862-5672/4924
Fax: (416) 862-6666

Lawyers for the Applicant

LEDAL_1:25901174.2  281301302521
1107027

# EXHIBIT B

**Amendment of SPV Approval and Vesting Order**

{00774070;v1 }

Court File No. CV-10-8637-00CL

*ONTARIO*
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

| THE HONOURABLE | ) | WEDNESDAY, THE 31ST  DAY |
| | ) | |
| JUSTICE WITON-SIEGEL | ) | OF JULY, 2013 |

IN THE MATTER OF THE RECEIVERSHIP OF
INTERWIND CORP.

B E T W E E N:

HSH NORDBANK AG, NEW YORK BRANCH
as administrative and collateral agent

Applicant

– and –

INTERWIND CORP.

Respondent

ORDER

(Amendment to SPV Approval and Vesting Order)

THIS MOTION made by HSH Nordbank AG, New York Branch ("**HSH Nordbank**") on

behalf of (1) HSH Nordbank, as Administrative Agent and Collateral Agent and as Issuing Bank

and Sole Mandated Lead Arranger and as a Lender; (2) Bayerische Landesbank, New York Branch

as Co-Lead Arranger and as a Lender; and (3) Union Bank, Canada Branch (f/k/a Union Bank of

California, Canada Branch) as Co-Lead Arranger and as a Lender (collectively, the "**HSH**

**Syndicate**"), for an Order, among other things:

- 2 -

(a)    Approving an amendment (the "Amending Agreement") to the Agreement for
Termination of Interwind Receivership and related matters (the "Receivership
Termination Agreement") approved by the SPV Approval and Vesting Order
dated January 31, 2013 (the "SPV Approval and Vesting Order") to (i) exclude
the CPV earn-out (the "CPV Earn-out") as outlined in the Agreement (the "CPV
Agreement") with CPV Canada Development ULC ("CPV") dated December 23,
2009 and the Panama Joint Venture Interest (the "Panama JVI") as Transferred
Assets and (ii) cause the Receiver to deliver an irrevocable direction to CPV
directing that all future payments and reporting by CPV in respect of the CPV
Earn-out be paid and delivered to the SPV (the "CPV Direction");

(b)    That the SPV Approval and Vesting Order shall otherwise remain in full force and
effect in all respects save and except as provided for in this Order;

(c)    Approving the Tenth Report of PricewaterhouseCoopers Inc., in its capacity as the
court-appointed receiver of Interwind Corp. (in such capacity, the "Receiver")
dated July 19, 2013 (the "Tenth Report") and the activities of the Receiver as
described therein;

(d)    Approving the Statement of Cash Receipts and Disbursements of the Receiver
attached to the Tenth Report for the period March 30, 2010 to June 30, 2013;

(e)    Approving the fees and disbursements of the Receiver, and that of U.S. counsel to
the Receiver, namely, Mayer Brown LLP and Ashby & Geddes P.A. (collectively,
"U.S. Counsel") as described in the Tenth Report and as set out in the Affidavit of
Tracey Weaver (the "Weaver Affidavit"), sworn July 15, 2013, including the

- 3 -

estimated fees and disbursements of the Receiver and U.S. Counsel up to its date of
discharge;

(f)     Approving the fees and disbursements of the Receiver's legal counsel, Borden
Ladner Gervais LLP ("BLG"), as described in the Tenth Report and as set out in
the affidavit of Derek Powers (the "Powers Affidavit"), sworn July 15, 2013,
including the estimated fees and disbursements of BLG in connection with services
to be provided to the Receiver up to its date of discharge; and

(g)     Authorizing the Receiver to pay any fees or disbursements of the Receiver, U.S.
Counsel and BLG which exceed the estimates set out in the Tenth Report, the
Weaver Affidavit and the Arzoumanidis Affidavit out of a reserve held back from
the Transferred Assets (as that term is defined in the Receivership Termination
Agreement): (i) with the consent of Lehman and HSH Nordbank, or (ii) in
accordance with further orders of this Court;

was heard this day at 330 University Avenue, Toronto, Ontario.

ON READING the Notice of Motion of HSH Nordbank; the affidavit of Michael
F.G. Pepe, sworn July 19, 2013 (the "Pepe Affidavit"); the Weaver Affidavit; the Powers
Affidavit; the Tenth Report; and on hearing the submissions of counsel for HSH Nordbank, the
Receiver, and Lehman Brothers Holdings Inc. ("Lehman"), no one appearing for any other person
on the service list, although properly served as appears from the affidavits of service filed:

- 4 -

1.         THIS COURT ORDERS that the time for service and filing of the Notice of Motion and the Motion Record be and is hereby abridged so that the motion is properly returnable today, and that any further service thereof be and is hereby dispensed with.

