# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re:   Lehman Brothers Holdings Inc.            Case No. <u>08-13555 (JMP)</u>
                                                  Court ID (Court Use Only) _____

## NOTICE OF PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY PURSUANT TO BANKRUPTCY RULE 3001(E)(2)

CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111(a). Pursuant to Bankruptcy Rule 3001(e)(2), Transferee hereby gives notice of the transfer, other than for security, of the claims referenced herein.

| Name of Transferee:<br>Cyrus Opportunities Master Fund II, Ltd. | Name of Transferor:<br>Barclays Bank PLC |
|---|---|
| Notices to Transferee should be sent to:<br>Cyrus Opportunities Master Fund II Ltd.<br>399 Park Avenue, 39th Floor<br>New York, New York 10022<br>212.380.5822<br>Attn: Svet Nikov<br>Email: snikov@cyruscapital.com | Court Record Address of the Transferor:<br>(Court use only) |
| Last Four Digits of Acct.#: | Last Four Digits of Acct.#: |
| Name and Address where transferee payments should be sent (if different from above): | Name and Current Address of Transferor:<br>Barclays Bank PLC<br>745 Seventh Avenue, 2nd Floor<br>New York, New York 10019<br>212.412.2825<br>Attn: Daniel Miranda<br>Email: daniel.miranda@barclayscapital.com |
| Claim Amount Transferred:<br>100% of $4,705,218.88 Allowed Amount for ISIN XS0107875642 only | *Note: This is a partial transfer of Claim 62783 and full transfer of Claim 54989. See Schedule 1 to the attached Evidence of Transfer.* |
| Court Claim Nos. (if known):<br>62783<br>54989 | |
| Date Claims Filed:<br>On or before November 2, 2009 | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.
Cyrus Opportunities Master Fund II, Ltd.,
By: Cyrus Capital Partners, L.P., its investment manager

By: _____          Date: __June 3, 2014__
    Authorized Signatory

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 &3571.*

As set forth in the attached Evidence of Transfer of Claim, Transferor has waived to the fullest extent permitted by law any notice or right to receive notice of a hearing under Bankruptcy Rule 3001(e).

A/76193270.1

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Barclays Bank PLC** ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to **Cyrus Opportunities Master Fund II, Ltd.** (the "<u>Purchaser</u>"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in <u>Schedule 1</u> attached hereto (the "<u>Purchased Claim</u>"), in Seller's right, title and interest in and to each of (i) that certain omnibus Proof of Claim Number **62783** filed by Lehman Brothers International (Europe) (in administration) on behalf of its clients and the clients of its affiliates (including Seller's predecessor in interest) in their respective capacities as beneficial owners of the "Lehman Program Securities" referenced in the proof of claim (including the Purchased Security (as defined below)) (the "<u>Proof of Claim</u>") and (ii) that certain Proof of Claim Number 54989 filed by Hirakata Shinkin Bank, in each case, against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claim and specified in <u>Schedule 1</u> attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "<u>Transferred Claims</u>"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings. Purchaser hereby acknowledges that the Proof of Claim Number 54989 has been disallowed as duplicative pursuant to orders of the Court with the Proof of Claim being the ultimate surviving claim relating to the Purchased Claim.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in <u>Schedule 1</u> attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claim, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) to the extent, and in the form received from Seller's prior seller prior to the date hereof, a true and correct copy of the Notice of Proposed Allowed Claim Amount for the Proof of Claim (the "Notice") dated August 24, 2011 has been provided to Purchaser, and there have been no supplements, amendments or revisions thereto, and no action was undertaken by Seller with respect to the Notice; (h) to the extent, and in the form received from Seller's prior seller prior to the date hereof, Seller has delivered to Purchaser a true and correct copy of the disbursement notices from the Debtor (which have not been supplemented, amended or revised) that set forth the initial distribution paid by the Debtor on or about April 17, 2012 in the amount of $169,822.12 (the "Initial Distribution"), the second distribution paid by the Debtor on or about October 1, 2012 in the amount of $114,599.32 (the "Second

Distribution"), the third distribution paid by the Debtor on or about April 4, 2013 in the amount of $144,747.35 (the "Third Distribution"), the fourth distribution paid by the Debtor on or about October 3, 2013 in the amount of $171,614.24 (the "Fourth Distribution"), and the fifth distribution paid by the Debtor on or about April 3, 2014 in the amount of $186,413.05 (the "Fifth Distribution") on account of the Transferred Claims; and (i) Seller has not received any payment or distributions, whether directly or indirectly, on account of the Transferred Claims.

    3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

    4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

    5.    Following the date of this Agreement, Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser (including, for the avoidance of doubt, any distributions Seller receives after the trade date of January 17, 2014 relating to the Transferred Claims in connection with the Fifth Distribution). Notwithstanding any other provision of this Agreement, Purchaser shall have no right to, and the property and rights assigned or transferred by Seller under this Agreement shall not include, (i) the Initial Distribution, (ii) the Second Distribution, (iii) the Third Distribution or (iv) the Fourth Distribution. Purchaser acknowledges and agrees that Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

    6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

    7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 30th day of May 2014.

**Barclays Bank PLC**

By: _____
Name:
Title: DANIEL CROWLEY
MANAGING DIRECTOR
745 Seventh Ave
New York, NY 10019

**Cyrus Opportunities Master Fund II, Ltd.**
By: Cyrus Capital Partners, L.P., its investment manager

By: _____
Name: Jennifer M. Pulick
Title: Authorized Signatory

Schedule 1

Transferred Claims

Purchased Claim

Pursuant to the Notice of Proposed Allowed Claim Amount dated August 24, 2011, the Security/ISIN below represents $4,705,218.88, which is 100% of the total Notice of Proposed Allowed Claim Amount of $4,705,218.88.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Claim Numbers | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount Transferred Herein |
|---|---|---|---|---|---|---|
| Issue of JPY 600,000,000 USD/JPY FX Linked Notes Due 22 February 2010 Guaranteed by Lehman Brothers holdings Inc. under the U.S. $10,000,000,000 Euro Medium Term Note Program | XS0107875642 | 62783, 54989 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | JPY 500,000,000 | 4,705,218.88 |

- 4 -