HEARING DATE AND TIME: July 16, 2014 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 7, 2014 at 4:00 p.m. (Eastern Time)

> **THE FOUR HUNDRED SEVENTY-SECOND OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------------x | | |
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ------------------------------------------------------------------x | | |

**NOTICE OF HEARING ON FOUR HUNDRED SEVENTY-SECOND**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

      **PLEASE TAKE NOTICE** that on June 5, 2014, Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

certain entities in the above-referenced chapter 11 cases, filed the four hundred seventy-second

US_ACTIVE:\44496758\4\58399.0008

omnibus objection to claims (the "Four Hundred Seventy-Second Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Four Hundred Seventy-Second Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 16, 2014 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Seventy-Second Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in text-searchable Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), and on (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 621; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq. and Eric D. Kasenetz, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **July 7, 2014 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Seventy-Second Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Seventy-Second Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: June 5, 2014
New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

3

**HEARING DATE AND TIME: July 16, 2014 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 7, 2014 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                           :    Chapter 11 Case No.
                                                :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :    08-13555 (SCC)
                                                :
           Debtors.                             :    (Jointly Administered)
-------------------------------------------------------------------x

**FOUR HUNDRED SEVENTY-SECOND OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

---

**THIS FOUR HUNDRED SEVENTY-SECOND OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

---

US_ACTIVE:\44496758\4\58399.0008

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1.  The Plan Administrator files this four hundred seventy-second omnibus objection to claims (the "Four Hundred Seventy-Second Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement of proofs of claim or portions thereof listed on Exhibit A annexed hereto (such claims, the "No Liability Claims").

2.  Each No Liability Claim was filed against LBHI based upon a purported guarantee of the obligations of Lehman Brothers Finance AG (in Liquidation), also known as Lehman Brothers Finance SA (*en liquidation*) ("LBF"), a foreign affiliate of LBHI that is not a debtor in these jointly administered chapter 11 cases, under a Derivatives Contract, as such term is defined in this Court's order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases [ECF No. 4271]. After reviewing each No Liability Claim, the documentation provided in support thereof, LBHI's books and records, and other available information, the Plan Administrator has determined that, in each case, LBHI has no liability to the holders of such claims (collectively, the "Claimants") based on a purported guarantee

2

because there is no guaranteed primary obligation owed to Claimants. The Plan Administrator, therefore, requests that the No Liability Claims be disallowed and expunged.

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

6. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012 (the "Effective Date"). Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

## The No Liability Claims Should Be Disallowed and Expunged

7. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re*

3

*Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

8. The No Liability Claims allege that LBHI, as a purported guarantor of certain obligations of LBF, is or may be liable for amounts which may be owed to the Claimants by LBF under certain Derivatives Contracts. Upon information and belief, certain of the Claimants asserted a claim against LBF. In each such case, the liquidators of LBF's estate determined that LBF had no liability to the Claimant. The Claimants did not challenge the liquidators' determination and therefore, the primary claims were expunged. Other Claimants did not assert a primary claim against LBF and, in certain instances, admitted that they owed net amounts to LBF. After a review of the Claimants' supporting documentation and LBHI's books and records, the Plan Administrator has determined that, based on the fair, accurate, and reasonable values of the Claimants' Derivatives Contracts and the netting provisions thereunder, LBF and, therefore, LBHI do not owe any amounts to the Claimants.[1]

9. The Effective Date has occurred and distributions under the Plan have begun. If the No Liability Claims remain on the claims register, the potential exists for recoveries by parties who do not hold valid claims against the Chapter 11 Estates. Accordingly,

---

[1] The Plan Administrator currently utilizes a thorough, multi-step process to review claims filed against LBHI based on Derivatives Contracts in order to determine the fair, accurate, and reasonable value, if any, of such claims. For a more comprehensive discussion of the valuation process, please see the Four Hundred Forty-First Omnibus Objection to Claims (No Liability Derivatives Claims) [ECF No. 40473] and the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [ECF No. 4113]).

4

the Plan Administrator respectfully requests that the Court disallow and expunge the No Liability Claims.

10. The Plan Administrator reserves all rights to object on any other basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

**Notice**

11. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Four Hundred Seventy-Second Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each Claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

12. Except as described herein, no previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: June 5, 2014
     New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

5

# EXHIBIT A

US_ACTIVE:\44496758\4\58399.0008

## OMNIBUS OBJECTION 472: EXHIBIT A - NO LIABILITY

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 1 | BANCO BANIF, S.A. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22221 | Undetermined | Undetermined | None |
| 2 | BANCO SANTANDER DE NEGOCIOS PORTUGAL SA | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22235 | Undetermined | Undetermined | None |
| 3 | BANK OF SCOTLAND PLC | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17721 | $2,134,157.00 | $2,134,157.00 * | None |
| 4 | BNP PARIBAS INVESTMENT PARTNERS BELGIUM NV/SA | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22082 | $1,275,739.68 | $1,275,739.68 * | None |
| 5 | BRK/A INVESTORS, L.L.C. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32542 | Undetermined | Undetermined | None |
| 6 | GENRE PARTNERS, L.P. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32384 | Undetermined | Undetermined | None |
| 7 | GOLDMAN SACHS LENDING PARTNERS, LLC | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/09/2009 | 11020 | $1,694,353.02 | $1,694,353.02 * | None |
| 8 | LAGAN PARTNERS, LLC | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 10/22/2009 | 43877 | $4,034,462.07 | $500,000.00 * | $3,534,462.07 |
| | This objection affects only the portion of claim number 43877 that is based on a purported guaranty of the obligations of Lehman Brothers Finance S.A. | | | | | | | |
| 9 | NRC PARTNERS, L.P. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32321 | Undetermined | Undetermined | None |
| 10 | UBS AG | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 10/22/2009 | 43877 | $127,363,342.53 | $8,616,207.16 * | $118,747,135.37 |
| | This objection affects only the portion of claim number 43877 that is based on a purported guaranty of the obligations of Lehman Brothers Finance S.A. | | | | | | | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## OMNIBUS OBJECTION 472: EXHIBIT A - NO LIABILITY

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 11 | US BANK NATIONAL ASSOCIATION | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23469 | $20,609.67 | $20,609.67 * | None |
| | | | | TOTAL | | $136,522,663.97 | $14,241,066.53 | $122,281,597.44 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :    08-13555 (SCC)
                                               :
                    Debtors.                   :    (Jointly Administered)
------------------------------------------------------------x

### ORDER GRANTING THE FOUR HUNDRED SEVENTY-SECOND OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the four hundred seventy-second omnibus objection to claims, dated June 5, 2014 (the "Four Hundred Seventy-Second Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims, all as more fully described in the Four Hundred Seventy-Second Omnibus Objection to Claims; and due and proper notice of the Four Hundred Seventy-Second Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Seventy-Second Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Seventy-Second Omnibus Objection to Claims

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Seventy-Second Omnibus Objection to Claims.

establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Four Hundred Seventy-Second Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims or portions of claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
      New York, New York

                                                    _____
                                                    UNITED STATES BANKRUPTCY JUDGE