HEARING DATE AND TIME: **July 16, 2014 at 10:00 a.m. (Eastern Time)**
RESPONSE DEADLINE: **July 7, 2014 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                               :    **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**    :    **08-13555 (SCC)**
                                                    :
                    Debtors.                        :    **(Jointly Administered)**
------------------------------------------------------------------x

**NOTICE OF HEARING ON OBJECTION TO CLAIM OF**
**MITSUBISHI UFJ SECURITIES INTERNATIONAL PLC (CLAIM NO. 20239)**

**PLEASE TAKE NOTICE** that on June 5, 2014, Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, filed its objection to Claim No. 20239 of Mitsubishi UFJ Securities International plc (the "Objection"), and that a hearing (the "Hearing") to consider the Objection will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 16, 2014 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in

US_ACTIVE:\44497127\3\58399.0008

accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 621; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq. and Eric D. Kasenetz, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **July 7, 2014 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

US_ACTIVE:\44497127\3\58399.0008

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: June 5, 2014
       New York, New York

                                             /s/ Garrett A. Fail
                                             Garrett A. Fail

                                             WEIL, GOTSHAL & MANGES LLP
                                             767 Fifth Avenue
                                             New York, New York 10153
                                             Telephone: (212) 310-8000
                                             Facsimile: (212) 310-8007

                                             Attorneys for Lehman Brothers Holdings Inc.
                                             and Certain of Its Affiliates

**HEARING DATE AND TIME: July 16, 2014 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 7, 2014 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                : Chapter 11 Case No.
                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  : 08-13555 (SCC)
                                     :
Debtors.                             : (Jointly Administered)
------------------------------------------------------------x

**OBJECTION TO CLAIM OF MITSUBISHI UFJ**
**SECURITIES INTERNATIONAL PLC (CLAIM NO. 20239)**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this objection (the "Objection"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement of proof

of claim number 20239 (the "Duplicative Claim") filed by Mitsubishi UFJ Securities International plc ("Mitsubishi") on September 21, 2009.

2. The Plan Administrator has determined that the Duplicative Claim is, in substance, duplicative of proof of claim number 20242, filed by Mitsubishi in the same amount on the same date (the "Surviving Claim").

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On December 6, 2011, the Court approved and entered an order confirming the Plan. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

## The Duplicative Claim Should Be Disallowed and Expunged

6. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the Duplicative Claim as duplicative, in substance, of the Surviving Claim. Specifically, the Duplicative Claim was filed against the same Chapter 11 Estate, LBHI, and on account of the same alleged obligations as the Surviving Claim.

2

7. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

8. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative claims filed against the same debtors. *See, e.g., In re Worldcom, Inc.*, No. 02-13533, 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

9. LBHI cannot be required to pay on the same claim more than once. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Elimination of the redundant claim will enable the Plan Administrator to maintain a claims register that more accurately reflects the proper claims existing against LBHI.

10. The effective date for the Plan has occurred and distributions under the Plan have commenced. It would be inequitable and inappropriate for Mitsubishi to receive

3

distributions on account of the Duplicative Claim and the Surviving Claim. To avoid the possibility of Mitsubishi receiving duplicative or multiple recoveries on its claim, the Plan Administrator requests that the Court disallow and expunge in its entirety the Duplicative Claim. To the extent Mitsubishi has filed different documentation or asserted different bases in support of the Duplicative Claim and the Surviving Claim, the Plan Administrator will treat all documentation filed with and assertions made in the Duplicative Claim as having been filed in support of the Surviving Claim.

### Reservation of Rights

11. The Plan Administrator reserves all its rights to object on any basis to the Surviving Claim and to the Duplicative Claim if the Court does not grant the relief requested herein.

### Notice

12. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Objection on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) Mitsubishi; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

4

13. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: June 5, 2014
New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

5

# EXHIBIT A

US_ACTIVE:\44497127\3\58399.0008

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)
**EXHIBIT A – DUPLICATE CLAIM**

| | | CLAIM TO BE DISALLOWED | | | | SURVIVING CLAIM | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | MITSUBISHI UFJ SECURITIES INTERNATIONAL PLC | 09/21/2009 | 08-13555 (SCC) | 20239 | $979,034.44 | MITSUBISHI UFJ SECURITIES INTERNATIONAL PLC | 09/21/2009 | 08-13555 (SCC) | 20242 | $979,034.44 |
| | | | TOTAL | | $979,034.44 | | | | | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                                              :          Chapter 11 Case No.
                                                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     :          08-13555 (SCC)
                                                                                       :
                    Debtors.                                                 :          (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING OBJECTION TO CLAIM OF MITSUBISHI
### UFJ SECURITIES INTERNATIONAL PLC (CLAIM NO. 20239)

Upon the objection, dated June 5, 2014 (the "Objection"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of objections to proofs of claim [ECF No. 6664], seeking disallowance and expungement of claim number 20239 filed by Mitsubishi UFJ Securities International plc ("Mitsubishi") on the grounds that such claim is, in substance, duplicative of claim number 20242 filed by Mitsubishi, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

Pg 12 of 13

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claim listed on <u>Exhibit 1</u> annexed hereto under the heading "*Claim to be Disallowed*" (the "<u>Duplicative Claim</u>") is disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that the claim listed on <u>Exhibit 1</u> annexed hereto under the heading "*Surviving Claim*" (the "<u>Surviving Claim</u>") will remain on the claims register subject to the Plan Administrator's right to object as set forth herein; and it is further

ORDERED that all information included on and all documentation filed in support of the Duplicative Claim, including, but not limited to, derivative and guarantee questionnaires and supporting documentation, shall be treated as having been filed in support of the Surviving Claim; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the Duplicative Claim constitutes any admission or finding with respect to the Surviving Claim, and the Plan Administrator's rights to object to the Surviving Claim on any basis are preserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

2

Dated: _____, 2014
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

3