WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ralph I. Miller
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                            :    **Chapter 11 Case No.**
                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**  :    **08-13555 (SCC)**
                                                 :
               Debtors.                          :    **(Jointly Administered)**
---------------------------------------------------------------x

**REPLY TO RESPONSE OF DOROTHEA DOUGLAS TO**
**THE ONE HUNDRED SEVENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator, files this reply in further support of its One Hundred Seventy-Eighth Omnibus Objection to Claims (the "Objection") [ECF No. 19377], and respectfully represents:

1. Ms. Dorothea Douglas filed proof of claim number 15265 against LBHI on September 17, 2009 (the "Claim"), seeking $39,581.46 based on "services performed and loan." The only support attached to the Claim is a 2008 year-end summary of Ms. Douglas's 401(k) account. The statement reflects a negative $32,107.14 "change in market value" of the account during the twelve-month pre- and postpetition period attributable to three investments: "Vanguard Inst Index," "Fid Large Cap Stock," and "Lehman Brothers Stk." The statement also reflects a deduction for "loan repayment" to the account in the amount of $7,474.32.

2. LBHI filed the Objection to disallow the Claim because the Claim did not state a basis for liability of LBHI for the foregoing. *See* Objection ¶¶ 9-10. Upon the filing of the Objection, the burden shifted to Ms. Douglas to demonstrate the validity of the Claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). "When the burden is shifted back to the claimant, it must then prove by a preponderance of the evidence that under applicable law the claim should be allowed." *In re Oneida, Ltd.*, 400 B.R. at 389.

3. Ms. Douglas's response to the Objection (the "Response") [ECF No. 20479] does not address or provide any basis for LBHI's liability for the "loan repayment" portion of the Claim. As such, this component of the Claim should be disallowed and expunged. The Response also fails to provide any basis for LBHI's liability for the "change in market value" of certain Vanguard and Fidelity financial products. Accordingly, components of the Claim attributable to these investments should be disallowed and expunged.

4. The Response does address the remaining component of the Claim and asserts: "Ms. Douglas had Lehman Brothers stock in her 401(k) that decreased in value due to Debtors breach of fiduciary duty." Resp. 1; *see also* ¶ 8.

5. Section 510(b) of the Bankruptcy Code provides that, for purposes of distribution, a claim for damages arising from the purchase or sale of a security shall be subordinated to all claims or interests that are senior to or equal to the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock. 11 U.S.C. § 510(b). Courts generally have applied section 510(b) liberally. *In re Enron Corp.*, 341 B.R. 141, 163 (Bankr. S.D.N.Y. 2006) ("[T]he broad applicability of section 510(b) is now quite settled.").

2

6. Specifically, courts have subordinated claims for loss of stock value due to an alleged breach of fiduciary duty. *See In re Touch America Holdings, Inc., et al.*, 381 B.R. 95, 106 (Bankr. D. Del. 2008) ("Although the Complaint seeks damages for breach of fiduciary duties, . . . [t]he gist . . . is to recover damages based upon the lost value of the stock, which are claims . . . derived from the employees' purchase and ownership of the stock. Section 510(b) applies to subordinate this claim."); *see also Weissmann v. Pre-Press Graphics Co., Inc. (In re Pre-Press Graphics Co., Inc.)*, 307 B.R. 65, 80 (N.D. Ill. 2004) (affirming bankruptcy court's holding that a claim for shareholder oppression and breach of fiduciary duty is subject to subordination pursuant to section 510(b)); *see also In re Unbreakable Nation Co.*, 437 B.R. 189, 201 (Bankr. E.D. Pa. 2010) (stating that "[t]he Objectors' Claims, which include, . . . breach of fiduciary duty, appear to fall within the scope of claims which would be subordinated pursuant to 11 U.S.C. § 510(b)"). To the extent that the Claim is asserting damages arising from the loss in value of LBHI common stock, the Claim should be subordinated to the level of LBHI common equity pursuant to Bankruptcy Code section 510(b).

## **RESERVATION OF RIGHTS**

7. The Plan Administrator reserves the right to object to the Claim on any other basis. The Plan Administrator further reserves the right to conduct discovery as to the Claim and any matters raised by Ms. Douglas and to supplement this and other filings as a result thereof.

## **CONCLUSION**

WHEREFORE for the reasons set forth above and in the Objection, the Plan Administrator respectfully requests that the Court enter the annexed order disallowing and expunging the Claim, in part, and reclassifying as an equity interest the Claim, in part.

Dated: June 6, 2014
New York, New York

/s/ Ralph I. Miller
Ralph I. Miller
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :    08-13555 (SCC)
                                               :
                    Debtors.                   :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING ONE HUNDRED SEVENTY-EIGHTH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY 401(k) CLAIMS)

Upon the one hundred seventy-eighth omnibus objection to claims, dated August 19, 2011 (the "One Hundred Seventy-Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), pursuant to section 502 of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664]; and due and proper notice of the One Hundred Seventy-Eighth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and an opposition to the One Hundred Seventy-Eighth Omnibus Objection to Claims having been interposed by Dorothea Douglas [ECF No. 20479] (the "Response"); and LBHI having filed a reply thereto [ECF No. ___] (the "Reply"); and the Court having reviewed the One Hundred Seventy-Eighth Omnibus Objection to Claims, the Response, and the Reply, and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the One Hundred Seventy-Eighth Omnibus Objection to Claims and the Reply and at the Hearing

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the One Hundred Seventy-Eighth Omnibus Objection to Claims.

establish just cause for the ruling herein; and the Court having determined that the relief requested in the One Hundred Seventy-Eighth Omnibus Objection to Claims and the Reply and granted herein is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest; and based upon the reasoning and the rulings set forth on the record at the Hearing; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Response is overruled; and it is further

ORDERED that the relief requested in the One Hundred Seventy-Eighth Omnibus Objection to Claims and the Reply is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the portions of the claim listed on Exhibit 1 annexed hereto under the heading "*Amounts to be Disallowed*" (all portions other than that related to the loss of value of LBHI stock) are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the portion of the claim listed on Exhibit 1 annexed hereto under the heading "*Amount to be Reclassified as Equity*" (all portions related to the loss of value of LBHI stock) are hereby reclassified as Equity Interests (as such term is defined in the Modified Third Amended Joint Chapter 11 Plan of LBHI and its Affiliated Debtors [ECF No. 22973]) having the same priority as, and no greater priority than, common stock interests in LBHI; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A to the One Hundred Seventy-Eighth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
       New York, New York

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

## IN RE: LEHMAN BROTHERS HOLDINGS INC., et al., CASE NO. 08-13555 (SCC)
## OMNIBUS OBJECTION 178: EXHIBIT 1 - NO LIABILITY 401(k) CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE | AMOUNT TO BE RECLASSIFIED AS EQUITY |
|---|---|---|---|---|---|---|---|---|---|
| 1 | DOUGLAS, DOROTHEA | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15265 | $39,581.46 * | $39,581.46 * | No Liability | Undetermined |
| | | | | TOTAL | | $39,581.46 | $39,581.46 | | |

\* - Indicates claim contains unliquidated and/or undetermined amounts