WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ralph I. Miller
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| In re | : | Chapter 11 Case No. |
| :--- | :--- | :--- |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (SCC) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**OMNIBUS REPLY TO RESPONSES TO
THE ONE HUNDRED EIGHTY-FIFTH OMNIBUS OBJECTION TO CLAIMS**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator, files this reply in further support of its One Hundred Eighty-Fifth Omnibus Objection to Claims (the "Objection") [ECF No. 19714], and respectfully represents:

1.  As set forth in the Objection, claims asserting an interest in connection with LBHI stock should be reclassified as equity interests (*see* Objection ¶¶ 40-44) and claims otherwise asserting an interest in connection with a retirement, pension, or brokerage account should be disallowed and expunged (*see* Objection ¶¶ 23-27).

**The Krieger Claim Should Be Reclassified As An Equity Interest**

2.  Ms. Karen Simon Krieger filed claim number 18087 against an unspecified debtor-entity on September 18, 2009, asserting a claim for, among other things,

$45,320.36 for common stock of LBHI and $15,756.67 for a "401K investment in Lehman Common Stock" (such portions referred to hereinafter as the "Krieger Claim").[1] The Objection sought to reclassify the Krieger Claim as an equity interest pursuant to section 510(b) of the Bankruptcy Code. *See* Objection at ¶¶ 40-41; Ex. A.

3.  Upon the filing of the Objection, the burden shifted to Ms. Krieger to demonstrate the validity of the Krieger Claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("The burden then shifts to the claimant if the objector produces 'evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.'") (internal citations omitted); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000) ("Once an objectant offers sufficient evidence to overcome the prima facie validity of the claim, the claimant is required to meet the usual burden of proof to establish the validity of the claim."). "When the burden is shifted back to the claimant, it must then prove by a preponderance of the evidence that under applicable law the claim should be allowed." *In re Oneida, Ltd.*, 400 B.R. at 389.

4.  Ms. Krieger's responses to the Objection [ECF Nos. 21216 and 21221] (collectively, the "Krieger Response"), are nearly identical and do not address the arguments raised in the Objection or otherwise support a legally cognizable claim against LBHI. Ms. Krieger admits that the Claim consists of "$45,320.36 in Lehman Brothers Common Stock and $15,756.67 in 401K investment in Lehman Brothers Common Stock." *See* Krieger Response 1. As such, the Krieger Claim should be reclassified as an equity interest pursuant to section 510(b) of the Bankruptcy Code.

---

[1] Claim 18087 also included a $164,319.52 claim related to restricted stock units. That portion of the Claim is being litigated separately, was the subject of hearings on April 1-3, 2014, and is not the subject of this reply or the hearing set for June 19, 2014.

2

**The Seraydar Claim Should Be Disallowed And Expunged**

5.  Ms. Rose Seraydar filed claim number 2927 against LBHI on February 20, 2009, asserting a claim for $3,117.12 in annual pension payments and shares of certain non-Lehman stocks that Lehman Brothers Inc. ("LBI") allegedly failed to transfer or return to Ms. Seraydar (the "Seraydar Claim").

6.  The Objection sought to disallow and expunge the Seraydar Claim. Upon the filing of the Objection, the burden shifted to Ms. Seraydar to demonstrate the validity of the Seraydar Claim. Ms. Seraydar's response to the Objection [ECF No. 20585] does not address the arguments raised in the Objection or otherwise support a legally cognizable claim against LBHI. It focuses on securities allegedly held in accounts for Ms. Seraydar at LBI. LBHI has no liability for pension payments and no liability for the obligations of LBI to its customers.[2] Accordingly, the Seraydar Claim should be disallowed and expunged in its entirety.

---

[2] It is axiomatic that "affiliated corporations are, as a rule, treated separately and independently so that one will not be held liable for the contractual obligations of [an]other…." *Krys v. Aaron* (*In re Refco Inc. Sec. Litig.*), 826 F.Supp.2d 478, 495 (S.D.N.Y. 2011) (*quoting Sheridan Broad. Corp. v. Small*, 798 N.Y.S.2d 45, 46-47 (N.Y. App. Div. 2005)).

## RESERVATION OF RIGHTS

7.      The Plan Administrator reserves the right to object to the Krieger Claim and the Seraydar Claim on any other basis.  The Plan Administrator further reserves the right to conduct discovery as to the claims and any matters raised by claimants and to supplement this and other filings as a result thereof.

## CONCLUSION

WHEREFORE for the reasons set forth above and in the Objection, the Plan Administrator respectfully requests that the Court enter the annexed order reclassifying as equity the Krieger Claim and disallowing and expunging the Seraydar Claim.

Dated:  June 6, 2014
        New York, New York

/s/ Ralph I. Miller
Ralph I. Miller
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                               :    Chapter 11 Case No.
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,        :    08-13555 (SCC)
                                                    :
                    Debtors.                        :    (Jointly Administered)
------------------------------------------------------------x

## ORDER GRANTING ONE HUNDRED EIGHTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (COMPOUND CLAIMS)

Upon the one hundred eighty-fifth omnibus objection to claims, dated September 6, 2011 (the "One Hundred Eighty-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), pursuant to section 502 of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664]; and due and proper notice of the One Hundred Eighty-Fifth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and oppositions to the One Hundred Eighty-Fifth Omnibus Objection to Claims having been interposed by Karen Simon Krieger [ECF Nos. 21216, 21221] and Rose Seraydar [ECF No. 20585] (collectively, the "Responses"); and LBHI having filed a reply thereto [ECF No. ___] (the "Reply"); and the Court having reviewed the One Hundred Eighty-Fifth Omnibus Objection to Claims, the Responses, and the Reply, and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the One Hundred Eighty-Fifth Omnibus

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the One Hundred Eighty-Fifth Omnibus Objection to Claims.

Objection to Claims and the Reply and at the Hearing establish just cause for the ruling herein; and the Court having determined that the relief requested in the One Hundred Eighty-Fifth Omnibus Objection to Claims and the Reply and granted herein is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest; and based upon the reasoning and the rulings set forth on the record at the Hearing; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Responses are overruled; and it is further

ORDERED that the relief requested in the One Hundred Eighty-Fifth Omnibus Objection to Claims and the Reply is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the portions of the Compound Claims listed on Exhibit 1 annexed hereto under the heading "*Amounts to be Disallowed*" are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED the portions of the Compound Claims listed on Exhibit 1 annexed hereto under the heading "*Amount to be Reclassified as Equity Interest*" are hereby reclassified as Equity Interests (as such term is defined in the Modified Third Amended Joint Chapter 11 Plan of LBHI and its Affiliated Debtors [ECF No. 22973]) having the same priority as, and no greater priority than, common stock interests in LBHI; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the One Hundred Eighty-Fifth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2014
       New York, New York

                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST |
|---|---|---|---|---|---|---|---|---|---|
| 1 | KRIEGER, KAREN M. SIMON | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18087 | $225,396.55 | | | $61,077.03 |
| | This order affects only the Non-RSU portion of claim number 18087. The RSU portion of claim 18087, totaling $164,319.52, remains adjourned on this One Hundred Eighty-Fifth Omnibus Objection. | | | | | | | | |
| 2 | SERAYDAR, ROSE MRS. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 02/20/2009 | 2927 | $3,117.72* | $3,117.72* | No Liability | |
| | | | | TOTAL | | $228,514.27 | $3,117.72 | | $61,077.03 |

\* - Indicates claim contains unliquidated and/or undetermined amounts