WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ralph I. Miller
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**REPLY TO RESPONSE OF WINSOME MCDONALD**
**TO THE TWO HUNDREDTH OMNIBUS OBJECTION TO CLAIMS**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator, files this reply in further support of its Two Hundredth Omnibus Objection to Claims (the "Objection") [ECF No. 19921], and respectfully represents:

1.  Ms. Winsome McDonald filed proof of claim number 7163 against an unspecified debtor-entity on August 3, 2009 (the "Claim"), seeking $894.92 based on her Neuberger Berman brokerage account. The only support attached to the Claim is a Neuberger Berman account statement from April 30, 2008, four and a half months prior to the petition date. The statement reflects cash in the amount of $217.40 and unidentified equities in the amount of $677.52.

2. The Objection was filed seeking disallowance of the Claim because the Claim did not state a basis for liability of any of the chapter 11 estates in the above-captioned cases for the foregoing. *See* Objection ¶¶ 11-12. Upon the filing of the Objection, the burden shifted to Ms. McDonald to demonstrate the validity of the Claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). "When the burden is shifted back to the claimant, it must then prove by a preponderance of the evidence that under applicable law the claim should be allowed." *In re Oneida, Ltd.*, 400 B.R. at 389.

3. Ms. McDonald filed a two-sentence response to the Objection (the "Response") [ECF No. 21083] stating: "This letter serves as notice that I oppose the disallowance and expungement of my claim for the funds held at Lehman Brothers. These funds were held in cash and should be covered under SIPC." Ms. McDonald's response does not address the arguments raised in the Objection or otherwise support a legally cognizable claim against any of the debtors in the above-captioned cases. It focuses on funds allegedly held in accounts for Ms. McDonald at Neuberger Berman. LBHI has no liability for Neuberger Berman accounts and no liability for the obligations set forth in the Claim.[1] Accordingly, the Claim should be disallowed and expunged in its entirety.

**RESERVATION OF RIGHTS**

4. The Plan Administrator reserves the right to object to the Claim on any other basis. The Plan Administrator further reserves the right to conduct discovery as to the

---

[1] It is axiomatic that "affiliated corporations are, as a rule, treated separately and independently so that one will not be held liable for the contractual obligations of [an]other…." *Krys v. Aaron* (*In re Refco Inc. Sec. Litig.*), 826 F.Supp.2d 478, 495 (S.D.N.Y. 2011) (*quoting Sheridan Broad. Corp. v. Small*, 798 N.Y.S.2d 45, 46-47 (N.Y. App. Div. 2005)).

2

Claim and any matters raised by Ms. McDonald and to supplement this and other filings as a result thereof.

## CONCLUSION

WHEREFORE for the reasons set forth above and in the Objection, the Plan Administrator respectfully requests that the Court enter the annexed order disallowing and expunging the Claim in its entirety.

Dated:  June 6, 2014
        New York, New York

/s/ Ralph I. Miller
Ralph I. Miller
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                         :    Chapter 11 Case No.
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :    08-13555 (SCC)
                                              :
              Debtors.                        :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING TWO HUNDREDTH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the two hundredth omnibus objection to claims, dated September 13, 2011 (the "Two Hundredth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), pursuant to section 502 of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664]; and due and proper notice of the Two Hundredth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and an opposition to the Two Hundredth Omnibus Objection to Claims having been interposed by Winsome McDonald [ECF No. 21083] (the "Response"); and LBHI having filed a reply thereto [ECF No. ___] (the "Reply"); and the Court having reviewed the Two Hundredth Omnibus Objection to Claims, the Responses, and the Reply, and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Two Hundredth Omnibus Objection to Claims and the Reply and at the Hearing establish just cause for the ruling herein; and the Court having determined that the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundredth Omnibus Objection to Claims.

relief requested in the Two Hundredth Omnibus Objection to Claims and the Reply and granted herein is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest; and based upon the reasoning and the rulings set forth on the record at the Hearing; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Response is overruled; and it is further

ORDERED that the relief requested in the Two Hundredth Omnibus Objection to Claims and the Reply is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claim listed on Exhibit 1 annexed hereto is disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Two Hundredth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
    New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2

**EXHIBIT 1**

## OMNIBUS OBJECTION 200: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | MCDONALD, WINSOME E. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 08/03/2009 | 7163 | $894.92 | $894.92 | No Liability |
| | | | | | TOTAL | $894.92 | $894.92 | |