WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ralph I. Miller
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**REPLY TO RESPONSE OF NIKKI MARSHALL TO**
**THE THREE HUNDRED FORTY-SECOND OMNIBUS OBJECTION TO CLAIMS**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator, files this reply in further support of its Three Hundred Forty-Second Omnibus Objection to Claims (the "Objection") [ECF No. 30031], and respectfully represents:

1. Ms. Nikki Marshall filed proof of claim number 23724 against an unspecified debtor-entity on September 21, 2009 (the "Claim"), seeking $77,286.68 in taxes she allegedly paid on her receipt of $202,056.59 in LBHI common stock between 2001 and 2008.

2. LBHI filed the Objection to reclassify the Claim as an equity interest because the Claim was based upon ownership of LBHI common stock and alleged losses related thereto. *See* Objection ¶¶ 30-34. Upon the filing of the Objection, the burden shifted to Ms. Marshall to demonstrate the validity of the Claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389

(Bankr. S.D.N.Y. 2009); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). "When the burden is shifted back to the claimant, it must then prove by a preponderance of the evidence that under applicable law the claim should be allowed." *In re Oneida, Ltd.*, 400 B.R. at 389.

3. Ms. Marshall filed a response to the Objection (the "Response") [ECF No. 30949] reasserting her claim for tax losses, alleging that "[o]ver the years, [she] had to pay ordinary income taxes on the original cost basis" of the LBHI shares and adding for the first time a claim for "losses on the shares." Resp. 1. She also alleges that "the debtor . . . breached their fiduciary obligation by the fraudulent and complete mismanagement of the company." Resp. 2.

4. Section 510(b) of the Bankruptcy Code provides that, for purposes of distribution, a claim for damages arising from the purchase or sale of a security shall be subordinated to all claims or interests that are senior to or equal to the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock. 11 U.S.C. § 510(b). Courts generally have applied section 510(b) liberally. *In re Enron Corp.*, 341 B.R. 141, 163 (Bankr. S.D.N.Y. 2006) ("[T]he broad applicability of section 510(b) is now quite settled.").

5. Specifically, courts have subordinated claims for loss of stock value due to an alleged breach of fiduciary duty. *See In re Touch America Holdings, Inc., et al.*, 381 B.R. 95, 106 (Bankr. D. Del. 2008) ("Although the Complaint seeks damages for breach of fiduciary duties, . . . [t]he gist . . . is to recover damages based upon the lost value of the stock, which are claims are derived from the employees' purchase and ownership of the stock. Section 510(b) applies to subordinate this claim."); *see also Weissmann v. Pre-Press Graphics Co., Inc. (In re Pre-Press Graphics Co., Inc.)*, 307 B.R. 65, 80 (N.D. Ill. 2004) (affirming bankruptcy court's

2

holding that a claim for shareholder oppression and breach of fiduciary duty is subject to subordination pursuant to section 510(b)); *see also In re Unbreakable Nation Co.*, 437 B.R. 189, 201 (Bankr. E.D. Pa. 2010) (stating that "[t]he Objectors' Claims, which include, . . . breach of fiduciary duty, appear to fall within the scope of claims which would be subordinated pursuant to 11 U.S.C. § 510(b)").

6.      Because the Claim is asserting damages arising from alleged losses in connection with LBHI common stock, including "tax losses," the Claim should be subordinated to the level of LBHI common equity pursuant to Bankruptcy Code section 510(b).

## **RESERVATION OF RIGHTS**

7.     The Plan Administrator reserves the right to object to the Claim on any other basis.  The Plan Administrator further reserves the right to conduct discovery as to the Claim and any matters raised by Ms. Marshall and to supplement this and other filings as a result thereof.

## **CONCLUSION**

WHEREFORE for the reasons set forth above and in the Objection, the Plan Administrator respectfully requests that the Court enter the annexed order reclassifying the Claim as an equity interest in its entirety.

Dated:  June 6, 2014
         New York, New York

/s/ Ralph I. Miller
Ralph I. Miller
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :    08-13555 (SCC)
                                               :
                     Debtors.                  :    (Jointly Administered)
------------------------------------------------------------------x

## ORDER GRANTING THE
## THREE HUNDRED FORTY-SECOND OMNIBUS
## OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)

Upon the three hundred forty-second omnibus objection to claims, dated August 14, 2012 (the "Three Hundred Forty-Second Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), pursuant to section 502 of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664]; and due and proper notice of the Three Hundred Forty-Second Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and an opposition to the Three Hundred Forty-Second Omnibus Objection to Claims having been interposed by Nikki Marshall [ECF No. 30949] (the "Response"); and LBHI having filed a reply thereto [ECF No. ___] (the "Reply"); and the Court having reviewed the Three Hundred Forty-Second Omnibus Objection to Claims, the Responses, and the Reply, and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Three Hundred Forty-Second Omnibus Objection to Claims and the Reply and at the Hearing establish

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Three Hundred Forty-Second Omnibus Objection to Claims.

just cause for the ruling herein; and the Court having determined that the relief requested in the Three Hundred Forty-Second Omnibus Objection to Claims and the Reply and granted herein is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest; and based upon the reasoning and the rulings set forth on the record at the Hearing; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Response is overruled; and it is further

ORDERED that the relief requested in the Three Hundred Forty-Second Omnibus Objection to Claims and the Reply is granted to the extent provided herein; and it is further

ORDERED that the claim listed on Exhibit 1 annexed hereto is hereby reclassified as an Equity Interest (as such term is defined in the Modified Third Amended Joint Chapter 11 Plan of LBHI and its Affiliated Debtors [ECF No. 22973]) having the same priority as, and no greater priority than, common stock interests in LBHI; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim or portion of any claim listed on Exhibit A annexed to the Three Hundred Forty-Second Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
   New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

## OMNIBUS OBJECTION 342: EXHIBIT 1 - EMPLOYMENT-RELATED CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST |
|---|---|---|---|---|---|---|---|
| 1 | MARSHALL, NIKKI A. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23724 | $77,286.68 | $77,286.68 |
| | | | | TOTAL | | $77,286.68 | $77,286.68 |