B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re    Lehman Brothers Holdings Inc, et al, Debtors    Case No. 08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| **MERRILL, LYNCH, PIERCE FENNER & SMITH INCORPORATED** | **MONARCH CAYMAN FUND LIMITED** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee
Should be sent

Merrill Lynch, Piece, Fenner & Smith Incorporated
214 North Tryon Street,
15th Floor,
Charlotte, N.C. 28255,
USA
Attn: Gregory W Ponder

**Court Claim # (if known):** 56209/56210/59233

**The Purchased Claim represents US$22,783.74** which is 2.777777778% of the total Proposed Allowed Claim Amount with respect to XS0276619805 as set forth in the Notice of Proposed Allowed Claim Amount dated December 9, 2011, (Claim Number 56209),

**The Purchased Claim represents US$502,140.66** which is 2.826950239% of the total Proposed Allowed Claim Amount with respect to XS0276619805 as set forth in the Notice of Proposed Allowed Claim Amount dated December 9, 2011, (Claim Number 56210),

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

**The Purchased Claim represents US$7,174.42** which is 2.870808266% of the total Proposed Allowed Claim Amount with respect to XS0276619805 as set forth in the Notice of Proposed Allowed Claim Amount dated December 9, 2011, (Claim Number 59233),

**Date Claim Filed:** October 29, 2009. (Claim Number 56209)/ October 29, 2009. (Claim Number 56210)/ October 30, 2009. (Claim Number 56210)/

Name and Address where transferee payments should be sent (if different from above):

Phone:
Last Four Digits of Acct. #:

Phone:
Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: *[signature]*                                    Date: 06th June 2014
**SETH DENSON**
**DIRECTOR**
MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Monarch Cayman Fund Limited** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Merrill Lynch, Pierce, Fenner & Smith Incorporated** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **principal amounts** specified in Schedule 1 attached hereto (collectively, the "Purchased Claim"), in Seller's right, title and interest in and to Proofs of Claim Number **56209 and 56210** filed by **Bovay and Partenaires SA and 59233** filed by **UBS AG** (collectively, the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed on or after September 25, 2013 with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing paid on or after September 25, 2013 (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto; *provided however* that for the avoidance of any doubt, notwithstanding anything herein to the contrary, Seller and Purchaser agree that the Transferred Claims and the Purchased Security shall exclude, and Seller shall retain all rights title and interest in and to, distributions paid prior to September 25, 2013.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Programs Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the relevant Purchased Claim specified in Schedule 1 attached hereto; (f) neither Seller nor any of its predecessors in interest has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the same class holding unsecured claims against Lehman Brothers Holdings, Inc.; (g) to the same extent and in the form received by Seller from its predecessor in interest, Seller has provided to Purchaser true and correct copies of the Notice of Proposed Allowed Claim Amount, dated December 9, 2011 (for Proof of Claim Numbers 56209 and 56210) and October 6, 2011 (for Proof of Claim Number 59233) (collectively, the "Notice"), and the Seller did not file a written response to the Notice per the terms of such Notice; (h) on or about April 17, 2012 Seller received the first distribution relating to the Transferred Claims in the amount indicated on Schedule 1 attached hereto (the "First Distribution"), on or about October 1, 2012 Seller received the second distribution relating to the Transferred Claims in the amount indicated on Schedule 1 attached hereto (the "Second Distribution"), on or about April 4, 2013 Seller received the third distribution relating to the Transferred Claims in the amount indicated on Schedule 1 attached hereto (the "Third Distribution"), on or about October 3, 2013 Seller received the fourth distribution relating to the Transferred Claims in the amount indicated on Schedule 1 attached hereto (the "Fourth Distribution") and on or about April 3, 2014 Seller received the fifth distribution relating to the Transferred Claims in the amount indicated on Schedule 1

attached hereto (the "Fifth Distribution"); and (i) other than the First Distribution, the Second Distribution, the Third Distribution, the Fourth Distribution and the Fifth Distribution, Seller has not received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than (i) three (3) business days after receipt of same or (ii) the date of this Agreement and Evidence of Transfer of Claim, whichever is later) remit any payments, distributions, proceeds or notices received by Seller paid on or after September 25, 2013 in respect of the Transferred Claims (including without limitation, the Fourth Distribution and the Fifth Distribution) to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of June 2014.

