**Wolters Kluwer**
Corporate Legal Services

**CT Corporation**

311 South Division Street
Carson City, NV 89703

800 592 9023 tel
www.ctcorporation.com

June 03, 2014

Southern District of New York - U.S. Bankruptcy Court
One Bowling Green,
New York, NY 10004

Re: Lehman Brothers Holdings Inc, et al., Debtors // To: Mountain View Mortgage Company

Case No. 0813555SCC

Dear Sir/Madam:

We are returning documents served/received for Mountain View Mortgage Company.

According to our records our statutory representation services were discontinued and all process sent to the last known address on our records was returned as undeliverable.

Since we do not have any other addresses in our files to which we can forward the papers, we are returning them to you and filing resignation of agent in all states where permitted.

Please understand that we take no position as to the validity of the service. We are merely stating that after reasonable efforts, we do not have any address to which to forward the papers.

Very truly yours,

The Corporation Trust Company of Nevada

Log# 525065053

Sent By Regular Mail

cc: William A. Maher
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue,
New York, NY 10110

**(Returned To)**

Southern District of New York - U.S. Bankruptcy Court
One Bowling Green,
New York, NY 10004

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:    (212) 382-3300
Facsimile:    (212) 382-0050
William A. Maher
James N. Lawlor
Adam M. Bialek

JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, Colorado 80202
Telephone:    (303) 573-1600
Facsimile:    (303) 573-8133
Michael A. Rollin
Maritza Dominguez Braswell (*pro hac vice*)

*Special Counsel for Lehman Brothers Holdings Inc. and*
*Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ x : | |
| **In re:** : | **Chapter 11** |
| : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.,* : | **Case No. 08-13555 (SCC)** |
| : | |
| **Debtors.** : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ x | |

**NOTICE OF HEARING ON MOTION FOR ALTERNATIVE DISPUTE**
**RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION**
**CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

**PLEASE TAKE NOTICE** that on May 29, 2014, Lehman Brothers Holdings Inc.

("LBHI" or the "Plan Administrator"), as Plan Administrator for the entities in the above

referenced chapter 11 cases (the "Debtors"), filed a motion for an alternative dispute resolution

procedures order for indemnification claims of the Debtors against mortgage loan sellers (the

"Motion"), and that a hearing (the "Hearing") to consider the Motion will be held before the

Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 621 of the

United States Bankruptcy Court for the Southern District of New York, One Bowling Green,

New York, New York 10004, on **June 19, 2014, at 10:00 a.m. (Eastern Time)**, or as soon

thereafter as counsel may be heard.

     **PLEASE TAKE FURTHER NOTICE** that any responses to the Motion shall be in

writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the

Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with

General Order M-399 (which can be found at <u>www.nysb.uscourts.gov</u>) by registered users of the

Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5

inch disk, preferably in text-searchable Portable Document Format (PDF) (with a hard copy

delivered directly to Chambers), and shall be served upon (i) the chambers of the Honorable

Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 621; (ii)

special counsel for LBHI, Jones & Keller, P.C., 1999 Broadway, suite 3150, Denver, Colorado

80202 (attn.: Michael A. Rollin, Esq. and Maritza Dominguez Braswell, Esq.) and Wollmuth

Maher & Deutsch LLP, 500 Fifth Avenue, New York, New York 10110 (Attn: James N. Lawlor,

Esq., and Adam M. Bialek, Esq.); and (iii) the Office of the United States Trustee for Region 2,

U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn:

William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.), so as to be so

filed and received by no later than **June 12, 2014, at 4:00 p.m. (Eastern Time)** (the "<u>Response</u>

<u>Deadline</u>").

     **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served

with respect to the Motion or any relief requested therein, the Plan Administrator may, on or after

the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the

proposed order annexed to the Motion, which order may be entered with no further notice or

opportunity to be heard offered to any party.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the

Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  New York, New York
       May 29, 2014

/s/ William A. Maher
William A. Maher
James N. Lawlor
Adam M. Bialek

Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, New York 10110
Telephone:(212) 382-3300
Facsimile: (212) 382-0050

/s/ Michael A. Rollin
Michael A. Rollin
Maritza Dominguez Braswell

Jones & Keller, P.C.
1999 Broadway, suite 3150
Denver, Colorado 80202
Telephone:    (303) 573-1600
Facsimile: (303) 573-8133

*Special Counsel for Lehman Brothers Holdings
Inc. and Certain of Its Affiliates*

3

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:    (212) 382-3300
Facsimile:    (212) 382-0050
William A. Maher
James N. Lawlor
Adam M. Bialek

JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, Colorado 80202
Telephone:    (303) 573-1600
Facsimile:    (303) 573-8133
Michael A. Rollin
Maritza Dominguez Braswell (*pro hac vice*)

*Special Counsel for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| —————————————————— x | | |
| **In re:** | : | **Chapter 11** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **Case No. 08-13555 (SCC)** |
| | : | |
| **Debtors.** | : | |
| —————————————————— x | | |

**MOTION FOR ALTERNATIVE DISPUTE RESOLUTION
PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS
OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan

Administrator pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors, for LBHI and certain of its subsidiaries

(collectively, the "Debtors"), moves for an alternative dispute resolution procedures order for

indemnification claims of the Debtors against mortgage loan sellers (the "Motion"), and

respectfully represents as follows:

## Preliminary Statement

1.      By this Motion, the Plan Administrator seeks authority to establish an alternative

dispute resolution ("ADR") procedure to efficiently address indemnification claims LBHI holds

against approximately 3,000 counterparties involving more than 11,000 mortgage loans related to

the recent settlements of claims litigation with the Federal National Mortgage Association

("Fannie Mae") and the Federal Home Loan Mortgage Corp. ("Freddie Mac").  As a result of the

settlements, LBHI may assert contractual or other rights to require banks and other mortgage

lending institutions from which LBHI or its affiliates purchased mortgage loans (collectively, the

"Sellers") to reimburse and indemnify LBHI pursuant to related transaction documents that

contain indemnification provisions, wherein the Sellers agreed to hold the Debtors harmless from

any losses or damages suffered with respect to the mortgage loans (the "Indemnification

Claims").  The proposed ADR procedure will benefit the Debtors' creditors by expediting the

resolution and recovery on account of such claims and by increasing distributions to creditors.

## Background

2.      Commencing on September 15, 2008, and periodically thereafter (as applicable,

the "Commencement Date"), the Debtors commenced with this Court voluntary cases (the

"Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code").  The Chapter 11 Cases have been consolidated for procedural purposes only and are

being jointly administered pursuant to Bankruptcy Rule 1015(b).

3.      By Order dated December 6, 2011 (the "Confirmation Order"), the Bankruptcy

Court confirmed the Modified Third Amended Plan of Reorganization of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan"), which became effective on March 6, 2012.

4.      The Plan provides for the orderly liquidation of all the property of the Debtors,

which revested on the Effective Date for the benefit of creditors and equity holders. Post-

confirmation, the equity in LBHI is held 100% by a trust defined in the Plan as the "Plan Trust."

