Blake D. Miller, Esq.
Miller Toone, P.C.
165 Regent Street
Salt Lake City, Utah 84111
Telephone: (801) 363-5600
Facsimile: (801) 363-5601
Email: miller@millertoone.com

Gifford W. Price, Esq.
Mackey Price & Mecham
350 American Plaza II
57 West 200 South
Salt Lake City, UT 84101
Telephone: (801) 575-5000
Facsimile: (801) 575-5006
Email: gprice@mackeyprice.com

Arthur Goldstein, Esq.
Jill Makower, Esq.
Spizz Cohen & Serchuk, P.C.
425 Park Avenue
New York, NY  10022
Telephone: (212) 754-9400
Facsimile: (212) 754-9400
Email: agoldstein@scsnylaw.com
Email: jmakower@scsnylaw.com

*Attorneys for SecurityNational Mortgage Company*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re:

LEHMAN BROTHERS HOLDINGS INC., *et al.,*

Debtors.

Chapter 11
Case No. 08-13555 (SCC)

**OBJECTION OF SECURITYNATIONAL MORTGAGE COMPANY TO PLAN ADMINISTRATOR'S MOTION FOR ALTERNATIVE DISPUTE RESOLUTION AND PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS [DOCKET 44450]**

285654v1

SecurityNational Mortgage Company ("SecurityNational") appears specially to object on constitutional and other grounds to the Motion for Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers, Docket No. 44450 ("ADR Motion").

## I. The Proposed Mandatory Alternative Dispute Resolution Procedures Impair SecurityNational's Constitutional Article III Protections

1. By its motion, Lehman Brothers Holdings, Inc. ("LBHI") seeks to impose mandatory ADR provisions on approximately 3,000 non-creditor third parties. LBHI claims to possess pre-petition contractual claims against such parties. *See*, ADR Motion at 4; Motion of LBHI Pursuant to Bankruptcy Rule 9019 for Approval of Settlement Agreement at 6 [Docket 42153].

2. In *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982), the Supreme Court held that bankruptcy courts, as Non-Article III courts, lacked the requisite jurisdiction to decide state law contract claims against third parties not otherwise part of the bankruptcy case. In *Stern v. Marshall*, 131 S. Ct. 2594 (2011), the Supreme Court held that Bankruptcy Courts lack constitutional authority to enter final judgments on a debtor's counterclaim to a proof of claim – even where the counterclaim is a core proceeding. In particular, the Court held that Congress could not grant such authority to Bankruptcy Courts because the counterclaim represented a private right entitled to adjudication in an Article III Court. Recently, in *Executive Benefits Ins. Agency v. Arkison*, 12-1200, 2014 WL 2560461 (U.S. June 9, 2014), the Supreme Court ruled that a bankruptcy court should deal with Stern claims under 28 U.S.C. §157(c). Thus, unless the parties consent (157(c)(2)), a bankruptcy court can hear, but not determine, a non-core, but related proceeding. Rather, the bankruptcy court may issue proposed findings and conclusions, to which the District Court reviews de novo.

3. As described by LBHI, its potential claim against SecurityNational is a private, pre-petition contractual claim. SecurityNational did not file a proof of claim or otherwise submit itself to the jurisdiction of this Court. Should LBHI file such a claim against SecurityNational, the proceeding would be a non-core proceeding. *Orion Pictures Corp. v. Showtime Networks, Inc. (In re: Orion Pictures Corp)*, 4 F.3d 1095 (2nd Cir. 1993). Thus, under Executive Benefits, this Court is precluded from issuing a final judgment on this dispute.

4. In its ADR Motion, LBHI cites to other large Chapter 11 cases in which similar relief has been given. Notably, none of these cases are post-Stern.

5. SecurityNational does not consent to jurisdiction in this case as to the asserted contractual indemnification claim. The claim against it is a pre-petition private contractual claim. If such a claim is asserted against it, SecurityNational desires to maintain its right to a jury trial. SecurityNational has not agreed to any form of alternative dispute mechanism, and if it were to do so, it would have the right to have input into and provide consent to the agreed-upon procedures.

6. It is a well-established principle that, as a matter of contract, a party cannot be required to submit to a non-court dispute mechanism without its consent or the order of a court with appropriate jurisdiction. See, *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011) (as a fundamental principle, arbitration is a matter of contract and should be so enforced and interpreted). Under both *Stern* and *Executive Benefits,* this Court lacks the ability to determine this dispute. Accordingly, it also lacks the ability to require mandatory ADR provisions for such disputes.

**II.     The Proposed ADR Procedures Are Unfair**

   7.  In addition to the fact that no jurisdiction exists to force SecurityNational to accede to alternative dispute resolution procedures regarding the subject claims against it, it certainly would not consent to the procedures advanced by LBHI.  Such procedures are inappropriate and unfair, as demonstrated, in part, by the following:

   a.  Only LBHI is authorized to select the mediator.  The responding parties, defined in the ADR Motion as the "Sellers," are given no voice in the selection of the neutral mediator.  Contrast this with the mutual selection of mediators provided in the cited General Order M-143 (incorporated in General Order M-452).

   b.  The mediation shall only occur in New York despite the location of the particular Seller or the absence of minimum contacts with New York by that Seller in this non-core matter.

   c.  The Seller is obligated to "follow the directions of the mediator" without any indication of the scope of such authority.

   d.  The mediator has the broadest possible discretion, including the right to certify specific legal issues to the court for decision.  This places the mediator in a role outside that of a neutral.  See, ¶3.2 of General Order M-452 (mediator shall control the procedural aspects of the mediation).

   e.  If the Seller has filed a proof of claim, LBHI can proceed with the claims adjudication process of the Bankruptcy Rules and not have to follow the ADR procedures for such objection.  Contrast this with *Stern*, which held that Bankruptcy Courts could not determine a Debtor's state law counterclaims to a proof of claim.

      f.  LBHI "reserves" the right to remove any action or proceeding following service of an Indemnification ADR package. Such right should not expand the conditions for removal under 28 U.S.C. §1452 or abstention under 28 U.S.C. §1334.

  WHEREFORE, SecurityNational respectfully requests that the Court deny the relief requested.

Dated: New York, New York
    June 12, 2014

               MILLER TOONE, P.C.
               165 Regent Street
               Salt Lake City, Utah 84111
               Telephone: (801) 363-5600
               Facsimile: (801) 363-5601
               Email: miller@millertoone.com
               Blake D. Miller, Esq.

               MACKEY PRICE & MECHAM
               350 American Plaza II
               57 West 200 South
               Salt Lake City, UT 84101
               Telephone: (801) 575-5000
               Facsimile: (801) 575-5006
               Email: gprice@mackeyprice.com
               Gifford W. Price, Esq.

               SPIZZ COHEN & SERCHUK, P.C.

           By:  s/ Arthur Goldstein
              Arthur Goldstein, Esq.
              Jill Makower, Esq.
              425 Park Avenue
              New York, New York 10022
              Telephone: (212) 754-9400
              Facsimile: (212) 754-9400
              Email: agoldstein@scsnylaw.com
              Email: jmakower@scsnylaw.com

              *Attorneys for SecurityNational Mortgage Company*