# Exhibit B

Supplemental Declaration of Peter Gruenberger in Further Support of Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-143 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivatives Contracts

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter Gruenberger

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                              :   Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,             :   08-13555 (JMP)
                                                   :
                         Debtors.                  :   (Jointly Administered)
                                                   :
-----------------------------------------------------------x

### SUPPLEMENTAL DECLARATION OF PETER GRUENBERGER IN FURTHER SUPPORT OF DEBTORS' MOTION PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-143 FOR AUTHORIZATION TO IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVES CONTRACTS

Pursuant to 28 U.S.C. § 1746, I, Peter Gruenberger, declare:

1. I am over the age of 18 years and make these statements of my own personal knowledge. If called to testify, I could testify to the truth of the matters set forth herein.

2. I am the Partner at the law firm of Weil, Gotshal & Manges LLP ("WGM") who has been primarily responsible for the Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-143 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivatives Contracts (the "Motion").

3. I make this Supplemental Declaration to comply with the request made by the Court at the August 26, 2009 hearing for a status report on the progress made concerning the

Revised Proposed Order of further negotiations and communications among or between representatives of Debtors, the Creditors' Committee and Derivatives Counterparties held between that date and the continued September 15, 2009 hearing date.[1] *See* Tr. of Aug. 26, 2009 Hr'g, at 50.

4. On August 26 and 27, 2009, representatives of Debtors and the Creditors' Committee again reviewed and deliberated over the 56 separate objections and 68 grounds of objection to the Motion and Revised Proposed Order remaining outstanding as of that time. The Debtors and the Creditors' Committee came to the conclusion that the Debtors should offer two sets of compromises. The first set would address to the extent feasible the remaining general objections of all Derivatives Counterparties. As to those, on August 28, 2009, I caused to be transmitted to all remaining objectors the email attached hereto at Exhibit "A" accompanying the initial post-hearing proposed order (the initial "Post-Hearing Proposed Order") attached hereto at Exhibit "B." The initial Post-Hearing Proposed Order was blacklined to reflect changes made to the Revised Proposed Order that had been before the Court on August 26, 2009 as Exhibit "B" to the Debtors' Omnibus Responses.

5. The second set of compromises would deal primarily with objections raised by Indenture Trustees. As to those, on September 2, 2009, I caused to be transmitted again to all remaining objectors the email attached hereto as Exhibit "C" accompanying the second Post-Hearing Proposed Order (the "Second Post-Hearing Proposed Order") attached hereto as Exhibit "D" blacklined to reflect changes made to the initial Post-Hearing Proposed Order. Exhibit "C" requested all remaining objectors to respond by 5:00 p.m. on September 10, 2009 the extent to

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Debtors' Omnibus Responses, dated August 24, 2009, to the objections to the Motion [Docket No. 4903] (the "Debtors' Omnibus Responses").

which their objections were being withdrawn in whole or in part, what grounds of objections remained, and whether they could offer any specific substantive language modifications.

6. Again, on September 9, 2009, I caused another email attached hereto as Exhibit "E" to be sent to all remaining objectors making the same request as contained in Exhibit "C."

7. Between August 28, 2009 and September 11, 2009, numerous communications occurred between representatives of Derivatives Counterparties, the Debtors and the Creditors' Committee. They resulted in my causing to be transmitted on September 11, 2009 to all remaining objectors the third Post-Hearing Proposed Order (the "Third Post-Hearing Proposed Order") attached hereto as Exhibit "F" blacklined to reflect the changes made to the Second Post-Hearing Proposed Order.

