Hearing Date and Time: June 19, 2014 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: June 12, 2014 at 4:00 p.m. (Prevailing Eastern Time)

**MAYER BROWN LLP**
1675 Broadway
New York, New York 10019
+1 212.506.2500
Michael O. Ware
Joaquin M. C de Baca
mware@mayerbrown.com
jcdebaca@mayerbrown.com

and

1999 K Street, N.W.
Washington, D.C. 20006
+ 1 202 263 3000
Reginald R. Goeke
rgoeke@mayerbrown.com

*Counsel to Plaza Home Mortgage Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
                                                               :
In re:                                                         :   Chapter 11
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :   Case No. 08-13555 (SCC)
                                                               :
         Debtors.                                              :   (Jointly Administered)
                                                               :
-------------------------------------------------------------- x

**LIMITED OBJECTION OF PLAZA HOME MORTGAGE INC. TO THE PLAN
ADMINISTRATOR'S MOTION FOR ALTERNATIVE DISPUTE RESOLUTION
PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS
<u>AGAINST MORTGAGE LOAN SELLERS</u>**

TO:   THE HON. SHELLEY C. CHAPMAN
      UNITED STATES BANKRUPTCY JUDGE

709609074.3

Plaza Home Mortgage Inc. ("Plaza") submits the following limited objection to the Plan Administrator's Motion for Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers (Docket No. 44450) (the "Motion"):[1]

1. The Motion paints with too broad a brush. Perhaps the Plan Administrator has viable indemnification claims against some mortgage loan sellers, and it may be that ADR procedures of some sort will facilitate the efficient resolution of those claims. We take no position on those questions. But Plaza settled its exposure to the Debtors in August 2008. The Plan Administrator thus has no claim against Plaza, and Plaza should not be forced into an elaborate and potentially expensive ADR procedure to prove the point. Nor would it be in the interest of creditors: a fee-shifting provision in Plaza's Settlement Agreement (as defined below) would make Plaza's successful defense an expense of the Debtors, thereby reducing distributions to creditors. *See, e.g., Travelers Cas. and Sur. Co. of America v. Pac. Gas and Elec. Co.*, 549 U.S. 443 (2007) (holding that the Bankruptcy Code does not bar claims for postpetition attorneys fees authorized by a valid prepetition contract.); *Ogle v. Fidelity & Deposit Co. of Maryland*, 586 F.3d 143 (2d Cir. 2009).

2. Pre-petition, Plaza from time to time sold residential mortgage loans to Lehman Brothers Bank, FSB ("LBB") under that certain "Loan Purchase Agreement (Servicing Released Transactions)" dated as of March 8, 2006.

3. On August 14, 2008, Plaza, LBB and Aurora Loan Services LLC ("Aurora") entered into the Settlement Agreement and Release reproduced as Exhibit A (the "Settlement Agreement"). (We have redacted the payment terms and borrower names to permit public filing.)

---

[1] Terms used but not defined shall have the meanings ascribed to such terms in the Motion.

2

4. Plaza carried out all its obligations under the Settlement Agreement, including timely payments to Aurora.

5. Paragraph 5 of the Settlement Agreement contains an exceptionally broad release (the "Release"):[2]

> In consideration of the recitals set forth herein, in full settlement of any and all claims and disputes between LBB/Aurora and Plaza and in exchange for the Settlement Payment described in Paragraph 1 above, LBB and Aurora, on behalf of themselves, their administrators, employees, agents, representatives, attorneys, assigns, successors, principals, agents, beneficiaries, investors, parent and/or subsidiary and/or affiliated corporations or organizations, and for any other party who could make a claim through it, hereby fully, unconditionally and irrevocably release and discharge Plaza, and its predecessors, successors, assigns, past, present, and future officers, directors, shareholders, partners, agents, employees, representatives, parent and/or subsidiary and/or affiliate persons, corporations or organizations, and attorneys from and relinquish any and all damages, losses, claims, demands, liabilities, obligations, or causes of action, known or unknown, including any and all such repurchase obligations of every and any kind, nature or character, known or unknown, howsoever and whenever arising, which LBB and Aurora has, may have against Plaza in connection with any mortgage loans sold under the Purchase Agreement or Seller's Guide which LBB and Aurora now or in the future may have against Plaza and its predecessors, successors, assigns, past, present, and future officers, directors, shareholders, partners, agents, employees, representatives, parent and/or subsidiary and/or affiliate corporations or organizations, and attorneys arising from or in connection with the Purchase Agreement or Seller's Guide with respect to any mortgage loans purchased or sold thereunder. This release is effective upon receipt of the entire Settlement Payment described in Paragraph I above.

6. As against Plaza, any indemnification claims of the sort contemplated in the Motion are covered by the Release.

7. Paragraph 9 of the Settlement Agreement entitles a prevailing party to recover "any and all costs and expenses incurreed … in enforcing or establishing [its] rights" under the

---

[2] Terms used in this paragraph but not defined shall have the meanings ascribed to such terms in the Settlement Agreement.

709609074.3

Settlement Agreement, "including without limitation court costs and reasonable attorney's fees." The cost to Plaza of responding to any Indemnification ADR Package and establishing the Release in compelled mediation will thus be borne ultimately by the Debtors and its creditors.

WHEREFORE, the Motion should be denied insofar as it would direct Plaza Home Mortgage Inc. to participate in any mediation or other form or ADR with the Plan Administrator and grant such other and further relief as this Court deems appropriate under the circumstances.

Dated: New York, New York
       June 12, 2014

Respectfully Submitted,

By: /s/ Joaquin M. C de Baca

**MAYER BROWN LLP**
1675 Broadway
New York, New York 10019
+1 212.506.2500
Michael O. Ware
Joaquin M. C de Baca
mware@mayerbrown.com
jcdebaca@mayerbrown.com

and

1999 K Street, N.W.
Washington, D.C. 20006
+ 1 202 263 3000
Reginald R. Goeke
rgoeke@mayerbrown.com

*Counsel to Plaza Home Mortgage Inc.*

4

709609074.3