# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made this 14th day of August 2008, by and between Lehman Brothers Bank, FSB a federal savings bank (together with its successors and assigns, "LBB"), Aurora Loan Services LLC, a Delaware limited liability corporation ("Aurora"), having an office for the conduct of business at 10350 Park Meadows Drive, Littleton, CO 80124 and Plaza Home Mortgage Inc. ("Plaza"), having an office for the conduct of business at 5090 Shoreham Place, Suite 206, San Diego, CA 92122. Where appropriate, LBB, Aurora, and Plaza shall be collectively referred to as the "Parties".

## RECITALS

WHEREAS, LBB and Plaza are parties to a certain Loan Purchase Agreement (Servicing Released Transactions), dated as of March 8, 2006 (the "Purchase Agreement"), pursuant to which Plaza may sell to LBB from time to time, and LBB may purchase from Plaza from time to time, certain mortgage loans in accordance with the terms of the Purchase Agreement and the Aurora Seller's Guide, as amended from time to time (the "Seller's Guide"). Any capitalized terms used herein shall have the meaning given to such terms in the Purchase Agreement or Seller's Guide, as applicable;

WHEREAS, it has been alleged that there were various misrepresentations by the borrower, and various First Payment Defaults and Early Payment Defaults on the Mortgage Loans referenced in Schedule A (the "Loans"), and based upon the Misrepresentations, First Payment Defaults and Early Payment Defaults, Plaza has breached Section 7, Paragraph 703(1) and Section 15 of the Seller's Guide; and

WHERAS, the loans listed on Schedule A-1 were previously listed under previous settlement agreements and indemnification agreements. The loans listed on Schedule A-2 are the additional claims alleged against Plaza. The loans listed on Schedule A-1 and A-2 respectively shall be collectively referred to as "Schedule A;" and

WHEREAS, this Agreement shall serve to replace and supersede the previous Settlement Agreement and Release and Indemnification Agreements executed between the Parties, specifically the Settlement Agreement and Release dated January 29, 2008, the Indemnification Agreement dated June 7, 2007, the Indemnification Agreement dated September 6, 2007, and the Indemnification Agreement dated September 7, 2007 ; and

WHEREAS, the existence of the alleged misrepresentation, First Payment Defaults, and Early Payment Defaults with respect to the Loans gives LBB the right to require Plaza to immediately repurchase the Loans or indemnify LBB for the Loss Amount in accordance with the terms of the Purchase Agreement and the Seller's Guide; and

WHEREAS, the parties to this Agreement consider it to be in their best interest, and to their advantage to settle, adjust and compromise all claims and defenses which have been or could be asserted against each other concerning the Loans.

## AGREEMENT

NOW, THEREFORE, for and in consideration of the mutual covenants, promises, and conditions set forth herein and subject to the terms and provisions hereof, the Parties hereto agree to the following terms:

LEGAL02/30707226v2

1. <u>Settlement Payment</u>.

    a. Plaza shall pay to Aurora the agreed upon amount of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ("Settlement Payment").

    b. Plaza agrees and promises to remit to Aurora the sum of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ within ▮▮ days of receipt of a countersigned executed agreement.

    c. Plaza agrees and promises to pay ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ payable on the 15th of each month for the next five months beginning ▮▮▮▮▮▮▮▮ with the final payment due on ▮▮▮▮▮▮▮▮.

2. <u>Notice to Cure</u>. Should Plaza default under its payment obligation set forth in paragraph A above, LBB/Aurora shall provide Plaza with notification of such default and Plaza shall have ten (10) business days upon receipt of such notice to cure the default and pay all amounts outstanding. Notice may be given by mail, facsimile, or email at any one of the following addresses:

    a. Mail: Plaza Home Mortgage, Inc., 5090 Shoreham Place, Suite 206, San Diego, CA 92122, Attn: Michael Fontaine.

    b. Facsimile: (858) 677-6741

    c. Email: Mike.Fontaine@PlazaHomeMortgage.com

3. If Plaza fails to cure the default in the time frame set forth in subsection B of paragraph 1, LBB/Aurora shall have the right to enforce the terms of this Agreement, accelerate all amounts due and owing subject to the terms and provisions of the Seller's Guide, and seek all available remedies at law and in equity. In the event of default under this section, Plaza agrees to, at the sole discretion of LBB and Aurora, immediately indemnify or repurchase the loans listed on Schedule A at the full contractual amount as specified per Section 7 of the Seller's Guide.

