Douglas E. Spelfogel  
Derek L. Wright  
**FOLEY & LARDNER LLP**  
90 Park Avenue  
New York, NY 10016-1314  
Telephone: 212-682-7474  
Facsimile: 212-687-2329  

Hearing Date: June 19, 2014  
Hearing Time: 10:00 a.m.

*Attorneys for Mountain West Financial, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x

In re:

LEHMAN BROTHERS HOLDINGS INC.,
*et al.*,

       Debtor.

------------------------------------------------------- x

Chapter 11

Case No. 08-13555 (SCC)

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF MOUNTAIN WEST FINANCIAL, INC. TO MOTION FOR ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

Mountain West Financial, Inc. ("Mountain West"), by its undersigned attorneys, submits this limited objection and reservation of rights (the "Limited Objection") to the Motion for Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers (the "Motion") [Dkt. No. 44450], filed by Lehman Brothers Holdings Inc. ("LBHI") on May 29, 2014, and state as follows:

**BACKGROUND FACTS**

1. Mountain West is a party to two separate settlement agreements resolving certain claims against Mountain West arising under certain Loan Purchase Agreements seeking the repurchase of the subject loans by Mountain West or indemnity by Mountain West for losses related to the subject loans.

2. Specifically, on November 23, 2010, Mountain West entered into a settlement agreement with LBHI (the "LBHI Settlement"). Mountain West sold certain mortgage loans to LBHI's predecessor-in-interest, Lehman Brothers Bank, FSB ("LBB") who sold certain of those loans to LBHI and assigned its rights under the related loan purchase agreements to LBHI.

3. The LBHI Settlement resolved claims raised by LBHI in litigation LBHI initiated against Mountain West in the United States District Court for the Central District of California (the "California Litigation"). Under the terms of the LBHI Settlement, the parties settled all claims related to the mortgage loans sold by Mountain West to LBB and sold to LBHI.

4. In addition, on August 2, 2013, Mountain West entered into a settlement agreement (the "Aurora Settlement") with Aurora Commercial Corp., as successor by merger to Aurora Bank FSB f/k/a Lehman Brothers Bank, FSB ("ACC") and Aurora Loan Services LLC f/k/a Aurora Loan Services, Inc. ("ALS" and together with ACC, "Aurora").

## LIMITED OBJECTION

**A.    Mountain West Is Not Properly Subject to the Relief Sought**

5. Through the Motion, LBHI seeks an order establishing alternative dispute resolution procedures (the "ADR Procedures") for indemnification claims of the above-captioned Debtors (the "Debtors") against certain mortgage loan sellers (the "Sellers"). Specifically, LBHI requests, among other things, that the ADR Procedures be established and binding on *all* Sellers.

6. In support of the Motion and the proposed ADR Procedures, LBHI states that "the most efficient means to enforce its right to reimbursement and indemnification would be through an ADR procedure, rather than through the *immediate commencement of litigation*." Motion, ¶ 19 (emphasis added). LBHI further states that "[r]equiring LBHI to *initially resort to litigation* would be expensive and time consuming, causing undue delay in the litigation of the Debtors' assets and increased costs to LBHI." *Id.* (emphasis added).

2

7.      Through the Motion, LBHI appears improperly to apply the ADR Procedures to Mountain West.[1] Mountain West objects to the extent that such claims and the California Litigation have been resolved through either the LBHI Settlement or the Aurora Settlement (the "Settled Claims").

8.      Further, the imposition of the proposed ADR Procedures on Mountain West is highly inequitable and contrary to the purpose purported in the Motion. LBHI initiated the California Litigation to enforce its alleged claims against Mountain West, and the parties thereto have already incurred litigation expense. Moreover, LBHI and Aurora already have resolved their purported claims against Mountain West.

9.      Accordingly, the relief requested through the Motion and ADR Procedures does not apply to Mountain West where LBHI's alleged claims have previously been settled, and any order granting the Motion must specifically carve out Mountain West as not being subject to the proposed ADR Procedures.

