Douglas E. Spelfogel  
Derek L. Wright  
**FOLEY & LARDNER LLP**  
90 Park Avenue  
New York, NY 10016-1314  
Telephone: 212-682-7474  
Facsimile: 212-687-2329  

Hearing Date: June 19, 2014  
Hearing Time: 10:00 a.m.  

*Attorneys for First California Mortgage Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x

In re:

LEHMAN BROTHERS HOLDINGS INC.,
*et al.,*

        Debtor.

------------------------------------------------------- x

Chapter 11

Case No. 08-13555 (SCC)

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF FIRST CALIFORNIA MORTGAGE CORPORATION TO MOTION FOR ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

        First California Mortgage Company ("FirstCal"), by its undersigned attorneys, submits this limited objection and reservation or rights (the "Limited Objection") to the Motion for Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers (the "Motion") [Dkt. No. 44450], filed by Lehman Brothers Holdings Inc. ("LBHI") on May 29, 2014, and states as follows:

**BACKGROUND FACTS**

        1.      On July 9, 2013, LBHI initiated a lawsuit against FirstCal (the "Colorado Litigation") in the District of Colorado (the "District Court") seeking to enforce certain alleged indemnification rights against FirstCal as the seller of certain mortgage loans to LBHI's predecessor-in-interest, Lehman Brothers Bank, FSB ("LBB"). On January 7, 2014, FirstCal filed a motion for summary judgment (the "Summary Judgment Motion") in the Colorado Litigation seeking dismissal of the

4837-1569-4619.3

Lawsuit. The Summary Judgment Motion was granted on April 30, 2014 by the District Court and a final judgment was entered on May 2, 2014 (the "Final Judgment").

2.  Following entry of the Final Judgment, LBHI, on May 8, 2014, filed a Motion to Amend and/or Modify Judgment Pursuant to F.R.C.P. 59 (the "Motion to Amend"), and FirstCal filed a Response in Opposition to the Motion to Amend (the "Opposition").

3.  On May 9, 2014, LBHI filed a Notice of Appeal to the United States Court of Appeals for the Tenth Circuit from the Final Judgment (the "Notice of Appeal").

4.  The Motion to Amend and Notice of Appeal are pending in the Colorado Litigation.

## LIMITED OBJECTION

### A.  FirstCal Is Not Properly Subject to the Relief Sought

5.  Through the Motion, LBHI seeks an order establishing alternative dispute resolution procedures (the "ADR Procedures") for indemnification claims of the above-captioned Debtors (the "Debtors") against certain mortgage loan sellers (the "Sellers"). Specifically, LBHI requests, among other things, that the ADR Procedures be established and binding on *all* Sellers.

6.  In support of the Motion and the proposed ADR Procedures, LBHI states that "the most efficient means to enforce its right to reimbursement and indemnification would be through an ADR procedure, rather than through the *immediate commencement of litigation*." Motion, ¶ 19 (emphasis added). LBHI further states that "[r]equiring LBHI to *initially resort to litigation* would be expensive and time consuming, causing undue delay in the litigation of the Debtors' assets and increased costs to LBHI." *Id.* (emphasis added).

7.  Through the Motion, LBHI appears improperly to apply the proposed ADR Procedures to FirstCal and the pending Colorado Litigation commenced by LBHI.[1] This Court lacks

---

[1] LBHI fails to identify any particular Sellers to whom the Motion and proposed ADR Procedures would apply and seeks to apply them to all Sellers, which would include FirstCal.

2

4837-1569-4619.3

jurisdiction to impose the proposed ADR Procedures on the parties to the Colorado Litigation. LBHI commenced the Colorado Litigation nearly a year ago and the Final Judgment has been entered. The imposition of the ADR procedures over the Colorado Litigation constitutes impermissible forum-shopping by placing the same parties and issues before a newly-appointed mediator where LBHI voluntarily prosecuted the Colorado Litigation in the District Court, voluntarily submitting to the jurisdiction of the District Court.

8.  Further, the imposition of the ADR Procedures over the Colorado Litigation is highly inequitable and contrary to the purpose purported in the Motion. LBHI has already initiated the Colorado Litigation to enforce alleged reimbursement and indemnification rights against FirstCal, and the parties thereto have already incurred the litigation expense purportedly to be saved by the ADR Procedures.

9.  Accordingly, the relief requested through the Motion and ADR Procedures does not and should not apply to FirstCal, and any order granting the Motion must specifically carve out FirstCal and the Colorado Litigation from the proposed ADR Procedures.

