**Hearing Date and Time: June 19, 2014, at 10:00 a.m. (Eastern Time)**
**Related to ECF Number 44450**

GIBBONS, P.C.
One Pennsylvania Plaza
New York, NY 10119
Tel: (212) 613-2043
Fax: (212) 554-9643
Daniel F. Markham
Daniel S. Weinberger

WEINER BRODSKY KIDER PC
1300 19th Street, NW, Fifth Floor
Washington, D.C. 20036
Tel: (202) 628-2000
Fax: (202) 628-2011
David M. Souders (*pro hac vice forthcoming*)
Tessa K. Somers (*pro hac vice forthcoming*)

*Counsel for DHI Mortgage Company, Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, ) | Case No. 08-13555 (SCC) |
| Debtors. ) | |
| ) | |

**OBJECTIONS OF DHI MORTGAGE COMPANY, LTD., TO
DEBTORS' MOTION FOR AN ORDER FOR ALTERNATIVE
DISPUTE RESOLUTION PROCEDURES FOR DEBTORS'
<u>INDEMNIFICATION CLAIMS AGAINST MORTGAGE LOAN SELLERS</u>**

1

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................................i

TABLE OF AUTHORITIES ..........................................................................................................ii

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................1

OBJECTIONS ..................................................................................................................................2

    I.       Debtors' ADR Motion Fails Because it is Procedurally Defective
            Pursuant to General Order M-452 ....................................................................................2

    II.      Debtors' ADR Motion Fails Because it Constitutes an Improper
            Attempt to Circumvent the Federal Rules of Bankruptcy Procedure
            Which Would Otherwise Require Notice Sufficient to Satisfy
            Requirements of Due Process ...........................................................................................3

    III.     Debtors' ADR Motion Fails Because It Attempts to Establish Jurisdiction
            Without Input from DHI Mortgage and Without Adjudication of the Issue by the
            Court ..................................................................................................................................6

    IV.     Debtors' ADR Motion Fails Because It Does Not Promote Efficiency................. 11

CONCLUSION............................................................................................................................. 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ace Am. Ins. Co. v. DPH Holdings Corp.* (*In re DPH Holdings Corp.*),
   448 Fed. App'x 134 (2d Cir. 2011)..................................................................................8

*In re Ames Dep't Stores, Inc., et al.*,
   Case No. 01-42217 (REG) (Bankr. S.D.N.Y. June 25, 2007) ...........................................3

*CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC*,
   396 B.R. 602 (S.D.N.Y. 2008).........................................................................................10

*In re Enron Corp.*,
   Case No. 01-16034 (ALG) (Bankr. S.D.N.Y. March 4, 2003)..........................................3

*Exec. Benefits Ins. Agency v. Arkinson*,
   Case No. 12-1200, 2014 U.S. LEXIS 3993 (Sup. Ct. June 9, 2014) ................................7

*Krys v. Sugrue*,
   Case No. 08-7416 (GEL), 2008 U.S. Dist. LEXIS 86149 (S.D.N.Y. Oct. 23,
   2008) ................................................................................................................................10

*Lothian Cassidy, LLC v. Lothian Exploration & Dev. II, L.P.*,
   487 B.R. 158 (S.D.N.Y. 2013)..........................................................................................8

*In re Marion*,
   Case No. 05-67816 JPK, 2006 Bankr. LEXIS 4231 (Bankr. N.D. Ind. May 1,
   2006) ..................................................................................................................................4

*In re Market Basket, Inc.*,
   122 F. Supp. 321 (W.D. Mo. 1954) ..................................................................................4

*In re MGM Studios*,
   459 B.R. 550 (Bankr. S.D.N.Y. 2011)..............................................................................8

*Mullane* v. *Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950).........................................................................................................5

*N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*,
   458 U.S. 50 (1982)...........................................................................................................8

*New England Nat'l, LLC v. Town of East Lyme* (*In re New Eng. Nat'l, LLC*),
   Case No. 02-33699 (LMW), 2012 Bankr. LEXIS 4204 (Bankr. D. Conn. Sept.
   11, 2012) ............................................................................................................................9

*North Am. Car Corp. v. Peerless Weighing & Vending Mach. Corp.*,
    143 F.2d 938 (2d Cir. 1944) ................................................................................................... 8

