Douglas E. Spelfogel
Derek L. Wright
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, NY 10016-1314
Telephone: 212-682-7474
Facsimile: 212-687-2329

*Attorneys for Sun American Mortgage Company,*
*Sterling National Mortgage Corp., Inc., WR Starkey Mortgage, LLP,*
*Gateway Funding Diversified Mortgage Services, L.P.,*
*Arlington Capital Mortgage Corporation,*
*Loan Simple, Inc. f/k/a Ascent Home Loans, Inc.,*
*New FED Mortgage Corporation, Broadview Mortgage Corporation,*
*First Options Mortgage and Amerifirst Financial Corp.*

Hearing Date: June 19, 2014
Hearing Time: 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------ x

In re:

LEHMAN BROTHERS HOLDINGS INC.,
*et al.,*

        Debtor.

------------------------------------------------------ x

Chapter 11

Case No. 08-13555 (SCC)

**LIMITED OBJECTION AND RESERVATION OF RIGHTS TO MOTION FOR ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR INDEMNIFICATION CLAIMS OF THE DEBTORS AGAINST MORTGAGE LOAN SELLERS**

        Sun American Mortgage Company, Sterling National Mortgage Company, Inc., WR Starkey Mortgage, LLP, Gateway Funding Diversified Mortgage Services, L.P., Arlington Capital Mortgage Corporation, Loan Simple, Inc. f/k/a Ascent Home Loans, Inc., New FED Mortgage Corporation, Broadview Mortgage Corporation, First Options Mortgage and Amerifirst Financial Corp. (together, the "Objectors"),[1] by and through their undersigned

---

[1] The Objectors have agreed to representation by the same undersigned counsel but have not met or conferred as a group and intend to proceed individually and hereby reserve all of their rights to assert individual objections to the Motion.

4825-6364-0347.2

attorneys, submit this limited objection and reservation or rights (the "Limited Objection") to the Motion for Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers (the "Motion") [Dkt. No. 44450], filed by Lehman Brothers Holdings Inc. ("LBHI") on May 29, 2014, and state as follows:

## INTRODUCTION AND BACKGROUND

1. Through the Motion, LBHI seeks an order establishing alternative dispute resolution procedures (the "ADR Procedures") for indemnification claims of the above-captioned Debtors (the "Debtors") against certain alleged mortgage loan sellers (the "Sellers"). Specifically, LBHI requests, among other things, that the ADR Procedures be established and binding on *all* Sellers.

2. However, the Motion fails to specifically identify the alleged Sellers who will be bound by the proposed ADR Procedures.

3. The Objectors are a group of similarly situated banks and other mortgage lending institutions who have sold certain mortgage loans to LBHI or its predecessors or to other entities who may have subsequently assigned their rights under the related mortgage loan agreements to LBHI or its predecessors. As sellers of mortgage loans, the Objectors may be included in the group of Sellers, as defined in the Motion, but this is unclear from the face of the Motion.

4. In any case, however, the Objectors are *not* properly subject to the Motion and the relief requested therein. Some of the Objectors are parties to previous litigation commenced by LBHI and pending before other courts (the "Prior Litigation") in which LBHI raised indemnification and reimbursement claims against those Objectors related to the sale of mortgage loans (the

2

"Indemnification Claims"). In addition, some of the Objectors are parties to settlement agreements with LBHI that resolved such Indemnification Claims (the "Settlement Agreements").[2]

5. As set forth below, this Court lacks jurisdiction to impose the proposed ADR Procedures on those Objectors who are parties to either the Prior Litigation or the Settlement Agreements.

6. Further, and in any case, the proposed ADR Procedures are unfair and to the extent approved, should be modified, as set forth below.

7. Accordingly, the Objectors submit this Limited Objection and specifically reserve all of their rights to further object on any basis.

## LIMITED OBJECTION

### A.    The Objectors Are Not Properly Subject to the Relief Sought

8. In support of the Motion and the proposed ADR Procedures, LBHI states that "the most efficient means to enforce its right to reimbursement and indemnification would be through an ADR procedure, rather than through the *immediate commencement of litigation*." Motion, ¶ 19 (emphasis added). LBHI further states that "[r]equiring LBHI to *initially resort to litigation* would be expensive and time consuming, causing undue delay in the litigation of the Debtors' assets and increased costs to LBHI." *Id.* (emphasis added).

9. Through the Motion, LBHI appears improperly to apply the proposed ADR Procedures to those Objectors who are parties to either the Prior Litigation or the Settlement Agreements. This Court lacks jurisdiction to impose the proposed ADR Procedures on parties to the Prior Litigation or the Settlement Agreements. LBHI initiated the Prior Litigation that is pending before different courts or has been resolved. The imposition of the ADR procedures over the Prior

---

[2] Objectors, WR Starkey Mortgage, LLP and Amerifirst Financial Corp, are the only Objectors that are neither parties to the Prior Litigation nor the Settlement Agreements. Nonetheless, each joins this Limited Objection and reserves all rights to further object on any basis.

