B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                             Case No. 08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of an undivided interest in the claim referenced in this evidence and notice.

| Onex Debt Opportunity Fund, Ltd. | Citigroup Global Markets Inc. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Onex Debt Opportunity Fund, Ltd.
910 Sylvan Avenue Suite 100
Englewood Cliffs, NJ 07632

Court Claim # (if known): 56932
Amount of Claim Transferred: $5,331,032.11
ISIN/CUSIP: XS0125538974

Date Claim Filed: October 29, 2009

Name and address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____   Date: June 16, 2014
    Transferee/Transferee's Agent
           Steven Gutman
           General Counsel

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 & 3571.

EXECUTION COPY

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Citigroup Global Markets Inc.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Onex Debt Opportunity Fund, Ltd.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the Proof of Claim Number **56932** filed by the Original Creditor (defined below) (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.   Seller purchased the Transferred Claims from OCM Opportunities Fund VIIB, L.P. ("Prior Seller") pursuant to that certain Agreement and Evidence of Transfer of Claim Lehman Program Security dated August 5, 2013 (the "Predecessor Transfer Agreement"). The Prior Seller purchased the Transferred Claims from Morgan Stanley & Co. International plc ("Morgan") pursuant to that certain Agreement and Evidence of Transfer of Claim Lehman Program Security dated August 5, 2013 (the "Morgan Predecessor Transfer Agreement"). Morgan purchased the Transferred Claims from Mediolanum Vita S.p.A. (the "Original Creditor") pursuant to that Agreement and Evidence of Transfer of Claim Lehman Program Security dated October 27, 2010 (the "Mediolanum Predecessor Transfer Agreement", together with the Predecessor Transfer Agreement and the Morgan Predecessor Transfer Agreement, the "Transfer Agreements").

3.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) to the extent received from Seller's predecessor-in-interest, Seller has delivered to Purchaser a true and correct copy of the Notice of Proposed Allowed Claim Amount (as defined in the Court's Order, dated August 10, 2011, Approving Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.), which relates to the Proof of Claim, and as of the date hereof, Seller has not received any revised Notice of Proposed Allowed Claim Amount nor

has Seller or, to Seller's knowledge, any prior seller taken any action with respect to such Notice of Proposed Allowed Claim Amount; (h) as of the date of this Agreement, neither Seller nor any prior seller has received notice of any full or partial redemption, and has not received any payment in relation to any full or partial redemption in respect of the Purchased Securities; (i) based on representations made by Seller's predecessor-in-interest, Seller's predecessor-in-interest received (A) the initial distribution paid by the Debtor on or about April 17, 2012 in the amount of $192,409.15 (the "Initial Distribution"), (B) the second distribution paid by the Debtor on or about October 1, 2012 in the amount of $129,841.49 (the "Second Distribution") and (C) the third distribution paid by the Debtor on or about April 4, 2013 in the amount of $163,999.34 (the "Third Distribution"); (j) Seller received the fourth distribution paid by the Debtor on or about October 3, 2013 in the amount of $194,439.64 (the "Fourth Distribution"); (k) Seller received the fifth distribution paid by the Debtor on or about April 3, 2014 in the amount of $211,206.74 (the "Fifth Distribution") (l) based on representations made by Seller's predecessor-in-interest, Seller's predecessor-in-interest received distributions from Lehman Brothers Treasury Co. B.V. ("LBT") in respect of the Transferred Claims on or about May 8, 2013 in the amount of $678,593.62; (m) Seller received distributions from LBT in respect of the Transferred Claims on or about October 24, 2013 (the "LBT Distributions" and, together with the Initial Distribution, the Second Distribution, the Third Distribution, the Fourth Distribution and the Fifth Distribution, the "Distributions"); and (n) other than the Distributions, neither Seller nor any prior seller has received any payment or received distributions, whether directly or indirectly, on account of the Transferred Claim. For the avoidance of doubt, the Fifth Distribution is for the account and sole benefit of the Purchaser.

4. Attached hereto as Exhibit A is, to the extent provided Seller by Seller's predecessor-in-interest, a true, correct and complete copy of the Transfer Agreements and a true, correct and complete copy of the Predecessor Transfer Agreement, and the Predecessor Transfer Agreement has not been revoked, withdrawn, amended or modified in whole or part after execution thereof; all conditions to the effectiveness of the Predecessor Transfer have been duly satisfied or waived, the Effective Date under the Predecessor Transfer Agreement has occurred and Seller has not breached or failed to comply with any of its representations, warranties, covenants or agreements under the Predecessor Transfer Agreement.

5. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

6. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

7. Seller shall accept and hold any payments, distributions or proceeds received by Seller in respect of the Transferred Claims (including in connection with any interim distribution or otherwise) for the account and sole benefit of Purchaser and shall promptly (but in any event no later than three (3) business days) remit any such payments, distributions or proceeds to Purchaser in the same form received, together with (a) any statements received from Debtor, LBT and/or Epiq describing such payment or distribution and (b) any endorsements or documents necessary to transfer such property to Purchaser. If Seller fails to transfer any such payments, distributions or proceeds to Purchaser within the time period specified above, Seller shall pay such amount due together with interest on it for each day from (and including) the date when due to (but excluding) the date when actually paid at a rate per annum equal to Average LIBOR. Seller has transferred, or shall transfer as soon as

practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

8. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

9. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*[Signature Page Follows]*

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 9th day of June 2014.

Onex Debt Opportunity Fund, Ltd.
By: Onex Credit Partners, LLC,
its investment manager

By: _____
Name:   Steven Gutman
Title:   General Counsel

910 Sylvan Avenue Suite 100
Englewood Cliffs, NJ 07632

Citigroup Global Markets Inc.

By: _____
Name:
Title:   Scott R. Evan
         Authorized Signatory

390 Greenwich Street, 4th Floor
New York, New York 10013

[*Signature Page to AOC*]

Schedule 1

## Transferred Claims

Purchased Claim
The notional amount of the claim that is referenced in the Proof of Claim and relating to the Purchased Security described below.

Lehman Programs Securities to which Transfer Relates

| ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount of Purchased Security | LBHI Allowed Claim Amount | Proof of Claim |
|---|---|---|---|---|---|
| XS0125538974 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | USD 19,527,590.16 | USD 5,331,032.11 | 56932 |

Exhibit A