### EXHIBIT A – SUMMARY OF OBJECTIONS AND RESPONSES

| No. | Dkt. No. | Entities | Objections | Response |
|---|---|---|---|---|
| 1. | 44672 | SecurityNational Mortgage Company | 1. Bankruptcy Court lacks jurisdiction to order mediation under *Stern v. Marshall* and related authority. | 1. Court has authority under section 105(a) of the Bankruptcy Code and the Standing Order to order mediation, and has previously ordered mediation in related bankruptcy cases and in this case. *Stern v. Marshall* and related authority only applies to entry of a final judgment; whereas the proposed mediation is non-binding. |
| | | | 2. Unfair that LBHI selects the mediator. | 2. The mediators will be appointed by the Court, not by LBHI, and it would be impractical to require LBHI and the Sellers to mutually select an independent mediator, and then request the Court to intervene if the parties cannot agree. All mediators are on the approved mediators list maintained by the Southern District of New York or the Bankruptcy Court for the Southern District of New York. |
| | | | 3. Mediation in New York does not account for the requisite "minimum contacts" analysis. | 3. The objector is misguided because there is no pending adversary proceeding or lawsuit that triggers due process concerns. In any event, the Bankruptcy Court has nationwide jurisdiction over the Motion which is a contested matter. |
| | | | 4. Mediator's discretion to certify legal issues to the Court is overly broad. | 4. LBHI will agree to delete the mediator's ability to certify legal issues to the Court for decision, unless and until an action is filed against the particular Seller. |
| 2. | 44673 | PHH Home Loans, LLC | 1. Lack of due process for failure to give fair notice of claims. | 1. Due process concerns only arise when there is a threat of a binding order or judgment, not where, as here, the parties are involved in non-binding mediation. Further, no lawsuit has been filed, which would otherwise implicate due process issues. |
| | | | 2. Lack of basis upon which to seek the relief requested in the ADR Motion. | 2. Section 105(a) and the Standing Order permit the Court to order mediation without a pending adversary proceeding. Also, bankruptcy courts are granted nationwide jurisdiction under Bankruptcy Rules 7004 and 9014. Further, mediation has been ordered previously over parties located nationwide in other |

## EXHIBIT A – SUMMARY OF OBJECTIONS AND RESPONSES

| No. | Dkt. No. | Entities | Objections | Response |
|---|---|---|---|---|
| | | | | large, complex bankruptcy cases, and in this bankruptcy case. *See* [Dkt. No. 5207] (claims ADR Order); [Dkt. No. 8474] (derivatives counterparties ADR Order). |
| | | | 3. LBHI will unfairly wield sanctions power without recourse. | 3. Objector misreads the Indemnification ADR Order, which provides that sanctions apply equally to both the Sellers and LBHI if a party fails to act in good faith. Also, LBHI does not intend to mediate in bad faith. |
| | | | 4. Multiple mediations before same mediator will prejudice individual Sellers. | 4. Overburdening the mediators will not achieve LBHI's goal of obtaining as many settlements as possible; to the extent that the number of mediations becomes too burdensome for the mediators, additional mediators may be appointed by the Court, as has occurred in prior mediations in the case. Further, mediations will not automatically be commenced against all parties notice with the Motion. |
| | | | 5. LBHI should bear the burden to pay 100% of the mediator's fee. | 5. Under the American Rule, absent statutory authority, attorneys' fees, costs and expenses are the responsibility of each party; and the Standing Order does not mandate that LBHI should pay for the mediator's fee or the parties' expenses. The alternative, litigation, would be much more costly for all parties. |
| | | | 6. Mediator's discretion to certify legal issues to the Court is overly broad. | 6. LBHI will agree to delete the mediator's ability to certify legal issues to the Court for decision, unless and until an action is filed against the particular Seller. |
| 3. | 44674 | Plaza Home Mortgage Inc. | 1. Objector was released from claims due to settlement agreement with LBHI. | 1. LBHI will not institute mediation with respect to claims for which there is any binding order or settlement agreement, but nothing prohibits pursuit of mediation while litigation takes place and thus a stay is not warranted. Further, nothing prohibits mediation of claims not subject to settlement. |

