## United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al.*    Case No. 08-13555 (JMP) (Jointly Administered)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claims referenced in this evidence and notice.

| | |
|---|---|
| **The Värde Fund XI (Master), L.P.** | **Deutsche Bank AG, London Branch** |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

8500 Normandale Lake Boulevard
Suite 1500
Minneapolis, MN 55437
Attn: Edwina P.J. Steffer
e-mail: *esteffer@varde.com*

Last Four Digits of Acct. #:

Court Claim No.: 62783

Amount of Claim Transferred: $4,421,638.32, plus all accrued interest, fees and other recoveries due.

Date Claim Filed: November 2, 2009

Phone:
Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**THE VÄRDE FUND XI (MASTER), L.P.**
By: The Värde Fund XI G.P., LLC, Its General Partner
By: Värde Partners, L.P., Its Managing Member
By: Värde Partners, Inc., Its General Partner

By: *[signature]*                                              Date:        6-18-14
Name:    **Scott T. Hartman**
Title:     **Managing Director**

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

119-1600/CERTS/4270624.1

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al.*     Case No. 08-13555 (JMP) (Jointly Administered)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM No. 62783 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of the claim, the transferee filed a Transfer of Claims other than for Security in the Clerk's office of this court on          .

| **Deutsche Bank AG, London Branch**<br>Name of Alleged Transferor<br><br>Address of Alleged Transferor:<br>1, Great Winchester Street<br>London EC2N 2DB<br>England<br>Attn: Michael Sutton | **The Värde Fund XI (Master), L.P.**<br>Name of Transferee<br><br>Address of Transferee<br>8500 Normandale Lake Boulevard<br>Suite 1500<br>Minneapolis, MN 55437<br>Attn: Edwina P.J. Steffe*r*<br>E-mail: *esteffer@varde.com* |
|---|---|
|   |   |

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
|---|

The alleged transferor of the claims is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____               _____
                                             CLERK OF THE COURT

119-1600/CERTS/4270624.1

*PARTIAL Transfer of LBHI Claim # 62783*
*PROGRAM SECURITY*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **DEUTSCHE BANK AG, LONDON BRANCH** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **THE VÄRDE FUND XI (MASTER), L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 hereto, in Seller's right, title and interest in and to Proof of Claim Number 62783 (the "Proof of Claim") filed by or on behalf of any of Seller's predecessors-in-title as is specified in Schedule 1 hereto (the "Purchased Portion") against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors holding claims of the same class or type; (g) Seller has provided to Purchaser true and correct copies of the second, third, fourth and fifth distribution notices that it received relating to the Transferred Claims; (h) Seller has not received any payments or distributions on account of the Transferred Claims other than the first, second, third, fourth and fifth distributions from the Debtor; and (i) on account of the Purchased Security, (I) on or about May 8, 2013, Seller received the sum of JPY 51,513,294.00, (II) on or about October 24, 2013, Seller received the sum of JPY 21,040,181.00 and (III) on or about April 28, 2014, Seller received the sum of JPY 23,907,418.00, and, other than such distributions, Seller has not received any other payments or distributions on account of the Purchased Security since the commencement of the Proceedings.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of

DB Ref: 14590                                         Confidential

Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser from 3 February 2014 onwards. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 18 day of June 2014.

| DEUTSCHE BANK AG, LONDON BRANCH | THE VÄRDE FUND XI (MASTER), L.P. |
|---|---|
| | By Värde Fund XI G.P., LLC, Its General Partner |
| | By Värde Partners, L.P., Its Managing Member |
| | By Värde Partners, Inc., Its General Partner |
| By: /s/ Simon Glennie | |
| Name: Simon Glennie | By: /s/ Scott T. Hartman |
| Title: Vice President | Name: Scott T. Hartman |
| | Title: Managing Director |
| By: /s/ Jamie Foote | |
| Name: Jamie Foote | |
| Title: Vice President | |
| Winchester House | 8500 Normandale Lake Boulevard |
| 1, Great Winchester Street | Suite 1500 |
| London EC2N 2DB | Minneapolis, MN 55437 |
| ENGLAND | Attn: Edwina P.J. Steffer |
| Attn: Michael Sutton | e-mail: esteffer@varde.com |

DB Ref: 14590

Confidential

Schedule 1

Transferred Claims

Purchased Portion

100% (including all interest, costs and fees relating thereto) of the claim that is referenced in line item number 285 of the Proof of Claim (as highlighted in the copy of the Proof of Claim attached at Schedule 2) and relating to the Purchased Security described below.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount of Claim Transferred Hereunder |
|---|---|---|---|---|---|---|
| MTN6534 | XS0290989994 | 6045525 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | JPY 500,000,000.00 | $4,421,638.32 |

ConfidentialSchedule 1-1

*DB Ref:14590*

Schedule 2

Copy of Proof of Claim 62783

ConfidentialSchedule 1-1

DB Ref: 14590