# EXHIBIT   10

| | |
|---|---|
| **From:** | Cash, Debra <dcash@alvarezmarsal.com> |
| **Sent:** | Tuesday, November 2, 2010 1:36 PM (GMT) |
| **To:** | 'Pamela Kendall' <Pamela.Kendall@CanaryWharf.com> |
| **Cc:** | Ehrmann, Daniel <dehrmann@alvarezandmarsal.com>; Zavo, Kristen <kzavo@alvarezandmarsal.com> |
| **Subject:** | Canary Wharf Settlement Stipulation |
| **Attach:** | US_ACTIVE_Canary Wharf Settlement Agreement_43521385_8.DOC |

Pamela-

Attached is the draft stipulation for your review. Please let me know if you have an comments.

Kind regards,

Deb



**EXHIBIT**

Krasnow-63
6/25/13    MG

CONFIDENTIAL

LBHI_CW0005810

**FOR SETTLEMENT PURPOSES**                                   **WEIL DRAFT**
**SUBJECT TO FEDERAL RULE OF EVIDENCE 408**                   **10/28/10**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

| | |
|---|---|
| **In re** : | **Chapter 11 Case No.** |
| : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* : | **08-13555 (JMP)** |
| : | |
| **Debtors.** : | **(Jointly Administered)** |
| : | |
| : | |

---------------------------------------------------------x

## SETTLEMENT AND COMPROMISE OF CERTAIN
## CLAIMS FILED BY THE CANARY WHARF ENTITIES

Lehman Brothers Holdings Inc. ("LBHI"), as debtor in possession, and (i) Heron

Quays (HQ2) T1 Limited and Heron Quays (HQ2) Limited (collectively, the "Landlord"), (ii)

Canary Wharf Management Ltd. (the "Management Company"), and (iii) Canary Wharf

Contractors Ltd. (the "Contractor") (parties i through iii, collectively, the "Canary Wharf

Entities" and, together with LBHI, the "Parties"), hereby stipulate and agree as follows:

### RECITALS

A.     Pursuant to that certain underlease agreement dated as of March 16, 2005

(the "Lease") by and among, *inter alia*, the Landlord, the Management Company, Lehman

Brothers Limited (the "Tenant") and LBHI, purportedly as surety of the Tenant's obligations, the

Tenant leased real property located at 25 Bank Street, Canary Wharf, London (the "Demised

US_ACTIVE:\43521385\06\58399.0008

Premises").

        B.      The Landlord and the Management Company assert that LBHI guaranteed

the Tenant's obligations arising under the Lease (the "Alleged Lease Guaranty").

        C.      Pursuant to that certain Letter of Appointment for Fitting Out Works dated

March 30, 2001 (the "Appointment Letter"), by and among the Contractor, the Tenant, and

LBHI, modified by that certain Novation Agreement dated November 29, 2002, among the

Contractor, the Tenant, Lehman Brothers Lease & Finance No. 1 Limited ("LBL & Finance"),

and LBHI (the "Novation Agreement," and together with the Appointment Letter, the

"Contractor's Agreement"), the Contractor agreed to procure the performance by trade

contractors with respect of various construction projects to be performed on the Demised

Premises ("Performance Management"). The Contractor asserts that, pursuant to the

Contractor's Agreement, LBL & Finance agreed to compensate the Contractor for the

Performance Management and that LBHI agreed to guaranty these obligations of LBL & Finance

to the Contractor (the "Alleged Construction Guaranty" and, together with the Alleged Lease

Guaranty, the "Guarantees").

        D.      On September 15, 2008 and on various dates thereafter, each of LBHI and

certain of its affiliates (collectively, the "Debtors") filed voluntary cases under chapter 11 of title

11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for

the Southern District of New York (the "Bankruptcy Court"), which cases are being jointly

administered under Case Number 08-13555 (the "Lehman Bankruptcy Case").

        E.      On September 15, 2008, the Tenant entered administration proceedings in

the United Kingdom (the "Tenant Proceeding"). In or about March 2010, the Tenant vacated the

Demised Premises and/or otherwise allegedly breached its obligations under the Lease.

US_ACTIVE:\43521385\06\58399.0008

2

**FOR SETTLEMENT PURPOSES**                                  **WEIL DRAFT**
**SUBJECT TO FEDERAL RULE OF EVIDENCE 408**          **10/28/10**

      F.      On October 24, 2008, LBL & Finance entered administration proceedings in the United Kingdom.

      G.      On July 2, 2009, the Bankruptcy Court entered an order establishing September 22, 2009 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for the filing of proofs of claim against LBHI based upon prepetition claims.

