UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (SCC)
                                                                   :
                    Debtors.                            :    (Jointly Administered)
-------------------------------------------------------------------x

**ORDER GRANTING THE FOUR HUNDRED SIXTY-THIRD
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

Upon the four hundred sixty-third omnibus objection to claims, dated May 5, 2014 (the "Four Hundred Sixty-Third Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims, all as more fully described in the Four Hundred Sixty-Third Omnibus Objection to Claims; and due and proper notice of the Four Hundred Sixty-Third Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Sixty-Third Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Sixty-Third Omnibus Objection to Claims establish just

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Sixty-Third Omnibus Objection to Claims.

cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Sixty-Third Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and expunged with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Four Hundred Sixty-Third Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: June 24, 2014
New York, New York

> */s/ Shelley C. Chapman*
> HONORABLE SHELLEY C. CHAPMAN
> UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

US_ACTIVE:\44505261\2\58399.0011

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)**

**OMNIBUS OBJECTION 463: EXHIBIT 1 - NO LIABILITY**

| NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 1 A-CAMPUS BRAUNSCHWEIG SARL, B-TRIDENT DRESDEN SARL, | 08-13900 (SCC) | Lehman Commercial Paper Inc. | 27248 | $16,200.00 * | $16,200.00* | Claim asserts contingent unliquidated damages that could have arisen as a result of a failure to advance funds in 2009. The loans have since been fully satisfied, with no damages or prejudice to any counterparties or beneficiaries. |
| 2 CUNNINGHAM, KEVIN F. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 17302 | $643,822.00 | $643,822.00 | Claim 17302 seeks recovery in connection with a deferred compensation obligation of Lehman Brothers Inc. ("LBI"). The claim asserts that executives of Lehman Brothers Holdings Inc. ("LBHI") "raided the assets" of LBI and that the corporate form separating LBHI and LBI should accordingly be disregarded and LBHI should be liable for the obligations of LBI. Such veil-piercing claim has no merit. As this Court has previously ruled, "as alleged creditors of LBI [claimants] . . . lack standing to assert against LBHI any alter ego claim, veil piercing claim, or similar claim to disregard the corporate form of LBHI or LBI, as such claims were the property of the LBI estate and have been irrevocably released, discharged, and acquitted . . ." See ECF Nos. 41278, 41280; see also Hr'g Tr. 98: 7-9, In re Lehman Bros. Holdings Inc., No. 08-13555 (Bankr. S.D.N.Y. Nov. 22, 2013) (". . . individual former employees of LBI do not have standing to pursue claims against LBHI on an alter ego theory"). Moreover, under binding Second Circuit law, the LBI Employees lack standing to assert any form of alter ego claims. The Second Circuit has held, unequivocally, that in the bankruptcy context, "[i]f under governing state law the debtor could have asserted an alter ego claim to pierce its own corporate veil, that claim constitutes property of the bankrupt estate and can only be asserted by the trustee or the debtor-in-possession." Kalb, Voorhis & Co. v. Am. Fin. Corp., 8 F.3d 130, 132 (2d Cir. 1993); accord Duke Energy Trading and Mktg., L.L.C. v. Enron Corp. (In re Enron Corp.), No. 02-3609, 2003 WL 1889040, at *3 (Bankr. S.D.N.Y. April 17, 2003). As such, Claim 17302 should be disallowed and expunged. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE: LEHMAN BROTHERS HOLDINGS INC, ET AL., CASE NO: 08-13555 (SCC)**

**OMNIBUS OBJECTION 463: EXHIBIT 1 - NO LIABILITY**

| NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 3 DELANEY, STEVEN G | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 11442 | $522,000.00 | $326,000.00 | The portion of Claim 11442 for which disallowance is sought seeks recovery in connection with a deferred compensation obligation of Lehman Brothers Inc. ("LBI"). The claim asserts that executives of Lehman Brothers Holdings Inc. ("LBHI") "raided the assets" of LBI, and that the corporate form separating LBHI and LBI should accordingly be disregarded and LBHI should be liable for the obligations of LBI. Such veil-piercing claim has no merit. As this Court has previously ruled, "as alleged creditors of LBI [,claimants] . . . lack standing to assert against LBHI any alter ego claim, veil piercing claim, or similar claim to disregard the corporate form of LBHI or LBI, as such claims were the property of the LBI estate and have been irrevocably released, discharged, and acquitted . . . " See ECF Nos. 41278, 41280; see also Hr'g Tr. 98: 7-9, In re Lehman Bros. Holdings Inc., No. 08-13555 (Bankr. S.D.N.Y. Nov. 22, 2013) (". . . individual former employees of LBI do not have standing to pursue claims against LBHI on an alter ego theory"). Moreover, under binding Second Circuit law, the LBI Employees lack standing to assert any form of alter ego claims. The Second Circuit has held, unequivocally, that in the bankruptcy context, "[i]f under governing state law the debtor could have asserted an alter ego claim to pierce its own corporate veil, that claim constitutes property of the bankrupt estate and can only be asserted by the trustee or the debtor-in-possession." Kalb, Voorhis & Co. v. Am. Fin. Corp., 8 F.3d 130, 132 (2d Cir. 1993); accord Duke Energy Trading and Mktg., L.L.C. v. Enron Corp. (In re Enron Corp.), No. 02-3609, 2003 WL 1889040, at *3 (Bankr. S.D.N.Y. April 17, 2003). As such, the applicable portion of Claim 11442 should be disallowed and expunged. |

A portion of claim 11442 was reclassified as equity on The Three Hundred Thirteenth Omnibus Objection to Claims.

| NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 4 PHOENIX G1-EMSER STRASSE SARL, | 08-13900 (SCC) | Lehman Commercial Paper Inc. | 27249 | $16,200.00 * | $16,200.00* | Claim asserts contingent unliquidated damages that could have arisen as a result of a failure to advance funds in 2009. The loans have since been fully satisfied, with no damages or prejudice to any counterparties or beneficiaries. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE: LEHMAN BROTHERS HOLDINGS INC, ET AL., CASE NO: 08-13555 (SCC)**

**OMNIBUS OBJECTION 463: EXHIBIT 1 - NO LIABILITY**

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 5 | PHOENIX II MIXED H SARL, PHOENIX II MIXED I SARL, | 08-13900 (SCC) | Lehman Commercial Paper Inc. | 27246 | $16,200.00 * | $16,200.00* | Claim asserts contingent unliquidated damages that could have arisen as a result of a failure to advance funds in 2009. The loans have since been fully satisfied, with no damages or prejudice to any counterparties or beneficiaries. |
| 6 | PHOENIX III MIXED O SARL, PHOENIX III MIXED R SARL, | 08-13900 (SCC) | Lehman Commercial Paper Inc. | 27250 | $16,200.00 * | $16,200.00* | Claim asserts contingent unliquidated damages that could have arisen as a result of a failure to advance funds in 2009. The loans have since been fully satisfied, with no damages or prejudice to any counterparties or beneficiaries. |
| 7 | THUNDERBIRD A SARL, THUNDERBIRD B SARL, THUNDERBIRD C SARL, | 08-13900 (SCC) | Lehman Commercial Paper Inc. | 27247 | $16,200.00 * | $16,200.00* | Claim asserts contingent unliquidated damages that could have arisen as a result of a failure to advance funds in 2009. The loans have since been fully satisfied, with no damages or prejudice to any counterparties or beneficiaries. |
| | | | | TOTAL | $1,246,822.00 | $1,050,822.00 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts