Hearing Date and Time: July 16, 2014 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: July 9, 2014 at 4:00 p.m. (Prevailing Eastern Time)

Jack A. Raisner (JR 6171)
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Fax: 646-509-2070
Email: jar@outtengolden.com

Gary Gwilliam (Bar No. 33430)
Randall E. Strauss (Bar No. 168363)
**GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER**
1999 Harrison Street, Suite 1600
Oakland, California 94612-3528
Telephone:  (510) 832-5411
Fax:  (925) 820-0335
Email: GGwilliam@giccb.com, rstrauss@giccb.com

Mark S. Bostick (Bar No. 111241)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone:  (510) 834-6600
Fax:  (510) 834-1928
Email:  mbostick@wendel.com

Attorneys for Claimants, Sylvia Vega-Sutfin, Michelle Seymour, Cheryl McNeil, Linda Howard-James, Isabel Guajardo and Denise Colombo

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 08-13555 (SCC)<br><br>(Jointly Administered) |

**DECLARATION OF J. GARY GWILLIAM IN SUPPORT OF MOTION**
**FOR RELIEF FROM STAY AND INJUNCTION PROVIDED UNDER PLAN**

I, J. Gary Gwilliam, declare as follows:

1. I am over the age of eighteen, and if called, could testify competently as to the contents of this Declaration. I am a partner with Gwilliam, Ivary, Chiosso, Cavalli & Brewer, and lead counsel for Claimants Coleen Colombo, Isabel Guajardo, Linda (Weeks) Howard-James, Cheryl McNeil, Michelle Seymour and Sylvia Vega-Sutfin (collectively, "Claimants"). I make this Declaration in support of Claimants' Motion for Relief from Stay.

2. The Claimants are former employees of BNC Mortgage Inc. ("BNC"), a debtor herein, whose Claims are based on causes of action stated in a complaint pending in Sacramento County Superior Court of California, Attached hereto as **Exhibit 1** Complaint for Damages Based on: 1. Employment Discrimination; 2. Harassment; 3. Failure to Prevent Discrimination; 4. Retaliation; 5. Intentional Infliction of Emotional Distress; 6. Defamation; 7. Wrongful Termination in Violation of Public Policy; 8. Breach of Implied and/or Express Contract of Continued Employment; 9. Breach of Implied Covenant of Good Faith and Fair Dealing ("Complaint").

3. The facts underlying the Complaint occurred in California and the causes of action stated therein are governed by California law and include claims for employment discrimination, harassment, failure to prevent discrimination, retaliation, intentional infliction of emotional distress, defamation, wrongful termination, breach of contract and breach of implied covenant of good faith and fair dealing, as more particularly set forth in the Complaint. Claimants demanded a jury trial. A copy of the Complaint was attached to each filed Claim.

4. The allegations set forth in the Complaint detail egregious conduct on the part of BNC that precipitated its eventual failure. The Claimants were employees of BNC who complained to their supervisors about fraudulent and illegal lending practices beginning in 2005.

Each of them was told by BNC to ignore the fraudulent and illegal lending practices. When they refused, they were each subjected to intimidation, retaliation and harassment that eventually led to their constructive termination. If BNC had heeded the warning from these employees, it might have averted this bankruptcy. All of the Claimants have claims for economic damages and non-economic damages, including severe emotional distress.

   5. At the time that BNC filed its petition for relief, the Action had been pending for over four years. After the Complaint was filed in November 2005, on March 6, 2006, BNC filed a Petition to Compel Arbitration. The Sacramento Superior Court denied BNC's petition, which BNC appealed. The Sacramento Superior Court stayed all discovery while BNC appealed the order denying arbitration. On September 26, 2007, the California Court of Appeal affirmed the Sacramento Superior Court's denial of BNC's Petition to Compel Arbitration, and on November 27, 2007, California Court of Appeal issued a Remititur. The Sacramento Superior Court lifted the stay on discovery. Between November 2007 and January 9, 2009, the parties engage in extensive discovery, exchange multiple sets of interrogatories and requests for production of documents, producing over 10,000 documents. During that period of time the depositions dates for the Claimants were set and the deposition for the Claimant Sylvia Vega-Sutfin was completed. When BNC commenced its bankruptcy case on January 9, 2009, and the Sacramento Superior Court stayed the entire Action, notwithstanding the fact there are non-debtor defendants, and the Action has been stay since. The Claimants have been waiting over eight long years for the resolution of their Claims.

   6. The parties have engaged in ongoing settlement negotiations of these Claims since June of 2013. Since that time, offers and demands have been exchanged, and the parties have discussed the merits of the claims and defenses in this matter.

7. On August 20, 2013, while settlement negotiations were pending, the Debtor filed its Four Hundred Thirty-First Omnibus Objection to Claimants Claims, and set a hearing date of September 26, 2013. Claimants filed their Response and Opposition to the Objection on September 17, 2013. In addition, Claimants requested affirmative relief from the Court in the form of relief from the Plan injunction, or, alternatively, an order that the matter be referred to mediation in Northern California. Thereafter, in response to Claimants Response and Opposition to the Objection, on September 19, 2013, the Plan Administrator unilaterally adjourned the hearing on the Claimants' Claims by filing a Notice of Adjournment. Throughout the course of the settlement negotiations in this matter, I repeatedly requested that the Debtors agree to mediate the Claims in Northern California because the Claimants could not afford the huge financial burden of traveling to New York to participate in the Mediation. In addition, the Debtors' list of selected mediators had mediators specifically located in the San Francisco Bay Area at their disposal, and therefore, there was little or no hardship to the Debtors in mediating the Claims in the Bay Area.

8. Claimants were unable to reach an agreement with the Plan Administrator as to the site of the mediation, and were prepared to file a motion to move the site of the mediation to Northern California. At the last minute, as the Claimants were filing their motion the change the venue of the Mediation, the Plan Administrator agreed to mediate the Objection to Claimants Claims in San Francisco, California. At significant cost to themselves, each of the Claimants, traveled to San Francisco and participated in two days of Mediation.

9. The Mediation took place in San Francisco before Lisabeth Hasse, Esq. of Creative Industry Law, on May 5 and May 6, 2014. Unfortunately, the Mediation was unproductive.

10. I am informed by Ms. Colombo that she is on permanent disability at this time. Traveling to New York for trial would be a huge financial burden for Ms. Colombo.

11. I am informed by Ms. Guajardo that she is currently unemployed, and living in Utah. Traveling to New York for trial would be a huge financial burden for Ms. Guajardo.

12. I am informed by Ms. Howard-James that she is currently employed, but fears that taking time off to travel to New York for a trial will jeopardize her job security in addition to posing a large financial burden.

13. I am informed by Ms. McNeil that she is currently employed but is considered during her probationary employment period, and cannot take time off to travel to New York for trial without jeopardizing her employment.

14. I am informed by Ms. Seymour that she is currently employed, but has limited personal time off and vacation time, and fears that taking time off to travel to New York for a trial will jeopardize her job security in addition to posing a large financial burden.

15. I am informed by Ms. Vega-Suftin that she is unemployed, and traveling to New York for trial would be a huge financial burden.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 23rd day of June, 2014, at Oakland, California.

/s/ J. Gary Gwilliam
J. Gary Gwilliam