# Exhibit 26

(1996) 71 P. & C.R. D19                                                                                                              Page 1
(1996) 71 P. & C.R. D19 (1996) 71 P. & C.R. D19
**(Cite as: (1996) 71 P. & C.R. D19)**

### *D19 Clement and Clement v Clement

Court of Appeal

L.JJ.    Peter Gibson, Otton, and Sir Roger Parker

October 20, 1995

The crux of this appeal was whether a single document containing four sentences, described as a "guarantee", was to be construed as such (whereby the obligation was dependent upon the continued existence of the primary debtor's obligation) or as an indemnity (the obligation under which is not so dependent). The plaintiffs (Mr and Mrs Cecil Clement) argued that the document was an indemnity whereas their son, the defendant Mr David Clement, claimed that it was a guarantee. At first instance the agreement was construed as an indemnity and it was from this decision that the defendant appealed.

The dispute followed an arrangement under which the plaintiffs severed their connections with a private company and left the defendant in control of that company. From the plaintiffs' perspective, an important provision of the transaction was that the company would provide and maintain a pension package for them both. The defendant entered into a personal "guarantee" to ensure that the pension was financed. In 1992, the company went into voluntary liquidation and the liquidator served a notice disclaiming the pension agreement as an "unprofitable contract" under the auspices of section 178 of the Insolvency Act 1986.

Under this section, a disclaimer does not, except so far as is necessary for the purposes of releasing the company from liability, affect the rights or liabilities of any other person. In addition, anyone sustaining loss as a consequence of the disclaimer is deemed to be a creditor of the company and can prove for such loss.

The pension was paid until the time of the liquidation, but not thereafter. The defendant informed the plaintiffs that, following the disclaimer, he had *D20 no further liability under his "guarantee" to them. During 1993, the plaintiffs commenced legal proceedings against their son for damages and a declaration that the son was not released from liability due to the disclaimer.

The outcome turned upon whether the son's obligation was one under a contract of guarantee or a contract of indemnity. Peter Gibson L.J. accepted that, because of the parties' freedom to contract, they might bring into existence a document which is a hybrid between the two types of obligation. In all cases, the court was required to construe the agreement, and the actual words used therein, so as to determine whether the obligation undertaken was dependent on the continued existence of the liability of the third party. It was made clear that the use of the word "guarantee" in the agreement was not conclusive of the issue, but that it could, in cases of doubt and if used repeatedly, provide some guidance to the court. A further guide to construction is whether the creditor's rights against the principal debtor and against the guarantor or indemnifier are co-existent. Accordingly, if the person liable under the contract may be liable for a greater amount than the principal debtor, the contract is probably one of indemnity.

© 2014 Thomson Reuters.

Turning to the terms of the short document itself, Peter Gibson L.J. saw some indication of it being a guarantee: the term "guarantee" was employed twice (no mention was made of the term "indemnity"); the document was drafted by a solicitor; and it referred to the liability of the company on failing to pay and, as such, was consistent with there only being a secondary obligation if the primary debtor defaulted on the primary obligation. Nevertheless, and despite these powerful points, there were contraindications contained in the document. One sentence would be superfluous if the defendant was only obliged to meet such liabilities as the company had at any given time. In addition, there was a provision that, if the company's liability was reduced, the defendant would be required to make up the difference. The liabilities of the company and the defendant were not, therefore, co-extensive. These were significant pointers to it being a contract of indemnity and not of guarantee. The appellate court found this construction accorded with the intention of the parties as expressed in the document and imposed an obligation independent of the company's liability to pay the plaintiffs' pensions.The appeal was dismissed.
END OF DOCUMENT

© 2014 Thomson Reuters.