# Exhibit 41

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC. *et al.*, : Case No. 08-13555 (SCC)
:
Debtors. : Jointly Administered
:
------------------------------------------------------------x

## AFFIDAVIT OF FRANK BARTOLOTTA

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

Frank Bartolotta, being duly sworn, deposes and says:

1. I am a retired, non-practicing member of the Bar of the State of New York and am currently a consultant for Morgan Stanley & Co. in New York. From Fall 2000 to about April 2006, I was Senior Vice President of Lehman Brothers Holdings Inc. ("Lehman"). I make this affidavit based on my own personal knowledge.

2. In Fall 2000 I was asked to head up the negotiations for Lehman for new premises for its European Headquarters. In late 2000 or in 2001, I commenced negotiations for premises at Canary Wharf. This was to be a 1 million sq ft state-of-the-art office building at 25 Bank Street, London built to Lehman's specifications.

3. During the course of negotiations, Lehman people in London were involved in the decisions on most issues, but the question of whether Lehman itself (the parent in New York) would extend an indemnity went back to Lehman at its headquarters in New York.

4. An Agreement for Lease was entered into on or about March 30, 2001 between Heron Quays Properties Limited and Canary Wharf Group PLC (together "Canary

Wharf"), on the one hand, and Lehman and Lehman Brothers Limited ("LBL") on the other. The agreement attached a form of lease, in terms nearly identical to that subsequently executed on March 16, 2005 among Lehman, LBL, Heron Quays (HQ2) T1 Limited, Heron Quays (HQ2) T2 Limited, Canary Wharf Management Limited and Canary Wharf Holdings Limited following completion of the building (the "Lease").

        5.      I recall the negotiations around the provisions in the Lease dealing with the indemnity to be given by the parent company Lehman because we fought very hard to limit liability to the English subsidiary. However, Canary Wharf's position was immovable. George Iacobescu, CEO of Canary Wharf, insisted on a full indemnity – i.e., a direct contractual obligation from the parent Lehman that could be relied on no matter what happened to LBL (the English subsidiary). He insisted that Lehman would be required to pay the rents and other amounts due regardless of whether LBL remained obligated to pay.

        6.      There were many components to the overall deal. In addition to a significant rent free period (18 months, as I remember) and significant tenant inducements (such as cash), as part of the transaction Canary Wharf agreed to a rental subsidy together with a fit out allowance and other substantial payments in relation to the premises we were vacating in Broadgate (also in London). Canary Wharf also agreed to sublease back a substantial portion of the space in the 25 Bank Street building for some number of years (so as to give us the flexibility we required as to expansion in the short and mid term). These upfront payments and obligations assumed by Canary Wharf appeared to make Canary Wharf even more determined to obtain the indemnity.

        7.      It is my distinct recollection that the position of Canary Wharf was that Canary Wharf would not do the deal unless they had complete certainty of income stream going

08-13555-mg Doc 44878-16 Filed 06/26/14 Entered 06/26/14 13:45:03 Exhibit 41
08-13555-scc Doc 43804-1 Filed 03/28/14 Entered 03/28/14 10:52:00 Affidavit
of Frank Bartolotta  Pg 4 of 4
of Frank Bartolotta  Pg 3 of 3

- 3 -

forward, and thus that Canary Wharf required the absolute protection of an indemnity from Lehman. In the end, Lehman accepted that position and the Lease included the indemnity from Lehman.

*[signature]*
Frank Bartolotta

Sworn to before me this
27th day of March 2014.

*[signature]*
Notary Public

JOHN C ANDERSON
Notary Public, State of New York
No. 01AN6136273
Qualified in Queens County
Certificate Filed in New York County
Commission Expires December 19, 2017

- 3 -