# Exhibit 48

# Weil, Gotshal & Manges LLP

1300 Eye Street NW, Suite 900
Washington, DC 20005-3314
+1 202 682 7000 tel
+1 202 857 0940 fax

**Peter D. Isakoff**
+1 202 682 7155 tel
Peter.Isakoff@weil.com

February 5, 2013

David B. Tulchin, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004

**Re: *In re Lehman Brothers Holdings, Inc.*, Case No. 08-13555 (JMP); Lehman Brothers Holdings Inc.'s ("LBHI's") objection (the "Objection") to proofs of Claim Number 14824 and 14826 (the "Claims")**

Dear Mr. Tulchin:

We are in receipt of your letter dated February 1, 2013.

Regrettably, we cannot agree to a truncated procedure that abridges LBHI's rights in connection with the litigation of these large Claims that total approximately $780 million. Nor, as we explained in our letter to you dated January 29, 2013, are we in a position to decide what, if any, ADR procedure is appropriate before we learn certain facts, which, incidentally would be prevented if your very narrow proposed scope of discovery were adopted. Without specifying all of the relevant discovery that would be precluded by your proposal and that we must be able to obtain, your proposal prevents LBHI from exploring and obtaining relevant evidence concerning the following:

- Why was LBHI kept in the dark as to Claimants' dealings with JPMorgan Chase Bank, National Association ("JPMorgan") for a period of at least four months?

- Why was LBHI not fully apprised as to the Forfeiture Letter transaction before and as it was executed?

- Why was LBHI given so little notice, information and time in being asked to take a position as to how it wished to proceed in light of the dealings between Claimants and JPMorgan?

- Why did Claimants choose to proceed as they did rather than follow the procedure spelled out in Schedule 4 to the Lease?

David Tulchin
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004

**Weil, Gotshal & Manges LLP**

Page 2

We see absolutely no justification for your proposal to preclude discovery into, among other things, the communications between your clients and JPMorgan with respect to the foregoing topics and any others listed in our January 29 letter.

Further, discovery concerning the basic facts as to your dilapidations claim is necessary in order to determine liability, even if discovery as to the details concerning damages, if any, is postponed. We reiterate that Claimants have failed to identify any specific failure of LBL to comply with the explicit standards required by the Lease.

While we are fully prepared to discuss the phasing, scope and schedule for discovery, as well as potential stipulations of fact, the stakes in this dispute are simply too high for LBHI to agree to the severe truncation of its discovery rights proposed in your letter.

Very truly yours,

*Peter Isakoff /edn*

Peter D. Isakoff, Esq.


cc: John J. Jerome, Esq.,
    Marc De Leeuw, Esq.,
    Robert J. Lemons, Esq.,
    Sunny Singh, Esq.,
    Erika del Nido, Esq.