# Exhibit 53

**Pamela Kendall**

| | |
|---|---|
| From: | George Iacobescu |
| Sent: | 30 September 2010 19:36 |
| To: | mike.jervis@uk.pwc.com; Pamela Kendall |
| Cc: | Simon Williams; Robert Munn |
| Subject: | RE: Without prejudice- bank st |

Mike I got your email. What number should I call you at now?
George

---

**From:** mike.jervis@uk.pwc.com [mailto:mike.jervis@uk.pwc.com]
**Sent:** 30 September 2010 19:24
**To:** George Iacobescu; Pamela Kendall
**Cc:** Simon Williams; Robert Munn
**Subject:** Without prejudice- bank st

Without Prejudice

Dear George,

Thank you for your email of early this afternoon on the three points that Linklaters discussed with Clifford Chance this morning. Various issues have accelerated over the past few days and so I thought I should set out our position. I hope this will help us reach an agreement to resolve all those issues.

First, we had been approaching this as a surrender of the lease as at 30 September (today). That was the basis on which my letter of 14 September 2010 was written. Only subsequently were we given to understand that you had difficulties in an immediate surrender, namely bond holder consent and resolution of your claim against LBHI in the US court. I understand that you feel that you cannot even enter into a binding agreement conditional on resolution of those issues. I would like to revisit that position with you as part of this discussion.

You are now asking us to sign the access letter but with no firm, let alone binding, commitments on your part on surrender. Further, you wish to press on with a claim against LBHI (which they may seek to pass back to LBL).

The points raised in your email of this afternoon on the three issues are helpful and I hope we can take these forward towards an agreed and binding surrender very quickly.

I understand what you say on bond holder consent. I would like to press you to bring those discussions with the bond holders forward. It does seem to me that the bond holders must be fully aware of the position and I doubt you would have proposed a surrender as at 30 September when we met in late August, unless the bond holders had given general support to that approach. Comfort from you on the bond holder position and timing would be helpful to move these discussions fruit fully forward.

As to LBHI, we believe that the solution is in your own hands. Our difficulty is that your agreement on a claim against LBHI presents LBHI with an opportunity to bring that claim back against LBL. So whilst you and I have reached substantial agreement on our financial resolution, I would still be leaving the Company exposed to an LBHI claim (emanating from you). This can be resolved by your agreeing the claim at a level we would be comfortable with, say £250 million.

Subject to these points, on which we would be happy to engage quickly, I would hope that a binding commitment to surrender might be reached quickly. Of course once we have a binding commitment, we can revisit the question of a signed access letter to cover the interim period. Thank you for sending over the engrossed access letter but as we have explained, we are not prepared to enter into those arrangements without progress on a commitment to surrender. In any event, I understand you intend to enter the building later today: Linklaters have written to Clifford Chance to set out our position on that.

Yours sincerely

Mike.

---

30/09/2010



EXHIBIT
51
18 JUNE 2013

CONFIDENTIAL                                                                              CW0000546