# Exhibit 70

# Weil, Gotshal & Manges LLP

1300 Eye Street NW, Suite 900
Washington, DC 20005-3314
+1 202 682 7000 tel
+1 202 857 0940 fax

**Peter D. Isakoff**
+1 202 682 7155 tel
Peter.Isakoff@weil.com

January 29, 2013

David B. Tulchin, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004

Re: *In re Lehman Brothers Holdings, Inc.*, Case No. 08-13555 (JMP); Lehman Brothers Holdings Inc.'s ("LBHI's") objection (the "Objection") to proofs of Claim Number 14824 and 14826 (the "Claims")

Dear Mr. Tulchin:

In our discussion of January 23, we agreed that, at your request, we would provide you with a description of the discovery we thought necessary before proceeding to a hearing or some form of alternative dispute resolution. As we discussed, we would be prepared to defer discovery as to the matters that relate exclusively to the quantification of damages, if any, for the time being, if we were otherwise agreed on how discovery would proceed on liability issues. We herein outline what we believe is the necessary discovery on liability issues, with the caveat that, as is always the case, what is necessary could evolve over time based on what we learn and that nothing would prevent us from pursuing such necessary avenues. Discovery devices would not be restricted in any way, but would include the usual written discovery tools, fact depositions and expert reports and depositions, including of Queen's Counsel, all to be followed by supplemental briefing and oral argument based upon the record then developed. It may also be that an evidentiary hearing of some sort will be appropriate. Once issues concerning liability have been resolved, we would then address what discovery and procedures will be necessary concerning damages, if any.

To begin with, we would provide you with a formal document request that would cover the following, but which would also carve out documents relating to charges and payments or other information bearing exclusively on the quantification of damages, if any:

1. All documents related to what became the lease agreement, dated as of March 16, 2005 (the "Lease"), among Canary Wharf Management Ltd., Heron Quays (HQ2) T1 Limited and Heron Quays (HQ2) T2 Limited (the "Claimants"), Lehman Brothers Limited ("LBL"), and LBHI,

David Tulchin  **Weil, Gotshal & Manges LLP**
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004

Page 2

    among others, of the commercial property at 25 Bank Street, Canary Wharf, London E14 5LE (Parcel HQ2) (the "Premises"), including drafts, notes, communications from the negotiations and the like.

2. All documents related to the guarantee in Schedule 4 to the Lease, (the "Guarantee"), again including documents from the negotiations.

3. All documents that you contend support or that you may use in support of the claims you assert against LBHI.

4. All documents related to the lease of the Premises (the "JPMorgan Transaction") to JPMorgan Chase Bank, National Association, on or about December 20, 2010, including those relating to the negotiations, communications between the parties, and details, timing, and structure of the JPMorgan Transaction.

5. All documents or information concerning or related to the letter agreement among the Claimants and LBL, dated December 3, 2010 (the "Forfeiture Letter"), again including drafts, communications, notes and the like relating to any negotiations.

6. All documents related to the actual, potential or anticipated effect of the JPMorgan Transaction or the Forfeiture Letter on any claims asserted by the Claimants against LBL.

7. All documents related to the actual, potential or anticipated effect of the JPMorgan Transaction or the Forfeiture Letter on the claims asserted against LBHI or what you contend to be LBHI's obligations under the Guarantee.

8. All documents related to the email exchange that took place between counsel for Claimants and counsel for LBHI in December 2010.

9. All documents related to the change from the Canary Wharf entity that was the landlord under the Lease for LBL to the Canary Wharf entity that is the landlord to JPMorgan under the lease with JPMorgan for the Premises.

10. The documents comprising the estimates that are said to pertain to the claim for dilapidations, as referenced in paragraphs 29, 30, 40 and 41 of the Response of Canary Wharf to Objection to Proofs of Claim Numbers 14824 and 14826, filed on October 12, 2012, and the documents from which such estimates were derived.

David Tulchin  **Weil, Gotshal & Manges LLP**
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004

Page 3

Please let us know at your earliest convenience whether the foregoing suggestion for a phased approach to this dispute is acceptable. If it is not, however, nothing in this letter should be construed as waiving any rights LBHI has under Bankruptcy Rule 9014, the Federal Rules of Civil Procedure or any other applicable rules, and particularly the right to proceed with discovery on all issues pertinent to your claims at the same time.

Very truly yours,

*/s/ Peter D. Isakoff / EdN*

Peter D. Isakoff, Esq.

cc: John J. Jerome, Esq.,
    Marc De Leeuw, Esq.,
    Robert J. Lemons, Esq.,
    Sunny Singh, Esq.,
    Erika del Nido, Esq.