**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- x
                                                      :
In re                                                 :    Chapter 11
                                                      :
LEHMAN BROTHERS HOLDINGS INC. *et al.*,               :    Case No. 08-13555 (SCC)
                                                      :
                        Debtors.                      :    Jointly Administered
                                                      :
-------------------------------------------------------------------- x

*EX PARTE* **MOTION PURSUANT TO SECTION 107**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018**
**AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL IN**
**CONNECTION WITH THE CANARY WHARF CLAIMANTS' MEMORANDUM**
**IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND**
**IN OPPOSITION TO LEHMAN'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Canary Wharf Management Ltd., Heron Quays (HQ2) T1 Limited and Heron

Quays (HQ2) T2 Limited ("Canary Wharf") submit this motion for authorization to file certain

documents under seal in connection with the Canary Wharf Claimants' Memorandum in Further

Support of their Motion for Summary Judgment and in Opposition to Lehman's Cross-Motion

for Summary Judgment, the Declaration of Marc De Leeuw in support thereof, and the Response

to Lehman's Statement of Undisputed Material Facts Pursuant to Local Rule 7056-1

(collectively, "Canary Wharf's Reply and Response").  In support of this motion, Canary Wharf

respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.      On March 14, 2014, Canary Wharf filed a motion for summary judgment

that Lehman Brothers Holdings Inc. ("Lehman") is liable for Canary Wharf's claims (proof of

claim numbers 14824 and 14826) under Paragraph 1 of Schedule 4 to a March 2005 lease

entered between the parties.  On May 22, 2014, Lehman filed its opposition and a cross-motion

for partial summary judgment (the "Cross-Motion").  Pursuant to a scheduling stipulation

approved by the Court, Canary Wharf's Reply and Response must be filed on or before June 26, 2014, at 5 p.m. (ECF# 44560 at 2).

2.     Canary Wharf's Reply and Response references certain documents and information that have been produced in accordance with a stipulation and protective order governing the production and use of confidential materials in this contested matter (the "Confidentiality Stipulation") (ECF# 35843).  Pursuant to the Confidentiality Stipulation, Canary Wharf may share with the Court, but may not file publicly, any materials designated as "Confidential" by the producing party (the "Confidential Materials"). Accordingly, Canary Wharf seeks entry of the proposed order, attached hereto as Exhibit A (the "Proposed Order"), authorizing it to file certain Confidential Materials under seal, as described below.

## JURISDICTION

3.     This court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334.

## FACTUAL BACKGROUND

4.     On March 11, 2013, the Court so-ordered the Confidentiality Stipulation to govern the production and use of materials produced in discovery relating to this contested matter.  A copy of the Confidentiality Stipulation is attached as Exhibit B.

5.     Paragraph 3 of the Confidentiality Stipulation states that "[a]ny Party or non-party who produces Discovery Material . . . may designate as 'Confidential' any Discovery Material that it reasonably believes contains information that is (i) not generally available to the public, and (ii) sensitive commercial, financial or business information, sensitive personal information, trade secrets or other confidential research, development, or commercial information the public disclosure of which may adversely affect the Producing Party (or a third

party that supplied the Discovery Material)."  In accordance with the Confidentiality Stipulation, Canary Wharf, Lehman and certain third parties produced documents and other information which they designated as "Confidential."

6.      Paragraph 7(e) of the Confidentiality Stipulation permits discovery material designated as "Confidential" to be shared with the Court.  But "[t]o the extent that any Confidential Discovery Material (or any pleading, motion or memorandum referring to such Discovery Material) is proposed to be filed or is filed with the Court, the filing party shall seek to file that Confidentiality Discovery Material, or any portion of any pleading, motion or memorandum which discloses confidential information, under seal."  Confidentiality Stipulation ¶ 10.

