# ASTIGARRAGA DAVIS

1001 Brickell Bay Drive • 9ᵗʰ Floor
Miami, Florida 33131-2847

June 27, 2014

**VIA FEDEX**

Honorable Shelley C. Chapman.
United States Bankruptcy Court
South District of New York
One Bowling Green
Courtroom: 623
New York, NY 10004-1408

> _Re:_  _In re: Lehman Brothers Holdings Inc., et al.—Case No. 08-13555-scc_
> _Hearing on the One Hundred Eleventh Omnibus Objection to the claim of_
> _Banco Interior de S.A.—Claim No. 21949_

Dear Judge Chapman:

Enclosed please find five pieces of (5) correspondence[1] between counsel for claimant, Banco Interior de S.A., and the Administrators for Lehman Brothers International (Europe). Claimant requests that the Court take the correspondence under consideration for the upcoming Hearing on the One Hundred Eleventh Omnibus Objection to the Claim of Banco Interior de S.A. (Claim No. 21949), scheduled for July 1, 2014 [ECF No. 44771].

Sincerely,

Bruno de Camargo
On Behalf of Arnoldo B. Lacayo
_Pro Hoc Vice_ Counsel for Banco Interior

cc: Maurice Horwitz (via electronic mail)
    maurice.horwitz@weil.com

---

[1] Correspondence dated: (1) January 9, 2014; (2) January 31, 2014; (3) February 14, 2014; (4) May 21, 2014; (5) May 23, 2014.

# Correspondence No. 1

Letter Dated *January 9, 2014*

4 More London Riverside
London SE1 2AU

T:  +44 20 7379 0000
F:  +44 20 7379 6854
DX: 132076 London Bridge 4

info@lg-legal.com
www.lg-legal.com

**Your ref.**
**Our ref.**        JEI/AW/A518/1
**Doc number**    14610350.1
jennifer.iglesias@lg-legal.com

Direct Dial
T/    +44 20 7759 6922
F/    +44 20 7173 8922

Lehman Brothers International (Europe) (in Administration)
Level 23
25 Canada Square
London E14 5LQ

# LawrenceGraham

F.A.O. Amanda Quaine

**BY EMAIL: Amanda.Quaine@lbia-eu.com**

9 January 2014

Dear Sirs,

**Lehman Brothers International (Europe) (in administration)**
**Proof of Debt**

We write further to your recent communications with Jennifer Iglesias of this office.

Further to our letter dated 4 October 2012 to Linklaters LLP (a copy of which is enclosed), it was agreed that LBIE would compile a report setting out in detail the searches that have been conducted and the findings of those searches.

There has been some history to this matter. We have chased for provision of the report since July, and in an email on 18 July 2013 from Amanda Quaine of your office to Jennifer Iglesias you advised that *"We hope to be in a position to respond within the month [ie of July], holiday absences permitting"*. Following further correspondence, in an email dated 19 December 2013, you advised that you hope to have a response with us by the end of January 2014.

As we are sure you will appreciate, this matter has now been pending for over a year, and it has been five months since you gave a specific deadline to provide the report which you have not met. We would not expect a review of LBIE's books and records to take this long, especially given the available resources.

Given the delays to date, we would appreciate if the current deadline of the end of January could be adhered to. Our client is quite understandably becoming frustrated with the delays and as the liquidator of Banco Interior de Sao Paulo S.A. he owes certain duties to the Estate. If the report is not forthcoming, the only other option would be for our client to seek recognition of his appointment as liquidator here in England under The Cross-Border Insolvency Regulations 2006. He would then be required to apply to Court for an order compelling the disclosure of information and documents from LBIE. This would obviously cause further delay and expense. We are hopeful that this will not be necessary in the circumstances, but plainly it requires your co-operation if it is to be avoided.

Lawrence Graham LLP is a limited liability partnership registered in England and Wales under registration number OC307835 and is authorised and regulated by the Solicitors Regulation Authority. A list of members may be inspected at 4 More London Riverside, its registered office

We should therefore be grateful if you could confirm by return that we will receive LBIE's substantive response by the end of January at the very latest, as you have indicated.

Yours faithfully

*Lawrence Graham LLP*

**LAWRENCE GRAHAM LLP**

4 More London Riverside
London SE1 2AU

T/   +44 (0)20 7379 0000
F/   +44 (0)20 7379 6854
DX/ 132076 London Bridge 4

info@lg-legal.com
www.lg-legal.com

Your ref.
Our ref.      JEI/AW/A518/1
Doc. number   7426107.4
Jennifer.iglesias@lg-legal.com

Direct Dial
T/   +44 (0)20 7759 6922
F/   +44 (0)20 7173 8922



Linklaters LLP
One Silk Street
London EC2Y 8HQ

F.A.O. Nick Porter/ Jared Oyston

4 October 2012

Dear Sirs

**Lehman Brothers International (Europe) (in administration)**
**Proof of Debt dated 29 May 2012**

We refer to your letter of 24 August 2012.

We disagree with your assertions that our client's claims are speculative. They are not. Our letter of 29 May 2012 set out as much detail about the claims (with supporting documents) as is currently available to our client, who is himself an insolvency practitioner appointed by the Central Bank of Brazil on 14 July 2008 to investigate the collapse of a bank in Sao Paulo.

Please confirm what further information is required at this stage to enable the Joint Administrators to investigate the matter.

In the meantime, we would be grateful if you would respond to the following:

- Have your clients carried out a review of LBIE's "books and records" as your letter implies, or have they merely run a search against the relevant account numbers?

- What is the basis for your assertion that the cancellation of the bond "appears" not to have involved LBIE?

Notwithstanding the bare denial contained in your letter, it is clear the LBIE was involved in some way in the fraud committed against Banco Interior. In this regard, we enclose the following:

1. A Purchase Agreement dated 1 September 2002 between Antonio Rogerio Cucolicchio and Financial Services International Inc. (the **"Purchase Agreement"**) which states the following at paragraph 2:

Lawrence Graham LLP is a limited liability partnership registered in England and Wales under registration number OC307935 and is authorised and regulated by the Solicitors Regulation Authority. A list of members may be inspected at 4 More London Riverside. Its registered office.

*"The Seller hereby sells, assigns and transfers to the Buyer and the Buyer hereby acquires the credit that the Seller has before Lehman Brothers International (Europe) referenced in the obligations of the Global Brazil Bonus 27, May 15, with maturity in the year 2.027(sic), of the Federative Republic of Brazil, according to the ISIN US105756AB07.."* (emphasis added).

2. A Master Agreement dated 17 August 2000 entered into between LBIE and Banco Interior.

3. A Master Agreement dated 17 August 2000 entered into between LBIE and Aufer Empreendimentos Imobiliarios Ltda ("AEI").

4. An LBIE Documentation Completion Checklist completed in respect of AEI, detailing Aureo Ferreira as the sole director of AEI.

5. An email from Ms Mia Howard of Lehman Brothers Inc. dated 8 January 2007 confirming that Banco Interior's derivatives contracts were maintained by LBIE.

We do not intend to repeat the details set out in our previous letter dated 29 May 2012. However, the above-mentioned documents support our client's belief that LBIE played a role in the Bond scheme allegedly perpetrated by Mr Ferreira. Namely, LBIE: (1) opened, or was involved in the opening of an account for AEI; (2) is cited in the Purchase Agreement which relates to the Bond; (3) maintained the derivative contracts for Banco Interior; and (4) maintained and/or was involved in the derivative transactions of AEI.

Please note that for the purpose of this letter, we have only included one purchase agreement by way of an example. However, our client does have copies of fifteen further purchase agreements which are in the same form and can be provided to you if necessary.

*Information and documentation sought*

We have sent a number of letters to your clients in relation to this matter, dating as far back as 3 March 2009. Until receipt of your letter, however, we had received no response at all. In order to assist our client's investigations and the liquidation of Banco Interior, please provide the following information and/or documents, assuming that they are in LBIE's control:

1. Confirmation of LBIE's role pursuant to the above-mentioned Purchase Agreements.

2. Any documents relating to the Brazilian Bond (Brazilian Bond 27, ISIN US105756AB07).

3. Any documents pertaining to or relating to Banco Interior, or having the bank as the beneficial owner, including the number and date that accounts were opened and closed.

4. Copies of all statements, cancelled cheques, deposit slips, wire transfer requests or any other documents which reflect any and all activities for any accounts opened in the name of Banco Interior and/or regarding any products or investments managed by LBIE on behalf of Banco Interior.

5. Any documents pertaining to or relating to Financial Services International, Inc., Roberto Pichard, Aureo Ferreira and/or Aurero Ferreira, Jr, AEI, Aufer Agropercuaria S.A., Garter Trading S.A. and/or Antonio Rogerio Cucolicchio.

6. Any documents relating to derivative contracts to which Banco Interior was a party.

In the event that any documents and/or information is subject to customer confidentiality (other than with Banco Interior), then we would like to discuss with your clients whether an appropriate court order for disclosure would be required. Our client is also prepared to attend a meeting with your clients, should it be considered necessary and helpful.

We look forward to hearing from you.

Yours faithfully

*Lawrence Graham LLP*

**LAWRENCE GRAHAM LLP**

Encs

# Correspondence No. 2

Letter Dated *January 31, 2014*

# Linklaters

Linklaters LLP
One Silk Street
London EC2Y 8HQ
Telephone (+44) 20 7456 2000
Facsimile (+44) 20 7456 2222
DX Box Number 10 CDE
Direct Line 020 7456 5982
Direct Fax 020 7456 2222
jared.oyston@linklaters.com

Lawrence Graham LLP
4 More London Riverside
London
SE1 2AU

**F.A.O. Jennifer Iglesias**

**By Email**                                                                   31 January 2014

Your Ref          CZM/AW/A518/1

Our Ref           Nick Porter/Jared Oyston

Dear Sirs

## Lehman Brothers International (Europe) (in administration) ("LBIE")

We refer to your letters dated 3 March 2009, 4 October 2012 and 9 January 2014. Unless otherwise stated we adopt the defined terms used in our letter of 24 August 2012.

Our clients apologise that it has taken longer than anticipated to respond substantively and that these delays were not forewarned. The resources available within the administration, whilst significant, are limited and the demands made thereof over the last year have been very material. We would refer you to the Administrators' published progress reports to give some insight into the challenges encountered and progress made. Therefore we trust your client will understand why his own demands have not had the priority of other counterparties given the Administrators' stated objectives. Nevertheless, as will be clear from this letter, we are able to set out a substantive response and do so below.

