**HEARING DATE AND TIME: August 12, 2014 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: August 4, 2014 at 4:00 p.m. (Eastern Time)**

---

**THE FOUR HUNDRED SEVENTY-THIRD OMNIBUS OBJECTION TO CLAIMS SEEKS TO RECLASSIFY CERTAIN FILED PROOFS OF CLAIM AS GENERAL UNSECURED CLAIMS.  PARTIES RECEIVING THIS NOTICE OF THE FOUR HUNDRED SEVENTY-THIRD OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CINDI GIGLIO, AT 212-696-6936.**

---

**CURTIS, MALLET-PREVOST,**
 **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Turner P. Smith
Cindi Eilbott Giglio

*Counsel for Lehman Brothers Holdings Inc.*
 *and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

--------------------------------------------------------------------x

**NOTICE OF HEARING ON THE FOUR
HUNDRED SEVENTY-THIRD OMNIBUS OBJECTION TO
<u>CLAIMS (TO RECLASSIFY CLAIMS AS GENERAL UNSECURED CLAIMS)</u>**

**PLEASE TAKE NOTICE** that on July 3, 2014, Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases, filed the four hundred seventy-third omnibus objection to claims (the "Four Hundred Seventy-Third Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Four Hundred Seventy-Third Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **August 12, 2014 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Seventy-Third Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Maurice Horwitz, Esq.); (iii) conflicts counsel for LBHI and certain of its affiliates, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York

2

19026638

10178 (Attn: L. P. Harrison 3rd, Esq. and Cindi Giglio, Esq.); and (iv) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **August 4, 2014 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Seventy-Third Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Seventy-Third Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: July 3, 2014
      New York, New York

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

By:     */s/ L. P. Harrison 3rd*
       L. P. Harrison 3rd
       Turner P. Smith
       Cindi Eilbott Giglio
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559

*Counsel for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

3

19026638

**HEARING DATE AND TIME: August 12, 2014 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: August 4, 2014 at 4:00 p.m. (Eastern Time)**

**CURTIS, MALLET-PREVOST,**
 **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Turner P. Smith
Cindi Eilbott Giglio

*Counsel for Lehman Brothers Holdings Inc.*
 *and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**FOUR HUNDRED SEVENTY-THIRD OMNIBUS OBJECTION**
**TO CLAIMS (TO RECLASSIFY CLAIMS AS GENERAL UNSECURED CLAIMS)**

**THIS FOUR HUNDRED SEVENTY-THIRD OMNIBUS OBJECTION TO CLAIMS SEEKS TO RECLASSIFY CERTAIN FILED PROOFS OF CLAIM AS GENERAL UNSECURED CLAIMS.  PARTIES RECEIVING THIS FOUR HUNDRED SEVENTY-THIRD OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CINDI GIGLIO, AT 212-696-6936.**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. Each of the proofs of claim listed on Exhibit A annexed hereto (collectively, the "Misclassified Claims") asserts, in part, a priority claim against LB 2080 Kalakaua Owners LLC ("LB 2080"), one of the Chapter 11 Estates. The Misclassified Claims purport to assert administrative priority claims based on LB 2080's alleged post-petition breach of certain contracts that were executed pre-petition. However, a claim is not entitled to priority status under section 507 of title 11 of the United States Code, as amended (the "Bankruptcy Code") based on a debtor's post-petition breach of a pre-petition contract. Accordingly, the Plan Administrator files this four hundred seventy-third omnibus objection to claims (the "Four Hundred Seventy-Third Omnibus Objection to Claims") pursuant to Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") (Docket No. 6664), seeking to reclassify the Misclassified Claims as general unsecured claims. The Plan Administrator is not seeking to allow the Misclassified Claims at this point. The purpose of this Four Hundred Seventy-Third Omnibus Objection to Claims is solely to address the proper priority of the Misclassified Claims if they are allowed at a later date.

2

19026638

**Jurisdiction**

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

3. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

5. On December 6, 2011, the Court entered an order confirming the Plan (Docket No. 23023). The Plan became effective on March 6, 2012 (the "Effective Date"). Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The Misclassified Claims Should Be Reclassified as General Unsecured Claims**

6. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the Misclassified Claims as claims that should be reclassified as general unsecured claims because there is no basis for affording any priority status to the Misclassified Claims under section 507 of the Bankruptcy Code. Both the Bankruptcy Rules and the Procedures Order provide the Plan Administrator with grounds on which to object to the Misclassified Claims. Bankruptcy Rule 3007(d)(8) provides that a debtor may file an objection, and join one or more objections in an

3

omnibus objection, if the objections "are based solely on the grounds that the claims should be disallowed, in whole or in part, because . . . they assert priority in an amount that exceeds the maximum amount under [section] 507 of the [Bankruptcy] Code." FED. R. BANKR. P. 3007(d). The Procedures Order additionally permits the Plan Administrator to object, on an omnibus basis, to claims that "were incorrectly classified." Procedures Order at 2.

7. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

8. As noted above, it appears that the Misclassified Claims assert administrative priority status based on LB 2080's alleged post-petition breach of pre-petition contracts. However, such circumstances are insufficient to provide the Misclassified Claims with priority status under section 507 of the Bankruptcy Code.

9. Section 507 of the Bankruptcy Code establishes the priority scheme for claims asserted against a debtor. *See* 11 U.S.C. § 507. Section 507(a)(2) provides priority status to "administrative expenses allowed under section 503(b)." *Id.* § 507(a)(2). In relevant part, section 503(b) provides administrative expense status to "the actual, necessary costs and expenses of preserving the estate." *See id.* § 503(b)(1)(A). The Misclassified Claims seek to recover damages related to a purported post-petition breach of a pre-petition agreement and therefore cannot be considered "administrative expenses" under section 503(b) of the Bankruptcy Code.

