HEARING DATE AND TIME: August 12, 2014 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: August 4, 2014 at 4:00 p.m. (Eastern Time)

---

**THE FOUR HUNDRED SEVENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE FOUR HUNDRED SEVENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KATHERINE N. DOORLEY, AT 212-310-8810.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                      :      Chapter 11 Case No.
                                                           :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,               :      08-13555 (SCC)
                                                           :
                    Debtors.                               :      (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON FOUR HUNDRED SEVENTY-FIFTH
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

     **PLEASE TAKE NOTICE** that on July 3, 2014, Lehman Brothers Holdings Inc.

("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the in the above-

referenced chapter 11 cases, filed the four hundred seventy-fifth omnibus objection to claims (the "Four Hundred Seventy-Fifth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Four Hundred Seventy-Fifth Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **August 12, 2014 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

        **PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Seventy-Fifth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 upon: (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Garrett A. Fail, Esq., attorneys for LBHI and certain of its affiliates; (iii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.; so as to be so filed and received by no later than **August 4, 2014 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

2

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Seventy-Fifth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Sevnty-Fifth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: July 3, 2014
      New York, New York

    /s/ Garrett A. Fail
    Garrett A. Fail

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Lehman Brothers Holdings Inc.
    and Certain of Its Affiliates

3

**HEARING DATE AND TIME: August 12, 2014 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: August 4, 2014 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**FOUR HUNDRED SEVENTY-FIFTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

---

**THIS FOUR HUNDRED SEVENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS FOUR HUNDRED SEVENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KATHERINE N. DOORLEY, AT 212-310-8810.**

---

US_ACTIVE:\44408144\15\58399.0011

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings In. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan")[1] for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

### RELIEF REQUESTED

1. The Plan Administrator has examined each of the proofs of claims listed on Exhibit A annexed hereto (each a "Claim") and has determined that, in each case, the applicable Chapter 11 Estate against which the Claim is asserted has no liability for the Claim. The Plan Administrator therefore files this omnibus objection, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking the disallowance and expungement of the Claims.

### JURISDICTION

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### BACKGROUND

**A.    General Background**

3. Commencing on September 15, 2008, and periodically thereafter, the Chapter 11 Estates commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2

procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. Lehman Brothers International (Europe) ("LBIE") and Lehman Brothers Inc. ("LBI") are subsidiaries of LBHI that are not debtors in the Chapter 11 Cases. On September 15, 2008, LBIE entered administration under English insolvency law (the "UK Proceeding"). On September 19, 2008, the District Court for the Southern District of New York appointed James W. Giddens as trustee to oversee LBI's liquidation in a proceeding administered by the Court under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* (the "SIPA Proceeding").

5. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections on various grounds, including those set forth in Bankruptcy Rule 3007(d) and certain additional grounds set forth in the Procedures Order.

6. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed in the Chapter 11 Cases.

**B.    The Claims**

7. Each of the Claims asserts that the applicable Chapter 11 Estate "may have obligations owing to Claimant" in connection with one or more of three types of agreements: a Global Master Securities Lending Agreement (the "GMSLA"); a Margin Lending Agreement (the "MLA"); and a Customer Account Agreement Prime Brokerage (the "CAA"). Claims ¶ 3.

3

**OBJECTION**

8.  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

9.  The Claims should be disallowed and expunged in their entirety pursuant to section 502(b)(1) of the Bankruptcy Code. The Chapter 11 Estates were not parties to the GMSLA or MLA. Claimants entered into these agreements with either or both of LBIE or LBI, not any of the Chapter 11 Estates. Accordingly, the Chapter 11 Estates have no liability arising under these agreements. It is axiomatic that separate legal entities are not liable for each other's distinct contractual obligations. *See Am. Renaissance Lines, Inc. v. Saxis S.S. Co.*, 502 F.2d 674, 677 (2d Cir. 1974) ("Absent findings of fraud or bad faith, a corporation . . . is entitled to a presumption of separateness from a sister corporation . . . even if both are owned and controlled by the same individuals."); *see also Gulf & Western Corp. v. New York Times Co.*, 439 N.Y.S.2d 13, 15 (App. Div. 1981) (dismissing case against the affiliates of two defendants on the grounds that such affiliates were not parties to the relevant agreement).

10. Assuming, *arguendo*, that the Chapter 11 Estates were among the parties to the CAA, the Chapter 11 Estates would still have no liability to claimants, as the Chapter 11

4

Estates would only have liability for the obligations they assumed.[2]  *See Abundance Partners LP v. Quamtel, Inc.*, 840 F. Supp. 2d 758, 767 (S.D.N.Y. 2012) ("Where the plain language of a contract signed by multiple parties indicates that only one party has assumed an obligation, only that party will be held liable for a failure to perform."); *Kranze v. Cinecolor Corp.*, 96 F.Supp. 728 (S.D.N.Y. 1951) (holding that because two of the parties to a multi-party contract assumed separate obligations, each party was only liable for the obligation it assumed); *see also Tahoe DBS, LLC v. Loral Space & Commc'ns Ltd (In re Loral Space & Commc'ns Ltd.*), 412 B.R. 64, 67-71 (S.D.N.Y. 2009) (holding that the debtors were not jointly and severally liable under a contract governed by California law, notwithstanding that numerous debtors were made a party to the agreement).  This is a well-established principle of New York contract law, which governs the CAA.

11.   Each claim asserts that two sections of the CAA contain obligations assumed by the Chapter 11 Estates: section 10 (which could be construed to refer to obligations, *in certain circumstances*, to inform claimant of events related to securities in its brokerage account (*e.g.*, redemptions, calls) and to act, where *reasonable*, on instructions received from claimant with respect to same); and section 19(b) (which does not refer an obligation *of the Chapter 11 Estates*).  *See id.* ¶ 5.

12.   The Claims fail to allege when or how any particular obligation was breached by each of the separate Chapter 11 Estates.  Further, the Claims fail to identify the damages, if any, resulting from any alleged breach of the purported obligations in the select sections.  Accordingly, the Claims fail to state a claim for breach of contract against the Chapter

---

[2] As a threshold matter, a Chapter 11 Estate can only be liable for damages arising from the CAA if it is a party to such agreement.  The Plan Administrator expressly reserves its rights to dispute that the Chapter 11 Estates are parties to the CAA.

5

11 Estates, which requires the identification of a breach and damages. *See Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001) (dismissing breach of contract claim because plaintiffs failed to identify the contractual provisions that defendant breached); *see also Berman v. Sugo L.L.C.*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008) ("[s]tating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract").

13.     Finally, each Claim references a customer claim filed by the claimant *against LBI* in the SIPA Proceeding and the liabilities alleged by claimant to be owed *by LBI* and asserts claims against the Chapter 11 Estates "*[t]o the extent that LBI may have transferred any of its . . . obligations* as prime broker under the [CAA] to [the applicable Chapter 11 Estate]." Claims ¶ 6. There is no evidence that LBI transferred any of its obligations under the CAA to a Chapter 11 Estate. Instead, evidence demonstrates that: (i) claimants' prime broker was LBIE, (ii) LBIE custodied claimants' cash and/or securities at LBI, and (iii) pursuant to an agreement approved by the Court, claimants were channeled to the UK Proceeding to collect on account of their customer claims for the return of their cash and/or securities.[3] *See* Declaration of Christopher K. Kiplok in Support of LBI-LBIE Settlement Agreement at ¶¶ 24-26, 34, 61-63, *SIPC v. Lehman Bros. Inc.*, No. 08-01420 (Bankr. S.D.N.Y.) [ECF No. 5788].

14.     If the Claims remain on the claims register, the potential exists for recoveries by parties who do not hold valid claims against the Chapter 11 Estates. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the Claims.

---

[3] Each claimant held a claim against LBI defined as a "Duplicative Claim" in the settlement agreement between LBI and LBIE, dated February 21, 2013 (the "LBI-LBIE Settlement"), which was approved by an order of the Court on April 16, 2013. *See* Order Approving Settlement Agreement Among the Trustee, Lehman Brothers International (Europe) (In Administration) and the LBIE Administrators, *SIPC v. Lehman Bros. Inc.*, No. 08-01420 (Bankr. S.D.N.Y.) [ECF No. 6021]. Schedule 2.05 of the LBI-LBIE Settlement listed all customers of LBIE that held "Duplicative Claims," including claimants. *See* Motion to Approve LBI-LBIE Settlement Agreement at Ex. A, Schedule 2.05, *SIPC v. Lehman Bros. Inc.*, No. 08-01420 (Bankr. S.D.N.Y.) [ECF No. 5787].

6

## RESERVATION OF RIGHTS

15.  The Plan Administrator reserves all rights to object on any other bases to any Claim as to which the Court does not grant the relief requested herein. The Plan Administrator reserves the right to conduct further discovery as to the Claims and any matters raised by claimants and to supplement this and other filings as a result thereof.

## NOTICE

16.  No trustee has been appointed in these Chapter 11 Cases. The Plan Administrator has served notice of this Four Hundred Seventy-Fifth Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

17. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: July 3, 2014
      New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

8

# **EXHIBIT A**

## OMNIBUS OBJECTION 475: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | CHINA FUND CAYMAN LTD. | 08-13600 (SCC) | LB 745 LLC | 09/21/2009 | 33419 | Undetermined | Undetermined | No Liability |
| 2 | CHINA FUND CAYMAN LTD. | 08-13885 (SCC) | Lehman Brothers Commodity Services Inc. | 09/21/2009 | 33420 | Undetermined | Undetermined | No Liability |
| 3 | CHINA FUND CAYMAN LTD. | 08-13664 (SCC) | PAMI Statler Arms LLC | 09/21/2009 | 33421 | Undetermined | Undetermined | No Liability |
| 4 | CHINA FUND CAYMAN LTD. | 08-13899 (SCC) | Lehman Brothers Derivative Products Inc. | 09/21/2009 | 33422 | Undetermined | Undetermined | No Liability |
| 5 | CHINA FUND CAYMAN LTD. | 08-13893 (SCC) | Lehman Brothers OTC Derivatives Inc. | 09/21/2009 | 33423 | Undetermined | Undetermined | No Liability |
| 6 | CHINA FUND CAYMAN LTD. | 08-13888 (SCC) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 33424 | Undetermined | Undetermined | No Liability |
| 7 | CHINA FUND CAYMAN LTD. | 08-13902 (SCC) | Lehman Brothers Financial Products Inc. | 09/21/2009 | 33425 | Undetermined | Undetermined | No Liability |
| 8 | CHINA FUND CAYMAN LTD. | 08-13901 (SCC) | Lehman Brothers Commercial Corporation | 09/21/2009 | 33426 | Undetermined | Undetermined | No Liability |
| 9 | CHINA FUND CAYMAN LTD. | 08-13900 (SCC) | Lehman Commercial Paper Inc. | 09/21/2009 | 33427 | Undetermined | Undetermined | No Liability |
| 10 | CHINA FUND CAYMAN LTD. | 08-13904 (SCC) | Lehman Scottish Finance L.P. | 09/21/2009 | 33528 | Undetermined | Undetermined | No Liability |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## OMNIBUS OBJECTION 475: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 11 | CHINA FUND CAYMAN LTD. | 08-13907 (SCC) | CES Aviation IX LLC | 09/21/2009 | 33529 | Undetermined | Undetermined | No Liability |
| 12 | CHINA FUND CAYMAN LTD. | 08-13906 (SCC) | CES Aviation V LLC | 09/21/2009 | 33530 | Undetermined | Undetermined | No Liability |
| 13 | CHINA FUND CAYMAN LTD. | 09-10108 (SCC) | Luxembourg Residential Properties Loan Finance S.a.r.l. | 09/22/2009 | 33531 | Undetermined | Undetermined | No Liability |
| 14 | CHINA FUND CAYMAN LTD. | 08-13905 (SCC) | CES Aviation LLC | 09/22/2009 | 33532 | Undetermined | Undetermined | No Liability |
| 15 | CHINA FUND CAYMAN LTD. | 09-10137 (SCC) | BNC Mortgage LLC | 09/22/2009 | 33533 | Undetermined | Undetermined | No Liability |
| 16 | CHINA FUND CAYMAN LTD. | 09-10558 (SCC) | Structured Asset Securities Corporation | 09/22/2009 | 33534 | Undetermined | Undetermined | No Liability |
| 17 | CHINA FUND CAYMAN LTD. | 08-13908 (SCC) | East Dover Limited | 09/22/2009 | 33535 | Undetermined | Undetermined | No Liability |
| 18 | CHINA FUND CAYMAN LTD. | 09-10560 (SCC) | LB Rose Ranch LLC | 09/21/2009 | 33537 | Undetermined | Undetermined | No Liability |
| 19 | CHINA FUND CAYMAN LTD. | 09-12516 (SCC) | LB 2080 Kalakaua Owners LLC | 09/21/2009 | 33538 | Undetermined | Undetermined | No Liability |
| 20 | CHINA FUND LP | 08-13905 (SCC) | CES Aviation LLC | 09/21/2009 | 33456 | Undetermined | Undetermined | No Liability |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## OMNIBUS OBJECTION 475: EXHIBIT A - NO LIABILITY CLAIMS

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 21 CHINA FUND LP | 08-13906 (SCC) | CES Aviation V LLC | 09/21/2009 | 33457 | Undetermined | Undetermined | No Liability |
| 22 CHINA FUND LP | 08-13907 (SCC) | CES Aviation IX LLC | 09/21/2009 | 33458 | Undetermined | Undetermined | No Liability |
| 23 CHINA FUND LP | 08-13908 (SCC) | East Dover Limited | 09/21/2009 | 33459 | Undetermined | Undetermined | No Liability |
| 24 CHINA FUND LP | 09-10108 (SCC) | Luxembourg Residential Properties Loan Finance S.a.r.l. | 09/21/2009 | 33460 | Undetermined | Undetermined | No Liability |
| 25 CHINA FUND LP | 09-10137 (SCC) | BNC Mortgage LLC | 09/21/2009 | 33461 | Undetermined | Undetermined | No Liability |
| 26 CHINA FUND LP | 09-10558 (SCC) | Structured Asset Securities Corporation | 09/21/2009 | 33462 | Undetermined | Undetermined | No Liability |
| 27 CHINA FUND LP | 09-10560 (SCC) | LB Rose Ranch LLC | 09/21/2009 | 33463 | Undetermined | Undetermined | No Liability |
| 28 CHINA FUND LP | 09-12516 (SCC) | LB 2080 Kalakaua Owners LLC | 09/21/2009 | 33464 | Undetermined | Undetermined | No Liability |
| 29 CHINA FUND LP | 08-13888 (SCC) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 33484 | Undetermined | Undetermined | No Liability |
| 30 CHINA FUND LP | 08-13664 (SCC) | PAMI Statler Arms LLC | 09/21/2009 | 33485 | Undetermined | Undetermined | No Liability |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## OMNIBUS OBJECTION 475: EXHIBIT A - NO LIABILITY CLAIMS

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 31 CHINA FUND LP | 08-13885 (SCC) | Lehman Brothers Commodity Services Inc. | 09/21/2009 | 33486 | Undetermined | Undetermined | No Liability |
| 32 CHINA FUND LP | 08-13600 (SCC) | LB 745 LLC | 09/21/2009 | 33487 | Undetermined | Undetermined | No Liability |
| 33 CHINA FUND LP | 08-13893 (SCC) | Lehman Brothers OTC Derivatives Inc. | 09/21/2009 | 33488 | Undetermined | Undetermined | No Liability |
| 34 CHINA FUND LP | 08-13899 (SCC) | Lehman Brothers Derivative Products Inc. | 09/21/2009 | 33489 | Undetermined | Undetermined | No Liability |
| 35 CHINA FUND LP | 08-13900 (SCC) | Lehman Commercial Paper Inc. | 09/21/2009 | 33490 | Undetermined | Undetermined | No Liability |
| 36 CHINA FUND LP | 08-13901 (SCC) | Lehman Brothers Commercial Corporation | 09/21/2009 | 33516 | Undetermined | Undetermined | No Liability |
| 37 CHINA FUND LP | 08-13902 (SCC) | Lehman Brothers Financial Products Inc. | 09/21/2009 | 33517 | Undetermined | Undetermined | No Liability |
| 38 CHINA FUND LP | 08-13904 (SCC) | Lehman Scottish Finance L.P. | 09/21/2009 | 33518 | Undetermined | Undetermined | No Liability |
| | | | TOTAL | | $0.00 | $0.00 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (SCC)
                                                   :
                Debtors.                           :    (Jointly Administered)
------------------------------------------------------------x

### ORDER GRANTING THE FOUR HUNDRED SEVENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the four hundred seventy-fifth omnibus objection to claims, dated July 3, 2014 (the "Four Hundred Seventy-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking disallowance of the Claims, all as more fully described in the Four Hundred Seventy-Fifth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Seventy-Fifth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Seventy-Fifth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Seventy-Fifth

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Seventy-Fifth Omnibus Objection to Claims.

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Seventy-Fifth Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged, with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
       New York, New York

                                               UNITED STATES BANKRUPTCY JUDGE