HEARING DATE AND TIME: August 12, 2014 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: August 4, 2014 at 4:00 p.m. (Eastern Time)

---

**THE FOUR HUNDRED SEVENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE FOUR HUNDRED SEVENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL,
KATHERINE N. DOORLEY, AT 212-310-8810.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
In re                                          :   Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :   08-13555 (SCC)
                                               :
                    Debtors.                   :   (Jointly Administered)
------------------------------------------------------------------x
```

**NOTICE OF HEARING ON FOUR HUNDRED
SEVENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on July 3, 2014, Lehman Brothers Holdings Inc.

("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the in the above-

US_ACTIVE:\44408294\15\58399.0011

referenced chapter 11 cases, filed the four hundred seventy-sixth omnibus objection to claims (the "Four Hundred Seventy-Sixth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Four Hundred Seventy-Sixth Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **August 12, 2014 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Seventy-Sixth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 upon: (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Garrett A. Fail, Esq., attorneys for LBHI and certain of its affiliates; (iii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.; so as to be so filed and received by no later than **August 4, 2014 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

US_ACTIVE:\44408294\15\58399.0011

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Seventy-Sixth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Seventy-Sixth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: July 3, 2014
      New York, New York

                                        /s/ Garrett A. Fail
                                        Garrett A. Fail

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Lehman Brothers Holdings Inc.
                                        and Certain of Its Affiliates

**HEARING DATE AND TIME: August 12, 2014 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: August 4, 2014 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :    08-13555 (SCC)
                                                   :
            Debtors.                               :    (Jointly Administered)
-------------------------------------------------------------------x

**FOUR HUNDRED SEVENTY-SIXTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

---

**THIS FOUR HUNDRED SEVENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS FOUR HUNDRED SEVENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KATHERINE N. DOORLEY, AT 212-310-8810.**

---

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings In. ("<u>LBHI</u>"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "<u>Plan</u>")[1] for the entities in the above-referenced chapter 11 cases (the "<u>Chapter 11 Estates</u>"), respectfully represents as follows:

## RELIEF REQUESTED

1. The Plan Administrator has examined each of the proofs of claims listed on <u>Exhibit A</u> annexed hereto (each a "<u>Claim</u>") and has determined that, in each case, the applicable Chapter 11 Estate against which the Claim is asserted has no liability for the Claim. The Plan Administrator therefore files this omnibus objection, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "<u>Procedures Order</u>"), seeking the disallowance and expungement of the Claims.

## JURISDICTION

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

**A.    Chapter 11 Case Background**

3. Commencing on September 15, 2008, and periodically thereafter, the Chapter 11 Estates commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "<u>Chapter 11 Cases</u>"). The Chapter 11 Cases have been consolidated for

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2

procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections on various grounds, including those set forth in Bankruptcy Rule 3007(d) and certain additional grounds set forth in the Procedures Order.

4.      On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed in the Chapter 11 Cases.

**B.    The Claims**

5.      Each of the Claims asserts that Lehman Brothers Special Financing Inc. ("LBSF") is liable for: (a) "any and all cash and/or securities of [the respective claimant] held by or in the possession or control of LBSF," and (b) "contingent and/or unliquidated claims not presently ascertainable in connection with and provided for under" one or more of four types of agreements: a Global Master Securities Lending Agreement (the "GMSLA"); a Margin Lending Agreement (the "MLA"); a Master Institutional Futures Customer Agreement (the "FCA"); and a Customer Account Agreement Prime Brokerage (the "CAA"). Claims ¶ 4.

**OBJECTION**

6.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that

"such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

7. The Claims should be disallowed and expunged in their entirety pursuant to section 502(b)(1) of the Bankruptcy Code.[2] As set forth in LBSF's Schedules of Assets and Liabilities [ECF No. 3921] and Statement of Financial Affairs [ECF No. 3096], LBSF's books and records do not reflect any liability of LBSF to the claimants – for the return of cash or securities or otherwise.

8. Further, LBSF was not a party to the GMSLA, MLA, or FCA. Certain of the Claimants entered into these agreements with either or both of Lehman Brothers International (Europe) or Lehman Brothers Inc., not LBSF. Accordingly, LBSF has no liability arising under these agreements. It is axiomatic that separate legal entities are not liable for each other's distinct contractual obligations. *See Am. Renaissance Lines, Inc. v. Saxis S.S. Co.*, 502 F.2d 674, 677 (2d Cir. 1974) ("Absent findings of fraud or bad faith, a corporation . . . is entitled to a presumption of separateness from a sister corporation . . . even if both are owned and controlled by the same individuals."); *see also Gulf & Western Corp. v. New York Times Co.*, 439 N.Y.S.2d 13, 15 (App. Div. 1981) (dismissing case against the affiliates of two defendants on the grounds that such affiliates were not parties to the relevant agreement).

9. Assuming, *arguendo*, that LBSF was one of a number of parties to the CAA, LBSF would still have no liability to claimants, as LBSF would only have liability for the

---

[2] With respect to two of the Claims, proofs of claim numbers 26872 and 26877, claimants failed to produce upon request any evidence that they ever entered into a GMSLA, MLA, FCA, or CAA. Absent such evidence, proofs of claim numbers 26872 and 26877 are not entitled to *prima facie* validity and should be disallowed and expunged on this basis alone. *See In re Minbatiwalla*, 424 B.R. 104, 199 (Bankr. S.D.N.Y. 2010) (disallowing a claim where claimant failed to establish its *prima facie* validity).

4

performance it promised.[3] *See Abundance Partners LP v. Quamtel, Inc.*, 840 F. Supp. 2d 758, 767 (S.D.N.Y. 2012) ("Where the plain language of a contract signed by multiple parties indicates that only one party has assumed an obligation, only that party will be held liable for a failure to perform."); *Kranze v. Cinecolor Corp.*, 96 F.Supp. 728 (S.D.N.Y. 1951) (holding that because two of the parties to a multi-party contract assumed separate obligations, each party was only liable for the obligation it assumed); *see also Tahoe DBS, LLC v. Loral Space & Commc'ns Ltd (In re Loral Space & Commc'ns Ltd.)*, 412 B.R. 64, 67-71 (S.D.N.Y. 2009) (holding that the debtors were not jointly and severally liable under a contract governed by California law, notwithstanding that numerous debtors were made a party to the agreement).  This is a well-established principle of New York contract law, which governs the CAA.

10. The Claims do not refer to any obligations breached or even undertaken by LBSF in the CAA and, therefore, fail to state a claim for liability against LBSF. *See Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001) (dismissing breach of contract claim because plaintiffs failed to identify the contractual provisions that defendant breached); *see also Berman v. Sugo L.L.C.*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008) ("[s]tating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract").

11. If the Claims remain on the claims register, the potential exists for recoveries by parties who do not hold valid claims against the Chapter 11 Estates.  Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the Claims.

---

[3] As a threshold matter, LBSF can only be liable for damages arising from the CAA if LBSF is a party to such agreement.  The Plan Administrator expressly reserves its rights to dispute that LBSF is a party to the CAA.

5

## **RESERVATION OF RIGHTS**

12.     The Plan Administrator reserves all rights to object on any other bases to any Claim as to which the Court does not grant the relief requested herein.  The Plan Administrator reserves the right to conduct further discovery as to the Claims and any matters raised by claimants and to supplement this and other filings as a result thereof.

## **NOTICE**

13.     No trustee has been appointed in these Chapter 11 Cases.  The Plan Administrator has served notice of this Four Hundred Seventy-Sixth Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

US_ACTIVE:\44408294\15\58399.0011

14. No previous request for the relief sought herein has been made by the Plan Administrator or LBSF to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: July 3, 2014
      New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

7

# **EXHIBIT A**

## OMNIBUS OBJECTION 476: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | LMA SPC FOR AND ON BEHALF OF MAP 15 SEGREGATED PORTFOLIO | 08-13888 (SCC) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 26892 | Undetermined | Undetermined | No Liability |
| 2 | LMA SPC FOR AND ON BEHALF OF MAP 56 SEGREGATED PORTFOLIO | 08-13888 (SCC) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 26872 | $610,849.00 * | $610,849.00* | No Liability |
| 3 | LMA SPC FOR AND ON BEHALF OF MAP 58 SEGREGATED PORTFOLIO | 08-13888 (SCC) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 26882 | Undetermined | Undetermined | No Liability |
| 4 | LMA SPC ON BEHALF OF MAP I | 08-13888 (SCC) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 26897 | $11,359,593.13 * | $11,359,593.13* | No Liability |
| 5 | LMA SPC ON BEHALF OF MAP J | 08-13888 (SCC) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 26900 | $4,821,297.60 * | $4,821,297.60* | No Liability |
| 6 | MAP 502, A SUB-TRUST OF LMA IRELAND | 08-13888 (SCC) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 26877 | $514,722.00 * | $514,722.00* | No Liability |
| | | | | TOTAL | | $17,306,461.73 | $17,306,461.73 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                               :    **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :    **08-13555 (SCC)**
                                                                    :
                                     Debtors.                   :    **(Jointly Administered)**
---------------------------------------------------------------x

### ORDER GRANTING THE FOUR HUNDRED SEVENTY-SIXTH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the four hundred seventy-sixth omnibus objection to claims, dated July 3, 2014 (the "Four Hundred Seventy-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking disallowance of the Claims, all as more fully described in the Four Hundred Seventy-Sixth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Seventy-Sixth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Seventy-Sixth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Seventy-Sixth

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Seventy-Sixth Omnibus Objection to Claims.

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Seventy-Sixth Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged, with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
      New York, New York

                                           _____
                                           UNITED STATES BANKRUPTCY JUDGE