WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ralph I. Miller
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**REPLY TO RESPONSE OF MATTHEW LEE**
**TO THE FOUR HUNDRED SIXTY-SIXTH OMNIBUS OBJECTION TO CLAIMS**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator, files this reply in further support of its Four Hundred Sixty-Sixth Omnibus Objection to Claims (the "Objection") [ECF No. 44487], and respectfully represents:

1. Parts of claim number 14073 should be disallowed, and the remainder should be reclassified as Equity Interests under the Plan (defined below). Mr. Matthew Lee filed this proof of claim against LBHI on September 16, 2009 (the "Claim"), seeking (i) $50,000 for alleged unauthorized investments in a college fund account, maintained at Lehman Brothers Inc. ("LBI") and (ii) $94,950 in connection with the purchase of 25,000 shares of LBHI stock made

days before the commencement of LBHI's chapter 11 case, alleging that a "Lehman Brothers representative . . . should not have allowed the trade . . . ." Claim at 2.[1]

2.    The Claim asserts that "there is no clear cut line between what claims are attributable to LBHI and which claims are attributable to LBI." Claim at 1. The Claim attaches two copies of LBI brokerage account statements, dated as of February 29, 2008 and August 31, 2008, each reflecting an investment in a certain "District Columbia Savrs" with a market value of $25,000. The Claim also attaches a 2008 income statement dated as of March 16, 2009, reflecting a September 12, 2008 purchase of 25,000 shares of LBHI stock at a price of 3.75.

3.    The Objection was filed seeking disallowance of that portion of the Claim for investments in the LBI brokerage account because LBHI has no liability for investments in LBI brokerage accounts and because Mr. Lee asserted no basis in law or fact to collapse the corporate separateness of LBI and LBHI. *See* Objection ¶ 2, Ex. A. The Objection also sought to reclassify as an equity interest that portion of the Claim for LBHI stock or to subordinate such portion of the Claim to the level of common stock in LBHI pursuant to section 510(b) of the Bankruptcy Code. *See* Objection ¶ 2, Ex. B. Upon the filing of the Objection, the burden shifted to Mr. Lee to demonstrate the validity of the Claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). "When the burden is shifted back to the claimant, it must then prove by a preponderance of the evidence that under applicable law the claim should be allowed." *In re Oneida, Ltd.*, 400 B.R. at 389.

4.    Mr. Lee filed an informal one-page response to the Objection (the "Response"), attached hereto as Exhibit A. With respect to the portion of the Claim related to

---

[1] Although Mr. Lee claims that he was an employee of "Lehman Brothers," Mr. Lee's employment status has no relevance to the alleged liabilities asserted in the Claim.

2

the LBI brokerage account, the Response states, "Essentially, your reason relates to an LBHI v. LBI argument.  This argument ONLY related to my compensation claim and was never mentioned in this claim 14073; therefore, your reasoning is totally irrelevant to the claim being questioned by you."  Having withdrawn or disclaimed the only argument in support of this portion of the Claim, neither the Claim nor the Response supports a legally cognizable claim against LBHI.  The Claim focuses entirely on funds allegedly held in college investment accounts at LBI.  LBHI has no liability for LBI brokerage accounts and no liability for the obligations set forth in this portion of the Claim.[2]  Accordingly, the portion of the Claim related to the college investment accounts should be disallowed and expunged.

5. With respect to the portion of the Claim related to LBHI stock, the Response states, "This is a <u>fraud</u> claim not an equity claim, which your reasoning addresses.  The Lehman Brothers representative <u>fraudulently</u> induced a stock purchase."  Resp. at 1 (emphasis in original).  Section 510(b) was enacted specifically to prevent parties like Mr. Lee from bootstrapping their way to parity with general unsecured creditors.  *See In re Enron Corp, et al.*, 341 B.R. 141, 158 (Bankr. S.D.N.Y. 2006) ("[T]he policy judgment behind section 510(b), is clear: 'Congress enacted § 510(b) to prevent disappointed shareholders from recovering their investment loss by using fraud and other securities claims to bootstrap their way to parity with general unsecured creditors in a bankruptcy proceeding.'"), *citing to Baroda Hill Invs., Ltd. v. Telegroup, Inc. (In re Telegroup, Inc.)*, 281 F.3d 133, 142 (3d Cir. 2002).

---

[2] It is axiomatic that "affiliated corporations are, as a rule, treated separately and independently so that one will not be held liable for the contractual obligations of [an]other…."  *Krys v. Aaron (In re Refco Inc. Sec. Litig.)*, 826 F.Supp.2d 478, 495 (S.D.N.Y. 2011) (quoting *Sheridan Broad. Corp. v. Small*, 798 N.Y.S.2d 45, 46-47 (N.Y. App. Div. 2005)).  Further, this Court has held that "as alleged creditors of LBI [, claimants] . . . lack standing to assert against LBHI any alter ego claim, veil piercing claim, or similar claim to disregard the corporate form of LBHI or LBI, as such claims were the property of the LBI estate and have been irrevocably released, discharged, and acquitted . . ." *See* ECF Nos. 41278, 41280; *see also* Hr'g Tr. 98: 7-9, *In re Lehman Bros. Holdings Inc.*, No. 08-13555 (Bankr. S.D.N.Y. Nov. 22, 2013) (". . . individual former employees of LBI do not have standing to pursue claims against LBHI on an alter ego theory").

6. Likewise, in *In re Kaiser Group Int'l, Inc., et al.*, the bankruptcy court subordinated shareholders' claims, including claims for fraud and breach of contract. 260 B.R. 684, 689 (Bankr. D. Del. 2001). The result was the same in *Official Committee of Unsecured Creditors v. Fli Deep Marine, LLC, et al.*, where the bankruptcy court subordinated shareholders' claims, including claims for fraud, breach of fiduciary duty, and unjust enrichment. 2011 WL 160595, at *1, 7 (Bankr. S.D. Tex. Jan. 19, 2011). Thus, the portion of the Claim for LBHI stock should be reclassified as "Equity Interests," as defined in and pursuant to the *Modified Third Amended Joint Chapter 11 Plan of LBHI and Its Affiliated Debtors* [ECF No. 22973] (the "Plan").

## RESERVATION OF RIGHTS

7. The Plan Administrator reserves the right to object to the Claim on any other basis. The Plan Administrator further reserves the right to conduct discovery as to the Claim and any matters raised by Mr. Lee and to supplement this and other filings as a result thereof.

## CONCLUSION

WHEREFORE for the reasons set forth above and in the Objection, the Plan Administrator respectfully requests that the Court enter an order disallowing and expunging a portion of the Claim and reclassifying a portion of the Claim as "Equity Interests."

Dated: July 8, 2014
       New York, New York

/s/ Ralph I. Miller
Ralph I. Miller
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

## EXHIBIT A

## LEE RESPONSE

Matthew Lee
231 Sackett Street
Brooklyn
New York 11231

June 15, 2014

Garret A. Fail
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York
NY 10153

Dear Mr. Fail

I am in receipt of the four hundred and sixty- sixth omnibus objection, which makes reference to two Lee claims. I am writing to point out that your description of both claims is just completely wrong, i.e. your reasons column is plain factually incorrect.

On page 2 of 6 Case number 08-13555(SCC) your Claim number 14073. Amounts to be disallowed $50,000. Essentially, your reason relates to an LBHI v LBI argument. This argument ONLY related to my compensation claim and was never mentioned in this claim 14073; therefore, your reasoning is totally irrelevant to the claim being questioned by you. Please will you withdraw this objection on the grounds your reasoned objection is factually incorrect.

On a separate page 1 of 1 Case Number 08-13555 (SCC) your Claim 14073. This is a fraud claim not an equity claim, which your reasoning addresses. The Lehman Brothers representative fraudulently induced a stock purchase. Please will you withdraw this objection on the grounds your reasoned objection is based on an incorrect point of law.

Please will you amend your "reasons" before the July 2nd, 2014 deadline and in accordance with all relevant laws? I will assume you will do this unless I hear from you to the contrary.

I can be reached at 917-647-1409 for further discussion. Many thanks

Best regards
Matthew Lee

*[signature]*

HEARING DATE AND TIME: July 16, 2014 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 2, 2014 at 4:00 p.m. (Eastern Time)

> **THE FOUR HUNDRED SIXTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE FOUR HUNDRED SIXTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                       :   Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :   08-13555 (SCC)
                                                            :
                Debtors.                                    :   (Jointly Administered)
------------------------------------------------------------x

### NOTICE OF HEARING ON FOUR HUNDRED SIXTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

PLEASE TAKE NOTICE that on June 2, 2014, Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

# IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)
## OMNIBUS OBJECTION 466: EXHIBIT B - RECLASSIFY AS EQUITY INTERESTS

| NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE RECLASSIFIED | REASON FOR PROPOSED RECLASSIFIC |
|---|---|---|---|---|---|---|
| 1 LEE, MATTHEW | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 14073 | $144,950.00 * | $94,950.00* | The portion of Claim 14073 asserted in the amo $94,950 seeks recovery in connection with the p 25,000 shares of LBHI stock made three days be commencement of LBHI's chapter 11 case, alleg "Lehman Brothers representative . . . did not act fiduciary duty and should not have allowed the ." This portion of Claim 14073 asserts liability fo interest in an "equity security" and not a "claim, terms are defined in sections 101(16) and 101(5) Bankruptcy Code, and should therefore be recla an equity interest. Furthermore, section 510(b) o Bankruptcy Code provides that, for purposes of distribution, a claim for damages arising from t purchase or sale of a security shall be subordina claims or interests that are senior to or equal to or interest represented by such security, except such security is common stock, such claim has t priority as common stock. 11 U.S.C. § 510(b). T claims asserted on the basis of breach of fiducia connection with claimant's purchase of equity s should be subordinated under section 510(b). A the portion of Claim 14073 seeking recovery in c with LBHI stock should be reclassified as an equ interest of LBHI and, to the extent applicable, subordinated pursuant to Bankruptcy Code sect 510(b). |
| | | | TOTAL | $144,950.00 * | $94,950.00 * | |

* - Indicates claim contains unliquidated and/or undetermined amounts

# IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)
## OMNIBUS OBJECTION 466: EXHIBIT A - NO LIABILITY

| CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|
| 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 14073 | $144,950.00 * | $50,000.00* | The portion of Claim 14073 in the amount of $50,000 seeks recovery in connection with a college fund account, purportedly at Lehman Brothers Inc. ("LBI"). The claim asserts that "there is no clear cut line between what claims are attributable to LBHI and which claims are attributable to LBI." Claimant asserts no basis in law or fact to collapse the corporate separateness of LBI and LBHI. To the extent the claim alleges veil piercing, such veil-piercing claim has no merit. As this Court has previously ruled, "as alleged creditors of LBI [,claimants] . . . lack standing to assert against LBHI any alter ego claim, veil piercing claim, or similar claim to disregard the corporate form of LBHI or LBI, as such claims were the property of the LBI estate and have been irrevocably released, discharged, and acquitted . . ." See ECF Nos. 41278, 41280; see also Hr'g Tr. 98:7-9, In re Lehman Bros. Holdings Inc., No. 08-13555 (Bankr. S.D.N.Y. Nov. 22, 2013) (". . . individual former employees of LBI do not have standing to pursue claims against LBHI on an alter ego theory"). Moreover, under binding Second Circuit law, the claimant lacks standing to assert any form of alter ego claims. Kalb, Voorhis & Co. v. Am. Fin. Corp., 8 F.3d 130, 132 (2d Cir. 1993); accord Duke Energy Trading and Mktg., L.L.C. v. Enron Corp. (In re Enron Corp.), No. 02-3609, 2003 WL 1889040, at *3 (Bankr. S.D.N.Y. April 17, 2003). As such, the portion of Claim 14073 seeking recovery in connection with a college fund account should be disallowed and expunged. |
| 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 15663 | $37,802.00 | $35,429.00 | The portion of Claim 15663 asserted in the amount of $35,429 seeks a claim against LBHI based on a purported guaranty of the obligations of Lehman Brothers Limited. Claimant has produced no evidence that LBHI ever issued a guaranty of any obligations of Lehman Brothers Limited to claimant, and the Plan Administrator is not aware of the existence of any such guaranty. The portion of Claim 15663 in the amount of $2,373 reclassified as an equity interest on the Three Hundred Thirteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 30368] is not affected by this objection. |

* claim contains unliquidated and/or undetermined amounts