CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
Telephone: (312) 845-3000
Facsimile: (312) 701-2361
Franklin H. Top III (admitted *pro hac vice*)
Scott Lewis (admitted *pro hac vice*)

-and-

CHAPMAN AND CUTLER LLP
330 Madison Avenue, 34th Floor
New York, New York 10017-5010
Telephone: (212) 655-6000
Craig M. Price (CP 9039)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE | CHAPTER 11 CASE NO. 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS INC., *ET AL.*, | |
| Debtors. | (Jointly Administered) |

## AFFIDAVIT OF DONALD F. HIGGINS IN CONNECTION WITH MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 105(A) OF THE BANKRUPTCY CODE FOR APPROVAL OF PARTIAL SETTLEMENT AGREEMENT RELATING TO SGS HY CREDIT FUND I (EXUM RIDGE CBO 2006-3) SWAP AGREEMENT AND INDENTURE

I, Donald F. Higgins, being first duly sworn on oath, and under penalties of perjury as provided for under the Federal Rules of Civil Procedure, depose and state as follows:

3613777.01.05.doc

1.      I am presently employed by U.S. Bank National Association as a Vice President in our Corporate Trust Services Group based in our Boston, Massachusetts, offices located at One Federal Street, Third Floor, Boston, Massachusetts 02110. U.S. Bank National Association serves as Indenture Trustee (*"U.S. Bank"* or the *"Trustee"*) under the terms of that Indenture, dated as of June 25, 2006, by and between SGS HY Credit Fund I (Exum Ridge CBO 2006-3), Ltd., as Issuer, SGS HY Credit Fund I (Exum Ridge CBO 2006-3), Corp., as Co-Issuer, and U.S. Bank National Association, as indenture trustee (the *"Indenture,"* and the issuer of notes under the Indenture, the *"Issuer"*).

2.      In my capacity at U.S. Bank, as Trustee, I have responsibility for administering the Indenture. Based on my own experiences and after review of the Trustee's business records, I have personal knowledge of the facts stated in this Affidavit and am competent to testify to these facts if called to do so. Capitalized terms not defined herein shall have the meaning ascribed in the Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105(a) of the Bankruptcy Code for Approval of Partial Settlement Agreement Relating to SGS HY Credit Fund I (Exum Ridge CBO 2006-3) Swap Agreement and Indenture (the "*Settlement Motion*") [ECF No. 44723].

3.      After Lehman Brothers Holdings Inc. (*"LBHI"*) and Lehman Brothers Special Financing Inc. (*"LBSF"* and with LBHI, the *"Debtors"*) filed for bankruptcy on September 15, 2008, and October 3, 2008, respectively (the *"Bankruptcy Proceedings"*), the Trustee sent out numerous notices to holders of notes (*"Holders"*) issued by the Issuer and other parties under the SGS HY Credit Fund I (Exum Ridge CBO 2006-3) transaction (the *"Transaction"*), and had related conference calls and other communications with Holders in the Transaction, to inform

them, and solicit their directions, in respect to certain developments, issues and other matters concerning the Transaction and Bankruptcy Proceedings.

4.     The notes issued under the Indenture are generally held in "street name," meaning that the notes themselves are registered in the name of Cede & Company as the nominee for The Depository Trust Company (*"DTC"*) as the Holder, on behalf of the beneficial holders of such notes. Each of the Notices (as defined below) provided by the Trustee to Holders for the Transaction and other parties, was transmitted to DTC with instructions to forward the notice to beneficial holders. Upon information and belief, DTC posted the Notices on its electronic bulletin board for beneficial holders to view.

5.     The Trustee also sent applicable Notices for the Transaction to all Holders of notes in physical or certificated form listed on the Trustee's registered holders lists for the Transaction, as of the date of each notice, by U.S. mail, postage pre-paid, to the physical address listed therein.

6.     In addition, with assistance of others in my office, the Notices were timely posted on the Trustee's investor reporting website (http://www.usbank.com/abs), which provides Holders with access to certain information relating to the Indenture and the trust established thereby.

7.     In the period from approximately October 15, 2008, through and including March 4, 2010, the Trustee sent at least fifteen (15) notices to Holders in the Transaction and other parties (among other communications) (the *"First Fifteen Notices"*) in an attempt to inform Holders on a variety of issues relating to the Transaction, as follows:

3

(i)     Informational Notice from the Trustee to the Holders (and certain other parties named therein) dated October 15, 2008;

(ii)    Event of Default Notice from the Trustee to the Holders (and certain other parties named therein) dated October 21, 2008;

(iii)   Informational Notice from the Trustee to the Holders (and certain other parties named therein) dated December 5, 2008;

(iv)    Notice to Holders (and certain other parties named therein) of Invitation to Participate in Conference Call dated February 23, 2009;

(v)     Notice to Holders Regarding Receipt of Notice of Termination of Lehman Brothers ABS Enhanced LIBOR Fund dated March 11, 2009;

(vi)    Request for Direction Regarding Proposal from Credit Swap Counterparty from the Trustee to the Holders (and certain other parties named therein) dated March 27, 2009;

(vii)   Request for Direction Regarding Notice of Termination of Lehman Brothers ABS Enhanced LIBOR Fund from the Trustee to the Holders (and certain other parties named therein) dated March 27, 2009;

(viii)  Notice from the Trustee to Holders (and certain other parties named therein) of Invitation to Participate in Conference Call dated April 22, 2009;

(ix)    Request for Direction Regarding Replacement Investment Manager of Lehman Brothers ABS Enhanced LIBOR Fund from the Trustee to the Holders (and certain other parties named therein) dated May 6, 2009, and the Supplement thereto dated May 8, 2009;

(x)     Notice from the Trustee entitled "Invitation to Noteholders to Participate in Conference Call" dated May 11, 2009;

(xi)    Notice of Responses to Request for Direction Regarding Replacement of the Investment Manager of Lehman Brothers ABS Enhanced LIBOR Fund from the Trustee to

4

the Holders (and certain other parties named therein) dated June 4, 2009;

(xii)   Notice to Holders (and certain other parties named therein) Regarding Notice of Certain Developments dated September 22, 2009;

(xiii)  Notice to Holders (and certain other parties named therein) Regarding Notice of Change in Management of TCW Asset Management Company and Update on the Replacement of Neuberger Berman Fixed Income LLC as the Manager of the Lehman Brothers ABS Enhanced LIBOR Fund (the 'LIBOR Fund') with TCW Asset Management Company dated December 29, 2009;

(xiv)   Notice to Holders (and certain other parties named therein) Regarding Notice of Motion to Replace Neuberger Berman Fixed Income LLC as the Manager of the Lehman Brothers ABS Enhanced LIBOR Fund (the 'LIBOR Fund') with TCW Asset Management Company dated February 1, 2010; and

(xv)    Notice of Holders (and certain other parties named therein) Regarding Notice of Certain Developments and Invitation to Holders to Participate in Conference Call dated March 4, 2010.

8.      On or about April 20, 2010, the Trustee received Derivatives ADR Notice No. 157 with respect to the swap transaction between the Issuer and LBSF executed concurrently with the Indenture, under which a response and participation in subsequent mediation proceedings was mandatory. As required by the ADR Procedures Order, the Trustee sent a notice to Holders in the Transaction and other parties on or about May 3, 2010, entitled *Notice to the Holders of Notes Issued by SGS HY Credit Fund I (Exum Ridge CBO 2006-3), Ltd.*, seeking direction and input from Holders with respect to the resolution of the applicable swap transaction (the *"Sixteenth Notice"*). A true and correct copy of the Sixteenth Notice is attached hereto as *Exhibit A*.

9.     The Trustee did not receive any comments from Holders in the Transaction in connection with the Sixteenth Notice that it had transmitted, or if it did, such comments were not significant.  Notice of the receipt of ADR Notice No. 157 was also published by the Trustee three times in May 2011 in the Wall Street Journal and Financial Times (the *"Published Notices"*).  True and correct copies of the Published Notices are attached hereto as *Exhibit B*.

10.     On or about June 28, 2010, the Trustee sent an additional notice to Holders in the Transaction, again seeking input with respect to the resolution of the relevant swap transaction (the *"Seventeenth Notice"*).  That notice provided in pertinent part:

> Lehman Brothers Holdings Inc. ("LBHI") filed a voluntary petition seeking relief under Chapter 11 of 11 U.S.C. § 101 et seq. (the 'Bankruptcy Code') on September 15, 2008. LBSF filed a voluntary petition under the Bankruptcy Code on October 3, 2008. Both of these proceedings are pending in the United States Bankruptcy Court for the Southern District of New York and are consolidated for administrative purposes under Case No. 08-13555.  The Honorable James M. Peck presides over the proceedings.  Information with respect to those proceedings may be found at http://www.Lehman-Docket.com.

> As reported in our Notice dated May 3, 2010, the Indenture Trustee received an ADR Notice dated April 19, 2010 demanding a payment by the Issuer to LBSF in the amount of **$REDACTED**, consisting of **$REDACTED** in a termination payment plus **$REDACTED** in interest thereon.  A copy of the ADR Notice is attached as Exhibit C to the May 3, 2010 Notice and has been posted on the Indenture Trustee's website at http://www.usbank.com/abs.  The Indenture Trustee filed a response to the ADR Notice on June 4, 2010, a copy of which is attached hereto as Exhibit B.  The Indenture Trustee received the Reply from LBSF on June 18, 2010 stating, inter alia, that the matter was appropriate for mediation.  A copy of the Reply is attached hereto as Exhibit C.  As of this date, mediation has not been scheduled.

Pursuant to Section 5(b) of the ADR Order, the Indenture Trustee is again (a) providing you notice that LBSF made a demand for a termination payment plus interest thereon, (b) seeking the identity of all Noteholders in order to facilitate participation of Noteholders in the Derivatives ADR Procedures (as defined in the ADR Order) and to facilitate direct communications with LBSF regarding these matters, and (c) seeking direction and instruction from the Noteholders with respect to participation by the Indenture Trustee in the Derivative ADR Procedures. Further, as required by the ADR Order, the Indenture Trustee (a) invites you to participate in the Derivatives ADR Procedures as an alternative to litigation, (b) encourages you to communicate directly with the Debtors, and (c) consistent with Indenture and applicable law, offers to take your direction with regard to the ADR Notice. Contacts for LBSF and its counsel may be found in the Reply.

**The Indenture Trustee needs your input and direction with respect to the mediation. In order to facilitate participation, communication, direction and instruction in connection with the ADR Procedures, please complete a Certificate of Beneficial Interest in the form attached hereto as Exhibit A and return it to the Indenture Trustee at your earliest possible convenience.**

(Emphasis in original). A true and correct copy of the Seventeenth Notice is attached hereto as *Exhibit C*.

11.    Thereafter, the Trustee sent subsequent notices to Holders in the Transaction to schedule conference calls with them to discuss the mediation process generally, among other issues, as follows:

(i)    Notice to Holders (and certain other parties named therein) Regarding Invitation to a Conference Call on August 18, 2010 at 1:00 PM EDT, 10:00 PDT, dated August 4, 2010 (the "*Eighteenth Notice*"); and

(ii)    Notice to Holders (and certain other parties named therein) Regarding Invitation to Conference Call on October 28, 2010, at 3:00 p.m. EDT, 12:00 noon PDT, dated October 19, 2010 (the "*Nineteenth Notice*").

The conference calls were held as scheduled on August 18, 2010 and October 28, 2010. Holders that participated in the conference calls were provided with an update of the Bankruptcy Proceedings as the proceedings relate to the Transaction, advised about the mediations generally, informed that mediation would likely be scheduled for the Transaction and invited to participate in the mediation process.

12.    On September 14, 2010, LBSF initiated litigation with respect to the relevant swap transaction for the Transaction. The Trustee sent an additional notice to Holders in the Transaction and other parties on or about September 29, 2010, entitled *Notice of the Institution of Litigation by Lehman Brothers Special Financing Inc.*, in which the Trustee provided notice of the litigation (the *"Twentieth Notice"*).

13.    On November 24, 2010, the Debtors filed a motion seeking to alter certain procedures for settling claims involving special purpose vehicle counterparties (the *"SPV ADR Motion"*). Thereafter, the Trustee sent an additional notice to Holders in the Transaction on or about December 31, 2010, entitled *Notice to Noteholders and/or Certificateholders of the Transactions and Their Corresponding CUSIPs Listed on Exhibit A*, which informed Holders of the SPV ADR Motion and that the Trustee had filed an objection thereto (the *"Twenty-First Notice"*). A true and correct copy of the Twenty-First Notice is attached hereto as *Exhibit D*.

14.    The Trustee sent a subsequent notice to Holders in the Transaction on or about April 4, 2011, entitled *Notice to Noteholders and/or Certificateholders (the "Securityholders") of the Transactions and Their Corresponding CUSIPs Listed on Exhibit A*, in which the Trustee indicated that it was essential that one or more Holders or holders of certificates for the Transaction be present to represent the Transaction in the applicable mediation with LBSF (the

8

*"Twenty-Second Notice"*). A true and correct copy of the Twenty-Second Notice is attached hereto as *Exhibit E.*

15.    The Trustee did not receive any comments from Holders in the Transaction in connection with the Twenty-Second Notice that it had transmitted, or if it did, such comments were not significant. Thereafter, the Trustee sent additional notices to Holders in the Transaction and other parties regarding the scheduling of a hearing on the Debtors' disclosure statement (the *"Twenty-Third Notice"*) and with respect to the payment of unpaid fees and expenses of various service providers and others, including the Trustee and the government of the Cayman Islands (the *"Twenty-Fourth Notice"*).

16.    The Trustee did not receive any comments from Holders in the Transaction in connection with the Twenty-Third or Twenty-Fourth Notices that it had transmitted, or if it did, such comments were not significant. The Trustee sent a subsequent notice to Holders in the Transaction and other parties on or about September 21, 2011, entitled *"Notice to Retain Possession of Certificates and of Obligations under any Note Purchase Agreement,"* in which the Trustee again indicated that it was seeking input from holders regarding the pending litigation with LBSF (the *"Twenty-Fifth Notice"*). A true and correct copy of the Twenty-Fifth Notice is attached hereto as *Exhibit F.*

17.    The Trustee did not receive any comments from Holders in the Transaction in connection with the Twenty-Fifth Notice that it had transmitted, or if it did, such comments were not significant. Thereafter, the Debtors and Trustee engaged in discussions regarding the Transaction and recently reached agreement for partial settlement of claims, which is reflected in the Settlement Motion filed with this Court on July 16, 2014.

18.    The Trustee provided an additional notice to Holders in the Transaction and other parties on or about June 17, 2014, entitled *Notice to Holders*, advising them of the Trustee's and LBSF's agreement for partial settlement of claims, informing them of the Settlement Motion and the terms of the partial settlement, and providing them with information as to how to object in the event they disagreed with the settlement (the *"Twenty-Sixth Notice"* and collectively, with the First Fifteen Notices and the Sixteenth through Twenty-Fifth Notice, the *"Notices"*). A copy of the Twenty-Sixth Notice is attached hereto as *Exhibit G*.

19.    As of the date of this affidavit, I am not aware of any formal or informal objection of a Holder in the Transaction to the Settlement Motion or the Noteholder Settlement Amount.

*[Remainder of this Page Intentionally Left Blank]*

FURTHER AFFIANT SAYETH NOT.

Donald F. Higgins

Subscribed and sworn to before me
this 1ʷᵗʰ day of ____Jul_____ 2014.

By _____
        Notary Public

My Commission Expires: _____

RALPH J. CREASIA, JR.
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
December 11, 2020

11