# EXHIBIT F

**usbank**
*Five Star Service Guaranteed*

Corporate Trust Services
One Federal Street, 3rd Floor
Boston, MA 02110

*THIS TRANSMITTAL CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE BENEFICIAL OWNERS OF THE SUBJECT SECURITIES. PLEASE EXPEDITE RE-TRANSMITTAL TO SUCH BENEFICIAL OWNERS IN A TIMELY MANNER.*

## NOTICE TO THE HOLDERS OF NOTES OF

SGS HY Credit Fund I (EXUM RIDGE CBO 2006-3) Ltd., (the "*Transaction*");

AND NOTICE TO THE PARTIES LISTED ON EXHIBIT B ATTACHED HERETO.

(CUSIP numbers for the Transaction are listed on Exhibit A attached hereto and made a part hereof.)

**Notice to Retain Possession of Certificates and of Obligations under any Note Purchase Agreement**

(Notice Date: September 21, 2011)

---

Reference is made to that certain Indenture dated as of July 25, 2006 (the "*Indenture*") by and among SGS HY Credit Fund I (Exum Ridge CBO 2006-3), Ltd., SGS HY Credit Fund I (Exum Ridge CBO 2006-3), Corp., and U.S. Bank National Association as Trustee (the "*Trustee*"). Any capitalized terms used herein and not otherwise expressly defined shall have the respective meanings assigned to such terms in the Indenture.

Under the terms of the Indenture, the Issuer entered into a credit derivatives transaction with Lehman Brothers Special Financing Inc. ("*LBSF*") as counterparty documented by an ISDA Master Agreement (Multicurrency - Cross Border) by and between LBSF (collectively with Lehman Brothers Holdings Inc. ("*LBHI*"), the "*Debtors*") and the Issuer (the "*Master Agreement*"), the Schedule to the Master Agreement between LBSF and the Issuer (the "*Schedules*") and the Confirmation to the relevant Issuer from LBSF (the "*Confirmations*" and collectively with the Master Agreement and Schedule, the "*Swap Transaction*"). LBHI served as Credit Support Party for the Swap Transaction.

On September 15, 2008, LBHI filed a voluntary petition seeking relief under Chapter 11 of 11 U.S.C. § 101 *et seq*. (the "*Bankruptcy Code*"), and thereafter on October 3, 2008, LBSF filed a voluntary petition under the Bankruptcy Code. These proceedings are pending in the United States Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*"), collectively these proceedings shall be referred to herein as the "*Lehman Bankruptcy Proceedings*".

An Event of Default exists under the Swap Transaction by virtue of the voluntary bankruptcy petitions filed first by LBHI and thereafter by LBSF. In addition, LBSF failed to pay Fixed Amounts due

3073299.01.01.doc
1697028

under the Swap Transaction on September 22, 2008. Based on the terms of the Indenture, and/or based on directions received from Noteholders, the Trustee provided notice of an Early Termination Event and designated an Early Termination Date under the Swap Transaction. Thereafter, on November 28, 2008, the Issuer provided Notice of Early Termination designating November 28, 2008 as the Early Termination Date. Under the terms of the Indenture and Swap Transaction, because LBSF was the sole Affected Party and/or Defaulting Party under the terms of the Swap Transaction, the Indenture and Swap Transaction provided that any termination payment due LBSF would be paid after payments are made to the Noteholders (and certain Administrative Expenses and other amounts senior to Noteholders). These payment provisions are expressly referenced in the Swap Transaction. Had LBSF not been the Defaulting Party, the Indenture provides that any termination payment would be paid from available proceeds prior to applying such proceeds to payments to Noteholders.

As described in previous Notices sent to you, in his Memorandum Decision Granting Motion For Summary Judgment and Declaring Applicable Payment Priorities in the Dante Decision (defined in the endnotes below)[i], Judge Peck ruled in the context of that adversary proceeding, that a change in the waterfall resulting from the bankruptcy filings by LBHI and LBSF constituted an unenforceable ipso facto provision, and therefore the termination payment due LBSF under that swap transaction was due prior to payments to the securityholders (as it would be in the absence of a bankruptcy default by LBHI and LBSF), and not after payments to securityholders as contemplated by the transaction documents. While this decision was the subject of an appeal, the matter ultimately settled prior to any consideration of the appeal by the District Court. The terms of the settlement have been kept confidential. The Bankruptcy Court has recently reaffirmed its position with respect to the "flip clause" in a decision rendered in *Lehman Brothers Special Financing Inc., v. Ballyrock ABS CDO 2007-1 Limited and Wells Fargo Bank, N.A., Trustee,* Adversary Proceeding number 09-01032 pending in the United States Bankruptcy Court for the Southern District of New York[ii]. Courts in the United Kingdom, however, have held similar flip clause type provisions to be enforceable.

Relying upon the Dante Decision, LBSF filed an action in the United States Bankruptcy Court for the Southern District of New York against the Trustee and the Issuer[iii]. The Complaint is styled *Lehman Brothers Special Financing Inc. v. U.S. Bank National Association, et al.,* Adversary Proceeding Number 10-03542 (the "*Pending Litigation*"), and the case is assigned to The Honorable Judge Peck. The Pending Litigation has been stayed through January 20, 2012. The adversary proceeding challenges, under various theories, the distribution provisions contained in the relevant indenture or trust agreement providing for the payment of the termination payment calculated to be due LBSF after payments to Noteholders because LBSF is the sole Affected Party or Defaulting Party under the relevant swap transaction.

We previously advised you that on November 24, 2010, LBHI filed a motion seeking the implementation of dispute resolution procedures involving special purpose vehicles[iv]. On December 8, 2010, the Trustee filed an objection to the Motion (the "*Objection*"). On March 3, 2011, the Bankruptcy Court entered an Order approving the SPV ADR procedures (the "*SPV ADR Order*")[v].

On August 5, 2011, the Debtors initiated a mediation proceeding under the SPV ADR Order with respect to the Transaction (the "*Pending Mediation*"). No schedule has been set for the Pending Mediation.

- 2 -

The Transaction is scheduled to mature on September 22, 2011. *As a result of the Pending Litigation and Pending Mediation, and the inability to reconcile the amounts due LBSF as a termination payment and the amounts due holders under the terms of the Indenture until the Pending Litigation is resolved, the Trustee requests that all holders retain their respective securities until such time as the litigation has been resolved and final distributions are to be made. Please also be advised that U.S. Bank National Association as Agent under any outstanding Note Purchase Agreement relating to the Indenture, hereby makes a demand, or to the extent legally applicable and appropriate a claim, in the full amount of any ultimate obligation as may be determined in the Pending Litigation or Pending Mediation, of any Noteholder under a Note Purchase Agreement.* Nothing contained herein is intended to violate any applicable automatic stay or similar provision.

The Trustee is seeking input from holders in connection with the resolution of the Pending Litigation and the Pending Mediation and has formed an Advisory Committee for this purpose. The Trustee would appreciate your participation on the Advisory Committee. Please contact the Trustee at your earliest convenience at the following address: U.S. Bank National Association, as Trustee, Corporate Trust Services, Attn: CDO Services, One Federal Street, 3rd Floor, Boston, Massachusetts 02110; Attn: Jonathan DeMarco ((617) 603-6552 email:jonathan.demarco@usbank.com) or Donald Higgins ((617) 603-6717 email:donald.higgins@usbank.com).

Receipt of this notice should not be construed as evidence or acknowledgment of any requirement applicable to, or of any right or authority on the part of any recipient under the Indenture to direct, the matters addressed herein, or of any obligations on the part of the Trustee with respect thereto, and the Trustee expressly reserves all rights in determining appropriate actions and requirements concerning these matters.

Prior to any distribution to Noteholders, funds held under the Indenture may be used first for payment of the fees and costs incurred or to be incurred by the Trustee in performing its duties, as well as for any indemnities owing or to become owing to the Trustee. These include, but are not limited to, compensation for time spent, and the fees and costs of counsel and other agents employed, to pursue remedies, defend claims, or take other actions to protect the interests of the Noteholders and the Issuer, respectively. The Trustee is not required to expend or risk its own funds in connection with any matter under the Indentures unless adequate reassurance of payment and/or indemnity is provided to it.

The Trustee reserves all rights under the relevant Indenture. Please be aware that the Trustee may conclude that a specific response to particular inquiries from individual Noteholders is not consistent with equal and full dissemination of information to all Noteholders. Noteholders should not rely on the Trustee as their sole source of information. The Trustee makes no recommendations, gives no investment, legal or tax advice. Each Noteholder should seek advice from an independent advisor based on such Noteholder's particular circumstances.

U.S. Bank National Association, as Trustee

ENDNOTES

---

i       The adversary proceeding styled *Lehman Brothers Special Financing Inc. v. BNY Corporate Trustee Services Limited*, Adv. Proc. No. 09-01242 (the "*Dante Decision*") pending in the United States Bankruptcy Court for the Southern District of New York. A copy of the Memorandum Opinion is available on the Trustee's investor website, www.usbank.com/abs.

ii       The defendants have filed a Motion seeking leave to appeal the decision of the Bankruptcy Court.

iii       The action was filed on September 14, 2010 and is styled *Lehman Brothers Special Financing Inc. v. U.S. Bank National Association, et al.*, Adversary Proceeding Number 10-03542, and the case is assigned to The Honorable Judge Peck. The action has been stayed through June 30, 2011.

iv       The motion was styled Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties (referred to herein as the "*SPV ADR Motion*" or the "*Motion*"), and can be found as Docket No. 13009 on the LBHI docket.

v       Docket No. 14789 on the LBHI docket.

## CUSIPs

## SGS HY CREDIT FUND I (EXUM RIDGE CBO 2006-3), LTD

| Security | CUSIP |
|---|---|
| **Class A Notes** | |
| Class A Rule 144A Certificated Note | 30232BAA0 |
| Class A Regulation S Certificated Note | G32864AA1 |
| **Class X Notes** | |
| Class X Rule 144A Certificated Note | 30232BAB8 |
| Class X Regulation S Certificated Note | G32864AB9 |
| **Class B Notes** | |
| Class B Rule 144A Certificated Note | 30232BAC6 |
| Class B Regulation S Certificated Note | G32864AC7 |
| **Class C Notes** | |
| Class C Rule 144A Global Note | 30232BAD4 |
| Class C Regulation S Global Note | G32864AD5 |
| Class C Certificated Notes | 30232BAF9 |
| **Class D Notes** | |
| Class D Rule 144A Global Note | 30232BAE2 |
| Class D Regulation S Global Note | G32864AE3 |
| Class D Certificated Note | 30232BAG7 |
| **Class E-1 Notes** | |
| Class E-1 Rule 144A Global Note | 30232MAA6 |
| Class E-1 Regulation S Global Note | G32863AA3 |
| Class E-1 Certificated Note | 30232MAC2 |
| **Class E-2 Notes** | |
| Class E-2 Rule 144A Global Note | 30232MAB4 |
| Class E-2 Regulation S Global Note | G32863AB1 |
| Class E-2 Certificated Note | 30232MAD0 |
| **P-1 Preference Shares** | |
| Certificated U.S. P-1 Preference Shares | 30232M207 |
| Regulation S Global P-1 Preference Shares | G32863105 |
| **P-2 Preference Shares** | |
| Certificated U.S. P-2 Preference Shares | 30232M405 |
| Regulation S Global P-2 Preference Shares | G32863204 |

The above CUSIP numbers are included solely for the convenience of the Noteholders. The Trustee is not responsible for the selection or use of the CUSIP numbers, or for the accuracy or correctness of CUSIP numbers printed on the Notes or as indicated in this notice.

12523714.1

08-13555-mg    Doc 45088-6    Filed 07/10/14    Entered 07/10/14 12:20:49    Exhibit F
Pg 7 of 8

## EXHIBIT B

## ISSUERS

SGS HY Credit Fund I, LTD.  
(Exum Ridge CBO 2006-3)  
c/o Maples Finance Limited  
P.O. Box 1093 GT  
Queensgate House, South Church Street  
George Town, Grand Cayman, Cayman Islands

SGS HY Credit Fund I, LTD.  
(Exum Ridge CBO 2006-3)  
c/o Maples and Calder  
P.O. Box 309GT  
Ugland House, South Church Street  
George Town, Grand Cayman, Cayman Islands

## CO-ISSUERS

SGS HY Credit Fund I (Exum Ridge CBO 2006-3), CORP.

c/o Puglisi & Associates  
850 Library Avenue, Suite 204  
Newark, Delaware 19711  
Attention: Donald J. Puglisi

## RELATED PARTIES

Standard and Poor's Rating Services  
55 Water Street, 41st Floor  
New York, NY 10041-0003  
Attn: Structured Finance Ratings,  
CBO/CLO Surveillance  
(fax: 212-438-2664)  
(cdo_surveillance@sandp.com)

Moody's Investor Services  
99 Church Street  
New York, NY 10007  
Attn: Structured Finance Group  
CBO/CLO Monitoring  
(Fax: 212-553-0355)  
(cdomonitoring@moodys.com)

Lehman Brothers Special Financing Inc.  
1271 Avenue of the Americas  
43rd Floor  
New York, NY 10020  
Attention: Vincent DiMassimo  
Telephone: (646) 333-6032  
Facsimile: (646) 758-1811

Lehman Brothers Special Financing Inc.  
1271 Avenue of the Americas  
43rd Floor  
New York, NY 10020  
Attention: Locke McMurray  
Telephone: (212) 526-7186  
Facsimile: (646) 758-2634

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178-0061
Attention: Turner Smith and Lynn P. Harrison
Fax: (212) 697-1559

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attention: Robert J. Lemons, Esq.
Telephone: (212) 310-8924
Facsimile: (212) 310-8007