WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x
                                         :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (SCC)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

--------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER**
**28 U.S.C. § 1746 REGARDING CLAIMS OBJECTIONS**
**AND MOTION SCHEDULED FOR HEARING ON JULY 16, 2014**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

        Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of

the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

        1.        Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and its Affiliated Debtors, filed the following claims objections and motion

(together, the "Claims Objections") with the Court for hearing on July 16, 2014:

(a)    Four Hundred Sixty-Fifth Omnibus Objection to Claims (LOTC Primary Obligor Guarantee Claims) [**ECF No. 44486**]

(b)    Four Hundred Sixty-Sixth Omnibus Objection to Claims (No Liability Claims) [**ECF No. 44487**]

(c)    The Plan Administrator's Four Hundred Sixty-Seventh Omnibus Objection to Claims (No Liability Claims) [**ECF No. 44488**]

(d)    The Plan Administrator's Objection to Claim of GMO Emerging Country Local Debt Investment Fund (Claim No. 21747) [**ECF No. 44492**]

(e)    The Plan Administrator's Objection to Claim of the Dai-Ichi Life Insurance Company, Ltd. (Claim No. 67023) [**ECF No. 44493**]

(f)    The Plan Administrator's Objection to Claim of KN Asset Management Co. (Claim No. 22603) [**ECF No. 44494**]

(g)    Four Hundred Seventy-Second Omnibus Objection to Claims (No Liability Claims) [**ECF No. 44568**]

(h)    Objection to Claim of Mitsubishi UFJ Securities International Plc (Claim No. 20239) [**ECF No. 44569**]

(i)    Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105(a) of the Bankruptcy Code for Approval of Partial Settlement Agreement Relating to SGS HY Credit Fund I (Exum Ridge Cbo 2006-3) Swap Agreement and Indenture [**ECF No. 44723**]

2.      In accordance with the Second Amended Case Management Order, the Plan Administrator established a deadline (the "Response Deadline") for parties to object or file responses to the Claims Objections.  The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.      The Response Deadlines have now passed and, to the best of my knowledge, no responsive pleadings to the Claims Objections have been (a) filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on counsel to the Plan Administrator.

2

Accordingly, the Plan Administrator respectfully requests that the proposed orders granting the

Claims Objections annexed hereto as <u>Exhibits A</u> through <u>I</u>, which, since the filing of the Claims

Objections, are unmodified as to the parties identified on <u>Exhibits A</u> through <u>I</u>, be entered in

accordance with the procedures described in the Second Amended Case Management Order.

       I declare that the foregoing is true and correct.

Dated: July 15, 2014
     New York, New York

                    /s/ Garrett A. Fail
                    Garrett A. Fail

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Lehman Brothers Holdings Inc.
                    and Certain of Its Affiliates

US_ACTIVE:\44521742\2\58399.0011

**EXHIBIT A**
**(Proposed Order – ECF No. 44486)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
In re                                                                   :      **Chapter 11 Case No.**
                                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*     :      **08-13555 (SCC)**
                                                                        :
                                    **Debtors.**        :      **(Jointly Administered)**
-----------------------------------------------------------------------x

## ORDER GRANTING THE FOUR HUNDRED SIXTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (LOTC PRIMARY OBLIGOR GUARANTEE CLAIMS)

Upon the four hundred sixty-fifth omnibus objection to claims, dated June 2, 2014 (the "Four Hundred Sixty-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, pursuant to section 502(b) of title 11 of the Bankruptcy Code, Rule 3007(d) of the Bankruptcy Rules, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking disallowance of the Satisfied Guarantee Claims, all as more fully described in the Four Hundred Sixty-Fifth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Sixty-Fifth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Sixty-Fifth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Sixty-Fifth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Sixty-Fifth Omnibus Objection to Claims.

ORDERED that the relief requested in the Four Hundred Sixty-Fifth Omnibus

Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their entirety; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2014
      New York, New York

                                _____
                                UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

OMNIBUS OBJECTION 465: EXHIBIT 1 - NO LIABILITY

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | ATTESTOR VALUE MASTER FUND, LP | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 10/30/2009 | 56988 | $9,669,983.23 | $9,669,983.23 | Creditor filed corresponding Primary Claim 22687 against LOTC for $9,669,983.23, and said claim is disputed and being reserved at 100% of the filed amount by LOTC. |
| 2 | BANKIA FONDOS, S.G.I.I.C., S.A. FOR AND ON BEHALF OF | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26531 | $765,717.96 * | $765,717.96* | Creditor filed corresponding Primary Claim 26532 against LOTC for $765,717.96, and said claim was allowed for $672,530.21 on Omni 145 and has been satisfied in full by LOTC. |
| 3 | BANKIA FONDOS, S.G.I.I.C., S.A. FOR AND ON BEHALF OF | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26538 | $3,021,453.23 * | $3,021,453.23* | Creditor filed corresponding Primary Claim 26537 against LOTC for $3,021,453.23, and said claim was allowed for $3,021,453.00 on Omni 145 and has been satisfied in full by LOTC. |
| 4 | BANKIA FONDOS, S.G.I.I.C., S.A. FOR AND ON BEHALF OF | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26539 | $1,360,998.20 * | $1,360,998.20* | Creditor filed corresponding Primary Claim 26540 against LOTC for $1,360,998.20, and said claim was allowed for $1,131,418.90 on Omni 145 and has been satisfied in full by LOTC. |
| 5 | CAJA DE AHORROS DE SALAMANCA Y SORIA | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28156 | $4,546,892.67 * | $4,546,892.67* | Creditor filed corresponding Primary Claim 28155 against LOTC for $4,546,892.67, and said claim was allowed for $3,600,000.00 on Omni 160 and has been satisfied in full by LOTC. |
| 6 | GESTORA DE FONDOS DEL MEDITERRANEO, S.G.I.I.C., S.A. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26529 | $1,735,571.25 * | $1,735,571.25* | Creditor filed corresponding Primary Claim 26530 against LOTC for $1,735,571.25, and said claim was allowed for $1,735,571.25 on Omni 103 and has been satisfied in full by LOTC. |
| 7 | LIBERTY HARBOR MASTER FUND I, L.P. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15905 | $3,591,664.00 * | $3,591,664.00* | Creditor filed corresponding Primary Claim 15906 against LOTC for $3,591,664.00, and said claims is disputed and being reserved at 100% of the filed amount by LOTC. |

* - Indicates claim contains unliquidated and/or undetermined amounts

**OMNIBUS OBJECTION 465: EXHIBIT 1 - NO LIABILITY**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 8 | LOOMIS STREET, LLC | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 04/07/2010 | 66503 | $15,334,482.67 | $15,334,482.67 | Creditor filed corresponding Primary Claim 66504 against LOTC for $15,334,482.67, and said claim has been allowed at the filed amount and satisfied in full by LOTC. |
| 9 | QUINTESSENCE FUND LP | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21145 | $905,461.00 * | $905,461.00* | Creditor filed corresponding Primary Claim 21225 against LOTC for $905,461.00, and said claim is disputed and being reserved at 100% of the filed amount by LOTC. |
| 10 | QVT FUND LP | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21139 | $8,430,170.00 * | $8,430,170.00* | Creditor filed corresponding Primary Claim 21222 against LOTC for $8,430,170.00 and said claim is disputed is being reserved at 100% of the filed amount by LOTC. |
| 11 | SPCP GROUP, LLC | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26528 | $140,845.36 * | $140,845.36* | Creditor filed corresponding Primary Claim 26527 against LOTC for $140,845.36, and said claim was allowed for $73,164.00 on Omni 302 and has been satisfied in full by LOTC. |
| | | | | TOTAL | | $49,503,239.57 | $49,503,239.57 | |

* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT B**
**(Proposed Order – ECF No. 44487)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                :        **Chapter 11 Case No.**
                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :        **08-13555 (SCC)**
                                    :
                  **Debtors.**        :        **(Jointly Administered)**
------------------------------------------------------------------x

## ORDER GRANTING THE FOUR HUNDRED SIXTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the four hundred sixty-sixth omnibus objection to claims, dated June 2, 2014 (the "Four Hundred Sixty-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims and reclassification of the Stock Claim, all as more fully described in the Four Hundred Sixty-Sixth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Sixty-Sixth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided, and the Court having found and determined that the relief sought in the Four Hundred Sixty-Sixth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Sixty-Sixth Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Sixty-Sixth Omnibus Objection to Claims.

Objection to Claims establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefore, it is

> ORDERED that the relief requested in the Four Hundred Sixty-Sixth Omnibus

Objection to Claims is granted; and it is further

> ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims or

portions of claims listed on Exhibit 1 annexed hereto are disallowed and expunged with

prejudice; and it is further

> ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A or Exhibit B annexed to the

Four Hundred Sixty-Sixth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed

hereto; and it is further

> ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2014
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

**OMNIBUS OBJECTION 466: EXHIBIT 1 - NO LIABILITY**

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ALTEA FINANCE SRL MILANO | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 23564 | Undetermined | Undetermined | Claim 23564 is as a protective claim filed in an unliquidated amount, and the claimant has not identified any obligations for which LBHI is liable. LBHI's books and records reflect no liability for this claim. |
| 2 | BGC PARTNERS (AUSTRALIA) PTY LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 22151 | $15,026.00 | $15,026.00 | Claim 22151 asserts a claim against LBHI based on a purported guaranty of the obligations of Lehman Brothers Australia Limited. Claimant has produced no evidence that LBHI ever issued a guaranty of any obligations of Lehman Brothers Australia Limited to claimant, and the Plan Administrator is not aware of the existence of any such guaranty. |
| 3 | COLLIERS INTERNATIONAL AGENCY LTD | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 24132 | $16,219.07 | $16,219.07 | Claim 24132 asserts a claim against LBHI based on a purported guaranty of the obligations of Lehman Brothers Asia Holdings Limited to claimant. Pursuant to this Court's order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [ECF No. 4271], claimant was required to include with its proof of claim "supporting documentation or an explanation as to why documentation is not available." (Bar Date Order at 6.) In addition, supporting documentation related to a guaranty was required to be included with an electronic questionnaire submitted by the claimant (the "Guaranty Questionnaire"). (Id. at 7-8.) Claim 24132 does not comply with the Bar Date Order. No guaranty was filed with the proof of claim and claimant did not file a Guaranty Questionnaire. Accordingly, claim 24132 does not constitute a valid prima facie claim and should be disallowed and expunged. See In re Minbatiwalla, 424 B.R. 104, 119 (Bankr. S.D.N.Y. 2010) ("claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of the claim."). |

\* - Indicates claim contains unliquidated and/or undetermined amounts

OMNIBUS OBJECTION 466: EXHIBIT 1 - NO LIABILITY

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|------|-------------|-------------|---------|------------------------------|--------------------------|----------------------------------|
| 4 | LIVINGSTONE, JONATHAN LOUIS | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 15663 | $37,802.00 | $35,429.00 | The portion of Claim 15663 asserted in the amount of $35,429 seeks a claim against LBHI based on a purported guaranty of the obligations of Lehman Brothers Limited. Claimant has produced no evidence that LBHI ever issued a guaranty of any obligations of Lehman Brothers Limited to claimant, and the Plan Administrator is not aware of the existence of any such guaranty. The portion of Claim 15663 in the amount of $2,373 reclassified as an equity interest on the Three Hundred Thirteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 30368] is not affected by this objection. |
| 5 | NEWMAN, MARK H | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 18339 | $9,150,000.00 | $650,000.00 | The portion of Claim 18339 asserted in the amount of $650,000 seeks recovery for, among other things, a severance payment based upon contracts with separate legal entities that are not debtors in these chapter 11 cases. It is axiomatic that "affiliated corporations are, as a rule, treated separately and independently so that one will not be held liable for the contractual obligations of [an]other...." Krys v. Aaron (In re Refco Inc. Sec. Litig.), 826 F.Supp.2d 478, 495 (S.D.N.Y. 2010) (quoting Sheridan Broad. Corp. v. Small, 798 N.Y.S.2d 45, 46-47 (N.Y. App. Div. 2005)). The allegations set forth in the claim are not supported by evidence and are entirely unfounded. As such, the portion of Claim 18339 seeking recovery in connection with severance should be disallowed and expunged. The portion of Claim 18339 in the amount of $8,500,000 reclassified as an equity interest on the Three Hundred Thirteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 30368] is not affected by this objection. |
| 6 | VASUDEVAN, SHEPHALI | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 25768 | Undetermined | Undetermined | Claim 25768 asserts a claim against LBHI based on a purported guaranty of the obligations of Lehman Brothers Services India Private Limited. Claimant has produced no evidence that LBHI ever issued a guaranty of any obligations of Lehman Brothers Services India Private Limited to claimant, and the Plan Administrator is not aware of the existence of any such guaranty. |
| | | | TOTAL | | $9,219,047.07* | $716,674.07* | |

* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT C**
**(Proposed Order – ECF No. 44488)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :    **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (SCC)**
                                                         :
                     **Debtors.**                        :    **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING FOUR HUNDRED SIXTY–SEVENTH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILTY CLAIMS)

       Upon the four hundred sixty–seventh omnibus objection to claims, dated June 2, 2014 (the "Four Hundred Sixty–Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, seeking to disallow and expunge the No Liability Claims pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], all as more fully described in the Four Hundred Sixty–Seventh Omnibus Objection to Claims; and due and proper notice of the Four Hundred Sixty–Seventh Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Sixty– Seventh Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Four Hundred Sixty–Seventh Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Sixty–Seventh Omnibus Objection to Claims.

ORDERED that the relief requested in the Four Hundred Sixty–Seventh Omnibus

Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the No

Liability Claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their entirety

with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2014
     New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

OMNIBUS OBJECTION 467: EXHIBIT 1 - NO LIABILITY

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 1 | ABU DHABI INVESTMENT AUTHORITY - EMD (BLK TICKER: GULF3) | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22146 | $28,937.96 | $28,937.96 * | None |
| 2 | ASC (HK) LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 19713 | Undetermined | Undetermined | None |
| 3 | BANCO MARE NOSTRUM, S.A. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29604 | $10,997.00 | $10,997.00 | None |
| 4 | CANTOR FITZGERALD (HONG KONG) CAPITAL MARKETS LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22156 | $138,589.00 | $138,589.00 | None |
| 5 | CANTOR FITZGERALD EUROPE (AND BRANCHES) | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22158 | $2,635,157.00 | $472,837.00 | $2,162,320.00 |

This objection affects only the portion of claim number 22158 that is based on a purported guaranty of the obligations of Lehman Brothers Finance S.A.

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 6 | COOK, STEVE | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 08/28/2009 | 9611 | $66,453.00 | $66,453.00 | None |
| 7 | HACHIJUNI SECURITIES CO., LTD. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/15/2009 | 13083 | $966,911.99 | $966,911.99 | None |
| 8 | I.D.A., INTERNATIONAL HONG KONG LTD | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 02/01/2010 | 66195 | $18,870.00 | $18,870.00 | None |
| 9 | INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17216 | $30,304.36 | $30,304.36 | None |
| 10 | JAPAN INVESTOR PROTECTION FUND | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 16043 | Undetermined | Undetermined | None |

* - Indicates claim contains unliquidated and/or undetermined amounts

## OMNIBUS OBJECTION 467: EXHIBIT 1 - NO LIABILITY

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|
| 11 MEDAMERICA HEALTH SYSTEMS EMPLOYEE RETIREMENT PLAN | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21596 | $14,196.84 | $14,196.84 | None |
| 12 PENSION ASSET COMMITTEE OF TWIN CITIES HOSPITALS - MINNESOTA NURSES | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17217 | $154,748.43 | $154,748.43 | None |
| 13 PINNACLE AMERICAN CORE PLUS BOND FUND | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 08/31/2009 | 9905 | $697,526.72 | $697,526.72 | None |
| 14 PREMIER HEALTH PARTNERS OPERATING INVESTMENT PROGRAM | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21585 | $116,608.76 | $116,608.76 | None |
| 15 SALT RIVER PIMA MARICOPA INDIAN COMMUNITY | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/09/2009 | 10872 | $97,777.02 | $97,777.02 | None |
| 16 SOEWITO SUHARDIMAN EDDYMURTHY KARDONO | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/14/2009 | 12623 | $10,937.44 | $10,937.44 | None |
| 17 STANDARD CHARTERED BANK MALAYSIA BERHAD | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29750 | $476,741.55 | $476,741.55 * | None |
| 18 SUMITOMO TRUST & BANKING CO., LTD., THE | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/15/2009 | 13075 | $497,975.72 | $441,122.92 * | $56,852.80 |
| This objection affects only the portions of claim number 13075 that are based on a purported guaranty of the obligations of Lehman Brothers Commercial Corporation Asia Limited and Lehman Brothers Securities Asia Limited. | | | | | | | |
| 19 WASHINGTON STATE PLUMBING AND PIPEFITTING | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 33258 | $1,298.60 | $1,298.60 | None |
| | | | TOTAL | | $5,964,031.39 | $3,744,858.59 | $2,219,172.80 |

* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT D**
**(Proposed Order – ECF No. 44492)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | |
|---|---|
| In re | :     **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | :     **08-13555 (SCC)** |
| | : |
| Debtors. | :     **(Jointly Administered)** |

---------------------------------------------------------------x

### ORDER GRANTING OBJECTION TO CLAIM OF GMO EMERGING COUNTRY LOCAL DEBT INVESTMENT FUND (CLAIM NO. 21747)

Upon the objection, dated June 2, 2014 (the "Objection"),[1] of Lehman Brothers

Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and its Affiliated Debtors, seeking to disallow and expunge

Claim No. 21747 (the "Claim") filed by GMO Emerging Country Local Debt Investment Fund

("GMO") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure, all as more fully described

in the Objection; and due and proper notice of the Objection having been provided, and it

appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Objection is in the best interests of the Chapter 11

Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in

the Objection establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

      ORDERED that the relief requested in the Objection is granted; and it is further

      ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claim is

disallowed and expunged in its entirety with prejudice; and it is further

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2014
        New York, New York

                                        _____
                                         UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT E**
**(Proposed Order – ECF No. 44493)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                               :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*        :        **08-13555 (SCC)**
                                                    :
                      **Debtors.**                  :        **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING OBJECTION TO CLAIM OF THE DAI-ICHI LIFE INSURANCE COMPANY, LTD. (CLAIM NO. 67023)

Upon the objection, dated June 2, 2014 (the "Objection"),[1] of Lehman Brothers

Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and its Affiliated Debtors, seeking to disallow and expunge

proof of claim number 67023 (the "Claim") filed by the Dai-Ichi Life Insurance Company, Ltd.

pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), and

Rule 3007 of the Federal Rules of Bankruptcy Procedure, all as more fully described in the

Objection; and due and proper notice of the Objection having been provided, and it appearing

that no other or further notice need be provided; and the Court having found and determined that

the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors,

and all parties in interest, and that the legal and factual bases set forth in the Objection establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claim is

disallowed and expunged in its entirety with prejudice; and it is further

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2014
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT F**
**(Proposed Order – ECF No. 44494)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                  :        **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :        **08-13555 (SCC)**
                                                       :
                                **Debtors.**           :        **(Jointly Administered)**
------------------------------------------------------------------x

## ORDER GRANTING OBJECTION TO CLAIM
## OF KN ASSET MANGEMENT CO. (CLAIM NO. 22603)

Upon the objection, dated June 2, 2014 (the "Objection"),[1] of Lehman Brothers

Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and its Affiliated Debtors, seeking to disallow and expunge

proof of claim number 22603 (the "Claim") filed by KN Asset Management Co. pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 3007 of

the Federal Rules of Bankruptcy Procedure, all as more fully described in the Objection; and due

and proper notice of the Objection having been provided, and it appearing that no other or further

notice need be provided; and the Court having found and determined that the relief sought in the

Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in

interest, and that the legal and factual bases set forth in the Objection establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claim is

disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

matters arising from or related to this Order.

Dated: _____, 2014
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT G**
**(Proposed Order – ECF No. 44568)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :          **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :          **08-13555 (SCC)**
                                                         :
                        **Debtors.**                    :          **(Jointly Administered)**
-------------------------------------------------------------------x

## ORDER GRANTING THE FOUR HUNDRED SEVENTY-SECOND
## OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the four hundred seventy-second omnibus objection to claims, dated June 5,

2014 (the "Four Hundred Seventy-Second Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-

referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b)

of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules

of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance

and expungement of the No Liability Claims, all as more fully described in the Four Hundred

Seventy-Second Omnibus Objection to Claims; and due and proper notice of the Four Hundred

Seventy-Second Omnibus Objection to Claims having been provided, and it appearing that no

other or further notice need be provided; and the Court having found and determined that the

relief sought in the Four Hundred Seventy-Second Omnibus Objection to Claims is in the best

interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and

factual bases set forth in the Four Hundred Seventy-Second Omnibus Objection to Claims

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Four Hundred Seventy-Second Omnibus Objection to Claims.

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefore, it is

ORDERED that the relief requested in the Four Hundred Seventy-Second

Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims or

portions of claims listed on Exhibit 1 annexed hereto are disallowed and expunged with

prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2014
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

**OMNIBUS OBJECTION 472: EXHIBIT 1 - NO LIABILITY**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 1 | BANCO BANIF, S.A. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22221 | Undetermined | Undetermined | None |
| 2 | BANCO SANTANDER DE NEGOCIOS PORTUGAL SA | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22235 | Undetermined | Undetermined | None |
| 3 | BANK OF SCOTLAND PLC | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17721 | $2,134,157.00 | $2,134,157.00 * | None |
| 4 | BNP PARIBAS INVESTMENT PARTNERS BELGIUM NV/SA | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22082 | $1,275,739.68 | $1,275,739.68 * | None |
| 5 | GENRE PARTNERS, L.P. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32384 | Undetermined | Undetermined | None |
| 6 | GOLDMAN SACHS LENDING PARTNERS, LLC | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/09/2009 | 11020 | $1,694,353.02 | $1,694,353.02 * | None |
| 8 | UBS AG | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 10/22/2009 | 43877 | $127,363,342.53 | $8,616,207.16 * | $118,747,135.37 |
| 9 | US BANK NATIONAL ASSOCIATION | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23469 | $20,609.67 | $20,609.67 * | None |
| | | | TOTAL | | | $132,488,201.90 | $13,741,066.53 | $118,747,135.37 |

* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT H**
**(Proposed Order – ECF No. 44569)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

| | |
|---|---|
| In re | :    **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | :    **08-13555 (SCC)** |
| | : |
| Debtors. | :    **(Jointly Administered)** |

---------------------------------------------------------------------x

## ORDER GRANTING OBJECTION TO CLAIM OF MITSUBISHI UFJ SECURITIES INTERNATIONAL PLC (CLAIM NO. 20239)

Upon the objection, dated June 5, 2014 (the "Objection"),[1] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors, in accordance with section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of objections to proofs of claim [ECF No.

6664], seeking disallowance and expungement of claim number 20239 filed by Mitsubishi UFJ

Securities International plc ("Mitsubishi") on the grounds that such claim is, in substance,

duplicative of claim number 20242 filed by Mitsubishi, all as more fully described in the

Objection; and due and proper notice of the Objection having been provided, and it appearing

that no other or further notice need be provided; and the Court having found and determined that

the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors,

and all parties in interest and that the legal and factual bases set forth in the Objection establish

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent

provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claim

listed on Exhibit 1 annexed hereto under the heading "*Claim to be Disallowed*" (the "Duplicative

Claim") is disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that the claim listed on Exhibit 1 annexed hereto under the heading

"*Surviving Claim*" (the "Surviving Claim") will remain on the claims register subject to the Plan

Administrator's right to object as set forth herein; and it is further

ORDERED that all information included on and all documentation filed in

support of the Duplicative Claim, including, but not limited to, derivative and guarantee

questionnaires and supporting documentation, shall be treated as having been filed in support of

the Surviving Claim; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the

Duplicative Claim constitutes any admission or finding with respect to the Surviving Claim, and

the Plan Administrator's rights to object to the Surviving Claim on any basis are preserved; and

it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2014
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)
EXHIBIT 1 – DUPLICATE CLAIM

| | | CLAIM TO BE DISALLOWED | | | | | SURVIVING CLAIM | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | MITSUBISHI UFJ SECURITIES INTERNATIONAL PLC | 09/21/2009 | 08-13555 (SCC) | 20239 | $979,034.44 | MITSUBISHI UFJ SECURITIES INTERNATIONAL PLC | 09/21/2009 | 08-13555 (SCC) | 20242 | $979,034.44 |
| | | | | TOTAL | $979,034.44 | | | | | |

**EXHIBIT I**
**(Proposed Order – ECF No. 44723)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------x
                                          :
In re                                     :      Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :      08-13555 (SCC)
                                          :
                    Debtors.              :      (Jointly Administered)
                                          :
----------------------------------------------------------------x
```

## ORDER PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 105(a) OF THE BANKRUPTCY CODE APPROVING THE PARTIAL SETTLEMENT AGREEMENT RELATING TO SGS HY CREDIT FUND I (EXUM RIDGE CBO 2006-3 LTD.) SWAP AGREEMENT AND INDENTURE

Upon the motion, dated June 16, 2014 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator") as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, on behalf of itself and Lehman Brothers Special Financing Inc. ("LBSF"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") for approval of the partial settlement agreement dated as of June 16, 2014 (the "Settlement Agreement"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in

the amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the attorneys for the Trustee; and (vi) all parties who have requested notice in the Chapter 11 Cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Trustee[1] having provided reasonable notice to the Noteholders and the Preference Shareholders; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI and LBSF, their estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Settlement Agreement is approved; and it is further

ORDERED that LBHI and LBSF are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and to perform any and all obligations contemplated therein; and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code, the Trustee is authorized and directed to take such actions as it reasonably deems necessary or appropriate to consummate the Settlement Agreement and to perform any and all obligations contemplated therein, including without limitation to cause certain assets held in respect of the Collateral to be

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Motion.

redeemed or otherwise liquidated, and to distribute and apply the proceeds therefrom, as well as certain other amounts that have accrued on or are otherwise available with respect to assets of the Issuer, as provided for in the Settlement Agreement; and it is further

ORDERED that this Order is binding and effective on the Plan Administrator, the Chapter 11 Estates, all current and future Noteholders and Preference Shareholders, as well as the Trustee and any successor thereto. The Plan Administrator, the Chapter 11 Estates and U.S. National Bank Association, in its individual capacity and as Trustee, and its current and former officers, directors, shareholders, employees, agents, attorneys, successors and assigns, shall be and hereby are, fully exculpated and shall not have liability to each other, the Chapter 11 Estates, Noteholders or Preference Shareholders arising out of, relating to, or in connection with the Motion, the Settlement Agreement or this Order, except to the extent of any obligations set forth in the Settlement Agreement that have not been performed; and it is further

ORDERED that the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice thereof; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2014
     New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

3