Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,          Case No. 08-13555 (JMP)
                                                      (Jointly Administered)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee | Name of Transferor |
|---|---|
| Deutsche Bank AG, London Branch | Monarch Capital Master Partners II LP |

Name and Address where notices to transferee should be sent:

Deutsche Bank AG, London Branch
Winchester House, 1 Great Winchester Street
London EC2N 2DB
Tel: +44 20 7547 3330
Fax: +44 113 336 2010
Attention: Simon Glennie
E-mail: simon.glennie@db.com

Court Claim # (if known): 60574

Amount of Claim (transferred):

€ 2,024.96 in principal amount of ISIN XS0251910997 (plus all interest, costs and fees relating to this claim)
Allowed Claim Amount being transferred: USD 2,873.63

Date Claim Filed: October 30, 2009

Tel: N/A

Last Four Digits of Acct. #:  N/A          Last Four Digits of Acct. #:  N/A

Name and Address where transferee payments should be sent (if different from above):

Tel: +44 20 7547 2400
Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/ [signature]_____          Date: 18 July 2014
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Confidential

Jamie Foote
Vice President

Simon Glennie
Vice President

*PARTIAL Transfer of LBHI Claim # 60574*
*PROGRAM SECURITY*

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

    1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Monarch Capital Master Partners II LP** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Deutsche Bank AG, London Branch** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 hereto (the "**Purchased Portion**"), in Seller's right, title and interest in and to Proof of Claim Number 60574 filed by or on behalf of one of Seller's predecessors-in-title (a copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion (other than the Retained Distributions (as defined below)) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (other than the Retained Distributions (as defined below)) (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

    2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors holding claims of the same class and type as the Purchased Portion; (g) the Transferred Claims are Class 5 Senior Third Party Guarantee Claims; and (h) on April 17, 2012 Seller received the first distribution relating to the Transferred Claims totaling the amount of $ 103.71 (the "**First LBHI Distribution**"), on October 1, 2012 Seller received the second distribution relating to the Transferred Claims totaling the amount of $69.98 (the "**Second LBHI Distribution**"), on April 4, 2013 Seller received the third distribution relating to the Transferred Claims totaling the amount of $88.40 (the "**Third LBHI Distribution**"), on October 3, 2013 Seller received the fourth distribution relating to the Transferred Claims totaling the amount of $104.81 (the "**Fourth LBHI Distribution**"), on April 3, 2014 Seller received the fifth distribution relating to the Transferred Claims totaling the amount of $113.84 (the "**Fifth LBHI Distribution**") and Seller has received a distribution paid on or about May 8, 2013 in the amount of €223.52 (the "**First Treasury BV Distribution**"), a distribution paid on or about October 28, 2013 in the amount of €87.57 (the "**Second Treasury BV Distribution**") and a distribution paid on or about April 28, 2014 in the amount of €94.11 (the "**Third Treasury BV Distribution**") by Lehman Brothers Treasury Co. B.V., with respect to the securities relating to the Transferred Claims (the First LBHI Distribution, the Second LBHI Distribution, the Third LBHI Distribution and the First Treasury BV Distribution together, the

"**Retained Distributions**").

3.  Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser (other than the Retained Distributions). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 16 day of June 2014.
JULY

| MONARCH CAPITAL MASTER PARTNERS II LP | DEUTSCHE BANK AG, LONDON BRANCH |
|---|---|
| By: Monarch Alternative Capital LP<br>Its: Advisor<br><br>By: _____<br>Name: Christopher Santana<br>Title: Managing Principal<br><br>Monarch Capital Master Partners II LP<br>c/o Monarch Alternative Capital LP<br>535 Madison Avenue, 26th Floor<br>New York NY 10022<br>Attn: Michael Gillin<br>Phone: (212) 554-1743<br>Fax: (866) 741-3564<br>Email: fundops@monarchlp.com | By: _____<br>Name:<br>Title:<br><br>Winchester House<br>1, Great Winchester Street<br>London EC2N 2DB<br>ENGLAND<br>Attn: Michael Sutton<br><br>Simon Glennie<br>Vice President<br><br>Jamie Foote<br>Vice President |

DB Ref: 13668 (60574 MCMPII)

Confidential

<u>Schedule 1</u>

<u>Transferred Claims</u>

<u>Purchased Portion</u>

0.16278% of the claim that is referenced in line item number 2 of the Proof of Claim (as highlighted in the copy which is attached at Schedule 2) and relating to the Purchased Security described below (plus all interest, costs and fees relating to this claim).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Maturity | Allowed Amount (in USD) |
|---|---|---|---|---|---|---|---|
| GDP0018 | XS0251910997 | CA26183 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings, Inc. | €2,024.96 | 7/19/2012 | $2,873.63 |

ConfidentialSchedule 1-1

DB Ref: 13668 (60574 MCMPII)

Schedule 2

Copy of Proof of Claim 60574

ConfidentialSchedule 1–1

DB Ref: 13668 (60574 MCMPII)

| United States Bankruptcy Court/Southern District of New York | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | |
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000060574 |
| Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009 | | |

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>Sparkasse Wetzlar<br>SEE ANNEX A FOR FURTHER INFORMATION | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number: _____<br>(If known)<br><br>Filed on: _____ |
|---|---|
| Telephone number:          Email Address: | |
| Name and address where payment should be sent (if different from above) | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Telephone number:          Email Address: | |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ (See Annex B for details) (Required)

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): (See Annex B for details) (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

(See Annex B for details) (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:
(See Annex B for details) (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date:<br>October 28, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Michael Rützel<br>Rechtsanwalt (attorney-at-law in Germany) [signature] | FOR COURT USE ONLY<br>**FILED / RECEIVED**<br>OCT 3 0 2009<br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
In re                                                        :    Chapter 11
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,                       :    Case No. 08-13555 (JMP)
                                                             :
                                    Debtors.                 :    Jointly Administered
-------------------------------------------------------------x

ANNEX A TO LEHMAN PROGRAMS SECURITIES PROOF
OF CLAIM OF SPARKASSE WETZLAR

Sparkasse Wetzlar (the "Claimant") files this proof of claim (the "Proof of Claim") against Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors") as a holder of certain Lehman Programs Securities (used herein throughout as defined in the Court's Order Pursuant to Section 502(b)(9) of the Bankruptcy Code, Bankruptcy Rules 2012(a)(7), (f), (l), and 3003(c)(3), and Local Rule 2002-1(e) Establishing Deadline for Filing Proofs of Claims and Approving the Form and Manner of Notice Thereof (the "Bar Date Order") [Docket No. 4271]).

A.  **Background**

1.  On September 15, 2008 (the "Petition Date"), LBHI commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On July 2, 2009, the Court entered the Bar Date Order. The Bar Date Order, among other things, established November 2, 2009, at 5:00 p.m. (prevailing Eastern Time) as the last date and time for each person or entity to file a proof of claim based on securities identified on the "Lehman Programs Securities" list available on http://www.lehman-docket.com as of July 17, 2009 (the "Lehman Programs Securities").

B. **Nature of the Claims**

2. The Claimant is a beneficial holder of Lehman Programs Securities issued or guaranteed by LBHI. Set forth in Annex B are the Lehman Programs Securities held by the Claimant organized by (i) the amount owed to the Claimant (but see below) in both Euros and US Dollars (the latter calculated using a an exchange rate of $1.4151/Euro as provided by the European Central Bank as of September 15, 2008), (ii) an indication of whether such amount includes interest, (iii) the applicable International Securities Identification Number ("ISIN"), (iv) the related Euroclear Electronic Instruction Reference Number, Clearstream Blocking Reference Number, or other depository blocking reference number (as applicable, the "Blocking Number"), and (v) the relevant depository participant account number of each LPS Holder's respective depository accountholder.

3. The Claimant claims all amounts owed to the Claimant by LBHI in connection with the Lehman Programs Securities the Claimant holds, whether or not such amount is reflected in the figures set forth in the Proof of Claim. As of the Petition Date, LBHI was and still is indebted to the Claimant for the following amounts and for all other amounts which have accrued since the Petition Date, including without limitation post-petition interest, fees and costs:

(a) principal, interest, and any unpaid fees owing under the Lehman Programs Securities held;

(b) fees and costs (including without limitation legal fees and expenses) incurred in connection with recovering on such Lehman Programs Securities to the extent allowable under the Bankruptcy Code; and

(c) all other amounts due and payable under or arising in connection with such Lehman Programs Securities, including, without limitation, damages for breach, damages caused by acts or omissions by LBHI and its affiliates, and/or any guaranteed obligor and its affiliates, post-petition interest, premiums, fees, and costs to the extent allowable under the Bankruptcy Code.

4. The amounts described in paragraphs 3(a), 3(b) and 3(c) are made without prejudice to any other amounts accruing after the Petition Date, or based upon facts and circumstances discovered after the Petition Date.

5. Additionally, the Claimant asserts against LBHI unliquidated claims for damages caused by, or based upon, (a) any liability LBHI has or may have arising under or in connection with the Lehman Programs Securities held, (b) any misstatement or omission of a material fact in any securities filings and/or financial statements; (c) any wrongful act or misconduct committed by LBHI (or the guaranteed obligor) that has resulted or will result, directly or indirectly, in injury to the Claimant, including, without limitation, breach of any fiduciary or other duty that LBHI (and/or such guaranteed obligor) may now owe or have ever owed to the Claimant; and (d) fraud or misrepresentation in connection with the sale of such Lehman Programs Securities.

6. The claims asserted herein are not subject to any setoff or counterclaim by the Debtors or the guaranteed obligor. No judgment has been rendered on the claims asserted herein. The Claimant holds no security interests in connection with, and has not received any security for, the claims asserted herein.

C. **Supporting Documentation**

7. The Bar Date Order provides that persons or entities that file claims based on any Lehman Programs Security need not attach or submit any documentation supporting any claim based on such Lehman Programs Security. Accordingly, no supporting documentation is attached hereto. The Claimant has authorized White & Case LLP to file this Proof of Claim on its behalf. The power of attorney, which is included in and based on a mandate letter has not been submitted because of confidentiality concerns but is available upon request by the Debtors or other appropriate party in interest.

D.  **Reservation of Rights and Amendments**

8. In filing this Proof of Claim, the Claimant does not submit itself to the jurisdiction of the Court for any purpose other than to assert the claims described herein. To the extent such claims may also be asserted against any other Debtor in these jointly-administered proceedings under law or equity, including but not limited to, in the event of the substantive consolidation of some or all of the Debtors, this Proof of Claim also constitutes a claim by the Claimant against any and all such other Debtors. Additionally, any common law indemnity claims against all such Debtors are expressly preserved.

9. The execution and filing of this Proof of Claim is not intended to be and should not be construed as (a) a waiver or release of any rights of the Claimant against any other entity or person liable for all or part of the claims asserted herein, (b) a waiver of the right of the Claimant to withdraw the reference with respect to the subject matter of the claims asserted herein, any objection or other proceedings commenced with respect thereto or any other proceeding commenced in these cases against or otherwise involving the Claimant, (c) an election of remedy by the Claimant that waives or otherwise affects any other remedy of the Claimant, (d) a consent by the Claimant to a jury trial in the Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise, (e) a waiver of the right of the Claimant to a trial by jury in any proceeding so triable herein or in any case controversy or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution, (f) a waiver of the right of the Claimant to have final orders in non-core matters entered only after de novo review by a District Court Judgment, (g) a waiver of any past, present or future event of default under any applicable credit documentation, (h) a statement of all legal theories, causes of action or facts

supporting the claims of the Claimant, (i) a waiver or limitation of any rights, claims or causes of action by the Claimant, (j) a waiver of any right to the subordination or recharacterization, in favor of the Claimant, of any indebtedness or liens held by any creditors of the Debtors or creditors of any of the Debtors' affiliates, or any guaranteed obligor or any affiliate of such obligor, or (k) duplicative of or replacing any other proof of claim filed either by the Claimant or by any indenture trustee or entity performing similar functions.

10. The Claimant expressly reserves, and does not waive, any right to amounts for any claims asserted herein, and reserves all rights, including, without limitation, the rights (a) to file any separate or additional proof of claim with respect to the claims set forth herein or otherwise (which proof of claim, if so filed, shall not be deemed to supersede this proof of claim unless expressly so stated therein), (b) to amend, modify or supplement this Proof of Claim in any respect, including with respect to the filing of an additional or amended claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, (c) to file additional proofs of claim in respect of additional amounts or for any other reason, and (d) to file proofs of claim against third parties, including, without limitation, any affiliates of the Debtors or guaranteed obligor.

11. In the event that any order of the Bankruptcy Court is entered which effects (a) a recharacterization or subordination of claims, (b) substantive consolidation of any or all of the Debtors with any or all of the Debtors and/or the Debtors' affiliates, or (c) any other similar remedy, the rights of the Claimant to file additional proofs of claim or amended proofs of claim against any or all of the Debtors and any or all of the Debtors' affiliates is reserved.

E. <u>Notice</u>

12. All notices in respect of this proof of claim should be forwarded to:

Sparkasse Wetzlar
attn. Jens Weber
Seibertstr. 10
35576 Wetzlar
Germany
Email Address:           jens_weber@sparkasse-wetzlar.de
Telephone Number:        +49 6441409475

Contact at White & Case:  Michael Rützel
                          (attorney-at-law (*Rechtsanwalt*) in Germany)
Email Address:            mruetzel@whitecase.com
Telephone Number:         +49 69299941626

ANNEX B TO LEHMAN PROGRAMS SECURITIES PROOF OF CLAIM OF SPARKASSE WETZLAR

| Claim Amount in EUR | Claim Amount in USD | Interest YES / NO | ISIN | Blocking Number | Depository Participant Account Number |
|---|---|---|---|---|---|
| 1,156,000.00 | 1,635,855.60 USD | YES | XS0355509257 | CA26185 | 67010 |
| 1,244,000.00 | 1,760,384.40 USD | YES | XS0251910997 | CA26183 | 67010 |
| 691,000.00 | 977,834.10 USD | YES | XS0259295607 | CA26184 | 67010 |
| TOTAL | 4,374,074.10 USD | | | | |

HAND DELIVERY

_____
RECEIVED BY:

10/30/09
DATE

4:49 p
TIME