UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                                                     :    Chapter 11 Case No.
                                                                                             :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (SCC)
                                                                                             :
                                    Debtors.                                  :    (Jointly Administered)
-------------------------------------------------------------------x

### SECOND SUPPLEMENTAL ORDER GRANTING THREE HUNDRED TWENTY-THIRD OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)

Upon the three hundred twenty-third omnibus objection to claims, dated July 9, 2012 (the "Three Hundred Twenty-Third Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Late-Filed Claims on the basis that they were filed after the General Bar Date or Securities Programs Bar Date, as applicable, all as more fully described in the Three Hundred Twenty-Third Omnibus Objection to Claims; and due and proper notice of the Three Hundred Twenty-Third Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the Three Hundred Twenty-Third Omnibus Objection to Claims; and (vi) all other parties entitled to notice in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Twenty-Third Omnibus Objection to Claims.

accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Twenty-Third Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Three Hundred Twenty-Third Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Twenty-Third Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "Late-Filed Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the disposition of the Late-Filed Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Three Hundred Twenty-Third Omnibus Objection to Claims that is not listed on (i) Exhibit 1 annexed hereto, (ii) Exhibit 1 annexed to the Supplemental Order Granting Three Hundred Twenty-Third Omnibus Objection to Claims (Late-Filed Claims) [ECF No. 33252] or (iii) Exhibit 1 annexed to the Order Granting Three Hundred Twenty-Third Omnibus Objection to Claims (Late-Filed Claims) [ECF No. 30356]; and it is further

2

      ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: July 21, 2014
New York, New York

                    */s/ Shelley C. Chapman*
                    HONORABLE SHELLEY C. CHAPMAN
                    UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

IN RE LEHMAN BROTHERS HOLDINGS INC, ET AL., CASE NO: 08-13555 (SCC)

OMNIBUS OBJECTION 323: EXHIBIT 1 – LATE-FILED CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | CONWAY HOSPITAL, INC. C/O ANDREW J. WHITE JR. HAYNSWORTH SINKLER BOYD, P.A. P.O. BOX 2048 GREENVILLE, SC 29602 | 08-13888 (SCC) | Lehman Brothers Special Financing Inc. | 04/18/2012 | 68076 | $1,290,795.04 | Late-Filed Claim |
| | | | | | TOTAL | $1,290,795.04 | |

Page 1 of 1