UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (SCC)
                                                               :
                     Debtors.                             :    (Jointly Administered)
-----------------------------------------------------------------x

### SUPPLEMENTAL ORDER GRANTING THE FOUR HUNDRED SIXTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the four hundred sixty-sixth omnibus objection to claims, dated June 2, 2014 (the "Four Hundred Sixty-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking disallowance and expungement of the No Liability Claims and reclassification of the Stock Claim, all as more fully described in the Four Hundred Sixty-Sixth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Sixty-Sixth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Sixty-Sixth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Sixty-Sixth Omnibus Objection to Claims establish

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Sixty-Sixth Omnibus Objection to Claims.

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Sixty-Sixth Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims or portions of claims listed on Exhibit 1 annexed hereto are disallowed and expunged with prejudice; and it is further

ORDERED that the portion of the claim listed on Exhibit 2 annexed hereto is reclassified as an equity interest having the same priority as common stock interests in LBHI; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A or Exhibit B annexed to the Four Hundred Sixty-Sixth Omnibus Objection to Claims that is not listed on Exhibit 1 or Exhibit 2 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: July 21, 2014
New York, New York

                                          */s/ Shelley C. Chapman*
                                          HONORABLE SHELLEY C. CHAPMAN
                                          UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)**

**OMNIBUS OBJECTION 466: EXHIBIT 1 - NO LIABILITY**

| NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 1  LEE, MATTHEW | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 14073 | $144,950.00 * | $50,000.00* | The portion of Claim 14073 in the amount of $50,000 seeks recovery in connection with a college fund account, purportedly at Lehman Brothers Inc. ("LBI"). The claim asserts that "there is no clear cut line between what claims are attributable to LBHI and which claims are attributable to LBI." Claimant asserts no basis in law or fact to collapse the corporate separateness of LBI and LBHI. To the extent the claim alleges veil piercing, such veil-piercing claim has no merit. As this Court has previously ruled, "as alleged creditors of LBI [,claimants] . . . lack standing to assert against LBHI any alter ego claim, veil piercing claim, or similar claim to disregard the corporate form of LBHI or LBI, as such claims were the property of the LBI estate and have been irrevocably released, discharged, and acquitted . . ." See ECF Nos. 41278, 41280; see also Hr'g Tr. 98: 7-9, In re Lehman Bros. Holdings Inc., No. 08-13555 (Bankr. S.D.N.Y. Nov. 22, 2013) (". . . individual former employees of LBI do not have standing to pursue claims against LBHI on an alter ego theory"). Moreover, under binding Second Circuit law, the claimant lacks standing to assert any form of alter ego claims.  Kalb, Voorhis & Co. v. Am. Fin. Corp., 8 F.3d 130, 132 (2d Cir. 1993); accord Duke Energy Trading and Mktg., L.L.C. v. Enron Corp. (In re Enron Corp.), No. 02-3609, 2003 WL 1889040, at *3 (Bankr. S.D.N.Y. April 17, 2003). As such, the portion of Claim 14073 seeking recovery in connection with a college fund account should be disallowed and expunged. |
| | | | TOTAL | $144,950.00* | $50,000.00* | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT 2**

**IN RE: LEHMAN BROTHERS HOLDINGS INC, ET AL, CASE NO: 08-13555 (SCC)**

**OMNIBUS OBJECTION 466: EXHIBIT 2 - RECLASSIFY AS EQUITY INTERESTS**

| NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE RECLASSIFIED | REASON FOR PROPOSED RECLASSIFICATION |
|---|---|---|---|---|---|---|
| 1 LEE, MATTHEW | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 14073 | $144,950.00 * | $94,950.00* | The portion of Claim 14073 asserted in the amount of $94,950 seeks recovery in connection with the purchase of 25,000 shares of LBHI stock made three days before the commencement of LBHI's chapter 11 case, alleging that a "Lehman Brothers representative . . . did not act with legal fiduciary duty and should not have allowed the trade. . . ." This portion of Claim 14073 asserts liability for an interest in an "equity security" and not a "claim," as such terms are defined in sections 101(16) and 101(5) of the Bankruptcy Code, and should therefore be reclassified as an equity interest. Furthermore, section 510(b) of the Bankruptcy Code provides that, for purposes of distribution, a claim for damages arising from the purchase or sale of a security shall be subordinated to all claims or interests that are senior to or equal to the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.  11 U.S.C. § 510(b).  Thus, any claims asserted on the basis of breach of fiduciary duty in connection with claimant's purchase of equity securities should be subordinated under section 510(b).  As such, the portion of Claim 14073 seeking recovery in connection with LBHI stock should be reclassified as an equity interest of LBHI and, to the extent applicable, subordinated pursuant to Bankruptcy Code section 510(b). |
| | | | | TOTAL $144,950.00 * | $94,950.00 * | |

\* - Indicates claim contains unliquidated and/or undetermined amounts