**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**STIPULATION, AGREEMENT AND ORDER BETWEEN BNC
MORTGAGE LLC AND WELLS FARGO BANK, N.A., AS SERVICER
FOR U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE
STRUCTURED ASSET INVESTMENT LOAN TRUST, 2005-9, PROVIDING
FOR RELIEF FROM THE AUTOMATIC STAY WITH REGARD TO CERTAIN
REAL PROPERTY LOCATED AT 8380 S.W. 184TH STREET, MIAMI, FLORIDA**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") is entered into by BNC Mortgage LLC ("BNC") and Wells Fargo Bank, N.A., as Servicer for U.S. Bank National Association ("US Bank"), as Trustee for the Structured Asset Investment Loan Trust, 2005-9 ("Wells," together with BNC and US Bank, the "Parties").

**RECITALS**

A. On September 15, 2008, and periodically thereafter, Lehman Brothers Holdings, Inc. ("LBHI") and certain of its subsidiaries commenced with this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). BNC commenced its Chapter 11 Case on January 9, 2009 (the "Commencement Date").

B. On September 18, 2009, US Bank filed proof of claim number 31036 against BNC (the "Proof of Claim"). The Proof of Claim asserts contingent and unliquidated liabilities against BNC arising out of potential breaches of representations and warranties

allegedly made in a Trust Agreement (as defined in the Proof of Claim) with respect to certain mortgage loans. The Proof of Claim remains contingent, unliquidated, and disputed by BNC.

   C. On December 6, 2011, the Court entered an order (the "Confirmation Order") [ECF No. 23023] confirming the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"). The Plan became effective on March 6, 2012.

   D. Pursuant to paragraph 54 of the Confirmation Order, the automatic stay extant in the Chapter 11 Cases pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") remains in full force and effect.

   E. Wells represents as follows:

    (i) On August 8, 2005, Donald and Vera Henry (the "Henrys") executed a mortgage (the "Henry Mortgage") granting Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for BNC Mortgage, Inc.,[1] a security interest in certain real property located at 8380 S.W. 184th Street, Miami, Florida 33157 (the "Property").

    (ii) The Henry Mortgage secures the repayment of the original principal sum of $548,000 due under a note (the "Henry Note," together with the Henry Mortgage, the "Henry Loan").

    (iii) The Henry Loan was subsequently assigned to US Bank, and US Bank remains the holder of the Henry Loan.

    (iv) Contemporaneously with the execution of the Henry Mortgage, the Henrys executed a second mortgage (the "BNC Mortgage") granting MERS, as nominee for BNC, a subordinate security interest in the Property.

---

[1] BNC Mortgage, Inc. and BNC Mortgage LLC are the same entity. BNC was originally organized under the laws of Delaware as a corporation under the name "BNC Mortgage, Inc." On or about January 13, 1998, BNC changed its corporate form from a corporation to a limited liability company under the name "BNC Mortgage LLC." BNC is still referred to as "BNC Mortgage Inc." in those states in which it is registered to conduct business under its former name.

    (v) The BNC Mortgage secures the repayment of the original principal sum of $137,000 due under a note (the "BNC Note," together with the BNC Mortgage, the "BNC Loan").

  F. BNC has determined that it no longer holds an interest in the Property, the Henry Loan, or the BNC Loan.

  G. On or about June 24, 2013, Wells commenced a foreclosure action in the Circuit Court of the 11th Judicial Circuit, Miami-Dade County [Index No. 2013-021941-CA-01] (the "Foreclosure Action"). In the Foreclosure Action, Wells seeks a judgment, *inter alia*, invalidating and extinguishing BNC's interest, if any, in the Property. The Foreclosure Action has been stayed by operation of the Automatic Stay.

  H. In light of the foregoing and to ensure that US Bank and Wells are not prohibited from exercising their rights with respect to the Property, the Parties have agreed, subject to approval of this Court, to the terms set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

  1. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

  2. Upon the Effective Date, the Automatic Stay shall be modified with respect to US Bank and Wells' respective interest in the Property, and US Bank and Wells, and their successors and/or assigns, shall be permitted to exercise their rights under applicable non-bankruptcy law against the Property.

  3. Except as provided in paragraph 2, the Automatic Stay, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose

prior to the Commencement Date from BNC's estate and/or assets or property of BNC (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

4. Nothing herein shall be deemed an acknowledgement of the validity of any of the claims asserted in the Proof of Claim, and BNC reserves all of its rights to object to the Proof of Claim. Notwithstanding anything to the contrary in this Stipulation, Agreement, and Order, nothing herein shall in any way modify, enlarge, or otherwise affect any claim asserted in the Proof of Claim.

5. This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

6. Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

7. Each Party to this Stipulation, Agreement and Order represents that it fully understands the terms hereof. This Stipulation, Agreement and Order shall not be strictly construed against either Party on the ground that the rules for the construction of contracts require the resolution of any ambiguity against the Party that drafted the document.

8. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

9. This Stipulation, Agreement and Order shall be effective immediately upon its entry and shall not be stayed pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

10. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

| | |
|---|---|
| Dated: July 8, 2014<br>Melville, New York | /s/ Michael A. Samuels<br>Michael A. Samuels<br><br>SHAPIRO, DICARO & BARAK, LLC<br>105 Maxess Road, Suite N109<br>Melville, New York 11747<br>Telephone: (631) 844-9611<br>Facsimile: (631) 844-9525<br><br>Attorneys for Wells Fargo Bank, N.A., as Servicer to U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, 2005-9 |
| Dated: July 8, 2014<br>New York, New York | /s/ Jacqueline Marcus<br>Jacqueline Marcus<br><br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>Attorneys for Lehman Brothers Holdings Inc. and Certain of its Affiliates |

**IT IS SO-ORDERED:**
July 21, 2014
New York, New York

*/s/ Shelley C. Chapman*
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE