**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X
In re:                                                        :    Chapter 11
                                                              :    Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :
                                                              :
                                                              :
                          Debtors.                  :
------------------------------------------------------------------------X

**[PROPOSED] ORDER DETERMINING (A) AUTOMATIC STAY REMAINS IN FULL FORCE AND EFFECT AND (B) APPLICABILITY OF STATE LAW TOLLING STATUTES AND 11 U.S.C. § 108(c) TO STATE LAW CONSTRUCTIVE FRAUDULENT CONVEYANCE CLAIMS OF INDIVIDUAL CREDITORS**

Upon the motion (Docket No. __) (the "Motion")[1] of Lehman Brothers Holdings Inc. ("LBHI"), for entry of an order determining: (i) the automatic stay (the "Bankruptcy Stay") imposed by 11 U.S.C § 362(a) and continued under the Modified Third Amended Joint Chapter 11 Plan Of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), dated December 5, 2011 [Docket No. 22973 (Case No. (08-13555 (SCC))] and this Court's order, entered December 6, 2011 [Docket No. 23023 (08-13555 (SCC))], confirming the Plan (the "Confirmation Order"), remains in full force and effect precluding individual creditors of LBHI from commencing state law constructive fraudulent conveyance claims (the "SLCFC Claims") against JPMorgan Chase Bank, N.A. ("JPMorgan") until such time as the stay is lifted; (ii) the deadline for individual creditors to commence their SLCFC Claims against JPMorgan is tolled by applicable state law in light of the Bankruptcy Stay; (iii) section 108(c) of the Bankruptcy Code preserves individual creditors' SLCFC Claims against JPMorgan until 30 days after the expiration or termination of the Bankruptcy Stay; (iv) LBHI retains the exclusive power to settle all of its timely commenced avoidance actions pending expiration or termination of the Bankruptcy Stay; or (v) in the alternative, granting individual creditors (including affiliates of

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

LBHI) limited relief from the Bankruptcy Stay solely to permit one or more such creditors to file a complaint asserting SLCFC Claims against JPMorgan, on certain conditions; and the Court having jurisdiction over the Motion and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of this Motion and the opportunity for a hearing on this Motion being proper and that no other or further notice need be given; and the Court having considered the Motion at a hearing held on August 12, 2014 (the "Hearing"); and the Court having considered any objections filed in response to the Motion; and the Court having found and determined that the relief requested in the Motion is in the best interests of LBHI, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor; and based upon the record of the Hearing and of these cases, it is hereby **ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. Pursuant to section 13.7 of the Plan and section 54 of the Confirmation Order, the automatic stay imposed by section 362(a) of the Bankruptcy Code remains in full force and effect precluding individual creditors from commencing SLCFC Claims against JPMorgan until such time as the stay is unconditionally lifted by further Order of this Court.

3. The deadline for individual creditors to commence SLCFC Claims against JPMorgan is tolled by C.P.L.R. § 204, which provides in pertinent part that the duration of the stay imposed by section 362(a) of the Bankruptcy Code shall not be counted as part of the time within which the SLCFC Claims must be commenced such that the statute of limitations has not been running on individual creditors' SLCFC Claims against JPMorgan since the commencement of LBHI's bankruptcy case.

4. The deadline for individual creditors to commence SLCFC Claims against JPMorgan is further preserved by application of section 108(c)(2) of the Bankruptcy Code in that the SLCFC Claims are actions "on a claim against debtor"; creditors of LBHI, therefore, shall have 30 days from the date the stay is terminated or lifted within which to file their SLCFC Claims against JPMorgan in a court of competent jurisdiction.

5. LBHI and the Committee retain exclusive power to settle the Estate Avoidance Action on behalf of all creditors of the LBHI estate, and to the extent that LBHI and the Committee settle the Estate Avoidance Action, such settlement shall be binding on individual creditors with respect to any SLCFC Claims asserted or assertable against JPMorgan.

6. Nothing in this Order shall prejudice the rights of LBHI under the Plan and Confirmation Order nor shall it prejudice the rights of LBHI and the Committee from pursuing the Estate Avoidance Action, or take or seek to take any other action, or assert any rights or arguments in connection with the claims asserted against JPMorgan, including, without limitation, the right to appeal the Memorandum Decision entered by the Hon. James M. Peck with respect to the applicability of the safe harbor provisions set forth in section 546(e) of the Bankruptcy Code to claims asserted against JPMorgan for constructive fraudulent transfers and preferences under section 544(b), 547, and 548(a)(1)(B) of the Bankruptcy Code.

7. LBHI shall serve notice of the entry of this Order within five (5) days from the date of entry of this Order upon (a) the Office of the United States Trustee, (b) counsel for JPMorgan, and (c) each entity that filed a Notice of Appearance in the Lehman Bankruptcy Case No. 08-13555 (SCC).

8. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August __, 2014
New York, New York

_____
Honorable Shelley C. Chapman
United States Bankruptcy Judge