**HEARING DATE AND TIME: September 9, 2014 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: August 29, 2014 at 4:00 p.m. (Eastern Time)**

---

**THE FOUR HUNDRED SEVENTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, SUNNY SINGH, AT 212-310-8547.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                 :    Chapter 11 Case No.
                                                      :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,          :    08-13555 (SCC)
                                                      :
                    Debtors.                          :    (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON FOUR HUNDRED SEVENTY-SEVENTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on July 30, 2014, Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

certain entities in the above-referenced chapter 11 cases, filed the four hundred seventy-seventh

omnibus objection to claims (the "Four Hundred Seventy-Seventh Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Four Hundred Seventy-Seventh Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **September 9, 2014 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Seventy-Seventh Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in text-searchable Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), and served upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 621; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq. and Sunny Singh, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **August 29, 2014 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

2

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Seventy-Seventh Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Seventy-Seventh Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: July 30, 2014
New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME: September 9, 2014 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: August 29, 2014 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                : Chapter 11 Case No.
                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (SCC)
                                     :
                 Debtors.            : (Jointly Administered)
------------------------------------------------------------x

**PLAN ADMINISTRATOR'S FOUR HUNDRED SEVENTY-SEVENTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

---

**THIS FOUR HUNDRED SEVENTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, SUNNY SINGH, AT 212-310-8547.**

---

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this four hundred seventy-seventh omnibus objection to claims (the "Four Hundred Seventy-Seventh Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement of proofs of claim listed on Exhibit A annexed hereto (such claims, the "No Liability Claims").

2. The Plan Administrator has examined each of the No Liability Claims and has determined that, in each case for the reasons identified more specifically herein or on Exhibit A, the applicable Chapter 11 Estate against which the claim is asserted has no liability for any part of the claim. The Plan Administrator, therefore, requests that the No Liability Claims be disallowed and expunged.

3. The Plan Administrator reserves all rights to object on any other basis to any No Liability Claims as to which the Court does not grant the relief requested herein.

2

**Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012 (the "Effective Date"). Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The No Liability Claims Should Be Disallowed and Expunged**

8. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to

3

the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

9.  Many of the No Liability Claims identified on <u>Exhibit A</u> were filed against LBHI based upon a purported guarantee by LBHI of the obligations of Lehman Brothers Finance AG (in Liquidation), also known as Lehman Brothers Finance SA (*en liquidation*) ("<u>LBF</u>"), a foreign affiliate of LBHI that is not a debtor in these jointly administered chapter 11 cases (collectively, the "<u>LBF Primary Obligor Guarantee Claims</u>"). The LBF Primary Obligor Guarantee Claims assert that LBHI, as a purported guarantor of certain obligations of LBF, is or may be liable for amounts which may be owed to the holders of such claims (collectively, the "<u>LBF Claimants</u>") by LBF under a Derivatives Contract, as such term is defined in this Court's order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases [ECF No. 4271].

10. After reviewing each of the LBF Primary Obligor Guarantee Claims, the documentation provided in support thereof, LBHI's books and records, and other available information, the Plan Administrator has determined that, in each case, LBHI has no liability to the LBF Claimants based on a purported guarantee because there is no primary obligation owed by LBF to the LBF Claimants. The Plan Administrator has determined that, based on the fair, accurate, and reasonable values of the LBF Claimants' Derivatives Contracts and the netting provisions thereunder, LBF and, therefore, LBHI do not owe any amounts to the LBF Claimants.[1]

---

[1] The Plan Administrator utilizes a thorough, multi-step process to review claims filed against LBHI based on Derivatives Contracts in order to determine the fair, accurate, and reasonable value, if any, of such claims. For a more comprehensive discussion of the valuation process, please see the Four Hundred Forty-First Omnibus Objection to Claims (No Liability Derivatives Claims) [ECF No. 40473] and the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to

4

11. In addition, upon information and belief, the LBF Claimants each asserted a claim against LBF in LBF's foreign insolvency proceeding. In each such case, the liquidators of LBF's estate determined that LBF had no liability to the LBF Claimants. The LBF Claimants did not challenge the liquidators' determination and therefore, the primary claims were expunged against LBF.

12. The remaining No Liability Claims should be expunged for the reasons set forth on Exhibit A.

13. The Effective Date has occurred and distributions under the Plan have begun. If the No Liability Claims remain on the claims register, the potential exists for recoveries by parties who do not hold valid claims against the Chapter 11 Estates. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the No Liability Claims.

**Notice**

14. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Four Hundred Seventy-Seventh Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each Claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

---

Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [ECF No. 4113]).

5

15. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: July 30, 2014
      New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

# EXHIBIT A

US_ACTIVE:\44528435\2\58399.0011

08-13555-mg    Doc 45446    Filed 07/30/14    Entered 07/30/14 18:17:45    Main Document
Pg 11 of 17

IN RE: LEHMAN BROTHERS HOLDINGS INC., et al.
OMNIBUS OBJECTION 477: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | ALLIANCE INVESTMENT MANAGEMENT LTD | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 01/30/2009 | 2276 | $20,437.93 | $20,437.93 | Claim number 2276 does not identify any transaction, document or basis that could give rise to liability of LBHI. Instead, claimant attaches what appear to be brokerage account statements and other records relating to Lehman Brothers Inc. Based upon the Plan Administrator's review of LBHI's books and records and the claim, the Plan Administrator does not believe that there is any liability owing to claimant from LBHI. Accordingly, the claim should be expunged. |
| 2 | BANQUE CANTONALE VAUDOISE | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 08/17/2009 | 8570 | $9,060.30 | $9,060.30 | Claim number 8570 refers to a prepetition stipulation between claimant and Lehman Brothers Inc. The claim does not identify any basis that could give rise to liability of LBHI other than a vague reference to an "assignment notice for contract." No such assignment notice or other document has been provided to support the claim. In addition, based upon the Plan Administrator's review of LBHI's books and records and the claim, the Plan Administrator does not believe that there is any liability owing to claimant from LBHI. Accordingly, the claim should be expunged. |

## IN RE LEHMAN BROTHERS HOLDINGS INC., et al.
### OMNIBUS OBJECTION 477: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 3 | DARTMOUTH CAPITAL PARTNERS LLP | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 16495 | $108,309.00 * | $108,309.00 * | Claim number 16495 is filed on behalf of LBHI's prepetition affiliate Dartmouth Capital Partners. The claim does not assert any liability against LBHI or identify any specific transactions or documents that could give rise to liability of LBHI. The proof of claim merely reserves the right to assert claims against LBHI in the event such claims are later identified and asserts an unsubstantiated intercompany balance of $108,309. Based upon the Plan Administrator's review of LBHI's books and records and the claim, the Plan Administrator does not believe that there is any liability owing to claimant from LBHI, including on account of the unsubstantiated intercompany balance. Accordingly, the claim should be expunged. |
| 4 | FATAI INVESTMENT LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21966 | $120,482,638.18 * | $120,482,638.18 * | LBF Primary Obligor Guarantee Claim. See Objection ¶¶ 9 - 11. |
| 5 | HALEWOOD COMPANY LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21956 | $2,405,909.58 * | $2,405,909.58 * | LBF Primary Obligor Guarantee Claim. See Objection ¶¶ 9 - 11. |
| 6 | KBC BANK NV | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/16/2009 | 13872 | $22,400,668.00 * | $22,400,668.00 * | LBF Primary Obligor Guarantee Claim. See Objection ¶¶ 9 - 11. |

# IN RE LEHMAN BROTHERS HOLDINGS INC., et al.
## OMNIBUS OBJECTION 477: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 7 | LEHMAN BROTHERS GLOBAL FINANCE LTD | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/16/2009 | 14039 | $4.00 * | $4.00* | Claim number 14039 is filed on behalf of LBHI's prepetition affiliate Lehman Brothers Global Finance Limited. The claim does not assert any liability against LBHI or identify any specific transaction or document that could give rise to liability of LBHI. The proof of claim merely reserves the right to assert claims against LBHI in the event such claims are later identified and asserts an unsubstantiated intercompany balance of $4.00. Based upon the Plan Administrator's review of LBHI's books and records and the claim, the Plan Administrator does not believe that there is any liability owing to claimant from LBHI, including on account of the unsubstantiated intercompany balance. Accordingly, the claim should be expunged. |
| 8 | LIGHTPOINT CAPITAL MGT EUROPE LTD | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/16/2009 | 14013 | Undetermined | Undetermined | Claim number 14013 is filed on behalf of LBHI's prepetition affiliate Lightpoint Capital Management Europe Ltd. The claim does not assert any liability against LBHI or identify any specific transaction or document that could give rise to liability of LBHI. The proof of claim merely reserves the right to assert claims against LBHI in the event such claims are later identified. Based upon the Plan Administrator's review of LBHI's books and records and the claim, the Plan Administrator does not believe that there is any liability owing to claimant from LBHI. Accordingly, the claim should be expunged. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## IN RE LEHMAN BROTHERS HOLDINGS INC., et al.
## OMNIBUS OBJECTION 477: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 9 | U.S. BANK NATIONAL ASSOCIATION | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31023 | $23,271.48 * | $23,271.48 * | Claim number 31023 is a purported guarantee claim against LBHI that corresponds to a primary claim (claim number 30961) against Lehman Brothers Derivatives Products Inc. ("LBDP"), which primary claim is disputed by LBDP. The primary claim against LBDP is asserted in the same amount as the guarantee claim against LBHI and is being reserved in full in cash by LBDP. In accordance with the Plan provisions governing distributions and long-standing principles of suretyship law, recoveries on account of related primary and guarantee claims are limited to a single satisfaction. See Plan §§ 8.13(a)(ii) and (b)(ii); see also See Bankers' Trust Co. v. Irving Trust Co.(In re United Cigar Stores), 73 F.2d 296, 298 (2d Cir. 1934) ("In no case can the [holder of a guarantee claim] recover from all sources more than the full amount of its claim"); Ross v. Worth Elec. Supply Co., Inc., 420 N.Y.S.2d 441, 443 (N.Y. Civ. Ct. 1979) ("It is fundamental in suretyship that with the payment of the principal obligation the obligations of both principal and surety are discharged."). In addition, because catch-up distributions to disputed claims that become allowed only occur on a scheduled semi-annual distribution date under the Plan, even if the primary claim against LBDP and the guarantee claim against LBHI were allowed simultaneously, LBHI would not make a distribution on the guarantee claim prior to distributions by LBDP on the primary claim. See Plan §§ 8.3 and 8.4. As a result, no distributions will ever be made by LBHI on account of claim number 29599, and, therefore, the claim should be expunged. |
| 10 | WINCENT INVESTMENT LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21965 | $30,317,653.95 * | $30,317,653.95 * | LBF Primary Obligor Guarantee Claim. See Objection ¶¶ 9 - 11. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## OMNIBUS OBJECTION 477: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 11 | ZAMA INTERNATIONAL LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21967 | $81,320,096.07 * | $81,320,096.07 * | LBF Primary Obligor Guarantee Claim. See Objection ¶¶ 9 - 11. |
| | | | | TOTAL | | $257,088,048.49 | $257,088,048.49 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                            :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (SCC)
                                                                 :
                    Debtors.                               :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING THE FOUR HUNDRED SEVENTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the four hundred seventy-seventh omnibus objection to claims, dated July 30, 2014 (the "Four Hundred Seventy-Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims, all as more fully described in the Four Hundred Seventy-Seventh Omnibus Objection to Claims; and due and proper notice of the Four Hundred Seventy-Seventh Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Seventy-Seventh Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Seventy-Seventh Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Seventy-Seventh Omnibus Objection to Claims.

US_ACTIVE:\44528435\2\58399.0011

Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Seventy-Seventh Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims or portions of claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
      New York, New York

                                               UNITED STATES BANKRUPTCY JUDGE

2