HEARING DATE AND TIME: September 9, 2014 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: August 29, 2014 at 4:00 p.m. (Eastern Time)

---

**THE FOUR HUNDRED SEVENTY-NINTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CINDI GIGLIO, AT 212-696-6936.**

---

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Turner P. Smith
Cindi Eilbott Giglio

*Counsel for Lehman Brothers Holdings Inc.*
  *and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                    :    **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (SCC)**
                                                         :
                              Debtors.                   :    **(Jointly Administered)**
------------------------------------------------------------------x

**NOTICE OF HEARING ON THE FOUR HUNDRED**
**SEVENTY-NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

              **PLEASE TAKE NOTICE** that on July 30, 2014 Lehman Brothers Holdings Inc.

("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced

chapter 11 cases, filed the four hundred seventy-ninth omnibus objection to claims (the "Four

Hundred Seventy-Ninth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to

consider the Four Hundred Seventy-Ninth Omnibus Objection to Claims will be held before the

Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the

United States Bankruptcy Court for the Southern District of New York, One Bowling Green,

New York, New York 10004, on **September 9, 2014 at 10:00 a.m. (Eastern Time)**, or as soon

thereafter as counsel may be heard.

    **PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred

Seventy-Ninth Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with

the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system,

and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General

Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green,

New York, New York 10004, Courtroom 623; (ii) attorneys for LBHI and certain of its affiliates,

Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett

Fail, Esq.); (iii) conflicts counsel for LBHI and certain of its affiliates, Curtis, Mallet-Prevost,

Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178 (Attn: L. P. Harrison 3rd,

Esq. and Cindi Giglio, Esq.); and (iv) the Office of the United States Trustee for Region 2, U.S.

2

Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn:

William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so

filed and received by no later than **August 29, 2014 at 4:00 p.m. (Eastern Time)** (the

"Response Deadline").

            **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Four Hundred Seventy-Ninth Omnibus Objection to Claims or any

claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Four Hundred Seventy-Ninth Omnibus Objection to Claims, which order may be entered with no

further notice or opportunity to be heard offered to any party.

Dated: July 30, 2014
      New York, New York

                             **CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

                             By:     */s/ L. P. Harrison 3rd*
                                    L. P. Harrison 3rd
                                    Turner P. Smith
                                    Cindi Eilbott Giglio
                        101 Park Avenue
                        New York, New York 10178-0061
                        Telephone: (212) 696-6000
                        Facsimile:  (212) 697-1559

                        *Counsel for Lehman Brothers Holdings Inc.
                         and Certain of Its Affiliates*

19266529

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
L. P. Harrison 3rd
Turner P. Smith
Cindi Eilbott Giglio

*Counsel for Lehman Brothers Holdings Inc.*
  *and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                             :      **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     :      **08-13555 (SCC)**
                                                  :
                              **Debtors.**        :      **(Jointly Administered)**
-------------------------------------------------------------------x

**FOUR HUNDRED SEVENTY-NINTH OMNIBUS**
<u>**OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**</u>

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS FOUR HUNDRED SEVENTY-NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CINDI GIGLIO, AT 212-696-6936.**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases

(collectively, the "Chapter 11 Estates"), respectfully represents as follows:

### **RELIEF REQUESTED**

1.        Each of the proofs of claim listed on Exhibit A annexed hereto

(collectively, the "No Liability Claims") was filed against LBHI based upon a purported

guarantee of the obligations of one or more of LBHI's subsidiaries.  After reviewing each No

Liability Claim and the documentation provided in support thereof, the Plan Administrator has

determined that, in each case, LBHI is not liable to the holders of such claims (each, a

"Claimant" and collectively, the "Claimants").  Accordingly, the Plan Administrator files this

omnibus objection pursuant to section 502(b) of title 11 of the United States Code, as amended

(the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No.

6664], seeking disallowance and expungement of the No Liability Claims.

### **JURISDICTION**

2.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2

## BACKGROUND

### A.    General Background

3.      Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.      On January 14, 2010, the Court entered the Procedures Order, which authorizes the Chapter 11 Estates to file omnibus objections to claims on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

5.      On December 6, 2011, the Court entered an order confirming the Plan. The Plan became effective on March 6, 2012.  Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

### B.    The Claims

6.      The No Liability Claims assert that LBHI, as an alleged guarantor, is liable for amounts purportedly owed to the Claimants by certain of LBHI's subsidiaries.  Each Claimant relies on at least one purported guaranty issued by LBHI, including, as applicable, (i) a Resolution from the Board of Directors of LBHI, dated June 9, 2005, a copy of which is attached hereto as Exhibit B (the "Corporate Resolution"), (ii) a Guarantee of Lehman Brothers Holdings Inc., dated January 4, 2008, addressed to Standard & Poor's Rating Services, a copy of which is attached hereto as Exhibit C (the "S&P Letter" and together with the Corporate Resolution, the "Alleged General Guaranties"), and / or (iii) an alleged guaranty issued by LBHI in connection with a specific transaction (each, an "Alleged Specific Guaranty").

3

7.      None of the Claimants have provided evidence that they knew of the Alleged General Guaranties before entering into any of the relevant transactions or that they relied on the Alleged General Guaranties in deciding to extend credit to LBHI's subsidiaries. Further, to the extent that a Claimant bases its No Liability Claim on an Alleged Specific Guaranty, each such Claimant has failed to demonstrate that LBHI is liable on any such Alleged Specific Guaranty.  As a result, the No Liability Claims should be disallowed and expunged with prejudice.

## THE NO LIABILITY CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

8.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

9.      A guaranty is a contractual undertaking by one party, the guarantor, to satisfy the obligations of another party, the primary obligor, to a third party, the creditor, in the event of a default by the primary obligor.  *See Nanjing Textiles IMP/EXP Corp. v. NCC Sportswear Corp.*, No. 06 Civ. 52(JGK), 2006 WL 2337186, at *13 (S.D.N.Y. Aug. 11, 2006); RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY § 1 cmts. f, g (1996); BLACK'S LAW DICTIONARY (9th ed. 2009); 38 AM. JUR. 2D *Guaranty* § 1 (2014).  Like all contracts, acceptance

4

is a crucial element in forming a valid guaranty contract.  The United States Supreme Court in

*Davis Sewing-Mach. Co. v. Richards*, 115 U.S. 524 (1885), explained:

> A contract of guaranty, like every other contract, can only be made
> by mutual assent of the parties. . . . [I]f the guaranty is signed by
> the guarantor without any previous request of the other party, and
> in his absence, for no consideration moving between them except
> future advances to be made to the principal debtor, the guaranty is
> in legal effect an offer or proposal on the part of the guarantor,
> *needing an acceptance by the other party to complete the contract.*

*Id.* at 525 (emphasis added).  Furthermore, under the New York Statute of Frauds, a

guaranty contract must be in writing and signed by the guarantor.  *See* N.Y. GEN. OBLIG.

LAW § 5-701(a)(2) (McKinney 2002); *see also DeRosis v. Kaufman*, 641 N.Y.S.2d 831,

832–34 (N.Y. App. Div. 1996).[1]

      10.    General guaranties are offers that can be accepted by anyone to whom

they are presented, and do not necessarily specify the particular transactions that will be

guaranteed.  *See Evansville Nat'l Bank v. Kaufman*, 93 N.Y. 273, 276 (1883); 38 AM. JUR. 2D

*Guaranty* § 14; *see also Philip Carey Co. v. Duffy*, 10 N.Y.S.2d 876, 876 (N.Y. App. Div. 1939)

(guarantor provided a letter of credit for buying materials).  In contrast, specific guaranties

identify the benefiting creditor or, "with precision," the underlying agreements being guaranteed.

*See, e.g.*, *Cavendish Traders, Ltd. v. Nice Skate Shoes, Ltd.*, 117 F. Supp. 2d 394, 400 (S.D.N.Y.

2000) (stating that a valid guaranty must describe "with precision the obligation to which the

person is bound").

      11.    Acceptance of a general guaranty may be indicated by a party extending

credit in reliance on the guaranty—and the extension of credit also qualifies as consideration for

the guaranty.  *See Evansville Nat'l Bank*, 93 N.Y. at 279; 63 N.Y. JUR. 2D *Guaranty and*

---

[1] The Plan Administrator reserves all arguments including whether the Alleged General Guaranties are guaranty contracts of any kind, as well as whether the Alleged General Guaranties would satisfy the Statute of Frauds.

*Suretyship* § 78 (2014); *see also Union Carbide Corp. v. Katz*, 489 F.2d 1374, 1376 (7th Cir.

1973); *Farmers' State Bank of York v. Brock*, 234 N.W. 92, 94 (Neb. 1931) (holding that

extending credit in reliance on the guaranty provided consideration for the guaranty).  Thus, in

order to benefit from a general guaranty, a creditor must have known of the existence of the

guaranty and acted in reliance upon its terms when entering into the transaction with the primary

obligor.  As the court in *Federal Deposit Insurance Corp. v. Schumacher*, 660 F. Supp. 6

(E.D.N.Y. 1984), explained:

> It is, of course, elementary that a creditor's right to enforce a
> contract of guaranty *must be based upon knowledge of the
> existence of the guaranty* and that the credit must be extended in
> reliance thereof[.]

*Id.* at 8 (emphasis added) (citations omitted).  Indeed, it is well-settled that:

> A "general" guaranty is addressed to persons generally and may be
> enforced by anyone to whom it is presented although it has been
> recognized that the person so acting *must have had definite
> knowledge of the existence of the guaranty and acted in reliance
> on it*.

38 AM. JUR. 2D *Guaranty* § 14 (emphasis added) (footnote omitted).

      12.     Courts consistently apply this test of knowledge and reliance.  *See, e.g.*,

*Philip Carey Co. v. Duffy*, 10 N.Y.S.2d 876 (N.Y. App. Div. 1939); *see also Joe Balestrieri &*

*Co. v. Comm'r of Internal Revenue*, 177 F.2d 867, 873 (9th Cir. 1949) (recognizing the validity

of guaranty claim where guaranty was made at the request of the prospective creditor and was

delivered by the primary obligor); *J. C. Wattenbarger & Sons v. Sanders*, 30 Cal. Rptr. 910, 915

(Cal. Ct. App. 1963) (rejecting guaranty claim where there was "no proof that credit was

extended with knowledge of it and reliance upon it"); *Calcot Ass'n v. Coast Cotton Mills*, 295

P.2d 1, 4 (Cal. Dist. Ct. App. 1956) (recognizing guaranty claim where court recognized that

product was delivered to the primary obligor "only because the guaranties had been made").

6

13.     In *Philip Carey Co. v. Duffy*, 10 N.Y.S.2d 876 (N.Y. App. Div. 1939), for example, the primary obligor presented potential creditors with a general letter of credit from its guarantor that was intended by the guarantor (the defendant) to be used to secure debts for materials the primary obligor bought on credit.  *Id.* at 876.  The court, noting that the plaintiff acted "*in reliance upon that letter and promise of credit*" when the plaintiff sold materials to the primary obligor, held that the plaintiff was "entitled to recover from defendant the agreed price of the materials."  *Id.* (emphasis added).

14.     Similarly, *Farmers' State Bank of York v. Brock*, 234 N.W. 92, 92-93 (Neb. 1931), concerned a general guaranty signed by the primary obligor's stockholders so that the primary obligor could obtain further extensions of credit.  The court granted judgment only to those guaranty claim creditors "who had knowledge of it and extended credit to the association on the faith and credit of it."  *Id.* at 94.  As for the other creditors who provided insufficient evidence of knowledge and reliance, the court ruled that there was no consideration for the guaranty and denied judgment.  *Id.*

15.     To the extent that the Alleged General Guaranties are deemed to be guaranties at all, they would be, at best, general guaranties.  The Corporate Resolution broadly provides that LBHI "fully guarantees the payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A hereto."  *See* Ex. B p. 2.  Similarly, the S&P Letter broadly states that LBHI "guarantee[s] the payment by Lehman Brothers International (Europe) ("Affiliate") of all of Affiliate's liabilities, obligations and commitments . . . to any counterparty of Affiliate."  *See* Ex. C p. 1.  These Alleged General Guaranties do not identify any particular counterparties or transactions to which they might apply, much less "with precision."  *See Cavendish Traders, Ltd.*, 117 F. Supp. 2d at 400.  Accordingly, if the Alleged General

7

Guaranties are deemed to be guaranties at all, they would be enforceable only by those creditors that knew of and relied upon them when transacting business with the applicable LBHI subsidiary.

16.    None of the Claimants that assert liability based on the Alleged General Guaranties meet the basic threshold of proof necessary here: that they knew of the applicable Alleged General Guaranty and relied upon it as a guaranty when entering into the transactions underlying the current claims against LBHI, as the law discussed at paragraphs 9 to 14, *supra*, clearly requires.  Consequently, these Claimants do not have valid guaranty claims against LBHI, and the Plan Administrator has no basis for allowing their claims.

17.    Further, each Claimant that bases its No Liability Claim on an Alleged Specific Guaranty has failed to demonstrate that LBHI is liable on any such Alleged Specific Guaranty.

18.    If the No Liability Claims remain on the claims register, the potential exists for recoveries by parties who do not hold valid claims against LBHI.  Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the No Liability Claims.

## **RESERVATION OF RIGHTS**

19.    The Plan Administrator reserves all rights to object on any other bases to any No Liability Claim as to which the Court does not grant the relief requested herein.  The Plan Administrator reserves the right to conduct further discovery as to the No Liability Claims and any matters raised by claimants and to supplement this and other filings as a result thereof.

## **NOTICE**

20.    No trustee has been appointed in these chapter 11 cases.  Notice of this omnibus objection has been provided to (i) the United States Trustee for Region 2; (ii) the

8

Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States

Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi)

all other parties entitled to notice in accordance with the procedures set forth in the second

amended order entered on June 17, 2010 governing case management and administrative

procedures for these cases [ECF No. 9635].  The Plan Administrator submits that no other or

further notice need be provided.

       21.     No previous request for the relief sought herein has been made by the Plan

Administrator or the Chapter 11 Estates to this or any other Court.

       WHEREFORE the Plan Administrator respectfully requests entry of an order

granting the relief requested herein and such other and further relief as is just.

Dated: July 30, 2014
     New York, New York

                            **CURTIS, MALLET-PREVOST,**
                            **COLT & MOSLE LLP**

                           By:    */s/ L. P. Harrison 3rd*
                                       L. P. Harrison 3rd
                                       Turner P. Smith
                                       Cindi Eilbott Giglio
                         101 Park Avenue
                         New York, New York 10178-0061
                         Telephone: (212) 696-6000
                         Facsimile:  (212) 697-1559

                         *Counsel for Lehman Brothers Holdings Inc.*
                          *and Certain of Its Affiliates*

19266529

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
| | |
|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (SCC)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
------------------------------------------------------------------x

## ORDER GRANTING THE FOUR HUNDRED SEVENTY-NINTH
## OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the four hundred seventy-ninth omnibus objection to claims, dated July 30,

2014 (the "Four Hundred Seventy-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and its Affiliated Debtors, seeking to disallow and expunge

the No Liability Claims pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF

No. 6664], all as more fully described in the Four Hundred Seventy-Ninth Omnibus Objection to

Claims; and due and proper notice of the Four Hundred Seventy-Ninth Omnibus Objection to

Claims having been provided, and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Four Hundred Seventy-

Ninth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their

creditors, and all parties in interest, and that the legal and factual bases set forth in the Four

Hundred Seventy-Ninth Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Seventy-Ninth Omnibus Objection to Claims.

ORDERED that the relief requested in the Four Hundred Seventy-Ninth Omnibus

Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the No

Liability Claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their entirety

with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2014
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2

19266529

**<u>EXHIBIT A</u>**

**OMNIBUS OBJECTION 479: EXHIBIT A - NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | ABSA BANK LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18071 | $2,404,334.00 * | $2,404,334.00* | No Liability |
| 2 | CAISSE DE DEPOT ET PLACEMENT DU QUEBEC | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21620 | $131,097.00 | $131,097.00 | No Liability |
| 3 | GOLDMAN SACHS EMERGING MARKETS OPPORTUNITIES FUND OFFSHORE, LTD | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15824 | $118,052.57 * | $118,052.57* | No Liability |
| 4 | GOLDMAN SACHS EMERGING MARKETS OPPORTUNITIES FUND, LLC | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15891 | $427,365.44 * | $427,365.44* | No Liability |
| 5 | HSBC PRIVATE BANK SUISSE SA | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18217 | $724,723.40 * | $724,723.40* | No Liability |
| 6 | INVESCO VAN KAMPEN EQUITY AND INCOME FUND | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27105 | $810,393.00 * | $810,393.00* | No Liability |
| 7 | J.P. MORGAN SUISSE SA | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25133 | $70,140.00 * | $70,140.00* | No Liability |
| 8 | J.P. MORGAN TRUST COMPANY (BAHAMAS) LTD AS TRUSTEE | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25131 | $127,000.00 * | $127,000.00* | No Liability |
| 9 | KAUPTHING BANK HF. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 20249 | $3,485,908.80 * | $3,485,908.80* | No Liability |

* - Indicates claim contains unliquidated and/or undetermined amounts

**OMNIBUS OBJECTION 479: EXHIBIT A - NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 10 | LUTHERAN HILLSIDE VILLAGE, INC. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23893 | $370,485.80 | $370,485.80 | No Liability |
| 11 | POUDRE VALLEY HEALTH CARE, INC. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 14735 | $3,000,000.00 * | $3,000,000.00* | No Liability |
| 12 | TYCO ELECTRONICS CORPORATION AS SPONSOR FOR TYCO ELECTRONICS DEFINED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 08/31/2009 | 9904 | $59,439.12 | $18,027.60 | No Liability |

  A portion of this claim was expunged in the Order Granting the Four Hundred Seventieth Omnibus Objection to Claims (No Liability Claims) [ECF No. 45218].

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 13 | VERMONT PENSION INVESTMENT COMMITTEE | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 16012 | $151,569.54 | $151,569.54 | No Liability |
| | | | | TOTAL | | $11,880,508.67 | $11,839,097.15 | |

**EXHIBIT B**

·06/08/2025    16:41    LEHMAN → 916467582653                                    NO.504    P01

# UNANIMOUS WRITTEN CONSENT OF THE

## EXECUTIVE COMMITTEE OF THE

## BOARD OF DIRECTORS OF

## LEHMAN BROTHERS HOLDINGS INC.

The undersigned, being both members of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., a Delaware corporation (the "Corporation"), do hereby adopt the following resolutions by unanimous written consent in lieu of a meeting in accordance with Section 141(f) of the General Corporation Law of the State of Delaware:

WHEREAS, the Corporation has previously authorized by specific resolution, which authority has not been revoked (the "Outstanding Guarantee Resolutions"), the guarantee of all or specified obligations and liabilities of certain direct and indirect subsidiaries of the Corporation, each of which is a "Guaranteed Subsidiary" as such term is used in the Corporation's Code of Authorities as currently in effect (the "Code"),

WHEREAS, certain of the Guaranteed Subsidiaries presently enjoy full guarantees while others have only partial guarantees, and the Corporation now wishes to expand such partial guarantees to full guarantees,

WHEREAS, due to the passage of time the names of certain of the Guaranteed Subsidiaries have changed, rendering the Outstanding Guarantee Resolutions out of date to that extent,

WHEREAS, the Corporation wishes to clarify that its guarantee of any Guaranteed Subsidiary with respect to any given transaction is not contingent upon the issuance of a signed guarantee pertaining to such transaction,

WHEREAS, Management wishes to establish additional Guaranteed Subsidiaries,

WHEREAS, Management wishes to specify that to the extent lawful and allowable, guarantees issued by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, so as to secure certain tax and accounting benefits, and

WHEREAS, Management believes that it would facilitate the conduct of the business of the Corporation to supersede and replace the various Outstanding Guarantee Resolutions in their entirety with this single document,

**NOW THEREFORE BE IT,**

06-09-05   11:31   JDM INVESTMENTS                    ID=2023380294                    P.02
                                                                          NO.290   004
                                                                          NO.504   002

05.05.2005   29:11   E-FR. - 912023380294
26/05/2005   16:41   LE-MAN + 916467529653

**RESOLVED,** that the Corporation hereby fully guarantees the payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A hereto, each of which shall be a Guaranteed Subsidiary for purposes of the Code;

**RESOLVED,** that the Outstanding Guarantee Resolutions are hereby superseded and replaced in their entirety with this single document, *provided* that any guarantees provided pursuant to the Outstanding Guarantee Resolutions and outstanding on the date hereof, whether in the form of a separately executed individual guarantee or otherwise, shall remain issued, outstanding and valid for all purposes;

**RESOLVED,** that guarantees provided by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, to the extent lawful and allowable, as specified on Schedule A hereto;

**RESOLVED,** that each of the persons listed in the Code (as it may be amended from time to time) as being authorized to approve individual guarantees issued by the Corporation with respect to Guaranteed Subsidiaries, or any proper delegee thereof (collectively, "Authorized Persons"), are hereby authorized, in the name and on behalf of the Corporation, to execute such guarantees in such form as is approved by an attorney of the Corporation and such Authorized Person, subject to any limitations specified herein, his or her execution of each such guarantee to be conclusive evidence of approval thereof; and to do such other acts and things as may be advisable or necessary in order to effect the purposes and intent of these resolutions; and

**FURTHER RESOLVED,** that any and all actions contemplated by the foregoing resolutions and taken by such Authorized Persons prior to the date hereof are hereby ratified, confirmed and approved in all respects.

Dated: June 9, 2005

_____                    _____
Richard S. Fuld, Jr.                        John D. Macomber

06-09-05   09:49            RECEIVED FROM:212 526 8339                    P.04

06/08/2005   16:41   LEHMAN → 916467582653                                    NO.504   P03

**Schedule A**
**to LBHI Unanimous Written Consent**
**dated June 9 , 2005**

| | Name of Subsidiary | Issue Corporation guarantee from branch located in London, England, to the extent lawful and allowable? |
|---|---|---|
| 1. | Lehman Brothers Asia Holdings Limited | No |
| 2. | Lehman Brothers Bankhaus A.G. | Yes (London branch of such subsidiary only) |
| 3. | Lehman Brothers Commercial Bank | No |
| 4. | Lehman Brothers Commercial Corporation | No |
| 5. | Lehman Brothers Commercial Corporation Asia Limited | No |
| 6. | Lehman Brothers Equity Finance (Cayman) Limited | No |
| 7. | Lehman Brothers Finance S.A. | No |
| 8. | Lehman Brothers Holdings Plc | Yes |
| 9. | Lehman Brothers International (Europe) | Yes |
| 10. | Lehman Brothers Japan Inc. | No |
| 11. | Lehman Brothers (Luxembourg) Equity Finance S.A. | No |
| 12. | Lehman Brothers (Luxembourg) S.A. | No |
| 13. | Lehman Brothers OTC Derivatives Inc. | No |
| 14. | Lehman Brothers Securities Asia Limited | No |
| 15. | Lehman Brothers Securities N.V. | No |
| 16. | Lehman Brothers Special Financing Inc. | No |
| 17. | Lehman Brothers Treasury Co. B.V. | No |
| 18. | Lehman Re Limited | No |

3

**<u>EXHIBIT C</u>**

## GUARANTEE OF LEHMAN BROTHERS HOLDINGS INC.

To:    Standard & Poor's Rating Services
       55 Water Street
       New York, NY 10041

We, Lehman Brothers Holdings Inc., do hereby absolutely and unconditionally guarantee the payment by Lehman Brothers International (Europe) ("Affiliate") of all of Affiliate's liabilities, obligations and commitments (the "Guaranteed Obligations") to any counterparty of Affiliate and such counterparty's successors, endorsees and assigns (collectively, the "Beneficiaries"), as the same shall respectively become due, together with accrued interest and charges, if any, and we agree to reimburse each Beneficiary for all expenses including reasonable attorneys' fees of enforcing or obtaining or endeavoring to enforce or obtain payment thereof.

This Guarantee is absolute and unconditional without limitation as to monetary amount or duration, irrespective of the validity, regularity or enforceability of any agreement or document setting forth a Guaranteed Obligation (each a "Borrower Agreement") against Affiliate (other than as a result of the unenforceability of the applicable Borrower Agreement against the Beneficiary), any waiver or consent by any Beneficiary with respect to any provisions thereof or any other circumstance which might otherwise constitute a legal or equitable discharge or defense of a guarantor (excluding the defenses of payment and statute of limitations, neither of which is waived); provided, however, that we shall be entitled to exercise any right that Affiliate could have exercised under the applicable Borrower Agreement to cure any default in respect of its obligations under the Borrower Agreement or to setoff, counterclaim or withhold payment in respect of any event of default or similar event in respect of a Beneficiary, but only to the extent such right is provided to Affiliate under the Borrower Agreement. We shall have no right of subrogation with respect to any payments we make under this Guarantee in connection with a Borrower Agreement until all Guaranteed Obligations of Affiliate under that Borrower Agreement are paid in full.

This Guarantee is a guarantee of payment, and not of collection, and each Beneficiary may exercise its rights hereunder against us without first having to take any action against Affiliate, or any other guarantor. We hereby waive diligence, presentment, protest, demand of any kind in connection with the delivery, acceptance, performance, default or enforcement of this Guarantee.

This Guarantee shall be binding upon us, our successors and assigns.

We further agree that this Guarantee shall continue to be effective or be reinstated, as the case may be, if at any time payment, or any part thereof, of any Guaranteed Obligation or interest thereon is rescinded or must otherwise be restored by or is recovered from a Beneficiary as a preference or fraudulent transfer under the federal Bankruptcy Code or any similar applicable state or foreign law.

hereunder to us shall be to Lehman Brothers Holdings Inc., Attention: Treasurer, at 745 Seventh Avenue, New York, New York (Facsimile No. 646-758-3234).

This Guarantee shall be governed by and construed in accordance with the laws of the State of New York without giving effect to the conflicts of laws principles thereof.

IN WITNESS WHEREOF, I have hereunto set my hand on January 4, 2008.

LEHMAN BROTHERS HOLDINGS INC.

By:
Name:  James J. Killerlane III
Title:  Vice President

2