# EXHIBIT 86

Page 1

1  UNITED STATES BANKRUPTCY COURT
2  SOUTHERN DISTRICT OF NEW YORK
3  Case No. 08-13555 (SEC)
4  - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
5  In the Matter of:
6
7  LEHMAN BROTHERS HOLDINGS, INC., et al.
8
9          Debtors.
10 - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
11
12              U.S. Bankruptcy Court
13              One Bowling Green
14              New York, New York
15
16              February 25, 2014
17              11:03 AM
18
19 B E F O R E :
20 HON  SHELLEY C. CHAPMAN
21 U.S. BANKRUPTCY JUDGE
22
23
24
25

                                                                    Page 2

1   Hearing re: Doc #42659 Letter to the Honorable Shelley C.
2   Chapman re: Local Rule 7056-1(a) Conference for Claim Nos.
3   14824 and 14826 filed by Andrew E. Gelfand on behalf of
4   Canary Wharf Management Ltd., Heron Quays (HQ2) T2 Limited,
5   Heron Quays (HQ2) T1 Limited.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  Transcribed by:  Jamie Gallagher

```
 1   A P P E A R A N C E S :

 2   WEIL GOTSHAL & MANGES, LLP

 3        Attorneys for Debtor

 4        767 Fifth Avenue

 5        New York, NY 10153-0119

 6

 7   BY:  KEVIN F. MEADE, ESQ.

 8        ARIELLE S. GORDON, ESQ.

 9

10   WEIL GOTSHAL & MANGES, LLP

11        Attorneys for Debtor

12        1300 Eye Street, NW

13        Suite 900

14        Washington, D.C. 20005

15

16   BY:  PETER D. ISAKOFF, ESQ.

17

18   SULLIVAN & CROMWELL, LLP

19        Attorney for Canary Wharf Management Ltd., Heron Quays

20        (HQ2) T2 Limited, Heron Quays (HQ2) T1 Limited

21        125 Broad Street

22        New York, NY 10004

23

24   BY:  DAVID B. TULCHIN, ESQ.

25
```

Page 12

1   and going down the summary judgment path.
2             MR. ISAKOFF:  Well, I have a few things to say on
3   that and I appreciate that Mr. Tulchin described what he was
4   doing as a non-controversial description.  Frankly, it isn't
5   -- the way he put it is, if it's a -- is it a guaranty or is
6   it an indemnity?  Now, these words have -- are in English,
7   they have different meanings here than they do in England.
8   Our QC, who has written a treatise like this, and which has
9   gone through six editions on the law of guaranties, is a
10  true expert, and Your Honor would greatly benefit from
11  hearing him live.
12            So, while it may be that certain legal issues can
13  be determined in a summary judgment context, we believe, as
14  Mr. Tulchin did think until his expert's deposition was
15  taken, that the Court would benefit greatly from hearing
16  live testimony under Federal Rule of Civil Procedure 44.1,
17  which is picked up in the Bankruptcy Rules.  I think it's
18  9017.
19            THE COURT:  But you agree, though, that as the
20  facts have been described with respect to the termination of
21  the lease and the vacature of the property, et cetera, there
22  doesn't appear to be any dispute with respect to those
23  underlying facts, right?
24            MR. ISAKOFF:  Not those underlying facts.  I --
25  you know, until we've seen what it is that Mr. Tulchin wants

Page 13

```
 1   to put in a summary judgment motion, what issues, what facts
 2   he's claiming are undisputed, and so forth, it's -- I
 3   suspect that we will certainly oppose the summary judgment
 4   motion on the ground that they're wrong in the way they're
 5   reading the surety agreement.  It's not true that it's
 6   simply a matter of is it a guaranty versus an indemnity.
 7   And as I was starting to say, the -- while an indemnity need
 8   not necessarily be coextensive with the underlying
 9   obligation, in this case, a tenant's obligation, in fact
10   this one is, just on the language of the section that
11   they're relying on the fact that there is no obligation of
12   the surety once forfeiture has occurred is confirmed by the
13   other argument that they have made, which is under Section 7
14   of the surety agreement.  I will not go into that now, Your
15   Honor, except to say that there are numerous disputed facts
16   on that.  I suppose I --
17             THE COURT:  Can I interrupt you to ask you a
18   question?
19             MR. ISAKOFF:  Sure.
20             THE COURT:  So, if we do go down the summary
21   judgment path, which -- if we do go down the summary
22   judgment path, you will still have an opportunity to present
23   your view of the law.
24             MR. ISAKOFF:  Of course.  No, I -- we can't stop
25   him from moving for summary judgment, what I'm saying is --
```