# EXHIBIT 95

# Hill & Redman's Law of Landlord and Tenant

## Issue 92  March 2014

- Taking Control of Goods (Fees) Regulations 2014
- Taking Control of Goods Regulations 2013
- Mobile Homes (Site Rules) (England) Regulations 2014

> For a summary of the contents and inserting instructions for this issue, please see the pages which immediately follow this top sheet.
>
> If any part is missing, please refer to the Request for Missing Pages information which follows the checklist.

ISBN 978-1-4057-8496-2



9 781405 784962



Hill and Redman's Law of Landlord and Tenant/Division A General Law/Chapter 14 Determination of the tenancy/K Frustration, mistake and repudiation/3 Repudiation of leases

## 3 Repudiation of leases

[5105]

There is Court of Appeal authority for the proposition that a lease is not capable of determination by repudiation and acceptance[1]. A significant element of the court's reasoning was that a lease is not capable of determination by frustration. Therefore, contractual remedies available in other cases do not apply to the law of lease.

---

[1]  *Total Oil Great Britain Ltd v Thompson Garages (Biggin Hill) Ltd* [1972] 1 QB 318, [1971] 3 All ER 1226, CA.

[5106]

However, in *Hussein v Mehlman*[1], Stephen Sedley QC (as he then was) considered that the doctrine of repudiation did apply to a tenancy. He considered that the House of Lords decision in *National Freight Carriers v Panalpina*[2] showed that leases could be terminated by frustration, and that the House of Lords' decision in *United Scientific Holdings Ltd v Burnley Borough Council*[3] showed that the law of landlord and tenant was, essentially, the law of contract, with certain special requirements. These cases left the *Total Oil* case[4] unsupportable in law as a matter of principle, freeing him to consider it impliedly overruled. It is respectfully submitted that the reasoning of Sedley LJ (as he now is) is impeccable, and that a tenancy can be determined by a suitable act of repudiation[5]. Indeed, his decision has now been followed by the Court of Appeal (albeit without argument)[6] and by the High Court (following argument)[7].

---

[1]  [1992] 2 EGLR 87, sitting as an Assistant Recorder at Wood Green County Court.

[2]  [1981] AC 675, [1981] 1 All ER 161, HL.

[3]  [1978] AC 904, [1977] 2 All ER 62, HL.

[4]  *Total Oil Great Britain Ltd v Thompson Garages (Biggin Hill) Ltd* [1972] 1 QB 318, [1971] 3 All ER 1226, CA.

[5]  Indeed, his conclusions were supported by older authorities which may show that the law had, at an earlier stage, considered repudiation possible: *Edwards v Etherington* (1825) Ry & M 268; *Collins v Barrow* (1831) Mood & R 112; *Izon v Gorton* (1839) 5 Bing NC 501; *Arden v Pullen* (1842) 10 M & W 321; *Smith v Marrable* (1843) 11 M & W 5; *Wilson v Finch Hatton* (1877) 2 Ex D 336.

[6]  *Chartered Trust plc v Davies* [1997] 2 EGLR 83, CA.

[7]  *Nynehead Developments Ltd v RH Fibreboard Containers Ltd* [1999] 1 EGLR 7. See also *Dominion Corporate Trustees Ltd v Debenhams Properties Ltd* [2010] EWHC 1193 (Ch), in respect of an agreement for lease.

[5107]

However, there is one curious consequence of the law of repudiation applying to the law of landlord and tenant; the interaction with the law of forfeiture. If a tenant is in breach of his obligations under the lease, the landlord has the remedy of forfeiture, which crucially gives the tenant the right to seek relief from forfeiture. An unqualified application of the common law doctrine of repudiation to a lease would seem to deny the tenant access to this right to seek the indulgence of the courts to relieve it of the consequences of a breach of covenant. It may be that the policy considerations underlying this apparent paradox are simply that a tenant who breaches his obligations to the extent that the lease is repudiated should not have access to the right to seek relief from forfeiture. If so, this is a new departure, as the right to seek relief, as a discretionary remedy, has never previously been said to be so circumscribed[1]. It is respectfully submitted (without the benefit of authority) that a better answer may be that, where a

lease reserves to the landlord the right to re-enter for breach of covenant, the landlord elects not to use his common-law rights to repudiate for any breach of covenant, which would otherwise prevent the tenant from seeking relief.

---

[1] This analysis also sits uneasily with the courts' current approach to construing contractual provisions which entitle one party to terminate a contract by reason of a breach by the other party thereto. These are generally construed as only being effective if the breach relied upon is of sufficient severity to justify acceptance of a repudiation of the contract: see *Dominion Corporate Trustees Ltd v Debenhams Properties Ltd [2010] EWHC 1193 (Ch)*. By contrast, it is well established that a landlord may forfeit for the most trivial of breaches, although he may find himself paying the costs of any action where the tenant succeeds in getting relief: see further para HR A [4986].

## (a)   What is repudiation?

### [5108]

Repudiation of a contract takes place where one party to a contract, whether by his words or conduct, communicates to the other party to the contract that he no longer intends to be bound by the contract, usually by committing a major breach of a significant contractual obligation. The 'innocent' party may seek to have the contract performed, and the breach rectified, or may accept the repudiation and treat the contract as at an end[1]. The innocent party's choice is unfettered, although he cannot change his mind once he elects to accept a repudiation or affirm the contract[2]. If the repudiation is accepted, both parties are discharged from further performance of the contract, but the party accepting the repudiation may sue the repudiator for damages occasioned by the repudiation[3]. The repudiator may not sue the innocent party for any losses consequential upon the innocent party's acceptance of the breach as repudiatory, unless it is held that the breach was not sufficiently severe to be repudiatory.

---

[1]   *Mersey Steel & Iron Co v Naylor Benzon & Co (1884) 9 App Cas 434, HL*.

[2]   *Payman v Lanjani [1985] Ch 457, CA*.

[3]   *Mersey Steel & Iron Co v Naylor Benzon & Co (1884) 9 App Cas 434, HL*.

### [5109]

Not every breach of a contract will amount to a repudiatory breach. The breach must be one which, by its nature, communicates an intention no longer to be bound by the contract. Where a contract contains only one obligation on the part of each party (say to supply a single ascertained item and to pay the agreed price for it) the effect of a total failure to perform is obvious. Where, however, there is a failure to perform one of many obligations, the matter is more difficult. Essentially, the court has to look to the significance of the term breached and the enormity of the breach in order to decide whether or not the effect of the breach is sufficient to repudiate the contract as a whole[1]. The question is akin to the closely-related area of fundamental breach: indeed some cases treat the terms interchangeably. The question is often posed thus in the cases: does the breach go to the root of the contract[2]? At present, all that can be said in the context of the English law of landlord and tenant is that the following may constitute a repudiatory breach:

   (a)   serious breaches by the landlord of his implied repairing obligations[3];
   (b)   serious breaches by the landlord of his covenant not to derogate from grant[4];
   (c)   but, by contrast, minor derogations from grant or poor management of the estate on which the premises are situate are not sufficient to repudiate a lease[5].

---

[1]   *Federal Commerce and Navigation Co Ltd v Molena Alpha Inc [1979] AC 757, HL; Woodar Investment Development Ltd v Wimpey Construction (UK) Ltd [1980] 1 WLR 277, HL*.

[2]   See, for example, *Bentsen v Taylor, Sons & Co (No 2) [1893] 2 QB 274, CA; Dero-Wall International SA v Practitioners in Marketing [1971] 1 WLR 361, 374 per Sachs LJ*.

[3]   *Hussein v Mehlman [1992] 2 EGLR 87, county court*.

[4] *Chartered Trust plc v Davies [1997] 2 EGLR 83, CA.*

[5] *Nynehead Developments Ltd v RH Fibreboard Containers Ltd [1999] 1 EGLR 7.*