JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, Colorado 80202
Telephone: (303) 573-1600
Facsimile: (303) 573-8133
Michael A. Rollin
Maritza Dominguez Braswell (*pro hac vice pending*)

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                   :
**In re**                                                          :   **Chapter 11 Case No.**
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*                        :   **08-13555 (SCC)**
                                                                   :
                                            **Debtors.**           :   **(Jointly Administered)**
                                                                   :
-------------------------------------------------------------------x

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

**SUPPLEMENTAL OBJECTION AND REPLY**
**IN FURTHER SUPPORT OF OBJECTION TO PROOF**
**OF CLAIM NO. 33325 FILED BY ARTHUR A. AND JOANNE BOOR**

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan"), on behalf of BNC Mortgage, LLC ("BNC"), files this supplemental objection and reply (the "Supplemental Objection & Reply") to the response (the "Response"), ECF. Nos. 40991 and 40992 filed by Arthur A. and Joanne Boor (the "Boors" or "Claimants") opposing the Plan Administrator's Objection to Proof of Claim 33325 ("Objection"), ECF. No. 40292 and respectfully states as follows:

**PRELIMINARY STATEMENT**

Prior to BNC's bankruptcy filing, the Claimants commenced a state court action seeking:

{JK00607520.1 }

(i) rescission of the mortgage originated by BNC, (ii) compensatory damages of $500,000 and attorneys' fees, and (iii) $1,000,000 in punitive damages. *See Arthur A. Boor & Joanne Boor v. BNC Mortgage, Inc.*, Index No. 8302/2005 (N.Y. Sup. Ct. Kings County) (the "New York State Action"). The New York State Action was stayed pursuant to section 362(a) of the Bankruptcy Code.

The Claimants filed a proof of claim in the amount of $245,000.00 to preserve their claims in the New York State Action. The Plan Administrator filed an Objection to that proof of claim.[1] The Claimants then filed a Response, which stated that, "the claims for punitive and compensatory damages are withdrawn, so that there is no longer pending an action at law." Response at ¶ 7. Thus, the Boors only remaining claim against BNC is an equitable claim for rescission.

Since that Objection was filed, the Plan Administrator learned that BNC no longer owns the note at issue. *See* Katz Decl. at ¶¶ 4 and 5. Thus, a claim for rescission cannot lie against BNC. Accordingly, the Plan Administrator hereby supplements its previous Objection to include this new and additional ground for dismissal.

Because the Claimants' only remaining claim against BNC is an equitable claim for rescission that fails as a matter of law, the Plan Administrator respectfully requests that the pending claim against BNC be disallowed and expunged. To the extent the Boors wish to pursue an equitable claim for rescission they may be able to do so against the current holder, not BNC.

---

[1] The Plan Administrator incorporates by reference each of the arguments made in that Objection as if fully set forth herein.

{JK00607520.1}

## ARGUMENT

**Claimant Does Not Have a Rescission Claim Against BNC Because BNC No Longer Holds the Note**

Even if Claimants were entitled to rescission of the subject mortgage loan (and as set forth in the initial Objection, they are not), that equitable claim for relief cannot lie against BNC. An equitable claim for rescission is unavailable against a party that no longer possesses any interest in the subject loan. *See Karakus v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 318, 325 (E.D.N.Y. 2013).

In *Karakus*, the plaintiff borrowers claimed TILA violations by the mortgage lender, Wells Fargo, and on that basis purported to rescind the loan. However, Wells Fargo assigned its interest in the loan to Deutsche Bank. In light of that assignment, the court held, "Deutsche Bank is the only party that can be ordered to remove the lien on [plaintiffs'] home." It further held, "Wells Fargo, by the same token, is dismissed from the case, since it no longer possesses any interest in that loan." *Id.*

Here, like in *Karakus*, BNC no longer has an interest in the subject loan. The Lehman Estate sold the loan in September, 2013 as part of its ordinary administration of the Estate. *See* Katz Decl. at ¶¶ 4 and 5. In light of that assignment, the current owner is the only party that can be ordered to rescind. By that same token, the claim against BNC should be disallowed because BNC no longer possesses any interest in that loan.

## CONCLUSION

For the reasons set forth herein and in the Plan Administrator's initial Objection, the Plan Administrator respectfully requests that this Court disallow and expunge the pending claim.

//

//

{JK00607520.1}

Dated: August 5, 2014
       Denver, Colorado

/s/ Michael A. Rollin
Michael A. Rollin
Maritza Dominguez Braswell (*pro hac vice pending*)
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, Colorado 80202
Telephone: (303) 573-1600
Facsimile: (303) 573-8133

Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates