Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,　　　Case No. 08-13555 (JMP)
　　　　　　　　　　　　　　　　　　　　　　　　(Jointly Administered)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee | Name of Transferor |
|---|---|
| Deutsche Bank AG, London Branch | Monarch Debt Recovery Master Fund Ltd |

Name and Address where notices to transferee should be sent:

Deutsche Bank AG, London Branch
Winchester House, 1 Great Winchester Street
London EC2N 2DB
Tel: +44 20 7547 3330
Fax: +44 113 336 2010
Attention: Simon Glennie
E-mail: simon.glennie@db.com

Court Claim # (if known): 63112

Amount of Claim (transferred):

€ 2,172,000.00 in principal amount of ISIN CH0027120903 (plus all interest, costs and fees relating to this claim)
Allowed Claim Amount being transferred: USD 3,082,297.74

Date Claim Filed: November 2, 2009

Tel: N/A

Last Four Digits of Acct. #: N/A　　　Last Four Digits of Acct. #: N/A

Name and Address where transferee payments should be sent (if different from above):

Tel: +44 20 7547 2400
Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____　　　Date: 5 AUGUST 2014
　　Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Jamie Foote
Vice President

Simon Glennie
Vice President

Confidential

*FULL Transfer of LBHI Claim # 63112*
*PROGRAM SECURITY*

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Monarch Debt Recovery Master Fund Ltd** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Deutsche Bank AG, London Branch** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 hereto (the "Purchased Portion"), in Seller's right, title and interest in and to Proof of Claim Number 63112 filed by or on behalf of Seller (a copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion (other than the Retained Distributions (as defined below)) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (other than the Retained Distributions (as defined below)) (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors holding claims of the same class and type as the Purchased Portion; (g) the Transferred Claims are Class 5 Senior Third Party Guarantee Claims; and (h) on April 17, 2012 Seller received the first distribution relating to the Transferred Claims totaling the amount of $ 111,247.18 (the "**First LBHI Distribution**"), on October 1, 2012 Seller received the second distribution relating to the Transferred Claims totaling the amount of $75,071.79 (the "**Second LBHI Distribution**"), on April 4, 2013 Seller received the third distribution relating to the Transferred Claims totaling the amount of $94,821.18 (the "**Third LBHI Distribution**"), on October 3, 2013 Seller received the fourth distribution relating to the Transferred Claims totaling the amount of $112,421.16 (the "**Fourth LBHI Distribution**"), on April 3, 2014 Seller received the fifth distribution relating to the Transferred Claims totaling the amount of $122,115.58 (the "**Fifth LBHI Distribution**") and Seller has received a distribution paid on or about May 8, 2013 in the amount of €255,739.17 (the "**First Treasury BV Distribution**"), a distribution paid on or about October 28, 2013 in the amount of €100,188.29 (the "**Second Treasury BV Distribution**") and a distribution paid on or about April 28, 2014 in the amount of €107,682.52 (the "**Third Treasury BV Distribution**") by Lehman Brothers Treasury Co. B.V., with respect to the securities relating to the Transferred Claims (the First LBHI Distribution, the Second LBHI Distribution, the Third LBHI Distribution and the First Treasury BV Distribution together, the "**Retained Distributions**").

Confidential

DB Ref: 13644 (63112 MDRMF)

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser (other than the Retained Distributions). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 5th day of August 2014.

**MONARCH DEBT RECOVERY MASTER FUND LTD**
by: Monarch Alternative Capital LP
Its: Advisor

By: _____
Name: Christopher Santana
Title: Managing Principal

Monarch Debt Recovery Master Fund Ltd
c/o Monarch Alternative Capital LP
535 Madison Avenue, 26th Floor
New York NY 10022
Attn: Michael Gillin
Phone: (212) 554-1743
Fax: (866) 741-3564
Email: fundops@monarchlp.com

**DEUTSCHE BANK AG, LONDON BRANCH**

By: _____
Name:
Title:

Jamie Foote
Vice President

Simon Glennie
Vice President

Winchester House
1, Great Winchester Street
London EC2N 2DB
ENGLAND
Attn: Michael Sutton

DB Ref: 13644 (63112 MDRMF)

Confidential

Schedule 1

Transferred Claims

Purchased Portion

100.00 % of the claim that is referenced in the Proof of Claim (a copy of which is attached at Schedule 2) and relating to the Purchased Security described below (plus all interest, costs and fees relating to this claim).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Maturity | Allowed Amount (in USD) |
|---|---|---|---|---|---|---|---|
| SWX008 | CH0027120903 | 6058507 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings, Inc. | EUR 2,172,000.00 | 3/23/2010 | USD 3,082,297.74 |

ConfidentialSchedule 1–1

DB Ref: 13644 (63112 MDRMF)

Schedule 2

Copy of Proof of Claim 63112

Confidential Schedule 1-1

DB Ref: 13644 (63112 MDRMF)

| United States Bankruptcy Court/Southern District of New York | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)  0000063112 |
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)
Monarch Debt Recovery Master Fund Ltd
c/o Monarch Alternative Capital LP
Attn. Michael Gillin
535 Madison Avenue
New York, NY 10022

With Notice:
Michael J. Kelly, Esq.
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019

Telephone number: 212.554.1743    Email Address: michael.gillin@monarchlp.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $ See Attachment A    (Required)**

X   Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN): See Attachment A    (Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

See Attachment A    (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

See Attachment A    (Required)

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date. | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Christopher Santana<br>Managing Principal | FOR COURT USE ONLY<br><br>FILED / RECEIVED<br><br>NOV 02 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

In re Lehman Brothers Holdings Inc.

Case No. 08-13555 (JMP) (Jointly Administered)

Attachment A

Items 1 and 2:

    A.    <u>Amount of Claim as of Date Case Filed</u>.

The total amount of the Claim (as defined below) as of commencement of these cases (the "Petition Date") is in an amount that is as yet undetermined, but totals at least €2,172,000.00. Monarch Debt Recovery Master Fund Ltd ("Claimant") asserts that any amounts due pursuant to this proof of claim should be converted from Euros into U.S. Dollars at a rate of 1.42430, which reflects the exchange rate as of the Petition Date, as reported by Bloomberg Finance, L.P. Hence, Claimant asserts claims in an amount of at least $3,093,579.60. The Claim includes, but is not limited to, all amounts of principal, interest and other charges, fees or penalties due and unpaid under the relevant indentures and other agreements relating to the issuance of the Notes (as defined herein), including amounts due in connection with an "Event of Default" as defined under those agreements. The Claim was incurred as of the date of Claimant's purchase of the Notes and thereafter. In addition to the foregoing, interest continues to accrue from the Petition Date through the date of payment of the Claim at the rate provided for in the aforementioned agreements, plus additional legal fees and expenses incurred to date in an amount to be determined.

    B.    <u>Basis for Claim</u>.

This Claim arises from Claimant's status as a holder of €2,172,000.00 of notes issued by Lehman Brothers Treasury Co. B.V. ("Issuer") due March 23, 2010, with PB ISIN # CH0027120903 (the "Notes"), and guaranteed by Lehman Brothers Holdings Inc. ("LBHI"). In addition, this Claim arises from the Unanimous Written Consent of the Executive Committee of the Board of Directors (the "Corporate Guarantee"), dated June 9, 2005, of LBHI pursuant to which LBHI resolved to fully guarantee the payment of all liabilities, obligations and commitments of certain of its subsidiaries, including, without limitation, Issuer.

Claimant hereby asserts against LBHI the following claims (collectively, the "Claim"):

1. Any and all claims, rights and/or remedies Claimant may have in connection with its status as the holder of the Notes or the Corporate Guarantee.

2. Any and all other claims, rights and/or remedies Claimant has or may have arising in law or equity, including but, not limited to, claims for breach of contract, specific performance, indemnification, contribution, rescission, fraud, fraudulent inducement, fraudulent conveyance, misrepresentation, reimbursement and/or subrogation related to, or arising from or on account of any and all past, present or future litigations, actions or transactions by or among or involving Claimant, Issuer, LBHI and/or any of their respective affiliates, predecessors, successors or

5221273.1

        assigns, arising as a matter of law or equity based upon or relating to, among other things, the Notes or the Corporate Guarantee.

3.     Any and all other claims: (i) under applicable law or equity; and/or (ii) arising in, in connection with and/or related to any and all transactions and/or transfers between or involving Claimant or Issuer, including, but not limited to, any and all written or oral contract, pledge, security interest, lease, guaranty, indemnity, contribution, fiduciary obligation, trust, quasi-contract, property, replevin, conversion, misrepresentation, set off or fraud.

4.     To the extent permitted under the indenture and other agreements related to the issuance of the Notes, all legal fees and out-of-pocket expenses incurred by Claimant due to an Event of Default or the exercise of other remedies under the indentures or other agreements related to the issuance of the Notes, involving Claimant, Issuer, LBHI and/or any of their respective affiliates, successors, predecessors or assigns.

Item 3:

<u>Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:</u>  6058507

Item 4:

<u>Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:</u>  92892

## RESERVATION OF RIGHTS

1.     Claimant reserves the right to: (a) amend, clarify, modify, update or supplement this proof of claim at any time and in any respect, including without limitation to assert additional claims or additional grounds for its claim and/or to specify the amount of any contingent, unmatured or unliquidated claim as they become non-contingent, matured and/or liquidated; (b) file additional proofs of claim at any time and in any respect; and (c) file a request for payment of administrative priority expenses in accordance with 11 U.S.C. §§ 503(b) and 507(a).

2.     Claimant reserves the right to attach or bring forth additional documents supporting its claims and additional documents that may become available after further investigation and discovery.

3.     To the extent that Claimant has or may have a right to subrogation under 11 U.S.C. § 509 or any other equitable claim under common law against LBHI, Claimant expressly preserves such rights.

4.     By filing this proof of claim, Claimant does not waive, and specifically preserves, its respective procedural and substantive defenses to any claim that may be asserted against Claimant by LBHI, by any trustee of LBHI's estate, by any official committee appointed in these cases or by any other party or group.

5221273.1

5. Claimant further reserves the right to file proofs of claim for administrative expenses, other claims entitled to priority, proofs of interest and proofs of claim against other parties, including but not limited to affiliated debtors.

6. Claimant is continuing to investigate the elements of its Claim and this proof of claim is filed under the compulsion of the *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form*, dated July 2, 2009. Accordingly, this proof of claim is a protective proof of claim and is filed to protect Claimant from potential forfeiture of any and all rights against LBHI. The filing of this proof of claim shall not constitute: (a) a waiver or release of the rights of Claimant against LBHI or any other person or property; (b) a waiver of the right of Claimant to contest the jurisdiction of the United States Bankruptcy Court for the Southern District of New York with respect to the subject matter of the Claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant; or (c) an election of remedies or choice of law.

7. This proof of claim shall not be deemed to be a waiver of Claimant's rights to: (a) have final orders in noncore matters entered only after *de novo* review by a district court judge; (b) trial by a jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases; (c) have a District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal; (d) arbitrate existing or future claims or disputes; or (e) any other rights, claims, actions, defenses, set-offs or recoupments to which Claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses, set-offs and recoupments Claimant expressly reserves.

# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

October 30, 2009

**VIA FEDEX**

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017

Re:   In re Lehman Brothers Holdings Inc. - Case No. 08-13555 (JMP)

To Whom it May Concern:

Please find enclosed for filing thirteen (13) original proofs of claim submitted on behalf of the following claimant:

- Monarch Debt Recovery Master Fund Ltd

Additionally, enclosed herewith are thirteen (13) copies of the proofs of claim. Please file-stamp and return to me each of the thirteen (13) copies of the proofs of claim using the enclosed self-addressed, stamped envelope.

Thank you in advance for your attention to this matter. Please feel free to contact me (212-728-3881) or Brian Weinberger, Esq. (212-728-8841) should you have any questions.

Very truly yours,

Elizabeth Bubriski
Bankruptcy Legal Assistant

Enclosures

