Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,    Case No. 08-13555 (JMP)
(Jointly Administered)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee

Deutsche Bank AG, London Branch

Name of Transferor

Monarch Capital Master Partners II-A LP

Name and Address where notices to transferee should be sent:

Deutsche Bank AG, London Branch
Winchester House, 1 Great Winchester Street
London EC2N 2DB
Tel: +44 20 7547 3330
Fax: +44 113 336 2010
Attention: Simon Glennie
E-mail: simon.glennie@db.com

Court Claim # (if known): 66962

Amount of Claim (transferred):

USD 188,000.00 in principal amount of ISIN XS0234511821 (plus all interest, costs and fees relating to this claim)
Allowed Claim Amount being transferred: USD 188,000.00

Date Claim Filed: July 28, 2010

Tel: N/A

Last Four Digits of Acct. #:  N/A

Last Four Digits of Acct. #:  N/A

Name and Address where transferee payments should be sent (if different from above):

Tel: +44 20 7547 2400
Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: 5 AUGUST 2014
Transferee/Transferee's Agent
Simon Glennie
Vice President

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Jamie Foote
Vice President

Confidential

*PARTIAL Transfer of LBHI Claim # 66962*
*PROGRAM SECURITY*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Monarch Capital Master Partners II-A LP** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Deutsche Bank AG, London Branch** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 hereto (the "Purchased Portion"), in Seller's right, title and interest in and to Proof of Claim Number 66962 filed by or on behalf of one of Seller's predecessors-in-title (a copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion (other than the Retained Distributions (as defined below)) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (other than the Retained Distributions (as defined below)) (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors holding claims of the same class and type as the Purchased Portion; (g) the Transferred Claims are Class 5 Senior Third Party Guarantee Claims; and (h) on April 17, 2012 Seller received the first distribution relating to the Transferred Claims totaling the amount of $ 6,785.35 (the "**First LBHI Distribution**"), on October 1, 2012 Seller received the second distribution relating to the Transferred Claims totaling the amount of $4,578.88 (the "**Second LBHI Distribution**"), on April 4, 2013 Seller received the third distribution relating to the Transferred Claims totaling the amount of $5,783.47 (the "**Third LBHI Distribution**"), on October 3, 2013 Seller received the fourth distribution relating to the Transferred Claims totaling the amount of $6,856.95 (the "**Fourth LBHI Distribution**"), on April 3, 2014 Seller received the fifth distribution relating to the Transferred Claims totaling the amount of $7,448.25 (the "**Fifth LBHI Distribution**") and Seller has received a distribution paid on or about May 8, 2013 in the amount of $20,843.88 (the "**First Treasury BV Distribution**"), a distribution paid on or about October 28, 2013 in the amount of $8,482.60 (the "**Second Treasury BV Distribution**") and a distribution paid on or about April 28, 2014 in the amount of $9,184.34 (the "**Third Treasury BV Distribution**") by Lehman Brothers Treasury Co. B.V., with respect to the securities relating to the Transferred Claims (the First LBHI Distribution, the Second LBHI Distribution, the Third LBHI Distribution and the First Treasury BV Distribution

DB Ref: 13644 (66962 MCMPII-A
(XS0234511821))                                  Confidential

together, the "**Retained Distributions**").

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser (other than the Retained Distributions). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 5th day of August 2014.

**MONARCH CAPITAL MASTER PARTNERS II-A LP**
By: Monarch Alternative Capital LP
Its: Advisor

By: _____
Name: Christopher Santana
Title: Managing Principal

Monarch Capital Master Partners II-A LP
c/o Monarch Alternative Capital LP
535 Madison Avenue, 26th Floor
New York NY 10022
Attn: Michael Gillin
Phone: (212) 554-1743
Fax: (866) 741-3564
Email: fundops@monarchlp.com

**DEUTSCHE BANK AG, LONDON BRANCH**

By: _____
Name: Jamie Foote / Simon Glennie
Title: Vice President / Vice President

Winchester House
1, Great Winchester Street
London EC2N 2DB
ENGLAND
Attn: Michael Sutton

DB Ref: 13644 (66962 MCMPII-A (XS0234511821))

Confidential

Schedule 1

Transferred Claims

Purchased Portion

5.8024% of the claim that is referenced in line item number 6 of the Proof of Claim (as highlighted in the copy of which is attached at Schedule 2) and relating to the Purchased Security described below (plus all interest, costs and fees relating to this claim).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Maturity | Allowed Amount (in USD) |
|---|---|---|---|---|---|---|---|
| MTN3377 | XS0234511821 | 6051310 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings, Inc. | USD 188,000.00 | 11/21/2010 | USD 188,000.00 |

Confidential Schedule 1-1

DB Ref: 13644 (66962 MCMPII-A (XS0234511821))

Schedule 2

Copy of Proof of Claim 66962

Confidential Schedule 1-1

DB Ref: 13644 (66962 MCMPII-A (XS0234511821))

| United States Bankruptcy Court/Southern District of New York | LEHMAN SECURITIES PROGRAMS |
|---|---|
| Lehman Brothers Holdings Claims Processing Center | PROOF OF CLAIM |
| c/o Epiq Bankruptcy Solutions, LLC | |
| FDR Station, P.O. Box 5076 | |
| New York, NY 10150-5076 | |

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al., | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)         0000066962

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009.

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Banco Banif, S.A.
Attention: Ms. Cristina Porres de Mateo / Ms. Elena Díaz Latorre
Paseo de la Castellana, 53
28046 Madrid, Spain

Telephone number: +34 915208500   Email Address: cporresd@banif.es / ediaz@banif.es

☒ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 51582
(If known)

Filed on: October 28, 2009

**Name and address where payment should be sent** (if different from above):

Account number: ES7400863206190010111022
Banco Banif, S.A.
Paseo de la Castellana 53, 28046, Madrid, Spain

Telephone number:       Email Address:

JUL 26 2010

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $657,432,812.50 in principal plus unliquidated interest**

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** See attached Addendum to Amended Proof of Claim.

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

See attached Addendum to Amended Proof of Claim.

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

See attached Addendum to Amended Proof of Claim.

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions

FOR COURT USE ONLY

Date: July 15, 2010.

Signature: [signature]

Mr. Vincent J. Roldán, as Attorney. See attached Addendum to Proof of Claim for additional information.

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150-5076

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

### INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

EAST\42117615.4

## ADDENDUM TO AMENDED PROOF OF CLAIM

This amended proof of claim is filed in the chapter 11 case of Lehman Brothers Holdings Inc., (the "Debtor"), Case No. 08-13555 (JMP), by Banco Banif, S.A. ("Claimant").

Claimant's address is set forth on the first page of this proof of claim. Any notice relating to this proof of claim should be sent to such address with additional copies to be sent to the following addresses:

DLA Piper Spain S.L.
Paseo de la Castellana, 35-2
28046 Madrid, Spain
Attention: María Segimón, Esq.

With an additional copy to:

DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Attention: William M. Goldman, Esq./
Vincent J. Roldan

This amended proof of claim is filed in connection with Lehman Programs Securities as that term is defined in that certain July 2, 2009 order establishing the deadline for filing proofs of claim (the "Bar Date Order"). As such, and pursuant to the express provisions of the Bar Date Order, no documentation supporting this proof of claim is attached.

This amended proof of claim amends Claim #51582 by adding the principal amounts as of September 15, 2008 to the proof of claim. Claimant is the record holder of Lehman Programs Securities in the aggregate principal amount of USD 657,432,812.50, which consist in part of the US Dollar equivalent as of September 15, 2008 of the claims covered hereby. Lehman Brothers Holdings Inc. ("LBHI") either issued, or guaranteed the full and punctual payment of all obligations related to the Lehman Programs Securities and thus is liable to Claimant for all obligations related thereto. LBHI therefore remains liable to Claimant for no less than USD 657,432,812.50 in principal together with any accrued and unpaid interest.

The principal amounts for securities denominated in Euros are converted to U.S. dollars using the September 15, 2008 exchange rate posted by the Federal Reserve Bank of New York, which is EUR 1.00 = USD 1.4175. In addition to the principal amounts set forth below, Claimant is owed additional amounts calculated in accordance with other documents relating to the applicable Lehman Programs Security. Claimant is presently unable to calculate the amount of interest due in connection with the Lehman Programs Securities covered by this proof of claim and, therefore, this proof of claim asserts an unliquidated amount of interest for all ISINs listed below.

The following chart shows each Lehman Programs Security to which this claim relates, the depository blocking reference number, the depository participant account number, the currency, the principal amounts and the total amount owed to Claimant in U.S. Dollars as of September 15, 2008.

| ISIN | Blocking Reference # | Depository Participant Account Number | Currency | Principal Amount | Total Amount in U.S. Dollars as of September 15, 2008* |
|---|---|---|---|---|---|
| XS0219677423 | 6049355 | EUROCLEAR # 96010 | EUR | 1,500,000 | 2,126,250 |

EAST\42117615.4

| ISIN | Blocking Reference # | Depository Participant Account Number | Currency | Principal Amount | Total Amount in U.S. Dollars as of September 15, 2008* |
|---|---|---|---|---|---|
| XS0221419459 | 6051306 | EUROCLEAR # 96010 | USD | 5,570,000 | 5,570,000 |
| XS0222198631 | 6051307 | EUROCLEAR # 96010 | USD | 600,000 | 600,000 |
| XS0225471431 | 6051308 | EUROCLEAR # 96010 | EUR | 1,100,000 | 1,559,250 |
| XS0234198587 | 6051309 | EUROCLEAR # 96010 | EUR | 3,500,000 | 4,961,250 |
| XS0234511821 | 6051310 | EUROCLEAR # 96010 | USD | 3,240,000 | 3,240,000 |
| XS0241359180 | 6051311 | EUROCLEAR # 96010 | USD | 3,205,000 | 3,205,000 |
| XS0241421089 | 6051312 | EUROCLEAR # 96010 | EUR | 41,579,000 | 58,938,232.50 |
| XS0244837547 | 6051331 | EUROCLEAR # 96010 | EUR | 1,600,000 | 2,268,000 |
| XS0247687162 | 6051332 | EUROCLEAR # 96010 | EUR | 28,932,000 | 41,011,110 |
| XS0247770067 | 6051333 | EUROCLEAR # 96010 | EUR | 1,810,000 | 2,565,675 |
| XS0247984965 | 6051334 | EUROCLEAR # 96010 | EUR | 2,500,000 | 3,543,750 |
| XS0278126510 | 6051335 | EUROCLEAR # 96010 | EUR | 2,550,000 | 3,614,625 |
| XS0282208049 | 6051338 | EUROCLEAR # 96010 | EUR | 17,269,000 | 24,478,807.50 |
| XS0283174927 | 6051339 | EUROCLEAR # 96010 | EUR | 3,050,000 | 4,323,375 |
| XS0283820065 | 6051352 | EUROCLEAR # 96010 | EUR | 4,310,000 | 6,109,425 |
| XS0284162533 | 6051353 | EUROCLEAR # 96010 | EUR | 9,270,000 | 13,140,225 |
| XS0284511994 | 6051354 | EUROCLEAR # 96010 | EUR | 61,950,000 | 87,814,125 |
| XS0284892261 | 6051355 | EUROCLEAR # 96010 | EUR | 2,850,000 | 4,039,875 |
| XS0286531156 | 6059915 | EUROCLEAR # 96010 | EUR | 33,690,000 | 47,755,575 |
| XS0287160104 | 6051356 | EUROCLEAR # 96010 | EUR | 3,160,000 | 4,479,300 |
| XS0287443237 | 6051357 | EUROCLEAR # 96010 | EUR | 3,000,000 | 4,252,500 |
| XS0278266951 | 6051762 | EUROCLEAR # 96010 | EUR | 4,260,000 | 6,038,550 |
| XS0279675150 | 6051763 | EUROCLEAR # 96010 | EUR | 2,390,000 | 3,387,825 |
| XS0288035164 | 6051849 | EUROCLEAR # 96010 | EUR | 3,400,000 | 4,819,500 |
| XS0288341448 | 6051851 | EUROCLEAR # 96010 | EUR | 9,070,000 | 12,856,725 |
| XS0289253287 | 6051852 | EUROCLEAR # 96010 | EUR | 5,090,000 | 7,215,075 |
| XS0289261546 | 6051853 | EUROCLEAR # 96010 | USD | 250,000 | 250,000 |
| XS0290250454 | 6051854 | EUROCLEAR # 96010 | EUR | 2,650,000 | 3,756,375 |
| XS0290251007 | 6051855 | EUROCLEAR # 96010 | EUR | 11,510,000 | 16,315,425 |
| XS0291347234 | 6051857 | EUROCLEAR # 96010 | EUR | 3,200,000 | 4,536,000 |
| XS0293628748 | 6051858 | EUROCLEAR # 96010 | EUR | 27,060,000 | 38,357,550 |
| XS0294778336 | 6051859 | EUROCLEAR # 96010 | EUR | 3,000,000 | 4,252,500 |
| XS0297155136 | 6051984 | EUROCLEAR # 96010 | EUR | 3,600,000 | 5,103,000 |

EAST\47117615.4

| ISIN | Blocking Reference # | Depository Participant Account Number | Currency | Principal Amount | Total Amount in U.S. Dollars as of September 15, 2008* |
|---|---|---|---|---|---|
| XS0297155565 | 6051985 | EUROCLEAR # 96010 | EUR | 52,140,000 | 73,908,450 |
| XS0303838006 | 6051986 | EUROCLEAR # 96010 | EUR | 5,870,000 | 8,320,725 |
| XS0314763052 | 6051987 | EUROCLEAR # 96010 | EUR | 6,667,000 | 9,450,472.50 |
| XS0326264750 | 6051988 | EUROCLEAR # 96010 | EUR | 908,000 | 1,287,090 |
| XS0326999959 | 6051989 | EUROCLEAR # 96010 | EUR | 85,605,000 | 121,345,087.50 |
| XS0327398656 | 6051990 | EUROCLEAR # 96010 | USD | 1,200,000 | 1,200,000 |
| XS0335346556 | 6051991 | EUROCLEAR # 96010 | EUR | 1,250,000 | 1,771,875 |
| XS0335758586 | 6051992 | EUROCLEAR # 96010 | EUR | 885,000 | 1,254,487.50 |
| XS0342236295 | 6051994 | EUROCLEAR # 96010 | EUR | 900,000 | 1,275,750 |
| XS0350105135 | 6051995 | EUROCLEAR # 96010 | EUR | 800,000 | 1,134,000 |
| Total | | | | | 657,432,812.50 |

Reservation of Rights

No judgment has been entered on any portion of the proof of claim.

The amounts of all payments on the claim have been credited and deducted for the purpose of making this proof of claim.

Claimant hereby reserves the right to assert further, additional and amended claims.

By executing and filing this proof of claim, Claimant, is not (i) waiving or releasing Claimant's rights against any other entity or person or (ii) electing a remedy which waives or otherwise affects any other remedy of Claimant.

Claimant, in executing and filing this proof of claim, does not waive any right to any security, collateral or share thereof to which it may be entitled or any right to claim specific assets or any other right or rights that it has or may have against the Debtor or any other person or persons, and expressly reserves the right to amend or supplement this proof of claim in any respect and to file additional proofs of claim for additional claims.

**H A N D   D E L I V E R Y**



RECEIVED BY: _Mary Pucci_   DATE: JUL 2 8 2010   TIME: 10:47 am

EPIQ BANKRUPTCY SOLUTIONS, LLC