EXECUTION COPY

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
In re:                                                                   :   Chapter 11
                                                                         :   Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., et al.,                                   :
                                                                         :
                                                                         :
                    Debtors.                                             :
------------------------------------------------------------------------ X

**TOLLING AGREEMENT AND STIPULATED ORDER RELATING TO
FRAUDULENT TRANSFER CLAIMS OF INDIVIDUAL LBHI CREDITORS**

This Tolling Agreement and Stipulated Order is entered into by and among Lehman Brothers Holdings Inc. ("LBHI") and JPMorgan Chase Bank, N.A. ("JPMorgan") to resolve JPMorgan's potential objections to the motion (Docket No. 45406) (the "Motion")[1] of Lehman Brothers Holdings Inc. ("LBHI"), for entry of an order determining that: (i) the automatic stay (the "Bankruptcy Stay") imposed by 11 U.S.C § 362(a) remains in full force and effect and precludes individual creditors of LBHI from commencing state law constructive fraudulent conveyance claims (the "SLCFC Claims") against JPMorgan until such time as the stay is lifted; (ii) the deadline for individual creditors to commence their SLCFC Claims against JPMorgan is tolled by applicable state law in light of the Bankruptcy Stay; (iii) section 108(c) of the Bankruptcy Code preserves individual creditors' SLCFC Claims against JPMorgan until 30 days after the expiration or termination of the Bankruptcy Stay; (iv) LBHI retains the exclusive power to settle all of its timely commenced avoidance actions pending expiration or termination of the Bankruptcy Stay; or (v) in the alternative, granting individual creditors limited relief from

---

[1]   All capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion.

the Bankruptcy Stay solely to permit one or more such creditors to file a complaint asserting SLCFC Claims against JPMorgan, on certain conditions.

### Recitals

WHEREAS, on May 26, 2010, LBHI and the Official Committee of Unsecured Creditors (the "Committee") commenced an adversary proceeding against JPMorgan (the "Estate Avoidance Action"), and on September 15, 2010, filed an Amended Complaint (the "First Amended Complaint") in the Estate Avoidance Action;

WHEREAS, the First Amended Complaint consists of forty-nine separate causes of action, and asserts, among other things, that certain agreements and transfers may be avoided as (1) actual-intent fraudulent transfers pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (2) constructive fraudulent transfers pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (3) constructive fraudulent transfers pursuant to section 544(b) of the Bankruptcy Code and applicable state law;

WHEREAS, on October 19, 2010, JPMorgan filed a motion to dismiss the First Amended Complaint;

WHEREAS, on April 19, 2012, the Bankruptcy Court issued a decision granting JPMorgan's motion to dismiss plaintiffs' constructive fraudulent transfer claims under section 548(a)(1)(B) and all fraudulent transfer claims brought under section 544(b) based upon the Bankruptcy Code's safe harbor provisions, while denying JPMorgan's motion to dismiss plaintiffs' actual-intent fraudulent transfer claims under section 548(a)(1)(A) of the Bankruptcy Code and other causes of action;

WHEREAS, LBHI and the Committee are continuing to pursue the Estate Avoidance Action and, as of the date of this Tolling Agreement and Stipulated Order, have not

2

abandoned or otherwise agreed not to pursue any of the causes of action in the First Amended Complaint;

WHEREAS, the Court had scheduled a hearing on the Motion for August 12, 2014, and JPMorgan indicated that it intended to object to certain of the relief requested in the Motion;

WHEREAS, LBHI and JPMorgan have agreed to resolve JPMorgan's potential objections to the proposed orders by entry into this Tolling Agreement and Stipulated Order;

NOW, THEREFORE, in consideration of the mutual promises contained herein and intending to be legally bound hereby, LBHI and JPMorgan, for themselves and their respective successors and assigns, understand and agree as follows:

### Application of Automatic Stay

1. The automatic stay imposed by section 362(a) of the Bankruptcy Code and continued under the Plan and Confirmation Order remains in full force and effect precluding individual creditors from commencing SLCFC Claims against JPMorgan until such time as the stay is lifted by further Order of this Court with respect to the SLCFC Claims.

2. LBHI retains exclusive power to settle the Estate Avoidance Action on behalf of all creditors of the LBHI estate, and to the extent LBHI settles the Estate Avoidance Action, such settlement shall be binding on individual creditors with respect to any SLCFC Claims asserted or assertable against JPMorgan.

### Tolling Agreement

3. Numbered paragraphs 3 through 13 of this stipulation constitute the "Tolling Agreement" between JPMorgan and LBHI, and the individual creditors of the LBHI estate are the intended third-party beneficiaries of this Tolling Agreement and Stipulated Order.

The Tolling Agreement governs any and all SLCFC Claims that individual creditors of LBHI may have against JPMorgan.

4. The effective date of the Tolling Agreement (the "Effective Date") is August 12, 2014, provided that if the Bankruptcy Court does not approve the Tolling Agreement and Stipulated Order by August 12, 2014, it shall be null and void except as provided in paragraph 5 below. Other than as stated herein, any statute of limitations, statute of repose, or other time-related defense or claim, whether statutory, contractual or otherwise, whether under federal or state law, and whether at law, in equity or otherwise, in any jurisdiction anywhere in the world, which is or may be applicable to SLCFC Claims that individual creditors of LBHI may have against JPMorgan, is hereby tolled and shall not run at any time during the period beginning on the Effective Date and ending on either August 12, 2016 or such earlier date that the Tolling Agreement is effectively terminated pursuant to Paragraph 6 below (the "Tolling Period"). JPMorgan agrees not to assert directly or indirectly, plead, raise by defense or avoidance, or otherwise rely on any passage of time during the Tolling Period in asserting any time-related defenses in connection with SLCFC Claims. LBHI and JPMorgan may, by mutual consent, enter into a subsequent agreement to extend the Tolling Period. Any such subsequent agreement shall be entered into no later than sixty (60) days prior to August 12, 2016, and notice of entry into such agreement shall be filed on the ECF system of the LBHI chapter 11 case [Case No. 08-13555 (Bankr. S.D.N.Y.)] and LBHI's adversary proceeding against JPMorgan [Case No. 10-3266 (Bankr. S.D.N.Y.)].

5. In the event that the Court declines to enter the Stipulated Order by August 12, 2014, the Motion shall be rescheduled for a hearing on a date convenient to the Court, and JPMorgan agrees to waive any statute of limitations, statute of repose, or other time-

4

related defense applicable to SLCFC Claims that individual creditors of LBHI may have against JPMorgan for the period between August 12, 2014 until 20 days from the date of entry of an Order granting, denying or otherwise resolving the Motion.

      6.    Either JPMorgan or LBHI may terminate this Tolling Agreement at any time, and such termination will become effective sixty (60) days after the date when JPMorgan or LBHI provides notice that it is terminating the Tolling Agreement (the "Termination Notice"), which 60-day period shall begin to run when the Termination Notice is filed on the ECF system of both the LBHI chapter 11 case [Case No. 08-13555 (Bankr. S.D.N.Y.)] and LBHI's adversary proceeding against JPMorgan [Case No. 10-3266 (Bankr. S.D.N.Y.)]. Paragraph 4 of this Tolling Agreement and Stipulated Order shall survive the termination of this Tolling Agreement and Stipulated Order. In the event any LBHI creditor obtains a Court order granting relief from the automatic stay to pursue SLCFC claims against JPMorgan, the Tolling Agreement shall terminate 30 days after the date of entry of such Order.

      7.    The execution of the Tolling Agreement is not, and shall not be asserted or construed to be, an admission of liability, wrongdoing or responsibility by JPMorgan to any person or entity, and other than as set forth herein, nothing shall prejudice or affect any and all rights and defenses of JPMorgan, LBHI, the Committee or the individual creditors in relation to the SLCFC Claims, or LBHI's and the Committee's rights and abilities to take any action with respect to the Estate Avoidance Action. The Tolling Agreement is not, and shall not be asserted or construed to be, an admission or indication that individual creditors of LBHI are entitled to assert SLCFC claims, that New York law would govern SLCFC claims of individual creditors, or that the Bankruptcy Court would have jurisdiction and/or authority to adjudicate SLCFC Claims of individual creditors of LBHI.

8. Nothing in the Tolling Agreement shall be taken as an admission by JPMorgan or LBHI as to the applicability, running, expiration or non-expiration of any statute of limitations or similar rule of law or equity prior to the Effective Date of the Tolling Agreement.

9. Nothing in the Tolling Agreement shall have the effect of extending or reviving any claims that were otherwise barred by any statute of limitations, statute of repose, or similar rule of law or equity prior to the Effective Date.

10. Other than as set forth herein, LBHI and JPMorgan reserve all, and do not waive any, rights defenses, claims, causes of action or other assertions they may have.

11. The Tolling Agreement may not be introduced into evidence in any action or proceeding, except to the extent necessary to enforce or effectuate the terms of the Tolling Agreement and to oppose the assertion of a time-related defense or claim.

12. The construction and effect of the Tolling Agreement shall be governed by the laws of the State of New York without giving effect to its conflict of laws principles, provided, however, that this provision does not mean that New York law governs any other issues relating to which jurisdiction's law shall apply to any statute of limitations defense, or any other claim or defense in law or equity relating to the passage of time.

13. LBHI and JPMorgan each represent and warrant that they are authorized to enter into the Tolling Agreement, on their own behalf and on behalf of their predecessors and successors and that they intend the Tolling Agreement to be a valid and binding obligation, enforceable in accordance with its terms.

JPMORGAN CHASE BANK, N.A.

By: */s/ Lawrence N. Chanen*

Print: Lawrence N. Chanen

Position: SVP and Associate General Counsel

LEHMAN BROTHERS HOLDINGS INC.

By: */s/ Matthew Cantor*

Print: Matthew Cantor

Position: EVP Legal Affairs

**IT IS SO-ORDERED:**
August 11, 2014
New York, New York

*/s/ Shelley C. Chapman*
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

7