Jonathan S. Henes, P.C.
Joseph Serino, Jr., P.C.
Kuan Huang
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York  10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

*Attorneys for Lehman Brothers Holdings Inc.
and Structured Asset Securities Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | Jointly Administered |

### DEBTORS' DESIGNATION OF THE RECORD AND STATEMENT OF ISSUES ON APPEAL

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, Lehman Brothers Holdings Inc., on behalf of itself and its affiliated debtors, in the above referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), designates the following items for inclusion in the record on appeal and states the issues to be presented on appeal to the United States District Court for the Southern District of New York from the following orders of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") entered in the above-captioned case:

(1) Order Overruling Debtors' Objection to CMBS Claims and Denying Request for Subordination Pursuant to Sections 510(a)-(c) of the Bankruptcy Code (Dkt. No. 44779).

I. **Designation of Record on Appeal**[1]

The following are part of the record on appeal:

| Docket No. | Date | Document Description |
|---|---|---|
| — | 02/09/2009 | Proof of Claim No. 18987 |
| — | 02/09/2009 | Proof of Claim No. 18988 |
| 36882 | 04/25/2013 | Debtors' Objection to CMBS Claims and Request for Subordination Pursuant to Sections 510(a)-(c) of the Bankruptcy Code |
| 39014 | 07/25/2013 | Response of Federal Home Loan Bank of Pittsburgh to Debtors' Objection to CMBS Claims and Request for Subordination Pursuant to Sections 510(a)-(c) of the Bankruptcy Code |
| 44285 | 05/12/2014 | Letter Brief from Pittsburgh FHLB re Explanation of Damages Being Sought |
| 44501 | 06/03/2014 | Letter Brief from Pittsburgh FHLB re Supplemental Response to Debtors' Objection |
| 45015 | 06/09/2014 | Transcript from Hearing re: Doc# 26882 Debtors' Objection to CMBS Claims and Request for Subordination Pursuant to Sections 510(a)-(c) of the Bankruptcy Code |
| 44779 | 06/18/2014 | Order Overruling Debtors' Objection to CMBS Claims and Denying Request for Subordination Pursuant to Sections 510(a)-(c) of the Bankruptcy Code |
| 45411 | 07/28/2014 | Memorandum Decision Overruling Debtors' Objection to CMBS Claims and Denying Request for Subordination Pursuant to Sections 510(a)-(c) of the Bankruptcy Code |

II. **Statement of Issues on Appeal**

1. Whether the bankruptcy court erred in concluding that a security "issued by" an entity is not a security "of" that entity under, and for purposes of, Bankruptcy Code section 510(b);

2. Whether the bankruptcy court erred in concluding that collateralized mortgage-backed securities (the "**CMBS**") were not securities "of a debtor" under Bankruptcy Code section 510(b), where the Debtors were the registrants of the CMBS and relevant SEC rules deem the Debtors the "issuers" of those securities;

3. Whether the bankruptcy court erred in concluding that the CMBS were not securities "of an affiliate of a debtor" under Bankruptcy Code section 510(b) because the CMBS did not represent an "interest" in a debtor, even though (a) Bankruptcy Code section 101(2)(C) includes no such requirement but instead defines an "affiliate" as a "person whose business is operated under a lease or operating agreement by a debtor, or person

---

[1] Each of the documents designated herein to be included in the record on appeal includes all exhibits, schedules, and other attachments related to such documents.

      substantially all of whose property is operated under an operating agreement with the debtor," and (b) the collateral pools securing the CMBS at issue here were held by trusts operated under operating agreements with one or more Debtors;

4. Whether the bankruptcy court erred in holding that subordination of the CMBS claims did not comport with the legislative history of Bankruptcy Code section 510(b), which the court concluded was codified to ensure that shareholders and not general unsecured creditors "bear the risk of illegality in the issuance of stock in the event the issuer enters bankruptcy," even though the Debtors, the issuers of the CMBS, have entered bankruptcy and, absent subordination, the Debtors' general unsecured creditors will equally bear with all CMBS-holders the risk of illegality in the issuance of the CMBS.

5. Whether the bankruptcy court erred in summarily denying equitable subordination of the CMBS claims under Bankruptcy Code section 510(c) where, as here, allowing the CMBS claims in a non-subordinated class would enable a double-recovery for claimants, because the trusts holding the collateral pools have filed separate and duplicative claims against the Debtors, based on the same or similar facts and circumstances, and claimants will receive a pro rata share of any recovery the trusts receive on their claims against the Debtors.

The Debtors reserve the right to further supplement any of the foregoing.

New York, New York
Dated: August 11, 2014

*/s/ Jonathan S. Henes, P.C.*
Jonathan S. Henes, P.C.
Joseph Serino, Jr., P.C.
Kuan Huang
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Attorneys for Lehman Brothers Holdings Inc.
and Structured Asset Securities Corporation*