2.         THIS COURT ORDERS that all capitalized terms not defined herein shall have the meanings ascribed thereto in the Pepe Affidavit.

3.         THIS COURT ORDERS that the Amending Agreement attached as Exhibit "A" to the Pepe Affidavit excluding the CPV Earn-out and Panama JVI as Transferred Assets under the Receivership Termination Agreement and authorizing delivery by the Receiver of the CPV Direction be and is hereby approved.

4.         THIS COURT ORDERS that the Transferred Assets under the Receivership Termination Agreement, shall exclude the CPV Earn-out and the Panama JVI and that there shall be no transfer to or vesting of the CPV Earn-out or the Panama JVI in and to the SPV with the Transferred Assets under the SPV Approval and Vesting Order.

5.         THIS COURT ORDERS that the SPV Approval and Vesting Order shall otherwise remain in full force and effect in all respects. For the avoidance of doubt, any liabilities and/or obligations of the SPV to the Lehman Entities as may be provided for under the terms of the Receivership Termination Agreement survive the vesting provision of the Vesting Order as amended.

6.         THIS COURT ORDERS that the Tenth Report of the Receiver and the activities of the Receiver as described therein, be and are hereby approved.

- 5 -

7.         THIS COURT ORDERS that the Statement of Cash Receipts and Disbursements of the Receiver for the period March 30, 2010 to June 30, 2013, be and are hereby approved.

8.         THIS COURT ORDERS that the fees and disbursements of the Receiver, and that of U.S. Counsel, as described in the Tenth Report and as set out in the Weaver Affidavit, including the estimated fees and disbursements of the Receiver and U.S. Counsel up to its date of discharge, be and are hereby approved.

9.         THIS COURT ORDERS that the fees and disbursements of the Receiver's legal counsel, BLG, as described in the Tenth Report and as set out in the Powers Affidavit, including the estimated fees and disbursements of BLG in connection with services to be provided to the Receiver up to its date of discharge, be and are hereby approved.

10.        THIS COURT ORDERS that the Receiver is hereby authorized to pay any fees or disbursements of the Receiver, U.S. Counsel and BLG which exceed the estimates set out in the Tenth Report, the Weaver Affidavit and the Powers Affidavit out of a reserve held back from the Transferred Assets (as that term is defined in the Receivership Termination Agreement): (i) with the consent of Lehman and HSH Nordbank, or (ii) in accordance with further orders of this Court.

11.        THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States, including, without limitation, the United States Bankruptcy Court for the District of Delaware, to give effect to this Order and assist the Receiver, and its respective agents, in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Receiver, as an officer of this

201307301125
1107027

- 6 -

Court, as may be necessary or desirable to give effect to this Order or to assist the Receiver, and its respective agents, in carrying out the terms of this Order.

12.        THIS COURT ORDERS that the Receiver be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, including, without limitation, the United States Bankruptcy Court for the District of Delaware, for the recognition of this Order and for assistance in carrying out the terms of this Order.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

JUL 3 1 2013

| HSH NORDBANK AG, NEW YORK BRANCH as administrative and collateral agent Applicant | and | INTERWIND CORP. Respondent | Court File No:  CV-10-8637-00CL |

---

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
(COMMERCIAL LIST)

Proceeding commenced at Toronto

---

**ORDER**
(Amendment to SPV Approval and Vesting Order)

**OSLER, HOSKIN & HARCOURT LLP**
Box 50, 1 First Canadian Place
Toronto, ON  M5X 1B8

John A. MacDonald  (25884R)
Tracy C. Sandler  (LSUC# 32443N)
Mary Paterson  (LSUC#: 51572P)

Tel: (416) 862-5672/4924
Fax: (416) 862-6666

Lawyers for the Applicant

# EXHIBIT C

**Discharge Order**

[00774070;v1 ]

Court File No. CV-10-8637-00CL

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| THE HONOURABLE | ) | THURSDAY, THE 31st DAY |
| | ) | |
| MR. JUSTICE MORAWETZ | ) | OF JANUARY, 2013 |

IN THE MATTER OF THE RECEIVERSHIP OF INTERWIND CORP.

B E T W E E N :

**HSH NORDBANK AG, NEW YORK BRANCH**
**as administrative and collateral agent**

Applicant

- and -

**INTERWIND CORP.**

Respondent

**ORDER**
**(Discharge of Receiver)**

THIS MOTION, made by PricewaterhouseCoopers Inc., in its capacity as the court-appointed receiver of Interwind Corp. (in such capacity, the "Receiver"), was heard this day at 330 University Avenue, Toronto, Ontario.

ON READING the Notice of Motion of the Receiver; the Ninth Report of the Receiver dated January 15, 2013 (the "Ninth Report"); the Supplement to the Receiver's Ninth Report to the Court dated January 30, 2013 (the "Supplement to the Ninth Report") the Affidavit of Tracey Weaver sworn January 14, 2013 (the "Weaver Affidavit"); the Affidavit of James Szumski sworn January 10, 2013 (the "Szumski Affidavit"); and the Affidavit of Robert J. Chadwick sworn January 11, 2013 (the "Goodmans Affidavit"); and on hearing the submissions of counsel for the Receiver, counsel for HSH Nordbank AG, New York Branch ("HSH Nordbank") as administrative agent and collateral agent on behalf of itself, Bayerische Landesbank, New York Branch and Union Bank of California, Canada Branch (n/k/a Union Bank, Canada Branch) (collectively, the "HSH Syndicate") and counsel for Lehman Brothers

Holdings Inc. ("Lehman"), no one appearing for any other person on the service list, although properly served as appears from the Affidavit of Jessica Beare dated January 16, 2013 and the Affidavits of James Szumski dated January 24, 2013 and January 30, 2012, filed;

## SERVICE

1.     **THIS COURT ORDERS** that the time for service and filing of the Notice of Motion and the Motion Record be and is hereby is abridged so that the motion is properly returnable today, and that any further service thereof be and is hereby dispensed with.

## APPROVAL OF ACTIVITIES

2.     **THIS COURT ORDERS** that the Eighth Report of the Receiver dated November 10, 2010, the Ninth Report and the Supplement to the Ninth Report, and the activities of the Receiver as described therein, be and are hereby approved.

## APPROVAL OF INTERIM STATEMENT OF RECEIPTS AND DISBURSEMENTS

3.     **THIS COURT ORDERS** that the Receiver's Statement of Cash Receipts and Disbursements to January 9, 2013, as attached to the Ninth Report, be and is hereby approved.

## APPROVAL OF FEES

4.     **THIS COURT ORDERS** that the fees and disbursements of the Receiver, and that of U.S. counsel to the Receiver, namely, Mayer Brown LLP, Dickstein Shapiro LLP and Ashby & Geddes P.A. (collectively, "U.S. Counsel") as described in the Ninth Report and as set out in the Weaver Affidavit, including the estimated fees and disbursements of the Receiver and U.S. Counsel up to its date of discharge, be and are hereby approved.

5.     **THIS COURT ORDERS** that the fees and disbursements of the Receiver's legal counsel, Borden Ladner Gervais LLP ("BLG"), as described in the Ninth Report and as set out in the Szumski Affidavit, including the estimated fees and disbursements of BLG in connection with services to be provided to the Receiver up to its date of discharge, be and are hereby approved.

6.     **THIS COURT ORDERS** that the fees and disbursements of the Receiver's legal counsel in respect of certain specific transactions, Goodmans LLP ("Goodmans"), as described in the Ninth Report and as set out in the Goodmans Affidavit, be and are hereby approved.

7.     **THIS COURT ORDERS** that the Receiver is hereby authorized to pay any fees or disbursements of the Receiver, U.S. Counsel and BLG which exceed the estimates set out in the Ninth Report, the Weaver Affidavit and the Szumski Affidavit out of a reserve held back from the Transferred Assets (as that term is defined in the Ninth Report): (i) with the consent of Lehman and HSH Nordbank, or (ii) in accordance with further orders of this Court.

**DISCHARGE OF THE COURT-ORDERED CHARGES**

8.     **THIS COURT ORDERS** that the Administration Charge, as defined in and created by the Order of the Honourable Mr. Justice Morawetz dated August 12, 2009, be and is hereby fully and finally terminated, discharged and released.

9.     **THIS COURT ORDERS** that the KERP Charge, as defined in and created by the Order of the Honourable Mr. Justice Strathy dated August 25, 2009, be and is hereby fully and finally terminated, discharged and released.

10.     **THIS COURT ORDERS** that, upon the Receiver filing the Certificate, as defined in paragraph 11 of this Order, with the Court, the Receiver's Charge, as defined in and created by the Order of the Honourable Mr. Justice Morawetz dated March 30, 2010, shall be fully and finally terminated, discharged and released.

**DISCHARGE OF THE RECEIVER**

11.     **THIS COURT ORDERS** that upon the Receiver filing a certificate with the Court in substantially the form attached hereto as Schedule "A" (the "Certificate") certifying that it has completed the Remaining Matters, as defined and described in the Ninth Report, the Receiver shall be discharged as Receiver of the undertakings, property and assets of Interwind, provided however that notwithstanding its discharge herein (a) the Receiver shall remain Receiver for the performance of such incidental duties as may be required to complete the administration of the receivership herein, and (b) the Receiver shall continue to have the benefit of the provisions of

all Orders made in this proceeding, including all approvals, protections and stays of proceedings in favour of PricewaterhouseCoopers Inc. in its capacity as Receiver.

12.     **THIS COURT ORDERS AND DECLARES** that PricewaterhouseCoopers Inc. is hereby released and discharged from any and all liability that PricewaterhouseCoopers Inc. now has or may hereafter have by reason of, or in any way arising out of, the acts or omissions of PricewaterhouseCoopers Inc. while acting in its capacity as Receiver herein, save and except for any gross negligence or willful misconduct on the Receiver's part. Without limiting the generality of the foregoing, PricewaterhouseCoopers Inc. is hereby forever released and discharged from any and all liability relating to matters that were raised, or which could have been raised, in the within receivership proceedings, save and except for any gross negligence or willful misconduct on the Receiver's part.

## AID AND RECOGNITION

13.     **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States, including, without limitation, the United States Bankruptcy Court for the District of Delaware, to give effect to this Order and assist the Receiver, and its respective agents, in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Receiver, as an officer of this Court, as may be necessary or desirable to give effect to this Order or to assist the Receiver, and its respective agents, in carrying out the terms of this Order.

14.     **THIS COURT ORDERS** that the Receiver be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, including, without limitation, the United States Bankruptcy Court for the District of Delaware, for the recognition of this Order and for assistance in carrying out the terms of this Order.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

FEB 0 1 2013

SCHEDULE "A": FORM OF RECEIVER'S DISCHARGE CERTIFICATE

Court File No. CV-10-8637-00CL

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### (COMMERCIAL LIST)

IN THE MATTER OF THE RECEIVERSHIP OF INTERWIND CORP.

B E T W E E N :

### HSH NORDBANK AG, NEW YORK BRANCH
### as administrative and collateral agent

Applicant

- and -

### INTERWIND CORP.

Respondent

### RECEIVER'S DISCHARGE CERTIFICATE

A.      Pursuant to an Order of The Honourable Mr. Justice Morawetz of the Ontario Superior Court of Justice (Commercial List) (the **"Court"**) dated March 30, 2010, PricewaterhouseCoopers Inc. was appointed receiver (the **"Receiver"**) of Interwind Corp. pursuant to section 243 of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended and section 101 of the *Courts of Justice Act*, R.S.O. 1990, c. C.43, as amended.

B.      Pursuant to an Order of the Court dated January 31, 2013 (the **"Discharge Order"**), the Court ordered, *inter alia*, that the Receiver be discharged, effective upon the filing by the Receiver of a certificate certifying the matters set out herein.

C.      Unless otherwise indicated herein, terms with initial capitals have the meanings set out in the Discharge Order.

**THE RECEIVER HEREBY CERTIFIES** the following:

1.      The Receiver is satisfied, in its discretion, that it has completed the remaining matters as set out in the Receiver's Ninth Report to the Court dated January 15, 2013.

2.      This Certificate was delivered by the Receiver at _____ (*time*) on
_____ (*date*).

PRICEWATERHOUSECOOPERS INC.,
in its capacity as court-appointed receiver of
Interwind Corp.

Per: _____
      Name:
      Title:

IN THE MATTER OF THE RECEIVERSHIP OF INTERWIND CORP.

Court File No.   CV-10-8637-00CL

BETWEEN:
HSH NORDBANK AG, NEW YORK BRANCH
Applicant

- and -

INTERWIND CORP.
Respondent

---

**ONTARIO**
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

PROCEEDINGS COMMENCED AT TORONTO

---

RECEIVER'S DISCHARGE CERTIFICATE

---

BORDEN LADNER GERVAIS LLP
Barristers and Solicitors
Scotia Plaza, 40 King Street West
Toronto, Ontario
M5H 3Y4

Roger Jaipargas
Tel: (416) 367-6266
Fax: (416) 361-7067
(LSUC #43275C)

James Szumski
Tel: (416) 367-6310
Fax: (416) 682-2811
(LSUC# 56958S)

Lawyers for PricewaterhouseCoopers Inc., in its capacity as Court-appointed Receiver of Interwind Corp.

IN THE MATTER OF THE RECEIVERSHIP OF INTERWIND CORP.

Court File No.   CV-10-8637-00CL

B E T W E E N :

HSH NORDBANK AG, NEW YORK BRANCH                    – and –                    INTERWIND CORP.
Applicant                                                                                                        Respondent

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

PROCEEDINGS COMMENCED AT TORONTO

**ORDER**
(Discharge of Receiver)

**BORDEN LADNER GERVAIS LLP**
Barristers and Solicitors
Scotia Plaza, 40 King Street West
Toronto, Ontario
M5H 3Y4

**Roger Jaipargas**
Tel: (416) 367-6266
Fax: (416) 361-7067
(LSUC #43275C)

James Szumski
Tel: (416) 367-6310
Fax: (416) 682-2811
(LSUC# 56958S)

Lawyers for PricewaterhouseCoopers Inc., in its capacity as
Court-appointed Receiver of Interwind Corp.

TOR01: 5044384: v9