| Monarch Cayman Fund Limited | Merrill Lynch, Pierce, Fenner & Smith Incorporated |
|---|---|
| By: Monarch Alternative Capital LP | |
| Its: Advisor | |
| By: _____ | By: _____ |
| Name: | Name: **SETH DENSON** |
| Title: Christopher Santana | Title: **DIRECTOR** |
| Managing Principal | |
| Monarch Cayman Fund Limited | Merrill Lynch, Pierce, Fenner & Smith Incorporated |
| c/o Monarch Alternative Capital LP | 214 North Tryon Street, |
| 535 Madison Avenue, Floor 26 | 15th Floor, |
| New York, NY 10022 | Charlotte, N.C. 28255, |
| Attention: Michael Gillin | USA |
| Phone: (212) 554-1743 | Attn: Meredith R. Smith |
| Fax: (866) 741-3564 | Tel: 001 980 388 4526 |
| Email: fundops@monarchlp.com | Email: meredith.r.smith@baml.com |

Schedule 1

Purchased Claim

Transferred Claims

With respect to Claim 56209, the Purchased Claim represents US $22,783.74 which is 2.7777777778% of the total Proposed Allowed Claim Amount of $820,214.64 with respect to XS0276619805 as set forth in the relevant Notice.

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Allowed Amount Pursuant to the Notice | Distributions |
|---|---|---|---|---|---|---|---|
| Issue of EUR 19,000,000 Index Linked Notes due November 2011 relating to the Dow Jones Eurostoxx 50 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$ 60,000,000,000 Euro Medium-Term Note Retail Program | XS0276619805 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | EUR 19,000.00 | N/A | USD 22,783.74 | $822.31 -- April 17, 2012<br>$554.91 -- October 1, 2012<br>$700.89 -- April 4, 2013<br>$830.99-- October 3, 2013<br>$902.65 -- April 3, 2014 |

Schedule 1-1

With respect to Claim 56210, the Purchased Claim represents US$502,140.66 which is 2.826950239% of the total Proposed Allowed Claim Amount of $17,762,628.19 with respect to XS0276619805 as set forth in the relevant Notice.

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Allowed Amount Pursuant to the Notice | Distributions |
|---|---|---|---|---|---|---|---|
| Issue of EUR 19,000,000 Index Linked Notes due November 2011 relating to the Dow Jones Eurostoxx 50 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$ 60,000,000,000 Euro Medium-Term Note Retail Program | XS0276619805 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | EUR 420,000.00 | N/A | USD 502,140.66 | $18,123.40 – April 17, 2012<br>$12,230.03 – October 1, 2012<br>$15,447.42 – April 4, 2013<br>$18,314.66 – October 3, 2013<br>$19,893.98 – April 3, 2014 |

With respect to Claim 59233, the Purchased Claim represents US$7,174.42 which is 2.870808266% of the total Proposed Allowed Claim Amount of $249,909.41 with respect to XS0276619805 as set forth in the relevant Notice.

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Allowed Amount Pursuant to the Notice | Distributions |
|---|---|---|---|---|---|---|---|
| Issue of EUR 19,000,000 Index Linked Notes due November 2011 relating to the Dow Jones Eurostoxx 50 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$ 60,000,000,000 Euro Medium-Term Note Retail Program | XS0276619805 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | EUR 6,000.00 | N/A | USD 7,174.42 | $258.94 – April 17, 2012<br>$174.73 – October 1, 2012<br>$220.70 – April 4, 2013<br>$261.67 – October 3, 2013<br>$284.23 – April 3, 2014 |