The Plan Trust is charged with liquidating the assets of all the Debtors, including LBHI. *See* Plan

§ 7.4 ("The Plan Trust shall be established on the Effective Date and shall continue in existence

until the Closing Date. . . . The Plan Trust shall exercise voting rights . . . in furtherance of the

liquidation of the Debtors and compliance with the provisions of the Plan."). Moreover, the Plan

provides that LBHI, the Plan Administrator, "shall wind-down, sell and otherwise liquidate assets

of the Debtors and/or Debtor-Controlled Entities in accordance with Section 6.1(b)(iii) of the

Plan." Plan §§ 1.115, 7.6. The Plan Administrator has the sole authority to liquidate assets,

including the prosecution of Litigation Claims (as defined below), to maximize distributions to

creditors. Plan § 6.1(b)(iii) and (iv).

5.      The Plan also expressly provides that LBHI will retain all Litigation Claims that

are not otherwise disposed of in the Plan. Plan § 13.8. "Litigation Claims" under the Plan means

"any and all Causes of Action held by" LBHI. Plan § 1.102. The Plan further defines "Causes of

Action" as "any and all actions, causes of action, controversies, liabilities, obligations, rights,

suits, damages, judgments, Claims, and demands whatsoever . . . liquidated or *unliquidated*, fixed

or *contingent*, matured or *unmatured*, disputed or undisputed, secured or unsecured, assertable

directly or derivatively, existing *or hereafter arising*, in law, equity, or otherwise, *based in whole*

3

*or in part upon any act or omission or other event occurring prior to the Effective Date.* Plan

§ 1.17 (emphasis added).  This definition encompasses the Indemnification Claims.

6.       Section 8.14 of the Plan also expressly preserves the Debtors' rights to assert

Litigation Claims for reimbursement and indemnification on account of Distributions made to the

holders of Allowed Claims and provides, in relevant part, as follows:

> [e]xcept as otherwise agreed by the Debtors, the Debtors' rights to
> assert or prosecute Litigation Claims for *reimbursement,
> indemnification,* recoupment or any other similar right, including,
> without limitation, any right to setoff with respect to any of the
> foregoing, against any entity, including, without limitation, a
> Primary Obligor, *on account of Distributions made to the holders
> of Allowed Claims* or Allowed Guarantee Claims, *shall be fully
> preserved* to the fullest extent permitted by applicable law.

Plan § 8.14(b) (emphasis added).  The Confirmation Order reiterates LBHI's "rights to *assert or

prosecute* Litigation Claims for *reimbursement, indemnification,* recoupment or any other similar

right . . . ." Confirmation Order ¶ 79 (emphasis added).  Thus, the Plan contemplates the post-

confirmation monetization of LBHI's indemnification and reimbursement claims against Sellers,

including claims that would arise from the allowance of proofs of claim filed by Fannie Mae and

Freddie Mac.

### The Triggering of the Indemnification Claims

7.       Historically, LBHI was a purchaser, seller and servicer of residential mortgage

loans, arranging directly or through its affiliates for the purchase of mortgage loans from the

Sellers and then packaging them for securitization and/or sale.  In such transactions, the Sellers

granted the contractual right to require Sellers to indemnify the purchaser and hold it harmless

from any losses or damages suffered with respect to the mortgage loans.  When LBHI sold

mortgage loans to Fannie Mae and Freddie Mac, the purchasers obtained a similar contractual

right to recover from LBHI for defective mortgage loans.

4

8.      Both Fannie Mae and Freddie Mac filed proofs of claims against LBHI and other
Lehman entities (collectively, the "Claims"), which claims included, *inter alia*, "alleged
indemnity/reimbursement obligations," "indemnity claims" arising from the sale of mortgage
loans, including mortgage loans purchased from the Sellers and transferred to Fannie Mae and
Freddie Mac. *See generally*, Settlement Agreement, dated January 22, 2014, by and among
LBHI, *et al*., and Fannie Mae (the "Fannie Settlement") § 1 [Docket. No. 42153]; Settlement and
Assignment Agreement, dated February 12, 2014, by and among LBHI, *et al*., and Freddie Mac
(the "Freddie Settlement") §§ C, E [Docket. No. 42754]. (The Fannie Settlement and the Freddie
Settlement are sometimes hereafter referred to together as the "Settlement Agreements.").

9.      The Debtors and Fannie Mae and Freddie Mac entered into certain stipulations
that addressed the Claims for purposes of confirming the Plan, but did not otherwise resolve the
allowance and treatment of the Claims prior to confirmation.

10.     After entry of the Confirmation Order, the Plan Administrator objected to the
Fannie Mae and Freddie Mac Claims. While those objections were pending, the parties entered
into extensive settlement negotiations. As a result of those negotiations, LBHI filed a motion on
January 23, 2014, seeking the Bankruptcy Court's approval of the Fannie Settlement, and a
second motion on February 12, 2014, seeking court approval of the Freddie Settlement. The
motions were granted, and the Settlement Agreements were approved by Orders dated January 31
and February 19, 2014 (the "Settlement Orders").

11.     The Settlement Agreements expressly allowed a portion of the Claims, including
those for indemnification and/or reimbursement related to the mortgage loans purchased from the
Sellers. The Settlement Agreements also obligate Fannie Mae and Freddie Mac to provide LBHI
with certain documents and information that will, in turn, allow LBHI to pursue the

5

Indemnification Claims against the Sellers. *See* Fannie Settlement § 3.1; Freddie Settlement §

4.1. The Settlement Agreements also contain expansive provisions designed to assist LBHI in

bringing the Indemnification Claims. *See* Fannie Settlement §§ 3.1-3.6 (provisions requiring

Fannie Mae to assist LBHI in pursuing "Rep and Warranty Default" claims); Freddie Settlement

§§ 4.1-4.6 (similar provisions to assist LBHI pursuing claims related to "Liquidated Rep and

Warranty Default Loans"). The Plan Administrator expects to obtain substantial recoveries in

connection with the Indemnification Claims, which will ultimately be distributed to holders of

Allowed Claims under the Plan.

12.     The Indemnification Claims arise from valid repurchase demands made on the

Debtors by Fannie Mae and Freddie Mac. A *valid* repurchase claim requires loan-level proof of

one or more breaches of representations and warranties made in the agreements governing

Debtors' sale of mortgage loans. Thus, Fannie Mae and Freddie Mac – having reviewed

thousands of mortgage loans files to determine which were in breach of the Debtors'

representations and warranties – presented loan-level claims to the Debtors and in return were

granted Allowed Claims under the Plan. After meeting its obligations under the Plan to

compensate Fannie Mae and Freddie Mac for the defective loans, LBHI then acquired the

contractual right to pursue the Indemnification Claims against the Sellers. Further, in the

Settlement Agreements, Fannie Mae and Freddie Mac agreed to assist LBHI in its enforcement

efforts for the benefit of creditors. Fannie Mae and Freddie Mac's efforts and ability to provide

loan-level breach information and assurances of cooperation were central to LBHI's decision to

settle.[1]

---

[1] By contrast, the private-label RMBS trustees filed nearly $40 billion in claims without taking even the threshold step of identifying which mortgage loans were in breach. Consequently, resolution of those claims has been delayed for years.

### Jurisdiction

13.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334.  Moreover, the Motion and relief requested herein satisfy the requirements for the

exercise of post-confirmation jurisdiction by the Bankruptcy Court.  First, the Motion and the

relief have a "close nexus" to the bankruptcy case. *Ace Am. Ins. Co. v. DPH Holdings Corp. (In*

*re DPH Holdings Corp.)*, 448 Fed. Appx. 134, 137 (2d Cir. 2011). *See also In re Metro-*

*Goldwyn-Mayer*, 459 B.R. 555, 556 (Bankr. S.D.N.Y. 2010) ("The 'close nexus' test is met when

a matter affects the interpretation, implementation, consummation, execution, or administration

of the confirmed plan" (citation and internal quotation marks omitted)).  As noted, Section 13.8

of the Plan specifically provides that LBHI retains Litigation Claims, and the Plan's definition of

Litigation Claims as "liquidated or unliquidated, fixed or contingent, matured or unmatured"

causes of action "based in whole or in part upon any act or omission or other event occurring

prior to the Effective Date" clearly encompasses the Indemnification Claims.

14.      Significantly, Section 8.14 of the Plan and Paragraph 79 of the Confirmation

Order expressly preserve LBHI's power to prosecute Indemnification Claims, while Section

6.1(b)(iv) of the Plan grants LBHI the power to prosecute Litigation Claims generally.  The Plan

and the Confirmation Order expressly provide that the Plan Administrator is to liquidate all assets

in order to maximize distributions to creditors. *See* Plan § 6.1(b)(iii); *see also* § 7.6 (purpose of

the Plan is to "sell and otherwise liquidate assets of the Debtors" to allow LBHI to maximize

distributions pursuant to § 6.1(b)(iii)).  In that regard, the Plan directs the Plan Administrator to

liquidate all Litigation Claims, which includes the Indemnification Claims, for the benefit of

creditors. *See* Plan § 6.1(b)(iv).  The prosecution of such claims undoubtedly will have an impact

on the amounts available for distribution to creditors and effectuate the Plan's goal of

maximizing distributions, thus satisfying the close nexus requirement. *See, e.g., CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLP*, 396 B.R. 602, 605-606 (S.D.N.Y. 2008) (finding jurisdiction over third-party dispute where stream of payments were to be made to the liquidated debtor to be used for distributions to creditors); *Krys v. Sugrue*, 08 Civ. 3065, 2008 WL 4070920, at *6 (S.D.N.Y. Oct. 23, 2008) (finding jurisdiction over actions by litigation trust formed by plan to liquidate private action claims contributed by creditors).

15.    Second, the Bankruptcy Court was expressly granted the jurisdiction to adjudicate the Indemnification Claims (as well as enter orders in connection with such adjudications, as is the case here). "Where the plan contains broad jurisdictional provisions, the 'Bankruptcy Court's post-confirmation jurisdiction is as broad as the statutory grant – that is, it extends to all proceedings 'related to' the bankruptcy.'" *See Eastern Airlines, Inc. v. General Mills, Inc. (In re Ionosphere Clubs, Inc.)*, No. 89 B 10448, 1999 Bankr. LEXIS 1875, at *21 (Bankr. S.D.N.Y. May 12, 1999) (quoting *Back v. LTV Corp. (In re Chateaugay Corp.)*, 213 B.R. 633, 638 (S.D.N.Y. 1997)).

16.    The Confirmation Order provides that the Bankruptcy Court shall, upon the "Effective Date," retain "exclusive jurisdiction over all matters arising under or related to the Chapter 11 Cases, including, without limitation, the matters set forth in Article XIV of the Plan." *See* Confirmation Order ¶ 77. Article XIV of the Plan contains a list of matters over which the Bankruptcy Court retained exclusive jurisdiction, including but not limited to the following:

> (b)  To determine any and all adversary proceedings, applications and contested matters relating to the Chapter 11 Cases;

> *      *      *

> (e)  To issue such orders in aid of execution of the Plan to the extent authorized by section 1142 of the Bankruptcy Code;

8

* * *

(i)  To issue injunctions, enter and implement other orders, and take such other actions as may be necessary or appropriate to enforce or to restrain interference by any person with the consummation, implementation or enforcement of the Plan, the Confirmation Order, or any other order of the Bankruptcy Court;

* * *

(k)  To hear and determine any actions brought to recover all assets of LBHI and property of the estates, wherever located or to determine or declare entitlement to such assets and property . . .

Plan § 14.1.  Section 14.1(b) authorizes generally the initiation of adversary proceedings.  Section 14.1(k) dovetails with the Plan provisions directing liquidation of all assets, including Litigation Claims, for the purpose of maximizing distributions.  Similarly, Sections 14.1(e) and (i) are provisions intended to retain jurisdiction for the Bankruptcy Court to enforce and implement the Plan, the Confirmation Order and all other orders of the Bankruptcy Court.  Given that the Plan and Confirmation Order expressly preserve Indemnification Claims for the benefit of creditors, both provisions support the exercise of jurisdiction to implement ADR procedures with respect to such claims.

17.   Finally, both Settlement Orders contain the following identical language with respect to jurisdiction:  "[T]his Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order."  The applications to approve the Settlement Agreements, as well as the Settlement Agreements themselves, expressly identified the Indemnification Claims that would vest in the Debtors as a result and noted that one of the key benefits of the agreements would be the Plan Administrator's ability to recover value by pursuing the Sellers for the transferred mortgage loans.  The retention of jurisdiction to implement the Settlement Agreements necessarily includes the power to adjudicate the

9

Indemnification Claims vested by the Settlement Agreements. Such power is consistent with the

Plan provisions expressly permitting the Plan Administrator to retain the authority to prosecute

reimbursement and indemnification claims.

## Relief Requested

18.      Pursuant to section 105(a) of the Bankruptcy Code and the Court's General Order

M-143 (the "Standing Order"), LBHI requests ADR procedures with respect to the

Indemnification Claims.

## The Indemnification Claims

19.      LBHI estimates it holds Indemnification Claims against approximately 3,000

Sellers arising out of more than 11,000 loans. Given the sheer volume of the Indemnification

Claims, LBHI believes that the most efficient initial means to enforce its right to reimbursement

and indemnification would be through an ADR procedure, rather than through the immediate

commencement of litigation. Requiring LBHI to initially resort to litigation would be expensive

and time consuming, causing undue delay in the liquidation of the Debtors' assets and increased

costs to LBHI. Many common issues exist with respect to LBHI's Indemnification Claims,

including the central reimbursement and indemnification rights. In furtherance of the effort to

capture the value in the Indemnification Claims and streamline their liquidation, LBHI proposes

to implement certain ADR procedures, which will also reduce the cost associated with enforcing

LBHI's affirmative claims, preserve value and promote judicial efficiency (the "Indemnification

ADR Procedures").

20.      LBHI has a good faith belief that there are approximately 3,000 Sellers, with each

Seller potentially subject to multiple Indemnification Claims for which LBHI believes a right to

monetary recovery exists (whether or not an actual lawsuit or adversary proceeding has been commenced).

21.     LBHI's goal is to obtain, for the benefit of creditors, similar benefits as it has obtained from the implementation of other ADR procedures in these cases, which Judge Peck previously lauded as "indisputably a success" and further observed that "the results speak for themselves as being beneficial to the estate and also beneficial to the Court . . . because this means that matters that might otherwise be burdening the Court are being managed in a private fashion." Tr. of Hr'g, Jan. 11, 2012, at 22:23-25, 23:1-2.  In addition, LBHI anticipates utilizing the Standing Order, which governs mediation of matters in bankruptcy cases and adversary proceedings.

### Indemnification ADR Disputes

22.     LBHI will designate a dispute (an "Indemnification ADR Dispute") as to any Indemnification Claim by serving on a Seller (i) a copy of an order approving this Motion on a Seller and (ii) a notice (an "Indemnification ADR Notice") containing sufficient information regarding LBHI's affirmative claim and its demand for settlement (together with the Indemnification ADR Notice, an "Indemnification ADR Package").  Under the proposed procedure, service on or notice to a Seller of an Indemnification ADR Package will be deemed adequate if such service or notice is provided to the Seller, the Seller's counsel, legal guardian, estate representative, or other representative by (i) hand delivery, (ii) first class mail, or (iii) overnight mail.

### Mandatory Participation

23.     The proposed ADR order provides that LBHI and each Seller (a) must participate in good faith with the proposed Indemnification ADR Procedures and (b) must comply with the

11

Indemnification ADR Procedures, unless otherwise provided in a specific order applicable to a

particular Indemnification ADR Dispute. The Indemnification ADR Procedures do not compel

LBHI and the Seller to settle or compromise any dispute, but each party will be required to (i)

serve an answer in response to the proposed settlement set forth in an Indemnification ADR

Package, (ii) engage in settlement discussions, (iii) participate in any mediation in good faith, (iv)

follow the directions of the mediator, and (v) follow the Indemnification ADR Procedures

approved by this Court.

### No Substitute for Claims Procedures and Removal of Actions

24.    The Indemnification ADR Procedures are not intended to and will not be utilized

(i) as a substitute for chapter 11 claims procedures, or (ii) to limit LBHI's rights to, among other

things, object to claims filed by Sellers on any basis permitted by the Bankruptcy Code. Nothing

contained herein, however, will limit a Seller's right to assert valid and enforceable setoff rights

with respect to an Indemnification Claim or any other valid defense to LBHI's demand

thereunder.

25.    If a Seller has commenced any action or proceeding in any other court or forum,

or commences any other action or proceeding in any other court or forum following service upon

it of an Indemnification ADR Package, LBHI reserves the right to remove to this Court any such

lawsuit, proceeding, or claim and to defend or take action in any such other court or proceeding

to protect LBHI's creditors, despite the incomplete status of the steps prescribed under the

Indemnification ADR Procedures.

### Notice/Response Stage

26.    Upon receipt of the Indemnification ADR Package, the Seller will have twenty

(20) calendar days to respond in writing with respect to LBHI's demand. The Seller may (i)

agree to settle the Indemnification ADR Dispute in accordance with the terms in LBHI's Indemnification ADR Notice, (ii) propose alternative settlement terms and provide a brief explanation setting forth the reasons for such proposal, or (iii) decline to settle the Indemnification ADR Dispute and provide a brief explanation setting forth the reasons for such denial ((i), (ii) and (iii) together, the "Statement of Position").

27.    Upon receipt of a Seller's Statement of Position, LBHI will have fifteen (15) days to serve a reply (the "Reply") to the Seller, which may include (i) a modification of LBHI's demand in the Indemnification ADR Notice, (ii) a response to a Seller's counteroffer, (iii) additional information or briefing supporting the demand made in the Indemnification ADR Notice, or (iv) a rejection of any counteroffer in which case the Indemnification ADR Dispute will automatically proceed to the Mediation Stage.  If the Seller fails to respond, LBHI may elect to seek Sanctions (as defined in Paragraph 36 herein).[2]  The Indemnification ADR Package, Statement of Position, the Reply, and remedies imposed as part of any Sanctions are collectively referred to herein as the "Notice/Response Stage."

## Settlement Conferences

28.    At any time after service of an Indemnification ADR Package, LBHI or a Seller may request an initial telephonic settlement conference (a "Settlement Conference") (or in person if the parties agree) to be held within five (5) calendar days of the receipt of such request (the "Notice of Settlement Conference").  The purpose of the Settlement Conference will be for the parties to attempt to settle prior to mediation.  Upon receipt of the Notice of Settlement Conference, the recipient will be required to respond within two (2) calendar days by either accepting the proposed date and time in the Notice of Settlement Conference or proposing an

---

[2] LBHI may also be subject to Sanctions should it fail to mediate in accordance with the requirements of the proposed Order. *See*, *infra*, ¶ 36.

13

alternate date and time that is no later than five (5) calendar days from the date and time in the

Notice of Settlement Conference. If the parties are not able to agree on a time and date for the

Settlement Conference, the Indemnification ADR Dispute will proceed to the Mediation Stage (as

defined below).

29.     The proposed procedures provide that the parties will allocate approximately one

(1) hour for the initial Settlement Conference and that only LBHI and its representatives and the

Seller and its representatives will participate. All discussions between the parties and the

contents of any papers submitted prior to the Mediation Stage (as defined below) shall remain

confidential and privileged in accordance with the confidentiality provisions of the proposed

order and shall not be discoverable or admissible as evidence in any subsequent litigation of the

Indemnification ADR Dispute or elsewhere, except as provided by further order of this Court.

**Mediation Stage**

30.     If LBHI and the Seller are not able to resolve the Indemnification ADR Dispute

during the Notice/Response Stage, such dispute will proceed to mediation (the "Mediation

Stage"). LBHI seeks to have the Court select a slate of mediators who will hear and preside over

all mediations hereunder in order to permit multiple mediations to occur simultaneously. Once a

matter has reached the Mediation Stage, LBHI will select a mediator, and LBHI and the Seller

together will contact the mediator to schedule the initial mediation date. Attached as Schedule A

is a list of mediators whom LBHI seeks to have designated as approved mediators. The list is

comprised of mediators that already serve as panel mediators for either the United States District

Court or the United States Bankruptcy Court for the Southern District of New York.

31.     If the initially selected mediator is unwilling or unavailable to serve, then LBHI

shall select an alternate mediator from the approved list. In the unlikely event that none of the

mediators on the approved list are willing and/or available, the parties will select an alternate

mediator as mutually agreed in writing by all parties subject to the applicable Indemnification

ADR Dispute.  If LBHI and the Seller cannot agree upon a mediator within ten (10) calendar

days after the Notice/Response Stage, the Court will appoint one or more mediators.

32.    The mediator will have the broadest possible discretion as provided under the

Standing Order.

33.    The mediation proceedings will take place in New York, New York.

34.    LBHI shall submit to the mediator (i) the Indemnification ADR Package, (ii) the

Seller's Statement of Position, (iii) the Reply, if any, and (iv) any other materials exchanged by

the parties reflecting the parties' relative positions ("Mediation Materials").  No additional papers

shall be submitted to the mediator unless requested by the mediator.  All Mediation Materials will

be delivered at least ten (10) days prior to the scheduled mediation proceeding and will not be

filed with the Court.

35.    All parties to an Indemnification ADR Dispute will appear in person at the

mediation proceeding.  Each party must have a business principal in attendance having settlement

authority.  In addition, the parties' counsel may attend the mediation proceeding.

**General Mediation Rules**

36.    Upon the filing of an application, and after notice and a hearing, the Court may

sanction the parties for failing to comply with the Indemnification ADR Procedures.  If the

mediator reports to the Court that a party subject to the Indemnification ADR Procedures is not

cooperating, the Court may, on its own motion, schedule a hearing to consider sanctions

("Sanctions") against that party for its failure to cooperate in good faith.  Sanctions as they relate

to LBHI may include but are not limited to (i) attorneys' fees; (ii) fees and costs of the mediator;

and/or (iii) termination of the Indemnification ADR Procedures as to one or more

Indemnification Claims. Sanctions as they relate to Sellers may include but are not limited to (a)

attorneys' fees, (b) fees and costs of the mediator and/or (c) termination of the mediation with

respect to the sanctioned Seller. Litigation with respect to the issuance of Sanctions will not

delay the commencement of the Mediation Stage of these procedures upon the completion of the

Notice/Response Stage.

37.     All proposed deadlines may be modified by the mutual consent of LBHI and the

applicable Sellers or by the Court for cause shown. All parties will be responsible for their

counsel fees and shall share equally in the fees and expenses of the mediator.

## Confidentiality

38.     The proposed order approving this Motion and the Indemnification ADR

Procedures incorporates the confidentiality provisions of section 5.0 of the Standing Order. No

statements or arguments made or positions taken by the mediator, LBHI or a Seller during any

part of the alternative dispute resolution process, including Settlement Conferences and the

Mediation Stage, may be disclosed for any purpose by the mediator or by any such parties (or

their attorneys or advisors) to the Court or to any third party. Similarly, all briefs, records,

reports, and other documents received or made by the mediator while serving in such capacity

will remain confidential and will not be provided to the Court, unless they would be otherwise

admissible. In addition, the mediator will not be compelled to disclose such records, reports, and

other documents in connection with any hearing held by the Court; provided, however, the

mediator may report to the Court the status of the mediation efforts but will not disclose the

content thereof.

39.    Rule 408 of the Federal Rules of Evidence will apply to all aspects of the

Indemnification ADR Procedures including the Settlement Conferences and Mediation Stage.

### The Mediation Procedures Should Be Approved

40.    Section 1.1 of the Standing Order permits the Court to assign a matter to

mediation upon the motion of a party in interest, the U.S. Trustee, or on its own motion.  Further,

Standing Order section 1.3 permits the Court to assign an adversary proceeding, contested matter,

or other dispute to mediation.  Moreover, section 105(a) of the Bankruptcy Code grants

bankruptcy courts the "equitable power to 'issue any order, process, or judgment that is necessary

or appropriate to carry out the provisions of this title.'"  *New Eng. Dairies, Inc v. Dairy Mart*

*Conv. Stores, Inc. (In re Dairy Mart Conv. Stores, Inc.)*, 351 F.3d 86, 91 (2d Cir. 2003) (quoting

11 U.S.C. § 105(a)).

41.    Thus, the Standing Order expressly states the intent of the Court to facilitate the

use of mediation in all matters.  Consistent with that intent, LBHI respectfully requests that the

Court exercise its authority to implement the Indemnification ADR Procedures with respect to the

Indemnification ADR Disputes.

42.    The litigation of the Indemnification Claims without at least exploring the

possibility of an early resolution would not serve the interest of LBHI and the Debtors' creditors

in maximizing the value of the Debtors' assets that are to be liquidated under the Plan.  Given the

Debtors' success in implementing ADR Procedures in other contexts, it is reasonable to assume

that a similar level of efficiency and progress can be achieved with respect to promptly

monetizing the Indemnification Claims.

17

43.    LBHI believes that the Indemnification ADR Procedures will help develop a productive and consensual resolution process that will reduce the costs associated with the litigation and collection of LBHI's affirmative claims.

44.    The relief requested in the Motion is substantially similar to the relief that has been granted by this Court in connection with similar motions to implement mediation procedures, both in these cases and in other large chapter 11 cases. *See, e.g., In re Lehman Bros. Holdings Inc., et al.,* Case No. 08-13555 (Bankr. S.D.N.Y. Sept. 19, 2009) (Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivative Contracts) [Docket No. 5207]; *In re Enron Corp.,* Case No. 01-16034 (ALG) (Bankr. S.D.N.Y. March 4, 2003) [Docket No. 9533] and (Bankr. S.D.N.Y. March 20, 2003) [Docket No. 9862] (ordering mediation procedures with respect to twenty-four adversary proceedings regarding certain trading disputes); *In re Ames Dep't Stores, Inc., et al.,* Case No. 01-42217 (REG) (Bankr. S.D.N.Y. June 25, 2007) [Docket No. 3195] (ordering mandatory mediation procedures with respect to over 900 adversary proceedings that the debtors commenced against various preference defendants).

45.    The fundamental purpose of mediation is to allow an unbiased third party to assist adversaries in reaching resolution of issues upon which they disagree. LBHI submits that the Indemnification ADR Procedures will be a worthwhile process that will enable it to reduce its costs and expenses of collection, maximize the value of the Indemnification Claims and promote judicial efficiency by consensually resolving many of these claims. Based upon the foregoing, LBHI respectfully requests that the Court approve the Indemnification ADR Procedures.

## Notice

46.    No trustee has been appointed in these chapter 11 cases. LBHI, in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case

18

08-13555-mg    Doc 44670    Filed 06/09/14    Entered 06/12/14 12:26:52    Main Document
Pg 23 of 41

management and administrative procedures for these cases [Docket No. 2837] (the "Case Management Order"), have served notice of this Motion on (i) the U.S. Trustee; (ii) all known Sellers; and (iii) all parties who have requested notice in these chapter 11 cases.  LBHI submits that no other or further notice need be provided.

47.    No previous request for the relief sought herein has been made by LBHI to this or any other court.

WHEREFORE, LBHI respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:  New York, New York
        May 29, 2014

/s/ William A. Maher
William A. Maher
James N. Lawlor
Adam M. Bialek

Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, New York 10110
Telephone:(212) 382-3300
Facsimile: (212) 382-0050

/s/ Michael A. Rollin
Michael A. Rollin
Maritza Dominguez Braswell

Jones & Keller, P.C.
1999 Broadway, suite 3150
Denver, Colorado 80202
Telephone:        (303) 573-1600
Facsimile: (303) 573-8133

*Special Counsel for Lehman Brothers Holdings Inc. and Certain of Its Affiliates*

# SCHEDULE A

| Mediator | Contact Information |
|---|---|
| Peter L. Borowitz | c/o Debevoise & Plimpton LLP<br>919 Third Avenue<br>New York, NY 10022<br>Tel: 212-909-6525<br>Fax: 212-521-7525<br>Email: plborowitz@debevoise.com |
| Timothy T. Brock | Satterlee Stephens Burke & Burke, LLP<br>230 Park Avenue, 11th Floor<br>New York, NY 10169<br>Tel: 212-818-9200<br>E-mail: tbrock@ssbb.com |
| Martin G. Bunin | Alston & Bird, LLP<br>90 Park Avenue, 15th Floor<br>New York, NY 10016-1387<br>Tel: 212-210-9492<br>E-mail: marty.bunin@alston.com |
| Keith N. Costa | Dilworth Paxson LLP<br>99 Park Avenue<br>Suite 320<br>New York, NY 10016<br>Tel: 917-675-4250<br>E-mail: kcosta@dilworthlaw.com |
| Melanie L. Cyganowski | Otterbourg P.C.<br>230 Park Avenue<br>New York, NY 10169-0075<br>Tel: 212-905-3677<br>E-mail: mcyganowski@otterbourg.com |
| Andrew B. Eckstein | Blank Rome LLP<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, NY 10174<br>Tel: 212-885-5505<br>Fax: 917-332-3724<br>E-mail: aeckstein@blankrome.com |
| Judith Elkin | Haynes and Boone, LLP<br>30 Rockefeller Plaza, 26th Floor<br>New York, NY 10112<br>Tel: 212-659-4968<br>Fax: 212-884-8228<br>E-mail: Judith.elkin@haynesboone.com |
| Yann Geron | Fox Rothschild LLP<br>100 Park Avenue, Suite 1500<br>New York, NY 10017<br>Tel: 212-878-7901<br>Fax: 212-692-0940<br>E-mail: ygeron@foxrothschild.com |

| Mediator | Contact Information |
|---|---|
| Eric Haber | Cooley LLP<br>1114 Avenue of Americas<br>New York, NY 10036<br>Tel: 212-479-6144<br>E-mail: ehaber@cooley.com |
| Ira L. Herman | Thompson & Knight LLP<br>900 Third Avenue, 20th Floor<br>New York, NY 10022-3915<br>Tel: 212-751-3045<br>Fax: 214-999-9139<br>E-mail: Ira.herman@tklaw.com |
| Marc E. Hirschfield | BakerHostetler<br>45 Rockefeller Plaza<br>New York, NY 10111-0100<br>Tel: 212-589-4610<br>Fax: 212-589-4201<br>Email: mhirschfield@bakerlaw.com |
| Norman N. Kinel | Lowenstein Sandler LLP<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Tel: 646-414-6878<br>E-mail: NKinel@lowenstein.com |
| Tracey L. Klestadt | Klestadt & Winters, LLP<br>570 Seventh Avenue, 17th Floor<br>New York, NY 10018<br>Tel: 212-972-3000<br>Fax: 212-972-2245<br>E-mail: tklestadt@klestadt.com |
| Kenneth M. Lewis | LEWIS LAW PLLC<br>120 Bloomingdale Road, Suite 100<br>White Plains, NY 10605<br>Tel: 914-761-8400<br>Fax: 914-761-6316<br>E-mail: klewis@lewispllc.com |
| Joseph T. Moldovan | Morrison Cohen LLP<br>909 Third Avenue<br>New York, NY 10022-4371<br>Tel: 212-735-8603<br>E-mail: jmoldovan@morrisoncohen.com |
| Robert J. Rosenberg | 125 East 61st Street<br>New York, NY 10065<br>Tel: 917-273-5216<br>E-mail: robertrosenbe@gmail.com |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
––––––––––––––––––––––––––––––––––––––––––– x
                                            :
                                            :    Chapter 11
In re:                                      :
                                            :    Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., et al.,      :
                                            :
               Debtors.                     :
                                            :
––––––––––––––––––––––––––––––––––––––––––– x
```

## ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS

Upon the motion, dated May 29, 2014 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator, for the establishment of alternative dispute resolution procedures for indemnification claims of the Debtors against mortgage loan sellers (the "Indemnification ADR Procedures") in the chapter 11 cases of LBHI and its affiliated debtors (collectively, the "Debtors"), all as more fully described in the Motion, it is,

**HEREBY FOUND AND DETERMINED that:[2]**

A.    The Court has jurisdiction to enter this Order as the matter has a close nexus to the chapter 11 cases and the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), confirmed by Order dated December 6, 2011 (the "Confirmation Order"). Pursuant to Paragraph 77 of the Confirmation Order and Section 14.1 of the Plan, the Court retained jurisdiction over the matter. Venue in this Court for the Motion is appropriate pursuant to 28 U.S.C. § 1408.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[2] Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, where appropriate.

B.      Due and proper notice of the Motion has been provided in accordance with the

procedures set forth in the Court's amended Order entered June 17, 2010, governing case

management and administrative procedures [Docket No. 9635].

C.      LBHI holds contractual claims for indemnification and/or reimbursement against

approximately 3,000 counterparties (the "Sellers") involving more than 11,000 mortgage loans by

virtue of settlements between LBHI and the Federal National Mortgage Association [Docket No.

42153] and between LBHI and the Federal Home Loan Mortgage Corporation [Docket No.

42754] (the "Indemnification Claims").

D.      Certain common issues exist regarding the Indemnification Claims, including

questions involving reimbursement and indemnification rights.

E.      Substantial value may be recovered for the benefit of creditors and judicial

efficiency can be promoted if expedient resolution of disputes and recoveries for such claims can

be achieved without the need for trial of adversary proceedings or other litigation.

F.      Similar proceedings ordered in these and other complex chapter 11 cases have

contributed to the effective administration of the proceedings and have reduced costs for all

parties.

## RELIEF

The procedures described below are ORDERED to promote consensual recovery with

respect to the Indemnification Claims, and to encourage effective communication, consultation,

negotiation, and, when necessary, mediation procedures between the affected parties.

1.      Standing Mediation Order.  All provisions of the General Order #M-452, adopted

June 28, 2013, providing for the Adoption of Procedures Governing Mediation of Matters and the

Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and

2

Adversary Proceedings in the Bankruptcy Court for the Southern District of New York, and all existing and further amendments thereto (the "Standing Order") shall apply to the mediations to be conducted under this order. To the extent there is any conflict between the Standing Order and this Order, the terms of this Order shall govern.

2.    Sellers.  To date, LBHI have identified approximately 3,000 Sellers involving more than 11,000 mortgage loans against whom there is reasonable cause for LBHI to believe that it holds Indemnification Claims.

3.    Indemnification ADR Disputes.  LBHI will designate a dispute (an "Indemnification ADR Dispute") as to any Indemnification Claim by serving the following on a Seller:

a.    A copy of this Order; and

b.    An Indemnification ADR Notice (as defined below) (collectively, the

    "Indemnification ADR Package").

For purposes of the Indemnification ADR Procedures, service on or notice to a Seller shall be deemed adequate if such service or notice is provided to the Seller, the Seller's counsel, legal guardian, estate representative, or other representative by (i) hand delivery, (ii) first class mail, or (iii) overnight mail.

4.    Settlement of Disputes During the Indemnification ADR Procedures.  Nothing contained herein shall prevent the parties from settling, and the parties are encouraged to settle, an Indemnification ADR Dispute at any time before, during, or following the designation of an Indemnification ADR Dispute to the Indemnification ADR Procedures by the mutual consent of the parties, provided that such settlement either (i) complies with any applicable orders in these bankruptcy cases permitting such settlement, or (ii) is approved by specific order of the Court.

3

5.    <u>Pre-Mediation Stage Confidentiality</u>.  All discussions between the parties and the contents of any papers submitted prior to the Mediation Stage (as defined herein) shall remain confidential and privileged in accordance with Paragraph 13 of this Order and shall not be discoverable or admissible as evidence in any subsequent litigation of the Indemnification ADR Dispute or elsewhere, except as provided by further order of this Court.

6.    <u>Participation Mandatory</u>.  Unless otherwise provided in a specific order applicable to a particular Indemnification ADR Dispute or a particular Seller, after service of an ADR Package on a Seller:

a.    Compliance with the Indemnification ADR Procedures in this Order is mandatory in the specified Indemnification ADR Disputes for both LBHI and the Seller; and

b.    No party is required to settle or compromise any dispute or enter into a particular settlement or compromise.  However, once LBHI serves an Indemnification ADR Package upon a Seller, the Seller must serve the required responses.  LBHI and the Seller must also engage in the specified communications to discuss settlement, participate in any mediation in good faith, follow the directions of the mediator, and otherwise comply with the Indemnification ADR Procedures specified below for all Indemnification ADR Disputes covered by such notice.

7.    <u>No Substitute for Claims Procedures</u>.  The Indemnification ADR Procedures are not intended and shall not be utilized as a substitute for chapter 11 claims procedures.  Nothing contained herein, however, shall prevent a Seller from asserting in any respect to an Indemnification ADR Notice and elsewhere during the course of an Indemnification ADR Dispute a right to assert valid and enforceable setoff rights with respect to LBHI's claim of an Indemnification Claim or any other valid defense to a LBHI demand thereunder.

4

## NOTICE/RESPONSE STAGE

8.  <u>Notice/Response</u>.  The initial stage of the Indemnification ADR Procedures will

be a notice/response stage, providing the parties with an opportunity to exchange settlement

offers, schedule settlement meetings or conference calls, and, if possible, resolve an

Indemnification ADR Dispute on a consensual basis (the "<u>Notice/Response Stage</u>").  The

Notice/Response Stage shall include:

    a.  <u>Indemnification ADR Notice</u>.  LBHI shall serve upon a Seller a notice containing

        sufficient information regarding the Indemnification ADR Dispute to make the

        Seller aware of the nature of LBHI's affirmative claim and of its demand for

        settlement, including an amount of monetary recovery LBHI would accept in full

        settlement and compromise (an "<u>Indemnification ADR Notice</u>").

    b.  <u>Sellers's Response to Notice</u>.  A Seller must respond to the Indemnification ADR

        Notice in writing through a "Statement of Position" within twenty (20) calendar

        days from the date of service of the Notice.  The response options available to a

        Seller are as follows (the "<u>Responses</u>"):

        i.  <u>Agreeing to Settle the Demand</u>.  If a Seller agrees to settle the demand in

            the Indemnification ADR Notice, the Seller shall state in writing that the

            offer of settlement in the Indemnification ADR Notice is accepted.  The

            parties will then execute a settlement and general release (including a

            confidentiality provision) and, if the matter is in litigation, LBHI shall

            dismiss any applicable claims in a lawsuit or adversary proceeding with

            prejudice upon execution of the release and receipt of the settlement

            payment; or

ii.    <u>Denying the Demand</u>.  A Seller may decline to settle for the amount stated in the demand in the Indemnification ADR Notice, in which case the Seller must include a brief explanation in the Response to the Indemnification ADR Notice setting forth the reason(s) for such denial.  In addition, the Seller may provide a counteroffer to the demand in the Indemnification ADR Notice, in which case the Seller must include a brief explanation setting forth the reason(s) for such counteroffer.

c.    <u>Failure to Respond</u>.  Failure to provide a timely Response to the Indemnification ADR Notice, as described in Paragraphs 8(b)(i) and (ii), may result, at the option of LBHI, in an application to the Court for Sanctions as set forth below, including fees and costs, termination of the mediation and, at LBHI's discretion, institution of an action against the Seller, or immediate entry into the mediation stage.

d.    <u>Reply to Response</u>.  LBHI shall have fifteen (15) days from the date of the receipt of the Response to serve a reply to the Response to the Indemnification ADR Notice, in which LBHI may (i) modify its Demand, (ii) respond to any counteroffer, (iii) provide additional information or briefing in support of its demands in the Indemnification ADR Dispute, or (iv) reject any counteroffer in which case the Indemnification ADR Dispute will automatically proceed to the Mediation Stage.  If LBHI fails to respond within this period, the Indemnification ADR Dispute will automatically proceed to the Mediation Stage.

9.    <u>Request for Initial Settlement Conference</u>.  At any time in the Notice/Response Stage, either LBHI or a Seller may request an initial telephonic settlement conference by written request, to be held within five (5) calendar days.  Within two (2) calendar days of a receipt of

6

such a request, the other parties must respond by acceptance of one of the proposed dates and

times or by a proposal for an initial settlement call no later than five (5) calendar days from the

earliest date set forth in the written request.  If an acceptable date cannot be achieved through this

process, the parties shall immediately proceed to the Mediation Stage.  At least one hour shall be

reserved for the initial conference to discuss settlement.  No mediator or representative of the

Court will participate in this discussion, but the initial conference call specified in this Paragraph,

together with any continuations or rescheduled settlement calls or meetings arising from that

initial settlement conference, will be covered by Rule 408 of the Federal Rules of Evidence and

analogous state evidentiary provisions, the confidentiality provisions of this Order shall apply to

this call or series of calls as if a mediator were present.  Settlement conferences during the

Notice/Response Stage may be held in person if both parties agree in writing.

## MEDIATION STAGE

10.    <u>Mediation</u>.  Indemnification ADR Disputes that are not resolved through the

Notice/Response Stage will proceed to mediation (the "<u>Mediation Stage</u>").

     a.    <u>Initializing Mediation</u>.  LBHI and the Seller together shall contact the mediator to
        schedule the initial mediation date.

     b.    <u>Powers of Mediator</u>.  The mediator shall have the broadest possible discretion
        consistent with the Standing Order described below, including the discretion to
        certify specific legal issues to the court for decision.

     c.    <u>Choice of Mediator</u>.  The mediators identified on Schedule A are APPOINTED as
        the mediators for Indemnification ADR Disputes reaching the Mediation Stage.
        LBHI shall select a mediator from the foregoing list.  If the initially selected
        mediator is unwilling and/or unavailable to serve, then LBHI shall select an

7

alternate mediator from Schedule A. If none of the foregoing are available to

serve as mediator, an alternate mediator shall be selected as mutually agreed in

writing by all parties to a specific Indemnification ADR Dispute or group of

related Indemnification ADR Disputes. Any such alternative shall be deemed to

have been appointed upon entry into a written stipulation to that effect by LBHI

and Sellers participating in the applicable Indemnification ADR Dispute or

Disputes. If the parties cannot agree upon a selection of mediator within ten (10)

calendar days of the completion of the Notice/Response Stage, the Court shall

appoint one or more mediators.

d.   <u>Mediation Sites</u>. All mediation proceedings will take place in New York, New

York.

e.   <u>Mediation Materials</u>. LBHI shall submit to the mediator the (i) Indemnification

ADR Package, (ii) Statement of Position, (iii) the Reply, if any, and (iv) any other

materials exchanged by the parties reflecting the parties' relative positions

("<u>Mediation Materials</u>"). No additional papers shall be submitted to the mediator

unless so requested by the mediator. All mediation materials will be delivered at

least ten (10) days prior to the scheduled mediation proceeding and will not be

filed with the Court.

f.   <u>Appearance at Mediations</u>. All participants in the mediation for the applicable

Indemnification ADR Dispute must appear in person at the designated mediation

location, which shall be the location set forth above unless otherwise agreed to by

the parties, with a business principal who has settlement authority. Counsel may

also be present and participate.

8

## OTHER PROVISIONS

11.   <u>Deadlines</u>.  Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by:  (i) the mutual consent of LBHI and the Seller or (ii) the Bankruptcy Court, for cause shown.

12. .   <u>Sanctions for Parties</u>.  LBHI and each Seller must participate in good faith with these Indemnification ADR Procedures with regard to the ADR Disputes specified in the applicable Indemnification ADR Notice.  If, after notice and a hearing, the Court determines that LBHI or the Seller have not complied with the Indemnification ADR Procedures in good faith in connection with any Indemnification ADR Dispute, LBHI or the Seller may be subject to such sanctions as the Court deems appropriate (the "<u>Sanctions</u>").  If a mediator reports to the Court that any party subject to this Order is not cooperating in good faith with the mediation procedures, the Court may, without the need for further motion by any party, schedule a hearing and order Sanctions.  Litigation with respect to the issuance of Sanctions shall not delay the commencement of the Mediation Stage of these procedures upon completion of the Notice/Response Stage. Sanctions shall include, but are not limited to:

a.   <u>Against LBHI</u>:  (i) attorneys' fees; (ii) fees and costs of the mediator; (iii) termination of the Indemnification ADR Procedures as to one or more Indemnification Claims; and/or (iii) rejection of some or all claims asserted by LBHI in the applicable Indemnification ADR Dispute.

b.   <u>Against Sellers</u>:  (i) attorneys' fees; (ii) fees and costs of the mediator; (iii) immediate initiation of the mediation stage, provided the matter has not yet reached that point; and/or (iv) termination of the mediation with the right for LBHI to elect to commence an action against a defaulting Seller.

13.    <u>Confidentiality</u>. The confidentiality provisions of section 5.0 of the Standing

Order are hereby incorporated by reference into this Order.  No statements or arguments made or

positions taken by the mediator, LBHI, or Sellers during any part of the alternative dispute

resolution process, including Settlement Conferences and the Mediation Stage, may be disclosed

by the mediator or any such parties or their attorneys and advisors to the Court or any third party.

Similarly, all briefs, records, reports, and other documents received or made by the mediator

while serving is such capacity shall remain confidential and not be provided to the Court, unless

they would be otherwise admissible.  In addition, the mediator shall not be compelled to disclose

such records, reports, and other documents in connection with any hearing held by the Court;

provided, however, the mediator may report to the Court the status of the mediation efforts but

shall not disclose the content thereof. Rule 408 of the Federal Rules of Evidence shall apply to

all aspects of the Indemnification ADR Procedures including Settlement Conferences and the

Mediation Stage.

14.    <u>Removal</u>.  If a Seller has commenced any action or proceeding in any other court

or forum, or commences any other action or proceeding in any other court or forum following

service upon it of an Indemnification ADR Package, LBHI may seek to remove to this Court any

such lawsuit, proceeding, or claim and to defend or take action in any such other court or

proceeding to protect LBHI's creditors, despite the incomplete status of the steps prescribed

under the Indemnification ADR Procedures.

15.    <u>Jury Trials Unaffected</u>.  Except to the extent a Seller affirmatively chooses the

mediation option set forth herein, participation in the Indemnification ADR Procedures shall not

waive any right to a jury trial that might otherwise exist.

16.    <u>Fees</u>.  Except as otherwise provided herein, each party to the Mediation shall bear its own costs and counsel fees in connection with Mediation and share equally in the reasonable fees and costs charged by the Mediator.

**SO ORDERED:**

_____, 2014
New York, New York

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

11

# SCHEDULE A

| Mediator | Contact Information |
|---|---|
| **Peter L. Borowitz** | c/o Debevoise & Plimpton LLP<br>919 Third Avenue<br>New York, NY 10022<br>Tel:  212-909-6525<br>Fax: 212-521-7525<br>Email: plborowitz@debevoise.com |
| **Timothy T. Brock** | Satterlee Stephens Burke & Burke, LLP<br>230 Park Avenue, 11th Floor<br>New York, NY 10169<br>Tel: 212-818-9200<br>E-mail: tbrock@ssbb.com |
| **Martin G. Bunin** | Alston & Bird, LLP<br>90 Park Avenue, 15th Floor<br>New York, NY 10016-1387<br>Tel: 212-210-9492<br>E-mail: marty.bunin@alston.com |
| **Keith N. Costa** | Dilworth Paxson LLP<br>99 Park Avenue<br>Suite 320<br>New York, NY 10016<br>Tel: 917-675-4250<br>E-mail: kcosta@dilworthlaw.com |
| **Melanie L. Cyganowski** | Otterbourg P.C.<br>230 Park Avenue<br>New York, NY 10169-0075<br>Tel: 212-905-3677<br>E-mail: mcyganowski@otterbourg.com |
| **Andrew B. Eckstein** | Blank Rome LLP<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, NY 10174<br>Tel: 212-885-5505<br>Fax: 917-332-3724<br>E-mail: aeckstein@blankrome.com |
| **Judith Elkin** | Haynes and Boone, LLP<br>30 Rockefeller Plaza, 26th Floor<br>New York, NY 10112<br>Tel: 212-659-4968<br>Fax: 212-884-8228<br>E-mail: Judith.elkin@haynesboone.com |
| **Yann Geron** | Fox Rothschild LLP<br>100 Park Avenue, Suite 1500<br>New York, NY 10017<br>Tel: 212-878-7901<br>Fax: 212-692-0940<br>E-mail: ygeron@foxrothschild.com |

| Mediator | Contact Information |
|---|---|
| Eric Haber | Cooley LLP<br>1114 Avenue of Americas<br>New York, NY 10036<br>Tel: 212-479-6144<br>E-mail: ehaber@cooley.com |
| Ira L. Herman | Thompson & Knight LLP<br>900 Third Avenue, 20th Floor<br>New York, NY 10022-3915<br>Tel: 212-751-3045<br>Fax: 214-999-9139<br>E-mail: Ira.herman@tklaw.com |
| Marc E. Hirschfield | BakerHostetler<br>45 Rockefeller Plaza<br>New York, NY 10111-0100<br>Tel: 212-589-4610<br>Fax: 212-589-4201<br>Email: mhirschfield@bakerlaw.com |
| Norman N. Kinel | Lowenstein Sandler LLP<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Tel: 646-414-6878<br>E-mail: NKinel@lowenstein.com |
| Tracey L. Klestadt | Klestadt & Winters, LLP<br>570 Seventh Avenue, 17th Floor<br>New York, NY 10018<br>Tel: 212-972-3000<br>Fax: 212-972-2245<br>E-mail: tklestadt@klestadt.com |
| Kenneth M. Lewis | LEWIS LAW PLLC<br>120 Bloomingdale Road, Suite 100<br>White Plains, NY 10605<br>Tel: 914-761-8400<br>Fax: 914-761-6316<br>E-mail: klewis@lewispllc.com |
| Joseph T. Moldovan | Morrison Cohen LLP<br>909 Third Avenue<br>New York, NY 10022-4371<br>Tel: 212-735-8603<br>E-mail: jmoldovan@morrisoncohen.com |
| Robert J. Rosenberg | 125 East 61st Street<br>New York, NY 10065<br>Tel: 917-273-5216<br>E-mail: robertrosenbe@gmail.com |