8. Accordingly, in the period from August 26, 2009 to September 11, 2009, Debtors made a total of 22 different changes to 16 paragraphs and subparagraphs of the Revised Proposed Order. These changes were in addition to the 22 changes Debtors prior to August 26, 2009 had made to the original proposed order filed with the Motion. Such new changes reflect significant additional accommodations Debtors made in the spirit of compromise and cooperation, including:

- clarified the definition of "Derivatives Contract with Recovery Potential." *See* Exhibit F ¶ 2;

- clarified the meaning of "dispute" by expressly providing that Debtors will not implement Derivatives ADR Procedures with respect to a Derivatives Contract with Recovery Potential that (i) has not been purportedly terminated and (ii) with respect to which a Derivatives Counterparty has not failed to make a payment, or perform any other obligation, due, if any, to the Debtor(s) (without regard to any provision in a Derivatives Contract with Recovery Potential that purports to permit a Derivatives Counterparty to withhold performance by reason of a default by a Debtor or its affiliates). *Id.* at ¶ 3(a);

- provided that Debtors will make commercially reasonable efforts to minimize the frequency of Derivatives ADR Notices. *Id.* at ¶ 3(b);

- made multiple accommodations for Indenture Trustees to allow them time, if necessary, to obtain authority to participate in mediations and settle disputes. *Id.* at ¶¶ 5(b)(i) – (iii);

- clarified that participation in Derivatives ADR Procedures shall not waive any defense of lack of *im personam* jurisdiction. *Id.* ¶ 5(d);

- provided explicit forms of Derivatives ADR Notice and Response, which shall be deemed to be presumptively in compliance with the Court's Derivatives ADR Procedures Order. *Id.* at ¶¶ 8(a) and 8(b)(ii);

- extended all deadlines for responses of Derivatives Counterparties and Indenture Trustees to Derivates ADR Notices and requests for settlement conferences. *Id.* at ¶¶ 8(b) and 9; and

- provided a procedure for fair and impartial allocation by mediators among themselves of each of the mediations. *Id.* at ¶ 10 (b).

9. Prior to the continued hearing on September 15, 2009, Debtors will file with the Court a cumulative blackline version of order (the "Final Post-Hearing Proposed Order") to reflect all post-hearing modifications made to the Revised Proposed Order as it stood on August 26, 2009.

10. As a consequence of the Debtors' revisions, as of 2:00 p.m. on Friday, September 11, 2009, a total of 37 objecting Derivatives Counterparties have withdrawn their objections entirely, leaving 19 Derivatives Counterparties with remaining objections. The September 15, 2009 hearing agenda filed with the Court will reflect the withdrawn objections. The number of different grounds for filed objections existing as of the August 26, 2009 hearing, and listed on Exhibit "A" to the Debtors' Omnibus Responses, has been reduced from 68 to 50. Notwithstanding the Debtors request for Derivatives Counterparties to inform the Debtors whether all or portions of their objections had been satisfied and would be withdrawn in light of the multiple revisions made to the Revised Proposed Order, 7 Derivatives Counterparties failed to make any response to Debtors and 4 Derivatives Counterparties failed to inform Debtors of how many of their grounds of objection had been withdrawn.

11. Debtors attach hereto as Exhibit "G" an updated table of grounds of objections to the Motion and Revised Proposed Order, reflecting, with respect to each ground of objection: (i) the number of initial objectors; and (ii) the number of remaining objectors, counting as remaining objections those counterparties who did not respond fully to Debtors' requests as set forth in paragraph 10 above.

12. A majority of Derivatives Counterparties have provided a great deal of cooperation with the Debtors and Creditors' Committee in seeking compromise. Notwithstanding that cooperation, and as reflected in Exhibit "G", there remain objectors who still urge: (a) that this Court has no power to order an ADR process that includes mediation (Exhibit "G" at A. 1 – 5); (b) grounds of objections to paragraphs in the Revised Proposed Order that were withdrawn or modified by Debtors prior to August 26, 2009 and between that date and today (*id.* at B 8 – 18); and (c) that potential sanctions should not be set forth in the Derivatives ADR Procedures Order (*id.* at F 32 – 34).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 11th day of September, 2009.

/s/ Peter Gruenberger
Peter Gruenberger