4. <u>Remedies Not Exclusive</u>. Except as provided in Section 3 below, LBB and Aurora's exercise of any right or remedy under this Agreement shall not limit its exercise of any other right or remedy provided to them in the Seller's Guide, the Purchase Agreement, applicable law, by any other agreement between the parties. Except as provided in Section 3 below, this Agreement is in no way to be construed as a waiver of any rights or remedies that LBB and/or Aurora currently have or may have in the future under the Purchase Agreement, Seller's Guide or otherwise. Except as provided in Section 3 below, nothing in this Agreement shall be construed to waive LBB and Aurora's requirement for Plaza strict performance of its obligations under the Purchase Agreement and Seller's Guide in the past, present and future.

5. <u>Release by LBB and Aurora.</u> In consideration of the recitals set forth herein, in full settlement of any and all claims and disputes between LBB/Aurora and Plaza and in exchange for the Settlement Payment described in Paragraph 1 above, LBB and Aurora, on behalf of themselves, their administrators, employees, agents, representatives, attorneys, assigns, successors, principals, agents, beneficiaries, investors, parent and/or subsidiary



-2-

and/or affiliated corporations or organizations, and for any other party who could make a claim through it, hereby fully, unconditionally and irrevocably release and discharge Plaza, and its predecessors, successors, assigns, past, present, and future officers, directors, shareholders, partners, agents, employees, representatives, parent and/or subsidiary and/or affiliate persons, corporations or organizations, and attorneys from and relinquish any and all damages, losses, claims, demands, liabilities, obligations, or causes of action, known or unknown, including any and all such repurchase obligations of every and any kind, nature or character, known or unknown, howsoever and whenever arising, which LBB and Aurora has, may have against Plaza in connection with any mortgage loans sold under the Purchase Agreement or Seller's Guide which LBB and Aurora now or in the future may have against Plaza and its predecessors, successors, assigns, past, present, and future officers, directors, shareholders, partners, agents, employees, representatives, parent and/or subsidiary and/or affiliate corporations or organizations, and attorneys arising from or in connection with the Purchase Agreement or Seller's Guide with respect to any mortgage loans purchased or sold thereunder. This release is effective upon receipt of the entire Settlement Payment described in Paragraph 1 above.

6. Release by Plaza. In consideration of the recitals set forth herein, Plaza, on behalf of itself, its administrators, employees, agents, representatives, attorneys, assigns, successors, principals, agents, beneficiaries, parent and/or subsidiary corporations or organizations, and for any other who could make a claim through it, hereby fully release and discharge LBB and Aurora, and their predecessors, successors, assigns, past, present, and future officers, directors, shareholders, partners, agents, employees, representatives, parent and/or subsidiary and/or affiliate corporations or organizations, and attorneys from and relinquish any and all claims demands, obligations, or causes of action, known or unknown, which Plaza now or in the future may have against LBB and Aurora and their predecessors, successors, assigns, past, present, and future officers, directors, shareholders, partners, agents, employees, representatives, parent and/or Subsidiary and/or affiliate corporations or organizations, and attorneys arising from or connected with the Loans. This release is effective immediately.

7. Cooperation by Plaza . Plaza agrees to undertake reasonable efforts to cooperate with Aurora in the event it pursues claims against third parties relating to the Loans. Specifically, Plaza agrees to: (a) be interviewed and/or deposed by Aurora in connection with such claims; and (b) to provide documentation in their possession relating to such claims. Nothing herein requires Plaza to give any particular testimony, nor shall anything herein be deemed payment or other compensation for any cooperation or testimony given by Plaza. Aurora agrees to reimburse Plaza for reasonable expenses incurred in connection with providing such cooperation, such as photocopying charges but shall not be required to compensate Plaza for the time spent cooperating with Aurora.

8. Change of Circumstances. The Parties agree that if any facts, claims or circumstances relating to or with respect to the Loans in which this Agreement is executed are at any later time found, suspected, or claimed to be other than or different from the facts, claims and circumstances now believed by the Parties to be true, then the Parties expressly accept and assume the risk of such possible differences of facts, claims and circumstances and agree that the releases set forth herein shall be and remain effective notwithstanding any such differences in an facts, claims or circumstances.

LEGAL02/30707226v2

9. Attorney's Fees. Each party to this Agreement shall bear all attorney's fees and costs arising from that party's own counsel in connection with any efforts or services made prior to this Agreement and the drafting of this Agreement. In the event that any party hereto fails to perform any of the obligations under this Agreement or in the event a dispute arises concerning the meaning or interpretation of any provision of this Agreement, the party not prevailing in such dispute shall pay any and all costs and expenses incurred by the other party in enforcing or establishing their rights hereunder, including without limitation court costs and reasonable attorney's fees. This paragraph shall be applicable to this entire Agreement.

10. Authority. Each party represents and warrants to the other party that: (a) it has the full authority to execute and deliver this Agreement; (b) any person executing this Agreement on behalf of any party has the authority to execute this Agreement on behalf of such party; and (c) this Agreement as so executed constitutes the valid and binding obligation of the party.

11. Advice of Attorney. Each party warrants and represents that in executing this Agreement, they have relied upon legal advice from the attorney of their choice; that the terms of this Agreement have been read and its consequences (including risks, complications, and costs) have been completely explained to them by that attorney; and that they fully understand the terms of this Agreement.

12. Conditions and Execution: Each party acknowledges and warrants that their execution of this release is free and voluntary.

13. Severability. The invalidity of any portion hereof shall not affect the validity, force or effect of the remaining portions hereof. If it is ever held that any restriction hereunder is too broad to permit enforcement of such restriction to its fullest extent, such restriction shall be enforced to the maximum extent permitted by law.

14. Binding Agreement. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns.

15. Governing Law and Venue. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, regardless of the conflict of laws principles thereof.

16. Counterparts. This Agreement may be executed in counterparts, each of which, when so executed and delivered, shall be deemed to be an original and all of which, taken together, shall constitute one and the same agreement.

17. Notice. Notice to LBB and Aurora shall be given in accordance with Section 7.1 of the Purchase Agreement.

18. Further Assurances. Each party to this Agreement shall cooperate fully in the execution of any and all other documents and in the completion of any additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

19. Confidentiality. Plaza agrees not to disclose, without prior written consent of LBB and/or Aurora, the provisions of this Agreement to any person, firm, organization, or entity of any

-4-

and every type, public or private, unless required by subpoena, court order, law or regulation, except that the parties agree that the Agreement may be used in a subsequent proceeding in order to enforce the terms of this Agreement in a court of law, in a court of equity by injunction or otherwise, by way of defense, or in any other appropriate manner; provided, however, that Plaza may disclose the existence, but not the terms, of this Agreement to other whole mortgage loan purchasers with which Plaza may have similar Repurchase Obligations.

20. Headings. The descriptive headings of the several paragraphs contained in this Agreement are inserted for convenience only and shall not control or affect the meaning or construction of any of the provisions hereof.

21. Construction. Each party has cooperated in the drafting and preparation of this Agreement. Hence, if any construction be made of this Agreement, the same shall not be construed against any party. Except as expressly stated in this Agreement, no party hereto, nor any officer, agent, employee, representative or attorney for any party, has made any statement or representation to any other party regarding any fact relief on in entering into this Agreement and no party hereto relies on such statement or representation in executing this Agreement.

22. Modification. This Agreement may only be amended or modified in writing signed by the party against whom enforcement of such amendment or modification is sought.

23. Entire Agreement. This Agreement, and the Purchase Agreement and Seller's Guide, contain the entire agreement and understanding between the parties with respect to the subject matter hereof.

WHEREFORE, the parties execute this Agreement on the date set forth above.

Lehman Brothers Bank, FSB
Services, Inc.
By: _____
Name: Russell V. Brady
Title: Vice President

Plaza Home Mortgage Inc.
By: _____
Name: Thomas A. Cutr
Title: VP

Aurora Loan Services LLC
By: _____
Name: Russell V. Brady
Title: Vice President

LEGAL02/30707226v2

## SCHEDULE A

### SCHEDULE A-1



### SCHEDULE A-2 (NEW CLAIMS)