**B.    The Proposed ADR Procedures Should Be Modified**

10.     While Mountain West should not be subject to the proposed ADR Procedures for the reasons set forth above, in their current form, the proposed ADR Procedures provide unfair strategic and economic advantages to LBHI. Accordingly, to the extent the proposed ADR Procedures are approved at all, they should be modified to provide a level playing field for all parties as follows:

- LBHI should not have unilateral authority to select the mediators. Motion ¶ 30. Here, LBHI attempts to gain an unfair advantage by dictating: (1) the pool of available mediators (¶ 30); (2) the mediator who will preside over each mediation (¶ 30); and (3) an alternate mediator should the initially selected mediator be unwilling or unavailable to serve (¶ 31). General Order M-143 provides the procedures governing the Court's mediation program. It provides that the Clerk of this Court shall establish and maintain a register of qualified mediators. Gen. Order M-143 § 2.1. The current Mediation Register on the Court's website lists approximately 280

---

[1] LBHI fails to identify any particular Sellers to whom the Motion and proposed ADR Procedures would apply and seeks to apply them to all Sellers, which would include Mountain West.

3

attorneys approved to serve as mediators. Ordinarily, parties choose a mediator from the Register or the Court will appoint one if the parties cannot agree. *Id.* at § 2.2. Instead of permitting the parties to select mediators from the approximate 280 on the Register, LBHI wants to limit the pool of available mediators to 16 people it has selected. Motion, ¶ 30 and Schedule A. There is no rational basis for limiting the selection of potential mediators to the tiny fraction of available mediators unilaterally selected by LBHI and to allow LBHI to unilaterally choose a particular mediator from that small group. Accordingly, the proposed ADR Procedures should be modified to provide that parties shall choose a mediator from the Register and the Court will appoint one if the parties cannot agree.

- Because LBHI has unilaterally requested mandatory mediation, it should pay all of the fees and expenses of the mediators in all cases. *See Id.* at ¶ 37. Here, the Sellers have not requested mediation. Indeed, as contemplated by LBHI, mediation precedes the commencement of litigation so the Sellers are not even aware they are subject to suit and a potential mediation. It would be inequitable to expose Sellers to costs for a procedure to which they never consented. Accordingly, the proposed ADR Procedures should be modified to provide that LBHI will be responsible for all fees and expenses of the mediators.

- The Sellers should not be compelled to attend mediation in person in New York. *Id.* at ¶¶ 33 and 35. Many of the Sellers, are not located in New York and New York may not be a mutually convenient location to hold the proposed mediations. Indeed, this Court's General Order M-143 provides that upon consultation with all attorneys and parties to a mediation, "the mediator shall fix a *reasonable time and place* for the initial mediation conference." Gen. Order M-143 § 3.1 (emphasis added). It is unreasonable to allow LBHI to dictate that the mediations occur in New York where the Debtors' bankruptcy cases are pending and cause all out of town Sellers, such as Mountain West, to incur the time and expense of travelling and attending. Accordingly, the proposed ADR Procedures should provide that a mediator will choose a reasonable time and place and/or that parties may attend the mediation telephonically.

- To the extent that the ADR Procedures provide for imposition of sanctions against the Sellers, they should be clarified so as to apply solely to the Sellers that affirmatively consent to this Court to participate in mediation in good faith and thereafter engage in conduct contrary to such representation. *See* Motion ¶ 36.

11. These and other modifications to the proposed ADR Procedures will more fairly govern the anticipated mediations while reducing potential disputes between the parties.

12. Accordingly, Mountain West respectfully requests that any order approving the Motion and proposed ADR Procedures specifically carve out any applicability to Mountain West and

4

4845-1215-6443.2

the Settled Claims. In addition, to the extent the Proposed ADR Procedures are approved, Mountain West requests that they be modified to cure certain inequities as set forth above.

## RESERVATION OF RIGHTS

13.    Mountain West specifically reserves all of its rights to amend this Limited Objection and/or further object to the Motion and the proposed ADR Procedures on any basis at the hearing on the Motion or otherwise.

Dated: June 12, 2014
       New York, New York

Respectfully submitted,

FOLEY & LARDNER LLP

By: */s/ Douglas E. Spelfogel*
    Douglas E. Spelfogel
    Derek L. Wright
    FOLEY & LARDNER LLP
    90 Park Avenue
    New York, New York 10016
    Telephone: (212) 682-7474
    Facsimile: (212) 687-2329
    E-mail: dspelfogel@foley.com
    dlwright@foley.com

*Counsel to Mountain West Financial, Inc.*