**B.    The Proposed ADR Procedures Should Be Modified**

10. While FirstCal should not be subject to the proposed ADR Procedures for the reasons set forth above, in their current form, the proposed ADR Procedures provide unfair strategic and economic advantages to LBHI. Accordingly, to the extent the proposed ADR Procedures are approved at all, they should be modified to provide a level playing field for all parties as follows:

- LBHI should not have unilateral authority to select the mediators. Motion ¶ 30. Here, LBHI attempts to gain an unfair advantage by dictating: (1) the pool of available mediators (¶ 30); (2) the mediator who will preside over each mediation (¶ 30); and (3) an alternate mediator should the initially selected mediator be unwilling or unavailable to serve (¶ 31). General Order M-143 provides the procedures governing the Court's mediation program. It provides that the Clerk of this Court shall establish and maintain a register of qualified mediators. Gen. Order M-143 § 2.1. The current Mediation Register on the Court's website lists approximately 280 attorneys approved to serve as mediators. Ordinarily, parties choose a mediator from the Register or the Court will appoint one if the parties cannot agree. *Id.* at § 2.2. Instead of permitting the parties to select mediators from the approximate 280 on the

3

4837-1569-4619.3

    Register, LBHI wants to limit the pool of available mediators to 16 people it has selected. Motion, ¶ 30 and Schedule A. There is no rational basis for limiting the selection of potential mediators to the tiny fraction of available mediators unilaterally selected by LBHI and to allow LBHI to unilaterally choose a particular mediator from that small group. Accordingly, the proposed ADR Procedures should be modified to provide that parties shall choose a mediator from the Register and the Court will appoint one if the parties cannot agree.

- Because LBHI has unilaterally requested mandatory mediation, it should pay all of the fees and expenses of the mediators in all cases. *See Id.* at ¶ 37. Here, the Sellers have not requested mediation. Indeed, as contemplated by LBHI, mediation precedes the commencement of litigation so the Sellers are not even aware they are subject to suit and a potential mediation. It would be inequitable to expose Sellers to costs for a procedure to which they never consented. Accordingly, the proposed ADR Procedures should be modified to provide that LBHI will be responsible for all fees and expenses of the mediators.

- The Sellers should not be compelled to attend mediation in person in New York. *Id.* at ¶¶ 33 and 35. Many of the Sellers are not located in New York, and New York may not be a mutually convenient location to hold the proposed mediations. Indeed, this Court's General Order M-143 provides that upon consultation with all attorneys and parties to a mediation, "the mediator shall fix a *reasonable time and place* for the initial mediation conference." Gen. Order M-143 § 3.1 (emphasis added). It is unreasonable to allow LBHI to dictate that the mediations occur in New York where the Debtors' bankruptcy cases are pending and cause all out of town Sellers to incur the time and expense of travelling and attending. Accordingly, the proposed ADR Procedures should provide that a mediator will choose a reasonable time and place and/or that parties may attend the mediation telephonically.

- To the extent that the ADR Procedures provide for imposition of sanctions against the Sellers, they should be clarified so as to apply solely to the Sellers that affirmatively consent to this Court to participate in mediation in good faith and thereafter engage in conduct contrary to such representation. *See* Motion ¶ 36.

11. These and other modifications to the proposed ADR Procedures will more fairly govern the anticipated mediations while reducing potential disputes between the parties.

12. Accordingly, FirstCal requests that any order approving the Motion and proposed ADR Procedures specifically carve out any applicability to FirstCal and the Colorado Litigation. In addition, to the extent the Proposed ADR Procedures are approved, FirstCal requests that they be modified to cure certain inequities as set forth above.

4

4837-1569-4619.3

## RESERVATION OF RIGHTS

13. FirstCal specifically reserves all of its rights to amend this Limited Objection and/or further object to the Motion and the proposed ADR Procedures on any basis at the hearing on the Motion or otherwise.

Dated: June 12, 2014
      New York, New York

Respectfully submitted,

FOLEY & LARDNER LLP

By: */s/ Douglas E. Spelfogel*
    Douglas E. Spelfogel
    Derek L. Wright
    FOLEY & LARDNER LLP
    90 Park Avenue
    New York, New York 10016
    Telephone: (212) 682-7474
    Facsimile: (212) 687-2329
    E-mail: dspelfogel@foley.com
    dlwright@foley.com

*Counsel to First California Mortgage Corporation*