*Park Ave. Radiologists, P.C. v. Melnick* (*In re Park Ave. Radiologists, P.C.*),
    450 B.R. 461 (Bankr. S.D.N.Y. 2011) ................................................................................... 9

*Savoy Senior Hous. Corp. v. TRBC Ministries, LLC*,
    401 B.R. 589 (S.D.N.Y. 2009) .............................................................................................. 9

*Stern v. Marshall*,
    131 S. Ct. 2594 (2011) ........................................................................................................... 7

*United Student Aid Funds, Inc. v. Espinosa*,
    559 U.S. 260 (2010) ............................................................................................................... 5

**Statutes and Rules**

28 U.S.C. § 157(c)(1) ..................................................................................................................... 8

28 U.S.C. § 157(e) .......................................................................................................................... 9

28 U.S.C. § 1334(b) ....................................................................................................................... 9

28 U.S.C. § 1391 .......................................................................................................................... 10

Fed. R. Bankr. P. 7001 .................................................................................................................. 4

Fed. R. Civ. P. 3 ............................................................................................................................ 4

Federal Rule 7003 ......................................................................................................................... 4

## INTRODUCTION

DHI Mortgage Company, Ltd. ("DHI Mortgage") respectfully submits its Objections to the Motion of Debtors Lehman Brothers Holdings Inc., *et al.* ("Debtors") to impose mandatory alternative dispute resolution procedures in yet-to-be-filed purported indemnification claims against 3,000 mortgage loan sellers, including DHI Mortgage ("ADR Motion") (ECF No. 44450). The Proposed Order is procedurally improper, is an improper attempt to avoid the requirements of due process, seeks to preemptively foreclose DHI Mortgage's legitimate objections to jurisdiction and venue in the Bankruptcy Court of the Southern District of New York,[1] and does not promote the efficient ordering of the parties' rights and obligations.

## BACKGROUND

On or about October 25, 2005, DHI Mortgage and Lehman Brothers Bank, FSB, entered into a Loan Purchase Agreement, under which DHI Mortgage would sell certain mortgage loans to Lehman Brothers Bank, FSB.[2] This Loan Purchase Agreement does *not* mandate venue in New York, and does *not* mandate the resolution of disputes by mediation, nor waive the right to a jury trial.

DHI Mortgage is a Texas company with its principal place of business in Austin, Texas. If and when DHI Mortgage is presented with a claim by Debtors, DHI Mortgage will make use of the opportunity to fully brief the issue of appropriate venue and jurisdiction.

---

[1] While it is no longer necessary to appear "specially" in federal courts, in light of the unique procedural background to Debtors' Motion, DHI Mortgage here affirms that it is appearing solely to contest Debtors' Motion, and that DHI Mortgage's Objections herein do not constitute a waiver of jurisdictional defenses it may raise if and when Debtors file a proper complaint against it.

[2] DHI Mortgage reserves its right to object and defend based on Debtors' lack of standing to pursue claims of any entity which is not a legal successor to Lehman Brothers Bank, FSB, for purposes of any alleged claims.

1

Debtors' ADR Motion is the first notice that DHI Mortgage has received related to the purported indemnification claims. In their ADR Motion, Debtors ask this Court to force 3,000 "Sellers," including DHI Mortgage, into mandatory ADR and mediation, in spite of the fact that no adversary proceeding or other matter or dispute has been filed against DHI Mortgage.[3] The purported basis for this unusual request is that this yet-to-be-alleged claim "ha[s] a 'close nexus' to" Debtors' bankruptcy proceedings in this Court. ADR Mot. ¶ 13. Debtors' Proposed Order claims to have "found and determined that [] [t]he Court has jurisdiction . . . [and that] [v]enue in this Court for the Motion is appropriate." Proposed Order ¶ A. In point of fact, neither contention is true, and Debtors' ADR Motion must be denied.

## OBJECTIONS

### I.  Debtors' ADR Motion Fails Because it is Procedurally Defective Pursuant to General Order M-452

Debtors brought their ADR Motion based upon General Order M-452, and yet failed to follow the very clear mandate of that Order. General Order M-452 is titled "Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/ Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings," and provides that a motion to assign a matter to mediation must be filed "*after* filing the initial document in the matter." (Emphasis added.) Debtors have not filed any "initial document" against DHI Mortgage. In fact, the ADR Motion is the first and only notice DHI Mortgage has received related to Debtors' purported indemnification claims.

Rather than file a proper complaint against DHI Mortgage, alleging their claims with particularity, Debtors have instead offered to file a complaint only as a "sanction" available at their "discretion" if DHI Mortgage fails to timely respond to Debtors' allegedly forthcoming

---

[3] Debtors filed for Chapter 11 bankruptcy protection in September 2008. ADR Mot. ¶ 2.

2

"Indemnification ADR Notice" or if the mediator reports a lack of "good faith" cooperation in the mandatory mediation procedure. Proposed Order ¶¶ 8(c) ("Failure to provide a timely Response . . . may result, at the option of [Debtors], in an application to the Court for Sanctions . . . including . . . at [Debtors'] discretion, institution of an action against the Seller") and 12(b) ("Sanctions shall include . . . the right for [Debtors] to elect to commence an action against a defaulting Seller."). Debtors' attempt to turn their pleading obligation into a discretionary sanction is inappropriate.

Likewise, Debtors' citations to "similar motions" granted in other cases prove to be anything but. *See* ADR Mot. ¶ 44. Debtors cite *In re Enron Corp.* and *In re Ames Dep't Stores, Inc.*, *et al.*, but Debtors' own parenthetical descriptions of those cases highlight the fundamental difference between them and Debtors' Proposed Order in this case: the orders cited applied specifically to *adversary proceedings* that had actually been filed by and against the debtors in those cases. *See In re Enron Corp.*, Case No. 01-16034 (ALG) (Bankr. S.D.N.Y. March 4, 2003) (ECF No. 9533) and (Bankr. S.D.N.Y. March 20, 2003) (ECF No. 9862); *see also In re Ames Dep't Stores, Inc.*, *et al.*, Case No. 01-42217 (REG) (Bankr. S.D.N.Y. June 25, 2007) (ECF No. 3195).

Debtors' ADR Motion must be denied, as it fails to follow the clear requirement of General Order M-452 that Debtors not seek assignment to mediation prior to filing an initial document against DHI Mortgage.

## II. Debtors' ADR Motion Fails Because it Constitutes an Improper Attempt to Circumvent the Federal Rules of Bankruptcy Procedure Which Would Otherwise Require Notice Sufficient to Satisfy Requirements of Due Process

The ADR Motion tramples on the due process rights of entities such as DHI Mortgage. Specifically, Debtors' ADR Motion imposes upon non-parties to this Action the obligation to participate in mandatory ADR with respect to possible breach of contract claims – as well as

3

other possible causes of action – or face the possibility of sanctions, all without the benefit of proper notice. Such a procedure is contrary to the provisions of the Bankruptcy Rules as well as fundamental principles of due process.

As is clear from their ADR Motion, Debtors seek to recover money from "3,000 Sellers" on purported indemnification claims. Conversely, Debtors claim that there are 3,000 Sellers, yet apparently only 11,000 loans at issue, or approximately 3.6 loans per Seller. As such, Debtors' claims must be brought as an adversary action. *See* Fed. R. Bankr. P. 7001 ("The following are adversary proceedings: (1) a proceeding to recover money . . . ."). Federal Rule 7003 of Bankruptcy Procedure provides that Rule 3 of the Federal Rules of Civil Procedure applies in adversary proceedings. Rule 3, in turn, provides that "[a] civil action is commenced by filing a complaint with the court." Until an action has been commenced, a federal district court does not have any jurisdiction to act. *In re Market Basket, Inc.,* 122 F. Supp. 321, 322 (W.D. Mo. 1954) (interpreting Rule 3, Fed. R. Civ. P.); *see also In re Marion*, Case No. 05-67816 JPK, 2006 Bankr. LEXIS 4231, at *13 (Bankr. N.D. Ind. May 1, 2006) ("Absent the filing of a valid initiating document, a federal court has no jurisdiction with respect to anything[.]").

Counsel for Debtors seeks to avoid the "inconvenience" and "delay" associated with the filing of an adversary proceeding against, *inter alia*, DHI Mortgage through the ADR Motion. However, the filing of a complaint serves the important function of placing the party against whom the relief is sought on notice of the claim(s) and the opportunity to defend itself, neither of which Counsel for Debtors believe are necessary. This Court should reject this roughshod treatment of the rights of the non-parties.

"Due process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present

4

their objections.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (citing *Mullane* v. *Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). The ADR Motion fails to provide sufficient notice to DHI Mortgage. Specifically, nowhere in the ADR Motion is there any elucidation of the claim Debtors intend to pursue, nor is there any identification of the specific loans which purport to serve as the basis for the undescribed claims. Yet, upon entry of the Proposed Order accompanying the ADR Motion, Debtors will be able to impose the obligation on DHI Mortgage to incur the cost and expense of participating in a procedure – including appearing personally at a mediation proceeding in New York, in front of a mediator selected by Debtors, without the opportunity to present even the most basic defenses such as jurisdiction and/or statute of limitations.[4] Indeed, such defenses are impossible to present because Debtors have not bothered to explain the basis for their claims against DHI Mortgage, nor have they provided the loans upon which such claims are based, despite having possession of that information. *See* ADR Mot. ¶ 12. While DHI Mortgage cannot speak for the purported other 3,000 Sellers, DHI Mortgage can state that Debtors have never shared the information they purportedly received from Fannie Mae and Freddie Mac regarding any loans originated by DHI Mortgage. Debtors apparently have no interest in providing such information to any of the Sellers; rather, they prefer to impose the cost and expense of complying with their proposed ADR procedure in an effort to extract settlements from Sellers which Debtors believe will result in "substantial recoveries in connection with the Indemnification Claims, which will ultimately be distributed to the holders of Allowed Claims under the Plan." *Id.* at ¶ 11. However, Debtors have no legal support for the imposition of their ADR procedures without the filing of an adversary action.

---

[4] Under their proposal, Debtors can also force DHI Mortgage to participate in a settlement conference if they so choose, again, without the consent of DHI Mortgage.

5

Further, the fact that Debtors will provide an Indemnification ADR Notice that will purportedly contain "sufficient information regarding [Debtors'] affirmative claim and [their] demand for settlement" is insufficient to satisfy due process or the Bankruptcy Rules. As an initial matter, there is no ability for DHI Mortgage to contest the "sufficiency" of the information provided by Debtors; rather, DHI Mortgage must respond to the settlement; engage in settlement discussions; participate in the mandatory mediation in New York; follow the "directions of the mediator" who was selected by Debtors; and "follow the Indemnification ADR Procedures approved by this Court" solely on the basis of what Debtors elect to provide. There is nothing in either the Federal Rules of Civil Procedure or the Bankruptcy Rules that permit a party to determine in its sole discretion what constitutes sufficient notice to impose such obligations on an entity that has never been named as a party to the action, and Debtors cite no such authority for their demand.

Debtors' ADR Motion rests on the premise that it would be too burdensome for Debtors to provide Sellers such as DHI Mortgage notice and the opportunity to defend themselves. However, it should not escape this Court's notice that the decision to purchase loans from "3,000 Sellers" was the decision of Lehman Brothers Bank, FSB, the only entity with whom DHI Mortgage had a purchase agreement. In other words, when it was in their interests, Debtors sought to diversify the entities from whom they purchased loans. Now that it becomes inconvenient, Debtors seek to thrust the ramifications of such a decision on the Sellers by trampling on the Sellers' rights to due process.

### III. Debtors' ADR Motion Fails Because It Attempts to Establish Jurisdiction Without Input from DHI Mortgage and Without Adjudication of the Issue by the Court

Any purported indemnification claims Debtors hold against DHI Mortgage are non-core to Debtors' bankruptcy proceedings, but even if the claims could be construed as "core," recent

6

Supreme Court precedent makes clear that DHI Mortgage is entitled to have them adjudicated in an Article III court. The Bankruptcy Court's referral of yet-to-be-filed claims to mandatory ADR, then, would be contrary to the Constitution and rulings of the Supreme Court.

In *Stern v. Marshall*, 131 S. Ct. 2594 (2011), the Court held that as a matter of constitutional law, a bankruptcy court could not enter final judgment on the common law claim that had been referred to it, even if the claim was determined to be "core" to the bankruptcy proceedings:

> Article III could neither serve its purpose in the system of checks and balances nor preserve the integrity of judicial decisionmaking if the other branches of the Federal Government could confer the Government's 'judicial Power' on entities outside Article III. . . . When a suit is made of the stuff of the traditional actions at common law . . . and is brought within the bounds of federal jurisdiction, the responsibility for deciding that suit rests with Article III judges in Article III courts.

*Stern v. Marshall*, 131 S. Ct. at 2609 (quotation marks and citations omitted). A bankruptcy court in such cases may only issue proposed findings of fact and conclusions of law, which then receive *de novo* review in the district court. *Exec. Benefits Ins. Agency v. Arkinson*, Case No. 12-1200, 2014 U.S. LEXIS 3993 (Sup. Ct. June 9, 2014).

For "non-core" proceedings, the same result has long been mandated by the statute that provides for referral of certain claims to bankruptcy courts:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1); *see also N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982) (plurality opinion) (holding bankruptcy courts lacked jurisdiction over state law claims

7

"related to" matters arising under bankruptcy law).  "Non-core" proceedings are those that are not "arising in" or "arising under" bankruptcy proceedings, but rather, are merely "related to" bankruptcy proceedings. *See Lothian Cassidy, LLC v. Lothian Exploration & Dev. II, L.P.*, 487 B.R. 158, 161-62 (S.D.N.Y. 2013). Debtors' conclusory assertion that "the Motion and the relief have a 'close nexus' to the bankruptcy case" is suspect. *See* ADR Mot. ¶ 13. Even the unpublished case cited by Debtors emphasizes that "[i]t is not enough that a claim somehow affects the property of the estate." *Ace Am. Ins. Co. v. DPH Holdings Corp.* (*In re DPH Holdings Corp.*), 448 Fed. App'x 134, 136 (2d Cir. 2011).

In the other opinion cited by Debtors, the Bankruptcy Court concluded that it *lacked* subject matter jurisdiction. *In re MGM Studios*, 459 B.R. 550 (Bankr. S.D.N.Y. 2011). That court went on to note that "a core proceeding is one that invokes a substantive right under title 11, or could only arise in the context of a bankruptcy case." *Id.* at 555. Debtors make no allegation supporting a conclusion that their purported claims against DHI Mortgage are "core" proceedings.

Additionally, the court in *In re MGM Studios* explained that "bankruptcy case law has long recognized that once confirmation occurs, the bankruptcy court's jurisdiction shrinks," and the court goes on to cite a Second Circuit opinion:

> We have had occasion before to deplore the tendency of District Courts to keep reorganized concerns in tutelage indefinitely by orders purporting to retain jurisdiction . . . . It is not consonant with the purposes of the Act, or feasible as a judicial function, for the courts to assume to supervise a business somewhat indefinitely.

*Id.* (citing *North Am. Car Corp. v. Peerless Weighing & Vending Mach. Corp.*, 143 F.2d 938, 940 (2d Cir. 1944)). Debtors' recitation of excerpts of the Confirmation Order, the Chapter 11 Plan, and the Settlement Orders cannot create jurisdiction where none exists. *See* ADR Mot. ¶¶

8

16-17. Bankruptcy courts do not have the constitutional authority to declare "exclusive" jurisdiction over *any* type of case, even a bankruptcy case, because district courts have original jurisdiction over each of the types of cases set forth at 28 U.S.C. § 1334(b). A bankruptcy court exists within the district court and cannot expand its own jurisdiction. *Savoy Senior Hous. Corp. v. TRBC Ministries, LLC*, 401 B.R. 589, 597 (S.D.N.Y. 2009).[5]

      Debtors make the conclusory allegation that "[t]he prosecution of [the] claims undoubtedly will have an impact on the amounts available for distribution to creditors . . . thus satisfying the close nexus requirement." ADR Mot. ¶ 14. To the contrary, "[d]etermining whether the 'close nexus' test has been satisfied is a fact sensitive endeavor," and yet, Debtors have offered the Court no facts to support such a finding. *New England Nat'l, LLC v. Town of East Lyme* (*In re New Eng. Nat'l, LLC*), Case No. 02-33699 (LMW), 2012 Bankr. LEXIS 4204, at *15 (Bankr. D. Conn. Sept. 11, 2012) (ordering the parties to prepare proposed findings of material fact to aid in the court's analysis of the 'close nexus' test). The Court's determination of the "core"/ "non-core" issue *and* the "close nexus" issue are both required for the Court to establish post-confirmation jurisdiction. *Park Ave. Radiologists, P.C. v. Melnick* (*In re Park Ave. Radiologists, P.C.*), 450 B.R. 461, 468 (Bankr. S.D.N.Y. 2011) ("[I]t is still necessary for a bankruptcy court adjudicating a post-confirmation dispute to determine whether the matter before it is core or non-core, [and] courts in such circumstances have required an additional showing that the dispute has a close nexus to the bankruptcy case . . . satisfying the 'close nexus' test is necessary but not sufficient to establish post-confirmation jurisdiction."). The case cited by Debtors, which finds a "close nexus," is easily distinguishable. In *CCM Pathfinder Pompano*

---

[5] In addition to a bankruptcy court's inability to issue final orders on both "non-core" proceedings and "core" proceedings based in state common law, a bankruptcy court also may only conduct a jury trial with the consent of both parties. 28 U.S.C. § 157(e). DHI Mortgage will not consent to a jury trial conducted in bankruptcy court.

9

*Bay, LLC v. Compass Fin. Partners LLC*, the obligations being litigated arose from the Chapter 11 Plan and the Sale and Confirmation Orders from the bankruptcy proceeding. 396 B.R. 602, 605 (S.D.N.Y. 2008). Likewise, in *Krys v. Sugrue*, also cited by Debtors, the claims being prosecuted "arose" under the Chapter 11 Plan. Case No. 08-7416 (GEL), 2008 U.S. Dist. LEXIS 86149, at *21-22 (S.D.N.Y. Oct. 23, 2008). In stark contrast, Debtors here purport to pursue claims based on a pre-petition contractual agreement between Debtors and DHI Mortgage. Debtors have not established that their purported claims are "core" to the bankruptcy proceeding, and have not alleged facts showing a "close nexus" with the bankruptcy proceeding. Debtors' ADR Motion must thus fail for lack of jurisdiction in the Bankruptcy Court.

Debtors also have not shown that the U.S. District Court for the Southern District of New York is a proper venue pursuant to 28 U.S.C. § 1391. Nor have Debtors shown the Southern District of New York to have personal jurisdiction over DHI Mortgage. Debtors make no allegation that the events purportedly giving rise to their potential claims occurred in New York.

It is notable that Debtors cite a previous order in their bankruptcy proceedings as "substantially similar" to the "relief" requested here. ADR Mot. ¶ 44. But in their motion requesting the previous order, Debtors specifically alleged that the matters at issue were "core proceedings," and explicitly preserved for the defendants all defenses that might be raised, including defense based on lack of personal jurisdiction. *See* ECF No. 4453 ¶ 7 and ECF No. 14789 ¶ 5(e), ECF No. 5702 ¶ 5(d) ("All rights, remedies, claims and defenses . . . shall not be impaired, waived or compromised . . . . Participation in the [ADR Procedures] . . . shall not waive the defense of lack of in personam jurisdiction[.]"). By contrast, Debtors have drafted the current Proposed Order to go so far as to state that the Court has "found and determined" that jurisdiction and venue are proper. Proposed Order ¶ A. The Proposed Order makes no attempt

10

to protect any of DHI Mortgage's possible defenses; rather, it curtails DHI Mortgage's right to object to jurisdiction, venue, and the determination of whether the purported claims have a "close nexus" with the bankruptcy case.

Debtors' action, even if and when it is filed, cannot be adjudicated in the Southern District of New York Bankruptcy Court, nor referred to ADR by the Bankruptcy Court, because Debtors' purported claims are common law claims based in contract, and DHI Mortgage has a constitutionally-protected right to have these claims determined in an Article III court. Debtors' request for an order declaring jurisdiction and venue in the Southern District of New York Bankruptcy Court—all before a complaint is even filed—must not be granted.

### IV. Debtors' ADR Motion Fails Because It Does Not Promote Efficiency

Debtors have failed to demonstrate how ADR will promote efficiency in the resolution of their purported claims against non-parties. To the contrary, the ADR procedures proposed by Debtors will be burdensome and costly to the non-parties, and should a non-party seek to exercise its right to adjudication in an Article III court, the ADR will be costlier still—and will only be an unnecessary duplication of effort.

Under Debtors' proposed procedure, non-parties that decline to participate in ADR—or simply respond in an untimely manner—are subject to the sanction of Debtors' attorneys' fees, as well as the full fees and costs of the mediator. Proposed Order ¶¶ 8(c) and 12(b). Debtors compare their current request to an earlier ADR request in their bankruptcy proceedings, but in the earlier ADR order, Debtors were solely responsible to pay the mediator's fees and costs. *See* Order ¶ 15 (ECF No. 5207). The same was also true in another, more recent order that superseded Docket Number 5207 in Debtors' bankruptcy proceedings. *See In re Lehman Bros. Holdings Inc., et al.*, Case No. 08-13555, ¶ 15 (Bankr. S.D.N.Y. March 3, 2011) (ECF No.

11

14789). By contrast, Debtors now expect DHI Mortgage (and all other "Sellers" that end up in mediation) to split the cost of this forced mediation, and to pay all the costs if they decline to participate. Proposed Order ¶¶ 16, 8(c), and 12(b).

Debtors' Proposed Order mandates that the mediation proceedings be done in person in New York, New York. Proposed Order ¶ 10(d) and (f). New York is inconvenient for DHI Mortgage and the likely witnesses in the case. DHI Mortgage is not incorporated in New York, and New York is not its principal place of business. Debtors have not alleged that DHI Mortgage ever made loans in New York, and have not alleged the locations of likely witnesses. Yet Debtors acknowledges none of these facts in ADR Motion.

Debtors also propose to have the sole discretion to select the mediator. Proposed Order ¶ 10(c). That mediator "shall have the broadest possible discretion . . . including the discretion to certify specific legal issues to the court for decision." Proposed Order ¶ 10(b). Thus in addition to the patent unfairness of Debtors controlling the choice of mediator, the forced mediation will not necessarily unburden the Court, which may be asked to adjudicate legal issues in any event. This is in addition to the likely event that non-parties will exercise their rights to trial in an Article III court.

Debtors also state that "[m]any common issues exist with respect to [Debtors'] Indemnification Claims," ADR Mot. ¶ 19. As an initial matter, it is unclear how "commonality" favors implementation of ADR over adjudication in a court, but even were that the case, Debtors' statement need not be believed when Debtors have not bothered to actually plead their purported claims. It is inappropriate for Debtors to ask the Court to sign off on a Proposed Order that includes this language, when Debtors have not even pled their claims such that the Court could make a determination on the point. *See* Proposed Order ¶ D ("Certain common issues

exist regarding the Indemnification Claims, including questions involving reimbursement and indemnification rights."). Through paragraphs A through F of the Proposed Order, which are preceded by the phrase "HEREBY FOUND AND DETERMINED that," Debtors are attempting to create "law of the case" that favors their position and impairs the positions of non-parties—before there is even a case to speak of. This attempt to circumvent due process of law must not be tolerated. Debtors' ADR Motion must be denied.

## CONCLUSION

Referral of the yet unpled claims of Debtors against DHI Mortgage and other non-parties to mandatory ADR is procedurally improper, constitutionally untenable, and an unnecessary expense to non-parties. Debtors' ADR Motion must be denied.

Dated: June 12, 2014                                Respectfully submitted,

*/s/ Daniel S. Weinberger*
GIBBONS, P.C.
Daniel F. Markham
Daniel S. Weinberger
One Pennsylvania Plaza
New York, NY 10119
Tel: (212) 613-2043
Fax: (212) 554-9643
dmarkham@gibbonslaw.com
dweinberger@gibbonslaw.com

David M. Souders (*pro hac vice forthcoming*)
Tessa K. Somers (*pro hac vice forthcoming*)
Weiner Brodsky Kider PC
1300 19th Street, NW, Fifth Floor
Washington, D.C. 20036
Tel: (202) 628-2000
Fax: (202) 628-2011
souders@thewbkfirm.com
somers@thewbkfirm.com

***Counsel for DHI Mortgage Company, Ltd.***