Litigation constitutes impermissible forum-shopping by placing the same parties and issues before a newly-appointed mediator where LBHI voluntarily prosecuted the Prior Litigation in a different court.

10. Further, the imposition of the ADR Procedures over the Prior Litigation or settled claims is highly inequitable and contrary to the purpose purported in the Motion. LBHI has already initiated the Prior Litigation and executed the Settlement Agreements to enforce alleged reimbursement and indemnification rights against certain Objectors, and the parties thereto have already incurred the litigation expense purportedly to be saved by the ADR Procedures.

11. Accordingly, the relief requested through the Motion and ADR Procedures does not and should not apply to the Objectors, and any order granting the Motion must specifically carve out the Objectors from the proposed ADR Procedures.

**B.    The Proposed ADR Procedures Should Be Modified**

12. While the Objectors should not be subject to the proposed ADR Procedures for the reasons set forth above, in their current form, the proposed ADR Procedures provide unfair strategic and economic advantages to LBHI. Accordingly, to the extent the proposed Procedures are approved at all, they should be modified to provide a level playing field for all parties as follows:

- LBHI should not have unilateral authority to select the mediators. Motion ¶ 30. Here, LBHI attempts to gain an unfair advantage by dictating: (1) the pool of available mediators (¶ 30); (2) the mediator who will preside over each mediation (¶ 30); and (3) an alternate mediator should the initially selected mediator be unwilling or unavailable to serve (¶ 31). General Order M-143 provides the procedures governing the Court's mediation program. It provides that the Clerk of this Court shall establish and maintain a register of qualified mediators. Gen. Order M-143 § 2.1. The current Mediation Register on the Court's website lists approximately 280 attorneys approved to serve as mediators. Ordinarily, parties choose a mediator from the Register or the Court will appoint one if the parties cannot agree. *Id.* at § 2.2) Instead of permitting the parties to select mediators from the approximate 280 on the Register, LBHI wants to limit the pool of available mediators to 16 people it has selected. Motion, ¶ 30 and Schedule A. There is no rational basis for limiting the selection of potential mediators to the tiny fraction of available mediators unilaterally selected by LBHI and to allow LBHI to unilaterally choose a particular mediator from that small group. Accordingly, the proposed ADR Procedures should be

4

  modified to provide that parties shall choose a mediator from the Register and the Court will appoint one if the parties cannot agree.

- Because LBHI has unilaterally requested mandatory mediation, it should pay all of the fees and expenses of the mediators in all cases. *See Id.* at ¶ 37. Here, the Sellers have not requested mediation. Indeed, as contemplated by LBHI, mediation precedes the commencement of litigation so the Sellers are not even aware they are subject to suit and a potential mediation. It would be inequitable to expose Sellers to costs for a procedure to which they never consented. Accordingly, the proposed ADR Procedures should be modified to provide that LBHI will be responsible for all fees and expenses of the mediators.

- The Sellers should not be compelled to attend mediation in person in New York. *Id.* at ¶¶ 33 and 35. Many of the Sellers are not located in New York and New York may not be a mutually convenient location to hold the proposed mediations. Indeed, this Court's General Order M-143 provides that upon consultation with all attorneys and parties to a mediation, "the mediator shall fix a *reasonable time and place* for the initial mediation conference." (Gen. Order M-143 § 3.1) (emphasis added) It is unreasonable to allow LBHI to dictate that the mediations occur in New York where the Debtors' bankruptcy cases are pending and cause all out of town Sellers to incur the time and expense of attending. Accordingly, the proposed ADR Procedures should provide that a mediator will choose a reasonable time and place and/or that parties may attend the mediation telephonically.

- To the extent that the ADR Procedures provide for imposition of sanctions against the Sellers, they should be clarified so as to apply solely to the Sellers that affirmatively consent to this Court to participate in mediation in good faith and thereafter engage in conduct contrary to such representation. *See* Motion ¶ 27

13. These and other modifications to the proposed ADR Procedures will more fairly govern the anticipated mediations while reducing potential disputes between the parties.

14. Accordingly, the Objectors respectfully request that any order approving the Motion and proposed ADR Procedures specifically carve out any applicability to the Objectors and the Prior Litigation. In addition, to the extent the Proposed ADR Procedures are approved, the Objectors request that they be modified to cure certain inequities as set forth above.

4825-6364-0347.2

**RESERVATION OF RIGHTS**

15. Each of the Objectors specifically reserves all of its rights to amend this Limited Objection and/or further object to the Motion and the proposed ADR Procedures on any basis at the hearing on the Motion or otherwise.

Dated: June 12, 2014  
       New York, New York

Respectfully submitted,

FOLEY & LARDNER LLP

By: */s/ Douglas E. Spelfogel*  
    Douglas E. Spelfogel  
    Derek L. Wright  
    FOLEY & LARDNER LLP  
    90 Park Avenue  
    New York, New York 10016  
    Telephone: (212) 682-7474  
    Facsimile: (212) 687-2329  
    E-mail: dspelfogel@foley.com  
    dlwright@foley.com

*Counsel to the Objectors*