2

| | | | **EXHIBIT A – SUMMARY OF OBJECTIONS AND RESPONSES** | |
|---|---|---|---|---|
| **No.** | **Dkt. No.** | **Entities** | **Objections** | **Response** |
| | | | 2. Objector entitled to attorneys' fees and defense costs under settlement. | 2. It has not been determined whether settlement agreement bars mediation. Nevertheless, it is premature to seek defense costs from mediation because mediation has not yet been instituted against objector. Also, under the American Rule, attorneys' fees, costs and expenses are usually the burden of each party. |
| 4. | 44677 | Mountain West Financial, Inc. | 1. Objector was released from claims due to settlement agreement with LBHI. | 1. LBHI will not institute mediation with respect to claims for which there is any binding order or settlement agreement, but nothing prohibits pursuit of mediation while litigation takes place and thus a stay is not warranted. Further, nothing prohibits mediation of claims not subject to settlement. |
| | | | 2. LBHI engaged in "forum shopping." | 2. Debtors' bankruptcy cases are venued in New York because LBHI has always been headquartered in New York. |
| | | | 3. Unfair that LBHI selects the mediator. | 3. The mediators will be appointed by the Court, not by LBHI, and it would be impractical to require LBHI and the Sellers to mutually select an independent mediator, and then request the Court to intervene if the parties cannot agree. All mediators are on the approved mediators list maintained by the Southern District of New York or the Bankruptcy Court for the Southern District of New York. |
| | | | 4. LBHI should pay the objector's expenses. | 4. Under the American Rule, absent statutory authority, attorneys' fees, costs and expenses are usually the burden of each party; Standing Order does not mandate that LBHI should pay for the mediator's fee or the parties' expenses. |
| | | | 5. Venue of mediation in New York is unfair. | 5. Mediations in New York comply with principle of centralizing bankruptcy disputes to one forum. Also, the burden on LBHI to mediate with thousands of sellers nationwide outweighs the burden on the Sellers from limiting their limited disputes in New York. The alternative, litigation, would be far more costly and burdensome for all parties. Finally, the Sellers need not |

| | | | **EXHIBIT A – SUMMARY OF OBJECTIONS AND RESPONSES** | |
|---|---|---|---|---|
| No. | Dkt. No. | Entities | Objections | Response |
| | | | | appear in New York if the matter is settled during the "Notice/Response Stage." |
| | | | 6. LBHI will unfairly wield sanctions power without recourse. | 6. Objector misreads the Indemnification ADR Order, which provides that sanctions apply equally to both the Sellers and LBHI if a party fails to act in good faith. Also, LBHI does not intend to mediate in bad faith. |
| 5. | 44679 | First California Mortgage Corporation | 1. Pending litigation between the parties precludes mediation. | 1. LBHI will not institute mediation with respect to claims for which there is any binding order or settlement agreement, but nothing prohibits pursuit of mediation while litigation takes place. The Motion also does not seek to stay pending litigation. |
| | | | 2. LBHI engaged in "forum shopping." | 2. Mediation to take place in New York because Debtors' bankruptcy cases are venued in New York given that LBHI has always been headquartered in New York. |
| | | | 3. Unfair that LBHI selects the mediator. | 3. The mediators will be appointed by the Court, not by LBHI, and it would be impractical to require LBHI and the Sellers to mutually select an independent mediator, and then request the Court to intervene if the parties cannot agree. All mediators are on the approved mediators list maintained by the Southern District of New York or the Bankruptcy Court for the Southern District of New York. |
| | | | 4. LBHI should pay the objector's expenses. | 4. Under the American Rule, absent statutory authority, attorneys' fees, costs and expenses are usually the burden of each party; Standing Order does not mandate that LBHI should pay for the mediator's fee or the parties' expenses. |
| | | | 5. Venue of mediation in New York is unfair. | 5. Mediations in New York comply with principle of centralizing bankruptcy disputes to one forum. Also, the burden on LBHI to mediate with thousands of sellers nationwide outweighs the |

| | | | EXHIBIT A – SUMMARY OF OBJECTIONS AND RESPONSES | |
|---|---|---|---|---|
| No. | Dkt. No. | Entities | Objections | Response |
| | | | | burden on the Sellers from limiting their limited disputes in New York. The alternative, litigation, would be far more costly and burdensome for all parties. Finally, the Sellers need not appear in New York if the matter is settled during the "Notice/Response Stage." |
| | | | 6. LBHI will unfairly wield sanctions power without recourse. | 6. Objector misreads the Indemnification ADR Order, which provides that sanctions apply equally to both the Sellers and LBHI if a party fails to act in good faith. Also, LBHI does not intend to mediate in bad faith. |
| 6. | 44680 | Allied Mortgage Group, Inc., CTX Mortgage Company, LLC, Direct Mortgage, Corp., PrimeLending, a PlainsCapital Company, Shea Mortgage, Inc., Standard Pacific Mortgage, Inc., Universal American Mortgage Company | 1. The indemnification claims are time barred under the applicable statute of limitations. | 1. Issue of whether claims are time-barred is not before this Court, but even if it were, the objection is meritless because indemnification claims have a six-year statute of limitations in New York, and accrue upon their first payment, which occurred at the earliest in January 2014. |
| | | | 2. Sellers should not be compelled to engage in ADR without a pending adversary proceeding. | 2. Section 105(a) and the Standing Order permit the Court to order mediation without a pending adversary proceeding. Also, bankruptcy courts are granted nationwide jurisdiction under Bankruptcy Rules 7004 and 9014. Further, mediation has been ordered previously over parties located nationwide in other large, complex bankruptcy cases without an adversary proceeding, and in this bankruptcy case. *See* [Dkt. No. 5207] (claims ADR Order); [Dkt. No. 8474] (derivatives counterparties ADR Order). |
| | | | 3. Venue of mediation in New York is unfair. | 3. Mediations in New York comply with principle of centralizing bankruptcy disputes to one forum. Also, the burden on LBHI to mediate with thousands of sellers nationwide outweighs the burden on the Sellers from limiting their limited disputes in New York. The alternative, litigation, would be far more costly and burdensome for all parties. Finally, the Sellers need not appear in New York if the matter is settled during the |

| | | | EXHIBIT A – SUMMARY OF OBJECTIONS AND RESPONSES | |
|---|---|---|---|---|
| No. | Dkt. No. | Entities | Objections | Response |
| | | | | "Notice/Response Stage." |
| | | | 4. LBHI should pay the objector's expenses. | 4. Under the American Rule, absent statutory authority, attorneys' fees, costs and expenses are usually the burden of each party; Standing Order does not mandate that LBHI should pay for the mediator's fee or the parties' expenses. |
| | | | 5. Bankruptcy Court lacks jurisdiction to order mediation under *Stern v. Marshall* and related authority. | 5. Court has authority under section 105(a) of the Bankruptcy Code and the Standing Order to order mediation, and has previously ordered mediation in related bankruptcy cases and in this case. *Stern v. Marshall* and related authority only applies to entry of a final judgment; whereas the proposed mediation is non-binding. |
| 7. | 44681 | Republic Mortgage Home Loans, LLC | 1. Pending litigation between the parties precludes mediation. | 1. LBHI will not institute mediation with respect to claims for which there is any binding order or settlement agreement, but nothing prohibits pursuit of mediation while litigation takes place. The Motion also does not seek to stay pending litigation. |
| | | | 2. LBHI engaged in "forum shopping." | 2. Mediation to take place in New York because Debtors' bankruptcy cases are venued in New York given that LBHI has always been headquartered in New York. |
| | | | 3. Unfair that LBHI selects the mediator. | 3. The mediators will be appointed by the Court, not by LBHI, and it would be impractical to require LBHI and the Sellers to mutually select an independent mediator, and then request the Court to intervene if the parties cannot agree. All mediators are on the approved mediators list maintained by the Southern District of New York or the Bankruptcy Court for the Southern District of New York. |
| | | | 4. LBHI should pay the objector's expenses. | 4. Under the American Rule, absent statutory authority, attorneys' fees, costs and expenses are usually the burden of each party; Standing Order does not mandate that LBHI should pay for the |

| No. | Dkt. No. | Entities | Objections | Response |
|---|---|---|---|---|
| | | | | mediator's fee or the parties' expenses. |
| | | | 5. Venue of mediation in New York is unfair. | 5. Mediations in New York comply with principle of centralizing bankruptcy disputes to one forum. Also, the burden on LBHI to mediate with thousands of sellers nationwide outweighs the burden on the Sellers from limiting their limited disputes in New York. The alternative, litigation, would be far more costly and burdensome for all parties. Finally, the Sellers need not appear in New York if the matter is settled during the "Notice/Response Stage." |
| | | | 6. LBHI will unfairly wield sanctions power without recourse. | 6. Objector misreads the Indemnification ADR Order, which provides that sanctions apply equally to both the Sellers and LBHI if a party fails to act in good faith. Also, LBHI does not intend to mediate in bad faith. |
| 8. | 44682 | DHI Mortgage Company, Ltd. | 1. Sellers should not be compelled to engage in ADR without a pending adversary proceeding. | 1. Section 105(a) and the Standing Order permit the Court to order mediation without a pending adversary proceeding. Also, bankruptcy courts are granted nationwide jurisdiction under Bankruptcy Rules 7004 and 9014. Further, mediation has been ordered previously over parties located nationwide in other large, complex bankruptcy cases without an adversary proceeding, and in this bankruptcy case. *See* [Dkt. No. 5207] (claims ADR Order); [Dkt. No. 8474] (derivatives counterparties ADR Order). |
| | | | 2. Commencement of ADR violates due process for failure to notice claims. | 2. Due process concerns only arise when there is a threat of a binding order or judgment, not where, as here, the parties are involved in non-binding mediation. No lawsuit has been filed which would otherwise implicate due process issues. Sellers will also get individualized notice of claims asserted against them upon receipt of Indemnification ADR Notice. |

| | | | EXHIBIT A – SUMMARY OF OBJECTIONS AND RESPONSES | |
|---|---|---|---|---|
| No. | Dkt. No. | Entities | Objections | Response |
| | | | 3. Court lacks post-confirmation jurisdiction. | 3. Section 105(a) and the Standing Order specifically authorize the Bankruptcy court to order mediation.  Further, the Bankruptcy Court has core jurisdiction over the Motion nationwide and may exercise jurisdiction because Indemnification Claims have a "close nexus" to the bankruptcy case in that creditors will be paid funds recovered in mediation and Plan specifically retains jurisdiction to pursue indemnification claims. |
| | | | 4. Bankruptcy Court lacks jurisdiction to order mediation under *Stern v. Marshall* and related authority. | 4. Court has authority under section 105(a) of the Bankruptcy Code and the Standing Order to order mediation, and has previously ordered mediation in related bankruptcy cases and in this case.  *Stern v. Marshall* and related authority only applies to entry of a final judgment; whereas the proposed mediation is non-binding. |
| | | | 5. Unfair for Sellers to incur mediator costs. | 5. Under the American Rule, absent statutory authority, attorneys' fees, costs and expenses are usually the burden of each party; Standing Order does not mandate that LBHI should pay for the mediator's fee or the parties' expenses. |
| | | | 6. LBHI will unfairly wield sanctions power without recourse. | 6. Objector misreads the Indemnification ADR Order, which provides that sanctions apply equally to both the Sellers and LBHI if a party fails to act in good faith.  Also, LBHI does not intend to mediate in bad faith. |
| | | | 7. Mediation will cause waiver of Sellers' defenses. | 7. Nothing in the ADR Order purports to waive claims or defenses held by Sellers and LBHI is not opposed to inserting clarifying language on this point. |
| | | | 8. Mediation in New York is unfair. | 8. Mediations in New York comply with principle of centralizing bankruptcy disputes to one forum.  Also, the burden on LBHI to mediate with thousands of sellers nationwide outweighs the burden on the Sellers from limiting their limited disputes in New York.  The alternative, litigation, would be far more costly |

| | | | **EXHIBIT A – SUMMARY OF OBJECTIONS AND RESPONSES** | |
|---|---|---|---|---|
| **No.** | **Dkt. No.** | **Entities** | **Objections** | **Response** |
| | | | | and burdensome for all parties. Finally, the Sellers need not appear in New York if the matter is settled during the "Notice/Response Stage." |
| | | | 9. Unfair that LBHI selects the mediator. | 9. The mediators will be appointed by the Court, not by LBHI, and it would be impractical to require LBHI and the Sellers to mutually select an independent mediator, and then request the Court to intervene if the parties cannot agree. All mediators are on the approved mediators list maintained by the Southern District of New York or the Bankruptcy Court for the Southern District of New York. |
| | | | 10. Lack of "commonality" with respect to Indemnification Claims. | 10. LBHI need not prove commonality prior to the entry of the Indemnification ADR Order. Nevertheless, the Indemnification Claims to be asserted against the Sellers are legally identical in that they all arose from the Debtors' settlement of the GSEs' claims against the estates. |
| 9. | 44684 | Amerifirst Financial Corp., First Options Mortgage, Broadview Mortgage Corporation, New FED Mortgage Corporation, Loan Simple, Inc. f/k/a Ascent Home Loans, Inc., Arlington Capital Mortgage | 1. Pending litigation and settlement agreements between the parties precludes mediation. | 1. LBHI will not institute mediation with respect to claims for which there is any binding order or settlement agreement, but nothing prohibits pursuit of mediation while litigation takes place and thus a stay is not warranted. Further, nothing prohibits mediation of claims not subject to settlement. |
| | | | 2. Unfair that LBHI selects the mediator. | 2. The mediators will be appointed by the Court, not by LBHI, and it would be impractical to require LBHI and the Sellers to mutually select an independent mediator, and then request the Court to intervene if the parties cannot agree. All mediators are on the approved mediators list maintained by the Southern District of New York or the Bankruptcy Court for the Southern District of New York. |
| | | | 3. LBHI should pay for all fees and expenses of the mediators. | 3. Under the American Rule, absent statutory authority, attorneys' fees, costs and expenses are the responsibility of each party; and |

9

| | | | **EXHIBIT A – SUMMARY OF OBJECTIONS AND RESPONSES** | |
|---|---|---|---|---|
| **No.** | **Dkt. No.** | **Entities** | **Objections** | **Response** |
| | | Corporation, Gateway Funding Diversified Mortgage Services, L.P., WR Starkey Mortgage, LLP, Sterling National Mortgage Company, Inc., Sun American Mortgage Company | 4. Mediation in New York is unfair.<br><br>5. Sanctions procedures are unfair. | the Standing Order does not mandate that LBHI should pay for the mediator's fee or the parties' expenses. The alternative, litigation, would be much more costly for all parties.<br><br>4. Mediations in New York comply with principle of centralizing bankruptcy disputes to one forum. Also, the burden on LBHI to mediate with thousands of sellers nationwide outweighs the burden on the Sellers from limiting their limited disputes in New York. The alternative, litigation, would be far more costly and burdensome for all parties. Finally, the Sellers need not appear in New York if the matter is settled during the "Notice/Response Stage."<br><br>5. Objector misreads the Indemnification ADR Order, which provides that sanctions apply equally to both the Sellers and LBHI if a party fails to act in good faith. Also, LBHI does not intend to mediate in bad faith. |
| 10. | 44704 | MortgageIT, Inc. | 1. ADR Motion violates due process.<br><br>2. Court lacks jurisdiction to implement ADR Order.<br><br>3. Waiver of jury trial. | 1. Due process concerns only arise when there is a threat of binding order or judgment, not where, as here, the parties are involved in mediation, which is non-binding in nature.<br><br>2. Section 105(a) and the Standing Order specifically authorize the Bankruptcy court to order mediation. Further, the Bankruptcy Court has core jurisdiction over the Motion nationwide and may exercise jurisdiction because Indemnification Claims have a "close nexus" to the bankruptcy case in that creditors will be paid funds recovered in mediation and Plan specifically retains jurisdiction to pursue indemnification claims.<br><br>3. Nothing in the Indemnification ADR Order purports to waive claims or defenses held by Sellers. Further, there is already a provision in the Order reserving the Sellers' rights to a jury trial. |

| | | | **EXHIBIT A – SUMMARY OF OBJECTIONS AND RESPONSES** | |
|---|---|---|---|---|
| **No.** | **Dkt. No.** | **Entities** | **Objections** | **Response** |
| | | | 4. Permits mediator to certify specific legal issues to the court for decision.<br><br>5. Sanctions process unfairly benefits Lehman. | 4. LBHI will agree to delete the mediator's ability to certify legal issues to the Court for decision, unless and until an action is filed against the particular Seller.<br><br>5. Indemnification ADR Order provides that sanctions apply equally to both the Sellers and LBHI if a party fails to act in good faith. Also, LBHI does not intend to mediate in bad faith. |
| 11. | 44721 | V&M International Mortgage Corp. | 1. Letter to counsel for Debtors clarifying that although V&M never sold loans to LBHI, it originated loans for LBHI. Letter asserts that V&M is out of business and the principal requests that no action be taken against V&M. | 1. This letter is premature as mediation has not yet been instituted against V&M. Further, this letter does not specifically object to any of the procedures contemplated by the Motion or the ADR Indemnification Order. |