      H.      On September 17, 2008, the Canary Wharf Entities timely filed three proofs of claim against LBHI indicated below for the amounts allegedly owed by LBHI in respect of certain obligations generally described below (collectively, the "Canary Wharf Claims"):

| Claimant | Claim Number | Filed Amount |
|---|---|---|
| Management Company | 14824 | $195,550,000 |
| Contractor | 14825 | $832,995 |
| Landlord | 14826 | $4,280,970,000 |
| **TOTAL** | | **$4,477,352,995** |

      I.      The Landlord and the Management Company assert that their claims arise under the Alleged Lease Guaranty, and the Contractor asserts that its claim arises under the Alleged Construction Guaranty.

      J.      LBHI has informally challenged each of the Canary Wharf Claims, including, without limitation, on the grounds that the Canary Wharf Entities failed to calculate certain of the Canary Wharf Claims in a manner consistent with section 502(b)(6) of the Bankruptcy Code.

      K.      After good-faith arms'-length negotiations, the Parties have agreed to resolve the disputes concerning the Canary Wharf Claims pursuant to the terms and conditions set forth in this stipulation (the "Stipulation").

CONFIDENTIAL                                                       LBHI_CW0005813

**FOR SETTLEMENT PURPOSES**
**SUBJECT TO FEDERAL RULE OF EVIDENCE 408**

**WEIL DRAFT**
**10/28/10**

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed among the Parties that:

1.    This Stipulation shall become effective once it has been executed by both Parties and approved by the Bankruptcy Court (the "Effective Date").

2.    The Management Company and the Landlord represent that ████

████████████████████████████████████████████████████

3.    The Landlord represents that ████████████████

████████████████████████████████████████████████████

4.    Upon the Effective Date, subject to paragraph 5 hereof, the ████████

████████████████████████████████████████████████████

| Claimant | Claim Number | Allowed Amount |
|---|---|---|
| ████ | ████ | ████ |

5.    Each of the Landlord and the Management Company waives any and all of its rights and claims and releases LBHI from any and all obligations and restrictions that arise or may arise under paragraph 4 of Schedule 4 to the Lease.

US_ACTIVE:\43521385\06\58399.0008

4

**FOR SETTLEMENT PURPOSES**                                         **WEIL DRAFT**
**SUBJECT TO FEDERAL RULE OF EVIDENCE 408**                              **10/28/10**

6.      This Stipulation shall automatically terminate and be of no further force or effect, and each of the Parties' respective interests, rights, remedies and defenses shall be restored without prejudice as if this Stipulation had never been executed, and the Parties hereto shall be automatically relieved of any further obligations hereunder if and on any date on which the assets and liabilities of the Tenant are substantively consolidated into LBHI.

7.      Other than the right to receive distributions on account of the Allowed Claims, the Canary Wharf Entities and their affiliates, successors and assigns, and their past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the "Claimant Parties"), shall have no further right to payment from the Debtors, their affiliates (other than the Tenant and LBL & Finance), their estate or their respective successors or assigns (collectively, the "Debtor Parties"). Except with respect of the Allowed Claims and the Canary Wharf Entities' entitlement to receive distributions in respect thereto, the Claimant Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code), counterclaims, defenses, rights of setoff, debt, liens, losses, demands, damages, costs and causes of action of whatever nature (collectively, the "Released Claims") against any of the Debtor Parties, and are hereby barred from asserting any and all Released Claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation by the Parties. Nothing herein prejudices the Debtors' rights to set off the Canary Wharf Claims.

8.      This Stipulation contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings among the Parties relating thereto.

US_ACTIVE:\43521385\09\58399.0008                          5

9.   This Stipulation may not be modified other than by signed writing executed by all Parties or by order of the Bankruptcy Court.

10.   Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the applicable Party and that each such Party has full knowledge of, and has consented to, this Stipulation.

11.   This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties.

12.   This Stipulation shall inure to the benefit of, and shall be binding upon, the Parties and their respective successors and assigns.

13.   This Stipulation shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to the conflicts of law principles thereof.

14.   The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation, such matter shall be adjudicated in either a federal district court in the State of New York or a state court in the State of New York.

**Dated as of _____ 2010.**

**[THE CANARY WHARF ENTITIES WARRANT THAT THEY HAVE READ THE TERMS OF THIS STIPULATION, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING AND EXECUTING THE STIPULATION, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS STIPULATION.][1]**

[Signature block for LBHI or counsel]

US_ACTIVE:\43521385\06\58399.0008                        6

**FOR SETTLEMENT PURPOSES**
**SUBJECT TO FEDERAL RULE OF EVIDENCE 408**

**WEIL DRAFT**
**10/28/10**

[Signature block for each Canary Wharf Entity or
counsel]

---

[1] To be included if signed by each Canary Wharf Entity rather than their counsel.

US_ACTIVE:\43521385\06\58399.0008                  7

CONFIDENTIAL                                    LBHI_CW0005817