7.      On June 18, 2014, the Court granted Lehman's motion to file certain Confidential Materials under seal in connection with the Cross-Motion.  (ECF# 44780.)  Both before and following the entry of that Order, the Parties have endeavored to limit the amount of Confidential Materials that must remain confidential.

8.      Canary Wharf's Reply and Response references and/or attaches certain information and documents that have been designated by Canary Wharf or Lehman as "Confidential" under the Confidentiality Stipulation.

9.      On June 23, 2014, Canary Wharf sought consent from Lehman to publicly file materials designated by Lehman as Confidential.  Lehman consented on June 25, 2014, to Canary Wharf publicly filing some documents which it had previously designated Confidential, but still requests certain portions of documents remain confidential.  Canary Wharf also has publicly filed some documents which it had previously designated Confidential, but still requests that certain portions of documents remain confidential.

-3-

## RELIEF REQUESTED

10.    By this motion, Canary Wharf seeks entry of the Proposed Order (Exhibit A), pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, authorizing Canary Wharf to (i) redact the confidential documents attached as Exhibits 34, 45, 53, 54, 56, and 68 to the Declaration of Marc De Leeuw in support of Canary Wharf's Reply in Further Support of Motion for Summary Judgment (the "Confidential Exhibits") and (ii) to redact those portions of Canary Wharf's Reply and Response that refer to the information in the Confidential Exhibits, and directing that those materials shall remain confidential and under seal.[1]  For the Court's convenience, both unredacted and redacted versions of the (i) Confidential Exhibits, (ii) the Canary Wharf Claimants' Memorandum in Further Support of their Motion for Summary Judgment and in Opposition to Lehman's Cross-Motion for Summary Judgment, and (iii) the Response to Lehman's Statement of Undisputed Material Facts Pursuant to Local Rule 7056-1 have been delivered to chambers in final form with this Motion.

## BASIS FOR RELIEF REQUESTED

11.    Section 107(b) of the Bankruptcy Code allows a court to direct that documents filed in connection with a motion be filed under seal.  Specifically, it provides, in relevant part, that "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret of confidential research, development, or commercial information."  11 U.S.C. § 107(b)(1).  Bankruptcy Rule 9018 establishes the procedure by which a party in interest

---

[1]  Pursuant to this Court's June 18, 2014 Order, Exhibit 50 has been redacted and filed under seal.  (*See* ECF# 44780 at 2.)  References to the information in Exhibit 50 also have been redacted in Canary Wharf's Reply and Response.  Unredacted and redacted versions of this exhibit are being delivered to Chambers with this motion for the Court's convenience.

may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code.  Rule 9018 provides, in relevant part, "[o]n motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."

12.    Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."  *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003); *see also Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d. Cir. 1994) (affirming bankruptcy court's sealing of "confidential commercial information" that did not rise to level of trade secret).

13.    Pursuant to its obligations under the Confidentiality Stipulation, Canary Wharf seeks entry of the Proposed Order authorizing it to redact and file under seal the Confidential Exhibits and the portions of Canary Wharf's Reply and Response that refer to the Confidential Exhibits.  The Confidential Exhibits were produced by the Parties in reliance upon the Confidentiality Stipulation.  On June 18, 2014, the Court granted Lehman's motion to file under seal certain information similar to that contained in the Confidential Exhibits.  (*See* ECF# 44780.)  Canary Wharf believes that the Court would be aided in its consideration of the Canary Wharf's Reply and Response by reviewing the Confidential Exhibits.

14.    To the extent the Court declines to enter the Proposed Order, Canary Wharf requests that the Court grant it relief from that provision of the Confidentiality Stipulation requiring that Confidential Materials produced by Lehman and third parties be filed under seal. Paragraph 18 of the Confidentiality Stipulation authorizes such relief.  *See* Confidentiality

Stipulation ¶ 18 ("This Stipulation and Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Order, or from agreeing with the other Parties to modify this Stipulation and Order, subject to the approval of the Court.").

## NOTICE

15.     In accordance with Bankruptcy Rule 9018, this Motion does not require notice.  Nevertheless, Canary Wharf has advised Lehman of this Motion.

## NO PRIOR REQUEST

16.     No previous request for the relief sought herein has been made by Canary Wharf to this or any other court.

WHEREFORE Canary Wharf respectfully requests that the Court enter the Proposed Order and grant Canary Wharf such other and further relief as it deems just and proper.

Dated:  New York, New York
        June 26, 2014

Respectfully submitted,

/s/ David B. Tulchin
David B. Tulchin
Marc De Leeuw
John J. Jerome
Andrew E. Gelfand
John G. McCarthy
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Tel:  (212) 558-4000
Fax:  (212) 558-3588

*Attorneys for Canary Wharf Management Ltd.,
Heron Quays (HQ2) T1 Limited and Heron Quays
(HQ2) T2 Limited*

-6-

### Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------- x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| LEHMAN BROTHERS HOLDINGS INC. *et al.*, | : | Case No. 08-13555 (SCC) |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |

--------------------------------------------------------------------- x

### ORDER PURSUANT TO SECTION 107 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018 AUTHORIZING THE CANARY WHARF CLAIMANTS TO FILE CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH THE CANARY WHARF CLAIMANTS' MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO LEHMAN'S CROSS-MOTION FOR SUMMARY JUDGMENT

Upon the motion, dated June 26, 2014 (the "Motion"),[2] of Canary Wharf,

pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, for authorization

to redact the Confidential Exhibits and those portions of Canary Wharf's Reply and Response

that refer to the Confidential Exhibits, and directing that such materials shall remain confidential

and under seal, all as more fully described in the Motion; and the Court having reviewed the

Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in

accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and the Court having found that the legal and factual bases set forth

in the Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is hereby:

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ORDERED that the Motion is granted; and it is further

ORDERED that Canary Wharf is authorized to redact and file under seal the Confidential Exhibits and those portions of Canary Wharf's Reply and Response that refer to Confidential Exhibits; and it is further

ORDERED that the unredacted Confidential Exhibits and Canary Wharf's Reply and Response shall remain under seal and shall not be made available to anyone, other than as provided for in this Order, without the consent of the party that produced the relevant Confidential Exhibit or without further order of the Court; and it is further

ORDERED that the Clerk of the Court shall treat the Confidential Exhibits as confidential, and counsel for Canary Wharf shall contact the Clerk's Office regarding the return or disposition of the unredacted Confidential Exhibits and Canary Wharf's Reply and Response at the conclusion of the contested matter; and it is further

ORDERED that to the extent the Confidential Exhibits are attached or referred to in any future pleading or document filed with the Court relating to this contested matter, this Order shall apply to such pleading or document; and it is further

ORDERED that this Order is without prejudice to the rights of any party interest or the Office of the United States Trustee to seek to make public any portion of the pleadings and/or documents filed under seal pursuant to this Order by filing an appropriate motion with the Court on proper notice to Canary Wharf, Lehman and any third party who produced a confidential document that is proposed to be made public; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising

from the interpretation or implementation of this Order.

Dated: _____, 2014
        New York, New York

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**Confidentiality Stipulation**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
In re                                       :    Chapter 11
                                            :    Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :
                                            :    Jointly Administered
                      Debtors.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>STIPULATION AND ORDER GOVERNING THE PRODUCTION AND USE OF DISCOVERY MATERIAL</u>

This Stipulation and Order is entered into and submitted to the Court in

accordance with the agreement of counsel for Lehman Brothers Holdings, Inc. and Canary

Wharf Management Ltd., Heron Quays (HQ2) T1 Limited and Heron Quays (HQ2) T2 Limited

(each, a "Party" and collectively, the "Parties") that discovery requested and other information

provided in connection with this contested matter concerning proofs of claim numbers 14824 and

14826 (the "Contested Matter") may involve the production of information considered sensitive,

confidential, personal, proprietary, and/or protected by statutory or other legal privilege, and it

appearing to the Court that there is good and sufficient cause that the relief should be granted,

IT IS THEREFORE ORDERED:

1.      The terms of this Stipulation and Order shall take full force and effect

upon execution by the Parties and shall be binding on each of the Parties, their attorneys and

representatives in the above-captioned Chapter 11 case and any related alternative dispute

resolution ("ADR") proceeding.

2.      This Stipulation and Order shall govern all discovery relating to the

Contested Matter and any related ADR proceeding, including, but not limited to, documents,

deposition testimony, deposition exhibits, interrogatory responses, admissions, and any other

information produced, filed with or submitted to the Court and/or given or exchanged by and

among the Parties and any non-parties who produce documents in this Contested Matter.  This

information is hereinafter referred to as "Discovery Material."

3.    Any Party or non-party who produces Discovery Material (each, a

"Producing Party" and, collectively, the "Producing Parties") may designate as "Confidential"

any Discovery Material that it reasonably believes contains information that is (i) not generally

available to the public, and (ii) sensitive commercial, financial or business information, sensitive

personal information, trade secrets or other confidential research, development, or commercial

information the public disclosure of which may adversely affect the Producing Party (or a third

party that supplied the Discovery Material).  All information derived from Confidential

Discovery Material, including but not limited to extracts, summaries, and descriptions of such

material, shall be treated as Confidential in accordance with the provisions of this Stipulation and

Order.

4.    Documents shall be designated as confidential:

(a) in the case of paper documents, by placing or affixing the word

"Confidential" on each such document;

(b) in the case of electronically stored information produced in electronic

form, by (i) affixing to the physical media on which any such information is produced the

word "Confidential" or the words "Contains Confidential Information" and by indicating

in writing what portions of the electronically stored information are Confidential, or

(ii) affixing, by electronic means, to each document or other electronically stored

information the word "Confidential";

(c) in the case of deposition testimony or deposition exhibits, by

designating the testimony or exhibits as Confidential either on the record during the

- 2 -

deposition itself or by written notice (which may be by email) delivered within five (5) business days following receipt of the final transcript by the Party who seeks to designate such deposition testimony or exhibits as Confidential.  Even if no party has designated deposition testimony as Confidential, the deposition testimony will be treated as Confidential until the five (5) business day period following receipt of the final transcript has expired.  Where deposition testimony or exhibits are designated as Confidential, the deposition transcript or deposition exhibits shall be so marked as Confidential, as appropriate.

5.    The inadvertent failure to designate Discovery Material as Confidential at the time of production or within the time frame set forth in paragraph 4(c) above with respect to deposition testimony or exhibits, may be remedied at any time thereafter by written notice. Upon the service of such notice, the identified materials shall be fully subject to this Stipulation and Order as if the materials had been initially designated as Confidential except for any such materials already publicly disclosed prior to service of such notice.  In the event that the material has been publicly disclosed prior to service of such notice, the Party that made the material publicly available shall take reasonable steps to remove the document from the public domain or otherwise have the document placed under seal.

6.    All Discovery Material, and any documents or information derived therefrom, shall be used or disclosed by the receiving Party solely for purposes of the Contested Matter, and any related ADR proceeding, and may not be used for any other purpose whatsoever, including, but not limited to, any business or commercial purpose, for dissemination to the media or the public, or in connection with any other judicial, administrative, or arbitral proceeding. Any person receiving Discovery Material or any information derived therefrom under

- 3 -

Paragraphs 7 or 8 of this Stipulation and Order shall not reveal or discuss such information to or

with any person who is not entitled to receive such information.

       7.     Discovery Material designated by another Party as Confidential pursuant

to this Stipulation and Order shall be inspected by and disseminated only to the following

persons:

       (a) the Parties to the Contested Matter, including the Parties' officers,

directors, managers, and employees (including in-house counsel), who are assisting

counsel for the Parties in the conduct of the Contested Matter for use in accordance with

this Stipulation and Order;

       (b) experts or consultants assisting outside counsel of record in the

conduct of this Contested Matter, subject to Paragraph 8(a) of this Stipulation and Order;

       (c) counsel for the Parties in the Contested Matter and regular and

temporary employees of such counsel assisting in the conduct of the action for use in

accordance with the terms of this Stipulation and Order, including without limitation

third-party contractors engaged in one or more aspects of copying, organizing, filing,

coding, converting, storing, or retrieving data or designing programs for handling data

connected with the action;

       (d) trial or deposition witnesses (and their counsel), subject to Paragraph

8(b) of this Stipulation and Order;

       (e) the Court and Court personnel, subject to Paragraph 10 of this

Stipulation and Order;

       (f) any third-party mediator, settlement judge, or arbitrator selected by the

Parties or assigned by the Court;

- 4 -

(g) court reporters and videographers engaged for recording testimony in connection with this Contested Matter; and

(h) any other person the Producing Party agrees to in writing.

8.    Discovery Material designated by another Party or non-party as "Confidential" may be provided to persons:

(a) listed in Paragraph 7(b) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of the Contested Matter, _provided_ that such expert or consultant is using said Confidential Discovery Material solely in connection with the Contested Matter or any related ADR proceeding; and _further provided_ that such expert or consultant confirms their understanding and agreement to abide by the terms of this Stipulation and Order by signing a confidentiality statement in the form attached as Exhibit A hereto, which shall be maintained by counsel for the Party who received the Confidential Discovery Material and who seeks to disclose such Confidential Discovery Material.

(b) Before a Party or its counsel may show or disclose Discovery Material designated by another Party as "Confidential" to any person listed in Paragraph 7(d) (to the extent such person is not covered by Paragraphs 7(a), (b), (c), (e), (f), (g), or (h) above), that person shall be advised that the Confidential Discovery Material is disclosed subject to this Stipulation and Order and may not be disclosed other than pursuant to its terms.  All persons listed in Paragraph 7(d) (to the extent such persons are not covered by Paragraphs 7(a), (b), (c), (e), (f), (g), or (h) above), who are given access to Confidential Discovery Material, shall be either (i) required to confirm their understanding and agreement to abide by the terms of this Stipulation and Order by signing a confidentiality statement in the form attached as Exhibit B hereto, which shall be maintained by counsel

for the Party who received the Confidential Discovery Material who seeks to disclose

such Confidential Discovery Material, or (ii) ordered by a court with jurisdiction over the

witness to abide by the terms of this Stipulation and Order.

9.      The inadvertent production of any Discovery Material subject to a claim

of confidentiality, attorney-client privilege, attorney work product, or any other privilege or

discovery exemption shall not be deemed to be a waiver of any claim of privilege,

confidentiality, or other protection from discovery or otherwise with respect to that or any other

Discovery Material.  The circumstances or manner in which the inadvertent production occurred

shall similarly not evidence an intention to waive any claim of privilege, confidentiality or other

protection from discovery, nor shall a Party use the circumstances or manner in which an

inadvertent production occurred as a basis for challenging any claim of privilege, confidentiality

or other protection from discovery with respect to the inadvertently produced Discovery

Material.  In the event that any Discovery Material that is subject to a claim that it is confidential,

privileged, or protected from discovery on any other ground is inadvertently produced, within

three (3) business days after receipt of written notice (by letter or email) from the Producing

Party that the Discovery Material was inadvertently produced, the Party who received the

inadvertently produced Discovery Material shall return to the Producing Party the inadvertently

produced Discovery Material and all copies of it, or shall certify that all copies of such

Discovery Material have been deleted or destroyed.

10.      To the extent that any Confidential Discovery Material (or any pleading,

motion or memorandum referring to such Discovery Material) is proposed to be filed or is filed

with the Court, the filing party shall seek to file that Confidential Discovery Material, or any

portion of any pleading, motion or memorandum which discloses confidential information, under

seal.  Even if the filing Party believes that the materials are not properly classified as

- 6 -

Confidential Discovery Material, the filing Party shall file an Interim Sealing Motion; provided,

however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the

filing Party's rights under paragraph 11 of this Stipulation and Order.

11.     If at any time a Party objects to the designation of Discovery Material as

Confidential under this Stipulation and Order, including any Discovery Material filed under seal

in accordance with paragraph 10, or objects to the designation of a particular document as

subject to any privilege or immunity from disclosure, the objecting Party shall notify the

designating Party in writing (which may be by email).  The objecting Party shall identify the

Discovery Material in question and shall specify in reasonable detail the reasons for the

objection.  Within five (5) business days of the receipt of such notice, the disclosing and

objecting Parties shall meet and confer in an effort to resolve their differences.  If the Parties

cannot resolve their differences, the objecting Party may apply within five (5) business days

thereafter, or such longer time as the Parties may agree, for a ruling from the Court on the

propriety of the designation or claim of privilege or immunity from disclosure.  While any such

application is pending, purportedly Confidential Discovery Material that is subject to the

application shall remain Confidential until the Court rules.  Similarly, documents subject to a

claim of privilege or immunity from disclosure shall not be held or maintained by an objecting

Party while the Court addresses the issue but shall be returned or destroyed as set forth in

paragraph 9, provided that the objecting Party may keep a copy solely for the purpose of

challenging the claim.  The Producing Party shall have the burden of proving, to the Court's

satisfaction and by a preponderance of the evidence, that the Discovery Material qualifies as

confidential, privileged or otherwise immune from discovery under the applicable legal

standards.

12.    Nothing herein shall prevent any Party from seeking further, greater, or lesser protection with respect to the use of any Confidential Discovery Material in connection with any trial, hearing, or other proceeding in this case, or seeking to prevent Confidential Discovery Material from being provided to persons described in paragraph 7 of this Stipulation and Order.

13.    Nothing in this Stipulation and Order shall be construed as preventing any Party from objecting to the designation of any Discovery Material as confidential or preventing any Party from seeking further protection from the Court for any Discovery Material.

14.    Within forty-five (45) days after the final conclusion of this Contested Matter, including all appeals, all Discovery Material and all copies thereof, shall either be (a) returned to the Producing Party or (b) destroyed, provided that counsel for each Party may retain (i) one copy of any pleading or other paper filed with the Court in the action, and (ii) any attorney work product that refers to any Discovery Material, as to which the other terms of this Stipulation and Order shall remain in effect.  If the receiving Party chooses to destroy any such Discovery Material, then that Party shall certify the destruction to the Producing Party.

15.    This Stipulation and Order shall not be construed to affect in any way the admissibility of any Discovery Material or other documents or information.

16.    Nothing herein shall be construed to limit any Producing Party's use or disclosure of its own documents, materials, or information or information and documents that are already in that Party's possession or obtained from sources other than the adverse Party.  In addition, nothing herein shall prevent or in any way limit any Party's disclosure, use, or dissemination of any information or documents including any Discovery Material produced by another Party that is in or becomes part of the public domain.

- 8 -

17.     Any entity that is not a Party hereto that is producing Discovery Material may be included in this Stipulation and Order by endorsing a copy of this Stipulation and Order and delivering it to the requesting Party who, in turn, will serve it upon counsel for the other Parties.  The Parties may designate Discovery Material produced by a non-party as "Confidential" in accordance and consistent with the terms and provisions of this Stipulation and Order.

18.     This Stipulation and Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Order, or from agreeing with other Parties to modify this Stipulation and Order, subject to the approval of the Court.

19.     The Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Stipulation and Order upon appropriate motion by a part in interest.

20.      Nothing in this Stipulation and Order shall relieve a party of its obligations under the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure or under any future stipulations and orders.

21.     This Stipulation and Order may be signed by the Parties in counterparts.

Dated this 6th day of March, 2013.

WEIL, GOTSHAL & MANGES LLP          SULLIVAN & CROMWELL LLP


By: /s/ Robert J. Lemons          By: /s/ David B. Tulchin

    Peter D. Isakoff                      David B. Tulchin
    Robert J. Lemons                      Marc De Leeuw
    767 Fifth Avenue                      John J. Jerome
    New York, NY 10153                    125 Broad Street
    Phone: (212) 310-8000                 New York, NY 10004
    Fax: (212) 310-8007                   Phone: (212) 558-4000
                                          Fax: (212) 558-3588


*Counsel for Lehman Brothers Holdings, Inc.*    *Counsel for Canary Wharf Management Ltd., Heron Quays (HQ2) T1 Limited and Heron Quays (HQ2) T2 Limited*


**SO ORDERED:**


Dated: New York, New York
       March 11, 2013

                                  *s/ James M. Peck*
                                  Honorable James M. Peck
                                  United States Bankruptcy Judge

**EXHIBIT A**

**UNDERTAKING PURSUANT TO
THE STIPULATION AND ORDER GOVERNING THE PRODUCTION AND USE OF
DISCOVERY MATERIALS**

I,_____, hereby certify (i) my understanding that Confidential Discovery

Material[1] is being provided to me pursuant to the terms and restrictions of the Stipulation in the

above-captioned case, and (ii) that I have read the Stipulation and Order.  I understand the terms

of the Stipulation and Order, I agree to comply with the Stipulation and Order in all respects, and

I hereby submit and waive any objection to the jurisdiction of the Court for the adjudication of

any dispute concerning or related to my compliance with the Stipulation and Order.  I understand

that any violation of the terms of this Stipulation and Order may be punishable by money

damages, interim or final injunctive or other equitable relief, sanctions, contempt of court

citation, or other or additional relief as deemed appropriate by the Court.  Upon the conclusion of

the Contested Matter or any related ADR proceeding and any appeals related thereto, or when I

no longer have any reason to possess the Confidential Discovery Material, whichever shall first

occur, I hereby agree to return all copies of information designated as "Confidential" to the party

who furnished the same to me or certify that the same has been destroyed.

Date:  _____

By:    _____

Please print or type the following:

Name:
Title and Affiliation:
Address:
Telephone:

_____

[1] All capitalized terms shall have the meaning ascribed to them in the Stipulation and Order.

**EXHIBIT B**

**UNDERTAKING PURSUANT TO
THE STIPULATION AND ORDER GOVERNING THE PRODUCTION AND USE OF
DISCOVERY MATERIALS**

I,_____, have read the Stipulation and Order [1] in the above-captioned case.

I understand the terms of the Stipulation and Order, I agree to comply with the Stipulation and

Order in all respects, and I hereby submit and waive any objection to the jurisdiction of the Court

for the adjudication of any dispute concerning or related to my compliance with the Stipulation

and Order.  I understand that any violation of the terms of this Stipulation and Order may be

punishable by money damages, interim or final injunctive or other equitable relief, sanctions,

contempt of court citation, or other or additional relief as deemed appropriate by the Court.

Upon the conclusion of the Contested Matter or any related ADR proceeding and any appeals

related thereto, or when I no longer have any reason to possess the Confidential Discovery

Material, whichever shall first occur, I hereby agree to return all copies of information

designated as "Confidential" to the party who furnished the same to me or certify that the same

has been destroyed.

Date: _____

By: _____

Please print or type the following:

Name:
Title and Affiliation:
Address:
Telephone:

---

[1] All capitalized terms shall have the meaning ascribed to them in the Stipulation and Order.