The Administrators have conducted a review of LBIE's books and records in response to your queries in relation to the Bond and the transaction described in your correspondence and the PoD (the "**Transaction**"). In this regard we note that your reference to a bond with the ISIN US105756AB07 appears to be incorrect. Our understanding, having investigated the position, is that no such security has ever existed. We assume that this is a typographical or other error on your part, and that you intended to refer to the bond with the ISIN US105756AE07. References in this letter to the "Bond" are to the security with the ISIN US105756AE07.

Our clients' review of LBIE's books and records has involved the following:

1.      LBIE identified and, where available, retrieved data from, some 29 former Lehman Brothers systems considered potentially relevant based on your description of the Transaction in correspondence, the PoD and other supporting documentation;

This communication is confidential and may be privileged or otherwise protected by work product immunity.

Linklaters LLP is a limited liability partnership registered in England and Wales with registered number OC326345. It is a law firm authorised and regulated by the Solicitors Regulation Authority. The term partner in relation to Linklaters LLP is used to refer to a member of Linklaters LLP or an employee or consultant of Linklaters LLP or any of its affiliated firms or entities with equivalent standing and qualifications. A list of the names of the members of Linklaters LLP together with a list of those non-members who are designated as partners and their professional qualifications is open to inspection at its registered office, One Silk Street, London EC2Y 8HQ or on www.linklaters.com and such persons are either solicitors, registered foreign lawyers or European lawyers.

Please refer to www.linklaters.com/regulation for important information on our regulatory position.

A16666239

Linklaters

2.  LBIE retrieved the email accounts of several potentially relevant Lehman Brothers personnel, again based on the information in the PoD and other supporting documentation (although we note that some of those personnel referenced in such documentation were non-LBIE personnel some of whose email accounts are not available to LBIE);

3.  LBIE retrieved data from potentially relevant network shared drives;

4.  LBIE conducted searches for potentially relevant material against its hard copy document archive system;

5.  LBIE ran an extensive set of keyword searches against those systems and accounts, including the account numbers, transaction reference numbers and names of entities and individuals referred to in the PoD and other supporting documentation; and

6.  LBIE reviewed the results of those searches for any material apparently relating to the Bond, the Transaction or any other individuals or entities referred to in the PoD and supporting documentation.

On the basis of that extensive review, we can provide the information set out below.

**1    Accounts**

1.1  LBIE did not open or maintain accounts with the account numbers 831-20448-14 399, 831-20687-14 399 and 831-20686-15 399. It appears that these accounts were opened by Lehman Brothers Inc. ("**LBI**") in August 2000 as follows:

1.1.1  the 831-20448-14 399 and 831-20687-14 399 accounts were opened for Banco Interior; and

1.1.2  the 831-20686-15 399 account was opened for Aufer Empreendimentos Imobiliarios Ltd ("**Aufer**").

1.2  LBIE has also located two LBIE derivatives trading accounts opened on 24 August 2000 and numbered 011052354 and 011052362 for Banco Interior and Aufer respectively (the "**LBIE Derivatives Accounts**").

1.3  You have requested that LBIE investigate accounts numbered 084200BISP and 084200AUFL. We note that:

1.3.1  this appears to be a typographical or other error on your part, and we assume you are referring to the numbers 082400BISP or 082400AUFL; and

1.3.2  in any event, 082400BISP or 082400AUFL were Lehman counterparty reference numbers for Banco Interior and Aufer respectively, rather than account numbers.

The Administrators conducted searches for these reference numbers but found no further Lehman accounts.

**2    The Bond**

2.1  It appears unlikely that LBIE held the Bond for Banco Interior or any related party as custodian. This is because:

2.1.1  LBIE did not operate a custody account for Banco Interior or any of the related entities identified by you; and

Linklaters

2.1.2    no such securities were held in the LBIE Derivatives Accounts (being the only accounts held with LBIE by Banco Interior, Aufer or the identified related entities).

2.2    Whilst it appears that LBIE did, from time to time, hold instances of the Bond for its clients, there is no evidence that LBIE held the Bond as custodian for Banco Interior or other related party.

## 3    Agreements

3.1    On 17 August 2000 LBIE entered into ISDA Master Agreements (and accompanying Credit Support Annexes ("**CSAs**")) with each of Banco Interior and Aufer.

3.2    In your correspondence you refer to a purchase agreement dated 1 September 2000 entered into between a Mr Cucolicchio and Financial Services International, Inc., which states "*the buyer hereby acquires the credit that the Seller has before Lehman Brothers International (Europe)...*". LBIE is not  a party to that agreement, and has not been able to locate a copy of that agreement other than as provided by the liquidator of Banco Interior in 2007.

## 4    Swap Transaction

4.1    A review of relevant Lehman IT systems has identified trade reports, legal agreements and confirmations that reference a swap transaction between LBIE and Banco Interior.

4.2    On 5 September 2000 LBIE entered into a swap transaction (the "**Swap Transaction**") with Westfalia Emerging Markets Inc. ("**Westfalia**") pursuant to a swap confirmation letter. The Swap Transaction related to a bond with the ISIN US105756AE07. Under the Swap Transaction, LBIE would pay Westfalia the interest and principal on the bond on the maturity date and Westfalia would pay LBIE fixed amounts of USD420,000, USD140,000 and USD140,000 on 1 September 2000, 1 September 2001 and 1 September 2002 respectively.

4.3    On 1 September 2000, LBIE received a USD420,000 payment from Westfalia. The amount and date is therefore consistent with the first payment expected in relation to the Swap Transaction.

4.4    In a confirmation dated 6 September 2000 under the ISDA Master Agreement between LBIE and Banco Interior dated 17 August 2000, Westfalia assigned "*all of its rights and obligations under and in respect of*" the Swap Transaction to Banco Interior as of 8 September 2000.

4.5    Banco Interior wrote to LBI on 26 January 2001 requesting cancellation of the Swap Transaction.

4.6    On 16 February 2001, following Banco Interior's entry into liquidation on 7 February 2001, LBIE terminated the Swap Transaction.

## 5    The beneficial owner of Bank of America account 6550161536

5.1    You have requested that the Administrators investigate the identify of the beneficial owner of Bank of America account 6550161536 (the "**BoA Account**").

5.2    A review of Lehman IT system has identified that the Bank of America account numbered 6550161536 was held by Lehman Brothers Holdings, Inc., UK Branch.

Linklaters

**6    Transfer of USD420,000 transferred from Aufer to Bank of America**

**6.1**    You have requested that the Administrators investigate a payment of USD420,000 into an LBI account of Aufer by an entity named Garter Trading S.A. on or around 1 September 2000 and the immediate on-transfer of that amount from Aufer's LBI account to the BoA Account.

**6.2**    The Administrators regret that they cannot provide the information requested that relates to LBI. We suggest that this enquiry be directed to LBI.

It should be clear from the above that LBIE's efforts to locate documents and information relating to the Bond and/or the Transaction (which occurred some eight years prior to LBIE's entry into administration) have been extensive.

The Administrators remain of the view that your client's claim against LBIE is not proven. In particular we note that, whilst setting out "factual background" to the alleged fraud, your correspondence has yet to state or otherwise make clear precisely what act of fraud is alleged against any party. There is nothing in the results of the comprehensive investigation shared above that in the Administrators' view warrants further consideration or examination. You will appreciate that the Administrators are unable to accept a proof of debt which simply alleges indeterminate involvement on LBIE's part in events said to have taken place some thirteen years ago that you assert constituted an unspecified act of fraud on the part of third parties.

We hope that your client is now satisfied that we have fully, reasonably and adequately addressed your client's enquiry and potential claim. We look forward to hearing from you with any final observations you may have and would then suggest that your client withdraws the PoD.

The Administrators reserve all of their and LBIE's rights.

Yours faithfully

*Linklaters LLP*

Linklaters LLP

# __Correspondence No. 3__

Letter Dated *February 14, 2014*

4 More London Riverside
London SE1 2AU

T: +44 20 7379 0000
F: +44 20 7379 6854
DX: 132076 London Bridge 4

info@lg-legal.com
www.lg-legal.com

Your ref.      Nick Porter/Jared Oyston    Direct Dial
Our ref.       JEI/AW/A518/1              T/   +44 20 7759 6922
Doc number     15075943.1                 F/   +44 20 7173 8922
jennifer.iglesias@lg-legal.com

Linklaters LLP
One Silk Street                              # LawrenceGraham
London EC2Y 8HQ

F.A.O. Nick Porter/ Jared Oyston

**BY EMAIL: nick.porter@linklaters.com/jared.oyston@linklaters.com**

14 February 2014

Dear Sirs

**Lehman Brothers International (Europe) (in administration)**

We acknowledge receipt of your letter dated 31 January 2014.

The letter is currently being considered by our client and we will revert substantively as soon as we are in receipt of our client's instructions.

We note that your letter states that the Administrators have conducted an extensive review of LBIE's books and records and a number of documents are expressly referred to. However, a copy of the relevant documentation has not been provided to our client. We should be grateful if you could provide our client with a copy of all documentation and correspondence relating to the following (for ease of reference, we have adopted the definitions used in your letter):

1. The Bond with ISIN US105756AE07;

2. Account numbers 831-20448-14 399, 831-20687-14 399 and 831-20686-15 399;

3. The LBIE Derivatives Accounts;

4. The ISDA Master Agreements and Credit Support Annexes;

5. The Swap Transaction; and

6. The BoA Account.

We look forward to receiving the requested documentation at your earliest convenience.

Yours faithfully

*Lawrence Graham LLP*

**LAWRENCE GRAHAM LLP**

Lawrence Graham LLP is a limited liability partnership registered in England and Wales under registration number OC307935 and is authorised and regulated by the Solicitors Regulation Authority. A list of members may be inspected at 4 More London Riverside, its registered office

# <u>Correspondence No. 4</u>

## Letter Dated *May 21, 2014*

Your Reference

Our Reference
JEI/JTS/A518/1

Linklaters LLP
One Silk Street
London EC2Y 8HQ

Wragge Lawrence Graham & Co LLP
4 More London Riverside
London
SE1 2AU
DX 132076 London Bridge 4

F.A.O. Matthew Harding

**BY EMAIL: matthew.harding@linklaters.com**

21 May 2014

Dear Sirs

**Lehman Brothers International (Europe) (in administration)**

We write further to the telephone call on 14 May 2014 between Jennifer Iglesias of this office, Matthew Harding of your office and Amanda Quaine of the Administrators.

We understand that the Administrators have some difficulty in providing the documentation that we have previously requested in our letter of 14 February 2014, because they consider the parameters of the request to be too broad and believe that it would take a considerable amount of time and resources to collate them. However, we further understand that the Administrators would be in a better position to provide documents that are clearly identifiable. Whilst the position is reserved regarding the broader request, our client, being an insolvency practitioner himself, does appreciate the Administrators' position. With that in mind, we have set out below a list of documents that are clearly identifiable from your letter of 31 January 2014. The references to paragraph numbers are to the paragraph numbers in your letter of 31 January 2014.

1. The records relating to the two LBIE derivatives trading accounts opened on 24 August 2000 by Banco Interior and Aufer Empreendimentos Imobiliarios Ltda. (account numbers 011052354 and 011052362) (paragraph 1.2).

2. The swap confirmation letter dated on or before 5 September 2000 (paragraph 4.2).

3. The trade reports, legal agreements and confirmations that reference the Swap Transaction between LBIE and Banco Interior, including the confirmation dated 6 September 2000 (paragraphs 4.1 and 4.4).

4. Confirmation of the termination of the Swap Transaction by LBIE on 16 February 2001 (paragraph 4.6).

We should be most grateful if the above documentation could be provided as soon as possible. As advised in our letter of 3 April 2014, our client would be happy to pay for the reasonable retrieval and copying costs

T +44 (0) 870 903 1000
F +44 (0) 870 904 1099
www.wragge-law.com

Wragge Lawrence Graham & Co LLP is a limited liability partnership registered in England and Wales under registration number 0C304378 and is authorised and regulated by the Solicitors Regulation Authority. A list of members may be inspected at 55 Colmore Row, Birmingham B3 2AS, its registered office.

wp#15668809v1(JEI)

of the documentation should this be necessary. However, we should be grateful if you could provide us with an estimate of these costs before they are incurred so that we can seek our client's approval.

We have refined our prior requests for documents as was discussed on the call. We therefore consider that the rejection of the Proof of Debt on Friday 23 May would be premature in the circumstances.

We look forward to hearing from you as soon as possible.

Yours faithfully

*Wragge Lawrence Graham & Co LLP*

**WRAGGE LAWRENCE GRAHAM & CO LLP**

Cc Amanda Quaine

# <u>Correspondence No. 5</u>

## Letter Dated *May 23, 2014*

Lehman Brothers International (Europe) (in administration)

Lehman Brothers International
(Europe) (in administration)
25 Canada Square
London
E14 5LQ

---

**IMPORTANT INFORMATION**

THIS LETTER IS IMPORTANT AND REQUIRES YOUR IMMEDIATE ATTENTION. IF YOU ARE UNSURE ABOUT THE CONTENTS OF THIS LETTER, YOU SHOULD OBTAIN INDEPENDENT PROFESSIONAL ADVICE.

THIS LETTER CONSTITUTES A WRITTEN STATEMENT OF THE REASONS THAT YOUR PROOF OF DEBT HAS BEEN REJECTED BY THE JOINT ADMINISTRATORS, IN ACCORDANCE WITH RULE 2.77(2) OF THE INSOLVENCY RULES 1986 (THE "RULES").

IF YOU ARE DISSATISFIED WITH THE JOINT ADMINISTRATORS' DECISION WITH RESPECT TO THE PROOF OF DEBT YOU MAY APPLY TO THE COURT FOR THE DECISION TO BE REVERSED OR VARIED WITHIN 21 DAYS OF YOU RECEIVING THIS LETTER.

---

To:

Banco Interior de Sao Paulo SA (in liquidation) (the "**Counterparty**" or "**you**")
c/o Lawrence Graham LLP
4 More London Riverside
London
SE1 2AU

F.A.O. Mr Alcides Roberto de Oliveria Chaves

Jennifer.iglesias@lg-legal.com

GAC Code: 699179

23 May 2014

Dear Sirs

**LEHMAN BROTHERS INTERNATIONAL (EUROPE) (IN ADMINISTRATION):
REJECTION OF PROOF OF DEBT**

**1    INTRODUCTION**

As you are aware, on 15 September 2008 (the "**Administration Date**") Lehman Brothers International (Europe) ("**LBIE**") entered into administration (the "**Administration**") by order of the High Court Chancery Division of England and Wales. On the Administration Date, Anthony

---

*A V Lomas, SA Pearson, PD Copley, R Downs and JG Parr were appointed as Joint Administrators of Lehman Brothers International (Europe) to manage its affairs, business and property as agents without personal liability. A V Lomas, SA Pearson, PD Copley, R Downs and JG Parr are licensed in the United Kingdom to act as insolvency practitioners by the Institute of Chartered Accountants in England and Wales.*

*A V Lomas, SA Pearson, PD Copley and R Downs and JG Parr are Data Controllers of personal data as defined by the Data Protection Act 1998. PricewaterhouseCoopers LLP will act as Data Processor on their instructions. Personal data will be kept secure and processed only for matters relating to the administration.*

*Lehman Brothers International (Europe) registered in England and Wales with registered no. 02538254.
VAT registration no. 446 9315 28*

Lehman Brothers International (Europe) (in administration)

Victor Lomas and Steven Anthony Pearson were appointed as joint administrators of LBIE; on 2 November 2011 Paul David Copley and Russell Downs and on 22 March 2013, Julian Guy Parr, were also appointed as joint administrators (together the "**Joint Administrators**") of LBIE.

We refer to:

1.  the Proof of Debt dated 29 May 2012, appended to this letter in Appendix 1, for a claim amount in excess of US$14,000,000 and submitted by your lawyers, Lawrence Graham LLP ("**LG**") to LBIE (the "**Claim**"); and

2.  the correspondence between LG, LBIE and LBIE's lawyers, Linklaters LLP ("**Linklaters**") appended to this letter in Appendix 2 (the "**Correspondence**").

## 2    REJECTION OF CLAIM AND REASONING

The reasons for the Joint Administrators' decision are that you have failed to substantiate the Claim. In particular and as evidenced by the Correspondence:

*   whilst the Claim relates to an alleged fraud, at no point either in the Claim or the Correspondence have you stated or otherwise made clear what cause of action is alleged against LBIE;

*   the extensive searches of LBIE's books and records undertaken by the Joint Administrators have not revealed any evidence that substantiates a valid claim against LBIE;

*   you have failed to respond to the findings of the Joint Administrators' searches with any further detail or evidence in support of the Claim, which may alter the Joint Administrators' view, despite having had ample time to do so; and

*   there does not appear to be any reasonable prospect of you providing any documentation or evidence over and above that which has already been viewed by the Joint Administrators and taken into account in forming the view that the Claim ought to be rejected.

Accordingly, on the basis of the information and evidence available to the Joint Administrators, the Joint Administrators have decided to reject the Claim in full. In accordance with Rule

AV Lomas, SA Pearson, PD Copley, R Downs and JG Parr were appointed as Joint Administrators of Lehman Brothers International (Europe) to manage its affairs, business and property as agents without personal liability. AV Lomas, SA Pearson, PD Copley, R Downs and JG Parr are licensed in the United Kingdom to act as insolvency practitioners by the Institute of Chartered Accountants in England and Wales.

AV Lomas, SA Pearson, PD Copley, R Downs and JG Parr are Data Controllers of personal data as defined by the Data Protection Act 1998. PricewaterhouseCoopers LLP will act as Data Processor on their instructions. Personal data will be kept secure and processed only for matters relating to the administration.

Lehman Brothers International (Europe) registered in England and Wales with registered no. 02538254. VAT registration no. 446 9315 28

Lehman Brothers International (Europe) (in administration)

2.77(2) of the Rules, **WE HEREBY FORMALLY NOTIFY YOU OF THE JOINT ADMINISTRATORS' REJECTION OF THE CLAIM IN ITS ENTIRETY.**

In the event that you are dissatisfied with the Joint Administrators' decision to reject the Proof of Debt, **YOU HAVE 21 DAYS TO APPLY TO THE COURT FOR THE DECISION TO BE REVERSED OR VARIED,** in which case, we request that you notify LBIE prior to applying to the Court, either:

- By email to: claimrejections@lbia-eu.com; or

- By post to: FAO: Legal Department, 23rd Floor, 25 Canada Square, Canary Wharf, London, E14 5LQ.

This letter is being sent to you by email in a PDF format and a hard copy is being sent to you by post for your file. A hard copy can also be obtained by contacting the Joint Administrators via email at claimrejections@lbia-eu.com; or post at, FAO: Legal Department, 23rd Floor, 25 Canada Square, Canary Wharf, London, E14 5LQ.

## 3   EXCLUSION OF LIABILITY

The Joint Administrators have signed this letter as agents for and on behalf of LBIE and none of the Joint Administrators, their firm nor its members, partners, directors, officers, employees, nor any of their respective agents, advisers or representatives shall incur any personal liability under or in relation to this letter. The exclusion of liability set out in this paragraph shall arise and continue notwithstanding the termination of the agency of the Joint Administrators, and shall operate as a waiver of any claims in tort as well as under the laws of contract. Each of the Joint Administrators, their firm, its members, partners, directors, officers, employees, and each of their respective agents, advisers and representatives shall be entitled to rely on this paragraph as if they were party to this letter. Except as noted above, a person who is not a party to this letter shall have no right under the Contracts (Rights of Third Parties) Act 1999 or otherwise to enforce any term or enjoy any benefit under this letter.

*A V Lomas, SA Pearson, PD Copley, R Downs and JG Parr were appointed as Joint Administrators of Lehman Brothers International (Europe) to manage its affairs, business and property as agents without personal liability. AV Lomas, SA Pearson, PD Copley, R Downs and JG Parr are licensed in the United Kingdom to act as insolvency practitioners by the Institute of Chartered Accountants in England and Wales.*

*A V Lomas, SA Pearson, PD Copley, R Downs and JG Parr are Data Controllers of personal data as defined by the Data Protection Act 1998. PricewaterhouseCoopers LLP will act as Data Processor on their instructions. Personal data will be kept secure and processed only for matters relating to the administration.*

*Lehman Brothers International (Europe) registered in England and Wales with registered no. 02538254.
VAT registration no. 446 9315 28*

Lehman Brothers International (Europe) (in administration)

Yours faithfully

Russell Downs

Joint Administrator

For and on behalf of **Lehman Brothers International (Europe) (in administration)**, as its agent and without personal liability

*AV Lomas, SA Pearson, PD Copley, R Downs and JG Parr were appointed as Joint Administrators of Lehman Brothers International (Europe) to manage its affairs, business and property as agents without personal liability. AV Lomas, SA Pearson, PD Copley, R Downs and JG Parr are licensed in the United Kingdom to act as insolvency practitioners by the Institute of Chartered Accountants in England and Wales.*

*AV Lomas, SA Pearson, PD Copley, R Downs and JG Parr are Data Controllers of personal data as defined by the Data Protection Act 1998. PricewaterhouseCoopers LLP will act as Data Processor on their instructions. Personal data will be kept secure and processed only for matters relating to the administration.*

*Lehman Brothers International (Europe) registered in England and Wales with registered no. 02538254. VAT registration no. 446 9315 28*

Lehman Brothers International (Europe) (in administration)

**Appendix 1**

**Proof of Debt**

*AV Lomas, SA Pearson, PD Copley, R Downs and JG Parr were appointed as Joint Administrators of Lehman Brothers International (Europe) to manage its affairs, business and property as agents without personal liability. AV Lomas, SA Pearson, PD Copley, R Downs and JG Parr are licensed in the United Kingdom to act as insolvency practitioners by the Institute of Chartered Accountants in England and Wales.*

*AV Lomas, SA Pearson, PD Copley, R Downs and JG Parr are Data Controllers of personal data as defined by the Data Protection Act 1998. PricewaterhouseCoopers LLP will act as Data Processor on their instructions. Personal data will be kept secure and processed only for matters relating to the administration.*

*Lehman Brothers International (Europe) registered in England and Wales with registered no. 02538254. VAT registration no. 446 9315 28*

Rule 4.73                **PROOF OF DEBT – GENERAL FORM**          **Form 4.25**

| | | |
|---|---|---|
| **Lehman Brothers International (Europe) (in administration)** | | |
| Date of Winding-Up Order/Resolution for voluntary winding-up | | **15 September 2008** |
| 1. | Name of creditor (If a company please also give company registration number). | Banco Interior de São Paulo SA (in liquidation) (São José de Rio Preto, State of São Paulo, Brazil) |
| 2. | Address of creditor for correspondence. | Lawrence Graham LLP, 4 More London Riverside, London SE1 2AU |
| 3. | Total amount of claim, including any Value Added Tax and outstanding uncapitalised interest as at the date the company went into liquidation. | In excess of US$14,000,000.00 |
| 4. | Details of any documents by reference to which the debt can be sustained. (Note: There is no need to attach them now but the liquidator may call for any document or evidence to substantiate the claim at his discretion as may the chairman or convenor of any meeting). | Please see attached.<br><br>Given the nature of the claim, not all relevant documents are in the possession of the Creditor. |
| 5. | If amount in 3 above includes outstanding uncapitalised interest please state amount. | £ |
| 6. | Particulars of how and when debt incurred. (If you need more space append a continuation sheet to this form). | The involvement of the Company in a fraudulent bond scheme orchestrated by the founder of the Creditor.<br><br>Please see attached. |
| 7. | Particulars of any security held, the value of the security, and the date it was given. | |
| 8. | Particulars of any reservation of title claimed in respect of goods supplied to which the claim relates. | |
| 9. | Signature of creditor or person authorised to act on his behalf | |
| | Name in BLOCK LETTERS<br><br>ANDREW WITTS | |
| | Position with or in relation to creditor<br><br>Partner, Lawrence Graham LLP, Solicitors to the Creditor | |

| Admitted to vote for | Admitted for dividend for |
|---|---|
| £ | £ |
| Date | Date |
| Liquidator | Liquidator |

10756704.1

Lehman Brothers International (Europe) (in administration)

**Appendix 2**

**The Correspondence**

1. LG's letter to LBIE dated 29 May 2012;

2. Linklaters letter to LG dated 24 August 2012;

3. LG's letter to Linklaters dated 4 October 2012;

4. LG's letter to LBIE dated 9 January 2014;

5. Linklaters' letter to LG dated 31 January 2014;

6. LG's letter to Linklaters dated 14 February 2014;

7. Linklaters' letter to LG dated 24 March 2014;

8. LG's letter to Linklaters dated 3 April 2014;

9. LG's letter to Linklaters dated 21 May 2014; and

10. Linklaters' letter to LG dated 23 May 2014.

*AV Lomas, SA Pearson, PD Copley, R Downs and JG Parr were appointed as Joint Administrators of Lehman Brothers International (Europe) to manage its affairs, business and property as agents without personal liability. AV Lomas, SA Pearson, PD Copley, R Downs and JG Parr are licensed in the United Kingdom to act as insolvency practitioners by the Institute of Chartered Accountants in England and Wales.*

*AV Lomas, SA Pearson, PD Copley, R Downs and JG Parr are Data Controllers of personal data as defined by the Data Protection Act 1998. PricewaterhouseCoopers LLP will act as Data Processor on their instructions. Personal data will be kept secure and processed only for matters relating to the administration.*

*Lehman Brothers International (Europe) registered in England and Wales with registered no. 02538254. VAT registration no. 446 9315 28*

Linklaters

Linklaters LLP
One Silk Street
London EC2Y 8HQ
Telephone (+44) 20 7456 2000
Facsimile (+44) 20 7456 2222
DX Box Number 10 CDE
Direct Line 020 7456 5982
Direct Fax 020 7456 2222
jared.oyston@linklaters.com

Lawrence Graham LLP
4 More London Riverside
London
SE1 2AU

**F.A.O. Jennifer Iglesias**

**By Email**                                                            23 May 2014

Your Ref          CZM/AW/A518/1

Our Ref           Nick Porter/Jared Oyston

Dear Sirs

### Lehman Brothers International (Europe) (in administration)

We refer to your letters dated 3 April 2014 (the "**April Letter**") and 21 May 2014 (the "**May Letter**") and the letter dated 23 May 2014 from LBIE to your client, rejecting its proof of debt dated 29 May 2012 (copy enclosed). Unless otherwise stated we adopt the defined terms used previously in this correspondence.

#### Requests for Documents

The Administrators note that the April Letter contains a broad request for copies of the documentation referred to in our letter of 31 January 2014 (the "**January Letter**") and that this request is reserved in the May Letter.

As explained on the call between LBIE (Amanda Quaine), our Matthew Harding and your Jenifer Iglesias on 14 May 2014, the January Letter summarises the extensive searches carried out by the Administrators and references numerous documentation. To comply with the broad request in your April Letter would require considerable resource, which would need to be diverted from other areas of LBIE's administration.

Aside from this unacceptable diversion of resources (away from LBIE's published objectives), it has also been explained to you that the process of compiling the requested documents would be far from simple. A large number of documents and systems have been reviewed, not all of which are capable easily of being reduced to hard copy. Similarly, certain searches did not result in a collation of hard or electronic results. In any event, if the Administrators were to provide any documents or system extracts to you, they would need to ensure that confidential information was not disclosed and that the Administrators were not in breach of data protection and other relevant obligations. A lot of the information reviewed is unlikely to be able to be shared with your client as a result of those considerations.

This communication is confidential and may be privileged or otherwise protected by work product immunity.

Linklaters LLP is a limited liability partnership registered in England and Wales with registered number OC326345. It is a law firm authorised and regulated by the Solicitors Regulation Authority. The term partner in relation to Linklaters LLP is used to refer to a member of Linklaters LLP or an employee or consultant of Linklaters LLP or any of its affiliated firms or entities with equivalent standing and qualifications. A list of the names of the members of Linklaters LLP together with a list of those non-members who are designated as partners and their professional qualifications is open to inspection at its registered office, One Silk Street, London EC2Y 8HQ or on www.linklaters.com and such persons are either solicitors, registered foreign lawyers or European lawyers.

Please refer to www.linklaters.com/regulation for important information on our regulatory position

A18187499

Linklaters

The Administrators further note that whilst the May Letter contains a more limited request for documentation, a number of the items requested are by reference to the broad types of documents uncovered by the Administrators' searches, rather than being specifically identified.

Accordingly, where you have requested a specific (non-confidential) document, a copy is enclosed. However, as regards your broader requests, we enclose copies of those (non-confidential) documents which LBIE is able to easily locate and disclose. A list of the documents enclosed is provided in the Schedule to this letter. Please note that we have not included copies of the documents which you have previously provided to LBIE.

**Rejection of the Proof of Debt**

As stated in previous correspondence, the Administrators are of the view that your client's claim against LBIE has no merit. Nothing in the documentation reviewed pursuant to the extensive searches carried out by the Administrators has changed this view.

Your client has failed to provide any evidence in support of its claim, despite being first notified that the Administrators did not consider the claim to have been substantiated in August 2012. The Administrators consider that there should be no further delay in their adjudication upon the claim.

Accordingly, and as forewarned in previous correspondence and on the Call, the Administrators have taken the decision to reject your client's claim and have done so by way of separate correspondence.

The Administrators reserve all of their and LBIE's rights.

Yours faithfully

Linklaters LLP

Linklaters LLP

Linklaters

## Schedule

### List of Documents

1. screen shots of a position search and a balance search carried out by LBIE in respect of the LBIE derivatives trading account numbered 011052354 (the "**Account**");

2. copy email correspondence from October 2007 confirming that the Account was opened on 24 August 2000 and has been closed since September 2001

3. swap confirmation letter dated 5 September 2000;

4. internal trade report which records the assignment between Westfalia Emerging Markets Inc ("**Westfalia**") to Banco Interior;

5. internal trade report which records the termination of the assigned trade, on account of the liquidation of Banco Interior being a credit event;

6. copy Credit Support Annex between LBIE and Banco Interior dated 17 August 2000;

7. confirmation dated 6 September 2000 which records the terms of the assignment from Westfalia to Banco Interior; and

8. confirmation of termination of swap dated February 16 February 2001 together with fax acknowledgement dated 21 February 2001 from Pinheiro Guimaraes – Advogados.

Your Reference

Our Reference
JEI/JTS/A518/1

Linklaters LLP
One Silk Street
London EC2Y 8HQ

F.A.O. Matthew Harding

Wragge Lawrence Graham & Co LLP
4 More London Riverside
London
SE1 2AU
DX 132076 London Bridge 4

**BY EMAIL: matthew.harding@linklaters.com**

21 May 2014

Dear Sirs

**Lehman Brothers International (Europe) (in administration)**

We write further to the telephone call on 14 May 2014 between Jennifer Iglesias of this office, Matthew Harding of your office and Amanda Quaine of the Administrators.

We understand that the Administrators have some difficulty in providing the documentation that we have previously requested in our letter of 14 February 2014, because they consider the parameters of the request to be too broad and believe that it would take a considerable amount of time and resources to collate them. However, we further understand that the Administrators would be in a better position to provide documents that are clearly identifiable. Whilst the position is reserved regarding the broader request, our client, being an insolvency practitioner himself, does appreciate the Administrators' position. With that in mind, we have set out below a list of documents that are clearly identifiable from your letter of 31 January 2014. The references to paragraph numbers are to the paragraph numbers in your letter of 31 January 2014.

1. The records relating to the two LBIE derivatives trading accounts opened on 24 August 2000 by Banco Interior and Aufer Empreendimentos Imobiliarios Ltda. (account numbers 011052354 and 011052362) (paragraph 1.2).

2. The swap confirmation letter dated on or before 5 September 2000 (paragraph 4.2).

3. The trade reports, legal agreements and confirmations that reference the Swap Transaction between LBIE and Banco Interior, including the confirmation dated 6 September 2000 (paragraphs 4.1 and 4.4).

4. Confirmation of the termination of the Swap Transaction by LBIE on 16 February 2001 (paragraph 4.6).

We should be most grateful if the above documentation could be provided as soon as possible. As advised in our letter of 3 April 2014, our client would be happy to pay for the reasonable retrieval and copying costs

T +44 (0) 870 903 1000
F +44 (0) 870 904 1099
www.wragge-law.com

Wragge Lawrence Graham & Co LLP is a limited liability partnership registered in England and Wales under registration number OC304378 and is authorised and regulated by the Solicitors Regulation Authority. A list of members may be inspected at 55 Colmore Row, Birmingham B3 2AS, its registered office.

| LETTER TO | SHEET NO | DATE |
|---|---|---|
| | 2 | 20 May 2014 |

of the documentation should this be necessary.  However, we should be grateful if you could provide us with an estimate of these costs before they are incurred so that we can seek our client's approval.

We have refined our prior requests for documents as was discussed on the call.  We therefore consider that the rejection of the Proof of Debt on Friday 23 May would be premature in the circumstances.

We look forward to hearing from you as soon as possible.

Yours faithfully

*Wragge Lawrence Graham & co LLP*

**WRAGGE LAWRENCE GRAHAM & CO LLP**

Cc Amanda Quaine

London SE1 2AL

T   +44 20 7379 0000
F   +44 20 7379 6854
DX  132076 London Bridge 1

info@lg-legal.com
www.lg-legal.com

| Your ref. | Nick Porter/Jared Oyston | Direct Dial | |
| Our ref. | JEI/AW/A518/1 | T/ | +44 20 7759 6922 |
| Doc number | 15075943.1 | F/ | +44 20 7173 8922 |
| jennifer.iglesias@lg-legal.com | | | |

Linklaters LLP
One Silk Street
London EC2Y 8HQ

LawrenceGraham

F.A.O. Nick Porter/ Jared Oyston

BY EMAIL: nick.porter@linklaters.com/jared.oyston@linklaters.com

3 April 2014

Dear Sirs

**Lehman Brothers International (Europe) (in administration)**

We write in response to your letter of 24 March 2014.

We note your comments in respect of the request for documents set out in our letter of 14 February 2014. We do not agree that it is a very broad request. In your letter of 31 January 2014, you advised our client that the Administrators had conducted a review of LBIE's books and records in order to respond to the queries we had raised. Your letter sets out a considerable amount of information and expressly refers to certain documents.

Clearly, the Administrators have located documents, which they have reviewed in order to come to the conclusions made in that letter. Therefore, one would not imagine that it would be a cumbersome task to locate these documents and to provide our client with a copy.

Notwithstanding the above points, our client understands the Administrators' position and appreciates the pressures on the Administrators' resources. Therefore, our client is willing to pay for the Administrators' reasonable retrieval and copying costs incurred in providing the requested documentation. In this regard, please would you provide an estimate of those costs before they are incurred.

We see little benefit in rehearsing the points made in previous correspondence. As the Administrators are aware, our client is himself an insolvency practitioner appointed by the Central Bank of Brazil who is investigating the collapse of Banco Interior de Sao Paulo. We have made it quite clear from the outset that our client requires certain documentation, which he believes LBIE has in its control, to assist his investigations. Our client has requested such documentation since as early as March 2009. Yet, the requested documentation has not been forthcoming.

Your letter requests that our client either withdraws the PoD or articulates properly and fully the basis on which its claim against LBIE arises by Monday 7 April (14 days from the date of your letter). We request that this deadline be extended. It is clear that our client will not be able to adhere to this deadline without first reviewing the documents which you refer to in your letter of 31

January 2014.  We propose that the parties agree that our client will respond in full 14 days from the date on which the Administrators provide our client with the requested documentation.  We consider this to be a reasonable request, particularly when you consider that our client waited for the Administrators' findings for over six months.  We then requested the documents referred to in that letter on 14 February 2014 but we did not receive a response until 24 March 2014.

Please confirm by return that the Administrators will provide the requested documentation and provide an estimate of those costs.  Please also confirm that the Administrators agree to the proposed extension of time.

Yours faithfully

*Lawrence Graham LLP*

**LAWRENCE GRAHAM LLP**

15075943.1

Linklaters

Linklaters LLP
One Silk Street
London EC2Y 8HQ
Telephone (+44) 20 7456 2000
Facsimile (+44) 20 7456 2222
DX Box Number 10 CDE
Direct Line 020 7456 5982
Direct Fax 020 7456 2222
jared.oyston@linklaters.com

Lawrence Graham LLP
4 More London Riverside
London
SE1 2AU

**F.A.O. Jennifer Iglesias**

**By Email**                                                    24 March 2014

Your Ref            CZM/AW/A518/1

Our Ref             Nick Porter/Jared Oyston

Dear Sirs

### Lehman Brothers International (Europe) (in administration)

We refer to our letter dated 31 January 2014 and your response dated 14 February 2014. Unless otherwise stated we adopt the defined terms used previously in this correspondence.

As you are aware, the Administrators are of the view that your client's claim against LBIE is not proven. In particular we note that your client has not, either in the PoD or in correspondence during the intervening period of nearly two years, made clear precisely what act of fraud is alleged against LBIE or indeed any party. That is despite the Administrators making clear, as early as our letter of 24 August 2012, that they considered that your client had not properly articulated a case against LBIE. Furthermore, there is nothing in the results of the comprehensive investigation conducted by the Administrators (as detailed in our letter of 31 January 2014) that, in the Administrators' view, gives rise to any claim against LBIE (in respect of fraud or otherwise).

Accordingly, the Administrators request that Banco Interior, within 14 days from the date of this letter, either withdraws the PoD or articulates properly and fully the basis on which its claim against LBIE arises. In the event that your client fails to do so, the Administrators intend to reject the PoD in full in accordance with Rule 2.77(2) of the Insolvency Rules 1986.

We note the very broad request, made in your letter of 14 February 2014, for copies of documents and correspondence. In light of the Administrators' position as set out above and your client's failure to set out any case against LBIE, the Administrators do not consider that it would be an appropriate use of the resources of the LBIE administration to seek to comply with that request, particularly when your client's intentions as regards LBIE remain uncertain.

This communication is confidential and may be privileged or otherwise protected by work product immunity.

Linklaters LLP is a limited liability partnership registered in England and Wales with registered number OC326345. It is a law firm authorised and regulated by the Solicitors Regulation Authority. The term partner in relation to Linklaters LLP is used to refer to a member of Linklaters LLP or an employee or consultant of Linklaters LLP or any of its affiliated firms or entities with equivalent standing and qualifications. A list of the names of the members of Linklaters LLP together with a list of those non-members who are designated as partners and their professional qualifications is open to inspection at its registered office, One Silk Street, London EC2Y 8HQ or on www.linklaters.com and such persons are either solicitors, registered foreign lawyers or European lawyers.

Please refer to www.linklaters.com/regulation for important information on our regulatory position.
A17833669

Linklaters

The Administrators reserve all of their and LBIE's rights.

Yours faithfully

Linklaters LLP

Linklaters LLP

3 More London Riverside
London SE1 2RU

T/   +44 20 7379 0000
F/   +44 20 7379 6854
DX: 132076 London Bridge 6

www.lg-legal.com
www.lg-legal.com

| | | |
|---|---|---|
| Your ref. | Nick Porter/Jared Oyston | Direct Dial |
| Our ref. | JEI/AW/A518/1 | T/   +44 20 7759 6922 |
| Doc number | 15075943.1 | F/   +44 20 7173 8922 |
| jennifer.iglesias@lg-legal.com | | |

Linklaters LLP
One Silk Street
London EC2Y 8HQ

## LawrenceGraham

F.A.O. Nick Porter/ Jared Oyston

**BY EMAIL: nick.porter@linklaters.com/jared.oyston@linklaters.com**

14 February 2014

Dear Sirs

**Lehman Brothers International (Europe) (in administration)**

We acknowledge receipt of your letter dated 31 January 2014.

The letter is currently being considered by our client and we will revert substantively as soon as we are in receipt of our client's instructions.

We note that your letter states that the Administrators have conducted an extensive review of LBIE's books and records and a number of documents are expressly referred to.  However, a copy of the relevant documentation has not been provided to our client.  We should be grateful if you could provide our client with a copy of all documentation and correspondence relating to the following (for ease of reference, we have adopted the definitions used in your letter):

1. The Bond with ISIN US105756AE07;

2. Account numbers 831-20448-14 399, 831-20687-14 399 and 831-20686-15 399;

3. The LBIE Derivatives Accounts;

4. The ISDA Master Agreements and Credit Support Annexes;

5. The Swap Transaction; and

6. The BoA Account.

We look forward to receiving the requested documentation at your earliest convenience.

Yours faithfully

*Lawrence Graham LLP*

**LAWRENCE GRAHAM LLP**

Linklaters

Linklaters LLP
One Silk Street
London EC2Y 8HQ
Telephone (+44) 20 7456 2000
Facsimile (+44) 20 7456 2222
DX Box Number 10 CDE
Direct Line 020 7456 5982
Direct Fax 020 7456 2222
jared.oyston@linklaters.com

Lawrence Graham LLP
4 More London Riverside
London
SE1 2AU

**F.A.O. Jennifer Iglesias**

**By Email**                                                                                    31 January 2014

Your Ref          CZM/AW/A518/1

Our Ref           Nick Porter/Jared Oyston

Dear Sirs

**Lehman Brothers International (Europe) (in administration) ("LBIE")**

We refer to your letters dated 3 March 2009, 4 October 2012 and 9 January 2014. Unless otherwise stated we adopt the defined terms used in our letter of 24 August 2012.

Our clients apologise that it has taken longer than anticipated to respond substantively and that these delays were not forewarned. The resources available within the administration, whilst significant, are limited and the demands made thereof over the last year have been very material. We would refer you to the Administrators' published progress reports to give some insight into the challenges encountered and progress made. Therefore we trust your client will understand why his own demands have not had the priority of other counterparties given the Administrators' stated objectives. Nevertheless, as will be clear from this letter, we are able to set out a substantive response and do so below.

The Administrators have conducted a review of LBIE's books and records in response to your queries in relation to the Bond and the transaction described in your correspondence and the PoD (the "**Transaction**"). In this regard we note that your reference to a bond with the ISIN US105756AB07 appears to be incorrect. Our understanding, having investigated the position, is that no such security has ever existed. We assume that this is a typographical or other error on your part, and that you intended to refer to the bond with the ISIN US105756A**E**07. References in this letter to the "Bond" are to the security with the ISIN US105756AE07.

Our clients' review of LBIE's books and records has involved the following:

1.     LBIE identified and, where available, retrieved data from, some 29 former Lehman Brothers systems considered potentially relevant based on your description of the Transaction in correspondence, the PoD and other supporting documentation;

This communication is confidential and may be privileged or otherwise protected by work product immunity.

Linklaters LLP is a limited liability partnership registered in England and Wales with registered number OC326345. It is a law firm authorised and regulated by the Solicitors Regulation Authority. The term partner in relation to Linklaters LLP is used to refer to a member of Linklaters LLP or an employee or consultant of Linklaters LLP or any of its affiliated firms or entities with equivalent standing and qualifications. A list of the names of the members of Linklaters LLP together with a list of those non-members who are designated as partners and their professional qualifications is open to inspection at its registered office, One Silk Street, London EC2Y 8HQ or on www.linklaters.com and such persons are either solicitors, registered foreign lawyers or European lawyers

Please refer to www.linklaters.com/regulation for important information on our regulatory position.

A16666239

Linklaters

2. LBIE retrieved the email accounts of several potentially relevant Lehman Brothers personnel, again based on the information in the PoD and other supporting documentation (although we note that some of those personnel referenced in such documentation were non-LBIE personnel some of whose email accounts are not available to LBIE);

3. LBIE retrieved data from potentially relevant network shared drives;

4. LBIE conducted searches for potentially relevant material against its hard copy document archive system;

5. LBIE ran an extensive set of keyword searches against those systems and accounts, including the account numbers, transaction reference numbers and names of entities and individuals referred to in the PoD and other supporting documentation; and

6. LBIE reviewed the results of those searches for any material apparently relating to the Bond, the Transaction or any other individuals or entities referred to in the PoD and supporting documentation.

On the basis of that extensive review, we can provide the information set out below.

**1    Accounts**

1.1    LBIE did not open or maintain accounts with the account numbers 831-20448-14 399, 831-20687-14 399 and 831-20686-15 399. It appears that these accounts were opened by Lehman Brothers Inc. ("LBI") in August 2000 as follows:

1.1.1    the 831-20448-14 399 and 831-20687-14 399 accounts were opened for Banco Interior; and

1.1.2    the 831-20686-15 399 account was opened for Aufer Empreendimentos Imobiliarios Ltd ("**Aufer**").

1.2    LBIE has also located two LBIE derivatives trading accounts opened on 24 August 2000 and numbered 011052354 and 011052362 for Banco Interior and Aufer respectively (the "**LBIE Derivatives Accounts**").

1.3    You have requested that LBIE investigate accounts numbered 084200BISP and 084200AUFL. We note that:

1.3.1    this appears to be a typographical or other error on your part, and we assume you are referring to the numbers 082400BISP or 082400AUFL; and

1.3.2    in any event, 082400BISP or 082400AUFL were Lehman counterparty reference numbers for Banco Interior and Aufer respectively, rather than account numbers.

The Administrators conducted searches for these reference numbers but found no further Lehman accounts.

**2    The Bond**

2.1    It appears unlikely that LBIE held the Bond for Banco Interior or any related party as custodian. This is because:

2.1.1    LBIE did not operate a custody account for Banco Interior or any of the related entities identified by you; and

Linklaters

2.1.2   no such securities were held in the LBIE Derivatives Accounts (being the only accounts held with LBIE by Banco Interior, Aufer or the identified related entities).

2.2   Whilst it appears that LBIE did, from time to time, hold instances of the Bond for its clients, there is no evidence that LBIE held the Bond as custodian for Banco Interior or other related party.

## 3   Agreements

3.1   On 17 August 2000 LBIE entered into ISDA Master Agreements (and accompanying Credit Support Annexes ("**CSAs**")) with each of Banco Interior and Aufer.

3.2   In your correspondence you refer to a purchase agreement dated 1 September 2000 entered into between a Mr Cucolicchio and Financial Services International, Inc., which states "*the buyer hereby acquires the credit that the Seller has before Lehman Brothers International (Europe)...*". LBIE is not a party to that agreement, and has not been able to locate a copy of that agreement other than as provided by the liquidator of Banco Interior in 2007.

## 4   Swap Transaction

4.1   A review of relevant Lehman IT systems has identified trade reports, legal agreements and confirmations that reference a swap transaction between LBIE and Banco Interior.

4.2   On 5 September 2000 LBIE entered into a swap transaction (the "**Swap Transaction**") with Westfalia Emerging Markets Inc. ("**Westfalia**") pursuant to a swap confirmation letter. The Swap Transaction related to a bond with the ISIN US105756AE07. Under the Swap Transaction, LBIE would pay Westfalia the interest and principal on the bond on the maturity date and Westfalia would pay LBIE fixed amounts of USD420,000, USD140,000 and USD140,000 on 1 September 2000, 1 September 2001 and 1 September 2002 respectively.

4.3   On 1 September 2000, LBIE received a USD420,000 payment from Westfalia. The amount and date is therefore consistent with the first payment expected in relation to the Swap Transaction.

4.4   In a confirmation dated 6 September 2000 under the ISDA Master Agreement between LBIE and Banco Interior dated 17 August 2000, Westfalia assigned "*all of its rights and obligations under and in respect of*" the Swap Transaction to Banco Interior as of 8 September 2000.

4.5   Banco Interior wrote to LBI on 26 January 2001 requesting cancellation of the Swap Transaction.

4.6   On 16 February 2001, following Banco Interior's entry into liquidation on 7 February 2001, LBIE terminated the Swap Transaction.

## 5   The beneficial owner of Bank of America account 6550161536

5.1   You have requested that the Administrators investigate the identify of the beneficial owner of Bank of America account 6550161536 (the "**BoA Account**").

5.2   A review of Lehman IT system has identified that the Bank of America account numbered 6550161536 was held by Lehman Brothers Holdings, Inc., UK Branch.

Linklaters

## 6    Transfer of USD420,000 transferred from Aufer to Bank of America

6.1    You have requested that the Administrators investigate a payment of USD420,000 into an LBI account of Aufer by an entity named Garter Trading S.A. on or around 1 September 2000 and the immediate on-transfer of that amount from Aufer's LBI account to the BoA Account.

6.2    The Administrators regret that they cannot provide the information requested that relates to LBI. We suggest that this enquiry be directed to LBI.

It should be clear from the above that LBIE's efforts to locate documents and information relating to the Bond and/or the Transaction (which occurred some eight years prior to LBIE's entry into administration) have been extensive.

The Administrators remain of the view that your client's claim against LBIE is not proven. In particular we note that, whilst setting out "factual background" to the alleged fraud, your correspondence has yet to state or otherwise make clear precisely what act of fraud is alleged against any party. There is nothing in the results of the comprehensive investigation shared above that in the Administrators' view warrants further consideration or examination. You will appreciate that the Administrators are unable to accept a proof of debt which simply alleges indeterminate involvement on LBIE's part in events said to have taken place some thirteen years ago that you assert constituted an unspecified act of fraud on the part of third parties.

We hope that your client is now satisfied that we have fully, reasonably and adequately addressed your client's enquiry and potential claim. We look forward to hearing from you with any final observations you may have and would then suggest that your client withdraws the PoD.

The Administrators reserve all of their and LBIE's rights.

Yours faithfully

*Linklaters LLP*

Linklaters LLP

J Mord London Riverside
London SE1 2AL

T:   +44 20 7379 0000
F:   +44 20 7379 6854
DX: 132076 London Bridge 4

**Your ref.**
Our ref.        JEI/AW/A518/1
Doc number   14610350.1
jennifer.iglesias@lg-legal.com

**Direct Dial**
T/   +44 20 7759 6922
F/   +44 20 7173 8922

LawrenceGraham

Lehman Brothers International (Europe) (in Administration)
Level 23
25 Canada Square
London E14 5LQ

F.A.O. Amanda Quaine

BY EMAIL: Amanda.Quaine@lbia-eu.com

9 January 2014

Dear Sirs,

**Lehman Brothers International (Europe) (in administration)**
**Proof of Debt**

We write further to your recent communications with Jennifer Iglesias of this office.

Further to our letter dated 4 October 2012 to Linklaters LLP (a copy of which is enclosed), it was agreed that LBIE would compile a report setting out in detail the searches that have been conducted and the findings of those searches.

There has been some history to this matter. We have chased for provision of the report since July, and in an email on 18 July 2013 from Amanda Quaine of your office to Jennifer Iglesias you advised that "*We hope to be in a position to respond within the month [ie of July], holiday absences permitting*". Following further correspondence, in an email dated 19 December 2013, you advised that you hope to have a response with us by the end of January 2014.

As we are sure you will appreciate, this matter has now been pending for over a year, and it has been five months since you gave a specific deadline to provide the report which you have not met. We would not expect a review of LBIE's books and records to take this long, especially given the available resources.

Given the delays to date, we would appreciate if the current deadline of the end of January could be adhered to. Our client is quite understandably becoming frustrated with the delays and as the liquidator of Banco Interior de Sao Paulo S.A. he owes certain duties to the Estate. If the report is not forthcoming, the only other option would be for our client to seek recognition of his appointment as liquidator here in England under The Cross-Border Insolvency Regulations 2006. He would then be required to apply to Court for an order compelling the disclosure of information and documents from LBIE. This would obviously cause further delay and expense. We are hopeful that this will not be necessary in the circumstances, but plainly it requires your co-operation if it is to be avoided.

We should therefore be grateful if you could confirm by return that we will receive LBIE's substantive response by the end of January at the very latest, as you have indicated.

Yours faithfully

*Lawrence Graham LLP*

**LAWRENCE GRAHAM LLP**

4 More London Riverside
London SE1 2AU

T/  +44 (0)20 7379 0000
F/  +44 (0)20 7379 6854
DX/ 132076 London Bridge 4

info@lg-legal.com
www.lg-legal.com

Your ref.
Our ref.        JEI/AW/A518/1
Doc. number   7426107.4
Jennifer.igleslas@lg-legal.com

Direct Dial
T/   +44 (0)20 7759 6922
F/   +44 (0)20 7173 8922

LG

Linklaters LLP
One Silk Street
London EC2Y 8HQ

F.A.O. Nick Porter/ Jared Oyston

4 October 2012

Dear Sirs

**Lehman Brothers International (Europe) (in administration)
Proof of Debt dated 29 May 2012**

We refer to your letter of 24 August 2012.

We disagree with your assertions that our client's claims are speculative. They are not. Our letter of 29 May 2012 set out as much detail about the claims (with supporting documents) as is currently available to our client, who is himself an insolvency practitioner appointed by the Central Bank of Brazil on 14 July 2008 to investigate the collapse of a bank in Sao Paulo.

Please confirm what further information is required at this stage to enable the Joint Administrators to investigate the matter.

In the meantime, we would be grateful if you would respond to the following:

- Have your clients carried out a review of LBIE's "books and records" as your letter implies, or have they merely run a search against the relevant account numbers?

- What is the basis for your assertion that the cancellation of the bond "appears" not to have involved LBIE?

Notwithstanding the bare denial contained in your letter, it is clear the LBIE was involved in some way in the fraud committed against Banco Interior. In this regard, we enclose the following:

1. A Purchase Agreement dated 1 September 2002 between Antonio Rogerio Cucolicchio and Financial Services International Inc. (the "**Purchase Agreement**") which states the following at paragraph 2:

Lawrence Graham LLP is a limited liability partnership registered in England and Wales under registration number OC306766 and is authorised and regulated by the Solicitors Regulation Authority. A list of members may be inspected at 4 More London Riverside, its registered office.

> "*The Seller hereby sells, assigns and transfers to the Buyer and the Buyer hereby acquires the credit that the Seller has before <u>Lehman Brothers International (Europe)</u> referenced in the obligations of the Global Brazil Bonus 27, May 15, with maturity in the year 2.027(sic), of the Federative Republic of Brazil, according to the ISIN US105756AB07..*" (emphasis added).

2. A Master Agreement dated 17 August 2000 entered into between LBIE and Banco Interior.

3. A Master Agreement dated 17 August 2000 entered into between LBIE and Aufer Empreendimentos Imobiliarios Ltda ("AEI").

4. An LBIE Documentation Completion Checklist completed in respect of AEI, detailing Aureo Ferreira as the sole director of AEI.

5. An email from Ms Mia Howard of Lehman Brothers Inc. dated 8 January 2007 confirming that Banco Interior's derivatives contracts were maintained by LBIE.

We do not intend to repeat the details set out in our previous letter dated 29 May 2012. However, the above-mentioned documents support our client's belief that LBIE played a role in the Bond scheme allegedly perpetrated by Mr Ferreira. Namely, LBIE: (1) opened, or was involved in the opening of an account for AEI; (2) is cited in the Purchase Agreement which relates to the Bond; (3) maintained the derivative contracts for Banco Interior; and (4) maintained and/or was involved in the derivative transactions of AEI.

Please note that for the purpose of this letter, we have only included one purchase agreement by way of an example. However, our client does have copies of fifteen further purchase agreements which are in the same form and can be provided to you if necessary.

*Information and documentation sought*

We have sent a number of letters to your clients in relation to this matter, dating as far back as 3 March 2009. Until receipt of your letter, however, we had received no response at all. In order to assist our client's investigations and the liquidation of Banco Interior, please provide the following information and/or documents, assuming that they are in LBIE's control:

1. Confirmation of LBIE's role pursuant to the above-mentioned Purchase Agreements.

2. Any documents relating to the Brazilian Bond (Brazilian Bond 27, ISIN US105756AB07).

3. Any documents pertaining to or relating to Banco Interior, or having the bank as the beneficial owner, including the number and date that accounts were opened and closed.

4. Copies of all statements, cancelled cheques, deposit slips, wire transfer requests or any other documents which reflect any and all activities for any accounts opened in the name of Banco Interior and/or regarding any products or investments managed by LBIE on behalf of Banco Interior.

5. Any documents pertaining to or relating to Financial Services International, Inc., Roberto Pichard, Aureo Ferreira and/or Aurero Ferreira, Jr, AEI, Aufer Agropercuaria S.A., Garter Trading S.A. and/or Antonio Rogerio Cucolicchio.

6. Any documents relating to derivative contracts to which Banco Interior was a party.

In the event that any documents and/or information is subject to customer confidentiality (other than with Banco Interior), then we would like to discuss with your clients whether an appropriate court order for disclosure would be required. Our client is also prepared to attend a meeting with your clients, should it be considered necessary and helpful.

We look forward to hearing from you.

Yours faithfully

*Lawrence Graham LLP*

**LAWRENCE GRAHAM LLP**

Encs

7426107.4

Linklaters

Linklaters LLP
One Silk Street
London EC2Y 8HQ
Telephone (+44) 20 7456 2000
Facsimile (+44) 20 7456 2222
DX Box Number 10 CDE
Direct Line 020 7456 5982
Direct Fax 020 7456 2222
jared.oyston@linklaters.com

Lawrence Graham LLP
4 More London Riverside
London
SE1 2AU

**F.A.O. Jennifer Iglesias**

**By Email**                                                                24 August 2012

Your Ref          CZM/AW/A518/1

Our Ref           Nick Porter/Jared Oyston

Dear Sirs

### Lehman Brothers International (Europe) (in administration) ("LBIE")

As you will be aware, on 15 September 2008 Lehman Brothers International (Europe) ("**LBIE**") entered into administration by order of the High Court Chancery Division of England and Wales. On 15 September 2008 (the "**Administration Date**") Anthony Victor Lomas and Steven Anthony Pearson, on 30 November 2009 Derek Anthony Howell and on 2 November 2011 Paul David Copley and Russell Downs were appointed as the joint administrators of LBIE (the "**Administrators**"). We act for the Administrators.

We refer to your letter dated 29 May 2012 and the enclosed proof of debt (the "**PoD**") in respect of your client's purported claim against LBIE for an amount in excess of US$14 million arising from what you allege was LBIE's involvement in a fraud relating to a bond scheme orchestrated by the founder of Banco Interior de Sao Paulo ("**Banco Interior**"), Mr Aureo Ferreira (the "**Alleged Fraud**").

Your client's claim appears to be highly speculative. Your letter does not make clear your client's precise allegations against LBIE; it merely sets out certain "factual background" (without supporting evidence) before going on to suggest that LBIE's alleged involvement in the events described "could constitute" certain breaches giving rise to liability under English and United States law. Without your client having properly articulated a case against LBIE, the Administrators are not in a position to comment on LBIE's alleged liability. However, on behalf of the Administrators we make the below observations about the "factual background" to your client's claim.

- According to LBIE's books and records, LBIE did not act as custodian for the Brazilian Bond (as defined in your letter), and it is not clear on what basis you state that "*LBIE appears to have been custodian of the bond(s) and to have operated related accounts*". The accounts to which you refer in your letter (namely those with account numbers 831-20448, 831-20687, 084200BISP, 831-20686-15 399 and 084200AUFL) are not LBIE accounts. According to LBIE's books and records, LBIE neither opened nor operated these accounts.

This communication is confidential and may be privileged or otherwise protected by work product immunity.

Linklaters LLP is a limited liability partnership registered in England and Wales with registered number OC326345. It is a law firm authorised and regulated by the Solicitors Regulation Authority. The term partner in relation to Linklaters LLP is used to refer to a member of Linklaters LLP or an employee or consultant of Linklaters LLP or any of its affiliated firms or entities with equivalent standing and qualifications. A list of the names of the members of Linklaters LLP together with a list of those non-members who are designated as partners and their professional qualifications is open to inspection at its registered office, One Silk Street, London EC2Y 8HQ or on www.linklaters.com and such persons are either solicitors, registered foreign lawyers or European lawyers

Please refer to www.linklaters.com/regulation for important information on our regulatory position

A15305683

Linklaters

- You refer to a transaction between Banco Interior and "Lehman" relating to the Bond, which was purportedly cancelled on 9 February 2001. The relevance of this transaction (in relation to the Alleged Fraud or otherwise) is not explained. We note, however, that it appears this transaction did not involve LBIE.

Given the lack of clarity as to your client's case (if any) against LBIE, the lack of evidence provided in support, and the inaccurate factual understanding on which any such case appears to be based, the Administrators clearly are not in a position to admit the PoD. Please properly articulate your client's case against LBIE, providing appropriate evidence, by 21 September 2012.

The Administrators reserve all of their and LBIE's rights.

Yours faithfully

Linklaters LLP

Linklaters LLP

4 More London Riverside
London SE1 2AU

T/   +44 (0)20 7379 0000
F/   +44 (0)20 7379 6854
DX/ 132076 London Bridge 4

Your ref.
Our ref.        CZM/AW/A518/1
Doc. number    12411817.2
jennifer.iglesias@lg-legal.com

Direct Dial
T/   +44 (0)20 7759 6922
F/   +44 (0)20 7173 6922



Lehman Brothers International (Europe)
(In Administration)
Level 23
25 Canada Square
London
E14 5LQ

29 May 2012

Dear Sirs

**Proof of debt**
**Creditor: Banco Interior de São Paulo S.A. acting by its liquidator, Alcides Roberto de Oliveira Chaves**
**Further Information regarding documents and particulars of debt**

We act for Mr Alcides Roberto de Oliveria Chaves the liquidator of Banco Interior de São Paulo S.A. (the "Creditor") which is currently under extra-judicial liquidation with the Central Bank of Brazil.

We enclose, for filing, a proof of debt (in Form 4.25) in relation to an unsecured claim in an amount in excess of US$14 million against Lehman Brothers International (Europe) ("LBIE") arising from LBIE's involvement in an apparent fraud relating to a bond scheme orchestrated by the Creditor's founder, Mr Aureo Ferreira ("Mr Ferreira"). Investigations indicate that LBIE may have been caught up in this fraud in that LBIE appears to have been custodian of the bond(s) and to have operated related accounts. We understand that PWC have set up a creditor portal in order to submit proofs of debt online. Should it be necessary for us to file the proof of debt again online, we would be grateful if you could provide us with the relevant login details.

**Previous correspondence with LBIE**

Our client (through his Brazilian attorney, Dr Henrique Forssell) originally requested assistance from LBIE in November 2007. A copy of that correspondence is enclosed together with a copy of a letter dated 17 January 2008 from George Hallsworth of LBIE which confirms that the request was at that time being dealt with by the Prime Services London Legal Department. The matter appears to have gone no further.

There has also been previous correspondence between Dr Forssell and Lehman Brothers, Inc., and again we enclose copies for reference together with a copy of the master agreement signed between the Creditor and LBIE (again for reference).

Lawrence Graham LLP is a limited liability partnership registered in England and Wales under registration number OC307835 and is authorised and regulated by the Solicitors Regulation Authority. A list of members may be inspected at 4 More London Riverside, its registered office.

On 3 March and 9 April 2009 this firm wrote to LBIE requesting assistance in relation to the ongoing investigation being undertaken by the Creditor. Copies of these letters are enclosed. We did not receive a reply to that correspondence.

**Further particulars of the claim**

For ease, we now set out again what is known about the factual background:

1.  On an investigation by the Central Bank of Brazil (the **"Central Bank"**), it appears that the Creditor issued a number of "insider loans" to 16 individuals and companies (the **"Borrowers"**) totalling $14 million, in violation of the applicable laws of Brazil (the **"Insider Loans"**). An investigation by the liquidator for the Creditor also uncovered evidence that the Creditor's founder, Mr Ferreira, embarked on a scheme to cover up those liabilities, which were all in default, by substituting them on the Creditor's books with an asset, namely, part of a government coupon bond issued by the Brazilian Treasury, Bonus Global Brasil 27, ISIN 105756AB07 (the **"Brazilian Bond"**). LBIE appears to have held the Brazilian Bond as custodian.

2.  The scheme to substitute the questionable Insider Loans was accomplished by having each of the Borrowers, in collusion with Mr Ferreira, enter into purchase agreements with a Maryland-based company named Financial Services International, Inc. (**"FSII"**) to "purchase" a share of FSII's interest in the Brazilian Bond. These purchase agreements are dated 1 September 2000 and total $14 million; the aggregate value of the Brazilian Bond acquired by the Borrowers (a copy of one of the purchase agreements in its original Portuguese with an English translation is enclosed for your reference).

3.  In consideration of FSII's interest in the Brazilian Bond, each of the Borrowers purportedly agreed to pay one single instalment on 1 September 2003 corresponding to the principal balance of the interest they were acquiring in respect of the Brazilian Bond. Additionally, the Borrowers were required to pay three annual instalments due on 1 September 2000, 1 September 2001, and 1 September 2002, each representing 3%, 1% and 1% of that principal balance. The aggregate amounts due by the Borrowers on account of these three annual instalments equalled $420,000, $140,000 and $140,000, respectively. Pursuant to the terms of the purchase agreements, the Brazilian Bond was in the custody of LBIE.

4.  In the next step in the fraud, the Borrowers transferred their bond interests to the Creditor in return for cancellation of their underlying loans. Specifically, on 6 September 2000, each of the Borrowers entered into separate agreements with the Creditor whereby the interests in the Brazilian Bond acquired by the Borrowers from FSII were then transferred to the Creditor in exchange for a full and total release of the Borrowers' Insider Loans. This scheme is believed to have been conceived and implemented by Lehman Brothers Holdings, Inc. and/or LBIE in collusion with Mr Ferreira.

5.  In or around September 2000, Mr Ferreira opened bank accounts at Lehman Brothers in New York (whether through LBIE or Lehman Brothers, Inc.) in the name of the Creditor and in the name of Aufer Empreendimendos Imobiliarios Ltda ("AEI"). The known account numbers of those accounts are 831-20448, 831-20687, 084200BISP, 831-20686-15 399 and 084200AUFL. It is possible that Mr Ferreira or his son, Aureo

Ferreira Jr, may have opened further accounts in the names of Aureo Ferreira, Aureo Ferreira, Jr, Aufer Agropecuaria S.A. or Garter Trading S.A.

6.      Our client believes that the initial instalment owed by the Borrowers was deposited into one of the accounts held within LBIE or Lehman Brothers, Inc. This is based on bank records showing a deposit of US $420,000 in the account of AEI, No. 831-20886-15 399, made by an entity named Garter Trading S.A. on or around 1 September 2000. The US $420,000 deposit made to AEI's account is equivalent to 3% of the $14,000,000 - the aggregate value of the interest acquired by the Borrowers in respect of the Brazilian Bond.

7.      On the same date, this US $420,000 was transferred from AEI's account to account number 6550161536 at Bank of America International. At the relevant time, account number 6550161536 at Bank of America is now known to have belonged to, or to have been controlled, in whole or in part, by, Lehman Brothers Holdings, Inc. We enclose copies of the bank statements and other documents previously provided by Lehman Brothers, Inc. to our client in respect of AEI.

8.      Ultimately, a transaction between the Creditor and Lehman related to the Brazilian Bond was purportedly cancelled on 9 February 2001. Mr Ferreira sent a cancellation letter to a Mr Adrian Devenyi and Mr Jose Luis Piccinini of Lehman Brothers Inc. apparently backdated to 26 January 2001 (a copy of this letter is enclosed). This cancellation followed the appointment of a liquidator to the Creditor on 7 February 2001.[1]

9.      The liquidator for the Creditor has not been able to determine the status of the Creditor's interest in respect of the Brazilian Bond despite numerous attempts to obtain information from Lehman and its affiliates, including, Lehman Brothers Holdings, Inc.

By improperly booking the Brazilian Bond (which was acquired on credit) as an asset on the Creditor's balance sheet, it is our client's contention that Mr Ferreira misrepresented the Creditor's financial position and thereby committed fraud against its shareholders, depositors, and the Brazilian regulatory authorities. It is alleged that Lehman Brothers Holdings, Inc. and/or LBIE were involved in that fraud, which, without limitation, under English law, could constitute a breach of their fiduciary duties, and/or conspiracy and/or dishonest assistance. Further, Lehman Brothers Holdings, Inc. and/or LBIE could also be liable in the United States for having willingly aided and knowingly conspired with Mr Ferreira to commit that fraud through the renting of a bond that allowed the Creditor to misrepresent its financial position.

Our client further contends that this fraud and conspiracy enabled Mr Ferreira to breach his fiduciary duties and allowed the Creditor to forestall its insolvency, at least temporarily, while simultaneously adding to the Creditor's liabilities and deepening its insolvency to the ultimate detriment and damage to its other shareholders, creditors, the estate and the Central Bank. It is alleged that Lehman Brothers Holdings, Inc. and/or LBIE received a "rent fee" of approximately US $420,000 and possibly more, as consideration for participating in this scheme. Moreover, as set out above, the Creditor has suffered loss and damage of in excess of US $14 million as a

---

[1]   On 27 January 2001, Roberto Pichard, Executive Vice President for FSII, sent a letter to Mr Ferreira at AEI acknowledging Mr Ferreira's purported request to cancel a transaction between the Creditor and FSII. AEI had no legitimate role in the Borrowers' transactions with FSII mentioned above, but paid at least US $420,000.00 into Account No. 6550161536 at Bank of America International as described above. A copy of the 27 January 2001 letter is enclosed.

consequence of this fraudulent scheme. Our client therefore contends that LBIE and/or Lehman Brothers Holdings, Inc. are liable to the Creditor for that loss and damage.

The Creditor has filed an equivalent proof of claim dated 19 September 2009 in the bankruptcy of Lehman Brothers Holdings Inc as the parent company of Lehman Brothers, Inc. (a copy of which is enclosed). By submitting the enclosed proof of debt in respect of LBIE the Creditor does not seek to double recover, but seeks to reserve its rights to the extent that it has a claim in the administration of LBIE.

Yours faithfully

*Lawrence Graham LLP*

**LAWRENCE GRAHAM LLP**

Encs.

12326871.3

Rule 4.73            **PROOF OF DEBT – GENERAL FORM**        Form 4.26

| | | |
|---|---|---|
| **Lehman Brothers International (Europe) (in administration)** | | |
| Date of Winding-Up Order/Resolution for voluntary winding-up | | **15 September 2008** |
| 1. | Name of creditor (if a company please also give company registration number). | Banco Interior de São Paulo SA (in liquidation) (São José de Rio Preto, State of São Paulo, Brazil) |
| 2. | Address of creditor for correspondence. | Lawrence Graham LLP, 4 More London Riverside, London SE1 2AU |
| 3. | Total amount of claim, including any Value Added Tax and outstanding uncapitalised interest as at the date the company went into liquidation. | In excess of US$14,000,000.00 |
| 4. | Details of any documents by reference to which the debt can be sustained. (Note: There is no need to attach them now but the liquidator may call for any document or evidence to substantiate the claim at his discretion as may the chairman or convenor of any meeting). | Please see attached. Given the nature of the claim, not all relevant documents are in the possession of the Creditor. |
| 5. | If amount in 3 above includes outstanding uncapitalised interest please state amount. | £ |
| 6. | Particulars of how and when debt incurred. (if you need more space append a continuation sheet to this form). | The involvement of the Company in a fraudulent bond scheme orchestrated by the founder of the Creditor. Please see attached. |
| 7. | Particulars of any security held, the value of the security, and the date it was given. | |
| 8. | Particulars of any reservation of title claimed in respect of goods supplied to which the claim relates. | |
| 9. | Signature of creditor or person authorised to act on his behalf  | |
| | Name in BLOCK LETTERS ANDREW WITTS | |
| | Position with or in relation to creditor Partner, Lawrence Graham LLP, Solicitors to the Creditor | |

| Admitted to vote for | Admitted for dividend for |
|---|---|
| £ | £ |
| Date | Date |
| Liquidator | Liquidator |

10758704.1