4

10. It is well-settled that a post-petition breach of a pre-petition contract gives rise to a pre-petition liability of the debtor. *Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.)*, 188 B.R. 347, 355-56 (Bankr. S.D.N.Y. 1995) (claim based on post-petition breach of pre-petition contract was not entitled to administrative priority); *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*, 160 B.R. 882, 891 (Bankr. S.D.N.Y. 1993) ("When a debtor's obligations stem from contractual liability, even a postpetition breach will be treated as giving rise to a prepetition liability [if] the contract was executed prepetition." (internal quotation marks omitted)); *see also Trs. of Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 101 (2d Cir. 1986) ("A debt is not entitled to priority simply because the right to payment arises after the debtor in possession has begun managing the estate."); *In re AppliedTheory Corp.*, 312 B.R. 225, 238 (Bankr. S.D.N.Y. 2004) (same). A pre-petition liability cannot be the actual, necessary costs and expenses of preserving a debtor's estate because the estate does not exist until after the petition date.

11. As such, at this time, the Misclassified Claims should be reclassified as general unsecured claims. The Plan Administrator expressly reserves its rights to challenge the underlying validity of the Misclassified Claims in the future.

**Reservation of Rights**

12. The Debtors reserve all their rights to object on any other basis to any Misclassified Claim or any portion of any Misclassified Claim for which the Court does not grant the relief requested herein.

**Notice**

13. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Four Hundred Seventy-Third Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange

5

19026638

Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on <u>Exhibit A</u>; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases (Docket No. 9635). The Plan Administrator submits that no other or further notice need be provided.

14. Except as described herein, no previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: July 3, 2014
      New York, New York

**CURTIS, MALLET-PREVOST,**
 **COLT & MOSLE LLP**

By:    */s/ L. P. Harrison 3rd*
         L. P. Harrison 3rd
         Turner P. Smith
         Cindi Eilbott Giglio
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559

*Counsel for Lehman Brothers Holdings Inc.*
  *and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (SCC)
                                                               :
                    Debtors.                           :    (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING THE FOUR HUNDRED
SEVENTY-THIRD OMNIBUS OBJECTION TO CLAIMS
(TO RECLASSIFY CLAIMS AS GENERAL UNSECURED CLAIMS)**

Upon the four hundred seventy-third omnibus objection to claims, dated July 3, 2014 (the "Four Hundred Seventy-Third Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to Rule 3007(d) of the Federal Rules of Bankruptcy Procedure and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (Docket No. 6664) (the "Procedures Order"), seeking to reclassify the Misclassified Claims as general unsecured claims, all as more fully described in the Four Hundred Seventy-Third Omnibus Objection to Claims; and due and proper notice of the Four Hundred Seventy-Third Omnibus Objection to Claims having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Seventy-Third Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Seventy-Third Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Seventy-Third Omnibus Objection to Claims.

Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Seventy-Third Omnibus Objection to Claims is granted; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto (collectively, the "Misclassified Claims") are reclassified as general unsecured claims; and it is further

ORDERED that nothing in this Order shall be construed as allowing the Misclassified Claims; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any Misclassified Claim (other than the priority of the Misclassified Claims), and all rights to object on any basis are expressly reserved with respect to any Misclassified Claim; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized to modify the claims register to reflect this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
          New York, New York

                                                    _____
                                                    UNITED STATES BANKRUPTCY JUDGE

2

19026638

**EXHIBIT A**

## OMNIBUS OBJECTION 473: EXHIBIT A - MISCLASSIFIED CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 1 | NEWPORT GLOBAL CREDIT FUND (MASTER) L.P. | 29248 | 9/22/09 | LB 2080 Kalakaua Owners LLC | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | Undetermined | | | | | Undetermined* |
| | | | | **CLAIM AS MODIFIED** | | | | Undetermined | | Undetermined* |
| 2 | NEWPORT GLOBAL OPPORTUNITIES FUND, LP | 26374 | 9/22/09 | LB 2080 Kalakaua Owners LLC | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | Undetermined | | | | | Undetermined* |
| | | | | **CLAIM AS MODIFIED** | | | | Undetermined | | Undetermined* |
| 3 | PEP CREDIT INVESTOR LP | 26398 | 9/22/09 | LB 2080 Kalakaua Owners LLC | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | Undetermined | | | | | Undetermined* |
| | | | | **CLAIM AS MODIFIED** | | | | Undetermined | | Undetermined* |
| 4 | PROVIDENCE EQUITY PARTNERS VI LP | 29243 | 9/22/09 | LB 2080 Kalakaua Owners LLC | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | Undetermined | | | | | Undetermined* |
| | | | | **CLAIM AS MODIFIED** | | | | Undetermined | | Undetermined* |
| 5 | PROVIDENCE EQUITY PARTNERS VI-A, LP | 29231 | 9/22/09 | LB 2080 Kalakaua Owners LLC | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | Undetermined | | Undetermined | Undetermined | | Undetermined* |
| | | | | **CLAIM AS MODIFIED** | | | | Undetermined | | Undetermined* |
| 6 | PROVIDENCE TMT SPECIAL SITUATIONS FUND LP | 29257 | 9/22/09 | LB 2080 Kalakaua Owners LLC | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | Undetermined | | | | | Undetermined* |
| | | | | | | | | Undetermined | | Undetermined* |
| | | | | TOTAL ASSERTED | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | | | TOTAL NOT SUBJECT TO OBJECTION | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | TOTAL SUBJECT TO OBJECTION | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | **TOTAL CLAIM AS MODIFIED** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts